**Hearing Date and Time: October 19, 2006 at 10:00 a.m.**
**Objection Deadline: October 12, 2006 at 4:00 p.m.**

Paul J. N. Roy, Esq.
Craig E. Reimer, Esq.
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel. 312.782.0600
Fax  312.701.7711
(Special Information Technology  Outsourcing
Counsel to Debtors and Debtors-in-Possession)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                  :    Chapter 11
                                                        :    Case No.   05-44481 (RDD)
  DELPHI  CORPORATION, INC., et al.,                    :    (Jointly Administered)
                              Debtors.                  :
-----------------------------------------------------------------x

# FIRST APPLICATION OF MAYER, BROWN, ROWE & MAW LLP, SPECIAL INFORMATION TECHNOLOGY OUTSOURCING COUNSEL TO DEBTORS, FOR ALLOWANCE OF INTERIM COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 1, 2006 THROUGH MAY 31, 2006

| | |
|---|---|
| NAME OF APPLICANT: | Mayer, Brown, Rowe & Maw LLP ("Mayer Brown") |
| ROLE IN THE CASE: | Special Information Technology Outsourcing Counsel to Debtors |
| DATE OF RETENTION: | February 1, 2006 |
| APPLICATION PERIOD: | February 1, 2006 through May 31, 2006 |
| TOTAL HOURS BILLED: | 1,179.8 |
| TOTAL FEES RECORDED: | $530,804.00 |
| LESS VOLUNTARY 5% DISCOUNT: | $26,540.18 |
| COMPENSATION SOUGHT: | $504,263.82 |
| EXPENSE REIMBURSEMENT SOUGHT: | $13,458.94 |

EXISTING HOLDBACK (20%): $33,605.49[1]

PRIOR APPLICATIONS: NONE

This is an X Interim ___ Final Application

Dated:   Chicago, Illinois
         July 31, 2006

                              MAYER, BROWN, ROWE & MAW LLP
                              71 South Wacker Drive
                              Chicago, Illinois 60606
                              Tel. 312.782.0600
                              Fax 312.701.7711
                              (Special Information Technology Outsourcing Counsel
                              to the Debtors and Debtors-in-Possession)


                              By:  /s/ Paul J. N. Roy, Esq.
                                   Paul J. N. Roy, Esq.

---

[1] As of the date hereof, Mayer Brown has been paid $138,144.33, which constitutes 80% of fees and 100% of expenses sought in the February and March monthly fee statements. The aggregate unpaid balance of fees and expenses incurred during the Application Period is $379,578.43, comprised of (i) the February and March 20% fee holdbacks in the aggregate amount of $33,605.49; and (ii) 100% of April and May fees and expenses in the aggregate amount of $379,578.43. Payment of 80% of fees and 100% expenses sought in the April monthly statement is in process, and the objection period for the May statement runs through August 27, 2006.

2

Paul J. N. Roy, Esq.
Craig E. Reimer, Esq.
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel. 312.782.0600
Fax  312.701.7711
(Special Information Technology  Outsourcing
Counsel to Debtors and Debtors-in-Possession)
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re:                                                          :   Chapter 11
                                                                :   Case No.   05-44481 (RDD)
  DELPHI  CORPORATION, INC., et al.,                            :   (Jointly Administered)
                                                  Debtors.      :
----------------------------------------------------------------x

**FIRST APPLICATION OF MAYER, BROWN, ROWE & MAW LLP, SPECIAL
INFORMATION TECHNOLOGY OUTSOURCING COUNSEL TO DEBTORS, FOR
ALLOWANCE OF INTERIM COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM FEBRUARY 1, 2006 THROUGH MAY 31, 2006**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Mayer, Brown, Rowe & Maw LLP ("Mayer Brown"), special information technology outsourcing counsel to Delphi Corporation ("Delphi"), one of the debtors and debtors-in-possession (the "Debtors") in the above-captioned cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2016-1, hereby makes its application for interim approval and allowance of compensation of $504,263.82 for professional services rendered and reimbursement of $13,458.94 in expenses incurred from February 1, 2006 through and including May 31, 2006 (the "Application Period")  and respectfully states as follows:

**PROFESSIONAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES REQUESTED**

1. This Application has been prepared in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by this Court on April 19, 1995 (the "Local Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with same is annexed hereto as Exhibit A.

2. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Mayer Brown is requesting interim allowance of compensation in the aggregate amount of $517,722.76, which is comprised of $504,263.82 for services rendered and reimbursement of $13,458.94 in disbursements incurred and posted during the Application Period.

4. Other than the arrangement between Mayer Brown and its members, there does not exist any agreement or understanding between Mayer Brown and any other entity for the sharing of compensation to be received for services rendered in or in connection with the chapter 11 cases.

5. Pursuant to the terms of that certain engagement letter, dated February 3, 2006, between Mayer Brown and Delphi, Mayer Brown has applied a voluntary 5% discount to its fees during the Application Period. Such discounted fees are reasonable based on the customary

2

compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

6.  The partners, associates and paraprofessionals of Mayer Brown devoted approximately 1,179.8 hours in the rendition of professional services on behalf of Delphi during the Application Period. A schedule setting forth the number of hours expended by each of the partners, associates and paraprofessionals of Mayer Brown, their respective billing rates, and total amount billed by each during the Application Period accompanies this Application as Exhibit B.

7.  A schedule setting forth the categories of expenses, total amount for each category and total expenses incurred during the Application Period for which Mayer Brown is seeking reimbursement is attached hereto as Exhibit C.

8.  The attorneys and paraprofessionals of Mayer Brown maintained daily detailed records of their time concurrently with the rendition of professional services. To the fullest extent possible, the details of each and every conference, telephone conversation, negotiating session, letter, memorandum, factual investigation, drafting activity and research project that occupied the time of a Mayer Brown professional were set forth in such time records which are annexed hereto as Exhibit D..

9.  As of the date hereof, Mayer Brown does not maintain a retainer for professional services performed and to be performed, and expenses incurred and to be incurred on behalf of the Debtors in connection with these proceedings.

10. In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, Mayer Brown has complied with these provisions requiring it to provide the Debtors, the attorneys for the Debtors' prepetition and postpetition lenders, the attorneys for the statutory creditors' committee appointed in these cases, and the Office of the

United States Trustee for the Southern District of New York, on a monthly basis, with a statement of Mayer Brown's fees and disbursements accrued during the previous month. Mayer Brown has received payment on account of monthly statements submitted during the application period as set forth below.

| Monthly Stmnt. | Total Fees | 80% of Fees | 20% of Fees | 100% of Exps. | Payment to Date |
|---|---|---|---|---|---|
| 02/01/06 – 02/28/06 | $94,025.30 | $75,220.24 | $18,805.06 | $806.24 | $76,026.48 |
| 03/01/06 - 03/31/06 | $74,002.17 | $59,201.74 | $14,800.43 | $2,916.11 | $62,117.85 |
| 04/01/06 - 04/30/06 | $119,714.73 | $95,771.78 | $23,942.95 | $2,922.69 | $0.00 |
| 05/01/06 - 05/31/06 | $216,521.62 | $173,217.30 | $43,304.32 | $6,813.90 | $0.00 |
| Totals: | $504,263.82 | $403,411.06 | $100,852.76 | $13,458.94 | $138,144.33 |

11.     As set forth above, Mayer Brown has received payments totaling $138,144.33, representing payment of 80% of the fees for professional services rendered and 100% of the expense reimbursement sought by Mayer Brown in its February and March monthly fee statements. Payment of 80% of the fees and 100% of the expenses sought in Mayer Brown's April monthly fee statement is in process, and the objection period for its May fee statement runs through August 27, 2006[2].

12.     Accordingly, Mayer Brown hereby seeks approval of a total of $504,263.82 in fees for services rendered during the Application Period and approval of $13,458.94 in aggregate expenses related thereto. The total of the 20% fee holdback of February and March fees paid during the Application Period is $33,605.49. The aggregate unpaid balance of fees and expenses incurred during the Application Period is $379,578.43, which is comprised of the aforementioned February and March 20% fee holdback plus 100% of April and May fees and

---

[2]   Mayer Brown's April fee statement seeks fees and expenses in the aggregate amount of $122,637.42, and its May fee statement seeks fees and expenses in the aggregate amount of $234,333.52.

