GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue N.W., Suite 1200
Washington, D.C. 20006
Telephone: (202) 857-0620
Lonie A. Hassel
Special Employee Benefits Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------------------x
In re:                                                              :    **Chapter 11**
                                                                    :
**DELPHI CORPORATION, et al.,**                                     :    **Case No. 05-44481 (RDD)**
                                                                    :
                                    Debtors.                        :    **(Jointly Administered)**
---------------------------------------------------------------------------------------------x

**SECOND INTERIM APPLICATION OF GROOM LAW GROUP, CHARTERED,
AS SPECIAL EMPLOYEE BENEFITS COUNSEL FOR THE DEBTORS, SEEKING
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FROM FEBRUARY 1, 2006 THROUGH MAY 31, 2006</u>**

Name of Applicant: <u>Groom Law Group, Chartered</u>

Authorized to Provide Professional Services to: <u>Delphi Corporation and the Affiliate Debtors</u>

Date of Retention Order: <u>November 4, 2005</u>

Period for Which Compensation and Reimbursement are Sought: <u>February 1, 2006 through May 31, 2006</u>

Amount of Compensation Sought in Second Interim Application Period: <u>$241,278.30</u>

Amount of Expense Reimbursement Sought in Second Interim Application Period: <u>$10,591.75</u>

Amount of Compensation Paid: <u>$139,323.60</u>

Amount of Expense Reimbursement Paid: <u>$3,764.03</u>

Total Amount Sought for Compensation and Expense in Second Interim Application Period: <u>$251,870.05</u>

This is an:      <u>X</u> Interim    <u> </u> Final Application.

Prior Interim Fee Application: First Interim Fee Application filed April 27, 2006 for $127,500.30 in
              compensation and $5,087.96 in expenses incurred October 8, 2005 through
              January 31, 2006. To date, $102,000.24 in compensation and $5,087.96 in
              expenses has been paid.

## SCHEDULE A

## CUMULATIVE SUMMARY OF ALL MONTHLY FEE STATEMENTS
## GROOM LAW GROUP, CHARTERED
## FEBRUARY 1, 2006 THROUGH MAY 31, 2006

| Submission / Filing Date | Period Covered | Total Fees Requested | Total Expenses Requested | Amount of Fees Paid (80%) | Expenses Paid (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|
| 03/06 | 2/1/06 – 2/28/06 | 56,575.80 | 276.83 | 45,260.64 | 276.83 | 11,315.16 |
| 04/06 | 3/1/06 – 3/31/06 | 73,474.65 | 2,295.15 | 58,779.72 | 2,295.15 | 14,694.93 |
| 05/06 | 4/1/06 – 4/30/06 | 44,104.05 | 1,192.05 | 35,283.24 | 1,192.05 | 8,820.81 |
| 06/06 | 5/1/06 – 5/31/06 | 67,123.80 | 6,827.72 | 0.00 | 0.00 | 13,424.76 |
| TOTALS | | $241,278.30 | $10,591.75 | $139,323.60 | $3,764.03 | $48,255.66 |

