LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, <u>et</u> <u>al.</u>, | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |

**SECOND FEE AND EXPENSE APPLICATION COVER**
**SHEET OF LATHAM & WATKINS LLP AS COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| **Name of Applicant:** | Latham & Watkins LLP |
| **Role in Case:** | Counsel to the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 6, 2006 (*nunc pro tunc* to October 17, 2005) |
| **Period Covered:** | February 1, 2006 through May 31, 2006 |
| **Current Application** | |
| **Fees Requested:** | $5,188,803.50 |
| **Expenses Requested:** | $   369,265.45 |
| **Total Fees and Expenses Requested:** | $5,558,068.95 |
| **Blended Hourly Rate: (excluding paraprofessionals)** | $501.29 |
| **Blended Hourly Rate: (including paraprofessionals)** | $474.21 |

**This is a(n):**   _x_  interim _ final application.

## SECTION I:  FEE SUMMARY

|  | To Date | Current Period |
|---|---|---|
| Total Fees Requested: | $ 8,446,853.75 | $ 5,188,803.50 |
| Total Disbursements Requested: | $ 526,496.31 | $ 369,265.45 |
| Total Fees Previously Allowed: | $ 0.00 | $ 0.00 |
| Total Disbursements Previously Allowed: | $ 0.00 | $ 0.00 |
| Total Previously Received by Applicant: | $ 6,266,020.69 | $ 3,497,526.63 |

## SECTION II:  ATTORNEY/OTHER PROFESSIONAL SUMMARY

| Name of Attorney/ Other Professional | Yr. Admitted to Practice | Hourly Rates for 2006 | Hours Billed | Totals |
|---|---|---|---|---|
| PARTNERS/OF COUNSEL | | | | |
| ROBERT J ROSENBERG[1] | 1970 | $ 850.00 | 522.90 | $ 441,915.00 |
| DAVID M. BRODSKY | 1970 | $ 825.00 | 2.10 | $ 1,732.50 |
| DAVID S HELLER | 1978 | $ 825.00 | 0.50 | $ 412.50 |
| JOHN D. HOUGHTON | 1988 | $ 825.00 | 1.30 | $ 1,072.50 |
| JED W BRICKNER | 1980 | $ 775.00 | 18.40 | $ 14,260.00 |
| JAMES E BRANDT | 1982 | $ 775.00 | 187.30 | $ 145,157.50 |
| BRUCE J PRAGER | 1978 | $ 775.00 | 1.20 | $ 930.00 |
| JOHN D SHYER | 1981 | $ 750.00 | 8.20 | $ 6,150.00 |
| LAWRENCE I SAFRAN | 1985 | $ 750.00 | 0.40 | $ 300.00 |
| JOEL E KRISCHER | 1975 | $ 695.00 | 18.60 | $ 12,927.00 |
| A JAMES REDWAY | 1981 | $ 675.00 | 3.00 | $ 2,025.00 |
| HISAO HIROSE | 1979 | $ 625.00 | 0.80 | $ 500.00 |
| MITCHELL A SEIDER[2] | 1987 | $ 775.00 | 482.40 | $ 373,085.00 |
| MARK A. BROUDE | 1989 | $ 750.00 | 476.30 | $ 357,225.00 |
| ALEXANDRA A E SHAPIRO | 1993 | $ 695.00 | 4.30 | $ 2,988.50 |
| ROBIN L STRUVE | 1987 | $ 695.00 | 23.20 | $ 16,124.00 |
| BLAIR G CONNELLY | 1994 | $ 650.00 | 214.00 | $ 139,100.00 |
| HANNO F KAISER | 1998 | $ 650.00 | 4.10 | $ 2,665.00 |
| STEFAN LUNK | 1992 | $ 650.00 | 1.60 | $ 1,040.00 |
| HERVÉ DIOGO AMENGUAL | 1994 | $ 650.00 | 2.20 | $ 1,430.00 |
| JOHN SORKIN | 1995 | $ 650.00 | 0.60 | $ 390.00 |
| MATTEO BAY | 1993 | $ 650.00 | 1.80 | $ 1,170.00 |
| SANDHYA P CHANDRASEKHAR | 1990 | $ 650.00 | 2.30 | $ 1,495.00 |
| DAVID S LANGER | 1989 | $ 650.00 | 2.10 | $ 1,365.00 |
| SUSAN BLOCK-LIEB | 1982 | $ 650.00 | 107.60 | $ 69,940.00 |
| JEFFREY A TOCHNER | 1994 | $ 625.00 | 0.30 | $ 187.50 |

[1] This amount reflects a 50% reduction for non-working travel time in the amount of $2,550.00.

