# EXHIBIT F

05-44481-rdd    Doc 4761-7    Filed 07/31/06    Entered 07/31/06 16:13:10    Exhibit
Exhibit F    Pg 1 of 3



BANNER & WITCOFF, LTD.
INTELLECTUAL PROPERTY LAW

TEN SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606-7407

TEL: 312.463.5000
FAX: 312.463.5001
www.bannerwitcoff.com

**Charles W. Shifley**
Direct Dial: (312) 463-5441
cshifley@bannerwitcoff.com

November 19, 2004

William Cosnowski, Jr., Esq.
**Delphi World Headquarters - Legal Staff**
Delphi Automotive Systems
5825 Delphi Drive
Troy, MI 48098-2815

Dear Will:

    We have a few more changes for our engagement together in the ATI cases. Our principal issue is the term of engagement concerning fixing rates for the life of the engagement. We are cautious about the open-endedness of such a term. As an example, I have a case now that has lasted eleven years in district court, and has started into its second appeal. It has potential for several more years of proceedings.

    Our primary intent is to maintain and strengthen our relationship. The discounts that are present in the lawyer hourly rates stated in your letter of October 7th are approximately 4% of standard rates. We expect to increase rates in February such that the discount for 2005 will conceivably increase to 8%. In addition, we are agreeing to the 5% credit and transportation terms.

    Generally, we are against our rates being fixed. By the terms of your letter, Delphi is gaining significant advantage in receiving the 5% credit, especially with Delphi and the firm agreeing to the 5% being applied from $1. Consistent with our primary intent but also our opposition to rate fixing, especially rate fixing for an indefinite and potentially long time, we can accept the hourly rates as stated in your letter, if fixed until the end of 2005, with rates thereafter being our standard rates. We also propose that the ATI II credit apply to the future litigation from when time billing for the future litigation starts.

    We also suggest clarifying that the 5% credit currently accruing and continuing to accrue on ATI I will be for future patent application, patent opinion and other patent-related transactional representation. We also propose that the ATI II credit apply to the fees that accrue on a future litigation, applicable when that future litigation begins.

    We also ask that Delphi provide us some flexibility in the attorneys who may represent Delphi in the two cases, by engaging with us in introducing Delphi to more attorneys than on the current list of approved attorneys, especially to possibly include some of our attorneys in our Washington, D.C. office.

CHICAGO
WASHINGTON, D.C.
BOSTON
PORTLAND, OR.

William Cosnowski, Jr., Esq.
Delphi World Headquarters - Legal Staff
November 19, 2004
Page 2


      If you can accept these few modifications of the terms proposed in your letter of October 7, 2004, we have an agreement for engagement. I have held our billing for time back to September 1, 2004. I will now bill it at the agreed rates.

                                        Very truly yours,

                                        Charles W. Shifley

CWS/sls