UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

## SECOND INTERIM APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, SPECIAL LITIGATION COUNSEL TO THE DEBTORS-IN-POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Name of Applicant:   <u>Quinn Emanuel Urquhart Oliver & Hedges, LLP</u>

Authorized to Provide Professional Services to:   <u>Delphi Corporation, and certain of its subsidiaries and affiliates</u>

Date of Retention Order:   <u>March 10, 2006</u>

Period for Which Compensation and Reimbursement are Sought:   <u>February 1, 2006 through May 31, 2006</u>

Amount of Compensation Sought as Actual, Reasonable, and Necessary: **$9,432.00**

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: **$604.49**

Voluntary Reductions:       Monthly Fee Statements:

This is an/(a):  _X_   Interim       _____   Final Application.

Aggregate Amounts Paid to Date:   **$31,735.20**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

SECOND INTERIM APPLICATION OF QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP, SPECIAL LITIGATION COUNSEL TO THE DEBTORS-IN-POSSESSION,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO THE HONORABLE ROBERT D. DRAIN, UNITED STATES

BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL

PARTIES IN INTEREST:

1.      Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel")

hereby submits its Second Application for Approval of Compensation and Reimbursement of

Expenses (the "Application").  Through this Application, Quinn Emanuel seeks fees and

expenses for the period of February 1, 2006 through May 31, 2006 (the "Application Period").

I.      BACKGROUND

2.      On October 8, 2005 (the "Petition Date"), Delphi and certain of its U.S.

subsidiaries filed voluntary petitions in this Court for reorganization relief under chapter 11 of

title 11 of the United States Code, 11 U.S.C. §§101-1130, as amended (the "Bankruptcy Code").

On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this

Court for reorganization relief under the Bankruptcy Code (hereinafter referred to as the

"Action").  The Debtors continue to operate their business and manage their properties as

debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code.

3.      On the Petition Date, and again on October 19, 2005, this Court entered

orders directing the joint administration of the Debtor's chapter 11 cases (Docket Nos. 28 and

404).

4.      On October 17, 2005, the Office of the United States Trustee appointed an

official committee of unsecured creditors.

5.      On May 5, 2006, this Court entered a third supplemental Order under 11

U.S.C. § 331 establishing a Joint Fee Committee ("Fee Committee") comprised of: (a) the Office

of the United States Trustee; (b) the Debtors; and (c) the Official Committee of Unsecured

Creditors.  (Docket No. 3630)

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. §157(b)(2).

7.      The statutory predicates for relief requested herein are sections 330 and

331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

II.    RETENTION OF QUINN EMANUEL

8.      The Debtors had retained Quinn Emanuel as an ordinary course

professional according to the Order under 11 U.S.C. §§ 327, 330, and 331 Authorizing Retention

Of Professionals Utilized By Debtors In Ordinary Course Of Business.  (Docket No. 883).  On

February 7, 2006, an application was filed in this Court for an order approving the retention of

Quinn Emanuel as special litigation counsel to the Debtors, nunc pro tunc to October 8, 2005

(the "Retention Application").  On March 10, 2006, this Court entered an order (the "Retention

Order") authorizing the Debtors to employ Quinn Emanuel as their special litigation counsel under the terms set forth in the Retention Application.[1]

9.     In the Retention Application and its supporting affidavit, Quinn Emanuel disclosed the names of attorneys approved to work on the litigation matters and their hourly rates for professional services.

10.     There is no arrangement or agreement between Quinn Emanuel and any person including Debtors for compensation to be paid in these chapter 11 cases other than as set forth in the Retention Application and its supporting affidavit.

III.    PRESENT POSTURE OF DEBTOR'S LITIGATION MATTERS

11.     Quinn Emanuel has provided services for the Debtors in the past and therefore at the Debtor's request, Quinn Emanuel continues to assist the Debtors as special litigation counsel in connection with their litigation issues.

12.     Quinn Emanuel was retained as special litigation counsel to Debtors in connection with the following matters: (a) Whitney v. Delphi Corporation; (b) Patent Holding Company v. Delphi Automotive Services Corporation; (c) Quinn v. Delphi Automotive Services Corporation; (d) Crown City Plating Co. v. Delphi Corporation; (e) Quake Global Inc. v. Orbcomm, LLC, et al.; and (f) Fiber Systems, Inc. v. Ernie Gonzales.

13.     Since the Petition Date, Quinn v. Delphi Automotive Services Corporation has been dismissed, and Crown City Plating Co. v. Delphi Corporation, has been closed. Additionally, the remaining matters have been stayed pursuant to Section 362 of the Bankruptcy Code.

---

[1]     A copy of the Retention Application, the supporting affidavit, and the Retention Order are attached hereto as Exhibit A.

14.    Nevertheless, Quinn Emanuel has provided services and/or anticipates on providing services for the following litigation matters:

A.    <u>Whitney v. Delphi Corporation</u>, Case No. BC337315

15.    Plaintiff sued Delphi Corp. and Delphi Product and Service Solutions, Inc. in Los Angeles Superior Court for Age Discrimination, Wrongful Termination in Violation of Public Policy, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress.  Plaintiff alleges both disparate treatment and disparate impact age discrimination. Plaintiff alleges he was wrongfully terminated in June 2003 and was told he was being terminated because he did not have the "fit and finish" for the new team.  Plaintiff also alleges that Delphi engaged in a pattern and practice of systematically reducing the average age of its workforce by terminating the employment of and/or otherwise pressuring older workers to cease working for Delphi by hiring younger workers.  Delphi denies Plaintiff's allegations and will defend vigorously the claims against it.

B.    <u>Patent Holding Company v. Delphi Automotive Systems Corporation</u>, Civil Action No. 99-76013, E.D. Mich.

16.    Plaintiff sued Delphi, alleging infringement of three patents directed to various aspects of air bag cover design, and is seeking compensatory damage and an injunction. Plaintiff further alleges willful infringement and seeks treble damages based on their allegations. Delphi denies plaintiff's infringement allegations and has asserted counterclaims in which it seeks a declaratory judgment that the patents-in-suit are not infringed and are invalid.

17.    In November 2003, Delphi prevailed in connection with summary judgment motions that significantly reduced the universe of potential damages in dispute.  A claim construction hearing before a Special Master was held in early 2004, and the Court issued

its claim construction order in August, 2004.  On December 8, 2004, the parties attended a

mediation, which although productive, did not result in settlement.

18.    On August 23, 2005, the Court held a status conference and set dates for

the close of fact discovery, filing expert reports, responses to expert reports, and preparation of

the Joint Pretrial Statement.  The final pretrial conference was set for March 28, 2006.

19.    Thereafter, on October 8, 2005, Delphi filed for bankruptcy protection

under Chapter 11.  On October 13, 2005, Delphi notified the court of the bankruptcy filing and

the automatic stay provided by Section 362 of the Bankruptcy Code took effect.

20.    Delphi denies Plaintiff's allegations and will defend vigorously the claims

against it.

C.    Quake Global Inc. v. Orbcomm, LLC, et al., Case No. CV051410 (C.D. Cal. Feb.
       24, 2005)

21.    Quinn Emanuel is currently representing Delphi in this matter in which

Plaintiff alleges that Delphi and other defendants violated federal antitrust laws.  Specifically,

Plaintiff alleges that Delphi's agreement to manufacture satellite modems for Stellar Satellite

Communications, Ltd., constitutes a "de facto exclusive dealing" arrangement in violation of the

Sherman Act.  Delphi denies the allegations and intends to defend vigorously the claims against

it.

D.    Fiber Systems, Inc. v. Ernie Gonzales, Case No. 4:04CV348 (United States
       District Court for the Eastern District of Texas, Sherman Division)

22.    Quinn Emanuel is currently representing Delphi Corporation in connection

with a subpoena duces tecum served on it.  Defendant Gonzalez is an employee of Delphi

Connection Systems.  He had been employed in a sales related job at Fiber Systems, Inc. (FSI),

plaintiff, and a competitor of Delphi Connection Systems. FSI has accused Mr. Gonzalez of misappropriating confidential/trade secret information from it when he left. They have further alleged that this information has helped Delphi Connection Systems win certain contracts over FSI. Delphi Connection Systems has not been sued in this matter. Delphi Connection Systems appeared only as a third-party.

IV.   FEE PROCEDURES AND MONTHLY FEE STATEMENTS

23.   On November 4, 2005, this Court entered an Order pursuant to 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals ("Interim Compensation Order"). (Docket No. 869). This Court entered supplemental orders on March 8, 2006 and March 28, 2006 (Docket Nos. 2747 and 2986) amending deadlines for filing monthly compensation packages and interim and final fee applications. Pursuant to paragraph 2(j) of the Interim Compensation Order, Quinn Emanuel is filing this Application with this Court.

24.   Quinn Emanuel has prepared and served monthly fee statements for services performed during the Application Period pursuant to paragraph 2(a) of the Interim Compensation Order and the supplemental orders. (Docket Nos. 869, 2747 and 2986).

25.   On May 5, 2006, this Court entered an order establishing a Fee Committee to assist this Court in monitoring the fees incurred during the pendency of Debtors bankruptcy. (Docket No. 3630). Quinn Emanuel has prepared and submitted past monthly fee statements and back-up supporting documentation, as well as a budget for anticipated fees and expenses pursuant to the Fee Committee's request.

V.    COMPENSATION FOR PROFESSIONAL SERVICES

26.    Quinn Emanuel has played an important role in advising the Debtors with respect to their litigation matters.  As a result of its efforts during the Application Period, Quinn Emanuel now seeks interim allowance of **$9,432.00** in fees calculated at the applicable guideline hourly billing rates of the firm's personnel who have worked on the litigation matters, and **$604.49** in charges and disbursements actually and necessarily incurred by Quinn Emanuel while providing services to the Debtors during the Application Period.

27.    In staffing this case, in budgeting and incurring charges, and in preparing and submitting this Interim Application, Quinn Emanuel has been mindful of the need to be efficient while providing vigorous representation to the Debtors.  Quinn Emanuel has also been especially mindful of the standards established by the Second Circuit Court of Appeals and courts in this district for compensation of professionals and reimbursement of charges and disbursements.  See In re JLM, Inc., 210 B.R. 19, 24 (2d Cir. B.A.P.1997); In re Poseidon Pools of America, Inc., 180 B.R. 718, 729 (Bankr.E.D.N.Y.1995); In re Ferkauf, Inc., 42 B.R. 852, 853 (Bankr.S.D.N.Y.1984), aff'd, 56 B.R. 774 (S.D.N.Y.1985).  As described in detail herein, Quinn Emanuel believes that the requests made in this Interim Application comply with this Court's standards in the context of the unique circumstances surrounding this unusually large and complex case.

VI.    SUMMARY OF SERVICES RENDERED BY QUINN EMANUEL DURING THE APPLICATION PERIOD

28.    Quinn Emanuel has advised the Debtors on their litigation matters throughout the Application Period, and continues to perform the services as more fully described below and as outlined in Exhibit B.  During the Application Period, Quinn Emanuel has been providing services which may include the following:

a.      preparation of pleadings;

b.      preparation of early meeting of counsel;

c.      discovery and document production;

d.      privilege log preparation;

e.      motion practice and legal research;

f.      witness interviews, preparation and depositions;

g.      work with experts and consultants;

h.      communications with and efforts to obtain documents from Department of
Insurance counsel;

i.      Bankruptcy-related administrative tasks;

j.      miscellaneous.

29.     The following is a brief summary of certain of Quinn Emanuel's litigation
activities performed in the Debtor's litigation matters during the Application Period:

A.     Whitney v. Delphi Corporation, Case No. BC337315

30.     During the Application Period, and as set forth more fully in Exhibit B,
Quinn Emanuel expended minimal time reviewing plaintiff's case management statement. The
time records submitted by Quinn Emanuel include .2 hours of attorney time devoted to these
tasks, and the total amount of fees billed on this matter is $60.00.

B.     Quake Global Inc. v. Orbcomm, LLC, et al., Case No. CV051410

31.     During the Application Period and as set forth more fully in Exhibit B,
Quinn Emanuel expended minimal time performing bankruptcy related administrative tasks and
non-bankruptcy related tasks.  Time in this category include conferences regarding monthly fee

statements and the First Interim Fee Application.  Time records submitted by Quinn Emanuel include .8 hours of attorney time devoted to these tasks.

      C.    Delphi Corporation Bankruptcy Administration

      32.    During the Application Period and as more fully set forth in Exhibit B, Quinn Emanuel expended reasonable amounts of time dedicated to complying with this Court's Order requiring the submission of both an Interim Fee Application and monthly fee statements. (Docket Nos. 869, 2747 and 2986).  Quinn Emanuel prepared the First Interim Fee Application along with exhibits and other supporting documentation and monthly fee statements for the Application Period for six (6) matters in which Quinn Emanuel serves as special litigation counsel to Debtor.  Time allocated to this category include drafting First Interim Fee Application, preparing exhibits in support of Fee Application, drafting monthly fee statements, preparing exhibits in support of Fee Statements.  Time records submitted by Quinn Emanuel include 28.1 attorney hours devoted to these tasks.

      33.    The total amount of fees billed for this Application Period is $9,432.00.

## VII.   SUMMARY OF EXPENSES INCURRED DURING THE APPLICATION PERIOD

      34.    The Application requests reimbursement of $604.49 in costs and disbursements.  Quinn Emanuel recognizes that the costs incurred in this case are not significant. Quinn Emanuel is and has been cost-conscious with respect to the Action and has made every effort to keep the costs in these cases to a reasonable minimum.

      A.    Postage/Federal Express

      35.    During the Application Period, Quinn Emanuel charged a total of $353.70 for postage and Federal Express charges.  These charges represent the actual postage and Federal

Express charges associated with the service of applications and pleadings in connection with Debtors multiple ongoing litigations, including this Action.

B.    Reproduction/Photocopying

36.    During the Application Period, Quinn Emanuel charged a total of $248.47 for reproduction expenses based on $0.10 per page.

C.    Telephone Expenses

37.    Quinn Emanuel bills its clients for the actual costs charged to Quinn Emanuel plus overhead, which consists of a percentage of maintenance. During the Application Period, Quinn Emanuel incurred $2.32 for telephone calls.

VIII.    NOTICE

38.    Quinn Emanuel has served copies of the Application on the Debtors, counsel for the Official Committee of Unsecured Creditors, the United States Trustee, and the Joint Fee Committee. In addition, Quinn Emanuel has served notice of the filing of the Application on the parties as required by the Interim Compensation Order and supplemental orders. The Debtors submit that no other or further notice need be given.

IX.    CONCLUSION

WHEREFORE, Quinn Emanuel respectfully requests that the Court enter an Order allowing interim compensation of **$9,432.00** to Quinn Emanuel for professional services rendered as attorneys for the Debtors during the Application Period, plus reimbursement of actual and necessary charges and disbursements incurred in the sum of **$604.49**; and authorize and direct the Debtors to pay such amounts, and for such other and further relief as the Court deems appropriate.

DATED:    Los Angeles, California
          July 3(  , 2006

                              QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP

                              By:

                              856 South Figueroa Street, 10th Floor
                              Los Angeles, California 90017

## DECLARATION OF GERALD E. HAWXHURST

I, Gerald E. Hawxhurst, declares as follows:

1.      I am an attorney admitted to practice law in the state of California and before this Court. I am counsel with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for the Debtor Delphi Corporation in the Action Captioned In re Delphi Corporation, et. al.

2.      I have personal knowledge of the facts set forth in the foregoing Second Interim Application of Quinn Emanuel Urquhart Oliver & Hedges, LLP for Approval of Compensation and Reimbursement of Expenses (the "Application"). Such facts are true and correct to the best of my knowledge and I could and would competently testify thereto if called and sworn as witness.

3.      From the outset of this case, I have supervised the entry of attorney and legal assistant time on this matter. Knowing that time entries might otherwise reveal privileged and confidential information and litigation strategy, we have instructed attorneys and legal assistants to exclude such privileged information from their entries. The time records submitted by Quinn Emanuel Urquhart Oliver & Hedges, LLP in support of the Application contain as much detail as is reasonably possible to provide without revealing privileged attorney-client information, attorney work-product, and litigation strategies.

