Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
In re:                                     :   Chapter 11
                                           :
  Delphi Corporation, et al.,              :   Case No. 05-44481 (RDD)
                                           :   (Jointly Administered)
                          Debtors.         :
                                           :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COVER SHEET TO FIRST INTERIM FEE APPLICATION OF FRIED,
FRANK, HARRIS, SHRIVER & JACOBSON LLP, COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, FOR
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AND POSTED DURING
THE PERIOD FROM
MAY 8, 2006 THROUGH MAY 31, 2006**

NAME OF APPLICANT:            Fried, Frank, Harris, Shriver
                               & Jacobson LLP

ROLE IN THE CASE:             Attorneys for the Official Committee of
                               Equity Security Holders.

DATE OF RETENTION:            May 8, 2006

COMPENSATION PERIOD:          May 8, 2006 through
                               May 31, 2006

TOTAL BILLED HOURS:           1,141.20

COMPENSATION SOUGHT:          $598,265.00

| | |
|---|---|
| EXPENSE REIMBURSEMENT SOUGHT: | $5,451.63 |
| BLENDED RATE: | $508.00 |
| BLENDED RATE (EXCLUDING PARAPROFESSIONALS): | $588.00 |
| PRIOR APPLICATIONS: | N/A |
| AGGREGATE AMOUNTS PAID TO DATE: | $0.00 |

559073

## HOURS BILLED

| Name of Professional Individual | Year First Admitted to Practice | Hourly Billing Rate during Fee Period | Total Hours Billed during Fee Period | Total Compensation Requested during Fee Period |
|---|---|---|---|---|
| Partners | | | | |
| Donald Carleen | 1984 | $780 | 15.70 | $12,246.00 |
| Jack Jacobson | 1984 | $780 | 6.30 | $4,914.00 |
| Dixie Johnson | 1987 | $795 | 4.90 | $3,895.50 |
| Jonathan Lewis | 1995 | $690 | 11.10 | $7,659.00 |
| Vivek Melwani | 1996 | $670 | 64.60 | $43,282.00 |
| Brad Eric Scheler | 1978 | $995 | 35.00 | $34,825.00 |
| Bonnie K. Steingart | 1980 | $780 | 138.90 | $108,342.00 |
| Debra Torres | 1984 | $750 | 81.20 | $60,900.00 |
| Counsel | | | | |
| Alan Resnick | 1973 | $850 | 7.80 | $6,630.00 |
| Associates | | | | |
| Kimberly Cain | 2005 | $315 | 14.60 | $4,599.00 |
| Marc Feldhamer | 2006 | $315 | 58.10 | $18,301.50 |
| Darcy M. Goddard | 2001 | $500 | $110.60 | $55,300.00 |
| Israel Greisman | 2004 | $420 | 15.80 | $6,636.00 |
| Uri Horowitz | 2006 | $315 | 92.70 | $29,200.50 |
| Christina McGill | 2004 | $420 | 86.10 | $36,162.00 |
| Jennifer Rodburg | 2001 | $500 | 51.60 | $25,800.00 |
| Andrew Schoulder | 2003 | $445 | 30.50 | $13,572.50 |
| Richard Slivinski | 2002 | $470 | 193.10 | $90,757.00 |
| Jason R. Wolf | 2002 | $445 | 45.40 | $20,203.00 |
| Paraprofessionals | | | | |
| Laura Guido | N/A | $185 | 10.40 | $1,924.00 |
| James Jenner | N/A | $200 | 6.90 | $1,380.00 |
| Omar Solivan | N/A | $165 | 50.80 | $8,382.00 |
| Other Professionals[1] | Various | $110 - $525 | 16.00 | $4,734.00 |
| **TOTAL** | | | **1,141.20** | **$598,265.00** |

---

[1] This entry reflects charges incurred by associates and paralegals with less than 5 hours billed to the engagement.

Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
In re:                                  :   Chapter 11
                                        :
  Delphi Corporation, et al.,           :   Case No. 05-44481 (RDD)
                                        :   (Jointly Administered)
                        Debtors.        :
                                        :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FIRST INTERIM FEE APPLICATION OF FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON LLP, COUNSEL FOR THE OFFICIAL
COMMITTEE OF EQUITY SECURITY HOLDERS, FOR
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AND POSTED
DURING THE PERIOD FROM
MAY 8, 2006 THROUGH MAY 31, 2006

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

    Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), attorneys for the

Official Committee of Equity Security Holders (the "Equity Committee ") of Delphi Corporation

("Delphi," and together with the other above-captioned debtors, the "Debtors") in the above-

captioned cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"), hereby submits this first interim fee application (the "Fee

Application") for (i) payment of compensation in the amount of $598,265.00, for the reasonable

and necessary legal services rendered by Fried Frank on behalf of the Equity Committee (the

"Fees") during the period from May 8, 2006 through May 31, 2006 (the "Fee Period"), and

(ii) reimbursement in the amount of $5,451.63, for the actual and necessary expenses incurred and posted (the "Expenses") during the Fee Period. Fried Frank submits this Fee Application pursuant to sections 330 and 331 of the Bankruptcy Code and in accordance with the Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals, entered November 4, 2005 (Docket No. 869) (as supplemented by Docket Nos. 2747, 2986, 3630, 4545, the "Interim Compensation Order"), the Amended Guidelines for Fees and Disbursements of Professionals in the Southern District of New York Bankruptcy Cases, adopted by this Court on April 19, 1995 (the "Amended Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"). In support of this Fee Application, Fried Frank respectfully states as follows:

## PRELIMINARY STATEMENT

1.  The Equity Committee retained Fried Frank on May 8, 2006, subject to Bankruptcy Court approval, which was subsequently obtained on June 19, 2006. In assisting the Equity Committee during the Fee Period, Fried Frank devoted, and through the present date, Fried Frank continues to devote, a significant amount of professional effort to reviewing the pressing transformational issues in the Chapter 11 Cases, including issues relating to labor, pension, other benefits, and General Motors Corporation ("GM").

2.  The Interim Compensation Order provides that, no later than the last calendar day of the second month following each four-month fee application period, professionals may request court approval of the compensation and reimbursement of expenses requested. In accordance with the Interim Compensation Order, Fried Frank now submits its first interim fee application.

## BACKGROUND

3.  On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the

2

United States Bankruptcy Court for the Southern District of New York. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession. This Court entered orders directing the joint administration of the Chapter 11 Cases.

4. On October 17, 2005, the Office of the United States Trustee (the "UST") appointed the official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

5. On March 30, 2006, the Court entered an order (the "Equity Committee Order") directing the UST to appoint a committee of equity security holders pursuant to section 1102 of the Bankruptcy Code.

6. On April 28, 2006, the UST appointed the Equity Committee. On May 8, 2006, the Equity Committee determined, subject to Court approval, to retain Fried Frank as its counsel. The retention of Fried Frank *nunc pro tunc* to May 8, 2006 was approved by this Court by order dated June 19, 2006 (the "Retention Order").[1]

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the Fee Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## COMPLIANCE WITH APPLICABLE ORDERS AND GUIDELINES

8. This Fee Application has been prepared in compliance with the Interim Compensation Order, the Amended Guidelines, and the UST Guidelines. Pursuant to the Amended Guidelines, a certification regarding compliance is attached hereto as **Exhibit B**.

## SUMMARY OF APPLICATION

9. Since its retention in the Chapter 11 Cases, Fried Frank has acted as counsel to the Equity Committee and advised the Equity Committee with respect to the

---

[1] A copy of the Retention Order is attached hereto as **Exhibit A**.

3

numerous issues that confront the Debtors and the Debtors' equity security holders, consistent with the Equity Committee Order. As more fully described below, the professional services rendered by Fried Frank have included, among others:

(i) assisting, advising and representing the Equity Committee in its meetings with the Debtors and the Creditors' Committee;

(ii) assisting, advising and representing the Equity Committee in evaluating and analyzing the various labor issues involving the Debtors, their Unions, and their workforce, including the 1113/1114 Motion (as defined below) and the Debtors' attrition programs;

(iii) assisting, advising and representing the Equity Committee in its evaluation of various by and against GM;

(iv) assisting, advising and representing the Equity Committee in reviewing and determining the Equity Committee's rights and obligations; and

(v) assisting, advising and representing the Equity Committee in the performance of its duties and powers under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, in accordance with the scope of the Equity Committee's mandate imposed by the Court, and assisting the Equity Committee in becoming fully versed in issues of the Chapter 11 Cases as expeditiously as possible.

10. During the Fee Period, members, counsel and associates of Fried Frank have devoted many hours to the Chapter 11 Cases, and have addressed, and continue to address, the issues and concerns of the Equity Committee in an effort to assist with the reorganization of the Debtors' business.

