# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                                                   :

     In re                                  :     Chapter 11

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)

                      Debtors.    :     (Jointly Administered)
                                                   :
------------------------------x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF BANNER & WITCOFF, LTD.
AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

("BANNER RETENTION ORDER")

Upon the application, dated December 6, 2005 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order"), pursuant to 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014, authorizing the employment and retention of Banner & Witcoff, Ltd. ("Banner") as an intellectual property counsel to the Debtors; and upon the Affidavit of Charles W. Shifley, sworn to December 6, 2005, in support of the Application (the "Shifley Affidavit"); and this Court being satisfied with the representations made in the Application and the Shifley Affidavit that Banner does not represent or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to the matters on which Banner is to be employed, and that Banner's employment is necessary and would be in the best interests of each of the Debtors' estates; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1

1. The Application is GRANTED.

2. The Debtors' employment of Banner as intellectual property counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the Petition Date, October 8, 2005.

3. Banner shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court. Without limiting the foregoing, Banner shall make reasonable efforts to ensure that the Debtors' estates are not charged for any duplication of work with the other professionals retained in these cases.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

5. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         January 3, 2006

                              /s/ Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE