EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
                                                  :
          In re                                   :   Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       :   Case No. 05-44481 (RDD)
                                                  :
                              Debtors.            :   (Jointly Administered)
                                                  :
------------------------------------------------- x

**AFFIDAVIT OF CHARLES W. SHIFLEY IN SUPPORT OF APPLICATION FOR ORDER
UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF BANNER & WITCOFF, LTD.
AS AN INTELLECTUAL PROPERTY COUNSEL TO DEBTORS**

STATE OF ILLINOIS

COUNTY OF COOK

CHARLES W. SHIFLEY, being duly sworn, deposes and states as follows:

1.  I am a shareholder and Vice President of the law firm of Banner & Witcoff, Ltd. ("Banner"), proposed intellectual property counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). I am licensed to practice law principally in the State of Illinois. I am also licensed by the United States Patent and Trademark Office. I have nearly thirty years of successful experience in intellectual property matters, including patent litigation and counseling matters.

2.  I submit this affidavit (the "Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed R. Bankr. P. 2014 Authorizing

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

Employment And Retention Of Banner & Witcoff, Ltd. As Intellectual Property Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed concurrently herewith.

3. The name, business address, and telephone number of Banner & Witcoff, Ltd. are as follows:

> Banner & Witcoff, Ltd.
> 10 South Wacker Drive
> Chicago, Illinois 60606
> 312.463.5000

4. Banner is well qualified to assist the Debtors in the manner described in the Application. Banner is a nationally well-known and respected intellectual property law firm almost all of whose lawyers are experienced, registered patent lawyers with technical degrees. Banner has successfully represented Delphi and its predecessor, General Motors Corporation, in many patent infringement cases. Banner has also represented Delphi and its predecessor, General Motors Corporation, in other patent infringement counseling. Banner enjoys extensive experience in intellectual property law and cases in the Debtors' industry, including currently pending patent infringement cases against Debtors. Consequently, Banner can economically, successfully, and uniquely represent the Debtors in cases currently pending and similar intellectual property matters. Accordingly, the Debtors believe that Banner is well qualified to serve as an intellectual property counsel in these chapter 11 cases in an efficient and effective manner.

5. Also, Banner has advised the Debtors regarding other intellectual property matters. Based on the services that Banner has rendered to the Debtors, Banner is thoroughly familiar with certain intellectual property matters relating to the Debtors.

6. Generally, in connection with the Debtors' cases, Banner intends to provide to the Debtors with the following types of professional services:

(a) representation, both currently and if any appeal were to follow, in <u>Automotive Technologies International, Inc. v. BMW North America, Inc., et al.</u>, Appeal No. 06-1013 (Federal Circuit September 29, 2005) and its underlying case, Civil Action No. 01-71700 (April 30, 2001);

(b) representation in <u>Automotive Technologies International, Inc. v. Delphi Automotive Systems Corporation, et al.</u>, Civil Action No. 04-72035 (E.D.Mich. April 30, 2005), a patent infringement case that was stayed during the above-identified appeal;

(c) preparation of legal opinions involving Debtors' claims relating to the Debtors' products and patents, as well as claims made by competitors;

(d) representation of the Debtors for a broad scope of intellectual property law services.

7. In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors' special counsel, the engagement of Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts counsel, and the engagement of other counsel for the Debtors, Banner will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Banner's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Banner's existing clients. These existing client relationships, and the scope of the carve-out from Banner's retention, are discussed more fully below.

8. It is Banner's understanding that the Debtors may request that Banner undertake specific matters beyond the limited scope of the responsibilities set forth above. Should Banner agree in its discretion to undertake any such matter, it is Banner's understanding that the Debtors will seek further order of this Court.

9. Banner is making efforts, together with the Debtors' other counsel to ensure that there is no duplication of effort or work between such firms and Banner. It is Banner's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel. Banner believes that its lawyers and the rest of the lawyers retained in these cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10. Banner has in the past been employed and retained pursuant to certain engagement letters between the Debtors and Banner, dated October 7, 2004 and November 19, 2004 (together, the "Engagement Letters"), and pursuant to additional terms. The additional terms are that Banner agreed that its discounted hourly rates would remain in effect through the remainder of the cases that are subject to the Engagement Letters, the rates being subject to renegotiation three years after the Engagement Letters if the cases remained pending then. Banner also agreed to represent the Debtors in preparing legal opinions and other matters at standard hourly rates or for pre-agreed total charges.

11. Banner agrees to accept as compensation for the services rendered in connection with its representation of the Debtors compensation on the terms set forth in the Engagement Letters and the additional terms identified above.

12. Banner acknowledges that all amounts paid to Banner during these chapter 11 cases are subject to final allowance by this Court. In the event that any fees or expenses paid to Banner during these cases are disallowed by this Court, the fees and expenses will be disgorged by Banner and returned to the Debtors or as otherwise ordered by this Court.

13. Banner categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). Banner acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

14. Banner has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases. Banner maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients. I caused Banner to review and analyze the conflict database to determine whether Banner has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to Banner by the Debtors and Skadden, Arps and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

15. Based upon this research, I have determined that Banner has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases. Banner has represented, currently represents, and will likely in the future represent, such creditors and other parties-in-interest, and their related entities, in such matters, including:

General Motors Corporation ("GM"), where Banner has been directed to do so by Delphi as a matter of assisting Delphi in meeting contractual indemnity obligations to GM, with the consent of both companies; Dura Automotive Systems, Inc.; Illinois Tool Works, Inc.; Cargill, Inc.; Allstate Insurance; AT&T, Nokia Corporation; John Hopkins University; Harley Davidson Motor Company; Circuit City Stores, Inc.; Microsoft Corporation; and Technitrol, Inc. I do not believe that the foregoing raises any actual or potential conflicts of interest of Banner relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

  16. It is my intention that if Banner becomes aware of any other connections of which it presently is unaware, Banner will bring them to the attention of this Court and the U.S. Trustee.

                  _____
                  Charles W. Shifley

Sworn to before me
this 6th day of ~~November~~, 2005
    DECEMBER

_____
Notary Public

"OFFICIAL SEAL"
KATHY G. KESSLING
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8/8/2009

6