BURR & FORMAN LLP  
420 North 20th Street  
Suite 3100  
Birmingham, Alabama 35203  
(205) 251-3000  
Michael Leo Hall

Hearing Date at Time: Sept. 14, 2006 at 10:00 a.m.

Attorney for Creditor  
MERCEDES-BENZ U.S. INTERNATIONAL, INC.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION et al.,[1] | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------

## MERCEDES-BENZ U.S. INTERNATIONAL, INC.'S MOTION FOR AUTHORIZATION TO FILE PROOFS OF CLAIMS AFTER THE BAR DATE, OR, ALTERNATIVELY, TO TREAT PROOFS OF CLAIMS FILED AGAINST DELPHI CORPORATION AS CLAIMS AGAINST BANKRUPT DELPHI ENTIT(IES) WHICH MAY LATER BE DISCOVERED TO BE LIABLE TO MBUSI

**COMES NOW** Mercedes-Benz U.S. International, Inc. ("MBUSI"), a creditor and party-in-interest in the above-styled bankruptcy case, and hereby files its *Motion for Authorization to File Proofs of Claims After the Bar Date, or, Alternatively, To Treat Proofs of Claims Filed*

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources, LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Services Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc, Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., Specialty Electronics International Ltd., In re Delphi Furukawa Wiring Systems LLC, In re Delphi Receivables LLC, and In re Mobilearia, Inc.

1486947

*Against Delphi Corporation As Claims Against Bankrupt Delphi Entit(ies) Which May Later Be Discovered to Be Liable to MBUSI* (this "Motion"). It support of its Motion, MBUSI states as follows:

## JURISDICTIONAL INFORMATION

1. On October 8, 2005 (the "Petition Date"), Delphi Corporation, and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code. On the Petition Date, this Court entered an order directing the procedural consolidation and joint administration of the Debtors' Chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' Chapter 11 cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Fed. R. Bankr. P. 2002(a)(7) and 3003(c)(3).

## BACKGROUND

3. MBUSI is an Alabama Corporation, having its principal office and place of business at 1 Mercedes Drive, Vance, Alabama 35490. MBUSI is a wholly owned subsidiary of Daimler Chrysler North America Holding, which is a wholly owned subsidiary of DaimlerChrysler AG, and is an original equipment manufacturer ("OEM") customer of the Debtors. MBUSI purchases approximately three hundred million dollars worth of automotive systems, components, and/or parts from Delphi entities each year.

4. Pre-petition, MBUSI executed multiple contracts (the "Letters of Intent") with Delphi Automotive Systems Deutschland GMBH ("Delphi GMBH") for the development and supply of transmission mounts and hydromounts; wiring harness systems; cockpit modules;

1486947        2

SAM rear, SRB front, and SRB rear systems; and other systems, components, and/or parts (collectively, "the Products"). Each of the Letters of Intent is governed by MBUSI's master supply agreement (the "Supply Agreement").

5.   As of the Petition Date, MBUSI had claims against a Delphi entity, or entities, for the following: (i) ripened warranty claims (the "Warranty Claims") for Products received by MBUSI under the Supply Agreement prior to the Petition Date in the amount of $257,360.28 and (ii) breach of contract damages in the amount of $156,824.25, resulting from the shutdown of the manufacturing lines at the Vance Plant on August 26, 2005 and October 7, 2005 (the "Shutdown Claims"), which were caused by the failure of Delphi entities to supply Products timely and fully under the Supply Agreement.

6.   MBUSI also asserts a contingent and unliquidated claim for unripe warranty claims which may arise post-petition but be deemed pre-petition under applicable law.

7.   On April 12, 2006, the Court entered its Order Under 11 U.S.C. §§ 107(b), 501, 502, and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Bar Date Order"), setting July 31, 2006 as the general bar date (the "Bar Date") for filing proofs of claim against the Debtors.

8.   The Bar Date Order provides that proofs of claim must clearly indicate the name of the applicable Debtor against which the claim is asserted and the applicable reorganization case number for such Debtor, and if a claim is asserted against more than one of the Debtors, a separate proof of claim must be filed in each such Debtor's reorganization case.

9.   It is MBUSI's position that Delphi GMBH is a non-bankrupt, foreign entity, or, alternatively, a branch or division of a non-bankrupt, foreign entity, and that Delphi GMBH

1486947                                 3

remains liable for all damages to MBUSI resulting from breaches of the Supply Agreement, regardless of which Delphi entity is actually supplying the Products. Nonetheless, because the Products were manufactured and supplied to MBUSI by bankrupt Delphi entities, and because MBUSI tendered payment to bankrupt Delphi entities for said Products, MBUSI has filed proofs of claims in certain of the Debtors' bankruptcy cases in order to preserve its pre-petition claims against those entities.[2]

10.  MBUSI is not able to ascertain from Debtors' petitions and schedules whether Delphi GMBH is a branch, headquarters, or division of a bankrupt Delphi entity.

11.  MBUSI files this Motion seeking Court authorization to file proofs of claims after the Bar Date against any bankrupt Delphi entity, or entities, which may later be discovered to be liable to MBUSI under the Supply Agreement, or, alternatively, to treat MBUSI's claim against Delphi Corporation as a claim against said entit(ies).

