BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Intellectual Property Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                   :
      In re                            :        Chapter 11
                                                   :
  DELPHI CORPORATION, et al.     :        Case No. 05-44481 (RDD)
                                                   :
                     Debtors.        :        (Jointly Administered)
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SECOND INTERIM APPLICATION OF BANNER & WITCOFF, LTD., INTELLECTUAL PROPERTY COUNSEL TO DELPHI CORPORATION, SEEKING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. SECTIONS 330 AND 331</u>

Banner & Witcoff, Ltd. ("Banner"), intellectual property counsel for Delphi Corporation ("Delphi"), and a Retained Professional, submits this second interim application seeking a second interim allowance and payment of compensation and reimbursement of expenses under 11 U.S.C. §§330 and 331 for the period from February 1, 2006 through May 31, 2006 ("the Application Period").

STATEMENT AT THE OUTSET PURSUANT TO GUIDELINES

Banner submits this interim application for (a) allowance of compensation for 103 hours of professional legal professional services provided by Banner to Delphi, in the amount of $41,786.66 and (b) reimbursement of actual and necessary charges and disbursements incurred by Banner in the amount of $552.66, for a total of $42,339.32, in

1

the rendition of required legal, intellectual property professional services on behalf of Delphi in the time period of February 1, 2006 through May 31, 2006.

## SUMMARY SHEET AND CERTIFICATION

A Summary Sheet is attached as Exhibit A. A Certification is attached as Exhibit B.

## CONTINUED APPLICATION

In support of this second interim application, Banner further represents as follows:

## BACKGROUND

1. On October 8, 2005, Delphi and certain of its United States ("U.S.") subsidiaries (the "Initial Filers") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). (On October 14, 2005, three additional U.S. subsidiaries of Delphi (collectively with the Initial Filers, the "Debtors") filed voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses as "debtors-in-possession" under the jurisdiction of the Bankruptcy Court and in accordance with the applicable provisions of the Bankruptcy Code and orders of the Bankruptcy Court.

## RETENTION OF BANNER

2. On January 3, 2006, pursuant to an application dated December 6, 2005, the Bankruptcy Court entered an order titled "Order under 11 U.S.C. §§327(3) and 1107(b) and Fed.R.Bankr.P. 2014 Authorizing Employment and Retention of Banner & Witcoff, Ltd. as Intellectual Property Counsel to Debtors ("Banner Retention Order"),"

(Docket No. 1708) Exhibit C, and thereby granted the Debtors' request to employ Banner as intellectual property counsel under sections 327(e) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, with approval of such employment being effective as of the Petition Date, October 8, 2005.

EVENTS BEFORE THE APPLICATION PERIOD,
INCLUDING IDENTIFICATION OF LITIGATION THAT GIVES RISE TO THIS
APPLICATION AND BANNER'S TERMS AND CONDITIONS OF ENGAGEMENT
IN REPRESENTING DELPHI IN THE LITIGATION

3.    Delphi is a defendant in two civil actions for patent infringement in which Banner lawyers have represented Delphi from before the Petition Date. These are (a) Automotive Technologies International, Inc. ("ATI") v. BMW North America, Inc., et al., Appeal No. 06-1013 (Federal Circuit September 29, 2005) and its underlying case, Civil Action No. 01-71700 (April 30, 2001), and (b) Automotive Technologies International, Inc. v. Delphi Automotive Systems Corporation, et al., Civil Action No. 04-72035 (E.D.Mich. April 30, 2005). Together, these cases as routinely called the "ATI" cases by Banner.

4.    Banner was retained to represent Delphi in the ATI cases by an exchange of letters of engagement described in paragraph 10 of an Affidavit of Charles W. Shifley filed in support of the application for retention of Banner, Exhibit D. See also Exhibits E and F, the subject letters of engagement. These letters reflect voluntary accommodations to Delphi including discounted rates and rates fixed over time.

5.    Civil Action No. 04-72035 was stayed during the pendency of Appeal No. 06-1013 and remains stayed by District Court order.

6.    Delphi has an indemnity agreement with General Motors Corporation implicated in the identified civil actions for patent infringement. Pursuant to the

3

agreement, at Delphi expense, Banner represents and has represented General Motors Corporation in these actions as well as Delphi.

### EVENTS BEFORE THE APPLICATION PERIOD
### CAUSING NECESSARY AND REASONABLE SERVICES AND DISBURSEMENTS

7. Between October 8 and November 14, 2005, Banner represented Delphi in necessary efforts in the identified appeal.

8. On November 14, 2005, Delphi served the appellate court and its opponent in the identified appeal with its Suggestion of Bankruptcy and Notice of Operation of Automatic Stay.

9. On November 22, 2005, the appellate court requested information whether the appeal should be stayed in total as to all parties and not just Delphi. Banner represented Delphi in responding.

10. On December 13, 2005, the appellate court issued an order temporarily staying briefing in the appeal and directing Delphi and its opponent to file status reports every sixty (60) days concerning whether this Bankruptcy Court has lifted the stay. Banner represented Delphi in response.

