Hearing Date:  October 19, 2006 at 10:00 am
Objection Deadline:  October 12, 2006 at 4:00 pm

Kristi A. Katsma  (MI – P53545)
DICKINSON WRIGHT PLLC
500 Woodward Avenue
Suite 4000
Detroit, MI 48226
Phone:  313.223.3500
Facsimile: 313.223.3598
kkatsma@dickinsonwright.com

*A Key Ordinary Course Counsel for Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, <u>et</u> al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SECOND INTERIM APPLICATION OF DICKINSON WRIGHT PLLC FOR ORDER AUTHORIZING AND APPROVING COMPENSATION FOR SERVICES RENDERED FROM FEBRUARY 1, 2006 THROUGH MAY 31, 2006

Dickinson Wright PLLC ("Dickinson Wright") as a key ordinary course counsel for Delphi Corporation and its Subsidiaries and Affiliates (collectively, "Delphi") as Debtors and Debtors-in-Possession in the above captioned cases (the "Reorganization Cases"), submits this Second Interim Application (the "Interim Application") seeking interim allowance and payment of compensation under 11 U.S.C. §§ 330 and 331 for the period from February 3, 2006 through May 31, 2006 (the "Application Period"), and attaches hereto as <u>Exhibit A</u> the form of Order approving this Interim Application that Dickinson Wright seeks.  Dickinson Wright submits this

1

Interim Application for allowance of compensation for professional services rendered by Dickinson Wright to Delphi. Dickinson Wright certifies that the Debtors and their reorganization counsel have received a copy of this Second Interim Application and that a copy has been served on the office of the U.S. Trustee and Counsel for the Official Committee of Unsecured Creditors. In support of the Second Interim Application, Dickinson Wright respectfully represents as follows:

## I.    PRELIMINARY STATEMENT

1. Dickinson Wright began performing services for the Debtors as a key ordinary course counsel toward the end of the First Interim Period, i.e., the period from the commencement of the case through January 31, 2006, and has continued to perform services for the Debtors throughout the Second Interim Period. Dickinson Wright requests that this Court authorize total compensation to Dickinson Wright in the amount of $172,133.50, together with expenses in the amount of $8,835.21.

## II.    BACKGROUND

2. On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") also sought reorganization relief. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code. This

2

court entered orders directing the joint administration of the Debtor's chapter 11 cases (docket nos. 28 and 404).

3. On October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in the Debtors' cases.

4. On May 5, 2006 the Bankruptcy Court entered its Order (Docket No. 3630) establishing a Fee Committee, which thereafter established its Fee Protocol.

5. Because of the size and complexity of the Debtors' businesses, the Debtors have typically made use of outside counsel to assist the Debtors in the many facets of their businesses. The Debtors have continued to use outside counsel since the filing date for such purposes, and on October 8, 2005 Debtors moved for entry of an order authorizing the retention of designated law firms as Ordinary Course Professionals. One of the firms so designated was Dickinson Wright. The Bankruptcy Court entered its order on November 4, 2005 approving such motion (docket no. 883).

6. Subsequent to the entry of the above Order, a number of intellectual property attorneys performing services for the Debtors joined Dickinson Wright. As a result, the Debtors submitted an application to the Bankruptcy Court for an order authorizing the employment and retention of Dickinson Wright as intellectual property counsel and as litigation and corporate and commercial counsel to the Debtors as of January 13, 2006. By order of the Bankruptcy Court dated March 9, 2006 (the "Dickinson Wright Order") (docket no. 2772), the Bankruptcy Court approved the retention of Dickinson Wright to perform intellectual property

3

services, litigation and corporate and commercial transactional work for the Debtors, effective as of January 13, 2006. Dickinson Wright then became subject to the Order of the Bankruptcy Court dated November 4, 2005 setting forth procedures for interim compensation (the "Interim Compensation Order") (docket no. 869), to the Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 and to the Amended Guidelines for Fees and Disbursements, promulgated by this Court (collectively, the "Guidelines").

### III.    PROCEDURES AND MONTHLY FEE STATEMENTS

7.  Dickinson Wright charges legal fees on an hourly basis at its attorneys' individual hourly rates, which are based on the individual attorney's seniority and experience, and which are adjusted from time to time. Dickinson Wright also charges for actual out-of-pocket expenses incurred, such as court services, telecopies, computerized research, delivery services, photocopies, long distance phone calls, fees associated with ongoing litigation, travel and other costs necessarily incurred in connection with representation of its clients. Dickinson Wright's fee structure and expense reimbursement policies were disclosed in the Debtor's application to retain Dickinson Wright, to which no party objected and which this Court approved in the Dickinson Wright order.

