Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
   Delphi Corporation, et al.,            :    Case No.  05-44481 (RDD)
                                          :    (Jointly Administered)
                        Debtors.          :
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION PURSUANT TO SECTIONS 105, 328(A) AND 1103
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE
2014 FOR ORDER GRANTING THE OFFICIAL
COMMITTEE OF EQUITY SECURITY HOLDERS LEAVE
TO FILE AN APPLICATION TO RETAIN AND EMPLOY A
FINANCIAL ADVISOR**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

                The duly appointed official committee of equity security holders (the "Equity

Committee") of Delphi Corporation ("Delphi") and the other above-captioned debtors

(collectively, the "Debtors") hereby submits this motion (the "Motion") for the entry of an order,

pursuant to sections 105(a), 328(a) and 1103 of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy

Rule 2014"), granting the Equity Committee leave to file an application (the "Application") to

retain and employ a financial advisor.  In support of this Motion, the Equity Committee
respectfully represents:

## BACKGROUND

1.      On October 8, 2005, Delphi and thirty-eight of its domestic subsidiaries
filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States
Bankruptcy Court for the Southern District of New York (the "Court").  On October 14, 2005,
three additional domestic subsidiaries of Delphi filed voluntary petitions for relief under chapter
11 of the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the
Debtors are continuing to operate their businesses and manage their properties as debtors in
possession.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases (the
"Chapter 11 Cases").

2.      On October 17, 2005, the Office of the United States Trustee for the
Southern District of New York (the "UST") appointed an official committee of unsecured
creditors (the "Creditors' Committee").

3.      On March 30, 2006, the Court entered an order  (the "Equity Committee
Order") directing the UST to appoint a committee of equity security holders pursuant to section
1102 of the Bankruptcy Code.

4.      On April 28, 2006 the UST appointed the Equity Committee.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.
This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the
relief sought in this Motion are sections 105, 328(a) and 1103 of the Bankruptcy Code and
Bankruptcy Rule 2014.  Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## RELIEF REQUESTED

6.      By this Motion, after discussions with the Debtors, the UST and the
Creditors' Committee, the Equity Committee seeks leave to file an application to retain and

employ a financial advisor to the Equity Committee consistent with the terms set forth in A attached hereto.

## BASIS FOR RELIEF REQUESTED

7.    The Equity Committee Order provides that "[w]ithout prior leave of this Court after notice and a hearing pursuant to the Case Management Order (as supplemented) (Docket Nos. 245 & 2883), the Equity Committee shall not retain, and may not file applications seeking the retention of, any professionals, including, investment bankers, accountants, or actuaries, other than a law firm to represent the Equity Committee." Equity Committee Order at ¶4. The Equity Committee Order further provides that the "Equity Committee . . . needs to be informed of, and to relay to the Debtors and other parties in interest in these cases, the Equity Committee's views with respect to, among other things, issues involving labor, pension, OPEB, and GM, and to be informed in respect of agreements that the Debtors may reach with their unions or GM." Equity Committee Order at ¶5.

8.    The Equity Committee believes that the services and expertise of a financial advisor are necessary to effectively fulfill its fiduciary duties as the representative of the equity security holders' interests. The financial advisor is necessary in this regard for many reasons including to assist the Equity Committee in evaluating the complex financial and organizational transformational issues inherent in the Debtors' reorganization. In addition, because of the various information sharing protocols in effect in the Chapter 11 Cases and the designation of a significant number of documents as for "Professionals' Eyes Only", the Equity Committee believes that having a financial advisor will make information sharing more manageable for all parties.

9.    The Equity Committee discussed its potential retention of a financial advisor, pending Court approval, with the Debtors, the UST and the Creditors' Committee. During these discussions, the Equity Committee informed these parties of the need and reasons for the Equity Committee to retain a financial advisor. The discussions with the Debtors led to

lengthy negotiations which resulted in a term sheet setting forth a proposed payment structure and scope of services for a financial advisor that has been agreed to by the Debtors and the Equity Committee (the "Term Sheet").  The Term Sheet is attached hereto as Exhibit A. Consistent with those discussions, the Debtors have stated that they have no objection to the Equity Committee's retention of a financial advisor on terms consistent with the Term Sheet and support this Motion.  Additionally, it is the Equity Committee's understanding that the UST does not object to the Equity Committee's efforts to retain a financial advisor.

10.    In an effort to streamline the process for the Equity Committee to retain a financial advisor, the Equity Committee interviewed a number of financial advisory firms and has reviewed with such potential advisors the proposed payment structure and scope of services. If the Court determines to grant the Motion, the Equity Committee will promptly file the Application by notice of presentment providing parties with 10 days negative notice.

## WAIVER OF MEMORANDUM OF LAW

11.    Pursuant to Local Rule 9013-1(b), the Equity Committee respectfully requests that the Court waive the requirement that the Equity Committee file a memorandum of law in support of this Motion, since this Motion raises no novel issues of law.

## NOTICE

12.    Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883), as amended (the "Supplemental Case Management Order").  In addition, the Equity Committee has complied with the Supplemental Case Management Order with respect to the filing of this

- 4 -

13.    Motion and the need for expedited relief.[1]  In light of the nature of the relief requested, the Equity Committee submits that no other or further relief is necessary.

## NO PRIOR REQUEST

14.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Equity Committee requests entry of an order, pursuant to sections 105, 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, substantially in the form of the stipulated order attached to this Motion as Exhibit B: (i) granting the Equity Committee leave to file the Application; and (ii) granting such other and further relief as is just and proper.

Dated:    New York, New York
        July 31, 2006

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By:  /s/ Bonnie Steingart
    Bonnie Steingart (BS-8004)
    Debra M. Torres (DT-9093)

One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

557061

---

[1]    The Equity Committee has noticed this Motion for the regularly scheduled omnibus hearing on August 17, 2006 in compliance with the Supplemental Case Management Order.  Pursuant to the terms of the Supplemental Case Management Order, the Equity Committee has consulted with counsel to the Debtors and the Creditors' Committee regarding the relief sought in this Motion as well as the timing of its filing. The Equity Committee has been informed that the Debtors and the Creditors' Committee have consented to this Motion being heard at the August omnibus hearing.  Because this Motion is being filed on less than 20 days' notice, parties in interest will have until August 14, 2006 to file an objection.