## EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                    :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)
                                         :
                 Debtors.                :    (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION PURSUANT TO LOCAL GUIDELINES, U.S. TRUSTEE**
**GUIDELINES AND FEE COMMITTEE GUIDELINES**
**FOR FEES AND DISBURSEMENTS**

Pursuant to 28 U.S.C. § 1746, Aaron R. Marcu certifies as follows:

      1.     I am a partner of the firm of Covington & Burling LLP ("**Covington**"), which maintains offices for the practice of law at, among other places, 1330 Avenue of the Americas, New York, New York 10019.

      2.     I am the professional designated by Covington to certify regarding Covington's Fee Applications, in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "**Local Guidelines**"), the United States Trustee Guidelines for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "**U.S. Trustee Guidelines**"), the memorandum dated June 19, 2006 issued by the Debtors' fee committee containing guidelines for retained professionals to use when billing time (the "**Fee Committee Guidelines**") and the Court's Fourth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement

NY: 518429-5

of Expenses of Professionals dated July 13, 2006 (Docket No. 4545) (the "**Fourth Supplemental Fee Order**" and, collectively with the Local Guidelines, the U.S. Trustee Guidelines, and the Fee Committee Guidelines, the "**Guidelines**").

3. I make this certification in support of Covington's second interim application for compensation for services rendered and reimbursement of expenses incurred for the period from February 1, 2006 through and including May 31, 2006 (Docket No. 3060) (the "**Second Application**") in accordance with the Guidelines.

4. With respect to section B.1 of the Local Guidelines, I certify that:

   a) I have read the Second Application;

   b) To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Second Application fall within the Guidelines;

   c) Except to the extent that fees and disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed in accordance with practices customarily employed by Covington and generally accepted by Covington's clients; and

   d) In providing a reimbursable service, Covington does not make a profit on that service, whether the service is performed by Covington in-house or through a third party.

5. In respect of section B.2 of the Local Guidelines, I certify that Covington has been providing, on a monthly basis, statements of Covington's fees and disbursements for each month in accordance with the procedures approved by this Court in the Interim Fee Order dated November 4, 2005 (Docket No. 869), the First Supplemental Fee Order dated March 8, 2006 (Docket No. 2747), the Second Supplemental Fee Order dated March 28, 2006 (Docket No. 2986), the Third Supplemental Fee Order dated May 5, 2006 (Docket No. 3630), the Fourth Supplemental Fee Order dated July 12, 2006 (Docket No. 4545), and as otherwise agreed to with the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**" or the

"**Company**") and the Office of the United States Trustee pursuant to the Joint Interest Agreement Order dated April 18, 2006 (Docket No. 3279).

6. In respect of section B.3 of the Local Guidelines, I certify that copies of the Second Application are being provided to (a) the United States Trustee for the Southern District of New York; (b) attorneys for the Debtors; (c) the Debtors and (d) attorneys for the statutory committee of unsecured creditors. The Debtors have consented to the filing of this Second Application.

7. On March 9, 2006, effective *nunc pro tunc* to October 8, 2005 (the "**Petition Date**"), this Court entered an Order under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of Covington & Burling as Foreign Trade and Special Corporate Committee Legal Counsel to Debtors (Docket No. 2769), authorizing the employment of Covington as foreign trade and special corporate committee legal counsel to the Debtors.

8. In this capacity, Covington has: (a) advised and assisted the Company on U.S. foreign trade controls, including the scope, applicability, licensing, and compliance requirements under the International Traffic in Arms Regulations, Directorate of Defense Controls, U.S. Department of State; (b) advised a Special Committee (the "**Special Committee**") of the Company's Board of Directors (the "**Board**") in connection with demands which have been or may be made by Delphi shareholders with regard to various accounting issues now under investigation and in litigation; and (c) advised the Special Committee in connection with the Company's external auditor selection process.

9. This certification is submitted pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure in connection with Covington's Second Interim Application for: (a)

allowance of compensation for services rendered as foreign trade and special corporate committee legal counsel to the Debtors from February 1, 2006 though May 31, 2006, inclusive; and (b) the reimbursement of expenses incurred in connection therewith.

        10.      No agreement or understanding exists between Covington and any person for a division of compensation or reimbursement received or to be received herein or in connection with the Debtors' chapter 11 cases.

        11.      As of the date of the Second Application, Covington has received no payment or promise of payment for the services rendered in these chapter 11 cases, other than as noted in the Second Application.

        12.      As detailed in the Debtors' Application for Order under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of Covington & Burling as Foreign Trade and Special Corporate Committee Legal Counsel to Debtors (Docket No. 2424), prior to the Petition Date, Covington performed numerous services for the Debtors. As a result of these prepetition services, Covington was owed, and continues to be owed, $263,559.79. Covington has filed a proof of claim regarding this amount, and neither the compensation nor expenses requested pursuant to the Second Application attached hereto includes any portion of this amount.

        /s/ Aaron R. Marcu
        Aaron R. Marcu

4