UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                           :       Chapter 11
:
DELPHI CORPORATION, et al.,     :       Case No. 05-44481 (RDD)
:
                  Debtors.  :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER APPROVING JOINT INTEREST AGREEMENT BETWEEN DEBTORS
AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
IMPLEMENTING PROTECTIVE ORDER, AND APPROVING
<u>PROCEDURES TO PROTECT INFORMATION IN FEE STATEMENTS</u>

("JOINT INTEREST AGREEMENT ORDER")

       Upon the motion, dated March 28, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105, 107 and 1103 and Bankruptcy Rules 7026 and 9018, approving the Joint Interest Agreement[1] between the Debtors and the Creditors' Committee, preserving for the benefit of the Debtors' estates certain protections and privileges from disclosure of information and documents produced pursuant to the Joint Interest Agreement, and approving procedures to protect confidential and privileged information in fee statements and fee applications of professionals retained in these cases; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and

---

[1]   Terms not defined herein shall have the meanings ascribed to them in the Motion.

adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon,

      IT IS HEREBY FOUND AND DETERMINED THAT:

      A.    The Debtors and the Creditors' Committee are separate fiduciaries of these estates with distinct fiduciary duties that share a common interest with respect to the subject matter of the Information (as defined herein).  In addition, the Court as well as the Debtors and the Creditors' Committee have an interest in ensuring that its orders are implemented appropriately. To carry out their respective fiduciary duties efficiently and effectively in general, the Debtors and the Creditors' Committee must be able to share confidential information within the subject matter of the Information free from the risk that any of them would be required to divulge such information to third parties later.

      B.    Given the common interest of the Debtors and the Creditors' Committee with respect to the Information, the sharing of the confidential Information between the Debtors and the Creditors' Committee shall not prejudice any rights, remedies, or causes of action of the Debtors or the Creditors' Committee applicable with respect to any causes of action arising out of the Information.

      C.    The Debtors' administration of their cases should not be prejudiced by the exchange of the Information.  Any Information provided by the Debtors to the Creditors' Committee should be used only as provided in the Joint Interest Agreement.

      NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.    The Motion is GRANTED.

      2.      The Court hereby approves the Joint Interest Agreement, a copy of which is attached hereto as <u>Exhibit 1</u>. Any non-public information and documents provided by the Debtors to the Creditors' Committee related to the Investigations, whether written or oral, including by virtue of participation by any Reviewing Party (as defined below) in the Investigations, to the designees of the Creditors' Committee (which designees shall be the outside professionals of the Creditors' Committee and, at the election of the Creditors' Committee, either the chair of the Creditors' Committee or a subcommittee of the Creditors' Committee in a number reasonably acceptable to the Debtors) (each a "Reviewing Party"), shall be deemed confidential information subject to the provisions of the Joint Interest Agreement ("Information"), and no attorney-client, attorney work-product doctrine, or similar privilege shall be waived solely by reason of the sharing of such Information under the terms of the Joint Interest Agreement. The Debtors shall maintain a privilege log identifying privileged documents provided to the Creditors' Committee pursuant to the Joint Interest Agreement and this Order. The Debtors' provision of Information pursuant to the Joint Interest Agreement shall not confer upon any third party the right to obtain such Information, nor shall it limit the right of any party, including the Creditors' Committee, to Information that is otherwise discoverable to the extent so ordered by the Court or another Court of competent jurisdiction in litigation authorized by the Court.

      3.      The Joint Interest Agreement between the Debtors and the Creditors' Committee shall apply only to the Investigations.

      4.      Nothing in this Order shall be deemed to expand or narrow the scope of the common interest privilege.

5.      Nothing in this Order shall preclude the Debtors from expressly waiving any privilege or attorney work-product doctrine applicable with respect to any Information in the future.

6.      The Creditors' Committee may exercise its own independent judgment in determining whether to participate in particular meetings and interviews being conducted by the Debtors in furtherance of the Investigations.

7.      Nothing in this Order or the Joint Interest Agreement shall limit, modify, or otherwise diminish the Debtors' or the Creditors' Committee's rights and powers under applicable law, including the rights of the Creditors' Committee, to seek Information from the Debtors that the Debtors do not voluntarily produce (provided that all defenses the Debtors may have to any such involuntary production are not diminished by this Order or the Joint Interest Agreement).

8.      Nothing in this Order or in the Joint Interest Agreement shall affect the separate representation of the parties by their respective counsel nor shall anything in this Order or the Joint Interest Agreement be deemed to create an attorney-client relationship between any attorney and anyone other than the client who hired that attorney.  The Debtors' provision of Information pursuant to the Joint Interest Agreement shall not be a basis for disqualification of any of the Creditors' Committee counsel.

