```
0001
 1
 2    UNITED STATES BANKRUPTCY COURT
 3    SOUTHERN DISTRICT OF NEW YORK
 4    Case No. 05-44481
 5    - - - - - - - - - - - - - - - - - - - -x
 6    In the Matter of:
 7
 8    DELPHI CORPORATION,
 9
10              Debtor.
11
12    - - - - - - - - - - - - - - - - - - - -x
13
14                United States Bankruptcy Court
15                One Bowling Green
16                New York, New York
17
18                July 19, 2006
19                10:08 AM
20
21    B E F O R E:
22    HON. ROBERT D. DRAIN
23    U.S. BANKRUPTCY JUDGE
24
25
0002
 1    HEARING re Motion of NuTech Plastics Engineering, Inc. for
 2    Relief from the Automatic Stay in Order to Continue Pre-
 3    petition Breach-of-Contract Case Against Delphi Automotive
 4    Systems USA, L.L.C. and General Motors
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
0003
 1              MR. BUTLER:  Your Honor, the next matter on the
 2    agenda is matter number 41.  This is NuTech Plastic Engineering
 3    Inc.'s lift stay motion.  It's filed at docket number 4436.
 4    It's been contested by the debtors.  We filed an objection
 5    docket number 4559.  And counsel for NuTech is here to present
 6    their motion.
 7              MR. TISDALE:  May it please the Court.  Good
 8    afternoon, Your Honor.  My name is Douglas M. Tisdale, T-I-S-D-
 9    A-L-E, of the law firm of Tisdale & Associates, LLC.  With me
10    in Court today is Steven A. Klenda, K-L-E-N-D-A, of our office.
11    We represent NuTech Plastics Engineering.  We're here today,
12    Your Honor, for the preliminary hearing on NuTech's motion for
13    relief from stay, that's docket number 4436.  For the purposes
14    of this hearing, Your Honor, we would incorporate here is our
```

```
15   proffer of evidence, the evidence in the argument in our motion
16   papers.  Including our memorandum of law and the affidavit that
17   we had of J.A. Schwartz, Esquire, the trial counsel for NuTech
18   in their state court case, and the attachments thereto.  Your
19   Honor, I noted on the agenda that our reply that we filed
20   yesterday, was not indicated on the agenda.  But I am informed
21   by your court staff that our reply was received by the Court.
22             THE COURT:  That's right.
23             MR. TISDALE:  Then, Your Honor, I won't tender a
24   bench copy that I had just in case the Court did not have one.
25   Your Honor, in 2002 NuTech filed a lawsuit in the Genesee
0004
 1   County Circuit Court --
 2             THE COURT:  I don't think you have to go through the
 3   facts.  I have a couple of basic questions.
 4             MR. TISDALE:  I'll be happy to answer them.
 5             THE COURT:  What I didn't really understand here,
 6   whether Delphi's liabi -- claim liability is derivative of GM's
 7   liability to your clients.  Is it derivative or is it separate.
 8   It's just not clear to me.
 9             MR. TISDALE:  It's a breach of contract case, Your
10   Honor, as to both parties.  They are, in fact, related.
11   Delphi's is not one of a fiduciary or, as one who would stand
12   in the place of.  However, GM, we are informed by debtor in its
13   responsive papers, would intend to assert an indemnification
14   claim against Delphi.  But each of the parties separately
15   contracted with NuTech Plastics.
16             THE COURT:  I noted that trial court that invited the
17   filing although not necessarily in light of the stay.  The
18   Judge gave you opportunity to proceed just the against GM, but
19   not against -- not to keep alive a claim against Delphi.  If I
20   feel approve a RICO on that which is that I would make it clear
21   that the -- is this in Michigan?-
22             MR. TISDALE:  Yes, Your Honor.
23             THE COURT:  The Michigan Court would not try the case
24   twice.  And if it wasn't resolved consensually by Delphi, I
25   would try the matter vis a vis Delphi.  Do you think it's worth
0005
 1   taking a stab at that -- because the debtors are prepared to
 2   let it go forward as against GM.
 3             MR. TISDALE:  I understand that, Your Honor.
 4             THE COURT:  It would seem to me that the trial court
 5   would understand if it didn't want to conduct two different
 6   trials.  But I don't think it would have to.  In fact, it seems
 7   to me, particularly -- and this might be the case given the
 8   indemnification claim that's asserted, Delphi's liability is
 9   largely a derivative of GM's.  That GM would defend
10   aggressively, Delphi can watch that from the sidelines.  And
11   then as debtors often do, decide what to do as a result of a
12   trial.
13             MR. TISDALE:  Your Honor, I understand the Court's
14   thinking on that.  And I appreciate that.  Because, among other
15   things, we have specifically requested that the alternative
16   relief, or at least, if you will, the minimal relief to be
17   accorded is that we have a clarification for the benefit of the
18   Michigan State Court which does not typically deal with
19   bankruptcy issues to the extent that this Court does.  That
20   said, Your Honor, I don't want to be seen as abandoning an
21   important point here, which is in a case where discovery was
22   completed.  In fact, two years before the trial was set.  And
23   seven months after the dispositive motions had been determined
24   finally.  And unfortunately for us, the only thing that
25   intervened was six weeks before trial, this case was filed.
