SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

``````````````````````````````````````````````````` x
                                                    :
     In re                                         :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                       Debtors.           :    (Jointly Administered)
                                                    :
``````````````````````````````````````````````````` x

SECOND SUPPLEMENTAL DECLARATION AND STATEMENT OF
JOHN WM. BUTLER, JR. UNDER FED. R. BANKR. P. 2014 AND 2016

JOHN WM. BUTLER, JR., being duly sworn, deposes and says:

1.    I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP (collectively, "Skadden") which maintains an office for the practice of law at 333 West Wacker Drive, Chicago, Illinois 60606-1285.  On October 8, 2005, I filed a declaration executed by me on October 8, 2005 (the "Declaration") pursuant to 11 U.S.C. §§ 327 and 329 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Application For An Order Under 11 U.S.C. §§ 327(a) And 329 And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing The Employment And Retention Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates As Attorneys For Debtors-in-Possession And (II) Scheduling A Final Hearing Thereon, filed contemporaneously therewith by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").  Pursuant to an interim order entered October 14, 2005, and a final order entered November 4, 2005, this Court authorized the retention of Skadden to serve as the Debtors' principal restructuring and bankruptcy counsel.  Skadden has represented, and continues to represent, the Debtors in their chapter 11 cases since the filing of the Debtors' chapter 11 petitions.

2.    In connection with the filing of the First Interim Application of Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates, Counsel to the Debtors-in-Possession, Seeking Allowance and Payment of Interim Compensation and Reimbursement of Expenses,  I filed a supplemental declaration executed by me on May 31, 2006 (the "Supplemental Declaration" and, collectively with the Declaration, the "Prior

2

Declarations"), pursuant to Bankruptcy Rules 2014 and 2016, to supplement the disclosures made in the Declaration and to provide additional disclosures regarding the results of Skadden's continued client database research of parties appearing in these cases subsequent to the filing of the Declaration.

3. Prior to the execution of the Prior Declarations, Skadden performed extensive relationship and disclosure research with respect to the Debtors' affiliates, directors and officers, joint owners of the Debtors' affiliates, fifty largest unsecured creditors (on a consolidated basis as of September 2005 as determined by the Debtors), counterparties to major contracts, major lenders, shareholders owning more than 5% of outstanding shares, professionals, utility companies, counterparties to major leases, insurance providers, major vendors, major customers, non-Debtor parties to collective bargaining agreements with the Debtors, indenture trustees, underwriters of securities, major litigation parties, state and governmental agencies, and Judges and United States Trustees for the United States Bankruptcy Court for the Southern District of New York. The disclosures in the Prior Declarations were based on that inquiry.

4. As indicated in the Prior Declarations, since the commencement of these cases, Skadden has engaged in extensive further inquiry of its partners, counsel, and associates with respect to the matters contained in the Declaration, including the circulation (and review of responses) of a special "disinterestedness" questionnaire to each of its more than 1,700 attorneys. In addition, Skadden conducted additional queries of its client databases regarding possible relationships with, or connections to, the parties that filed formal notices of appearance in these cases (the "Rule 2002 Entities"), the parties on the

3

master service list (the "Master Service List Parties"), and certain other parties who have been actively involved in these cases or otherwise identified to Skadden.

5. Skadden is filing this second supplemental declaration (the "Second Supplemental Declaration") to supplement the disclosures in the Prior Declarations and to provide additional disclosures regarding the results of its continued client database research of the parties that have appeared in these cases and other additional due diligence. Skadden will continue to conduct further due diligence and research of its client databases and inquiries of its attorneys and will file additional supplemental declarations regarding its retention, including periodic supplemental declarations anticipated to be filed at or about the time that future fee applications are filed in these cases, to the extent necessary.

6. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto. Certain of the disclosures herein, however, relate to matters within the knowledge of other attorneys at Skadden and are based on information provided by them.

7. Except as otherwise set forth in the Prior Declarations and herein, to the extent known by me after reasonable inquiry, Skadden, through its partners, counsel, and associates, (a) does not have any connections with the Debtors or their affiliates, their creditors, the United States Trustee for the Southern District of New York (the "U.S. Trustee") or any person employed in the office of the U.S. Trustee, or any other party-in-interest, or their respective attorneys and accountants, (b) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by

4

section 1107(b), and (c) does not hold or represent any interest adverse to the Debtors' estates.

