BUCHANAN INGERSOLL & ROONEY PC
301 Grant Street, 20th Floor
One Oxford Centre
Pittsburgh, PA 15219
Christopher P. Schueller (CS 9525)
Attorneys for Keystone Powdered Metal Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No.: 05-44481(RDD)<br>(Jointly Administered) |

MOTION BY KEYSTONE POWDERED METAL COMPANY FOR ENTRY OF AN
ORDER ACCEPTING KEYSTONE'S FILED PROOF OF CLAIM
PURSUANT TO FEDERAL RULES OF BANKRUPTCY
PROCEDURE 3003(c) AND 9006(b)(1)

TO:   HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

Keystone Powdered Metal Company ("Keystone"), by and through its attorneys Buchanan Ingersoll & Rooney PC ("Buchanan Ingersoll"), hereby submits this motion (the "Motion") for the entry of an order pursuant to Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b)(1), accepting Keystone's filed proof of claim. In support of this Motion, Keystone respectfully represents:

## BACKGROUND

1.   Keystone is a trade supplier of Delphi Automotive Systems LLC ("Delphi").

2.   Keystone conducted business with Delphi prior to October 8, 2005 ("Petition Date").

3. On the Petition Date, Delphi and 38 related entities filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court for the Southern District of New York ("Court"). On October 14, 2005, three additional related entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the debtors are continuing to operate their businesses and manage their properties as debtors-in-possession. No trustee or examiner has been appointed in the debtors' Chapter 11 cases (the "Chapter 11 Cases").

4. At the present time, Debtors have not filed a proposed reorganization plan or disclosure statement.

5. Keystone is listed in the Debtor's schedules as having a disputed general unsecured claim of $109,652.70.

6. By Order entered on April 12, 2006 ("Order"), the Court fixed a bar date for non-governmental entities to file a proof of claim with the Court on or before July 31, 2006.

7. Under the Order, proofs of claim may not be delivered to the Court by facsimile, telecopy or electronic mail transmission.

8. A young associate at Buchanan Ingersoll who was handling the Delphi matter for Keystone intended to prepare and file a proof of claim on July 31, 2006. The assigned attorney, however, received a surprising telephone call from a family member the previous evening who informed him that his grandmother was on the verge of passing away unexpectedly. The assigned attorney was asked to rush to New Hampshire to say good-bye to his grandmother right away.

9. On July 31, 2006, the assigned attorney devoted a substantial amount of time to speaking to family members about the family crisis. Unfortunately, the assigned attorney lost

2

track of time dealing with the crisis and was unable to have a messenger complete a paper filing of the proof of claim with the Court before 5:00 p.m.

10. On July 31, 2006 at 8:45 p.m. Buchanan Ingersoll filed a proof of claim in the amount of $109,652.70 electronically with the Court ("Proof of Claim"). A copy of the Proof of Claim is attached as Exhibit A.

11. On August 1, 2006 at 10:42 a.m., Buchanan Ingersoll filed the paper version of the Proof of Claim with the Court.

12. On August 2, 2006, Buchanan Ingersoll filed the paper version of an Amended Proof of Claim with the Court in the amount of $140,983.79. A copy of the Amended Proof of Claim is attached as Exhibit B.

## ARGUMENT

13. The Federal Rules of Bankruptcy Procedure provide that:

> ...when an act is required or allowed to be done at or within a specified period...by order of court, the court for cause shown may at any time in its discretion...on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P.9006(b)(1)

14. Rule 9006 governs the admissions of proofs of claim filed after a court-ordered bar date. Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed. 2d 74 (1993) (noting that Rule 9006(b)(1) "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect").

15. In Pioneer, the Supreme Court set out the parameters of what it termed the "somewhat elastic concert" of "excusable neglect." Id. at 507 U.S. at 392, 113 S.Ct. 1489 (citation and internal quotation marks omitted). The factors considered are "[1] the danger of

3

prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id. at 395, 113 S.Ct. 1489 (citation omitted).

16. When evaluating an excuse for a late filing, a Court looks closely at whether unique or extraordinary circumstances are present. In re Enron Corp., 419 F.3d 115, 123-24 (2d Cir.1005).

17. Here, the filing of the Proof of Claim was filed electronically on the bar date.

18. If the electronic filing is not valid, three of the Pioneer factors weigh heavily in favor of allowing the late filed claim. The Proof of Claim was filed within 17 hours after the Court ordered deadline. With this short delay, there is no prejudice to the Debtors or impact on the proceedings if the Motion is granted. Moreover, Keystone is acting in good faith by addressing the timeliness issues right away.

19. As for the excuse, it is clear the assigned attorney suffered a unique and extraordinary personal crisis outside his control when he planned to file the Proof of Claim. When weighing all the Pioneer factors, the late filing of the Proof of Claim should be excused.

## WAIVER OF MEMORANDUM OF LAW

20. Pursuant to Local Rule 9013-1(b), Keystone respectfully requests that the Court waive the requirement that Keystone file a memorandum of law in support of this Motion, since the Motion raises no novel issues of law.

## NOTICE

21. Notice of this application has been served on all parties on the Master Service List posted at www.delphidocket.com on August 2, 2006.

4

## NO PRIOR REQUEST

22. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, Keystone respectfully requests entry of an order pursuant to Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b)(1) substantially in the form of the order attached to this Motion as Exhibit C accepting Keystone's filed Proof of Claim, and awarding other and further appropriate relief.

Dated: August 2, 2006
Pittsburgh, Pennsylvania

                                          **BUCHANAN INGERSOLL & ROONEY PC**

                                          /s/ Christopher P. Schueller
                                        Christopher P. Schueller (CS 9525)
                                        301 Grant Street, 20th Floor
                                        One Oxford Centre
                                        Pittsburgh, PA  15219
                                        (412) 562-8800

                                        Attorneys for Keystone Powdered Metal Company