Hearing Date and Time: October 19, 2006, at 10:00 am (prevailing Eastern Time)
Objection Deadline: October 12, 2006, at 4:00 pm (prevailing Eastern Time)

**KING & SPALDING LLP**
**1185 Avenue of the Americas**
**New York, New York 10036**
**Telephone: (212) 556-2100**
**Facsimile: (212) 556-2222**
**H. Slayton Dabney, Jr., Esq. (HD - 4311)**

**Attorneys for KPMG LLP,**
**Tax and Transaction Services**
**Advisors to Debtors**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
                                            :
In re:                                      :        Chapter 11
                                            :
DELPHI CORPORATION, et al                   :        Case No. 05-44481 (RDD)
                                            :
        Debtors.                            :        (Jointly Administered)
                                            :
------------------------------------------------------------ x
```

## SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

### SECOND INTERIM FEE APPLICATION

| | |
|---|---|
| NAME OF APPLICANT: | KPMG LLP |
| PERIOD FOR WHICH COMPENSATION IS SOUGHT: | February 1, 2006 through and including May 31, 2006 |
| ROLE IN THE CASE: | Tax and Transaction Services Advisors to Debtors |
| DATE OF RETENTION ORDER: | March 3, 2006 |
| DATE OF SUPPLEMENTAL RETENTION ORDER: | May 2, 2006 |
| AMOUNT OF COMPENSATION SOUGHT : | $7,383,043.00 |
| AMOUNT OF REIMBURSEMENT SOUGHT: | $430,790.04 |
| TOTAL AMOUNT OF HOLDBACK FEES FOR THE APPLICABLE PERIOD: | $738,804.30 |

05-44481-rdd    Doc 4846    Filed 08/03/06    Entered 08/03/06 17:51:11    Main Document
Pg 2 of 22
Hearing Date and Time: October 19, 2006 at 10:00 am (prevailing Eastern Time)
Objection Deadline: October 12, 2006, at 4:00 pm (prevailing Eastern Time)

**KING & SPALDING LLP**
**1185 Avenue of the Americas**
**New York, New York 10036**
**Telephone: (212) 556-2100**
**Facsimile: (212) 556-2222**
**H. Slayton Dabney, Jr., Esq. (HD - 4311)**

**Attorneys for KPMG LLP,**
**Tax and Transaction Services**
**Advisors to Debtors**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                :

In re:                         :       **Chapter 11**
                                :

**DELPHI CORPORATION, et al**    :       **Case No. 05-44481 (RDD)**
                                :

      **Debtors.**           :       **(Jointly Administered)**
                                :

------------------------------------------------------------ x

## SECOND APPLICATION OF KPMG LLP, AS TAX AND TRANSACTION SERVICES ADVISORS FOR THE DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 1, 2006 THROUGH MAY 31, 2006

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

        KPMG LLP, a professional services firm, tax and transaction services advisors to Delphi Corporation, and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), submits its second application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for interim allowance of compensation for professional services performed by KPMG LLP for the period commencing February 1,

2006 through and including May 31, 2006 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, and respectfully represents:

## Background

1.    On October 8, 2005 (the "Petition Date"), 39 of 42 Debtors, and on October 14, 2005, the remaining Debtors, commenced their respective cases under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    This Court entered orders directing the joint administration of the Debtors' chapter 11 cases under Bankruptcy Rule 1015(b) (Docket Nos. 28 and 404).

3.    On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in the Debtors' cases. On May 11, 2006, the US Trustee appointed the committee of equity security holders (the "Equity Committee").

## Jurisdiction

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

5.    The statutory predicate for the relief requested herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

### KPMG LLP Retention

6.      On February 16, 2006, the Debtors filed an application pursuant to sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, for authorization to retain KPMG LLP as tax and transaction services advisors to the Debtors, effective nunc pro tunc to October 8, 2005 (the "KPMG Retention Application"), pursuant to the terms of the engagement letters as described therein (the "Engagement Letters").   On March 3, 2006, the Court entered an order approving the KPMG Retention Application pursuant to the terms and conditions of such order, effective nunc pro tunc to October 8, 2005 (the "KPMG Retention Order").

