IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On August 10, 2006, I caused to be served the documents listed below upon the parties listed on Exhibit A hereto via overnight delivery:

1) Debtors' Objection to Speedline Technologies Inc.'s Motion for Order Directing Return of Reclaimed Equipment or for Immediate Payment Thereof (Docket No. 4893) [a copy of which is attached hereto as Exhibit B]

2) Notice of Intention to Enter into Real Property Lease (Streetsboro, Ohio Lease) [a copy of which is attached hereto as Exhibit C]

On August 10, 2006, I caused to be served the document listed below upon the parties listed on Exhibit D hereto via overnight delivery:

3) Debtors' Objection to Speedline Technologies Inc.'s Motion for Order Directing Return of Reclaimed Equipment or for Immediate Payment Thereof (Docket No. 4893) [a copy of which is attached hereto as Exhibit B]

Dated: August 11, 2006

_____/s/ Evan Gershbein_____
Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 11th day of August, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature : _____/s/ Amy Lee Huh_____

Commission Expires: ___3/15/09_____

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |

# EXHIBIT B

**Hearing Date: August 17, 2006**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
          In re                 :   Chapter 11
                                :
DELPHI CORPORATION, et al.,   :   Case No. 05-44481 (RDD)
                                :
                                :   (Jointly Administered)
                    Debtors.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x

DEBTORS' OBJECTION TO SPEEDLINE TECHNOLOGIES INC.'S MOTION FOR
ORDER DIRECTING RETURN OF RECLAIMED EQUIPMENT OR FOR
IMMEDIATE PAYMENT THEREOF

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this objection (the "Objection") to the motion of Speedline Technologies Inc. ("Speedline") for an order directing the return of reclaimed equipment or for immediate payment of an administrative expense, dated July 25, 2006 (together, with the letter and errata sheet dated July 26, 2006 (Docket No. 4683), the "Motion") (Docket No. 4678).  In support of the Objection, the Debtors respectfully represent as follows:

<u>Preliminary Statement</u>

1.      Speedline's Motion should be denied.  The relief requested in the Motion seeks unjustified preferential treatment and is unreasonable and prejudicial to the Debtors' estates at a point in these chapter 11 reorganization cases when critical facts regarding Speedline's reclamation claim cannot be determined.  First, although the Debtors have offered Speedline an acknowledgement of a <u>potential</u> reclamation claim in the amount of $189,005.00[1] – the full value of Speedline's equipment that it seeks to reclaim – the Debtors have determined not to pay Speedline's potential reclamation claim until it is known whether the prepetition lenders' secured claims will be paid in full out of collateral other than equipment shipped by Speedline.  For if the prepetition lenders'

---

[1]    This offer was made pursuant to that certain statement of reclamation (the "Statement of Reclamation") dated February 21, 2006 that was provided by the Debtors to Speedline pursuant to the Amended Final Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For The Treatment Of Reclamation Claims (Docket No. 881) (the "Final Reclamation Order"), a copy of which is attached hereto as <u>Exhibit A</u>.  In accordance with paragraph 2, subsection (b)(ii) of the Final Reclamation Order, in the Statement of Reclamation the Debtors reserved their right to seek a judicial determination that certain reserved defenses are valid, including but not limited to the defense that the reclaimed goods or the proceeds from the sale of the goods are subject to a valid security interest.  A copy of the Statement of Reclamation is attached hereto as <u>Exhibit B</u>.

2

secured claims remain unpaid, and their related liens unsatisfied, or if the secured claims

are paid in part from proceeds of equipment shipped by Speedline, Speedline's

reclamation claim likely will not be entitled to administrative expense priority.  Because

the ultimate treatment of the prepetition lenders' secured claims, and source of any

payment therefrom, will not be known until a plan of reorganization is confirmed and

consummated, the Debtors are well within their discretion to elect not to pay Speedline's

reclamation claim at this time.  That is not to say conclusively that the reclamation claims

of Speedline and others are not entitled to administrative expense priority.  On the

contrary, a valid reclamation claim is subject to, but not extinguished by, a prior

perfected security interest.[2]

> 2.    Second, Speedline's request for immediate payment of an

administrative expense claim should be denied because, under the facts and

circumstances presented here, it is appropriate for the Debtors to exercise the discretion

---

[2]    On the date of this Objection, the Official Committee of Unsecured Creditors (the "Creditors' Committee") filed the Objection Of the Official Committee Of Unsecured Creditors To Speedline Technologies Inc.'s Motion For Order Directing Return Of Reclaimed Equipment Or For Immediate Payment Thereof (Docket No. 4887), asserting that the Debtors' secured debt renders Speedline's reclamation claim valueless and that Speedline is not entitled to reclamation or an administrative priority claim.  The Debtors disagree with the position taken by the Creditors' Committee in their objection.  As stated in this Objection, it is the Debtors' position that at this time it is unknown whether the existence of a prior perfected lien on the Debtors' assets will negate the potential administrative priority of Speedline's reclamation claim until it is determined how the prepetition lenders' secured claims will be satisfied pursuant to a confirmed plan of reorganization.

(The Debtors vigorously disagree with the Creditors' Committee's contention in footnote 6 of their objection that the Debtors have not yet provided the Creditors' Committee with the complete reclamation report as required under paragraph 3 of the Final Reclamation Order.  Indeed, on December 19, 2005, the Debtors provided the Creditors' Committee with a report compliant with the Final Reclamation Order.  The Creditors' Committee has contended that this report does not include sufficient explanation of the Debtors' position on the reserved defenses; the Debtors disagree with the Creditors' Committee's contention.  In any event, as noted by the Creditors' Committee in footnote 6 to their objection, the Debtors and the Creditors' Committee are working out a consensual protocol for allowing the Debtors to waive reserved defenses with respect to individual reclamation claims with the Creditors' Committee's consent.)

granted them by this Court in the Final Reclamation Order to elect not to pay Speedline's

claim until consummation of a plan of reorganization – when it will be known whether

the prepetition lenders' liens negate the potential administrative expense treatment of

Speedline's reclamation claim.

3.      Moreover, Speedline has failed to state a compelling reason

justifying the immediate payment of their reclamation claim despite this uncertainty.

Paying Speedline now would invite similar requests from other reclamation claimants,

forcing the Debtors to expend further resources on each such request, analyzing the

reserved defenses and determining whether the secured debt could be satisfied from the

collateral other than the requesting party's reclaimed goods.  Doing so now would be a

waste of resources, since this issue will be resolved pursuant to a plan of reorganization.

4.      Finally, Speedline's assertion that it will be prejudiced if it is not

paid now because the Debtors may borrow funds under the Debtors' postpetition debtor-

in-possession financing facility (the "DIP Financing Facility"), further eroding its ability

to obtain payment, is tardy and without merit.  If Speedline believed it would suffer

prejudice by reason of the priming features under the DIP Financing Facility, it should

have raised an objection prior to approval by the Court.  Moreover, Speedline's fear, if

justified, further underscores the necessity to defer payment until it is known whether the

prepetition lenders' secured claims will be paid in full from collateral other than the

equipment supplied by Speedline.

4

<u>Argument</u>

I.    Speedline's Request Is Prejudicial Because It Is
      Unknown Whether Reclamation Claims Will Be
      <u>Extinguished By Prepetition Secured Lenders' Liens</u>

      A.    Reclamation Claims Are Subject To,
            <u>But Not Extinguished By, A Security Interest</u>

      5.    Reclamation is a seller's remedy under which the seller may

"reclaim" goods that were sold and delivered to a buyer on credit upon its discovery of

the buyer's insolvency.  Outside bankruptcy, a seller's reclamation rights are governed by

Section 2-702 of the Uniform Commercial Code ("U.C.C."), as enacted by the applicable

states.  U.C.C. § 2-702(2) (2003).  Once a buyer is in bankruptcy, however, section

546(c) of the Bankruptcy Code provides the "exclusive remedy" for a seller's reclamation

rights.[3]

---

[3]    Section 546(c) provides, in relevant part:

> [With certain exceptions], the rights and powers of a trustee . . . are subject to any
> statutory or common-law right of a seller of goods that has sold goods to the debtor,
> in the ordinary course of such seller's business, to reclaim such goods if the debtor
> has received such goods while insolvent, but--
>
> (1) such a seller may not reclaim any such goods unless such seller demands in writing
> reclamation of such goods—
>
>  (A) before 10 days after receipt of such goods by the debtor; or
>
>  (B) if such 10-day period expires after the commencement of the case, before  20
>  days after receipt of such goods by the debtor; and
>
> (2) the court may deny reclamation to a seller with such a right of reclamation that
> has made such a demand only if the court—
>
>  (A) grants the claim of such a seller priority as a claim of a kind specified in section
>  503(b) of this title [11 U.S.C. § 503(b)]; or
>
>  (B) secures such claim by a lien.

