LORD BISSELL & BROOK LLP  
111 South Wacker Drive  
Chicago, Illinois 60606  
Tel: (312) 443-0700  
Fax: (312) 443-0336  
Timothy W. Brink (TWB 4178) (*pro hac vice* application pending)  
Timothy S. McFadden (TSM 9650) (*pro hac vice* application pending)

Hearing Date: September 14, 2006 at 10:00 a.m.  
Objection Deadline: September 7, 2006 at 4:00 p.m.

-and-

LORD BISSELL & BROOK LLP  
885 Third Avenue, 26th Floor  
New York, NY 10022-4802  
Tel: (212) 947-4700  
Fax: (212) 947-1202  
Kevin J. Walsh (KJW 6083)

Attorneys for Methode Electronics, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------x

In re:

DELPHI CORP, et al.

Debtors.

-------------------------------------------------x

Chapter 11 Case No.  
05-44481 (RDD)

(Jointly Administered)

**MOTION OF METHODE ELECTRONICS, INC. FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT IT TO EXERCISE SETOFF AND/OR RECOUPMENT RIGHTS**

Methode Electronics, Inc. ("Methode"), by its undersigned counsel, hereby moves (the "Motion") this Court for an order, the proposed form of which is attached hereto as Exhibit A (the "Order"), granting Methode relief from the automatic stay to permit it to exercise its setoff and/or recoupment rights. In support of the Motion, Methode respectfully states as follows:

CHI1 1232718v4

# I.
# INTRODUCTION

1. On October 8, 2005 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code")[1] in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in these chapter 11 cases.

4. An official committee of unsecured creditors (the "Committee") was appointed on or about October 17, 2005.

# II.
# BACKGROUND

A. **The Debtors' Prepetition Business Relationship With Methode.**

5. Methode is a leading global manufacturer of component and subsystem devices employing electrical, electronic, wireless, sensing and optical technologies and has supplied products to the Debtors since 1980. Methode currently supplies the Debtors with passive occupant detection systems ("PODS") and other electrical components pursuant to a Contract between Methode and Delphi Automotive Systems LLC ("Delphi Automotive") dated August 1, 2001, as amended from time to time (the "Contract"). The PODS are critical to the proper functioning of passenger airbag systems, which vehicle manufacturers are required to install in all new automobiles.

---

[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Act") amended certain provisions of the Bankruptcy Code, among other statutes. Most of the 2005 Act's amendments to the Bankruptcy Code are effective with respect to chapter 11 cases filed on or after October 17, 2005, nine days after the Petition Date. Accordingly, unless otherwise noted, all citations and references to sections of the Bankruptcy Code herein are to the pre-2005 Act Bankruptcy Code and relevant case law.

2

6. On October 3, 2005, Methode and Delphi Corp. and its affiliates and subsidiaries (with Delphi Automotive, "Delphi") entered into an agreement (the "Agreement"), pursuant to which Delphi agreed to pay Methode for products on "Cash in Advance" terms with a unit price discount of one percent (1%). [A copy of the Agreement is attached hereto as Exhibit B.] Paragraph 2 of the Agreement provides that:

> Cash in Advance payments under this Agreement will be executed as follows: (i) Delphi will wire transfer to Company on October 4, 2005 an initial advance payment equal to the estimated payables for the next seven (7) days based on forecasted volumes, (ii) Delphi's payment system will then pay invoices for shipments starting on October 4, 2005, in full (but subject to the unit price discount) on "Net Immediate" terms (iii) the parties will, from time to time, adjust the amount of the advance payment retained by the Company based on volume forecasts so that the advance payment remains approximately equal to the estimated payables for each subsequent seven (7) day period.

7. Pursuant to Paragraph 2(i) of the Agreement, on October 4, 2005, Delphi wired a $3,053,806.92 payment (the "Cash in Advance Payment") to Methode as an initial advance payment for payables for the subsequent seven (7) day period. Daily between October 4 and the Petition Date, Methode drew on the Cash in Advance Payment in amounts sufficient to cover each day's shipments to Delphi. As of the Petition Date, the remaining balance of the Cash in Advance Payment held by Methode was approximately $1,923,985 (the "Cash in Advance Balance"). Methode continues to hold the Cash in Advance Balance.

