UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                         :

   In re                               :        Chapter 11
                                         :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                         :
                     Debtors.     :        (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STIPULATION AND AGREED ORDER RESOLVING MOTION OF ERICKA S. PARKER,
CHAPTER 7 TRUSTEE, SEEKING RELIEF FROM AUTOMATIC STAY TO ALLOW HER
TO CONTINUE ASSERTING COUNTERCLAIMS IN PENDING LITIGATION BEING
<u>PROSECUTED BY DEBTORS</u>

        WHEREAS, on February 21, 2003, Delphi Automotive Systems LLC, a debtor in the above-captioned chapter 11 cases ("DAS LLC"), Flex-Tech, and Initial Transfer FT, Ltd. entered into a settlement agreement (the "Settlement Agreement") related to the payment of third-party suppliers of DAS LLC; and

        WHEREAS, on or about July 15, 2003, Toledo Professional Temps, Inc., f/k/a Flex-Tech Professional Services, Inc. ("Flex-Tech") sought chapter 7 relief in the United States Bankruptcy Court for the Northern District of Ohio (the "Ohio Bankruptcy Court"); and

        WHEREAS, on July 16, 2003, the chapter 7 trustee of Flex-Tech ("Trustee Parker") was duly appointed as chapter 7 Trustee with respect to Flex-Tech's bankruptcy filing; and

        WHEREAS, on April 8, 2004, DAS LLC filed an adversary proceeding entitled <u>Delphi Automotive Systems, LLC v. Ericka S. Parker</u>, Adv. Pro. No. 04-03114 in the Ohio Bankruptcy Court (the "Flex-Tech Litigation"), in which it is seeking a declaratory judgment to receive a judicial determination of various issues under the Settlement Agreement, including, but

not limited to, a determination that payments due from DAS LLC to third parties under the Settlement Agreement are not property of the Flex-Tech bankruptcy estate; and

WHEREAS, on June 14, 2004, Trustee Parker filed her an Answer, Counterclaim, and Third-Party Complaint; and

WHEREAS, on April 21, 2005, DAS LLC filed an Amended Complaint, which included an interpleader count, thereby joining three third-party suppliers of DAS LLC, Northwest Controls, Inc., REM Electrics Supply Company, Inc., and Comptrol, Inc. ("Comptrol") as parties in the Flex-Tech Litigation; and

WHEREAS, on May 2, 2005, Trustee Parker filed her Amended Answer, Counterclaim, and Third-Party Complaint in the Flex-Tech Litigation (the "Amended Answer and Counterclaim"); and

WHEREAS, on November 4, 2005, DAS LLC filed a motion for summary judgment in the Flex-Tech Litigation, which has been fully briefed by all relevant parties; and

WHEREAS, on October 8, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended; and

WHEREAS, on May 9, 2006 Trustee Parker filed a motion seeking relief from automatic stay (Docket No. 3705); and

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

2

1. The automatic stay of 11 U.S.C. § 362 shall be and hereby is modified for the sole and limited purpose of allowing Trustee Parker to liquidate her alleged claim against the Debtors by continuing the Amended Answer and Counterclaim in the Flex-Tech Litigation, including, but not limited to, filing a motion for summary judgment thereon.  Trustee Parker, however, shall not further amend the Amended Answer and Counterclaim without further leave of this Bankruptcy Court.

2. Except as provided in paragraph 1 of this order, the automatic stay shall remain in full force and effect for any other purpose.

3. In the event that the Ohio Bankruptcy Court finds DAS LLC liable to Flex-Tech and/or Comptrol under the Settlement Agreement, Trustee Parker shall return to this Bankruptcy Court for any further relief from the automatic stay, including but not limited to Trustee Parker's attempt to enforce any judgment in the Flex-Tech Litigation against the Debtors and/or to seek a determination that sums due under the Settlement Agreement are not property of the bankruptcy estate of DAS LLC.

4. The automatic stay shall not be modified at this time to allow the Ohio Bankruptcy Court, or any other court, to determine (i) whether the funds allegedly owed by DAS LLC under the Settlement Agreement are assets of the Debtors' estates or (ii) the priority of any claim related to the Flex-Tech Litigation.

5. Trustee Parker's rights to seek further relief from the automatic stay are preserved in full, and the Debtors reserve all rights to object to any further relief requested by Trustee Parker.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

       7.      Notwithstanding the requirements under Bankruptcy Rule 4001(a)(3), good cause exists to have this order become effective immediately upon entry.

So Ordered in New York, New York, this 14th day of August, 2006

                                    /s/Robert D. Drain_____
                                    Honorable Robert D. Drain
                                    United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Kayalyn A. Marafioti
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
   John Wm. Butler, Jr.
   John K. Lyons
   Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

      - and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
and Debtors and Debtors-in-Possession


/s/ Patricia B. Fugée
Patricia B. Fugée
ROETZEL & ANDRESS
One SeaGate, Suite 900
Toledo, OH 43604
(419) 242-7985

Attorneys for Ericka S. Parker, Chapter 7 Trustee