TISDALE & ASSOCIATES LLC
Douglas M. Tisdale, Esq.
Steven A. Klenda, Esq.
1600 Broadway, Suite 2600
Denver, CO  80202-4989
(303) 832-1800

Counsel for NuTech Plastics Engineering, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, <u>et. al.</u>, | Case No. 05-44481 (RDD) |
| Debtor. | (Jointly Administered) |

**Notice of Presentment of Interim Order on NuTech's Relief-from-Stay Motion,
and Supplemental Affidavit of Jay Schwartz
<u>in Support of NuTech's Relief-from-Stay Motion</u>**

PLEASE TAKE NOTICE that, on August 17, 2006, at 10:00 a.m. or thereafter,

counsel for NuTech Plastics Engineering, Inc. ("**NuTech**") will present the attached

proposed Interim Order to the Hon. Robert D. Drain, United States Bankruptcy Judge, for

signature.  Debtor has informed NuTech that it objects to the proposed Interim Order and

will submit its own proposed form of Order to the Court.

To support the entry of the proposed Interim Order, NuTech states:

1.      On July 19, 2006, the Court held a preliminary hearing on NuTech's relief-

from-stay motion (Doc. 4436, the "**Motion**"), the objection (Doc. 4559) by Delphi

Automotive Systems USA, L.L.C. ("**Debtor**"), and NuTech's reply to Debtor's objection

(Doc. 4582).  NuTech moved to lift the automatic stay to allow NuTech to liquidate its pre-

petition breach-of-contract claim and related claims against Debtor.  When Debtor filed its

chapter 11 petition, these claims were on the eve of trial in Genesee County, Michigan.

       2.     At the conclusion of the preliminary hearing, the Court asked the parties to 'at

least consider' an order that would allow NuTech to pursue its claims against GM in

Michigan, and allow this Court to resolve NuTech's claims against Debtor:

> Counsel I'd like the parties to work together on – at least considering an order that
> would make it clear to trial court that you really have to make one trial and that would
> be as between the plaintiff and GM.  And the claim that the plaintiff has against
> Delphi would be dealt with in the bankruptcy case and if the Court still has a problem
> with that, and I don't think it would, I'll certainly retain this again.

Doc. 4800, Tr. of Preliminary Hr'g, July 19, 2006, p. 12, ll. 6-13.  The Court then continued

this matter to the August 17th omnibus hearing:

> MR. BUTLER: So should we set this -- continue this to the next omnibus hearing,
> Your Honor?
>
> THE COURT: Yes.

*Id.* at 13, ll. 1-3.

       3.     The Court did not deny the Motion, did not make any findings with respect to

the Motion, and did not order the automatic stay to be continued.

       4.     NuTech carefully considered the Court's comments and explored them with

Debtor's counsel.  The parties have been unable to reach agreement on a proposed order, in

part because of the parties' differing interpretations of the Court's instructions.  Debtor

believes that the Court denied the Motion and only continued the preliminary hearing to

consider the need to depose Mr. Mailey.   On the other hand, given the absence of an

express denial or any <u>Sonnax</u> findings by the Court, and the Court's permissive 'at least

consider' language, NuTech believes that the Court continued the preliminary hearing in

order to allow the parties to consider cooperatively resolving the Motion.

5.        Moreover, the "facts on the ground" with respect to a trial against GM have

now been clarified.  Debtor suggested that trial could not occur by the September trial date

that was then available, because GM needed to obtain new counsel.  Resp., 12, ¶ 21.  But

Debtor's trial counsel in the NuTech Case, Tom Lippert, has confirmed that:  (a) he also

represents GM in NuTech's case and he will continue as GM's trial counsel in defending

GM against NuTech's claims; (b) Debtor is required to defend NuTech in GM's case; and

(c) after reading Debtor's Response, he informed Debtor's bankruptcy counsel of these

details.  Supplemental Schwartz Aff., ¶ 4.  Mr. Lippert has represented both GM and Delphi

in NuTech's case since December 2002, when he voluntarily substituted for GM's counsel.

*Id.* at ¶ 3 and  Ex. 1.

6.        Based upon discussions with Debtor's bankruptcy counsel and Debtor's

Office of General Counsel, NuTech reasonably believes that some limited additional time

will allow Debtor and NuTech to finalize a mutually acceptable form of order to the Court,

implementing the Court's July 19th counsel.

7.        The timely, efficient and cost-effective resolution of this matter will be aided

by the Court's setting of a reasonable deadline for the parties to complete the drafting of

such an order.

8.        For the sake of the record, NuTech expressly preserves any procedural or

substantive argument relative to its Motion and the results of the hearing thereon, and

3

nothing in this presentment or the form of order attached operates to waive any such

argument.

