Paul J. N. Roy, Esq.
Craig E. Reimer, Esq.
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel. 312.782.0600
Fax  312.701.7711
(Special Information Technology  Outsourcing
Counsel to Debtors and Debtors-in-Possession)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No.   05-44481 (RDD) |
| DELPHI  CORPORATION, INC., et al., | : (Jointly Administered) |
| Debtors. | : |

------------------------------------------------------------x

**FIRST SUPPLEMENTAL DECLARATION AND STATEMENT OF
PAUL J. N. ROY UNDER FED. R. BANKR. P. 2014 AND 2016**

PAUL J. N. ROY, being duly sworn, deposes and says:

1. I am a member of the firm of Mayer, Brown, Rowe & Maw LLP ("Mayer Brown") which maintains an office for the practice of law at 71 South Wacker Drive, Chicago, Illinois 60606-4637. On April 21, 2006, I executed a declaration (the "Declaration") pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Application for Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of Mayer, Brown, Rowe & Maw LLP as Special Information Technology Outsourcing Counsel to Debtors Nunc Pro Tunc to February 1, 2006. Pursuant to an order entered May 12, 2006 (the "Retention Order"), this Court authorized the retention of Mayer Brown to serve as the  Debtors' Special Information Technology Outsourcing Counsel. Since February 1, 2006, Mayer Brown has represented, and continues to represent, the Debtors as their Special Information Technology Outsourcing Counsel.

2. Prior to the execution of the Declaration, Mayer Brown performed extensive relationship and disclosure research with respect to the Debtors' affiliates, directors and officers, joint owners of the Debtors' affiliates, fifty largest unsecured creditors (on a consolidated basis as of September 2005 as determined by the Debtors), counterparties to major contracts, major lenders, shareholders owning more than 5% of outstanding shares, professionals, utility companies, counterparties to major leases, insurance providers, major vendors, major customers, non-Debtor parties to collective bargaining agreements with the Debtors, indenture trustees, underwriters of securities, major litigation parties, state and governmental agencies, and Judges and United States Trustees for the United States Bankruptcy Court for the Southern District of New York. The disclosures in the Declaration were based on that inquiry.

3. Since its retention, Mayer Brown has conducted additional queries of its client databases regarding possible relationships with, or connections to, the parties that filed formal notices of appearance in these cases (the "Rule 2002 Entities"), the parties on the master service list (the "Master Service List Parties"), and certain other parties who have been actively involved in these cases or otherwise identified to Mayer Brown.

4. Mayer Brown is filing this supplemental declaration (the "Supplemental Declaration") to supplement the disclosures in the Declaration and to provide additional disclosures regarding the results of its continued client database research of the parties that have appeared in these cases and other additional due diligence. Mayer Brown will continue to conduct further due diligence and research of its client databases and will file additional supplemental declarations regarding its retention, including periodic supplemental declarations, to the extent necessary.

5.  Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto. Certain of the disclosures herein, however, relate to matters within the knowledge of other attorneys at Mayer Brown and are based on information provided by them.

6.  Except as otherwise set forth in the Declaration and in this Supplemental Declaration, to the extent known by me after reasonable inquiry, Mayer Brown, through its partners, counsel, and associates, (a) does not have any connections with the Debtors or their affiliates, their creditors, the United States Trustee for the Southern District of New York (the "U.S. Trustee") or any person employed in the office of the U.S. Trustee, or any other party-in-interest, or their respective attorneys and accountants, (b) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and (c) does not hold or represent any interest adverse to the Debtors' estates.

7.  Except as otherwise set forth in the Declaration and in this Supplemental Declaration, to the extent known by me after reasonable inquiry, Mayer Brown does not represent and has not represented any entity, other than the Debtors, in matters related to these bankruptcy cases. To the extent known by me after reasonable inquiry, the identity of any adverse or potentially adverse parties-in-interest were disclosed in the Declaration or are disclosed in this Supplemental Declaration. Mayer Brown's representation of any such entities has not and will not affect its representation of the Debtors in these cases as Special Information Technology Outsourcing Counsel.

**Supplemental Due Diligence And Disclosures**

8.     Subsequent to entry of the Retention Order, the Debtors provided Mayer Brown with a list, current through July 12, 2006, of names of additional potential parties-in-interest in these cases.  Based on this new information, Mayer Brown performed additional searches of its client databases for the Rule 2002 Entities known to the Debtors as of July 12, 2006, the Master Service List Parties known to the Debtors as of July 12, 2006, retained professionals, and certain other potential parties-in-interest. Based on such subsequent client database queries, Mayer Brown has determined that it represents or has represented (in addition to those entities previously disclosed in the Declaration) certain creditors or other potential parties-in-interest (or in some cases their affiliates as indicated) on matters unrelated to the Debtors or these cases as follows:

9.     <u>Fifty Largest Unsecured Creditors</u>: Corning Inc.

10.     <u>Professionals</u>: Blake Cassels & Graydon LLP; Cadwalader Wickersahm & Taft LLP;  Davis Polk & Wardwell; Jefferies & Company, Inc ; Jones Lang Lasalle Americas Inc., Lazard Freres & Co.; Mesirow Financial Consulting LLC; Milliman Inc.; and Price Heneveld Cooper DeWitt & Litton LLP.

11.     <u>Governmental Agencies</u>:  Harris County/City of Houston.

12.     <u>Major Vendors</u>:  Aramark Services, Inc.; and  Compuware Corporation.

13.     <u>Rule 2002 Entities, Entities Actively Involved in these Cases, and Master Service List</u>: Parties: A/C Holdings Investments; Buck Consultants LLC; Iron Mountain Information Management, Inc.; Interpublic Group of Companies, Inc.; Lampe Conway & Co., Inc.; Marathon Asset Management LLC; Milliken Company; Pardus Capital

Management LP; SBC Capital Services; Sun MicroSystems, Inc.; and ThyssenKrupp Budd Systems LLC;

### Further Due Diligence

14. Mayer Brown intends to conduct further database queries and file supplemental declarations, to the extent necessary and as warranted, periodically, over the duration of its retention and participation in these chapter 11 cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 17, 2006, at Chicago, Illinois

/s/ Paul J. N. Roy
    Paul J. N. Roy