UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                         :

In re                             :       Chapter 11
                                           :

DELPHI CORPORATION, et al.,       :       Case No. 05-44481 (RDD)
                                         :

                         Debtors.     :       (Jointly Administered)
                                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER APPROVING JOINT INTEREST AGREEMENT BETWEEN DEBTORS
AND OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
AND IMPLEMENTING PROTECTIVE ORDER WITH RESPECT THERETO

("EQUITY COMMITTEE JOINT INTEREST AGREEMENT ORDER")

        Upon the motion, dated July 28, 2006 (the "Motion"), of Delphi Corporation and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105, 107, and

1103 and Bankruptcy Rules 7026 and 9018, approving the Joint Interest Agreement, attached

hereto as Exhibit A, between the Debtors and the Official Committee of Equity Security Holders

(the "Equity Committee"), and preserving for the benefit of the Debtors' estates certain

protections and privileges from disclosure of information and documents produced pursuant to

the Joint Interest Agreement; and upon the record of the hearing held on the Motion; and this

Court having determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper

and adequate notice of the Motion has been given and that no other or further notice is necessary;

and after due deliberation thereon, and sufficient cause appearing therefor,

        IT IS HEREBY FOUND AND DETERMINED THAT:

A.      The Debtors and the Equity Committee are separate fiduciaries of these estates with distinct fiduciary duties that share a common interest with respect to the subject matter of the Information (as defined herein).  In addition this Court, as well as the Debtors and the Equity Committee, has an interest in ensuring that its orders are implemented appropriately. To carry out their respective fiduciary duties efficiently and effectively in general, the Debtors and the Equity Committee must be able to share confidential information within the subject matter of the Information free from the risk that any of them would be required later to divulge such information to third parties.

B.      Given the common interest of the Debtors and the Equity Committee with respect to the Information, the sharing of the confidential Information between the Debtors and the Equity Committee shall not prejudice any rights, remedies, or causes of action of the Debtors or the Equity Committee applicable with respect to any causes of action arising out of the Information.

C.      The Debtors' administration of their cases should not be prejudiced by the exchange of the Information.  Any Information provided by the Debtors to the Equity Committee should be used only as provided in the Joint Interest Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The Court hereby approves the Joint Interest Agreement, a copy of which is attached hereto as <u>Exhibit A</u>.  Any non-public information and documents provided by the Debtors to the Equity Committee (the "Information") related to certain potential claims and defenses to claims of GM held by the Debtors against GM (the "GM Claims"), whether written

or oral, including by virtue of participation by any Reviewing Party (as defined below) in the

review of the GM Claims, to the designees of the Equity Committee (which designees shall be

the outside professionals of the Equity Committee and, at the election of the Equity Committee,

either the chair of the Equity Committee or a subcommittee of the Equity Committee in a number

reasonably acceptable to the Debtors) (each a "Reviewing Party"), shall be deemed confidential

information subject to the provisions of the Joint Interest Agreement, and no attorney-client,

attorney work-product doctrine, or similar privilege shall be waived solely by reason of the

sharing of such Information under the terms of the Joint Interest Agreement.  Furthermore,

notwithstanding the Order Authorizing The Official Committee Of Unsecured Creditors To File

Under Seal Exhibits To the Committee's Motion For An Order Authorizing It To Prosecute

Claims And Defenses Against General Motors Corporation And Certain Former Officers Of the

Debtors, entered on July 27, 2006 (Docket No. 4691) (the "Sealing Order"), the Debtors are

hereby authorized, but not directed, to provide an unredacted copy of the Complaint (as such

term is defined in the Sealing Order) to the Equity Committee pursuant to the Joint Interest

Agreement and this Order.  The Debtors shall maintain a privilege log identifying privileged

documents provided to the Equity Committee pursuant to the Joint Interest Agreement and this

Order.  The Debtors' provision of Information pursuant to the Joint Interest Agreement shall not

confer upon any third party the right to obtain such Information, nor shall it limit the right of any

party, including the Equity Committee, to Information that is otherwise discoverable to the

extent so ordered by this Court or another court of competent jurisdiction in litigation authorized

by this Court.

       3.      The Joint Interest Agreement between the Debtors and the Equity

Committee shall apply only to the Information.

4.      Nothing in this Order shall be deemed to expand or narrow the scope of the common interest privilege.

5.      Nothing in this Order shall preclude the Debtors from expressly waiving any privilege or attorney work-product doctrine applicable with respect to any Information in the future.

6.      Nothing in this Order or the Joint Interest Agreement shall limit, modify, or otherwise diminish the Debtors' or the Equity Committee's rights and powers under applicable law, including the rights of the Equity Committee to seek Information from the Debtors that the Debtors do not voluntarily produce, provided that all defenses the Debtors may have to any such involuntary production are not diminished by this Order or the Joint Interest Agreement.

7.      Nothing in this Order or in the Joint Interest Agreement shall affect the separate representation of the parties by their respective counsel nor shall anything in this Order or the Joint Interest Agreement be deemed to create an attorney-client relationship between any attorney and anyone other than the client who hired that attorney.  The Debtors' provision of Information pursuant to the Joint Interest Agreement shall not be a basis for disqualification of any of the Equity Committee counsel.

8.      No additional discovery by the Equity Committee in respect of matters that are related to the GM Claims will be permitted unless (a) this Court has issued an appropriate order, after the Debtors and the Equity Committee have met and conferred on the subject matter of the discovery and a telephonic status conference has been held before this Court pursuant to section 105(d) of the Bankruptcy Code, (b) the Debtors and the Equity Committee have otherwise agreed, or (c) in connection with an adversary proceeding initiated by the Debtors or a contested hearing adjudicating a motion initiated by the Debtors, such discovery

4

is permissible under the Federal Rules of Civil Procedure or the Bankruptcy Rules, provided that

all rights and defenses with respect thereto are reserved.

      9.    This Court expressly retains exclusive jurisdiction to determine any

dispute regarding the interpretation or enforcement of this Order and the Joint Interest

Agreement.  On request of a party-in-interest, this Court may issue any order necessary or

appropriate to enforce or give effect to the provisions of this Order or the Joint Interest

Agreement, including, but not limited to, this retention of jurisdiction.

      10.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      August <u>17</u>, 2006

                        **/s/Robert D. Drain**
                        UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit A</u>

Joint Interest Agreement