<u>JOINT INTEREST AGREEMENT</u>

WHEREAS, on October 8, 2005 (the "Initial Filing Date"), Delphi Corporation ("Delphi") and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary petitions in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") also sought reorganization relief.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on March 30, 2006, the Bankruptcy Court entered an order (Docket No. 3024) pursuant to 11 U.S.C. § 1102(a)(2) directing the United States Trustee (the "U.S. Trustee") to appoint an equity committee in the Debtors' chapter 11 cases (the "Equity Committee Appointment Order").

WHEREAS, on April 28, 2006, the Office of the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

WHEREAS, pursuant to the Equity Committee Appointment Order, the Equity Committee is required to be informed of, and to relay to the Debtors and other parties-in-interest in these cases, the Equity Committee's views with respect to, among other things, General Motors Corporation ("GM"), including any agreements

that the Debtors may reach with GM (but without the Equity Committee injecting itself into negotiations between the Debtors and GM).

WHEREAS, prior to the Initial Filing Date, certain events occurred which may result in claims and defenses to claims of GM held by the Debtors against GM (the "GM Claims").

WHEREAS, the Debtors and the Equity Committee have determined that it is in the best interests of the Debtors' estates that they share material confidential and privileged information with the Equity Committee and consult with the Equity Committee regarding the GM Claims.  The Debtors and the Equity Committee further believe that it is in the best interests of the Debtors' estates for the Debtors to provide such confidential, non-public information and documents related to the GM Claims, whether written or oral, including by virtue of participation by any Reviewing Party (as defined below) in the review of the GM Claims (the "Information") to the designees of the Equity Committee (which designees shall be the outside professionals of the Equity Committee and, at the election of the Equity Committee, either the chair of the Equity Committee or a subcommittee of the Equity Committee in a number reasonably acceptable to the Debtors), to keep them appropriately informed and in a position to fulfill one of the principal purposes contemplated by the Bankruptcy Court when the Bankruptcy Court directed that the

2

Equity Committee be formed, without losing any privilege or protection attaching to any produced information through the disclosure thereof.

WHEREAS, the Debtors and the Equity Committee believe that they share common interests in this regard, and intend through this Agreement that any and all sharing of Information pursuant to this Agreement be protected pursuant to the "common interest" or "joint defense" doctrine, to the fullest extent such protection is available under applicable case law, subject to the provisions of this Agreement.

WHEREAS, the Debtors and the Equity Committees wish to memorialize, and to set forth the terms and conditions of, their understanding with respect to the foregoing.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between the Debtors and the Equity Committee, that:

1.    The Debtors may voluntarily share Information with the members and professionals of the Equity Committee identified on Appendix A to this Agreement (collectively, the "Reviewing Parties").  The Reviewing Parties shall treat all Information obtained from the Debtors in accordance with this Agreement.  No other additional persons, firms, or entities shall be added to the Reviewing Parties list, unless prior email notice is provided to counsel for the Debtors and the Debtors consent in writing to such additions.  The Reviewing Parties may share and discuss Information with each other.  The designated professional firms identified on

3

Appendix A may disclose Information as necessary in the ordinary course of their work to legal assistants, secretaries, or other non-professional staff, but shall disclose Information only to individuals who have a need to know the Information for purposes of reviewing the GM Claims.

2. The Debtors may voluntarily make available for inspection and copying by the Reviewing Parties certain Information, including deposition transcripts, internal memoranda, and other documents and information. Upon the Debtors' request (the consent to which a Reviewing Party shall not unreasonably withhold), at the close of the chapter 11 cases or such other time as may be reasonable the Reviewing Parties shall return all originals and copies of any and all Information produced pursuant to this Agreement, and shall certify their compliance with this paragraph to the Debtors in writing, provided that the professionals retained by the Equity Committee may retain (but must use for no other purpose other than as set forth in paragraph 3) their own work product.

3. All Information received by the Reviewing Parties in connection with the GM Claims shall be held in strict confidence and used solely for purposes of reviewing the GM Claims and any litigation subsequently authorized by the Bankruptcy Court. The Reviewing Parties shall not disclose Information received in connection with the GM Claims except to one another.

