UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006
AUTHORIZING (I) REJECTION OF CERTAIN EXECUTORY
CONTRACTS OF MOBILEARIA, INC. AND
(II) ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS OF MOBILEARIA, INC.

("MOBILEARIA CONTRACTS ORDER")

Upon the motion, dated July 28, 2006 (as modified, the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order (the "Order") under 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 authorizing

MobileAria, Inc. ("MobileAria") to (i) reject the executory contracts listed on Exhibit A

hereto (collectively, the "Remaining Agreements") effective as of August 17, 2006 and (ii)

(a) assume that certain (i) Agreement For Software Development, dated April 20, 2005,

between DPAC Technologies Corp. ("DPAC") and MobileAria (the "DPAC Agreement"),

(ii) that certain Computer Consulting And Programming Services (On-Shore/Off-Shore)

Master Agreement between MobileAria and Mascon IT Limited ("Mascon") dated

September 10, 2004 (the "Mascon Agreement") and (iii) that certain Consulting

Agreement between North American Mobile Solutions, LLC ("NAMS") and MobileAria

dated effective September 1, 2005 (the "NAMS Agreement" and, collectively with the

DPAC Agreement and the Mascon Agreement, the "Assigned Agreements") and (b)

assign the Assigned Agreements to Wireless Matrix USA, Inc. ("Wireless Matrix"); and

upon the record of the hearing held on the Motion; and after due deliberation thereon, and

sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.    The Debtors have exercised reasonable business judgment in

seeking authorization to reject the Remaining Agreements.

B.    The Debtors have exercised reasonable business judgment in

seeking authorization to assume the Assigned Agreements and to assign the Assigned

Agreements to Wireless Matrix.

C.    MobileAria has (i) cured, or has provided adequate assurance of

cure, of any monetary or non-monetary default existing prior to the date of this Order

under the DPAC Agreement, within the meaning of 11 U.S.C. § 365(b)(1)(A), by the

payment of the sum of $25,000.00 to DPAC, and (ii) provided compensation or adequate

assurance of compensation to any party for any actual pecuniary loss to such party

resulting from a default prior to the date hereof under the DPAC Agreement, within the

meaning of 11 U.S.C. § 365(b)(1)(B) ("DPAC Cure").

D.    MobileAria has (i) cured, or has provided adequate assurance of

cure, of any monetary or non-monetary default existing prior to the date of this Order

under the Mascon Agreement, within the meaning of 11 U.S.C. § 365(b)(1)(A), by the

payment of the sum of $22,922.54 to Mascon, and (ii) provided compensation or

adequate assurance of compensation to any party for any actual pecuniary loss to such

party resulting from a default prior to the date hereof under the Mascon Agreement,

within the meaning of 11 U.S.C. § 365(b)(1)(B) ("Mascon Cure").

E.    MobileAria has (i) cured, or has provided adequate assurance of

cure, of any monetary or non-monetary default existing prior to the date of this Order

under the NAMS Agreement, within the meaning of 11 U.S.C. § 365(b)(1)(A), by the

payment of the sum of $4,480.00 to NAMS, and (ii) provided compensation or adequate

assurance of compensation to any party for any actual pecuniary loss to such party

resulting from a default prior to the date hereof under the NAMS Agreement, within the

meaning of 11 U.S.C. § 365(b)(1)(B) ("NAMS Cure" and, collectively with DPAC Cure

and Mascon Cure, "Cure").

F.    Wireless Matrix has provided adequate assurance of its future

performance of and under the Assigned Agreements, within the meaning of 11 U.S.C. §§

365(b)(1)(C) and 365(f)(2)(B).

G.    The Assigned Agreements shall be assigned and transferred to and

remain in full force and effect for the benefit of Wireless Matrix notwithstanding any

provision in the Assigned Agreements or other restrictions prohibiting its assignment or

transfer, pursuant to 11 U.S.C. § 365(f).

H.    The relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties in interest.

I.      The notice given by the Debtors of the Motion and the hearing

thereon constitutes due and sufficient notice thereof.

J.      Good and sufficient cause has been shown for the entry of this

Order.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      Effective as of August 17, 2006, each of the Remaining

Agreements shall be rejected by MobileAria pursuant to section 365(a) of the Bankruptcy

Code.

3.      Any person (as defined in section 101(41) of the Bankruptcy Code)

or governmental unit asserting any claim arising from the rejection of any of the

Remaining Agreements shall be required to file a proof of claim on account of such claim

against MobileAria, or any of the other Debtors against which such person or

governmental unit asserts such claim, on or before 30 days after the Debtors mail a notice

to such person or governmental unit containing this decretal paragraph and informing

them of the address to which they must sent their proof of claims hereunder September

18, 2006.  Any such proofs of claim must be filed on or before such date so as to be

actually received in accordance with the provisions of the Order Under 11 U.S.C. §§

107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And

5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And

Manner Of Notice Thereof dated April 12, 2006 (Docket No. 3206), or such claim shall

be barred from receiving a distribution in these cases and shall not otherwise confer any

rights in these cases, such as the right to vote such claim.

4

4.      Effective as of the date hereof, the Assigned Agreements shall be assumed by MobileAria and assigned by MobileAria to Wireless Matrix pursuant to section 365 of the Bankruptcy Code, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f) with respect thereto are hereby deemed satisfied.

5.      The Assigned Agreements shall be transferred to, and remain in full force and effect for the benefit of, Wireless Matrix in accordance with their terms, notwithstanding any provision in such Assigned Agreements (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), MobileAria shall be relieved from any further liability with respect to the Assigned Agreements after such assignment to and assumption by Wireless Matrix, except for the cure of any defaults required to be cured by MobileAria pursuant to 11 U.S.C. § 365(b) as expressly provided herein.

6.      All monetary or non-monetary defaults or other obligations of MobileAria under the Assigned Agreements arising or accruing prior to the date hereof (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by MobileAria as soon thereafter as practicable by the payment of Cure, and Wireless Matrix shall have no liability or obligation with respect to any liens, claims, interests, and encumbrances of any type whatsoever arising from the Assigned Agreements that arose or accrued prior to the date hereof (including, without limitation, Cure), except as otherwise expressly provided in that certain Amended and Restated Asset Sale and Purchase Agreement dated as of July 20, 2006 by and between Wireless Matrix and MobileAria.  Each of DPAC,

5

Mascon, and NAMS is deemed to have consented to the assumption and assignment of

the DPAC Agreement, the Mascon Agreement, and the NAMS Agreement, respectively,

to Wireless Matrix and is forever barred from asserting any default existing as of the date

hereof or any purported written or oral modification to the Assigned Agreements.

       7.       Each of DPAC, Mascon, and NAMS is hereby forever barred,

estopped, and permanently enjoined from (a) asserting against MobileAria or Wireless

Matrix, or the property of either of them, any default existing, arising, or accruing on or

before the date hereof, (b) asserting against Wireless Matrix any counterclaim, defense,

setoff, or any other lien, claim, interest, or encumbrance of any type whatsoever asserted

or assertable against MobileAria, and (c) imposing or charging against Wireless Matrix

any rent accelerations, assignment fees, increases, or any other fees as a result of

MobileAria's assumption and assignment to Wireless Matrix of the Assigned

Agreements.  The validity of the assumption and assignment of the Assigned Agreements

shall not be affected by any dispute between MobileAria or any of its affiliates and

DPAC, Mascon, or NAMS.

       8.       The failure of MoblieAria or Wireless Matrix to enforce at any

time one or more terms or conditions of the Assigned Agreements shall not be a waiver

of such terms or conditions, or of MobileAria's and Wireless Matrix's rights to enforce

every term and condition of the Assigned Agreements.

       9.       Notwithstanding any provision of title 11 of the United States

Code, 11 U.S.C. §§ 101-1330, as amended, or the Federal Rules of Bankruptcy Procedure

to the contrary, this Order shall take effect immediately upon entry.

10.     This Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

11.     The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the

Motion.

Dated:    New York, New York
          August 17, 2006


                                  /s/Robert D. Drain
                                  UNITED STATES BANKRUPTCY JUDGE