Lafonza Earl Washington
& Family
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell: 810.922.0308


August 14, 2006


TO:  Clerk of the Court
     Kathleen Farrell-Willoughby
     U.S. Bankruptcy Court
     Southern District of New York
     One Bowling Green
     New York, N.Y.  10004

     Department of the Treasury
     Financial Management Service
     Judgment Fund Branch/Judgment Fund Transmittal
     3700 East-West Highway, Room 6E15
     Hyattsville, Maryland  20782

     Department of Justice
     U.S. Trustee Program
     Southern District of New York
     c/o Alicia M. Leonhard, Trial Attorney
     33 Whitehall Street, Suite 2100
     New York, N.Y.  10004


     Re:  In Re Delphi Corporation et al, Debtors
          Case No. 05-44481 (RDD)


Greetings Clerk,Treasury and USTP:

Enclosed for filing you will find;

1.  "NOTICE" Of Motion and Application For the Court's
    "ENTRY" Of Order Enforcing Writ Of Execution
    Process Disbursing Human Capital Obligations And
    Cash Management Orders Previously Entered On
    October 8, 2005, But Disobeyed, For the Statutory
    Payment Of Money In the Sum Certain Of
    $1,029,114,359.00 At 15% APR And Earning Interest
    Per Day Of $416,890.00 - By Law - On the
    Direction And 11 U.S.C. § 102 (1) (B) Notice Of
    Judgment/Order Creditor Lafonza Earl Washington.

2.  "NOTICE" Of The Court's "ENTRY" Of It's Duty
    To "STRIKE" Debtor's Response To Lafonza Earl
    Washington's Demand For Immediate Distribution
    Dated July 12, 2006, Pursuant To FRCP 12 (f).


RECEIVED
AUG 1 7 2006
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

3. "NOTICE" Of Transfer Of Claim Pursuant To
   Federal Rules Of Bankruptcy Procedure Rule
   3001 (e) (4), Title 11 U.S.C. § 102 (1) (B),
   and Res Judicata Human Capital Obligations and
   Cash Management Court Ordered Entries On
   October 8, 2005, Including 11 U.S.C. § 301
   Statutory "ENTRY" Of Order For Relief.

4. "NOTICE" Of Transfer Of Claim Pursuant To FRBP
   Rule 3001 (e) (4) and EXHIBIT A: #I - TRANSFER
   NOTICE; #II - ASSIGNMENT OF CLAIM AGREEMENT;
   #III - Judgment Fund Transmittal; #IV -
   Judgment Fund award Data Sheet; #V - Judgment
   Fund Voucher For Payment; #VI - Case Informa-
   tion; #VII - FORMB1 the Delphi Automotive
   Systems (Holding), Inc. Voluntary Petition filed
   in the United States Bankruptcy Court Southern
   District of New York and 'NOTICE OF HEARING ON
   FIRST DAY MOTIONS'; #VIII - United States
   Bankruptcy Court Clerk Kathleen Farrell-
   Willoughby's letter dated December 13, 2005,
   verification of recording on the claims register
   Lafonza Earl Washington's Claims No. 257,
   No. 264, No. 288, and No. 297; and #IX - Delphi
   Automotive Systems (Holding), Inc. Unanimous
   Written Consent Of The Board Of Directors'.

5. Proof of Service

Please file/record according to the legal duties of office pursuant
to FRBP 5005 (a) (1), FRCP 1, 2, 3, 5, 54, 58, 77 (a), (b) and
(c), 79 (a) etc.  Thank you.


                              In Truth, Justice & Peace,

                              *Earl Washington*
                              Earl Washington

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------x
IN RE:                          :   CHAPTER 11
                                :
DELPHI CORPORATION et al.,      :   CASE NO. 05-44481 (RDD)
                                :
                 DEBTORS        :   (JOINTLY ADMINISTERED)
--------------------------------x
```

## NOTICE

OF MOTION AND APPLICATION FOR THE COURT'S
ENTRY OF ORDER ENFORCING WRIT OF EXECUTION
PROCESS DISBURSING HUMAN CAPITAL OBLIGATIONS
AND CASH MANAGEMENT ORDERS PREVIOUSLY ENTERED
ON OCTOBER 8, 2005, BUT DISOBEYED, FOR THE
STATUTORY PAYMENT OF MONEY IN THE SUM CERTAIN
OF $1,029,114,359.00 AT 15% APR AND EARNING
INTEREST PER DAY OF $416,890.00 — BY LAW —
ON THE DIRECTION AND 11 U.S.C. § 102 (1) (B)
NOTICE OF JUDGMENT/ORDER CREDITOR LAFONZA EARL
WASHINGTON

PLEASE TAKE NOTICE that according to the Federal Rules of
Civil Procedure, Rule 69 the process to enforce a judgment/order
for the payment of money shall be a Writ of Execution.

PLEASE TAKE FURTHER NOTICE that 11 U.S.C. § 502 (a) allows
the payment of the § 501 Proof Of Claim on the statutory "ENTRY"
of the Order For Relief based on the Debtor's § 301 Voluntary
Petition being res adjudicata against all or any future objec-
tions, litigations, delayed administrations etc., of the same
case of action.

PLEASE TAKE FURTHER NOTICE that Federal Rules of Bankruptcy
Procedure Rule 3001 (f) evidentiary effect of Creditor Lafonza
Earl Washington's Proof Of Claims executed and filed in accordance
with the Federal bankruptcy rules "SHALL" constitute prima facie
evidence of the "VALIDITY" and "AMOUNT" of the Claim and the Court
has "NOT" directed otherwise.

RECEIVED
AUG 1 7 2006
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

PLEASE TAKE FURTHER NOTICE that in the event that the disbursements are "NOT" made pursuant to "MINUTE", or instant, regulations discovery is demanded to be made on the judgment/ order debtor and specifically named other persons using prescribed notarized and answered under sworn oath - ADMISSIONS BY PLAINTIFF provided under the Fed.R. of Civ.P., Rule 36 Requests for Admissions served on:

1. Clerk of the United States Bankruptcy Court for the Southern District of New York, Kathleen Farrell-Willoughby.

2. Clerk of the United States District Court for the Southern District of New York, J. Michael McMahon.

3. Director of the Executive Office for U.S. Trustees Clifford J. White, III.

4. Acting General Counsel of the Executive Office for United States Trustees Roberta DeAngelis.

5. United States Trustee for the Southern District of New York Deirdre A. Martini, Esq., and Alicia M. Leonhard, U.S. Trustee Trial Attorney.

6. Attorneys for the Official Committee of Unsecured Creditors, Robert J. Rosenberg, Mitchell A. Seider and Mark A. Broude of LATHAM & WATKINS LLP.

7. SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP attorneys John Wm. Butler Jr., John K. Lyons, Ron E. Meisler located in Chacago, Illinois, and Kayalyn A. Marafioti and Thomas J. Matz located in New York, New York.

8.   The United States Attorney for the Southern District of
New York Michael J. Garcia.

9.   The United States Attorney General, Alberto Gonzalez.

10.   Vice President and Chief Restructuring Officer of the
Delphi Corporation, John D. Sheehan.

11.   Robert S. Miller, Jr., Chairman and CEO of the Delphi
Corporation.

12.   Charles Rangel, Jr., United States Representative, D-
New York.

13.   Barack Obama, United States Senator D-Illinois.

14.   The Attorney General for the State of New York, Eliot
Spitzer.

15.   And this creditor preserves the right to take  discovery
or requests :for admissions from other persons as the need may
arise.   .:

PLEASE TAKE FURTHER NOTICE that the principal and interest
is calculated thru August 8, 2006, and amounts to $1,029,114,359.00
and is earning interest at 15% annually or at $416,890.00 per day,
by law.

PLEASE TAKE FURTHER NOTICE that Title 11 U.S.C. § 102 (1) (B)
authorizes this disbursement without an actual hearing based on
Notice is given properly that the Human Capital Obligations and
Cash Management Orders were heard on October 8, 2005, then
"ENTERED" a second time by the Court in compliance with the

primary "<u>STATUTORY</u>" entry requiring res adjudicata which prohibits "<u>RE-ADMINISTRATING</u>" of this conclusive, noncontested Claim and Court's Order.


Clerk of the Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------x
                              :
IN RE:                        :   CHAPTER 11
                              :
DELPHI CORPORATION et al,     :   CASE NO. 05-44481 (RDD)
                              :
            DEBTORS           :   (JOINTLY ADMINISTERED)
                              :
------------------------------x
```

## NOTICE

OF THE COURT'S ENTRY OF IT'S DUTY TO STRIKE
DEBTORS' RESPONSE TO LAFONZA EARL WASHINGTON'S
DEMAND FOR IMMEDIATE DISTRIBUTION DATED
JULY 12, 2006, PURSUANT TO FED.R. OF CIV.P.,
RULE 12 (f)

PLEASE TAKE NOTICE that Judgment/Order Creditor Lafonza
Earl Washington is making this Application or Title 11 U.S.C. §
102 (1) (B) Notice that authorizes the act to be done without an
actual "HEARING" which Notice is given properly based on the
res judicata doctrine status of the Human Capital Obligations
and Cash Management Orders statutorily entered by the Court on
October 8, 2005, and by law under 11 U.S.C. § 301 Voluntary
Petition "ENTRY" of Order for Relief requirements, and is a
thing decided, is final, is conclusive in any subsequent litiga-
tion involving this same subject matter or cause of action.

PLEASE TAKE FURTHER NOTICE that 11 U.S.C. § 301 was freely
chosen to be filed under by the Delphi Corporation et al and by
law the statutory Order For Relief provided under the Voluntary
Petition has the legal force of an "ENTRY" of an Order For
Relief for both Debtor and Claimant according to 11 U.S.C. §
102 (6).

PLEASE TAKE FURTHER NOTICE that the Court did "NOT" direct

RECEIVED
AUG 17 2006

any response to the Claim herein and the response of the Debtors

thru its attorneys is without legal force under the Federal Rules

of Bankruptcy Procedure, Rule 9014 (a) and the Federal Rules of

Civil Procedure, Rules 12 (f), which makes it "BOUND" on the

Court to "strike" Debtor's Response dated July 12, 2006.

PLEASE TAKE FURTHER NOTICE that pursuant to Fed.R. of Bankr.

P., Rule 5005 (a) (1) the clerk shall "NOT" refuse to accept for

filing any petition or other paper presented for the purpose of

filing...

Clerk of the Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DELPHI CORPORATION, et al., | ) Case No. 05-44481 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

<u>NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001 (e) (4)</u>

**TRANSFEROR:**   Lafonza Earl Washington
                 7010 Cranwood Drive
                 Flint, MI  48505

**PLEASE TAKE NOTICE** of the transfer of all rights, title and interest
in Proof of Claims No. 257, No. 264, No. 288, and No. 297 held by
Lafonza Earl Washington ("Transferor") against Delphi Automotive
Systems (Holding), Inc., arising from and in the aggregate amount
of $1,029,114,359.00 (the "Transferred Interest") as evidenced by
the attached <u>Exhibits A</u> (the "Evidence of Transfer of Claim") to:

**TRANSFEREE:**   Department of the Treasury
                 Financial Management Service
                 Judgment Fund Branch/Judgment Fund Transmittal
                 3700 East-West Highway, Room 6E15
                 Hyattsville, Maryland  20782

Pursuant to Title 11 U.S.C. § 101 (11) (C), § 102 (6), § 301,
§ 502 (a), § 521 (3) and (4), the Fed.R. of Bankr.P., Rules 2019
(a) and (b), 3001 (f), 3003 (c) (4), the Debtors' Voluntary
Petition agreed to "<u>ENTRY</u>" of Order For Relief directions to the
Court on October 8, 2005; the USTP authorized the Trustee of the
Southern District of New York as custodian and authorized it to
take charge of property of the debtor for the purpose of
"<u>GENERAL ADMINISTRATION</u>" of such property for the benefit of the
debtor's "<u>CREDITORS</u>" due to the named trustees involvement in the
case is verified by exercising appointment and convening of
creditors committee activities; these stated acts evidences the
Court's statutory exercise of powers to grant the appropriate
relief demanded herein, of the validity and amount of these
"<u>ALLOWED CLAIMS</u>" that – by law – supersedes being scheduled by the
debtors', this award qualifies for payment by the "<u>TRANSFEREE</u>"
pursuant to Title 31 U.S.C. § 1304 (a) (1), § 1512 (c) (1) (C),
§ 1513 etc., being that the statutorily provided payments has
"<u>NOT</u>" otherwise been provided for but legally owed since
October 8, 2006, the apportioning of these funds has been
provided for this contingency and "<u>savings</u>" is made possible as
well as the profits of $416,890.00 per day; "<u>ALL</u>" discretionary
objections are prohibited by law.



FOR ALL OF THE ABOVE STATED REASONS OBJECTIONS ARE LEGALLY
PROHIBITED - YET - IF YOU CHOOSE TO OBJECT TO THE TRANSFER AND
IMMEDIATE DISBURSEMENT OF EFT PAYMENT OF $1,029,114,359.00,
INCLUDING "ALL" TRANSFERRED INTEREST, WITHIN 20 DAYS OF THIS
DATE OF THIS NOTICE, YOU MUST:

>    FILE THE PROHIBITED WRITTEN OBJECTION TO THE TRANSFER with:
>         Clerk of the Court, United States Bankruptcy Court
>         Southern District of New York
>         One Bowling Green, Room 534
>         New York, NY  10004
>         Attn:  Delphi Corporation
>         SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
>    Refer to INTERNAL CONTROL NO._____ in your objection.

If you file a statutorily prohibited objection, a hearing will be
scheduled.  IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE
WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A
CLAIMANT IN THIS PROCEEDING "AFTER" FILING CERTIFICATION OF THE
$1,029,114,359.00 EFT AS AGREED.


_____
Clerk of the Court


FOR CLERK'S OFFICE USE ONLY:

This Notice was mailed to the first named party, by first class
mail, postage prepaid on _____, 2006.  INTERNAL CONTROL
NO. _____, Copy (check):

Claims Agent: _____  Transferee: _____

Debtor's Attorney _____Deputy Clerk_____

# EXHIBIT A

## TRANSFER NOTICE

Lafonza Earl Washington, Judgment/Order Creditor ("Assignor"), transfers and assigns unto the Department of the Treasury, Financial Management Service, Judgment Fund Branch/Judgment Fund Transmittal, having offices at 3700 East-West Highway, Room 6E15, Hyattsville, Maryland 20782, its successors and assigns ("Assignee"), to be reimbursed by the United States Trustees Program (Department of Justice) for the Southern District of New York, Deirdre A. Martini, Trustee and attorney, pursuant to Section 521 (3) and (4) of Title 11 of the United States Code and pursuant to the terms of the ASSIGNMENT OF CLAIM AGREEMENT (the "Assignment Agreement") between Assignor and Assignee, all of his right, title and interest in the and to Lafonza Earl Washington Claims No. 257, No. 264, No. 288 and No. 297 of Assignor in the aggregate amount of not less than $1,029,114,359.00, against the DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC., ET AL, (herein, the "Debtor") in the United States Bankruptcy Court for the Southern District of New York, administered as Case No. 05-44481 (RDD), as more particularly described in the Assignment Agreement and records on file in the Clerk of this Court office.

IN WITNESS WHEREOF, Assignor has signed below as of the 14th day of August, 2006.

BY: Lafonza Earl Washington
Judgment/Order Creditor

WITNESS:
SUBSCRIBED AND SWORN TO BEFORE ME ON _____ 8-14- _____, 2006,
                                              Date

GENESEE COUNTY, MICHIGAN.  MY COMMISSION EXPIRES MAY 06, 2008 _____.
                                                    Date

SIGNATURE: _____
NOTARY PUBLIC/BARRISTER IN THE STATE OF MICHIGAN
MARY A LAETZ                XXXXXXXXXXXXXXXXXXXXXXXXX
                           FOR THE COUNTY OF GENESEE

## ASSIGNMENT OF CLAIM AGREEMENT

Assignment of Claim.

Lafonza Earl Washington Judgment/Order Creditor (hereinafter "ASSIGNOR") having a mailing address at 7010 CRANWOOD DRIVE, FLINT, MICHIGAN, 48505, in consideration of the sum of $1,029,114,359.00 (the "Purchase Price"), does hereby transfer to, _DEPARTMENT OF THE TREASURY, FINANCIAL MANAGEMENT SERVICE, JUDGMENT FUND BRANCH/JUDGMENT FUND TRANSMITTAL_ having a mailing address at _3700 EAST-WEST HIGHWAY, ROOM 6E15, HYATTSVILLE, MARYLAND   20782_, all of Assignor's right, title, benefit, interest at the rate of 15% APR or $416,890.00 per day charged - by law - voting rights, claims and causes of action in and to, or arising under or in connection with Claim No. 257, Claim No. 264, Claim No. 288 and Claim No. 297 of Assignor as noted on the claims register by the witness of the Clerk of the Court Kathleen Farrell-Willoughby dated in the enclosed Exhibit #_8_ against Delphi Automotive Systems (Holding), Inc., and the Delphi Corporation ("the Debtor"), in bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Case No. 05-44481 (RDD), including the Proof of Claims related to Claim No. 257, Claim No. 264, Claim No. 288, and Claim No. 297 filed by Assignor with the Court (the "Claims") on the - "Conditions" - that the sum of $1,029,114,359.00 be deposited in Account #721357689, Routing #072000326 at the JPMorgan Chase Bank, 111 E. Court Street, Flint, MI., 48502, immediately.  Assignor agrees to transfer all other rights to receive additional penalties, fees, and any damages from any cause of action or litigation which may be paid with respect to the Claims satisfactions.

Notice of Assignment.

Assignee shall use, agrees to use the Electronic Funds Transfer in compliance with 11 U.S.C. § 502 (a), Federal Rules of Bankruptcy Procedure, Rule 3001 (e) and (f) to secure these funds into the above numbered Account.  Assignor hereby "waives" the rights to raise any objections to this Agreement, or any provision of this Agreement, in relation to any action or omission taken by Assignee, in regard to these Claims "AFTER" the EFT is immediately completed according to the above terms.

Representations and Warranties.

Assignor represents and warrants that he has satisfactory information to make an informed decision regarding the sale of the Claim, independent of the Assignee.  Each party expressly acknowledges and agrees that the other party has not made and is not making, and each party is not relying upon, any "UNWRITTEN" representations, "UNWRITTEN" promises, or "UNWRITTEN" statements, except to the extent that the same are "EXPRESSLY" set forth in this Agreement, that each party has the full authority to enter into this Agreement and that the individuals whose signature appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement.  Assignor represents and warrants that (a) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind, and upon the assignment of the Claim to Assignee, Assignee will receive good title to the

Claim; (b) Assignor has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party, however NOTE that this "SAME" offer is being made to the following:

1.  Department of Justice
    United States Trustee Program
    Southern District of New York
    c/o Alicia M. Leonhard, Trial Attorney
    33 Whitehall Street, Suite 2100
    New York, N.Y.  10004
    Tel: 212.510.0500
    Fax: 212.668.2255

2.  Department of Justice
    United States Trustee Program - Region 9
    Eastern District of Michigan
    Southern Division - Detroit
    c/o Marion J. Mack, Jr. or
        current U.S. Trustee
    211 West Fort, Suite 700
    Detroit, MI  48226
    Tel: 313.226.7999
    Fax: 313.226.7952

3.  Department of the Treasury
    Judgment Fund Section
    Financial Management Services
    Room "6F03"
    3700 East-West Highway
    Hyattsville, Maryland  20782
    Tel: 202.874.6664

4.  Department of the Treasury
    Financial Management Service
    Judgment Fund Branch
    3700 East-West Highway, Room "6E15"
    Hyattsville, Maryland  20782
    Tel: 202.874.6664

5.  JPMorgan Chase Bank, N.A.
    Delphi Corporation et al,
        Postpetition Administrative Agent
    Contacts:  Thomas A. Maher
               Richard Ducker
               Gianni Russello
    270 Park Avenue
    New York, N.Y.  10017
    Tel: 212.270.0426
    Fax: 212.270.0430

6.  DAVIS, POLK & WARDELL
    Counsel to Debtor's Postpetition
        Administrative Agent
    c/o Brian Resnick
    450 Lexington Avenue
    New York, N.Y.  10017
    Tel: 212.450.4213
    Fax: 212.450.3213

7.  General Motors Corporation
    c/o HONIGMAN MILLER SCHWARTZ AND COHN LLP
    Robert B. Weiss, Esq.
    2290 First National Building
    660 Woodward Avenue
    Detroit, MI  48226-3583
    Tel: 313.465.7000
    Fax: 313.465.8000

8.  Internal Revenue Service
    Attn:  INSOLVENCY DEPARTMENT,
           Maria Valerio
    290 Broadway, 5th Floor
    New York, N.Y.  10007
    Tel: 212.436.1038
    Fax: 212.436.1931

9.  Internal Revenue Service
    Attn:  INSOLVENCY DEPARTMENT
    477 Michigan Avenue
    Mail Stop 15
    Detroit, MI  48226
    Tel: 313.628.3648
    Fax: 313.628.3602

NOTE:     Whichever party named makes the agreed to
          $1,029,114,359.00 EFT deposit "FIRST" is the
          agreed to be transferee verified by immediate
          telephone call to transferor at 810-922-0308
          "ONLY" and express overnight courier service
          of the validly signed "TRUE" copy of the
          "ASSIGNMENT OF CLAIM AGREEMENT", evidencing
          these agreed to "TERMS" of the transfer
          filed by the "TRANSFEREE" in the office of
          the Clerk of the United States Bankruptcy
          Court for the Southern District of New York
          according to Fed.R. of Bankr.P., Rule 3001
          (e) (4).

(c) the basis for the Claims are amounts validly due from and
owing by the Debtor; (d) the claims are valid 11 U.S.C. § 101
(5) (A) Claims authorized by Federal Bankruptcy law to mean,
"right to payment, whether or 'NOT' such right is reduced to
judgment, liquidated, unliquidated, fixed, contingent,
matured, unmatured, disputed, undisputed, legal, equitable,
secured or unsecured"; and 11 U.S.C. § 101 (5) (B) which
authoritatively means, "right to an equitable remedy for breach
of performance (clearly evidencing herein that the 11 U.S.C.
§ 502 (a), Fed.R. of Bankr.P., Rules 2019 (a) and (b), 3001
(f), 3003 (c) (4) etc., breaches herein) gives rise to a right
to payment, whether or 'NOT' such right to an equitable remedy
is reduced to judgment, fixed, contingent, matured, unmatured,
disputed, undisputed, secured or unsecured", enforceable and
noncontingent Claims against the Debtors et al, for which the
Debtor has voluntarily "ENTRY" of petitioned for, and have no
defenses; (e) Debtor has no right to assert an avoidance action
(e.g. preference payments) against Assignor and such preference

payments would deliberately violate 11 U.S.C. § 502 (a) allowed, eligible for payment statutory requirements, including Fed.R. of Bankr.P., Rules 2019 (a) and (b), 3001 (f), 3003 (c) (4) etc., statutory duties, as well as the Delphi Automotive Systems (Holding), Inc. Unanimous Written Consent Of The Board Of Directors October 6, 2005, Revolving Credit, Term Loan and Guaranty Agreement that (...requires 'ALL' of the Parent's Obligations in U.S. Bankruptcy Case No. 05-44481 (RDD) to be "GUARANTEED BY THE GUARANTORS..."); and (f) Assignor is not an "insider" of the Debtor, as set forth in the United States Bankruptcy Code § 101 (31), or a member of any official or un-official committee in connection with the Proceedings.  Assignor acknowledges and agrees any misrepresentation or breach by Assignor "MAY" cause Assignee irreparable harm and accordingly, Assignee shall be entitled to all available remedies as may be available - By Law - to Assignee for any such breach or threatened breach, including to the immediate recovery of money damages (Restitution) if validly and legally owed according to law.

<u>Distributions and Notices Received by Assignor</u>.
In the event Assignor receives any interim or final payment that is legally owed "NOT" a distribution, based on 11 U.S.C. § 101 et seq., does "NOT" define any distribution under the Federal Bankruptcy Code, but with specificity it provides for "CLAIMS" right to payment that is/was demanded to be paid in full in "ONE" disbursement; however, upon the completion of the deposit into the agreed account, as agreed, Assignee have the right to hold the Claims according to their own decisions and timetable to receive distributions, dividends, profit sharing etc.; and in the event Assignor receives any interim or final consideration, or any portion thereof, made payable on or after the date of Assignor's and Assignee's completion of the execution of this Agreement, Assignor agrees to accept the same as Assignee's Agent and shall promptly deliver the same payment to Assignee immediately.

<u>Claim Subsequently Allowed For An Amount Less Than Claim Amount</u>.
Assignor agrees to the sum certain of $1,029,114,359.00 to be paid according to the accrued amount of the claims as of August 8, 2005, with interest amounting to $416,890.00 per day according to law under 42 U.S.C. § 1983 etc.; and pursuant to 11 U.S.C. § 502 (a), the Fed.R. of Bankr.P., Rules 2019 (a) and (b), 3001 (f), 3003 (c) (4) etc., this allowed, eligible pay-ment in this valid amount is the minimum purchase price agreed to be acceptable by Assignor.  It is clearly agreed between Assignor and Assignee that after the completion of the EFT of this sum certain the subsequent "POST ASSIGNMENT OF CLAIMS" amount is fully the decision of Assignee "AFTER" completion of the EFT transfer.

<u>Governing Law, Personal Jurisdiction and Service of Process</u>.
This Agreement shall be governed by both the Laws of the State of Michigan, the State of New York and the Full Faith & Credit Clause of article 4 of the United States Constitution jurisdic-tions.  Any action under or relating to this Agreement may be brought in the proper Court of either the State of Michigan or the State of New York.  If there exists any valid cause of

action against Assignor by Assignee on a final Claim transfer in
which a loss can only be suffered by Assignee, by the activities
of the Assignee on Claims that are accruing to $416,890.00 "PER
DAY" in interest according to law, Assignor consents to and
confers personal jurisdiction over Assignor by any such valid
Court in either State and agrees that Assignee may validly
effect service of process upon Assignor by mailing a "TRUE COPY"
signed by the clerk of such Court and legibly stamped with the
"SEAL" of such Court to Assignor's address set forth hereof in
this Agreement.

Indemnification, Limitation of Liability.
"AFTER" the EFT of the sum of $1,029,114,359.00 has been completed
and deposited in Assignor's banking account as is mutually agreed
to be, Assignor will indemnify, secure and protect Assignee, its
directors, officers, employees and representatives and save them
harmless from and against any and all claims, actions, liabilities
commenced or initiated by Assignor and Assignor's valid and law-
fully hired representatives and Assignee shall not be liable to
Assignor for any additional damages greater than the transferred
amount of $1,029,114,359.00 relating to the performance of its
obligations hereunder.

Execution /Notice.
This Agreement shall become effective and valid when (a) Assignor
executes this Agreement and it is received by Assignee and (b)
executed by a properly authorized Assignee. Any Notice or other
communication to be provided hereunder shall be sent to the
party's address set forth in the first paragraph of this Agree-
ment by regular mail or overnight courier.

Miscellaneous.
The Parties hereby mutually agree and stipulate that this
Agreement is "NOT" the result of negotiations but is an "OFFER"
to sell by the transferor and the terms are the purchase price
"OFFERED". This Agreement constitutes the entire agreement and
understanding between the parties hereto with respect to the
subject matter of this Creditor's Claims No. 257, No. 264, No.
288 and No. 297 against the Delphi Corporation Case No.
05-44481 (RDD). This Agreement "SHALL" be signed by the
transferor's own hand and notarized by a validly licensed notary
and "SHALL" be signed by the transferee or party duly authorized
by the transferee and also notarized. A "TRUE COPY" filed by
the "TRANSFEREE" with clerk of the Court of the NOTICE and this
ASSIGNMENT OF CLAIM AGREEMENT shall be deemed an original and
all of which taken together shall constitute one Agreement.
Failure or delay on the part of the "TIMELY" above-named
Assignee to exercise the EFT terms hereunder "SHALL" operate as
a waiver to this "OFFER" and "AGREEMENT". If any provisions of
this Agreement shall be found invalid or unenforceable, in whole
or in part, then such provisions shall be deemed to be modified
or restricted to the extent and in the manner necessary to
render the same valid and enforceable, or shall be deemed excised
from this Agreement, as the case may require, and this Agreement
shall be construed and enforced to the maximum extent by law,
as if such provisions had not been originally incorporated
herein. In connection with any disagreement or litigation

arising out of, or in connection with, this Agreement or in order
to enforce any provision of this Agreement, the losing party,
whether it be Assignor or Assignee, agrees to reimburse the
prevailing party for all of its expenses in connection therewith,
including without limitation, reasonable attorneys' fees at the
trial and appellate levels.

Printed Name:   *Lafonza Earl Washington*
Signature:      *Lafonza Earl Washington*
Telephone:      *910. 922. 0308*
                ("Assignor")
                *August 14, 2006 — Dated.*

Printed Name:   _____
Signature:      _____
Telephone:      _____
                ("Assignee")

# Judgment Fund Transmittal

**Date:** August 14, 2006
Department of the Treasury
Financial Management Service
Judgment Fund Branch
3700 East-West Highway, Room 6E15
Hyattsville, Maryland 20782
Telephone: (202) 874-6664

**Claimant/Plaintiff Name:** Lafonza Earl Washington

**Address:** 7010 Cranwood Drive, Flint, Michigan, 48505

**Claimant/Plaintiff Counsel's Name:** [N/A]

**Telephone Number:** N/A

**Name of Agency Subject to Claim:** Department of Treasury, Financial Management Service, Judgment Fund Branch, 3700 East-West Highway Room 6E15, Hyattsville, Maryland, 20782, and Department of Justice, United States Trustee Program, for the Southern District of New York

**E-mail Address (required for electronic payment confirmation):** N/A

**Telephone Number:** 212.510.0500 Ext. 208 and 202.874.6664

**Brief Description of Facts Giving Rise to Claim:** Human Capital Obligations & Cash Management Order entered on 10/8/05, U.S. Trustee S.D.N.Y. Bankruptcy Court apportionment/award funds legally owed to Claimant from $6.5 billion Delphi Corp. financing facilities etc.

**Check One If Applicable:**
❏ Contract Disputes Act     ❏ No FEAR Act     ❏ Firefighters Fund

Dear Sir or Madam:

I am an authorized representative of the United States in the above captioned matter. As described in the enclosed documentation, I certify that all pertinent criteria required by law for the approval of this claim have been satisfied. If an administrative claim, the settlement was made with the United States in this matter and any portions of the agreement required to be paid from the agency funds will be or have been paid from those funds. If a litigative claim, the award made in the enclosed judgment or settlement is payable by the United States and any portions of the award required to be paid from other parties or sources will be or have been paid from those parties or sources. The United States will not seek further judicial review of this award and I have obtained all approvals necessary for its referral for payment.

I believe that this award qualifies for payment pursuant to 31 U.S.C. § 1304. Accordingly, I request that you certify this award for payment from the Judgment Fund established by that law. Enclosed are completed copies of FMS Form 196: *Judgment Fund Award Data Sheet*; FMS Form 197: *Judgment Fund Voucher for Payment*; the judgment or settlement agreement; and any other enclosures required by FMS. Unless payment by electronic funds transfer is indicated, please have the check sent to the check address provided on FMS Form 197.

_____
Submitting Agency Authorized Signature

_____
Name and Title (*print or type*)

_____
Submitting Agency E-mail Address (*required for electronic payment confirmation*)

_____
Agency File Number

_____
Street Address

_____
City, State and Zip Code

**General Instructions:** Use this form, FMS 194, to transmit a request to certify an administrative or litigative award against the United States for payment from the Judgment Fund under 31 U.S.C. § 1304.
**Enclosures: FMS Form 196 and FMS Form 197.** *Incomplete submissions will be returned to the submitter without action.*

# Judgment Fund Award Data Sheet

| ITEMIZATION OF AMOUNT PAYABLE FROM THE JUDGMENT FUND | AMOUNT TO BE PAID | CITATION TO LEGAL AUTHORITY |
|---|---|---|
| 1. Principal (treble) | $1,029,114,359.00 | 31 U.S.C. § 3104; 11 U.S.C. & 502(a); FRBP 2019; 3001 (e), (f); 3003(c)(4); 42 U.S.C. § 1983; 15 U.S.C. § 15; |
| 2. Attorney Fees | N/A | |
| 3. Costs | inclusive | "same, Id." |
| 4. Interest | 15% APR | "same, Id." |
| Starting and Ending Dates for Interest Accrual | Start Date September 6, 1999 | End Date when paid in full |
| 5. Total Amount Payable from the Judgment Fund | $1,029,114,359.00 | |

**COMPLETE ONLY IF DEDUCTIONS ARE TO BE MADE FROM THE AMOUNT PAYABLE FROM THE JUDGMENT FUND ***

| 6. Agency Name and Agency Location Code (ALC) to Receive Offset | Amount to be Deducted | Reason(s) for Deduction(s) and Entity to Receive Deduction(s) |
|---|---|---|
| | a. | |
| | b. | |
| | c. | |
| 7. Total Amount to be Deducted | | |
| 8. Net Amount Payable to Claimant | | |

If amount for fees, costs, or interest was included in the principal amount (stated on line 1) as part of a "lump sum award," enter "INCLUDED ABOVE" on lines 2 through 4. Enter "NONE" for any of those items (principal, fees, costs, or interest) for which no amount was awarded/included.

1. Enter the principal amount payable (excluding attorney fees, costs, and interest) and cite the legal authority for that award (for instance, "FTCA, 28 U.S.C. 2672"or "5th Amendment Taking").
2. Enter attorney fees payable (if any) and cite legal authority for that award [for instance, "Freedom of Information Act, 5 U.S.C. 552(a)(4)(E)"].
3. Enter the costs payable (if any) and cite legal authority for that award [for instance, " 28 U.S.C. 2412(a)"].
4. If the interest was calculated by the submitting agency, enter the total amount and cite the legal authority for that award [for instance, "Back Pay Act, 5 U.S.C. 5596(b)(2)"]. If the Judgment Fund is to calculate the interest, list only the dates that interest accrual starts.
5. Total amounts shown in lines 1 through 4 and enter.
6. Enter any deductions specified in the judgment or settlement agreement, or debts to be setoff under 31 U.S.C. 3728. Indicate the reason for the deduction (for instance, "FTCA withholding" or "debt setoff pursuant to 31 U.S.C. 3728") and the payee agency's name and ALC. If this deduction is a "debt setoff" pursuant to 31 U.S.C. 3728, you must attach a copy of the judgment or the plaintiff's agreement to the debt setoff. Otherwise, FMS must seek the claimant's consent to the setoff and may only withhold from payment an amount sufficient to pay the debt plus the costs of litigation. Litigation will be required to effect the setoff if there is no judgment of debt or if the claimant declines consent to the setoff. If there are more than three deductions, attach additional copies of this form. If there are no deductions, enter "NONE."
   * Administrative debts that have been certified to the Secretary of the Treasury through the Treasury Offset Program will be setoff automatically.
7. Total amounts shown in all columns of line 6 (a, b and c) and enter.
8. Subtract the amount in line 7 from that in line 5. If greater than zero, enter the difference. If the difference is zero or less, enter "NONE."

FMS FORM **196** (PREVIOUS EDITIONS ARE OBSOLETE)
12-03

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE

#V

## Judgment Fund Voucher for Payment

1. **Total Amount:** 1,029,114,359.00

2. **Submitting Agency Contact Name:** DOJ/USTP S.D.N.Y. Alicia M. Leonhart
   Telephone Number: 212-510-0500 Ext. 208

3. **Electronic Funds Transfer (EFT) Information:**
   a) Payee Account Name: Lafonza Earl Washington
   b) American Banking Association (ABA) Routing Number (9 digits): 072000326
   c) Payee Account Number: 721357689
   d) Checking: ☒ Savings: ☐
   e) Financial Institution Name, City, State: JPMorgan Chase Bank, Flint, Michigan

4. **Interagency Payment System Information:**
   a) Agency Name:
   b) Agency Location Code (ALC) Number (8 digits):
   c) Standard General Ledger (SGL) Number (4 digits):
   d) Treasury Account Symbol (TAS)

5. **Mailing Address for Check:** *(Payee name not to exceed 32 characters.)*   N/A
   a) Payee Name:
   b) Payee Name:
   c) Address Line 1:
   d) Address Line 2:
   e) City: _____ State: _____ Zip Code: _____

6. **Taxpayer Identification Number (s):**
   a) no consent to setoff   b) _____

7. **Reimbursement Information for Contract Disputes Act, No FEAR Act and Firefighters Fund:** N/A
   a) Agency Name:
   b) Contact Name:
   c) Contract Number (CDA cases):
   d) Telephone Number: _____-_____-_____
   e) Address:
   f) City: _____ State: _____ Zip Code: _____

8. **If payment will be made in a Foreign Currency, please provide the following information:** N/A
   Country: _____ Currency: _____

9. **FOR USE BY JUDGMENT FUND BRANCH ONLY:**
   Z Number: _____ J/D Number: _____ GLOWS Code/Agency: _____

   | Claim Analyst *Signature and Date* | Amount to Pay | Appropriation Code |

   Claims Reviewer *Initials and Date*

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE

# Case Information

Below is pertinent case information regarding Delphi's chapter 11 filing.

| | |
|---|---|
| **Debtors** | Delphi Corp. |
| **Filing Date** | October 8, 2005 |
| **Case Number** | 05-44481 |
| **Where Filed** | United States Bankruptcy Court for the Southern District of New York |
| **Judge** | Robert D. Drain |
| **Court Filed Documents** | www.delphidocket.com |
| **Bankruptcy Court Website** | www.nysb.uscourts.gov |
| **DIP Financing** | $4.5 billion in credit facilities, including a new $2 billion debtor-in-possession (DIP) financing facility. |
| **Legal Advisors** | John Wm. Butler, Jr. <br> John K Lyons <br> Ron E. Meisler <br> Skadden, Arps, Slate, Meagher & Flom LLP <br> 333 West Wacker Drive <br> Chicago, Illinois 60606 <br><br> Kayalyn A Marafioti <br> Thomas J. Matz <br> Skadden, Arps, Slate, Meagher & Flom LLP <br> Four Times Square <br> New York, New York 10036 |

| | | |
|---|---|---|
| **Notice and Claims Agent** | Kurtzman, Carson Consultants <br> 12910 Culver Blvd., Suite 1 <br> Los Angeles, California 90066 <br> +1 310.823.9000 | www.delphidocket.com |
| **Reorganization Information Hotline** | U.S. +1 866.688.8740 | International: +1 248.812.2601 |
| **Supplier Hotline** | U.S. +1 866.688.8679 | International: +1 248.813.2602 |

(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Delphi Automotive Systems (Holding), Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**N/A** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**38-3422378** | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**Delphi Automotive Systems (Holding), Inc.<br>5785 Delphi Drive<br>Troy, Michigan 48098-2815** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:<br>**Oakland County, Michigan** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**Same as Street Address** | Mailing Address of Joint Debtor (if different from street address): |



**NOTE:**

Location of Principal Assets of Business Debtor
(if different from street address above):
**Same as Street Address**

**Information Regarding the Debtor (Check the Applicable Boxes)**

Venue (Check any applicable box)
☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | |
|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7   ☒ Chapter 11 | ☐ Chapter 13 |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9   ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 – Case ancillary to foreign proceeding | |
| ☐ Other _____ | ☐ Clearing Bank | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☐ Consumer/Non-Business   ☒ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business (Check all boxes that apply)**<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |

Statistical/Administrative Information (Estimates only)
☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

(Official Form 1) (12/03)                                                                                    FORM B1, Page 2

| Voluntary Petition (This page must be completed and filed in every case) | Name of Debtor(s): Delphi Automotive Systems (Holding), Inc. |
|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet)

| Location Where Filed:  NONE | Case Number: N/A | Date Filed: N/A |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: See Schedule I attached | Case Number: Pending | Date Filed: Date hereof |
|---|---|---|
| District: Southern District of New York | Relationship: Affiliate | Judge: |

**SIGNATURES**

| **Signature(s) of Debtor(s) (Individual/Joint)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11 of the United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>I request relief in accordance with the chapter of title 11 of the United States Code, specified in this petition.<br><br>X_____<br>   Signature of Debtor<br>X_____<br>   Signature of Joint Debtor<br><br>   _____<br>   Telephone Number (if not represented by attorney)<br><br>   _____<br>   Date | **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br>☐ Exhibit A is attached and made a part of this petition |

**Exhibit B**
(To be completed if debtor is an individual whose debts are primary consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11 of the United States Code, and have explained the relief available under each such chapter.

X_____
   Signature of Attorney for Debtor(s)        Date

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No.

| **Signature of Attorney**<br>X /s/ John Wm. Butler, Jr.<br>Signature of Attorney for Debtor(s)<br><br>John Wm. Butler, Jr.<br>Printed Name of Attorney Debtor(s)<br><br>Skadden, Arps, Slate,<br>Meagher & Flom LLP<br>Firm Name<br><br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606-1285<br>Address<br><br>(312) 407-0700<br>Telephone Number<br><br>October 8, 2005<br>Date | **Signature of Attorney**<br>X /s/ Kayalyn A. Marafioti<br>Signature of Attorney for Debtor(s)<br><br>Kayalyn A. Marafioti<br>Printed Name of Attorney Debtor(s)<br><br>Skadden, Arps, Slate,<br>Meagher & Flom LLP<br>Firm Name<br><br>Four Times Square<br>New York, New York 10036<br>Address<br><br>(212) 735-3000<br>Telephone Number<br><br>October 8, 2005<br>Date |
|---|---|

**Signature of Non-Attorney Petition Preparer**
I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X_____
   Signature of Bankruptcy Petition Preparer

   _____
   Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

| **Signature of Debtor (Corporation/Partnership)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br>The debtor requests relief in accordance with the chapter of title 11 of the United States Code, specified in this petition.<br><br>X /s/ John D. Sheehan<br>   Signature of Authorized Individual<br>   John D. Sheehan<br>   Printed Name of Authorized Individual<br>   Vice President and Chief Restructuring Officer<br>   Title of Authorized Individual<br>   October 8, 2005<br>   Date |
|---|

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

              :

    In re              :    Chapter 11

               :

DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)

               :

          Debtors.    :    (Jointly Administered)

               :

- - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF HEARING ON FIRST DAY MOTIONS

PLEASE TAKE NOTICE THAT on October 8, 2005 (the "Petition Date"),

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate

Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), filed voluntary petitions for reorganization relief under Chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 - 1330, as amended (the "Bankruptcy Code"), in the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that on October 8, 2005, the Bankruptcy

Court entered the following orders (copies of which may be obtained at www.delphidocket.com):

1.  "Joint Administration" - Order Authorizing Joint Administration (Agenda Item
    No. 1; Docket No. 28);

2.  Order Authorizing Admission Pro Hac Vice Of John Wm. Butler, Jr., John K.
    Lyons And Ron E. Meisler (Agenda Item No. 2; Docket No. 33);

3.  Order Authorizing Admission Pro Hac Vice Of Charles E. Brown And Joseph E.
    Papelian (Agenda Item No. 3; Docket No. 34);

4.  "Human Capital Obligations" - Bridge Order Under 11 U.S.C. §§ 105(a), 363,
    507, 1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And
    Salaries To Employees And Independent Contractors, (II) Authorizing Debtors To
    Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit
    Programs In Ordinary Course, And (III) Directing Banks To Honor Prepetition
    Checks For Payment Of Prepetition Human Capital Obligations (Agenda Item No.
    10; Docket No. 31);

5.  "Essential Suppliers" - Bridge Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107,
    And 1108 And Fed. R. Bankr. P. 6004 And 9019 Authorizing Continuation Of
    Vendor Rescue Program And Payment Of Prepetition Claims Of Financially-
    Distressed Sole Source Suppliers And Vendors Without Contracts (Agenda Item
    No. 15; Docket No. 30);

6.  "Foreign Creditors" - Bridge Order Under 11 U.S.C. §§ 105(a) And 363(b)
    Authorizing (I) Payment Of Prepetition Obligations To Foreign Creditors And (II)
    Financial Institutions To Honor And Process Related Checks And Transfers
    (Agenda Item No. 16; Docket No. 32);

7. **"Administrative Expense"** - Bridge Order Under 11 U.S.C. § 503(b) Confirming Grant Of Administrative Expense Status To Obligations Arising From Postpetition Delivery Of Goods And Authorizing Debtors To Pay Such Obligations In Ordinary Course Of Business (Agenda Item No. 18; Docket No. 35);

8. **"Shipping And Customs"** - Bridge Order Under 11 U.S.C. §§ 105 And 363(b), 1107, And 1108 Authorizing Payment Of Certain Prepetition (I) Shipping And Delivery Charges For Goods In Transit And (II) Customs Duties (Agenda Item No. 20; Docket No. 40);

9. **"Cash Management"** - Bridge Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use Of Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Priority Status For Postpetition Intercompany Transactions (Agenda Item No. 22; Docket No. 36);

10. **"Investment Guidelines"** - Bridge Order Under 11 U.S.C. § 345 Authorizing Continued Use Of Existing Investment Guidelines (Agenda Item No. 23; Docket No. 38);

11. **"Customer Programs"** - Bridge Order Under 11 U.S.C. §§ 105(a), 363, 1107, And 1108 Authorizing The Debtors To Honor Prepetition Obligations To Customers And To Otherwise Continue Customer Programs In Ordinary Course Of Business (Agenda Item No. 24; Docket No. 39);

12. **"Cash Collateral"** - Bridge Order Under 11 U.S.C. §§ 361, 362, And 363 Authorizing Use Of Cash Collateral And Adequate Protection To Prepetition Secured Parties (Agenda Item No. 28; Docket No. 46); and

13. **"Derivative Contracts"** - Bridge Order Under 11 U.S.C. §§ 105, 363, 1107, And 1108 And Fed. R. Bankr. P. 4001 Authorizing Debtors To Enter Into, Continue Performance Under, And Provide Credit Support Under Derivative Contracts (Agenda Item No. 30; Docket No. 45).

PLEASE TAKE FURTHER NOTICE THAT a hearing will be held on October 11, 2005 at 4:00 p.m. (Eastern Time), or as soon thereafter as counsel can be heard, before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge for the Southern District of New York, Room 601, 6th Floor, One Bowling Green, New York, New York 10004, to consider the following motions filed by the Debtors on the Petition Date:

1. **"Consolidated Lists"** - Motion For Order Under 11 U.S.C. § 521 And Fed. R. Bankr. P. 1007(a) Authorizing Debtors To (I) Prepare Consolidated List Of

PLEASE TAKE FURTHER NOTICE THAT copies of the first-day hearing notice and the first-day motions are posted on www.delphidocket.com.   Parties may participate or attend this hearing in person or by telephone.  Telephonic participation and attendance is available by calling Court Conference at (866) 582-6878.  Parties wishing to appear through Court Conference should contact Court Conference as early today as possible to register.  Under no circumstances may any participant or attendee record or broadcast the proceedings conducted by the Bankruptcy Court.

Dated:  New York, New York
        October 11, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:  _s/ John Wm. Butler, Jr_____
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

     - and -

By:  _s/ Kayalyn A. Marafioti_____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

### SOUTHERN DISTRICT OF NEW YORK
### ONE BOWLING GREEN
### NEW YORK, NY 10004-1408

**KATHLEEN FARRELL-WILLOUGHBY**
CLERK OF COURT
TELEPHONE: (212) 668-2870

December 13, 2005

Mr. LaFonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

Re:   Delphi Corporation - 05-44481(RDD)

Dear Mr. Washington:

We are in receipt of four claims each in the amount of $30,000,000 and filed in the above-referenced bankruptcy matter. Each claim is recorded separately in the consolidated case and noted on the claims register as follows:

Claim No. 257 filed on October 31, 2005 in Delphi Corporation
Claim No. 264 filed on November 1, 2005 in Delphi Corporation
Claim No. 288 filed on November 2, 2005 in Delphi Automotive Systems (Holding), Inc.
Claim No. 297 filed on November 3, 2005 in Delphi Automotive Systems (Holding), Inc.

As I explained to you telephonically today, I cannot issue an order to pay any of these claims. The decision whether to enter any orders in this case can be made only by the Bankruptcy Judge assigned to the case or the particular proceeding. If you would like to present a motion to the Judge to request relief, you must, pursuant to Local Rule of Bankruptcy Procedure 5070-1:

"Unless the Court orders otherwise, prior to serving a motion, cross-motion, or application, the moving party or applicant shall obtain a return date from the assigned Judge's chambers."

Local Rule of Bankruptcy Procedure 9004-2(b) states:

"The return date obtained under this rule shall be included in the upper right-hand corner of the caption of the motion or application."

I have included a copy of this Court's Local Rule of Bankruptcy Procedure 9013-1 which addresses the requirements for filing a motion. Also enclosed is a copy of Local Bankruptcy Rule 9078-1, which addresses the need for a Certificate of Service. The motion or application must be served on all parties affected by the motion or application requesting relief.

Mr. LaFonza Earl Washington
Page 2 - December 13, 2005

     This letter and enclosures in no way constitutes all of the information needed to seek relief from the court.  If you require additional assistance, you may want to seek the advice of counsel. The Clerk's Office is prohibited from providing legal advice.

Sincerely,

Kathleen Farrell-Willoughby
Clerk of Court

**DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC.**
**UNANIMOUS WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS**

**Dated as of October (0, 2005**

Pursuant to Section 141(f) of Delaware General Corporation Law, the undersigned, being all the members of the Board of Directors (the "Board") of Delphi Automotive Systems (Holding), Inc., a Delaware corporation (the "Corporation"), do hereby adopt, by this written consent, the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board and direct that this written consent be filed with the minutes of the proceedings of the Board:

WHEREAS, the Board has been presented with a proposed petition to be filed by the Corporation in the United States Bankruptcy Court for the Southern District of New York seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Corporation will benefit by the borrowings and use of cash collateral under that certain Revolving Credit, Term Loan and Guaranty Agreement, to be dated the date of the filing of the petition pursuant to Chapter 11 of the Bankruptcy Code (the "Loan Agreement" and together with each other document, instrument or agreement executed by the Corporation or any Guarantor in connection therewith, the "Loan Documents"), among Delphi Corporation (the "Parent") (the ultimate parent of the Corporation), the Corporation, each a debtor and debtor-in-possession in a case to be filed under Chapter 11 of the Bankruptcy Code, and the other subsidiaries of the Parent signatory thereto (each a "Guarantor" and collectively with the Corporation, the "Guarantors"), each of which Guarantors will be a debtor and debtor-in-possession in a case to be filed under Chapter 11 of the Bankruptcy Code (the cases of the Parent and the Guarantors, each a "Case" and collectively, the "Cases"), JPMorgan Chase Bank, N.A. ("JPMCB"), Citigroup USA, Inc. ("CUSA"), each of the other financial institutions from time to time party hereto (together with JPMCB and CUSA, the "Lenders"), JPMCB, as administrative agent (in such capacity, the "Administrative Agent") for the Lenders, and CUSA, as syndication agent (in such capacity, the "Syndication Agent"; together, the Administrative Agent and the Syndication Agent are the "Agents") for the Lenders; which Loan Documents (A) provide the Parent with loan facilities of $2,000,000,000, comprised of (i) a revolving credit and letter of credit facility in an

aggregate principal amount of $1,750,000,000 as set forth therein and (ii) a term loan in an aggregate principal amount of $250,000,000 as set forth therein, (B) require all of the Parent's obligations therein to be guaranteed by the Guarantors, and (C) provide for the proceeds therefrom to be used for working capital and for other general corporate purposes of the Parent and its Subsidiaries, including the making of pension contributions, adequate protection payments to the pre-petition lenders, and the payment of transaction costs, fees and expenses in respect of the contemplated transactions and the Cases and the payment of all Restructuring Costs (as defined in the Loan Agreement);

WHEREAS, the Board has determined that it is in the best interests of this Corporation and its stakeholders that this Corporation file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession would be sought.

NOW THEREFORE, BE IT RESOLVED, that this Corporation file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that each of the president, vice president, secretary, treasurer, assistant secretary, assistant treasurer and chief tax officer of the Corporation be appointed by the Board as an authorized signatory (each, individually, an "Authorized Officer," and, collectively, the "Authorized Officers") in connection with the chapter 11 case authorized herein; and it is further

RESOLVED, that the Authorized Officers or any one of them be, and each of them hereby is, authorized, empowered and directed on behalf of this Corporation to execute and verify a petition in the name of the Corporation under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York in such form and at such time as the Authorized Officer executing said petition on behalf of this Corporation shall determine; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officers or any other officers of the Corporation to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

2

RESOLVED, that the terms and provisions of the Loan Documents, with such deletions or changes therein or additions thereto (substantial or otherwise) as the Authorized Officer executing the same may approve, are hereby adopted and approved in all respects; and that the Corporation hereby is authorized to enter into the Loan Documents and perform its obligations under the Loan Documents and to execute, authorize, deliver, verify, and/or file, or cause to be executed, authorized, delivered, verified and/or filed all necessary documents required to consummate the transactions contemplated thereby, and the Corporation is hereby authorized to borrow and to request letters of credit under the Loan Documents, and to pledge, mortgage or grant a lien or a security interest in, assets of the Corporation as security for such borrowing; and it is further

RESOLVED, that each and every officer, including the Authorized Officers, of the Corporation be, and each of them, acting alone, is hereby authorized, directed and empowered from time to time in the name and on behalf of the Corporation to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Corporation or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the Loan Documents (including, without limitation, any amendments, supplements or modifications to the Loan Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Corporation now or hereafter acquired as contemplated by the Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Corporation, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, his or her execution and delivery thereof to be conclusive evidence that he or she deems it necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority to so act and of his or her approval thereof; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to execute, deliver and perform for and on behalf of the Corporation, as a debtor and debtor-in-possession, such agreements, instruments and any and all other documents and amendments necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Authorized Officer or Authorized Officers so acting; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to authorize the Agent (as

3

defined in the Loan Agreement) to file any Uniform Commercial Code (the "UCC") financing statement the Agent deems necessary or convenient to perfect any lien or security interest granted under any agreement of the Corporation granting security to the Agent for the benefit of the Lenders, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets", "all property now or hereafter acquired" and other similar descriptions of like import and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Corporation and such other filing in respect of intellectual and other property of the Corporation, in each case as the Agent may reasonably request to perfect the security interests of the Agent and the Lenders under the Loan Documents; and it is further

RESOLVED, that the Corporation as an indirect wholly-owned subsidiary of Parent, hereby is authorized and empowered to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, consents, resolutions, documents, certificates and undertakings, and to incur all such fees and expenses as in its judgment shall be necessary, appropriate or advisable to cause and authorize the Corporation to guaranty, including, without limitation, any guaranty required by the Agent as a condition of the Lenders entry into the Loan Documents, the borrowing by the Parent of funds from a Lender or Lenders as any Authorized Officer of the Corporation or Parent deems appropriate, and obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by any one or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Corporation and Parent and the Corporation may grant security interests in and liens upon all or any portion of its assets as may be deemed necessary by any one or more of the Authorized Officers in connection with such borrowings or the use of such cash collateral, including, without limitation, any grant of security, liens or mortgages required by the Agent as a condition of the Lenders entry into the Loan Documents; and it is further

RESOLVED, that Rothschild, Inc. be, and hereby are, employed as financial advisors and investment bankers for the Corporation in the chapter 11 case; and it is further

RESOLVED, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under general retainer as attorneys for the Corporation in the chapter 11 case; and it is further

4

RESOLVED, that the law firm of Shearman & Sterling LLP be, and hereby are, employed as special counsel for the Corporation in the chapter 11 case; and it is further

RESOLVED, that FTI Consulting, Inc. be, and hereby are, employed as restructuring advisor for the Corporation in the chapter 11 case; and it is further

RESOLVED, that the Authorized Officers of the Corporation be, and each of them, with full authority to act without the others, hereby is, authorized, in the name and on behalf of the Corporation, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers of the Corporation, each of the Authorized Officers of the Corporation be, and they hereby are, authorized and directed to take or perform or cause to be taken or performed all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents in the name and on behalf of the Corporation, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary or advisable in order to carry out fully the intent and purposes of the foregoing resolutions; and it is further

RESOLVED, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED, that this consent may be signed in any number of counterparts, each of which shall be an original and all of which, taken together, shall constitute one and the same instrument and that once signed, this consent shall be filed with the corporate records of the Corporation; and it is further

RESOLVED, that the foregoing resolutions shall be effective upon, and only in the event that, the Parent resolves to file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code.

5

When signed by all members of the Corporation's Board of Directors, this unanimous written consent shall be effective as of the date first written above.

[SIGNATURE PAGE FOLLOWS]

6

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent of the Board of Directors as of the date first written above.

By: _____
      Mark C. Lorenz

By: _____
      John D. Sheehan

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent of the Board of Directors as of the date first written above.

By: _____
    Mark C. Lorenz

By: _____
    John D. Sheehan

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE | ) | CHAPTER 11 |
|  | ) | CASE NO. 05-44481 (RDD) |
| DELPHI CORPORATION et al., | ) |  |
|  | ) | (JOINTLY ADMINISTERED) |
| Debtors. | ) |  |
|  | ) |  |

## PROOF OF SERVICE

STATE OF MICHIGAN)
                 )
COUNTY OF GENESEE)

I, Lafonza Earl Washington deposes, states:

That on August 14, 2006, he did serve by United States Postal
Service First Class mail and where NOTED   Certified mail with a
Return Receipt, postage prepaid, the documents identified below
upon the persons, firms, corporations, government agencies etc.;

1. "NOTICE" Of Motion and Application For the Court's
   "ENTRY" Of Order Enforcing Writ Of Execution
   Process Disbursing Human Capital Obligations And
   Cash Management Orders Previously Entered On
   October 8, 2005, But Disobeyed, For the Statutory
   Payment Of Money In the Sum Certain Of
   $1,029,114,359.00 At 15% APR And Earning Interest
   Per Day Of $416,890.00 - By Law - On the
   Direction And 11 U.S.C. § 102 (1) (B) Notice Of
   Judgment/Order Creditor Lafonza Earl Washington.

2. "NOTICE" Of The Court's "ENTRY" Of It's Duty
   To "STRIKE" Debtor's Response To Lafonza Earl
   Washington's Demand For Immediate Distribution
   Dated July 12, 2006, Pursuant To FRCP 12 (f).

3. "NOTICE" Of Transfer Of Claim Pursuant To
   Federal Rules Of Bankruptcy Procedure Rule
   3001 (e) (4), Title 11 U.S.C. § 102 (1) (B),
   and Res Judicata Human Capital Obligations and
   Cash Management Court Ordered Entries On
   October 8, 2005, Including 11 U.S.C. § 301
   Statutory "ENTRY" Of Order For Relief.

4. "NOTICE" Of Transfer Of Claim Pursuant To FRBP
   Rule 3001 (e) (4) and EXHIBIT A: #I - TRANSFER
   NOTICE; #II - ASSIGNMENT OF CLAIM AGREEMENT;
   #III - Judgment Fund Transmittal; #IV -
   Judgment Fund Award Data Sheet; #V - Judgment
   Fund Voucher For Payment; #VI - Case Informa-
   tion; #VII - FORMB1 the Delphi Automotive

Systems (Holding), Inc. Voluntary Petition filed
in the United States Bankruptcy Court Southern
District of New York and 'NOTICE OF HEARING ON
FIRST DAY MOTIONS'; #VIII - United States
Bankruptcy Court Clerk Kathleen Farrell-
Willoughby's letter dated December 13, 2005,
verification of recording on the claims register
Lafonza Earl Washington's Claims No. 257,
No. 264, No. 288, and No. 297; and #IX - Delphi
Automotive Systems (Holding), Inc. Unanimous
Written Consent Of The Board Of Directors'.

Please file according to the Clerk's statutory, nondiscretionary
duties under FRBP 5005 (a) (1) and FRCP 1, 2, 3, 4.1 (a) and (b),
5 (a), (b) (1) and (2) (c), (d) and (e), 54, 58, 77 (a), (b) and
(c), 79 (a) etc.

By: *Lafonza Earl Washington*
Judgment/Order Creditor

Mailed to:

    Clerk of the Court
    U.S. Bankruptcy Court
    Southern District of New York
    One Bowling Green
    New York, N.Y.  10004

    Department of the Treasury
    Financial Management Service
    Judgment Fund Branch/Judgment Fund Transmittal
    3700 East-West Highway, Room "6E15"
    Hyattsville, Maryland  20782

    Department of Justice
    United States Trustee Program
    Southern District of New York
    c/o Alicia M. Leonhard, Trial Attorney
    33 Whitehall Street, Suite 2100
    New York, N.Y.  10004