# EXHIBIT A

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**JOHN P. ARLE**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>**Pepper Hamilton LLP**<br>**100 Renaissance Center, Suite 3600**<br>**Detroit, MI 48243-1157**<br><br>Telephone number:  **(313) 393-7433** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends    a previously filed claim, dated: _____ |
|---|---|

| 1. **Basis for Claim**<br>☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other   **SEE ATTACHED** _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #:<br>Unpaid compensation for services performed<br>from _____ to _____<br>       (date)          (date) |
|---|---|

| 2. Date debt was incurred:<br>**SEE ATTACHED** | 3. If court judgment, date obtained:<br>N/A |
|---|---|

4. Total Amount of Claim at Time Case Filed:   $    **SEE ATTACHED**      _____    _____    **SEE ATTACHED**
                                     (unsecured)        (secured)       (priority)        (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other_____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6. **Unsecured Nonpriority Claim** $ **SEE ATTACHED** _____<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | 7. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |
|---|---|

| 8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>9. **Supporting Documents:** *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**<br><br>10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br>July ___, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br><br>**John P. Arle** |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    __John P. Arle__

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X]  Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles:  claim is contingent, and amount is unliquidated.

2.    [ ]  Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X]  Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries:  claim is contingent, and amount is unliquidated.

4.    [X]  Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X]  6,599 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X]  Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date:  claim is contingent, and amount is unliquidated.

7.    [X]  Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X]  Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"):  claim is contingent, and amount is unliquidated.

9.    [ ]  Award under Annual Incentive Plan for 2005:  claim is contingent, and amount is unliquidated.

10.    [X]  Award under Long-Term Incentive Plan to the extent not included in item 4 above:  claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous.  They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor.  To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

DT: #333839 v1 (75LB01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**JAMES A. BERTRAND**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>**Pepper Hamilton LLP**<br>**100 Renaissance Center, Suite 3600**<br>**Detroit, MI 48243-1157**<br><br>Telephone number: **(313) 393-7433** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court.<br><br>THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends     a previously filed claim, dated: _____ |
|---|---|

| 1.   **Basis for Claim**<br>☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other  **SEE ATTACHED** _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #:<br>Unpaid compensation for services performed<br>from _____ to _____<br>　　　　(date)　　　　(date) |
|---|---|

| 2.   Date debt was incurred:<br>**SEE ATTACHED** | 3. If court judgment, date obtained:<br>N/A |
|---|---|

4.   Total Amount of Claim at Time Case Filed:  $ **SEE ATTACHED** _____  _____  **SEE ATTACHED**
　　　　　　　　　　　　　　　　　　　(unsecured)　　(secured)　　(priority)　　　　(Total)

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6. Unsecured Nonpriority Claim $ **SEE ATTACHED**<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority | 7.   Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |
|---|---|

| 8.   Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>9.   Supporting Documents: *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**<br><br>10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br>July 25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br><br>**James A. Bertrand** |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: ___James A. Bertrand___

      As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

      1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

      2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

      3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

      4.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

      5.    [X] 9,212 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

      6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

      7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

      8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

      9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

      10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

      The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

Initials

DT: #333847 v1 (75LJ01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**KEVIN M. BUTLER**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>Pepper Hamilton LLP<br>100 Renaissance Center, Suite 3600<br>Detroit, MI 48243-1157<br><br>Telephone number: **(313) 393-7433** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court.<br><br>THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____ |
|---|---|

| 1. Basis for Claim<br>☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other  **SEE ATTACHED** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #:<br>Unpaid compensation for services performed<br>from _____ to _____<br>        (date)              (date) |
|---|---|

| 2. Date debt was incurred:<br>**SEE ATTACHED** | 3. If court judgment, date obtained:<br>N/A |
|---|---|

4. Total Amount of Claim at Time Case Filed:   $ __**SEE ATTACHED**__        _____   _____   __**SEE ATTACHED**__
                                                              (unsecured)     (secured)     (priority)        (Total)

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6. Unsecured Nonpriority Claim $ **SEE ATTACHED**<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority | 7. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |
|---|---|

| 8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>9. Supporting Documents: Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**<br><br>10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br><br>July 25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any)<br><br>_Kevin M. Butler_ (signature)<br>**Kevin M. Butler** | |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.*

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: ___**Kevin M. Butler**___

      As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

      1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

      2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

      3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

      4.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

      5.    [X] 6,599 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

      6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

      7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

      8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

      9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

      10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

      The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

                                                  Initials

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor **DELPHI CORPORATION** | Case Number **05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): <br><br> **CHOON T. CHON** <br><br> Name and address where notices should be sent: <br> c/o Robert S. Hertzberg, Esq. <br> **Pepper Hamilton LLP** <br> **100 Renaissance Center, Suite 3600** <br> **Detroit, MI 48243-1157** <br><br> Telephone number:  **(313) 393-7433** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br> ☐ Check box if you have never received any notices from the bankruptcy court in this case. <br> ☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here <br> if this claim | ☐ replaces <br> ☐ amends | a previously filed claim, dated: _____ |
|---|---|---|---|

| 1.    Basis for Claim <br> ☐ Goods Sold / Services Performed <br> ☐ Customer Claim <br> ☐ Taxes <br> ☐ Money loaned <br> ☐ Personal injury/wrongful death <br> ☒ Other  **SEE ATTACHED** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) <br> ☐ Wages, salaries, and compensation (fill out below) <br> Last four digits of SS #: <br> Unpaid compensation for services performed <br><br> from _____ to _____ <br> (date)                (date) |
|---|---|

| 2.    Date debt was incurred: <br> **SEE ATTACHED** | 3. If court judgment, date obtained: <br> **N/A** |
|---|---|

4.    Total Amount of Claim at Time Case Filed:    $   **SEE ATTACHED**   _____   _____   **SEE ATTACHED**
                                                                         (unsecured)       (secured)       (priority)       (Total)

☐  If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim. <br> ☐ Check this box if your claim is secured by collateral (including a right of setoff). <br><br> Brief Description of Collateral: <br> ☐ Real Estate    ☐ Motor Vehicle <br> ☐ Other _____ <br><br> Value of Collateral: $ _____ <br><br> Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ <br><br> 6. Unsecured Nonpriority Claim $ **SEE ATTACHED** <br><br> ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority | 7.  Unsecured Priority Claim. <br> ☐ Check this box if you have an unsecured priority claim <br> Amount entitled to priority $ _____ <br> Specify the priority of the claim: <br> ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3). <br> ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4). <br> ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6). <br> ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7). <br> ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8). <br> ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___). <br> *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |
|---|---|

| 8.  Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. <br><br> 9.  Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)** <br><br> 10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date <br> July_____, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any). <br> _(signature)_  **7/22/06** <br> Choon T. Chon |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: ____**Choon T. Chon**____

        As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

        1.    [**X**] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

        2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____ .

        3.    [**X**] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

        4.    [**X**] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

        5.    [**X**] _4,536_ vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

        6.    [**X**] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

        7.    [**X**] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

        8.    [**X**] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

        9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

        10.    [**X**] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

        The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

                                                     *CTC*
                                                   Initials

DT: #333970 v1 (75_Y01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): <br><br>**DANIEL B. CRISHON**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>**Pepper Hamilton LLP**<br>**100 Renaissance Center, Suite 3600**<br>**Detroit, MI 48243-1157**<br><br>Telephone number:  **(313) 393-7433** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | |
|---|---|---|
| | | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here if this claim  ☐ replaces  ☐ amends    a previously filed claim, dated: _____ |
|---|---|

| 1.  Basis for Claim<br>☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other  **SEE ATTACHED** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #:<br>Unpaid compensation for services performed<br>from _____ to _____<br>      (date)            (date) |
|---|---|

| 2.  Date debt was incurred:<br>**SEE ATTACHED** | 3.  If court judgment, date obtained:<br>N/A |
|---|---|

| 4.  Total Amount of Claim at Time Case Filed:   $ **SEE ATTACHED**                                  **SEE ATTACHED** |
|---|

(unsecured)      (secured)      (priority)      (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate  ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6.  Unsecured Nonpriority Claim $ **SEE ATTACHED** _____<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | 7.  Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |
|---|---|

| 8.  Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>9.  Supporting Documents: *Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.* **(Documents are voluminous and are in possession of Debtor.)**<br><br>10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br>July 25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br>_Daniel B. Crishon_<br>Daniel B. Crishon |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.*

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    __Daniel B. Crishon__

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X]  Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [ ]  Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X]  Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4.    [ ]  Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X]  2,008 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X]  Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

7.    [X]  Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X]  Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9.    [ ]  Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

10.    [X]  Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

DBC
_____
Initials

DT. #333824 v1 (75KW01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**MICHAEL P. GANNON**

Name and address where notices should be sent:
c/o Robert S. Hertzberg, Esq.
**Pepper Hamilton LLP**
**100 Renaissance Center, Suite 3600**
**Detroit, MI 48243-1157**

Telephone number: **(313) 393-7433**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here
if this claim ☐ replaces   a previously filed claim, dated: _____
☐ amends

**1.** Basis for Claim
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money loaned
☐ Personal injury/wrongful death
☒ Other  **SEE ATTACHED** _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ to _____
        (date)        (date)

**2.** Date debt was incurred:
    **SEE ATTACHED**

**3. If court judgment, date obtained:**
        N/A

**4.** Total Amount of Claim at Time Case Filed:  $  **SEE ATTACHED** _____ _____ _____ **SEE ATTACHED**
                    (unsecured)    (secured)    (priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim $ SEE ATTACHED** _____

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___)
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**

**10. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date<br>July **25**, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br>*[signature]*<br>Michael P. Gannon |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    **Michael P. Gannon**

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X]  Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles:  claim is contingent, and amount is unliquidated.

2.    [ ]  Award under Performance Achievement Plan for 2002-2004 of

$ _____ .

3.    [X]  Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries:  claim is contingent, and amount is unliquidated.

4.    [X]  Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control:  claim is contingent, and amount is unliquidated.

5.    [X]  2,823 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X]  Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date:  claim is contingent, and amount is unliquidated.

7.    [X]  Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor:  claim is contingent, and amount is unliquidated.

8.    [X]  Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"):  claim is contingent, and amount is unliquidated.

9.    [ ]  Award under Annual Incentive Plan for 2005:  claim is contingent, and amount is unliquidated.

10.    [X]  Award under Long-Term Incentive Plan to the extent not included in item 4 above:  claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous.  They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor.  To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

DT. #333831 v1 (75L301!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**GUY C. HACHEY** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br><br>c/o Robert S. Hertzberg, Esq.<br>Pepper Hamilton LLP<br>100 Renaissance Center, Suite 3600<br>Detroit, MI 48243-1157<br><br>Telephone number: (313) 393-7433 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here if this claim | ☐ replaces    a previously filed claim, dated: _____<br>☐ amends |
|---|---|---|

| 1. Basis for Claim<br>☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other **SEE ATTACHED** _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #:<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date)          (date) |
|---|---|

| 2. Date debt was incurred:<br>**SEE ATTACHED** | 3. If court judgment, date obtained:<br>**N/A** |
|---|---|

4. Total Amount of Claim at Time Case Filed:  $  **SEE ATTACHED**                        **SEE ATTACHED**
   (unsecured)          (secured)          (priority)          (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate    ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6. Unsecured Nonpriority Claim $ **SEE ATTACHED** _____<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority | 7. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |
|---|---|

| 8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| 9. Supporting Documents: *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)** | |
| 10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | |

| Date<br>July 25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br><br>Guy C. Hachey |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: ____**Guy C. Hachey**____

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1. [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2. [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3. [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4. [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5. [X] 9,212 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6. [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

7. [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8. [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9. [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

10. [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

DT-#333825 v1 (75KX01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**KAREN L. HEALY** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>**Pepper Hamilton LLP**<br>**100 Renaissance Center, Suite 3600**<br>**Detroit, MI 48243-1157**<br><br>Telephone number: **(313) 393-7433** | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here<br>if this claim | ☐ replaces<br>☐ amends | a previously filed claim, dated: _____ |
|---|---|---|---|

**1.** Basis for Claim
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Other  **SEE ATTACHED**

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
      (date)    (date)

| **2.** Date debt was incurred:<br><br>**SEE ATTACHED** | **3.** If court judgment, date obtained:<br>N/A |
|---|---|

**4.** Total Amount of Claim at Time Case Filed:    $ _**SEE ATTACHED**_ _____ _____ **SEE ATTACHED**
                              (unsecured)    (secured)    (priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.** Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate   ☐ Motor Vehicle
- ☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6.** Unsecured Nonpriority Claim $ **SEE ATTACHED** _____

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.** Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
    Amount entitled to priority $ _____
    Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

| **8.** Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| **9.** Supporting Documents: *Attach copies of supporting document*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **[Documents are voluminous and are in possession of Debtor.]** | |
| **10.** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date<br><br>July_____, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br><br>*Karen L. Healy*<br>**Karen L. Healy, Vice President Corporate Affairs** |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:   __Karen L. Healy__

      As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

      1.    [X]  Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles:  claim is contingent, and amount is unliquidated.

      2.    [ ]  Award under Performance Achievement Plan for 2002-2004 of

$ _____.

      3.    [X]  Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries:  claim is contingent, and amount is unliquidated.

      4.    [X]  Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control:  claim is contingent, and amount is unliquidated.

      5.    [X]  4,749  vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

      6.    [X]  Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date:  claim is contingent, and amount is unliquidated.

      7.    [X]  Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor:  claim is contingent, and amount is unliquidated.

      8.    [X]  Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"):  claim is contingent, and amount is unliquidated.

      9.    [ ]  Award under Annual Incentive Plan for 2005:  claim is contingent, and amount is unliquidated.

      10.    [X]  Award under Long-Term Incentive Plan to the extent not included in item 4 above:  claim is contingent, and amount is unliquidated.

      The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

                                                _____
                                                    Initials

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor **DELPHI CORPORATION** | Case Number  **05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**Ronald E. Jobe**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>**Pepper Hamilton LLP**<br>**100 Renaissance Center, Suite 3600**<br>**Detroit, MI 48243-1157**<br><br>Telephone number:  **(313) 393-7433** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends    a previously filed claim, dated: _____ |
|---|---|

| 1.  **Basis for Claim**<br>☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other  **SEE ATTACHED** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #:<br>Unpaid compensation for services performed<br><br>from _____ to _____<br>            (date)              (date) |
|---|---|

| 2.  Date debt was incurred:<br>**SEE ATTACHED** | 3.  If court judgment, date obtained:<br>**N/A** |
|---|---|

4.  Total Amount of Claim at Time Case Filed:  $  <u>**SEE ATTACHED**</u>      <u>**SEE ATTACHED**</u>
                                                                    (unsecured)      (secured)      (priority)      (Total)

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5.  **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate  ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6.  Unsecured Nonpriority Claim $ <u>**SEE ATTACHED**</u><br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | 7.  **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |
|---|---|

| 8.  **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

9.  **Supporting Documents:** Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.  **(Documents are voluminous and are in possession of Debtor.)**

10.  **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date<br><br>July 26, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br><br>Ronald E. Jobe |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: _____**Ronald E. Jobe**_____

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4.    [ ] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X]  4.017 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

DT: #333997 v1 (75PP01!.DOC)

ORIGINAL

FORM B10 (Official Form 10) (04/05)

| United States Bankruptcy Court Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**DAVID KNILL**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>Pepper Hamilton LLP<br>100 Renaissance Center, Suite 3600<br>Detroit, MI 48243-1157<br><br>Telephone number:  (313) 393-7433 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. |
| | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends    a previously filed claim, dated: _____ |

| 1. Basis for Claim | |
|---|---|
| ☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other  **SEE ATTACHED** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #:<br>Unpaid compensation for services performed<br><br>from _____ to _____<br>(date)        (date) |

| 2. Date debt was incurred:<br>**SEE ATTACHED** | 3. If court judgment, date obtained:<br>**N/A** |
|---|---|

4. Total Amount of Claim at Time Case Filed:    $ **SEE ATTACHED** _____ _____ **SEE ATTACHED**
   (unsecured)    (secured)    (priority)    (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim. | 7. Unsecured Priority Claim. |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate    ☐ Motor Vehicle<br>☐ Other_____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>**6. Unsecured Nonpriority Claim $ SEE ATTACHED** _____<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority | ☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |

| 8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| **9. Supporting Documents:** Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. (Documents are voluminous and are in possession of Debtor.)<br><br>10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | |

| Date<br>July 26, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br><br>David Knill | |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    **David Knill**

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles:  claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries:  claim is contingent, and amount is unliquidated.

4.    [ ] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control:  claim is contingent, and amount is unliquidated.

5.    [X] 2,953 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date:  claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor:  claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"):  claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005:  claim is contingent, and amount is unliquidated.

10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above:  claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

DT: #333881 v1 (75MH911.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor <br> **DELPHI CORPORATION** | Case Number <br> **05-44481** | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**MARK C. LORENZ**

Name and address where notices should be sent:
c/o Robert S. Hertzberg, Esq.
Pepper Hamilton LLP
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157

Telephone number:  **(313) 393-7433**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here
if this claim ☐ replaces
☐ amends     a previously filed claim, dated: _____

**1.  Basis for Claim**
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money loaned
☐ Personal injury/wrongful death
☒ Other  **SEE ATTACHED** _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ to _____
    (date)       (date)

**2.  Date debt was incurred:**
**SEE ATTACHED**

**3.  If court judgment, date obtained:**
**N/A**

**4.  Total Amount of Claim at Time Case Filed:**   $ **SEE ATTACHED**
              (unsecured)    (secured)    (priority)      **SEE ATTACHED** (Total)

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim $ SEE ATTACHED**

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.  Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**9. Supporting Documents:** *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date <br> July 25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any). <br> *Mark C. Lorenz* <br> Mark C. Lorenz |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: ____**Mark C. Lorenz**____

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles:  claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries:  claim is contingent, and amount is unliquidated.

4.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control:  claim is contingent, and amount is unliquidated.

5.    [X] 6,599 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date:  claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor:  claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"):  claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005:  claim is contingent, and amount is unliquidated.

10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above:  claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous.  They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor.  To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

DT: #333838 v1 (75L@01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**RODNEY O'NEAL** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>**Pepper Hamilton LLP**<br>**100 Renaissance Center, Suite 3600**<br>**Detroit, MI 48243-1157**<br><br>Telephone number: **(313) 393-7433** | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here<br>if this claim | ☐ replaces<br>☐ amends | a previously filed claim, dated: _____ |
|---|---|---|---|

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Other    **SEE ATTACHED**

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below).
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
      (date)      (date)

| **2. Date debt was incurred:**<br>**SEE ATTACHED** | **3. If court judgment, date obtained:**<br>N/A |
|---|---|

**4.** Total Amount of Claim at Time Case Filed:  $ _____ **SEE ATTACHED** _____ _____ **SEE ATTACHED**
              (unsecured)     (secured)     (priority)     (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ · Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ **SEE ATTACHED** _____

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

| **8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| **9. Supporting Documents:** *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)** | |
| **10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date<br><br>July 26, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br><br>*[signature]*<br>Rodney O'Neal / President + COO | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

# ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    **Rodney O'Neal**

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X]  Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles:  claim is contingent, and amount is unliquidated.

2.    [ ]  Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X]  Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries:  claim is contingent, and amount is unliquidated.

4.    [X]  Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control:  claim is contingent, and amount is unliquidated.

5.    [X]  15,742  vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X]  Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date:  claim is contingent, and amount is unliquidated.

7.    [X]  Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor:  claim is contingent, and amount is unliquidated.

8.    [X]  Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"):  claim is contingent, and amount is unliquidated.

9.    [ ]  Award under Annual Incentive Plan for 2005:  claim is contingent, and amount is unliquidated.

10.    [X]  Award under Long-Term Incentive Plan to the extent not included in item 4 above:  claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous.  They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor.  To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

Initials

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor **DELPHI CORPORATION** | Case Number **05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**FRANCISCO A. ORDONEZ**

Name and address where notices should be sent:
c/o Robert S. Hertzberg, Esq.
Pepper Hamilton LLP
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157

Telephone number  (313) 393-7433

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends
a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money loaned
☐ Personal injury/wrongful death
☒ Other **SEE ATTACHED**

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ to _____
(date)          (date)

**2. Date debt was incurred:**
SEE ATTACHED

**3. If court judgment, date obtained:**
N/A

**4. Total Amount of Claim at Time Case Filed:** $ **SEE ATTACHED** _____  _____  **SEE ATTACHED**
(unsecured)      (secured)      (priority)      (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ **SEE ATTACHED**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS.* If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date July 25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any). _Francisco A. Ordonez_ |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: ___**Francisco A. Ordonez**___

     As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

     1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

     2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

     3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

     4.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

     5.    [X] 6,337 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

     6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

     7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

     8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

     9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

     10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

     The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

7/25/06

DT: #333888 v1 (75M_01! DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**JEFFREY J. OWENS** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>**Pepper Hamilton LLP**<br>**100 Renaissance Center, Suite 3600**<br>**Detroit, MI 48243-1157**<br><br>Telephone number:  (313) 393-7433 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here<br>if this claim | ☐ replaces<br>☐ amends | a previously filed claim, dated: _____ |
|---|---|---|---|

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Other   SEE ATTACHED

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
       (date)              (date)

**2. Date debt was incurred:**
SEE ATTACHED

**3. If court judgment, date obtained:**
N/A

**4. Total Amount of Claim at Time Case Filed:**   $   SEE ATTACHED

| SEE ATTACHED | | | SEE ATTACHED |
|---|---|---|---|
| (unsecured) | (secured) | (priority) | (Total) |

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ SEE ATTACHED

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting document*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date<br>July 26, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br><br>Jeffrey J. Owens |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.*

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: ___**Jeffrey J. Owens**___

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X] 8,004 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

DT: #333821 v1 (75KT011.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**RONALD PIRTLE**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>Pepper Hamilton LLP<br>100 Renaissance Center, Suite 3600<br>Detroit, MI 48243-1157<br><br>Telephone number: (313) 393-7433 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court.<br><br>THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends     a previously filed claim, dated: _____ |
|---|---|

| 1.    Basis for Claim<br>☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other **SEE ATTACHED** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #:<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date)          (date) |
|---|---|

| 2.    Date debt was incurred:<br>**SEE ATTACHED** | 3. If court judgment, date obtained:<br>**N/A** |
|---|---|

4.    Total Amount of Claim at Time Case Filed:    $   **SEE ATTACHED**  _____  _____  **SEE ATTACHED**
                                                              (unsecured)    (secured)    (priority)    (Total)
     ☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
     Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6. Unsecured Nonpriority Claim $ **SEE ATTACHED**<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | 7. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |
|---|---|

| 8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>9. Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**<br><br>10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br>July **25**, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br><br>*Ronald Pirtle*<br>Ronald Pirtle |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    **Ronald M. Pirtle**

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X]  Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles:  claim is contingent, and amount is unliquidated.

2.    [ ]  Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X]  Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries:  claim is contingent, and amount is unliquidated.

4.    [X]  Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X]  9,212 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X]  Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date:  claim is contingent, and amount is unliquidated.

7.    [X]  Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X]  Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"):  claim is contingent, and amount is unliquidated.

9.    [ ]  Award under Annual Incentive Plan for 2005:  claim is contingent, and amount is unliquidated.

10.   [X]  Award under Long-Term Incentive Plan to the extent not included in item 4 above:  claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous.  They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor.  To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**RONALD M. POGUE**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>**Pepper Hamilton LLP**<br>**100 Renaissance Center, Suite 3600**<br>**Detroit, MI 48243-1157**<br><br>Telephone number:  (313) 393-7433 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends | a previously filed claim, dated: _____ |
|---|---|---|

| 1. Basis for Claim<br>☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other  **SEE ATTACHED** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #:<br>Unpaid compensation for services performed<br><br>from _____ to _____<br>     (date)        (date) |
|---|---|

| 2. Date debt was incurred:<br>    **SEE ATTACHED** | 3. If court judgment, date obtained:<br>    N/A |
|---|---|

4. Total Amount of Claim at Time Case Filed: $ ___**SEE ATTACHED**___  _____  _____  ___**SEE ATTACHED**___
                              (unsecured)     (secured)     (priority)     (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate  ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6. Unsecured Nonpriority Claim $ **SEE ATTACHED**<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | 7. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |
|---|---|

| 8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>9. Supporting Documents: *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**<br><br>10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br><br>July __26__, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).<br><br>**Ronald M. Pogue** |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    __**Ronald M. Pogue**__

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [ ] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4.    [ ] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X] 2,008 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____*RmP*_____
Initials

DT: 8333891 v1 (75MR01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**ROBERT J. REMENAR**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>Pepper Hamilton LLP<br>100 Renaissance Center, Suite 3600<br>Detroit, MI 48243-1157<br><br>Telephone number:  **(313) 393-7433** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | |
|---|---|---|
| | | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here<br>if this claim  ☐ replaces    a previously filed claim, dated: _____<br>                ☐ amends |
|---|---|

| 1.  Basis for Claim<br>☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other  **SEE ATTACHED** _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #:<br>Unpaid compensation for services performed<br><br>from _____ to _____<br>      (date)      (date) |
|---|---|

| 2.  Date debt was incurred:<br>**SEE ATTACHED** | 3. If court judgment, date obtained:<br>N/A |
|---|---|

| 4.  Total Amount of Claim at Time Case Filed:  $ **SEE ATTACHED** | | | **SEE ATTACHED** |
|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (Total) |

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate    ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6.  Unsecured Nonpriority Claim $ **SEE ATTACHED**<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | 7.  Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. l. 109-8. |
|---|---|

| 8.  Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>9.  Supporting Documents: Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**<br><br>10.  Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br><br>July  25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any)<br><br>_Robert J. Remenar_ |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    **Robert J. Remenar**

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X]  Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [ ]  Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X]  Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4.    [X]  Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X]  7,671 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X]  Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date:  claim is contingent, and amount is unliquidated.

7.    [X]  Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X]  Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9.    [ ]  Award under Annual Incentive Plan for 2005:  claim is contingent, and amount is unliquidated.

10.    [X]  Award under Long-Term Incentive Plan to the extent not included in item 4 above:  claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous.  They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor.  To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
                                                                        Initials

DT #333883 v1 (75MJ01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**F. TIMOTHY RICHARDS**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>**Pepper Hamilton LLP**<br>**100 Renaissance Center, Suite 3600**<br>**Detroit, MI 48243-1157**<br><br>Telephone number:  **(313) 393-7433** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces a previously filed claim, dated: _____<br>if this claim ☐ amends | |
|---|---|---|

| 1. **Basis for Claim**<br>☐ Goods Sold / Services Performed<br>☐ Customer Claim<br>☐ Taxes<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Other   **SEE ATTACHED** _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date)      (date) |
|---|---|

| 2. **Date debt was incurred:**<br>**SEE ATTACHED** | 3. **If court judgment, date obtained:**<br>**N/A** |
|---|---|

4. **Total Amount of Claim at Time Case Filed:**    $    **SEE ATTACHED** _____ _____ **SEE ATTACHED**
(unsecured)       (secured)       (priority)       (Total)

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate  ☐ Motor Vehicle<br>☐ Other_____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6. **Unsecured Nonpriority Claim** $ **SEE ATTACHED** _____<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | 7. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8. |
|---|---|

| 8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>9. **Supporting Documents:** *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**<br><br>10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br>July **26**, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any).  *F. Timothy Richards  26 July 06*<br>**F. Timothy Richards** |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.*

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    **F. Timothy Richards**

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X] 3,469 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>DELPHI CORPORATION | Case Number<br>05-44481 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**GARY J. SIDDALL**

Name and address where notices should be sent:
c/o Robert S. Hertzberg, Esq.
Pepper Hamilton LLP
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157

Telephone number:  (313) 393-7433

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor: | Check here<br>if this claim | ☐ replaces<br>☐ amends | a previously filed claim, dated: _____ |
|---|---|---|---|

1. Basis for Claim
   ☐ Goods Sold / Services Performed
   ☐ Customer Claim
   ☐ Taxes
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☒ Other  **SEE ATTACHED** _____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #:
   Unpaid compensation for services performed
   from _____ to _____
         (date)          (date)

2. Date debt was incurred:
   **SEE ATTACHED**

3. If court judgment, date obtained:
   N/A

4. Total Amount of Claim at Time Case Filed:    $ **SEE ATTACHED** _____ _____ **SEE ATTACHED**
   (unsecured)    (secured)    (priority)    (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).

   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☐ Other_____

   Value of Collateral: $ _____

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. Unsecured Nonpriority Claim $ **SEE ATTACHED** _____
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date<br>July 25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any).<br><br>Gary J. Siddall  *ASSISTANT FINANCE DIRECTOR* |
|---|---|

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    __Gary J. Siddall__

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [ ] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X] 1,316 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
/Initials

DT: #333874 v1 (75M@01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number |
|---|---|
| **DELPHI CORPORATION** | **05-44481** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**JAMES A. SPENCER**

Name and address where notices should be sent:
c/o Robert S. Hertzberg, Esq.
Pepper Hamilton LLP
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157

Telephone number:  **(313) 393-7433**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces    ☐ amends    a previously filed claim, dated: _____

**1.** Basis for Claim
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Other  **SEE ATTACHED** _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
       (date)              (date)

**2.** Date debt was incurred:
**SEE ATTACHED**

**3.** If court judgment, date obtained:
N/A

**4.** Total Amount of Claim at Time Case Filed:  $ **SEE ATTACHED**     _____     _____     **SEE ATTACHED**
                                                    (unsecured)    (secured)    (priority)    (Total)

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim $ SEE ATTACHED** _____

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**9. Supporting Documents:** Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any) |
|---|---|
| July 25, 2006 | _[signature]_<br>James A. Spencer |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name:    __James A. Spencer__

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles:  claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries:  claim is contingent, and amount is unliquidated.

4.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X] 8,472 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date:  claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"):  claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005:  claim is contingent, and amount is unliquidated.

10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above:  claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous.  They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor.  To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

DT: #333842 v1 (75L#01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**DALE R. STELMACH**<br><br>Name and address where notices should be sent:<br>c/o Robert S. Hertzberg, Esq.<br>Pepper Hamilton LLP<br>100 Renaissance Center, Suite 3600<br>Detroit, MI 48243-1157<br><br>Telephone number:  (313) 393-7433 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here<br>if this claim  ☐ replaces      a previously filed claim, dated: _____<br>☐ amends |
|---|---|

**1.** Basis for Claim
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money loaned
☐ Personal injury/wrongful death
☒ Other   **SEE ATTACHED**

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ to _____
(date)              (date)

**2.** Date debt was incurred:
        **SEE ATTACHED**

**3.** If court judgment, date obtained:
        N/A

**4.** Total Amount of Claim at Time Case Filed:   $ __**SEE ATTACHED**__    _____    _____     **SEE ATTACHED**
                                                        (unsecured)        (secured)        (priority)          (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ **SEE ATTACHED**

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.  Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

| **8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

**9. Supporting Documents:** *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date<br>July 25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any)<br><br>Dale R. Stelmach |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: ___**Dale R. Stelmach**___

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [ ] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4.    [ ] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X] 2,953 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [ ] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

7/25/06
Initials

DT: #333840 v1 (75LC01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**BETTE M. WALKER**

Name and address where notices should be sent:
c/o Robert S. Hertzberg, Esq.
Pepper Hamilton LLP
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157

Telephone number: **(313) 393-7433**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends    a previously filed claim, dated: _____

1. **Basis for Claim**
   ☐ Goods Sold / Services Performed
   ☐ Customer Claim
   ☐ Taxes
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☒ Other   **SEE ATTACHED** _____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #:
   Unpaid compensation for services performed
   from _____ to _____
      (date)      (date)

2. Date debt was incurred:
   **SEE ATTACHED**

3. If court judgment, date obtained:
   **N/A**

4. Total Amount of Claim at Time Case Filed:  $ __**SEE ATTACHED**__  _____  _____  __**SEE ATTACHED**__
   (unsecured)    (secured)    (priority)    (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).

   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____

   Value of Collateral: $ _____

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. **Unsecured Nonpriority Claim** $ **SEE ATTACHED** _____

   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing your claim, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05 Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.* **(Documents are voluminous and are in possession of Debtor.)**

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date<br>July 26, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy pf power of attorney, if any):<br>Bette M. Walker |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: ___ **Bette M. Walker** ___

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X] 2,775 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

10.    [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
/ Initials

DT: #333835 v1 (75L70!!.DOC)

ORIGINAL

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor **DELPHI CORPORATION** | Case Number **05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**MARK WEBER**

Name and address where notices should be sent:
c/o Robert S. Hertzberg, Esq.
**Pepper Hamilton LLP**
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157

Telephone number:  (313) 393-7433

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces  ☐ amends  a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money loaned
☐ Personal injury/wrongful death
☒ Other  **SEE ATTACHED**

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ (date) to _____ (date)

**2. Date debt was incurred:**
**SEE ATTACHED**

**3. If court judgment, date obtained:**
N/A

**4. Total Amount of Claim at Time Case Filed:** $ **SEE ATTACHED** (unsecured) (secured) (priority) **SEE ATTACHED** (Total)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other_____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ **SEE ATTACHED**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting document,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date July 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any). **Mark Weber** |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

Creditor's name: ___**Mark R. Weber**___

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [ ] Award under Performance Achievement Plan for 2002-2004 of

$ _____.

3.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

4.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

5.    [X] 14,408 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

6.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

8.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

9.    [ ] Award under Annual Incentive Plan for 2005: claim is contingent, and amount is unliquidated.

10.   [X] Award under Long-Term Incentive Plan to the extent not included in item 4 above: claim is contingent, and amount is unliquidated.

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

_____
Initials

DT. #333843 v1 (75LF01!.DOC)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor **DELPHI CORPORATION** | Case Number **05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**JAMES P. WHITSON**

Name and address where notices should be sent:
c/o Robert S. Hertzberg, Esq.
Pepper Hamilton LLP
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157

Telephone number: **(313) 393-7433**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

1. Basis for Claim
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money loaned
☐ Personal injury/wrongful death
☒ Other  **SEE ATTACHED**

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ (date) to _____ (date)

2. Date debt was incurred: **SEE ATTACHED**

3. If court judgment, date obtained: **N/A**

4. Total Amount of Claim at Time Case Filed: $ **SEE ATTACHED** (unsecured) _____ (secured) _____ (priority) **SEE ATTACHED** (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. Unsecured Nonpriority Claim $ **SEE ATTACHED**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **(Documents are voluminous and are in possession of Debtor.)**

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

Date July 25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any). **James P. Whitson**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**ATTACHMENT TO PROOF OF CLAIM**

Creditor's name: **JAMES P. WHITSON**

As of October 8, 2005 (the "Filing Date"), Creditor had the following claims against Delphi Corporation ("Debtor") which have not been paid or satisfied [check those which apply]:

1.    [X] Awards under Performance Achievement Plan for 2004-2006 and 2005-2007 cycles: claim is contingent, and amount is unliquidated.

2.    [X] Indemnity under Debtor's bylaws with respect to a threatened action, suit or proceeding related to Creditor's being a director, officer or employee of Debtor or its subsidiaries: claim is contingent, and amount is unliquidated.

3.    [X] Pursuant to the Change in Control Agreement between Creditor and Debtor, amounts to be funded and/or paid to Creditor and equity to vest in Creditor, (a) irrespective of whether Creditor has a termination of employment following the change in control, and (b) if Creditor has a termination of employment following the change in control: claim is contingent, and amount is unliquidated.

4.    [X] 2,775 vested but undelivered Restricted Stock Units pursuant to the Long-Term Incentive Plan.

5.    [X] Supplemental group life insurance benefit, which was canceled by the Debtor after the Filing Date: claim is contingent, and amount is unliquidated.

6.    [X] Benefit under Supplemental Executive Retirement Program ("SERP") to the extent Creditor's benefit is affected by the $5,000 per month cap imposed by the Debtor: claim is contingent, and amount is unliquidated.

7.    [X] Benefit under Benefit Equalization Plan for Salaried Employees ("BEP"): claim is contingent, and amount is unliquidated.

8.    [X] Award under Long-Term Incentive Plan: claim is contingent, and amount is unliquidated.

9.    [X] Failure of Debtor to enter into an Employment Agreement with Claimant (who is Chief Tax Officer of Debtor), despite statements in a Form 8-K, filed with the Securities and Exchange Commission on October 7, 2005, that Debtor "... determined to enter into employment agreements between Delphi and each of its officers in the United States, including executive officers, other than Mr. Miller."

The documents upon which these claims are based are voluminous. They are the plans of the Debtor, the documents supporting such plans and the Debtor's bylaws, and they are all in the possession of the Debtor. To the extent Creditor has copies of such documents, Creditor will make copies of them available upon request.

Initials