UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:
    In re                         :         Chapter 11
:
DELPHI CORPORATION, et al.,     :         Case No. 05–44481 (RDD)
:
                  Debtors.    :         (Jointly Administered)
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION
AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN
CONNECTION WITH THE WITHIN CHAPTER 11 CASES, INCLUDING
<u>CONTESTED MATTERS AND ADVERSARY PROCEEDINGS</u>**

        WHEREAS, on January 31, 2006, the Court approved the Stipulation And Agreed Protective Order Governing Production And Use Of Confidential And Highly Confidential Information In Connection With The Motion Of Appaloosa Management L.P. ("Appaloosa") For An Order Directing The United States Trustee To Appoint An Equity Committee And Objections Filed Thereto, by and between Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), as counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), and White & Case LLP ("W & C"), as counsel for Appaloosa (Docket No. 1998) (the "First Protective Order");

        WHEREAS, on April 5, 2006, the Court approved the Stipulation And Agreed Protective Order Governing Production And Use Of Confidential And Highly Confidential Information In Connection With The Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs, by and between

Skadden, as counsel for the Debtors, and W & C, as counsel for Appaloosa (Docket No. 3125) (the "Second Protective Order");

WHEREAS, on May 5, 2006, the Court approved the Stipulation And Agreed Protective Order Governing Production And Use Of Confidential And Highly Confidential Information In Connection With The Motion For Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits And Objections Filed Thereto, by and between Skadden, as counsel for the Debtors, and W & C, as counsel for Appaloosa and Wexford Capital LLC ("Wexford") (Docket No. 3706) (the "Third Protective Order");

WHEREAS, on June 12, 2006, the Court approved the Stipulation And Agreed Protective Order, among, Skadden, as counsel for the Debtors, Weil, Gotshal & Manges LLP, as counsel for General Motors Corporation, Latham & Watkins LLP, as counsel for the Official Committee of Unsecured Creditors, Fried, Frank, Harris, Shriver & Jacobson LLP, as counsel for the Official Committee of Equity Security Holder, and W & C, as counsel for the Ad Hoc Committee of Equity Security Holders (Docket No. 4156) (the "Fourth Protective Order");

WHEREAS, on June 29, 2006, the Court approved the Stipulation And Agreed Protective Order Governing Production And Use Of Confidential And Highly Confidential Information In Connection With The Motion Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program, by and between Skadden, as counsel for the Debtors, and W & C, as counsel for Appaloosa (Docket No. 4410) (the "Fifth Protective Order");

WHEREAS, a Stipulation And Agreed Protective Order Governing Production And Use Of Confidential And Highly Confidential Information In Connection With The Motion

2

For Order Under 11 U.S.C. § 365 And Fed. R. Bankr. P. 6006 Authorizing Rejection Of Certain Executory Contracts With General Motors Corporation And Objections Filed Thereto has been entered into by and between Skadden, as counsel for the Debtors, and W & C, as counsel for Appaloosa and Wexford (Docket No. TBD) (the "Sixth Protective Order," collectively, with the First Protective Order, the Second Protective Order, the Third Protective Order, the Fourth Protective Order, and the Fifth Protective Order, the "Protective Orders");

WHEREAS, on July 31, 2006, Delphi, Appaloosa, and Harbinger Capital Partners Master Fund I, Ltd. ("Harbinger") entered into a Confidential Information, Standstill and Nondisclosure Agreement (the "NDA");

WHEREAS, pursuant to the terms of the NDA, Delphi may provide Appaloosa and Harbinger with certain confidential material that would be used solely for the purpose of: (1) considering a possible negotiated business arrangement in their mutual interest involving the Debtors (the "Transaction"), and (2) to the extent such Transaction is acceptable to the Debtors, implementation of such Transaction, and Appaloosa and Harbinger agreed not to use such material for any other business or competitive purpose (collectively, the "Permitted Purpose");

WHEREAS, because certain representatives of Appaloosa have been furnished and may continue to be furnished with certain confidential information produced and designated as "Confidential" or "Highly Confidential" by the Debtors (the "Litigation Material") under one or more of the Protective Orders, and because Appaloosa and Harbinger have expressed a desire to review the Litigation Material for a Permitted Purpose, on August 25, 2006, Delphi, Appaloosa, and Harbinger entered into an Amended Confidential Information, Standstill and Nondisclosure Agreement (the "Amended NDA") to address the use and disclosure of the Litigation Material;

3

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the parties.

2. Appaloosa representatives subject to one or more of the Protective Orders shall be permitted to share the Litigation Material with Appaloosa and Harbinger only for a Permitted Purpose and in accordance with the terms of the Amended NDA.

3. The Litigation Material shall be subject to the terms of the Amended NDA when used for a Permitted Purpose, but shall remain subject to the terms of any of the applicable Protective Orders when used by Appaloosa representatives for all other purposes. Use of the Litigation Materials by Appaloosa, Harbinger, and their representatives for a Permitted Purpose in accordance with the Amended NDA shall not be considered a waiver of any of the Protective Orders and the Protective Orders shall continue in full force and effect.

4. This Stipulation and Protective Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Protective Order, or from agreeing with other parties to modify this Stipulation and Protective Order, subject to the approval of the Court.

5. This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Protective Order upon appropriate motion by a party in interest.

So Ordered in New York, New York, this 31st day of August, 2006

/s/Robert D. Drain_____
Honorable Robert D. Drain
United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

 /s/ Albert L. Hogan III  _____
John Wm. Butler, Jr.
Albert L. Hogan III
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

Attorneys for Delphi Corporation, et al.,
and Debtors and Debtors-in-Possession


 /s/ Douglas P. Baumstein_____
Glenn M. Kurtz
Gerard Uzzi
Douglas P. Baumstein
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200

Thomas E. Lauria
Frank L. Eaton
Ileana A. Cruz
WHITE & CASE LLP
Wachovia Financial center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700

Attorneys for Appaloosa Management L.P. and
Harbinger Capital Partners Master Fund I, Ltd.