UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
   In re                            :   Chapter 11
                                                    :
DELPHI CORPORATION, <u>et al.</u>,                 :   Case No.  05 – 44481 (RDD)
                                                    :
                 Debtors.   :   (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FIFTH AMENDED SCHEDULING ORDER ON DEBTORS' MOTION FOR
ORDER UNDER 11 U.S.C. § 1113(c) AUTHORIZING REJECTION OF
COLLECTIVE BARGAINING AGREEMENTS AND UNDER 11 U.S.C. § 1114(g)
<u>AUTHORIZING MODIFICATION OF RETIREE WELFARE BENEFITS</u>

("FIFTH AMENDED SECTION 1113 AND 1114 SCHEDULING ORDER")

Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and

certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 1113 and 1114 of

the Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 establishing notice procedures,

briefing schedule, and hearing date regarding the Debtors' Motion To (a) Reject Collective

Bargaining Agreements Under Section 1113(c) And (b) Eliminate Retiree Medical And Life

Insurance Benefits For Union-Represented Retirees Under Section 1114(g) (the "1113/1114

Motion"); and this Court having entered an order granting the relief on the Motion on October

13, 2005 (Docket No. 232), an amended order on February 9, 2006 (Docket No. 2225), a second

amended order on February 17, 2006 (Docket No. 2425), a third amended order on March 28,

---

[1]     As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11
U.S.C. §§ 101-1330, as amended.

2006 (Docket No. 2996), and a fourth amended order on June 13, 2006 (Docket No. 4170) (the

"Fourth Amended Order"); and the Court having received and reviewed the Objection Of

International Union, United Automobile, Aerospace And Agricultural Implement Workers Of

America (UAW) To Debtors' Motion For Order Under 11 U.S.C. § 1113(c) Authorizing

Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing

Modification Of Retiree Health Benefits, and supporting memorandum of law (Docket Nos.

3342 and 3346), Objection And Memorandum Of Law In Support Of Objection Of IUE-CWA

To Motion For Order Under §§ 1113 And 1114 Authorizing The Debtors To Reject The IUE-

CWA's Collective Bargaining Agreement And Terminate Post Retirement Benefits (Docket No.

3332), Objections Of USW To Debtors' Motion For Order Under 11 U.S.C. § 1113(c)

Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g)

Authorizing Modification Of Retiree Welfare Benefits (Docket No. 3322),  IBEW Local 663

And IAMAW District 10's Objection To Debtors' Motion To Reject Their Collective Bargaining

Agreements Pursuant To 11 U.S.C. § 1113(c) And To Modify Their Retiree Benefits Pursuant

To 11 U.S.C. Section 1114(g) (Docket No. 3330), Opposition Of International Union Of

Operating Engineers Locals 18, 832, And 101 To Debtors' Motion For Authority To Reject

Collective Bargaining Agreements And To Modify Retiree Benefits And Memorandum Of Law

In Support Of Opposition (Docket No. 3314), Supplemental Objection Of Appaloosa

Management L.P. And Wexford Capital LLC To The Debtors' Motion For Order Under 11

U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11

U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits (Docket No. 3356),

Limited Objection Of Wilmington Trust Company, As Indenture Trustee, To Motion For Order

Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And

Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits (Docket No.

3353), Preliminary Response Of General Motors Corporation To Debtors' Motion For Order

Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And

Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits (Docket No.

3317), Response Of The Official Committee Of Unsecured Creditors In Support Of The Debtors'

Motion For Order Under 11 U.S.C. Section 1113(c) Authorizing Rejection Of Collective

Bargaining Agreements And Under 11 U.S.C. Section 1114(g) Authorizing Modification Of

Retiree Welfare Benefits (Docket No. 3561), and Supplemental Response Of General Motors

Corporation To Debtors' Motion for Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of

Collective Bargaining Agreements and Under 11 U.S.C. § 1114(g) Authorizing Modification Of

Retiree Welfare Benefits (Docket No. 3628) (collectively, the "Respondents"); and the Court

having commenced the contested hearing on the 1113/1114 Motion on May 9, 2006; and the

Court having adjourned the contested hearing until August 11, 2006 in accordance with the

Fourth Amended Order; and the IBEW and the IAM having filed a Motion for Judgment on

Partial Findings Dismissing the IBEW and IAM Pursuant to Rule 7052(c) on August 11, 2006

(the "IBEW/IAM Motion for Judgment") (Docket No. 4890); and the Debtors having filed a

response to the IBEW/IAM Motion for Judgment on August 16, 2006 (Docket No. 4944); and

the Court having adjourned the contested hearing until August 17, 2006, and then further to

August 18, 2006; and the Debtors and the Respondents having advised the Court, through

counsel, at the chambers conference held on August 17, 2006 that the Debtors and all

Respondents had conducted a "meet and confer" on August 17, 2006 at which the parties agreed

3

to submission of the form of this Order to the Court for the Court's evaluation and consideration;

and the IBEW and the IAM having filed a reply in support of the IBEW/IAM Motion for

Judgment on August 27, 2006 (Docket No. 5031); and this Court having determined in light of

the parties' agreement on the submission of the form of this Order that a recess of the contested

hearing on the 1113/1114 Motion until September 18, 2006 and the establishment of certain

other deadlines and further hearing dates in the manner set forth herein is appropriate and in the

best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and the

Debtors and the Respondents (to the extent required by statute) having consented to the

extension of the August 31, 2006 deadlines for a ruling on the 1113/1114 Motion provided under

11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2), to October 20, 2006; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      Inasmuch as the Debtors have completed their direct case in support of the

1113/1114 Motion (with the Debtors' rebuttal case reserved until the completion of the evidence

presented by the objectors to the 1113/1114 Motion), in light of the further progress reported to

the Court at the chambers conference held on August 17, 2006 in connection with the continuing

out-of-court discussions among the Debtors and the Union Respondents, and in order for the

Debtors and the Union Respondents to continue to concentrate their resources and activities on

the collective bargaining of a consensual resolution of the 1113/1114 Motion, the hearing on the

1113/1114 Motion shall be further adjourned until 10:00 a.m. (Prevailing Eastern Time) on

September 18, 2006, and, unless otherwise resolved consensually by the Debtors and the

objectors, shall recommence at that time and continue thereafter on September 19, 20, 21, and

4

22, and October 10, 11, 12, and 13 until completed.  In the event that the Court determines not to

proceed with the hearing on the Debtors' Motion For Order Under 11 U.S.C. § 365 And Fed. R.

Bankr. P. 6006 Authorizing Rejection Of Certain Executory Contracts With General Motors

Corporation ("GM Contract Rejection Motion No. 1"), dated March 31, 2006 (Docket No. 3033),

on September 28, 29 and October 3, 4, 2006, or in the event that the hearing on the GM Contract

Rejection Motion No. 1 does not occupy such dates, then those dates shall be available for the

hearing on the 1113/1114 Motion, subject to the Court's calendar.

        2.      In accordance with the prior order of testimony agreed among the parties,

at the recommencement of the contested hearing on September 18, 2006, the first two witnesses

to be called for direct examination shall be two of the UAW's experts, Mr. Millstein and Ms.

Voos (in that order), provided that should the UAW find it necessary to change the sequence of

witnesses, it may do so by providing notice of the revised sequence to the Debtors, the

Respondents, and the Official Committee of Equity Security Holders (collectively, the "Parties")

by September 11, 2006.

        3.      The time within which a ruling on the 1113/1114 Motion shall be issued

pursuant to 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2) shall be extended, with the

consent of the Debtors and the Respondents (to the extent required by statute), to October 20,

2006.  The parties reserve their right to agree to additional extensions beyond October 20, 2006.

        4.      The Parties shall hold a meet and confer at 9:30 a.m. (Prevailing Eastern

Time) on September 12, 2006 at the offices of the Debtors' counsel in New York City to discuss

any matters with respect to the further conduct of the contested hearing.

5.    On or before September 15, 2006, the Debtors shall submit a meet and confer report to chambers (with a copy to the Parties) with respect to the matters discussed at the September 12, 2006 meet and confer.

6.    The reply filed on August 27, 2006 (Docket No. 5031) by the IBEW and IAM in support of the IBEW/IAM Motion for Judgment is deemed to be timely filed.  Oral argument on the IBEW/IAM Motion for Judgment shall be set by the Court as and when the Court deems appropriate.

7.    Without relieving the Debtors of any applicable statutory obligation under 11 U.S.C. §§ 1113 and 1114 to provide any relevant information that may be necessary for the Union Respondents to evaluate proposals made by the Debtors to the Union Respondents with respect to the subject matter of the 1113/1114 Motion and without relieving any party of any applicable obligation under Fed. R. Bankr. P. 7026, there shall be no further discovery with respect to the 1113/1114 Motion other than any depositions of witnesses for Respondents that were adjourned pursuant to prior meet and confer agreements among the Parties.


Dated:    New York, New York
          August 31, 2006


                                    /s/ ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE