TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re:                                                         :
                                                               :      Chapter 11
DELPHI CORPORATION, et al.,                                    :      Case No. 05-44481 [RDD]
                                                               :
                                    Debtors.                   :      Jointly Administered
                                                               :
---------------------------------------------------------------x

**STIPULATION AND ORDER TO PERMIT
DELPHI AUTOMOTIVE SYSTEMS, L.L.C. AND
OFFSHORE INTERNATIONAL, INC. TO SETOFF
MUTUAL PREPETITION OBLIGATIONS UNDER
SECTION 553 OF THE BANKRUPTCY CODE AND TO
<u>RESOLVE MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

**WHEREAS,** on October 8 and 14, 2005, Delphi and certain of its U.S.

subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief

under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as

amended (the "Bankruptcy Code");  and

**WHEREAS**, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;  and

**WHEREAS,** this Court entered orders directing the joint administration of the Debtors' chapter 11 cases;  and

**WHEREAS**, no trustee or examiner has been appointed in the Debtors' cases;  and

**WHEREAS**, on October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors;  and

**WHEREAS,** on April 28, 2006, the U.S. Trustee appointed an official committee of equity holders;  and

**WHEREAS**, this Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2);  and

**WHEREAS,** on October 28, 2005, the Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order");  and

**WHEREAS,** paragraph 18 of the Final DIP Order establishes, among other things, procedures for creditors to assert setoff and/or recoupment rights;  and

**WHEREAS,** on March 14, 2006, Offshore International, Inc. (the "Claimant") filed a motion (the "Demand") [Docket No. 2811] for relief from the

2

automatic stay for authority to exercise a setoff of certain claims and debts between Delphi Automotive Systems, L.L.C. ("Delphi Automotive") and Claimant; and

**WHEREAS**, in the Demand, Claimant alleges that it owes Delphi Automotive the amount of $252,448.87 for prepetition value added tax refunds (the "VAT Refunds") and a prepetition overpayment (together with the VAT Refunds, the "Payable"); and

**WHEREAS,** Delphi Automotive and Claimant (together, the "Parties") agree that the actual amount of the Payable is $254,316.63 (the "Adjusted Payable");

**WHEREAS**, in the Demand, Claimant alleges that Delphi Automotive owes Claimant the amount of $234,775.90 for prepetition services and/or goods (the "Receivable"); and

**WHEREAS**, the Court considered the Demand and the Debtors' objection thereto at a hearing on April 7, 2006 (the "April 7 Hearing"); and

**WHEREAS**, after arm's length negotiations, the Parties have agreed to settle and resolve the Demand upon the terms set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereto hereby agree and stipulate as follows:

1.      This Stipulation and Order shall become effective on the Effective Date, as defined below.  This Stipulation and Order constitutes an agreement between the parties hereto immediately upon the date of its execution ("Execution Date").  Consequently, during the period between the Execution Date and the Effective Date, the

Parties agree that this Stipulation and Order shall constitute a binding agreement and that they shall do nothing contrary to its terms.

2. The "Effective Date" of this Stipulation and Order shall be the date on which the Bankruptcy Court approves this Stipulation and Order and such Order becomes final and not subject to further appeal; <u>provided</u>, <u>however</u>, that if the Court shall enter an Order declining to approve this Stipulation and Order, then this Stipulation and Order shall become null and void at that time.

3. Exhibit "1" sets forth a full and complete schedule of the invoices (the "Invoices") and amounts of the Receivable and Payable, respectively, that are the subject of the Demand.

4. On the Effective Date, Claimant shall be authorized to set off $149,883.33 owed by Claimant to Delphi Automotive, consisting of the $71,955.14 VAT Refund for June 2005, the $52,484.62 VAT Refund for July 2005 and a $25,443.57 pre-petition overpayment, against the amount of the Adjusted Payable pursuant to section 553 of the Bankruptcy Code (the "Setoff") and paragraph 18 of the Final DIP Order.

5. Claimant shall return to Delphi Automotive $104,433.30, representing the Adjusted Payable of $254,316.63 less the Setoff of $149,883.33.

6. Claimant shall return this sum to Delphi Automotive by providing credits in each future invoice issued by Claimant to Delphi Automotive after the Effective Date, until such time as the credits are exhausted.

7. As the exercise of the Setoff results in a balance due by Delphi Automotive, Claimant may file in these Chapter 11 cases a general unsecured proof of

4

claim for such amount (the "Claim"), which Claim shall be filed by 30 days after the Effective Date.  Nothing contained herein constitutes any waiver of any right of the Debtors or any other party-in-interest to examine and/or object to the Claim.

8. Except for the Setoff and the settlement memorialized by this Stipulation and Order, the Debtors and Claimant retain all of their other rights, claims, and defenses.

9. This Stipulation and Order may not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by all of the Parties.

10. The agreements, terms, provisions, and conditions contained in this Stipulation and Order shall be binding upon, and inure to the benefit of, the Parties and their respective legal representatives, predecessors, successors, and assigns, including any trustee appointed in these chapter 11 cases.

11. It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual; that the agreement herein contained and the consideration transferred hereunder is to compromise the Demand and to avoid litigation; and that no statement made herein, payment, release, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

12. This Stipulation and Order constitutes the entire agreement between the Parties with respect to the resolution of the Setoff and supersedes all other

prior agreements and understandings, both written and oral, between the Parties with respect to the Setoff.

        13.    The signatories below represent that they are authorized to enter into this Stipulation and Order.

        14.    This Stipulation and Order may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**[concluded on following page]**

15. The Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Stipulation and Order and to resolve any disputes in connection herewith.

Dated: New York, New York
September 11, 2006

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:/s/Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated: Tucson, Arizona
September 11, 2006

OFFSHORE INTERNATIONAL, INC.,
By its Attorney,
QUARLES & BRADY STREICH LANG LLP
By:/s/Kasey C. Nye
KASEY C. NYE (*pro hac vice*)
One South Church Avenue, Suite 1700
Tucson, AZ
(520) 770-8700

**SO ORDERED**

This 12th day of September, 2006
in New York, New York

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE