TISDALE & ASSOCIATES LLC
Douglas M. Tisdale, Esq.
Steven A. Klenda, Esq.
1600 Broadway, Suite 2600
Denver, CO  80202-4989
(303) 832-1800

Counsel for NuTech Plastics Engineering, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re DELPHI AUTOMOTIVE SYSTEMS USA, L.L.C.<br><br>    Debtor. | Chapter 11<br>Case No. 05-44640 (RDD)<br><br>(Jointly Administered as<br>Case No. 05-44481) |
| NUTECH PLASTICS ENGINEERING, INC.<br>    Movant,<br><br>  v.<br><br>DELPHI AUTOMOTIVE SYSTEMS USA, L.L.C. dba<br>Delphi Automotive Systems, L.L.C.<br>    Respondent. | |

**NuTech Plastics Engineering, Inc.'s Supplement to Its
Motion for Relief from the Automatic Stay**

NuTech Plastics Engineering, Inc. ("**NuTech**") supplements its Motion for Relief

from the Automatic Stay to Continue Prepetition Breach-of-Contract Case against Delphi

Automotive Systems USA, L.L.C. ("**Debtor**") and General Motors (Docket No. 4436 –

"**Motion**") as follows:

1.        NuTech filed its Motion in order to liquidate its prepetition breach-of-contract

and related claims against Debtor and General Motors, which claims were on the very eve of

a jury trial in the Genesee County (Michigan) Circuit Court when Debtor filed its chapter 11

petition.

2.      On July 19, 2006 this Court held a preliminary hearing on NuTech's Motion,

on the objection thereto filed by Debtor (Doc. 4559), and on NuTech's reply to Debtor's

objection (Doc. 4582).   At the conclusion of the preliminary hearing, the Court asked the

parties to 'at least consider' an order that would allow NuTech to pursue its claims against

General Motors in the Michigan trial court and allow this Court to resolve NuTech's claims

against Debtor.   Doc. 4800, Tr. of Preliminary Hr'g, July 19, 2006, p. 12, ll. 6-13.  The Court

continued this matter to the August 17th omnibus hearing to allow the parties to meet and

confer.  *Id.* at 13, ll. 1-3.

3.      Debtor and NuTech did meet and confer, but disagreed about the scope,

effect and intent of the Court's comments.  NuTech believed that the Court continued the

preliminary hearing in order to allow the parties to consider cooperatively resolving the

Motion, while Debtor believed that the Court had denied the Motion and only continued the

preliminary hearing to consider the need to depose Mr. Mailey.

4.      The parties' disagreement was resolved, at least temporarily, by the submission

to this Court of a negotiated form of order, which was signed by the Court on August 17,

2006 (Doc. No. 4952 – "**Order**"), continuing this matter to the September 14th omnibus

hearing for a final order to the extent that the Court had not earlier resolved NuTech's

Motion.

5.      The Order confirmed that a "final determination" on NuTech's Motion has

not yet been made.  NuTech presented this Court's Order to the Michigan trial court in

connection with a motion to set NuTech's claims for trial.  A copy of NuTech's motion

("**Setting Motion**") is attached as Exhibit A-1.

6.    Through their Michigan trial counsel, Debtor and General Motors jointly filed

an answer to the Setting Motion ("**Joint Answer**"), a copy of which is attached as Exhibit

A-2.  Debtor's and General Motors' Joint Answer serves to underscore why this Court

should now grant NuTech's original Motion.

7.    Specifically, Debtor's and General Motors' Joint Answer opposed the Setting

Motion on the ground that the claims against Debtor and General Motors should be tried

together once the automatic stay terminates upon Debtor's emergence from chapter 11

because the facts are "interrelated" and the damages are "interrelated and inseparable":

> [NuTech]'s complaint does not state separate causes of actions against Delphi and
> General Motors. *The facts of the cases are interrelated, and the damage claims against each of
> these defendants are similarly interrelated and inseparable.*  Judge Brown determined and
> decided that the lawsuits should not be bifurcated, and [NuTech] has set forth no
> reason that would justify vacating that decision.

Joint Answer, Ex. A-2, ¶ 6 (emphasis added).   It is worth repeating that Debtor and General

Motors, acting through their common trial counsel less than two weeks ago, emphasized that

the Michigan trial court had previously "determined and decided that the lawsuits *should not

be bifurcated.*"  *Id.* (emphasis added).

8.    Thus, Debtor not only acknowledged a preference for trying NuTech's claims

against Debtor and General Motors together, but in fact Debtor did so for a reason that

NuTech has urged upon this Court in support of its Motion:  NuTech's claims against

Debtor and General Motors are interrelated and inseparable.[1]

9.      Equally compelling, Debtor's filing of the Joint Answer with General Motors contrasts notably with Debtor's assertions to this Court at the preliminary hearing that Debtor and General Motors would need to retain separate Michigan trial counsel, which purportedly meant that the then-available September date for a trial against both Debtor and General Motors would not be feasible.   As the supplemental affidavit of NuTech's trial counsel (Jay Schwartz, Esq.) showed (attached to Doc. No. 4939, and attached hereto as Exhibit B) — at least according to Debtor's trial counsel, Tom Lippert — attorney Lippert had represented *both* Debtor and General Motors in the Michigan case *and would continue to do so*.   Debtor's claim that General Motors would have to retain new counsel was instrumental in preventing NuTech from the potential of having its claims tried this September.

10.     The Michigan trial court resolved NuTech's Setting Motion by indicating that the first clear trial date on its calendar was in April 2007, but nonetheless set a trial date against General Motors for February 14, 2007 as a back-up for a scheduled trial.   In doing so, the Michigan trial court noted that (a) General Motors and Debtor have acknowledged that NuTech's claims against them are "interrelated and inseparable;" and (2) the trial court "would ordinarily try Nu-Tech's claims against [Debtor] and General Motors together because it would be [the] most efficient use of judicial time and resources."  Ex. A-3, Order,

---

[1]The admitted interrelatedness of NuTech's claims does not mean that any verdict on NuTech's claim against General Motors would necessarily result in a claim against Debtor under the indemnification agreement between General Motors and Debtor.   The formal separation of General Motors and Debtor under their spin-off agreement may give General Motors defenses to NuTech's claims that Debtor lacks.   In other words, the interrelatedness of NuTech's claims against General Motors and Debtor does not mean that General Motors and Delphi's corresponding defenses are similarly interrelated.

September 11, 2006, unnumbered ¶¶ 2 and 3.  In short, NuTech asserts that the Michigan

trial court did not as a practical matter accept this Court's approach and therefore it is

appropriate and fitting for NuTech to accept "the opportunity to come back and tell [the

Court] more about it."  Doc. 5069, Tr. of Continued Hr'g, August 17, 2006, p. 14, ll. 14-15.

11.     The February 2007 trial date that the Michigan trial court has now set will

allow Debtor more than ample "breathing room" from NuTech's claim.  Any asserted

"distraction" from a case that was on the very eve of trial will be minimal.  The business and

heavy-lifting of Debtor's chapter 11 case will have been either concluded or nearing

completion, as a February 2007 (or, more likely, April 2007) trial will occur either roughly

contemporaneously with or just a few months before Debtor's projected exit from chapter

11.  Given the admission by Debtor of the interrelatedness of NuTech's claims against

Debtor and General Motors, the benefits of a one-trial resolution to judicial efficiency, the

balance of the harms, and the eve-of-trial status of NuTech's claims, it makes practical and

legal sense to try these cases — which have been pending for almost four years now —

together.

12.     For these reasons, this Court should now take the opportunity to revisit the

preliminary determination in this matter (as stated on the record on July 19, 2006) and rule as

a final matter that trial may proceed in the Michigan state court against both General Motors

and Debtor in February or April 2007.

WHEREFORE, NuTech respectfully prays that this honorable Court now enter its

final order lifting the automatic stay in order to allow NuTech's prepetition case to continue

against both Debtor and General Motors, and granting to NuTech all such other and further relief as is just, proper or appropriate in these premises.

Dated at Denver, Colorado this 12th day of September 2006.

Respectfully submitted,

TISDALE & ASSOCIATES LLC


_____s/Steven A. Klenda_____
Douglas M. Tisdale, Esq.
Steven A. Klenda, Esq.

Attorneys for Movant,
NuTech Plastics Engineering, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI AUTOMOTIVE SYSTEMS USA, L.L.C.

      Debtor.

Chapter 11
Case No. 05-44640 (RDD)

(Jointly Administered as
Case No. 05-44481)

**Second Supplemental Affidavit of Jay Schwartz in Support
of NuTech Plastics Engineering, Inc.'s Supplement to its
Motion for Relief from the Automatic Stay**

I, Jay Schwartz, based on my own personal knowledge, declare that:

1.     I am an attorney who is licensed to practice law in Michigan. I graduated from Wayne State University Law School and was admitted to the Michigan Bar in 1991. I have practiced law full time in Michigan since then.

2.     I represent NuTech Plastics Engineering, Inc. ("**NuTech**") in Case No. 02-075335, Delphi Automotive Systems USA, L.L.C. and General Motors Corporation, which is pending in the Circuit Court for Genessee County, Michigan ("**NuTech's Case**"). I have represented NuTech in NuTech's Case since its inception. As a result, I am personally familiar with the substance of NuTech's claims in NuTech's case, the procedural background of and developments in NuTech's Case, and how NuTech's Case was and is affected by the chapter 11 bankruptcy petition that Delphi Automotive Systems USA, L.L.C. ("**Debtor**") filed on October 8, 2005.

3.     On August 28, 2006, NuTech filed with the Michigan trial court a Motion to Lift Administrative Stay and Schedule Trial (the "**Setting Motion**"). A true and correct copy of this Motion is attached as Exhibit 1. NuTech filed this motion in response to this

Court's August 17, 2006 Order regarding NuTech's Motion for Relief from the Automatic Stay.

4.    Debtor and General Motors jointly filed an Answer to the Setting Motion (the "Joint Answer"). A true and correct copy of the Joint Answer is attached as Exhibit 2.

5.    On September 6, 2006, the Michigan trial court held a conference call with counsel for General Motors and Delphi (Thomas Lippett, Esq.) and me. During the conference call, the Michigan trial court indicated that its first available trial date was in April 2007. But the Michigan trial court actually set NuTech's Case for trial as a back-up trial to a case that is scheduled to being on February 14, 2007. A true and correct copy of the Michigan trial court's Order Scheduling Trial Against General Motors is attached as Exhibit 3.

Sworn and affirmed by me this 12th day of September 2006.

_____
Jay Schwartz, Esq.

STATE OF MICHIGAN    )
                     ) ss.
COUNTY OF _MACOMB_    )

SUBSCRIBED AND SWORN to before me this _12th_ day of _September_ 2006 by _____

My Commission expires: _4-02-2011_

_____
Notary Public

CHRISTINE B. COX
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Apr 02, 2011
ACTING IN COUNTY OF OAKLAND

2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

NU-TECH PLASTICS ENGINEERING, INC.,

        Plaintiff,

v

GENERAL MOTORS CORPORATION,
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, L.L.C., a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, L.L.C.,

        Defendants.

Case No. 02-075335-CK
Hon. Joseph J. Farah

*Motion:*  **September 5, 2006**
*Time:*     **10:00 a.m.**

---

SCHWARTZ LAW FIRM, P.C.
By: Jay A. Schwartz (P45268)
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400

LIPPERT, HUMPHREYS, CAMPBELL,
DUST & HUMPHREYS, P.C.
By:  A. T. Lippert, Jr. (P16714)
Attorney for Defendant - General Motors
4800 Fashion Square Boulevard, Suite 410
Saginaw, Michigan 48064-2604
(989) 792-2552

---

PLAINTIFF'S MOTION TO LIFT
ADMINISTRATIVE STAY AND SCHEDULE TRIAL

NOTICE OF HEARING

AND

PROOF OF SERVICE

Dated:   August 28, 2006

A TRUE COPY
Michael J. Carr, Clerk

1

## PLAINTIFF'S MOTION TO LIFT
## ADMINISTRATIVE STAY AND SCHEDULE TRIAL

NOW COMES Plaintiff, Nu-Tech Plastics Engineering, Inc., by and through its attorney, Schwartz Law Firm, P.C., and for its Motion to Lift Administrative Stay and Schedule Trial, states:

1.      This lawsuit commenced on December 30, 2002.

2.      Trial was scheduled for November 22, 2005.

3.      On October 8, 2005, Defendant Delphi Automotive Systems filed for Chapter 11 bankruptcy.

4.      In November 2005, Defendant General Motors asked the Court to stay the entire case in light of Delphi's bankruptcy proceedings and the automatic stay. This Court (visiting Judge Thomas L. Brown) conducted a pre-trial conference and held that unless Plaintiff immediately dismissed its case against Delphi, the entire case would be stayed. Plaintiff refused to simply dismiss its multi-million dollar claims against Delphi and this case was put on an administrative stay. Exhibit A.

5.      On July 3, 2006, Plaintiff petitioned the Bankruptcy Court to lift the automatic stay against Delphi so that it could proceed to trial in this Court against Delphi and General Motors. The Bankruptcy Judge denied the motion but held:

> Nothing in the automatic stay under 11 U.S.C. § 362, which arose upon the filing of Debtors' bankruptcy petitions, prevents NuTech from proceeding with its action as against General Motors Corporation in the Genesee County, Michigan Circuit Court, Case No. 02-075335.

> Unless otherwise determined by this Court, any claim by NuTech against Delphi Automotive Systems LLC or any other Debtor, if any, shall be liquidated or otherwise determined by this Court.

Exhibit B.

6.    In light of the Bankruptcy Court's August 17, 2006 ruling, there exists no reason to continue the administrative stay as it relates to Nu-Tech's claims against General Motors, which claims should be set down for trial as soon as possible.

WHEREFORE, Plaintiff, Nu-Tech Plastics Engineering, Inc., requests that this Honorable Court lift the administrative stay it entered on November 9, 2005, schedule a trial on Plaintiff's claims against Defendant, General Motors Corporation, as soon as possible and grant such further relief as this Court deems just.

SCHWARTZ LAW FIRM, P.C.

By: _____
Jay A. Schwartz (P45268)
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400

Dated:  August 28, 2006

3

## NOTICE OF HEARING

*PLEASE TAKE NOTICE* that Plaintiff's Motion to Lift Administrative Stay and Schedule Trial will be brought on for hearing before the Honorable Joseph J. Farah of the Genesee County Circuit Court, 900 South Saginaw Street, Flint, Michigan, 48502, on the 5th day of September, 2006, at 10:00 a.m., or as soon thereafter as counsel may be heard.

SCHWARTZ LAW FIRM, P.C.

By: _____
     Jay A. Schwartz (P45268)
     Attorney for Plaintiff
     37887 West Twelve Mile Road, Suite A
     Farmington Hills, Michigan 48331
Dated:   August 28, 2006     (248) 553-9400

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon A. T. Lippert, Jr., Esq., by mailing the same to by DHL Express - Waybill 17607222850, to his respective address as disclosed by the pleadings of record herein on the 28th day of August, 2006.

I declare under penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

LYN ZAREM

4

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

NU-TECH PLASTICS ENGINEERING, INC.,

      Plaintiff,

vs.                          Case No. 02-075335-CK

GENERAL MOTORS CORPORATION,      Hon. Thomas L. Brown
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS, L.L.C., a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, L.L.C.

      Defendants.

A TRUE COPY
Michael J. Carr, Clerk

---

JAY A. SCHWARTZ (P45268)
DEBORAH E. FORDREE (P49054)
SCHWARTZ LAW FIRM, P.C.
Attorneys for Plaintiff
37887 W. 12 Mile Road, Suite A
Farmington Hills, MI 48331
(248) 553-9400

A. T. LIPPERT, JR. (P16714)             JOSEPH E. PAPELIAN (P26582)
LIPPERT, HUMPHREYS, CAMPBELL,     Attorney for Defendant Delphi
DUST & HUMPHREYS, P.C.            Delphi Automotive Systems
Attorneys for Defendants             M/C: 483-400-603
4800 Fashion Square Boulevard      5725 Delphi Drive
Plaza North, Suite 410              Troy, MI 48098-2815
Saginaw, MI 48604-2604         (248) 813-2535
(989) 792-2552

---

## ORDER

     The defendant Delphi Automotive Systems, LLC has filed a notice informing the

court that the action of the plaintiff against Delphi Automotive Systems, LLC has been

stayed in the United States Bankruptcy Court.  On November 9, 2005, the court

Exhibit A-1

conferred with counsel by telephone. The court advised counsel that the case against General Motors could proceed if Delphi was dismissed as a defendant. If General Motors and Delphi are retained as defendants the case will be tried when Delphi is discharged from bankruptcy. The plaintiff elected to proceed against both defendants.

Accordingly, IT IS ORDERED that the action against General Motors is stayed until Delphi is discharged from bankruptcy. Thereafter, this case will be scheduled for trial.

JUDGE THOMAS L. BROWN
P11303

_____
Hon. Thomas L. Brown, Circuit Judge
Dated: _____11|21_____, 2005

Prepared By:
A.T. Lippert, Jr. (P16714)
Lippert, Humphreys, Campbell,
Dust & Humphreys, P.C.
4800 Fashion Square Blvd.
Plaza North, Suite 410
Saginaw, MI 48604-2604
(989) 792-2552

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                :

      In re                         :     Chapter 11
                                  :

DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                  :

             Debtors.      :     (Jointly Administered)
                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER ON MOTION OF NUTECH PLASTICS ENGINEERING, INC., FOR RELIEF FROM AUTOMATIC STAY

### ("NUTECH STAY RELIEF ORDER")

Upon the motion, dated July 3, 2006, of NuTech Plastics Engineering, Inc. ("NuTech") for relief from the automatic stay (the "Motion") (Docket No. 4436); and upon the Debtors' objection to the Motion, dated July 14, 2006 (Docket No. 4559); and upon NuTech's reply in support of the Motion, dated July 18, 2006 (Docket No. 4582); and upon the record of the hearing held on the Motion on July 19, 2006; and after due deliberation thereon, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    Nothing in the automatic stay under 11 U.S.C. § 362, which arose upon the filing of the Debtors' bankruptcy petitions, prevents NuTech from proceeding with its action as against General Motors Corporation in the Genesee County, Michigan Circuit Court, Case No. 02-075335.

2.    Unless otherwise determined by this Court, any claim by NuTech against Delphi Automotive Systems LLC or any other Debtor, if any, shall be liquidated or otherwise determined in this Court.

3.      In accordance with Rule 27 of the Federal Rules of Civil Procedure, as made applicable by Rules 7027 and 9014(c) of the Federal Rules of Bankruptcy Procedure, and without need for further petition or order, John Mailey is designated as a person whose deposition may be taken by oral examination or written interrogatories on matters relating to claim numbers 871 and 1279 filed by NuTech.  The automatic stay is modified to permit the preservation of testimony of John Mailey in accordance with this paragraph.

4.      To the extent that the Motion was not determined by the Court at the July 19, 2006 omnibus hearing, the Motion to that extent is continued to the September 14, 2006 omnibus hearing in these cases.

5.      Both parties reserve all rights with respect to the effect and conclusiveness of the record of the July 19, 2006 omnibus hearing.

6.      Except as modified in this order, the automatic stay is continued in effect pending the conclusion of, or as a result of, the next hearing on the Motion and a determination under 11 U.S.C. § 362(d).

7.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: New York, New York
       August 17, 2006


/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

NU-TECH PLASTICS ENGINEERING, INC.,

      Plaintiff,

vs.

Case No. 02-075335-CK

GENERAL MOTORS CORPORATION,
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, L.L.C., a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, L.L.C.

Hon. Joseph J. Farah

      Defendants.

---

JAY A. SCHWARTZ (P45268)
DEBORAH E. FORDREE (P49054)
SCHWARTZ LAW FIRM, P.C.
Attorneys for Plaintiff
37887 W. 12 Mile Road, Suite A
Farmington Hills, MI 48331
(248) 553-9400

A. T. LIPPERT, JR. (P16714)
LIPPERT, HUMPHREYS, CAMPBELL,
DUST & HUMPHREYS, P.C.
Attorneys for Defendant Delphi
4800 Fashion Square Boulevard
Plaza North, Suite 410
Saginaw, MI 48604-2604
(989) 792-2552

JOSEPH E. PAPELIAN (P26582)
Attorney for Defendant Delphi
Delphi Automotive Systems
M/C: 483-400-603
5725 Delphi Drive
Troy, MI 48098-2815
(248) 813-2535

---

## ANSWER TO MOTON TO LIFT ADMINISTRATIVE STAY
## AND SCHEDULE TRIAL

      The defendants, General Motors Corporation and Delphi Automotive Systems, by

its attorney, Lippert, Humphreys, Campbell, Dust & Humphreys, P.C., states the

following as its response to plaintiff's motion to lift administrative stay and schedule

trial:

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

1.     The allegations in paragraph 1 are admitted.

2.     The allegations in paragraph 2 are admitted.

3.     The allegations in paragraph 3 are admitted.

4.     The allegations in paragraph 4 are incorrect.  Counsel for General Motors did not ask "the court to stay the entire case in light of Delphi's bankruptcy proceedings and automatic stay" as alleged in paragraph 4.  General Motors' counsel advised the Honorable Thomas L. Brown in a letter dated November 3, 2005 that an automatic stay of all legal proceedings against Delphi was in effect.  The court was also advised that the stay did not affect General Motors.  A copy of the letter is attached as Exhibit A.

Judge Brown advised plaintiff's counsel if the civil action against Delphi was dismissed, the General Motors case would be tried as scheduled.  Plaintiff's counsel did not agree to the dismissal of the civil action against Delphi.

5.     The allegations in paragraph 5 are admitted.

6.     The allegations in paragraph 6 are denied.  The civil action against Delphi is stayed from the bankruptcy proceeding.  However, when the Chapter 11 proceedings are concluded the stay will be lifted and the case can be tried.  The plaintiff's complaint does not state separate causes of actions against Delphi and General Motors.  The facts of the cases are interrelated, and the damage claims against each of these defendants are similarly interrelated and inseparable.   Judge Brown determined and decided that the lawsuits should not be bifurcated, and the plaintiff has set forth no reason that would justify vacating that decision.

2

LIPPERT, HUMPHREYS, CAMPBELL,
DUST & HUMPHREYS, P.C.
Attorneys for Defendants, Delphi

Dated:  August 30, 2006.

By: _____
A. T. LIPPERT, JR.  (P16714)
4800 Fashion Square Blvd.
Plaza North, Suite 410
Saginaw, MI  48604-2604
(989) 792-2552

## PROOF OF SERVICE

   The undersigned certifies that a copy of the foregoing document was served upon the attorneys of record of all parties in the above cause by mailing same to them at their respective business addresses as disclosed by the pleadings of record herein with postage fully prepaid thereon on August 30, 2006.

BY:   _X_  U.S. Mail          ____  FAX
       ____  Hand Delivered    ____  FedEx
       ____  Overnight Courier  ____  Other

Signature: _____
                  Karen K. Pietrzak

3

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

NU-TECH PLASTICS ENGINEERING, INC.,

       Plaintiff,

v

GENERAL MOTORS CORPORATION,
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, L.L.C., a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, L.L.C.,

       Defendants.

Case No. 02-075335-CK
Hon. Joseph J. Farah



| | |
|---|---|
| SCHWARTZ LAW FIRM, P.C.<br>By: Jay A. Schwartz (P45268)<br>Attorney for Plaintiff<br>37887 West Twelve Mile Road, Suite A<br>Farmington Hills, Michigan 48331<br>(248) 553-9400 | LIPPERT, HUMPHREYS, CAMPBELL,<br>DUST & HUMPHREYS, P.C.<br>By: A. T. Lippert, Jr. (P16714)<br>Attorney for Defendant - General Motors<br>4800 Fashion Square Boulevard, Suite 410<br>Saginaw, Michigan 48064-2604<br>(989) 792-2552 |

## ORDER SCHEDULING TRIAL AGAINST GENERAL MOTORS

*At a session of said Court held in the City of Flint,
County of Genesee, State of Michigan,*

*ON:*_____

*PRESENT: HON. JOSEPH J. FARAH
CIRCUIT JUDGE*

This matter comes before the Court on the motion of Nu-Tech Plastics Engineering, Inc.

("Nu-Tech") to lift the administrative stay and schedule a trial.  The Court has read Nu-Tech's

motion (including the August 17, 2006 Order of the United States Bankruptcy Court for the

District of New York with respect to Nu-Tech's motion for relief from the automatic stay), the joint answer of Defendants General Motors and Delphi to the motion, the record concerning this Court's predecessor's (Thomas L. Brown's) decision to administratively stay this case and the relevant portion of the record in this case. This Court also conducted a conference call with counsel for all of the parties on September 5, 2006 and is otherwise sufficiently advised in their premises.

Judge Brown administratively stayed this case in November 2005 in response to Delphi's bankruptcy filing because Nu-Tech declined his invitation to dismiss its claims against Delphi and proceed to trial against General Motors alone. Nu-Tech elected to continue against both Defendants because, as Delphi and GM acknowledge in response to this motion, Nu-Tech's liability and damage claims against Delphi and GM are interrelated and inseparable.

This Court would ordinarily try Nu-Tech's claims against Delphi and General Motors together because it would be most efficient use of judicial time and resources. However, the automatic stay with respect to Delphi remains in effect pending "a determination under 11 U.S.C. §362(d)" as to whether the stay should continue at this time. While the bankruptcy stay is in place, the stay precludes this Court from acting further in the NuTech action against Delphi. The stay does not preclude this Court from proceeding in the NuTech action against General Motors and conducting such proceedings, including a trial, as this Court finds appropriate.

The Court recognizes that the long – standing travel plans of Nu-Tech's counsel precludes holding a trial date at the first available time in mid-December, and the Court has two significant and lengthy trials that will thereafter occupy its trial calendar until April 2007. Accordingly, and with the understood agreement of General Motor's counsel:

2

*IT IS HEREBY ORDERED* that Nu-Tech's civil action against General Motors is set for a

1 week jury trial commencing on ~~the Court's first available date after April 1, 2007.~~ *February 14, 2007 at 8:30 but only as the back up trial to Parker Vs Quaker Chemical*

JOSEPH J. FARAH
P-30439
_____
CIRCUIT COURT JUDGE

9/11/06

*APPROVED AS TO FORM ONLY:*

_____
JAY A. SCHWARTZ (P45268)
Attorney for Plaintiff


*A. T. Lippert Jr. (see attached)*
_____
A. T. LIPPERT, JR. (P16714)
Attorney for Defendant - General Motors

*IT IS HEREBY ORDERED* that Nu-Tech's civil action against General Motors is set for a

1 week jury trial commencing on the Court's first available date after April 1, 2007.

_____
*CIRCUIT COURT JUDGE*

*APPROVED AS TO FORM ONLY:*

JAY A. SCHWARTZ (P45268)
Attorney for Plaintiff

A. T. LIPPERT, JR. (P16714)
Attorney for Defendant - General Motors

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re DELPHI AUTOMOTIVE SYSTEMS USA, L.L.C. <br><br> Debtor. | Chapter 11 <br> Case No. 05-44640 (RDD) <br><br> (Jointly Administered as <br> Case No. 05-44481) |

### Supplemental Aff. of Jay Schwartz in Support of
### NuTech Plastics Engineering, Inc.'s
### Motion for Relief from the Automatic Stay (Doc. No. 4436)

I, Jay Schwartz, based on my own personal knowledge, declare that:

1.      I am an attorney who is licensed to practice law in Michigan.  I graduated

from Wayne State University Law School and was admitted to the Michigan Bar in 1991.  I

have practiced law full time in Michigan since then.

2.      I represent NuTech Plastics Engineering, Inc. ("**NuTech**") in Case No. 02-

075335, Delphi Automotive Systems USA, L.L.C. and General Motors Corporation, which is

pending in the Circuit Court for Genessee County, Michigan ("**NuTech's Case**").  I have

represented NuTech in NuTech's Case since its inception.  As a result, I am personally

familiar with the substance of NuTech's claims in NuTech's case, the procedural background

of and developments in NuTech's Case, and how NuTech's Case was and is affected by the

chapter 11 bankruptcy petition that Delphi Automotive Systems USA, L.L.C. ("**Debtor**")

filed on October 8, 2005.

3.      In Nutech's case, GM was represented by separate counsel until December 11,

2003, when the Michigan state court approved a Stipulation and Order that substituted Mr.

Lippert for GM's exiting counsel. A true and correct copy of this Stipulation and Order is attached as Exhibit 1.

4.      I have known Mr. Lippert for 4 years. I have a cordial and professional relationship with him. From working with him over the years, I would characterize him as a "straight shooter." On August 14, 2006, I spoke with Mr. Lippert by telephone. During our conversation, Mr. Lippert stated that: (a) he represents GM in NuTech's case; (b) he will be defending GM as its trial counsel in NuTech's case against GM; (c) Debtor is contractually required to defend GM against NuTech's claims; and (d) after reading the transcript from the last bankruptcy hearing, he clarified for Debtor's bankruptcy counsel that he will be representing GM as trial counsel in NuTech's case against GM. Mr. Lippert also stated that he has been in direct contact with Delphi's Assistant General Counsel, Joseph E. Papelian, regarding these facts and issues.

5.      As a result of my 15 years of practicing law in Michigan, I am personally familiar with the procedures that the Genessee County Circuit Court (the court in which NuTech's Case is pending), and Michigan trial courts in general, use to assign trial dates for cases and how the time that a civil case has been pending affects the priority it receives for being scheduled for trial and for actually being tried. The Michigan Supreme Court requires each trial court judge to report to them on a quarterly basis all civil cases that are more than 2 years old and the reasons why they remain pending. In practice, these reporting requirements cause trial courts to prioritize the trial of those cases that have been pending the longest.

6.      Because the automatic stay was not lifted at the July omnibus hearing, I

believe that, even with the priority that the Genesee county Circuit Court will give to

NuTech's case, the Court's docket will prevent NuTech from obtaining a trial date before

January 2007.

Sworn and affirmed me this 16th  day of August 2006.

Jay Schwartz, Esq.

STATE OF MICHIGAN          )
                                          ) ss.
COUNTY OF _Oakland_          )

SUBSCRIBED AND SWORN to before me this _16_ day of _August_,
2006 by _Jay Schwartz_

My Commission expires: ___4 - 7 - 12_____

Notary Public

Notary Public, State of Michigan
County of Wayne
My Commission Expires Apr 7, 2012
Acting in the County of _Oakland_

## STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

NU-TECH PLASTICS ENGINEERING, INC.,

      Plaintiff,

vs.

GENERAL MOTORS CORPORATION,
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, L.L.C., a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, L.L.C.

      Defendants.

Case No. 02-075335-CK

Hon. Robert M. Ransom


A TRUE COPY
Michael J. Carr, Clerk

---

JAY A. SCHWARTZ (P45268)
DEBORAH E. FORDREE (P49054)
SCHWARTZ LAW FIRM, P.C.
Attorneys for Plaintiff
37887 W. 12 Mile Road, Suite A
Farmington Hills, MI 48331
(248) 553-9400

A. T. LIPPERT, JR. (P16714)
LIPPERT, HUMPHREYS, CAMPBELL,
DUST & HUMPHREYS, P.C.
Attorneys for Defendant Delphi
4800 Fashion Square Boulevard
Plaza North, Suite 410
Saginaw, MI 48604-2604
(989) 792-2552

VICTOR TORRES  (P43240)
WILLIAMS ACOSTA PLLC
Attorneys for General Motors
660 Woodward Avenue
Suite 2430
Detroit, MI 48226
(313) 963-3873

JOSEPH E. PAPELIAN (P26582)
Attorney for Defendant Delphi
Delphi Automotive Systems
M/C:  483-400-603
5725 Delphi Drive
Troy, MI 48098-2815
(248) 813-2535

---

### STIPULATION AND ORDER FOR SUBSTITUTION OF COUNSEL

The defendants General Motors Corporation and Delphi by their respective

counsel agree, pursuant to MCR 2.117(C)(2), that the law firm of Lippert, Humphreys,

12/11

Campbell, Dust & Humphreys, may be substituted as counsel for defendant General

Motors Corporation and the appearance of WILLIAMS ACOSTA PLLC may be withdrawn.

Dated: ~~November~~ *December* 2, 2003

Dated: ~~November~~ *December* 8, 2003.

WILLIAMS ACOSTA PLLC
Attorneys for Defendant, G.M.

LIPPERT, HUMPHREYS, CAMPBELL,
DUST & HUMPHREYS, P.C.
Attorneys for Defendants, Delphi

By: _____
VICTOR TORRES (P43240)
660 Woodward Avenue
Suite 2430
Detroit, MI 48226
(313) 963-3873

By: _____
A. T. LIPPERT, JR. (P16714)
4800 Fashion Square Blvd.
Plaza North, Suite 410
Saginaw, MI 48604-2604
(989) 792-2552

## ORDER

IT IS SO ORDERED.

ROBERT M. RANSOM
P-19226
_____
HONORABLE ROBERT M. RANSOM
Dated: __12/11/07__

Prepared By:
A.T. LIPPERT, JR. (P16714)
Lippert, Humphreys, Campbell,
Dust & Humphreys, P.C.
4800 Fashion Square Blvd., Ste. 410
Saginaw, MI 48604-2604
(989) 792-2552

2