Presentment Date and Time:  October 2, 2006 at 4:00 pm
Objection Deadline:  October 2, 2006 at 2:00 pm

Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

Counsel for the Official Committee of Equity Security Holders

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                      :
In re:                                                :     Chapter 11
                                                      :
  Delphi Corporation, et al.,                         :     Case No.  05-44481 (RDD)
                                                      :     (Jointly Administered)
                          Debtors.                    :
                                                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPLICATION PURSUANT TO SECTIONS 328 AND 1103
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE
2014 FOR ORDER AUTHORIZING THE OFFICIAL
COMMITTEE OF EQUITY SECURITY HOLDERS TO
RETAIN AND EMPLOY HOULIHAN LOKEY HOWARD &
ZUKIN CAPITAL, INC. AS FINANCIAL ADVISOR TO THE
EQUITY COMMITTEE *NUNC PRO TUNC* TO JULY 31, 2006**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

              The duly appointed official committee of equity security holders (the "Equity

Committee") of Delphi Corporation ("Delphi") and the other above-captioned debtors

(collectively, the "Debtors") hereby applies to the Court (the "Application") for the entry of an

order, pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy

Code") and rule 2014 ("Bankruptcy Rule 2014") of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), authorizing and approving the Equity Committee's retention and

employment of Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") as financial

advisor, *nunc pro tunc* to July 31, 2006.  In support of this Application, the Equity Committee

relies on the affidavit of P. Eric Siegert (the "Siegert Affidavit") attached hereto as Exhibit A.  In

further support of this Application, the Equity Committee respectfully states as follows:

## BACKGROUND

1.       On October 8, 2005, Delphi and thirty-eight of its domestic subsidiaries

filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of New York (the "Court").  On October 14, 2005,

three additional domestic subsidiaries of Delphi filed voluntary petitions for relief under chapter

11 of the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the

Debtors are continuing to operate their businesses and manage their properties as debtors in

possession.

2.       On October 17, 2005, the Office of the United States Trustee for the

Southern District of New York (the "UST") appointed an official committee of unsecured

creditors (the "Creditors' Committee").  No trustee or examiner has been appointed in the

Debtors' chapter 11 cases (the "Chapter 11 Cases").

3.       On March 30, 2006, the Court entered an order  (the "Equity Committee

Order") directing the UST to appoint a committee of equity security holders pursuant to section

1102 of the Bankruptcy Code.  On April 28, 2006, the UST appointed the Equity Committee.

4.       The Equity Committee Order provides that "[w]ithout prior leave of this

Court after notice and a hearing pursuant to the Case Management Order (as supplemented)

(Docket Nos. 245 & 2883), the Equity Committee shall not retain, and may not file applications

seeking the retention of, any professionals, including, investment bankers, accountants, or

actuaries, other than a law firm to represent the Equity Committee."

5.       On July 31, 2006, consistent with the Equity Committee Order, the Equity

Committee filed its Motion Pursuant to Sections 105, 328(a) and 1103 of the Bankruptcy Code

and Bankruptcy Rule 2014 for Order Granting the Official Committee of Equity Security

Holders Leave to File an Application to Retain and Employ a Financial Advisor (the "Motion for

Leave").

- 2 -

6.      By order dated August 17, 2006, the Court granted the Motion for Leave and authorized the Equity Committee to file an application to retain and employ a financial advisor.

### JURISDICTION AND VENUE

7.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory and rule predicates for the relief sought in this Application are sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.  Venue of these proceedings and the Application within this district is proper pursuant to 28 U.S.C. § 1409.

### RELIEF REQUESTED

8.      The Equity Committee requests entry of an order under sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing it to retain and employ Houlihan Lokey as financial advisor to the Equity Committee, *nunc pro tunc* to July 31, 2006, pursuant to the terms set forth in the letter agreement attached hereto as Exhibit B (the "Houlihan Lokey Engagement Letter").

### APPLICABLE AUTHORITY

9.      Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> (a)      The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section . . . 1103 of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11 U.S.C. §328(a).

10.      Section 1103 of the Bankruptcy Code provides, in relevant part, as follows:

> (a)      At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys,

- 3 -

accountants, or other agents, to represent or perform services for such committee.

(b)    An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.  Representation of one or more creditors or the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

11 U.S.C. §1103(a), (b)

11.    Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

An order approving the employment of attorneys . . . or other professionals pursuant to . . . § 1103 . . . of the Code shall be made only on application of the trustee or committee.

Fed. R. Bankr. P. 2014(a).

12.    Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York provides as follows:

An application for the employment of a professional person pursuant to … §328 of the Bankruptcy Code shall state the specific facts showing the reasonableness of the terms and conditions of the employment, including the terms of any retainer, hourly fee or contingent fee arrangement.

13.    Accordingly, this Court is authorized to grant the relief requested in this Application.

### SERVICES TO BE PROVIDED

14.    In accordance with the Equity Committee Order, and as agreed to by the Debtors, if this Application is approved, Houlihan Lokey will provide the following services:

(a)    assist the Equity Committee in analyzing matters relating to the Company's transformation of its workforce and the impact thereof on the Company on a pro forma basis including, (i) the Debtors' efforts to modify and/or reject (or terminate) collective bargaining agreements and retiree benefits under sections 1113 and 1114 of the Bankruptcy Code, (ii) the Debtors' attrition programs, including any future attrition or buydown programs, and (iii) the resulting costs and claims of such labor transformation efforts and programs, including assistance in evaluating the Company's financial models;

(b)      assist the Equity Committee in analyzing matters relating to the relationship and business arrangements between the Company and General Motors Corporation ("GM") including, evaluating and understanding legacy contracts, GM claims, claims against GM and go forward business arrangements with GM pertaining to the transformation and the impact of go forward business arrangements on the Company on a pro forma basis, and evaluating potential settlements with GM including assessment of the value of possible debt, equity or other securities of the reorganized company to be received by GM; and

(c)      assist the Equity Committee in analyzing matters relating to the Company's efforts to divest material property or business and the impact thereof on the Company on a pro forma basis, including the proposed transaction and cash flow impacts.

## HOULIHAN LOKEY'S QUALIFICATIONS

15.      The Equity Committee respectfully submits that the services and expertise of a financial advisor are both necessary and appropriate in order for it to sufficiently evaluate the complex financial and organizational transformational issues inherent in the Debtors' reorganization and to effectively fulfill its fiduciary duties as the representative of the equity security holders' interests.  The Equity Committee selected Houlihan Lokey because of its substantial knowledge and experience in providing financial advisory services to debtors, creditors and equity holders in reorganizations and distressed situations.

16.      Houlihan Lokey is a nationally recognized investment banking/financial advisory firm with 11 offices across the U.S. and Europe, and more than 700 employees. Houlihan Lokey provides investment banking and financial advisory services and execution capabilities in a variety of areas, including financial restructuring, where Houlihan Lokey is one of the leading investment bankers and advisors to debtors, bondholder groups, secured and unsecured creditors, acquirors, and other parties-in-interest involved in financially distressed companies, both in and outside of bankruptcy.  Houlihan Lokey's Financial Restructuring Group, which has over 100 professionals dedicated to such engagements, will be providing the agreed-upon financial advisory services to the Equity Committee.

17.      Houlihan Lokey has an exemplary reputation based on the financial advisory services they have provided in large and complex chapter 11 cases on behalf of debtors,

creditors, and creditor and equity committees, such as the following:  <u>XO Communications, Inc.</u>, <u>NII Holdings, Inc. (Nextel International)</u>, <u>Covad Communications, Inc.</u>, <u>McLeodUSA Inc.</u> and <u>AmeriServe Food Distribution, Inc.</u>, <u>Enron Corporation</u>, <u>Conseco, Inc.</u>, <u>Worldcom</u>, <u>Laidlaw, Inc.</u>, <u>The Loewen Group, Inc.</u>, <u>NRG Energy, Inc.</u> and <u>Tower Automotive</u>.

## DISINTERESTEDNESS

18.    Houlihan Lokey has informed the Equity Committee that it:

(a)    does not represent any other entity having an adverse interest in connection with these chapter 11 cases;

(b)    is a "disinterested person" as defined by section 101(14) and used in section 328(c) of the Bankruptcy Code; and

(c)    has no connection with the Creditors' Committee, the Debtors, their creditors or other parties-in-interest in these Chapter 11 Cases, except as set forth in the Siegert Affidavit.

19.    As set forth in the Siegert Affidavit, Houlihan Lokey has informed the Equity Committee that certain subsidiaries ("ORIX Finance") of Houlihan Lokey's indirect corporate parent currently hold $10,365,165.20 of the Debtors' pre-petition revolver due June 18, 2009 (the "ORIX Delphi Debt").  ORIX Finance will sell the ORIX Delphi Debt within five days of the Court's approval of the Application.

## COMPENSATION

20.    As set forth in the Houlihan Lokey Engagement Letter, subject to approval by this Court, Houlihan Lokey shall be paid (a) a monthly cash advisory fee of $175,000 and (b) reimbursement of expenses incurred in connection with its engagement.

21.    Consistent with the terms of retention for certain other professionals retained in the Chapter 11 Cases, pursuant to section 328(a) of the Bankruptcy Code, the compensation and reimbursement of expenses to be paid to Houlihan Lokey by the Debtors will not be subject to challenge except under the standard of review set forth in section 328(a) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, the UST will retain all rights to object to Houlihan

- 6 -

Lokey's fees and expenses on all grounds, including but not limited to, the reasonableness

standard provided for in section 330 of the Bankruptcy Code.

        22.    In accordance with the terms of the Houlihan Lokey Engagement Letter,

the Equity Committee seeks approval of the fee structure described herein pursuant to section

328 of the Bankruptcy Code.  That section provides, in relevant part, that a committee "with the

court's approval, may employ or authorize the employment of a professional person under

section …1103 . . . on any reasonable terms and conditions of employment, including on a

retainer, on an hourly basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Section 328(a),

therefore, permits the Court to approve the fee structure proposed in the Houlihan Lokey

Engagement Letter in connection with the Equity Committee's retention of Houlihan Lokey.

Because the aforementioned fee structure is favorable to amounts generally charged by financial

advisory firms of similar stature to Houlihan Lokey and for analogous engagements, the Equity

Committee believes that the terms and conditions associated with retaining Houlihan Lokey's

services are both fair and reasonable in accordance with the standards set forth in 11 U.S.C. §

328(a).  In addition, the fee structure was negotiated at length with and approved by the Debtors.

        23.    Houlihan Lokey will apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Federal Rules of Bankruptcy Procedure, the Local Rules, guidelines established

by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, except as

otherwise provided herein.  Houlihan Lokey will maintain records of any actual and necessary

costs and expenses incurred in connection with the aforementioned services.  The Equity

Committee has been advised by Houlihan Lokey that it is not the general practice of financial

advisory firms to keep detailed time records similar to those customarily kept by attorneys.

Nevertheless, while Houlihan Lokey does not charge for its services on an hourly basis,

Houlihan Lokey and its professionals will maintain contemporaneous time records for services

rendered for the Equity Committee in one-half hour increments.

24.    With the Debtors' support, after reaching agreement with the Debtors upon the scope and compensation of the Equity Committee's financial advisor and in connection with the filing of the Motion for Leave, Houlihan Lokey began rendering financial advisory services on behalf of the Equity Committee on July 31, 2006.  Accordingly, the Equity Committee requests that the retention of Houlihan Lokey be authorized effective as of July 31, 2006.

## ADDITIONAL TERMS OF RETENTION

25.    The Equity Committee has requested that the indemnification provisions of the Houlihan Lokey Engagement Letter be modified to reflect, in substantially the same form, indemnification provisions negotiated with, or otherwise agreeable to, the UST and approved by this Court with respect to other financial advisors retained in the Chapter 11 Cases, and by Courts in this District in In re Nextwave Personal Communications, Inc., Case No. 98-21529 (ASH) (Bankr. S.D.N.Y. Oct. 1, 2001) and In re PSINet Inc., Case No. 01-13213 (REG) (Bankr. S.D.N.Y. July 11, 2001).  Houlihan Lokey has agreed and the Equity Committee and Houlihan Lokey seek approval of the indemnification provisions in the Houlihan Lokey Engagement Letter, subject to the following:

a.    all requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the Houlihan Lokey Engagement Letter will be made by means of an Interim and Final Fee Application (as defined in the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals, entered on November 4, 2005 (as supplemented on March 8, 2006, March 28, 2006, May 5, 2006, and July 12, 2006)) and will be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Indemnification, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of the Court, and is reasonable based upon the circumstances of the litigation or settlement in respect of

- 8 -

which the indemnity is sought, <u>provided</u>, <u>however</u>, that in no event will an

Indemnified Person be indemnified or receive contribution in the case of

bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence

or willful misconduct on the part of that or any other Indemnified Person;

b.       in no event will an Indemnified Person be indemnified or receive

contribution or other payment under the Houlihan Lokey Engagement Letter if the

Debtors, their estates, or the Equity Committee asserts a claim for, and the Court

determines by final order that such claim arose out of, bad faith, self-dealing,

breach of fiduciary duty, if any, gross negligence, or willful misconduct on the

part of that or any other Indemnified Person; and

c.       in the event an Indemnified Person seeks reimbursement for attorneys'

fees from the Debtors, the invoices and supporting time records from such

attorneys will be annexed to Houlihan Lokey's own Interim and Final Fee

Applications, and such invoices and time records will be subject to the UST's

guidelines for compensation and reimbursement of expenses and the approval of

the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code

without regard to whether such attorney has been retained under section 327 of

the Bankruptcy Code.

26.       The Equity Committee or Houlihan Lokey may terminate the Houlihan

Lokey Engagement Letter at any time upon thirty (30) days prior written notice thereof to the

other party.  Notwithstanding any termination of the engagement, the Debtors remain obligated

to pay any fees due under the terms of the Houlihan Lokey Engagement Letter and termination

will not affect the Debtors' reimbursement and indemnification obligations under the Houlihan

Lokey Engagement Letter.

## BEST INTERESTS OF THE EQUITY COMMITTEE AND THE DEBTORS' ESTATES

27.    In the Equity Committee's view, the retention of Houlihan Lokey is in the best interests of the Equity Committee, the Debtors, the Debtors' estates, their creditors and their equity security holders.

## WAIVER OF MEMORANDUM OF LAW

28.    Pursuant to Local Rule 9013-1(b), the Equity Committee respectfully requests that the Court waive the requirement that the Equity Committee file a memorandum of law in support of this Application, since this Application raises no novel issues of law.

## NOTICE

29.    Notice of this Application has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883).  In light of the nature of the relief requested, the Equity Committee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

30.    No prior request for the relief sought in this Application has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Equity Committee respectfully requests that the Court enter an order pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, substantially in the form attached to this Application as Exhibit C, (i) authorizing the Equity Committee to employ and retain Houlihan Lokey as its financial advisor in this case, *nunc pro tunc,* to July 31, 2006, and (ii) granting such other and further relief as is just and proper.

Dated:      New York, New York
            September 21, 2006

                                OFFICIAL COMMITTEE OF EQUITY
                                SECURITY HOLDERS OF
                                DELPHI CORPORATION, ET AL.


                                By:   /s/ Douglas L. Dethy
                                      Douglas L. Dethy
                                      Chairman of Equity Committee

556327

- 11 -