# **<u>Exhibit A</u>**

Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
Delphi Corporation, et al.,                                      :    Case No. 05-44481 (RDD)
                                                                 :
                                      Debtors.                   :    (Jointly Administered)
-----------------------------------------------------------------x

**AFFIDAVIT OF P. ERIC SIEGERT IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO RETAIN AND EMPLOY HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS FINANCIAL ADVISOR**

STATE OF NEW YORK    )
                     )  SS
COUNTY OF NEW YORK   )

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), P. Eric Siegert, being duly sworn, deposes and says:

1. I am a Senior Managing Director of Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey"), and am duly authorized to execute this affidavit (the "Affidavit") on behalf of Houlihan Lokey. I make this Affidavit in support of the application (the "Application") of the official committee of equity security holders (the "Equity Committee") to retain and employ Houlihan Lokey as financial advisor. I am familiar with the matters set forth herein and, if called as a witness, I could and would testify thereto. Unless otherwise defined herein, all capitalized terms used herein have the meanings ascribed to them in the Application.

2. Houlihan Lokey is a nationally recognized investment banking/financial advisory firm with 11 offices across the U.S. and Europe, and more than 700 employees. Houlihan Lokey provides investment banking and financial advisory services and execution capabilities in a variety of areas, including financial restructuring, where Houlihan Lokey is one of the leading investment bankers and advisors to debtors, bondholder groups, secured and unsecured creditors, acquirors, and other parties-in-interest involved in financially distressed companies, both in and outside of bankruptcy. Houlihan Lokey's Financial Restructuring Group, which has over 100 professionals dedicated to such engagements, will be providing the agreed-upon financial advisory services to the Equity Committee. Houlihan Lokey has served as a financial advisor in some of the largest and most complex restructuring matters in the United States, including serving as the financial advisor to the debtors in the chapter 11 proceedings of XO Communications, Inc., NII Holdings, Inc. (Nextel International), Covad Communications, Inc., McLeodUSA Inc. and AmeriServe Food Distribution, Inc., and as the financial advisor to the official creditors' committees in the chapter 11 proceedings of Enron Corporation, Conseco,

2

Inc., Worldcom, Laidlaw, Inc., The Loewen Group, Inc., NRG Energy, Inc. and Tower Automotive.

3. On October 8, 2005, Delphi and thirty-eight of its domestic subsidiaries filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On October 14, 2005, three additional domestic subsidiaries of Delphi filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession. No trustee or examiner has been appointed in the Debtors' chapter 11 cases (the "Chapter 11 Cases").

4. On October 17, 2005, the Office of the United States Trustee for the Southern District of New York (the "UST") appointed an official committee of unsecured creditors (the "Creditors' Committee").

5. On December 22, 2005, Appaloosa Management L.P. filed a motion seeking an order directing the UST to appoint a committee of equity security holders (the "Equity Committee Motion") pursuant to section 1102 of the Bankruptcy Code. A hearing on the Equity Committee Motion was held on March 21 and 22, 2006. On March 22, 2006 the court issued an oral ruling on the Equity Committee Motion (the "Bench Decision") and, by order dated March 30, 2006 (the "Equity Committee Order"), the Court granted the Equity Committee Motion and directed the UST to appoint the Equity Committee.

6. Houlihan Lokey now submits this Affidavit, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and pursuant to the order of this Court, in connection with the Application.

3

7. Houlihan Lokey is wholly owned by Houlihan, Lokey, Howard & Zukin, Inc. ("HLHZ Parent"). Since the beginning of 2006 HLHZ Parent has been a wholly owned subsidiary of Fram Holdings, Inc. ("Fram"). Fram, in addition to owning all of the capital stock of HLHZ Parent, is the immediate parent of ORIX Finance Holdings, LLC, a Delaware limited liability company. In turn, ORIX Finance Holdings, LLC is the parent of ORIX Finance Corp. ("ORIX Finance"), which holds $10,365,165.20 of the Delphi pre-petition revolver due June 18, 2009 (the "ORIX Delphi Debt"). HLHZ Parent and ORIX Finance Holdings, LLC indirectly have common shareholders. ORIX USA Corporation ("ORIX USA") indirectly owns approximately 70% of the common stock of Fram and officers of Fram and its subsidiaries own the remaining 30% of the common stock of Fram. ORIX USA is a wholly owned subsidiary of ORIX Corporation, a leading, publicly traded, integrated financial services group headquartered in Tokyo, Japan. HLHZ Parent and ORIX Finance Holdings, LLC do not have any common directors. ORIX Finance has two directors and both are on the Board of Fram. HLHZ Parent has 10 directors, two of whom are on the Board of Fram. Houlihan Lokey has five directors, one of whom is on the Board of HLHZ Parent and none of whom are on the Boards of Fram or ORIX Finance. Other than HLHZ Parent, Fram's only other business interests comprise various corporate lending subsidiaries, the principal one of which is ORIX Finance.

8. In the course of their business, professionals of Houlihan Lokey and ORIX Finance occassionally discuss public information regarding business prospects and market conditions. Professionals of Houlihan Lokey and ORIX Finance do not exchange non-public information without putting in place appropriate confidentiality arrangements and/or restrictions on securities trading, as the case may be. When appropriate, professionals of Houlihan Lokey and ORIX Finance can institute additional prophylactic measures (such as "information walls")

expressly restricting the exchange of information between their respective professionals. Upon approval of Houlihan Lokey's retention by the Equity Committee, and upon instruction by the Court to do so, ORIX Finance will sell its ORIX Delphi Debt in the open market within five trading days of such Court instruction.

9. Houlihan Lokey is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that Houlihan Lokey:

- a. is not a creditor, equity security holder or insider of the Debtors;

- b. is not and was not an investment banker for any outstanding security of the Debtors;

- c. has not been, within three (3) years before the date of the filing of the Debtors' chapter 11 petition, (i) an investment banker for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

- d. is not and, was not, within two (2) years before the date of the filing of the Debtors' chapter 11 petition, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

10. Moreover, to the best of my knowledge, information and belief formed after reasonable inquiry, Houlihan Lokey and its affiliates, professionals and employees have no materially adverse interest to the Debtors' estates or the creditors in these cases, except as set forth herein.

11. To determine its relationship with the parties-in-interest in these cases, Houlihan Lokey researched its client databases as to the following entities and individuals (collectively, the "Interested Parties"), that were identified to Houlihan Lokey by the Debtors:

a.  Debtors' entities;

b.  50 largest unsecured creditors;

c.  Officers and directors of the Debtors and their non-debtor affiliates;

d.  professionals retained by the Debtors;

e.  significant pre-petition lenders of the Debtors;

f.  the post-petition lenders of the Debtors;

g.  bond indenture trustees;

h.  known bondholders;

i.  stockholders of greater than 5%; and

j.  Other potentially adverse parties.

This research confirmed that Houlihan Lokey has no materially adverse interest to the Debtors' estates or the creditors in these cases, except as set forth herein. Houlihan Lokey's research of its relationships with the Interested Parties indicated that during the past three years, Houlihan Lokey has provided or is providing services, or has a financial relationship, to certain entities in matters <u>unrelated</u> to these cases. Houlihan Lokey has so indicated these relationships on the attached Schedule 1. In addition, Houlihan Lokey has reviewed the entire ORIX Finance investment portfolio to determine whether ORIX Finance has any relationship with the Interested Parties, and has also reviewed lists of the members of the Creditors Committee and the Debtor's top 50 creditors to determine if ORIX USA, or any of its subsidiaries, is identified as a member of such committee or a creditor of the Debtor.

12.  Houlihan Lokey has provided and periodically provides financial advisory services to the Debtors' pre-petition and post-petition lenders, JP Morgan and Citigroup, on matters unrelated to these Chapter 11 Cases.

13.     As stated above, ORIX Finance currently holds $10,365,165.20 of ORIX Delphi Debt. ORIX Finance shall sell the ORIX Delphi Debt within five days of the Court's approval of the Application.

14.     ORIX Finance also holds debt of the following Interested Parties: (i) General Motors Corporation in the approximate amount of $11 million and (ii) American Axle & Manufacturing, Inc. in the approximate amount of $2 million. Orix Finance may in the ordinary course of its business transact in debt obligations of such issuers and other issuers who may have claims against the Debtors to the extent consistent with Orix Finance's internal policies and applicable law. It is my understanding that none of the two aforementioned Interested Parties account for one percent or more of the revenues of either ORIX Finance or Houlihan Lokey. Houlihan Lokey can issue opinions with respect to and take positions adverse to the parties identified in this paragraph 14 in the Chapter 11 Cases.

15.     In addition, and by way of supplemental disclosure:

   a.   From time to time, Houlihan Lokey has provided services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties adverse to the Debtors in matters unrelated to the Chapter 11 Cases. As described above, however, Houlihan Lokey has undertaken a detailed search to determine, and to disclose, whether it has been employed by any of the Debtors' significant creditors (including banks), equity security holders, insiders or other parties-in-interest in their individual capacities (as opposed to merely their membership on a committee (official or unofficial) represented by Houlihan Lokey), in such unrelated matters;

   b.   Houlihan Lokey provides services in connection with numerous cases, proceedings and transactions unrelated to the Chapter 11 Cases, including representing debtors and creditors' committees in

7

        chapter 11 proceedings and in out-of-court restructurings. All of these matters involve numerous attorneys, professionals and creditors, some of whom (including the members of any such committee) are, or may be, attorneys, professionals and/or creditors of the Debtors in the Chapter 11 Cases;

c.      Houlihan Lokey personnel may have business associations with certain creditors of the Debtors unrelated to the Chapter 11 Cases. In addition, in the ordinary course of its business, Houlihan Lokey will work with and engage counsel or other professionals in unrelated matters who now represent, or in the future may represent, creditors or other interested parties in the Chapter 11 Cases;

d.      Houlihan Lokey has thousands of clients, past and present, who are located throughout the United States, Asia, Europe and South America, in a variety of industries. While Houlihan Lokey has not advised any of these parties in connection with the Chapter 11 Cases, it is possible that certain of these parties, their creditors and the related professionals may have some relationship to the Debtors or their creditors in these cases;

e.      HLHZ Parent and its subsidiaries have over 700 employees, some of whom may have personal investments in the Debtors. Houlihan Lokey has placed the Debtors on their "restricted list," which precludes any employee from trading in the securities of the Debtors; and

f.      Houlihan Lokey is affiliated with an investment fund, Sunrise Capital Partners, LP. While this fund does not have an investment in the Debtors, it is possible that it may have made, or currently hold, investments in certain of the creditors in the Chapter 11 Cases. In addition, some of Houlihan Lokey's present and future employees may have, or may in the future have, personal investments in funds or other investment vehicles, over whose investment decisions such employees have no input or control. Such entities may have made, or may in the future make, investments in the Debtor's securities, or

8

        those of its creditors, or other parties in interest in these cases.

g.    In addition to the above, Houlihan Lokey may have represented, continue to represent, or otherwise be affiliated with, certain providers, customers, and/or competitors of the Debtors in matters <u>unrelated</u> to the Chapter 11 Cases.

16. To the extent I discover any facts bearing on the matters described herein during the period of Houlihan Lokey's retention, I will supplement the information contained in this Affidavit.

Dated: August 16, 2006

_____
P. Eric Siegert

Sworn to and subscribed to before me on this 20th day of September 2006.

_____
Yemi Fawehinmi
Notary Public

YEMI O. FAWEHINMI
Notary Public, State of New York
No. 01FA6104127
Qualified in New York County
Commission Expires January 12, 20 08

10

## Schedule 1

11

DELPHI CORPORATION, INC.
PARTIES IN INTEREST TO WHOM HOULIHAN LOKEY HAS PROVIDED SERVICES

| CLIENT | JOB CODE |
|---|---|
| Applied Biosystems | Non-Transaction Based Opinion |
| Applied Biosystems | Purchase Price Allocation |
| Applied Biosystems | Consulting |
| Applied Biosystems | Purchase Price Allocation |
| Fried, Frank, Harris Shriver & Jacobson | Litigation |
| O'Melveny & Myers, LLP | Non-Transaction Based Opinion |
| Mayer, Brown, Rowe & Maw LLP | Fairness |
| Electronic Data Systems Corporation | Purchase Price Allocation |
| Electronic Data Systems Corporation | Goodwill Impairment |
| Flextronics International | Purchase Price Allocation |
| Flextronics International | Stock Option Valuation |
| Flextronics International | Purchase Price Allocation |
| Flextronics | Restructuring (1993) |
| General Motors Corporation | Transaction Based Opinion |
| Latham & Watkins | Estate & Gift Tax |
| O'Melveny & Myers, LLP | Consulting |
| Latham & Watkins | Consulting |
| Mayer, Brown, Rowe & Maw LLP | Estate & Gift Tax |
| O'Melveny & Myers, LLP | Consulting |
| Fried, Frank, Harris Shriver & Jacobson | Litigation |
| Mayer, Brown, Rowe & Maw LLP | Non-Transaction Based Opinion |
| Mayer, Brown, Rowe & Maw LLP | Tax |
| Methode Electronics | Transaction Based Opinion |
| Methode Electronics | Non-Transaction Based Opinion |
| Methode Electronics | Exclusive Sale |
| Latham & Watkins | Consulting |
| Skadden, Arps, Slate, Meagher & Flom LLP | Litigation |
| Electronic Data Systems Corporation | Purchase Price Allocation |
| O'Melveny & Myers, LLP | Litigation |
| O'Melveny & Myers, LLP | Consulting |
| Wilmington Trust Company | Non-Transaction Based Opinion |
| O'Melveny & Myers, LLP | Litigation |
| O'Melveny & Myers, LLP | Estate & Gift Tax |
| Latham & Watkins | Creditor Advisors |
| Rite Aid Corporation | Fairness |
| Rite Aid Corporation | Fairness |