# **Exhibit C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :  Chapter 11
                                                            :
  Delphi Corporation, et al.,                      :  Case No. 05-44481 (RDD)
                                                            :  (Jointly Administered)
               Debtors.                        :
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

This matter coming before the Court on the application (the "Application")[1] of the official committee of equity security holders (the "Equity Committee") to retain and employ Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") as financial advisor; and having reviewed the Application; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (c) sufficient notice of the Application having been provided and that no other or further notice need be provided; and the Court having considered the affidavit of P. Eric Siegert (the "Siegert Affidavit") submitted in connection with the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

    1.    The Application is GRANTED.

---

[1]    Capitalized terms not otherwise defined herein have the meaning given to them in the Application.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Equity Committee is hereby authorized to employ Houlihan Lokey as its financial advisor to perform the services set forth in the Application and the Houlihan Lokey Engagement Letter, *nunc pro tunc* to July 31, 2006.

3. Houlihan Lokey shall not be retained by the Equity Committee in any capacity other than as pursuant to the Houlihan Lokey Engagement Letter, which retention is approved by this Order.

4. Houlihan Lokey shall cause ORIX Finance to sell the ORIX Delphi Debt within five days of the entry of this Order.

5. Except as set forth in paragraph 6 of this Order, the compensation and reimbursement of expenses to be paid to Houlihan Lokey by the Company shall be in accordance with the terms of the Houlihan Lokey Engagement Letter, which fees and expenses (including the Monthly Fees) shall not hereafter be subject to challenge except under the standard of review set forth in section 328(a) of the Bankruptcy Code.

6. The United States Trustee retains all rights to object to Houlihan Lokey's fees and expenses on all grounds, including but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. Houlihan Lokey shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, the Local Rules, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, except as otherwise provided herein. While Houlihan Lokey does not charge for its services on an hourly

basis, Houlihan Lokey and its professionals shall maintain contemporaneous time records for services rendered for the Equity Committee in one-half hour increments.

8. Houlihan Lokey shall be paid in accordance with section 331 of the Bankruptcy Code and the Local Rules and Orders of this Court that establish procedures for monthly compensation and reimbursement of expenses.

9. Upon completion of its work for the Equity Committee, Houlihan Lokey shall file a final fee application for review by the Court and parties in interest for all fee work done for the Equity Committee.

10. The Debtors shall indemnify and hold harmless Houlihan Lokey and its affiliates, and their respective past, present and future directors, officers, shareholders, employees, agents and controlling persons within the meaning of either Section 15 of the Securities Act of 1933, as amended, or Section 20 of the Securities Exchange Act of 1934, as amended (collectively, the "Indemnified Parties"), pursuant to the Houlihan Lokey Engagement Letter and subject to the following conditions:

  a. all requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the Houlihan Lokey Engagement Letter shall be made by means of an Interim and Final Fee Application (as defined in the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals, entered on November 4, 2005 (as supplemented on March 8, 2006, March 28, 2006, May 5, 2006, and July 12, 2006)) and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Indemnification, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court, and

       is reasonable based upon the circumstances of the litigation or settlement in respect of which the indemnity is sought, provided, however, that in no event shall an Indemnified Person be indemnified or receive contribution in the case of bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person, and

  b.  in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the Houlihan Lokey Engagement Letter if the Debtors, their estates, or the Equity Committee asserts a claim for, and the Court determines by final order that such claim arose out of, bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person, and

  c.  in the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors, the invoices and supporting time records from such attorneys shall be annexed to Houlihan Lokey's own Interim and Final Fee Applications, and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code.

    11.    Houlihan Lokey shall not retain any professional person to assist Houlihan Lokey in the performance of Houlihan Lokey's obligations under the Houlihan Lokey Engagement Letter unless this Court shall have entered an order approving Houlihan Lokey's retention and employment of such professional person after notice and a hearing.

12. To the extent this Order is inconsistent with the Houlihan Lokey Engagement Letter, this Order shall govern.

13. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation and interpretation of this Order.

14. The requirement pursuant to Local Rule 9013-1(b) that the Equity Committee file a memorandum of law in support of the Application is hereby waived

Dated: October \_\_\_\_, 2006
      New York, New York

                                               _____
                                               HONORABLE ROBERT D. DRAIN
                                               UNITED STATES BANKRUPTCY COURT JUDGE

NO OBJECTION:

DIANA G. ADAMS
ACTING UNITED STATES TRUSTEE

By: _____
     Alicia M. Leonhard
     ATTORNEY FOR UNITED STATES TRUSTEE