UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                           :   Chapter 11
                                                                 :
                                                                 :   Case No. 05-44640 (RDD)
Delphi Automotive Systems LLC,                                   :
                                                                 :
             Debtors                                             :
-----------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

TO: QUANEX CORPORATION (which does business under the trade name of its division, Macsteel)
("ASSIGNOR")
Macsteel
One Jackson Square, Suite 500
Jackson, MI 49201
Attn: Stefan J Prociv

As of September 25, 2006, Assignor's Claim against Debtors in the principal amount of $127,914.85 has been transferred to the following Assignee:

JPMorgan Chase Bank, N.A.
270 Park Avenue, 17th Floor
New York, New York 10017
Attention:      Neelima Veluvolu
Telephone:      (212) 270-2150
Facsimile:      (646) 792-3855
E-mail:         neelima.veluvolu@jpmorgan.com

The Evidence of Transfer of Claim is attached as Exhibit A and the Assignee's payment and delivery instructions are attached as Exhibit B. The Proof of Claim is attached hereto as Exhibit C. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN TWENTY (20) DAYS OF THE DATE OF THIS NOTICE, YOU MUST FILE A WRITTEN**

OBJECTION TO THE TRANSFER:

| Mailing Address: | Physical Address: |
|---|---|
| United States Bankruptcy Court<br>Southern District of New York<br>Delphi Corporation Claim Docketing Center<br>Bowling Green Station, PO Box 5058<br>New York, NY 10274-5058 | United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004 |

PLEASE SEND A COPY OF YOUR OBJECTION TO THE ASSIGNEE AT THE FOLLOWING ADDRESS:

JPMorgan Chase Bank, N.A.
270 Park Avenue, 17th Floor
New York, New York 10017
Attention:     Neelima Veluvolu
Telephone:    (212) 270-2150
Facsimile:    (646) 792-3855
E-mail:       neelima.veluvolu@jpmorgan.com

WITH A COPY TO :

Kirkpatrick & Lockhart Nicholson Graham LLP
599 Lexington Avenue
New York, NY 10022
Attention:    Steven H. Epstein
Telephone:    (212) 536-4830
Facsimile:    (212) 536-4001
E-mail :      sepstein@klng.com

If you file an objection, a hearing will be scheduled. IF YOUR OBJECTION IS NOT TIMELY FILED, THE ASSIGNEE WILL BE SUBSTITUTED FOR THE ASSIGNOR ON THE BANKRUPTCY COURT RECORDS AS A CLAIMANT IN THIS PROCEEDING.

Dated: September 25, 2006

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:         Carrie A. Parks
               Authorized Signatory

15

## EXHIBIT A

Evidence Of Transfer Of Claim

16

UNITED STATES BANKRUPTCY COURT
_____ DISTRICT OF _____
-------------------------------------------------------------x
In re:                                                        :    Chapter 11
                                                              :
                                                              :    Case No. 05-44640 (RDD)
Delphi Automotive Systems LLC,                                :
                                                              :
    Debtors                                                   :
-------------------------------------------------------------x

## EVIDENCE OF TRANSFER OF CLAIM

**Quanex Corporation** (which does business under the trade name of its division, Macsteel) (the "Assignor"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto **JPMorgan Chase Bank, N.A.**, its respective successors and assigns ("Assignee") all rights, title and interest in and to the general unsecured claims of Assignor in the principal amount of $127,914.85 plus all interest, fees and other amounts related thereto (the "Claim") against Delphi Corporation et al. (the "Debtors") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court, Southern District of New York, or any other court with jurisdiction over the bankruptcy proceedings ("Bankruptcy Court") Case No. 05-44481 (RDD) (Jointly Administered).

The claim transferred hereby constitutes the claim described in the true copy of the Proof of Claim dated July 21, 2006, which is attached hereto as Exhibit C. Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Assignee.

17

IN WITNESS WHEREOF, dated the 25th day of September 2006.

JPMORGAN CHASE BANK, N.A.,
as Assignee

By _____
Name:
Title:            Carrie A. Parks
              Authorized Signatory


Accepted and agreed to as of this ____ date of
September 2006

QUANEX CORPORATION, as Assignor

By _____
Name: JOHN J. MANNON
Title: VP-TREASURER

## EXHIBIT B

### Assignee's Payment And Delivery Instructions

Notice:
Primary Contact: Neelima Veluvolu
Street Address: 270 Park Avenue, 17th Floor
City, State, Zip Code: New York, NY 10017
Phone Number: (212) 270-2150
Fax Number: (646) 792-3855

Backup Contact: Karoline Kane
Phone Number: (212) 270-0033
Fax Number: (646) 792-3855

Wire:
Name of Bank: JPMorgan Chase Bank, N.A.
Routing Transit/ABA number: 021000021
Name of Account: SPS High Yield Loan Trading
Account Number: 544-7-94742

## EXHIBIT C

Proof of Claim

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISRICT OF NEW YORK

**2nd AMENDED PROOF OF CLAIM**
Supplements and clarifies form previously filed by claimant

In re (Name of Debtor) DELPHI

Case Number 05-44481

Unsecured Non Priority Claim

Amount $511659.39

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request of payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**Name of Creditor**
(The person or entity to whom the debtor owes money or property)

Quanex Corporation

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and Addresses Where Notices Should be Sent**

Macsteel
One Jackson Square Suite 500
Jackson MI 49201
Attn S J Prociv

Telephone No. 800-876-7833

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim: ☐ replaces  X amends a previously filed claim, dated: 7-21-06

1. **BASIS FOR CLAIMS:**
   - X Goods sold
   - X Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other (Describe briefly)                    (date)
   - ☐ Retiree benefits as defined in 11 U.S.C. §114(a)
   - ☐ Wages, salaries, and compensations (Fill our below)
     Your social security number _____
     Unpaid compensations for services performed
     from _____ to _____
             (date)

2. DATE DEBT WAS INCURRED: OCT 2005

3. IF COURT JUDGMENT, DATE OBTAINED:

4. **CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM $_____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any
$_____

X UNSECURED NONPRIORITY CLAIM $511,659.39    A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $_____

Specify the priority of the claim.
- ☐ Wages, salaries, or commissions (up to $2000[1]/$4,000[2]/$4,300[3]), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier-11 U.S.C. §507(a)(3)
- ☐ Contributions to an employee benefit plan-11 U.S.C. §507(a)(4)
- ☐ Up to $900[1]/$1,800[2]/$1,950[3] of deposits towards purchase, lease, or rental of property or services for personal, family, or household use-11 U.S.C. §507(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse or child-11 U.S.C. §507(a)(7)
- ☐ Taxes or penalties of governmental units-11 U.S.C. §507(a)(8)
- ☐ Other-Specify applicable paragraph of 11 U.S.C. §§507(a)_____

[1]Cases commenced prior to 10/22/94    [3]Cases commenced on or after 4/01/98
[2]Cases commenced on or after 10/22/94

5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:
$ 511659.39 (Unsecured)    $ _____ (Secured)    _____ (Priority)    (Total) $ 511659.39

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof. In filing this claim, claiming has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date 9-6-06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

BY Stefan J Prociv  /s/ Stefan J Prociv

COPY

RECEIVED
13 2006
CLAIMS PROCESSING CENTER
USBC, SDNY

10569/10
09/06/06 790594.01

MACSTEEL General Office
One Jackson Square
Suite 500
Jackson MI, 49201
517-782-0415

# MACSTEEL STEEL BARS

**40521   DELPHI SAGINAW STG SYS.**

| Invoice# | Invoice Date | Qty Shipped Lbs. | Invoice Total $ | LOC | Customer PO number |
|---|---|---|---|---|---|
| 195318 | 10/4/2005 | 99,712 | $49,038.36 | J | SAG9014398 |
| 195319 | 10/4/2005 | 99,712 | $49,038.36 | J | SAG9014398 |
| 195399 | 10/5/2005 | 96,976 | $47,692.80 | J | SAG9014398 |
| 195400 | 10/5/2005 | 98,550 | $48,466.89 | J | SAG9014399 |
| 195417 | 10/6/2005 | 109,744 | $53,972.10 | J | SAG9014398 |
| 195472 | 10/7/2005 | 107,920 | $53,075.06 | J | SAG9014398 |
| 195473 | 10/7/2005 | 105,792 | $52,028.51 | J | SAG9014398 |
| 195474 | 10/7/2005 | 102,150 | $50,237.37 | J | SAG9014398 |
| 195510 | 10/10/2005 | 109,575 | $53,888.99 | J | SAG9014399 |
| 195511 | 10/10/2005 | 110,250 | $54,220.95 | J | SAG9014399 |
|  |  | 1,040,381 | $511,659.39 |  |  |
|  |  | 1,040,381 | $511,659.39 |  |  |

**Clarifying Amendment**

a.   By letter agreement dated February 16, 2006, executed by Claimant on February 22, 2006 the Debtor agreed to pay 75% of the amount listed in this Proof of Claim (75% x $511,659.39 = $383,744.54) in six quarterly installments pursuant to Court Order.  (A true copy of the letter agreement is attached hereto). To date, Claimant has received two payments of $63,958, leaving a balance of $383,743.

b   The 25% not being paid under the letter agreement, $127,914.85, also remains as a general unsecured claim.

7/17/06 14:07

1

**DELPHI**                                                          Date: February 16, 2006

TO:   Macsteel
      Stefan J. Prociv
      One Jackson Square
      Suite 500
      Jackson, MI 49201

Dear Valued Supplier:

As you are no doubt aware, on October 8, 2005 (the "Petition Date"), Delphi Corporation ("Delphi"), together with certain of its U.S. affiliates (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101-1330, as amended) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Cases" and the "Bankruptcy Court," respectively). On November 18, 2005, we requested the Bankruptcy Court's authority to assume certain of our agreements with suppliers in recognition of the importance of continuity in our business operations and our desire that the Bankruptcy Cases have as little effect on our operations as possible. On December 12, 2005, the Bankruptcy Court entered an order (the "Order") authorizing us, under certain conditions, to assume certain agreements with suppliers that agree to the terms set forth below and to be bound by the terms of the Order. A copy of the Order is enclosed.

To have the agreements between you and the Debtors that are listed on Schedule A hereto (each an "Agreement" and, if more than one, collectively, the "Agreements") assumed pursuant to section 365 of the Bankruptcy Code and to receive payment on pre-bankruptcy claims, you must agree to each of the following terms and conditions:

(a)   You will extend the term of the Agreement or Agreements, as appropriate, and continue supplying the Debtors with the goods provided under the Agreement or Agreements, as appropriate, for a period of two (2) years from the date of expiration of each Agreement, unless the Debtors earlier reject or otherwise terminate the Agreement (the "Extension").

(b)   You acknowledge and agree that each Agreement, and all of the terms thereof including the Delphi's General Terms and Conditions (a copy of which is enclosed herewith), including, without limitation, the termination for convenience provisions contained in Section 11 thereof, are enforceable by the Debtors against you.

(c)   You will supply goods to the Debtors on MNS-2 payment terms and those other terms and conditions as are embodied in the Agreement (including Delphi's General Terms and Conditions) and the most favorable trade terms, practices, and programs (including, without limitation, pricing terms) in effect between you and the Debtors in the twelve months prior to the Petition Date consistent with and subject to current market conditions as of the effective date of assumption of the Agreement (collectively, the "Customary Trade Terms").

(d)   You are adequately assured of future performance for the term of the Extension and waive any right to seek further adequate assurance of future performance, whether pursuant to section 365(b)(1)(C) of the Bankruptcy Code or otherwise.

FEB 16 '06 16:05 FR DELPHI PURCHASING    248 813 2077 TO 918664951442    P.02/05

(e)  You agree that the Debtors will pay you 75% of the outstanding pre-petition liabilities of the Debtors under such Agreement(s) as of the effective date of assumption reflected in the Debtors' books and records (net of any setoffs, credits or discounts) or as otherwise reconciled between the Debtors and you (the "Trade Claim"). The Debtors will pay the amount of the Trade Claim to you in six equal installments with the first installment paid as soon as reasonably practicable by the Debtors following the effective date of assumption of such Agreement(s) and the remaining five installments paid on the last day of each of the next five calendar quarters (i.e., December 31, 2005; March 31, 2006; June 30, 2006; September 30, 2006; December 31, 2006; and March 31, 2007) beginning with the first calendar quarter following the calendar quarter in which the effective date of assumption occurs. Payment of such amount at the times provided in the preceding sentence will constitute cure of all defaults under the Agreement or Agreements, as appropriate, and compensation of all actual pecuniary losses to you resulting from any such defaults, and you waive any further rights that you may have under section 365(b) of the Bankruptcy Code; provided, however, that the Trade Claim shall not constitute an administrative expense pursuant to section 503 of the Bankruptcy Code and you waive any right to assert a claim under section 503 on account of the Trade Claim.

(f)  In the event of any termination or subsequent rejection of the Agreement(s), you will not receive any payments of Cure that are to be paid on or after the effective date of such termination (the "Remaining Cure"); provided, however, that, upon any termination of any Agreement, you will receive an allowed general unsecured claim against the relevant Debtor for the amount of the Remaining Cure, which general unsecured claim shall be addressed pursuant to the terms of the plan of reorganization which is confirmed and consummated in the Debtors' chapter 11 cases.

(g) Upon any termination or any subsequent rejection of any Agreement, you agree that the amount of damages which you may assert against the relevant Debtor on account of such termination shall not exceed the amount of damages arising upon a termination for convenience in accordance with the terms of Section 11 of Delphi's General Terms and Conditions.

(h)  You will receive an allowed general unsecured claim against the appropriate Debtor for the remaining balance of the amount of the outstanding pre-petition liabilities of the Debtors under the Agreement(s) as of the effective date of assumption reflected in the Debtors' books and records or as otherwise reconciled between the Debtors and you, which general unsecured claim shall be addressed pursuant to the terms of the plan of reorganization which is confirmed and consummated in the Debtors' chapter 11 cases.

(i)  In consideration for the payment described herein, you agree not to file or otherwise assert against any or all of the Debtors, their estates, or any other person or entity or any of their respective assets or property (real or personal) any lien (regardless of the statute or other legal authority upon which such lien is asserted) related in any way to any remaining pre-petition amounts allegedly owed to you by the Debtors arising from agreements entered into prior to the Petition Date, including, without limitation, the Agreement(s). Furthermore, if you have taken steps to file or assert such a lien prior to entering into this letter agreement, you agree to take all necessary steps to remove such lien as soon as possible.

(j)  You represent and warrant to the Debtors that you have not sold, conveyed or otherwise transferred your Trade Claim to any other party.

FEB 16 '06 16:06 FR DELPHI PURCHASING    248 813 2077 TO 918664951442    P.03/05

Assumption of the Agreement(s) and payment of your Trade Claim in the manner set forth in the Order may occur only upon execution of this letter by a duly authorized representative of your company and the return of this letter to the Debtors. Your execution of this letter agreement and return of the same to the Debtors constitutes an agreement by you and the Debtors:

(a) to the Customary Trade Terms and to the amount of the Trade Claim reflected in the Debtors' books and records or as otherwise reconciled between the Debtors and you;

(b) that, for the term of the Extension, you will continue to supply the Debtors with goods pursuant to the Customary Trade Terms, and that the Debtors will pay for such goods in accordance with Customary Trade Terms;

(c) that you have reviewed the terms and provisions of the Order and that you consent to be bound by such terms;

(d) that you will not separately seek payment for reclamation and similar claims outside the terms of the Order;

(e) that if you breach your obligations under this letter agreement, you shall be liable to the Debtors for any and all consequential damages resulting from such breach;

(f) that, upon written notice of a breach described in paragraph (e) above from the Debtors, you will not be entitled to further installment payments of Cure until further order of the Bankruptcy Court;

(g) that, in the event that the Bankruptcy Court determines that you are in breach of this letter agreement, you will immediately disgorge all payments received on account of your Trade Claim and the Debtors' avoidance rights under chapter 5 of the Bankruptcy Code shall immediately be reinstated without further order of the Bankruptcy Court; and

(h) that you irrevocably consent to the Debtors' ability to sue you for injunctive relief in this Court upon a breach under any Agreement or this letter agreement.

The Debtors and you also hereby agree that any dispute with respect to this agreement, the Order, and/or any breach under any Agreement shall be determined by the Bankruptcy Court.

The Debtors hereby agree that, upon execution of this letter agreement by you, the Debtors will waive and release their rights, and the rights of their respective estates, under chapter 5 of the Bankruptcy Code, to the fullest extent that such waiver would have otherwise occurred by operation of law upon assumption of each Agreement, to avoid payments made to you with respect to each of the Agreements covered by this letter agreement, subject to potential reinstatement upon your breach of the terms of this letter agreement as provided above.

The Debtors hereby further agree that, upon execution of this letter agreement by you and authorization of the Debtors' entry into this letter agreement pursuant to the terms of paragraph 6 of the Order, the Debtors will waive and release their rights, and the rights of their respective estates, under section 547 of the Bankruptcy Code to avoid payments made to you in the 90 days prior to the Petition Date with respect to all later-expiring agreements between you and the Debtors, subject to potential reinstatement upon your breach of the terms of this letter agreement as provided above.

You hereby agree that you will keep the terms of this letter agreement together with all related settlement discussions strictly confidential. You may disclose the terms of this letter agreement only to your management personnel that need to know such information to implement the terms of this letter agreement and legal counsel and other advisors with whom you have a recognized legal privilege; provided that all such parties have been informed of the confidentiality restrictions contained herein. You further agree that you will be responsible and liable for any breach of the confidentiality provisions set forth in this letter agreement by your management personnel, legal counsel and other advisors. You acknowledge that failure to honor the confidentiality provisions contained herein would cause significant economic harm to the Debtors. Any discussions by you with any third parties, including the press or media or consultants, regarding this letter agreement and its terms are expressly prohibited.

The Debtors expressly reserve all of their rights at law and in equity, including, without limitation, all of their rights as debtors-in-possession under the United States Bankruptcy Code. Without limiting the generality of the foregoing sentence, this agreement, and any payment made hereunder, does not constitute a waiver of the Debtors' rights (i) to dispute any claim, or (ii) to take, or refrain from taking, any other action under any applicable section of the United States Bankruptcy Code or any other applicable law.

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call (866) 688-8679.

Sincerely,

[DELPHI CORPORATION]

By: Michael K. Stockton
Its: Steel Commodity Manager

Agreed and Accepted by:
[Macsteel]

By: _____
    Its: _____

Dated: _____, 2006

FEB 16 '06 16:06 FR DELPHI PURCHASING    248 813 2077 TO 918664951442    P.05/05

## Schedule A

Purchase Orders:

        9OI4399
        9OI4396
        9OI4398
        9OI5307

** TOTAL PAGE.05 **