**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
          mitchell.seider@lw.com
          mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**FOURTH SUPPLEMENTAL AFFIDAVIT OF ROBERT J. ROSENBERG REGARDING THE RETENTION OF LATHAM & WATKINS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF NEW YORK    )
                                          )    ss:
COUNTY OF NEW YORK    )

ROBERT J. ROSENBERG, being duly sworn, deposes and says:

1. I am a partner in the firm of Latham & Watkins LLP ("Latham & Watkins"), which maintains offices at 885 Third Avenue, Suite 1000, New York, New York 10022, and elsewhere. I am familiar with the matters set forth herein and submit this Fourth Supplemental Affidavit in support of the retention of Latham & Watkins as counsel to the official committee of unsecured creditors (the "Committee") appointed in the above-captioned cases.

NY\1177946.6

## BACKGROUND

2. On November 17, 2005, Latham & Watkins filed the Application of the Official Committee of Unsecured Creditors For Order Authorizing and Approving the Employment and Retention of Latham & Watkins LLP as Counsel, Nunc Pro Tunc to October 17, 2005 (the "Retention Application").

3. On November 30, 2005, this Court entered its Interim Order Authorizing Employment and Retention of Latham & Watkins as Counsel for the Official Committee of Unsecured Creditors (the "Interim Order"). The Interim Order approved Latham & Watkins' retention by the Committee on an interim basis with respect to Delphi Corporation and its affiliated debtors (collectively, "Delphi" or the "Debtors"), and on a final basis with respect to all other parties in interest in these cases.

4. On January 6, 2006, this Court entered an order (the "Final Order") approving Latham & Watkins' retention on a final basis.

5. On January 18, 2006, Latham & Watkins filed its First Supplemental Affidavit of Robert J. Rosenberg in Support of the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "First Supplemental Affidavit").

6. On January 23, 2006, Latham & Watkins filed its Second Supplemental Affidavit of Robert J. Rosenberg in Support of the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "Second Supplemental Affidavit").

7. On June 15, 2006, Latham & Watkins filed its Third Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "Third Supplemental Affidavit").

8. I am filing this Fourth Supplemental Affidavit (the "Fourth Supplemental Affidavit") to disclose certain facts relevant to Latham & Watkins' retention which have come to my attention since filing the Third Supplemental Affidavit.

**SUPPLEMENTAL DISCLOSURE REGARDING RICHARD OWENS**

9.      Richard Owens was formerly the Chief of the Securities and Commodities Fraud Unit for the United States Attorney's Office for the Southern District of New York.  On June 29, 2006, a vote was held by the partnership of Latham & Watkins admitting Mr. Owens as a partner of the firm beginning on October 2, 2006.

10.     Latham & Watkins understands that while Mr. Owens was an employee at the United States Attorney's Office, he may have had access to confidential information concerning the Debtors.  Pursuant to 18 U.S.C. § 203 and 207, 5 CFR §§ 2637.201 – 2637.204, and 22 NYCRR 1200.45 (relating to the movement of lawyers from government service to private practice), prior to Mr. Owens beginning work at Latham & Watkins, Latham & Watkins will implement an ethical wall specifically prohibiting Mr. Owens from being involved in or discussing the Debtors with Latham & Watkins' attorneys and personnel providing services to the Committee, and denying Mr. Owens access to any related files or materials.  Furthermore, Mr. Owens will not share in any fees paid to Latham & Watkins as a result of its representation of the Committee.

**SUPPLEMENTAL DISCLOSURES IN RELATION TO CERTAIN OTHER ATTORNEYS OF LATHAM & WATKINS LLP**

11.     Upon information and belief, an affiliate of the Debtors has in the past collaborated with One Equity Partners ("OEP") with respect to a third party acquisition that was never consummated (the "Proposed Acquisition").  Latham & Watkins has recently hired an attorney (the "First Lateral Attorney") who advised OEP at his prior law firm in connection with the Proposed Acquisition.  Latham & Watkins understands that, in that capacity, the First Lateral Attorney may have had limited access to confidential information concerning the Debtors. Latham & Watkins has therefore established an ethical wall that screens the First Lateral Attorney from any participation in Latham & Watkins' representation of the Committee.  The ethical wall prohibits the First Lateral Attorney from discussing any aspect of the Debtors' cases

3

with the Committee Staff, and denies the First Lateral Attorney access to any related files or materials.

12. Upon information and belief, the Debtors have retained Adam Opel, AG, or certain of its affiliates ("AO"), to provide certain professional services to the Debtors. The First Lateral Attorney also represented AO at his prior law firm in matters wholly unrelated to the Debtors and these cases.

13. GMAC Financial Services ("GMAC") is a former affiliate of General Motors Corporation and its affiliates (the "GM Entities"). Latham & Watkins has recently hired an attorney (the "Second Lateral Attorney") who previously advised an affiliate of GMAC in a matter wholly unrelated to the Debtors and these cases.

14. Delphi Automotive Systems, Inc., is one of the Debtors in these cases. Latham & Watkins has recently hired an attorney (the "Third Lateral Attorney") who formerly served as law clerk to Judge Paul Gadola, who sits on the United States District Court for the Eastern District of Michigan (the "District Court"). During his clerkship, this Third Lateral Attorney had a role in a case involving a pro se plaintiff who accused a number of defendants, including Delphi Automotive Systems, Inc., of violating numerous federal criminal and labor statutes (the "Pro Se Complaint"). The District Court dismissed the Pro Se Complaint, and subsequently denied the pro se plaintiff's motion to reopen the case. Pursuant to 18 U.S.C. § 203 and 207, 5 CFR §§ 2637.201 – 2637.204, and 22 NYCRR 1200.45 (relating to the movement of lawyers from government service to private practice), prior to the Third Lateral Attorney beginning work at Latham & Watkins, Latham & Watkins established an ethical wall that screens the Third Lateral Attorney from any participation in Latham & Watkins' representation of the Committee. The ethical wall prohibits the Third Lateral Attorney from discussing any aspect of the Debtors' cases with the Committee Staff, and denies the Third Lateral Attorney access to any related files or materials.

15.     Upon information and belief, Metropolitan Life Insurance Company ("Met Life") and certain of its affiliates are counterparties to prepetition contracts in these cases. Latham & Watkins has recently hired an attorney (the "Fourth Lateral Attorney") whose father is the General Counsel of Met Life. In an abundance of caution, prior to the Fourth Lateral Attorney beginning work at Latham & Watkins, Latham & Watkins established an ethical wall that screens the Fourth Lateral Attorney from any participation in Latham & Watkins' representation of the Committee. The ethical wall prohibits the Fourth Lateral Attorney from discussing any aspect of the Debtors' cases with the Committee Staff, and denies the Fourth Lateral Attorney access to any related files or materials.

16.     Upon information and belief, Trelleborg Automotive Corporation ("Trelleborg Automotive") and certain of its affiliates are parties in interest in these cases. A partner at Latham & Watkins (the "Arbitrator") has been appointed to act as arbitrator with respect to a matter involving Trelleborg Corporation, an affiliate of Trelleborg Automotive (the "Trelleborg Matter"). The Trelleborg Matter is wholly unrelated to the Debtors and these cases.

**SUPPLEMENTAL DISCLOSURES IN RELATION TO CERTAIN OF LATHAM & WATKINS LLP'S CLIENTS**

17.     Upon information and belief, Marathon Special Opportunity Master Fund, Ltd. ("Marathon") or its affiliates are prepetition lenders to the Debtors. Marathon and its affiliates are past and present clients of Latham & Watkins in connection with matters wholly unrelated to the Debtors and these cases.

18.     Upon information and belief, CapitalSource Finance, LLC ("CapitalSource") or its affiliates are prepetition lenders to the Debtors. CapitalSource and its affiliates are past and present clients of Latham & Watkins in connection with matters wholly unrelated to the Debtors and these cases.

19.     Upon information and belief, The TCW Group, Inc. ("TCW") or its affiliates are prepetition lenders to the Debtors. Latham & Watkins has recently been retained to represent

5

TCW Latin America Fund, an affiliate of TCW, in a matter wholly unrelated to the Debtors and these cases.

20. Upon information and belief, the Debtors have retained AVL List GmbH ("AVL") or its affiliates to provide certain professional services to the Debtors. Latham & Watkins has recently been retained to represent AVL in a matter wholly unrelated to the Debtors and these cases.

## SUPPLEMENTAL DISCLOSURES RELATED TO PROFESSIONALS HIRED BY LATHAM & WATKINS LLP

21. Upon information and belief, the Debtors have retained Huron Consulting Group, LLC ("Huron") to provide certain professional services to the Debtors. Latham & Watkins has retained Huron as an expert witness in a matter wholly unrelated to the Debtors and these cases.

## CONCLUSION

22. Latham & Watkins' services in connection with each of the matters disclosed above accounted for less than 1% of Latham & Watkins' annual revenues for the 2005 fiscal year, and are anticipated to account for less than 1% of Latham & Watkins annual revenues for subsequent fiscal years. Thus, I believe that none of Latham & Watkins' representations in connection with the matters disclosed above constitutes a material component of Latham & Watkins' practice.

23. The matters disclosed above do not involve any issue relating to these chapter 11 cases. Accordingly, Latham & Watkins represents no interests materially adverse to the Debtors' individual creditors or the Committee with respect to these cases and, therefore, remains eligible to continue serving as counsel to the Committee.

EXECUTED this 26th day of September, 2006 at New York, New York

/s/ Robert J. Rosenberg
Robert J. Rosenberg

Sworn to before me this
26th day of September, 2006

/s/ John W. Weiss
John W. Weiss
Notary Public, State of New York
No. 02WE6113201
Qualified in New York County
Commission Expires July 26, 2008