HONORABLE JUDGE
ROBERT D. DRAIN
UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK,
ONE BOWLING GREEN, ROOM 610,
NEW YORK, NEW YORK 10004

SEPT. 22 2006



ON JUNE 13TH 2000 I BOUGHT $10,000 WORTH OF DELPHI STOCK AT $16.93 A SHARE

ON MARCH 3RD 2005 I BOUGHT ANOTHER $10,000 WORTH OF DELPHI STOCK AT $6.37 A SHARE

FOR A TOTAL OF $20,000 DOLLARS

ON NOVEMBER 2005 DELPHI CORP. SOLD ALL MY STOCK AND GAVE ME .32 CENTS A SHARE FOR A TOTAL OF $2,025.36 THEY TOOK ME FOR $17,974.64

FIDELITY INVESTMENT COMPANY AND DELPHI CORP. THESE COMPANY'S FAILED TO PAINT AN HONEST PICTURE OF DELPHI'S DECLINING

FINANCIAL HEALTH FOR THEIR EMPLOYEES. BUT, THEY LET THEIR EMPLOYEES CONTINUE TO INVEST IN DELPHI STOCK FROM THEIR OWN P.S.P. RETIREMENT PROGRAM. THE MANAGERS AT BOTH DELPHI AND FIDELITY INVESTMENTS COMPANY'S HAD A DUTY TO CONVEY TO IT'S MEMBERS COMPLETE AND ACCURATE INFORMATION ABOUT IT'S TRUE FINANCIAL PICTURE. THESE COMPANY'S BOTH KNEW THAT DELPHI WAS IN FINANCIAL TROUBLE IN JANUARY OF 2005 BUT, THEY CONTINUED TO SELL DELPHI STOCK TO THE DELPHI EMPLOYEES. ONLY TO RIP THEM OFF BY PAYING ONLY .32 CENT A SHARE FOR THIS STOCK IN NOVEMBER 2005.

       TERRY R. MOCNY SR.
       141 NORMAN STREET
       VASSAR MICHIGAN 48768
       1-989-823-2943



*Terry R. Mocny*
*141 Norman St*
*Vassar, MI 48768*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF OBJECTION TO CLAIM

Moeny Terry R:

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed as indicated in the table and in the First Omnibus Objection to Certain Claims (the "First Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' First Omnibus Objection is set for hearing on October 19, 2006 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED FIRST OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 12, 2006.

The enclosed First Omnibus Objection identifies several different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection." Objections identified as "Duplicate And Amended" claims are those that are either duplicates of other claims or have been amended or superseded by other claims. Objections identified as "Equity" claims are those that relate to the ownership of Delphi Corporation common stock rather than liabilities of one of the Debtors.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|---|---|---|---|---|---|
| 5/1/2006 | 3886 | $17,974.64 | Equity | Disallow and Expunge | None |

If you wish to view the complete exhibits to the First Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the First Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-259-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this First Omnibus Objection, you must file a response and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on October 12, 2006. Your response, if any, to the First Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on May 19, 2006 (the "Seventh Supplemental Case Management Order") (Docket No. 3824), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the First Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or modified for the reasons set forth in the First Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the First Omnibus Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the First Omnibus Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

Only those responses made as set forth herein and in accordance with the Seventh Supplemental Case Management Order will be considered by the Bankruptcy Court. If no responses to the First Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in the Seventh Supplemental Case Management Order, the Bankruptcy Court may enter an order sustaining the First Omnibus Objection without further notice.


*Terry R. Mocny*
*141 Norman St*
*Vassar, MI 48768*