UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re DELPHI CORPORATION, et al.,

                                                               Bankruptcy Court
                 Debtors,                          Case No. 05-44481 (RDD)

------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF H.E. SERVICES AND ROBERT BACKIE'S MOTION FOR LEAVE TO APPEAL PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 8003

## TABLE OF CONTENTS

Table of Contents..................................................................................i

Table of Authorities.............................................................................ii

Introduction & Statement of Question Presented....................................1

I.   Did the Bankruptcy Court commit reversible error when it
     failed to grant relief from the automatic stay where the
     Creditors have a personal injury claim which the Bankruptcy
     Court lacks jurisdiction and authority to address on matters
     of liability and venue...................................................................1

Statement of Facts and Proceedings.......................................................1

Statement of Reasons to Grant Leave to Appeal and Argument..............3

Conclusion............................................................................................6

# TABLE OF AUTHORITIES

**Case Law**                                                                                                    **Page(s)**

In re Cohen, 107 B.R. 453 (S.D.N.Y. 1989)..............................................................................4

In re Ice Cream Liquidation, Inc., 281 B.R. 154 (D. Conn. 2002)..........................................4-5

In re Stephen G. Erickson, 330 B.R. 346 (D. Conn. 2005).......................................................4

In re Vinci, 108 B.R. 439 (S.D.N.Y. 1989)............................................................................4-5

**Statutes**                                                                                                    **Page(s)**

11 U.S.C. § 522..........................................................................................................................5

28 U.S.C. §157.......................................................................................................................3-5

42 U.S.C. § 1981....................................................................................................................2-4

## INTRODUCTION

The Creditors H.E. Services Company and Robert Backie ("Creditors") files this Motion for Leave to Appeal the United States Bankruptcy Court for the Southern District of New York's ("the Bankruptcy Court") Order denying the Creditors' motion for relief from the automatic stay dated August 10, 2006. See Mastromarco Affirmation ¶ 7 (attached hereto); see also **Exhibit 1**. Following an extension of the appeal deadline, the Creditors now move this Honorable Court for leave to appeal. See Mastromarco Affirmation ¶ 8; see also **Exhibit 2**.

## STATEMENT OF QUESTION PRESENTED AND RELIEF SOUGHT

Question:   Did the Bankruptcy Court commit reversible error when it failed to grant relief from the automatic stay where the Creditors have a personal injury claim that the Bankruptcy Court lacks jurisdiction and authority to address on matters of liability and venue.

Relief Sought: On this appeal, the Creditors seek a determination that the Bankruptcy Court erred when it failed to grant Creditors relief from the automatic stay.

## STATEMENT OF FACTS AND PROCEEDINGS

The Creditors, H.E. Services Company, and majority shareholder Robert Backie, are former suppliers and creditors for the Debtor Delphi Corporation ("Debtor"). See Mastromarco Affirmation ¶¶ 3-4. Robert Backie is the majority shareholder of H.E. Services Company and is a Native American. See Mastromarco Affirmation ¶¶ 3-4. H.E. Services Company is a registered minority corporation. Id.

Prior to the filing of the Bankruptcy, on October 8 2005, the Creditors had initiated a lawsuit against the Debtor claiming, in part, that the Debtor had unlawfully discriminated against them in favor of non-minority companies in violation of 42 U.S.C § 1981, entitled H.E. Services Company and Robert Backie Majority Shareholder vs. Delphi Automotive Systems LLC. See

1

Mastromarco Affirmation ¶ 3; see also Amended Complaint (attached hereto as **Exhibit 3**). Pursuant to 42 U.S.C. § 1981 the Creditors (as minorities) have the following rights:

> (a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

Specifically, the Debtor violated Section 1981 when it breached existing contractual agreements that existed between the Creditors and the Debtor in favor of non-minority companies, made false promises and misrepresentations regarding contractual negotiations in favor of non-minority companies and when Debtor gave non-minority companies preferential treatment to the detriment of Creditors. See Mastromarco Affirmation ¶¶ 5-6. Furthermore, the Debtor utilized the Creditors for the purpose of misleading the Federal Government to obtain government contracts since preferential treatment is provided to companies that utilize minority corporations. As more fully explained in the Amended Complaint, however, the Debtor never intended to utilize and honor its agreements with the Creditors, choosing instead to favor non-minority companies. See Mastromarco Affirmation ¶¶ 5-6; **Exhibit 3**.

2

On October 8, 2005, the Debtor filed for Chapter 11 Bankruptcy, and on October 24, 2005, the District Court for the Eastern District of Michigan issued an Administrative Order staying the proceedings before that Court. See Mastromarco Affirmation ¶ 3. The Creditors subsequently filed a Motion for Relief from the Bankruptcy Stay and on August 10, 2006, the Bankruptcy Court denied Creditors' Motion for Relief from Stay. See Mastromarco Affirmation ¶ 7. On September 18, 2006, the Bankruptcy Court granted an extension for the filing of an appeal until September 28, 2006. See Mastromarco Affirmation ¶ 8; **Exhibit 2**. Thus, this Motion is timely.

As set forth in more detail below, this Court should grant the Creditors leave to appeal.

### STATEMENT OF REASONS TO GRANT LEAVE TO APPEAL AND ARGUMENT

In granting relief from the stay, the Creditors, in part, had sought from the Bankruptcy Court relief from the Bankruptcy Stay for the reason that the Bankruptcy Court did not have jurisdiction to hear Creditors' discrimination claims against the Debtor and/or to choose the venue. As the Creditors explained to the Bankruptcy Court, since its claims against the Debtor are for a type of personal injury, such claims are outside the scope of the Bankruptcy Court's jurisdiction pursuant to 28 U.S.C. § 157 (b). The Bankruptcy Court's refusal to lift the stay was erroneous for two fundamental reasons.

First, by refusing to lift the stay, the Bankruptcy Court has in effect decided the venue for Creditor's action against the Debtor. It is well-settled; however, that the District Court, and not the Bankruptcy Court, determines the venue in which a personal injury cause of action is to be tried:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in

3

> the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157 (b). Second, it is clear, that a Bankruptcy Court does not have jurisdiction to adjudicate personal injury type claims. 28 U.S.C. §157 (b)(2)(O) (Bankruptcy Court does not have jurisdiction to adjudicate "personal injury tort or wrongful death claims"). The question then becomes whether a discrimination claim under 42 U.S.C. § 1981 constitutes a personal injury cause of action as defined under Section 157 (b).

As a preliminary matter, it should be noted that this Court has not addressed this question. Nevertheless, recent decisions from Bankruptcy Courts within this District have answered this question affirmatively. For example, the Bankruptcy Court in In re Ice Cream Liquidation, Inc., 281 B.R. 154, 161-64 (D. Conn. 2002), held that discrimination claims by their very nature are personal injury claims. See also In re Stephen G. Erickson, 330 B.R. 346, 349-350 (D. Conn. 2005). Having correctly determined that discrimination claims are personal injury claims under Section 157 (b), the Bankruptcy Court further found that the "Sonnax Factors" favored the lifting of the stay, since the Bankruptcy Court noted that any detriment in proceeding with the litigation in district court was caused by Section 157 (b)(5) and not by the lifting of the stay. See In re Ice Cream Liquidation, Inc., 281 B.R. at 165-69.

The Court should also note that the only cases which were submitted to the Bankruptcy Court in opposition to Creditors motion were two 1989 Bankruptcy Court decisions. In re Cohen, 107 B.R. 453 (S.D.N.Y. 1989) and In re Vinci, 108 BR 439 (S.D.N.Y. 1989). It is significant that both cases acknowledge that discrimination claims are generally considered to be personal injury causes of action. These two Bankruptcy Courts, however, in what Creditors' respectfully submit was an improper act of legislating from the bench, found that discrimination claims are, in their opinion, not the type of personal injury claim which falls within the Section 157 (b) exception,

4

because discrimination claims do not involve "bodily injury". In other words, these two 1989 cases further limited the scope of the personal injury exception by requiring a Creditor to show that the personal injury was of a type that resulted in "bodily injury" despite the fact that the Federal Statute on its face simply refers to personal injury claims and does not require or mention "bodily injury" within the exception.

Not surprisingly, these two poorly reasoned seventeen year old cases have not been followed and have been criticized in subsequent bankruptcy decisions on the basis that the "bodily injury" prerequisites does not appear in the clear and unequivocal language within Section 157 (b). See In re Ice Cream Liquidation, Inc., 281 B.R. at 160-161. The Bankruptcy Court in In re Ice Cream Liquidators correctly noted that if Congress had intended to further limit the scope of the personal injury exception to only claims involving "bodily injury" Congress would have so stated that intention in the legislation. Id. at 160. In fact, the Bankruptcy Court, in referencing to 11 USC §522 (d)(11)(D), pointed out the fact that Congress knew how to say "bodily injury" when it so intended to utilize the phrase. Id.

As set forth above, this Court should grant Creditors' interlocutory motion for leave to appeal because its presents an issue of pure law that requires no factual development. As explained above, the Bankruptcy Court's Order denying relief from the stay violates the Bankruptcy Court Rules that prohibit a Bankruptcy Court from making rulings on liability and on the issue of venue. As such, the Bankruptcy Court's ruling has unfairly prejudiced the Creditors necessitating this Court's immediate intervention.

5

## CONCLUSION

Wherefore, the Creditors respectfully request that this Court grant their motion for leave to appeal in this case so as to avoid the prejudice Creditors will suffer if the Bankruptcy Court is permitted to make rulings on liability and on the issue of venue.

Dated: Jericho, New York
September 26th, 2006

                                     **LEFKOWITZ, HOGAN & CASSELL, LLP**
                                     Local Counsel for H.E. Services Company and Robert Backie,

                                     By: _____
                                         SHAUN K. HOGAN (SH 7227)
                                         350 Jericho Turnpike, Suite 300
                                         Jericho Turnpike, Suite 300
                                         Jericho, New York 11753
                                         (516) 942-4700

Dated: Jericho, New York
September 25, 2006

                                     **THE MASTROMARCO FIRM**
                                     Counsel for H.E. Services Company and Robert Backie,

                                     By: _____
                                     **VICTOR J. MASTROMARCO, JR. (P34564)**
                                     1024 N. Michigan Avenue
                                     P.O. Box 3197
                                     Saginaw, Michigan 48605-3197
                                     (989) 752-1414