UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
   In re                                 :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :   Case No. 05 – 44481 (RDD)
                                          :
                           Debtors.           :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIXTH AMENDED SCHEDULING ORDER ON DEBTORS' MOTION FOR
ORDER UNDER 11 U.S.C. § 1113(c) AUTHORIZING REJECTION OF
COLLECTIVE BARGAINING AGREEMENTS AND AUTHORIZING MODIFICATION OF
RETIREE WELFARE BENEFITS UNDER 11 U.S.C. § 1114(g)

("SIXTH AMENDED SECTION 1113 AND 1114 SCHEDULING ORDER")

Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 1113 and 1114 of the Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 establishing notice procedures, briefing schedule, and hearing date regarding the Debtors' Motion To (a) Reject Collective Bargaining Agreements Under Section 1113(c) And (b) Eliminate Retiree Medical And Life Insurance Benefits For Union-Represented Retirees Under Section 1114(g) (the "1113/1114 Motion"); and this Court having entered an order granting the Motion on October 13, 2005 (Docket No. 232);[2] and the Court having received and reviewed various objections and responses

---

[1]    As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended.

[2]    Subsequent scheduling orders have been entered by the Court at docket nos. 2225, 2425, 2996, 4170, and 5058.

filed by various parties[3] (collectively, the "Respondents"); and the Court having commenced the contested hearing on the 1113/1114 Motion on May 9, 2006 and conducted hearings on the contested motion on various trial dates in May and June 2006; and the Court having previously adjourned the contested hearing until September 18, 2006 in accordance with the Fifth Amended Section 1113 And 1114 Scheduling Order; and the IBEW and the IAM having filed a Motion for Judgment on Partial Findings Dismissing the IBEW and IAM Pursuant to Rule 7052(c) on August 11, 2006 (the "IBEW/IAM Motion for Judgment") (Docket No. 4890); and the Debtors having filed a response to the IBEW/IAM Motion for Judgment on August 16, 2006 (Docket No. 4944); and the Court having adjourned the contested hearing until August 17, 2006, and then further to August 18, 2006; and the IBEW and the IAM having filed a reply in support of the IBEW/IAM Motion for Judgment on August 27, 2006 (Docket No. 5031); and the Debtors and the Respondents having advised the Court, through counsel, at the chambers conference held on September 14, 2006 that the Debtors and all Respondents had conducted "meet and confer" conferences on September 12 and 14, 2006; and the Court having conducted an in-camera status conference on September 28, 2006 at which the parties agreed, among other things, to submission of the form of this Order to the Court for the Court's evaluation and consideration; and the Court having determined in light of the parties' agreement on the submission of the form of this Order that a recess of the contested hearing on the 1113/1114 Motion to a date to be determined by the Court in the manner set forth herein is appropriate and in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[3]     Objections and responses have been filed at docket nos. 3314, 3317, 3322, 3330, 3332, 3342, 3346, 3353,

2

ORDERED, ADJUDGED, AND DECREED THAT:

1. In light of the further progress reported to the Court at the status conferences held on September 14 and 28, 2006 in connection with the continuing out-of-court discussions among the Debtors and the Respondents, and in order for the Debtors and the Respondents to continue to concentrate their resources and activities on the collective bargaining of a consensual resolution of the 1113/1114 Motion and related plan of reorganization framework discussions, the hearing on the 1113/1114 Motion shall be further adjourned to a date to be determined by the Court as may be requested by the Debtors.

2. The date by which a ruling on the 1113/1114 Motion shall be issued pursuant to 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2) shall be extended, with the consent of the Debtors and the Respondents (to the extent required by statute) to November 30, 2006. The parties reserve their right to agree to additional extensions beyond November 30, 2006.

3. The Court shall conduct an in-person, in-camera status conference pursuant to 11 U.S.C. § 105(d)(1) with the Debtors, the Respondents, and the Official Committee of Equity Security Holders (collectively, the "Parties") at 2:00 p.m. (Prevailing Eastern Time) on October 19, 2006 so that the Court can be apprised by the Parties of the status of negotiations regarding the consensual resolution of the 1113/1114 Motion and to consider either the resumption of hearings on the Debtors' request for relief under section 1113 and 1114 of the Bankruptcy Code or the scheduling of additional status conferences. Parties shall be permitted to participate telephonically in such status conference.

---

3356, 3561, and 3628.

4.      On or before October 17, 2006, the Debtors shall advise the Respondents and the Official Committee of Equity Security Holders whether at the status conference provided for in paragraph 3 above the Debtors intend to request that the Court resume hearings on the Debtors' request for relief under section 1113 and 1114 of the Bankruptcy Code or schedule further status conferences to provide additional time for negotiations.


Dated:   New York, New York
         September 28, 2006


                                            /s/Robert D. Drain
                                            UNITED STATES BANKRUPTCY JUDGE