Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
|   Delphi Corporation, et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
|                   Debtors. | : | |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### *EX PARTE* MOTION FOR ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO FILE UNDER SEAL A SUPPLEMENTAL OBJECTION IN FURTHER SUPPORT OF THE EQUITY COMMITTEE'S OBJECTION TO THE MOTION FOR AN ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROSECUTE THE DEBTORS' CLAIMS AND DEFENSES AGAINST GENERAL MOTORS CORPORATION AND CERTAIN FORMER OFFICERS OF THE DEBTORS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

        The duly appointed official committee of equity security holders (the "Equity Committee") of Delphi Corporation ("Delphi") and the other above-captioned debtors (collectively, the "Debtors") hereby submits this *ex parte* motion (the "Ex Parte Motion") for the entry of an order granting the Equity Committee leave to file under seal a supplemental objection (the "Supplemental Objection") in further support of the Equity Committee's objection (the

"Objection"), dated September 5, 2006, to the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Creditors' Committee") for an order authorizing the Creditors' Committee to prosecute the Debtors' claims, causes of action and defenses against General Motors Corporation ("GM") and certain former officers of the Debtors, which was filed with this Court on July 28, 2006.  In support of this Motion, the Equity Committee respectfully represents:

**BACKGROUND**

1. On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed the Creditors' Committee.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

3. On March 30, 2006, the Court entered an order (the "Equity Committee Order") directing the U. S. Trustee to appoint a committee of equity security holders pursuant to section 1102 of the Bankruptcy Code.

4. On April 28, 2006, the U.S. Trustee appointed the Equity Committee.

5. Since its formation and consistent with the Equity Committee Order, the Equity Committee has been investigating GM's relationship with the Debtors, including their business arrangements and conduct in connection with and following the Spin-Off.  The majority of the information reviewed by the Equity Committee in connection with these efforts has been publicly available.

6. On July 27, 2006, an order (the "Order to Seal") was entered by this Court granting the Creditors' Committee motion for authorization to file under seal a demand letter and

the draft complaint against GM and others (the "UCC Complaint") attached as exhibits to the Motion. The Motion was filed on the following day with the related exhibits filed under seal.

7. On August 3, 2006, this Court approved a stipulation and agreed order amending the Order to Seal to provide that the Creditors' Committee may provide the Equity Committee with a copy of the UCC Complaint that had redacted all confidential information subject to a certain joint interest agreement between the Debtors and the Creditors' Committee. As a result, the Equity Committee received a redacted copy of the UCC Complaint on August 3, 2006.

8. On August 4, 2006, the Debtors filed a preliminary objection to the Motion.

9. On August 17, 2006, the Court approved a joint interest agreement between the Debtors and the Equity Committee (the "Joint Interest Agreement") to govern certain highly confidential non-public information. On that same day, professionals for the Equity Committee received an unredacted copy of the UCC Complaint pursuant to the Joint Interest Agreement.

10. On August 19, 26, and 28, the Equity Committee received installments of information from the Debtors pursuant to the Joint Interest Agreement.

11. On September 5, 2006, the Equity Committee filed the Objection, which was based on publicly available information. In the Objection, the Equity Committee stated reserved its right to file a supplement to the objection under seal to the extent necessary and appropriate after reviewing certain non-public information received form the Debtors.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this Ex Parte Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory and rule predicates for the relief sought in this Motion are section 107 of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Venue is

proper before this Court pursuant to 28 U.S.C. § 1409.

## RELIEF REQUESTED

13.     By this Ex Parte Motion, the Equity Committee seeks authority, pursuant to section 107 of the Bankruptcy Code, to file the Supplemental Objection under seal.  The Equity Committee also requests that, pursuant to Bankruptcy Rule 9018, the Court grant the Ex Parte Motion without the need for a hearing so that the Equity Committee may file the Supplemental Objection as soon as possible.

14.     Upon entry of an order granting the Ex Parte Motion, the Equity Committee will serve the Supplemental Objection on (a) the Court, (b) the U.S. Trustee, (c) counsel to the Debtors, and (d) any other parties as ordered by the Court.  The Equity Committee recognizes that the Supplemental Objection is in response to the Motion filed by the Creditors' Committee.  However, the Supplemental Objection is premised upon information the Equity Committee received from the Debtors pursuant to the Joint Interest Agreement and the Equity Committee is prevented under the terms of the Joint Interest Agreement from sharing such information with the Creditors' Committee.  Therefore, the Equity Committee requests that the Court direct the Debtors to share the Supplemental Objection with the Creditors' Committee pursuant to the joint interest agreement between the Debtors and Creditors' Committee that the Court approved on April 18, 2006.

## BASIS FOR RELIEF REQUESTED

15.     The Supplemental Objection is based in large part on information produced by the Debtors in relation to ongoing investigations of the Debtors by several parties, including the Securities and Exchange Commission.  That information consists of material non-public information and was provided to the Equity Committee pursuant to the terms of the Joint Interest Agreement.  In addition, the Supplemental Objection contains conclusions drawn by the Equity Committee's professionals, based on their review of the confidential information received from the Debtors.  As such, the release of information contained in the Supplemental Objection

- 4 -

could harm both the Debtors and the Equity Committee.

## APPLICABLE AUTHORITY

16.     Section 107 of the Bankruptcy Code provides this Court with the power to limit the disclosure of certain confidential information, the disclosure of which will protect entities from potential harm. In relevant part, section 107 of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

17.     Bankruptcy Rule 9018 sets for the procedures by which a party may obtain relief under section 107 of the Bankruptcy Code. In relevant part, Bankruptcy Rule 9018 provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018.

18.     Under applicable Second Circuit law, section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Further, in adopting section 107(b) of the Bankruptcy Code, Congress "imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information." Id. Instead, upon a showing that the information is of the type specified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." Id. at 27; see also In re Global Crossing Ltd., 295 B.R. 720, 723 (Bankr. S.D.N.Y. 2003). In accordance with applicable law, this Court may order information sealed where necessary to protect confidential information. See Global Crossing, 295 B.R. at 725 (the "whole point" of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could

reasonably be expected to cause the entity commercial injury.").

19. In the Debtors' chapter 11 cases, the information contained in the Supplemental Objection is of the type specified in section 107(b) of the Bankruptcy Code. As noted above, this information consists of both confidential information concerning investigations of the Debtors and confidential research and analyses conducted by the Equity Committee's professionals. The release of this information could potentially harm the Debtors, the Equity Committee, and various third parties.

20. For the foregoing reasons, the Equity Committee requests that the Court grant the Ex Parte Motion.

## WAIVER OF MEMORANDUM OF LAW

21. Pursuant to Local Rule 9013-1(b), the Equity Committee respectfully requests that the Court waive the requirement that the Equity Committee file a memorandum of law in support of this Ex Parte Motion, since this Ex Parte Motion raises no novel issues of law.

## NOTICE

22. Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883), as amended. Bankruptcy Rule 9018 provides that the Ex Parte Motion may be made "with or without notice" and the Equity Committee requests that this Court grant the Ex Parte Motion without need for a hearing so that the Equity Committee may file the Supplemental Objection as soon as possible. In light of the nature of the relief requested, the Equity Committee submits that no other or further relief is necessary.

## NO PRIOR REQUEST

23. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Equity Committee requests entry of an order, pursuant to section 107 of the Bankruptcy Code and Bankruptcy Rule 9018, substantially in the form attached hereto as Exhibit A: (i) authorizing the Equity Committee to file the Supplemental Objection under seal; and (ii) granting such other and further relief as is just and proper.

Dated: New York, New York
September 29, 2006

        FRIED, FRANK, HARRIS, SHRIVER
         & JACOBSON LLP

        By: /s/ Bonnie Steingart
           Bonnie Steingart (BS-8004)
           Debra M. Torres (DT-9093)

        One New York Plaza
        New York, New York 10004
        Telephone: 212.859.8000
        Facsimile: 212.859.4000

        *Counsel for the Official Committee of Equity Security Holders*

564085