UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO FILE UNDER SEAL A SUPPLEMENTAL OBJECTION IN FURTHER SUPPORT OF THE EQUITY COMMITTEE'S OBJECTION TO THE MOTION FOR AN ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROSECUTE THE DEBTORS' CLAIMS AND DEFENSES AGAINST GENERAL MOTORS CORPORATION AND CERTAIN FORMER OFFICERS OF THE DEBTORS**

Upon the *ex parte* motion (the "Ex Parte Motion") of the duly appointed official committee of equity security holders (the "Equity Committee") of Delphi Corporation ("Delphi") and the other above-captioned debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for an order granting the Equity Committee leave to file under seal a supplemental objection (the "Supplemental Objection") in further support of the Equity Committee's objection, dated September 5, 2006, to the motion of the Official Committee of Unsecured Creditors (the "Creditors' Committee") for an order authorizing the Creditors' Committee to prosecute the Debtors' claims, causes of action and defenses against General Motors Corporation and certain former officers of the Debtors, which was filed with this Court on July 28, 2006;

And it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334, and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

And notice of the Motion having been given in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883);

And it appearing that no other or further notice of the Motion need be given;

And good and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018, the Equity Committee is authorized to file the Supplemental Objection under seal and the Clerk of the United States Bankruptcy Court is directed to accept the Supplemental Objection for filing under seal; and it is further

ORDERED that the Supplement (and any information derived from confidential information contained therein) shall remain confidential, be filed under seal, and be served upon and made available only to (a) the Court, (b) the U.S. Trustee, (c) counsel to the Debtors, and (d) any other parties as ordered by the Court (collectively, the "Authorized Parties"); and it is further

ORDERED that as the Supplemental Objection is premised upon information the Equity Committee received from the Debtors pursuant to the Joint Interest Agreement and the Equity Committee is prevented under the terms of the Joint Interest Agreement from sharing such information with the Creditors' Committee, the Debtors are directed to share the Supplemental Objection with the Creditors' Committee pursuant to the joint interest agreement between the Debtors and Creditors' Committee that this Court approved on April 18, 2006; and it is further

ORDERED that any pleadings filed in these chapter 11 cases that reference or disclose any of the confidential information in the Supplement shall be filed under seal in respect of such information and served only upon the Authorized Parties; and it is further

ORDERED that this Court shall retain jurisdiction to interpret and enforce the terms of this Order; and it is further

ORDERED that any and all further notice of the relief granted by this Order be, and it hereby is, dispensed with and waived.

Dated: New York, New York
       September __, 2006

                                                                         _____
                                                                        HONORABLE ROBERT D. DRAIN
                                                                        UNITED STATES BANKRUPTCY JUDGE