SCHOTTENSTEIN, ZOX & DUNN CO., LPA
Daniel R. Swetnam  (OH 0011022)
(*pro hac vice* pending)
Tyson A. Crist  (OH 0071276)
(*pro hac vice* pending)
P.O. Box 165020
250 West Street
Columbus, OH 43216-5060
Phone: (614) 462-2225
Fax: (614) 224-3568
Email: dswetnam@szd.com, tcrist@szd.com
*Attorneys for Battelle Memorial Institute*

Hearing Date:   October 19, 2006 at 10:00 a.m. E.T.
Objection Deadline:   October 12, 2006 at 4:00 p.m. E.T.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re:                                                    :     Chapter 11
                                                          :
DELPHI CORPORATION, *et al.*,                             :     Case No. 05-44481 (RDD)
                                                          :
                    Debtors.                              :     (Jointly Administered)
---------------------------------------------------------x

**NOTICE OF MOTION OF BATTELLE MEMORIAL INSTITUTE FOR TURNOVER
OF UNITED STATES DEPARTMENT OF ENERGY FUNDS
THAT ARE NOT PROPERTY OF THE ESTATE**

PLEASE TAKE NOTICE, that on September 29, 2006, Battelle Memorial Institute ("Battelle") filed a Motion for Turnover of United States Department of Energy Funds that are not Property of the Estate (the "Motion").

PLEASE TAKE FURTHER NOTICE, that a hearing on the Motion will be held before the Honorable Robert D. Drain on October 19, 2006 at 10:00 a.m. E.T., or as soon thereafter as counsel may be heard, in the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Customs House, One Bowling Green, Room 610, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE, that responses or objections to the Motion, if any, shall be in writing describing the basis therefore, must conform to the Federal Rules of

{H0738334.1 }

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and must be filed with the Bankruptcy Court electronically in accordance with General Order M-242, as amended by General Order M-269, by registered users of the Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3½ inch computer diskette, preferably in Portable Document Format (PDF), or in any other Windows-based word processing format (with a printed copy delivered directly to Chambers).  Any such responses or objections must be served in accordance with the Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, and (III) Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e) ("Case Management Order") entered by the Bankruptcy Court on October 14, 2005, as amended by the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures ("Supplemental Case Management Order") entered by the Bankruptcy Court on March 17, 2006, upon each of the following: (i) counsel for Battelle, Daniel R. Swetnam and Tyson A. Crist, Schottenstein, Zox & Dunn Co., LPA, P.O. Box 165020, 250 West Street, Columbus, Ohio 43216-5020; (ii) counsel to the Debtors, John W. Butler, Jr., Skadden, Arps, Slate Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago 60606; (iii) special counsel to the Debtors, Douglas Bartner, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Alicia M. Leonard; (v) counsel to the Official Committee of Unsecured Creditors, Robert J.

{H0738334.1 }

Rosenberg, Latham & Watkins, 885 Third Avenue, New York, New York 10022; (vi) counsel for the agent under the Debtors' pre-petition credit facility, Marissa Wesley, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017; and (vi) counsel for the agent under the Debtors' proposed postpetition credit facility, Marlane Melican, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on October 12, 2006 (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE, that only those responses or objections, if any, made as set forth herein and in accordance with the Case Management Order and Supplemental Case Management Order will be considered by the Bankruptcy Court at the hearing. If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Case Management Order and Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the Motion without further notice.

| | |
|---|---|
| Dated: September 29, 2006<br>Columbus, Ohio | Respectfully submitted,<br><br>SCHOTTENSTEIN, ZOX & DUNN CO., LPA<br><br>/s/ Tyson A. Crist<br>Daniel R. Swetnam  (OH 0011022)<br>(*pro hac vice* pending)<br>Tyson A. Crist, Esq.  (OH 0071276)<br>(*pro hac vice* pending)<br>P.O. Box 165020<br>250 West Street<br>Columbus, OH 43216-5020<br>Phone: (614) 462-2225<br>Fax: (614) 224-3568<br>Email: dswetnam@szd.com, tcrist@szd.com<br>*Attorneys for Battelle Memorial Institute* |

{H0738334.1 }

SCHOTTENSTEIN, ZOX & DUNN CO., LPA
Daniel R. Swetnam  (OH 0011022)
(*pro hac vice* pending)
Tyson A. Crist  (OH 0071276)
(*pro hac vice* pending)
250 West Street
P.O. Box 165020
Columbus, OH 43216-5060
Phone: (614) 462-2225
Fax: (614) 224-3568
Email: dswetnam@szd.com, tcrist@szd.com
*Attorneys for Battelle Memorial Institute*

**Hearing Date:   October 19, 2006 at 10:00 a.m. E.T.**
**Objection Deadline:   October 12, 2006 at 4:00 p.m. E.T.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re:                                        :     Chapter 11
                                              :
DELPHI CORPORATION, *et al.*,                 :     Case No. 05-44481 (RDD)
                                              :
                     Debtors.                 :     (Jointly Administered)
---------------------------------------------------------x

**MOTION OF BATTELLE MEMORIAL INSTITUTE**
**FOR TURNOVER OF UNITED STATES DEPARTMENT OF**
**ENERGY FUNDS THAT ARE NOT PROPERTY OF THE ESTATE**

Battelle Memorial Institute ("Battelle") hereby moves this Court for an order directing debtor Delphi Automotive Systems LLC ("DAS LLC") to turn over to Battelle certain United States Department of Energy ("DOE") funds in the amount of $187,652.32 that are not property of the estate.  A proposed form of the requested order is attached as Exhibit A.  In support of this Motion, Battelle respectfully states as follows:

### I.    INTRODUCTION

1.    On October 8, 2005, DAS LLC filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. ("Bankruptcy Code").

2.    DAS LLC continues to operate its business and manage its properties as a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

{H0738040.1 }

3.     An official committee of unsecured creditors ("Committee") was appointed on or about October 17, 2005.

4.     No trustee or examiner has been appointed in DAS LLC's chapter 11 case.

## II.     JURISDICTION

5.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this District.

6.     Venue for this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief requested is Section 541 of the Bankruptcy Code.

## III.     BACKGROUND

### A.     Cooperative Agreement and Sub-Recipient Agreement

7.     Since February 1, 2002, Battelle has performed certain work in developing 5kW Solid Oxide Fuel Cell ("SOFC") power systems for the Solid State Energy/Conversion Alliance (SECA) project, for use in a range of fuels and applications for the DOE.

8.     As of February 23, 2004, DAS LLC and Battelle entered into a certain Sub-Recipient Agreement ("Sub-Recipient Agreement"). DAS LLC and Battelle have extended the term of the Sub-Recipient Agreement through the present date and have modified other provisions by certain Modifications No. 1, 2, 3, 4, 5 and 6 ("Modifications"). Copies of the Sub-Recipient Agreement, with attached Exhibit C, Cost Reporting Format and Instructions, and the Modifications 1 and 2, with the revised Exhibit C, Cost Reporting Format and Instructions, are attached as Exhibit B.

9.     Prior to executing the Agreement, DAS LLC and Battelle submitted a proposal to the DOE for development of 5kW SOFC power systems. The proposal was accepted and resulted in DAS LLC's receipt of a Financial Assistance Award from the DOE via DOE

{H0738040.1 }

2

Cooperative Agreement No. DE-FC26-02NT41246 awarded in July 2002, amended in September 2002 and accepted by DAS, LLC ("Cooperative Agreement").

10. The Financial Assistance Award via the Cooperative Agreement was awarded under authority of the Federal Grant and Cooperative Agreement Act, Public Law 95-224 as amended by Public Law 97-258 (U.S.C. 6301-6308) and DOE Organization Act, Public Law 95-91, and as subject to DOE Assistance Regulations, 10 CFR Part-600, as amended. Copies of the Notice of Financial Assistance Award, as amended, the Table of Contents to the Cooperative Agreement and Section II – Special Terms and Conditions of the Cooperative Agreement are attached as Exhibit D.[1]

11. Section 2.4 of the Cooperative Agreement provides that there is to be substantial involvement between the DOE and DAS LLC during performance and the DOE and DAS LLC will share responsibility for management. (*See* Ex. D at 2, § 2.4.) The Cooperative Agreement also provides that in connection with performance of the SECA project, the federal government "shall have no obligation or responsibility to any contractor, subcontractor or other person who is not a party to this Cooperative Agreement" except for amounts the DOE is otherwise obligated to pay under the Cooperative Agreement. (*See* Ex. D at 3, § 2.4.c.)

12. Under Section 2.9 of the Cooperative Agreement entitled "Method of Payment," DAS LLC requests payments from the DOE using the Department of Treasury Automated Standard Application for Payment system, in accordance with 10 C.F.R. § 600.122(b), only as needed for immediate disbursements and will impose the same standards, including reporting requirements, on secondary recipients. (*See* Ex. D. at 4, § 2.9.A.) Under the Cooperative Agreement and DOE Assistance Regulation 600.312, DAS LLC is required to maintain the

---

[1] Only the pages relevant to this Motion are attached.

{H0738040.1 }

3

advances of federal funds in interest bearing accounts and any interest income earned on the federal funds must be remitted, at least quarterly, to the DOE. (*See* Ex. D at 4, § 2.9.A.) The funds advanced to DAS LLC are required to be kept to a minimum amount necessary to meet cash flow, and if funds are drawn in excess of immediate disbursement needs, the excess funds are to be promptly refunded and reissued when needed. (*See* Ex. D at 4, § 2.9.A.) Moreover, DAS LLC is required to submit a statement of costs on a quarterly basis detailing the recorded costs authorized by the payment provisions of the Cooperative Agreement. (*See* Ex. D at 4, § 2.9.B.) Finally, the Cooperative Agreement incorporates by reference and is subject to other restrictions set forth in the DOE Assistance Regulations, 10 C.F.R. Part 600, as amended. (*See* Ex. D.)

13.   As set forth in 10 C.F.R. § 600.5, a cooperative agreement, as awarded to DAS LLC, is used "when the principal purpose of the relationship is the transfer of money . . . to accomplish a public purpose of support or stimulation authorized by Federal Statute." 10 C.F.R. § 600.5(a) (1996). Further, when it is anticipated that the DOE will be substantially involved, sharing responsibility for the management, control, direction, or performance of the project, the award instrument shall be a cooperative agreement, as awarded to DAS LLC. 10 C.F.R. § 600.5(b). Moreover, when cooperative agreements are used the DOE has the right to intervene in the project. 10 C.F.R. § 600.5(d).

14.   The Sub-Recipient Agreement was entered into to set forth the terms and conditions of Battelle's continuing participation in the development of the 5kW SOFC power systems, in regard to the work provided for in the DOE Cooperative Agreement. The Cooperative Agreement, the exhibits identified in the Sub-Recipient Agreement, the DOE Assistance Regulations, 10 C.F.R. Part-600, and DAS LLC's proposal, dated January 18, 2001,

were all incorporated by reference into the Sub-Recipient Agreement under Section 10.  (*See* Ex. B at 3, § 10.)

15. Under Section 5 of the Sub-Recipient Agreement and the Modifications thereto, certain DOE funding under the Cooperative Agreement was obligated to Battelle.  (*See* Ex. B at 2, § 5.)

16. Sections 5 and 8 of the Sub-Recipient Agreement provide that Battelle shall be reimbursed for costs incurred for the specific work to be performed by Battelle under the Sub-Recipient Agreement, for which Battelle submits funding documentation in accordance with Exhibit C, Cost Reporting Format (as defined in and attached to the Sub-Recipient Agreement and the Modifications thereto).  (*See* Ex. B at 3-4, §§ 5, 8.)

17. Importantly, Section 13 of the Sub-Recipient Agreement entitled "Delphi Sub-Recipient Relationship" specifies as follows:

> Sub-Recipient agrees to act in an independent capacity as an independent contractor in conducting all its activities, operations and programs funded by this Sub-Recipient Agreement. Delphi shall, for no purpose, be deemed an agent, partner of, or in association or affiliation with Sub-Recipient in any capacity or relation-ship other than <u>a mere conduit of funds</u> for conducting authorized programs and as an enforcer of rules and regulations pertaining to the expenditure of such funds in furtherance of Delphi's projects as provided by this Sub-Recipient Agreement.

(*See* Ex. B at 3, § 13) (emphasis added.)

**B. Scheduled Prepetition Claim**

18. In its Amended and Restated Schedule F, DAS LLC listed Battelle as a creditor holding an unsecured nonpriority claim in the amount of $329,845.07 (the "Prepetition Claim").

{H0738040.1 }

5

### C. DOE Funds Due to Battelle Under the Cooperative Agreement and Sub-Recipient Agreement

19. Out of Battelle's total Prepetition Claim, DAS LLC and Battelle agree the amount of $299,286.00 is billable to the DOE under the Cooperative Agreement, Sub-Recipient Agreement and the Modifications thereto as labor, travel and small jobs (at eighty percent (80%)) under Budget Period 1, Phase I, Task 2 SOFC Stack Development of the SECA project, as set forth in the Cost Reporting Format (Exhibit C), with minor downward adjustment. A copy of Battelle's Exhibit C, Cost Reporting Format detailing the costs payable from the DOE funds is attached as Exhibit C.

20. The amounts set forth in the Cost Reporting Format (Exhibit C) are supported by Invoices No. 2607395 (August 29, 2005), No. 2623972 (October 4, 2005), and No. 2640798 (December 8, 2005) (the "Invoices"). Copies of the Invoices are attached as Exhibit E.

21. Under the cost sharing provision in the Cooperative Agreement (Section 2.5), during Budget Period 1 Phase I of the SECA project 62.70% of the costs are payable by the DOE and the remainder of 37.30% is payable by DAS LLC. (*See* Ex. D at 3, § 2.5.)

22. The DOE funds in the amount of $187,652.32 are not property of the estate because they are obligated to Battelle under the Cooperative Agreement, the Sub-Recipient Agreement and Modifications thereto, as governed by the DOE Assistance Regulations, 10 C.F.R. Part 600, and any other applicable law, and DAS LLC is prohibited by said documents and regulations from using the funds in any manner other than to pay Battelle for its costs reflected on the attached Exhibit C, Cost Reporting Format.

### IV. RELIEF REQUESTED

23. By this Motion, Battelle requests the entry of an order directing DAS LLC to turn over to Battelle the DOE funds described herein in the amount supported by the attached

{H0738040.1 }

Invoices and Exhibit C, Cost Reporting Format, and agreed to by DAS LLC. The amount of $187,652.32 is not property of DAS LLC's bankruptcy estate because it was previously obligated to Battelle via DAS LLC as a mere conduit of such DOE funds obligated to Battelle under the Cooperative Agreement, Sub-Recipient Agreement and the Modifications thereto.

## V. BASIS FOR RELIEF

24. The DOE funds obligated to Battelle, via the Cooperative Agreement and the Sub-Recipient Agreement and Modifications thereto, are not property of DAS LLC's bankruptcy estate under Section 541 of the Bankruptcy Code and case law interpreting Section 541. Additionally, the DOE funds are not property of the estate because the funds are subject to a constructive trust for the benefit of Battelle.

25. The long-standing applicable law, as opined by the United States Supreme Court, and as held by many lower courts, is that federal funds "in the hands of a grantee remain property of the federal government unless and until expended in accordance with the terms of the grant." *In re Joliet-Will County Cmty. Action Agency*, 847 F.2d 430, 432 (7th Cir. 1988) (citing *Buchanan v. Alexander*, 45 U.S. (4 How.) 20, 11 L.Ed. 857 (1846)).

26. Under Section 541 of the Bankruptcy Code, in situations involving claims to personal property courts have excluded such property from the estate if it was "acquired through the use of federal grants, where the federal interest suffices to deem that property an asset of the federal government." *See, Gaffney v. United States Dep't of Transp. (In re Premier Airways, Inc.)*, 303 B.R. 295, 296-97 (Bankr. W.D.N.Y. 2003) (citing *In re Joliet-Will County Cmty. Action Agency*, 847 F.2d 430).

27. Further, in a situation analogous to the one presented in this case, the First Circuit Court of Appeals has held that, as a matter of law, reimbursements held by a debtor-in-

{H0738040.1}

7

possession for a beneficiary under a federal grant program are not property of the estate; rather, the debtor, as a mere delivery vehicle, "lacked an equitable interest in the reimbursements under the federal program." *City of Springfield v. Ostrander (In re Lan Tamers, Inc.)*, 329 F.3d 204, 209, 214 (1st Cir. 2003). This is precisely the situation here, in which DAS LLC is a mere conduit of the DOE funds to Battelle.

28. The basis found in the language of the Bankruptcy Code for exclusion of the funds from the estate is Section 541(d), which provides, in pertinent parts, as follows:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that debtor does not hold.

11 U.S.C. § 541(d) (cited in *In re Lan Tamers, Inc.*, 329 F.3d at 209-10) (stating "[t]he plain text of § 541(d) excludes property from the estate where the bankruptcy entity is only a delivery vehicle and lacks any equitable interest in the property it delivers.")

29. Further, the Seventh Circuit Court of Appeals has held that grant funds are not property of the estate and the debtor is a mere agent for disbursal of the funds belonging to another when:

    a.    the grant imposes minute controls on the use of funds, such that the recipient has very little discretion;

    b.    the grantee is an agent to carry out specified tasks, rather than a borrower or an entrepreneur using invested funds; and

    c.    the grant does not authorize use of the appropriate funds to pay creditors of a private institution unless specifically authorized by the grant and applicable regulations.

*In re Joliet-Will County Cmty. Action Agency*, 847 F.2d at 432 (cited in *State of Conn., Dep't of Transp. v. Novak (In re Cmty. Assocs., Inc.)*, 173 B.R. 824, 828 (D. Conn. 1994). If these elements are applicable, then until the funds are "paid over by the agent of the government to the person entitled to it, the funds cannot, in any legal sense, be considered a part of his effects." *Id*. at 433 (citation omitted).

30. In this case, DAS LLC is a mere delivery vehicle for the DOE funds to Battelle under the terms of the Cooperative Agreement, Sub-Recipient Agreement and Modifications thereto, and all documents incorporated by reference therein, along with the DOE Assistance Regulations ("Governing Documents"). As a prime example, the Sub-Recipient Agreement expressly provides that DAS LLC is "a mere conduit of funds for conducting authorized programs and as an enforcer of rules and regulations pertaining to the expenditure of such funds in furtherance of DAS LLC's projects as provided by this Sub-Recipient Agreement." (See Ex. B at 3, § 13.)

31. Battelle is a key party in the DOE's SECA project, the nature of which is to develop 5kW SOFC power systems for use in a range of fuels and applications.

32. The grant of funds under the Governing Documents conforms with all the foregoing elements stated in the *Joliet-Will* opinion such that the DOE funds are not property of DAS LLC's estate, and for which DAS LLC is a mere agent for disbursal of funds belonging to Battelle. 847 F.2d 430.

33. First, the Governing Documents regulate DAS LLC's use of the DOE funds with minute controls, such that DAS LLC effectively has no discretion other than to review costs allowable under the Cooperative Agreement, Sub-Recipient Agreement and the Modifications thereto. In regard to Battelle's role in the SECA project, DAS LLC is a mere conduit, or pass-

through, for reimbursement to Battelle. For example, under the Cooperative Agreement and DOE Assistance Regulations, if the funds are not necessary for immediate disbursement, then the funds must be returned to the DOE. Any interest accruing on the funds must be remitted to the DOE. Further, the funds cannot be used for any purpose other than to pay DAS LLC and Battelle for specific work authorized under the Governing Documents. Thus, DAS LLC has no discretion to do anything other than approve payment to Battelle or return the funds to the DOE.

34. Second, as to the DOE funds neither DAS LLC nor Battelle is in the position of a borrower or an entrepreneur using invested funds. Due to the aforementioned minute controls, the DOE funds can only be paid for tasks specified in the Governing Documents.

35. Third, the DOE funds cannot be used to pay any other creditors of DAS LLC or Battelle unless authorized in the Governing Documents. There is no such authorization.

36. A finding that the DOE funds are property of the estate would be contrary to the Governing Documents, as such a finding would disregard the payment requirements in those documents and allow DAS LLC and its creditors to benefit from the DOE funds obligated to Battelle via DAS LLC as a mere conduit. Further, because Battelle earned the funds in accordance with the Sub-Recipient Agreement and Modification thereto, finding the DOE funds to be property of the estate and/or not imposing a constructive trust on the DOE funds would unjustly benefit DAS LLC and its creditors and would violate the federal government's allocation of the DOE funds via the Governing Documents.

37. In this circumstance it is appropriate to find that the DOE funds due to Battelle are not property of the estate in order to promote and further the public purpose of the SECA project, which is the continued development of the 5kW SOFC power systems. *See, In re Lan Tamers, Inc.*, 329 F.3d at 212 (citing *Buchanan v. Alexander*, 45 U.S. (4 How.) 20, 20-21 11

L.Ed. 857 (1846) ("The funds of the government are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by state process or otherwise, the functions of the government may be suspended.")).

38.  Finally, the DOE funds are not property of the estate because they are subject to a constructive trust.

39.  This case is also very similar to a pass-through arrangement for state government funds addressed in *Yonkers Board of Education v. Richmond Children's Center, Inc.*, 58 B.R. 980 (S.D.N.Y. 1986). Therein, the New York State Education Department paid the debtor certain funds to be passed-through to the Yonkers public schools. *Yonkers Board of Educ.*, 58 B.R. at 981. The payment was reimbursement for tuition for mentally retarded children, which the New York Stated Education Department described as a "pass-through" payment. *Id*. at 981-82. The Court found a constructive trust existed, such that the funds were not property of the estate because the debtor's obligation "was merely that of auditing claims and passing through payments" and the debtor "should be regarded as an intermediary." *Id*. at 982.

40.  As to Battelle, DAS LLC's role under the Governing Documents is merely that of an auditor of amounts obligated to and earned by Battelle, a mere conduit of payment of the DOE funds which are subject to a constructive trust and not property of the estate.

## VI.    WAIVER OF MEMORANDUM OF LAW

41.  Battelle submits that the principles of law relied on in this Motion are well-settled and, accordingly, respectfully requests that this Court waive the requirement under Local Bankruptcy Rule 9013-1(b) to file a separate memorandum of law at this time.

## VII.   NOTICE

42.   Notice of this Motion will be provided in accordance with this Court's Seventh Supplemental Case Management Order.  Accordingly, Battelle submits that no further or other notice need be provided.  No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, Battelle respectfully requests that this Court enter an order, substantially in the form attached hereto: (i) granting the Motion in its entirety; (ii) directing DAS LLC to turn over to Battelle the DOE funds in the amount of $187,652.32 which are due and owing on the Invoices and as stated in the Exhibit C, Cost Reporting Format; and (iii) granting such other and further relief as deemed just and fair.

Dated:  September 29, 2006
         Columbus, Ohio

Respectfully submitted,

SCHOTTENSTEIN, ZOX & DUNN CO., LPA

 /s/ Tyson A. Crist
Daniel R. Swetnam  (OH 0011022)
(*pro hac vice* pending)
Tyson A. Crist, Esq.  (OH 0071276)
(*pro hac vice* pending)
P.O. Box 165020
250 West Street
Columbus, OH 43216-5020
Phone: (614) 462-2225
Fax: (614) 224-3568
Email: dswetnam@szd.com, tcrist@szd.com
*Attorneys for Battelle Memorial Institute*