**<u>Exhibit D</u>**

Cy: Legal

U.S. DEPARTMENT OF ENERGY
NOTICE OF FINANCIAL ASSISTANCE AWARD
*(See Instructions on Reverse)*

Under the authority of Public Law Federal Grant and Cooperative Agreement Act, Public Law 95-224 as amended by Public Law 97-258 (U.S.C. 6301-6308) and DOE Organization Act, Public Law 95-91 and subject to legislation, regulations and policies applicable to (cite legislative program title):

| | |
|---|---|
| **1. PROJECT TITLE**<br>Solid State Energy Conversion Alliance | **2. INSTRUMENT TYPE**<br><br>□ GRANT    ■ COOPERATIVE AGREEMENT |

**3. RECIPIENT** (Name, address, zip code, area code and telephone no.)

Delphi Automotive Systems
5725 Delphi Drive
Troy, MI 48098-2815
Peter F. Ciampa (248) 813-3792

| 4. INSTRUMENT NO.<br>DE-FC26-02NT41246 | 5. AMENDMENT NO.<br>M001 |
|---|---|
| 6. BUDGET PERIOD | 7. PROJECT PERIOD |
| FROM:  THRU:<br>07/01/02  06/30/04 | FROM:  THRU:<br>07/01/02  06/30/12 |

**8. RECIPIENT PROJECT DIRECTOR** (Name and telephone no.)
Steve Shaffer (716) 359-6615

**10. TYPE OF AWARD**

□ NEW          □ CONTINUATION     □ RENEWAL

■ REVISION     □ SUPPLEMENT

**9. RECIPIENT BUSINESS OFFICER** (Name and telephone no.)
Peter F. Ciampa (248) 813-3792

**11. DOE PROJECT OFFICER** (Name, address, zip code, telephone no.)
Magda Rivera (304) 285-1359, National Energy Technology Laboratory (NETL), 3610 Collins Ferry Rd, P.O. Box 880, Mailstop C04, Morgantown, WV 26507-0880. magda.rivera@netl.doe.gov

**12. ADMINISTERED FOR DOE BY** (Name, address, zip code, telephone no.):
Mary S. Gabriele (304) 285-4253, NETL, 3610 Collins Ferry Rd, P.O. Box 880, Mailstop l07, Morgantown, WV 26507-0880
mary.gabriele@netl.doe.gov

**13. RECIPIENT TYPE**

□ STATE GOV'T      □ INDIAN TRIBAL GOV'T      □ HOSPITAL          ⊠ FOR PROFIT ORGANIZATION          □ INDIVIDUAL

□ LOCAL GOV'T      □ INSTITUTION OF HIGHER EDUCATION      □ OTHER NONPROFIT ORGANIZATION      ⊠ C  □ P  □ SP          □ OTHER (Specify)

**14. ACCOUNTING AND APPROPRIATIONS DATA:**

| a. Appropriation Symbol | b. B&R Number | c. FT/AFP/OC | d. CFA Number |
|---|---|---|---|

**15. EMPLOYER I.D. NUMBER**
38-3431131

**16. BUDGET AND FUNDING INFORMATION**

**a. CURRENT BUDGET PERIOD INFORMATION**

| | | |
|---|---|---|
| (1) DOE Funds Obligated This Action | $ | 0 |
| (2) DOE Funds Authorized for Carry Over | $ | 0 |
| (3) DOE Funds Previously Obligated in this Budget Period | $ | 5,000,000 |
| (4) DOE Share of Total Approved Budget | $ | 10,000,000 |
| (5) Recipient Share of Total Approval Budget | $ | 5,948,989 |
| (6) Total Approved Budget | $ | 15,948,989 |

**b. CUMULATIVE DOE OBLIGATIONS**

| | | |
|---|---|---|
| (1) This Budget Period<br>*[Total of lines a.(1) and a.(3)]* | $ | 5,000,000 |
| (2) Prior Budget Periods | $ | 0 |
| (3) Project Period to Date<br>*[Total of lines b.(1) and b.(2)]* | $ | 5,000,000 |

**17. TOTAL ESTIMATED COST OF PROJECT    $    138,844,354**
*(This is the current estimated cost of the project. It is not a promise to award nor an authorization to expend funds in this amount.)*

**18. AWARD AGREEMENT TERMS AND CONDITIONS**
This award/agreement consists of this form plus the following:
a. Special terms and conditions.
b. Applicable program regulations *(specify)* _____
c. DOE Assistance Regulations, 10 CFR Part-600, as amended.                    (Date) _____
d. Application/proposal dated _01/18/01**_____, ⊠ as submitted  □ with changes as negotiated.

**19. REMARKS** ** Updated April 12, 2002 and June 19, 2002

(See Page 2 For Description)

**20. EVIDENCE OF RECIPIENT ACCEPTANCE**

*(Signature of Authorized Recipient Official)*        10/2/02
*(Date)*

PETER F. CIAMPA
*(Name)*
DIRECTOR, GOVERNMENT CONTRACTS
DYNAMICS AND PROPULSION SECTOR
*(Title)*

**21. AWARDED BY**

*(Signature)*        9.27.02
*(Date)*

Raymond R. Jarr
*(Name)*

Contracting Officer
*(Title)*

Cooperative Agreement No. DE-FC26-02NT41246
with Delphi Automotive
Amendment M001

The purpose of this amendment is to update the DOE Project Officer and to revise the preaward cost clause. Accordingly, the following changes are hereby made:

1. As detailed in Block 11 on the Cover Page, DOE Form 4600.1#, the DOE Project Officer is hereby changed from Richard Dennis to Magda Rivera.

2. The text under Article 2.7, ALLOWABLE PREAWARD COSTS (MAR 1999), is deleted in its entirety and replaced with the following:

"The Recipient is entitled to reimbursement of preaward costs in the amount not to exceed $3,084,000 of DOE obligations. These costs are limited to work associated with performance of Task 1, Task 2, and Task 3, incurred during the period starting on January, 2002 through the effective start date of the cooperative agreement (Block 7, DOE F 4600.1)."

3. The recipient agrees to provide a DETAILED technical progress report summarizing activities completed in the authorized preaward period beginning January, 20002 through the effective start date of the cooperative agreement. The report shall be prepared in accordance with the instructions provided in Article 4.10, TOPICAL REPORT, Article 4.12, GUIDELINES FOR ORGANIZATION OF TECHNICAL REPORTS, and Article 4.13, ELECTRONIC MEDIA STANDARD FOR PREPARATION OF TECHNICAL REPORTING. The report shall be provided to NETL no later than October 30, 2002; timely submission of this report is essential in order for the NETL to review progress to date. Delay in submission of this report could result in rejection of future requests for payment, as prescribed in 10 CFR 600.162(a)(1) or 10 CFR 600.243(a)(3) as appropriate.

4. All other terms and conditions of the cooperative agreement remain unchanged and in full force and effect.

End of Amendment M001

LOE F 4600.1#
(0 33)

U.S. DEPARTMENT OF ENERGY

## NOTICE OF FINANCIAL ASSISTANCE AWARD
*(See Instructions on Reverse)*

Cy Legal

Under the authority of Public Law <u>Federal Grant and Cooperative Agreement Act, Public Law 95-224 as amended by Public Law 97-258 (U.S.C. 6301-6308) and DOE Organization Act, Public Law 95-91</u> and subject to legislation, regulations and policies applicable to (cite legislative program title): _____

| | |
|---|---|
| 1. PROJECT TITLE<br>Solid State Energy Conversion Alliance | 2. INSTRUMENT TYPE<br><br>□ GRANT    ■ COOPERATIVE AGREEMENT |

| 3. RECIPIENT (Name, address, zip code, area code and telephone no.)<br><br>Delphi Automotive Systems<br>5725 Delphi Drive<br>Troy, MI 48098-2815<br>Peter F. Ciampa (248) 813-3792 | 4. INSTRUMENT NO.<br>DE-FC26-02NT41246 | 5. AMENDMENT NO.<br>A000 |
|---|---|---|
| | 6. BUDGET PERIOD<br>FROM:  THRU:<br>07/01/02  06/30/04 | 7. PROJECT PERIOD<br>FROM:  THRU:<br>07/01/02  06/30/12 |

| 8. RECIPIENT PROJECT DIRECTOR (Name and telephone no.)<br>Steve Shaffer (716) 359-6615 | 10. TYPE OF AWARD<br><br>■ NEW    □ CONTINUATION    □ RENEWAL<br><br>□ REVISION    □ SUPPLEMENT |
|---|---|
| 9. RECIPIENT BUSINESS OFFICER (Name and telephone no.)<br>Peter F. Ciampa (248) 813-3792 | |

| 11. DOE PROJECT OFFICER (Name, address, zip code, telephone no.)<br>Richard A. Dennis (304) 285-4515, National Energy Technology Laboratory (NETL), 3610 Collins Ferry Rd, P.O. Box 880, Mailstop C04, Morgantown, WV 26507-0880 | 12. ADMINISTERED FOR DOE BY (Name, address, zip code, telephone no.): Mary S. Gabriele (304) 285-4253, NETL, 3610 Collins Ferry Rd, P.O. Box 880, Mailstop I07, Morgantown, WV 26507-0880 |
|---|---|

**13. RECIPIENT TYPE**

□ STATE GOV'T    □ INDIAN TRIBAL GOV'T    □ HOSPITAL    ⊠ FOR PROFIT ORGANIZATION    □ INDIVIDUAL

□ LOCAL GOV'T    □ INSTITUTION OF HIGHER EDUCATION    □ OTHER NONPROFIT ORGANIZATION    ⊠ C  □ P  □ SP    □ OTHER (Specify)

**14. ACCOUNTING AND APPROPRIATIONS DATA:**

| a. Appropriation Symbol<br>89X0213.91 | b. B&R Number<br>AA2530000 | c. FT/AFP/OC<br>FT2391/FT/JA/255* | d. CFA Number<br>CFA #:06368214 | 15. EMPLOYER I.D. NUMBER<br>38-3431131 |
|---|---|---|---|---|

**16. BUDGET AND FUNDING INFORMATION**

| a. CURRENT BUDGET PERIOD INFORMATION | | b. CUMULATIVE DOE OBLIGATIONS | |
|---|---|---|---|
| (1) DOE Funds Obligated This Action | $ 5,000,000 | (1) This Budget Period<br>[Total of lines a.(1) and a.(3)] | $ 5,000,000 |
| (2) DOE Funds Authorized for Carry Over | $ 0 | | |
| (3) DOE Funds Previously Obligated in this Budget Period | $ 0 | | |
| (4) DOE Share of Total Approved Budget | $ 10,000,000 | (2) Prior Budget Periods | $ 0 |
| (5) Recipient Share of Total Approval Budget | $ 5,948,989 | | |
| (6) Total Approved Budget | $ 15,948,989 | (3) Project Period to Date<br>[Total of lines b.(1) and b.(2)] | $ 5,000,000 |

**17. TOTAL ESTIMATED COST OF PROJECT** $ 138,844,354
*(This is the current estimated cost of the project. It is not a promise to award nor an authorization to expend funds in this amount.)*

**18. AWARD AGREEMENT TERMS AND CONDITIONS**
This award/agreement consists of this form plus the following:
a. Special terms and conditions.
b. Applicable program regulations *(specify)* _____
c. DOE Assistance Regulations, 10 CFR Part 600, as amended.    *(Date)* _____
d. Application/proposal dated 01/18/01**, ⊠ as submitted  □ with changes as negotiated.

**19. REMARKS**  *Project Number: GCM335
** Updated April 12, 2002 and June 19, 2002

| 20. EVIDENCE OF RECIPIENT ACCEPTANCE | 21. AWARDED BY |
|---|---|
| _____<br>(Signature of Authorized Recipient Official)    (Date) | _____<br>(Signature)    7-10-02  (Date) |
| _____<br>(Name) | Raymond R. Jarr<br>(Name) |
| _____<br>(Title) | Contracting Officer<br>(Title) |

## *TABLE OF CONTENTS*

*SECTION II - SPECIAL TERMS AND CONDITIONS* ............................................................................ 2

2.1    *CONSECUTIVE NUMBERING (JAN 1999)* ..................................................................... 2
2.2    *PREVAILING REGULATIONS (MAY 2002)* ..................................................................... 2
2.3    *ORDER OF PRECEDENCE (AUG 2001)* ......................................................................... 2
2.4    *STATEMENT OF SUBSTANTIAL INVOLVEMENT (NOV 2001)* ..................................... 2
2.5    *COST SHARING (MAR 2001)* ........................................................................................ 2
2.6    *FUNDING (SEPT 2000)* ................................................................................................. 3
2.7    *ALLOWABLE PREAWARD COSTS (MAR 1999)* ............................................................. 3
2.8    *CONTINUATION APPLICATION (AUG 2001)* ................................................................ 4
2.9    *METHOD OF PAYMENT - ADVANCE (APR 2001)* ......................................................... 4
2.10   *ACKNOWLEDGMENT OF FEDERAL FUNDING (NOV 1998)* ........................................ 4
2.11   *REAL PROPERTY - NONE (JAN 1999)* ......................................................................... 5
2.13   *RECIPIENT ACQUIRED PROPERTY - NONE (JAN 1999)* ............................................. 5
2.14   *KEY PERSONNEL (APR 2002)* ..................................................................................... 5
2.15   *PAPERWORK REDUCTION (NOV 1998)* ....................................................................... 5
2.16   *PUBLIC ACCESS TO INFORMATION (APR 2000)* ........................................................ 5
2.17   *COMPLIANCE WITH BUY AMERICAN ACT (JAN 2002)* .............................................. 6
2.18   *NOTICE REGARDING THE PURCHASE OF AMERICAN-MADE EQUIPMENT AND PRODUCTS -- SENSE OF CONGRESS (JAN 2002)* .......................................................................... 6
2.19   *LOBBYING RESTRICTION (INTERIOR ACT, 2002) (JAN 2002)* .................................. 6
2.20   *NOTICE REGARDING UNALLOWABLE COSTS AND LOBBYING ACTIVITIES (NOV 1998)* ..... 6
2.21   *REPORTING (NOV 1998)* .............................................................................................. 6
2.22   *RESEARCH INVOLVING RECOMBINANT DNA MOLECULES (NOV 1998)* ..................... 7
2.24   *SAFETY & HEALTH AND ENVIRONMENTAL PROTECTION (JAN 1999)* ....................... 7
2.25   *PERMITS AND LICENSES (AUG 1999)* ......................................................................... 7
2.30   *RESTRICTIONS ON TRANSFER OF FUEL CELL TECHNOLOGY TO FOREIGN ENTITIES* ..... 7
2.31   *PERFORMANCE OF WORK IN UNITED STATES* ........................................................... 7
2.32   *PNNL EQUIPMENT CHARGES* ..................................................................................... 7
.......................................................................................................................................................... 8

*SECTION III - INTELLECTUAL PROPERTY PROVISIONS* ........................................................... 9

3.1    *INTELLECTUAL PROPERTY PROVISIONS (JAN 1999)* ................................................ 9
3.2    *PUBLICATION OF RESULTS/ACKNOWLEDGMENT STATEMENT (JAN 1999)* ............ 9
3.3    *RECIPIENT PRESS RELEASES (APR 1998)* .................................................................. 9
3.4    *CONFIDENTIAL BUSINESS INFORMATION (DEC 1999)* ............................................. 9
3.5    *RIGHTS IN TECHNICAL DATA (FE-INSPECTION) (SEPT 1999)* ................................. 9
3.7    *52.227-1 AUTHORIZATION AND CONSENT. (JUL 1995) ALTERNATE I (APR 1984)* ..... 10
3.8    *52.227-2 NOTICE AND ASSISTANCE REGARDING PATENT AND COPYRIGHT INFRINGEMENT. (AUG 1996)* ..... 10
3.10   *952.227-13 PATENT RIGHTS-ACQUISITION BY THE GOVERNMENT. (SEP 1997)* ..... 11
3.11   *FAR 52.227-14 RIGHTS IN DATA -GENERAL. (JUN 1987) WITH ALT. V (JUN 1987)* ..... 18
3.12   *52.227-16 ADDITIONAL DATA REQUIREMENTS. (JUN 1987)* .................................... 22
3.13   *52.227-23 RIGHTS TO PROPOSAL DATA (TECHNICAL). (JUN 1987)* ........................ 22
3.14   *OBLIGATIONS AS TO PROTECTED ENERGY POLICY ACT (EPACT) INFORMATION (FEB 2001)* ..... 22
3.15   *OBLIGATIONS AS TO PROTECTED CRADA INFORMATION* ........................................ 23

*SECTION IV - LIST OF ATTACHMENTS* ...................................................................................... 25

4.1    *LIST OF ATTACHMENTS (JAN 1999)* ......................................................................... 25
4.2    *ATTACHMENT A -- STATEMENT OF PROJECT OBJECTIVES (JAN 1999)* ................... 25
4.2A   *ATTACHMENT A1 - MINIMUM REQUIREMENTS* ........................................................ 26
4.3    *ATTACHMENT B -- FEDERAL ASSISTANCE REPORTING CHECKLIST (JAN 1999)* ..... 37
4.4    *GENERAL INSTRUCTIONS FOR THE PREPARATION AND SUBMISSION OF REPORTS (MAY 1999)* ..... 40
4.6    *FINANCIAL STATUS REPORT (STANDARD FORM 269 OR 269A) (FEB 2002)* ............ 41
4.7    *REPORT OF FEDERAL CASH TRANSACTIONS (STANDARD FORM 272) (MAY 1999)* ..... 41
4.8    *TECHNICAL REPORTS (SEPT 2000)* ........................................................................... 41
4.9    *TECHNICAL PROGRESS REPORT (SEMI-ANNUAL) (MAY 1999)* ............................... 41
4.10   *TOPICAL REPORT (MAY 1999)* ................................................................................... 41
4.11   *FINAL TECHNICAL REPORT (AUG 2000)* .................................................................... 42
4.12   *GUIDELINES FOR ORGANIZATION OF TECHNICAL REPORTS (DEC 1999)* ............... 42
4.13   *ELECTRONIC MEDIA STANDARD FOR PREPARATION OF TECHNICAL REPORTS (DEC 1999)* ..... 42
4.14   *ENVIRONMENTAL (OCT 2000)* ................................................................................... 44
4.15   *HAZARDOUS SUBSTANCE PLAN (MAY 1999)* ............................................................ 45
4.16   *HAZARDOUS WASTE REPORT (MAY 1999)* ................................................................ 45
4.17   *PROPERTY REPORTS (DEC 1999)* .............................................................................. 45
4.18   *REPORT OF TERMINATION OR COMPLETION INVENTORY (NETL F 580.1-9 AND SF-120) (SEPT 2000)* ..... 46
.......................................................................................................................................................... 46

4.19    HOT LINE REPORT (MAR 2002) .................................................................................................... 46
4.20    JOURNAL ARTICLES, CONFERENCE PAPERS AND PROCEEDINGS GENERATED BY LARGE BUSINESSES FOR DOE
REVIEW (SEPT 2000) ............................................................................................................................ 47
4.21    ATTACHMENT C – BUDGET PAGE (AUG 2001) .................................................................................... 48
4.24    ATTACHMENT D – LIST OF LIMITED RIGHTS DATA (AUG 2001) ........................................................ 50

## SECTION II - SPECIAL TERMS AND CONDITIONS

### 2.1   CONSECUTIVE NUMBERING (JAN 1999)

Due to automated procedures employed in formulating this document, clauses and provisions within it may not always be continuously numbered.

### 2.2   PREVAILING REGULATIONS (MAY 2002)

As indicated on the face page, Block 18c, this award is subject to the DOE Assistance Regulations of Title 10, Code of Federal Regulations, Part 600.  This set of regulations may be found in most major libraries or on the World Wide Web at:

> http://www.access.gpo.gov/nara/cfr/cfrhtml_00/10cfr600_00.html

### 2.3   ORDER OF PRECEDENCE (AUG 2001)

In the event of any inconsistency among the provisions of this agreement, the inconsistency shall be resolved by giving precedence as follows: (a) applicable public laws; (b)10 CFR Part 600; ( c) the special terms and conditions; and (d) other documents, exhibits and attachments.

### 2.4   STATEMENT OF SUBSTANTIAL INVOLVEMENT (NOV 2001)

There will be substantial involvement between the DOE and the Recipient during performance of this Cooperative Agreement.

The DOE and participant will share responsibility for the management of the project as further described in this section.

a.  Recipient Role

The Recipient shall be responsible for all aspects of project performance as set forth in the Statement of Work. All services, personnel, facilities, equipment, materials, and supplies shall be furnished by the Recipient, unless otherwise specified under this Cooperative Agreement.  The Recipient Project Director shall serve as its authorized representative for the technical elements of all work to be performed under this Cooperative Agreement.  The Recipient Business Officer shall serve as its authorized representative for administrative elements dealing with the Cooperative Agreement.

b.  DOE Role

DOE shall monitor the Recipient's progress in performing the project and shall have a substantial role in project decision making.

The DOE Contracting Officer is the only Government Representative authorized to accept the reports and other deliverables the Recipient is required to provide under this Cooperative Agreement.  The DOE Project Officer (same as Contracting Officer's Representative) shall have the authority to comment on those technical reports, plans, and other technical information the Recipient is required to submit to DOE for review and comment.

The DOE Project Officer shall have the authority to issue written technical advice that suggests redirecting the project work (e.g., by changing the emphasis among different tasks), or pursuing specific lines of inquiry likely to assist in accomplishing the Statement of Project Objectives.  The DOE Project Officer is not authorized to issue, and the Recipient is not required to follow, any technical advice that constitutes work which is not within the scope of the Statement of Project Objectives; which in any manner causes an increase or decrease in the total estimated cost or in the time required for performance of the project; which has the effect of changing any of the

2

terms or conditions of the Cooperative Agreement; or which interferes with the Recipient's right to perform the project in accordance with the terms and conditions of this Cooperative Agreement.

The Government has the right to inspect and evaluate the work performed or being performed under the cooperative agreement, including the privately funded effort, and the premises where the work is being performed, at all reasonable times and in a manner that will not unduly delay the work. If the Government performs inspection or evaluation on the premises of the recipient or a subcontractor, the recipient shall furnish and shall require subcontractors to furnish all reasonable facilities and assistance for the safe and convenient performance of these duties. The extent and nature of the inspection and evaluation shall be at the discretion of the Contracting Officer. In addition, the DOE may require at its discretion, as part of cooperative agreement performance, to have any or all of the prototypes sent to NETL for further testing following completion of the required Industrial Team testing. The cost of packaging, insuring and shipping prototypes to and from NETL for testing, will be an allowable cost of the cooperative agreement shared in accordance with the cost sharing provisions of the agreement.

c. No Government Obligation to Third Parties

In connection with the performance of the project, the Government shall have no obligation or responsibility to any contractor, subcontractor or other person who is not a party to this Cooperative Agreement. The foregoing limitation shall apply notwithstanding the Contracting Officer's prior approval of or consent to any contract awarded by the Recipient. The Recipient shall be responsible, without recourse to DOE, except for amounts DOE is otherwise obligated to pay pursuant to the provisions of this Cooperative Agreement for the resolution and satisfaction of all preaward protests, contract administration issues, and contract disputes arising out of contracts awarded by the Recipient for acquisitions related to the Project.



### 2.5    COST SHARING (MAR 2001)

The total estimated cost for the work to be accomplished under this award is $138,844,354. The Recipient and the Government agree to share the allowable project costs, as costs are incurred, in accordance with the following ratios:

| | BUDGET PERIOD 1 PHASE I | BUDGET PERIOD 2 PHASE I * | PHASE I TOTAL | PHASE II** | PHASE III** | TOTAL |
|---|---|---|---|---|---|---|
| DOE SHARE | $10,000,000/62.70% | $10,000,000/67.13% | $20,000,000/64.84% | $24,000,000/50% | $30,000,000/50% | $74,000,000/53.70% |
| RECIPIENT SHARE | $ 5,948,989/37.30% | $ 4,895,365/32.87% | $10,844,354/35.16% | $24,000,000/50% | $30,000,000/50% | $64,844,354/46.70% |
| TOTAL | $15,948,989 | $14,895,365 | $30,844,354 | $48,000,000 | $60,000,000 | $138,844,354 |

*Subcontractor Amounts included in total negotiated budget for Period 2 are based on budgetary estimates. These amounts will be finalized with negotiation of the continuation application.

**Numbers based on budgetary estimates; will be finalized with negotiation of a continuation application.

The total negotiated cost for Budget Period I and II includes no material/equipment/supply costs. Delphi will provide all necessary items to the project at no additional cost to the project budget. These items will be purchased utilizing private funding.

### 2.6    FUNDING (SEPT 2000)

This award is to be incrementally funded. The DOE has currently obligated the amounts detailed in Block 16 on the Cover Page, DOE 4600.4 and anticipates, subject to the availability of additional funds, obligating the DOE balance of funds. The Recipient shall not be obligated to continue performance of this project beyond the amount set forth in Block 16(b)(3) of the DOE F 4600.1 and the DOE is under no commitment to provide additional funding to the Recipient beyond this amount.

## 1.7    ALLOWABLE PREAWARD COSTS (MAR 1999)

The Recipient is entitled to reimbursement of preaward costs in the amount not to exceed $500,000 of DOE obligations. These costs are limited to work associated with performance of Task 1, incurred during the period starting on January, 2002 through the effective start date of this award (Block 7, DOE F 4600.1).

## 1.8    CONTINUATION APPLICATION (AUG 2001)

Funding for each budget period within the approved project period shall be contingent on DOE approval of a continuation application submitted no later than 60 days prior to the end of the current budget period. The continuation application shall be submitted on the SF 424. Technical and budgetary information supporting the continuation application shall be provided in accordance with 10 CFR 600.26. Forms for submission of continuation applications can be found at http://www.netl.doe.gov/business/index.html.

## 2.9    METHOD OF PAYMENT - ADVANCE (APR 2001)

### A.    Request for Advance

Payment to the Recipient will be made in advance by using the Department of Treasury Automated Standard Application for Payments System (ASAP), in accordance with 10 CFR 600.122(b).

The Recipient will request advances using the ASAP payment system and will request cash only as needed for immediate disbursements, will report cash disbursements in a timely manner, and will impose the same standards of timing and amount, including reporting requirements, on secondary recipients.

If DOE subsequently determines that the recipient's financial management system does not meet the required standards of 10 CFR 600.121, or the recipient has not maintained or demonstrated the willingness and ability to maintain written procedures that minimize the time elapsing between the transfer of funds and disbursement by the recipient, advance payments may be changed to payments by reimbursement.

The Recipient is required to maintain advances of federal funds in interest bearing accounts. Any interest income earned by the Recipient on federal funds must be remitted at least quarterly to the cognizant DOE office. However, up to $250 of the interest earned per year may be retained by the Recipient to cover administrative expenses.

Funds advanced to the Recipient must be kept to a minimum amount necessary to meet the Recipient's cash flow needs. Cash needs shall be determined by the Recipient's cash outlay requirements and shall not be based on costs incurred. If funds are erroneously drawn in excess of the Recipient's immediate disbursement needs, the excess funds should be promptly refunded and reissued when needed. The only exception to this is when excess funds will be disbursed by the Recipient within seven calendar days or when the excess funds are less than $10,000 and will be disbursed within thirty (30) calendar days.

### B.    Statement of Cost/Voucher

On a quarterly basis, the recipient shall submit a statement of cost for the expenditures incurred during the reporting period. The costs reported shall be only those recorded costs (including cost sharing) which would be authorized by the payment provisions of this cooperative agreement. The statement of cost report should include the Government Share and any cost-sharing or in-kind contributions incurred by the recipient and/or third party during the reporting period. The report shall be submitted in MS Word, WordPerfect or Excel in the following format:

**Agreement No. DE-FC26-02NT41246**

**Reporting Period** – Identify months and year of the quarterly reporting period.

**Point of Contact** - Include individual's name and phone number responsible for preparing the report

4

**Direct Costs** - (e.g., labor, equipment, travel, supplies, etc.) claimed on the Statement of Cost report must be adequately supported. The level of detail provided must clearly indicate where the funds were expended for that reporting period. For example, support for labor costs must include the labor category (e.g., program manager, senior engineer, technician, etc.) the hourly rate, and the labor cost per category; equipment costs must be supported by a list of the equipment purchased, along with the item's cost; supporting data for travel must include the destination of the trip, number and labor category of travelers, transportation costs, per diem costs, and purpose of the trip; and supplies should be categorized by the nature of the items (e.g., office, lab, computer, etc.) and the dollar amount per category.

**Indirect Rates** - used must be clearly indicated, as well as their basis of application. When the cognizant Administrative Contracting Officer (ACO) or auditor approves a change in the billing rates, include a copy of the approval.

Twenty days after the end of the reporting period, the recipient shall submit two copies of the Quarterly Statement of Cost Report to the following address:

U. S. Department of Energy
National Energy Technology Laboratory
ATTN: Contract Specialist, MS I07
3610 Collins Ferry Road
P.O. Box 880
Morgantown, WV 26507-0880

## 2.10   ACKNOWLEDGMENT OF FEDERAL FUNDING (NOV 1998)

When issuing statements, press releases, requests for proposals, bid solicitations, and other documents describing this project, the Recipient shall clearly state (1) the percentage of the total cost of the project which will be financed with Federal money, and (2) the dollar amount of Federal funds for the project.

## 2.11   REAL PROPERTY - NONE (JAN 1999)

No real property may be acquired under this award.

## 2.13   RECIPIENT ACQUIRED PROPERTY - NONE (JAN 1999)

No Recipient acquired property is anticipated under this award using federal funding. However, the recipient shall provide all the items of property to the project utilizing private funding.

## 2.14   KEY PERSONNEL (APR 2002)

Recipient personnel considered to be essential and key to the work being performed hereunder are specified in Block 8 on the Face Page of this award.

The personnel specified are considered to be essential to the project. Before removing or replacing any key personnel, the Recipient shall notify the Contracting Officer reasonably in advance and shall submit justification (including proposed substitutions) in sufficient detail to permit evaluation of the impact on the project. No key personnel may be substituted without the Contracting Officer's approval. Such approval shall be obtained in advance of the substitution, except that the Contracting Officer may ratify a substitution which, because of exigent circumstances, was made before the Recipient could request and/or obtain the Contracting Officer's approval.

## 2.15   PAPERWORK REDUCTION (NOV 1998)

The award is subject to the requirements of the Paperwork Reduction Act of 1980 as implemented by the Office of Management and Budget rules, "Controlling Paperwork Burdens on the Public," published at 5 CFR 1320. These

5

requirements apply if the Recipient will collect information from ten (10) or more respondents.

The Recipient shall submit any proposed sponsored information collection to the person identified on the DOE F 4600.1 (Award Face Page, Block 12). The proposal shall be submitted at least 120 days prior to the intended date of information collection. DOE will seek the requisite approval from the Office of Management and Budget (OMB) and will promptly notify the Recipient of the disposition of the request.

## 2.16   PUBLIC ACCESS TO INFORMATION (APR 2000)

The Freedom of Information Act, as amended, and the DOE implementing regulations (10 CFR 1004) require DOE to release certain documents and records regarding awards to any person who provides a written request. The intended use of the information will not be a criterion for release.

## 2.17   COMPLIANCE WITH BUY AMERICAN ACT (JAN 2002)

In accepting this award, the Recipient agrees to comply with sections 2 through 4 of the Act of March 3, 1933 (41 U.S.C. 10a-10c, popularly known as the "Buy American Act"). The Recipient should review the provisions of the Act to ensure that expenditures made under this award are in accordance with it.

## 2.18   NOTICE REGARDING THE PURCHASE OF AMERICAN-MADE EQUIPMENT AND PRODUCTS – SENSE OF CONGRESS (JAN 2002)

It is the sense of the Congress that, to the greatest extent practicable, all equipment and products purchased with funds made available under this award should be American-made.

## 2.19   LOBBYING RESTRICTION (INTERIOR ACT, 2002) (JAN 2002)

The awardee agrees that none of the funds obligated on this award shall be made available for any activity or the publication or distribution of literature that in any way tends to promote public support or opposition to any legislative proposal on which Congressional action is not complete. This restriction is in addition to those prescribed elsewhere in statute and regulation.

A copy of the DOE "Lobbying Brochure"which provides a summary of the statutory and regulatory restrictions regarding lobbying activities for Federal contractors can be found at

http://professionals.pr.doe.gov/ma5/MA-5Web.nsf/Procurement/Lobbying+Brochure?OpenDocument

## 2.20   NOTICE REGARDING UNALLOWABLE COSTS AND LOBBYING ACTIVITIES (NOV 1998)

Recipients of financial assistance are cautioned to carefully review the allowable cost and other provisions applicable to expenditures under their particular award instruments. If financial assistance funds are spent for purposes or in amounts inconsistent with the allowable cost or any other provisions governing expenditures in an award instrument, the government may pursue a number of remedies against the Recipient, including in appropriate circumstances, recovery of such funds, termination of the award, suspension or debarment of the Recipient from future awards, and criminal prosecution for false statements.

Particular care should be taken by the Recipient to comply with the provisions prohibiting the expenditure of funds for lobbying and related activities. Financial assistance awards may be used to describe and promote the understanding of scientific and technical aspects of specific energy technologies, but not to encourage or support political activities such as the collection and dissemination of information related to potential, planned or pending legislation.

6

## 2.21    REPORTING (NOV 1998)

Failure to comply with the reporting requirements contained in this award will be considered a material noncompliance with the terms of the award. Noncompliance may result in a withholding of future payments, suspension or termination of the current award, and withholding of future awards. A willful failure to perform, a history of failure to perform, or of unsatisfactory performance of this and/or other financial assistance awards, may also result in a debarment action to preclude future awards by Federal agencies.

## 2.22    RESEARCH INVOLVING RECOMBINANT DNA MOLECULES (NOV 1998)

Any Recipient performing research involving recombinant DNA molecules and/or organisms and viruses containing recombinant DNA molecules agrees by acceptance of this award to comply with the National Institute of Health "Guidelines for Research Involving Recombinant DNA Molecules," (59 FR 34496, July 5, 1994 as amended by 59 FR 40170, 60 FR 20726, 61 FR 1482, 61 FR 10004, 62 FR 53335, 62 FR 56196, 62 FR 59032 and 63 FR 8052, "subject to change - call 301-496-9838 to obtain reference to a current version.")

## 2.24    SAFETY & HEALTH AND ENVIRONMENTAL PROTECTION (JAN 1999)

The Recipient shall implement the DOE work in accordance with all applicable Federal, State, and local laws, including codes, ordinances, and regulations, covering safety, health, and environmental protection.

The Recipient agrees to include this clause in first-tier subcontracts and agrees to enforce the terms of this clause.

## 2.25    PERMITS AND LICENSES (AUG 1999)

Within sixty (60) days of award, the Recipient shall submit to the DOE Contracting Officer Representative (COR) a list of ES&H approvals that, in the Recipient's opinion, shall be required to complete the work under this award. The list shall include the topic of the approval being sought, the approving authority, and the expected submittal/approval schedule.  The COR shall be notified as specific items are added or removed from the list and processed through their approval cycles.

The Recipient agrees to include this clause in first-tier subcontracts and agrees to enforce the terms of this clause.

## 2.30    RESTRICTIONS ON TRANSFER OF FUEL CELL TECHNOLOGY TO FOREIGN ENTITIES

It is agreed that the Recipient shall obtain adequate recognition of the United States support for the technology -- patented or unpatented -- developed -- or utilized -- under this Cooperative Agreement in any contracts, licenses, or other agreements which involve the transfer to foreign entities of the fuel cell technology developed in whole or in part at Government expense. The Recipient agrees to notify the Assistant Secretary for Fossil Energy in writing of the adequate recognition obtained prior to entering into any such contracts, licenses, or other agreements. The Recipient shall not enter into any such contracts, licenses, or other agreements without the concurrence of the Assistant Secretary for Fossil Energy or designee. The determination of whether to grant such concurrence shall be at the sole discretion of the Assistant Secretary for Fossil Energy or designee and is not subject to litigation under the Financial Assistance Appeals Board (10 CFR Part 1024). The determination shall be in writing and shall be furnished to the Recipient by the Contracting Officer.

This paragraph shall be included in all subcontracts.

## 2.31    PERFORMANCE OF WORK IN UNITED STATES

The Recipient must agree that at least 75% of the direct labor cost for the project (including subcontractor labor) will be incurred in the United States, unless the applicant can demonstrate to the satisfaction of DOE that the United States economic interest will be better served through a greater percentage of the work performed outside the United States.

## 1.32  PNNL EQUIPMENT CHARGES

The recipient agrees that depreciation, use or other capital charges for Government owned facilities and equipment, including equipment and facilities located at Pacific Northwest National Laboratory, are not allowable project costs and will not be included in the costs of the project.

This paragraph shall be included in the Battelle subcontract.