**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE | ) CHAPTER 11 |
| DELPHI CORPORATION, ET AL., | ) CASE NO. 05-44481 (RDD) |
| Debtors. | ) (JOINTLY ADMINISTERED) |

---

### AFFIDAVIT
FOR ENTRY OF ISSUANCE OF WRIT OF EXECUTION AND
DELIVERED TO AN OFFICER FOR ENFORCEMENT ON
STATUTORY DIRECTION ACCORDING TO LAW BY JUDGMENT/
ORDER CREDITOR LAFONZA EARL WASHINGTON

Lafonza Earl Washington, Affiant and Judgment/Order Creditor, being duly sworn, deposes and says:

1.  I am the Judgment/Order Creditor in the above entitled action and the original owner of Claim No.'s 257; 264; 288; and 297.

2.  This Affidavit is made to obtain the MINUTE STATUTORY REGULATED Execution Order for issuance of Writ of Execution to effect satisfaction of Affiant's judgment/order against the above-named debtor et al., and the statutorily prescribed Transferee, the Department of Treasury - Financial Management Service, who Affiant made transfer of the "4" Claims to dated August 14, 2006, in which according to the twenty day rule under the Federal Rules of Bankruptcy Procedure Rule 3001 (e)(4) required the transfer to be final dated September 6, 2006, based on the absence of an objection.

3.  The following is set forth to establish this Affiant/Creditor's right to a Writ of Execution for the enforcement of a $1,050,375,749.00 sum certain (with the $416,890.00 per day interest computed thru September 28, 2006), he recovered from debtor in this action on October 8, 2005, and I know of my own personal knowledge that the averments made in Affiant's Affidavit For Entry of the Issuance of Writ of Execution are true and correct.

4.  According to Law under the Federal Rules of Civil Procedure, Rule 69 (a) authorizing money judgments in the federal courts are enforced by means of a Writ of Execution, the Court has "NOT" directed otherwise and Affiant specifically request and direct for the issuance of this Writ of Execution, without further delay.

5. The facts of Affiant's specific case is controlling, however the precedents established in GOVERNOR CLINTON CO. -V- KNOTT (CA2 NY) 120 F2d 149, cert dismd 314 US 701, 86 LEd 561, 62 S Ct 50, evidences that both the United States Supreme Court and the United States Court of Appeals for the Second Circuit agreed that,

> "Process to enforce a judgment '(Order)' for a money payment is by writ of execution in accordance with state law pursuant to FRCivP, Rule 69 (a) by which execution not merely has long been proper to enforce equitable decrees for money but in most circumstances has entirely supplanted contempt."

6. In the matter of LEVINE -V- BORNSTEIN, 4 NYS2d 241, 173 NYS2d 599, 149 NE2d 883, the New York Court Ordered that,

> "The right to the usual execution ordinarily follows every final money judgment as a matter of course where the enforcement has not been stayed (which has '<u>NOT</u>' been stayed herein) and leave of the Court is '<u>NOT</u>' required." See BROWN -V- BELL, 46 Colo 163, 103 P 380 which is applicable to Michigan and New York under the Full Faith and Credit Clause.

7. The statutory Voluntary Petition Order as well as the Court's own Order issued on October 8, 2005, and according to 11 U.S.C. §§ 102 (6) and 301, order for relief means "<u>ENTRY</u>" of order for relief.

8. Under 11 U.S.C. § 101 (5) (A) of the United States Bankruptcy Code '<u>CLAIM</u>' means, "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured".

9. Under 11 U.S.C. § 101 (5) (B) of the bankruptcy code '<u>CLAIM</u>' means, "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured", self-evidencing that the Guaranteed Agreement between Delphi's Board of Directors, JPMorgan Chase Bank N.A., etc., to pay "<u>ALL</u>" obligations which includes this Affiant's Claim that has been legally owed since October 8, 2005, for almost "<u>1</u>" year has deliberately been breached.

10. Affiant has a vested right to the issuance of the writ based on the October 8, 2005, Human Capital Obligations and Cash Management Orders entered which the Claims herein demanded payment from is "RES ADJUDICATA" since the entering date; Affiant may not be deprived of the right by a judge's Order made

at chambers without notice or hearing and such notice or hearing is legally prohibited in these "RES JUDICATA" bankruptcy claims. See IRONS -V- McQUEWAN, 27 Pa 196.

BY: /s/ Lafonza Earl Washington
Affiant

WITNESS:
SUBSCRIBED AND SWORN TO BEFORE ME ON 9/28/06 ,
                                                DATE
2006, GENESEE COUNTY, MICHIGAN, MY COMMISSION EXPIRES _____.
                                                                                DATE

SIGNATURE: /s/ Terry Donnelly
NOTARY PUBLIC

TERRY DONNELLY
NOTARY PUBLIC, STATE OF MI
COUNTY OF GENESEE
MY COMMISSION EXPIRES May 15, 2013
ACTING IN COUNTY OF Genesee