ALSTON & BIRD LLP  
Dennis J. Connolly (DC-9932)  
One Atlantic Center  
1201 West Peachtree Street  
Atlanta, Georgia 30309-3424  
Telephone (404) 881-7000  
Facsimile (404) 881-7777  

Hearing Date: October 19, 2006, 10:00 am

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
    DELPHI CORPORATION, et. al.,          :   Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :   Jointly Administered
-----------------------------------------------------------x
```

### RESPONSE OF CADENCE INNOVATION LLC TO DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS

COMES NOW Cadence Innovation LLC ("Cadence"), as successor in interest to Patent Holding Company ("PHC"), and hereby files this response (the "Response")[1] to the Delphi Corporation, et. al.'s (the "Debtors") First Omnibus Objection to Claims (the "Objection") [Docket No. 5151], in which the Debtors seek to disallow and expunge certain proofs of claims filed by Cadence against the Debtors on July 20, 2006. In support of this Response, Cadence shows the Court as follows:

---

[1] Nothing herein or otherwise, including, but without limitation, any later appearance, pleading, claim, or action, is intended or shall be deemed to be a waiver, release, or modification by Cadence of its (a) right to have final orders in noncore matters entered after de novo review by a District Judge; (b) right to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to these cases; (c) right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (d) other rights, remedies, claims, actions, defenses, setoffs, or recoupments to which Cadence and/or PHC are or may be entitled, all of which are hereby expressly reserved. Cadence further reserves its right to (i) amend or replace this claim as is appropriate, (ii) assert an administrative expense priority claim with respect to its claim for damages arising out of the Debtors' postpetition infringement of the referenced patents, (iii) file a motion for relief from the automatic stay to allow Cadence to proceed with the Action (as defined below) and enforce any judgment rendered, and (iv) seek withdrawal of the reference with respect to any and all claims that Cadence, may bring against the Debtors.

PRELIMINARY STATEMENT

In this Response, Cadence seeks to modify the relief sought by the Debtors in the Objection. In particular, Cadence objects to the Debtors' designation of "Surviving Claims" and "Expunged Claims" and their request for an order disallowing and expunging those claims designated as Expunged Claims.[2] Cadence recognizes that it is not entitled to multiple recoveries, however, the Objection should be denied to the extent that the Debtors seek to disallow and expunge the Original Claims (defined below) in favor of the Amended Claims (defined below). The Amended Claims should be disallowed and expunged in favor of the Original Claims because the Amended Claims are duplicative. Accordingly, any order entered by the Court should (i) allow the Original Claims, subject to the Debtors' right to object to the Original Claim at a later date on any other basis, and (ii) disallow and expunge the Amended Claims.

FACTS

1. On December 15, 1999, Cadence's predecessor in interest PHC commenced an action against Delphi Automotive Systems Corp. ("Delphi") in the District Court for the Eastern District of Michigan, Southern Division (the "District Court") Case No. 99-76013, on account of the Debtors' direct and willful infringement[3] of three patents (the "Action"). In May 2003, The District Court bifurcated damages and directed that the Action go forward with respect to three paradigm patent claims and Debtors' six paradigm infringing airbag covers.[4] Between April and December 2003, Debtors and PHC briefed and argued their proposed definitions of terms that the Debtors disputed.

---

[2] Pursuant to the Objection, Expunged Claims are to be disallowed and expunged. Objection ¶ 21.
[3] Pursuant to that certain Stipulated Order dated August 15, 2001, the Debtors stipulated that they had been on notice of its infringement since October 1997.
[4] In designating the paradigm claims, Cadence (by its predecessor in interest) expressly reserved its right to assert infringement and/or additional claims with respect to Debtors' infringement of additional patents.

- 2 -

The first hearing on the claim construction, commonly known as a "Markman" hearing, was held on June 30, 2003. On December 5, 2003, the District Court ruled in PHC's favor by selecting PHC's proposed definition. As a result, the District Court found that the Debtors' "two-shot" airbag covers infringed on the patents.

2. On April 5, 2004, a Special Master issued a recommended claim construction with respect to 13 remaining issues, ruling in PHC's favor on 11 of the 13. Subsequently, the Debtors and PHC participated in an oral Markman hearing with respect to the 13 issues before the District Court. On August 6, 2004, the District Court issued its decision (dated August 2, 2004) adopting the Special Masters recommended claim construction in favor of PHC. Taken together, the Special Master and the District Court ruled in PHC's favor on virtually all of the disputed claim terms.

3. On May 2, 2005, PHC formally assigned the patents at issue in the Action to Cadence.[5] At the time of the Debtors' bankruptcy filing, the Action was ongoing and the parties were in the midst of mediating their dispute. Due to the bankruptcy filing, the Action was stayed in accordance with Section 362 of the Title 11 of the United States Code (the "Bankruptcy Code").

4. On July 20, 2006, Cadence timely filed Proof of Claim Nos. 10074, 10077, 10078, 10079, 10080, 10081, 10082, 10083, 10084, 10085, 10086, 10087, 10088, 10089, 10090, 10091, 10092, 10093, 10094, 10095, 10096, 10097, 10098, 10099, 10100, 10101, 10102, 10103, 10104, 10105, 10106, 10107, 10108, 10109, 10110, 10111, 10112, 10113, 10114, 10115, 10116, 10117 (the "Original Claims") against the Debtors, styled

---

5 Due to the commencement of the Debtor's bankruptcy case, and the District Court's decision to stay the Action, Cadence has not substituted its name for PHC in the pleadings in the Action.

"Cadence, as successor in interest to Patent Holding Company" in respect of the claims asserted in the Action.

5.   By filing the Original Claims, Cadence asserts (i) a general unsecured claim with respect to the Debtors' prepetition infringement of the patents and (ii) an administrative expense priority claim with respect to the Debtors' postpetition infringement of the patents. In addition, Cadence seeks to preserve its claim against each Delphi debtor entity that willfully and intentionally infringed the patents. Although this claim is currently unliquidated, Cadence contends that these claims, once liquidated, will be in an amount not less than $21 million on account of the Debtors' prepetition infringement and an unknown amount (well in excess of $4 million) on account of the Debtors' postpetition infringement. Furthermore, because the Debtors' willfully and deliberately infringed the patents, Cadence is entitled to an award of treble damages and its reasonable attorneys' fees. However, because the full extent of the Debtor's infringement is not yet known, including the possible award of treble damages and attorney fees, the ultimate value of the patent infringement claim will be determined at trial

6.   On, or about, July 28, 2006, Cadence submitted Proof of Claim Nos. 12274, 12286, 12287, 12292, 12291, 12268, 12270, 12264, 12273, 12267, 12265, 12269, 12272, 12271, 12282, 12284, 12288, 12266, 12289, 12290, 12283, 12634, 12285, 12275, 12276, 12277, 12278, 12279, 12280, 12281, 12259, 12260, 12636, 12261, 12262, 12263, 12611, 12612, 12635, 12614, 12613, 12633 (the "Amended Claims") against the Debtors on behalf of "Cadence and Patent Holding Company" on account of the claims that arise out of the Action.

7. The Debtors have agreed to modify the exhibit to the proposed order with respect to the Objection to reflect that the Original Claims will be Surviving Claims (as that term is defined in the Objection) and that the Amended Claims will be Expunged Claims (as that term is defined in the Objection).

## REQEUSTED RELIEF

8. The Objection should be denied to the extent it designates the Original Claims as Expunged Claims and the Amended Claims as Surviving Claims. Instead, the Court should enter an order allowing the Original Claims.

9. Accordingly, the Objection should be modified such that (i) the Original Claims are allowed, subject to the Debtors' right to object to the Original Claim on other grounds at a later date, and (ii) the Amended Claims are disallowed and expunged.

WHEREFORE, Cadence requests that this Court enter an order (i) allowing the Original Claims and (ii) disallowing and expunging the Amended Claims.

Respectfully submitted this 12th day of October, 2006.

ALSTON & BIRD LLP

/s/ Dennis J. Connolly
Dennis J. Connolly (DC-9932)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel to Cadence Innovation LLC*