# TRANSFER OF CLAIM AGREEMENT

**SELLER:**   **3D Systems, Inc.**
Address:   454 S. Anderson Road, Suite 10, Rock Hill, SC  29730
Telephone:   803-326-3915
Facsimile:   803-324-8810
Attention:   Mr. Frank L. Grossman


**BUYER:**   **Bank of America, N.A.**

Address:   214 North Tryon Street
   NC1-027-14-01
   Charlotte, North Carolina 28255
Telephone:   704.387.4366
Facsimile:   704.409.0768
Attention:   Information Manager, Hearst Tower
E-mail:   Bas.infomanager@bankofamerica.com

With a copy to:

Address:   101 North Tryon Street, 30th Floor
   NC1-007-20-01
   Charlotte, North Carolina  28255
Telephone:   (704)   388-7487   646 313 t/19
Facsimile:   (704)   409-0855
Attention:   Clare K. Pierce
E-mail:   clare.k.pierce@bankofamerica.com


DATE OF THIS AGREEMENT:   September 14, 2006

DEBTOR:   Delphi Automotive Systems LLC

PETITION DATE:   October 8, 2005

BANKRUPTCY COURT:   Southern District of New York

BANKRUPTCY CASE:   Case No. 05-44481

CLAIMS:   All right, title and interest in and to the general unsecured

RECEIVED  1 1 2006  U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK

claim, including the right to receive payment in respect of each of the contracts and invoices listed on Schedule I hereto.

CLAIM AMOUNT:                $101,107.00 (aggregate amount).

## AGREEMENT

1. **Assignment.** On the Effective Date (as defined below), SELLER hereby irrevocably sells, conveys, transfers and assigns unto BUYER all of SELLER's right, title and interest in and to, or arising under or in connection with (i) the above referenced claims (as the term "claim" is defined in Section 101(5) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., the "Bankruptcy Code") of SELLER (such claims are hereinafter referred to as, the "Claim") (ii) each of the documents, agreements, bills, invoices, stipulations and/or orders of the Bankruptcy Court which evidence, create and/or give rise to or affect in any material way the Claim (such documents, agreements, bills and invoices, agreements, stipulations and/or orders of the Bankruptcy Court, the "Claim Documents"), (iii) all rights to receive any cash, interest, fees, expenses, damages, penalties and/or other amounts in respect of or in connection with the Claim, including without limitation, any securities and/or other distributions made by the Debtor in respect of the Claim under or pursuant to any plan of reorganization or liquidation in the Bankruptcy Case or otherwise, (iv) any and all claims, causes of action and/or voting and other rights and benefits arising under or relating to the Claim (including the Excess Claim Amount, as defined below), and (v) any and all proceeds of any of the foregoing. All of the foregoing rights described in the preceding clauses (i) through and including (v) are hereinafter collectively referred to as the "Transferred Claim Rights".

2. **Payment of Purchase Price.** The consideration paid by BUYER to SELLER for the Transferred Claim Rights, the receipt and sufficiency of which are hereby acknowledged by SELLER, is the purchase price (the "Purchase Price") set forth in a certain Trade Confirmation with a Trade Date of September 1, 2006 (the "Confirmation Letter") between SELLER and BUYER. SELLER and BUYER acknowledge and agree that the Purchase Price shall be paid as follows: (i) BUYER shall pay to SELLER, by wire transfer of immediately available funds to SELLER's account set forth on Schedule II hereto, an amount equal to the product of (a) a rate of cents per dollar set forth in the Confirmation Letter (the "Purchase Rate"), times (b) $101,107.00. The date on which BUYER pays the Purchase Price to SELLER is hereinafter referred to as the "Effective Date".

3. **Seller Representations.** SELLER hereby represents and warrants to BUYER, as of the Effective Date, that: (i) SELLER is a California corporation and it is duly authorized and empowered to execute and perform this Agreement and the Evidence of Transfer (as defined below); (ii) this Agreement and the Evidence of Transfer constitute a valid, legal and binding agreement of SELLER, enforceable against SELLER in accordance with their respective terms; (iii) SELLER is the sole owner of and has good legal and beneficial title to the Transferred Claim Rights, free and clear of all liens, claims, security interests or encumbrances of any kind or nature

2

whatsoever ("Liens") and upon the consummation of the transactions contemplated hereby, BUYER will own and have good legal and beneficial title to the Claim, free and clear of all Liens; (iv) SELLER has not previously sold or assigned the Claim, in whole or in part, to any party; (v) neither the execution, delivery or performance of this Agreement or Evidence of Transfer nor consummation of the transactions contemplated hereby or thereby will violate or contravene any law, rule, regulation, order, agreement, or instrument affecting the SELLER or the Claim; (vi) except for any notice requirement under Rule 3001 of the Federal Rules of Bankruptcy Procedure, no consent of, registration with, or approval of, or any other action by, any relevant person or entity (including any state or federal regulatory agency or commission) is or will be required for SELLER to execute, deliver, and perform its obligations under, this Agreement, or for the assignment contemplated herein to become effective; (vii) the basis for the Claim is amounts due and owing under various financial contracts between SELLER and the Debtor; (viii) the Claim is an undisputed, non-contingent, liquidated general unsecured Class C-7 claim against the Debtor in the aggregate amount of not less than $101,107.00, (ix) no objections have been made to the Claim or any other part of the Transferred Claim Rights; (x) neither the Claim or any other part of the Transferred Claim Rights is subject to any counterclaim, defense or claim (including any preference or fraudulent conveyance claim) or right of set-off, reduction, recoupment, disgorgement, impairment, avoidance, disallowance or subordination by Debtor or any other entity (including without limitation by any state or federal governmental agency or commission), nor are any distributions to be made in respect of the Claim subject to any of the foregoing (the occurrence of any of the foregoing, an "Impairment"); (xi) no payment has been received (by setoff or otherwise) by or on behalf of SELLER in full or partial satisfaction of the Claim and SELLER has no other claims against Debtor; (xii) SELLER is not an insider within the meaning of Section 101(31) of the Bankruptcy Code, and is not a member of any creditors' committee appointed in the Bankruptcy Case; (xiii) SELLER is entitled to receive, and following the Effective Date BUYER shall be entitled to receive, all interest on the Claim, whenever accrued, (xiv) SELLER has agreed to the Purchase Price based on its own independent investigation and credit determination and has consulted with such advisors as it believes appropriate and has not relied on any representations made by BUYER; (xv) SELLER is aware that information which may be pertinent to SELLER's decision to transfer the Transferred Claim Rights is available to SELLER and can be obtained from the Bankruptcy Court's files or other publicly available sources; (xvi) SELLER is aware that the consideration received herein for the sale of the Transferred Claim Rights may differ both in kind and amount from any distributions made pursuant to any plan of reorganization or liquidation confirmed by the Bankruptcy Court, or a court supervised liquidation, in the Bankruptcy Case; (xvii) SELLER has delivered to BUYER true, correct and complete copies of all documents, agreements, stipulations, Bankruptcy Court orders and/or Claim Documents relating to the Transferred Claim Rights which documents are listed on Schedule I hereto, and other than such documents, there are no other agreements, documents or court papers which create, evidence or affect in any way the Transferred Claim Rights, (xviii) SELLER has not breached any of its representations, warranties, obligations, agreements or covenants under the Claim Documents, (xix) other than the proceedings in the bankruptcy of the Debtor, no litigation, arbitration or adversarial proceeding is pending or threatened against SELLER which may have a material adverse effect on the Claim or the enforceability of this Agreement or the transactions contemplated hereby, (xx) SELLER has taken no action or engaged in any act, conduct or omission, or had any relationship with the Debtor, that could result in distributions being paid in respect of the Claim

in a time or manner, or pro rata amount, different from other unsecured claims of the Debtor generally, and (xxi) the Bar Date has been set by the Bankruptcy Court in the Bankruptcy Case, and a proof of claim has been timely filed with respect to the Claim.

4. Claim Adjustment. If (a) all or any part of the Claim Amount is avoided, disallowed, subordinated, reduced, objected to or otherwise impaired, in whole or in part, in the Bankruptcy Case for any reason whatsoever, or (b) all or a portion of the Claim Amount is listed on the Debtor's schedule of liabilities as unliquidated, contingent or disputed or in a lesser amount than the Claim Amount, or (c) if for any other reason BUYER shall not receive payment on account of the Claims pari passu with other general unsecured claimants (whether as a result of inadmissibility, rejection, disgorgement, disallowances, subordination, counterclaim, set-off or otherwise) in the Bankruptcy Case (each a "Disallowance"), than SELLER agrees to immediately reimburse BUYER, on demand of BUYER, an amount equal to (i) the portion of the Claim Amount subject to any Disallowance (ii) multiplied by the Purchase Rate, plus interest thereon at the Interest Rate (as defined below) from the Effective Date to the date of such repayment by SELLER to BUYER; provided, however, that such demand by BUYER shall not be deemed an election of remedies or any limitation on any other rights that BUYER may have hereunder or under applicable law. If an order is entered in the Bankruptcy Court disapproving the transfer of the Claims or any portion thereof, or if the Bankruptcy Court does not substitute BUYER for SELLER as the owner of the Claim, SELLER agrees to immediately repay, upon demand of BUYER, the consideration paid by BUYER hereunder, plus interest thereon at the Interest Rate from the Effective Date to the date of such repayment by SELLER to BUYER. Additionally, should the Claim be allowed at the higher proof of claim amount, BUYER has the right, but not the obligation to purchase the incremental claim amount at the Purchase Price.

5. Seller's Acknowledgements. SELLER hereby acknowledges that (i) BUYER currently may have, and later may come into possession of, information with respect to the Transferred Claim Rights, the Debtor or any of its affiliates, the Bankruptcy Case and/or any state or federal regulatory review concerning the Debtor that is not known to SELLER and that may be material to a decision to sell the Transferred Claim Rights ("Seller Excluded Information"), (ii) SELLER has determined to sell the Transferred Claim Rights notwithstanding its lack of knowledge of the Seller Excluded Information and (iii) BUYER shall have no liability to SELLER, and SELLER waives and releases any claims that it might have against BUYER or any indemnitee of BUYER whether under applicable securities laws or otherwise, with respect to the nondisclosure of the Seller Excluded Information in connection with the transactions contemplated hereby.

6. Payments After Effective Date. From and after the Effective Date, SELLER shall remit to BUYER any payments and/or other distributions in respect of the Transferred Claim Rights, and shall deliver to BUYER any notices or other documents delivered to SELLER (and not publicly available), SELLER shall accept the same on behalf of BUYER, and will hold the same on behalf of and in trust for BUYER and will deliver same forthwith to BUYER in the same form received, with the endorsement of SELLER where necessary or appropriate. If SELLER fails to remit to BUYER any such payments within ten (10) business days of its receipt thereof, SELLER shall pay interest on such unpaid amounts from the date of its receipt to the date of payment to BUYER at six month LIBOR as set forth on the Reuters Screen LIBO Page

for six month London Interbank Offered Rates for Dollar deposits on the Effective Date, plus 1%, ("Interest Rate").

7.  Seller Covenants. SELLER hereby covenants and agrees that, from and after the Effective Date: (i) SELLER shall not take or engage in any act or conduct, or make any omission, that will result in the Impairment of the Transferred Claim Rights or any distributions and/or payments made in respect thereof; (ii) SELLER shall execute and deliver, or to cause to be executed and delivered, all such instruments and documents (including any invoices, bills or other supporting documents evidencing the Claim), and to take all such action as BUYER may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of this Agreement, and to cause BUYER to become the legal and beneficial owner of the Claim. Contemporaneously with the occurrence of the Effective Date and the delivery of BUYER of its signature to this Agreement, SELLER shall execute and deliver to BUYER a Notice and Evidence of Transfer of Claim substantially in the form annexed hereto as Exhibit A (the "Evidence of Transfer")

8.  Filing of and Defense of Claim. SELLER has filed a proof of claim in the amount of $109,872.00 in respect of the Claim in the Bankruptcy Case against Delphi Technologies, Inc. SELLER agrees that, as a condition to closing, SELLER shall amend the proof of claim to reflect the amounts invoiced to the actual Debtor, Delphi Automotive Systems, LLC. SELLER hereby irrevocably appoints BUYER as its true and lawful attorney and authorizes BUYER to act in SELLER'S name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account of the Claim herein assigned. SELLER grants unto BUYER full authority to do all things necessary to enforce the Claim and SELLER's rights thereunder pursuant to this Agreement. SELLER agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of BUYER. BUYER shall have no obligation to take any action to prove, defend or demand or take any action with respect to the Claim or otherwise in the Case. SELLER agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be necessary or appropriate to effect assignment of the Claim and all interest therein to BUYER (including execution of the Evidence of Transfer of Claim attached to this Agreement), to cooperate with and assist BUYER in enforcing the Claim and to otherwise effectuate the intent of this Agreement. SELLER agrees that BUYER may sell, transfer or assign the Claim together with all right, title and interest of BUYER in and to this Agreement and may transfer or assign its rights and obligations hereunder without the consent of SELLER.

9.  Seller Indemnity. SELLER hereby agrees to indemnify, defend and hold BUYER and its respective officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from (i) SELLER's breach of any of its representations, warranties, covenants or agreements set forth in this Agreement; and (ii) any obligation of BUYER or SELLER to disgorge, in whole or in part, or otherwise reimburse (by setoff or otherwise) the Debtor or any other entity for any payments, property, setoffs or recoupments received, applied or effected by or for the account of SELLER under or in connection with the Transferred Claim Rights.

10. <u>No Assumption of Obligations</u>. SELLER and BUYER acknowledge and agree that BUYER is not assuming hereunder or otherwise, and BUYER shall not be responsible for, any liabilities or obligations of SELLER to the Debtor or to any other person.

11. <u>Notice</u>. All payments and deliveries of cash, securities or other amounts to be paid, made and/or delivered under or pursuant to this Agreement, shall be paid, made and/or delivered, as the case may be, in accordance with the parties instructions set forth on Schedule I hereto. All communications between SELLER and BUYER, or notices or other information sent under this Agreement shall be in writing, hand-delivered or sent by overnight courier or telecopier, and addressed to the relevant party at its address or facsimile number specified above, or at such other address or facsimile number as such party may request in writing. All such communications and notices shall be effective upon receipt.

12. <u>Further Assurances</u>. Subject to Section 9 hereof, each of the Parties hereto agrees, at the cost and expense of the requesting Party, to execute and deliver, or to cause to be executed and delivered, all such instruments (including all necessary endorsements) and to take all such action as the other Party may reasonably request (including delivery of such documents as may be necessary to support the Claim) in order to (i) effectuate the intent and purposes of, and to carry out the terms of this Agreement, and (ii) further effect the transfer of legal, beneficial and record ownership of the Claim to BUYER.

13. <u>Miscellaneous</u>. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim. This Agreement shall inure to the benefit of, be binding upon shall be enforceable by the parties hereto and their respective successors and assigns; <u>provided that</u>, the obligations of SELLER contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied by SELLER. BUYER shall have the right to sell, assign, convey and/or participate all or any portion of the Transferred Claim Rights without the consent of or notice to SELLER. This Agreement and the Evidence of Transfer may be executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but all of which together shall constitute one agreement binding all of the parties hereto. This Agreement and the Evidence of Transfer constitute the complete agreement of the Parties hereto with respect to the subject matter referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of any nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified or supplemented except by an instrument in writing executed by the Parties hereto. If any provision of this Agreement or any other agreement or document delivered in connection with this Agreement is partially or completely invalid or unenforceable in any jurisdiction, then that provision shall be ineffective in that jurisdiction only to the extent of its invalidity or unenforceability, but the invalidity or unenforceability of that provision shall not affect the validity or enforceability of any other provision of this Agreement, all of which shall be construed and enforced as if that invalid or unenforceable provision were omitted, nor shall the invalidity or unenforceability of that provision in one jurisdiction affect its validity or enforceability in any other jurisdiction.

**THIS AGREEMENT AND THE EVIDENCE OF TRANSFER SHALL BE**

**CONSTRUED AND THE OBLIGATIONS OF THE PARTIES SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REGARD TO ANY CONFLICT OF LAWS PROVISIONS THEREOF). THE PARTIES CONSENT TO THE JURISDICTION OF THE FEDERAL AND STATE COURTS IN NEW YORK COUNTY IN THE STATE OF NEW YORK AND THE STATE WHERE THE BANKRUPTCY CASE IS PENDING IN ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.**

SELLER HEREBY WAIVES ANY NOTICE REQUIREMENT IMPOSED BY RULE 3001(e) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND CONSENTS TO THE SUBSTITUTION OF BUYER FOR SELLER FOR ANY PURPOSE IN THE CASE RELATING TO THE CLAIM, INCLUDING, WITHOUT LIMITATION, FOR VOTING AND DISTRIBUTION PURPOSES WITH RESPECT TO THE CLAIM.

(signatures on next page)

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of the date first written above.

3D SYSTEMS, INC.

By: *[signature]*
Name: Fred R. Jones
Title: VP & CFO

BANK OF AMERICA, N.A.

By: *[signature]*
Name: **TOBY GILBERT**
Title: **VICE PRESIDENT**

## SCHEDULE I

## LIST OF CONTRACTS, INVOICES AND CLAIM DOCUMENTS

Previously provided

# DELPHI ACCOUNTS IN CHAPTER 11

| CUSTOMER # | INVOICE # | DATE | AMOUNT | |
|---|---|---|---|---|
| 312 | | | | |
| | 140956 | 9/29/2005 | $ 41,250.00 | |
| | 141055 | 9/30/2005 | $ 12,257.00 | $ 53,507.00 |
| 2532 | 139511 | 8/23/2005 | $ 47,600.00 | |
| | | | | $ 47,600.00 |
| 3897 | 128567 | 11/2/2004 | $ 845.00 | |
| | | | | $ 845.00 |
| 4454 | 140756 | 9/26/2005 | $ 7,920.00 | |
| | | | | $ 7,920.00 |
| | | | | $ 109,872.00 ✓ |

# 3D SYSTEMS
Dept LA 22322
Pasadena, CA 91185-2322
Phone: (661) 295-5600
Fax: (661) 295-5124

## INVOICE

| | |
|---|---|
| INVOICE NO: | 140956 |
| SHIPPER NO: | |
| CUSTOMER NO: | 312 |
| INVOICE DATE: | 09-29-05 |
| PAGE: | -1- |

**Bill To:**
312
DELPHI PACKARD ELEC. SYS.
ACCOUNTS PAYABLE
P.O. BOX 431
DEPT. 0950 STA. 13-C
WARREN, OH 44486

**Ship To:**
4454
DELPHI PACKARD-OHIO OPN
DELPHI AUTOMOTIVE SYSTEMS
REC. DOCK PLANT 13
1265 NORTH RIVER ROAD
WARREN, OH 44483

| CUST ORDER NO | SALESMAN | FOB | SHIP VIA | TERMS | SHIP DATE |
|---|---|---|---|---|---|
| P1S50752 | JEFF WOOLUM | | | 0.00%/0/30 | |

| ITEM NUMBER | NUMBER SHIPPED | BACK ORDERED | PART NUMBER | DESCRIPTION | UNIT PRICE | DISC % | NET PRICE | TAX | EXTENSION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 0 | MAINTENANCE | SVCP-5000E MAINTENANCE ANNUAL BILLING S/N 98CA0065<br><br>Contract Period: 07-01-05 - 06-30-06<br>Billing Period: 07-01-05 - 06-30-06<br>Contract Number: 98CA0065/06 | 41250.0000 | | 41250.0000 | R | 41,250.00 |

| INVOICE SUB | INVOICE DISC | SALES/VAT TAX | FREIGHT | PLEASE PAY THIS AMOUNT |
|---|---|---|---|---|
| 41250.00 | 0.00 | 0.00 | 0.00 | 41250.00 |

# INVOICE

**3D SYSTEMS**
Dept LA 22322
Pasadena, CA 91185-2322
Phone: (661) 295-5600
Fax: (661) 295-5124

312
DELPHI PACKARD ELEC. SYS.
ACCOUNTS PAYABLE
P.O. BOX 431
DEPT. 0950 STA. 13-C
WARREN, OH 44486

DELPHI PACKARD ELEC. SYS.
RECEIVING DOCK PLANT 13
1285 N. RIVER ROAD
GREG BANYON
WARREN, OH 44483

313
DELPHI PACKARD ELEC. SYS.
PLANT 13
855 N. RIVER ROAD N.E.
DEPT. 0187 MS 93P
WARREN, OH 44483

INVOICE NO: 141055
SHIPPER NO: 52933
CUSTOMER NO: 312
INVOICE DATE: 09-30-05
PAGE: -1-

| RMA NO | CUST PO NO | SALESMAN | FOB | SHIP VIA | TERMS | SHIP DATE |
|---|---|---|---|---|---|---|
| 64355 | P1S49993 | | GJ, COLO | SEE NOTES | 0.00%/0/60 | 09-30-05 |

| ITEM NUMBER | SHIPPED | BACK ORDERED | PART NUMBER | DESCRIPTION | UNIT PRICE | DISC % | NET PRICE | TAX | EXTENSION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 0 | 11800K002-00 | LASER HD, OMNI, 3074-40 Serial Number: K1585 SHIP UPS RED, PREPAY AND ADD SHIPPING CHARGES TO INVOICE. NON SCRAP PART, REPLACED PART MUST BE RETURNED TO 3DSYSTEMS TO PREVENT BEING BILLED FOR A CORE CHARGE. **PLEASE INCLUDE COPY OF PACKING LIST WITH RETURN RMA** ORIGINAL ORDER ON RMA 63228 BILLED TO WRONG CUSTOMER NUMBER. CREDITED ON RMA 64354 REBILLED ON RMA 64355 | 11970.0000 | 0.0000 | 11970.0000 | R | 11970.00 |

| INVOICE DISC % | INVOICE DISC $ | SALES/VAT TAX | FREIGHT | PLEASE PAY THIS AMOUNT |
|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | | |

SHIPPER 51702
11970.00

# INVOICE

**3D SYSTEMS**
Dept LA 22322
Pasadena, CA 91185-2322
Phone: (661) 295-5600
Fax: (661) 295-5124

**2532**
DELPHI AUTOMOTIVE SYSTEMS
HARRISON THERMAL SYSTEMS
200 UPPER MOUNTAIN ROAD
BLDG. 6, MODEL SHOP
LOCKPORT, NY 14094

INVOICE NO: 139511
SHIPPER NO:
CUSTOMER NO: 2532
INVOICE DATE: 08-23-05
PAGE: - 1 -

**2532**
DELPHI AUTOMOTIVE SYSTEMS
HARRISON THERMAL SYSTEMS
200 UPPER MOUNTAIN ROAD
BLDG. 6, MODEL SHOP
LOCKPORT, NY 14094

| SALES ORDER | SALESMAN | TERMS |
|---|---|---|
| LPS98262 | JOHN BACOVIN | 0.00%/0/30 |

| ITEM | NUMBER ORDERED | NUMBER SHIPPED | PART NUMBER | DESCRIPTION | UNIT PRICE | DISC % | NET PRICE | TAX | EXTENSION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 0 | MAINTENANCE | SVCP-500P MAINTENANCE ANNUAL BILLING S/N 98CA0066 | 30600.0000 | | 30600.0000 | R | 30600.00 |
| 2 | 1 | 0 | MAINTENANCE | SVCP-500S MAINTENANCE ANNUAL BILLING S/N 98CA0067 | 17000.0000 | | 17000.0000 | R | 17000.00 |

Contract Period: 08-11-05 - 08-10-06
Billing Period: 08-11-05 - 08-10-06
Contract Number: DELPHI\06

| INVOICE DISC | SALES TAX | FREIGHT | PLEASE PAY THIS AMOUNT |
|---|---|---|---|
| 0.00 | 0.00 | | 47600.00 |

# INVOICE

**3D SYSTEMS**
Dept LA 22322
Pasadena, CA 91185-2322
Phone: (661) 295-5600
Fax: (661) 295-5124

INVOICE NO: 140756
SHIPPER NO: 42447
CUSTOMER NO: 4454
INVOICE DATE: 09-26-05
PAGE: - 1 -

**Sold To:**
4454
DELPHI PACKARD-OHIO OPN
DELPHI AUTOMOTIVE SYSTEMS
REC. DOCK PLANT 13
1285 NORTH RIVER ROAD
WARREN, OH 44483

**Ship To:**
4454
DELPHI PACKARD-OHIO OPN
DELPHI AUTOMOTIVE SYSTEMS
REC. DOCK PLANT 13
1285 NORTH RIVER ROAD
WARREN, OH 44483
ATTN: G. BANYON

| PURCHASE NO | OUR PO NO | | SALESMAN | FOB | SHIP VIA | TERMS | SHIP DATE |
|---|---|---|---|---|---|---|---|
| 58700 | 91R71862 | | JEFF WOOLUM | EX WORKS | CENTRALTRAN | NET 30 DAYS | 09-26-05 |

| ITEM NUMBER | SHIPPED | BACK ORDERED | PART NUMBER | DESCRIPTION | UNIT PRICE | DISC % | NET PRICE | TAX | EXTENSION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 6 | 0 | 9201-10513 | POWDER, DURAFORM POLYAMIDE<br>Lot-Number    Quantity<br>---------    --------<br>F6604/M2      6.00<br><br>"THESE GOODS ARE FOR USE IN THE UNITED STATES. EXPORT CONTRARY TO U.S. LAW IS PROHIBITED. IN ORDER TO COMPLY WITH U.S. EXPORT CONTROL LAWS, PRIOR APPROVAL FROM 3D SYSTEMS IS TO BE OBTAINED BEFORE ATTEMPTING TO EXPORT."<br><br>***** THANK YOU *****<br>SHIP VIA: CENTRAL TRANSPORT (800)221-9602<br>PREPAY AND ADD TO INVOICE<br>*******************************<br>INCLUDE MSDS SHEET<br>******************************* | 1320.0000 | 0.0000 | 1320.0000 | R | 7920.00 |

| INVOICE SUBTOTAL | INVOICE DISC % | INVOICE DISC $ | SALES/VAT TAX | FREIGHT | PLEASE PAY THIS AMOUNT |
|---|---|---|---|---|---|
| 7920.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7920.00 |

## EXHIBIT A

## FORM OF EVIDENCE OF TRANSFER OF CLAIM

EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

**Assignor: 3D Systems, Inc.**

**Assignee: Bank of America, N.A.**

      For value received, the adequacy and sufficiency of which are hereby acknowledged, Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of $101,107.00 against, Delphi Automotive Systems, LLC ("Debtor") in the bankruptcy Case no. 05-44481, in the Southern District of New York Court (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

      Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 14th day of September 2006.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| 3D Systems, Inc. | Bank of America, N.A. |
| By: *[signature]* | By: *[signature]* |
| Name: Fred R. Jones | Name: **TOBY GILBERT** |
| Title: VP & CFO | Title: **VICE PRESIDENT** |