**LATHAM & WATKINS LLP**  
885 Third Avenue  
New York, New York 10022-4802  
Telephone: (212) 906-1200  
Robert J. Rosenberg (RR-9585)  
Mitchell A. Seider (MS-4321)  
Mark A. Broude (MB-1902)  
Email: robert.rosenberg@lw.com  
       mitchell.seider@lw.com  
       mark.broude@lw.com  

**Hearing Date:**  
October 19, 2006 at 10:00 a.m.

Counsel for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Delphi Corporation, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**  
**OBJECTION TO DELPHI CORPORATION'S MOTION FOR**  
**ORDER DEEMING CERTAIN PROOFS OF CLAIM TIMELY FILED**

       The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation ("Delphi") and certain of its affiliates (collectively, the "Debtors"), by and through its undersigned counsel hereby objects (the "Objection") to the Debtors' Motion (the "Motion") For Order Under Fed. R. Bankr. Proc. 3003(c)(3) and 9006(b)(1) Deeming Certain Proofs of Claim Timely Filed. In support of this Objection, the Committee respectfully states as follows:

### BACKGROUND

       1.    The Debtors retained Kurtzman Carson Consultants LLC ("KCC") as the Claims Agent in these cases, and, according to the Motion, KCC in turn engaged The DRS Group ("DRS") to physically retrieve all proofs of claim from the appropriate post office box

(the "Post Office Box"). The Motion argues that because of the mistakes of DRS (and by extension, KCC), the Debtors can not now determine the date and time that 396 proofs of claim (the "Questionable Proofs of Claim") were received. The Debtors state that because they cannot differentiate which of the Questionable Proofs of Claim were received prior to the Bar Date, each should be deemed timely filed under the Bar Date Order out of fairness to all creditors. Motion at ¶¶ 20, 22.

**OBJECTION**

2. It does not appear that the relief requested in the Motion is appropriate, reasonable, or proper. The Committee is sympathetic to the issues raised in the Motion and understands the difficulty in properly identifying the date the relevant claims were received. The Committee recognizes that KCC and DRS have made it harder to ascertain whether any of these Questionable Proofs of Claim were actually timely filed. But the Committee does not agree that those circumstances justify the "deemed timeliness" of 396 Questionable Proofs of Claim that assert claims in excess of $21 million.[1]

3. Although the Debtors assert that they undertook an "extensive investigation"[2] into these issues, their conclusion based on such investigation (which is no more than that *some* of the Questionable Proofs of Claim *may* have been timely filed) does not support the relief requested in the Motion. The failure of the Debtors' Claims Agent to properly document receipt of the Questionable Proofs of Claim complicates the Debtors' analysis of timeliness, but it does not change the burden of proof or the likelihood of the claims being timely. The claimants that have filed the Questionable Proofs of Claim still have the burden of

---

[1] Because many of those claims are unliquidated, the aggregate amount represented by those claims could be and likely is substantially higher than $21 million.

[2] The Committee also undertook an independent (albeit brief) investigation.

showing that their claims were timely filed, and the Debtors still have the ability to address each claim individually and reasonably.

4.      Notably, based on the facts the Debtors allege in the Motion, and based on a conversation that counsel to the Committee had with a supervisor at the Bowling Green post office (who was identified by DRS), it seems quite likely that <u>none</u> of the Claims in question were timely filed. According to the relevant post office supervisor, the Bowling Green post office places mail into the P.O. Box as such mail is received, and is "almost always" done by 11 am or noon. According to the Post Office, only mail that is mistakenly placed in an incorrect PO box or that is incorrectly routed to a different station (or was otherwise late arriving at Bowling Green) would be put in the P.O. Box after noon. As a result, it is likely that no mail was placed by the post office into the Post Office Box after 2:30 pm but before 5 pm (thereby making the claims therein "timely"). If that is the case, every single claim that is date stamped as received on August 9, 2006 (in other words, every single Questionable Proof of Claim) is a late-filed claim. Given the basis for the Motion, it is incumbent upon the Debtors to provide the appropriate proof, if such exists, to support the relief requested.

5.      The fact that their Claims Agent has made it more difficult to determine which of the Questionable Proofs of Claim were timely filed does not appear to be adequate justification for the Debtors' decision to deem each and every Questionable Proof of Claim as timely filed. In that sense, the Debtors' reliance on the Supreme Court's <u>Pioneer</u> test[3] appears misplaced -- the <u>Pioneer</u> decision addresses the parameters of excusable neglect for missing a

---

[3]     In Pioneer, the Supreme Court stated that the following factors would be employed in determining whether the late filing of a proof of claim would be allowed due to the existence of excusable neglect: (a) the prejudice to the debtor; (b) the length of delay and its potential impact on judicial proceedings; (c) the reason for the delay and specifically whether the delay was within the reasonable control of the creditor; and (d) the good faith of the creditor. <u>Pioneer Investment Services, Co., Brunswick Associates L.P.</u>, 507 U.S. 380, 385 (1993).

3

deadline, it does not support the request for "deemed timeliness" of claims that are potentially (likely) late-filed.  The Debtors' reliance on Pioneer, though, does highlight the lack of legal justification for this Motion.  The Motion does not seek relief that is in the best interests of the Debtors' estates, and is not based on any legally relevant theory.

6. Furthermore, the Debtors' explanation that "equity" demands that all of these claims be deemed timely filed, although attractive on its face, is also misplaced.  It is no more inequitable to disallow these Claims as late-filed, and thereby risk disallowing a potentially timely claim, than it would be to deem these claims as timely, and thereby risk diluting returns to other creditors.  Moreover, it no more inequitable to disallow a claim as untimely if it was received on August 9 than it would be if the claim were received on August 10.  Considering the likelihood that none of these claims was actually received in the Post Office Box between 2:30 pm and 5 pm on July 31, 2006, it would actually seem to be more inequitable to allow them as timely than to disallow them as untimely.

7. Finally, it is worth noting that the Motion, and all of the damages attendant thereto, were caused by the mistakes of KCC and its agent DRS.  Any order on the Motion should explicitly recognize the preservation of any and all claims as a result thereof.  The Committee will continue to investigate these claims.  If the Committee determines that these claims have merit but the Debtors refuse to prosecute those claims, the Committee reserves the right to request this Court's authority to prosecute the claims on the Debtors' behalf.

**WHEREFORE**, the Committee respectfully requests that this Court deny the Motion in its entirety and grant the Committee such other relief as is just and proper.

Dated: October 16, 2006
      New York, New York

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
    Robert J. Rosenberg (RR-9585)
    Mitchell A. Seider (MS-4321)
    Mark A. Broude (MB-1902)
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone: (212) 906-1200

Counsel for the Official Committee
of Unsecured Creditors

NY\1196170.6