United States Bankruptcy Court
Southern District of New York
----------------------------------------------------------------X
In re:
Delphi Corporation

: Chapter 11
: Case No. 05-44481 (Jointly Administered Under
Case No. 05-44481)
:
: Amount $820.00, Claim # 8444

                      Debtor
----------------------------------------------------------------X

## NOTICE: TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e) (2)

To: (Transferor)

    Specialty Heat Treating Co Inc.
    Daniel White
    3700 Eastern Ave SE
    Grand Rapids, MI 49508

The transfer of your claim as shown above, in the amount of $820.00, has been transferred (unless previously expunged by court order) to:

    Fair Harbor Capital, LLC
    875 Avenue of the Americas, Suite 2305
    New York, NY 10001

No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:

**FILE A WRITTEN OBJECTION TO THE TRANSFER WITH:**
    Special Deputy Clerk
    United States Bankruptcy Court
    Southern District of New York
    Alexander Hamilton Custom House
    One Bowling Green
    New York, New York 10004-1408

    **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to INTERNAL CONTROL No. _____ in your objection.

If you file an objection a hearing will be scheduled. IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

                                                                          Intake Clerk
------------------------------------------------------------------------------------------------
FOR CLERKS OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 200__.

INTERNAL CONTROL No. _____

Claims Agent Noticed; (Name of Outside Agent)
Copy to Transferee: _____

                                                                          Deputy Clerk

$5591.27

## ASSIGNMENT OF CLAIM

Specialty Heat Treating Co Inc, having a mailing address at 3780 Eastern Ave SE,, Grand Rapids, MI, 49508 ("Assignor"), in consideration of the sum of _____ (the "Purchase Price"), does hereby transfer to FAIR HARBOR CAPITAL, LLC, as agent ("Assignee"), having an address at 875 Avenue of the Americas, Suite 2305, New York, NY 10001, all of Assignor's right, title and interest in and to the claim or claims of Assignor, as more specifically set forth (the "Claim") against DELPHI AUTOMOTIVE SYSTEMS LLC ("Debtor"), Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court, Southern District of New York (the "Court"), Case No. 05-44640, et al. (jointly Administered Under Case No. 05-44481), in the currently outstanding amount of not less than $4,070.42 and all rights and benefits of Assignor relating to the Claim, including without limitation the Proof of Claim, if any, identified below and Assignor's rights to receive all interest, penalties, cure payments that it may be entitled to receive on account of the assumption of any executory contract or lease related to the Claim and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that (Please Check One):

☐ A Proof of Claim has not been filed in the proceedings. Assignee shall not be responsible for filing any Proof of Claim on your behalf.

☒ A Proof of Claim in the amount of $5591.27 has been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

$5591.27

Assignor further represents and warrants that the amount of the Claim is not less than $4,070.42 that the Claim in that amount is valid and that no objection to the Claim exists and is listed by the Debtor on its schedule of liabilities and any amendments thereto ("Schedule") as such; the Claim is a valid, enforceable claim against the Debtor; no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Assignor, this Agreement has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute, deliver and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; no payment or other distribution has been received by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the claim; Assignor has not engaged in any acts, conduct or omissions that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors; the Claim is not subject to any factoring agreement. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demand that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value.

Assignor hereby agrees that in the event that Assignor has assigned or sold or does assign or sell the Claim to any other party or has or does receive any other payment in full or partial satisfaction of, or in connection with the Claim, or any third party has assigned or sold or does assign or sell the Claim to any other party or has received or shall receive on behalf of Assignor, payment in full or partial satisfaction of, or in connection with the Claim, and Assignee does not receive the allocated distribution with respect to the Claim from the Debtor's estate on account of such other assignment or sale, then the Assignor shall immediately reimburse to Assignee all amounts paid by Assignee to Assignor, plus an amount equal to an additional thirty-five percent (35%) of the Claim amount as liquidated damages suffered by Assignee on account of such other assignment or sale to the other party. Assignor further agrees to pay all costs and attorney fees incurred by Assignee to collect such amounts.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, subordinated, objected to or otherwise impaired for any reason whatsoever in whole or in part, or if the Claim is not listed on the Schedule, or listed on the Schedule as unliquidated, contingent or disputed, or listed on the Schedule in a lesser amount than the Claim Amount together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this Assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all costs, and expenses, including reasonable legal fees and costs, incurred by assignee as a result of such disallowance. In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, and, at Assignee's option only, Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

Page 1 of 2

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the claim and its rights there under pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to affect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor acknowledges that, in the event that the Debtor's bankruptcy case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code and Assignee has paid for the Claim, Assignor shall immediately remit to Assignee all monies paid by Assignee in regard to the Claim and ownership of the Claim shall revert back to Assignor.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly (but not later than 5 business days) deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

If Assignor fails to negotiate the distribution check issued to Assignor on or before ninety (90) days after issuance of such check, then Assignee shall void the distribution check, the amount of cash attributable to such check shall be deposited in Assignee's bank account, and Assignor shall be automatically deemed to have waived its Claim. Unless Assignee is informed otherwise, the address indicated on this Assignment of Claim shall be the proper address for distribution purposes unless a Proof of Claim has been filed, in which case the address on the Proof of Claim shall be utilized for such.

The terms of this Assignment of Claim shall be binding upon, and shall inure to the benefit of and be enforceable by Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment of Claim. All representation and warranties made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand a trial by jury.

CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment of Claim, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Assignee performs its due diligence on the Claim. Assignee, at its sole option, may withdraw the transfer or subsequently transfer the Claim back to Assignor pursuant to Rule 3001 (e) of the FRBP if, in Assignee's sole and absolute discretion, Assignee determines that due diligence is not satisfactory. In the event Assignee transfers the Claim back to Assignor or withdraws the transfer, at such time both Assignor and Assignee release each other of all and any obligation or liability regarding this Assignment of Claim. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereunto sets its hand this 15th day of September, 2006.

Specialty Heat Treating Co Inc

_____
(Signature)

Daniel V. White
Controller
Print Name/Title                    Telephone

By: _____
Fredric Glass - Fair Harbor Capital, LLC

Delphi - DELPHI AUTOMOTIVE SYSTEMS LLC

Page 2 of 2

# UNITED STATES BANKRUPTCY COURT, Southern DISTRICT OF New York

## PROOF OF CLAIM

**Name of Debtor:** Delphi Corporation
**Case Number:** 05-44481

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property): Specialty Heat Treating Co Inc

**Name and address where notices should be sent:**
Specialty Heat Treating Co Inc
3700 Eastern Ave Se
Grand Rapids MI 49508-241

**Telephone number:** 616 245 0465

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Account or other number by which creditor identifies debtor:** 22700

Check here ☐ replaces / ☐ amends if this claim a previously filed claim, dated: _____

### 1. Basis for Claim
- ☒ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____

### 2. Date debt was incurred: See Attached

### 3. If court judgment, date obtained:

### 4. Total Amount of Claim at Time Case Filed: $ 820.00 (unsecured) — (secured) — (priority) 820.00 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

### 5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

### 6. Unsecured Nonpriority Claim $ 820.00
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

### 7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05, Pub. L. 109-8.

### 8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

### 9. Supporting Documents:
Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

### 10. Date-Stamped Copy:
To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**Date:** 6/19/06
**Signature:** Daniel T. White, Controller

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544481060410191827166369