# EXHIBIT E

# DELPHI

Joseph E. Papelian
Assistant General Counsel
Telephone: 248-813-2535
Facsimile: 248-813-3251

**Copy by Facsimile 212-269-3559; Original by U. S. Mail**

March 30, 2006

Thomas F. Breen, Esq.
D'Amato & Lynch
70 Pine Street
New York, New York 10270-0110

Re:   **SEC Matters**
      **Your File # 649-000845**

Dear Mr. Breen:

I am responding to your letter of March 17, 2006 seeking the basis of the Delphi's decision to not advance fees and expenses to former employees John Blahnik, Paul Free and Alan Dawes.

As set forth in Mr. Sherbin's letter of February 21, 2006, the Company's position on advancing fees and expenses to former employees is controlled by the bankruptcy court. Specifically, the bankruptcy court in the Southern District of New York entered an order on October 8, 2005 setting forth the conditions under which Delphi is permitted to advance funds for the legal fees and expenses incurred by current and former employees and directors. For current employees and directors, the procedure is no different than it was before Delphi filed for bankruptcy. In other words, Delphi has the authority to advance funds for all legal fees and expenses incurred both pre- and post-bankruptcy petition, regardless of the underlying matter for which the fees were incurred.

But for former employees, the situation is quite different. Specifically, Delphi has the authority to advance expenses that such individuals may incur in defending only against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission and the Department of Justice. The Court's authorization to pay the legal fees and expenses for former employees and directors is further conditioned on three factors:

1. Approval of the Compensation Committee based on a case-by-case basis;
2. Only if advances are not available from other third parties; and
3. Subject to an aggregate cap of $5 million.

I enclose the relevant portion of Delphi's motion before the bankruptcy court filed on October 8, 2005. You may obtain a complete copy of the motion as follows:

1. Go to the following website: http://delphidocket.com
2. Go to Court Docket #12 – titled Motion For Order Under 11 U.S.C Section 105(a), 363, 507, 1107, and 1108…"
3. Go to Paragraph #39 on page 21.



APR 3 2006

**World Headquarters and Customer Center  5725 Delphi Drive  Troy, Michigan  48098-2815  USA**

Thomas F. Breen, Esq.                           - 2 -                           March 30, 2006

After careful deliberation, on February 13, 2006, the Compensation Committee of Delphi's Board of Directors decided that it could not in good faith approve the payment of the post-petition outstanding balance, nor pay for the future fees and expenses for certain former employees, including Messrs. Belans, Blahnik, Free and Dawes, all of whom resigned after the Audit Committee expressed concerns regarding the role such former employees played in the transactions that were the subject of our restatement or were found to have played a key role in structuring such transactions. I enclose a redacted copy of the Compensation Committee's minutes of February 8, 2006.

Please call if you have any questions.

Very truly yours,

Joseph E. Papelian

Encl.

c:      Elizabeth H. Baird, Esq., Counsel for Alan S. Dawes
        Kathleen Bole, National Union Fire Insurance Company of Pittsburgh, PA
        Christine Cirillo, Arch Insurance Company
        Martin E. Crandall, Esq., Counsel for Milan Belans
        Thomas W. Cranmer, Esq., Counsel for John G. Blahnik (criminal investigation) and Peter Janak
        Paul T. Curley, Esq., Kaufman Borgeest & Ryan LLP
        David F. DuMouchel, Esq., Counsel for Catherine Rozanski
        Thomas E. Geyer, Esq., Bailey Cavalieri LLC
        Diane Israelashvili, Zurich American Insurance Company
        Haralyn Issac, Great American Insurance
        Jeffrey Kaser, Endurance Specialty Insurance Ltd.
        Brendan Kelly, Chubb & Son
        Tim Krsul, The St. Paul Companies, Inc.
        Angus Lynn, Allied World Assurance Company Ltd.
        Kimberly M. Melvin, Esq., Wiley Rein & Fielding LLP
        Elizabeth Neumann, CNA Insurance Company
        James Palermini, The Hartford
        Richard A. Rossman, Esq., Counsel for Paul R. Free
        William A. Sankbeil, Esq., Counsel for John G. Blahnik (civil cases)
        David M. Sherbin, Esq., Delphi Corporation
        Michael Tone, Esq., Ross Dixon & Bell
        C. Hunter Wiggins, Esq., Counsel for Pamela Geller

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                               :
    In re                      :    Chapter 11
                               :
DELPHI CORPORATION, et al.,    :    Case No. 05-_____ (___)
                               :
                    Debtors.   :    (Jointly Administered)
                               :
------------------------------ x

MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 363, 507, 1107, AND 1108
(I) AUTHORIZING DEBTORS TO PAY PREPETITION WAGES AND SALARIES
TO EMPLOYEES AND INDEPENDENT CONTRACTORS, (II) AUTHORIZING DEBTORS
TO PAY PREPETITION BENEFITS AND CONTINUE MAINTENANCE
OF HUMAN CAPITAL BENEFIT PROGRAMS IN THE ORDINARY COURSE,
AND (III) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR
PAYMENT OF PREPETITION HUMAN CAPITAL OBLIGATIONS

1

("HUMAN CAPITAL OBLIGATIONS MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"),[1] debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for an order under 11 U.S.C. §§ 105(a), 363, 507(a)(3), 507(a)(4), 541, 1107, and 1108: (i) authorizing the Debtors to pay prepetition wages and salaries to employees and independent contractors, (ii) authorizing the Debtors to pay prepetition benefits and continue the maintenance of human capital benefit programs in the ordinary course, and (iii) directing banks to honor prepetition checks for payment of prepetition human capital obligations. In support of this Motion, the Debtors submit on the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005 (the "Miller Affidavit"). In further support of this Motion, the Debtors respectfully represent as follows:

Background

A.   The Chapter 11 Filings

1.   On October 8, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

2

(d) <u>Board Of Directors Fees</u>

30. The Debtors' Employees who serve as directors receive no additional compensation for their service on the Board of Directors. The Debtors pay Non-Employee members of the Board of Directors (the "Directors") a $55,000 cash retainer per year, except for the lead independent Director who receives a $100,000 cash retainer. Directors who chair a committee receive an additional $10,000-$15,000 per year. In addition, non-Employee Directors have the option to take their cash compensation in Delphi common stock units. The stock portion of each non-Employee Director's annual compensation is automatically deferred until he or she no longer serves on the Board of Directors, at which time Directors receive the cash value of their Delphi common stock units. As of the Petition Date, the eight non-Employee Directors are owed an aggregate of approximately $7,000 in cash (representing approximately eight days of the Directors' fourth quarter accrual) and a small amount of Delphi common stock on account of their work for the Debtors during the prepetition period. Finally, the Debtors owe one Director, who resigned from the Board in July 2005, the cash value of the Directors' accrued common stock units as valued at the end of the fourth quarter 2005.

B. Other Employee Compensation: Vacation, Sick And Personal Leave, Indemnification <u>Expense Reimbursement, Severance, And Other Compensation</u>

31. The Debtors offer their Employees other forms of compensation, including vacation pay, sick leave and personal time pay, reimbursement of certain expenses, and severance pay. These forms of compensation are usual, customary, and necessary if the Debtors are to retain qualified Employees to operate their businesses and to continue to honor commitments under their CBAs. Accordingly, the Debtors request authority but not direction to honor outstanding prepetition obligations with respect to such compensation in the ordinary

16

for military duty lasting for 30 days or less and salaried Employees may be paid for 15 days of military service less military pay.[15] In certain instances, Employees may also take unpaid personal leaves of absence for a variety of purposes. The Debtors believe that the estimated value of accrued but unpaid benefits as of the Petition Date for any Employees that are currently on leaves of absence is de minimis.[16] The Debtors request authority but not direction to continue their personal leave policies in the ordinary course and pay any outstanding prepetition amounts related thereto.

(c)    Indemnification

38.    Pursuant to the Delphi bylaws and the organizational documents of the Affiliate Debtors, the Debtors must advance expenses to Directors, Officers, Executives, and certain other salaried Employees and may generally advance expenses to those Employees[17] for the defense of suits against the individuals, provided that the individuals meet particular eligibility requirements. Such eligibility requirements include but are not limited to that (a) the claim against such Employee or Director relates to his or her employment with the Debtors and the actions at issue were undertaken in good faith and in a manner reasonably believed to be lawful and in the best interests of the Debtors and (b) the Employee or Director agrees to reimburse the Debtors should it be determined that he or she is not entitled to be indemnified under applicable law. Furthermore, pursuant to the bylaws, the Debtors reserve the right to withdraw indemnification pending further fact investigation. Pursuant to this Motion, the

---

[15]    Given the current need for military personnel, the Debtors have expanded these policies on a case-by-case basis to continue compensation for Employees serving in the Armed Forces beyond 30 days.

[16]    This excludes liabilities on account of short-term disability and long-term disability, as discussed and quantified below.

[17]    On or about October 8, 2005, Delphi amended its bylaws so as to provide for mandatory indemnification of its Executives and certain other salaried Employees.

20

Debtors seek authority but not direction to continue advancing expenses to approximately 21 of its Employees and Directors, including one former Employee, who are involved in ordinary course litigation such as employment cases, wrongful discharges and automobile accidents. In addition, the Debtors seek to advance expenses to those Employees who may become involved in this type of ordinary course litigation because of prepetition acts. The Debtors believe that the failure to advance expenses to these Employees and Directors would be detrimental to the morale of their Employees and would adversely effect the Debtors' ability to execute their transformation plan.

39. In addition, the Debtors seek authority but not direction to advance expenses to approximately 50 of its Employees and Directors, including 19 former Employees, currently engaged (and those who may become engaged on account of prepetition acts) in defending against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission. The Debtors believe that the claims against such Employee or Director relates to his or her actions undertaken in good faith on behalf of the Debtors in a manner reasonably believed to be lawful and in the best interests of the Debtors. Moreover, in the event that it is determined that the Employee or Director is not eligible for indemnification, the Employee or Director has agreed to reimburse the Debtors. For current Employees and Directors, the Debtors seek authorization but not direction to advance all expenses for the defense of these suits. For former Employees and Directors, the Debtors seek to advance expenses limited to an aggregate cap of $5 million, on a case-by-case basis pursuant to approval by the Compensation Committee, and only for advances not otherwise reimbursable from other third parties.

21

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
    In re                                             :   Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :   Case No. 05-44481
                                                      :
                           Debtors.                   :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a), 363, 507, 1107, AND 1108 (I)
AUTHORIZING DEBTORS TO PAY PREPETITION WAGES AND SALARIES TO
EMPLOYEES AND INDEPENDENT CONTRACTORS,
(II) AUTHORIZING DEBTORS TO PAY PREPETITION BENEFITS AND CONTINUE
MAINTENANCE OF HUMAN CAPITAL BENEFIT PROGRAMS IN ORDINARY COURSE,
AND (III) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR
PAYMENT OF PREPETITION HUMAN CAPITAL OBLIGATIONS

("HUMAN CAPITAL OBLIGATIONS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

---

[1]   In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other things, entry of a bridge order under sections 105(a), 363, 507, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1330 (as amended, the "Bankruptcy Code"), granting the relief requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107, and 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors, (II) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In Ordinary Course, And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations, dated October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and this Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion is essential to the continued operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Expedited Hearing Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Debtors are authorized but not directed to pay or otherwise honor the Debtors' various human capital benefit plans and programs, the most significant of which are described in the Motion (collectively, the "Prepetition Human Capital Obligations"), as described in the Motion, to, or for the benefit of, the Debtors' domestic active and inactive employees, any

---

Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

independent contractors, including those provided by employee supplier agreements, who currently are under formal or informal contracts (collectively, and solely for the purposes of the Motion, the "Employees"), and those prepetition claims on account of health and pension benefits to be provided to any of the Debtors' retirees and their surviving spouses (collectively, the "Retirees"), and to continue each of the foregoing Employee programs in the ordinary course of business; provided, however, that such payment, continuance of such Employee program, other honoring of such Prepetition Human Capital Obligations, or entry of this Order shall not make such obligations administrative expenses of the estates entitled to priority status under sections 503 and 507 of the Bankruptcy Code.

2.  The financial institutions upon which any checks are drawn in payment of the Prepetition Human Capital Obligations, either before, on, or after the date on which the Debtors filed these chapter 11 cases, are hereby authorized and directed to honor, upon presentation, any such checks.

3.  Such financial institutions are authorized and directed to rely upon the representations of the Debtors as to which checks are in payment of the Prepetition Human Capital Obligations.

4.  The Debtors may pay all federal, state, local, and foreign income withholding, payroll, employment, unemployment, social security, and similar taxes (including, but not limited to, taxes relating to the Federal Insurance Contributions Act ("FICA")) whether withheld from Employees' wages or paid directly by the Debtors to governmental authorities, as well as other Employee withholdings including, but not limited to, pension plan contributions, union dues, charitable contributions, and garnishment contributions, if any.

3

5.  The Debtors are authorized but not directed to pay any and all costs incident to maintaining or paying third parties to maintain and provide record-keeping relating to the various Employee benefit programs and any trusts related thereto that may be outstanding as of the Petition Date in the ordinary course of business.

6.  Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

7.  Neither the provisions of this Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or to in any way change the rights or create new rights of any Employee or other person, including, without limitation, the creation of any right to payment entitled to administrative expense priority pursuant to sections 503 and 507 of the Bankruptcy Code.

8.  Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

9.  This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge. This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

4

11. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
October 8, 2005

                                              *s/ Arthur J. Gonzalez*
                                              UNITED STATES BANKRUPTCY JUDGE

## Compensation Committee Minutes February 8, 2006

Attendees (Conference Call): Opie, Naylor, Colbert, Weber, Sherbin (indemnification portion only)

### Indemnification:

General Counsel David Sherbin presented to the Committee recommendations of the Audit Committee for indemnification of certain former employees relative to the payment of legal fees related to the SEC/DOJ investigation. The Compensation Committee approved payment of legal fees for J.T. Battenberg, Damon Audia and Louise Kelly. Payments for Alan Dawes, Paul Free, John Blahnik, Pete Janak, Pam Geller, Cathy Rozanski, and Milan Belans were not approved per the Audit Committee recommendation.

**REDACTED**