**Exhibit C**

**Letters from Delphi Corporation to Movants
Regarding Termination of Indemnification**

05-44481-rdd    Doc 5360-3    Filed 10/19/06    Entered 10/19/06 17:27:22    Exhibit C
Pg 1 of 17



**David M. Sherbin**
Vice President & General Counsel

February 21, 2006

*Via Federal Express*

Elizabeth Baird, Esq.
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4001

Dear Ms. Baird:

As summarized below, upon Delphi's filing for bankruptcy on October 8, 2005, the United States Bankruptcy Court in the Southern District of New York entered an order setting forth the conditions under which Delphi (or, the "Company") is permitted to advance funds for the legal fees and expenses incurred by current and former employees and directors. For current employees and directors, the Company has the authority to advance funds for all legal fees and expenses incurred both pre and post-bankruptcy petition, regardless of the underlying matter for which the fees were incurred.

In contrast, for former employees and directors, the Company has the authority, but not the obligation, to advance expenses that such individuals may incur in defending only against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission. The Court's authorization to pay the legal fees and expenses for former employees and directors is: (i) subject to an aggregate cap of $5 million; (ii) to be made on a case by case basis pursuant to approval by the Compensation Committee of the Company's Board of Directors, and (iii) to be paid only if advances are not available from other third parties.

I have enclosed the relevant portion of Delphi's motion. You may obtain a complete copy of the motion as follows:

   1.   Go to the following website: http://delphidocket.com
   2.   Go to Court Docket #12 – titled "Motion For Order Under 11 U.S.C Section 105(a), 363, 507, 1107, and 1108..."

Our records indicate that, as of February 3, 2006, you have an outstanding balance due of $13,966.12 for the post-petition legal fees and expenses you have incurred in your representation of Alan Dawes.

World Headquarters and Customer Center
5725 Delphi Drive   Troy, Michigan 48098-2815 USA

Elizabeth Baird, Esq.
February 21, 2006
Page 2

After careful deliberation, on February 13, 2006, the Compensation Committee decided not to approve the payment of the post-petition outstanding balance, nor to pay for the future fees and expenses that you may incur in your representation of Mr. Dawes. By an email dated February 10, 2006, Joe Papelian sent you a copy of the Company's D&O and Fiduciary Liability Policies for 2004-2005 (the policies under which Notice of Claims have been submitted by the Company on behalf of all Insureds).

If you have any questions regarding this letter or the terms of the Company's D&O insurance coverage, please contact Joe Papelian directly at 248-813-2535.

Very truly yours,

David M. Sherbin
Vice President & General Counsel

Enclosure

c: Joseph E. Papelian (w/o enclosure)



**DELPHI**

**David M. Sherbin**
Vice President & General Counsel

February 21, 2006

*Via Federal Express*

Richard A. Rossman, Esq.
Pepper Hamilton LLP
36th Floor
100 Renaissance Center
Detroit, MI 48243-7926

Dear Mr. Rossman:

As summarized below, upon Delphi's filing for bankruptcy on October 8, 2005, the United States Bankruptcy Court in the Southern District of New York entered an order setting forth the conditions under which Delphi (or, the "Company") is permitted to advance funds for the legal fees and expenses incurred by current and former employees and directors. For current employees and directors, the Company has the authority to advance funds for all legal fees and expenses incurred both pre and post-bankruptcy petition, regardless of the underlying matter for which the fees were incurred.

In contrast, for former employees and directors, the Company has the authority, but not the obligation, to advance expenses that such individuals may incur in defending only against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission. The Court's authorization to pay the legal fees and expenses for former employees and directors is: (i) subject to an aggregate cap of $5 million; (ii) to be made on a case by case basis pursuant to approval by the Compensation Committee of the Company's Board of Directors, and (iii) to be paid only if advances are not available from other third parties.

I have enclosed the relevant portion of Delphi's motion. You may obtain a complete copy of the motion as follows:

1. Go to the following website: http://delphidocket.com
2. Go to Court Docket #12 – titled "Motion For Order Under 11 U.S.C Section 105(a), 363, 507, 1107, and 1108..."

Our records indicate that, as of February 3, 2006, you have an outstanding balance due of $80,642.43 for the post-petition legal fees and expenses you have incurred in your representation of Paul Free.


FEB 2 3 2006

World Headquarters and Customer Center
5725 Delphi Drive   Troy, Michigan 48098-2815 USA

Richard A. Rossman, Esq.
February 21, 2006
Page 2

After careful deliberation, on February 13, 2006, the Compensation Committee decided not to approve the payment of the post-petition outstanding balance, nor to pay for the future fees and expenses that you may incur in your representation of Mr. Free. By an email dated February 10, 2006, Joe Papelian sent you a copy of the Company's D&O and Fiduciary Liability Policies for 2004-2005 (the policies under which Notice of Claims have been submitted by the Company on behalf of all Insureds).

If you have any questions regarding this letter or the terms of the Company's D&O insurance coverage, please contact Joe Papelian directly at 248-813-2535.

Very truly yours,

David M. Sherbin
Vice President & General Counsel

Enclosure

c: Joseph E. Papelian (w/o enclosure)



David M. Sherbin
Vice President & General Counsel

February 21, 2006

*Via Federal Express*

Thomas W. Cranmer, Esq.
Miller Canfield Paddock & Stone, PLC
150 W. Jefferson, Suite 2500
Detroit, MI 48226

Dear Mr. Cranmer:

As summarized below, upon Delphi's filing for bankruptcy on October 8, 2005, the United States Bankruptcy Court In the Southern District of New York entered an order setting forth the conditions under which Delphi (or, the "Company") is permitted to advance funds for the legal fees and expenses incurred by current and former employees and directors. For current employees and directors, the Company has the authority to advance funds for all legal fees and expenses incurred both pre and post-bankruptcy petition, regardless of the underlying matter for which the fees were incurred.

In contrast, for former employees and directors, the Company has the authority, but not the obligation, to advance expenses that such individuals may incur in defending only against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission. The Court's authorization to pay the legal fees and expenses for former employees and directors is: (i) subject to an aggregate cap of $5 million; (ii) to be made on a case by case basis pursuant to approval by the Compensation Committee of the Company's Board of Directors, and (iii) to be paid only if advances are not available from other third parties.

I have enclosed the relevant portion of Delphi's motion. You may obtain a complete copy of the motion as follows:

1. Go to the following website: http://delphidocket.com
2. Go to Court Docket #12 – titled "Motion For Order Under 11 U.S.C Section 105(a), 363, 507, 1107, and 1108..."

Our records indicate that, as of February 3, 2006, you have an outstanding balance due of $14,629.44 for the post-petition legal fees and expenses you have incurred in your representation of John Blahnik.

World Headquarters and Customer Center
5725 Delphi Drive    Troy, Michigan 48098-2815  USA

Thomas W. Cranmer, Esq.
February 21, 2006
Page 2

After careful deliberation, on February 13, 2006, the Compensation Committee decided not to approve the payment of the post-petition outstanding balance, nor to pay for the future fees and expenses that you may incur in your representation of Mr. Blahnik. By an email dated February 10, 2006, Joe Papelian sent you a copy of the Company's D&O and Fiduciary Liability Policies for 2004-2005 (the policies under which Notice of Claims have been submitted by the Company on behalf of all Insureds).

If you have any questions regarding this letter or the terms of the Company's D&O insurance coverage, please contact Joe Papelian directly at 248-813-2535.

Very truly yours,

David M. Sherbin
Vice President & General Counsel

Enclosure

c:  Joseph E. Papelian (w/o enclosure)

**DELPHI**

Joseph E. Papelian
Deputy General Counsel
Telephone: 248-813-2535
Facsimile: 248-813-3251

*Copy of Letter Without Enclosures by Facsimile 202-585-1087*
*Original with Enclosures by First Class Mail*

June 8, 2006

William H. Jeffress Jr., Esq.
Baker Botts, LLP
The Warner
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2400

Re:   **SEC Investigation – J.T. Battenberg III**
      **Delphi File # 2004-000900**

Dear Mr. Jeffress:

As summarized below, upon Delphi's filing for bankruptcy on October 8, 2005, the United States Bankruptcy Court in the Southern District of New York entered an order setting forth the conditions under which Delphi (or, the "Company") is permitted to advance funds for the legal fees and expenses incurred by current and former employees and directors. For current employees and directors, the Company has the authority to advance funds for all legal fees and expenses incurred both pre and post-bankruptcy petition, regardless of the underlying matter for which the fees were incurred.

In contrast, for former employees and directors, the Company has the authority, but not the obligation, to advance expenses that such individuals may incur in defending only against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission. The Court's authorization to pay the legal fees and expenses for former employees and directors is: (i) subject to an aggregate cap of $5 million; (ii) to be made on a case by case basis pursuant to approval by the Compensation Committee of the Company's Board of Directors, and only (iii) to be paid only if advances are not available from other third parties.

I enclose the relevant portion of Delphi's motion. You may obtain a complete copy of the motion as follows:

1.   Go to the following website: http://delphidocket.com
2.   Go to Court Docket #12 – titled Motion For Order Under 11 U.S.C Section 105(a), 363, 507, 1107, and 1108..."

Our records indicate we have no outstanding invoices for the post-petition legal fees and expenses you have incurred in your representation of J.T. Battenberg III.

World Headquarters and Customer Center  5725 Delphi Drive  Troy, Michigan  48098-2815  USA

William H. Jeffress Jr., Esq.                                   - 2 -                                          June 8, 2006

After careful deliberation, on June 7, 2006, the Compensation Committee of Delphi's Board of Directors decided no longer pay for future fees and expenses you may incur in your representation of Mr. Battenberg. I also enclose a CD containing the Company's D&O and Fiduciary Liability Policies for 2004-2005 (the policies under which Notice of Claims have been submitted by the Company on behalf of all insureds). Counsel representing other former employees for whom the Compensation Committee of Delphi's Board of Directors has likewise decided not to approve post-petition fees and expenses have communicated with counsel representing the insurance companies about paying their fees and expenses. You may wish to consult with them about their position with respect to the insurance carriers.

I have also communicated with counsel representing the insurance companies and enclose the following correspondence:

> Thomas F. Breen's letter to me dated March 17, 2006
> My letter to Thomas F. Breen dated March 30 in response to his March 17, 2006 letter
> Thomas F. Breen's letter to me dated June 1, 2006

I also write about Mr. Battenberg's Supplemental Executive Retirement Program (SERP) payments. On October 14, 2005, a letter was sent to Mr. Battenberg advising him of Delphi's bankruptcy filing on October 8, 2005, and about certain orders entered on October 8 and 11, 2005 limiting our Supplemental Executive Retirement Program (SERP) payments to $5,000 per month. I enclose a copy of this letter. On June 7, 2006, the Compensation Committee of the Delphi's Board of Directors also decided to hold in abeyance any further payments to Mr. Battenberg on SERP effective immediately. An accounting escrow will be created.

Please call if you have any questions regarding this letter or the terms of the Company's D&O insurance coverage.

Very truly yours,

*[signature]*

Joseph E. Papelian

Enclosure

# DELPHI

David M. Sherbin
Vice President & General Counsel

February 21, 2006

*Via Federal Express*

Joshua Berman, Esq.
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
East Tower, Suite 600
Washington, DC 20005

Dear Mr. Berman:

As summarized below, upon Delphi's filing for bankruptcy on October 8, 2005, the United States Bankruptcy Court in the Southern District of New York entered an order setting forth the conditions under which Delphi (or, the "Company") is permitted to advance funds for the legal fees and expenses incurred by current and former employees and directors. For current employees and directors, the Company has the authority to advance funds for all legal fees and expenses incurred both pre and post-bankruptcy petition, regardless of the underlying matter for which the fees were incurred.

In contrast, for former employees and directors, the Company has the authority, but not the obligation, to advance expenses that such individuals may incur in defending only against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission. The Court's authorization to pay the legal fees and expenses for former employees and directors is: (i) subject to an aggregate cap of $5 million; (ii) to be made on a case by case basis pursuant to approval by the Compensation Committee of the Company's Board of Directors, and (iii) to be paid only if advances are not available from other third parties.

I have enclosed the relevant portion of Delphi's motion. You may obtain a complete copy of the motion as follows:

1. Go to the following website: http://delphidocket.com
2. Go to Court Docket #12 – titled "Motion For Order Under 11 U.S.C Section 105(a), 363, 507, 1107, and 1108..."

Our records indicate that, as of February 3, 2006, you have an outstanding balance due of $12,279.87 for the post-petition legal fees and expenses you have incurred in your representation of Pam Geller.

World Headquarters and Customer Center
5725 Delphi Drive    Troy, Michigan 48098-2815  USA

02/21/06

Joshua Berman, Esq.
February 21, 2006
Page 2

After careful deliberation, on February 13, 2006, the Compensation Committee decided not to approve the payment of the post-petition outstanding balance, nor to pay for the future fees and expenses that you may incur in your representation of Ms. Geller. By an email dated February 10, 2006, Joe Papelian sent you a copy of the Company's D&O and Fiduciary Liability Policies for 2004-2005 (the policies under which Notice of Claims have been submitted by the Company on behalf of all Insureds).

If you have any questions regarding this letter or the terms of the Company's D&O insurance coverage, please contact Joe Papelian directly at 248-813-2535.

Very truly yours,

David M. Sherbin
Vice President & General Counsel

Enclosure

c: Joseph E. Papelian (w/o enclosure)



**David M. Sherbin**
Vice President & General Counsel

February 21, 2006

*Via Federal Express*

Martin E. Crandall, Esq.
Clark Hill
500 Woodward Avenue
Suite 3500
Detroit, MI 48226-3435

Dear Mr. Crandall:

As summarized below, upon Delphi's filing for bankruptcy on October 8, 2005, the United States Bankruptcy Court in the Southern District of New York entered an order setting forth the conditions under which Delphi (or, the "Company") is permitted to advance funds for the legal fees and expenses incurred by current and former employees and directors. For current employees and directors, the Company has the authority to advance funds for all legal fees and expenses incurred both pre and post-bankruptcy petition, regardless of the underlying matter for which the fees were incurred.

In contrast, for former employees and directors, the Company has the authority, but not the obligation, to advance expenses that such individuals may incur in defending only against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission. The Court's authorization to pay the legal fees and expenses for former employees and directors is: (i) subject to an aggregate cap of $5 million; (ii) to be made on a case by case basis pursuant to approval by the Compensation Committee of the Company's Board of Directors, and (iii) to be paid only if advances are not available from other third parties.

I have enclosed the relevant portion of Delphi's motion. You may obtain a complete copy of the motion as follows:

1. Go to the following website: http://delphidocket.com
2. Go to Court Docket #12 – titled "Motion For Order Under 11 U.S.C Section 105(a), 363, 507, 1107, and 1108…"

Our records indicate that, as of February 3, 2006, you have an outstanding balance due of $3,363.00 for the post-petition legal fees and expenses you have incurred in your representation of Milan Belans.

World Headquarters and Customer Center
5725 Delphi Drive    Troy, Michigan 48098-2815 USA

Martin E. Crandall, Esq.
February 21, 2006
Page 2

After careful deliberation, on February 13, 2006, the Compensation Committee decided not to approve the payment of the post-petition outstanding balance, nor to pay for the future fees and expenses that you may incur in your representation of Mr. Belans. By an email dated February 10, 2006, Joe Papelian sent you a copy of the Company's D&O and Fiduciary Liability Policies for 2004-2005 (the policies under which Notice of Claims have been submitted by the Company on behalf of all Insureds).

If you have any questions regarding this letter or the terms of the Company's D&O insurance coverage, please contact Joe Papelian directly at 248-813-2535.

Very truly yours,

David M. Sherbin
Vice President & General Counsel

Enclosure

c: Joseph E. Papelian (w/o enclosure)

# DELPHI

Joseph E. Papelian
Deputy General Counsel
Telephone: 248-813-2535
Facsimile: 248-813-3251

*Copy of Letter Without Enclosures by Facsimile 248-351-3082*
*Original with Enclosures by First Class Mail*

June 8, 2006

Christopher A. Andreoff, Esq.
Jaffe Raitt Heuer & Weiss PC
27777 Franklin Road, Ste. 2500
Southfield, Michigan 48034

Re:   SEC Investigation – Laura Marion
      Delphi File No. 2004-000900

Dear Mr. Andreoff:

As summarized below, upon Delphi's filing for bankruptcy on October 8, 2005, the United States Bankruptcy Court in the Southern District of New York entered an order setting forth the conditions under which Delphi (or, the "Company") is permitted to advance funds for the legal fees and expenses incurred by current and former employees and directors. For current employees and directors, the Company has the authority to advance funds for all legal fees and expenses incurred both pre and post-bankruptcy petition, regardless of the underlying matter for which the fees were incurred.

In contrast, for former employees and directors, the Company has the authority, but not the obligation, to advance expenses that such individuals may incur in defending only against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission. The Court's authorization to pay the legal fees and expenses for former employees and directors is: (i) subject to an aggregate cap of $5 million; (ii) to be made on a case by case basis pursuant to approval by the Compensation Committee of the Company's Board of Directors, and only (iii) to be paid only if advances are not available from other third parties.

I enclose the relevant portion of Delphi's motion. You may obtain a complete copy of the motion as follows:

1. Go to the following website: http://delphidocket.com
2. Go to Court Docket #12 – titled Motion For Order Under 11 U.S.C Section 105(a), 363, 507, 1107, and 1108..."

Our records indicate we have no outstanding invoices for the post-petition legal fees and expenses you have incurred in your representation of Laura Marion.

Christopher A. Andreoff, Esq.                    - 2 -                              June 8, 2006

After careful deliberation, on June 7, 2006, the Compensation Committee of Delphi's Board of Directors decided no longer pay for future fees and expenses you may incur in your representation of Laura Marion. I also enclose a CD containing the Company's D&O and Fiduciary Liability Policies for 2004-2005 (the policies under which Notice of Claims have been submitted by the Company on behalf of all insureds). Counsel representing other former employees for whom the Compensation Committee of Delphi's Board of Directors has likewise decided not to approve post-petition fees and expenses have communicated with counsel representing the insurance companies about paying their fees and expenses. You may wish to consult with them about their position with respect to the insurance carriers.

I have also communicated with counsel representing the insurance companies and enclose the following correspondence:

> Thomas F. Breen's letter to me dated March 17, 2006
> My letter to Thomas F. Breen dated March 30 in response to his March 17, 2006 letter
> Thomas F. Breen's letter to me dated June 1, 2006

Please call if you have any questions regarding this letter or the terms of the Company's D&O insurance coverage.

Very truly yours,

Joseph E. Papelian

Enclosure



RECEIVED

FEB 2 2 2006

DAVID F. DUMOUCHEL

**David M. Sherbin**
Vice President & General Counsel

February 21, 2006

**Via Federal Express**

David DuMouchel, Esq.
Butzel Long
150 W. Jefferson, Suite 100
Detroit, MI 48226-4450

Dear Mr. DuMouchel:

As summarized below, upon Delphi's filing for bankruptcy on October 8, 2005, the United States Bankruptcy Court in the Southern District of New York entered an order setting forth the conditions under which Delphi (or, the "Company") is permitted to advance funds for the legal fees and expenses incurred by current and former employees and directors. For current employees and directors, the Company has the authority to advance funds for all legal fees and expenses incurred both pre and post-bankruptcy petition, regardless of the underlying matter for which the fees were incurred.

In contrast, for former employees and directors, the Company has the authority, but not the obligation, to advance expenses that such individuals may incur in defending only against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission. The Court's authorization to pay the legal fees and expenses for former employees and directors is: (i) subject to an aggregate cap of $5 million; (ii) to be made on a case by case basis pursuant to approval by the Compensation Committee of the Company's Board of Directors, and (iii) to be paid only if advances are not available from other third parties.

I have enclosed the relevant portion of Delphi's motion. You may obtain a complete copy of the motion as follows:

1. Go to the following website: http://delphidocket.com
2. Go to Court Docket #12 – titled "Motion For Order Under 11 U.S.C Section 105(a), 363, 507, 1107, and 1108…"

Our records indicate that, as of February 3, 2006, you have an outstanding balance due of $22,152.15 for the post-petition legal fees and expenses you have incurred in your representation of Cathy Rozanski.

World Headquarters and Customer Center
5725 Delphi Drive    Troy, Michigan 48098-2815 USA

David DuMouchel, Esq.
February 21, 2006
Page 2

After careful deliberation, on February 13, 2006, the Compensation Committee decided not to approve the payment of the post-petition outstanding balance, nor to pay for the future fees and expenses that you may incur in your representation of Ms. Rozanski. By an email dated February 10, 2006, Joe Papelian sent you a copy of the Company's D&O and Fiduciary Liability Policies for 2004-2005 (the policies under which Notice of Claims have been submitted by the Company on behalf of all Insureds).

If you have any questions regarding this letter or the terms of the Company's D&O insurance coverage, please contact Joe Papelian directly at 248-813-2535.

Very truly yours,

David M. Sherbin
Vice President & General Counsel

Enclosure

c: Joseph E. Papelian (w/o enclosure)