TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession,
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Christopher D. Lagow (CL-3457)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
In re                                                         :    Chapter 11
                                                              :
    DELPHI CORPORATION, et al.,                               :    Case No. 05-44481 (RDD)
                                                              :
                                    Debtors.                  :    (Jointly Administered)
                                                              :
-------------------------------------------------------------X


**STIPULATION AND ORDER TO PERMIT RECOUPMENT
OF OBLIGATIONS BETWEEN DELPHI MEDICAL SYSTEMS
TEXAS CORPORATION AND APPLERA CORPORATION**

**WHEREAS,** on October 8, 2005 (the "Initial Filing Date"), Delphi

Corporation ("Delphi") and certain of its U.S. subsidiaries (the "Initial Filers") filed

voluntary petitions for reorganization relief under chapter 11 of title 11 of the United

States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court"); and

WHEREAS, on October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code; and

WHEREAS, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404); and

WHEREAS, on October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors; and

WHEREAS, pursuant to an Amended Notice dated May 11, 2006, the Office of the United States Trustee appointed a committee of equity security holders; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and

WHEREAS, on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing,

utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order"); and

**WHEREAS**, paragraph 18 of the Final DIP Order establishes, among other things, procedures for creditors to assert setoff and/or recoupment rights; and

**WHEREAS,** on February 1, 2006, Applera Corporation (the "Claimant") filed a motion (the "Motion") [Docket No. 1988] for (i) authorization to recoup amounts owed to it by Delphi Medical Systems Texas Corporation ("Delphi Medical") against amounts Claimant owed to Delphi Medical and/or (ii) relief from the automatic stay for authority to exercise a setoff of prepetition claims and debts between Delphi Medical and Claimant(the "Parties") and/or (iii) other appropriate relief; and

**WHEREAS**, in the Motion, Claimant alleges that it owes Delphi Medical (a) $3,854,335 for pre-petition services and/or goods provided by Delphi Medical to Claimant and (b) $4,593,241.00 for post-petition services and/or goods provided by Delphi Medical to Claimant, all as of December 31, 2005 (altogether, the "2005 Payable"); and

**WHEREAS**, in the Motion, Claimant alleges that Delphi Medical owes Claimant (a) $7,535,343.00 for pre-petition services and/or goods that it provided to Delphi Medical and (b) $574,526.00 for post-petition services and/or goods that it provided to Delphi Medical, all as of December 31, 2005 (altogether, the "Receivable") that it provided to Delphi Medical; and

**WHEREAS,** in the Motion, Claimant alleges that it entered into four related agreements with Delphi Medical (the "Agreements")[1] in connection with

---

[1]    The Agreements are: (i) Bill of Sale; (ii) Manufacturing Agreement; (iii) Transition Agreement; and (iv) Lease Assignment.

5

Claimant's sale of its Houston manufacturing facility to Delphi Medical (the "Transaction"); and

**WHEREAS,** in the Motion, Claimant alleges that each of the Agreements were integral parts of the Transaction, that the Agreements are interdependent and comprise one integrated transaction and that, as a result, Claimant is entitled to recoup the 2005 Payable from the Receivable; and

**WHEREAS,** Delphi Medical agrees that under the facts germane to the Agreements, Claimant may recoup the 2005 Payable and other amounts payable by Claimant to Delphi Medical from the Receivable; and

**WHEREAS,** Delphi Medical and the Claimant continued to do business after December 31, 2005 and are still continuing to do business, and in connection with the continuing business relationship Claimant has made certain payments on account of some of the post-petition goods and services included in the 2005 Payable and new payables have arisen and are continuing to arise for goods and services provided subsequent to December 31, 2005; and

**WHEREAS**, after arm's length negotiations, Delphi and Claimant (together, the "Parties") have reconciled the amount of the Receivable, the amount of the 2005 Payable and the exact amount payable by Claimant to Delphi Medical under certain invoices rendered by Delphi Medical for goods and services provided subsequent to December 31, 2005 (the "2006 Payable"), all as set forth in the attached Exhibit "1"; and

6

**WHEREAS**, the Parties have agreed to settle and resolve the relief sought in the Motion upon the terms set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereto hereby agree and stipulate as follows:

1.   This Stipulation and Order shall become effective on the Effective Date, as defined below.  This Stipulation and Order constitutes an agreement between the parties hereto immediately upon the date of its execution ("Execution Date"). Consequently, during the period between the Execution Date and the Effective Date, the Parties agree that this Stipulation and Order shall constitute a binding agreement and that they shall do nothing contrary to its terms.

2.   The "Effective Date" of this Stipulation and Order shall be the date on which an Order of the Bankruptcy Court approving this Stipulation and Order becomes final and not subject to further appeal; <u>provided</u>, <u>however</u>, that if the Bankruptcy Court shall enter an Order declining to approve this Stipulation and Order, then this Stipulation and Order shall become null and void.

3.   The Schedules attached to Exhibit "1" set forth full and complete schedules of the invoices (the "Invoices") and amounts of the Receivable, the 2005 Payable and the 2006 Payables outstanding on the Effective Date, as reconciled and agreed to by the Parties, that are proposed to be recouped under this Stipulation and Order.

4.   On and after the Effective Date, Claimant shall be authorized to recoup the amount of the 2005 Payable and the 2006 Payable as listed in the schedules attached to Exhibit 1 from the amount of the Receivable as listed in the schedules

attached to Exhibit 1, pursuant to paragraph 18 of the Final DIP Order (the

"Recoupment").

5. The Recoupment will result in a balance of the Receivable due and payable by Claimant to Delphi Medical in the amount of approximately $361.00 (the "Recoupment Balance"), which amount shall be remitted by Claimant to Delphi Medical within ten (10) days after the Effective Date.

6. The Parties agree that amounts that are due and owing between the Parties on the Effective Date or that become due and owing between the Parties pursuant to the Agreements after the Effective Date may be recouped by the Parties in the ordinary course of their business, without requiring further relief from the Bankruptcy Court.

7. Within ten (10) days after the Effective Date Claimant shall withdraw the proof of claim filed by it against Delphi Medical relating to the Recoupment with prejudice.

8. Except for the Recoupment and the settlement memorialized by this Stipulation and Order, the Debtors and Claimant retain all of their other rights, claims, and defenses. For greater certainty, the Parties reserve their rights regarding any outstanding issues or claims that may relate to, or arise from, the Invoices.

9. This Stipulation and Order may not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by all of the Parties.

10. The agreements, terms, provisions, and conditions contained in this Stipulation and Order shall be binding upon, and inure to the benefit of, the Parties and

their respective legal representatives, predecessors, successors, and assigns, including

any trustee appointed in these chapter 11 cases.

11. It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual; that the agreement herein contained and the consideration transferred hereunder is to compromise the relief sought in the Motion and to avoid litigation; and that no statement made herein, payment, release, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever including, without limitation, whether recoupment is an available remedy to any other party in the above-captioned cases.

12. This Stipulation and Order constitutes the entire agreement between the Parties with respect to the resolution of the Recoupment and supersedes all other prior agreements and understandings, both written and oral, between the Parties with respect to the Setoff.

13. The signatories below represent that they are authorized to enter into this Stipulation and Order.

14. This Stipulation and Order may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

15. The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Stipulation and Order and to resolve any disputes in connection herewith.

Dated:  New York, New York
　　　　October 11, 2006

　　　　　　　　　　　　　　　　DELPHI CORPORATION, et al.,
　　　　　　　　　　　　　　　　Debtors and Debtors-in-Possession,
　　　　　　　　　　　　　　　　By their Bankruptcy Conflicts Counsel,
　　　　　　　　　　　　　　　　TOGUT, SEGAL & SEGAL LLP,
　　　　　　　　　　　　　　　　By:

　　　　　　　　　　　　　　　　/s/Neil Berger
　　　　　　　　　　　　　　　　NEIL BERGER (NB-3599)
　　　　　　　　　　　　　　　　A Member of the Firm
　　　　　　　　　　　　　　　　One Penn Plaza, Suite 3335
　　　　　　　　　　　　　　　　New York, New York 10119
　　　　　　　　　　　　　　　　(212) 594-5000

Dated:  New York, New York
　　　　October 11, 2006

　　　　　　　　　　　　　　　　APPLERA CORPORATION
　　　　　　　　　　　　　　　　By its Attorneys,
　　　　　　　　　　　　　　　　KIRKPATRICK & LOCKHART NICHOLSON
　　　　　　　　　　　　　　　　GRAHAM LLP,
　　　　　　　　　　　　　　　　By:

　　　　　　　　　　　　　　　　/s/Robert Michaelson
　　　　　　　　　　　　　　　　ROBERT N. MICHAELSON (RM-5925)
　　　　　　　　　　　　　　　　599 Lexington Avenue
　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　(212) 536-3900

**SO ORDERED**
This 19th day of October, 2006
in New York, New York

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE