```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
       In re                                :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                         Debtors.           :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING (I) DUPLICATE AND AMENDED CLAIMS AND
(II) EQUITY CLAIMS IDENTIFIED IN FIRST OMNIBUS CLAIMS OBJECTION

("FIRST OMNIBUS CLAIMS OBJECTION ORDER")

Upon the First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Duplicate And Amended Claims And (ii) Equity Claims, dated September 19, 2006 (the "First Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the responses to the First Omnibus Claims Objection filed by Terry R. Mocny Sr. (Docket No. 5205), Bank of America, NA (Docket No. 5247), the Ohio Department of Taxation (Docket No. 5261), Andrew Ladika (Docket No. 5266), NuTech Plastics Engineering, Inc. (Docket No. 5287), Cadence Innovation LLC (Docket No. 5294), Brazeway, Inc. (Docket No. 5297), Alice J. Banus (Docket No. 5301), Rick L. Sizemore (Docket No. 5302), and Umicore Autocat Canada Corp. (Docket No. 5303); and upon the Debtors' Omnibus Reply In Support Of The First Omnibus Claims Objection, dated October 18, 2006; and upon record of the hearing held on the First Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.    Each holder of a claim (as to each, a "Claim") listed on <u>Exhibits A</u> and <u>B</u> attached hereto was properly and timely served with a copy of the First Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order, and a notice of the deadline for responding to the First Omnibus Claims Objection.

      B.    The Court has jurisdiction over the First Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The First Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the First Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    The Claims listed on <u>Exhibit A</u> hereto under the column heading "Claim To Be Expunged" are Claims that are either duplicates of Claims filed with the Court or are Claims that have been amended or superseded by later-filed Claims.

      D.    The Claims listed on <u>Exhibit B</u> hereto are Claims that were filed by holders of Delphi Corporation common stock solely on account of their stock holdings ("Equity Claims").

      E.    The relief requested in the First Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.    Each "Claim To Be Expunged" listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety. Those Claims identified in <u>Exhibit A</u> as "Surviving

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Omnibus Claims Objection.

Claims" shall remain on the claims register, but shall remain subject to future objection by the Debtors.

2. Each Equity Claim listed on <u>Exhibit B</u> hereto is hereby reclassified as an interest, and is disallowed and expunged as a claim in its entirety.

3. Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims objected to in the First Omnibus Claims Objection, on any grounds whatsoever.

4. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Proofs of Claim.

5. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the First Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

6. Each Claim and the objections by the Debtors to each Claim as addressed in the First Omnibus Claims Objection and as set forth on <u>Exhibits A</u> and <u>B</u> hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim.  Any stay of this order shall apply only to the contested matter which involves such creditor and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

7. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the First Omnibus Claims Objection.

Dated: New York, New York
      October  19, 2006

    /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

3