UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05 - 44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SEVENTH AMENDED SCHEDULING ORDER ON DEBTORS' MOTION FOR
ORDER UNDER 11 U.S.C. § 1113(c) AUTHORIZING REJECTION OF
COLLECTIVE BARGAINING AGREEMENTS AND AUTHORIZING MODIFICATION OF
RETIREE WELFARE BENEFITS UNDER 11 U.S.C. § 1114(g)

("SEVENTH AMENDED SECTION 1113 AND 1114 SCHEDULING ORDER")

Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 1113 and 1114 of the Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 establishing notice procedures, briefing schedule, and hearing date regarding the Debtors' Motion To (a) Reject Collective Bargaining Agreements Under Section 1113(c) And (b) Eliminate Retiree Medical And Life Insurance Benefits For Union-Represented Retirees Under Section 1114(g) (the "1113/1114 Motion"); and this Court having entered an order granting the Motion on October 13, 2005 (Docket No. 232);[2] and the Court having received and reviewed various objections and responses

---

[1] As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended.

[2] Subsequent scheduling orders have been entered by the Court at docket nos. 2225, 2425, 2996, 4170, 5058, and 5221.

to the 1113/1114 Motion filed by various parties (collectively, the "Respondents")[3]; and the Court having commenced the contested hearing on the 1113/1114 Motion on May 9, 2006 and conducted hearings on the contested motion on various trial dates in May and June 2006; and the Court having adjourned the contested hearing on the 1113/1114 Motion to a date to be determined by the Court as may be requested by the Debtors pursuant to the Sixth Amended Section 1113 And 1114 Scheduling Order on September 28, 2006 (Docket No. 5221); and the Court having conducted an in-camera status conference on October 19, 2006 pursuant to the Sixth Amended Section 1113 And 1114 Scheduling Order, at which the Debtors stated, among other things, that they would submit the form of this Order to the Court for the Court's evaluation and consideration; and the Court having determined in light of the Debtors' submission of the form of this Order that a recess of the contested hearing on the 1113/1114 Motion to a date to be determined by the Court in the manner set forth herein is appropriate and in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

The Sixth Amended Section 1113 And 1114 Scheduling Order shall continue in full force and effect except as follows:

1. In light of the further progress reported to the Court at the status conference held on October 19, 2006 in connection with the continuing out-of-court discussions among the Debtors and many of the Respondents, and in order for the Debtors and the Respondents to continue to concentrate their resources and activities on the collective bargaining

---

[3]   Objections and responses have been filed at docket numbers 3314, 3317, 3322, 3330, 3332, 3342, 3346, 3353, 3356, 3561, and 3628.

of a consensual resolution of the 1113/1114 Motion and related plan of reorganization framework discussions, the hearing on the 1113/1114 Motion shall be further adjourned to a date to be determined by the Court as may be requested by the Debtors.

2. The Court shall conduct an in-person, in-camera status conference pursuant to 11 U.S.C. § 105(d)(1) with the Debtors, the Respondents, and the Official Committee of Equity Security Holders (collectively, the "Parties") at 2:00 p.m. (Prevailing Eastern Time) on November 8, 2006 so that the Court can be apprised by the Parties of the status of negotiations regarding the consensual resolution of the 1113/1114 Motion and to consider either the resumption of hearings on the Debtors' request for relief under section 1113 and 1114 of the Bankruptcy Code or the scheduling of additional status conferences. Parties shall be permitted to participate telephonically in such status conference.

3. On or before November 6, 2006, the Debtors shall advise the Respondents and the Official Committee of Equity Security Holders whether at the status conference provided for in paragraph 2 above the Debtors intend to request that the Court resume hearings on the Debtors' request for relief under section 1113 and 1114 of the Bankruptcy Code or schedule further status conferences to provide additional time for negotiations.

DATED: New York, New York
October 25, 2006

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE