STUART RABNER
Attorney General of New Jersey
R. J. Hughes Justice Complex
25 Market Street
P. O. Box 106
25 Market Street
Trenton, New Jersey 08625
Attorney for Creditor,
  N.J. Division of Taxation

By:  Amina Maddox (AM4641)
     Deputy Attorney General
     (609) 984-0183


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al. | Chapter 11 |
| | (Jointly Administered) |
| Debtors and Debtors in Possession. | Hearing Date: October 19, 2006 |

### THE STATE OF NEW JERSEY'S, N.J. DIVISION OF TAXATION RESPONSE TO THE DEBTORS' FIRST OMNIBUS OBJECTION TO CERTAIN TAX CLAIMS and/or OBJECTION TO DEBTORS' FIRST OMNIBUS ORDER DISALLOWING TAX CLAIMS

The State of New Jersey, Division of Taxation ("N.J. Division"), responds to and/or opposes the debtors' First Omnibus Claim Objection, to its tax claims as follows:

1.  The undersigned, Deputy Attorney General Amina Maddox, filed a Notice of Appearance on or about February 6, 2006. In such Notice, I requested that the debtors and/or the Court directly

[RECEIVED stamp: OCT 25 2006]

serve me with copies of all relevant pleadings and motions. However, the present motion was served upon former Attorney General Peter C. Harvey, who has not been the Attorney General of New Jersey since January 2006. Consequently, I did not receive notice of this omnibus hearing until after the hearing date. Accordingly, the N.J. Division respectfully requests that this Court accept this as a response and/or opposition to the above-referenced objection and/or the Court's Order granting debtors' First Omnibus Claim Objection to its tax claims.

1. In the omnibus objection, the debtors request that the N.J. Division's priority claim, <u>Claim No. 1490</u>, in the amount of $944,045.04, be disallowed and expunged as such claim was superceded by Claim No. 1515. (<u>See</u> Certification of debtors' First Omnibus Objection to Tax Claims, Exhibit A).

2. As argued in detail below, the N.J. Division maintains that its tax claims are valid and should not be expunged or disallowed by the debtors.

### Objection to N.J. Division's Priority Tax Claim

1. Debtors have objected to priority claim, <u>Claim No. 1490</u>, filed in the amount of $944,045.04 against debtor, Delphi Corporation, et al. (<u>See</u> Priority Proof of Claim, dated January 5, 2006, filed by the N.J. Division attached hereto as Ex. A).

2. This priority claim represents delinquent (estimated) liability for Sales and Use taxes ("SUT") for all quarters in the 2004 and 2005 years against Delphi Corp.; delinquent and deficient (underpayment) Petroleum Fuels Sales Tax ("PRT-FT) for the 2002, 2003 and 2004 years; and SUT and SPILL assessments for various quarters in 2004 and 2005 years against Delphi Automotive Systems. Such claim also represents Gross Income Employer Withholding tax ("GIT-ER") liability for all quarters in the 1997, 1998, 1999, 2000, 2001, 2002 and 2003 against Aspire Inc., and Allied Environmental Catalysts.

3. Debtor disputes the amount of tax liability noted in priority <u>Claim No. 1490</u>, in the amount of $944,045.04, on the basis that such claim is a duplicate of Claim No. 1515. However, Claim No. 1515, as noted herein, is an administrative claim which covers tax liability accrued post-petition, and involves liability assessed against different reorganized debtors. Thus, the N.J. Division maintains that priority Claim No. 1490, is a valid priority claim for SUT, PRT-FT and GIT-ER trust fund taxes which are required to be collected or withheld by the debtors, who are therefore liable for the payment of in whatever capacity.

4. Further, it should be noted that the tax liabilities noted in the priority claim which are marked as "deficient," mean that

debtors filed the tax returns, but failed to pay the full amount of tax due.

5. Also, the tax liabilities noted as "delinquent," mean that the debtors failed to file the required tax returns, thus, the N.J. Division had to estimate debtors' tax liability for the relevant tax periods pursuant to the N.J. Division's authority granted by N.J.S.A. 54:49-5. Thus, the debtors failure to file tax returns has impeded the N.J. Division from filing accurate proofs of claim in this case.

6. Under N.J.S.A. 54A:7-1 and -54A:7-5, respectively, persons responsible for collecting GIT-ER are required to withhold such taxes from employees and hold such funds in trust for the N.J. Division. Here, debtors are required to file GIT-ER returns and pay the reported tax due pursuant to N.J.S.A. 54A:7-4.

7. In addition, under Bankruptcy Code 11 U.S.C. §507(a)(8)(C), GIT-ER taxes have been clearly held by bankruptcy courts to be "trust fund" taxes, which are priority taxes regardless of the age of the tax period involved. See In re Rosenow, 715 F.2d 277 (7th Cir. 1983)(citing clear legislative history that §507(a)(8)(C) "was intended to include the so-called 'trust fund taxes' - a term of art which includes income taxes an employer is required to withhold from employees' pay..."); In re Shank, 792 F.2d 829 (9th Cir. 1986)(same).

8. Here, N.J.S.A. 54A:7-1 requires that an employer "shall deduct and withhold from such [employee's] wages for each payroll period a tax..." Therefore, the tax is "required to be collected or withheld" pursuant to 11 U.S.C. §507(a)(8)(C). Further, N.J.S.A. 54A:7-5 provides that "[e]very employer...required to deduct and withhold tax under this act is hereby made liable for such tax." Accordingly, debtor is also "liable in whatever capacity" for this employer withholding tax debt under §507(a)(8)(C).

9. Similarly, persons required to collect SUT shall hold such taxes as trustee for and on account of the N.J. Division under N.J.S.A. 54:32B-12. In addition, every person required to collect SUT shall be personally liable fo the tax required to be collected pursuant to N.J.S.A. 54:32B-14.

10. Like GIT-ER, sales taxes have also been clearly held by bankruptcy courts to be "trust fund" taxes. See DiChiaro v. New York State Tax Comm'n, 760 F.2d 432 (2nd Cir. 1985); In re Rosenow, supra; In re Shank, supra. Therefore, S&U is a tax for which debtor is liable in whatever capacity and is a priority tax under 11 U.S.C. §507(a)(8)(C).

11. Similarly, the tax on petroleum products and/or fuels is a gross receipts tax, which is assessed pursuant to N.J.S.A. 54:15B-3, -54:15B-9. In addition, pursuant to N.J.S.A. 54:39-27, and -54:39-39, a distributor and/or seller of petroleum

fuel must submit monthly reports of fuels sold and/or used. In this case, debtors have failed to pay appropriate taxes and/or submit the monthly reports/tax returns.

12. N.J. Division maintains that SUT, PRT-FT and GIT-ER are not excise taxes subject to the three-year priority timing rules. Sales tax is clearly a trust fund tax, since it must be collected and held in trust for payment to the State. See N.J.S.A. 54:32B-12. Debtor is liable for unpaid SUT pursuant to N.J.S.A. 54:32B-14. Therefore, this claim is priority pursuant to 11 U.S.C. §507(a)(8)(C) and should be allowed as filed.

13. Accordingly, the N.J. Division's priority Claim No. 1490, in the amount of $944,045.04, should be allowed in its entirety.

## Validity of the N.J. Division's Administrative Tax Claim

14. Finally, the N.J. Division maintains that its administrative tax claim, in the amount of $503,000, should also be allowed as filed. (See Administrative Proof of Claim, dated January 4, 2006, filed by the N.J. Division attached hereto as Ex. B)

15. The liability noted on the administrative Claim No. 1515 are as follows:  delinquent GIT-ER for the third and fourth quarters of the 2005 year, and delinquent SUT for the third quarter of the 2005 year assessed against Delphi Corp.; delinquent SUT for the third quarter of the 2005 year assessed

- 6 -

against Delphi Automotive Systems, LLC; delinquent SUT for the third quarter of the 2005 year assessed against Delphi Automotive Systems Services, LLC; delinquent GIT-ER for the third quarter of the 2005 year against Aspire, Inc.; and delinquent GIT-ER for the third quarter of the 2005 year against Allied Signal Environmental Catalysts;

16. Note, all of these quarters are for taxable periods wherein the liability accrued post-petition, therefore, it can not be disputed that the taxes qualify as administrative claims under 11 U.S.C. § 503.

17. In order to determine whether a tax claim qualifies as an administrative expense, the tax must be: (1) incurred by the estate, and must not be (2) specified in section 507(a)(8). 11 U.S.C. §503(b)(1)(B)(i); In re L.J. O'Neill Shoe Co., 64 F.3d 1146, 1149 (8th Cir. 1995). Although the definition of "incurred" is not found within the Code, the Third Circuit has held that "[t]he priority for taxes 'incurred by the estate' extends only to taxes 'incurred' postpetition." In re Columbia Gas Transmission Corp., 37 F.3d 982, 984 (3d Cir. 1994).

18. Further, tax liability is "generally 'incurred on the date it accrues, not on the date of the assessment or the date on which it is payable.'" Id. at 985, citing In re Bondi's Valu-King, Inc., 102 B.R. 108, 110 (Bankr. N.D. Ohio 1989). The

- 7 -

date a tax is "incurred" has been interpreted from the legislative history of §503(b)(1)(B)(i) to be the last day of the income period. <u>In re Pacific-Atlantic Trading Co.</u>, 64 F.3d 1292, 1300 (9th Cir. 1995). Here, the last day of the income period was December 31, 2000. Clearly, this liability accrued post-petition, since debtor's Chapter 11 case was filed on October 8 and October 14, 2005.

19. Here, any income which debtors would have earned as a debtors-in-possession for the SUT liability since these tax returns must be filed quarterly on the 20th of the month following the conclusion of the quarter pursuant to <u>N.J.A.C.</u> 18:24-11.2. Furthermore, the four year period begins to run when the tax return is due (the 20th of the month following the conclusion of each quarter). <u>See</u> <u>N.J.S.A.</u> 54:32B-27(b).

20. In addition, the SUT and GIT-ER liability noted in the administrative claim are not taxes of the kind specified in §507(a)(8). This taxable period is not a period/date which ended on or before the date of the filing of debtor's petition pursuant to §507(a)(8)(A)(i). Moreover, the SUT and GIT-ER, which are trust fund taxes not subject the priority timing rules set forth in §507(a)(8)(A)(ii), are not taxes which were "not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case" pursuant to §507(a)(8)(A)(iii).

21. Thus, because these taxable periods began and ended post-petition and the tax return was also due post-petition, this period qualifies as an administrative expense of debtor's estate under §503(b)(1).

22. A properly filed proof of claim is <u>prima facie</u> evidence of the validity and amount of the claim. <u>In re Fullmer</u>, 962 <u>F</u>. 2d 1463 (10th Cir. 1994), <u>Bankr. Rule</u> 3001(f).

23. To overcome this <u>prima facie</u> effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. <u>See In re Wells</u>, 51 <u>B.R</u>. 563, 566 (D. Colo 1985), <u>Collier on Bankruptcy</u>, §502.02. ("Should objection be taken, the objector must produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations in the proof of claim.")

24. "Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." <u>In re Donne, Jr</u>., 163 <u>B.R</u>. 363 (D. Kan. 1994); <u>In re Allegheny International, Inc</u>., 954 <u>F</u>.2d 167, 173-74 (3d Cir. 1992); <u>In re Resyn Corp. v. United States</u>, 851 <u>F</u>.2d 660, 663-64 (3d Cir. 1988). Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity. <u>In re White</u>, 168 <u>B.R</u>. 825, 829 (Bankr. D. Conn. 1994); <u>see also Raleigh v. Illinois Dep't of Revenue</u>, 530 <u>U.S</u>. 15, 120 <u>S.Ct</u>.

1951, 147 L.Ed.2d 13 (2000) (citing that "burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it").

25. Here, debtors have not set forth any factual contentions to overcome the N.J. Division's properly filed tax proofs of claim. Instead, debtors maintain that the priority claim, Claim No. 1490, should be expunged and disallowed because it is a duplicate and was amended by Claim No. 1515. However, as set forth above, these claims are two separate and distinct proofs of claim involving tax liability for different time periods and against various debtors.

26. Moreover, debtors have provided no documentation to support evidence of the filing of GIT-ER, PRT-FT and SUT returns, or the payment of the deficient and delinquent liabilities noted the priority and administrative tax claims.

27. Based on the foregoing, the N.J. Division objects to the debtors' First Omnibus Objection to Claims and/or Order granting the debtors' First Omnibus Objection to Claims because debtors' have not meet their burden of poof and have failed to overcome the prima facie validity of the N.J. Division's properly filed tax claims as required by Bankr. Rule 3001.

28. For the above stated reasons, the N.J. Division respectfully requests that this Court not grant the debtors' First Omnibus

Objection to its Tax Claims; and/or not enter a Court Order disallowing or expunging its properly filed proofs of claim.

Respectfully submitted,

STUART RABNER
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Amina Maddox
Amina Maddox (AM4641)
Deputy Attorney General

Dated:    October 23, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that on *October 24, 2006*, I caused to be mailed a true copy of this objection to the joint debtors objection to certain tax claims upon the following parties:

Hon. Robert D. Drain, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
U.S. Courthouse
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408
(Via Next Day Mail)


United States Trustee
Deirdre A. Martini
U.S. Dept. of Justice
33 Whitehall Street, Ste. 2100
New York, NY 10004
(Via Regular Mail)

SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
ATTORNEYS AT LAW
Four Times Square
New York, NY 10036
Attn:     Kayalyn A. Marafioti, Esq.
          Thomas J. Matz, Esq.
Attorneys for Reorganized Debtors
(Via Next Day Mail)


            STUART RABNER
            ATTORNEY GENERAL OF NEW JERSEY

            By: /s/ *Amina Maddox*
              Amina Maddox (AM4641)
              Deputy Attorney General,
              Attorney for Creditor,
                N.J. Division of Taxation


Dated:    *October 24, 2006.*