## DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC.
## UNANIMOUS WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS

### Dated as of October 6, 2005

Pursuant to Section 141(f) of Delaware General Corporation Law, the undersigned, being all the members of the Board of Directors (the "Board") of Delphi Automotive Systems (Holding), Inc., a Delaware corporation (the "Corporation"), do hereby adopt, by this written consent, the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board and direct that this written consent be filed with the minutes of the proceedings of the Board:

WHEREAS, the Board has been presented with a proposed petition to be filed by the Corporation in the United States Bankruptcy Court for the Southern District of New York seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Corporation will benefit by the borrowings and use of cash collateral under that certain Revolving Credit, Term Loan and Guaranty Agreement, to be dated the date of the filing of the petition pursuant to Chapter 11 of the Bankruptcy Code (the "Loan Agreement" and together with each other document, instrument or agreement executed by the Corporation or any Guarantor in connection therewith, the "Loan Documents"), among Delphi Corporation (the "Parent") (the ultimate parent of the Corporation), the Corporation, each a debtor and debtor-in-possession in a case to be filed under Chapter 11 of the Bankruptcy Code, and the other subsidiaries of the Parent signatory thereto (each a "Guarantor" and collectively with the Corporation, the "Guarantors"), each of which Guarantors will be a debtor and debtor-in-possession in a case to be filed under Chapter 11 of the Bankruptcy Code (the cases of the Parent and the Guarantors, each a "Case" and collectively, the "Cases"), JPMorgan Chase Bank, N.A. ("JPMCB"), Citigroup USA, Inc. ("CUSA"), each of the other financial institutions from time to time party hereto (together with JPMCB and CUSA, the "Lenders"), JPMCB, as administrative agent (in such capacity, the "Administrative Agent") for the Lenders, and CUSA, as syndication agent (in such capacity, the "Syndication Agent"; together, the Administrative Agent and the Syndication Agent are the "Agents") for the Lenders; which Loan Documents (A) provide the Parent with loan facilities of $2,000,000,000, comprised of (i) a revolving credit and letter of credit facility in an

aggregate principal amount of $1,750,000,000 as set forth therein and (ii) a term loan in an aggregate principal amount of $250,000,000 as set forth therein, (B) require all of the Parent's obligations therein to be guaranteed by the Guarantors, and (C) provide for the proceeds therefrom to be used for working capital and for other general corporate purposes of the Parent and its Subsidiaries, including the making of pension contributions, adequate protection payments to the pre-petition lenders, and the payment of transaction costs, fees and expenses in respect of the contemplated transactions and the Cases and the payment of all Restructuring Costs (as defined in the Loan Agreement);

WHEREAS, the Board has determined that it is in the best interests of this Corporation and its stakeholders that this Corporation file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession would be sought.

NOW THEREFORE, BE IT RESOLVED, that this Corporation file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that each of the president, vice president, secretary, treasurer, assistant secretary, assistant treasurer and chief tax officer of the Corporation be appointed by the Board as an authorized signatory (each, individually, an "Authorized Officer," and, collectively, the "Authorized Officers") in connection with the chapter 11 case authorized herein; and it is further

RESOLVED, that the Authorized Officers or any one of them be, and each of them hereby is, authorized, empowered and directed on behalf of this Corporation to execute and verify a petition in the name of the Corporation under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York in such form and at such time as the Authorized Officer executing said petition on behalf of this Corporation shall determine; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officers or any other officers of the Corporation to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

2

RESOLVED, that the terms and provisions of the Loan Documents, with such deletions or changes therein or additions thereto (substantial or otherwise) as the Authorized Officer executing the same may approve, are hereby adopted and approved in all respects; and that the Corporation hereby is authorized to enter into the Loan Documents and perform its obligations under the Loan Documents and to execute, authorize, deliver, verify, and/or file, or cause to be executed, authorized, delivered, verified and/or filed all necessary documents required to consummate the transactions contemplated thereby, and the Corporation is hereby authorized to borrow and to request letters of credit under the Loan Documents, and to pledge, mortgage or grant a lien or a security interest in, assets of the Corporation as security for such borrowing; and it is further

RESOLVED, that each and every officer, including the Authorized Officers, of the Corporation be, and each of them, acting alone, is hereby authorized, directed and empowered from time to time in the name and on behalf of the Corporation to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Corporation or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the Loan Documents (including, without limitation, any amendments, supplements or modifications to the Loan Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Corporation now or hereafter acquired as contemplated by the Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Corporation, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, his or her execution and delivery thereof to be conclusive evidence that he or she deems it necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority to so act and of his or her approval thereof; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to execute, deliver and perform for and on behalf of the Corporation, as a debtor and debtor-in-possession, such agreements, instruments and any and all other documents and amendments necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Authorized Officer or Authorized Officers so acting; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to authorize the Agent (as

3

defined in the Loan Agreement) to file any Uniform Commercial Code (the "UCC") financing statement the Agent deems necessary or convenient to perfect any lien or security interest granted under any agreement of the Corporation granting security to the Agent for the benefit of the Lenders, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets", "all property now or hereafter acquired" and other similar descriptions of like import and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Corporation and such other filing in respect of intellectual and other property of the Corporation, in each case as the Agent may reasonably request to perfect the security interests of the Agent and the Lenders under the Loan Documents; and it is further

RESOLVED, that the Corporation as an indirect wholly-owned subsidiary of Parent, hereby is authorized and empowered to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, consents, resolutions, documents, certificates and undertakings, and to incur all such fees and expenses as in its judgment shall be necessary, appropriate or advisable to cause and authorize the Corporation to guaranty, including, without limitation, any guaranty required by the Agent as a condition of the Lenders entry into the Loan Documents, the borrowing by the Parent of funds from a Lender or Lenders as any Authorized Officer of the Corporation or Parent deems appropriate, and obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by any one or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Corporation and Parent and the Corporation may grant security interests in and liens upon all or any portion of its assets as may be deemed necessary by any one or more of the Authorized Officers in connection with such borrowings or the use of such cash collateral, including, without limitation, any grant of security, liens or mortgages required by the Agent as a condition of the Lenders entry into the Loan Documents; and it is further

RESOLVED, that Rothschild, Inc. be, and hereby are, employed as financial advisors and investment bankers for the Corporation in the chapter 11 case; and it is further

RESOLVED, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under general retainer as attorneys for the Corporation in the chapter 11 case; and it is further

RESOLVED, that the law firm of Shearman & Sterling LLP be, and hereby are, employed as special counsel for the Corporation in the chapter 11 case; and it is further

RESOLVED, that FTI Consulting, Inc. be, and hereby are, employed as restructuring advisor for the Corporation in the chapter 11 case; and it is further

RESOLVED, that the Authorized Officers of the Corporation be, and each of them, with full authority to act without the others, hereby is, authorized, in the name and on behalf of the Corporation, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers of the Corporation, each of the Authorized Officers of the Corporation be, and they hereby are, authorized and directed to take or perform or cause to be taken or performed all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents in the name and on behalf of the Corporation, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary or advisable in order to carry out fully the intent and purposes of the foregoing resolutions; and it is further

RESOLVED, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED, that this consent may be signed in any number of counterparts, each of which shall be an original and all of which, taken together, shall constitute one and the same instrument and that once signed, this consent shall be filed with the corporate records of the Corporation; and it is further

RESOLVED, that the foregoing resolutions shall be effective upon, and only in the event that, the Parent resolves to file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code.

530440.02-New York Server 5A                                    MSW - Draft October 3, 2005 - 1:51 PM

When signed by all members of the Corporation's Board of Directors, this unanimous written consent shall be effective as of the date first written above.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent of the Board of Directors as of the date first written above.

By: _____
      Mark C. Lorenz

By: _____
      John D. Sheehan

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent of the Board of Directors as of the date first written above.

By: _____
Mark C. Lorenz

By: *[signature]*
John D. Sheehan