UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

      In re                             :     Chapter 11

                                   :

DELPHI CORPORATION, et al.,       :     Case No. 05-44481 (RDD)

                                   :

                     Debtors.   :     (Jointly Administered)

                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### AFFIDAVIT OF JAMES M. KOSHLAND IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANK. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF DLA PIPER LLP AS CORPORATE, EMPLOYMENT, AND INTELLECTUAL PROPERTY COUNSEL FOR DEBTOR MOBILEARIA, INC. NUNC PRO TUNC TO MAY 1, 2006

STATE OF CALIFORNIA

COUNTY OF SAN MATEO

      JAMES M. KOSHLAND being duly sworn, deposes and states as follows:

      1.  I am an attorney admitted to practice before the state and federal courts of the State of California.  I am a member of the law firm of DLA Piper LLP ("DLA Piper"), proposed corporate, employment, and intellectual property counsel to MobileAria, Inc. ("MobileAria"), an affiliate of Delphi Corporation ("Delphi") and a debtor and debtor-in-possession in the above-captioned cases (collectively with Delphi and certain of its U.S. subsidiaries and affiliates, the "Debtors").

      2.  I submit this affidavit (this "Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of DLA Piper As Corporate, Employment, And Intellectual Property Counsel To Debtor MobileAria, Inc. (the "Application"), filed concurrently herewith.

---

[1]      Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

3.   The address and telephone number of DLA Piper's East Palo Alto, California office is 2000 University Avenue, East Palo Alto, CA 94303, (650) 833-2000.

4.   DLA Piper is well-qualified to assist MobileAria in the manner described in the Application.  Attached hereto as Exhibit A is the letter agreement between MobileAria and Gray Cary Ware & Freidenrich, DLA Piper's predecessor (the "Engagement Letter").  Attached hereto as Exhibit B is a copy of the professional biographies and backgrounds of the DLA Piper attorneys who will have primary responsibility for providing the services listed below to MobileAria.

5.   DLA Piper is one of the largest full service law firms in the world with more than 3,000 attorneys who handle a wide range of sophisticated commercial and other business matters for some of the nation's largest companies and non-profit organizations.   Most importantly for present purposes, several members of DLA Piper have extensive experience in corporate, employment, and intellectual property law and their interplay with restructuring and bankruptcy law.  Accordingly, the Debtors believe that DLA Piper is well-qualified to serve as corporate, employment, and intellectual property counsel for MobileAria in these chapter 11 cases in an efficient and effective manner.

6.   DLA Piper has advised MobileAria regarding corporate, employment, and intellectual property matters for the past six years.  Based on the services that DLA Piper has previously provided to MobileAria, DLA Piper is thoroughly familiar with MobileAria's corporate structure, the nature of its financial status, and certain legal matters relating to MobileAria.

7.   Generally, in connection with MobileAria's case, DLA Piper has provided, and will continue to provide, MobileAria with the following types of professional services:

    (a)      To advise and represent MobileAria with respect to general business, corporate, and employment matters as they arise,

    (b)      To maintain MobileAria's rights in intellectual property assets and to counsel MobileAria with respect to its rights in connection with any reorganization, restructuring, sale, or transfer of its intellectual property rights, as may be necessary, and

    (c)      To advise and assist MobileAria with the sale of substantially all of its assets.

8.   In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP as the Debtors' special counsel, the engagement of Togut, Segal & Segal LLP as the Debtors' conflicts counsel, or the engagement of any other counsel for the Debtors, DLA Piper will not be responsible for or undertake any representation with respect to (a) advising MobileAria concerning specific contracts and claims of certain of DLA Piper's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of DLA Piper's existing clients. These existing client relationships are discussed more fully below.

9.   It is DLA Piper's understanding that MobileAria may request that DLA Piper undertake specific matters beyond the limited scope of the responsibilities set forth above. Should DLA Piper agree, in its discretion, to undertake any such matter, it is DLA Piper's understanding that MobileAria will seek further order of this Court.

10.   DLA Piper is making efforts, together with the Debtors' other counsel, to ensure that there is no duplication of effort or work between such firms and DLA Piper. It is DLA Piper's intention that the Debtors' estates should receive the best value possible from the efficient coordination of work among its counsel. DLA Piper believes that its lawyers, and the rest of the lawyers retained in these cases have to date, and will continue to, delineate clearly the

division of work between them so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

11.    DLA Piper is currently engaged on an hourly basis to provide legal services to MobileAria.   DLA Piper's original engagement with MobileAria provided for a special deferment of fees for the first year of the engagement.  In consideration for the deferment, DLA Piper retained the right to purchase up to one-half percent (0.5%) of the outstanding shares of common stock at the current fair market value of MobileAria's stock.  The deferment has expired and DLA Piper did not purchase any of MobileAria's stock under the agreement and hereby expressly waives any right it has to acquire stock in MobileAria.

12.    DLA Piper is listed as an unsecured creditor of MobileAria in the amount of $8,811.98.  According to DLA Piper's accounting records, the correct amount of its claim against MobileAria is $8,770.83.  There are no arrangements between DLA Piper and any entity to share compensation received or to be received in connection with these chapter 11 cases.

13.    Under the applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, MobileAria proposes to pay DLA Piper its standard hourly rates and to reimburse DLA Piper for expenses according to the Debtors' reimbursement policies.  The DLA Piper attorneys who are expected to be principally responsible for the matters in these chapter 11 cases and their respective hourly rates are:

| | |
|---|---|
| James Koshland | $685 |
| Victoria Lee | $495 |
| Michael Standlee | $495 |
| Christie Branson | $405 |

These hourly rates are subject to annual adjustment according to DLA Piper's standard policies, subject to the approval of this Court.

14.    DLA Piper acknowledges that all amounts paid to DLA Piper during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to DLA Piper during these cases are disallowed by this Court, the fees and expenses will be disgorged by DLA Piper and returned to MobileAria or as otherwise ordered by this Court.

15.    DLA Piper categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). DLA Piper acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

16.    Lawyers in other DLA Piper offices currently represent potential creditors of the Debtors in matters not related to MobileAria.  As set forth in the Verified Statement Of DLA Piper Rudnick Gray Cary US LLP Pursuant To Rule 2019 Of the Federal Rules Of Bankruptcy Procedure Regarding Representation Of Multiple Parties filed in these cases, DLA Piper also represents the following parties in connection with Delphi:

a.    DLA Piper's Austin, Texas office represents Silicon Laboratories, Inc. ("Silicon"), an alleged creditor of one or more of the Debtors.  Silicon has asserted claims against Delphi.

b.    DLA Piper's San Diego, California office represents PEC of America Corporation ("PEC"), an alleged creditor of one or more of the Debtors.  PEC has asserted a claim against Delphi.

c.    DLA Piper's San Diego, California office also represents ASE, an alleged creditor of one or more of the Debtors.  ASE has asserted claims against Delphi.

d.      DLA Piper's Baltimore, Maryland office represents Constellation New Energy, Inc. ("Constellation"), an alleged creditor of one or more of the Debtors. Constellation has asserted claims against Delphi.

e.      DLA Piper's Baltimore, Maryland office also represents Computer Sciences Corporation ("CSC") in negotiating a potential service agreement with one or more of the Debtors.

17.    DLA Piper has established a screen isolating the professionals designated to represent MobileAria from the professionals representing Silicon, PEC, ASE, Constellation, or CSC.  The DLA Piper personnel representing MobileAria will not disclose any information relating to the engagement to any personnel representing Silicon, PEC, ASE, Constellation, or CSC.  Conversely, DLA Piper personnel representing Silicon, PEC, ASE, Constellation, or CSC will not disclose any information to the DLA Piper personnel representing MobileAria.  In addition, all MobileAria files and records will be isolated from the personnel representing Silicon, PEC, ASE, Constellation, or CSC.  A memorandum has been issued to all DLA Piper personnel involved in these matters outlining the protocol for maintaining the screen.

18.    DLA Piper represents @Road, Inc. ("@Road") in matters unrelated to MobileAria and its bankruptcy case.  @Road and MobileAria agreed to waive any potential conflicts of interest to allow DLA Piper to represent MobileAria in negotiations for the sale of substantially all of MobileAria's assets.  @Road submitted a Qualified Bid to participate in an auction of MobileAria's assets on July 6, 2006 and submitted a $500,000.00 deposit (the "Good Faith Deposit") to DLA Piper's escrow account pursuant to the bidding procedures. At the auction, @Road was determined to have the successful bid and MobileAria entered into a definitive agreement with @Road to sell substantially all of its assets.  On the evening of July 18,

2006, @Road declined to consummate the purchase of substantially all of MobileAria's assets and requested return of the Good Faith Deposit. MobileAria contended that it was entitled to retain the Good Faith Deposit. DLA Piper notified both MobileAria and @Road that it could not represent either of them in the dispute regarding the Good Faith Deposit and that it would be filing an interpleader action in the bankruptcy case to resolve the dispute. DLA Piper filed an interpleader in the bankruptcy case on July 25, 2006, Adversary Proceeding No. 06-01671. The interpleader action settled on August 4, 2006 and the Good Faith Deposit was disbursed shortly thereafter. The DLA Piper personnel representing DLA Piper in the interpleader action were not the same DLA Piper personnel representing MobileAria in its bankruptcy case.

19.    DLA Piper has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases. DLA Piper maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients. I caused DLA Piper to review and analyze the conflict database to determine whether DLA Piper has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to DLA Piper by the Debtors and Skadden and information contained in the database.

20.    Based upon this research, I have determined that DLA Piper has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to MobileAria, the Debtors, or these chapter 11 cases. These connections are disclosed in <u>Exhibit C</u> hereto. Based upon the search conducted to date, I submit that (a) none of DLA Piper's representations or other connections disclosed herein have resulted or will result in any actual or potential conflict of interest herein, which have not already been consented to and/or expressly waived by MobileAria and/or the

other Debtors, as appropriate, and (b) neither I, nor DLA Piper or any partner, counsel, or

associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse

to MobileAria, the Debtors, or their estates with respect to the matters on which DLA Piper is to

be employed.

      21.   It is my intention that, if DLA Piper becomes aware of any other connections

of which it presently is unaware, DLA Piper will bring them to the attention of this Court and the

U.S. Trustee.

      22.   By reason of the foregoing, I believe that DLA Piper is eligible for

employment and retention by MobileAria pursuant to section 327(e) of the Bankruptcy Code and

the applicable Bankruptcy Rules and Local Bankruptcy Rules.

Dated:   East Palo Alto, CA
         October 17, 2006


                By:  /s/ James M. Koshland
                     James M. Koshland




Sworn to before me this 18th
day of October, 2006


/s/ Victoria I. De Rossett
Notary Public

Exhibit A
**<u>Engagement Letter</u>**

# GrayCary. TECHNOLOGY'S LEGAL EDGE℠

400 Hamilton Avenue
Palo Alto, CA 94301-1809
www.graycary.com
O] 650-833-2009
F] 650-327-3699

## ATTORNEY-CLIENT PRIVILEGE

**May 24, 2000**

Mobilaria, Inc.
26830 Elena Road
Los Altos Hills, California 94027
Attention: Mr. Dan Kolkowitz

Re:    Engagement Letter for Legal Services for Mobilaria, Inc. (the "Company")

Dear Dan:

The purpose of this letter is to confirm our understanding of the representation that Gray Cary Ware & Freidenrich (the "Firm") has agreed to undertake on behalf of the Company, and to set forth the scope and terms of our engagement.

    1.    <u>Scope of Engagement</u>.

    As we discussed, the initial scope of our representation will be to provide legal services with respect to general corporate work. In general, our services may include investigation, research and analysis of legal and factual issues, analysis of applicable law, negotiations with opposing counsel, drafting and preparation of documents, review and comment on documents prepared by others, and written and oral communications with other parties and with you.

    2.    <u>Limitation on Scope of Engagement</u>.

    We wish to make it clear that we are representing the Company as a corporate entity, and not the individuals who will be its shareholders.

    At your request, the Firm is representing the corporation, and thereby indirectly representing the mutual interests of its proposed shareholders. The Rules of Professional Conduct (Rule 3-600) make it clear that, when representing the corporation, we are representing the entity itself, and not its shareholders. In our role as legal counsel, the Firm will provide legal representation appropriate for the corporation, and indirectly therefore for the best interests of all its shareholders. But we will not be an advocate for one shareholder's interests over another's or over the corporation's interests. When conflicting interests between and among shareholders arise, we will make recommendations based upon what we believe to be a fair and reasonable compromise and accommodation between and among the conflicting interests, but our duty and loyalty is to the corporation and we will recommend what we believe to be in the best interests of the corporation, rather than any individual.

Mr. Tom O'Gara
May 24, 2000
Page 2

The existence of the potential for conflicts among the individuals, and among an individual and the corporation, suggests that you may be well advised to engage separate and independent legal counsel to advise you in these areas. You have informed us that the proposed shareholders have a good working relationship, pursuant to which they have mutually decided upon a satisfactory resolution to the issues which we have brought to your attention to date, together with those which you have identified and discussed among themselves. You have also informed us that you believe that the proposed shareholders have either already reached or can quickly reach resolution on these issues. Therefore, you have asked the Firm to serve as legal counsel for the corporation and have elected not to engage separate counsel for each of the proposed shareholders.

If a situation arises in the future which the Firm feels creates a conflict among the shareholders, we will endeavor to identify it and to ascertain that you have reached a mutual resolution satisfactory to each of the shareholders. While we will advise the management of the corporation as to what we believe to be the fair and appropriate resolution of any such conflict, the Firm will not advocate on behalf of any one of the shareholders. In short, the Firm will now serve and will continue to serve as legal counsel for the corporation and not for one of the shareholders against the interests of the others.

If you would like to have independent legal counsel review this engagement letter, or if at any time during the course of our representation any shareholder would like to have independent legal counsel to represent his or her own individual interests, he or she should feel free to do so. As the legal counsel to the corporation, we will be glad to provide you with names of counsel for your interview and selection and will be glad to discuss with counsel of your choosing any issues arising between the corporation and you.

3.    <u>Progress and Reporting</u>.

We will report regularly on the status of the matter, and on significant developments as they occur. It is also our practice to provide copies to you of all significant documents, and to inform you of all significant communications in the matter. We will forward our written communications to you.

We ask that you remain in close contact with us and that you be available to consult with us as developments occur and to instruct and give us authority as necessary. If you have any questions or concerns about the matter, we ask that you raise them with us immediately so that they can be promptly and effectively addressed and resolved.

We communicate from time to time with our clients using telecopiers, cell telephones and email. As you are no doubt aware, these forms of communication are not secure against unauthorized access. These forms of communication do not ensure the confidentiality of their contents and there is therefore some risk of disclosure and loss of attorney-client privilege in using these forms of communication. If you object to our using any one or more of these forms of communication, please let us know immediately and we will attempt to honor that request.

4.    <u>Staffing</u>.

Mr. Tom O'Gara
May 24, 2000
Page 3

I will be the Company's principal contact at the firm. We will be in direct contact on a regular basis, and we will keep generally abreast of all legal work being performed for the Company. To meet the Company's needs, we will introduce you to other attorneys in the firm who can provide the specific expertise required to deal with issues as they arise. We will attempt wherever possible to make work assignments in a way that maximizes legal effectiveness and time efficiency and minimizes the Company's legal expenses.

5.    Basis for Legal Fees.

Like other full service law firms, our services are recorded, and generally are charged, on an hourly basis. Gray Cary has a standard hourly rate for each attorney, paralegal and law clerk in the firm. These hourly rates are based on a variety of factors, including the experience and expertise of each individual and rates being charged by other firms providing similar services in the markets we serve. For example, the standard hourly billing rates of our attorneys currently range from $155.00 to $525.00, depending on the attorney's experience and seniority. Paraprofessional time is currently billed at hourly rates varying between $50.00 and $300.00. For large merger and acquisition transactions, our attorneys' hourly rates are somewhat higher. For certain matters, such as foreign trademark registrations, we charge on a fixed fee basis. We review our billing rates from time to time and make such periodic changes as we consider necessary for us to remain competitive.

6.    Special Fee Arrangements.

As we have discussed, our business strategy is to build strong relationships with promising emerging companies such as the Company, assist them in achieving their initial objectives and, based upon the development of a close working partnership, continue to provide services to them as they grow. Accordingly, we are prepared to offer certain special fee arrangements that will be applicable for our engagement with the Company and that will modify our standard fees as outlined above. These special fee arrangements will be in effect for the period beginning on the date of our engagement and ending on the closing date of a financing or series of financings of the Company where aggregate gross proceeds to the Company equal or exceed $1,000,000 (the "financing") (the "Special Fee Period"). These special fee arrangements are as follows:

(a)    We will provide the Company with up to $15,000 of deferred billing for legal services (calculated on the basis of our normal hourly rates), for services relating to our initial engagement as described in paragraph 1 above, and other corporate, securities, intellectual property, licensing, real estate, tax and employment law matters ("General Services"), as we shall mutually agree. Upon the closing of the financing, the Company will pay all fees then accrued. Thereafter, fees will be payable on a regular monthly basis as billed. To keep you apprised of the status of the Company account, we will provide you with an invoice on a monthly basis, showing the calculation of applicable deferred fees. If the amount of deferred fees reaches $15,000, we may ask that you meet with us to discuss a program under which you will begin to pay the deferred amounts in installments and that you pay for further services on a current basis.

(b)    The foregoing deferral will not apply to legal services in connection with an IPO or a merger or acquisition transaction, to patent prosecution services, or to litigation, patent or

Mr. Tom O'Gara
May 24, 2000
Page 4

other complex matters not presently anticipated, all of which would be subject to our standard billing arrangements unless we agree otherwise on a case-by-case basis.

(c)    In order to provide us with an opportunity to better understand the Company's business and to enhance our ability to assist the Company as effective advisors and counselors, we will provide up to 25 hours annually of attendance at meetings of the Company's Board of Directors without charge, except to the extent that our presence at a meeting is requested to address specific legal issues such as litigation, equity compensation matters or a proposed financing or strategic transaction.

(d)    Fees for services rendered after the Special Fee Period will be subject to our normal billing arrangements, unless otherwise agreed. The deferral set forth above shall apply only to our legal fees and not to costs and expenses that we incur for the Company's account, which shall be reimbursable to us in full and payable on a current basis as billed. In addition, all deferrals are conditioned upon timely payment of our fees as they become due and upon the assumption that we will serve as the Company's principal outside counsel for matters within the scope of our engagement.

(e)    Should the Company be acquired by another entity (through a merger or otherwise) within the first twelve months following our engagement, we will bill the Company the aggregate amount of fees deferred to date.

7.    <u>Investment in the Company</u>.

(a)    In consideration of the foregoing special fee arrangements, the Firm will purchase one-half percent (0.5%) of the outstanding shares of common stock at the current fair market value of the Company's common stock.

(b)    In addition, as we discussed, our firm's investment partnership may have an interest in participating in the financing or subsequent financings, if any. Accordingly, we ask that you consider, if appropriate, providing the partnership an opportunity to acquire up to $100,000 of stock as a part of the financings, on the same terms as the other investors.

8.    <u>Billing Procedures</u>.

I will review the time records monthly before a statement is rendered. This review may result in upward or downward adjustments in the statement, where appropriate, in our judgment. For example, time may be adjusted downward for duplication of effort, for training time beyond the normal adjustments for attorney experience already factored into our hourly rates, or in other situations where we believe it would not be appropriate to charge you for the full time spent on the project. On the other hand, the statement may be adjusted upward to reflect more accurately the value of our services because of a special level of expertise in the subject matter of the engagement, the complexity of the matter, the intensity of our efforts (such as meeting special deadlines), the responsibility assumed, the results obtained due to innovation, or other special efforts or circumstances not accurately reflected in hourly rates.

Mr. Tom O'Gara
May 24, 2000
Page 5

It is our policy to serve our clients with the most effective support system available, while at the same time allocating costs of such systems to the clients who use them. Therefore, in addition to fees for legal services, we also charge for long distance telephone, telex, courier and other communication costs, photocopy duplication, computer research facilities (such as LEXIS, DIALOG and WESTLAW), court reporters and other out-of-pocket costs incurred on your behalf.

Statements will be rendered to you on a monthly basis. However, in our discretion or upon your request, we will prepare periodic informational statements setting forth the approximate level of fees incurred to date in substantial transactions, subject to adjustment as appropriate at the conclusion of the transaction.

We make every effort to include disbursements in the statement for the month in which the disbursements are incurred. However, some of the disbursements, such as telephone charges, are not available to us until the following months, in which case a supplemental statement will be rendered to you for these additional charges.

Statements are due and payable on receipt, but in any event no later than thirty (30) days after they are rendered to you. As our statements reflect time expended anywhere from 15 to 45 days prior to the statement date, we would appreciate receiving payment for our services upon presentation.

9.    Record Retention.

At the conclusion of this matter, the Firm will return to you any valuable property you have entrusted to us, the Firm will dispose of any and all superfluous documents consistent with maintaining the confidentiality of the contents of those documents, and the Firm will store the entire balance of the file, at the Firm's expense, for at least five (5) years. After the five (5) year retention period, unless you may make other arrangements and pick up the file, the file will be disposed of in the regular course of business, at the Firm's expense, consistent with maintaining the confidentiality of its contents.

Mr. Tom O'Gara
May 24, 2000
Page 6

    10.    <u>Arbitration</u>.

        We appreciate the opportunity to serve as your attorneys and anticipate a productive, harmonious relationship. If you become dissatisfied for any reason with the services we have performed or the fees charged, we encourage you to bring that to our attention immediately. If we perceive a problem with the representation, we will discuss it with you. Most such problems should be rectified by communication and discussion. However, a dispute could arise between us which cannot be resolved by negotiation. We believe that such attorney-client disputes are most satisfactorily resolved through binding arbitration than by litigation in court.

        Arbitration is a process by which both parties to a dispute agree to submit the matter to a retired judge or other arbitrator who has expertise in the area and to abide by the arbitrator's decision, instead of litigating in court. In arbitration, there is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review. Arbitration rules of evidence and procedure are often less formal and rigid than in a court trial. Arbitration usually results in a decision much more quickly than proceedings in court, and the attorneys' fees and other costs incurred by both sides are usually substantially less.

        Both the United States and California Supreme Courts have endorsed arbitration as an accepted and favored method of resolving disputes, because it is economical and expeditious. Arbitration is also less acrimonious and more confidential than traditional litigation and is therefore particularly suited to resolution of disputes between attorneys and their clients. You are free to discuss the advisability of arbitration with us or your independent counsel or any of your other advisors and to ask any questions which you have.

        By signing this letter, you agree that any controversy or claim arising out of or relating to this engagement will be resolved by binding arbitration, including any controversy or claim arising out of or relating to this agreement, our relationship, the quality or scope of services rendered, the fees charged, the appropriateness of actions taken or not taken, or any other matter relating to our representation. Binding arbitration will be conducted by a panel of three arbitrators, selected from the American Arbitration Association panel for the Large Complex Case Program. The arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The parties shall allow and participate in discovery in accordance with the Federal Rules of Civil Procedure for a period of ninety days after the filing of an answer or another responsive pleading. Unresolved discovery disputes may be brought to the attention of the chair of the arbitration panel and shall be disposed of by the chair of the panel. Judgment upon the award rendered by the arbitrators may be enforced in any court of competent jurisdiction. Unless and until the arbitrators decide that one party is to pay for all (or a share) of the arbitrators' fees and expenses, both parties shall share equally in the payment of the arbitrators' fees as and when billed by the arbitrators.

        *Your agreement to arbitrate disputes is not a condition of our agreeing to represent you, and if you do not wish to agree to arbitrate, you should advise us before signing this letter, so that we can delete this section of the agreement.*

Mr. Tom O'Gara
May 24, 2000
Page 7

     We look forward to representing you and thank you for looking to us to assist you. If you have any questions concerning the contents of this letter, or any matter relating to our legal representation, please do not hesitate to call me directly.

     11.   <u>Independent Legal Review</u>.

     The Firm has written this engagement letter on its own behalf. Please feel free to seek independent legal advice from legal counsel of your choosing in order to review this engagement letter, should you wish to pursue that option. As we wish to provide you ample opportunity to consult with independent counsel, we do not require that you return this letter immediately. If you wish, we will be glad to provide you with names of counsel for your interview and selection and to discuss with such counsel any issues arising under this engagement letter.

Once again, we are pleased to have the opportunity to represent the Company and we look forward to working with you and your colleagues.

Very truly yours,

**Gray Cary Ware & Freidenrich** LLP

By: _____

James M. Koshland
*jkoshland@graycary.com*

Enclosures

**APPROVED AND ACCEPTED**

MOBILARIA, INC.

By: _____
    Dan Kolkowitz,

Date: _____6/12/00_____

Mr. Tom O'Gara
May 24, 2000
Page 8

## RULE 3-310

The California Rules of Professional Conduct set forth certain requirements in connection with attorneys representing conflicting interests.  In relevant part, Rule 3-310 provides:

"(A)    For purposes of this rule:

(1)    "Disclosure" means informing the client of former client of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the client or former client;

(2)    "Informed written consent" means the client's or former client's written agreement to the representation following written disclosure;

(3)    "Written" means any writing as defined in Evidence Code section 250.

(B)    . . . .

(C)    A member [of the State Bar] shall not, without the informed written consent of each client:

(1)    Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or

(2)    Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or

(3)    Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

(D)    . . . .

(E)    A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reasons of the representation of the client or former client, the member has obtained confidential information material to the employment.

(F)    . . . ."

Mr. Tom O'Gara
May 24, 2000
Page 9

**RULE 3-600**

"(A)    In representing an organization, a member shall conform his or her representation to the concept that the client is the organization itself, acting through its highest authorized officer, employee, body, or constituent overseeing the particular engagement.

(B)    If a member acting on behalf of an organization knows that an actual or apparent agent of the organization acts or intends or refuses to act in a manner that is or may be a violation of law reasonably imputable to the organization, or in a manner which is likely to result in substantial injury to the organization, the member shall not violate his or her duty of protecting all confidential information as provided in Business and Professions Code section 6068, subdivision(e), the member may take such actions as appear to the member to be in the best lawful interest of the organization. Such actions may include among others:

(1)    Urging reconsideration of the matter while explaining its likely consequences to the organization; or

(2)    Referring the matter to the next higher authority in the organization, including, if warranted by the seriousness of the matter, referral to the highest internal authority that can act on behalf of the organization.

(C)    . . . .

(D)    . . . .

(E)    . . . ."

Mr. Tom O'Gara
May 24, 2000
Page 10

## GRAY CARY WARE & FREIDENRICH LLP
### INFORMATION FOR CLIENTS

Gray Cary Ware & Freidenrich LLP is pleased to have the opportunity to serve you. We are providing the following information about some of our standard client service practices and billing procedures. These practices and procedures will apply to your account unless you have reached a different written understanding with us.

PERSONNEL

One lawyer will generally be assigned primary responsibility for seeing that your legal needs are met. When appropriate, additional lawyers may from time to time assist or replace others in rendering legal services. We attempt to assign lawyers and other personnel on the basis of experience, expertise, nature and scope of the issues, and the time constraints imposed by the matter.

BASIS FOR FEES

Our fees for a particular matter may be based upon a variety of factors, depending on the nature of the representation. Those factors might include the time spent on the matter; the novelty and difficulty of the questions involved; the experience, reputation, and abilities of the lawyers rendering the services; the amount at issue; the results obtained; time limitations imposed by you or by the circumstances of the matter; and whether work on this matter will preclude the firm from rendering services to other clients. We are guided (but not controlled) in setting fees by the customary hourly rates of our lawyers and legal assistants for working on comparable matters. These rates may be adjusted periodically.

COSTS AND EXPENSES

We may from time to time advance or incur certain costs and expenses that will be charged to you. Such charges include court filing fees, deposition or transcript fees, consulting or expert witness fees and expenses, title company reports, long distance telephone charges, photocopying, computerized printing, computerized legal research, travel expenses, messenger services and overhead on certain services. All such expenses are your responsibility and we assume no liability for payment. For administrative ease, Gray Cary Ware & Freidenrich LLP, acting on your behalf, may advance payment to certain of these providers if your account is current. When the amounts involved are large, however, we will forward invoices to you for direct payment.

MONTHLY INVOICES

Gray Cary Ware & Freidenrich LLP typically bills on a monthly basis, and payment is due upon receipt of the invoice. If you have an outstanding prior balance, this balance will be reflected on your current statement.

Mr. Tom O'Gara
May 24, 2000
Page 11

CONFLICTS OF INTEREST

We have performed a name check of our other clients to see if our representation of you would create a conflict of interest for Gray Cary Ware & Freidenrich LLP. That check was done using your name and other names you gave us before we commenced working for you. Please inform us immediately if you use other names or have affiliated companies that you want entered into our conflicts system, or if you become aware of any additional parties or entities to which your interests are, or may become, adverse in the matter.

DELINQUENT ACCOUNTS

Gray Cary Ware & Freidenrich LLP, like other businesses, has substantial cash demands that require the firm to borrow money if its accounts are not paid promptly. Thus, we must add a late payment charge to accounts not paid within thirty days of the invoice date. The late payment charge is currently assessed at a rate of 1 1/2% per month on any unpaid balance. In the event that an account becomes delinquent, the firm employs the same prudent collection procedures used by other businesses to ensure that the vast majority of the firm's clients who do pay their bills promptly are not penalized for the additional costs attributed to delinquent bills. If it becomes necessary for us to file suit or to engage a collection agency for collection of our fees or disbursements, you shall pay all our related costs and expenses, including reasonable attorneys' fees.

TERMINATION OF SERVICES

We retain the right to cease performing legal services, and to terminate our representation of you, for any reason consistent with the applicable ethical rules, including unanticipated conflicts of interest or delinquency or nonpayment of legal fees and expenses incurred on your behalf.

QUESTIONS

One of our goals is to ensure that legal services are delivered effectively and efficiently and that all billings are accurate and understandable. Please direct any questions about services or billing practices to the lawyer responsible for your account. Any questions regarding the billing or payment status of your account should be promptly directed to the Client Account Management staff in our Palo Alto office at (650) 328-6561.

GRAY CARY WARE & FREIDENRICH LLP

Gray Cary\PA\10035924.1
9999998-91028JMK:

Exhibit B
**<u>Professional Biographies</u>**



## People



**James M. Koshland** | Partner | Chair, Emerging Growth and Venture
Capital Practice Group

jim.koshland@dlapiper.com

2000 University Avenue
East Palo Alto, California 94303
United States
T: (650) 833-2009
F: (650) 833-2001

💷 Add to Address Book

➢ **Overview**

**RELATED GLOBAL SERVICES**
➢ Corporate and Finance
**UNITED STATES
RELATED SERVICES**
➢ Corporate and Securities
➢ Mergers and Acquisitions
➢ Emerging Growth and
   Venture Capital
➢ Private Equity
➢ Life Sciences

**James Koshland** concentrates in emerging growth
companies; venture capital; general commercial; and
mergers and acquisitions.

His practice includes formation and follow-on work for
venture capital-backed companies, among them
AuctionDrop, Casecentral, Caspian Networks, Dust
Networks, Luminous Networks, Orb Networks, TuVox,
and XFire.

**EDUCATION**
J.D., Stanford University
1978

B.A., Haverford College
1973
  History

**ADMISSIONS**
California

Mr. Koshland also is extensively experienced in multimillion-dollar technology
transfer and license agreements between various technology, software, and
Internet companies and public offerings and follow-on representation of such public
companies as Virage and Immersion. Mr. Koshland also has represented many
technology companies in mergers and acquisitions.

**Civic and Charitable**
➢ Past and current service on boards of directors of several public and private
  companies, including Launch Media, Inc., Levi Strauss & Co., Paraform, Inc.,
  and Storm Technology, Inc.
➢ Board of Directors, San Francisco Jewish Federation and the San Francisco
  Jewish Endowment Fund
➢ Board of Directors, San Francisco School Volunteers
➢ Strategic Council for the Dean of the Stanford Law School
➢ Board of Trustees, University of California Berkeley Foundation



The Martindale-Hubbell Peer Review icon is a service mark of Reed Elsevier Properties Inc.,
used under permission from Reed Elsevier Properties Inc. in accord with the terms and
conditions established by Martindale-Hubbell.



**PIPER RUDNICK GRAY CARY**

## People



### Victoria Lee | Partner

victoria.lee@dlapiper.com

2000 University Avenue
East Palo Alto, California 94303
United States
T: (650) 833-2091
F: (650) 833-2001

1200 Nineteenth Street, NW
Washington, DC, 20036-2412
United States
T: (202) 861-3823

Add to Address Book

**Vicky Lee** concentrates in general business counseling; start-up companies; intellectual property counseling; technology transfer; and distribution and licensing.

**Recent Matters:**

➤ Company counsel for high technology and multimedia startup companies, representing them in general corporate matters, venture capital financing, and general intellectual property matters, including the development of format distribution and sale agreements.

➤ Participated in negotiations and documentation of the strategic joint development agreement for a publicly held global positioning satellite technology company.

➤ Assisted in drafting strategic development and license agreements between a multibillion-dollar publicly held software company and a telecommunications company.

➤ Advised a shipping container company in various software systems acquisition and software development agreements.

➤ Served as outside general counsel to privately held networking companies and assisted them when they were each acquired by different publicly held companies in multimillion-dollar mergers.

➤ Rendered advice in connection with initial public offerings of various application software companies.

➤ Negotiated and drafted complex asset transfer and license agreements for liquid crystal light valve technology in connection with the restructuring of a multimillion-dollar joint venture between a multinational foreign corporation and a publicly held US company.

➤ Represented a developer of photoscanning software in the acquisition of a foreign photoscanning hardware manufacturer, involving the negotiation and drafting of complex distribution, asset transfer, manufacturing, and sales representative agreements.

➤ Represented a multinational foreign corporation in negotiating and documenting a complex strategic relationship with a privately held US company for next-generation emission displays.

➤ Represented both acquirers and targets and purchasers and sellers in

➤ **Overview**

**RELATED GLOBAL SERVICES**
➤ Corporate and Finance
➤ Technology, Media and Communications
➤ Legislative and Regulatory

**UNITED STATES RELATED SERVICES**
➤ Corporate and Securities
➤ Communications
➤ Mergers and Acquisitions
➤ Emerging Growth and Venture Capital
➤ Public Company and Corporate Governance

**EDUCATION**
J.D., University of California at Davis 1993

B.A., University of California at Davis 1990
History, Economics

**ADMISSIONS**
California

numerous mergers, acquisitions, and technology asset sales and purchases.

**Publications**

➢ "The Hidden Trap in Buying Targets with Technology Licenses," *Mergers & Acquisitions*, Vol. 36, No.3 (March 2001)

**Languages Spoken**
Chinese



**DLA PIPER RUDNICK GRAY CARY**

## People



» **Overview**

**RELATED NEWS**
» DLA Piper Represents Maxtor Corporation In 144a Offering Firm Has Also Closed Two IPOs During The Last Week

**RELATED GLOBAL SERVICES**
» Corporate and Finance
**UNITED STATES**
**RELATED SERVICES**
» Corporate and Securities
» Mergers and Acquisitions
» Finance
» Financial Restructuring and Bankruptcy
» Private Equity

### Michael C. Standlee | Partner

michael.standlee@dlapiper.com

2000 University Avenue
East Palo Alto, California 94303
United States
T: (650) 833-2347
F: (650) 833-2001

Add to Address Book

**Michael C. Standlee** concentrates in representation of borrowers and lenders in domestic and international commercial financing transactions. This includes working capital, acquisition, bridge, equipment lease, public debt, and debtor-in-possession financings; representation of borrowers in out-of-court secured debt restructuring transactions; representation of parties in interest in business bankruptcy proceedings and non-bankruptcy reorganizations, including representing buyers and secured lenders in asset sale transactions with bankruptcy trustees, assignees for the benefit of creditors, and financially distressed borrowers; and representation of licensors and licensees of intellectual property rights in structuring and documentation of transactions with insolvent companies.

**EDUCATION**
J.D., University of Southern California 1994 *with honors*

B.A., Claremont McKenna College 1991 *cum laude*

**ADMISSIONS**
California

### Memberships

» American Bar Association
» California Bar Association
» Bar Association of San Francisco-Commercial Law Section
» Bay Area Bankruptcy Forum

### Prior Experience

» Stutman, Treister & Glatt PC, Los Angeles, California



## People

➤ **Overview**

**RELATED NEWS**
➤ DLA Piper Represents
  Pinnacle Systems in
  Merger

**RELATED GLOBAL SERVICES**
➤ Corporate and Finance
**UNITED STATES
RELATED SERVICES**
➤ Corporate and Securities
➤ Mergers and Acquisitions
➤ Emerging Growth and
  Venture Capital
➤ Capital Markets

## Christie L. Branson | Associate

christie.branson@dlapiper.com

2000 University Avenue
East Palo Alto, California 94303
United States
T: (650) 833-2092
F: (650) 833-2001

Add to Address Book

**Christie L. Branson** concentrates in venture capital
financings; mergers and acquisitions; public securities
offerings; preparation of public company SEC filings;
and general corporate counseling of public and private
companies.

**EDUCATION**
J.D., Santa Clara
University 2001
  Dean's List; Recipient of
  Certificate in High
  Technology Law; Senior
  Comments Editor, Santa
  Clara Computer & High
  Technology Law Journal

B.A., University of
California at Santa
Barbara 1997
  Sociology and
  Communications Studies

**ADMISSIONS**
California

### Merger & Acquisitions:

➤ Representation of Accruent, Inc. in its asset
  purchase of National Facilities Group, Inc.
➤ Representation of Advanced Research and
  Applications Corp. (ARACOR) in its acquisition by
  Osi Systems, Inc. (NASDAQ: OSIS)
➤ Representation of CRC Health Corporation in its
  asset purchase of Center for Behavioral Health
➤ Representation of Essex Environmental in its
  acquisition by TRC Companies, Inc. (NYSE: TRR)
➤ Representation of Bruker AXS Inc. in a merger with Bruker Daltonics Inc.
  (NASDAQ: BRKR)
➤ Representation of Virage, Inc. in its acquisition by Autonomy PLC (NASDAQ:
  AUTN)
➤ Representation of Intraspect, Inc. in its acquisition by Vignette Corporation
  (NASDAQ: VIGN)
➤ Representation of Sahasra Networks in its acquisition by Cypress
  Semiconductor Corporation (NYSE: CY)

### Venture Capital Financings:

➤ Representation of Redrock Ventures and ArrowPath Ventures in the Series B
  financing of Siperian, Inc.
➤ Recapitalization, Series A-1, Series B-1, and Series C-1 financings of Ketera
  Technologies
➤ Series B financing of Cooligy Inc.
➤ Series D financing of PortalPlayer, Inc.
➤ Series 2 and Series 3 financings of Evant, Inc.
➤ Series B financing of 24/7 Customer.com
➤ Series B financing of Discera, Inc.

> Series E financing of On24, Inc.
> Public Equity Offerings:
> > Representation of JP Morgan and Lehman Brothers as lead
> > underwriters in the initial public offering of TNS, Inc. (NYSE: TNS)
> Offering of Immersion Corporation preferred stock to Microsoft Corporation

**General Corporate Counseling:**

> Packeteer, Inc. (NASDAQ: PKTR)
> Extreme Networks, Inc. (NASDAQ: EXTR)
> Power Integrations, Inc. (NASDAQ: POWI)
> 24/7 Customer.com
> Evant, Inc.
> Cooligy Inc.
> Ketera Technologies, Inc.
> Discera, Inc.
> On24, Inc.
> Sonic Focus Inc.
> Simply Hired, Inc.

**Civic and Charitable**

> Pro bono representation in minor guardianships and proceedings against the
> Social Security Administration

**Publications**

> "Was $ 7.5 Million a Good Deal for Business.com? The Difficulties of
> Obtaining Trademark Protection and Registration for Generic and Descriptive
> Domain Names," 17 *Computer & High Tech. L.J.* 285 (2001)

**Prior Experience**

> Summer Associate, Manatt, Phelps & Phillips, Los Angeles/Palo Alto
> Summer Associate, William Peter Kosmas, Attorney at Law, London
> Admissions Counselor, Admissions & Relations with Schools, UC Santa
> Barbara
> Congressional Intern, UC Office of Federal Government Relations,
> Washington, D.C.

Exhibit C
**Relationship Check Summary**

**Debtor and Subsidiaries**

As explained in the Declaration, DLA Piper represents the following parties in connection with Delphi and its Subsidiaries (but not MobileAria):

DLA Piper's Austin, Texas office represents Silicon Laboratories, Inc., an alleged creditor of one or more of the Debtors.  Silicon has asserted claims against Delphi.

DLA Piper's San Diego, California office represents PEC of America Corporation, an alleged creditor of one or more of the Debtors.  PEC has asserted a claim against Delphi.

DLA Piper's San Diego, California office also represents ASE, an alleged creditor of one or more of the Debtors.  ASE has asserted claims against Delphi.

DLA Piper's Baltimore, Maryland office represents Constellation New Energy, Inc., an alleged creditor of one or more of the Debtors.  Constellation has asserted claims against Delphi.

DLA Piper's Baltimore, Maryland office also represents Computer Sciences Corporation in negotiating a potential service agreement with one or more of the Debtors.


**Joint Owners of Subsidiaries**

Mayfield Fund – representation in matters unrelated to MobileAria and its Chapter 11 case

Raytheon Company -- representation in matters unrelated to MobileAria and its Chapter 11 case

**Customers**

Daewoo Motor -- representation in matters unrelated to MobileAria and its Chapter 11 case

Denso -- representation in matters unrelated to MobileAria and its Chapter 11 case

General Motors Corp. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Harley Davidson -- representation in matters unrelated to MobileAria and its Chapter 11 case

Magna International Inc. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Nissan North America -- representation in matters unrelated to MobileAria and its Chapter 11 case

Afta-Gevaert -- representation in matters unrelated to MobileAria and its Chapter 11 case

Cardinal Health – representation in matters unrelated to MobileAria and its Chapter 11 case

Hewlett-Packard Co. -- representation in matters unrelated to MobileAria and its Chapter 11 case

International Truck & Engine Corp. – representation in matters unrelated to MobileAria and its Chapter 11 case

Key Safety Systems, Inc. -- representation in matters unrelated to MobileAria and its Chapter 11 case

KLA Tencor Corp. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Matco Tools -- representation in matters unrelated to MobileAria and its Chapter 11 case

Veralink Corporation -- representation in matters unrelated to MobileAria and its Chapter 11 case

**Insurance Providers**

AIG/American International Group, Inc. -- representation in matters unrelated to MobileAria and its Chapter 11 case

American International Companies – representation in matters unrelated to MobileAria and its Chapter 11 case

AON Risk Services -- representation in matters unrelated to MobileAria and its Chapter 11 case

Lexington Insurance Companies -- representation in matters unrelated to MobileAria and its Chapter 11 case

Metlife -- representation in matters unrelated to MobileAria and its Chapter 11 case

St. Paul Fire & Marine Insurance Company -- representation in matters unrelated to MobileAria and its Chapter 11 case

University of Michigan – representation in matters unrelated to MobileAria and its Chapter 11 case

Zurich American Insurance Company -- representation in matters unrelated to MobileAria and its Chapter 11 case

Allianz of America Corp. -- representation in matters unrelated to MobileAria and its Chapter 11 case

American International Specialty Lines Insurance Co. – representation in matters unrelated to MobileAria and its Chapter 11 case

Gulf Underwriters Insurance -- representation in matters unrelated to MobileAria and its Chapter 11 case

Liberty Mutual Insurance Co. – representation in matters unrelated to MobileAria and its Chapter 11 case

Tokio Marine -- representation in matters unrelated to MobileAria and its Chapter 11 case

AUI -- representation in matters unrelated to MobileAria and its Chapter 11 case

American Home Assurance Co. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Arch Insurance Group -- representation in matters unrelated to MobileAria and its Chapter 11 case

Chubb Custom Insurance -- representation in matters unrelated to MobileAria and its Chapter 11 case

Continental Casualty Co. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Federal Insurance Co. – representation in matters unrelated to MobileAria and its Chapter 11 case

National Union Fire Insurance Co. – representation in matters unrelated to MobileAria and its Chapter 11 case

Steadfast Insurance Company -- representation in matters unrelated to MobileAria and its Chapter 11 case

The Hartford -- representation in matters unrelated to MobileAria and its Chapter 11 case

**Vendors**

3M Company – representation in matters unrelated to MobileAria and its Chapter 11 case

A Agrati Spa -- representation in matters unrelated to MobileAria and its Chapter 11 case

American President Lines Ltd -- representation in matters unrelated to MobileAria and its Chapter 11 case

Aramark -- representation in matters unrelated to MobileAria and its Chapter 11 case

Autoliv Asp, Inc. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Carlisle Companies -- representation in matters unrelated to MobileAria and its Chapter 11 case

Deloitte & Touche – representation in matters unrelated to MobileAria and its Chapter 11 case

Electronic Data Systems Corp – representation in matters unrelated to MobileAria and its Chapter 11 case

General Electric Capital Corp./General Electric Co. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Illinois Tool Works – representation in matters unrelated to MobileAria and its Chapter 11 case

Metropolitan Life Insurance Co. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Motorola -- representation in matters unrelated to MobileAria and its Chapter 11 case

NEC Electronics -- representation in matters unrelated to MobileAria and its Chapter 11 case

NEC Corp. – representation in matters unrelated to MobileAria and its Chapter 11 case

NSK Ltd -- representation in matters unrelated to MobileAria and its Chapter 11 case

PriceWaterhouseCoopers LLP – representation in matters unrelated to MobileAria and its Chapter 11 case

Sequa Corp. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Texas Pacific Group -- representation in matters unrelated to MobileAria and its Chapter 11 case

TRW Automotive -- representation in matters unrelated to MobileAria and its Chapter 11 case

Tyco -- representation in matters unrelated to MobileAria and its Chapter 11 case

UVA Machine Co. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Yazaki Corp. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Bayer AG -- representation in matters unrelated to MobileAria and its Chapter 11 case

Hayes Lemmerz International, Inc. – representation in matters unrelated to MobileAria and its Chapter 11 case

Microchip Technology, Inc. – representation in matters unrelated to MobileAria and its Chapter 11 case;

Mittal Steel – representation in matters unrelated to MobileAria and its Chapter 11 case

Shell Oil – representation in matters unrelated to MobileAria and its Chapter 11 case

Texas Instruments – representation in matters unrelated to MobileAria and its Chapter 11 case

SIRVA Relocation LLC -- representation in matters unrelated to MobileAria and its Chapter 11 case

EI Dupont de Nemours & Co. – representation in matters unrelated to MobileAria and its Chapter 11 case

Saturn Corp. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Wal-Mart Stores -- representation in matters unrelated to MobileAria and its Chapter 11 case

Toronto Dominion Bank – representation in matters unrelated to MobileAria and its Chapter 11 case

Basell USA Inc. – representation in matters unrelated to MobileAria and its Chapter 11 case

Carpenter Technology Corp. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Dana Corporation – representation in matters unrelated to MobileAria and its Chapter 11 case

Exxon Mobil – representation in matters unrelated to MobileAria and its Chapter 11 case

Futaba Corp -- representation in matters unrelated to MobileAria and its Chapter 11 case

Corus Group -- representation in matters unrelated to MobileAria and its Chapter 11 case

University HealthSystem Consortium -- representation in matters unrelated to MobileAria and its Chapter 11 case

Asahi Glass Co. -- representation in matters unrelated to MobileAria and its Chapter 11 case

**Professionals**

Sedgwick Claims Management Services, Inc. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Shearman & Sterling LLP -- representation in matters unrelated to MobileAria and its Chapter 11 case

BBK, Ltd. – representation in matters unrelated to MobileAria and its Chapter 11 case

Ernst & Young – representation in matters unrelated to MobileAria and its Chapter 11 case

FTI Consulting -- representation in matters unrelated to MobileAria and its Chapter 11 case

KMPG LLC -- representation in matters unrelated to MobileAria and its Chapter 11 case

Southwest Research -- representation in matters unrelated to MobileAria and its Chapter 11 case

TBM -- representation in matters unrelated to MobileAria and its Chapter 11 case

Watson Wyatt – representation in matters unrelated to MobileAria and its Chapter 11 case

Booz-Allen Hamilton – representation in matters unrelated to MobileAria and its Chapter 11 case

DASCO -- representation in matters unrelated to MobileAria and its Chapter 11 case

Hunton & Williams -- representation in matters unrelated to MobileAria and its Chapter 11 case

Paul Hastings Janofsky & Walker LLP -- representation in matters unrelated to MobileAria and its Chapter 11 case

Watkins Ludlam Winter & Stennis -- representation in matters unrelated to MobileAria and its Chapter 11 case

Alvarez & Marsal -- representation in matters unrelated to MobileAria and its Chapter 11 case

Blake Cassels & Graydon -- representation in matters unrelated to MobileAria and its Chapter 11 case

Cadwalader, Wickersham & Taft -- representation in matters unrelated to MobileAria and its Chapter 11 case

Covington & Burlington -- representation in matters unrelated to MobileAria and its Chapter 11 case

Jones Lang Lasalle Americas -- representation in matters unrelated to MobileAria and its Chapter 11 case

Wilmer Cutler Pickering Hale & Dorr -- representation in matters unrelated to MobileAria and its Chapter 11 case

**Indenture Trustees**

Bank One -- representation in matters unrelated to MobileAria and its Chapter 11 case

JP Morgan -- representation in matters unrelated to MobileAria and its Chapter 11 case

**Underwriters**

ABN AMRO – representation in matters unrelated to MobileAria and its Chapter 11 case

Banc of America Securities – representation in matters unrelated to MobileAria and its Chapter 11 case

Barclays Capital -- representation in matters unrelated to MobileAria and its Chapter 11 case

BNP Paribas -- representation in matters unrelated to MobileAria and its Chapter 11 case

Citigroup -- representation in matters unrelated to MobileAria and its Chapter 11 case

Comerica -- representation in matters unrelated to MobileAria and its Chapter 11 case

Credit Suisse -- representation in matters unrelated to MobileAria and its Chapter 11 case

DA Davidson -- representation in matters unrelated to MobileAria and its Chapter 11 case

Deutsche Bank -- representation in matters unrelated to MobileAria and its Chapter 11 case

HSBC -- representation in matters unrelated to MobileAria and its Chapter 11 case

JP Morgan -- representation in matters unrelated to MobileAria and its Chapter 11 case

Merrill Lynch -- representation in matters unrelated to MobileAria and its Chapter 11 case

Morgan Stanley -- representation in matters unrelated to MobileAria and its Chapter 11 case

SG Cowen Securities Corp. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Stifel, Nicolaus & Company -- representation in matters unrelated to MobileAria and its Chapter 11 case

Royal Bank of Scotland -- representation in matters unrelated to MobileAria and its Chapter 11 case

US Bancorp Piper Jaffray -- representation in matters unrelated to MobileAria and its Chapter 11 case

Wachovia -- representation in matters unrelated to MobileAria and its Chapter 11 case

Wells Fargo -- representation in matters unrelated to MobileAria and its Chapter 11 case

## Unions

United Steelworkers of America -- representation in matters unrelated to MobileAria and its Chapter 11 case

## Leases

ATEL Capital Group -- representation in matters unrelated to MobileAria and its Chapter 11 case

LaSalle National Bank -- representation in matters unrelated to MobileAria and its Chapter 11 case

## Contracts

Alltel --  representation in matters unrelated to MobileAria and its Chapter 11 case

Applera Corp. -- representation matters unrelated to MobileAria and its Chapter 11 case

AT&T -- representation in matters unrelated to MobileAria and its Chapter 11 case

Constellation NewEnergy – representation in matters unrelated to MobileAria and its Chapter 11 case

Department of Commerce – representation in matters unrelated to MobileAria and its Chapter 11 case

Honeywell International -- representation in matters unrelated to MobileAria and its Chapter 11 case

Nextel Communications -- representation in matters unrelated to MobileAria and its Chapter 11 case

Sprint -- representation in matters unrelated to MobileAria and its Chapter 11 case

Time Warner – representation in matters unrelated to MobileAria and its Chapter 11 case

TXU – representation in matters unrelated to MobileAria and its Chapter 11 case

Verizon -- representation in matters unrelated to MobileAria and its Chapter 11 case

IBM Corp – representation in matters unrelated to MobileAria and its Chapter 11 case

Intel Corp -- representation in matters unrelated to MobileAria and its Chapter 11 case

Nokia Corp – representation in matters unrelated to MobileAria and its Chapter 11 case

Toshiba – representation in matters unrelated to MobileAria and its Chapter 11 case

UnitedGlobal Com, Inc. -- representation in matters unrelated to MobileAria and its Chapter 11 case

## Lenders

ABN Amro Bank NV -- representation in matters unrelated to MobileAria and its Chapter 11 case

JPMorgan Bank NA -- representation in matters unrelated to MobileAria and its Chapter 11 case

Wachovia Bank NA -- representation in matters unrelated to MobileAria and its Chapter 11 case

Citicorp Securities, Inc. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Agricultural Bank of China -- representation in matters unrelated to MobileAria and its Chapter 11 case

Banco Bilbao Vizcaya Argentaria SA -- representation in matters unrelated to MobileAria and its Chapter 11 case

Banca Nazional Del Lavoro SpA -- representation in matters unrelated to MobileAria and its Chapter 11 case

Banco Santander Central Hispano SA -- representation in matters unrelated to MobileAria and its Chapter 11 case

Bank of America NA -- representation in matters unrelated to MobileAria and its Chapter 11 case

Bank of Nova Scotia – representation in matters unrelated to MobileAria and its Chapter 11 case

Barclays Bank PLC -- representation in matters unrelated to MobileAria and its Chapter 11 case

BNP Paribas -- representation in matters unrelated to MobileAria and its Chapter 11 case

CapitalSource Finance LLC – representation in matters unrelated to MobileAria and its Chapter 11 case

Citibank NA -- representation in matters unrelated to MobileAria and its Chapter 11 case

Citigroup Financial Products -- representation in matters unrelated to MobileAria and its Chapter 11 case

Comerica Bank -- representation in matters unrelated to MobileAria and its Chapter 11 case

Deutsche Bank AG -- representation in matters unrelated to MobileAria and its Chapter 11 case

Deutsche Bank Trust Company America -- representation in matters unrelated to MobileAria and its Chapter 11 case

HSBC Bank USA National Association -- representation in matters unrelated to MobileAria and its Chapter 11 case

Lehman Brothers -- representation in matters unrelated to MobileAria and its Chapter 11 case

Mizuho Corporate Bank Ltd -- representation in matters unrelated to MobileAria and its Chapter 11 case

Morgan Stanley Senior Fundings Inc -- representation in matters unrelated to MobileAria and its Chapter 11 case

Protective Life Insurance Company – representation in matters unrelated to MobileAria and its Chapter 11 case

Sumitomo Mitsui Banking Corporation -- representation in matters unrelated to MobileAria and its Chapter 11 case

Citicorp Vendor Finance Inc -- representation in matters unrelated to MobileAria and its Chapter 11 case

Bear Stearns Investment Products -- representation in matters unrelated to MobileAria and its Chapter 11 case

American Express Certificate Company -- representation in matters unrelated to MobileAria and its Chapter 11 case

Lincoln National Life Insurance Co – representation in matters unrelated to MobileAria and its Chapter 11 case

Marathon Special Opportunity -- representation in matters unrelated to MobileAria and its Chapter 11 case

National City Bank -- representation in matters unrelated to MobileAria and its Chapter 11 case

PNC Bank NA -- representation in matters unrelated to MobileAria and its Chapter 11 case

Principal Life Insurance Company – representation in matters unrelated to MobileAria and its Chapter 11 case

Quattro -- representation in matters unrelated to MobileAria and its Chapter 11 case

Salomon Brothers -- representation in matters unrelated to MobileAria and its Chapter 11 case

SunTrust Bank -- representation in matters unrelated to MobileAria and its Chapter 11 case

TCW -- representation in matters unrelated to MobileAria and its Chapter 11 case

**Litigation Parties**

Morganite -- representation in matters unrelated to MobileAria and its Chapter 11 case

ICG -- representation in matters unrelated to MobileAria and its Chapter 11 case

Lockheed Martin Corp. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Motorola -- representation in matters unrelated to MobileAria and its Chapter 11 case

SouthTrust Bank – representation in matters unrelated to MobileAria and its Chapter 11 case

Tennecco Automotive -- representation in matters unrelated to MobileAria and its Chapter 11 case

Rolls-Royce -- representation in matters unrelated to MobileAria and its Chapter 11 case

DMS -- representation in matters unrelated to MobileAria and its Chapter 11 case

International Truck -- representation in matters unrelated to MobileAria and its Chapter 11 case

Apple Computer – representation in matters unrelated to MobileAria and its Chapter 11 case

Invensys -- representation in matters unrelated to MobileAria and its Chapter 11 case

PODS -- representation in matters unrelated to MobileAria and its Chapter 11 case

**Additional Parties**

Jeffries & Company, Inc. – representation in matters unrelated to MobileAria and its Chapter 11 case

**Holders of 5% of More of Equity Securities or Insurance Notes**

Brandes Investment Partners -- representation in matters unrelated to MobileAria and its Chapter 11 case

Lehman Brothers, Inc. -- representation in matters unrelated to MobileAria and its Chapter 11 case

**Objecting/Adverse Parties/Postpetition Parties**

Avenue Capital Group -- representation in matters unrelated to MobileAria and its Chapter 11 case

D.E. Shaw and Co. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Longacre Fund Management -- representation in matters unrelated to MobileAria and its Chapter 11 case

SBC Communications -- representation in matters unrelated to MobileAria and its Chapter 11 case

Wilmington Trust Company -- representation in matters unrelated to MobileAria and its Chapter 11 case

XM Satellite Radio -- representation in matters unrelated to MobileAria and its Chapter 11 case

BEI Technologies -- representation in matters unrelated to MobileAria and its Chapter 11 case

Sony Electronics, Inc. -- representation in matters unrelated to MobileAria and its Chapter 11 case

**Master Service List/2002 Parties**

APL Co., Pte. Ltd. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Contrarian Capital Management -- representation in matters unrelated to MobileAria and its Chapter 11 case

Honigman Miller Schwartz & Cohen -- representation in matters unrelated to MobileAria and its Chapter 11 case

Latham & Watkins -- representation in matters unrelated to MobileAria and its Chapter 11 case

MEMC Electronic Materials, Inc. -- representation in matters unrelated to MobileAria and its Chapter 11 case

Penske Truck Leasing – representation in matters unrelated to MobileAria and its Chapter 11 case

Tonolli Canada -- representation in matters unrelated to MobileAria and its Chapter 11 case

Toyota Tsusho America -- representation in matters unrelated to MobileAria and its Chapter 11 case

UPS Supply Chain Solutions -- representation in matters unrelated to MobileAria and its Chapter 11 case

Veritas Software Corp – representation in matters unrelated to MobileAria and its Chapter 11 case

America Online -- representation in matters unrelated to MobileAria and its Chapter 11 case

ITT Industries – representation in matters unrelated to MobileAria and its Chapter 11 case

Madison Capital -- representation in matters unrelated to MobileAria and its Chapter 11 case

National Instrument -- representation in matters unrelated to MobileAria and its Chapter 11 case

SAP -- representation in matters unrelated to MobileAria and its Chapter 11 case

Siemens -- representation in matters unrelated to MobileAria and its Chapter 11 case

Special Devices -- representation in matters unrelated to MobileAria and its Chapter 11 case

Proctor & Gamble -- representation in matters unrelated to MobileAria and its Chapter 11 case

Toshiba -- representation in matters unrelated to MobileAria and its Chapter 11 case