UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                                   :

    In re                                              :        Chapter 11
                                                       :

DELPHI CORPORATION, <u>et al.</u>,     :        Case No. 05-44481 (RDD)
                                                       :

                              Debtors.    :        (Jointly Administered)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING (I) EQUITY CLAIMS, (II) CLAIMS DUPLICATIVE
OF CONSOLIDATED TRUSTEE OR AGENT CLAIMS, AND (III) DUPLICATE AND
<u>AMENDED CLAIMS IDENTIFIED IN SECOND OMNIBUS CLAIMS OBJECTION</u>

("SECOND OMNIBUS CLAIMS OBJECTION ORDER")

       Upon the Debtors' Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (iii) Duplicate And Amended Claims, dated October 31, 2006 (the "Second Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Second Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.    Each holder of a claim (as to each, a "Claim") listed on <u>Exhibits A</u>, <u>B</u>, and <u>C</u> attached hereto was properly and timely served with a copy of the Second Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order, and a notice of the deadline for responding to the Second Omnibus Claims Objection. No other or further notice of the Second Omnibus Claims Objection is necessary.

      B.    The Court has jurisdiction over the Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Second Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Second Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    The Claims listed on <u>Exhibit A</u> hereto are Claims that were filed by holders of Delphi Corporation common stock solely on account of their stock holdings ("Equity Claims").

      D.    The Claims listed on <u>Exhibit B</u> hereto are Claims that (i) were filed by filed by individual noteholders or trust preferred security holders ("Individual Holder Claims") and are duplicative of the consolidated proof of claim filed on their behalf by Law Debenture Trust Company of New York or Wilmington Trust Company, as appropriate, or (ii) were filed by individual lenders under the prepetition credit facility ("Individual Lender Claims") and are duplicative of the liabilities in the master proof of claim filed by JPMorgan Chase Bank, N.A. on behalf of itself and each of the prepetition secured lenders.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Second Omnibus Claims Objection.

    E. The Claims listed on <u>Exhibit C</u> hereto under the column heading "Claim To Be Expunged" are Claims that are either duplicates of Claims filed with the Court or are Claims that have been amended or superseded by later-filed Claims.

    F. The relief requested in the Second Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

 NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1. Each Equity Claim listed on <u>Exhibit A</u> hereto is hereby reclassified as an interest, and is disallowed and expunged as a claim in its entirety.

    2. Each Individual Holder Claim and Individual Lender Claim listed as a "Claim To Be Expunged" on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety. Those Claims identified on <u>Exhibit B</u> as "Surviving Claims" shall remain on the claims register, but shall remain subject to future objection by the Debtors.

    3. Each "Claim To Be Expunged" listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety. Those Claims identified on <u>Exhibit C</u> as "Surviving Claims" shall remain on the claims register, but shall remain subject to future objection by the Debtors.

    4. Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Second Omnibus Claims Objection, on any grounds whatsoever.

    5. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

6.  This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Second Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

7.  Each Claim and the objections by the Debtors to each Claim as addressed in the Second Omnibus Claims Objection and as set forth on Exhibits A, B and C hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

8.  The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Second Omnibus Claims Objection.

9.  Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby directed to serve this order, including exhibits, only on the master service list and the 2002 list. The Claims Agent is hereby further directed to serve all claimants whose proofs of claim are the subject of this order with a copy of this order, without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as Exhibit D specifically identifying the Claimant's proof of claim that is subject to the order, the Court's treatment of such proof of claim, and the basis for such treatment, as well as advising the Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal Information Website.

Dated: New York, New York
       November ___, 2006

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE

5