UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
       In re                     :     Chapter 11
                              :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                              :
              Debtors.     :     (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING CERTAIN (A) CLAIMS WITH INSUFFICIENT
DOCUMENTATION AND (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS
AND RECORDS, (II) MODIFYING CERTAIN CLAIMS AND, (III) ADJOURNING
HEARING ON CERTAIN CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO
<u>11 U.S.C. § 502(c) IDENTIFIED IN THIRD OMNIBUS CLAIMS OBJECTION</u>

("THIRD OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient

Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, (c) Claims Subject

To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To

11 U.S.C. § 502(c), dated October 31, 2006 (the "Third Omnibus Claims Objection"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on

the Third Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient

cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.      Each holder of a claim (as to each, a "Claim") listed on Exhibits A-1, A-2, B-1, B-2 and C attached hereto was properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order, and a notice of the deadline for responding to the Third Omnibus Claims Objection.  No other or further notice of the Third Omnibus Claims Objection is necessary.

B.      The Court has jurisdiction over the Third Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Third Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Third Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Claims listed on Exhibit A-1 hereto are Claims that contain insufficient documentation in support of the Claims asserted (the "Insufficiently Documented Claims").

D.      The Claims list on Exhibit A-2 hereto are Claims that contain insufficient documentation in support of the Claims asserted and are untimely pursuant to the Bar Date Order. ("Untimely Insufficiently Documented Claims")

E.      The Claims listed on Exhibit B-1 hereto are Claims that contain unsubstantiated liabilities or dollar amounts that are not discernable from the Debtors' books and records ("Unsubstantiated Claims").

---

[1]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

F.    The Claims listed on Exhibit B-2 hereto are Claims that contain

unsubstantiated liabilities or dollar amounts that are not discernable from the Debtors' books and

records and are untimely pursuant to the Bar Date Order ("Untimely Unsubstantiated Claims").

G.    The Claims listed on Exhibit C hereto are Claims that either were

denominated in a foreign currency or are overstated, including as a result of the assertion of

invalid unliquidated claims ("Claims Subject to Modification").

H.    The relief requested in the Third Omnibus Claims Objection is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.    Each Insufficiently Documented Claim listed on Exhibit A-1 hereto is

hereby disallowed and expunged in its entirety.

2.    Each Untimely Insufficiently Documented Claim listed on Exhibit A-2

hereto is hereby disallowed and expunged in its entirety.

3.    Each Insufficiently Documented Claim listed Exhibit B-1 hereto is hereby

disallowed and expunged in its entirety.

4.    Each Untimely Insufficiently Documented Claim listed Exhibit B-2 hereto

is hereby disallowed and expunged in its entirety.

5.    Each "Asserted Claim Amount " listed on Exhibit C hereto is hereby

changed to the amount and classification listed as the "Modified Claim Amount" of the Claim.

No Claimant listed on Exhibit C will be entitled to a recovery for any Claim Subject to

Modification in an amount exceeding the dollar value listed as the "Modified Claim Amount" of

the Claim.  The Claims Subject to Modification shall remain on the claims register, and shall

remain subject to future objection by the Debtors.

6.    With respect to each Claim for which a timely Response to the Third

Omnibus Claims Objection has been filed and served in compliance with the Third Omnibus

Claims Objection and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And

105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates

And Certain Notice, Case Management, And Administrative Procedures, entered on October 26,

2006 (Docket No. 5418), a hearing to determine the disallowance or estimation of such Claims is

adjourned to a future hearing date to be noticed by the Debtors consistent with the Order

Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026,

9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or

Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding

Disallowance Or Estimation Of Claims.

7.    Entry of this order is without prejudice to the Debtors' right to object to

any other claims in these chapter 11 cases, or to further object to claims that are the subject of the

Third Omnibus Claims Objection, on any grounds whatsoever.

8.    Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any claim asserted against any of the Debtors.

9.    This Court shall retain jurisdiction over the Debtors and the holders of

Claims subject to the Third Omnibus Claims Objection to hear and determine all matters arising

from the implementation of this order.

10.    Each Claim and the objections by the Debtors to each Claim as addressed

in the Third Omnibus Claims Objection and as set forth on Exhibits A-1, A-2, B-1, B-2 and C

hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

11.    Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby directed to serve this order, including exhibits, only on the master service list and the 2002 list. The Claims Agent is hereby further directed to serve all claimants whose proofs of claim are the subject of this order with a copy of this order, without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as <u>Exhibit D</u> specifically identifying the Claimant's proof of claim that is subject to the order, the Court's treatment of such proof of claim, and the basis for such treatment, as well as advising the Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal Information Website.

12.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Third Omnibus Claims Objection.

Dated: New York, New York
          November  ___, 2006


_____
    UNITED STATES BANKRUPTCY JUDGE