UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                             :       Chapter 11
:
DELPHI CORPORATION, et al.,       :       Case No. 05-44481 (RDD)
:
                 Debtors.    :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND 502(c) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS
REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMSAND
(II) CERTAIN NOTICES AND PROCEDURES GOVERNING HEARINGS
<u>REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS</u>

("CLAIM OBJECTION AND ESTIMATION PROCEDURES ORDER")

        Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon record of the hearing held on the Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

    B.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    C.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    This Court shall conduct special periodic hearings on contested claims matters in these cases (the "Claims Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors are otherwise notified by the Court. The following dates and times have been scheduled as Claims Hearing Dates in these chapter 11 cases:

    December 13, 2006 at 10:00 a.m. (prevailing Eastern time)

    January 12, 2007 at 10:00 a.m. (prevailing Eastern time)

    February 14, 2007 at 10:00 a.m. (prevailing Eastern time)

    March 1, 2007 at 10:00 a.m. (prevailing Eastern time)

    March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2. Any response to a claims objection or an omnibus claims objection (a "Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

3

And Administrative Procedures, entered on October 26, 2006 (the " Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard) in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the seventh

calendar day prior to the Omnibus Hearing for which the relevant claims objection or omnibus claims objection is scheduled.

   3. Every Response must contain at a minimum the following:

   (a) a caption setting forth the name of the Court, the names of the Debtors, the case number, and the title of the claims objection to which the Response is directed;

   (b) the name of the claimant (each holder of a proof of claim, a "Claimant") and a description of the basis for the amount of the claim;

   (c) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the claims objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

   (d) all documentation or other evidence of the claim upon which the Claimant will rely in opposing the claims objection to the extent not included with the proof of claim previously filed with the Court;

   (e) to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate;

   (f) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim; and

   (g) the name, address, and telephone number of the person (which may be the claimant or his/her/its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the Claimant.

   4. Only those Responses made in writing and timely filed and received will be considered by the Court at any hearing on the relevant objection. If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant.

   5. To the extent that a Response is filed with respect to any claim listed in an claims objection (each, a "Contested Claim") and the Debtors are unable to resolve the response

5

prior to the hearing on such objection, each such Claim and the objection to such Claim asserted in the claims objection is hereby deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6. Any order entered by the Court with respect to an objection asserted in an omnibus claims objection is hereby deemed a separate order with respect to each claim.

7. Consistent with the provisions of the Amended Eighth Supplemental Case Management Order, the Debtors may, at their option, file and serve a reply to Responses no later than 4:00 p.m. (prevailing Eastern time) on the day immediately preceding the date of any hearing on the subject omnibus claims objection.

8. The Debtors are hereby authorized to serve each claimant whose proof of claim is listed in an omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus claims objection without exhibits. Service of omnibus claims objections in such manner shall constitute good and sufficient notice and no other or further notice to claimants of an omnibus claims objection shall be required.

9. Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby directed to serve orders entered with respect to omnibus claims objections, including exhibits, only on the master service list and the 2002 list. The Claims Agent is hereby further directed to serve all claimants whose proofs of claim are the subject of an order entered with respect to an omnibus claims objection with a copy of such order, without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as Exhibit A specifically identifying the claimant's proof of claim that is subject to the order, the Court's treatment of such proof of claim, and the

6

basis for such treatment, as well as advising the claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal Information Website.  The Court hereby directs the Claims Agent to serve the First Omnibus Claims Order in the manner provided hereby.

        10.    The Court approve the following procedures for adjudicating Contested Claims (the "Claims Hearing Procedures"):

        (a)    <u>Adjournment To Claims Hearing</u>.

        (i)    The Debtors, in their sole discretion, may adjourn the hearing upon each Contested Claim to a Claims Hearing of the Debtors' election by providing the Claimant with a notice identifying the date and type of the hearing following the filing of the Response:

        (A)    for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a colorable claim against the asserted Debtor (a "Sufficiency Hearing"), by providing the relevant Claimant with, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit B</u> at least ten calendar days prior to the date of such Sufficiency Hearing,

        (B)    to the extent such Contested Claim is unliquidated or contingent, for a hearing to estimate the Contested Claim for all purposes, including voting and distribution, pursuant to section 502(c) of the Bankruptcy Code (an "Estimation Hearing"), by providing the relevant Claimant with, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit C</u> (the "Notice Of Adjourned Estimation Hearing") at least 45 days prior to the date of such Estimation Hearing, or

        (C)    for an evidentiary hearing on the merits of such Contested Claim (an "Claims Objection Hearing"), by providing the relevant Claimant with, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit D</u> (the "Notice Of Adjourned Claims Objection Hearing") at least 45 days prior to the date of such Claims Objection Hearing.

        (ii)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing.

        (b)    <u>Sufficiency Hearing Procedures</u>.

        (i)    To the extent that a Contested Claim is adjourned by the Debtors to a Sufficiency Hearing, the Debtors may file and serve their Supplemental Reply no later than ten calendar days before the scheduled Sufficiency Hearing.  The Supplemental Reply shall not exceed fifteen single-sided, double-spaced pages.

      (ii) To the extent that a Contested Claim is adjourned to a Sufficiency Hearing by the Debtors, the Claimant may file and serve their Supplemental Response no later than three calendar days before the scheduled Sufficiency Hearing.  The Supplemental Response shall not exceed fifteen single-sided, double-spaced pages.

      (iii) The Court, in considering whether to grant the relief sought by the Debtors with respect to such Contested Claim, shall rely solely on (a) the Claimant's Proof of Claim, Response, and Supplemental Response (if any), (b) the Debtors' omnibus claims objection, reply, and Supplemental Reply (if any), and (c) the Claimant's and the Debtors' arguments at the Sufficiency Hearing.

      (iv) To the extent that this Court determines upon conclusion of such Sufficiency Hearing that such Contested Claim cannot be disallowed without further proceedings, the Debtors, in their sole discretion, may elect to estimate or seek disallowance of the Contested Claim pursuant to the procedures set forth herein with respect to an Estimation Hearing or Claims Hearing.

    (c) <u>Mandatory Meet And Confer</u>.

      (i) To the extent that a Contested Claim (i) exceeds $250,000 or asserts unliquidated claims, and (ii) is scheduled by the Debtors for either an Estimation Hearing or a Claims Objection Hearing, the Debtors and the relevant Claimant (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $250,000) shall hold an in-person meet and confer (an "In-Person Meet and Confer") at a neutral location in Troy, Michigan, or such other location as is reasonably acceptable to the Debtors, within five business days of service of the Notice Of Adjourned Estimation Hearing or Notice Of Adjourned Claims Objection, as appropriate.

      (ii) To the extent that (i) a Contested Claim is less than or equal to $250,000 or asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $250,000, and (ii) is scheduled by the Debtors for either an Estimation Hearing or a Claims Objection Hearing, and the Claimant asserting a Contested Claim that would otherwise require an In-Person Meet and Confer pursuant to clause (c)(i) demonstrates good cause why an In-Person Meet and Confer would be unduly burdensome, the Debtors and the relevant Claimant shall hold a telephonic meet and confer (a "Telephonic Meet and Confer" and, collectively with In-Person Meet and Confers, the "Meet and Confers") within five business days of service of the Notice Of Adjourned Estimation Hearing or Notice Of Adjourned Claims Objection, as appropriate.

      (iii) The following representatives of each of the Debtors and the Claimant shall attend the Meet and Confer: (i) counsel for each of the parties, except for a Claimant proceeding <u>pro se</u>, and (ii) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively.

      (iv) Failure by the Claimant to participate in a Meet and Confer within five business days of service of the Notice Of Adjourned Estimation Hearing or Notice Of

8

Adjourned Claims Objection, as appropriate, will constitute grounds for disallowance and expungement of the Contested Claim.

(d)     Claimant's Supplemental Response.  To the extent that the Debtors schedule an Estimation Hearing or a Claims Objection Hearing for a Contested Claim, the following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"):

(i)     The Claimant shall file and serve its Supplemental Response no later than five business days after conclusion of the Meet and Confer.  The Supplemental Response is hereby required not to exceed fifteen single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)     If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response).  If a Contested Claim is based upon a contract or other agreement that was not attached to the Proof of Claim or the Response, the Claimant shall include such contract as an exhibit to the Supplemental Response.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response.

(iii)     The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim.  Any witnesses whose affidavits or declarations are submitted with the Supplemental Response must be present at the Estimation Hearing or the Claims Objection Hearing, as appropriate. The Claimant is not permitted to elicit any direct testimony of those witnesses at the Estimation Hearing or the Claims Objection Hearing, as appropriate; instead, the affidavit or declaration submitted with the Supplemental Response shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Estimation Hearing or the Claims Objection Hearing, as appropriate.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

(iv)     No later than three business days prior to commencement of the Estimation Hearing or Claims Objection Hearing, as appropriate, the Claimant may file a supplemental affidavit or declaration on behalf of each of its two witnesses solely for the purpose of supplementing such witness' prior affidavit or declaration with respect to matters adduced through the discovery provided by these Claims Hearing Procedures.

(e)     Debtors' Supplemental Reply.  To the extent that the Debtors schedule an Estimation Hearing or a Claims Objection Hearing with respect to a Contested Claim, the following procedures shall apply to the Debtors' written supplemental reply, if any (the "Supplemental Reply"):

(i)     The Debtors may file and serve a Supplemental Reply no later than 20 business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate.  The Supplemental Reply shall not exceed fifteen single-sided, double-spaced pages (exclusive of exhibits or affidavits).

     (ii) If the Debtors rely on exhibits, the Debtors shall include such exhibits in their Supplemental Reply (other than those previously included with either their objection or reply).  The Debtors shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Reply.

     (iii) The Supplemental Reply may include affidavits or declarations from no more than two witnesses setting forth the Debtors' basis for objecting to the Contested Claim and evidence in support of such objection or in support of their proposed estimated amount of the Contested Claim.  Any witnesses whose affidavits or declarations are submitted with the Supplemental Reply shall be present at the Estimation Hearing or the Claims Objection Hearing, as appropriate. The Debtors shall not be permitted to elicit any direct testimony of those witnesses at the Estimation Hearing or the Claims Objection Hearing, as appropriate; instead, the affidavit or declaration submitted with the Supplemental Reply shall serve as the witnesses' direct testimony and the Claimant may cross examine the witnesses at the Estimation Hearing or the Claims Objection Hearing, as appropriate.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Debtors.

     (iv) No later than three business days prior to commencement of the Estimation Hearing or Claims Objection Hearing, as appropriate, the Debtors may file a supplemental affidavit or declaration on behalf of each of their two witnesses solely for the purpose of supplementing such witness's prior affidavit or declaration with respect to matters adduced through the discovery provided by these Claims Hearing Procedures.

    (f) <u>Mandatory Non-Binding Summary Mediation</u>.  At least 15 business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate, the Debtors and the Claimant shall submit to mandatory non-binding summary mediation (each, a "Mediation") in an effort to resolve the outstanding objection consensually or determine an agreed estimated amount of the Contested Claim.  The following procedures shall apply to each Mediation:

     (i) Each Mediation shall be assigned to one of the mediators listed by the Debtors on November __, 2006 at the Debtors' discretion (each, a "Mediator").

     (ii) The Mediator shall consider a record consisting only of the contents of the Contested Claim, the Debtors' omnibus claims objection and/or motion to estimate, the Claimant's Response, the Debtors' reply, the Claimant's Supplemental Response, and any other relevant pleadings filed by the Debtors or the Claimant prior to the commencement of the Mediation.  The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

     (iii) To the extent that a Contested Claim exceeds $250,000 or asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $250,000), the Mediation shall be held at a neutral location in Troy, Michigan or such other location as is reasonably acceptable to the Debtors.

10

          (iv)    To the extent that the Contested Claim is less than or equal to $250,000 or asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $250,000, the Mediation may be held telephonically at either the Debtors' or the Claimant's request.

          (v)    The following representatives of each of the Debtors and the Claimant shall attend the Mediation: (i) counsel for each of the parties, except for a Claimant proceeding pro se, and (ii) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively.

          (vi)    If no consensual agreement is reached for settlement of the Debtors' objection or on an estimate of the Contested Claim, as appropriate, and the parties agree or the Mediator determines that further Mediation is not likely to yield such an agreement, the Claimant and the Debtors, or the Mediator, as the case may be, shall sign a statement that the Contested Claim could not be settled after a good faith effort.

          (vii)    Failure by the Claimant to participate in a Mediation shall constitute grounds for disallowance and expungement of the Contested Claim.

          (viii)    The Debtors and the Claimant shall each bear their own costs in participating in the Mediation. The Debtors are hereby authorized to pay the Mediator's fees.

          (g)    <u>Estimation And Claims Objection Hearing Discovery</u>. To the extent that the Debtors schedule a Contested Claim for an Estimation Hearing or a Claims Objection Hearing, the Debtors and the Claimant shall be bound by the following discovery procedures:

          (i)    No later than five business days after service of the Supplemental Response, the Debtors may request:

          (A)    That the Claimant produce documents relevant to the Contested Claim. Documents shall be produced within five business days following conclusion of the Mediation, unless the parties agree otherwise.

          (B)    That the Claimant respond to no more than five interrogatories, including discrete subparts. Responses shall be produced within five business days following conclusion of the Mediation, unless the parties agree otherwise.

          (C)    That the Claimant respond to no more than ten requests for admission. Responses shall be produced within five business days following conclusion of the Mediation, unless the parties agree otherwise.

          (ii)    No later than five business days after service of the Supplemental Reply, the Claimant may request:

          (A)    That the Debtors produce documents relevant to the Contested Claim. Documents shall be produced within five business days following conclusion of the Mediation, unless the parties agree otherwise.

      (B) That the Debtors respond to no more than five interrogatories, including discrete subparts. Responses shall be produced within five business days following conclusion of the Mediation, unless the parties agree otherwise.

      (C) That the Debtors respond to no more than ten requests for admission. Responses shall be produced within five business days following conclusion of the Mediation, unless the parties agree otherwise.

    (iii) No earlier than the conclusion of the Mediation and no later than ten business days after conclusion of the Mediation, the Debtors may, at their election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Claimant's Supplemental Response. Each deposition shall not exceed three hours.

    (iv) No earlier than the conclusion of the Mediation and no later than ten business days after conclusion of the Mediation, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply. Each deposition shall not exceed three hours.

  (h) <u>Conduct Of The Estimation Or Claims Objection Hearing</u>. If the Claimant files a Supplemental Response and participates in the Meet and Confer and the Mediation, the Court shall hold an Estimation Hearing or a Claims Objection Hearing, as appropriate, at which the Debtors and the Claimant shall each be permitted one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.

  (i) <u>Mandatory Appearance At Claims Hearings</u>. With respect to each Contested Claim to be considered at a Sufficiency Hearing, an Estimation Hearing, or a Claims Objection Hearing, the following representatives of each of the Claimant and the Debtors shall be present at the hearing: (i) counsel, except to the extent that such Claimant is proceeding <u>pro se</u>, and (ii) a person possessing the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Claimant. Failure by the Claimant to appear in person at a Sufficiency Hearing, an Estimation Hearing, or a Claims Objection Hearing, or to have a person with the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim present at such hearing, shall constitute grounds for disallowance and expungement of the Contested Claim without further hearing or notice to the Claimant.

  (j) <u>Summary Estimation Of Contested Claims When Appeal Is Pending</u>. To the extent that the underlying merits supporting a Contested Claim which is set for an Estimation Hearing has been determined in a binding adjudication, either by a court of competent jurisdiction, a binding arbitration, or otherwise, and is on appeal as of the Petition Date, but was stayed pursuant to section 362 of the Bankruptcy Code, neither the Debtors nor the relevant Claimant shall be entitled to conduct any discovery of the other party prior to such Estimation Hearing and the Court, in considering whether to grant the relief sought by the Debtors with respect to such Contested Claim, shall rely solely on (i) the Claimant's Proof of Claim and Response and the Debtors' omnibus claims objection and reply (if any), (ii) the record on appeal, and (iii) the Claimant's and the Debtors' arguments at the Estimation Hearing.

    (k) <u>Estimation Based Upon Claimant's Asserted Estimated Amount</u>. To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes, subject to further objection and reduction as appropriate. The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as <u>Exhibit E</u>.

    (l) <u>Ability To Modify Procedures By Agreement Or For Good Cause Shown</u>. No discovery, testimony, or motion practice other than that described herein shall be permitted, unless otherwise agreed by the parties or as ordered by this Court for good cause shown.

    11. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

    12. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the First Omnibus Claims Objection.

Dated: New York, New York
    November ___, 2006

                _____
                UNITED STATES BANKRUPTCY JUDGE