TOGUT, SEGAL SEGAL LLP
Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Howard P. Magaliff (HPM-2189)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                          :

In re:                                :      Chapter 11

                                     :      Case No. 05-44481 [RDD]

DELPHI CORPORATION, *et al.*,      :

                                     :      Jointly Administered

---------------------------------------------------------------- x
                                            :

DELPHI CORPORATION,          :      Adv. Proc. No. 06-_____(___)

                                     :

                  Plaintiff,     :

                                     :

                - against -      :

                                     :

NYCH LLC dba RCS COMPUTER     :
EXPERIENCE.

                                     :

                  Defendant.    :

                                     :

---------------------------------------------------------------- x

## COMPLAINT TO RECOVER PROPERTY OF THE ESTATE

Delphi Corporation ("Delphi), as Plaintiff, by and through its

attorneys, files this complaint against NYCH LLC dba RCS Computer Experience

(the "Defendant"), and in support thereof respectfully alleges that:

## SUMMARY OF ACTION

1.      This is an action to:  (a) compel the turnover and payment of certain open accounts receivable that are due and payable by Defendant to Plaintiff and (b) disallow any claims in favor of Defendant pursuant to Title 11 U.S.C (the "Bankruptcy Code"), section 502(d) unless and until Defendant turns over and pays all sums that are due and payable to Plaintiff.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Delphi Corporation is a Delaware corporation with a principal place of business in Troy, Michigan.

3.      On information and belief, the Defendant is a New York corporation with a principal place of business located at 575 Madison Avenue, New York, New York.

4.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. sections 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. section 157(b).  To the extent the Court determines that any claim asserted herein is not core, Plaintiff hereby consents to the entry of a final order and judgment by the Bankruptcy Court.

5.      Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. sections 1408 and1409.

6.      The statutory predicates for the relief requested herein are section 105, 502(d) and 542 of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001(1).

**STATEMENT OF FACTS**

**The Chapter 11 Cases**

7.      On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code. On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

8.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered Orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404).

9.      On October 17, 2005, the United States trustee for the Southern District of New York appointed an official committee of unsecured creditors in these cases, which is represented by Latham & Watkins.

10.      No trustee or examiner has been appointed.

**The Debtors' Pre-Petition Relationship With Defendant**

11.      Defendant is engaged in the business of retail electronics sales.

12.      Prior to the Initial Filing Date, Plaintiff sold and delivered certain goods to Defendant with an agreed upon price and value of $349,615.31 (the "Goods").

13.      Plaintiff mailed and/or transmitted one or more invoices to Defendant on account of the Goods (the "Invoices").

14.      Defendant has not disputed the Invoices.

3

15.     Since December 2005, Plaintiff has made numerous written demands upon Defendant for payment on the Invoices.

16.     Defendant has made payments to Plaintiff and received credits worth $95,508.83 on account of the Invoices.

17.     The Invoices are past due and payable to Plaintiff, in the amount of $257,106.48 (the "Receivable").

**COUNT I**
**(Turnover)**

18.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19.     Bankruptcy Code section 362(a)(3) prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

20.     Property of the estate is defined in section 541(a)(1) of the Bankruptcy Code as "all legal and equitable interests of the debtor in property as of the commencement of the case."

21.     The Receivable is property of the estate.

22.     Pursuant to section 542 of the Bankruptcy Code, Defendant is required to turn over and pay the Receivable to the Plaintiff.

23.     Defendant has refused to pay or turn over the Receivable to Plaintiff, despite Plaintiff's repeated demands.

24.     Based on the foregoing, Defendant should be compelled to pay and turn over the Receivable, plus all accrued interest thereon, and judgment should be entered in favor of Plaintiff against Defendant in the amount

4

of the Receivable plus all accrued interest thereon from date of invoice through the date of payment.

## COUNT II
### (Account Stated)

25.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

26.   Defendant has received the Goods.

27.   Defendant has not objected to, refused delivery of or returned the Goods.

28.   Plaintiff sent Invoices, totaling $349,615.31, to Defendant.

29.   Defendant has not objected to the Invoices.

30.   Defendant has made payments to Plaintiff and received credits worth $95,508.83 on account of the Invoices.

31.   Defendant's failure to object to or pay on account of the Invoices created an account stated debt that is now due and payable.

32.   Based on the foregoing, judgment should be entered in favor of Plaintiff against Defendant in the amount of the Receivable plus all accrued interest thereon from the date of invoice through a date of payment.

## COUNT III
### (Disallowance of Claims Pursuant to 11 U.S.C. section 502(d))

33.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

34.   The Receivable constitutes property of the estate, as defined in section 541(a)(1) of the Bankruptcy Code.

35.   Pursuant to section 542 of the Bankruptcy Code, the Defendant is required to turnover the Receivable.

5

36.     Pursuant to Bankruptcy Code section 502(d), any claims filed by or scheduled in favor of Defendant against one or more of the Debtors must be disallowed unless and until such time as Defendant turns over and satisfies the Receivable, plus all accrued interest thereon.

**COUNT III**
**(Reservation of Rights to Raise Further**
**Causes of Action, Transfers and Claims Objections**

37.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38.     Plaintiff hereby expressly reserves all of its rights to: (i) commence any and all other causes of action that it, or any of the other Debtors, may maintain against Defendant, by amending this Complaint or by separate action; (ii) amend the Complaint to raise additional transfers between one or more of the Debtors and Defendant; and (iii) assert any available objections to any claims that Defendant may have against one or more of the Debtors or their respective estates.

**WHEREFORE**, Plaintiff respectfully requests the entry of a Judgment in favor of Plaintiff and against Defendant:

A.     On Plaintiff's First Cause of Action: (i) in the amount of the Receivable, plus interest and the costs and expenses of this action, including, without limitation, attorneys' fees (altogether the "Judgment Amount"); and (ii) directing Defendant to turn over such sum to Plaintiff pursuant to section 542 of the Bankruptcy Code;

B.     On Plaintiff's Second Cause of Action: (i) for the Judgment Amount; and (ii) directing Defendant to pay such sums to Plaintiff;

6

C.   On Plaintiff's Third Cause of Action: disallowing any and all of the Defendant's claims, whether scheduled or filed, against one or more of the Debtors pursuant to section 502(d) of the Bankruptcy Code unless and until Defendant pays Plaintiff the Judgment Amount;

D.   On Plaintiff's Fourth Cause of Action: preserving all of Plaintiff's rights to:  (i) commence any and all other causes of action that it, or any of the other Debtors, may maintain against Defendant, by amending this Complaint or by separate action;  (ii) amend the Complaint to raise additional transfers between one or more of the Debtors and Defendant;  and (iii) assert any available objections to any claims that Defendant may have against one or more of the Debtors or their respective estates;  and

E.   Granting such other and further relief as is just and proper.

DATED:   New York, New York
         November 6, 2006

                              PLAINTIFF
                              By their attorneys,
                              TOGUT, SEGAL & SEGAL, LLP
                              By:

                              /s/Neil Berger
                              NEIL BERGER (NB-3599)
                              HOWARD P. MAGALIFF (HPM-2189)
                              One Penn Plaza, Suite 3335
                              New York, New York  10119
                              (212) 594-5000

7