## CLAIMS ASSIGNMENT AND TRANSFER AGREEMENT

This Claims Assignment and Transfer Agreement (this "Assignment") is entered into this 24 day of October, 2006 by and between Metal Seal & Products Inc. an Ohio corporation ("Assignor"), and CF Special Situation Fund I LP ("Assignee"), a Delaware limited partnership.

1. **Assignment.**

    **KNOW ALL BY THESE PRESENTS,** that Assignor, in consideration of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ (the "Purchase Price") received from Assignee, does hereby assign, transfer, and set over to Assignee, its successors and assigns, for the benefit of Assignee, the rights and claims of Assignor for the accounts receivable represented by the invoices specified on the attached Exhibit A, which in aggregate amounts to $ Two Hundred Forty-Five Thousand Six Hundred Sixty-Two Dollars and Fifty-Seven Cents ($245,662.57) and, which is attached hereto and made a part hereof (collectively, the "Assigned Claims") against any of Delphi Corporation and any of its affiliated and subsidiary companies (collectively, the "Debtors") that have commenced the bankruptcy cases (collectively, the "Bankruptcy Cases") being jointly administered as Case No. 05-44640 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court". The Purchase Price shall be paid to Assignor prior to October 31, 2006.

2. **Representations and Warranties.**

    Assignor represents and warrants the following:

    (a) Assignor has the legal power and right to execute and deliver this Assignment and to perform and observe the provisions hereof;

    (b) Assignor has not previously assigned, pledged, mortgaged, or encumbered all or any part of the Assigned Claims;

    (c) the individual executing this Assignment on behalf of Assignor is duly authorized to execute this Assignment;

    (d) this Assignment, when executed, is legal and binding upon Assignor in every respect;

    (e) no litigation or proceeding is pending or threatened against Assignor before any court or any administrative agency that has had, or is reasonably expected to have, a material adverse effect on Assignor's financial condition or that would prevent or hinder Assignor's consummation of the transaction contemplated under this Assignment or Assignor's performance of Assignor's duties and obligations under this Assignment;

    (f) no consent by any third party is required for the execution and performance of this Assignment by Assignor or Assignor's performance of Assignor's duties and obligations under this Assignment, and

(g) to the best of Assignor's knowledge, the execution, delivery and consummation of this Assignment by Assignor, and Assignor's performance of Assignor's duties and obligations under this Assignment, does not, and will not with the passage of time, the giving of notice or otherwise, result in a violation of, or constitute a default under, any agreement, contract or obligation to which Assignor is bound.

Assignee represents and warrants as follows:

(a) Assignee has the legal power and right to execute and deliver this Assignment and to perform and observe the provisions hereunder;

(b) the individual executing this Assignment on behalf of Assignee is duly authorized to execute this Assignment; and

(c) this Assignment, when executed, is legal and binding upon Assignee in every respect.

Except as expressly set forth above, the parties to this Assignment do not make any representations or warranties whatsoever, expressed or implied.

3. **Disallowance of Assigned Claims; Liquidated Damages.**

Assignor acknowledges and agrees that, in the event that the Bankruptcy Court or any other court of competent jurisdiction enters an order determining that any of the Assigned Claims are invalid, in whole or in part ("Disallowed Claims"), Assignor shall have breached this Assignment and shall have failed to perform as agreed under this Assignment as to the Disallowed Claims. Assignor further acknowledges and agrees that, as liquidated damages and as Assignee's sole and exclusive remedy as against Assignor upon such breach and non-performance, Assignor shall immediately pay Assignee an amount equal to ▓▓▓▓▓▓▓▓ (▓▓) of the total value of the Disallowed Claims ("Disallowed Amount"), together with interest at the rate of eight percent (8%) per annum on the Disallowed Amount for the period from the date of the receipt of the Purchase Price through the date such repayment is made. For the avoidance of any doubt, Assignor makes no representation as to the final value Assignee may receive for the Assigned Claims, and a Disallowed Claim shall not include Assignee receiving ▓▓▓▓▓▓▓▓ (▓▓) or less for the Assigned Claim.

4. **Financial Due Diligence.**

Agreement is subject to satisfactory completion of financial due diligence on Assignor by Assignee.

5. **Additional Covenants; Miscellaneous.**

Assignor waives any hearing or notice requirements of Federal Rule of Bankruptcy Procedure 3001(e) and consents to the Bankruptcy Court's entry of an order recognizing this Assignment as an unconditional assignment and Assignee as the lawful owner of the Assigned Claims. Assignor authorizes Assignee to file such notices or other documents with the Bankruptcy Court as Assignee deems necessary to consummate this Assignment.

Assignor undertakes, covenants, and agrees that, upon request of Assignee, Assignor will execute and deliver to Assignee any further instrument or instruments which Assignee reasonably deems necessary, reasonable or appropriate to carry out the purpose and tenor of this Assignment.

This Assignment shall be governed by the laws of the State of Ohio.

This Assignment may be executed in multiple identical counterparts, which, when taken together, shall constitute a single agreement.

No amendment of this Assignment is effective unless in writing and signed by Assignor and Assignee.

If any provision of this Assignment, or any covenant, stipulation, obligation, agreement, act or action, or part thereof made, assumed, entered into, or taken thereunder or any application thereof, is for any reason held to be illegal or invalid, then such illegality or invalidity shall not affect any other provision or any covenant, stipulation, obligation, agreement, act or action, or part thereof, made, assumed, entered into, or taken, each of which shall be construed and enforced as if such illegal or invalid portion were not contained herein. Such illegality or invalidity of any application thereof shall not affect any legal or valid application thereof, and each such revision, covenant, stipulation, obligation, agreement, act or action, or part shall be deemed to be effective, operative, made, entered into, or taken in the manner and to the full extent permitted by law.

Assignor hereby waives any right to a trial by jury in any action or proceeding to enforce or defend any rights under this Assignment or relating thereto or arising from the assignor-assignee relationship which is the subject of this Assignment and agrees that any such action or proceeding shall be tried before a court and not before a jury.

IN WITNESS WHEREOF, Assignor and Assignee have executed these presents at Cleveland, Ohio, this 24 day of October, 2006.

ASSIGNOR:

Metal Seal & Products Inc.
By: _____
Name: DALE C. DIEMER
Title: GENERAL MANAGER


ASSIGNEE:

CF SPECIAL SITUATION FUND I LP

By: _____
Name: Ryan R Crane
Title: Partner