**Moraine Maintenance Co., Inc.**
2611 Nordic Road
DAYTON, OHIO 45414

NOVEMBER 9, 2006

HONORABLE ROBERT D DRAIN
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN, ROOM 610
NEW YORK, NEW YORK  10004

RE: MAILING FROM SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    NOTICE OF OBJECTION TO CLAIM OF OUR SIGNED INVOICES
    IN DELPHI BANKRUPTCY CASE NO 05-44481 (RDD)

I AM SENDING YOU A COPY OF THE MATERIAL WHICH I MAILED TO
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AS WE FEEL THAT ALL
OF OUR CLAIMS ARE VALID.


RESPECTFULLY SUBMITTED,
*Wilma S Jackson*
WILMA S JACKSON, TREAS
937-276-4515 PHONE
937-276-2793 FAX
OUR CLAIM NO 447/FILED 11/8/2005


RECEIVED
NOV 13 2006
U.S. BANKRUPTCY COURT, SDNY

**Moraine Maintenance Co., Inc.**
2611 Nordic Road
DAYTON, OHIO 45414

OUR CLAIM NO 447/FILED 11/8/2005

NOVEMBER 9, 2006

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ATTN: JOHN BUTLER, JOHN LYONS, RANDALL REESE
333 WEST WACKER DR, SUITE 2100
CHICAGO, ILLINOIS 60606

RE: MAILING RECEIVED 11/4/06
REGARDING YOUR NOTICE OF OBJECTION TO CLAIM UNDER "CLAIMS SUBJECT MODIFICATION". THIS IS QUESTIONING SOME OF THE INVOICES WHICH WE SENT TO THE BANKRUPTCY COURT OF DELPHI (CASE NO 05-44481 (RDD)).
WE STAND BEHIND WHAT WE ORIGINALLY SENT AS EVERY INVOICE WE SENT AS PROOF WAS SIGNED BY THE PERSON RECEIVING THE SERVICE. WE ARE A SMALL FAMILY BUSINESS AND HAVE DONE BUSINESS WITH GM/DELPHI FOR TWENTY-EIGHT (28) YEARS. THE SAME PERSON HANDLED ALL OF THEIR BILLING DURING ALL OF THAT TIME AND ALWAYS DID IT ACCORDING TO GM/DELPHI INSTRUCTIONS. WE HAD A BLANKET PURCHASE ORDER WHICH WAS USED BY 5 DIFFERENT GROUPS LISTED BELOW:
   DELPHI/HOME AVE/DAYTON, OH
   DELPHI/480 N DIXIE DR/VANDALIA, OH
   DELPHI/NEEDMORE RD/DAYTON, OH
   DELPHI/CINCINNATI ST/DAYTON, OH
   DELPHI/PLANT 11/WOODMAN DR/KETTERING, OH
WE ALSO WORK FOR DELPHI HARRISON THERMAL/KETTERING BLVD/MORAINE, OH BUT THEY SEND THEIR OWN PURCHASE ORDER.
AS OUR BUSINESS IS REPAIRING THEIR TRUCKS/TRAILERS, THEY ARE TO COME IN FOR REPAIRS AS NEEDED (MANY ARE ON EMERGENCY REPAIR STATUS AS THEY HAVE JOBS TO COMPLETE). AT THE END OF EACH MONTH, INVOICES ARE SENT TO THE DEPARTMENT HEAD FOR COMPLETED WORK/REPAIR. THEY, IN TURN, WRITE A P.O. ON THE BLANKET P.O. FOR THE MONTHLY EXPENSE. MANY TIMES, WE HAVE TO CONTACT THE DEPARTMENT HEADS SAYING WE HAVE NOT RECEIVED THEIR P.O. YET. SOMEONE WOULD BE SITTING ON THE INVOICES. THAT SAME THING HAPPENS TODAY EVEN UNDER THE BANKRUPTCY PLUS DEPT HEADS CHANGE FREQUENTLY. THEREFORE, ANY INVOICE THAT DID NOT HAVE A P.O. NUMBER WAS BECAUSE A DEPARTMENT HEAD HAS NOT DONE THE PAPERWORK EVEN THOUGH WE HAVE DONE OUR JOB AS THE SIGNATURE INDICATES.
AS AN EXAMPLE, PLEASE NOTE ATTACHED P.O. 4501043027 DATED 9/29/05. DELPHI/HOME AVE/DAYTON, OH HAD NOT PAID FOR 6 MONTHS, THEN WE GET THIS $20,000.00 PURCHASE ORDER WHICH WAS TO COVER PAST DUE INVOICES, BUT IT WAS SO CLOSE TO THE BANKRUPTCY FILING THAT NONE OF THEM WERE PAID.

SINCE YOU ARE QUESTIONING SOME OF OUR SIGNED INVOICES, WE ARE ASKING YOU TO BE FAIR AND HONEST ENOUGH TO SPECIFY WHICH ONES, AS THERE WERE 67 OF THEM IN ALL.

SINCERELY,
*Wilma S Jackson*
WILMA S JACKSON, TREAS
937-276-4515 PHONE
937-276-2793 FAX

**DELPHI**

EVIDENCE FOR DELPHI BANKRUPTCY CASE NO
05-44481 (RDD) & MORAINE MAINT CO., INC
CLAIM NO 447 FILED 11/8/2005

Energy & Chassis Systems
Page 1 of 4

Buyer:
DELPHI
ENERGY & CHASSIS SYSTEMS
5820 DELPHI DR
TROY MI 48098

Purchase Order

PO Number: 450143027
Version
29-Sep-2005 14:26:16
Date Issued: 29-Sep-2005

Deliver to:
DELPHI ENERGY & CHASSIS SYSTEMS
HOME AVE OPERATIONS - IN01
DOCK S20
2701 HOME AVE.
DAYTON MI 45417

Delivery date: 31-OCT-2005

MORAINE MAINTENANCE CO INC
2611 NORDIC RD
DAYTON OH 45414-3423

Vendor No: 1020870
DUNS No: 084750256

Payment Terms: ZMN2    Currency: USD
Payment settled on 2nd, 2nd Month
Incoterms: FCA- Shipping Point collect

THIS PURCHASE ORDER WAS TO COVER PAST DUE INVOICES
BUT IT DID NOT DO IT BECAUSE IT WAS SO CLOSE TO
BANKRUPTCY FILING.

| Item No. | Material No/Item Identifier No  Description | Total Order Quantity | Plant  Requester |
|---|---|---|---|
| 00010 | PR10226393_00010  *** Pay past due & current invoices | 20,000.000 | H401 DELPHI E & C  HOME AVENUE  G. Spears |

| Delivery Date | Scheduled Quantity | Price | Price Unit | UOM | Value |
|---|---|---|---|---|---|
| 31-OCT-2005 | 20,000.000 | 1.00 | 1 | EA | 20,000.00 |
| Net Line Item Value | | | | USD | 20,000.00 |

Total net value    USD    20,000.00

Notes: ***
Replacement for DCB06739 Blanket order

Small package Ground Service within the U.S. and Canada -- LESS THAN 150# - Ship UPS Consignee Billing Use UPS WorldShip Software, UPS Hardware, UPS Website, or UPS 800.742.5877, UPS Consignee #800-354-7527
Less-than-Truckload (LTL) - GREATER THAN 150# and LESS THAN 12,000 - LINC/Central Transport 800.221.9602  Ship Collect

Purchasing Contact: Clancy, Willie
Phone: 937-455-7721
Fax: 937-455-7798

Contact Address:
DELPHI ENERGY & CHASSIS SYSTEMS
2000 FORRER BLVD,
KETTERING OH 45420

Date and Time Printed: 29-Sep-2005 14:26:16

**Moraine Maintenance Co., Inc.**
2611 Nordic Road
DAYTON, OHIO 45414

DELPHI BANKRUPTCY CASE NO 05-44481 (RDD)
OUR CLAIM NO 447/FILED 11/8/2005

NOVEMBER 4, 2005

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
DELPHI CORPORATION CLAIM DOCKETING CENTER
P.O. BOX 5058
BOWLING GREEN STATION
NEW YORK, NEW YORK 10274-5058

RE: UNPAID DELPHI INVOICES ACCORDING TO OUR RECORDS PRIOR TO
    OCTOBER 8, 2005 BANKRUPTCY FILING.

DELPHI/HOME AVE/DAYTON, OH

| | | |
|---|---|---|
| 7837 | 8/31/02 | 700.32 |
| 7854 | 9/30/02 | 460.38 |
| 7960 | 3/31/03 | 469.75 |
| 8040 | 8/31/03 | 216.78 |
| 8327 | 3/31/05 | 2280.83 |
| 8338 | 4/30/05 | 2163.19 |
| 8346 | 5/31/05 | 2496.20 |
| 8358 | 6/30/05 | 1480.63 |
| 8369 | 7/31/05 | 821.95 |
| 8381 | 8/31/05 | 3793.72 |
| 8392 | 9/30/05 | 1569.50 |
| | | 16,453.25 |

DELPHI HARRISON THERMAL/3535 KETTERING BLVD/MORAINE, OH

| | | |
|---|---|---|
| 8382 | 8/31/05 | 3468.00 |
| 8393 | 9/30/05 | 850.86 |
| | | 4318.86 |

DELPHI/NEEDMORE RD/DAYTON, OH

| | | |
|---|---|---|
| 8359 | 6/30/05 | 774.51 |
| 8383 | 8/31/05 | 263.82 |
| 8394 | 9/30/05 | 139.86 |
| | | 1178.19 |

DELPHI/WOODMAN DR/KETTERING, OH

| | | |
|---|---|---|
| 8348 | 5/31/05 | 47.74 |
| 8371 | 7/31/05 | 111.80 |
| | | 159.54 |

NOTE:
EVEN THOUGH WE HAD A BLANKET PURCHASE ORDER, THESE INVOICES DATED MARCH 2005 THRU SEPT 2005 HAD NOT BEEN PAID. THEN, WE RECEIVED P.O. 4501430027 DATED 9/29/05 FOR $20,000.00 TO COVER PAST DUE INVOICES. IT WAS SO CLOSE TO BANKRUPTCY FILING THAT NONE WERE PAID. A COPY IS ATTACHED.

RESPECTFULLY SUBMITTED,

*Wilma S. Jackson*

WILMA S JACKSON, TREAS
937-276-4515 PHONE
937-276-2793 FAX

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF OBJECTION TO CLAIM

Moraine Maintenance Co Inc:

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Third Omnibus Objection to Certain Claims (the "Third Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Third Omnibus Objection is set for hearing on November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED THIRD OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 24, 2006. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU.

The enclosed Third Omnibus Objection identifies several different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Claims identified as having a Basis For Objection of "Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors to meaningfully review the asserted Claim.

Claims identified as having a Basis For Objection of "Untimely Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted making it impossible for the Debtors to meaningfully review the asserted Claim and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And

Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims that were overstated or were denominated in foreign currencies and which the Debtors seek to modify to a fully liquidated, U.S.-denominated amount in line with the Debtors' books and records and/or the liquidated amounts requested by the Claimants, as appropriate, and to appropriately classify the total amount of such remaining Claims as general unsecured claims.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
| 11/8/2005 | 447 | $22,109.84 | Subject to Modification | $19,910.28 General Unsecured |

If you wish to view the complete exhibits to the Third Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Third Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-259-2691 or www.delphidocket.com CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this Third Omnibus Objection, you must file a response and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006. Your response, if any, to the Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in a foreign currency.

2

case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Third Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or modified for the reasons set forth in the Third Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Third Omnibus Objection; (iv) all documentation or other evidence of the claim upon which you will rely in opposing the Third Omnibus Objection to the extent not included with the proof of claim previously filed with the Bankruptcy Court; (v) to the extent that the Claim is fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; (vi) the address(es) to which the Debtors must deliver any reply to your response, if different from that presented in the proof of claim; and (vii) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the Debtors have requested that the Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding the Third Omnibus Claims Objection and any Response and set further hearings pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Objection and Estimation Procedures Motion") being filed contemporaneously with the Third Omnibus Objection. With respect to all uncontested objections, the Debtors have requested that this Court conduct a final hearing on November 30, 2006 at 10:00 a.m. or as soon thereafter as counsel may be heard. The procedures set forth in the Claims Objection and Estimation Procedures Motion will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.

TO THE EXTENT ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, IF YOU FILE A RESPONSE IN ACCORDANCE WITH THE ABOVE PROCEDURES, PURSUANT TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION THE DEBTORS HAVE REQUESTED THE AUTHORITY TO ELECT, IN THEIR SOLE DISCRETION, TO PROVISIONALLY ACCEPT THE AMOUNT THAT YOU HAVE ASSERTED WOULD BE THE ALLOWABLE AMOUNT OF SUCH PROOF OF CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, AS THE ESTIMATED AMOUNT OF SUCH CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION AS APPROPRIATE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION.

The Bankruptcy Court will consider only those responses made as set forth herein and in accordance with the Amended Eighth Supplemental Case Management Order. If no responses to the Third Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in the Amended Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an order sustaining the Third Omnibus Objection without further notice. Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

MORAINE MAINTENANCE CO INC
MORAINE MAINTENANCE CO INC
2611 NORDIC RD
DAYTON OH 45414