Cherie Macdonald, Esq.
**GREENSFELDER, HEMKER & GALE, P.C.**
Cherie Macdonald, Esq.
12 Wolf Creek Drive, Suite 100
Belleville, IL  62226

Alan D. Halperin (AH-8432)
Christopher J. Battaglia (CB-4436)
**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | |

----------------------------------------------------------x

## ARC AUTOMOTIVE, INC.'S RESPONSE TO DEBTORS' THIRD OMNIBUS OBJECTION TO CERTAIN CLAIMS

ARC Automotive, Inc. ("ARC"), by and through its undersigned counsel, responds to the debtors' Third Omnibus Objection to Certain Claims (the "Third Omnibus Objection") as to ARC's proof of claim, as follows:

1. ARC filed Claim #9151 in the total amount of $1,073,139.28, representing the amounts due ARC for goods and royalties due under executory contracts with Delphi Automotive Systems LLC ("Delphi"), being that certain Long Term Contract and that certain ARC/Delphi Inflator License Agreement, both dated July 17, 2001, entered into by and between ARC and Delphi, along with all extensions and modifications thereof (hereinafter collectively referred to as the "Agreements").

2. Although the Third Omnibus Objection indicates ARC's claim was filed as fully secured, the claim was not so filed. Instead, ARC filed a total claim amount of

{00023318.2 / 0153-001}

$1,073,139.28. Of this sum, $218,571.21 is subject to ARC's right of reclamation, as agreed to by Debtors in that certain Amended Statement of Reclamation dated May 24, 2006. In addition, ARC further asserted that $132,888.88 of its claim is secured by a right of setoff. The entire claim results from the two executory contracts, which have yet to be assumed or rejected.

3. The documentation or other evidence upon which ARC will rely in opposing the Third Omnibus Objection to the extent not included with the proof of claim previously filed with the Bankruptcy Court are: that certain Long Term Contract and that certain ARC/Delphi Inflator License Agreement, both dated July 17, 2001, entered into by and between ARC and Delphi, along with all extensions and modifications thereof (collectively referred to hereinafter as the "Agreements"). The Agreements are confidential in nature and voluminous, and are in Delphi's possession. Due to their confidentiality, ARC has not attached them hereto.

4. The address to which the Debtors must deliver any reply to this response is:

> Cherie K. Macdonald
> ckm@greensfelder.com
> Greensfelder, Hemker & Gale, P.C.
> 12 Wolf Creek Drive, Suite 100
> Swansea, IL 62226
> Telephone:  (618) 257-7308
> Facsimile:   (618) 257-7353

5. The person possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on ARC's behalf is:

> Timothy Murray
> CFO
> ARC Automotive, Inc.
> 1729 Midpark
> Suite 100
> Knoxville, TN  37921
> Telephone:  (865) 583-7603

{00023318.2 / 0153-001}   2

**ARC is Entitled to Assert its Setoff Right as a Secured Claim**

6.     To the extent ARC owed discounts to Delphi prepetition, ARC is entitled to assert a right to setoff such amounts from prepetition amounts owing to ARC by Delphi.

7.     While 11 U.S.C. §362(a)(7) stays creditors from effecting a setoff against a debt owed to the debtor as of the petition date of a case, such creditors may seek relief from the stay to effectuate a setoff for cause, including lack of adequate protection.  11 U.S.C. §362(d)(1).  ARC has not sought relief from stay to setoff the obligations, but has a right to do so.  Accordingly, the portion subject to the setoff right is being asserted as a secured claim.  11 U.S.C. §506.

8.     In order to have a right to setoff, the debts of the creditor and the debtor must have arisen pre-petition.  11 U.S.C. §553.  In the instant case, the debt owed by Delphi to ARC in the amount of $1,073,139.28 arose prepetition from Delphi's ordering of certain inflators under the Contracts.  The credit owed by ARC to Delphi also accrued pre-petition, and relates to discounts for certain payments.  Therefore, the debts arose pre-petition.

9.     11 U.S.C. §553 also requires mutuality, or that the debts be "due to and from the same persons in the same capacity."  Westinghouse Credit Corporation v. D'Urso, 278 F.3d 138, 149 (2nd Cir. 2002) (citing Scherling v. Hellman Elec. Corp., 181 B.R. 730, 740 (Bankr. S.DN.Y. 1995).  This requirement is satisfied.  All items were purchased by Delphi from ARC, and ARC owed Delphi sums for discounts for such purchases.

10. Lastly, none of the exceptions to §553 apply herein. ARC's claim has not been disallowed. ARC's claims were not incurred to obtain setoff rights, but resulted from pre-petition contracts.

11. ARC has satisfied the requirements of 11 U.S.C. §553 and none of the exceptions apply. Accordingly, ARC has a valid, secured claim against Delphi's bankruptcy estate for the amount of the credit.

12. Accordingly, ARC's claim should be classified as follows: $132,888.88 as secured, $218,571.21 treated as other reclamation claims (treatment to be decided at a later date), and the remainder to be determined ONLY in the event the contracts are rejected

(remainder of page intentionally blank)

**WHEREFORE**, ARC respectfully requests the Court enter an order holding that the Third Omnibus Objection as to ARC's claim should be denied in its entirety, and, to provide for such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 20, 2006

**HALPERIN BATTAGLIA RAICHT, LLP**
Co-Counsel to ARC Automotive, Inc.

By: /s/ Christopher J. Battaglia
Alan D. Halperin (AH-8432)
Christopher J. Battaglia (CB-4436)
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765.9100

-and-

**GREENSFELDER, HEMKER & GALE, P.C.**
Co-Counsel to ARC Automotive, Inc.

Cherie Macdonald, Esq.
12 Wolf Creek Drive, Suite 100
Belleville, IL 62226
(618) 257.7308