IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: : | |
| **Delphi Corporation, et al.** : | Case No. 05-44481 |
| : | |
| Debtors. : | Judge Robert D. Drain |

**RESPONSE TO DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §502(b) AND FED.R.BANKR.P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION**

Debtors filed an objection to the claims of claimants, Kay Schaeffer, Audrey L. Huston, John Terry Huston, and the Estate of Clarence Huston (the "Huston family"), identified as Claim Numbers 8122, 8123, 8125, 8127, 8128, and 8131 based upon the assertion that these claims are not substantiated by Delphi's books and records. This statement is simply untrue based upon the attached documentation and correspondence with Delphi regarding purchasing the contaminated property.

**I.     Factual Background**

The Huston family claims arise out of Delphi's many years of contaminating their property, including, most significantly, their groundwater supply. *See attached* Exhibit A, water test results. The Huston family entered into negotiations with Delphi regarding the purchase of their home prior to the filing of this bankruptcy. Initially, Delphi offered to purchase the Huston property for $150,000 ($130,000 purchase price plus $20,000 for moving and closing costs). *See attached* Exhibit B. The Huston family rejected this initial offer when they learned that the true value of their property was $300,000. Thus on July 27, 2004, the Huston family communicated an offer to allow Delphi to purchase the property which was contaminated by their Vandalia

plant for $300,000.  *See attached* Exhibit C.  Delphi rejected this offer in their August 11, 2004 letter, but agreed to install a new well in the property.  This well has never been installed and this offer was never revoked by Delphi.  *See attached* Exhibit D.  Delphi again relayed its interest in resolving this matter and again offered to install a new well on the property in its September 27, 2005 letter.  *See attached* Exhibit E.  Shortly after the Huston family received this letter, Delphi filed its Chapter 11 bankruptcy petition.  Based upon the value of the Huston family property, it filed a proof of claim indicating that they had an unliquidated claim for $300,000 indicating the value of the property had the contamination not occurred.

## II.  Law and Argument

Under Ohio law, a property owner may pursue a trespass and nuisance claim when his property is continuously contaminated by the migration of chemicals from an adjoining property.  *Chance v. BP Chemicals, Inc.* (1996), 77 Ohio St.3d 17.  Further, the Comprehensive Environmental Response and Liability Act (CERCLA), 42 U.S.C. §9601, *et seq.* requires Delphi to remedy the hazardous conditions that it created.  Thus, based upon both Federal and Ohio law, Delphi is required to take action to remedy the hazardous condition it created on the Huston family property when it improperly disposed of chemicals from its Vandalia, Ohio plant.

There is no question that Delphi's Vandalia, Ohio plant improperly dumped chemicals including the chemical TCE into the environment and those chemical entered the soil and aquifers on the Huston family property.  The water supply to the Huston family property is not safe for human consumption as indicated in the attached water test results.  Delphi acknowledged this fact when it offered to purchase the Huston family property.  Therefore, there is no dispute that the property was contaminated by Delphi and this must be remedied not merely

dismissed because Delphi now refuses to acknowledge that it contaminated the Huston family property.

Therefore, the Huston family remains willing to resolve its claims. The Huston Family believes that their claim is valued at $300,000, the fair market value of the Huston family property. However, the Huston family remains willing to discuss their claims with Delphi and resolve this claim.

/s/ Rex H. Elliott
Rex H. Elliott          (0054054)
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio  43221
(614) 481-6000
(614) 481-6001 (Facsimile)

Attorney for Kay Schaeffer, Audrey L. Huston, John Terry Huston, and the Estate of Clarence Huston