SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
    In re                             :         Chapter 11
                                      :
DELPHI CORPORATION, et al.,      :         Case No. 05–44481 (RDD)
                                      :
                  Debtors.      :         (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF JOHN D. SHEEHAN IN SUPPORT OF THE DEBTORS' REPLY TO
OBJECTION OF ORIX WARREN, LLC TO MOTION FOR ORDER UNDER 11 U.S.C. §
365(d)(4) EXTENDING DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASE OF
<u>NONRESIDENTIAL REAL PROPERTY</u>

John D. Sheehan declares as follows:

1.  Delphi Corporation and certain of its subsidiaries and affiliates (the "Affiliate Debtors") are debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors").[1]  I submit this declaration in support of the Debtors' Reply To The Objection Of Orix Warren, LLC To Motion For Order Under 11 U.S.C. § 365(d)(4) Extending Deadline To Assume Or Reject Unexpired Lease Of Nonresidential Real Property (the "Reply").  Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Reply.

2.  I am the Vice President and Chief Restructuring Officer for Delphi Corporation (which, with certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases, are referred to collectively and variously herein as "Delphi" or the "Debtors").  I joined Delphi in July 2002 as Chief Accounting Officer and Controller.  On March 4, 2005, I also assumed the position of acting Chief Financial Officer, a position that I held until October 8, 2005, when I was appointed Chief Restructuring Officer.  Consequently, I am familiar with, and personally was involved in, the events and circumstances giving rise to the Debtors' decision to seek chapter 11 protection on October 8, 2005 (the "Initial Filing Date").  Since the Initial Filing Date, I have been involved at some level in virtually all of the significant decisions made by the Debtors in connection with these chapter 11 cases.

3.  Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, my opinion, my experience with and knowledge of Delphi's financial condition, or are based upon knowledge obtained

---

[1] Delphi Automotive Systems LLC is the tenant and the obligor under the lease subject to the Reply.  The term "Debtors" is used pervasively in the Reply and herein because this Declaration represents the position of the Debtors.  Obligations and liabilities inherent in such references, however, are attributable only to Delphi Automotive Systems LLC.

2

from Delphi employees reporting to me in the course of their duties.  If I were called upon to testify, I could and would testify to the facts set forth herein.

### DAS LLC Is Continuing To Pay For The Use Of The Property

4.     DAS LLC is current in all of its postpetition obligations under the Orix Lease.  Moreover, DAS LLC has significant resources and liquidity, including access to the Debtors' substantial debtor-in-possession credit facility, which provide adequate assurance to Orix Warren that it will continue to receive its postpetition rent timely.

### The Lease Is Important To The Debtors' Estates And The Debtors Have Not Had Sufficient Time To Make Critical Decisions Regarding Its Leases

5.     The Debtors' research and technical centers, manufacturing sites, and sales offices are all vital to the Debtors' business operations.  As part of the Debtors' restructuring efforts, the Debtors are in the process of evaluating all owned and leased real estate, including the Orix Lease.  In considering their options with respect to the real property leases, the Debtors are evaluating a variety of factors to determine whether it is appropriate to assume, assume and assign, or reject each particular real property lease.

6.     The Debtors have announced their transformation plan, which outlines the realignment of their global product portfolio and manufacturing footprint to preserve the Debtors' core businesses.  Implementation of that transformation plan, however, will take time as the Debtors continue to evaluate the allocation of their resources, which include their real estate holdings.  Moreover, the completion of their negotiations with their major stakeholders is integral to the Debtors' decision-making.  Indeed, the results of the Debtors' framework discussions and their ongoing business planning are likely to have an impact on their analysis.  Based on these factors, it is my judgment that forcing a premature decision to assume or reject the Orix Lease would harm the Debtors, their estates, and all other stakeholders because it could force

DAS LLC to assume excess administrative liabilities under the Orix Lease or forfeit value on account of a marketable or otherwise necessary lease.

### The Debtors Have Not Had Sufficient Time To Formulate A Plan Of Reorganization

7. At this point in the Debtors' chapter 11 cases, the Debtors' energies are focused on negotiating with key constituencies to formulate a plan of reorganization which will allow for the continued implementation of the Debtors' transformation plan. These discussions are likely to influence the Debtors' decisions regarding the assumption or rejection of their leases. In my view, the Debtors need to focus on implementing the transformation plan, not making one-off decisions about leases or facilities.

8. The Orix Lease, by its terms, expires December 31, 2008 and requires DAS LLC to pay approximately $158,000 in monthly obligations. Forcing DAS LLC to assume or reject the Orix Lease when the Debtors have not yet determined their plans with respect to that lease could trigger additional administrative claims that would otherwise be a general unsecured claim limited by section 502(b)(6) of the Bankruptcy Code in the event of a rejection of that lease.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed on November 17, 2006, in Troy, Michigan.

       /s/ John D. Sheehan
JOHN D. SHEEHAN