**Hearing Date and Time: November 30, 2006 at 10:00 a.m.**
**Response Date and Time: November 24, 2006 at 4:00 p.m.**

Theodore A. Cohen (TC-4164)[1]
SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398

- and –

Malani J. Sternstein (MS 3882)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza, Suite 2400
New York, New York 10112
Telephone:    212-332-3800
Facsimile:    212-332-3888

*Attorneys for Creditor Gary Whitney*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

RESPONSE OF CREDITOR GARY WHITNEY TO DEBTORS'
(I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS
UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND
(C) CLAIMS SUBJECT TO MODIFICATION, AND (II) MOTION TO ESTIMATE
CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)

---

[1]  An Order Granting the Application of Theodore Cohen, Esq. to Practice Pro Hac Vice before the Court in these bankruptcy cases was entered by the Court on July 18, 2006.  Accordingly, creditor Gary Whitney respectfully submits that, as required by paragraph 47(g) of the Third Omnibus Objection (as defined below), Theodore Cohen is designated as the individual with ultimate authority to reconcile, settle or otherwise resolve the Claim (as defined below) on behalf Whitney, and can be reached at the coordinates provided herein.

Creditor Gary Whitney ("Mr. Whitney"), having timely filed a claim against debtor Delphi Corporation (the "Debtor") in the above-captioned cases, hereby submits this Response to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification, and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Third Omnibus Objection"), dated October 31, 2006, and respectfully represents as follows:

## BACKGROUND

1.      On October 8 and 14, 2005, the Debtor and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors, and on April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

2.      On April 12, 2006, the Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502, and 1111(a) and Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Bar Date Order").  The Bar Date Order set July 31, 2006 (the "Bar Date") as the last date for the filing of proofs of claim against the Debtors.

3.      On July 21, 2006, Mr. Whitney timely filed a proof of claim (the Proof of Claim") against the Debtor in an unliquidated amount (the "Claim") for claims arising out of an age discrimination and wrongful termination suit filed by Mr. Whitney, as plaintiff, against the Debtor and Delphi Product and Service Solutions, Inc. (collectively, the "Defendants") on July 28, 2005 in Los Angeles County, California Superior Court (the "State Court Lawsuit").  A copy

of the complaint is attached to Mr. Whitney's timely filed Proof of Claim, a date-stamped copy of which is attached hereto as Exhibit A.

4.      Specifically, Mr. Whitney was hired in January 2002 as the Western Regional Sales Managers for the Defendants and, in that capacity, was responsible for serving all states West of the Mississippi.  Subsequently, the Defendants wrongfully terminated Mr. Whitney in June 2004 merely because of his age and the fact that his younger supervisor was uncomfortable supervising older workers, and not for any reason relating to his performance as an employee, giving rise to the Claim and the State Court Lawsuit.

5.      The Defendants filed an answer (the "Answer") to Mr. Whitney's complaint on September 21, 2005, a copy of which is attached hereto as Exhibit B.  The Defendants sent Mr. Whitney notice that they intended to depose him, and Mr. Whitney noticed several depositions as well.  However, the proceedings were stayed by operation of section 362(a) of the Bankruptcy Code when the Debtor filed its voluntary petition in this case under chapter 11 of the Bankruptcy Code.

6.      The Debtors now object to the Claim in their Third Omnibus Objection, as not being reflected in the Debtors' books and records.  *See* Third Omnibus Objection at ¶¶ 27-28.

7.      In addition, the Third Omnibus Objection requests that the Court estimate any claims which have been asserted as contingent or unliquidated, in whole or in part, setting a maximum allowable amount of any such claims for all purposes, including for voting and distribution purposes.  *See* Third Omnibus Objection at ¶ 37.  To this end, on October 31, 2006, the Debtors also filed the Motion for Order Pursuant to U.S.C. §§ 502(b) and 502(c) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007 and 9014 Establishing (I) Dates for Hearings Regarding Disallowance Or Estimation Of Claims and (II) Certain Notices and Procedures

Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Procedure

Motion").  By the Procedure Motion the Debtors seek permission from this Court to, *inter alia*,

require all responses to the Third Omnibus Objections to estimate the amount of any

unliquidated claims, and to give the Debtors the authority to provisionally accept such

estimations.

## ARGUMENT

A.    The Third Omnibus Objection Does Not Adequately
      Identify the Basis for Objecting to Mr. Whitney's Claim

       7.    The Debtors' stated grounds for objecting to Mr. Whitney's Claim in the

Third Omnibus Objection is that the Claim does not appear in the Debtors' books and records.

However, the Debtors are and have been aware of this Claim, as they listed it on page 229 of

Schedule F of their Amended and Restated Schedules of Assets and Liabilities (the "Schedule").

It is also listed on the Debtors' original Schedules of Assets and Liabilities, (Docket No. 1854),

filed on January 20, 2006, almost seven months before Mr. Whitney timely filed his Proof of

Claim in accordance with the Bar Date Order.  A copy of the relevant excerpt from the Debtors'

Schedule is attached hereto as Exhibit C.

       8.    The Debtor was aware of the State Court Lawsuit given the Schedule, the

filing of its Answer and that it noticed Mr. Whitney of its intention to take his deposition prior to

the filing of its voluntary petition.

       9.    Moreover, because the Third Omnibus Objection states only that the

Debtors are not liable on the Claim because its books and records do not reflect the existence of

the Claim, and have therefore failed to provide any specific basis or evidence supporting their

objection to Mr. Whitney's Claim, the Debtors have failed to meet their burden with respect to

their objection to Mr. Whitney's Claim, and the objection should thus be denied.

B.        Estimation of Mr. Whitney's Claim

10.        As stated above, on October 31, 2006, the Debtors also filed the Procedure

Motion . By the Procedure Motion the Debtors seek permission from this Court to, *inter alia*,

require all responses to the Third Omnibus Objections to estimate the amount of any

unliquidated claims, and to give the Debtors the authority to provisionally accept such

estimations. *See* Procedures Motion at ¶ 30.

11.        Pursuant to Bankruptcy Code section 502(c)(1), Mr. Whitney estimates his

Claim to be in the amount of at least $3,170,428.98 (the "Estimate"). This amount consists of

economic damages of $933,459.00, which includes: (i) back pay from June 23, 2004 to

November 14, 2006 of $149,459.00, (ii) lost benefits of $66,000.00, (iii) front pay from

November 15, 2006 to April of 2014, (when Mr. Whitney turns 67 years old) of $510,000.00,

assuming Mr. Whitney is able to mitigate damages in the amount of $20,000.00 per year, and

(iv) lost benefits of $208,000.00. It also includes emotional distress damages of $700,000.00 and

punitive damages of $1,500,000.00. Attorneys' fees and costs are also included in the estimation.

Mr. Whitney's attorneys in the State Court Lawsuit, Helmer Friedman, LLP, incurred fees and

costs totaling $29,400.00 as of November 14, 2006 and Mr. Whitney's bankruptcy counsel,

Sheppard Mullin Richter & Hampton, LLP, incurred $7,569.98 in fees and costs as of November

14, 2006.

12.        Mr. Whitney respectfully submits that the Estimation is fair and adequate

and based on the allegations made in the State Court Lawsuit, and that the Debtors should thus

accept this Estimation pursuant to the Procedures Order, and only subject to the Court's approval

of the Procedure Order.

C.      A "Sufficiency Hearing" is Inapplicable to the Objection to Mr. Whitney's Claim

13.      In the Procedure Motion, the Debtors also requested the authority to sort unresolved claims into one of three categories of hearings. *See* Procedure Motion at ¶ 36(a)(i). The first is a "sufficiency hearing," which is described as a non-evidentiary hearing based on a standard similar to a motion to dismiss for failure to state a claim. *See* Procedure Motion at ¶ 36(a)(i)(1). The second is a hearing to estimate the amount of any unliquidated or contingent claims. *See* Procedure Motion at ¶ 36(a)(i)(2). The last is an evidentiary hearing on the merits of a contested claim. *See* Procedure Motion at ¶ 36(a)(i)(3).[2]

13.      The "sufficiency hearings" are described as non-evidentiary hearings based on a standard similar to a motion to dismiss for failure to state a claim defenses. *See* Procedure Motion at ¶ 36(a)(i)(1) and footnote 3. However, such a "sufficiency hearing" has no applicability to Mr. Whitney because the Defendants have already filed their Answer in the State Court Lawsuit and the Claim is, therefore, at issue in the State Court Lawsuit. Similarly, there is no need for, and it would be improper at this time to hold, an evidentiary hearing on the Claim before this Court given the existence of the State Court Lawsuit.

14.      In addition, based on Debtors' request for authority to provisionally accept claim estimations under the Procedures Motion, Mr. Whitney submits that there is no need for an

---

[2] The State Court Lawsuit is comprised exclusively of state law issues and is already at issue. As such, resolving the Claim in state court is more appropriate than doing so pursuant to the Procedure Motion. Moreover, Mr. Whitney made an informal request that the Debtors provide copies of their applicable EPLI policies. The Debtors only provided Mr. Whitney with an excerpt of a policy. The excerpt of the policy that was given to Mr. Whitney, which may have a $5,000,000.00 deductible, was insufficient to allow Mr. Whitney to definitively determine whether insurance coverage exists. The Debtors have refused to provide Mr. Whitney with a complete copy of the policy. If necessary, a formal request pursuant to Fed. R. Bankr. P. 2004 for copies of those policies will be made. Based on the foregoing, the procedures outlined in the Procedure Motion should not apply to the State Court Lawsuit. Mr. Whitney reserves the right to make a motion for relief from the automatic stay to proceed with the State Court Lawsuit. Mr. Whitney is concurrently filing a response to the Procedure Motion on these same grounds.

estimation hearing with respect to the Claim, and this Court should allow Mr. Whitney's claim in the amount of at least $3,170,428.98.

**WHEREFORE**, Mr. Whitney respectfully requests that this Court enter an order: (a) denying the relief sought in the Third Omnibus Objection as it relates to the Claim; (b) allowing the Claim in the amount of at least $3,170,428.98, and (c) granting such other and further relief as is just and necessary.

Dated:  November 20, 2006
       Los Angeles, California

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                By:    /s/ Theodore Cohen
                Theodore Cohen
                333 South Hope Street, 48th Floor
                Los Angeles, California  90071-1448
                Telephone:     213-620-1780

                - and -

                Malani Sternstein
                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                30 Rockefeller Plaza, 24th Floor
                New York, New York  10112
                Tel:  (212) 332-3800

                *Attorneys for Creditor Gary Whitney*