**Hearing Date and Time: November 30, 2006 at 10:00 a.m.**
**Response Date and Time: November 24, 2006 at 4:00 p.m.**

Theodore A. Cohen (TC-4164)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:     213-620-1780
Facsimile:     213-620-1398


- and –

Malani J. Sternstein (MS 3882)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza, Suite 2400
New York, New York  10112
Telephone:     212-332-3800
Facsimile:     212-332-3888

*Attorneys for Creditor Gary Whitney*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

RESPONSE OF CREDITOR GARY WHITNEY TO DEBTORS'
MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND 502(c) AND FED. R.
BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES
FOR HEARINGS REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS AND
(II) CERTAIN NOTICES AND PROCEDURES GOVERNING HEARINGS REGARDING
DISALLOWANCE OR ESTIMATION OF CLAIMS

Creditor Gary Whitney ("Mr. Whitney"), having timely filed a claim against debtor

Delphi Corporation (the "Debtor") in the above-captioned cases, hereby submits this Response to

the Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 502(b) and 502(c) and Fed. R. Bankr. P.

2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding

Disallowance or Estimation of Claims and (II) Certain Notices and Procedures Governing

Hearings Regarding Disallowance or Estimation of Claims (the "Procedure Motion"), dated

October 31, 2006, and respectfully represents as follows:

## BACKGROUND

1.      On October 8 and 14, 2005, the Debtor and certain of its subsidiaries and

affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code") in this Court.  On October 17, 2005, the Office of

the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured

creditors, and on April 28, 2006, the U.S. Trustee appointed an official committee of equity

holders.

2.      On April 12, 2006, the Court entered an Order Under 11 U.S.C. §§ 107(b),

501, 502, and 1111(a) and Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a)

Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice

Thereof (the "Bar Date Order").  The Bar Date Order set July 31, 2006 (the "Bar Date") as the

last date for the filing of proofs of claim against the Debtors.

3.      On July 21, 2006, Mr. Whitney timely filed a proof of claim (the Proof of

Claim") against the Debtor in an unliquidated amount (the "Claim") for claims arising out of an

age discrimination and wrongful termination suit filed by Mr. Whitney, as plaintiff, against the

Debtor and Delphi Product and Service Solutions, Inc. (collectively, the "Defendants") on July

28, 2005 in Los Angeles County, California Superior Court (the "State Court Lawsuit").  A copy

of the complaint is attached to Mr. Whitney's timely filed Proof of Claim, a date-stamped copy

of which is attached hereto as Exhibit A.

4.      Specifically, Mr. Whitney was hired in January 2002 as the Western

Regional Sales Managers for the Defendants and, in that capacity, was responsible for serving all

states West of the Mississippi.  Subsequently, the Defendants wrongfully terminated Mr.

Whitney in June 2004 merely because of his age and the fact that his younger supervisor was

uncomfortable supervising older workers, and not for any reason relating to his performance as

an employee, giving rise to the Claim and the State Court Lawsuit.

5.      The Defendants filed an answer (the "Answer") to Mr. Whitney's

complaint on September 21, 2005, a copy of which is attached hereto as Exhibit B.  The

Defendants sent Mr. Whitney notice that they intended to depose him, and Mr. Whitney noticed

several depositions as well.  However, the proceedings were stayed by operation of section

362(a) of the Bankruptcy Code when the Debtor filed its voluntary petition in this case under

chapter 11 of the Bankruptcy Code.

## ARGUMENT

6.      In the Procedure Motion, the Debtors requested the authority to sort

unresolved claims into one of three categories of hearings.  *See* Procedure Motion at ¶ 36(a)(i).

The first is a "sufficiency hearing," which is described as a non-evidentiary hearing based on a

standard similar to a motion to dismiss for failure to state a claim.  *See* Procedure Motion at

¶ 36(a)(i)(1).  The second is a hearing to estimate the amount of any unliquidated or contingent

claims.  *See* Procedure Motion at ¶ 36(a)(i)(2).  The last is an evidentiary hearing on the merits of

a contested claim.  *See* Procedure Motion at ¶ 36(a)(i)(3).

7.      The "sufficiency hearings" are described as non-evidentiary hearings

based on a standard similar to a motion to dismiss for failure to state a claim defenses.  *See*

Procedure Motion at ¶ 36(a)(i)(1) and footnote 3.  However, such a "sufficiency hearing" has no

applicability to Mr. Whitney because the Defendants have already filed their Answer in the State

Court Lawsuit and the Claim is, therefore, at issue in the State Court Lawsuit.  Similarly, there is

no need for, and it would be improper at this time to hold, an evidentiary hearing on the Claim

before this Court given the existence of the State Court Lawsuit.

8. The State Court Lawsuit is comprised exclusively of state law claims, and is already at issue. As such, resolving the Claim in state court is more appropriate than doing so pursuant to the Procedure Motion.

9. Moreover, Mr. Whitney made an informal request that the Debtors provide him with copies of their applicable EPLI policies. The Debtors only provided Mr. Whitney with an excerpt of a policy. The excerpt of the policy that was given to Mr. Whitney, which may have a $5,000,000.00 deductible, was insufficient to allow Mr. Whitney to definitively determine whether insurance coverage exists. The Debtors have refused to provide Mr. Whitney with a complete copy of the policy.

10. If necessary, a formal request pursuant to Fed. R. Bankr. P. 2004 for copies of those policies will be made.

11. Based on the foregoing, the procedures outlined in the Procedure Motion should not apply to the State Court Lawsuit.

12. Mr. Whitney reserves the right to make a motion for relief from the automatic stay to proceed with the State Court Lawsuit in California.[1]

**WHEREFORE**, Mr. Whitney respectfully requests that this Court enter an order ruling: (a) that the procedures outlined in the Procedure Motion are inapplicable to Mr. Whitney; (b) alternatively, if the procedures outlined in the Procedure Motion are applicable, that they are applicable without prejudice to Mr. Whitney's right to seek relief from the automatic stay to

---

[1]  Mr. Whitney is concurrently filing a response to the Debtors' objection to the Claim.

litigate the State Court Lawsuit in state court; and (c) granting such other and further relief as is

just and necessary.

Dated:  November 20, 2006
      Los Angeles, California

                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                   By:   /s/ Theodore Cohen
                   Theodore Cohen
                   333 South Hope Street, 48th Floor
                   Los Angeles, California  90071-1448
                   Telephone:     213-620-1780

                    - and -

                   Malani Sternstein
                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                   30 Rockefeller Plaza, 24th Floor
                   New York, New York  10112
                   Tel:  (212) 332-3800

                   *Attorneys for Creditor Gary Whitney*