# EXHIBIT A

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT __SOUTHERN__ DISTRICT OF __NEW YORK__ | PROOF OF CLAIM |
|---|---|

| Name of Debtor: DELPHI CORPORATION | Case Number: 05-44481(RDD) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
GARY WHITNEY

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Gary Whitney
c/o Theodore A. Cohen - Sheppard Mullin
333 South Hope Street, 48th Floor
Los Angeles, California 90071
Telephone number: 213-620-1780

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces ☐ amends   a previously filed claim, dated: _____
if this claim

1. **Basis for Claim**
   - ☐ Goods sold
   - ☐ Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☒ Other _Age discrimination, wrongful termination, intentional and negligent infliction of emotional distress_ *See Exhibit A

   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ (date) to _____ (date)

2. **Date debt was incurred:** June 23, 2004
3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ *To be proved at trial _____ _____ _____ *To be proved at trial
   (unsecured)   (secured)   (priority)   (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $ _____
   Amount of arrearage and other charges __at time case filed__ included in secured claim, if any: $ _____

6. **Unsecured Nonpriority Claim** $ *To be proved at trial
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( _____ ).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date: July 1, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _Gary Whitney_ (signed) |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*Claimant believes that there is insurance coverage for his claims, which are discussed in the attached Complaint

B10

COPY

| | |
|---|---|
| HELMER • FRIEDMAN, LLP<br>Gregory D. Helmer (S.B. #150184)<br>Andrew H. Friedman, P.C. (S.B. #153166)<br>723 Ocean Front Walk<br>Venice, California 90291<br>Telephone: (310) 396-7714<br>Facsimile: (310) 396-9215<br><br>Attorneys for Plaintiff<br>GARY WHITNEY | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JUL 2 8 2005<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>J. SUNGA |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GARY WHITNEY,<br><br>    Plaintiff,<br><br>  v.<br><br>DELPHI CORPORATION, a corporation,<br>DELPHI PRODUCT AND SERVICE<br>SOLUTIONS, INC. a corporation, and<br>DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. BC 337315<br><br>**COMPLAINT FOR DAMAGES:**<br><br>(1) AGE DISCRIMINATION [Cal. Gov't Code § 12940];<br><br>(2) WRONGFUL TERMINATION AND OTHER ADVERSE EMPLOYMENT ACTIONS IN VIOLATION OF PUBLIC POLICY;<br><br>(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND<br><br>(4) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff GARY WHITNEY (hereinafter referred to as "MR. WHITNEY" or "PLAINTIFF"), as an individual, complains and alleges as follows:

Complaint for Damages

I.

## INTRODUCTION

1. In this case, PLAINTIFF, a highly-regarded Regional Sales Manager for defendants Delphi Corporation and Delphi Product and Service Solutions, Inc. (hereinafter "DELPHI" and/or the "COMPANY"), alleges, <u>inter alia</u>, that his employment was terminated due to his age and as part of a pattern and practice to systematically reduce the average age of its workforce by terminating the employment of and/or otherwise pressuring older workers to cease working for it and by hiring younger workers. MR. WHITNEY is alleging both disparate treatment and disparate impact age discrimination. As a result of Defendants' conduct, MR. WHITNEY has sustained substantial economic and severe emotional distress damages.

## JURISDICTION AND VENUE

2. The Court has personal jurisdiction over the defendants because they are residents of and/or doing business in the State of California.

3. Venue is proper in this county in accordance with Section 395(a) of the California Code of Civil Procedure because the defendants, or some of them, reside in this county, and the injuries alleged herein, or some of them, occurred in this county. Venue is further appropriate in this county in accordance with Section 395(a) and Section 395.5 of the California Code of Civil Procedure because defendants and PLAINTIFF contracted to perform some of their obligations in this county, the contract was entered into in this county, because the liability, obligation and breach occurred, at least in part, within this county, and because the principal place of business of defendants, or some of them, are situated in this county. Venue is further appropriate in this county in accordance with Section 12965(b) of the California Government Code because some of the unlawful practices alleged by PLAINTIFF in violation of the California Fair Employment and Housing Act [Cal. Gov't Code §§ 12940, <u>et seq</u>.] were committed in this county.

2
Complaint for Damages

## PARTIES

4.   GARY WHITNEY is an individual who was subjected to an unlawful termination of his employment in Los Angeles County.

5.   MR. WHITNEY is informed and believes, and thereon alleges, that defendant DELPHI, and DOES 1 through 50, and each of them, are, and at all times herein mentioned were, corporations, unincorporated associations, partnerships or other business entities qualified to do business and/or doing business in the State of California. MR. WHITNEY is further informed and believes, and thereon alleges, that said defendants are and were, at all relevant times mentioned herein, "employer[s]" within the meaning of Sections 12926(d) and 12940(j)(4)(A) of the California Government Code.

6.   The true names and capacities, whether corporate, associate, individual or otherwise of defendants DOES 1 through 50, inclusive, are unknown to MR. WHITNEY, who therefore sues said defendants by such fictitious names. Each of the defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to MR. WHITNEY, as herein alleged. MR. WHITNEY will seek leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

7.   At all times herein mentioned, defendants, and each of them, were the agents, representatives, employees, successors and/or assigns, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors and/or assigns and acting on behalf of, under the authority of, and subject to the control of each other.

05-44481-rdd Doc 5594-1 Filed 11/20/06 Entered 11/20/06 22:21:59 Exhibit A
Pg 6 of 15

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Defendant DELPHI manufactures and sells automotive electronics and replacement parts.

9. On January 6, 2002, defendant DELPHI hired MR. WHITNEY as its Western Regional Sales Manager. As the Western Regional Sales Manager, MR. WHITNEY was responsible for serving all states West of the Mississippi.

10. At the time that he was hired, MR. WHITNEY'S immediate supervisor was an individual namd Bob Kustasz. MR. WHITNEY is informed and believes, and thereon alleges, that Mr. Kustasz was in his mid-fifties.

11. MR. WHITNEY is informed and believes, and thereon alleges, that in or about the spring of 2003, defendant DELPHI embarked on a pattern and practice to systematically reduce the average age of its workforce by terminating the employment of and/or otherwise pressuring older workers to cease working for it and by hiring younger workers.

13. MR. WHITNEY is informed and believes, and thereon alleges, that in or about the spring of 2003, Mr. Kustasz was terminated and that he was subsequently replaced by an individual named Mike Roberts. MR. WHITNEY is informed and believes, and thereon alleges, that Mr. Roberts was an individual in his mid-thirties. As a consequence of Mr. Kustasz being replaced by Mr. Roberts, Mr. Roberts became MR. WHITNEY's immediate supervisor.

14. MR. WHITNEY is informed and believes, and thereon alleges, that in or about November 2003, Mr. LaDieu was replaced by an individual named Joe Damato. MR.

4
Complaint for Damages

WHITNEY is informed and believes, and thereon alleges, that Mr. Damato was an individual in his mid-thirties.

15. Since joining DELPHI, MR. WHITNEY's supervisor, Mr. Roberts, who does not feel comfortable supervising older workers, has hired two new Sales Managers who are in their mid-thirties.

16. On or about June 23, Mr. Roberts summoned MR. WHITNEY to a meeting at the Century Crown Plaza Hotel in Los Angeles, California. Mr. Roberts explained that the purpose of the meeting was to go over planning for meetings that they would be having with defendant DELPHI's customers later in the day. At the meeting, Mr. Roberts told MR. WHITNEY that he had some "bad news" – he was firing MR. WHITNEY. When MR. WHITNEY asked why he was being fired, Mr. Roberts asked: "Do we have to go there?" MR. WHITNEY then responded in the affirmative and Mr. Roberts asked whether MR. WHITNEY had ever met Burt Valanty (defendant DELPHI's Director of Human Resources). When MR. WHITNEY said that he had heard of Mr. Valanty but never met him, an individual walked over and introduced himself to MR. WHITNEY as "Burt Valanty."

17. With Mr. Valanty at their table, MR. WHITNEY again asked Mr. Roberts why he was being fired and what he had done wrong. Mr. Roberts replied: "Gary, you haven't done anything wrong. In fact, you have done everything I have asked of you. You haven't done anything wrong, Gary. And I know that all of your dealers really like you." Incredulous, MR. WHITNEY said: "Is this because I don't fit in with the new team? I know that I am a lot older than all of the new team members. This about my age, isn't it?" Neither Mr. Roberts nor Mr. Valanty denied MR. WHITNEY's statement. Instead, Mr. Roberts looked at Mr. Valanty and Mr. Valanty said: "Let's just say that you do not have the fit and finish for the new team (e.g., MR. WHITNEY didn't "fit" in a 30-something group and he didn't have the same "finish" as the younger team members because his appearance

5
Complaint for Damages

1  was old)."

2

3       18.    Although MR. WHITNEY had never asserted any type of claim against
4  defendant DELPHI, Mr. Valanty handed MR. WHITNEY a Separation Agreement and
5  Release which contained a release of, among other things, his rights under various statutes
6  prohibiting age discrimination including "the Age Discrimination and Employment Act"
7  (sic).

8

9       19.    MR. WHITNEY is informed and believes, and thereon alleges, that
10 statistical evidence will demonstrate that defendant DELPHI singled him and other workers
11 (age 40 and over) out for termination for an impermissible reason – their age.

12

13      20.    Prior to the filing of this actions, MR. WHITNEY filed a complaint with
14 the Department of Fair Employment and Housing ("DFEH") alleging that the acts of
15 defendants, and each of them, established a violation of the Fair Employment and Housing
16 Act, Government Code Section 12900 et. seq., received the requisite right to sue letters, and
17 served those letters on Defendants.

18

19      21.    MR. WHITNEY has been generally damaged in an amount within the
20 jurisdictional limits of this Court.

21

22 \\\
23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28

## FIRST CAUSE OF ACTION

## AGE DISCRIMINATION

(Cal. Gov't Code § 12940)

(Against All Defendants)

22. MR. WHITNEY realleges and incorporates by reference paragraphs 4 through 36, as though set forth in full.

23. In perpetrating the above-described actions, the defendants, and each of them, including DOES 1 through 50 and/or their agents and employees, subjected MR. WHITNEY to unlawful age discrimination in violation of California Government Code Section 12940 et seq.

24. By the aforesaid acts and omissions of defendants, and each of them, MR. WHITNEY has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

25. As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, MR. WHITNEY has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to MR. WHITNEY. MR. WHITNEY does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

26. MR. WHITNEY is informed and believes, and thereon alleges, that the

defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in wilful, malicious, intentional, oppressive and despicable conduct, and acted with wilful and conscious disregard of the rights, welfare and safety of MR. WHITNEY, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

27. As a result of defendants' acts and conduct, as alleged herein, MR. WHITNEY is entitled to reasonable attorneys' fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## SECOND CAUSE OF ACTION
## WRONGFUL TERMINATION AND OTHER ADVERSE EMPLOYMENT ACTIONS IN VIOLATION OF PUBLIC POLICY
(Against all Defendants)

28. MR. WHITNEY realleges and incorporates by reference paragraphs 4 through 36, 38 and 44 as though set forth in full.

29. As alleged herein, and in violation of public policy, defendant DELPHI discharged MR. WHITNEY from his employment because of his age. By terminating MR. WHITNEY's employment, Defendants violated the fundamental public policies of the State of California, as embodied in Sections 12940 et seq. of the California Government Code, and other California statutes. Such fundamental public policies prohibit employers from terminating employees because they are over the age of 40..

30. By the aforesaid acts and omissions of defendants, and each of them, MR. WHITNEY has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and

other pecuniary loss not presently ascertained.

31. As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, MR. WHITNEY has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to MR. WHITNEY. MR. WHITNEY does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

32. MR. WHITNEY is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in wilful, malicious, intentional, oppressive and despicable conduct, and acted with wilful and conscious disregard of the rights, welfare and safety of MR. WHITNEY thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

33. As a result of defendants' conduct as alleged herein, MR. WHITNEY is entitled to reasonable attorneys' fees and costs of suit as provided in Section 1021.5 of the California Civil Procedure Code.

## FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against all Defendants)

34. MR. WHITNEY realleges and incorporates by reference paragraphs 4

1  through 36, 38, 44 and 50 as though set forth in full.

3     34.    Defendants' conduct as described above was extreme and outrageous and was done with the intent of causing MR. WHITNEY to suffer emotional distress or with reckless disregard as to whether their conduct would cause her to suffer such distress.

7     35.    By the aforesaid acts and omissions of defendants, as aforesaid, MR. WHITNEY has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering. MR. WHITNEY does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

14    36.    MR. WHITNEY is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in wilful, malicious, intentional, oppressive and despicable conduct, and acted with wilful and conscious disregard of the rights, welfare and safety of MR. WHITNEY, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

25    37.    MR. WHITNEY realleges and incorporates by reference paragraphs 4 through 36, 38, 44, 50 and 56 as though set forth in full.

28    38.    In the alternative, defendants' conduct, as alleged above, was done in a

1 careless or negligent manner, without consideration for the effect of such conduct upon MR.
2 WHITNEY's emotional well-being.
3
4     39. By the aforesaid acts and omissions of defendants, and each of them,
5 MR. WHITNEY has been caused to and did suffer and continues to suffer severe emotional
6 and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort,
7 anxiety, physical pain and suffering. MR. WHITNEY does not know at this time the exact
8 duration or permanence of said injuries, but is informed and believes and thereon alleges that
9 some if not all of the injuries are reasonably certain to be permanent in character.
10
11
12 **PRAYER FOR RELIEF**
13
14 WHEREFORE, **PLAINTIFF** prays for judgment against defendants, and each
15 of them, as follows:
16     1. General damages in an amount to be proved at trial;
17     2. Special damages in an amount to be proved at trial;
18     3. Punitive damages in an amount appropriate to punish defendants and to
19         make an example of Defendant to the community;
20     4. Reasonable attorneys' fees;
21     5. Costs of suit;
22     6. Interest;
23     7. For such other relief as the Court deems proper.
24
25 \\\
26 \\\
27 \\\
28 \\\

```
1  DATED:      July 27, 2005              HELMER • FRIEDMAN, LLP
                                          Gregory D. Helmer
2                                         Andrew H. Friedman, P.C.
3
4                                         By: /s/
                                              Andrew H. Friedman, P.C.
5                                         Attorneys for Plaintiff
                                          GARY WHITNEY
6
```

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff GARY WHITNEY hereby demands a trial by jury.

DATED:    July 27, 2005

HELMER • FRIEDMAN, LLP
Gregory D. Helmer
Andrew H. Friedman, P.C.

By: _____
Andrew H. Friedman, P.C.
Attorneys for Plaintiff
GARY WHITNEY