# EXHIBIT B

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Randa A.F. Osman (Bar No. 150798)
2   Allison Burkholder (Bar No. 222955)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Defendants
   Delphi Corporation and Delphi Product & Service
6  Solutions, Inc.

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11 GARY WHITNEY,                          )   CASE NO. BC337315
                                          )
12            Plaintiff,                  )   Judge:  Hon. Haley J. Fromholz
                                          )   Dept:   20
13       vs.                              )
                                          )   DEFENDANTS DELPHI
14 DELPHI CORPORATION, a corporation,     )   CORPORATION AND DELPHI
   DELPHI PRODUCT AND SERVICE             )   PRODUCT & SERVICE
15 SOLUTIONS, INC., a corporation and     )   SOLUTIONS, INC.'S ANSWER TO
   DOES 1 THROUGH 50, inclusive,          )   PLAINTIFF GARY WHITNEY'S
16                                        )   UNVERIFIED COMPLAINT FOR
              Defendants.                 )   DAMAGES
17 _____)
                                              Filing Date: July 28, 2005
18                                            Trial Date:  None Set

19
        Defendants Delphi Corporation and Delphi Product & Service Solutions,
20
   Inc. ("Delphi") hereby answer the unverified Complaint ("Complaint") on file herein as
21
   follows:
22
        Pursuant to the provisions of Cal. Civ. Proc. Code § 431.30(d), Delphi
23
   denies, generally and specifically, each and every allegation contained in the Complaint.
24
   Delphi further denies that plaintiff has been damaged in any sum, or at all, by reason of
25
   any act or omission on the part of Delphi or on the part of any of its agents, servants,
26
   representatives or employees, or any of them.
27

28

08915/0677861.01
                                                                          ANSWER

1           And, for its affirmative defenses, Delphi alleges as follows:

2

3                                  <u>FIRST AFFIRMATIVE DEFENSE</u>

4           1.    The Complaint, and each purported cause of action contained

5 therein, fails to state facts sufficient to state a claim for relief against Delphi.

6

7                                  <u>SECOND AFFIRMATIVE DEFENSE</u>

8           2.    With respect to each purported cause of action set forth in the

9 Complaint, the injuries and damages alleged by plaintiff, if sustained at all, were

10 proximately caused and aggravated by plaintiff's own negligence or intentional conduct,

11 and plaintiff's recovery, if any, should be reduced or diminished to the extent the

12 damages were proximately caused by plaintiff's own negligent or intentional conduct.

13

14                                  <u>THIRD AFFIRMATIVE DEFENSE</u>

15           3.    With respect to each purported cause of action set forth in the

16 Complaint, plaintiff has failed to mitigate his damages, if any.

17

18                                  <u>FOURTH AFFIRMATIVE DEFENSE</u>

19           4.    Plaintiff's complaint and each purported cause of action are barred

20 because plaintiff failed to exhaust the available internal remedies under his employer's

21 established internal grievance procedures.

22

23                                  <u>FIFTH AFFIRMATIVE DEFENSE</u>

24           5.    Any recovery on the Complaint, or any purported cause of action

25 contained therein, is barred by the doctrines of consent, laches, and/or waiver.

26

27

28

### SIXTH AFFIRMATIVE DEFENSE

6. With respect to each purported cause of action set forth in the Complaint, any of the acts alleged to have been performed by defendant, if performed at all, were privileged acts.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is estopped from asserting the purported causes of action set forth in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

8. With respect to each of the purported causes of action set forth in the Complaint, any of the acts alleged to have been performed by defendant, if performed at all, were performed in accordance with, and justified by, "business necessity."

### NINTH AFFIRMATIVE DEFENSE

9. With respect to each purported cause of action set forth in the Complaint, the punitive damages alleged by plaintiff cannot be recovered, as recovery of such damages violates the California Constitution and the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's recovery, if any, should be reduced or diminished to the extent his damages were caused by his own comparative bad faith.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Each of the purported causes of action set forth in the Complaint is barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

12. If plaintiff sustained any loss, injury, damage or detriment as alleged in the Complaint, the loss, injury, damage or detriment was caused by an independent superseding cause unrelated to the acts, omissions and/or conduct alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Each of the purported causes of action set forth in the Complaint is barred by the doctrine of "avoidable consequences."

## FOURTEENTH AFFIRMATIVE DEFENSE

14. With respect to each purported cause of action set forth in the Complaint, plaintiff has failed to adequately exhaust his administrative remedies under Cal. Gov't Code §§ 12900 *et seq* and Cal. Civ. Pro. § 335.1.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. With respect to each purported cause of action set forth in the Complaint, the Workers' Compensation Act, *Cal. Lab. Code* §§ 3201, *et. seq.*, provides the exclusive remedy for the injuries alleged.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Each of the purported causes of action set forth in the Complaint is barred by the applicable statute of limitations, including, without limitation, *Cal. Gov't Code* §§ 12960 and 12965.

08915/0677861.01

-4-

ANSWER

WHEREFORE, Delphi prays for judgment as follows:

1. That plaintiff take nothing by way of the Complaint, and that the Complaint be dismissed with prejudice.

2. That judgment be entered in favor of Delphi and against plaintiff.

3. For costs of suit incurred herein;

4. Attorney's fees; and

5. For such other and further relief as the Court may deem just and proper.

DATED: September 21, 2005

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Allison L. Burkholder
Allison L. Burkholder
Attorneys for Defendants
Delphi Corporation and Delphi Product Service Solutions, Inc.

08915/0677861.01

-5-

ANSWER