**Hearing Date and Time: November 30, 2006 at 10:00 a.m.**

BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq. (TG1041)

    -and –

OCHS & GOLDBERG, LLP
60 East 42nd Street, Suite 1545
New York, New York 10165
Martin P. Ochs, Esq. (MO1203)

Attorneys for Symantec Corporation,
Successor By Merger to Veritas Software Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICK OF NEW YORK

---------------------------------------------------------- X
In re                                                      :
                                                                           : Chapter 11
DELPHI CORPORATION, et al.,                                :
                                                                           : Case No. 05-44481 (RDD)
                         Debtors.                        : (Jointly Administered)
---------------------------------------------------------- X

## RESPONSE OF SYMANTEC CORPORATION
## TO DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS

      SYMANTEC CORPORATION, the successor by merger of Veritas Software Corporation ("Symantec"), hereby responds  (the "Response") to the *Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §502(b) and Fed.R.Bankr.P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated BY Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. §502(c)* (the "Objection") filed by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliated Debtors"), debtors and debtors-in-possession, (collectively, Delphi and the Affiliated Debtors are referred to as the "Debtors") in the above-captioned jointly administered cases.

1

## SUMMARY OF OBJECTION AND RELIEF REQUESTED

The Objection seeks entry of an order denying the unsecured, pre-petition claim (hereinafter defined as the "Claim") asserted by Symantec on the ground that the Debtors' books and records fail to disclose that any liability is owed by Debtors.

By its Response, Symantec seeks entry of an order denying the Objection on the grounds that Symantec holds a valid, enforceable claim against the Debtors as evidenced by its proof of claim that was timely filed in this matter (as supplemented by certain additional documents attached hereto).

## FACTUAL BACKGROUND

The Response is based on the following facts and circumstances:

1.  Prior to October 8 and October 14, 2005 (collectively, the "Petition Date"), Veritas and the Debtors entered into an agreement whereby Veritas agreed to provide certain goods and services to the Debtors and, thereafter, Veritas provided such goods and services to Debtors.

2.  Subsequent to entry into the above-mentioned agreement, Symantec and Veritas merged and Symantec, as the successor corporation, is the owner and holder of the Claim (as defined below) and has the right to enforce such claim.

3.  On July 26, 2006, Symantec filed a proof of claim (the "Proof of Claim") asserting a claim in the aggregate amount of $40,867.33, including therein: (a) a priority/secured reclamation claim in the amount of $9,622.50 (the "Reclamation Claim"); (b) an unsecured, pre-petition, non-priority claim in the amount of $25,303.56 and (c) an administrative expense in the amount of $5,941.27. The Proof of Claim provided that Symantec reserved the right to amend the claim asserted. A true and accurate copy of the Proof of Claim is attached hereto as Exhibit "A" and incorporated by reference herein as if fully set forth.

4.  Subsequent to filing the Proof of Claim, Symantec entered into an agreement (dated July 26, 2006) with the Debtors whereby the Debtors agreed that the Reclamation Claim was

2

allowed in the amount of $7,909.10.   A true and accurate copy of the agreement allowing the Reclamation Claim is attached hereto as Exhibit "B" and incorporated by reference herein as if fully set forth.

     5.    Thereafter, Symantec reviewed its books and records and has determined that the Proof of Claim omitted certain invoices for goods and services provided, but which the Debtors have not paid and which amounts remain due and owing. Accordingly, as set forth on Exhibit "C" attached hereto and incorporated by reference herein, Symantec asserts that its books and records evidence that it is owed the following amounts:  (a) the Reclamation Claim in the amount of $9,622.50 (but allowed in the amount of $7,909.10 as set forth above); an unsecured, pre-petition, non-priority claim in the amount of $25,321.14 and (c) an administrative expense in the amount of $27,939.61 (collectively, the "Claim").   Symantec hereby requests that the Court find that the Proof of Claim has been amended in the amounts described in this paragraph.

     6.    Symantec's books and records indicate that the full amount of the Claim remains due and owing and that Debtors have made no payment whatsoever on account of this indebtedness as of this date.

## POINTS AND AUTHORITIES

    A.    <u>The Proof of Claim Is *Prima Facie* Evidence of the Validity and Amount of the Claim</u>

The filing of a proof of claim constitutes *prima facie* evidence of its amount and validity. *See* Fed. R. Bankr. P.  3001(f); *see also, In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 – 74 (3rd Cir. 1992); *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (9th Cir. BP 1995), *aff'd* 91 F.3d 151 (9th Cir. 1996).   A proof of claim that is *prima facie* valid "alleges facts sufficient to support a legal liability [of the debtor] to the claimant [.]" *In re Allegheny Int'l, Inc.*, 954 F.2d at 173 – 74.

The Proof of Claim filed by Symantec (and as amended hereby in amount only) clearly satisfies the requirements of Rule 3001(f). It includes copies of underlying invoices pertinent to calculation of the amount that remains due and owing as of this date – that is, (a) the Reclamation Claim in the amount of $7,909.10, (b) an unsecured, pre-petition, non-priority claim in the amount of $25,321.14, and (c) an administrative expense in the amount of $27,939.61. Accordingly, the Proof of Claim is entitled to be treated as *prima facie* evidence of the validity and amount of the Claim at issue.

      B.      <u>The Debtor Has Failed To Submit Evidence Rebutting The Prima Facie Validity and Amount of the Proof of Claim</u>

Based on the express language of Rule 3001(f), more than mere conclusory statements denying a debtor's liability are necessary to rebut the presumption of validity and the amount of a claim as set forth in the proof of claim. *See In re Brown*, 221 B.R. 46, 48 (Bankr. S.D. Ga. 1998). Pursuant to Rule 3001(f), "[a] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim." *In re Hinkely*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd*, 89 B.R. 608 (S.D. Tex. 1988), *aff'd* 879 F.2d 859 (5th Cir. 1989). In order "to overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly,* 245 B.R. 768, 773 (2rd Cir. B.A.P. 2000), *aff'd* 242 F.3d 362 (2rd Cir. 2000). Where a debtor simply makes a *pro forma* objection without any evidentiary support, a court may summarily overrule such objections. *See e.g.*, *In re Garner*, 246 B.R. 617, 620, 623 (B.A.P. 9th Cir. 2000) (debtor's assertion that there was no valid obligation to pay, without any evidentiary support, denied because the debtor failed to carry its burden to

overcome the presumption of validity conferred on a proof of claim).  The *prima facie* validity of a proof of claim is "strong enough to carry over a mere formal objection without more."  *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003).

In the case before this Court, the Debtor has failed to submit evidence supporting the Objection.  Instead, it merely asserts that the Debtors books and records show that no debt is owed.   Yet, the fact that the Debtors entered into the settlement agreement pertaining to the Reclamation Claim clearly demonstrates that the Debtors' books and records show that some portion of the Claim - at least - exists.   Thus, by its own admission, the Debtors demonstrate that the asserted basis of the Objection is without merit.   Instead, the Objection is merely a *pro forma* objection that should be rejected by the Court without a hearing.  Simply put, the Debtors' actions alone constitute evidence that the Claim exists.

WHEREFORE, Symantec prays that the Court enter its order (1) denying the Objection; (2) allowing the Claim, including (a) the Reclamation Claim in the amount of $7,909.10, (b) an unsecured, pre-petition, non-priority claim in the amount of $25,321.14 and (c) an administrative expense in the amount of $27,939.61; and (3) providing such other and further relief as appropriate under the circumstances.

| | |
|---|---|
| Dated: November 20, 2006<br>Palo Alto, CA | BIALSON, BERGEN & SCHWAB<br><br>/s/ Thomas M. Gaa<br>Thomas M. Gaa, Esq. (TG1041)<br>2600 El Camino Real, Suite 300<br>Palo Alto, California 94306<br>Telephone: (650) 857-9500<br>Facsimile: (650) 494-2738<br>Email: tgaa@bbslaw.com<br><br>    - and - |

5

Martin P. Ochs, Esq. (MO1203)
OCHS & GOLDBERG, LLP
60 East 42nd Street, Suite 1545
New York, New York 10165
Telephone: (212) 983-1221
Facsimile: (212) 983-1330

Counsel for Symantec Corporation,
Successor By Merger to Veritas Software Corp.