# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re                                                        :   Chapter 11
                                                             :
ENRON CORP., et al.,                                         :   Case No. 01-16034 (AJG)
                                                             :
                    Debtors.                                 :   Jointly Administered
------------------------------------------------------------ x

**ORDER, PURSUANT TO SECTIONS 105(a), 363(b) AND 502(c) OF THE
BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 3007, 7042, 9013, 9014 AND 9019, (1) ESTABLISHING
PROCEDURES TO ESTIMATE UNLIQUIDATED AND CONTINGENT
CLAIMS, (2) ESTABLISHING PROCEDURES TO ADJUDICATE
COUNTERCLAIMS, (3) ESTABLISHING PROCEDURES TO COMPROMISE
CLAIMS AND COUNTERCLAIMS AND (4) FIXING NOTICE PROCEDURES
AND APPROVING FORM AND MANNER OF NOTICE**

Upon consideration of the motion, dated August 28, 2003,[1] filed by Enron Corp. ("Enron") and certain of its affiliated debtor entities (collectively, the "Debtors"), as debtors and debtors in possession, seeking entry of an order (i) establishing procedures to estimate and settle unliquidated and contingent claims, (ii) establishing procedures to adjudicate counterclaims, (iii) establishing procedures to compromise claims and counterclaims and (iv) fixing notice procedures and approving form and manner of notice; and it appearing that the Court has jurisdiction to consider the Motion; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and it appearing that due notice of the Motion has been given and no further notice need be given; and the Court having found that the entire record of these cases supports the use of 502(c) to prevent undue delay to the administration of

---

[1] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion.

these cases; and upon the representations made by counsel at the hearing; and the Court having found that these Procedures do not shift any burdens of proof; and upon good and sufficient cause appearing;

IT IS HEREBY ORDERED THAT:

1. The estimation and settlement of the Claims, and the adjudication of Counterclaims, shall be conducted in accordance with the following procedures:

    A. **Debtors' Objection and Notice to Claimants**

    Estimation Objection/Notice Package. The Debtors may prepare and file with the Bankruptcy Court an objection to any Claim for the purposes of estimation (the "Estimation Objection"), which shall state with particularity, pursuant to Fed. R. Bankr. P. 9013, the legal and factual bases for the Debtors' objection. The Estimation Objection shall provide, at a minimum, the following information, if applicable: (i) the Claim number on the claims register; (ii) the name of the Claimant; (iii) the basis for asserting the Claim is contingent or unliquidated and subject to section 502(c) of the Bankruptcy Code, including a declaration (a) of the nature of the alleged contingency that has not occurred or (b) that the Claimant asserting such Claim has filed a proof of claim in an unliquidated amount or in no amount and the attachments, if any, to such proof of claim do not set forth a liquidated amount; (iv) to the extent a Claim is asserted in the proof of claim as liquidated but such assertion is disputed by the Debtors, a declaration providing the specific legal and factual grounds and evidence supporting such dispute; (v) to the extent a Claim is asserted in the proof of claim as liquidated and such assertion is not disputed but the liquidated amount of the Claim is disputed by the Debtors, a declaration providing the specific legal and factual grounds and evidence supporting such dispute (such Claim is subject to the Opt Out right for fully liquidated claims below); and (vi) the evidence to support the assertion of such objection, including names of all persons employed by or within the control of the Debtors, who are likely to have discoverable information relating to the Estimation Objection and any documents that the Debtors may rely upon in support of the

Estimation Objection. The Estimation Objection shall not exceed seven (7) pages in length, including the declaration, exclusive of documentary and statutory exhibits. The Debtors shall serve the affected Claimant, in accordance with the procedures set forth below, with (i) a notice of the Estimation Objection (the "Estimation Notice"), (ii) a copy of the relevant Estimation Objection, (iii) a form, substantially in the form annexed hereto as Exhibit "A", to be completed and verified by each Claimant and setting forth the elements and evidence to support such Claimant's Claim (the "Statement of Claim") and (iv) a copy of this Claims Procedures Order shall constitute the Court's Rule 16 Scheduling Order (collectively, the "Notice Package").

Assertion of Counterclaims. The Debtors may assert a Counterclaim against a particular Claimant whose Claim is the subject of an Estimation Objection by setting forth in the Estimation Objection the elements and verified statement of evidence supporting such Counterclaim including names of all persons employed by or within the control of the Debtors, who are likely to have discoverable information relating to the Counterclaim and any documents that the Debtors may rely upon in support of the Counterclaim. In the event that a Counterclaim is submitted by the Debtors in the Estimation Objection, the Debtors' Estimation Objection shall not exceed fifteen (15) pages in length.

Service of Notice Package. Service of the Notice Package shall be effectuated (a) in accordance with Bankruptcy Rules 2002 and 7004, Federal Rule of Civil Procedure 4 and this Court's Second Amended Case Management Order Establishing, Among Other Things, Noticing Electronic Procedures, Hearing Dates, Independent Website and Alternative Methods of Participation at Hearings, dated December 17, 2002 (the "Case Management Order), (b) by first class mail, postage prepaid, upon the signatory on the Claimant's proof of claim and other representative identified in the proof of claim and any attachment thereto, and (c) by first class mail, postage prepaid, on any attorney who has entered a notice of appearance on the Claimant's behalf in the Debtors' chapter 11 cases.

Estimation Notice. The Estimation Notice shall (i) provide the Claimant one hundred thirty-five (135) days notice of the hearing on the Estimation Objection (the "Estimation

Hearing") and (ii) direct the Claimant to complete and return the executed Statement of Claim within thirty (30) days of the service date of the Estimation Notice.

B. <u>Claimant's Response - Statement of Claim</u>

<u>Statement of Claim</u>. Within thirty (30) days of the service date of the Estimation Notice, the Claimant shall complete, execute, and serve upon the Debtors, attorneys for the Debtors and attorneys for the Creditors' Committee (collectively, the "Estate Parties"), the Statement of Claim setting forth, among other things, a detailed explanation, and, if appropriate, itemization by amount of such Claimant's Claim and the evidence to support the assertion of such Claim, including names of all persons employed by or within the control of the Claimant, who are likely to have discoverable information relating to the Claim and any documents that the Claimant may rely upon in support of the Claim, not to exceed ten (10) pages in length (including the Statement of Claim form (attached hereto as Exhibit A) and any affidavits, declarations or statements), exclusive of documentary and statutory exhibits. Any Statement of Claim that fails to specify an amount greater than $0.00 shall be deemed to be $0.00 for allowance and distribution purposes. The Claimant's timely filed proof of claim form and all of the documents attached thereto shall remain part of the record for estimation purposes and should **not** be included in or attached to the Statement of Claim.

<u>Claimant's Response to Counterclaim</u>. In the event that the Debtors assert a Counterclaim, the Claimant shall respond to such Counterclaim on or before thirty (30) days following service of the Debtors' Estimation Objection by completing, executing and serving upon the Estate Parties a statement of position outlining the Claimant's arguments and defenses with respect to the Counterclaims, including the evidence to support the assertion of such response, including names of all persons employed by or within the control of the Claimant, who are likely to have discoverable information relating to the Counterclaim and any documents that the Claimant may rely upon in support of the Counterclaim response (the "Response to Counterclaim"), which shall not exceed ten (10) pages in length (including any affidavits, declarations or

statements), exclusive of documentary and statutory exhibits.

<u>Default, Grace Period and Discharge</u>. The Claimant shall serve the Statement of Claim upon the Estate Parties in accordance with the terms of the Estimation Notice and the Case Management Order. If a Claimant fails to return timely a completed and executed Statement of Claim and Response to Counterclaim, as applicable, so as to be received on or before the thirtieth (30th) day following the date of service of the Estimation Notice, and receives a written grace period notice from the Debtors and does not complete and return the Statement of Claim so as to be received by the Estate Parties on or prior to the fifteenth (15th) day following the date of service of such grace period notice, such Claimant's Claim shall be deemed forever discharged, disallowed, waived and expunged against the Debtors and the Debtors' chapter 11 estates, and the Bankruptcy Court shall enter an appropriate order in connection therewith.

### C. <u>Debtors' Reply - Statement of Position</u>

<u>Statement of Position</u>. In the event that a Claimant timely serves a Statement of Claim, the Debtors may, in their discretion, on or before thirty (30) days following the service of a Statement of Claim, respond to the respective Statement of Claim by completing, executing, and serving upon the relevant Claimant, with a copy to the attorneys for the Creditors' Committee, a statement (the "Statement of Position") outlining the Debtors' arguments and defenses with respect to the Claim and the elements and evidence set forth in the Statement of Claim. The Debtors' Statement of Position shall not exceed ten (10) pages in length (including any affidavits, declarations or statements), exclusive of documentary and statutory exhibits.

- ### D. Opt-Out Procedures

<u>Right to Opt Out for Fully Liquidated Claims</u>. In the event that an Estimation Objection disputes the allowance of a fully liquidated Claim (an "Exempted Claim"), the holder thereof shall have the absolute right to exclude such Claim from these Procedures, provided that, within thirty (30) days of the service date of the Estimation Notice, the Claimant shall complete, execute, and serve upon the

Debtors the appropriately marked opt out form attached hereto as Exhibit B (the "Opt Out Form") and, to the extent desired, by submitting an additional pleading supporting such election (an "Exemption Election"). Claimants seeking exemption pursuant to this opt out provision shall not be required to complete and serve the Statement of Claim prior to the Court's ruling on the Exemption Request. To the extent that a Claimant with an otherwise Exempted Claim does not make such election on the Opt Out Form, the Claimant shall be bound by these Procedures, and such Claimant shall have the Claim heard by the Bankruptcy Court pursuant to the terms and conditions hereof.

Requests to Opt Out or Have Modified Procedures for Overly Complex Claims. In the event that the facts and circumstances surrounding a Claim are too complex to be readily ascertained in the context of these Procedures ("Overly Complex Claim"), the holder of such Claim shall have the right to request exclusion of such Claim from these Procedures, provided that, within thirty (30) days of the service date of the Estimation Notice, the Claimant shall complete, execute, and serve upon the Debtors the appropriately marked Opt Out Form and, to the extent desired, by submitting an additional pleading supporting such request (the "Exemption Request"). Claimants seeking exemption pursuant to this opt out provision shall not be required to complete and serve the Statement of Claim prior to the Court's ruling on the Exemption Request. A Claimant's alleged Overly Complex Claim shall be exempted from these Procedures only upon the express consent of the Debtors or entry of an order by the Bankruptcy Court granting the Claimant's Exemption Request. In the event an Overly Complex Claim is exempt from these Procedures, all rights of the Debtors or any party in interest shall be fully preserved, including any right to seek estimation of such Claim outside of these Procedures. In lieu of granting the Exemption Request, the Bankruptcy Court may, in its discretion, modify these Procedures and order such alleged Overly Complex claim to be estimated in accordance therewith.

Right to Sever Affirmative Request for Relief on Counterclaims. A Claimant shall have the absolute right to exclude from these Procedures the adjudication of the

Debtors' right to affirmative recovery on any Counterclaim by marking the appropriate box on the Statement of Claim form; provided, however, the Bankruptcy Court may nevertheless consider any Counterclaim asserted by the Debtors as a defense or offset in connection with estimation of such Claimant's Claim. To the extent that the Debtors assert a Counterclaim in their Estimation Objection, and the affected Claimant does not timely submit a demand to exclude the adjudication thereof from these Procedures, the Claimant shall be bound by these Procedures, and such Counterclaim shall be adjudicated by the Bankruptcy Court pursuant to the terms and conditions hereof.

E. **Claims Resolution Process**

Initial and Mandatory Disclosures. Unless otherwise ordered by the Court, the information required to be provided in the Estimation Objection and Statement of Claim or, in the case of a Counterclaim, the Statement of Position and Response to Counterclaim shall be deemed to satisfy any initial or mandatory disclosure required by Fed. R. Civ. P. 26, as applicable pursuant to Fed. R. Bankr. P. 9014.

Settlement Offer. At any time after receipt of a Statement of Claim, the Debtors (or the Claimant, if a Counterclaim is asserted in an Estimation Objection) may offer, in writing (with a copy to counsel for the Creditors' Committee), to settle a particular Claim or Counterclaim, as the case may be (the "Settlement Offer"). Subject to the procedures set forth herein, the Debtors may make a Settlement Offer to any Claimant who timely submits a completed and signed Statement of Claim that fulfills the requirements set forth above. Each Settlement Offer shall constitute a statement made for settlement purposes only and, pursuant to Rule 408 of the Federal Rules of Evidence, shall be inadmissible in any proceeding with respect to the Claim or a Counterclaim.

Claimant's Acceptance of Settlement Offer. Any recipient of a Settlement Offer shall be required to accept or reject the Settlement Offer or submit in writing (with a copy to counsel for the Creditors' Committee), a counter-offer (a "Counteroffer") within ten (10) days of service by the Debtors or the Claimant, as the case may be.

<u>Acceptance or Rejection of Counteroffer</u>. If a Counteroffer is tendered, the Debtors or Claimant shall be required to accept or reject the Counteroffer, in writing (with a copy to counsel for the Creditors' Committee) within ten (10) days of the service of the Counteroffer.

<u>Creditors' Committee Involvement</u>. The Debtors shall consult with, and provide periodic updates to, the Creditors' Committee on the number, size and nature of the Claims and on the Debtors' general plans to resolve the Claims. In the event that (1) a settlement provides for allowance of a Claim in an amount greater than One Hundred Million Dollars ($100,000,000.00), (2) a settlement constitutes twenty percent (20%) or more of the estimated total allowed Claims against a particular Debtor and more than One Million Dollars ($1,000,000.00), (3) a settlement (i) provides for allowance of a Claim in an amount greater than Twenty Million Dollars ($20,000,000.00) and (ii) constitutes more than one hundred five percent (105%) of the amount reflected on the Debtors' books and records or (4) a settlement provides for allowance of a Claim of an employee or insider in an amount greater than One Hundred Thousand Dollars ($100,000.00), then the Debtors shall obtain the consent of the Creditors' Committee prior to the acceptance or rejection of any such Settlement Offer or Counteroffer, and prior to filing any Settlement Stipulation (as defined below) in respect of such Settlement Offer or Counteroffer; <u>provided</u>, <u>however</u>, that in the case of De Minimis Settlements (as defined below), prior approval of the Creditors' Committee shall not be required and the procedures set forth below shall govern.

F.  **<u>Additional Discovery</u>**

<u>Additional Discovery</u>. In the event that the Debtors or any Claimant determines that additional discovery beyond the initial and mandatory disclosures in connection with the estimation of any Claim or the adjudication of any Counterclaim is required, the parties shall negotiate in good faith the terms of an expedited discovery schedule, in writing signed in accordance with the requirements of Fed. R. Civ. P. 26(g), as applicable pursuant to Fed. R. Bankr. P. 9014, such that all discovery shall be concluded no later than twenty (20) days prior to the Estimation Hearing. Any such writings evidencing a discovery schedule shall be

deemed to be a stipulation pursuant Fed. R. Civ. P. 29, as applicable pursuant to Fed. R. Bankr. P. 9014. If a consensual discovery schedule cannot be negotiated, either party may arrange a telephonic chambers conference on notice to the other party and counsel to the Creditors' Committee, provided that such conference must be requested and held no later than fifty (50) days prior to the Estimation Hearing. The Court shall have the right to limit the number or types of discovery requests in accordance with the expedited nature of these Procedures.

Limited Use of Discovery. To the extent that facts obtained through discovery refute, contradict or impeach material facts asserted by either party in their respective declarations or certified statements, either party may submit to the Bankruptcy Court a written summary of such disputed facts, not to exceed five (5) pages, providing specific citations to such facts (including any transcripts) ("Discovered Evidence"), no later than fifteen (15) days prior to the Estimation Hearing. In the event a party submits Discovered Evidence, the non-submitting party shall have the right to dispute the admissibility or asserted interpretation of Discovered Evidence (including by submitting a summary of contrary evidence obtained through discovery) in a written statement not to exceed five (5) pages, including the specific disputes and reasons therefor (which statement shall also be deemed to be "Discovered Evidence" for purposes of these Procedures), no later than five (5) days prior to the Estimation Hearing.

G.  **Submissions to the Court**

Exemptions Challenged by Debtors. In the event that the Debtors refuse a Claimant's Exemption Request or object to a Claimant's Exemption Election on the basis that the Claim is contingent, unliquidated, and properly subject to estimation pursuant to these Procedures, the Debtors shall, within twenty-five (25) days of service of the Claimant's Exemption Request or Election, compile and file with the Bankruptcy Court the Claimant's proof of claim, the Notice Package, the Claimant's Exemption Request or Election (as applicable), and the Debtors' response to such Exemption Request or Election (collectively, the "Exemption File") for a ruling on whether such Claim shall be subject to estimation in accordance with these Procedures. A hearing (an "Exemption Hearing") may be requested by the

Claimant pursuant to a Claimant's Exemption Request or Election or by the Debtors in their response thereto. Such Exemption Hearing shall be noticed for hearing on the next Hearing Day (as defined by the Second Amended Case Management Order) that is at least seven (7) calendar days after the Exemption File is filed with the Clerk of the Court and notice thereof is served upon the appropriate parties, or such other day as the Court so orders. In the absence of a request for an Exemption Hearing, the Court may, in its discretion, schedule an Exemption Hearing, or enter an order resolving such dispute based on the Exemption File without a hearing. In the event that the Debtors refuse a Claimant's Exemption Request or object to a Claimant's Exemption Election with respect to any Claim, these Procedures shall be suspended with respect to such Claim until an order is entered resolving the disputed Exemption Request or Exemption Election. In the event a Claimant's Exemption Request or Election is denied by the Court, the Court shall establish a schedule for the submission of a Statement of Claim by the Claimant, the Debtors' Statement of Position and the Estimation Hearing, if any, in the order resolving the disputed Exemption Request or Exemption Election.

Estimation or Adjudication by Court. In the absence of an Exemption Request or Election and unless a Claim is exempted by Court order or otherwise settled in accordance with these Procedures, the Debtors shall compile and file with the Bankruptcy Court the Claimant's proof of claim, the Notice Package, the Claimant's Statement of Claim, and the Debtors' Statement of Position (if any) (collectively, the "Claim File") for purposes of a hearing on estimation of the Claim pursuant to the Estimation Objection, and, if applicable, adjudication of a Counterclaim, in accordance with the Claims Procedures Order.

Extension of Time Periods. Upon mutual written consent, the parties may extend any time period provided in these Procedures prior to the Debtors' filing of the Claim File with the Bankruptcy Court.

H.  **Estimation Hearing**

Hearing. Unless otherwise ordered by the Bankruptcy Court, an Estimation Hearing shall be held one hundred and

thirty-five (135) days after service of the Estimation Objection, or as soon thereafter as a regularly scheduled omnibus hearing may occur.

Oral Argument. Subject to the Bankruptcy Court's discretion to increase or decrease the hearing time, each party shall have fifteen (15) minutes to explain its position to the Bankruptcy Court.

Evidentiary and Legal Record. The evidentiary and legal record shall be confined to the Claim File and any Discovered Evidence; provided, however, that the Bankruptcy Court may allow or require additions to the record when deemed necessary or appropriate.

Resolution. Upon the Bankruptcy Court's review of the evidentiary submissions and oral argument at the Estimation Hearing, the Bankruptcy Court shall estimate the relevant Claims and adjudicate Counterclaims for all purposes under the Bankruptcy Code, provided that no party's right to reconsideration under section 502(j) shall be impaired. These Procedures shall not have any preclusive or collateral effect on third party litigation. Nothing in these Procedures shall be construed to limit either the Debtors' or a Claimant's valid right of setoff to the extent available under state law as preserved under section 553 of the Bankruptcy Code, or a Claimant's valid right of recoupment under non-bankruptcy law. Pursuant to section 502(d) of the Bankruptcy Code, any Claim of a Claimant from which property is recoverable under section 542, 543, 550, or 553 or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, or 549 of the Bankruptcy Code shall be disallowed, unless such Claimant has paid the amount, or turned over such property, for which Claimant is liable under section 522(i), 542, 543, 550, or 553.

I.  **Settlement Stipulations**

De Minimis Settlements. Subject to Section I above, if the Debtors and a Claimant agree to a compromise and settlement of a Claim and, in connection therewith, the Claimant is to be granted an allowed Claim equal to or less than Twenty Million Dollars ($20,000,000.00), where such settlement amount constitutes less than twenty percent (20%) of the estimated total allowed Claims for the

relevant Debtor, the Debtors shall file with the Clerk of the Bankruptcy Court and send to BSI, as Claims Agent, a stipulation setting forth such agreed upon amount (a "De Minimis Stipulation"). The De Minimis Stipulation shall become effective and binding upon all parties-in-interest upon its filing with the Clerk and shall not require the endorsement or approval of the Bankruptcy Court; provided, however, that, prior to the effective date of any chapter 11 plan for the Debtors, any De Minimis Stipulation shall be served upon attorneys for the Creditors' Committee ten (10) days prior to the submission to the Clerk of the Bankruptcy Court; and, provided further, that, in the event that the Creditors' Committee serves a written objection on the Debtors prior to the expiration of such ten-day period, the Debtors shall have the option of (y) withdrawing such De Minimis Stipulation and (z) treating such De Minimis Stipulation as a Settlement Stipulation, as defined below; and, provided, further, that, under no circumstances shall a De Minimis Stipulation provide for payment other than in accordance with the terms and conditions of a plan confirmed in the Debtors' chapter 11 cases in accordance with section 1129 of the Bankruptcy Code.

Court-Approved Settlements. If the Debtors and a Claimant agree to a compromise and settlement of a Claim and, in connection therewith, the Claimant is to be granted an allowed Claim in excess of Twenty Million Dollars ($20,000,000.00), the Debtors shall seek Bankruptcy Court approval of such compromise and settlement and corresponding stipulation and order (the "Settlement Stipulation") in accordance with the terms and conditions of the Case Management Order on ten (10) days' notice. If no objections to the Settlement Stipulation are timely filed, the Debtors shall submit an order approving the Settlement Stipulation without further notice or hearing. If an objection is timely interposed, the matter will be scheduled for hearing at the next omnibus hearing date; provided, however, that, under no circumstances shall a Settlement Stipulation provide for payment other than in accordance with a confirmed plan in the Debtors' chapter 11 cases. If the Bankruptcy Court does not approve the Settlement Stipulation, the Debtors, at their discretion, may elect to negotiate further with the Claimant or may deem settlement

        negotiations terminated and seek to estimate the Claim pursuant to the Claims Procedures Order.

1. The form of Statement of Claim, a copy of which is annexed hereto as Exhibit "A", is hereby approved.

2. Claims that are subject to the First Amended Order Governing the Mediation of Trading Cases, dated March 20, 2003, shall not be subject to the proposed Claims Procedures at any time.

3. Moreover, the Debtors shall not file Estimation Objections to Claims that are the subject of pending claims resolution proceedings. For purposes of these Procedures, claims resolution proceedings shall include any proceeding that results in the fixing and liquidation of Claims asserted against the Debtors, including adversary proceedings, non-bankruptcy court litigation, administrative proceedings before state or federal agencies, alternative dispute resolution proceedings commenced consensually by the parties or ordered by the Court, or claim objection proceedings that have been joined and pursuant to which the parties have commenced discovery.

4. The documents to be submitted in accordance with these Procedures, including the Estimation Objection, addenda to the Statement of Claim, Statement of Position, Response to Counterclaim and Discovered Evidence shall (i) be double-spaced and plainly typed or printed, (ii) have no erasures or interlineations which materially deface them, and (iii) bear endorsed on the first page the name, the initials of the first and last name of the attorney (unless a Claimant is proceeding without an attorney) followed by the last four digits of such attorney's social security number, the office and post office address, and the telephone number of the attorney for the filing party.

5. The relief granted herein is without prejudice to the rights of the Debtors or any party in interest to, among other things, object to any Claim at any time during the pendency of these chapter 11 cases by individual or omnibus objection.

Dated: New York, New York
       February 18, 2004

                                    *s/ Arthur J. Gonzalez*
                                    HONORABLE ARTHUR J. GONZALEZ
                                    UNITED STATES BANKRUPTCY
                                    JUDGE

# Exhibit A

## STATEMENT OF CLAIM

**Please complete the following items and submit a maximum of ten (10) pages explaining the elements and evidence in support of the amount you are claiming:**

| | |
|---|---|
| Claim number on docket | |
| Full legal name of claimant | |
| Name, address, and telephone number of legal counsel retained (if applicable) | |
| Amount claimed (if this amount differs from your filed Claim, provide explanation) | |
| Brief description of the nature of the claim (additional detail to be included in pages attached per above) (see detail required below) | |
| Debtor against which claim is asserted | |

**If you wish to sever and exempt the adjudication of the Debtors' Counterclaim(s) from these streamlined Procedures, place an "x" in the box to the right of the Opt-Out provision:**

1. I elect to sever the Debtors' action for affirmative recovery on Counterclaim(s):    ☐

*Note that the Bankruptcy Court may nevertheless consider any Counterclaim asserted by the Debtors as a defense or offset in connection with estimation of such Claimant's Claim.*

**Claimants must include the following information in the attached narrative outlining and justifying their claim against the Debtors:**

1. A detailed description of the factual and legal basis of the claim (including detailed description of the contract, breach, event, incident, relationship, etc. giving rise to the claim)
2. Names, addresses, and contact information of all witnesses, affiants, or other persons involved with or having knowledge of the details surrounding the claim
3. Third parties implicated by the claim and/or named in litigation giving rise to the claim
4. A detailed description of the damages sought, including a calculation of and support for such damages that would sustain scrutiny in a court of law

*I hereby declare under penalty of perjury that the information contained herein and in any attachment hereto is, to the best of my knowledge, accurate and complete.*

Signature: _____        Date: _____

## Exhibit B

### Opt-Out Form

**If you wish to opt out of these streamlined Procedures, place an "x" in the box to the right of the applicable Opt-Out provision:**

2.  I elect to opt out, because my claim is a Fully Liquidated Claim ☐
3.  I request to opt out or have modified procedures, because my claim is Overly Complex: ☐

*\* Note that you are entitled to attach an additional pleading to support your Exemption Election or Exemption Request, pursuant to which you may request a hearing before the Bankruptcy Court. If your Election or Request is contested by the Debtors you will be notified and the Bankruptcy Court will determine whether your Claim will be subject to these Procedures.*