TODD & LEVI, LLP
444 Madison Avenue, Suite 1202
New York, New York 10022-6959
Telephone:  (212) 308-7400
Facsimile:   (212) 308-8450
Jill Levi (JL 5223)
David Rosenberg (DR 0302)

**Hearing Date and Time:**
November 30, 2006
10:00 A.M.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## OPPOSITION OF CREDITOR BANK OF LINCOLNWOOD
## TO DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION

Bank of Lincolnwood ("Lincolnwood"), a creditor of Delphi Corporation, as successor in interest to Delphi Automobile Systems Corporation, a debtor in the above-captioned case ("DAS"), hereby submits its opposition to the Debtors' Third Omnibus Claims Objection dated October 31, 2006 (the "Objection") to the extent that it seeks to disallow and expunge the claim of Lincolnwood in the amount of $1,208,562.95, which claim was assigned Claim No. 7090 and appears on  page  5 of Exhibit C-1 to the Objection.

**BACKGROUND**

1.      Pursuant to that certain Master Lease Agreement, dated as of June 29, 2001 between DAS, as Lessee, and Pacific Rim Capital, Inc., as Lessor (the "Lease"), DAS leased from the Lessor certain machinery, equipment and other items described on and pursuant to Schedule No.1 to the Lease (the "Equipment").   Unless otherwise defined herein, all defined terms used herein shall be used as defined in the Lease.  A copy of the Lease with Schedule No 1 and the applicable delivery certificates is attached hereto collectively as Exhibit A.

2.      Thereafter, pursuant to that certain Assignment and Security Agreement dated as of October 24, 2001 (the "Lease Assignment"), among other things, the Lessor assigned to Lincolnwood all of its right, title and interest in and to the Lease, as security for the Lessor's obligations to Lincolnwood under that certain Promissory Note, dated October 24, 2001, made by Lessor and payable to Lincolnwood in the amount of $2,757,281.57 (the "Note").  A copy of the Lease Assignment and the Note are attached hereto collectively, as Exhibit B.

3.      In connection with the Lease Assignment, DAS executed that certain Notice of Acknowledgement and Assignment (the "Acknowledgment"), pursuant to which DAS acknowledged the assignment of the Lessor's rights under the Lease to Lincolnwood.  A copy of the Acknowledgement is attached hereto as Exhibit C.

## DAS REJECTS THE LEASE

4.      Subsequent to DAS filing for bankruptcy protection, on or about October 17, 2005, DAS moved this Court for an Order under 11 U.S.C. 365(a) authorizing the rejection of the Lease.  Thereafter, on or about October 27, 2005, the Court entered an Order Authorizing the rejection of the Lease pursuant to 11 U.S.C. 365(a) (the "Rejection Order").  A copy of the Rejection Order is attached hereto as Exhibit  D.

## LINCOLNWOOD TIMELY FILES ITS
## PROOF OF CLAIM AGAINST DAS

5.      Following the issuance of the Rejection Order, DAS returned the Equipment for disposition by Lincolnwood.  As a result, among other things, of the rejection of the Lease, and the failure of DAS to pay Basic Term Rent to Lincolnwood in accordance with the terms of the Lease, Events of Default  occurred under the Lease entitling Lincolnwood to the exercise of certain remedies under the Lease and applicable law.

6.      On or about May 30, 2006, Lincolnwood timely filed its Proof of Claim against DAS in the amount of  $1,208,562.95 (the "Lincolnwood Claim") arising out of the rejection by DAS of the Lease.  Attached hereto as Exhibit E is a copy of the Lincolnwood Claim.

3

## THE COMPONENTS OF THE LINCOLNWOOD CLAIM

7.    Pursuant to Section II of the Lease, DAS was required to pay rent to Lincolnwood in accordance with the provisions of the applicable equipment schedule that was executed by DAS and the Lessor and which schedule was incorporated into the provisions of the Lease.

8.    Pursuant to the applicable schedule to the Lease (and Delivery Certificates Nos. 1 through 4 of Schedule No. 1, included in Exhibit A), DAS was required, among other things, to pay Basic Term Rent to the Lessor in the total amount of $54,344.17 per month, commencing on November 30, 2001 through and including October 31, 2006.

9.    In addition, pursuant to Section II of the Lease, DAS was also required to pay a late charge in an amount equal to one cent ($.01) per dollar of Basic Term Rent if such rent was not paid on the due date thereof.

10.    Pursuant to Section XXIII of the Lease, DAS was required to pay interest on any past due rent at a rate equal to the lesser of (i) the Prime Rate as published in the *Wall Street Journal* on the date of the default and (ii) the maximum rate allowed by law.

11.    Pursuant to Section XII (4) of the Lease, upon the occurrence of an Event Of Default (which occurred as a result of the Rejection Order), Lincolnwood had the right to sell or otherwise dispose of the Equipment. Lincolnwood sold the Equipment pursuant to that certain purchase agreement between Lincolnwood and CIT Technologies Corporation d/b/a CIT Systems Leasing and the net proceeds paid to Lincolnwood from such sale totaled $300,000.00. A copy of the purchase agreement between Lincolnwood and CIT for the sale of the Equipment is attached hereto as Exhibit F.

12.    As a result of the occurrence of Events of Default under the Lease, pursuant to Section XII of the Lease, Lincolnwood is entitled to damages in the amount of the Stipulated Loss Value of the Equipment calculated as of September 30, 2005 (the date immediately preceding the issuance of the Rejection Order), in the amount of $1,502.655.51 less the net sales price received by Lincolnwood in respect of the sale of the equipment ($300,000.00), plus reasonable attorneys' fees. Such attorneys' fees through April 30, 2006 total at least $5,907.44.

13.    Accordingly, DAS owes to Lincolnwood at least the sum of $1,208,562.95, as set forth in the Lincolnwood Claim.

## THE OBJECTION

14.     In paragraph 26 of the Objection, the Debtors' state that "[d]uring the Debtors' review of the Proofs of Claim, the Debtor's determined that certain Proofs of Claim assert liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records." No other information is provided as a basis to object to the Lincolnwood Claim, which appears on Exhibit C-1 to the Objection, as an allegedly unsubstantiated claim.

15.     Lincolnwood respectfully submits that DAS and the Debtors should well know the basis for the Lincolnwood Claim, as it arose directly as a result of the rejection of the Lease by DAS, and the basis for and calculation of the claim is clearly set forth in the Lease which DAS signed.

16.     Although Lincolnwood submits that all of the documentation attached herein more than demonstrates its entitlement to the amounts set forth in the Lincolnwood Claim, Lincolnwood reserves its right to submit additional documentation at any hearing on the Objection and to seek discovery from the Debtors to assist it in proving its entitlement to recover the amounts set forth in the Lincolnwood Claim.

**MEMORANDUM OF LAW**

17.    Because there are no novel issues of law raised in this opposition to the Objection, Lincolnwood respectfully requests that the Court waive the requirement of a separate memorandum of law pursuant to Local Rule 9013-1. Indeed, the Debtors did not file a memorandum of law and similarly requested the Court to waive such requirement.

**CONCLUSION**

18.    For all of the foregoing reasons, Lincolnwood respectfully submits that it should not have been included in Exhibit C-1 (along with the thousands of other claims to which the Debtors objected, en masse) and that the Objection, insofar as it relates to the Lincolnwood Claim should be denied in its entirety.   The  Lincolnwood Claim should not be disallowed or expunged, as Lincolnwood has more than satisfied any burden it has to prove the validity of its claim.

Dated: New York, New York
         November 21, 2006

Respectfully submitted,
TODD & LEVI, LLP
By:
Jill Levi (JL 5223)
David Rosenberg (DR 0302)
444 Madison Avenue, Suite 1202
New York, New York 10022
Telephone:  (212) 308-7400
Facsimile:   (212) 308-8450
Attorneys for Claimant and Creditor
Bank of Lincolnwood