**PEPE & HAZARD LLP**
Karen A. Mignone (KM3644)
Kristin B. Mayhew (Connecticut Bar I.D. No. ct20896)
30 Jelliff Lane
Southport, CT 06890-1436
Tel    (203) 319-4022
Fax    (203) 259-0251
*Attorneys for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **DELPHI CORPORATION,** *et al.* | |
| | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |
| | November 21, 2006 |

**RESPONSE OF CREDITORS: (i) ILLINOIS TOOL WORKS INC.;
(ii) ILLINOIS TOOL WORKS FOR HOBART BROTHERS CO.,
(iii) HOBART BROTHERS COMPANY, (iv) ITW FOOD
EQUIPMENT GROUP LLC; AND (v) TRI-MARK, INC. IN OPPOSITION
TO DEBTORS' THIRD OMNIBUS OBJECTION TO CERTAIN CLAIMS**

Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. (collectively, the "ITW Claimants"), creditors and parties-in-interest, as and for their response in Opposition to the Debtors' Third Omnibus Objection to Certain Claims (the "Third Omnibus Objection") respectfully represent:

## FACTUAL BACKGROUND

A.   ITW Claimants' Assertion Of Claims Against Debtors

1.   On or about July 27, 2006, the ITW Claimants filed ten (10) proofs of claim (the "ITW Claims") against Delphi Corporation and Delphi Automotive Systems, LLC (collectively, the "Debtors").

2.   The following five (5) proofs of claim were filed against Delphi Corporation, Case No. 05-44481, as follows:

(a)   Claim No. 11988 filed by Illinois Tool Works Inc. in an unliquidated amount;

(b)   Claim No. 11987 filed by Illinois Tool Works Inc. for Hobart Brothers in an unliquidated amount;

(c)   Claim No. 11986 filed by Hobart Brothers Company in an unliquidated amount;

(d)   Claim No. 11985 filed by ITW Food Equipment Group LLC in an unliquidated amount; and

(e)   Claim No. 11984 filed by Tri-Mark, Inc. in an unliquidated amount.

3.   That same day, the ITW Claimants filed the following five (5) proofs of claim against Delphi Automotive Systems, LLC, Case No. 05-44640, as follows:

(a)   Claim No. 11983 filed by Illinois Tool Works Inc. in an unliquidated amount;

(b)   Claim No. 11982 filed by Illinois Tool Works Inc. for Hobart Brothers in an unliquidated amount;

(c)   Claim No. 11981 filed by Hobart Brothers Company in an unliquidated amount;

(d)   Claim No. 11989 filed by ITW Food Equipment Group LLC in an unliquidated amount; and

(e)   Claim No. 11990 filed by Tri-Mark, Inc. in an unliquidated amount.

4.   Claim Nos. 11988, 11985, 11983 and 11989 (the "South Dayton Dump and Landfill Claims") filed by Illinois Tool Works Inc. and ITW Food Equipment Group (collectively, the "ITW South Dayton Dump and Landfill Claimants") arise from certain environmental liabilities associated with the South Dayton Dump and Landfill in the City of Moraine located in Montgomery County, Ohio.

5.   Claim Nos. 11986, 11984, 11981 and 11190 (the "Tremont City Landfill Claims") filed by Hobart Brothers Company and Tri-Mark, Inc. (the "ITW Tremont City Landfill Claimants") arise from certain environmental liabilities associated with the Tremont Landfill in German Township located in Clark County, Ohio.

6.   Claim Nos. 11987 and 11982 (the "ITW Tremont City Barrel Fill Claims") filed by Illinois Tool Works Inc. for Hobart Brothers Co. (the "ITW Tremont City Barrel Fill Claimant") arise from certain environmental liabilities associated with the Tremont Barrel Fill in German Township located in Clark County, Ohio.

B.   <u>South Dayton Dump And Landfill Claims</u>

7.   The South Dayton Dump and Landfill site (the "South Dayton Site") comprises approximately 80 acres and is located at 1975 Dryden Road (sometimes called Springboro

Pike) in Moraine, Ohio.  The South Dayton Site is adjacent to the floodplain of the Great Miami River.

8.      Disposal of waste materials began at the South Dayton Site in 1941.  Materials dumped at the South Dayton Site included drummed wastes.  Additionally, known hazardous substances were disposed at the South Dayton Site between June, 1973 and July, 1976, including drums containing hazardous waste from nearby facilities.

9.      As early as 1985, the United States Environmental Protection Agency (the "EPA") detected contaminants in soil samples taken from the South Dayton Site.

10.     On September 23, 2004, the South Dayton Site was proposed for inclusion on the National Priorities List ("NPL"), pursuant to CERCLA Section 105.

11.     On or about September 25, 2005, the EPA issued a Special Notice Letter identifying, among others, the ITW South Dayton Dump and Landfill Claimants and the Debtors as Potentially Responsible Parties ("PRPs") with respect to the South Dayton Site.

12.     In or about August, 2006, the South Dayton Dump and Landfill Claims entered into an Administrative Settlement Agreement and Order on Consent (ASAOC) for the Remedial Investigation/Feasibility Study (RI/FS) at the South Dayton Site.  Attached hereto as Exhibit A is a true and correct copy of the ASAOC.

13.     The ASAOC was signed by the U.S. EPA Region 5 Superfund Division Director on August 10, 2006.  Attached hereto as Exhibit B is a true and correct copy of that certain letter dated August 21, 2006 from Karen Cibulskis, Remedial Project Manager for the EPA to the ITW South Dayton Dump and Landfill Claimants.  The effective date of the ASAOC is August 15, 2006.

14. The costs for the RI/FS are estimated to range from approximately $550,000 to over $3,300,000.00 and, depending on Site conditions, may actually be higher. Attached hereto as Exhibit C are true and correct copies of certain EPA cost estimates for the South Dayton Site.

15. To date, the ITW South Dayton Dump & Landfill Claimants have expended approximately $700,000 in investigation and clean-up costs at the South Dayton Site. It is anticipated that the ITW South Dayton Dump and Landfill Claimants will incur future costs in excess of $3,000,000.00.

C.   Tremont Landfill Claims

16. The Tremont City Landfill (the "Tremont City Landfill") is a closed landfill facility compromising approximately 58 acres in the southern area of the Tremont City Landfill Site. The Tremont City Landfill Site is comprised of approximately 80 acres and consists of a closed landfill facility, a closed barrel fill facility and a closed waste transfer station facility. The Tremont City Landfill Site is located at 3108 Snyder-Domer Road, German Township, Clark County, Ohio.

17. The Tremont City Landfill was opened in 1965 and closed in September, 1995.

18. Based on information available to the EPA, it was determined that the Tremont City Landfill contained, *inter alia*, oil sludge, paint sludge, and asbestos.

19. On or about December 22, 2003, the EPA issued a General Notice Letter identifying, among others, the ITW Tremont City Landfill Claimants and the Debtors as Potentially Responsible Parties ("PRPs") with respect to the Tremont City Landfill.

20.     In or about May, 2006, the EPA issued a proposed Administrative Settlement Agreement and Order on Consent for a remedial investigation and feasibility study ("RI/FS AOC") for the Tremont City Landfill.  Attached hereto as Exhibit D is a true and correct copy of that certain letter dated October 2, 2006 from Wendy Carney, Chief Remedial Response Branch 1, Superfund Division, EPA to the ITW Tremont City Landfill Claimants.  At that time, the EPA issued the proposed RI/FS AOC to those certain potentially responsible parties responsible for the largest volume of waste materials disposed of at the Tremont City Landfill.

21.     In or about October, 2006, the ITW Tremont City Landfill Claimants and the Debtors were invited to enter into a proposed AOC for an interim response action at the Tremont City Landfill.  See Exhibit E.

22.     It is expected that the ITW Tremont City Landfill Claimants will enter into negotiations with the EPA regarding the interim response AOC.

23.     To date, the ITW Tremont City Landfill Claimants have expended over $100,000 in investigation and clean-up costs associated with the Tremont City Landfill.  It is anticipated that the ITW Tremont City Landfill Claimants will ultimately incur future costs in excess of $2,000,000.00.

D.      Tremont Barrel Fill Claims

24.     The Tremont City Barrel Fill consists of approximately eight (8) acres located one and one-quarter miles west of Tremont City in the southwest quarter of Section 17 of German Township in Clark County, Ohio.  It is part of approximately 80 acres that comprises the closed landfill facility, closed barrel fill facility and a closed waste transfer station facility.

25. In or about 1975, IWD Chemical Disposal Co., Inc. received a permit from the State of Ohio to operate the Tremont City Barrel Fill as a disposal site for containerized industrial wastes.

26. During its operation, the Tremont City Barrel Fill received, among other things, approximately 47,000 drums of various industrial wastes, including paint sludges, glues, resins, asbestos and ink sludges, which were buried underground at the barrel fill. In addition, approximately 52,000 gallons of uncontainerized wastes were co-disposed in the Tremont City Barrel Fill cells.

27. Tests from the Tremont City Barrel Fill indicate the existence of contaminants in the ground water including, chromium, arsenic, manganese, sodium, sulfate and tritium.

28. On or about January 25, 2002, the EPA issued a General Notice Letter identifying, among others, the ITW Tremont City Barrel Fill Claimants and the Debtors as Potentially Responsible Parties ("PRPs") with respect to the Tremont City Barrel Fill.

29. In or about October 3, 2002, the ITW Tremont City Barrel Fill Claimant entered into an Administrative Settlement Agreement and Order on Consent (ASAOC) for the Remedial Investigation/Feasibililty Study (RI/FS) at the Tremont City Barrel Fill. Attached hereto as Exhibit F is a true and correct copy of the ASAOC.

30. To date, the ITW Tremont City Barrel Fill Claimant has expended over $30,000.00 in clean-up costs associated with the Tremont City Barrel Fill. It is anticipated that the ITW Tremont City Barrel Fill Claimant will ultimately incur future costs in excess of $100,000.00.

## DEBTORS' OBJECTIONS TO THE ITW CLAIMS MUST BE OVERRULED

31.     On or about October 31, 2006, the Debtors filed their Third Omnibus Objection to the ITW Claims filed by the ITW Claimants discussed *supra*.

32.     In all cases, the basis for the objection is that the ITW Claims are "unsubstantiated" and allegedly assert liabilities or dollar amounts that the Debtors have alleged are not owing pursuant to the Debtors' books and records.

33.     The Debtors' Objection must be overruled because the ITW Claimants have sufficiently substantiated their claims against the Debtors by attaching to their proofs of claim, and as supplemented by this response, relevant documentary evidence from the EPA establishing their respective liabilities under CERCLA.

34.     The ITW Claims remain due and owing, and the Debtors' objection and dispute thereof is not well founded.

35.     With respect to the ITW Claims, the ITW Claimants seek to recover sums that they have directly expended and will directly expend in the future to remediate the hazardous waste at the South Dayton Dump and Landfill, the Tremont City Landfill and the Tremont City Barrel Fill.  As such, the ITW Claimants have, *inter alia*, a direct action for recovery of response costs incurred by them against the Debtors pursuant to 42 U.S.C. § 9607(a)(4)(B).

36.     The ITW Claims are valid against the Debtors' estates and should, in all instances, be allowed.

37.     Alternatively, Debtors' Third Omnibus Objection, insofar as it relates to the ITW Claims, should be considered a contested matter within the meaning of Rule 9014 of the

Federal Rules of Bankruptcy Procedure and this Court should conduct a preliminary hearing to set benchmarks for discovery and schedule a final evidentiary hearing.

WHEREFORE, the ITW Claimants respectfully request entry of an Order: (a) overruling the Debtors' Third Omnibus Objection as to the ITW Claims, with prejudice; (b) allowing the ITW Claims in their entirety; and (c) directing the payment thereof in accordance with the terms of any confirmed plan of reorganization in this case.  Alternatively, the ITW Claimants respectfully request that the Court consider this to be a contested matter pursuant to Bankruptcy Rule 9014 and conduct a preliminary hearing to set benchmarks for discovery and schedule a final evidentiary hearing, and for such other and further relief as this Court deems necessary and just.

> ILLINOIS TOOL WORKS INC., ILLINOIS TOOL WORKS FOR HOBART BROTHERS CO., HOBART BROTHERS COMPANY, ITW FOOD EQUIPMENT GROUP LLC and TRI-MARK, INC.
>
> By: ___/s/_____
> Karen A. Mignone (KM3644)
> Kristin B. Mayhew - ct20896
> Pepe & Hazard LLP
> 30 Jelliff Lane
> Southport, CT  06890-1436
> Tel.    (203) 319-4022
> Fax    (203) 259-0251
> Email  kmayhew@pepehazard.com
> Their Attorneys