Hearing Date and Time:
November 30, 2006 at 10:00 a.m.
(Prevailing Eastern Time)
Objection Deadline: November 24, 2006

Alan E. Marder (AM-0114)
Jil Mazer-Marino (JM-6470)
ROSEN SLOME MARDER LLP
333 Earle Ovington Boulevard, Suite 901
Uniondale, New York 11553-3622
(516) 227-1600

Counsel for Kilroy Realty, L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| **DELPHI CORPORATION, et al.,** | ) Case No. 05-44481(RDD) |
| | ) (Jointly Administered) |
| Debtors. | |

**RESPONSE OF KILROY REALTY, L.P. TO THE**
**DEBTORS' THIRD OMNIBUS OBJECTION TO**
**KILROY REALTY, LP'S PROOFS OF CLAIM NOS. 13268 AND 13269**

Kilroy Realty, L.P. ("Kilroy"), by counsel, for its response to the Debtors' Third

Omnibus Objection To Certain Claims, dated October 31, 2006 (the "Objection"), respectfully

represents as follows:

**FACTS**

1. Kilroy, as landlord, and Packard Hughes Interconnect, a Delaware corporation ("Packard") and Delphi Automotive Systems LLC ("Delphi"), as tenants, are parties to a lease (the "Lease") for real property located in Irvine, California.

2. Pursuant to the "Notice of Rejection of Unexpired Lease and Abandonment of Personal Property," dated June 29, 2006, the Lease was rejected as of July 13, 2006 (the "Rejection Date").  The rejection notice required Kilroy to file a proof of claim on or before the later of the general bar date (July 31, 2006) or 30 days from the Rejection Date (August 13, 2006).

3. On July 31, 2006, Kilroy filed proof of claim number 13268 against Delphi and proof of claim number 13269 against Packard (together, the "Proofs of Claim").  The Proofs of Claim assert claims related to the Lease.  Annexed to each Proof of Claim are the relevant documents and a rider describing, in detail, the nature and amount of Kilroy's claims.

4. On or about August 7, 2006, Kilroy filed a request for payment of administrative expense (the "Request"), which also related to claims arising under the Lease.

5. Annexed hereto as Exhibit "1" is the affidavit of James P. Axtell, Vice President of Asset Management for Kilroy Realty, L.P., sworn to on November 20, 2006 (the "Affidavit").  The Affidavit and exhibits annexed thereto set forth, in detail, the evidentiary basis for and calculation of Kilroy's claims and quantifies most claims that were unliquidated at

the time the Proofs of Claim and the Request were filed. As set forth in the Affidavit, Kilroy has the following valid claims against Delphi and Packard as follows:

      A.    $1,015,915.05 for rejection damages;

      B.    $560,047.72 to repair the damages caused by the Debtors to the leased premises during the period between the date that the Debtors filed their bankruptcy petitions and the Rejection Date;

      C.    $451,308.70 for the cost of restoring the leased premises as a result of the Debtors' failure to remove alterations and repair the damage to the premises caused by the Debtors' alterations;

      D.    $63,035.00 for the cost of retaining an environmental consultant to conduct Phase I and Phase II environmental studies of the premises, plus, pending the completion of the Phase II study, a possible remediation claim against the Debtors; and

      E.    attorneys' fees in an amount to be determined.

      6.    On or about October 31, 2006, the Debtors filed the Objection and the Procedures Motion.

      7.    By the Objection, the Debtors seek to disallow and expunge the Proofs of Claim on the conclusory grounds that they are "Unsubstantiated Claims" meaning the Claims "assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records." (Objection at 11-12.) To the extent that the Proofs of Claim include unliquidated claims, the Debtors are seeking estimation pursuant to Bankruptcy Code section 502(c). (Objection at 15.)

**THE RESPONSE**

8. The Objection must be overruled because the Objection contains no specific allegations that rebut Kilroy's *prima facie* claim.

9. Bankruptcy Rule 3001(f) provides that, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." When objected to, a properly supported proof of claim provides "some evidence as to its validity and amount" and "is strong enough to carry over a mere formal objection without more." *Lundell v. Anchor Construction Specialists (In re Lundell)*, 223 F.23 1035, 1039 (9th Cir. 2000) (citations omitted); *see also In re Wilkinson*, 175 B.R. 627, 628 (Bankr. E.D. Va. 1994) (holding that an objector has the burden to do more than merely file an objection that states that a claim evidenced by a timely filed, and properly formatted and supported proof of claim has been paid); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y.), *aff'd* 184 B.R. 890 (N.D.N.Y. 1995) (properly filed proof of claim is presumptively valid); *In re Ashline*, 37 B.R. 136, 139 (Bankr. N.D.N.Y. 1984) (holding that a debtor objecting to a properly filed and supported proof of claim must come forward with facts and evidence tending to rebut the presumption of validity of the claim).; *First Nat'l Bank of Fayetteville, Ark. V. Circle J. Dairy (In re Circle J. Dairy)*, 112 B.R. 297, 299-300 (Bankr. W.D. Ark. 1989) (holding that a mere formal objection without more does not defeat a proof of claim).

10. Overcoming the presumptive validity of a proof of claim can only be accomplished when an objecting party produces specific and detailed allegations that place the claim into dispute, *see In re Lenz*, 110 B.R. 523, 525 (D. Colo. 1990); by the presentation of legal arguments based upon the contents of the claim and its supporting documents, *see In re Circle J. Dairy*, 112 B.R. at 300; or by the presentation of pretrial pleadings, such as a motion

4

for summary judgment, in which evidence is presented to bring the validity of the claim into question, *see In re Frontier Airlines, Inc.*, 112 B.R. 395- 399-400 (D. Colo. 1990).

11. Each of the Proofs of Claim was timely filed in accordance with §§ 501 and 502 of the Bankruptcy Code and constitutes a properly executed proof of claim pursuant to Bankruptcy Rule 3001. Therefore, each of the Proofs of Claim constitutes *prima facie* evidence of the validity and the amount of Kilroy's unsecured prepetition claim against the Debtors. In addition, each of the Proofs of Claim is properly supported with appropriate documentation. Further, Kilroy has provided additional detail and support for its claims in the Affidavit.

12. The Debtors have failed to set forth any legally or factually sufficient basis for their objection to the Proofs of Claim, and have not provided any documentation to support their contention that the Proofs of Claim should be expunged. In contrast, Kilroy has submitted detailed calculations and evidentiary support for all of its claims. Thus, the Court should overrule the Objection in its entirety.

13. All inquiries regarding the potential settlement of Kilroy's claims and the Debtors' reply to Kilroy's response to the Debtors' claim objection should be directed to the undersigned.

## **CONCLUSION**

14. For the foregoing reasons, this Court should enter an Order overruling the objection.

Dated: Uniondale, New York
      November 21, 2006

                            ROSEN SLOME MARDER LLP

                            By:   /s/ Alan E. Marder
                                Alan E. Marder (AM - 0114)
                                Jil Mazer-Marino (JM-6470)

                            333 Earle Ovington Boulevard, Suite 901
                            Uniondale, New York 11553-3622
                            (516) 227-1600

G:\Kilroy\Delphi\lit\ResponsetoomnibusClaimObject v.3.doc