BAKER & HOSTETLER LLP
666 Fifth Avenue
New York, NY 10103-00001
Tel: (212) 589 4200
Fax: (212) 589-4201
Douglas E. Spelfogel (DS-7097)
Attorneys for CYRO Industries

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                   :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
        Debtors.                        :    (Jointly Administered)
-----------------------------------------------------------x

### RESPONSE OF CYRO INDUSTRIES TO
### DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS

Now comes CYRO Industries ("Claimant") and for its Response to Delphi's Third Omnibus Objection to Claims (the "Objection"), states as follows:

### BACKGROUND

1.      Debtor has objected to claim number 11948 of CYRO Industries (the "Proof of Claim"), seeking to "reduce" it to a general unsecured claim of $592,114.60. The Claim was deemed a "Claim Subject to Modification" by the Objection. Claims Subject to Modification are defined by the Objection as including, but not limited to, those claims which Debtors believe were (i) claims denominated in foreign currency; (ii) claims asserting a claim for unmatured interest or postpetition interest on an unsecured claim, (iii) claims that do not account for amounts that may have been paid or credited against such claim prior to the commencement of these cases, (iv) claims that do not account for amounts that may have been paid or credited

against such claim prior to the commencement of these cases, or (v) claims misclassified as a priority or secured claim. Debtor gave no further detail concerning the basis for its objection.

## ARGUMENT

2. Claimant has satisfied its burden in filing the Claim, which is for payment due upon account. Debtor's objection is therefore unwarranted. The initial burden is on the claimant to allege facts sufficient to support its claim. See In re Carlson, 126 F.3d 915, 921 (7th Cir. 1997); In re Allegheny International, Inc., 954 F.2d 167, 173 (3d Cir. 1992). Claimant has met this burden by attaching sufficient documentation to its Claim, including running accounts, invoices, and documentation of the agreement concerning its reclamation amount, and in describing the bases for the claim.

3. Once Claimant meets this burden, the claim is presumed valid unless an objection is filed that contains information that is sufficient enough and specific enough to counter the presumption. This has not occurred. Consequently, the objection must be overruled.

4. Debtor seeks to reduce the Proof of Claim to a general unsecured claim of $592,114.60. That figure is already the face amount of the claim, but in the Proof of Claim, the figure subject to certain caveats, and potentially increased priority, that Debtor apparently seeks to eliminate. However, Debtor provides no justification for doing so.

5. The first caveat asserted in the Proof of Claim is that $80,704.28 of it is potentially treatable as a reclamation-related administrative expense. As shown in the Proof of Claim, 80,704.28 of the claim is the agreed Reconciled Amount of CYRO's reclamation claim, pursuant to the amended final order entered by the Court on November 4, 2005, and the extension order entered on January 5, 2006. The Proof of Claim expressly identified that amount as potentially treatable as an expense of administration depending on the resolution of the

reclamation claim pursuant to the Debtor's Notice of Reconciled Amount. The $80,704.28 is entitled to be treated as an administrative expense unless the Debtor establishes one of the Reserved Defenses listed in the Notice of Reconciled Amount. None of the Reserved Defenses have been asserted by Debtor in the Third Omnibus Objection. Accordingly, it is improper for Debtor to seek to prevent that amount from ever being asserted as more than a general unsecured claim.

6. The second caveat has to do with the amount and unsecured nature of the claim. CYRO Industries does not in fact seek a recovery of more than the $592,114.60 claim amount referenced in Debtor's Objection. This face amount of the Proof of Claim, which is a claim on account, is (as specified in the Proof of Claim) net of all credits outstanding to Debtor as of the filing date. Claimant assumes that Debtor, in using that figure, is conceding the appropriateness of such netting, which is in the nature of recoupment or simply reduction of liability. If so, CYRO has no objection to limiting the claim to this amount. If this is incorrect, however, and Debtor disputes the appropriateness of filing a Proof of Claim in the netted amount, then, as explained in the Proof of Claim, the claim should be treated as a claim in the amount of $1,039,857.54, of which $447,742.94 is secured by a right of setoff. Until the Debtor commits itself, the objection should not foreclose treating the claim in this manner.

7. Any reply should be delivered c/o Wendy J. Gibson, Esq., BAKER & HOSTETLER LLP 3200 National City Center, 1900 East Ninth Street, Cleveland, Ohio 44114. She should be contacted at 216 861 7650 to resolve the claim.

## CONCLUSION

8. Debtor has not provided Claimant with adequate basis for its assertion that the Proof of Claim is objectionable or subject to modification. Because Debtor has not provided justification for its Objection, the Objection should be overruled with respect to the Proof of Claim.

**WHEREFORE**, CYRO Industries prays that the objection against it be dismissed and that its claim be allowed in the amount of $592,114.60, of which its $80,704.28 reclamation portion will be treated as an expense of administration.

Date:  New York, NY
       November 21, 2006

RESPECTFULLY SUBMITTED,

/s/Douglas E. Spelfogel
Douglas E. Spelfogel (DS-7097)
BAKER & HOSTETLER LLP
666 Fifth Avenue
New York, NY 10103-00001
Tel: (212) 589-4280
Fax: (212) 589-4201
Attorneys for CYRO Industries

Of counsel:

Wendy J. Gibson
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114
(216) 861-7650