PACHULSKI STANG ZIEHL YOUNG JONES
   & WEINTRAUB LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Maxim B. Litvak (CA Bar No. 215852)
Ilan D. Scharf (IS 3469)

Counsel for Creditor Ultratech, Inc.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

### EX PARTE MOTION OF ULTRATECH, INC.
### TO FILE CERTAIN UNREDACTED DOCUMENTS UNDER SEAL

TO:   THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

      Ultratech, Inc. ("Ultratech" or "Movant"), a creditor in the above-captioned cases, by and through its counsel, hereby moves (the "Motion") this Court for an order, pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Movant to file certain unredacted documents under seal. The Movant will publicly-file *redacted* versions of such documents with the Court. In support of this Motion, the Movant respectfully represents as follows:

## Jurisdiction and Venue

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1480 and 1409.

2.     The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules.

## Background

3.     The Movant intends to file separate oppositions (the "Ultratech Responses") to two omnibus claim objections filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). The Debtors' omnibus claim objections (together, the "Debtors' Objections") are referenced below:

> (a)     *Debtors' Second Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (I) Equity Claims, (II) Claims Duplicative of Consolidated Trustee or Agent Claims, and (III) Duplicate and Amended Claims* (Docket #5451), and

> (b)     *Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c)* (Docket #5452).

4.     The Ultratech Responses refer to agreements with the Debtors which have been designated by the Debtors as "strictly confidential" and prohibit the Movant from disclosing any of the terms thereof.

### Relief Requested

5.  By this Motion, the Movant respectfully requests the Court to authorize the filing of the Ultratech Responses under seal to the extent necessary to prevent the disclosure of any information designated by the Debtors as confidential. The Movant will redact the Ultratech Responses for any of such confidential information and publicly-file *redacted* versions of these documents.

### Basis For Relief Requested

6.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with power to issue orders that will protect entities from potential harm:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)   protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)   protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title[.]

11 U.S.C. § 107(b).

7.  Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b):

> On motion or on its own initiative, with or without notice, the court may make an order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code. . . .

FED. R. BANKR. P. 9018.

8.  The Ultratech Responses contain information which has been designated by the Debtors as "strictly confidential." Accordingly, in order to prevent the disclosure of such information, Ulratech seeks an order authorizing the filing of the Ultratech Responses under seal to the extent necessary to prevent the disclosure of such confidential information.

### Waiver of Memorandum of Law

9.  This Motion does not raise any novel issues of law and, accordingly, Movant respectfully requests that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

### Notice

10. In accordance with Bankruptcy Rule 9018, no notice of this Motion need be given.

**WHEREFORE,** the Movant respectfully requests that the Court (i) enter an order, substantially in the form annexed hereto as Exhibit A, approving the relief requested herein; and (ii) grant such other and further relief as the Court deems just and proper.

Dated: November 20, 2006

                      PACHULSKI STANG ZIEHL YOUNG JONES
                      & WEINTRAUB LLP

                      /s/ Ilan D. Scharf
                      Maxim B. Litvak (CA Bar No. 215852)
                      Ilan D. Scharf (IS 3469)
                      780 Third Avenue, 36th Floor
                      New York, NY 10017-2024
                      Telephone: (212) 561-7700
                      Facsimile: (212) 561-7777

                      Counsel for Creditor Ultratech, Inc.