**Hearing Date and Time: November 30, 2006 at 10:00 a.m.**
**Response Date and Time: November 24, 2006 at 4:00 p.m.**

MAYER, BROWN, ROWE & MAW LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Raniero D'Aversa, Jr. (RD 9551)
Jeffrey G. Tougas (JT 5533)

*Attorneys for Bank of America, N.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                          :
In re:                                    :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :     Case No. 05-44481 (RDD)
                                          :
                                          :     (Jointly Administered)
                              Debtors.    :
---------------------------------------------------------X

**RESPONSE OF BANK OF AMERICA, N.A. TO DEBTORS' (I) THIRD
OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C.
§ 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH
INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED
BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT
TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT
AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)**

Bank of America, N.A. ("Claimant"), a party in interest, by and through its counsel,

Mayer, Brown, Rowe & Maw LLP, as and for its Response to "Debtors' (I) Third Omnibus

Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain

(A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and

Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and

Unliquidated Claims Pursuant to 11 U.S.C. § 502(c)" [Docket No. 5452] (the "Third Omnibus Claims Objection"),[1] respectfully represents as follows:

## SUMMARY OF RESPONSE AND REQUEST FOR RELIEF

1.  Claimant Bank of America, N.A., as the assignee of Olin Corporation ("Olin"), filed a proof of claim, Claim No. 11660 (the "Proof of Claim"), for amounts owed for copper, zinc and tin goods supplied pre-petition to Delphi Automotive Systems LLC ("Delphi Automotive"), a debtor and debtor-in-possession in the above-captioned cases. A true and correct copy of the Proof of Claim together with all Exhibits thereto is attached as Exhibit A to this Response. The Proof of Claim asserts a claim of not less than $10,605,213.61, of which $1,116,507.71 was subject to a proper prepetition application and/or secured by certain advance payments, $1,945,948.78 is entitled to priority as a reclamation claim and the remainder is a general unsecured claim (the "Claim").

2.  In the Third Omnibus Claims Objection, Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), seek to modify or reclassify the Claim based on one (or more) of (at least) five enumerated bases. Neither the Third Omnibus Claims Objection, nor the related "Notice of Objection" sent to Claimant indicates which, if any, of the enumerated bases apply to the Claim.

3.  Contrary to the Debtors' assertion, the Claim should not be modified or reclassified because (a) the Debtors have failed to state the specific basis or bases upon which the Debtors are objecting to the Claim, (b) even if such notice were provided, the Debtors have failed to produce any evidence to satisfy their burden of proof to overcome the *prima facie*

---

[1] Capitalized terms used herein and not otherwise defined herein are used as defined in the Third Omnibus Claims Objection.

2

validity of the Claim, and (c) the amount of the Claim is amply supported by voluminous records which Claimant attached to the Proof of Claim or previously provided to the Debtors, and which are now attached here.

## BACKGROUND

A.  The Claim

4. Since 1987, Claimant's assignor, Olin has supplied one hundred (100%) percent of the copper, zinc and tin goods (collectively, the "goods") required by Delphi Automotive, a debtor herein and a subsidiary of Delphi Corporation, which is the lead debtor in this Jointly Administered Chapter 11 case.

5. Olin continues to be Delphi Automotive's sole supplier of such goods under the credit and delivery terms set forth in their contract, dated November 20, 2003 (as amended, amended and restated, supplemented or otherwise modified from time to time, the "Contract").

6. On October 8, 2005, and subsequently, on October 14, 2005 (collectively, the "Filing Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

7. As of the Filing Date, Olin was owed not less than $10,605,213.61 by Debtors for goods sold and delivered to Delphi Automotive prior the Filing Date, together with such other amounts as had then accrued under the Contract.

8. True and correct copies of the invoices, packing slips, bills of lading, purchase orders and other records evidencing such sales are attached hereto as Exhibit B. Copies of many of these records were previously delivered to the Debtors in connection with the Notice of Dissent (as described below).

9. Following the Filing Date, no portion of the Claim has been paid by the Debtors.

3

B. The Advance Payment Balance

10. Delphi Automotive provided certain cash-in-advance payments to Olin against future shipments of goods. A true and correct copy of the letter agreement between Olin and Delphi Automotive memorializing these particular arrangements, dated September 28, 2005 (the "Advance Payment Agreement"), is attached as Exhibit A to the Proof of Claim.

11. Pursuant to the Advance Payment Agreement, Delphi provided $3,200,000.00 in cash as payment in advance for goods, of which $1,116,507.71 remains (the "Advance Payment Balance").

12. Claimant believes that the Advance Payment Balance was properly applied prepetition against amounts owed to Olin. However, out of an abundance of caution, Claimant's Proof of Claim sets forth the entire amount owed by Delphi Automotive (*i.e.*, not less than $10,605,213.61), without reduction by the Advance Payment Balance.

C. The Reclamation Claim.

13. The Proof of Claim also sets forth facts which establish that the Claim may be entitled to administrative expense priority in the amount of $1,945,948.78, pursuant to Sections 503(b) and 546(c) of the Bankruptcy Code, for the reclamation of goods.

14. Specifically, on October 10, 2005, Olin timely served notice (the "Reclamation Demand") of Olin's demand to reclaim goods it had delivered to Delphi Automotive between October 4, 2005 and October 7, 2005 with a total value of $1,945,948.78 (the "Reclamation Claim"). A true and correct copy of the Reclamation Demand is attached to the Proof of Claim as Exhibit B.

4

15. On February 21, 2006, the Debtors delivered to Claimant a Statement of Reconciliation disputing the amount Claimant had demanded as being subject to a right of reclamation.

16. On April 12, 2006, in accordance with the procedure set forth in the Amended Final Reclamation Order, Claimant served upon the Debtors a "Notice by Dissenting Seller of Disagreement with Reconciled Reclamation Claim" (the "Notice of Dissent"), in which Claimant provided comprehensive documentary evidence substantiating its Reclamation Claim. A true and correct copy of the Notice of Dissent, dated April 12, 2006, is attached to the Proof of Claim as Exhibit E (without original annexes thereto).

D. Proof of Claim and the Third Omnibus Claims Objection

17. On or about July 27, 2006, Claimant timely filed the Proof of Claim (Claim No. 11660) in a total amount of not less than $10,605,213.61. Of this total amount, Claimant submits that (i) the Advance Payment Balance ($1,116,507.71) was properly applied prepetition, or, in the alternative, constitutes a secured claim, (ii) the amount of $1,945,948.78 is a reclamation claim, and (iii) the remainder consists of a general unsecured claim (without prejudice to any rights that Claimant may have pursuant to Sections 503(b) or 546(c) of the Bankruptcy Code or any other Section thereof).

18. On October 31, 2006, the Debtors filed the Third Omnibus Claims Objection, which identifies Claimant's Proof of Claim on Exhibit D thereto as a "Claim Subject to Modification." (Third Omnibus Claims Objection, Exh. D, at 2)

19. The Third Omnibus Claims Objection asserts that the claims identified as "Claims Subject to Modification" on Exhibit D thereto are "overstated or improperly-denominated" and

5

therefore should be modified (Id., ¶¶ 19, 31).  The Third Omnibus Claims Objection states generally that the bases for including the claims in this category

> "include, but are not limited to, the following:  (a) the asserted Claim was denominated in a foreign currency in violation of the Bar Date Order, (b) the asserted Claim states a claim for unmatured interest or postpetition interest on an unsecured claim, (c) the asserted Claim does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (d) the asserted Claim does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, and (e) the asserted Claim is misclassified as a priority or secured claim."

20. No further information or evidence is provided to support the objections stated in this paragraph and, therefore, it is impossible for Claimant to determine the specific basis or bases for the Debtors' objection therefrom.

21. The Debtors seek to reduce the Claim to the amount listed as the "Modified Claim Amount" on Exhibit D, which is $8,927,243.05.  (Id. at ¶ 34; Exh. D at 2).  The Third Omnibus Claims Objection also seeks to reclassify the entire amount of the Claim as an unsecured claim.  (Id. at ¶ 34, Exh. D at 2).  Although the Proof of Claim clearly states that the total amount of the Claim is "not less than $10,605,213.61," Exhibit D to the Third Omnibus Claims Objection mistakenly reports that the total amount asserted in the Claim is $11,721,721.32 (id., Exh. D at 2; cf. id. at ¶ 34 ("Exhibit D reflects the amount asserted in the Claimant's Proof of Claim")).  This suggests that the Debtors' objections to the Claim may, to a large degree, be the result of their misunderstanding about the total amount of the Claim being asserted.  However, without more clarification or evidence supporting the basis or bases for their objections, it is impossible for Claimant to determine whether this is the case.

22. The Third Omnibus Claims Objection states that the Debtors will provide each claimant whose proof of claim is subject to an objection under the Third Omnibus Claims

6

Objection with a "personalized Notice of Objection To Claim," which "specifically identifies the Claimant's Proof of Claim… and the basis for such objection." (Id., at 8 n.3).

23.     However, the Notice of Objection to Claim provided to the Claimant (the "Notice") provides little information about the basis for the Debtors' objection, merely indicating that the "Basis For Objection" to the Claim is that it is "Subject to Modification."

24.     The Claimant's Notice does not provide any further clarification of the specific basis or bases for the Debtors' objection to the Claim.  Instead, boilerplate language in the Notice states obliquely that:

> Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims that were overstated or were denominated in foreign currencies and which the Debtors seek to modify to a fully liquidated, U.S.-denominated amount in line with the Debtors' books and records and/or the liquidated amounts requested by the Claimants, as appropriate, and to appropriately classify the total amount of such remaining Claims as general unsecured claims.[2]

### RESPONSE

**The Claim Must Stand Because the Debtors Have Failed to Provide Sufficient Notice of the Basis for Their Objection**

25.     The Third Omnibus Claims Objection should be stricken with respect to the Claim because it utterly fails to put Claimant on notice of the specific basis or bases for the Debtors' objection to the Claim.  Instead, it simply rattles off a list of five possible bases which may, or may not, apply to the Claim, leaving it to the Claimant to guess which, if any, of these bases the Debtors think provide a colorable objection to the Claim (Third Omnibus Claims Objection, at ¶ 32).  Any possibility of engaging in this mind-reading exercise would be

---

[2]     To the extent that the Third Omnibus Claims Objection seeks in part to reduce the total amount of the Claim by giving effect to the prepetition application of the Advance Payment Balance, Claimant agrees with the Debtors and is willing to consent to the reduction of the total amount of the Claim by $1,116,507.71 (*i.e.*, the Advance Payment Balance) resulting in a net unsecured claim in the amount of $9,488,705.90.

7

impossible, however, because the Debtors state that its list of bases is non-exhaustive (id.), which means that the actual reason why the Debtors consider the Claim subject to modification may not even be stated.

26.     Of the five enumerated bases, the first two clearly do not apply to the Claim because (a) the Claim was not denominated in a foreign currency, and (b) the Claim does not include unmatured interest or postpetition interest on an unsecured claim (id.).  The remaining three objections, however, are too vague to determine whether the Debtors intend to apply them to the Claim.  For example, if the Debtors contend that the Claim does not account for amounts that were paid or credited against such Claim prior to or following the Filing Date (id., at ¶¶ 32(c), (d)), the Debtors fail to state any information about these payments (*e.g.*, the date, amount and recipient) which would permit Claimant to respond to these objections.  Likewise, if the Debtors assert the fifth basis, that the Claim is misclassified as a priority or secured claim, the Debtors fail to indicate which facts set forth in the Proof of Claim they dispute, or the legal basis for objecting to the Claimant's classification of the Claim.

**The Claim Must Stand Because the Debtors Have Failed to Meet Their Burden of Proof to Overcome the Claim's *Prima Facie* Validity**

27.     The Third Omnibus Claims Objection merely sets forth brief, unsubstantiated and conclusory objections which are inadequate to overcome the presumptive validity of the Proof of Claim.  Accordingly, the objections do not present the "sufficient evidence" necessary to meet the Debtors' burden of proof in negating the *prima facie* validity of the Proof of Claim.  The objections, as they apply to the Claims, should be overruled in their entirety.

28.     The Proof of Claim constitutes *prima facie* evidence of the validity, amount and legal basis of the Claim against the Debtors, because it is verified and substantiated with factual

8

evidence. See Fed. R. Bankr. Proc. 3001(f); Gardner v. N.J., 329 U.S. 565, 573, 67 S. Ct. 467, 471 (1947) ("A proof of claim is, of course, *prima facie* evidence of its validity."); In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) ("[A] properly filed proof of claim is deemed allowed unless a party in interest objects. This provision is a codification of the well-settled practice, as expressed by Mr. Justice Holmes of 'treating a sworn proof of claim as some evidence, even when it is denied.'") (quoting Whitney v. Dresser, 200 U.S. 532, 536, 26 S. Ct. 316, 317 (1906)).

29.     The Debtors bear the initial burden of producing "sufficient evidence" to rebut the *prima facie* validity of the Proof of Claim, which the Debtors have failed to meet. In re King, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim.") (emphasis in original); In re St. Johnsbury Trucking Co., 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997); In re Kahn, 114 B.R. at 44.  In order to meet this burden of proof, courts in this Circuit and elsewhere require the objecting party to produce evidence at least equal in force to the *prima facie* case, which if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re King, 305 B.R. at 164 (referring to In re Allegheny Int'l Inc., 954 F.2d 167, 174 (3d. Cir. 1992)); Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000), aff'd 242 F.3d 362 (2d Cir. 2000); Carey v. Ernst, 333 B.R. 666, 672 (S.D.N.Y. 2005); Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), No. 98 Civ. 4990, 1999 WL 178788 at *3 (S.D.N.Y. March 31, 1999).

30.     The Third Omnibus Claims Objection fails to set forth *any* factual evidence to refute *any* of the allegations contained in the Proof of Claim.  A debtor cannot satisfy its burden of proof by merely objecting to the amount or classification of a claim without producing evidence to support its assertions. Id., at *4 ("The case law is clear. To prevail, the objector

9

must affirmatively *produce* evidence to counter the creditor's claim."); In re Woodmere Investors Ltd. P'ship, 178 B.R. 346, 354-55 (Bankr. S.D.N.Y. 1995) (debtor's mere assertions deemed insufficient as evidence to refute creditor's prima facie evidence of claim); Guccione v. First Fed. Sav. & Loan Assoc. of Suffern (In re Guccione), 41 B.R. 289, 296 (Bankr. S.D.N.Y. 1984) (rejecting debtor's objection to bank's claim where no evidence was presented by debtor to support objection, and the only evidence before the court contradicted the debtor's objection); In re Forte, 234 B.R. 607, 618 (Bankr. E.D.N.Y. 1999) ("The Debtor may not rebut the *prima facie* case merely by stating that the amount of taxes claimed by the Service is not correct; the Debtor must produce some evidence to support that statement.") (internal quotes and citations omitted); see also In re Allegheny Int'l, 954 F.2d at 174 (requiring the debtor to produce evidence equal in force to the *prima facie* case in order to rebut the claim); In re William J. McCarthy, Inc., 125 F. Supp. 416, 418 (S.D.N.Y. 1954) (where "record provides no support" for objections, court may not assume such facts and impose the burden of disproving these facts upon the claimant; "[t]o meet objections, a claimant need only prove its claim; he need not disprove other contentions, unless they are raised."). The *prima facie* validity of a proof of claim overcomes objections which are not supported by sufficient evidence. In re Williams, No. 92-50546, 1994 WL 329328, at *3 (Bankr. S.D. Ga. March 30, 1994) (merely disagreeing with amount of a claim cannot satisfy burden of producing evidence equal to the weight given to the claim itself as is necessary to rebut the presumption of *prima facie* validity).

31.    Far from producing evidence at least equal in force to counter the *prima facie* case, the Third Omnibus Claims Objection offers *no* evidence whatsoever to refute the validity, amount or legal basis presented by the Proof of Claim. Although the Debtors claim that their "books and records refute that certain of the claims asserted in each Claim Subject to

10

Modification are actually owed by any of the Debtors" (Third Omnibus Claims Objection, at ¶ 33), the Debtors did not produce any of these books and records to substantiate these assertions. Accordingly, the Debtors have failed to carry their burden of proof and the objections as they relate to the Proof of Claim should be overruled. See In re Garner, 246 B.R. 617, 623 (9th Cir. B.A.P. 2000) (courts may summarily overrule objections which are merely formal and presented without evidence); In re Schlehr, 290 B.R. 387, 395 (Bankr. D. Mont. 2003) (*prima facie* validity of proof of claim is "strong enough to carry over a mere formal objection without more").

32. Furthermore, even if the Debtors' unsupported objections were sufficient to overcome the presumptive validity of the Proof of Claim, the documentation attached to the Proof of Claim and this Response provide ample evidence of the validity, amount and priority of the Claim to overcome the Debtors' objections.

33. Any reply to this Response must be delivered to the address for Claimant provided on the Proof of Claim, with a copy to the undersigned counsel at the address provided below.

34. The name, address, and telephone number of the person possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant is:

>  Warren Holland
>  Bank of America, N.A.
>  214 North Tryon Street
>  Mail Code: NC1-027-1401
>  Charlotte, North Carolina 28255
>  Telephone: (212) 847-5637

35. Claimant expressly reserves the right to amend, modify or supplement this Response or the Proof of Claim from time to time hereafter as Claimant may deem necessary and proper, including without limitation the right to file additional responses and/or to present

11

additional evidence in support of the Claim. Furthermore, Claimant expressly reserves the right to petition the Court at a future date for a determination of Claimant's right to offset, apply, credit or deduct the Advance Balance Payment from the Claim to the extent not resolved by these proceedings.

## CONCLUSION

WHEREFORE, Claimant respectfully requests entry of an order (i) overruling the Debtors' objection to the Claim and denying the relief sought in the Third Omnibus Claims Objection with respect to the Claim, (ii) allowing the Proof of Claim (Claim No. 11660) in its entirety in an amount not less than $10,605,213.61, such that (a) $1,116,507.71 is subject to application against the Advance Payment Balance and should be permitted to be applied, resulting in a net Claim in the amount of $9,488,705.90, after giving effect to such application, (b) $1,945,948.78 is entitled to priority as a reclamation claim and (c) the remainder is a general unsecured claim, and (iii) granting such other relief as is just and appropriate.

Dated: New York, New York
November 21, 2006

MAYER, BROWN, ROWE & MAW LLP

By:   /s/ Raniero D'Aversa, Jr.
Raniero D'Aversa, Jr. (RD 9551)
Jeffrey G. Tougas (JT 5533)
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

*Attorneys for Bank of America, N.A.*

17412019