# EXHIBIT A

**FORM B10** (Official Form 10) (04/05)

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

Name of Debtor: Delphi Automotive Systems LLC

Case Number: 05-44640(RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Bank of America, N.A.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Name and address where notices should be sent:
Bank of America, N.A.
214 North Tryon
Mail Code NC1-027-1401
Charlotte, NC 28255
Telephone Number: 212-847-5637

With a Copy to:
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, NY 11215
Attn: Raniero D'Aversa
Jeffrey G. Tougas

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
N/A

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: ____

**1. Basis for claim**
- ☒ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other ____
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)

Last four digits of SS #: ____
Unpaid compensation for services performed from ____ (date) to ____ (date)

**2. Date debt was incurred:**
Please See Addendum attached hereto.

**3. If court judgment, date obtained:**
N/A

**4. Total Amount of Claim at Time Case Filed:**

| Not less than $10,605,213.61* | $____ | $____ | Not less than $10,605,213.61* |
|---|---|---|---|
| **(unsecured)** | **(secured)** | **(priority)** | **(Total)** |

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

*See Addendum

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☒ Other Cash (Right of Setoff)

Value of Collateral: $ 1,116,507.71

Amount of arrearage and other charges at time case filed included in secured claim, if any: $____

**6. Unsecured Nonpriority Claim:** *See Addendum

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4)
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
- ☐ Alimony, maintenance, or support owed to spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)
- ☐ Taxes or penalties of governmental units – 11 U.S.C. § 507(a)(8)
- ☐ Other - specify applicable paragraph of 11 U.S.C. § 507(a)(___)

**Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180 day limits apply to cases filed on or after 4/20/05. Pub L. 109-8.*

FILED
U.S. BANKRUPTCY COURT
2006 JUL 27 P 3:20
S.D.N.Y.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. **Supporting documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**Date:**

July __, 2006

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any).

**BANK OF AMERICA, N.A.**

By: ____________

Name: Toby Gilbert

*Penalty for presenting fraudulent claim*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.

17384363

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| DELPHI AUTOMOTIVE SYSTEMS LLC, | : | Case No. 05-44640 (RDD) |
| | : | (Jointly Administered) |
| Debtor. | : | |

**Addendum to Proof of Claim of Bank of America, N.A.**

I. Olin Corporation and Delphi Automotive Systems LLC.

1. Since 1987, Claimant's assignor, Olin Corporation ("Olin"), has supplied one hundred (100%) percent of the copper, zinc and tin goods (collectively, the "goods") required by Delphi Automotive Systems LLC, a debtor herein ("Debtor") and a subsidiary of Delphi Corporation, which is the lead debtor in this Jointly Administered bankruptcy case.

2. Olin continues to be Debtor's sole supplier of goods under the credit and delivery terms set forth in their contract, dated November 20, 2003 (as amended, amended and restated, supplemented or otherwise modified from time to time, the "Contract"). Because Claimant believes that Debtor has a true and correct copy of the Contract, such document has not been attached hereto.

3. As per the credit terms between the parties under the Contract, it is Debtor's practice to complete each sale by having Debtor's shipper collect and transport all goods directly from Olin's docks.

4. Upon receipt of the goods by Debtor's shipper, it is Debtor's standard practice to acknowledge and evidence Debtor's receipt of the goods by entering and designating the order as

"Ready To Pay" in Debtor's tracking system (to which tracking system Olin and other suppliers to Debtor have regular direct access).

5.     As is customary in this industry, Debtor also provided cash-in-advance payments to Olin against future shipments of certain goods.  A true and correct copy of the letter agreement between Olin and Debtor memorializing these particular arrangements, dated September 28, 2005, is attached hereto as Exhibit A.

6.     On the Filing Date (as defined below), Olin held a remaining cash balance of $1,116,507.71 (the "Advance Payment Balance").

II.     Debtor's Filing and Olin's Reclamation Claim.

7.     On October 8, 2005, and subsequently, on October 14, 2005 (collectively, the "Filing Date"), Debtor and certain of Debtor's affiliates filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

8.     As of the Filing Date, Olin was owed not less than $10,605,213.61 by Debtor for goods sold and delivered to Debtor prior the Filing Date, together with such other amounts as had then accrued under the Contract (the "Claim").  Copies of all invoices evidencing such sales have previously been delivered to the Debtor in connection with the Statement of Dissent attached hereto as Exhibit E.

9.     On October 10, 2005, pursuant Section 546(c) of the Bankruptcy Code, Olin timely served notice (the "Reclamation Demand") of Olin's demand to reclaim $1,945,948.78 value of goods Olin delivered to Debtor between October 4, 2005 and October 7, 2005 (the "Reclamation Claim").  A true and correct copy of the Reclamation Demand is attached hereto Exhibit B.

III. Olin and Claimant.

10. On November 17, 2005, Olin assigned the Claim to Claimant and delivered a Notice of Assignment to Claimant. A true and correct copy of the Notice of Assignment is attached hereto as Exhibit C. In addition, Olin contemporaneously transferred to Claimant the Advance Payment Balance. Claimant has preserved the Advance Payment Balance pending this Court's determination of the rights of the parties with respect thereto.

IV. Current Status of the Reclamation Claim.

11. On February 21, 2006, Debtor delivered to Claimant what Debtor purported to be a Statement of Reconciliation, as prescribed by the Amended Final Reclamation Order issued in this case, in which Debtor identified Olin's (now Claimant's) Reclamation Claim as Reclamation Claim No. 521 and offered to recognize $19,460.70 of the $1,945,948.78 amount in demand as being subject to a right of reclamation. A true and correct copy of Debtor's Statement of Reconciliation to Claimant, dated February 21, 2006, is attached hereto as Exhibit D.

12. On April 12, 2006, in accordance with the procedure set forth in the Amended Final Reclamation Order, Claimant served upon Delphi Claimant's "Notice by Dissenting Seller of Disagreement with Reconciled Reclamation Claim" (the "Notice of Dissent") in which Claimant provided comprehensive documentary evidence substantiating that the goods sold and delivered to Debtor that give rise to the $1,945,948.78 Reclamation Claim are, in fact, subject to reclamation under Section 546(c) of the Bankruptcy Code. A true and correct copy of the Notice of Dissent, dated April 12, 2006, is attached hereto as Exhibit E. Because Claimant believes that Debtor has true and correct copies of the annexes attached thereto and copies of the responsive documentary evidence provided in the annexes, such documents have not been attached hereto,

but will be made available to a party in interest upon written request. Thus far, Claimant has received no communication of any kind from Debtor in response to the Notice of Dissent.

13. To date, no portion of the Claim has been paid by Debtor.

14. In sum, Claimant is owed not less than $10,605,213.61 by Debtor for goods that were supplied to Debtor prior to the Filing Date.

15. As of the date hereof, no proof of claim has been filed with respect to the Claim.

16. The claim set forth in the Proof of Claim is filed as a general unsecured claim without prejudice to any rights that Claimant may have pursuant to Sections 503(b) or 546(c) of the Bankruptcy Code or any other Section thereof.

17. No judgment has been rendered on the Claim.

18. For the purpose of making this Proof of Claim, other than the amount of the Advance Balance Payment, the amounts of all payments on this Claim have been credited or deducted. Pending the determination of the Claimant's right to credit and deduct the Advance Balance Payment, the Claim is not subject to any setoff or counterclaim.

19. Claimant reserves the right to amend or supplement the Proof of Claim from time to time hereafter as Claimant may deem necessary and proper.

20. This Proof of Claim is filed under compulsion of the bar date applicable in these cases, pursuant to Federal Rule of Bankruptcy Procedure 3003, and is filed to protect Claimant from forfeiture of claims by reason of said bar date.

21. The filing of the Proof of Claim is not and should not be construed to be: (i) a waiver or release of Claimant's rights, claims or defenses against any property or against any other entity or person liable for all or part of any claim described herein, whether an affiliate of Debtor, an assignee, guarantor or otherwise; (ii) a consent by Claimant to the jurisdiction of this

Court for any purpose other than with respect to the Proof of Claim; (iii) a waiver of any right of subordination in favor of Claimant; (iv) an election of remedy which waives or otherwise affects any other remedy of Claimant; (v) a waiver or release of any rights which Claimant may have to a jury trial; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of the Proof of Claim, any objection thereto or any other proceedings that may be commenced in these cases against or otherwise involving Debtor, including, without limitation, any adversary proceeding that was or may be commenced by any party or committee in these cases; or (vii) a waiver of any past, present or future defaults (or events of default) by Debtor or others in connection with the Contract or any additional claims or other rights Claimant or Olin may have against Debtor.

* * *

**Exhibit A**

**Cash In Advance Letter, dated September 28, 2005.**

SEP-29-2005 09:41 OLIN LEGAL E. ALTON 618 258 2732 P.02/02
SEP-29-2005 THU 09:01 AM OLIN BRASS MARKETING DGSM 001
09/28/05 15:37 FAX 3303737369 P. 02/02
SEP-28-2005 WED 02:37 PM OLIN BRASS MARKETING FAX NO. 6182583481

DELPHI

~~September~~ 28, 2005
September TD DJ

Dale Taylor
Olin Corp
427 North Shamrock
East Alton, IL 62024

This letter will serve to confirm a change in business terms between our companies as of September 28, 2005.

Olin has established an upper limit on Delphi Receiveables. In order to keep Delphi receivables under that limit, Delphi will revert to a Cash In Advance Payment schedule for the following future shipments: 9/29/2005 - 10/4/2005. Effective 10/05/05, Olin will revert to previously negotiated ~~MSN2-2~~ payment terms.
MNS2-2 DJ TD

The wire transfers will be processed as follows:
9/28/05 for the amount of $1,600,000
10/3/05 for the amount of $1,600,000

The amount of $3,200,000 will then be ~~deducted~~ from future MNS2-2 payment to avoid double payment.
excluded DJ TD

Olin will keep the terms of this Agreement together with all related settlement discussions strictly confidential.

Sincerely,

[signature]

Teresa Dickerson
Metallic-Global Commodity Manager

[signature]

Dale Taylor
Director of Marketing

TOTAL P.02

**Exhibit B**

# Reclamation Demand

Husch & Eppenberger, LLC
*Attorneys and Counselors at Law*

736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
423.266.5500
Fax 423.266.5499
www.husch.com

Direct Dial: (423) 755-2644
Jeffrey.Norwood@husch.com

October 10, 2005

**Via E-mail: teresa.j.dickerson@delphi.com**
**and Federal Express (No. 7912 3260 9226)**

Teresa J. Dickerson
Metallic-Global Commodity Manager
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098-2815

**Re: Demand for Reclamation of Goods Delivered by Olin Corporation**

Dear Teresa:

Please be advised that this letter will serve as formal notice of Olin Corporation's ("Olin") demand for reclamation of certain goods, which are identified on attached Exhibit A, delivered to Delphi Corporation and certain of its subsidiaries and affiliates ("Delphi") on or within ten (10) days of the date of this letter. According to Olin's records, the shipments as shown on Exhibit A were made by Olin to Delphi on October 4, 2005 through October 7, 2005.

All of the above-referenced shipments were for goods that were sold by Olin to Delphi while Delphi was insolvent. Olin is thereby entitled to reclaim such goods under Section 2-702 of the Uniform Commercial Code and Section 546(c) of the Bankruptcy Code. We are exercising our rights of reclamation and are entitled to immediate possession of such goods.

Olin does not intend for the above-referenced list to serve as a complete and accurate listing of all of the goods received by Delphi within the reclamation period and Olin's reference to such listing will in no manner estop Olin from seeking to reclaim any additional goods received by Delphi during that period.

Please contact me immediately upon receipt of this reclamation demand to discuss transfer and possession of the goods subject to this right of reclamation.

Husch & Eppenberger, LLC

Thank you for your prompt attention to this matter.

Sincerely yours,

Jeffrey S. Norwood

Enclosure

cc: John K. Lyons, Esq. (Via E-mail: jlyonsch@skadden.com and Federal Express No. 7901 8202 9238)
Ted A. Zimmermann (Via E-mail: TAZimmermann@olin.com)

# Delphi Shipments 10/04/05 - 10/07/05

| Invoice | Pack Slip | Ship Date | Part Number | Order | Item | Alloy | Pounds | Billed | CCA | Cu | Sn | Zn | True-Up | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 510-0013 | 8311739001 | 10/4/2005 | M3648B07 | NM83117 | 35200 | 260 | 1,306 | $2,557.41 | $12.54 | $480.87 | $0.00 | $37.22 | $531.63 | $3,089.0 |
| 510-0053 | 7953304527 | 10/4/2005 | M3637488 | B79533 | 20187 | 7025 | 5,102 | $16,535.07 | $48.98 | $2,585.70 | $0.00 | $0.00 | $2,635.64 | $19,170.7 |
| 510-0054 | 8006304526 | 10/4/2005 | M1519009 | B80063 | 25554 | 425 | 5,212 | $9,731.33 | $50.04 | $2,412.53 | ($64.82) | $49.51 | $2,448.26 | $12,179.5 |
| 510-0057 | 8097204525 | 10/4/2005 | M1546A66 | B80972 | 30611 | 210 | 8,060 | $13,136.19 | $77.38 | $4,027.58 | $0.00 | $38.29 | $4,144.24 | $17,280.4 |
| 510-0058 | 8097304465 | 10/4/2005 | M1546170 | B80973 | 47128 | 210 | 3,916 | $6,359.19 | $37.59 | $1,956.83 | $0.00 | $18.60 | $2,014.02 | $8,373.2 |
| 510-0059 | 8097304526 | 10/4/2005 | M1546170 | B80973 | 47128 | 210 | 22,004 | $35,732.30 | $211.24 | $10,995.40 | $0.00 | $104.52 | $11,312.16 | $47,044.4 |
| 510-0060 | 8097704526 | 10/4/2005 | M1546229 | B80977 | 47344 | 210 | 4,498 | $7,218.84 | $43.18 | $2,247.65 | $0.00 | $21.37 | $2,313.20 | $9,532.0 |
| 510-0061 | 8099404527 | 10/4/2005 | M3607A44 | B80994 | 27879 | 425 | 20,345 | $36,846.83 | $195.31 | $9,417.29 | ($253.01) | $193.28 | $9,553.87 | $46,400.7 |
| 510-0062 | 8099504525 | 10/4/2005 | M1519881 | B80995 | 53147 | 425 | 3,704 | $6,804.62 | $35.56 | $1,714.51 | ($46.06) | $35.19 | $1,740.19 | $8,544.8 |
| 510-0063 | 8099704465 | 10/4/2005 | M1519A50 | B80997 | 28052 | 425 | 37,986 | $67,926.57 | $364.67 | $17,582.96 | ($472.39) | $360.87 | $17,837.10 | $85,763.6 |
| 510-0064 | 8099704525 | 10/4/2005 | M1519A50 | B80997 | 28052 | 425 | 31,150 | $55,702.43 | $299.04 | $14,418.71 | ($387.38) | $295.93 | $14,627.30 | $70,329.7 |
| 510-0065 | 8099804527 | 10/4/2005 | M3604457 | B80998 | 10766 | 654 | 4,556 | $15,019.31 | $43.74 | $2,286.22 | ($43.91) | $0.00 | $2,287.02 | $17,306.3 |
| 510-0086 | 8265204526 | 10/4/2005 | M1546168 | B82652 | 47129 | 210 | 9,418 | $15,290.12 | $90.41 | $4,706.17 | $0.00 | $44.74 | $4,842.32 | $20,132.4 |
| 510-0087 | 8273504527 | 10/4/2005 | M1519A73 | B82735 | 38917 | 425 | 10,500 | $19,460.70 | $100.80 | $4,860.24 | ($130.58) | $99.75 | $4,931.21 | $24,391.9 |
| 510-0110 | 8164038930 | 10/4/2005 | M3645B32 | NM81640 | 36994 | 425 | 2,632 | $6,060.97 | $25.27 | $1,218.30 | ($32.73) | $25.00 | $1,236.84 | $7,297.8 |
| 510-0111 | 8166538924 | 10/4/2005 | M3645944 | NM81665 | 34997 | 425 | 11,622 | $26,763.14 | $37.06 | $3,817.08 | ($2,448.15) | $403.37 | $1,813.35 | $10,702.1 |
| 510-0118 | 8444338930 | 10/4/2005 | M4882B79 | NM84443 | 37765 | 210 | 7,953 | $16,247.18 | $76.35 | $3,974.11 | $0.00 | $37.78 | $4,089.24 | $20,336.4 |
| 510-0135 | 7286304547 | 10/5/2005 | M1546334 | B72863 | 49479 | 210 | 5,882 | $9,440.02 | $56.47 | $2,939.24 | $0.00 | $27.94 | $3,024.64 | $12,464.6 |
| 510-0138 | 8005104549 | 10/5/2005 | M1519A17 | B80051 | 25991 | 425 | 6,662 | $12,080.87 | $63.96 | $3,083.71 | ($82.85) | $63.29 | $3,129.10 | $15,209.9 |
| 510-0139 | 8006104546 | 10/5/2005 | M3607A43 | B80061 | 33308 | 425 | 41,668 | $88,665.34 | $400.01 | $19,287.28 | ($518.18) | $395.85 | $19,565.96 | $108,231.3 |
| 510-0144 | 8097304547 | 10/5/2005 | M1546170 | B80973 | 47128 | 210 | 8,050 | $13,072.40 | $77.28 | $4,022.59 | $0.00 | $38.24 | $4,139.10 | $17,211.5 |
| 510-0145 | 8098904529 | 10/5/2005 | M3607924 | B80989 | 36447 | 425 | 11,796 | $25,902.84 | $113.24 | $5,460.13 | ($146.70) | $112.06 | $5,539.74 | $31,442.5 |
| 510-0146 | 8098904529 | 10/5/2005 | M3607924 | B80989 | 36447 | 425 | 25,164 | $55,257.63 | $241.57 | $11,647.91 | ($312.94) | $239.06 | $11,816.61 | $67,074.2 |
| 510-0147 | 8099104547 | 10/5/2005 | M1519974 | B80991 | 32894 | 425 | 5,298 | $10,542.49 | $50.86 | $2,452.34 | ($65.89) | $50.33 | $2,488.64 | $13,031.1 |
| 510-0148 | 8099104550 | 10/5/2005 | M1519974 | B80991 | 32894 | 425 | 41,400 | $82,381.66 | $397.44 | $19,163.23 | ($514.85) | $393.30 | $19,440.12 | $101,821.9 |
| 510-0149 | 8099204468 | 10/5/2005 | M1519973 | B80992 | 32896 | 425 | 41,718 | $83,703.00 | $400.49 | $19,310.43 | ($518.81) | $396.32 | $19,589.44 | $103,292.4 |
| 510-0150 | 8099204549 | 10/5/2005 | M1519973 | B80992 | 32896 | 425 | 13,152 | $26,388.17 | $126.26 | $6,087.80 | ($163.56) | $124.94 | $6,176.44 | $32,564.6 |
| 510-0151 | 8099704547 | 10/5/2005 | M1519A50 | B80997 | 28052 | 425 | 22,884 | $40,921.17 | $219.69 | $10,592.55 | ($284.59) | $217.40 | $10,746.04 | $51,667.2 |
| 510-0152 | 8106104549 | 10/5/2005 | M1519A17 | B81061 | 25991 | 425 | 15,314 | $27,770.41 | $147.01 | $7,088.54 | ($190.44) | $145.48 | $7,191.60 | $34,962.0 |
| 510-0168 | 8348304549 | 10/5/2005 | M4795028 | B83483 | 39147 | 195 | 6,736 | $19,793.06 | $64.67 | $3,438.61 | ($23.04) | $0.00 | $3,481.22 | $23,274.2 |
| 510-0179 | 7751404548 | 10/6/2005 | M1546300 | B77514 | 27070 | 210 | 3,054 | $4,862.88 | $29.32 | $1,526.08 | $0.00 | $14.51 | $1,570.91 | $6,433.7 |
| 510-0181 | 7921804589 | 10/6/2005 | M1519A50 | B79218 | 28052 | 425 | 18,898 | $33,793.40 | $181.42 | $8,747.51 | ($235.02) | $179.53 | $8,874.44 | $42,667.8 |
| 510-0185 | 8099304590 | 10/6/2005 | M1519A40 | B80993 | 26609 | 425 | 20,480 | $37,337.09 | $196.61 | $9,479.78 | ($254.69) | $194.56 | $9,617.26 | $46,954.3 |
| 510-0186 | 8099404548 | 10/6/2005 | M3607A44 | B80994 | 27879 | 425 | 24,590 | $44,534.95 | $236.06 | $11,382.22 | ($305.80) | $233.61 | $11,547.09 | $56,082.04 |
| 510-0187 | 8099504590 | 10/6/2005 | M1519881 | B80995 | 53147 | 425 | 21,434 | $39,376.40 | $205.77 | $9,921.37 | ($266.55) | $203.62 | $10,065.21 | $49,441.61 |
| 510-0188 | 8099504591 | 10/6/2005 | M1519881 | B80995 | 53147 | 425 | 42,328 | $77,760.77 | $406.35 | $19,592.78 | ($526.39) | $402.12 | $19,875.86 | $97,636.63 |
| 510-0189 | 8099704589 | 10/6/2005 | M1519A50 | B80997 | 28052 | 425 | 17,368 | $31,057.46 | $166.73 | $8,039.30 | ($215.99) | $165.00 | $8,156.04 | $39,213.50 |
| 510-0196 | 8211804548 | 10/6/2005 | M3637488 | B82118 | 20187 | 7025 | 13,786 | $44,679.05 | $132.35 | $6,986.76 | ($132.87) | $0.00 | $6,987.22 | $51,666.27 |
| 510-0199 | 8265104589 | 10/6/2005 | M1546170 | B82651 | 47128 | 210 | 4,298 | $6,979.52 | $41.26 | $2,147.71 | $0.00 | $20.42 | $2,210.39 | $9,189.91 |
| 510-0217 | 8160439044 | 10/6/2005 | M3645944 | NM81604 | 34997 | 425 | 2,396 | $5,517.51 | $23.00 | $1,109.06 | ($29.80) | $22.76 | $1,126.03 | $6,643.54 |
| 510-0218 | 8163239044 | 10/6/2005 | M3645A93 | NM81632 | 33112 | 425 | 8,398 | $19,338.91 | $80.62 | $3,887.27 | ($104.44) | $79.78 | $3,944.23 | $23,283.14 |
| 510-0219 | 8165439044 | 10/6/2005 | M4882B79 | NM81654 | 37765 | 210 | 4,051 | $8,275.79 | $38.89 | $2,024.28 | $0.00 | $19.24 | $2,083.42 | $10,359.21 |
| 510-0220 | 8197138953 | 10/6/2005 | MX25739 | NM81971 | 98030 | 425 | 502 | $1,200.00 | $4.82 | $232.37 | ($6.24) | $4.77 | $236.71 | $1,436.71 |
| 510-0221 | 8311739043 | 10/6/2005 | M3648B07 | NM83117 | 35200 | 260 | 6,522 | $12,771.38 | $62.61 | $2,401.40 | $0.00 | $185.88 | $2,650.89 | $15,422.27 |
| 510-0222 | 8444339077 | 10/6/2005 | M4882B79 | NM84443 | 37765 | 210 | 4,053 | $8,279.87 | $38.91 | $2,025.28 | $0.00 | $19.25 | $2,084.44 | $10,364.31 |
| 510-0223 | 8444739043 | 10/6/2005 | M3645A37 | NM84447 | 38749 | 425 | 15,804 | $36,393.45 | $151.72 | $7,315.36 | ($196.54) | $150.14 | $7,421.67 | $43,815.12 |
| 510-9002 | 8444738934 | 10/6/2005 | M3645A37 | NM84447 | 38749 | 425 | 35,973 | $82,838.62 | $345.34 | $16,651.18 | ($447.36) | $341.74 | $16,891.91 | $99,730.53 |
| 510-9003 | 8489638960 | 10/6/2005 | M3645B10 | NM84896 | 36152 | 425 | 1,850 | $4,260.18 | $17.76 | $856.33 | ($23.01) | $17.58 | $869.66 | $5,129.84 |
| | 8160639014 | 10/7/2005 | M3645A92 | NM81606 | 32347 | 425 | 5,944 | $13,687.44 | $57.06 | $2,751.36 | ($73.92) | $56.47 | $2,791.97 | $16,479.41 |
| | 8165939014 | 10/7/2005 | M3645A93 | NM81659 | 33112 | 425 | 10,390 | $23,926.09 | $99.74 | $4,809.32 | ($129.21) | $98.71 | $4,879.56 | $28,805.65 |
| | 8166339014 | 10/7/2005 | M3645B32 | NM81663 | 35994 | 425 | 12,672 | $29,181.08 | $121.65 | $5,865.62 | ($157.59) | $120.38 | $5,951.06 | $35,132.14 |
| | 8099304631 | 10/7/2005 | M1519A40 | B80993 | 26609 | 425 | 42,742 | $77,922.94 | $410.32 | $19,784.42 | ($531.54) | $406.05 | $20,070.25 | $97,993.19 |
| | 8099504629 | 10/7/2005 | M1519881 | B80995 | 53147 | 425 | 35,122 | $64,522.63 | $337.17 | $16,257.27 | ($436.78) | $333.66 | $16,492.32 | $81,014.95 |
| | 8098804629 | 10/7/2005 | M1403850 | B80988 | 10643 | 260 | 5,218 | $7,533.75 | $50.09 | $2,607.43 | $0.00 | $148.71 | $2,807.49 | $10,341.24 |
| | 8165239014 | 10/7/2005 | M3646B77 | NM81652 | 37614 | 151 | 6,694 | $17,005.44 | $64.26 | $3,517.52 | $0.00 | $0.00 | $3,582.78 | $20,588.22 |
| | | | | | | | 792,493 | $1,586,348.06 | | | | | $377,475.05 | $1,945,948.78 |

**Exhibit C**

# Notice of Assignment



427 N. SHAMROCK STREET
EAST ALTON, ILLINOIS 62024-1197

November 17, 2005

**Via Facsimile: (330) 373-7396**
**and Overnight Courier - Federal Express No. 8533 5002 4462**

Delphi Automotive Systems LLC
5725 Delphi Drive
Troy, MI 48098-2815
Attention: Teresa J. Dickerson, Metallic-Global Commodity Manager

Re: Notice of Assignment

Ladies and Gentlemen:

We hereby notify you that we have assigned to Bank of America, N.A., each of the following claims as evidenced by the documents attached hereto, together with all of our right to reclamation of goods relating thereto as evidenced by our Demand for Reclamation of Goods letter dated October 10, 2005:

SEE ATTACHED COLLECTIVE EXHIBIT "A"

The assignment included a transfer of funds to Bank of America in the amount of $1,116,507.71 attributable to the assigned claims.

All further notices and payments in respect of or in connection with the foregoing claims should be sent to Bank of America, N.A., Attention: Jon Barnes, 214 North Tryon Street, Mail Code NC1-027-14-01, Charlotte, NC 28255, Phone: (704) 387-4366, Facsimile: (704) 409-0768 and email: jonbarnes@bankofamerica.com.

Sincerely,

Olin Corporation

By: Todd A. Slater
Name: Todd A. Slater
Title: Vice President and Controller

cc: Bank of America, N.A.
Attention: Jon Barnes
214 N. Tryon Street
Mail Stop: NC1-027-14-01
Charlotte, NC 28255

CHATTANOOGA-108902-v4-Notice of Assignment.DOC

F. Scott LeRoy
Husch & Eppenberger, LLC
736 Georgia Avenue, Suite 300
Chattanooga, TN 37421

Jeffrey G. Tougas
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, New York 10019-5820

Delphi Reclamations Team
reclamations@delphi.com
Reference:  Claim Number 521

Mayer, Brown, Rowe & Maw LLP
Attention: Raniero D'Aversa, Jr.
1675 Broadway
New York, NY  10019

**OLIN CORPORATION**
**Delphi Accounts Receivable**
**Exhibit A to Put Notice**
**Olin Corporation to Bank of America**
**Dated October 21, 2005**

23040

| Invoice | Date | Amount | BALANCE | CHECK | CK AMT | CK DATE | BK DATE |
|---|---|---|---|---|---|---|---|
| 506-0268 | 06/07/05 | $3,000.00 | | | | | |
| 506F839 | 06/21/05 | $545.83 | | | | | |
| 506-0964 | 06/24/05 | $14,076.91 | | | | | |
| 506F1117 | 06/25/05 | $4,741.86 | | | | | |
| 507-0277 | 07/14/05 | $2,276.87 | | | | | |
| 507-0442 | 07/19/05 | $3,521.29 | | | | | |
| 507-0529 | 07/21/05 | $78,367.01 | | | | | |
| 508-0067 | 08/02/05 | $14,046.80 | | | | | |
| 508-0595 | 08/16/05 | $8,818.29 | | | | | |
| 508-0734 | 08/18/05 | $900.00 | | | | | |
| 508-0945 | 08/25/05 | $11,269.82 | | | | | |
| 508-0974 | 08/25/05 | $5,433.26 | | | | | |
| 508-1145 | 08/30/05 | $68,523.13 | | | | | |
| 508-1151 | 08/30/05 | $31,428.60 | | | | | |
| 508-1196 | 08/31/05 | $2,935.96 | | | | | |
| 508-1197 | 08/31/05 | $450.00 | | | | | |
| 508-1198 | 08/31/05 | $900.00 | | | | | |
| 508-1201 | 08/31/05 | $300.00 | | | | | |
| 508-1218 | 08/31/05 | $66,630.37 | | | | | |
| 509-0001 | 09/01/05 | $7,042.46 | | | | | |
| 509-0005 | 09/01/05 | $24,884.42 | | | | | |
| 509-0006 | 09/01/05 | $8,342.08 | | | | | |
| 509-0007 | 09/01/05 | $7,465.53 | | | | | |
| 509-0008 | 09/01/05 | $8,393.93 | | | | | |
| 509-0009 | 09/01/05 | $11,880.95 | | | | | |
| 509-0011 | 09/01/05 | $51,320.89 | | | | | |
| 509-0012 | 09/01/05 | $7,430.29 | | | | | |
| 509-0013 | 09/01/05 | $67,563.51 | | | | | |
| 509-0014 | 09/01/05 | $10,778.17 | | | | | |
| 509-0015 | 09/01/05 | $37,326.77 | | | | | |
| 509-0016 | 09/01/05 | $6,628.26 | | | | | |
| 509-0017 | 09/01/05 | $35,106.98 | | | | | |
| 509-0018 | 09/01/05 | $19,627.28 | | | | | |
| 509-0019 | 09/01/05 | $61,860.99 | | | | | |
| 509-0020 | 09/01/05 | $10,059.75 | | | | | |
| 509-0049 | 09/02/05 | $33,431.59 | | | | | |
| 509-0050 | 09/02/05 | $62,290.69 | | | | | |
| 509-0051 | 09/02/05 | $76,201.93 | | | | | |
| 509-0052 | 09/02/05 | $18,627.16 | | | | | |
| 509-0053 | 09/02/05 | $80,795.66 | | | | | |
| 509-0054 | 09/02/05 | $16,786.29 | | | | | |
| 509-0062 | 09/02/05 | $7,134.44 | | | | | |
| 509-0085 | 09/06/05 | $64,193.02 | | | | | |
| 509-0091 | 09/06/05 | $83,043.43 | | | | | |
| 509-0096 | 09/06/05 | $6,042.59 | | | | | |
| 509-0097 | 09/06/05 | $18,411.41 | | | | | |
| 509-0098 | 09/06/05 | $41,131.23 | | | | | |
| 509-0099 | 09/06/05 | $33,887.78 | | | | | |
| 509-0100 | 09/06/05 | $10,325.07 | | | | | |

**OLIN CORPORATION**
**Delphi Accounts Receivable**
**Exhibit A to Put Notice**
**Olin Corporation to Bank of America**
**Dated October 21, 2005**

| | | |
|---|---|---|
| 509-0101 | 09/06/05 | $76,309.65 |
| 509-0102 | 09/06/05 | $48,295.89 |
| 509-0111 | 09/06/05 | $11,845.79 |
| 509-0112 | 09/06/05 | $23,506.98 |
| 509-0113 | 09/06/05 | $17,202.87 |
| 509-0115 | 09/06/05 | $73,566.93 |
| 509-0121 | 09/06/05 | $65,620.59 |
| 509-0122 | 09/06/05 | $63,266.07 |
| 509-0123 | 09/06/05 | $10,595.34 |
| 509-0124 | 09/06/05 | $41,638.62 |
| 509-0125 | 09/06/05 | $21,669.49 |
| 509-0126 | 09/06/05 | $8,775.08 |
| 509-0127 | 09/06/05 | $23,177.55 |
| 509-0143 | 09/07/05 | $10,090.77 |
| 509-0145 | 09/07/05 | $6,173.02 |
| 509-0160 | 09/07/05 | $48,738.76 |
| 509-0161 | 09/07/05 | $11,371.65 |
| 509-0162 | 09/07/05 | $50,945.82 |
| 509-0174 | 09/07/05 | $21,830.35 |
| 509-0209 | 09/08/05 | $7,331.64 |
| 509-0211 | 09/08/05 | $4,433.44 |
| 509-0212 | 09/08/05 | $4,381.97 |
| 509-0213 | 09/08/05 | $7,535.47 |
| 509-0216 | 09/08/05 | $5,732.70 |
| 509-0217 | 09/08/05 | $28,033.71 |
| 509-0218 | 09/08/05 | $47,573.54 |
| 509-0225 | 09/08/05 | $13,156.97 |
| 509-0226 | 09/08/05 | $9,137.62 |
| 509-0227 | 09/08/05 | $67,973.06 |
| 509-0228 | 09/08/05 | $6,376.31 |
| 509-0235 | 09/08/05 | $46,913.64 |
| 509-0236 | 09/08/05 | $5,844.04 |
| 509-9017 | 09/08/05 | $25,842.02 |
| 509-9018 | 09/08/05 | $10,708.02 |
| 509-9019 | 09/08/05 | $14,199.06 |
| 509-9020 | 09/08/05 | $18,147.90 |
| 509-9021 | 09/08/05 | $29,455.11 |
| 509-9022 | 09/08/05 | $16,223.23 |
| 509-9023 | 09/08/05 | $20,933.16 |
| 509-0259 | 09/09/05 | $57,438.81 |
| 509-0263 | 09/09/05 | $14,799.55 |
| 509-0264 | 09/09/05 | $8,421.62 |
| 509-0265 | 09/09/05 | $7,138.97 |
| 509-0266 | 09/09/05 | $41,530.57 |
| 509-0283 | 09/09/05 | $70,485.85 |
| 509-0299 | 09/09/05 | $4,984.46 |
| 509-0304 | 09/09/05 | $37,554.87 |
| 509-0328 | 09/12/05 | $14,393.79 |
| 509-0334 | 09/12/05 | $17,014.27 |
| 509-0335 | 09/12/05 | $4,606.13 |
| 509-0339 | 09/12/05 | $15,090.60 |
| 509-0340 | 09/12/05 | $7,743.18 |
| 509-0341 | 09/12/05 | $15,361.91 |
| 509-0342 | 09/12/05 | $38,582.77 |
| 509-0348 | 09/12/05 | $4,355.70 |
| 509-0349 | 09/12/05 | $43,578.81 |

**OLIN CORPORATION**
**Delphi Accounts Receivable**
**Exhibit A to Put Notice**
**Olin Corporation to Bank of America**
**Dated October 21, 2005**

| | | |
|---|---|---|
| 509-0350 | 09/12/05 | $67,221.34 |
| 509-0351 | 09/12/05 | $64,927.94 |
| 509-0352 | 09/12/05 | $78,822.61 |
| 509-0353 | 09/12/05 | $52,286.97 |
| 509-0354 | 09/12/05 | $68,927.96 |
| 509-0368 | 09/12/05 | $23,659.47 |
| 509-0381 | 09/13/05 | $78,245.76 |
| 509-0399 | 09/14/05 | $3,864.19 |
| 509-0404 | 09/14/05 | $28,252.15 |
| 509-0405 | 09/14/05 | $12,803.49 |
| 509-0406 | 09/14/05 | $25,067.49 |
| 509-0407 | 09/14/05 | $31,391.36 |
| 509-0412 | 09/14/05 | $80,384.00 |
| 509-0413 | 09/14/05 | $62,707.35 |
| 509-0414 | 09/14/05 | $42,723.85 |
| 509-0415 | 09/14/05 | $11,287.12 |
| 509-9033 | 09/14/05 | $5,778.98 |
| 509-9034 | 09/14/05 | $8,992.66 |
| 509-9035 | 09/14/05 | $6,345.99 |
| 509-9036 | 09/14/05 | $30,932.95 |
| 509-9037 | 09/14/05 | $5,726.17 |
| 509-0443 | 09/15/05 | $27,265.06 |
| 509-0456 | 09/15/05 | $6,688.70 |
| 509-0457 | 09/15/05 | $39,677.95 |
| 509-0458 | 09/15/05 | $77,672.59 |
| 509-0480 | 09/15/05 | $23,221.03 |
| 509-0501 | 09/16/05 | $81,195.00 |
| 509-0502 | 09/16/05 | $76,763.47 |
| 509-0562 | 09/19/05 | $75,741.00 |
| 509-0539 | 09/19/05 | $15,157.08 |
| 509-0540 | 09/19/05 | $17,587.92 |
| 509-0542 | 09/19/05 | $2,529.41 |
| 509-0543 | 09/19/05 | $17,400.67 |
| 509-0544 | 09/19/05 | $8,490.91 |
| 509-0545 | 09/19/05 | $36,106.74 |
| 509-0546 | 09/19/05 | $3,728.86 |
| 509-0547 | 09/19/05 | $4,769.93 |
| 509-0548 | 09/19/05 | $58,086.09 |
| 509-0552 | 09/19/05 | $9,408.88 |
| 509-0553 | 09/19/05 | $8,318.81 |
| 509-0554 | 09/19/05 | $13,730.32 |
| 509-0555 | 09/19/05 | $7,804.39 |
| 509-0556 | 09/19/05 | $43,558.91 |
| 509-0557 | 09/19/05 | $25,742.11 |
| 509-0558 | 09/19/05 | $44,281.40 |
| 509-0559 | 09/19/05 | $35,026.15 |
| 509-0560 | 09/19/05 | $21,134.00 |
| 509-0561 | 09/19/05 | $22,213.02 |
| 509-0570 | 09/19/05 | $5,016.00 |
| 509-0575 | 09/19/05 | $57,937.93 |
| 509-0576 | 09/19/05 | $14,542.19 |
| 509-0579 | 09/19/05 | $12,840.96 |
| 509-9038 | 09/19/05 | $10,415.83 |
| 509-9039 | 09/19/05 | $30,090.69 |
| 509-9040 | 09/19/05 | $35,771.70 |
| 509-9041 | 09/19/05 | $18,290.88 |

NOV-17-2005 17:37 OLIN LEGAL E. ALTON 203 252 2732 P.17/11

**OLIN CORPORATION**
**Delphi Accounts Receivable**
**Exhibit A to Put Notice**
**Olin Corporation to Bank of America**
**Dated October 21, 2005**

| | | |
|---|---|---|
| 509-9042 | 09/19/05 | $51,108.34 |
| 509-9043 | 09/19/05 | $43,260.40 |
| 509-9044 | 09/19/05 | $50,617.85 |
| 509-9045 | 09/19/05 | $18,127.64 |
| 509-9046 | 09/19/05 | $8,696.37 |
| 509-0621 | 09/20/05 | $78,863.03 |
| 509-0597 | 09/20/05 | $3,981.00 |
| 509-0601 | 09/20/05 | $18,165.67 |
| 509-0606 | 09/20/05 | $9,098.62 |
| 509-0620 | 09/20/05 | $22,810.80 |
| 509-0622 | 09/20/05 | $33,316.45 |
| 509-0670 | 09/21/05 | $5,815.20 |
| 509-0671 | 09/21/05 | $5,337.90 |
| 509-0672 | 09/21/05 | $2,980.97 |
| 509-0673 | 09/21/05 | $21,441.64 |
| 509-0674 | 09/21/05 | $4,671.81 |
| 509-0675 | 09/21/05 | $20,367.45 |
| 509-0676 | 09/21/05 | $10,951.31 |
| 509-0677 | 09/21/05 | $30,457.87 |
| 509-0680 | 09/21/05 | $16,329.71 |
| 509-0681 | 09/21/05 | $49,261.92 |
| 509-0682 | 09/21/05 | $46,627.11 |
| 509-0685 | 09/21/05 | $75,977.04 |
| 509-0683 | 09/21/05 | $26,834.32 |
| 509-0686 | 09/21/05 | $35,792.50 |
| 509-9048 | 09/21/05 | $7,022.51 |
| 509-9049 | 09/21/05 | $11,163.97 |
| 509-9050 | 09/21/05 | $47,373.20 |
| 509-0710 | 09/22/05 | $2,220.18 |
| 509-0711 | 09/22/05 | $41,921.76 |
| 509-0712 | 09/22/05 | $6,560.23 |
| 509-0717 | 09/22/05 | $15,072.57 |
| 509-0718 | 09/22/05 | $16,591.62 |
| 509-0719 | 09/22/05 | $71,826.49 |
| 509-0720 | 09/22/05 | $15,232.56 |
| 509-0731 | 09/22/05 | $2,174.61 |
| 509-0743 | 09/22/05 | $17,151.25 |
| 509-0744 | 09/22/05 | $13,503.62 |
| 509-0745 | 09/22/05 | $61,961.44 |
| 509-0753 | 09/23/05 | $4,536.12 |
| 509-0754 | 09/23/05 | $32,095.70 |
| 509-0759 | 09/23/05 | $9,184.78 |
| 509-0760 | 09/23/05 | $16,280.46 |
| 509-0761 | 09/23/05 | $8,335.09 |
| 509-0762 | 09/23/05 | $32,940.80 |
| 509-0763 | 09/23/05 | $39,692.53 |
| 509-0764 | 09/23/05 | $22,810.80 |
| 509-0765 | 09/23/05 | $76,011.85 |
| 509-0766 | 09/23/05 | $73,248.25 |
| 509-0767 | 09/23/05 | $35,319.33 |
| 509-0768 | 09/23/05 | $17,909.21 |
| 509-0769 | 09/23/05 | $46,633.39 |
| 509-0770 | 09/23/05 | $33,869.27 |
| 509-0771 | 09/23/05 | $20,432.33 |
| 509-0772 | 09/23/05 | $35,247.25 |
| 509-0784 | 09/23/05 | $56,270.88 |

**OLIN CORPORATION**
**Delphi Accounts Receivable**
**Exhibit A to Put Notice**
**Olin Corporation to Bank of America**
**Dated October 21, 2005**

| | | |
|---|---|---|
| 509-0820 | 09/26/05 | $42,526.04 |
| 509-0831 | 09/26/05 | $28,773.95 |
| 509-0832 | 09/26/05 | $41,660.89 |
| 509-0833 | 09/26/05 | $30,374.87 |
| 509-0834 | 09/26/05 | $34,262.79 |
| 509-0849 | 09/26/05 | $19,387.56 |
| 509-0853 | 09/26/05 | $40,784.99 |
| 509-0854 | 09/26/05 | $43,097.47 |
| 509-0870 | 09/26/05 | $10,922.98 |
| 509-0871 | 09/26/05 | $29,381.84 |
| 509-0872 | 09/26/05 | $11,460.97 |
| 509-0873 | 09/26/05 | $13,638.32 |
| 509-9052 | 09/26/05 | $19,790.26 |
| 509-9053 | 09/26/05 | $8,782.60 |
| 509 0884 | 09/27/05 | $10,747.23 |
| 509-0885 | 09/27/05 | $21,679.05 |
| 509-0892 | 09/27/05 | $14,491.65 |
| 509-0893 | 09/27/05 | $11,203.74 |
| 509-0894 | 09/27/05 | $58,960.36 |
| 509-0901 | 09/27/05 | $37,101.93 |
| 509-0902 | 09/27/05 | $62,980.90 |
| 509-0903 | 09/27/05 | $76,675.94 |
| 509-0904 | 09/27/05 | $77,607.88 |
| 509-0905 | 09/27/05 | $90,287.28 |
| 509-0906 | 09/27/05 | $11,660.47 |
| 509-0923 | 09/27/05 | $10,244.68 |
| 510-0053 | 10/04/05 | $16,535.07 |
| 510-0054 | 10/04/05 | $9,731.33 |
| 510-0057 | 10/04/05 | $13,136.19 |
| 510-0058 | 10/04/05 | $6,359.19 |
| 510-0059 | 10/04/05 | $35,732.30 |
| 510-0060 | 10/04/05 | $7,218.84 |
| 510-0061 | 10/04/05 | $36,846.83 |
| 510-0062 | 10/04/05 | $6,804.62 |
| 510-0063 | 10/04/05 | $67,926.57 |
| 510-0064 | 10/04/05 | $55,702.43 |
| 510-0065 | 10/04/05 | $15,019.31 |
| 510-0086 | 10/04/05 | $15,290.12 |
| 510-0087 | 10/04/05 | $19,460.70 |
| 510-0110 | 10/04/05 | $6,060.97 |
| 510-0111 | 10/04/05 | $26,763.14 |
| 510-0113 | 10/04/05 | $2,557.41 |
| 510-0118 | 10/04/05 | $16,247.18 |
| 510-0135 | 10/05/05 | $9,440.02 |
| 510 0138 | 10/05/05 | $12,080.87 |
| 510-0139 | 10/05/05 | $88,665.34 |
| 510-0144 | 10/05/05 | $13,072.40 |
| 510-0145 | 10/05/05 | $25,902.84 |
| 510-0146 | 10/05/05 | $55,257.63 |
| 510-0147 | 10/05/05 | $10,542.49 |
| 510-0148 | 10/05/05 | $82,381.86 |
| 510-0149 | 10/05/05 | $83,703.00 |
| 510-0150 | 10/05/05 | $26,388.17 |
| 510-0151 | 10/05/05 | $40,921.17 |
| 510-0152 | 10/05/05 | $27,770.41 |
| 510-0168 | 10/06/05 | $19,793.06 |

**OLIN CORPORATION**
**Delphi Accounts Receivable**
**Exhibit A to Put Notice**
**Olin Corporation to Bank of America**
**Dated October 21, 2005**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 510-0179 | 10/06/05 | $4,862.88 | | | | | | |
| 510-0181 | 10/06/05 | $33,793.40 | | | | | | |
| 510-0185 | 10/06/05 | $37,337.09 | | | | | | |
| 510-0186 | 10/06/05 | $44,534.95 | | | | | | |
| 510-0187 | 10/06/05 | $39,376.40 | | | | | | |
| 510-0188 | 10/06/05 | $77,760.77 | | | | | | |
| 510-0189 | 10/06/05 | $31,057.46 | | | | | | |
| 510-0196 | 10/06/05 | $44,679.05 | | | | | | |
| 510-0199 | 10/06/05 | $6,979.52 | | | | | | |
| 510-0217 | 10/06/05 | $5,517.51 | | | | | | |
| 510-0218 | 10/06/05 | $19,338.91 | | | | | | |
| 510-0219 | 10/06/05 | $8,275.79 | | | | | | |
| 510-0220 | 10/06/05 | $1,200.00 | | | | | | |
| 510-0221 | 10/06/05 | $12,771.38 | | | | | | |
| 510-0222 | 10/06/05 | $8,279.87 | | | | | | |
| 510-0223 | 10/06/05 | $36,393.45 | | | | | | |
| 510-9002 | 10/06/05 | $82,838.62 | | | | | | |
| 510-9003 | 10/06/05 | $4,260.18 | | | | | | |
| 510-0246 | 10/07/05 | $7,533.75 | | | | | | |
| 510-0247 | 10/07/05 | $77,922.94 | | | | | | |
| 510-0248 | 10/07/05 | $64,522.63 | | | | | | |
| 510-9004 | 10/10/05 | $13,687.84 | | | Shipped 10/7/05, invoiced 10/10/05 | | | |
| 510-9005 | 10/10/05 | $17,004.77 | | | Shipped 10/7/05, invoiced 10/10/05 | | | |
| 510-9006 | 10/10/05 | $23,926.09 | | | Shipped 10/7/05, invoiced 10/10/05 | | | |
| 510-9007 | 10/10/05 | $29,181.08 | | | Shipped 10/7/05, invoiced 10/10/05 | | | |
| | | | $8,468,693.22 | | | | | |
| C05-9501 | 09/30/05 | | -$26,385.91 | | September Elements | | | |
| 509-9501 | 09/30/05 | $54,479.00 | | | September Elements | | | |
| | | -$2,644.50 | $51,834.50 | | | | | |
| 509-9506 | 09/30/05 | $1,695,074.84 | | | September True-up | | | |
| | | -$292,479.50 | $1,402,595.34 | | | | | |
| 510-9502 | 10/04/05-10/07/05 | $388,823.91 | | | | | | |
| 510-9502 | 10/04/05-10/07/05 | $10,748.00 | | | | | | |
| C05-9501 | 10/04/05-10/07/05 | -$8,339.19 | | | | | | |
| | | | $391,232.72 | | Oct True-up | | | |
| | | | | $10,287,969.87 | | | | |
| 503-0360 | 03/10/05 | $7,788.47 | | | | | | |
| PAYMENT | | -$6,958.55 | $829.92 | | WIRE | $7,400,563.37 | 04/28/05 | 04/28/05 |
| 503-0867 | 03/24/05 | $2,808.98 | | | | | | |
| PAYMENT | | -$2,301.97 | $507.01 | | WIRE | $7,400,563.37 | 04/28/05 | 04/28/05 |
| 503-1095 | 03/30/05 | $3,299.98 | | | | | | |
| PAYMENT | | -$3,104.40 | $195.58 | | WIRE | $7,400,563.37 | 04/28/05 | 04/28/05 |
| 503-9016 | 03/11/05 | $6,886.20 | | | | | | |
| PAYMENT | | -$6,856.14 | $30.06 | | WIRE | $7,400,563.37 | 04/28/05 | 04/28/05 |
| 503-9017 | 03/21/05 | $6,651.89 | | | | | | |

**OLIN CORPORATION**
**Delphi Accounts Receivable**
**Exhibit A to Put Notice**
**Olin Corporation to Bank of America**
**Dated October 21, 2005**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PAYMENT | | -$5,759.99 | $891.90 | | WIRE | $7,400,563.37 | 04/28/05 | 04/28/05 |
| 504-0543 | 04/14/05 | $11,683.77 | | | | | | |
| PAYMENT | | -$8,472.00 | $3,211.77 | | WIRE | $4,798,885.16 | 06/02/05 | 06/02/05 |
| 506-0971 | 06/24/05 | $9,818.66 | | | | | | |
| PAYMENT | | -$8,865.78 | $952.88 | | 663328 | $6,605,270.01 | 08/02/05 | 08/02/05 |
| 506-1127 | 06/29/05 | $42,962.42 | | | | | | |
| PAYMENT | | -$42,778.71 | $183.71 | | 663328 | $6,605,270.01 | 08/02/05 | 08/02/05 |
| 507-0053 | 07/01/05 | $34,530.14 | | | | | | |
| PAYMENT | | -$22,935.45 | $11,594.69 | | 80668954 | $4,803,296.85 | 09/02/05 | 09/02/05 |
| 507-0113 | 07/31/05 | $53,678.43 | | | | | | |
| PAYMENT | | -$28,832.90 | $24,845.53 | | 80668954 | $4,803,296.85 | 09/02/05 | 09/02/05 |
| 508-1190 | 08/30/05 | $14,707.70 | | | | | | |
| PAYMENT | | -$14,688.45 | $19.25 | | 90675677 | $7,459,540.67 | 10/04/05 | 10/04/05 |
| 508-1294 | 08/31/05 | $2,757.21 | | | | | | |
| PAYMENT | | -$2,745.66 | $11.55 | | 90675677 | $7,459,540.67 | 10/04/05 | 10/04/05 |
| | | | | $43,273.85 | | | | |
| | | | | | **$10,331,243.72** | | | |
| 23030 | | | | | | | | |
| 503-9502 | 03/31/05 | $801.32 | | | | | | |
| 503-9504 | 03/31/05 | $931.54 | | | | | | |
| 504-9502 | 04/30/05 | $6,430.78 | | | | | | |
| 504-9504 | 04/30/05 | $3,598.34 | | | | | | |
| 505-9503 | 05/31/05 | $2,974.77 | | | | | | |
| 506-9503 | 06/30/05 | $714.93 | | | | | | |
| | | | $15,451.68 | | | | | |
| 504-0740 | 04/21/05 | $3,186.33 | | | | | | |
| PAYMENT | | -$3,730.57 | | | WIRE | $17,777.42 | 07/07/05 | 07/07/05 |
| PAYMENT | | $729.20 | | | WIRE | $17,777.42 | 07/07/05 | 07/07/05 |
| | | | $184.96 | | | | | |
| | | | | | **$15,636.64** | | | |
| 23030 | | | | | | | | |
| 09102235 | 03/07/05 | $11,780.66 | | | | | | |
| 09102332 | 03/07/05 | $5,080.13 | | | | | | |
| 09102334 | 03/07/05 | $11,932.69 | | | | | | |
| 09104041 | 03/21/05 | $6,348.23 | | | | | | |
| | | | | | **$35,141.71** | | | |
| 23027 | | | | | | | | |
| 508-0308 | 08/09/05 | $33,267.40 | | | | | | |
| 508-0309 | 08/09/05 | $19,795.04 | | | | | | |
| 508-0310 | 08/09/05 | $6,334.65 | | | | | | |
| 508-0311 | 08/09/05 | $3,903.23 | | | | | | |
| 508-0392 | 08/10/05 | $10,815.26 | | | | | | |
| 508-1194 | 08/30/05 | $20,014.52 | | | | | | |
| 508-3282 | 08/31/05 | $27,676.84 | | | | | | |
| 508-3283 | 08/31/05 | $27,987.96 | | | | | | |

NOV-17-2005 17:38 OLIN LEGAL-E. ALTON

**OLIN CORPORATION**
**Delphi Accounts Receivable**
**Exhibit A to Put Notice**
**Olin Corporation to Bank of America**
**Dated October 21, 2005**

| | | | | | |
|---|---|---|---|---|---|
| 508-9502 | 08/31/05 | $22,866.77 | | | |
| 508-9505 | 08/31/05 | $22 08 | | | |
| 509-0799 | 09/23/05 | $20,213.65 | | | |
| 509-0800 | 09/23/05 | $18,485.34 | | | |
| 509-9502 | 09/30/05 | $6,866.88 | | | |
| | | | | $218,249.62 | |
| 22864 | | | | | |
| 04188159 | 11/23/04 | $4,352.53 | | | |
| Payment | | ($4,327.56) | $24.97 | | |
| 04188160 | 03/07/05 | $3,846.24 | | | |
| Payment | | ($3,824.18) | $22.06 | | |
| 04201379 | 05/04/05 | $9,588.55 | | | |
| Payment | | ($4,693.66) | $4,894.89 | | |
| | | | | $4,941.92 | |
| | | | | | $10,605,213.61 |

**Exhibit D**

## Statement of Reconciliation

DELPHI

February 21, 2006

Jeffrey G. Tougas
Olin Corp
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, NY 10019-5820

Re: Delphi Corporation, Case No. 05-44481 (RDD)

Dear Jeffrey G. Tougas:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Olin Corp (the "Demand"). We have identified your Demand as Reclamation Claim No 521.

The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Reconciled Amount $19,460.70

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $19,460.70 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i) The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii) The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii) You are not a proper party to make the Demand.

(iv) The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v) You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1] The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

Reconciled Amount $19,460.70

(vi) You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the "Reconciliation Deadline"). If you agree with the Reconciled Amount and the other terms of this Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline. If you disagree with the Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-6813

- with copies to –

Matthew J. Micheli
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure to return a signed copy of this Statement by the Reconciliation Deadline or your failure to indicate assent or dissent on a copy of this Statement returned by the Reconciliation Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

Reconciled Amount **$19,460.70**

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other demand for reclamation. Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

Reconciled Amount $19,460.70

AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Olin Corp agrees to the terms of this Statement.

Olin Corp

By: ______________________ Dated: ______________________
(signature)

______________________
(print or type name)

______________________
(print or type title)

DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Olin Corp disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Olin Corp

By: ______________________ Dated: ______________________
(signature)

______________________
(print or type name)

______________________
(print or type title)

Claim 521

Bank of America, NA

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R | S | T |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Claim Reference | Vendor Name (as displayed on Claim) | Delphi Division | Claim Post Marked Date | PO Number | Invoice Number | Shipment ID | Invoice Date | Material Number | Invoice Qty | Invoice Extended Amount | Is the claim an original or Duplicate | Vendor Claim Contains proper Documentation | Is the Claim within the allowed Date Range | Was the receipt Post-Petition | Valid Inventory (units) | Valid Inventory ($) | Has it been paid | Valid Claim ($) | Status of the Claim |
| 2 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-0013 | 8101104464 | 10/4/05 | M3848807 | 1,306 | $ 3,088.00 | Original | No | Yes | | | | No | $ - | Does not pass all tests |
| 3 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0053 | 7053304527 | 10/4/05 | M3637488 | 5,102 | $ 19,189.65 | Original | Yes | Yes | No | 0 | $ - | | $ - | Does not pass all tests |
| 4 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490019 | 510-0054 | 8006304528 | 10/4/05 | M1519009 | 5,212 | $ 12,178.48 | Original | No | Yes | | | | No | $ - | Does not pass all tests |
| 5 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490020 | 510-0057 | 8097204525 | 10/4/05 | M1546A66 | 8,060 | $ 17,279.28 | Original | No | Yes | | | | No | $ - | Does not pass all tests |
| 6 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490020 | 510-0058 | 8097304465 | 10/4/05 | M1546170 | 3,916 | $ 8,372.13 | Original | No | Yes | | | | No | $ - | Does not pass all tests |
| 7 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490020 | 510-0059 | 8097304526 | 10/4/05 | M1546170 | 22,004 | $ 47,042.99 | Original | No | Yes | | | | No | $ - | Does not pass all tests |
| 8 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490020 | 510-0060 | 8097704526 | 10/4/05 | M1546229 | 4,498 | $ 9,530.94 | Original | No | Yes | | | | No | $ - | Does not pass all tests |
| 9 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0061 | 8099404527 | 10/4/05 | M3607A44 | 20,345 | $ 46,399.28 | Original | Yes | Yes | No | 0 | $ - | | $ - | Does not pass all tests |
| 10 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0062 | 8099504525 | 10/4/05 | M1519881 | 3,704 | $ 8,543.73 | Original | No | | | | | No | $ - | Does not pass all tests |
| 11 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0063 | 8099704465 | 10/4/05 | M1519A50 | 37,986 | $ 85,761.88 | Original | No | | | | | No | $ - | Does not pass all tests |
| 12 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0064 | 8099704525 | 10/4/05 | M1519A50 | 31,150 | $ 70,328.08 | Original | No | | | | | | $ - | Does not pass all tests |
| 13 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0065 | 8099804527 | 10/4/05 | M3604457 | 4,556 | $ 17,305.27 | Original | Yes | Yes | No | 0 | $ - | | $ - | Does not pass all tests |
| 14 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490020 | 510-0086 | 8265204526 | 10/4/05 | M1546168 | 9,418 | $ 20,131.25 | Original | No | | | | | | $ - | Does not pass all tests |
| 15 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0087 | 8273504527 | 10/4/05 | M1519A73 | 10,500 | $ 24,390.69 | Original | Yes | Yes | No | 10,500 | $ 19,460.70 | no | $ 19,460.70 | Valid Claim |
| 16 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-0110 | 8164038930 | 10/4/05 | M3645832 | 2,632 | $ 7,298.76 | Original | No | | | | | | $ - | Does not pass all tests |
| 17 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-0111 | 8166538924 | 10/4/05 | M3845944 | 11,622 | $ 38,332.88 | Original | No | | | | | | $ - | Does not pass all tests |
| 18 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-0118 | 8444338930 | 10/4/05 | M4882879 | 7,953 | $ 20,335.25 | Original | No | | | | | | $ - | Does not pass all tests |
| 19 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490020 | 510-0135 | 7286304547 | 10/5/05 | M1546334 | 5,882 | $ 12,463.54 | Original | No | | | | | | $ - | Does not pass all tests |
| 20 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0138 | 8005104549 | 10/5/05 | M1519A17 | 6,662 | $ 15,208.83 | Original | No | | | | | | $ - | Does not pass all tests |
| 21 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490019 | 510-0139 | 8006104548 | 10/5/05 | M3607A43 | 41,668 | $ 108,229.43 | Original | No | | | | | | $ - | Does not pass all tests |
| 22 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490020 | 510-0144 | 8097304547 | 10/5/05 | M1546170 | 8,050 | $ 17,210.33 | Original | No | | | | | | $ - | Does not pass all tests |
| 23 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0145 | 8098904529 | 10/5/05 | M3607924 | 11,796 | $ 31,441.34 | Original | No | | | | | | $ - | Does not pass all tests |
| 24 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0146 | 8098904529 | 10/5/05 | M3607924 | 25,164 | $ 67,072.71 | Original | No | | | | | | $ - | Does not pass all tests |
| 25 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0147 | 8099104547 | 10/5/05 | M1519974 | 5,298 | $ 13,030.02 | Original | No | | | | | | $ - | Does not pass all tests |
| 26 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0148 | 8099104550 | 10/5/05 | M1519974 | 41,400 | $ 101,820.12 | Original | No | | | | | | $ - | Does not pass all tests |
| 27 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0149 | 8099204468 | 10/5/05 | M1519973 | 41,718 | $ 103,290.57 | Original | No | | | | | | $ - | Does not pass all tests |
| 28 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0150 | 8099204549 | 10/5/05 | M1519973 | 13,152 | $ 32,563.34 | Original | No | | | | | | $ - | Does not pass all tests |
| 29 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0151 | 8099704547 | 10/5/05 | M1519A50 | 22,884 | $ 51,665.74 | Original | No | | | | | | $ - | Does not pass all tests |
| 30 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0152 | 8106104549 | 10/5/05 | M1519A17 | 15,314 | $ 34,960.09 | Original | No | | | | | | $ - | Does not pass all tests |
| 31 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490019 | 510-0168 | 8348304549 | 10/5/05 | M4795028 | 6,736 | $ 23,273.17 | Original | No | | | | | | $ - | Does not pass all tests |
| 32 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490020 | 510-0179 | 7751404548 | 10/6/05 | M1546300 | 3,054 | $ 6,432.72 | Original | Yes | Yes | No | 0 | $ - | | $ - | Does not pass all tests |
| 33 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0181 | 7921804589 | 10/6/05 | M1519A50 | 18,898 | $ 42,668.45 | Original | No | | | | | | $ - | Does not pass all tests |
| 34 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0185 | 8099304590 | 10/6/05 | M1519A40 | 20,480 | $ 46,952.93 | Original | No | | | | | | $ - | Does not pass all tests |
| 35 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0186 | 8099404548 | 10/6/05 | M3607A44 | 24,590 | $ 56,080.33 | Original | Yes | Yes | No | 0 | $ - | | $ - | Does not pass all tests |
| 36 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0187 | 8099504580 | 10/6/05 | M1519881 | 21,434 | $ 49,440.16 | Original | No | | | | | | $ - | Does not pass all tests |
| 37 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0188 | 8099504591 | 10/6/05 | M1519881 | 42,328 | $ 97,634.75 | Original | No | | | | | | $ - | Does not pass all tests |
| 38 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0189 | 8099704589 | 10/6/05 | M1519A50 | 17,368 | $ 39,212.14 | Original | No | | | | | | $ - | Does not pass all tests |
| 39 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0196 | 8211804548 | 10/6/05 | M3637488 | 13,786 | $ 51,665.03 | Original | Yes | Yes | No | 0 | $ - | | $ - | Does not pass all tests |
| 40 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490020 | 510-0199 | 8265104589 | 10/6/05 | M1546170 | 4,298 | $ 9,188.82 | Original | No | | | | | | $ - | Does not pass all tests |
| 41 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-0217 | 8160439044 | 10/6/05 | M3645944 | 2,396 | $ 6,642.49 | Original | No | | | | | | $ - | Does not pass all tests |
| 42 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-0218 | 8163239044 | 10/6/05 | M3645A93 | 8,398 | $ 23,281.87 | Original | No | | | | | | $ - | Does not pass all tests |
| 43 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-0219 | 8165439044 | 10/6/05 | M4882879 | 4,051 | $ 10,358.12 | Original | No | | | | | | $ - | Does not pass all tests |
| 44 | 521 | OLIN CORP | Packard | 10/10/2005 | P1S50559 | 510-0220 | 8197138953 | 10/6/05 | MX25739 | 502 | $ 1,435.70 | Original | No | | | | | | $ - | Does not pass all tests |
| 45 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-0221 | 8311739043 | 10/6/05 | M3648607 | 6,522 | $ 15,421.10 | Original | No | | | | | | $ - | Does not pass all tests |
| 46 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-0222 | 8444339077 | 10/6/05 | M4882879 | 4,053 | $ 10,363.23 | Original | No | | | | | | $ - | Does not pass all tests |
| 47 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-0223 | 8444739043 | 10/6/05 | M3645A37 | 15,804 | $ 43,813.79 | Original | No | | | | | | $ - | Does not pass all tests |
| 48 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0246 | 8098804629 | 10/7/05 | M1403850 | 5,218 | $ 10,339.83 | Original | No | | | | | No | $ - | Does not pass all tests |
| 49 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0247 | 8099304631 | 10/7/05 | M1519A40 | 42,742 | $ 97,991.30 | Original | No | | | | | No | $ - | Does not pass all tests |
| 50 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP4490037 | 510-0248 | 8099504629 | 10/7/05 | M1519881 | 35,122 | $ 81,013.22 | Original | No | | | | | No | $ - | Does not pass all tests |
| 51 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-8002 | 8444738934 | 10/6/05 | M3645A37 | 35,973 | $ 99,728.78 | Original | No | | | | | | $ - | Does not pass all tests |
| 52 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-8003 | 8489638980 | 10/6/05 | M3645810 | 1,850 | $ 5,128.80 | Original | No | | | | | | $ - | Does not pass all tests |
| 53 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-8004 | 8180639014 | 10/7/05 | M3645A92 | 5,944 | $ 16,478.29 | Original | No | | | | | | $ - | Does not pass all tests |
| 54 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-8005 | 8165239014 | 10/7/05 | M3646877 | 6,804 | $ 20,587.09 | Original | No | | | | | | $ - | Does not pass all tests |
| 55 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-8006 | 8165638014 | 10/7/05 | M3645A93 | 10,390 | $ 28,804.44 | Original | No | | | | | | $ - | Does not pass all tests |
| 56 | 521 | OLIN CORP | Packard | 10/10/2005 | PEDP5490005 | 510-8007 | 8186339014 | 10/7/05 | M3645B32 | 12,672 | $ 35,130.86 | Original | No | | | | | | $ - | Does not pass all tests |
| 57 | | | | Bank of America, NA Totals | | | | | | | $ 1,973,506.91 | | | | | | $ 19,460.70 | | $ 19,460.70 | Lines = 55 |
| 58 | | | | | | | | | | | | | | | | | | | | |
| 59 | Note: Olin Corporation assigned its reclamation claim to Bank of America, NA on November 29, 2005. | | | | | | | | | | | | | | | | | | | |

## Supplier Reclamation Instruction Summary

| Column A | Column B | Column C | Column D | Column E | Column F | Column G | Column H | Column I | Column J | Column K |
|---|---|---|---|---|---|---|---|---|---|---|
| Claim Reference | Vendor Name (as displayed on Claim) | Delphi Division | Claim Post Marked Date | PO Number | Invoice Number | Shipment ID | Invoice Date | Material Number | Invoice Qty | Invoice Extended Amount |
| Claim number designated to the claim by Delphi | Information provided by the supplier in their reclamation demand | | | | | | | | | |

| Column L | Column M | Column N | Column O | Column P | Column Q | Column R | Column S | Column T |
|---|---|---|---|---|---|---|---|---|
| Is the claim an Original or Duplicate | Vendor Claim Contains proper Documentation | Is the Claim within the allowed Date Range | Was the receipt Post-Petition | Valid Inventory (units) | Valid Inventory ($) | Has it been paid | Valid Claim ($) | Status of the Claim |
| Shows that only original claims are being summarized and no duplicates are included | If the supplier gave sufficient information the column is filled with a "Yes," If the column is filled out with a "No," the supplier did not provide proper documentation to complete the testing. If however, there is testing in the following fields extraordinary measures were taken to find the information and perform testing. | Identifies whether the claim and the goods receipt are within the allowed date range. *part of the "Date Test" | Identifies whether the receipt was made post petition. *part of the "Date Test" | Valid units after the inventory test has been completed. | Valid inventory after the inventory test has been completed. Expressed in dollars *(Valid Inv * Delphi Purchase Price) | Part of the "Payment Test". Judges if the claim has been paid. If populated by Yes, then it has been paid in the normal course of business or by a supplier motion. If populated by Yes Wire the invoice has been paid by a pre-petition wire transfer. If populated by No-the invoice has not been paid. | Claim amount after all testing has been completed | Represents the status of the claim. The read out possibilities for this column are: *Not Valid Service Claim *Claim Withdrawn *Yes Supplier Motion - the claim was paid through a supplier motion and therefore, no longer valid *Does not pass all tests *Valid Claim - Delphi agrees to the amount listed in column S |

**Exhibit E**

## Notice of Dissent



MAYER
BROWN
ROWE
& MAW

**VIA UPS OVERNIGHT**

April 12, 2006

Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, New York 10019-5820

Main Tel (212) 506-2500
Main Fax (212) 262-1910
www.mayerbrownrowe.com

**Jeffrey G. Tougas**
Direct Tel (212) 506-2557
Direct Fax (212) 849-5557
jgtougas@mayerbrownrowe.com

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098

Re: Delphi Corporation, *et als*., Debtors; Chapter 11 Case No. 05-44481 (RDD); Notice by Dissenting Seller of Disagreement with Reconciled Reclamation Claim; Your Reclamation Claim No. 521

Dear Ms. Cattell:

We represent Bank of America, N.A., as assignee of Olin Corporation, in connection with certain claims in the above-referenced bankruptcy case. We refer to the Amended Final Reclamation Order (the "Order") in this case and to your letter to us dated February 21, 2006 purporting to constitute a Statement of Reclamation. Capitalized terms used herein but not defined shall have the meaning given to such terms in the Order.

Please be advised that Bank of America, N.A. is a Dissenting Seller. As required by the Order, enclosed herewith please find the following:

- Statement of Reclamation dated February 21, 2006 indicating Bank of America, N.A.'s dissent (Annex I);
- a copy of the Reclamation Demand together with evidence of the date such Reclamation Demand was sent and received (Annex II);
- the identity of the Debtor that ordered the products and the identity of the Seller from whom the Goods were ordered (Annex III);
- evidence demonstrating when the Goods were shipped and received (Annex IV);
- copies of the respective Debtor's and Seller's purchase orders, invoices, and proofs of delivery together with a description of the Goods shipped (Annex V); and

- a statement identifying which information on the Statement of Reclamation is incorrect, specifying the correct information and stating any legal basis for the objection (Annex VI).

Bank of America, N.A. reserves all of its rights in this matter, including, without limitation, all rights to amend and supplement this Notice and hereby reiterates its demand for reclamation of the covered Goods and such other relief as may be available to it under the Order.

Very truly yours,
Mayer, Brown, Rowe & Maw LLP

By: Jeffrey G. Tougas, One of its Counsel

Enclosures

c: Matthew J. Micheli
John K. Lyons, Esquire
Allison Verderber Herriott, Esquire
Bank of America, N.A.
Rick Hyman, Esquire
Raniero D'Aversa, Jr., Esquire

**ANNEX I**

# "STATEMENT OF RECLAMATION" DATED FEBRUARY 21, 2006 INDICATING BANK OF AMERICA, N.A.'S DISSENT

# ANNEX II

## RECLAMATION DEMAND TOGETHER WITH EVIDENCE OF THE DATE SUCH RECLAMATION DEMAND WAS SENT AND RECEIVED

**ANNEX III**

# IDENTITY OF DEBTOR THAT ORDERED THE GOODS AT ISSUE AND IDENTITY OF SELLER FROM WHOM THE GOODS WERE ORDERED

## FOR EACH TRANSACTION AT ISSUE:

| | |
|---|---|
| **DEBTOR:** | **DELPHI AUTOMOTIVE SYSTEMS LLC C/O DELPHI PACKARD** |
| **SELLER:** | **OLIN CORPORATION** |

ANNEX IV

# EVIDENCE DEMONSTRATING WHEN THE GOODS WERE SHIPPED AND RECEIVED

## A. EVIDENCE DEMONSTRATING SHIPMENT:

PLEASE SEE THE ATTACHED BILLS OF LADING ENCLOSED HEREWITH AT ANNEX V DEMONSTRATING SHIPMENT.

## B. EVIDENCE DEMONSTRATING RECEIPT:

PLEASE SEE THE ATTACHED "READY TO PAY" LIST GENERATED BY THE DEBTOR. AS PER THE CREDIT TERMS BETWEEN THE PARTIES, IT IS THE ESTABLISHED AND REQUIRED PRACTICE OF DEBTOR TO HAVE ITS SHIPPER COLLECT AND TRANSPORT ALL GOODS DIRECTLY FROM SELLER'S DOCKS. AS PER THE CREDIT TERMS BETWEEN THE PARTIES, IT IS ALSO THE ESTABLISHED PRACTICE BETWEEN DEBTOR AND SELLER THAT UPON RECEIPT OF THE GOODS BY THE DEBTOR'S SHIPPER, DEBTOR ACKNOWLEDGES AND EVIDENCES RECEIPT OF THE SAME BY ENTERING AND DESIGNATING THE ORDER AS "READY TO PAY." SUCH DESIGNATION, THEREFORE, DEMONSTRATES RECEIPT.

**ANNEX V**

**PURCHASE ORDERS, INVOICES,
BILLS OF LADING/PROOFS OF DELIVERY;
DESCRIPTION OF GOODS SHIPPED**

**PLEASE SEE THE ATTACHED PURCHASE ORDERS, INVOICES AND BILLS OF LADING, WHICH EVIDENCE PROOF OF DELIVERY AND IN EACH INSTANCE, CONTAIN A DESCRIPTION OF THE GOODS DELIVERED AND ACCEPTED BY THE DEBTOR.**

# ANNEX VI

# STATEMENT IDENTIFYING THE INFORMATION ON DEBTOR'S "STATEMENT OF RECLAMATION" THAT IS INCORRECT, SPECIFYING THE CORRECT INFORMATION AND LEGAL BASIS FOR THE OBJECTION

# WITH RESPECT TO THE SPREADSHEET ATTACHED TO THE STATEMENT OF RECLAMATION:

## GENERAL RESERVATIONS OF RIGHTS

Bank of America, N.A. ("BANA") makes and hereby incorporates by reference the following general reservations of rights, whether or not separately set forth, in response to each request for information propounded by the Debtor in its Statement of Reclamation:

A.     BANA reserves its rights to object, generally, to both the requests of the Debtor (the "Requests") and to the information contained the Debtor's Statement of Reclamation (the "Information") to the extent they seek information that is in the possession, custody or control of other entities or parties, is publicly available, or is equally accessible by the Debtor.

B.     BANA reserves its rights to object, generally, to the Requests to the extent they are vague, overly broad, unduly burdensome or do not identify with particularity the information sought.

C.     BANA reserves its rights to object, generally, to the Information to the extent they contain words or phrases that are confusing or lacking in sufficient certainty to permit a response.

D.     BANA reserves its rights to object, generally, to the Requests to the extent their sole improper purpose is to harass and delay allowance of the Reclamation Claim.

## SPECIFIC RESERVATIONS OF RIGHTS

A.     BANA's responses and objections to the Requests shall not be deemed nor construed as an admission that any of the documents or information produced are necessarily relevant or admissible in any subsequent proceeding.

B.     Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by BANA or Olin of the validity of any claim or defense asserted by BANA in connection with its Reclamation Claim or this proceeding.  Further, no incidental or implied admissions are intended in BANA's responses.  That BANA has responded to all or any part of a Request should not be taken as an admission that BANA accepts or admits the existence of any fact(s) set forth or assumed by that Request or that BANA's response constitutes admissible evidence.

C.     BANA's undertaking to produce documents pursuant to a particular individual Request shall not be construed to indicate that any such documents exist.

## SPECIFIC OBJECTIONS AND RESPONSES

| | RESPONSE |
|---|---|
| COLUMN A – "CLAIM REFERENCE" | Subject to and without waiving any of the foregoing objections, BANA objects to the Request to the extent the Debtor seeks information that is a matter of public record or that is already in the possession of, or otherwise available to, the Debtor. |
| COLUMN B – "VENDOR NAME" | Subject to and without waiving any of the foregoing objections, BANA contends that the Seller is "Olin Corporation" as set forth in Annex III. |
| COLUMN C – "DELPHI DIVISION" | Subject to and without waiving any of the foregoing objections, BANA contends that the Debtor is "Delphi Automotive Systems LLC C/O Delphi Packard" as set forth in Annex III. |
| COLUMN D – "CLAIM POST MARKED DATE" | Subject to and without waiving any of the foregoing objections, BANA objects to the Request to the extent the Debtor seeks information that is a matter of public record or that is already in the possession of, or otherwise available to, the Debtor. BANA has insufficient information to provide a responsive reply. |
| COLUMN E – "PO NUMBER" | BANA objects on the grounds that the Information sought has already been provided in the Reclamation Demand enclosed in Annex II.<br><br>Subject to and without waiving any of the foregoing objections, documents responsive to the Request to correct the information set forth in Column E have been identified, incorporated and enclosed herewith in Annex V. |
| COLUMN F – "INVOICE NUMBER" | BANA objects on the grounds that the Information sought has already been provided in Reclamation Demand enclosed in Annex II.<br><br>Subject to and without waiving any of the foregoing objections, documents responsive to the Request to correct the information set forth in Column F have been identified, incorporated and enclosed herewith in Annex V. |

| | |
|---|---|
| **COLUMN G – "SHIPMENT ID"** | BANA objects on the grounds that the Information sought has already been provided in Reclamation Demand enclosed in Annex II.<br><br>Subject to and without waiving any of the foregoing objections, documents responsive to the Request to correct the information set forth in Column G have been identified, incorporated and enclosed herewith in Annex V. |
| **COLUMN H – "INVOICE DATE"** | BANA objects on the grounds that the Information sought has already been provided in Reclamation Demand enclosed in Annex II.<br><br>Subject to and without waiving any of the foregoing objections, documents responsive to the Request to correct the information set forth in Column H have been identified, incorporated and enclosed herewith in Annex V. |
| **COLUMN I – "MATERIAL NUMBER"** | BANA objects on the grounds that the Information sought has already been provided in Reclamation Demand enclosed in Annex II.<br><br>Subject to and without waiving any of the foregoing objections, documents responsive to the Request to correct the information set forth in Column I have been identified, incorporated and enclosed herewith in Annex V. |
| **COLUMN J – " INVOICE QTY"** | BANA objects on the grounds that the Information sought has already been provided in Reclamation Demand enclosed in Annex II.<br><br>Subject to and without waiving any of the foregoing objections, documents responsive to the Request to correct the information set forth in Column J have been identified, incorporated and enclosed herewith in Annex V. |
| **COLUMN K – " INVOICE EXTENDED AMOUNT"** | BANA objects to the Information set forth in Column K because fails to reflect the "True-Ups" agreed upon by the Debtor and Olin with respect to fluctuations in the market prices of certain commodity materials. The correct Invoice Amounts, which incorporate the True-Ups agreed upon by the Debtor and the Seller, are set forth and explained in more detail in the enclosures annexed hereto. |

| | |
|---|---|
| **COLUMN L – "IS THE CLAIM AN ORIGINAL OR DUPLICATE"** | Subject to and without waiving any of the foregoing objections, BANA contends that each claim is an "original." |
| **COLUMN M – "VENDER CLAIM CONTAINS PROPER DOCUMENTATION"** | BANA objects to the information set forth Column M because it calls for a legal conclusion. To the extent, the Debtor seeks an answer that involves a contention that relates to fact or the application of law to fact, BANA contends that the documentation enclosed herewith and contained in the Debtor's records reflect the documentation agreed upon by the parties to consummate each sale of Goods. |
| **COLUMN N – "IS THE CLAIM WITHIN THE ALLOWED DATE RANGE"** | BANA objects to Information set forth in Column N. Most of the Information is missing and to the extent that the Information has been set forth, it is (a) unduly vague, (b) ambiguous, and (c) not susceptible of a reasoned interpretation. As supported by the documentary evidence, BANA contends that the each sale of Goods referenced in the Reclamation Demand is within the allowed date range. |
| **COLUMN O – "WAS IT RECEIVED POST- PETITION"** | BANA objects to Information set forth in Column O. Most of the Information is missing and to the extent that the Information has been set forth, it is (a) unduly vague, (b) ambiguous, and (c) not susceptible of a reasoned interpretation. BANA has insufficient information to provide a responsive reply. BANA contends that all aspects of the Reclamation Demand are timely. |
| **COLUMN P – "VALID INVENTORY (UNITS)"** | BANA objects to Information set forth in Column P. Most of the Information is missing and to the extent that the Information has been set forth, it is (a) unduly vague, (b) ambiguous, and (c) not susceptible of a reasoned interpretation. BANA contends that the Sellers supplied the Goods requested by the Debtor and that such Goods were accepted and inventoried by the Debtor as reflected by the Debtor's "Ready to Pay" list set forth in Annex IV. |
| **COLUMN Q – " VALID INVENTORY ($)"** | BANA objects to Information set forth in Column P. Most of the Information is missing and to the extent that the Information has been set forth, it is (a) unduly vague, (b) ambiguous, and (c) not susceptible of a reasoned interpretation. BANA has insufficient information to |

| | |
|---|---|
| | provide a responsive reply. |
| **COLUMN R – "HAS IT BEEN PAID"** | BANA objects to Information set forth in Column R. Most of the Information is missing and to the extent that the Information has been set forth, it is (a) unduly vague, (b) ambiguous, and (c) not susceptible of a reasoned interpretation.<br><br>Subject to and without waiving any of the foregoing objections, documents responsive to the Request to correct the information set forth in Column R have been identified, incorporated and enclosed herewith in Annex IV.<br><br>As supported by the documentary evidence, BANA contends that each of the transactions set forth on Debtor's "Ready to Pay" list have, in fact, ***not been paid*** and are due and owing to BANA in the amounts set forth in the Reclamation Demand. |
| **COLUMN S –"VALID CLAIM"** | To the extent, the Debtor seeks an answer that involves a contention that relates to fact or the application of law to fact, as supported by the documentary evidence, BANA contends that the each sale of Goods sets forth a valid claim. |
| **COLUMN T – "STATUS OF THE CLAIM"** | BANA objects to Information set forth in Column P. Most of the Information is missing and to the extent that the Information has been set forth, it is (a) unduly vague, (b) ambiguous, and (c) not susceptible of a reasoned interpretation. To the extent, the Debtor seeks an answer that involves a contention that relates to fact or the application of law to fact, as supported by the documentary evidence, BANA contends that the each sale of Goods sets forth a valid claim. |