Heinz Binder (CA 87908)
Wendy W. Smith (CA 133887)
Binder & Malter
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408) 295-1700
Facsimile:  (408) 295-1531

Andrew L. Margulis, Esq.
Ropers, Majeski, Kohn & Bentley
17 State Street, Suite 2400
New York, New York 10004
Tel: 212-668-5927
Fax: 212-668-5929


Attorneys for Creditor, Technology Properties Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK


| In Re | ) | CASE NO. 05-44481 (RDD) |
|---|---|---|
|  | ) |  |
|  | ) | Chapter 11 |
|  | ) |  |
| DELPHI CORPORATION, et al. | ) | DATE: November 30, 2006 |
|  | ) | TIME: 10:00 a.m. |
|  | ) | ROOM: 610 |
| Debtor. | ) |  |

**Response to Objection to Claims of Technology Property, Ltd.**

I.    Introduction:

Technology Properties, Ltd, ("TPL") responds to the objections to TPL's claim filed by Delphi

Corporation and its related entities,[1] and requests that the Court deny the objection.  If the Court is

---

[1] Delphi has filed multiple separate bankruptcy cases in which TPL has filed claims. Delphi objected to claims in all cases. This Response addresses all of the objections. A true and correct copy of the objection is attached as Exhibit A.

pg. 1

inclined to hear the matter, TPL requests that it move the issue to a separate contested matter for resolution through mediation or evidentiary hearing. TPL reserves the right to move for relief from the automatic stay to have the matter heard in a more appropriate venue, if necessary. TPL filed a claim in each of the "Delphi" entities, collectively the "Claims." All of the Delphi entities objected. This response by TPL is the same in each case.

II.     Background:

TPL is the owner of all substantial rights in and to the patents that make up the Moore Microprocessor Patent™ portfolio, and has the exclusive right and responsibility to license and enforce the patents. (See, Claims; Declaration of Wendy W. Smith in Support of Claims of Technology Properties ("Smith's Decl."), Exhibit A.) The patents are listed more particularly in Claims and are referred to here as the "MMP Portfolio". (A true and correct copy of the Claims are attached as Exhibit B to Smith's declaration.) These patents protect certain basic integrated-chip technologies widely used in designing microprocessors, embedded processors, and system-on-chip solutions.

TPL's Claims allege that Delphi Corporation and certain of its subsidiaries and affiliates (collectively the "Infringing Debtors"), have been infringing on the rights protected by the MMP Portfolio from at least October 9, 1999, through October 8, 2005, and that the Infringing Debtors continue to infringe on these rights in their post-petition activities. TPL further alleges in the Claims that this infringing activity consists of the manufacture, use, sale, offer of sale, importation and/or distribution, both within the United States and internationally, of microprocessors and of systems containing microprocessors that use the technology included in the MMP Portfolio, and/or the inducement of said activity. Said activity was, and continues to be, conducted without

authority or license from TPL and in violation 35 U.S.C. §271.

The broad application of the MMP portfolio is not in question. TPL has already licensed the MMP portfolio to several major manufacturers, including HP, Fujitsu, Casio, Sony, Nikon and Seiko Epson. Delphi had also initiated negotiations with Alliacense, TPL's licensing agency.. (See, Claims.)

Without extensive discovery, of course, TPL cannot know the exact nature of the infringement, nor its cost. TPL has prepared a preliminary presentation for Delphi that explains the nature of the technology in question and the likely areas of infringement. (See Smith's Declaration, Exhibit D.) The likely infringing products include satellite Radios, vehicle audio entertainment, vehicle connectivity, vehicle electronic controls, vehicle microelectronics, and medical electronics. The specific Delphi products are listed in the presentation. (See, Smith's Declaration, Exhibit D.)

As has been previously stated, TPL is interested in negotiating a license, as TPL believes the infringement is ongoing, and thus will not be solved by the administration of the Claims.

III.    <u>Objection to Claims fails to State a Basis for Disallowance:</u>

When a proof of claim presents facts adequate to state a claim, it creates prima facia evidence of validity. Federal Rule of Bankruptcy Procedure 3001(f). The Claims do just that. First, they state the ownership and existence of the patents. Second, the Claims provide supporting documentation, both by referencing public documents, in the list of patents, and by providing the abstracts of the three key patents. The full text of all patents would have been burdensome and unnecessary, although they are being provided electronically with this response.

Third, the Claims allege that Delphi is engaging in infringing activity and that such infringing activity is causing damages. It is obvious that the precise nature of such infringement cannot be

determined until the parties engage in full discovery and analysis.  This has not yet been initiated, thus the amount of damages are unliquidated at this time.  Simply because a claim is unliquidated, however, does not been it cannot be allowed; indeed, that is part of the definition of "claim" at 11 U.S.C Sec. 101(5).  Thus the Claims meet the requirements of Rule 3001(f).

The only objection stated to the Claims is that they are "unsubstantiated" and do not establish a prima facia claim.  The objection contains no analysis of the claim, no denial of the alleged infringing activity, nor even any discussion of the contents of the Claims or its supporting documentation or references.  Indeed the objection states only that the claims "assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtor's books and records." ( Notice of Objection to Claim, pg. 2.)  Even that bare statement is not supported by a declaration. The objection presents no evidence at all.

It is well established that a bare objection to a properly-filed claim is not adequate.  "Unless the [Debtor] as objector introduces evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim. 4. L. King, *Colliers on Bankruptcy*, 502.02[3][f]; see also In re: Hemingway Transp. Inc., (1st Cir. 1993)  993 F.3d 915, (holding that an objection to a claim does not deprive the claim of its presumptive validity unless the objection is supported by substantial evidence.) Here, of course, the Debtor neither describes the nature of the claims it seeks to deny, nor the specific inadequacies of the proof of claim.  Nor did the Debtor seek to obtain any further information informally to clarify any question it might have had. (Smith's declaration, para 6.) Thus the objection on the basis of "inadequacy" must be denied.

Even if the Claims were not entitled to the evidentiary advantage of Rule 3001(f), this,

alone, is not a basis for disallowance. *Milman v. Capital One Bank (In Re: Campbell),* (9th Cir. BAP 2005) 336 B.R. 430. Rather, Section 502(b) sets forth the exclusive grounds for disallowance of claims. *In re Heath,* (9th Cir.BAP, 2005), 331 B.R. 424, 426. If it is the Debtor's position that the Claims are not valid, then the objection would have to be under Section 502(b)(1), alleging that they are unenforceable "<u>under any agreement or applicable law</u> for a reason other than because such claim is contingent or unmatured.." 11 U.S.C. 502(b)(1). The Debtor does not make such a broad claim. In the Objection, the only allegation that the Claims are not reflected in the Debtor's records. Where the objecting debtor provides no evidence or argument to support an objection under one of the bases under 502(b), no objection is stated. *In re Heath, supra*, 331 B.R. 424, 426. The Debtor's objections should be overruled.

If the Court is inclined to consider the Debtor's objection, TPL requests that the matter be set for a further hearing. If the parties do not negotiate a license, they will be engaged in lengthy and expensive litigation. TPL has provided the full text of the major patents with this response, as well as certain documents relating to the ownership of those patents. (Smith's Decl. Exhibits A & B.) Preparation for an evidentiary hearing will take extensive time and resources. It is likely that if the parties face litigation, it will be conducted in a different forum.

IV.  <u>Offer for Liquidation</u>.

In the Debtor's motion, it also indicates that if a proposed estimated figure is provided by a claimant of an unliquidated claim, the Debtor may consider simply applying that figure to the claim in order to resolve the matter. TPL is ready to propose such an offer, but only in connection with licensing the MMP portfolio, and thereby preventing any further infringement by the Debtor. As is evident, such discussions are not usually conducted in public pleadings. TPL has offered to

open discussions with the Debtor and is waiting for response.

Respectfully Submitted,

Dated: Santa Clara, California
November 20th, 2006

                                        BINDER & MALTER, LLP


                                        By:_____/s/ Wendy W. Smith_____
                                           Wendy W. Smith (CA 133887)
                                           2775 Park Ave
                                           Santa Clara, Ca 95050
                                           (408) 295-1700

                                      Attorneys for Technology Properties, Ltd.