

10080 N. Wolfe Road
Suite SW3-190
Cupertino, CA 95014
tel +1 408-446-4222
fax +1 408-446-5444

# MEMORANDUM

DATE:    20 FEB 06

TO:    MMP PORTFOLIO MATERIALS FILE

RE:    AUTHORITY COMPENDIUM

This Compendium contains the following items, verifying TPL's authority with respect to the MMP Portfolio:

1. Stipulated Judgment confirming joint ownership;

2. Grant of rights from Moore to TPL;

3. Grant of rights from TPL to NewCo;

4. Grant of rights from PTSC to NewCo; and

5. Grant of rights from NewCo to TPL.

1.  Stipulated Judgment confirming joint ownership;

Confidential unpublished work          © Alliacense 2006          SUBJECT TO FRE 408

1  TOWNSEND AND TOWNSEND AND CREW LLP
   ROGER L. COOK (State Bar No. 55208)
2  ERIC P. JACOBS (State Bar No. 88413)
   IRIS SOCKEL MITRAKOS (State Bar No. 190162)
3  Two Embarcadero Center, Eighth Floor
   San Francisco, California  94111
4  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
5
   *Attorneys for Defendants Technology Properties, Ltd.*
6  *and Daniel E. Leckrone*

7  HENNEMAN & SAUNDERS
   F. ERIC SAUNDERS (State Bar No. 87686)
8  3081 Ponderosa Road
   P.O.Box 2215
9  Arnold, CA 95223
   Telephone: (209) 795-6650
   Facsimile: (209) 795-6659
10
   *Attorney for Defendant Charles H. Moore*
11

12              UNITED STATES DISTRICT COURT

13         FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                    SAN JOSE DIVISION

15
   PATRIOT SCIENTIFIC CORPORATION,        Case No.    C 04 0618 JF (HRL)
16                      Plaintiff,         **E-FILING CASE**

17                      v.                 **STIPULATED FINAL JUDGMENT**

18 CHARLES H. MOORE, TECHNOLOGY
   PROPERTIES LTD., and DANIEL E.
19 LECKRONE,
                        Defendants.
20

21

22

23

24

25

26

27

28

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

Plaintiff Patriot Scientific Corporation ("Patriot"), on one hand, and Defendants Charles

H. Moore ("Moore"), Technology Properties, Ltd. ("TPL") and Daniel E. Leckrone

("Leckrone"), on the other hand, hereby stipulate and agree as follows:

1.      Patriot, Moore, and TPL, among others, have entered into a series of negotiated

agreements, pursuant to which Patriot, Moore, and TPL have agreed to settle all litigation among

them on the terms and conditions contained in that certain Master Agreement by and among

Patriot, TPL and Moore, dated as of June 1, 2005.

2.      Pursuant to the terms of the Master Agreement referred to above, the settlement of

the litigation among Patriot, Moore, and TPL, as well as the transactions contemplated by the

Master Agreement, will not become effective unless and until this Stipulated Final Judgment is

executed by all of the parties hereto and filed with the Court.

3.      Patriot, Moore, and TPL desire to settle all litigation among them through this

Stipulated Final Judgment and the negotiated agreements, and have all right, power, and

authority to do so, as well as to enter into the Master Agreement and related documents and

effectuate the transactions contemplated thereby in furtherance of the terms of this Stipulated

Final Judgment and the negotiated agreements.

4.      In connection therewith, Patriot's Third Amended Complaint seeking a

declaration as to inventorship and ownership of United States Patent Number 5,809,336 (the

"'336 Patent") shall be and hereby is dismissed with prejudice.

5.      Final judgment shall be and hereby is entered in favor of Defendants Moore, TPL

and Leckrone on Defendants' Counterclaims for a declaration that Moore is at least a co-inventor

and TPL is at least a co-owner of the '336 Patent and U.S. Patent Nos. 6,598,148 ("'148 Patent"),

5,440,749 ("'749 Patent"), 5,530,890 ("'890 Patent"), 5,604,915 ("'915 Patent"), 5,659,703 ("'703

Patent") and 5,784,584 ("'584 Patent").

6.      Patriot waives any and all right to appeal from this Stipulated Final Judgment.

7.    Each party shall bear its own attorneys' fees and costs in connection with this action.

8.    This Court shall retain jurisdiction over this action for the purposes of enforcing, construing, clarifying, and modifying this Stipulated Final Judgment.

9.    The Clerk of the Court is directed to give notice of entry of this Stipulated Final Judgment pursuant to Rule 77(d) of the Federal Rules of Civil Procedure.


[remainder of page intentionally blank]

DATED: June 8, 2005

TOWNSEND and TOWNSEND and CREW LLP

By: _____
    Roger L. Cook
    Attorneys for Defendants
    Technology Properties Ltd. and Daniel E. Leckrone

DATED: June __, 2005

HENNEMANN & SAUNDERS

By: _____
    F. Eric Saunders
    Attorney for Defendant Charles H. Moore

DATED: June __, 2005

By: _____
    Carlton Johnson
    Attorney for Plaintiff
    Patriot Scientific Corporation

IT IS SO ORDERED

DATED: June __, 2005

    _____
    UNITED STATES DISTRICT COURT JUDGE

DATED: June __, 2005                 TOWNSEND and TOWNSEND and CREW LLP

                                     By:_____
                                        Roger L. Cook
                                        Attorneys for Defendants
                                        Technology Properties Ltd. and Daniel E. Leckrone

DATED: June 8, 2005                  HENNEMANN & SAUNDERS

                                     By:_____
                                        F. Eric Saunders
                                        Attorney for Defendant Charles H. Moore

DATED: June __, 2005

                                     By:_____
                                        Carlton Johnson
                                        Attorney for Plaintiff
                                        Patriot Scientific Corporation

        IT IS SO ORDERED

DATED: June __, 2005                 _____
                                     UNITED STATES DISTRICT COURT JUDGE

DATED: June ___, 2005                    TOWNSEND and TOWNSEND and CREW LLP

                                         By:_____
                                             Roger L. Cook
                                             Attorneys for Defendants
                                             Technology Properties Ltd. and Daniel E. Leckrone

DATED: June ___, 2005                    HENNEMANN & SAUNDERS

                                         By:_____
                                             F. Eric Saunders
                                             Attorney for Defendant Charles H. Moore

DATED: June 9 2005

                                         By:_____
                                             Carlton Johnson
                                             Attorney for Plaintiff
                                             Patriot Scientific Corporation

        IT IS SO ORDERED

DATED: June ___, 2005

                                         _____
                                         UNITED STATES DISTRICT COURT JUDGE

## 2.  Grant of rights from Moore to TPL;

## LICENSE

This License ("License") is entered into by and between Charles H. Moore, ("CHM") on the one hand, and Technology Properties Limited ("TPL"), on the other hand.

NOW THEREFORE, for and in consideration of the mutual covenants herein contained as well as of other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, it is covenanted and agreed by and between the parties hereto that:

1.   <u>Subject Matter</u>.

1.1. The patents and related materials described at Attachment I, as well as all inventions, improvements, developments, and discoveries conceived, discovered, or reduced to practice by CHM or his affiliates prior to the expiration of the term of the ComAg and which relate to:

> 1.1.1. Moore Microprocessor ("MMP") technology, including specifically the said patents and materials; and/or

> 1.1.2. All continuations-in-part, reissues, divisions, re-examinations, or counterparts of such patents, domestic or foreign;

all of which is hereinafter sometimes collectively referred to as the "Licensed Technology".

1.2. Licensed Technology shall also include all rights with respect to patent rights, copyrights, mask work rights, tradenames, trademarks, trade secrets, and know-how of whatsoever kind or nature and in whatever form which relate to the Licensed Technology and in which CHM or its affiliates have an interest to the extent of such said interest.

2.   <u>Grant of License</u>.

2.1. CHM hereby grants unto TPL an exclusive, worldwide license to the Licensed Technology for all fields of use and for all applications.

2.2. This License is intended to vest in TPL the exclusive, worldwide right: (i) to regulate and control by license, sublicense, affiliation, or other agreement the practice and/or use of the Licensed Technology; (ii) to otherwise pursue the Commercialization thereof and the manufacture, sale, and use of products and/or services relying on the Licensed Technology; (iii) to sue and collect for its own use and benefit all claims for damages by reason of past infringement or use of the Licensed Technology; and, (iv) to pursue all remedies of whatsoever kind or nature for its own use and benefit relating to the past, present, or future use of the Licensed Technology.

3.   Royalty. CHM shall be entitled to receive as a royalty under this License that certain portion of the Net Recovery realized from the commercialization of the Licensed Technology which is provided for and payable under the terms of the Commercialization Agreement entered into contemporaneously herewith.

4.   General.

4.1. In no event shall any right, duty, or privilege arising hereunder be assigned by either party without the prior written consent of the other party, and any attempted or purported assignment without such consent shall be voidable at the option of the non-consenting party.

4.2. Any covenant requiring a party to perform or provide an act or service shall be construed to impose upon such party the burden of the cost thereof unless otherwise provided for herein.

4.3. Section titles are intended only to aid and assist the reader as an index device and are not intended to be descriptive of the contents of the section or to be used for construction or interpretation.

4.4. The failure of any provision of this Agreement by virtue of its being construed as invalid or otherwise unenforceable shall render the entire Agreement cancelable at the option of the party asserting the enforceability of the said provision.

4.5. All rights and obligations under this Agreement shall be resolved as if all persons and all transactions related to

Tp102\007 Moore 20OCT02 Exh A                    2              CM XM

this Agreement had their legal residence, situs, and employment
in Santa Clara County, California. Members of the most senior
management level of the parties shall meet and exercise their
best efforts to resolve any dispute under this Agreement, and if
unsuccessful, submit such to expedited binding arbitration under
the rules of the American Arbitration Association with discovery
in general accordance with the Federal Rules of Civil Procedure.
All costs related to the discovery shall be paid in advance by
the requesting party.  The cost of translating into English all
discoverable materials and of providing a contemporaneous
translation into English of all live testimony shall be paid in
advance by the party which produces or gives the non-English
language materials or testimony.  All other expenses incurred by
the parties in connection with the Arbitration (including
reasonable attorney's fees) shall be awarded against the party
initiating the Arbitration unless the award is substantially
more favorable than the best proposal made by the respondent
more than thirty days prior to the scheduled Arbitration
proceeding, in which case such expenses shall be equitably
apportioned between the parties.

    4.6. All notices shall be in writing and effective upon
delivery or upon posting by certified mail, return receipt
requested, addressed as follows (or such other address as may be
hereafter designated):

         If to TPL:                      If to CHM:

    Technology Properties Ltd.      Charles H. Moore
    P O Box 20250                   40 Cedar Lane
    San Jose, CA  95160             P O Box 127
                                    Sierra City, CA 96125
    Tel: 408-243-9898               Tel: 530-862-1282
    Fax: 408-296-6637               Efax: 413-714-5590

    4.7. This Agreement together with its exhibits and
attachments contains the entire agreement between the parties
and supersedes any and all other agreements between them
relating to the subject matter hereof.


5.   Attachments.

    5.1. Attachment I:  Schedule of Patents


Tp102\007 Moore 20OCT02 Exh A              3

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of 21 October 2002.

TECHNOLOGY PROPERTIES LTD.                    CHARLES H. MOORE

by _____               _____
   Daniel E. Leckrone, Chmn

ATTACHMENT I to Exhibits A, B, & C (CHM ComAg)
SCHEDULE OF PATENTS

| JUR | PAT NO | DESCRIPTION | PRIORITY | FILED | ISSUED | EXPIRES |
|-----|--------|-------------|----------|-------|--------|---------|
| US | 5,440,749 | Hi Perf, Lo cost Micro Arch | 3 AUG 89 | 8 AUG 89 | 8 AUG 95 | 8 AUG 12 |
| US | 5,530,890 | Hi Perf, Lo cost Micro Arch | 3 AUG 89 | 7 JUN 95 | 25 JUN 95 | 7 JUN 15 |
| US | 5,659,703 | Micro Sys with Hierarchical stack | 3 AUG 89 | 7 JUN 95 | 19 AUG 97 | 7 JUN 15 |
| US | 5,784,584 | Multiple Instructions within Groups | 3 AUG 89 | 7 JUN 95 | 21 JUL 98 | 21 JUN 15 |
| US | 5,809,336 | Hi Perf Variable Speed Sys Clock | 3 AUG 89 | 7 JUN 95 | 15 SEP 98 | 15 SEP 15 |
| US | 5,604,915 | Load Dependent Bus Timing | 3 AUG 89 | 7 JUN 95 | 18 FEB 97 | 7 JUN 15 |
| US | 6,598,148 | Hi Perf Variable Speed Sys Clock | --- | 29 JUL 98 | --- | --- |
| DE | 69033568.7 | Hi Perf, Lo Cost Micro | --- | 2 AUG 90 | 14 JUN 00 | --- |
| DE | 69033568T2 | Preisguenstiger Hochleistungsmikro | --- | 2 AUG 90 | 1 MAR 01 | --- |
| DE | 69033568C0 | Preisguenstiger Hochleistungsmikro | --- | 2 AUG 90 | 20 JUL 00 | --- |
| EP | 0786730 | Hi Perf, Lo Cost Micro | --- | 2 AUG 90 | 14 JUN 00 | --- |
| EP | 786730A1 | Hi Perf, Lo Cost Micro | --- | 2 AUG 90 | 30 JUL 97 | --- |
| EP | 497772A4 | Hi Perf, Lo Cost Micro | --- | 2 AUG 90 | 4 AUG 93 | --- |
| EP | 497772A1 | Hi Perf, Lo Cost Micro | --- | 2 AUG 90 | 12 AUG 92 | --- |
| EP | 0870226 | --- | --- | --- | --- | --- |
| FR | 0786730 | Hi Perf, Lo Cost Micro | --- | 2 AUG 90 | 14 JUL 00 | --- |
| WO | 9715001 | RISC Microprocessor Arch | --- | --- | --- | --- |
| WO | 9102311A3 | Hi Perf, Lo Cost Micro | --- | 2 AUG 90 | 21 MAR 91 | --- |
| WO | 9102311A1 | Hi Perf, Lo Cost Micro | --- | 2 AUG 90 | 21 FEB 91 | --- |
| JP | 5502125T2 | --- | --- | --- | 15 APR 93 | --- |
| JP | 2956085B2 | --- | --- | --- | 25 OCT 99 | --- |
| AU | 606129801 | Hi Perf, Lo Cost Micro | --- | 2 AUG 90 | 11 MAR 91 | --- |

The Schedule of Patents shall include the items listed above, as well as all progenitors and progeny thereof, and all additions, changes, amendments, modifications, actions, counterparts, continuations, continuations-in-part, extensions, reissues, divisionals and/or renewals of such progenitors and progeny.

Tpl02\007 Moore 20OCT02 Exh A

5

3.  Grant of rights from TPL to NewCo;

Confidential unpublished work                    © Alliacense 2006                    SUBJECT TO FRE 408

LICENSE
TPL TO T-NEWCO


This License ("License") is entered into by and between Technology Properties Limited, Inc. as the Licensor ("TPL" or "Licensor") on the one hand, and T-NewCo as the Licensee ("NewCo") on the other hand, as a part of that certain Agreement entered into between the parties contemporaneously herewith.

NOW THEREFORE, for and in consideration of the mutual covenants herein contained as well as of other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, it is covenanted and agreed by and between the parties hereto that:


1. Subject Matter.

1.1.    The patents described in the Schedule of Patents at Attachment I hereof, sometimes collectively referred to as the "Project Patents".

2. Grant of License.

2.1. Licensor hereby grants unto NewCo the exclusive, personal and non-transferable, worldwide right and license to:

2.1.1. To grant licenses and sub-licenses to make, have made, use, sell, and import products and/or services utilizing the Project Patents, for all fields of use and for all applications;

2.1.2. To sue in the name of either TPL or jointly with Patriot Scientific Corporation and/or NewCo if required by law, and to pursue for the use and benefit of TPL:

(i) all remedies of whatsoever kind or nature with respect to the protection, use, and enforcement of the Project Patents;

(ii) the collection of all claims for damages, profits, and awards relating to the past, present, or future use or ownership of the Project Patents; and

(iii) all equitable relief available in connection therewith;

Including but not limited to the right to (a) bring, conduct, and conclude patent infringement lawsuits; (b) bring, prosecute and defend re-examination proceedings (c) bring, prosecute and enforce claims for contempt relating to non-compliance with injunctions; and (d) prosecute continuation and continuation in part applications.

2.1.3. To otherwise manage and control by license, sublicense, or other agreement the practice and/or use of the Project Patents by third parties.

Accordingly, Licensor divests itself of all rights with respect to the activities and rights described at 2.1.1., 2.1.2., and 2.1.3. above, and Licensor retains no such right.

2.2. Provided, however, that Licensor shall for all purposes be deemed to have retained a non-exclusive, worldwide, irrevocable right and license:

2.2.1  To utilize the Project Patents on a royalty-free basis to make, have made, use, sell and/or import products that are designed, manufactured, and sold by Licensor under brand names currently owned or subsequently originated and owned by Licensor; and,

2.2.2. To utilize the Project Patents on a royalty-bearing basis to make, have made, use, sell and/or import products that are not designed, manufactured, and sold by Licensor under brand names currently owned or subsequently originated and owned by Licensor.

2.2.3. As used herein, "products" includes Licensor's own microprocessor designs. Such products carry with them under the Project Patents a license covering such products as existing when obtained from Licensor, including minor changes thereto other than colorably different changes. As used herein, a "microprocessor design" means a Register Transfer Language ("RTL") software described core or counterpart thereof.

3. Royalty.

3.1 Licensor shall pay no royalty under the Project Patentson products described in section 2.2.1. above.

3.2. Licensor shall pay a royalty under the Project Patents on all products described in section 2.2.2. that is fair, reasonable, non-discriminatory, and within the terms of Project Patent standard licensing programs then in effect.

4. General.

4.1. Upon the agreement of the parties hereto, NewCo shall submit any issue of validity to the issuing patent office in a Petition for Reexamination or comparable proceeding. The outcome shall be binding on the parties unless appealed by Licensor.

4.2. In the event of a dispute under this License, all performances due hereunder by NewCo shall continue unabated throughout the entire process and a final adjudication has been made from which no appeal or review can be undertaken.

4.3.    In no event shall any right, duty, or privilege arising hereunder be assigned by either party to an entity which it does not own and control, without the prior written consent of the other party. Any attempted or purported assignment without such consent shall be voidable at the option of the non-consenting party.

4.4.    Any covenant requiring a party to perform or provide an act or service shall be construed to impose upon such party the burden of the cost thereof unless otherwise provided for herein.

4.5.    Section titles are intended only to aid and assist the reader as an index device and are not intended to be descriptive of the contents of the section or to be used for construction or interpretation.

4.6.    The failure of any provision of this Agreement by virtue of its being construed as invalid or otherwise unenforceable shall render the entire Agreement cancelable at the option of the party asserting the enforceability of the said provision.

4.7.    All notices shall be in writing and effective upon delivery or upon posting by certified mail, return receipt requested, addressed as follows (or such other address as may be hereafter designated):

<table>
<tr><td>If to Licensor:</td><td>If to NewCo:</td></tr>
<tr><td>Technology Properties Limited Inc.</td><td>Technology Properties Limited Inc.</td></tr>
<tr><td>21730 Stevens Creek Blvd</td><td>21730 Stevens Creek Blvd</td></tr>
<tr><td>Cupertino, CA 95014</td><td>Cupertino, CA 95014</td></tr>
<tr><td>Telephone:  408-446-4222</td><td>Telephone: 408-446-4222</td></tr>
<tr><td>Facsimile:  408-446-5444</td><td>Facsimile: 408-446-5444</td></tr>
<tr><td>Attn: Daniel E. Leckrone, Chairman</td><td>Attn: Daniel E. Leckrone, Chairman</td></tr>
</table>

4.8.    This Agreement together with its exhibits and attachments contains the entire agreement between the parties and supersedes any and all other agreements between them relating to the subject matter hereof.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of the date of the
execution hereof by the last signatory hereto.

TECHNOLOGY PROPERTIES LIMITED    TPL NEWCO

by _____    by _____

_____    _____

date: _____    date: _____

ATTACHMENT I
SCHEDULE OF PATENTS

A.    MSD PATENTS - US

| NUMBER | | NAME | | FILED | |
|---|---|---|---|---|---|
| | ISSUED | | EXPIRY | | |
| US 95 | 5,440,749 8 AUG 12 | Hi Perf, Lo cost Micro Arch | | 3 AUG 89 | 8 AUG |
| US 96 | 5,530,890 25 JUN 13 | Hi Perf, Lo cost Micro Arch | | 7 JUN 95 | 25 JUN |
| US AUG 97 | 5,659,703 | Micro Sys with Hierarchical stack 19 AUG 14 | | 7 JUN 95 | 19 |
| US 98 | 5,784,584 21 JUL 15 | Multiple Instructions within Groups | | 7 JUN 95 | 21 JUL |
| US 98 | 5,809,336 15 SEP 15 | Hi Perf Variable Speed Sys Clock | | 7 JUN 95 | 15 SEP |
| US | 5,604,915 18 FEB 97 | Load Dependent Bus Timing 18 FEB 14 | | 7 JUN 95 | |
| US | 6,598,148 22 JUL 03 | Hi Perf Microprocessor 3 AUG 09 Having Variable Speed Sys Clock | | 29 JUL 98 | |

B.    MSD PATENT APPLICATIONS PENDING - US

| | | | | | |
|---|---|---|---|---|---|
| SN 09/051,263 3 AUG 09 | RISC Microprocessor Architecture | | | 8 AUG 98 | _ _ _ _ |

C.    MSD PATENTS – NON US (Preliminary)

| | | | | | |
|---|---|---|---|---|---|
| DE 00 | 69033568.7 2 AUG 10 | Hi Perf, Lo Cost Micro | | 2 AUG 90 | 14 JUN |
| DE 01 | 69033568T2 - - - - | Preisguenstiger Hochleistungsmikro | | 2 AUG 90 | 1 MAR |
| DE 00 | 69033568C0 - - - - | Preisguenstiger Hochleistungsmikro | | 2 AUG 90 | 20 JUL |
| EP 00 | 0786730 2 AUG 10 | Hi Perf, Lo Cost Micro | | 2 AUG 90 | 14 JUN |
| EP 97 | 786730A1 - - - - | Hi Perf, Lo Cost Micro | | 2 AUG 90 | 30 JUL |
| EP 93 | 497772A4 - - - - | Hi Perf, Lo Cost Micro | | 2 AUG 90 | 4 AUG |
| EP AUG 92 | 497772A1 - - - - | Hi Perf, Lo Cost Micro | | 2 AUG 90 | 12 |
| EP | 0870226 | RISC Microprocessor Architecture | _ _ _ _ | _ _ _ _ | - - - - |
| FR 00 | 0786730 - - - - | Hi Perf, Lo Cost Micro | | 2 AUG 90 | 14 JUL |
| WO - - - - | 9715001 | RISC Microprocessor Arch | _ _ _ _ | _ _ _ _ | |
| WO MAR 91 | 9102311A3 - - - - | Hi Perf, Lo Cost Micro | | 2 AUG 90 | 21 |
| WO 91 | 9102311A1 - - - - | Hi Perf, Lo Cost Micro | | 2 AUG 90 | 1 FEB |
| JP | 5502125T2 15 APR 93 | _ _ _ _ _ _ - - - - | | 2 AUG 90 | |

| | | | | |
|---|---|---|---|---|
| JP | 2966085B2 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 13 AUG |
| 99 | 2 AUG 10 | | | |
| AU | 6067290A1 | Hi Perf, Lo Cost Micro | 2 AUG 90 | |
| | 11 MAR 91 | - - - - | | |

The schedule of Patents shall include the items listed above, as well as all progenitors and progeny thereof, and all additions, changes, amendments, modifications, actions, counterparts, continuations, continuations-in-part, extensions, reissues, divisionals and/or renewals of such items, progenitors, and/or progeny.

FINAL TPL.NEWCO LICENSE.doc

4.  Grant of rights from PTSC to NewCo; and

Confidential unpublished work    © Alliacense 2006    SUBJECT TO FRE 408

LICENSE
PTSC TO P-NEWCO

This License ("License") is entered into by and between Patriot Scientific Corporation as the Licensor "Patriot" or "Licensor") on the one hand, and P-NewCo as the Licensee ("NewCo") on the other hand, as a part of that certain Agreement entered into between the parties contemporaneously herewith.

NOW THEREFORE, for and in consideration of the mutual covenants herein contained as well as of other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, it is covenanted and agreed by and between the parties hereto that:

1. Subject Matter.

1.1.    The patents described in the Schedule of Patents at Attachment I hereof, sometimes collectively referred to as the "Project Patents".

2. Grant of License.

2.1. Licensor hereby grants unto NewCo the exclusive (subject to Section 2.3 below), personal and non-transferable, worldwide right and license to:

2.1.1. To grant licenses and sub-licenses to make, have made, use, sell, and import products and/or services utilizing the Project Patents, for all fields of use and for all applications;

2.1.2. To sue in the name of either Patriot or jointly with Patriot and/or NewCo if required by law, and to pursue for the use and benefit of Patriot:

(i) all remedies of whatsoever kind or nature with respect to the protection, use, and enforcement of the Project Patents;

(ii) the collection of all claims for damages, profits, and awards relating to the past, present, or future use or ownership of the Project Patents; and

(iii) all equitable relief available in connection therewith;

including but not limited to the right to (a) bring, conduct, and conclude patent infringement lawsuits; (b) bring, prosecute and defend re-examination proceedings (c) bring, prosecute and enforce claims for contempt relating to non-compliance with injunctions; and (d) prosecute continuation and continuation in part applications.

2.1.3. To otherwise manage and control by license, sublicense, or other agreement the practice and/or use of the Project Patents by third parties.

Accordingly, Licensor divests itself of all rights with respect to the activities and rights described at 2.1.1., 2.1.2., and 2.1.3. above, and Licensor retains no such right.

2.2. All rights not granted to Newco hereunder are retained by Licensor, including without limitation the non-exclusive, worldwide, irrevocable right:

2.2.1  To utilize the Project Patents on a royalty-free basis to make, have made, use, sell, license and/or import products that are:

(a)     designed and sold by Licensor; and

(b)     manufactured by or on behalf of Licensor;

under brand names currently owned or subsequently originated and owned by Licensor; and,

2.2.2. To utilize the Project Patents on a royalty-bearing basis to make, have made, use, sell and/or import products that are not:

(a)     designed or sold by Licensor, or

(b)     manufactured by or on behalf of Licensor;

under brand names currently owned or subsequently originated and owned by Licensor.

2.2.3. As used herein, "products" includes Licensor's own microprocessor designs. Such products carry with them under the Project Patents a license covering such products as existing when obtained from Licensor, including minor changes thereto other than colorably different changes.  As used herein, a "microprocessor design" means a Register Transfer Language ("RTL") software described core or counterpart thereof.

2.3. Provided further, that the grant in Section 2.1 is subject to the terms and conditions of the Patent License Agreement between Patriot and Intel Corporation, dated as of June 1, 2005, a copy of which is attached hereto as Attachment II.

3. Royalty.

3.1 Licensor shall pay no royalty under the Project Patents on products described in section 2.2.1. above.

3.2. Licensor shall pay a royalty under the Project Patents on all products described in section 2.2.2. that is fair, reasonable, non-discriminatory, and within the terms of Project Patent standard licensing programs then in effect.

4. General.

4.1. Upon the agreement of the parties hereto, NewCo shall submit any issue of validity to the issuing patent office in a Petition for Reexamination or comparable proceeding. The outcome shall be binding on the parties unless appealed by Licensor.

4.2. In the event of a dispute under this License, all performances due hereunder by NewCo shall continue unabated throughout the entire process and a final adjudication has been made from which no appeal or review can be undertaken.

4.3.    In no event shall any right, duty, or privilege arising hereunder be assigned by either party to an entity which it does not own and control, without the prior written consent of the other party. Any attempted or purported assignment without such consent shall be voidable at the option of the non-consenting party.

4.4.    Any covenant requiring a party to perform or provide an act or service shall be construed to impose upon such party the burden of the cost thereof unless otherwise provided for herein.

4.5.    Section titles are intended only to aid and assist the reader as an index device and are not intended to be descriptive of the contents of the section or to be used for construction or interpretation.

4.6.    The failure of any provision of this Agreement by virtue of its being construed as invalid or otherwise unenforceable shall render the entire Agreement cancelable at the option of the party asserting the enforceability of the said provision.

4.7.    All notices shall be in writing and effective upon delivery or upon posting by certified mail, return receipt requested, addressed as follows (or such other address as may be hereafter designated):

If to Licensor:                          If to NewCo:

Patriot Scientific Corporation           Patriot Scientific Corporation
10989 Via Frontera                       10989 Via Frontera
San Diego, CA 92127                      San Diego, CA 92127
Facsimile: (858) 674-5004                Facsimile: (858) 674-5004

4.8.    This Agreement together with its exhibits and attachments contains the entire agreement between the parties and supersedes any and all other agreements between them relating to the subject matter hereof.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of the date of the execution hereof by the last signatory hereto.

PATRIOT SCIENTIFIC CORPORATION          NEWCO

By: _David H. Pohl_ _____          _David H. Pohl_ _____
DAVID H. POHL                           DAVID H. POHL
PRESIDENT & CEO                         PATRIOT APPOINTEE


date: _JUNE 15, 2005_ _____        date: _JUNE 15, 2005_ _____

ATTACHMENT I
SCHEDULE OF PATENTS

A.    MSD PATENTS - US

| NUMBER | | NAME | FILED | |
| --- | --- | --- | --- | --- |
| | ISSUED | EXPIRY | | |
| US | 5,440,749 | Hi Perf, Lo cost Micro Arch | 3 AUG 89 | 8 AUG |
| 95 | 8 AUG 12 | | | |
| US | 5,530,890 | Hi Perf, Lo cost Micro Arch | 7 JUN 95 | 25 JUN |
| 96 | 25 JUN 13 | | | |
| US | 5,659,703 | Micro Sys with Hierarchical stack | 7 JUN 95 | 19 |
| AUG 97 | 19 AUG 14 | | | |
| US | 5,784,584 | Multiple Instructions within Groups | 7 JUN 95 | 21 JUL |
| 98 | 21 JUL 15 | | | |
| US | 5,809,336 | Hi Perf Variable Speed Sys Clock | 7 JUN 95 | 15 SEP |
| 98 | 15 SEP 15 | | | |
| US | 5,604,915 | Load Dependent Bus Timing | 7 JUN 95 | |
| | 18 FEB 97 | 18 FEB 14 | | |
| US | 6,598,148 | Hi Perf Microprocessor | 29 JUL 98 | |
| | 22 JUL 03 | 3 AUG 09 | | |
| | | Having Variable Speed Sys Clock | | |

B.    MSD PATENT APPLICATIONS PENDING - US

| | | | | |
| --- | --- | --- | --- | --- |
| SN 09/051,263 | RISC Microprocessor Architecture | 8 AUG 98 | _ _ _ _ |
| 3 AUG 09 | | | |

C.    MSD PATENTS – NON US (Preliminary)

| | NUMBER | NAME | FILED | |
| --- | --- | --- | --- | --- |
| DE | 69033568.7 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 14 JUN |
| 00 | 2 AUG 10 | | | |
| DE | 69033568T2 | Preisguenstiger Hochleistungsmikro | 2 AUG 90 | 1 MAR |
| 01 | _ _ _ _ | | | |
| DE | 69033568C0 | Preisguenstiger Hochleistungsmikro | 2 AUG 90 | 20 JUL |
| 00 | _ _ _ _ | | | |
| EP | 0786730 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 14 JUN |
| 00 | 2 AUG 10 | | | |
| EP | 786730A1 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 30 JUL |
| 97 | _ _ _ _ | | | |
| EP | 497772A4 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 4 AUG |
| 93 | _ _ _ _ | | | |
| EP | 497772A1 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 12 |
| AUG 92 | _ _ _ _ | | | |
| EP | 0870226 | RISC Microprocessor Architecture | _ _ _ _ | _ _ _ _  _ _ _ _ |
| FR | 0786730 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 14 JUL |
| 00 | _ _ _ _ | | | |
| WO | 9715001 | RISC Microprocessor Arch | _ _ _ _ | _ _ _ _ |
| _ _ _ _ | | | | |
| WO | 9102311A3 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 21 |
| MAR 91 | _ _ _ _ | | | |
| WO | 9102311A1 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 1 FEB |
| 91 | _ _ _ _ | | | |
| JP | 5502125T2 | _ _ _ _ _ _ | 2 AUG 90 | |
| | 15 APR 93 | _ _ _ _ | | |

| JP | 2966085B2 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 13 AUG |
| 99 | 2 AUG 10 | | | |
| AU | 6067290A1 | Hi Perf, Lo Cost Micro | 2 AUG 90 | |
| | 11 MAR 91 | - - - - | | |

The schedule of Patents shall include the items listed above, as well as all progenitors and progeny thereof, and all additions, changes, amendments, modifications, actions, counterparts, continuations, continuations-in-part, extensions, reissues, divisionals and/or renewals of such items, progenitors, and/or progeny.

ATTACHMENT II
[PATENT LICENSE AGREEMENT BETWEEN PATRIOT AND INTEL CORPORATION]

wsE46.tmp

Revised Final Patriot.P-Newco License.doc

5.   Grant of rights from NewCo to TPL.

Confidential unpublished work                    © Alliacense 2006                    SUBJECT TO FRE 408

**EXHIBIT A**
GRANT
(NEWCO TO TPL)

This Grant ("Grant") is entered into by and between Newco (sometimes "Newco") on the one hand, and Technology Properties Limited ("TPL"), on the other hand, and is made and entered into for the purpose of implementing that certain Commercialization Agreement ("ComAg") entered into between the parties contemporaneously herewith.

NOW THEREFORE, for and in consideration of the mutual covenants herein contained as well as of other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, it is covenanted and agreed by and between the parties hereto that:

1. <u>Subject Matter</u>.

    1.1.    The patents described in the Schedule of Patents at Attachment I hereof, sometimes collectively referred to as the "Project Patents."

2. <u>Grant</u>.

    2.1. Pursuant to the provisions of section 2.1 of the Licenses made a part hereof as Attachment I (PTSC to Newco) and Attachment II (TPL to Newco), Newco hereby grants unto Technology Properties Limited the exclusive, personal and non-transferable, worldwide right to:

        2.1.1. To grant licenses and sub-licenses to make, have made, use, sell, and import products and/or services utilizing the Project Patents, for all fields of use and for all applications;

        2.1.2. To sue in the name of Technology Properties Limited or jointly with Patriot Scientific Corporation, Charles H. Moore and/or Newco if required by law, and to pursue for the use and benefit of Technology Properties Limited: (i) all remedies of whatsoever kind or nature with respect to the protection, use, and enforcement of the Project Patents; (ii) the collection of all claims for damages, profits, and awards relating to the past, present, or future use or ownership of the Project Patents; and (iii) all equitable relief available in connection therewith; and,

        2.1.3. To otherwise manage and control by license, sublicense, or other agreement the practice and/or use of the Project Patents by third parties.

Accordingly, Newco divests itself of all rights with respect to the activities and/or rights described at 2.1.1., 2.1.2., and 2.1.3. above, and Newco retains no such right.

    2.2. The grant at Section 2.1 above shall be subject to (a) the terms and conditions of the Patent License Agreement between Patriot and Intel Corporation, dated as of June 1, 2005, and (b) the rights retained by PTSC and TPL under the provisions of section 2.2 of the said Attachments I and II, respectively.

3. General.

    3.1.    In no event shall any right, duty, or privilege arising hereunder be assigned by either party to an entity which it does not own and control, without the prior written consent of the other party. Any attempted or purported assignment without such consent shall be voidable at the option of the non-consenting party.

    3.2.    Any covenant requiring a party to perform or provide an act or service shall be construed to impose upon such party the burden of the cost thereof unless otherwise provided for herein or in the ComAg.

    3.3.    Section titles are intended only to aid and assist the reader and are not intended to be descriptive of the contents of the section or to be used for construction or interpretation.

    3.4.    The failure of any provision of this Agreement by virtue of its being construed as invalid or otherwise unenforceable shall render the entire Agreement cancelable at the option of the party asserting the enforceability of the said provision.

    3.5.    All notices shall be in writing and effective upon delivery or upon posting by certified mail, return receipt requested, addressed as follows (or such other address as may be hereafter designated):

<u>If to TPL:</u>

Daniel E Leckrone, Chm
21730 Stevens Creek Blvd
Cupertino, CA 95014
Telephone: 408-446-4222
Facsimile: 408-446-5444

<u>If to Newco:</u>

Daniel E Leckrone, Chm
21730 Stevens Creek Blvd
Cupertino, CA 95014
Telephone: 408-446-4222
Facsimile: 408-446-5444

AND

Patriot Scientific Corporation
10989 Via Frontera
San Diego, CA 92127
Attn: President
Fax: (858) 674-5005

AND

Robert K. Neilson

Relational Advisors LLC
11975 El Camino Real, Suite 300
San Diego, California 92130
Fax: (858) 704-3341

3.6.    This Agreement together with its exhibits and attachments contains the entire agreement between the parties and supersedes any and all other agreements between them relating to the subject matter hereof.

3.7.    This Agreement shall be construed in accordance with and governed by the internal laws (without reference to choice or conflict of laws) of the State of California.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of the
date of the execution hereof by the last signatory hereto.

NEWCO                                        TECHNOLOGY PROPERTIES LTD.

by                                           by _____
    Robert K. Neilson                            Daniel E. Leckrone, Chairman

date: __6/16/05__                            date: _____

Attachment I -- Schedule of Patents

(See next page)

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of the date of the execution hereof by the last signatory hereto.

NEWCO

by _____
        Robert K. Neilson

date: _____

TECHNOLOGY PROPERTIES LTD.

by _____
        Daniel E. Leckrone, Chairman

date: ___6/16/05___

Attachment I – Schedule of Patents

  (See next page)

EXHIBIT A
SCHEDULE OF PATENTS

## A. PROJECT PATENTS - US

| NUMBER | NAME | FILED | ISSUED | EXPIRY |
|---|---|---|---|---|
| US 5,440,749 | Hi Perf, Lo cost Micro Arch | 3 AUG 89 | 8 AUG 95 | 8 AUG 12 |
| US 5,530,890 | Hi Perf, Lo cost Micro Arch | 7 JUN 95 | 25 JUN 96 | 25 JUN 13 |
| US 5,659,703 | Micro Sys with Hierarchical stack | 7 JUN 95 | 19 AUG 97 | 19 AUG 14 |
| US 5,784,584 | Multiple Instructions within Groups | | 21 JUL 98 | 21 JUL 15 |
| US 5,809,336 | Hi Perf Variable Speed Sys Clock | 7 JUN 95 | 15 SEP 98 | 15 SEP 15 |
| US 5,604,915 | Load Dependent Bus Timing | 7 JUN 95 | 18 FEB 97 | 18 FEB 14 |
| US 6,598,148 | Hi Perf Microprocessor Having Variable Speed Sys Clock | 29 JUL 98 | 22 JUL 03 | 3 AUG 09 |

## B. PROJECT PATENT APPLICATIONS PENDING - US

| NUMBER | NAME | FILED | ISSUED | EXPIRY |
|---|---|---|---|---|
| SN 09/051,263 | RISC Microprocessor Architecture | 8 AUG 98 | – – – | 3 AUG 09 |

## C. PROJECT PATENTS - NON US (Preliminary)

| NUMBER | NAME | FILED | ISSUED | EXPIRY |
|---|---|---|---|---|
| DE 69033568.7 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 14 JUN 00 | 2 AUG 10 |
| DE 69033568T2 | Preisguenstiger Hochleistungsmikro | 2 AUG 90 | 1 MAR 01 | – – – |
| DE 69033568C0 | Preisguenstiger Hochleistungsmikro | 2 AUG 90 | 20 JUL 00 | 2 AUG 10 |
| EP 0786730 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 14 JUN 00 | – – – |
| EP 786730A1 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 30 JUL 97 | – – – |
| EP 497772A4 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 4 AUG 93 | – – – |
| EP 497772A1 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 12 AUG 92 | – – – |
| EP 0870226 | RISC Microprocessor Architecture | – – – | 14 JUL 00 | – – – |
| FR 0786730 | Hi Perf, Lo Cost Micro | | | – – – |
| WO 9715001 | RISC Microprocessor Arch | | | – – – |
| WO 9102311A3 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 21 MAR 91 | – – – |
| WO 9102311A1 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 1 FEB 91 | – – – |
| JP 5502125T2 | | – – – | 15 APR 93 | – – – |
| JP 2966085B2 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 13 AUG 99 | 2 AUG 10 |
| AU 6067290A1 | Hi Perf, Lo Cost Micro | 2 AUG 90 | 11 MAR 91 | – – – |

The schedule of Patents shall include the items listed above, as well as all progenitors and progeny thereof, and all additions, changes, amendments, modifications, actions, counterparts, continuations, continuations-in-part, extensions, reissues, reissues, divisionals and/or renewals of such items, progenitors, and/or progeny.