Hearing Date:  November 30, 2006 at 10:00 a.m.
Objection Deadline:  November 22, 2006 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, *et al.*,<br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 05-44481-RDD<br><br>(Jointly Administered)<br><br>Re: Document No. 5360 |

**LEAD PLAINTIFFS' LIMITED RESPONSE TO MOTION OF**
**CERTAIN EMPLOYEES OF DEBTOR FOR LIMITED RELIEF FROM**
**THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO PAY AND/OR**
**ADVANCE DEFENSE COSTS UNDER THE DEBTORS' INSURANCE POLICIES**

　　　　The Teachers' Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP (collectively, "Lead Plaintiffs"), the Court-appointed Lead Plaintiffs in the consolidated securities class action entitled *In re Delphi Corp. Securities Litigation*, Master File No. 05-MD-725 (GER) (E.D. Mich.) (the "Securities Litigation"), hereby submit this limited response (the "Response") to the Motion Of Certain Employees Of Debtor For Limited Relief From The Automatic Stay, To The Extent Applicable, To Pay And/Or Advance Defense Costs Under The Debtors' Insurance Policies (the "Motion").  In support of the Response, Lead Plaintiffs represent as follows:

**BACKGROUND**

　　　　1.　　　　On October 8, 2005, and on October 14, 2005, Delphi and substantially all of its active domestic subsidiaries filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

18692/2
11/21/2006 2051372.02

2.  Lead Plaintiffs are, and represent, creditors, equity holders and parties-in-interest in this bankruptcy proceeding.

3.  On June 27, 2005, the Honorable Naomi Reice Buchwald, United States District Judge for the Southern District of New York, appointed the aforementioned institutional investors as Lead Plaintiffs and subsequently, on September 23, 2005, consolidated the pending putative securities class actions as *In re Delphi Corp. Securities Litigation*, Master File No. 1:05-CV-2637 (NRB) (SDNY). On September 30, 2005, Lead Plaintiffs filed their Consolidated Class Action Complaint (the "Complaint") asserting damages for violations of certain federal securities laws against, among others, Delphi Corp. ("Delphi" or the "Debtor") and its current and former officers and directors (the "Individual Non-Debtor Defendants"), certain underwriters, and other parties (collectively with the Individual Non-Debtor Defendants, the "Non-Debtor Defendants"). By order dated December 17, 2005, the Joint Panel on Multidistrict Litigation transferred the Securities Litigation to the United States District Court for the Eastern District of Michigan, where it is consolidated as Case No. 05-MD-1725 (E.D. Mich.). Although the Securities Litigation is proceeding as against the Non-Debtor Defendants, it is not proceeding as against Delphi pursuant to the automatic stay prescribed by 11 U.S.C. § 362(a).

### THE MOTION

4.  Movants,[1] who include some of the Individual Non-Debtor Defendants, state that the Debtor maintains a primary liability insurance policy (the "D&O Policy") issued by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). *See* Motion, ¶ 7. A copy

---

[1] Capitalized terms shall have the meanings ascribed to them in the Motion unless otherwise defined herein.

-2-

of the D&O Policy is annexed to the Motion as Exhibit A.[2] Movants assert that they are insureds under the D&O Policy.

5. By the Motion, Movants seek authorization for National Union to advance defense costs (the "Defense Costs") incurred by the Movants in (i) defending the allegations of the Securities Litigation and (ii) responding to investigations by the SEC and other federal authorities.[3] The basis for the relief requested is 11 U.S.C. § 362(d).

## RESPONSE TO MOTION

6. Movants seek relief from the automatic stay solely "to the extent the automatic stay may apply" to the D&O Policy and its proceeds (the "Proceeds"). Motion, ¶ 25. Lead Plaintiffs maintain that the automatic stay does not apply at all to the Proceeds. Furthermore, the Debtor's property rights to the *D&O Policy* are not impacted in any way by the advances, and therefore, the Motion is not necessary.

7. Movants correctly assert, and Lead Plaintiffs agree, that the Proceeds are *not* property of the Debtor's estate. *See Louisiana World Exposition, Inc. v. Fed. Ins. Co.*, 832 F.2d 1391 (5th Cir. 1987), and the cases cited in the Motion at ¶¶ 26 to 29. Moreover, the priority of payments provision of the D&O Policy directs that payments be made to the Movants (and others) before any payments may be made on account of any purported rights of the Debtor under the D&O Policy. *See* Motion, ¶ 28; D&O Policy Endorsement 13.

8. Because the Proceeds are not property of the estate, entry of an order granting relief from the automatic stay is not necessary. However, the fact that the Motion is couched as a request for relief from the automatic stay is misleading with respect to the Proceeds, as it may, at

---

[2] The Debtor also maintains excess liability policies issued by other insurance carriers. *See* Motion, ¶ 8. This Response shall apply to the excess liability policies to the extent that advances are made from those policies.
[3] The Motion also seeks advancement of defense costs on behalf of those Movants who are insureds under an Employee Benefit Plan Fiduciary Liability Insurance Policy.

the very least, imply or infer that stay relief is necessary, and further imply or infer that property of the estate is involved, despite that the Court is not even being asked to make such a determination.

9.  Lead Plaintiffs do not object to the ultimate relief requested; *i.e.*, the advancement of Defense Costs, but they do object to the entry of an order to the extent the order, or entry of the order, provides, infers, implies or may be interpreted as providing that (i) court approval is necessary and/or (ii) that the Proceeds are property of the Debtor's estate.[4]

10. In order to prevent the foregoing implication, inference or interpretation, the Order should affirmatively provide that it shall not be deemed to constitute a determination that the Proceeds are property of the estate.

11. Accordingly, the following language should be included in any order entered by the Court in connection with the Motion:

> Nothing in this Order shall constitute a determination that the proceeds of the National Union D&O Policy, or any similar policy, are property of the Debtors' estate.

## CONCLUSION

12. Based upon the foregoing, Lead Plaintiffs respectfully request that any Order entered granting the relief, or substantially similar relief, requested in the Motion, includes the language in paragraph 11 above.

---

[4] Lead Plaintiffs have an interest in the proceeds of the D&O Policy because their claims against the Individual Non-Debtor Defendants are claims for which coverage under the D&O Policy is, or should be, provided.

| | |
|---|---|
| Dated:  November 21, 2006 | Respectfully submitted, |

**LOWENSTEIN SANDLER, PC**

By:   /s/ Ira M. Levee
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
1251 Avenue of the Americas, 18th Floor
New York, New York 10019
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
             and
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiffs and the Prospective Class*

**NIX, PATTERSON & ROACH, L.L.P.**
Jeffrey J. Angelovich, Esq.
Bradley E. Beckworth, Esq.
Susan Whatley, Esq.
205 Linda Drive
Daingerfield, Texas 75638
(903) 645-7333 (Telephone)
(903) 645-4415 (Facsimile)

**BERNSTEIN LITOWITZ BERGER & GROSSMAN, LLP**
John P. Coffey, Esq. (JC 3832)
Hannah E. Greenwald, Esq. (HG 5180)
Mark D. Debrowski, Esq. (MD 3968)
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400 (Telephone)
(212) 554-1444 (Facsimile)

**GRANT & EISENHOFER, P.A.**
Jay W. Eisenhofer, Esq. (JE 5503)
Stuart M. Grant, Esq. (SG 8157)
45 Rockefeller Center
650 Fifth Avenue
New York, New York 10111
(212) 755-6501 (Telephone)
(212) 755-6503 (Facsimile)
 and
Geoffrey C. Jarvis, Esq.
Sharan Nirmul, Esq.
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
(302) 622-7000 (Telephone)
(302) 622-7100 (Facsimile)

**SCHIFFRIN & BARROWAY, L.L.P.**
Michael Yarnoff, Esq.
Sean M. Handler, Esq.
Benjamin J. Hinerfeld, Esq.
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7056 (Telephone)
(610) 667-7706 (Facsimile)

*Co-Lead Counsel for Lead Plaintiffs and the Prospective Class*