LOVELLS
Karen Ostad (KO 5596)
James DeCristofaro (JD 9720)
David Capucilli (DC 7683)
590 Madison Avenue
New York, NY 10022
Phone: (212) 909-0600
Fax:     (212) 909-0660

*Attorneys for Tesa AG*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

| | |
|---|---|
| In re: : | Chapter 11 |
| DELPHI CORPORATION, et al., : | Case No. 05-44481 (RDD) |
| Debtors. : | (Jointly Administered) |
| : | |

------------------------------------------------------- X

## RESPONSE BY TESA AG TO SECOND OMNIBUS CLAIMS OBJECTION

Tesa AG ("Tesa"), by its undersigned attorneys, hereby responds to the Second
Omnibus Claims Objection filed by the above-captioned debtors (collectively, the "Debtors"),
and respectfully states as follows.

## I.
## PRELIMINARY STATEMENT

1.      The Second Omnibus Claims Objection seeks to expunge all but one of Tesa's
forty-two proofs of claim on the ground that they are duplicative.  The Debtors have offered
-- for now -- to maintain Tesa's claim against Delphi Automotive Systems LLC as the
surviving claim.  Nevertheless, the Debtors have reserved all rights to further object to Tesa's
claims on any grounds whatsoever, which includes on the basis that the surviving claim was
filed against the wrong Debtor.  If countenanced, this position would impermissibly strip
Tesa of any benefit it may have had from filing claims against each of the Debtors.
Furthermore, if the Debtors had their way, they could dispose of claims by simply expunging

them on the ground that they are duplicative, and then take the position that the surviving claim is against the wrong debtor.  By filing claims against multiple Debtors, Tesa is not seeking to recover duplicate amounts.  Rather, Tesa believes its claims are assertable against multiple debtors, and Tesa filed multiple claims to preserve its rights against a potential position by the Debtors that its claim would be disallowed because the incorrect debtor was identified in its proof of claim.[1]

2.     In support of their position in the Second Omnibus Claims Objection as to Tesa, the Debtors offer insufficient information to warrant expunging Tesa's claims on duplicative grounds.  By filing the proofs of claim, their addenda and exhibits, Tesa has provided more than enough information to support that its claims have merit.  However, in asserting that the claims are duplicative, the Debtors have failed to sufficiently challenge Tesa's claims on those merits, as they advance mere allegations and conclusory statements.  For example, the Debtors do not attach or offer to make available, either in their entirety or in sample form, the appropriate records, such as payment ledgers, payment receipts, purchase orders, invoices or delivery receipt records, upon which their conclusion is based.  In this light, before deciding the Second Omnibus Claims Objection as to Tesa, this Court should permit the parties to engage in discovery pursuant to Bankruptcy Rules 9014 and 7026.  This would facilitate identifying the proper Debtor entities responsible for paying Tesa.

**II.**
**TESA'S CLAIMS AND THE SECOND OMNIBUS CLAIMS OBJECTION**

3.     The Bar Date Order established July 31, 2006 as the bar date for claimants such as Tesa to file proofs of claim against the Debtors.

4.     Tesa is a creditor of the Debtors by virtue of various purchase orders (collectively and including the purchase orders on the chart attached to the claim against

---

[1]     The Bar Date Order provides in part that proofs of claim must identify the name of the applicable debtor, and if they are asserted against more than one debtor, separate proofs of claim must be filed in each such Debtor's reorganization case. *See Bar Date Order at* ¶3(f).

Delphi Automotive Systems LLC (the "DAS Claim") as Exhibit A, the "Purchase Orders").

Pursuant to the Purchase Orders, Tesa supplied the Debtors pre-petition with various automotive products, including industrial tapes and related goods (collectively, the "Products"). Tesa is also a post-petition supplier of Products to the Debtors.

5.      The total amount of Tesa's general unsecured pre-petition claim against each Debtor under the Purchase Orders is no less than $2,075,890.16, itemized as follows: (a) $1,646,738.00 is for Products delivered by Tesa to the Debtors and received and accepted by the Debtors pre-petition, as more particularly summarized on the spreadsheet attached as Exhibit B to the DAS Claim; (b) $354,152.16 is for pre-petition interest, as set forth on the spreadsheet attached as Exhibit C to the DAS Claim; and (c) $75,000 is for fees, costs and expenses associated with the collection of its claim.

6.      Tesa is also a creditor of the Debtors by virtue of its reclamation rights. Pursuant to the Order under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for the Treatment of Reclamation Claims, dated October 13, 2005 (as amended), Tesa submitted a reclamation demand for no less than €250,000 to Delphi and its counsel by letter dated October 18, 2005 (the "Reclamation Claim"). The Reclamation Claim is payable by the Debtors, dollar for dollar, in the amount of no less than $151,257.61. A summary spreadsheet representing the Reclamation Claim and the information provided by Tesa to Delphi is attached to the DAS Claim as Exhibit D.

7.      Tesa timely filed an aggregate of 42 proofs of claim against the Debtors (i.e., one proof of claim against each Debtor) on or about July 27, 2006.   The detailed proofs of claim assert a general unsecured claim against each Debtor based on purchase orders entered into with the Debtors as more fully set forth in Exhibit A to the DAS Claim.

3

8.    On October 31, 2006, the Debtors filed the Second and Third Omnibus Claims Objections, in which the Debtors seek to expunge or modify (among other things) certain proofs of claim.[2]

9.    In the Second Omnibus Claims Objection, the Debtors object to all but one of Tesa's 42 claims on the ground that they are duplicative. The Debtors propose that the DAS Claim remain as the surviving claim; that is, until it is further objected to by the Debtors. In support of the DAS Claim (and its other claims), as discussed more particularly below, Tesa attached detailed exhibits to evidence its claims, none of which have been addressed or refuted in any way. In response and in their Second Omnibus Claims Objection, the Debtors provided no material support whatsoever for their position. They merely made unsupported allegations that based on their review of limited documentation (*i.e.*, their schedules and statements against the proofs of claim and substantiating documentation appended thereto), the DAS Claim is the proper surviving claim, without stating what agreements or documents they relied upon. *See Second Omnibus Claims Objection at* ¶ 29.

10.    In the Second Omnibus Claims Objection, the Debtors reserve their rights to "file additional objections to the Proofs of Claim" and, should the grounds for objection stated in the Second Omnibus Objection be dismissed, "to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases." *Second Omnibus Claims Objection at* ¶ 35.

## IV.
## ARGUMENT

11.    The Second Omnibus Claims Objection should be overruled as it relates to Tesa because the Debtors have failed to present evidence sufficient to expunge 41 of Tesa's 42 proofs of claim.

---

[2]    Concurrently with the filing of this response, Tesa is filing a separate response to the Third Omnibus Claims Objection.

4

12.    Given that the filing of the Second Omnibus Claims Objection commenced a
contested matter as contemplated by Bankruptcy Rule 9014, Tesa should be entitled to all of
the rights and protections provided to it in prosecuting its claims, including the right to seek
discovery from the Debtors.

13.    Tesa is also entitled to modification of the Debtors reservation of rights to
clarify that the Debtors shall not be permitted to expunge all but one of Tesa's claims and
subsequently object to the remaining claim on the basis that the it was filed against the wrong
Debtor.

### A.    *The Debtors Have Failed to Make a Proper Showing that Tesa's Claims Are Indeed Duplicative*

14.    In the Second Omnibus Claims Objection, the Debtors essentially argue that
the claims to be expunged are duplicative because they are duplicative:   "the Debtors
determined that certain of the Proofs of Claim filed against the Debtors in fact assert
duplicate Claims . . . for a single liability." *Second Omnibus Claims Objection at* ¶ 29.  This
type of conclusory statement, by itself, cannot provide the basis for the Court to expunge 41
of Tesa's claims.

15.    Furthermore, the Debtors' lack of evidence cannot be transformed into a
sufficient showing simply by stating in very general terms the information they reviewed in
arriving at their conclusion:

> [i]n an effort to eliminate the Duplicate Claims, the Debtors reviewed the
> Proofs of Claim, the supporting documentation provided for those Proofs of
> Claim, and the Debtors' Schedules and Statements to make a determination
> as to which duplicate claim should be the surviving claim.

*Id.* Accordingly, the Debtors have not provided sufficient information to Tesa.  This lack of
clarity should, at best, excuse Tesa from responding to the Second Omnibus Claims
Objection and, at worst, form the basis for this Court to overrule it as to Tesa.  In any event,

without more information, Tesa's claims should not be expunged on the basis that they are duplicative.

**B.    *Tesa Is Entitled to Seek Discovery from the Debtors***

16.    Tesa is entitled to seek discovery from the Debtors as to the purported bases for the determination that Tesa's claims are duplicative, and to test the validity of those bases (and on any other appropriate matters).   The current dispute concerning Tesa's claims is a contested matter under Bankruptcy Rule 9014.[3]  As a result, Tesa is entitled to take discovery of the Debtors. *See* Fed. R. Bankr. P. 7026.

**C.    *The Debtors' Continued Reservation of Rights Is Improper***

17.    The reservation of rights in the Second Omnibus Claims Objection is improper.  Because Tesa undertook the effort to preserve its rights against each Debtor pursuant to the Bar Date Order, the surviving claim proposed by the Debtors should not be subject to an objection on the basis that that claim was filed against the wrong Debtor entity. This would result in Tesa having no claim against any Debtor, without any expressed basis, and would be a forfeiture.[4]

18.    This reservation of rights is also objectionable because it forces creditors to incur the time and expense of responding more than once to what could and should be one comprehensive objection after a thorough analysis on the part of the Debtors.

**V.**
**MEMORANDUM OF LAW**

19.    Because the legal points and authorities upon which this response relies are incorporated herein, Tesa respectfully requests that the requirement of the service and filing

---

[3]      The Debtors concede this point in paragraph 34 of the Second Omnibus Claims Objection, which states in part that, to the extent the response is unresolved prior to the November 30, 2006 hearing, "the Debtors request that each. . . Claim [subject to an objection] and the objection to such Claim asserted in this Second Omnibus Claims Objection be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014."

[4]      The Debtors have proposed language to address this concern which Tesa is considering.

of a separate memorandum of law under Local Rule 9013-1(b), to the extent applicable here, be deemed satisfied.

## VI.
## RESERVATION OF RIGHTS

20.    Tesa reserves all rights, including the right to respond to any clarification by the Debtors as to the specific reasons why they believe the 41 proofs of claim should be expunged, and to respond to any further objections to its claims.

## VII.
## CONCLUSION

For the reasons set forth above, the Debtors have failed to successfully demonstrate that Tesa's claims are duplicative.  Furthermore, the Debtors seek to expunge 41 of Tesa's claims against the Debtors without giving Tesa the opportunity to engage in discovery with the Debtors, a right to which it is entitled under the Bankruptcy Rules.  For these reasons, the Second Omnibus Claims Objection should be overruled as to Tesa.

**WHEREFORE**, Tesa respectfully requests that this Court enter an order overruling the Second Omnibus Claims Objection as to Tesa.

Dated:    November 21, 2006
          New York, NY

                                 LOVELLS

                                 By:    /s/Karen Ostad
                                        Karen Ostad (KO 5596)
                                        James DeCristofaro (JD 9720)
                                        David Capucilli (DC 7683)
                                 590 Madison Avenue
                                 New York, NY 10022
                                 Phone: (212) 909-0600
                                 Fax:    (212) 909-0660

                                 *Attorneys for Tesa AG*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X
In re:                                          :

                                                        Chapter 11
DELPHI CORPORATION, et al.,                     :
                                                        Case No. 05-44481 (RDD)

                                   Debtors.     :
                                                        (Jointly Administered)


                                                :
------------------------------------------------------- X


<u>CERTIFICATE OF SERVICE</u>


I, Francine Brown, hereby certify that on the 21st day of November, 2006, I caused a true and correct copy of Response by Tesa AG to Second Omnibus Claims Objection to be served by electronic notification and by hand to:

**Honorable Robert D. Drain**
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

**Kenneth S. Ziman**
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

**Donald Bernstein**
**Brian Resnick**
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

**Robert J. Rosenberg**
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022

**Bonnie Steingart**
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004

**Alicia M. Leonhard**
Office of the United States Trustee for the
Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York 10004

by electronic notification and Federal Express overnight mail to:

**John Wm. Butler, Jr.**
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

**General Counsel**
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

Francine S. Brown