LOVELLS
Karen Ostad (KO 5596)
James DeCristofaro (JD 9720)
David Capucilli (DC 7683)
590 Madison Avenue
New York, NY 10022
Phone: (212) 909-0600
Fax:   (212) 909-0660

*Attorneys for Tesa AG*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X

In re:                                          :

                                                          Chapter 11
DELPHI CORPORATION, et al.,         :
                                                          Case No. 05-44481 (RDD)

                                 Debtors.         :
                                                          (Jointly Administered)

                                                    :

------------------------------------------------------- X

## RESPONSE BY TESA AG TO THIRD OMNIBUS CLAIMS OBJECTION

Tesa AG ("Tesa"), by its undersigned attorneys, hereby responds to the Third Omnibus Claims Objection filed by the above-captioned debtors (collectively, the "Debtors"), and respectfully states as follows.

## I.
## PRELIMINARY STATEMENT

1.    The Third Omnibus Claims Objection should be overruled because it seeks to reduce Tesa's claims against the Debtors without providing any justification. Thus, the claims objection is deficient on its face, and fails to rebut the presumption that Tesa has filed a prima facie valid claim against the Debtors.

## II.
## TESA'S CLAIMS AND THE THIRD OMNIBUS CLAIMS OBJECTION

2.    The Bar Date Order established July 31, 2006 as the bar date for claimants such as Tesa to file proofs of claim against the Debtors.

3.    Tesa is a creditor of the Debtors by virtue of various purchase orders (collectively and including the purchase orders on the chart attached to Tesa's claim against Delphi Automotive Systems LLC (the "DAS Claim") as Exhibit A, the "Purchase Orders"). Pursuant to the Purchase Orders, Tesa supplied the Debtors pre-petition with various automotive products, including industrial tapes and related goods (collectively, the "Products"). Tesa is also a post-petition supplier of Products to the Debtors.

4.    The total amount of Tesa's general unsecured pre-petition claim against each Debtor under the Purchase Orders is no less than $2,075,890.16, itemized as follows: (a) $1,646,738.00 is for Products delivered by Tesa to the Debtors and received and accepted by the Debtors pre-petition, as more particularly summarized on the spreadsheet attached as Exhibit B to the DAS Claim; (b) $354,152.16 is for pre-petition interest, as set forth on the spreadsheet attached as Exhibit C to the DAS Claim; and (c) $75,000 is for fees, costs and expenses associated with the collection of its claim.

5.    Tesa is also a creditor of the Debtors by virtue of its reclamation rights. Pursuant to the Order under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for the Treatment of Reclamation Claims, dated October 13, 2005 (as amended), Tesa submitted a reclamation demand for no less than €250,000 to Delphi and its counsel by letter dated October 18, 2005 (the "Reclamation Claim"). The Reclamation Claim is payable by the Debtors, dollar for dollar, in the amount of no less than $151,257.61. A summary spreadsheet representing the Reclamation Claim and the information provided by Tesa to Delphi is attached to the DAS Claim as Exhibit D.

6.    Tesa timely filed an aggregate of 42 proofs of claim against the Debtors (*i.e.*, one proof of claim against each Debtor) on or about July 27, 2006.[1] The detailed proofs of claim assert a general unsecured claim against each Debtor based on purchase orders entered into with the Debtors as more fully set forth in Exhibit A to the proof of claim filed against Delphi Automotive Systems LLC ("DAS").

7.    On October 31, 2006, the Debtors filed the Second and Third Omnibus Claims Objections, in which the Debtors seek to expunge or modify (among other things) certain proofs of claim.

8.    In the Second Omnibus Claims Objection, the Debtors have objected to all but one of Tesa's claims on the ground that they are duplicative. The Debtors propose that Tesa's DAS Claim remain as the surviving claim; that is, until it is further objected to by the Debtors.[2] In support of the DAS Claim (and its other claims), as discussed more particularly below, Tesa attached detailed exhibits to evidence its claims, none of which have been addressed or refuted in any way. In response and in their Second Omnibus Claims Objection, the Debtors provided no material support whatsoever for their position. They merely made unsupported allegations that based on their review of limited documentation (*i.e.*, their schedules and statements against the proofs of claim and substantiating documentation appended thereto), the DAS Claim is the proper surviving claim, without stating what agreements or documents they relied upon. *See Second Omnibus Claims Objection at* ¶ 29.

9.    In the Third Omnibus Claims Objection, the Debtors seek to reduce the DAS Claim from $2,227,147.77 to $1,627,313.94 without giving Tesa notice of the specific reasons why the Debtors believe reduction is proper with respect to the DAS Claim. To

---

[1]    As stated in its proofs of claim, Tesa does not seek to recover duplicate amounts and will withdraw any duplicate portions of its claims as appropriate. Nevertheless, Tesa is entitled to assert its claim against all Debtors it believes to be liable for its claims.

[2]    Concurrently with the filing of this response, Tesa is filing a separate response to the Second Omnibus Claims Objection.

3

justify this reduction, the Debtors list a series of non-exhaustive generic explanations, and it is not clear that any apply to Tesa. *See, e.g., Third Omnibus Claims Objection at* ¶ 32. Thus, with respect to the Third Omnibus Claims Objection, Tesa is merely notified that the Debtors intend to reduce the value of its claim but is not told why.

## IV.
## ARGUMENT

10.     The Third Omnibus Claims Objection should be overruled as to Tesa because the Debtors have failed to present evidence sufficient to reduce the DAS Claim on the merits and have thereby failed to rebut the presumption of prima facie validity of Tesa's claims.

### A.    *The Debtors Have Failed to Successfully Challenge the Prima Facie Validity of the DAS Claim*

11.     The Debtors have failed to successfully challenge the prima facie validity of Tesa's DAS Claim.  A proof of claim properly filed is prima facie evidence of the claim's validity and amount.  Fed. R. Bankr. P. 3001(f).  To rebut the presumption of validity, an objector must present evidence sufficient to demonstrate a true dispute, and the evidence must have probative value equal to the allegations in the proof of claim. *See In re Wells*, 51 B.R. 563, 566-67 (Bankr. D. Co. 1985).

12.     In this case, Delphi's general and non-exhaustive purported bases for reduction of Tesa's claim do not reach the level of proof necessary to rebut the prima facie presumption of validity.  Tesa submitted at least fifty-three (53) pages of documents supporting its claim, including an addendum and three spreadsheets, at least one of which provided invoice dates and numbers, amount in Euros, U.S. dollar equivalent and certain details, and another of which provided a list of over 35 purchase orders.  On the other hand, in the Third Omnibus Claims Objection and as more particularly set forth below, the Debtors make only general statements that may or may not apply to Tesa.  Accordingly, the Debtors have not met their

4

burden of putting forth evidence of equally probative value and thus, the Third Omnibus

Claims Objection should be overruled as to Tesa.

**B.**     ***The Debtors Have Failed to Successfully Challenge the DAS Claim on the Merits***

13.     Even if they have overcome the presumption of prima facie validity -- which

they have not -- the reduction sought in the dollar amount of the claim is improper.

14.     In the Third Omnibus Claims Objection, the Debtors claim that the bases for

reducing the DAS Claim include, but are not limited to:

> (a) the asserted Claim was denominated in a foreign currency in
> violation of the Bar Date Order, (b) the asserted Claim states a claim
> for unmatured interest or postpetition interest on an unsecured claim,
> which interest is not allowed under 11 U.S.C. §§ 502(b)(2), 506(b),
> (c) the asserted Claim does not account for amounts that may have
> been paid or credited against such Claim prior to the commencement
> of these cases, (d) the asserted Claim does not account for amounts
> that may have been paid or credited against such Claim following the
> commencement of these cases, and (e) the asserted Claim is
> misclassified as a priority or secured claim.

*Third Omnibus Claims Objection at* ¶ 45 (footnote omitted). The Debtors have not specified

which of these bases, if any, specifically apply to Tesa, which means that one, more or none

of the foregoing could apply to the DAS Claim, or that any number of other, unspecified

bases could underlie the Debtors' claim reduction effort in respect of the DAS Claim.

Accordingly, the Debtors have not provided sufficient information to Tesa. This lack of

clarity should, at best, excuse Tesa from responding to the Third Omnibus Claims Objection

and, at worst, form the basis for this Court to overrule it as to Tesa.

**C.**     ***Tesa Is Entitled to Assert Prepetition Interest in respect of the DAS Claim***

15.     In its DAS Claim, Tesa asserted $354,152.16 in prepetition interest against the

Debtors. This interest claim is allowable under both the Bankruptcy Code and Michigan law.

16.     The Bankruptcy Code permits a claim unless a party objects. *See* 11 U.S.C.

§ 502(a). A claim is defined in the Code as a "right to payment." 11 U.S.C. 101(5). The

right to payment of pre-petition interest is governed by applicable non-bankruptcy law, in this

case Michigan law. *See In re Milham*, 141 F.3d 420, 423 (2d Cir. 1998); *In re Continental Investment Corp.*, 679 F.2d 264, 268 (1st Cir. 1982). Accordingly, if a right exists for payment of pre-petition interest under state law, Tesa is entitled to seek pre-petition interest as part of its claim.

17.    In Michigan, as in the common-law, interest may be awarded as an element of damages in a contract dispute in order to compensate for the lost use of funds. *See Jones v. Lothamer*, 819 F. Supp. 1382, 1383 (W.D. MI 1993). Interest is an element of damages as a matter of right where the amount claimed is liquidated. *Id.*; *Amluxen v. Eugene J. Stephenson, Inc.*, 65 N.W.2d 807, 809 (Mich. 1954) ("in the absence of agreement to the contrary liquidated demands bear interest, whereas unliquidated ones do not."). In a contract dispute, interest is allowable whenever the claim is liquidated "by mode of assessment according to law." *See* MCL § 438.7 (2006). Damages can be liquidated if they are reasonably ascertainable at the time of breach, measurable by a fixed or established external standard, or from a standard apparent from the documents forming the basis of the claim. *See Ramada Development Co. v. United States Fidelity & Guaranty Co.*, 626 F.2d 517, 525, n. 11 (6th Cir. 1980).

18.    The facts underlying Tesa's claims against Delphi fit squarely within the requirements of Michigan law because the principal amount in controversy is liquidated and fixed by contract. *See Jones*, 819 F. Supp. at 1383. Tesa supplied equipment to Delphi for a specified price that went unpaid. In this situation, Tesa is entitled to interest from the date when its claim accrued. *Id.* ("in other words, 'from the date compensation would have been due had it been paid voluntarily'"). Thus, since applicable non-bankruptcy law provides for interest on Tesa's damages, its $354,152.16 claim for interest from the accrual date through the Petition Date is allowable under section 502(a) of the Bankruptcy Code.

**D.    *Tesa Is Entitled to Seek Discovery from the Debtors***

19.    Tesa is entitled to seek discovery from the Debtors as to the purported bases for reducing the DAS Claim, and to test the validity of those bases (and on any other appropriate matters).  The current dispute concerning the DAS Claim is a contested matter under Bankruptcy Rule 9014.[3]  As a result, Tesa is entitled to take discovery of the Debtors. *See* Fed. R. Bankr. P. 7026.

**E.    *The Debtors' Continued Reservation of Rights Is Improper***

20.    The reservation of rights in the Third Omnibus Claims Objection is improper. Because Tesa undertook the effort to preserve its rights against each Debtor pursuant to the Bar Date Order, the DAS Claim -- the surviving claim for Tesa proposed by the Debtors -- should not be subject to further objection on the basis that the DAS Claim was filed against the wrong Debtor entity.  This would result in Tesa having no claim against any Debtor, without any expressed basis, and would be a forfeiture.[4]

21.    This reservation of rights is also objectionable because it forces creditors to incur the time and expense of responding more than once to what could and should be one comprehensive objection after a thorough analysis of Tesa's claims on the part of the Debtors.

<u>V.</u>
<u>MEMORANDUM OF LAW</u>

22.    Because the legal points and authorities upon which this response relies are incorporated herein, Tesa respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b), to the extent applicable here, be deemed satisfied.

---

[3]    The Debtors concede this point in paragraph 44 of the Third Omnibus Claims Objection, which states in part that, to the extent the response is unresolved prior to the November 30, 2006 hearing, "the Debtors request that each . . . Claim [subject to an objection] and the objection to such Claim asserted in this Third Omnibus Claims Objection be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014."

[4]    The Debtors have proposed language to address this concern which Tesa is considering.

## VI.
## RESERVATION OF RIGHTS

23.    Tesa reserves all rights, including the right to respond to any clarification by

the Debtors as to the specific reasons why they seek to reduce the DAS Claim, and to respond

to any further objections to the DAS Claim.

## VII.
## CONCLUSION

For the reasons set forth above, the Debtors have unsuccessfully challenged the prima

facie validity of Tesa's claims.  Even if they did, however, the information asserted by the

Debtors is insufficient to reduce the DAS Claim on the merits.  For these reasons, the Third

Omnibus Claims Objection should be overruled as to Tesa.

**WHEREFORE**, Tesa respectfully requests that this Court enter an order overruling

the Third Omnibus Claims Objection as to Tesa.

Dated:    November 21, 2006
            New York, NY

                                LOVELLS

                                By:    /s/Karen Ostad
                                        Karen Ostad (KO 5596)
                                        James DeCristofaro (JD 9720)
                                        David C. Capucilli (DC 7683)
                                590 Madison Avenue
                                New York, NY 10022
                                Phone: (212) 909-0600
                                Fax:    (212) 909-0660

                                *Attorneys for Tesa AG*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In re:                                          :
                                                              Chapter 11

DELPHI CORPORATION, et al.,                     :
                                                              Case No. 05-44481 (RDD)

                               Debtors.         :
                                                              (Jointly Administered)

                                                :

------------------------------------------------------------ X


CERTIFICATE OF SERVICE


I, Francine Brown, hereby certify that on the 21st day of November, 2006, I caused a true and correct copy of Response by Tesa AG to Third Omnibus Claims Objection to be served by electronic notification and by hand to:

**Honorable Robert D. Drain**
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green, Room 610
New York, New York 10004


**Kenneth S. Ziman**
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017


**Donald Bernstein**
**Brian Resnick**
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017


**Robert J. Rosenberg**
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022


**Bonnie Steingart**
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004

**Alicia M. Leonhard**
Office of the United States Trustee for the
Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York 10004


by electronic notification and Federal Express overnight mail to:


**John Wm. Butler, Jr.**
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

**General Counsel**
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

_____
Francine S. Brown