OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
Stanley L. Lane, Jr. (SL )
Jenette A. Barrow-Bosshart (JB-5117)


Attorneys for Milliken & Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:                                             Chapter 11


DELPHI CORPORATION.                    Case No. 05-44481 (RDD)
DELPHI AUTOMOTIVE SYSTEMS LLC, <u>et</u>    Case No. 05-44640 (RDD)
<u>al.</u>,                                            (Jointly Administered)
                                       **Hearing Date: November 30, 2006 @ 4:00 p.m.**
                                       **Objections Due:  November 24, 2006  @ 4:00 p.m.**

                              Debtors.

-------------------------------------------------------------X


**MILLIKEN & COMPANY'S RESPONSE IN OPPOSITION TO**


**DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11**
**U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH**
**INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY**
**DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO**
**MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND**
**UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)("THIRD OMNIBUS**
**CLAIMS OBJECTION") (Docket no. 5452)**
and

**DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND 502 (c)**
**AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014**
**ESTABLISHING (I) DATES FOR HEARINGS REGARDING DISALLOWANCE OR**
**ESTIMATION OF CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES**
**GOVERNING HEARINGS REGARDING DISALLOWANCE OR ESTIMATION OF**
<u>**CLAIMS (THE "ESTIMATION MOTION" (Docket No.  5453)**</u>

757379.2

TO:   THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

Otterbourg, Steindler, Houston & Rosen, P.C. ("OSH&R"), counsel to Milliken &

Company ("Milliken"), as and for Milliken & Company's Response in Opposition to (a) the

Debtors' Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B)

And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims

Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And

(II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. §

502(C)(the "Third Omnibus Claims Objection") (Docket No.5452) and (b) the Debtors' Motion

for Order Pursuant to 11 U.S.C. §§ 502 (b) and 502(c) and Fed. Bankr. P. 2002(m), 3007, 7016,

7026, 9006, and 9014 Establishing (I) Dates for Hearings Regarding Disallowance or Estimation

of Claims and (II) Certain Notices and Procedures Governing Hearings Regarding Disallowance

or Estimation of Claims (the "Estimation Motion") (Docket No. 5453), respectfully represents

and alleges:

## BACKGROUND

1.     On October 8, 2005 (the "Petition Date"), the Debtors, including among

others, Delphi Corporation ("Corp") and Delphi Automotive LLC ("Automotive), filed voluntary

petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code"). This Court has entered an Order Directing Joint Administration of these

Chapter 11 cases. The Debtors continue to operate their businesses and manage their properties

as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No

trustee or examiner has been appointed in these cases.

757379.2                                      2

2.      This Court has jurisdiction over this response pursuant to 28 U.S.C. §§

157 and 1334.  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408

and 1409 and this is a core proceeding under 28 U.S.C. § 157(b)(2).

3.      According to the amended schedules of assets and liabilities filed by Corp

and Automotive (the "Schedules") , Milliken has contingent, unliquidated and disputed claims

against each of these Debtors for "Environmental Claims for CERCLA: Mercury Refining

Superfund Site PRP" (these scheduled claims are referred to as the "Environmental Claims")

Copies of the relevant pages from the Schedules are attached hereto, collectively as Exhibit A.

4.      By order entered on April 12, 2006 (the "Bar Date Order"), the

Bankruptcy Court set July 31, 2006 at the "Bar Date" for filing proofs of claim.

5.      Milliken has no independent knowledge of the scheduled Environmental

Claims, it has repeatedly (through its counsel) requested information from the Debtors (through

the Debtors' counsel) in order to assess whether it actually has environmental claims against the

Debtors, including whether it faces potential liability to third parties arising from environmental

issues, which liability may give rise to indemnification or other rights by Milliken against the

Debtors.  Milliken has been trying to ascertain the facts concerning these potential environmental

claims since at least mid-July 2006.  A copy of an e-mail dated July 14, 2006 from OSH&R to

the Debtors' counsel inquiring about such claims is attached as Exhibit B.  Milliken's counsel

has made several telephonic inquiries as well.  Nonetheless, no information concerning such

claims, or why they were listed on the Debtors' schedules, has been provided.

6.      On July 27, 2006 Milliken filed four proofs of claim, two of which

consisted of claims for unpaid trade receivables and reclamation claims (the  "Trade Claims"),

and two of which related to the Environmental Claims scheduled by the Debtors (the Proofs of

Claim filed by Milliken with respect to the Environmental Claims scheduled by the Debtors

being referred to herein as Milliken's "CERCLA Claims"). The CERCLA Claims are identical

except one that was filed against Corp (Claim number 11643) and one was filed against

Automotive (Claim number 11644). The CERCLA Claim filed against Corp is annexed as

Exhibit C. The CERCLA Claim filed against Automotive is annexed as Exhibit D. Milliken

filed the CERCLA Claims as unliquidated claims of an unknown priority.

　　　　　7.　　　In the schedules attached to the CERCLA Claims, Milliken states that

"Claimant currently has no independent knowledge of these scheduled claims and is making

inquiries to determine if it has such a claim or claims." Milliken also reserved its rights,

including, but not limited to, the right to amend, modify supplement or withdraw the CERCLA

Claims. See Exhibits C and D.

　　　　　8.　　　In their Third Omnibus Objection the Debtors have objected to both of the

CERCLA Claims on the grounds that the CERCLA Claims are "Unsubstantiated Claim(s)" and

"that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant

to the Debtors' books and records. A copy of the Notice of Objection to Claim relating to the

CERCLA Claims is attached as Exhibit E.

　　　　　9.　　　Subsequent to the filing of the Third Omnibus Objection, Milliken's

counsel has continued to be in communication with Debtors' counsel, and has sought, among

other things, an adjournment of its response time and the hearing with respect to the CERCLA

Claims, as well as information as to what information the Debtors had that caused them to

schedule the Environmental Claims in the first place. The Debtors counsel has advised that the

Debtors will not agree to an adjournment, but that they will try to obtain information relating to

the scheduled Environmental Claims. However, to date, no information concerning the

Environmental Claims, other than that contained is the Schedules, has been provided.

## COMPLIANCE WITH NOTICE OF OBJECTION REQUIREMENTS

10.    Paragraph 47 of the Notice of Objection requires specific compliance with

certain minimum response procedures. Set forth below are minimum response requirements and

Milliken's responses to each:

a.    a caption setting forth the name of the Court, the names of the Debtors, the case number, and the title of this Third Omnibus Claims Objection to which the Response is directed-

See above caption and title and paragraph number 1.

b.    the name of the Claimant and a description of the basis for the amount of the Claim-

Milliken & Company is the claimant. For a description of the claims see above and attached Exhibits C and D.

c.    a concise statement setting forth the reasons why the Claim should not be disallowed, expunged, or reclassified for the reasons set forth in this Third Omnibus Claims Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Third Omnibus Claims Objection-

As set forth above, Milliken has no independent knowledge of the Environmental Claims beyond the fact that Debtors scheduled them and therefore believed in good faith that such claims actually exist. Therefore, absent discovery, Milliken is unable to respond further at this time.

d.    all documentation or other evidence of the Claim upon which the Claimant will rely in opposing the Third Omnibus Claims Objection to the extent not included with the Proof of Claim previously filed with the Court-

Milliken has no documentation or evidence at this time, but expects to obtain such documentation and evidence thorough discovery of the Debtors.

e.    to the extent that the Claim is fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such

Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate-

The CERCLA Claims are unliquidated, however, until discovery is complete, Milliken is unable to estimate or calculate the amount in which its claims would be allowable.

f.      the address(es) to which the Debtors must deliver any reply to the Response, if different from the address(es) presented in the Claim-

Replies, if any, should be sent to Otterbourg, Steindler Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169, attention Stanley L. Lane, Jr., Esq. and Jenette A. Barrow-Bosshart, Esq., counsel to Milliken.

g.      the name, address, and telephone number of the person (which may be the Claimant or his/her/its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant

Mr. Dennis Golden or Mr. Thomas D. Casey, Milliken & Company, 1045 Sixth Avenue, New York, New York 10018, telephone number (212)-872-1000.

## THE THIRD OMNIBUS OBJECTION SHOULD BE DENIED WITH RESPECT TO THE CERCLA CLAIMS

11.      Milliken's claims and rights should not be prejudiced by reason of the Debtors' failure to provide Milliken with notice of, and information pertaining to, any environmental problems that the Debtors may have caused or, for which they otherwise may be liable to Milliken. As the CERCLA Claims are unliquidated, 11 U.S.C. § 502(C) mandates that "(t)here shall be estimated for purpose of allowance under this section --(1) any contingent or unliquidated claim, the fixing or liquation of which, as the case may be, would unduly delay the administration of the case'. 11 U.S.C. § 502(C)(1). However, until Milliken can conduct discovery, it is not only inappropriate to disallow the CERCLA Claims, it is impossible to evaluate whether claim liquidation would unduly delay the administration of the case, or whether claim estimation is an appropriate method of addressing the claims.

757379.2

12.    Until some basic information concerning the Environmental Claims is ascertained (and that information has repeatedly been requested of Debtors who are in the best position to have such information), it is pre-mature to try to address whether liquidation of the claim would unduly delay administration of the case.  Accordingly the Third Omnibus Objection as it relates to the CERCLA Claims should be denied.

### THE RELIEF REQUESTED IN THE ESTIMATION MOTION
### SHOULD BE DENIED WITH RESPECT TO THE CERCLA CLAIMS

13.    For the reasons set forth above and others detailed below, Milliken also objects to the Debtors Motion for Order Pursuant to 11 U.S.C. 502 (b) and 502(c) and Fed. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, and 9014 Establishing (I) Dates for Hearings Regarding Disallowance or Estimation of Claims and (II) Certain Notices and Procedures Governing Hearings Regarding Disallowance or Estimation of Claims (the "Estimation Motion").

14.    As argued above, disallowance of the claim is inappropriate as the CERCLA Claims are unliquidated.  Furthermore, estimation of the CERCLA Claims is inappropriate as the Debtors have failed to establish that the liquidation of such claims would unduly delay administration of the Debtors cases.

15.    Even if estimation would be appropriate, as a general matter, the estimation procedures proposed by the Debtors are onerous, one sided, and wholly inappropriate with respect to the CERCLA Claims.  Accordingly, the relief requested in the Estimation Motion should be denied.  Such procedures create an uneven playing field that can only result in an unjust resolution of the claims.  Discovery and other proceedings should not be curtailed with respect to the CERCLA Claims, at least at this juncture, given that the Debtors (rather than

Milliken) are the parties in sole possession of whatever relevant information exists concerning

these claims.  Milliken can not even begin to understand or evaluate what, if any, issues will be

involved, what discovery and what witness will be needed, whether and what kind of expert

witness and reports will be required, etc. until the Debtors disclose their basis for scheduling the

Environmental Claims in the first place.  If the Court determines that claim estimation is

appropriate, it should deny the debtors' proposed estimation procedures, or should exclude the

CERCLA Claims therefrom.

16.    Some of the more objectionable procedures are the following:

a.    That only the Debtors, in their sole discretion, may adjourn or schedule hearings.

b.    That the Debtors may determine unilaterally whether the hearing should be a "disallowance" or an "estimation" hearing.

c.    That the mandatory in-person meet and confer be held in Troy, Michigan, rather than the Southern District of New York where the Debtors cases are pending.

d.    That the mandatory meet and confer be held within five days of the scheduled hearing as scheduling is entirely within the Debtors' discretion and claimant or its counsel may not be available.

e.    That failure to attend the mandatory meet and confer (which may be scheduled without claimant's consent or input) may result in disallowance and expungement of the claims without adequate opportunity for the claimant to be heard.

f.    As Milliken has no independent knowledge of the Environmental Claims discovery should be permitted prior to the submission of supplemental responses, attendance at the meet and confer, attendance at mediation, etc.

g.    That given the fact that Milliken has no independent knowledge of the facts underlying the scheduled Environmental Claims, the limitations on the amount of discovery are inappropriate, including among other restrictions, limitations on the number of witness, the number of affidavits, the length of the submissions, and on testimony.  Environmental claims tend to be highly complex, often involve numerous parties and require

expert reports and expert and other witnesses, it is likely that substantially more discovery will be required for a fair estimation procedure.

h.      That only mediators from the list to be filed by the Debtors may be utilized because until the basic nature of the CERCLA claims can be established, it is unknown whether any of the listed mediators will (i) have experience with the claims similar to the CERCLA Claims or (ii) be acceptable to Milliken.

i.      The Debtors should not have the sole discretion to select which mediator among their hand picked list should conduct the mediation.

17.    Even if the Debtors can demonstrate that liquidation of the CERCLA Claims would unduly delay administration of the estate, the proposed procedures should not be approved.

WHEREFORE, the Applicants respectfully request that the Court: (a) overrule the Third Omnibus Objection as it relates to the CERCLA Claims; (b) Deny the Estimation Motion as it relates to the CERCLA Claims or, in the alternative, Include the CERCLA Claims in a modified fair estimation procedure, as modified, and (c) grant such other and further relief as is just and proper.

Dated: New York, New York
        November 21, 2006

                                    OTTERBOURG,  STEINDLER,  HOUSTON  &
                                    ROSEN, P.C.

                                    By: _____
                                        Jenette A. Barrow-Bosshart, Esq. (JB-5117)
                                        Stanley L. Lane, Jr. (SL-8400)
                                        Counsel to Milliken & Company
                                        230 Park Avenue
                                        New York, New York 10169
                                        (212) 661-9100

**EXHIBIT A**

In re: DELPHI CORPORATION Debtor, Case No. 05-44481        Entity #2

AMENDED AND RESTATED SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1562450 - 10108982<br>MILLIKEN & CO<br>920 MILLIKEN RD<br>SPARTANBURG   SC   29303-4995 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND<br>SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561225 - 10107507<br>MILLMET RESOURCES, INC.<br>Attn ALVIN H. NELSON<br>33588 OAK POINTE CIRCLE<br>FARMINGTON HILLS   MI   48331 | ENVIRONMENTAL CLAIMS<br>CERCLA: SANDOVAL | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561226 - 10107508<br>MILWAUKEE COUNTY EMERGENCY<br>MANAGEMENT<br>821 WEST STATE STREET<br>MILWAUKEE   WI   53233-1476 | ENVIRONMENTAL CLAIMS<br>REGULATORY MATTERS: REGULATORY<br>AGENCIES | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561227 - 10107509<br>MILWAUKEE METROPOLITAN SEWERAGE<br>DISTRICT<br>260 WEST SEEBOTH ST.<br>MILWAUKEE   WI   53204-1446 | ENVIRONMENTAL CLAIMS<br>REGULATORY MATTERS: REGULATORY<br>AGENCIES | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561228 - 10107510<br>MINNESOTA POLLUTION CONTROL AGENCY<br>520 LAFAYETTE RD<br>ST PAUL   MN   55155-4194 | ENVIRONMENTAL CLAIMS<br>REGULATORY MATTERS: REGULATORY<br>AGENCIES | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1562451 - 10108983<br>MINNKOTA POWER COOPERATIVE INC<br>1822 MILL RD<br>PO BOX 13200<br>GRAND FORKS   ND   58208-3200 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND<br>SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561229 - 10107511<br>MISSISSIPPI DEPT. OF ENVIRONMENTAL<br>QUALITY<br>P.O. BOX 1035<br>JACKSON   MS   39289-0385 | ENVIRONMENTAL CLAIMS<br>REGULATORY MATTERS: REGULATORY<br>AGENCIES | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1562452 - 10108984<br>MISSISSIPPI VALLEY GAS CO<br>4155 INDUSTRIAL DRIVE<br>JACKSON   MS   39207 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND<br>SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1562453 - 10108985<br>MISSOURI DEPT. OF NATURAL RESOURCES<br>320  1ST ST<br>BOONEVILLE   MO   65233 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND<br>SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1057671 - 10014314<br>MITCHELL SCOTT<br>(Address on File) | RECOGNITION AND RETENTION GRANT | Unliquidated | Unknown |
| 1594203 - 10385481<br>MITSUBISHI MOTOR SALES, INC.<br>c/o BECHERER KANNETT & SCHWEITZER<br>2200 POWELL STREET<br>SUITE 805<br>EMERYVILLE   CA   94608 | LITIGATION - CO-DEFENDANT<br>CASE NUMBER: FFC-03-426252,<br>JURISDICTION: SUPERIOR COURT - SAN<br>FRANCISCO COUNTY, CA | Contingent,<br>Disputed,<br>Unliquidated | Unknown |

In re: DELPHI AUTOMOTIVE SYSTEMS LLC Debtor, Case No. 05-44640        Entity #39

# AMENDED AND RESTATED SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1027025 - 10006418<br>MILLER WILLIE<br>(Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1027036 - 10006420<br>MILLER, JR. JOHN<br>(Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1624415 - 10399872<br>MILLER, R A INDUSTRIES INC<br>PO BOX 858<br>GRAND HAVEN   MI   494170858 | ACCOUNTS PAYABLE | | $77,409.50 |
| 1027040 - 10006421<br>MILLERWISE JAMES<br>(Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1624421 - 10399873<br>MILLIKEN & CO<br>PO BOX 4396<br>SPARTANBURG   SC   29304 | ACCOUNTS PAYABLE | Disputed, Unliquidated | $1,013,982.50 |
| 1560833 - 10107106<br>MILLIKEN & CO<br>920 MILLIKEN RD<br>SPARTANBURG   SC   29303-4995 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND SITE PRP | Contingent, Disputed, Unliquidated | Unknown |
| 1561225 - 10107877<br>MILLMET RESOURCES, INC.<br>Attn ALVIN H. NELSON<br>33588 OAK POINTE CIRCLE<br>FARMINGTON HILLS   MI   48331 | ENVIRONMENTAL CLAIMS<br>CERCLA: SANDOVAL | Contingent, Disputed, Unliquidated | Unknown |
| 1624427 - 10399874<br>MILLS INSTALLATION<br>PO BOX 3437<br>MUNCIE   IN   473073437 | ACCOUNTS PAYABLE | | $2,543.68 |
| 1027081 - 10006424<br>MILLS JR THOMAS<br>(Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1027067 - 10006422<br>MILLS LLOYD<br>(Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1624428 - 10399875<br>MILLS MACHINE CO<br>168 SUMMERDALE NW<br>WARREN   OH   44483 | ACCOUNTS PAYABLE | | $1,300.00 |
| 1027079 - 10006423<br>MILLS VALERIE<br>(Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1624431 - 10408427<br>MILLWOOD INC<br>986 TIBBETTS WICK RD<br>GIRARD   OH   44420 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS SCHEDULE NUMBER 10399876 SCHEDULED FOR $11,479.80 | | $12,132.60 |

**EXHIBIT B**

## Jenette Barrow-Bosshart

| | |
|---|---|
| **From:** | Jenette Barrow-Bosshart |
| **Sent:** | Friday, July 14, 2006 4:28 PM |
| **To:** | 'Joe Wharton' |
| **Cc:** | Stanley L. Lane, Jr |
| **Subject:** | Delphi - Milliken |



Document.pdf (102
KB)

Dear Joe,

As per my voice mail message, I am trying to help my client Milliken & Company address the claim that the Debtors scheduled in the Delphi Corporation and the Delphi Automotive Systems LLC cases as contingent, unliquidated and disputed and having an unknown priority relating to Environmental Claims for CERCLA: Mercury Refining Superfund Site PRP. A copy of the relevant pages of the schedules is attached for your convenience. The people with whom we coordinate at Milliken concerning the Debtors' cases have no knowledge of this claim and we are trying to ascertain the facts concerning the claim. Please provide us with whatever other information you may have concerning it so that Milliken may (a) understand the claim; (b) file an accurate proof of claim; and (c) work with the Debtors to address the claim.

As previously requested by telephone and e-mail, please also provide us information as to how the Debtors are applying the pre-petition wire.

Your attention to these matters is appreciated.

Regards,
Jenette

Jenette Barrow-Bosshart, Esq.

Otterbourg, Steindler, Houston & Rosen, P.C.

230 Park Avenue

New York, New York 10169

Telephone: 212-661-9100

Telecopier: 212-682-6104

E-Mail: jbarrow@oshr.com

------------------------------------------------------------------------------------

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance
with Treasury Department regulations, please be advised
that any U.S. federal tax advice contained in this correspondence
(including any attachments) is not intended or written to be used,
and cannot be used for the purpose of (i) avoiding penalties that
may be imposed under the U.S. Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any transaction or matter
addressed herein.

------------------------------------------------------------------------------------

The information contained in this communication may be privileged and/or
confidential and is intended only for the individual to whom it is addressed
or agent responsible to deliver it to the intended recipient. If you have
received this communication in error, please immediately notify us by
telephone.

------------------------------------------------------------------------------------

1

In re: DELPHI CORPORATION Debtor, Case No. 05-44481        Entity #2

## AMENDED AND RESTATED SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1562450 - 10108982<br>MILLIKEN & CO<br>920 MILLIKEN RD<br>SPARTANBURG    SC   29303-4995 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561225 - 10107507<br>MILLMET RESOURCES, INC.<br>Attn ALVIN H. NELSON<br>33588 OAK POINTE CIRCLE<br>FARMINGTON HILLS    MI   48331 | ENVIRONMENTAL CLAIMS<br>CERCLA: SANDOVAL | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561226 - 10107508<br>MILWAUKEE COUNTY EMERGENCY MANAGEMENT<br>821 WEST STATE STREET<br>MILWAUKEE    WI   53233-1476 | ENVIRONMENTAL CLAIMS<br>REGULATORY MATTERS: REGULATORY AGENCIES | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561227 - 10107509<br>MILWAUKEE METROPOLITAN SEWERAGE DISTRICT<br>260 WEST SEEBOTH ST.<br>MILWAUKEE    WI   53204-1446 | ENVIRONMENTAL CLAIMS<br>REGULATORY MATTERS: REGULATORY AGENCIES | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561228 - 10107510<br>MINNESOTA POLLUTION CONTROL AGENCY<br>520 LAFAYETTE RD<br>ST PAUL    MN   55155-4194 | ENVIRONMENTAL CLAIMS<br>REGULATORY MATTERS: REGULATORY AGENCIES | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1562451 - 10108983<br>MINNKOTA POWER COOPERATIVE INC<br>1822 MILL RD<br>PO BOX 13200<br>GRAND FORKS    ND   58208-3200 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561229 - 10107511<br>MISSISSIPPI DEPT. OF ENVIRONMENTAL QUALITY<br>P.O. BOX 1035<br>JACKSON    MS   39289-0385 | ENVIRONMENTAL CLAIMS<br>REGULATORY MATTERS: REGULATORY AGENCIES | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1562452 - 10108984<br>MISSISSIPPI VALLEY GAS CO<br>4155 INDUSTRIAL DRIVE<br>JACKSON    MS   39207 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1562453 - 10108985<br>MISSOURI DEPT. OF NATURAL RESOURCES<br>320 1ST ST<br>BOONEVILLE    MO   65233 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1057671 - 10014314<br>MITCHELL SCOTT<br>(Address on File) | RECOGNITION AND RETENTION GRANT | Unliquidated | Unknown |
| 1594203 - 10385481<br>MITSUBISHI MOTOR SALES, INC.<br>c/o BECHERER KANNETT & SCHWEITZER<br>2200 POWELL STREET<br>SUITE #05<br>EMERYVILLE    CA   94608 | LITIGATION - CO-DEFENDANT<br>CASE NUMBER: FFC-03-426252,<br>JURISDICTION: SUPERIOR COURT - SAN FRANCISCO COUNTY, CA | Contingent,<br>Disputed,<br>Unliquidated | Unknown |

In re: DELPHI AUTOMOTIVE SYSTEMS LLC Debtor, Case No. 05-44640      Entity #39

## AMENDED AND RESTATED SCHEDULE F - CREDITORS HOLDING <u>UNSECURED NONPRIORITY CLAIMS</u>

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1027025 - 10006418<br>MILLER WILLIE<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1027036 - 10006420<br>MILLER, JR. JOHN<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1624415 - 10399872<br>MILLER, R A INDUSTRIES INC<br>PO BOX 858<br>GRAND HAVEN   MI   494170858 | ACCOUNTS PAYABLE | | $77,409.50 |
| 1027040 - 10006421<br>MILLERWISE JAMES<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1624421 - 10399873<br>MILLIKEN & CO<br>PO BOX 4396<br>SPARTANBURG   SC   29304 | ACCOUNTS PAYABLE | Disputed,<br>Unliquidated | $1,013,982.50 |
| 1560833 - 10107106<br>MILLIKEN & CO<br>920 MILLIKEN RD<br>SPARTANBURG   SC   29303-4995 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND<br>SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561225 - 10107877<br>MILLMET RESOURCES, INC.<br>Attn ALVIN H. NELSON<br>33588 OAK POINTE CIRCLE<br>FARMINGTON HILLS   MI   48331 | ENVIRONMENTAL CLAIMS<br>CERCLA: SANDOVAL | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1624427 - 10399874<br>MILLS INSTALLATION<br>PO BOX 3437<br>MUNCIE   IN   473073437 | ACCOUNTS PAYABLE | | $2,543.68 |
| 1027081 - 10006424<br>MILLS JR THOMAS<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1027067 - 10006422<br>MILLS LLOYD<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1624428 - 10399875<br>MILLS MACHINE CO<br>168 SUMMERDALE NW<br>WARREN   OH   44483 | ACCOUNTS PAYABLE | | $1,300.00 |
| 1027079 - 10006423<br>MILLS VALERIE<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1624431 - 10408427<br>MILLWOOD INC<br>986 TIBBETTS WICK RD<br>GIRARD   OH   44420 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10399876 SCHEDULED<br>FOR $11,479.80 | | $12,132.60 |

Page:   689 of 1153

**EXHIBIT C**

| UNITED STATES BANKRUPTCY COURT ___Southern___ | DISTRICT OF ___New York___ | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>DELPHI CORPORATION | Case Number<br>05-44481 | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>MILLIKEN & COMPANY | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent:<br><br>Milliken & Company<br>1045 Sixth Avenue<br>New York, New York  10018<br><br>Telephone number:  212-819-4592 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☒ Check box if the address differs from the address on the envelope sent to you by the court. |

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends    a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☒ Other  Environmental Claims

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date)    (date)

| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:  $** _____  _____  _____  **unknown ***
(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.  ***See attached schedule**

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate    ☐ Motor Vehicle
- ☐ Other_____

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6. Unsecured Nonpriority Claim $_____**

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority  $_____

Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date<br><br>7/26/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Thomas D. Casey, Market Credit Manager  *Thomas D. Casey* |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

## PROOF OF CLAIM
## SCHEDULE

| | |
|---|---|
| Claimant: | Milliken & Company<br>1045 6th Avenue<br>New York, New York 10018 |
| Telephone: | (212) 819-4592 |
| Total Amount of Claim: | Unknown |
| Nature of Claim:<br><br>A Contingent Unliquidated Claim of Unknown Priority: | The Claim is composed of:<br><br>The Priority and Amount of the Claim are currently unknown.<br><br>The Debtors have scheduled Claimant as having contingent, unliquidated and disputed claims of an unknown priority for 'Environmental Claims for CERCLA: Mercury Refining Superfund Site PRP'.<br><br>Claimant currently has no independent knowledge of these scheduled claims and is making inquiries to determine if it has such a claim or claims. |
| Reservation of Rights: | Claimant reserves the right to amend, modify, supplement or withdraw this Claim for any reason, including, but not limited to ascertainment of facts after completion of due diligence concerning the scheduled claims.<br><br>Submission of this Claim does not constitute submission to jurisdiction. |

716604.1

**EXHIBIT D**

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT Southern     DISTRICT OF New Yrok | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>DELPHI AUTOMOTIVE SYSTEMS LLC | Case Number<br>05-44640 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

MILLIKEN & COMPANY

Name and address where notices should be sent:

Milliken & Company
1045 Sixth Avenue
New York, NY 10018
Telephone number:  212-819-4592

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends     a previously filed claim, dated:_____

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☒ Other  Environmental Claims

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
  (date)              (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ _____ _____ **unknown  ***
(unsecured)        (secured)        (priority)        (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.  *See attached claim

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other_____

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority  $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date<br>7/26/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Thomas D. Casey, Market Credit Manager  *[signature] Thomas D. Casey* |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# PROOF OF CLAIM
## SCHEDULE

| | |
|---|---|
| Claimant: | Milliken & Company<br>1045 6th Avenue<br>New York, New York 10018 |
| Telephone: | (212) 819-4592 |
| Total Amount of Claim: | Unknown |
| Nature of Claim: | The Claim is composed of: |
| A Contingent Unliquidated Claim of Unknown Priority: | The Priority and Amount of the Claim are currently unknown.<br><br>The Debtors have scheduled Claimant as having contingent, unliquidated and disputed claims of an unknown priority for 'Environmental Claims for CERCLA: Mercury Refining Superfund Site PRP'.<br><br>Claimant currently has no independent knowledge of these scheduled claims and is making inquiries to determine if it has such a claim or claims. |
| Reservation of Rights: | Claimant reserves the right to amend, modify, supplement or withdraw this Claim for any reason, including, but not limited to ascertainment of facts after completion of due diligence concerning the scheduled claims.<br><br>Submission of this Claim does not constitute submission to jurisdiction. |

716604.1

**EXHIBIT E**

11/06/2006 13:38 FAX 212 819 4279        MILLIKEN & COMPANY        ☑005

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------x
                               :
        In re                  :     Chapter 11
                               :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                               :
                Debtors.       :     (Jointly Administered)
                               :
-------------------------------x
```

<u>NOTICE OF OBJECTION TO CLAIM</u>

Milliken & Company:

    Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Third Omnibus Objection to Certain Claims (the "Third Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Third Omnibus Objection is set for hearing on November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED THIRD OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 24, 2006. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU.

    The enclosed Third Omnibus Objection identifies several different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

    Claims identified as having a Basis For Objection of "Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors to meaningfully review the asserted Claim.

    Claims identified as having a Basis For Objection of "Untimely Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted making it impossible for the Debtors to meaningfully review the asserted Claim and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims that were overstated or were denominated in foreign currencies and which the Debtors seek to modify to a fully liquidated, U.S.-denominated amount in line with the Debtors' books and records and/or the liquidated amounts requested by the Claimants, as appropriate, and to appropriately classify the total amount of such remaining Claims as general unsecured claims.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
| 7/27/2006 | 11643 | $0.00 | Unsubstantiated Claim | Disallow and Expunge |
| 7/27/2006 | 11644 | $0.00 | Unsubstantiated Claim | Disallow and Expunge |
| | | | | |
| | | | | |
| | | | | |

If you wish to view the complete exhibits to the Third Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Third Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-259-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this Third Omnibus Objection, you must file a response and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006. Your response, if any, to the Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management And Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in a foreign currency.

Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Third Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or modified for the reasons set forth in the Third Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Third Omnibus Objection; (iv) all documentation or other evidence of the claim upon which you will rely in opposing the Third Omnibus Objection to the extent not included with the proof of claim previously filed with the Bankruptcy Court; (v) to the extent that the Claim is fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; (vi) the address(es) to which the Debtors must deliver any reply to your response, if different from that presented in the proof of claim; and (vii) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the Debtors have requested that the Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding the Third Omnibus Claims Objection and any Response and set further hearings pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims and (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Objection and Estimation Procedures Motion") being filed contemporaneously with the Third Omnibus Objection. With respect to all uncontested objections, the Debtors have requested that this Court conduct a final hearing on November 30, 2006 at 10:00 a.m. or as soon thereafter as counsel may be heard. The procedures set forth in the Claims Objection and Estimation Procedures Motion will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.

11/06/2006 16:38 FAX 212 819 4279   MILLIKEN & COMPANY   @008

TO THE EXTENT ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, IF YOU FILE A RESPONSE IN ACCORDANCE WITH THE ABOVE PROCEDURES, PURSUANT TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION. THE DEBTORS HAVE REQUESTED THE AUTHORITY TO ELECT, IN THEIR SOLE DISCRETION, TO PROVISIONALLY ACCEPT THE AMOUNT THAT YOU HAVE ASSERTED WOULD BE THE ALLOWABLE AMOUNT OF SUCH PROOF OF CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, AS THE ESTIMATED AMOUNT OF SUCH CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES... YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION AS APPROPRIATE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION.

The Bankruptcy Court will consider only those responses made as set forth herein and in accordance with the Amended Eighth Supplemental Case Management Order. If no responses to the Third Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in the Amended Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an order sustaining the Third Omnibus Objection without further notice.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

MILLIKEN & COMPANY
1045 SIXTH AVE
NEW YORK NY 10018

4