Hearing Date and Time: November 30, 2006 at 10:00 AM
Response Date and Time: November 24. 2006 at 4:00 PM

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

Nava Hazan, Esq. (NH-0447)
Abigail M. Beal (AB-1808)
340 Madison Avenue
New York, New York 10017-4613
Telephone: 212.547.5400
Fax: 212.547.5444

*Counsel for Recticel Interiors North America, LLC f/k/a Recticel North America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

------------------------------------------------------- X

### RESPONSE OF RECTICEL INTERIORS NORTH AMERICA, LLC F/K/A RECTICEL NORTH AMERICA, INC. TO THE DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS

Recticel Interiors North America, LLC f/k/a Recticel North America, Inc. (**"Recticel"**), by and through its undersigned counsel, hereby submits this response to the Third Omnibus Objection to Claims (the **"Third Objection"**).

1. On October 8, 2005, Delphi Corporation (**"Delphi Corp."**), Delphi Automotive Systems, LLC (**"Delphi Automotive"**), Delphi Mechtronic Systems, Inc. (**"Delphi Mechtronic"**), ASEC Manufacturing General Partnership (**"ASEC"**) and certain related entities (collectively,

CHI99 4748586-1.065122.0010

"**Delphi**") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2. Recticel has filed claim numbers 11042, 11028, 11027, 11026, and 248 against Delphi.[1] In the Third Objection, the Debtors contest claim numbers 11026 and 11027. Recticel responds to these objections below.

### Claim Number 11026

3. In the Third Objection, the Debtors propose to reduce claim number 11026, but the amount reflected in the asserted amount ($1,605,444.08) is the same as the amount reflected as to the modified amount ($1,605,444.08). Accordingly, Recticel files this response in an abundance of caution. To the extent the Recticel do not propose to reduce the amount of claim number 11026, then Recticel has no objection to the Third Objection with respect to claim number 11026.

### Claim Number 11027

4. In the Third Objection, the Debtors seek to reclassify Recticel claim number 11027 as unsecured but do not propose any reduction in the claim amount. For the reasons stated below, this Court should overrule the Third Objection as to Recticel claim number 11027.

5. Recticel's claim arises from unpaid invoices for prepetition and postpetition amounts related to the Recticel Tools.[2] Pursuant to the agreement between the parties, *inter alia*, Recticel charged Delphi Automotive for certain tools and equipment (the "**Recticel Tools**") used

---

[1] Recticel does not object to the Debtors' Second Omnibus Objection to Claims (the "**Second Objection**") to the extent it seeks to consolidate claim numbers 11042, 11028, and 248 into claim number 11026.

[2] Recticel has also asserted a separate claim against Delphi Automotive for the amounts owed by Delphi Automotive to Recticel related to Recticel's manufacturing of the Recticel Parts.

-2-

by and in the possession of Recticel in manufacturing dashboard skins and glove box door skins (the "**Recticel Parts**") that are used in automobiles, at Recticel's Tuscaloosa, Alabama plant for Delphi Automotive. Attached at <u>Exhibit 1</u> to Recticel claim number 11027 is a spreadsheet for amounts owed for the Recticel Tools.[3] Accordingly, Delphi Automotive is liable to Recticel in the total amount (the "**Claim**") of at least $744,823.79 related to the Recticel Tools..

6.  Recticel asserts that certain of the amounts owed by Delphi Automotive were incurred postpetition. The amounts owed by Delphi Automotive for Recticel Tools postpetition total to $444,721.72. Recticel utilized the above-referenced Recticel Tools in the ordinary course of business. These Recticel Tools provided a necessary benefit to the Debtors and their estate. Therefore, to the extent these claims accrued after the Petition Date as a result of the actions or positions taken by the Debtors, or as otherwise allowed by law, Recticel holds an administrative expense claim of a first priority under Bankruptcy Code section 503 against the Debtors in the aggregate amount of $444,721.72.

7.  In addition to administrative claims, Recticel also asserts secured claims against Delphi Automotive with respect to the Recticel Tools. Recticel posses a lien against the Recticel Tools for the amounts expended by Recticel in acquiring and maintaining the Recticel Tools. To the extent the Debtors assert a claim of title or possession to any Recticel Tools in Recticel's possession, Recticel has a lien against such Recticel Tools in the full amount of the Claim.

8.  In the Third Objection, the Debtors ignore the administrative and secured nature of Recticel claim number 11027. As stated above, Recticel claim number 11027 should be treated as a priority claim by the Court, particularly the secured and administrative portions of

---

[3] Because of the integrated nature of the parties' operations, Recticel does not normally provide invoices to Delphi Automotive in the ordinary course of business. To the extent required by or deemed helpful to Delphi Automotive, Recticel will promptly provide invoices relating to all charges on the attached spreadsheets.

-3-

the claim. Recticel has offered substantial proof as to the validity and sufficient documentary evidence to establish the bona fide nature and amount of its claims. On the other hand, the Debtors offer no support or proof as to why Recticel claim number 11027 should be reclassified and not treated as administrative and secured.

9. A timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount. See Fed. R. Bankr. P. 3001(f); see also McGee v. O'Connor (In re O'Connor), 153 F.3d 258, 260-261 (5th Cir. 1998); ); In re Mid-Am. Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

10. A party objecting to a timely and properly filed proof of claim bears the initial burden of presenting "*enough evidence* to overcome the *prima facie* effect of the claim." O'Connor, 153 F.3d at 261 (emphasis added); In re Mid-Am. Waste Sys., Inc., 284 B.R. at 65 (objecting party must present "*sufficient evidence* to overcome the presumed validity and amount of the claim") (emphasis added). The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." See In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985); In re Alleghany Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

11. By merely stating that Recticel claim number 11027 should be reclassified and not treated as administrative and secured, the Debtors have not met their burden of presenting "enough evidence" to overcome the presumptive validity of the timely and properly supported Recticel claim number 11027. For these reasons, this Court should deny the Third Objection as

to the claims of Recticel. Recticel reserves all other rights and remedies under the Bankruptcy Code and other applicable law.

WHEREFORE, Recticel respectfully requests that the Court deny the Third Objection as to its claims and grant it such other relief as the Court deems just and proper.

Dated: November 21, 2006

Respectfully submitted,
**McDermott Will & Emery LLP**

By:/s/  Abigail M. Beal
Nava Hazan, Esq. (NH-0447)
Abigail M. Beal (AB-1808)
340 Madison Avenue
New York, New York  10017-4613
Telephone:  212.547.5400
Fax:  212.547.5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Counsel for Recticel Interiors North America, LLC f/k/a Recticel North America, Inc.*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that on November 21, 2006 I caused to be served upon the parties listed on the annexed service list a true and correct copy of the accompanying Response of Recticel Interiors North America, LLC F/K/A Recticel North America, Inc. to the Debtors' Third Omnibus Objection to Claims by First Class Mail.

Dated: New York, New York
       November 21, 2006

                                                 /s/ Bonnie S. Schwab
                                                 Bonnie S. Schwab

## DELPHI SERVICE LIST

**John Wm. Butler, Jr.**
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606-1285
(312) 407-0700
Fax : (312) 407-0411
Email: jbutler@skadden.com

**Kayalyn A. Marafioti**
**Thomas J. Matz**
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
Fax : (212) 735-2000
Email: kmarafio@skadden.com
Email: tmatz@skadden.com

**Sean P. Corcoran**
**Karen J. Craft**
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

**Mark A. Broude**
**Robert J. Rosenberg**
Latham & Watkins
885 Third Avenue
New York, NY 10022-4802
(212) 906-1200
Fax : (212) 751-4864
Email: mark.broude@lw.com
Email: robert.rosenberg@lw.com

**Kenneth S. Ziman**
**Robert H. Trust**
**William T. Russell, Jr.**
SIMPSON THATCHER & BARLETT LLP
425 Lexington Avenue
New York, NY 10017
Email: kziman@stblaw.com
Email: rtrust@stblaw.com
Email: wrussell@stblaw.com

**Donald Bernstein**
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017
Email: donald.berstein@dpw.com

**Douglas P. Bartner**
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-8190
Fax : (212) 848-4387
Email: dbartner@shearman.com

**Jessica Kastin**
O'Melveny & Myers
7 Times Square
New York, NY 10036
(212) 326-2000
Fax : (212) 326-2061
Email: jkastin@omm.com

**Mateo Fowler**
Quinn Emanuel Urquhardt Oliver & Hedges
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax : (213) 443-3100
Email: mateofowler@quinnemanuel.com

NYK 1067935-1.064980.0022

## DELPHI SERVICE LIST

**Paul J. N. Roy**
Mayer, Brown, Rowe & Maw LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-7370
Fax : (312) 706-8196
Email: proy@mayerbrownrowe.com

**Alicia M. Leonhard**
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
212-510-0508
Fax : 212-668-2255

**Tracy Hope Davis**
United States Trustee Office
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500
Fax : (212) 668-2255

**Michael D. Warner**
Warner Stevens, L.L.P.
301 Commerce Street
Suite 1700
Fort Worth, TX 76102
(817) 810-5250
Fax : (817) 810-5255
Email: bankruptcy@warnerstevens.com