Hearing Date and Time: November 30, 2006 at 10:00 AM
Response Date and Time: November 24, 2006 at 4:00 PM

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

Nava Hazan, Esq. (NH-0447)
Abigail M. Beal (AB-1808)
340 Madison Avenue
New York, New York 10017-4613
Telephone: 212.547.5400
Fax: 212.547.5444

*Counsel for Cherry GmbH*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ X
In re                                            : Chapter 11
                                                 :
DELPHI CORPORATION, et al.,                      : Case No. 05-44481 (RDD)
                                                 :
        Debtors.                                 : (Jointly Administered)
                                                 :
------------------------------------------------ X

## RESPONSE OF CHERRY GMBH TO THE
## DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS

Cherry GmbH ("**Cherry GmbH**"), by and through its undersigned counsel, hereby submit its response to the Debtors' Third Omnibus Objection to Claims (the "**Third Objection**").

1.  On October 8, 2005, Delphi Corporation ("**Delphi Corp.**"), Delphi Automotive Systems, LLC ("**Delphi Automotive**"), and certain related entities (collectively, "**Delphi**") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy**

CHI99 4748287-1.032241.0010

Code") in the United States Bankruptcy Court for the Southern District of New York. Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2. Cherry GmbH has filed claim number 10179 against the Debtors.[1] By this response, Cherry GmbH objects to the Debtors' proposed treatment of claim numbers 10179 as set forth in the Third Objection.

### Cherry GmbH's Claim Against the Debtors

3. Cherry GmbH's claim arises from (a) unpaid invoices for prepetition amounts which remain unpaid; (b) unpaid reclamation amounts; (c) Delphi's breach of a long-term contract for the development, manufacture, sale and purchase of automobile parts; and (d) certain contracts scheduled by Delphi as executory in its bankruptcy schedules.

4. *Prepetition, Unpaid Invoices*: Prior to the Petition Date, Cherry GmbH manufactured goods for Delphi pursuant to assorted Purchase Orders issued by Delphi. In accordance with the Purchase Orders, Cherry GmbH invoiced Delphi for the agreed amounts. Delphi has either (a) failed to pay as agreed for the invoices identified in the attached Schedule of Unpaid Invoices (the "**Unpaid Invoice Schedule**," attached to the Cherry GmbH claim as Exhibit 1), which totals to $813,133.25, or (b) improperly debited Cherry GmbH for amounts due related to the goods as specified on the Unpaid Invoice Schedule (the "**Improper Debits Schedule**," attached to the Cherry GmbH claim as Exhibit 2), which totals to $123,335.52. Documents supporting the Schedule are attached as Exhibit 3 to the Cherry GmbH claim. As of the Petition Date, Delphi owed Cherry GmbH $936,468.77 for goods manufactured and delivered by Cherry GmbH to Delphi for which Delphi never paid.

---

[1] Cherry GmbH relies upon its proof of claim and the agreements and other documents attached thereto to support its claims. These materials have not been submitted with this Response but are available from Cherry

CHI99 4748287-1.032241.0010

5.  *Reclamation Claim*: On April 21, 2006, Cherry GmbH submitted a reclamation demand to Delphi for $313,012.72, a copy of which is attached to the Cherry GmbH claim (without exhibits) as Exhibit 4 (the "**Reclamation Demand**"). As outlined in the Reclamation Demand and pursuant to Bankruptcy Code section 546(c), Cherry GmbH has asserted a reclamation claim against Delphi. Under Bankruptcy Code section 546(c), a valid reclamation claim is a secured claim, and therefore Cherry GmbH asserts a secured claim in the amount of $313,012.72.

6.  *Breach of Contract Claim*: On or about October 12, 2005, Delphi issued (a) Requirements Contract, PO Number 550022979 (the "**PO 550022979 Agreement**") and (b) Requirements Contract, PO Number 550077038 (the "**PO 550077038 Agreement**"), pursuant to which Delphi agreed to purchase from Cherry GmbH 100% of its production and service requirements for certain Cherry GmbH products (as outlined in the Agreements). Delphi's purchases related to (i) the PO 550022979 Agreement were to continue through December 31, 2007 (ii) the PO 550077038 Agreement were to continue through December 31, 2006. The PO 550077038 Agreement and the PO 550022979 Agreement shall collectively be referred to hereinafter as the "**October 2005 Requirements Contracts**," copies of which are attached to the Cherry GmbH claim as Exhibit 3.

7.  To meet its obligations under the October 2005 Requirements Contracts for the manufacture and sale of the Cherry GmbH products to Delphi, Cherry GmbH needed to, *inter alia*, (a) prepare engineering specifications for the Products, (b) manufacture a sample delivery of the products, and (c) complete software design and tooling of equipment and make other

---

GmbH upon request. All of these materials have been previously submitted to the Debtors.

significant capital investments. From October 2005 through June 2006, Cherry GmbH fully performed under the October 2005 Requirements Contracts.

8. Despite repeated requests for continued performance by, and notice to, Delphi of its obligations under the October 2005 Requirements Contracts, Delphi failed to purchase the products and otherwise perform as required. Delphi's omissions and failures constitute a default and material breach of the October 2005 Requirements Contracts that has caused damage to Cherry GmbH for which Delphi is liable at law and in equity. Cherry GmbH's damages total not less than $3,476,701.56, including:

| Subject | Damages (in €) | Damages (in $USD)[2] |
|---|---|---|
| Capital Costs Related to Manufacturing Line | 1,522,245€ | $1,945,195.83 |
| Process Engineering | 130,460€ | $166,707.89 |
| Design Engineering | 531,779€ | $679,532.07 |
| Social Plan | 536,266€ | $685,265.77 |
| Total | 2,720,750€ | $3,476,701.56 |

9. Cherry GmbH may also have additional damages, including, *inter alia*, lost profits, resulting from Delphi's breach of the October 2005 Requirements Contracts (collectively, the "**Cancellation Claim**").

10. *Executory Contract:* On January 20, 2006, Delphi filed its "Schedule G – Executory Contracts and Unexpired Leases" reflecting 3 "Purchase Contracts / Purchase Orders" between Delphi and Cherry GmbH and various of its affiliates and subsidiaries (the "**Scheduled Contracts**") as contained in Exhibit 5 the Cherry GmbH claim. Cherry GmbH is or may become owed unpaid amounts and / or damages arising from or relating to the Scheduled Contracts on behalf of itself and its affiliates. Cherry GmbH has requested allowance of all such amounts, subject to final liquidation and reconciliation of each account related to the Scheduled Contracts.

---

[2]    Based on a conversion ratio of 1 EUR = 1.27774 USD as of June 30, 2006.

CHI99 4748287-1.032241.0010

11. *Total Claim of Cherry GmbH*: Accordingly, Delphi is liable to Cherry GmbH in the total amount of at least $4,726,183.05 comprising: (a) $936,468.77 as a general unsecured claim for goods manufactured and delivered by Cherry GmbH to Delphi, (b) $3,476,701.56 as a general unsecured claim for the Cancellation Claim, and (c) $313,012.72 remaining due and unpaid as a secured reclamation claim relating to the Reclamation Demand.

## ARGUMENT

### In The Third Objection, The Debtors Have Not Met Their Burden To Disallow The Claims Of Cherry GmbH.

12. In the Third Objection, the Debtors, without support or any proof, argue that Cherry GmbH's claim is unsubstantiated. Cherry GmbH, however, has offered substantial proof as to the validity and sufficient documentary evidence to establish the bona fide nature and amount of its claim. The Debtors state that the unsubstantiated amount of Cherry GmbH's claim is $3,268,216.18. In fact, however, Cherry GmbH's valid claim against the Debtors is at least $4,726,183.05. The Debtors offer no support or proof as to why Cherry GmbH's claim should be reduced.

13. A timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount. See Fed. R. Bankr. P. 3001(f); see also McGee v. O'Connor (In re O'Connor), 153 F.3d 258, 260-261 (5th Cir. 1998); ); In re Mid-Am. Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

14. A party objecting to a timely and properly filed proof of claim bears the initial burden of presenting *"enough evidence* to overcome the *prima facie* effect of the claim." O'Connor, 153 F.3d at 261 (emphasis added); In re Mid-Am. Waste Sys., Inc., 284 B.R. at 65

(objecting party must present "*sufficient evidence* to overcome the presumed validity and amount of the claim") (emphasis added). The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." See In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985); In re Alleghany Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

15.     By merely stating that the claims are unsubstantiated or should be reduced, the Debtors' have not met their burden of presenting "enough evidence" to overcome the presumptive validity of the timely and properly supported claims of Cherry GmbH. For these reasons, this Court should deny the Third Objection as to the claims of Cherry GmbH. Cherry GmbH reserves all other rights and remedies under the Bankruptcy Code and other applicable law.

CHI99 4748287-1.032241.0010

WHEREFORE, Cherry GmbH respectfully requests that the Court deny the Third Objection as to its claims and grant it such other relief as the Court deems just and proper.

Dated: November 21, 2006

        Respectfully submitted,
        **McDermott Will & Emery LLP**

        By: /s/ Abigail M. Beal
        Nava Hazan, Esq. (NH-0447)
        Abigail M. Beal (AB-1808)
        340 Madison Avenue
        New York, New York 10017-4613
        Telephone: 212.547.5400
        Fax: 212.547.5444

        Peter A. Clark
        Jason J. DeJonker
        227 West Monroe Street
        Chicago, Illinois 60606
        Telephone: (312) 372-2000
        Facsimile: (312) 984-7700

        ***Counsel for Cherry GmbH***

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that on November 21, 2006 I caused to be served upon the parties listed on the annexed service list a true and correct copy of the accompanying Response of Cherry GMBH to the Debtors' Third Omnibus Objection to Claims by First Class Mail.

Dated: New York, New York
November 21, 2006

_____
Bonnie S. Schwab

05-44481-rdd    Doc 5649    Filed 11/21/06    Entered 11/21/06 17:44:30    Main Document
Pg 9 of 10

## DELPHI SERVICE LIST

**John Wm. Butler, Jr.**
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606-1285
(312) 407-0700
Fax : (312) 407-0411
Email: jbutler@skadden.com

**Kayalyn A. Marafioti**
**Thomas J. Matz**
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
Fax : (212) 735-2000
Email: kmarafio@skadden.com
Email: tmatz@skadden.com

**Sean P. Corcoran**
**Karen J. Craft**
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

**Mark A. Broude**
**Robert J. Rosenberg**
Latham & Watkins
885 Third Avenue
New York, NY 10022-4802
(212) 906-1200
Fax : (212) 751-4864
Email: mark.broude@lw.com
Email: robert.rosenberg@lw.com

**Kenneth S. Ziman**
**Robert H. Trust**
**William T. Russell, Jr.**
SIMPSON THATCHER & BARLETT LLP
425 Lexington Avenue
New York, NY 10017
Email: kziman@stblaw.com
Email: rtrust@stblaw.com
Email: wrussell@stblaw.com

**Donald Bernstein**
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017
Email: donald.berstein@dpw.com

**Douglas P. Bartner**
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-8190
Fax : (212) 848-4387
Email: dbartner@shearman.com

**Jessica Kastin**
O'Melveny & Myers
7 Times Square
New York, NY 10036
(212) 326-2000
Fax : (212) 326-2061
Email: jkastin@omm.com

**Mateo Fowler**
Quinn Emanuel Urquhardt Oliver & Hedges
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax : (213) 443-3100
Email: mateofowler@quinnemanuel.com

NYK 1067935-1.064980.0022

## DELPHI SERVICE LIST

**Paul J. N. Roy**
Mayer, Brown, Rowe & Maw LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-7370
Fax : (312) 706-8196
Email: proy@mayerbrownrowe.com

**Alicia M. Leonhard**
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
212-510-0508
Fax : 212-668-2255

**Tracy Hope Davis**
United States Trustee Office
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500
Fax : (212) 668-2255

**Michael D. Warner**
Warner Stevens, L.L.P.
301 Commerce Street
Suite 1700
Fort Worth, TX 76102
(817) 810-5250
Fax : (817) 810-5255
Email: bankruptcy@warnerstevens.com

NYK 1067935-1.064980.0022