Hearing Date and Time: November 30, 2006 at 10:00 AM
Response Date and Time: November 24. 2006 at 4:00 PM

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois  60606
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700

Nava Hazan, Esq. (NH-0447)
Abigail M. Beal (AB-1808)
340 Madison Avenue
New York, New York  10017-4613
Telephone:  212.547.5400
Fax:  212.547.5444

*Counsel for Motorola, Inc. and Temic
Automotive of North America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re                                                       : Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 : Case No. 05-44481 (RDD)
                                                            :
         Debtors.                                           : (Jointly Administered)
                                                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### RESPONSE OF MOTOROLA, INC. AND TEMIC AUTOMOTIVE OF NORTH AMERICA, INC. TO THE DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS

Motorola, Inc. ("**Motorola**") and Temic Automotive of North America, Inc. ("**Temic,**" collectively, the "**Respondents**"), by and through their undersigned counsel, hereby submit this response to the Debtors' Third Omnibus Objection to Claims (the "**Third Objection**").

1.       On October 8, 2005, Delphi Corporation ("**Delphi Corp.**"), Delphi Automotive Systems, LLC ("**Delphi Automotive**"), and certain related entities (collectively, "**Delphi**") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy**

Code") in the United States Bankruptcy Court for the Southern District of New York. Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2.      The Respondents have filed claim numbers 8398, 8397, 8399, 8396, 8391, 8392, 8393, 8394, and 2402.[1]

3.      On July 2, 2006, Motorola completed a transaction whereby certain of its assets were sold to Temic. As part of such sale, the claims related to claim numbers 8396, 8398, and 8399 against Delphi Corp. and proofs of claim numbers 8391, 8393, and 8394 against Delphi Automotive were sold by Motorola to Temic. Claims with respect to proof of claim numbers 8397 against Delphi Corp. and 8392 against Delphi Automotive were retained by Motorola. The Respondents have filed appropriate notices of the transfer of such claims with this Court.

4.      By this response, the Respondents object to the Debtors' proposed treatment of claim numbers 8392, 8393, and 8394 as proposed in the Third Objection.[2]

### Claims Against the Debtors

5.      *EPS Flight Recorder*: On May 31, 2005, Delphi issued its Purchase Order S3S31906, attached as <u>Exhibit 1</u> to claim number 8393, regarding the development of a prototype and software for the Epsilon EPS Flight Recorder. Motorola fully performed under the Purchase Order not later than September 27, 2005, and invoiced Delphi for the amount of $19,360. Motorola has not been paid as agreed and is owed the sum of not less than $19,360

---

[1]      The Respondents do not object to the Debtors' Second Omnibus Objection to Claims (the "**Second Objection**") to the extent it seeks to consolidate claim number 8398 into claim number 8391, claim number 8397 into claim number 8392, claim number 8399 into claim number 8393, and claim number 8396 into claim number 8394.

[2]      The Respondents rely upon their proofs of claim and the agreements and other documents attached thereto to support their claims. These materials have not been submitted with this Response but are available from the Respondents upon request. All of these materials have been previously submitted to the Debtors.

CHI99 4746878-1.076532.0010

arising from the Purchase Order, plus all other amounts which are or were to become due related to Purchase Order S3S31906

6.    *Executory Contracts*: On January 20, 2006, Delphi filed its "Schedule G – Executory Contracts and Unexpired Leases" reflecting 461 "Purchase Contracts / Purchase Orders" and "Sales Contracts" between Delphi and Motorola and various of its affiliates and subsidiaries (the "Contracts") as contained in Exhibit 1 to claim number 8394. Motorola is or may become owed unpaid amounts and / or damages arising from or relating to the Contracts on behalf of itself and its affiliates.

7.    *Lien Claims*: On January 20, 2006, Delphi filed its "Schedule D – Creditors Holding Secured Claims" reflecting 24 lien filings by, or on behalf of, Motorola under the names of LaSalle Bank National Association, LaSalle National Leasing Corp., Motorola Credit Corp., and Motorola Credit Corp., each as reflected on Exhibit 1 to claim number 8392 (collectively, the "Lien Claims"). Motorola has reviewed its books and records and has identified amounts due related to the Lien Claims on Exhibit 1 of not less than $75,900 as reflected on the schedule attached as Exhibit 2 to claim number 8392. Motorola requests allowance of not less than the $75,900 stated in Exhibit 2 as a secured claim, and an additional unliquidated amount as a secured claim for all amounts unpaid arising from or relating to the Lien Claims identified on Exhibit 1, all subject to final liquidation and reconciliation.[3]

---

[3]    Copies of the documentation (including contracts, UCC-1 filings, purchase orders, and invoices) evidencing the amounts were not attached to claim number 8392 because they are voluminous and available upon written request.

-3-

## ARGUMENT

### In The Third Objection, The Debtors Have Not Met Their
### Burden To Disallow the Claims.

8.       In contesting the claim number 8393 in the Third Objection, the Debtors have

argued that claim no. 8393 should be modified from secured to unsecured.   To the extent the

Debtors do not seek to modify the amount of claim number 8393 (as they apparently do not

based on Exhibit D to the Third Objection), the Respondents do not contest this reclassification.

9.       As to claim number 8394, the Debtors, without support, argue that such claim

should be disallowed in its entirety.   The mere fact that claim number 8394 is contingent and

unliquidated does not render it unenforceable.   The procedure for addressing contingent and

unliquidated claims is set forth in Bankruptcy Code section 502(c), which requires the court to

estimate any claim when actual liquidation of the claim would unduly delay administration of the

estate.   "The essence of section 502(c) is that 'all claims against the debtor be converted into

dollar amounts.'"   4 Collier on Bankruptcy ¶ 502.04[1], at 502-53 (15th ed.) (quoting H.R. Rep.

No. 595, 95th Cong., 1st Sess. 354 (1977), reprinted in 1978 U.S.C.C.A.N. at p. 6310).

10.       Bankruptcy Code section 502 makes no provision for the disallowance of a

contingent claim based on any contingency.   To the contrary, Bankruptcy Code section 502(b)(1)

provides that the bankruptcy court may disallow a claim to the extent that "such claim is

unenforceable against the debtor and property of the debtor, under any agreement or applicable

*for a reason other than because such claim is contingent or unmatured.*"   11 U.S.C. § 502(b)(1)

(emphasis added);   In re Lamarre, 269 B.R. 266 (Bankr. D. Mass. 2001) ("[S]ection 502(b)(1)

prohibits the disallowance of contingent or unmatured claims if the disallowance is based solely

on the contingent or unmatured nature of the claim").   Here, the Debtors have not requested that

this Court estimate claim number 8394.   Such estimation at this time would be improper because

-4-

the fixing of this claim will not delay the administration of the estate and the proper amount of the claim cannot be determined until the Debtors decide whether to assume or reject the underlying contracts.    Therefore, claim number 8394 should not be disallowed as "unsubstantiated."

11.    Similarly, the Debtors, without support, argue that claim number 8392 should be reduced from an approximately $76,000 secured claim to an approximately $49,000 unsecured claim. As stated above, claim number 8392 should be treated as valid, secured lien claims by the Court.    The Respondents have offered substantial proof as to the validity and sufficient documentary evidence to establish the bona fide nature and amount of its claims.    On the other hand, the Debtors offer no support or proof as to why claim number 8392 should be reduced or reclassified as unsecured.

12.    A timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount.  See Fed. R. Bankr. P. 3001(f); see also McGee v. O'Connor (In re O'Connor), 153 F.3d 258, 260-261 (5th Cir. 1998); ); In re Mid-Am. Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim.  If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

13.    A party objecting to a timely and properly filed proof of claim bears the initial burden of presenting "*enough evidence* to overcome the *prima facie* effect of the claim." O'Connor, 153 F.3d at 261 (emphasis added); In re Mid-Am. Waste Sys., Inc., 284 B.R. at 65 (objecting party must present "*sufficient evidence* to overcome the presumed validity and amount of the claim") (emphasis added).  The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim."  See In re

Simmons, 765 F.2d 547, 552 (5th Cir. 1985); In re Alleghany Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

14.    By merely stating that the claims should be reduced or reclassified, the Debtors have not met their burden of presenting "enough evidence" to overcome the presumptive validity of the timely and properly supported claims of the Respondents.  For these reasons, this Court should deny the Third Objection as to the claims of the Respondents.  The Respondents reserve all other rights and remedies under the Bankruptcy Code and other applicable law.

WHEREFORE, the Respondents respectfully request that the Court deny the Third Objection as to their claims and grant them such other relief as the Court deems just and proper.

Dated: November 21, 2006

Respectfully submitted,
**McDermott Will & Emery LLP**

By:/s/  Abigail M. Beal
Nava Hazan, Esq. (NH-0447)
Abigail M. Beal (AB-1808)
340 Madison Avenue
New York, New York  10017-4613
Telephone:  212.547.5400
Fax:  212.547.5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

***Counsel for Motorola, Inc. and Temic Automotive of North America, Inc.***

CHI99 4746878-1.076532.0010

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that on November 21, 2006 I caused to be served upon the parties listed on the annexed service list a true and correct copy of the accompanying Response of Motorola, Inc. and Temic Automotive of North America, Inc. to the Debtors;' Third Omnibus Objection to Claims by First Class Mail.

Dated: New York, New York
       November 21, 2006

_____
Bonnie S. Schwab

## DELPHI SERVICE LIST

**John Wm. Butler, Jr.**
 Skadden Arps Slate Meagher & Flom
LLP
333 West Wacker Drive
Chicago, IL 60606-1285
(312) 407-0700
Fax : (312) 407-0411
Email: jbutler@skadden.com

**Kayalyn A. Marafioti**
**Thomas J. Matz**
Skadden, Arps, Slate, Meagher & Flom
LLP
Four Times Square
New York, NY 10036
(212) 735-3000
Fax : (212) 735-2000
Email: kmarafio@skadden.com
Email: tmatz@skadden.com

**Sean P. Corcoran**
**Karen J. Craft**
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

**Mark A. Broude**
**Robert J. Rosenberg**
Latham & Watkins
885 Third Avenue
New York, NY 10022-4802
(212) 906-1200
Fax : (212) 751-4864
Email: mark.broude@lw.com
Email: robert.rosenberg@lw.com

**Kenneth S. Ziman**
**Robert H. Trust**
**William T. Russell, Jr.**
SIMPSON THATCHER & BARLETT
LLP
425 Lexington Avenue
New York, NY 10017
Email:  kziman@stblaw.com
Email:  rtrust@stblaw.com
Email:  wrussell@stblaw.com

**Donald Bernstein**
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017
Email:  donald.berstein@dpw.com

**Douglas P. Bartner**
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-8190
Fax : (212) 848-4387
Email: dbartner@shearman.com

**Jessica Kastin**
O'Melveny & Myers
7 Times Square
New York, NY 10036
(212) 326-2000
Fax : (212) 326-2061
Email: jkastin@omm.com

**Mateo Fowler**
Quinn Emanuel Urquhardt Oliver &
Hedges
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax : (213) 443-3100
Email:
mateofowler@quinnemanuel.com

## DELPHI SERVICE LIST

**Paul J. N. Roy**
Mayer, Brown, Rowe & Maw LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-7370
Fax : (312) 706-8196
Email: proy@mayerbrownrowe.com

**Alicia M. Leonhard**
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
212-510-0508
Fax : 212-668-2255

**Tracy Hope Davis**
United States Trustee Office
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500
Fax : (212) 668-2255

**Michael D. Warner**
Warner Stevens, L.L.P.
301 Commerce Street
Suite 1700
Fort Worth, TX 76102
(817) 810-5250
Fax : (817) 810-5255
Email: bankruptcy@warnerstevens.com