Hearing Date and Time: November 30, 2006 at 10:00 AM
Response Date and Time: November 24. 2006 at 4:00 PM

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

Nava Hazan, Esq. (NH-0447)
Abigail M. Beal (AB-1808)
340 Madison Avenue
New York, New York 10017-4613
Telephone: 212.547.5400
Fax: 212.547.5444

*Counsel for Cherry Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------X
In re                                             : Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       : Case No. 05-44481 (RDD)
                                                  :
           Debtors.                               : (Jointly Administered)
                                                  :
                                                  :
------------------------------------------------X

### RESPONSE OF CHERRY CORPORATION
### TO THE DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS

Cherry Corporation ("**Cherry Corp.**"), by and through its undersigned counsel, hereby submits its response to the Debtors' Third Omnibus Objection to Claims (the "**Third Objection**").

1. On October 8, 2005, Delphi Corporation ("**Delphi Corp.**"), Delphi Automotive Systems, LLC ("**Delphi Automotive**"), and certain related entities (collectively, "**Delphi**") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy**

CHI99 4746570-1.032241.0010

Code") in the United States Bankruptcy Court for the Southern District of New York. Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2. Cherry Corp. has filed claim numbers 10182, 10181, and 10180 against the Debtors.[1] By this response, Cherry Corp. objects to the Debtors' proposed treatment of claim number 10180 as set forth in the Third Objection.

### Cherry Corp.'s Claim Against the Debtors

3. Cherry Corp.'s claim arises from (a) unpaid invoices for prepetition amounts which remain unpaid; (b) unpaid reclamation amounts; and (c) certain contracts scheduled by the Debtors as executory in its bankruptcy schedules.

4. *Unpaid Prepetition Invoices*: Prior to the Petition Date, Cherry Corp. manufactured goods for the Debtors pursuant to assorted Purchase Orders issued by the Debtors. In accordance with the Purchase Orders, Cherry Corp. invoiced the Debtors for the agreed amounts. The Debtors have either (a) failed to pay as agreed for the invoices identified in or (b) improperly debited Cherry Corp. for amounts due related to the goods specified on the attached Schedule of Unpaid Invoices (the "**Schedule**," attached to the Cherry Corp. claim as Exhibit 1).[2] Documents supporting the Schedule are attached as Exhibit 2 to the Cherry Corp. claim. As of the Petition Date, the Debtors owe Cherry Corp. $994,316.93 for goods manufactured and delivered by Cherry Corp. to the Debtors for which the Debtors never paid.

5. In addition, prior to the Petition Date, the Debtors issued purchase orders for the manufacture of certain goods. At the Debtors' request, Cherry Corp. manufactured goods for

---

[1] Cherry Corp. does not object to the Debtors' Second Omnibus Objection to Claims (the "**Second Objection**") to the extent it seeks to consolidate claim numbers 10182 and 10181 into claim number 10180.

[2] The Schedule includes invoices for both Cherry Corp.'s unsecured claim and the reclamation claim discussed below.

CHI99 4746570-1.032241.0010

delivery to the Debtors valued at $108,677.00 as reflected on Exhibit 3 to the Cherry Corp. claim for which the Debtors have failed to pay as agreed. Further, at the Debtors' request, Cherry Corp. manufactured for delivery goods valued at $86,316.00 as reflected on Exhibit 4 to the Cherry Corp. claim for which the Debtors have failed to pay as agreed. Prior to the Petition Date, Cherry Corp. demanded payment for these goods but remains unpaid.

6. *Reclamation Claim*: On April 13, 2006, Cherry Corp. submitted a reclamation demand to the Debtors for $487,902.68, a copy of which is attached to the Cherry Corp. claim (without exhibits) as Exhibit 5 (the "**Reclamation Response**"). As outlined in the Reclamation Response and pursuant to Bankruptcy Code section 546(c), Cherry Corp. has asserted a reclamation claim against the Debtors. Under Bankruptcy Code section 546(c), a valid reclamation claim is a secured claim, and therefore Cherry Corp. asserts a secured claim in the amount of $487,902.68. In the event Cherry Corp.'s reclamation claim is allowed, Cherry Corp. shall amend its claim accordingly.

7. *Executory Contract*: The Debtors have filed their Schedules of Assets and Liabilities, including "Schedule G – Executory Contracts and Unexpired Leases." In their Schedules, the Debtors have listed 17 "Sales Contracts" between the Debtors and Cherry Corp. (the "Scheduled Contracts") as contained in Exhibit 6 to the Cherry Corp. claim.[3] Cherry Corp. is or may become owed unpaid amounts and / or damages arising from or relating to the Scheduled Contracts.

8. *Total Claim of Cherry Corp.*: Accordingly, the Debtors are liable to Cherry Corp. in the total amount of $1,670,436.79, comprising: (a) $994,316.93 as a general unsecured claim

---

[3] The Debtors that have Scheduled Contracts with Cherry Corp. include Delphi Automotive Systems LLC (11 Scheduled Contracts), Specialty Electronics, Inc. (1 Scheduled Contract), and Delphi Connections Systems (5 Scheduled Contracts).

CHI99 4746570-1.032241.0010

for goods manufactured and delivered by Cherry Corp. to the Debtors, (b) $194,993 as a general unsecured claim for goods manufactured by Cherry Corp. at the Debtors' request for which Cherry Corp. remains unpaid, and (c) $487,902.68 remaining due and unpaid as a secured reclamation claim relating to the Reclamation Response.

## Argument

### In The Third Objection, The Debtors Have Not Met Their Burden To Disallow The Claims Of Cherry Corp.

9. In contesting Cherry Corp.'s claim, the Debtors have argued that the claim should be reduced from a $1.67 million secured claim to a $1.2 million unsecured claim. As stated above, however, certain portions of Cherry Corp.'s claim should be treated as secured by the Court, particularly Cherry Corp.'s reclamation claim (to the extent valid). Moreover, the Debtors offer no support or proof as to why Cherry Corp.'s claim should be reduced in amount. Cherry Corp., however, has offered substantial proof as to the validity and sufficient documentary evidence to establish the bona fide nature and amount of its claim.

10. A timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount. See Fed. R. Bankr. P. 3001(f); see also McGee v. O'Connor (In re O'Connor), 153 F.3d 258, 260-261 (5th Cir. 1998); ); In re Mid-Am. Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

11. A party objecting to a timely and properly filed proof of claim bears the initial burden of presenting *"enough evidence* to overcome the *prima facie* effect of the claim." O'Connor, 153 F.3d at 261 (emphasis added); In re Mid-Am. Waste Sys., Inc., 284 B.R. at 65 (objecting party must present *"sufficient evidence* to overcome the presumed validity and amount

-4-

of the claim") (emphasis added). The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." See In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985); In re Alleghany Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

12. By merely stating that the claims are unsubstantiated or should be reduced, the Debtors' have not met their burden of presenting "enough evidence" to overcome the presumptive validity of the timely and properly supported claims of Cherry Corp.. For these reasons, this Court should deny the Third Objection as to the claims of Cherry Corp. Cherry Corp. reserves all other rights and remedies under the Bankruptcy Code and other applicable law.

**[Intentionally Left Blank]**

CHI99 4746570-1.032241.0010

WHEREFORE, Cherry Corp. respectfully requests that the Court deny the Third Objection as to the Cherry Corp. claims and grant it such other relief as the Court deems just and proper.

Dated: November 21, 2006

Respectfully submitted,
**McDermott Will & Emery LLP**

By:/s/ Abigail M. Beal
Nava Hazan, Esq. (NH-0447)
Abigail M. Beal (AB-1808)
340 Madison Avenue
New York, New York 10017-4613
Telephone: 212.547.5400
Fax: 212.547.5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Counsel for The Cherry Corporation*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that on November 21, 2006 I caused to be served upon the parties listed on the annexed service list a true and correct copy of the accompanying Response of Cherry Corporation to the Debtors' Third Omnibus Objection to Claims by First Class Mail.

Dated: New York, New York
November 21, 2006

_____
Bonnie S. Schwab

## DELPHI SERVICE LIST

**John Wm. Butler, Jr.**
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606-1285
(312) 407-0700
Fax : (312) 407-0411
Email: jbutler@skadden.com

**Kayalyn A. Marafioti**
**Thomas J. Matz**
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
Fax : (212) 735-2000
Email: kmarafio@skadden.com
Email: tmatz@skadden.com

**Sean P. Corcoran**
**Karen J. Craft**
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

**Mark A. Broude**
**Robert J. Rosenberg**
Latham & Watkins
885 Third Avenue
New York, NY 10022-4802
(212) 906-1200
Fax : (212) 751-4864
Email: mark.broude@lw.com
Email: robert.rosenberg@lw.com

**Kenneth S. Ziman**
**Robert H. Trust**
**William T. Russell, Jr.**
SIMPSON THATCHER & BARLETT LLP
425 Lexington Avenue
New York, NY 10017
Email: kziman@stblaw.com
Email: rtrust@stblaw.com
Email: wrussell@stblaw.com

**Donald Bernstein**
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017
Email: donald.berstein@dpw.com

**Douglas P. Bartner**
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-8190
Fax : (212) 848-4387
Email: dbartner@shearman.com

**Jessica Kastin**
O'Melveny & Myers
7 Times Square
New York, NY 10036
(212) 326-2000
Fax : (212) 326-2061
Email: jkastin@omm.com

**Mateo Fowler**
Quinn Emanuel Urquhardt Oliver & Hedges
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax : (213) 443-3100
Email: mateofowler@quinnemanuel.com

## DELPHI SERVICE LIST

**Paul J. N. Roy**
Mayer, Brown, Rowe & Maw LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-7370
Fax : (312) 706-8196
Email: proy@mayerbrownrowe.com

**Alicia M. Leonhard**
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
212-510-0508
Fax : 212-668-2255

**Tracy Hope Davis**
United States Trustee Office
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500
Fax : (212) 668-2255

**Michael D. Warner**
Warner Stevens, L.L.P.
301 Commerce Street
Suite 1700
Fort Worth, TX 76102
(817) 810-5250
Fax : (817) 810-5255
Email: bankruptcy@warnerstevens.com