IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| **Delphi Corporation, et al.,** | : | **Case No. 05-44481** |
| | : | **Judge Robert D. Drain** |
| **Debtors.** | : | |

### RESPONSE OF CLAIMANT EDITH C. JAMES TO DEBTORS' THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §502(b) AND FED.R.BANKR.P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION

Debtors filed an objection to the claims of claimant, Edith C. James, identified as Claim Number 6255 based upon the assertion that these claims are not substantiated by Delphi's books and records. This statement is simply untrue based upon the attached documentation and litigation pending before the Franklin County, Ohio Common Pleas Court. Ms. James filed a lawsuit against Delphi in the Franklin County Common Pleas Court on February 26, 2003 alleging claims for race discrimination, wrongful termination, and intentional infliction of emotional distress against Delphi. *See attached* Exhibit A. The parties moved forward with discovery and Delphi filed a motion for summary Judgment. Ms. James opposed this motion and set forth all the relevant issues of fact that remain for trial. *See attached* Exhibit B. The trial Court granted Delphi's motion for summary judgment on February 5, 2004 and Ms. James filed an immediate appeal. Upon appeal, the Tenth District Court of Appeals reversed the trial court's decision finding that genuine issues of material fact remained for trial upon the claims in plaintiff's complaint and remanded the case for a jury trial. *See attached* Exhibit C. Delphi attempted to appeal this matter to the Ohio Supreme Court, and that appeal was denied. *See attached* Exhibit D. This case was set for a jury trial before the Franklin County, Ohio Common Pleas Court when Delphi's current bankruptcy stayed the proceedings. *See attached* Exhibit E.

**I.      Factual Background**

Ms. James was an employee of Delphi's Columbus, Ohio facility from mid-1999 through August 2001 when she was constructively discharged from her employment. Ms. James, a black female, began her employment at Delphi's Columbus, Ohio plant in May 1999 as a manufacturing advisor. She supervised approximately 25-30 hourly employees and received stellar four-month and eight-month reviews in this position. In November, 2000, Ms. James applied for a posted position "Supervisor Salaried Personnel Adm." designated as a 7P21 position. This position had been traditionally held by a white male at the Delphi Columbus, Ohio plant.

Delphi's Columbus, Ohio plant originally sought to hire outside its plant for this position, however due to budgetary and business reasons, Ms. James, the only minority candidate who applied for the position was the only available candidate and was given the position. It was clear throughout the interview process that position was a seventh level position and that the position had not changed from those duties listed in the posting and performed by the white male who was retiring from the Supervisor Salaried Personnel Adm. position.

However, as soon as Ms. James was given the position, the job suddenly changed. The assistant was removed, she did not receive a promotion, the job title was not the same as her predecessor, she was not paid at the level indicated in the job posting, she did not receive any training, and she was given the job duties of the former Supervisor Salaried Personnel Adm., Salaried Personnel Rep, and the Director of Education and Training. Delphi clearly overburdened plaintiff and refused to provide her with any training despite her numerous requests. When Ms. James advised Delphi that the job was overwhelming, Delphi refused to allow her to even consider resigning.

Delphi's motives became clear when through litigation it was discovered that Delphi, just months after creating conditions that ensured Ms. James would fail, was secretly taking steps to replace Ms. James with a white male. The internal documents detailing this plan indicate that the white male "replacement" would be given a different position title, would receive a promotion to the seventh level pay that the prior white males received, and that all the extra job duties piled onto Ms. James would be removed. Once Delphi secured a white male to "replace" Ms. James, she was demoted and constructively discharged.

## II.     Law and Argument

Discrimination based upon race is unlawful pursuant to Ohio law as set forth in the Ohio Revised Code section 4112.02. In interpreting violations of O.R.C. 4112, the Ohio Supreme Court found that federal case law interpreting Title VII of the Civil Rights Act of 1964. *Plumbers & Steamfitters Commt. v. Ohio Civil Rights Comm.* (1981), 66 Ohio St.2d 192, 196.

Thus, to prevail upon a race discrimination claim, a plaintiff must make a prima facie case of racial discrimination by establishing that (1) she is a member of a protected class; (2) that she was subject to an adverse employment action; and (3) that there were similarly situated non-protected employees who were treated more favorably that plaintiff or that she was replaced by a person outside the protected class. *Shah v. General Electric Co.* (6th Cir. 1987), 816 F.2d 264, 270. If defendants come articulate some legitimate non-discriminatory reason for the adverse employment action, plaintiff is allowed to demonstrate that the employer's articulated non-discriminatory reason is merely pretextual. *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792.

In the present case, the Tenth District Court of Appeals found that plaintiff had established a prima facie case of race discrimination and that genuine issues of material fact remained for trial. This matter was remanded for trial. Ms. James has attempted to resolve this

case and even attended a mediation during which Delphi refused to even offer the cost of litigation, based upon it's inside knowledge that it was days away from filing bankruptcy. Ms. James has set forth her position on settlement in the settlement demand forwarded to counsel for Delphi during the litigation. *See attached* Exhibit F.

Ms. James claims and the basis for each claim are set forth in the attached settlement demand. Ms. James remains willing to negotiate this claim. It is a valid claim as found by the Ohio courts and even though unliquidated at this time, the claims should survive this bankruptcy filing and could result in a very large verdict against Delphi.

### III.    Conclusion

As stated above, Ms. James has a valid claim that is pending in the Franklin County, Ohio Common Pleas Court. This claim is valid as already determined by the Ohio courts therefore, it should not be summarily denied and rejected because Delphi for some reason does not include this claim in its books and records. Ms. James is willing to negotiate her claim and resolve her clear race discrimination claims with Delphi. In the alternative, Ms. James is willing to seek leave to lift the stay for purposes of litigating her claims.

/s/ Rex H. Elliott
Rex H. Elliott        (0054054)
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio  43221
(614) 481-6000
(614) 481-6001 (Facsimile)

Attorney for Edith James