# EXHIBIT A

IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO

| | |
|---|---|
| Edith C. James<br>1152 Pinnacle Drive<br>Columbus, Ohio 43204,<br><br>    Plaintiff,<br><br>v.<br><br>Delphi Automotive Systems<br>200 Georgesville Road<br>Columbus, Ohio 43228<br><br>    and<br><br>Loretta Woolridge<br>Delphi Automotive Systems<br>1401 Crook Road<br>Troy, Michigan 48084<br><br>    and<br><br>James R. Barr<br>Delphi Automotive Systems<br>200 Georgesville Road<br>Columbus, Ohio 43228,<br><br>    Defendants. | Case No. 03CVH02 02213<br><br>Judge<br><br>JURY DEMAND<br>ENDORSED HEREON |

## COMPLAINT

Plaintiff, Edith C. James, brings this action against defendants, Delphi Automotive Systems, Loretta Woolridge, and James R. Barr, for race and gender-based discrimination and disparate treatment in violation of Ohio law. Plaintiff seeks compensatory damages, punitive damages and her attorneys fees for prosecuting this action. Plaintiff's allegations, and the relief she seeks, are set forth below.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Edith James, is a citizen of Ohio who resides in Franklin County. At all times relevant hereto, plaintiff was an employee of defendant, Delphi Automotive Systems (hereinafter referred to as "Delphi").

2. Defendant, Delphi, is a Michigan corporation which has a principal place of business in Franklin, County, Ohio. At all times relevant hereto, defendants, Loretta Woolridge and James R. Barr, were employees of Delphi and Ms. James' direct supervisors.

3. At all times relevant hereto, defendants were employers under Ohio Revised Code §4112.01(A)(2), and Ms. James was their employee pursuant to Ohio Revised Code §4112.01(A)(3).

4. This Court has jurisdiction over defendants because the defendants reside and/or conduct business in the State of Ohio.

5. Venue is proper in this Court because the defendants reside in Franklin County, Ohio, conduct business in Franklin County, Ohio, and the acts and/or events giving rise to this Complaint took place in Franklin County, Ohio.

## BACKGROUND FACTS

6. Plaintiff, Edith James, was hired by defendant Delphi on May 24, 1999, as a Manufacturing Advisor.

7. At all times during Ms. James' employment with Delphi, she was a member of a protected class because she is a black female.

8. During Ms. James's career with Delphi as a Manufacturing Advisor, Ms. James received positive performance appraisals, including her four-month performance appraisal on September 9, 1999, her eight-month performance appraisal on January 26, 2000, and her annual review for the year 2000.

9. In November 2000, Ms. James responded to a position notice posted throughout Delphi for an opening in the human resources department. The job posting identified the open position as Supervisor Salaried Personnel Administrator. The job posting further stated that the position of Supervisor Salaried Personnel Administrator held a position code of 7P21 which placed the position in the seventh level salary range.

10. The former Supervisor Salaried Personnel Administrator position was held by Frank Cerny, a white male, who held the position code of 7P21 which placed the position in the seventh level salary range.

11. Ms. James was interviewed for the position of Supervisor Salaried Personnel Administrator by Ms. Woolridge and was subsequently offered the position of Supervisor Salaried Personnel Administrator by Ms. Woolridge.

12. Ms. James accepted the Supervisor Salaried Personnel Administrator position and was advised that she would begin her new position on January 2, 2001.

13. At the time Ms. James was offered the position of Supervisor Salaried Personnel Administrator, Ms. Woolridge expressly stated that she would not have selected Ms. James for the position and that she had wanted another candidate to fill the seventh level position. Nonetheless, she told Edith James that she had consented to the selection of Ms. James in order to be a "team player."

14. Following plaintiff's acceptance of the position, she became aware through Mr. Cerny, her predecessor, that Delphi and Ms. Woolridge modified the position Ms. James was selected to fill by removing the classification code and the seventh level salary range; changing the title of the position to Salaried Personnel and Education and Training Rep.; classifying the position as a reclassification/developmental opportunity with no promotion opportunity and no salary increase; and increasing the job responsibilities to include the unreasonable expectation that she could fulfill the job responsibilities of the former Education and Training Coordinator and the former Salaried Personnel Representative in addition to the job responsibilities of the Supervisor Salaried Personnel Administrator.

15. Ms. James was not advised of the changes to the position she accepted by Delphi or Ms. Woolridge during her interview, when she was offered the position, or after she accepted the position.

16. Ms. James requested job training, workshops, classes, and seminars for her new position; however, Delphi and Ms. Woolridge did not grant Ms. James permission for training other than one four hour training session in Delphi's Vandalia, Ohio facility.

17. Notwithstanding her dedication to her work and her consistently good performance for Delphi, Ms. Woolridge provided a negative interim evaluation to Ms. James by e-mail that was several months late, was inaccurate, and even identified the wrong social security number for Ms. James.

18. Mr. Barr replaced Ms. Woolridge as Personnel Director in November, 2001, and assumed the responsibility of providing Ms. James her annual review for 2001.

19. Shortly after Mr. Barr became Personnel Director, he brought Michael Waters, a white male from Delphi's Michigan facility, to Delphi's Columbus facility to interview for the position of Supervisor of Human Resources, the position Ms. James was promoted to fill. Mr. Barr did not inform Ms. James of Mr. Waters' interview, that she was being demoted, or that Mr. Waters was being promoted to the position she was originally selected to fill.

20. At Ms. James' yearly review for the year 2001 on February 1, 2002, Mr. Barr advised Ms. James that she was being demoted to the production area as a Production Advisor and she would be replaced by Michael Waters, a white male.

21. At the time of her demotion, Ms. James was advised that she would remain in her current position during the transition period following Mr. Water's training for the position.

22. Once Ms. James was demoted and after Mr. Waters assumed the position, Delphi and Mr. Barr returned the position to Supervisor of Human Resources, a seventh level salary position with a pay level increase and reduced the amount of job duties by reassigning the education and training coordinator duties as well as a majority of the salaried personnel representative responsibilities.

23. Delphi provided Mr. Waters with intensive training for his promotion to Supervisor of Human Resources to ensure that he would be prepared for the job despite the fact that intensive training was not provided to Ms. James.

24. Defendants' actions caused Ms. James extraordinary stress, mental anguish, hardship and loss of income.

## COUNT ONE -- DISCRIMINATION ON
## THE BASIS OF RACE AND GENDER

25. The allegations of the foregoing paragraphs are incorporated as if realleged.

26. Defendants engaged in unlawful discriminatory practice in violation of Ohio Revised Code §4112.02 and §4112.99, by withdrawing her promotion; revoking her pay raise; requiring Ms. James, a black female, to perform an excessive amount of job duties compared with the job duties of her predecessor, a white male, and her successor, a white male; and demoting her based upon her race and gender in favor of a white male and subsequently returning the position to its original job description, classification, pay scale and job duties.

27. As a direct and proximate result of defendants' conduct, plaintiff has suffered and continues to suffer injury including past and future losses of income and benefits of employment, lost career and business opportunities and advancement, other past and future pecuniary losses, physical and emotional pain, suffering, stress, inconvenience, embarrassment, humiliation, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

## COUNT TWO -- WRONGFUL TERMINATION
## IN VIOLATION OF PUBLIC POLICY

28. The allegations of the foregoing paragraphs are incorporated as if realleged.

29. Defendants wrongfully constructively discharged plaintiff's employment in violation of public policy by withdrawing her promotion; revoking her pay raise; requiring Ms. James, a black female, to perform an excessive amount of job duties compared with the job duties of her predecessor, a white male, and her successor, a white male; and demoting her based upon her race in favor of a white male and subsequently returning the position to its original job description, classification, pay scale and job duties.

30. As a direct and proximate result of defendant's conduct, plaintiff has suffered and continues to suffer injury including past and future losses of income and benefits of employment, lost career and business opportunities and advancement, other past and future pecuniary losses, physical and emotional pain, suffering, stress, inconvenience, embarrassment, humiliation, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

### COUNT THREE -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. The allegations of the foregoing paragraphs are incorporated as if realleged.

32. Defendants' above-described conduct was extreme and outrageous, was engaged in intentionally or recklessly, and caused plaintiff severe emotional distress.

33. As a direct and proximate result of defendants' conduct, plaintiff has suffered and continues to suffer injury including past and future losses of income and benefits of employment, lost career and business opportunities and advancement, other past and future pecuniary losses, physical and emotional pain, suffering, stress, inconvenience, embarrassment, humiliation, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, Edith James, requests that this Court enter judgment in her favor, and against defendants, on each of the above counts as follows:

(a) Award plaintiff appropriate all lost income and benefits of employment both past and future;

 (b) Award plaintiff compensatory damages in excess of $25,000.00 on each of the above-stated counts;

 (c) Award plaintiff punitive damages in excess of $25,000.00 on each of the above-stated counts;

 (d) Award plaintiff a reasonable attorney's fee and costs of this action; and

 (e) Award plaintiff such other and further relief as may be appropriate.

Respectfully submitted,

_____
Rex H. Elliott (0054054)
Charles H. Cooper, Jr. (0037295)
Sheila P. Vitale (0068271)
Cooper & Elliott, LLC
17 South High Street
Suite 1000
Columbus, Ohio 43215
(614) 221-1177
(614) 221-1399 (Facsimile)

Attorneys for Plaintiff
Edith James

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

_____

- 8 -