BARNES & THORNBURG LLP
Attorneys for Clarion Corporation of America
Michael K. McCrory, Esq.
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
mmccrory@btlaw.com

John T. Gregg, Esq.
Barnes & Thornburg LLP
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, MI  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999
jgregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
| DELPHI CORPORATION, *et al*. | ) | No. 05-44481 |
| Debtors. | ) | (Jointly Administered) |

**RESPONSE OF CLARION CORPORATION OF AMERICA TO
DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION,
(B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND
RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION
AND (II) MOTION TO ESTIMATE CONTINGENT AND
UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)**

Clarion Corporation of America ("Clarion"), by and through its undersigned counsel, hereby files this response (the "Response") to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records,

and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Third Omnibus Objection"). In support of its response, Clarion states as follows:

**BACKGROUND**

1.  Prior to the Petition Date (as defined below), Clarion supplied Delphi Automotive Systems, LLC ("Delphi Automotive Systems") with various goods and related services.

2.  On October 8, 2005 (the "Petition Date"), Delphi Automotive Systems and several of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.  Clarion timely filed a proof of claim (Claim No. 2127) (the "Proof of Claim") against Delphi Automotive Systems on or around February 16, 2006 in the amount of $2,115,405.67 (the "Claim"). The Claim was comprised of (i) a general unsecured claim in the amount of $1,563,806.67 (the "Unsecured Claim"), and (ii) a reclamation claim (Reclamation Claim No. 177) in the amount of $551,559.00 pursuant to section 546(c) of the Bankruptcy Code (the "Reclamation Claim").[1] A copy of the Proof of Claim is attached hereto as Exhibit A.

4.  As more specifically outlined in the Proof of Claim, prior to the Petition Date, Clarion sold certain goods and provided related services (collectively, the "Goods") to Delphi Automotive Systems on credit for which Delphi Automotive Systems failed to make payment. A summary of the outstanding invoices was attached to the Proof of Claim as an exhibit.

5.  By letter dated February 21, 2006, the Debtors provided a Statement of Reclamation as required by this Court's order dated November 4, 2005 and amended order dated January 5, 2006. In its timely response to the Statement of Reclamation, Clarion agreed with the

---

[1] Additionally, on October 10, 2005, Clarion submitted a reclamation demand to the Debtors for the Reclamation Claim.

Debtors that its reclamation claim should be reduced by the amount of $6,960.00 because that portion of the Reclamation Claim was made by the Debtors post-petition. However, Clarion and the Debtors continue to disagree as to the remainder of the Reclamation Claim.

6. On or about November 1, 2006, the Debtors filed the Third Omnibus Objection seeking to reduce the Claim because the Debtors "have determined that their liability with respect to each such Claim does not exceed the dollar amount set forth on Exhibit D. . ." (Third Omnibus Objection at ¶ 31.)

7. The Third Omnibus Objection provides no evidentiary basis for the reduction of the Claim against Delphi Automotive Systems, except to conclude that the reduction of the Claim is appropriate due to certain generic reasons. (*See id*. at ¶ 32.)

**RESPONSE**

8. In accordance with Rule 3003(c)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), "[a] proof of claim or interest executed and filed in accordance with this subdivision shall supersede any scheduling of that claim or interest pursuant to § 521(1)" of the Bankruptcy Code. Furthermore, in accordance with Rule 3001(f) of the Bankruptcy Rules, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

9. Therefore, pursuant to Rule 3001(f) of the Bankruptcy Rules, a debtor has the burden of producing evidence rebutting the *prima facie* validity of a creditor's claim. *See, e.g.*, *In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) ("onus is on the debtor to overcome the presumption of validity").

10. To satisfy this burden, a debtor must present "a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be of a

probative force equal to that of the creditor's proof of claim." *In re Hinkley*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986); *see also In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) ("[t]o overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim").

11. The Debtors have offered no evidence in support of the objection to the Claim asserted by Clarion. Instead, the Debtors have simply alleged that the Claim is not reconcilable with the Debtors' books and records.[2] (*See* Third Omnibus Objection at ¶ 32.) Therefore, the Debtors' Third Omnibus Objection as it relates to Clarion should be overruled.

### MEMORANDUM OF LAW

12. This Response sets forth specific responses with supporting law divided under numerous paragraphs. Clarion respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

---

[2] Clarion will continue to work with the Debtors to reconcile amounts due and owing on the Debtors' books and records with amounts due and owing on Clarion's books and records.

4

WHEREFORE, Clarion objects to the relief requested in the Third Omnibus Objection as it relates to Clarion and respectfully requests that the Court (i) overrule the objection, and (ii) allow the Claim (less $6,960.00), and (iii) grant such other and further relief as the Court may deem appropriate under the circumstances.

Dated: November 22, 2006

Respectfully submitted,

**CLARION CORPORATION OF AMERICA**

By:    /s/John T. Gregg
      One of its Attorneys

Michael K. McCrory
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana  46204-3535
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
mmccrory@btlaw.com

- and -

John T. Gregg
Barnes & Thornburg LLP
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, MI  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999
jgregg@btlaw.com

Attorneys for Clarion
Corporation of America

GRDS01 JGREGG 335858v1

5