MORGAN, LEWIS & BOCKIUS LLP                    Hearing Date:  November 30, 2006
Attorneys for Hitachi Chemical (Singapore) Pte. Ltd.    Hearing Time: 10:00 a.m.
101 Park Avenue
New York, New York  10178-0060
(212) 309-6000
Menachem O. Zelmanovitz (MZ-0706)
Mark C. Haut (MH-0429)


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
DELPHI CORPORATION, et al.                :        Case No.  05-44481 (RDD)
                                          :        (Jointly Administered)
                          Debtors.        :
-------------------------------------------------------x

## RESPONSE OF HITACHI CHEMICAL (SINGAPORE) PTE. LTD. TO SECOND OMNIBUS OBJECTION TO CLAIMS

Hitachi Chemical (Singapore) Pte. Ltd. (f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.)

("*HCS*"), by and through its undersigned counsel, submits this response (the "*Response*") to the

above-captioned Debtors' (collectively, the "*Debtors*" or "*Delphi*") Second Omnibus Objection

to Claims, dated October 31, 2006 (the "*Omnibus Objection*").  In support of the Response, HCS

respectfully states as follows:

### Preliminary Statement

1.      The Omnibus Objection seeks to expunge as duplicative three of the four claims

filed by HCS, including its originally filed claim against Delphi Corporation ("*Delphi Corp.*").

However, based on the written agreements between the parties, the oral and written

representations by Debtors' representatives and the course of conduct of the parties, HCS

reasonably understood, believed and relied on the fact that Delphi Corp. was the entity

responsible for payment of the goods shipped by HCS to the Debtors.  Thus, disallowance of

HCS' claim against Delphi Corp. may unfairly prejudice HCS.

2.      As set forth below, HCS does not object to the disallowance of its three duplicative claims provided that the surviving claim is the original claim filed against Delphi Corp., and provided further, that upon any later determination that another Debtor is liable for such claim, such claim be deemed timely filed against such other Debtor.   In addition, to conserve judicial resources and to avoid the incurrence of significant cost and expense by the parties, further litigation regarding the determination of the entity liable for HCS' claim should await clarification as to whether treatment of such claim will differ in the various Debtor estates under a plan or plans of reorganization.

3.      Such a resolution would substantially provide the Delphi Debtors with the relief they seek – the elimination of duplicative claims – and avoid what may well prove to be unnecessary litigation and the attendant cost and expense, without prejudice to the rights of any party.

**Factual Background**

4.      On October 8, 2005 (the "*Filing Date*"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code.

5.      Commencing prior to the Filing Date and continuing thereafter, HCS was and is a supplier to the Debtors of printed circuit boards and related equipment pursuant to certain supply contracts and purchase orders.

6.      Beginning in 2002, HCS understood, believed and relied on the fact that the entity with which it was transacting business and which was responsible for payment to HCS for its shipments, was Delphi Corp.  In or about March 2002, Delphi representatives advised HCS that Delphi's businesses were undergoing a restructuring.   Specifically, Delphi's representatives stated that the business transacted between Delphi and HCS was being shifted from Delphi

Automotive Systems to Delphi Corp. and presented HCS with a written presentation illustrating this restructuring (an excerpt from this presentation is annexed hereto as Exhibit A).

7.      Thereafter, the Delphi representatives that negotiated and oversaw the business transactions with HCS continually identified themselves as representatives of Delphi Corp. Further, the VMI Agreement, dated October 2, 2003, entered into by the parties, governing certain of the terms of the transactions between the parties, was expressly signed by Delphi Corp.[1]

8.      Similarly, following the Filing Date, the parties entered into a certain Settlement Agreement, dated, October 10, 2005, with respect to the terms and conditions of their continuing business relationship, which agreement was expressly signed by Delphi Corp.[2]

9.      Thus, based on the written agreements of the parties, the written and oral representations by Delphi's representatives and the course of conduct between the parties, at all relevant times before and after the Filing Date, HCS reasonably understood, believed and relied on the fact that the entity with which it was doing business was Delphi Corp.

10.     Accordingly, on November 7, 2005, HCS filed its original proof of claim against Delphi Corp. in the amount of $5,415,329.84 ("*Claim No. 416*"), based on its shipment and

---

[1]      The VMI Agreement contains confidential, proprietary information.  Upon information and belief, the Debtors are in possession of a copy of this agreement.  HCS is prepared to submit a copy of the agreement to the Court for *in camera* review and to provide copies to other parties in interest upon entry of an appropriate confidentiality order.

[2]      In addition to confidential, proprietary information, at Delphi's insistence, the Settlement Agreement contains an express confidentiality provision prohibiting HCS from disclosing its terms to third parties.  As with the VMI Agreement, HCS is prepared to submit a copy of the agreement to the Court for *in camera* review and to provide copies to other parties in interest upon entry of an appropriate confidentiality order.

delivery of goods prior to the Filing Date for which payment had not been made. A copy of said

proof of claim (without the exhibits) is annexed hereto as Exhibit B.[3]

11.      On or about April 18, 2006, the Debtors filed their amended schedules of assets

and liabilities (the "*Schedules*"). The Schedules listed liquidated and undisputed liabilities

owing to HCS by three of the Debtors as follows: (i) $29,642.64 owed by Delphi Mechatronic

Systems, Inc. ("*Delphi Mechatronic*"), (ii) $23,129.00 owed by Delco Electronics Overseas

Corp. (" *Delco Electronics*"), and (iii) $5,371,271.99 owed by Delphi Automotive Systems LLC

("*Delphi Automotive*"). Relevant excerpts of the Schedules are annexed hereto as Exhibit C.

Thus, while HCS understood and believed that its claim was properly filed against Delphi Corp.,

the Schedules reflected the Debtors' apparent position that such claim was owed in part by three

different Debtors.

12.      On April 12, 2006, the Court entered an order establishing July 31, 2006 as the

bar date for filing claims (the "*Bar Date Order*"). The Bar Date Order provided, among other

things, that a proof of claim need not be filed by "[a]ny Person or Entity which has already

properly filed a proof of claim against the *correct Debtor*." *See* Bar Date Order, ¶5(b) (emphasis

added). The Bar Date Order further provided that any "Person or Entity that is required to file a

Proof of Claim in these chapter 11 cases but fails to do so in a timely manner on or before the

applicable Bar Date shall be forever barred" from asserting such claim. *Id.,* ¶11. Thus, even

where a proof of claim was timely filed but against the wrong Debtor, the Bar Date Order

appeared to provide that such claim may be disallowed rather than deemed filed against the

correct Debtor.

---

[3]      The portion of the claim entitled to priority as a reclamation claim under 11 U.S.C. §546 is
currently under negotiation by the parties. The Omnibus Objection does not address the amount
or the portion of the claim asserted as priority.

13.    Therefore, as a protective measure, HCS was compelled to file proofs of claim against the three Debtors identified in the Schedules as indebted to HCS for a portion of HCS' claim.    On July 24, 2006, HCS timely filed protective proofs of claim against Delphi Mechatronic ("*Claim No. 10273*"), Delco Electronics ("*Claim No. 10775*") and Delphi Automotive ("*Claim No. 10272*"), each identical in substance to HCS' original Claim No. 416 against Delphi Corp. and each expressly stating that it was being filed as a protective measure. Copies of said proofs of claims (without the exhibits) are annexed hereto as Exhibit D.

14.    By the Omnibus Objection, the Debtors have objected to HCS' claims as duplicative, asserting that the original Claim No. 416 against Delphi Corp. and the protective Claim Nos. 10273 and 10775 against Delphi Mechatronic and Delco Electronics should be expunged, with only Claim No. 10272 against Delphi Automotive surviving.

15.    Thus, the Omnibus Objection is not only inconsistent with HCS's well-founded understanding and belief as to the Debtor liable for its claim, but also inconsistent with the Debtors' own Schedules.

## Response

16.    The filing of a proof of claim constitutes "prima facie evidence of the validity and amount of the claim."    Bankruptcy Rule 3001(f); <u>see also</u> <u>In re George R. Burrows, Inc.</u>, 156 F.2d 640, 641 (2d Cir. 1946); <u>In re Chateaugay Corp.</u>, 104 B.R. 622, 624-25 (S.D.N.Y. 1989). Where the proof of claim demonstrates that the creditor believed it was dealing with a particular party whom the objecting party asserts is not liable on the claim, the objecting party must produce evidence that the creditor was on notice that it was dealing with a different entity.  <u>In re Nejedlo</u>, 324 B.R. 697, 700 (Bankr. E.D. Wis. 2005) (to avoid the individual debtor's liability on the claim, the trustee must produce evidence that the creditor was on notice of the responsible entity's corporate status).

17.    HCS agrees that its claim is properly asserted against one Debtor but believes that the correct Debtor is Delphi Corp.  HCS's belief is reasonably based on the prior and current written agreements and course of conduct between the parties and the oral and written representations by Delphi's representatives.  Debtors have produced no evidence to suggest that HCS was on notice that another Debtor, Delphi Automotive, was responsible for its claim.

18.    HCS submits that the duplicative claims to be expunged should be the protective claims filed against Delphi Mechatronic, Delco Electronics and Delphi Automotive with the original Claim No. 416 against Delphi Corp. to remain, provided that such disallowance at this time not inequitably prejudice HCS prior to final determination as to the Debtor responsible for such claim.  Accordingly, upon any later determination that the claim is properly asserted against another Debtor, HCS' claim should be deemed timely filed against such Debtor.

19.    HCS further submits that any additional litigation at this time regarding the determination of the Debtor liable for its claim would be clearly wasteful.  Until clarification of the proposed treatment of such claim under a plan or plans of reorganization – and specifically, whether such treatment is different in the various Debtor estates, such litigation is patently unnecessary.  Thus, to conserve judicial resources and avoid the incurrence of significant and needless cost and expense by both parties, further litigation of this issue, if at all necessary, should await the filing of a plan or plans of reorganization.

## **Memorandum of Law**

20.    Because the legal points and authorities upon which this Response relies are incorporated herein, HCS respectfully requests that the requirement of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied or waived.

## Conclusion

21.     Accordingly, HCS respectfully requests that the Court deny in part and grant in part the Omnibus Objection with respect to HCS' claims as follows:

(i)     the objection to Claim No. 416 against Delphi Corp. should be overruled;

(ii)    Claim No. 10273 against Delphi Mechatronic, Claim No. 10775 against Delco Electronics, and Claim No. 10272 against Delphi Automotive should be expunged;

(iii)   upon any later determination that Claim No. 416 is properly asserted against another Debtor, and not Delphi Corp., such claim should be deemed timely filed against such other Debtor; and

(iv)    any further litigation regarding the identity of the Debtor liable for Claim No. 416 should await the filing of a plan or plans of reorganization providing for the treatment of such claim in the relevant Debtor estates.

22.     HCS further expressly reserves the right to amend, modify, or supplement this Response and to submit further, additional evidence in support of its claim or to amend its claim should such prove necessary.

Dated: New York, New York
       November 22, 2006

MORGAN, LEWIS & BOCKIUS LLP


By:  /s/ Menachem O. Zelmanovitz
     Menachem O. Zelmanovitz (MZ-0706)
     Mark C. Haut (MH-0429)

101 Park Avenue
New York, New York  10178
Telephone No.:  (212) 309-6000
Facsimile: (212) 309-6001

**<u>EXHIBIT A</u>**

# DELPHI

March 15, 2002

Dear Delphi Supplier

We wanted to update you on a change to Delphi's branding strategy that will broaden our corporate identity as the company is expanding our support of retail and other market segments. We are very excited about the future potential of these additional markets, and we want you to remain intensely focused on your business so that we can grow our businesses …and exceed our customers' expectations! But we believe the time is right for Delphi to present a common face to all of our customers by migrating to Delphi and eliminating the 'Automotive Systems' specificity from our name. Effective immediately, our corporate brand will migrate from:

    to    

At the same time, we also are changing our legal company name to Delphi Corporation as an additional means to more accurately reflect the breadth of our technologies and services.

Our new brand identity is comprised of two alternate but related, logos that serve different markets more effectively:

♦   Business-to-Business (B2B)    

♦   Business-to-Consumer (B2C)    

This dual brand identity will allow us to approach all customers with a single name that consistently stands for "a leader in technological innovation."

You will begin to see the transition to Delphi immediately with the kick-off of our new web address www.delphi.com and in our television and print advertising. Changes in signage, packaging, correspondence and forms will occur over time.

We look forward to a continued strong relationship between you and Delphi and we are committed to supplying the high-quality, innovative components and systems technology that our customers have come to expect. Delphi intends to maintain our strengths and roots in automotive while using that technical heritage to grow in new markets. We look forward to your continued service on behalf of Delphi, and hope you will share our exciting news with the rest of your team. Please call your Delphi Buyer if you have additional questions.

**<u>EXHIBIT B</u>**

**FORM B10** (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | Chapter 11 |
|---|---|---|
| Name of Debtor: DELPHI CORPORATION | Case Number: 05-44481 | **PROOF OF CLAIM** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor: <br> HITACHI CHEMICAL (SINGAPORE) PTE. LTD. f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd. | ( ) Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent: <br> c/o Morgan, Lewis & Bockius LLP <br> 101 Park Avenue, New York, New York 10178 <br> Attn: Menachem O. Zelmanovitz, Esq. <br> Telephone Number: (212) 309-6000 <br> Facsimile Number: (212) 309-6001 <br> email: mzelmanovitz@morganlewis.com | ( ) Check box if you have never received any notices from the bankruptcy court in this case. <br> ( ) Check box if the address differs from the address on the envelope sent to you by the court. |
| Account or other number by which creditor identifies debtor: _____ | Check here ( ) replaces <br> if this claim: ( ) amends a previously filed claim, dated: _____ |

| | |
|---|---|
| **1.** **Basis for Claim** <br> (X) Goods sold (see attached) <br> ( ) Services Performed <br> ( ) Money Loaned <br> ( ) Taxes <br> ( ) Personal injury/wrongful death <br> ( ) Other | ( ) Retiree benefits as defined in 11 U.S.C. § 1114(a) <br> ( ) Wages, salaries, and compensation (fill out below) <br> Last four digits of SS #: _____ <br> Unpaid compensation for services performed <br> from _____ to _____ <br> (date)        (date) |

| | |
|---|---|
| **2.** Date debt was incurred: See Attachment | **3.** If court judgment, date obtained: |

**4.** Total Amount of Claim at Time Case Filed: *$3,304,764.66   $_____   *$2,110,565.18   *$5,415,329.84

Unsecured    Secured    Priority    Total

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

**\* (see attached)**

( ) Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| | |
|---|---|
| **5.** **Secured Claim.** <br> ( ) Check this box if your claim is secured by collateral (including a right of setoff). <br> Brief Description of Collateral: <br> ( ) Real Estate <br> ( ) Other: _____ <br> Value of Collateral: _____ <br> Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ <br><br> **6.** Unsecured Nonpriority Claim $3,304,764.66 (see attached) <br><br> (X) Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | **7.** **Unsecured Priority Claim.** <br> (X) Check this box if you have an unsecured priority claim <br> Amount entitled to priority $ 2,110,565.18 ( see attachment ) <br> Specify the priority of the claim: See Attachment <br> ( ) Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3). <br> ( ) Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4). <br> ( ) Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6). <br> ( ) Alimony, maintenance, or support owed to governmental units – 11 U.S.C. § 507(a)(7). <br> ( ) Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8). <br> ( ) Other: specify applicable paragraph of 11 U.S.C. § 507(a)(___). <br><br> *Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | |
|---|---|
| **8.** Credits: The amount of all payments on this claim has been credited and deducted for making this proof of claim. <br> **9.** Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain. If the documents are voluminous, attach a summary. <br> **10.** Date Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | S.D. OF N.Y. <br> 2005 NOV -1 P <br> FILED <br> BANKRUPTCY <br> THIS SPACE IS FOR COURT USE ONLY |

| Date: <br> November __, 2005 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br> Signature: _____    Name and title: Yasuhiko Yokoya, Managing Director | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1-NY/1964128.2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

In re:                                    :        **Chapter 11**
                                          :
**DELPHI CORPORATION, et al.**            :        **Case No. 05-44481 (RDD)**
                                          :        **(Jointly Administered)**
                        Debtors.          :
-----------------------------------------------------x

### ATTACHMENT TO PROOF OF CLAIM OF
### HITACHI CHEMICAL (SINGAPORE) PTE. LTD.

1.      The undersigned, Yasuhiko Yokova, whose business and mailing address is 32 Loyang Way, Singapore 508730, is an officer, representative and authorized signatory of Hitachi Chemical (Singapore) Pte. Ltd. (f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.) (together, "Claimant") and is authorized to make this proof of claim on behalf of Claimant.

2.      At the time of the filing of the voluntary petition commencing this case under Chapter 11 of Title 11, United States Code (the "Code"), to wit, October 8, 2005 (the "Filing Date"), Delphi Corporation (the "Debtor") was and still is indebted to Claimant in the principal amount of $5,415,329.84 (the "Indebtedness").

3.      The Indebtedness arose out of one or more of the following agreements between the parties: (i) a VMI Contract between Claimant and the Debtor, dated as of October 2, 2003, (ii) a Long Term Contract between Claimant and Delphi Automotive Systems, LLC, acting through Delphi Delco, dated as of September 24, 2002 (together with the VMI Contract, the "Contracts") and (iii) purchase orders for the goods (the "Goods") identified on the schedule annexed hereto as Exhibit A (the "Purchase Orders") made by, on behalf of or for the benefit of the Debtor.

1-NY/1964133.2

4.    Pursuant to the Contracts and Purchase Orders, Claimant provided the Goods to Debtor prior to the Filing Date, for which Claimant remains unpaid. As a result, Claimant is owed $5,415,329.84 by Debtor. Included in this amount is $2,110,565.18 worth of Goods received by Debtor within ten (10) days of the Filing Date, which by letter dated October 10, 2005 (a copy of which is annexed hereto as Exhibit B), Claimant demanded be returned pursuant to Section 2-702 of the Uniform Commercial Code and Section 546(c) of the Code (the "Reclamation Claim").

5.    The writings on which this claim is founded include:

    (a)    the Contracts;

    (b)    the Purchase Orders; and

    (c)    invoices for the Goods issued to the Debtor by Claimant.

6.    Upon information and belief, Debtor is in possession of copies of the above described documents. Further, such documents are voluminous and contain confidential, proprietary information. Therefore, copies of the documents are not attached to this proof of claim. However, subject to execution of an appropriate confidentiality agreement, copies will be made available for inspection and copying, at the requesting party's expense, at the offices of Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York  10178-0600, attorneys for Claimant, upon reasonable notice during normal business hours.

7.    The claim set forth herein is a general unsecured claim except to extent of the following:

    (a)    Pursuant to the Reclamation Claim, Claimant is entitled to the return of the Goods identified in the Reclamation Claim or to a priority administrative expense claim in the amount of $2,110,565.18 in the event the Debtor does not return such goods;

    (b)    In the event that Claimant is granted Essential Supplier status pursuant to the "Essential Supplier Order" entered by the Bankruptcy Court on October 13, 2005 (Docket No. 197), Claimant may be entitled to a priority administrative expense claim;

    (c)    In the event that Claimant is granted Foreign Creditor status pursuant to the "Foreign Creditors Order" entered by the Bankruptcy Court on October 13, 2005 (Docket No. 224), Claimant may be entitled to a priority administrative expense claim; and

    (d)    In the event and to the extent Debtor assumes the Contracts and/or Purchase Orders, Claimant may be entitled to a priority administrative expense claim.

8.    No judgment has been rendered on the claim.

9.    The amount of all payments on the claim, if any, has been credited and deducted for the purpose of making this proof of claim.

10.    These claims are not subject to setoff or counterclaim.

11.    In executing and filing this proof of claim, Claimant does not submit itself to the jurisdiction of this Court for any purpose other than with respect to this claim and does not waive (i) any of Claimant's rights and remedies against any other person or entity who is or may be liable for all or part of the claim set forth herein, whether an affiliate of the Debtor, an assignee, guarantor, lessor, lessee or otherwise, (ii) any obligation owed to Claimant, or (iii) any past, present or future breaches of the Contracts by the Debtor in connection with any of its obligations to Claimant or otherwise. The filing of this proof of claim is not an election of remedies.

12.    Claimant expressly reserves its right to amend or supplement this proof of claim in any respect at any time.

13.    All notices with respect to this proof of claim should be sent to:

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York  10178-0060
Attention:  Menachem O. Zelmanovitz, Esq.
Telephone No.:  212.309.6000
Facsimile No.:  212.309.6001
Email: mzelmanovitz@morganlewis.com

Dated: Singapore
          November __, 2005

                                        HITACHI CHEMICAL (SINGAPORE) PTE.
                                        LTD., f/k/a Hitachi Chemical Asia-Pacific Pte.
                                        Ltd.

                                        By: _____
                                        Name: Yashihio Yokoya
                                        Title: Managing Director

**PENALTY FOR PRESENTING FRAUDULENT CLAIMS – Fine of up to $500,000
or imprisonment of up to five years or both – Title 18, U.S.C. §§ 152 and 3571.**

1-NY/1964133.2                                  4

**<u>EXHIBIT C</u>**

In re: DELPHI AUTOMOTIVE SYSTEMS LLC Debtor, Case No. 05-44640        Entity #39

## AMENDMENT TO SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1614412 - 10408052<br>HILLSDALE TOOL & MFG CO<br>DEBTOR IN POSSESSION<br>1250 SOLUTIONS CENTER<br>CHICAGO   IL  606771002 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10398624 SCHEDULED<br>FOR $290,819.35 | Disputed,<br>Unliquidated | $333,110.44 |
| 1614455 - 10408053<br>HINSAW ROOFING & SHEET METAL<br>CO. INC<br>2452 S STATE RD 39<br>PO BOX 636<br>FRANKPORT   IN  460410636 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10398628 SCHEDULED<br>FOR $98,930.50 | | $140,430.50 |
| 1614470 - 10408055<br>HIRSCHMANN GMBH<br>OBERE PASPELSWEG 6 8<br>6830 RANKWEIL<br>AUSTRIA | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10398630 SCHEDULED<br>FOR $399,242.16 | Disputed,<br>Unliquidated | $415,671.56 |
| 1614487 - 10408057<br>HITACHI CHEMICAL ASIA PACIFIC<br>PTE LTD<br>32 LOYANG WAY<br>508730<br>SINGAPORE | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10398634 SCHEDULED<br>FOR $5,367,443.98 | | $5,371,271.98 |
| 1614499 - 10408058<br>HITCHINER MANUFACTURING CO EFT<br>INC<br>PO BOX 845279<br>BOSTON   MA  022845279 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10398636 SCHEDULED<br>FOR $557,223.05 | | $572,033.91 |
| 1614508 - 10408059<br>HK METALCRAFT MFG CORP<br>PO BOX 775<br>LODI   NJ  07644 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10398641 SCHEDULED<br>FOR $52,946.03 | | $54,970.03 |
| 1614644 - 10408061<br>HOLZCHUH GMBH & CO KG<br>IM KOEBLER 1<br>KNITTLINGEN       75438<br>GERMANY | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10398658 SCHEDULED<br>FOR $7,872.22 | | $0.00 |
| 1614651 - 10408062<br>HOMBERGER TRUCKING INC<br>PO BOX 511<br>HURON   OH  44839 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10398659 SCHEDULED<br>FOR $12,835.20 | | $0.00 |
| 1614660 - 10411697<br>HOMRICH WRECKING INC<br>200 MATLIN RD<br>CARLETON   MI  48117 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10404543 SCHEDULED<br>FOR $.00 | | $0.00 |
| 2155850 - 10411537<br>HONDA MOTOR CO.<br>2-1-1 MINAMI AOYAMA<br>MINATO-KU<br>TOKYO       107-8556<br>JAPAN | POTENTIAL LITIGATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |

In re: DELCO ELECTRONICS OVERSEAS CORPORATION Debtor, Case No. 05-44610          Entity #26

# AMENDMENT TO SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 2155741 - 10405368<br>GLASTON COMPRESSOR SERVICES LTD<br>HYDES BROW WKS<br>SKELMERSDALE          WN8 9SA<br>UNITED KINGDOM | ACCOUNTS PAYABLE | | $474.17 |
| 1553865 - 10405349<br>HERAEUS MATERIALS LTD.<br>UNIT A CINDERHILL INDUSTRIAL ESTATE<br>STOKE-ON-TRENT,<br>STAFFORDSHIRE          ST3 5LB<br>UNITED KINGDOM | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10381992 SCHEDULED<br>FOR $4,026.59 | | $5,389.25 |
| 1554448 - 10405357<br>HITACHI CHEMICAL SINGAPORE PTE LTD<br>614 E POPLAR ST<br>KOKOMO   IN   46902 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10382043 SCHEDULED<br>FOR $7,644.98 | | $23,128.00 |
| 1528312 - 10405344<br>IN-PARALLEL COMPUTER STAFF LTD<br>3 CHURCH ST<br>TEWKESBURY  GLOUCESTERSHI      GL20 5PA<br>UNITED KINGDOM | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10381980 SCHEDULED<br>FOR $4,308.91 | | $5,293.31 |
| 1528317 - 10405345<br>INFINEON TECHNOLOGIES CORP<br>SEMICONDUCTOR GROUP<br>2529 COMMERCE DR STE H<br>KOKOMO   IN   46901 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10381981 SCHEDULED<br>FOR $28,612.99 | | $100,711.55 |
| 1556817 - 10405363<br>INTEGRATED SILICON SOLUTION INC<br>10331 DAWSON'S CREEK BLVD STE A<br>FORT WAYNE   IN   46825 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10382061 SCHEDULED<br>FOR $6,699.81 | | $11,730.00 |
| 1548894 - 10405346<br>INTEL CORP<br>2529 COMMERCE DR STE E<br>KOKOMO   IN   46902 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10381986 SCHEDULED<br>FOR $7,799.78 | | $10,692.51 |
| 2155742 - 10405369<br>IPS<br>DUNNINGSBRIDGE ROAD<br>LIVERPOOL      L30 6TE<br>UNITED KINGDOM | ACCOUNTS PAYABLE | | $175.77 |
| 1556850 - 10405364<br>KOA EUROPE GMBH<br>KADDENBUSCH 6<br>DAEGELING      25578<br>GERMANY | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10382064 SCHEDULED<br>FOR $6,100.79 | | $10,614.48 |
| 1553869 - 10407218<br>L A INTERNATIONAL COMPUTER CONSULTA<br>RIDGE HO<br>STOKE-ON-TRENT      ST1 5SJ<br>UNITED KINGDOM | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10381994 SCHEDULED<br>FOR $1,270.44 | | $0.00 |
| 1556886 - 10405365<br>MOLEX ELEKTRONIK GMBH<br>GRASHOFSTRASSE 17<br>ETTLINGEN      76275<br>GERMANY | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10382068 SCHEDULED<br>FOR $35,768.78 | | $94,443.64 |

In re: DELPHI MECHATRONIC SYSTEMS, INC Debtor, Case No. 05-44567    Entity #15

## AMENDMENT TO SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 2155796 - 10407208<br>GENERAL SEMICONDUCTOR CORP<br>Attn LISA LUCHT/KIM JENKINSON<br>PO BOX 609<br>COLUMBUS   OH  68601 | ACCOUNTS PAYABLE | | $143.00 |
| 1556775 - 10407155<br>GLOBAL EQUIPMENT CO<br>PO BOX 5200<br>SUWANEE  GA  300245200 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10393319 SCHEDULED<br>FOR $595.05 | | $670.85 |
| 1563008 - 10407170<br>GOSHEN DIE CUTTING INC<br>815 LOGAN STREET<br>GOSHEN  IN  46528 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10393390 SCHEDULED<br>FOR $4,816.00 | | $8,512.00 |
| 2155805 - 10407215<br>GRINDING COMPANY<br>RUTA 8 BOX 662-A<br>BROWNSVILLE  TX  78520 | ACCOUNTS PAYABLE | | $1,000.00 |
| 1068260 - 10407097<br>GRUNER AG<br>BUERGLESTR 15-17<br>WEHINGEN     D-78564 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10393110 SCHEDULED<br>FOR $942.00 | | $2,064.54 |
| 1068262 - 10407098<br>H & M COMPANY INC<br>200 CHIHUAHUA ST<br>SAN ANTONIO  TX  782076330 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10393111 SCHEDULED<br>FOR $3,306.57 | | $1,744.53 |
| 1068265 - 10407099<br>HANSEN PLASTICS CORP<br>1270 ABBOTT DRIVE<br>ELGIN  IL  601231819 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10393114 SCHEDULED<br>FOR $35,984.72 | | $35,942.87 |
| 2155797 - 10407209<br>HERAEUS CERMALLOY INC<br>Attn TERRY DONELLY<br>24 UNION HILL RD<br>WEST CONSHOHOCKEN   PA  19428 | ACCOUNTS PAYABLE | | $1,140.75 |
| 1563012 - 10407171<br>HITACHI CHEMICAL SINGAPORE PTE<br>M GOTTLIEB ASSOCIATES<br>608 E BOULEVARD<br>KOKOMO  IN  46902 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10393394 SCHEDULED<br>FOR $8,711.07 | | $28,642.64 |
| 1068270 - 10407100<br>I B M NORTH AMERICA<br>PO BOX 676673<br>DALLAS  TX  752676673 | ACCOUNTS PAYABLE | | $1,782.27 |
| 1563014 - 10407172<br>IDENTCO IDENTIFICATION CORP.<br>8711 BURNET ROAD<br>WAREHOUSE B30<br>AUSTIN  TX  78757 | ACCOUNTS PAYABLE<br>APRIL 2006 AMENDMENT - AMENDS<br>SCHEDULE NUMBER 10393396 SCHEDULED<br>FOR $966.00 | | $714.00 |
| 1554547 - 10407129<br>INTELLICIRCUIT SOLUTIONS INC<br>Attn LONG PHAN<br>4430 E MIRALOMA AVE SUITE D<br>ANAHEIM  CA  928071840 | ACCOUNTS PAYABLE | | $2,300.00 |

**<u>EXHIBIT D</u>**



FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | Chapter 11 |
|---|---|
| Name of Debtor: <u>DELCO ELECTRONICS OVERSEAS CORPORATION</u>    Case Number: <u>05-44610</u> | **PROOF OF CLAIM** |

| | |
|---|---|
| NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. | |
| Name of Creditor:<br><br><u>HITACHI CHEMICAL (SINGAPORE) PTE. LTD.</u> f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd. | ( ) Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent:<br><br>c/o Morgan, Lewis & Bockius LLP<br>101 Park Avenue, New York, New York 10178<br>Attn: Menachem O. Zelmanovitz, Esq.<br>Telephone Number: (212) 309-6000<br>Facsimile Number: (212) 309-6001<br>email: mzelmanovitz@morganlewis.com | ( ) Check box if you have never received any notices from the bankruptcy court in this case.<br>( ) Check box if the address differs from the address on the envelope sent to you by the court. |
| Account or other number by which creditor identifies debtor: _____ | Check here ( ) replaces<br>if this claim: ( ) amends a previously filed claim, dated: _____ |

**1.  Basis for Claim**
- (X) Goods sold (see attached)
- ( ) Services Performed
- ( ) Money Loaned
- ( ) Taxes
- ( ) Personal injury/wrongful death
- ( ) Other

- ( ) Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ( ) Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)            (date)

**2.  Date debt was incurred:** See Attachment    **3.  If court judgment, date obtained:**

**4.  Total Amount of Claim at Time Case Filed:** *$3,304,764.66   $ _____   *$2,110,565.18   *$5,415,329.84

| Unsecured | Secured | Priority | Total |
|---|---|---|---|

\* (see attached)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
( ) Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.  Secured Claim.**
( ) Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
( ) Real Estate
( ) Other: _____

Value of Collateral: _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6.  Unsecured Nonpriority Claim** $3,304,764.66 (see attached)

(X) Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.  Unsecured Priority Claim.**
(X) Check this box if you have an unsecured priority claim
Amount entitled to priority $ 2,110,565.18 ( see attachment)
Specify the priority of the claim: See Attachment
( ) Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
( ) Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
( ) Up to $2,225* of deposits toward purchase, lese, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6).
( ) Alimony, maintenance, or support owed to governmental units – 11 U.S.C. § 507(a)(7).
( ) Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
( ) Other: specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**8.  Credits:** The amount of all payments on this claim has been credited and deducted for making this proof of claim.

**9.  Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain. If the documents are voluminous, attach a summary.

**10.  Date Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date:<br>July 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Signature: 笹島弘臣    Name and title: Hiroki Sashima, Managing Director | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1-NY/2066478.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al. | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |

--------------------------------------------------x

## ATTACHMENT TO PROOF OF CLAIM OF
## HITACHI CHEMICAL (SINGAPORE) PTE. LTD.

1.    The undersigned, Hiroki Sashima, whose business and mailing address is 32 Loyang Way, Singapore 508730, is an officer, representative and authorized signatory of Hitachi Chemical (Singapore) Pte. Ltd. (f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.) (together, "Hitachi") and is authorized to make this proof of claim on behalf of Claimant.

2.    At the time of the filing of the voluntary petitions commencing these cases under Chapter 11 of Title 11, United States Code (the "Code"), to wit, October 8, 2005 (the "Filing Date"), Delphi Corporation (the "Debtor") was and still is indebted to Claimant in the principal amount of $5,415,329.84 (the "Indebtedness"). On November 7, 2005, Hitachi filed a proof of claim against the Debtor for the entire Indebtedness (the "Claim," a copy of which is annexed hereto as Exhibit A).

3.    Although Delphi Corporation (case no. 05-44481) did not schedule Hitachi's claim, the following Delphi Corporation affiliates, whose Chapter 11 cases are administratively consolidated herein, (collectively, the "Delphi Debtors") scheduled amounts owed to Hitachi: (i) Delphi Mechtronic Systems, Inc. (case no. 05-44567); (ii) Delco Electronics Overseas Corporation (case no. 05-44610); and (iii) Delphi Automotive Systems LLC (case no. 05-44640).

4.     On April 12, 2006, the Court entered an Order that, among other things, established bar dates for all creditors to file proofs of claim (the "Bar Date Notice") or be forever barred from asserting a claim against the Delphi Debtors.

5.     Hitachi is filing this proof of claim in the same amount and with the same documentation provided in the Claim attached hereto as Exhibit A, as a protective measure in the event that its claim is ultimately determined to be properly asserted, in whole or in part, against Delco Electronics Overseas Corporation, rather than Delphi Corporation.

6.     In executing and filing this proof of claim, Hitachi does not submit itself to the jurisdiction of this Court for any purpose other than with respect to this claim and does not waive (i) any of Hitachi's rights and remedies against any other person or entity who is or may be liable for all or part of the claim set forth herein, whether an affiliate of any of the Delphi Debtors, an assignee, guarantor, lessor, lessee or otherwise, (ii) any obligation owed to Hitachi, or (iii) any past, present or future breaches of the Contracts (identified in Exhibit A) by any of the Delphi Debtors in connection with any of its obligations to Hitachi or otherwise. The filing of this proof of claim is not an election of remedies.

7.     Hitachi expressly reserves its right to amend or supplement this proof of claim in any respect at any time.

8.    All notices with respect to this proof of claim should be sent to:

> Morgan, Lewis & Bockius LLP
> 101 Park Avenue
> New York, New York  10178-0060
> Attention:  Menachem O. Zelmanovitz, Esq.
> Telephone No.:  212.309.6000
> Facsimile No.:  212.309.6001
> Email: mzelmanovitz@morganlewis.com

Dated: Singapore
     July 24, 2006

HITACHI CHEMICAL (SINGAPORE) PTE. LTD.,
f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.

By: _____
Name: Hiroki Sashima
Title: Managing Director

**PENALTY FOR PRESENTING FRAUDULENT CLAIMS – Fine of up to
$500,000 or imprisonment of up to five years or both – Title 18, U.S.C. §§ 152
and 35**

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | Chapter 11 |
|---|---|---|
| Name of Debtor: <u>DELPHI AUTOMOTIVE SYSTEMS LLC</u> | Case Number: <u>05-44640</u> | **PROOF OF CLAIM** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor:<br>HITACHI CHEMICAL (SINGAPORE) PTE. LTD. f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd. | ( ) Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent:<br>c/o Morgan, Lewis & Bockius LLP<br>101 Park Avenue, New York, New York 10178<br>Attn: Menachem O. Zelmanovitz, Esq.<br>Telephone Number: (212) 309-6000<br>Facsimile Number: (212) 309-6001<br>email: mzelmanovitz@morganlewis.com | ( ) Check box if you have never received any notices from the bankruptcy court in this case.<br><br>( ) Check box if the address differs from the address on the envelope sent to you by the court. |
| Account or other number by which creditor identifies debtor: _____ | Check here ( ) replaces<br>if this claim: ( ) amends a previously filed claim, dated: _____ |

| | |
|---|---|
| 1.  **Basis for Claim**<br>(X) Goods sold (see attached)<br>( ) Services Performed<br>( ) Money Loaned<br>( ) Taxes<br>( ) Personal injury/wrongful death<br>( ) Other | ( ) Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>( ) Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>     (date)              (date) |

| 2.   Date debt was incurred: <u>See Attachment</u> | 3.   **If court judgment, date obtained:** |
|---|---|

4.  Total Amount of Claim at Time Case Filed: *$3,304,764.66    $_____    *$2,110,565.18    *$5,415,329.84
                                              Unsecured       Secured       Priority        Total

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.        * (see attached)

( ) Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5.  **Secured Claim.**<br>( ) Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>( ) Real Estate<br>( ) Other: _____<br><br>Value of Collateral: _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6.  Unsecured Nonpriority Claim $3,304,764.66 (see attached)<br><br>(X) Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | 7.  **Unsecured Priority Claim.**<br>(X) Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ 2,110,565.18 ( see attachment)<br>Specify the priority of the claim: See Attachment<br>( ) Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).<br>( ) Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).<br>( ) Up to $2,225* of deposits toward purchase, lese, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6).<br>( ) Alimony, maintenance, or support owed to governmental units – 11 U.S.C. § 507(a)(7).<br>( ) Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>( ) Other: specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br><br>*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | |
|---|---|
| 8.  **Credits**: The amount of all payments on this claim has been credited and deducted for making this proof of claim.<br><br>9.  **Supporting Documents**: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain. If the documents are voluminous, attach a summary.<br><br>10. **Date Stamped Copy**: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date:<br><br>July 24 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Signature: [signature]    Name and title: <u>Hiroki Sashima, Managing Director</u> | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
In re:                                              :        Chapter 11
                                                    :
DELPHI CORPORATION, et al.                          :        Case No. 05-44481 (RDD)
                                                    :        (Jointly Administered)
                                    Debtors.        :
------------------------------------------------------x

## ATTACHMENT TO PROOF OF CLAIM OF
## HITACHI CHEMICAL (SINGAPORE) PTE. LTD.

1.      The undersigned, Hiroki Sashima, whose business and mailing address is 32 Loyang Way, Singapore 508730, is an officer, representative and authorized signatory of Hitachi Chemical (Singapore) Pte. Ltd. (f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.) (together, "Hitachi") and is authorized to make this proof of claim on behalf of Claimant.

2.      At the time of the filing of the voluntary petitions commencing these cases under Chapter 11 of Title 11, United States Code (the "Code"), to wit, October 8, 2005 (the "Filing Date"), Delphi Corporation (the "Debtor") was and still is indebted to Claimant in the principal amount of $5,415,329.84 (the "Indebtedness"). On November 7, 2005, Hitachi filed a proof of claim against the Debtor for the entire Indebtedness (the "Claim," a copy of which is annexed hereto as Exhibit A).

3.      Although Delphi Corporation (case no. 05-44481) did not schedule Hitachi's claim, the following Delphi Corporation affiliates, whose Chapter 11 cases are administratively consolidated herein, (collectively, the "Delphi Debtors") scheduled amounts owed to Hitachi: (i) Delphi Mechtronic Systems, Inc. (case no. 05-44567); (ii) Delco Electronics Overseas Corporation (case no. 05-44610); and (iii) Delphi Automotive Systems LLC (case no. 05-44640).

4.      On April 12, 2006, the Court entered an Order that, among other things, established bar dates for all creditors to file proofs of claim (the "Bar Date Notice") or be forever barred from asserting a claim against the Delphi Debtors.

5.      Hitachi is filing this proof of claim in the same amount and with the same documentation provided in the Claim attached hereto as Exhibit A, as a protective measure in the event that its claim is ultimately determined to be properly asserted, in whole or in part, against Delphi Automotive Systems LLC, rather than Delphi Corporation.

6.      In executing and filing this proof of claim, Hitachi does not submit itself to the jurisdiction of this Court for any purpose other than with respect to this claim and does not waive (i) any of Hitachi's rights and remedies against any other person or entity who is or may be liable for all or part of the claim set forth herein, whether an affiliate of any of the Delphi Debtors, an assignee, guarantor, lessor, lessee or otherwise, (ii) any obligation owed to Hitachi, or (iii) any past, present or future breaches of the Contracts (identified in Exhibit A) by any of the Delphi Debtors in connection with any of its obligations to Hitachi or otherwise.  The filing of this proof of claim is not an election of remedies.

7.      Hitachi expressly reserves its right to amend or supplement this proof of claim in any respect at any time.

8.     All notices with respect to this proof of claim should be sent to:

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York  10178-0060
Attention:  Menachem O. Zelmanovitz, Esq.
Telephone No.:  212.309.6000
Facsimile No.:  212.309.6001
Email: mzelmanovitz@morganlewis.com

Dated: Singapore
July 24, 2006

HITACHI CHEMICAL (SINGAPORE) PTE. LTD.,
f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.

By: _____
Name: Hiroki Sashima
Title: Managing Director

**PENALTY FOR PRESENTING FRAUDULENT CLAIMS – Fine of up to
$500,000 or imprisonment of up to five years or both – Title 18, U.S.C. §§ 152
and 35**

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | Chapter 11 |
|---|---|

| Name of Debtor: DELPHI MECHTRONIC SYSTEMS, INC. | Case Number: 05-44567 | PROOF OF CLAIM |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor:<br>HITACHI CHEMICAL (SINGAPORE) PTE. LTD. f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd. | ( ) Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent:<br>c/o Morgan, Lewis & Bockius LLP<br>101 Park Avenue, New York, New York 10178<br>Attn: Menachem O. Zelmanovitz, Esq.<br>Telephone Number: (212) 309-6000<br>Facsimile Number: (212) 309-6001<br>email: mzelmanovitz@morganlewis.com | ( ) Check box if you have never received any notices from the bankruptcy court in this case.<br><br>( ) Check box if the address differs from the address on the envelope sent to you by the court. |
| Account or other number by which creditor identifies debtor: _____ | Check here ( ) replaces<br>if this claim: ( ) amends a previously filed claim, dated: _____ |

| | |
|---|---|
| 1.    **Basis for Claim**<br>(X) Goods sold (see attached)<br>( ) Services Performed<br>( ) Money Loaned<br>( ) Taxes<br>( ) Personal injury/wrongful death<br>( ) Other | ( ) Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>( ) Wages, salaries, and compensation (fill out below)<br>Last four digits of SS #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date)                          (date) |

2.    Date debt was incurred: See Attachment _____ | 3.    **If court judgment, date obtained:**

4.    Total Amount of Claim at Time Case Filed:  *$3,304,764.66    $ _____    *$2,110,565.18    *$5,415,329.84
                                                                                     Unsecured        Secured        Priority              Total

                                                                                                                                                    * (see attached)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
( ) Check this box if claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all interest or additional charges.

| 5.    **Secured Claim.**<br>( ) Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>( ) Real Estate<br>( ) Other: _____<br><br>Value of Collateral: _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6.    Unsecured Nonpriority Claim $3,304,764.66 (see attached)<br><br>(X)    Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | 7.    **Unsecured Priority Claim.**<br>(X) Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ 2,110,565.18 ( see attachment)<br>Specify the priority of the claim: See Attachment<br>( ) Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).<br>( ) Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).<br>( ) Up to $2,225* of deposits toward purchase, lese, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6).<br>( ) Alimony, maintenance, or support owed to governmental units – 11 U.S.C. § 507(a)(7).<br>( ) Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>( ) Other: specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br><br>*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | |
|---|---|
| 8.    **Credits:** The amount of all payments on this claim has been credited and deducted for making this proof of claim.<br>9.    **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain.  If the documents are voluminous, attach a summary.<br>10.  **Date Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | 2006 JUL 24 P 3<br>S.D.N.Y. |

| Date:<br><br>July 24 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Signature: _____    Name and title: Hiroki Sashima, Managing Director | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

1-NY/2066105.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

In re:                              :        Chapter 11
                                    :
DELPHI CORPORATION, et al.          :        Case No.  05-44481 (RDD)
                                    :        (Jointly Administered)
                         Debtors.   :
-----------------------------------------------------x

## ATTACHMENT TO PROOF OF CLAIM OF
## HITACHI CHEMICAL (SINGAPORE) PTE. LTD.

1.      The undersigned, Hiroki Sashima, whose business and mailing address is 32 Loyang Way, Singapore 508730, is an officer, representative and authorized signatory of Hitachi Chemical (Singapore) Pte. Ltd. (f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.) (together, "Hitachi") and is authorized to make this proof of claim on behalf of Claimant.

2.      At the time of the filing of the voluntary petitions commencing these cases under Chapter 11 of Title 11, United States Code (the "Code"), to wit, October 8, 2005 (the "Filing Date"), Delphi Corporation (the "Debtor") was and still is indebted to Claimant in the principal amount of $5,415,329.84 (the "Indebtedness").  On November 7, 2005, Hitachi filed a proof of claim against the Debtor for the entire Indebtedness (the "Claim," a copy of which is annexed hereto as Exhibit A).

3.      Although Delphi Corporation (case no. 05-44481) did not schedule Hitachi's claim, the following Delphi Corporation affiliates, whose Chapter 11 cases are administratively consolidated herein, (collectively, the "Delphi Debtors") scheduled amounts owed to Hitachi: (i) Delphi Mechtronic Systems, Inc. (case no. 05-44567); (ii) Delco Electronics Overseas Corporation (case no. 05-44610); and (iii) Delphi Automotive Systems LLC (case no. 05-44640).

1-NY/2066105.1

4.    On April 12, 2006, the Court entered an Order that, among other things, established bar dates for all creditors to file proofs of claim (the "Bar Date Notice") or be forever barred from asserting a claim against the Delphi Debtors.

5.    Hitachi is filing this proof of claim in the same amount and with the same documentation provided in the Claim attached hereto as Exhibit A, as a protective measure in the event that its claim is ultimately determined to be properly asserted, in whole or in part, against Delphi Mechtronic Systems, Inc., rather than Delphi Corporation.

6.    In executing and filing this proof of claim, Hitachi does not submit itself to the jurisdiction of this Court for any purpose other than with respect to this claim and does not waive (i) any of Hitachi's rights and remedies against any other person or entity who is or may be liable for all or part of the claim set forth herein, whether an affiliate of any of the Delphi Debtors, an assignee, guarantor, lessor, lessee or otherwise, (ii) any obligation owed to Hitachi, or (iii) any past, present or future breaches of the Contracts (identified in Exhibit A) by any of the Delphi Debtors in connection with any of its obligations to Hitachi or otherwise.  The filing of this proof of claim is not an election of remedies.

7.    Hitachi expressly reserves its right to amend or supplement this proof of claim in any respect at any time.

8.    All notices with respect to this proof of claim should be sent to:

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York  10178-0060
Attention:  Menachem O. Zelmanovitz, Esq.
Telephone No.:  212.309.6000
Facsimile No.:  212.309.6001
Email: mzelmanovitz@morganlewis.com

Dated: Singapore
July 24, 2006

HITACHI CHEMICAL (SINGAPORE) PTE. LTD.,
f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.

By: _____
Name: Hiroki Sashima
Title: Managing Director

**PENALTY FOR PRESENTING FRAUDULENT CLAIMS – Fine of up to
$500,000 or imprisonment of up to five years or both – Title 18, U.S.C. §§ 152
and 35**