JAMES M. LAWNICZAK (Ohio Bar No. 0041836)
NATHAN A. WHEATLEY (Ohio Bar No. 0072192)
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio  44114
Telephone: (216) 622-8200
Facsimile:  (216) 241-0816

Attorneys for IER Fujikura, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------
In re:  Delphi Corporation, et al.,          :          Chapter 11
                                              :
          Debtors.                            :          Case No. 05-44481 (RDD)
                                              :          Jointly Administered
                                              :
                                              :
                                              :
---------------------------------------------------:

**RESPONSE OF IER FUJIKURA, INC. TO DEBTORS' THIRD OMNIBUS OBJECTION
TO CLAIM NO. 12166**

IER Fujikura, Inc., f/k/a IER Industries, Inc. ("IER"), by and through its attorneys, hereby submits the following response to the Third Omnibus Objection of Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors") to claim no. 12166 (the "Objection").  In support of its response, IER states that it possesses a secured claim against the Debtors under Ohio's molder's lien statute.  Moreover, IER states that the Debtors have failed to produce any evidence in support of their objection to IER's July 28, 2006 proofs of claim (the "Proofs of Claim").

On July 28, 2006, IER filed its Proofs of Claim against debtors, Delphi Corporation and Delphi Automotive Systems, LLC; claims 12167 and 12166, respectively.  Therein, IER asserted a claim totaling $177,730.00, at least $140,413.63 of which constituted a secured claim.  On

{JLD8556.DOC;2}

October 31, 2006, the Debtors filed their Objection, requesting that the Court modify claim no. 12166 by reducing IER's total claim to $174,339.13 and changing the claim's status from a secured and priority claim to an unsecured claim. IER has stipulated to the reduction of its total claim from $177,730.00 to $174,339.13, and the parties have agreed that the entry of any order sustaining the Objection will be without prejudice to IER's otherwise valid rights to a reclamation claim and priority under section 546 of the Bankruptcy Code and the reclamation program in this case. However, the parties' continue to dispute the propriety of IER's secured claim.

**IER possesses a secured claim under Ohio's molder's lien statute**

As set forth in its Proofs of Claim, IER possesses a molder's lien under O.R.C. § 1333.31, secured by the value of Debtors' molds that are in its possession. O.R.C. § 1333.31 provides, in part, that a molder has a lien on a die, mold, pattern, or form that is in his possession and that belongs to a customer for the amount due from the customer for work performed with the die, mold, pattern, or form. *O.R.C. § 1333.31*.

In this case, before and continuing after the filing of Debtors' petitions for relief, IER possessed several industrial molds, belonging to the Debtors, that were used for the production of the industrial parts, which were in turn sold to the Debtors. The value of the molds is unknown, but believed to be at least $140,413.63. IER's lien in the molds vested it with the right to sell the molds and recover proceeds to be applied against its claim. Therefore, IER's claim, as modified, against the Debtors is a secured claim for the purposes of treatment under a bankruptcy plan.

**The Objection fails for lack of evidence**

11 U.S.C. § 502(a) states that a claim or interest, proof of which is filed under section 501 of title 11, is deemed allowed, unless party in interest objects. *11 U.S.C. § 502(a)*.

{JLD8556.DOC;2}                                         2

However, Federal Rule of Civil Procedure 3001(f) provides that a proof of claim executed and filed in accordance with the bankruptcy rules shall constitute prima facie evidence of the validity and amount of the claim. *Fed. R. Bankr. Proc. 3001(f)*.

It is undisputed that, on July 28, 2006, IER filed its Proofs of Claim and supporting documents with the Court. Therein, IER set forth the bases for its claim, originally totaling $177,730.00, against the Debtors, and identified the basis for its secured claim. Neither the timeliness, content, nor validity of the Proofs of Claim, or the documents filed in support of the Proofs of Claim, have been challenged by the Debtors.

In their October 31, 2006, objection to IER's claim, the Debtors challenge IER's claim as misclassified as a priority or secured claim. *See Third Omnibus Objection at 14*. However, the Debtors have failed to offer <u>any</u> evidence in support of this allegation. Because the Debtors have failed to offer any evidence to support their Objection in the face of IER's secured claim, their Objection should be denied by the Court. *Cf., Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell),* 223 F.3d 1035, 1039 (9th Cir. Ariz. 2000) (Upon objection, a proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." Therefore, to defeat a proof of claim the objecting party must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves.")

WHEREFORE, IER respectfully requests that the Court deny the Objection to the extent it seeks to re-classify IER's secured claim as an unsecured claim.

{JLD8556.DOC;2}                                                      3

Respectfully submitted,


/s/ James M. Lawniczak
James M. Lawniczak (Ohio 0041836)
Nathan A. Wheatley (Ohio 0072192
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, OH  44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
Email:  jlawniczak@calfee.com
           nwheatley@calfee.com

Counsel for IER Fujikura, Inc.

## CERTIFICATE OF SERVICE

       A true and correct copy of the foregoing response has been filed electronically this 22nd day of November, 2006, with the U.S. Bankruptcy Court for the Southern District of New York. Notice of this filing will be sent via electronic mail to all parties who have entered an appearance by operation of the Court's electronic filing system. Additionally, copies of the foregoing were served via regular U.S. Mail, proper postage pre-paid, upon the following parties:

| | |
|---|---|
| Delphi Corporation<br>Attn: General Counsel<br>5725 Delphi Drive<br>Troy, MI 48098 | John Wm. Butler, Jr.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Dr., Suite 2100<br>Chicago, IL 60606 |
| Kenneth S. Ziman<br>Simpson, Thacher & Bartlett LLP<br>425 Lexington Ave.<br>New York, NY 10017 | Donald Bernstein<br>Brian Resnick<br>Davis Polk & Wardwell<br>450 Lexington Ave.<br>New York, NY 10017 |
| Robert J. Rosenberg<br>Mark A. Broude<br>Latham & Watkins LLP<br>885 Third Ave.<br>New York, NY 10022 | Bonnie Steingart<br>Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 |
| Alicia M. Leonhard<br>Office of the United States Trustee<br>33 Whitehall St., Suite 2100<br>New York, NY 10004 | |

                                         /s/ James M. Lawniczak
                                         One of the Attorneys for IER Fujikura, Inc.

{JLD8556.DOC;2}