James M. Garner (pro hac vice motion pending)
Robert P. Thibeaux (pro hac vice motion pending)
Thomas J. Madigan, II (pro hac vice motion pending)
SHER, GARNER, CAHILL, RICHTER,
  KLEIN, & HILBERT, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, LA 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR GULF COAST
BANK & TRUST COMPANY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re Delphi Corporation, et al., | * | Case No.: 05-44481 (RDD) |
| | * | |
| Debtors | * | (Jointly Administered) |
| | * | |
| | * | Chapter 11 |

**************************************

**RESPONSE TO NOTICE OF OBJECTION TO CLAIM AND**
**DEBTORS' THIRD OMNIBUS OBJECTION**
**REGARDING CLAIM NUMBER 2141**

Gulf Coast Bank & Trust Company ("GCBC") and Contrarian Funds, LLC ("Contrarian") (collectively "Claimants") submit this Response to Notice of Objection to Claim and Debtor's Third Omnibus Objection Regarding Claim Number 2141 ("Response") and respectfully requests that this Honorable Court overrule Debtors' objection and recognize the validity of Claimants' claim number 2141 in the full amount of $347,043.24 against Delphi Automotive Systems, LLC. In support of this Response, Claimants respectfully represent as follows:

## Proof of Claim Number 2141

1.   GCBC filed an Amended Proof of Claim in the amount of $347,043.24, which corresponds to claim number 2141 in the Notice of Objection to Claim received by GCBC. Claimants adopt and incorporate as if fully reproduced herein, pursuant to Federal Rule of Civil Procedure 10(c), this Amended Proof of Claim.

2.   GCBC has since entered into a transfer agreement with Contrarian regarding this claim. Both Claimants, therefore, jointly submit this Response regarding claim number 2141.

## Debtors' Have Failed to Carry Their Burden

3.   Federal Rule of Bankruptcy Procedure 3001(f), provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." As recognized by a member of this Court, "It is well settled that the party objecting to a proof of claim has the burden of coming forward with <u>sufficient</u> <u>evidence</u> rebutting the validity of a properly filed proof of claim." In re <u>King</u>, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004). More specifically, as recognized by the United States District Court for the Southern District of New York, "The case law is clear. To prevail, the objector must affirmatively <u>produce</u> evidence to counter the creditor's claim." <u>Riverbank, Inc. v. Make Meat Corp.</u> (In re <u>Make Meat Corp.</u>), 98CIV.4990, 1999 WL 178788, at *4 (S.D.N.Y. Mar. 3, 1999).

4.   Claimants carried their burden by submitting the Amended Proof of claim in the amount of $347,043.24, which constitutes prima facie proof of the claim.

5.   Debtors have merely filed a Notice of Objection to Claim and Debtor's Third Omnibus Objection (collectively "Objection"), which classifies claim number 2141 as an "Unsubstantiated Claim" and states that "[t]he Debtors' books and records refute an essential allegation of each as to

each Unsubstantiated Claim; namely, that the claims asserted therein are owing from any of the Debtors." These bald, conclusory statements are insufficient to meet Debtors' burden to produce evidence.

6. Indeed, Debtors have produced no evidence whatsoever in support of their Objection, and thus Claimants respectfully request that their Objection be denied and that Claimants' claim number 2141 be allowed in the full amount of $347,043.24.

**Description of the Basis and Amount of Claim**

7. In addition to the documents specifically referenced below and attached, Claimants submit, in globo, the Bates-labeled documents collectively attached hereto as Exhibit "A" in support of Claimants' claim number 2141.

8. GCBC filed suit on its claim in the United States District Court for the Eastern District of Louisiana, originally naming Delphi Corporation as defendant. Undersigned counsel, however, was advised by counsel of record in that suit that Delphi Automotive Systems, LLC was the proper defendant to the action and that Delphi Corporation was merely a "holding company that transacts no business." See Answer of Delphi Corporation and Delphi Automotive Systems, LLC to First Supplemental and Amended Complaint, in "Gulf Coast Bank & Trust Company v. Delphi Corp., et al.," Civil Action No. 05-1935, United States District Court for the Eastern District of Louisiana. Based on the representations of Delphi Automotive Systems, LLC's counsel of record in that case, Delphi Automotive Systems, LLC ("Delphi") is properly named as the debtor in the Amended Proof of Claim.

9. Due to the documents in its possession indicating that Delphi Corporation is an account debtor on the below-described Accounts Receivable, GCBC also filed an Amended Proof of Claim corresponding to claim number 1655 in the amount of $347,043.24 naming Delphi Corporation as the debtor. But Delphi has not objected to this claim number 1655, despite the representations of Delphi's counsel in the referenced Louisiana federal court proceeding that Delphi Corporation was not a proper defendant and was merely was merely a "holding company that transacts no business." Claimants, therefore, submit that a final determination cannot be made as to claim number 2141 without considering claim number 1655 and respectfully request that this Court consider claim number 2141 at the same time as claim number 1655.

10. On or about September 10, 2002, GCBC entered into a Receivables Purchase Agreement (the "RPA") with Jackson Rapid Delivery Service, Inc. ("Jackson"). As evidenced by the RPA, Jackson granted a security interest in all of its accounts receivable, including the non-factored or customer-owned accounts receivable (the "Non-factored Receivables"), to GCBC. As further evidenced by the RPA, certain receivables were purchased pursuant to the RPA by GCBC, and, under the terms of the RPA, GCBC is the owner of these purchased or factored receivables (the "Factored Receivables"). A true and correct copy of the Receivables Purchase Agreement is attached hereto as Exhibit "B."

11. To evidence the sale of the Factored Receivables, Jackson delivered to GCBC pursuant to the RPA various Schedules of Accounts. A true and correct copy of the Schedules of Accounts that apply to the Factored Receivables that are at issue in this matter are attached hereto as Exhibit "C."

12.     On September 12, 2002, GCBC sent a letter ("Notice Letter") to Delphi, notifying Delphi of the assignment and encumbrance of the Accounts Receivable and requesting that all future payment on the Accounts Receivable be made to GCBC, as follows:

> Gulf Coast Business Credit ("GCBC"), a division of Gulf Coast Bank & Trust Company, has entered into an agreement with Jackson Rapid Delivery Service, Inc. ("Jackson Rapid") in order to provide working capital to help facilitate the company's growth which will enable them to better serve you. Under this financing arrangement, all present and future accounts have been assigned to GCBC. To the extent that you are now indebted or may in the future become indebted to Jackson Rapid, payment thereof is to be made to GCBC, for the account of Jackson Rapid. Effective immediately, payments should be made payable to and mailed in the following fashion:
>
> Gulf Coast Bank and Trust Company
> For the account of Jackson Rapid Delivery Service, Inc.
> P.O. Box 61051
> New Orleans, LA 70151-1051
> OR BY ACH/WIRE AS FOLLOWS:
> Gulf Coast Bank & Trust Company - ABA #265070435
> Attn: Gulf Coast Business Credit
> For the Account of Jackson Rapid Delivery Service, Inc.
> Acct. # 600010094
>
> As assignee of such accounts, GCBC's consent is necessary in connection with any modification of the payment terms of your account. ***This letter can only be revoked by written notification, signed by one of our officers.***

A true and correct copy of the Notice Letter is attached hereto as Exhibit "D."

13.     Delphi countersigned the Notice Letter on September 16, 2002, acknowledging receipt of noticeand that all future payments on the Accounts Receivable must be paid to GCBC. See Exhibit "D." Furthermore, Delphi has remitted approximately Twenty Million Dollars ($20,000,000) to GCBC in conformity with the Notice Letter. A true and correct copy of a Collection Report evidencing payment to GCBC by Delphi is attached hereto as Exhibit "E."

14.     GCBC, through undersigned counsel, sent a letter by certified mail and telecopy to Delphi on April 6, 2005 ("Demand Letter"), attaching a detailed list of past due Factored Receivables covered by the RPA and demanding payment on these past due Factored Receivables.  A true and correct of the Demand Letter is attached hereto as Exhibit "F."

15.     Under the RPA and an Order issued by the Bankruptcy Court for the United States District Court for the Southern District of Mississippi, GCBC is entitled to payment on all past due Non-Factored Receivables from Delphi without prior notice to Delphi.

16.     The total amount on the Accounts Receivable presently due from Delphi to Claimants is $347,043.24, and thus the amount stated on the Amended Proof of Claim is correctly stated as due and owing from Delphi.

WHEREFORE, Claimants, Gulf Coast Bank & Trust Company and Contrarian Funds, LLC, respectfully request that their Response to Notice of Objection to Claim and Debtor's Third Omnibus Objection Regarding Claim Number 2141 be deemed good and sufficient, that Debtors' Objections, including all relief requested therein, be overruled and denied, and that the aforementioned Amended Proof of Claim be allowed in the full amount of $347,043.24 against Delphi Automotive Systems, LLC.  Claimants further respectfully request that this Court consider claim number 2141 at the same time as claim number 1655.

Respectfully Submitted,

s/ James M. Garner
JAMES M. GARNER (pro hac vice)
ROBERT P. THIBEAUX (pro hac vice)
THOMAS J. MADIGAN, II (pro hac vice)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, LA 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR GULF COAST BANK & TRUST COMPANY

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served this 21st day of November, 2006 by federal express upon those identified in the "Service List" below:

s/ James M. Garner
JAMES M. GARNER

## SERVICE LIST

| | |
|---|---|
| John Wm. Butler Jr.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Drive<br>Suite 2100<br>Chicago, IL 60606 | Robert J. Rosenberg<br>Mark Broude<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022-4834 |
| Delphi Corporation<br><u>Attn: General Counsel</u><br>5725 Delphi Drive<br>Troy, MI 48098 | Alicia M. Leonhard<br>U.S. Department of Justice<br>Office of the United States Trustee<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004 |
| Donald Bernstein<br>Brian Resnick<br>Davis, Polk, & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | Kenneth S. Zimon<br>Simpson, Thatcher, & Bartlett LLP<br>425 Lexington Avenue<br>New York, New York 10017 |
| Bonnie Steingart<br>Fried, Frank, Harris,<br>  Shriver, & Jacobson, LLP<br>One New York Plaza<br>New York, New York 10004 | Hon. Robert D. Drain<br>United States Bankruptcy Judge<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004 |