Hearing Date: November 30, 2006 (10:00 a.m.)
Response Deadline: November 24, 2006 (4:00 p.m.)

WALLER LANSDEN DORTCH & DAVIS, PLLC
511 Union Street, Suite 2700
Nashville, TN 37219
(615)244-6380
(615) 244-6804 (fax)
David E. Lemke, Esq. (TN BPR # 13586) *Pro Hac Vice*
David.Lemke@wallerlaw.com
Robert J. Welhoelter, Esq. (RW 8830), *Pro Hac Vice*
Robert.Welhoelter@wallerlaw.com

*Attorneys for Nissan North America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - -x
In re:                                              :
                                                    :
DELPHI CORPORATION, et al.,         :     Chapter 11
                                                    :     Case No. 05-44481-RDD
        Debtors.                                :     Jointly Administered
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**RESPONSE BY NISSAN NORTH AMERICA, INC.
TO DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION**

Nissan North America, Inc. ("Nissan"), by and through counsel, hereby responds to the Third Omnibus Claims Objection (the "Objection") of the above-captioned debtors (the "Debtors"). The Objection seeks an order expunging certain claims, including Nissan's Claims (defined below). In support of its response, Nissan respectfully states as follows:

1.    Certain of the Debtors produce automotive component parts for Nissan (the "Component Parts"). As part of the commercial relationship between Nissan and said Debtors, claims arise in the ordinary course of business between the parties related to the production of the Component Parts. Such claims include claims by the Debtors against Nissan for payment and claims by Nissan against the Debtors for, among other things, defective Component Parts and related warranty claims ("Warranty Obligations"). Such Warranty Obligations have

1281078.4

traditionally been set-off by Nissan in the ordinary course of business against accounts payable owing to the Debtors through the issuance of debit memos from Nissan to the Debtors. In the case of any dispute arising from the issuance of such memos, the parties have typically negotiated a consensual resolution.

2. Following the filing of the Debtors bankruptcy petitions, Nissan filed a claim in an undetermined amount against each of the Debtor entities consolidated in the above-referenced jointly-administered case (collectively, the "Claims"). In the attachment submitted with each of the Claims, Nissan asserted any and all claims that Nissan had against any of the Debtors, including but not limited to set-off and recoupment claims. In addition, Nissan reserved the right to amend or supplement the Claims pending the completion of Nissan's internal review and reconciliation of its records that relate to the Debtors. Moreover, Nissan asserted a specific claim against Debtor Delphi Saginaw Steering Systems on account of Warranty Obligations in the amount of $33,382.11 (the "Saginaw Claim").

3. In the Objection, the Debtors assert that the Claims should be denied on the basis that they are "unsubstantiated."

4. On November 9, 2006, in accordance with the procedures set forth in paragraph 18 of that certain Final Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Fed R. Bankr. P. 2002, 4001 and 9014, (i) Authorizing Debtors to Obtain Postpetition Financing, (ii) to Utilize Cash Collateral, and (iii) Granting Adequate Protection to Prepetition Secured Parties, which was entered on October 28, 2005 (the "Order"), Nissan submitted a request to set-off funds presently owing to the Debtors in the amount of the Saginaw Claim (the "Request"), and attached documentation supporting the Request. A true and correct copy of the Request is attached hereto as Exhibit 1.

5. Per the procedures set forth in the Order, responses to the Request must be made within ten (10) business days (in this case, November 30, 2006). As of the date of this response, the Debtors have requested a business contact to discuss the Request but have not formally responded. Nissan does not anticipate any opposition from the Debtors or any other constituents in these cases with respect to the Request. However, because of the intervening Objection to the Claims, there is a risk that absent this response, Nissan's set-off rights under the Order and the Request would be denied or somehow compromised by a denial or disallowance of the Claims generally, as requested in the Objection.

6. To date, Nissan has not uncovered, in the ordinary course of business, any additional prepetition claims related to any of the categories described in its proof of claim. Since the Debtors have continued to honor their prepetition contracts with Nissan and have obtained court authority to honor such commercial claims, regardless of whether they occur pre- or postpetition, Nissan, while expressly reserving the rights given to Nissan under the Order, is prepared to withdraw those other portions of its claim without prejudice to reassert such claims in the event circumstances change, such as the Debtors' rejection of their agreements with Nissan or a change in the Debtors' commitment or ability to honor customer claims as granted by previous orders of the Court.

WHEREFORE, Nissan respectfully requests that (i) the Objection be overruled to the extent it seeks to prime, subordinate, or deny any of Nissan's set-off and/or recoupment rights, and or prejudice Nissan's rights under the Order or Request in any manner; (ii) that an order be entered allowing Nissan to withdraw the Claims without prejudice to Nissan's rights as described above; and (iii) any other and further relief as is just and proper.

Dated: November 22, 2006

Respectfully submitted:

**Waller Lansden Dortch & Davis,LLP**

/s/ Robert J. Welhoelter, Esq.
David E. Lemke, Esq. (TN 13586) *Pro Hac Vice*
Robert J. Welhoelter, Esq. (RW 8830), *Pro Hac Vice*
511 Union St., Suite 2700
Nashville, TN 37219-8966
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: David.Lemke@WallerLaw.com
Email: Robert.Welhoelter@wallerlaw.com

**Attorneys for Nissan North America, Inc.**

## *CERTIFICATE OF SERVICE*

In accordance with Local Bankruptcy Rule 9078-1, the undersigned certifies that on November 22, 2006 a true and correct copy of the following pleading was served via ECF, and upon the parties listed below by hand delivery where indicated or otherwise electronically and/or by overnight courier:

**RESPONSE BY NISSAN NORTH AMERICA, INC.
TO DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION**

Chambers of Hon. Robert D. Drain
United States Bankruptcy Court
One Bowling Green
New York, New York 10004
via Hand Delivery

Delphi Corporation
5725 Delphi Drive
Troy, Michigan  48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
Attorneys for Delphi Corporation, et al.
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Attn:  John Wm Butler, Jr., Esq.
jbutler@skadden.com

Shearman & Sterling LLP
Special Counsel to Delphi Corporation, et al.
599 Lexington Avenue
New York, New York 10022
Attn: Douglas P. Bartner, Esq.
dbartner@shearman.com

Davis Polk & Wardwell
Attorneys for the Postpetition Lending Agent and the Joint Lead Arrangers
450 Lexington Avenue,
New York, New York 10017
Attn: Donald S. Bernstein, Esq. and Brian Resnick
donald.bernstein@dpw.com
brian.resnick@dpw.com

Simpson Thacher & Bartlett LLP
Attorneys for Prepetition Agent
425 Lexington Avenue,
New York, New York 10017
Attn: Kenneth S. Ziman, Esq., and Robert H. Trust, Esq.
kziman@stblaw.com
rtrust@stblaw.com

Fried, Frank, Harris, Shriver & Jacobson LLP
Attorneys for Official Committee of Equity Security Holders
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart, Esq.
steinbo@friedfrank.com

Latham & Watkins LLP
Attorneys for Official Committee of Unsecured Creditors
885 Third Avenue, Suite 1000
New York, New York 10022
Attn: Robert J. Rosenberg, Esq. and Mark A. Broude, Esq.
robert.rosenberg@lw.com
mark.broude@lw.com

Office of the United States Trustee for the Southern District of New York
In re Delphi Corporation, et al.
33 Whitehall Street, Suite 2100
New York, NY 10004
Attn: Alicia M. Leonhard, Esq.

    Dated: November 22, 2006
    Nashville, Tennessee

    /s/ Robert J. Welhoelter, Esq.
    Robert J. Welhoelter, Esq.