**Hearing Date:  November 30, 2006 (10:00 a.m.)**
**Response Deadline:  November 24, 2006 (4:00 p.m.)**

WALLER LANSDEN DORTCH & DAVIS, PLLC
511 Union Street, Suite 2700
Nashville, TN 37219
(615)244-6380
(615) 244-6804 (fax)
David E. Lemke, Esq. (TN BPR # 13586) *Pro Hac Vice*
David.Lemke@wallerlaw.com
Robert J. Welhoelter, Esq. (RW 8830), *Pro Hac Vice*
Robert.Welhoelter@wallerlaw.com

*Attorneys for Nissan Technical Center North America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - -x
In re:                                          :
                                                :
DELPHI CORPORATION, et al.,          :          Chapter 11
                                                :          Case No.  05-44481-RDD
           Debtors.                       :          Jointly Administered
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### RESPONSE BY NISSAN TECHNICAL CENTER NORTH AMERICA, INC. TO DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION

Nissan Technical Center North America, Inc. ("Nissan"), by and through counsel, hereby

responds to the Third Omnibus Claims Objection (the "Objection") of the above-captioned

debtors (the "Debtors").   The Objection seeks an order expunging certain claims, including

Nissan's Claim (defined below).  In support of its response, Nissan respectfully states as follows:

1.        Certain of the Debtors produce automotive component parts for Nissan North

America, Inc..  As part of the commercial relationship between Nissan and said Debtors, Debtor

Delphi Automotive Systems, LLC (Case No. 05-4460) ("DAS") entered into a certain lease

agreement dated October 12, 2001, Lease No. H00618M (the "Lease"), whereby DAS agreed to

lease for a term of five (5) years, certain property located at 7815 N. White & Parker Road,

Stanfield, AZ (the "Property").  DAS and Nissan also executed a Test Track Agreement on

1287255.2

September 4, 2002, entitling Debtor to use certain vehicle test track facilities owned by Nissan and located on the Property.  Nissan also executed a Landlord Consent and Lien Waiver on August 5, 2005.  The Test Track Agreement and Landlord Consent and Lien Waiver are hereinafter collectively referred to as the "Related Agreements."  The Lease and Related Agreements expired on October 14, 2006 and DAS does not have an option to extend such terms. Approximately September 2006, DAS vacated the leased premises without paying rent for the remaining period.

2.	Following the filing of the Debtors bankruptcy petitions, Nissan filed a claim in an undetermined amount against DAS (the "Claim") on various grounds. In the attachment submitted with the Claim, Nissan reserved all rights to amend or supplement the Claim pending the completion of Nissan's internal review and reconciliation of its records that relate in any way to DAS, the Lease, and the Related Agreements.  In addition, Nissan asserted a specific claim against DAS on account of unpaid reimbursement of expenses in an amount of not less than $23,934.21, which amounts relate to certain invoices for July 2005 and August 2005, which cover the pre-petition period.  A copy of the Lease and Related Agreements were also submitted with the Claim.

3.	Nissan filed the Claim as a secured claim pursuant to Section 30 of the Lease (to the extent any of DAS' property was left on the leased premises after expiration of the Lease) and/or pursuant to Nissan's rights to setoff and/or recoupment, which rights are expressly preserved by paragraph 18 of the Final DIP Order entered in the Debtors' jointly administered cases.

4.	In the attachment submitted with the Claim, Nissan asserted administrative claims, which appear to have accrued by DAS's early vacation of the leased premises without

1287255.2	2

paying rent for the remaining period.  Nissan reserves its rights to assert such administrative claims independent of the Claim, including any claims for such items as post-petition damages, unpaid rent and unpaid reimbursement charges.

5.      In the Objection, the Debtors assert that the Claim should be denied on the basis that it is allegedly "unsubstantiated."

6.      Nissan has provided proof of a pre-petition Lease (and Related Agreements) and evidence of DAS's failure to pay per-petition obligations under the Lease.  DAS continued to enjoy the benefits of the Lease but is attempting to avoid both its pre-petition and perhaps it post-petition obligations without any basis or support.

7.      Nissan's Claim enjoys the presumptive validity awarded it by Rule 3001(f) of the Federal Rules of Bankruptcy Procedure.  The burden of proof is on DAS to "put forth evidence sufficient to negate the prima facie validity of the claim."  *See, e.g. In re St. Johnsbury Trucking Co., Inc.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997).

8.      In the case at hand, DAS has failed to present any evidence to even suggest that the Claim is invalid or "unsubstantiated."  The only basis for the Objection is a simple, self-serving statement that the Claim is unsubstantiated.  Accordingly, the Objection does not contain any evidence to challenge the Claim, and accordingly, the Objection should be denied and the Claim should be allowed.

9.      To the extent that the Court finds that DAS's Objection is sufficient to overcome the presumption of validity of the Claim, Nissan reserves its right to provide evidence (in addition to the Lease and Related Agreements) supporting the amount of the Claim, at a later hearing, if needed.  Furthermore, Nissan continues to pursue its reconciliation of the Claim and expressly reserves its rights to amend, supplement, or withdraw the Claim.

WHEREFORE, for the foregoing reasons, Nissan requests that the Bankruptcy Court overrule DAS's Objection, deem the Claim allowed without prejudice to Nissan's right to separately pursue its post-petition administrative claims owing with respect to the Lease and Related Agreements, and grant Nissan such further relief that equity and justice require.

Dated: November 22, 2006

Respectfully submitted:

**Waller Lansden Dortch & Davis,LLP**

/s/ Robert J. Welhoelter, Esq.
David E. Lemke, Esq. (TN 13586) *Pro Hac Vice*
Robert J. Welhoelter, Esq. (RW 8830), *Pro Hac Vice*
511 Union St., Suite 2700
Nashville, TN  37219-8966
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: David.Lemke@WallerLaw.com
Email: Robert.Welhoelter@wallerlaw.com

**Attorneys for**
**Nissan Technical Center North America, Inc.**

*CERTIFICATE OF SERVICE*

        In accordance with Local Bankruptcy Rule 9078-1, the undersigned certifies that on November 22, 2006 a true and correct copy of the following pleading was served via ECF, and upon the parties listed below by hand delivery where indicated or otherwise electronically and/or by overnight courier:

**RESPONSE BY NISSAN TECHNICAL CENTER NORTH AMERICA, INC.
TO DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION**

Chambers of Hon. Robert D. Drain
United States Bankruptcy Court
One Bowling Green
New York, New York 10004
via Hand Delivery

Delphi Corporation
5725 Delphi Drive
Troy, Michigan  48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
Attorneys for Delphi Corporation, et al.
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Attn:  John Wm Butler, Jr., Esq.
jbutler@skadden.com

Shearman & Sterling LLP
Special Counsel to Delphi Corporation, et al.
599 Lexington Avenue
New York, New York 10022
Attn: Douglas P. Bartner, Esq.
dbartner@shearman.com

Davis Polk & Wardwell
Attorneys for the Postpetition Lending Agent and the Joint Lead Arrangers
450 Lexington Avenue,
New York, New York 10017
Attn: Donald S. Bernstein, Esq. and Brian Resnick
donald.bernstein@dpw.com
brian.resnick@dpw.com

Simpson Thacher & Bartlett LLP
Attorneys for Prepetition Agent
425 Lexington Avenue,
New York, New York 10017
Attn: Kenneth S. Ziman, Esq., and Robert H. Trust, Esq.
kziman@stblaw.com
rtrust@stblaw.com

Fried, Frank, Harris, Shriver & Jacobson LLP
Attorneys for Official Committee of Equity Security Holders
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart, Esq.
steinbo@friedfrank.com

Latham & Watkins LLP
Attorneys for Official Committee of Unsecured Creditors
885 Third Avenue, Suite 1000
New York, New York 10022
Attn: Robert J. Rosenberg, Esq. and Mark A. Broude, Esq.
robert.rosenberg@lw.com
mark.broude@lw.com

Office of the United States Trustee for the Southern District of New York
In re Delphi Corporation, et al.
33 Whitehall Street, Suite 2100
New York, NY 10004
Attn: Alicia M. Leonhard, Esq.

Dated: November 22, 2006
Nashville, Tennessee

/s/ Robert J. Welhoelter, Esq.
Robert J. Welhoelter, Esq.