**Hearing Date and Time: To Be Determined By The Court**

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER<br>   & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606<br>(312) 407-0700<br>John Wm. Butler, Jr. (JB 4711)<br>John K. Lyons (JL 4951)<br>Ron E. Meisler (RM 3026) | O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC 20006<br>(202) 383-5300<br>Robert A. Siegel (RS 0922)<br>Tom A. Jerman (TJ 1129)<br>Rachel S. Janger<br>Jessica Kastin (JK 2288) |
| SKADDEN, ARPS, SLATE, MEAGHER<br>   & FLOM LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>Kayalyn A. Marafioti (KM 9632)<br>Thomas J. Matz (TM 5986) | GROOM LAW GROUP, CHTD<br>1701 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>(202) 857-0620<br>Lonie A. Hassel (LH 8805) |

Attorneys for Delphi Corporation, et al.,
   Debtor and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                                  :       Chapter 11
                                        :
DELPHI CORPORATION, et al.,       :       Case No. 05-44481 (RDD)
                                        :
                    Debtors.     :       (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     EX PARTE MOTION UNDER BANKRUPTCY CODE SECTION 107(c) AND FED. R.
    BANKR. P. 9018(1) FOR ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL
  CERTAIN UNREDACTED PORTIONS OF THE DEBTORS' RESPONSE TO MOTION OF
    USW TO COMPEL DEBTORS TO SUBMIT INDIVIDUAL EMPLOYEE MATTER TO
                                <u>IMPARTIAL MEDICAL AUTHORITY</u>

                      ("EX PARTE MOTION TO FILE UNDER SEAL MOTION")

Delphi Corporation ("Delphi" or the "Company") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this ex parte Motion For Order Under 11 U.S.C. § 107(c) And Fed. R. Bankr. P. 9018(1) Authorizing Debtors To File Under Seal Certain Unredacted Portions of Debtors' Response To Motion Of USW To Compel Debtors To Submit Individual Employee Matter to Impartial Medical Authority ("Ex Parte Motion"). Any capitalized terms not expressly defined herein are intended to have the meanings ascribed to them in the Response, and references to Delphi herein include the Debtors, as appropriate. In support of this Motion, the Debtors respectfully represent as follows:

<u>Background</u>

A.   <u>The Chapter 11 Filings</u>

1.   On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtor's chapter 11 cases.

2.   On October 17, 2005, the Office of the Unites States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in the Debtors' cases.

3.   This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.   The statutory predicates for the relief requested herein are 11 U.S.C. § 107(c) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2

B.   The Confidential Information

5.   Terry Detrick, a USW-represented employee who applied for and was granted retirement under the Total and Permanent Disability ("T&PD") provisions of the GM pension plan effective June 1, 1983, is seeking to have his T&PD status rescinded and to return to work at the facility he retired from (now the Delphi Dayton, Ohio facility).  The USW has filed a motion before this Court to have an impartial medical examiner determine whether Terry Detrick ("Detrick"), an individual retiree, has recovered from the condition that qualified him for total and permanent disability and is therefore able to return to work.  In connection with assessing Detrick's claim and attempting to determine his fitness to return to work, Delphi has reviewed the medical records that Detrick and his physicians submitted to the plant at the time of his retirement.

6.   Delphi submits that certain information contained in Detrick's medical file described in and attached to its Response, is information that Delphi may be obligated to keep confidential under the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  See 45 C.F.R. § 164.502.  Accordingly, the Debtors seek authority to file this material (the "Confidential Materials") under seal and to provide for only limited disclosure and service of such materials.

Relief Requested

7.   By this Ex Parte Motion, the Debtors seek entry of an order, pursuant to section 107(c) of the Bankruptcy Code and Bankruptcy Rule 9018(1), authorizing the Debtors to file the Confidential Materials under seal in the Debtors' chapter 11 cases to maintain the confidentiality of the information contained in those materials.

8.   The Confidential Materials are comprised of confidential patient information regarding Detrick's medical conditions at the time of his retirement and other information related

to his disability, which constitutes confidential medical information. It is, therefore, of the utmost importance to the individual and to the Debtors that this information is not made available to the public.

9. Finally, disclosure of the Confidential Materials is not necessary for the protection of the public, creditors of the Debtors, or third parties, because the claims in this matter do not bear on the Debtors' bankruptcy or ability to reorganize.

10. The Debtors propose that the Confidential Materials (and any confidential information derived from the Confidential Materials) remain confidential, be filed under seal, and be served on and made available only to the parties to this dispute.

## Applicable Authority

11. Under section 107(c) of the Bankruptcy Code the court may, for cause, protect an individual with respect to <u>any</u> information, "in a paper filed or to be filed with the court" if the court finds disclosure of the information would create "undue risk of identity theft or unlawful injury to the individual or the individual's property."  11 U.S.C. § 107(c)(1)(B).

12. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(c) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires…(2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code." Fed. R. Bankr. P. 9018.

13. Under HIPAA a "covered entity may not use or disclose any protected health information except" as enumerated in the statute and regulations, such as for treatment or upon authorization. <u>See</u> 45 C.F.R. § 164.502. "Health information" includes "any information, whether oral or recorded in any form or medium, that - (A) is created or received by a…employer, (B) relates to the past, present, or future physical or mental health or condition of

4

an individual," 42 U.S.C.A. § 1320d.  Here, Detrick's medical information may be protected health information that Delphi is obligated to keep confidential.

14. Based on these facts, the Debtors have met the "for cause" requirement for protecting an individual with respect to the Confidential Materials.  Accordingly, the Court should enter an order authorizing the Debtors to file certain unredacted portions of its Response under seal with the Court pursuant to General Order M-242 and have it be sealed by the United States Bankruptcy Clerk for the Southern District of New York.  The Debtors intend to file a redacted public version of the Response which excludes the Confidential Materials.

### Notice

15. Notice of this Response has been provided in accordance with the Amended Eighth Supplemental Order under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and Administrative Procedures, and (iii) Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e), which was entered by this Court on October 26, 2006 (Docket No. 5418).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

### Memorandum Of Law

16. Because the legal points and authorities upon which this Response relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) authorizing the Debtors to file the Confidential Materials under seal and (b) granting them such other and further relief as is just.

Dated: New York, New York
November 22, 2006

>                SKADDEN, ARPS, SLATE, MEAGHER &
>                  FLOM LLP
>
>                By: /s/ John Wm. Butler, Jr.
>                   John Wm. Butler, Jr. (JB 4711)
>                   John K. Lyons (JL 4951)
>                   Ron E. Meisler (RM 3026)
>                333 West Wacker Drive, Suite 2100
>                Chicago, Illinois  60606
>                (312) 407-0700
>
>                By: /s/ Kayalyn A. Marafioti
>                   Kayalyn A. Marafioti (KM 9632)
>                   Thomas J. Matz (TM 5986)
>                Four Times Square
>                New York, New York 10036
>                (212) 735-3000
>
>                O'MELVENY & MYERS LLP
>
>                By: /s/ Tom A. Jerman
>                   Robert A. Siegel (RS 0922)
>                   Tom A. Jerman (TJ 1129)
>                   Rachel S. Janger
>                   Jessica Kastin (JK 2288)
>                1625 Eye Street, NW
>                Washington, DC  20006
>                (202) 383-5300
>
>                GROOM LAW GROUP, CHARTERED
>
>                By: /s/ Lonie A. Hassel
>                   Lonie A. Hassel (LH 8805)
>                1701 Pennsylvania Avenue, NW
>                Washington, DC  20006
>                (202) 857-0620
>
>                Attorneys for Delphi Corporation, et al.,
>                   Debtors and Debtors-in-Possession

6