Judy A. O'Neill (admitted *Pro Hac Vice*)
FOLEY & LARDNER LLP
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

And

Lori V. Vaughan (*Pro Hac Vice* pending)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY  10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             )
In re:                                                       )
                                                             )        Chapter 11
DELPHI CORPORATION, et al.,                                  )        Case No. 05-44481 (RDD)
                                                             )        Jointly Administered
                    Debtors.                                 )
-------------------------------------------------------------x

## RESPONSE OF METALDYNE CORPORATION AND METALDYNE MACHINING AND ASSEMBLY COMPANY, INC. TO DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)

Metaldyne Corporation and Metaldyne Machining and Assembly Company, Inc. (together, "Metaldyne"), by its attorneys Foley & Lardner LLP, respectfully submits this Response (the "Response") to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims

Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (the "Debtors' Objection").  This response is supported by the Affidavit of Terry Iwasaki ("Ms. Iwasaki") attached hereto as <u>Exhibit A</u> (the "Iwasaki Affidavit").    Pursuant to the notice submitted by the Debtors, Ms. Iwasaki is the person possessing authority to reconcile, settle or otherwise resolve Metaldyne's claim.  Ms. Iwasaki's contact information is set forth immediately below (provided that any party should contact Metaldyne through undersigned counsel):

> Terry Iwasaki
> Metaldyne Corporation
> 47603 Halyard Drive
> Plymouth, MI  48170
> Telephone: 734-207-6200

Any reply to this Response should be delivered to Metaldyne's undersigned counsel at the address below.

## BACKGROUND

On July 28, 2006, Metaldyne filed proof of claim number 11934 in the amount of $594,894.60 (the "Claim")[1] against Delphi Automotive Systems, LLC ("Delphi Automotive").  Metaldyne filed the Claim against Delphi Automotive after discussing with the Debtors the appropriate Debtor entity against whom the claim should be filed.

The Claim is based upon amounts owed to Metaldyne for: (i) parts shipped (the "Parts") as of the Debtors' bankruptcy filing on October 8, 2005 (the "Petition Date"); (ii) costs relating to cancellation of the GMX 130 brake program (the "Cancellation Costs"); and (iii) tooling

---

[1] Metaldyne has setoff and/or recoupment rights with respect to the Claim, which Metaldyne expressly reserves herein as in the Claim.

shipped as of the Petition Date (the "Tooling").[2]  The Claim, as filed, includes: (i) $42,600.33 based upon invoices for Parts shipped to the Debtors which the Debtors did not pay for in full (or "short paid"), described in detail on Tab 1 to the Claim under the "LOC" code "110" (the "Tab 1 Parts Claims"); (ii) $50,469.56 based upon invoices for Parts shipped to the Debtors which Metaldyne believed the Debtors did not pay at all, described in detail on Tab 2 to the Claim under the "Location" code "00110" (the "Tab 2 Parts Claims"); (iii) $131,124.71 for the Cancellation Costs, with supporting documentation in Tab 3 to the Claim (the "Cancellation Costs Claims"); and (iv) $370,700.00, with supporting documentation in Tab 4 to the Claim (the "Tooling Claims") .[3]  Metaldyne holds liens securing the Tooling Claims.

As a result of further investigation, Metaldyne has decided to withdraw the Tab 1 Parts Claims.  In further clarification, Metaldyne asserts that the Tab 2 Parts Claims were actually short paid, rather than wholly unpaid.  However, such short paid amounts are equal to the amounts described as unpaid in the "TOTAL" column of Tab 2 to the Claim with one exception.  Upon further investigation, Metaldyne has determined that one of the invoices underlying the Tab 2 Parts Claims, invoice number 51770 in the amount of $4,052.12 (the "Paid Invoice"), was actually paid in full as of the Petition Date and thus is not owing to Metaldyne.  Therefore, as stated in the Iwasaki Affidavit, as of the Petition Date, Metaldyne is owed $46,417.44 for the Tab 2 Parts Claims.  Invoices for such Tab 2 Parts Claims are attached to the Iwasaki Affidavit

---

[2] The Claim also describes $74,538.00 in unauthorized debits which Delphi Automotive took which Metaldyne is entitled to be paid.  However, because such debits were taken after the Petition Date, Metaldyne submits it has a postpetition claim for the amount of such debits, and therefore only included them in the Claim in an abundance of caution.

[3] Section 9 of Official Bankruptcy Form Number 10 expressly instructs that the signing creditor should, "[i]f the documents are voluminous, attach a summary."  Because the relevant invoices were voluminous, and to further explain the claims, Metaldyne attached a summary of the invoices underlying the claim in accordance with the form proof of claim instructions, with a statement that the invoices were available upon request.

NYC_22169.1

as Attachment 1 thereto.  Furthermore, with respect to the Cancellation Costs Claims, as stated

by the Iwasaki Affidavit, Metaldyne is owed $131,124.71 for such claims.  However, Delphi

Automotive has agreed, pursuant to the purchase order and associated documentation attached to

the Iwasaki Affidavit as Attachment 2 thereto, to purchase from Metaldyne $115,671.77 of

goods.  Upon such purchase, Metaldyne will withdraw its claim for the Cancellation Costs

Claims.  Finally, with respect to the Tooling Claims, as stated in the Iwasaki Affidavit,

Metaldyne is still owed $370,700.00 for the Tooling.  Documentation underlying the Tooling

Claims is included in Attachment 3 to the Iwasaki Affidavit.  Metaldyne has certain setoff and/or

recoupment and tooling lien rights which secure its Claim.

Due to the existence of contracts which govern the Claim, Metaldyne asserts that it may

have rights to offset or recoup some or all of the Claim.  However, the Claim has been filed to

protect all rights to payment to the extent the Claim is not satisfied through setoff, recoupment or

post-petition performance of the contracts.

## ARGUMENT

## I.    THE DEBTORS' OBJECTION HAS UTTERLY FAILED TO PROVIDE EVIDENCE OF SUFFICIENT PROBATIVE FORCE TO DEFEAT THE PRIMA FACIE VALIDITY OF METALDYNE'S CLAIM

Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), Metaldyne's Claim

"constitute[s] prima facie evidence of the validity and amount" of such claim.  Fed. R. Bankr.

Proc. 3001(f).  Indeed, once the Claim was filed, the burden shifted to the Debtors to rebut the

prima facie allowability of the Claim:

> If and only if the objecting party presents evidence of equal
> probative weight, the burden of going forward shifts back to the
> claimant . . . .  The claimant must then offer evidence to carry its
> burden of persuasion. *This allocation of the burden of going
> forward "provides a proper balancing of burdens, assuring that
> objecting party does not underprove its objections, while, at the
> same time, assuring that the claimant filing the proof of claim need*

4

> *not overprove his claim at the mere cry of inequity by the objecting
> party.*"

In re Britt, 199 B.R. 1000, 1009 (Bankr. N.D. Ala. 1996) (internal citations omitted and

emphasis added); In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d Cir. 1999) ("A properly executed

and filed proof of claim constitutes prima facie evidence of the validity of the claim. . .[t]o

overcome this prima facie evidence, the objecting party must come forth with evidence which, if

believed, would refute at least one of the allegations essential to the claim."); see also In re

Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); In re Int'l Wireless Comm. Holdings,

Inc., 257 B.R. 739, 742 (Bankr. D. Del. 2001) ("objecting party bears the initial burden of

presenting sufficient evidence to overcome the presumed validity and amount of the claim").

The Debtors bear the initial burden of going forward with evidence to object to the claim.  2

Norton Bankr. L. & Prac. 2d § 41:7 ("A duly executed proof of claim being a prima facie case

for the claimant, the burden is on the objecting party to go forward with evidence establishing

the basis of the objection.  For example, if the objection is that no debt is owed or that the

amount of the debt is different from the claimed amount, proof of the fact must be presented.").

    The Debtors have utterly failed to "come forward with sufficient evidence and 'show

facts tending to defeat the claim by probative force equal to that of the allegations of the proof of

claim [itself].'"  In re Schlehr, 290 B.R. 387, 395 (Bankr. D. Mont. 2003) (quoting In re Holm,

931 F.2d 620, 623 (9th Cir. 1991)) (brackets added).  Indeed, the Debtors have totally failed to

provide any evidence, let alone sufficient evidence of equal probative weight to the Claim, to

rebut the prima facie validity of the Claim.  The Debtors' Objection merely argues, without any

evidentiary support, that the Claim is not owing according to the Debtors' books and records.

This scant objection is in response to a 58-page Claim submitted by Metaldyne that includes a

detailed recitation of the facts which serve as the basis of the Claim and provides a significant

description of the documents underlying the Claim. Moreover, the Claim has been supplemented through the filing of this Response and the Iwasaki Affidavit to include further documentation underlying the Claim.

Metaldyne has alleged sufficient facts and furnished ample support for the legal basis for the Claim. Not only did Metaldyne timely submit the Claim, it also provided extensive documentation with the Claim. As noted by the Claim, as modified as described herein and supported by the Iwasaki Affidavit, Metaldyne is entitled to payment for Parts and Tooling shipped and unpaid, and Cancellation Costs incurred, as of the Petition Date. In light of the Claim, Metaldyne has set forth facts establishing its claim as prima facie valid. Without more than the general assertions and without any specific factual support, the Debtors have failed to overcome Metaldyne's prima facie valid Claim.

## II. EVEN IF THE DEBTORS HAVE SATISFIED THEIR INITIAL BURDEN OF PROOF TO REBUT THE PRIMA FACIE VALIDITY OF THE CLAIM, METALDYNE SUCCESSFULLY CARRIES THE BURDEN OF PERSUASION THAT IT POSSESSES A VALID CLAIM

As defined in the Bankruptcy code, a "claim" includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101. Metaldyne has a "claim" for the unpaid amounts described in the Claim.

Attached hereto as Exhibit A is the affidavit of Ms. Iwasaki, Metaldyne's Vice President of Finance, Commercial Operations and Metaldyne Asia. As Ms. Iwasaki has sworn, Metaldyne is owed: (i) $46,417.44 for the Tab 2 Parts Claims; (ii) $131,124.71 for the Cancellation Costs Claims (subject to withdrawal of such portion of the Claim by Metaldyne upon Delphi Automotive's purchase of $115,671.77 of goods as described above and in the Iwasaki Affidavit); and (iii) $370,700.00 for the Tooling Claims. In light of the Claim, and the Iwasaki

6

Affidavit, Metaldyne has successfully carried its burden of persuasion with respect to the Claim and has shown by the preponderance of the evidence the validity of its claim.  In re Allegheny Int'l, Inc., 954 F.2d at 173.

### RESERVATION OF RIGHTS

Metaldyne reserves the right to update or supplement its response from time to time.

### CONCLUSION

WHEREFORE, because the Debtors have failed to carry their burden in objecting to Metaldyne's prima facie valid Claim and because Metaldyne has tendered ample and sufficient evidence in support of the Claim, the Debtors' Objection should be overruled and the Claim should be allowed in its entirety.


Dated:  November 22, 2006
        New York, New York

                                Respectfully submitted,

                                /s/ Lori V. Vaughan_____
                                Lori V. Vaughan (*Pro Hac Vice* pending)
                                FOLEY & LARDBER LLP
                                90 Park Avenue
                                New York, NY  10016
                                Telephone: (212) 682-7474

                                And

                                Judy A. O'Neill (admitted *Pro Hac Vice*)
                                FOLEY & LARDNER LLP
                                500 Woodward Ave., Suite 2700
                                Detroit, MI 48226
                                Telephone: (313) 234-7100
                                Facsimile: (313) 234-2800

7

NYC_22169.1