UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE

DELPHI CORPORATION, et al.,

Debtors.

_____/

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

RESPONSE OF FLOFORM, LTD TO
DEBTORS'(I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) CLAIMS WITH INSUFFICIENT DOCUMENTATION,
(B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND
(C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE
CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)

Floform, Ltd ("Floform"), by its attorneys, Honigman Miller Schwartz and Cohn LLP, for its Response (the "Response") to Debtors' (I) Third Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Objection") states:

## SUMMARY CONCLUSION

Debtors' objection offers no substantive basis to reject Floform's Proof of Claim. Therefore, the Proof of Claim retains its prima facie presumption of validity. Also, Debtor Delphi Corporation ("Delphi") is liable to Floform for all unpaid amounts relating to goods purchased by Delphi from Floform prior to the commencement of Debtors' bankruptcy cases.

## BACKGROUND

Floform timely filed its Proof of Claim in Debtors' bankruptcy cases on July 31, 2006. A copy of the Proof of Claim is attached as Exhibit A to this Response. As detailed in the Attachment to the Proof of Claim, Floform provided goods to Delphi prior to commencement of Debtors' bankruptcy cases for which payment has not been remitted to Floform. A schedule indicating invoices, invoice dates and amounts owed is attached as Exhibit B to this Response.

Debtors object to Floform's Proof of Claim solely on the basis that such claim is not recorded as owing on Debtors' books and records.

## ARGUMENT

A. **DEBTORS' ASSERTION THAT ITS BOOKS AND RECORDS DO NOT REFLECT THE REIMBURSEMENT LIABILITY DOES NOT DEFEAT THE PRIMA FACIE VALIDITY OF FLOFORM'S PROOF OF CLAIM**

Debtors' assertion that its books and records do not reflect the Reimbursement Liability does not, by itself, defeat the prima facie validity of Floform's Proof of Claim for the Reimbursement Liability under Federal Rule of Bankruptcy Procedure 3001(F). As explained in *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992) (citations omitted):

> A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. 11 U.S.C. §502(a); Bankr. Rule 3001(f), 11 U.S.C. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. Only then is the ultimate burden of persuasion with the proponent of the claim."

In their Objection, Debtors have failed to bring forth any substantive evidence refuting the existence and validity of Floform's claim. "A proof of claim is strong enough to carry over a mere formal objection, i.e., an objection which simply asserts that the claim is invalid . . . ." *In re Fisher Holding Co., Inc.* 12 B.R. 193, 195 (Bankr. S.D. Ind. 1981). Absent some hard evidence brought forth by Debtors to support their Objection, Floform's Proof of Claim retains its prima facie presumption of validity.

B. **DELPHI IS LIABLE TO FLOFORM FOR ALL UNPAID AMOUNTS RELATING TO GOODS PURCHASED BY DELPHI FROM FLOFORM PRIOR TO COMMENCEMENT OF DEBTORS' BANKRUPTCY CASES**

Pursuant to certain unpaid invoices and underlying purchase orders, Delphi requested to purchase from Floform and Floform sold to Delphi certain goods and/or components. Exhibit B summarizes the invoices, invoice dates and amounts relating to the goods provided by Floform to Delphi. All of the goods provided to Delphi that make up Floform's claim were sold to Delphi prior to the commencement of Debtors' bankruptcy cases.

Floform is currently compiling all invoices and underlying purchase orders, however, such information if voluminous and, as Floform is a foreign company organized and operating in the United Kingdom, Floform has been unable to compile and transmit such information in time to be attached to this Response. Floform will supplement and amend this Response with the relevant invoices and purchases as soon as same can be compiled and transmitted to Debtors.

2

C. <u>FLOFORM'S CONTRACTS WITH DELPHI CALL FOR PAYMENT IN U.K. POUNDS STERLING AS INDICATED IN FLOFORM'S PROOF OF CLAIM; HOWEVER, TO THE EXTENT THE COURT REQUIRES FLOFORM'S CLAIM BE CONVERTED TO U.S. DOLLARS, THE AMOUNT DUE TO FLOFORM IS $428,642.58</u>

Floform's Proof of Claim was filed U.K. pounds sterling as that is the currency (a) identified in the purchase orders and invoices between Floform and Delphi and (b) in which all payments from Delphi to Floform have been previously made. Floform's Proof of Claim is in the amount of in the amount of £225,601.36. However, to the extent that the Court requires that Floform's claim be converted to U.S. dollars, such conversion should be at the rate of $1.90 per £1. Such conversion results in Floform's validly existing claim being in the amount of $428,642.58.

## REPLY

Any reply to this Response should be addressed to the following:

> E. Todd Sable
> Honigman Miller Schwartz and Cohn LLP
> 2290 First National Building
> 660 Woodward Avenue
> Detroit, MI 48226-3506
> (313) 465-7548

## AUTHORITY TO SETTLE

The contact information for the person(s) who possess ultimate authority to reconcile, settle, or otherwise resolve the objection to Floform's claim is as follows:

> Charles Hearn
> Floform, Ltd.
> Henfaes Lane
> Welshpool
> Powys
> SY21 7BJ
> United Kingdom

## CONCLUSION

     The existence and validity of Floform's Proof of Claim is supported by the schedule indicating invoices, invoice dates and amounts owed from Delphi to Floform attached as Exhibit B and the relevant invoices and underlying purchase orders which are being compiled by Floform and will be provided to Debtors as soon as possible to supplement this Response. Further, absent any substantive basis in support of their Objection provided by Debtors, Floform's properly filed Proof of Claim remains prima facie evidence of the validity and amount of Floform's claim. Floform's Proof of Claim should be allowed as filed and Debtors' Objection should be denied.

                                              HONIGMAN MILLER SCHWARTZ AND COHN LLP

                                              By:    /s/ E. Todd Sable
                                                    E. Todd Sable (P54956)
                                                    Joseph R. Sgroi (P68666)
                                            2290 First National Building
                                            660 Woodward Avenue
                                            Detroit, MI  48226-3506
                                            (313) 465-7548
                                            tsable@honigman.com

Dated: November 22, 2006

DETROIT.2382758.1

4

**EXHIBIT A**

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT Southern          DISTRICT OF New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Delphi Corporation | Case Number: 05-44481 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Floform, Ltd.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Joseph R. Sgroi, Honigman Miller Schwartz and Cohn LLP
2290 First National Building, 660 Woodward Avenue
Detroit MI 48226

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: (313) 465-7570

COPY

Received
AUG 0 9 2006
Kurtzman Carson

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces     ☐ amends    a previously filed claim, dated:_____

1. **Basis for Claim**
   - ☒ Goods sold
   - ☐ Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other _____
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
     (date)            (date)

2. **Date debt was incurred:** various

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ _____  £225,601.36  _____  £225,601.36
   (unsecured)  (secured)  (priority)  (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☒ Check this box if your claim is secured by collateral (including a right of setoff).

   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☒ Other  setoff

   Value of Collateral: $ £225,601.36

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim** $_____

   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   - ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   - ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   - ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   - ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   - ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   - ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
JUL 31 2006
CLAIMS PROCESSING

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| July 28, 2006 | Charles Hearn   /s/ Charles Hearn / with consent JRS |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM FILED BY FLOFORM, LTD.

| | |
|---|---|
| Creditor: | Floform, Ltd. ("Floform") |
| Debtor: | Delphi Corporation ("Delphi") |
| Case No: | 05-44481 |
| Amount of Claim: | £225,601.36 |

Floform has filed its Proof of Claim in Delphi Corporation, Case No. 05-44481, in the amount of £225,601.36. This Proof of Claim has been filed in U.K. pounds sterling as this is the currency (a) identified in the purchase orders and invoices between Floform with Delphi and (b) in which all payments from Delphi to Floform have been previously made. This claim represents amounts due to Florform for goods purchased prior to the commencement of these bankruptcy cases by Delphi from Floform, for which payment has not been remitted to Floform. This claim is secured in its full amount by Floform's right of setoff.

Copies of unpaid invoices and the underlying purchase orders supporting this claim are voluminous and have not been attached to the Proof of Claim. The referenced documents are incorporated by reference into the Proof of Claim and may be obtained by contacting counsel for Floform at the address indicated on the face of the Proof of Claim. Floform reserves the right to file additional or supplemental claims if it is subsequently determined that Proof of Claim has not been filed against the correct legal entity.

DETROIT.2268002.1

# EXHIBIT B

| DEL01 | | | |
|---|---|---|---|
| I046597 | 9/23/2005 | | |
| I046787 | 5/5/2005 IN | 4,412.88 | |
| I047428 | 5/26/2005 IN | 4,412.88 | |
| I047563 | 8/11/2005 IN | 3,368.95 | |
| | 8/26/2005 IN | 32,126.41 | |
| | | | 44,321.12 |
| I047826 | 9/23/2005 | | |
| I047827 | 9/22/2005 IN | 3,368.95 | |
| I047828 | 9/22/2005 IN | 4,412.88 | |
| I047829 | 9/22/2005 IN | 3,468.10 | |
| I047830 | 9/22/2005 IN | 457.06 | |
| I047831 | 9/22/2005 IN | 374.33 | |
| I047834 | 9/22/2005 IN | 474.77 | |
| I047835 | 9/22/2005 IN | 4,412.88 | |
| I047836 | 9/22/2005 IN | 3,468.10 | |
| I047837 | 9/22/2005 IN | 457.06 | |
| I047840 | 9/22/2005 IN | 374.33 | |
| I047841 | 9/22/2005 IN | 4,412.88 | |
| I047842 | 9/22/2005 IN | 3,468.10 | |
| I047844 | 9/22/2005 IN | 374.33 | |
| I047845 | 9/22/2005 IN | 4,412.88 | |
| I047846 | 9/22/2005 IN | 374.33 | |
| I047847 | 9/22/2005 IN | 4,412.88 | |
| I047848 | 9/22/2005 IN | 374.33 | |
| I047849 | 9/22/2005 IN | 4,412.88 | |
| I047850 | 9/22/2005 IN | 374.33 | |
| I047851 | 9/22/2005 IN | 4,412.88 | |
| I047852 | 9/22/2005 IN | 1,822.60 | |
| I047832 | 9/22/2005 IN | 1,822.60 | |
| I047833 | 9/22/2005 IN | 1,822.60 | |
| I047838 | 9/22/2005 IN | 1,822.60 | |
| I047839 | 9/22/2005 IN | 1,822.60 | |
| I047843 | 9/22/2005 IN | 4,412.88 | |
| I047854 | 9/23/2005 IN | 3,368.95 | |
| I047855 | 9/23/2005 IN | 4,412.88 | LME |
| | | | 65,941.77 |
| I047903 | 9/30/2005 | | |
| I047904 | 9/30/2005 IN | 3368.95 | |
| I047905 | 9/30/2005 IN | 3368.95 | |
| I047906 | 9/30/2005 IN | 4,412.88 | |
| I047907 | 9/30/2005 IN | 12,690.00 | |
| I047908 | 9/30/2005 IN | 3,468.10 | |
| I047909 | 9/30/2005 IN | 457.06 | |
| I047912 | 9/30/2005 IN | 474.77 | |
| I047913 | 9/30/2005 IN | 3,368.95 | |
| I047914 | 9/30/2005 IN | 4,412.88 | |
| I047915 | 9/30/2005 IN | 3,468.10 | |
| I047918 | 9/30/2005 IN | 457.06 | |
| I047919 | 9/30/2005 IN | 3,368.95 | |
| I047920 | 9/30/2005 IN | 4,412.88 | |
| I047921 | 9/30/2005 IN | 3,468.10 | |
| I047924 | 9/30/2005 IN | 457.06 | |
| I047925 | 9/30/2005 IN | 4,412.88 | |
| I047926 | 9/30/2005 IN | 457.06 | |
| I047928 | 9/30/2005 IN | 45,287.96 | |
| I047910 | 9/30/2005 IN | 4,412.88 | |
| I047911 | 9/30/2005 IN | 1,822.60 | |
| I047916 | 9/30/2005 IN | 1,822.60 | |
| I047917 | 9/30/2005 IN | 1,822.60 | |
| I047922 | 9/30/2005 IN | 1,822.60 | |
| | | | 115,338.47 |