Hearing Date and Time: November 30, 2006 at 10:00 a.m.
Response Date and Time: November 24, 2006 at 4:00 p.m.

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer (TM-9357)
Gordon Z. Novod (GN-0494)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Electronic Data Systems Corporation,
EDS Information Services L.L.C. and
EDS de Mexico, S.A. de C.V.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
DELPHI CORPORATION, et al.,                                  :    Case No. 05-44481 (RDD)
                                                             :
                                                             :    (Jointly Administered)
                                    Debtors.                 :
                                                             :
------------------------------------------------------------ x

**OBJECTION OF ELECTRONIC DATA SYSTEMS, EDS INFORMATION
SERVICES L.L.C. AND EDS de MEXICO S.A. de C.V. TO THE
DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C.
§§ 502(B) AND 502(C) AND FED. R. BANKR. P. 2002(M), 3007, 7016, 7026,
9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS
REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS AND
(II) CERTAIN NOTICES AND PROCEDURES GOVERNING HEARINGS
REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS**

Electronic Data Systems Corporation ("EDS Corp."), EDS Information Services

L.L.C. ("EIS") & EDS de Mexico, S.A. de C.V. ("EDS Mexico") (together with EDS Corp. and

EIS, "EDS") file this objection (the "Objection") to the above-captioned jointly administered

debtors and debtors-in-possession (collectively, the "Debtors") Motion for Order Pursuant To 11

U.S.C. §§ 502(b) And 502(c) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And

KL2 2475017.3                                1

9014 Establishing (i) Dates For Hearings Regarding Disallowance or Estimation of Claims And (ii) Certain Notices and Procedures Governing Hearings Regarding Disallowance or Estimation of Claims (the "Claims Procedures Motion"). In support of the Objection, EDS respectfully states as follows:

## PROCEDURAL HISTORY

A.   The Chapter 11 Filings

1.   On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtor's chapter 11 cases.

2.   No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). EDS was appointed by the U.S. Trustee to serve on the Creditors' Committee and continues to serve on the Creditors' Committee today.

3.   On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

4.   This Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

B.     Bar Date, Proofs Of Claim, And Omnibus Claims Objections

5.     On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").  Among other things, the Bar Date Order established July 31, 2006 as the last date for all persons and entities holding or wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5), against a Debtor to file a proof of claim form with respect to each Claim.

C.     EDS' Proofs of Claim

6.     On July 28, 2006, EDS timely filed a total of six proofs of claim (each a "Proof of Claim", collectively, the "Proofs of Claim") against Delphi Corporation ("Delphi Corp.") and Delphi Automotive Systems LLC ("DAS") (together with Delphi Corp., "Delphi" or the "Debtors").

D.     The Debtors' Claims Procedures Motion

7.     On October 31, 2006, the Debtors filed the Omnibus Objections and their Motion for Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance or Estimation of Claims And (ii) Certain Notices and Procedures Governing Hearings Regarding Disallowance or Estimation of Claims (the "Claims Procedures Motion").

E.     The Debtors' Second and Third Omnibus Claims' Objections

8.     On October 31, 2006, the Debtors filed the Omnibus Objections.  The Second Omnibus Objection seeks to expunge EDS' proofs of claim numbered 12679, 12680, and 12683 as "Duplicate And Amended Claims."  The Third Omnibus Objection seeks to reduce EDS' proofs of claim numbered 12678, 12681, and 12682.

9.  The Omnibus Objections also mandate that every response to the Omnibus Objections must include:

    (a)  a caption setting forth the name of the Court, the names of the Debtors, the case number, and the title of [the Omnibus Objection] to which the Response is directed;

    (b)  the name of the Claimant and description of the basis for the amount of the Claim;

    (c)  a concise statement setting forth the reasons why the Claim should not be disallowed, expunged, or reclassified for the reasons set forth in [the Omnibus Objection], including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing [the Omnibus Objection];

    (d)  all documentation or other evidence of the Claim upon which the Claimant will rely in opposing [the Omnibus Objection] to the extent not included with the Proof of Claim previously filed with the Court;

    (e)  the address(es) to which the Debtors must deliver any reply to the Response, if different from the address(es) presented in the Claim; and

    (f)  the name, address, and telephone number of the person (which may be the Claimant or his/her/its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant.

<u>See</u> Second Omnibus Objection ¶37; Third Omnibus Objection ¶47.

10.  The Omnibus Objections also provide that:

    If a Claimant whose Claim is subject to [the Omnibus Objection] and who is served with [the Omnibus Objection] fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order disallowing and expunging or otherwise limiting such Claim without further notice to the Claimant. Thus, a failure to respond may forever bar Claimants listed on [the Omnibus Objection] from sustaining a Claim against the Debtors.

<u>See</u> Second Omnibus Objection ¶40; Third Omnibus Objection ¶50.

11.  The Third Omnibus Objection also provides that:

    If a Response is properly and timely filed and served in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with the Claimant, the Debtors request that this Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding this Third

KL2 2475017.3    4

> Omnibus Claims Objection and any Response hereto and set further hearings pursuant to the [Claims Procedures Motion] . . . **The procedures set forth in the [Claims Procedures Motion] will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.**

See Third Omnibus Objection ¶48 (emphasis added).

### EDS' PROCEDURAL OBJECTIONS[1]

12.     EDS objects to the Proposed Procedures because of the draconian effect that results if the procedures are not followed.  Simply put, a claim will be disallowed in its entirety if a claimant fails to comply to the letter with the minutiae of the Proposed Procedures.  The Proposed Procedures go well beyond what is "reasonable and appropriate" notwithstanding the Debtors' desire to limit the administrative burden of the Court in handing the Debtors' claims objections and the Debtors' need to resolve Contested Claims on an expedited basis.  Motion ¶37.  The Proposed Procedures are inappropriate and, in certain circumstances, contrary to the Federal Bankruptcy Rules and the Local Rules of this Court.

13.     In general, the Bankruptcy Rules contain numerous provisions which create a process for debtors to adjudicate claim objections while protecting the due process rights of creditors.  See Fed. R. Bankr. P. Rules 3007, 9014 and Part VII.  As one authority wrote:

> a claim objection . . . assumes a contest and a concomitant requirement of due process.  While this will not prevent a disposition of a claim without a hearing (e.g., through summary judgment), it should guard against abuse of the objection process, which otherwise could be used unfairly . . . .

Collier on Bankruptcy, ¶3007.01[1] (15th ed. rev. 2002).

14.     The Advisory Committee Note to Bankruptcy Rule 3007 specifically directs that a contested matter initiated by an objection to a claim is governed by Bankruptcy Rule 9014.

---

[1] EDS objected to certain of the Debtors' procedures contained in the Omnibus Objections in EDS' response to the Omnibus Objections.  The objections raised in EDS' response are incorporated herein.  The procedures contained in the Claims Procedures Motion are referred to with the procedures in the Omnibus Objection as the "Proposed Procedures").

KL2 2475017.3                                    5

Bankruptcy Rule 9014 provides that this Court "may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Fed. R. Bankr. P. 9014(c).

15. Below is a chart which sets forth each of the Debtors' proposed procedures and EDS' respective objections.

16. <u>Mandatory Meet and Confer</u> (Motion ¶36(c)).

| **Debtors' Proposed Procedure** | **Objection** |
| --- | --- |
| The Proposed Procedures require an in-person meet and confer occur at a neutral location **in Troy, Michigan**, or such other location as is **reasonably acceptable to the Debtors** for a Contested Claim that exceeds $250,000.<br>The meet and confer must occur within five business days of service of the Notice of Adjourned Claims Objection. | EDS objects to this requirement. It is unduly burdensome for creditors to be compelled to travel to Troy, Michigan for a mandatory in-person meet and confer. The Debtors elected to file their bankruptcy cases in New York and should be compelled to meet and confer in New York or some place mutually agreeable to the parties.<br><br>Further, the Federal Rules of Bankruptcy Procedure do not require that an in-person meet and confer occur. Fed. R. Civ. P. 26(f), applicable to contested matters under Fed. R. Bankr. P. 7026 and 9014 require that a meet and confer occur at least 21 days prior to a scheduling conference. A court also may order that the parties or attorneys attend the conference in person. <u>See</u> Fed. R. Bankr. P. 7026(f). |
| Counsel for each of the parties, and a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, are required to attend the in-person meet and confer. | There is no basis under the Bankruptcy Rules to require attendance of a person with decision making authority to attend a meet and confer.<br><br>Even if Fed. R. Bankr. P. 7016 applies here (which it does not absent an order of the Bankruptcy Court), Fed. R. Civ. P. 16(a) only requires attorneys for the parties to appear at a pre-trial conference. |
| Failure by the Claimant to timely participate in an in-person meet and confer constitutes grounds for disallowance and expungement of the Contested Claim. | There is no basis under the Bankruptcy Rules to disallow a claim for failure to participate in a meet and confer. |

17.     Claimant's Supplemental Response (Motion ¶36(d)).

| **Debtors' Proposed Procedure** | **Objection** |
|---|---|
| The Claimant shall file and serve its Supplemental Response no later than five business days after the conclusion of the meet and confer. | EDS objects to the short time period in which a Claimant has to file its Supplemental Response when compared to the infinite time period that applies to the Debtors' Supplemental Reply. |
| The Claimant would be required to file such exhibits with its Supplemental Response (other than those previously included with its Proof of Claim). | EDS objects to the requirement that a Claimant is required to file and serve a Supplemental Response (which contains exhibits) publicly with the Court for several reasons. First, the mandatory disclosures sought by the Debtors exceed those provided by Federal Rule of Civil Procedure 26(a). In any case, the mandatory disclosures required by Federal Rule of Civil Procedure 26(a) would apply to both EDS <u>and</u> the Debtors -- and the Proposed Procedures impose no comparable disclosure obligations on the Debtors. Even if the Court were to order mandatory disclosure under Federal Rule of Civil Procedure 26(a), such disclosure is not required until 14 days after a discovery conference under Federal Rule of Civil Procedure 26(f) has been held. Second, the Contracts underlying EDS' Proofs of Claim contain highly proprietary and confidential business information which EDS is bound to keep confidential under the terms of the Contracts. The Debtors have previously conceded the confidential nature of similar contracts in connection with the Debtors' request for authority to enter into new Information Technology Infrastructure Outsourcing Agreements (Docket No. 5237) with EDS and Hewlett Packard Company. |
| The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim. Any witness who gives an affidavit or declaration shall be present at the Claims Objection Hearing. The Claimant shall not be permitted to elicit any direct testimony of those witnesses at the Claims Objection Hearing. Instead, the affidavit or declaration submitted with the Supplemental Response would serve as the witnesses' direct testimony and the Debtors would be allowed to cross-examine the witnesses. No other or additional witnesses would be allowed to introduce evidence at the hearing on behalf of the Claimant. | A uniform rule will prejudice creditors who need to call more than two witnesses. It is premature to know how many witnesses will be called in support of EDS' case. |
| No later than three business days prior to commencement of the Claims Objection Hearing, the Claimant may file a supplemental affidavit or declaration on behalf of each of its two witnesses for the sole purpose of supplementing each witness' prior affidavit or declaration with respect to matters adduced through the discovery. | |

18. <u>Debtors' Supplemental Reply</u> (Motion ¶36(e)).

| **Debtors' Proposed Procedure** | **Objection** |
|---|---|
| The Debtors could file and serve a Supplemental Reply no later than 20 business days prior to commencement of the Claims Objection Hearing.<br><br>The Supplemental Reply would be limited to fifteen single-sided, double-spaced pages (exclusive of exhibits or affidavits). | The Debtors' response deadline is not tied to the date of the meet and confer (like the Claimants Supplemental Response). Instead, the Debtors Supplemental Reply is due at least 20 days prior to the date of the adjourned hearing, which the Debtors have the sole right to schedule. |

19. <u>Mandatory Non-Binding Summary Mediation</u> (Motion ¶36(f)).

| **Debtors' Proposed Procedure** | **Objection** |
|---|---|
| At least 15 business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, the Debtors and the Claimant would submit to mandatory non-binding summary mediation.<br><br>To the extent that a Contested Claim exceeds $250,000, the mediation shall be held at a neutral location in Troy, Michigan or such other location as is reasonably acceptable to the Debtors in their sole discretion. | EDS objects to mandatory mediation. Although mediation may be worthwhile in some circumstances, EDS does not believe that it should be mandatory for all Claimants.<br><br>In addition, EDS objects to being required to mediate with the Debtors in Troy, Michigan or any other location selected by the Debtors in their sole discretion without consultation with a Claimant.<br><br>In the Southern District of New York, mediation programs are governed by General Order M-143 and are made applicable to bankruptcy cases by the Official Comment to Rule 9019-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.<br><br>The Proposed Procedures violate General Order M-143. General Order M-143 provides that the mediator shall, after consultation with the parties, "fix a reasonable time and place for the initial mediation conference of the parties with the mediator." General Order M-143 §3.1. |
| The mediator shall be selected by the Debtors in their discretion.<br><br>The mediator is only allowed to consider the contents of the Contested Claim, the Debtors' omnibus claims objection, the Claimant's Response, the Debtors' reply, the Claimant's Supplemental Response, the Debtors' Supplemental Reply, and any other relevant pleadings filed by the Debtors or the Claimant prior to the commencement of the mediation. | EDS objects to the Debtors' exclusive right to select the mediator without it being acceptable to the Claimant. General Order M-143 provides that "[t]he parties will ordinarily choose a mediator from the Register for appointment by the Court. If the parties cannot agree upon a mediator within seven days of assignment to mediation, the Court shall appoint a mediator and an alternative mediator." General Order M-143 §2.2(a).<br><br>General Order M-143 does not limit the record for the mediation. General Order M-143. |

KL2 2475017.3                                    8

| Both Counsel for each of the parties and a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant are required to attend the mediation.<br><br>Failure by the Claimant to participate in a mediation would constitute grounds for disallowance and expungement of the Contested Claim. | EDS objects to the provision that the failure to attend mediation is grounds for disallowance of the claim in its entirety. General Order M-143 provides that the "willful failure to attend or participate in good faith in the mediation process . . . may result in the imposition of sanctions by the Court." General Order M-143 §3.2.<br><br>Even if EDS consented to mediation (which it does not), the Proposed Procedures apply to <u>Claimants only</u>. It does not provide that the Debtors' failure to participate in the mediation would constitute grounds for allowance of the Contested Claim. |

20.     <u>Estimation And Claims Objection Hearing Discovery</u> (Motion ¶36(g)).

| **Debtors' Proposed Procedure** | **Objection** |
|---|---|
| No later than five business days after service of the Supplemental Reply, the Claimant may request:<br><br>(1) That the Debtors produce documents relevant to the Contested Claim. Documents would be required to be produced within five business days following conclusion of the mediation, unless the parties agreed otherwise.<br><br>(2) That the Debtors respond to no more than five interrogatories, including discrete subparts. Responses would be required to be produced within five business days following conclusion of the mediation, unless the parties agreed otherwise.<br><br>(3) That the Debtors respond to no more than ten requests for admission. Responses would be required to be produced within five business days following conclusion of the mediation, unless the parties agreed otherwise.<br><br>** Similar procedures apply to the Debtors following the service of the Supplemental Response.<br><br>For ten days following the conclusion of mediation, the Debtors and the Claimants have the right to take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of a Supplemental Response or a Supplemental Reply.<br><br>Each deposition would be limited to three hours. | EDS objects to the Debtors' attempts to limit discovery rights that EDS has under the Bankruptcy Rules.<br><br>Fed. R. Bankr. P. 7033 makes applicable Rule 33 of the Federal Rules of Civil Procedure. Pursuant to Rule 33, any party may serve upon any other party written interrogatories, not exceeding 25 in number without leave of the court or written stipulation.<br><br>Fed. R. Bankr. P. 7036 makes applicable Rule 36 of the Federal Rules of Civil Procedure. Rule 36 does not place a limit on the number of requests for admission.<br><br>Bankruptcy Rule 7030 allows a party to take the testimony of **any** person by deposition upon oral examination, provided that a party must obtain leave of the court to take more than ten depositions. Fed. R. Bankr. P. 7030(a)(1) (emphasis added).<br><br>Bankruptcy Rule 7030(d)(2) limits a deposition to one day of seven hours in duration, unless otherwise authorized by the court or stipulated by the parties. Fed. R. Bankr. P. 7030(d)(2).<br><br>It should be noted that Rule 7026(b)(2) allows a court to limit the number of depositions, the number of interrogatories, the number of requests for admission and the length of depositions. |

21. <u>Conduct Of The Estimation Or Claims Objection Hearing</u> (Motion ¶36(h)).

| **Debtors' Proposed Procedure** | **Objection** |
|---|---|
| If the Claimant files a Supplemental Response and participates in the meet and confer and the mediation, the Court would hold the Claims Objection Hearing, at which time, the Debtors and the Claimant would each have one hour to present its respective case, including time to cross-examine their opponents and make argument to the Court. | EDS objects to these limitations on its ability to present its case. Further, the reasonable amount of time necessary for each Contested Matter will vary from case to case. A "one size fits all" time limit is arbitrary and inappropriate. Even if the Court were to apply Fed. R. Bankr. P. 7016 (which is ordinarily inapplicable to contested matters unless the court directs otherwise. <u>See</u> Fed. R. Bankr. P. 9014), this rule allows a court to determine the **reasonable time allowed for presenting evidence**. See Fed. R. Bankr. P. 7016(c)(16) (emphasis added). |

22. <u>Mandatory Appearance at Claims Hearing</u> (Motion ¶36(i)).

| **Debtors' Proposed Procedure** | **Objection** |
|---|---|
| The Claimant is required to have counsel and a person possessing the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Claimant at each hearing on the Contested Claim.<br><br>Failure by the Claimant to appear in person at a Claims Objection Hearing, or to have a person with the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim present at such hearing, would constitute grounds for disallowance and expungement of the Contested Claim without further hearing or notice to the Claimant. | There is no requirement under the Bankruptcy Rules that a person with the "ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim" be present at a claims hearing. |

23. To summarize the foregoing paragraphs, EDS objects to the Proposed Procedures because they are harsh, confusing and unfair. In addition, these procedures are costly since they require at least two trips to Troy, Michigan for an in-person meet and confer and a non-binding mediation. To make matters worse for Claimants, these procedures ride roughshod over the protections afforded creditors in the Bankruptcy Rules.

24. The Proposed Procedures require a Claimant to file a Supplemental Response to grounds raised by the Debtors in the Debtors' Omnibus Objections, causing a Claimant to unfairly speculate the facts and circumstances surrounding the Debtors' Omnibus Objections.

For example, the Second Omnibus Objection and Third Omnibus Objection both object to certain of EDS' Proofs of Claim by referencing boilerplate objections. These boilerplate objections do not provide any factual support or analysis of the Debtors' objection nor do they rebut the validity of EDS' Proofs of Claim. According to these procedures, EDS would be forced to respond without ever being able to see the full basis for Debtors' Omnibus Objections and without the benefit of any meaningful explanation.

25. EDS also objects to the limitations placed on discovery mechanisms applicable to Contested Matters pursuant to Bankruptcy Rule 9014. These include limitations on affidavits, witnesses and evidence offered at trial. The Debtors' Proposed Procedures attempt to abrogate the procedural protections adopted in the Bankruptcy Rules.

26. If the Proposed Procedures are granted and they apply retroactively to the Debtors' Second and Third Omnibus Claim Objections, EDS will have ten days to find its two allowed witnesses with knowledge of all aspects of the EDS' Proofs of Claims and to prepare affidavits and/or declarations for such witnesses. EDS objects to this expedited discovery process, which imposes unrealistic time constraints on EDS' ability to defend the Proofs of Claim.

27. Not surprisingly, the Debtors allowed themselves a more generous time period to file their Supplemental Reply. The Supplemental Reply is due only twenty business days prior to the commencement of a Claims Objection Hearing, which is set by the Debtors no earlier than 45 days after the Notice of Claim Objection Hearing is served.

28. The Proposed Procedures far exceed those procedures approved in other major bankruptcy cases within this district. See, e.g., In re Northwest Airlines Corporation, et al., Case No. 05-17930 (ALG) (Bankr. S.D.N.Y.) (Order Establishing Procedures for Omnibus Objections to Proofs of Claim and Compromising Disputed Proofs of Claim ("Northwest Order")) (Docket

No.3546); In re Dana Corporation, et al., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y.) (Order Establishing Claims Objection and Settlement Procedures ("Dana Order")) (Docket No. 4044).

29.    The procedures approved in Northwest require a meet and confer for substantive disputed claims occur within 15 days of the debtors' objection. Northwest Order, Exhibit A pg. 6. This meet and confer was permitted to occur telephonically. Id. The Northwest Order also requires that claimants' responses include all documents or evidence to be relied upon at the hearing for claims where the debtor has objected on the grounds of insufficient information. Id. pgs. 4-5. The Northwest Order does not require claimants who are subject a substantive objection to file documents with its response. Id. pgs. 5-6. Finally, the Northwest Order does not restrict in any way the discovery rights of the parties. Id. pg. 4.

30.    The procedures approved in Dana require a meet and confer occur within 14 days of the Claimant's response objection. Dana Order, Exhibit A pg. 7. The Dana Order is silent regarding the location of the meet and confer or whether it may take place telephonically. Id. If a Claimant fails to comply with the meet and confer requirement and fails to appear at an initial status conference, only then will the Claimant be restricted from conducting any discovery or presenting any new evidence at a hearing. Id. pgs. 7-8. For responses to standard objections[2] and objections on the merits, the Dana Order requires that claimants' responses include all documents or evidence to be relied upon at the hearing. Id. pg. 9. The Dana Order does not restrict in any way the discovery rights of the parties. Id. pg. 5.

**31.**    Although the procedures approved in Dana and Northwest are similar in several ways to the Proposed Procedures (i.e., requiring a meet and confer as a condition to discovery in Dana and requiring documents to be filed in connection with a response), they highlight the ways

---

[2] Standard Objections under the Dana Order include (i) objections to untimely, duplicate, amended, or superseded claims, (ii) procedural objections, objections to classification, and objections based on the Debtors' books and records, but not objections on the merits.

that Delphi's Proposed Procedures are overreaching and inappropriate (i.e., discovery and trial limitations, in-person meet and confer in Troy, Michigan, non-binding summary mediation in Troy, Michigan).

## MEMORANDUM OF LAW

32. Because the legal points and authorities upon which this Objection relies are incorporated herein, EDS respectfully requests that the requirement of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied or waived.

## CONCLUSION

33. For all of the foregoing reasons, this Court should enter an order which denies the Debtors' motion to approve the Proposed Procedures.

**WHEREFORE,** EDS respectfully requests that the Court enter an order denying the motion and granting EDS such other relief the Court deems appropriate.

Dated: New York, New York      KRAMER LEVIN NAFTALIS & FRANKEL LLP
November 22, 2006

/s/ Gordon Z. Novod
Thomas Moers Mayer (TM-9357)
Gordon Z. Novod (GN-0494)
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9100

Attorneys for Electronic Data Systems Corporation, EDS Information Services L.L.C. and EDS de Mexico, S.A. de C.V.