**Hearing Date and Time: November 30, 2006 at 10:00 a.m.**
**Response Date and Time: November 24, 2006 at 4:00 p.m.**

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
211 West Fort Street, 15th Floor
Detroit, Michigan 48226-3281
(313) 965-9725
C. David Bargamian (Mich. P43742), admitted *pro hac vice*
Leo J. Gibson (Mich. P64984), admitted *pro hac vice*

*Attorneys for ICX Corporation*


UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
In re                          : Chapter 11
                             :
DELPHI CORPORATION, et al.,         : Case No. 05-44481(RDD)
                             :
              Debtors.           : (Jointly Administered)
------------------------------------------------------------------ X

### RESPONSE OF ICX CORPORATION TO DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)

ICX Corporation ("Claimant"), a party in interest, by and through its counsel, Barris,

Sott, Denn & Driker, PLLC, as and for its Response to Debtors' (I) Third Omnibus

Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2007 To

Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By

Debtors' Books And Records, and (C) Claims Subject To Modification and (II) Motion To

Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c), respectfully

states as follows:

## SUMMARY OF RESPONSE AND REQUEST FOR RELIEF

1.      Claimant ICX Corporation ("ICX") filed seven proofs of claim for amounts owed under equipment leases entered into by Delphi Corporation and/or Delphi Automotive Systems, Inc., (collectively, "Delphi"), debtors and debtors-in-possession in the above-captioned case, with ICX or its predecessors in interest.

2.      ICX filed the following Proofs of Claim:

| Claim No. | Lease No. | Amount Claimed |
|---|---|---|
| 13481 | 1137-001 | $6,989,292.86 |
| 13482 | 1137-002 | $3,863,039.86 |
| 13483 | 1137-003 | $4,241,683.33 |
| 13484 | 1137-004 | $6,285,817.66 |
| 13485 | 1137-005 | $6,047,605.88 |
| 13489 | 1251 | $399,468.00 |
| 13490 | 902/1455 | $169,686.00 |

3.      Delphi objected to the following ICX Proofs of Claim, asserting that they are "Unsubstantiated": Claim No. 13482 (attached as Ex. A), Claim No. 13489 (attached as Ex. B), and Claim No. 13490 (attached as Ex. C). Collectively, these three claims that the Debtors have objected to will be referred to as the "Claims." Debtors did not object to ICX's other Proofs of Claim.

4.      Debtors' Objection defines an "Unsubstantiated" claim as one that (a) the Debtors' books record as paid, (b) a claim for which Debtors lack any record, or (c) a claim that the Debtors have paid. (See Debtors' Third Omnibus Claims Objection, ¶ 27.)

5.      Nowhere in Debtors' Third Omnibus Claims Objection, nor in the related "Notice of Objection," do Debtors specify which, if any, of the three enumerated bases for objection apply to ICX's Claims.

6.      Contrary to the Debtors' assertion, ICX's Claims should not be disallowed or expunged because (a) Debtors have failed to state the specific basis or bases upon which they object, (b) even if such notice had been provided, Debtors have failed to produce any evidence to satisfy their burden of proof to overcome the *prima facie* validity of the Claims, and (c) the amounts and validity of the Claims are supported by voluminous records, and by the fact that the Debtors have paid and continue to pay ICX amounts owed under the leases that underlie the Claims. (See Ex. D, ICX's Lease Payment History.)

## BACKGROUND

7.      As early as 1995, Delphi, or its predecessors in interest, entered into a series of lease agreements (the "Leases") with ICX, or its predecessors in interest, to finance equipment ("Equipment") required by Delphi for the operation of its business. ICX filed protective financing statements for the Equipment.

8.      Delphi continues to utilize the Equipment in the operation of its business, and continues to make payments to ICX under the Leases reflected in the Claims. (See Ex. D.)

9.      True and correct copies of a payment history reflecting payments by Delphi related to Claims 13482, 13489 and 13490 are attached as Ex. D ("Payment History").

10.     Debtors' Third Omnibus Claims Objection identifies ICX's Claims in the category of "Claims Unsubstantiated By Debtors' Books And Records," which are set forth in Exhibit C-1 to the Third Omnibus Claims Objection.

11.     The Third Omnibus Claims Objection states generally that the bases for including claims in this category

> include, but are not limited to, the following: (a) the Debtors' books and records reflect that the asserted Claim was properly paid prior to the commencement of the Debtors' cases, (b) the Debtors' books and records do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim, or (c) the Claim has been paid during the course of these proceedings pursuant to an order of the Bankruptcy Court.

(See Third Omnibus Claims Objection, ¶ 27.)  None of these objections can possibly apply
to ICX's Claims since **Delphi continues to pay ICX for the Leases reflected in the Claims**.
(See Ex. D.)

12.     Debtors failed to provide any further evidence or information to support the
objections stated in the above paragraph and, therefore, it is impossible for ICX to determine
the specific basis or bases of Delphi's objection.


## RESPONSE

13.     Debtors' Third Omnibus Claims Objection should be stricken with respect to
ICX's claims because it fails to put ICX on notice of the specific basis or bases for Delphi's
objection to the Claims.  Rather, Delphi's objection simply recites three possible
justifications that may, or may not apply.  Delphi has left ICX to divine which, if any, of
these justifications provides a basis for Delphi's objection.  In fact, ICX believes none of the
bases apply, because Debtor continues to pay the Leases covered by the Claims.

14.     Delphi's Third Omnibus Objection merely recites brief, unsupported and
conclusory objections.  Such objections cannot overcome the presumptive validity of ICX's
Proofs of Claim.  Therefore, the objections fail to present "sufficient evidence" required to
meet Debtors' burden of proof in refuting the *prima facie* validity of ICX's Proofs of Claim.
Thus, Delphi's objections to ICX's claims should be overruled.

15.     ICX's Proofs of Claim constitute *prima facie* evidence of the validity, amount
and legal basis of its Claims against Delphi, because they are verified and substantiated with
evidence. See Fed. R. Bankr. P. 3001(f); Gardner v. New Jersey, 329 U.S. 565, 573, 67 S.
Ct. 467, 471 (1947).

16.     Delphi bears the burden of producing "sufficient evidence" to overcome the
*prima facie* validity of ICX's Proofs of Claim. In re King, 305 B.R. 152, 162 (Bankr.
S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden

of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim.") To meet this burden, the objecting party must come forth with evidence of at least equal force as that represented by the proof of claim. Id. at 164. Delphi has failed to meet this burden.

17.    Delphi's Third Omnibus Claims Objection fails to set forth **any** evidence to refute **any** of the facts set forth in ICX's Proofs of Claim. A debtor cannot meet its burden of proof by simply objecting to the amount or classification of a claim without producing evidence to support its assertions. See Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), No. 98 Civ. 4990, 1999 WL 178788 at *4 (S.D.N.Y. March 31, 1999) ("The case law is clear. To prevail, the objector must affirmatively produce evidence to counter the creditor's claim."); In re Woodmore Investors Ltd. Partnership, 178 B.R. 346, 354-55 (Bankr. S.D.N.Y. 1995) (debtor's bare assertions insufficient to rebut creditor's prima facie evidence of claim).

18.    Although Delphi claims that its books and records reflect either payment of the Claims, or fail to reflect the existence of the Claims, Delphi did not produce these books and records. Therefore, Delphi has failed to carry its burden of proof, and its objections to ICX's Claims should be overruled. See In re Gardner, 246 B.R. 617, 623 (9th Cir. B.A.P. 2000) (courts should summarily overrule merely formal objections for which no evidence is provided); In re Schlehr, 290 B.R. 387, 395 (Bankr. D. Mont. 2003) (*prima facie* force of proof of claim suffices "to carry over a mere formal objection without more.")

19.    Moreover, even if Debtors' unsupported objections sufficed to overcome the validity of the Proofs of Claim, the documentation attached to the Proofs of Claim, and the Payment Histories attached to this Response (which show that Delphi has and continues to make payments on the Claims which it classifies as "unsubstantiated") provide overwhelming evidence of the validity, amount and priority of ICX's claims sufficient to overcome Delphi's objections.

20.     Any reply to this Response must be delivered to the address for ICX provided on the Proofs of Claim, with a copy to the undersigned counsel.

21.     The name, address and telephone number of the person possessing ultimate authority to reconcile, settle or otherwise resolve the Claims on behalf of ICX is:

James Ray
53 State Street 9th Floor - Mailcode MBS970
Boston, MA 02109
617-994-7527

22.     ICX expressly reserves the right to amend, modify, or supplement this Response or the related Proofs of Claim, including without limitation the right to file additional responses and/or to present additional evidence in support of its Claims.

**CONCLUSION**

WHEREFORE, ICX respectfully requests entry of an order (i) overruling Delphi's objection to the Claims and denying the relief sought in the Third Omnibus Claims objection with respect to ICX's Claims, and (ii) granting such other relief as is just and appropriate.

Respectfully submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By:___/s/ Leo J. Gibson_____
          C. David Bargamian (Mich. P43742)
          Leo J. Gibson (Mich. P64984)
211 West Fort Street, 15th Floor
Detroit, Michigan  48226-3281
(313) 965-9725
dbargamian@bsdd.com
lgibson@bsdd.com

*Attorneys for ICX Corporation*

Dated: November 22, 2006

f:\docsopen\lgibson\l-resp\0327365.01