UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                                    Chapter 11
DELPHI CORPORATION, et al.,                           Case No. 05-44481 (RDD)
Debtors.                                                               (Jointly Administered)
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## RESPONSE OF OMEGA TOOL CORP. TO
## DEBTORS' SECOND OMNIBUS OBJECTION (PROCEDURAL)

Omega Tool Corp., a Canadian corporation ("Omega"), in response to the Debtors' second omnibus objection (the "Objection") to claims, states:

1. Omega is currently owed $760,000 (the "Claim") for tooling delivered to the Debtors postpetition, but billed and partially invoiced prior to the Debtors' bankruptcy filings.

2. Omega has a lien on the tooling under Michigan's moldbuilder's lien act, MCL 445.611 et seq.

3. Although Omega believes that the Claim is a post-petition administrative claim that should have been paid by the Debtors' in the Debtors' ordinary course of business, out of an abundance of caution and to preserve Omega's rights, Omega filed proofs of claim prior to the claims bar date.

4. Because the Debtors have always dealt with Omega as "Delphi" and because the Debtors' purchase orders and related communications refer only to "Delphi", Omega has no way of determining which of the Debtors is actually contractually obligated to pay the Claim.

{00114235}

Accordingly, Omega filed proofs of claim in the bankruptcy cases of Delphi Corporation (Claim No. 15508), Delphi Automotive Systems, LLC (Claim No. 15507), Delphi, LLC (Claim No. 15505), and Delphi Automotive International Systems, LLC (Claim No. 15506).

5. Under Fed. R. Bankr. P. 3001, a proof of claim constitutes *prima facie* evidence of the validity of the claim. To overcome that presumption, a debtor must produce specific and detailed allegations that place the claim in dispute. See e.g. In re Lenz, 110 B.R. 523, 525 (D. Colo. 1990).

6. In Delphi's Objection, without any explanation, Delphi proposes to expunge all the claims except the claim against Delphi Automotive Systems, LLC.

7. Omega objects to Delphi's attempt to unilaterally determine the correct debtor entity without providing any explanation with the reasons for this determination.

8. Omega is not attempting to obtain more than one recovery. On the contrary, Omega recognizes that three of the four proofs of claim likely should be expunged (although it is possible that two or more debtor entities are individually or jointly responsible for all or a portion of the Claim). Omega's objection is only to the method of determining which of the debtor entities actually owes the debt to Omega.

9. Because it is the Debtors' own method of doing business through multiple entities under the name "Delphi", the Debtor should bear the burden of proving the correct Debtor entity, and cannot make this determination unilaterally and without any support.

10. Omega further objects to the Debtors' unilateral requirement that Omega produce "all documentation or other evidence of the Claim upon which the Claimant will rely in opposing the Second Omnibus Claims Objection to the extent not included with the Proof of Claim previously filed with the Court."

11.   As stated above, the Debtors have not disclosed the basis of their determination that the Claim is valid only against Delphi Automotive Systems, LLC. Accordingly, Omega cannot not now produce all documentation and other evidence on which it will rely to contest the Debtors' unilateral determination.

12.   In response to the Debtors' request for the "name, address and telephone number of the person . . . possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant", at this time, Omega has not granted ultimate authority to resolve the Claim to any single person.

**WHEREFORE,** Omega Tool Corp. respectfully requests that this Honorable Court deny the Debtors' Second Omnibus Objection with respect to the relief requested against Omega.

Respectfully submitted:

SCHAFER AND WEINER, PLLC

By:  / s / Ryan Heilman
    DANIEL J. WEINER (P32010)
    MICHAEL R. WERNETTE (P55659)
    RYAN HEILMAN (P63952)
    Counsel for TIP Engineering, Inc.
    40950 Woodward Ave., Ste. 100
    Bloomfield Hills, MI 48304
    (248) 540-3340