| | |
|---|---|
| THELEN REID & PRIEST LLP<br>875 Third Avenue<br>New York, New York  10022<br>(212) 603-2000<br>Hermann Ferre (HF-3786)<br>            -and-<br>THELEN REID & PRIEST LLP<br>101 Second Street, Suite 1800<br>San Francisco, California  94105<br>(415) 371-1200<br>Richard A. Lapping (CA No. 107496)<br>Marcus O. Colabianchi (CA No. 208698) | Hearing Date and Time: November 30, 2006 at 10:00 a.m. |

Counsel for OKI America, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**RESPONSE OF OKI AMERICA, INC. TO THE DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN CLAIMS (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 US.C. § 502(c)**

_____

OKI America, Inc., also known as OKI Semiconductor ("Oki"), by its counsel, Thelen

Reid & Priest LLP, hereby responds to the Debtors' (I) Third Ominbus Objection (Substantive)

Pursuant to 11 U.S.C. § 502(b) and Federal Rule of Bankruptcy Procedure 3007 to Certain

Claims (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors'

Books and Records, and (c) Claims Subject to Modification and (II) Motion to Estimate

Contingent and Unliquidated Claims Pursuant to 11 US.C. § 502(c) (collectively, the "Objection") as follows:

**Background of Disputed Claims**

1. For the past 20 years, Oki has supplied the Debtors and their predecessors with a variety of goods, including integrated circuits for installation into automobiles.

2. **The Claims**. On or about July 31, 2006, Oki filed a proof of claim (the "Original Proof of Claim") asserting that debtor Delphi Automotive Systems LLC, Case No. 05-44640 (RDD) ("Delphi Automotive"), owes Oki of $2,044,350.59, of which $652,282.73 is secured by setoff. The Original Proof of Claim is claim number 13793. A file-endorsed copy of the Original Proof of Claim (without exhibits) is attached as Exhibit A.[1]

3. The basis for the Original Proof of Claim is for goods sold and delivered to Delphi Automotive during the normal course of business, including but not limited to integrated circuits used to drive vacuum fluorescent displays on the dash boards of automobiles.

4. On or about September 14, 2006, Oki amended the Original Proof of Claim (the "Amended Proof of Claim") to add $36,860 to the total amount owing from Delphi Automotive. The total amount of Oki's claim, as amended, is $2,081,210.59. The Amended Proof of Claim is claim number 16318. A file endorsed copy of the Amended Proof of Claim is attached as Exhibit B.

5. The additional amount of $36,860 represented a fee for the Debtors' cancellation of a pre-petition shipment of goods from Claimant to Debtor. The additional amount was not included in the Original Proof of Claim because, prior to the claims bar date, the Debtors had agreed to pay the fee. However, on August 22, 2006, 23 days after the claims bar date, the

---

[1] Oki attached approximately four inches of documentation in support of the Original Proof of Claim.

2

Debtors informed Oki that they would not pay the fee, asserting that the fee was a pre-petition debt. These facts were set forth in the Amended Proof of Claim.

6. The amount owed to Oki, as explained in the attachment to the Original Proof of Claim and the Amended Proof of Claim, is $2,081,210.59. In light of the setoff mentioned above of $652,282.73, the total unpaid amount owing to Oki is $1,428,927.86.

7. The Debtors scheduled Oki as the holder of a general unsecured claim in the amount of $1,321,972.40.[2]

8. The table below summarizes Oki's proofs of claim.

| Oki's Claim | Date Filed | Claim Number | Asserted Claim Amount | Set Off Amount | Net Claim Amount | Scheduled Amount of Claim | Difference Between Net Claim Amount and Scheduled Amount |
|---|---|---|---|---|---|---|---|
| Original Proof of Claim | 7/31/06 | 13743 | $2,044,350.59 | $652,282.73 | $1,392,067.86 | $1,321,972.40 | $70,095.46 |
| Amended Proof of Claim | 9/14/06 | 16318 | $2,081,210.59 | $652,282.73 | $1,428,927.86 | $1,321,972.40 | $106,955.46 |

9. **The Objection**. On or about October 31, 2006, the Debtors filed the Objection, which included objections to the claims described above.

10. As to the Original Proof of Claim, the Debtors seek to disallow and expunge the claim in its entirety based on the Debtors' bald assertion that it is an unsubstantiated claim. The Debtors state that their books and records reflect that (a) the claim was previously paid prior to the commencement of its bankruptcy case, (b) the claim does not exist, or (c) the claim has been paid during the course of its bankruptcy case. The Debtors provide no further legal or factual basis for the Objection. See Objection at pp. 11-13.

---

[2] See creditor information relating to Oki at www.delphidocket.com.

11. As to the Amended Proof of Claim, the Debtors seek to disallow and expunge the claim in its entirety as well, asserting that it is an untimely, unsubstantiated claim. Id. at p. 13.

### Oki's Claims Should Be Allowed

12. The Debtors cite no specific factual or legal authority for their position that Oki's claims should be disallowed and expunged. Instead, the Debtors cite the general bankruptcy proposition that once the debtor refutes "at least one of the allegations that is essential to the claim's legal sufficiency . . . the burden reverts to the claimant to prove the validity of the claim by the preponderance of the evidence." In re WorldCom, Inc., 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005).

13. The Debtors' reliance on their books and records is not enough to refute the allegations of the Original Proof of Claim and shift the burden of proof back to Oki. As noted in In re WorldCom, Inc., the objecting party must produce evidence equal in force to the proof of claim. In other words, the objecting party must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency and only then does the burden revert to the claimant to prove the validity of the claim by a preponderance of the evidence. Id. citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir.1992). Here, the Debtors offer no evidence. They merely put forth self-serving, unsubstantiated statements. This is insufficient to shift the burden of proof back to Oki.

14. Second, the basis for Oki's claim is for goods sold and delivered to Debtors during the normal course of business prior to the Debtors' petition date. The Debtors do not dispute that such goods were sold and delivered to them and remain unpaid. Indeed, the Debtors scheduled Oki as having a claim of $1,321,972.40. The difference between that amount and the

4

amount in the Original Proof of Claim, less the setoff, is just over $106,000.  The Debtors' assertion now that the claim should be disallowed in its entirety is baseless.

15.     Third, as to the additional amount of $36,860, the Debtors' actions were the direct and proximate reason why Oki's did not include the $36,860 amount in its Original Proof of Claim.  Prior to the claims bar date, the Debtors informed Oki that the $36,860 would be paid.  After the bar date, the Debtors changed their position.  Had the Debtors not misled Oki prior to the bar date, Oki would have included the additional amount in the Original Proof of Claim.  The Debtors should be estopped from asserting that the additional amount is somehow time-barred.  See In re Momentum Mfr. Corp., 25 F.3d 1132, 1136-37 (2d Cir. 1994); see also In re Texaco, Inc., 254 B.R. 536, 560-562  (Bankr. S.D.N.Y. 2000).

## Documentation and Other Evidence

16.     Oki has attached supporting documentation to the Original Proof of Claim and the Amended Proof of Claim.  Those documents support the total amount owing from the Debtors to Oki and Oki's claim of setoff.

17.     Oki has also submitted other documents that support its claims to representatives of the Debtors in the context of confidential settlement discussions.[3]

## Estimate of Claim

18.     The Objection asks for claimants whose claims are either fully or partially unliquidated to estimate the amount of their claims that would be allowed upon liquidation or occurrence of the contingency.  Oki estimates that $652,280.73 of the total amount of its

---

[3] The Objection states that the claimants must provide all documents or other evidence of the claim upon which the claimant will reply in opposing the Objection to the extent not included with the proof of claim.  As noted herein, Oki has given in the context of confidential settlement discussions other documents that support Oki's claims.  Oki, however, hereby reserves all rights to produce documents and/or other evidence that supports its proof of claims.

5

$2,081,210.59 claim is secured by setoff, thereby leaving a total amount due from the Debtors to Oki of $1,428,927.86.

## Contact Information and Person with Settlement Authority

19.     The Debtors should send any future pleadings and correspondence to the following individuals:

>   Anna Phan
>   Assistant Controller
>   OKI America, Inc.
>   785 N. Mary Avenue
>   Sunnyvale, CA 94085
>   Telephone: (408) 720-1900
>   Fax: (408) 720-1918
>   Email: anna.phan@oki.com
>
>   Marcus O. Colabianchi, Esq.
>   Thelen Reid & Priest LLP
>   101 Second Street, Suite 1800
>   San Francisco, CA 94105-3601
>   Telephone:  (415) 371-1200
>   Fax: (415) 371-1211
>   Email mcolabianchi@thelenreid.com

20.     The person with settlement authority for Oki is Hiroshi Nagai, its Chief Financial Officer, who signed the Original Proof of Claim and Amended Proof of Claim on Oki's behalf.

WHEREFORE, Oki respectfully requests that this Court overrule the Debtors' objections to the Original Proof of Claim and Amended Proof of Claim and grant Oki any further relief that this Court deems just and equitable.

Dated: New York, New York           Respectfully submitted,
       November 22, 2006            THELEN REID & PRIEST LLP


                                    By:   /s/ _Hermann Ferré_____
                                       Hermann Ferre (HF-3786)
                                       875 Third Avenue, New York, NY  10022
                                       (212) 603-2000
                                       Counsel for OKI America, Inc.