UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re DELPHI CORPORATION, et al.,

                                   Debtors.

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered)

-----------------------------------------------------------X

## AFFIDAVIT OF GLENN M. MAY

STATE OF NEW YORK          )
                                     ) ss:
COUNTY OF ERIE             )

GLENN M. MAY, being duly sworn, deposes and says:

1.    I have been employed by the New York State Department of Environmental Conservation (the Department) as an engineering geologist in the Division of Environmental Remediation since April 1989. I am currently an Engineering Geologist II and have held that position since March 2005. As an Engineering Geologist II my job duties include review and evaluation of investigative work plans and reports, analytical data, remedy selection documents, and remedial design plans; collection of samples for chemical analysis; supervision of Department contractors during site activities; review of payment packages from contractors; participation in public meetings; and geologic and hydrogeologic support for other project managers. I graduated from the State University of New York College at Buffalo in 1985 with a degree in Geology. In 1988, I completed a Masters degree in Geology from the State University of New York at Buffalo, where I am a candidate for a Ph. D. in Geology.

2. As part of my duties for the Department, I have been assigned responsibility for oversight of the ongoing environmental remediation at the contaminated site known as the Delphi Harrison Thermal Systems Site located at 200 Upper Mountain, Lockport, New York (hereinafter "the Site"). The Site is listed on the State of New York's Registry of Inactive Hazardous Waste Disposal Sites as Site No. 932113. I have been involved with the ongoing remediation of this Site since December 1995. Due to my involvement with the Site, I am fully familiar with the facts and circumstances relating to the Site and make this Affidavit on the basis of my personal knowledge of the Site, as well as a review of relevant files and documents relating to the Site.

3. As part of the Department's Proof of Claim #13881, which was filed on July 31, 2006 in this bankruptcy proceeding, I provided an estimate of the future remedial costs for the Site of $405,000.00. In making the estimate, I assumed a worst-case scenario, in which the debtors would not perform any further remedial work at the Site, thus requiring the Department to spend its own State Superfund monies to complete the remediation of the Site by a Department-approved contractor under Department supervision. I based the future remedial cost estimate on my experience as an Engineering Geologist II, my personal knowledge of the Site at the time, and on the information the Department had about the Site at the time.

4. The future remedial cost estimate I supplied for the Department's Proof of Claim #13881 had two components: (1) the expected cost of groundwater monitoring and related annual operating and maintenance costs, which the Record of Decision for the Site had already calculated to be $255,000.00; and (2) the expected cost of a soil vapor mitigation system – a cost I estimated to be $150,000.00 – if such a system was found to be necessary by the ongoing soil

vapor intrusion investigation at the Site. Combined, these components resulted in a total estimate of future remedial costs at the Site of $405,000.00.

5.  Proof of Claim #13881 and its Attachment A accurately stated my worst-case scenario estimate for future remedial costs at the Site at the time they were filed. Since the filing, however, the soil vapor intrusion investigation at the Site has concluded, and the Department and the New York State Department of Health have determined that there is no need for a soil vapor mitigation system at the Site. My estimate of future remedial costs at the Site must be adjusted to reflect this new information, and so the estimate for the Proof of Claim is now the one arrived at in the Record of Decision for the Site: $255,000.00.

6.  I want to note that the Site's Record of Decision, in which the Department selects the remedy for the Site, was issued by the Department in March 2005. This Record of Decision is a publicly available document and was based, in part, on a Remedial Investigation and Feasibility Study performed by the debtors under the Department's supervision. I am in regular contact with the debtors and their contractors regarding the ongoing remediation of the Site, which is owned by the debtors. Currently, there is no binding agreement between the debtors and the Department for implementation of the remedy selected by the Record of Decision for the Site.

_____
Glenn M. May

Sworn to before me this 16th day
of November, 2006

_____
Notary Public

JAMES D. CHARLES
Notary Public State of New York
Qualified in Erie County
My Commission Expires 7/16/07

3