Hearing Date and Time: November 30, 2006 at 10:00 a.m.
Response Date and Time: November 24, 2006 at 4:00 p.m.

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Maria DiConza

GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Nancy A. Peterman
Sherri Morissette

Attorneys for (a) Banco J.P. Morgan, S.A., Institucion de Banca
Multiple, J.P. Grupo Financiero, Division Fiduciaria, not
individually, but in its capacity as Trustee of Trust F/00121,
(b) Prudential Financial, Inc., (c) Prudential Investment
Management, Inc., (d) Prudential Real Estate Investors, a
division of Prudential Investment Management, Inc., (e) PLA
Holding VI, LLC, (f) PLA Mexico Industrial Manager I LLC and
(g) PLA Industrial Fund I, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                          :
In re:                                    :       Chapter 11
                                          :
DELPHI CORPORATION, et al.                :       Case No. 05-44481 (RDD)
                                          :
                         Debtors.         :       (Jointly Administered)
                                          :
-------------------------------------------------------x

**RESPONSE OF (A) BANCO J.P. MORGAN, S.A., INSTITUCION DE BANCA
MULTIPLE, J.P. GRUPO FINANCIERO, DIVISION FIDUCIARIA, NOT
INDIVIDUALLY, BUT IN ITS CAPACITY AS TRUSTEE OF TRUST F/00121, (B)
PRUDENTIAL FINANCIAL, INC., (C) PRUDENTIAL INVESTMENT MANAGEMENT,
INC., (D) PRUDENTIAL REAL ESTATE INVESTORS, A DIVISION OF PRUDENTIAL
INVESTMENT MANAGEMENT, INC., (E) PLA HOLDING VI, LLC, (F) PLA MEXICO
INDUSTRIAL MANAGER I LLC AND (G) PLA INDUSTRIAL FUND I, LLC
TO DEBTORS' THIRD OMNIBUS CLAIM OBJECTION**

Banco J.P. Morgan, S.A., Institucion de Banca Multiple, J.P. Grupo Financiero, Division

Fiduciaria, not individually, but in its capacity as Trustee of Trust F/00121; Prudential Financial,

Inc.; Prudential Investment Management, Inc.; Prudential Real Estate Investors, a division of

Prudential Investment Management, Inc.; PLA Holding VI, LLC; PLA Mexico Industrial

Manager I LLC; and PLA Industrial Fund I, LLC (collectively, the "**Claimants**"), by and

through the undersigned attorneys, hereby submit their response (the "**Response**") to the

Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R.

Bankr. P. 3007 to Certain (a) Claims with Insufficient Documentation, (b) Claims

Unsubstantiated by Debtors' Books and Records, and (c) Claims Subject to Modification; and

(II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the

"**Third Omnibus Objection**")[1].  In support of its Response, the Claimants respectfully submit as

follows:

## INTRODUCTION

1.     On or about July 28, 2006, Claimants timely filed the following proofs of claim

(collectively, the "**Proofs of Claim**") against Delphi Corporation, one of the above-captioned

debtors and debtors in possession, asserting both priority and general unsecured claims in

unknown and unliquidated amounts:

| Claimant | Claim Number |
|---|---|
| Banco J.P. Morgan, S.A., Institucion De Banca Multiple, J.P. Grupo Financiero, Division Fiduciaria, not individually, but in its capacity as Trustee of Trust F/00121 | 12837 |
| Prudential Financial, Inc. | 14649 |
| Prudential Investment Management, Inc. | 12835 |
| Prudential Real Estate Investors, a division of Prudential Investment Management, Inc | 14650 |
| PLA Holding VI, LLC | 12833 |

---

[1]     Capitalized terms used herein without definition shall have meanings provided for such terms in the Third Omnibus Objection.

| | |
|---|---|
| PLA Mexico Industrial Manager I LLC | 12836 |
| PLA Industrial Fund I, LLC | 12834 |

Claimants attached to each of their respective Proofs of Claim evidence to substantiate their claims, including, without limitation, the Option Agreement, Lease and Environmental Agreement, all as defined below. True and correct copies of the Proofs of Claim are attached thereto as **Group Exhibit A** and incorporated herein by reference.

2.    On or about October 31, 2006, the Debtors filed the Third Omnibus Objection summarily asserting that each of the Proofs of Claim asserts "unsubstantiated liabilities or dollar amounts that are not discernable from the Debtors' books and records." Third Omnibus Objection, page 8. As detailed below, Claimants' Proofs of Claim should be allowed given that they have provided documentary evidence to substantiate their respective Proofs of Claim and have liquidated and estimated the allowed amount of each of their respective Proofs of Claim. Therefore, Claimants respectfully request that the Court overrule the Third Omnibus Objection as it relates to the Claimants' Proofs of Claim and allow such Proofs of Claim as set forth herein.

## BACKGROUND

3.    The Proofs of Claim are based upon a certain real estate transaction (the "**Transaction**") by and between Delphi Delco Electronics de Mexico, S.A. de C.V. ("**Delphi Mexico**") and PLA Holding VI, LLC, including but not limited to, the following documents entered into in connection with the Transaction: (i) the Purchase Option Agreement (the "**Option Agreement**") by and between Delphi Mexico and PLA Holding VI, LLC, (ii) the Purchase and Sale Agreement (the "**P&S Agreement**") by and between Delphi Mexico and Banco J.P. Morgan, S.A. Institucion de Banca, Multiple, J.P. Morgan Grupo Financiero, Division

Fiduciaria, not individually, but in its capacity as trustee (together with its successors and assigns) under a Business Administration Trust Agreement dated January 19, 2005 and known as Trust F/00121, benefiting the beneficiaries thereunder, (iii) the Lease Contract (the "**Lease**") between Delphi Mexico and Banco J.P. Morgan, S.A., Institucion de Banca, Multiple, J.P. Morgan Grupo Financiero, Division Fiduciara, not individually, but in its capacity as trustee (together with its successors and assigns) under a Business Administration Trust Agreement, dated January 19, 2005 and known as Trust F/00121, benefiting the beneficiaries thereunder, and (iv) the Environmental Agreement (the "**Environmental Agreement**") by and between Delphi Corporation ("**Delphi**"), and Delphi Mexico and Prudential Investment Management, Inc. ("**Prudential**") dated as of April 11, 2005, concerning the environmental condition of the real property subject to the Option Agreement and Lease (the "**Real Property**").  Copies of the Option Agreement, P&S Agreement, Lease and Environmental Agreement, which were attached to the Proofs of Claim, are attached hereto as **Group Exhibit B**.[2]

4.      As a condition to the Lease and P&S Agreement, Prudential required that Delphi enter into the Environmental Agreement.  At the time of the closing, the parties believed that operations conducted at the Real Property may have environmentally impaired the Real Property or surrounding areas.  The Environmental Agreement was executed to protect Prudential and certain of its affiliates from liabilities and obligations, if any, based upon environmental impairments at the property, if any, and to delineate the parties' obligations with respect thereto.

5.      Pursuant Section 4.1 of the Environmental Agreement, Delphi is contractually obligated to indemnify the Claimants as follows:

> Delphi and Delphi Mexico, jointly and severally, covenant and agree at its or their sole cost and expense, to protect, defend, indemnify, release and hold harmless Indemnified Parties from and against any and all Losses imposed upon or incurred by or asserted against any Indemnified Parties and directly or indirectly arising

---

[2]    The P&S Agreement will be translated from Spanish into English to the extent necessary.

4

out of or in any way relating to any one or more of the following: (a) any presence of any Hazardous Substances in, on, above, or under the Property; (b) any past, present or to the extent caused by Delphi or Delphi Mexico or its or their agents, employees or invitees, future Release of Hazardous Substances in, on, above, under or from the Property; (c) any activity by Delphi or Delphi Mexico, any person or entity affiliated with Delphi or Delphi Mexico in connection with any use, treatment, storage, holding, existence, disposition or other Release, generation, production, manufacturing, processing, refining, control, management, abatement, removal, handling, transfer or transportation to or from the Property of any Hazardous Substances at any time located in, under, on or above the Property; (d) any activity by Delphi or Delphi Mexico, any person or entity affiliated with Delphi or Delphi Mexico, in connection with any actual or proposed Remediation of any Hazardous Substances at any time located in, under, on or above the Property, whether or not such Remediation is voluntary or pursuant to a PROFEPA request or requirement or court or administrative order, including but not limited to any removal, remedial or corrective action; (e) any past, present or future non-compliance or violations of any Environmental Laws (or permits issued pursuant to any Environmental Law) in connection with the Property or operations thereon by Delphi or Delphi Mexico, any person or entity affiliated with Delphi or Delphi Mexico, or their failure to comply with any order of any governmental authority in connection with any Environmental Laws; (f) the imposition, recording or filing of any Environmental Lien encumbering the Property; (g) any administrative processes or proceedings or judicial proceedings in any way connected with any matter addressed in this Agreement; (h) any misrepresentation or inaccuracy in any representation or warranty or material breach or failure to perform any covenants or other obligations pursuant to this Agreement, and (i) failure to timely act under this Agreement or to diligently commence and complete the investigation and Remediation required by this Agreement.

*See* Environmental Agreement, Article 4.1, pp. 6-7 (capitalized terms shall have those definitions as set forth in the Environmental Agreement) (the "**Indemnification**"). The definition of "Losses" pursuant to the Environmental Agreement includes the following:

any claims, suits, liabilities (including but not limited to strict liabilities), administrative or judicial actions or proceedings, obligations, debts, damages, losses, costs, expenses, diminutions in value, fines, penalties, charges, fees, expenses, costs of Remediation, costs of assessing damages or losses, judgments, awards, amounts paid in settlement, litigation costs, attorneys' fees, engineers' fees, environmental consultants' fees, and investigation costs (including but not limited to costs for sampling, testing and analysis of soil, water, air, building materials, and other materials and substances) and, with regard to third-party claims, the foregoing which are incurred in connection with any judicial or administrative proceeding.

*See* Environmental Agreement, Article 1, p. 2 (capitalized terms shall have those definitions set forth in the Environmental Agreement).

6.     The Proofs of Claim were filed by Claimants as general unsecured and/or priority claims in an unknown, unliquidated amount against Delphi based upon any and all claims arising out of or relating, in any way, to the Real Property or the Transaction, including, without limitation, a breach of the Environmental Agreement, Lease or Option Agreement, a breach of any representation or covenant under the Environmental Agreement, Lease or Option Agreement or any claim arising under the Indemnification. The Proofs of Claim are not subject to any setoff or counterclaim.

7.     Claimants are currently in discussions with the Debtors regarding the environmental investigation at the Debtors' Reynosa facility. Claimants have raised various environmental issues and claims with the Debtors that would fall within the purview of the Environmental Agreement and form a part of the Proofs of Claim.

8.     The Indemnified Parties (as defined in the Environmental Agreement) under the Environmental Agreement, all of which have filed Proofs of Claim against Delphi Corporation, include the following entities: Prudential Financial, Inc.; Prudential Investment Management, Inc.; Prudential Real Estate Investors, a division of Prudential Investment Management, Inc.; PLA Industrial Fund I, LLC; PLA Holding VI, LLC; PLA Mexico Industrial Manager I LLC; including each of their respective successors and assigns, as well as its directors, officers, shareholders, members, partners, employees, agents, servants, representatives, contractors, subcontractors, affiliates, subsidiaries, participants, successors and assigns of any and all of the foregoing and including but not limited to any successors by merger, consolidation or acquisition of all or a substantial part of any of its assets and business.

## ARGUMENT

**A.    Claimants Filed Valid Proofs of Claim and The Objection Should Be Overruled.**

9.    The Third Omnibus Objection as it relates to the Claimants has no basis as a matter of law. Pursuant to 11 U.S.C. § 101(5)(A), a "claim" is a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Thus, the Bankruptcy Code defines "claim" broadly, including even those claims that remain contingent not qualified. Woburn Associates v. Kahn *(In re Hemingway Transport, Inc.)*, 954 F. 2d 1, 8 (1st Cir. 1992) (stating that Congress defined claim "as broadly as practicable"). The fact that a claim may be contingent or unliquidated is not a legitimate basis for disallowance. See, e.g. 11 U.S.C. § 502(b)(1) (stating "if such objection to a claim is made, the court… shall allow such claim… except to the extent that (1) such claim is unenforceable against the debtor and property of the debtor for a reason other than because such claim is contingent or unmatured…" (emphasis added)); In re CD Realty Partners, 205 B.R. 651, 656 (Bankr. D. Mass. 1997) (stating "[t]he difficulty or impossibility of estimation no longer constitutes a legitimate basis for disallowing any prepetition right to payment as a 'claim' against the estate"). Here, the Indemnification attached to the Proofs of Claim establishes the basis for Delphi's liability to Claimants. The fact that the full amount of such liability is at this time is unknown is not a valid basis for disallowing the Proofs of Claim. In addition, as discussed above, the Claimants are currently in discussions with Delphi concerning certain environmental liabilities falling within the Indemnification which could be estimated and liquidated.

**B.**      **The Estimated Amount of the Proofs of Claim**

10.      The Objection requires that every response must contain, "to the extent that the Claim is fully or partially unliquidated, the amount that the Claimants believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate." See Objection p. 21.

11.      In order to comply with the Objection, each of the Claimants estimate the value of their respective Proofs of Claim to be at least $2,000,000 as of the date of filing this Response. Claimants reserve their rights to amend their Proofs of Claim or Response as the parties continue to review the environmental issues associated with the Real Property or the Transaction, and as additional claims may arise.

12.      Claimants object to the Debtors' attempt to cap the Proofs of Claim at the estimated amounts for all purposes in these cases.

**C.**      **Settlement of the Claim**

13.      To the extent that the Debtors wish to pursue discussions to resolve the Proofs of Claim, the Debtors should contact the attorneys listed below.

**WHEREFORE**, Claimants respectfully request that this Court enter an Order (i) denying the Debtors' Third Omnibus Claim Objection as it relates to the Proofs of Claim; and (ii) granting such other and further relief as this Court deems proper and just.

> **BANCO J.P. MORGAN, S.A., INSTITUCION DE BANCA MULTIPLE, J.P. GRUPO FINANCIERO, DIVISION FIDUCIARIA, NOT INDIVIDUALLY, BUT IN ITS CAPACITY AS TRUSTEE OF TRUST F/00121; PRUDENTIAL FINANCIAL, INC.; PRUDENTIAL INVESTMENT MANAGEMENT, INC.; PRUDENTIAL REAL ESTATE INVESTORS, A DIVISION OF PRUDENTIAL INVESTMENT MANAGEMENT, INC.; PLA HOLDING VI, LLC; PLA MEXICO INDUSTRIAL MANAGER I LLC; AND PLA INDUSTRIAL FUND I, LLC**
>
> By:    /s/ Maria DiConza
>        One of Its Attorneys

Maria DiConza (MD-4619)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY  10166
Phone: (212) 801-9278
Fax: (212) 805-9278

Of counsel:

Nancy A. Peterman, ARDC #6208120
Sherri Morissette, ARDC # 6256967
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL  60601
Phone: (312) 456-5040
Fax: (312) 456-8435