UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
-

In re                                                      Chapter 11
DELPHI CORPORATION, et al.,                                Case No. 05-44481 (RDD)
Debtors.                                                   (Jointly Administered)
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## L&W ENGINEERNG COMPANY'S RESPONSE TO
## DEBTORS' SECOND OMNIBUS OBJECTION (PROCEDURAL)

L&W Engineering Company ("L&W"), in response to the Debtors' second omnibus objection (the "Objection") to claims, states:

1.  The Debtors owe L&W $3,629,694.59 for the delivery of goods prior to the petition date and the Debtors' contractual obligations relating to payments for the manufacture of tooling (the "Claim").

2.  Because the Debtors have primarily dealt with L&W as "Delphi" or with other names associated with various Delphi plants that do not correspond to any of the Debtors' legal names, and because the Debtors' purchase orders and related communications often do not reference the legal name of the appropriate debtor entity, L&W has no way of determining which of the Debtors is actually contractually obligated to pay the Claim.

3.  However, based on the number of plants to which L&W ships and the number of different Delphi divisions with which L&W does business, L&W is reasonably certain that

{00114243}

multiple debtor entities owe various portions of the Claim. Accordingly, to preserve its rights, L&W filed proofs of claims against each of the Debtors.[1]

4. Under Fed. R. Bankr. P. 3001, a proof of claim constitutes *prima facie* evidence of the validity of the claim. To overcome that presumption, a debtor must produce specific and detailed allegations that place the claim in dispute. See e.g. In re Lenz, 110 B.R. 523, 525 (D. Colo. 1990).

5. In Delphi's Objection, without any explanation, Delphi proposes to expunge all the claims except the claim against Delphi Automotive Systems, LLC.

6. L&W objects to Delphi's attempt to unilaterally determine the correct debtor entity while providing absolutely no explanation of the reasons for this determination.

7. L&W is not attempting to obtain more than one recovery. L&W's objection is to the method of determining which of the debtor entities actually owes the debt to Android.

8. Because it is the Debtors' own method of doing business through multiple entities under the name "Delphi" that has caused this confusion, the Debtor should bear the burden of proving the correct Debtor entity(ies), and cannot make this determination unilaterally and without providing any support or explanation.

9. L&W further objects to the Debtors' unilateral requirement that L&W produce "all documentation or other evidence of the Claim upon which the Claimant will rely in opposing the Second Omnibus Claims Objection to the extent not included with the Proof of Claim previously filed with the Court."[2]

---

[1] Had L&W not filed the proof of claim against each Debtor that arguably owes a pre-petition debt to L&W, the Debtors could have argued that L&W had filed its claims against the wrong entity and sought to avoid the full amount of the valid pre-petition debts owed to L&W.

[2] Although this is a requirement of the Debtors' proposed claim objection procedures, this proposed order has not been entered and is subject to numerous objections, including an objection filed by L&W along with various other creditors.

10.   As stated above, the Debtors have not disclosed the basis of their determination that the Claim is valid only against Delphi Automotive Systems, LLC. Accordingly, L&W cannot not now produce all documentation and other evidence on which it will rely to contest the Debtors' unilateral determination.

11.   Further, due to the large number of contracts between various Delphi divisions or entities and L&W, the documents on which L&W *may* rely would be excessively voluminous. L&W needs to know the reasons for Delphi's unilateral determination to narrow the universe of documentation and other evidence to a manageable amount.

12.   In response to the Debtors' request for the "name, address and telephone number of the person . . . possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant", at this time, L&W has not granted ultimate authority to resolve the Claim to any single person.

Wherefore, L&W Engineering Company respectfully requests that this Honorable Court deny the Debtors' Second Omnibus Objections to Claims as to the relief requested against L&W.

          Respectfully submitted:

          SCHAFER AND WEINER, PLLC

By:  / s / Ryan Heilman
      DANIEL J. WEINER (P32010)
      MICHAEL R. WERNETTE (P55659)
      RYAN HEILMAN (P63952)
      Counsel for TIP Engineering, Inc.
      40950 Woodward Ave., Ste. 100
      Bloomfield Hills, MI 48304
      (248) 540-3340