UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                              Chapter 11
DELPHI CORPORATION, et al.,                                        Case No. 05-44481 (RDD)
Debtors.                                                           (Jointly Administered)
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### ANDROID INDUSTRIES, LLC'S RESPONSE TO
### DEBTORS' SECOND OMNIBUS OBJECTION (PROCEDURAL)

Android Industries, LLC ("Android"), in response to the Debtors' second omnibus objection (the "Objection") to claims, states:

1. The Debtors owe Android $3,184,562 for the delivery of goods prior to the petition date (the "Claim"). The Claim is fully secured by Android's setoff rights.

2. Because the Debtors have primarily dealt with Android as "Delphi" or with other names associated with various Delphi plants that do not correspond to any of the Debtors' legal names, and because the Debtors' purchase orders and related communications often do not reference the legal name of the appropriate debtor entity, Android has no way of determining which of the Debtors is actually contractually obligated to pay the Claim.

3. However, based on the number of plants to which Android ships and the number of different Delphi divisions with which Android does business, Android is reasonably certain

{00114244}

that multiple debtor entities owe various portions of the Claim. Accordingly, to preserve its rights, Android filed proofs of claims against each of the Debtors.[1]

4. Examples of names under which the Debtors have communicated with Android include:

| | |
|---|---|
| Delphi Automotive | Delphi Electronics and Safety |
| Delphi Automotive Systems | Delphi Harrison |
| Delphi Interior | Delphi Lockport |
| Delphi Columbus | Delphi Chassis and Energy |
| Delphi Adrian | Delphi Irving |
| Delphi Packard | Delphi Kettering |
| Delphi Plains | Delphi Plant 65 |
| Delphi SPO | Delphi CD Juarez |
| Hightech Packaging | Delphi Saginaw[2] |

5. Under Fed. R. Bankr. P. 3001, a proof of claim constitutes *prima facie* evidence of the validity of the claim. To overcome that presumption, a debtor must produce specific and detailed allegations that place the claim in dispute. See e.g. In re Lenz, 110 B.R. 523, 525 (D. Colo. 1990).

6. In Delphi's Objection, without any explanation, Delphi proposes to expunge all the claims except the claim against Delphi Automotive Systems, LLC.

7. Android objects to Delphi's attempt to unilaterally determine the correct debtor entity while providing absolutely no explanation of the reasons for this determination.

8. Android is not attempting to obtain more than one recovery. Android's objection is to the method of determining which of the debtor entities actually owes the debt to Android.

9. Because it is the Debtors' own method of doing business through multiple entities under the name "Delphi" that has caused this confusion, the Debtor should bear the burden of

---

[1] Had Android not filed the proof of claim against each Debtor that arguably owes a pre-petition debt to Android, the Debtors could have argued that Android had filed its claims against the wrong entity and sought to avoid the full amount of the valid pre-petition debts owed to Android.
[2] This list is not intended to be exhaustive.

{00114244}                                    2

proving the correct Debtor entity(ies), and cannot make this determination unilaterally and without providing any support or explanation.

10. Android further objects to the Debtors' unilateral requirement that Android produce "all documentation or other evidence of the Claim upon which the Claimant will rely in opposing the Second Omnibus Claims Objection to the extent not included with the Proof of Claim previously filed with the Court."[3]

11. As stated above, the Debtors have not disclosed the basis of their determination that the Claim is valid only against Delphi Automotive Systems, LLC. Accordingly, Android cannot not now produce all documentation and other evidence on which it will rely to contest the Debtors' unilateral determination.

12. Further, Android has already provided extensive documentation supporting Android's claim both in the proof of claim itself, and in the reclamation process. Due to the large number of contracts between various Delphi divisions or entities and Android, the documents already produced to Delphi in the reclamation process alone fully occupy one large box. The full set of documents and other evidence on which Android *may* rely would be much more voluminous, depending on the reasons asserted by Delphi for its unilateral decision to assign the full amount of the claim to Delphi Automotive Systems, LLC. Additionally complicating matters, most of the documents exist only on a computer hard drive or other electronic storage devices (although the Debtors may have retained hard copies) and are not easily accessible.

13. In response to the Debtors' request for the "name, address and telephone number of the person . . . possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim

---

[3] Although this is a requirement of the Debtors' proposed claim objection procedures, this proposed order has not been entered and is subject to numerous objections, including an objection filed by Android

on behalf of the Claimant", at this time, Android has not granted ultimate authority to resolve the Claim to any single person.

Wherefore, Android Industries, LLC respectfully requests that this Honorable Court deny the Debtors' Second Omnibus Objections to Claims as to the relief requested against Android.

Respectfully submitted,

SCHAFER AND WEINER, PLLC

By: /s/ Ryan Heilman
DANIEL J. WEINER (P32010)
MICHAEL R. WERNETTE (P55659)
RYAN HEILMAN (P63952)
Counsel for TIP Engineering, Inc.
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340

{00114244}                                4