Lori V. Vaughan (*Pro Hac Vice* pending)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329

Judy A. O'Neill (admitted *Pro Hac Vice*)
FOLEY & LARDNER LLP
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                              )
In re:                                        )
                                              )         Chapter 11
DELPHI CORPORATION, et al.,                   )         Case No. 05-44481 (RDD)
                                              )         Jointly Administered
            Debtors.                          )
---------------------------------------------------------------x

**RESPONSE TO THE DEBTORS' SECOND OMNIBUS OBJECTION (PROCEDURAL) PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (I) EQUITY CLAIMS, (II) CLAIMS DUPLICATIVE OF CONSOLIDATED TRUSTEE OR AGENT CLAIMS, AND (III) DUPLICATE AND AMENDED CLAIMS AND DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(C)**

PBR Australia Pty Ltd ("PBR Australia"), PBR Columbia LLC ("PBR Columbia"), PBR

Knoxville LLC ("PBR Knoxville"), and PBR Tennessee, Inc. ("PBR Tennessee," and together

with PBR Australia, PBR Columbia, and PBR Knoxville, "PBR"), by their attorneys Foley &

Lardner LLP, and Special Situations Investing Group, Inc. ("Special Situations Group") solely

with respect to Claim Nos. 2548, 5980, and 6610, by its attorneys, Richards Kibbe & Orbe LLP,[1] hereby file this Response to the Debtors' Second Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (I) Equity Claims, (II) Claims Duplicative of Consolidated Trustee or Agent Claims, and (III) Duplicate and Amended Claims (the "Duplicative Claim Objection") and Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Unsubstantiated Claim Objection").[2]

## BACKGROUND

PBR filed the following claims (individually, a "Claim" and collectively, the "Claims") against the Debtors:

| **Creditor** | **Claim Number** | **Date Filed** | **Nature** | **Amount** | **Debtor** |
|---|---|---|---|---|---|
| PBR Australia | 2547 | 4/4/2006 | General Unsecured | $562,192.18 | Delphi Corporation |
| PBR Australia | 2548 | 4/4/2006 | General Unsecured | $223,390.20 | Delphi Automotive Systems LLC |
| PBR Columbia | 2477 | 4/3/2006 | Secured | $966,873.25 | Delphi Automotive Systems LLC |
| PBR | 2477 | 4/3/2006 | General | $989,751.33 | Delphi Automotive |

---

[1] Special Situations Group has purchased a portion of the general unsecured claims set forth in Claim Nos. 2548, 6610, and 5980 and hereby joins in this Response solely as it relates to such claims and the Duplicative Claim Objection.

[2] PBR has setoff and/or recoupment rights with respect to its claims, which it expressly reserves herein as in its claims.

2

NYC_22176.1

| | | | | | |
|---|---|---|---|---|---|
| Columbia | | | Unsecured | | Systems LLC |
| PBR Columbia | 2478 | 4/3/2006 | Secured | $966,873.25 | Delphi Corporation |
| PBR Columbia | 2478 | 4/3/2006 | General Unsecured | $989,751.33 | Delphi Corporation |
| PBR Columbia | 2600 | 4/11/2006 | Secured | $1,508,953.50 | Delphi Corporation |
| PBR Columbia | 2600 | 4/11/2006 | General Unsecured | $447,671.08 | Delphi Corporation |
| PBR Columbia | 2601 | 4/11/2006 | Secured | $1,508,953.50 | Delphi Automotive Systems LLC |
| PBR Columbia | 2601 | 4/11/2006 | General Unsecured | $447,671.08 | Delphi Automotive Systems LLC |
| PBR Columbia | 6610 | 5/22/06 | Secured | $1,508,953.50 | Delphi Automotive Systems LLC |
| PBR Columbia | 6610 | 5/22/06 | General Unsecured | $222,279.77 | Delphi Automotive Systems LLC |
| PBR Columbia | 6611 | 5/22/06 | Secured | $1,508,953.50 | Delphi Corporation |
| PBR Columbia | 6611 | 5/22/06 | General Unsecured | $447,671.08 | Delphi Corporation |
| PBR Knoxville | 2475 | 4/3/2006 | General Unsecured | $10,501,957.65 | Delphi Automotive Systems LLC |
| PBR Knoxville | 2476 | 4/3/2006 | General Unsecured | $10,501,957.65 | Delphi Corporation |
| PBR Knoxville | 5074 | 5/8/2006 | General Unsecured | $9,166,420.04 | Delphi Automotive |

3

|  |  |  |  |  | Systems LLC |
|---|---|---|---|---|---|
| PBR Knoxville | 5075 | 5/8/2006 | General Unsecured | $9,166,420.04 | Delphi Corporation |
| PBR Knoxville | 5980 | 5/16/2006 | Secured | $68,308.80 | Delphi Automotive Systems LLC |
| PBR Knoxville | 5980 | 5/16/2006 | General Unsecured | $9,157,458.38 | Delphi Automotive Systems LLC |
| PBR Knoxville | 5981 | 5/16/2006 | Secured | $68,308.80 | Delphi Corporation |
| PBR Knoxville | 5981 | 5/16/2006 | General Unsecured | $9,157,458.38 | Delphi Corporation |
| PBR Knoxville | 15847 | 8/9/2006 | General Unsecured | Unliquidated | Delphi Automotive Systems Tennessee, Inc. |
| PBR Tennessee | 15883 | 8/9/2006 | General Unsecured | Unliquidated | Delphi Automotive Systems Tennessee, Inc. |

**BASIS FOR CLAIMS**

The Claims arise from: (1) the sale of goods or services to certain Debtor entities by certain PBR entities or the Joint Venture (as defined below), and (2) the relationship, actions and omissions relating to the Joint Venture between (a) Delphi Automotive Systems Tennessee, Inc., formerly known as PBR Automotive Tennessee, Inc. ("Delphi Tennessee"), which is one of the Debtors and a Delaware corporation, and (b) PBR Tennessee, Inc., formerly known as PBR Automotive Knoxville, Inc. ("PBR Tennessee" or the "PBR Member", and together with Delphi Tennessee, the "Members"), a Delaware corporation. The Joint Venture is a limited liability

4

company, formed under the laws of the state of Delaware, by the Members (the "Joint Venture"). Such company (the "Joint Venture Company") is PBR Knoxville, formerly known as PBR Automotive USA L.L.C. Delphi Tennessee owns a 49% interest in the Joint Venture Company; the PBR Member owns a 51% interest (the "Percentage Interests"). Delphi Automotive Systems, LLC ("Delphi Automotive"), another Debtor and a Delaware limited liability company, is the 100% equity security holder of Delphi Tennessee. Delphi Automotive, in turn, is owned 100% by Delphi Corporation ("Delphi"), the ultimate parent and a Debtor in these proceedings.

On September 26, 1996, the Members executed a Limited Liability Company Agreement (the "LLC Agreement"). Under the LLC Agreement, the Joint Venture Company is a manager-managed limited liability company. As such, it is managed by a Board of Managers (the "Board"). The Board consists of five (5) individuals (the "Managers"). The PBR Member appointed three (3) persons to serve as Managers (the "PBR Managers"); Delphi Tennessee appointed two (2) Managers (the "Delphi Managers"). The Managers are, at present:

Delphi Managers:

i. Stephen L. Davey, Product Line Manager, Wheel Brakes, Delphi Corporation and member of Board of Managers, PBR Knoxville LLC

ii. Theodore H. Lewis, Assistant Finance Director, Delphi Corporation and member of Board of Managers, PBR Knoxville LLC

PBR Managers:

i. Tony Clarke, Finance Director and Chief Financial Officer, Pacifica Group Limited and member of Board of Managers, PBR Knoxville LLC

ii. Derek Hodgson, President, PBR International USA Ltd. and member of Board of Managers, PBR Knoxville LLC

5

   iii. Robert Preston Lawhon, General Manager and member of
     Board of Managers, PBR Knoxville LLC

The two Delphi Managers have roles with both Delphi and the Joint Venture Company. Two of the three PBR Managers have roles with another PBR entity and the Joint Venture Company. The third PBR Manager is an officer only of the Joint Venture Company.

The Joint Venture Company and Delphi Energy and Chassis are parties to certain executory contracts (the "Joint Venture Contracts") through which the Joint Venture Company supplies Delphi Energy and Chassis with certain caliper assemblies and other parts (the "Parts"). Delphi Energy and Chassis uses the Parts in its business of supplying vehicle electronics, transportation components, integrated systems and modules and other electronic technology, as part of the automotive industry. In 2005, the Joint Venture Contracts comprised over 65% of the business and revenue of the Joint Venture Company.

On October 4, 2005, both Theodore Lewis and Stephen Davey, the Delphi Managers, executed resolutions, as members of the Board of Directors of Delphi Tennessee, authorizing the commencement of bankruptcy proceedings involving Delphi Tennessee. Upon information and belief, similar resolutions were executed by the boards of each of the Delphi debtors on or about the same date. Each of the debtors filed voluntary petitions under Chapter 11 on October 8, 2005 (the "Petition Date"). No prior statement of the decision of Delphi and its affiliates to file bankruptcy was provided by the Delphi Managers to the PBR Managers or the Joint Venture Company.

Under Section 18-304 of the Delaware LLC Act, a person ceases to be a member of a limited liability company upon the . . . [filing of] a voluntary petition in bankruptcy." See, Del. Code. Ann. Tit § 18-304. In addition, Section 13 of the LLC Agreement provides, in relevant

6

part, that the Joint Venture Company shall be dissolved upon the occurrence of any of the following events: "the bankruptcy or dissolution of a Member . . . unless the business of the Joint Venture Company is continued by the consent of the remaining Member within ninety (90) days of the occurrence of the terminating event."[3]

On or about October 5, 2005, the Delphi Managers approached the PBR Managers and requested, for contingency purposes, that the PBR Member amend the LLC Agreement in three principal ways: (i) to remove the dissolution provisions triggered by the filing of a bankruptcy on the part of Delphi; (ii) to amend the termination provisions such that an "Insolvency Event" did not give rise to a right to terminate the LLC Agreement by the other Member; and (iii) to counteract the provision in the Delaware LLC Act that a member of a limited liability company ceases to be a member on the filing of a bankruptcy petition. The Delphi Managers suggested a call or a meeting on either October 6, 2005 or October 10, 2005 to discuss the same. The proposed amendment never became effective, as it was not executed by the Members.

---

[3] The Members have agreed to extend such 90 day period until January 29, 2007.

## DEBTORS' OBJECTIONS

In the Duplicative Claim Objection, the Debtors objected to claim numbers 2475 (PBR Knoxville), 2476 (PBR Knoxville), 2477(PBR Columbia), 2478(PBR Columbia), 2547 (PBR Australia), 2600 (PBR Columbia), 2601 (PBR Columbia), 5074 (PBR Knoxville), 5075 (PBR Knoxville), 5981 (PBR Knoxville) and 6611 (PBR Columbia) (the "Allegedly Duplicative Claims") on the basis that such Claims were duplicative. All of the Allegedly Duplicative Claims relate to the sale of goods by PBR Columbia, PBR Knoxville and PBR Australia to Delphi Energy and Chassis. In the Unsubstantiated Claim Objection, the Debtors objected to claim numbers 15847 (PBR Knoxville) and 15883 (PBR Tennessee) on the basis that such Claims are unsubstantiated by the Debtors' books and records. The Claims that are subject to the Unsubstantiated Claims Objection pertain to the Joint Venture described above.

## RESPONSE TO ALL CLAIMS OBJECTIONS

Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), PBR's Claims "constitute[s] prima facie evidence of the validity and amount" of such claim. Fed. R. Bankr. Proc. 3001(f). Indeed, once the Claims were filed, the burden shifted to the Debtors to rebut the prima facie allowability of the Claims:

> If and only if the objecting party presents evidence of equal probative weight, the burden of going forward shifts back to the claimant . . . . The claimant must then offer evidence to carry its burden of persuasion. *This allocation of the burden of going forward "provides a proper balancing of burdens, assuring that objecting party does not underprove its objections, while, at the same time, assuring that the claimant filing the proof of claim need not overprove his claim at the mere cry of inequity by the objecting party."*

In re Britt, 199 B.R. 1000, 1009 (Bankr. N.D. Ala. 1996) (internal citations omitted and emphasis added); In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d Cir. 1999) ("A properly executed

and filed proof of claim constitutes prima facie evidence of the validity of the claim. . .[t]o overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); In re Int'l Wireless Comm. Holdings, Inc., 257 B.R. 739, 742 (Bankr. D. Del. 2001) ("objecting party bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim"). The Debtors bear the initial burden of going forward with evidence to object to the claim. 2 Norton Bankr. L. & Prac. 2d § 41:7 ("A duly executed proof of claim being a prima facie case for the claimant, the burden is on the objecting party to go forward with evidence establishing the basis of the objection. For example, if the objection is that no debt is owed or that the amount of the debt is different from the claimed amount, proof of the fact must be presented.").

The Debtors have utterly failed to "come forward with sufficient evidence and 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proof of claim [itself].'" In re Schlehr, 290 B.R. 387, 395 (Bankr. D. Mont. 2003) (quoting In re Holm, 931 F.2d 620, 623 (9th Cir. 1991)) (brackets added). Indeed, the Debtors have totally failed to provide any evidence, let alone sufficient evidence of equal probative weight to the Claims, to rebut the prima facie validity of the Claims.[4]

## RESPONSE TO DUPLICATIVE CLAIM OBJECTION

As stated above, PBR Columbia, PBR Knoxville and PBR Australia are parties to prepetition contracts with a Debtor entity for the supply of certain automotive component parts. The contracts at issue identify Delphi Energy and Chassis as the party with whom PBR

---

[4] Due to the existence of contracts which govern some or all of the Claims, PBR asserts that it may have rights to offset or recoup some or all of the Claims. However, the Claims have been filed to protect all rights to payment to the extent the Claims are not satisfied through setoff, recoupment or post-petition performance of the contracts.

9

Columbia, PBR Knoxville and PBR Australia are in contractual privity. Delphi Energy and Chassis does not appear to be a legal entity, however. Though it appears that Delphi Energy and Chassis may be a d/b/a for Delphi, the Debtors, in their Schedules of Assets and Liabilities, scheduled claims held by PBR entities against Delphi Automotive Systems LLC.

Accordingly, there is some uncertainty as to which Debtor entity (or entities) is in contractual privity with the PBR entities under the PBR contracts and, thus, is the obligor of the prepetition liabilities incurred and owing to PBR Columbia, PBR Knoxville and PBR Australia.[5] Upon information and belief, PBR believes that claim numbers 2475, 2476, 2477, 2478, 2547, 2600, 2601, 5074, 5075, 5981 and 6611 are properly asserted against either Delphi Corporation or Delphi Automotive Systems LLC. However, because there is some question as to which Debtor is responsible for these Claims. PBR, out of an abundance of caution, filed Claims against both Delphi Corporation and Delphi Automotive Systems, LLC. PBR recognizes that it cannot recover from two separate Debtor entities on account of the same claim. However, PBR's Allegedly Duplicative Claims should not be disallowed until such time as it can be determined against which Debtor such Claims are proper.

As indicated above, the burden sits squarely upon the Debtors to put forth evidence as to who is liable on such Claims. However, the Debtors have provided no evidence that the entity liable to the PBR entities is Delphi Automotive Systems, LLC and not Delphi. Yet, the Debtors seek to expunge or disallow the Allegedly Duplicative Claims from one Debtor.

In sum, PBR simply seeks to reserve its rights with respect to its Claims. PBR could be greatly prejudiced if, for instance, PBR Knoxville's claim number 2476 is disallowed against

---

[5] As noted above, Special Situations Group purchased a portion of claims numbers 2548, 5980, and 6610 and thus a portion of Delphi's prepetition liabilities in connection with such Claims is due and owing Special Situations Group. Solely for purposes of convenience, this Response refers to such obligations as due and owing PBR but should be read to include the interests of Special Situations Group.

10

Delphi at this time by a Duplicative Claim Objection, prior to a determination as to the appropriate Debtor, and instead allowed against Delphi Automotive Systems LLC, as the Duplicative Claim Objection seeks.  No plan of reorganization has been proposed in these cases, and it is unclear whether these cases will be substantively consolidated.  If they are not, then recoveries at each Debtor could vary widely, and PBR could be prejudiced by having its claim(s) allowed against a Debtor which pays a lower recovery than others.  On the other hand, Delphi will not be prejudiced by simply maintaining PBR Columbia's, PBR Knoxville's and PBR Australia's Claims against Delphi Corporation and Delphi Automotive Systems LLC on its claims register until the proper Debtor is determined.

If the Debtors and PBR come to an agreement as to which Debtor claim numbers 2475, 2476, 2477, 2478, 2547, 2600, 2601, 5074, 5075, 5981 and 6611 are properly against, or if the Court makes such determination, PBR will, at such time, withdraw certain of its allegedly duplicative Claims against the appropriate Delphi Debtor(s) to avoid any duplication.

### RESPONSE TO UNSUBSTANTIATED CLAIM OBJECTIONS

In their Unsubstantiated Claim Objection, the Debtors object to claim numbers 15847 (PBR Knoxville) and 15883 (PBR Tennessee) on the basis that such Claims are unsubstantiated.  In so doing, the Debtors confuse "unsubstantiated" with "unliquidated."  PBR Knoxville and PBR Tennessee, respectively, filed these Claims seeking recovery from Delphi Automotive Systems Tennessee, Inc. of an unliquidated amount.  The filing of a claim in an unliquidated amount does not require the disallowance of such claim as Debtors seek.  Rather, it only requires liquidation or estimation of such claim.

The Debtors' Objection merely argues, without any evidentiary support, that the Claims are "unsubstantiated."  This scant objection is in response to the Claims submitted by PBR

11

Knoxville and PBR Tennessee, which contain a recitation of the facts which serve as the basis of the Claims and provide a sufficient description of the documents underlying the Claims. Moreover, the Claims have been supplemented through the filing of this Response. The Claims were, as of their filing, and are, more than adequately documented.

PBR Knoxville and PBR Tennessee have alleged sufficient facts and furnished ample support for the legal basis for their Claims. Broadly, Delphi Tennessee breached the LLC Agreement by filing bankruptcy. In addition, it breached its duties of loyalty and care to the Joint Venture Company and PBR Tennessee as a Member thereunder.

Specifically, the Debtors' liability derives from its involvement with the Joint Venture Company. The bankruptcy filing has created considerable uncertainty which has prevented the Joint Venture Company from making capital investments necessary to procure new business and upgrade its manufacturing capabilities. Uncertainty was exacerbated by the failure of Delphi to assume the executory Joint Venture Contracts that comprised a significant portion of the Joint Venture Company's business. This failure came despite the requests of PBR Knoxville and PBR Tennessee for assumption.

In addition, PBR Knoxville and PBR Tennessee were harmed due to the divided loyalties of the two Delphi Managers. As set forth above, the Delphi Managers were aware of, and authorized the commencement of bankruptcy proceedings involving Delphi Tennessee. At the same time, such Delphi Managers breached their duties of loyalty to the Joint Venture Company by not taking any steps to protect the Joint Venture Company from damages arising from the Debtors' bankruptcy filing, even though they were aware that such filing was imminent. For example, the Joint Venture Company continued to ship goods to Delphi pursuant to the Contracts from October 4, 2005 until October 7, 2005. Further, as a result, the Joint Venture Company

12

incurred millions of dollars in liability that it otherwise could have avoided through exercise of its rights under the Contracts, including termination.[6]

In addition to failing to disclose the imminent filing, prior to the Petition Date, Delphi Tennessee sought to change the Joint Venture Agreement in a manner which would have further impaired the rights of the Joint Venture Company and the PBR Member. Because of the continuing uncertainty in the marketplace, the breaches of duty of Delphi Tennessee, its continuing conflict and the continuing harm being suffered by the Joint Venture Company, the extent of damages suffered by PBR Knoxville and PBR Tennessee is undetermined at this time. PBR Knoxville and PBR Tennessee simply seek to liquidate their Claims in these proceedings. Thus, the Debtors' objection should be overruled.

Each of PBR Knoxville and PBR Tennessee timely submitted their Claims, and provided sufficient descriptive attachments to the Claims - as they were entitled to do pursuant to Official Bankruptcy Form Number 10 - setting forth and summarizing the bases for their Claims. The proofs of claim filed by PBR Knoxville and PBR Tennessee are prima facie valid. Without more than the general claims of unsubstantiation and without any specific factual support, the Debtors have failed to overcome PBR Knoxville's and PBR Tennessee's prima facie valid Claims.

As defined in the Bankruptcy Code, a "claim" includes a "right to payment, whether or not such right is reduced to judgment, liquidated, <u>unliquidated</u>, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101. PBR Knoxville and PBR Tennessee have "claims" in unliquidated amounts for the reasons set forth in the Claims and as set forth above. They should not be disallowed.

---

[6] Termination of the Contracts might have even resulted in payment of the entire outstanding receivable, as the parties would have been free to contract for goods subsequent to termination on any mutually agreeable terms.

13

## CONTACT PERSONS

The respective PBR representatives who should be contacted to discuss the Claims are:

For PBR Knoxville LLC:
Chad Presnell
Chief Financial Officer
PBR Knoxville LLC
Knoxville, Tennessee 37931
Telephone: (865) 670-3236


For PBR Australia:
Peter Valentine
PBR Australia Pty Ltd.
P.O. Box 176
East Bentleigh, VI 3165
Australia
Phone: 6 3 9575 2200

And

For PBR Columbia:
David Wheeler
PBR Columbia LLC
201 Metropolitan Drive
West Columbia, SC 29170
Phone (803) 822-2006

## **CONCLUSION**

WHEREFORE, PBR and Special Situation Group respectfully requests that the Court overrule the Debtors' Duplicative Claim Objection as to claims numbers 2475, 2476, 2477, 2478, 2547, 2600, 2601, 5074, 5075, 5981 and 6611 and PBR respectfully requests that the Court overrule the Debtor's Unsubstantiated Claim Objection as to claim numbers 15847 and 15883.

Date: November 22, 2006
      New York, New York

                              Respectfully submitted,

                               /s/ Lori V. Vaughan
                              Lori V. Vaughan (*Pro Hac Vice* pending)
                              FOLEY & LARDNER LLP
                              90 Park Avenue
                              New York, NY 10016
                              Telephone: (212) 682-7474
                              Facsimile: (212) 687-2329

                              Judy A. O'Neill (admitted *Pro Hac Vice*)
                              FOLEY & LARDNER LLP
                              500 Woodward Ave., Suite 2700
                              Detroit, MI 48226
                              Telephone: (313) 234-7100
                              Facsimile: (313) 234-2800

                              And by

                              **RICHARDS KIBBE & ORBE LLP**

                              One World Financial Center
                              New York, NY  10281
                              Telephone: (212) 530-1800
                              Facsimile: (212) 530-1801

NYC_22176.1