SCHAFER AND WEINER, PLLC
40950 Woodward Ave. Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
DANIEL J. WEINER (P32010)
MICHAEL R. WERNETTE (P55659)
RYAN D. HEILMAN (P63952)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
In re

DELPHI CORPORATION, et al.,

Debtors.
_____/

Case No. 05-44481(RDD)
(Jointly Administered)

Chapter 11

### RESPONSE BY RICHARD JANES
### TO DEBTOR'S OBJECTION TO CLAIM

Richard Janes states:

1. Mr. Janes is an individual residing in Oakland County, Michigan.

2. Mr. Janes filed claim number 14762 against Debtor Delphi Corporation including its various related entities ("Delphi").

3. Mr. Janes is the 49% owner of H.E. Services Company, a Michigan corporation.

4. Robert L. Backie is the 51% owner of H.E. Services Company. H.E. Services Company asserted claims against Delphi in a lawsuit filed prepetition, and H.E. Services Company and Backie have asserted essentially the same claims in this consolidated bankruptcy case through proofs of claim, including claim numbers 837 (H.E. Services Company), 838, 1318, and 2237 (Robert L. Backie). Upon information and belief, Mr. Backie's claim is predicated on his status as 51% owner of H.E. Services Company, which claims that Delphi is liable for approximately $30,000,000.00 in damages to H.E. Services Company.

{00114218}

5. Mr. Janes' claim is predicated on the same facts and circumstances as the claims filed on behalf of H.E. Services Company and Robert L. Backie. To the extent the H.E. Services claim and/or the Backie claim are meritorious or are allowed for any reason, Mr. Janes is entitled to have his claim allowed in a proportional amount. Delphi has knowledge of the nature and basis for those claims as a result of its prepetition activities in litigating those claims.

6. Under Fed. R. Bankr. P. 3001, a proof of claim constitutes *prima facie* evidence of the validity of the claim. To overcome that presumption, a debtor must produce specific and detailed allegations that place the claim in dispute. See e.g. In re Lenz, 110 B.R. 523, 525 (D. Colo. 1990). Delphi's objection, which lacks any explanation, proposes to expunge Mr. Janes' claim. Delphi's unsupported objection to Mr. Janes' claim on the basis that its books and records do not reflect a liability on the claim is inadequate to refute Mr. Janes' Proof of Claim as prima facie evidence, and inadequate to shift the burden of proof on such claim to Mr. Janes.

7. Mr. Janes objects to any purported requirement that he submit all documents that he may rely on to support his claim along with this response. Mr. Janes will rely on the documents already in Delphi's possession concerning the H.E. Services claim, as well as additional documents that H.E. Services and/or Robert L. Backie may rely on in support of their claims, and may rely also on documents demonstrating Mr. Janes' ownership of 49% of H.E. Services.

8. For the reasons stated above, Mr. Janes is not in a position to identify with certainty or finality at this juncture all documents that he may need to rely on in support of his claim, and should he be required to litigate his claim with Delphi before such claim can be allowed, Mr. Janes reserves the right to rely on documents and other evidence, the identity, character, or importance of which is determined during the course of any such litigation.

9. Authority to settle Mr. Janes' claim rests with Mr. Janes, who should be contacted through his counsel Michael R. Wernette. Mr. Wernette's contact information is listed below.

Respectfully submitted:

SCHAFER AND WEINER, PLLC

By: /s/ Ryan Heilman
MICHAEL R. WERNETTE (P55659)
RYAN HEILMAN (P63952)
Counsel for TIP Engineering, Inc.
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340