**Hearing Date: November 30, 2006 at 10:00 a.m.**
**Objection Deadline: November 24, 2006 at 4:00 p.m.**

Jeffrey C. Wisler
Christina M. Thompson
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Orix Warren, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                           :
IN RE                                      :       Chapter 11
                                           :
DELPHI CORPORATION, et al.,                :       Case No. 05-44481 (RDD)
                                           :       (Jointly Administered)
         Debtors.                          :
-------------------------------------------------------------x
```

**OBJECTION OF ORIX WARREN, LLC TO MOTION FOR ORDER PURSUANT
TO 11 U.S.C §§ 502(b) and 502(c) AND FED. R. BANKR. P. 2002(m), 3007, 7016,
7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS
REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS AND (II)
CERTAIN NOTICES AND PROCEDURES GOVERNING HEARINGS
<u>REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS</u>**

ORIX Warren, LLC ("Orix"), by and through its undersigned counsel, hereby

objects to the *Motion for Order Pursuant to 11 U.S.C §§ 502(b) and 502(c) and Fed. R.*

*Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for*

*Hearings Regarding Disallowance or Estimation of Claims and (II) Certain Notices and*

*Procedures Governing Hearings Regarding Disallowance or Estimation of Claims*

("Procedures Motion"), and in support thereof, respectfully states as follows:

1.      The procedures and requirements (jointly "Procedures") that the Debtors seek to establish should be denied because they are overly-complex, self-serving, burden-shifting, time-consuming, and costly.

2.      Orix objects to the imposition of any Procedures that would retroactively dictate the content requirements of any objection filed by Orix to a claim objection and/or motion to estimate claims.  The Debtor has objected to Orix's proof of claim, alleging that such claim is not substantiated by the Debtors' books and records or, in the alternative, should be subject to estimation pursuant to 11 U.S.C. § 502(c).  Orix is filing a response contemporaneously herewith. Accordingly, any Procedures that may be approved by the Court in the future should not apply to Orix's response.

3.      Orix objects to the Procedures because they are overly complex.  Indeed, nearly fourteen pages of the Procedures Motion are devoted to simply outlining the Procedures.  These complex Procedures are likely to complicate, rather than simply the claims reconciliation process.

4.      Orix objects to the Procedures because they permit actions to be taken or not taken at the "sole discretion" of the Debtors.  For example, the following may be unilaterally dictated by the Debtors in their sole discretion: (a) hearing adjournment, (b) alternative meet and confer and mediation locations, and (c) mediator selection.    The Procedures must require the mutual consent of the Debtors and Orix.

5.      Orix objects to the Procedures to the extent that they require claim objection responses to (i) state specific factual and legal bases; and (ii) and contain all documentation and evidence upon which the claimant will rely in opposing objection.  Orix objects to such a requirement because a proof of claim constitutes prima facie evidence of the validity and

the amount of the claim.  Fed. R. Bankr. P. 3001(f).  "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence.*"  *See In Re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (emphasis added).  The content requirements the Debtors seek to place upon responses to claim objections impermissibly shift the burden of proof from the Debtors onto the claimants.

6.       Orix objects to the Procedures because they require the presence of unnecessary parties at a Sufficiency Hearing[1].   The purported purpose of a Sufficiency Hearing is to determine the legal sufficiency of the particular claim and to determine whether the proof of claim states a colorable claim against the Debtors.  It is not necessary, therefore, to require the claimant, in addition to counsel for the claimant, to appear at a Sufficiency Hearing.

7.       Orix objects to the Procedures because they require claimants and their counsel to participate in an in-person meet and confer and non-binding mediation with the Debtors in Troy, Michigan within 5 days of filing of a Notice of an Adjourned Estimation Hearing or Notice of Adjourned Claims Objection Hearing (collectively, a "Notice").  Rule 26(f) does not mandate an in-person meet and confer, and requiring such in this case is not warranted in light of the substantial cost burden it will place on claimants.  Additionally, it is completely unreasonable to require in-person meet and confers to occur within 5 days of the Notice being served.  Further, should in-person meet and confers be required, New York City, the chosen forum of this bankruptcy proceeding, should be offered as a meet and confer and mediation site.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning prescribed to them in the Procedures Motion.

8.    Orix objects to the supplemental briefing schedule proposed by the Debtors. A claimant should not be required to file its Supplemental Response until after discovery has concluded.  Additionally, the Debtors' deadline to file a Supplemental Reply should be 20 days before the *scheduled,* not commencement, date of the hearing.  Otherwise, the Debtors may extend their deadline to file a Supplemental Reply by simply adjourning the hearing.

9.    Orix objects to any pre-set limitations on the nature and amount of discovery requests that may be propounded by Orix.  Orix respectfully submits that the Federal Rules of Civil Procedure, as made applicable to these proceedings by the Federal Rules of Bankruptcy Procedure, should govern.   Further, Orix objects to any use of the parties' respective briefing deadlines as triggers for the start of discovery.  As currently proposed, the Debtors may commence discovery after a claimant's Supplemental Response is filed, but that claimant must wait to commence discovery until after the Debtors' Supplemental Reply is filed. Claimants should be permitted to commence discovery immediately in accordance with applicable rules.

10.    Finally, Orix objects to any pre-set limitation on the kind or amount of evidence, including testimony by live witnesses that Orix may present in support of its claim.

WHEREFORE, Orix respectfully requests that the Court deny the Procedures Motion and grant Orix such further and additional relief as the Court may deem just and proper.

4

Dated: November 22, 2206        CONNOLLY BOVE LODGE & HUTZ LLP


**/s/ Jeffrey C. Wisler**
Jeffrey C. Wisler
Christina M. Thompson
The Nemours Building
1007 N. Orange Street; P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
#501205        *Attorneys for Orix Warren, LLC*