KAYE SCHOLER LLP
Benjamin Mintz (BM 6060)
Heath D. Rosenblat (HR 6430)
425 Park Avenue
New York, New York 10022
(212) 836-8000 (telephone)
(212) 836-8689 (facsimile)


*Counsel for Celestica Inc., and its subsidiaries.*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, *et al.*, | : | Case No. 05-44481 (RDD) |
|  | : | Jointly Administered |
|     Debtors. | : |  |

---------------------------------------------------------x


## RESPONSE OF CELESTICA INC. TO DEBTORS'
## SECOND AND THIRD OMNIBUS CLAIMS OBJECTIONS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Celestica Inc., and its subsidiaries (collectively, "Celestica"), by its undersigned

counsel, Kaye Scholer LLP, hereby submit this response ("Response") to the Debtors' Second

Omnibus Claims Objection ("Second Omnibus Objection") and Third Omnibus Claims Objection

("Third Omnibus Objection," and together with the Second Omnibus Objection, the

"Objections"), and respectfully state as follows:

## BACKGROUND

1.      On October 8 and 14, 2005 ("Petition Dates"), Delphi Corporation

("Delphi") and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for

relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

31364881.DOC

("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

2.    Prior to the Petition Dates, Celestica, a Canadian company, sold, leased and provided goods, equipment and inventory to one or more of the Debtors.  Celestica also provided services to certain of the Debtors related to product development.

3.    By order of the Bankruptcy Court dated April 12, 2006, the last date to file proofs of claim against the Debtors was set as July 31, 2006 ("Claims Bar Date").

4.    On July 28, 2006, Celestica timely filed with the clerk of the Bankruptcy Court proofs of claim nos. 12786, 12788, 12789, 12790, 12791, 12792, 12793, 12794, 12795, 12796, 12797, 12798, 12799, 12800, 12801, 12802, 12803, 12804, 12805, 12806, 12807, 12808, 12810, 12811, 12812, 12814, 12815, 12816, 12817, 12818, 12819, 12820, 12821, 12822, 12823, 12824, 12825, 12826, 12827, and 12878 ("Subsidiary Proofs of Claim"),[1] each asserting a claim in the amount of $1,799,626.39 ("Claim Amount") against each of the Debtors other than Delphi. The Subsidiary Proofs of Claim are the subject of the Second Omnibus Objection.

5.    Celestica also timely filed with the clerk of the Bankruptcy Court on July 28, 2006, proof of claim no. 12813, a copy of which, without exhibits, is attached hereto as Exhibit B ("Delphi Claim", and together with the Subsidiary Proofs of Claim, the "Proofs of Claim"), for the Claim Amount against Delphi.  The Delphi Claim is the subject of the Third Omnibus Objection.[2]

---

[1]    A copy of claim no. 12786, without exhibits, is attached hereto as an example of the form of the Subsidiary Proofs of Claim.

[2]    Celestica is preserving its right by this Response to supplement or amend the Proofs of Claims, and, in fact in presently considering amending the Proofs of Claims.

6.      The Subsidiary Proofs of Claim against each of the Debtors were filed as

Celestica is unable to determine at this time which particular Debtor(s) may be obligated on each

particular component that result in the Claim Amount.

7.      The Proofs of Claim clearly demonstrate obligations owing by the Debtors

to Celestica and relate to the following:

a.      Excess and obsolete materials:  Consist of materials and parts which were to be used by Celestica in the manufacturing process for goods and inventory that the Debtors agreed to purchase but failed to do so.  Those materials and parts are now excess and obsolete.

b.      Tooling, non-recurring expenditures (NRE) and prototyping charges:  Consist of unique parts and materials which were to be used by Celestica in the manufacturing process for goods and inventory that the Debtors agreed to purchase but failed to do so.  Also includes related product development charges.

c.      Material consumed in prototyping:  Consists of materials, parts and inventory used by Celestica in product development for the Debtors.

d.      Consulting services:  Includes testing and other technical services provided in connection with product development by Celestica for the Debtors.

e.      CLS labor charges for Delphi-Matchbox: Relates to a personal portable electronic devise for use with the Delphi Roady 2 platform developed and/or designed by Celestica for the Debtors.

f.      Leased equipment:  Consists of test equipment leased by Celestica to the Debtors relating to the Delphi-Matchbox equipment.

g.      Other outstanding invoices for design services and shipped product.

8.      Further, the Proofs of Claim included calculations, invoices, and other

back-up materials that detailed the various components of the Claim Amount ("Documentary

Evidence").  A copy of the Documentary Evidence that was attached to each of the Subsidiary

Proofs of Claim and Claim No. 12813 is attached hereto as Exhibit C.

9.      On October 31, 2006, the Debtors filed the Second Omnibus Objection, which listed the Subsidiary Proofs of Claim as duplicate claims, and seeks to have them expunged in their entirety.  *See* Second Omnibus Claims Objection, at ¶¶32-33.

10.     Additionally on October 31, 2006, the Debtors filed the Third Omnibus Objection, which listed Claim No. 12813 as a claim subject to modification ("Claims Subject to Modification").  The Third Omnibus Objection states that the bases for including the Claims Subject to Modification include, but are not limited to, the following:

> (a) the asserted Claim was denominated in foreign currency in violation of the Bar Date Order, (b) the asserted Claim states a claim for unmatured interest or postpetition interest on an unsecured claim, which interest is not is allowed under 11 U.S.C. §§ 502(b)(2), 506(b), (c) the asserted Claim does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (d) the asserted Claim does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, and (e) the asserted Claim is misclassified as a priority or secured claim.

*See* Third Omnibus Claims Objection, at ¶32.

11.     According to the Third Omnibus Objections, the Debtors seek to reduce Claim No. 12813 to the amount of $36,370.02.

12.     At this time, Celestica has carried its burden by clearly demonstrating the bases for the Debtors' liability to Celestica.  To the contrary, the Debtors have not provided any substantive reason for the Proofs of Claim expungement/reduction aside from a lumping, books and records omnibus objection.

## BASIS FOR DENIAL OF OBJECTIONS

13.    A proof of claim properly filed in accordance with section 501(a) of the

Bankruptcy Code constitutes *prima facie* evidence of the claim's validity and amount.  *Fed. R.*

*Bankr. P. 3001(f);  In re Worldcom, Inc.*, No. 02-13533, 2005 WL 3832065, *4 (Bankr.

S.D.N.Y. Dec. 29, 2005); *In re Frederes*, 98 B.R. 165, 166 (Bankr. W.D.N.Y. 1989).

14.    In the event a claim is objected to, the burden of producing evidence to

rebut the *prima facie* effect of the proof of claim is *on the objectant*.  *In re Frederes*, 98 B.R. at

166 (emphasis added).  The burden of going forward shifts to the objectant to "produce evidence

sufficient to negate the prima facie validity of the filed claim."  *In re Worldcom, Inc.*, 2005 WL

3832065, at *4.  Furthermore, the burden of production remains on the objectant until "the

objectant has produced facts sufficient to demonstrate that an actual dispute exists; a mere denial

of the claim's validity or amount will not suffice." *In re Frederes*, 98 B.R. at 166-67; *In re*

*Worldcom, Inc.*, 2005 WL 3832065, at *4 ("In practice, the objector must produce evidence

which, if believed, would refute at least one of the allegations that is essential to the claim's legal

sufficiency."); *In re Dresser*, 135 F. 495 (2d Cir. 1905) ("[T]he objector, though not required to

disprove the claim, must produce evidence whose probative force shall be equal to, or greater

than, the evidence offered in the first instance by the claimant.") (internal quotations omitted).

15.    The Debtors have failed to provide sufficient evidence to rebut the *prima*

*facie* validity of each the Delphi Claim and the Subsidiary Proof of Claims.

16.    Aside from the Debtors' baseless statement that the Delphi Claim is

subject to modification, the Debtors have provided no evidence to support their assertion that the

Delphi Claim should be reduced from the Claim Amount.  The Debtors have provided no

documentation or explanation at all to refute Celestica's Documentary Evidence, let alone

provided evidence sufficient to rebut the *prima facie* validity of the Delphi Claim.  Absent

"evidence equal in force to the prima facie case," the burden of production remains with the

Debtors to rebut the validity of the Delphi Claim.

17.    Further, the Third Omnibus Objection and the Debtors' schedules, which

acknowledge a $36,370.02 liability due and owing to Celestica, establish that the Debtors, at a

minimum, recognize the existence of a business relationship between itself and Celestica.  The

inclusion of the Delphi Claim as part of an omnibus objection, lumped together with hundreds of

other claims, without specific or particularized bases for objection suggests that the Debtors may

not have reviewed the Documentary Evidence provided with the Delphi Claim.

18.    With respect to the Subsidiary Proofs of Claim, the Debtors have failed to

produce any evidence that only Delphi is responsible for the obligations owing to Celestica.

Therefore, it would be premature to expunge the Subsidiary Proofs of Claims before determining

the proper responsible Debtor party.

### RESERVATION OF RIGHTS/AUTHORITY TO SETTLE

19.    Celestica reserves the right to amend or supplement (i) the Proofs of

Claim, (ii) the Documentary Evidence, (iii) this Response, and (iv) the evidentiary record in

support of the Proofs of Claim at a later date.

20.    Michael D. Peters, whose business and mailing address is Celestica, Inc.,

1150 Eglinton Avenue East, Toronto, Ontario M3C 1H7, Canada, (416) 448-2479, possesses

ultimate authority to reconcile, settle, or otherwise resolve the Proofs of Claim on behalf of

Celestica.

## **REPLIES**

21.    Replies to this Response should be made to: (i) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022, Attn: Benjamin Mintz, Esq. and (ii) Celestica, Inc., 1150 Eglinton Avenue East, Toronto, Ontario M3C 1H7, Canada, Attn: Michael D. Peters.

## **CONCLUSION**

22.    WHEREFORE, based on the foregoing, the Bankruptcy Court should deny (a) the Second Omnibus Objection as it relates to the Subsidiary Proofs; (b) Third Omnibus Objection as it relates to the Delphi Claim; and (c) grant such other and further relief as the Bankruptcy Court deems appropriate.

Dated:  New York, New York
        November 22, 2006

                                        *Counsel for Celestica, and its*
                                        *subsidiaries*

                                        _____*/s/ Heath D. Rosenblat*_____
                                        Benjamin Mintz (BM 6060)
                                        Heath D. Rosenblat (HR 6430)
                                        KAYE SCHOLER LLP
                                        425 Park Avenue
                                        New York, New York 10022
                                        (212) 836-8000 (telephone)
                                        (212) 836-8689 (facsimile)