# EXHIBIT B

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT    Southern    DISTRICT OF    New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: In re Delphi Corp. et al. | Case Number: 05-44480 (Jointly Administered) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**Celestica Inc. and its subsidiaries**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Kaye Scholer LLP         Celestica
425 Park Avenue          1150 Eglinton Ave.
New York, NY 10022       Toronto, Ontario M3C 1H7  Canada
Attn: Benjamin Mintz     Attn: Michael D. Peters
Telephone number: (212) 836-8000

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
**See attached appendix**

Check here ☐ replaces  ☐ amends    if this claim    a previously filed claim, dated: _____

1. **Basis for Claim**
   - ☒ Goods sold
   - ☒ Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☒ Other **See attached appendix**
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
     (date)           (date)

2. **Date debt was incurred:** See attached appendix
3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ __1,799,626.39__  _____  _____  __1,799,626.39*__
   (unsecured)    (secured)    (priority)    (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.
   * See attached Appendix

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $ _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. **Unsecured Nonpriority Claim** $ __1,799,626.39*__
   * See attached Appendix
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

FILED U.S. BANKRUPTCY COURT S.D.N.Y. 2006 JUL 28 P 3:51

| Date 7/28/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _[signature]_ Michael D. Peters, Corporate Counsel for Celestica Inc. |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                       :    Chapter 11
                                                             :
DELPHI CORP., *et al.*                                       :    Case No. 05-44480 (RDD)
                                                             :    Jointly Administered
        Debtor.                                              :
------------------------------------------------------------x

## APPENDIX TO PROOF OF CLAIM OF CELESTICA

      1.      On October 8, 2005 (the "Filing Date") and October 14, 2005, Delphi Corporation and certain of its affiliates (collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

      2.      Celestica Inc. is a Canadian company which hereby asserts this Proof of Claim. Prior to the Filing Date, Celestica Inc. and its subsidiaries (collectively, "Celestica"), among other things, sold, leased or provided goods, equipment and inventory to one or more of the Debtors and it also provided services in connection with product development to one or more of the Debtors.

      3.      As of the Filing Date, the Debtors owed Celestica no less than $1,799,626.39 (the "Claim"), plus all other additional fees, costs, expenses, indemnities and other amounts, the total amount which cannot, at this time, be reasonably calculated or estimated. Celestica does not waive its rights to any and all such fees, costs, expenses, indemnities or charges by not stating a specific figure therefor at this time, and it reserves the right to amend and supplement this Proof of Claim to include all such matters.

      4.      Exhibit A hereto provides the calculations for the Claim and details the various components of the Claim. Exhibit A also includes invoices and other back-up materials in support of the Claim.

      5.      As set forth in Exhibit A, the Claim is predicated on obligations of the Debtors relating to the following:

      a.      Excess and obsolete materials: Consist of materials and parts which were to be used by Celestica in the manufacturing process for goods and inventory that the Debtors agreed to purchase but failed to do so. Those materials and parts are now excess and obsolete.

      b.      Tooling, non-recurring expenditures (NRE) and prototyping charges: Consist of unique parts and materials which were to be used by Celestica in the manufacturing process for goods and inventory that the Debtors agreed to purchase but failed to do so. Also includes related product development

31302817.DOC

charges.

    c.    Material consumed in prototyping: Consists of materials, parts and inventory used by Celestica in product development for the Debtors.

    d.    Consulting services: Includes testing and other technical services provided in connection with product development by Celestica for the Debtors.

    e.    CLS labor charges for Delphi-Matchbox relating to a personal portable electronic devise for use with the Delphi Roady 2 platform developed and/or designed by Celestica for the Debtors.

    f.    Leased equipment. Consists of test equipment leased by Celestica to the Debtors relating to the Delphi-Matchbox equipment.

    g.    Other outstanding invoices for design services and shipped product.

6.    This Proof of Claim is hereby asserted against each of the Debtors because Celestica is unable to determine which particular Debtor(s) may be obligated on each component of the Claim.

7.    Celestica has included documentation in support of its Claim in Exhibit A hereto. Celestica reserves the right to supplement this Proof of Claim with additional documentation in support of its Claim.

8.    Celestica reserves the right to amend or supplement this Proof of Claim or to file additional proofs of claim for any additional claim which may be based on the facts and circumstances giving rise to the claims asserted in this Proof of Claim.

9.    Michael D. Peters, whose business and mailing address is 1150 Eglinton Avenue East, Toronto, Ontario M3C 1H7, Canada, is Corporate Counsel of Celestica and is authorized to submit and file this proof of claim against each of the Debtors on behalf of Celestica.

10.    Pursuant to the Bar Date Order entered by the Bankruptcy Court in the Debtors' bankruptcy cases, Celestica is not required to assert any claims for administrative amounts at this time. Celestica reserves its right to file a request for payment of administrative expenses in accordance with sections 503 and 507 of the Bankruptcy Code.

11.    No judgment has been rendered on this Claim.

12.    This Claim is not subject to any setoff or counterclaim.

13.    The execution and filing of this Proof of Claim is not and shall not be deemed or construed as (a) a waiver or release of Celestica's rights against any person, entity, or

property, which may be liable for all or any part of the claims asserted herein; (b) a consent by Celestica to the jurisdiction of the Bankruptcy Court with respect to proceedings, if any, commenced in these cases against or otherwise involving Celestica ; (c) a waiver or release of Celestica's right to trial by jury in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a waiver or release of Celestica's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (e) a waiver of the right to move or to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in these cases against or otherwise involving Celestica; or (f) an election of remedies.

       14.    All notices concerning this Proof of Claim should be sent to: (i) Michael D. Peters, Corporate Counsel, 1150 Eglington Avenue East, Toronto, Ontario M3C 1H7, Canada; and (ii) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022, Attn: Benjamin Mintz.