**Hearing Date and Time: November 30, 2006 at 10:00 a.m.**
                                           **Response Date and Time: November 24, 2006 at 4:00 p.m.**

Mary L. Johnson (MJ 5500)
Malani J. Sternstein (MS 3882)[1]
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza, Suite 2400
New York, New York 10112
Telephone:    212-332-3800
Facsimile:    212-332-3888

*Attorneys for Creditors International Rectifier Corporation
and IR Epi Services, Inc*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| DELPHI CORPORATION, et al, | : Case No. 05-44481 (RDD) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

------------------------------------------------------------ X

**LIMITED RESPONSE OF INTERNATIONAL RECTIFIER CORPORATION
AND IR EPI SERVICES, INC. TO SECOND OMNIBUS OBJECTION
(PROCEDURAL) PURSUANT TO 1 U.S.C. § 502 AND FED. R. BANKR. P. 3007
TO CERTAIN (I) EQUITY CLAIMS, (II) CLAIMS DUPLICATIVE OF
CONSOLIDATED TRUSTEE OR AGENT CLAIMS, AND (III) DUPLICATE
AND AMENDED CLAIMS**

Creditors International Rectifier Corporation and IR Epi Services, Inc.

(collectively, the "IR Entities"), by and through undersigned counsel, hereby submit a Limited

---

[1] Creditors International Rectifier Corporation and IR Epi Services, Inc. respectfully submit that, as required by paragraph 37(f) of the Second Omnibus Claims Objection (as defined below), Malani J. Sternstein is designated as the individual with ultimate authority to reconcile, settle or otherwise resolve the claims on behalf the IR Entities (as defined below), and can be reached at the address and telephone number provided herein.

Response to the Debtors' Second Omnibus Objection (Procedural) Pursuant To 1 U.S.C. § 502 And Fed. R. Bankr. P. 3007 To Certain (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims ("Second Omnibus Claims Objection"); and respectfully state as follows:

Through their Second Omnibus Claims Objection, the Debtors assert that they have identified claims filed by the IR Entities in these bankruptcy cases, which they seek to disallow and expunge solely on the basis that such claims are duplicative and have been asserted against the incorrect Debtor or Debtors. *See* Second Omnibus Claims Objection at ¶ 14-15 and Ex. D. Debtors assert that both of the IR Entities will have a "Surviving Claim" against Delphi Automotive Systems LLC. *See* Second Omnibus Claims Objection at ¶ 14 and Ex. D. This determination is based on the "classifications of liabilities as reflected on the Debtors' schedules." *See* Second Omnibus Claims Objection at ¶ 14-15. However, the Debtors "expressly reserve all of their rights to further object to any or all of the Surviving Claims at a later date on any basis whatsoever." *See* Second Omnibus Claims Objection at ¶ 15. The IR Entities do not have sufficient information to verify that the Debtors have adequately identified the "Surviving Claim."

The IR Entities do not object to the disallowance of duplicative claims. However, to the extent that the IR Entities' respective "Surviving Claim" is found to have been maintained and asserted against the incorrect Debtor or Debtors, the Debtors should treat such "Surviving Claim(s)" as a claim against the correct Debtor or Debtors insofar as the IR Entities had timely filed a claim against such correct Debtor or Debtors. Further, the Debtors should promptly request that this Court so modify and correct the Debtor or Debtors against which such "Surviving Claim" is asserted notwithstanding that the claim against such correct Debtor or

Debtors was disallowed and expunged as "duplicative" by virtue of the Second Omnibus Claims Objection.

WHEREFORE, the IR Entities respectfully request that this Court enter an Order on the Second Omnibus Claims Objection which: (a) provides that any "Surviving Claim" of the IR Entities, and each of them, may be later asserted and modified against a different Debtor or Debtors so long as a claim was timely filed against such Debtor or Debtors, and notwithstanding the disallowance and expunging of such claim pursuant to the Second Omnibus Claim Objection, in the event that the "Surviving Claim" is found to have not been retained as to the correct Debtor or Debtors; and (b) granting other and further relief as is deemed necessary and proper.

Dated: November 22, 2006
New York, New York

>                               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
>
>                               By:   /s/ Mary L. Johnson
>                                  Mary L. Johnson
>                                  Malani J. Sternstein
>                                  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
>                                  30 Rockefeller Plaza, 24th Floor
>                                  New York, New York  10112
>                                  Tel:  (212) 332-3800
>
>                               *Attorneys for Creditors International Rectifier Corporation and IR Epi Services, Inc*