**Hearing Date: November 30, 2006 at 10:00 a.m.**
                                    **Objection Deadline: November 24, 2006 at 4:00 p.m.**

Jeffrey C. Wisler
Christina M. Thompson
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Orix Warren, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                      :
IN RE                                                   :         Chapter 11
                                                   :
DELPHI CORPORATION, et al.,             :         Case No. 05-44481 (RDD)
                                                   :         (Jointly Administered)
        Debtors.                                 :
------------------------------------------------------------x

**OBJECTION OF ORIX WARREN, LLC TO DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND <u>UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c).</u>**

      Orix Warren, LLC ("Orix"), by and through its undersigned counsel, hereby objects to the *Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c)* ("Request"), and in support thereof, respectfully states as follows:

1. ORIX and Delphi Automotive Systems, LLC ("Delphi Auto"), one of the Debtors, are parties to a certain *Lease* ("Lease") for non-residential real property located at 4551 Research Parkway, Warren, Ohio. The Lease is identified by Delphi Auto as an unexpired lease of non-residential real property on its Schedules of Assets and Liabilities ("Schedules").

2. The Court established July 31, 2005 ("Bar Date"), as the deadline for parties to file claims against the Debtors. Orix timely filed its claim, Claim Number 10202 ("Orix Claim"), against the Debtors in an unliquidated amount with respect to the Debtors' obligations to Orix under the Lease.

3. On October 31, 2006, the Debtors filed the Request seeking either the (a) disallowance of the Orix Claim because it is not substantiated by the Debtors' books and records or (b) estimation of the amount of Orix Claim pursuant to 11 U.S.C. § 502(c) because the Orix Claim is unliquidated.

4. There is no merit to the Debtors' allegation that the Orix Claim is unsubstantiated. The Debtors define an "unsubstantiated claim" in the Request as one that asserts liabilities or dollar amounts that are not owed pursuant to the Debtors' books and records. *See* Request, ¶ 26. The Debtors cannot therefore assert in good faith that their books and records to not substantiate the existence of the Lease because the Lease is identified on the Schedules as an unexpired lease of non-residential real property.

5. Further, the Orix Claim is properly filed as unliquidated and, therefore, does not assert a dollar amount that is owed under the Lease. The Orix Claim is prospective and is necessary to preserve any unsecured, non-priority claims that may arise or accrue under the Lease after the Bar Date. Accordingly, unless the Debtors

stipulate that all claims that may subsequently arise and/or accrue under the Lease are administrative claims, the Orix Claim may not be disallowed.

6.  Additionally, the Court should deny the Debtors' request to estimate the Orix Claim pursuant to 11 U.S.C. § 502(c). Section 502(c) requires the estimation of any contingent or unliquidated claim where, the "fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." The liquidation of the Orix Claim will not unduly delay the administration of the case because the Debtors are in complete control over the timing of the liquidation of the Orix Claim.

7.  The Orix Claim cannot be liquidated at this time because the Debtors' obligations to Orix under the Lease are continuing. As a result, the Orix Claim cannot be liquidated until the Debtors decide whether to assume or reject the Lease. At the Debtors' request, the Court extended the Debtors' deadline to assume or reject the Lease through December 7, 2006.[1] The Debtors have previously advised this Court that they need more time to review the Lease in order to formulate a plan. It is disingenuous for the Debtors to now argue that they cannot formulate a plan because their obligations under the Lease are not fixed.

8.  Accordingly, estimation is not required under 11 U.S.C. § 502(c).

---

[1] Subject to Debtors' pending request that such deadline be further extended to June 7, 2007.

3

WHEREFORE, Orix respectfully requests that the Court deny the Request and grant Orix such additional and further relief as the Court may deem just and proper.

Dated: November 22, 2206   CONNOLLY BOVE LODGE & HUTZ LLP

**/s/ Jeffrey C. Wisler**
Jeffrey C. Wisler
Christina M. Thompson
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
#500748   *Attorneys for Orix Warren, LLC*