Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York  10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

*Counsel for the Official Committee
of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
  Delphi Corporation, et al.,             :   Case No.  05-44481 (RDD)
                                          :   (Jointly Administered)
                          Debtors.        :
                                          :
                                          :
------------------------------------------x

**STATEMENT OF THE OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS REGARDING DEBTORS'
MOTION FOR ORDER AUTHORIZING ENTRY INTO SETTLEMENT
<u>WITH THE SECURITIES AND EXCHANGE COMMISSION</u>**

TO:   THE HONORABLE JUDGE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Equity Security Holders (the "Equity Committee"), by and

through its counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, files this statement (the

"Statement") regarding the Debtors' Motion For Order Authorizing Entry Into Settlement With

The Securities And Exchange Commission (the "Motion") filed on November 10, 2006, in the

above-captioned chapter 11 cases, and respectfully states as follows:

**BACKGROUND**

1. On October 8, 2005, and October 14, 2005, Delphi Corporation ("Delphi") and certain of its U.S. subsidiaries (collectively, the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.

3. On April 28, 2006, the U.S. Trustee appointed the Equity Committee

4. On November 10, 2006, the Debtors filed the Motion seeking an order under section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the entry into a settlement (the "Settlement) with the Securities and Exchange Commission (the "SEC") to resolve investigations by the SEC into various prepetition acts of the Debtors and the charges brought in a related complaint (the "Complaint") filed by the SEC against Delphi.

**STATEMENT**

5. According to the Motion, in connection with a lengthy investigation of Delphi by the SEC that began in late July 2004, the SEC filed the Complaint against Delphi alleging violations of federal securities laws. The lawsuit relates to transactions that were the subject of Delphi's June 2005 financial restatement. In its Complaint, the SEC charged Delphi with engaging in a pattern of fraudulent conduct between 2000 and 2004. Simultaneously with the filing of the Complaint, Delphi settled with the SEC. Pursuant to the Settlement, Delphi agreed,

2

*inter alia*, without admitting or denying wrongdoing, to be enjoined from future violations of the securities laws and the SEC did not seek against Delphi, and Delphi is not obligated to pay, civil monetary penalties.

6. Delphi's shareholders are no doubt the constituency most injured and aggrieved by the misdeeds that caused Delphi to restate its financial statements and that are the subject of the SEC's investigation and Complaint. Delphi's public investors were defrauded and suffered significant harm as a result. However, the Equity Committee believes that the expeditious resolution of the SEC investigation and lawsuit as it relates to Delphi will facilitate Delphi's restructuring efforts and help preserve value for all constituencies. Therefore, in the interest of preserving Delphi's going concern value for the benefit of current shareholders, the Equity Committee supports the Debtors' request for authority to enter into the Settlement, subject to the understandings and reservations set forth herein.

7. It is the Equity Committee's understanding that in addition to the SEC's investigation, the U.S. Department of Justice, Criminal Division and the U.S. Attorney's Office for the Eastern District of Michigan are conducting their own investigation of Delphi, which is on-going. Although the Settlement does not appear to implicate actions taken by any party other than the SEC, the record should be clear that the Settlement cannot and does not preclude any Delphi shareholders from taking part in and benefiting from any actions taken by any other governmental authority and the rights of Delphi shareholders with respect to such actions are expressly preserved.

8. In addition, the Equity Committee understands that General Motors Corporation ("GM") is the subject of an on-going investigation by the SEC and other governmental authorities. As demonstrated to this Court previously by the Equity Committee, the Equity

Committee believes that (i) GM has continuously dominated and controlled Delphi throughout its existence and (ii) GM caused the circumstances, and compelled certain of the transactions, that are the subject of the SEC's investigation of GM and Delphi, which directly harmed Delphi shareholders. As such, the Equity Committee believes that a prime beneficiary of the Settlement is GM.

9.    Despite this, as a matter of expedience and in the interest of the Debtors' chapter 11 cases, the Equity Committee defers to the decision of Delphi and the SEC to enter into the Settlement provided that Delphi's entry into the Settlement does not impact or prejudice the rights of Delphi or its shareholders against GM. The purpose of this Statement is to ensure that such rights are expressly preserved. To the extent any liability is imposed on GM by the SEC or any other governmental authority relating to acts or omissions that injured Delphi, including but not limited to the circumstances and transactions that are the subject of the SEC's investigation of Delphi and GM, nothing in the Settlement should impair or limit or otherwise be deemed a waiver of the claims of Delphi or its shareholders against GM relating thereto. The Settlement also should not preclude Delphi or its shareholders from recovering from any account or fair fund (to the extent established) funded by GM or any other third parties for the benefit of Delphi or its shareholders.

10.    Similarly, the Settlement should not impair Delphi shareholders' rights with respect to any individuals named in the Complaint or any other action involving Delphi that harmed investors. In connection with the SEC's investigation and as part of the Complaint, the SEC also charged thirteen individuals (nine of whom were former Delphi employees) for their alleged role in the fraudulent conduct and/or in related reporting and books-and-records violations by Delphi. Based on statements made by both Delphi and the SEC, six of these named

individual defendants have settled with the SEC. As part of the settlements reached among those individual defendants and the SEC, certain individual defendants will be required to pay penalties and disgorgement amounts. To the extent the SEC establishes a fair fund to be funded by any of the individual defendants for the benefit of Delphi investors who were harmed, nothing in the Settlement should prejudice the rights and entitlements of Delphi shareholders to be the beneficiaries of such funds.

11.  Also with respect to the individual defendants and certain other former employees of Delphi, although the Settlement does not expressly address indemnification, the terms of the Settlement, and this Court's approval of the Settlement, should not provide a basis to impose or allow the imposition of any obligations on the part of Delphi to indemnify any such individuals for any costs associated with the SEC investigation, including legal costs, penalties and disgorgement payments. As this Court is aware, certain groups of former Delphi employees have filed motions seeking to have their defense costs paid by the Debtors or from the proceeds of the Debtors' insurance policies.[1] As set forth in detail in the Equity Committee's objections to these motions, certain of the individuals seeking indemnity settled with the SEC and agreed to pay amounts associated with penalties and disgorgement and others continue to have charges pending against them for fraud and other misconduct. Unless and until it is established that the individuals seeking indemnity do not have unclean hands with respect to the pattern of fraudulent conduct that harmed Delphi investors and the Debtors' estates and are thus not subject

---

[1] The employees are J.T. Battenberg, III, Alan Dawes, Paul Free, John Blahnik, Milan Belans, Catherine Rozanski, Laura Marion, Pamela Geller, and Peter Janak. Specifically, Battenberg, Dawes, Free, Blahnik, Belans, Rozanski, Marion, Geller, and Janak filed a lift stay motion to permit the Debtors' insurance carrier to pay their expenses, and Blahnik, Free, Belans, Rozanski, Marion and Janak filed a motion seeking advancement of fees from the Debtors.

to disallowance, equity dictates that such individuals should not be allowed to recover from the Debtors' estates. Allowing such recovery from the Debtors' estates would be tantamount to forcing the very investors potentially defrauded and harmed by such individuals to pay to make such individuals whole.

12.     The Debtors have championed their Settlement with the SEC as being in the best interests of their estates based on the fact that no penalties were imposed on Delphi that decrease the value of the bankruptcy estates. Any possibility that individuals involved in the fraudulent transactions could recover amounts paid out in connection with the investigation and Complaint from the Debtors' estates undermines the benefits of the Settlement to Delphi and diminishes the Debtors' estates.

## **CONCLUSION**

13.     Subject to the reservation of rights set forth herein, the Equity Committee supports the relief requested in the Motion and believes Delphi should be authorized to enter into the Settlement.

Dated: November 22, 2006
      New York, New York

                              FRIED, FRANK, HARRIS, SHRIVER
                                  & JACOBSON LLP

                              By:  /s/ Bonnie Steingart
                                    Bonnie Steingart (BS-8004)
                                    Debra M. Torres (DT-9093)

                              One New York Plaza
                              New York, New York 10004
                              Telephone: 212.859.8000
                              Facsimile: 212.859.4000

                              *Counsel for the Official Committee of Equity Security Holders*

569793