Judy A. O'Neill (admitted *Pro Hac Vice*)
FOLEY & LARDNER LLP
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

And

Lori V. Vaughan (*Pro Hac Vice* pending)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY  10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             )
In re:                                                       )
                                                             )    Chapter 11
DELPHI CORPORATION, et al.,                                  )    Case No. 05-44481 (RDD)
                                                             )    Jointly Administered
          Debtors.                                           )
-------------------------------------------------------------x

**RESPONSE OF METALDYNE CORPORATION AND METALDYNE SINTERED
COMPONENTS, INC. TO DEBTORS'
(I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §
502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH
INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY
DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO
MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND
UNLIQUIDATED CLAIMS
PURSUANT TO 11 U.S.C. § 502(c)**

Metaldyne Corporation and Metaldyne Sintered Components, Inc. (together,

"Metaldyne"), by its attorneys Foley & Lardner LLP, respectfully submits this Response (the

"Response") to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B)

NYC_22168.1

Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (the "Debtors' Objection").  This response is supported by the Affidavit of Terry Iwasaki ("Ms. Iwasaki") attached hereto as <u>Exhibit A</u> (the "Iwasaki Affidavit").  Pursuant to the notice submitted by the Debtors, Ms. Iwasaki is the person possessing authority to reconcile, settle or otherwise resolve Metaldyne's claim.  Ms. Iwasaki's contact information is set forth immediately below (provided that any party should contact Metaldyne through undersigned counsel):

> Terry Iwasaki
> Metaldyne Corporation
> 47603 Halyard Drive
> Plymouth, MI  48170
> Telephone: 734-207-6200

Any reply to this Response should be delivered to Metaldyne's undersigned counsel at the address below.

## BACKGROUND

On July 28, 2006, Metaldyne filed proof of claim number 11933 in the amount of $433,818.91 (the "Claim")[1] against Delphi Automotive Systems, LLC ("Delphi Automotive").  Metaldyne filed the Claim against Delphi Automotive after discussing with the Debtors the appropriate Debtor entity against whom the claim should be filed.

The Claim is based upon amounts owed to Metaldyne for goods shipped as of the Debtors' bankruptcy filing on October 8, 2005 (the "Petition Date").  The Claim, as filed, includes: (i) $11,310.89 based upon invoices for goods shipped to the Debtors which the Debtors

---

[1] Metaldyne has setoff and/or recoupment rights with respect to the Claim, which Metaldyne expressly reserves herein as in the Claim.

2

did not pay for in full (or "short paid"), described in detail on Tab 1 to the Claim under the "LOC" code "SM" (the "Tab 1 Claims") and (ii) $422,508.02 based upon invoices for goods shipped to the Debtors which Metaldyne believed the Debtors did not pay at all, described in detail on Tab 2 to the Claim under the "Location" code "St. Mary's" (the "Tab 2 Claims").[2]

In further clarification of the Tab 2 Claims, Metaldyne asserts that certain of the invoices supporting the Tab 2 Claims were actually short paid, rather than wholly unpaid. However, such short paid amounts are equal to the amounts described as unpaid in the "TOTAL" column of Tab 2 to the Claim, with one exception. Upon further investigation, Metaldyne has determined that one of the invoices underlying the Tab 2 Claims, invoice number 00023828 in the amount of $7,034.34 (the "Paid Invoice"), was actually paid in full as of the Petition Date and thus is not owing to Metaldyne. Therefore, as stated in the Iwasaki Affidavit, as of the Petition Date, Metaldyne is owed $11,310.89 for the Tab 1 Claims and $415,470.68 for the Tab 2 Claims.

Notwithstanding the detail provided with the Claim and the fact that the Debtors are in possession of all documentation underlying the Claim, in further support of the Claim, the Debtors have submitted with the Iwasaki Affidavit: (i) as Attachment 1 thereto, a Long Term Contract dated March 31, 2005 which forms the underlying basis of the Claim; (ii) as Attachment 2 thereto, a summary detail and invoices for the Tab 1 Claims; and (iii) as Attachment 3 thereto, a summary detail and invoices for the Tab 2 Claims (as updated to reflect the removal of the Paid Invoice).

Due to the existence of contracts which govern the Claim, Metaldyne asserts that it may

---

[2] Section 9 of Official Bankruptcy Form Number 10 expressly instructs that the signing creditor should, "[i]f the documents are voluminous, attach a summary." Because the relevant invoices were voluminous, and to further explain the claims, Metaldyne attached a summary of the invoices underlying the claim in accordance with the form proof of claim instructions, with a statement that the invoices were available upon request.

3

have rights to offset or recoup some or all of the Claim.  However, the Claim has been filed to protect all rights to payment to the extent the Claim is not satisfied through setoff, recoupment or post-petition performance of the contracts.

## ARGUMENT

I.   **THE DEBTORS' OBJECTION HAS UTTERLY FAILED TO PROVIDE EVIDENCE OF SUFFICIENT PROBATIVE FORCE TO DEFEAT THE PRIMA FACIE VALIDITY OF METALDYNE'S CLAIM**

Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), the Claim "constitute[s] prima facie evidence of the validity and amount" of such claim.  Fed. R. Bankr. Proc. 3001(f).  Indeed, once the Claim was filed, the burden shifted to the Debtors to rebut the prima facie allowability of the dClaim:

> If and only if the objecting party presents evidence of equal probative weight, the burden of going forward shifts back to the claimant . . . .  The claimant must then offer evidence to carry its burden of persuasion. *This allocation of the burden of going forward "provides a proper balancing of burdens, assuring that objecting party does not underprove its objections, while, at the same time, assuring that the claimant filing the proof of claim need not overprove his claim at the mere cry of inequity by the objecting party."*

In re Britt, 199 B.R. 1000, 1009 (Bankr. N.D. Ala. 1996) (internal citations omitted and emphasis added); In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d Cir. 1999) ("A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. . .[t]o overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); In re Int'l Wireless Comm. Holdings, Inc., 257 B.R. 739, 742 (Bankr. D. Del. 2001) ("objecting party bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim").  The Debtors bear the initial burden of going forward with evidence to object to the claim.  2

4

Norton Bankr. L. & Prac. 2d § 41:7 ("A duly executed proof of claim being a prima facie case for the claimant, the burden is on the objecting party to go forward with evidence establishing the basis of the objection. For example, if the objection is that no debt is owed or that the amount of the debt is different from the claimed amount, proof of the fact must be presented.").

The Debtors have utterly failed to "come forward with sufficient evidence and 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proof of claim [itself].'" In re Schlehr, 290 B.R. 387, 395 (Bankr. D. Mont. 2003) (quoting In re Holm, 931 F.2d 620, 623 (9th Cir. 1991)) (brackets added). Indeed, the Debtors have totally failed to provide any evidence, let alone sufficient evidence of equal probative weight to the Claim, to rebut the prima facie validity of the Claim. The Debtors' Objection merely argues, without any evidentiary support, that the Claim "do[es] not contain sufficient documentation to support the claim asserted. . ." This scant objection is in response to a 17-page Claim submitted by Metaldyne that includes a detailed recitation of the facts which serve as the basis of the Claim and provides a significant description of the documents underlying the Claim. Moreover, the Claim has been supplemented through the filing of this Response and the Iwasaki Affidavit to include all the invoices underlying the Claim. The Claim was as of its filing, and is, more than adequately documented.

Metaldyne has alleged sufficient facts and furnished ample support for the legal basis for the Claim. Not only did Metaldyne timely submit the Claim, it also provided extensive descriptive attachments to the Claim - as it is entitled to do pursuant to Official Bankruptcy Form Number 10 - setting forth and summarizing the bases for its claim. As noted by the Claim, Metaldyne is entitled to payment for goods shipped and unpaid as of the Petition Date. In light of the Claim, Metaldyne has set forth facts establishing its claim as prima facie valid. Without

5

more than the general assertions and without any specific factual support, the Debtors have failed to overcome Metaldyne's prima facie valid Claim.

II. **EVEN IF THE DEBTORS HAVE SATISFIED THEIR INITIAL BURDEN OF PROOF TO REBUT THE PRIMA FACIE VALIDITY OF THE CLAIM, METALDYNE SUCCESSFULLY CARRIES THE BURDEN OF PERSUASION THAT IT POSSESSES A VALID CLAIM**

As defined in the Bankruptcy code, a "claim" includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101. Metaldyne has a "claim" for the unpaid amounts described in the Claim for goods shipped.

Attached hereto as <u>Exhibit A</u> is the affidavit of Ms. Iwasaki, Metaldyne's Vice President of Finance, Commercial Group Operations and Metaldyne Asia. As Ms. Iwasaki has sworn, as of the Petition Date, Metaldyne is owed $11,310.89 for the Tab 1 Claims and $415,470.68 for the Tab 2 Claims. In light of the Claim, and the Iwasaki Affidavit, Metaldyne has successfully carried its burden of persuasion with respect to the Claim and has shown by the preponderance of the evidence the validity of its claim. <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d at 173.

## **RESERVATION OF RIGHTS**

Metaldyne reserves the right to update or supplement its response from time to time.

## **CONCLUSION**

WHEREFORE, because the Debtors have failed to carry their burden in objecting to Metaldyne's prima facie valid Claim and because Metaldyne has tendered ample and sufficient evidence in support of the Claim, the Debtors' Objection should be overruled and the Claim should be allowed in its entirety.

Dated:  November 22, 2006
       New York, New York

                                  Respectfully submitted,

                                  /s/ Lori V. Vaughan
                                  Lori V. Vaughan (*Pro Hac Vice* pending)
                                  FOLEY & LARDBER LLP
                                  90 Park Avenue
                                  New York, NY  10016
                                  Telephone: (212) 682-7474


                                  And

                                  Judy A. O'Neill (admitted *Pro Hac Vice*)
                                  FOLEY & LARDNER LLP
                                  500 Woodward Ave., Suite 2700
                                  Detroit, MI 48226
                                  Telephone: (313) 234-7100
                                  Facsimile: (313) 234-2800

NYC_22168.1