Hearing Date and Time: November 30, 2006 at 10:00 a.m
Response Deadline: November 24, 2006 at 4:00 p.m.

James Gadsden (JG 4990)
Karl Schaffer (KS 1916)
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3200 (Telephone)
(212) 732-3232 (Facsimile)
bankruptcy@clm.com

and

Melanie T. Vardaman, Esq.
Harris Jernigan & Geno, PLLC
587 Highland Colony Parkway (39157)
P.O. Box 3380
Ridgeland, MS 39158
(601) 427-0048 (Telephone)
(601) 427-0050 (Facsimile)

*Counsel to Lextron Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
              In re                                          :    Chapter 11
                                                             :
DELPHI CORPORATION, et al.,                                  :    Case No. 05-44481 (RDD)
                                                             :
              Debtors.                                       :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

## RESPONSE OF LEXTRON CORPORATION TO
## DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION

Lextron Corporation ("Lextron"), by and through its counsel Carter Ledyard & Milburn

LLP, as and for its response to the Debtors' (I) OMNIBUS OBJECTION (SUBSTANTIVE)

Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With

Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And

(C) Claims Subject To Modification And (Ii) Motion To Estimate Contingent And Unliquidated

6131638.2

Claims Pursuant To 11 U.S.C. § 502(c) (the "Third Omnibus Claims Objection") respectfully represents:

1. On July 14, 2006, Lextron timely filed a proof of claim against Delphi Automotive Systems, LLC, Case No. 05-44640 in the amount of $800,000.00 plus incidental, punitive, and actual compensatory damages (to be determined) which was assigned Claim Number 9807. Additionally, on July 14, 2006, Lextron timely filed a proof of claim against Delphi Corporation, Case No. 05-44481 in the amount of $800,000.00 plus incidental, punitive, and actual compensatory damages (to be determined), which was assigned Claim Number 9524. Claim Number 9807 and Claim Number 9524 were filed against the Debtors for claims arising out of a breach of contract suit filed by Delphi Automotive Systems, LLC against Lextron and Lextron's Counterclaim thereto. The lawsuit was filed by Delphi Automotive Systems, LLC on March 3, 2003 in the United States District Court for the Southern District of Mississippi, Jackson Division (the "District Court Litigation"). A copy of Lextron's Answer and Counterclaim is attached hereto and incorporated herein by reference as Exhibit A.

2. The Debtors object to Claim Number 9807 and Claim Number 9524 in the Third Omnibus Claims Objection on the ground that the Debtors' books and records fail to disclose that any liability is owed by the Debtors.

3. With respect to Claim Number 9524, Lextron has no objection to Claim Number 9524 being disallowed and/or expunged.

4. However, Lextron submits that Claim Number 9807 (the "Claim"), which was timely filed against Delphi Automotive Systems, LLC (the "Debtor"), is a valid, enforceable claim. A copy of the Claim is attached hereto and incorporated herein by reference as Exhibit B.

6131638.2

5. The Debtor submits that the Claim should be disallowed because the liability does not appear in the Debtor's books and records. However, the Debtor is and has been aware of the Claim, as it is listed on the Debtor's original Schedules of Assets and Liabilities, which was filed several months before Lextron timely filed its Claim. The Debtor should have at least disclosed the existence of the Claim in its books and records (as an unliquidated, contingent claim) if its books and records are accurate.

6. Further, the Debtor was certainly aware of the District Court Litigation, which it initiated and in which a significant amount of activity occurred well prior to the filing of the Debtor's bankruptcy case, which is evidenced by a copy of the civil docket report in the District Court Litigation, a copy of which is attached hereto and incorporated herein by reference as Exhibit C.

7. Based on the reasons set forth herein, the Debtor has failed to meet its burden with respect to its objection to the Claim, and the objection should be denied.

## ESTIMATION OF LEXTRON'S CLAIM

8. The Third Omnibus Claims Objection also seeks permission from the Court to estimate the amount of any unliquidated claims and to give the Debtors the authority to provisionally accept such estimations. Pursuant to 11 U.S.C. § 502(c)(1), Lextron estimates the Claim to be in the amount of at least $800,000.00 (the "Estimate") plus incidental, punitive, and actual compensatory damages (to be determined). This amount consists of damages as set forth in more detail in the Answer and Counterclaim filed by Lextron in the District Court Litigation which is attached hereto as Exhibit A.

9. Lextron respectfully submits that the Estimate is fair and adequate and based on the allegations made in the District Court Litigation, and that the Debtor should thus accept the

6131638.2

Estimate pursuant to the Procedures Order, and subject only to the Court's approval of the Procedure Order.

10. The name, address and telephone number of the person possessing ultimate authority to reconcile, settle or otherwise resolve the Claim on behalf of Lextron is as follows:

> Craig M. Geno, Esq.
> Melanie T. Vardaman, Esq.
> Harris Jernigan & Geno, PLLC
> 587 Highland Colony Parkway (39157)
> P.O. Box 3380
> Ridgeland, MS 39158
> (601) 427-0048 Telephone
> (601) 427-0050 Facsimile

6131638.2

WHEREFORE, Lextron respectfully requests that the Court (a) enter an order disallowing or expunging Claim Number 9524; (b) enter an order denying the relief sought in the Third Omnibus Claims Objection as it relates to Claim Number 9807 in the amount of at least $800,000.00 plus incidental, punitive, and actual compensatory damages (to be determined), and (c) granting such other general and specific relief as this Court may deem just.

Dated: New York, New York
November 22, 2006

### CARTER LEDYARD & MILBURN LLP

/s/ James Gadsden
James Gadsden (JG 4990)
Karl Schaffer (KS 1916)
2 Wall Street
New York, New York 10005
(212) 732-3200 (Telephone)
(212) 732-3232 (Facsimile)
bankruptcy@clm.com

and

Melanie T. Vardaman, Esq.
Harris Jernigan & Geno, PLLC
587 Highland Colony Parkway (39157)
P.O. Box 3380
Ridgeland, MS 39158
(601) 427-0048 (Telephone)
(601) 427-0050 (Facsimile)

*Counsel to Lextron Corporation*

6131638.2