UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE

**DELPHI CORPORATION, et al.**,

Debtors.

_____/

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

RESPONSE OF LIGHTSOURCE PARENT CORPORATION TO
DEBTORS'(I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) CLAIMS WITH INSUFFICIENT DOCUMENTATION,
(B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND
(C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE
CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)

Lightsource Parent Corporation ("Lightsource"), by its attorneys, Honigman Miller Schwartz and Cohn LLP, for its Response (the "Response") to Debtors' (I) Third Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Objection") states:

### SUMMARY CONCLUSION

Debtors' objection offers no substantive basis to reject Lightsource's Proof of Claim and therefore the Proof of Claim retains its prima facie presumption of validity. Also, Debtor Delphi Corporation, as the assignee of General Motors Corporation's Reimbursement Liability (defined below) for the OPEB Obligations (also defined below) is liable to Lightsource for the payment of that Reimbursement Liability, as accrued to date and as may be expected to accrue in the future.

To the extent that the Court determines that it should estimate Lightsource's Proof of

Claim amount, the estimate provided in the Response is as accurate as can be calculated at this time.

## BACKGROUND

Lightsource timely filed its Proof of Claim in Debtors' bankruptcy cases on July 31, 2006. A copy of the Proof of Claim is attached as Exhibit A to this Response. As detailed in the Attachment to the Proof of Claim, General Motors Corporation ("GM"), Lightsource and another party, PEP Guide, LLC, entered into an agreement – the Lightsource Formation Agreement (the "LFA") – effective September 29, 1998. A copy of the LFA is attached as Exhibit B to this Response. Pursuant to that agreement, GM agreed to reimburse Lightsource annually for a portion of the cost of certain post-employment benefits (the "OPEB Obligations") provided by Lightsource to its retirees (GM's "Reimbursement Liability"). GM later assigned its Reimbursement Liability to Debtor Delphi Corporation, then known as Delphi Automotive Systems Corporation ("Delphi"), pursuant to an agreement between GM and Delphi – the Master Separation Agreement ("MSA") – and incorporated ancillary agreements entered into by them and other parties on or about December 22, 1998.[1]

Debtors object to Lightsource's Proof of Claim solely on the basis that such claim is not recorded as owing on Debtors' books and records. Lightsource has assigned its entitlement to the Reimbursement Liability to its wholly-owned operating subsidiary Guide Corporation ("Guide"). As GM's assignee, Delphi is liable to either Lightsource or Guide for the Reimbursement Liability. To the extent Debtors acknowledge their liability to Guide as the assignee of Lightsource, Lightsource will withdraw its Proof of Claim. However, unless and

2

until Debtors acknowledge such assignment, Lightsource must proceed to prosecute its Proof of Claim.

In their Objection, Debtors also request that, to the extent Lightsource's Proof of Claim asserts a claim for contingent or unliquidated amounts, the Court estimate such claimed amounts for the purpose of setting a maximum allowable amount on the Proof of Claim.

## ARGUMENT

I.  **DEBTORS' ASSERTION THAT ITS BOOKS AND RECORDS DO NOT REFLECT THE REIMBURSEMENT LIABILITY DOES NOT DEFEAT THE PRIMA FACIE VALIDITY OF LIGHTSOURCE'S PROOF OF CLAIM**

Debtors' assertion that its books and records do not reflect the Reimbursement Liability does not, by itself, defeat the prima facie validity of Lightsource's Proof of Claim for the Reimbursement Liability under Federal Rule of Bankruptcy Procedure 3001(f). As explained in *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992) (internal citations omitted):

> A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. Only then is the ultimate burden of persuasion with the proponent of the claim."

In their Objection, Debtors have failed to bring forth <u>any</u> substantive evidence refuting the existence and validity of Lightsource's claim. "A proof of claim is strong enough to carry over a mere formal objection, i.e., an objection which simply asserts that the claim is invalid . . . ." *In re Fisher Holding Co., Inc.* 12 B.R. 193, 195 (Bankr. S.D. Ind. 1981). Absent some hard

---

[1] A copy of the MSA is too voluminous to attach to this Response. Lightsource believes Debtors are in possession of the MSA and its ancillary documents, however, a copy will be furnished to Debtors upon their request, subject to the confidentiality provisions of the Bar Date Order.

evidence brought forth by Debtors to support their Objection, Lightsource's Proof of Claim retains its prima facie presumption of validity.

II. **DEBTORS ARE LIABLE TO LIGHTSOURCE FOR THE REIMBURSEMENT OF A PORTION OF THE COST OF CERTAIN POST-EMPLOYMENT BENEFITS PROVIDED BY LIGHTSOURCE TO ITS RETIREES**

Pursuant to Section 6.7.1D of the LFA, Lightsource agreed to provide certain of its employees with GM-comparable post-employment, i.e., retiree, health care and life insurance benefits (the "OPEB Obligations"). Included in this class of employees were individuals who transferred their employment from GM to Guide, Lightsource's wholly-owned operating subsidiary, as part of the LFA transactions (these individuals are "Transferred Employees").[2] Pursuant to Section 6.7.1E of the LFA, GM agreed to reimburse Lightsource annually for a portion of the cost of the OPEB Obligations (the "Reimbursement Liability"). Section 6.7.1E of the LFA sets forth the basis for the computation of GM's Reimbursement Liability for each Transferred Employee on a pro rata basis measured by the period of that individual's employment with GM as compared to his or her combined period of employment with GM and Lightsource (here, operationally, with Guide).

Section 14.3 of the LFA permits GM to unilaterally assign the Reimbursement Liability for the OPEB Obligations to "Delphi Automotive"[3] as part of any GM divestiture of that operating unit, provided that Delphi Automotive agrees in writing to the assignment of the

---

[2] Excluded from this group of employees were individuals eligible for or already receiving GM retiree benefits, i.e., individuals (i) who were eligible to retire from GM on the closing date of the LFA on a normal or early retirement basis with post-retirement health care and life insurance benefits, or (ii) who took retirement on a normal, early, voluntary, or disability basis under GM's hourly or salaried pension plans prior to October 1, 1999 with eligibility for employer contributions for post-retirement health care and life insurance benefits; or (iii) who were hourly "returned" (to GM) employees eligible for post-retirement health care and life insurance benefits. *See* LFA at Sections 6.1A, 6.7.1C, and 6.7.1D.

4

liability. Pursuant to the MSA, GM divested Delphi Automotive and its related business units in December of 1999. As part of the divestiture, GM assigned the Reimbursement Liability for the OPEB Obligations to Delphi. Delphi agreed in writing to this assignment in the MSA.

Since the assignment, Delphi has incurred Reimbursement Liability to Lightsource because the OPEB Obligations have been provided to the Transferred Employees as required by the LFA. The incurred Reimbursement Liability is due and owing. In the future, Delphi will also incur additional Reimbursement Liability on the OPEB Obligations as they accrue on account of its continued provision of the OPEB Obligations to the Transferred Employees.

The provision of the OPEB Obligations through Guide, Lightsource's operating subsidiary is proper under the LFA. That agreement permits Lightsource to implement its covenants and operate the divested GM business in the corporate structure most suitable to it. Because Lightsource was and is a holding company with no active business operations, Lightsource transferred the assets of divested GM business to Guide, its wholly-owned operating company, as the proper vehicle to operate the divested business, employ the Transferred Employees and provide the retiree health care and life insurance benefits to them when they retire.

III. TO THE EXTENT THE COURT DECIDES TO ESTIMATE THE CONTINGENT AND/OR UNLIQUIDATED PORTIONS OF LIGHTSOURCE'S PROOF OF CLAIM, SUCH ESTIMATE SHOULD BE AS CALCULATED IN THIS RESPONSE

As of the filing of Lightsource's Proof of Claim, Delphi owed Lightsource approximately $1,018,302 in Reimbursement Liability, representing Delphi's pro rata share of the OPEB Obligations incurred by Guide, as Lightsource's operating subsidiary, with respect the

---

[3] "Delphi Automotive" was a unit of GM at the time the LFA was entered into by GM, Lightsource and the

5

salaried Transferred Employees who retired and began receiving benefits under the applicable retiree health care and life insurance plans. This claimed amount is for the period January 1, 2003 through June 30, 2006. Delphi is also liable to Lightsource for: (a) unpaid Reimbursement Liability for Delphi's share of the OPEB Obligations incurred by Guide with respect to its salaried Transferred Employees for periods prior to January 1, 2003, and (b) future, as yet unliquidated and contingent, Reimbursement Liability for Delphi's share of the OPEB Obligations to be incurred by Guide with respect to Transferred Employees for periods after June 30, 2006. The estimated present value of the future unliquidated and contingent Reimbursement Liability is approximately $28,215,799. At this time, the amount of the pre-January 2003 unpaid Reimbursement Liability is not available.[4]

Delphi is further liable to Lightsource for any unpaid Reimbursement Liability for Delphi's share of the OPEB Obligations incurred by Guide with respect to its hourly Transferred Employees for periods prior to the date of the Proof of Claim. Likewise, Delphi is also liable to Lightsource for the OPEB Obligations incurred by Guide with respect to its hourly Transferred Employees for period after the date of the Proof of Claim, including future unliquidated and contingent Reimbursement Liability. At this time, no totals of these liabilities are available.[5]

---

other parties to the agreement.

[4] Lightsource will supplement this Response with the pre-January unpaid Reimbursement Liability amount as soon as it is determined.

[5] Lightsource will supplement this Response with the incurred and future unliquidated and contingent Reimbursement Liability amounts as soon as they are determined.

## REPLY

Any reply to this Response should be addressed to the following individual:

      E. Todd Sable
      Honigman Miller Schwartz and Cohn LLP
      2290 First National Building
      660 Woodward Avenue
      Detroit, MI 48226-3506
      (313) 465-7548

## AUTHORITY TO SETTLE

The contact information for the person(s) who possess ultimate authority to reconcile, settle, or otherwise resolve the objection to Lightsource's claim is as follows:

      Lightsource Parent Corporation
      c/o Paul Kerns, CFO
      Guide Corporation
      Corporate Office
      600 Corporation Drive
      Pendleton, IN 46064-8608
      (765) 221-6530

## CONCLUSION

The existence and validity of Lightsource's Proof of Claim is supported by the LFA and MSA and by the provision of retiree health care and life insurance benefits – the OPEB Obligations – to the Transferred Employees who are in (and who will be in) retirement status. Further, absent any substantive basis in support of their Objection provided by Debtors, Lightsource's properly filed Proof of Claim remains prima facie evidence of the validity and

amount of Lightsource's claim. Lightsource's Proof of Claim should be allowed as filed and Debtors' Objection should be denied.

                                              HONIGMAN MILLER SCHWARTZ AND COHN LLP

                                              By:    /s/ E. Todd Sable
                                                    E. Todd Sable (P54956)
                                                    Tricia A. Sherick (P60384)
                                            2290 First National Building
                                            660 Woodward Avenue
                                            Detroit, MI 48226-3506
                                            (313) 465-7548
                                            tsable@honigman.com

Dated: November 22, 2006

DETROIT.2382323.5