MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-7997
Timothy A. Fusco (P13768)(pro hac vice)
fusco@millercanfield.com

Attorneys for Autoliv ASP, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------
                                    :
In re                               :    Chapter 11
                                    :
DELPHI CORPORATION et al.,          :    Case No. 05-44481 (RDD)
                                    :
    Debtors.                        :    (Jointly Administered)
---------------------------------------------

## RESPONSE OF AUTOLIV ASP, INC. TO
## THE DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS[1]

Autoliv ASP, Inc. ("Autoliv"), by its counsel, Miller Canfield, Paddock and Stone,

P.L.C., responds to the Debtors' Third Omnibus Objection to Claims objecting to Autoliv's

Proofs of Claim filed against the Debtors. The Debtors assert that Autoliv's claims are

unsubstantiated claims and that they should be disallowed and expunged. Autoliv objects to the

disallowance and expungement of its claims by the Debtors. In support thereof, Autoliv offers

the following:

1.    On October 8, 2005, Delphi Corporation, and certain related entities (collectively,

"Debtors") filed voluntary petitions for relief (the "Petition Date") under Chapter 11 of Title 11,

---

[1] Debtors' (I) Third Omnibus Objection (Substantive) pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) ("Third Omnibus Objection to Claims")

United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. Debtors remain in possession of their property and continue to operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

    2.    Autoliv filed claim numbers 15580, 15583, 15579, 15581 and 15582 (the "Claims") against the Debtors.[2] In the Third Omnibus Objection to Claims the Debtors assert that the Claims are unsubstantiated claims and that they should be disallowed and expunged. The Debtors base this assertion solely upon the allegation that the Debtors' books and records do not contain the Claims. The Debtors offer no substantive reason why the claims are invalid.

    3.    Autoliv's Claims against the Debtors arise from the ongoing infringement of Autoliv's patents ("Patents") relating to side-curtain airbag technology. Autoliv estimated the pre-petition damages in order to file the Claims and filed Claims against multiple debtors as it was unable to determine precisely which debtor entity was the infringing party. The damage estimate was based upon actual parts volumes for the parts sold that contained technology subject to the Patents multiplied by a standard per unit royalty rate.

    4.    The Debtors objected to Autoliv's Claims because the Claims "assert liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records." *See* Third Omnibus Objection, ¶¶ 26-27. It is not surprising that the Debtors' books and records may not reflect liability to Autoliv for patent infringement. Autoliv and the Debtors were previously unable to reach agreement on licenses for this technology, so there is no contractual liability for license fees that might appear on a ledger. Rather, the Claims are for patent infringement, and it

---

[2] Autoliv relies upon its proofs of claim and the other documents attached thereto in support of their Claims. These materials have not been included in this response but are available from Autoliv upon request. All of these materials have been submitted to the Debtors previously.

is unlikely that the Debtors would show such an amount on the books and records until liability is assigned and the Claims liquidated, either by negotiation in the course of the continuing business relationship between the Debtors and Autoliv or litigation. In short, the mere absence of the claims in the Debtors' books and records proves nothing with respect to the merits and validity of the patent infringement.

5.  The filing of a proof of claim constitutes prima facie evidence of the validity of a claim. Fed. R. Bank. Pro. 3001. In order to overcome this presumption, the objecting party must offer specific and detailed reasons why the claim is not valid, particularly when the objection is largely factual, as it seemingly would be here. See, *e.g.*, *In re Lenz*, 110 B.R. 523, 425 ( D. Colorado 1990) The simple statement that the claim does not appear on the books and records of the Debtors does not constitute specific and detailed reasons why the claim is not substantively valid, especially with respect to a claim of the type asserted here. Autoliv outlined the factual basis for its claim in the attachment to its proof of claim, far more than the Debtors have provided in the Objection. At a minimum, an estimation proceeding pursuant to Section 502 will be needed to evaluate the merits and amount of the claim. The Debtors have filed a motion to establish a procedure for claims estimation[3] and this procedure should be utilized here. In any event, unsubstantiated and general denials are insufficient to overcome the presumption that this claim is valid at this time.

6.  Any reply to this Response should be addressed to Timothy A. Fusco at the address below.

---

[3] See Motion for Order Pursuant To 11 U.S.C. §§502(b) and 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, docket No. 5453.

1405646                                    3

7.     The contact information for the legal representative of the person who possesses the authority to reconcile, settle or otherwise resolve the Third Omnibus Objection to Claims is Timothy A. Fusco at the address below.

WHEREFORE, Autoliv ASP respectfully requests that the Court overrule the Debtors' objection to its Proofs of Claim.

Dated:  Detroit, Michigan
        November 22, 2006

                **MILLER,CANFIELD, PADDOCK AND STONE, P.L.C.**

                By:_____/s/ Timothy A. Fusco_____
                   Timothy A. Fusco (pro hac vice) (P13768)
                   150 West Jefferson, Suite 2500
                   Detroit, Michigan 48226
                   (313) 496-7997
                   Attorneys for Autoliv ASP, Inc.

DELIB:2796249.1\123624-00007