Hearing Date: November 30, 2006
Hearing Time: 10:00 a.m.

SCHULTE ROTH & ZABEL LLP
David M. Hillman (DMH-8666)
(A Member of the Firm)
James T. Bentley (JTB-3618)
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955
Attorneys for Panasonic Automotive Systems Company of America,
      Division of Panasonic Corporation of North America

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X

In re:                       :

                             :      Chapter 11

                             :

DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)

                             :

                Debtors.      :      (Jointly Administered)

------------------------------------------------------- X

**RESPONSE OF PANASONIC AUTOMOTIVE SYSTEMS COMPANY OF AMERICA,**
**DIVISION OF PANASONIC CORPORATION OF NORTH AMERICA TO DEBTORS'**
**THIRD OMNIBUS CLAIMS OBJECTION**

        Panasonic Automotive Systems Company of America, Division of Panasonic

Corporation of North America ("Panasonic"), a creditor of Delphi Automotive Systems LLC

("Delphi Automotive") and certain subsidiaries and affiliates of Delphi Corporation, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby submits

this response (the "Response") to the Debtors' (I) Third Omnibus Objection (Substantive)

Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With

Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books and Records, And

(c) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated

Claims Pursuant To 11 U.S.C. 502(c) (the "Objection"),[1] and respectfully represents as follows:

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Third Omnibus Claims
Objection.

1.    Delphi Automotive scheduled Panasonic as a creditor holding 2 general, unsecured claims.  The first scheduled claim is in the amount of $8,670,342 (partially disputed), and the second scheduled claim is in the amount of $225,348 (undisputed); thus, the total amount of Panasonic's scheduled claim is $8,895,690 (the "Scheduled Claim").[2]

2.    This Court entered its Order Under 11 U.S.C. 107(b), 501, 502 and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar Dates For Filing Proofs of Claim and Approving Form and Manner of Notice Thereof on or about April 12, 2006, which fixed the last day to file claims as July 31, 2006.  Panasonic timely filed a proof of claim in Delphi Automotive's case (Case No. 05-44640 (RDD)) in the amount of at least $9,078,756 (Claim No. 14318; the "Original Claim") for goods purchased by Delphi Automotive prior to the Petition Date.  Panasonic asserted that a portion of the Original Claim was entitled to administrative expense priority as it consisted of goods subject to a valid reclamation claim.[3]

3.    In the Objection, the Debtors assert that Panasonic's Original Claim should be reduced by $183,066, to the Scheduled Claim amount.  After Panasonic's review of its Original Claim, Panasonic acknowledges and agrees that its Original Claim should be reduced by $63,649, which amount is actually owed to Panasonic Industrial Corp., a Panasonic affiliate, by Delphi Mechatronic Systems (Case No. 05-44567 (RDD)), and not to Delphi Automotive.  Panasonic will thus amend its claim in Delphi Automotive's case to an amount not less than

---

[2] Upon information and belief, Delphi Automotive scheduled Panasonic as having two claims because Panasonic uses 2 "DUNS" or "Data Universal Numbering System" numbers for invoicing (one for its Southfield, Michigan location and the other for its Carmel, Indiana location).  Upon information and belief, certain pre-petition amounts Delphi Automotive owes to Panasonic were booked under each DUNS number.

[3] The Debtors and Panasonic have since determined that $78,476 of the Original Claim is a valid reclamation claim entitled to administrative expense priority.  See Exhibit A, attached hereto.

$9,009,824[4] (the "Amended Claim Amount").

4.    Thus, the parties' dispute regarding Panasonic's Original Claim is limited to only $114,134, the difference of the Scheduled Claim Amount and the Amended Claim Amount.

5.    There should be no further reduction of this $114,134 disputed amount for the following reasons:

- Delphi Automotive's own accounts payable system shows that it owes Panasonic $32,587 more than the Scheduled Claim. Attached hereto as Exhibit B is a spreadsheet taken from Delphi Automotive's accounts payable system supporting this assertion.

- Panasonic delivered $47,947 of goods to Delphi Automotive which do not appear on Delphi Automotive's accounts payable system.[5] Attached hereto as Exhibit C are copies of the Delphi purchase orders, the Panasonic invoices and the proofs of delivery.

- Delphi Automotive took at least $33,600 in unauthorized discounts on products Panasonic shipped to it. Such discounts are listed on the spreadsheet attached hereto as Exhibit D.

6.    Panasonic reserves the right to amend, modify and supplement this Response, including without limitation as set forth in the addendum Panasonic filed with its Original Claim, and as may be appropriate, as and to the extent that the Debtors dispute the amounts owed to Panasonic as set forth herein or to the extent.

---

[4] Upon information and belief, Delphi Automotive took $5,283 in unauthorized discounts on products Panasonic shipped to it, which amount is in addition to the amount listed in Exhibit D. Panasonic, however, has thus far been unable to reconcile this asserted $5,283 of alleged unauthorized discounts taken by Delphi to either Delphi's account payable system or to its internal records. Panasonic will continue to review its records and reserves its right to amend this Response.

[5] Delphi has paid $7,980 of the $35,300 charged in Invoice 91397766.

10281055.4                                                3

WHEREFORE, Panasonic respectfully requests that this Court (a) overrule the

Objection and enter an Order that Panasonic is entitled to $9,009,824, of which $78,476 is

entitled to administrative expense priority, and (b) grant such other and further relief to

Panasonic as this Court deems just and proper.

Dated:      November 22, 2006
            New York, New York


                              SCHULTE ROTH & ZABEL LLP
                              Attorneys for Panasonic Automotive Systems
                              Company of America, Division of Panasonic
                              Corporation of North America


                              By:  s/ David M. Hillman
                                  David M. Hillman (DMH-8666)
                                  (A Member of the Firm)
                                  919 Third Avenue
                                  New York, New York 10022
                                  (212) 756-2000

**EXHIBIT A**

# DELPHI

October 5, 2006

Vince Sarrecchia
Panasonic Automotive Systems Company Of America
Panasonic Automotive Systems of Company of America
776 Highway 74 South
Peachtree City, GA 30269

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Vince Sarrecchia:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. On February 21, 2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Panasonic Automotive Systems Company Of America (the "Demand"). We have identified your Demand as Reclamation Claim No. 319. This letter, together with the enclosures, constitute the Debtors' Amended Statement of Reclamation with respect to Claim No. 319 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with their books and records, and after sending the Statement of Reclamation to you on February 21, 2006, have discussed a modification to the reconciliation with you. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Panasonic Automotive Systems Company Of America
October 5, 2006
Page 2

Reconciled Amount $78,475.89

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $78,475.89 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

    (i)    The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

    (ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

    (iii)    You are not a proper party to make the Demand.

    (iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

    (v)    You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Panasonic Automotive Systems Company Of America
October 5, 2006
Page 3

Reconciled Amount $78,475.89

> (vi)    You, or any of your subsidiaries or affiliates, have been paid on
> account of your reclamation claim pursuant to an unrelated order
> of the Bankruptcy Court and/or you have otherwise waived your
> right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this
Amended Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below. Your response, including the
timing of your response, is governed by the terms of the Order. If you disagree with this
Amended Statement of Reclamation, you must sign this Statement where indicated and
return it to the persons identified immediately below and you must also provide the
information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation
Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

- with copies to –

Joseph N. Wharton
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this
Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy
of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,
nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

3

Panasonic Automotive Systems Company Of America
October 5, 2006
Page 4

Reconciled Amount $78,475.89

demand for reclamation. Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Panasonic Automotive Systems Company Of America
October 5, 2006
Page 5

Reconciled Amount $78,475.89

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Panasonic Automotive Systems Company Of America agrees to the terms of this Amended Statement of Reclamation.

Panasonic Automotive Systems Company Of America

By: _____     Dated: ___11/7/06___
(signature)

VINCENT SARRECCHIA
PRESIDENT (print or type name)

_____
(print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Panasonic Automotive Systems Company Of America disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Panasonic Automotive Systems Company Of America

By: _____     Dated: _____
(signature)

_____
(print or type name)

_____
(print or type title)