UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
    In re                           :       Chapter 11
:
DELPHI CORPORATION, et al.,    :       Case No. 05-44481 (RDD)
:
                Debtors.    :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. § 105(a) AND FED. R. BANKR. P.
2016(a) AUTHORIZING ADVANCEMENT OF DEFENSE
COSTS UNDER DEBTORS' INSURANCE POLICIES

("INSURANCE PROCEEDS DEFENSE COSTS ORDER")

Upon the Motion Of Certain Former Employees Of Debtor For Limited Relief From The Automatic Stay, To The Extent Applicable, To Pay And/Or Advance Defense Costs Under The Debtors' Insurance Policies (the "Insurance Motion") (Docket No. 5360), dated October 18, 2006; and upon the response to the Insurance Motion filed on November 22, 2006 (the "Debtors' Response") by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105(a) and 362(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Movants to obtain advancement of defense costs by means of the proceeds of certain insurance policies; and upon the record of the hearing held on the Insurance Motion; and this Court having determined that the relief requested in the Insurance Motion, as modified by the Debtors' Response, is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Insurance Motion and the Debtors' Response has been given and that no

other or further notice is necessary; and upon finding that a sufficient showing of subject matter jurisdiction has been made to enter this provisional order without prejudice to any party's right to address or contest, at a later time, the issue of whether any policies or their proceeds should be deemed property of the Debtors' estates; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as Modified the Debtors' Response, and as set forth herein.

2. The Movants are hereby authorized to seek advancement from the proceeds of insurance policies No. 931-88-56 (the "D&O Policy") and No. 931-88-61 (the "Fiduciary Policy"), issued to the Debtors by National Union Fire Insurance Company of Pittsburgh, Pa. (the "Insurer"), and the Insurer is hereby permitted, but not required, to grant advancements (the "Advancements") for defense costs actually and reasonably incurred in connection with pending shareholder class action suits, ERISA class action suits, and/or the investigation by the Securities and Exchange Commission referenced in the Insurance Motion and the Debtors' Response (together, the "Prepetition Matters"), subject to the following terms and conditions:

    a. any Advancements by the Insurer shall not modify, amend, abridge, or compromise any term, condition, or limitation, either express or implied by operation of law, contained in the D&O Policy or the Fiduciary Policy. All disputes between the parties about such matters, if any, and as appropriate, shall be addressed at a later date;

    b. any Advancements by the Insurer under the terms of this Order shall not modify, amend, abridge, compromise, or deprive any interested party of any of any right,

2

protection, burden, obligation, or duty otherwise applicable or available under the Bankruptcy Code, or any other federal, state, local, or common law, statute, regulation, or ordinance. All disputes between the parties about such matters, if any, and as appropriate, shall be addressed at a later date;

  c. during the pendency of these chapter 11 cases, and pursuant to the authority and discretion granted to this Court by section 105 of the Bankruptcy Code and Bankruptcy Rule 2016(a), the Movants shall submit to this Court, the Debtors, and the Official Committee of Unsecured Creditors ("Creditors' Committee") for review (i) all invoices for Advancements of defense costs (including attorneys' fees) not yet paid by the Debtors and (ii) all future invoices for Advancements of defense costs (including attorneys' fees) claimed by the Movants to be reasonably and actually incurred in connection with the Prepetition Matters (the "Advancement Invoices"). Such submissions of Advancement Invoices shall be without prejudice to the ability of any party, including the Debtors and the Insurer, to contest or otherwise challenge any Advancement Invoices. The Movants shall be permitted under this Order to seek advancement of defense costs from the Insurer pursuant to any Advancement Invoices if neither the Debtors nor the Creditors' Committee objects in writing within fifteen days of the receipt of any Advancement Invoices.

  d. any Advancements of defense costs by the Insurer under the terms of this Order shall be capped at an aggregate amount of $5,000,000, without prejudice to the rights of the Movants to seek additional authority if and when this aggregate amount is reached; and

    e. nothing in this Order shall permit the payment by the Insurer to the Movants of any proceeds from the D&O Policy and/or the Fiduciary Policy <u>other</u> <u>than</u> proceeds constituting "Defense Costs" as defined in the policies.

    3. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and performance of this Order.

    4. This Order is entered without prejudice to any party's position regarding whether the policies or the proceeds of the policies constitute property of the Debtors' estates, and all parties reserve their rights with respect to that issue. All disputes between the parties about such matters, if any, and as appropriate, shall be addressed at a later date. Nothing in this Order shall be deemed to represent any final adjudication of (or to have <u>res judicata</u> or precedential value concerning) the question of whether the policies or the proceeds of the policies are property of the Debtors' estates.

    5. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Insurance Motion.

Dated: New York, New York
    November _____, 2006

               _____
               UNITED STATES BANKRUPTCY JUDGE