Hearing Date and Time: November 30, 2006 at 10:00 am
Response Date and Time: November 24, 2006 at 4:00 pm

BUCHANAN INGERSOLL & ROONEY PC
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail: susan.persichilli@bipc.com
Susan P. Persichilli, Esq. (SP- 0368)

*Attorneys for ATEL Leasing Corporation,
as agent for Eireann II, CAI-UBK Equipment,
CAI-ALJ Equipment, II BU de Mexico
S.A. de C.V .and Eireann* III

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :    Chapter 11
In re:                                                        :
                                                              :    Case No. -05-44481 (RDD)
DELPHI CORPORATION, et al.,                                   :
                                                              :    (Jointly Administered)
                            Debtors.                          :
------------------------------------------------------------- X

**RESPONSE OF ATEL LEASING CORPORATION
TO DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. § 502(b) and FED. R. BANKR. P. 3007 TO
CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B)
CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C)
CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE
CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)**

ATEL Leasing Corporation ("ATEL") as agent for: (i) Eireann II, a division of ATEL

Transatlantic Investors, Inc. ("ATI"), (ii) CAI-UBK Equipment, a division of ATI, (iii) CAI-ALJ

Equipment , a division of ATI, (iv) II Bu de Mexico S.A. de C.V., and (v) Eireann III, a division of

ATEL Transatlantic Investors II, Inc. (collectively, the "Claimants"), by and through its counsel,

Buchanan Ingersoll & Rooney PC, as and for its Response (the "Response") to the Debtors' Third

Omnibus Objection (Substantive) Pursuant to 11 U.S.C.§ 502(b) and Fed. R. Bankr. P. 3007 to

1

Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "'Objection"), hereby respectfully submits this Response and, states as follows:

**PRELIMINARY SUMMARY OF RESPONSE**

1. On July 28, 2006, ATEL timely filed a proof of claim, Claim No. 12195 (the "Proof of Claim") against Delphi Corporation, *et al.* and Delphi Automotive Systems, Inc. for amounts due and owing to ATEL under certain master lease agreements. A copy of the Proof of Claim is attached as Exhibit A to the Response.[1] The Proof of Claim asserts a claim as of July 18, 2006 in the amount of $4,140,179.97, of which $582,300.00 is asserted as secured, $3,306,138.54 as unsecured, and $251,741.43 as an administrative expense claim.[2]

2. By way of the Objection, Delphi Corporation and certain of its subsidiaries and affiliates, the debtors in the above-captioned cases (collectively, the "Debtors"), seek to disallow and expunge the Proof of Claim on the conclusory basis that the Proof of Claim is an "Unsubstantiated Claim" -- meaning that the Proof of Claim asserts liabilities or monetary amounts that the Debtors allege are not due and owing on the Debtor' books and records. *See* Objection at pages 11-12. To the extent that the Proof of Claim includes unliquidated claims, the Debtors are seeking estimation, pursuant to section 502(c) of title 11 of the United States Code, as amended (the "Bankruptcy Code"). *See* Objection at page 15.

3. However, the Proof of Claim should not be disallowed or expunged because, among other reasons, (i) the Debtors have failed to state the specific basis upon which the Debtors are

---

[1] The Proof of Claim filed with the Court included a copy of the underlying master lease agreements and leases together with the amendments and schedules thereto. As the agreements are voluminous they are not attached hereto, but will be made available upon request.

[2] The Debtors are not current under certain of the Leases (as such term is hereinafter defined). Moreover, the Debtors have yet to assume or reject any of the Leases. As such, ATEL reserves the right to amend the Proof of Claim based on the disposition of the Leases or for any such other purpose under applicable law and equity.

2

objecting to the Claim, (ii) the Debtors have failed to produce any evidence to satisfy their burden of proof to overcome the *prima facie* validity of the Proof of Claim, and (iii) the Claimants have sufficiently substantiated the Proof of Claim with relevant documentary evidence, including, (a) the Rider to Proof of Claim (the "Rider"), which details the facts supporting the Proof of Claim, (b) a detailed breakdown of the amount due and owing, and (c) a copy of the underlying master lease agreements and leases.

## BACKGROUND

4.      Pursuant to a certain Master Lease Agreement, dated as of August 19, 1997, Debtor's former owner, General Motors Corporation ("GMC"), entered into a Master Lease Agreement ("MLA-American Finance") with American Finance Group, Inc. ("American Finance"). *See* Rider attached as Exhibit A.

5.      Pursuant to a Master Lease Agreement, dated as of May 1, 1995, the Debtors' former owner, GMC entered into a Master Lease Agreement ("MLA-First American") with First American Capital Management Group, Inc. ("First American"). *See* Exhibit A.

6.      Pursuant to the MLA-American Finance and MLA-First American master lease agreements, GMC entered into numerous Equipment Schedules (the Equipment Schedules, as they incorporate by reference all of the terms and conditions of the two Master Lease Agreements described herein, are hereinafter known as the "Leases"), regarding certain equipment, all with related equipment, attachments and accessories as set forth in the Leases (the "Equipment'). *See* Exhibit A.

7.      Pursuant to one or more assignments, the Debtors were assigned GMC's interests as Lessee under the Leases. *See* Exhibit A. Pursuant to various other assignments, the interests of American Finance and First American, as Lessors under their respective Leases, were assigned to one of the Claimants, with ATEL acting as agent for each Claimant. *See* Exhibit A.

## THE CHAPTER 11 CASE

8. On October 8, 2005, and subsequently, on October 14, 2005 (collectively, the "Filing Date"), the Debtors filed for relief under chapter 11 of the Bankruptcy Code.

9. On or about July 28, 2006, ATEL timely filed the Proof of Claim. As set forth in the Rider, pursuant to Section XII (4) of the Leases, the Debtors are responsible for liquidated damages in the approximate amount of $4,140,179.97, plus interest thereon, from the date of default as stated in Section XI(e) of the Leases.

10. On October 31, 2006, the Debtors filed the Objection, which provides that the "Debtors determined that certain Proofs of Claim assert liabilities or dollar amounts that are not owing pursuant to the Debtors' books and record ("Unsubstantiated Claims")." *See* Objection at ¶ *26.*

11. The bases for which the Debtors assert certain claims are "Unsubstantiated Claims" include the following:

> . . . (a) the Debtors' books and records reflect that the asserted Claim was properly paid prior to the commencement of the Debtors' cases, (b) the Debtors' books and records do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim, or (c) the Claim has been paid during the course of these proceedings pursuant to an order of the Bankruptcy Court ."

*Id.* at ¶ 27.

12. The Objection further provides that " . . . the Debtors will provide each claimant whose Proof of Claim is subject to an objection . . .with a personalized Notice of Objection To Claim which specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis for such objection." *Id,* at 8, n 3. However, the Notice of Objection to Claim fails to provide any information as to the basis for the objection other than stating that the "Basis for Objection" is "Unsubstantiated Claim."

13. Accordingly for the reasons set forth below, the relief sought in the Objection should

4

be denied to the extent that it relates to the Proof of Claim.

## THE RESPONSE

**A.    The Objection Fails To Set Forth the Specific Basis
for Objecting to the Proof of Claim and the General Bases
do not Warrant Disallowance or the Expunging of the Proof of Claim**

14.    The Objection fails to set forth the specific basis for which the Debtors' seek to have the Proof of Claim expunged and disallowed. Instead it merely provides a list of three possible conclusory and vague reasons why the Debtors assert that a claim is an "Unsubstantiated Claim" -- all of which do not support the disallowance or expunging of the Proof of Claim.

15.    As stated above, the three bases for objection to claims set forth in the Objection include (a) the Debtors' books and records reflect that the asserted Claim was paid pre-petition; (b) the Debtors' books and records do not reflect the existence of the asserted Claim or Claimant, or (c) the Claim has been paid post-petition, pursuant to an order of the Bankruptcy Court .

16.    Here, the Proof of Claim was not satisfied prior to the Filing Date nor was the Proof of Claim paid during the course of the proceeding pursuant to an order of the Bankruptcy Court. As for the books and records objection, the Debtors fail to submit one scintilla of evidence to support that basis. In fact, the Proof of Claim and its supporting documentation sufficiently supports the existence and validity of the Proof of Claim. Moreover, it seems specious for the Debtors to assert that its books and records do not reflect the existence of the asserted Claim or Claimant as it relates to the Proof of Claim when the Debtors have been making post-petition payments under certain of the Leases. Should however, the Debtors require additional information to process and review the Proof of Claim; the Claimants would provide such information/documentation. Nonetheless, the Objection, to the extent that it relates to the Proof of Claim, should be overruled.

**B.    The Objection Fails To Negate the Presumptive Validity of the Proof of Claim**

17.    The Objection lacks any evidentiary support to rebut the *primae facie* validity of the

5

Proof of Claim. Instead, the Debtors merely set forth conclusory and unsubstantiated objections to the Proof of Claim. As such, the Proof of Claim should remain *prima facie* valid and allowed.

19. The law is clear and well-settled -- "the filing of a proper proof of claim is *prima facie* evidence of the validity and amount of the claim in accordance with Rule 3001(f) of the Bankruptcy Rules" and if no objection is filed, it is deemed allowed under section 502(a) of the Bankruptcy Code. *In re Bertelt*, 206 B.R. 587, 594 (Bankr. M.D. Fla 1996); *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *see also In Re WorldCom,* 2005 WL 3832065, *4 (Bankr. S.D.N.Y 2005) ("A proof of claim is deemed *prima facie* valid"). In the event an objection is filed, "the objecting party bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim." *See In re Pinnacle Brands, Inc.*, 259 B.R. 46 (Bankr. D. Del. 2001); *In re Intern. Wireless Comm. Holdings*, 257 B.R. 739, 742 (Bankr. D. Del. 2001).

19. The Objection offers *no* factual evidence to rebut the Proof of Claim. In doing so, the Debtors' have failed to sustain their burden of demonstrating sufficient evidence to overcome the *prima facie* validity of the Proof of Claim. *See In re Williams D.R.I,* 190 B.R. 728, 737 (Bankr. R.I. 1996) (noting that an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence); *see also In re King*, 305 B.R. 152, 164 (Bankr. S.D.N.Y. 2004) (discussing that evidence required to rebut proof of claim must "refute at least one of the allegations that is essential to the claim's legal sufficiency.").

20. Moreover, because the claim is based on a writing, the Debtors must offer probative evidence of equal force before the presumption of validity of the Proof of Claim is negated. *See In re Cluff*, 313 B.R. 323, 337 (Bankr. UT 2004); *See also Matter of Fisher Holding Co., Inc.*, 12 B.R. 193 (Bankr. S.D. Ind. 1981) ("Proof of claim is strong enough to carry over mere formal objection, thereby compelling objector to go forward with evidence in order to rebut claimant's prima facie case."). Debtors' only reference to meeting its burden is the unsupported statement that the Debtors'

6

books and records refute the Proof of Claim. *See* Objection at ¶¶ 27-28. Because Debtors failed to produce any documentary evidence to substantiate their assertion, the Objection, as it relates to the Proof of Claim should be overruled. *See In re Make Meat Corp.,* No. 98 Civ 4990, 1999 WL 178788 at *3 (S.D.N.Y. March 31, 1999) ("The case law is clear. To prevail, the objector must affirmatively produce evidence to counter the creditor's claim.").

21. Moreover, even if the Debtors' conclusory and unsubstantiated objections were sufficient to defeat the presumptive validity of the Proof of Claim, the documentation attached to the Proof of Claim and this Response provide ample evidence of the validity and amount of the Proof of Claim to overcome the Debtors' objection thereto.

22. Accordingly, for the reasons set forth herein, the Objection should be overruled and the relief sought to the extent that it relates to the Proof of Claim be denied.

## NOTICE OF REPLY AND RESERVATION OF RIGHTS

23. Any reply with respect to the Claim or this Response shall be delivered to the address for the Claimant provided on the Proof of Claim, with a copy to the undersigned counsel at the address provided below. Subject to the consent of ATEL's Investment Committee, the name, address, and telephone number of the person possessing ultimate authority to reconcile, settle or otherwise resolve the Proof of Claim on behalf of ATEL is:

> Vasco H. Morais, Jr.
> Senior Vice President,
> General Counsel and Secretary
> ATEL Capital Group
> 600 California Street, 6th Floor
> San Francisco California 94108
> Direct Dial (415) 616-3410

24. ATEL expressly reserves the right to amend, modify or supplement this Response (and the Proof of Claim) from time to time hereafter as ATEL may deem necessary and proper, including, without limitation, the right to file additional responses and/or to present additional

evidence in support of the Proof of Claim.

WHEREFORE, ATEL respectfully request entry of an order (i) overruling the Objection and denying the relief sought in the Objection with respect to the Proof of Claim, (ii) allowing the Proof of Claim in its entirety, and (ii) granting such other relief as is just and proper.

Dated: New York, New York
November 22, 2006

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for ATEL Leasing Corporation as agent for Eireann II, CAI-UBK Equipment, CAI-ALJ Equipment, II BU de Mexico S.A. de C.V .and Eireann III*

By: /s/Susan P. Persichilli
Susan P. Persichilli, Esq. (SP - 0368)

One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail: susan.persichilli@bipc.com