Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

and

Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ  07102-3889
(973) 424-2010

Walter J. Greenhalgh (WJG-9614)
Joseph H. Lemkin (JL-2490)

Attorneys for Robert Bosch GmbH

Hearing date:  November 30, 2006 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| | : (Jointly Administered) |
| Debtors. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**RESPONSE OF ROBERT BOSCH GmbH TO DEBTORS'
THIRD OMNIBUS OBJECTION TO CLAIMS**

---

Robert Bosch GmbH ("Bosch") hereby responds to Debtors' Third Omnibus Objection to Claims dated October 31, 2006 (the "Objection") filed by debtors Delphi

Corporation, *et al* (collectively, "Debtors"). This response relates to Proof of Claim number 16220 filed by Bosch against Delphi Automotive Systems LLC.

Bosch states as follows for its response:

## I. SUMMARY OF OBJECTION AND RELIEF REQUESTED

The Objection seeks entry of an order denying the unsecured, pre-petition claim (#16220) of Bosch for Debtors' patent infringement (hereinafter defined as the "Claim") on the ground that the Debtors' books and records fail to disclose that any liability is owed by Debtors. By this Response, Bosch seeks entry of an order denying the Objection on the grounds that Bosch holds valid, enforceable claims against the Debtors for patent infringement as evidenced by its proof of claim that was timely filed in this matter and by the documentation provided in this Response.

## II. BOSCH HAS PROPERLY SUBSTANTIATED ITS CLAIM FOR PATENT INFRINGEMENT

This Response is based on the following:

1. Debtors filed their voluntary bankruptcy petitions on October 8, 2005 and October 14, 2005. Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to Chapter 11 of the Bankruptcy Code.

2. On or about July 31, 2006 (later amended on August 16, 2006), Bosch filed substantively identical proofs of claim for patent infringement against numerous Debtors in an amount in excess of $15 million.[1] Bosch's proofs of claim arose out of the sale of parts by

---

[1] The particular claim numbers are: 13622; 13623; 13624; 13625; 13626; 13627; 13628; 13629; 13630; 13631; 13632; 13633; 13634; 13635; 13636; 13637; 13638; 13639;13640; 13641; 13642; 13643; 13644; 13645; 13646; 13647; 13648; 13649; 14261; 14266; 16219; 16220; 16221; 16222; 16223; 16224; 16225; 16226; 16227; 16228; 16229; 16230; 16231; 16232; 16233; 16234; 16235; 16236; 16237; 16238; 16239; 16240; 16241; 16242; 16243; 16244; 16245; 16246.

2

one or more Debtors to their customers which contained Electronic Control Units infringing on patents held by Bosch.

3.      Bosch's decision to file identical proofs of claim against several Debtors was made as a precautionary measure. By filing multiple proofs of claim, Bosch was not asserting a right to receive multiple recoveries on its proofs of claim. Rather, Bosch's claims for patent infringement were filed against all of the Debtor entities that may have been involved in the infringement of Bosch's patents in order to preserve Bosch's rights until the correct Debtor entity(ies) could be determined.

4.      Debtors have objected to Bosch's duplicate proofs of claim in Debtors' Second Omnibus Objections to Claims, and Debtors have stated in their Second Omnibus Objection that the proper debtor is Delphi Automotive Systems LLC. Because of the uncertainty surrounding which Debtor(s) infringed or allegedly infringed Bosch's patents, Debtors and Bosch are in the process of attempting to agree upon language in a proposed order that would protect the rights of Bosch while eliminating duplicative claims. Because as of this point that language has not yet been finalized, Bosch is filing a separate response to the Second Omnibus Objections to Claims as a precautionary measure.

5.      In the Debtors' Third Omnibus Objections to Claims, Debtors object to Bosch's proof of claim number 16220 against Delphi Automotive Systems LLC. As summarized above, that proof of claim asserted patent infringement by Debtors in an amount exceeding $15 million. This Response is directed to Debtors' Objection to that claim.

6.      Bosch's proof of claim complied with Bankruptcy Rule 3001 by providing sufficient information for Debtors' to substantiate the Claim. Specifically, the proof of claim (1) set forth an explanation of the Claim; (2) set forth the products claimed to be patent infringing,

3

both in the United States and abroad; (3) set forth the U.S. and foreign patents claimed to be infringed; and (4) provided estimates regarding the magnitude of the Claim. Bosch also reserved all of its rights regarding post-petition patent infringement in the proof of claim. Bosch believes that in some instances, all of the damages it has incurred are post-petition damages, but nevertheless as a precautionary measure Bosch identified the infringement at issue and the patents involved in the event for some reason a portion of the damages would be classified as pre-petition damages.

### III.   THE DEBTORS' OBJECTIONS

7.   On October 31, 2006, Debtors filed their Third Omnibus Objection where Debtors seek entry of an order denying the Claim on the ground that the Debtors' books and records fail to disclose that any liability is owed by Debtors and that the claim is untimely. The Debtors, however, have since acknowledged that Bosch's claim was filed in a timely matter. Based on representations from Debtors that timeliness is no longer an issue, Bosch does not address the issue of timeliness in this Response. Therefore, the only issue is whether the Claim should be disallowed because the liability does not appear on Debtors' books and records.

8.   Debtors' Objection to Bosch's Claim should be denied for two reasons. First, the basis of the Debtors' Objection is not sufficient in this instance to overcome Bosch's Claim, which has been adequately supported by documentation. Second, even if Bosch's Claim were deficient in some manner (which it is not), Bosch has supplemented the Claim with additional information and documentation in this Response that provides the Debtors with more than enough information to substantiate the Claim.

4

### A. Debtors' Objection Should Be Denied Because Bosch's Proof of Claim Adequately Supports the Patent Infringement Claim.

9. Debtors' Objection is based solely on the fact that its books and records do not reflect the existence of the Claim. The Debtors have failed to set forth any legally or factually sufficient basis for their objection to the Claim, and have not provided any documentation to support their contention that the Claim should be disallowed.

10. The Debtors bear the initial burden of producing sufficient evidence to rebut the prima facie validity of the Claim, which the Debtors have failed to meet. *In re King*, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with sufficient evidence rebutting the validity of a properly filed proof of claim."). In order to meet this burden of proof, the objecting party to a claim must produce evidence at least equal in force to the prima facie case, which if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re King*, 305 B.R. at 164.

11. Debtors fail to set forth any factual evidence to refute any of the allegations contained in the Claim. Debtors' mere assertion that the Claim should fail because it does not appear on the Debtors' books and records fails to meet the burden with respect to their objection to the Claim, and the Objection should thus be denied.

12. In addition to requesting that the Claim be disallowed, Debtors' Objection also purports to require Bosch to provide "all documentation or other evidence of the Claim upon which the Claimant will rely in opposing [the Objection] to the extent not included in the Proof of Claim." Such a requirement of Bosch, if applied in this case, is improper and means that Bosch in essence has to try its patent infringement case through its proof of claim and this Response.

13. At this point, Bosch cannot possibly provide all documentation in which it would rely on to prove the infringements and the damages it has suffered. Bosch has the right to pursue document and deposition discovery to obtain the records and information held by Delphi regarding the nature of the infringement and the related damages. Further, it is unreasonable to request that Bosch be required to produce all documentation and information pertaining to patent infringement cases, which are typically very complex.[2] The Debtors' request in their Objection that Bosch be required to produce all documentation and other support for its case should be denied.

14. Apart from the issues regarding supporting documentation, it is not appropriate for the validity of a patent infringement claim (like Bosch's Claim) to be decided by a bankruptcy court. In *In re Singer Co., N.V.*, 2002 WL 243779 (S.D.N.Y 2002), the court was presented with the issue of whether it should withdraw the reference for an adversary proceeding alleging claims of patent infringement. The court found that withdrawal was "mandatory because resolution of the adversary proceeding requires substantial and material consideration of domestic patent law, a statutory creation." *Id.* at 3-4 (also noting the inefficiencies of having a bankruptcy court interpret the patent claims and then have a district court preside over a jury trial centered on those claims.)

15. In this instance, Bosch does not consent to jurisdiction or venue in the Bankruptcy Court for determination of Bosch's patent infringement claims. Bosch filed the Claim with the Bankruptcy Court merely to preserve its rights against the Debtors, but the Bankruptcy Court is not the appropriate forum to resolve patent infringement claims.

---

[2] Because patent claims are complex, Debtors have agreed to exclude Bosch from the normal claims procedure that Debtors are requesting be approved by this Court for settling claims.

6

**B.    Although Debtors' Objection Should Be Denied Because Bosch's Proof of Claim is Legally Sufficient Without Any Additional Documentation, As a Precaution Bosch Is Providing Additional Support for Its Claim**

16.     Despite Bosch's Claim having been adequately substantiated in the proof of claim itself, Debtors have nevertheless filed their Objection to the Claim asserting that more substantiation is needed. Because providing substantiation for a patent infringement claim is not nearly as easy as providing support for a trade debt (i.e., providing copies of invoices and delivery receipts), Bosch has asked the Debtors what specific information or documents they need in order to further analyze or evaluate the Claim. Debtors have not identified or requested any specific information or documents.

17.     Notwithstanding (i) the inappropriateness of providing all supporting documentation in the proof of claim for a complicated patent infringement claim, and (ii) Debtors' inability to direct Bosch to what they want or need as far as information or documents, Bosch is nevertheless out of an abundance of caution providing additional information and documents to support the claim in this Response. The following documents, all of which are attached as exhibits, provide summaries of the infringements of the patents that Bosch claims were infringed pre-petition and also provide copies of the patents themselves:[3]

- U.S. Patents

    - Summary of infringement related to Patent No. US-5,482,314, including a copy of such patent. **Exhibit A**.[4]

    - Summary of infringement related to Patent No. US-6272411, including a copy of such patent. **Exhibit B**.[5]

---

[3] The public record for patent Nos. US-5,482,314, US-6272411 and EP-757.635 indicates that Robert Bosch Corporation, a related company to Bosch, is the owner. These patents may have been treated as having been owned by Bosch, and these patents may be licensed by Robert Bosch Corporation to Bosch or may be assigned from Robert Bosch Corporation to Bosch. Further, Robert Bosch Corporation may amend its proof of claim to include damages for the infringement of these patents.

[4] The original holder of patent No. US-5,482,314 was Aerojet General Corporation. Aerojet assigned its patent to Robert Bosch Corporation, a related company to Bosch. See **Exhibit L**.

7

- Ø  Patent No. US-6,422,596 has expired.

- Foreign Patents

    - Ø  Summary of infringement related to Patent No. EP-434.679, including a copy of such patent. **Exhibit C**.

    - Ø  Summary of infringement related to Patent No. EP-458.796, including a copy of such patent. **Exhibit D**.

    - Ø  Summary of infringement related to Patent No. DE-4.040.927, including a copy of such patent. **Exhibit E**.

    - Ø  Summary of infringement related to Patent No. DE-196.514.52, including a copy of such patent. **Exhibit F**.

    - Ø  Summary of infringement related to Patent No. DE-3.729.785, including a copy of such patent. **Exhibit G**.

    - Ø  Summary of infringement related to Patent No. EP-757.635, including a copy of such patent. **Exhibit H**.

18.     Although Bosch believes the damages from the infringement of the following patents consist only of post-petition damages, Bosch reserves its right to claim pre-petition damages for infringement of the following patents in the event a portion of the damages are considered pre-petition claims:

- Ø  Summary of infringement related to Patent No. US-5,737,224, including a copy of such patent. **Exhibit I**.

- Ø  Summary of infringement related to Patent No. US-34,637, including a copy of such patent. **Exhibit J**.

- Ø  Summary of infringement related to Patent No. US-5,037,129, including a copy of such patent. **Exhibit K**.

19.     The statements and exhibits concerning Debtors' infringement of Bosch patents are for the sole purpose of addressing Debtors' Objection. Bosch reserves all rights to

---

[5] Since the filing of the Claim, Bosch has identified this patent, which is a divisional patent of Patent No. US-5,482,314 (identified in the proof of claim and above), as a patent that has been infringed pre-petition by Debtors.

8

modify any of the statements contained in the exhibits or add to those statements in any subsequent patent infringement proceeding in which Debtors' infringement and/or the construction of the claim language is at issue.

20.     Aside from objecting to the Claim, Debtors in their Third Objection have asked for each creditor to put a cap on its damages figure.  At this point, without the aid of discovery, Bosch cannot put a cap on the amount of damages it will be seeking.  Bosch therefore objects to any requirement that it cap its damages amount until such time as discovery has been completed.

### IV.    RESERVATION OF RIGHTS CONCERNING CLAIMS FOR POST-PETITION INFRINGEMENT

21.     Bosch has properly substantiated its Claim for pre-petition damages. Further, Bosch has claims for post-petition infringement as well, and Bosch reserves all rights to pursue claims for post-petition infringement.

### V.     OTHER MATTERS

22.     As per Debtors' request, the address to which Debtors must deliver any reply to this response is:

> Gordon J. Toering
> Warner Norcross & Judd LLP
> 900 Fifth Third Center
> 111 Lyon Street, NW
> Grand Rapids, MI  49503-2487
> Ph:  (616) 752-2185
> Fax:  (616) 222-2185
> gtoering@wnj.com

and

> Joseph H. Lemkin
> Duane Morris LLP
> 744 Broad Street, Suite 1200
> Newark, NJ  07102-3889
> (973) 424-2010

23. Further, as per Debtors' request, the person possessing authority to reconcile, settle, or ultimately resolve the claims on Bosch's behalf is Sarah L. Taylor, Authorized Agent, c/o Robert Bosch Corporation, 2800 South 25th Avenue, Broadview, Illinois 60155-4594; phone (708) 865-5444.

WHEREFORE, Bosch requests that the Court enter an order (1) denying the Objection; (2) providing that nothing prejudices Bosch from supplementing its pre-petition claims or asserting post-petition claims for patent infringement; and (3) providing such other and further relief as appropriate under the circumstances.

Dated: November 22, 2006

WARNER NORCROSS & JUDD LLP

By     /s/ Gordon J. Toering
Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorneys for Robert Bosch GmbH

*And by:*

DUANE MORRIS LLP
Walter J. Greenhalgh (WJG-9614)
Joseph H. Lemkin (JL-2490)
Business Address:
744 Broad Street, Suite 1200
Newark, NJ  07102-3889
(973) 424-2010

1342585