Hearing Date and Time: November 30, 2006 at 10:00 a.m.
Response Date and Time: November 24, 2006 at 4:00 p.m.

DICONZA LAW, P.C.
Gerard DiConza (GD 0890)
Lance A. Schildkraut (LS-9350)
630 Third Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 682-4940
Facsimile: (212) 682-4942

*Counsel for Creditor, Eva Orlik*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
In re                                               :
                                                    :    Chapter 11
DELPHI CORPORATION, *et al.*,                       :
                                                    :    Case No. 05-44481 RDD
                        Debtors.                    :
                                                    :    (Jointly Administered)
                                                    :
----------------------------------------------------------------------x

**RESPONSE OF EVA ORLIK TO DEBTORS'
SECOND AND THIRD OMNIBUS OBJECTION TO CLAIMS**

Eva Orlik ("Claimant"), by her undersigned counsel, hereby responds to the above-captioned Debtors' Second Omnibus Objection to Certain Claims (the "Second Omnibus Objection") and the Third Omnibus Objection to Certain Claims (the "Third Omnibus Objection"), and in support hereof, respectfully states that:

**Background**

1.   On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions with this Court for reorganization relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' Chapter 11 cases.

2.  No trustee or examiner has been appointed in the Debtors' cases.  On October 17, 2005, the United States Trustee appointed an Official Committee of Unsecured Creditors.  On April 28, 2006, the United States Trustee appointed an Official Committee of Equity Holders.

3.  On October 31, 2006, the Debtors filed the Second Omnibus Objection and the Third Omnibus Objection.  In the Second Omnibus Objection, the Debtors seek to expunge certain claims on the grounds that such claims are duplicative.  In the Third Omnibus Objection, the Debtors asserted a series of objections to various claims or groups of claims, including:

(a)  Claims with insufficient documentation;

(b)  Claims unsubstantiated by the Debtors' books and records;

(c)  Claims unsubstantiated by the Debtors' books and records and also filed untimely (beyond the bar date); and

(d)  Claims subject to modification, due primarily to the assertion of the claim in non-U.S. currency.

4.  In the Notice of Objection to Claim submitted with the Second Omnibus Objection, the Debtors notified Claimant that they are seeking to expunge Claim Nos. 1917 (filed against Delphi Corporation) and 12163 (filed against Delphi Automotive Systems LLC ("Delphi Automotive")) and leave Claim No. 12389 (filed against Delphi Corporation) as the surviving claim.

5.  In the Notice of Objection to Claim submitted with the Third Omnibus Objection, the Debtors notified Claimant of their objection to Claim No. 12389 (filed against Delphi Corporation) in the amount of $1,374,322.09.  The Debtors asserted a single objection to Claim No. 12389, to-wit, that it is an "unsubstantiated claim."  Thus, the Debtors' sole objection to Claim No. 12389 is that the Debtors' books and records do not reflect this indebtedness.

### Response to Second Omnibus Objection

6.  In the Second Omnibus Objection, the Debtors seek to expunge Claim Nos. 1917 and 12163, so that Claim No. 12389 is the surviving claim.  Claimant has no objection to the expungement of two claims *so long as* **Claim No. 12163 is the surviving claim**.  In other words, Claimant objects to the Second Omnibus Objection to the extent that it designates Claim No. 12389 as the surviving claim, rather than Claim 12163.  Claimant's claim arises from a state court judgment entered against Delphi Automotive in connection with an action commenced by Claimant in the Indiana courts for employment discrimination.  Accordingly, Claim No. 12163 filed against Delphi Automotive should survive.

### Response to Third Omnibus Objection

7.  The Debtors' Third Omnibus Objection has no merit and should be denied because, as discussed, Claimant's claim arises from a final judgment entered against Delphi Automotive in connection with an action commenced by Claimant in the Indiana courts for employment discrimination.  Before the state court could fix the damages under the judgment, the Debtors filed their chapter 11 petitions.  In connection with her claim filed against Delphi Automotive (Claim No. 12163), Claimant has included sufficient documentation in support of the claim and the monetary damages suffered and incurred.  The fact that the Debtors' books and

3

records do not reflect this indebtedness is no indication, legally or factually, that the claim is not owed.

8.    A proof of claim that is executed and filed in accordance with the Bankruptcy Code and Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim.  See Carey v. Ernst, 333 B.R. 666, 672 (S.D.N.Y. 2005).  Pursuant to section 502(a) of the Bankruptcy Code, a timely filed proof of claim is deemed allowed unless a party in interest objects.  Bankruptcy Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

9.    Claimant's claim was timely filed and executed in accordance with the Bankruptcy Code and Bankruptcy Rules and, accordingly, constitutes *prima facie* evidence of the validity and amount.  Once a proof of claim has been filed, the claim is deemed valid.  The burden then shifts to the party objecting to the claim to present proof that the claim is invalid or should be reduced in amount.  See, e.g., Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st. Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence"); Carey, 333 B.R. at 672; In re Woodmere Investors Ltd. P'ship, 178 B.R. 346, 354 (Bankr. S.D.N.Y. 1995); see also 4 Collier on Bankruptcy ¶ 502.02[3][f] (15th ed. 2005) ("Unless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim.").

10.   The Debtors have failed to produce any evidence supporting the Third Omnibus Objection and proposed expungement of Claim No. 12389 (or Claim No. 12163 to the

4

extent such claim survives the Second Omnibus Objection).  Accordingly, the Debtors have failed to meet their burden of proof.

11. Merely objecting to a claim does not deprive the claim of its presumptive validity; rather, the evidentiary presumption remains in effect notwithstanding a claim objection. See In re Goodell, 2006 WL 23568, at *2 (Bankr. E.D. Pa. Jan. 4, 2006) ("Even if there is an objection filed to the claim, the evidentiary effect of Rule 3001(f) remains in force."); In re Wheatley, 251 B.R. 430, 432 (Bankr. N.D. Okla. 2000); Townview Nursing Home v. New York (In re Townview Nursing Home), 28 B.R. 431, 443 (Bankr. S.D.N.Y. 1983).  To satisfy the burden of proof on a claim objection, the objector must offer "substantial evidence" in support of its objection to the claim.  See Hemingway Transp., Inc., 993 F.2d at 925.  Specifically, "[t]he objecting party carries the burden of going forward with evidence in support of its objection which must be of probative force *equal to that of the allegations of the creditor's proof of claim*."  In re Goodell, 2006 WL 23568, at *2 (emphasis added).

12. All of the claims filed by Claimant describe her claim, attach the documents that provide the basis for the amount owed, and lend further support to the *prima facie* validity of Claimant's claim.  Claim No. 12163 should be allowed as filed because the Debtors have not met their burden of providing substantial evidence (or any evidence) to support the Third Omnibus Objection.

### Reservation of Rights

13. Claimant reserves the right to amend or supplement (i) her filed claims, (ii) the documentary evidence filed in support of the claims, (iii) this Response, and (iv) the evidentiary record in support of the claims at a later date.

## **Replies**

14. Replies to this Response should be made to DiConza Law, P.C., 630 Third Avenue, Seventh Fl., New York, New York 10017, Attn: Gerard DiConza, Esq.

## **Conclusion**

15. Claimant respectfully requests that the Court deny the Second Omnibus Objection to the extent the Debtors seek to expunge Claim No. 12163, deny the Third Omnibus Objection in its entirety, and grant such other relief to Furukawa as is just and proper.

Respectfully submitted,

Dated: New York, New York
November 22, 2006

DICONZA LAW, P.C.
Counsel for Eva Orlik

By:  /s/ Gerard DiConza
Gerard DiConza (GD-0890)
630 Third Avenue, 7th Floor
New York, NY 10017
(212) 682-4940

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
In re                                                                   :
                                                                        :   Chapter 11
DELPHI CORPORATION, *et al.*,                                           :
                                                                        :   Case No. 05-44481 RDD
                    Debtors.                                            :
                                                                        :   (Jointly Administered)
                                                                        :
------------------------------------------------------------------------x

## **CERTIFICATE OF SERVICE**

      Gerard DiConza, being duly admitted to practice before the Southern District of New York, certifies that on the 22nd day of November 2006, I caused service of the Objection of Eva Orlik to the above-captioned Debtors' Second and Third Omnibus Claim Objections by overnight delivery on the parties listed below.


Dated: November 22, 2006
      New York, New York                                             /s/ Gerard DiConza
                                                                                 Gerard DiConza (GD 0890)


| | |
|---|---|
| Delphi Corporation<br>Attn: General Counsel<br>5725 Delphi Drive<br>Troy, Michigan 48098 | Latham & Watkins LLP<br>Attn: Robert J. Rosenberg and Mark A. Broude<br>885 Third Avenue<br>New York, New York 10022 |
| Skadden, Arps, Slate, Meagher & Flom<br>Attn:John Wm. Butler, Jr.<br>333 West Wacker Drive<br>Suite 2100<br>Chicago, Illinois 60606 | Fried, Frank, Harris, Shriver & Jacobson LLP<br>Attn: Bonnie Steingart<br>One New York Plaza<br>New York, New York 10004 |
| Simpson Thatcher & Bartlett LLP<br>Attn: Kenneth S. Ziman<br>425 Lexington Avenue<br>New York, New York 10017 | Offices of Unites States Trustee<br>Attn: Alicia M. Leonhard<br>33 Whitehall Street, Suite 2100<br>New York, New York 10004 |
| Davis Polk & Wardell<br>Attn: Donald Bernstein and Brian Resnick<br>450 Lexington Avenue<br>New York, New York 10017 | |