Anup Sathy (AS-4915)
Ryan Blaine Bennett (RB-5236)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

Counsel to Tower Automotive Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| Delphi Corporation, et al., | ) |
| | ) Case No. 05-44481 (RDD) |
| Debtors. | ) Jointly Administered |
| | ) |

**RESPONSE OF TOWER AUTOMOTIVE INC.**
**TO DEBTORS' THIRD OMNIBUS OBJECTION**

Tower Automotive Inc. hereby files this response and respectfully states as follows:

**FACTUAL BACKGROUND**

1.      On February 2, 2005, Tower Automotive Inc. and certain of subsidiaries and affiliates (collectively, "Tower") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Tower Chapter 11 Cases"). Tower's bankruptcy cases, jointly administered under case number 05-10578 (ALG), are currently pending.

2.      On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors' bankruptcy cases, administered under case number 05-44481 (RDD), are currently pending.

1

11497119

3.      On July 31, 2006, Tower filed a proof of claim (claim number 15221) against the Debtors listing the claim amount as unliquidated (the "Tower Claim").

4.      On October 31, 2006, the Debtors filed the *Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c)* (the "Third Omnibus Objection"). Exhibit C-1 to the Third Omnibus Objection lists "Unsubstantiated Claims," which list includes the Tower Claim.

5.      The Debtors served Tower an undated *Notice of Objection to Claim* referencing the inclusion of the Tower Claim in the Third Omnibus Objection (the "Objection Notice"). The Objection Notice states that such an objection to "Unsubstantiated Claims" is made where the "Debtors have determined [that the asserted claims] are not owing pursuant to the Debtors' books and records." The Objection Notice further lists the proposed treatment for the Tower Claim as "Disallow and Expunge."

## RESPONSE

6.      In the ninety days prior to the filing of the Tower Chapter 11 Cases, Tower made certain transfers to the Debtors. Tower respectfully submits that certain of these transfers may be avoidable as preferential transfers under section 547 of the Bankruptcy Code. Tower filed the Tower Claim to preserve its right to recover such avoidable transfers.

7.      Since the filing of the Tower Claim, Tower has estimated the claim amount to be $2,111,118. Tower intends to pursue its claim for the liquidated amount of $2,111,118 pursuant to the rights afforded to it under the Bankruptcy Code.

8. Tower respectfully submits that the Debtors' justification for objecting to the Tower Claim, namely that the Debtors' books and records do not reflect the existence of the claim, is inapplicable to Tower's preference claim—which results not from a commercial transaction, but the substantive rights afforded to Tower's estates under the Bankruptcy Code. Since Tower is pursuing its preference claim under the auspices of the Debtors' bankruptcy cases, it would be inappropriate to disallow or expunge the claim simply because it has not been liquidated. The foregoing notwithstanding, Tower is now able to estimate the Tower Claim amount, as set forth above. Tower intends to file an amended proof of claim to reflect this disposition.

WHEREFORE, Tower requests that the Court deny the Third Omnibus Objection with regard to the Tower Claim and grant such other and further relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: November 22, 2006 | Respectfully submitted,<br><br>/s/ Ryan Blaine Bennett<br>Anup Sathy (AS-4915)<br>Ryan Blaine Bennett (RB-5236)<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, Illinois  60601<br>Telephone:    (312) 861-2000<br>Facsimile:    (312) 861-2200<br><br>Counsel to Tower Automotive Inc. |

11497119

# **CERTIFICATE OF SERVICE**

    I, Ryan Blaine Bennett, an attorney, certify that on the 22nd day of November, 2006, I caused to be served by overnight delivery, a true and correct copy of the foregoing **Response Of Tower Automotive Inc. To Debtors' Third Omnibus Objection,** on the parties on the attached service list.

Dated: November 22, 2006

                     /s/ Ryan Blaine Bennett
                     Ryan Blaine Bennett

K&E 11373666.1

# SERVICE LIST

| | |
|---|---|
| Delphi Corporation<br>Attn: General Counsel<br>5725 Delphi Drive<br>Troy, MI 48098 | Skadden, Arps, Slate, Meagher & Flom LLP<br>Attn: John William Butler, Jr.<br>333 W. Wacker Drive, Suite 2100<br>Chicago, IL 60606<br><br>**DELIVERED VIA MESSENGER** |
| Simpson Thacher & Bartlett LLP<br>Attn: Kenneth S. Ziman<br>425 Lexington Avenue<br>New York, NY 10017 | Davis Polk & Wardwell<br>Attn: Donald Bernstein & Brian Resnick<br>450 Lexington Avenue<br>New York, NY 10017 |
| Official Committee of Unsecured Creditors<br>Latham & Watkins LLP<br>Attn: Robert J. Rosenberg & Mark A. Broude<br>885 Third Avenue<br>New York, NY 10022 | Official Committee of Equity Security Holders<br>Fried, Frank, Harris, Shriver & Jacobson LLP<br>Attn: Bonnie Steingart<br>One New York Plaza<br>New York, NY 10004 |
| Office of the United States Trustee for the<br>Southern District of New York<br>Attn: Alicia M. Leonhard<br>33 Whitehall Street, Suite 2100<br>New York, NY 10004 | |