**Hearing Date and Time:  November 30, 2006 at 10:00 a.m.**
**Response Date and Time:  November 24, 2006 at 4:00 p.m.**

GOLDBERG, STINNETT, MEYERS & DAVIS
A Professional Corporation
MERLE C. MEYERS, ESQ., CA State Bar #66849
44 Montgomery Street, Suite 2900
San Francisco, CA  94104
Telephone: (415) 362-5045
Facsimile:  (415) 362-2392

Attorneys for Alps Automotive, Inc., Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>                        Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>Jointly Administered |

### RESPONSE OF ALPS AUTOMOTIVE, INC.
### TO SECOND OMNIBUS CLAIMS OBJECTION

Alps Automotive, Inc. ("Alps"), an unsecured creditor herein, hereby submits this response to the *Debtor's Second Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (I) Equity Claims, (II) Claims Duplicitive Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims* (the "Objection"), and respectfully represents as follows:

### BACKGROUND

1.      On October 8, 2005 (the "Petition Date"), Delphi Corporation ("DC"), Delphi Automotive Systems LLC ("DAS") and numerous related entities (collectively, the "Debtors") filed voluntary petitions initiating the above-captioned chapter 11 case, now jointly administered.

2.      Prior to the Petition Date, Alps sold various automotive parts on credit terms to one or more of the Debtors, and as of the Petition Date, Alps was owed the sum of $6,140,513.59 for parts sold to the Debtor for which payment was not received.

3.    On February 6, 2006, Alps filed two proofs of claim in order to recover the Debtor's obligations, and attached documentation supporting such obligations, as follows:

a.    A proof of claim against DAS as the debtor ("Claim No. 2246"), a true and correct copy of which is attached hereto as Exhibit A[1], in the amount of $6,140,513.59, with attachments identifying each unpaid invoice by number, date, amount and parts order; and

b.    A proof of claim against DC as the debtor ("Claim No. 2665"), a true and correct copy of which is attached hereto as Exhibit B[2], in the amount of $6,140,513.59, with the same attachments described above.

4.    In addition, on October 18, 2004, by letter to the Debtors, Alps made demand upon the Debtors for reclamation and return of products delivered to the Debtors on credit terms within ten days preceding the Petition Date, in the amount of $1,550,810.57, pursuant to the provisions of 11 U.S.C. §546(c) of the Bankruptcy Code.  The amount of that demand is included in the amounts set forth in Claims Nos. 2246 and 2665.  The Debtors have disputed Alps' reclamation demand but have deferred resolution of that dispute, with the result that no payment or return of products has yet been made to Alps on account of its reclamation demand.

5.    Alps filed its proofs of claim against both DAS and DC for two reasons:

a.    First, due to ambiguous or inconsistent documentation, including purchase orders, provided by the Debtors, Alps was not able to determine which such debtor, or whether each of such debtors, is obligated to pay for the Alps products ordered by the Debtors.  Because both such debtors appear on documentation with Alps, Alps believes that both entities may be jointly and severally liable to Alps for payment for the ordered and delivered parts.

b.    Second, Alps believes that both such debtors may be liable to Alps for

---

[1] Exhibit "A" includes the Proof of Claim, Attachment 1 to same, and Exhibit A which details the invoices supporting the claim.  The original claim as filed includes Exhibits A through K.
[2] Exhibit "B" includes the Proof of Claim, Attachment 1 to same, and Exhibit A which details the invoices supporting the claim.  The original claim as filed includes Exhibits A through K.

payment of the delivered parts under the doctrine of alter ego liability, based upon a disregard of separate corporate identities.

6.      On October 31, 2006, the Debtors filed the Objection, in which they seek, among other relief, disallowance of Claim No. 2665.  Such disallowance is sought solely on the basis that Claim No. 2665 is allegedly duplicative of Claim No. 2246.  The Objection also states that the Debtors reserve all rights to object to Claim No. 2246 at a later time.  *Second Omnibus Claims Objection at ¶32.*

7.      As is evident from the foregoing, Claims Nos. 2246 and 2665 are not duplicative. Whereas the two proofs of claim assert the same obligations, based upon the same invoices and shipped product, they assert claims against two separate entities.  By filing two claims, Alps does not seek double recovery upon its claim of $6,140,513.59, but seeks rather to preserve its right to assert that claim against either or both named debtors, on a joint and several basis.

8.      As such, there is no merit to the Debtor's pending objection to Claim No. 2665. Discussions with the Debtors' counsel, however, have not resulted in a satisfactory resolution of the Objection, because, in Alps' view, the Debtors have not been willing to acknowledge and confirm Alps' right to assert (subject to the Debtors' later substantive challenge) its claim against both named debtors, on a joint and several basis.  Alps has submitted this response accordingly, and opposes the disallowance of Claim No. 2665.

### ARGUMENT

9.      Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  See e.g., *Carey v. Ernst (In re Carey)*, 333 B.R. 666, 672 (S.D.N.Y. 2005); *In re DeGeorge Financial Corp.*, 2002 WL 310967, *4. (D.Conn.).  Moreover, a party objecting to a properly filed proof of claim has the burden of producing evidence to overcome the presumption of validity and amount.  See e.g., *Carey v. Ernst (In re Carey)*, 333 B.R. 666, 672 (S.D.N.Y. 2005); *In re DeGeorge Financial Corp.*, *supra*.

10.     Here, the Debtors have not presented any evidence to overcome the presumption

that Claim No. 2665 is valid.  In particular, the Debtors have presented no evidence whatsoever, or even a cogent explanation, to support their contention that Claim No. 2665 is duplicative of Claim No. 2246.  Instead, the Objection merely states that "the Debtors determined that certain of the Proofs of Claim filed against the Debtors in fact assert duplicate Claims . . . for a single liability" (*Objections* ¶ *29*), and provide no detail as to how the Debtors made such determination.  Such general statements made by the Debtors, that certain claims are duplicative, with nothing more, is not sufficient to overcome the presumption of the validity of Claim No. 2665.

11.     Perhaps more to the point, Alps' two claims are _not_ duplicative.  The claims are asserted against two separate named debtors, and given the fact that the very filing of the claims constitutes prima facie evidence of the validity and amount of those claims, it must be presumed, absent a showing by the Debtors to the contrary, that Alps holds enforceable claims against both such named debtors, albeit on a joint and several basis.

12.     Accordingly, the Debtors have presented no meritorious basis for disallowance of Claim No. 2665, and the Objection should be denied as to Alps and Claim No. 2665.

13.     Alternatively, Alps would consent to the disallowance of Claim No. 2665, provided that appropriate language is included in the order disallowing the claim in order to preserve Alps' right to assert its claims against either named debtors' estates, or against both such estates on a joint and several basis.  To that end, Alps proposed the following language to the Debtor's counsel, and remains amenable to such language:

> Notwithstanding any language to the contrary in this order, Alps Automotive, Inc. ("Alps") may assert its surviving proof of claim, Claim no. 2246, which names Delphi Automotive Systems LLC ("DAS") as the debtor, against DAS, against Delphi Corporation ("DC"), and against DAS and DC on a joint and several basis, and nothing herein shall impair, prejudice, reduce or adversely affect the right of Alps to distributions upon such claim as against either such debtor.

The Debtors' counsel has rejected such proposed language.

14.     Because the legal points and authorities upon which this response relies are set forth herein, Alps respectfully requests that the requirement of the service and filing of a separate

4

memorandum of law under Local Rule 9013-1(b), to the extent otherwise applicable herein, be deemed satisfied.

## **CONCLUSION**

15.     Based upon the foregoing, Alps respectfully submits that the Objection should be denied with respect to Alps and Claim No. 2665.  In the alternative, Alps would consent to the disallowance of Claim No. 2665 if its right to assert such claim against either DAS or DC or both such debtors is preserved, by way of the language proposed in paragraph no. 13 above.

DATED:  November 22, 2006
     San Francisco, California

          GOLDBERG, STINNETT, MEYERS & DAVIS
          A Professional Corporation


          By:    /s/      Merle C. Meyers
                Merle C. Meyers, Esq. CA State Bar #66849
                44 Montgomery Street, Suite 2900
                San Francisco, CA  94104
                Telephone: (415) 362-5045
                Facsimile:  (415) 362-2392
                Email:  mmeyers@gsmdlaw.com

          Attorneys for Alps Automotive, Inc., Creditor