**PORZIO, BROMBERG & NEWMAN, P.C.**   Hearing Date: November 30, 2005 at 10:00 am
(Mail to) P.O. Box 1997, Morristown, NJ 07962-1997
(Delivery to) 100 Southgate Parkway, Morristown, NJ 07960
Telephone (973) 538-4006
Facsimile (973) 538-5146
-and-
156 West 56th Street
New York, NY 10019

Attorneys Appearing: Warren J. Martin Jr. (WM-0487)
                     Douglas A. Amedeo (DA-8563)
                     Brett S. Moore (BM-0014)

Attorneys for Schulte & Co., GMBH

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :   Chapter 11
In re:                                                          :
                                                                :   Case No. 05-44481
DELPHI CORP., *et al.*,                                         :
                                                                :
            Debtors.                                            :
                                                                :
----------------------------------------------------------------x

### RESPONSE OF SCHULTE & CO. GMBH TO THE DEBTORS' THIRD OMNIBUS <u>OBJECTION TO CLAIMS</u>

Schulte & Co. GMBH ("Schulte"), by and through its undersigned counsel, hereby submits this response to the Debtors' Third Omnibus Objection to Claims (the "Third OmnibusObjection"), and respectfully represents as follows:

1.      On October 8, 2005, Delphi Corporation ("Delphi Corp."), Delphi Automotive Systems, LLC ("Delphi Automotive"), and related entities (collectively, "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. Delphi

remains in possession of its property and continues to operate its business as a debtor in possession.

2.     Schulte is a German corporation with its principal office located in Hemer, Germany. Annexed hereto is the Certification of Regina Schulte-Murdock, General Manager of Schulte, (the "Schulte-Murdock Cert.") setting forth in detail, with supporting documents, the history of Schulte's business dealings with the Debtors.

3.     Schulte was listed as a general unsecured creditor on Schedule F of Delphi Automotive's schedules. However, the amount of the claim listed by Delphi Automotive is less than the amount of the claim according to the books and records of Schulte.

4.     On November 21, 2005, Schulte filed a timely proof of claim asserting its claim in the amount of EUR 189, 411.54. The proof of claim also asserted a dollar amount for the claim as $222,277.35. The proof of claim attached as documentary support a copy of the controlling frame contract between Delphi Automotive and Schulte, copies of the relevant purchase orders, an account overview, a spreadsheet reflecting billing and payment history, and copies of relevant invoices. The Clerk of the Bankruptcy Court denominated the Schulte Claim as Claim No. 772. A copy of the Bankruptcy Clerk-stamped initial page of the proof of claim form is attached as Exhibit A to the Schulte-Murdock Cert.

5.     In Debtors' Third Omnibus Objection, Debtors have objected to Claim No. 772 (Exhibit D, Claims Subject to Reduction) on the asserted basis that "the books and records" of Delphi Automotive fail to support the amount claimed by Schulte. The Debtors seek to reduce the claim to $170,463.49, the amount reflected on Delphi Automotive's Schedule F.

6.      Under Rule 3001 of the Federal Rules of Bankruptcy Procedure, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  Schulte has filed a proof of claim that is prima facie valid.  *See,* In re Make Meat Corp., 1999 WL 178788, at * 3 (S.D.N.Y. Mar. 31, 1999)("[I]f a claim against a debtor's estate alleges facts sufficient to support the claim, the claim is prima facie valid.")  Here there is no dispute that there is a prima facie claim.  The Debtors admit its existence and have scheduled it.  Moreover, Schulte substantiated its proof of claim with voluminous documentary evidence.

7.      A party objecting to a proof of claim of prima facie validity bears the burden of going forward and meets that burden only if the objector can produce "evidence equal in force to the prima facie case…which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."  *Id.,* In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985) (the objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the Creditor's proof of claim.").

8.      The Debtors' only basis for objecting to Claim 772 is that their "Book and Records" reflect a lesser liability.  Against the voluminous evidence attached to Schulte's proof of claim, which Debtors appear not to have reviewed, Debtors show not a contrary scrap of paper.  The Debtors have not produced evidence sufficient to negate the prima facie validity of Claim 772.  Therefore, the burden of going forward still rests with the Debtors.

9.      For these reasons, the Court should deny the Third Omnibus Objection as to Claim 772, and based upon the proof of claim, the attachments thereto, the Schulte-Murdoch

Certification, and the attachments thereto, allow Claim 772 as a general unsecured claim in the amount of $222,277.35.

10. Any replies to this Response, should be delivered to the offices of counsel listed below, Attention: Warren J. Martin Jr. Mr. Martin possesses authority to reconcile, settle, or otherwise resolve Claim 772 on behalf of Schulte.

RESPECTFULLY SUBMITTED,

**PORZIO, BROMBERG & NEWMAN, P.C.**
Counsel to Schulte & Co. GMBH


By:      /s/ Brett S. Moore      .

Brett S. Moore (BM-0014).

P.O. Box 1997, Morristown, NJ 07962-1997
100 Southgate Parkway, Morristown, NJ 07960
Telephone (973) 538-4006
Facsimile (973) 538-5146
-and-
156 West 56th Street
New York, NY 10019

`

Dated: November 22, 2006