**Hearing Date and Time: November 30, 2006 at 10:00 AM**
**Response Date and Time: November 24. 2006 at 4:00 PM**

James M. Sullivan, Esq. (JS-2189)
340 Madison Avenue
New York, New York 10173-1922
Telephone: 212.547.5400
Fax: 212.547.5444

*Counsel for Timken U.S. Co. and U.S. Timken Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------ X
In re                                           : Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     : Case No. 05-44481 (RDD)
                                                :
             Debtors.                           : (Jointly Administered)
                                                :
------------------------------------------------ X

## RESPONSE OF TIMKEN U.S. CO. AND U.S. TIMKEN CO.
## TO THE DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS

Timken U.S. Co. and U.S. Timken Co. (together, "Timken"), by and through their undersigned counsel, hereby submit this response to the Third Omnibus Objection to Claims (the "Third Objection").

1. On October 8, 2005, Delphi Corporation ("Delphi Corp."), Delphi Automotive Systems, LLC ("Delphi Automotive"), and certain related entities (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The Debtors remain in possession of their property and continue to operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2. On October 31, 2006, the Debtors filed the Third Objection.

NYK 1068347-1.064980.0022

3. On October 31, 2006, the Debtors also filed the Motion for Order Pursuant to 11 U.S.C. §§ 502(b) and 502 (c) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Disallowance or Estimation of Claims and (II) Certain Notices and Procedures Governing Hearings Regarding Disallowance or Estimation of Claims (the "Claim Procedures Motion"), requesting approval of procedures to manage the objections to the claims in the Debtors' cases (the "Proposed Procedures").

4. Timken has filed claim numbers 14319, 11706, and 11707 against the Debtors.[1] In the Third Objection, the Debtors contest claim numbers 11706 and 14319. Timken responds to these objections below.

## Claim Number 11706

5. In the Third Objection, the Debtors propose to disallow and expunge claim number 11706 (attached as Exhibit 1). This claim was submitted by Timken U.S. Co.[2] and is in the amount of $235,943.49, plus interest and attorneys fees. In the Third Objection, the Debtors also assert that this is an unsubstantiated claim and that this claim is against debtor Delphi Corp.

6. As set forth in the proof of claim, contrary to the Debtors' assertion, Timken filed claim number 11706 against all of the Debtors, not just Delphi Corp.

7. Claim number 11706 arises from unpaid invoices for prepetition amounts related to goods provided to the Debtors by Timken U.S. Co. Pursuant to numerous transactions between the parties, Timken U.S. Co. charged the Debtors for certain goods, including bearings, alloy steels, and related products (the "Timken U.S. Goods"), which have been provided to the Debtors, but for which Timken U.S. Co. has not yet been paid. Attached as Exhibit A to claim

---

[1] Timken did not object to the Debtors' First Omnibus Objection to Claims to the extent it sought to expunge claim number 11707, which had been superceded by claim number 14319.

[2] Timken U.S. Co. is the successor in interest of The Torrington Company.

NYK 1068347-1.064980.0022

number 11706 is a list of invoices setting forth the claim amount.[3] Accordingly, the Debtors are liable to Timken U.S. Co. in the total amount of at least $235,943.49, plus attorneys fees and interest, related to the Timken U.S. Goods provided to the Debtors.

8. Additionally, claim number 11706 is a partially secured claim, secured by the right of setoff due to credits owing to the Debtors from Timken U.S. Co. in the amount of $25,011.37. A list of these credits is attached to claim number 11706 as Exhibit B.

9. Timken objects to the Third Objection to the extent that it seeks to disallow and expunge claim number 11706.

### Claim Number 14319

10. In the Third Objection, the Debtors seek to modify claim number 14319 (attached as Exhibit 2). This claim was asserted by U.S. Timken Co. and is in the total amount of $5,239,434.98, plus interest and attorneys fees, including a secured portion in the amount of $551,667.27 and an administrative priority portion in the amount of $1,803,986.64. The Debtors seek to reduce the total of this claim to the general unsecured amount of $2,023,884.69.

11. Claim number 14319 arises from unpaid invoices for prepetition amounts related to the goods provided to the Debtors by U.S. Timken Co. Pursuant to numerous transactions between the parties, U.S. Timken Co. charged Delphi for certain goods, including bearings, alloy steels, and related products (the "U.S. Timken Goods"), which have been delivered to the Debtors, but for which U.S. Timken Co. has not yet been paid. Attached as Exhibit A to claim number 14319 is a list of invoices setting forth the claim amount.[3] Accordingly, the Debtors are

---

[3] Due to confidentiality concerns, the relevant agreements, invoices, and other documents are not being filed at this time. Upon the request of the Debtors or other necessary parties, the relevant agreements, invoices, and other documents will be produced, provided however that such documents will be provided to parties other than the Debtors only upon execution of an appropriate confidentiality agreement. To the extent that a hearing on these claims is necessary, Timken plans to file these agreements, invoices and other documents with the Court under seal.

-3-

liable to U.S. Timken Co. in the total amount of at least $5,239,434.98, plus attorneys fees and interest, related to the U.S. Timken Goods provided to the Debtors.

12.   A portion of claim number 14319 includes an administrative claim in the amount of $1,803,986.64, which relates to an Assumption Agreement (the "Assumption Agreement") entered into by U.S. Timken Co. and the Debtors on June 2, 2006. The Assumption Agreement provides that the Debtors will make a payment in the amount of $1,803,986.64 (the "Cure Amount") by December 31, 2006 in connection with the assumption of that certain Life Time Contract dated September 18, 2001 (as may have been amended from time to time).

13.   Claim number 14319 is a partially secured claim, secured by the rights of setoff due to credits and other amounts owing to the Debtors from U.S. Timken Co. in the amount of $551,667.27. A list of setoff amounts is attached to claim number 14319 as Exhibit B.

14.   Timken objects to the Third Objection to the extent that it seeks to reduce or otherwise modify claim number 14319.

### Argument

15.   Timken has offered substantial proof as to the validity and sufficient documentary evidence to establish the bona fide nature and amount of its claims. In the Third Objection, the Debtors ignore the invoices and other supporting documents in their possession, which support Timken's right to payment for goods sold as stated in claim numbers 11706 and 14319. Additionally, the Debtors fail to correctly classify these claims by refusing to recognize (i) that Timken is entitled at an administrative claim pursuant to the Assumption Agreement, reflected in claim 14319 and (ii) that both claims numbered 14319 and 11706 are partially secured by the right of setoff.

NYK 1068347-1.064980.0022

16. On the other hand, the Debtors offer no support or proof as to why Timken claims number 14319 and 11706 should be reduced or disallowed.

17. A timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount. See Fed. R. Bankr. P. 3001(f); see also McGee v. O'Connor (In re O'Connor), 153 F.3d 258, 260-261 (5th Cir. 1998); ); In re Mid-Am. Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

18. A party objecting to a timely and properly filed proof of claim bears the initial burden of presenting "*enough evidence* to overcome the *prima facie* effect of the claim." O'Connor, 153 F.3d at 261 (emphasis added); In re Mid-Am. Waste Sys., Inc., 284 B.R. at 65 (objecting party must present "*sufficient evidence* to overcome the presumed validity and amount of the claim") (emphasis added). The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." See In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985); In re Alleghany Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

19. By merely stating that the claims are unsubstantiated or should be reduced, the Debtors have not met their burden of presenting "enough evidence" to overcome the presumptive validity of the timely and properly supported claims of Timken. For these reasons, this Court should deny the Third Objection as to the claims of Timken. Timken reserves all other rights and remedies under the Bankruptcy Code and other applicable law.

NYK 1068347-1.064980.0022

20. Although this Court has not yet addressed the Claims Procedures Motion, in the event that the Court approves the Claims Procedures Motion and in the event that the Proposed Procedures apply retroactively, Timken reserves the right to amend and supplement this response to comply with the newly implemented Proposed Procedures.

WHEREFORE, Timken respectfully requests that the Court deny the Third Objection as to its claims and grant it such other relief as the Court deems just and proper.

Dated: November 22, 2006

Respectfully submitted,
**McDermott Will & Emery LLP**

By:/s/ James M. Sullivan
James M. Sullivan, Esq. (JS-2189)
340 Madison Avenue
New York, New York 10173-1922
Telephone: 212.547.5400
Fax: 212.547.5444

*Counsel for U.S. Timken Co. and Timken U.S. Co.*