UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
In re                                                              :        Chapter 11
                                                                       :
DELPHI CORPORATION, <u>et.al.</u>.              :        Case No. 05-44481(RDD)
                                                                       :        Jointly Administered
            Debtor                                                :
                                                                       :
                                                                       :
------------------------------------------------------ x

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE**

**TREMONT CITY BARREL FILL PRP GROUP'S RESPONSE IN OPPOSITION TO DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §502(b) AND FED.BANKR.P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. §502(c) AND TO THE EXTENT NECESSARY REQUEST TO AMEND CLAIM**

The Debtors[1] filed their (I) Third Omnibus Objection (Substantive) pursuant to 11 U.S.C. §502(b) and Fed.Bankr.P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims pursuant to 11 U.S.C. §502(c) ("Objection") in objection to proofs of claim filed by Tremont City Barrel Fill PRP Group ("Tremont")[2], a creditor in this case. The Objection is not based in fact nor supported by

---

[1] Tremont, as defined below, has filed proof of claim in the bankruptcy cases filed by Delphi Corporation (Case No. 05-44481) and Delphi Automotive Systems LLC (Case No-05-44460). This response addresses objections it presumes were raised by those debtors, who Tremont herein refers to as the "Debtors."

[2] Tremont is a group of 32 creditors who have filed a total of 69 pending claims listed on the attached chart identified as Exhibit A. Tremont and each of the individual members of Tremont identified on Exhibit A are filing this response, such that a request for relief by Tremont is a request for relief by Tremont City Barrel Fill PRP Group and each of the individual members identified in Exhibit A. However, this filing does not address any objection raised by any of the debtors in this jointly administered bankruptcy case to a claim or claims filed by any of the

- 1 -

evidence. Tremont by Gregory J. Jordan, Peter J. Schmidt and the law firm of Dykema Gossett PLLC, submit this response and request to the extent the Court deems it necessary to amend their proofs of claim filed in these cases ("Response"), and in support thereof states as follows:

## I.    INTRODUCTION

1. Tremont filed several proofs of claim[3] in accordance with this Court's direction (the "Claims") relating to environmental liabilities and agreements made by the Debtors to remediate the same. The entirety of the Debtors' Objection as to the Claims involves a vague statement concerning either that the claims are unsubstantiated by Debtors' books and records and potentially, although Tremont is not certain, an allegation that Tremont and its members' Claims are contingent in nature. Since the initial hurdle appears to be that the Debtors assert that the Claims do not appear in the Debtors' records, Tremont addresses that issue in chief herein. Further, to the extent that the Debtors seek to estimate the Claims, Tremont submits that estimation would be inappropriate in these circumstances.

2. The Debtors were parties who utilized the Tremont City Landfill Site, Barrel Fill Operable Unit in Tremont City, Ohio (the "Site") for the disposal of wastes that have raised the specter of environmental exposure. As such, the Debtors and other parties formed Tremont to address the problem jointly. The Debtors agreed to be categorized as one of the "larger volume generators" as to the Tremont. Other members of Tremont are parties termed "smaller volume generators" that paid a fixed sum in cash and in return

---

members of Tremont to the extent that any such claim or claim does not relate to the Site, as defined herein.

[3] Tremont filed multiple proof of claims on July 24, 2006 and July 28, 2006 of which 69 claims remain pending as listed on Exhibit A

received a commitment from the "larger volume generators" to protect their interests. Tremont City Barrel Fill PRP Group is a group of members composed of those "larger volume generators" and "smaller volume generators."

3. The Debtors have participated in Tremont since Tremont's inception including participation negotiations with smaller volume generators. The Debtors as participants in have entered into agreements in the nature of contractual commitments for environmental clean up costs and remediation with the smaller volume generators and in conjunction with the larger volume generators. The Debtors have also entered into an Administrative Order on Consent with the United States Environmental Protection Agency and with the other Tremont parties to conduct an investigation at the Site.

4. Tremont referenced all pertinent documents relating to the Debtors' liability by setting them forth in a rider attached to each of the Claims (the "Rider"). The Rider sets forth various documents that underlie and form the basis for the Claims, which documents are both substantial in volume and which documents are in the Debtors' possession. Tremont is assured that the Debtors hold these documents in its files, since the Debtors were one of the primary participants in the drafting and negotiations of the various agreements. Clearly, the Debtors possess the documents referenced in the Rider, since they have had the need to refer to the documents on a number of occasions as an active participant in Tremont. In fact, the Debtors participation in Tremont, including on the legal and financial review committees, continues to this date.

5. While Tremont will supplement their Claims to the extent that the Court requires that it do so, the volume of documentation that Tremont would need to attach is substantial and

would not provide to the Debtors more information than they currently possess. Further, it is unnecessary, since the Debtors are apprised of those documents by the Rider and by the Debtors' possession of those documents identified in the Rider.

6. Tremont filed each of the Claims with a Rider attached. The Rider specifically refers to a number of documents in the Debtors' possession. The Debtors need to do no more than to review the Rider to locate the documents in their files.

7. Even if Tremont had not provided the Rider that identifies the specific documents supporting their Claims, the authority cited in the Objection does not support the Debtors' position. As set forth below, the Debtors' conclusory statement that their records do not reflect the obligations does not constitute proper grounds to overcome the prima facie validity of the Claims. Accordingly, Tremont requests that this Court overrule the objection or if the Court believes that Tremont should reproduce the specific documents set forth in the Rider, allow Tremont to amend their Claims to attach supporting documentation.

## II. THE DEBTORS' CLAIMED INABILITY TO LOCATE AN OBLIGATION IN ITS BOOKS AND RECORDS DOES NOT CONSTITUTE GROUNDS TO INVALIDATE THE PROOF OF CLAIM

8. Federal Bankruptcy Rule 502(a) provides that "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." Section 502(b)[4] sets forth the grounds for objection to a proof of

---

[4] Section 502(b) provides: Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amounts except to the extent that – (1)

- 4 -

claim. The Debtors do not refer to any of the subparts of Section 502(b) as the basis for their Objection. Instead, the Debtors summarily submit that the Court should disallow Tremont's Claims, because the Debtors state that they do not owe the Claims.

9.  This assertion without reference to the applicable statute does not meet the Bankruptcy Code's requirements[5]. Certainly, the Debtors must reference some statutory basis in their Objection:

> "A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. See Fed. R. Bankr.P. 3001(f). To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim. In re Allegheny International, Inc., 954 F.2d 167 (3d Cir. 1992). See also In re Giordano, 234 B.R. 645, 650 (Bankr. E.D.Pa. 1999)."
>
> In re Reilly, 245 B.R. 768, 773 (2d Cir. BAP 2000).

10. The Proof of Claim constitutes prima facie evidence of the validity, amount and legal basis of the Claim against the Debtors, because it is verified and substantiated with factual evidence. See Fed. R. Bankr. Proc. 3001(f); Gardner v. State of New Jersey, 329

---

such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured; (2) such claim is for unmatured interest; (3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property; (4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services; (5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title; (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property . . . ; (7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract  . . . (8) such claim results form a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

[5] All statutory references herein are to the United States Bankruptcy Code, 11 U.S.C. §101 et. seq.

U.S. 565, 573 (1947) ("A proof of claim is, of course, prima facie evidence of its validity."); In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) ("[A] properly filed proof of claim is deemed allowed unless a party in interest objects. This provision is a codification of the well-settled practice, as expressed by Mr. Justice Holmes of 'treating a sworn proof of claim as some evidence, even when it is denied.'") (quoting Whitney v. Dresser, 200 U.S. 532, 536, 26 S. Ct. 316, 317 (1906)).

11. The Debtors have the burden of presenting evidence in response to the matters asserted in a proof of claim to overcome the prima facie evidence presented through that claim.

> "Properly filing a proof of claim constitutes prima facie evidence of the claim's validity and amount. Rule 3001(f). If the Trustee objects, it is his burden to present enough evidence to overcome the prima facie effect of the claim. Brown v. Internal Revenue Service, 82 F.3d 801, 805 (8th Cir. 1996). If the Trustee succeeds, the creditor must prove the validity of the claim. In re Hemingway Transport, 993 F.2d 915, 925 (1st Cir. 1993).
> 
> Matter of O'Connor, 153 F.3d 258, 260 (5th Cir. 1998).

12. The basis for the Objection is that the Claims are claims unsubstantiated by Debtors' books and records. The Debtors have not provided those books and records or any facts supporting that assertion. This is no more than a general denial. Under any standard, the Debtors cannot equate a general denial with the presentation of evidence to overcome the Claims.

13. Well-settled precedent provides that a timely proof of claim will prevail over a mere formal objection. "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence. *Norton Bankruptcy Law & Practice, Bankruptcy Rules* at 191 (1992); see also In re Beverages International, Ltd., 50 B.R. 273, 276 (D.Mass. 1985)." Juniper Development Group v.

Kahn (In re Hemingway Transport, Inc.), 993 F.2d 915, 925 (1st Cir. 1993); see In re King, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004). This is so because a timely filed proof of claim constitutes prima facie evidence of the validity of a claim, and remains so "until an objection party has introduced evidence sufficient to rebut the claimant's prima facie case." In re Inter-Island Vessel Co., Inc., 98 B.R. 606, 608 (Bankr. 1988). "It is well settled that the party objecting to a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim." In re King, 305 B.R. at 162 (emphasis in original); In re St. Johnsbury Trucking Co., 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997); In re Kahn, 114 B.R. at 44. In order to meet this burden of proof, courts in this Circuit and elsewhere require the objecting party to produce evidence at least equal in force to the prima facie case, which if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re King, 305 B.R. at 164 (referring to In re Allegheny International Inc., 954 F.2d at 174).

14. A statement that the Debtors cannot reconcile the amounts claimed with amounts shown on the Debtors' books and records does not meet the standard for a proper objection under §502 or Rule 3001 of the Federal Rules of Bankruptcy Procedure. The Court in In re Michigan-Wisconsin Transportation Company, 161 B.R. 628, 635-36 (Bankr. W.D. Mich., 1993), addressed this issue and specifically overruled this type of unsubstantiated objection. In that case, a trustee objected to a claim, stating that he could not reconcile the claim with the debtor's books and records. The court in Michigan-Wisconsin Transportation Company overruled the objection and held:

Under 11 U.S.C. §502(a) a claim is "deemed allowed" unless an objection is filed, as was in this case. Beyond this, Fed.R.Bankr.P. 3001(f) states that "A proof of claim executed and filed in accordance with these rules shall constitute prima

facie evidence of the validity and amount of the claim." Cases interpreting §502 and Fed.R.Bankr.P. 3001(f) have uniformly held that under these provisions, a party objecting to the claim must present affirmative evidence to overcome the presumptive validity of a properly filed proof of claim. Only after this has been done does the burden of persuasion shift to the creditor. See Fullmer v. United States, 962 F.2d 1463, 1466 (10th Cir. 1992); In re Allegheny International, Inc., 954 F.2d at 173-174; In re All-American Auxiliary Assoc., 95 B.R. 540, 544-545 (Bankr. S.D. Ohio 1989). In this case the Trustee has consented to the court resolving this matter on the pleadings submitted but has presented no evidence that the claims submitted under TCU's aegis are either not valid or in the incorrect amount. In the absence of any such evidence the objection must be overruled in this aspect.

In re Michigan-Wisconsin Transportation Company, 161 B.R. at 635-36.

15. If the Debtors assert they paid the Claims, they must present some evidence of payment. In In re William J. McCarthy, Inc., 125 F. Supp. 416 (S.D.N.Y. 1954), the court rejected the type of maneuver the Debtors attempt. "The record provides no support for either of these assumptions. A court may not arbitrarily assume a hypothetical set of facts and impose the burden of disproving these facts upon a claimant. The filing of a sworn proof of claim is sufficient to establish a prima facie case. To meet objections, a claimant need only prove his claim; he need not disprove other contentions, unless they are raised." Id at 418.

16. Instead of providing factual evidence, the Debtors presume that they can state that they do not owe the amounts set forth in the Claims and require that Tremont provide some additional documentation to nullify that vague statement. If the Debtors contend the Claims do not account for amounts that the Debtors paid or credited against the Claims prior to or following the filing date the Debtors fail to state any information about these payments (e.g., the date, amount and recipient) which would permit Tremont to respond to these objections. In essence the matters raised in the Objection involve either a general denial, or an assertion that Tremont must provide some unknown additional

- 8 -

documentation to support the amount of their Claims, which assertion does not constitute grounds for an objection under §502(b)

17. Far from producing evidence at least equal in force to counter the prima facie case, the Objection offers no evidence whatsoever to refute the validity, amount or legal basis presented by the Proof of Claim. Although the Debtors claim that their "books and records refute that certain of the claims asserted in each Claim Subject to Modification are actually owed by any of the Debtors" (Third Omnibus Claims Objection, at ¶ 33), the Debtors did not produce any of these books and records to substantiate these assertions. Accordingly, the Debtors have failed to carry their burden of proof and the objections as they relate to the Proof of Claim should be overruled. See In re Garner, 246 B.R. 617, 623 (9th Cir. B.A.P. 2000) (courts may summarily overrule objections which are merely formal and presented without evidence); In re Schlehr, 290 B.R. 387, 395 (Bankr. D. Mont. 2003).

18. Even if the Debtors ultimately assert an insufficient documentation objection, such an objection would be an improper ground for disallowing the Claims. An insufficient documentation objection arises not from the Bankruptcy Code, but from Rule 3001(c) of the Federal Rule of Bankruptcy Procedure, which provides:

> [w]hen a claim . . . is based on a writing, the original or duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

19. The court in In re Guidry, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005) examined the legislation allowing the Supreme Court to prescribe bankruptcy rules and noted that the Bankruptcy Rules shall not "abridge, enlarge, or modify any substantive right." 28 U.S.C.

§ 2075. Therefore, "a bankruptcy rule cannot create a ground for disallowance of claims not set out in the Code." Guidry, 321 B.R. at 714. Since §502 does not list a general denial as proper ground for disallowance of the Claims, the Court should overrule the Objection.

20. The Guidry court found that failure to attach supporting documentation to a proof of claim was not one of the grounds for disallowance of a claim set forth in section 502(b). Id. Several other courts, as noted by Guidry, have reached the same conclusion. See In re Cluff, 313 B.R. 323, 331 (Bankr. D. Utah 2004) ("Bankruptcy Rule 3001 does not provide substantive grounds for disallowance . . . Courts have no discretion to allow claims for reasons beyond the statute."); In re Shank, 315 B.R. 799, 812 (Bankr. N.D. Ga. 2004) ("An objection to a proof of claim based solely on the lack of attached documents provides no basis for disallowance of a claim."); cf In re: Taylor, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003) (holding in a different context that "a claim may not be denied for any reason, but only for one of the reasons that Congress has included in § 502(b).").

21. As the Guidry court noted, the problem with the reasoning employed by the Debtors concerning the failure to provide documents is that evidence supporting a proof of claim is only a concern at a hearing to resolve factual disputes. Tremont's purported noncompliance with Rule 3001(c) simply shifts the burden of going forward with evidence at trial. See Guidry, 321 B.R. at 715 and In re Cluff, 313 B.R. at 337 ("if a claim's prima facie validity is lost, then the creditor has the initial burden of proving that the claim exists and the amount of that claim.").

22.   While the moving party in Guidry did not raise substantive arguments to the creditor's claim, the court noted, "If there were facts in dispute as to which [of] the writings were required by Rule 3001(c) would have been relevant, the Debtors might have properly enforced the Rule's requirements through discovery." Guidry, 321 B.R. at 715.

23.   In the instant case, Tremont has cooperated with the Debtors by providing the Rider that directs the Debtors to documents that support Tremont's Claim as an attachment to their Claims. If the Debtors find that they need additional documents, the Debtors can work with Tremont either informally or through the discovery process.

24.   In re Stoecker, 5 F.3d 1022 (7th Cir. 1993) supports Tremont's argument that the Claims should not be disallowed based on the fact that Tremont did not have attached supporting documentation beyond the Rider. The Stoecker decision clearly undercuts the Debtors' position. The Stoecker court stated:

> [w]e can dispose quickly of the trustee's contention that the bankruptcy judge was right to disallow the proof of claim without leave to amend, because compliance with Rule 3001 is "mandatory." In re Stoecker, 143 B.R. 118, 130 (Bankr. N.D.IL 1992). All that rule says, so far as bears on this case, is that the filing of a proof of claim with the required documentation is prima facie evidence that the claim is valid. Fed. R. Bankr. P. 3001(c), (d), (f). If the documentation is missing, the creditor cannot rest on the proof of claim. It does not follow that he is forever barred from establishing the claim. Nothing in the principles or practicalities of bankruptcy or in the language of any rule or statute justifies so disproportionate a sanction for a harmless error.

Id. at 1027-28. The Stocker court suggested that on remand the bankruptcy court should allow the creditor to amend its proof of claim to attach the required writing. Id. at 1031. See also Guidry, 321 B.R. at 716.

- 11 -

25.     Accordingly, Tremont's failure to attach complete documentation in addition to the Rider to support members' Claims does not constitute grounds to disallow those Claims.

### III.    IN THE ALTERNATIVE, THE COURT SHOULD ALLOW TREMONT AND ITS MEMBERS TO AMEND THEIR PROOFS OF CLAIM TO ATTACH ADDITIONAL DOCUMENTS IN SUPPORT OF THEIR CLAIMS.

26.     Tremont submits that further documentation is unnecessary. Notwithstanding this fact, to the extent that Court determines that Tremont should amend their Claims to provide additional documents, Tremont seeks leave to amend their Claims to attach those documents that support the Claims. As set forth by the court in Stoecker, 321 B.R. at 1028, "forfeitures of valuable claims, and other heavy sanctions, should be reserved for consequential or easily concealed wrongs" (citing Prussner v. United States, 896 F.2d 218, 224 (7th Cir. 1990) (en banc); Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990)). "A creditor should therefore be allowed to amend his incomplete proof of claim (what is often called an 'informal proof of claim') to comply with the requirements of Rule 3001, provided that other creditors are not harmed by the belated completion of the filing." Stoecker, 321 B.R. at 1028 (citations omitted). The Stoecker court stated that the fact that a proof of claim fails to comply with Rule 3001 does not harm anyone because all parties are on notice with respect to the amount of the claim. Id.

27.     The Debtors have all of the documents and its creditors including committees can readily ascertain the basis for the Claims based on a review of the Rider. As such and only to the extent required by the Court, Tremont and its members should be allowed to amend their Claims to bring them into compliance with Federal Rule of Bankruptcy Procedure 3001 as no party will be harmed.

28. To the extent that this Court is inclined to sustain the Objection and deny Tremont and its members' request for leave to amend the Claims, Tremont requests an evidentiary hearing with regard to the Claims. "Although these sections suggest that a hearing is required when an objection has been asserted, reading 11 U.S.C. § 502(b) in conjunction with 11 U.S.C. § 102(1), [Footnote omitted] 'makes it clear that a hearing is not statutorily required, but only that parties are given an opportunity for a hearing and may have a hearing if it is so requested." In re D.A. Elia Construction Corp., No. 99 Civ. 0546, 2000 WL 1375739, at * 4 (W.D.N.Y. Sept. 22, 2000) (quotation marks omitted in original)." Carey v. Ernst, 333 B.R. 666, 671 (S.D.N.Y. 2005).

## IV.    TREMONT'S CLAIMS SHOULD NOT BE SUBJECT TO ESTIMATION

29. The Debtors in ¶20 of the Objection suggest that certain claims, if not disallowed, should be estimated for purposes of setting a maximum allowable amount of the claim for distributions under the plan of reorganization in the Debtors' cases. Tremont submits that that the claims are not contingent in nature. As such, Tremont does not believe estimation is appropriate for the Claims, nor helpful in determining the value of the Claims.

## V.    OTHER MATTERS

30. As per the Debtors' request, the address to which the Debtors should deliver any reply to this response is:

>Jerome I. Maynard
>Dykema Gossett PLLC
>10 S. Wacker Drive, Suite 2300
>Chicago, Illinois 60606
>(312) 627-2185
>(312) 627-2320 (Facsimile)
>JMaynard@dykema.com

and

>Gregory J. Jordan
>Dykema Gossett PLLC
>10 S. Wacker Drive, Suite 2300
>Chicago, Illinois 60606
>(312) 627-2171
>(866) 698-0830 (Facsimile)
>gjordan@dykema.com

31. Further, as per Debtors' request, the person possessing authority to reconcile, settle, or ultimately resolve the Claims on Tremont's behalf is Jerome Maynard, whose contact information is listed above.

## V. CONCLUSION

32. For all of the reasons set forth above, the Debtors' Objection should be overruled and Tremont's Claims should be allowed. Accordingly, Tremont requests that this Court deny the Objection as to the Claims, and that the Court considers the documents attached to the Response as proper evidence of Tremont's Claims. In the alternative, Tremont requests that this Court grant it leave to amend Tremont and its members' Claims for the purpose of attaching additional supporting documentation to them. In the event that this Court denies the above relief, Tremont request that this Court set an evidentiary hearing regarding the Claims.

Dated: November 22, 2006 **Respectfully Submitted,**

**TREMONT CITY BARREL FILL PRP GROUP
and its member companies as identified in
Exhibit A**

By:  /s/ Gregory J. Jordan
 One of Their Attorneys

Gregory J. Jordan (ARDC #6205510)
Peter J. Schmidt (ARDC #6256638)
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 627-2171
(866) 698-0830 (Facsimile)

CHICAGO\2256247.5
ID\GJJ