Hearing Date and Time: November 30, 2006 at 10:00 AM
Response Date and Time: November 24. 2006 at 4:00 PM

James M. Sullivan (JS-2189)
Abigail M. Beal (AB-1808)
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173
212-547-5400

*Attorneys for U.S. Timken Co. and Timken U.S. Co.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
                                                        :
In re:                                                  :
                                                        : Chapter 11
DELPHI CORPORATION, et al.,                             : Case No. 05-44481
                                                        : Jointly administered
                        Debtors.                        :
                                                        :
------------------------------------------------------- X

## OBJECTION OF U.S. TIMKEN CO. AND TIMKEN U.S. CO. TO DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 502(B) AND 502 (C) AND FED. R. BANKR. P. 2002(M), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING HEARINGS REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS

U.S. Timken Co. and Timken U.S. Co. (together, "Timken"), by and through their

undersigned counsel, hereby object to the Motion for Order Pursuant to 11 U.S.C. §§ 502(b) and

502 (c) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I)

Dates for Hearings Regarding Disallowance or Estimation of Claims and (II) Certain Notices and

Procedures Governing Hearings Regarding Disallowance or Estimation of Claims (the "Claim

Procedures Motion"), filed by the above-captioned debtors and debtors in possession

(collectively, the "Debtors").  In support of this objection (the "Objection"), Timken respectfully

states as follows:

## Background

1.       Timken is in the business of providing bearings, alloy steels, and related products

to customers.  Timken and the Debtors were parties to at least 550 transactions where Timken

provided various goods to the Debtors.

2.       On October 8, 2005, the Debtors filed voluntary petitions for relief under Chapter

11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States

Bankruptcy Court for the Southern District of New York.  The Debtors remain in possession of

their property and continue to operate their businesses as debtors in possession pursuant to

Bankruptcy Code §§ 1107(a) and 1108.

3.       On April 12, 2006, this Court entered the Order Under 11 U.S.C. §§ 107(b), 501,

and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar

Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Bar

Date Order"), which established July 31, 2006 (the "Bar Date") as the due date for all parties to

file their claims against the Debtors.

4.       On July 26, 2006 and July 31, 2006, Timken filed its proofs of claim against the

Debtors.  One proof of claim, by U.S. Timken Co., is in the amount of $5,239,434.98, plus

interest and attorneys fees (claim no. 14319).[1]  The other proof of claim, by Timken U.S. Co., is

in the amount of $235,943.49, plus interest and attorneys fees (claim no. 11706).  Both claim

---

[1] This claim was originally filed as claim no. 11707 on July 26, 2006.  Timken filed claim no. 14319 as an
amended proof of claim to claim no. 11707 on July 31, 2006.  The Debtors objected to claim no. 11707 as
duplicative in the First Omnibus Object to Certain Claims, filed September 19, 2006.  Timken did not
respond to the claim objection and claim number 11707 was disallowed as having been superceded by
claim number 14319.

number 14319 and claim number 11706 (together, the "Timken Claims"), relate to the over 550

transactions between Timken and the Debtors, whereby Timken provided goods to the Debtors.

5.      On October 31, 2006, the Debtors filed the Third Omnibus Objection to Claims

(the "Third Omnibus Claim Objection"). In the Third Omnibus Claim Object, the Debtors

objected to Timken's claims numbered 11706 and 14319.

6.      On October 31, 2006, the Debtors filed the Claim Procedures Motion, seeking

approval of a proposed order (the "Proposed Order") setting forth potential procedures to

manage the objections to the claims in the Debtors' cases.

### Argument

7.      Timken files this Objection because of the unjust procedures set forth in the

Claim Procedures Motion (the "Procedures"). Many of the Procedures and provisions in the

Propose Order are objectionable, legally untenable, and well beyond what has been ordered in

other large cases in this district and elsewhere.

8.      Approval of the Procedures in the Proposed Order would give the Debtors an

unjust advantage over the claim resolution dispute process. The Procedures place extreme

burdens on claimholders, including Timken, by, among other things, requiring excessive

documentation early in the resolution process, limiting discovery opportunities, imposing strict

time frames that would be challenging to meet, and giving deference to the Debtors in the

location and choice of mediators and required meetings. These Procedures would effectively

make each claimant's burden of defending its claim extraordinarily difficult.

9.      The Debtors have failed to provide any evidentiary basis to support their

contention that such rigid and unfair procedures are necessary in these cases. As stated above,

similar large cases in this district have approved claim procedures that were more fair and less

- 3 -

burdensome to claimholders. The Debtors could adopt procedures to expedite and streamline claims by establishing procedures similar to those in *In re Dana Corporation*, (Case No. 06-10354 in the Bankruptcy Court for the Southern District of New York) (docket no. 3961).

10.    Additionally, the Debtors should provide for a mechanism that allows claimholders with complex claims or claims involving numerous transactions to opt out of the global procedures so they may be afforded a full and complete opportunity to present all facts and law supporting their claims to the Court. Such opt-out opportunities have been provided for in other large, complex cases, such as *In re Enron Corp.* (case number 01-16034 in the Bankruptcy Court for the Southern District of New York) (docket no. 16353).

11.    There are numerous specific problems with the Procedures and provisions in the Proposed Order, including, but not limited to the following:

a.    *Every response to the Debtors' claim objections must contain all documentation or other evidence of the claim upon which the claimant will rely in opposing the omnibus claims objection to the extent not included with the Proof of Claim previously filed with the Court.* See Proposed Order, ¶ 3(d). This requirement is too burdensome and would require claimholders to assemble all evidence relevant to their claims in an inadequate period of time. This requirement is particularly burdensome as it would require a claimholder to submit all documents before seeing any of the evidence supporting the Debtors' objection. Timken's claims relate to hundreds of transactions with the Debtors and the requirement that all of the documentation supporting its claims must be submitted with the initial response is burdensome and unnecessary. Additionally, this provision does not provide any procedure that would allow a claimholder to file documents that must be kept confidential. Many documents that support the claimholders' claims may contain proprietary and confidential information and should not be

- 4 -

disseminated without appropriate confidentiality protections.    Specifically, Timken may have confidential documents that support its claims, and Timken would not wish to file or produce such documents absent an appropriate protective order or confidentiality agreement.

       b.    *Consistent with the provision of the Amended Eighth Supplemental Case Management Order, the Debtors may, at their option, file and serve a reply to Responses no later than 4:00 p.m. (prevailing Eastern time) on the day immediately preceding the date of any hearing on the subject omnibus claims objection.* See Proposed Order, ¶ 7.    This procedure will unfairly harm the claimholders by allowing the Debtors to file their replies to a claimholder's response to a claim objection less than 24 hours before the hearing addressing the claim objection.    This provision unfairly benefits the Debtors because this time frame does not provide the claimants with sufficient time to review the Debtors' reply and to fully prepare for a hearing.

       c.    *For a claim exceeding $250,000, the Debtors and the relevant claimants shall hold an in-person meet and confer ("Meet and Confer") at a neutral location in Troy, Michigan, or such location as is reasonably acceptable to the Debtors, within five business days of service of the Notice of Adjourned Estimation Hearing or Notice of Adjourned Claims Objection, as appropriate.* See Proposed Order, ¶10(c)(i).    This requirement unfairly favors the Debtors by placing the Meet and Confer by default in Troy, Michigan, or at the Debtors' discretion.    Also, this requirement does not provide sufficient time for claimholders, including Timken, to prepare for a Meet and Confer.

       d.    *Failure by the Claimant to participate in a Meet and Confer within five business days of service of the Notice of Adjourned Estimation Hearing or Notice of Adjourned Claims Objection, as appropriate, will constitute grounds for disallowance and expungement of the Contested Claim.* See Proposed Order, ¶10(c)(iv).    This requirement unfairly favors the

NYK 1068057-1.064980.0022

Debtors by imposing an extreme consequence on any claimant who is unable to participate in the Meet and Confer on the Debtors' terms.

e.    *The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim.*    See Proposed Order, ¶10(d)(iii).    This requirement unfairly favors the Debtors by limiting the amount of witnesses that can testify as to the validity of a claimholder's claim.    Timken's claims are a result of hundreds of transactions with the Debtors, taking place at numerous plants.    Because of the number and variety of transactions at issue, Timken may need more than two witnesses to provide testimony supporting the totality of its claims.

f.    *Each Mediation would be assigned to one of the approved mediators at the Debtors' discretion.*    See Proposed Order, ¶10(f)(i).    This provision unfairly favors the Debtors by allowing the Debtors to chose the mediator without any input from the claimholders.

g.    *The Mediator would consider a record consisting only of the contest of the Contested Claim, the Debtors' omnibus claims objection and/or motion to estimate, the Claimant's response, the Debtors' reply, the Claimant's Supplemental Response, the Debtor's Supplemental Reply, and any other relevant pleadings filed by the Debtors or the Claimant prior to the commencement of the Mediation.*    See Proposed Order, ¶10(f)(ii).    This requirement unreasonably limits the evidence that can be considered by the Mediator at mediation.    The Debtors have provided no explanation as to why the Mediator could only consider a limited record.

h.    *The mediation would be required to be held at a neutral location in Troy, Michigan or such other location as is reasonable acceptable to the Debtors in their sole*

- 6 -

*discretion.*  See Proposed Order, ¶ 10(f)(iii).   This requirement unfairly favors the Debtors by placing the mediation by default in Troy, Michigan, or at the Debtors' sole discretion, without any input by the claimholders.

    i.  *Documents related to the Contested Claim would be required to be produced within five business days following conclusion of a Mediation, unless the parties agreed otherwise.*  See Proposed Order, ¶10(g)(i)(1).  This requirement is overly burdensome on the claimholders, particularly Timken.   Because of the volume of transactions at issue with respect to Timken's claims, this provision does not provide Timken with enough time to assemble and provide all of the documents related to the contested claims.

    j.  *Responses to interrogatories would be required to be produced within five business days following conclusion of the Mediation, unless the parties agreed otherwise.*  See Proposed Order, ¶10(g)(i)(2).  This provision unfairly denies claimholders, particularly Timken, the opportunity to sufficiently respond to interrogatories.   In particular, because of the complexity and volume of transactions at issue with respect to Timken's claims, this provision does not provide Timken with enough time to sufficiently draft responses to interrogatories.

    k.  *Responses to requests for admission would be required to be produced within five business days following conclusion of the Mediation, unless the parties agreed otherwise.*  See Proposed Order, ¶10(g)(i)(3).  This provision unfairly denies claimholders, particularly Timken, the opportunity to sufficiently respond to requests for admission.   In particular, because of the complexity and volume of transactions at issue with respect to Timken's claims, this provision does not provide Timken with enough time to sufficiently draft responses to requests for admission.

NYK 1068057-1.064980.0022

l.      *No later than five business days after service of the Supplemental Reply,*
*the Claimant could require that the Debtors respond to no more than five interrogatories.* See
Proposed Order, ¶10(g)(ii)(2).   This provision favors the Debtors because it unfairly limits the
amount of interrogatories that a claimant may need to defend its claim.   Additionally, this
provision does not provide enough time for claimants to draft interrogatories.   Specifically, the
complexity and volume of transactions at issue with respect to Timken's claims may require
Timken to request more than five interrogatories and would require more than five days to draft
after service of the Debtors' Supplemental Reply.

m.      *No later than five business days after service of the Supplemental Reply,*
*the Claimant could require that the Debtors respond to no more than ten requests for admission.*
See Proposed Order, ¶10(g)(ii)(3).   This provision favors the Debtors because it unfairly limits
the amount of requests for admission that a claimant may need to defend its claim.   This
provision also unfairly limits the time a claimant has to draft the requests for admission.   Timken
would need more than five days after service of the Supplemental Reply to draft requests for
admission and Timken would likely require more than ten requests for admission to support its
claims because of the complexity and volume of transactions at issue.

n.      *No earlier than the conclusion of the Mediation and no later than ten*
*business days after the conclusion of the Mediation, the claimant could . . . take the deposition*
*upon oral examination of each witness whose affidavit or declaration was proffered in support of*
*the Debtors' Supplemental Reply.   Each deposition would be limited to three hours.* See
Proposed Order, ¶10(g)(iv).   This provision hampers the claimholders' ability to defend their
claims by limiting the claimholders' opportunities to depose numerous witnesses, and by
allotting an unreasonable amount of time for depositions.   This provision also unfairly limits the

NYK 1068057-1.064980.0022

period of time in which claimholders can take the deposition of witnesses. Specifically, Timken may require the deposition of witnesses in addition to those whose affidavits or declarations were proffered in support of the Debtors' Supplemental Reply, because of the complexity and volume of transactions at issue with respect to Timken's claims. Preparing for these depositions would likely require more than ten days after the conclusion of the Mediation. Also, the three hour limitation on depositions may not provide Timken with enough time to sufficiently depose the Debtors' witnesses.

   o. *If the Claimant files a Supplemental Response and participates in the Meet and Confer and the Mediation, the Court would hold an Estimation Hearing or the Claims Objection Hearing, as appropriate, at which the Debtors and the Claimant would each have one hour to present its respective case, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.* <u>See</u> Proposed Order, ¶10(h). This provision favors the Debtors by unfairly limiting the amount of time a claimant has to present its case with regard to its claims. Timken specifically would likely require more than one hour to fully present its case, based on the complexity and volume of transactions at issue with respect to Timken's claims.

   p. *Failure by the Claimant to appear in person at a Sufficiency Hearing, an Estimation Hearing or a Claims Objection Hearing, or to have a person with the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim present at such hearing, would constitute grounds for disallowance and expungement of the Contested Claim without further hearing or notice to the Claimant.* <u>See</u> Proposed Order, ¶10(i). This provision unfairly burdens claimants by requiring the physical presence of a representative of the claimant, without allowing for appearances by teleconference or other electronic means. This requirement would

- 9 -

create an unnecessary cost to claimants, including Timken, particularly as the locations of the various hearings are chosen by the Debtors.

## Conclusion

WHEREFORE, Timken, by and through its undersigned counsel, respectfully requests that this Court deny the Claims Procedures Motion, and direct the Debtors to work with the interested parties in the formulation of new claims objection procedures, including an opt-out provision for complex claims or claims involving numerous transactions, and grant such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
      November 22, 2006

                    McDERMOTT WILL & EMERY LLP

                    By: /s/ James M. Sullivan

                    James M. Sullivan (JS-2189)
                    Abigail M. Beal (AB-1808)
                    McDermott Will & Emery LLP
                    340 Madison Avenue
                    New York, New York 10173
                    212-547-5400

                    *Attorneys for U.S. Timken Co. and Timken U.S. Co.*