Form B10 (Official Form 10)(04/05)

| UNITED STATES BANKRUPTCY COURT   SOUTHERN   DISTRICT OF  NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor  Delphi Automotive Systems, LLC          Case Number 05-44640

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**CSX Realty Development LLC**

Name and address where notices should be sent:

Joel M. Gross, Arnold & Porter LLP, 555 Twelfth Street NW, Washington D.C. 20004
Telephone number: (202) 942-5705

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces  ☐ amends    a previously filed claim, dated: _____
if this claim

**1.   Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ (date)  to _____ (date)

**2.   Date debt was incurred:**
See attachment hereto.

**3.   If court judgment, date obtained:**

**4.   Total Amount of Claim at Time Case Filed: $**   ___see attachment___  _____  see attachment  see attachment
(unsecured)   (secured)   (priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** See attachment

☒ Check this box if a): there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.   Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim

Amount entitled to priority $  see attachment
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(_2___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.$10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

FILED
S.D.N.Y.  '06 JUL 31  P 4 22
U.S. BANKRUPTCY COURT

| Date | Sign and print the name and title, if any, of the creditor or other person authorize to file this claim (attach copy of power of attorney, if any). |
|---|---|
| 7/28/06 | Donna W. Melton, VP & Corporate Secretary |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM OF
## CSX REALTY DEVELOPMENT, LLC  AGAINST DELPHI AUTOMOTIVE SYSTEMS
## LLC

CSX Realty Development, LLC ("CSXR") submits this attachment to its Proof of

Claim against Delphi Automotive Systems LLC ("Delphi"), a debtor in the above-captioned,

jointly administered bankruptcy cases. This attachment is incorporated into the Proof of Claim

in all respects. The grounds for CSXR's claim against Delphi are as follows:

### Background

1.      CSXR is a Georgia limited liability company with its principal place of business

in Jacksonville, Florida.

2.      This Proof of Claim relates to the contamination of groundwater beneath property

owned by CSXR in Vandalia, Ohio.  Delphi is legally responsible for the remediation of such

contamination.  CSXR files this proof of claim with respect to any costs it may hereafter incur as

a result of Delphi's failure to undertake full remediation of the contamination and for damage to

the value of its property resulting from the contamination and Delphi's failure prior hereto or

hereinafter to undertake appropriate remedial measures.

### Basis for Liability

3.      Delphi has owned and operated two automotive components fabrication and

assembly plants in Vandalia, Ohio. The United States Environmental Protection Agency

("EPA") has determined that is or has been a release of hazardous wastes or hazardous

constituents into the environment from the plants,  within the  scope of the Resource

Conservation and Recovery Act ("RCRA"), and that remedial actions were necessary to protect

human health or the environment. In or about January 2002, EPA Region 5 issued an

Administrative Order on Consent ("AOC") to Delphi requiring it to undertake specified

investigatory and remedial work to, among other things, address and remediate releases of

hazardous wastes or hazardous constituents from the plants.  Delphi has taken various activities

to comply with the AOC and, upon information and belief, those activities are continuing.

4.       Hazardous wastes and hazardous constituents from the Vandalia plants have

migrated down to soils, groundwater and/or other subsurface media and then have migrated

laterally, and have come to be located in the subsurface under property owned by CSXR located

in Vandalia, Ohio east of the Delphi facility in the area known as Northwoods Business Park,

between Interstate 75 on the west and Cassell Road on the east (the "CSXR Property"),  and

within the Northwoods Business Park, in Vandalia, Ohio (the "CSXR Property").    The

groundwater  beneath the CSXR contains trichloroethene and other hazardous materials released

from the Vandalia plant.

5.       Delphi's obligations under the AOC, RCRA and/or other environmental law to

remediate the contamination beneath the CSXR Property do not give rise to a claim that can be

discharged in this bankruptcy proceeding.   To the extent that it were determined that such

obligations did give rise to a claim, or to the extent Delphi otherwise failed to address and

remediate the contamination under the CSXR Property, CSXR files this claim for any costs it

may incur as a result thereof to address the contamination beneath the CSXR Property.   Such

claim would arise under RCRA, and/or under other federal and/or state laws.

6.       The releases of hazardous wastes, hazardous constituents and other materials from

Delphi's Vandalia plants, including but not limited to the contamination now located beneath the

CSXR Property, has caused damage to CSXR's property, including without limitation the costs

of any remedial or corrective measures that CSXR may in the future undertake to facilitate the

unrestricted use or development of the CSXR Property.  CSXR asserts a claim under applicable

federal and state laws for all elements of such property damage, which damage is in excess of $

5 million.

7.    CSXR also asserts a claim for any other damage to its property arising from releases from the Vandalia plants, from releases from an industrial wastewater sewer or elsewhere at Delphi's Buena Vista, Michigan facility, or from releases at any other Delphi facility.

### Priority

8.    Should Delphi fail to comply with the AOC and/or other applicable legal requirements, any resulting claim would be entitled to administrative priority.  The property damage claim is filed as a nonpriority unsecured claim   CSXR reserves the right to amend this claim to assert other priorities.

### Reservations

9.    CSXR reserves the right to amend, modify, and supplement this Proof of Claim at any time for whatever reason, including, without limitation, should Delphi fail to comply with the AOC and/or other legal requirements, and also for the purpose of filing additional claims, whether arising from the transactions or claims described in this Proof of Claim or otherwise, and to specify the amount of any contingent, unmatured, and/or unliquidated claims as they become non-contingent, matured, and/or liquidated. By filing this Proof of Claim, CSXR does not waive, and expressly reserves, its right to pursue claims (including, but not limited to, the claims described herein) against Delphi based upon additional or alternative legal theories.

10.    This Proof of Claim is without prejudice to any right under 11 U.S.C. § 553 to set off, against this claim, debts owed (if any) to the debtors by CSXR, and CSXR asserts its rights to such setoff, and asserts a secured claim to the extent of any such right to set off pursuant to Section 553 and 506(a) of the Bankruptcy Code.

11.    CSXR does not intend, in filing this Proof of Claim, to submit to the jurisdiction of this court with respect to any matter other than for determination and allowance of this claim.

12.    CSXR, in filing this Proof of Claim, reserves fully any and all rights it has to seek equitable relief, injunctive relief or specific performance against Delphi.

13.    CSXR reserves the right to file this claim against other debtors.