```
------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :   Case No. 05-44481 (RDD)
                                                :
                    Debtors                     :   (Jointly Administered)
                                                :
                                                :
------------------------------------------------x
```

## DECLARATION OF R. NEIL DAVIES

I, R. NEIL DAVIES, declare under penalty of perjury that the following is true and correct to the best of my information and belief:

1.  I am a resident and citizen of Georgia. I make this declaration based on my personal knowledge and, where noted, on information and belief.

2.  I am a Principal of Geosyntec Consultants ("Geosyntec") and a Regional Manager for Geosyntec in Kennesaw, Georgia. Geosyntec is a leading firm providing private and public sector clients with earth and environmental sciences consulting services; environmental, geotechnical, and hydrological engineering consulting and design services; and construction management and quality assurance services for projects involving these practices. I am a licensed professional engineer of the State of Georgia and a Member of the Institution of Civil Engineers ("MICE"). My qualifications are further set forth on my curriculum vitae, attached hereto as Exhibit D1.

3.  In or around January 2003, Geosyntec was asked by CSX Realty Development LLC ("CSXR") to estimate the extent of a dissolved phase plume of volatile organic constituents ("VOCs") primarily consisting of trichloroethene ("TCE") and its daughter products on CSXR's property located in Vandalia, Ohio ("CSXR Property") using data

developed by others. To my knowledge, CSXR's Property consists of approximately 498 acres of largely vacant, undeveloped land. In the course of my work, I have reviewed, among other things, the following documents prepared in connection with proceedings before the United States Environmental Protection Agency:

a. EPA "Statement of Basis for Delphi Corporation, Vandalia, Ohio," dated October 6, 2006, attached hereto as Exhibit D2.

b. Administrative Order on Consent between EPA Region 5 and Delphi Automotive Systems, LLC, dated January 9, 2002, attached hereto as Exhibit D3.

c. Delphi Vandalia Facility Revised Corrective Measures Proposal, dated June 2006, attached hereto as Exhibit D4.

4.   Based on our review of publicly-available records, I am aware that a plume of VOC-contaminated groundwater exists underneath the property of Delphi Automotive Systems LLC ("Delphi") located in Vandalia, Ohio ("Vandalia Property") adjacent to CSXR's Property.

5.   Based upon our review of past reports and data developed by Delphi and Geosyntec, it is my opinion that the plume of VOCs located underneath Delphi's Vandalia Property has migrated and is migrating onto CSXR's Property, and this migration will continue unless and until abated. As a result, a plume of VOC-contaminated groundwater exists under CSXR's Property.

6.   Based upon data developed by Delphi and based upon evaluations conducted by Geosyntec, it is my opinion that the groundwater located underneath CSXR's Property is contaminated with TCE above the maximum contaminant level ("MCL") for drinking water established by EPA under the Safe Drinking Water Act.

7.   Based upon my review of potentiometric maps and plume maps, it is my opinion that Delphi's on-site groundwater recovery system is not fully preventing continued off-site migration of the contamination. While Delphi plans to continue with groundwater extraction

on its own property as part of its proposed remedy, it only proposes to perform "monitoring of groundwater to ensure migration control systems maintain plume stability" and to implement "groundwater use institutional controls to prevent off-site use of bedrock groundwater within and surrounding the existing plume." Delphi Vandalia Facility Revised Corrective Measures Proposal, dated June 2006. In the absence of further controls or other active remedial measures, it is my opinion that VOC-contaminated groundwater will remain at levels above MCLs for many decades, and may have the potential to present a human health risk through vapor intrusion in the event the CSXR Property is developed at a future date.

        8.     Based on my past experience, the costs of implementing active remediation systems, such as the kind CSXR would need to implement if it were to undertake the necessary remediation of the CSXR Property itself, could exceed $10 million and in all likelihood may be significantly higher than that amount.

Dated: November 22, 2006
       Kennesaw, Georgia

      I declare under penalty of perjury that the foregoing is true and correct.

                                                                 /s/ R. Neil Davies
                                                               R. Neil Davies

on its own property as part of its proposed remedy, it only proposes to perform "monitoring of groundwater to ensure migration control systems maintain plume stability" and to implement "groundwater use institutional controls to prevent off-site use of bedrock groundwater within and surrounding the existing plume." Delphi Vandalia Facility Revised Corrective Measures Proposal, dated June 2006. In the absence of further controls or other active remedial measures, it is my opinion that VOC-contaminated groundwater will remain at levels above MCLs for many decades, and may have the potential to present a human health risk through vapor intrusion in the event the CSXR Property is developed at a future date.

8. Based on my past experience, the costs of implementing active remediation systems, such as the kind CSXR would need to implement if it were to undertake the necessary remediation of the CSXR Property itself, could exceed $10 million and in all likelihood may be significantly higher than that amount.

Dated: November 22, 2006
Kennesaw, Georgia

I declare under penalty of perjury that the foregoing is true and correct.

/s/ R. Neil Davies
R. Neil Davies