Raymond J. Urbanik, Esq.
New York State Bar No. RU 1842
Joseph J. Wielebinski, Esq.
Texas Bar No. 214322400
Davor Rukavina, Esq.
Texas Bar No. 24030781
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR TEXAS
INSTRUMENTS INCORPORATED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: : | CHAPTER 11 |
| DELPHI CORPORATION, et al., : | CASE NO. 05-44481 (RDD) |
| DEBTORS. : | (Jointly Administered) |

### RESPONSE OF TEXAS INSTRUMENTS INCORPORATED TO DEBTORS' SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM

Texas Instruments Incorporated ("TI"), a creditor and party-in-interest in the above-captioned and numbered bankruptcy cases of Delphi Corporation, *et al.* (the "Debtors"), hereby files its Response ("Response") to Debtors' Second Omnibus Objection to Proofs of Claim ("Objection"), and in support thereof respectfully represents as follows:

### I. Procedural Background

1.      On or about October 8, 2005, the Debtors each filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101-1330, as amended (the "Bankruptcy Code"), thereby initiating the bankruptcy cases (the "Bankruptcy Cases").

2.      Under 11 U.S.C. §301, the filing of the petitions constituted orders for relief under Chapter 11 and, since those filings, under 11 U.S.C. §1107, the Debtors have continued in possession and control of their assets and property and have continued to operate their business and manage their affairs.

3.      This court has jurisdiction to hear this Response under 28 U.S.C. §1334.  This is a core proceeding under 28 U.S.C.§157(b)(2)(A) and (B).

4.      Venue of the Bankruptcy Case is proper before this Court in this district under 28 U.S.C. §§1408 and 1409.

5.      On or about July 31, 2006, 2005, TI timely filed a proof of claim [Claim No. 15378] in the amount of $996,729.62 in Delphi Automotive Systems, LLC, Case No. 05-44640 ("TI Claim").  The basis of the claim is damages caused by Delphi's cancellation of work orders for TI product purchased by Delphi and produced by TI in accordance with such orders.  TI's claim also includes any and all charges on the unpaid balance pursuant to the terms of the agreements between the parties.

6.      Out of an abundance of caution and because TI could not be exactly certain which Debtor was liable for the TI claim, TI also filed similar proofs of claim asserting the same basis and claim amount in the following related Debtors' cases:  Delphi Corporation, Case No. 05-44481 [Claim No. 15376]; Delphi Automotive Systems (Holding), Inc., Case No. 05-44596 [Claim No. 15373]; Delphi Automotive Systems International, Inc., Case No. 05-44589 [Claim No. 15375]; Delphi Electronics (Holding) LLC, Case No. 05-44547 [Claim No. 15377]; Delco Electronics Overseas Corporation, Case No. 05-44610 [Claim No. 15372]; and Delphi Automotive Systems Global (Holding), Inc., Case No. 05-44636 [Claim No. 15374] (collectively, the "Additional Claims").

7.      Each of the Additional Claims included language explaining that the claim was filed "in an abundance of caution" and, by filing the claim, TI "does not seek duplicate payment on this claim."

**RESPONSE OF TEXAS INSTRUMENTS INCORPORATED TO DEBTORS'
SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM—PAGE 2**

8.      On or about October 31, 2006, the Debtors filed their Objection. In the Objection, TI's Additional Claims are listed on Exhibit D as duplicate and amended claims. In the Objection, the Debtors seek to have TI's Additional Claims expunged, but they do not propose to allow the TI Claim and they reserve the right to assert additional objections to the TI Claim.

## II. Response

9.      TI cannot verify with certainty that Delphi Automotive Systems, LLC alone is liable on the TI Claim. The Debtors offer no proof thereof in their objections. Nevertheless, TI is prepared to rely on the Debtors' allegation that only Delphi Automotive System, LLC and none of the other Debtors is liable to TI. The Debtors also preserve all objections to the TI Claim. TI files this Response to request the Additional Claims only be conditionally expunged unless and until the TI Claim is allowed or until TI is given a reasonable opportunity to see what objections may be asserted to the TI Claim.

10.     Finally, TI requests that this Court order the Debtors to notice TI's counsel directly of any future objections that may be filed to TI's Claim No. 15378 or any other claim asserted by TI. TI has filed a notice of appearance in the bankruptcy case, and pleadings should be served on its counsel pursuant to applicable rules and Court orders.

## III. Prayer

WHEREFORE, PREMISES CONSIDERED, TI respectfully requests that to the extent the Debtors' Objections are upheld, this Court enter an order conditionally expunging the Additional Claims as outlined hereunder and that the Debtors notice TI's counsel directly of any future objections to TI's Claim, and grant TI such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted this 24th day of November, 2006.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Raymond J. Urbanik
Raymond J. Urbanik, Esq.
New York State Bar No. RU 1842
Joseph J. Wielebinski, Esq.
Texas Bar #214322400, *admitted pro hac vice*
Davor Rukavina, Esq.
Texas Bar #24030781, *admitted pro hac vice*
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR TEXAS
INSTRUMENTS INCORPORATED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 24th day of November, 2006, a true and correct copy of this Response was served, by U.S. mail, postage prepaid, on the following parties:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John W, Butler, Esquire
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Kayalyn A. Marafioti, Esquire
Four Times Square
New York, New York 10036

Office of United States Trustee
Southern District of New York
Attn: Alicia M. Leonhard
33 Whitehall Street, Suite 2100
New York, New York 10004

Latham & Watkins LLP
Attn. Robert J. Rosenberg, Esquire
Attn: Mark A. Broude, Esquire
885 Third Avenue, Suite 1000
New York, New York 10022

Greensfelder, Hemker & Gale, P.C.
Attn: Cherie MacDonald, Esquire
12 Wolf Creek Drive, Suite 100
Swansea, Illinois 62226

Delphi Corporation
Attn. Karen J. Craft, Esquire
5725 Delphi Drive
Troy, Michigan 48098-2815

Fried, Frank, Harris, Shriver & Jacobson LLP
Attn: Bonnie Steingart, Esquire
One New York Plaza
New York, New York 10004

Simpson Thacher & Bartlett LLP
Attn: Kenneth S. Ziman, Esquire
425 Lexington Avenue
New York, New York 10017

Davis Polk & Wardwell
Attn: Donald Bernstein, Esquire
Attn: Brian Resnick, Esquire
450 Lexington Avenue
New York, New York 10017

Halperin Battaglia Raicht, LLP
Attn: Christopher J. Battaglia, Esquire
Attn: Alan D. Halperin, Esquire
555 Madison Avenue, 9th Floor
New York, New York 10022

By:    /s/ Raymond J. Urbanik
Raymond J. Urbanik, Esq.
New York State Bar No. RU 1842