Response Deadline: Nov. 24, 2006 at 4:00 p.m.
Hearing Date and Time: Nov. 30, 2006 at 10:00 a.m.

ORRICK HERRINGTON & SUTCLIFFE LLP
The Washington Harbour
3050 K Street, N.W.
Washington, DC 20007
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
Jonathan P. Guy (Bar No. JG 0656)
Richard H. Wyron
Matthew W. Cheney

*Attorneys for Westwood Associates, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____
                                            :
In re:                                      :    Chapter 11
                                            :
**DELPHI CORPORATION, et al.,**             :    Case No. 05-44481 (RDD)
                                            :
                Debtors.                    :    (Jointly Administered)
_____:

**RESPONSE OF WESTWOOD ASSOCIATES, INC. TO
DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Westwood Associates, Inc. ("Westwood") opposes the Debtors' Third Omnibus Objection to Claims.[1]  In short, the Third Omnibus Objection to Claims fails to rebut the *prima facie* validity of Westwood's claim.  In support of this response, Westwood respectfully states as follows:

---

[1] The "Third Omnibus Objection to Claims" means the Debtors' Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification [Doc. No. 5452] filed on October 31, 2006.

## BACKGROUND

1.      On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court.

2.      Prior to the Petition Dates, one or more of the Debtors ordered certain electronic printed circuit boards from Westwood pursuant to certain agreements between them.  The Debtors took delivery of some of the printed circuit boards ordered, and cancelled orders or parts of orders for other printed circuit boards.  The Debtors failed to pay certain cancellation charges with respect to product orders placed but later cancelled in whole or in part.

3.      By Order of the Court, the last date to file proofs of claim against the Debtors was set as July 31, 2006 (the "Bar Date").

4.      On or before the Bar Date, Westwood filed several proofs of claim, including a proof of claim dated July 27, 2006, asserting a general unsecured claim against debtor Delphi Automotive Systems, LLC ("Delphi Automotive") in the amount of $66,399.42 (the "Proof of Claim").  This Proof of Claim (assigned Claim No. 14918) relates to charges assessable against Delphi Automotive for cancellation of product that was in process at the time of the Petition Dates.

5.      The Proof of Claim was accompanied by copies of invoices, explanatory materials and a detailed schedule explaining the bases for and supporting the cancellation charges. Westwood has not attached duplicate copies of these materials to this response, but will make duplicate copies available to the Debtors upon request.

6.      On October 31, 2006, the Debtors filed their Third Omnibus Objection to Claims, which lists the Proof of Claim on Exhibit C-1 (page 63) as a claim that is not owing pursuant to

2

the Debtors books and records. The Third Omnibus Objection to Claims seeks disallowance of the Proof of Claim solely upon this basis.

7.  At the time this Third Omnibus Objection to Claims was filed, Westwood was engaged in discussions with the Debtors concerning resolving the cancellation charges, and had provided supporting information to the Debtors. Despite these discussions, the Debtors included Westwood's Proof of Claim in their generic omnibus objection.[2]

## ARGUMENT

8.  By providing the schedules and other information supporting its claim, Westwood has carried its burden of presenting a *prima facie* case in support of its Proof of Claim. See Fed. R. Bankr. P. 3001(f) (a proof of claim filed in accordance with section 501(a) of the Bankruptcy Code constitutes *prima facie* evidence of the claim's validity and amount).

9.  In connection with the Third Omnibus Objection to Claims, the Debtors failed to produce any evidence negating the *prima facie* validity of the Proof of Claim. In re Worldcom, Inc., 2005 WL 3832065, *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (when an objection is filed the burden shifts to the objecting party to "produce evidence sufficient to negate the prima facie validity of the filed claim").

10. Moreover, the Debtors provided no substantive grounds for disputing the Proof of Claim. The only ground for objection is the Debtors' general, unspecified "not in our books and records" objection.

11. If the Debtors did not record cancellation charges in their books and records as of the Petition Dates, that does not automatically render the Proof of Claim objectionable. The

---

[2] More noteworthy, however, the Debtors failed to provide Westwood with notice that its Proof of Claim was among the over 1,000 claims described in the Third Omnibus Objection to Claims. Westwood only learned of this objection the business day before this Response was required to be filed (that is, the day before Thanksgiving); accordingly, Westwood must reserve the right to supplement this response.

3

cancellation charges were incurred with respect to orders placed prior to the Petition Dates and were the subject of ongoing discussions between Westwood and the Debtors.

12.    Under these circumstances, it is not a substantive basis for disallowing the Proof of Claim to argue that the claim was "not in our books and records" as of the Petition Dates. A mere denial of a claim's validity does not satisfy the Debtors' burden. See In re Frederes, 98 B.R. 165, 166-67 (Bankr. W.D.N.Y. 1989) (an objecting party must produce "facts sufficient to demonstrate that an actual dispute exists; a mere denial of the claim's validity or amount will not suffice"). Further, where, as here, Westwood has provided supporting information to the Debtors, both in connection with Westwood's discussions with the Debtors and as part of its filed Proof of Claim, the Debtors' unsupported allegations are insufficient.

13.    If the Debtors have substantive objections to the Proof of Claim based upon the information Westwood provided, the Debtors should come forward and explain them. Otherwise, the Third Omnibus Objection to Claims should be overruled as to Westwood's Proof of Claim.

## CONCLUSION

14.    The Third Omnibus Objection to Claims should be overruled because it fails to rebut the *prima facie* validity of Westwood's Proof of Claim. Westwood has substantiated its claim by providing supporting documentation to the Debtors.

15.    Westwood remains willing to continue to attempt to resolve this Proof of Claim with the Debtors without proceeding to litigation. If the Debtors nonetheless wish to continue to prosecute the objection to the Proof of Claim, Westwood respectfully requests that the Third Omnibus Objection to Claims be overruled, that the Debtors be required to articulate a

substantive basis for an objection if they have one, and if they do so, that the Court hold a status conference and fix a schedule for litigation.[3]

WHEREFORE, Westwood respectfully requests that the Court: (i) overrule the Third Omnibus Objection to Claims as it relates to Westwood's Proof of Claim; (ii) in the alternative, fix a schedule for litigating the Debtors' objection to the Proof of Claim; and (iii) grant such other and further relief as is just and proper.

Dated: November 24, 2006
       Washington, DC

                ORRICK HERRINGTON & SUTCLIFFE LLP

                By: __/s/ Jonathan Guy_____
                    Jonathan P. Guy (JG 0656)
                    Richard H. Wyron
                    Matthew W. Cheney
                    The Washington Harbour
                    3050 K Street, N.W.
                    Washington, DC  20007
                    Telephone: (202) 339-8400
                    Facsimile:  (202) 339-8500

                *Attorneys for Westwood Associates, Inc.*

---

[3] Westwood reserves the right to amend or supplement the Proof of Claim and to submit documentary and other evidence to the Court in support of the Proof of Claim.