**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Thomas R. Califano (TC- 5283)
Jeremy R. Johnson (JJ-9269)

Attorneys for John E. Benz & Co.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                            :    Chapter 11
                                                  :
DELPHI CORPORATION, et al.                        :    Case No. 05-44481
                                                  :
                    Debtors.                      :
-----------------------------------------------------------X

**RESPONSE OF JOHN E. BENZ & CO., TO DEBTORS' THIRD
OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C.
§502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH
INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED
BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT
TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT
AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. §502(c)**

John E. Benz & Co. ("JEB"), by and through its counsel DLA Piper US LLP, as and for its response to the Debtors' Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. §502(c) (the "Third Omnibus Objection"), respectfully states as follows:

1. On October 8 and 14, 2005, Delphi Corporation and certain of its U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2. No Trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "US Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3. This Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b)(2).

4. On October 31, 2006, the Debtors filed the Third Omnibus Objection.

**JEB's Claims**

5. JEB is the landlord with respect to that certain non-residential real property lease dated September 28, 1998 between Delphi Automotive Systems, Inc. ("Delphi Automotive"), as successor-in-interest to General Motors Corp., and JEB (as amended on April 30, 2004, the "Lease"). A copy of the Lease is attached hereto as Exhibit A. The Lease relates to the premises located at 3535 Kettering Boulevard, Moraine, OH (the "Premises").

6. The Lease requires Delphi Automotive to pay, inter alia, taxes, assessments, and liens imposed against the Premises. See Lease ¶5. The Lease also requires Delphi Automotive to

procure and maintain insurance, at its own cost. See Lease ¶12.

7. On July 31, 2006 JEB filed, against Delphi Automotive, (i) a proof of claim for administrative expenses, in an "unknown " amount (Claim 14314) (the "JEB Admin. Claim"), and (ii) a proof of claim for a general unsecured claim, in an "unknown" amount (Claim 14297) (the "JEB Unsecured Claim", and collectively with the JEB Admin. Claim, the "JEB Claims"). Copies of the JEB claims are attached hereto, respectively, as Exhibits B (the JEB Admin. Claim) and C (the JEB Unsecured Claim). The JEB Claims relate to JEB's rights under the Lease.

8. The JEB Claims seek claims for the following:

- Insurance coverage (9/22/05 – 9/22/06) - $6,871.50
- Taxes - $91,455.42
- A mechanics lien filed by Orbit Movers & Erectors
- A mechanics lien filed by Zimpher Kyser, Inc.
- A mechanics lien filed by Frebco, Inc.
- A mechanics lien filed by Gem Air Controls Company, Inc.

See Attachments to JEB Claims. Thus, the JEB Claims consist of claims for taxes, insurance, and mechanics liens imposed against the Premises.

9. The JEB Claims attach identical documentation. JEB filed the JEB Admin. Claim and the JEB Unsecured Claim based upon identical documentation in unknown amounts because JEB does not currently know what portion of the JEB Claims will be classified as pre-petition claims, and what portion will be classified as post petition claims, and also because the mechanics' liens imposed against the Premises were filed in unknown amounts. JEB reserves its right to assert that the JEB Claims are administrative claims. In addition, JEB reserves all of its rights to assert claims with respect to the Lease.

**Response**

10.     Delphi Automotive asserts, in its Third Omnibus Objection, that the JEB Claims are unsubstantiated.  As a threshold matter, the Third Omnibus Objection fails as a matter of law.  It does not acknowledge the Lease, nor does it refute any of the documentation attached to the JEB Claims.  Debtors objecting to proofs of claim must "produce sufficient evidence to rebut the claimant's prima facie case."  See In re King, 305 B.R. 152 (Bankr. S.D.N.Y. 2004).  Accordingly, Delphi Automotive is obligated to provide evidence to sustain an objection to a properly filed proof of claim.  The Third Omnibus Objection, however, is not supported by an affidavit or any evidence to refute the JEB Claims.

11.     There is no dispute that the JEB Claims were properly filed.  JEB respectfully submits that the JEB Claims are fully-documented and are valid obligations of Delphi Automotive.  JEB requests that the Third Omnibus Objection be overruled with respect to the JEB Claims.  In addition, JEB seeks an order allowing the JEB Claims in full as administrative claims and/or general unsecured claims, in an amount to be determined by the Court at a later date.

12.     JEB reserves the right to supplement or amend this response.

Dated: November 24, 2006
       New York, New York

**DLA PIPER US LLP**

By:     /s/ Thomas R. Califano
        Thomas R. Califano (TC-5283)
        Jeremy R. Johnson (JJ-9269)
        1251 Avenue of the Americas
        New York, NY 10020
        Tel:  (212) 335-4500
        Fax:  (212) 335-4501

Attorneys for John E. Benz & Co.