Hearing Date: November 30, 2006

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel for Longacre Master Fund Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               )
In re:                                                         )   Chapter 11
                                                               )
DELPHI CORPORATION, et al.,                                    )   Case No. 05-44481 (RDD)
                                                               )
                    Debtors.                                   )   (Jointly Administered)
                                                               )
---------------------------------------------------------------x

**RESPONSE OF LONGACRE MASTER FUND LTD. TO
DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11
U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH
INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY
DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO
MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND
UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)**

      Longacre Master Fund Ltd. ("Longacre"), as assignee of Inovise Medical, Inc.

("Inovise"),[1] by its undersigned counsel, hereby submits this response ("Response") to the

*Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R.*

*Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims*

---

[1]     Pursuant to an assignment agreement (the "Assignment Agreement") dated August 21, 2006, Inovise assigned all of its rights, title, and interests in and to the claims of Inovise against Delphi Automotive Systems, LLC, to Longacre Master Fund Ltd.

*Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c)* (the "Omnibus Objection") filed by the debtors and debtors in possession in the above-captioned jointly administered Chapter 11 bankruptcy cases (the "Debtors"), as the Omnibus Objection relates to Proof of Claim No. 16322. In the support of this Response, Longacre respectfully represents as follows:

## BACKGROUND

1.  On October 8 and 14, 2005 (as applicable, the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.  On July 5, 2006, Inovise timely filed Proof of Claim No. 8983 ("POC 8983") asserting a $600,000 unsecured non-priority claim. POC 8983 listed the claim as an obligation of Delphi Corporation ("Delphi Corp."), when, in fact, the obligation arose from an OEM License and Supply Agreement (the "Agreement") [2] dated as of April 11, 2005 between Inovise and Delphi Medical Systems Corporation, a wholly-owned domestic subsidiary of Delphi Automotive Systems, LLC ("DAS"). [3]

3.  As shown on POC 8983, the $600,000 claim consists of (i) $150,000 in unpaid invoices due as of the Petition Date and (ii) $450,000 in guaranteed payments due under the

---

[2] A copy of the Agreement was provided to the Debtors and the unsecured creditors' committee on a confidential basis. See POC 16322.

[3] Debtors' schedules listed the Agreement as an executory contract of Delphi Medical Systems, Corporation, but listed the claim arising under the Agreement as obligation of DAS. As a matter of fact, only three (3) non-intercompany unsecured nonpriority claims are scheduled as Delphi Medical Systems, Corporation obligations. Consistent with this approach, for purposes of this Response and POC 16322, Longacre asserts a claim against DAS; however Longacre reserves the right to request permission from this Court to amend it proofs of claims to assert a claim against Delphi Medical Systems, Corporation.

2

Agreement. With respect to the $150,000 portion, DAS's schedules, filed on April 18, 2006, reflected this obligation as an undisputed, liquidated, non-contingent claim against DAS.

4. On April 21, 2006, the Debtors filed a motion to reject the Agreement (the "Rejection Motion"). By Order entered May 30, 2006, the Debtors were authorized to reject the Agreement, which rejection gave rise to rejection damages including the $450,000 constituting the remainder of the claim asserted in POC 16322.

5. On August 21, 2006, Longacre and Inovise entered into the Assignment Agreement. Longacre then asked Inovise to amend POC 8983 to reflect that its claims were asserted against DAS, not Delphi Corp.

6. On September 14, 2006, Inovise filed Proof of Claim No. 16315 ("POC 16315"), amending POC 8983 to reflect that DAS was the proper Debtor. However, due to an oversight, Inovise (while correctly listing DAS as the Debtor) listed the Delphi Corp. bankruptcy case number on POC 16315 (which is the master number for the jointly administered cases).

7. Accordingly, on September 18, 2006, Inovise filed Proof of Claim No. 16322 ("POC 16322") further amending POC 8983 and POC 16315 listing DAS as the obligated Debtor and also listing the specific DAS bankruptcy case number.[4]

8. In the Omnibus Objection, the Debtors list POC 16322 as an "Untimely Unsubstantiated Claim," which category is defined by the Omnibus Objection to include claims that assert "liabilities or dollar amounts that the Debtors have determined are not owning pursuant to the Debtors' book and records and were also not timely filed pursuant to the Bar Date Order."

---

[4] Longacre reserves the right to show that POC 16322 should relate back to July 5, 2006 (the date POC 8983 was filed) on the basis of excusable neglect or to modify POC 8983 on any other basis.

3

9.     For reasons set forth below, POC 16322 was timely filed, is substantiated, and should be allowed.

## THE OMNIBUS OBJECTION, AS IT RELATES TO POC 16322, SHOULD BE OVERRULED

10.    The Bar Date Order entered in these cases on April 12, 2006, requires proofs of claim to be filed on or before July 31, 2006. Inovise filed POC 8983 on July 5, 2006, <u>prior</u> to this deadline. POC 16322 relates back to July 5, 2006. As the Second Circuit recently explained:

> [T]he bankruptcy rules permit courts to accept late-filed amendments to timely filed proofs of claim.
>
> ***
>
> Courts considering amendments to claims typically engage in a two-step inquiry: First, they examine " 'whether there was [a] timely assertion of a similar claim or demand evidencing an intention to hold the estate liable.' " An amendment will meet this threshold if it "1) **corrects a defect of form in the original claim; 2) describes the original claim with greater particularity**; or 3) pleads a new theory of recovery on the facts set forth in the original claim." Second, if an amendment does, in fact, "relate back" to the timely filed claim, courts will "examine each fact within the case and determine whether it would be equitable to allow the amendment." Multiple factors play a role in this analysis, including whether the debtor, or other creditors, would be unduly prejudiced by the amendment, or whether, instead, other creditors would "receive a windfall" from the disallowance of the amendment, and whether the late claimant acted in good faith and the delay was justified. Of these, however, **"[t]he critical consideration is whether the opposing party will be unduly prejudiced by the amendment."**

<u>In re Enron Corp.</u>, 419 F.3d 115, 133 (2d Cir. 2005) (citations omitted) (emphasis added).

11.    Inovise filed POC 16322 solely to correct the defect in POC 8983 and to describe POC 8983 with greater particularity. The Debtors were not, and would never be, prejudiced by this amendment because (as shown by their schedules and the Rejection Motion) they were fully aware of the claim and the fact that it was not a Delphi Corp. obligation. For these reasons, and pursuant to well-established Second Circuit precedent, POC 16322 was timely filed.

4

12.     The Debtors conceded in their schedules that $150,000 of this claim is a valid, undisputed, liquidated, and non-contingent obligation of DAS; thus, that portion of the claim is undoubtedly substantiated.

13.     Inovise previously provided the Agreement to the Debtors and the committee of unsecured creditors.  <u>See</u> <u>POC 16322</u>.  The Agreement contains a guarantee of payments, which guarantee gave rise to the $450,000 claim.  The Debtors can hardly be surprised that damages arose from their rejection of the Agreement through the Rejection Motion.  Section 365(g) of the Bankruptcy Code provides that rejection of an executory contract constitutes a breach of such contract as of the Petition Date.  11 U.S.C. § 365(g).  Accordingly, the Debtors could have expected that upon rejection, a claim against DAS would arise under the Agreement; the Debtors cannot honestly now argue that this claim is "unsubstantiated."

WHEREFORE, for the foregoing reasons, Longacre respectfully requests that the Court enter an Order (i) overruling the Omnibus Objection as it relates to POC 16322, or alternatively, adjourn the hearing on the Omnibus Objection as it relates to POC 16322 (currently set for November 30, 2006) for at least thirty (30) days to permit Longacre and the Debtors an opportunity to reconcile this dispute; and (ii) granting Longacre such other and further relief as is just and proper.

Dated: November 24, 2006
New York, New York

                                                Respectfully Submitted,

                                                KASOWITZ, BENSON, TORRES
                                                  & FRIEDMAN LLP

                                                <u>/s/ Adam L. Shiff</u>
                                                David S. Rosner (DR-4214)
                                                Adam L. Shiff (AS-7571)
                                                Jeffrey R. Gleit (JG-8710)
                                                Daniel A. Fliman (DF-2236)
                                                1633 Broadway
                                                New York, NY 10019
                                                (212) 506-1700
                                                (212) 506-1800 (facsimile)

                                                *Counsel for Longacre Master Fund Ltd.*