| | |
|---|---|
| TISDALE & ASSOCIATES LLC | **Hearing Date and Time:** |
| Douglas M. Tisdale, Esq. | November 30, 2006, at 10:00 a.m. |
| Steven A. Klenda, Esq. | |
| 1600 Broadway, Suite 2600 | **Objection Deadline:** |
| Denver, CO  80202-4989 | November 24, 2006, at 4:00 p.m. |
| (303) 832-1800 | |

Counsel for NuTech Plastics Engineering, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) (Jointly Administered) |
| Debtors. | |

**Response of NuTech Plastics Engineering, Inc. to
Debtors' Third Omnibus Claims Objection and to
Debtors' Claim Objection and Estimation Procedures Motion**

NuTech Plastics Engineering, Inc. ("**NuTech**") responds to Debtors' Third Omnibus Claims Objection (Doc. 5452, the "**Objection**") and Debtors' Claim Objection and Estimation Procedures Motion (Doc. 5453) as follows:

**Response to Third Omnibus Claims Objection**

1.  Debtors' sole objection to NuTech's Proof of Claim (Claim No. 1279) is that Debtors' books and records do not reflect the $13,957,130.00 claim that NuTech's Proof of Claim asserts.  Objection, ¶¶ 26 (defining "Unsubstantiated Claims"); Ex. C-1.

2.  But NuTech's claim would not typically be reflected in Debtors' books and records because NuTech's claim is a contingent and unliquidated litigation claim.  The amount of NuTech's claim is based on NuTech's calculation of the damages in a four-year-old, pre-petition lawsuit against Debtor Delphi Automotive Systems LLC (fka Delphi

Automotive Systems USA, LLC) that was on the eve of trial when Debtors filed their respective chapter 11 petitions.  This lawsuit, Case No. 02-075335 in Genesee County, Michigan, Circuit Court, alleges that Delphi Automotive Systems LLC ("**DAS**") breached a contract to purchase automotive parts from NuTech by failing to purchase the parts and by removing equipment from NuTech necessary for NuTech to produce the parts after NuTech had increased its manufacturing capability to satisfy Defendant' production demands.  NuTech's Proof of Claim states that NuTech's claim is based on breach of contract and promissory estoppel, and attaches copies of the relevant purchase orders.

3.    NuTech has further detailed its claim to Debtors and to this Court through a pre-Bar Date relief-from-stay motion (Doc. 4559), a reply to support this motion (Doc. 4582), and the record at a preliminary hearing on this motion.  NuTech incorporates these pleadings, and their respective exhibits, which include NuTech's Complaint against DAS specifically, herein by reference.  NuTech would further support its response to the Objection with the Michigan state-court record, documents and testimony that NuTech will use to present its case against DAS at trial.  These documents, testimony and record are too extensive to repeat or detail herein.

4.    The lift-stay pleadings noted above amply describe NuTech's claim against DAS.  Either standing alone, or in combination with NuTech's Proof of Claim, they also constitute an informal proof of claim against DAS.  *E.g. Matter of Veilleux*, 140 B.R. 28, 30 (Bankr. D.Conn. 1992) (collecting cases holding that relief-from-stay motion is an informal proof of claim and holding that a stay-relief motion to pursue prepetition litigation is informal proof of claim); *In re Ronecker*, 204 B.R. 552, 554-55 (Bankr. E.D.Mo. 1997)

2

(documents in relief-from-stay motion and later attorney-fee motion collectively were informal proof of claim); *In re Gateway Investments Corp.,* 114 B.R. 784, 787 (Bankr. S.D.Fla. 1990) (relief-from-stay motion, deposition admission and other filed documents were informal proof of claim).

5.    In contrast to NuTech's extensive documentation and description of its claim, Debtors have provided no evidence to support their Objection to NuTech's Complaint or NuTech's Proof of Claim. Without any such evidence, NuTech's Proof of Claim is presumptively valid. Fed. R. Bankr. P. 3001(f); *In re Hemingway Transp., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (to satisfy its burden of proof, a claim objector must offer "substantial evidence" to support its objection); *In re King*, 305 B.R. 152, 164 (Bankr. S.D.N.Y. 2004) (evidence required to rebut proof of claim must "refute at least one of the allegations that is essential to the claim's legal sufficiency.").

### Response to Claim Objection and Estimation Procedures Motion

6.    A contingent or unliquidated claim must be estimated only if liquidating the claim will "unduly delay" the administration of a bankruptcy case. 11 U.S.C. § 502(c)(1); *In re Dow Corning Corp.*, 211 B.R. 545, 560-61 (Bankr. E.D.Mich. 1997). Debtors' proposed estimation procedures should not apply to NuTech because Debtors have not shown that liquidating NuTech's claim will cause "undue delay" or that any such delay will affect the administration of Debtors' case.

7.    In fact, NuTech has previously shown that liquidating its claim will not cause undue delay. During NuTech's lift-stay proceedings, NuTech demonstrated that its case would receive priority and expedited treatment from the Michigan state court. As a result,

3

depending on the state-Court's calendar, NuTech's case would be likely to be tried within three to six months after the automatic stay was lifted. Three to six months does not constitute "undue delay."

8.  Furthermore, any delay in liquidating NuTech's claim would not affect the administration of Debtors' case. Because NuTech is one of many thousands of unsecured creditors, NuTech's asserted claim is, practically speaking, insignificant for voting or distribution purposes.

9.  NuTech further objects to Debtors' proposed claim estimation procedures because they favor Debtors to such an extent that they maximize Debtors' opportunities to eliminate claims through procedural non-compliance, rather than promote a "realistic assessment of uncertain claims." *In re Chateaugay Corp.*, 10 F.3d 944, 957 (2d Cir. 1993). The procedures are replete with extraordinarily tight deadlines for which the penalty for non-compliance is the draconian disallowance of a claim. Debtors' procedures lack an opt-out for complex claims and appear to forbid further claims-related motions unless those motions are authorized by the Court. In combination with stringent page limits and limits on the record that can be considered with respect to a claim, these limits may leave NuTech unable to substantiate its claim adequately. For example, because NuTech's claim is contingent and unliquidated, NuTech anticipates that it will need at least two witnesses to establish Debtors' liability, leaving NuTech unable to provide the expert testimony necessary to substantiate NuTech's damages. Debtors' estimation procedures will have effectively eliminated NuTech's claim, instead of allowing it to be 'realistically assessed.'

10. Debtors' claim estimation procedures allow Debtors to conduct additional discovery. But Debtors already have — and have had for years — sufficient and adequate information about NuTech's claim. NuTech's case is ready for trial. Discovery was completed years ago. Allowing Debtors to reopen discovery will prejudice NuTech by allowing Debtors to repeat past discovery efforts with the benefit of hindsight, and force NuTech to incur additional costs to respond to Debtors' renewed efforts. To prevent Debtors from getting an additional chance at discovery that they have had ample opportunity to conduct, any claim-estimation procedures that would allow Debtors to obtain additional discovery should not apply in the unique circumstances of NuTech's claim.

## Memorandum of Law

11. The legal points and authorities upon which this motion relies are incorporated herein. Thus, NuTech respectfully requests that the requirement of Local Bankruptcy Rule 9013-1(b) to serve and file a separate memorandum of law be deemed to be satisfied.

FOR THESE REASONS, NuTech respectfully requests that the Court overrule Debtors' objection to NuTech's Proof of Claim, deny Debtors' Claim Objection and Estimation Procedures Motion and grant NuTech all such further relief as is just, proper or appropriate.

5

Dated at Denver, Colorado, this 24th day of November 2006.

        Respectfully submitted,

        TISDALE & ASSOCIATES LLC

        _s/ Steven A. Klenda_
        Douglas M. Tisdale, Esq.
        Steven A. Klenda, Esq.

        Attorneys for
        NuTech Plastics Engineering, Inc.