UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et. al.<br><br>Debtors. | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

**RESPONSE OF CLAIMANT/CREDITOR FREDDIE L. JOHNSON TO DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c) AND MOTION TO LIFT STAY**

Claimant/Creditor, Freddie L. Johnson ("Johnson"), by counsel, timely files his Response to Debtors' Third Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 ("Third Omnibus Claims Objection") for the reasons stated herein. Pursuant to 11 U.S.C. § 362(d), Johnson also moves the Court to order the termination, annulment, modification, or conditioning of the automatic stay imposed in this case by 11 U.S.C. § 362(a) in order for his legal claims to proceed to judgment and for an amount certain for his claims to be determined. Johnson states the following in support of his Response and Motion:

1.  On April 19, 2005, Johnson filed his Complaint and Demand for Jury Trial in the United States District Court for the Southern District of Indiana, Cause Number 1:05-CV-570-SEB-WTL, against Debtor, Delphi Automotive Systems, alleging retaliation, race discrimination, and sex discrimination. Johnson subsequently amended his Complaint on July 8, 2005, to reflect Debtor's

proper name: Delphi Corporation ("Debtor").[1] Johnson sustained damages during his employment in the form of lost wages and benefits, compensatory damages, punitive damages, and attorneys' fees and costs due to Debtor's violations of his federally-protected civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended, 42 U.S.C. 1981a ("Title VII") and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

2. Johnson served his Complaint and Amended Complaint on Debtor.

3. Debtor and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, on October 8 and 14, 2005.

4. On October 14, 2005, Debtor's counsel filed a "Notice of Filing of Chapter 11 Bankruptcy Petition" with the United States District Court for the Southern District of Indiana.

5. Pursuant to 11 U.S.C. § 501, Johnson timely filed his first Proof of Claim on October 31, 2005, which Proof of Claim stated that the amount of his claim against Debtor was $300,000. Johnson also submitted a copy of his Amended Complaint to the Bankruptcy Court and to Debtor, which Amended Complaint properly set forth the facts necessary to support his claims against Debtor.

6. This Court then issued a Bar Date Order establishing July 31, 2006, as the last date for all persons and entities holding any claims against Debtor to file a Proof of Claim.

7. Pursuant to 11 U.S.C. § 501, Johnson timely filed his second Proof of Claim on July 13, 2006. With this second Proof of Claim, Johnson again submitted a copy of his Amended Complaint and stated that the amount of his claim against Debtor was $300,000.

8. Both Proofs of Claim set forth the unliquidated amount of Johnson's claims –

---

[1] A copy of the Amended Complaint is attached as Exhibit A.

$300,000 – as the allowable amount of the claims upon liquidation of the same.

9.  Johnson's current Claim Number is 9440.[2]

10. The following individuals possess ultimate authority, with the approval of Johnson, to reconcile, settle, or otherwise resolve Johnson's claims against Debtor: Denise K. LaRue and Bradley L. Wilson, Haskin Lauter LaRue and Gibbons, 255 North Alabama Street, Indianapolis, Indiana 46204. The telephone number of Ms. LaRue and Mr. Wilson is (317)955-9500.

11. On or about October 31, 2006, Debtor moved the Court to disallow or expunge Johnson's Claim No. 9440 based on its misplaced objection that his claims were "unsubstantiated." Purportedly, Johnson's claims assert liabilities or dollar amounts that the Debtor alleges are not owing pursuant to its books and records.

12. As noted herein, and contrary to Debtor's assertions, Johnson has taken all steps necessary to notify Debtor of his claims against it. He has provided such notice through the filing of the lawsuit against Debtor in the United States District Court in the Southern District of Indiana and the filing of the two Proofs of Claim forms and the attached Complaint with this Court. Johnson has submitted sufficient documentation (e.g., Complaint) substantiating his claims against Debtor. Therefore, Johnson's claims against Debtor should not be disallowed or expunged.

13. During the pendency of this bankruptcy proceeding, Johnson has been precluded, pursuant to the bankruptcy automatic stay provision, from prosecuting his claims in the United States District Court in the Southern District of Indiana. He has incurred tangible losses (lost wages and benefits, compensatory damages, punitive damages, and attorneys' fees and costs) because of the

---

[2] Currently, Johnson has two surviving Proofs of Claim – Claim Nos. 9440 and 9441. Debtor has moved the Court to disallow and expunge Claim No. 9441 pursuant to its objection of "duplicate and amended." The surviving claim will be Claim No. 9440. For purposes of this Response and Motion, Johnson will reference only Claim No. 9440.

discriminatory and retaliatory actions taken against him by Debtor in violation of Title VII and Section 1981. The automatic stay has prevented Johnson from obtaining a judgment in the District Court and from having the District Court determine an amount certain for his claims. Because of such discriminatory and retaliatory actions, Johnson's individual damages claim for $300,000.00 should not be disallowed or expunged.

14.     The Third Omnibus Claims Objection requests information which has already been provided to Debtor, such as the objecting party's name, address, telephone number, and fax number; a concise statement setting forth all legal and factual reasons that the claim should not be disallowed; and copies of documents supporting such claim. Such information is once again restated below:

    a.    Creditor:

        Freddie L. Johnson
        402 Lois Way
        Carmel, Indiana 46032
        (317)846-6647.

    b.    Represented by Counsel:

        Denise K. LaRue
        Bradley L. Wilson
        HASKIN LAUTER LaRUE & GIBBONS
        255 North Alabama Street
        Indianapolis, Indiana 46204-1239
        Tel. (317)955-9500
        Fax: (317)955-2570.

    c.    Unliquidated Claims Amount: $300,000.00.

    d.    Johnson filed his Complaint and Amended Complaint in the United States District Court for the Southern District of Indiana under Cause Number 1:05-CV-570-SEB-WTL. The action has been stayed due to Debtor's petition for bankruptcy relief.

    e.    The following facts (previously included in the materials submitted with his Proofs of Claim) evidence Johnson's factual and legal bases supporting his claim of unlawful race and sex discrimination and retaliation related to his employment with Debtor:

Johnson had a credited service date with Debtor of twenty-four (24) years and had been employed with Debtor since May 1995. He held the position of Machine Operator at the time of his discharge on April 27, 2005. Johnson was a member of the United Auto Workers ("Union"). Debtor and the Union are parties to a collective bargaining agreement. Johnson's work performance met Debtor's legitimate expectations at all relevant times.

In spite of meeting Debtor's legitimate job expectations, Johnson was subjected to harassing and differing terms and conditions of employment based on his race, gender, and/or in retaliation for having complained of unlawful discrimination. Johnson was subjected to numerous suspensions without pay for varying periods ranging from two weeks to 30 days. Debtor executed the ultimate adverse employment action – termination – against Johnson on April 27, 2005. Debtor took this action against Johnson based on his race and in retaliation for his multiple complaints of unlawful discrimination.

Additionally, Debtor repeatedly denied Johnson overtime and/or docked his pay. Debtor targeted Johnson for such adverse actions based on his race, sex, and/or for having previously engaged in protected activity.

Debtor has accorded more favorable treatment to similarly-situated employees. All reasons proffered by Debtor for adverse actions taken by it regarding Johnson's employment are a pretext for sex- and race-based discrimination and retaliation.

f. Johnson has suffered harm as a result of Debtor's unlawful actions and seeks lost wages and benefits, compensatory damages, punitive damages, and attorneys' fees and costs in the amount of $300,000.00.

g. A *prima facie* case of unlawful retaliation in violation of Title VII and Section 1981[3] can be established by showing the following: (1) he engaged in statutorily-protected conduct; (2) he suffered an adverse action by his employer; and (3) there is a casual link between the protected conduct and the adverse action. *Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 758 (7th Cir. 2006); *Brenner v. Brown*, 36 F.3d 18, 19 (7th Cir. 1994).

h. Johnson may establish a *prima facie* case of unlawful race discrimination under Title VII and Section 1981 and sex discrimination under Title VII by showing: (1) that he is a member of a protected class (African-American and male); (2) that he was performing according to his employer's legitimate expectations; (3) that he suffered an adverse employment action; and (4) that similarly-situated non-African-American and/or female co-workers were

---

[3] Section 1981 discrimination claims are analyzed in the same manner as claims brought pursuant to Title VII of the Civil Rights Act. *Pilditch v. Board of Education of City of Chicago*, 3 F.3d 1113, 1116 (7th Cir. 1993).

treated more favorably. *Burks*, 464 F.3d 744, 750-751 (7th Cir. 2006); *Lenoir v. Roll Coater, Inc.*, 13 F. 3d 1130, 1132 (7th Cir. 1994).

15. A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or right to any equitable remedy." 11 U.S.C. § 101(5). The term "claim" is "sufficiently broad to encompass any possible right to payment." *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 302 (2d Cir.1997). As noted by the Supreme Court, Congress intended the term "claim" to have the broadest possible scope so that "all legal obligations of debtor. . . will be able to be dealt with in a bankruptcy case." *LTV Steel Co. v. Shalala (In re Chateaugay Corp .)*, 53 F.3d 478, 498 (2d Cir.1995).

16. "[A] valid bankruptcy claim depends on (1) whether the claimant possessed a right to payment, and (2) whether that right arose before the filing of the petition." *Id.* at 497. As stated in *Chateaugay*, "[a] claim will be deemed pre-petition when it arises out of a relationship recognized in, for example, the law of contracts or torts." *Id.* For purposes of bankruptcy, a claim arises when "the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation . . . under the relevant non-bankruptcy law." *Goldman, Sachs & Co. v. Esso Virgin Is., Inc. (In re Duplan Corp.)*, 212 F.3d 144, 151 (2d Cir.2000) ( citing *Chateaugay* at 497).

17. Fed.R.Bankr.P. 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The burden of proof is then allocated the following way:

> The burden of proof for claims brought in the bankruptcy court rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. . . . In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the

> objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. . . . The burden of persuasion is always on the claimant.

*In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-174 (3d Cir.1992).

18. Under 11 U.S.C. § 502 (a), a claim is "deemed allowed" unless an objection is filed. Cases interpreting 502 and Fed.R.Bankr.P. 3001(f) have uniformly held that, under these provisions, a party objecting to the claim must present affirmative evidence to overcome the presumptive validity of a properly-filed proof of claim. Only after this has been done does the burden of persuasion shift to the creditor. *In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (D.Del 2001).

19. As demonstrated above, and in the Complaint filed with the Proofs of Claim, Johnson has submitted sufficient documentation and information to show that his claims (Claim No. 9440) are valid and arose before the filing of Debtor's bankruptcy petition. Johnson has properly asserted a right to payment, even though his valid and prepetition claims have not been reduced to judgment or otherwise liquidated. The automatic bankruptcy stay has prevented his ability to prosecute his claims in the District Court, to obtain a judgment in his favor, and to have the District Court determine an amount certain for his claims. Claim No. 9440 should not be disallowed or expunged based on Debtor's erroneous objection that the liabilities and dollar amounts owing to Johnson are not on its books and records.

20. Additionally, Johnson has been precluded from enforcing his federally-protected civil rights due to the filing of this bankruptcy action. His claims should be adjudicated under Title VII and Section 1981 in the United States District Court for the Southern District of Indiana where all

events, circumstances, and witnesses giving rise to his claims against Debtor are predominantly located. Any other conclusion would lead to a waste of valuable time and resources for the Debtor and Johnson when there is already a more appropriate forum in the Southern District of Indiana ready to process and try the case.

21.  Pursuant to 28 U.S.C. 157(b)(5), a United States District Court "shall order that personal injury tort...claims shall be tried...in the district in which the claim arose." Moreover subsection 157(b)(2)(B) provides that "core proceedings" include the allowance or disallowance of claims against the estate "but not the liquidation or estimation of contingent or unliquidated personal injury...claims against the estate for purposes of distribution in a case under Title 11." Johnson's claims are merely related, if not completely unrelated to the bankruptcy proceeding, and, as such, constitute "non-core" issues which the Bankruptcy Court lacks jurisdiction to hear.

22.  Johnson's claims sound in personal injury and, as such, mandate trial by jury in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 157(b)(5). Requiring otherwise would necessitate that the Bankruptcy Court (without a jury) make factual determinations with respect to the merits of his claims. Such factual and credibility determinations are a function of a jury. This is especially so in discrimination and retaliation cases in which significant reliance upon circumstantial evidence is placed.

23.  The Bankruptcy Court may attempt to estimate the claim for purposes of allowance under Section 502(c)(1), but it would be more difficult for the Bankruptcy Court to do so than to terminate, annul, modify, or condition the stay in this action and allow Johnson the right to proceed with his claims in the District Court. The Bankruptcy Court should terminate, annul, modify, or condition the automatic stay imposed in this case by 11 U.S.C. Section 362(a). This action would provide Johnson with the opportunity to pursue his employment discrimination claims against

Debtor in the Southern District of Indiana in order to reduce his claims to judgment in an amount certain.

In the event the Bankruptcy Court deems estimation of the claims more efficient, the estimate of Johnson's claim should be in the amount of $300,000.00, which is an amount to which he is entitled under Title VII and Section 1981 for lost wages and benefits, compensatory damages, punitive damages, and attorneys' fees and costs.

24.    Johnson is entitled to such relief from the automatic stay for "cause" pursuant to subsection 362(d) of the Bankruptcy Code. There exists a strong public policy in favor of resolution of Title VII and Section 1981 claims without undue delay, which resolution outweighs any competing policy served by the automatic stay under the circumstances of this action. Moreover, a United States District Court is a more appropriate forum to first determine non-bankruptcy law issues, such as whether a claim exists, rather than for a Bankruptcy Court to prematurely address threshold bankruptcy law issues. It is also in the interests of "judicial economy" to allow Johnson to pursue his claims in a District Court because there will exist a considerable risk that, after the resolution of this action by the Bankruptcy Court, issues may be revisited. Johnson would be prejudiced by the denial of his entitlement to relief.

25.    In addition, the claim presented by Johnson is capable of liquidation, and such liquidation will not unduly delay the administration of Debtor's estate or any other proceeding.

26.    This Response and Motion are made on grounds that good cause exists for relief from the automatic stay and that no adequate defense has been raised to disallow or expunge Johnson's claims. The Response and Motion have not been brought for purposes of delay or in an attempt to deplete the bankruptcy estate and will not interfere with, prejudice, or be inconsistent with the bankruptcy proceedings in this action.

WHEREFORE, Freddie L. Johnson, by counsel, respectfully files his opposition to the Debtor's disallowance and/or estimation of his claims and requests that the form objection of the Debtor be denied, that the automatic stay lifted in order to permit Johnson to proceed with his action in the United States District Court for the Southern District of Indiana, and that such other just and equitable relief as may be proper under the circumstances be granted.

Respectfully submitted,

Denise K. LaRue, Attorney No. 14877-49
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Claimant/Creditor
Freddie L. Johnson

HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, Indiana 46204
Telephone:   (317)955-9500
Facsimile:    (317)955-2570

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 20th day of November, 2006, by placing a copy of it in the U.S. Mail, postage prepaid, addressed to the following counsel of record:

Bankruptcy Court Clerk:

> Clerk of the Court (Via UPS)
> United States Bankruptcy Court
> Southern District of New York
> One Bowling Green
> New York, New York 10004-1408

United States Bankruptcy Judge:

> Honorable Robert D. Drain
> United States District Court
> Southern District of New York
> One Bowling Green, Room 610
> New York, New York 10004-1408

Debtor:

> Delphi Corporation
> Att'n: General Counsel
> 5725 Delphi Drive
> Troy, Michigan 48098

Counsel to the Debtors:

> Skadden, Arps, Slate Meagher & Flom LLP
> Att'n: John Wm. Butler, Jr.
> 333 West Wacker Drive, Suite 2100
> Chicago, Illinois 60606

Counsel to Agent under Debtors' Prepetition Credit Facility:

> Simpson, Thacher & Bartlett LLP
> Att'n: Kenneth S. Ziman
> 425 Lexington Avenue
> New York, New York 10017

Counsel to Agent under Postpetition Credit Facility:

>    Davis Polk & Wardwell
>    Att'n: Donald Bernstein and Brian Resnick
>    450 Lexington Avenue
>    New York, New York 10017

Counsel to Official Committee of Unsecured Creditors:

>    Latham & Watkins LLP
>    Att'n: Robert J. Rosenberg and Mark A. Broude
>    885 Third Avenue
>    New York, New York 10022

Counsel to Official Committee of Equity Security Holders:

>    Fried, Frank, Harris, Shriver & Jacobson LLP
>    Att'n: Bonnie Steingart
>    One New York Plaza
>    New York, New York 10004

Trustee:

>    Office of the United States Trustee for the
>    Southern District of New York
>    Att'n: Alicia M. Leonard
>    33 Whitehall Street, Suite 2100
>    New York, New York 10004

*[signature]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDDIE L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:05-CV-0570-LJM-WTL |
| | ) |
| DELPHI CORPORATION f/k/a | ) |
| DELPHI AUTOMOTIVE | ) |
| SYSTEMS CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case.

1. Plaintiff, Freddie L. Johnson ("Johnson"), brings this Amended Complaint against Defendant, Delphi Corporation f/k/a Delphi Automotive Systems Corporation ("Defendant"), for its discriminatory actions towards him based on his race, African-American, and sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, and/or in retaliation for having engaged in activities protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and in violation of his race under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

### II. Parties

2. Johnson, an African-American male, is a resident of the State of Indiana who at all times relevant to this lawsuit resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.


EXHIBIT A

### III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1981.

5. Johnson is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Johnson properly exhausted his administrative remedies by timely filing with the Equal Employment Opportunity Commission Charge Nos. 24FA300176 and 24F-2003-00258 against Defendant alleging discrimination based on sex, race and/or retaliation. Johnson received his Notice of Suit Rights less than ninety days prior to filing this action and timely files this action.

8. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV. Factual Allegations

9. Johnson had a credited service date with Defendant of twenty-four (24) years and had been employed with Defendant since May 1995. He held the position of Machine Operator at the time of his discharge on April 27, 2005.

10. At all relevant times, Johnson was a member of the United Auto Workers ("Union") and was a member of a bargaining unit represented by the Union. Defendant and the Union are parties to a collective bargaining agreement ("CBA").

11. At all relevant times, Johnson met or exceeded Defendant's legitimate job expectations.

12. In spite of meeting Defendant's legitimate job expectations, Johnson was subjected to harassing and differing terms and conditions of employment based on his race, gender, and/or in

retaliation for having complained of unlawful discrimination. Johnson was subjected to numerous suspensions without pay for varying periods ranging from two (2) weeks to thirty (30) days.

13.   Defendant executed the ultimate adverse employment action – termination – against Johnson on or about April 27, 2005. Defendant took this action against Johnson based on his race and in retaliation for his multiple complaints of unlawful discrimination.

14.   Similarly-situated employees who are female, non-African-American, and/or who have not previously filed complaints of unlawful discrimination have not similarly been disciplined for having engaged in the same or similar conduct.

15.   Additionally, Defendant repeatedly denied Johnson overtime and/or docked his pay. Defendant targeted Johnson for such adverse actions based on his race, sex, and/or for having previously engaged in protected activity.

16.   Any reasons proffered by Defendant for its adverse treatment of Johnson are pretexts for unlawful discrimination and/or retaliation.

17.   Johnson has suffered harm resulting from Defendant's unlawful actions.

### V. Causes of Action

### Count I - Violation of Title VII - Race Discrimination

18.   Johnson hereby incorporates paragraphs 1-17 of his Complaint, as if the same were set forth at length herein.

19.   Defendant willfully, intentionally, and with malice or reckless disregard of Johnson's rights, engaged in unlawful and discriminatory employment practices because of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

20.   As a direct and proximate result of Defendant's unlawful actions, Johnson has suffered

damages.

### Count II - Violation of Title VII - Sex Discrimination

21. Johnson hereby incorporates paragraphs 1-20 of his Complaint, as if the same were set forth at length herein.

22. Defendant willfully, intentionally, and with malice or reckless disregard of Johnson's rights, engaged in unlawful and discriminatory employment practices because of his sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

23. As a direct and proximate result of Defendant's unlawful actions, Johnson has suffered damages.

### Count III - Violation of Section 1981 - Race Discrimination

24. Johnson hereby incorporates paragraphs 1-23 of his Complaint, as if the same were set forth at length herein.

25. Johnson's employment relationship with Defendant was contractual in nature.

26. Defendant willfully, intentionally, and with malice or reckless disregard of Johnson's rights, engaged in unlawful and discriminatory employment practices because of Johnson's race, African-American, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

27. As a direct and proximate result of Defendant's unlawful actions, Johnson has suffered damages.

### Count IV - Violation of Title VII and Section 1981 - Retaliation

28. Johnson hereby incorporates paragraphs 1-27 of his Complaint, as if the same were set forth at length herein.

29. Defendant willfully, intentionally, and with malice or reckless disregard of Johnson's rights, engaged in unlawful and discriminatory employment practices because Johnson engaged in

protected conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

30.     As a direct and proximate result of Defendant's unlawful actions, Johnson has suffered damages.

## VI. Requested Relief

WHEREFORE, Plaintiff, Freddie Johnson, requests the judgment of this Court against Defendant as follows:

1.      Find and hold that Johnson has suffered from Defendant's acts of race and sex discrimination and/or retaliation and issue a declaratory judgment that Defendant's acts violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

2.      Permanently enjoin Defendant, its officers, agents, employees, and attorneys acting in concert with Defendant from engaging in any employment policy or practice that discriminates against any African-American employee on the basis of their race;

3.      Order that Defendant reinstate Johnson to the same position, pay, and seniority, or pay front pay and benefits to Johnson in lieu of reinstatement;

4.      Award Johnson any and all back pay he would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

5.      Award Johnson compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate him for the damages caused by Defendant's wrongful actions;

6.      Award Johnson punitive damages;

7.      Award Johnson attorneys' fees, litigation expenses, and costs incurred as a result of

this action;

    8.    Award Johnson pre- and post-judgment interest on all sums recoverable; and

    9.    Award any and all other relief as may be just and proper.

    Respectfully submitted,

/s/ Bradley L. Wilson
Denise K. LaRue Attorney No. 14877-49
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Freddie L. Johnson

HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN  46204
Telephone:   (317)955-9500
Facsimile:    (317)955-2570

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Freddie Johnson, by counsel, and demands a trial by jury on all issues deemed so triable.

    Respectfully submitted,

/s/ Bradley L. Wilson
Denise K. LaRue Attorney No. 14877-49
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Freddie L. Johnson

HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN  46204
Telephone:   (317)955-9500
Facsimile:    (317)955-2570

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was electronically filed this 6th day of July, 2005. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent to the following counsel of record by operation of the Court's system:

> Jane Ann Himsel
> WOODEN & MCLAUGHLIN LLP
> One Indiana Square, Suite 1800
> Indianapolis, Indiana 46204-2019

/s/ Bradley L. Wilson