UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DELPHI CORPORATION, et. al. | ) | Chapter 11 |
| | ) | Case No. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**RESPONSE OF CLAIMANT/CREDITOR TERRENCE EVANS TO DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c) AND MOTION TO LIFT STAY**

Claimant/Creditor, Terrence Evans ("Evans"), by counsel, timely files his Response to Debtors' Third Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 ("Third Omnibus Claims Objection") for the reasons stated herein. Pursuant to 11 U.S.C. § 362(d), Evans also moves the Court to order the termination, annulment, modification, or conditioning of the automatic stay imposed in this case by 11 U.S.C. § 362(a) in order for his legal claims to proceed to judgment and for an amount certain for his claims to be determined. Evans states the following in support of his Response and Motion:

1.      On August 10, 2005, Evans filed his Complaint and Demand for Jury Trial ("Complaint") in the United States District Court for the Southern District of Indiana, Cause Number 1:05-CV-1189-RLY-TAB, against Debtor, Delphi Corporation ("Debtor"), alleging retaliation, race discrimination, and age discrimination.[1] Evans sustained damages during his employment in the

---

[1]A copy of the Complaint is attached hereto as Exhibit A.

form of lost wages and benefits, liquidated damages, compensatory damages, punitive damages, and attorneys' fees and costs due to Debtor's violations of his federally-protected civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended, 42 U.S.C. 1981a ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and 29 U.S.C. §§ 621 et. seq. ("ADEA").

2.        Evans served his Complaint on Debtor on or about August 12, 2005.

3.        Debtor and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, on October 8 and 14, 2005.

4.        On October 18, 2005, the United States District Court for the Southern District of Indiana issued an order stating that Evans' action against Debtor was closed administratively, without prejudice, due to Debtor's petition for bankruptcy relief.

5.        Pursuant to 11 U.S.C. § 501, Evans timely filed his first Proof of Claim on October 31, 2005, which Proof of Claim stated that the amount of his claim against Debtor was $300,000. Evans also submitted a copy of his Complaint to the Bankruptcy Court and to Debtor, which Complaint properly set forth the facts necessary to support his claims against Debtor.

6.        This Court then issued a Bar Date Order establishing July 31, 2006, as the last date for all persons and entities holding any claims against Debtor to file a Proof of Claim.

7.        Pursuant to 11 U.S.C. § 501, Evans timely filed his second Proof of Claim on July 13, 2006. With this second Proof of Claim, Evans again submitted a copy of his Complaint and stated that the amount of his claim against Debtor was $300,000.

8.        Both Proofs of Claim set forth the unliquidated amount of Evans' claims – $300,000 – as the allowable amount of the claims upon liquidation of the same.

- 2 -

9.    Evans' current Claim Number is 9451.

10.    The following individuals possess ultimate authority, with the approval of Evans, to reconcile, settle, or otherwise resolve Evans' claims against Debtor:  Denise K. LaRue and Bradley L. Wilson, Haskin Lauter LaRue and Gibbons, 255 North Alabama Street, Indianapolis, Indiana 46204.  The telephone number of Ms. LaRue and Mr. Wilson is (317)955-9500.

11.    On or about October 31, 2006, Debtor moved the Court to disallow or expunge Evans' Claim No. 9451 based on its misplaced objection that Evans' claims were "unsubstantiated." Purportedly, Evans' claims assert liabilities or dollar amounts that the Debtor alleges are not owing pursuant to its books and records.

12.    As noted herein, and contrary to Debtor's assertions, Evans has taken all steps necessary to notify Debtor of his claims against it.  Evans has provided such notice through the filing of the lawsuit against Debtor in the United States District Court in the Southern District of Indiana and the filing of the two Proofs of Claim forms and the attached Complaint with this Court.  Evans has submitted sufficient documentation (e.g., Complaint) substantiating his claims against Debtor. Therefore, Evans' claims against Debtor should not be disallowed or expunged.

13.    During the pendency of this bankruptcy proceeding, Evans has been precluded, pursuant to the bankruptcy automatic stay provision, from prosecuting his claims in the United States District Court in the Southern District of Indiana.  Evans has incurred tangible losses (lost wages and benefits, liquidated damages, compensatory damages, punitive damages, and attorney fees) because of the discriminatory and retaliatory actions taken against him by Debtor in violation of Title VII, the ADEA, and Section 1981.  The automatic stay has prevented Evans from obtaining a judgment in the District Court and from having the District Court determine an amount certain for his claims. Because of such discriminatory and retaliatory actions, Evans' individual damages claim for

- 3 -

$300,000.00 should not be disallowed or expunged.

14.    The Third Omnibus Claims Objection requests information which has already been

provided to Debtor, such as the objecting party's name, address, telephone number, and fax number;

a concise statement setting forth all legal and factual reasons that the claim should not be disallowed;

and copies of documents supporting such claim. As set forth in the preceding and the following

paragraphs, such information is once again restated below:

a.    Creditor:

Terrence Evans
2925 Whitehouse Dr.
Kokomo, Indiana 46902
(765) 453-6698.

b.    Represented by Counsel:

Denise K. LaRue
Bradley L. Wilson
HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, Indiana 46204-1239
Tel. (317) 955-9500
Fax: (317) 955-2570.

c.    Unliquidated Claims Amount: $300,000.00.

d.    Evans filed his Complaint in the United States District Court for the Southern
District of Indiana under Cause Number 1:05-CV-1189-RLY-TAB. The
action has been closed administratively, without prejudice, due to Debtor's
petition for bankruptcy relief.

e.    The following facts (previously included in the materials submitted with his
Proofs of Claim) evidence Evans' factual and legal bases supporting his
claim of unlawful race and age discrimination and retaliation related to his
employment with Debtor:

Evans is an African-American male over the age of forty. Debtor hired
Evans in or about November 1978. Evans' work performance has met
Debtor's legitimate expectations at all relevant times. Debtor promoted
Evans to a "Level 8" position in or about 1995. Evans' job title was
"Hardware Designer."

- 4 -

Prior to his unlawful demotion in or about November 2004, Debtor discriminated against Evans in the area of his compensation. Evans' compensation was not equally comparable to the compensation earned by similarly-situated non-African-American employees. Debtor has denied merit increases to Evans. Debtor has denied Evans the opportunity to transfer to another position in a different department.

Debtor placed Evans on a Performance Improvement Plan ("PIP") in or about May 2004. Evans filed a Charge of Discrimination with the EEOC on or about October 14, 2004.

On or about November 19, 2004, Debtor advised Evans that he would be demoted, effective December 1, 2004. On or about December 1, 2004, Debtor demoted Evans to a position with a lower pay grade. The demotion resulted in a loss of incentive pay and Evans' company vehicle.

Debtor has accorded more favorable treatment to similarly-situated employees who (1) are non-African-American; (2) are substantially younger than Evans; and/or (3) have not engaged in statutorily-protected conduct. Any reasons proffered by Debtor for its adverse treatment of Evans are pretexts for unlawful discrimination and/or retaliation.

f.      Evans has suffered harm as a result of Debtor's unlawful actions and seeks lost wages and benefits, liquidated damages, compensatory damages, punitive damages, and attorneys' fees and costs in the amount of $300,000.00.

g.      A *prima facie* case of unlawful retaliation in violation of Title VII, Section 1981,[2] and the ADEA can be established by showing the following: (1) he engaged in statutorily-protected conduct; (2) he suffered an adverse action by his employer; and (3) there is a casual link between the protected conduct and the adverse action. *Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 758 (7th Cir. 2006); *Brenner v. Brown*, 36 F.3d 18, 19 (7th Cir. 1994).

h.      Evans may establish a *prima facie* case of unlawful race discrimination under Title VII and Section 1981 by showing: (1) that he is a member of a protected class (African-American); (2) that he was performing according to his employer's legitimate expectations; (3) that he suffered an adverse employment action; and (4) that similarly-situated non-African-American co-workers were treated more favorably. *Burks*, 464 F.3d 744, 750-751 (7th Cir. 2006); *Lenoir v. Roll Coater, Inc.*, 13 F. 3d 1130, 1132 (7th Cir. 1994).

i.      Evans may prove a *prima facie* case of unlawful age discrimination under the ADEA by showing: (1) he is a member of a protected class (e.g., 40 or over);

---

[2] Section 1981 discrimination claims are analyzed in the same manner as claims brought pursuant to Title VII of the Civil Rights Act. *Pilditch v. Board of Education of City of Chicago*, 3 F.3d 1113, 1116 (7th Cir. 1993).

(2) he performed reasonably on the job in accord with his employer's legitimate expectations; (3) despite his reasonable performance, he was subjected to an adverse employment action; and (4) similarly-situated employees outside of his protected class were treated more favorably by the employer. *Ptasznik v. St. Joseph Hospital*, 464 F.3d 691, 696 (7th Cir. 2006).

15.    A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or right to any equitable remedy." 11 U.S.C. § 101(5). The term "claim" is "sufficiently broad to encompass any possible right to payment." *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 302 (2d Cir.1997). As noted by the Supreme Court, Congress intended the term "claim" to have the broadest possible scope so that "all legal obligations of debtor. . . will be able to be dealt with in a bankruptcy case." *LTV Steel Co. v. Shalala (In re Chateaugay Corp .)*, 53 F.3d 478, 498 (2d Cir.1995).

16.    "[A] valid bankruptcy claim depends on (1) whether the claimant possessed a right to payment, and (2) whether that right arose before the filing of the petition." *Id.* at 497. As stated in *Chateaugay*, "[a] claim will be deemed pre-petition when it arises out of a relationship recognized in, for example, the law of contracts or torts." *Id.* For purposes of bankruptcy, a claim arises when "the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation . . . under the relevant non-bankruptcy law." *Goldman, Sachs & Co. v. Esso Virgin Is., Inc. ( In re Duplan Corp.)*, 212 F.3d 144, 151 (2d Cir.2000) ( *citing Chateaugay* at 497).

17.    Fed.R.Bankr.P. 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The burden of proof is then allocated the following way:

> The burden of proof for claims brought in the bankruptcy court rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.

- 6 -

> . . . In other words, a claim that alleges facts sufficient to support a
> legal liability to the claimant satisfies the claimant's initial obligation
> to go forward. The burden of going forward then shifts to the
> objector to produce evidence sufficient to negate the prima facie
> validity of the filed claim. It is often said that the objector must
> produce evidence equal in force to the prima facie case. . . . In
> practice, the objector must produce evidence which, if believed,
> would refute at least one of the allegations that is essential to the
> claim's legal sufficiency. If the objector produces sufficient evidence
> to negate one or more of the sworn facts in the proof of claim, the
> burden reverts to the claimant to prove the validity of the claim by a
> preponderance of the evidence. . . . The burden of persuasion is
> always on the claimant.

*In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-174 (3d Cir.1992).

18.    Under 11 U.S.C. § 502 (a), a claim is "deemed allowed" unless an objection is filed.

Cases interpreting 502 and Fed.R.Bankr.P. 3001(f) have uniformly held that, under these provisions,

a party objecting to the claim must present affirmative evidence to overcome the presumptive

validity of a properly-filed proof of claim. Only after this has been done does the burden of

persuasion shift to the creditor. *In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (D.Del 2001).

19.    As demonstrated above, and in the Complaint filed with the Proofs of Claim, Evans

has submitted sufficient documentation and information to show that his claims (Claim No. 9451)

are valid and arose before the filing of Debtor's bankruptcy petition. Evans has properly asserted

a right to payment, even though his valid and prepetition claims have not been reduced to judgment

or otherwise liquidated. The automatic bankruptcy stay has prevented his ability to prosecute his

claims in the District Court, to obtain a judgment in his favor, and to have the District Court

determine an amount certain for his claims. Claim No. 9451 should not be disallowed or expunged

based on Debtor's erroneous objection that the liabilities and dollar amounts owing to Evans are not

on its books and records.

20.    Additionally, Evans has been precluded from enforcing his federally-protected civil

rights due to the filing of this bankruptcy action. Evans' claims should be adjudicated under Title VII, Section 1981, and the ADEA in the United States District Court for the Southern District of Indiana where all events, circumstances, and witnesses giving rise to his claims against Debtor are predominantly located. Any other conclusion would lead to a waste of valuable time and resources for the Debtor and Evans when there is already a more appropriate forum in the Southern District of Indiana ready to process and try the case.

21.    Pursuant to 28 U.S.C. 157(b)(5), a United States District Court "shall order that personal injury tort...claims shall be tried...in the district in which the claim arose." Moreover subsection 157(b)(2)(B) provides that "core proceedings" include the allowance or disallowance of claims against the estate "but not the liquidation or estimation of contingent or unliquidated personal injury...claims against the estate for purposes of distribution in a case under Title 11." Evans' claims are merely related, if not completely unrelated to the bankruptcy proceeding, and, as such, constitute "non-core" issues which the Bankruptcy Court lacks jurisdiction to hear.

22.    Evans' claims sound in personal injury and, as such, mandate trial by jury in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 157(b)(5). Requiring otherwise would necessitate that the Bankruptcy Court (without a jury) make factual determinations with respect to the merits of his claims. Such factual and credibility determinations are a function of a jury. This is especially so in discrimination and retaliation cases in which significant reliance upon circumstantial evidence is placed.

23.    The Bankruptcy Court may attempt to estimate the claim for purposes of allowance under Section 502(c)(1), but it would be more difficult for the Bankruptcy Court to do so than to terminate, annul, modify, or condition the stay in this action and allow Evans the right to proceed with his claims in the District Court. The Bankruptcy Court should terminate, annul, modify, or

condition the automatic stay imposed in this case by 11 U.S.C. Section 362(a). This action would provide Evans with the opportunity to pursue his employment discrimination claims against Debtor in the Southern District of Indiana in order to reduce his claims to judgment in an amount certain.

In the event the Bankruptcy Court deems estimation of the claims more efficient, the estimate of Evans' claim should be in the amount of $300,000.00, which is an amount to which he is entitled under Title VII, the ADEA, and Section 1981 for lost wages and benefits, liquidated damages, compensatory damages, punitive damages, and attorneys' fees and costs.

24.    Evans is entitled to such relief from the automatic stay for "cause" pursuant to subsection 362(d) of the Bankruptcy Code. There exists a strong public policy in favor of resolution of Title VII, ADEA, and Section 1981 claims without undue delay, which resolution outweighs any competing policy served by the automatic stay under the circumstances of this action. Moreover, a United States District Court is a more appropriate forum to first determine non-bankruptcy law issues, such as whether a claim exists, rather than for a Bankruptcy Court to prematurely address threshold bankruptcy law issues. It is also in the interests of "judicial economy" to allow Evans to pursue his claims in a District Court because there will exist a considerable risk that, after the resolution of this action by the Bankruptcy Court, issues may be revisited. Evans would be prejudiced by the denial of his entitlement to relief.

25.    In addition, the claim presented by Evans is capable of liquidation, and such liquidation will not unduly delay the administration of Debtor's estate or any other proceeding.

26.    This Response and Motion are made on grounds that good cause exists for relief from the automatic stay and that no adequate defense has been raised to disallow or expunge Evans' claims. The Response and Motion have not been brought for purposes of delay or in an attempt to deplete the bankruptcy estate and will not interfere with, prejudice, or be inconsistent with the

bankruptcy proceedings in this action.

WHEREFORE, Terrence Evans, by counsel, respectfully files his opposition to the Debtor's

disallowance and/or estimation of his claims and requests that the form objection of the Debtor be

denied, that the automatic stay lifted in order to permit Evans to proceed with his action in the

United States District Court for the Southern District of Indiana, and that such other just and

equitable relief as may be proper under the circumstances be granted.

Respectfully submitted,

Denise K. LaRue, Attorney No. 14877-49
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Creditor
Terrence Evans

HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, Indiana 46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570

- 10 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 20th day of November, 2006, by placing a copy of it in the U.S. Mail, postage prepaid, addressed to the following counsel of record:

Bankruptcy Court Clerk:

Clerk of the Court (Via UPS)
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

United States Bankruptcy Judge:

Honorable Robert D. Drain
United States District Court
Southern District of New York
One Bowling Green, Room 610
New York, New York 10004-1408

Debtor:

Delphi Corporation
Att'n: General Counsel
5725 Delphi Drive
Troy, Michigan 48098

Counsel to the Debtors:

Skadden, Arps, Slate Meagher & Flom LLP
Att'n: John Wm. Butler, Jr.
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Counsel to Agent under Debtors' Prepetition Credit Facility:

Simpson, Thacher & Bartlett LLP
Att'n: Kenneth S. Ziman
425 Lexington Avenue
New York, New York 10017

- 11 -

Counsel to Agent under Postpetition Credit Facility:

> Davis Polk & Wardwell
> Att'n: Donald Bernstein and Brian Resnick
> 450 Lexington Avenue
> New York, New York 10017

Counsel to Official Committee of Unsecured Creditors:

> Latham & Watkins LLP
> Att'n: Robert J. Rosenberg and Mark A. Broude
> 885 Third Avenue
> New York, New York 10022

Counsel to Official Committee of Equity Security Holders:

> Fried, Frank, Harris, Shriver & Jacobson LLP
> Att'n: Bonnie Steingart
> One New York Plaza
> New York, New York 10004

Trustee:

> Office of the United States Trustee for the
> Southern District of New York
> Att'n: Alicia M. Leonard
> 33 Whitehall Street, Suite 2100
> New York, New York 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2005 AUG 10 PM 3: 48

SOUT...
OF INDIANA
LAURA A. BRIGGS
CLERK

TERRENCE EVANS,                         )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  ) CAUSE NO:
                                        )
DELPHI CORPORATION f/k/a                )
DELPHI AUTOMOTIVE                       )  **1:05-cv-1189-RLY-TAB**
SYSTEMS CORPORATION,                    )
                                        )
        Defendant.                      )
                                        )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Plaintiff, Terrence Evans ("Evans"), brings this action against Defendant, Delphi

Corporation f/k/a Delphi Automotive Systems Corporation ("Defendant"), for unlawfully violating

his rights as protected by the Age Discrimination in Employment Act ("ADEA"); Title VII of the

Civil Rights Act of 1964 ("Title VII"); and 42 U.S.C. § 1981 ("Section 1981"). Evans specifically

asserts that Defendant has discriminated against him based on his race and age and retaliated against

him for engaging in statutorily-protected conduct.

### PARTIES

2.      Evans has resided within the Southern District of Indiana at all relevant times.

3.      Defendant is a corporation doing business within the Southern District of Indiana.

### JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. §

626(c), and 42 U.S.C. § 1981.

5.      Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C.

§ 630(b).

6.      Evans is an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C.



§ 630(f).

7.    Evans satisfied his obligations to exhaust his administrative remedies, having timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission. Evans received his "Dismissal and Notice of Rights" and now timely files his Complaint with the Court.

8.    All facts, events, and transactions giving rise to this lawsuit occurred within the Southern District of Indiana. Venue is, therefore, proper in this Court.

## FACTUAL ALLEGATIONS

9.    Evans is an African-American male who was born on January 6, 1953.

10.    Defendant hired Evans in or about November 1978.

11.    Evans' work performance has met Defendant's legitimate expectations at all relevant times.

12.    Defendant promoted Evans to a "Level 8" position in or about 1995. Evans' job title was "Hardware Designer."

13.    Prior to his unlawful demotion in or about November 2004, Defendant discriminated against Evans in the area of his compensation. Evans' compensation was not equally comparable to the compensation earned by similarly-situated non-African-American employees.

14.    Defendant has denied merit increases to Evans.

15.    Defendant has denied Evans the opportunity to transfer to another position in a different department.

16.    Defendant placed Evans on a Performance Improvement Plan ("PIP") in or about May 2004.

17.    Evans filed a Charge of Discrimination with the EEOC on or about October 14, 2004.

18.    On or about November 19, 2004, Defendant advised Evans that he would be demoted,

- 2 -

effective December 1, 2004.

19.    On or about December 1, 2004, Defendant demoted Evans to a position with a lower pay grade. The demotion resulted in a loss of incentive pay and Evans' company vehicle.

20.    Defendant has accorded more favorable treatment to similarly-situated employees who (1) are non-African-American; (2) are substantially younger than Evans; and/or (3) have not engaged in statutorily-protected conduct.

21.    Any reasons proffered by Defendant for its adverse treatment of Evans are pretexts for unlawful discrimination and/or retaliation.

22.    Evans has suffered harm as a result of Defendant's unlawful actions.

**COUNT I**

**RACE DISCRIMINATION – TITLE VII**

23.    Evans hereby incorporates paragraphs 1-22 of his Complaint.

24.    Defendant's unlawful actions were intentional, willful, and taken in reckless disregard of Evans' rights as protected by Title VII.

**COUNT II**

**RACE DISCRIMINATION – SECTION 1981**

25.    Evans hereby incorporates paragraphs 1-24 of his Complaint.

26.    Evans has an employment relationship with Defendant that is contractual in nature.

27.    Defendant's unlawful actions were intentional, willful, and taken in reckless disregard of Evans' rights as protected by Section 1981.

**COUNT III**

**RETALIATION – TITLE VII**

28.    Evans hereby incorporates paragraphs 1-27 of his Complaint.

- 3 -

29.   Defendant's unlawful actions were intentional, willful, and taken in reckless disregard of Evans' rights as protected by Title VII.

## COUNT IV

### RETALIATION – SECTION 1981

30.   Evans hereby incorporates paragraphs 1-29 of his Complaint.

31.   Evans has an employment relationship with Defendant that is contractual in nature.

32.   Defendant's unlawful actions were intentional, willful, and taken in reckless disregard of Evans' rights as protected by Section 1981.

## COUNT V

### ADEA – AGE DISCRIMINATION

33.   Evans hereby incorporates paragraphs 1-32 of his Complaint.

34.   Defendant's unlawful actions were intentional, willful, and taken in reckless disregard of Evans' rights as protected by the ADEA.

## COUNT VI

### ADEA – RETALIATION

35.   Evans hereby incorporates paragraphs 1-34 of his Complaint.

36.   Defendant's unlawful actions were intentional, willful, and taken in reckless disregard of Evans' rights as protected by the ADEA.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Terrence Evans, by counsel, respectfully requests that this Court find for him and order that:

1.   Defendant restore Evans to his former Level 8 position with uninterrupted pay and benefit status, or pay front pay and benefits to him in lieu of restoration to the Level 8 position;

– 4 –

2.    Defendant pay all merit increases due and owing to Evans;

3.    Defendant pay lost wages and benefits to Evans;

4.    Defendant pay compensatory and punitive damages to Evans;

5.    Defendant pay liquidated damages to Evans;

6.    Defendant pay pre- and post-judgment interest to Evans;

7.    Defendant pay Evans' attorneys' fees and costs incurred in litigating this action; and

8.    Defendant pay to Evans any and all other legal and/or equitable damages that this

Court determines appropriate and just to grant.

Respectfully submitted,

Denise K. LaRue Attorney No. 14877-49
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Terrence Evans

HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN 46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570

— 5 —

## DEMAND FOR JURY TRIAL

Plaintiff, Terrence Evans, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

Denise K. LaRue Attorney No. 14877-49
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Terrence Evans

HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN  46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570