**United States Bankruptcy Court**
**Southern District of New York**

| In re | Chapter 11 |
|---|---|
| Delphi Corporation, et, al., | Case No. 05-44481 (RDD) |
| Debtors | (Jointly Administered) |

**Third Omnibus Claims Objection**

**Response to Objection of Claim**

Debtor:
Delphi Corporation
Chapter 11
Case Number: 05-44481

Claimant, address for reply, person with authority to settle or resolve this claim:
Deykes, Douglas
1321 Kennebec Court
Canton MI 48187
Cellular telephone: US 248-761-2092

Claim # 13411
Claim Amount: $8,588.00

Description of claim
I am writing this response to the objection of a claim I filed in the referenced case. The objection documentation states my claim is unsubstantiated and that unsubstantiated claims are those claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Since my claim is based on the loss I incurred as a result of Delphi's inaction, I doubt they would have recorded it on their books or records. Additionally, it is not the practice of corporations, nor is it GAAP, to record in their books and records the losses others incurred as a result of their inaction until they have agreed to make payment. Consequently, I find the basis for the objection to be without merit, fallacious and illogical.

The facts of the claim are as follows.

My claim is based on ownership of Delphi equity securities and associated losses due to the decline in value of the securities and based on management's specific actions and inactions. As an employee of Delphi's Internal Audit Department I participated in the internal and subsequent investigation of management's actions which have since resulted in civil fraud charges against several former or current management personnel. I, along with other employees involved in the investigation, was notified by Marjorie Harris Loeb of Delphi's Legal Staff that I was deemed an insider and was barred from executing any securities transactions without the explicit approval of the Delphi Legal Staff. During this time the value of the securities declined.

In March of 2005, I terminated my employment with Delphi. I gave notice of my intent to separate from the company to management in early February and shortly thereafter I inquired with Ms. Loeb of Delphi's Legal staff as to whether the prohibition to sell securities still applied to me. Ms. Loeb was unresponsive to my inquiries. This left me in a situation where I was barred from selling the securities while the value continued to decline and without guidance or response from Delphi's Legal Staff. Eventually, I unilaterally decided the withholding of a response was unreasonable and to sell my stock. From the time of my separation until I sold the securities the underlying value of the securities declined further.

The average daily trading value per share of the stock on February 7, 2005, when I initially requested authorization to sell the stock, was $7.54. On the date of the sale, I received $3.02 per share for the 1,900 shares of stock I owned. The resultant loss in this time period is $8,588 and is the specific amount of my claim. This loss is in addition to the loss in value from my original purchase price and is due entirely to Ms. Loeb unreasonably withholding a response to my inquiries.