UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.<br><br>Debtors. | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

### RESPONSE IN OPPOSITION TO DEBTOR'S THIRD OMNIBUS OBJECTION TO CLAIM OF DONNA L. WILSON [NO. 12083]

NOW COMES Creditor, Donna L. Wilson, by and through her attorney, Thomas C. Wimsatt, and responds in opposition to Debtors' Third Omnibus Objection to Claim of Donna L. Wilson [No. 12083], as follows.

1. The claimant is Donna Wilson. Ms. Wilson is the plaintiff in a lawsuit against Debtors filed in the Circuit Court of Saginaw County, Michigan, Docket No. 04-54594-NZ-5. This lawsuit was filed November 17, 2004, seeking damages in the amount of $250,000.00, plus judgment interest, statutory costs and case evaluation sanctions, if successful. In Ms. Wilson's lawsuit, she claims that Debtor, acting through its agents, discriminated against Ms. Wilson based on race in violation of Michigan law, to wit, the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*, MSA 3.548(101), *et seq.*, and the Bullard-Plawecki Employee Right to Know Act, MCL 423.501, *et seq.*, MSA 17.62, *et seq.*, and violation of the common law of the State of Michigan. (See copy of Summons, Complaint, and Jury Demand, attached hereto.)

2. That Ms. Wilson's lawsuit has been stayed pursuant to 11 U.S.C. Section 362.

3. Debtor's objection to Ms. Wilson's claim should be disallowed because litigation was at the time that Debtors filed for Chapter 11 relief, and, therefore, trial, which had been scheduled, did not occur. Ms. Wilson cannot liquidate her claim to a sum certain due to the automatic

stay. Ms. Wilson contemplates filing a motion to lift the automatic stay, allowing her to proceed with her lawsuit, after which she will file an Amended Proof of Claim.

4. It is believed that Ms. Wilson will be successful in her litigation against Debtor in the amount of $250,000.00.

6. Ms. Wilson's attorney is Thomas C. Wimsatt, 715 Court Street, Saginaw, Michigan 48602 (989) 799-2111.

Respectfully submitted,

MAHLBERG, BRANDT, GILBERT
THOMPSON & BOMMARITO

November 21, 2006         By: _____
                              THOMAS C. WIMSATT
                              Attorney for Donna Wilson

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | | CASE NO. |
|---|---|---|---|
| | JUDICIAL DISTRICT | SUMMONS AND COMPLAINT | 04 54594 N25 |
| 10th | JUDICIAL CIRCUIT | | Judge: |
| | COUNTY PROBATE | | |

Court address    111 South Michigan, Saginaw, MI 48602    Court Telephone no.    (989) 790-5542

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| DONNA R. WILSON<br>3220 Murrayhill Drive<br>Saginaw, MI 48601<br>(989) 777-7116 | v | DELPHI CORPORATION<br>5825 Delphi Drive<br>Troy, MI 48098 |

Plaintiff attorney, bar no., address, and telephone no.
THOMAS C. WIMSATT (P31971)
5525 Colony Drive North
P.O. Box 6128
Saginaw, MI 48608-6128
(989) 790-0000

**SUMMONS | NOTICE TO THE DEFENDANT:**    In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| NOV 1 7 2004 | FEB 1 7 2005 | Susan Kattenbach |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assissgned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assissgned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| County of Saginaw, State of Michigan | County of Oakland, State of Michigan |

| Place where action arose or business conducted |
|---|
| County of Saginaw, State of Michigan |

11/12/04
Date                                    Signature of attorney/plaintiff    THOMAS C. WIMSATT (P31971)

If you require special accommodations to use the court because of disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01    (6/04)    SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

| | |
|---|---|
| DONNA R. WILSON,<br><br>    Plaintiff,<br><br>vs<br><br>DELPHI CORPORATION,<br><br>    Defendant. | Case. No. 04 54594 NZ5<br><br>HON. **Leopold P. Borrello**<br>(P11023) |



**PREPARED BY:**
THOMAS C. WIMSATT   (P31971)
CHAKLOS, JUNGERHELD, HAHN
  & WASHBURN, P.C.
Attorney for Plaintiff
P.O. Box 6128
Saginaw, MI 48608-6128
(989) 790-0000

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

### JURISDICTION AND PARTIES

1.   This is an action for race discrimination pursuant to the Michigan Elliott-Larson Civil Rights Act, MCL 37.2101 et seq., MSA 3.548(101) et seq., intentional violation of the Bullard-Plawecki Employee Right to Know Act, MCL 423.501, et seq; MSA 17.62, et seq, and violation of the common law of the State of Michigan.

2. Plaintiff is a resident of Saginaw County, Michigan.

3. Defendant is a foreign corporation doing business in Saginaw County, Michigan.

4. The events giving rise to this cause of action occurred in Saginaw County, Michigan.

5. The amount in controversy exceeds twenty-five thousand dollars ($25,000.00), exclusive of interest, costs, and attorney fees.

## BACKGROUND FACTS

6. Plaintiff began her employment with Defendant on about 1999, as a machine operator.

7. Over the twenty-eight (28) plus years of her employment with Defendant and its predecessor, General Motors Corporation, Plaintiff has served in a variety of positions, including stacker truck driver, emergency relief, column repairwoman, etc.

8. At all times material to the instant cause, Plaintiff was a machine operator in Plant 6, Department 32.

9. During Plaintiff's employment with Defendant, and its predecessor, Plaintiff's work performance was always satisfactory or better.

10. On March 8, 2004, the Plaintiff was scheduled to start on "B" shift, transferring to "B" shift from "A" shift.

11. Instead, on March 8, 2004, Plaintiff was off work, treating with her physician for an infection in her right breast.

- 2 -

12. Unknown to the Plaintiff, eight (8) African Americans on Plaintiff's new shift missed work on March 8, 2004, in what was described by Defendant as a "planned, organized work stoppage" over the firing the previous week of these worker's supervisor, an African American.

13. The individual fired, Mr. Thomas Gibson, was not the Plaintiff's supervisor and was barely known to the Plaintiff.

14. As stated, the Plaintiff called in sick on March 8, 2004, saw her doctor and, after she returned to her home, she went to bed as instructed by her doctor.

15. While sleeping, a Plant 6 floorperson, Leigh Ochoa, called Plaintiff's home and left a message to the effect that the Plaintiff's absence had been grouped with the absences of eight (8) other employees who were absent on March 8, 2004, and was being regarded as participation in an illegal work stoppage.

16. In her message, Leigh Ochoa informed the Plaintiff that she would talk with the Plaintiff the following day if the Plaintiff were unable to come into work on March 8, 2004.

17. No such conversation ever occurred.

18. On March 9, 2004, the Plaintiff explained to the plant superintendent that she missed work in order to treat with her family physician and she provided a doctor's certificate excusing her from work on March 8, 2004.

19. After the doctor's certificate excusing Plaintiff from work was provided to the plant superintendent, the Plaintiff was dismissed from work and was sent out of the room "pending further investigation".

20. Discipline described below then summarily imposed upon the Plaintiff.

21. This alleged illegal work stoppage in which the Plaintiff was accused of participating involved only African American employees on "B" shift.

22. Although the Plaintiff is African American, she did not participate in any work stoppage in protest of the firing of Mr. Gibson.

23. On March 9, 2004, Plaintiff was disciplined effective March 9, 2004, as follows:

    a.    Plaintiff was written up for an alleged illegal work stoppage on March 8, 2004, (which was then and is now expressly denied as untrue);

    b.    Plaintiff was placed off work, without pay, for two (2) weeks (03/09/04-03/22/04);

    c.    Plaintiff was removed from her job as machine operator and stripped of her seniority in that position;

    d.    Plaintiff was relegated to working on the line in Plant 6, without overtime;

    e.    Plaintiff was moved from job to job over the next three (3) months;

    f.    Although Plaintiff was qualified to be a machine operator, she was precluded from working in positions operating machines during the three (3) month period from 03/09/04 until 06/09/04;

- 4 -

        g.     Plaintiff remained on administrative probation for six (6) months from 03/09/04 until 09/09/04.

24. Before she was disciplined, Plaintiff had never been warned for taking personal days and/or calling in sick and missing work due to doctor's appointments.

25. After she was disciplined, Plaintiff was warned with five day letters on two (2) different occasions for taking a personal day and for calling in sick and missing work when she visited her doctor's office.

26. After being disciplined, the Plaintiff's income (including overtime) decreased by approximately 40%.

27. After being disciplined, the Plaintiff's overtime hours dropped to nothing initially; only recently has the Plaintiff been allowed overtime.

28. Subsequent to her disciplining, the Plaintiff twice requested in writing her personnel file pursuant to the **Bullard-Plawecki Employee Right to Know Act, MCL 423.501, et seq; MSA 17.62, et seq.**

29. Her requests were directed to the Director of Human Resources at Delphi Steering Systems, 3900 Holland Road, Saginaw, Michigan on May 28, 2004, and July 1, 2004.

30. The requests included an authorization for release of employment/personnel records.

- 5 -

31. As of the date of the filing of this lawsuit, Defendant has failed/refused to provide the Plaintiff with her personnel file pursuant to the **Bullard-Plawecki Employee Right to Know Act**.

32. In the days, weeks, and months following her disciplining, the Plaintiff has been closely monitored and repeatedly warned about her performance by her supervisors.

## COUNT I - RACE DISCRIMINATION

33. Plaintiff, Donna R. Wilson, hereby incorporates the allegations contained in paragraphs 1 through 32, supra, inclusive, of the Complaint as if herein stated word for word.

34. At times material, Plaintiff was an employee and Defendant was her employer covered by and within the meaning of the Michigan **Elliott-Larson Civil Rights Act, MCL 37.2101, et seq.; MSA 3.548(101), et seq.**

35. Plaintiff's race (African American) was at least a factor that made a difference in Defendant's decision to discipline her by putting her off work for two (2) weeks, removing her from her position, stripping her of her seniority associated with that position, etc.

36. Had Plaintiff been white, she would not have been disciplined for taking a personal day to visit her doctor and obtaining treatment for an infection in her right breast.

- 6 -

37. Defendant, through its agents, representatives, and employees was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

38. In the alternative, Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly-situated white employees in the terms and conditions of employment, based on unlawful consideration of race.

39. Defendant's actions were racist and in disregard of Plaintiff's rights and sensibilities.

40. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation and embarrassment; mental and emotional distress; and loss of dignity and ordinary pleasures of everyday life including the right to pursue gainful employment of choice.

## COUNT II VIOLATION OF BULLARD-PLAWECKI EMPLOYEE RIGHT TO KNOW ACT

41. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 40, supra, inclusive, of the Complaint as if herein stated word for word.

42. At all times material, Plaintiff was an employee and Defendant was her employer covered by and within the meaning of the

- 7 -

Bullard-Plawecki Employee Right to Know Act, MCL 423.501, et seq; MSA 17.62, et seq.

43. Although Plaintiff requested that Defendant provide her with her personnel file pursuant to the Act, such request having been made in writing on two (2) different occasions, Defendant failed/refused to provide such personnel file.

44. Defendant, through its agents, representatives, and employees was predisposed to violate Plaintiff's statutory right to have her personnel file provided to her.

45. Defendant's actions were intentional in disregard of Plaintiff's legally-protected rights.

46. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation and embarrassment; mental and emotion distress; and loss of ordinary pleasures of everyday life including the right to pursue gainful employment of choice.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant, as follows:

(1) Compensatory damages in whatever amount above twenty-five thousand dollars ($25,000.00) Plaintiff is found to be entitled.

(2) Exemplary damages in whatever amount Plaintiff is found to be entitled.

(3) An award of lost wages and the value of the Plaintiff's lost performance bonus.

- 8 -

(4) An award of interest, costs, and reasonable attorney fees.

(5) An order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation.

(6) An order reinstating Plaintiff to the position (or its equivalent) she would have held if Defendant had not discriminated against her with full restoration of her seniority for that position.

(7) An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Respectfully submitted,

_____
THOMAS C. WIMSATT (P31971)
Attorney for Plaintiff
P.O. Box 6128
Saginaw, MI 48608-6128
(989) 790-0000


_____
DONNA R. WILSON, Plaintiff

Dated: 11/11/2004

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as disclosed on the pleadings on the 12th day of November, 2004.

BY: X U.S. Mail        ___ Fax
    ___ Hand Delivered  ___ Other
    ___ Overnight Courier

Signature: _____
HEATHER R. KNIEPER

M:\COREL\tcw\Wilson\Wilson.004-Pla Complaint-hrk

- 9 -

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

DONNA R. WILSON,   )   Case. No.
                   )
      Plaintiff,   )   HON.  04 54594 NZ5
                   )
vs                 )
                   )   Leopold P. Borrello
DELPHI CORPORATION,)   (P11023)
                   )
      Defendant.   )



*A TRUE COPY*
Susan Kaltenbach, Clerk

**PREPARED BY:**
THOMAS C. WIMSATT   (P31971)
CHAKLOS, JUNGERHELD, HAHN
 & WASHBURN, P.C.
Attorney for Plaintiff
P.O. Box 6128
Saginaw, MI 48608-6128
(989) 790-0000

## JURY DEMAND

NOW COMES Plaintiff, DONNA R. WILSON, by and through her attorneys, THOMAS C. WIMSATT of CHAKLOS, JUNGERHELD, HAHN & WASHBURN, P.C., and hereby demand a trial by jury of this matter.

Respectfully submitted,

_____
THOMAS C. WIMSATT   (P31971)
Attorney for Plaintiff
P.O. Box 6128
Saginaw, MI 48608-6128
(989) 790-0000

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as disclosed on the pleadings on the 12th day of November, 2004.

BY:  _X_ U.S. Mail          ___ Fax
     ___ Hand Delivered     ___ Other
     ___ Overnight Courier

Signature: _____
           HEATHER R. KNIEPER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.<br><br>Debtors. | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

### PROOF OF SERVICE

The undersigned certifies that a true copy of the following documents was served upon those in the attached list via overnight delivery on November 21, 2006:

(1) Response in Opposition to Debtor's Third Omnibus Objection to Claim of Donna L. Wilson [No. 12083]; and
(2) Amended Proof of Claim

I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

/Thomas C. Wimsatt

Honorable Robert D. Drain
United States Bankruptcy Judge
for the Southern District of New York
One Bowling Green, Room 610
New York, NY 10004

Delphi Corporation
Attn. General Counsel
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn. John Wm. Butler, Jr.
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Simpson Thacher & Bartlett, LLP
Attn. Kenneth S. Ziman
425 Lexington Avenue
New York, NY 10017

Davis Polk & Wardwell
Attn. Donald Bernstein and Brian Resnick
450 Lexington Avenue
New York, NY 10017

Latham & Watkins LLP
Attn. Robert J. Rosenberg & Mark A. Broude
885 Third Avenue
New York, NY 10022

Fried, Frank, Harris, Shriver & Jacobson LLP
Attn. Bonnie Steingart
One New York Plaza
New York, NY 10004

Office of the United States Trustee
for the Southern District of New York
Attn. Alicia M. Leonhard
33 Whitehall Street, Suite 2100
New York, NY 10004