7010 Cranwood Drive
Flint, MI 48505
Tel: 810.787.3150
Cell: 810.922.0308


November 21, 2006


To: Office of the Comptroller of the Currency
    Customer Assistance Group
    1301 McKinney Street, Suite 3450
    Houston, TX 77010-9050
    Fax: 1.713.336.4301

    CONGRESSIONAL BLACK CAUCAS
    c/o The Chairman and the 42 members
    1720 Massachusetts Avenue
    Washington DC 20036
    Tel: 202.226.9776
    Fax: 202.225.1512

    Robert D. Drain, Judge
    U.S. Bankruptcy Court for the
    Southern District of New York
    One Bowling Green, Room 610
    New York, NY 10004

    Clerk of the Court
    U.S. Bankruptcy Court for the
    Southern District of New York
    One Bowling Green
    New York, NY 10004

    Kimba Wood, Chief Judge
    U.S. District Court for the
    Southern District of New York
    500 Pearl Street
    New York, NY 10007

    David M. Walker
    Comptroller General
    441 G Street, NW
    Washington DC 20548



    Re: COMPLAINT NO. 664144 and out of control seditious
        and subversive overthrowing of Article 1, Section
        8 of the United States Constitution; Acts of Congress
        authorized by: 31 CFR Part 210; Title 31 USC §§ 1304
        (a) (1), 3326, 3333, 3335, 3522 (b) (2) and (4), 3526,
        3727; Title 11 USC §§ 101 (5) (A) and (B), (54): 105
        (c) and (d) (1): 301; 502 (a): Federal Rules of
        Bankruptcy Procedure, Rules 3001 (a), (e) (4) and (f):
        3003 (c) (4); Title 28 USC §§ 102 (a) (1), 112 (b),
        151, 157 (a): Federal Rules of Civil Procedure Rules

- 2 -

1, 2 et seq., 11 et seq., malicious prosecutions and
abuse of process etc.), the Fifth and Fourteenth
Amendments of the Bill of Rights to the U.S. Constitution
etc.

Greetings United States officers, agencies and agents:

The enclosed legal documents gave the local branch of JPMorgan
Chase Bank N.A. lawful Notification that Check # 104 was being
submitted as a Uniform Commercial Code complied with payment order
relating to the Guaranteed Agreement that JPMorgan Chase had made with
the Delphi Corporation to pay "ALL" the obligations of "ALL" the
debtors et al., claims in the U.S. Bankruptcy Court for the Southern
District of New York in Case No. 05-44481 (RDD).

Check # 104 was "NOT" paid, was "NOT" credited or deposited into
this account and the account was illegally closed about October 27,
2006, in retaliation for seeking this payment procedure on the debt
which has been past due since October 8, 2005, for more than one year!

What has JPMorgan Chase Bank done with this property that Legally
belongs to Lafonza Earl Washington?

Check # 104 was presented for a two-party payment on October 23,
2006, and the account had "NOT" been discriminatingly closed under
color of law on this date.

It is further alleged to the OCC, the CBC et al., that certain
bank frauding officers etc., at JPMorgan etc., "HAS" processed or "WILL"
process this check thru the Automatic Clearinghouse System if it is
"NOT" physically returned!

Each of the above-cited enactments by the Congress have been
violated against this citizen and the "UNAUTHORIZED" corporate acts of
Chase etc., "WILL" or "HAVE" already processed this check for payment
of $1,059,547,329.00, based on the bank being a Federal depositary and
the check is drawn on the account of the Department of the Treasury
-FMS.

A Congressional hearing is demanded against all the parties who
are obstructing justice, interfering with this payment, and overthrowing
the United States bankruptcy system herein.  Please exercise your
office "VESTED" powers to immediately assist in getting this check
returned and/or paid.  Thank you.

In Truth, Righteousness & Peace,

*Earl Washington*

Earl Washington



THE ONLINE HOME FOR THE
# CONGRESSIONAL BLACK CAUCUS
*of the 109th United States Congress.*

## "The Conscience of Congress since 1969"

| HOME | OFFICERS/MEMBERS | CBC HISTORY | PRESS RELEASES | FLOOR SPEECHES | PR |

**Recent CBC Headlines**

Edolphus Towns to Deliver Weekly CBC "Message To America"

9/28/2006
CBC Members Urge Secretary of State Rice to Push Bush Administration to Take Immediate Action on Darfur

9/22/2006
U.S. Representative Bennie G. Thompson to Deliver Weekly CBC "Message To America"

9/15/2006
U.S. Representative Robert C. Scott to Deliver Weekly CBC "Message To America"

**for complete headline listings click here**

Congressional Black Caucus
2236 Rayburn Building
Washington, DC 20515
phone: 202-226-9776
fax: 202-225-1512

## CBC MEMBERS

### Committee Membership | CBC States
### Printable List of CBC Members and Contact Information

## OFFICERS

| Member of Congress | State |
| --- | --- |
| Rep. Melvin L. Watt<br>Chair | North Carolina |
| Rep. Corrine Brown<br>Vice-Chair | Florida |
| Rep. Carolyn Kilpatrick<br>Second Vice-Chair | Michigan |
| Rep. Danny K. Davis<br>Secretary | Illinois |
| Rep. Barbara Lee<br>Whip | California |

## MEMBERS

| Members of Congress | State |
| --- | --- |
| Rep. Sanford D. Bishop, Jr. | Georgia |
| Rep. G.K. Butterfield | North Carolina |
| Rep. Julia M. Carson | Indiana |
| Rep. Donna M. Christian-Christensen | Virgin Islands |
| Rep. William L. Clay, Jr. | Missouri |
| Rep. Emanuel Cleaver, II | Missouri |
| Rep. James E. Clyburn | South Carolina |
| Rep. John Conyers, Jr. (founding member) | Michigan |
| Rep. Elijah E. Cummings | Maryland |
| Rep. Artur Davis | Alabama |

Congressional Black Caucus Doc 5863    Filed 11/27/06    Entered 11/28/06 12:05:39    Main Document

| | |
|---|---|
| Rep. Chaka Fattah | **Pennsylvania** |
| Rep. Harold E. Ford, Jr. | **Tennessee** |
| Rep. Al Green | **Texas** |
| Rep. Alcee L. Hastings | **Florida** |
| Rep. Jesse L. Jackson, Jr. | **Illinois** |
| Rep. Sheila Jackson Lee | **Texas** |
| Rep. William J. Jefferson | **Louisiana** |
| Rep. Eddie Bernice Johnson | **Texas** |
| Rep. Stephanie Tubbs Jones | **Ohio** |
| Rep. John Lewis | **Georgia** |
| Rep. Cynthia McKinney | **Georgia** |
| Rep. Kendrick Meek | **Florida** |
| Rep. Gregory W. Meeks | **New York** |
| Rep. Juanita Millender-McDonald | **California** |
| Rep. Gwen Moore | **Wisconsin** |
| Rep. Eleanor Holmes Norton | **Washington, D.C.** |
| Sen. Barack Obama | **Illinois** |
| Rep. Major R. Owens | **New York** |
| Rep. Donald M. Payne | **New Jersey** |
| Rep. Charles B. Rangel (founding member) | **New York** |
| Rep. Bobby L. Rush | **Illinois** |
| Rep. David Scott | **Georgia** |
| Rep. Robert C. Scott | **Virginia** |
| Rep. Bennie G. Thompson | **Mississippi** |
| Rep. Edolphus Towns | **New York** |
| Rep. Maxine Waters | **California** |
| Rep. Diane E. Watson | **California** |
| Rep. Melvin L. Watt | **North Carolina** |
| Rep. Albert R. Wynn | **Maryland** |

***Return to Top***

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
                              )
IN RE                         )   CHAPTER 11
                              )
DELPHI CORPORATION, et al.,   )   CASE NO. 05-44481 (RDD)
                              )
                  Debtors.    )   (JOINTLY ADMINISTERED)
                              )   CLAIM NO'S. 257; 264; 288; 297.
```

**AFFIDAVIT**
SUPPORTING MOTION FOR ENTRY OF ORDER TO STRIKE
DEBTORS ET AL., 'NOTICE OF OBJECTION TO CLAIM',
'THIRD OMNIBUS CLAIMS OBJECTION', 'CLAIM
OBJECTION AND ESTIMATION PROCEDURES MOTION' AS
WELL AS ALL OTHER NON-COURT ORDERED, NON-CLERK
OF THE COURT SERVED ORDERS FOR RESPONSES
INCLUDING ALL RELATED DOCUMENTS IN THIS CASE
EXCEPT THE DEBTORS ET AL., VOLUNTARY PETITION,
THIS CREDITOR'S PROOFS OF CLAIMS, THE HUMAN
CAPITAL OBLIGATIONS AND CASH MANAGEMENT ORDERS
IN RELATION TO JUDGMENT/ORDER CREDITOR LAFONZA
EARL WASHINGTON!

**STATE OF MICHIGAN)**
**COUNTY OF GENESEE)**

I, Lafonza Earl Washington, being first duly sworn, depose, states:

1.   I am the Judgment/Order Creditor in the above action as the result of Human Capital Obligations Orders and Cash Management Orders entered both "STATUTORILY" and by the Court on October 8, 2005.

2.   This Affidavit is submitted in support of this Creditor's Motion For "ENTRY" Of Order To Strike the out of court debtors in possession reorganization operations that is "NOT" being done as part of "ANY" judicial proceeding in neither the U.S. District Court for the Southern District of New York nor its bankruptcy unit division, by law, pursuant to Article III of the United States Constitution nor Title 28 of the United States Code as is self-evidenced by Title "11" of the United States Code being administrated which the debtors et al., are falsely pretending to seditiously bankruptcy fraud into a 'LITIGATION', 100% prohibitedly.

3.   The facts in connection with this Judgment/Order Creditor's past due, authorized to have been paid on October 8, 2005, nunc pro tunc, PROOF OF CLAIMS are as follows:

     (i)  Debtors et al., admitts that, "Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company, (Delphi), in accordance with the terms of a 'Master Separation Agreement' between Delphi and GM."

See Page 3, Paragraph 7 of the debtors 'Third Omnibus Claims Objection' mail frauded to this Creditor by the debtors et al., Notice and Claims Agent KURTZMAN CARSON CONSULTANTS on two different dates October 31, 2006, and received on November 3, 2006, as well as on November 13, 2006, that was received on November 17, 2006.

(ii)  "BEFORE" the so-called, invisible Master Separation Agreement between delphi and GM, this Creditor had been an hourly employee for GM since June 13, 1973, for "26" years.

(iii)  This Creditor and Family was accustomed to living in a four-bedroom homestead, two motor vehicles (new and less than two years old), at least $65,000.00 yearly combined income between the Creditor and legal wife of 25 years Joan A. Washington, financial and economic respect in the family circle, the community, the religious community, the city, county and social communities of Flint and Genesee County, Michigan.

(iv)  Seven months "AFTER" the so called, invisible Master Separation Agreement between GM and Delphi, this Creditor was forced into the Saginaw, Michigan, Delphi operations without having made any transfer application to do so – as is required by Law – by September of 1999, in 100% violations of Title 29 USC §§ 141 et seq., collective bargaining agreement authority under the Labor-Management Relation Act and the National Labor Relations Act, etc.

(v)  This Creditor applied for "NONFORFEITABLE" after '6' years, ERISA retirement and pension compensations "AFTER" being forced into the Saginaw, Michigan, Delphi operations under involuntary servitude etc., conditions that is 100% prohibited by Amendment 13 of the United States Constitution's Bill of Rights.

(vi)  This Creditor has "NOT" had one (1) paycheck or "NOT" one (1) living wage, nor living non-wage, nor retirement or pension, nor demanded 'REDEMPTION AGREEMENT' automatic and statutorily provided worker's compensation, nor guaranteed income distribution under applicable 'PERMANENT PLANT CLOSING' provi-sions of Title 29 due to the July 2, 1999, permanent plant clos-ing of the GM Buick City operations that this Creditor had been actively employed at for over "26" years in the City of Flint, Michigan, ...

(vii)  GM's Delphi's, the UAW's et al., monopolies and combi-nations of monopolies located at 30400 Telegraph Road, Bingham Farms, Michigan, have illegally seized this Creditor's "EXEMPT" homestead located at 6602 Martin Luther King Jr. Avenue, Flint, Michigan on August 11, 2005, without a valid Court's Order resulting in this Creditor and Family "NOT" owning nor possessing the safety, welfare, health etc., of their own homestead that had been paid for (the purchase price of $33,000.00), by being racke-teered, extorted, and bank frauded out of $110,500.00 plus cash in "ONLY" fifteen years into the "30" year FHA insured mortgage!

(viii)  In October of 1984, the same GM monopoly and combina-tion of monopolies doing business at 30400 Telegraph Road, in

Bingham Farms, Michigan, had illegally seized this Creditor's and
Family's "EXEMPT" homestead locat at 6405 Karen Drive in Flint,
Michigan, without a valid Court's Order to do so, 100% illegally
and in violations of Amendment 10 of the United States Constitu-
tion's Bill of Rights, Article 10 § 3 of Michigan's 1963 Consti-
tution, etc.

   (ix)  Notwithstanding that this Creditor has contributed to
producing 3,000,000 plus motor vehicles for GM et al., since
June 13, 1973, "NOT" one (1) new motor vehicle has ever been
approved for financing in this Creditor's own name during the
"33" plus years employer/employee relationship herein, further
self-evidencing involuntary servitude illegal antitrust restraints,
deliberate deprivations causing direct "ZERO" real and personal
property ownership and prohibitedly being reduced — as a human
being — to these corporations-owned property in 100% violations of
"ALL" human rights, citizenship rights etc., guaranteed to be
Federally and State protected by the 14th Amendment, etc.!

   (x)  GM's false pretenses of being granted an early retirement
package thru prohibited proceedings in this bankruptcy unit of the
U.S. District Court for the Southern District of New York has also
compounded this Creditor's irreparable "7" plus years injuries by
GM requesting the Application for the SAP or Special Attrition Plan
option by the deadline of May 18, 2006, which was complied with in
April of 2006, yet, "NOT" one (1) penny has been paid or received
six-months afterwards nor any written communications to update
the status of the $140,000.00 option selected!

   (xi)  It is asserted that within the transfer of "ALL" assets
and liabilities between GM and Delphi in January of 1999, GM
assertedly and subsequently, transfered the assets and liabilities
legally owed to this Creditor and Family with the unauthorized
forced transfer of this Creditor into the Saginaw, Michigan, Delphi
operations which were set-up to fail it is believed; the previous
GM operation that the number one (out of 13) charged violator by
the Securities Exchange Commission on October 31, 2006, J. T.
Battenberg III, had been assigned an executive position at the GM
Buick plants where this Creditor was employed and these plants
"FAILED" and no longer exist after having been productive for
about "100" years!

   (xii)  The former GM Guick City site of 197 acres has laid
waste and vacant for over "7" years in the City of Flint, Michigan;
this Creditor submitted a $15 billion plus revenue annual Proposal
to Richard Wagoner, GM's President, the State of Michigan, the
County of Genesee, Jones Lang & LaSalle a Chicago, Illinois based
firm hired to market the site etc., in October of 2003; and with
the State of Michigan having the second highest unemployment rate
in the United States, public sources reported on October 31, 2006,
in the Detroit News newspaper, a rate of 7.1% as compared to the
United States average of 4.6%, it is beyond human comprehension
that in three years "NOT" one (1) communications has been received
back; this Creditor filed business Notification with the Genesee
County Clerk's office to do business as the U.S.A. C and Tbf Group,
but the oligopoly, monopolies and combinations of monopolies here-
in absolutely will "NOT" share GOD'S earthly blessings with this

Creditor, an african-American, other African-Americans, nor the
working class who are the actual and factual creator's of the
final product that is the source of the wealth accumulated, but
never enjoyed and particularly "NOT" enjoyed at an age when
young enough to be enjoyed; for example, what good did the
$8 billion German Fund set up for Germs forced to engage in slave
labor for GM, Ford, Daimler-Chrysler in World War II do as re-
dress when the ex-laborers are "90", "95", "100" years old or
more!

4.  The facts stated above are known by me to be true, of my own
knowledge.


Dated:  November 22, 2006

BY /s/ _Lafonza Earl Washington_
       Creditor
       7010 Cranwood Drive
       Flint, MI  48505
       Tel:  810.787.3150
       Cell: 810.922.0308


SUBSCRIBED AND SWORN TO BEFORE ME ON ___November 22___, 2006
                                         Date

GENESEE COUNTY, MICHIGAN, MY COMMISSION EXPIRES ___July 5, 2007___
                                                      Date

SIGNATURE: _Susan F. DeVernay_____
             Susan F. DeVernay        , Notary Public

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____
                              )
IN RE                         )   CHAPTER 11
                              )
DELPHI CORPORATION, et al.,   )   CASE NO. 05-44481 (RDD)
                              )
                 Debtors. )   (JOINTLY ADMINISTERED)
_____)   CLAIM NO'S. 257; 264; 288; 297.
```

NOTICE OF 11 U.S.C. § 102 (1) (B), § 301 and
§ 502 (a) MOTION FOR SELF-EXECUTING "ENTRY" OF
ORDER TO "STRIKE" REDUNDANT, IMMATERIAL, IMPER-
TINENT AND SCANDALOUS MATTER IDENTIFIED AS THE
DEBTORS ET AL., FRIVOLOUS, COLOR OF LAW 'NOTICE
OF OBJECTION TO CLAIM' AGAINST LAFONZA EARL
WASHINGTON SR., 'THIRD OMINBUS CLAIMS OBJECTIONS'
INCLUDING THE 'AMENDED EIGHTH SUPPLEMENTAL ORDER'
AND 'ALL' OTHER "VOID" RESPONSES/PLEADINGS
CAUSING PROHIBITED LOSSES OF STATUTORY AND
CONSTITUTIONALLY PROTECTED MONETARY PROPERTY
OWNED BY JUDGMENT/ORDER CREDITOR WASHINGTON
HEREIN WITH ORDER FOR THE IMMEDIATE PAYMENT OF
THE CLAIMS "THRU" THE COURT OR IN THE ALTERNATIVE
TO ENTER ORDER OF IMMEDIATE PAYMENT BY THE
STATUTORY "TRANSFEREE" THE DEPARTMENT OF TREASURY-
FINANCIAL MANAGEMENT SERVICE OR FROM THE DEPART-
MENT OF TREASURY'S GENERAL FUND AND STATUTORY
"SANCTIONS" AGAINST DEBTORS ET AL., DEBTORS ET AL
ATTORNEYS

(ENTRY OF ORDER TO STRIKE)

The Human Capital Obligations and Cash Management Judgment/
Order Creditor, above-named, moves the Court for the ministerial
Order "STRIKING" the debtors' et al., 'Notice Of Objections To
Claim' including "ALL" other responses and pleadings filed
"AFTER" October 8, 2005, up thru this present date of November
15, 2005, pursuant to:

　　1.　Federal Rules of Civil Procedure, Rules 1, 2, 3, 4,
4.1, 7, 8, 9, 10, 11, 12 (f) and 77 (d); and

　　2.　Title 11 USC §§ 101 (5) (A) and (B) and (54); and

　　3.　Title 28 USC §§ 102 (a) (1) and 112 (b), § 151, § 157
(a) and (d); and

　　4.　Federal Rules of Bankruptcy Procedure (FRBP) Rules 2019
(a) and (b) (2), 3001 (e) (4) and (f), 3003 (c) (4) on the
grounds that:

　　5.　The required "REFERRAL" from the U.S. District Court for
the Southern District of New York was "NOT" motioned for by the

debtors et al., nor Ordered by this district court which self-
evidences that Judge Robert D. Drain nor the bankruptcy unit of
this Court have the necessary judicial power to exercise any
scheduling jurisdiction whatsoever against this Creditor's Claims
making it "BOUND" on the Court to "STRIKE" 100% of the debtors
et al., responses, and any/all concealed attempts at prohibitedly
scheduling the above-numbered claims. See Title 28 USC §§ 102
(a) (1), 112 (b), 151 and 157 (a); Title 11 USC §§ 101 (5) (A) and
(B), § 301 and § 502 (a); Federal Rules of Bankruptcy Procedure
(FRBP) Rules 3001 (f) and 3003 (c) (4).

6.  The 'BANKRUPTCY' subject matter in the Delphi Corporation
case is a "CONGRESSIONAL" Article 1 § 8 United States Constitu-
tionally vested "LEGISLATIVE" authority, powers which Judge Robert
D. Drain does "NOT" posses and he is prohibited, the same as the
judicial Court herein is, from exercising, hearing and making
discretionary decisions against this Creditor's immediate payment
of the involved claims. See 11 USC § 105 (c); Article III of the
U.S. Constitution including Article 1 § 8.

7.  No question of law have been presented by the debtors
et al., nor question of concise, specific issue of fact self-
evidencing the "PEREMPTORY", absolute, conclusive, final, positive,
"NOT" admitting of question or appeal claims that were "BOUND" by
law to have insured a "TIMELY" disposition of this Creditor's
Claims on October 8, 2005, nunc pro tunc or now for then as
demanded from the Court; yet, payment is continuing to be deprived
and 100% "UNPAID" more than one (1) year later unlawfully.

8.  "NOT" one (1) Order in the above-numbered case has been
served upon this Creditor by the Clerk in 100% noncompliance with
FRCivP Rule 77 (d) and it is demanded by law that Delphi et al.,
debtors 'Notice Of Objection To Claim', 'Third Omnibus Claims
Objections', received by mail on November 3, 2006, including its
"NON-RECEIVED" 'Amended Eighth Supplemental Order' alleged to
have been entered by this Court on October 26, 2006, be "STRIKEN"
from or against this Creditor's Claims.

9.  The 'Notice Of Objection To Claim' etc., stating non-
evidenced, 'unsubstantiated claim' is in violations of FRCivP
Rule 11 (a) based on 'NOT' being signed by at least one attorney
of record, nor any address, nor telephone number and Rule 11 (a)
clearly authorize that, "An 'UNSIGNED' paper shall be 'STRIKEN'
unless omission of the signature is corrected promptly after
being called to the attention of the attorney or party which this
Creditor brought to the attention of Delphi, its attorneys
beginning October 28, 2006. See EXHIBIT #1, a hard copy of the
"UNSIGNED", Notice Of Objection To Claim of Creditor Lafonza
Earl Washington.

10.  Pursuant to the FRBP Rule 3007 and Rule 5 (e) of the
FRCivP, the debtors et al., Notice Of Objection To Claim etc.,
(EXHIBIT #1), does "NOT" have the Court's filing date evidenced
thereon of being transmitted to the Clerk of the above-named
Court and is demanded to be "STRIKEN" based on this continuous
noncompliance with the law!

11.   The Debtors et al., (EXHIBIT #1), is in violations of
FRCivP Rule 11 (b) (1) based on these prohibited scheduling frauds
or representations to this Court being presented for the improper
purposes of:

(i)  deliberately causing this "<u>33</u>" plus year employee
and family, "<u>7</u>" plus years of being deprived of 100% of "<u>ALL</u>"
monies to live on, without just cause and without a (valid) Court's
Order to do so, and continuing the unjust delays!

(ii)  compounding the "<u>7</u>" plus years of financial and
economic hardships to deny justice and just distribution of GOD'S
earthly wealth with any member of the working-class who brings the
product to life to create the wealth using their (our) blood,
sweat, tears and years - the best years of life, between the ages
of eighteen and fifty-two (for myself personally); yet, those who
sit in air conditioned offices at a luxurious distance from the
assembly line wrongfully extorts the majority of the wealth such
as the "<u>13</u>" Delphi former executives indicted by the SEC on
October 31, 2006, and the GM executives who are being currently
investigated, allegedly.

(iii)  The debtors' et al., are "<u>NOT</u>" defendants herein,
are "<u>NOT</u>" being prosecuted in this bankruptcy case in which the
debtors' 'THEMSELVES' volunteered and filed the Voluntary Petition
dated October 8, 2005, yet, the debtors are deliberately enjoying
'MULTI-BILLIONS' of dollars in new financings while their collu-
sions are causing this Creditor and family denials of justice,
unnecessary delay in payment of the statutorily authorized to be
paid claims for more than one (1) year in violations of FRCivP
Rule 11 (b) (1).

(iv)  These debtors et al., are "<u>NOT</u>" creditors, they
are "<u>NOT</u>" defendants nor have they presented any defense nor
legal contentions warranted by existing law which they clearly
have "<u>NOT</u>" cited to support their unsubstantiated claims
obstructions of justice, prohibited interferences, self-evidenced
bankruptcy and banking frauds etc., that obviously shows viola-
tions of FRCivP Rule 11 (b) (2).

(v)  The debtors et al., nonspecific '<u>unsubstantiated
claims</u>' position against this Creditor's Claims are "<u>HEARSAY
EVIDENCE</u>" allegations, whereby "<u>STRIKING</u>" of these unprovened
conclusions are "<u>BOUND</u>" on the Court to enter in this Creditor's
favor based on the "<u>TRUTH</u>" that these co-conspiring subsidiaries,
affiliates, attorneys etc., were "<u>NOT</u>" eyewitnesses to any of
the events that the Claims factual summarizations and cited laws
are supported by and under the UNIFORM RULE OF EVIDENCE Rule 63,
the debtors '<u>Unsubstantiated claims</u>' are 'INADMISSIBLE' by law.
See FRCivP Rule 11 (b) (3) and (4)

(vi)  This Creditor's Claims is supported by voluminous
documentary evidences of:

A.  100% loss of "<u>ALL</u>" employee guaranteed income stream
for "<u>7</u>" years and continuing that was directly caused by the
questionable '<u>Master Separation Agreement</u>' acknowledged "<u>7</u>"

years after the fact by Delphi, GM et al., on Page #3, Paragraph
#7 of the debtors prohibited, litigious 'Third Omnibus Claims
Objection', notwithstanding res judicata Human Capital Obligations
and Cash Management Orders entered on October 8, 2005, voluntarily
by debtors et al.

    B.  100% loss of Title 29 USC § 1001 et seq., 1053 et seq.,
"nonforfeitable" retirement and pension guarantees that is 100%
vested after the "6TH YEAR", yet, Delphi, GM's, the UAW "CORPORA-
TION", et al, have obstructed, wrongfully interfered with etc.,
this Creditor's entitlements - every penny - from the date of
payment and retirement demand (upon the closing of the GM Guick
City plant) beginning September 6, 1999, with continued depriva-
tions 100% thru this current date of November 15, 2006, for "7"
years, "2" months.

    C.  This Creditor did "NOT" submit any Paragraph 96 (?)
application to transfer from the permanently closed Flint,
Michigan, GM Buick City plant into the Saginaw, Michigan, Delphi
Corporation whereby it is alleged that the "INVOLUNTARY SERVITUDE",
forced transfer made by these corporations violated slavery prohi-
bitions under Amendment 13 of the Bill of Rights to the United
States Constitution, as well as Title 29 USC §§ 141 et seq.,
Labor-Management Relations and the National Labor Relations Act
etc., that does "NOT" give Delphi, GM, the UAW et al, entire
control over this Creditor's entire life after employment with
them!

    D.  This Creditor's legal hire-in date to GM was on June
13, 1973, more than "33" years ago where my family and I had
become accustomed to the $600.00 plus weekly paycheck, our 4
bedroom 2,200 square foot homestead, a separate new car for
myself, a separate new car for my wife, cash on hand, economic
and financial respect from the family, the community, society
etc., that have "ALL" been deprived, caused to be lossed, since
the deprivations of 100% of "ALL" living wages, and living non-
wage entitlements that began to wrongfully be seized by Delphi's,
GM's, the UAW's et al, monopolies and combinations of monopolies
beginning September 6, 1999, that is unlawfully continuing thru
this current date as a direct result of the corporations collu-
sions herein.

    E.  Title 29 USC § 651 provides for work-related compen-
sation payment and after ("33" years), or "26" years service on
the date of the Delphi/GM et al., questionable 'Master Separa-
tion Agreement', in September of 1999, EXHIBIT #2 self-evidences
the collusions of GM, Delphi, the UAW et al., succeessful
deprivations against this Creditor, under color of law to racke-
teer, extort, fraud etc., 100% of this Creditor's 'Redemption
Agreement' that is statutorily and "AUTOMATICALLY" provided for
under both Federal and State worker's compensation legislative
enactments which are prohibited from being interfered with by
the collective bargained contract between the corporations and
the union who are limited, by law, to the negotiation "ONLY" of
the three subject matters of wages, hours, and safety conditions
inside the corporation's plant gates.  See Public Act (P.A.) 317
of 1969 as amended; Michigan Compiled Laws (MCL) 418.801;

418.835; 418.836 as amended.

F.   On December 5, 2005, the Flint Journal newspaper Inside
Business section evidences the public racketeerings, extortions,
worker's disability compensation act frauds etc., by the Flint
Area Chamber of Commerce receiving illegal 'DIVIDENDS' of
$423,000.00 to timely spend at Christmas time, notwithstanding
that with specificity the worker's comp program is for employees
suffering from work-related injuries and is "NOT" a stock, mutual
fund nor investment service according to law, and "DIVIDENDS" are
prohibited 100%.  See EXHIBIT #3.

G.   On several medical examinations between September thru
December of 1999, at the "partial", GM financed Riverfront Medical
Center Complex the examining physicians found this Creditor to be
"unable" to work the same assembly line jobs that had been per-
formed for the previous "26" years; regardless of the GM, UAW
Agreement "BINDING" in writing of the medical examiners findings
on "ALL" parties, the corporation, the union and the employee
alike, additional medical examinations were illegally scheduled
(similarly as the Creditor's Claims are being illegally scheduled
in this case); eventually the collusions between the corporation,
the union et al., concluded that statutory benefits and compensa-
tion that are "NOT" vested under the collective bargained Agree-
ment nor vested in the corporation nor the union to determine,
are illegally determined "NOT" to be paid; then regardless of
Creditor and family and thousands of similarly violated hourly-
employees within the auto industry "NEVER" being paid the statu-
torily provided "AUTOMATIC" compensation owed weekly, then
monthly, then year after years, it is published that the majori-
tarian European related individuals ("NOT" one (1) African
American is pictured in EXHITIB #3), are being paid "DIVIDENDS"
notwithstanding this Creditor and family being deprived of weekly
compensations to "SURVIVE" on!

H.   Enclosed as EXHIBIT #4 is a letter dated March 22,
2006, from an alleged Diana D. Tremblay, a General Motors Corpora-
tion Vice President to Mr. Richard Shoemaker, Vice President and
Director, General Motors Department clearly evidenced bankruptcy
frauds, banking frauds, racketeerings, extortions, compounding
the "7" plus years of seizing 100% of "ALL" living wages, living
non-wages etc., from this Creditor by:

I.   Using the questionable Delphi Corporation et al.,
bankruptcy to conceal an estimated $54 Billion in the hourly
employees retirement, pensions, coordinated health care and no-
fault motor vehicle coverage insurance etc., through substantial
subject matters "NOT" authorized under the collective bargained
statutes of Title 29 of the United States Code, yet, oligopolized
and monopolized thru these fraudulent Delphi bankruptcy proceed-
ings, allegingly.

J.   The Delphi proceedings herein had no judicial power
properly vested in it by any official "REFERRAL" Order issued
from the U.S. District Court for the Southern District of New
York pursuant to 28 USC §§ 151 or 157.

K.   This bankruptcy court and bankruptcy judge had no
vested judicial power to issue retirement Orders to either
Delphi, GM, the UAW, the Pension Benefit Guarantee Corporation
et al., yet it issued such Orders and by doing so it or they
compounded the "7" plus year violations against this Creditor and
family's Human Rights etc., to pay for eating, sleeping, cloth-
ing, medical necessities, housing, private motor vehicle trans-
portation necessities, any/all human subsistence and survival
needs etc.

L.   On Form D of EXHIBIT #5 the retirement frauds thru
the bankruptcy prohibitions hereto were described as 'a Mutually
Satisfactory Retirement (MSR).

M.   However, EXHIBIT #6 a letter dated April 4, 2006,
from General Motors to this Creditor describes a 'Special Attrition
Plan' (SAP) covering all GM-UAW employees which contradicted the
MSR, whereby both bankruptcy frauds violated the Employee Retire-
ment Income Security Act (ERISA) enacted by the Congress in 1974
that has been amended but "NOT" repealed pursuant to 29 USC §§
1001 et seq.

N.   The UAW's 'SOLIDARITY' Magazine dated May-June 2006 is
EXHIBIT #7, where on Page #5 a story by its writer Jennifer John
is titled 'What's in the SAP?', which shows the UAW joined the
bankruptcy fraudings and misrepresentations of the hourly employees
to violate ERISA, the collective bargaining agreement limitations
etc., as well as this Creditor's monetary entitlements.

O.   The questionable 'Master Separation Agreement'
between Delphi, GM, et al., transfered or made Delphi co-liable
for GM's previous liabilities and coveyable real and personal
property losses that have no statutes of limitations to be re-
dressed for it is alleged, in favor of this Creditor and family.

P.   Collectors who have no State of Michigan license to
engage in the business of collection, neither the agency nor the
agents, located at the same address that GM's resident agents
for legal process are addressed at, at 30400 Telegraph Road,
Bingham Farms, Michigan, 48025, and the monopoly etc., have co-
conspired to illegally seize this Creditor's family "EXEMPT"
homestead thru interstate racketeerings, extortions etc.,
located on 6602 Martin Luther King Jr. Avenue, regardless of the
'PURCHASE PRICE'- $33,000.00 - which is legally defined as the
mortgage, having been paid for three and one/third tiems or a
total of $110,500.00 plus since the January 1991 purchase date
and the illegal eviction date August 11, 2005.  See EXHIBITS #6
and #7.

Q.   The same illegal collection agency of Trott & Trott
located at the same address that GM's legal process agents are,
illegally seized the first "EXEMPT" homestead from this Creditor
and family in October of 1984 without a valid Court's Order as
usual, to insure the involuntary servitude status of this
citizen being forced to labor an entire lifetime to pay for the
family's home and necessity of a dwelling place; this "EXEMPT"
homestead was located at 6405 Karen Drive, in Flint, Michigan!

R.   The same Constitutional Article, Article 10 § 3 of
Michigan's 1963 Constitution that "EXEMPTS" the homestead also
"EXEMPTS" personal property, yet notwithstanding having contribut-
ed to producing 3,000,000 plus motor vehicles for GM et al., "NOT"
once since this Creditor's legal hire-in date on June 13, 1973,
has GM's monopolies and combinations thereof approved the
financing of even one (1) new motor vehicle for this Creditor in
"33" plus years; only "5" have been financed with both Creditor
and his legal wife's name thereon, regardless of Mrs. Washington
having her own separate employment and income that entitles each,
individually to their own property rights, the same as "WHITE"
citizens, by law.

    12.   Any reasonable person can see and understand that the
debtors et al., its questionable and illegal subsidiaries, its
illegal affiliates have presented to the Court non-evidenced
general allegations against this Creditor's res adjudicata
claims, 100% 'unsubstantiated', do "NOT" have the required
evidentiary good ground (or no ground) for support; yet, all of
the above stated facts and law specifically warrants this
Creditor's Claims as is required by law.   See HEART DISEASE
RESEARCH FOUNDATION -V- GENERAL MOTORS CORP., 15 Fed.R.Serv.2d
1517, 1519 (S.D.N.Y. 1972).

    13.   The advisory Committee Notes adopted in 1937, that was
"NOT" deleted in subsequent committees requires factual or legal
theories and a "SIGNER" to show that the pleading, motion or
other papers served with the debtor's 'Notice Of Objection To
Claim' was substantially justified, that was served or mail
frauded upon this Creditor and received on November 3, 2006, that
clearly fails "EACH" requirement justifying the Court's "STRIKING"
of this pleading, motion etc., and to immediately enforce the
payment of its Human Capital Obligations Orders and Cash Manage-
ment Orders entered on October 8, 2005, in favor of this
Creditor.   See FRCP Rule 11 (a) and (b) (1), (2), (3) and (4).

    14.   It is obvious that the debtors "UNSIGNED" 'Notice Of
Objection To Claim' violates its willful Voluntary Petition under
11 U.S.C. §§ 301 and 102 (6) which were "ENTRY" of Orders for
relief "NOT" merely an Order, that required adjudication and
finalization of this creditor's Claims more than one (1) year
ago, but disobeyed 100% in violations of FRCP Rule 4.1 (b)
enforcement of Orders and civil contempt rules.

    15.   The debtor's et al., 'Notice Of Objection To Claim' is
"BOUND" to be "STRIKEN" based on an application to the Court for
an Order relating to this Notice was "NOT" made by the required
motion pursuant to FRCP Rule 7 (b) and is absent the required
'PARTICULARITY' or separate, single grounds authorizing any
objection.

    16.   Pursuant to FRCP Rule 26 and FRBP Rule 3003 (c) (4) this
Creditor's Claims are "EXEMPT" from being objected to based on
the scheduling being superseded by the Proofs of Claims them-
selves; including discovery being prohibited due to no trial
being entitled to, showing there is no genuine issue in dispute
from the out of Court debtor et al., where it is asserted that

this Court have no jurisdiction over the "NEWLY FORMED", debtor in possession Delphi Corporation.

17.  EXHIBIT #8, a copy of the Delphi Corporation website files evidences that "NOT" one (1) docket was officially recorded for an affiliate and verifying that "NOT" one (1) affiliate or subsidiary of this Corporation had a pending case on October 8, 2005; this truth further evidences that "NOT" one (1) unnamed 'certain' subsidiary had the required legal standing to object to this Creditor's Claims based on Delphi's debtor in possession status resulted in its out-of-court status, legally and equitably, leaving only the creditor's payable claims for nondiscriminated paying which 100% prejudice is existing against this Creditor's rights under 11 USC § 101 (5) (A) and (B) etc.

18.  The debtors et al., Voluntary Petition Form enclosed as EXHIBIT #9 testifies against it; Form B1, Page 2, clearly shows that the bankruptcy frauding affiliates had no 'PENDING' Case Number assigned to it, nor judge, no date of filing except the October 8, 2005, filing that was the "ADMITTED" date hereof Case Number 05-44481 filing.

19.  On every factual basis, on every legal basis cited or non-cited, but applicable, the truth clearly evidences that Delphi's et al., 'Notice Of Objection To Claim' is according FRCP Rule 11, redundant, immaterial, impertinent and scandalous as is further evidenced by its attorneys SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP et al., located in both Chicago, Illinois and New York, New York, within its bankruptcy frauding 'Notice Of Bar Date For Filing Proof Of Claim', dated April 12, 2006; herein this Notice described as EXHIBIT A, the affiliates date of filing each's separate Petition was October 8, 2005, the same date of the parent delphi Corp.'s filing verifying that no affiliate's case was pending before the parent's October 8, 2005, filing.

20.  By reference to 11 USC § 101 (2) (A) evidences the impossibility of "39" different affiliates to be, separately, an "entity" that directly owns, controls, or holds with power to vote, '20 PERCENT' or more of the 'OUTSTANDING' voting securities, that reasonably means for Delphi to maintain a majority of itself 51% is necessary, clearly showing the "20%" impossibility for "39" entities to own etc., the required "20%" of a remaining 49% if that quantity remained!

21.  This Creditor "TIMELY" made application for the SAP retirement in May of 2006 and selected the $140,000.00 offer that the U.S. Bankruptcy Court for the Southern District of New York bankruptcy frauded in the approved agreement that this Court exceeded its jurisdiction to determine on behalf of GM, Delphi, the UAW etc.; "6" months later "NOT" one (1) peény of this "EXEMPT" retirement property has been paid, that is legally "NOT" a weekly wage paycheck and is entitled to just income tax treatment as "EXEMPT" retirement property – allegingly – similarly as federal judges lifetime wages are "AFTER" their retirement from active service or the assuming of senior status, with the common ground between the retired federal judge and retired hourly auto employee being "NON-ACTIVE" citizens again notwithstanding some

conflicting interest assignments by the federal judge that 28 USC
§§ 132 and 294 limits according to law.

22.  Pursuant to the FRCP Rule 11 (d) this creditor is
entitled by law to commence a malicious prosecution and abuse of
process, directing 'REMEDIAL' action authorized under 28 U.S.C. §
1927, Title 42 U.S.C. § 1983 etc., the First, Fifth, Thirteenth,
and Fourteenth Amendments to the U.S. Constitution Bill of Rights
based on the holocaustic, criminal, seditious, civil violating
'Notice Of Objection To Claim' bankruptcy frauded upon this
Creditor on November 3, 2006, by unknown, nonsignatorized violators
of the law who have no consciousness for the welfare, health,
safety nor living necessities of this creditor and family "AFTER"
seven years of "INHUMAN" financial and economic hardships being
inflicted without one (1) just cause for such prohibited action!

23.  This majoritarian process is outlawed under the equal
protection of the laws provisions of the Fourteenth Amendment and
being it that "BANKRUPTCY" is an Article 1 § 8 of the U.S. Consti-
tution legislative being 100% abused and seditiously overthrown by
this outlawed process that has been conducted with 100% willful,
reckless and malicious disregard for this Creditor's and family
financial and economic survival regardless of having served GM,
Delphi, the UAW etc., since June of 1973, for more than "33"
years, it is past time for the United States Congress and with
specificity the "BLACK CAUCUS" to exercise vested "BANKRUPTCY"
herein!

24.  How much money is a white man or European male descen-
dant life is worth in the United States per hour, per day, per
week, per month, per year, for "7" years, for more than "33"
years?

25.  How much money is a caucasian or European female descen-
dant life worth for the same period of time?

26.  The United States Constitution states in its Unanimous
Declaration (in part) that, "...We hold these truths to be
'SELF-EVIDENT' that 'ALL' men are created 'equal', that they are
endowed by their CREATOR with certain 'unalienable' Rights, that
among these are Life, Liberty and the pursuit of Happiness..."

27.  Yet, majoritarian class members have clearly violated
these 'UNALIENABLE' Rights of this Creditor and family for "7"
years and is continuing to do so, until the demanded money is
paid which is only a consolation for the invaluable "7" years
caused to suffer financially and economically that was required
by Law and by the Righteousness of God to have been enjoyed in
exchange for the "33" years of seeds sowed in the auto industry;
but no harvest at this time of cultivation in life due to the
uncontrolled bankruptcy frauds, banking frauds, ERISA statutorily
provided retirement and pension frauds, statutorily provided
'AUTOMATIC' worker's disability compensation 'REDEMPTION AGREEMENT'
frauds, medical and health care deprivation frauds, real and
personal property ownership and possession frauds etc.

28.   And for a second time on November 17, 2006, KURTZMAN
CARSON CONSULTANTS the Notice and Claims agents for the Delphi
Corporation et al., has mail frauded the same prohibited 'Notice
Of Objection To Claim', 'Claim Objection and Estimation Proce-
dures Motion', and 'Third Omnibus Claims Objection' that the
Clerk of the Court has "NOT" exercised her required duties to
serve upon this Creditor "AFTER" a response by the debtor was
properly Ordered by the Court pursuant to FRCP Rule 77 (d)
clearly evidencing the high degree of lawlessnesses in this case,
as well as:

     (i)   Repeated violations of 11 USC § 502 (a) that 'ALLOWS'
the payment of these Claims and by the fact that the Delphi Cor-
poration has been entered final orders to receive debtor in
possession powers of reorganization, as well as multi-billions of
dollars on the condition it pay all of the debtors obligations,
including this Creditor's Claims, clearly shows that the juris-
diction of this Court no longer exists over this "NEWLY" formed
corporation who is out of Court, has no further legal nor
equitable standing to be a party herein, nor does any of the
debtors subsidiaries and affiliates.

     (ii)   The "UNSIGNED" Notice Of Objection To Claim against
Lafonza Earl Washington self-evidences that no "SIGNER" will
admit his or her guilt of bankruptcy frauding, bank frauding,
extortions, interestate racketeering etc., yet, these outlawed
activities are being engaged in wrongfully.

     (iii)   This Creditor moves to "STRIKE" this 'Notice Of
Objection To Claim' in its entirety and with specificity
paragraphs 11, 12, 13, and 14 including the prohibited absent
signature(s)!

     (iv)   Pursuant to Fed.R.Bankr.P. Rules 9013 and 9014 the
Court thru its duly sitting Clerk did "NOT" Order or direct a
response to the 100% fraudulent 'Notices Of Objection To Claim'
and the debtors are "NOT" entitled nor authorized to exceed the
judicial power nor Clerk's office administratively vested powers
arbitrarily to demand such a response that is moved to be
"STRIKEN".

     (v)   Pursuant to 11 USC §§ 101 (5) (A) and (B), § 301,
§ 502 (a), Fed.R.Bankr.P. Rules 3001 (e)( (4), and (f), 3003 (c)
(4), including 2019 (a) and (b) (2), the payment of this
Creditor's Claims are res judicata and were due, nunc pro tunc,
or now for then, dated October 8, 2005, by law which self-
executingly "STRIKES" these "UNTIMELY" objections to a Voluntary
Petition agreed to be paid the debtor et al.!

     (vi)   Between 2001 to 2003, the General Motors Corpora-
tion, Ford and Chrysler (Daimler) paid slave labor damages
amounting to an estimated $8 billion to Germans who were forced
to work in their factories without pay during World World II
from 1939 to 1945; that $8 billion was for a six-year period of
time that clearly shows this Creditor who has personally,
socially, financially and economically been attacked by the
dictating oligopoly, monopoly and combinations of monopolies of

the ruling class for "<u>33</u>" plus years have a right to demand "<u>6.5</u>" times
the amount paid to the German workers based on the time period
duration alone, but also on the truth and fact of being a United
States citizen whose Constitution and laws prohibits the involun-
tary servitude indirectly suffered for "<u>33</u>" plus years and
directly suffered since September of 1999, for more than "<u>7</u>" years.

(vii)  This Creditor enrolled at the University of
Michigan-Flint and obtained a Business Management Certification
Degree in 1987 and finished in the top 2% of the law school
admission testing (the LSAT) at the University of Michigan-Ann
Arbor, yet, "<u>NOT</u>" one (1) time in "<u>33</u>" plus years did GM, Delphi,
the UAW etc., grant one (1) of the many promotion and resume'
applications submitted!

29.  The Holy Bible is the foremost religious authority accepted
by the United States and the world, yet, the ruling class is in
100% violations of the Jewish teachings in Deuteronomy Chapter 15,
verses 12 thru 15, which clearly states:

"And if th y brother, an Hebrew man, or an
Hebrew woman be sold unto thee, and serve
thee '<u>SIX</u>' years, then in the '<u>SEVENTH</u>'
year thou shalt let him go free from thee."

"And when thou sendest him out free from
thee, thou shalt '<u>NOT</u>' let him go away
empty."

"Thou '<u>SHALT</u>' furnish him liberally out of
thy flock, and out of thy floor, and out
of thy winepress; of that wherewith the
LORD th y GOD hath blessed thee thou
'<u>SHALT</u>' give unto him."

"And thou '<u>SHALT</u>' remember that thou  wast
a slave in the land of Egypt, and the
LORD th y GOD redeemed thee; therefore, I
'<u>COMMAND</u>' thee this thing '<u>today</u>'".

Then Jeremiah the prophet writes in Chapter 34, verses 13,
14, 15, 16, and 17 which clearly states:

"Thus saith the LORD, the GOD of Israel, I
made a covenant with your fathers in the
day that I brought them forth out of the
land of Egypt, out of the house of
bondage, saying",

"At the end of '<u>SEVEN</u>' years let ye go
every man his brother, an **Hebrew,** who
hath been sold unto thee; and when he
hath served thee '<u>SIX</u>' years, thou
"<u>shalt</u>" let him go free from thee; but
your fathers hearkened '<u>NOT</u>' unto me,
neither inclined their ear."

"And ye were now turned, and had done right
in my sight, in proclaiming 'LIBERTY'
every man to his neighbor; and ye had made
a covenant before me in the house which is
called by my name;"

"But ye turned and polluted my name, and
caused every man his servant, and every
man his handmaid, whom ye had set at
'LIBERTY'at their pleasure, to return,
and brought them into subjection, to be
unto you for servants and for handmaids".

"Therefore, thus saith the LORD, ye have
'NOT' hearkened unto me, in 'PROCLAIMING
LIBERTY', every one to his brother, and
every man to his neighbor.  BEHOLD, I
'PROCLAIM' a liberty for you, saith the
LORD, to the sword, to the pestilence,
and to the famine; and I will make you to
be 'REMOVED' into all the kingdoms of the
earth."

30.  Moses wrote Deuteronomy between 1450 thru 1410 B.C. which
was more than 700 years before Jeremiah wrote his prophesies in
700 B.C.; yet, GOD'S same messages to Israel, here, have a 3,000
year common thread sewing together GOD'S Divine curses upon
Israel and its scattered descendants that remains unto this day,
regardless of Israel's children earthly economic and other powers;
Israel will "NOT" be granted its own territorial kingdom, nor its
own territorial nation, until Israel obey GOD'S Divine Orders to
set your brother and your neighbor at 'LIBERTY', beginning this
day with GOD'S Messenger Lafonza Earl Washington in this current
dispensation and continued Divine testing of you, Israel!

(i)  GOD has Divinely inspired me to deliver this message
which can be a true blessing to your potential territorial kingdom
and nation, or you can remain spiritually and earthly deadlocked
in this disobedience impasse.  Our Most Divine GOD has put this
decision into your own hands, just as real as this document being
read is in your hands.

(ii)  Will you obey GOD and began to receive GOD's Divine
blessings that all the collective nor individual human wisdom,
human knowledge, human wealth etc., have 'NOT' delivered for
Israel in the 3050 years since Moses and will "NOT" deliver this
day, nor in the next 3,000 years unless Israel et al., set at
"LIBERTY" Lafonza Earl Washington.  Only th n will your disobe-
dience curses from GOD will began to turn into your desired
blessings and began to unite you into your own kingdom and land,
when you obey the covenants between GOD and Israel et al.

31.  According to 28 USC §§ 151 and 157 (a) the prerequisite
that is preconditioned or required 'BEFOREHAND' for the bank-
ruptcy judges and bankruptcy Court unit of the United States
District Court for the Southern District of New York is authorized
to interfer and acquire jurisdiction over this Creditor's Claims

have "<u>NOT</u>" been satisfied as follows:

(i)   § 151 in part clearly requires that, "...each bank-ruptcy judge, as a judicial officer of the district court '<u>MAY EXERCISE</u>' the authority conferred under this chapter with respect to any action, suit or proceeding...'EXCEPT' as otherwise pro-vided by law or by rule or order of the district court", showing;

(ii)   That no Order exists on the U.S. District Court's docket "<u>BEFORE</u>" nor "<u>ON</u>" October 8, 2005, vesting judicial power in neither the bankruptcy court unit of this district court nor its judges, particularly Robert D. Drain et al.;

(iii)   'MAY EXERCISE' was "<u>NOT</u>" authorized by the proper, valid district court's Order and assertedly does "<u>NOT</u>" mean, can absolutely exercise without this necessary Order, showing;

(iv)   § 157 (a) violations by the bankruptcy frauds, banking frauds etc., based on the compliance with the statutory prescription hereunder § 157 (a) of "Each district court 'MAY PROVIDE' that any or all cases under Title 11...shall be referred to the bankruptcy judges for the district", was '<u>NOT</u>' provided by any officially recorded Order from the U.S. District Court for the Southern District of New York to its bankruptcy unit.

(v)   It is asserted that "<u>NO</u>" further judicial powers 'EXCEPT' the enforcement of the '<u>STATUTORILY</u>' provided "<u>ENTRY</u>" of Orders for Relief enacted by the Congress pursuant to 11 USC §§ 101 (5) (A) and (B), § 301, § 502 (a) is to be complied with as opposed to the 100% prejudicial and unauthorized 'RESPONSES' et al., by the debtors et al., repeated and continuous over-throwing of the United States Bankruptcy Code.

32.   The U.S. Bankruptcy Court for the Southern District of New York had no vested judicial power to delegate to the debtors et al., any power of '<u>REVIEW</u>' of this Creditor's Claims which are "<u>BOUND</u>" to be "<u>STRICKEN</u>" by law according to FRCP Rule 12 (f) etc.

Attached is this Creditor's Affidavit – under 28 USC § 1654 – In Support Of Motion To Strike With Immediate Disbursement Of The Good Faith Estimated Claim Less   % Of the Sum Legally and Equitably Owed.

Dated:  November 21, 2006

BY: Lafonza Earl Washington
    Judgment/Order Creditor
    7010 Cranwood Drive
    Flint, MI  48505
    Tel:  810.787.3150 or
    Cell: 810.922.0308

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| IN RE ) | CHAPTER 11 |
| ) | |
| DELPHI CORPORATION et al., ) | CASE NO. 05-44481 (RDD) |
| ) | |
| Debtors. ) | (JOINTLY ADMINISTERED) |
| ) | CLAIM NO'S. 257; 264; 288; 297. |

---

### ORDER

**IT IS ORDERED** that in the alternative to the immediate disbursement from the above-named Court, that the transfer of the above-numbered Claims be paid by the Transferee, the Department of Treasury's General Fund without delay payable by submitting this Order to the United States Treasurer's office commanding that $1,071,202,249.00 be paid by express courier check to Judgment/Order Creditor Lafonza Earl Washington without delay.


Dated:   November   , 2006
         New York, NY


                                _____
                                UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____  )
                             )    CHAPTER 11
IN RE                        )
                             )
DELPHI CORPORATION et al.,   )    CASE NO. 05-44481 (RDD)
                             )
               Debtors.      )    (JOINTLY ADMINISTERED)
_____  )    CLAIM NO'S. 257; 264; 288; 297.
```

### ORDER

   **IT IS ORDERED** that Judgment/Order Creditor Lafonza Earl
Washington is granted the sum of $1,071,220,249.00 minus 6%
estimation of good faith endeavors to cooperate which amounts to
$64,273,214.90 and for the remainder of the sum of $1,006,947,034.10
to be immediately disbursed to the Judgment/Order Creditor without
delay, according to the Fed.R. of Bankr.P. Rules 3001 (c) and (f),
3003 (c) (4), Title 11 USC § 502 (a) and the Title 11 U.S.C, Chapter
11 reorganization, case administration, voluntarily filed by the
above-named debtors which conflicts with Chapter 7 liquidation and
all other contingencies based on certain Revolving Credit, Term
Loan and Guaranty Agreement with certain financial institutions
named in the filing of the debtors Voluntary Petition.


Dated:   November   , 2006
         New York, NY


         _____

         UNITED STATES BANKRUPTCY JUDGE

7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell: 810.922.0308

Judgment/Order Creditor, Transferor, Drawer and Payee


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| DELPHI CORPORATION ET AL., | ) CASE NO. 05-44481 (RDD) |
| | ) |
| Debtors. | ) (JOINTLY ADMINISTERED) |
| | ) CLAIM NO'S. 257; 264; 288; 297. |

NOTICE OF MOTION - UNDER 11 U.S.C. § 102 (1) (B) -
FOR ENTRY OF ORDER STRIKING DEBTOR'S ET AL, COLOR
OF LAW OBJECTION TO CLAIM NO'S. 257, 264, 288, AND
297, ESTIMATION OF PAYMENT SUM AND IMMEDIATE DIS-
BURSEMENT OF THIS NON-ESTIMATED SUM PURSUANT TO
11 U.S.C. §§ 101 (5) (A) AND (B), (54); § 102 (6);
§ 502 (a), § 521 (1); TITLE 11, RULES 3001 (c) (4)
AND (f); 3003 (c) (4); 9014; TITLE 28 U.S.C. §§
102 (a) (1), 112 (b), 151, 157 (a), 1654; FRCivP
RULES 1, 2, 12 (f) 23, 38, 77 (d); INCLUDING TITLE
15 U.S.C. §§ 1 THRU 15 (TREBLE ENTITLEMENTS AGAINST
THE COMPOUNDING OF PROPERTY INJURIES BY MONOPOLIES,
COMBINATIONS THEREOF) UNIFORM COMMERCIAL CODE -
ARTICLE 4A - FUNDS TRANSFER § 4A-103 (1) (i) AND
(iii), (2), (3), (4), (5), AND (c); § 4A-105 (a)
(1), (2), (3), (4) AND (5); TITLE 31 USC §§ 301
ET SEQ., 1304 (a) (1); 3333; 3335; 3727.


TO:  The Clerk of the United States Bankruptcy Court
     for the Southern District of New York;
     The Clerk of the United States District Court
     for the Southern District of New York;
     The Department of the Treasury - Financial
     Management Service - Disbursement Management
     Division; and
     Office of the Comptroller of the Currency:


   **PLEASE TAKE NOTICE** that Title 11 of the U.S. Bankruptcy Code
§ 102 (1) (B) authorizes this act 'WITHOUT' an actual hearing
and the Notice is given properly to the above named officers who
has the statutory duty to administrate the immediate payment to
this Creditor as demanded.

   **PLEASE TAKE FURTHER NOTICE** that pursuant to 11 U.S.C. §§
101 (1) et seq., the definition and subject matter of "DEBTORS-

IN-POSSESSION" have no statutory existence and notwithstanding
that the reorganization process transfers substantially all the
assets of the "OLD" prepetition Delphi Corporation to the "NEW"
postpetition Delphi Corporation, no legal standing exist for
the debtors nor any of their representatives to dispute, object,
nor contest the payment of this Creditors "VESTED", claims in
which this bankruptcy court, the debtors et al., collusions are
in criminal and civil violations of based on obstructing and
interfering with this Creditor's immediate possession of his
monetary property that no longer belongs to the debtor's et al.,
nor is the United States property pursuant to 11 U.S.C. §§ 101
(5) (A) and (B); (54); § 102 (6); § 502 (a); Federal Rules of
Bankruptcy Procedure (FRBP) Rules 3001 (e) (4) and (f); 3003 (c)
(4), etc.; Title 31 U.S.C. § 3727 etc.

   **PLEASE TAKE FURTHER NOTICE** that pursuant to FRBP, Rule 3003
(c) (4) the effect of this Creditor filing Proof of Claims NO.'s
257, 264, 288, and 297 that were filed "TIMELY" in accordance
with (c) (1) of Rule 3003 etc., "SHALL" supersede "ANY" schedul-
ing of these Claims pursuant to 11 USC § 521 (1) of the U.S.
Bankruptcy Code, and these bankruptcy frauding objections are
discriminating and prohibited attempts by the debtors to obtain
further prohibited delay, prohibited dismissal, scheduling,
estimation, reduction, nonpayment etc., 100% illegally.

   **PLEASE TAKE FURTHER NOTICE** that pursuant to 11 USC § 102
(6) and § 301 the 'order for relief' means 'ENTRY' of an order
for relief where this statutory requirement, as well as the
Court's October 8, 2005, entry of the demanded payment for
Human Capital Obligations and Cash Management is "RES ADJUDICATA",
a thing decided, a matter adjudged by which a final judgment
(both statutory and Court entered) is conclusive upon the debtor
and this Creditor involving this "SAME" action in any subsequent
litigation, objection etc.!

   **PLEASE TAKE FURTHER NOTICE** that Section #9 of 'FORM BIO
(Official Form 10)' clearly states in part that, "...if the
documents are voluminous, attach a summary", in which more than
"4" pages of "FACTUAL" summarizations were filed with the
original Proof of Claim evidencing that the Delphi Corporations
and certain of its questionable subsidiaries and questionable
affiliates are prohibited from bankruptcy frauding an 11 USC §
301 Voluntary Petition filing into an Article III of the U.S.
Constitution controversy in a non-Article III Bankruptcy Court
before a non-Article III judge, then exercising their nonvested
judicial decision-making power to review then conclude that the
basis for objection is 'Unsubstantiated Claim', a 100% violations
of the evidentiary effect of FRBP Rule 3001 (f) against this
Creditor's "RES ADJUDICATA" Ordered "VALID" Claims.

   **PLEASE TAKE FURTHER NOTICE** that Delphi's own testimony on
Page #3, Paragraph #7, of its 'NON-COURT ORDERED' and prohibited
("Third Omnibus Claims Objection") evidences the foundation of
this Creditor's Claims and is identified as, '...the terms of a
Master Separation Agreement between Delphi and GM', that dis-
criminatingly forced this Creditor into the Delphi hourly employ-
ment without any application having been made to be transferred,

in September of 1999 "AFTER" having been employed by GM since
June 13, 1973, for "26" years at that time of this questionable
separation in which the same 'STAKEHOLDERS' are the "same" for
both corporations that it is believed the October 31, 2006,
fraudulent accounting indictments of "13" former and current
Delphi executives by the Securities and Exchange Commission will
verify!

   **PLEASE TAKE FURTHER NOTICE** that according to 28 USC §§ 102
(a) (1) and § 112 (b), including the Delphi Corporation's Voluntary
Petition Form itself evidences that the Street Address of the
Debtor, its County of Residence or the Principal Place of Business
being "OAKLAND COUNTY, MICHIGAN" required the U.S. District Court
for the Southern District of New York "NOT" this bankruptcy unit
to initially determine it's own "lack" of jurisdiction and pro-
hibiting any one (1) of its bankruptcy judges from exercising
judicial power in this case, as well as prohibiting the district
court herein from referring this matter to its bankruptcy unit
pursuant to 28 USC §§ 151 and 157 (a), the Fourteenth Amendment,
etc.

   **PLEASE TAKE FURTHER NOTICE** that the 'Notice Of Objection To
Claim' received by Creditor Lafonza Earl Washington from Delphi's
Notice and Claims Agent on November 3, 2006, is in 100% viola-
tions of 28 USC § 1654 due to KURTZMAN CARSON CONSULTANTS LLC
"NOT" being identified by Delphi et al, as their attorneys in
this bankruptcy frauding, bank frauding etc., matter, yet, 28
USC § 1654 requires corporations to be represented in Court by
licensed attorneys and this Notice etc., is assertedly "VOID"!

   **PLEASE TAKE FURTHER NOTICE** that the Notice of Objection To
Claim is in noncompliance with the FRCivP Rule 77 (d) which
clearly authorizes, "Immediately upon the entry of an order or
judgment the "CLERK SHALL" serve a notice of the entry by mail
in the manner provided for in Rule 5 upon each party...and shall
make a note in the odcket of the mailing", self-evidencing the
"VOIDNESS" of the repeated and continuous bankruptcy frauding,
bank frauding etc., of the Delphi Corporation et al., prohibit-
edly against this Creditor due to the truth of the fact being
the "CLERK" did "NOT" serve this Notice Of Objection To Claim
dated or received on November 3, 2006, and by law, this Notice
is "VOID" and "UNENFORCEABLE".

   **PLEASE TAKE FURTHER NOTICE** that a responsive pleading,
including this Notice Of Objection To Claim was 'NOT' served
upon this Creditor by the Clerk in compliance with FRCivP Rule
77 (d), as well as FRCivP Rule 12 and is "VOID", by law, which
authorizes this Notice Of Objection To Claim against Creditor
Lafonza Earl Washington to be "striken", by law, based on "NOT"
being Ordered by the Court nor served by the Clerk.

   **PLEASE TAKE FURTHER NOTICE** that pursuant to the FRCivP Rule
12 (f) the facts of each case is controlling, notwithstanding
these proceedings being equitable and "NOT" at law, an adminis-
tration "NOT" litigation, prohibiting the debtors, its question-
able affiliates from exercising nonvested judicial powers to
make any "REVIEW" or "FINDINGS" based on the "ENTRY" of the

Order for Relief being statutory and "NOT" a decision of the Court
on issues of fact, which are additional grounds to "STRIKE" the
non-Court Ordered response and Notice of Objections To Claim
against Creditor Lafonza Earl Washington, 100% prejudicially and
in 100% denial of justice.

  **PLEASE TAKE FURTHER NOTICE** that the Debtors' admitted
'REVIEW' of this Creditor's proof or proofs of claim are prohibit-
ed corporate acts which are 'entirely' without authority for which
there is no remedy at Law, "EQUITY" always enjoins such acts under
the "INJUNCTION" Court Rules pursuant to FRCivP Rule 65.

  **PLEASE TAKE FURTHER NOTICE** THAT THIS Creditor properly trans-
fered Claims No. 257, 264, 288, and 297 to the Department of the
Treasury - Financial Management Service on August 14, 2006, pur-
suant to 11 USC §§ 101 (5) (A) and (B), (54) etc., FRBP, Rules
3001 (e) (4) and (f), 3003 (c) (4), Title 31 USC § 3727 etc.,
including the Uniform Commercial Code (U.C.C.) Article 4A-Funds
transfer and by law the rights, title and interest when the pay-
ment is received legally belongs to that subagency of the United
States clearly evidencing that any/all objection by the debtor
is "NOT" timely "3" months "AFTER" the statutorily provided trans-
fer nor to the "RES ADJUDICATA" entries of the Order for relief
entered on October 8, 2005, which are additional grounds "BOUND"
on the Court to "STRIKE" this fraudulently served and existing
Notice of Objection To Claim against this Creditor.

  **PLEASE TAKE FURTHER NOTICE** that this Bankruptcy Court has
"NOT" been certified to preside over a 'CLASS ACTION' nor has the
debtors been granted the certification of a class action in the
non-legal bankruptcy court unit of the U.S. District Court for
the Southern District of New York and is prohibited from attempt-
ing to obtain a concealed dismissal, or to have a prohibited
defense entered without offering new evidence against this
Creditors summarizations of facts supporting the Claims that was
directed by Paragraph #9 on the Proof Of Claim Form clearly
evidencing that the "UNPROVENED" categorical statement of
'Unsubstantiated Claim' "NOT" based on any related fact nor
related alw is "BOUND" by Law to be "striken" out of the records
against this Creditor.  See FRCivP Rule 12 (f).

  **PLEASE TAKE FURTHER NOTICE** that this Creditor demands that
this Third Omnibus Objection be "STRIKEN" out of the records
against this Creditor based on the truth of fact that Delphi's
collusions with GM under its acknowledged 1999 Master Separation
Agreement that attempted to arbitrarily force this hourly
employee over to Delphi after "26" years with GM has resulted in
100%, "SEVEN" years and continuing, loss of "ALL" living wages,
living non-wages, statutory retirement, statutory worker's
compensation 'Redemption Agreement' submitted in September of
1999 etc., in violations of involuntary servitude prohibitions
under Amendment "13" of the United States Constitution.

  **PLEASE TAKE FURTHER NOTICE** that according to 11 U.S.C. §
101 (5) (A) and (B) the debtors et al, have "NOT" and "CANNOT"
state any law question to prevent this Creditor from recovering
the payment of these Claims which clearly evidences that fact

pleading is "NOT" required in Federal courts and in the matter of
HOLMES -V- NEW YORK CITY HOUSING AUTHORITY, C.A.N.Y. 1968, 398
F.2d 262, the New York Courts Ordered that, "Mere fact that some
of the allegations in a (Claim) complaint are lacking in detail is
'NOT' proper ground for dismissal (disallowance, expunging, esti-
mation, reduction etc.) of the action", entitling this Creditor to
have the Court "STRIKE" the unsubstantiated claims bad faith
motion by the debtors et al, according to law and fact.  See
FRCivP Rule 12 (f).

   PLEASE TAKE FURTHER NOTICE that the debtors et al., unsub-
stantiated claim position are continued bankruptcy frauds that are
equal to a prohibited - by law - motion to dismiss it is alleged
where the New York Court Ordered in THOMPSON -V- NEW YORK CENT. R.
CO., D.C.N.Y. 1966, 250 F.Supp. 175, that, "Whether plaintiffs
(this CLAIMANT/CREDITOR in re Delphi herein) can 'SUBSTANTIATE'
claim in complaint (PROOF OF CLAIM) is 'NOT' for determination on
motion to dismiss which is the sole reason why these limited
appearance foreign attorneys are filing the non-Court Ordered
responses instead of disbursing payment required by law; the
Court is required and is demanded to "STRIKE" the debtors et al.,
responses to prevent a publicly Noticed and known denial of
justice engagements herein against Creditor Washington.

   PLEASE TAKE FURTHER NOTICE that in a Chapter 11 debtor's
claim against state agency reasons for 'DISALLOWANCE' must be
'SPECIFIC' and the Delphi 'UNDATED', 'UNSIGNED', 'NON-COURT
ORDERED' Third Omnibus Claims Objection, Notice Of Objection To
Claim etc., having Lafonza Earl Washington Sr.'s name appearing
in the greeting, witnesses against itself that, 'The enclosed
Third Omnibus Objection identifies "several" different (or "5"
general) categories of objections'; it is obvious hereby that the
debtors arbitrarily grouped thousands of claims divided up into
these "5" categories without being vested with judicial nor jury
power as the authorized "TRIER OF FACT" self-evidencing that
Delphi has illegally served an "INSUFFICIENT" defense that is
"NOT" specific against this Creditor's "SPECIFIED", summarized
Proof of Claims and by law cannot prevent recovery nor continue
to delay recovery and must be "STRIKEN".  See FRCivP Rule 12 (f);
IN RE ST. MARY HOSP., BKRTCY.E.D. Pa. 1991, 125 B.R. 422,
applicable to New York and Michigan etc., under the Full Faith
and Credit Clause.

   PLEASE TAKE FURTHER NOTICE that the debtors et al., objec-
tions To Claims against this Creditor only purpose is to bank-
ruptcy and bank fraud dismissal of the allowed, valid, "BOUND"
by law to be paid, Claims; yet, the New York Courts Ordered in
LaBOUNTY -V- ADLER, C.A.2 (N.Y.) 1991, 933 F.2d 121, that,
"Upon motion to dismiss for failure to state claim, 'ALL'
factual allegations in complaint must be taken as 'true' and
'CONSTRUED FAVORABLY' to plaintiff", or this Creditor/Claimant,
which further make "BOUND" on the Court the duty to "STRIKE"
the debtors et al., insufficient responses and to pay these
Claims without additional unnecessary delay.  See FRCivP Rule
12 (f).

**PLEASE TAKE FURTHER NOTICE** that "Purpose of motion to dismiss for failure to state claim is to assess 'legal' feasibility of complaint (or Proof of Claims herein) 'NOT' to weigh evidence which plaintiff (or this Creditor) offers or intends to offer", which hearing or ruling on is prohibited in this non-trial bankruptcy unit court and the debtors have "NOT" cited even one (1) law self-evidencing that by law the debtors cannot prevent recovery by this Creditor. See FRCivP Rule 12 (f); CITIBANK, N.A. -V- K_H CORP. S.D.N.Y. 1990, 745 F.Supp. 899.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRBP Rule 3001 (e) (4) this Transferor/Creditor encloses or attaches hereto the STATUTORY AGREEMENT regarding its, transfered, relative rights respecting voting of the claims, payment of dividends thereon or participation in the administration of the estate, according to 11 USC § 102 (1) (B) which authorizes an act without an actual hearing; this Noticeis properly given to the Court and Transferee – only – based on the postpetition debtors et al., and debtors et al., reorganization operations are "OUT OF COURT" or "NOT" being done as part of a judicial proceeding, but as 'DEBTORS IN POSSESSION' since October 8, 2005, and continuing to the present date; nor was this Voluntary Petition ever part of a judicial proceeding under Article III of the U.S. Constitution nor Title 28 judiciary and judicial statutes, it is alleged.

**PLEASE TAKE FURTHER NOTICE** that pursuant to "EQUITY" and "LAW" one form of action requirements of FRCivP Rule 2, substantial justice is provided for and demanded, immediately by law, where the prescribed and customary forms of ordinary bankruptcy law is inadequate to enforce this Creditors "ONE YEAR PAST DUE" legal and lawful entitlements that is irreparably injuring and deliberately compounding "7" plus years deprivations of rights hereto under color of law against living wages, as well as "ALL" other forms of compensations in deliberate violations of 11 USC §§ 101 (5) (A) and (B), (54), § 301, § 501, § 502 (a), including the FRBP Rules 3001 (e) (4), and (f), 3003 (c) (4) etc. See SEC -V- UNITED STATES REALTY & IMPROV. CO., 310 US 434, 84 L Ed 1293, 60 S Ct 1044.

**PLEASE TAKE FURTHER NOTICE** that the New York Courts have ordered that, "...an equity court is 'NOT' hampered by the restrictive and inflexible rules of which governs common-law courts and there is no procedural distinction in federal court between suits in equity and suits at alw. See RIPLEY -V- INTERNATIONAL RAILWAYS OF CENTRAL AMERICA (1st Dept) 8 App Div 2d 310, 188 NYS2d 62, motion gr 7 NY2d 752, 193 NYS2d 664, 162 NE2d 747 and affd 8 NY2d 430, 209 NYS2d 289, 171 NE2d 443; FRCivP 2; and ROSS -V- BERNHARD, 396 US 531, 24 L Ed 2d 729, 90 S Ct 733, CCH Fed Secur L Rep ¶ 92566, 13 FR Serv 2d 1042, applicable to each of the several states citizens under the Full Faith and Credit Clause.

**PLEASE TAKE FURTHER NOTICE** that, "In most states, legal and equitable remedies have been commingled in one form of action, distinctions between actions at law and suits in equity have been abolished and if the facts set forth in a complaint entitle a party to relief, the form or name of the action is immaterial", further evidencing that notwithstanding this form of action being designated as a bankruptcy proceeding relief is immediately

entitled to, to redress "7" years and continuing of prohibited
financial and economic hardships illegally being inflicted on this
Creditor and family without even one (1) just cause!  See GOODWIN
-V- RODRIGUEZ, 520 Pa 296, 554 A2d 6; KINGSBURY -V- TEVCO, INC.,
(3rd Dist) 79 Cal App 3d 314, 144 Cal Rptr 773.

   **PLEASE TAKE FURTHER NOTICE** that according to the Uniform
Commercial Code (UCC), it provides that unless displaced by parti-
cular provisions of the act, the principles of equity supplement
its provisions and action is defined in the UCC as including a
suit in equity which shows that the UCC Articles cited herein for
the transfer of the funds owed are applicable and "BOUND" to be
enforced by this Court.  See UCC §§ 1-103 and 1-201 (1).

   **PLEASE TAKE FURTHER NOTICE** that, "'SUBSTANTIAL RIGHT' for
purposes of determining whether decision is final and appealable
is legal right enforced and protected by law", clearly evidencing
that each of the summarized facts are directly, federally guaran-
teed to be protected by law presented by this Creditor's Proof of
Claims that it must be repeated, binds on this Court the duty to
"STRIKE" the debtors unsubstantiated claim that was mail frauded,
bankruptcy frauded, banking frauded etc., as a Notice Of Objection
To Claim received on November 3, 2006, 100% prohibitedly!  See
RC § 2505.02; STATE EX REL. WHITE -V- CUYAHOGA METRO. HOUS. AUTH.,
79 Ohio St. 3d 543, 684 N.E.2d 72 (1997); 4 AM JUR 2d Supp
Appellate Review § 120.

   **PLEASE TAKE FURTHER NOTICE** that the Federal Court itself,
"in ascertaining appropriateness of a FRCP...certification
district court's finding as to whether there exists any just
reason to delay final judgment is subject to reversal if
district court fails to adequately explain basis for such
finding", clearly showing that, (1) the Delphi et al., "NON-
SPECIFIC" review against this Creditor was "NOT" a court's find-
ing, (2) was "NOT" the required certified finding that is vested
in courts to judicially exercise as opposed to the debtors et
al., conflict of interest unauthorized corporate findings, (3)
failed to adequately explain basis for such finding to create
the required issue or controversy to give the debtors et al any
legal standing to challenge the Claims in any Court of law, and
(4) self-evidences disobedience to the Court's Orders entered on
October 8, 2005, more than one year ago to pay the entered
Human Capital Obligations and Cash Management Orders demanded by
this Creditor!  See GEN-PA BIGLI ISLEM LTD. LIAB. CO. -V-
VIRTUAL TECH. (1996, Ed Mich) 169 FRD 84; 4 AM JUR 2d Supp
Appellate Review § 123.

   **PLEASE TAKE FURTHER NOTICE** that the Human Capital Obliga-
tions and Cash Management Orders entered on October 8, 2005,
which the Delphi Corporation et al., is in contempt of, obstruct-
ing and disobeying more than one (1) year later were Orders
directed and voluntarily petitioned for by the debtors et al,
was/is enforceable by contempt if necessary, and was plainly
designed to accord "SUBSTANTIVE" relief sought by judgment
creditor similarly situated as this judgment creditor is that was
granted by the New York Courts and demanded to be granted herein
by law.  See HBE LEASING CORP. -V- FRANK (1995, CA2 NY) 48 F3d

623; 4 AM JUR 2d Supp Appellate Review § 120.

     **WHEREFORE** Judgment/Order Creditor Lafonza Earl Washington respectfully request that the Court grant and enforce its Human Capital Obligations and Cash Management Orders entered on October 8, 2005, more than one (1) year ago that the debtors are in contempt of for repeatedly failing to obey and make immediate disbursement of $1,068,302,019.00, or in the alternative certify an Order to the Department of Treasury – Financial Management Services or to the Secretary of Treasury, or the Comptroller of the Currency to immediately pay the demanded amount from the Treasury's General Fund due from the Transfered Claim dated August 14, 2006, and grant such other and further relief as is just.

Dated:   November 21, 2006


                    BY Lafonza Earl Washington
                    Judgment/Order Creditor,
                    Transferor, Drawer and Payee

Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell: 810.922.0308

Judgment/Order Creditor, Transferor, Drawer and Payee


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**


| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| DELPHI CORPORATION ET AL., | ) CASE NO. 05-44481 (RDD) |
| Debtors. | ) (JOINTLY ADMINISTERED) |
| | ) CLAIM NO'S. 257; 264; 288; 297. |

*3001*

MOTION FOR ENTRY OF ORDER FOR FEDERAL RULES OF
BANKRUPTCY PROCEDURE RULE (e) (4) STATUTORY
STIPULATION/AGREEMENT TO FINALIZE THE RIGHTS,
TITLE AND INTEREST TRANSFERED TO THE DEPART-
MENT OF TREASURY - FINANCIAL MANAGEMENT
SERVICE OR THE GENERAL FUND OF THE DEPARTMENT
OF TREASURY OR THE COMPTROLLER GENERAL TO
SETTLE THIS ACCOUNT BY IMMEDIATELY PAYING TO
CREDITOR/TRANSFEROR LAFONZA EARL WASHINGTON
THE SUM OF $1,068,302,019.00


It is stipulated according to FRBP Rule 3001 (e) (4) that
the below-provided agreements in the above-entitled action is
as follows:

1.  That pursuant to FRBP Rule 3003 (c) (4) this Creditor's
Claims were authorized to supersede or cause the debtors et al.,
schedules and objections to be set aside as "VOID".

2.  That the debtors et al., schedules and timetables for
the "NEW" postpetition, reorganized Delphi Corporation restruc-
turings is also set aside, by law, based on the "OLD" pre-
petition indebted Delphi et al., corporation legally and
equitably owing this Creditor and Transferee the above-numbered
Claims "NOT" the "NEW" corporation pursuant to FRBP Rules 3001
(f), 3003 (c) (4), Title 11 USC §§ 101 (5) (A) and (B), § 301,
§ 501, and § 502 (a).

3.  That the Claims have been transfered for security
pursuant to FRBP Rule 3003 (c) (4).

4.  This stipulation agrees that Creditor Lafonza Earl
Washington is authorized to supersede, set aside, replace in
power the debtors et al., schedules with the allowed, prima facie
evidence of the validity and amount of the Claims according to
the statutes cited and elects to replace any/all relative rights

respecting voting of the claims, payment of dividends thereon, or participation in the administration of the estate with the claims being paid in full and the release of the debtors.

5.   This stipulation agrees that the Transferee can elect to participate in the reorganization process "AFTER" the payment in full of the Claims to this Creditor according to its own decisions "AFTER" the release that is mutually agreed to be conditioned on the payment in full.

6.   That the above-numbered Claims of this Creditor were demanded to be paid from the "RES ADJUDICATA" Human Capital Obligations and Cash Management Orders entered on October 8, 2005, more than one (1) year ago and such Orders were voluntarily petitioned for by the debtors; they were final Orders entered by the Court, as well as statutorily entered Orders pursuant to 11 USC §§ 102 (6) and § 301 preempting any further jurisdiction over these subject matters by the U.S. Bankruptcy Court for the Southern District of New York - except - enforcement of the payment/disbursement Orders.

7.   That the Court have no further jurisdiction to enter Orders respecting rights on the voting of these claims, payment of dividends, thereon, or participation in the administration of the estate due to the body Congress having already prescribed and provided "SELF-EXECUTING" enforceable entitlements to this Creditor to be paid in full which is demanded to be paid immediately.

8.   Nunc pro tunc, or now for then, pursuant to Title 31 USC § 3522 (b) (2), the statutory non-decision making duty to submit this account to the appropriate official in the District of Columbia by the 20th day following the Certified transfer dated August 14, 2006, is submitting the account to the Comptroller General by the 60th day after receiving the account that, by law, was required to have been made on October 14, 2006.

9.   Nunc pro tunc, or now for then, pursuant to Title 31 USC § 3522 (b) (4), a 31 USC § 1304 payment demand was made on December 31, 2005, to the U.S. Department of Justice to David S. Jones in the office of the Southern District of New York and the finalizing of this statutory, non-decision making duty to submit this account by a disbursing official of the Department of Justice, by law, "SHALL BE" or should have been submitted to the Comptroller General by the 80th day after the account was received that was required to have been about March 24, 2006.

Dated:   November 13, 2006

BY /Lafonza Earl Washington
        Judgment/Order Creditor,
        Transferor, Drawer & Payee

Statutorily served on:

        Clerk of the Court
        U.S. Bankruptcy Court
        Southern District of New York
        One Bowling Green
        New York, N.Y.  10004-1408

        Clerk of the Court
        U.S. District Court
        Southern District of New York
        500 Pearl Street
        New York, N.Y.  10007

        David M. Walker
        Comptroller General
        441 G Street, N.W.
        Washington, D.C.  20548

        Department of the Treasury
        Financial Management Service
        Disbursement Management Division
        ACH Payment Operations
        401 14th Street, SW  Third Floor
        Washington, D.C.  20227

        U.S. Department of Justice
        United States Attorney Office
        Southern District of New York
        Helen Cantwell, Ass't. U.S. Attorney
        86 Chambers Street
        New York, N.Y.  10007

        SECURITIES EXCHANGE COMMISSION
        Linda Chatman Thomsen
        Enforcement Director
        Division of Enforcement
        100 F Street, NE
        Washington, D.C.  20549

        U.S. Department of Justice
        Criminal Division
        Fraud Section Unit
        950 Pennsylvania Avenue
        Washington, D.C.  20530-0001

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____
                                )
IN RE                           )   CHAPTER 11
                                )
DELPHI CORPORATION, ET AL.,     )   CASE NO. 05-44481 (RDD)
                                )
                     Debtors.)      (JOINTLY ADMINISTERED)
_____)  CLAIM NO'S 257, 264,288, 297.
```

CERTIFICATE OF FINAL JUDGMENT/ORDER
FOR HUMAN CAPITAL OBLIGATIONS AND CASH
MANAGEMENT ORDERS TO DISBURSE PAYMENTS
TO CREDITOR LAFONZA EARL WASHINGTON

```
STATE OF NEW YORK )
                  )
COUNTY OF NEW YORK)
```

I, Kathleen Farrell-Willoughby, Clerk, do certify that:

1.  I am the duly qualified and acting Clerk of the United States Bankruptcy Court for the Southern District of New York.

2.  In the case of In re Delphi Corporation et al., debtors, Case No. 05-44481, which was a Voluntary Petition bankruptcy reorganization action judgment/order entered in the above Court on October 8, 2005, in favor of Human Capital Obligation and Cash Management Creditor Lafonza Earl Washington and against the Delphi Corporation et al., debtors including JPMorgan Chase Bank N.A., the unanimously consented to party as debtor and debtors administrative Agent.

3.  No appeal was taken from this entered judgment/order.

4.  The entry of the above-described judgment/orders were the result of a Voluntary Petition filed by the debtors et al.

5.  The judgment/order above described is a final judgment/order under the "UNIFORM" bankruptcy laws of the United States including 11 USC §§ 101 (5) (A) and (B), § 301, § 502 (a) etc., and the "ENTRY" of the Order for relief is res adjudicata.

I have executed this instrument and affixed the Seal of the United States Bankruptcy Court for the Southern District of New York on November _____, 2006.

_____

Clerk of the United States Bankruptcy Court
Southern District of New York

ABSTRACT OF JUDGMENT REQUEST


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE | ) CHAPTER 11 |
| | ) |
| DELPHI CORPORATION ET AL., | ) CASE NO. 05-44481 (RDD) |
| | ) |
| Debtors. | ) (JOINTLY ADMINISTERED) |
| | ) CLAIM NO'S 257, 264, 288, 297. |

Judgment/Order Creditor:  Lafonza Earl Washington
Judgment/Order Debtor:    Delphi Corporation and
                          JPMorgan Chase Bank N.A.
Amount of Judgment/Orders:
Claims:   $1,068,302,019.00 (total as of November 13, 2006)
Interest: $416,890.00 per day
Costs: $ N/A
Attorney's fees:  $ N/A

Judgment/Orders entered in Docket Number, on _____ ,
2006, nunc pro tunc or now for then, October 8, 2005.

   I CERTIFY that the above is a true and correct abstract of
the judgment/order entered in the above entitled cause.


Dated:  November   , 2006


                          _____
                          Clerk of the United States
                          Bankruptcy Court for the
                          Southern District of New York

*[handwritten annotation: "was not received 30 days before "VOID" hearing! This creditor's claims supersedes being scheduled, FRBP 3003(c)(4)!"]*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK.

- - - - - - - - - - - - - - - - - - - - - - - - - x
|                          :
In re                      :    Chapter 11
|                          :
DELPHI CORPORATION, et al.,  :    Case No. 05-44481 (RDD)
|                          :
Debtors.           :    (Jointly Administered)
|                          :
- - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF OBJECTION TO CLAIM

Lafonza E Washington Sr:

    Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Third Omnibus Objection to Certain Claims (the "Third Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Third Omnibus Objection is set for hearing on November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED THIRD OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 24, 2006. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU.

    The enclosed Third Omnibus Objection identifies several different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

    Claims identified as having a Basis For Objection of "Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors to meaningfully review the asserted Claim.

    Claims identified as having a Basis For Objection of "Untimely Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted making it impossible for the Debtors to meaningfully review the asserted Claim and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims that were overstated or were denominated in foreign currencies and which the Debtors seek to modify to a fully liquidated, U.S.-denominated amount in line with the Debtors' books and records and/or the liquidated amounts requested by the Claimants, as appropriate, and to appropriately classify the total amount of such remaining Claims as general unsecured claims.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
| 10/31/2005 | 257 | $30,000,000.00 | Unsubstantiated Claim | Disallow and Expunge |
| 11/1/2005 | 264 | $30,000,000.00 | Unsubstantiated Claim | Disallow and Expunge |
| 11/2/2005 | 288 | $30,000,000.00 | Unsubstantiated Claim | Disallow and Expunge |
| 11/3/2005 | 297 | $30,000,000.00 | Unsubstantiated Claim | Disallow and Expunge |
| | | | | |

If you wish to view the complete exhibits to the Third Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Third Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-259-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this Third Omnibus Objection, you must file a response and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006. Your response, if any, to the Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in a foreign currency.

2

Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Third Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or modified for the reasons set forth in the Third Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Third Omnibus Objection; (iv) all documentation or other evidence of the claim upon which you will rely in opposing the Third Omnibus Objection to the extent not included with the proof of claim previously filed with the Bankruptcy Court; (v) to the extent that the Claim is fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; (vi) the address(es) to which the Debtors must deliver any reply to your response, if different from that presented in the proof of claim; and (vii) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the Debtors have requested that the Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding the Third Omnibus Claims Objection and any Response and set further hearings pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Objection and Estimation Procedures Motion") being filed contemporaneously with the Third Omnibus Objection. With respect to all uncontested objections, the Debtors have requested that this Court conduct a final hearing on November 30, 2006 at 10:00 a.m. or as soon thereafter as counsel may be heard. The procedures set forth in the Claims Objection and Estimation Procedures Motion will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.

3

TO THE EXTENT ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, IF YOU FILE A RESPONSE IN ACCORDANCE WITH THE ABOVE PROCEDURES, PURSUANT TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION THE DEBTORS HAVE REQUESTED THE AUTHORITY TO ELECT, IN THEIR SOLE DISCRETION, TO PROVISIONALLY ACCEPT THE AMOUNT THAT YOU HAVE ASSERTED WOULD BE THE ALLOWABLE AMOUNT OF SUCH PROOF OF CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, AS THE ESTIMATED AMOUNT OF SUCH CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION AS APPROPRIATE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION.

The Bankruptcy Court will consider only those responses made as set forth herein and in accordance with the Amended Eighth Supplemental Case Management Order. If no responses to the Third Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in the Amended Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an order sustaining the Third Omnibus Objection without further notice. Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

LAFONZA E WASHINGTON SR
7010 CRANWOOD DR
FLINT MI 48505

4

KURTZMAN
CARSON
CONSULTANTS

12910 Culver Boulevard, Suite I
Los Angeles, California 90066

Lafonza Earl Washington
Lafonza Earl Washington
7010 Cranwood Dr
Flint, MI 48505-5425



02 1A
0004301598       $ 02.31⁰
NOV 13 2006
MAILED FROM ZIP CODE 90066

# KURTZMAN
# CARSON
# CONSULTANTS LLC

12910 CULVER BLVD. · SUITE I · LOS ANGELES · CALIFORNIA  90066-6709 USA

UNITED STATES POSTAGE

02 1A          $ 02.31⁰
0004301598      OCT 31 2006
MAILED FROM ZIP CODE 90066

PITNEY BOWES



$ 00.37¹
02 1A      NOV 16 2006
0004301598
MAILED FROM ZIP CODE 90066

UNITED STATES POSTAGE
PITNEY BOWES

**K**URTZMAN
**C**ARSON
**C**ONSULTANTS LLC

12910 CULVER BLVD. • SUITE I • LOS ANGELES • CALIFORNIA 90066-6709 USA

LAFONZA E WASHINGTON SR
7010 CRANWOOD DR
FLINT, MI 48505

JGSITMP 48505

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                           Debtors.           :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF FILING OF LIST OF PROPOSED MEDIATORS PURSUANT TO DEBTORS'
CLAIM OBJECTION AND ESTIMATION PROCEDURES MOTION

PLEASE TAKE NOTICE that in accordance with footnote 5 of the Motion For

Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016,

7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Disallowance Or

Estimation Of Claims And (II) Certain Notices And Procedures Governing Hearings Regarding

Disallowance Or Estimation Of Claims (the "Claim Objection and Estimation Procedures

Motion"), filed October 31, 2006 (Docket No. 5453), Delphi Corporation and its affiliate debtors

(the "Debtors") hereby identify the mediators selected by the Debtors to conduct the mandatory

non-binding summary mediation as provided for in the Claim Objection and Estimation

Procedures Motion.  The list of proposed mediators, comprised of mediators located in Chicago,

Illinois, Detroit, Michigan, and New York, New York, is attached hereto as Exhibit A.

Dated:  New York, New York
        November 16, 2006

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

                              By:  /s/ John Wm. Butler, Jr.
                                 John Wm. Butler, Jr. (JB 4711)
                                 John K. Lyons (JL 4951)
                                 Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois  60606
                              (312) 407-0700

                                   - and -

                              By:  /s/ Kayalyn A. Marafioti
                                 Kayalyn A. Marafioti (KM 9632)
                                 Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                                 Debtors and Debtors-in-Possession

2

<u>EXHIBIT A</u>

## <u>DEBTORS' PROPOSED LIST OF MEDIATORS</u>

The following mediators have been selected by the Debtors to conduct mediations pursuant to the relief requested in the Claim Objection and Estimation Procedures Motion.  The Debtors are in the process of obtaining commitments from certain of the proposed mediators listed below to participate in the claims and estimation process.  In addition, certain of the proposed mediators are conducting internal research to determine whether they may appropriately mediate disputes between the Debtors and claimants.  Accordingly, the Debtors may revise this list based upon the outcome of these discussions and internal research.  In the event the Debtors elect to do so, they will file a revised list prior to the hearing on the Claim Objection and Estimation Procedures Motion scheduled for November 30, 2006.

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig