IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                    :

In re                     :     Chapter 11
                    :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                    :

           Debtors.   :     (Jointly Administered)
                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

     I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

     On November 22, 2006, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification, (iii) upon the parties listed on Exhibit C hereto via facsimile and (iv) upon the parties listed on Exhibit D hereto via postage pre-paid U.S. mail:

    1) Fourth Amended Pretrial and Scheduling Order Relating to Debtors' Motion for Order Under 11 U.S.C. Section 365 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Certain Executory Contracts with General Motors Corporation ("Fourth Amended GM Contract Rejection Motion No. 1 Scheduling Order") (Docket No. 5658) [a copy of which is attached hereto as Exhibit E]

    2) Ninth Amended Scheduling Order on Debtors' Motion for Order Under 11 U.S.C. Section 1113(c) Authorizing Rejection of Collective Bargaining Agreements and Authorizing Modification of Retiree Welfare Benefits Under 11 U.S.C. Section 1114(g) ("Ninth Amended Section 1113 and 1114 Scheduling Order") (Docket No. 5662) [a copy of which is attached hereto as Exhibit F]

     On November 22, 2006, I caused to be served the document listed below upon the parties listed on Exhibit G hereto via overnight delivery:

    3) Fourth Amended Pretrial and Scheduling Order Relating to Debtors' Motion for Order Under 11 U.S.C. Section 365 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Certain Executory Contracts with General Motors Corporation ("Fourth Amended GM Contract Rejection Motion No. 1 Scheduling Order") (Docket No. 5658) [a copy of which is attached hereto as Exhibit E]

On November 22, 2006, I caused to be served the document listed below upon the parties listed on <u>Exhibit H</u> hereto via overnight delivery:

4)    Ninth Amended Scheduling Order on Debtors' Motion for Order Under 11 U.S.C. Section 1113(c) Authorizing Rejection of Collective Bargaining Agreements and Authorizing Modification of Retiree Welfare Benefits Under 11 U.S.C. Section 1114(g) ("Ninth Amended Section 1113 and 1114 Scheduling Order") (Docket No. 5662) [a copy of which is attached hereto as Exhibit F]

On November 22, 2006, I caused to be served the document listed below upon the parties listed on <u>Exhibit I</u> hereto via overnight delivery:

5)    Debtors' Response to Motion of USW to Compel Debtors to Submit Individual Employee Matter to Impartial Medical Authority ("Response to USW Motion to Compel") (Docket No. 5720) [a copy of which is attached hereto as Exhibit J]

On November 22, 2006, I caused to be served the document listed below upon the parties listed on <u>Exhibit K</u> hereto via overnight delivery:

6)    Debtors' Response and Limited Objection to Motion of Certain Former Employees of Debtor for Limited Relief from Automatic Stay, to Extent Applicable, to Pay and/or Advance Defense Costs Under Debtors' Insurance Policies (Docket No. 5778) [a copy of which is attached hereto as Exhibit L]

On November 22, 2006, I caused to be served the document listed below upon the parties listed on <u>Exhibit M</u> hereto via overnight delivery:

7)    Debtors' Objection to Motion of John Blahnik, Paul Free, Milan Belans, Laura Marion, Peter Janak, and Cathy Rozanksi to Modify October 13, 2005 Order and to Compel Delphi Corporation to Advance Legal Fees and Costs (Docket No. 5780) [a copy of which is attached hereto as Exhibit N]

Dated:  November 28, 2006

                                        */s/ Evan Gershbein*
                                        Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 28th day of November, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:   */s/ Shannon Joann Spencer*

Commission Expires:  *6/10/20*

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein, Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092, 212-450-4213 | 212-450-3092, 212-450-3213 | donald.bernstein@dpw.com, brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com, karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler, Bonnie Steingart, Vivek Melwani, Jennifer L Rodburg, Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com, sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | marjaivalerio@irs.gov | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com, richard.duker@jpmorgan.com, gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

11/27/2006 4:01 PM
Master Service List Overnight Mail

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

11/27/2006 4:01 PM
Master Service List Overnight Mail

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-----|-------|------------------|
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

11/27/2006 4:01 PM
Master Service List Overnight Mail

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

11/27/2006 4:02 PM
Master Service List Email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnersstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

11/27/2006 4:02 PM
Master Service List Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | 212-922-3891 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | 404-253-8554 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC |
| Ambrake Corporation | Brandon J. Kessinger | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5428 | 270-737-3044 | bkessinger@akebono-usa.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | Counsel to Stanley Electric Sales of America, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel to Pullman Bank and Trust Company |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to CSX Transportation, Inc. |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Company |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Counsel to Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel to Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | mark.owens@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | michael.mccrory@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel to Madison County (Indiana) Treasurer |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | 765-640-1332 | tom@beemanlawoffice.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Wallace A. Showman | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1429 | 212-554-1444 | wallace@blbglaw.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel to Special Devices, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel to Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | 0039-035-605-671 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | driggio@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com bcecotti@cwsny.com | Counsel to International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | | 615-321-0555 | 615-321-9555 | amalone@colwinlaw.com | Counsel to Averitt Express, Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Ccompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Ccompany |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nhp4@cornell.edu | Paralegal/Counsel to Cornell University |
| Covington & Burling | Susan Power Johnston | 1330 Avenue of the Americas | | New York | NY | 10019 | | 212-841-1005 | 646-441-9005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | 248-457-7001 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert  Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel to DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel to DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Deputy Attorney General | Amina Maddox | R.J. Hughes Justice Complex | P.O. Box 106 | Trenton | NJ | 08625 | | 609-984-0183 | 609-292-6266 | amina.maddox@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Furukawa Electric North America APD |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Eckert Seamans Cherin & Mellott LLC | Michael G. Busenkell | 300 Delaware Avenue | Suite 1360 | Wilmington | DE | 19801 | | 302-425-0430 | 302-425-0432 | mbusenkell@eckertseamans.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 7411 Highway 51 North | | Southaven | MS | 38671 | | | | akatz@entergy.com | Company |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel to Doshi Prettl International, LLC |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel to Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel to Aluminum International, Inc. |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | 866-890-3061 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel to Kuss Corporation |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg, Stinnett, Meyers & Davis | Merle C. Meyers | 44 Montgomery Street | Suite 2900 | San Francisco | CA | 94104 | | 415-362-5045 | 415-362-2392 | mmeyers@gsmdlaw.com | Counsel to Alps Automotive, Inc. |
| Goodwin Procter LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinprocter.com | Counsel to UGS Corp. |
| Goodwin Procter LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinprocter.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | 315-471-3167 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Heller Ehrman LLP | Carren Shulman Timothy Mehok | Times Square Tower | Seven Times Square | New York | NY | 10036 | | 212-832-8300 | 212-763-7600 | carren.shulman@hellerehrman.com timothy.mehok@hellerehrman.com | Counsel to @Road, Inc. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4750 | 908-898-4137 | glen.dumont@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7150 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | 716-819-4645 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 230 Park Avenue | 17th Floor | New York | NY | 10169 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel to RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | | heather@inplaytechnologies.com | Creditor |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel to International Brotherhod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel to Trutron Corporation |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | 231-728-2206 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | 850-763-8425 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | 212-836-8689 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 7 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | H. Slayton Dabney, Jr. Bill Dimos | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | sdabney@kslaw.com bdimos@kslaw.com | Counsel to KPMG LLP |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Klett Rooney Lieber & Schorling | Eric L. Schnabel DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | (302) 552-4200 | | schnabel@klettrooney.com dbrown@klettrooney.com | Counsel to Entergy |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lamberleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissell.com | Counsel to Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | 212-947-1202 | kwalsh@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | | 814-870-7754 | 814-454-4647 | rparks@mijb.com | Counsel to Ideal Tool Company, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel to Bank of America, N.A. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel to Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2186 | egunn@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | khopkins@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb
Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748
616-831-1726 | 616-988-1748
616-988-1726 | sarbt@millerjohnson.com
wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | piricotta@mintz.com | Counsel of Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Stephanie K. Hoos | The Chrysler Center | 666 Third Avenue | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | skhoos@mintz.com | Counsel of Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte. Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morrison Cohen LLP | Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8757 | 917-522-3157 | mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590
214-855-7561
214-855-7587 | 214-855-7584 | rurbanik@munsch.com
jwielebinski@munsch.com
drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel to National City Commercial Capital |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippanny | NJ | 07054 | | 973-884-6952 | 973-515-3244 | jimbriaco@gentek-global.com | |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | Counsel to Rotor Clip Company, Inc. |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael C. Moody | 161 N. Clark Street | Suite 2230 | Chicago | IL | 60601 | | 312-849-2020 | 312-849-2021 | mmoody@okmlaw.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Anthony Princi Esq Thomas L Kent Esq | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5000 | 212-506-5151 | aprinci@orrick.com tkent@orrick.com | Counsel to Ad Hoc Committee of Trade Claimants |
| Orrick, Herrington & Sutcliffe LLP | Frederick S. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Matthew W. Cheney | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | mcheney@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel to Sharp Electronics Corporation |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel to Sharp Electronics Corporation |
| Pachulski Stang Ziehl Young Jones & Weintraub LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | 302- 652-4400 | mseidl@pszyjw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl Young Jones & Weintraub LLP | William P. Weintraub | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | 212-561-7777 | wweintraub@pszyjw.com | Counsel for Essex Group, Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel to Ambrake Corporation; Akebono Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | 203-259-0251 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel to IBJTC Business Credit Corporation |
| Pitney Hardin LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@pitneyhardin.com | Counsel to Marshall E. Campbell Company |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com mgr@previant.com | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Pryor & Mandelup, LLP | Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | | 516-997-0999 | 516-333-7333 | kar@pryormandelup.com | Counsel to National Molding Corporation; Security Plastics Division/NMC LLC |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Reed Smith | Richard P. Norton | One Riverfront Plaza | 1st Floor | Newark | NJ | 07102 | | 973-621-3200 | 973-621-3199 | rnorton@reedsmith.com | Counsel to Jason Incorporated, Sackner Products Division |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | 312-726-0647 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel to ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | 212-841-5725 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | | tslome@rsmllp.com | Counsel to JAE Electronics, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel to Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | mnewman@schaferandweiner.com | Counsel to Dott Industries, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel to  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel to Panasonic Autommotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel to D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul B. Maisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel to  le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | 603-627-8121 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co. |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel to Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 15 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel to  Michigan Heritage Bank; MHB Leasing, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | emarcks@ssd.com | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | 213-897-2802 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | 313-456-2201 | hwang@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel to Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectronX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rnsteinwurtzel@swidlaw.com | Attorneys for Sanders Lead Co., Inc. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | 513-381-0205 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennessee Department of Revenue |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 16 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | 408-998-4895 | ddraper@terra-law.com | Counsel to Maxim Integrated Products, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | 1-330-471-4388 | robert.morris@timken.com | Representative for Timken Corporation |
| Thelen Reid & Priest LLP | Daniel A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel to Oki Semiconductor Company |
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel to American France Group, Inc. d/b/a Guaranty Capital Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | 214-999-9139 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel to Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel to Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Varnum, Riddering, Schmidt & Howlett LLp | Michael S. McElwee | Bridgewater Place | P.O. Box 353 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel to Furukawa Electric North America APD |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | 614-719-4663 | tscobb@vssp.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel to Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | sgrowsb@wnj.com | Counsel to Behr Industries Corp. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel to Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel to Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz / Gerard Uzzi / Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | gkurtz@ny.whitecase.com / guzzi@whitecase.com / dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 18

11/27/2006 4:03 PM
2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| White & Case LLP | Thomas Lauria<br>Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | tlauria@whitecase.com<br>featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel to National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel to National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel to Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel to Toyota Tsusho America, Inc. and Karl Kufner, KG aka Karl Kuefner, KG |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 18 of 18

11/27/2006 4:03 PM
2002 lists Email

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | | 248-489-7406 | 866-609-0888 | Vice President of Administration for Akebono Corporation |
| APS Clearing, Inc. | Andy Leinhoff | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | Counsel to APS Clearing, Inc. |
| APS Clearing, Inc. | Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | Counsel to APS Clearing, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | Counsel to Ryder Integrated Logistics, Inc. |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | Counsel to Lunt Mannufacturing Company |
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8340 | 212-947-1202 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Nathan, Neuman & Nathan, P.C. | Susanna C. Brennan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | Counsel to WL. Ross & Co., LLC |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | Counsel to Republic Engineered Products, Inc. |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | | 312-258-5500 | 312-258-5600 | Counsel to Means Industries |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Traub, Bonaquist & Fox LLP | Maura I. Russell Wendy G. Marcari | 655 Third Avenue | 21st Floor | New York | NY | 10017 | | 212-476-4770 | 212-476-4787 | Counsel to SPCP Group LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

11/27/2006 4:04 PM
2002 lists Fax

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | | 212-826-1100 | 212-317-4893 | Counsel to WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

11/27/2006 4:04 PM
2002 lists Fax

# EXHIBIT D

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | | 303-295-0202 | Counsel to United Power, Inc. |
| Dykema Gossett PLLC | Gregory J. Jordan | 10 Wacker | Suite 2300 | Chicago | IL | 60606 | | 312-627-2171 | Counsel to Tremont City Barrel Fill PRP Group |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | | General Counsel to Jason Incorporated |
| Miami-Dade County Tax Collector | Metro-Dade Paralegal Unit | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | | 305-375-5314 | Paralegal Collection Specialist for Miami-Dade County |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | | 989-385-3230 | Corporate Secretary for Professional Technologies Services |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

11/27/2006 4:04 PM
2002 lists US Mail

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

                                        :

     In re                          :       Chapter 11

                                        :

 DELPHI CORPORATION, et al.,      :       Case No. 05-44481 (RDD)

                                        :

                  Debtors.     :       (Jointly Administered)

                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOURTH AMENDED PRETRIAL AND SCHEDULING ORDER RELATING TO
DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 365 AND FED. R.
BANKR. P. 6006 AUTHORIZING REJECTION OF CERTAIN
EXECUTORY CONTRACTS WITH GENERAL MOTORS CORPORATION

("FOURTH AMENDED GM CONTRACT
REJECTION MOTION NO. 1 SCHEDULING ORDER")

       Upon the Motion For Order Under 11 U.S.C. § 365 And Fed. R. Bankr. P. 6006

Authorizing Rejection Of Certain Executory Contracts With General Motors Corporation, dated

March 31, 2006 (Docket No. 3033) (the "Motion"), filed by Delphi Corporation and certain of its

subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"); and upon the response of the Official Committee of Unsecured

Creditors, dated June 15, 2006 (Docket No. 4198), the preliminary and supplemental objections

of General Motors Corporation, dated April 12, 2006 and June 5, 2006, respectively (Docket Nos.

3210 and 4019), the preliminary objection and response and supplemental limited objection of

the Ad Hoc Equity Committee, dated April 17, 2006 and August 8, 2006, respectively (Docket

Nos. 3243 and 4879), the limited objection of SPS Technologies, Inc., SPS Technologies

Waterford Company, and Greer Stop Nut, Inc., dated May 2, 2006 (Docket No. 3567), and the

preliminary and limited objections of the Official Committee of Equity Security Holders, dated

May 26, 2006 and June 12, 2006, respectively (Docket Nos. 3926 and 4128) (collectively with

the objectors and responders, the "Respondents"); and upon the Debtors' Omnibus Response To

Objections To Debtors' Motion For Order Under 11 U.S.C. § 365 And Fed. R. Bankr. 6006

Authorizing Rejection Of Certain Executory Contracts With General Motors Corporation, dated

June 15, 2006 (Docket No. 4203); and the Debtors having originally noticed the Motion for

hearing on the omnibus hearing date of May 12, 2006, which was subsequently adjourned by the

Court; and the Court having issued a Pretrial And Scheduling Order Relating To Debtors' Motion

For Order Under 11 U.S.C. § 365 And Fed. R. Bankr. P. 6006 Authorizing Rejection Of Certain

Executory Contracts With General Motors Corporation, dated June 13, 2006 (Docket No. 4169)

(the "Pretrial And Scheduling Order"); and the Court having issued a First Amended Pretrial and

Scheduling Order Relating To Debtors' Motion For Order Under 11 U.S.C. § 365 And Fed. R.

Bankr. P. 6006 Authorizing Rejection Of Certain Executory Contracts With General Motors

Corporation, dated September 28, 2006 (Docket No. 5214); and the Court having issued a

Second Amended Pretrial and Scheduling Order Relating To Debtors' Motion For Order Under

11 U.S.C. § 365 And Fed. R. Bankr. P. 6006 Authorizing Rejection Of Certain Executory

Contracts With General Motors Corporation, dated October 25, 2006 (Docket No. 5400); and the

Court having issued a Third Amended Pretrial and Scheduling Order Relating To Debtors'

Motion For Order Under 11 U.S.C. § 365 And Fed. R. Bankr. P. 6006 Authorizing Rejection Of

Certain Executory Contracts With General Motors Corporation, dated November 13, 2006

(Docket No. 5538) (the "Third Amended Pretrial And Scheduling Order"); and the parties to the

Motion having appeared before the Court for a status conference on the Motion on November 17,

2006 pursuant to the Third Amended Pretrial And Scheduling Order; and upon the record herein;

and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

The Pretrial And Scheduling Order shall remain in full force and effect except as follows:

1.      The hearing on the Motion is adjourned to a date to be determined by the Court as may be requested by the Debtors.

2.      The Court shall conduct an in-person, in-camera status conference pursuant to 11 U.S.C. § 105(d)(1) with the Debtors and the Respondents at 3:00 p.m. (Prevailing Eastern Time) on November 30, 2006.

Dated: New York, New York
        November 22, 2006

/s/Robert D. Drain
**UNITED STATES BANKRUPTCY JUDGE**

3

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
   In re                                :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No.  05 - 44481 (RDD)
                                          :
              Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NINTH AMENDED SCHEDULING ORDER ON DEBTORS' MOTION FOR
ORDER UNDER 11 U.S.C. § 1113(c) AUTHORIZING REJECTION OF
COLLECTIVE BARGAINING AGREEMENTS AND AUTHORIZING
MODIFICATION OF RETIREE WELFARE BENEFITS UNDER 11 U.S.C. § 1114(g)

("NINTH AMENDED SECTION 1113 AND 1114 SCHEDULING ORDER")

Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and

certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 1113 and 1114 of

the Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 establishing notice procedures,

briefing schedule, and hearing date regarding the Debtors' Motion To (a) Reject Collective

Bargaining Agreements Under Section 1113(c) And (b) Eliminate Retiree Medical And Life

Insurance Benefits For Union-Represented Retirees Under Section 1114(g) (the "1113/1114

Motion"); and this Court having entered an order granting the Motion on October 13, 2005

(Docket No. 232);[2] and the Court having received and reviewed various objections and responses

---

[1]     As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11
U.S.C. §§ 101-1330, as amended.

[2]     Subsequent scheduling orders have been entered by the Court at docket nos. 2225, 2425, 2996, 4170, 5058,
5221,5399 and 5539.

to the 1113/1114 Motion filed by various parties (collectively, the "Respondents")[3]; and the

Court having commenced the contested hearing on the 1113/1114 Motion on May 9, 2006 and

conducted hearings on the contested motion on various trial dates in May and June 2006; and the

Court having adjourned the contested hearing on the 1113/1114 Motion to a date to be

determined by the Court as may be requested by the Debtors pursuant to the Sixth Amended

Section 1113 And 1114 Scheduling Order on September 28, 2006 (Docket No. 5221); and the

Court having conducted an in-camera status conference on November 8, 2006 pursuant to the

Seventh Amended Section 1113 And 1114 Scheduling Order (Docket No. 5399); and the Court

having conducted an in-camera status conference on November 17, 2006 pursuant to the Eighth

Amended Section 1113 And 1114 Scheduling Order (Docket No. 5539), at which the Debtors

stated, among other things, that they would submit the form of this Order to the Court for the

Court's evaluation and consideration; and the Court having determined in light of the Debtors'

submission of the form of this Order that a continued recess of the contested hearing on the

1113/1114 Motion to a date to be determined by the Court in the manner set forth herein is

appropriate and in the best interests of the Debtors, their estates, their creditors, and other parties-

in-interest; and the Debtors and the Respondents (to the extent required by statute) having

consented to the extension of the November 30, 2006 deadlines for a ruling on the 1113/1114

Motion provided under 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2), to January 31, 2007;

and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[3]     Objections and responses have been filed at docket numbers 3314, 3317, 3322, 3330, 3332, 3342, 3346, 3353, 3356, 3561, and 3628.

2

ORDERED, ADJUDGED, AND DECREED THAT:

1.    In light of the further progress reported to the Court by the Debtors at the status conference held on November 17, 2006 in connection with the continuing out-of-court discussions among the Debtors and many of the Respondents, and in order for the Debtors and the Respondents to continue to concentrate their resources and activities on the collective bargaining of a consensual resolution of the 1113/1114 Motion and related plan of reorganization framework discussions, the hearing on the 1113/1114 Motion shall be further adjourned to a date to be determined by the Court as may be requested by the Debtors.

2.    The date by which a ruling on the 1113/1114 Motion shall be issued pursuant to 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2) shall be extended, with the consent of the Debtors and the Respondents (to the extent required by statute) to January 31, 2007.  The parties reserve their right to agree to additional extensions beyond January 31, 2007.

3.    The Court shall conduct an in-person, in-camera status conference pursuant to 11 U.S.C. § 105(d)(1) with the Debtors, the Respondents, and the Official Committee of Equity Security Holders (collectively, the "Parties") at 3:00 p.m. (Prevailing Eastern Time) on November 30, 2006 so that the Court can be apprised by the Parties of the status of negotiations regarding the consensual resolution of the 1113/1114 Motion and to consider either the resumption of hearings on the Debtors' request for relief under section 1113 and 1114 of the Bankruptcy Code or the scheduling of additional status conferences.  Parties shall be permitted to participate telephonically in such status conference.

Dated:    New York, New York
          November 22, 2006

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT G

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|
| Curtin & Heefner, LLP | Robert Szwajkos<br>Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | Counsel top SPS Technologies, LLC |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | Counsel to General Motors Corporation |
| White & Case LLP | Glenn Kurtz<br>Gerard Uzzi<br>Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | Counsel for Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria<br>Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | Counsel for Appaloosa Management, LP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

11/27/2006 4:10 PM
GM Contract Special Parties

# EXHIBIT H

Delphi Corporation
Union Service List

| Contact | Company | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Al Coven | UAW Local 699 | 1191 Bagley St | | Saginaw | MI | 48601 |
| Bennie Calloway | UAW Local 2188 | 342 Perry House Rd. | | Fitzgerald | GA | 31750 |
| Bill Riddle | UAW Local 659 | 1222 Glenwood | | Flint | MI | 48502 |
| Carl Kolb, Ted Williams | IUE-CWA Local 698 | International Union of Electrical Workers | 1001 Industrial Park Dr | Clinton | MS | 39056-3211 |
| Conference Board Chairman | IUE-CWA Automotive Conf Board | 2360 Dorothy Lane | Ste. 201 | Dayton | OH | 45439 |
| Darel Green | UAW Local 1021 | 804 Meadowbrook Dr. | | Olathe | KS | 66062 |
| Darrell Shepard | UAW Local 2157 | 4403 City View Dr. | | Wichita Falls | TX | 76305 |
| David York | UAW Local 438 | 7435 S. Howell Ave. | | Oak Creek | WI | 53154 |
| Dennis Bingham | USW Local 87 | 21 Abbey Avenue | | Dayton | OH | 45417 |
| Frank Andrews | UAW Local 686 | 524 Walnut St. | | Lockport | NY | 14094 |
| Gary Resier | IUE-CWA Local 717 | 2950 Sierra Dr. NW | | Warren | OH | 44483 |
| Jack White | UAW Local 167 | 5545 Fieldstone Ct. | | Middlville | MI | 49333 |
| James Clark | IUE-CWA Industrial Division | 501 Third Street NW | | Washington | DC | 20001-2797 |
| James Hurren | UAW Local 467 | 2104 Farmer St. | | Saginaw | MI | 48601 |
| Joe Buckley | UAW Local 696 | 1543 Alwildy Ave | | Dayton | OH | 45408 |
| John Clark | UAW Local 2031 | 5075 Belmere Dr. | | Manitou Beach | MI | 49253 |
| John Huber | UAW Local 1097 | 221 Dewey Ave | | Rochester | NY | 14608 |
| Kizziah Polke | UAW Local 2083 | c/o Delphi T & I   Garry Gilliam | | Cottondale | AL | 35453 |
| Larry Phillips | IUE-CWA Local 711 | 4605 Airport Rd. | | Gadsden | AL | 35904 |
| Larry West | IUE-CWA Local 755 | 1675 Woodman Dr. | | Dayton | OH | 45432 |
| Lattie Slusher | UAW Local 913 | 3114 S. Hayes Ave. | | Sandusky | OH | 44870 |
| Mark Profitt | IUE-CWA Local 801 | 1250 W. Dorothy Lane | Suite 301 | Dayton | OH | 45439 |
| Mark Sweazy | UAW Local 969 | 3761 Harding Dr. | | Columbus | OH | 43228 |
| Richard Shoemaker | Vice-President GM Department | 8000 E Jefferson | | Detroit | MI | 48214 |
| Rick Zachary | UAW Local 662 | 2715 Rangeline Dr. | | Anderson | IN | 46017 |
| Rob Betts | UAW Local 2151 | 140 64th Ave. | | Coopersville | MI | 49404 |
| Ron Gettelfinger | UAW President | 8000 E Jefferson | | Detroit | MI | 48214 |
| Russ Reynolds | UAW Local 651 | 3518 Robert T. Longway Blvd. | | Flint | MI | 48506 |
| Scott Painter | IUE-CWA Local 1111 | 1051 S. Rockerfeller Ave. | | Ontario | CA | 91761 |
| Skip Dziedzic | UAW Local 1866 | 7435 S. Howell Ave. | | Oak Creek | WI | 53154 |
| Sona Camp | UAW Local 292 | 1201 W. Alto Rd. | | Kokomo | IN | 46902 |
| Steve Ishee | UAW Local 2190 | 1 Thames Ave. | | Laurel | MS | 39440 |
| Terry Scruggs | UAW Local 2195 | 20564 Sandy Rd. | | Tanner | AL | 35671 |
| William Humber | IUE-CWA Local 416 | 760 Jersey Avenue | | New Brunswick | NJ | 08901 |
| ZebWells | IUE-CWA Local 718 | 925 Industrial Park Rd. | | Brookhaven | MS | 39601 |

In re Delphi Corporation, et al.
Case No. 05-44481

Page 1 of 1

11/27/2006 4:10 PM
578081

Delphi Corporation
Union Counsel Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and |
| IUE-CWA | James D Clark | 501 Third St NW | Sixth Fl | Washington | DC | 20001 | | 202-434-1343 | | |
| IUE-CWA | Peter Mitchell | 501 Third St NW | Sixth Fl | Washington | DC | 20001 | | | | |
| Kennedy, Jennick & Murray, P.C. | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | | | Attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communications Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | 414-271-4500 | 414-271-6308 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| United Auto Workers | Daniel Sherrick | 8000 E Jefferson Ave | | Detroit | MI | 48214 | | | | |

In re Delphi Corporation, et al.
Case No. 05-44481

Page 1 of 1

11/27/2006 4:10 PM
578082

# EXHIBIT I

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson | 1350 Broadway | Suite 501 | New York | NY | 10018 | 212-239-4999 | | | Counsel to United Steelworkers |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |
| United Steelworkers | David R. Jury, Assistant General Counsel Melvin Stein, Assistant General Counsel | Five Gateway Center, Room 807 | | Pittsburg | PA | 15222 | 412-562-2545 | | djury@usw.org mstein@usw.org | Counsel to United Steelworkers |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

11/27/2006 4:20 PM
United Steelworkers Service List

# EXHIBIT J

Hearing Date and Time: November 30, 2006
at 10:00 a.m.

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
Robert A. Siegel (RS 0922)
Tom A. Jerman (TJ 1129)
Rachel S. Janger
Jessica Kastin (JK 2288)

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

GROOM LAW GROUP, CHTD
1701 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 857-0620
Lonie A. Hassel (LH 8805)

Attorneys for Delphi Corporation, et al.,
   Debtor and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :

In re                       :     Chapter 11
                       :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                       :

             Debtors.   :     (Jointly Administered)
                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' RESPONSE TO MOTION OF USW TO COMPEL DEBTORS TO SUBMIT INDIVIDUAL EMPLOYEE MATTER TO IMPARTIAL MEDICAL AUTHORITY

### ("RESPONSE TO USW MOTION TO COMPEL")

Delphi Corporation ("Delphi" or the "Company" ) and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), hereby submit this response (the "Response") to the motion filed by the United Steel,

Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers

Union, AFL-CIO/CLC ("USW" or the "Union") seeking to compel Delphi to have an impartial

medical examiner determine whether Terry Detrick ("Detrick"), an individual retiree, has

recovered from the condition that qualified him for total and permanent disability retirement

more than 20 years ago and is able to return to work (the "Motion").[1]  In support of this

Response, the Debtors respectfully represent as follows:

<u>Preliminary Statement</u>

1.      Through its Motion, the USW asks this Court to administer Delphi's Hourly-

Rate Employees Pension Plan ("HRP"), which is applicable to all of Delphi's union-represented

employees.  The USW asks the Court to substitute its judgment for that of the Company's with

regard to the sufficiency of the medical information that an individual retiree, Terry Detrick, has

provided in support of his claim that he is fit to return to work after retiring from General Motors

Corporation ("GM") in 1983 as totally and permanently disabled by his psychological disorders.

2.      The USW's Motion must be denied on two grounds.  First, the Motion is

procedurally deficient because it fails to initiate an adversary proceeding by filing a summons

and complaint with an underlying cause of action -- a necessary prerequisite to this Court's

consideration of this matter.

---

[1] Mr. Detrick retired from General Motors Corporation in 1983.  Subsequently, General Motors' Dayton, Ohio
facility where Mr. Detrick worked was spun off as a Delphi facility.  In order to return to work at the Delphi plant,
the USW must follow the procedure set forth in the HRP (as defined herein).  Declaration of James M. Petrie ¶ 16.

2

3.          Second, the USW's Motion fails on the merits because Detrick has failed to

exhaust the administrative procedures set forth in the HRP as required by both the Employee

Retirement Income Security Act of 1974, as amended ("ERISA") and the Labor Management

Relations Act.  Exhaustion of these procedures is required before the USW can seek judicial

relief from a determination made pursuant to the collectively bargained provisions of the HRP.

<u>Relevant Background</u>

4.          Delphi and the USW have entered into a series of agreements governing the

terms and conditions of employment for USW-represented employees at Delphi facilities in

Vandalia and Dayton, Ohio.  Among these are a series of supplemental agreements containing

the terms of various benefit programs, including the HRP, which are incorporated as part of the

main collective bargaining agreement between Delphi and the USW (the "CBA").  Currently, the

CBA remains in effect through September 14, 2007.[2]  The terms of the HRP apply not only to

Delphi's USW-represented employees and retirees, but to all of Delphi's union-represented

employees and retirees.  Declaration of James M. Petrie, executed November 22, 2006 ("Petrie

Decl.") ¶ 5.

A.          <u>Total & Permanent Disability Retirement Provisions</u>

5.          The HRP allows an employee to retire when he or she is totally and

 permanently disabled and therefore unable to perform work in any capacity for the Company.[3]

The plan sets a high bar and outlines a strict review procedure for determining whether an

employee is permanently and totally disabled and therefore eligible to receive total and

permanent disability benefits ("T&PD benefits") -- potentially for the rest of the employee's life.

Petrie Decl. ¶¶ 6-8, 28.

---

[2] The CBA is subject to the Section 1113/1114 Motion initiated by the Debtors on March 31, 2006.
[3] The GM pension plan, under which Detrick retired, contains a similar provision.  Petrie Decl. ¶ 6.

6.      An employee who retires because he or she is found to be totally and
permanently disabled may apply to return to work only if the employee is able to demonstrate
that there has been a change in the permanent and total nature of the qualifying disability that has
resulted in the retiree no longer having the disability or no longer being disabled from it.  The
HRP outlines a straightforward review procedure for return to work requests (collectively
bargained and agreed to by the unions representing Delphi's employees, including the USW),
including an appeals process, for evaluating whether a T&PD retiree is fit to return to work.  Id.
¶ 9.

7.      The first step in evaluating the fitness of an individual on T&PD retirement to
return to work requires the retiree "to provide medical evidence to the Plant Medical Director,
satisfactory to the Corporation, that supports that such retiree is no longer T&PD."  The
information provided must include, "among other relevant information, a narrative report that
details what has improved and why the condition under which such retiree was determined to be
T&PD no longer exists or no longer disables the retiree."  In addition, "[d]ocumentation will
include appropriate lab reports and/or test results."  Petrie Decl. ¶ 10, Ex. A at 87 (emphasis
added).

8.      If the Plant Medical Director determines, after reviewing the medical
documentation provided by the retiree (and in some cases an examination by the Plant Medical
Director), that the employee's condition has not changed in a manner that renders the employee
fit to return to work, he or she is required to advise the retiree, union benefit representative, and
third party pension administrator of this determination.  If the retiree disagrees with the Plant
Medical Director's finding, the retiree may contact his or her union benefit representative who
may forward the case to Delphi's Employee Benefits Staff for review with the Corporate Medical

Director.  The Benefits Staff and Corporate Medical Director will then provide an explanation as to why they have found that the retiree is not fit to return to work.  Petrie Decl. ¶ 11, Ex. A at 88.

9.      If the union benefit representative disagrees with the Company's determination, then he or she may then seek an impartial medical opinion.  "[I]n all cases where the retiree has been retired for five or more years, the retiree will be sent to an impartial specialist approved by the Delphi [employee benefits] staff and the Union Benefit Representative."  The decision of the impartial physician or clinic is "final and binding on the retiree, the Union and the Corporation."  Petrie Decl. ¶ 12, Ex. A at 88.

10.     The discretion afforded to Delphi with respect to the adequacy of medical documentation provided by an employee is important both in determining whether an employee is totally and permanently disabled and whether a retiree's total and permanent condition has changed.  A determination that an employee is eligible for T&PD benefits means that the employee is unable to perform any job at any Delphi facility in which he or she has seniority and that the employee may be entitled to receive pension and health benefits for life.  Petrie Decl. ¶ 28.

11.     The Company's discretion is equally important in determinations to return a T&PD retiree to work given the localized safety and health issues implicated by the decision.  Id. ¶ 29.

12.     The terms of the HRP apply to all union-represented Delphi employees.  Delphi and the unions representing its employees have successfully followed the procedures outlined in the HRP since they were negotiated in 1999.  On at least thirteen occasions, Delphi has followed the procedures set forth in the HRP to determine whether a T&PD retiree was fit to return to work.  Five retirees have returned to work and several remain retired either because,

like Detrick, they have not provided adequate medical documentation to allow Delphi to make an

initial determination regarding fitness to return to work, or because they were determined

through the HRP procedure to remain unable to work.  Petrie Decl. ¶ 13.

       B.    <u>Terry Detrick</u>

       13.    Terry Detrick was an employee in GM's Dayton, Ohio facility for

approximately 15 years.  In the early 1980s, Detrick developed


.  On the "Statement of Employee's Physician" portion of Detrick's

application for T&PD retirement, Detrick's physician indicated that

.  Petrie Decl. ¶ 14, Ex. B.

       14.    Detrick was determined to be eligible for T&PD retirement effective June 1,

1983.  Detrick has been retired and receiving pension and health benefits under the terms of the

GM pension plan continuously since June 1, 1983.  Petrie Dec. ¶ 16.

       15.     Between the late 1990's and 2005, the USW sent letters to GM (prior to 1999)

and Delphi requesting that Detrick no longer be considered totally and permanently disabled.

These letters, however, did not include any medical documentation in support of the request

beyond brief doctor's notes and a list of the dates of his psychiatric treatment sessions -- none

more recently dated than 2001.  Despite the USW's allegations, Delphi's local representatives

discussed Detrick's requests with local USW representatives during this time period.  <u>Id</u>. ¶¶ 17-

21.

       16.

.  Petrie Decl. ¶ 21.  Delphi has been unable to assess Detrick's fitness to

return to work based on the limited and outdated documentation provided by the USW.  <u>Id</u>. ¶ 22.

17.     Delphi informed Detrick on several occasions that the doctor's notes were inadequate for Delphi to make a determination as to his ability to return to work.  For example, in a letter dated August 19, 2002, Dr. Pace, the Divisional Medical Director, stated that he found "no current documentation to substantiate a reversal" of Detrick's T&PD status.  Id. ¶ 20, Ex. D.

18.     Given the USW's failure to comply with the first step in the HRP procedure, it does not have a right to bypass the HRP procedure to obtain an impartial medical examination as the USW requests in its Motion.

19.     In response to more recent requests by Detrick to return to work, Steven Gebbia, Delphi's Executive Director, Benefits & Policy, wrote a letter to the USW's Senior Counsel dated February 22, 2006 again stating Delphi's position that Detrick has not submitted the documentation required by the HRP, and "until he does so, no decision can be made" with respect to his fitness to return to work.  Petrie Decl. ¶¶ 23-24, Ex. E.  Mr. Gebbia lists the specific documentation Delphi would need to assess Detrick's case and suggests that the USW contact him directly.  Delphi never received a response to this letter and to date, the USW has not provided medical documentation of Detrick's condition dated more recently than 2001.  Id. Despite the USW's allegations in its Motion, local Delphi representatives have discussed Mr. Detrick's requests to return to work with local USW representatives throughout the years in connection with the sporadic requests described above.

C.      Benefits Associated With Detrick's Return To Work

20.     At the time that Detrick retired under the T&PD provisions of the HRP in 1983, he had 15.3 years of credited service and he was a Basic Benefit Class Code of A.   The Benefit Class Code is based on the rate of pay for the classification held by the applicant and determines the monthly benefit rate.  At the time of his retirement, his basic benefit rate was $18.20 per month per year of credited service (or $18.20 multiplied by 15.3 years of credited

service to obtain his monthly benefit amount).  With post retirement increases, his rate today is

$26.50 per month per year of credited service, for a total of $405.45 per month, less $20.27 for

the surviving spouse option, equaling an adjusted monthly gross benefit of $385.18.  Petrie Decl.

¶ 25.

21.    Notably, Detrick has been approved by the Social Security Administration to

receive social security disability insurance benefits ("SSDIB"), indicating that the federal

government also considers Detrick to be unable to work.  If he were not receiving SSDIB,

Detrick would qualify for an additional Temporary Benefit under the GM pension plan, payable

until he reached age 62 and one month.  Id.

22.    If Detrick recovered from the condition that caused him to be totally and

permanently disabled and was able to return to work and then he subsequently retired (which he

would have to do prior to the closing of the Dayton, Ohio plant in December 2007),  his basic

benefit rate would be $50.90 per month per year of credited service, and he would return to work

with the 15.3 years of credited service.  His subsequent retirement with unreduced benefits

would result in a gross benefit of approximately $778.77 ($50.90 x 15.3 years of credited

service), less surviving spouse coverage of $38.94, for an adjusted gross monthly benefit of

approximately $739.83 -- a 92.1% increase over the amount of benefits he receives currently.  Id.

¶ 26.

<u>Argument</u>

I.    <u>The USW Has Failed To Initiate An Adversary Proceeding</u>

23.    The USW has not commenced an adversary proceeding as required under the

United States Bankruptcy Code.  This failure is fatal to the USW's Motion.

24.    To commence an adversary proceeding and thereby invoke the Bankruptcy

Court's jurisdiction, a party must file a complaint stating an underlying cause of action, along

with fulfilling other requirements such as service of a summons.  Fed. R. Bankr. P. 7003; Fed. R.

Civ. P. 3; <u>see generally</u>  Fed. R. Bankr. P.  7004-7010.  "Adversary proceedings" include

proceedings "to obtain an injunction or other equitable relief, except when a chapter 9, chapter

11, chapter 12, or chapter 13 plan provides for the relief."   Fed. R. Bankr. P. 7001.

       25.      While the USW's Motion seeks equitable relief, the USW has failed to bring

an adversary proceeding because, among other things, it has not filed a complaint stating an

underlying cause of action.  <u>See</u>  <u>In re Garnett</u>, 47 B.R. 170 (E.D.N.Y. 1985) (debtor's motion to

enjoin creditors' action denied in part because he failed to commence the required adversary

proceeding); <u>In re Dahlquist</u> 33 B.R. 101 (Bankr. D. S.D. 1983) (court dismissed action for

permanent injunction where plaintiffs failed to file complaint and serve summons as required for

adversary proceedings); <u>see also</u> <u>In re Emmerling</u>, 223 B.R. 850, 870 (B.A.P. 2d. Cir. 1997)

(motion to reopen bankruptcy proceeding served with summons was a procedural nullity because

party failed to file a complaint).

       26.      Instead of properly initiating an adversary proceeding, the USW merely filed a

motion unsupported by any legal authority asking this Court to administer Delphi's HRP.

Through its Motion, the USW asks the Court to circumvent the very procedures -- including the

discretion afforded to the Company -- that it negotiated and agreed to as part of the 1999

amendments to the HRP.

       27.      The USW's failure to initiate an adversary proceeding is fatal.  The Motion

must be denied in its entirety because the USW has failed to follow the requirements set forth in

the Bankruptcy Code necessary for the Court to consider this matter.  Fed. R. Bankr. P. 7001(7),

7003, 7041, F. R. Civ. P. 41(b).

II.    Detrick Failed To Exhaust The Administrative Procedure Set Forth In The HRP

28.    Even if the Court overlooks the procedural deficiencies in the USW's Motion, the Motion should be denied on the merits because Detrick and the USW failed to exhaust the administrative procedure set forth in the HRP as required by ERISA and the Labor Management Relations Act.  The Union is required to exhaust these procedures prior to seeking enforcement of any labor or pension agreement by the Court.

A.    ERISA

29.    ERISA Section 503 requires that any plans administered under its provisions, such as Delphi's HRP,  provide certain administrative remedies.  29 U.S.C. § 1133.  Specifically, "every employee benefit plan shall -- (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied . . . (2) afford a reasonable opportunity . . . for a full and fair review by the appropriate named fiduciary".  Detrick's request to return to work is consistent with a "claim for benefits" under Section 503 because, if granted, Detrick will automatically be entitled to a higher pension benefit rate upon subsequent retirement (which would occur sometime prior to December 31, 2007 when the plant to which he would return is scheduled to close).  Petrie Decl. ¶¶ 25-26.

30.    Based on the requirements set forth in Section 503, courts have obligated plan participants to exhaust a plan's administrative procedures before seeking relief from the court. The Second Circuit has recognized "the firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases."  Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 595 (2d. Cir. 1993);  see Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989) (noting requirement that ERISA claimants exhaust administrative remedies provided for by their plan).  As a result, courts generally dismiss claims for benefits brought before the

plaintiff has exhausted the administrative remedies provided in the plan.  See Kennedy

(affirming district court's grant of summary judgment for defendant on basis that plaintiff did not

exhaust administrative remedies), Klecher v. Metro. Life Ins. Co., 01 Civ. 9566, 2003 U.S. Dist.

LEXIS 9572 (S.D.N.Y. June 5, 2003) (dismissing claim for benefits under long-term disability

plan for failure to exhaust administrative remedies); Barnett v. IBM Corp., 885 F. Supp. 581

(S.D.N.Y. 1995) (ERISA claim precluded when employee failed to exhaust remedies).

      31.     Requiring exhaustion of plan procedures promotes important policy goals.

"The primary purposes of the exhaustion requirement are to: (a) uphold Congress' desire that

ERISA trustees be responsible for their actions, not the federal courts; (b) provide a sufficiently

clear record of administrative action if litigation should ensue; and (c) assure that any judicial

review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not

de novo."  Kennedy, 989 F.2d at 594, (citing Denton v. First Nat'l Bank, 765 F.2d 1295 (5th

Cir.), reh'g denied, 772 F.2d 904 (5th Cir. 1985)).  The requirement is also intended to "help

reduce the number of frivolous lawsuits under ERISA; promote the consistent treatment of

claims for benefits; to provide a nonadversarial method of claims settlement; and minimize the

costs of claims settlement for all concerned."  Id., (citing Amato v. Bernard, 618 F.2d 559, 567

(9th Cir. 1980)).

      32.     Here, the USW has not exhausted the procedures set forth in the HRP for

T&PD retirees seeking to return to work.  In fact, through its Motion, the USW argues that

despite the clear terms of the HRP to which it agreed, the Court should substitute its judgment

for the Company's and find that the provision of short doctor's notes and an outdated medical file

entitles Detrick to skip steps in the HRP administrative procedure and allow him to be examined

by an impartial medical examiner -- the last step in the T&PD retirement return to work

determination.

33.    The terms of the HRP are very clear, however: an employee wishing to end

his T&PD retirement must first present medical evidence "satisfactory to the Corporation."  The

HRP even enumerates the categories of documentation a retiree is required to furnish to the

Company.  Petrie Decl., Ex. A at 87.  The USW agreed to this procedure, including the standard

that a retiree's medical documentation be satisfactory to the Company.

34.    Despite the fact that Delphi has specifically advised Detrick on several

occasions of the documentation required to evaluate his request to return to work, Detrick

continues to fail to comply with the Company's requirement -- he has not yet presented any

medical documentation supporting a change in his total and permanent disability that indicates

his ability to return to work.  Delphi is certainly entitled to know what has changed in Detrick's

total and permanent disability as a basis for consideration of his return to work before it invests

the time and resources involved with determining whether Detrick is fit to return to work.  Only

after Detrick submits sufficient medical documentation can Delphi's plant level medical

examiner make a determination as to his fitness to return.

35.    The HRP then sets forth several levels of review should the USW dispute the

plant level decision -- the final step being a review by an impartial medical examiner.   The

Union's attempt to bypass this collectively-bargained procedure must be denied.

36.    Further, pursuing the administrative procedures outlined in the HRP would

not be futile in this case because there has been no denial of the benefits Detrick seeks -- a

determination that he is fit to return to work and the associated increase in pension benefits he

would be entitled to upon subsequent retirement.  See Davenport v. Harry N. Abrams, Inc., 249

F.3d 130, 133 (2d Cir. 2001) (correspondence in which employer stated that it did not consider

employee eligible for benefits did not amount to "unambiguous application for benefits and a

formal or informal administrative decision denying benefits [such that] it is clear that seeking

further administrative review of the decision would be futile").  Delphi has not denied Detrick a

benefit, it has merely informed Detrick that he needs to provide adequate medical documentation

before the Plant Medical Director can make a determination regarding his fitness to return to

work.  Detrick has refused to follow the contract procedures without explanation, however, even

after Delphi has reiterated its need for additional documentation in order to assess his claim.  Cf.

Thomas v. Verizon, 02 Civ. 3083, 2004 WL 1948753, at *5 (S.D.N.Y. Sept. 2, 2004) (granting

summary judgment for defendant when plaintiff refused to submit to medical examination

required by plan procedures).  If challenged through an ERISA action, the Company's decisions

under the HRP are held to an arbitrary and capricious standard.  See Kennedy, 989 F.2d at 594

        37.     Requiring the USW to follow the procedures set forth in the HRP is consistent

with the law and promotes ERISA's policy goals by assuring that any judicial review of fiduciary

action (or inaction) applies the well-settled arbitrary and capricious standard, creating a clear

record, and avoiding frivolous lawsuits.  See id.

        38.     Most significantly here, a failure to enforce the HRP's administrative

procedures would contravene Congress' intent for ERISA trustees, not federal courts, to

administer benefit plans.  Allowing the USW to proceed with its claim could open the flood

gates to any number of suits by GM and Delphi retirees disagreeing with a Company decision

under the HRP.  See id.  Delphi's decisions under the HRP are to be given deference, unless a

court finds them to be arbitrary and capricious -- a standard that the USW fails to meet here in

challenging Delphi's assessment that Detrick's non-specific doctor's notes from 2001 are not

adequate to entitle him to a Company review of his fitness to return to work after retiring as totally and permanently disabled over 20 years ago.

    B.    Labor Management Relations Act

    39.    Similarly, Section 301 of the Labor Management Relations Act provides that prior to filing any suit to enforce the terms of a collective bargaining agreement (including an HRP), an employee or union must make "use of the contract grievance procedures agreed upon by employer and union."  29 U.S.C. § 185; see Republic Steel Corp. v. Maddox, 379 U.S. 650, 653 (1965);  see also Vera v. Saks. & Co., 335 F.3d 109, 118-19 (2d Cir. 2003) (upholding grant of summary judgment in favor of employer because "plaintiff failed to exhaust his remedies under the CBA to grieve and arbitrate his [ ] claim").

    40.    An employee may only be excused from the obligation to exhaust the procedures outlined in the CBA in very limited circumstances "where the conduct of the employer amounts to a repudiation of those contractual procedures."  Heyer v. Morris Okun, Inc., 03 Civ. 2218, 2003 U.S. Dist. LEXIS 14495 (S.D.N.Y. Aug. 20, 2003), (quoting Vaca v. Sipes, 386 U.S. 171, 185 (1967)); see, e.g., Desrosiers v. American Cyanamid Co., 377 F.2d 864, 870 (2d Cir. 1967) (affirming dismissal in part where plaintiff did not show futility to excuse his failure to exhaust his remedies under the contract).  The USW is obligated to follow the administrative procedures outlined in the HRP prior to filing any lawsuit to enforce its terms.

Notice

    41.    Notice of this Response has been provided in accordance with the Amended Eighth Supplemental Order under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and Administrative Procedures, and (iii) Scheduling an Initial Case Conference in

14

Accordance with Local Bankr. R. 1007-2(e), which was entered by this Court on October 26,

2006 (Docket No. 5418).  In light of the nature of the relief requested, the Debtors submit that no

other or further notice is necessary.

Memorandum Of Law

42.    Because the legal points and authorities upon which this Response relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

Conclusion

43.  The Debtors respectfully request that the Court enter an order (a) denying the

USW's Motion and (b) granting such other and further relief as is just and proper.

Dated: New York, New York
      November 22, 2006

SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP

By: /s/ John Wm. Butler, Jr.        
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700


By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

O'MELVENY & MYERS LLP

By: /s/ Tom A. Jerman
    Robert A. Siegel (RS 0922)
    Tom A. Jerman (TJ 1129)
    Rachel S. Janger
    Jessica Kastin (JK 2288)
1625 Eye Street, NW
Washington, DC  20006
(202) 383-5300

GROOM LAW GROUP, CHARTERED

By: /s/ Lonie A. Hassel
    Lonie A. Hassel (LH 8805)
1701 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 857-0620

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

**Hearing Date and Time: November 30, 2006**
**at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
Robert A. Siegel (RS 0922)
Tom A. Jerman (TJ 1129)
Rachel S. Janger
Jessica Kastin (JK 2288)

GROOM LAW GROUP, CHTD
1701 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 857-0620
Lonie A. Hassel (LH 8805)

Attorneys for Delphi Corporation, et al.,
   Debtor and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :
In re                     :    Chapter 11
                          :
DELPHI CORPORATION, et al.,  :    Case No. 05-44481 (RDD)
                          :
            Debtors.   :    (Jointly Administered)
                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF JAMES M. PETRIE IN SUPPORT OF DEBTORS' RESPONSE
TO USW'S MOTION TO COMPEL DEBTORS TO SUBMIT INDIVIDUAL
<u>EMPLOYEE MATTER TO IMPARTIAL MEDICAL AUTHORITY</u>

I, James M. Petrie, declare and state as follows:

1.      I am currently employed as Delphi's Pension Plan Manager, and am a member of

Delphi's Corporate Pension Staff.  I began working at General Motors Corporation ("GM")

effective July 8, 1963, as a cooperative engineering student and have worked at Delphi as

Pension Plan Manager since June 1, 1999, after it was spun off from GM.

2.      In my current position with Delphi my responsibilities include: drafting language

for proposed plan amendments, participating in national negotiations related to pension plan

changes, interpreting plan language, processing payments for pension administration expenses,

and calculating pension estimates for executives.  I also provide direction and advice to union

benefit representatives, develop and present pension training materials for union conferences,

provide direction to and audit the performance of Delphi's third party pension administrator, and

communicate pension performance to key Delphi stakeholders.

3.      I submit this declaration in support of the Debtors' Response to the motion filed

by the USW seeking to compel Delphi to have an impartial medical examiner determine whether

Terry Detrick ("Detrick"), an individual retiree, has recovered from the condition that qualified

him for total and permanent disability retirement more than 20 years ago and is able to return to

work (the "Motion").  Any capitalized terms not expressly defined herein are intended to have

the meanings ascribed to them in the Response, and references to Delphi herein include the

Debtors, as appropriate.  Except as otherwise indicated, all facts set forth in this declaration are

based upon my personal knowledge, my review of relevant documents, my opinion, and my

experience and knowledge of Delphi's employee benefit programs.  If I were called on to testify,

I could and would testify to the facts set forth herein.

I.      The Delphi-USW Hourly-Rate Pension Plan

4.      Delphi and the USW have entered into a series of agreements governing the terms and conditions of employment for USW-represented employees at Delphi facilities in Vandalia and Dayton, Ohio.  Among these are a series of supplemental agreements containing the terms of various benefit programs, including an Hourly-Rate Employees Pension Plan ("HRP"), which are incorporated as part of the main collective bargaining agreement between Delphi and the USW (the "CBA").  The provisions of the HRP represent the negotiated terms of agreement between Delphi and the unions representing its hourly employees.  Currently, the CBA remains currently in effect through September 14, 2007.

5.      The terms of the HRP applicable to USW-represented employees at Delphi are the same HRP terms applicable to all Delphi union-represented employees, including those represented by the UAW and the IUE-CWA.

A.      Total & Permanent Disability Retirement Provisions

6.      The HRP provides retirement benefits for employees who are totally and permanently disabled ("T&PD benefits").  A true and correct copy of the portion of the HRP containing the T&PD benefit provisions is attached hereto as Exhibit A.  GM's pension plan contains a similar provision.

7.      The HRP outlines a strict review procedure for determining eligibility for T&PD benefits.  An employee will only be deemed eligible to retire under this provision if he or she is totally and permanently disabled preventing the employee from performing any job at the Delphi facility where the employee has seniority.

8.      In order to qualify for T&PD retirement an employee must have at least ten years of credited service at Delphi as defined in Article III of the HRP, and must present "medical evidence satisfactory to [Delphi]" of total and permanent disability, as described in Exhibit A at

3

page 83.  The plan provides for several layers of review if Delphi determines that the employee

is not in fact totally and permanently disabled based on the medical evidence presented,

including an appeal for a medical exam, as described in Exhibit A at pages 83-85.   If an

employee is determined to be totally and permanently disabled, he or she is entitled to retire and

receive T&PD benefits.

9.      A retiree who has been retired and receiving T&PD benefits may apply to return

to work, if the employee is able to demonstrate that the condition that caused the total and

permanent disability no longer exists or no longer totally disables the retiree.  The HRP outlines

a straightforward and strict review procedure, similar to the procedure used to determine whether

the employee was first eligible to retire under the T&PD provisions.  This procedure includes an

appeals process for evaluating whether an individual seeking to return to work from T&PD

retirement is fit to do so as described in Exhibit A at pages 87-89.

10.      The first step in evaluating an individual's fitness to return to work from a T&PD

retirement requires the retiree "to provide medical evidence to the Plant Medical Director,

satisfactory to the Corporation, that supports that such retiree is no longer T&PD."  (emphasis

added).  The information provided must include, "among other relevant information, a narrative

report that details what has improved and why the condition under which such retiree was

determined to be T&PD no longer exists or no longer disables the retiree."  In addition,

"[d]ocumentation will include appropriate lab reports and/or test results." (emphasis added).  The

Plant Medical Director may also examine the retiree.  These procedures are set forth in the HRP

attached hereto as Exhibit A at page 87.  Significantly, the documentation must exhibit a

dramatic change in the T&PD condition of the employee to warrant a finding that he or she is fit

to return to work.  This procedure was negotiated and agreed upon by Delphi and the USW.

4

11.    Pursuant to the clear procedures set forth in the HRP, if the Plant Medical

Director determines, after reviewing medical documentation (and in some cases an examination

by the Plant Medical Director), that the employee's condition has not changed in a manner that

renders the employee fit to return to work, the Medical Director is required to advise the retiree,

union benefit representative, and third party pension administrator of this determination.  If the

retiree disagrees, the retiree may contact his or her union benefit representative who may forward

the case to Delphi's Employee Benefits Staff for review with the Corporate Medical Director.

Delphi's Benefits Staff and Corporate Medical Director will then provide an explanation as to

why the retiree is not fit to return to work.  See  Exhibit A at 88.

12.    If the union benefit representative disagrees with the Company's determination,

then he or she may seek an impartial medical opinion.  "[I]n all cases where the retiree has been

retired for five or more years, the retiree will be sent to an impartial specialist approved by the

Delphi [employee benefits] staff and the Union Benefit Representative."  The decision of the

impartial physician or clinic is "final and binding on the retiree, the Union and the [Company]."

See Exhibit A at 88.  Again, this procedure was put in place as a result of collective bargaining

negotiations between Delphi and the unions representing its employees, including the USW.

13.    The terms of the HRP apply to all union-represented Delphi employees.  Delphi

and the unions representing its employees have successfully followed the procedures outlined in

the HRP since they were negotiated in 1999.  Delphi has received at least thirteen requests from

T&PD retirees to return to work since that time.  After following the procedures set forth in the

HRP, five retirees returned to work.  In addition, three individuals remain retired under the

T&PD program because they were considered, after an impartial medical examination, to

continue to be totally and permanently disabled and unable to work.  And, one individual's

5

impartial medical exam was cancelled because he died from the T&PD condition he alleged to

have recovered from prior to the exam date.  Finally, four individuals remain retired because,

like Detrick, they failed to provide sufficient information for Delphi to make an initial

determination as to the individual's recovery and fitness to return to work.

II.    <u>Terry Detrick</u>

14.    Terry Detrick was an employee at GM's Dayton, Ohio facility for approximately

15 years.  In the early 1980s, Detrick



, as

described in the "Statement of Employee's Physician" portion of Detrick's application for T&PD

retirement, attached hereto as Exhibit B.

15.    On the "Statement of Employee's Physician" form, Detrick's physician indicated

that


, making him totally and permanently disabled and therefore eligible for T&PD

retirement.

16.    Detrick retired effective June 1, 1983, under the T&PD provisions of the GM

pension plan.  Subsequently, GM's Dayton, Ohio facility where Mr. Detrick worked was spun off

as a Delphi facility.  In order for Detrick to return to work at the Delphi plant, he and the USW

must follow the procedure set forth in the HRP.  Detrick has been retired and receiving pension

and health benefits under the terms of the GM pension benefit program continuously since June

1, 1983.

17.    Detrick contacted first GM and then Delphi regarding returning to work in the late

1990s, but did not pursue his requests beyond submitting short doctor's notes from a Doctor Ieva

Veveris.  Delphi was unable to assess his fitness to return to work because of the brief, non-

6

substantive nature of the notes he provided, and informed him that he would have to provide more specific information to substantiate a change in his T&PD condition.

18.     Detrick also submitted several brief notes from Dr. Veveris to the Plant Medical Director in 2001, none of which were substantive or more than a page in length.  The only other documentation Detrick submitted to the Company was a list of the dates of his treatment sessions with Dr. Veveris.

19.     At the Union's request, in early 2002, Delphi attempted to evaluate Detrick's case on the basis of the information provided by him in 2001.  Doctor Tonya Rutledge, Plant Medical Director, passed the information provided by Detrick to the Divisional Medical Director, Dr. Thomas Pace for further guidance.  A true and correct copy of the letter from Dr. Rutledge to Dr. Pace is attached hereto as Exhibit C.  Dr. Pace also concluded that he could not make a determination as to Detrick's fitness to return to work based on the limited documentation provided to date.

20.      By letter dated August 19, 2002, attached hereto as Exhibit D, Dr. Pace informed the USW that he could not determine Detrick's fitness to return to work based on the information the USW had provided to the Company.  Contrary to the implication in the USW's Motion, Dr. Pace did not deny Detrick's claim but instead informed the USW and Detrick that he had not received enough information to make an initial determination as to Detrick's fitness to return to work.

21.     Delphi received two short letters (attached as Exhibits C and D to the USW's Motion), one in 2002 and one in 2003 from USW representatives requesting that Detrick be examined by an impartial medical examiner.  The USW attached no medical documentation to either of these letters and made no indication of a further change in Detrick's medical condition.

7

As Detrick had never presented any medical evidence regarding his treatment or detailing a change in his total and permanent disability, the Divisional Medical Director still could not make a determination about his fitness to return to work.

22.    It was not until January 28, 2005, that the USW submitted additional medical documentation, specifically the notes from Dr. Veveris' sessions with Detrick -- none of this medical documentation was dated, however, more recently than 2001.  Thus, these documents were not complete or current enough for the Divisional Medical Director to make a determination as to Detrick's ability to return to work.  As a result, the case could not progress to the first level of the appeal process set forth in the HRP (a review by Delphi Employee Benefits Staff and the corporate-level Medical Director), which is a clear prerequisite to the next level of appeal, which includes an examination by an impartial medical examiner -- the relief the USW seeks in its Motion.

23.    Steven Gebbia, Delphi's Executive Director, Benefits & Policy wrote a letter to the USW's Senior Counsel dated February 22, 2006, again stating Delphi's position that Detrick had not submitted the documentation required under the HRP, and "until he does so, no decision can be made" with respect to his fitness to return to work.

24.    The letter, attached hereto as Exhibit E, also explains Delphi's specific concern regarding Detrick's failure to provide adequate medical documentation given the changes at the Dayton, Ohio plant.  Mr. Gebbia listed the specific documentation that, pursuant to the clear terms of the HRP, Delphi would need to assess Detrick's fitness to return to work, and suggested that the USW contact Mr. Gebbia directly.  Delphi never received a response to this letter.  Thus, the Company remains unable to evaluate Detrick's fitness to return to work because he has not

complied with the first stage of review outlined in the HRP. He is therefore not entitled to an impartial medical exam as the USW asks the Court to grant him through its Motion.

III.    Benefits Associated With Detrick's Return To Work

25.    At the time that Detrick retired under the T&PD plan in 1983, he had 15.3 years of credited service at GM and he was a Basic Benefit Class Code of A. The Benefit Class Code is based on the rate of pay for the classification held by the applicant and determines the monthly benefit rate. At the time of his retirement, Detrick's basic benefit rate was $18.20 per month per year of credited service (or $18.20 multiplied by 15.3 years of credited service to obtain a monthly benefit amount). With post retirement increases, his rate today is $26.50 per month per year of credited service totaling a monthly benefit of $405.45, less $20.27 for the surviving spouse option, for an adjusted gross benefit of $385.18 per month. Notably, Detrick has been approved by the Social Security Administration to receive social security disability insurance benefits ("SSDIB"). If he were not receiving SSDIB, Detrick would qualify for an additional temporary benefit under the HRP, payable until he reaches age 62 and a month.

26.    If Detrick recovered from the condition that caused him to be totally and permanently disabled and was able to return to work, only to subsequently retire shortly thereafter, his basic benefit rate would equal $50.90 per month multiplied by his 15.3 years of credited service. Thus, a subsequent retirement with unreduced benefits would result in a gross benefit to Detrick of $778.77 ($50.90 multiplied by 15.3 years of service), less surviving spouse coverage of $38.94, for an adjusted gross benefit of $739.83 per month, or a 92.1% increase over the amount of benefits he currently receives under the GM pension plan. Given that the Dayton, Ohio facility is scheduled to close in December 2007, if Detrick were to return to work he would likely retire prior to the close of the facility.

27.    In addition, the USW has been actively negotiating an hourly attrition program with Delphi.  While the terms of any such program have not yet been finalized, in the event a USW hourly attrition program is implemented after Detrick returns to work, Detrick would be able to accelerate his retirement and commence receiving the higher benefit payments described above.   Based on his years of credited service, however, it is unlikely that Detrick would be eligible for any additional lump sum payment under the terms of any agreed upon USW hourly attrition program.

IV.    The Company's Interest In Making Pension Eligibility Determinations

28.    The discretion afforded to the Company in procedures set forth in the HRP is extremely important, in large part because of the serious economic and other consequences of determining that an employee has become totally and permanently disabled and no longer able to perform work of any kind for the Company.  Depending on the tenure of the individual employee, this determination entitles the employee to pension and health benefits potentially for life.

29.    The USW seeks here to bypass the procedures that it agreed to in the HRP requiring a T&PD retiree to first submit his or her claim for review at the plant level with adequate medical documentation before seeking corporate-level review or an examination by an impartial medical examiner.  The plant personnel are best qualified to make a T&PD determination because they are closest to and have the most knowledge about the employee or retiree and his or her work at a particular Delphi facility, as well as the jobs available at the facility and the skills required to perform those jobs.

30.    Moreover, allowing the USW to bypass the T&PD procedures and circumvent the Company's discretion would set a dangerous precedent for Delphi's thousands of union-represented employees and retirees to rely upon.  The HRP requires documentation satisfactory

10

to Delphi both for determinations that an employee is totally and permanently disabled and that a

T&PD retiree is fit to return to work.  If the USW is allowed to bypass these collectively

bargained procedures in this case, it could open the floodgates to claims by scores of both active

and retired GM and Delphi employees who are dissatisfied with any of the HRP's procedures -- a

result that was certainly not intended by either the Company or the unions representing its

employees when the terms of the HRP were negotiated and agreed upon as part of Delphi's

collective bargaining agreements.

 I declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the foregoing is

true and correct to the best of my knowledge, information, and belief.


Executed this 22nd day of November, 2006

/s/ James M. Petrie_____<br>
JAMES M. PETRIE

11

# EXHIBIT A

# Supplemental Agreement

Covering

## PENSION PLAN

Exhibit A
to
AGREEMENT
between
DELPHI ENERGY AND CHASSIS SYSTEMS
DELPHI AUTOMOTIVE SYSTEMS
CORPORATION
and
USWA
LOCAL NO. 87
dated
December 8, 1999

### 3. Total and Permanent Disability Retirement

(a) Employees with seniority may apply for a total and permanent disability retirement on form HRP-15, "Application for Total and Permanent Disability Benefits". Such forms will be available through the Center or the Union member of the Pension Committee.

(b) The employee will supply a physician's statement and other necessary information on form HRP-15 and submit the form to the Center. The Center will furnish one copy of the front side of form HRP-15 to the Union member of the Pension Committee.

(c) An employee with seniority who has a terminal condition may apply immediately for T&PD retirement as provided in paragraphs (a) and (b) above. In the event such employee has been on leave at least one month and the cause of death is directly or indirectly a result of the terminal condition which gave rise to the disability leave of absence (for example, excluding death as a result of homicide, suicide or accidental death), and who has applied for retirement prior to death, shall not disqualify an otherwise eligible surviving spouse from receiving a benefit. Notwithstanding the foregoing, effective October 1, 1999, (a) in the case of an occupational injury or disease incurred in the course of employment with the Corporation resulting in death, neither the one-month period nor the leave of absence requirement shall apply, and (b) in the case of a terminal condition as such term is used and qualified in this paragraph, the one-month period shall not apply.

(d) The Center will notify each employee who has been absent for 5 continuous months, because of disability, of such employee's possible eligibility for total and permanent disability pension. The Union member of the Pension Committee will be furnished a copy of the employee's notification letter. If such

absence continues for a period of 9 full months because of disability and the employee has not applied for total and permanent disability pension, the Center will again notify the employee of such employee's possible eligibility for such pension and will furnish a copy of the employee's notification to the Union member of the Pension Committee.

(e) When it becomes necessary to determine whether an employee is totally and permanently disabled within the meaning of the Pension Plan, the following procedure shall govern:

(1) The Corporation will make such determination upon the basis of medical evidence satisfactory to it. If it is determined that the employee is totally and permanently disabled, the Center will process the application in accordance with the procedures set out in Section D, "Authorization for Pension Benefits".

If it is determined that the employee is not totally and permanently disabled, the Center will prepare form HRP-22, "Notice of Corporation Determination - Application for Total and Permanent Disability Benefits". Copies of such form will be furnished to the employee and the Union member of the Pension Committee. The Center also will furnish the Union member of the Pension Committee with a copy of the reverse side of form HRP-15, "Statement of Employee's Physician".

(2) If the Union member of the Pension Committee disagrees with the Corporation's determination, an appeal of such determination may be made in writing to the Center within 30 days after the Union member's receipt of form HRP-22. The Pension Committee shall then designate a clinic in the area which is on the approved list (Appendix D-1) to examine the employee and determine whether the

Appendix D

employee is totally and permanently disabled pursuant to the provisions in Article II, Section 3(b) of the Plan.

(3) In lieu of the provision in Paragraph B3 (e)(1) above, the Pension Committee may designate a clinic in the area on the approved list (Appendix D-1) to examine the employee and make a determination as set forth in Paragraph B3 (e)(2) above.

(4) Prior to the examinations referred to in Paragraphs B3 (e)(2) and B3 (e)(3) above, the Center will prepare form HRP-21, "Determination of Total and Permanent Disability", and will furnish one copy to the clinic, one copy to the employee and one copy to the Union member of the Pension Committee. An employee, whose Delphi employing unit is more than 40 miles one way from the clinic in the area on the approved list designated by the Pension Committee to examine the employee to make a determination as to whether the employee is totally and permanently disabled, will be reimbursed, upon written request, at the rate of 31 cents per mile for miles actually driven from the employee's residence to such clinic and back, using the most direct route available.

(5) The clinic, after examining the employee, shall make a determination if the employee is totally and permanently disabled. Such determination shall decide the question and shall be final and binding on the employee, the Corporation and the Union.

(6) Upon receipt of any clinic determination, the Center will complete form HRP-21A, "Notice of Clinic Determination - Total and Permanent Disability", furnish copies to the employee and the Union member of the Pension Committee, and retain a copy in the employee's pension file. If the clinic determination is that the employee is not totally and permanently disabled, form HRP-21A shall instruct

84

Appendix D

such employee to report to the Plant Medical Director for examination.

(7) If the clinic, after examining the employee, determines that the employee is not totally and permanently disabled, the Plant Medical Director will examine the employee to determine whether the employee is able to perform a job in the plant.

(8) If the Plant Medical Director, after examining the employee, determines that the employee is able to perform a job in the plant, the employee will be deemed by the Corporation not to be totally and permanently disabled within the meaning of the Pension Plan. Such job will be identified in writing to the employee with a copy to the Union member of the Pension Committee.

(9) If the Plant Medical Director, after examining the employee, determines that the employee is not able to perform any job in the plant, the employee will be deemed by the Corporation to be totally and permanently disabled within the meaning of the Pension Plan.

(l) When it becomes necessary to determine whether a disability pensioner continues to be totally and permanently disabled within the meaning of the Pension Plan, the following will implement the provisions of Article II, Section 3(c) of the Plan:

(1) The Corporation will make such determination upon the basis of medical evidence satisfactory to it. If it is determined that the pensioner is no longer totally and permanently disabled, the Corporation will prepare form HRP-23, "Notice of Corporation Determination - Cessation of Total and Permanent Disability Benefits", and will furnish copies to the disability pensioner, the Union member of the Pension Committee, the local Personnel Director, and two copies to the Board.

85

Appendix D

(2) If the Union member of the Pension Committee disagrees with the Corporation's determination, the procedure described in Paragraph B3 (e) will apply.

(g) When it is found that a disability pensioner is employed, the Corporation will make such investigation as it considers appropriate to determine if the pensioner is engaged in gainful employment for purposes other than rehabilitation. If the Corporation determines, on the basis of evidence satisfactory to it, that the employment in which the disability pensioner is engaged is gainful employment and is not for purposes of rehabilitation, the Corporation will prepare form HRP-23 and will furnish copies to the disability pensioner, the Union member of the Pension Committee, the local Personnel Director, and two copies to the Board.

(1) If such pensioner disputes the Corporation's determination on the basis that the employment is not gainful employment, such determination may be appealed by filing a written claim with the Pension Committee as set forth in Section K herein.

(2) If such pensioner disputes the Corporation's determination on the basis that the employment is for purposes of rehabilitation, such pensioner may, within 30 days of receipt of such determination, file a written claim with the Center on form BA 1, "Employee Claim to Pension Committee". The Pension Committee shall then designate a clinic in the area which is on the approved list (Appendix D-1) to examine the pensioner. The opinion of the clinic shall decide the question with respect to whether the employment in which the disability pensioner is engaged is rehabilitative or not and such opinion shall be final and binding on the pensioner, the Corporation and the Union. Such clinic exam shall not be performed

86

---

Appendix D

if there is any unresolved claim pending with respect to whether such pensioner's employment is gainful employment.

(h) If a disability pensioner returns to work for the Corporation, Management will notify the Union member of the Pension Committee and the Center of such return to work.

(i) When a former employee who has retired under total and permanent disability provisions (T&PD) asserts such retiree has recovered and notifies the Corporation of their intent to return to work, the following procedure will be utilized:

(1) The retiree will provide medical evidence to the Plant Medical Director, satisfactory to the Corporation, that supports that such retiree is no longer T&PD. The information will include, among other relevant information, a narrative report that details what has improved and why the condition under which such retiree was determined to be T&PD no longer exists or no longer disables the retiree. Documentation will include appropriate lab reports and/or test results.

(2) If necessary, the Plant Medical Director may examine the retiree to determine if the retiree has recovered.

(3) If the Plant Medical Director determines the retiree has recovered and is able to engage in regular employment on a job within the plant, the Plant Medical Director will review the matter with the Corporation. If the Corporation agrees, the retiree is to be removed from T&PD status and seniority will be treated as set forth in Exhibit A, Section 4(b) of the Supplemental Agreement (Pension Plan), and the retirement is to be cancelled. The Plant Medical Director will advise the retiree, the Union Benefit Representative (UBR), and the Center

87

Appendix D

(4) If the Plant Medical Director determines that the retiree has not recovered and should remain on T&PD retirement, the retiree will continue in T&PD status under the Pension Plan. The Plant Medical Director will advise the retiree, the UBR and the Center.

(5) If the retiree disagrees, the retiree may contact the UBR. If the UBR disagrees with the Plant Medical Director's determination, the UBR will forward the case, with all pertinent medical information, to the Union Benefit Representative. The Union Benefit Representative may forward the case to the Delphi Employee Benefits (EB) Staff. After reviewing the case with the Corporate Medical Director, the Delphi EB Staff will provide the Union Benefit Representative with the Corporate Medical Director's decision of why the retiree has not recovered and is not able to engage in regular employment on a job within the plant. If the Union Benefit Representative disagrees with the determination of the Corporation, the Union Benefit Representative and the Delphi EB Staff may agree to schedule an exam with an impartial specialist physician selected by the Plant Medical Director or, in the absence of such agreement, the Delphi EB Staff will advise the Plant Medical Director to schedule an exam with an impartial clinic in the area which is on the approved list (Appendix D-1). However, in all cases where the retiree has been retired for five or more years, the retiree will be sent to an impartial specialist approved by the Delphi EB Staff and the Union Benefit Representative. The impartial clinic or physician will determine whether the retiree has recovered and is able to engage in regular employment on a job within the plant. The decision of the impartial clinic or physician is final and binding on the retiree, the Union and the Corporation.

88

Appendix D

If the impartial clinic determines the retiree remains totally and permanently disabled, the former employee remains retired and cannot reapply to return to work unless there is a substantial change in the retiree's medical condition subsequent to the initial request to return to work. If the impartial physician determines the retiree has recovered and is able to engage in regular employment on a job within the plant, the retiree is to be removed from T&PD status and seniority will be treated as set forth in Exhibit A, Section 4(b) of the Supplemental Agreement (Pension Plan). The Plant Medical Director will advise the retiree, the Union Benefit Representative and the Center of the determination.

## C. PENSION BENEFITS TO SURVIVING SPOUSE

1. An employee who retires prior to age 55 with benefits commencing on or after October 1, 1970, excluding 1) an employee with 30 or more years of credited service who retires with benefits commencing on or after October 1, 1974, or 2) an employee retiring with benefits commencing on or after October 1, 1984, as early as age 50 under mutually satisfactory conditions in accordance with the Standards set forth in the Pension Plan, will be informed by the Center prior to age 55 with respect to surviving spouse coverage. The retired employee for whom such surviving spouse coverage is to be effective must advise the Center of the intent to reject the coverage, on a form approved by the Corporation, "Rejection/Election of Survivor Coverage", which includes the written consent of the pensioner's spouse that informs the spouse of the effect of rejection, and that is witnessed by a notary public, and filing it with the Center, during the month prior to the month in which the pensioner attains age 55.

89

# EXHIBIT B

STATEMENT OF EMPLOYE'S PHYSICIAN

FILED UNDER SEAL

Date signed ___ JUNE 25 ___ 19 _53_  Signature of physician. _____

Graduate of _MEDICAL SCHOOL_____  Address: BUENOS ARES ARGENTINA _____
                                              Number              Street

Year graduated _1946_____  2801 FAR HILLS DAYTON. OHIO ___ 45719
                                    City            State or Province    Zip or Postal Code

# EXHIBIT C


**Chassis Systems**

February 18, 2002

Thomas Pace, M.D.
Divisional Medical Director Delphi E&C

RE: Detrick, Terry
SS # 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
DOB-09/27/48
Seniority date: 09/24/67
Date of T&P retirement-1983

Dr. Pace:

Mr. Detrick is applying for return to work after an approximate 22 years absence from his duties at GM/Delphi. Although his T&P application was approved 06/0/83, he was disabled and had not worked in the plant since 10/27/80.

His current psychiatrist is Dr. Ieva Veveris who had written 3 letters of support for his return to work when he initially presented to our plant on May 02, 2001 for request to return. At the time, it was investigated as to whether or not his application to return to work should be General Motors or Delphi. It has been determined that he is to apply to Delphi. Although his physician has submitted a letter of narrative support, he has not submitted further information that is required for consideration. The information in question is noted per the supplemental agreement covering pension plans dated 12/08/99, appendix D-2h page 87. He has applied two previous times to return to duties, April 1999 and May 1999. In October 1997, there was also a request for return to duties. All of these request appeals have been denied.

Eldon House, staff representative for Local 87, has contacted our department on his behalf and was advised of the need for this information, which the letter dated September 2001, from Dr. Veveris, attempts to address. Due to the requirements stated in the agreement of 12/08/99, these letters do not suffice as enough information to return him to duty. In addition, the previous appeals to return to work may have further information about his condition previously which is not at our plant.

I am submitting to you the information that we have for your review. In light of his prolonged absence from the work force here and the changes in the work environment, especially the magnitude of change, will he be able to tolerate these changes? In addition, he has attempted to change careers prior to his petition to return and unfortunately, was unsuccessful in that transition.

Dr. Pace, I apologize for the delay in which you have recovered this information. We were attempting to gather information involving this case and also which division had jurisdiction.

Respectfully,

Tonya R Rutledge

Tonya Rutledge, M.D.

**EXHIBIT D**

262 - 3542

# DELPHI
Automotive Systems

memo

Date:      August 19, 2002
To:        Eldon House, Local 87
From:      Thomas Pace, M.D.
Subject:   Terry Detrick

Mr. House,

After thorough examination of reports and records submitted, I find no current documentation to substantiate a reversal of the Total and Permanent Disability that was approved in June, 1983.

Thomas Pace, M.D.

# EXHIBIT E

# DELPHI

February 22, 2006

Mr. Melvin Stein, Senior Counsel
United Steelworkers
Five Gateway Center
Pittsburgh, PA 15222

Dear Mr. Stein:

This letter is in response to your inquiry about the possibility of Terry Detrick,
        returning to work from his total and permanent disability retirement ("T&PD").
Appendix D of Exhibit A of the Delphi Hourly-Rate Employees Pension Plan ("HRP")
states in pertinent part:

> "When a former employee who has retired under total & permanent disability provisions
> asserts such retiree has recovered .........the following procedure will be utilized:

> "The retiree will provide medical evidence to the Plant Medical Director, satisfactory to
> the Corporation, that supports that such retiree is no longer T&PD.  The information will
> include, among other relevant information, a narrative report that details what has
> improved and why the condition under which such retiree was determined to be T&PD
> no longer exists or no longer disables the retiree.  Documentation will include lab reports
> and/or test results.

> "If necessary, the Plant Medical Director may examine the retiree to determine if the
> retiree has recovered."

To date, Mr. Detrick has failed to supply the medical information noted above and until
he does so, no decision can be made.

When Mr. Detrick applied for T&PD his physician indicated that he had major
depression and had not responded to treatment and could never be expected to resume
gainful employment.

The USWA facility where Mr. Detrick last worked has changed dramatically from when
he last worked there.  The plant has gone through an extensive change from traditional
manufacturing to a process known as "lean manufacturing".  That process is very
intensive and physically and mentally demanding.

In order to determine if Mr. Detrick is no longer total and permanently disabled and that
his major depression has been cured, the following information must be supplied:

- A complete list (including address and phone number) of all physicians that have treated him since his retirement, along with a description of what specifically they were treating him for, the specific treatment plan and whether he went through group and/or individual therapy along with treatment dates and progress summary.

- A complete list of all prescriptions taken since his retirement, including drug name, strength, daily dosage and period of time taken (for example, from January 1988 to June 1999).

- A detailed list of all hospitalizations, including date hospitalized, date released, admitting physician and admitting diagnosis.

- A copy of all psychological teats, including MMPI.

- A detailed copy of psychiatric treatment plan(s) including summaries of individual and group therapy sessions.

- A complete copy of his medical file from Dr. Ieva Veveris.

This information can be sent to my attention at World Headquarters and I will see that the appropriate Delphi medical personnel review it and render a decision.

Sincerely,

*S.R. Gebbia*

Steve L. Gebbia
Executive Director
Employee Benefits & Policy

# EXHIBIT K

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Baker Botts L.L.P. | William H. Jeffress, Jr. | The Warner | 1299 Pennsylvania Avenue N.W. | Washington | D.C. | 20004-2400 | 202-639-7700 | 202-585-1087 | | Counsel to J.T. Battenberg, III |
| Butzel Long PC | David Dumouchel Laurie J. Michelson | 150 W. Jefferson Avenue | Suite 100 | Detroit | MI | 48226 | 313-225-7004 | 313-225-7080 | | Counsel to Cathy Rozanski |
| Clark Hill PLC | Martin E. Crandall | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226 | 313-965-8413 | 313-965-8252 | | Counsel to Milan Belans |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| Jaffe, Raitt, Heuer & Weiss PC | Christopher A. Andreoff | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | 248-351-3000 | 248-351-3082 | | Counsel to Laura Marion |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kerr, Russell & Weber PLC | William A. Sankbeil | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | 313-961-0200 | 313-961-0388 | | Co-counsel to John Blahnik |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Miller Canfield Paddock & Stone PLC | Thomas W. Cranmer | 840 W. Long Lake Road | Suite 200 | Troy | MI | 48098 | 248-267-3381 | 248-879-2001 | | Counsel to John Blahnik and Peter Janak |
| O'Melveny & Myers LLP | Robert M. Stern | 1625 Eye Street, NW | | Washington | D.C. | 20006-4001 | 202-383-5300 | 202-383-5414 | | Counsel to Alan Dawes |
| Pepper Hamilton LLP | Matthew J. Lund Richard A. Rossman | 100 Renaissance Center | Suite 3600 | Detroit | MI | 48243 | 313-259-7110 | 313-259-7926 | | Counsel to Paul Free |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Stoneridge West | Eric Wapnick, Esq. | 41000 Woodward Avenue | | Bloomfield Hills | MI | 48304 | | | | Counsel to Pam Geller |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |

In re. Delphi Corporation, et. al.
95-44481 (RDD)

1 of 1

11/27/2006

Insurance Policies Response Service List

# EXHIBIT L

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
     In re                    :     Chapter 11
                            :
    DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)
                            :
              Debtors.   :     (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' RESPONSE AND LIMITED OBJECTION TO MOTION OF CERTAIN
FORMER EMPLOYEES OF DEBTOR FOR LIMITED RELIEF FROM
AUTOMATIC STAY, TO EXTENT APPLICABLE, TO PAY AND/OR
<u>ADVANCE DEFENSE COSTS UNDER DEBTORS' INSURANCE POLICIES</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), respectfully

submit this Response and Limited Objection (the "Response") to the Motion Of Certain Former

Employees Of Debtor For Limited Relief From The Automatic Stay, To The Extent Applicable,

To Pay And/Or Advance Defense Costs Under The Debtors' Insurance Policies (the "Insurance

Motion") and state as follows: [1]

<u>Preliminary Statement</u>

1.        This Insurance Motion arises following decisions by the Compensation

Committee of the Debtors' Board of Directors, made pursuant to the Human Capital Obligations

Order entered by this Court on October 13, 2005, to discontinue advancement of defense costs

and fees to the Movants.  In making these decisions, the Compensation Committee made no

determination whatsoever regarding the Movants' rights to advancement or indemnification

under Delphi's bylaws and Delaware Law.  The Movants' advancement and indemnification-

related claims are prepetition claims subject to resolution through the claims process in these

Chapter 11 cases.  Absent the specific authority granted by the Court in the Human Capital

Obligations Order, the Debtors would not have been permitted to make <u>any</u> advancements prior

to a confirmed plan of reorganization.  That said, the Debtors' decisions to discontinue

advancement to the Movants here were not undertaken lightly.  The Debtors appreciate the

---

[1]        Concurrently with the filing of this Response, the Debtors filed a response in opposition
to the Motion of Creditors/Interested Parties John Blahnik, Paul Free, Milan Belans,
Laura Marion, Peter Janak, And Cathy Rozanski To Modify October 13, 2005, Order,
And To Compel Delphi Corporation To Advance Legal Fees And Costs (the
"Advancement Motion" or "Adv. Mtn.") (Docket No. 5354).  Matters addressed by the
Debtors in their Response to the Advancement Motion concerning the Debtors'
obligations, if any, under the indemnification and advancement provisions of Delphi's
bylaws are hereby incorporated by reference into this Response.

2

important function served by indemnification-related provisions, as well as by director and

officer liability policies, in protecting (and attracting) key employees of a corporation.

2.     Nonetheless, the Movants are not the only persons with a stake in the proceeds of

the two liability insurance policies at issue.  Indeed, as explained fully herein, the Debtors have a

potential interest in the proceeds of these insurance policies.  Thus, the Debtors themselves, as

well as current and former employees <u>other</u> than the Movants, may have direct and competing

claims for the insurance proceeds sought by the Movants.

3.     In these circumstances, the Debtors believe that the Court should craft an

equitable, provisional remedy that will provide the Movants with immediate, interim relief, while

at the same time protecting the insurance proceeds available for named defendants and insured

persons other than the Movants.  The Debtors do not object to the Insurance Motion to the extent

that: (i) reasonable limitations and oversight can be ensured with respect to any advancement by

the Insurer of defense costs to the Movants under the Policies; and (ii) the Debtors, the Insurer,

and the Movants reserve all rights to contest the impact on the parties' respective rights (whether

under the terms of the policies or otherwise) of any advancements that the Insurer may make to

the Movants.

Background

A.     <u>The Chapter 11 Filings.</u>

4.     On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and

affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title

11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

The Debtors continue to operate their businesses and manage their properties as debtors-in-

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered

orders directing the joint administration of the Debtors' chapter 11 cases.

3

5.      No trustee or examiner has been appointed in the Debtors' cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

6.      This Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).

B.      Events And Litigation Leading Up To The Movants' Current Claims For Advancement.

7.      In late July 2004, Delphi received a subpoena from the Securities and Exchange Commission ("SEC") requesting information about certain agreements between the Company and one of its information technology service providers.  Shortly thereafter, Delphi received a copy of the SEC's formal order of investigation related to those same and other transactions.  In response, the Company commenced an independent investigation of matters underlying the SEC's inquiries, and in early October 2004, the Audit Committee of Delphi's Board of Directors assumed oversight responsibility for the Company's internal review.

8.      In connection with and as a result of the Audit Committee's ongoing investigation, Delphi announced on October 18, 2004 that its independent auditors had not yet completed their review of the Company's consolidated financial statements for the period ending September 30, 2004, and that Delphi would not file its Form 10-Q for the third quarter until such time as its auditors and the Audit Committee had completed their respective reviews.  In early December 2004, Delphi reported the preliminary results of the Audit Committee's investigation.  On March 4, 2005, Delphi announced the Audit Committee's position that the Company's financial statements for 2001 and certain subsequent periods should no longer be relied upon and that a

4

restatement would be required.  On June 30, 2005, the Company issued its financial restatements for the affected periods.

9.       In March 2005, shortly after the Company announced its intention to restate certain prior period financial statements, a number of claimants filed putative securities class actions in various United States District Courts.  The suits alleged that Delphi, certain current and former directors and officers of the Company, and others violated the federal securities laws in connection with matters related to the Company's pending restatement.  In December 2005, these individual actions were consolidated in the United States District Court for the Eastern District of Michigan and assigned to the Honorable Gerald E. Rosen for coordination or consolidated pretrial proceedings under the caption In re Delphi Corp. Securities, Derivative and "ERISA" Litigation, No. 05-MD-01725 (GER) (E.D. Mich.) (the "Multidistrict Litigation").

10.       Named as defendants in the consolidated securities class action complaint filed in the Multidistrict Litigation were Movants Battenberg, Dawes, Free, and Blahnik.  Other named defendants include:

   a.       Delphi;

   b.       Former Vice Chairman and Chief Technology Officer Donald Runkle, and former acting Chief Financial Officer and Chief Accounting Officer and current Chief Restructuring Officer John Sheehan;

   c.       Former and current Delphi Audit Committee members Robert Brust, Oscar De Paula Bernardes Neto, Cynthia Niekamp, John Opie, and Thomas Wyman; and

      d.     Former and current Delphi Board of Directors members Virgis Colbert, David Farr, Dr. Bernd Gottschalk, Shoichiro Irimajiri, Michael Losh, Susan McLaughlin, Harry Pearce, Roger Penske, John Smith, and Patricia Sueltz.[2]

11.     In March 2005, shortly after the Company announced its intention to restate certain prior period financial statements, claimants filed the first of several putative class actions alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA").  The suits, arising from the purchase or sale of securities issued by the Company, alleged that Delphi, certain current and former directors, officers, and employees of the Company, and others violated a number of ERISA-imposed duties in connection with matters related to the Company's pending restatement.  In December 2005, these individual ERISA class actions were consolidated, along with the securities class actions, in the United States District Court for the Eastern District of Michigan under the caption referenced above.

---

[2]     It also should be noted in this regard that on November 22, 2005, the securities class action lead plaintiffs filed in this Court an opposition to the Debtors' October 13, 2005 Motion For Order Under §§ 105 And 363 Authorizing The Debtors To Implement A Key Employee Compensation Program (Docket Nos. 213 and 1161, respectively).  The securities plaintiffs "identified" the following additional Delphi officers and employees whom they contend participated in, knew of, or recklessly disregarded the conduct that forms the basis of their complaint:  Rodney O'Neal, President and Chief Operating Officer; Mark Weber, Executive Vice President, Operations, Human Resource Management & Corporate Affairs; David Wohleen, President, Electrical, Electronics, and Safety Division; John Arle, Vice President and Treasurer; Rick Birch, Global Director of Production, Control and Logistics; Rajib Chakravarty, Manager, Energy and Chassis Division; William Elia, Plant Manager, Energy and Chassis Division; Guy Hatchey, President, Energy and Chassis Division; Alison Jones, Production Control and Logistics Director; Derek Kolano, Director, Corporate Audit Services; Mark Lorenz, Vice President, Operations and Logistics; Dan Renick, Director of Plant Production, Control and Logistics, Electronics Safety Division; John Rotko, Head of Indirect Materials, Mexico; Bette Walker, Vice President and Chief Information Officer.  (Lead Plaintiffs' Objection to KECP Mtn. ¶¶ 22–26 (Docket No. 1161) (Nov. 22, 2005).)

12.     Named as defendants in the consolidated ERISA class action complaint filed in the Multidistrict Litigation were Movants Battenberg and Dawes.  Other named defendants include:

a.     Former and current Delphi Board of Directors Executive Committee members John Opie, Thomas Wyman, Susan McLaughlin, and Robert Brust; and

b.     All members of the employee benefit plan Investment Policy Committee who served during the putative class period.  Although not named as defendants, Movants Blahnik and Free are former members of the Investment Policy Committee.

13.     Delphi is described throughout the consolidated ERISA class action complaint as the employee benefit plans' administrator, a plan fiduciary, and responsible in large measure for the harms alleged therein.  (E.g., Consol. ERISA Class Action Compl. ¶¶ 99–104 (Docket No. 45).)  The consolidated ERISA class action complaint does not assert claims against the Debtors at this time, however, because of the automatic stay provisions of the Bankruptcy Code.  Nevertheless, the ERISA plaintiffs have indicated that "[i]f the bankruptcy stay is modified or lifted to permit further prosecution of this action against Delphi, . . . Plaintiffs will . . . seek to name Delphi . . . as a defendant[] in this action. . . . [I]t is likely that, once the discovery process begins in earnest, . . . Plaintiffs will seek leave to amend this Complaint to add new parties and/or new claims against those parties and/or existing parties."  (Id. at vi.)

14.     In March 2005, shortly after the Company announced its intention to restate certain prior period financial statements, a third group of claimants began to file shareholder derivative actions on behalf of the Company, as a nominal defendant.  A total of four complaints were filed:  two in federal court (one in the Eastern District of Michigan and the other in the Southern District of New York) and two in Michigan state court (Oakland County Circuit Court in Pontiac, Michigan).  These suits alleged that certain current and former directors and officers

7

of the Company breached a variety of duties owed by them to the Company in connection with
matters related to its pending restatement.  The federal cases were consolidated with the
securities and ERISA class before Judge Rosen in the Eastern District of Michigan under the
caption referenced above.  Following the filing on October 8, 2005, of the Debtors' petition for
chapter 11 relief, all the derivative cases have been administratively closed.

15.    Named as defendants in the shareholder derivative actions consolidated with the
securities and ERISA class actions referenced above were Movants Battenberg, Dawes, Blahnik,
and Free.  Other named defendants include:

a.    Former and current Delphi Board of Directors members John Opie, Oscar
De Paula Bernardes Neto, Virgis Colbert, Dr. Bernd Gottschalk, Shoichiro Irimajiri,
Robert Brust, David Farr, Craig Naylor, Cynthia Niekamp, Roger Penske, Susan
McLaughlin, Donald Runkle, and Patricia Sueltz; and

b.    Delphi President and Chief Operating Officer Rodney O'Neal, and former
Chief Accounting Officer and current Chief Restructuring Officer John Sheehan.

16.    In connection with the decision to transfer and consolidate the securities and
ERISA class actions, as well as the shareholder derivative actions, the Judicial Panel on
Multidistrict Litigation observed:

On the basis of the papers filed and hearing session held, the Panel finds that these
actions involve common questions of fact . . . . arising from alleged
misrepresentations or omissions concerning Delphi's financial condition.
Whether the actions are brought by securities holders seeking relief under the
federal securities laws, shareholders suing derivatively on behalf of Delphi, or
participants in retirement savings plans suing for violations of ERISA, all actions
can be expected to focus on a significant number of common events, defendants,
and/or witnesses.

(MDL Transfer Order, Dec. 14, 2005, at 1.)

17.    On October 30, 2006, the SEC filed a civil complaint in the United States District
Court for the Eastern District of Michigan, under the caption United States Securities and

8

Exchange Commission v. Delphi Corp., No. 06–CV–14891 (E.D. Mich.).  Named as defendants

in that action were Delphi, nine former Company officers and employees, and four others, all of

which or whom are alleged to have violated the federal securities laws.  By agreement and

signed consent, the charges against the Debtor and Movants Dawes, Pasricha, and Marion

provisionally were settled simultaneously with the filing of the complaint, subject to the approval

of this Court.  (Mtn. for Order Authorizing Entry into Settlement with the Securities and

Exchange Comm'n ¶¶ 15–16, 30–36 (Docket No. 5520) (Nov. 10, 2006).)

18.    The SEC is continuing to prosecute its civil case against Movants Battenberg,

Free, Blahnik, Belans, Rozanski, and Kudla.  The SEC's investigation likewise is ongoing,

notwithstanding the filing of its complaint.  (SEC Litig. Release No. 19891, Oct. 30, 2006, at 4.)

The Department of Justice, the Federal Bureau of Investigation, and other agencies also are

investigating matters related to Delphi's June 30, 2005 restatement.  (Ins. Mtn. ¶¶ 15–16.)

19.    The Debtors do not generally dispute that the Movants have incurred legal costs

in connection with the litigation and investigations referenced above.  (Ins. Mtn. ¶¶ 15–21; Adv.

Mtn. ¶¶ 2–4.)  The Debtors also confirm that until recently, they had been paying advancements

to the Movants, subject to a full reservation of rights to dispute, as necessary and appropriate, the

reasonableness of those claims, as the Bankruptcy Code, Delaware indemnification law, and the

Debtors' bylaws provide.  The Debtors subsequently halted these advancements, however,

pursuant to the authority granted them by their amended and restated bylaws and this Court's

Human Capital Obligations Order.  (Ins. Mtn. ¶¶ 3–4; Adv. Mtn. ¶¶ 6, 8–9, 13–14, 21, 33.)

C.    The Policies At Issue In The Insurance Motion

20.    The two insurance policies referenced in the Insurance Motion were issued to

Delphi Corporation, as the Named Entity or Named Sponsor, by the National Union Fire

Insurance Company of Pittsburgh, Pennsylvania. (the "Insurer").  (Ins. Mtn. ¶¶ 7–14; D&O

Policy (Ins. Mtn., Ex. A), Decl. (MDL-000001); Fiduciary Policy (Ins. Mtn., Ex. B), Decl.

(MDL-000077).)  The policies, a directors and officers liability policy (the "D&O Policy") and a

fiduciary liability policy (the "Fiduciary Policy"), are attached as Exhibits A and B, respectively,

to the Insurance Motion.

21.     The D&O Policy provides two types of coverage.  Side A coverage is intended to

cover insured losses incurred by "Insured Persons," except "when and to the extent that an

Organization has indemnified such Insured Person."  (D&O Policy (Ins. Mtn., Ex. A), cl. 1

(MDL-000005.)  Side B coverage, as amended in relevant part by Endorsement 13, provides

coverage for insured losses incurred by "an Organization arising from a Claim made against an

Insured Person . . . for any Wrongful Act of such Insured Person, but only to the extent that such

Organization has Indemnified such Insured Person."  (Id., End. 13, cl. 1 (MDL-000050); see also

id., cl. 8 (a), (d) (MDL-000052–53).)

22.     "Organization" is defined in the D&O Policy as "the Named Entity," its

subsidiaries, and, "in the event a bankruptcy shall be instituted by or against the foregoing

entities, the resulting debtor-in-possession."  (Id., cl. 2(t) (MDL-000009).)  "Insured Person," in

turn, is defined as an "Executive" or an "Employee" of the Organization, including, in relevant

part, "any past, present, and future duly elected or appointed director, officer, trustee, or

governor of a corporation," as well as "any past, present or future employee, other than an

Executive of an Organization, whether such employee is in a supervisory, co-worker or

subordinate position or otherwise."  (Id., cl. 2(g), (j), (o), (t) (MDL-000006–9).)  Subject to the

various terms and conditions of the D&O Policy, therefore, the Movants are "Insured Persons."

So, too, are the persons identified above in paragraphs 10(b) through (d); footnote 2; and

paragraphs 15(a) and (b).  The Debtors themselves, however, are not.

10

23.    Side A coverage of the D&O Policy does not contain a retention clause.  (Id.,
Decl., End. 6, 13 (MDL-000042, 51.)  Side B coverage does include retention for securities
claims, under which the first $10 million of liability, including defense costs, is borne by the
Company.  The D&O Policy also provides that in the event of a bankruptcy, and as a "matter of
priority to protect and benefit the Insured Persons," the insurer "shall pay first pay Loss under
Coverage[] A . . . prior to paying Loss under Coverage B."  (Id., cl. 22 (MDL-000055).) [3]

24.    The Fiduciary Policy referenced in paragraphs 9 through 11 of the Insurance
Motion provides coverage for insured losses incurred by "each and every Insured arising from a
Claim against an Insured for any actual or alleged Wrongful Act by any such Insured (or by any
employee for whom such Insured is legally responsible."  (Fiduciary Policy (Ins. Mtn., Ex. B),
cl. 1(a) (MDL-000081).)

25.    In relevant part, the term "Insured(s)" is defined in the Fiduciary Policy as "any
Natural Person Insured" and "the Sponsor Organization."  (Id., cl. 3 (MDL-000084).)  "Sponsor
Organization" means "the Named Sponsor . . . and any Subsidiary thereof; and, in the event any
bankruptcy proceeding shall be initiated by or against the Named Sponsor or any Subsidiary
thereof, the resulting debtor in possession."  (Id. (MDL-000086).)  "Natural Person Insured"
means "any past, present or future natural person director, officer, . . . or employee of a Sponsor
Organization or if applicable, of a Plan, and to all of the above in his or her capacity as a
Fiduciary, Administrator or trustee of a Plan."  (Id. (MDL-000085).)  Although the Movants do
not address this point in the Insurance Motion, Messrs. Battenberg and Dawes appear to be
"Insureds" under the Fiduciary Policy, subject to its various terms and conditions.  So, too, are

---

[3]    As noted in footnote 6, the Debtors and the Insurer currently are in disagreement about
whether the Debtors already have incurred defense costs in excess of the retention.
Although this dispute is not currently ripe, it is at least possible that the parties will move
this Court for resolution of this matter.

the persons identified or referenced above in paragraphs 12(a) and (b) and, under certain

circumstances, the Sponsor Organization.

26.    Although the D&O and Fiduciary Policies provide coverage for liability incurred

under different statutory regimes—the D&O Policy provides coverage for liability in actions

arising out of the federal securities laws, for example, while the Fiduciary Policy provides

coverage for breaches of ERISA-based fiduciary liability—claimants often characterize the same

acts or omissions as both securities violations and ERISA violations.  (See Response, supra, at

¶¶ 9, 11, 13, 17.)  Consequently, while the D&O Policy and the Fiduciary Policy each provide an

aggregate liability limit of $25 million per covered event, inclusive of defense costs, the liability

limits of the two policies are tied and jointly capped at an aggregate $25 million, inclusive of

defense costs, if the same acts or omissions form the basis of the various complaints.  (D&O

Policy (Ins. Mtn., Ex. A), Decl., cl. 5, End. 12 (MDL-000001, 12, 49) ("[T]he limit of Liability

for Loss under this policy shall be reduced by Loss incurred under the Other AIG Policy because

the Limit of Liability under the Other AIG Policy is now part of and not in addition to the Limit

of Liability of this policy as set forth in the Declarations of this policy."); Fiduciary Policy (Ins.

Mtn., Ex. B), Decl., cl. 6, End. 6 (same) (MDL-000077, 89, 105).)[4]

Argument

27.    The Insurance Motion assumes that the Debtors have no interest whatsoever in the

policies identified in the Insurance Motion.  This is not so.  The Movants, the Debtors, and other

current and former officers, directors, and employees share an interest in the policy proceeds.

For this reason and those set forth below, the Debtors believe that an appropriate resolution of

---

[4]    It also should be noted that there are additional excess coverage policies that provide
supplemental, stratified coverage totaling $200 million.  These policies are not implicated
in light of the amount of defense costs at issue here, however, and are mentioned only for
completeness.

the Insurance Motion would permit the Movants to pursue policy proceeds, subject to an

aggregate cap and Court oversight.

A.    Bankruptcy Creates An Estate That Consists Of All Of The Debtors' Property,
      Which The Bankruptcy Court Controls For The Benefit Of All Parties.

        28.     The commencement of a bankruptcy creates an estate that consists of "all legal or

equitable interests of the Debtor" in any property, whether tangible or intangible, "wherever

located and by whomever held."  11 U.S.C. § 541(a).

        29.     Once property is determined to belong to the Debtor's estates, it is subject to the

automatic stay provisions of the Bankruptcy Code.  This permits the Court to marshal, preserve,

and protect all of the debtor's property for the benefit of the debtor and its creditors alike.  See id.

§ 362(a)(3); In re Bogdanovich, 292 F.3d 104, 110 (2d Cir. 2002).  The power vested in the

Court by section 362 of the Bankruptcy Code "allow[s] the bankruptcy court to centralize all

disputes concerning property of the debtor's estate so that reorganization can proceed

efficiently."  SEC v. Brennan, 230 F.3d 65, 70 (2d Cir. 2000) (citation omitted).  The automatic

stay thus represents "one of the fundamental debtor protections provided by the bankruptcy

laws."  Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986) (citation

omitted); In re Drexel Burnham Lambert Group Inc., 113 B.R. 830, 837 ((Bankr. S.D.N.Y. 1990)

("Automatic stay is key to the collective and preservative nature of a bankruptcy proceeding.").

        30.     To that end, the property and automatic stay provisions of the Bankruptcy Code

have been construed expansively.  See, e.g., United States v. Whiting Pools, Inc., 462 U.S. 198,

204–05 (1983); Straton v. New, 283 U.S. 318, 320–21 (1931); MacArthur Co. v. Johns-Manville

Corp., 837 F.2d 89, 91–92 (2d Cir. 1988); In re Adelphia Commc'ns Corp., 298 B.R. 49, 52–53

(S.D.N.Y. 2003).

        31.     The Bankruptcy Code also provides the Court with broad discretion to "issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of this

13

title." 11 U.S.C. § 105.  To effectuate the policies, priorities, and protections provided by the

Bankruptcy Code, "the Second Circuit, courts in this District, and courts in other circuits have

'construed [§ 105] liberally to enjoin suits that might impede the reorganization process.'"

Adelphia Commc'ns, 298 B.R. at 54 (quoting Johns-Manville, 837 F.2d at 93).  Thus, for

example, a bankruptcy court may employ section 105 to enjoin a claim brought against a debtor's

insurer, if the claim would have "an immediate adverse economic consequence for the debtor's

estate."  Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003) (quoted in Adelphia

Commc'ns, 298 B.R. at 54).

32.     Nevertheless, the Bankruptcy Code's automatic stay provisions can be lifted for

cause.  The Second Circuit has explained that the burden of proof on a motion to lift or modify

an automatic stay is "a shifting one."  Sonnax Indus. v. TriComponent Prods. Corp., 907 F.2d

1280, 1285 (2d Cir. 1990).

> Section 362(d)(1) requires an initial showing of cause by the movant, while
> Section 362(g) places the burden of proof on the debtor for all issues other than
> "the debtor's equity in property," 11 U.S.C. § 362(g)(1).  See 2 Collier on
> Bankruptcy ¶ 362.10, at 362–76.  If the movant fails to make an initial showing of
> cause, however, the court should deny relief without requiring any showing from
> the debtor that it is entitled to continued protection.

Id.

33.     The Court also retains the authority to impose "appropriate conditions" on any

lifting of the automatic stay.  In re Arter & Hadden, LLP, 335 B.R. 666, 674 (Bankr. S.D. Ohio

2005) (collecting cases) (cited with approval in Ins. Mtn. ¶ 29).  This includes, for example, the

entry of an order requiring that counsel for a claimant submit to the Court for review periodic

and "detailed statement[s] of the services rendered, time expended and expenses incurred."  Id.

(quoting Fed. R. Bankr. P. 2016(a)); see also Citadel Holding Co. v. Roven, 603 A.2d 818, 823–

24 (Del. 2004) ("Under . . . the [Delaware indemnification] statute . . . , the corporation's

obligation to pay expenses is subject to a reasonableness requirement. . . .").

14

B.      Whether The Proceeds Of A D&O Liability Policy Are Estate Property Is A Fact-
        Bound Question That Must Be Analyzed On A Case-By-Case Basis.

34.      Because corporations pay for and own insurance policies, and because a debtor's

corporate estate is more valuable with the policy than without, insurance <u>policies</u> generally are

considered property of the estate.  <u>Johns-Manville</u>, 837 F.2d at 92 (collecting cases).

35.      This is particularly so when the debtor itself maintains an interest in the proceeds

and when defense costs are included in (and thereby deplete) the policy's limits.  <u>See</u> <u>In re Metro.</u>

<u>Mortgage & Sec. Co., Inc.</u>, 325 B.R. 851, 855–57 (Bankr. E.D. Wash. 2005); <u>see also, e.g.</u>, <u>In re</u>

<u>Minoco Group of Cos., Inc.</u>, 799 F.2d 517 (9th Cir. 1986) ("Liability policies . . . are not held for

the benefit of potential claimants; they are held . . . as protection against claims that may be

asserted against the insured."); <u>In re Jasmine, Ltd.</u>, 258 B.R. 119, 128 (D.N.J. 2000) ("Jasmine's

duty of indemnification was established prior to its filing for bankruptcy by the Policy itself. . . .

Since Jasmine's duty of indemnification was established and not merely speculative, . . . the

proceeds are property of the estate . . . .").

36.      Nevertheless, whether the potential <u>proceeds</u> of a D&O liability policy are estate

property remains a fact-bound question that must be analyzed in light of the facts presented, as

well as the scope and language of the subject policies.  <u>See, e.g.</u>, <u>Adelphia Commc'ns</u>, 298 B.R.

at 54; <u>In re Allied Digital Tech. Corp.</u>, 306 B.R. 505, 509–12 (Bankr. D. Del. 2004).

C.      The Debtors Retain An Actual Interest In The Policy Proceeds At Issue.

37.      It is true that the Movants have a direct interest in the proceeds of the D&O

Policy, and that the D&O Policy does not provide any direct entity coverage for losses incurred

by Delphi.  Not surprisingly, therefore, the Movants have emphasized their direct interest in the

D&O Policy in the Insurance Motion.  This policy cannot be analyzed in isolation, however,

because the liability limits of the D&O and Fiduciary Policies are tied and jointly capped under

exactly the sort of factual scenario alleged in the consolidated securities and ERISA class

15

actions.  The plain language of the Fiduciary Policy, moreover, makes clear that the Debtors may

potentially assert a competing claim to the proceeds under the policies, when those policies are

construed in a holistic and practical manner.[5]

38.    The Fiduciary Policy provides coverage to the "the Sponsor Organization," i.e.,

the Debtors, for covered losses and defense costs.  (Fiduciary Policy (Ins. Mtn., Ex. B), cl. 3

(MDL-000084, 86).)  Moreover, the coverage provided by the D&O and Fiduciary polices is tied

and jointly capped at $25 million for all of the policies' insureds, inclusive of defense costs.

(D&O Policy (Ins. Mtn., Ex. A), Decl., cl. 5, End. 12 (MDL-000001, 12, 49); Fiduciary Policy

(Ins. Mtn.,, Ex. B), Decl., cl. 6, End. 6 (MDL-000077, 89, 105).)  Because the violations alleged

in the consolidated class actions, the derivative action, and the SEC enforcement action all

concern substantially the same acts and omissions (see, e.g., Response, supra, at ¶¶ 7, 9, 11, 13–

14, 16–17), any drawdown of proceeds under either policy, by the Movants or others, has a

dollar-for-dollar impact on potential coverage otherwise provided to the Debtors, as the Sponsor

Organization, under the Fiduciary Policy.[6]  See, e.g., Arter & Hadden, 335 B.R. at 673 ("The

[Movant] has not offered any reason why a direct suit against the Debtor is either practically or

procedurally untenable.").

---

[5]    As explained above in paragraph 13, although the consolidated ERISA class action
complaint (which was filed postpetition) does not name the Debtors as defendants, the
ERISA plaintiffs have stated that this omission is due to the automatic stay, and that they
may seek to name Delphi as a defendant if and when permitted to do so.  Thus, direct
coverage under the Fiduciary Policy may become an issue in the future.

[6]    In relevant part, the ERISA plaintiffs have alleged that Delphi is the Plan Administrator
and a de facto fiduciary for the employee benefit plans identified in the consolidated
ERISA class action.  (Consol. ERISA Class Action Compl. ¶¶ 93–94, 99–104; ERISA
Proof of Claim ¶¶ 19–21, 30, 42–49.)  Based on the allegations in the Consolidated
ERISA Class Action Complaint, "Claimants and the Class assert claims against the
Debtor in an amount which is unliquidated this time, but is in excess of $500 million."
(Proof of Claim No. 1797 (Feb. 3, 2007), ¶ 82.)

39.    The Debtors also have an indirect claim to the proceeds of both the D&O and Fiduciary Policies.  The pleadings in the consolidated securities and ERISA class actions, as well as the derivative action, make clear that many current and former officers, directors, and employees of the Debtors other than the Movants are defendants (or remain at high risk of becoming defendants) in those actions.  (Response, supra, at ¶¶ 10(b)–(d), 12(a)–(b) & n.2, 15(a)–(b).)  It should be noted in this regard not only that these others are "Insured Persons" or "Natural Persons Insured" (subject to the terms and conditions, respectively, of the D&O and Fiduciary Policies), but also that the ongoing efforts of many of these insureds are crucial to the emergence of the Debtors from bankruptcy, and thus the preservation of the Debtors' estates.  And because the Debtors have expended significant amounts in defending these other insureds in connection with the litigation referenced above, the Company has asserted on their behalf a claim to the policies' proceeds.

40.    Finally, the Debtors already have made significant advances to the Movants, as they themselves admit.  (Adv. Mtn. ¶¶ 2, 4, 7; Ins. Mtn. ¶ 4.)  The Debtors therefore will look to the proceeds of these two policies for Side B coverage for advances in excess of the $10 million retention for securities claims.  See Jasmine, 258 B.R. at 128.

41.    In sum, it simply cannot be said that the Debtors' interest in the proceeds of these two policies is formalistic, merely hypothetical, or otherwise unsubstantiated.  Compare, e.g., Adelphia Commc'ns, 298 B.R. at 53 ("Although the D&O policies reimburses [sic] each estate to the extent that the estate advances funds because of the indemnification obligations in the charter or bylaws, 'it has not been suggested that any of the Debtors has made any payments for which it would be entitled to indemnification coverage, or that any such payments are now contemplated[.]'") (citations omitted).

42.    Accordingly, the Debtors have a legitimate interest in the proceeds of the policies at issue here.

D.    In Light Of The Parties' Common Interest In The Policy Proceeds, The Court Should Forge An Equitable Resolution Of The Insurance Motion.

43.    The Movants acknowledge that there are "competing legitimate interests at stake here—the interest of Delphi and its creditors in preventing the depletion of assets of the bankruptcy estate, versus the interest of Movants in defending themselves from claims arising out of their employment at Delphi."  (Adv. Mtn., ¶ 35 n.5.)  And, as outlined above, insured persons other than the Movants also have legitimate, direct, and substantial competing claims to the proceeds of the policies, based on their own status as defendants in the litigation described above.

44.    Given these conflicting claims, however, as well as the current uncertainty about whether, how, to whom, and to what extent liability ultimately may be assigned, the Debtors believe that it is prudent to adopt an interim remedy that provides immediate relief to the Movants, while ensuring the protection of the Debtors' estates, for the benefit of all interested parties.

45.    The prudential reasons for offering indemnification and advancements to corporate officers, directors, and employees are well settled and beyond reasonable dispute.  See, e.g., Mooney v. Willys-Overland Motors, Inc., 204 F.2d 888, 898 (3d Cir. 1953) (qualified and capable persons should be encouraged to serve as corporate officers and directors, "secure in the knowledge that expenses incurred by them in upholding their honesty and integrity [as corporate servants] will be borne by the corporation they serve").  Even where a debtor can assert directly a claim to the protection of a D&O policy, courts are reluctant to leave corporate officers and directors entirely exposed and therefore often times find good cause for lifting the automatic stay provisions of the Bankruptcy Code.  See, e.g., Arter & Hadden, 335 B.R. at 674 ("[T]he

18

Executive and Management Committee members may suffer substantial and irreparable harm if prevented from exercising their rights to defense payments to fund their defense . . . .").

46.    The Movants represent that National Union "has agreed to provide interim funding" of the Movants' advancements, pending resolution of certain disputes between the Insurer and the Debtors regarding particulars of policy coverage.  (Adv. Mtn. ¶ 26 n.3.)[7]

47.    Under the circumstances, therefore, the Debtors do not object to advancement by the Insurer of defense costs actually and reasonably incurred by the Movants, subject to the following terms and conditions, which are reflected in the Proposed Order attached hereto:

    a.    any advancements by the Insurer shall not modify, amend, abridge, or compromise any term, condition, or limitation, either express or implied by operation of law, contained in the D&O Policy or the Fiduciary Policy.  All disputes between the parties about such matters, as appropriate, will be addressed at a later date;

    b.    any advancements by the Insurer under the terms of the Court Order contemplated by this proposal shall not modify, amend, abridge, compromise, or deprive any interested party of any of right, protection, burden, obligation, or duty otherwise applicable or available under the Bankruptcy Code, or any other federal, state, local, or common law, statute, regulation, or ordinance.  All disputes between the parties about such matters, as appropriate, will be addressed at a later date;

---

[7]    The Debtors contend, for example, that certain investigative and defense costs were jointly incurred by the Debtors and the Movants, and therefore should be considered in satisfaction of the Debtors' Side B retention.  Conversely, the Insurer contends that Delphi is obligated to continue advancement of all costs and fees incurred by the Movants and others until the Insurer determines that Delphi's $10 million Side B retention has been satisfied and that only a fraction of the claims submitted to date by the Debtors properly may be credited against the retention limits.

c.      during the pendency of these chapter 11 cases, and pursuant to the

authority and discretion granted to this Court by section 105 of the Bankruptcy Code and

Federal Rule of Bankruptcy Procedure 2016(a), the Movants shall submit to this Court,

the Debtors, and the Official Committee of Unsecured Creditors for review and prior

approval (i) all invoices for advancements not yet paid by the Debtors and (ii) all future

invoices for advancements for costs and fees claimed by the Movants to have been

reasonably and actually incurred in connection with the litigation and investigations

referenced above.  Such submissions shall be without prejudice to any party, including

the Debtors and the Insurer, to contest or otherwise challenge any invoices for

advancements; and

d.      any advancements by the Insurer under the terms of the proposed Court

Order contemplated by this proposal shall be capped at an aggregate amount of

$5,000,000.

48.      The Debtors are well aware of the important function served by insurance policies

that provide exclusive coverage for directors, officers, and employees.  As a result, the Debtors

have given careful and thorough consideration to the matters raised by the Movants in their

Insurance Motion.  In light of the specific language of the D&O and Fiduciary Policies, the

competing claims of all insured persons (including the Movants), and the Debtors' fiduciary

duties with respect to estate property, the Debtors believe that the above-mentioned proposal is

in the best interests of all parties, and should be granted.

<u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that this Court enter an order

permitting the Insurer to advance Movants' defense costs, subject to the terms and conditions

outlined herein and in the proposed order submitted herewith.

Dated: New York, New York
     November 22, 2006                  SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM LLP

                             By: /s/ John Wm. Butler, Jr.
                                John Wm. Butler, Jr. (JB 4711)
                                Albert L. Hogan III (AH 8807)
                                John K. Lyons (JL 4951)
                                Ron E. Meisler (RM 3026)
                             333 West Wacker Drive, Suite 2100
                             Chicago, Illinois  60606
                             (312) 407-0700

                             By: /s/ Kayalyn A. Marafioti
                                Kayalyn A. Marafioti (KM 9632)
                                Thomas J. Matz (TM 5986)
                             Four Times Square
                             New York, New York 10036
                             (212) 735-3000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
      In re                    :       Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :       Case No. 05-44481 (RDD)
                                        :
                Debtors.    :       (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 105(a) AND FED. R. BANKR. P.
2016(a) AUTHORIZING ADVANCEMENT OF DEFENSE
COSTS UNDER DEBTORS' INSURANCE POLICIES

("INSURANCE PROCEEDS DEFENSE COSTS ORDER")

Upon the Motion Of Certain Former Employees Of Debtor For Limited Relief

From The Automatic Stay, To The Extent Applicable, To Pay And/Or Advance Defense Costs

Under The Debtors' Insurance Policies (the "Insurance Motion") (Docket No. 5360), dated

October 18, 2006; and upon the response to the Insurance Motion filed on November 22, 2006

(the "Debtors' Response") by Delphi Corporation and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

an order (the "Order") under 11 U.S.C. §§ 105(a) and 362(d) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the Movants to obtain advancement of defense

costs by means of the proceeds of certain insurance policies; and upon the record of the hearing

held on the Insurance Motion; and this Court having determined that the relief requested in the

Insurance Motion, as modified by the Debtors' Response, is in the best interests of the Debtors,

their estates, their creditors, and other parties-in-interest; and it appearing that proper and

adequate notice of the Insurance Motion and the Debtors' Response has been given and that no

other or further notice is necessary; and upon finding that a sufficient showing of subject matter

jurisdiction has been made to enter this provisional order without prejudice to any party's right to

address or contest, at a later time, the issue of whether any policies or their proceeds should be

deemed property of the Debtors' estates; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as Modified the Debtors' Response, and as set

forth herein.

2.      The Movants are hereby authorized to seek advancement from the

proceeds of insurance policies No. 931-88-56 (the "D&O Policy") and No. 931-88-61 (the

"Fiduciary Policy"), issued to the Debtors by National Union Fire Insurance Company of

Pittsburgh, Pa. (the "Insurer"), and the Insurer is hereby permitted, but not required, to grant

advancements (the "Advancements") for defense costs actually and reasonably incurred in

connection with pending shareholder class action suits, ERISA class action suits, and/or the

investigation by the Securities and Exchange Commission referenced in the Insurance Motion

and the Debtors' Response (together, the "Prepetition Matters"), subject to the following terms

and conditions:

a.      any Advancements by the Insurer shall not modify, amend, abridge, or

compromise any term, condition, or limitation, either express or implied by operation of

law, contained in the D&O Policy or the Fiduciary Policy.  All disputes between the

parties about such matters, if any, and as appropriate, shall be addressed at a later date;

b.      any Advancements by the Insurer under the terms of this Order shall not

modify, amend, abridge, compromise, or deprive any interested party of any of any right,

2

protection, burden, obligation, or duty otherwise applicable or available under the

Bankruptcy Code, or any other federal, state, local, or common law, statute, regulation, or

ordinance.  All disputes between the parties about such matters, if any, and as

appropriate, shall be addressed at a later date;

      c.      during the pendency of these chapter 11 cases, and pursuant to the

authority and discretion granted to this Court by section 105 of the Bankruptcy Code and

Bankruptcy Rule 2016(a), the Movants shall submit to this Court, the Debtors, and the

Official Committee of Unsecured Creditors ("Creditors' Committee") for review (i) all

invoices for Advancements of defense costs (including attorneys' fees) not yet paid by the

Debtors and (ii) all future invoices for Advancements of defense costs (including

attorneys' fees) claimed by the Movants to be reasonably and actually incurred in

connection with the Prepetition Matters (the "Advancement Invoices").  Such

submissions of Advancement Invoices shall be without prejudice to the ability of any

party, including the Debtors and the Insurer, to contest or otherwise challenge any

Advancement Invoices. The Movants shall be permitted under this Order to seek

advancement of defense costs from the Insurer pursuant to any Advancement Invoices if

neither the Debtors nor the Creditors' Committee objects in writing within fifteen days of

the receipt of any Advancement Invoices.

      d.      any Advancements of defense costs by the Insurer under the terms of this

Order shall be capped at an aggregate amount of $5,000,000, without prejudice to the

rights of the Movants to seek additional authority if and when this aggregate amount is

reached; and

e.        nothing in this Order shall permit the payment by the Insurer to the

Movants of any proceeds from the D&O Policy and/or the Fiduciary Policy other than

proceeds constituting "Defense Costs" as defined in the policies.

3.        This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation and performance of this Order.

4.        This Order is entered without prejudice to any party's position regarding

whether the policies or the proceeds of the policies constitute property of the Debtors' estates,

and all parties reserve their rights with respect to that issue.  All disputes between the parties

about such matters, if any, and as appropriate, shall be addressed at a later date.  Nothing in this

Order shall be deemed to represent any final adjudication of (or to have res judicata or

precedential value concerning) the question of whether the policies or the proceeds of the

policies are property of the Debtors' estates.

5.        The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Insurance Motion.


Dated: New York, New York
        November _____, 2006


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT M

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Butzel Long PC | David Dumouchel Laurie J. Michelson | 150 W. Jefferson Avenue | Suite 100 | Detroit | MI | 48226 | 313-225-7004 | 313-225-7080 | | Counsel to Cathy Rozanski |
| Clark Hill PLC | Martin E. Crandall | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226 | 313-965-8413 | 313-965-8252 | | Counsel to Milan Belans |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| Jaffe, Raitt, Heuer & Weiss PC | Christopher A. Andreoff | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | 248-351-3000 | 248-351-3082 | | Counsel to Laura Marion |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kerr, Russell & Weber PLC | William A. Sankbeil | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | 313-961-0200 | 313-961-0388 | | Co-counsel to John Blahnik |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Miller Canfield Paddock & Stone PLC | Thomas W. Cranmer | 840 W. Long Lake Road | Suite 200 | Troy | MI | 48098 | 248-267-3381 | 248-879-2001 | | Counsel to John Blahnik and Peter Janak |
| Pepper Hamilton LLP | Matthew J. Lund Richard A. Rossman | 100 Renaissance Center | Suite 3600 | Detroit | MI | 48243 | 313-259-7110 | 313-259-7926 | | Counsel to Paul Free |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

11/27/2006
Legal Fees Advancement Service List

# EXHIBIT N

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :        Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO MOTION OF JOHN BLAHNIK, PAUL FREE, MILAN
BELANS, LAURA MARION, PETER JANAK, AND CATHY ROZANSKI
TO MODIFY OCTOBER 13, 2005 ORDER AND TO COMPEL
DELPHI CORPORATION TO ADVANCE LEGAL FEES AND COSTS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Company" or the

"Debtors"), respectfully submit this Objection (the "Objection") to the Motion of

Creditors/Interested Parties John Blahnik, Paul Free, Milan Belans, Laura Marion, Peter Janak,

and Cathy Rozanski (together, the "Movants") to Modify October 13, 2005, Order And To

Compel Delphi Corporation To Advance Legal Fees and Costs (docket No. 5354) (the

"Advancement Motion"), and respectfully state as follows:[1]

<u>Preliminary Statement</u>

1.      On October 13, 2005, the Court entered the Human Capital Obligations Order

(docket No. 198) (the "Order") granting the Debtors' first-day Human Capital Obligations

Motion.[2]  Among other things, the Order established certain conditions under which the Debtors

would be permitted, but not directed, to advance defense costs incurred by former employees or

directors related to governmental investigations and lawsuits that commenced prior to the

Debtors' chapter 11 filings and that focused on prepetition conduct at Delphi.  The conditions

applicable to these former employees included: (i) that the advancements relate solely to costs

and expenses incurred in responding to the Securities and Exchange Commission ("SEC")

---

[1]      Concurrently with the filing of this Objection, the Debtors have filed a response to the
         Motion Of Certain Former Employees Of Debtor For Limited Relief From The
         Automatic Stay, To The Extent Applicable, To Pay And/Or Advance Defense Costs
         Under The Debtors' Insurance Policies (the "Insurance Motion") (docket No. 5360).
         Each of the Movants in the Advancement Motion is also a movant in the Insurance
         Motion.

[2]      Docket No. 12 (full title: Motion for Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107,
         and 1108 (I) Authorizing the Debtors to Pay Prepetition Wages and Salaries to
         Employees and Independent Contractors; (II) Authorizing the Debtors to Pay Certain
         Prepetition Benefits and Continue the Maintenance of Human Capital Benefit Programs
         in the Ordinary Course; and (III) Directing Banks to Honor Prepetition Checks for
         Payment of Prepetition Human Capital Obligations) (hereinafter "Human Capital
         Obligations Motion").

2

investigation (commenced in 2004) and/or defending against related securities and ERISA class actions; (ii) that the advancements not exceed a $5 million aggregate cap; (iii) that the advancements cover only expenses not otherwise reimbursable by third parties; and (iv) that the Company's Compensation Committee determine whether to make any such advancements on a case-by-case basis. Human Capital Obligations Motion ¶ 39. By contrast with its provisions governing former employees, the Order does not subject the advancement of defense costs to current employees to any aggregate cap. Id. Among the key purposes of the Human Capital Obligations Motion was to preserve employee loyalty and morale essential to a successful execution of the Debtors' transformation plan.

2.    Absent the Order, the Debtors could not continue advancing defense costs to any of the six Movants here. These Movants are former executives or employees whose advancement claims arose out of their prepetition conduct that led in part to prepetition governmental investigations and related lawsuits. Under well-established law in this Circuit and elsewhere, any valid advancement claims from these Movants under the indemnification-related provisions of Delphi's Bylaws constitute unsecured, prepetition claims and thus – without the Court's specific authorization under the Order – advancement outside a confirmed plan of reorganization would have been contrary to the automatic stay and priority provisions of the Bankruptcy Code. See 11 U.S.C. §§ 362(a)(6), 507. Simply put, the Order permitted the Debtors to assess whether to advance defense costs to former employees during the postpetition period when such advancement would otherwise have been stayed pending the confirmation of a plan of reorganization.

3.    The Debtors' decision to discontinue advancement of defense costs to the Movants was entirely consistent with the letter and spirit of this Court's Order. Pursuant to the Order, the Compensation Committee regularly has reviewed all former employee advancement

3

requests on a case-by-case basis.  In February and in June 2006, the Compensation Committee

decided to discontinue advancement of expenses to certain former employees, including the

Movants here.   This decision was not the result of any pressure from the government to

discontinue advancement.  The Compensation Committee based its decision primarily on the fact

that Delphi's Audit Committee found that these former employees played a role in prepetition

transactions that led to Delphi's restatement of financial results in June 2005.  Although the

Compensation Committee did not reach the question of whether these Movants are ultimately

entitled to indemnification, it reasonably determined that stopping advancement would be fair

and in the best interests of the Debtors' estates and their other creditors and stakeholders.  This

decision was in no respect a determination regarding any former employee's rights to

indemnification under Delaware Law and Delphi's bylaws.  The Movants do not (and cannot)

contend that the Debtors failed to adhere to the terms of this Court's Order.  Instead, the Movants

seek to modify the Order itself, by removing any discretion to stop advancing defense costs to

any former employees, based on three contentions.

4.       First, the Movants contend that the Order violates Delphi's Bylaws, under which

advancement is mandatory, and also thereby violates public policy.  Second, the Movants assert

that the Order "radically curtail[ed] Movants' rights" and, therefore, the Movants should have

received direct notice of the Human Capital Obligations Motion.  Finally, the Movants contend

that the discretion provided under the Order has led to an "unconstitutional" deprivation of their

constitutional right to due process and counsel.  These contentions are without merit.

5.       The Movants' various assertions that that the Order somehow prejudiced their

rights incorrectly assumes that advancement of defense costs would have continued on a

mandatory basis were it not for this Court's Order.  The opposite is true.  The Order gave the

Compensation Committee limited discretion to continue advancing defense costs to former

4

employees <u>notwithstanding that</u> the Movants must otherwise assert unsecured, prepetition claims

(<u>i.e.</u>, to the extent they are ultimately determined to be eligible for advancement or

indemnification under the Delphi's Bylaws).  Granting limited discretion in these circumstances

reflects a sound and balanced exercise of the Courts' powers to permit the Debtors to honor

certain prepetition advancement obligations in the best interests of the Debtors' estates and

creditors.  Second, because the Human Capital Obligations Motion could only improve the

Movants' ability to receive reimbursement for defense costs from the Debtors' estates, they were

in no way "prejudiced" by not receiving direct notice of the Human Capital Obligations Motion.

Finally, there is no factual or legal basis whatsoever to the Movants' contention that undue

pressure from the government forced the Compensation Committee's hand.  For this and other

reasons set forth fully herein, no deprivation of any constitutional rights is remotely implicated

by the Court's October 13, 2005 Order or the Debtors' adherence thereto.  The Movants' request

to modify the Order should be denied.

<u>Background</u>

A.      <u>Events Leading To The Movants' Defense Costs And Expenses</u>

6.      In late July 2004, Delphi received a subpoena from the SEC requesting

information about certain agreements between the Company and one of its information

technology service providers.  Shortly thereafter, Delphi received a copy of the SEC's formal

order of investigation related to those same transactions.  In response, the Company commenced

an independent investigation of matters underlying the SEC's inquiries.  In early October 2004,

the Audit Committee of Delphi's Board of Directors assumed oversight responsibility for the

internal review and directed Delphi's response to the SEC staff's investigation.

7.      In connection with and as a result of the Audit Committee's ongoing investigation,

on October 18, 2004 Delphi announced that its independent auditors had not yet completed their

review of the Company's consolidated financial statements for the period ending September 30, 2004, and that Delphi would not file its Form 10-Q for the third quarter until the Audit Committee and the Company's auditors had completed their respective reviews.  In early December 2004, Delphi reported the preliminary results of the Audit Committee's investigation. On March 1, 2005, Delphi announced the Audit Committee's position that the Company's financial statements for 2001 and certain subsequent periods should no longer be relied upon, and that a restatement would be required.  On March 22, 2005, Delphi announced that the Audit Committee had substantially completed its internal investigation, and on June 30, 2005, the Company disclosed its restated financial restatements for the affected periods.

8.      In March 2005, shortly after the Company announced its intention to restate certain prior period financial statements, claimants filed several putative securities class actions in various federal district courts.  The suits alleged that Delphi, certain current and former directors and officers of the Company, and others, violated the federal securities laws in connection with matters related to the Company's pending restatement.  Among the defendants named in the securities class action complaints were two of the Movants here, Messrs. Free and Blahnik.  In December 2005, these separate actions (including other actions described below) were consolidated in the United States District Court for the Eastern District of Michigan and assigned to United States District Judge Gerald E. Rosen for coordinated pretrial proceedings. (The matter bears the caption, In re Delphi Corp. Securities, Derivative and "ERISA" Litigation, 2:05–md-01725-GER (E.D. Mich.) (the "Multidistrict Litigation").)

9.      In March 2005, certain claimants filed several putative ERISA class actions. These suits alleged that Delphi, certain current and former directors, officers, and employees of the Company, and others, violated a variety of duties imposed by the Employee Retirement Income Security Act of 1974 in connection with matters related to the Company's pending

6

restatement.  None of the Movants here has been named expressly as a defendant in the ERISA

suits, although the suits generally name as defendants past and current members of Delphi's

Investment Policy Committee.  Each of movants Blahnik and Free is a former member of the

Investment Policy Committee.  In December 2005, the ERISA class actions were also centralized

by the Judicial Panel on Multidistrict Litigation and consolidated in United States District Court

of the Eastern District of Michigan (In re Delphi Corp. Securities, Derivative and "ERISA"

Litigation, No. 05-MD-1725 (GER) (E.D. Mich.)).

10.    In March 2005, shortly after the Company announced its intention to restate

certain prior period financial statements, a third group of claimants began to file shareholder

derivative actions on behalf of the Company, as a nominal defendant.  A total of four complaints

were filed:  two in federal court (one in the Eastern District of Michigan and another in the

Southern District of New York) and two in Michigan state court (Oakland County Circuit Court

in Pontiac, Michigan).  These suits alleged that certain current and former directors and officers

of the Company breached a variety of duties owed by them to Delphi in connection with matters

related to its pending restatement.  The federal cases were consolidated with the securities and

ERISA class before Judge Rosen in the Eastern District of Michigan.  Following the filing on

October 8, 2005, of the Debtors' petition for chapter 11 relief, all the derivative cases have been

administratively closed.  Among the defendants named in the derivative suits are Movants

Blahnik and Free.

11.    On October 30, 2006, the SEC filed a civil complaint in the United States District

Court for the Eastern District of Michigan, under the caption United States Securities &

Exchange Comm'n v. Delphi Corp., et al., No. 06–CV–14891 (E.D. Mich.).  Named as

defendants in that action were Delphi, nine former Company officers and employees (including

five of the Movants here – Belans, Blahnik, Free, Marion, and Rozanski), and four others, all of

whom are alleged to have violated the federal securities laws.  By agreement and signed consent, the charges against Delphi and movant Marion provisionally were settled simultaneously with the filing of the complaint. The district court entered a final judgment accordingly on November 7, 2006, subject to the approval of this Court.  The SEC is continuing to prosecute its civil case against Movants Free, Blahnik, Belans, and Rozanski.

12.     The SEC's investigation is ongoing, notwithstanding the filing of its complaint. (SEC Litig. Release No. 19891, Oct. 30, 2006, at 4.)  The Department of Justice, the Federal Bureau of Investigation, and other agencies also are investigating matters related to the Company's June 30, 2005 restatement.  The Advancement Motion contends that all of the Movants have incurred legal fees and expenses as a result of the SEC civil investigation and that two of the Movants also have incurred fees as a result of the pending Multidistrict Litigation.

B.     The Movants' Claims Under Delphi's Bylaw Provisions

13.     Debtors do not dispute that the Movants are each former executives or managerial employees as those terms are used in Article V ("Indemnification of Directors, Officers, Executives, Managerial Employees, Employees, and Agents") of Delphi's Amended Bylaws.[3] The Movants' former titles at Delphi and approximate resignation dates from Delphi are as follows:

a.     Milan Belans: former Director of Capital Planning and Pension Analysis at Delphi; separated effective August 31, 2005.

---

[3]     A copy of Article V of Delphi's Amended Bylaws are attached as Exhibit B to the Advancement Motion.  Delphi amended its Bylaws effective October 8, 2005.  The only change relevant here is that the Amended Bylaws expressly includes "executives" and "managerial employees" within the scope of mandatory indemnification (section 5.1) and mandatory advancement of legal expenses (section 5.5).  This change does not impact the effect of the Debtors' chapter 11 filings on the Movants' advancement claims, which is described herein (see ¶¶ 33-35 herein), and thus does not affect the resolution of the Advancement Motion.

> b.      John Blahnik:  former Vice President – Treasury; separated effective June 8, 2005.

> c.      Paul Free:  former Controller; separated effective March 3,  2005.

> d.      Peter Janak: former Vice President and Chief Information Officer; separated on July 1, 2003.

> e.      Laura Marion:  Director, Financial Accounting and Reporting; separated on April 30, 2006.

> f.      Cathy Rozanski:  Director, Financial Accounting and Reporting; separated on September 1, 2005.

Movants Belans, Blahnik, Free, and Rozanski were separated after Delphi's Audit Committee expressed concerns regarding the role that these former employees played in the transactions (or found to have played a key role in such transactions) that were the subject of the June 20, 2005 restatement and the Audit Committee's internal review.  <u>See</u> Declaration of John D. Opie, dated November 22, 2006 ("Opie Decl.") at ¶ 15.  Ms. Marion was separated on April 30, 2006 for similar reasons.  <u>Id.</u>

14.      Section 5.1 of Delphi's Amended Bylaws requires indemnification of legal expenses, attorneys' fees, judgments, fines, and penalties to the fullest extent allowed under Section 145(a) of the Delaware General Corporation Law for persons who are, or were, directors, officers, executives, or managerial employees of Delphi.  Consistent with Delaware law, the Bylaws permit indemnification in connection with civil suits and proceedings only if the director or employee acted "in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the Corporation."  No final determination has been made as to whether any of the Movants satisfies this necessary precondition of indemnification.  <u>See</u> Opie

Decl. at ¶ 14.  The issue of entitlement to full indemnification is generally deferred until after questions of liability have been resolved in the underlying civil actions or investigations.

15.    Section 5.5 of Delphi's Amended Bylaws requires advancement of defense costs and expenses to persons potentially indemnifiable under Section 5.1.  Consistent with Section 145(e) of the Delaware General Corporation Law, any such advancement is conditioned upon receipt of an undertaking in writing by the director or employee to repay such amount if it is ultimately determined that the director or employee is not entitled to be indemnified under Bylaw Section 5.1.

16.    The Movants contend that they have incurred certain legal defense costs and expenses in connection with the litigation and investigations referenced above by reason of the fact that they were executives or managerial employees of Delphi.  For purposes of the Advancement Motion, the Debtors do not generally dispute that the Movants have incurred such costs and expenses.[4]  Nor do the Debtors dispute that Section 5.5 of Delphi's Amended Bylaws would ordinarily require payment of defense costs to Movants in advance of the final disposition of the civil actions at issue here, upon receipt of a written undertaking to repay such amounts if the former employees are ultimately determined not to be entitled to indemnification.  In addition, the Debtors do not dispute they have received appropriate written undertakings from these Movants and, prior to the petition date, had been making advancements to the Movants for legal costs and fees incurred.

17.    All but one of the Movants have filed a proof of claim asserting contingent, nonpriority, unsecured claims in connection with their unpaid defense costs and expenses that

---

[4]    The Debtors hereby reserve all of their rights to dispute the reasonableness, validity, and amount of any specific defense costs and expenses claimed by Movants or any former employees – an issue as to which the Debtors need not take a position for the purposes of resolving the Advancement Motion.

they assert are subject to the indemnification and advancement provisions of Delphi's Amended Bylaws (i.e., section 5.1 and 5.5).[5]

C.    The October 13, 2005 Human Capital Obligations Order

18.    On October 8, 2005, the Debtors filed their Human Capital Obligations Motion. Like virtually all large chapter 11 debtors, the Debtors sought authority in this first-day motion to, among other things, pay the prepetition obligations owed to their salaried and hourly employees and to continue the Debtors' various human capital benefit plans and programs, the most significant of which were described in detail in the Motion.

19.    Of relevance to this Advancement Motion is the authority requested (and granted under the Order) with respect to advancement of defense costs relating to prepetition suits and investigations found in paragraph 39 of the Human Capital Obligations Motion. Paragraph 39 states in full:

> In addition, the Debtors seek authority but not direction to advance expenses to approximately 50 of its Employees and Directors, including 19 former Employees, currently engaged (and those who may become engaged on account of prepetition acts) in defending against shareholder class action suits and ERISA class action suits, and participating in the investigation by the Securities and Exchange Commission. The Debtors believe that the claims against such Employee or Director relates to his or her actions undertaken in good faith on behalf of the Debtors in a manner reasonably believed to be lawful and in the best interests of the Debtors. Moreover, in the event that it is determined that the Employee or Director is not eligible for indemnification, the Employee or Director has agreed to reimburse the Debtors. For current Employees and Directors, the Debtors seek authorization

---

[5]    The Debtors' review of the docket indicates that movant Peter Janak has not filed a proof of claim. The remaining Movants' proofs of claim assert contingent, unreimbursed, liquidated and unliquidated legal defense costs and fees (allegedly subject to indemnification under Delphi's Bylaws). Mr. Belans' proof of claim also asserts a priority unsecured claim under 11. U.S.C. § 507(a)(2). As discussed herein, however, none of Mr. Belans' potential advancement or indemnification rights is entitled to any administrative expense priority.

but not direction to advance all expenses for the defense of these suits. <u>For former Employees and Directors, the Debtors seek to advance expenses limited to an aggregate cap of $5 million, on a case-by-case basis pursuant to approval by the Compensation Committee, and only for advances not otherwise reimbursable from other third parties.</u>

(Docket no. 12 at p. 21 (emphasis added).)

20.    The Debtors served 170 parties with notice of the Human Capital Obligations Motion, including the Debtors' 50 largest unsecured creditors, the agents to the Debtors' prepetition and postpetition credit facilities, and the Debtors' unions.  None of these parties objected to the Human Capital Obligations Motion.  On October 8, 2005, Judge Gonzalez entered a Bridge Order granting interim relief (docket No. []).  This Court conducted a hearing on the Human Capital Objections Motion on October 11, 2005, at which time the Court granted the motion, subject to limited look-back rights awarded to the Creditors' Committee, once appointed.[6]

21.    On October 13, 2005, the Court entered the Order granting the authority sought in the Human Capital Obligations Motion.

D.    <u>The Compensation Committee's Decisions Regarding Advancement Of Defense Costs</u>

22.    At all times relevant to the Insurance Motion, the Compensation and Executive Development Committee of Delphi's Board of Directors (the "Committee") has been comprised of the following independent, outside directors:  Virgis W. Colbert (Committee chairman), Retired Executive Vice President and Director, Miller Brewing Company (a Delphi director since 1999); Craig G. Naylor, Group Vice President, E.I. du Pont de Nemours & Company (a

---

[6]    On October 25, 2005, the Creditors' Committee filed a Statement regarding the Order that noted the Committee's desire for an opportunity to complete its analysis. The Debtors and the Committee ultimately resolved any concerns consensually, and, thus, the Committee did not oppose any aspect of the relief sought and granted under the Order.

Delphi director since 2005); and John D. Opie, former Vice Chairman of General Electric

Corporation (a Delphi director since 1999 and lead outside director since 2002).  In addition,

Raymond J. Milchovich, Chairman, President & CEO, Foster Wheeler Inc. (a Delphi director

since December 2005), joined the Compensation Committee in December 2006.

23.    Pursuant to the specific authority requested in paragraph 39 of the Human Capital

Obligations Motion (and granted in the Order), the Committee has maintained oversight over any

and all advancement of legal expenses to former employees.  In the postpetition period, the

Compensation Committee has reviewed, discussed, and specifically authorized each

advancement of defense costs to former employees prior to the disbursement of any such funds.

See Opie Decl. at ¶ 7.

24.    All members of the Committee have received regular, detailed reports from

Delphi's Legal Staff (i) reviewing the relevant parameters under the Human Capital Objections

Order and (ii) identifying, in an individualized manner, the amounts previously advanced (if

any), the outstanding amounts requested, and any pertinent facts regarding the former employees

at issue.  Id. at ¶ 8.  At most of the Committee's regularly scheduled meetings, David M. Sherbin,

Delphi's Vice President and General Counsel, made a presentation focused in part on a case-by-

case review of pending requests for the advancement of defense costs.  At two of its meetings in

the postpetition period, the Committee either specifically authorized, or declined to authorize, the

advancement of defense costs to former employees on a case-by-case basis.  Id. at ¶ 9.

25.    With respect to the six Movants here, the Compensation Committee made

determinations to stop advancing legal fees at two separate meetings: one on February 8, 2006

and the other on June 7, 2006.

13

a.    February 8, 2006 Meeting

26.    Prior to the February 8, 2006 meeting of the Compensation Committee, the

Committee members received a report (dated February 7, 2006) from Delphi's Legal Staff (i)

noting that no advancement to former employees had been made since October 8, 2005 and (ii)

summarizing outstanding requests from ten former employees for advancement of legal fees and

expenses in connection with the SEC investigation, including requests from all six of the

Movants.  Id. at ¶ 11.  At the Committee's February 8, 2006 meeting, Mr. Sherbin reviewed both

the parameters set forth under the Human Capital Obligations Order and the facts relevant to the

Committee's decision regarding advancement to these former employees, on a case-by-case

basis.  Id. at ¶ 12.

27.    At the February 8 meeting, the Committee members engaged in a thorough

discussion of whether advancement would be in the best interests of the Debtors' estates, with

particular attention to the following factors:  (i) whether the former employee resigned after the

Audit Committee expressed concerns regarding the role such former employee played in the

transactions that were the subject of Delphi's June 30, 2005 restatement (or if the Audit

Committee otherwise found that he or she had played a key role in these transactions); (ii) the

potential impact on employee morale of any decision to stop further advancements; (iii) the

potential views of the other creditors of the Debtors' estates with respect to advancement, in light

of the fact that these former employees are unsecured creditors to the extent they have claims for

indemnification; and (iv) the impact on the Debtors' and other defendants' ability to successfully

defend the pending lawsuits and respond to the ongoing governmental investigations. Id. at ¶ 13.

28.    Based on these considerations, the Compensation Committee ultimately

determined during its February 8 meeting that it would not authorize advancements under the

Human Capital Obligation Order to any former employees who resigned after the Audit

14

Committee expressed concerns regarding the role such employees played in the transactions that were the subject of the Company's June 30, 2005 restatement of financial results (or if the Audit Committee otherwise found that they had played a key role in these transactions). In making this determination, the Compensation Committee took particular heed of the findings of Delphi's Audit Committee following its internal inquiry into these transactions. The Committee determined that the Debtors could not in good faith pay advancements to former employees whose actions were linked to the restatement and all related negative consequences. For this reason, the Compensation Committee determined not to authorize advancements under the Human Capital Obligation Order to Movants Belans, Blahnik, Free, Janak, and Rozanski, as well as two additional former employees, while authorizing advancement to movant Marion and two other former employees. Id. at ¶¶ 14-15.

          b.       June 7, 2006 Meeting

29.     Prior to the June 7, 2006 meeting of the Compensation Committee, the members of the Committee continued to receive detailed reports (dated March 14, April 28, and May 18) from Delphi's legal staff summarizing advancements to former employees made to date pursuant to the committee's prior authorization and providing updates on communications with former employees who had requested advancements. The Compensation Committee learned through these reports that several of the employees about whom the Audit Committee had expressed concern (and to whom advancements had been halted in February 2006) had subsequently received Wells Notices from the SEC. Id. at ¶ 17.

30.     At the June 7 meeting, Mr. Sherbin reviewed these reports and discussed the guidelines that the Committee had followed, pursuant to the Human Capital Obligations Order, in connection with its discretion regarding advancements of defense costs to former employees.

Mr. Sherbin also reviewed facts relevant to the Committee's decision regarding advancement to former employees, on a case-by-case basis.  Id. at ¶ 18.

31.     At the June 7 meeting, the members of the Compensation Committee again engaged in a thorough discussion of whether advancement would be in the best interests of the Debtors' estates, with particular attention to the same factors considered at its February 8 meeting.  (See ¶ 27 above.)  In light of those factors, the Committee determined that the Debtors would not continue to pay advancements to additional former employees who had also received Wells Notices from the SEC.  The Compensation Committee ultimately determined not to authorize any further advancements under the Human Capital Obligation Order to movant Laura Marion for this reason.  In addition to Ms. Marion, the Compensation Committee also denied advancement to a former executive who had also received a Wells Notice, while authorizing advancement to four other former employees (none of whom had received a Wells Notice).  Id. at ¶ 19.

Argument

A.     The Court's Grant Of Authority To Make Advancement Determinations For Former Employees On A Case-By-Case Basis Does Not Violate Movants' Rights Under Delphi's Bylaws And Is Appropriate

32.     The Movants do not contend that the Debtors have failed to adhere to this Court's October 13, 2005 Human Capital Obligations Order.  Instead, they contend that the Order violates public policy and the Movants' rights to advancement under Delphi's bylaws.  This argument is premised on a central misunderstanding of the nature of the Movants' indemnification-related claims in the chapter 11 context and, thus, of the impact of the relief granted in the Order.  In short, the Order did not violate or diminish the Movants' "rights" to advancement because the commencement of these chapter 11 cases itself stayed any advancements and transformed the Movants into unsecured creditors of the Debtors' estates.

16

33.     Movants cannot deny that their claims for advancement are based on prepetition events and their service to the corporation in the prepetition period.  The SEC investigation and related civil lawsuits all focus on prepetition matters.  Thus, under well-settled law in this Circuit and elsewhere, to the extent the Movants are entitled to advancement or indemnification, they have unsecured, prepetition claims against the Debtors' estates.  See, e.g., In re Adelphia Commc'ns Corp., 302 B.R. 439, 444 (Bankr. S.D.N.Y. 2003) ("Here, as in many (if not most) chapter 11 cases, claims by officers or directors for indemnification, for which the debtors might then seek reimbursement from their insurers, would be pre-petition claims . . . .  None of the Debtors could make payments on account of such pre-petition claims except under a chapter 11 plan."); In re Mid-Am. Waste Sys., Inc., 228 B.R. 816, 821-22 (Bankr. D. Del. 1999) ("An indemnification claim by an officer or director based on that officer's or director's prepetition services is not a claim on account of 'services rendered after the commencement of a case' that is entitled to administrative expense priority.  Instead, the O & D Claimants' indemnification claims are merely claims for prepetition compensation for services rendered, not unlike salary or other benefits.") (collecting cases); In re Baldwin-United Corp., 43 B.R. 443, 454-55 (C.D. Ohio 1984) (same).

34.     Movants' indemnification-related advancement claims are deemed to arise prepetition regardless of whether the Movants actually incur legal fees in the postpetition period.  See, e.g., In re Christian Life Center, 821 F.2d 1370, 1374 (9th Cir.1987) ("It makes no difference that the duty to indemnify . . . for litigation expenses, if such duty exists, did not

17

accrue until after the petition was filed . . . [T]he critical fact is that the claim for indemnity arose

from prepetition services. . . provided [to] the corporation.").[7]

35.    The Advancement Motion nevertheless presumes that the Debtors would have

been _required_ to make advancements to the Movants under Delphi's Bylaws if the Court had not

granted the Debtors' Human Capital Obligations Motion.  Yet the opposite is true.  The

automatic stay and priority provisions of the Bankruptcy Code would have prohibited

advancement.  11 U.S.C. §§ 362(a)(6) (staying "any act to collect, assess, or recover a claim

against the debtor that arose before the commencement of the case") and 507 (setting forth

priority scheme for expenses and claims).  Thus, the Order in no sense "violates" the

advancement or indemnification provisions of Delphi's bylaws.  To the extent the Movants have

such rights, they were required to file proofs of claim, like any other unsecured, prepetition

---

[7]    Broadly speaking, indemnification is a "right conferred by contract, under statutory auspice." Stifel Fin. Corp. v. Cochran, 809 A.2d 555, 559 (Del. 2002).  When determining when contractual claims arise, courts in this Circuit focus on whether the events and relationship giving rise to payment obligations were established in the prepetition period, even if the right to collect a payment arises in the postpetition period. The seminal case is United States v. LTV Corp. (In re Chateaugay Corp.), 944 F.2d 997 (2d Cir. 1991), which held that claims brought by the EPA for remediation under CERCLA are deemed to arise prepetition where the events ultimately giving rise to EPA's claim (asserted postpetition) occurred in the prepetition period. See, e.g., In re Texaco, 254 B.R. 536, 558 (Bankr. S.D.N.Y. 2000) (citing Chateaugay as the leading case in the Second Circuit on the issue of when claims are deemed to arise).  The Chateaugay court noted that, in the context of contractual claims, the Code's inclusion of "unmatured" and "contingent" claims implies that a prepetition contractual relationship that leads to a claim triggered by a future occurrence "'within the actual or presumed contemplation of the parties at the time the original relationship between the parties was created'" should be deemed a prepetition claim.  Chateaugay, 944 F.2d at 1004 (quoting In re All Media Properties, Inc., 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980)).  Here, there is no question that any claim for advancement or indemnification arises out of prepetition employment, prepetition events, and investigations and lawsuits that were commenced prepetition and continue to give rise to claims within the contemplation of the parties.  Thus, the Movants' claims are classic prepetition claims.  Any contention by the Movants that their claims arise postpetition because of continuing legal expenses must be rejected. See, e.g., In re Emons Indus., Inc., 220 B.R. 182, 193-94 (Bankr. S.D.N.Y. 1998) (rejecting arguments based on "right to payment" test).

creditor.  The Order, without diminishing the Movants "rights," grants limited discretion to pay

certain unsecured, prepetition claims on a case-by-case basis, in light of the importance of

employee morale and a successful resolution of the pending investigations to the Debtors' ability

to reorganize and emerge successfully.

36.    The Movants also assert that the discretion granted under the Order to discontinue

advancement of defense costs is contrary to public policy.  The Movants cannot explain,

however, why this is so in the context of a complex reorganization under chapter 11 in which all

employees, creditors, and stakeholders must unfortunately feel some adverse effects.  The

Debtors do not deny that indemnification provisions are important aspects of compensation for

key directors, executives, and managerial employees.  This is precisely why the Compensation

Committee evaluated each advancement request from the Debtors' former executives and

managerial employees on a case-by-case basis.

37.    In the end, the determinations that the Compensation Committee made were

reasonable, for they took into account all of the competing public policy concerns, including the

Debtors' interest in ensuring the morale of current employees, the Debtors' fiduciary obligation to

preserve the value of their estates for all unsecured creditors, and the unfairness of paying out the

prepetition claims of former employees whose activities led to a financial restatement.  See Opie

Decl. at ¶ 13.  In light of the various complex and competing interests here, the limited discretion

granted by this Court's Order was an appropriate exercise of this Court's powers to permit the

Debtors to honor certain prepetition advancement obligations.

B.    The Debtors Gave Adequate And Reasonable Notice Of The Human Capital
Obligations Motion

38.    The Debtors provided notice of their first-day Human Capital Obligations Motion

to the Office of the United States Trustee, the Debtors' 50 largest unsecured creditors, counsel for

the agent under the Debtors' prepetition credit facility, counsel for the agent under the Debtors'

postpetition credit facility, and the Debtors' unions.  The Debtors also widely publicized the

commencement of these chapter 11 cases and the first-day hearings in press releases and Form

8-K filings.  In press releases issued on October 8, 2005 (prior to the hearing on the Human

Capital Obligations Motion), the Debtors announced that court documents were available at

www.delphidocket.com and that Delphi had set up a toll-free information line for employees,

customers, shareholders, and other interested parties.  In addition, in a press release issued on

October 11, 2005, the Debtors announced that the "first-day hearing" would be held on October

11, 2005 and provided telephonic participation information.

39.    The Human Capital Obligations Order reflects the Court's determination that

"proper and adequate notice of the Motion has been given and that no other or further notice is

necessary."  Human Capital Obligations Order at 2.

40.    The Movants nevertheless assert that they "had no notice of the Human Capital

Obligations Motion and no opportunity to be heard."  (Motion ¶ 15.)  Movants further contend

that this purported lack of notice prejudiced them because the Debtors "sought an order that

would affect Movants' rights by radically curtailing Movants' right to advancement of legal fees."

(Motion ¶ 11.)  This argument fails at the outset because it assumes incorrectly that the relief

requested "curtailed" Movants' "rights."  Not so.  As explained above, the chapter 11 filings

themselves affected the Movants' ability to receive advancements through the automatic stay

applicable to all prepetiton claimholders.  Contrary to the Movants' assertions, the Order – far

from "prejudicing" any of the Movants' "rights" – in fact <u>improved</u> their position by comparison

with other general, unsecured creditors.  The Human Capital Obligations Motion did not request

(or even address) any adjudication of the Movants' actual <u>rights</u> (<u>i.e.</u>, their indemnification-

related unsecured claims) in these chapter 11 cases.  Regardless of how the Court would rule on

the Human Capital Objections Motion, therefore, the Movants, like other prepetition creditors,

20

would retain all of their rights in these chapter 11 cases to file proofs of claim and seek recovery

from the Debtors under the Bankruptcy Code.  Because the Movants' "rights" were not affected,

and because the Order stood only to benefit the Movants, the Movants cannot seriously complain

of any prejudice resulting from their alleged unawareness of Delphi's first-day motions.

41.    The Movants' argument that the Debtors' notice failed to satisfy the requirements

of Local Rule 9013-1(c) must also be rejected.  Under the literal interpretation of the Local Rule

urged by the Movants, the Debtors would have been required to serve their first-day Human

Capital Obligations Motion on all 50,600 salaried and hourly employees in the United States at

the time of the Debtors' bankruptcy filing, because every employee had an "interest in the subject

matter" that could be "affected."[8]  Given the size and complexity of the Debtors' chapter 11 cases

and the exigent need for the overall relief requested in the Human Capital Obligations Motion (as

well as in the Debtors' other first-day motions), the Movants' literal approach to the notice

requirements of Local Rule 9013-1(c) would have been unworkable and unreasonably

burdensome.

42.    As the Supreme Court has held, notice must be "reasonably calculated, under all

circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections."  Mullane v. Central Hanover Bank & Trust Co., 339

U.S. 306, 314 (1950).  "Section 102(1)(A) of the Bankruptcy Code defines the phrase, 'after

notice and a hearing' to be 'such notice as is appropriate under the particular circumstances, and

such opportunity for a hearing as is appropriate in the particular circumstances.  Obviously,

---

[8]    The Debtors do not deny that their employees had "interests" that were "affected" by the
Human Capital Obligations Order.  It is worth noting, however, that the relief sought
enhanced the employees' ability to receive payments on certain prepetition claims that
otherwise would be subject to the automatic stay.  This is another factor that supports the
adequacy of the notice given.

21

therefore, the concept of 'notice and a hearing' is a flexible one.  Notice does not need to be

perfect; it must only be reasonable based upon the circumstances of the case."  In re Gonzalez,

341 B.R. 371, 381 (BAP 1st Cir. 2006) (internal citations omitted).  Based on the circumstances

surrounding the filing of the Debtors' chapter 11 cases and the hearing on the first-day motions,

the notice that the Debtors provided regarding the Human Capital Obligations Motion was

reasonable and adequate (as this Court itself found).  Movants cannot seriously claim that the

failure to satisfy Local Rule 9013-1(c) – i.e., the fact that they did not receive copies of the first-

day motions – meant that they did not have reasonable notice under the circumstances.

      C.      The Debtors' Decision To Discontinue Advancement Did Not Violate, Or
              Even Implicate, The Movants' Constitutional Rights

      43.      Finally, the Movants rely on the recent decision in United States v. Stein, 435 F.

Supp. 2d 330 (S.D.N.Y. 2006), to argue that the Order created a situation in which the

government successfully pressured the Debtors to cease advancement of their legal expenses, in

violation of the Movants' Fifth and Sixth Amendment rights.  This argument fails for two

obvious reasons – one factual and the other legal.

      44.      First, as a factual matter, the Debtors received no pressure from the government

with respect to their advancement decisions.  (Opie Decl. ¶ 20.)  By contrast, the Stein court's

holding that constitutional rights were infringed turned squarely on that court's express finding,

following evidentiary hearings, that the federal government caused KPMG to discontinue

advancement of legal expenses to certain former partners who were indicted.  See Stein, 435 F.

Supp. 2d at 353 ("KPMG's decision to cut off all payments of legal fees and expenses . . . was

the direct consequence of the pressure applied by the Thompson Memorandum and the [United

States Attorney's Office].  Absent the Thompson Memorandum and the actions of the USAO,

KPMG would have paid the legal fees and expenses of all of its partners and employees . . . .");

22

see also id. at 336 (same). [9]  This sort of governmental pressure was completely absent here, as

Mr. Opie's Declaration makes clear. (Opie Decl. ¶ 20.)[10]

45.    Second, as a legal matter, the Stein decision focuses entirely on principles of

fundamental fairness owed to criminal defendants.  The Movants here do not contend that they

have been indicted (or even that they have incurred any fees in connection with any criminal

proceeding).  Movants themselves note that the Sixth Amendment "attaches upon indictment"

(Motion at 10 n.5).  Even in the unusual event that such rights are implicated in the pre-

indictment phase of criminal proceedings, they attach after "the government has committed itself

to prosecute," and a movant finds himself "faced with the prosecutorial forces of organized

society, and immersed in the intricacies of substantive and procedural criminal law."  Moore v.

Illinois, 434 U.S. 220, 229-30 (1977) (citation omitted); Kirby v. Illinois, 406 U.S. 682, 689–90

(1972) ("It is this point, therefore, that marks the commencement of the 'criminal prosecutions' to

---

[9]    The relevant provisions of the Thompson Memorandum, then binding on all United
States Attorneys, required prosecutors to consider any advancement by a business entity
to potentially culpable employees or former employees, other than those advancements
strictly required by law, "as a factor weighing in favor of indictment of the entity."  Stein,
435 F. Supp. 2d at 338 & n.12.  Here, the Movants baldly assert that the Thompson
Memorandum has influenced the Compensation Committee, without any basis in fact.

[10]    Absent government action, any Due Process argument fails: "nothing in the language of
the Due Process Clause itself requires the State to protect the life, liberty, and property of
its citizens against invasion by private actors.  The Clause is phrased as a limitation on
the State's power to act . . . .  Like its counterpart in the Fifth Amendment, the Due
Process Clause of the Fourteenth Amendment was intended to prevent government 'from
abusing [its] power, or employing it as an instrument of oppression.'"  DeShaney v.
Winnebago Cty. Dept. of Soc. Servs., 489 U.S. 189, 195-96 (1989) (emphasis added)
(quoting Daniels v. Williams, 474 U.S. 327, 331 (1986), and citing Davidson v. Cannon,
474 U.S. 344, 348 (1986), and Parratt v. Taylor, 451 U.S. 527, 549, (1981) (Powell, J.,
concurring in result).).  Where, as here, there has been no improper governmental
pressure brought to bear, and where the decision to halt the Movants' advancements
turned entirely on private assessments by the Debtors regarding their own (and their
stakeholders') best interests, the Due Process concerns addressed in Stein are not
implicated.  Stein, 435 F. Supp. 2d at 336.

which alone the explicit guarantees of the Sixth Amendment are applicable.") (citations omitted).

Nothing in the Advancement Memorandum, however, provides any basis to believe that the

ongoing investigations brought to this Court's attention in the parties' pleadings have reached a

"stage of the prosecution" of a <u>criminal</u> case sufficiently "critical" to implicate the Movants'

constitutional rights.  <u>Kirby</u>, 406 U.S. at 690; <u>Moore</u>, 434 U.S. at 229 (same).

      46.     In sum, the central holding of the <u>Stein</u> case – "that the government may not both

prosecute a defendant and then seek to influence the manner in which he or she defends the case"

– is inapposite here.  435 F. Supp. 2d at 357.

CONCLUSION

      WHEREFORE, the Debtors respectfully request that this Court deny the

Advancement Motion in its entirety.


Dated: New York, New York
      November 22, 2006

                         SKADDEN, ARPS, SLATE, MEAGHER &
                           FLOM LLP

                       By: /s/ John Wm. Butler, Jr.
                         John Wm. Butler, Jr. (JB 4711)
                         Albert L. Hogan III (AH 8807)
                         John K. Lyons (JL 4951)
                         Ron E. Meisler (RM 3026)
                       333 West Wacker Drive, Suite 2100
                       Chicago, Illinois  60606
                       (312) 407-0700

                       By:  /s/  Kayalyn A. Marafioti
                         Kayalyn A. Marafioti (KM 9632)
                         Thomas J. Matz (TM 5986)
                       Four Times Square
                       New York, New York 10036
                       (212) 735-3000

24

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)


        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :
        In re                                              :        Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :        Case No. 05-44481 (RDD)
                                                           :
                                Debtors.                   :        (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF JOHN D. OPIE IN SUPPORT OF DEBTORS' OBJECTION TO
MOTION OF JOHN BLAHNIK, PAUL FREE, MILAN BELANS, LAURA MARION, PETER
JANAK, AND CATHY ROZANSKI TO MODIFY OCTOBER 13, 2005 ORDER AND TO
COMPEL DELPHI CORPORATION TO ADVANCE LEGAL FEES AND COSTS

I, John D. Opie, declare and state as follows:

1.      Delphi Corporation ("Delphi" or the "Company") and certain of its subsidiaries and affiliates are debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors").  I submit this declaration in support of the Debtors' Objection to the Motion of Creditors/Interested Parties John Blahnik, Paul Free, Milan Belans, Laura Marion, Peter Janak, and Cathy Rozanski (together, the "Movants") to Modify October 13, 2005, Order And To Compel Delphi Corporation To Advance Legal Fees And Costs  (the "Objection" and the "Advancement Motion," respectively).

2.      Since 1999, I have served as an independent director and, since 2002, as Lead Independent Director on the Board of Directors of Delphi Corporation (the "Board").  I am an ex officio member of the Audit Committee, the Corporate Governance and Public Issues Committee, and the Compensation and Executive Development Committee of Delphi's Board. Prior to my association with Delphi, I worked for General Electric Company ("GE") for 39 years. During the period from 1961 until I retired from GE in 2000, I held numerous senior management positions, including Vice President of its Lexan and Specialty Plastics Divisions, President of its Lighting Business, and, from 1995 to 2000, Vice Chairman and a director of GE itself.  From 2003 until I resigned earlier this year, I also served as a member of the Board of Directors of Wal-Mart Stores, Inc.

3.      Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, or knowledge obtained from members of Delphi management reporting to me in the course of their duties.  If I were called upon to testify, I could and would testify to the facts set forth herein.

2

**Declaration of John D. Opie**

<u>The Compensation Committee and Its Oversight of Advancements to Former Employees</u>

4.      From October 8, 2005 to the present, the Compensation and Executive Development Committee of Delphi's Board (the "Committee") has been comprised of the following independent, outside directors:  Virgis W. Colbert, Director and former Executive Vice President, Miller Brewing Company (a Delphi director since February 10, 1999 and Committee Chairman); Craig G. Naylor, Group Vice President, E.I. du Pont de Nemours & Company (a Delphi director since February 1, 2005); and myself.  In addition, Raymond J. Milchovich, Chairman, President & CEO, Foster Wheeler Inc. (a Delphi director since December 7, 2005), joined the Compensation Committee as of December 7, 2005.

5.      The Compensation Committee discharges the Board's responsibilities relating to all aspects of compensation for directors, officers, and other executives, including the review, approval and administration of any benefit or incentive compensation plan of the Company and its subsidiaries.  It is responsible for recommending a succession plan to the Board for the Company's CEO and its senior executives.  It is also responsible for producing a compensation discussion and analysis for inclusion in the Company's Annual Report on Form 10-K or its proxy statement, as applicable.  The Committee operates under a written charter, which is available for review on Delphi's Internet site (www.Delphi.com).  The Committee generally meets six to eight times per year.  In 2005, the Compensation Committee met nine times, and so far in 2006, the Compensation Committee has met six times.

6.      The members of the Committee recognize their obligation, pursuant to the Bankruptcy Court's Order entered on October 13, 2005 granting the Debtors' first day Human Capital Obligations Motion, to determine whether to advance defense costs to former directors and employees under the indemnification and advancement provisions of Delphi's Bylaws.

3

**Declaration of John D. Opie**

Specifically, the Committee is aware that, based on the Bankruptcy Court's Order, its discretion

is delimited as follows:  (i) the advancements must relate solely to costs and expenses incurred in

responding to the Securities and Exchange Commission investigation and/or defending against

related securities and ERISA class actions; (ii) the advancements must not exceed a $5 million

aggregate cap; (iii) the advancements must only cover expenses not otherwise reimbursable by

third parties; and (iv) the Compensation Committee must make any such advancements based on

a case-by-case determination.

7.      The Committee takes its oversight of advancement of defense costs to

former directors and employees very seriously.  In the postpetition period, the Compensation

Committee has reviewed, discussed, and specifically authorized each advancement of defense

costs to former employees prior to the disbursement of any such funds.

8.      All members of the Committee have received regular, detailed reports

(approximately every five weeks) ("Reports") from Delphi's Legal Staff (i) reviewing the

relevant parameters set by the Human Capital Objections Order (outlined in paragraph six above)

and (ii) identifying, in an individualized manner, the amounts previously advanced (if any), the

outstanding amounts requested, and any pertinent facts regarding the former employees at issue.

9.      At most of the Committee's meetings following the filing of these chapter

11 cases, David M. Sherbin, Delphi's Vice President and General Counsel, made a presentation

focused in part on a case-by-case review of pending requests for the advancement of defense

costs.  At its meetings in the postpetition period, the Compensation Committee has specifically

authorized, or declined to authorize, the advancement of defense costs to former employees, on a

case-by-case basis.

4

**Declaration of John D. Opie**

## The Committee's Decisions Regarding the Six Movants

10.     I am aware that six former employees have filed a motion challenging

Delphi's decision to discontinue advancement of their defense costs: Milan Belans, John Blahnik,

Paul Free, Peter Janak, Laura Marion, and Cathy Rozanski (the "Movants").  With respect to

these six Movants, the Committee made determinations to stop advancing legal fees and

expenses at two separate meetings: one on February 8, 2006 and the other on June 7, 2006.  The

Committee did not take these decisions lightly.  To the contrary, at our meetings on February 8,

2006, and June 7, 2006, we engaged in thorough discussions before coming to a decision that we

thought would inure to the best interests of the Debtors' estates and their creditors and

stakeholders.

11.     Prior to the February 8, 2006 meeting of the Compensation Committee,

the Committee members received a Report (dated February 7, 2006) from Delphi's Legal Staff (i)

noting that no advancement to former employees had been made since October 8, 2005 and (ii)

summarizing outstanding requests from ten former employees for advancement of legal expenses

in connection with the SEC investigation, including requests from all six of the Movants.

12.     At our February 8, 2006 meeting, Mr. Sherbin reviewed both the

parameters set forth in the Human Capital Obligations Order and the facts relevant to the

Committee's decision regarding advancement to former employees, on a case-by-case basis.

13.     The members of the Committee then discussed whether advancement

would be in the best interests of the Debtors' estates and their stakeholders, with particular

attention to the following factors:  (i) whether the former employee resigned after the Audit

Committee expressed concerns regarding the role such former employee played in the

transactions that were the subject of Delphi's June 30, 2005 restatement (or if the Audit

5

**Declaration of John D. Opie**

Committee otherwise found that he or she had played a key role in these transactions); (ii) the

interests of current employees involved in responding to governmental investigations and

lawsuits and the potential impact on employee morale of any decision to stop further

advancements; (iii) the potential views of the other creditors of the Debtors' estates with respect

to advancement, in light of the fact that these former employees are unsecured creditors to the

extent they have claims for indemnification; and (iv) the impact on the Debtors' and other

defendants' ability to successfully defend the pending lawsuits and respond to the ongoing

governmental investigations.

14.    Taking all of these considerations into account, the Committee ultimately

determined during our February 8 meeting that it would not authorize advancements under the

Human Capital Obligation Order to any former employees who resigned after the Audit

Committee expressed concerns regarding the role such employees played in the transactions that

were the subject of the Company's June 30, 2005 restatement of financial results (or if the Audit

Committee otherwise found that they had played a key role in these transactions).  In making this

determination, the Committee took particular heed of the findings of Delphi's Audit Committee

following its internal inquiry into these transactions.  The Committee determined that it could not

in good faith pay advancements to former employees whose actions the Audit Committee found

were linked to the restatement and all related negative consequences.  At the same time, the

Committee did not determine whether these former employees were ultimately entitled to

indemnification.  If a former employee did in fact act in good faith and in a manner he or she

believed to be in or not opposed to the best interests of the Corporation, then we understood that

the former employee would have a right to assert an indemnification claim against the Debtors'

estates.

6

**Declaration of John D. Opie**

15.     Movants Belans, Blahnik, Free, Janak, and Rozanski (as well as two other former employees who had requested advancement in advance of our February 8 meeting) fell in the category of former employees who resigned after the Audit Committee expressed concerns regarding the role such employees played in the transactions that were the subject of the Company's restatement (or who were otherwise found by the Audit Committee to have played a key role in structuring such transactions).  Thus, the Committee made the decision to deny advancement to these employees.

16.     The next meeting of the Committee took place on April 18, 2006. The Committee did not make any determinations with respect to the Movants at that meeting.

17.     The Committee made a decision to cease advancement to movant Laura Marion at its next meeting held on June 7, 2006.  Prior to that meeting, the Committee received additional, detailed Reports (dated March 14, April 28, and May 18, 2006) from Delphi's Legal Staff summarizing advancements to former employees made pursuant to the Committee's prior authorization and providing updates on communications with former employees who had requested advancements.  Notably, we were informed through these Reports that several of the employees about whom the Audit Committee had expressed concern (and to whom we had decided in February to cease advancements) had subsequently received Wells Notices from the SEC.

18.     At the June 7, 2006 meeting, Mr. Sherbin reviewed these Reports and discussed the guidelines that the Committee had been following, pursuant to the Human Capital Obligations Order, in connection with our discretion regarding advancements of defense costs to former employees.  Mr. Sherbin also reviewed facts relevant to our decision regarding advancement to former employees, on a case-by-case basis.

7

**Declaration of John D. Opie**

19.     At the June 7, 2006 meeting, the Committee members again engaged in a robust discussion of whether advancement would be in the best interests of the Debtors' estates, with particular attention to the same factors we considered during our February 8, 2006 meeting (listed in paragraph 13 above).  In light of those factors, we determined that we could not in good faith continue to pay advancements to additional former employees who had also received Wells Notices from the SEC.  The Committee ultimately determined not to authorize any further advancements under the Human Capital Obligation Order to movant Laura Marion for this reason.  In addition to Ms. Marion, the Committee also denied advancement to a former executive who had also received a Wells Notice, while authorizing advancement to four other former employees, none of whom had received a Wells Notice.

### No Pressure form the Government

20.     I understand that the Movants have suggested in their motion that the advancement decisions listed above were made in response to pressure from the SEC.  This is not true.  I am not aware of Delphi ever having been pressured by the SEC or any other governmental entity to discontinue advancement of defense costs to anyone.  In addition, I have confirmed with counsel working on responding to the governmental investigations that Delphi never received such a request from the government.  Simply put, the Committee never discussed or responded to any request of any governmental agency in our deliberations or decision-making regarding advancements under the Human Capital Obligations Order.  To the contrary, the bases for the Committee's decisions to discontinue advancement to the Movants are the reasons I have set forth above.

8

**Declaration of John D. Opie**

21.   I declare under penalty of perjury that the foregoing statements are true

and correct.


Executed on November 22, 2006 in Weston, Connecticut.

John D. Opie

9

Declaration of John D. Opie