**EXHIBIT F**

**DELPHI CORPORATION et al.**

**FINAL AND SUPPLEMENTAL ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF
FTI CONSULTING, INC. AS RESTRUCTURING AND FINANCIAL
ADVISORS TO THE DEBTORS**

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT | | |
| SOUTHERN DISTRICT OF NEW YORK | | |

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
    In re                           :   Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :   (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

FINAL ORDER UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014 AND 2016 AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS <u>RESTRUCTURING AND FINANCIAL ADVISORS TO DEBTORS</u>

("FTI RETENTION FINAL ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for a final order (the "Final Order") under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 and 2016 authorizing the employment and retention of FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors, and employees, "FTI") as restructuring and financial advisors to the Debtors; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005, and on the Affidavit of Randall S. Eisenberg, sworn to October 7, 2005, in support of the Application; and upon the record of the hearing held on the Application; and this Court having determined that the relief requested in the Application is in the best interests of each of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby



ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on a final basis.

2. Subject to the terms of this Final Order, the Debtors' employment of FTI as their restructuring and financial advisors in accordance with the Application is approved pursuant to section 327(a) of the Bankruptcy Code, and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective as of the date of the Application.

3. FTI shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court; provided, however, that with regard to assistance rendered postpetition to the Debtors in responding to and tracking calls received from suppliers in a vendor communication room, including the production of various management reports reflecting call center activity, FTI shall only be required to maintain contemporaneous time records in half-hour increments.

4. Any requests by FTI for indemnification or other payments from the Debtors shall be made by means of an application (interim or final, as the case may be) to this Court and shall be subject to review by this Court; provided, however, that in no event shall FTI be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

5. In no event shall FTI be indemnified nor shall its liability be limited if the Debtors or a representative of their estates asserts a claim for, and a court determines by final

order that such claim arose out of, FTI's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

6. In the event that FTI seeks reimbursement for attorneys' fees from the Debtors pursuant to the Application, the invoices and supporting time records from such attorneys shall be included in FTI's own applications (both interim and final) and such invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

7. Any party-in-interest shall have the right to raise the issue of the application of FTI's prepetition retainer to postpetition fees and expenses incurred at any time.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

9. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Date: November 4, 2005
     New York, New York

                              /s/ Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
       In re                                                 :    Chapter 11
                                                             :
DELPHI CORPORATION, et al.,                                  :    Case No. 05-44481 (RDD)
                                                             :
                              Debtors.                       :    (Jointly Administered)
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

ORDER UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014 AND 2016
AUTHORIZING EXPANSION OF SCOPE OF EMPLOYMENT OF FTI CONSULTING, INC.
AS RESTRUCTURING AND FINANCIAL ADVISOR TO DEBTORS TO
<u>INCLUDE ECONOMIC CONSULTING SERVICES NUNC PRO TUNC TO MAY 25, 2006</u>

("FTI SUPPLEMENTAL RETENTION ORDER")

Upon the supplemental application, dated September 28, 2006 (the "FTI Supplemental Retention Application"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 and 2016 authorizing the expansion of the scope of FTI's employment as restructuring and financial advisor to the Debtors in these chapter 11 cases to include the provision of Economic Consulting Services (as defined in the FTI Supplemental Retention Application); and upon this Court having determined that the relief requested in the FTI Supplemental Retention Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the FTI Supplemental Retention Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby



ORDERED, ADJUDGED, AND DECREED THAT:

1. The FTI Supplemental Retention Application is GRANTED.

2. Pursuant to the FTI Supplemental Retention Application and that certain Engagement Letter, dated as of May 25, 2006, the Debtors' retention of FTI as its restructuring and financial advisor is hereby expanded in accordance with 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 and 2016 and FTI is hereby authorized to provide Economic Consulting Services to the Debtors (and certain current and former directors and officers of Delphi and certain Delphi-related entities), with approval of such expansion being effective as of May 25, 2006.

3. FTI shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the United States Bankruptcy Code and all applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, the guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         October 19, 2006

                                                /s/ Robert D. Drain
                                                UNITED STATES BANKRUPTCY JUDGE