DLA PIPER US LLP
John P. McNicholas (JM-0694)
1251 Avenue of the Americas
New York, New York 10022
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
Email:  john.mcnicholas@piperrudnick.com

Of Counsel:
DLA PIPER US LLP
Amy Wallace Potter
2000 University Avenue
East Palo Alto, CA 94303
Telephone:  650.833.2412
Facsimile:  650.687.1136
Email: amy.potter@dlapiper.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

EX PARTE MOTION UNDER 11 U.S.C. § 107(b) AND FED R. BANKR. P. 9018 FOR ORDER AUTHORIZING DLA PIPER US LLP TO FILE SECOND SUPPLEMENTAL AFFIDAVIT OF JAMES M. KOSHLAND UNDER FED. R. BANKR. P. 2014 AND 2016 REGARDING THE RETENTION OF DLA PIPER US LLP AS CORPORATE, EMPLOYMENT, AND INTELLECTUAL PROPERTY COUNSEL FOR DEBTOR MOBILEARIA, INC. UNDER SEAL

DLA Piper US LLP ("DLA Piper"), corporate, employment, and intellectual property counsel to MobileAria, Inc. ("MobileAria"), an affiliate of Delphi Corporation ("Delphi") and a debtor and debtor-in-possession in the above-captioned cases (collectively with Delphi and certain of its U.S. subsidiaries and affiliates, the "Debtors") plans to file a Second Supplemental Affidavit of James M. Koshland Under Fed. R. Bankr. P. 2014 and 2016

Regarding the Retention of DLA Piper US LLP as Corporate, Employment, and Intellectual Property Counsel for Debtor MobileAria, Inc. (the "Second Supplemental Affidavit") disclosing a connection with a creditor negotiating a contract with Delphi. By this Ex Parte Motion Under 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 for Order Authorizing DLA Piper US LLP to File Second Supplemental Affidavit of James M. Koshland Under Fed. R. Bankr. P. 2014 and 2016 Regarding the Retention of DLA Piper US LLP as Corporate, Employment, and Intellectual Property Counsel for Debtor MobileAria, Inc. Under Seal (the "Motion"), DLA Piper seeks authority to file the Second Supplemental Affidavit under seal. In support of the Motion, DLA Piper respectfully represents as follows:

Background

A.  The Chapter 11 Filings

1.  On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization on relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1330, as amended (the "Bankruptcy Code").. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases. Substantially all of the assets of MobileAria have been sold.

2.  No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4. The statutory predicates for relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.  The Second Supplemental Affidavit

5. On October 30, 2006, DLA Piper filed an affidavit executed on October 17, 2006 pursuant to 11 U.S.C. §§ 327 and 1107 and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Affidavit") in support of the Application for Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed R. Bankr. P. 2014 Authorizing Employment And Retention Of DLA Piper LLP As Corporate, Employment, And Intellectual Property Counsel To Debtor MobileAria, Inc. Nunc Pro Tunc To May 1, 2006 (the "Application").

6. On November 16, the Court entered the Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed R. Bankr. P. 2014 Authorizing Employment And Retention Of DLA Piper LLP As Corporate, Employment, And Intellectual Property Counsel To Debtor MobileAria, Inc. Nunc Pro Tunc To May 1, 2006.

7. On November 17, 2006, DLA Piper filed a supplemental affidavit (the "Supplemental Affidavit") under Fed. R. Banrk. P. 2014 and 2016 Regarding Retention Of DLA Piper LLP As Corporate, Employment, And Intellectual Property Counsel To Debtor MobileAria, Inc.

8. DLA plans to submit the Second Supplemental Affidavit to disclose certain facts relevant to DLA Piper's retention in MobileAria's chapter 11 case which have come to its

attention since filing the Affidavit and Supplemental Affidavit. Lawyers in other DLA Piper offices currently represent potential creditors of the Debtors in matters not related to MobileAria. Specifically, in addition to those matters previously disclosed, DLA Piper also represents a client in negotiating a substantial potential contract with Delphi. These negotiations are tentative and both Delphi and DLA Piper's clients fear that public disclosure of the negotiations at this time may jeopardize the contract.

## Relief Requested

9. By this Motion, DLA Piper seeks entry of an order pursuant to 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing DLA Piper to file the Second Supplemental Affidavit under seal.

## Basis for Relief

10. The Second Supplemental Affidavit contains sensitive and confidential information regarding one of DLA Piper's client's negotiations for a potential substantial contract with Delphi. If publicly disclosed, this information could undermine the negotiations and jeopardize the potential contract between Delphi and DLA Piper's client. If DLA Piper's client is awarded the contract with Delphi, DLA Piper will publicly disclose the identity of the client and the existence of the contract.

11. Disclosure of the identity of DLA Piper's client is not necessary for protection of the public, creditors of the Debtors, or third parties because (a) DLA Piper's employment is subject to the Court's approval in any case and (b) DLA Piper will provide the Second Supplemental Affidavit disclosing the identity of its client to the Debtors, the Creditors' Committee, and the U.S. Trustee and such other parties as ordered by the Court.

## Applicable Authority

12. Section 107(b) of the Bankruptcy Code provides courts with the power to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

On request of a party in interest, the bankruptcy court shall . . .

(1) protect an entity with respect to a trade secret, or confidential research or development, or commercial information. 11 U.S.C. § 107(b)(1).

13. Additionally, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107 of the Bankruptcy Code, and provides that, "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret, or other confidential research or development, or commercial information . . ." Fed. R. Bankr. P. 9018.

14. The Second Circuit has held that section 107(b) and Bankruptcy Rule 9018 "do not require that commercial information be the equivalent of a trade secret before protecting such information." *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2nd Cir. 1994). Indeed, this Court has stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." *In re Global Crossing,* 295 B.R. 720, 723, fn. 7 (S.D.N.Y. 2003). In addition, the Second Circuit has held that a party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28.

15. Here there is good cause for the relief requested. The identity of DLA Piper's client and the fact that it is negotiating a potential substantial contract with Delphi is confidential information for both Delphi and DLA Piper's client. Public disclosure could jeopardize those negotiations to the determent of Delphi and DLA Piper's client. This

confidential commercial information qualifies as "confidential research, development or commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, as explained by the case law in the Second Circuit. Accordingly, the Court should enter an order allowing DLA Piper to file the Second Supplemental Affidavit under seal.

16. No prior application for the relief requested herein has been made to this or any other court.

### Notice of Motion

17. Pursuant to Bankruptcy Rule 9018, no notice of this Motion is required, and in light of the nature of the relief requested in this Motion, no other or further notice is necessary. Nonetheless, DLA Piper will serve this Motion on the Debtors, the Creditors' Committee, and the U.S. Trustee. DLA Piper requests that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. § 102(1)( B) so that DLA Piper may file the Second Supplemental Affidavit as soon as possible.

### Memorandum of Law

18. Because the legal points and authorities upon which this Motion relies are incorporated herein, DLA Piper respectfully requests that the requirements of service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE DLA Piper respectfully requests that the Court enter an order (a) authorizing DLA Piper to file the Second Supplemental Affidavit under seal, and (b) granting such other and further relief as is just.

Dated:  November 28, 2006

**DLA PIPER US LLP**

/s/John P. McNicholas
John P. McNicholas (JM-0694)
1251 Avenue of the Americas
New York, New York 10022
Telephone:  (212) 335-4500
Facsimile:   (212) 335-4501

Of Counsel:
Amy Wallace Potter

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303
Telephone:  650.833.2412
Facsimile:  650.687.1136