**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____X
In re:                              :    Chapter 11
                                    :
**DELPHI CORPORATION, et al.**      :    Case No. 05-44481 (RDD)
                                    :
            Debtors.                :    Jointly Administered
                                    :
_____:X

## RESPONSE TO OBJECTION TO CLAIM

Pursuant to Bankr. R. 3007 and 9014 and the "Claims Objection and Estimation Procedures Motion" submitted in this case, the Kansas Department of Health and Environment ("KDHE") submits its response to the "Third Omnibus Claims Objection."

1.  Debtors filed the Third Omnibus Claims Objection objecting to Claim No. 2533 in the amount of $352,642.73 filed by the KDHE. Claim No. 2533 is a claim (1) for natural resource damages in the amount of $343,951 under § 9607(f) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.*, arising because of Debtors release of hazardous waste (principally lead) at a battery plant in Olathe Kansas (the "Natural Resource Destruction Claim"), and (2) for certain costs ($8,691.73) incurred by KDHE in overseeing Debtor's performance of environmental remediation at two sites in Olathe, Kansas (the "Oversight Costs Claim") pursuant to prepetition Consent Orders between Debtors and KDHE.

2.  Debtors objected to Claim No. 2533 as an "unsubstantiated claim."

3.  The claim is not unsubstantiated. KDHE submitted a five page attachment to Claim No. 2533 setting forth (i) the origin and description of the environmental liabilities at the Olathe, Kansas sites, (ii) the CERCLA and Kansas statutes under which

these environmental liabilities exist, (iii) the basis and amounts of the liabilities, and (iv) identifying certain environmental consent agreements under which Debtors have agreed to perform environmental remediation.

4.  Debtors are aware of these liabilities in that in-house counsel for Delphi, Mr. Kyle Jones, was on a conference call with KDHE in-house counsel as recently as October 20, 2006, discussing the Natural Resources Destruction claim and Delphi's ongoing remediation of the two lead contaminated sites in Olathe, Kansas (Mill Creek and Willie Street) under prepetition consent decrees.

5.  The documentation KDHE will rely on to support the Natural Resource Destruction Claim will consist, in part, of files assembled by this environmental agency in studying and assessing the injury to, destruction of, and loss of natural resources in Kansas caused by Debtors' disposal of lead and other hazardous wastes in Olathe, and documents the Debtors and its agents have assembled.

6.  The documentation KDHE will rely on to support the Oversight Costs Claim will consist, in part, of files assembled by this environmental agency in studying, assessing and overseeing remediation at sites at which Debtors disposed of lead and other hazardous wastes, and documents the Debtors and its agents have assembled.

7.  Certain agreements Debtors have executed or otherwise consented to, e.g., those Voluntary Agreements and Consent Orders described in Claim No. 2533, constitute executory contracts. Debtors have not rejected those contracts to the KDHE's knowledge. Nothing in Claim No. 2533, or in this response, should be construed as a waiver of rights:

    a. to seek payment of the Oversight Costs Claim, or later oversight costs, as administrative expenses of the bankrupcy case,

    b. under 11 U.S.C. § 365,

    c. under 11 U.S.C. § 362(b)(4), or

    d. to invoke principals of abstention to return handling of remediation or other issues to administrative law jurisdiction in Kansas.

8.    All replies to this Response should be delivered to Thomas M. Franklin, The Franklin Law Firm, 300 UMB Bank Building, 1310 Carondelet Drive, Kansas City, Missouri 64114, and to Patricia M. Casey, Kansas Department of Health and Environment, 1000 SW Jackson, Suite 560, Topeka, Kansas 66612-1368.

9.    All contact about reconciling, settling or resolving this claim should for the present time be directed to Thomas M. Franklin, The Franklin Law Firm, 300 UMB Bank Building, 1310 Carondelet Drive, Kansas City, Missouri 64114.

ACCORDINGLY, the objection to Claim No. 2533 should be denied.

Respectfully submitted,

Thomas M. Franklin Mo. Bar No. 32358
The Franklin Law Firm
300 UMB Bank Building
1310 Carondelet Drive
Kansas City, Missouri 64114
(816) 942.1900 Telephone
(816) 942.2671 Telecopy
tmflaw@swbell.net

ATTORNEY FOR KANSAS DEPARTMENT
OF HEALTH AND ENVIRONMENT

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing <u>Response to Objection to Claim</u> was served by overnight delivery on this ____ day of November, 2006 to:

General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan  48098

John S. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 W. Wacher Drive, Suite 2100
Chicago, Illinois  60606

Kenneth S. Ziman
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York  10017

Donald Bernstein
Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York  10017

Robert J. Rosenberg
Mark A. Broude
Latham & Watkins LLP
885 Third Avenue
New York, New York  10022

Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York  10004

Atlicia M. Leonhard
United States Trustee for the
Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York  10004

_____
Thomas M. Franklin