Hearing Date and Time: March 22, 2007, 10:00 a.m.
Objection Deadline: March 15, 2007 4:00 p.m.

CANTOR COLBURN LLP
Daniel E. Bruso (DB5232)
55 Griffin Road South
Bloomfield, CT  06002
(860) 286-2929 (Telephone)
(860) 286-0115 (Facsimile)

Patent Counsel to Delphi Corporation *et al.*
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
              In re                                 :      Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :      Case No. 05-44481 (RDD)
                                                    :
                              Debtors.              :      (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUMMARY SHEET PURSUANT TO THE UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATION FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES UNDER 11 U.S.C. 330**

Name of Applicant:                          **Cantor Colburn LLP**

Authorized to provide
Professional Services to:                   **Delphi Corporation, *et al.***

Date of Retention Order:                    **January 3, 2006**[1]

Period for which compensation
and reimbursement is sought:                **June 1, 2006 through September 30, 2006**

---

[1] The Retention Order was issued *nunc pro tunc* to the Petition Date, October 8, 2006.

Amount of Compensation requested:          **$190,149.50**

Amount of Expense Reimbursement
requested:                                 **$ 47,950.76**

Voluntary Reductions:                      **$103,289.50**

Credits:                                   **$   2,440.00**

This is an (a): ___X__Interim ____ Final Application

2

**Hearing Date and Time: March 22, 2007, 10:00 a.m.**
**Objection Deadline: March 15, 2007 4:00 p.m.**

CANTOR COLBURN LLP
Daniel E. Bruso (DB5232)
55 Griffin Road South
Bloomfield, CT  06002
(860) 286-2929 (Telephone)
(860) 286-0115 (Facsimile)

Patent Counsel to Delphi Corporation *et al.*
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
        In re                                         :    Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :    Case No. 05-44481 (RDD)
                                                      :
                            Debtors.    :    (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### THIRD INTERIM APPLICATION OF CANTOR COLBURN LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330, 331

Cantor Colburn LLP ("Cantor Colburn"), patent counsel to Delphi Corporation *et al.*,

debtors and debtors-in-possession in the above-referenced cases (collectively "Debtors"), hereby

submits the Third Interim Application of Cantor Colburn LLP For Allowance Of Compensation

For Services Rendered And Reimbursement Of Expenses Pursuant To 11 U.S.C. §§ 330, 331

(the "Application").  Cantor Colburn seeks compensation for actual, reasonable and necessary

services rendered in the amount of One Hundred Ninety Thousand One Hundred Forty-Nine and

50/100 Dollars ($190,149.50) and reimbursement of actual, reasonable and necessary expenses

in the amount of Forty-Seven Thousand Nine Hundred Fifty and 76/100 Dollars ($47,950.76),

for a total of Two Hundred Thirty-Eight Thousand One Hundred and 26/100 Dollars

(238,100.26), for services rendered and expenses incurred during the period of June 1, 2006,

through and including September 30, 2006 (the "Third Fee Period"). In support thereof, Cantor

Colburn relies upon the pleadings filed to date, the exhibits annexed hereto, and states as follows.

## I.    INTRODUCTION

1.    On or about October 8, 2006 (the "Petition Date"), Delphi and certain of its U.S.

subsidiaries (the "Initial Filers") filed voluntary petitions for relief under chapter 11 of

title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy

Code") in this Court. On October 14, 2005, three additional U.S. subsidiaries of Delphi

(together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in

this Court for reorganization relief under the Bankruptcy Code.

2.    On October 17, 2005, the Office of the Unites States Trustee appointed an official

committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner

has been appointed in the Debtors' cases.

3.    As of the date of this Application, and at all times prior thereto, the Debtors operated and

continue to operate their businesses and manage their properties as debtors-in-possession

pursuant to sections 1107(b) and 1108 of the Bankruptcy Code. This Court entered

orders directing the joint administration of the Debtor's chapter 11 cases (Dockets Nos.

28 and 404).

4.    As set forth more fully below, Cantor Colburn seeks compensation for actual, reasonable

and necessary services rendered during the Third Fee Period in the amount of One

4

Hundred Ninety Thousand One Hundred Forty-Nine and 50/100 Dollars ($190,149.50)

and reimbursement of actual, reasonable and necessary expenses in the amount of Forty-

Seven Thousand Nine Hundred Fifty and 76/100 Dollars ($47,950.76), for a total request

of Two Hundred Thirty-Eight Thousand One Hundred and 26/100 Dollars (238,100.26).

Cantor Colburn has expended One Thousand Two Hundred Thirty-Three and 15/100

hours (1,233.15) hours of professional time, including time expended by patent agents

and technical experts, and 85/100 (0.85) hours of paraprofessional time.  The blended

hourly rate for professional time, excluding paraprofessionals, is One Hundred Fifty-Four

and 14/100 Dollars per hour ($154.14/hr).

5.      This is Cantor Colburn's third interim fee application.

## II.    JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

## III.    STATUTORY BASIS FOR RELIEF

7.      The statutory predicates for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

8.      This Second Interim Fee Application has been prepared in accordance with:

    a.   11 U.S.C. §§ 330, 331;

    b.   Fed. R. Civ. P. 2014, 2016;

5

c. The Guidelines For Reviewing Applications For Compensation And Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Appendix A to 28 C.F.R. § 58 (the "UST Guidelines");

d. That certain Administrative Order of the United States Bankruptcy Court for the Southern District of New York dated April 19, 1995 and entitled "Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases" (the "Local Guidelines");

e. This Court's November 4, 2005, Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals [Docket No. 0869] (the "Interim Compensation Order");

f. This Court's supplemental orders dated March 8, 2006 and March 28, 2006 amending the Interim Compensation Order;

g. This Court's Fourth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals (the "Fourth Supplemental Interim Compensation Order"); and

h. The Delphi Bankruptcy – Fee Committee Billing Guidelines (the "Fee Committee Guidelines").

IV.    **INFORMATION ABOUT CANTOR COLBURN AND THE APPLICATION**

9.    On or about December 6, 2005, the Debtors applied to retain Cantor Colburn as patent counsel [Docket No. 1455], all pursuant to 11 U.S.C. §§ 327, 1107, which application was allowed by this Court by order dated January 3, 2006. A copy of the Order [Docket No. 1709] allowing Cantor Colburn's employment is annexed hereto as "Exhibit A".

10.    More particularly, and as set forth in the Debtor's application to employ, Cantor Colburn

was retained as patent counsel to the Debtors in order to:

   a.  Prepare patent applications in various fields relating to the Debtors' business

       operations for filing in the United States Patent and Trademark Office, including

       without limitation applications directed to devices, components, processes and

       systems relating to inflatable restraints, inflatable cushions, occupant restraints,

       safety restraints, exhaust treatment, sensors, catalysts, solid oxide fuel cells, fuel

       control systems and steering systems;

   b.  Respond to office actions and otherwise prosecuting patent applications before the

       United States Patent and Trademark Office in the foregoing fields and as

       otherwise requested by Debtors;

   c.  Render patentability, infringement, and clearance opinions in the foregoing fields

       and as otherwise requested by Debtors;

   d.  Draft and negotiate intellectual property acquisitions, transfers or licenses relating

       to the Debtors' business operations in the foregoing fields and as otherwise

       requested by the Debtors;

   e.  Represent the Debtors in actual and contemplated intellectual property and related

       litigation; and

   f.  Perform such other patent and intellectual property related legal services as the

       Debtors may from time to time request.

11.    As set forth more fully in the Debtor's application to employ Cantor Colburn:

   a.  Cantor Colburn will be compensated at its usual and customary hourly rates,

       which range from $150 to $385 per hour, for work performed on Debtors' behalf;

7

b.  Unless otherwise agreed to by the Debtors and Cantor Colburn, the professional service fees charged by Cantor Colburn for preparing a patent application for filing before the United States Patent and Trademark Office will be capped at Five Thousand and 00/100 Dollars ($5,000.00);

c.  Unless otherwise agreed to by the Debtors and Cantor Colburn, the professional service fees charged by Cantor Colburn for preparing a response to an office action from the United States Patent and Trademark Office will be capped at One Thousand Six Hundred Fifty and 00/100 Dollars ($1,650.00);

d.  When the Debtors and Cantor Colburn agree that work to be performed is beyond the scope of a typical patent application or response to an office action, Cantor Colburn's professional service fee will not be subject to the aforementioned caps; and

e.  For matters other than the preparation of patent applications and responses to office actions, Cantor Colburn will earn its fees on an hourly basis.

12. In addition, and as set forth more fully in the Debtor's application to employ Cantor Colburn, the Debtors will pay Cantor Colburn for expenses incurred representing the Debtors.  These expenses are in addition to Cantor Colburn's professional service fees, and are not subject to the professional service fee caps described above.  By way of example, but not limitation, expenses include government fees, filing fees, drawing fees, messengers, facsimiles, computerized research, word processing, printing and photocopying, travel, transcripts, parking, filing fees, telephone toll charges, secretarial overtime (when attributable to the Debtors' special needs), notary charges, experts and other consultants retained on the Debtors' behalf, and other similar costs and expenses.

8

13.     Cantor Colburn had rendered services to the Debtors prior to the Petition Date. Cantor Colburn commenced rendering services to the Debtors' under the Interim Compensation Order effective as of the Petition Date.

14.     The Debtors did not pay, and Cantor Colburn has not received, any retainer as part of the Debtors' retention of Cantor Colburn.

15.     Cantor Colburn seeks compensation for professional services rendered during the Third Fee Period in the amount of One Hundred Ninety Thousand One Hundred Forty-Nine and 50/100 Dollars ($190,149.50).

16.     Cantor Colburn seeks reimbursement of actual, reasonable and necessary expenses incurred during the Third Fee Period in the amount of Forty-Seven Thousand Nine Hundred Fifty and 76/100 Dollars ($47,950.76).

17.     Thus, the total amount requested by Cantor Colburn for services rendered and expenses incurred during the Third Fee Period is Two Hundred Thirty-Eight Thousand One Hundred and 26/100 Dollars ($238,100.26).

18.     The Debtors are the source of the compensation and reimbursement requested herein.

19.     The compensation sought by Cantor Colburn is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

20.     Cantor Colburn does not differentiate between clients operating under the provisions of the United States Bankruptcy Code, and those that are not. The rates charged to the Debtors are the same as the rates charged to non-bankruptcy clients. Moreover, due to the fee caps described above, the rates charged to the Debtors may, in certain instances, be less than the rates charged to other clients, whether in bankruptcy or not.

21.     Prior to the filing of the instant Application, and in accordance with the terms of the

Interim Compensation Order, Cantor Colburn served monthly statements via overnight

delivery upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n:

General Counsel, (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (iii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq. (the

"U.S. Trustee"), (iv) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York, 10022-4802 (Att'n: Robert J.

Rosenberg, Esq.), (v) counsel for the agent under the Debtors' prepetition credit facility,

Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017

(Att'n: Marissa Wesley, Esq.), and (vi) counsel for the agent under the Debtors'

postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York,

New York, 10017 (Att'n: Marlane Melican, Esq.).

22.    In addition, Cantor Colburn has previously submitted its First Fee Application and its

Second Fee Application to Legal Cost Control, the Debtor's Fee Examiner.  Cantor

Colburn will submit this Third Fee Application to Legal Cost Control.

23.    Under the terms of the Interim Compensation Order, if the parties served with Cantor

Colburn's monthly statements do not object, then Cantor Colburn may be paid eighty

percent (80%) of the professional fees, and one hundred percent (100%) of the expenses,

identified on each monthly statement.

24.    In addition, this Court has previously allowed the Debtors to pay one-half of the holdback

during the First and Second Fee Periods.  As a result, Cantor Colburn has been paid

ninety percent (90%) of the requested professional fees, and one hundred percent (100%)

10

of the expenses, identified on each month statement during the First and Second Fee
Periods.

25.    As of the date of the instant Application, Cantor Colburn has not received any objections
to the aforementioned monthly statements, including without limitation the monthly
statements for the Third Fee Period, and the Debtors have approved the monthly
statements, including without limitation the monthly statements for the Third Fee Period.

26.    In accordance with the terms of the Interim Compensation Order, as modified in the
manner described above, as of the date of the instant Application, Cantor Colburn has
been paid Two Hundred Fifty-Three Thousand Six Hundred Twenty-One and 35/100
Dollars ($253,621.35), representing ninety percent (90%) of the professional fees
($281,801.50) and Fifty-Five Thousand, Five Hundred and 99/100 Dollars ($55,500.99),
representing one hundred percent (100%) of the expenses incurred during the First Fee
Period.  Cantor Colburn's first fee application is currently pending before this Court.

27.    In addition, and in accordance with the terms of the Interim Compensation Order, as of
the date of the instant Application, Cantor Colburn has been paid Two Hundred Thirty-
One Thousand Three Hundred Seventy-Seven and 40/100 Dollars ($231,377.40),
representing ninety percent (90%) of the professional fees ($257,086.00) and Fifty Three
Thousand Seven Hundred Twenty-Five and 11/100 Dollars (53,725.11), representing one
hundred percent (100%) of the expenses incurred during the Second Fee Period.  Cantor
Colburn's second fee application is pending before the Court.

28.    Finally, in accordance with the terms of the Interim Compensation Order, Cantor Colburn
has been paid One Hundred Fifty-Three Thousand Four Hundred Thirty-Nine and 60/100
Dollars ($153,439.60), representing eighty percent (80%) of the professional fees

11

requested ($191,799.50) prior to issuance of the credit described in paragraph 29

($1,650.00), and Forty-Eight Thousand Seven Hundred Forty and 76/100 ($48,740.76),

representing one hundred percent of the expenses incurred during the Third Fee Period

prior to the issuance of the credit described in paragraph 29 ($790.00)

29.    Cantor Colburn has issued a credit to the Debtors in the amount of Two Thousand Four

Hundred Forty and 00/100 Dollars ($2,440.00).  One Thousand Six Hundred Fifty

($1,650.00) of the credit will be applied against professional fees, and Seven Hundred

Ninety and 00/100 Dollars will be credited against expenses.  The professional fees and

expenses were incurred drafting and filing a Request for Continuing Examination

("RCE") in a patent prosecution matter that Delphi ultimately elected not to pursue.

30.    Under the terms of the Interim Compensation Order, upon allowance of the instant

Application, the Debtors may pay Cantor Colburn Thirty-Eight Thousand Twenty-Nine

and 90/100 Dollars ($38,029.00), representing the twenty percent (20%) holdback on

professional fees during the Third Fee Period.

31.    Cantor Colburn is aware of the Delphi Committee's request, submitted in the Report Of

The Delphi Joint Fee Review Committee Regarding Applications For Award Of

Compensation And Reimbursement Of Expenses For The Periods From October 8, 2005,

Through January 31, 2006 And February 1 Through May 31, 2006, And Request That

The Court Resolve Disputes With Respect To Fee Committee Statements [Docket No.

5559], and the Supplemental Report Of The Delphi Joint Fee Review Committee

Regarding Applications For Award Of Compensation And Reimbursement Of Expenses

For The Periods From October 8, 2005, Through January 31, 2006 And February 1

Through May 31, 2006, And Request That The Court Resolve Disputes With Respect To

12

Fee Committee Statements [Docket No. 5887], in which the Fee Committee requests that
the Debtors' be permitted to retain the holdbacks until the conclusion of the cases.

32.     The holdbacks represent professional fees incurred by Cantor Colburn and the other
professionals in this case.  The holdbacks balance the needs of the Debtor and the
professionals by providing vehicle by which the Debtors may easily and efficiently avoid
paying fees that are not allowed following a hearing on the professionals' fee
applications, while allowing the professionals to be paid at least a portion of the fees that
they incur during the Debtors' reorganization.  However, once this Court allows a fee
application, there is no further need for the Debtors to retain the holdback.

33.     Essentially, the Debtors' retention of the holdback forces Cantor Colburn and the other
professionals to finance the Debtors' ongoing operations by allowing the Debtors' to
retain monies owed to the professionals following this Court's approval for the Debtors'
own use.

34.     Based on the foregoing, Cantor Colburn avers that it should not be required to wait until
the conclusion of the cases to receive payment of the holdback.  Accordingly, Cantor
Colburn respectfully requests that this Court allow immediate payment of the holdback
upon allowance of the instant fee application, and disallow any request by the Debtors or
the Fee Committee to retain the holdbacks until the conclusion of the cases.

## V.     CASE STATUS

35.     Upon information and belief, and based upon information that Cantor Colburn can
reasonably ascertain, as of the date of the instant Application, the Debtors have not filed a
plan and disclosure statement.  Cantor Colburn cannot reasonably ascertain when a plan
and disclosure statement will be filed, whether all quarterly fees have been paid to the

13

United States Trustee, whether all monthly operating reports have been filed, the amount

of cash on hand or on deposit, or the amount and nature of accrued unpaid administrative

expenses, the amount of unencumbered funds in the estate.

## VI.    SUMMARY SHEET

36.    Annexed hereto as "Exhibit B" is a summary sheet providing the:

    a.    Total compensation and expenses requested and any amount(s) previously
requested;

    b.    Total compensation and expenses previously awarded by the Court;

    c.    Name and applicable billing rate for each person who billed time during the Third
Fee Period, the date of bar admission for each attorney and, in the case of patent
agents, the date of the agent's admission to the patent bar;

    d.    Total hours billed and total amount of billing for each person who billed during
the Third Fee Period; and

    e.    Computation of blended hourly rate for persons who billed time during the Third
Fee Period, excluding paralegal or other paraprofessional time.

## VII.    PROJECT BILLING RECORDS AND PROJECT CODES

37.    The Fee Committee has established certain Project Codes and Categories, and requested

that all professionals categorize their activities according to the Project Codes and

Categories.

38.    Accordingly, annexed hereto as Exhibit C is a summary of the time and service entries

arranged by Project Code and Categories, setting forth the project number, total hours

billed to the project, total fees requested for the project, expenses incurred performing the

project and the total compensation.

14

39.     As set forth on Exhibit C, during the Third Fee Period, Cantor Colburn performed

services and incurred expenses of Three Thousand Two Hundred Ninety and 90/100

Dollars ($3,290.90) in Category 7 (Fee/Employment Applications), comprising

professional fees of Two Thousand Eight Hundred Five and 00/100 Dollars ($2,805.00)

and expenses of Four Hundred Eighty-Five and 90/100 Dollars ($485.90). The net

balance of fees and expenses during the Third Fee Period, Two Hundred Thirty-Four

Thousand Eight Hundred Nine and 36/100 Dollars (234,809.36) comprising professional

fees of One Hundred Eight-Seven Thousand Three Hundred Forty-Four and 50/100

Dollars ($187,344.50) and expenses of Forty-Seven Thousand Four Hundred Sixty-Four

and 86/100 Dollars ($47,464.86), relate to the Debtors' business operations, and as such

are categorized under Category 3 (Business Operations).

40.     Annexed hereto as Exhibit D are the detailed billing records for the projects identified on

Exhibit C. The detailed billing records represent professionals', paraprofessionals' and

technical experts' contemporaneous billing records for the services performed.

## VIII.   VOLUNTARY REDUCTION OF FEES

41.     Section E of the Local Guidelines requires an applicant submitting a fee application to

disclose whether the applicant is not requesting all of the fees or disbursements for which

it might be entitled based on the applicable hourly rates multiplied by the hours expended

or based on the court order authorizing retention.

42.     As set forth more fully above, Cantor Colburn has agreed to cap its professional fees in

certain matters, which is reflected in this Court's order authorizing Cantor Colburn's

employment.

43.    The voluntary reductions for each project in which a reduction occurred are identified in

Exhibit D.  The total reduction for the First Fee Period, representing the total of all

reductions identified on Exhibit D, is One Hundred Three Thousand Two Hundred Eight-

Nine and 50/100 Dollars ($103,289,50), and is identified on Exhibit B.

### IX.    REQUEST FOR REDACTION OF PRIVILEGED OR CONFIDENTIAL INFORMATION

44.    Section C of the Local Guidelines provides that [i]f there is a need to omit any

information or description of services as privileged or confidential, the applicant may

make such a request of the court; provided, however, that if such a request is granted, the

court may request that it be furnished with a set of unredacted time records for *in camera*

inspection.

45.    Cantor Colburn respectfully requests that it be permitted to redact privileged or

confidential information from the detailed billing records annexed hereto as Exhibit D.

By way of example, certain time records disclose the title of an invention that discloses

sufficiently detailed information for a competitor to identify the nature of the invention.

In other cases, particularly cases involving non-infringement or patentability opinions,

the patent being analyzed is identified.  In still other cases, particular prior art references

considered during prosecution of a patent are disclosed.

46.    The foregoing information comprises Debtors' privileged or confidential information.

47.    In order to avoid disclosing information that is privileged or confidential contained in the

detailed billing records annexed hereto as Exhibit D, Cantor Colburn redacted certain

time records to remove such privileged or confidential information, in accordance with

Section C of the Local Guidelines.

16

48.    Cantor Colburn will provide a copy of unredacted detailed billing records for *in camera*

inspection by the Court upon request, all as set forth in Section C of the Local Guidelines.

### X.    TIMEKEEPERS BILLING LESS THAN TEN HOURS DURING THE THIRD FEE PERIOD

49.    The Fee Committee Guidelines provide that "Timekeepers billing ten (10.00) hours or

less during the compensation period should be deducted from fees unless explained

satisfactorily by the firm.  The contribution of these timekeepers is usually negligible."

50.    Ten timekeepers identified in Exhibit B billed less than ten (10) hours during the Third

Fee Period.  However, these timekeepers' activities are not negligible and should be

compensated because:

a.    The timekeepers were performing tasks relating to cases upon which the

particular timekeeper had previously worked (including work performed pre-

petition) and were therefore familiar, thereby allowing the timekeeper who was

most familiar with a particular matter to handle the tasks performed during the

Third Fee Period more efficiently than another timekeeper;

b.    The timekeepers were performing specific tasks relating to their particular

responsibilities within Cantor Colburn, and which the particular timekeeper

performs more efficiently than other timekeepers;

c.    The timekeepers were performing discrete tasks relating to their particular area of

expertise; and

d.    The timekeepers' contributions to the particular matter upon which they were

working were not negligible.

51.    The total compensation requested for timekeepers billing less than ten (10) hours during

the Third Fee Period is no greater than Two Thousand Nine Hundred Forty-Nine and

17

00/100 Dollars ($2,949.00).  If another timekeeper had performed these tasks, Cantor

Colburn avers that the fees incurred would likely have been higher than those requested

in this Application.

52.    Cantor Colburn further avers that it has satisfactorily explained the reasons that certain

timekeepers billed less than ten (10) hours during the Third Fee Period, that it has

complied with the Fee Committee Guidelines, and that it should be compensated for these

timekeepers' activities.

## XI.    REIMBURSEMENT OF ACTUAL, REASONABLE AND NECESSARY EXPENSES

53.    Cantor Colburn seeks reimbursement for of actual, reasonable and necessary expenses in

the amount of Forty-Seven Thousand Nine Hundred Fifty and 76/100 Dollars

($47,950.76).

54.    The expenses for which Cantor Colburn seeks reimbursement are summarized on

Exhibits B and C, and further described, on a project-by-project basis, on Exhibit D.

55.    Cantor Colburn avers that the expenses are reasonable and economical.  The expenses are

customarily charged to Cantor Colburn's non-bankruptcy clients.

56.    The expenses incurred by Cantor Colburn that are attributable to charges from third

parties are limited to the actual amounts billed to, or paid by, Cantor Colburn on behalf of

the Debtors.

57.    The expenses incurred by Cantor Colburn in-house reflect the actual cost of such

expenses to Cantor Colburn.  With regard to charges for photocopies and facsimiles, the

charges are no more than the rates allowed under Sections F(1) and F(2) of the Local

Guidelines.  More particularly, Cantor Colburn charges $0.10 per page for photocopies.

18

## XII.    CERTIFICATION

58.    The undersigned attorney has been designated by Cantor Colburn with responsibility in the Debtors' cases for ensuring that the instant Application is compliance with the Interim Compensation Order, the Local Guidelines, the Federal Rules of Bankruptcy Procedure, the United States Bankruptcy Code and the UST Guidelines.

59.    The undersigned attorney has read the application.

60.    To the best of the undersigned attorney's knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought herein ball within the Local Guidelines and the UST Guidelines.

61.    Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Cantor Colburn and generally accepted by Cantor Colburn's clients.

62.    In providing reimbursable services, Cantor Colburn does not make a profit on that service, whether the service is performed in-house or though a third party.

63.    Cantor Colburn has provided the Debtors, together with the chair of each official committee and the individuals identified in the Interim Compensation Order, a statement of fees and disbursements accruing during each month, no more than twenty (20) days after the end of each month.

## XIII.    PROPOSED ORDER

50.    A proposed Order allowing the Third Fee Application is annexed hereto as "Exhibit E".

WHEREFORE, Cantor Colburn LLP respectfully requests that this Court:

a.  Approve Cantor Colburn's Third Interim Application For Allowance Of
    Compensation For Services Rendered And Reimbursement Of Expenses Pursuant
    To 11 U.S.C. §§ 330, 331 in the total amount of Two Hundred Thirty-Eight
    Thousand One Hundred and 26/100 Dollars (238,100.26), comprising
    compensation for professional services rendered in the amount of One Hundred
    Ninety Thousand One Hundred Forty-Nine and 50/100 Dollars ($190,149.50) and
    reimbursement of actual, reasonable and necessary expenses in the amount of
    Forty-Seven Thousand Nine Hundred Fifty and 76/100 Dollars ($47,950.76),
    during the Third Fee Period;

b.  Approve the Debtor's payment to Cantor Colburn of One Hundred Fifty-Three
    Thousand Four Hundred Thirty-Nine and 60/100 Dollars ($153,439.60),
    representing eighty percent (80%) of the professional fees ($190,149.50) and
    Forty-Seven Thousand Nine Hundred Fifty and 76/100 Dollars ($47,950.76),
    representing one hundred percent (100%) of the expenses incurred during the
    Third Fee Period, all pursuant to the Interim Compensation Order;

c.  Authorize the Debtors to pay to Cantor Colburn Thirty-Eight Thousand Twenty-
    Nine and 90/100 Dollars ($38,029.00), representing the twenty percent (20%)
    holdback on professional fees during the Third Fee Period, upon allowance of the
    instant application; and

d.  Grant such other relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED
CANTOR COLBURN LLP

Dated:  November 29, 2006

By:___/s/Daniel E. Bruso_____
Daniel E. Bruso (DB-5232)
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT  06002
(860) 286-2929 (Telephone)
(860) 2986-0115 (Facsimile)
Dbruso@cantorcolburn.com (e-mail)

Patent Counsel to Delphi Corporation *et al.*,
Debtors and Debtors-in-Possession