UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                   :
    In re                          :   Chapter 11
                                   :
DELPHI CORPORATION, et al.         :   Case No. 05-44481 (RDD)
                                   :
            Debtors.               :   (Jointly Administered)
                                   :
---------------------------------- x

**U.S. AEROTEAM INC.'S RESPONSE TO DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §502(B) AND FED. R. BANKR. R. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS AND (C) CLAIMS SUBJECT TO MODIFICATION**

Now comes U.S. Aeroteam, Inc. ("USAT"), by and through the undersigned counsel pending admission *pro hac vice*, and responds to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(B) and Fed. R. Bankr. R. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records and (C) Claims Subject to Modification (the "Third Omnibus Objection"). For the reasons set forth in the attached Memorandum In Support, the Third Omnibus Objection should be overruled as to USAT's proof of claim.

Respectfully submitted,

STATMAN HARRIS & EYRICH, LLC

/s/ Patricia Hill

Thomas R. Noland   (OH Bar No. 0018239)
Patricia L. Hill       (OH Bar No. 0072595)
110 North Main Street, Suite 1520
Dayton, OH 45402
937 222-1090
937-222-1046 (fax)
tnoland@dayton.statmanharris.com
plhill@dayton.statmanharris.com
*Attorneys for U.S. Aeroteam, Inc.*

## MEMORANDUM IN SUPPORT

### I. JURISDICTION AND PROCEDURAL HISTORY

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding within the meaning of 28 U.S.C. §157. Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

2. On October 8 and 14, 2005, Delphi and certain of its U.S. Subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

3. Before the established bar date, counsel for USAT filed a proof of claim, in the amount of $2,236,266.00 plus interest (the "Claim" or the "USAT Claim"), on behalf of USAT for claims arising out a contract dispute between Delphi Automotive Systems, LLC ("Delphi") that had resulted in USAT filing an Adversary Proceeding in the Bankruptcy Court for Southern District of Ohio, Western Division (Case #03-41063). This case was subsequently removed to the United States District Court, Southern District of Ohio, where it is currently pending (Case #04-00011) (the "District Court Action").

### II. FACTUAL HISTORY AND BACKGROUND OF CLAIMS.

4. USAT was a stable and profitable supplier of machined parts to the automotive and aerospace industries. At the end of 1998, Delphi asked USAT to be part of a formal and exclusive parts-supplier mentoring program. The purpose of the mentoring program was to make USAT a frequent and significant supplier of parts to Delphi and to help Delphi raise its own profile through its mentorship of a minority-owned business, like USAT. Delphi promised valuable contracts to USAT and guided the rewriting of USAT's five-year business plan.

5. By 2003, five years after its formal mentoring relationship with Delphi

2

began, USAT was forced to file for bankruptcy protection as a result of their relationship with Delphi. The shift in focus from its traditional business model to a model created under Delphi's mentoring required incurring significant and on-going new expenses. USAT made these cash outlays willingly because it was told, for years, that Delphi would be placing large, profitable and long-term contracts with it. A long-term contract arrived two years after the mentoring program began but Delphi did not start production in accordance with its time table, creating an additional delay of almost 18 months before USAT could begin to recoup its investment in equipment, tooling, and engineering design of the total work process. Before production commenced, Delphi canceled two-thirds of the contract, with USAT, further limiting USAT's cash flow.

6. Delphi confessed its responsibility for USAT's costs related to that cancellation and paid USAT over $300,000 to settle issues related to it. USAT performed flawlessly on the remaining third of the contract during subsequent months of the contract and was repeatedly told by Delphi that the remainder of the contract was secure so long as the flawless performance continued. Then, for reasons unknown, Delphi widely circulated throughout the industry an email and an internal spreadsheet identifying USAT as a "financially troubled supplier". The same email revealed that, at just about the time it had cancelled the first two-thirds of the contract, Delphi had duplicitously made arrangements to cancel the remaining third as well.

7. Delphi did cancel the remaining third of the contract with USAT for reasons not permitted under its contractual obligations with USAT. As part of discussions related to the first cancellation, Delphi acknowledged that it would owe USAT over $ 1,700,000 if it were to cancel the last segment of the contract. That figure has since grown. Delphi has thus far refused to pay USAT what it owes for the cancelled contract. Delphi has also

3

refused to acknowledge its central role in reducing a greater than $10,000,000 a year company to shambles. The District Court Action seeks redress for those injuries.

### III.  LAW AND ARGUMENT

8. The basis of the Debtors' objection to the Claim is that the claim is "Unsubstantiated." Debtors argue that the Claim asserts "liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records." Third Omnibus Objection ¶ 26.

9. Debtors list a series of bases that were used in determining that the Debtors are not liable for the Claim. *See* Third Omnibus Objection ¶27. None of bases are applicable to the USAT Claim. USAT has certainly not been paid prior to the commencement of the Debtors' cases nor have they been paid during the course of the proceeding pursuant to an order of the Bankruptcy Court. Furthermore, if the Debtors' books and records do not reflect the existence of the USAT's Claim, then the books and records are missing crucial information.

10. Section 501 of the Bankruptcy Code permits creditors to file proofs of claims against debtors in bankruptcy proceedings. "A creditor or indentured trustee may file a proof of claim." 11 U.S.C. §501(a).

11. The Federal Bankruptcy Rules of Procedure outline the mechanisms for filing such a proof of claim. "A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005." Fed R. Bankr. Proc. 3001(b). The exceptions of Fed. R. Bank. Proc. 3004 and 3005 do not apply in this instance. The USAT Claim complies with the requirements of both the Bankruptcy Code and the Federal Bankruptcy Rules of Procedure.

12. Delphi has breached the obligations under the express terms of the contract

4

with USAT. As a direct and proximate result of Delphi's breach, USAT was forced to terminate a majority of its workforce and was forced to file for Chapter 11 Bankruptcy protection. USAT continues to suffer irreparable harm. As a direct and proximate result of Delphi's actions, USAT lost other business opportunities. Furthermore, as a direct and proximate result of Delphi's breach of the contract, US Aeroteam has sustained damages in an amount in excess of $2.2 million.

13. As stated previously, on April 28, 2004, USAT filed an adversary proceeding against Delphi seeking damages for, *inter alia,* breach of contract, which was subsequently transferred to the United States District Court, Southern District of Ohio, where it is currently pending. The value of the claim asserted in the USAT Claim is an estimation of the Debtors' ultimate liability due to the pending nature of the District Court Action.

14. Discovery has begun in the District Court Action. Delphi is in possession of numerous documents relating to the damages claim. Upon production of these documents, a more accurate assessment as to the value of the Claim may be able to be made.

15. Therefore, the USAT claim is not "unsubstantiated" as claimed by the Debtors and it is not appropriate to disallow the Claim.

16. The documentation or other evidence upon which USAT will rely in opposing the Third Omnibus Objection includes:

   a. The Complaint filed in the Adversary Proceeding, including all exhibits attached thereto.

   b. Discovery Responses provided by Delphi in response to USAT's Discovery Requests.

17. The address to which the Debtors must deliver any reply to this response is:

5

> Thomas R. Noland, Esq.
> Patricia L. Hill, Esq.
> STATMAN HARRIS & EYRICH, LLC
> 110 N. Main Street, Suite 1520
> Dayton, OH 45402
> tmoland@dayton.statmanharris.com
> notices@dayton.statmanharris.com

18.     The person possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on USAT's behalf is:

> John Busch, designated representative of USAT
> c/o Thomas R. Noland, Esq.
> STATMAN HARRIS & EYRICH, LLC
> 110 N. Main Street, Suite 1520
> Dayton, OH 45402
> tmoland@dayton.statmanharris.com
> notices@dayton.statmanharris.com
> *Bankruptcy Counsel for U.S. Aeroteam, Inc.*

19.     The allowable amount of the Claim upon liquidation of the Claim would range from $2 million to $10 million based on proving damages.

## IV.    CONCLUSION

For the reasons set forth above, USAT respectfully requests this Court to enter an order holding that the Third Omnibus Objection as to USAT's Claim should be denied, and, to provide for such other and further relief and the Court deems just and proper.

> Respectfully submitted,
>
> STATMAN HARRIS & EYRICH, LLC
>
> /s/ Patricia L. Hill
> ───────────────────────────────
> Thomas R. Noland  (OH Bar No. 0018239)
> Patricia L. Hill     (OH Bar No. 0072595)
> 110 North Main Street, Suite 1520
> Dayton, OH 45402
> 937 222-1090
> 937-222-1046 (fax)
> tmoland@dayton.statmanharris.com
> plhill@dayton.statmanharris.com
> *Attorneys for U.S. Aeroteam, Inc.*


## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing, *response to Debtors' Third Omnibus Objection to Claims* was served via DHL Express overnight mail to all parties listed below:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

John Wm. Butler, Jr.
Skadden Arps, Slate, Meagher
& Flom, LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Kenneth S. Ziman
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017

Donald Bernstein
Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Robert J. Rosenberg
Mark A. Broude
Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022
Counsel for the Official Committee of Unsecured Creditors

Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004
Counsel for the Official Committee of Equity Security Holders

Alicia M. Leonard
Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004

Dated: November 21, 2006.

*Patricia L. Hill*
Patricia L. Hill    (OH Bar No. 0072595)