UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - -

RESPONSE OF COMPTROL INCORPORATED TO DEBTORS' (I) THIRD OMNIBUS
OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH
INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY
DEBTOR'S BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION
AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS
PURSUANT TO 11 U.S.C. § 502(C)

Comptrol Incorporated hereby submits this Response (this "Response") to Debtors' (I)

Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P.

3007 To Certain (a) Claims with Insufficient Documentation, (b) Claims Unsubstantiated By

Debtors' Books And Records, And (c) Claims Subject to Modification And (II) Motion to

Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(C) (the "Third

Omnibus Objection") and respectfully represents as follows:

Claimant and Description of the Basis for the Amount of the Claim

The name of the Claimant is Comptrol Incorporated, an Ohio corporation ("Claimant").

Claimant's claim is filed as Claim number 11627 and arises out of the obligations of Delphi

Automotive Systems, LLC ("DAS"), one of the Debtors (the "Debtors") in this jointly

administered case. Claimant's claim is founded on three separate, but related circumstances and

the general basis for the amount of Claimant's claim is as follows:

      a) Claimant sold and delivered goods to DAS through its agent, Flex-Tech

          Professional Services, Inc. nka Toledo Professional Temps, Inc. ("Flex-Tech")

          for which neither Debtor nor Flex-Tech paid Claimant. The amount due

          Claimant for the goods sold and delivered to DAS, as of the Debtor's petition

date is \$143,826.26 and includes Ohio statutory interest for unpaid amounts
due. Claimant's claim, as so described, is pending (subject to stay resulting
from these proceedings) in United States Bankruptcy Court, Northern District
of Ohio, Western Division, Case No. 03-35510, Adversary Proceeding No. 04-
03114 styled In Re: Toledo Professional Temps, Inc., Delphi Automotive
Systems, LLC v. Parker, U.S. Trustee, et al. (the "Adversary Proceeding").
DAS is the plaintiff in the Adversary Proceeding, having filed its Complaint
and then its Amended Complaint for Interpleader and Declaratory Judgment
against, among others Claimant (the "Amended Complaint") in that
proceeding and this aspect of Claimant's claim appears in the Adversary
Proceeding as Count II of Claimant's counterclaim to the Amended
Complaint. In the Adversary Proceeding, DAS filed its complaint on April 8,
2004 and the Amended Complaint on April 21, 2005, and Claimant filed its
counterclaim on June 6, 2005, all prior to the Debtors' petition in this case.

b) In a written agreement dated February 21, 2003, between DAS and Flex-Tech,
DAS agreed that DAS "shall resolve at its expense, the lawsuits brought
against Flex-Tech by ... Comptrol, Inc. [sic], Cuyahoga County [Ohio] Court
of Common Pleas Case No. 403540." As so described, Claimant's claim
against DAS is equal to the amount due on a judgment held by Claimant
against Flex-Tech in that Cuyahoga County, Ohio Court of Common Pleas
case, which remains unsatisfied. The amount of the judgment obtained by
Claimant is \$107,719.65 and the amount due on the judgment as of the
petition date including post-judgment interest to the date of Debtors' petition is
\$157,801.93.

c) Prior to Debtors' petition in this case, DAS acknowledged its obligations to
Claimant and agreed to pay Claimant the sum of \$107,719.65 in complete

2

settlement of all of its obligations to Claimant and in exchange for Claimant's
release of DAS; however, DAS did not make the payment required by its
agreement. As so described, Claimant's claim is the subject of the Amended
Complaint, pursuant to which, DAS sought to pay by interpleader what it
owed Claimant without interference or claim by the Trustee (the "Trustee")
appointed for Flex-Tech as the debtor in United States Bankruptcy Court,
Northern District of Ohio, Western Division, Case No. 03-35510. Subsequent
to the filing of Claimant's proof of claim in these proceedings, the Court in the
Adversary Proceeding has ruled that the Trustee has no claim or right to the
amounts that DAS agreed to pay Claimant.

## Claimant's Claim Should Not Be Disallowed and Expunged for the Reasons
## Set Forth in the Third Omnibus Objection

In the Notice of Objection to Claim served on Claimant, Debtors and therefore, DAS
have identified Claimant's claim as one having a basis for objection of "Unsubstantiated
Claim" resulting from Debtors' determination that Claimant's claim is not due and owing
pursuant to Debtors' books and records. In the Third Omnibus Objection, at Paragraphs 26 and
27, Debtors describe "Unsubstantiated Claims" as being claims determined by Debtors to be not
owing pursuant to Debtors' books and records and put forth the bases for determining that
Debtors are not liable for an asserted claim, including the Claimant's claim, because either (a) the
Debtors' books and records reflect that the asserted claim was properly paid prior to the
commencement of the Debtors' cases, (b) the Debtors' books and records do not reflect the
existence of the asserted claim or of the Claimant asserting such claim, or (c) the Claimant has
been paid during the course of these proceedings pursuant to an Order of the Bankruptcy Court.

Claimant's claim was not paid either prior to the commencement of the Debtors' cases or
during the course of these proceedings. Consequently, with respect to Claimant's claim, Debtors,
apparently, rely upon the assertion that "(b) the Debtors' books and records do not reflect the

3

existence of the asserted claim or the Claimant asserting such claim." DAS is one of the Debtors and is the plaintiff in the Adversary Proceeding. In its pleadings in the Adversary Proceeding, DAS clearly acknowledges the assertion of Claimant's claim against it and its obligation to Claimant. Specifically, in its Memorandum in Support of Motion for Leave to File Amended Complaint (the "Memorandum"), DAS acknowledges that DAS "resolved Comptrol's lawsuit [against Flex-Tech] for $107,719.65 and that it did not make payment of the amount it agreed to pay; and at Paragraph 20 of the Amended Complaint, DAS admits that "Delphi settled Comptrol's lawsuit against Flex-Tech for $107,719.65 and was ready, willing and able to pay Comptrol" and at Paragraph 27, further admitted that it "owed" $107,719.65 to Claimant.

Since DAS is a party in the Adversary Case, commenced the Adversary Proceeding in order to pay Claimant, has received and responded to Claimant's counterclaim and has positively admitted in its pleadings that it agreed to pay Claimant $107,719.65 and that it "owed" Claimant $107,719.65, it does not seem likely that the Debtors can successfully assert that Debtors' "records" do not reflect the existence of Claimant's claim or of the Claimant asserting such claim. While the Debtors' accounts payable ledgers may not reflect the claim asserted by Claimant, certainly Debtors' "records," would reflect the assertion of the claim by Claimant and that DAS, one of the Debtors, is fully aware of all of the circumstances involving Claimant's claim.

Consequently, with respect to Claimant's claim, Debtors' books and records do not refute any essential allegation as to Claimant's claim and despite Debtors' statements identifying Claimant's claim as an "Unsubstantiated Claim," as applied to Claimant's claim, the Debtor's books and records, can not reflect that the Claimant's claim is not owing from any of the Debtors.

Notwithstanding the fact that under the circumstances involved, DAS must be (and was at the time of Debtors' petition in this case) fully aware of the Claimant's claim and had acknowledged its obligation to Claimant, Claimant's claim, whether in the amount of $143,826.26, the amount of $157,801.93 or the amount of $107,719.65 represents a claim that is now and was at Debtors' petition date, pending (subject to stay) in the Adversary Proceeding and

4

the validity of Claimant's claim cannot be determined by Debtors' objection to the claim on the basis of its books and records.  In the Adversary Proceeding, in its Proof of Claim and in this Response, Claimant has set forth the legal and factual basis for the claim, i.e. that DAS is obligated to Claimant for goods sold to and received by DAS as the principal of its agent, Flex-Tech; that DAS is obligated to Claimant pursuant to the agreement between DAS and its agent, Flex-Tech; and that DAS is obligated to Claimant on its admitted agreement, made prior to Debtors' petition, to pay Claimant a fixed sum to resolve the matters now addressed in Claimant's claim.

Documentation

In addition to documents included with Claimant's proof of claim, i.e. Claimant's answer and counterclaim in the Adversary Proceeding and schedules reflecting calculations of interest on amounts claimed to be due from DAS, in order to further document the claim, attached are the following:

a)  As Exhibit A, a copy of the Memorandum filed by DAS in the Adversary Proceeding.

b)  As Exhibit B, a copy of the Amended Complaint filed by DAS in the Adversary Proceeding.

Copies of the physical invoices supporting the amounts set forth on Exhibit A to Claimant's answer and counterclaim in the Adversary Case (as included with Claimant's proof of claim) exist and are available, but are voluminous, and presentation of those invoices at this time would not serve to further these proceedings.  A copy of the February 21, 2003 agreement between DAS and Flex-Tech is in the possession of DAS.

Allowable Amount of Claimant's Claim Upon Liquidation

Although Claimant would contend that with the ruling by the Court in the Adversary Proceeding, at least the pre-petition agreement by DAS to pay $107,719.65 to Claimant represents a liquidated claim against DAS, Claimant believes that the allowable amount of Claimant's claim upon liquidation will be either (a) $143,526.26, based on the liability of DAS

for goods sold to and received by DAS as the principal of its agent, Flex-Tech; (b) $157,801.93,
if Claimant is entitled to be paid pursuant to the agreement between DAS and its agent, Flex-
Tech; or (c) $107,719.65, if DAS is obligated only to pay the lesser amount it agreed to pay
Claimant and admitted that it owed Claimant.

Reply Address

The Debtors may reply to this Response to the person and at the address listed in the
Proof of Claim to wit: Comptrol Incorporated, care of Joseph A. Carbone, 1370 Ontario Street,
Suite 800, Cleveland, Ohio 44113.

Ultimate Authority to Settle

Ultimate authority to reconcile, settle or otherwise resolve the claim on behalf of
Claimant is possessed by Gary F. Tarnowski, President Comptrol Incorporated, 9505 Midwest
Avenue, Garfield Heights, Ohio 44125; (216) 587-5200.

Pursuant to the foregoing, Comptrol Incorporated respectfully requests that the Debtors'
Third Omnibus Objection with respect to Claimant's claim be denied.

Respectfully submitted,

By: _____

JOSEPH A. CARBONE, Attorney
and Authorized Agent for
COMPTROL INCORPORATED
800 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113
(216) 861-3000

6

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO. 03-35510 |
| | ) | |
| TOLEDO PROFESSIONAL TEMPS, INC., | ) | CHAPTER 7 |
| | ) | |
| | ) | ADVERSARY PROCEEDING |
| Debtor. | ) | NO. 04-03114 |
| | ) | |
| _____ ) | ) | JUDGE MARY ANN WHIPPLE |
| DELPHI AUTOMOTIVE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERICKA PARKER, U.S. TRUSTEE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### I. INTRODUCTION

Plaintiff, Delphi Automotive Systems, LLC, ("Delphi"), requests leave to amend its

Complaint in order to join several new party defendants and to add new claims of interpleader

and declaratory judgment to this adversarial proceeding.  The proposed new party defendants

include three entities that Delphi is obligated to pay under the terms of a confidential pre-petition

settlement agreement (the "Settlement Agreement") reached between Delphi, Flex-Tech

Professional Services, Inc. ("Flex-Tech"), nka Toledo Professional Temps, Inc. ("Debtor") and

Defendant, Initial Transfer FT, LTD. ("IT").  (A copy of the Settlement Agreement is not

attached hereto since it is confidential and already in the possession of all parties.)  The

Settlement Agreement obligated Delphi to pay IT and, in pertinent part, to resolve, at its expense, lawsuits pending between the three entities and Flex-Tech.

Delphi contends that its payments pursuant to the Settlement Agreement are not assets of the Debtor's estate. The Trustee contends Delphi's payments are part of the Debtor's estate. Thus, two parties have made claims to the same funds.

Delphi initiated this adversarial proceeding in order to avoid having to pay twice, once to the three entities and IT, and once to the Debtor's estate. In order fully to adjudicate these legal matters regarding Delphi's payments made pursuant to the Settlement Agreement, the three entities eligible to receive payments from Delphi should be joined, and Delphi should be granted leave to add additional claims of interpleader and declaratory judgment regarding the new party defendants. This will permit all parties fully to adjudicate their claims to the funds provided for in the Settlement Agreement.

F. R. Civ. P. 15(a) provides that leave to file amended pleadings should be "freely given". Therefore, this Court should grant Delphi leave to amend its Complaint to join new party defendants, add a claim of interpleader, and add new claims of declaratory judgment.

## II. **STATEMENT OF FACTS**

Delphi supplies automotive products, components and systems to third parties. Delphi, in an effort to reduce its internal purchasing costs, decided to outsource the purchasing function for internal commodities to an independent third party.

A.    The Commodity Contract Dispute

On July 15, 1996, Delphi entered into a contract (the "Contract") with Flex-Tech for it to order specific commodities for Delphi from third-party suppliers. The third-party suppliers

shipped the commodities to Delphi, and Delphi paid Flex-Tech, which was then obligated to pay the third-party suppliers.

Flex-Tech, however, failed to pay the third-party suppliers. For this and other reasons, Delphi terminated its relationship with Flex-Tech, and on August 30, 2000, filed a Complaint for Declaratory Judgment against Flex-Tech in the United States District Court, Case No. 4:00CV2191. In response, Flex-Tech filed an answer and several counterclaims against Delphi. In various state courts, many third-party suppliers filed suit against Flex-Tech and Delphi after Flex-Tech failed to pay them.

Delphi and Flex-Tech eventually settled all claims between them and entered into a Settlement Agreement that was fully executed on February 21, 2003. Pursuant to the Settlement Agreement, Delphi is to "resolve, at its expense, the lawsuits brought against" Flex-Tech by third-party suppliers Comptrol, Inc. ("Comptrol"), Northwest Controls, Inc. ("Northwest") and REM Electronic Supply Company ("REM"). Further, the Settlement Agreement provided for Delphi to establish escrow accounts if Flex-Tech met certain conditions. *Id.*

Delphi moved quickly to fulfill its obligations under the Settlement Agreement. First, Delphi paid IT. Next, Delphi resolved Comptrol's lawsuit for $107,719.65, but when Flex-Tech filed bankruptcy, the payment was not made. Delphi's counsel attempted to contact counsel for Northwest and REM, but did not receive responses.

B.    Bankruptcy Proceedings

The Debtor filed its Chapter 7 Voluntary Petition for Bankruptcy on July 15, 2003. At this time, Delphi was prepared to pay Comptrol. Upon receiving notice of the Debtor's bankruptcy, Delphi decided not to pay Comptrol.

Delphi's attorney contacted the Trustee to determine whether the Trustee considered Delphi's payments under the Settlement Agreement assets of the Debtor's estate. Delphi did this to attempt to avoid a situation where multiple parties would lay claim to the same funds. The Trustee did not provide Delphi with an answer.

As a result, Delphi initiated the present adversary proceeding on April 7, 2004, and filed a Complaint for Declaratory Judgment. Delphi's Complaint requested this Court to hold that the payments provided for under the Settlement Agreement are not part of the Debtor's estate. In response, the Trustee counterclaimed and filed suit against Defendants, IT and Cecil Weatherspoon. The Trustee alleged that the payments provided for under the Settlement Agreement are part of the Debtor's estate.

Initially, the Trustee agreed to join Comptrol, REM and Northwest to the present adversary proceeding. On February 17, 2005, Delphi's attorney, David A. Schaefer, and the Trustee's attorney, Patricia Fugée, had a lengthy telephone conversation. (See Joint Motion for Extension of Deadlines, granted on April 1, 2005). The attorneys discussed, *inter alia*, whether Comptrol, REM and Northwest should be added to the present adversary proceeding. *(Id.)* They agreed that these three entities should be added and that the Trustee would draft the appropriate motion and amended counterclaims to do so. *(Id.)* Both parties agreed that by joining these three parties as defendants, the rights of all parties to payments provided for under the Settlement Agreement, if any, would be adjudicated. Ms. Fugée in fact prepared such a motion.

On March 23, 2005, however, Ms. Fugée sent an e-mail to Mr. Schaefer indicating she had further considered the issues. Ms. Fugée stated that Delphi should amend its Complaint to join Comptrol, REM and Northwest, and add an interpleader action, together with additional requests for declaratory relief.

4

Both Delphi and the Trustee now agree that Delphi should file this motion and amended complaint. Delphi and the Trustee further agreed that such an amended complaint should protect Delphi from any risk of having to make the same payments twice. In addition, an amended complaint will include all parties necessary for a complete determination of all rights in and to the payments provided for in the Settlement Agreement.

### III.  LEGAL ARGUMENT

This Court should grant Delphi leave to amend its Complaint. The grant of an opportunity to amend is within the discretion of the District Court. *Foman v.Davis*, 371 U.S. 178, 182 (1962). F. R. Civ. Pr. 15(a) governs amendments and provides in pertinent part:

> **Amendments.** A ...party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. ...

In general, leave to amend should be granted unless there is a substantial reason to do otherwise. *Friedl v. City of New York*, 210 F.2d 79, 87 (2nd Cir., 2000). Some of the factors used in making a determination include undue delay, bad faith and undue prejudice to the non-moving party. *Rosania  v. Taco Bell of America*, 303 F. Supp.2d 878, 882 (N.D. Ohio, 2004).

In the present case, justice requires that Delphi be granted leave to amend its Complaint. Delphi initiated this adversarial proceeding to determine all parties' rights to the funds, under the Settlement Agreement. Under the Settlement Agreement, Delphi was to pay IT, Comptrol, REM and Northwest. Delphi has already paid IT. Delphi addressed this issue when Delphi filed the original Complaint for Declaratory Judgment requesting that this Court hold that the funds paid to IT are not part of the Debtor's estate.

However, Delphi's Complaint for Declaratory Judgment did not address the legal issues surrounding certain escrow accounts and Delphi's future payments to Comptrol, REM and

Northwest. In order for this Court to determine who has the best claim to these funds, an amended complaint joining these parties and adding claims of interpleader and declaratory judgment is needed.

Delphi files this Motion in good faith and without delay. Delphi and the Trustee have discussed joining Comptrol, REM and Northwest as defendants since early 2005. In February 2005, the parties agreed that the Trustee would draft the appropriate motion and amended counterclaim to join Comptrol, REM and Northwest. After further reflection, the Trustee came to a different conclusion. On March 23, 2005, the Trustee's attorney, Patricia Fugée, sent an e-mail to Delphi's attorney, David Schaefer. In the e-mail, Ms. Fugée suggested that Delphi should amend its Complaint to join Comptrol, REM and Northwest, and add an interpleader action, together with additional requests for declaratory relief. Therefore, Delphi filed without delay and is acting in good faith.

Additionally, any new party defendants will not be prejudiced if this Court grants Delphi leave to amend its Complaint. On March 31, 2005, Delphi and the Trustee filed a Joint Motion to Extend Deadlines. This Court granted the Motion and extended the time to complete discovery until August 4, 2005. This new discovery deadline provides enough time to add Comptrol, REM and Northwest as Defendants, for the new Defendants to file responsive pleadings, and for all parties to complete discovery, if necessary. Therefore, any new party defendants will not be prejudiced as a result of being joined to the present adversarial proceeding.

In the present adversarial action, no party can show prejudice as a result of Delphi's delay, because this Court extended the discovery deadline until August 2005. Thus, any new party defendant will have sufficient time to file a responsive pleading and complete discovery.

## IV. CONCLUSION

For the foregoing reasons, Delphi respectfully requests this Court to grant it leave to file the Amended Complaint attached hereto.

OF COUNSEL:

McCARTHY, LEBIT, CRYSTAL
& LIFFMAN CO., L.P.A.

/s/ David A. Schaefer
DAVID A. SCHAEFER  (0014297)
ROBERT S. BALANTZOW  (0014320)
DAVID S. BLOCKER (0075523)
101 W. Prospect Avenue
1800 Midland Building
Cleveland, Ohio  44115
(216) 696-1422 p
(216) 696-1210 f
das@mccarthylebit.com
rsb@mccarthylebit.com
dsb@mccarthylebit.com

DELPHI AUTOMOTIVE SYSTEMS

/s/ Donald R. Parshall, Jr.
Donald R. Parshall, Jr. (0041003)
M/C 483.400.126
5725 Delphi Drive
Troy, Michigan  48098-2815
(248) 813-3367
donald.r.parshall@delphiauto.com

Attorneys for Delphi Automotive Systems, LLC

N:\clients\Delphi\BANKRUPTCY\Pleadings\MemoSuportMtnLeaveAmend.doc.doc

7

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO. 03-35510 |
| | ) | |
| TOLEDO PROFESSIONAL | ) | CHAPTER 7 |
| TEMPS, INC., | ) | |
| | ) | ADVERSARY PROCEEDING |
| Debtor. | ) | NO. 04-03114 |
| | ) | |
| _____ | ) | JUDGE MARY ANN WHIPPLE |
| DELPHI AUTOMOTIVE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERICKA PARKER, U.S. TRUSTEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DELPHI AUTOMOTIVE SYSTEMS, LLC'S AMENDED COMPLAINT
FOR INTERPLEADER AND DECLARATORY JUDGMENT**

## I.    JURISDICTION AND VENUE

1.    This is an action for Declaratory Judgment, pursuant to Title 28 U.S.C. §2201(a), and Interpleader, pursuant to Title 28 U.S.C. §1335.

2.    Jurisdiction is founded upon diversity of citizenship, pursuant to 28 U.S.C. §1332(a)(1) and upon 28 U.S.C. §1334 as it relates to the within bankruptcy case. This is an action between citizens of different states, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Moreover, this



EXHIBIT

A

Court has jurisdiction based on federal question, because this case involves the interpretation of a federal statute.

3.     Pursuant to 28 U.S.C. §1391(a)(2), venue for this action is proper within the Northern District of Ohio, Western Division, because the Debtor, Toledo Professional Temps, Inc. ("Debtor"), has already filed a Chapter 7 Voluntary Petition for Bankruptcy with this Court.

## II.     THE PARTIES

4.     Delphi Automotive Systems, LLC ("Delphi"), is a Delaware limited liability company with its headquarters and principal place of business in Troy, Michigan.  Delphi Packard Electric Systems ("Packard") is an unincorporated division of Delphi, which operates in Warren, Ohio.

5.     The Debtor was an Ohio corporation with its principal place of business in Erie County, Ohio.  The former name of the Debtor was Flex-Tech Professional Services, Inc. ("Flex-Tech").

6.     Ericka Parker ("Trustee") is the Panel Trustee assigned to the Debtor's estate in this case.

7.     Northwest Controls, Inc. ("Northwest") is an Ohio corporation, which upon information and belief, has its principal place of business in Defiance, Ohio.

8.     REM Electronics Supply Company, Inc. ("REM") is an Ohio corporation, which upon information and belief, has its principal place of business in Warren, Ohio.

9.     Comptrol, Inc. ("Comptrol") is an Ohio corporation, which upon information and belief, has its principal place of business in Garfield Heights, Ohio.

10.    Initial Transfer FT, Ltd. ("IT") is an Ohio limited liability company, which upon information and belief, has its principal place of business in Sandusky, Ohio.

### III.    FACTUAL BACKGROUND

11.    Delphi is a supplier of automotive products, components and systems. Delphi's Packard division is a supplier of automotive power and signal distribution systems and components, which are sold by Delphi to third parties.

12.    Historically, Packard internally handled all of its purchasing functions, which included the purchase of non-production ("indirect") electronic parts from outside suppliers and other manufacturers. These various items purchased by Delphi are customarily referred to as "commodities".

13.    In or about 1995, Delphi, in an effort to reduce Packard's internal purchasing costs, decided to outsource the purchasing function for indirect commodities to an independent third party.

14.    Delphi solicited bids for Commodities Managers, which would be required to deal with outside suppliers, performing all invoicing functions and deal with Delphi's internal purchasing personnel.

15.    Ultimately, Flex-Tech was awarded the Delphi contract for indirect commodities. Accordingly, on or about July 15, 1996, Delphi and Flex-Tech entered into a Commodity Management Agreement ("the Contract"), for a term of 3-½ years, from July 15, 1996, to and including, December 31, 1999.

16.    During the course of the Contract, Flex-Tech dealt with the third-party suppliers and ordered specific commodities for Delphi. The third parties shipped the commodities to Delphi. Delphi then paid Flex-Tech, which was obligated to pay the third-party suppliers. Flex-Tech, however, failed to pay the third parties and, for this and other reasons, Delphi terminated the Contract.

3

17.    Thereafter, Delphi filed its Complaint for Declaratory Judgment against Flex-Tech in the United States District Court, Northern District of Ohio, Eastern Division, Case No. 4:00CV2191, Magistrate Judge Limbert, presiding.  Specifically, Delphi sought a declaratory judgment that the Contract between Delphi and Flex-Tech was the exclusive and binding agreement between the parties, that Delphi fully performed all requirements of the Contract, that Delphi no longer owed any money or other compensation to Flex-Tech under the terms of the Contract, and that Flex-Tech was obligated to indemnify and/or otherwise hold Delphi harmless relating to any claims by third parties with whom Flex-Tech dealt in connection with its performance or breach of the Contract.

18.    In response, Flex-Tech filed its Answer, Counterclaim, and Third-Party Complaint.  During the litigation, Flex-Tech changed its name to Toledo Professional Temps, Inc.

19.    Ultimately, a Settlement Agreement was executed between Delphi, Flex-Tech and IT.  Pursuant to the Settlement Agreement, Delphi was to pay Comptrol, Northwest and REM who were owed money by Flex-Tech.

20.    Delphi paid IT certain non-escrowed funds pursuant to the Settlement Agreement.

21.    Delphi settled Comptrol's lawsuit against Flex-Tech for $107,714.65 and was ready and willing to pay Comptrol.

22.    On or about July 15, 2003, the Debtor filed its Chapter 7 Voluntary Petition for Bankruptcy.

## IV.    INTERPLEADER

23.    Delphi incorporates by reference the allegations set forth in paragraphs 1 - 22 of its Complaint as if fully rewritten herein.

4

24.     Delphi is, and has been, ready, willing and able to comply with the terms of its agreement to pay Comptrol.  As a result of the Debtor's bankruptcy, however, Delphi asked the Trustee whether any payments made by Delphi pursuant to the Settlement Agreement would be deemed by the Trustee to be an asset of the Debtor's estate.  The Trustee eventually responded and has claimed that the payments provided for in the Settlement Agreement are assets of the Debtor's estate.

25.     Two or more adverse claimants are claiming or may claim to be entitled to the funds pursuant to the Settlement Agreement.

26.     Delphi, therefore, is exposed to damages, *e.g.*, having to pay the same amounts twice because adverse parties are claiming or may claim to be entitled to the same funds under the Settlement Agreement.

27.     Specifically, Delphi is ready and willing to pay the $107,719.65 owed to Comptrol into this Court, so long as this Court determines that either Comptrol or the Debtor's estate, but not both, has the best and only claim to the funds.

## V.     DECLARATORY JUDGMENT

28.     Delphi incorporates by reference the allegations set forth in paragraphs 1 – 27 as if fully rewritten herein.

29.     Until and unless this Court fully and finally declares the rights of Delphi, IT, Comptrol, REM and Northwest to the funds payable pursuant to the Settlement Agreement and determines, *inter alia*, that Delphi's past and future payments pursuant to the Settlement Agreement are not assets of the Debtor's estate, pursuant to 11 U.S.C. §541, Delphi could be subject to additional damages.

30.     Delphi, therefore, seeks a declaratory judgment from this Court that it is not obligated to fund the escrow accounts regarding additional monies provided for in the Settlement Agreement, on the grounds that IT failed to meet certain conditions and, therefore, is not entitled to those funds.

31.     Delphi further seeks a declaratory judgment from this Court that it is not obligated to pay REM and Northwest, as provided for in the Settlement Agreement, because those entities have waived their right to such payments.

**WHEREFORE**, Delphi Automotive Systems, LLC demands judgment against the Trustee, Ericka Parker, IT, Comptrol, REM and Northwest as follows:

(1)     For a declaratory judgment that Delphi's payments, and proposed payments, under the Settlement Agreement to IT and Comptrol, REM and Northwest, respectively, are not assets of the Debtor's estate;

(2)     For a declaratory judgment that Delphi does not have to make the payments, pursuant to the Settlement Agreement, to the Trustee;

(3)     For a declaratory judgment that Delphi does not have to pay IT, REM and Northwest for the reasons described above;

(4)     For a declaratory judgment that if Delphi is ordered to pay any funds to the Trustee, that it not have to pay the same monies to IT, Comptrol, REM and Northwest;

(5)     For an interpleader order, pursuant to which Delphi pays $107,719.65 into this Court, the amount Delphi agreed to pay Comptrol to settle Comptrol's claim against Flex-Tech, which Order further provides that Delphi will not

6

have to pay this amount to Comptrol if this Court decides that these funds

are property of the Debtor's estate, and

(6)    For such other and further relief as this Court deems fair, just and

equitable under the circumstances.


OF COUNSEL:

McCARTHY, LEBIT, CRYSTAL                    */s/ David A. Schaefer*
& LIFFMAN CO., L.P.A.                       DAVID A. SCHAEFER  (0014297)
                                           ROBERT S. BALANTZOW  (0014320)
                                           DAVID S. BLOCKER (0075523)
                                           101 W. Prospect Avenue
                                           1800 Midland Building
                                           Cleveland, Ohio  44115
                                           (216) 696-1422 *p*
                                           (216) 696-1210 *f*
                                           *das@mccarthylebit.com*
                                           *rsb@mccarthylebit.com*
                                           *dsb@mccarthylebit.com*



DELPHI AUTOMOTIVE SYSTEMS                   */s/ Donald R. Parshall, Jr.*
                                           Donald R. Parshall, Jr. (0041003)
                                           M/C 483.400.126
                                           5725 Delphi Drive
                                           Troy, Michigan  48098-2815
                                            (248) 813-3367
                                           *donald.r.parshall@delphiauto.com*

                                           Attorneys for Delphi Automotive Systems, LLC

N:\clients\Delphi\BANKRUPTCY\Pleadings\AmendedComplaint.doc.doc