4

expenses in the aggregate amount of $345,972.94. As previously discussed, it is likely that Mayer Brown will receive payments against the current unpaid balance prior to the October 19th hearing on the Application and, accordingly, Mayer Brown's fee order will only seek payment of the difference.

13. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Mayer Brown reserves the right to request additional compensation for such services and reimbursement of such expenses in a future fee application.

## BACKGROUND

14. On the Petition Date, each of the Debtors filed a voluntary petition in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for relief under chapter 11 of the Bankruptcy Code.

15. On October 17, 2005, the United States Trustee for the Southern District of New York appointed the Creditors' Committee. As of the date hereof, no request has been made for the appointment of a trustee or examiner in these cases.

16. The Debtors have continued in possession of their respective properties and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

17. Pursuant to an order of this Court dated May 12, 2006 (Docket No. 3758), the Debtors were authorized to retain Mayer Brown on a final basis as Delphi's special counsel to render legal services in connection with these chapter 11 cases.

18. Except as otherwise set forth in the Declaration and Disclosure of Paul J.N. Roy in Support of Mayer Brown's Application for Entry of Order Under 11 U.S.C. §§ 327(e) and

5

1107(b) Authorizing Employment and Retention of Mayer, Brown, Rowe & Maw LLP as Special IT Outsourcing Counsel to the Debtors *Nunc Pro Tunc* to February 1, 2006 (Docket Number 3368), Mayer Brown does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

19. No disclosure statement or plan of reorganization has been filed with this Court as of the date hereof. The Debtors have the exclusive right to file chapter 11 plan through August 5, 2006 and the Debtors may exclusively solicit acceptances on such a plan through October 4, 2006.

## SUMMARY OF SERVICES

20. During the Application Period, Mayer Brown attorneys have provided critically important legal advice and assistance to Delphi in connection with the preparation, documentation and negotiation of one or more information technology ("IT") outsourcing services contracts that will cover, on a global basis, application hosting, service desk and desktop functions related to the operation of Delphi's businesses. In addition to the IT matters, Mayer Brown has performed work related to its retention by the Court and tended to various tasks to ensure compliance with compensation procedures for retained professionals.

21. To facilitate the effective review of this Application, in accordance with the UST Guidelines, Mayer Brown has allocated its services to two separate billing categories - (i) IT Outsourcing Services Contract and (ii) Retention and Compensation Matters.

## APPLICABLE AUTHORITY

22.  In awarding compensation pursuant to sections 330 and 331 of the Bankruptcy Code to counsel for a debtor, this Court must take into account the cost of comparable non-bankruptcy services, among other factors.  Section 331 of the Bankruptcy Code provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under Section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title.  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

Section 330(a) of the Bankruptcy Code provides in pertinent part:

> (1) . . . [T]he court may award to a trustee, an examiner, a professional person employed under Section 327 or 1103 -
>
> (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)  reimbursement for actual, necessary expenses.
>
> * * *
>
> (3) (A)  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the

7

> service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

23.    Mayer Brown has, by this Application and the time records filed in connection herewith, demonstrated that the work it has done during the Application Period was reasonable and benefited the Debtors' estates. The compensation request is well within the acceptable range for comparable legal services, and is fair given the efforts required of Mayer Brown in these cases and the results achieved for the benefit of this estate and its creditors.

24.    The experience, expertise and the quality of the services brought to this case by Mayer Brown further supports the requested compensation. The standard rates are comparable to those charged by other practitioners of similar experience, competence and standing. Moreover, in this case Mayer Brown has applied a 5% discount to its fees and, therefore, is charging the Debtors only 95% of the normal and customary hourly rates for similar services rendered in like circumstances to other clients.

## **COMPENSATION REQUESTED**

25.    Mayer Brown respectfully requests interim approval and allowance of its compensation in the amount of $517,722.76, representing $504,263.82 in fees accrued rendering services on behalf of Delphi and $13,458.94 in disbursements incurred in relation thereto, during the Application Period. An allowance of compensation in the amount sought in this Application

8

would result in a blended billing rate of $427.41 per hour and, for services rendered by attorneys only, a blended rate of $452.35 per hour.

26.    The ranges of the hourly rates for Mayer Brown's lawyers and legal assistants that worked on this Application are as follows: the hourly rates for partners range from $580 to $675; the hourly rates for counsels range from $475 to $550; the hourly rates for associates range from $260 to $300; and the hourly rates for legal assistants and clerical personnel range from $40 to $210.  The hourly rate of an individual attorney or an individual legal assistant is fixed and based upon a variety of factors, including, among others, seniority and area and nature of expertise.  In the normal course of business, Mayer Brown revises its hourly rates from time to time.

## **DISBURSEMENTS**

27.    As noted above, Mayer Brown incurred disbursements in the amount of $13,458.94 for actual and necessary expenses incurred and recorded during the Application Period.  A summary of expenses incurred during the Application Period, set forth by category, is annexed as Exhibit C.  Detailed expense records are included in Exhibit D.

28.    Mayer Brown's billing rates do not include components for duplicating, word processing and other extraordinary charges that may be incurred by particular clients because of the exigencies of time and volume of demand.  Mayer Brown's billing method, whereby only the clients who use copying, word processing and other office services are charged for such services, maximizes fairness to all clients.

29.    Mayer Brown records as a reimbursable expense, without any markup, or other attempt to recover overhead, its toll charges for long distance voice and facsimile communications.

9

30.     Mayer Brown's billing rates do not include a component for word processing as part of overhead.

31.     Mayer Brown's attorneys and other employees who worked late into the evenings were reimbursed for their reasonable meal costs and their transportation costs home. Mayer Brown's regular practice is to charge its clients for these and other out-of-pocket disbursements incurred during the regular course of the rendition of services.

32.     The expenses incurred in the rendition of professional services were necessary, reasonable and justified under the circumstances and enabled Mayer Brown to serve the needs of Delphi, the Debtors, their estates and their creditors.

## **NOTICE**

33.     In compliance with the Interim Compensation Order, notice of the filing of this Interim Application will be provided to all parties who have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases. In addition, the Interim Application in its entirety will be served on the following parties: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: David Sherbin, Esq., (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq., (iii) counsel for the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802, Att'n: Robert J. Rosenberg, Esq., (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Att'n: Marissa Wesley, Esq., (v) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017, Att'n: Donald Bernstein, Esq. and Brian Resnick, Esq., (vi) counsel to the Debtors, Skadden, Arps, Slate,

10

Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (vii) counsel to the Debtors Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Att'n: M. Janine Jjingo, Esq., and (viii) the members of the Fee Review Committee, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: John D. Sheehan, and GE Plastics, Americas, 9930 Kincey Avenue, Huntersville, NC 28078, Attn: Ms. Valeria Venable.

## CONCLUSION

34.     For the reasons set forth above, Mayer Brown respectfully submits that the professional services rendered and disbursements incurred and posted on behalf of Delphi during the Application Period were of substantial benefit to the Debtors, their estates and their creditors. Mayer Brown submits further that it provided such services in an economical and efficient manner. Accordingly, Mayer Brown respectfully requests that the relief requested in this Application be granted in full.

WHEREFORE, Mayer Brown requests interim approval and allowance of compensation for professional services rendered and reimbursement of expenses as attorneys for Delphi during the Application Period in the aggregate amount of $517,722.76, which is comprised of $504,263.82 in fees and $13,458.94 in expenses; (ii) that the Debtors be directed to pay Mayer Brown $379,578.43, comprised of the February and March 20% fee holdbacks in the aggregate amount of $33,605.49 plus 100% of April and May fees and expenses in the aggregate amount of $345,972.94, or any unpaid amounts related to the fees and disbursements sought herein and so approved and allowed by this Court; and, (iii) such other and further relief as is just and proper.

Dated:       Chicago, Illinois
             July 31, 2006

                MAYER, BROWN, ROWE & MAW LLP
                71 South Wacker Drive
                Chicago, Illinois 60606
                Tel. 312.782.0600
                Fax 312.701.7711
                (Special Information Technology Outsourcing Counsel to
                the Debtors and Debtors-in-Possession)

                By:  /s/ Paul J. N. Roy, Esq.
                      Paul J. N. Roy, Esq.