## SCHEDULE B

### SERVICES RENDERED BY GROOM LAW GROUP, CHARTERED
### COMMENCING FEBRUARY 1, 2006 THROUGH MAY 31, 2006

| NAME | YEAR OF ADMISSION | RATE[1] | HOURS[2] | AMOUNT |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Gary M. Ford | 1977 | $735 | 5.70 | 4,189.50 |
| Louis T. Mazawey | 1975 | $665 | .90 | 598.50 |
| Jon M. Breyfogle | 1995 | $635 | 1.00 | 635.00 |
| Lonie A. Hassel | 1980 | $565 | 345.40 | 195,151.00 |
| Thomas S. Gigot | 1984 | $565 | 22.60 | 12,769.00 |
| William M. Evans | 1986 | $550 | 39.60 | 21,780.00 |
| Brigen L. Winters | 1994 | $530 | 1.10 | 583.00 |
| Elizabeth T. Dold | 1994 | $495 | 12.20 | 6,039.00 |
| Andrée St. Martin | 1983 | $565 | .60 | 339.00 |
| Christine L. Keller | 1996 | $495 | 2.80 | 1,386.00 |
| | **TOTAL PARTNERS** | | **431.90** | **$243,470.00** |
| | | | | |
| **ASSOCIATES** | | | | |
| Christy A. Tinnes | 1998 | $460 | 1.00 | 460.00 |
| Ellen M. Goodwin | 1999 | $460 | .30 | 138.00 |
| Paul E. Jacobson | 1999 | $450 | 4.00 | 1,800.00 |
| Lars C. Golumbic | 1998 | $460 | .50 | 230.00 |
| Sarah A. Huck | 2000 | $415 | 44.20 | 18,343.00 |
| Christina M. Crockett | 2004 | $285 | 9.60 | 2,736.00 |
| | **TOTAL ASSOCIATES** | | **59.60** | **$23,707.00** |
| | | | | |
| **PARAPROFESSIONALS** | | | | |
| Mark Theby | N/A | $195 | .80 | 156.00 |

---

[1] These rates are the hourly professional and paraprofessional fee rates used in the rate structure described herein under Summary of Professional Compensation and Reimbursement of Expenses Requested.

[2] Time summaries of the charges attributable to each professional and paraprofessional for each matter during the Second Interim Period are included with the Monthly Fee Statements attached hereto as Exhibit B.

| Danielle E. Collins | N/A | $145 | 1.80 | 261.00 |
|---|---|---|---|---|
| Jacqueline J. Sharkey | N/A | $145 | 3.40 | 493.00 |
| **TOTAL PARA- PROFESSIONALS** | | | **6.00** | **$ 910.00** |
| | | | | |
| | | **TOTAL** | **497.50** | **$268,087.00** |
| **TOTAL FEES AFTER 10% DISCOUNT** | | | | **$241,278.30** |
| **80% OF FEES AFTER DISCOUNT** | | | | **$193,022.64** |

## SCHEDULE C

## ACTUAL AND NECESSARY DISBURSEMENTS INCURRED BY GROOM LAW GROUP, CHARTERED COMMENCING FEBRUARY 1, 2006 THROUGH MAY 31, 2006[3]

| Disbursements | Amount |
|---|---:|
| DUPLICATION | 573.00 |
| POSTAGE | 12.06 |
| TELEPHONE (SPRINT TELECOM) | 96.36 |
| OUTSIDE OFFICE TELEPHONE | 91.04 |
| SHIPPING[4] | 475.87 |
| MEALS & ENTERTAINMENT | 12.40 |
| CAB | 20.00 |
| TRAVEL | 4,995.33 |
| RESEARCH SERVICES | 350.34 |
| MISCELLANEOUS – DEPOSITION TRANSCRIPT | 715.35 |
| QUALIFIED PLANS | 3,250.00 |
| **TOTAL** | **$10,591.75** |

---

[3] Groom bills clients for reasonable charges and disbursements incurred in connection with an engagement. Clients are billed for external charges at the actual cost billed by vendors or, in the case of telephone calls, at the approximate tariff rate. The disbursements and charges reflected on this statement are only those that have been booked at the end of this billing period. Due to normal bookkeeping procedures, many charges and disbursements are not recorded until later periods. Groom reserves the right to amend the amounts listed herein to include such previously unbilled disbursements.

[4] Express shipping is used only when expressly required by the Bankruptcy Court or when first class mail is impracticable and the exigencies of time require this form of delivery.

## SCHEDULE D

### SUMMARY OF SERVICES BY MATTER CODE
### FOR SERVICES RENDERED COMMENCING FEBRUARY 1, 20056THROUGH MAY 31, 2006

| MATTER CODE | DESCRIPTION | HOURS | AMOUNT | AMOUNT LESS 10% DISCOUNT |
|---|---|---|---|---|
| 00004 | Debtor Representation | 448.60 | 248,291.50 | 223,462.35 |
| 00005 | Bankruptcy Administration | 48.90 | 19,795.50 | 17,815.95 |
| **TOTAL** | | **497.50** | **$268,087.00** | **$241,278.30** |

## INTRODUCTION

1.  Groom Law Group, Chartered ("Groom"), special employee benefits counsel for Delphi Corporation and certain of its direct and indirect subsidiaries, as debtors and debtors-in-possession (collectively, the "Debtors"), for its second interim fee application (the "Second Interim Fee Application"), pursuant to sections 330 and 331 of title 11, United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the interim allowance of compensation for professional services performed by Groom for the period commencing February 1, 2006 through and including May 31, 2006 (the "Second Interim Period"), and for reimbursement of its actual and necessary expenses incurred during the Second Interim Period, respectfully represents:

## BACKGROUND

2.  On October 8, 2005 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. Each of the Debtors is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On October 17, 2005, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the Southern District of New York ("The United States Trustee") appointed the Official Committee of Unsecured Creditors ("Creditors' Committee"). On May 11, 2006 the United States Trustee appointed the Committee of Equity Security Holders ("Equity Committee").

4.  On May 5, 2006, the Court established a Joint Fee Review Committee ("Fee Committee").

5.  On the Petition Date, the Debtors filed an application with this Court to retain Groom as their special employee benefits counsel. On October 14, 2005, this Court entered in

interim order authorizing the Debtors' retention of Groom as their special employee benefits counsel. By Order dated November 4, 2005, this Court authorized, on a final basis, the Debtors' retention of Groom as their special employee benefits counsel to render legal services related to the prosecution of their chapter 11 cases.

6. This Second Interim Fee Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 dated January 30, 1996 (the "UST Guidelines"), and the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "Administrative Order," collectively with the Local Guidelines and UST Guidelines, the "Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with same is attached hereto as Exhibit A.

**SUMMARY OF PRIOR INTERIM FEE APPLICATIONS**

7. On April 27, 2006, Groom filed its first interim fee application ("First Interim Fee Application") for the interim allowance of compensation for professional services performed by Groom for the period commencing October 5, 2005 through January 31, 2006 (the "First Interim Period") and for reimbursement of its actual and necessary expenses incurred during the First Interim Period. Groom sought allowance of fees for services to the Debtors during the First Interim Period in the aggregate amount of $127,500.30 and for reimbursement of expenses incurred in connection with the underline of such services in the amount of $5,087.96. Groom has been paid $102,000.24 in compensation for professional serviced rendered and $5,087.96 for reimbursement of expenses.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

8. Groom seeks allowance of interim compensation for professional services rendered to the Debtors during the Second Interim Period in the aggregate amount of $241,278.30 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $10,591.75. During the Second Interim Period, Groom attorneys and paraprofessionals expended a total of 497.5 hours for which compensation is requested.

9. Groom has provided the Debtors, the United States Trustee, counsel for the Creditors' Committee and Equity Committee, and members of the Fee Committee with monthly fee statements for professional services rendered and expenses incurred on behalf of the Debtors, including detailed reports of time entries and expenses. No interested person has objected to any of Groom's statements. As demonstrated in Schedule A, the Debtors have paid Groom certain of its fees for professional services and certain accompanying expenses. By this Second Interim Fee Application, Groom respectfully requests interim approval of these payments, and interim authorization of payment of the remainder of the fees for professional services rendered and expenses incurred during the Second Interim Period.[5]

10. During the Second Interim Period, Groom has received no payment (other than the payments made pursuant to paragraph nine above) nor has it received any promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Second Interim Fee Application. There is no

---

[5] The requested release of funds for the Compensation Period will not affect the holdback for any subsequent periods.

agreement or understanding between Groom and any other person, other than members of the Groom firm, for the sharing of compensation to be received for services rendered in these cases.

11. The fees charged by Groom in these cases are billed in accordance with its existing billing rates and procedures in effect during the Second Interim Period. The rates Groom charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the standard rates that Groom charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters, with a 10% discount applied. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

12. Annexed to the front of this Second Interim Fee Application is:

   a. A schedule, attached as Schedule B, setting forth all Groom professionals and paraprofessionals who have performed services in this Chapter 11 case during the Second Interim Period; the capacities in which each such individual is employed by Groom; the hourly billing rate charged by Groom for services performed by such individual; the aggregate number of hours expended during the engagement and fees billed; and the year in which each professional was first licensed to practice law;

   b. A schedule, attached as Schedule C, specifying the categories of expenses for which Groom is seeking reimbursement and the total amount for each such expense category; and

   c. A summary of Groom's time records, attached as Schedule D, billed during the Second Interim Period, including the use of discrete matters as hereinafter described.

13. Groom has prepared monthly invoices detailing the time all Groom attorneys and paraprofessionals expended providing professional services to the Debtors as their special employee benefits counsel. Subject to redaction for the attorney-client privilege where necessary to protect the Debtors' estate, copies of these monthly invoices will be furnished to the Court, to the attorneys for the Creditors Committee and the Equity Committee, to members of the Fee

Committee, and to the United States Trustee, in the format specified by the UST Guidelines. Copies of Groom's monthly invoices applicable to the Second Interim Fee Period are attached as Exhibit B.

14.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Second Interim Period, but were not processed prior to the preparation of this Second Interim Fee Application, Groom reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## SUMMARY OF SERVICES

15.     During the Second Interim Period, Groom rendered substantial professional services in furtherance of the Debtors' reorganization efforts and chapter 11 cases. In its capacity as special employee benefits counsel, Groom provided Debtors with timely, accurate and useful advice and counsel on a wide range of employee benefits issues, including assistance in analyzing the Debtors' benefit obligations under federal law, complying with reporting requirements, and drafting filings concerning Delphi's benefit plans.

16.     The principal in charge of Groom's engagement is Lonie A. Hassel. Ms. Hassel has more than 25 years of private and public sector experience in the employee benefits area. Her experience includes representation of debtor-employers, benefit plan creditors, and creditor committees on employee benefit issues in a number of major Chapter 11 reorganization cases. Ms. Hassel has been assisted by certain other Groom attorneys, each of whom have substantial experience directly relevant to their work here for the Debtors.

17.     The following is a summary of the professional services rendered by Groom during the Second Interim Period. This summary is organized in accordance with Groom's internal system of project codes.

    a.    **0004: General Employee Benefits Issues**: During the Second Interim Period, Groom professionals devoted significant time to advising the Debtors with respect to a wide variety of employee benefits issues, including but not limited to, plan qualification and the relevant statutory and regulatory requirements related thereto, plan distributions, severance issues, matters relating to the 1113/1114 hearing, and the impact of Debtors' Chapter 11 cases on its employee benefits plans.

    b.    **0005:  Bankruptcy Administration**: During the Second Interim Period, Groom professionals ensured compliance with the Bankruptcy Court's rules, orders and procedure, as well as applicable sections of the Bankruptcy Code and applicable Bankruptcy Rules, in conjunction with its retention as special employee benefits counsel to Debtors, including, but not limited to, preparation and filing of the First Interim Fee Application.

18.    The foregoing professional services performed by Groom were necessary, appropriate and were in the best interests of the Debtors and the other parties in interest. Compensation for the foregoing services, as requested, is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The professional services were performed in an expeditious and efficient manner.

19.    The professional services performed by Groom on behalf of the Debtors during the Second Interim Period required an aggregate expenditure of 497.5 recorded hours by Groom's principals, counsel, associates and paraprofessionals. Of the aggregate time expended, 431.9 recorded hours were expended by principals of Groom, 59.6 recorded hours were expended by associates, and 6 recorded hours were expended by paraprofessionals of Groom. Groom achieved cost efficiencies by using attorneys in the firm only to the extent that their knowledge and prior experience made their participation in this engagement cost-effective for the Debtors, and minimizing the use of junior associates without relevant experience.

20.    During the Second Interim Period, Groom's hourly billing rates for attorneys ranged from $285 to $735 per hour. The rates Groom charges for the services rendered by its

professionals and paraprofessionals in these chapter 11 cases are the standard rates that Groom charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters, with a 10% discount applied. As noted, Schedule B lists each Groom professional and paraprofessional who performed services in these cases during the Second Interim Period, the hourly rate charged by Groom for services performed by each such individual, and the aggregate number of hours and charges by each such individual.

## ACTUAL AND NECESSARY DISBURSEMENTS OF GROOM

21.     As set forth in Schedule C, Groom has disbursed $10,591.75, as expenses incurred in providing professional services during the Second Interim Period. With respect to internal photocopying expenses, Groom charges all of its clients $.15 per page. With respect to facsimile expenses, in compliance with the Guidelines, Groom does not charge more than $1.25 per page. Each of these categories of expenses does not exceed the maximum rate set by the Guidelines. These charges are intended to cover Groom's direct operating costs, which costs are not incorporated into the Groom hourly billing rates. Only clients who actually use services of the types set forth in Schedule C are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

22.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for

actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including --
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

23. In the instant case, Groom respectfully submits that the services for which it seeks compensation in this Second Interim Fee Application were necessary for, and beneficial in the Debtors' efforts to reorganize their estates. In its capacity as special employee benefits counsel, Groom provided Debtors with timely, accurate and useful advice and counsel on a wide range of employee benefits issues. Such services were necessary and beneficial to the Debtors' estates. Accordingly, Groom further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates and all parties in interest.

24.    In sum, the professional services rendered by Groom as special employee benefits counsel to Debtors were necessary and beneficial to the Debtors' estates, and were consistently performed in a timely manner, commensurate with the complexity, importance, and nature of the issues involved; and approval of the compensation sought herein is therefore warranted.

## MEMORANDUM OF LAW

25.    Groom submits that the relevant legal authorities are set forth herein, and that the requirement pursuant to Local Bankruptcy Rule 9013-1 – that Groom file a memorandum of law in support of this Second Interim Fee Application – is satisfied.

## CONCLUSION

WHEREFORE, Groom respectfully requests (i) interim allowance of compensation for professional services rendered during the Second Interim Period in the amount of $241,278.30 and reimbursement for actual and necessary expenses Groom incurred during the Second Interim Period in the amount of $10,591.75 (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Groom's right to seek such further compensation for the full value of services performed and expenses incurred; and (iii) the Court grant Groom such other and further relief as is just.

Dated: Washington, D.C.
July 31, 2006

Respectfully submitted,

*/s/ Katherine S. Kamen*_____
Katherine S. Kamen
Lonie A Hassel
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue N.W., Suite 1200
Washington, D.C. 20006
Telephone: (202) 857-0620
Facsimile: (202) 659-4503

SPECIAL EMPLOYEE BENEFITS COUNSEL
FOR THE DEBTORS AND DEBTORS-IN-
POSSESSION

# CERTIFICATE OF SERVICE

       I hereby certify that on July 31, 2006, a true and correct copy of the foregoing Second Interim Fee Application of Groom Law Group, Chartered was served via overnight delivery service, to:

David Sherbin
General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

**Delphi Corporation**

John Wm. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive, Ste. 2100
Chicago, IL 60606

**Counsel for Debtors**

Alicia M. Leonhard
The Office of the U.S. Trustee for the Southern District of New York
33 Whitehall, Ste. 2100
New York, NY 10004

**United States Trustee**

Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004

**Counsel for the Committee of Equity Security Holders**

Kenneth S. Ziman and Marissa Wesley
Simpson Thacher & Bartlett, LLP
425 Lexington Avenue
New York, New York 10017

**Counsel for the Agent Under the Debtors' Prepetition Credit Facility**

John D. Sheehan
Vice President & Chief Restructuring Officer
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Valeria Venable
GE Plastics, Americas Credit Manager
GE Plastics, Americas
9930 Kincey Avenue
Huntersville, NC 28078

**Members of the Joint Fee Review Committee**

Robert J. Rosenberg and Mark A. Broude
Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022-4802

**Counsel for the Official Committee of Unsecured Creditors**

Marlene Melican
Davis Polk & Wardell
450 Lexington Avenue
New York, NY 10017

**Counsel for the Agent Under the Debtors' Postpetition Credit Facility**

I hereby certify that on July 31, 2006, a notice of the foregoing Second Interim Fee Application of Groom Law Group, Chartered was served via electronic notice to the persons listed on the Delphi Corporation Master Service List and the Delphi Corporation 2002 List.

／s/ *Lonie A. Hassel*_____
Lonie A. Hassel, Esq.
GROOM LAW GROUP, CHARTERED

18