[2] This amount reflects a 50% reduction for non-working travel time in the amount of $775.00

NY\1168667.5

| | | | | | |
|---|---|---|---|---|---|
| JOSEPH KIM | 1995 | $ 625.00 | 1.90 | $ | 1,092.50 |
| **TOTAL** | | | **2,089.40** | **$** | **1,596,679.50** |

ASSOCIATES

| | | | | | |
|---|---|---|---|---|---|
| BETTINA FREIRE | 2000 | $ 545.00 | 2.20 | $ | 1,199.00 |
| ADRIENNE K WHEATLEY | 1997 | $ 570.00 | 311.70 | $ | 177,669.00 |
| HENRY P BAER, JR.[3] | 1997 | $ 570.00 | 474.80 | $ | 269,496.00 |
| ERIC T ANDREWS | 1996 | $ 560.00 | 5.40 | $ | 3,024.00 |
| CHRISTOPHER HITCHINS | 1999 | $ 560.00 | 5.60 | $ | 3,136.00 |
| JOHN D MACKAY | 1998 | $ 560.00 | 1.50 | $ | 840.00 |
| FRANK GRELL | 2000 | $ 545.00 | 0.80 | $ | 436.00 |
| KEITH SIMON | 1999 | $ 545.00 | 21.60 | $ | 11,772.00 |
| SUSAN H KANE | 1999 | $ 545.00 | 566.70 | $ | 308,851.50 |
| JOHN W. WEISS[4] | 2000 | $ 515.00 | 492.10 | $ | 253,122.50 |
| KUANG H TANG | 1997 | $ 515.00 | 0.20 | $ | 103.00 |
| LAMBRINA MATHEWS | 2000 | $ 515.00 | 237.40 | $ | 122,261.00 |
| JOSEPH FURST III | 2001 | $ 515.00 | 410.60 | $ | 211,459.00 |
| DUTCH D CHUNG | 2001 | $ 490.00 | 3.30 | $ | 1,617.00 |
| MICHAEL RIELA[5] | 2001 | $ 490.00 | 377.80 | $ | 183,603.00 |
| ELIZABETH A HICKEY | 2001 | $ 490.00 | 13.90 | $ | 6,811.00 |
| CAROLINE A. RECKLER | 2001 | $ 490.00 | 67.60 | $ | 33,124.00 |
| RAPHAEL KAMINSKY | 2002 | $ 460.00 | 1.20 | $ | 552.00 |
| JAMES R DRINNAN | 2002 | $ 460.00 | 1.90 | $ | 874.00 |
| JONATHAN R KEIL | 2003 | $ 460.00 | 0.70 | $ | 322.00 |
| ADAM C BRYAN | 2002 | $460.00 | 0.60 | $ | 276.00 |
| ERIKA RUIZ[6] | 2002 | $ 460.00 | 506.60 | $ | 231,081.00 |
| ALAN L LEAVITT | 2002 | $ 460.00 | 12.10 | $ | 5,566.00 |
| ANDREW M. PURDY | 2003 | $ 460.00 | 143.70 | $ | 66,102.00 |
| JOSEPH M MANICKI | 2003 | $ 455.00 | 8.40 | $ | 3,822.00 |
| CAROLINE M EMERTON | 2004 | $ 425.00 | 5.50 | $ | 2,337.50 |
| JAMAUL D CANNON | 2003 | $ 425.00 | 79.60 | $ | 33,830.00 |
| VIRGINIA F TENT | 2004 | $ 425.00 | 24.00 | $ | 10,200.00 |
| JOSHUA H. POVILL | 2004 | $ 425.00 | 43.30 | $ | 18,402.50 |
| HEINRICH BAELZ | 2004 | $ 390.00 | 6.50 | $ | 2,535.00 |
| MONISHA S KAMDAR | 2004 | $ 390.00 | 0.50 | $ | 195.00 |
| RACHAEL HEMANI | 2004 | $ 390.00 | 21.60 | $ | 8,424.00 |
| EMILY K FINN | 2004 | $ 390.00 | 145.90 | $ | 56,901.00 |

---

[3] This amount reflects a 50% reduction for non-working travel time in the amount of $1,140.00.

[4] This amount reflects a 50% reduction for non-working travel time in the amount of $309.00.

[5] This amount reflects a 50% reduction for non-working travel time in the amount of $1,519.00.

[6] This amount reflects a 50% reduction for non-working travel time in the amount of $1,955.00.

NY\1168667.5

| Name | Year | Hourly Rate | Hours Billed | Totals |
|---|---|---|---|---|
| ANTHONY MAUL | 2005 | $390.00 | 198.40 | $77,376.00 |
| JIE SUN | | $390.00 | 1.20 | $468.00 |
| JOEL S NECKERS[7] | 2004 | $390.00 | 55.10 | $20,806.50 |
| AARON SIRI | 2004 | $390.00 | 558.10 | $217,659.00 |
| LUCA CROCCO | 2004 | $390.00 | 4.40 | $1,716.00 |
| JASON M CASEY | 2005 | $390.00 | 11.30 | $4,407.00 |
| GRAEME SMYTH | 2005 | $390.00 | 19.00 | $7,410.00 |
| BRADLEY D TRUDING[8] | 2006 | $345.00 | 16.50 | $4,226.25 |
| DENNIS G CRAYTHORN | 2006 | $345.00 | 409.40 | $141,243.00 |
| SCOTT B JOSEFSBERG | 2006 | $345.00 | 5.50 | $1,897.50 |
| SARAH M LIGHTDALE[9] | 2006 | $345.00 | 270.20 | $91,683.75 |
| BRIAN D ANCHETA | Bar Pending | $345.00 | 13.50 | $4,657.50 |
| THOMAS E FELSBERG | Bar Pending | $345.00 | 1.00 | $345.00 |
| JENNIFER H SPERLING[10] | 2006 | $345.00 | 334.80 | $115,333.50 |
| KAREN Y TU | 2006 | $345.00 | 26.00 | $8,970.00 |
| YI ZHANG | 2005 | $345.00 | 2.40 | $828.00 |
| JUDE M GORMAN | 2006 | $345.00 | 238.30 | $82,213.50 |
| JASON A KOLBE | 2006 | $345.00 | 233.20 | $80,454.00 |
| PETER S MAITLAND | 2006 | $345.00 | 257.60 | $88,872.00 |
| THOMAS R PRICE | 2006 | $345.00 | 275.80 | $95,151.00 |
| MICHAEL A SAMALIN | 2006 | $345.00 | 20.50 | $7,072.50 |
| NATHANAEL B YALE | 2006 | $345.00 | 252.80 | $87,216.00 |
| CASEY L HINKLE | 2006 | $345.00 | 283.80 | $97,911.00 |
| STEVEN E SEITZ | 2006 | $345.00 | 390.90 | $134,860.50 |
| MARC R SUSKIN | 2006 | $345.00 | 27.90 | $9,625.50 |
| **TOTAL** | | | **7,902.90** | **$3,412,347.00** |

| Name of Attorney/ Other Professional | | Hourly Rate | Hours Billed | Totals |
|---|---|---|---|---|

NONLAWYER PROFESSIONALS

| | | | | |
|---|---|---|---|---|
| WENDY HUNG | Summer Clerk | $305.00 | 12.00 | $3,660.00 |
| ANTHONY M STARK | Summer Clerk | $305.00 | 16.40 | $5,002.00 |
| AMY E CHAMBERS | Paralegal | $235.00 | 1.50 | $352.50 |
| DAMON GAYNAIR | Paralegal | $215.00 | 31.90 | $6,858.50 |
| JENNIFER A. WALKER | Paralegal | $210.00 | 29.20 | $6,132.00 |
| RICHARD MONTGOMERY | Paralegal | $195.00 | 8.30 | $1,618.50 |
| LESLIE ANN SALCEDO | Paralegal | $190.00 | 495.80 | $94,202.00 |

[7] This amount reflects a 50% reduction for non-working travel time in the amount of $682.50.

[8] This amount reflects a 50% reduction for non-working travel time in the amount of $1,466.25.

[9] This amount reflects a 50% reduction for non-working travel time in the amount of $1,535.25.

[10] This amount reflects a 50% reduction for non-working travel time in the amount of $172.50.

4

NY\1168667.5

| | | | | | |
|---|---|---|---|---|---|
| MARION HANSEN | Paralegal | $ 180.00 | 3.00 | $ | 540.00 |
| SARITA CHALEN | Paralegal | $ 175.00 | 69.80 | $ | 12,215.00 |
| IVANNA A URSINO | Paralegal | $ 175.00 | 2.70 | $ | 472.50 |
| ANN CANDLER KING | Paralegal | $ 175.00 | 116.20 | $ | 20,335.00 |
| RASSA L AHMADI | Paralegal | $ 175.00 | 143.70 | $ | 25,147.50 |
| GREG P DUPUY | Paralegal | $ 145.00 | 3.00 | $ | 435.00 |
| BARBARA A MICGIEL | Prof Staff | $ 225.00 | 0.60 | $ | 135.00 |
| STEVEN B SIMPSON | Prof Staff | $ 215.00 | 1.00 | $ | 215.00 |
| KATHRYN L TROTTER | Prof Staff | $ 215.00 | 5.00 | $ | 1,075.00 |
| EMERENCIANA S SANTOS | Prof Staff | $ 215.00 | 2.30 | $ | 494.50 |
| JILL K HANNON | Prof Staff | $ 150.00 | 1.60 | $ | 240.00 |
| JESSICA L BENGELS | Prof Staff | $ 115.00 | 3.80 | $ | 437.00 |
| JOHN B NUGENT | Prof Staff | $ 105.00 | 2.00 | $ | 210.00 |
| **TOTAL** | | | **949.80** | **$** | **179,777.00** |

**TOTAL HOURS AND FEES**                    **10,942.10   $   5,188,803.50**

## SECTION III:  COMPENSATION BY PROJECT CATEGORY

| | Hours Billed | Blended Hourly Rate | Final Totals |
|---|---|---|---|
| Case Administration | 489.60 | $483.35 | $ 236,649.00 |
| Committee Communications/Meetings | 549.20 | $617.47 | $ 339,112.00 |
| Retention Issues | 158.30 | $492.17 | $ 77,910.50 |
| DIP Financing/Cash Collateral | 7.90 | $539.75 | $ 4,264.00 |
| Executory Contracts | 427.90 | $477.24 | $ 204,211.00 |
| Asset Dispositions | 8.00 | $647.31 | $ 5,178.50 |
| Executive Compensation/Bonuses | 355.50 | $464.95 | $ 165,289.00 |
| 1113 and 1114 Issues | 1,897.30 | $532.61 | $1,010,524.00 |
| Claims | 184.10 | $496.44 | $ 91,395.50 |
| Fee Applications | 449.20 | $321.87 | $ 144,583.00 |
| Lien Review | 4.90 | $745.10 | $ 3,651.00 |
| Preference & Fraudulent Conveyance | 314.40 | $437.32 | $ 137,493.00 |
| Disclosure Statement and Plan | 0.00 | $ 0.00 | $ 0.00 |
| Foreign Affiliates | 131.60 | $484.97 | $ 63,822.00 |
| Exit Financing | 0.00 | $ 0.00 | $ 0.00 |
| Analysis/Response to Other Motions | 1,608.90 | $445.86 | $ 717,350.00 |

NY\1168667.5

| | | | |
|---|---|---|---|
| Other Chapter 5 | 4,013.70 | $460.71 | $1,849,144.00 |
| SEC and Class Action Issues | 136.90 | $507.91 | $    69,533.50 |
| Non-Working Travel Time | 49.80 | $243.06 | $    12,104.50 |
| Intercompany Claims | 154.90 | $365.33 | $    56,589.00 |
| **TOTAL HOURS AND FEES** | **10,942.10** | | **$5,188,803.50** |

## SECTION IV:  EXPENSE SUMMARY

| Expenses[11] | | Amount |
|---|---|---|
| a. | Airfare & Trainfare | $ 3,999.50 |
| b. | Calling Card | $      14.84 |
| c. | Color Copying/Printing | $      13.00 |
| d. | Deposition | $ 9,898.27 |
| e. | Docket Research | $      95.00 |
| f. | Docket Copies | $ 6,705.29 |
| g. | Federal Express | $ 3,812.80 |
| h. | Filing Fees | $      39.00 |
| i. | Ground Transportation | $ 1,011.88 |
| j. | Ground Transportation – Local | $ 23,668.26 |
| k. | Investigation/Research | $ 9,796.03 |
| l. | Legal Research | $     163.38 |
| m. | Lexis | $ 89,713.27 |
| n. | Meal Credits | $ 23,161.08 |
| o. | Meals | $     516.98 |
| p. | Meals- Local | $ 4,367.56 |
| q. | Messenger/Courier | $ 1,204.94 |
| r. | Mileage | $      77.88 |
| | | $     436.25 |
| s. | MIS Services | |

[11] Certain expenses included in this Application were incurred prior to February 1, 2006, and are included herein due to accounting delays.

6

| | | |
|---|---|---:|
| t. | Other Datebase | $ 2,397.73 |
| u. | Outside Services (non-attorney) | $ 3,429.81 |
| v. | Parking | $ 16.00 |
| w. | Photocopying | $ 84,027.45 |
| x. | Postage | $ 53.84 |
| y. | Publications | $ 87.89 |
| z. | Telecopying | $ 1,018.75 |
| aa. | Telephone | $ 33,584.05 |
| bb. | Transcript | $ 18,633.12 |
| cc. | Trip Expense | $ 1,849.25 |
| dd. | Westlaw | $ 45,472.35 |
| | **TOTAL** | **$369,265.45** |

NY\1168667.5

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
        mitchell.seider@lw.com
        mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, <u>et al.</u>, ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**SECOND FEE AND EXPENSE APPLICATION OF LATHAM & WATKINS LLP AS**
**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to sections 330 and 503(b)(1)(A) of chapter 11 of Title 11 of the United States

Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the

"Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines" collectively with the Local Guidelines, the

"Guidelines"), Latham & Watkins LLP ("Latham"), as counsel to the Official Committee of

Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation

and its debtor affiliates (collectively, the "Debtors"), respectfully submits this second application

NY\1168667.5

(the "Application") for allowance of compensation totaling $5,188,803.50 and reimbursement of

expenses totaling $369,265.45, incurred during the period from February 1, 2006 through

May 31, 2006 (the "Compensation Period").

In support of this Application, Latham respectfully represents as follows:

**Background**

2.        On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned

debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of

Title 11 of the United States Code, as amended (the "Bankruptcy Code").  On October 14, 2005,

three additional Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code.  The

Debtors are continuing in possession of their property and are operating their businesses, as a

debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.        The Committee was appointed in these cases by the Office of the United States

Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.[1]

4.        On November 17, 2005, the Committee filed that certain Application of the

Official Committee of Unsecured Creditors for Order Authorizing and Approving the

Employment and Retention of Latham & Watkins LLP as Counsel, Nunc Pro Tunc to October

17, 2005 (the "Retention Application.")  On January 6, 2006, this Court entered an order

approving the retention of Latham, *nunc pro tunc* to October 17, 2005.

5.        By Order dated November 4, 2005 (the "Administrative Order"), the Court

established a procedure for interim compensation and reimbursement of expenses for all

---

[1] The following members were originally appointed to the Committee: (a) Capital Research and Management
Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale
Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as
Indenture Trustee.  Flextronics International Asia-Pacific, Ltd., has since resigned from the Committee and has been
replaced with Tyco Electronics Corporation.  In addition, the Pension Benefit Guaranty Corporation and the
International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW")
have been added as *ex officio* members of the Committee.

2

professionals in these cases.  In particular, the Administrative Order provides that, absent

objection, upon the expiration of twenty days after the service of monthly fee statements, the

Debtors are authorized to pay each professional serving such monthly fee statements an amount

equal to 80 percent of the fees and 100 percent of the expenses requested in their respective

monthly fee statements.

6.      Pursuant to the Administrative Order, Latham has served monthly fee statements

in these cases for the months of February, March, April and May, 2006 (collectively, the

"Monthly Statements").  To date, the Debtors have paid to Latham $3,255,634.80 in fees and

$241,891.83 in expenses incurred during the period from February 1, 2006 through May 31,

2006 (the "Compensation Period") in accordance with the procedures set forth in the

Administrative Order.

7.      On May 31, 2006, Latham filed its first fee application covering the period from

the October 17, 2005 through January 31, 2006.  On July 13, 2006 this Court entered an order

scheduling a hearing on October 19, 2006, to consider all pending fee applications for interim or

final court approval of compensation and reimbursement of expenses.

8.      By this Application, Latham seeks interim allowance of compensation and

reimbursement of expenses incurred during the Compensation Period as reflected in Latham's

Monthly Statements.  Latham also seeks payment of all outstanding holdbacks owing with

respect to the Monthly Statements.

9.      The supervisory responsibility for Latham's efforts on behalf of the Committee

has been undertaken by Robert J. Rosenberg. Mr. Rosenberg is the global co-head of Latham's

Insolvency Practice Group and a partner in Latham's New York office.  Mr. Rosenberg is a 1967

graduate of Columbia University and a 1970 graduate of Harvard Law School.

NY\1168667.5

**Summary of Services Performed During the Compensation Period**

10.     As reflected in the attached Second Fee and Expense Application Cover Sheet

(the "Cover Sheet"), Latham has rendered 10,942.10 hours of legal services in representation of

the Committee during the Compensation Period.  Based upon the nature of the services rendered,

the time required to provide such services, the value of such services to the Committee, and the

cost of comparable services in non-bankruptcy cases, Latham believes that the allowed

compensation for services rendered to the Committee should be not less than $5,188,803.50.

This total represents 10,942.10 hours of Latham attorney and other professional time, at a

blended average hourly rate of $474.21.  The hourly rate for each attorney and other professional

who performed services for the Committee during the Compensation Period is set forth in the

Cover Sheet.

11.     In accordance with the Local Guidelines, a detailed chronological narrative of the

time spent (divided among twenty (20) descriptive billing categories adopted by Latham at the

outset of these cases), the dates and descriptions of the services rendered, and the identity of the

attorneys and other professionals who provided such services on behalf of the Committee during

the Compensation Period, are attached hereto as Exhibits A-1, A-2, A-3 and A-4 (collectively,

the "Billing Detail," which is incorporated herein by reference).[2]

12.     Latham respectfully supplements the attached Billing Detail with the following

narrative summary of services rendered by Latham during the Compensation Period, organized

by category:

---

[2] Exhibits A-1, A-2, A-3 and A-4 are copies of Latham's Monthly Statements for February, March, April and May,
respectively.  Certain redactions are reflected in Latham's Monthly Statements to protect confidential and privileged
information contained therein.  Section III of the Cover Sheet contains a summary of Latham's services, organized
by project category.

4

a) **Case Administration**.  Latham rendered a total of 489.60 hours and $236,649.00

in services falling within the category of "Case Administration."  This category includes, among

other things:  (i) Latham's services rendered in connection with general administration of these

cases; (ii) reviewing, organizing or responding to various documents received; (iii) attending

omnibus hearings; (iv) reviewing Committee professionals' reports and summaries; (v)

addressing scheduling issues; (vi) maintaining the case calendar; (vii) monitoring press reports

relating to the Debtors' cases; (viii), monitoring the docket in these cases; (ix) conferring among

Latham professionals to coordinate the handling of various matters; (x) monitoring the status of

various matters; and (xi) conducting fundamental due diligence and analysis of the critical

documents and issues.

b) **Committee Communications/Meetings.**  Latham rendered a total of 549.20

hours and $339,112.00 in services falling within the category of "Committee

Communications/Meetings."  This category includes Latham's services rendered in connection

with preparing for and attending regularly scheduled committee and subcommittee meetings,

meetings with the Debtors, and related communications to the Committee, its professionals, and

other parties in interest in these cases.

c) **Retention Issues.**  Latham rendered a total of 158.30 hours and $77,910.50 in

services falling within the category of "Retention Issues."  This category includes Latham's

services rendered in connection with the retention of numerous professionals in these cases,

including, but not limited to: Latham, Mesirow Financial Consultants, Warner Stevens LLP,

Steven Hall & Partners, and the Debtors' various professionals.  This category also includes

Latham's review of various retention applications and supplemental disclosures filed in these

cases, as well as the preparation of its own continuing disclosures.  Additionally, Latham

5

provided services in connection with the extensive negotiation of the terms of engagement with

respect to Jefferies & Company, Inc. and in connection with the retention application and

disclosure issues of Buck Consultants.

       d) **DIP Financing/Cash Collateral.**  Latham rendered a total of 7.90 hours and

$4,264.00 in services falling within the category of "DIP Financing/Cash Collateral."  This

category includes Latham's services rendered in connection with the Debtors' post-petition

financing and cash collateral related issues.

       e) **Executory Contracts.**  Latham rendered a total of 427.90 hours and $204,211.00

in services falling within the category of "Executory Contracts."  This category includes

Latham's services rendered in connection with the Debtors' numerous executory contracts and

unexpired leases of nonresidential real property, including analysis of, negotiation with respect

to, and the Committee's response to the Debtors' Motion for Order Under 11 U.S.C. § 365 and

Fed. R. Bankr. P. 6006 Authorizing Rejection of Certain Executory Contracts with General

Motors Corporation.

       f) **Asset Dispositions.**  Latham rendered a total of 8.00 hours and $5,178.50 in

services falling within the category of "Asset Dispositions."  This category includes all of

Latham's services rendered in addressing the Debtors' disposition of certain assets, and analysis

of the effects of such asset dispositions on value to be realized by the Debtors' estates and

unsecured creditors.

       g) **Executive Compensation/Bonuses.**  Latham rendered a total of 355.50 hours and

$165,289.00.  in services falling within the category of "Executive Compensation/Bonus."  This

category includes all of Latham's services rendered in connection with the Debtors' Motion for

Order Under §§ 105 and 363 Authorizing the Debtors to Implement a Key Employee

NY\1168667.5

Compensation Program, and related compensation and bonus issues arising during the

Compensation Period, including negotiations respecting, and participation in contested hearings

on, the Debtors' proposed AIP program.

h) **1113 and 1114.**  Latham rendered a total of 1,897.30 hours and $1,010,524.00 in

services falling within the category of "1113 and 1114."  This category includes Latham's

services relating to labor, pension and OPEB issues arising in these cases, including extensive

related analysis, legal research and preparation of various memoranda.  This category also

includes preparation for, and attendance at, multiple hearings regarding these issues.

i) **Claims.**  Latham rendered a total of 184.10 hours and $91,395.50 in services

falling within the category of "Claims."  This category includes Latham's services rendered in

connection with analysis of and response to various claims and various setoff, recoupment and

reclamation requests asserted against the Debtors.

j) **Fee Applications.**  Latham rendered a total of 449.20 hours and $144,583.00 in

services falling within the category of "Fee Applications."  This category contains Latham's

services rendered in reviewing, analyzing and responding to monthly fee statements and first fee

applications served to date by professionals retained in these cases.  This category also includes

Latham's preparation of its own monthly statements and first fee application, and Latham's

oversight of, and assistance to, Committee members and Committee professionals in their

preparation of monthly fee statements, fee applications and expense reimbursement requests in

an effort to ensure (i) adherence with local rules and procedures, and (ii) that all necessary

confidential and strategic information was uniformly redacted from such statements.

k) **Lien Review.**  Latham rendered a total of 4.90 hours and $3,651.00 in services

falling within the category of "Lien Review."  This category includes Latham's services rendered

7

in connection with analysis of the various liens asserted against assets of the Debtors and their

affiliates, and possible defenses thereto.  Much of the analysis in this category is being handled

by Warner Stevens LLP ("Warner Stevens"), the Committee's conflicts counsel in these cases.

Latham has endeavored to efficiently and effectively transition such matters to Warner Stevens

while avoiding any duplication of effort in coordinating such matters.

l)    **Preference & Fraudulent Conveyance.**  Latham rendered a total of 314.40

hours and $137,493.00 in services falling within the category of "Preference & Fraudulent

Conveyance."  This category includes Latham's legal research and analysis of possible

avoidance actions which may be pursued by the Debtors, the Committee or an estate

representative in these cases.  This category also includes Latham's legal research and analysis in

connection with potential fraudulent conveyance causes of action against various parties,

including General Motors Corporation.

m) **Disclosure Statement & Plan.**  Latham did not provide any services falling

within the category of "Disclosure Statement & Plan" during the Compensation Period.

n)  **Foreign Affiliates.**  Latham rendered a total of 131.60 hours and $63,822.00 in

services falling within the category of "Foreign Affiliates."  This category includes Latham's

services rendered in connection with analysis of various transactions relating to the Debtors'

foreign affiliates and joint ventures, as well as analysis of the ability of the Pension Benefit

Guaranty Trust Corporation to enforce liens against non-debtor foreign affiliates.

o)  **Exit Financing**.  Latham did not provide any services falling within the category

of "Exit Financing" during the Compensation Period.

p)  **Analysis & Response to Other Motions.**  Latham rendered a total of 1,608.90

hours and $717,350.00 in services falling within the category of "Analysis & Response to Other

NY\1168667.5

Motions." This category includes Latham's review, analysis and related research regarding various motions filed in these cases during the Compensation Period to the extent that such motions were not covered in any other category. This category also includes Latham's preparation and filing of responses to various motions during the Compensation Period, and Latham's preparation for, and attendance at, hearings in connection therewith.

q) **Other Chapter 5 Actions.** Latham rendered a total of 4,013.70 hours and $1,849,144.00 in services falling within the category of "Other Chapter 5 Actions." This category includes Latham's extensive services rendered in connection with the analysis and investigation of potential actions under Chapter 5 of the Bankruptcy Code, including the equitable subordination of claims.

r) **SEC and Class Action Issues.** Latham rendered a total of 136.90 hours and $69,533.50 in services falling within the category of "SEC and Class Action Issues." This category includes Latham's services rendered in connection with the review and analysis of materials related to (i) investigations being conducted by the Securities and Exchange Commission and the Department of Justice and (ii) class action complaints filed against the Debtors and current and former officers and directors of the Debtors.

s) **Non-Working Travel.** Latham rendered a total of 49.80 hours and $12,104.50 in services falling within the category of "Non-Working Travel." This category includes non-working time spent by Latham's attorneys traveling on Delphi related business. Such time has been billed at 50% of Latham's regular billing rates as is customary in this jurisdiction.

t) **Intercompany Claims.** Latham rendered a total of 154.90 hours and $56,589.00 in services falling within the category of "Intercompany Claims." This category includes

9

Latham's services rendered in connection with the review, research and analysis of intercompany

claims issues among the Debtors and their non-debtor affiliates.

**Latham's Staffing and Internal Procedures**.

13.    Latham has made a conscious effort in this case to provide to the Committee high

quality legal services at the lowest possible cost.  Whenever possible, rather than "reinventing

the wheel," Latham has drawn upon the considerable expertise of its senior partners to obtain

quick answers to difficult questions without the need for expensive and time consuming legal

research.  Where research has been required, Latham has utilized the low billing rates of junior

lawyers, resulting in considerable savings for the Debtors.

14.    A number of specialist attorneys have billed small amounts of time representing

the Committee.  The isolated and limited work done by these experts highlights one of the

benefits of a global law firm such as Latham:  when discrete issues arise, Latham can leverage

the expertise of its specialists around the world, removing the need to train non-specialists on the

issue or hire a separate law firm altogether.  This efficient use of firm resources minimizes costs

for the Estates while providing the Committee with the highest-quality legal services.

15.    Latham believes that it has been efficient in avoiding duplication of effort and

keeping fees and costs at the lowest level possible.  Latham also believes that the attached

Billing Detail reflects the actual, fair and reasonable value of the legal expertise provided to the

Committee during the Compensation Period.

NY\1168667.5

**Disbursements**

16.     Latham expended a total of $369,265.45 for reasonable and necessary expenses in

connection with its representation of the Committee during the Compensation Period[3].  In

accordance with the Guidelines, Section IV of the Cover Sheet attached hereto contains an

organized summary of these expenses.

17.     Latham does not include a profit component in its disbursements, and charges the

Debtors only for Latham's actual out-of-pocket expenses.  Photocopy charges are billed at $0.17

per page and outgoing faxes are billed at $1.25 per page.

**Certification**

18.     As required by the Guidelines, a certification that the facts set forth in this

Application are true and correct, and that this Application complies with the Guidelines, is

attached hereto as Exhibit B.

**Latham is a Disinterested Person and Holds No Adverse Interest**

19.     All professional services and expenses for which allowance is requested in this

Application were performed by Latham on behalf of the Committee, and were not on behalf of

any other entity or person.  As described in the Affidavit of Robert J. Rosenberg of Latham &

Watkins LLP Pursuant to Sections 329, 504 and 1103 of the Bankruptcy Code and Rules 2014

and 2016 of the Federal Rules of Bankruptcy Procedure (together with subsequent supplemental

affidavits, the "Rosenberg Affidavit") previously filed by Latham in these cases: (i)  Latham

holds neither a claim against, nor an interest in, the Debtors, and no beneficial interest in the

Debtors, directly or indirectly, has been acquired or transferred by Latham or for Latham's

benefit since the commencement of these cases; (ii) Latham represents no interest adverse to the

---

[3] Certain expenses included in this application were incurred prior to February 1, 2006, and are
included herein due to accounting delays.

11

Debtors with respect to matters upon which it is engaged; and (iii) Latham is a "disinterested person" under section 101(14) of the Bankruptcy Code.

20.    No agreement or understanding exists between Latham and any other person or entity for the sharing of compensation received or to be received for services rendered in connection with these proceedings, except that fees will be shared with other partners of Latham as permitted by Bankruptcy Rule 2016 and section 504 of the Bankruptcy Code.

## Reservation of Rights

21.    To the extent that charges for services rendered or expenses incurred during the Compensation Period are inadvertently excluded from this Application for any reason, Latham hereby reserves the right to request approval and payment of such charges in future fee applications.

12

NY\1168667.5

WHEREFORE, Latham respectfully requests that this Court enter an order: (i) allowing

Latham's request for compensation in the sum of $5,188,803.50 for actual, reasonable and

necessary professional services rendered on behalf of the Committee during the Compensation

Period; (ii) directing the Debtors to pay to Latham the full amount of such compensation to the

extent not already paid; and (iii) directing the Debtors to reimburse Latham in the amount of

$369,235.45 for actual, reasonable and necessary expenses incurred during the Compensation

Period, to the extent not already reimbursed.


Dated: New York, New York
      July 31, 2006

LATHAM & WATKINS LLP

By: /s/ Robert J. Rosenberg
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone:  (212) 906-1200

Attorneys for the Official Committee of
Unsecured Creditors

NY\1168667.5