4.      During the Application Period, I have supervised the coding of the time entries of each professional and para-professional working on the case. Each time entry has been coded into one of the following categories:

a.      preparation of pleadings;

b.      preparation of early meeting of counsel;

c.      discovery and document production;

d.      privilege log preparation;

e.      motion practice and legal research;

f.      witness interviews, preparation and depositions;

g.      work with experts and consultants;

h.      communications with and efforts to obtain documents from Department of Insurance counsel;

i.      Bankruptcy-related administrative tasks;

miscellaneous.

5.      Individuals identified in the time records are attorneys at the Firm.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration is executed this 31 day of July, 2006, at Los Angeles, California.

Gerald E. Hawxhurst

# EXHIBIT A

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                                :
         In re                  :    Chapter 11
                                :
DELPHI CORPORATION, et al.,     :    Case No. 05-44481 (RDD)
                                :
                   Debtors.     :    (Jointly Administered)
                                :
------------------------------ x

APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R.
BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP AS SPECIAL LITIGATION
<u>COUNSEL TO DEBTORS</u>

("QUINN EMANUEL RETENTION APPLICATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), hereby submit this application (the "Application") for an order

under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment

and retention of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel") as special

litigation counsel to the Debtors, <u>nunc pro tunc</u> to October 8, 2005.  In support of this

Application, the Debtors submit the Affidavit of Gerald E. Hawxhurst, sworn to February 6,

2006 (the "Hawxhurst Affidavit").  In further support of this Application, the Debtors

respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtor's chapter 11 cases (Dockets Nos. 28 and 404).

2.    On October 17, 2005, the Office of the Unites States Trustee appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in the Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are sections 327(e), and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    Current Business Operations Of The Debtors

5.    With more than 180,000 employees worldwide, global 2004 revenues of approximately $28.6 billion and global assets as of August 31, 2005 of approximately $17.1

billion,[1] Delphi ranks as the fifth largest public company business reorganization in terms of

revenues, and the thirteenth largest public company business reorganization in terms of assets.

Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations

without supervision from the Bankruptcy Court, and will not be subject to the chapter 11

requirements of the U.S. Bankruptcy Code.

      6.    Over the past century, the operations which are now owned by Delphi have

developed leading global technology innovations with significant engineering resources and

technical competencies in a variety of disciplines.  Today, the Company is arguably the single

largest global supplier of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company's technologies and products are present

in more than 75 million vehicles on the road worldwide.  The Company supplies products to

nearly every major global automotive original equipment manufacturer with 2004 sales to its

former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to

each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company,

Ltd., and Volkswagen Group exceeding $850 million.

      7.    As part of its growth strategy, Delphi has established an expansive global

presence with a network of manufacturing sites, technical centers, sales offices, and joint

ventures located in every major region of the world.  In the U.S., the Debtors employ

approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites

and 13 technical centers across the country and in Delphi's worldwide headquarters and customer

center located in Troy, Michigan.  Approximately 34,750 of these individuals are hourly

employees, 96% of whom are represented by approximately 49 different international and local

---

[1]    The aggregated financial data used in this Application generally consists of consolidated information from
Delphi and its worldwide subsidiaries and affiliates.

unions. Outside the United States, the Company's foreign entities employ more than 134,000

people, supporting 120 manufacturing sites and 20 technical centers across nearly 40 countries

worldwide.

      8.   Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary

of GM. Prior to January 1, 1999, GM conducted the Company's business through various

divisions and subsidiaries. Effective January 1, 1999, the assets and liabilities of these divisions

and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in accordance with

the terms of a Master Separation Agreement between Delphi and GM. In connection with these

transactions, Delphi accelerated its evolution from a North American-based, captive automotive

supplier to a global supplier of components, integrated systems, and modules for a wide range of

customers and applications. Although GM is still the Company's single largest customer, today

more than half of Delphi's revenue is generated from non-GM sources.

      9.   Due to the significant planning that goes into each vehicle model, Delphi's

efforts to generate new business do not immediately affect its financial results, because supplier

selection in the auto industry is generally finalized several years prior to the start of production

of the vehicle. When awarding new business, which is the foundation for the Company's

forward revenue base, customers are increasingly concerned with the financial stability of their

supply base. The Debtors believe that they will maximize stakeholder value and the Company's

future prospects if they stabilize their businesses and continue to diversify their customer base.

The Debtors also believe that this must be accomplished in advance of the expiration of certain

benefit guarantees between GM and certain of Delphi's unions representing most of its U.S.

hourly employees which coincides with the expiration of the Company's U.S. collective

bargaining agreements in the fall of 2007.

C.    Events Leading To The Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company

generated approximately $2 billion in net income.  Every year thereafter, however, with the

exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company

reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a

downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six

months of 2005.  The Company experienced net operating losses of $608 million for the first six

months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1

billion less in sales than during the same time period in calendar year 2004.[2]

11.    The Debtors believe that three significant issues have largely contributed to

the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S.

legacy liabilities and operational restrictions driven by collectively bargained agreements,

including restrictions preventing the Debtors from exiting non-strategic, non-profitable

operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive

U.S. vehicle production environment for domestic OEMs resulting in the reduced number of

motor vehicles that GM produces annually in the United States and related pricing pressures, and

(c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward looking revenue requirements.  Having concluded that

pre-filing discussions with its Unions and GM were not leading to the implementation of a plan

sufficient to address the Debtors' issues on a timely basis, the Company determined to commence

---

[2]    Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily
related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.  This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan.  The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally.  Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

15.    By this Application, the Debtors request entry of an order authorizing the Debtors to employ and retain Quinn Emanuel to an ongoing professional relationship between the Debtors and Quinn Emanuel.

Basis For Relief

16.    The Debtors submit that Quinn Emanuel's proposed retention meets all the prerequisites for retention of special counsel under section 327(e) of the Bankruptcy Code, which permits a debtor-in-possession, with court approval, to employ counsel that has represented the Debtors prior to the commencement of their chapter 11 cases, for a "specified special purpose" if such employment is in the best interest of the Debtors.  Because Quinn Emanuel is the proposed special litigation counsel to the Debtors, but not the proposed bankruptcy counsel in these chapter 11 cases, section 327(e) does not require that Quinn Emanuel and its attorneys be "disinterested persons" as defined in section 101(14) of the Bankruptcy Code.  Rather, section 327(e) instead requires that Quinn Emanuel not represent or hold any interest adverse to the estates or the Debtors with respect to the matters on which Quinn Emanuel is to be employed.  As discussed below, the employment of Quinn Emanuel as special litigation counsel is in the best interests of the Debtors.

The Debtors' Employment Of Quinn Emanuel
Is In The Best Interests Of The Estates

17.    Quinn Emanuel will serve as special litigation counsel to the Debtors during these chapter 11 cases.  Quinn Emanuel has performed similar work for the Debtors in the past and is therefore familiar with the Debtors' businesses and operations.  In particular, Quinn Emanuel is especially attuned to the unique litigation issues that arise in the Debtors' industry.

18.    Most importantly for present purposes, several members of Quinn Emanuel have extensive experience in litigation, including patent, antitrust, and employment litigation, and its interplay with restructuring and bankruptcy law.  Accordingly, the Debtors believe that Quinn Emanuel is well qualified to serve as special litigation counsel in these chapter 11 cases in an efficient and effective manner.

19.    The Debtors believe that the employment of Quinn Emanuel will enhance
and will not duplicate the employment of Skadden, Arps, Slate, Meagher, & Flom LLP
("Skadden"), the Debtors' general bankruptcy counsel, Shearman & Sterling LLP ("Shearman"),
the Debtors' special counsel, Togut, Segal & Segal LLP ("Togut"), the Debtors' conflicts counsel,
or any of the other professionals retained by the Debtors to perform specific tasks that are
unrelated to the work to be performed by Quinn Emanuel as special litigation counsel to the
Debtors.  The Debtors understand that Quinn Emanuel will work with the other professionals
retained by the Debtors to avoid any such duplication.

<u>Services To Be Rendered By Quinn Emanuel</u>

20.    Pursuant to mutually understood ordinary course of business terms, the
Debtors wish to engage Quinn Emanuel to provide services to the Debtors in connection with
specific litigation matters.  The Debtors anticipate that such services will include defense in the
following:

(a)  <u>Whitney v. Delphi Corporation</u>, Case No. BC337315

Plaintiff sued Delphi Corp. and Delphi Product and Service Solutions, Inc. in Los
Angeles Superior Court for Age Discrimination, Wrongful Termination in Violation of Public
Policy, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional
Distress.  Plaintiff alleges both disparate treatment and disparate impact age discrimination.
Plaintiff alleges he was wrongfully terminated in June 2003 and was told he he was being
terminated because he did not have the "fit and finish" for the new team.  Plaintiff also alleges
that Delphi engaged in a pattern and practice of systematically reducing the average age of its
workforce by terminating the employment of and/or otherwise pressuring older workers to cease
working for Delphi by hiring younger workers.  Delphi denies Plaintiff's allegations and will
defend vigorously the claims against it.

(b) <u>Patent Holding Company v. Delphi Automotive Systems Corporation</u>, Civil

Action No. 99-76013, E.D. Mich.

Plaintiff sued Delphi, alleging infringement of three patents directed to various

aspects of air bag cover design, and is seeking compensatory damage and an injunction. Plaintiff

further alleges willful infringement and seeks treble damages based on their allegations. Delphi

denies plaintiff's infringement allegations and has asserted counterclaims in which it seeks a

declaratory judgment that the patents-in-suit are not infringed and are invalid. Delphi denies

Plaintiff's allegations and will defend vigorously the claims against it.

(c) <u>Quinn v. Delphi Automotive Systems Corporation</u>, No. 1 CACV 05-0063

Quinn Emanuel is currently representing Delphi in the Arizona Court of Appeals

in the above-mentioned case. The seven named plaintiffs seek to bring a class action on behalf

of all Arizona residents with Delphi batteries installed in their cars. They assert products

liability, fraud, and unjust enrichment claims based upon an alleged defect in Delphi batteries

that causes them to leak acid in warm climates such as Arizona and fail prematurely. On

September 27, 2004, the Superior Court for Maricopa County (Katz, J.) denied the plaintiffs'

motion for class certification, granted Delphi's motion for summary judgment, and dismissed the

case. Quinn Emanuel was retained to conduct the appeal. The briefing on appeal has been

completed, and oral argument was scheduled to take place in November 2005 before the action

was stayed in light of Delphi's bankruptcy filing.

(d) <u>Crown City Plating Co. v. Delphi Corporation</u>

This matter involves disputes between Delphi Automotive Systems, LLC and

Crown City Plating Co., in which Crown City has threatened to sue Delphi Corporation if Delphi

Automotive sues Crown City.

Delphi Automotive Systems, LLC ("Delphi") loaned Crown City $1 million, which is evidenced by a promissory note. Crown City defaulted on its note in January 2004. Crown City claims that it made investments in equipment based on assurances of a long-term relationship by Delphi. Crown City also claims it based its pricing on the assumption of a long-term relationship. Further, it claims that Delphi was late delivering certain visual testing equipment that was needed to produce the parts and that the testing equipment malfunctioned, which Crown City contends increased Crown City's costs of production. Further, Crown City alleged that Delphi and its predecessors breached non-disclosure agreements by giving its proprietary information to Crown City's competitors. Crown City has threatened to sue Delphi Corporation and Does 1 through 50, for $4.5 million for fraud, negligent misrepresentation and breach of the implied covenant of good faith and fair dealing.

The parties have attempted to resolve this dispute. In that regard, they have entered into a Tolling Agreement, which was extended through December 31, 2005, prior to Delphi's bankruptcy filing. Delphi denies Plaintiff's allegations and will defend vigorously the claims against it. The Tolling Agreement may be terminated by either party on thirty days written notice.

(e) <u>Quake Global Inc. v. Orbcomm, LLC, et al.</u>, Case No. CV 051410 (C.D. Cal. Feb. 24, 2005)

Quinn Emanuel is currently representing Delphi in this matter in which Plaintiff alleges that Delphi and other defendants violated federal antitrust laws. Specifically, Plaintiff alleges that Delphi's agreement to manufacture satellite modems for Stellar Satellite Communications, Ltd., constitutes a "de facto exclusive dealing" arrangement in violation of the

Sherman Act. Delphi denies the allegations and intends to defend vigorously the claims against it.

21.    Quinn Emanuel has indicated its desire and willingness to represent the Debtors as set forth herein and to render the necessary professional services as special litigation counsel to the Debtors.

22.    The Debtors may request that Quinn Emanuel undertake specific matters beyond the scope of the responsibilities set forth above. Should Quinn Emanuel agree in its discretion to undertake any such matter, the Debtors shall seek further order of this Court.

<u>Disinterestedness Of Professionals</u>

23.    The Hawxhurst Affidavit filed in support of this Application contains information available to date on Quinn Emanuel's connections with other parties-in-interest, as required by Bankruptcy Rule 2014(a). To the best of the Debtors' knowledge, and based on the information in the attached Hawxhurst Affidavit, Quinn Emanuel, its partners, counsel, and associates do not hold or represent any interest adverse to the Debtors, their creditors, any other party-in-interest in these chapter 11 cases, their respective attorneys and investment advisors, the U.S. Trustee, or any person employed therein, with respect to the matters on which Quinn Emanuel is to be employed.

24.    Quinn Emanuel has disclosed to the Debtors that Quinn Emanuel has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or their chapter 11 cases. Quinn Emanuel does not believe that the foregoing raises any actual or potential conflict of interest of Quinn Emanuel relating to the representation of the Debtors as their special litigation counsel in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution. The Debtors understand that, in order to vitiate any actual or potential

conflicts of interest, Quinn Emanuel will not assist the Debtors in connection with their analysis, negotiations, and litigation, if any, with parties with whom Quinn Emanuel has existing client relationships, and that Skadden (or other counsel if Skadden has a conflict), instead, will handle these tasks.

## Professional Compensation

25.    Quinn Emanuel intends to apply to this Court for compensation and reimbursement of expenses in accordance with section 330(a) of the Bankruptcy Code, the Bankruptcy Rules, applicable guidelines established by the U.S. Trustee, and orders of this Court. Quinn Emanuel acknowledges that all compensation will be subject to this Court's review and approval, after notice and a hearing.

26.    Under the applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtors propose to pay Quinn Emanuel the rates described in the Hawxhurst Affidavit.

27.    No arrangement is proposed between the Debtors and Quinn Emanuel for compensation to be paid in these chapter 11 cases other than as set forth above and in the Hawxhurst Affidavit.

28.    At the Debtors' request, Quinn Emanuel has continued to assist the Debtors in connection with their litigation issues since October 8, 2005 and hence the Debtors request Quinn Emanuel's retention to be effective nunc pro tunc to October 8, 2005.

## Conclusion

29.    For the foregoing reasons, the Debtors submit that the employment of Quinn Emanuel as the Debtors' special litigation counsel on the terms set forth herein is in the best interests of the estates.

<u>Notice</u>

30.    Notice of this Application has been provided in accordance with the Order

Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And

Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance

With Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245).  In

light of the nature of the relief requested, the Debtors submit that no other or further notice is

necessary.

<u>Memorandum Of Law</u>

31.    Because the legal points and authorities upon which this Application relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) authorizing the Debtors to employ and retain Quinn Emanuel as their special litigation counsel to perform the services set forth herein and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
          February 7, 2006

                        DELPHI CORPORATION, on behalf of itself and
                        certain of its subsidiaries and affiliates, as Debtors and
                        Debtors-in-possession

                        By:    /s/ David M. Sherbin
                               Name: David M. Sherbin
                               Title:  Vice President, General Counsel, and
                                       Chief Compliance Officer Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                        :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
              Debtors.      :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF GERALD E. HAWXHURST IN SUPPORT OF
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R.
BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
AS SPECIAL LITIGATION COUNSEL TO DEBTORS

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

GERALD E. HAWXHURST, being duly sworn, deposes and states as follows:

      1.   I am counsel in the law firm of Quinn Emanuel Urquhart Oliver &

Hedges, LLP ("Quinn Emanuel"), proposed special litigation counsel for Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in

the above-captioned cases (collectively, the "Debtors").

      2.   I submit this affidavit (the "Affidavit")[1] in support of the Application For

Order Under 11 U.S.C. §§ 327(e) and 1107(b) And Fed. R. Bankr. P. 2014 Authorizing

Employment And Retention Of Quinn Emanuel Urquhart Oliver & Hedges, LLP As Special

Litigation Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed

concurrently herewith.

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
Application.

3.    The address and telephone number of Quinn Emanuel Urquhart Oliver & Hedges, LLP are as follows:

865 South Figueroa Street, 10th Floor

Los Angeles, California  90017-2543

Telephone: (213) 443-3000

Facsimile: (213) 443-3100

4.    Quinn Emanuel is well qualified to assist the Debtors in the manner described in the Application.  Most importantly for present purposes, several members of Quinn Emanuel have extensive experience in litigation, including patent, antitrust, and employment litigation, and its interplay with restructuring and bankruptcy law.  Accordingly, the Debtors believe that Quinn Emanuel is well qualified to serve as special litigation counsel in these chapter 11 cases in an efficient and effective manner.

5.    Quinn Emanuel is currently advising the Debtors regarding several litigation matters.  Based on the services that Quinn Emanuel has rendered to the Debtors, Quinn Emanuel is thoroughly familiar with the Debtors' corporate structure, the nature of their financial status, and certain legal matters relating to the Debtors.

6.    Generally, in connection with the Debtors' cases, Quinn Emanuel intends to provide to the Debtors the following types of professional services:

(a)    Whitney v. Delphi Corporation, Case No. BC337315

Plaintiff sued Delphi Corp. and Delphi Product and Service Solutions, Inc. in Los Angeles Superior Court for Age Discrimination, Wrongful Termination in Violation of Public Policy, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress.  Plaintiff alleges both disparate treatment and disparate impact age discrimination. Plaintiff alleges he was wrongfully terminated in June 2003 and was told he he was being

terminated because he did not have the "fit and finish" for the new team. Plaintiff also alleges

that Delphi engaged in a pattern and practice of systematically reducing the average age of its

workforce by terminating the employment of and/or otherwise pressuring older workers to cease

working for Delphi by hiring younger workers. Delphi denies Plaintiff's allegations and will

defend vigorously the claims against it.

(b) Patent Holding Company v. Delphi Automotive Systems Corporation, Civil

Action No. 99-76013, E.D. Mich.

Plaintiff sued Delphi, alleging infringement of three patents directed to various

aspects of air bag cover design, and is seeking compensatory damage and an injunction. Plaintiff

further alleges willful infringement and seeks treble damages based on their allegations. Delphi

denies plaintiff's infringement allegations and has asserted counterclaims in which it seeks a

declaratory judgment that the patents-in-suit are not infringed and are invalid. Delphi denies

Plaintiff's allegations and will defend vigorously the claims against it.

(c) Quinn v. Delphi Automotive Systems Corporation, No. 1 CACV 05-0063.

Quinn Emanuel is currently representing Delphi in the Arizona Court of Appeals

in the above-mentioned case. The seven named plaintiffs seek to bring a class action on behalf

of all Arizona residents with Delphi batteries installed in their cars. They assert products

liability, fraud, and unjust enrichment claims based upon an alleged defect in Delphi batteries

that causes them to leak acid in warm climates such as Arizona and fail prematurely. On

September 27, 2004, the Superior Court for Maricopa County (Katz, J.) denied the plaintiffs'

motion for class certification, granted Delphi's motion for summary judgment, and dismissed the

case. Quinn Emanuel was retained to conduct the appeal. The briefing on appeal has been

completed, and oral argument was scheduled to take place in November 2005 before the action was stayed in light of Delphi's bankruptcy filing.

(d) <u>Crown City Plating Co. v. Delphi Corporation</u>

This matter involves disputes between Delphi Automotive Systems, LLC and Crown City Plating Co., in which Crown City has threatened to sue Delphi Corporation if Delphi Automotive sues Crown City.

Delphi Automotive Systems, LLC ("Delphi") loaned Crown City $1 million, which is evidenced by a promissory note. Crown City defaulted on its note in January 2004. Crown City claims that it made investments in equipment based on assurances of a long-term relationship by Delphi. Crown City also claims it based its pricing on the assumption of a long-term relationship. Further, it claims that Delphi was late delivering certain visual testing equipment that was needed to produce the parts and that the testing equipment malfunctioned, which Crown City contends increased Crown City's costs of production. Further, Crown City alleged that Delphi and its predecessors breached non-disclosure agreements by giving its proprietary information to Crown City's competitors. Crown City has threatened to sue Delphi Corporation and Does 1 through 50, for $4.5 million for fraud, negligent misrepresentation and breach of the implied covenant of good faith and fair dealing.

The parties have attempted to resolve this dispute. In that regard, they have entered into a Tolling Agreement, which was extended through December 31, 2005, prior to Delphi's bankruptcy filing. Delphi denies Plaintiff's allegations and will defend vigorously the claims against it. The Tolling Agreement may be terminated by either party on thirty days written notice.

(e) <u>Quake Global Inc. v. Orbcomm, LLC, et al.</u>, Case No. CV 051410 (C.D. Cal.

Feb. 24, 2005)

Quinn Emanuel is currently representing Delphi in this matter in which Plaintiff

alleges that Delphi and other defendants violated federal antitrust laws. Specifically, Plaintiff

alleges that Delphi's agreement to manufacture satellite modems for Stellar Satellite

Communications, Ltd., constitutes a "de facto exclusive dealing" arrangement in violation of the

Sherman Act. Delphi denies the allegations and intends to defend vigorously the claims against

it.

7.    In light of certain existing client representations on unrelated matters, the

engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as the Debtors'

bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors'

special counsel, the engagement of Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts

counsel, and the engagement of other counsel for the Debtors, Quinn Emanuel will not be

responsible for or undertake any representation with respect to (a) advising the Debtors

concerning specific contracts and claims of certain of Quinn Emanuel's existing clients and (b)

reviewing, interpreting, or commenting on the specific contracts and claims of certain of Quinn

Emanuel's existing clients. These existing client relationships, and the scope of the carve-out

from Quinn Emanuel's retention, are discussed more fully below.

8.    It is Quinn Emanuel's understanding that the Debtors may request that Quinn

Emanuel undertake specific matters beyond the limited scope of the responsibilities set forth

above. Should Quinn Emanuel agree in its discretion to undertake any such matter, it is Quinn

Emanuel's understanding that the Debtors will seek further order of this Court.

9.    Quinn Emanuel is making efforts, together with the Debtors' other counsel, to ensure that there is no duplication of effort or work between such firms and Quinn Emanuel. It is Quinn Emanuel's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel. Quinn Emanuel believes that its lawyers and the rest of the lawyers retained in these chapter 11 cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10.    With regard to <u>Patent Holding Company v. Delphi Automotive Systems Corporation</u>, Civil Action No. 99-76013, E.D. Mich., Quinn Emanuel was retained on or about December 20, 2001. The following attorneys were approved to work on this matter at the following rates: Steve Hansen = $355; Bruce Chapman = $355; Eric Bjorgum = $275; Tigran Guledjian = $225; and Radhika Tandon = $215.

11.    With regard to <u>Whitney v. Delphi Corporation</u>, Quinn Emanuel was retained on or about August 18, 2005. The following attorneys were approved to work on this matter at the following rates: Randa Osman = $510.00; and Allison Burkholder = $300.00.

12.    With regard to <u>Quake Global Inc. v. Orbcomm, LLC, et al.</u>, Case No. CV 051410 (C.D. Cal. Feb. 24, 2005), Quinn Emanuel was retained on or about April 20, 2005. The following attorneys were approved to work on this matter at the following rates: A. William Urquhart = $600.00; Gerald E. Hawxhurst = $475.00; Kevin Y. Teruya = $355.00; and Heidi Frahm = $290.00.

13.    With regard to <u>Crown City Plating Co. v. Delphi Corporation</u>, Quinn Emanuel was retained on or about August 10, 2004. The following attorney was approved to work on this matter at the following rate: Jack Hart = $475.00.

14.    With regard to Quinn v. Delphi Automotive Systems Corporation, No. 1

CACV 05-0063, Quinn Emanuel was retained on or about March 14, 2005.  The following

attorneys were approved to work on this matter at the following rates:  Shon Morgan = $525.00;

Dan Bromberg  = $525.00; Margret Caruso = $515.00; Kent Bullard = $490.00; Shahin Rezvani

= $385.00; Tim Pennington = $280.00; Tara Gellman = $280.00; and T.J. Chiang = $280.00.

15.    Quinn Emanuel has agreed to accept as compensation for the services

rendered in connection with its representation of the Debtors the rates described in Paragraphs

10-14 of this Affidavit.

16.    Quinn Emanuel acknowledges that all amounts paid to Quinn Emanuel

during these chapter 11 cases are subject to final allowance by this Court.  In the event that any

fees or expenses paid to Quinn Emanuel during these cases are disallowed by this Court, the fees

and expenses will be disgorged by Quinn Emanuel and returned to the Debtors or as otherwise

ordered by this Court.

17.    Quinn Emanuel categorizes its billings by subject matter, in compliance

with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee

Guidelines").  Quinn Emanuel acknowledges its compensation in the Debtors' cases is subject to

approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule

2016, and the U.S. Trustee Guidelines.

18.    Quinn Emanuel has conducted a check for conflicts of interest and other

conflicts and connections with respect to the Debtors' bankruptcy cases.  Quinn Emanuel

maintains a database containing the names of current, former, and potential clients and other

principal parties related to such clients.  I caused Quinn Emanuel to review and analyze the

conflict database to determine whether Quinn Emanuel has any connection with the principal

parties-in-interest in these chapter 11 cases, using information provided to Quinn Emanuel by the Debtors and Skadden, Arps and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

19.   Based upon this research, I have determined that Quinn Emanuel has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases.  I do not believe that the foregoing raises any actual or potential conflicts of interest of Quinn Emanuel relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

20.   It is my intention that if Quinn Emanuel becomes aware of any other connections of which it presently is unaware, Quinn Emanuel will bring them to the attention of this Court and the U.S. Trustee.

Dated:   Los Angeles, CA
         February 6, 2006


                              By:   /s/ Gerald E. Hawxhurst
                                    Gerald E. Hawxhurst




Sworn to before me
this 6th day of February, 2006


  /s Lorraine Rivera
Notary Public

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :

In re                     :    Chapter 11
                         :

DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                         :

                Debtors.   :    (Jointly Administered)
                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP AS SPECIAL LITIGATION COUNSEL TO DEBTORS

("QUINN EMANUEL RETENTION ORDER")

Upon the application, February 7, 2006 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of

Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel") as special litigation counsel

to the Debtors; and upon the Affidavit of Gerald E. Hawxhurst, sworn to February 6, 2006, in

support of the Application (the "Hawxhurst Affidavit"); and this Court being satisfied with the

representations made in the Application and the Hawxhurst Affidavit that Quinn Emanuel does

not represent or hold any interest adverse to any of the Debtors' estates or the Debtors with

respect to the matters on which Quinn Emanuel is to be employed, and that Quinn Emanuel's

employment is necessary and would be in the best interests of each of the Debtors' estates; and it

appearing that proper and adequate notice has been given and that no other or further notice is

necessary; and upon the record herein; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Application is GRANTED.

2.  The Debtors' employment of Quinn Emanuel Urquhart Oliver & Hedges, LLP as their special litigation counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") with approval of such employment being effective as of the Petition Date, October 8, 2005.

3.  Quinn Emanuel Urquhart Oliver & Hedges, LLP shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

5.  The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.


Dated:    New York, New York
          [    ], 2006


                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
In re                                        :    Chapter 11
                                             :
DELPHI CORPORATION, et al.,                  :    Case No. 05-44481 (RDD)
                                             :
                           Debtors.          :    (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF GERALD E. HAWXHURST IN SUPPORT OF
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R.
BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
AS SPECIAL LITIGATION COUNSEL TO DEBTORS

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

GERALD E. HAWXHURST, being duly sworn, deposes and states as follows:

    1.    I am counsel in the law firm of Quinn Emanuel Urquhart Oliver &

Hedges, LLP ("Quinn Emanuel"), proposed special litigation counsel for Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in

the above-captioned cases (collectively, the "Debtors").

    2.    I submit this affidavit (the "Affidavit")[1] in support of the Application For

Order Under 11 U.S.C. §§ 327(e) and 1107(b) And Fed. R. Bankr. P. 2014 Authorizing

Employment And Retention Of Quinn Emanuel Urquhart Oliver & Hedges, LLP As Special

Litigation Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed

concurrently herewith.

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
       Application.

3.   The address and telephone number of Quinn Emanuel Urquhart Oliver & Hedges, LLP are as follows:

865 South Figueroa Street, 10th Floor

Los Angeles, California  90017-2543

Telephone: (213) 443-3000

Facsimile: (213) 443-3100

4.   Quinn Emanuel is well qualified to assist the Debtors in the manner described in the Application.  Most importantly for present purposes, several members of Quinn Emanuel have extensive experience in litigation, including patent, antitrust, and employment litigation, and its interplay with restructuring and bankruptcy law.  Accordingly, the Debtors believe that Quinn Emanuel is well qualified to serve as special litigation counsel in these chapter 11 cases in an efficient and effective manner.

5.   Quinn Emanuel is currently advising the Debtors regarding several litigation matters.  Based on the services that Quinn Emanuel has rendered to the Debtors, Quinn Emanuel is thoroughly familiar with the Debtors' corporate structure, the nature of their financial status, and certain legal matters relating to the Debtors.

6.   Generally, in connection with the Debtors' cases, Quinn Emanuel intends to provide to the Debtors the following types of professional services:

(a)  Whitney v. Delphi Corporation, Case No. BC337315

Plaintiff sued Delphi Corp. and Delphi Product and Service Solutions, Inc. in Los Angeles Superior Court for Age Discrimination, Wrongful Termination in Violation of Public Policy, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress.  Plaintiff alleges both disparate treatment and disparate impact age discrimination.  Plaintiff alleges he was wrongfully terminated in June 2003 and was told he he was being

terminated because he did not have the "fit and finish" for the new team. Plaintiff also alleges that Delphi engaged in a pattern and practice of systematically reducing the average age of its workforce by terminating the employment of and/or otherwise pressuring older workers to cease working for Delphi by hiring younger workers. Delphi denies Plaintiff's allegations and will defend vigorously the claims against it.

(b) <u>Patent Holding Company v. Delphi Automotive Systems Corporation</u>, Civil Action No. 99-76013, E.D. Mich.

Plaintiff sued Delphi, alleging infringement of three patents directed to various aspects of air bag cover design, and is seeking compensatory damage and an injunction. Plaintiff further alleges willful infringement and seeks treble damages based on their allegations. Delphi denies plaintiff's infringement allegations and has asserted counterclaims in which it seeks a declaratory judgment that the patents-in-suit are not infringed and are invalid. Delphi denies Plaintiff's allegations and will defend vigorously the claims against it.

(c) <u>Quinn v. Delphi Automotive Systems Corporation</u>, No. 1 CACV 05-0063.

Quinn Emanuel is currently representing Delphi in the Arizona Court of Appeals in the above-mentioned case. The seven named plaintiffs seek to bring a class action on behalf of all Arizona residents with Delphi batteries installed in their cars. They assert products liability, fraud, and unjust enrichment claims based upon an alleged defect in Delphi batteries that causes them to leak acid in warm climates such as Arizona and fail prematurely. On September 27, 2004, the Superior Court for Maricopa County (Katz, J.) denied the plaintiffs' motion for class certification, granted Delphi's motion for summary judgment, and dismissed the case. Quinn Emanuel was retained to conduct the appeal. The briefing on appeal has been

completed, and oral argument was scheduled to take place in November 2005 before the action was stayed in light of Delphi's bankruptcy filing.

(d) <u>Crown City Plating Co. v. Delphi Corporation</u>

This matter involves disputes between Delphi Automotive Systems, LLC and Crown City Plating Co., in which Crown City has threatened to sue Delphi Corporation if Delphi Automotive sues Crown City.

Delphi Automotive Systems, LLC ("Delphi") loaned Crown City $1 million, which is evidenced by a promissory note. Crown City defaulted on its note in January 2004. Crown City claims that it made investments in equipment based on assurances of a long-term relationship by Delphi. Crown City also claims it based its pricing on the assumption of a long-term relationship.  Further, it claims that Delphi was late delivering certain visual testing equipment that was  needed to produce the parts and that the testing equipment malfunctioned, which Crown City contends increased Crown City's costs of production. Further, Crown City alleged that Delphi and its predecessors breached non-disclosure agreements by giving its proprietary information to Crown City's competitors. Crown City has threatened to sue Delphi Corporation and Does 1 through 50, for $4.5 million for fraud, negligent misrepresentation and breach of the implied covenant of good faith and fair dealing.

The parties have attempted to resolve this dispute.  In that regard, they have entered into a Tolling Agreement, which was extended through December 31, 2005, prior to Delphi's bankruptcy filing.  Delphi denies Plaintiff's allegations and will defend vigorously the claims against it.  The Tolling Agreement may be terminated by either party on thirty days written notice.

(e) <u>Quake Global Inc. v. Orbcomm, LLC, et al.</u>, Case No. CV 051410 (C.D. Cal. Feb. 24, 2005)

Quinn Emanuel is currently representing Delphi in this matter in which Plaintiff alleges that Delphi and other defendants violated federal antitrust laws. Specifically, Plaintiff alleges that Delphi's agreement to manufacture satellite modems for Stellar Satellite Communications, Ltd., constitutes a "de facto exclusive dealing" arrangement in violation of the Sherman Act. Delphi denies the allegations and intends to defend vigorously the claims against it.

7.    In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors' special counsel, the engagement of Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts counsel, and the engagement of other counsel for the Debtors, Quinn Emanuel will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Quinn Emanuel's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Quinn Emanuel's existing clients. These existing client relationships, and the scope of the carve-out from Quinn Emanuel's retention, are discussed more fully below.

8.    It is Quinn Emanuel's understanding that the Debtors may request that Quinn Emanuel undertake specific matters beyond the limited scope of the responsibilities set forth above. Should Quinn Emanuel agree in its discretion to undertake any such matter, it is Quinn Emanuel's understanding that the Debtors will seek further order of this Court.

9.    Quinn Emanuel is making efforts, together with the Debtors' other counsel, to ensure that there is no duplication of effort or work between such firms and Quinn Emanuel. It is Quinn Emanuel's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel. Quinn Emanuel believes that its lawyers and the rest of the lawyers retained in these chapter 11 cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10.    With regard to Patent Holding Company v. Delphi Automotive Systems Corporation, Civil Action No. 99-76013, E.D. Mich., Quinn Emanuel was retained on or about December 20, 2001. The following attorneys were approved to work on this matter at the following rates:  Steve Hansen = $355; Bruce Chapman = $355; Eric Bjorgum = $275; Tigran Guledjian = $225; and Radhika Tandon = $215.

11.    With regard to Whitney v. Delphi Corporation, Quinn Emanuel was retained on or about August 18, 2005. The following attorneys were approved to work on this matter at the following rates:  Randa Osman = $510.00; and Allison Burkholder = $300.00.

12.    With regard to Quake Global Inc. v. Orbcomm, LLC, et al., Case No. CV 051410 (C.D. Cal. Feb. 24, 2005), Quinn Emanuel was retained on or about April 20, 2005. The following attorneys were approved to work on this matter at the following rates:  A. William Urquhart = $600.00; Gerald E. Hawxhurst = $475.00; Kevin Y. Teruya = $355.00; and Heidi Frahm = $290.00.

13.    With regard to Crown City Plating Co. v. Delphi Corporation, Quinn Emanuel was retained on or about August 10, 2004. The following attorney was approved to work on this matter at the following rate: Jack Hart = $475.00.

14.   With regard to Quinn v. Delphi Automotive Systems Corporation, No. 1 CACV 05-0063, Quinn Emanuel was retained on or about March 14, 2005.  The following attorneys were approved to work on this matter at the following rates:  Shon Morgan = $525.00; Dan Bromberg  = $525.00; Margret Caruso = $515.00; Kent Bullard = $490.00; Shahin Rezvani = $385.00; Tim Pennington = $280.00; Tara Gellman = $280.00; and T.J. Chiang = $280.00.

15.   Quinn Emanuel has agreed to accept as compensation for the services rendered in connection with its representation of the Debtors the rates described in Paragraphs 10-14 of this Affidavit.

16.   Quinn Emanuel acknowledges that all amounts paid to Quinn Emanuel during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to Quinn Emanuel during these cases are disallowed by this Court, the fees and expenses will be disgorged by Quinn Emanuel and returned to the Debtors or as otherwise ordered by this Court.

17.   Quinn Emanuel categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines").  Quinn Emanuel acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

18.   Quinn Emanuel has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases.  Quinn Emanuel maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients.  I caused Quinn Emanuel to review and analyze the conflict database to determine whether Quinn Emanuel has any connection with the principal

parties-in-interest in these chapter 11 cases, using information provided to Quinn Emanuel by the Debtors and Skadden, Arps and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

19.    Based upon this research, I have determined that Quinn Emanuel has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases.  I do not believe that the foregoing raises any actual or potential conflicts of interest of Quinn Emanuel relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

20.    It is my intention that if Quinn Emanuel becomes aware of any other connections of which it presently is unaware, Quinn Emanuel will bring them to the attention of this Court and the U.S. Trustee.

Dated:    New York, NY
          February 6, 2006

By: _____
    Gerald E. Hawxhurst

Sworn to before me
this 6th day of February, 2006

_____
Notary Public

LORRAINE ROBLES RIVERA
Commission # 1491869
Notary Public - California
Los Angeles County
My Comm. Expires May 25, 2008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | x | |
|---|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |
| | x | |

## ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP AS SPECIAL LITIGATION COUNSEL TO DEBTORS

### ("QUINN EMANUEL RETENTION ORDER")

Upon the application, February 7, 2006 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel") as special litigation counsel to the Debtors; and upon the Affidavit of Gerald E. Hawxhurst, sworn to February 6, 2006, in support of the Application (the "Hawxhurst Affidavit"); and this Court being satisfied with the representations made in the Application and the Hawxhurst Affidavit that Quinn Emanuel does not represent or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to the matters on which Quinn Emanuel is to be employed, and that Quinn Emanuel's employment is necessary and would be in the best interests of each of the Debtors' estates; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1.      The Application is GRANTED.

2.      The Debtors' employment of Quinn Emanuel Urquhart Oliver & Hedges, LLP as their special litigation counsel, pursuant to the Application, is approved under sections 327(e) and

1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") with approval of such employment being effective as of the Petition Date, October

8, 2005.

3.        Quinn Emanuel Urquhart Oliver & Hedges, LLP shall be compensated in

accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy

Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy

Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of

the United States Trustee, and further orders of this Court.

4.        This Court shall retain jurisdiction to hear and determine all matters arising from the

implementation of this Final Order.

5.        The requirement under Local Rule 9013-1(b) for the service and filing of a separate

memorandum of law is deemed satisfied by the Application.


Date: New York, New York
        March 9, 2006                    /s/Robert D. Drain_____
                                         Robert D. Drain
                                         U. S. Bankruptcy Judge

# EXHIBIT B

# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

March 31, 2006

Attn: Michelle Piscitelli
Delphi Automotive Systems
Delphi World Headquarters - Legal Staff
Mail Code #483-400-603
5725 Delphi Drive
Troy, MI 48098-2815

Matter # : 07976
Invoice # : 1088537
Responsible Attorney: Gerald Hawxhurst

<u>New Global v. Orbcomm</u>

For Professional Services through February 28, 2006 in connection with antitrust action related to low earth
orbit satelites.

| | |
|---|---|
| Fees | $95.00 |
| Expenses | <u>$11.17</u> |
| Total Due This Invoice | $106.17 |
| Balance Due from Previous Statement(s) | $25,029.15 |
| Total Balance Due | <u>$25,135.32</u> |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/27/06 | GEH | Review Rule 26 disclosures and transmit to W. Cosnowski. | 0.20 |
| | | Total Hours | 0.20 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Gerald Hawxhurst | GEH | Counsel | 0.20 | 475.00 | 95.00 |

## Expense Summary

| Description | | Amount |
|-------------|---|--------|
| Postage | | 2.07 |
| Photocopying and Scanning | $0.10 per page | 9.10 |
| | Total Expenses | $11.17 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : New Global v. Orbcomm

Matter #: 07976
Bill Date: April 24, 2006
Invoice # 1088537

Total Fees.........................................................$95.00
Expenses........................................................$11.17
Total Due this Invoice....................................$106.17

## Account Summary

Balance Due from Previous Statement(s)..............................................$25,029.15
Total Balance Due...................................................$25,135.32

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 09/15/05 | 1080650 | 3,637.27 | 0.00 | 3,637.27 |
| 10/18/05 | 1081891 | 10,343.11 | 0.00 | 10,343.11 |
| 11/07/05 | 1082739 | 1,163.25 | 0.00 | 1,163.25 |
| 11/14/05 | 1089233 | 2,363.93 | 0.00 | 2,363.93 |
| 01/05/06 | 1084154 | 6,588.74 | 0.00 | 6,588.74 |
| 03/06/06 | 1087381 | 570.00 | 0.00 | 570.00 |

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID: 95-4004138

REMITTANCE

# quinn emanuel trial lawyers

los angeles
silicon valley
san francisco
san diego
new york

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

April 30, 2006

Quinn Emanuel Urquhart Oliver & Hedges
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Matter # : 18157
Invoice # : 1089768
Responsible Attorney: Gerald Hawxhurst

## Delphi Bankruptcy

For Professional Services through February 28, 2006 in connection with collection of fees through bankruptcy
court re: Delphi cases.

|  |  |
|---|---|
| Fees | $1,344.00 |
| Total Due This Invoice | $1,344.00 |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/28/06 | MF | Review and analyze Bankruptcy Code procedures in preparation of drafting Interim Fee Application. | 0.60 |
| 02/28/06 | MF | Review and analyze Federal Rules of Bankruptcy filing procedures in preparation of drafting Interim Fee Application. | 1.00 |
| 02/28/06 | MF | Review and analyze status of Delphi litigation matters in preparation of drafting Interim Fee Application. | 1.50 |
| 02/28/06 | MF | Prepare Application for Interim Fee Reimbursement. | 1.10 |
| | | Total Hours | 4.20 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Mateo Fowler | MF | Attorney | 4.20 | 320.00 | 1,344.00 |

# quinn emanuel trial lawyers
### quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

### Current Invoice Summary

Matter Name : Delphi Bankruptcy

Matter #: 18157
Bill Date: May 1, 2006
Invoice # 1089768

Total Fees ...................................................... $1,344.00

Total Due this Invoice ...................................................$1,344.00



Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID: 95-4004138

**quinn emanuel trial lawyers**

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

April 10, 2006

Attn: Michelle Piscitelli
Delphi Automotive Systems
Delphi World Headquarters - Legal Staff
Mail Code #483-400-603
5725 Delphi Drive
Troy,  MI  48098-2815

Matter # : 07976
Invoice # : 1088913
Responsible Attorney: Gerald Hawxhurst

<u>New Global v. Orbcomm</u>

For Professional Services through March 31, 2006 in connection with antitrust action related to low earth orbit satelites.

| | |
|---|---|
| Fees | $190.00 |
| Expenses | <u>$172.85</u> |
| Total Due This Invoice | $362.85 |
| Balance Due from Previous Statement(s) | $27,013.47 |
| Total Balance Due | <u>$27,376.32</u> |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 03/07/06 | GEH | Review court order regarding status conference; review correspondence regarding redactions. | 0.20 |
| 03/24/06 | GEH | Office conference MF regarding fee application issues. | 0.10 |
| 03/29/06 | GEH | Office conference MF regarding statements. | 0.10 |
| | | Total Hours | 0.40 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Gerald Hawxhurst | GEH | Counsel | 0.40 | 475.00 | 190.00 |

## Expense Summary

| Description | Amount |
|---|---|
| Postage | 16.95 |
| Telephone | 0.60 |
| Photocopying and Scanning    $0.10   per page | 155.30 |
| Total Expenses | $172.85 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : New Global v. Orbcomm

Matter #: 07976
Bill Date: April 11, 2006
Invoice # 1088913

Total Fees..........................................................$190.00
Expenses............................................................$172.85
Total Due this Invoice.......................................$362.85

## Account Summary

Balance Due from Previous Statement(s) ...............................$27,013.47
Total Balance Due ...............................................$27,376.32

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 09/15/05 | 1080650 | 3,637.27 | 0.00 | 3,637.27 |
| 10/18/05 | 1081891 | 10,343.11 | 0.00 | 10,343.11 |
| 11/07/05 | 1082739 | 3,527.18 | 0.00 | 3,527.18 |
| 01/05/06 | 1084154 | 6,588.74 | 0.00 | 6,588.74 |
| 03/06/06 | 1087381 | 581.17 | 0.00 | 581.17 |
| 03/31/06 | 1088537 | 2,336.00 | 0.00 | 2,336.00 |

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID: 95-4004138

REMITTANCE

**quinn emanuel trial lawyers**

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

April 30, 2006


Quinn Emanuel Urquhart Oliver & Hedges
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Matter # : 18157
Invoice # : 1089769
Responsible Attorney: Gerald Hawxhurst


<u>Delphi Bankruptcy</u>


For Professional Services through March 31, 2006 in connection with collection of fees through bankruptcy court re: Delphi cases.

| | | |
|---|---|---|
| Fees | | $7,648.00 |
| Total Due This Invoice | | $7,648.00 |
| Balance Due from Previous Statement(s) | | $1,344.00 |
| Total Balance Due | | $8,992.00 |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/01/06 | MF | Correspond with Delphi Debtor's counsel regarding filing deadlines. | 0.40 |
| 03/01/06 | MF | Continue Preparation of Interim Fee Application. | 3.70 |
| 03/02/06 | MF | Continue drafting Interim Fee Application. | 2.20 |
| 03/02/06 | MF | Review and analyze billing history during billing period in preparation of drafting Interim Fee Application. | 0.30 |
| 03/03/06 | MF | Prepare Exhibits in support of Interim Fee Application. | 1.70 |
| 03/20/06 | MF | Prepare summary of services provided on Delphi matters in preparation of Fee Application. | 5.40 |
| 03/22/06 | MF | Review and analyze expense reports on all Delphi matters; prepare exhibits for Interim Fee Application; Review and Revise Interim Fee Application. | 7.40 |
| 03/29/06 | MF | Review and revise Interim Fee Application; review and revise Monthly Fee Statements; Revise billing reports to capture all billable hours and expenses. | 2.80 |
| | | Total Hours | 23.90 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Mateo Fowler | MF | Attorney | 23.90 | 320.00 | 7,648.00 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : Delphi Bankruptcy

Matter #: 18157
Bill Date: May 1, 2006
Invoice # 1089769

Total Fees ................................................... $7,648.00

Total Due this Invoice ................................... $7,648.00

## Account Summary

Balance Due from Previous Statement(s) .................................... $1,344.00
Total Balance Due ...................................................... $8,992.00

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 04/30/06 | 1089768 | 1,344.00 | 0.00 | 1,344.00 |

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID: 95-4004138

REMITTANCE

# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

May 22, 2006

Attn: Michelle Piscitelli
Delphi Automotive Systems
Delphi World Headquarters - Legal Staff
Mail Code #483-400-603
5725 Delphi Drive
Troy, MI  48098-2815

Matter # : 07976
Invoice # : 1091022
Responsible Attorney: Gerald Hawxhurst

<u>BK - New Global v. Orbcomm</u>

For Professional Services through April 30, 2006 in connection with antitrust action related to low earth orbit satelites.

| | |
|---|---|
| Fees | $95.00 |
| Expenses | <u>$401.43</u> |
| Total Due This Invoice | $496.43 |
| Balance Due from Previous Statement(s) | $24,565.32 |
| Total Balance Due | <u>$25,061.75</u> |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/06/06 | GEH | Review and analyze protection order. | 0.10 |
| 04/12/06 | GEH | Review fee applications. | 0.10 |
| | | Total Hours | 0.20 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Gerald Hawxhurst | GEH | Counsel | 0.20 | 475.00 | 95.00 |

## Expense Summary

| Description | Amount |
|-------------|--------|
| Postage | 20.25 |
| Express mail | 307.40 |
| Telephone | 1.68 |
| Photocopying  $0.10  per page and Scanning | 72.10 |
| Total Expenses | $401.43 |

# quinn emanuel trial lawyers
### quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : BK - New Global v. Orbcomm

Matter #: 07976
Bill Date: June 1, 2006
Invoice # 1091022

Total Fees........................................ $95.00
Expenses........................................ $401.43
Total Due this Invoice........................ $496.43

## Account Summary

Balance Due from Previous Statement(s)............................. $24,565.32

Total Balance Due.......................................................... $25,061.75

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 09/15/05 | 1080650 | 3,637.27 | 0.00 | 3,637.27 |
| 10/18/05 | 1081891 | 10,343.11 | 0.00 | 10,343.11 |
| 11/07/05 | 1082739 | 1,163.25 | 0.00 | 1,163.25 |
| 11/14/05 | 1089233 | 2,363.93 | 0.00 | 2,363.93 |
| 01/05/06 | 1084154 | 6,588.74 | 0.00 | 6,588.74 |
| 03/31/06 | 1088537 | 106.17 | 0.00 | 106.17 |
| 04/10/06 | 1088913 | 362.85 | 0.00 | 362.85 |

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax I.D. 95-4004138

# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

May 31, 2006

Beth Sax
Assistant General Counsel
Delphi World Headquarters & Customer Ctr
5825 Delphi Drive
Troy, MI 48098

Matter # : 08915
Invoice # : 1091177
Responsible Attorney: Randa A. Osman

<u>BK - Whitney v. Delphi Corporation, Delphi Case No.: 2005-000697</u>

For Professional Services through April 30, 2006 in connection with defend client in age discrimination case.

| | |
|---|---|
| Fees | <u>$60.00</u> |
| Total Due This Invoice | $60.00 |
| Balance Due from Previous Statement(s) | $3,411.02 |
| Total Balance Due | <u>$3,471.02</u> |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/24/06 | ALB | Review plaintiff's update; conference with M. Fowler, RAO regarding same. | 0.20 |
| | | Total Hours | 0.20 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Allison L. Burkholder | ALB | Associate | 0.20 | 300.00 | 60.00 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : BK - Whitney v. Delphi Corporation, Delphi Case No.: 2005-000697

Matter #: 08915

Bill Date: May 31, 2006

Invoice # 1091177

Total Fees........................................................$60.00

Total Due this Invoice.....................................$60.00

## Account Summary

Balance Due from Previous Statement(s)...............................$3,411.02

Total Balance Due.........................................................$3,471.02

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 09/15/05 | 1080682 | 141.60 | 0.00 | 141.60 |
| 10/17/05 | 1081814 | 2,643.90 | 0.00 | 2,643.90 |
| 11/14/05 | 1083245 | 295.68 | 0.00 | 295.68 |
| 11/14/05 | 1089240 | 252.04 | 0.00 | 252.04 |
| 12/13/05 | 1084372 | 25.70 | 0.00 | 25.70 |
| 01/06/06 | 1085159 | 52.10 | 0.00 | 52.10 |

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID: 95-4004138

**quinn emanuel trial lawyers**

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

June 5, 2006

BILL      _____
HOLD      _____
WOFF      _____
ATTY      _____

***BILLING INSTRUCTIONS***
Do not send Delphi any invoices - in Bkrpty
until further notice

Rate #::41

Attn: Michelle Piscitelli
Delphi Automotive Systems
Delphi World Headquarters - Legal Staff
Mail Code #483-400-603
5725 Delphi Drive
Troy, MI 48098-2815

Matter # : 07976
Invoice # : ******
Responsible Attorney: Gerald Hawxhurst

Client Number: 01289
Bill Template: Q2

BK - New Global v. Orbcomm

For Professional Services through May 31, 2006 in connection with antitrust action related to low earth orbit
satelites.

| | |
|---|---|
| Expenses | $19.04 |
| Total Due This Invoice | $19.04 |
| Balance Due from Previous Statement(s) | $25,061.75 |
| Total Balance Due | $25,080.79 |

## Expense Summary

| Description | | Amount |
|---|---|---|
| Telephone | | 0.04 |
| Photocopying and Scanning | $0.10 per page | 19.00 |
| | Total Expenses | $19.04 |

## Expense Detail

| Date | Code | Description | Rate | Amount | Index |
|---|---|---|---|---|---|
| 05/01/06 | 1911 | Photocopying and Scanning - | 0.10 | 19.00 | 1584490 |
| 05/04/06 | 1917 | Telephone ext 3177;1(248)813-2511;11:35 am;0 0:00:56 min | 0.04 | 0.04 | 1570566 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : BK - New Global v. Orbcomm

Matter #: 07976

Bill Date: June 5, 2006

Invoice # ******

Expenses ........................................................$19.04

Total Due this Invoice ...................................$19.04

## Account Summary

Balance Due from Previous Statement(s) .................................................$25,061.75

Total Balance Due ...........................................................$25,080.79

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 09/15/05 | 1080650 | 3,637.27 | 0.00 | 3,637.27 |
| 10/18/05 | 1081891 | 10,343.11 | 0.00 | 10,343.11 |
| 11/07/05 | 1082739 | 1,163.25 | 0.00 | 1,163.25 |
| 11/14/05 | 1089233 | 2,363.93 | 0.00 | 2,363.93 |
| 01/05/06 | 1084154 | 6,588.74 | 0.00 | 6,588.74 |
| 03/31/06 | 1088537 | 106.17 | 0.00 | 106.17 |
| 04/10/06 | 1088913 | 362.85 | 0.00 | 362.85 |
| 05/22/06 | 1091022 | 496.43 | 0.00 | 496.43 |

Please remit payment to:

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID: 95-4004138

# EXHIBIT C

**Exhibit C**
**Summary of Professional Hours**

| Name of Professional | Position of Professional | Current Hourly Billing Rates | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Randa A. Osman | Partner | $510 | .4 | $204 |
| Allison Burkholder | Associate | $300 | .2 | $60 |
| Shon Morgan | Partner | $525 | 0 | $(5498.50) |
| Kent J. Bullard | Of Counsel | $490 | 7.3 | $3577 |
| Daniel Bromberg | Partner | $525 | 1.10 | $577.50 |
| TJ Chiang | Associate | $280 | 4.8 | $1344 |
| Margret Caruso | Partner | $515 | | |
| Shahin Rezvani | Rezvani | $385 | | |
| Tara Gellman | | $280 | | |
| John K. Hart | Of Counsel | $475 | .3 | $142.50 |
| Kevin Teruya | Associate | $355 | | |
| Heidi Frahm | Associate | $290 | | |
| Iris K. Woon | Associate | $325 | 8.1 | $2632.50 |
| A. William Urquhart | Partner | $600 | | |
| Gerald Hawxhurst | Of Counsel | $475 | 14.3 | $6792.50 |
| J.D. Horton | Partner | $490 | 29.6 | $14504 |
| Scott L. Watson | Associate | $325 | 6.6 | $2145 |
| Robert W. Stone | | | | |
| Steve Hansen | | $355 | | |
| Bruce Chapman | | $355 | | |
| Eric Bjorgum | | $275 | | |
| Tigran Guledjian | Associate | $225 | | |
| Radhika Tandon | | $215 | | |
| **Subtotal** | | | **72.7** | **26,480.50** |

# EXHIBIT D

**Exhibit D**
# Summary of Monthly Fee Statements

### Delphi Automotive Systems - All Matters

| Period Covered | Fees Billed | Expenses Billed |
|---|---|---|
| February 1 - 28, 2006 | $1,439.00 | $11.17 |
| March 1 - 31, 2006 | $7838.00 | $172.85 |
| April 1 - 30, 2006 | $155.00 | $401.43 |
| May 1 - 31, 2006 | 0.00 | $19.04 |
| **Total** | **$9,432.00** | **$604.49** |

### New Global v. Orbcom

| Period Covered | Fees Billed | Expenses Billed |
|---|---|---|
| February 1 - 28, 2006 | $95.00 | $11.17 |
| March 1 - 31, 2006 | $190.00 | $172.85 |
| April 1 - 30, 2006 | $95.00 | $401.43 |
| May 1 - 31, 2006 | 0.00 | $19.04 |
| **Total** | **$380.00** | **$604.49** |

### Whitney v. Delphi Corporation

| Period Covered | Fees Billed | Expenses Billed |
|---|---|---|
| February 1 - 28, 2006 | 0.00 | 0.00 |
| March 1 - 31, 2006 | 0.00 | 0.00 |
| April 1 - 30, 2006 | $60.00 | 0.00 |
| May 1 - 31, 2006 | 0.00 | 0.00 |
| **Total** | **$60.00** | **0.00** |

### Delphi Corporation Bankruptcy

| Period Covered | Fees Billed | Expenses Billed |
|---|---|---|
| February 1 - 28, 2006 | $1,344.00 | 0.00 |
| March 1 - 31, 2006 | $7,648.00 | 0.00 |
| April 1 - 30, 2006 | 0.00 | 0.00 |
| May 1 - 31, 2006 | 0.00 | 0.00 |
| **Total** | **$8,992.00** | **0.00** |

# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

October 21, 2005

Donald R. Parshall, Esq.
Delphi Corporation
5825 Delphi Drive
Troy, MI 48098

Matter # : 07911
Invoice # : 1082151
Responsible Attorney: Shon Morgan

<u>Quinn v. Delphi Automotive</u>

For Professional Services through September 30, 2005 in connection with Defend client in consumer class action appeal regarding defective batteries.

|  |  |
|---|---|
| Fees | $355.50 |
| Expenses | $626.17 |
| WRITE-OFF FEES ABOVE CAP | -$355.50 |
| Total Due This Invoice | $626.17 |
| Balance Due from Previous Statement(s) | $12,539.54 |
| Total Balance Due | $13,165.71 |

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Margret Caruso | MMC | Partner | 0.50 | 515.00 | 257.50 |
| Kent J. Bullard | KJB | Counsel | 0.20 | 490.00 | 98.00 |

## Expense Summary

| Description | Amount |
|---|---|
| professional services | 625.97 |
| Photocopying   $0.10   per page | 0.20 |
| Total Expenses | $626.17 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : Quinn v. Delphi Automotive

Matter #: 07911

Bill Date: October 21, 2005

Invoice # 1082151

Expenses.......................................................$626.17

Total Due this Invoice.....................................$626.17

## Account Summary

Balance Due from Previous Statement(s).................................$12,539.54

Total Balance Due.................................................$13,165.71

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 06/20/05 | 1077111 | 15,497.03 | (9,630.18) | 5,866.85 |
| 07/20/05 | 1078560 | 2,124.14 | (1,319.98) | 804.16 |
| 08/19/05 | 1079862 | 5,749.15 | 0.00 | 5,749.15 |
| 09/19/05 | 1080812 | 119.38 | 0.00 | 119.38 |

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID: 95-4004138

REMITTANCE

# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

September 19, 2005

Donald R. Parshall, Esq.
Delphi Corporation
5825 Delphi Drive
Troy, MI 48098

Matter # : 07911
Invoice # : 1080812
Responsible Attorney: Shon Morgan

<u>Quinn v. Delphi Automotive</u>

For Professional Services through August 31, 2005 in connection with Defend client in consumer class action appeal regarding defective batteries.

| | |
|---|---|
| Expenses | <u>$119.38</u> |
| Total Due This Invoice | $119.38 |
| Balance Due from Previous Statement(s) | $12,420.16 |
| Total Balance Due | <u>$12,539.54</u> |

## Expense Summary

| Description | | Amount |
|---|---|---|
| postage | | 1.20 |
| express mail | | 64.08 |
| lexis | | 51.00 |
| photocopying  $0.10  per page | | 3.10 |
| | Total Expenses | $119.38 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : Quinn v. Delphi Automotive

Matter #: 07911

Bill Date: September 19, 2005

Invoice # 1080812

Expenses.......................................................$119.38

Total Due this Invoice....................................$119.38

## Account Summary

Balance Due from Previous Statement(s)............................................**$12,420.16**

Total Balance Due....................................................**$12,539.54**

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 06/20/05 | 1077111 | 15,497.03 | (9,630.18) | 5,866.85 |
| 07/20/05 | 1078560 | 2,124.14 | (1,319.98) | 804.16 |
| 08/19/05 | 1079862 | 5,749.15 | 0.00 | 5,749.15 |

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID: 95-4004138

**quinn emanuel trial lawyers**

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

August 19, 2005

Donald R. Parshall, Esq.
Delphi Corporation
5825 Delphi Drive
Troy, MI 48098

Matter # : 07911
Invoice # : 1079862
Responsible Attorney: Shon Morgan

<u>Quinn v. Delphi Automotive</u>

For Professional Services through July 31, 2005 in connection with Defend client in consumer class action
appeal regarding defective batteries.

| | |
|---|---|
| Expenses | <u>$5,749.15</u> |
| Total Due This Invoice | $5,749.15 |
| Balance Due from Previous Statement(s) | $6,790.39 |
| Total Balance Due | <u>$12,539.54</u> |

## Expense Summary

| Description | Amount |
|---|---|
| professional services | 5,704.35 |
| legal research | 16.00 |
| photocopying   $0.10   per page | 28.80 |
| Total Expenses | $5,749.15 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : Quinn v. Delphi Automotive

Matter #: 07911

Bill Date: September 30, 2005

Invoice # 1079862

Expenses.....................................................$5,749.15

Total Due this Invoice.....................................$5,749.15

## Account Summary

Balance Due from Previous Statement(s)..................................$6,790.39

Total Balance Due..................................$12,539.54

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 06/20/05 | 1077111 | 15,497.03 | (9,630.18) | 5,866.85 |
| 07/20/05 | 1078560 | 2,124.14 | (1,319.98) | 804.16 |

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID: 95-4004138

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 624-7707


June 20, 2005


Donald R. Parshall, Esq.
Delphi Corporation
5825 Delphi Drive
Troy, MI 48098


**Invoice #:** 1077111
Matter    #: 07911
Federal ID #: 95-4004138
Responsible Attorney: Shon Morgan


Quinn v. Delphi Automotive


FOR PROFESSIONAL SERVICES through May 31, 2005 in
connection with Defend client in consumer class
action appeal regarding defective batteries.

$  185,568.50


Other Charges in connection with the foregoing
consisting of:  photocopying ($77.40) ($.10 per
page), express mail ($12.05), filing fee ($391.00),
westlaw ($2549.96), telephone ($41.72), outside
photocopy ($22.50), Photocopying ($1.90) charges.

$    3,096.53


TOTAL  $  188,665.03

WRITE-OFF OF FEES ABOVE $75 FLAT FEE CAP  $ (173,168.00)

TOTAL DUE THIS INVOICE  $   15,497.03


*Kindly reference this invoice number with your remittance. Thank You.*

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|------------|----------------------------------|-------|
| 05/01/05 | KJB | Legal research re:  possible procedural arguments for answering brief; analyze opening brief for further legal research needs; correspondence w/ TG re:  binders of legal research re:  opening brief; legal research re: summary judgment issues; prepare notes re: same; prepare draft of answering brief. | 4.10 |
| 05/02/05 | KJB | Correspondence and TCs w/ DB re: strategy for proceeding on answering brief; correspondence w/ DB and SM re:  same; legal research re: answering brief; prepare notes re:  same; prepare draft anwering brief. | 3.90 |
| 05/02/05 | DNS | Conv. w/ D. Bromberg re: overview of Delphi case, research topics | 0.50 |
| 05/02/05 | DNS | Research re: relation of fraud to products liability claims | 4.00 |
| 05/02/05 | DHB | Researching fraud and product liabilities issues, conf with Slarsky re: research assignments; conf with Bullard concerning strategy and legal analysis; conf with Morgan about appellate strategy; conf with Bullard | 5.30 |
| 05/02/05 | SM | Conference with Bromberg re merits of appeal arguments; review briefs re same. | 0.80 |
| 05/02/05 | SK | Legal research, product liability. | 0.30 |
| 05/03/05 | DNS | Research re: fraudulent concealment claim | 2.50 |
| 05/03/05 | DHB | Researching fraud claims with respect to representations about the future and nondisclosure; revising outline of argument | 3.80 |
| 05/03/05 | DHB | Conf with Kent Bullard concerning brief; conf with Slarsky concerning fraud research; revising outline of argument; drafting introduction to brief | 0.50 |
| 05/03/05 | KJB | Correspondence and TCs w/ DB re: strategy for proceeding on answering brief; correspondence w/ DB re:  Arizona economic loss rule legal research; legal research re: answering brief; prepare notes re:  same; prepare draft anwering | 5.10 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|-----------|----------------------------------|-------|
| | | brief.; review revised argument outlines from DB. | |
| 05/03/05 | SM | Conference with Bromberg re appeal brief issues; prepare notes re same. | 0.70 |
| 05/04/05 | SM | Conference with Bromberg re appeal brief issues; prepare notes re same. | 0.70 |
| 05/04/05 | KJB | Prepare draft answering brief; legal research re:  same; correspondence and TCs w/ DB re: draft preliminary statement and re:  draft argument re:  individual plaintiffs' claims; send DB partial draft of brief. | 4.80 |
| 05/04/05 | DHB | Revising introduction to brief; revising outline of brief; conf with Bullard concerning brief | 4.00 |
| 05/04/05 | DNS | Research re: duty to warn | 5.00 |
| 05/05/05 | DNS | Research re: duty to warn/concealment | 2.60 |
| 05/05/05 | SR | Conference with K. Bullard regarding appellate brief; legal research regarding standard for admitting expert testimony under Arizona law. | 3.30 |
| 05/05/05 | DHB | Reviewing facts; outlining statement of facts; conf with Bullard re: draft | 9.50 |
| 05/05/05 | KJB | Prepare draft of products liability portion of answering brief; legal research re:  same; correspondence w/ DB re:  same; correspondence and TCs w/ DB re:  pro hac vice application; oversee preparation of draft of same; TCs w/ D. Slarsky re:  legal research re: summary judgment issues; conf. w/ SR re: researching and preparing argument re: plaintiffs' expert opinions. | 7.20 |
| 05/05/05 | SM | Conference with Bullard re legal research; conference with Bromberg re summary judgment appeal. | 0.40 |
| 05/06/05 | SM | Conference with client re issues with appeal. | 0.30 |
| 05/06/05 | KJB | Correspondence w/ DB and D. Slarsky re: legal research re:  corporate liability issues; review and revise draft of pruducts liability argument for answering | 5.80 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|-----------|----------------------------------|-------|
| | | brief; legal research re: same. | |
| 05/06/05 | DHB | Drafting statement of facts and revising outline of argument | 9.00 |
| 05/06/05 | SR | Legal research regarding standard for admitting expert testimony under Arizona law. | 5.30 |
| 05/06/05 | DNS | Research re: successor liability | 3.50 |
| 05/06/05 | DNS | Research re: unincorporated division power to be sued | 0.80 |
| 05/07/05 | KJB | Review correspondence from D. Slarsky re: legal research re: Delphi corporate liability; review and revise draft argument re: products liability; correspondence w/ DB re: same. | 4.40 |
| 05/07/05 | DHB | Revising discussions of original plaintiffs; revising outline in statement of facts | 6.00 |
| 05/08/05 | DHB | Reviewing products liability section; revising outline of argument | 1.50 |
| 05/08/05 | KJB | Correspondence w/ DB re: revisions to answering brief. | 0.10 |
| 05/09/05 | DNS | Proof draft of facts, review outline | 1.20 |
| 05/09/05 | SR | Review appellate brief, expert affidavits and trial court's ruling on summary judgment; prepare argument section regarding exclusion of expert testimony; review and revise same. | 7.20 |
| 05/09/05 | KJB | Conf. and correspondence w/ TP re: research needed re: statutes of limitation; conf., correspondence, and TC w/ SR re: draft of answering brief re: insufficiency of plaintiff's expert opinions; TC w/ DB re: revisions to product liability arguments in answering brief; review revised DB outline of answering brief; review and revise working draft of answering brief w/ DB revisions; prepare draft of fraud arguments for answering brief; legal research re: same; correspondence w/ DB re: pro hac application; correspondence w/ M. Farrell re: logistics of filing | 6.20 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|-----------|----------------------------------|-------|
| | | brief. | |
| 05/09/05 | DHB | Reviewing products liability discussion; conf with Bullard re: brief; revising statement of facts and outline | 4.00 |
| 05/09/05 | TSP | Conference with KB; Legal Research regarding limitations. | 2.10 |
| 05/10/05 | TSP | Legal Research regarding limitations. | 4.60 |
| 05/10/05 | DHB | Reviewing e-mail from Kent Bullard re: experts; conf with Bullard re: experts | 0.30 |
| 05/10/05 | KJB | TC w/ M. Farrell re: logistics of filing answering brief and re: procedural issues in briefing; review and revise arguments for answering brief re: expert witnesses and Delphi corporate witness testimony; TC w/ DB re: revisions to same; review and revise same; send revised arguments to DB; prepare draft of fraud arguments for answering brief; legal research re: same; TC w/ TP re: statutes of limitation research; correspondence to DB re: pro hac application. | 5.80 |
| 05/11/05 | KJB | Prepare draft of fraud argument for answering brief; legal research re: same; correspondence w/ DB re: same; oversee transmittal of pro hac application materials for DB application to local counsel. | 7.40 |
| 05/11/05 | TSP | Legal Research regarding limitations | 3.40 |
| 05/12/05 | TSP | Legal Research regarding limitations including County Library; Conference with KB. | 3.90 |
| 05/12/05 | KJB | Conf. w/ TP re: statute of limitations research; review same; TC w/ TP re: same; correspondence w/ M. Farrell re: pro hac application materials for DB application; correspondence w/ DB re: same; prepare draft of class certification argument for answering brief; legal research re: same. | 5.30 |
| 05/13/05 | DHB | Reviewing fraud draft; conf with Bullard re: fraud section | 1.30 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|-----------|--------------------------------|-------|
| 05/13/05 | KJB | TC w/ TP re:  further legal research needed for answering brief; TC w/ DB re: revisions to fraud argument for answering brief; correspondence w/ DB re:  same; prepare revisions; legal research re: same; prepare draft of class certification argument for answering brief; legal research re:  same. | 6.80 |
| 05/13/05 | SK | Legal research, cases, Oldie Disc Corporation v. Superior Court; Siemer v. Assocs. First Capital Corporation. | 0.30 |
| 05/13/05 | SK | Legal research, class actions. | 0.30 |
| 05/14/05 | DHB | Researching rule against reviewers and coordinate judges; drafting outline | 4.00 |
| 05/14/05 | KJB | Review correspondence from DB re: revisions to fraud argument for answering brief; review and revise same; legal research re:  same; correspondence w/ TP re:  further legal research needed re: appellant's opening brief. | 2.30 |
| 05/15/05 | KJB | Review and revise fraud argument for answering brief; legal research re: same; prepare draft of class certification argument for answering brief; legal research re:  same. | 5.80 |
| 05/15/05 | DHB | Drafting facts and argument concerning exercise of discretion as well as jurisdiction | 6.00 |
| 05/16/05 | SM | Conference with Bromberg re status; conference with Bullard re new Arizona appeal case; review same. | 0.60 |
| 05/16/05 | KJB | Prepare draft of class certification argument for answering brief; legal research re:  same; correspondence w/ DB re:  same; correspondence w/ DB and SM re:  recent Arizona Supreme Court class action opinion; conf. w/ SR re: preparing additional class certification arguments. | 8.20 |
| 05/16/05 | SR | Legal research regarding denial of class certification and standard of review of denial on appeal. | 7.10 |
| 05/16/05 | TSP | Legal Research regarding Summary Judgment & and Amended Complaint. | 0.50 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|-----------|----------------------------------|-------|
| 05/17/05 | TSP | Legal Research regarding Rule 56, Rule 15. | 3.80 |
| 05/17/05 | SR | Legal research regarding denial of class certification and standard of review of denial on appeal. | 6.90 |
| 05/17/05 | KJB | Confs. and correspondence w/ TP re: maintaining appellate court and correspondence clips; correspondence w/ SR re: additional class certification arguments; review and revise fraud argument; correspondence w/ DB re: same; legal research re: same; review and revise class certification arguments; legal research re: same; prepare revised working draft of answering brief; correspondence w/ DB re: same. | 8.10 |
| 05/18/05 | KJB | Conf. and correspondence w/ SR re: additional class certification arguments; confs. and correspondence w/ TP re: legal research re: procedural arguments re: partial summary judgment and request to amend complaint; TC w/ DB re: preparing draft of partial summary judgment and amendment arguments for answering brief; prepare draft of same; legal research re: same. | 7.80 |
| 05/18/05 | DHB | Conf with Bullard re: draft; reviewing draft class action section | 0.80 |
| 05/18/05 | TSP | Legal Research regarding Amendment & Partial Summary Judgment, including L.A. County Library.  Conference with KB | 5.20 |
| 05/18/05 | SR | Prepare argument in support of trial court's denial of class certification; review and revise same. | 2.30 |
| 05/19/05 | TSP | Legal Research regarding Amendment. | 4.20 |
| 05/19/05 | DHB | Researching products liability issues | 6.50 |
| 05/19/05 | KJB | Prepare draft of partial summary judgment and amendment arguments for answering brief; correspondence w/ DB re: same; legal research re: same; conf. w/ TP re: legal research re: partial summary judgment and amendment issues; prepare additional arguments re: class certification section of brief; legal | 7.70 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|-----------|----------------------------------|-------|
| | | research re:  same. | |
| 05/20/05 | KJB | Prepare additional class certification arguments; send same to DB; correspondence w/ DB re:  pro hac vice application materials; correspondence to Jennings Strouss re: exemplars of appellate appendices; review and revise unjust enrichment argument for anwering brief; legal research re:  same; confs. w/ TP re:  legal research re:  same; correspondence to DB re:  revised argument. | 4.60 |
| 05/20/05 | SM | Conference with Bromberg re response brief. | 0.30 |
| 05/20/05 | DHB | Revising brief discussion of products liability, unjust enrichment and fraud | 12.00 |
| 05/20/05 | TSP | Legal Research regarding partial Summary Judgment. | 4.20 |
| 05/21/05 | DHB | Revising fraud, class action, partial summary judgment and amendment sections | 7.00 |
| 05/21/05 | SM | Review and revise response brief: conference (several) with team re same; prepare memo re same. | 4.50 |
| 05/21/05 | KJB | Correspondence w/ SM and DB re: revisions to answering brief; review and revise brief; create redline of revisions; correspondence w/ DB re: same. | 3.20 |
| 05/22/05 | KJB | TC from DB re:  revisions to answering brief; review and revise brief; correspondence w/ DB and SM re:  same; legal research re:  class certification issues; correspondence to TP re: additional research needed on class certification issues. | 3.60 |
| 05/22/05 | DHB | Revising class action and partial summary judgment sections; conf with Kent Bullard | 2.50 |
| 05/22/05 | SM | Review and revise response brief; conference (several) with team re same. | 3.60 |
| 05/23/05 | SM | Revise answering brief; legal research re same; conference (several) with Bromberg, Bullard re same; conference with client | 4.50 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|-----------|--------------------------------|-------|
| | | re same. | |
| 05/23/05 | TSP | Legal Research regarding Rule 23. | 7.50 |
| 05/23/05 | KJB | Review and revise answering brief; coresspondence w/ DB and SM re:  same; legal research re:  same; correspondence and confs. w/ TP re:  additional legal research for revisions; TC w/ DB re: additional legal research needed; correspondence w/ D. Slarskey and DB re: legal research re:  fraud arguments. | 8.10 |
| 05/23/05 | DNS | Research re: Restatement 551 duty to disclose | 1.50 |
| 05/24/05 | KJB | Correspondence w/ TP re:  legal research re: revisions to brief; draft summary of argument for answering brief; correspondence w/ SM and DB re:  revised version of brief; TC w/ M. Farrell re: logistics of finalizing and filing answering brief and appendix of record for brief; coordinate transmittal of DB pro hac vice application materials to Jennings Strouss; correspondence w/ M. Farrell re:  draft answering brief; correspondence w/ M. Farrell re: procedural aspects of appendix of record; review and revise answering brief; correspondence w/ SM and DB re:  same; prepare index of appendix of record. | 9.70 |
| 05/24/05 | TSP | Legal Research regarding Class Action. | 4.80 |
| 05/24/05 | DHB | Conf with Kent Bullard re: briefing; e-mail traffic | 0.80 |
| 05/24/05 | SM | Revise answering brief; legal research re same; conference (several) with Bromberg, Bullard re same; conference with client re same. | 5.30 |
| 05/25/05 | SM | Conference with client re factual issues; revise answering brief; conference (several) with Bromberg, Bullard re same; research re same. | 3.50 |
| 05/25/05 | KJB | Review and revise draft answering brief; legal research re:  same; review client revisions to brief; revise brief; prepare appendix of record; review and revise index of appendix; review record re: | 7.10 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|-----------|----------------------------------|-------|
| | | class certification arguments; correspondence w/ SM and DB re: same; revise brief re:  same | |
| 05/25/05 | DHB | Conf with Don Parshall and Shon Morgan concerning brief. Conf with Don Purschell; conf with Kent Bullard re: Delphi edits. | 1.30 |
| 05/25/05 | TSP | Legal Research regarding Class Action; Cite check Brief. | 8.60 |
| 05/26/05 | TSP | Cite Check Brief;  Legal research regarding feasible alternate design in cluding L. A. County  Library; Legal Research regarding non-disclosure. | 9.70 |
| 05/26/05 | DHB | Conf with Larry Henneberger from ArentFox re: NHTSA investigation; conf with Don Parshall concerning brief; correspondence with Shon Morgan and Kent Bullard re: brief. | 1.50 |
| 05/26/05 | KJB | Review and revise answering brief; correspondence w/ SM and DB re:  same; legal research re:  same; confs. w/ TP re: additional legal research needed; correspondence w/ SM re: class certification arguments and revisions to same; prepare appendix of record; send same to local counsel; legal research re: fraud arguments; confs. and TCs w/ TP re: same. | 8.20 |
| 05/26/05 | SM | Review NHTSA materials; revise answering brief; conference (several) with Bromberg, Bullard re same. | 2.80 |
| 05/27/05 | SM | Review answering brief; research re same; conference (several) with Bullard, Bromberg re same. | 2.50 |
| 05/27/05 | KJB | TCs and correspondence w/ Jennings Strouss re: logistics and procedural aspects of filing answering brief and appendix; review and revise brief; legal research re:  same; correspondence and TCs w/ DB and SM re:  same; confs. and TC w/ TP re:  additional legal research. | 6.10 |
| 05/27/05 | TSP | Legal Research regarding non-disclosure. | 2.80 |
| 05/28/05 | DHB | Polishing brief, revising in light of | 10.00 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|-----------|----------------------------------|-------|
| | | NHTSA materials, and tightening | |
| 05/28/05 | KJB | Review and revise answering brief; TCs and correspondence w/ DB re:  same; legal research re:   same. | 9.60 |
| 05/29/05 | KJB | Review and revise answering brief; TCs and correspondence w/ DB and SM re: same; legal research re:   same. | 7.80 |
| 05/29/05 | DHB | Revising brief; e-mail traffic with Bullard and Morgan | 3.00 |
| 05/29/05 | SM | Revise answering brief; conference (several) with Bullard, Bromberg re same. | 3.00 |
| 05/30/05 | SM | Review and revise answering brief; conference (several) with Bromberg, Bullard re same. | 2.80 |
| 05/30/05 | KJB | Review and revise answering brief; TCs and correspondence w/ SM and DB re: same; legal research re:   same; prepare draft of statement of issues on appeal for answering brief; correspondence w/ DB re:   same; correspondence to Jennings Strouss re:  filing the brief. | 8.20 |
| 05/30/05 | DHB | Proofing and revising brief | 4.50 |
| 05/31/05 | DHB | Revising brief | 2.50 |
| 05/31/05 | SM | Review and revise answering brief; conference (several) with Bromberg, Bullard re same; conference with client re same; review client edits. | 2.20 |
| 05/31/05 | KJB | Review and revise answering brief; TCs, correspondence, and confs. w/ SM and DB re: same; legal research re:     same; conf. w/ TP re:  finalizing brief; TCs and correspondence w/ Jennings Strouss re:  finalizing and filing brief. | 6.10 |
| 05/31/05 | TSP | Final Revisions for filing Appeal. | 0.90 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

STATEMENT DETAIL

TOTALS

| Attorneys | | Hours | Rate | Amount |
|---|---|---|---|---|
| Daniel Bromberg | DHB | 107.60 | 485.00 | 52,186.00 |
| Shon Morgan | SM | 38.50 | 485.00 | 18,672.50 |
| Kent J. Bullard | KJB | 189.10 | 455.00 | 86,040.50 |
| Shahin Rezvani | SR | 32.10 | 355.00 | 11,395.50 |
| | | | | |
| Case Assistants | | | | |
| David Slarskey | DNS | 21.60 | 195.00 | 4,212.00 |
| Tim S. Pennington | TSP | 66.20 | 195.00 | 12,909.00 |
| Sylvia Kreng | SK | 0.90 | 170.00 | 153.00 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 624-7707

July 20, 2005

Donald R. Parshall, Esq.
Delphi Corporation
5825 Delphi Drive
Troy, MI 48098

**Invoice #:** 1078560
Matter   #: 07911
Federal ID #: 95-4004138
Responsible Attorney: Shon Morgan

Quinn v. Delphi Automotive

FOR PROFESSIONAL SERVICES through June 30, 2005 in
connection with Defend client in consumer class
action appeal regarding defective batteries.

Other Charges in connection with the foregoing
consisting of: attorney service ($30.15), express
mail ($31.79), photocopying ($148.60) ($.10 per
page), telephone ($.40), parking ($16.00),
professional services ($1864.95), outside photocopy
($31.65), Photocopying ($.60) charges.

$    2,124.14

TOTAL DUE THIS INVOICE   $   2,124.14

*Kindly reference this invoice number with your remittance. Thank You.*

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

STATEMENT DETAIL

| Date | Timekeeper | Description of Services Rendered | Hours |
|------|-----------|----------------------------------|-------|

TOTALS

# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

November 7, 2005

Attn: Michelle Piscitelli
Delphi Automotive Systems
Delphi World Headquarters - Legal Staff
Mail Code #483-400-603
5725 Delphi Drive
Troy,  MI  48098-2815

Matter # : 07976
Invoice # : 1082739
Responsible Attorney: Gerald Hawxhurst

<u>New Global v. Orbcomm</u>

For Professional Services through October 8, 2005 in connection with antitrust action related to low earth orbit satelites.

| | |
|---|---|
| Fees | $1,140.00 |
| Expenses | <u>$23.30</u> |
| Total Due This Invoice | $1,163.30 |
| Balance Due from Previous Statement(s) | $13,980.38 |
| Total Balance Due | <u>$15,143.68</u> |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 10/03/05 | GEH | Review correspondence from mediator. | 0.10 |
| 10/04/05 | GEH | Office conference HF regarding mediation statement; review memorandum from 9th Circuit mediator. | 0.50 |
| 10/05/05 | GEH | Office conference HF re legal research; telephone conference S. Liacouras re mediation. | 0.70 |
| 10/07/05 | GEH | Review and analyze draft stay motion. | 1.10 |
| | | Total Hours | 2.40 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Gerald Hawxhurst | GEH | Counsel | 2.40 | 475.00 | 1,140.00 |

## Expense Summary

| Description | | Amount |
|-------------|--|--------|
| Photocopying and Scanning | $0.10  per page | 23.30 |
| | Total Expenses | $23.30 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

### Current Invoice Summary

Matter Name : New Global v. Orbcomm

Matter #: 07976
Bill Date: April 13, 2006
Invoice # 1082739

Total Fees....................................................$1,140.00
Expenses.....................................................$23.30
Total Due this Invoice.................................$1,163.30

### Account Summary

Balance Due from Previous Statement(s)....................................................$13,980.38
Total Balance Due....................................................$15,143.68

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 09/15/05 | 1080650 | 3,637.27 | 0.00 | 3,637.27 |
| 10/18/05 | 1081891 | 10,343.11 | 0.00 | 10,343.11 |

<u>Please remit payment to:</u>

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID: 95-4004138



REMITTANCE

**quinn emanuel trial lawyers**

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

September 15, 2005

Attn: Michelle Piscitelli
Delphi Automotive Systems
Delphi World Headquarters - Legal Staff
Mail Code #483-400-603
5725 Delphi Drive
Troy,  MI  48098-2815

Matter # : 07976
Invoice # : 1080650
Responsible Attorney: Gerald Hawxhurst

New Global v. Orbcomm

For Professional Services through August 31, 2005 in connection with antitrust action re
orbit satelites.

Fees

Expenses

Total Due This Invoice

Balance Due from Previous Statement(s)

Total Balance Due

**quinn emanuel trial lawyers**

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

September 15, 2005

Attn: Michelle Piscitelli
Delphi Automotive Systems
Delphi World Headquarters - Legal Staff
Mail Code #483-400-603
5725 Delphi Drive
Troy,  MI  48098-2815

Matter # : 07976
Invoice # : 1080650
Responsible Attorney: Gerald Hawxhurst

<u>New Global v. Orbcomm</u>

For Professional Services through August 31, 2005 in connection with antitrust action related to low earth orbit satelites.

| | | |
|---|---|---|
| Fees | | $3,564.00 |
| Expenses | | <u>$73.27</u> |
| Total Due This Invoice | | $3,637.27 |
| Balance Due from Previous Statement(s) | | $8,705.64 |
| Total Balance Due | | <u>$12,342.91</u> |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/15/05 | GEH | Communication with R. Schwinger re status. | 0.10 |
| 08/18/05 | GEH | Review and analyze opposition motions to stay. | 1.00 |
| 08/19/05 | GEH | Review and analyze opposition to stay. | 0.50 |
| 08/29/05 | GEH | Prepare reply brief and related papers; telephone conference W. Cosnowski. | 2.40 |
| 08/30/05 | GEH | Prepare reply brief; office conference KT regarding same; distribute same. | 4.10 |
| | | Total Hours | 8.10 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Gerald Hawxhurst | GEH | Counsel | 8.10 | 440.00 | 3,564.00 |

## Expense Summary

| Description | Amount |
|-------------|--------|
| postage | 5.75 |
| parking | 1.00 |
| attorney service | 34.65 |
| telephone | 0.22 |
| photocopying    $0.10   per page | 29.90 |
| westlaw | 1.75 |
| Total Expenses | $73.27 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : New Global v. Orbcomm

| | |
|---|---|
| Matter #: 07976 | Total Fees....................................................$3,564.00 |
| Bill Date: September 15, 2005 | Expenses........................................................$73.27 |
| Invoice # 1080650 | Total Due this Invoice....................................$3,637.27 |

## Account Summary

Balance Due from Previous Statement(s)............................................$8,705.64

Total Balance Due.................................................$12,342.91

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 08/19/05 | 1079851 | 8,705.64 | 0.00 | 8,705.64 |



Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138

**quinn emanuel trial lawyers**

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

October 18, 2005

Attn: Michelle Piscitelli
Delphi Automotive Systems
Delphi World Headquarters - Legal Staff
Mail Code #483-400-603
5725 Delphi Drive
Troy,  MI  48098-2815

Matter # : 07976
Invoice # : 1081891
Responsible Attorney: Gerald Hawxhurst

<u>New Global v. Orbcomm</u>

For Professional Services through September 30, 2005 in connection with antitrust action related to low earth
orbit satelites.

|  |  |
|---|---|
| Fees | $10,202.50 |
| Expenses | <u>$140.61</u> |
| Total Due This Invoice | $10,343.11 |
| Balance Due from Previous Statement(s) | $3,637.27 |
| Total Balance Due | <u>$13,980.38</u> |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 09/01/05 | GEH | Telephone conference W. Cosnowski regarding reply. | 0.10 |
| 09/02/05 | GEH | Finalize and supervise filing of reply brief. | 1.00 |
| 09/06/05 | GEH | Review and analyze Orbcomm reply regarding stay; telephone conference S. St. Denis regarding same; telephone call message W. Cosnowski regarding same. | 1.00 |
| 09/12/05 | GEH | Prepare for and attend hearing on motion to stay; office conference AWU and communication with client regarding same; telephone conference Orbcomm counsel regarding appeal strategy. | 3.70 |
| 09/13/05 | GEH | Telephone conference Orbcomm counsel re appellate strategy. | 0.10 |
| 09/14/05 | GEH | Telephone conference W. Cosnowski regarding hearing and strategy. | 0.10 |
| 09/15/05 | GEH | Telephone conference S. St. Denis regarding corporate disclosure statements; review appellate papers and transmit same to W. Cosnowski, Jr. | 2.40 |
| 09/15/05 | HF | Office conference GEH re research per W. Cosnowski. | 0.50 |
| 09/16/05 | GEH | Review second version of appellate papers; office conference AWU regarding strategy and update; office conference HF regarding legal research; telephone conference B. Schwinger regarding appellate brief. | 3.00 |
| 09/16/05 | HF | Review and analyze pleadings and researched re de facto exclusive dealing agreements, proper definition of "market", and refusal to deal. | 3.00 |
| 09/19/05 | HF | Further research re: de facto exclusive dealing agreements, proper definition of "market", and refusal to deal | 2.00 |
| 09/20/05 | GEH | Office conference HF regarding legal research. | 0.60 |
| 09/21/05 | GEH | Participate in 9th Circuit mediation call; office conference W. Cosnowski regarding same; telephone conference B. Schwinger regarding same; office conference HF regarding legal research. | 2.70 |
| 09/21/05 | HF | Further research re: de facto exclusive dealing arrangements and possibility of summary judgment on issue; office conference GEH re same. | 2.00 |
| 09/26/05 | GEH | Telephone conference W. Cosnowski regarding mediation; telephone conference B. Schwinger regarding Orbcomm mediation; review stipulation regarding appeal. | 0.80 |
| 09/28/05 | GEH | Telephone conference D. Schwinger regarding strategy. | 0.40 |
| 09/30/05 | GEH | Review and analyze opposition to motion to stay. | 1.00 |

Total Hours    24.40

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Gerald Hawxhurst | GEH | Counsel | 16.90 | 475.00 | 8,027.50 |
| Heidi Frahm | HF | Associate | 7.50 | 290.00 | 2,175.00 |

## Expense Summary

| Description | Amount |
|-------------|--------|
| Postage | 1.34 |
| Parking | 4.00 |
| Attorney service | 23.10 |
| Telephone | 0.84 |
| Parking | 8.00 |
| Photocopying   $0.10   per page | 28.50 |
| Westlaw | 74.83 |
| Total Expenses | $140.61 |



**quinn emanuel trial lawyers**
quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : New Global v. Orbcomm

Matter #: 07976          Total Fees.................................................$10,202.50
Bill Date: October 18, 2005          Expenses.....................................................$140.61
Invoice # 1081891          Total Due this Invoice..................................$10,343.11

## Account Summary

Balance Due from Previous Statement(s)...............................................$3,637.27
Total Balance Due.............................................................$13,980.38

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 09/15/05 | 1080650 | 3,637.27 | 0.00 | 3,637.27 |

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138

REMITTANCE

# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

November 14, 2005

Michele Piscitelli
Delphi Automotive Systems
Delphi World Headquarters - Legal Staff
Mail Code #483-400-603
5725 Delphi Drive
Troy, MI  48098-2815

Matter # : 04385
Invoice # : 1083223
Responsible Attorney: Robert W. Stone

Patent Holding Co. v. Delphi Automotive Systems Delphi File No. 2000-000105

For Professional Services through October 8, 2005 in connection with patent action - infringement.

| | |
|---|---|
| Fees | $9,011.50 |
| Expenses | $1.84 |
| CREDIT | -$744.76 |
| Total Due This Invoice | $8,268.58 |
| Balance Due from Previous Statement(s) | $23,905.18 |
| Total Balance Due | $32,173.76 |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 10/01/05 | TG | Email communication and legal research in support of locating an expert on the "on sale" bar's "offer for sale" in so far as it relates to the automotive industry. | 0.20 |
| 10/02/05 | RWS | Review deposition transcripts in connection with preparing discovery plan. | 4.50 |
| 10/03/05 | RWS | Communicate TG re: discovery; communicate W. Cosnowski re: same; TC TG re: same; review correspondence re: same; outline discovery plan; communicate CKV re: same. | 2.20 |
| 10/03/05 | TG | Email communication with Mr. Cosnowski re discovery and re 30(b)(6) depositions; email and telephone conference with RWS re same; email and conference MS re same; review subpoenas to DuPont and Takata and provide comments re same to Mr. Cosnowski and RWS. | 2.00 |
| 10/03/05 | MAS | Locating and forwarding Dupont related documents at W. Cosnowski's request. | 0.80 |
| 10/04/05 | RWS | TC TG re: discovery plan; TC TG, WC re: same; review correspondence in connection with same; review deposition transcripts in connection with same; review hearing transcript re: discovery. | 4.30 |
| 10/04/05 | TG | Telephone conference with RWS and Mr. Cosnowski re discovery issues and re 30(b)(6) topics; prepare letter to opposing counsel Mr. Gemmell re same; conference RWS in support of same. | 1.20 |
| 10/05/05 | RWS | Revise and edit subpoena; confer TG re: same; review depositions re: upcoming discovery; confer CKV re: status; revise and edit letter to Gemmell; communicate TG re: same. | 3.50 |
| 10/05/05 | TG | Review subpoenas to DuPont and Takata; prepare recommended edits to same; email communication with RWS re same. | 1.00 |
| 10/06/05 | RWS | TC W. Cosnowski re: Takata, DuPont subpoenas; review materials in connection with same; TC TG re: same; TC W. Cosnowski re: same; review deposition transcripts in connection with upcoming discovery. | 4.40 |
| 10/06/05 | TG | Telephone conference with RWS re status of case and re next steps, re communication with opposing counsel concerning discovery and 30(b)(6) topics. | 0.30 |

Total Hours    24.40

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Robert W. Stone | RWS | Partner | 18.90 | 395.00 | 7,465.50 |
| Tigran Guledjian | TG | Associate | 4.70 | 300.00 | 1,410.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Michael A. Secondo | MAS | Paralegal | 0.80 | 170.00 | 136.00 |

## Expense Summary

| Description | Amount |
|---|---|
| Telephone | 0.84 |
| Photocopying   $0.10   per page and Scanning | 1.00 |
| Total Expenses | $1.84 |

# quinn emanuel trial lawyers
### quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : Patent Holding Co. v. Delphi Automotive Systems Delphi File No. 2000-000105

Matter #: 04385                         Total Fees...................................................$9,011.50
Bill Date: April 13, 2006               Expenses.......................................................$1.84
Invoice # 1083223                       Total Due this Invoice...................................$8,268.58

## Account Summary

Balance Due from Previous Statement(s)...............................................$23,905.18
Total Balance Due...................................................$32,173.76

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 10/13/05 | 1081679 | 23,905.18 | 0.00 | 23,905.18 |



Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138

**quinn emanuel trial lawyers**

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

October 13, 2005

Michele Piscitelli
Delphi Automotive Systems
Delphi World Headquarters - Legal Staff
Mail Code #483-400-603
5725 Delphi Drive
Troy,  MI   48098-2815

Matter # : 04385
Invoice # : 1081679
Responsible Attorney: Robert W. Stone

<u>Patent Holding Co. v. Delphi Automotive Systems Delphi File No. 2000-000105</u>

For Professional Services through September 30, 2005 in connection with patent action - infringement.

|  |  |  |
|---|---|---|
| Fees | | $23,641.50 |
| Expenses | | <u>$263.68</u> |
| Total Due This Invoice | | $23,905.18 |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 09/01/05 | RWS | Communicate TG re: objections to scheduling order; communicate TG re: opinion of counsel; review e-mail from W. Cosnowski re: same. | 1.00 |
| 09/01/05 | TG | Conference Mr. Cosnowski re opinions of counsel and re damages discovery; conference CKV and RWS re same; email communication with Mr. Cosnowski, CKV and RWS re same; document review re same; review Pack Declaration in support of Pack expert report; prepare discovery strategy. | 2.80 |
| 09/02/05 | RWS | TC R. McLaren re: discovery; TC E. Flom re: same; TC CKV re: same; review e-mail re: same; communicate CKV re: same. | 1.60 |
| 09/02/05 | TG | Document review of opinions of counsel in support of production of same; prepare strategy re fact discovery; review Pack Declaration in support of the summary judgment briefs in support of preparing expert report of Pack. | 3.50 |
| 09/06/05 | CKV | Conference RWS concerning negotiations with Plaintiff regarding seeking clarification from Judge Cohn regarding case schedule. | 0.20 |
| 09/06/05 | RWS | Prepare letter to Court re: clarification; TC E. Flom re: same; TC R. McLaren re: same; TC CKV re: same; TC W. Cosnowski re: status. | 1.30 |
| 09/06/05 | TG | Email communication with Mr. Cosnowski re opinions of counsel; review opinions of counsel. | 0.20 |
| 09/07/05 | CKV | Exchange email correspondence concerning retention of industry standard expert; conference RWS concerning same. | 0.10 |
| 09/07/05 | RWS | Review motion for clarification; TC W. Cosnowski re: same; communicate CKV re: experts; communicate TG re: pre-trial submissions, experts; review letter from T. Gemmell re: depositions; communicate TG re: same; communicate S. Hansen re: same; review deposition notices. | 3.10 |
| 09/07/05 | TG | Email communication with CKV and RWS re issues related to opinions of counsel and production of same. | 0.20 |
| 09/08/05 | CKV | Conference RWS and WC concerning preparation for teleconference hearing before Judge Cohn concerning case schedule. | 0.40 |
| 09/08/05 | RWS | Review e-mail from WC re: telephonic hearing; TC CKV re: same; communicate WC re: same; review correspondence re: depositions; review deposition notices in connection with same; TC S. Hansen (several) re: same; review letter to T. Gemmell re: same; communicate TG re: same. | 2.80 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 09/09/05 | CKV | Prepare for and attend teleconference hearing before Judge Cohn regarding schedule; conference WC concerning same; re-review attorney opinion materials. | 1.70 |
| 09/09/05 | RWS | Communicate CKV re: opinion of counsel; communicate TG re: same; revise and edit letter to Gemmell re: depositions. | 1.40 |
| 09/09/05 | TG | Email communication with CKV and RWS re opinions of counsel related issues. | 0.20 |
| 09/12/05 | RWS | Review letter from T. Gemmell; communicate TG re: same. | 0.40 |
| 09/12/05 | TG | Email communication with CKV and RWS re letter from Mr. McLaren. | 0.10 |
| 09/13/05 | CKV | Conference RS concerning Cohn order and preparation of letter requesting a hearing; review draft letter. | 0.10 |
| 09/13/05 | RWS | Revise and edit letter to Court re: attorney-client opinions; TC TG re: same; communicate CKV re: same; review letter from T. Gemmell; communicate team re: same. | 2.10 |
| 09/13/05 | TG | Email communication with RWS re production of opinions of counsel; review same; prepare recommendations re production of same. | 0.20 |
| 09/14/05 | RWS | Revise and edit letter to court; communicate TG re: same; communicate CKV re: same. | 0.60 |
| 09/14/05 | TG | Email communication and telephone conference with RWS re letter to court in support of production of opinions of counsel and Delphi's position of same; review various court orders and transcripts of hearings in support of same. | 0.70 |
| 09/15/05 | RWS | TC TG re: discovery issues; TC CKV re: letter to Cohn; e-mail TG (several) re: discovery; review court order re: opinion of counsel. | 1.20 |
| 09/15/05 | TG | Email communication with CKV and RWS re Delphi's position with respect to the production of opinions of counsel; telephone conference with RWS re 30(b)(6) deposition topics from PHC and related issues; telephone conference with opposing counsel Mr. Flom re same; fax communication with opposing counsel Mr. Flom re same; fax communication with Mr. Cosnowski re same. | 1.00 |
| 09/16/05 | CKV | Conference WC and WPS concerning letter to Judge Cohn regarding attorney opinions. | 0.20 |
| 09/16/05 | RWS | Communicate TG re: letter to Cohn; review correspondence re: depositions. | 0.40 |
| 09/16/05 | TG | Telephone conference with CKV re letter to Court re Delphi's production of documents; email communication with Mr. Cosnowski, CKV and RWS re same. | 0.40 |
| 09/19/05 | CKV | Conference RWS and TG concerning production of atty-client opinions. | 0.10 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 09/19/05 | RWS | TC CKV re: opinions of counsel; TC TG (several) re: letter to court re: hearing; review opinion documents; TC WC re: same; review on-sale bar cases re: use of experts; review correspondence from PHC; communicate team re: same. | 2.40 |
| 09/19/05 | TG | Telephone conference with RWS re letter to court in support of production of opinions of counsel; telephone conference with RWS re production of opinions of counsel and review of documents re same; review 30(b)(6) deposition topics from PHC and letter from Mr. Gemmell in support of same. | 2.50 |
| 09/19/05 | MAS | Reviewing past correspondence for T. Guledjian re 30(b)(6) outstanding issues. | 0.50 |
| 09/20/05 | RWS | TC CKV re: opinions of counsel; TC WC, CKV re: same; TC TG (several) re: status. | 1.40 |
| 09/20/05 | TG | Email communication with RWS re 30(b)(6) notices from PHC and from Delphi; email communication with Mr. Cosnowski re same. | 0.50 |
| 09/21/05 | RWS | Review Schenk deposition transcript; confer TG re: status. | 2.80 |
| 09/21/05 | TG | Email communication with CKV and RWS re locating of expert to testify re "on-sale" bar and "offers" in connection with same in the auto industry. | 0.20 |
| 09/22/05 | RWS | TC TG re: discovery; review discovery requests; review correspondence re: same. | 2.10 |
| 09/22/05 | TG | Review deposition transcript of Mr. Schenck in support of responding to PHC's 30(b)(6) topics; review prior discovery responses in support of same; review court orders in support of same. | 2.80 |
| 09/23/05 | RWS | TC W. Cosnowski re: document production; revise and edit letter to Gemmell re: depositions; review correspondence re: discovery; TC TG re: status. | 1.80 |
| 09/25/05 | TG | Email communication with RWS re Gemmell's letter re 30(b)(6) topics; draft responsive letter to same. | 0.50 |
| 09/26/05 | CKV | Review latest 30(b)(6) notice; conference RWS concerning same. | 0.10 |
| 09/26/05 | RWS | Review 30(b)(6) notice; communicate TG re: letter to Gemmell; review correspondence re: 30(b)(6) notice; communicate W. Cosnowski re: same; TC TG re: discovery; review Schenk deposition. | 3.40 |
| 09/26/05 | TG | Email communication with RWS re recently served 30(b)(6) deposition notice from PHC; email communication with Mr. Cosnowski re same; email communication with MS re preparation of deposition transcripts of Schenck and Rice and re 30(b)(6) notice and status of various topics; review Schenck and Rice deposition transcripts; email communication with Mr. Cosnowski re same. | 1.00 |

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 09/26/05 | MAS | Prepared pdf's of mini scripts of Delphi's 30(b)(6) depos of T. Guledjian to be sent to client. | 0.60 |
| 09/27/05 | RWS | Revise and edit letter to Gemmell; TC TG re: same; review correspondence re: depositions; communicate CKV re: status; communicate W. Cosnowski re: same. | 0.50 |
| 09/27/05 | TG | Email communication with RWS and Mr. Cosnowski re 30(b)(6) depositions and availability of witnesses and identity of witness re same; prepare letter to Gemmell re same.  Email communication with RWS re same. | 0.80 |
| 09/27/05 | MAS | Reviewing correspondence, filings and depos for 30(b)(6) issues for T. Guledjian. Meeting with T. Guledjian re 30(b)(6) issues for depositions. | 2.60 |
| 09/28/05 | RWS | TC W. Cosnowski re: document production; review Schenk deposition; communicate TG re: discovery plan; communicate CKV re: same. | 2.50 |
| 09/28/05 | TG | Conference MS re discovery taken to date and re 30(b)(6) topics, including determination of which have been completed and by whom; prepare memorandum re same to RWS; email communication with RWS re same; review discovery responses and correspondence surrounding 30(b)(6) issues in support of same. | 2.20 |
| 09/28/05 | MAS | Research re court's orders on 30(b)(6) issues. | 0.80 |
| 09/29/05 | RWS | Communicate TG (several) re: discovery plan; TC TG, W. Cosnowski re: same; communicate S. Hansen (several) re: same; review hearing transcript re: discovery disputes; review Schenk deposition transcript. | 3.10 |
| 09/29/05 | TG | Email communication with RWS re 30(b)(6) topics; review transcript of hearings held May 1, 2003 relating to discovery scope concerning paradigm covers; review surrounding correspondence in support of same; review discovery in support of same; prepare positions with respect to each 30(b)(6) topic. | 2.80 |
| 09/30/05 | RWS | Communicate TG re: discovery plan; review transcript of hearing in connection with same. | 0.80 |
| 09/30/05 | TG | Email communication with RWS re 30(b)(6) topics and re Court Orders currently in place; prepare memorandum re same. | 0.50 |
| | | Total Hours | 67.20 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Charles K. Verhoeven | CKV | Partner | 2.90 | 500.00 | 1,450.00 |
| Robert W. Stone | RWS | Partner | 36.70 | 395.00 | 14,496.50 |
| Tigran Guledjian | TG | Associate | 23.10 | 300.00 | 6,930.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Michael A. Secondo | MAS | Paralegal | 4.50 | 170.00 | 765.00 |

## Expense Summary

| Description | Amount |
|---|---|
| Express mail | 30.63 |
| Telephone | 5.74 |
| Photocopying   $0.10   per page | 216.50 |
| Westlaw | 10.81 |
| Total Expenses | $263.68 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : Patent Holding Co. v. Delphi Automotive Systems Delphi File No. 2000-000105

Matter #: 04385                     Total Fees.................................................$23,641.50
Bill Date: October 13, 2005              Expenses.....................................................$263.68
Invoice # 1081679                 Total Due this Invoice...............................$23,905.18

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138



# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

November 14, 2005

Beth Sax
Assistant General Counsel
Delphi World Headquarters & Customer Ctr
5825 Delphi Drive
Troy, MI 48098

Matter # : 08915
Invoice # : 1083245
Responsible Attorney: Randa A. Osman

Whitney v. Delphi Corporation, Delphi Case No.: 2005-000697

For Professional Services through October 8, 2005 in connection with defend client in age discrimination case.

| | |
|---|---|
| Fees | $294.00 |
| Expenses | $1.68 |
| Total Due This Invoice | $295.68 |
| Balance Due from Previous Statement(s) | $2,785.50 |
| Total Balance Due | $3,081.18 |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 10/04/05 | RAO | Conference ALB re plaintiff's deposition and document demand. | 0.20 |
| 10/06/05 | RAO | Conference ALB re depositions; teleconference with plaintiff's counsel re same. | 0.20 |
| 10/06/05 | ALB | Draft letter re depositions; teleconference with opposing counsel re same; conference RAO re same. | 0.30 |
| | | Total Hours | 0.70 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Randa A. Osman | RAO | Partner | 0.40 | 510.00 | 204.00 |
| Allison L. Burkholder | ALB | Associate | 0.30 | 300.00 | 90.00 |

## Expense Summary

| Description | Amount |
|-------------|--------|
| Telephone | 0.08 |
| Photocopying    $0.10   per page and Scanning | 1.60 |
| Total Expenses | $1.68 |

# quinn emanuel trial lawyers
### quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

## Current Invoice Summary

Matter Name : Whitney v. Delphi Corporation, Delphi Case No.: 2005-000697

Matter #: 08915
Bill Date: April 13, 2006
Invoice # 1083245

Total Fees........................................................$294.00
Expenses..........................................................$1.68
Total Due this Invoice.....................................$295.68

## Account Summary

Balance Due from Previous Statement(s)....................................$2,785.50
Total Balance Due.................................................................$3,081.18

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 09/15/05 | 1080682 | 141.60 | 0.00 | 141.60 |
| 10/17/05 | 1081814 | 2,643.90 | 0.00 | 2,643.90 |



Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138

**quinn emanuel trial lawyers**

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

September 15, 2005

Beth Sax
Assistant General Counsel
Delphi World Headquarters & Customer Ctr
5825 Delphi Drive
Troy, MI 48098

Matter # : 08915
Invoice # : 1080682
Responsible Attorney: Randa A. Osman

<u>Whitney v. Delphi Corporation</u>

For Professional Services through August 31, 2005 in connection with defend client in age discrimination case.

| | |
|---|---|
| Fees | $94.00 |
| Expenses | <u>$0.60</u> |
| Total Due This Invoice | $94.60 |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/30/05 | RAO | Review incoming document; calendar date to respond to complaint | 0.20 |
| | | Total Hours | 0.20 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Randa A. Osman | RAO | Partner | 0.20 | 470.00 | 94.00 |

## Expense Summary

| | | | |
|---|---|---|---|
| photocopying | $0.10 per page | | 0.60 |
| | Total Expenses | | $0.60 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

### Current Invoice Summary

Matter Name : Whitney v. Delphi Corporation

Matter #: 08915                    Total Fees......................................................$94.00
Bill Date: September 15, 2005      Expenses.......................................................$0.60
Invoice # 1080682                  Total Due this Invoice......................................$94.60

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138



**quinn emanuel trial lawyers**

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
san diego
new york

October 17, 2005

Beth Sax
Assistant General Counsel
Delphi World Headquarters & Customer Ctr
5825 Delphi Drive
Troy, MI 48098

Matter # : 08915
Invoice # : 1081814
Responsible Attorney: Randa A. Osman

<u>Whitney v. Delphi Corporation</u>

For Professional Services through September 30, 2005 in connection with defend client in age discrimination case.

|  |  |
|---|---|
| Fees | $2,037.00 |
| Expenses | <u>$606.90</u> |
| Total Due This Invoice | $2,643.90 |
| Balance Due from Previous Statement(s) | $141.60 |
| Total Balance Due | <u>$2,785.50</u> |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 09/02/05 | ALB | Review complaint, and documents received from client including: EEOC response, correspondence re DFEH and EEOC charges | 1.20 |
| 09/06/05 | RAO | Conference ALB re response to complaint; review documents | 0.20 |
| 09/08/05 | RAO | Conference ALB re response to complaint | 0.20 |
| 09/08/05 | ALB | Draft answer; telephone conference with RAO re same; telephone conference with opposing counsel re response date | 1.20 |
| 09/09/05 | RAO | Conference ALB re response to complaint | 0.10 |
| 09/12/05 | RAO | Conference ALB re her conversation with plaintiff's counsel and re B. Sax's comments to answer | 0.20 |
| 09/12/05 | ALB | Telephone conference with opposing counsel and RAO re responsive pleading date; draft confirming letter re same | 0.20 |
| 09/13/05 | RAO | Review incoming document | 0.10 |
| 09/19/05 | RAO | Review and revise answer; conference ALB re same | 0.40 |
| 09/20/05 | RAO | Conference ALB re revisions to answer | 0.10 |
| 09/20/05 | ALB | Conduct legal research re statute of limitations; review and revise answer; telephone conference with RAO re same | 0.60 |
| 09/21/05 | RAO | Conference ALB re statute of limitations and response to complaint | 0.20 |
| 09/21/05 | ALB | Conduct legal research re statute of limitations of emotion distress claims and wrongful termination; revise answer | 0.40 |
| 09/22/05 | RAO | Conference ALB re deposition notice for plaintiff | 0.10 |
| 09/23/05 | ALB | Draft deposition notice | 0.30 |
| 09/28/05 | RAO | Conference ALB re plaintiff's deposition | 0.10 |

Total Hours  5.60

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Randa A. Osman | RAO | Partner | 1.70 | 510.00 | 867.00 |
| Allison L. Burkholder | ALB | Associate | 3.90 | 300.00 | 1,170.00 |

## Expense Summary

| Description | | Amount |
|---|---|---|
| Postage | | 1.34 |
| Filing fee | | 592.40 |
| Telephone | | 0.06 |
| Photocopying | $0.10   per page | 13.10 |
| | Total Expenses | $606.90 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
san diego
new york

### Current Invoice Summary

Matter Name : Whitney v. Delphi Corporation

Matter #: 08915
Bill Date: October 16, 2005
Invoice # 1081814

Total Fees..................................................$2,037.00
Expenses...................................................$606.90
Total Due this Invoice.................................$2,643.90

### Account Summary

Balance Due from Previous Statement(s)..........................................$141.60
Total Balance Due..................................................$2,785.50

| Date | Invoice # | Amount Billed | Payments Applied | Outstanding Amount |
|------|-----------|---------------|------------------|--------------------|
| 09/15/05 | 1080682 | 141.60 | 0.00 | 141.60 |



Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138



FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT _Southern_ DISTRICT OF _New York_ | PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number |
|---|---|
| Delphi Automotive Systems | 05-44481    (RDD) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Quinn Emanuel Urquhart Oliver & Hedges LLP

Name and address where notices should be sent:

Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone number:  (213) 443-3000

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Delphi Corporation (1289)

Check here ☐ replaces
if this claim ☐ amends       a previously filed claim, dated:_____

**1. Basis for Claim**
- ☐ Goods sold
- XXXX Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)        (date)

**2. Date debt was incurred:**
February 1, 2006 to May 31, 2006

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:  $    63,564.33**

| (unsecured) | (secured) | (priority) | (Total) |
|---|---|---|---|

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6. Unsecured Nonpriority Claim $_____**

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority  $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:**    To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):   Gerald Hawxhurst, Esq. |
|---|---|
| 7/31/06 | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.