11. During the Fee Period, the partners, counsel, associates and paraprofessionals of Fried Frank devoted in excess of 1,140 hours in the rendition of professional services on behalf of the Equity Committee. A schedule setting forth the number of hours expended by each of the partners, counsel, associates and paraprofessionals of Fried Frank accompanies this Fee Application as **Exhibit C**.

12. In addition, Fried Frank is requesting reimbursement of disbursements in the amount $5,451.63 for expenses incurred and posted during the Fee Period. With respect to the disbursements incurred and posted, Fried Frank has eliminated a number of disbursements

4

that are non-compensable. A schedule setting forth the categories of expenses for which Fried Frank is seeking reimbursement and the total amount for each expense category is attached hereto as **Exhibit D**.

13.  Pursuant to section II.D. of the UST Guidelines, a schedule setting forth a description of the project categories utilized by Fried Frank in the Chapter 11 Cases, the number of hours expended by the partners, counsel, associates, and paraprofessionals of Fried Frank by project category, and the aggregate fees associated with each project category is attached hereto as **Exhibit E**.

14.  There does not exist any agreement or understanding between Fried Frank and any other entity for the sharing of compensation to be received for services rendered in or in connection with the Chapter 11 Cases.

<u>REASONABLE AND NECESSARY SERVICES RENDERED BY FRIED FRANK</u>

15.  Set forth below is a description of the services rendered during the Fee Period. The attorneys and paraprofessionals of Fried Frank maintained daily detailed records of their time concurrently with the rendition of professional services. To the fullest extent possible, the details of each and every conference, telephone conversation, negotiating session, letter, memorandum, factual investigation, drafting activity and research project that occupied the time of a Fried Frank professional were set forth in such time records. Accompanying this Application as **Exhibit F** are compilations of the contemporaneous daily time entries recorded by Fried Frank's attorneys and paraprofessionals during the Fee Period. Those entries describe in full and complete detail the services rendered by each attorney and paraprofessional, as corrected to reflect errors that were found in Fried Frank's review. Accordingly, the following is intended to serve as a summary description of the principal professional services Fried Frank rendered, and to highlight the benefits that were thereby conferred upon the Equity Committee.

<u>General Committee Matters</u>

16.  Fried Frank rendered a total of 256.10 hours and $132,829.50 in services falling within the category of "General Committee Matters." This category includes time spent

5

on various matters that did not expressly fall into other categories, including participating in various meetings and telephone conferences with the Debtors and other key parties in the Chapter 11 Cases. In addition, Fried Frank spent numerous hours researching and discussing general issues related to the Debtors' restructuring and preparing and revising memoranda necessary to understand those issues that do not fall into the more specific categories set forth in this Fee Application. Moreover, Fried Frank lawyers also attended to the general management of the Equity Committee and its members.

17. The Chapter 11 Cases are among the largest and most complex bankruptcy cases filed. Though the Chapter 11 Cases were filed in October 2005, the Equity Committee Order was not entered until March 30, 2006, and the Equity Committee was not appointed until April 28, 2006. Further, the Equity Committee did not select Fried Frank as its counsel until May 8, 2006. As a result, Fried Frank devoted a substantial amount of time during the Fee Period to becoming fully cognizant of, and getting up to speed with regard to, all of the relevant issues in the Chapter 11 Cases and sharing such information with the members of the Equity Committee.

<u>Meetings and Communications with Equity Holders</u>

18. Fried Frank rendered a total of 140.70 hours and $86,716.50 in services falling within the category of "Meetings and Communications with Equity Holders." This category includes time Fried Frank spent preparing for and attending weekly meetings with the Equity Committee and related communications with the Equity Committee and with other equity holders.

<u>Hearings</u>

19. Fried Frank rendered a total of 109.70 hours and $71,693.00 in services falling within the category of "Hearings." This category includes time Fried Frank spent attending hearings on the Debtors' Motion for Order Under 11 U.S.C. Section 1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. Section

1114(g) Authorizing Modification of Retiree Welfare Benefits (the "1113/1114 Motion") and the May 30, 2006 omnibus hearing.

Pension Issues

20.   Fried Frank rendered a total of 18.70 hours and $8,802.50 in services falling within the category of "Pension Issues." This category includes time Fried Frank spent analyzing and researching various issues relating to the Debtors' pension plans and pension liabilities in the Chapter 11 Cases.

1113/1114 Issues

21.   Fried Frank rendered a total of 405.50 hours and $194,476.50 in services falling within the category of "1113/1114 Issues." This category includes time Fried Frank spent analyzing, researching, and preparing memoranda addressing issues relating to sections 1113 and 1114 of the Bankruptcy Code and the 1113/1114 Motion, including reviewing the declarations submitted by various witnesses and the deposition testimony of certain of those witnesses. In addition, Fried Frank spent time preparing to examine witnesses at trial, if necessary. Fried Frank also spent time communicating with the Equity Committee with respect to these issues and responding to questions posed by various members of the Equity Committee.

22.   It should be noted that, as set forth above, the Equity Committee asked Fried Frank to act as its counsel on May 8, 2006, which was the day prior to the commencement of the hearings on the 1113/1114 Motion. In order to be in a position where Fried Frank could adequately represent the interests of the Equity Committee in connection with the 1113/1114 Motion, a number of Fried Frank attorneys were required to spend a significant amount of time during the Fee Period familiarizing themselves with the issues relating to the 1113/1114 Motion, and preparing for the hearing on the 1113/1114 Motion.

Other Labor Matters

23.   Fried Frank rendered a total of 70.60 hours and $32,080.00 in services falling within the category of "Other Labor Matters." This category includes time Fried Frank spent reviewing labor issues that do not fall into the category of "1113/1114 Issues," including

7

reviewing and analyzing the various agreements between the Debtors and their Unions and agreements between the Debtors and GM relating to the Debtors' labor force. In addition, Fried Frank prepared and revised memoranda relating to the various agreements and their costs and benefits. Fried Frank also reviewed and analyzed the Debtors' attrition program and responded to questions posed by various members of the Equity Committee regarding this program.

Relationship with Primary Customer

24.     Fried Frank rendered a total of 120.20 hours and $61,578.50 in services falling within the category of "Relationship with Primary Customer." This category includes time Fried Frank spent reviewing and analyzing the relationship between the Debtors and GM, including potential claims GM may assert against the Debtors in the Chapter 11 Cases and potential causes of action and defenses the Debtors may have against GM. Fried Frank also reviewed and analyzed the Debtors' Motion for Order Under 11 U.S.C. Section 365 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Certain Executory Contracts with General Motors Corporation (the "GM Rejection Motion") and responded to questions posed by various members of the Equity Committee regarding the GM Rejection Motion. In addition, Fried Frank spent time reviewing and analyzing the commercial relationship between the Debtors and GM and the various agreements governing that relationship.

Fee Applications and Retention

25.     Fried Frank rendered a total of 19.70 hours and $10,088.50 in services falling within the category of "Fee Applications and Retention." This category includes time Fried Frank spent preparing, reviewing, and revising the Equity Committee's retention application for Fried Frank, and compiling and including relevant information to be included therein, including, but not limited to, efforts related to conflict checks and disclosures made concerning past engagements of Fried Frank.

FRIED FRANK'S FEES AND EXPENSES ARE FAIR AND REASONABLE

26.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Fried Frank believes that the total fees and expenses for the Fee Period are fair

8

and reasonable in view of the time spent, the complexity and intricacy of the proceedings, and the problems and issues encountered. Fried Frank and the Equity Committee worked diligently throughout the Fee Period to become fully versed with respect to the key issues in the Chapter 11 Cases as expeditiously as possible and to ensure that their efforts were within the scope of the Equity Committee's mandate, as set forth in the Equity Committee Order. Therefore, in accordance with the factors enumerated in 11 U.S.C. §330(a)(3), Fried Frank believes that the compensation sought herein should be approved.

## APPLICABLE AUTHORITY

27. In awarding compensation pursuant to section 328 of the Bankruptcy Code to counsel for an official equity committee, this Court must take into account the reasonableness of the terms and conditions of employment. Section 328(a) of the Bankruptcy Code provides in pertinent part:

> (a)    The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

28. In awarding compensation to professionals pursuant to section 330 of the Bankruptcy Code, this Court must take into account the cost of comparable non-bankruptcy services, among other factors. Section 330(a) of the Bankruptcy Code provides in pertinent part:

> (1)    . . . [T]he court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 -
>
> (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person,

9

    or attorney and by any paraprofessional person employed by any such person; and

    (B) reimbursement for actual, necessary expenses.

*   *   *

   (3) (A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -

    (A) the time spent on such services;

    (B) the rates charged for such services;

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

   29. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Fried Frank respectfully submits that the fees and expenses incurred in the course of rendering professional services are actual, necessary and reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in non-bankruptcy cases, so as to best serve the needs of the Equity Committee and the Debtors' estate. Fried Frank submits further that the legal services performed herein among partners, associates, and paraprofessionals have been executed in accordance with the principles outlined above, and moreover, in a manner consistent with the overall goal of Fried Frank to provide the highest quality of legal representation at a reasonable cost. Fried Frank has demonstrated by this Fee Application that the work it has done on behalf of the Equity

Committee was necessary, reasonable and benefits the Debtors' equity security holders, unsecured creditors and the Debtors' estates.

30.  This Fee Application clearly reflects (a) the number of hours of recorded time Fried Frank has devoted to the performance of legal services; (b) the number of hours worked by each of Fried Frank's professionals and paraprofessionals and the hourly rate customarily charged by such persons; (c) a detailed description of the services provided by Fried Frank's professionals and paraprofessionals during each of those hours; and (d) the quality and nature of the services provided by each of Fried Frank's professionals and paraprofessionals. Fried Frank submits that its fees and expenses were actual, necessary, reasonable, justified and should, therefore, be allowed in full.

## COMPENSATION REQUESTED

31.  Given the circumstances of the Chapter 11 Cases, the professional services rendered by Fried Frank require an expenditure of a great deal of time and effort. During the Fee Period, in excess of 1,140 recorded hours were expended by Fried Frank's partners, counsel, associates and paraprofessionals in the rendition of Fried Frank's professional services.

32.  Fried Frank believes that its services were rendered in a highly efficient manner, by attorneys with high levels of skill in the areas for which they rendered services. The core group of attorneys working on this matter has expended considerable time in connection with the Equity Committee's general legal needs and in furtherance of the Equity Committee's goal of furthering the interests of all equity security holders. This experienced group of attorneys makes every effort to ensure that the Chapter 11 Cases progress in as efficient and expeditious a manner as possible and result in the successful reorganization of the Debtors.

33.  For all the foregoing reasons, Fried Frank respectfully requests approval and allowance of its compensation in the amount of $598,265.00, with an authorization for, and direction to, the Debtors to disburse such amounts to Fried Frank. This Fee Application is Fried Frank's first interim fee application for allowance of fees and disbursements incurred by Fried Frank as counsel to the Equity Committee. An allowance of compensation in the amount sought

11

in this Application would result in a blended aggregate average billing rate of approximately $508.00 per hour and a blended rate (excluding paraprofessionals) of approximately $588.00 per hour (based on recorded hours).

## EXPENSES

34.     As noted above, Fried Frank incurred and posted disbursements in the amount of $5,451.63 for actual and necessary expenses incurred and recorded during the Fee Period.  These disbursements are itemized in **Exhibit D**.

35.     Fried Frank's billing rates do not include components for duplicating, word processing and other extraordinary charges that may be incurred by particular clients because of the exigencies of time and volume of demand.  Fried Frank's billing method, whereby only the clients who use copying, word processing and other office services are charged for such services, maximizes fairness to all clients.  Fried Frank commenced a comprehensive study and review to determine its actual costs per page for duplicating.  Such study and review determined that, at the present time, Fried Frank's actual duplicating cost is 12¢ per page.

36.     Fried Frank's billing rates do not include a component for word processing as part of overhead.  Some time ago, Fried Frank analyzed its method of charging clients for word processing services and, specifically whether it was appropriate to charge clients for word processing as part of overhead or based on the extent to which word processing was used.  After such analysis, Fried Frank elected to keep its charges for word processing as a disbursement.  Fried Frank concluded that it was fairer to its clients not to increase its billing rates to account for word processing services that might or might not be used by the client.  In this way, only clients who used such services would be charged for services.

37.     The time constraints imposed by the circumstances of these Chapter 11 Cases, and by Fried Frank's late appearances in the Chapter 11 Cases required Fried Frank's attorneys and other employees to devote substantial amounts of time during the evenings and on weekends to the performance of legal services on behalf of the Equity Committee.  As a

consequence, Fried Frank was required to incur overtime secretarial charges to discharge its professional responsibilities.

38.    Fried Frank attempted to reduce overtime secretarial charges and to limit them to instances where such were necessary, by encouraging its attorneys to use a secretarial pool. If a secretary was not needed at the attorney's desk for the entire evening, the attorney was required to bring his or her work to the firm's secretarial pool. The client was then only charged for the word processing charges associated with the document, rather than charging the client for a secretary spending an entire evening at a desk whether or not the attorney actually used the secretary for the entire time.

39.    Fried Frank's attorneys and other employees who worked late into the evenings were reimbursed for their reasonable meal costs and their transportation costs home. Such transportation costs are necessary expenses because it is a Fried Frank policy to ensure safe transportation for its attorneys and staff after the hours when public transportation cannot be deemed safe. Fried Frank's regular practice is to charge its clients for these and other out-of-pocket disbursements incurred during the regular course of the rendition of services.

40.    Since certain members of the Equity Committee and other key parties in interest in the Chapter 11 Cases, and/or their counsel, are located outside of New York, some long-distance telephone calls were required.[2] Fried Frank also incurred expenses for delivery of documents. Fried Frank also seeks reimbursement for transportation costs and reasonable meal costs incurred by Fried Frank's attorneys and administrative support staff working overtime and late into the evening. Fried Frank made every effort to minimize its disbursements in providing its legal services to the Equity Committee. The expenses incurred in the rendition of professional services were necessary, reasonable and justified under the circumstances to serve

---

[2]    Due to delays caused by accounting processing procedures, long-distance telephone calls that were made during the Fee Period are not included in the Fee Application and Fried Frank will seek such expenses in a subsequent fee application.

13

the needs of the Equity Committee and were billed at rates and in accordance with practices customarily employed by Fried Frank and generally accepted by Fried Frank's clients.

## WAIVER OF MEMORANDUM OF LAW

41.     Pursuant to Local Rule 9013-1(b), Fried Frank respectfully requests that the Court waive the requirement that Fried Frank file a memorandum of law in support of this Fee Application, since this Fee Application raises no novel issues of law.

## NOTICE

42.     In compliance with the Interim Compensation Order, notice of the filing of this Fee Application has been provided to all parties who have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases. In addition, the Fee Application in its entirety has been served on the following parties: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: David Sherbin, Esq., (ii) counsel to the Debtors, Skadden, Arps, Slate & Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606, Attn.: John Wm. Butler Jr., (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq., (iv) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802, Att'n: Robert J. Rosenberg, Esq., (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Att'n: Marissa Wesley, Esq., (vi) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Att'n: Donald Bernstein, Esq. and Brian Resnick, Esq., and (vii) the members of the Fee Review Committee. In light of the nature of the relief requested, the Equity Committee submits that no other or further notice is necessary.

## CONCLUSION

43.     Although every effort has been made to include all Fees and Expenses incurred in the Fee Period in this Fee Application, some Fees and Expenses might not be

included in this Fee Application due to delays caused by accounting processing procedures. Fried Frank reserves the right to make further application to this Court for allowance of such Fees and Expenses not included herein.  Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, and the Interim Compensation Order.

44. For the reasons set forth above, Fried Frank respectfully submits that the professional services rendered and disbursements incurred and posted on behalf of the Equity Committee were of substantial benefit to the Equity Committee, other equity holders, creditors and the Debtors.  Fried Frank submits further that it provided such services in an economical and efficient manner.  Accordingly, Fried Frank respectfully requests that the relief requested in this Fee Application be granted in full.

WHEREFORE, Fried Frank requests that it be allowed and paid interim compensation for its Fees and Expenses in the total amount of $603,716.63 consisting of (a) $598,265.00 for reasonable and necessary professional services rendered by Fried Frank, and (b) $5,451.63 for actual and necessary Expenses incurred on behalf of the Equity Committee. Fried Frank further requests that the total amount of $603,716.63 be paid as an administrative expense of the Debtors' estates

Dated: New York, New York
       July 31, 2006

>                          FRIED, FRANK, HARRIS, SHRIVER
>                            & JACOBSON LLP
>
>                          By:  /s/ Bonnie Steingart
>                               Bonnie Steingart (BS-8004)
>                               Debra M. Torres (DT-9093)
>
>                          One New York Plaza
>                          New York, New York 10004
>                          Telephone:  212.859.8000
>                          Facsimile:  212.859.4000
>
>                          *Counsel for the Official Committee of Equity
>                          Security Holders*

559035