## ARGUMENT

12.  Fed. R. Bankr. P. 3003(c)(3) states that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."

13.  Because Delphi GMBH may be a branch or division of a bankrupt Delphi entity,[3] which MBUSI has not been able to discern from the Debtors' schedules and petitions, or may have assigned or otherwise transferred the Letters of Intent to a bankrupt Delphi entity, which is also not clear from the Debtors' schedules and petitions, MBUSI has not been able to determine

---

[2] MBUSI has filed proofs of claims in the bankruptcy cases of Delphi Corporation; Delphi Automotive Systems, LLC; Delphi Automotive Systems Overseas Corporation; Delphi Automotive Systems (Holding), Inc.; Delphi Automotive Systems Global (Holding), Inc.; and Delphi Automotive Systems International, Inc.

[3] Post-petition, Delphi Automotive Systems, LLC, has held itself out as the entity liable to MBUSI under the terms of the Supply Agreement.

1486947                                     4

which, if any, bankrupt Delphi entities MBUSI has claims against for its pre-petition warranty and breach of contract claims.

14. As such, cause exists to indefinitely extend the time by which MBUSI must file proofs of claim against those Debtors which may be subsequently disclosed or discovered to be liable to MBUSI under the Supply Agreement, or, as a matter of administrative convenience, to permit MBUSI's proofs of claims of record to serve as proofs of claims against any such bankrupt Delphi entity.

15. Moreover, the requested relief comports with the requisite due process that a creditor must be given before its claim will be deemed extinguished under 11 U.S.C. § 1141. *See generally Adam Glass Service, Inc. v. Federated Dept. Stores, Inc.*, 173 B.R. 840, 842 (E.D. N.Y. 1994)("due process prevents section 1141 from being read to extinguish [a creditor's] claims when the creditor receives insufficient notice in a bankruptcy proceeding").

## MEMORANDUM OF LAW

16. Because the legal points and authorities upon which this Motion relies are incorporated herein, MBUSI requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013(b) be deemed satisfied.

**WHEREFORE**, MBUSI requests that this Court enter an order holding that MBUSI has the authority to file proofs of claims against any bankrupt Delphi entity which is subsequently discovered to be liable to MBUSI, or, alternatively to treat MBUSI's proofs of claims of record as filed against any bankrupt Delphi entity subsequently discovered to by liable to MBUSI. Proposed orders are attached hereto as Exhibits 1 and 2.

Dated: Birmingham, Alabama
       July 31, 2006

BURR & FORMAN LLP


By:/s/ Michael Leo Hall
       Michael Leo Hall (pro hac granted)

420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000

Attorneys for Creditor
MERCEDES-BENZ U.S. INTERNATIONAL, INC.

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------

|   |   |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION et al., | : Case No. 05-44481 (RDD) |
| Debtors. | : (Jointly Administered) |

-----------------------------------------------

## ORDER AUTHORIZING MERCEDES-BENZ U.S. INTERNATIONAL, INC. TO FILE PROOFS OF CLAIMS AFTER THE BAR DATE

Upon the Motion, dated July 31, 2006 (the "Motion"), of Mercedes-Benz U.S. International, Inc. ("MBUSI"), for the entry of an order, pursuant to Fed. R. Bankr. P. 3003(c)(3), authorizing MBUSI to file proofs of claims after the Bar Date against any Debtor in the above-captioned, jointly administered case that is discovered to be liable to MBUSI under MBUSI's pre-petition contracts with Delphi Automotive Systems Deutschland GMBH, and for related relief; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing (the "Hearing") on the Motion on September 14, 2006; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore; and for the reasons stated by the Court on the record of the Hearing, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the deadline for MBUSI to file proofs of claims against the Debtors in the above-captioned, jointly administered case is extended so as to permit MBUSI to file proofs

1487139

of claims against any of the Debtors that is discovered to be liable to MBUSI under MBUSI's pre-petition contracts with Delphi Automotive Systems Deutschland GMBH.

Dated: _____ \_\_, 2006
      New York, New York

                                                  HON. ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------

### ORDER TREATING MERCEDES-BENZ U.S. INTERNATIONAL, INC.'S PROOFS OF CLAIMS AGAINST DELPHI CORPORATION AS TIMELY FILED AGAINST ANY DEBTOR DISCOVERED TO BE LIABLE TO MOVANT UNDER ITS PRE-PETITION CONTRACTS DELPHI AUTOMOTIVE SYSTEMS DEUTSCHLAND GMBH

Upon the Motion, dated July 31, 2006 (the "Motion"), of Mercedes-Benz U.S. International, Inc. ("MBUSI"), for the entry of an order treating MBUSI's filed proofs of claims of record against Delphi Corporation as filed of record in the cases of any Debtor in the above-captioned, jointly administered case that is discovered to be liable to MBUSI under MBUSI's pre-petition contracts with Delphi Automotive Systems Deutschland GMBH, and for related relief; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing (the "Hearing") on the Motion on September 14, 2006; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore; and for the reasons stated by the Court on the record of the Hearing, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that all proofs of claims filed by MBUSI against Delphi Corporation are deemed to have been timely filed against any Debtor in the above-captioned, jointly administered

1487149

2

case that is discovered to be liable to MBUSI under MBUSI's pre-petition contracts with Delphi Automotive Systems Deutschland GMBH.

Dated: _____ __, 2006
      New York, New York

                                               HON. ROBERT D. DRAIN
                                               UNITED STATES BANKRUPTCY JUDGE

1487149                                     2