11. On January 13, 2006, Banner received a telephone call from a Federal Circuit mediation Co-ordinator, seeking mediation of the identified appeal. Through January 31, 2006, Banner represented Delphi and General Motors in response.

12. Between October 8 and January 31, 2005, and pursuant to employment by Delphi and Delphi's indemnity to General Motors Corporation, Banner actively represented General Motors in the identified appeal.

4

EVENTS DURING THE APPLICATION PERIOD
CAUSING NECESSARY AND REASONABLE SERVICES AND DISBURSEMENTS

13. Between February 1, 2006 and May 31, 2006, Banner represented Delphi in necessary efforts in the identified appeal.

14. Pursusant to a court order in the appeal, Banner prepared and filed two 60 day status reports with the Federal Circuit Court of Appeals, on or about February 9, 2006, and April 10, 2006, and began the preparation of a third 60 day status report at the end of the subject period.

15. Banner also prepared and filed a required appellate Docketing Statement.

16. Most significantly, throughout the subject period, Banner represented Delphi in contacts from the Federal Circuit Court of Appeals to initiate mediation, and then in preparing for mediation, including co-ordinating, negotiating and communicating with the mediator Mr. Bosses, Delphi in-house counsel Mr. Cosnowski, opposing counsel Mr. Baniak, and co-counsel for co-defendants.

17. As a part of the mediation effort, Banner also represented Delphi in a telephone pre-mediation conference, prepared and served the mediator with a mediation brief, and negotiated a mediation agreement proposed by the mediator, to conform to the needs of Delphi in bankruptcy.

18. Banner also read and appreciated the Delphi objection to the ATI motion to lift the bankruptcy stay, in support of Delphi in mediation.

19. Finally, Banner prepared and filed its first interim application for payment and reimbursement of expenses.

COMPLIANCE BY BANNER'S INVOICES NOS. 1616698, 1621735 and 1624090
WITH 11 U.S.C. 330, THE INTERIM COMPENSATION ORDER AND FEE
GUIDELINES

20. This application and Banner's invoices Nos. 1616698, 1621735 and 1624090, Exs. G, H, and I comply with 11 U.S.C. 330, the Interim Compensation Order (Docket No. 869), as amended by supplemental orders (Docket Nos. 2747, 2986, 3630 and 4545)("the Fee Order") and the U.S. Trustee Fee Guidelines, the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (together, "The Guidelines"), to the best of Banner's ability to provide compliance, and in that they contain all required information and are for necessary and reasonable services and disbursements provided to Delphi in the ATI cases.

21. The Certifying Professional certifies this application as in his Certification, Exhibit B.

22. Further, among other matters, lists of the individuals who provided services during the statement periods are at page 3 of Invoice 1616698 and page 5 of Invoice 1621735, and page 3 of Invoice 1624090 Exs. G, H and I and in the Summary Sheet, Exhibit A. All listed individuals other than Mr. Phillips are attorneys. Mr. Phillips is a paralegal.

23. The Banner invoices also comply in that respective billing rates, aggregate hours, and reasonably detailed breakdowns of disbursements, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour are all part of the invoices.

24. The Banner invoices also comply in that disbursements are billed at rates and in accordance with practices customarily employed by the applicant and generally

6

accepted by the applicant's clients, and the disbursements, for photocopies, both internal and external, telecommuncations, both toll charges and facsimile transmissions, courier and freight, printing, court reporter and transcripts, messenger services, computerized research, out of town travel expenses, word processing, secretarial and other staff services, cellular telephones, overtime expenses, local and daytime meals, local transportation, and all other disbursements, satisfy the requirements of The Guidelines25.

Banner believes its invoices and this application also comply with all other aspects of the Fee Order and all applicable laws, rules, orders, guidelines and the like. To any extent there is any technical noncompliance, Banner respectfully requests a waiver for any such matter.

## ALL REQUIRED NOTICES HAVE BEEN PROVIDED; THERE HAS BEEN NO OBJECTION

26.    Banner has provided all required notices pursuant to the Fee Order, including serving monthly statements under paragraph 2(a) of the Order, serving this fee application under paragraph 2(a) of the Order, serving an e-mail notice of the filing of this application and a listing of exhibits filed in support of it on the 2002 Entities List pursuant to paragraph 8 of the Order. See Exhibits J, K and L.

## CONCLUSION

WHEREFORE, Banner respectfully requests that the Court (a) enter an order allowing interim compensation of $41,786.66 to Banner for necessary and reasonable professional services rendered as attorneys for the Debtors during the application period, plus reimbursement of actual and necessary charges and disbursements incurred in the sum of $552.66 for a total sum of $42,339.32 and, (b) grant such other and further relief as is just and equitable under the circumstances.

7

A proposed order is attached at Exhibit M.

Respectfully submitted,

Dated:  Whitestone, New York
        July 31, 2006

PANTERIS & PANTERIS, LLP
Attorneys for Banner & Witcoff, LTD

By: /s/*GeorgePanteris*
    George Panteris (GP3235)
19-02 Whitestone Expressway, Suite 401
Whitestone, NY 11357
(718) 746-2154