8.  As required by the Interim Compensation Order, Dickinson Wright certifies that a copy of this Second Interim Application has been served on the Notice Parties defined in Section 2(a) of the Interim Compensation Order. In addition, Dickinson Wright has served notice of the hearing on the Second Interim

4

        Application on parties as required by the Interim Compensation Order.  Dickinson Wright submits that no other or further notice need be given.

9. In compliance with the Interim Compensation Order, on or before the last day of each month following the month for which compensation was sought, Dickinson Wright has furnished to the Notice Parties a monthly statement of all professional fees and disbursements incurred during the preceding calendar month.  The Notice Parties have had more than 15 days to review any such statement, and 45 days after the month for which compensation is sought to serve upon Dickinson Wright and Notice Parties a written "notice of objection" to fee statements.  At the expiration of such 45 day period, the Interim Compensation Order requires that the Debtors pay 80% of the fees and 100% of the expenses identified in each monthly statement.  Dickinson Wright has received such percentages of its invoices for its services during the Second Interim Period, and expects to receive an additional 10% of its fees, as provided for in the Fourth Supplemental Order of the Bankruptcy Court dated July 12, 2006, as no objections were filed during the objection period.

10. Dickinson Wright has not received any retainer from the Debtors.

11. To the best of Dickinson Wright's knowledge, information and belief, the Debtors have sufficient funds on hand to pay the compensation requested herein.

12. To the best of Dickinson Wright's knowledge, information and belief, the Debtors have filed with the U.S. Trustee all monthly operating reports presently due, and have paid all quarterly fees to the U.S. Trustee that are presently due.

5

13. Dickinson Wright is providing in this Second Interim Application a general description of the services rendered during the Fee Period and has dispensed with a discussion of the legal standards for granting fee applications. The actual time records of each professional are appended as <u>Exhibit C</u> to the Second Interim Application, thereby providing a detailed accounting of the services provided for consideration by the Notice Parties and the Court.

### IV. SERVICES PERFORMED

14. During the Second Interim Period, Dickinson Wright performed services on several contract matters for the Debtors, including agreements with Motion Computing, Inc., Exxon, Lear, Bose, Techcentral, Rochester Institute of Technology and others.

### V. SUMMARY OF COMPENSATION REQUESTED AND SERVICES RENDERED TO THE DEBTORS DURING THIS PERIOD.

15. Dickinson Wright seeks approval of professional fees in the amount of $172,133.50 and expenses of $8,835.21. <u>Exhibit B</u> is a table listing the name of the attorneys and interns who have worked for the Debtors during the Second Interim Period, their hourly rates and the amounts billed, in addition to other summary information required by the Guidelines. <u>Exhibit B</u> also lists the costs incurred by categories and shows the amount for each category.

16. For purposes of the summaries below, the matters to which Dickinson Wright gave attention during the Second Interim Period are listed by matter number. Under each matter number, the tasks are explained more fully.

6

17. <u>Professional Retention/Fee Application</u> (25980-99). During the Second Interim Period, Dickinson Wright gathered information for and assisted Skadden Arps in (i) advice to non-bankruptcy lawyers as to special time entry procedures, (ii) the preparation of the Application for the Retention of Dickinson Wright as a key ordinary course professional, (iii) preparation of Application for Compensation, and (iv) preparation of the monthly fee statements due during the period.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Edgar C. Howbert | $425.00 | 29.5 | $12,537.50 |

18. <u>UPS</u>. (25980-93). This matter involved work on a contract between Delphi and UPS.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Christopher C. Maeso | $220.00 | 1.5 | $330.00 |

19. <u>Carquest</u> (25980-94). This matter involved reviewing and commenting on a Warranty Claims Agreement prepared by Carquest Corporation.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Roger H. Cummings | $385.00 | .70 | $269.50 |
| Christopher C. Maeso | $220.00 | 2.30 | $506.00 |
| | | Total: | $775.50 |

20. <u>Motion Computing, Inc</u>. (25980-95). This matter involved work on a supply agreement under which Motion Computing, Inc. has agreed to supply certain materials to Delphi.

7

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Christopher C. Maeso | $220.00 | 1.3 | $286.00 |

21. <u>General Commercial Contracts (25980-96)</u>.  This matter involved advice by Christopher Maeso on a variety of agreements between Delphi and suppliers, including the following:  Rochester Institute of Technology; Progressive Molded Products; Master Warehouse Agreement; Tech Central; Jabil Circuit; Bose, Mitsubishi; Arkay; Exxon and Lear.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Roger H. Cummings | $385.00 | 1.7 | $654.50 |
| Michael Schaldenbrand | $295.00 | 2.8 | $826.00 |
| Christopher C. Maeso | $220.00 | 125.4 | $27,582.00 |
| | | TOTAL: | $29,062.50 |

22. <u>Single Business Tax (25980-97).</u>  James H. Novis, one of our tax lawyers, has been working on an appeal with respect to Michigan single business tax.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| James H. Novis | $325.00 | 12.6 | $4,095.00 |

23. <u>Property Tax - Coopersville (25980-98).</u> Mr. Novis is challenging the property tax assessed against one of Delphi's plants.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| James H. Novis | $325.00 | 9.9 | $3,217.00 |
| Peter J. Kulick | $200.00 | 11.1 | $2,220.00 |

One of our interns has worked up the patent application on the following devices:

8

24. <u>US Patent Application (Evaporatively Cooled Thermosiphon (604080-1)</u>. One of our interns has worked up the patent application on the above device.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| James P. Bonnamy | $85.00 | 52.0 | $4,420.00 |

25. <u>US Patent Application Capillary-Asst. Thermosiphon w/remote condenser (604080-2)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| James P. Bonnamy | $85.00 | 7.4 | $629.00 |

26. <u>US Patent Application Thermosiphon w/Thermoelectrically enhanced plate (604080-3)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Jeremy J. Klobucar | $85.00 | 65.0 | $5,525.00 |

27. <u>US Patent Application Capillary-Asst. compact Thermosiphon (604080-4)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| James B. Bonnamy | $85.00 | 52.0 | $4,420.00 |

28. <u>US Patent Application Low Profile Thermosiphon (604080-5)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Matteo D. Pedini | $85.00 | 51.0 | $4,335.00 |

29. US Patent Application Porcupine-shaped orientation insensitive Thermosiphon (604080-6).

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Jeffrey T. Gendzwill | $105.00 | 65.6 | $6,877.50 |

30. US Patent Application Igloo shaped orientation insensitive Thermosiphon (604080-7).

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Jeffrey T. Gendzwill | $105.00 | 53.0 | $5,565.00 |

31. US Patent Application Orientation insensitive compact Thermosiphon w/Flat condenser (604080-8).

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Jeremy J. Klobucar | $85.00 | 52.0 | $4,420.00 |

32. US Patent Application Orientation insensitive Thermosiphon capable of upside down operation (604080-9).

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Stacey A. Fluhart | $85.00 | 52.0 | $4,420.00 |

33. US Patent Application Orientation insensitive Thermosiphon of squirrel cage configuration (604080-10).

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Stacey A. Fluhart | $85.00 | 52.0 | $4,420.00 |

34. <u>US Patent Application Orientation insensitive Thermosiphon of V configuration (604080-11)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Stacey A. Fluhart | $85.00 | 52.0 | $4,420.00 |

35. <u>US Patent Application Liquid Cooled Thermosophon w/immersed condenser coil (604080-12)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Stacey A. Fluhart | $85.00 | 51.5 | $4,377.50 |

36. <u>US Patent Application Microchannel flat tube (604080-13)</u>. Besides an intern working up the patent application, it was also reviewed by one of our patent lawyers.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Harold W. Milton | $250.00 | 2.5 | $625.00 |
| Jeremy J. Klobucar | $85.00 | 45.0 | $3,825.00 |
|  |  | TOTAL: | $4,450.00 |

37. <u>US Patent Application Inserted Sheet Metal tube (604080-14)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Patrick R. Anderson | $105.00 | 42.0 | $4,410.00 |

38. <u>US Patent Application Vapor Comp. AC System (604080-15)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Patrick R. Anderson | $105.00 | 46.5 | $4,882.50 |

39. <u>US Patent Application compact Liq. cooling unit-end servers (604080-16)</u>.

    | TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
    |---|---|---|---|
    | Matteo D. Pedini | $85.00 | 52.0 | $4,420.00 |

40. <u>US Patent Application Low Profile Air Inlet (604080-17)</u>.

    | TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
    |---|---|---|---|
    | Matteo D. Pedini | $85.00 | 52.0 | $4,420.00 |

41. <u>US Patent Application Thermosiphon w/flexible boiler plate (604080-18)</u>.

    | TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
    |---|---|---|---|
    | Jeremy J. Klobucar | $85.00 | 52.0 | $4,420.00 |

42. <u>US Patent Application High Proformance Thermosiphon w/internal cond. (604080-19)</u>.

    | TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
    |---|---|---|---|
    | Jeremy J. Klobucar | $85.00 | 52.0 | $4,420.00 |

43. <u>US Patent Application Low Pressur drop liquid cooling unit (604080-20)</u>.

    | TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
    |---|---|---|---|
    | Jeffrey Gendzwill | $105.00 | 52.00 | $5,460.00 |

44. <u>US Patent Application Liquid Coded Thermosiphon w/flex part (604080-21)</u>.

    This was reviewed by one of our patent lawyers.

    | TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
    |---|---|---|---|

12

| Harold W. Milton | $250.00 | 3.4 | $850.00 |

45. <u>US Patent Application Engine Cooling Fan Assembly (604080-22)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Matteo D. Pedini | $85.00 | 2.2 | $187.00 |

46. <u>US Patent Application Flexible HVAC Module (604080-23)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Jeffrey Gendzwill | $105.00 | 43.0 | $4,515.00 |

47. <u>US Patent Application Portable Evaporative Cooler (604080-24)</u>

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| James P. Bonnamy | $85.00 | 52.0 | $4,420.00 |

48. <u>US Patent Application Air Cooled Computer Chip (604080-25)</u>.

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Jeremy J. Klobucar | $85.00 | 52.0 | $4,420.00 |

49. <u>US Patent Application Integrally Molded Blower Motor (604080-26)</u>

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Stacey A. Fluhart | $85.00 | 52.0 | $4,420.00 |

50. <u>US Patent Application High Efficiency Water Unit (604080-29)</u>

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Patrick R. Anderson | $105.00 | 42.0 | $4,410.00 |

14

51. <u>US Patent Application Thermally cond. vehicle seat (604080-30).</u>

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Harold W. Milton | $250.00 | 5.0 | $1,250.00 |

52. <u>US Patent Application Hermetic Refrig. Fitting (604080-32)</u>

| TIMEKEEPER | RATE | TOTAL HOURS BILLED | FEES INCURRED |
|---|---|---|---|
| Stacey A. Fluhart | $85.00 | 52.0 | $4,420.00 |

## VI. HOURLY RATES

53. The hourly rates of all professionals rendering services in this during the Second Interim Period are set forth on <u>Exhibit B</u>. Dickinson Wright submits that these rates are reasonable and within the range of customary rates in the Eastern District of Michigan, as well as in the Southern District of New York, for professionals of similar experience. <u>Exhibit B</u> also sets forth the year of admittance to each attorney's bar, the number of hours billed during the Second Interim Period and the total fees attributable to each professional, as well as other summary information required by the Guidelines. The interns listed on <u>Exhibit B</u> are college graduates with engineering degrees, who are also law students or lawyers and whose function under an arrangement with Delphi is to work up patent applications for Delphi at pre-arranged fees.

## VII. DESCRIPTION OF PROFESSIONAL EDUCATION AND EXPERIENCE

54. The biographies of the primary attorneys employed by Dickinson Wright who rendered services in this case during the First Interim Period are attached as <u>Exhibit D</u>.

15

## VIII. NO SHARING OF COMPENSATION

55. No agreement has been made, directly or indirectly, and no understanding exists, for a division of compensation herein between Dickinson Wright and any other person or persons, contrary to any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules or state law.

## IX. COMPLIANCE WITH GUIDELINES

56. As set forth in the Certification of Kristi A. Katsma With Respect to First Interim Application of Dickinson Wright PLLC for Order Authorizing and Approving Compensation (attached hereto as Exhibit E), Dickinson Wright has complied fully with the Guidelines, to the extent applicable.

## X. CONCLUSION

**WHEREFORE**, Dickinson Wright respectively requests that this Court enter an Order, substantially in the form attached hereto as Exhibit A authorizing and approving compensation in the amount of $172,133.50 for professional fees and expenses of $8,835.21 for the Second Interim Period. Dickinson Wright also requests that this Court grant such further relief as may be deemed just and proper.

Dated: July 31, 2006     DICKINSON WRIGHT PLLC

By:  /s/Kristi A. Katsma
   Kristi A. Katsma (MI – P53545)
   500 Woodward Avenue, Suite 4000
   Detroit, MI 48226
   313.223.3500
   kkatsma@dickinsonwright.com

*A Key Ordinary Course Counsel for the
Debtors and Debtors-in-Possession*

DETROIT 25980-99 948854v1

16