9.      No discovery in respect of matters that are the subject of the Investigations shall be permitted unless (a) the Bankruptcy Court has issued an appropriate order, after the Debtors and Creditors' Committee have met and conferred on the subject matter of the discovery and a telephonic status conference has been held before the Bankruptcy Court pursuant to section 105(d) of the Bankruptcy Code, (b) the Debtors and the Creditors' Committee have otherwise

agreed, or (c) in connection with an adversary proceeding initiated by the Debtors or a contested hearing adjudicating a motion initiated by the Debtors, such discovery is permissible under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure (provided that all rights and defenses with respect thereto are reserved).

        10.    The provisions of the Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals (Docket No. 869), as amended (Docket No. 2747) relating to monthly fee statements and fee applications containing Confidential Time Records shall be modified in accordance with <u>Exhibit 2</u> attached hereto.  The dissemination and disclosure of the Confidential Time Records in accordance with these procedures shall not constitute a waiver of the attorney-client or attorney work product privileges, or of any right to the confidentiality of such information by any party.  The Debtors shall promptly serve a copy of this Order on all professionals retained pursuant to a retention order entered by this Court.

        11.    The Court expressly retains exclusive jurisdiction to determine any dispute regarding the interpretation or enforcement of this Order and the Joint Interest Agreement.  On request of a party in interest, the Court may issue any order necessary or appropriate to enforce or give effect to the provisions of this Order or the Joint Interest Agreement, including, but not limited to, this retention of jurisdiction.

      12.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       April 18, 2006

                                              /s/Robert D. Drain
                                            UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit 1</u>

Joint Interest Agreement

05-44481-rdd    Doc 4794-2    Filed 07/31/06    Entered 07/31/06 22:54:10    Exhibit
Pg 7 of 9

<u>Exhibit 2</u>

Fee Procedures

A.      The disclosure of the Confidential Time Records shall be limited to (i) Debtors and their counsel, (ii) counsel to the Creditors' Committee, (iii) the United States Trustee, (iv) this Court (in the case of interim or final fee applications), and (v) any other entity consented to in writing by the Debtors as set forth below, or designated by this Court after notice and a hearing (together, the "Designated Recipients").

B.      Except as set forth below, all retained professionals shall file their fee applications, monthly fee statements, and related documents and records (including expense records) in accordance with the Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals (Docket No. 869), as amended (Docket No. 2747), and relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and other applicable orders and guidelines.

C.      Service and distribution of monthly fee statements and interim and final fee applications containing the Confidential Time Records shall be limited to the Designated Recipients. Monthly fee statements and interim and final fee applications sent to or served on non-Designated Recipients will have the Confidential Time Records redacted. Corresponding interim and final fee applications, with unredacted confidential time records, filed with this Court shall be filed under seal.

D.      Any party receiving the Confidential Time Records shall be required to maintain the confidentiality of such information and shall not publicly file, provide, or disclose the Confidential Time Records, directly or indirectly, or by any means or in any manner whatsoever, to anyone other than another Designated Recipient.

E.      Any party who wishes to become a Designated Recipient shall submit a written request to the Debtors, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: David Sherbin), with a copy to Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), setting forth with specificity the basis for the request. The Debtors shall have twenty days after receipt of such request to respond in writing to any such request and shall use reasonable efforts to resolve any such request without judicial intervention. In the event that the Debtors agree in writing to supply the requested information, the requesting party shall be deemed to be a Designated Recipient and shall be required to maintain the confidentiality of the time records as set forth above. If the Debtors determine not to supply the requested information, such requesting party shall then be entitled to file an appropriate motion or other pleading with this Court upon proper notice.

F.      The dissemination and disclosure of the Confidential Time Records in accordance with these procedures shall not constitute a waiver of the attorney-client or attorney work product privileges, or of any right to the confidentiality of such information by any party.

G.      Any objection to a fee application or fee statement, pleading, or other filing of a Designated Recipient that contains the content of the Confidential Time Records shall be filed with the Court in a form complying with the following requirements, with copies of such pleadings to be sent solely to the Designated Recipients:

        1.      All such objections, pleadings, or other filings referenced in section G shall be filed with a cover sheet reciting the following information:

        The materials herein are filed pursuant to the Joint Interest Agreement Order, entered by this Court April ___, 2006 (the "Order").  Pursuant to the Order, the attached materials contain confidential information and may be viewed only by the Chambers of the Honorable Robert D. Drain, the Debtors' counsel, the United States Trustee, and other Designated Recipients.  Copies of the attached materials are available solely under the procedures set forth in the Order.

        2.      The cover sheet with respect to any objections, pleadings, or other filings shall contain the caption of the case, designate the party filing the materials, and be signed by counsel for such party.  Only the cover sheet shall become part of the public record.  The pleadings or other materials being filed shall be maintained by the Court in accordance with its procedures for documents filed under seal.

H.      With respect to any hearing concerning fee statements, fee applications, time records, or related documents or records containing Confidential Time Records, the necessary arrangements to maintain the confidentiality of the Confidential Time Records shall be addressed with the Court in advance of such hearing.

2