0006
 1   That, Your Honor, we believe, is a telling fact under the Sonix
 2   analysis.  And we believe, that as a practical matter, when the
 3   Court looks at the totality of the circumstances under Sonix
```

```
 4   is -- and we've outlined the factor, and I won't repeat them
 5   all here.  But certainly in the totality of the circumstances,
 6   Judge, we would respectfully assert that not just a compromise
 7   solution, i.e., of allowing us clearly to go ahead against
 8   General Motors and making it clear to the Michigan Court
 9   wouldn't have to do a retrial for purposes of Delphi's
10   liability at some future point.  That may be a nice compromise
11   the debtor would propose, but Your Honor, we don't think that
12   its justified under Sonix.
13              THE COURT:  Well --
14              MR. TISDALE:  We think that relief is required.
15              THE COURT:  Let me change direction your direction a
16   little bit.  What about the pre -- the debtor's response that
17   GM has indicated that if the trial is going to go forward
18   parties for both Delphi and GM they're going to have to get new
19   counsel.  Because right now, this is the same counsel defending
20   both entities.  Is that going to slow things up?
21              MR. TISDALE:  Well, Your Honor, to the extent that
22   one can say discovery was completed, dispositive motions were
23   filed, argued and lost by the defendants, that new trial
24   counsel coming in would have essentially a pre-packaged case.
25   Every lawyer who approaches litigation, when they have to step
0007
 1   in before trial, and it happens to all of us from time to time,
 2   knows that there is some catch up work we have to do.  But the
 3   case has been prepared for trial, it was ready for trial, it
 4   was on the eve of trial.  And therefore, any new counsel that
 5   would come in would, of course, ask for an appropriate period
 6   of time.  But, Your Honor, not the kind of delay that we would
 7   otherwise experience here in these proceedings.  There is,
 8   under the rules of judicial economy and an expeditious and
 9   economical resolution of all of the issues.  A forum sitting
10   there, ready, willing and able to hear the entirety of the
11   case.
12              THE COURT:  It really would be in a month and half,
13   would it.
14              MR. TISDALE:  At that point, Your Honor, I would
15   assume that it wouldn't be September, which is the trial date
16   that we have heard from our trial counsel and is submitted into
17   evidence in before this Court pursuant to the affidavit of Jay
18   Schwartz.  That said, Your Honor, the case has the longest
19   history in the Genesee County circuit court in terms of not
20   having to go to trial, having been filed back in 2002.  And so,
21   clearly, Your Honor, at this point a speedy trial would be
22   available and new counsel, I think, would appropriately be
23   expected to come up to speed.  And, I think, General Motors can
24   find a lawyer in Detroit.
25              THE COURT:  Okay.  Let me ask you.  Given that
0008
 1   discovery is complete, is there really an issue with the
 2   gentleman, the CO.  I mean, he's been deposed.
 3              MR. TISDALE:  Yes, Your Honor.  The difficulty is
 4   though, now we have to have a trial.  And we appreciate the
 5   offer that was made by debtors.  That, in fact, just do a
 6   preservation deposition.  Your Honor, a preservation deposition
 7   is no substitute for the crucible of trial.  The circumstances
 8   and developments that occur at trial are such as to require
 9   that the jury, the fact finder who will hear this matter, see
10   that witness and judge the credibility and the weight of that
11   witness.
12              THE COURT:  Well, I'm sure we can videotape.
13              MR. TISDALE:  Your Honor, I know we can video tape,
14   that's not the same as judging in person the credibility and
15   the weight to be accorded the witness.  And we submit that it's
16   a prejudicial impact on us.  And when balancing the harms, as
17   the last factor Sonax would require, we think that that
18   particular balance harms us and is not fair.
```

```
19              THE COURT:  Okay.
20              MR. TISDALE:  Your Honor, if I can, just in summary.
21   Very briefly, as to one thing.  We know the Court's been very
22   patient today with a number of matters and I apologize.  But it
23   is an important matter to NuTech.  And we do want to make
24   certain that the Court understands that the relief that we have
25   sought, because there was comment made by debtor's counsel in
0009
 1   their response, the relief that we seek is, of course, limited.
 2   I believe the form of order that was submitted to the Court was
 3   perhaps a little broader than might ordinarily have been the
 4   circumstances.
 5              THE COURT:  It's not for enforcement but for solely
 6   for purposes of liquidating the claim.
 7              MR. TISDALE:  Exactly, Your Honor.  The Court
 8   understands that and we assumed the debtors understood that as
 9   well.  But it's clear to all of us, that in fact, it's solely
10   for purposes of liquidation.  And, Your Honor, very simply put,
11   the most central factor, under Sonax, which after all began
12   with Curtis, Judge Allen's opinion out of the District of Utah.
13   Which as to the point about being ready for trial began with
14   Judge Brumbah's decision in Feedler in Colorado.  When Judge
15   Brumbah indicated that if the case is ready for trial, that's a
16   central factor.  And, Your Honor, that's the one that Congress
17   chose to comment on in the legislative history, which we
18   pointed out to the Court in our reply as well.  That factor,
19   Your Honor, is a heavy factor.  Distraction is always the claim
20   of every debtor.  When I was debtor's counsel in the Gillette
21   Holdings, Your Honor, getting up in the morning was a
22   distraction, going to bed at night was a distraction, anything
23   is a distraction.  But that doesn't interfere with the
24   administration of the case.  They've got separate trial
25   counsel, they can proceed with this case without being
0010
 1   prejudice and without being unduly distracted from the other
 2   significant matters that they have before them.  Under those
 3   circumstances, Your Honor, we suggest that the breathing room
 4   that they ask for is fine.  We gave them that.  But we don't
 5   have to give them an iron lung.
 6              THE COURT:  Okay.
 7              MR. TISDALE:  Thank you, Your Honor.
 8              THE COURT:  All right.
 9              MR. BUTLER:  Your Honor, our point in this, I think,
10   is simple.  We are -- I don't think this case, ultimately, is
11   going to be tried in Genesee County.  Because if Your Honor
12   lifts the stay, it's not clear to me that we won't exercise our
13   removal rights, which have been preserved with respect to this
14   particular litigation.  There is new trial counsel that's going
15   to have to be obtained for General Motors.  I don't think this
16   meets the Sonix factors, although discovery has been completed.
17   We do think that the stay should be modified for the limited
18   purpose of preserving Mr. Mailey's deposition through a video
19   deposition.  And there are lots of cases in which videotaped
20   deposition is admitted in trial when the declarant's
21   unavailable -- a witness is unavailable.  And seeing as they've
22   made the point, we do think the stay should be modified to
23   permit that to go forward on an expeditious matter so that the
24   testimony is not lost.  If that relieves the concern, then that
25   ought to be taken care of.  But aside from that, Your Honor,
0011
 1   this is a garden variety breach of contract claim.  All right.
 2   And, you know, our claims bar date is at the end of this month.
 3   We're going to begin to assess what we should be doing in
 4   connection with claims administration.  Your Honor's already
 5   pointed out, that this Court, unlike some of the other lift
 6   stay matters have been before the Court, this Court is
 7   competent jurisdictionally and otherwise to try this matter, if
```

```
 8   it ever has to come up in a disputed proof of claim.  And this
 9   issue can be dealt with.
10               THE COURT:  Well, your response said that
11   alternatively be okay to lift the stay to the extent it
12   applies, in we will not or doesn't apply, to let them go
13   against GM.
14               MR. BUTLER:  Your Honor, I never thought it applied
15   to GM to begin with.
16               THE COURT:  Well, there's no indemnification claim.
17   So maybe they're being character -- but I don't think it does
18   either.
19               MR. BUTLER:  No issue of that, Your Honor.
20               THE COURT:  I mean, it's not uncommon for the debtors
21   to look at the results of litigation even though their not
22   specifically binding and then make decisions about how to
23   settle in the light.  Particularly if there is joint liability
24   in the debtor as everyone knows has all sorts of issues that
25   it's negotiating with GM.  This could lead to another one.
0012
 1               MR. BUTLER:  There's no question about that either,
 2   Your  Honor.
 3               THE COURT:  I understand that this is -- if
 4   everything goes further would be set for trial some time in
 5   September.  Given my statement about GM getting new counsel, I
 6   think it probably wouldn't be set for then.  Counsel I'd like
 7   the parties to work together on -- at least considering an
 8   order that would make it clear to trial court that you really
 9   have to make one trial and that would be as between the
10   plaintiff and GM.  And the claim that the plaintiff has
11   against Delphi would be dealt with in the bankruptcy case and
12   if the Court still has a problem with that, and I don't think
13   it would, I'll certainly retain this again.
14               MR. BUTLER:  We'll work on that order.  In the
15   interim, assuming we work it out with counsel, I would propose
16   that we submit an interim order that would modify the stay
17   immediately with respect to the declarant who's ill.
18               THE COURT:  Well, I don't know how ill he is.  If
19   he's well enough to at least, be testifying sometime in
20   September, so rather than brining him up to a deposition right
21   now, maybe you can consider that, in the interim.  If he's
22   going to testify, if this works out the day of the trial in
23   September because GM would not need to hire new counsel, he'll
24   testify to that and you'll have that the benefit of that
25   testimony.  That's something to consider if this is delayed.
0013
 1               MR. BUTLER:  So should we set this -- continue this
 2   to the next omnibus hearing, Your Honor?
 3               THE COURT:  Yes.
 4               MR. BUTLER:  And we'll work on that order and
 5   resubmit.
 6               THE COURT:  Right.  Okay.
 7               MR. BUTLER:  Thank you, Your Honor.
 8               THE COURT:  Okay.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
```

```
23
24
25
0014
 1                        C E R T I F I C A T I O N
 2
 3     I, court approved transcriber, certify that the foregoing is a
 4     correct transcript from the official electronic sound recording
 5     of the proceedings in the above-entitled matter.
 6
 7     _____ July 21, 2006
 8     Signature of Transcriber                 Date
 9
10          Lisa Bar-Leib
11     typed or printed name
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```