8.  As disclosed in the Prior Declarations, Skadden does not represent and has not represented any entity, other than the Debtors, in matters related to these chapter 11 reorganization cases. Skadden has, however, in the past represented, currently represents, and likely in the future will represent certain creditors of the Debtors and other parties-in-interest in matters unrelated to the Debtors, the Debtors' reorganization cases, or such entities' claims against or interests in the Debtors. To the extent known by me after reasonable inquiry, the identity of these creditors and other parties-in-interest were disclosed in the Prior Declarations or are disclosed in this Second Supplemental Declaration. Skadden's representation of these entities has not and will not affect the firm's representation of the Debtors in these cases. Skadden does not represent these entities in any matters adverse or related to the Debtors. Most of the firm's representations of these parties consist of representations in episodic transactional matters.

Supplemental Due Diligence And Disclosures

9.  Subsequent to the filing of the Prior Declarations, Skadden has performed additional searches of its client databases for the Rule 2002 Entities as of May 31, 2006, the Master Service List Parties as of May 31, 2006, retained professionals, and certain other parties-in-interest.[1] Based on such subsequent client database queries, Skadden has determined that it represents or has represented (in addition to those entities previously

---

[1] With respect to the prior Supplemental Declaration, searches for the Rule 2002 Entities, the Master Service List Parties, retained professionals, and certain parties-in-interest were performed through April 30, 2006.

5

disclosed in the Prior Declarations) certain creditors or other parties-in-interest (or in some cases their affiliates as indicated) on matters unrelated to the Debtors as follows:

10.  <u>Lenders</u>:  Black Diamond Offshore Limited and an affiliate of KKR Financial CLO 2005-1, Ltd.

11.  <u>Professional</u>:  Rohatyn Associates LLC.

12.  <u>Utility company</u>:  An affiliate of Constellation NewEnergy, Inc.

13.  <u>Major vendors</u>:  An affiliate of Hanwha Corp Pun Plt and an affiliate of International Wire Group Inc.

14.  <u>Major customer</u>:  Renault SA.

15.  <u>Major litigation parties</u>:  ICG Communications, Inc. and an affiliate of Rolls-Royce Group Plc.

16.  <u>Counterparty to a major contract</u>:  Johns Hopkins University.

17.  <u>Indenture trustee</u>:  Wilmington Trust Company.

18.  <u>Members Of Ad Hoc Equity Committee</u>:  an affiliate of a public company in which Harbinger Capital Partners, LLC owns a 5% equity security interest as well as substantially all of the common stock of Friedman's Inc., another firm client; a public company with respect to which Lampe Conway & Co. has filed a Schedule 13D with the Securities and Exchange Commission indicating beneficial ownership of equity securities in such company; Marathon Asset Management LLC; and an affiliate of Wexford Capital LLC.

19.     Rule 2002 Entities, Entities Actively Involved In These Cases, And Master Service List Parties:[2]  An affiliate of Moody's Investors Service; Nisshinbo Automotive Corporation; PHH Corporation; SPCP Group L.L.C.; and Sun Microsystems, Inc.

20.     Skadden is one of the largest law firms in the world, with approximately 1,700 attorneys located in 22 offices in 11 nations, and has a diverse client base. Indeed, for the period beginning June 1, 2005, and ending May 31, 2006, no single client accounted for more than 3.590% of Skadden's total value of time billed to client matters for that period. No single client referenced in this Second Supplemental Declaration accounted for more than 1.00% of the value of time charged to client matters during that period.

Further Due Diligence

21.     Skadden has instituted and is carrying on further inquiries of its partners, counsel, and associates with respect to the matters contained herein. Skadden will file supplemental declarations regarding this retention if any additional relevant information comes to its attention.

---

[2]  Skadden has reviewed the docket in these cases for the names of entities filing requests for notices pursuant to Bankruptcy Rule 2002 through May 31, 2006. In addition, Skadden accepted requests by e-mail or telephone for notices pursuant to Bankruptcy Rule 2002. In addition, the Debtors have also added certain parties to the Master Service List in accordance with the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates, Certain Notice, Case Management, And Administrative Procedures entered by this Court on May 19, 2006 (Docket No. 3824). For purposes of disclosure, Skadden conducted client database research as of May 31, 2006 for all of the aforementioned entities. Unless otherwise stated, Skadden has not conclusively determined the relationship and/or affiliation between the Debtors and the entity filing or otherwise making the request for notices pursuant to Bankruptcy Rule 2002. Many of the names included in the other sections of this Second Supplemental Declaration also filed such requests and, therefore, to the extent previously disclosed, are not set forth in this section.

22.     Skadden intends to conduct further database queries and file supplemental declarations, to the extent necessary, at or about the time of filing its third interim fee application in these chapter 11 cases, unless further disclosure is warranted at an earlier date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 1, 2006, at Chicago, Illinois

/s/ John Wm. Butler, Jr.
John Wm. Butler, Jr.