7.      On April 20, 2006, the Debtors filed a supplemental application (the "KPMG Supplemental Retention Application") for authorization to expand the retention of the scope of KPMG LLP to include the matters set forth in certain additional engagement letters, by and between the Debtors and KPMG LLP, each as described therein (the "First Supplemental Engagement Letters").   On May 2, 2006, this Court entered an order approving the KPMG Supplemental Retention Application, pursuant to the terms of the First Supplemental Engagement Letters, effective nunc pro tunc to (i) February 16, 2006 for the employment and retention of KPMG LLC as advisory and valuation advisors to the Debtors, (ii) January 1, 2006 for the continued retention of KPMG LLP as tax advisors to the Debtors, and (iii) January 18, 2006 for the additional international executive tax services to be rendered by KPMG LLP to the Debtors.

### Procedures and Monthly Fee Statements

8.      This Application has been prepared in accordance with (i) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

3

York Bankruptcy Cases, adopted by the Court on April 19, 1995 (the "Local Guidelines"), (ii) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") and (iii) the (A) Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (the "Interim Compensation Order"), (B) the Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (the "Supplemental Interim Compensation Order"), (C) the Second Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (the "Second Supplemental Interim Compensation Order), (D) the Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated May 5, 2006 (the "Third Supplemental Interim Compensation Order"), and (E) the Fourth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals, dated July 12, 2006 (the "Fourth Supplemental Interim Compensation

Order," collectively, the foregoing orders and supplemental orders, hereinafter known as

the "Administrative Orders", and collectively with the Amended Local Guidelines and

UST Guidelines, the "Guidelines").[1] Pursuant to the Local Guidelines, a certification

regarding compliance with same is annexed hereto as Exhibit "A."

     9.     On April 28, 2006, KPMG LLP filed its first interim fee application (the

"First Interim Fee Application") for the allowance of compensation for professional

services performed by KPMG LLP for the period commencing October 5, 2005 through

January 31, 2006 (the "First Interim Fee Period") and for reimbursement of its actual and

necessary expenses incurred during the First Interim Fee Period. KPMG LLP sought

allowance of fees for services to the Debtors during the First Interim Fee Period in the

---

[1]    By order dated May 5, 2006 (the "Fee Committee Order"), this Court appointed a Joint Fee Review Committee (the "Fee Committee"). Pursuant to the Fee Committee Order, the Fee Committee issued a Memorandum dated June 19, 2006, which set forth certain procedures and deadlines applicable in the Debtors' chapter 11 cases (the "Memorandum"). The Memorandum stated, among other things, that the deadline to file fee applications for the Compensation Period is August 15, 2006. KPMG LLP understood that such deadline superseded the deadlines in the Administrative Orders. On the afternoon of July 31, 2006, counsel to KPMG LLP learned that counsel for the Debtors sent an email to certain professionals (KPMG LLP's counsel of record, King & Spalding LLP was not included in the distribution list for such email) purporting to set the deadline for July 31, 2006. KPMG LLP believes that, despite such email, the deadline to file second interim fee applications remains August 15, 2006. KPMG LLP has discussed this matter with the US Trustee (who is also a member of the Fee Committee) and understands that the Fee Committee also believes the applicable deadline is August 15, 2006. Nevertheless, out of an abundance of caution, KPMG LLP is filing its Application at this time, and requests that, in light of the foregoing, the Court deem the Application timely filed. In any event, since a hearing on this Application will not take place until October 19, 2006, there is no prejudice to the filing of this Application on August 3, 2006.

aggregate amount of $1,439,122.50 and for reimbursement of expenses incurred in connection with these services in the amount of $17,631.00. KPMG LLP has been paid $1,078,901.20 in compensation for professional services rendered and $17,631.00 for reimbursement of expenses during the First Interim Period.

10.    On or about April 20, 2006, KPMG LLP served its February 2006 Monthly Fee Statement seeking an award of compensation in the amount of $333,558.10 for professional services rendered and reimbursement of $24,614.25 in expenses actually and necessarily incurred by KPMG LLP during the period from February 1, 2006 through February 28, 2006. On July 25, 2006, the Debtors paid KPMG LLP the amount sought in the February 2006 Monthly Fee Statement $266,846.48 (80% of $333,558.10) for professional services rendered and $24,614.25 for actual and necessary expenses. On or about July 31, 2006, the Debtors paid KPMG LLP $33,355.81 (one-half of the 20% holdback) pursuant to the Fourth Interim Compensation Order.

11.    On or about May 31, 2006, KPMG LLP served its March 2006 Monthly Fee Statement seeking an award of compensation in the amount of $3,714,834.00 for professional services rendered and reimbursement of $231,875.44 in expenses actually and necessarily incurred by KPMG LLP during the period from March 1, 2006 through March 31, 2006. On July 25, 2006, the Debtors paid KPMG LLP the amount sought in the March 2006 Monthly Fee Statement $2,953,768.00 (80% of $3,714,834.00) for professional services rendered and $231,875.44 for actual and necessary expenses. On or about July 31, 2006, the Debtors paid KPMG LLP $371,483.40 (one-half of the 20% holdback) pursuant to the Fourth Interim Compensation Order.

12.     On or about May 31, 2006, KPMG LLP served its April 2006 Monthly
Fee Statement seeking an award of compensation in the amount of $1,513,184.40 for
professional services rendered and reimbursement of $64,652.28 in expenses actually and
necessarily incurred by KPMG LLP during the period from April 1, 2006 through April
30, 2006.  On July 25, 2006, the Debtors paid KPMG LLP the amount sought in the April
2006 Monthly Fee Statement $1,210,547.52 (80% of $1,513,184.40) for professional
services rendered and $64,652.28 for actual and necessary expenses.  On or about July
31, 2006, the Debtors paid KPMG LLP $151,318.44 (one-half of the 20% holdback)
pursuant to the Fourth Interim Compensation Order.

13.     On or about June 30, 2006, KPMG LLP served its May 2006 Monthly Fee
Statement seeking an award of compensation in the amount of $1,821,466.50 for
professional services rendered and reimbursement of $109,648.07 in expenses actually
and necessarily incurred by KPMG LLP during the period from May 1, 2006 through
May 31, 2006.  On July 25, 2006, the Debtors paid KPMG LLP the amount sought in the
May 2006 Monthly Fee Statement $1,457,173.20 (80% of $1,821,466.50) for
professional services rendered and $109,648.07 for actual and necessary expenses. On or
about July 31, 2006, the Debtors paid KPMG LLP $182,146.65 (one-half of the 20%
holdback) pursuant to the Fourth Interim Compensation Order.

### Requested Fees and Reimbursement of Expenses

14.     By this Application, KPMG LLP respectfully requests an interim
allowance for professional services rendered to the Debtors during the Compensation

Period, in the aggregate of $7,383,043.00,[2] and for reimbursement of expenses incurred

in connection with the rendering of such services in the aggregate of $430,790.04.

During the Compensation Period, KPMG LLP professionals and paraprofessionals

expended a total of 20,979.5 hours for which compensation is requested.  KPMG LLP's

request for compensation is broken down as follows:

| Billing Period | Hours Billed | Fees | Expenses | Monthly Total |
|----------------|-------------|------|----------|---------------|
| February 1 through February 28, 2006 | 1,235.7 | $333,558.10 | $24,614.25 | $358,172.35 |
| March 1 through March 31, 2006 | 8,686.1 | 3,714,834.00 | 231,875.44 | 3,946,709.44 |
| April 1 through April 30, 2006 | 3,855.1 | 1,513,184.40 | 64,652.28 | 1,577,836.68 |
| May 1 through May 31, 2006 | 7,202.6 | 1,821,466.50 | 109,648.07 | 1,931,114.57 |
| **Total** | **20,979.5** | **$7,383,043.00** | **$430,790.04** | **$7,813,863.04** |

15.    KPMG LLP is the United States member firm of KPMG International.

The KPMG global network encompasses independent professional services practices

conducted by separate legal entities throughout the world.  KPMG International, a Swiss

cooperative, serves as a coordinating entity for a network of member firms operating

under the KPMG name.   KPMG International is a member-based entity with no

shareholders and no permanent capital.    Each of the member firms of KPMG

International ("KPMG Member Firms") is separate and legally distinct.

---

[2]      The foregoing amount does not include an agreed upon reduction in the amount of
$90,496 of KPMG LLP's fees under the International Tax Process Improvement
Engagement.

16.    Prior to the Petition Date, KPMG LLP subcontracted with certain other KPMG Member Firms to provide services to the Debtors as set forth in the Engagement Letters.    Pursuant to the KPMG Retention Order, during the Compensation Period, KPMG Member Firms have continued to assist KPMG LLP in the provision of services under the Engagement Letters as set forth in the KPMG Retention Application.

17.    KPMG LLP charges its fees in these cases in accordance with billing rates and procedures in effect during the Compensation Period.    The rates KPMG LLP charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates KPMG LLP charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.    Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases.

18.    Pursuant to the UST Guidelines, annexed hereto as Exhibit "B" is a schedule setting forth all KPMG LLP professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by KPMG LLP, the hourly billing rate charged by KPMG LLP for services performed by such individual, aggregate number of hours expended in this matter and fees billed therefor.

19.    Annexed hereto as Exhibit "C" is a schedule specifying the categories of expenses for which KPMG LLP is seeking reimbursement and the total amount for each such expense category.

9

20.    Pursuant to section II.D of the UST Guidelines, annexed hereto as Exhibit "D" is a summary of KPMG LLP's time records billed during the Compensation Period, including the utilization of project categories as described below.

21.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, KPMG LLP reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## Summary of Services

22.    In accordance with the Engagement Letters, KPMG LLP has provided such services as KPMG LLP and the Debtors deemed appropriate and feasible in order to advise the Debtors and their subsidiaries and affiliates in the course of these chapter 11 cases, including, but not limited to, the following:

    i.    International Tax Process Improvement provided to Debtors to enhance the reliability and efficiency of the international tax reporting process;

    ii.    International Executive Services provided to Debtors and its Expatriates assigned to and from the United States, Expatriates assigned to and from non-U.S. countries, employees assigned to the Mexican Border and Trainees/J Visa holders;

    iii.   Transaction Advisory and Other Services;

    iv.   Advisory and Valuation Services; and

    v.   Tax Consulting Services.

23.    The services provided by KPMG LLP to the Debtors are not unnecessarily duplicative of those provided by any other of the Debtors' professionals, and KPMG LLP

has coordinated any services performed at the Debtors' request with the Debtors' other professionals, including financial advisors, accountants, and counsel, as appropriate, to avoid duplication of efforts.

24.    The following is a summary of certain of the significant professional services rendered by KPMG during the Compensation Period, as well as the compensation sought for such services.

| CATEGORY | HOURS | FEES |
|----------|-------|------|
| International Tax Process Improvement | 194.7 | $64,777.50 |
| International Executive Services | 34.5[3] | 803,025.00 |
| Transaction Advisory and Other Services | 12,367.6 | 2,964,386.00 |
| Advisory and Valuation Services | 1,305.7 | 428,767.50 |
| Tax Consulting Services | 544.1 | 104,002.00 |
| Travel Time | 6,493.4 | 3,803,906.00 |
| Fee Applications and Fee Statements | 39.5 | 12,225.00 |
| Total Hours and Fees | **20,979.5** | **$8,181,089.00** |

### Description of Services Provided

25.    The following is a more detailed description of the significant professional services rendered by KPMG LLP during the Compensation Period.

(a)    **International Tax Process Improvement Services**

i.    review of and assistance in the preparation and filing of any tax returns;

---

[3]    Under the terms of the International Executive Services Engagement Letter dated October 5, 2004 (the "International Executive Services Engagement Letter"), compensation for services rendered to the Debtors is based in part on hourly compensation and in part on a fixed amount per tax return prepared, as more fully set forth therein. This amount is hours billed, giving rise to total fees of $17,940. The remaining compensation charges are based on fixed tax return rates.

ii.    advice and assistance to the Debtors regarding tax planning issues, including, but not limited to, assistance in estimating net operating loss carry-forwards, international taxes, and state and local taxes;

iii.    assistance regarding transaction taxes and state and local sales and use taxes;

iv.    assistance regarding tax matters related to the Debtors' pension plans;

v.    assistance regarding real and personal property tax matters, including but not limited to review of real and personal property tax matters, negotiation of values with appraisal authorities, preparation and presentation of appeals to local taxing jurisdictions, and assistance in litigation of property tax appeals;

vi.    assistance regarding any existing or future Internal Revenue Service ("IRS"), state and/or local tax examinations;

vii.    advice and assistance on the tax consequences of proposed plans of reorganization, including, but not limited to, assistance in the preparation of IRS ruling requests regarding the future tax consequences of alternative reorganization structures;

viii.    assistance to the Debtors in modifying the Debtors' tools and processes for collecting data from the Debtors' foreign operations in support of the computation of an income tax provision; and

ix.    other consulting, advice, research, planning or analysis regarding tax issues as may be requested from time to time.

**(b)**   **International Executive Services provided to Debtors and its expatriates assigned to and from the United States, Expatriates assigned to and from non-U.S. countries, employees assigned to the Mexican Border and Trainees/J Visa holders**

i.     collect tax data;

ii.    calculate annual hypothetical tax withholding;

iii.   prepare required home and host country individual income tax returns during, and one year after, assignment;

iv.    prepare requests for extension of time to file tax return(s) where required;

v.     prepare US estimated tax vouchers, if required;

vi.    prepare year end withholding calculations;

vii.   reconcile tax advance accounts;

viii.  prepare tax equalization calculations;

ix.    conduct pre-departure and/or post-arrival tax consultation, as requested;

x.     determine and arrange for timely payment of local taxes in the host countries, where applicable;

xi.    conduct repatriation tax consultation sessions for expatriates;

xii.   handle routine correspondence with the IRS and foreign tax authorities, including review of tax assessments; and

xiii.  additional services as requested by the Debtors or its counsel to assist the Debtors regarding its expatriate employees.

**(c)**   **Transaction Advisory & Other Services**

i.     prior to assignment of services, (a) prepare cost projection including revisions, (b) prepare draft expatriate agreement, and (c) prepare draft pay scale calc;

ii.    at the beginning of assignment services, (a) prepare final expatriate agreement and pay calc and participate in

13

orientation, (b) calculate relocation allowance and mobility premium to be paid in month prior to assignment and provide to payroll, and (c) calculate first year spending account to be paid in first month of assignment and provide to payroll;

iii.   calculate annual spending account on assignment anniversary date and provide to payroll;

iv.   calculate relocation allowance less outstanding tax and pro-rata spending account due from employee; and

v.   other such functions as requested by the Debtors or its counsel to assist the Debtors in their businesses and reorganization.

**(d)   Advisory and Valuation Services**

i.   analysis of potential impairment charges in accordance with Statements of Financial Accounting Standards (SFAS) 142 and 144 related to goodwill, intangibles, and long-lived assets; and

ii.   assistance to the Debtors with initial planning for the Fresh Start valuation exercise in connection with the Debtors' future emergence from chapter 11.

**(e)   Tax Consulting Services**

i.   provide sell-side due diligence services associated with the potential sale of certain businesses or assets of the Debtors;

ii.   provide buy-side due diligence services associated with the potential acquisition of certain businesses or assets by the Debtors;

iii.   accounting advice and assistance provided in conjunction with the preparation of financial information for business operations within the Debtors, as specified by the Debtors;

14

**(f)**    **Travel Time**

Includes time incurred for necessary non-working travel time.

**(e)**    **Fee Statements and Fee Applications**

Preparation of monthly fee statements and quarterly fee applications.

26.    The foregoing professional services performed by KPMG LLP were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by KPMG LLP were in the best interests of the Debtors and other parties-in-interest. Compensation for the foregoing services, as requested, is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed expediently and in an efficient manner.

27.    The professional services performed by KPMG LLP on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 20,979.5 recorded hours by KPMG LLP's professionals. Of the aggregate time expended, 20,858 recorded hours were expended by partners and associates of KPMG LLP, 121.5 recorded hours were expended by staff of KPMG LLP.

28.    During the Compensation Period, KPMG LLP billed the Debtors for time expended by professionals based on hourly rates ranging from $150.00 to $775.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $353.97 (based on 20,858 recorded hours for professionals at KPMG LLP's billing rates in effect at the time of the performance of

services).[4]  As noted above, annexed hereto as Exhibit B is a schedule listing each KPMG

LLP professional and paraprofessional who performed services in these cases during the

Compensation Period, the hourly rate charged by KPMG LLP for services performed by

each such individual and the aggregate number of hours and charges by each such

individual.


### Actual and Necessary Disbursements of KPMG LLP

29.    As set forth in Exhibit "C," KPMG LLP has disbursed $430,790.04 as

expenses incurred in providing professional services during the Compensation Period.

The actual expenses incurred in providing professional services were necessary,

reasonable, and justified to serve the needs of the Debtors, their estates, and creditors and

KPMG LLP has made every effort to minimize its disbursements in these cases.

### The Requested Compensation Should Be Allowed

30.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 to govern the

Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court

may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement

for actual, necessary expenses."  Id. § 330(a)(1).  Section 330 also sets forth the criteria

for the award of such compensation and reimbursement:

---

[4]     See supra note 3.

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial to, at the time at which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

31.    The services for which KPMG LLP seeks compensation and the expenditures for which KPMG LLP seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates and their rehabilitation and reorganization effort.  KPMG LLP worked assiduously to anticipate or respond to the Debtors' needs and assist in the Debtors' chapter 11 processes.  These services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

17

32.    In sum, the services rendered by KPMG LLP were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Conclusion

WHEREFORE, KPMG LLP respectfully requests that the Court: (i) allow KPMG LLP interim compensation for professional services rendered during the Compensation Period in the amount of $7,383,043.00 and reimbursement for actual and necessary expenses KPMG LLP incurred during the Compensation Period in the amount of $430,790.04; (ii) direct the Debtors to pay KPMG LLP the total amount of outstanding fees in connection with KPMG LLP's representation of the Debtors during the Second Interim Fee Period; (iii) hold that the allowance of such interim compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to KPMG LLP's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Second Interim Fee Application; and (iv) grant KPMG LLP such other and further relief as is just.

Dated: New York, New York
        August 3, 2006

                            KING & SPALDING LLP


                            By: /s/ H. Slayton Dabney, Jr.
                                H. Slayton Dabney, Jr., Esq.


                            1185 Avenue of the Americas
                            New York, NY  10036-4003
                            Tel:  (212) 556-2100
                            Fax:  (212) 556-2222

                            Attorneys for KPMG LLP,
                            Tax and Transaction Services
                            Advisors to Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, *et al.* | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors | : | (Jointly administered) |

---

### ORDER APPROVING SECOND APPLICATION OF KPMG LLP, AS TAX AND TRANSACTION SERVICES ADVISORS FOR THE DEBTORS FOR INTERIM COURT APPROVAL, ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND EXPENSES ADVANCED FROM FEBRUARY 1, 2006 THROUGH MAY 31, 2006

This matter comes before the Court upon the Second Application (the "Application") of KPMG LLP, as Tax and Transaction Services Advisors for the Debtors, seeking interim compensation and for reimbursement of expenses for the period from February 1, 2006 through May 31, 2006 (the "Compensation Period").

This Court having reviewed the Application; and no objections or comments to the Application having been filed; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein,

THIS COURT HEREBY FINDS THAT:

(1)    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue of this Chapter 11 case and Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and the Local Bankruptcy Rules.

(2)    KPMG LLP is a duly appointed professional in the above-captioned Debtors' Chapter 11 cases.

(3)    KPMG LLP served the Application with all exhibits by overnight mail to all Notice Parties referenced at Paragraph 2.a of the Order establishing compensation procedures (Doc. #869).  KPMG LLP served a Notice of filing and objection/hearing dates by electronic mail (or by fax when no email address provided) upon all persons on the Master Service List and the 2002 List.

(4)    No objections were filed.

(5)    Based upon this Court's review of the Application and the schedules attached thereto, the fees and expenses are reasonable, actual and necessary.

IT IS, THEREFORE, ORDERED, that:

1.    The Application is APPROVED AND GRANTED.

2.    The fees and reimbursable expenses for the Compensation Period are approved and allowed in the following amounts, and Debtors may pay KPMG LLP such amounts to the extent not already paid:

| | |
|---|---|
| Fees (90%) | $7,383,043.00 |
| Holdback Amount (10%) | ($738,304.30) |
| | $6,644,738.70 |
| Expenses (100%) | $430,790.04 |
| Total | $7,075,528.74 |

Dated:    New York, New York
          _____, 2006

          _____
          United States Bankruptcy Judge