11 U.S.C. § 546(c).

5

6.    Under state law, a seller's right to reclaim goods is subject to the rights of a good faith purchaser, which includes a prior perfected secured creditor holding a lien on present and future assets, including inventory.  See U.C.C. § 2-702(3) (2003) ("The seller's right to reclaim . . . is subject to the rights of a buyer in ordinary course of business or other good-faith purchaser . . . ."); see, e.g., Galey & Lord Inc. v. Arley Corp. (In re Arlco, Inc.), 239 B.R. 261, 276-77 (Bankr. S.D.N.Y. 1999); In re Victory Markets Inc., 212 B.R. 738, 742 (Bankr. N.D.N.Y. 1997) ("It is well-settled law that absent a showing of bad faith, a holder of a prior perfected, floating lien on inventory will be treated as a good faith purchaser with rights superior to those of a reclaiming seller.").

7.    The majority of courts follow state law principles in holding that the value of any administrative claim allowed or lien granted to a reclamation claimant may not exceed the value of the state law right of reclamation.  See In re Arlco, 239 B.R. at 272 (citing Pester Ref. co. v. Ethyl Corp. (In re Pester Ref. Co.), 964 F.2d 842, 847 (8th Cir. 1992)).  These courts take the view that reclaiming sellers are entitled to an administrative claim or lien only to the extent of the value of the lost right of reclamation — that is, the value of the reclamation right outside the bankruptcy context.  See In re Arlco, 239 B.R. at 272 (granting reclaiming seller administrative claim or lien on other assets of debtor would confer on seller a priority status in bankruptcy that seller otherwise would not have under state law).

B.    Speedline Is Seeking Administrative Priority Before
The Value Of Its Reclamation Claim Can Be Determined

8.    Speedline asserts that the perfected security interest in certain of the Debtors' assets does not extinguish Speedline's reclamation rights because the

6

Debtors' secured creditors are "comfortably over-secured."  Speedline Motion at ¶¶ 29-

30.  Speedline is correct in stating that a perfected security interest would extinguish an

otherwise valid reclamation claim only when the debtor's assets are insufficient to satisfy

both the secured creditor and the reclaiming seller.  See In re Arlco, 239 B.R. at 272.

What Speedline overlooks, however, is that although the reclamation claim of a seller

subject to the rights of a perfected secured creditor is not automatically extinguished by

the existence of a lien, a reclaiming seller is also not automatically granted an

administrative claim or lien in the full amount sought.  In re Arlco, 239 B.R. at 273

(citing In re Victory Markets, 212 B.R. at 743).  "Rather, the reclaiming seller's right to

reclaim depends on the value of the excess goods remaining once the secured creditor's

claim is paid or released."  Id.

        9.      Thus, the value of a reclamation claim will be determined by the

decision that a secured creditor makes with respect to its lien on the reclaimed goods.  A

secured creditor has several options for receiving satisfaction of the debt owed to it and

the subsequent release of its lien on the debtor's assets.  The secured creditor may choose

to foreclose on the goods sold by the reclaiming creditor.  Or, as in Arlco, the secured

creditor may allow a debtor to sell inventory and other assets including reclaimed goods

and take payment from the proceeds of that sale.  In each instance, when the secured debt

is paid from the reclaimed goods or the proceeds from the sale of the reclaimed goods,

the reclamation claims are rendered valueless and the reclaiming seller is left with an

unsecured claim.  The United States Bankruptcy Court for the Southern District of New

York has even held that reclamation claims were extinguished when a secured creditor

transferred its lien to a postpetition lender in exchange for the payment of the amount

7

owed to it.  See In re Dairy Mart Convenience Stores, 302 B.R. 128, 135-36 (Bankr.

S.D.N.Y. 2003).

      10.      If a secured creditor releases its lien on the goods or is paid in full

from other sources, however, courts have held that a reclaiming seller retains a priority

interest in any remaining goods.  See Pester Ref. Co., 964 F.2d at 848 (prepetition

secured creditors were paid in full from sources other than reclamation goods and

released their liens, including their liens on such goods, under debtor's confirmed plan of

reorganization); In re Phar-Mor, Inc., 301 B.R. 482, 497-98 (Bankr. N.D. Ohio 2003)

(secured claims of prepetition lenders were paid in full from proceeds of postpetition

credit facility and not from sale of reclamation goods, and upon such payment,

prepetition lenders released their liens on debtors' property rather than assigning them to

postpetition lenders).

      11.      Thus, as set forth above, it is the ultimate disposition of the secured

creditor's security interest in the goods that will determine the value of the seller's right to

reclaim.  See In re Arlco, 239 B.R. at 273 (quoting Pester, 964 F.2d at 847).  Here, the

ultimate disposition of the prepetition lenders' security interest in the equipment likely

will not be made until a plan of reorganization is negotiated between the Debtors and its

stakeholders – including its secured lenders – and that plan is confirmed and

consummated.  For these reasons, the Debtors are well within their discretion to elect not

to pay Speedline's reclamation claim until the Debtors negotiate, confirm, and

consummate a plan of reorganization.

II.    It Is Appropriate For The Debtors To Exercise
       Their Discretion To Pay Administrative Expenses
       At Or After Plan Consummation

12.    Speedline is correct to note, as it does at paragraphs 39-40 of its

Motion, that the decision as to timing of payment of administrative expense claims is a

matter that lies within discretion of this Court.  See, e.g., Varsity Carpet Services, Inc. v.

Richardson (In re Colortex Industries, Inc.), 19 F.3d 1371, 1384 (11th Cir. 1994) (denial

of trade creditor's motion for immediate payment of administrative expenses arising out

of performance of carpet finishing services for debtor after petition date was not abuse of

bankruptcy court's discretion, when court was aware of significant claims that held

potentially higher priority than those of trade creditor); In re HQ Global Holdings, Inc.,

282 B.R. 169, 173-74 (Bankr. D. Del. 2002) (administrative expense claims may be

deferred if subsequent events may moot such claims); In re TLI, Inc., 213 B.R. 946, 952

(N.D. Tex. 1997) (holding that bankruptcy courts have considerable discretion in

addressing timing of post-confirmation administrative expense payments).  It is entirely

within this Court's discretion to determine that under the facts and circumstances

presented here, payment of Speedline's reclamation claim should await consummation of

a plan of reorganization.

13.    In this instance, waiting until the plan of reorganization is

confirmed and consummated is justified when it is not entirely certain that an

administrative claimant such as Speedline would be entitled to such payment upon

consummation of a plan of reorganization.  See HQ Global Holdings, Inc., 282 B.R. at

174.  In HQ Global Holdings, Inc., the bankruptcy court held that the decision on amount

and payment of landlords' administrative expense claims for fair rental value of leased

9

property used by the debtor-in-possession would have to await decision by the debtor on whether to assume or reject leases.  In that case, the landlords sought the immediate payment as an administrative expense of "stub rent" for the period from the petition date to the final day of the month in which the petition was filed.  The debtors argued that this "stub rent" was a prepetition obligation because the rent accrued on the first day of the month, prior to the petition date.  The United States Bankruptcy Court for the District of Delaware held that assumption of the underlying leases would moot the issue, because the "stub rent" would be cured and that deferral of the timing decision would reduce legal fees for debtors and landlords and be more economic and efficient of judicial resources. Id. at 174-75; see also In re UAL Corp., 291 B.R. 121, 127 (Bankr. N.D. Ill. 2003) (denying lessors' motions for immediate payment of stub period rent, without prejudice to assertion of administrative expense claims) (citing HQ Global Holdings, Inc.).  Similarly, in the facts and circumstances presented here, the Court should deny Speedline's request for immediate payment of its reclamation claim pending the formulation and prosecution of a plan of reorganization that may ultimately provide Speedline the relief it currently seeks.

14.    Speedline also asserts that "immediate payment of the administrative expense priority claim is contemplated by the [Final] Reclamation Order, which provides:

(ii)    All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall, subject to the review procedures with the Creditors' Committee set for the below, be paid in full as an administrative expense at any time during these chapter 11 cases in the sole discretion of the Debtors or pursuant to a confirmed plan of reorganization, in either case only if and to the extent that such allowed reclamation claims constitute administrative expenses under applicable

10

> law.  See [Final] Reclamation Order, Paragraph 2(d)(ii) (emphasis added)."

Speedline Motion at ¶ 41.  What is telling in this instance is the text that follows – text that Speedline does not emphasize – which further provides that payment of allowed reclamation claims as administrative expenses is "in the sole discretion of the Debtors or pursuant to a confirmed plan of reorganization."  Final Reclamation Order, ¶ 2(d)(ii).

15.    This Court delegated that discretion to the Debtors pursuant to the Final Reclamation Order.  Speedline presents no reason why the Court should now divest the Debtors of this discretion by requiring immediate payment.  Because it likely will not be known until a plan of reorganization is consummated whether Speedline has a valid reclamation claim entitled to administrative expense priority, it is appropriate for the Debtors to exercise that discretion by electing not to pay the claim at this time.

16.    Nor does Speedline state a compelling reason why its reclamation claim should be paid now.  In its Motion, Speedline asks that it "get paid like all other creditors who are providing and have provided post petition benefits to Delphi." Speedline Motion at ¶ 42.  Here, Speedline compares itself to other parties who have provided postpetition services and goods to the Debtors, claiming that it, too, deserves payment of administrative expense claims.  Speedline is mistaken.  This is not an issue arising under section 503(b) of the Bankruptcy Code.  On the contrary, the relevant class that Speedline belongs to is that of the approximately 700 reclamation claimants who have made 855 separate reclamation demands in these chapter 11 reorganization cases and who have provided goods to the Debtors prepetition.

17.    As of the date of this Objection, more than 80% of the reclaiming sellers have assented, or have been deemed to have assented, to the Debtors' proposed treatment of their reclamation claim.  In the aggregate, such agreed reclamation claims exceed approximately $16.2 million, subject to certain reserved defenses.[4]  If Speedline's request is granted, it is likely that other reclamation claimants would file similar requests for the Debtors to pay other reclamation claims.  In such instances, the Debtors would have to analyze each such request to determine the effect of the reserved defenses on each request and whether the secured debt could be satisfied from collateral other than the requesting party's reclaimed goods, expending estate resources on an issue that will be resolved pursuant to a plan of reorganization.

18.    The best, and most fair, way to treat these reclamation claimants is to resolve their reclamation claims together, as a class, unless there are other clear and compelling circumstances that dictate otherwise.[5]  The best means for treating a class of claims such as the reclamation claimants' reclamation claims is through a plan of reorganization.  For that reason, the Debtors requested – and were granted in the Final Reclamation Order – the discretion to pay any allowed reclamation claim at any time during these cases, including through a plan of reorganization.  The Debtors respectfully request that the Court deny Speedline's request to override the Debtors' discretion pending the formulation and consummation of a plan of reorganization.

---

[4]    With respect to the remaining unresolved claims, the Debtors have recognized valid reclamation claims in the amount of approximately $5.4 million.  As the Debtors continue to resolve such claims, that amount may increase.

[5]    Such circumstances could include, among others, that the failure to pay the reclamation claim could imperil the financial health of a particular supplier.

12

III.    Speedline's Assertion That The DIP Financing
        Facility Erodes Its Ability to Obtain Administrative
        Expense Is Tardy And Without Merit

19.    Speedline also asserts that requiring it to await confirmation of a

plan could prejudice Speedline by subjecting it to additional secured debt under the DIP

Financing Facility.  This argument is tardy and without merit.  This Court approved the

DIP Financing Facility pursuant to the Final Order Under 11 U.S.C. §§ 105, 361, 362,

364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) And Fed. R. Bankr. P. 2002, 4001,

and 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To Utilize Cash

Collateral, And (III) Granting Adequate Protection To Prepetition Secured Parties

(Docket No. 797), dated October 28, 2005.

20.    The deadline for objecting to this relief was October 20, 2005 at

4:00 p.m. (prevailing eastern time).[6]  As noted in Speedline's Motion, Speedline

submitted its reclamation demand to the Debtors on October 19, 2005.  Speedline Motion

at ¶ 14, Ex. D.  If Speedline believed it would be prejudiced by the priming features

under the DIP Financing Facility, then it should have objected prior to the October 20,

2005 objection deadline.  In any event, Speedline's concern that the Debtors may need

additional borrowings under the DIP Facility, thereby eroding any "equity cushion" the

prepetition secured lenders may have in the Debtors' collateral, further underscores the

wisdom of waiting until a plan of reorganization has been formulated and consummated

before determining whether Speedline's reclamation claim should be paid.

---

[6]    A copy of the hearing agenda for the October 27, 2005 omnibus hearing at which the Debtors' motion
       for approval of its debtor-in-possession financing was heard is attached hereto as Exhibit C.  The
       objection deadline is stated on page 10, footnote 1.

13

Conclusion

21.     For the reasons set forth above, Speedline's request for immediate

payment of its reclamation claim prior to payment of all other reclamation claimants and

before the Court has the facts necessary to determine whether there are valid defenses to

payment, should be denied.

Notice

22.     Notice of this Objection has been provided in accordance with the

Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P.

2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain

Notice, Case Management, And Administrative Procedures, entered by this Court on May

19, 2006 (Docket No. 3824).  In light of the nature of the relief requested, the Debtors

submit that no other or further notice is necessary.

Memorandum Of Law

23.     Because the legal points and authorities upon which this Objection

relies are incorporated herein, the Debtors respectfully request that the requirement of the

service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the

Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District

of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court

enter an order (i) denying the Motion and (ii) granting the Debtors such other and further

relief as is just.

Dated:  New York, New York
        August 10, 2006

                            SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

                            By: /s/ John Wm. Butler, Jr.
                                John Wm. Butler, Jr. (JB 4711)
                                John K. Lyons (JL 4951)
                                Ron E. Meisler (RM 3026)
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois  60606
                            (312) 407-0700

                              - and -

                            Thomas J. Matz (TM 5986)
                            Four Times Square
                            New York, New York 10036
                            (212) 735-3000

                            Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession

15

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                    :

       In re                          :

                                 :    Chapter 11

DELPHI CORPORATION, et al.,        :

                                 :    Case No.  05–44481 (RDD)

              Debtors.       :

                                 :    (Jointly Administered)

                                 :
------------------------------------------------------------x

AMENDED FINAL ORDER UNDER 11 U.S.C. §§ 362, 503, AND 546 AND FED. R.
BANKR. P. 9019 ESTABLISHING PROCEDURES FOR THE TREATMENT OF
RECLAMATION CLAIMS

("AMENDED FINAL RECLAMATION ORDER")

        Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation

("Delphi") and certain of its domestic subsidiaries and affiliates (the "Affiliate Debtors"), debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order

under sections 362, 503, and 546 of the Bankruptcy Code authorizing the Debtors to establish

procedures for the resolution and payment of reclamation claims; and upon the Affidavit Of

Robert J. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October

8, 2005; and the Court having entered its Final Order on  October 14, 2005 (Docket No. 230)

(the "Prior Order"); and the Official Committee of Unsecured Creditors (the "Creditors'

Committee") having timely filed an objection to the Final Order pursuant to paragraph 8 thereof

on October 25, 2005 (Docket No. 636) (the "Objection"); and the Objection having been set for

hearing on November 4, 2005; and the Debtors and the Creditors' Committee having resolved the

---

[1]      Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
Motion.

Objection through the entry of this Order; and upon the record of the hearing held on the Motion;

and the Court having determined that the relief requested in the Motion is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it

is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Prior Order is amended and superceded in its entirety as provided

herein.

2.      The Debtors be and hereby are authorized, pursuant to sections 362, 503,

and 546 of the Bankruptcy Code, to resolve Reclamation Claims in accordance with the

Reclamation Procedures set forth below, including paragraph 3 hereof:

(a)    Reclamation Demands:

(i)    All Sellers seeking to reclaim Goods from the
Debtors shall be required to submit a written demand
(a "Reclamation Demand"):

(1)    before 10 days after receipt of such Goods by
the Debtors; or

(2)    if such 10-day period expires after the Petition
Date, before 20 days after receipt of such
Goods by the Debtors.

(ii)    Such a Reclamation Demand must identify with
specificity the goods for which reclamation is sought
and the basis for the Reclamation Claim.

(iii)    Any Seller who fails to timely submit a Reclamation
Demand pursuant to section 546 of the Bankruptcy
Code shall be deemed to have waived its right to
payment on any purported Reclamation Claim.

(b)    The Statement Of Reclamation:

    (i)    Within 90 days after the Petition Date or receipt of a timely Reclamation Demand, whichever is later, the Debtors shall provide the Seller with a copy of the Reclamation Order and a statement of reclamation (the "Statement Of Reclamation" or the "Statement").

    (ii)    The Statement Of Reclamation shall set forth the extent and basis, if any, upon which the Debtors believe the underlying Reclamation Claim is not legally valid (the "Reconciled Reclamation Claim"). In addition, the Statement shall identify any defenses that the Debtors choose to reserve, notwithstanding any payment of the Reconciled Reclamation Claim (the "Reserved Defenses").

    (iii)    Sellers who are in agreement with the Reconciled Reclamation Claim as contained in the Statement Of Reclamation may indicate such assent on the Statement Of Reclamation and return the Statement to the Debtors' representative as set forth in such Statement, with copies to Skadden, Arps, Slate, Meager & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Esq. and Allison Verderber Herriott, Esq.) within 60 days after the date of receipt of the Statement Of Reclamation (the "Reconciliation Deadline").

    (iv)    Sellers who are in disagreement with the Reconciled Reclamation Claim as contained in the Statement Of Reclamation (the "Dissenting Sellers") must indicate such dissent on the Statement Of Reclamation and return the Statement by the Reconciliation Deadline as provided in subparagraph (c) above.  A Statement Of Reclamation returned under this subparagraph must be accompanied by:

        (1)    a copy of the Reclamation Demand together with any evidence of the date such Reclamation Demand was sent and received;

        (2)    the identity of the Debtor that ordered the products and the identity of the Seller from whom the Goods were ordered;

3

(3)     any evidence demonstrating when the Goods
were shipped and received;

(4)     copies of the respective Debtor's and Seller's
purchase orders, invoices, and proofs of
delivery together with a description of the
Goods shipped; and

(5)     a statement identifying which information on
the Debtors' Statement Of Reclamation is
incorrect, specifying the correct information
and stating any legal basis for the objection.

(v)     The failure of a Dissenting Seller to materially
comply with subparagraph (d) above shall constitute a
waiver of such Dissenting Seller's right to object to
the proposed treatment and allowed amount of such
Reclamation Claim unless the Court orders otherwise.

(vi)    Any Seller who fails to return the Statement Of
Reclamation by the Reconciliation Deadline or who
returns the Statement Of Reclamation by the
Reconciliation Deadline but fails to indicate assent or
dissent shall be deemed to have assented to the
Reconciled Reclamation Claim.

(c)     Fixing The Amount Of The Reclamation Claim:

(i)     The Reclamation Claims of (i) all Sellers who return
the Statement Of Reclamation by the Reconciliation
Deadline and indicate their assent to the Reconciled
Reclamation Claim as contained in the Statement Of
Reclamation, (ii) all Sellers who fail to return the
Statement Of Reclamation by the Reconciliation
Deadline, and (iii) all Sellers who return the
Statement Of Reclamation by the Reconciliation
Deadline but who fail to indicate either assent or
dissent shall be deemed an Allowed Reclamation
Claim in the amount of the Reconciled Reclamation
Claim.

(ii)    The Debtors are authorized to negotiate with all
Dissenting Sellers and to adjust the Reconciled
Reclamation Claim either upward or downward to
reach an agreement regarding the Dissenting Seller's
Reclamation Claim.  The Debtors are also authorized
to include any Reserved Defenses as part of any such

4

agreement.  In the event the Debtors and a Dissenting Seller are able to settle on the amount and/or treatment of the Dissenting Seller's Reclamation Claim, the Reclamation Claim shall be deemed an Allowed Reclamation Claim in the settled amount.

(iii)    In the event that no consensual resolution of the Dissenting Seller's Reclamation Demand is reached within 60 days of the Reconciliation Deadline (or such later date as the parties agree), the Debtors shall file a motion for determination of the Dissenting Seller's Reclamation Claim and set such motion for hearing at the next regularly-scheduled omnibus hearing occurring more than 20 days after the filing of the motion for determination, unless another hearing date is agreed to by the parties or ordered by the Court (the "Determination Hearing").  The Dissenting Seller's Reclamation Claim, if any, shall be deemed an Allowed Reclamation Claim as fixed by the Court in the Determination Hearing or as agreed to by the Debtors and the Dissenting Seller prior to a determination by the Court in the Determination Hearing.

(d)    Treatment Of Allowed Reclamation Claims:

(i)    The Debtors may at any point in these Reclamation Procedures satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the Goods at issue available for pick-up by the Seller or Dissenting Seller.

(ii)    All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall, subject to the review procedures with the Creditors' Committee set forth below, be paid in full as an administrative expense at any time during these chapter 11 cases in the sole discretion of the Debtors or pursuant to a confirmed plan of reorganization, in either case only if and to the extent that such allowed reclamation claims constitute administrative expenses under applicable law.

3.    Notwithstanding anything in this Order to the contrary, prior to the Debtors'

return of any goods in respect of any Reclamation Claim or the Debtors' acceptance or agreement

to the allowance of or the payment of any Reclamation Claim, the Debtors shall as promptly as

reasonably practicable provide the professionals to the Creditors' Committee with a

"Reclamation Report," the first version of which shall cover at least 75% of the face value of all

Reclamation Claims asserted against the Debtors and later versions of which shall also cover

such additional Reclamation Claims as is reasonably practicable. Each Reclamation Report shall

include (a) a list of each reclamation vendor asserting a Reclamation Claim, (b) a summary of

the assertions of each reclamation vendor and the amount of each Reclamation Claim, (c) the

Debtors' legal analysis of, and position with respect to, any legal issues that relate to the validity

and allowability of all or any material portion of the Reclamation Claims, (d) the Debtors' legal

analysis of, and position with respect to, any legal issues that relate specifically to one or more

Reclamation Claims and (e) the actions (including allowance or payment of a Reclamation Claim

and any return of goods subject to a Reclamation Claim) that the Debtors propose to take with

respect to each Reclamation Claim. The Creditors' Committee may file a written objection to all

or any portion of a Reclamation Report (an "Objection") within ten business days after the

Creditors' Committee's receipt of such Reclamation Report (or such later time as the Debtors and

the Creditors' Committee shall agree in writing).  Objections shall be set for hearing for the next

applicable monthly omnibus hearing and noticed by the Creditors' Committee, both in

accordance with the Case Management Order.  If the Creditors' Committee does not timely

object to a particular Reclamation Report as provided in this paragraph, the Debtors shall be

entitled to take the actions set forth in such Reclamation Report. If the Creditors' Committee files

an Objection, the Debtors shall not take any action with respect to the Reclamation Claims

covered by the Objection to such Reclamation Report except in accordance with an order of the

Court and shall be entitled to take the action set forth in such Reclamation Report with respect to the Reclamation Claims not covered by the Objection.

4.    All adversary proceedings, except those proceedings brought by the Debtors in accordance with these procedures (the "Reclamation Procedures"), in these cases relating to Reclamation Claims, whether currently pending or initiated in the future, shall be, and hereby are, stayed, and the claims asserted therein shall be subject to the Reclamation Procedures set forth herein.

5.    In accordance with the foregoing and pursuant to section 503(b) of the Bankruptcy Code, vendors shall have administrative expense priority status for those undisputed obligations arising from shipments of goods received and accepted by the Debtors on or after the Petition Date.

6.    To the extent necessary or appropriate, the Debtors shall seek Court approval of any settlements and compromises with trade vendors with respect to payments of reclamation claims.

7.    Nothing in this Order shall constitute a waiver of any of the Debtors' claims against any vendor, including claims relating to preferential or fraudulent transfers and other potential claims, counterclaims, or offsets.  The Debtors expressly reserve their rights to pursue such claims.

8.    Nothing herein shall constitute a waiver by the agent under the Debtors' prepetition credit facility of its right to contest the allowance of any reclamation claim.

9.    The entry of this Order is final.

10.    Nothing herein shall preclude the holder of an Allowed Reclamation Claim from seeking payment of such claim in a manner other than that set forth in this Order.

7

05-44481-rdd    Doc 4899    Filed 08/11/06    Entered 08/11/06 16:37:37    Main Document
Pg 28 of 63

11.    The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

12.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:  November 4, 2005
         New York, New York


                                        /s/ Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

# DELPHI

February 21, 2006

Shmuel Vasser, Esq
Speedline Technologies
Edwards & Angell LLP
750 Lexington Avenue
New York, NY 10022

            Re:      Delphi Corporation, Case No. 05-44481 (RDD)

Dear Shmuel Vasser, Esq:

On November 4, 2005, the United States Bankruptcy Court for the
Southern District of New York, entered an amended final order establishing certain
procedures for the resolution of reclamation claims (the "Amended Final Order") and on
January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send
statements of reclamation to all reclamation claimants (the "Extension Order" and
together with the Amended Final Order, collectively the "Order") in the chapter 11
reorganization proceedings of Delphi Corporation and certain of its subsidiaries and
affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order
and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in
response to each Reclamation Demand that the Debtors have received. This letter,
together with the enclosures, constitute the Debtors' Statement of Reclamation with
respect to the Reclamation Demand(s) submitted by Speedline Technologies (the
"Demand"). We have identified your Demand as Reclamation Claim No 805.

The Debtors have reviewed the Demand and reconciled the Demand with
their books and records. Based upon this review and reconciliation, the Debtors have
summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related
detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the
Order, the analysis sets forth the extent and basis upon which the Debtors believe that the
Demand may or may not be legally valid (subject to assertion of certain defenses as
indicated below, which if asserted, could result in the reduction or disallowance of the
reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the
Demand was received within the periods allowed by law; whether goods subject to the
Demand have been paid for; and whether there are other deductions or disputes asserted
by the Debtors.

Speedline Technologies
February 21, 2006
Page 2

Reconciled Amount $189,005.00

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $189,005.00 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

> (i) The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

> (ii) The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

> (iii) You are not a proper party to make the Demand.

> (iv) The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

> (v) You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1] The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Speedline Technologies
February 21, 2006
Page 3

Reconciled Amount $189,005.00

(vi)     You, or any of your subsidiaries or affiliates, have been paid on
         account of your reclamation claim pursuant to an unrelated order
         of the Bankruptcy Court and/or you have otherwise waived your
         right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the
"Reconciliation Deadline"). If you agree with the Reconciled Amount and the other
terms of this Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below by the Reconciliation Deadline. If
you disagree with the Statement of Reclamation, you must sign this Statement where
indicated and return it to the persons identified immediately below by the Reconciliation
Deadline and you must also provide the information required by paragraph 2, section
(b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement
of Reclamation to the following:

                    Christina Cattell
                    Re: Delphi Reclamations
                    Mail Code # 483-400-216
                    5725 Delphi Drive
                    Troy, MI 48098
                    Fax: 248-813-6813

                              - with copies to –

                    Matthew J. Micheli
                    Re: Delphi Reclamations
                    Skadden, Arps, Slate, Meagher & Flom LLP
                    333 West Wacker Drive, Suite 2100
                    Chicago, IL 60606
                    Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure
to return a signed copy of this Statement by the Reconciliation Deadline or your failure to
indicate assent or dissent on a copy of this Statement returned by the Reconciliation
Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

3

Speedline Technologies
February 21, 2006
Page 4

Reconciled Amount $189,005.00

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other
demand for reclamation. Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Claim 805

Speedline Technologies, Inc

| A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R | S |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim Reference | Vendor Name (As displayed on Claim) | Debtor Division | Claim Filed / Match Date | PO Number | Invoice Number | Shipment ID | Invoice Date | Material Number | Invoice Qty | Invoice Extended Amount | Is the claim an original (or Duplicate) | Does the Claim Contains proper Documentation | Is the Claim within an allowed Date Range | Was the receipt Paid Before | Valid Inventory (units) | Valid Inventory | Valid Claim ($) | Status of the Claim |
| 805 | Speedline Technologies | E4.5 | 10/19/2005 | 450 130537 | S20277 | 082077210 | 10/4/2005 | XC-11155 | 1 | 152,407.00 | Original | Yes | Yes | 1 | $ 152,407.00 | No | $ 152,407.00 | Does not pass all tests |
| 805 | Speedline Technologies | E4.5 | 10/19/2005 | 450 130537 | S20411 | 082077210 | 10/5/2005 | KG4508472 | 1 | 36,448.00 | Original | Yes | Yes | 1 | $ 36,448.00 | No | $ 36,448.00 | Does not pass all tests |
| 805 | Speedline Technologies | E4.5 | 10/19/2005 | 450 132037 | S20411 | 082077210 | 10/6/2005 | MANUAL, ETC FRA | 1 | 150.00 | Original | Yes | Yes | 1 | $ 150.00 | No | $ 150.00 | Does not pass all tests |
| | Speedline Technologies, Inc Totals | | | | | | | | $ | 189,005.00 | | | | | $ 189,005.00 | | $ 189,005.00 | Lines = 3 |

## Supplier Reclamation Instruction Summary





| Column A | Column B | Column C | Column D | Column E | Column F | Column G | Column H | Column I | Column J | Column K |
|---|---|---|---|---|---|---|---|---|---|---|
| Vendor Name (as displayed on Claim) | Delphi Division | Claim Post Marked Date | PO Number | Invoice Number | Shipment ID | Invoice Date | Material Number | Invoice Qty | Invoice Extended Amount | |

Information provided by the supplier in their reclamation demand

Vendor Claim Contains proper Documentation

If the supplier gave sufficient information the column is filled with a "Yes." If the column is filled out not a "No," the supplier did not provide proper documentation to complete the testing. If however, there is testing in the following fields extraordinary measures were taken to find the information and perform testing.

Was the receipt Post-Petition

Identifies whether the receipt was made post-petition, "part of the 'Date Test'"

Valid Inventory (Column J)

Valid inventory after the inventory test has been completed.

Valid Claim ($)

Valid Claim amount after all testing has been completed.

# EXHIBIT C

**Hearing Date: October 27, 2005**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                            :
        In re                               :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                          Debtors.          :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PROPOSED FIRST OMNIBUS HEARING AGENDA

<u>Location Of Hearing</u>:          United States Bankruptcy Court for the Southern District of New
York, Alexander Hamilton Custom House, Room 601, 6th Floor,
One Bowling Green, New York, New York 10004-1408

The matters set for hearing are divided into the following categories for the purposes of this
Proposed Agenda:

A.    Introduction

B.    Continued or Adjourned Matters (11 Matters)

C.    Uncontested, Agreed, or Settled Matters (6 Matters)

D.    Contested Matters (2 Matters)


**B.    Continued or Adjourned Matters**

1.    **"Interim Compensation"** – Motion For Administrative Order Under 11
U.S.C. § 331 (I) Establishing Procedures For Interim Compensation And
Reimbursement Of Expenses Of Professionals And (II) Setting A Final
Hearing Thereon (Docket No. 11)

*Response Filed:*          *None.*

*Reply Filed:*              *None.*

*Related Filing:*          *None.*

*Status:*                  *The portion of this matter pertaining to interim
compensation is being adjourned to November 4,
2005.  The portion of this matter pertaining to the
establishment of a fee committee is being adjourned
to November 29, 2005.*

2.    **"Skadden Retention"** – Application For Order Under 11 U.S.C. §§ 327(a)
And 329 And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing
Employment And Retention Of Skadden, Arps, Slate, Meagher & Flom
LLP And Affiliates As Attorneys For Debtors-in-Possession And (II)
Scheduling A Final Hearing Thereon (Docket No. 47)

*Response Filed:*          *None.*

*Reply Filed:*              *None.*

| | |
|---|---|
| *Related Filing:* | *Interim Order Under 11 U.S.C. §§ 327(a) And 329 And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates As Attorneys For Debtors-in-Possession And (II) Scheduling A Final Hearing Thereon (Docket No. 274)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

3.  **"Togut Segal Retention"** – Application For Order Under 11 U.S.C. § 327(a) And Fed. R. Bankr. P. 2014(a) (I) Authorizing Employment And Retention Of Togut, Segal & Segal LLP As Conflicts Counsel For Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 48)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. § 327(a) And Fed. R. Bankr. P. 2014(a) (I) Authorizing The Employment And Retention Of Togut, Segal & Segal LLP As Conflicts Counsel For The Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 275)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

4.  **"Shearman Retention"** – Application For Order Under 11 U.S.C. § 327(e) And Fed. R. Bankr. P. 2014 (I) Authorizing Employment And Retention Of Shearman & Sterling LLP As Special Counsel To Debtors And (II) Scheduling A Final Hearing Thereon (Docket No. 49)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. § 327(e) And Fed. R. Bankr. P. 2014 (I) Authorizing Employment And Retention Of Shearman & Sterling LLP As Special Counsel To Debtors And (II) Scheduling A Final Hearing Thereon (Docket No. 273)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

5.  **"Groom Law Group Retention"** – Application For Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention Of Groom Law Group Chartered As Special Employee Benefits Counsel To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 50)

3

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention Of Groom Law Group Chartered As Special Employee Benefits Counsel To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 269)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

6. **"O'Melveny & Myers Retention"** – Application For Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention Of O'Melveny & Myers LLP As Special Labor Counsel To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 51)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention Of O'Melveny & Myers LLP As Special Labor Counsel To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 271)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

7. **"FTI Retention"** – Application For Order Under 11 U.S.C. § 327(a) And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of FTI Consulting, Inc. As Restructuring And Financial Advisors To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 53)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. § 327(a) And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of FTI Consulting, Inc. As Restructuring And Financial Advisors To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 268)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

4

8.   **"KCC Retention"** – Application For Order Under 28 U.S.C. § 156(c) Authorizing Retention And Appointment Of Kurtzman Carson Consultants LLC As Claims, Noticing, And Balloting Agent For Clerk Of Bankruptcy Court (Docket No. 54)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 28 U.S.C. § 156(c) Authorizing Retention And Appointment Of Kurtzman Carson Consultants LLC As Claims, Noticing, And Balloting Agent For Clerk Of Bankruptcy Court (Docket No. 270)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

9.   **"Ordinary Course Professionals"** – Motion For Order Under 11 U.S.C. §§ 327, 330, And 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business (Docket No. 55)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

10.   **"Claims Trading"** – Motion For Order Under 11 U.S.C. §§ 105, 362, And 541 And Fed. R. Bankr. P. 3001 Establishing Notification And Hearing Procedures For Trading In Claims And Equity Securities (Docket No. 29)

| | |
|---|---|
| *Responses Filed:* | *Objection to Debtor's Motion for an Order Under 11 U.S.C. Sections 105, 362 and 541 of the Bankruptcy Code and Fed. R. Bankr. P. 3001 Establishing Notification and Hearing Procedures for Trading in Claims and Securities (Docket No. 76); Appaloosa Management L.P.'s (A) Objection to Debtors' Motion for an Order Under 11 U.S.C. Sections 105, 362 and 541 and Fed. R. Bankr. P. 3001 Establishing Notification and Hearing Procedures for Trading in Claims and Equity Securities or, in the Alternative, (B) Motion for Reconsideration Under Fed. R. Bankr. P. 9023 of Interim Trading Order Dated October 12, 2005 (Docket No. 596)* |
| *Reply Filed:* | *None.* |

| | |
|---|---|
| *Related Filing:* | *Interim Order Under 11 U.S.C. §§ 105, 362, And 541 And Fed. R. Bankr. P. 3001 Establishing Notification And Hearing Procedures For Trading In Claims And Equity Securities (Docket No. 126).* |
| *Status:* | *This matter is being adjourned to November 29, 2005.* |

11.   **"Rothschild Retention"** – Application For Order Under 11 U.S.C. §§ 327(a) And 328 (I) Authorizing Employment And Retention Of Rothschild Inc. As Financial Advisor And Investment Banker To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 52)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. §§ 327(a) And 328 (I) Authorizing Employment And Retention Of Rothschild Inc. As Financial Advisor And Investment Banker To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 272)* |
| *Status:* | *This matter has been scheduled for the hearing on November 29, 2005.* |

**C.   Uncontested, Agreed, or Settled Matters**

12.   **"Insurance Financing"** – Motion For Order Under 11 U.S.C. §§ 361 And 363(b) And Fed. R. Bankr. P. 4001(c) Authorizing Debtors To Continue Honoring Prepetition Insurance Premium Finance Agreement And Continue Grant Of Security Interest To Insurance Premium Finance Company (Docket No. 44)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *An order will be submitted for consideration by the Court.* |

13.   **"HSBC Purchase Card"** – Motion For Order Under 11 U.S.C. §§ 105, 363, 364, And 365(a) Authorizing Debtors To Assume Or Otherwise Take Actions Necessary To Cure And Continue Use Of Purchase Card Agreement And Travel Card Agreement With HSBC Bank USA, National

Association Used For Low-Cost, Business-Related Goods, Services, And Travel (Docket No. 324)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *An order will be submitted for consideration by the Court.* |

14. **"Pacific Rim"** – Motion For Order Under 11 U.S.C. § 365(a) Authorizing Rejection Of Pacific Rim Lease (Docket No. 325)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *An order will be submitted for consideration by the Court.* |

15. **"De Minimis Assets"** – Motion For An Order Under 11 U.S.C. § 363 Approving Procedures To Sell Certain De Minimis Assets Free And Clear Of Liens, Claims, And Encumbrances And To Pay Market Rate Broker Commissions In Connection With Such Sales Without Further Court Approval (Docket No. 327)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *An order will be submitted for consideration by the Court.* |

16. **"Utilities"** – Motion For Interim And Final Orders Under 11 U.S.C. §§ 105, 366, 503, And 507 (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Services On Account Of Prepetition Invoices And (II) Establishing Procedures For Determining Requests For Additional Assurance (Docket No. 41)

| | |
|---|---|
| *Responses Filed:* | *Objection of SBC Communications Inc. to the Debtors' Motion for Final Order Under 11 U.S.C. §§ 105, 366, 503 and 507 (I) Prohibiting Utilities from* |

*Altering, Refusing or Discontinuing Services on Account of Prepetition Invoices and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (Docket No. 559); Objection of Certain Utility Companies to Motion for Interim and Final Orders Under 11 U.S.C. §§ 105, 366, 503 and 507 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Prepetition Invoices and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (Docket No. 563); Response of Constellation Newenergy, Inc. to Motion for Final Order Under 11 U.S.C. §§ 105, 366, 503 and 507 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Prepetition Invoices and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (Docket No. 568); Objection of AT&T Corp. to Debtors' Motion for an Order Pursuant to Section 366(b) of the Bankruptcy Code Deeming Utilities Adequately Assured of Future Performance (Docket No. 572); Objection of Entergy to Motion of Debtors for Interim and Final Orders Under 11 U.S.C. §§ 105, 366, 503 and 507 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Prepetition Invoices and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (Docket No. 575)*

*Reply Filed:*    *None.*

*Related Filing:*    *Interim Order Under 11 U.S.C. §§ 105, 366, 503, And 507 (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Services On Account Of Prepetition Invoices (Docket No. 234)*

*Status:*    *This matter is being adjourned to November 29, 2005 with respect to AT&T Corp., Entergy Mississippi, Inc., SBC Communications Inc., American Electric Power, Dominion East Ohio, New York State Electrical And Gas Corporation, Niagara Mohawk Power Corporation, Public Services Electric And Gas Company, And Rochester Gas & Electric Corporation.  The matter with respect to Constellation Newenergy, Inc. is resolved.  With respect to all other parties, a revised order will be submitted for consideration by the Court.*

17.    **"Duraswitch"** – Motion For Order Under 11 U.S.C. § 365(a) Authorizing
Rejection Of License Agreement With Duraswitch Industries, Inc. (Docket
No. 329)

    *Response Filed:*        *Objection Of Duraswitch Industries, Inc. To
Debtors' Motion For An Order Under 11 U.S.C.
365(a) Authorizing Rejection Of License Agreement
With Duraswitch Industries, Inc. (Docket No. 629)*

    *Reply Filed:*        *None.*

    *Related Filing:*        *None.*

    *Status:*        *A revised order will be submitted for consideration
by the Court.*

## D.    Contested Matters

18.    **"Cash Management"** – Motion For Order Under 11 U.S.C. §§ 363 And
553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II)
Continued Use Of Existing Cash Management System, (III) Continued Use
Of Existing Business Forms, (IV) Preservation And Exercise Of
Intercompany Setoff Rights, And (V) Grant Of Administrative Status For
Postpetition Intercompany Transactions (Docket No. 24)

    *Response Filed:*        *Limited Omnibus Objections of Pension Benefit
Guaranty Corporation to (A) Interim Cash
Management Order and (B) Debtor in Possession
Financing Motion (Docket No. 437); Statement Of
The Official Committee Of Unsecured Creditors In
Response To Debtors' Motion For Order Under 11
U.S.C Section 363 And 553 Authorizing (I)
Continued Maintenance Of Existing Bank Accounts,
(II) Continued Use Of Existing Cash Management
System, (III) Continued Use Of Existing Business
Forms, (IV) Preservation And Exercise Of
Intercompany Setoff Rights, And (V) Grant Of
Administrative Status For Postpetition
Intercompany Transactions (Docket No. 639)*

    *Reply Filed:*        *None.*

    *Related Pleading:*        *Bridge Order Under 11 U.S.C. §§ 363 And 553
Authorizing (I) Continued Maintenance Of Existing
Bank Accounts, (II) Continued Use Of Existing Cash
Management System, (III) Continued Use Of
Existing Business Forms, (IV) Preservation And
Exercise Of Intercompany Setoff Rights, And (V)*

9

*Grant Of Administrative Status For Postpetition
Intercompany Transactions (Docket No. 36); Interim
Order Under 11 U.S.C. §§ 363 And 553 Authorizing
(I) Continued Maintenance Of Existing Bank
Accounts, (II) Continued Use Of Existing Cash
Management System, (III) Continued Use Of
Existing Business Forms, (IV) Preservation And
Exercise Of Intercompany Setoff Rights, And (V)
Grant Of Administrative Status For Postpetition
Intercompany Transactions (Docket No. 240)*

Status:                *A revised order will be submitted for consideration
by the Court.*

19.    **"DIP Financing"** – Motion For Order Under 11 U.S.C. §§ 105, 361, 362,
363, 364(c), 364(d) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And
9014 (I) Authorizing Debtors To Obtain Secured Postpetition Financing On
Superpriority Secured And Priming Basis, (II) Authorizing Use Of Cash
Collateral, (III) Granting Adequate Protection To Prepetition Secured
Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing
Under Fed. R. Bankr. P. 4001 (b) And (c) (Docket No. 42)

*Responses Filed:[1]*

a.  PBGC:                *Limited Omnibus Objections of Pension
Benefit Guaranty Corporation to (A) Interim
Cash Management Order and (B) Debtor in
Possession Financing Motion (Docket No.
437);*

b.  Prepetition Lenders:    *Objection of Ad Hoc Committee of
Prepetition Lenders to Debtors' Motion for
Postpetition Financing (Docket No. 553);
Response and Reservation of Rights of the
Prepetition Agent to the Proposed Adequate
Protection for the Prepetition Lenders in the
Debtor in Possession Financing Motion
(Docket No. 612)*

c.  Aircraft Lessors:      *Objection of Bank of America N.A. to
Debtors' Motion for Postpetition Financing*

---

1 Responses listed in bold were filed after the October 20, 2005 4:00 p.m. (prevailing eastern time) objection deadline
established under the *Interim Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And
364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To
Utilize Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Parties And (IV) Scheduling A
Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c)* granted by this Court on October 12, 2005 (Docket No. 164).

*and for Adequate Protection (Docket No. 565);*

d.  Setoff Claimants:

*Limited Objection by Robert Bosch Corporation and Affiliates to Financing Motion and Interim DIP Financing Order, and Request by Bosch for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 428); Limited Objection of Mercedes-Benz International, Inc. to Debtors' Motion for an Order Authorizing Debtors to Obtain Post-Petition Financing and for Related Relief (Docket No. 435); Limited Objection of Venture Plastics, Inc. to Financing Motion and Interim DIP Financing Order, and Request by Venture Plastics, Inc. for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 436); Limited Objection by Calsonic Kansei North America, Inc. to Financing Motion and Interim DIP Financing Order (Docket No. 442); Limited Objection of DaimlerChrysler Corporation to Interim DIP Financing Order (Docket No. 450); Limited Objection by Decatur Plastic Products, Inc. to Financing Motion and Interim DIP Financing Order, and Request by Decatur for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 451); Limited Objection of Gibbs Die Casting Corporation to Motion For Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Secured Postpetition Financing On Superpriority Secured And Priming Basis, (II) Authorizing Use Of Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c), and Request for Adequate Protection of Pre-Petition Setoff and Statutory Lien Rights (Docket No. 455); Limited Objection by Lorentson Manufacturing Company, Inc. to Financing Motion and Interim DIP Financing Order,*

11

and Request by Lorentson for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 458); Limited Objection of Autocam Corporation to Motion For Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Secured Postpetition Financing On Superpriority Secured And Priming Basis, (II) Authorizing Use Of Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c) (Docket No. 459); Limited Objection by Lorentson Manufacturing Company Southwest, Inc. to Financing Motion and Interim DIP Financing Order, and Request by Lorentson for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 461); **Limited Objection of Ford Motor Company to Interim Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To Utilize Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Parties And (IV) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c) (Docket No. 495); Joinder in Limited Objections to Financing Motion and Interim DIP Financing Order, and Request by Freescale Semiconductor, Inc. for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 501); Joinder by Nissan North America, Inc. to Certain Responses in Opposition to the Motion of the Debtors Seeking Postpetition Financing (Docket No. 503); Joinder of Fujikura America, Inc. in Limited Objection to financing Motion and Interim DIP Financing Order, and Request by Fujikura America, Inc. for Adequate Protection for Pre-Petition Setoff Rights**

12

*(Docket No. 506); Joinder of Murata
Electronics North America Inc. in Limited
Objections to Financing Motion and
Interim DIP Financing Order, and Request
by Murata Electronics North America, Inc.
for Adequate Protection for Pre-Petition
Setoff Rights (Docket No. 507); Joinder of
Flextronics International Asia-Pacific Ltd.
and Flextronics Technology (M) SDN.
BHD. In Limited Objections to DIP
Financing Motion and Interim DIP
Financing Order, and Request for
Adequate Protection for Pre-Petition Setoff
Rights as well as Preservation of
Reclamation Rights (Docket No. 511);
Joinder of Multek Flexible Circuits, Inc.,
Sheldahl de Mexico S.A. de C.V., and
Northfield Acquisition Co. in Limited
Objections to DIP Financing Motion and
Interim DIP Financing Order, and Request
for Adequate Protection for Pre-Petition
Setoff Rights as well as Preservation of
Reclamation Rights (Docket No. 512);
Limited Objection of Omega Tool Corp.,
L&W Engineering Co., Southtec, LLC,
DOTT Industries, Inc., ALPS Automotive,
Inc., Pioneer Automotive Technologies,
Inc., Lakeside Plastics Limited, Android
Industries, Inc., Ai-Doraville, LLC, and
Ai-Genesee, LLC to Entry of a Final Order
Authorizing Postpetition Financing and the
Use of Cash Collateral, and Granting
Adequate Protection (Docket No. 551);
Limited Objection of Honda Entities to
Financing Motion and Interim and/or
Final DIP Financing Order (Docket No.
577); Joinder of Osram Opto
Semiconductors Inc. in Limited Objections
to DIP Financing Motion and Interim DIP
Financing Order, and Request for
Adequate Protection for Pre-Petition Setoff
Rights as well as Preservation of
Reclamation Rights (Docket No. 589);
Limited Objection of the Worthington Steel
Company and Worthington Steel of
Michigan, Inc. to Financing Motion and*

*Interim and/or Final DIP Financing Order (Docket No. 590); Joinder of Hitachi Automotive Products (USA), Inc. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights (Docket No. 591); Joinder of National Molding Corp. and Security Plastics Division/NMC, LLC in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights (Docket No. 600); Joinder of Arneses Electronics Automotrices, S.A. DE C.V. and Cordaflex, S.A. de C.V. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights (Docket No. 619); Request of Ford Motor Company for Different Adequate Protection Pursuant to Paragraph 18 of the Interim Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To Utilize Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Parties And (IV) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c) (Docket No. 623); Objection to Motion for DIP Financing and Interim DIP Financing Order and Request for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights filed by Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. (Docket No. 631); Joinder of Magna International, Inc. and Certain of its Affiliates in Limited Objection of Omega Tool Corp., L&W Engineering Co.,*

*Southtec, LLC, Dott Industries, Inc., Alps Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC to Entry of a Final Order Authorizing Postpetition Financing and the Use of Cash Collateral, and Granting Adequate Protection (Docket No. 632); Limited Objection of A. Schulman, Inc. to Financing Motion and Interim and/or Final DIP Financing Order (Docket No. 634); Joinder of Textron Fastening Systems, Inc. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights as Well as Preservation of Reclamation Rights (Docket No. 643); Joinder of ARC Automotive, Inc. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order and Request for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 646); Amended Joinder of Fujikura America, Inc. in Limited Objections to Financing Motion and Interim DIP Financing Order, and Request by Fujikura America, Inc. for Adequate Protection for Pre-Petition Setoff Rights and Preservation of Reclamation Rights (Docket No. 648); Amended Joinder of Murata Electronics North America, Inc. in Limited Objections to Financing Motion and Interim DIP Financing Order, and Request by Fujikura America, Inc. for Adequate Protection for Pre-Petition Setoff Rights and Preservation of Reclamation Rights (Docket No. 649); Joinder of XM Satellite Radio Inc. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 651);* General Motors Corporation's Conditional Objection to Debtors' Request for Final Order Granting

15

*Adequate Protection to Prepetition Lenders
by Priming Setoff Rights (Docket No. 658)*

e. *Official Committee Of Unsecured Creditors:*

*Statement Of The Official Committee Of
Unsecured Creditors In Response To
Debtors' Motion For Order Under 11 U.S.C.
Section 105, 361, 362, 363, 364(c), 364(d),
And 364(e) And Fed. R. Bankr. P. 2002, 4001,
And 9014 (I) Authorizing Debtors To Obtain
Secured Postpetition Financing On
Superpriority Secured And Priming Basis, (II)
Authorizing Use Of Cash Collateral, (III)
Granting Adequate Protection To
Prepetition Secured Lenders, (IV) Granting
Interim Relief, And (V) Scheduling A Final
Hearing Under Fed. R. Bankr. P. 4001(b)
And (c) (Docket No. 641)*

Reply Filed:          *Debtors' Omnibus Reply To Objections To DIP
Financing Motion (Undocketed)*

Related Pleading:     *Bridge Order Under 11 U.S.C. §§ 105, 361, 362, 363,
364(c), 364(d) And 364(e) And Fed. R. Bankr. P.
2002, 4001, And 9014 (I) Authorizing Debtors To
Obtain Secured Postpetition Financing On
Superpriority Secured And Priming Basis, (II)
Authorizing Use Of Cash Collateral, (III) Granting
Adequate Protection To Prepetition Secured
Lenders, (IV) Granting Interim Relief, And (V)
Scheduling A Final Hearing Under Fed. R. Bankr. P.
4001 (b) And (c) (Docket No. 46); Objection of Bank
of America Leasing & Capital, LLC to Debtors'
Motion for Postpetition Financing and for Adequate
Protection (Docket No. 70); Limited Objection of Ad
Hoc Committee of Prepetition Secured Lenders to
Debtors' Motion for Postpetition Financing (Docket
No. 101); Interim Order Under 11 U.S.C. §§ 105,
361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1)
And 364(e) And Fed. R. Bankr. P. 2002, 4001, And
9014 (I) Authorizing Debtors To Obtain Postpetition
Financing, (II) To Utilize Cash Collateral, (III)
Granting Adequate Protection To Prepetition
Secured Parties And (IV) Scheduling A Final
Hearing Under Fed. R. Bankr. P. 4001 (b) And (c)
(Docket No. 164)*

16

Status:              *The hearing with respect to this matter will go*
                     *forward.*

Dated:  New York, New York
        October 26, 2005

                         SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                         By:_____ _____
                             John Wm. Butler, Jr. (JB 4711)
                             John K. Lyons (JL 4951)
                             Ron E. Meisler (RM 3026)
                         333 West Wacker Drive, Suite 2100
                         Chicago, Illinois  60606
                         (312) 407-0700

                                 - and -

                         By: _____
                             Kayalyn A. Marafioti (KM 9632)
                             Thomas J. Matz (TM 5986)
                         Four Times Square
                         New York, New York 10036
                         (212) 735-3000

                         Attorneys for Delphi Corporation, et al.,
                             Debtors and Debtors-in-Possession

# EXHIBIT C

**Objection Deadline:  August 24, 2006**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No.  05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF INTENTION TO ENTER INTO REAL PROPERTY LEASE
**(Streetsboro, Ohio Lease)**

1.    ORDER APPROVING ENTERING INTO NEW LEASES

PLEASE TAKE NOTICE that on January 6, 2006, the United States Bankruptcy Court for the Southern District of New York entered an Order Under 11 U.S.C. §§ 363, 1107, And 1108 Approving Procedures To Enter Into Or Renew Real Property Leases Without Further Court Approval (the "Order," a copy of which is attached hereto as Exhibit 1) (Docket No. 1777).  The Order authorized the above-captioned debtors and debtors-in-possession (the "Debtors") to enter into the following real property lease (the "Lease") upon notice to the Notice Parties (as defined in the Order) without further Court approval:

Location Of Leased Premises:

**650 Mondial Parkway
Streetsboro, Ohio  44241**

2.    LEASE EFFECTIVE DATE

PLEASE TAKE FURTHER NOTICE that the Debtors intend to enter into the Lease on or after August 25, 2006 unless an objection is served in the manner described in the Order.

3.      <u>LESSOR</u>

Scher Development, Ltd., an Ohio limited partnership

PLEASE TAKE FURTHER NOTICE that the Lessor under the Lease is not an
"insider" of any of the Debtors as defined in 11 U.S.C. §101(31).

4.      <u>DESCRIPTION OF LEASE TERMS</u>

PLEASE TAKE FURTHER NOTICE that a description of the terms of the Lease
is attached hereto as <u>Exhibit 2</u>.

Dated: New York, New York
        August 10, 2006

                        SKADDEN, ARPS, SLATE, MEAGHER
                             & FLOM LLP

                        By:   /s/ John Wm. Butler, Jr.
                              John Wm. Butler, Jr. (JB 4711)
                              John K. Lyons (JL 4951)
                              Ron E. Meisler (RM 3026)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois  60606
                        (312) 407-0700

                                 - and -

                        By:   /s/ Kayalyn A. Marafioti
                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, <u>et al.</u>,
                              Debtors and Debtors-in-Possession

                                    2

Exhibit 1 - Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                   :

In re                   :    Chapter 11
                   :

DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                   :

            Debtors.   :    (Jointly Administered)
                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 APPROVING
PROCEDURES TO ENTER INTO OR RENEW REAL PROPERTY
LEASES WITHOUT FURTHER COURT APPROVAL

("LEASE PROCEDURES ORDER")

Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

365, 1107, and 1108 approving procedures to enter into new or renew existing non-residential leases

or subleases of real property (the "Leases") without further Court approval; and upon the record of

the hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that no

other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is GRANTED as provided herein.


0544481060109000000000004

2.    The Debtors are hereby authorized but not directed to enter into or renew the
Leases without further Court approval, subject to the procedures set forth below.

3.    For a Lease with average Lease obligations of $200,000 or less per annum or
Lease obligations of $1 million or less in the aggregate (a "De Minimis Lease"), the Debtors
shall be authorized but not directed to enter into or renew a De Minimis Lease without further
Bankruptcy Court approval.  The Debtors, however, shall use reasonable efforts to provide notice
of the terms of any De Minimis Lease it intends to enter into to counsel for the Official
Committee of Unsecured Creditors prior to entering into such De Minimis Lease.  In the event
Debtors are unable to provide such notice to counsel for the Official Committee of Unsecured
Creditors prior to entering into a De Minimis Lease, Debtors shall provide such notice after the
Debtors enter into the De Minimis Lease.  Notwithstanding the foregoing, if a lessor under a De
Minimis Lease is an "insider" as defined in section 101(31) of the Bankruptcy Code, the Debtors
shall comply with the procedures set forth in paragraph 4 herein.

4.    For a Lease with average lease obligations of $200,001 or more per annum or
Lease obligations in excess of $1 million up to and including $5 million in the aggregate, the
Debtors shall give notice of their intention to enter into or renew such Lease (the "Lease Notice")
to (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel
for the Official Committee of Unsecured Creditors, (c) counsel for the agent under the Debtors'
prepetition credit facility, and (d) counsel for the agent under the Debtors' post-petition facility
(collectively, the "Notice Parties").  The Debtors shall serve the Lease Notice by facsimile,
overnight delivery, or hand delivery.  The Lease Notice shall include the following information:
(a) the proposed Lease to be entered into or renewed, (b) the identity of the lessor (including a
statement as to whether the proposed lessor is an "insider" as defined in section 101(31) of the

Bankruptcy Code), and (c) a description of the terms of the proposed Lease.  The Notice Parties

shall have ten business days following initial receipt of the Lease Notice to object to or request

additional time to evaluate the proposed Lease.  If counsel to the Debtors receives no written

objection or written request for additional time prior to the expiration of such ten business day

period, the Debtors shall be authorized to enter into or renew the Lease.  If a Notice Party objects

to the proposed Lease within ten business days after the Lease Notice is received, the Debtors

and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual

resolution.  Should either party determine that an impasse exists, then the Debtors shall move the

Bankruptcy Court for authority to enter into or renew the Lease, as the case may be, upon notice

to the objecting party and other parties-in-interest in accordance with the Court's Case

Management Order entered on October 14, 2005 ("Case Management Order").

      5.    For a Lease with Lease obligations in excess of $5 million in the aggregate,

the Debtors will be authorized to enter into the Lease only after obtaining Bankruptcy Court

approval of the proposed Lease after notice and a hearing.

      6.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

      7.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.

Dated:      New York, New York
        January 6, 2006



                    /s/ Robert D. Drain
                    UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit 2 - Lease Terms</u>

1.  Landlord:                                    Scher Development, Ltd.
                                                 c/o Cresco Real Estate
                                                 Attn: Bob Garber
                                                 3 Summit Park Drive, Suite 200
                                                 Independence, Ohio  44131

2.  Tenant:                                      Delphi Automotive Systems LLC

3.  Premises:                                    12,530 square feet

                                                 650 Mondial Parkway
                                                 Streetsboro, Ohio 44241

4.  Projected Commencement Date:                 October 1, 2006

5.  Projected Expiration Date:                   November 30, 2011

6.  Security Deposit:                            $12,007.92

7.  Monthly Base Rent:                           First Lease Year:      $12,007.92
                                                 Second Lease Year:     $12,248.08
                                                 Third Lease Year:      $12,493.04
                                                 Fourth Lease Year:     $12,742.90
                                                 Fifth Lease Year:      $12,997.76
                                                 Sixth Lease Year:      $13,257.71
                                                 (there are only two months
                                                  in the Sixth Lease year)

8.  Common Area Expense, Taxes,
    And Utilities:                               This is a Single Tenant Building:  Delphi is solely
                                                 responsible for the costs for maintenance, taxes, and
                                                 utilities.  The estimated operating expenses for 2006
                                                 are $6.25/per square foot which is equal to
                                                 $6,526.04 per month

9.  Rent Concession:                             Tenant shall have no obligation to pay rent (base or
                                                 additional) for the first month following the
                                                 commencement date

10. Tenant Improvement Allowance:                $37,590.00

11. Permitted Use:                               General office use

12. Extension Option:                            Two additional successive terms of three years each

# EXHIBIT D

Delphi Corporation
Special Party

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Edwards Angell Palmer & Dodge LLP | Shmuel Vasser | 750 Lexington Avenue | 8th Floor | New York | NY | 10022 | 212-308-4411 | Counsel to Speedline Technologies, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/11/2006 10:47 AM
Speedline Objection Special Party Overnight