**B.   The Debtors' Postpetition Business Relationship With Methode.**

8. On October 10, 2005, Methode and Delphi entered into an agreement (the "Postpetition Agreement" and, with the Agreement, the "Contract Amendments") pursuant to which Delphi agreed to pay Methode on "net immediate terms" for postpetition shipments. Under these new terms, Methode would receive payment five to seven days after Delphi's receipt of shipments.

3

9.  From and after the Petition Date, Methode has continued to ships PODS and other electrical components to Delphi without interruption, and Delphi has paid for such shipments pursuant to the terms of the Postpetition Agreement.

**C.  Methode's Claims Against the Debtors.**

10.  On May 3, 2006, Methode and certain of its divisions and subsidiaries filed proofs of claim in these cases. Among these proofs of claims is a secured proof of claim (the "Secured Proof of Claim") filed by Methode's Automotive Safety Technologies, Inc. subsidiary ("AST") against Delphi Automotive in the amount of $2,939,137.00 (the "Secured Claim") (Claim No. 4573). [A copy of the Secured Proof of Claim is attached hereto as Exhibit C.][2]

11.  The Secured Claim is secured by Methode's rights of setoff. First, Methode holds the Cash in Advance Balance described above. Second, Methode holds $765,152 in overpayments (the "Overpayments") made by Delphi prior to the Petition Date. Third, Methode owes Delphi $250,000 in prepetition rebates under an agreement entered into prior to the Petition Date (the "Rebates" and, collectively with the Cash in Advance Balance and the Overpayments, the "Security").

12.  While only the Secured Claim is the subject of this Motion, it is not Methode's only claim against Delphi. In addition, AST and three other Methode divisions or subsidiaries filed unsecured, non-priority claims against Delphi Automotive.[3] Each of

---

[2]  Methode has since amended the Secured Proof of Claim to clarify that the amounts reflected therein are owed to Methode Electronics, Inc., the party to the Contract and the Contract Amendments.

[3]  Specifically, AST filed an unsecured, non-priority claim against Delphi Automotive in the amount of $4,032,367 (Claim No. 4574); Methode Electronics Malta Ltd. filed an unsecured, non-priority claim against Delphi Automotive in the amount of $406,570.92 against Delphi Automotive (Claim No. 4575); Automotive Electronic Controls Division, a division of Methode, filed an unsecured, non-priority claim against Delphi Automotive in the amount of $149,937.86 (Claim No. 4576); and Connector Products Division, a division of Methode, filed an unsecured, non-priority claim against Delphi Automotive in the amount of $58,674.29 (Claim No. 4577).

4

Methode's unsecured, non-priority claims has since been assigned to Credit Suisse First Boston. (See Docket No. 4306).

13. On July 24, 2006, Delphi informed Methode of its intention to debit Methode's postpetition account (i.e., to withhold payments otherwise due for post-petition shipments under the Contract) in the amount of $1,834,934.19, which amount Delphi asserts to be the remaining balance of the Cash in Advance Payment.

C. **The Final DIP Financing Order.**

14. On October 28, 2005, the Court entered the Final Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed.R.Bankr.P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Post-Petition Financing, (II) to Utilize Cash Collateral and (III) Granting Adequate Protection to Pre-Petition Secured Parties (the "Final DIP Financing Order").

15. The Final DIP Financing Order provides in relevant part as follows:

> To the extent that a customer or supplier of the Debtors that has an allowable setoff claim under section 506 or 553 of the Bankruptcy Code in respect of its payables owed to any Debtor as of the Petition Date ("Pre-Petition Payables") or a valid right of recoupment that arose prior to the Petition Date (such setoff claim or right of recoupment, "Setoff"), such customer (a "Setoff Claimant") is hereby provided with certain rights and adequate protection as described below... Any exercise of any right of Setoff other than in accordance with this Order is subject to section 362 of the Bankruptcy Code.

See Final DIP Financing Order, ¶ 18.

16. Thus, the Final DIP Financing Order arguably requires holders of recoupment rights to seek relief from the automatic stay prior to exercising such rights.

5

# III.
# RELIEF REQUESTED

17. By this Motion, Methode seeks entry of an order granting it relief from the automatic stay (and any stay imposed by the Final DIP Financing Order) to allow Methode to the immediately exercise its setoff and/or recoupment rights against the Security.

# IV.
# BASIS FOR RELIEF

A. **Methode Has a Valid Right of Setoff and/or Recoupment.**

18. Section 553 of the Bankruptcy Code provides that:

> [T]his title does not affect any right of a creditor to a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

11 U.S.C. § 553(a). The impact of Section 553 is that valid rights of setoff will be respected in bankruptcy. Citizens Bank of Maryland v. Strumpf, 526 U.S. 16, 18 (1995).

19. In order for a creditor to establish that it has valid right of setoff, a creditor must demonstrate that:

(a) a debt exists from the creditor to the debtor and that debt arose prior to the commencement of the case;
(b) the creditor has a claim against the debtor that arose prior to the commencement of the bankruptcy case; and
(c) the debt and the claim are mutual obligations.

See United States v. Gerth, 991 F.2d 1428, 1431 (8th Cir. 1993); Braniff Airways, Inc. v. Exxon Co., U.S.A., 814 F.2d 1030, 1035 (5th Cir. 1987). In this case, all three elements are present.

20. First, Methode owes a debt to Delphi that arose prior to the Petition Date. As explained in the Secured Proof of Claim, that debt consists of Methode's obligations to pay the Cash in Advance Balance, the Overpayments and the Rebates to Delphi.

6

21.  Second, Methode has a claim against Delphi that arose prior to the Petition Date. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 502 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Rule 3001(f) of the Federal Rules of Bankruptcy Procedures provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Therefore, Methode's Secured Proof of Claim, to which there have been no objections, is *prima facie* evidence of the validity and amount of Methode's claim.

22.  Finally, Methode's claim against Delphi and its debt to Delphi are mutual obligations. Debts are mutual when the credits and debts are in the same right and are between the same parties, standing in the same capacity. See In re Drexel Burnham Lambert Group, Inc., 113 B.R. 830, 847 (Bankr. S.D.N.Y. 1990); In re Bennett Funding Group, Inc., 146 F.3d 136, 139 (2d Cir. 1998). In this case, the credits and debts are between Delphi and Methode.

23.  Even if it did not have a setoff rights, Methode has a right of recoupment with respect to the Security. The "typical situation in which equitable recoupment can be invoked involves a credit and debt arising out of a transaction for the same goods or services." In re University Medical Ctr., 973 F.2d 1065, 1081 (3d Cir. 1992).

24.  The doctrine of recoupment is intended to provide relief to creditors facing situations such as that with which Methode is faced in this case. See In re Public Service Company of New Hampshire, 107 B.R. 441 (Bankr. D.N.H. 1989); Lee v. Schweiker, 739 F.2d 870, 875 (3d Cir. 1984) ("[i]n bankruptcy, the recoupment doctrine has been applied primarily where the creditor's claim against the debtor and the debtors' claim against the creditor arise out of the same contract.").

7

25. In this case, Methode was bound to provide goods to Delphi pursuant to the Contract, and Delphi was obligated to pay for such goods. Likewise, Methode is bound to pay Delphi the Cash in Advance Balance Payment pursuant to the Contract. Accordingly, Methode's claim against Delphi, and Methode's debt to Delphi, both arise from the Contract.

**B.   The Automatic Stay Should Be Lifted to Permit Methode to Setoff and/or Recoup.**

26. Section 362(a)(7) of the Bankruptcy Code provides that the filing of a voluntary petition operates as an automatic stay, applicable to all parties, against "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). However, Section 362(a)(7) "does not affect the right of" a creditor to setoff, but "simply stays its enforcement pending an orderly examination of the debtors' and creditors' rights." H.R. Rep. No. 595, 95th Cong., 1st Sess., at 342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess., at 51 (1978). Thus, a party may still exercise its right of setoff in a bankruptcy proceeding, but must first obtain relief from the automatic stay or obtain an order allowing setoff prior to exercising any such right. In re Wicks, 176 B.R. 695, 698 (Bankr. E.D.N.Y. 1995); In re NTG Industries, Inc., 103 B.R. 195, 197 (Bankr. N.D. Ill. 1989).

27. Section 362(d) of the Bankruptcy Code provides that:

> [o]n request of a party in interest and after a notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause,....

11 U.S.C. § 362(d).

28. Here, cause exists because Delphi has indicated its intention to debit Methode's postpetition account in the amount of $1,834,934.19. To be clear, the effect of this

8

would be that Methode would not be paid for post-petition shipments, providing over $1.8 million in value to the Debtors' estate. The imminent threat of Delphi resorting to this "self-help" is plainly cause for relief under these circumstances.

29. "The Bankruptcy Code does not contain a recoupment provision." Cooper-Jarrett, Inc. v. Central Transport, Inc., 726 F.2d 93, 96 (3d Cir. 1984). Although the Bankruptcy Code does not specifically provide for recoupment, "[t]he common law doctrine of recoupment provides an exception to setoff in bankruptcy cases." In re University Medical Ctr., 973 F.2d 1065, 1079 (3d Cir. 1992).

30. "Recoupment 'is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim.'" Id. at 1079 (quoting 4 Collier on Bankruptcy, §553.03 at 553-15 to 553-17); see also Reiter v. Cooper, 113 S.Ct. 1213, 1218 (1993) (defining recoupment as "the setting off against asserted liability of a counterclaim arising out of the same transaction"); In re Jones,122 B.R. 246, 249 (W.D. Pa. 1990). "[S]o long as the creditor's claim arises out of the identical transaction as the debtor's, that claim may be offset against the debt owed to the debtor, without concern for the limitations put on the doctrine of setoff by Code § 553." In re University Medical Ctr., 973 F.2d 1065, 1080 (3d Cir. 1992); In re Flagstaff Realty Assocs., 1995 WL 447934, at *4 (3d Cir. 1994) (requiring "single integrated transaction"). Therefore, a creditor may assert "recoupment claims 'against pre-petition debts to the debtor, post-petition debts, or some combination of these.'" Reading Co. v. City of Philadelphia, 155 B.R. 890, 910 (E.D. Pa. 1993).

31. In contrast to the right of setoff, the automatic stay does not apply to a creditors' exercise of the right of recoupment, which is "a non-statutory, equitable exception to

9

the automatic stay." In re University Medical Ctr., 973 F.2d at 1080; accord Rooster, Inc. v. Raphael Roy, S.R.L., 127 B.R. 560, 570 (Bankr. E.D. Pa. 1991). Notwithstanding this, creditors often seek, and courts routinely grant, orders lifting the automatic stay to permit recoupment. The need for such an order is heightened in this case by the Court's entry of the Final DIP Financing Order, which requires holders of recoupment rights to seek relief from the automatic stay, along with holders of setoff rights, prior to exercising such rights.

32. As for "cause," the same facts justifying relief from the automatic stay to permit setoff apply here.

## V.
## WAIVER OF MEMORANDUM OF LAW

33. This Motion does not raise any novel issues of law and, accordingly, Methode respectfully requests that this Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of this Motion.

## VI.
## NOTICE

34. Notice of this Motion will be provided in accordance with this Court's Order dated October 14, 2005 establishing case management and notice procedures in these chapter 11 cases. Accordingly, Methode respectfully submits that no further or other notice need be provided. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, Methode respectfully requests that this Court enter an order, substantially in the form attached hereto: (i) granting the Motion; (ii) authorizing Methode's immediate exercise of setoff and/or recoupment rights with respect to the Secured Claim and the Security; and (iii) granting such further relief as is appropriate.

Dated: August 14, 2006

Respectfully submitted,

/s/ Timothy S. McFadden
Timothy W. Brink (TWB 4178)
Timothy S. McFadden (TSM 9650)
LORD, BISSELL & BROOK LLP
111 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 443-0700
Fax: (312) 443-0336

-and-

Kevin J. Walsh (KJW 6083)
LORD, BISSELL & BROOK LLP
885 Third Avenue, 26th Floor
New York, NY 10022-4802
Tel: (212) 947-4700
Fax: (212) 947-1202

11