WHEREFORE, NuTech respectfully presents to this Court the Interim Order in the

form attached hereto.

Dated at Denver, Colorado this 16th day of August 2006.

Respectfully submitted,

TISDALE & ASSOCIATES LLC


_____ s/ Steven A. Klenda _____
Douglas M. Tisdale, Esq.
Steven A. Klenda, Esq.

Attorneys for Movant,
NuTech Plastics Engineering, Inc.

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re DELPHI AUTOMOTIVE SYSTEMS USA, L.L.C.<br><br>       Debtor. | Chapter 11<br>Case No. 05-44640 (RDD)<br><br>(Jointly Administered as<br>Case No. 05-44481) |

**Supplemental Aff. of Jay Schwartz in Support of
NuTech Plastics Engineering, Inc.'s
Motion for Relief from the Automatic Stay (Doc. No. 4436)**

I, Jay Schwartz, based on my own personal knowledge, declare that:

1.      I am an attorney who is licensed to practice law in Michigan.  I graduated from Wayne State University Law School and was admitted to the Michigan Bar in 1991.  I have practiced law full time in Michigan since then.

2.      I represent NuTech Plastics Engineering, Inc. ("**NuTech**") in Case No. 02-075335, Delphi Automotive Systems USA, L.L.C. and General Motors Corporation, which is pending in the Circuit Court for Genessee County, Michigan ("**NuTech's Case**").  I have represented NuTech in NuTech's Case since its inception.  As a result, I am personally familiar with the substance of NuTech's claims in NuTech's case, the procedural background of and developments in NuTech's Case, and how NuTech's Case was and is affected by the chapter 11 bankruptcy petition that Delphi Automotive Systems USA, L.L.C. ("**Debtor**") filed on October 8, 2005.

3.      In Nutech's case, GM was represented by separate counsel until December 11, 2003, when the Michigan state court approved a Stipulation and Order that substituted Mr.

Lippert for GM's exiting counsel. A true and correct copy of this Stipulation and Order is attached as Exhibit 1.

4.      I have known Mr. Lippert for 4 years. I have a cordial and professional relationship with him. From working with him over the years, I would characterize him as a "straight shooter." On August 14, 2006, I spoke with Mr. Lippert by telephone. During our conversation, Mr. Lippert stated that: (a) he represents GM in NuTech's case; (b) he will be defending GM as its trial counsel in NuTech's case against GM; (c) Debtor is contractually required to defend GM against NuTech's claims; and (d) after reading the transcript from the last bankruptcy hearing, he clarified for Debtor's bankruptcy counsel that he will be representing GM as trial counsel in NuTech's case against GM. Mr. Lippert also stated that he has been in direct contact with Delphi's Assistant General Counsel, Joseph E. Papelian, regarding these facts and issues.

5.      As a result of my 15 years of practicing law in Michigan, I am personally familiar with the procedures that the Genessee County Circuit Court (the court in which NuTech's Case is pending), and Michigan trial courts in general, use to assign trial dates for cases and how the time that a civil case has been pending affects the priority it receives for being scheduled for trial and for actually being tried. The Michigan Supreme Court requires each trial court judge to report to them on a quarterly basis all civil cases that are more than 2 years old and the reasons why they remain pending. In practice, these reporting requirements cause trial courts to prioritize the trial of those cases that have been pending the longest.

6.    Because the automatic stay was not lifted at the July omnibus hearing, I

believe that, even with the priority that the Genesee county Circuit Court will give to

NuTech's case, the Court's docket will prevent NuTech from obtaining a trial date before

January 2007.

Sworn and affirmed me this 16th day of August 2006.

_____

Jay Schwartz, Esq.


STATE OF MICHIGAN            )
                             ) ss.
COUNTY OF *Oakland*          )

    SUBSCRIBED AND SWORN to before me this ___*16*___ day of *August*,
2006 by ___*Jay Schwartz*___

    My Commission expires: ___*4 - 7 - 12*___


_____

Notary Public

Notary Public, State of Michigan
County of Wayne
My Commission Expires Apr. 7, 2012
Acting in the County of *Oakland*

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE


NU-TECH PLASTICS ENGINEERING, INC.,

       Plaintiff,

VS.                                                          Case No. 02-075335-CK

GENERAL MOTORS CORPORATION,                                  Hon. Robert M. Ransom
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, L.L.C., a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, L.L.C.

       Defendants.


A TRUE COPY
Michael J. Carr, Clerk

---

JAY A. SCHWARTZ (P45268)
DEBORAH E. FORDREE (P49054)
SCHWARTZ LAW FIRM, P.C.
Attorneys for Plaintiff
37887 W. 12 Mile Road, Suite A
Farmington Hills, MI 48331
(248) 553-9400

VICTOR TORRES  (P43240)
WILLIAMS ACOSTA PLLC
Attorneys for General Motors
660 Woodward Avenue
Suite 2430
Detroit, MI 48226
(313) 963-3873

A. T. LIPPERT, JR. (P16714)
LIPPERT, HUMPHREYS, CAMPBELL,
DUST & HUMPHREYS, P.C.
Attorneys for Defendant Delphi
4800 Fashion Square Boulevard
Plaza North, Suite 410
Saginaw, MI 48604-2604
(989) 792-2552

JOSEPH E. PAPELIAN (P26582)
Attorney for Defendant Delphi
Delphi Automotive Systems
M/C:  483-400-603
5725 Delphi Drive
Troy, MI 48098-2815
(248) 813-2535

---

## STIPULATION AND ORDER FOR SUBSTITUTION OF COUNSEL

The defendants General Motors Corporation and Delphi by their respective

counsel agree, pursuant to MCR 2.117(C)(2), that the law firm of Lippert, Humphreys,

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

12/11

Campbell, Dust & Humphreys, may be substituted as counsel for defendant General

Motors Corporation and the appearance of WILLIAMS ACOSTA PLLC may be withdrawn.

Dated: ~~November~~ *December* 2, 2003

WILLIAMS ACOSTA PLLC
Attorneys for Defendant, G.M.

By: _____
    VICTOR TORRES (P43240)
    660 Woodward Avenue
    Suite 2430
    Detroit, MI 48226
    (313) 963-3873

Dated: ~~November~~ *December* 8, 2003.

LIPPERT, HUMPHREYS, CAMPBELL,
DUST & HUMPHREYS, P.C.
Attorneys for Defendants, Delphi

By: _____
    A. T. LIPPERT, JR. (P16714)
    4800 Fashion Square Blvd.
    Plaza North, Suite 410
    Saginaw, MI  48604-2604
    (989) 792-2552

## ORDER

IT IS SO ORDERED.

ROBERT M. RANSOM
P-19226
_____
HONORABLE ROBERT M. RANSOM
Dated: ___12/11/03___

Prepared By:
A.T. LIPPERT, JR. (P16714)
Lippert, Humphreys, Campbell,
Dust & Humphreys, P.C.
4800 Fashion Square Blvd., Ste. 410
Saginaw, MI 48604-2604
(989) 792-2552

2

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, <u>et. al.</u>, | Case No. 05-44481 (RDD) |
| Debtor. | (Jointly Administered) |

**Interim Order Continuing Hearing on NuTech's Stay-Relief Motion**

("INTERIM NUTECH STAY RELIEF ORDER")

This matter is before the Court on the Motion dated July 3, 2006, of NuTech Plastics

Engineering, Inc. ("**NuTech**") for relief from the automatic stay (the "**Motion**") (Docket

No. 4436); and upon the Debtors' objection to the Motion, dated July 14, 2006 (Docket No.

4559); and upon NuTech's reply to such objection (Docket No.4582); and upon the record

of the hearing held on the Motion; and after due deliberation thereon, the Court, being

sufficiently advised in the premises, finds that this matter is ripe for interim disposition.  It is

therefore ORDERED, ADJUDGED, AND DECREED THAT:

1.      Nothing in the automatic stay under 11 U.S.C. § 362, which arose upon

the filing of the Debtors' bankruptcy petitions, prevents NuTech from proceeding with its

action as against General Motors Corporation in the Genesee County, Michigan, Circuit

Court Case No. 02-075335.

2.      The final hearing on the Motion is set for the September 2006

Omnibus hearing.

3.      The parties shall work together promptly and in good faith to submit to

the Court, within fourteen days of the date of this Order, a stipulated order that will allow

05-44481-rdd   Doc 4939   Filed 08/16/06   Entered 08/16/06 16:45:25   Main Document
                              Pg 11 of 11

the parties to liquidate NuTech's claim against Delphi with finality through a form of

alternative dispute resolution to be agreed upon between the parties.

4.       If the parties are unable to agree upon a proposed order by September

4, 2006, the Court will: (a) hold a final hearing on the Motion at the September Omnibus

Hearing; and (b) promptly upon submission of a stipulated order from the parties, lift the

automatic stay so that the parties can preserve the testimony of John Mailey.

5.       Nothing in this Interim Order or any action or inaction by NuTech or

Debtors prior to the entry of this Interim Order shall be deemed to be a waiver of any

procedural or substantive right, argument or position that arguably existed or that NuTech

or Debtor could have raised before the entry of this Interim Order.

6.       This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Interim Order.

Dated:    New York, New York
          August ____, 2006.


                                        _____
                                        Hon. Robert D. Drain
                                        United States Bankruptcy Judge