4. In the event that a Reviewing Party is legally required by the Bankruptcy Court, any other court of competent jurisdiction, or by a federal, state, or local governmental or regulatory body, to disclose any of the Information, such Reviewing Party shall, to the extent lawful, provide the Debtors with prompt written notice of any such requirement to the Debtors no less than ten business days prior to such required disclosure (provided that if a Reviewing Party is required to make a disclosure in less than ten business days, such Reviewing Party shall provide notice to the Debtors as soon as reasonably practicable, but not later than one calendar day after the Reviewing Party is informed of the need to make such required disclosure) so that the Debtors may seek a protective order or other appropriate remedy and/or waive compliance with this Agreement. The Reviewing Party shall provide service of such notice by facsimile and Federal Express to: (a) Delphi Corporation, Att'n: David Sherbin, 5725 Delphi Drive, Troy, Michigan 48098 (facsimile (248) 813-2491); (b) Delphi Corporation, Att'n: Joseph Papelian, 5725 Delphi Drive, Troy, Michigan 48098 (facsimile (248) 813-3251); and (c) Skadden, Arps, Slate, Meagher & Flom LLP, Att'n: John Wm. Butler, Jr., 333 W. Wacker Drive, Chicago, Illinois 60606 (facsimile (312) 407-0411). If, in the absence of a protective order or other remedy or the receipt of a waiver from the Debtors, such Reviewing Party is nonetheless required to disclose any of the Information, such Reviewing Party may, without liability hereunder, disclose only that portion of the Information which such

Reviewing Party is advised by counsel it is legally required to disclose, <u>provided</u> that such Reviewing Party shall use its reasonable best efforts to preserve the privileges and confidentiality of the Information by reasonably cooperating with the Debtors to obtain an appropriate protective order or other reliable assurance that the privileges and other confidential treatment shall be accorded the Information.

5.     The parties agree that all Information provided to the Reviewing Parties prior to the execution of this Agreement was provided in furtherance of the parties' common interests and the prior provision of Information by the Debtors, and its receipt by the Reviewing Parties, is subject to this Agreement.

6.     The Reviewing Parties shall not assert that the Debtors' production of Information pursuant to this Agreement constitutes a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

7.     No additional discovery by the Equity Committee in respect of matters that are related to the GM Claims shall be permitted unless (a) the Bankruptcy Court has issued an appropriate order, after the Debtors and Equity Committee have met and conferred on the subject matter of the discovery and a telephonic status conference has been held before the Bankruptcy Court pursuant to section 105(d) of the Bankruptcy Code, (b) the Debtors and the Equity Committee have otherwise agreed, or (c) in connection with an adversary proceeding initiated by

the Debtors or a contested hearing adjudicating a motion initiated by the Debtors, such discovery is permissible under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure, <u>provided</u> that all rights and defenses with respect thereto are reserved.

8.   It is the express intent of the parties to this Agreement, and of the Bankruptcy Court, if it approves this Agreement, that this Agreement and the production of Information pursuant thereto shall not confer upon any third party the right to obtain such Information, nor shall it limit the right of any party, including any Reviewing Party, to Information that is otherwise discoverable to the extent so ordered by the Bankruptcy Court or any other court of competent jurisdiction in litigation authorized by the Bankruptcy Court.

9.   Nothing herein shall, or is intended in any way to limit, modify, or otherwise diminish the Debtors' or the Equity Committee's rights and powers under applicable law, including under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, or the rights of the Equity Committee to seek Information from the Debtors that the Debtors do not voluntarily produce, <u>provided</u> that all defenses that Debtors may have to any such involuntary production are preserved.

10.   Nothing herein shall be or is intended to constitute an admission by any person or entity of any wrongdoing or liability or of the existence of any claims

or causes of action in connection with the subject matter of the GM Claims or otherwise.

11.    This Agreement shall be binding upon the parties' respective successors and assigns.

12.    This Agreement shall be submitted for approval by the Bankruptcy Court, but if not approved, shall remain in full force and effect as an agreement among the parties.

13.    This Agreement may be executed in several counterparts, all of which constitute the same agreement.

14.    Nothing herein shall affect the separate and independent representation of the parties by their respective counsel nor shall anything herein be deemed to create an attorney-client relationship between any attorney and anyone other than the client who hired that attorney.  The sharing of Information pursuant to this Agreement shall not be a basis for disqualification of any Reviewing Party's counsel.

15. This Agreement constitutes the full agreement among the parties regarding the production and sharing of Information. Modifications of this Agreement must be in writing and signed by counsel to all parties hereto.

Dated: _____, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP | FRIED, FRANK, HARRIS, SHRIVER<br>  & JACOBSON LLP |
| By: _____<br>    John Wm. Butler, Jr. (JB 4711)<br>    John K. Lyons (JL 4951)<br>    Ron E. Meisler (RM 3026)<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606<br>(312) 407-0700 | By: _____<br>    Vivek Melwani<br>    Bonnie Steingart<br>1 New York Plaza<br>New York, New York 10004-1980<br>(212) 859-8000 |
|         - and - | Attorneys for the Official Committee of Equity Security Holders |
| By: _____<br>    Kayalyn A. Marafioti (KM 9632)<br>    Thomas J. Matz (TM 5986)<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000 | |
| Attorneys for Delphi Corporation, et al.,<br>  Debtors and Debtors-in-Possession | |

9

# APPENDIX A

## LIST OF REVIEWING PARTIES FOR
## THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

### DESIGNATED COMMITTEE MEMBERS
[list individuals and firm affiliations]

To be determined

### DESIGNATED PROFESSIONALS
[list firms]

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP