UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re : | Chapter 11 |
| DELPHI CORPORATION, et al., : | CASE NO. 05-44481 (RDD) |
| Debtors. : | (Jointly Administered) |
| : | CLAIM #9956 |

CLAIMANT JOSEPH RENO'S RESPONSE TO
DEBTORS' OBJECTION TO CLAIM #9956

For the reasons which follow, together with the attached exhibits, this Claim # 9956 should be allowed as it is not "unsubstantiated" as alleged by the Debtors' Third Omnibus Objection thereto.

Facts

This claim arises from the wrongful discharge and denial of employment benefits of Claimant Joseph Reno. This wrongful discharge from employment occurred as a direct result of a leak of hazardous chromium wastewater (at the Delphi Corporation's Kettering, Ohio, manufacturing plant) and of Claimant Joseph Reno's frustrated attempts to address the on-going environmental emergency. A more detailed description of the background of this dispute, as well as the resulting violations of law by the Debtor Delphi Corporation is attached hereto as Exhibit #1. (The Amended Complaint filed in Case No. 3:04-CV-0321 U.S. District Court, Southern District of Ohio, now stayed as a result of the Delphi Corporation's bankruptcy filing).

Legal Bases

See Exhibit #1 Count One (COBRA Violation), Count Two (ERISA Violation), Count Three (Whistleblower Violation), Count Four (Discharge in Violation of Public Policy), Count Five (Wage Payment Violation), Count Six (Defamation), and Count Seven (Fair Credit Reporting Act Violation). Attached as Exhibit #2 hereto is the Expert's Report of SEA's Senior Industrial Hygienist/Senior Project Chemist Ronald N. Thaman, MS, CSP. This expert report evidences the on-going environmental emergency and (following Claimant Joseph Reno's discharge) the Delphi Corporation's failure to comply with (1) OSHA's Process Safety Standard, (2) 29 CFR 1910.120 – Hazardous Waste Operations and Emergency Response, and (3) the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) for chromium waste.

Delphi Corporation's Affirmative Defense is a Pretext

As an affirmative defense in Case No. 3:04-CV-0321, the Delphi Corporation has claimed employee misconduct as an alleged nondiscriminatory reason for Claimant Reno's discharge. See attached Exhibit #3 (March 30, 2004, letter from Delphi's Attorney to OSHA. According to Delphi's March 30, 2004, letter, the event which triggered Claimant Reno's discharge from employment was the completion of its "misconduct" investigation by its Investigator ("Complainant's suspension was essentially converted into a termination when Brown [the Investigator] completed his investigation"). This was a false statement made by the Delphi Corporation to OSHA. It is directly contradicted by the sworn statement of Investigator Brown, i.e., he told the Delphi Corporation "either on February 18th, 19th, or 20th . . . that my investigation was not complete". Claimant Reno's employment was terminated shortly thereafter

by the Delphi Corporation, without further input from its Investigator. See attached Exhibit #4. It is further evidenced that "as of March 17th, 2004, the date that Mr. Reno was terminated by Delphi, [Investigator Brown] had yet to do the interviews [sic] of David Atchison and the second interview with Joe Reno". Id. At 37. Thus, the sworn testimony of Delphi Corporation's own Investigator belies any claim to a causal connection between the "completion" of his investigation and the termination of Claimant Reno's employment. Further evidence of pretext is contained throughout the deposition testimony of witness Troy Calton, attached hereto as Exhibit #5. See e.g., his testimony at p. 95 of Exhibit #5:

> Q. Did anybody tell you – anybody at Onyx, Joe Reno, anybody in the entire world tell you that they intended . . . that this box was ultimately going to get billed to Delphi?
>
> A. Nobody told me that, no.

Witness Calton also provides evidence of the real reason why Claimant Reno's employment was terminated by the Delphi Corporation as follows at p. 88 of Exhibit #5:

> A. Joe Reno wanted to do – fix the whole [leaking hazardous waste] tank and Mark Gooding [Delphi Supervisor] wanted to fix just part of it.

See also the internal "whistleblower" letter of Claimant Reno dated March 2, 2004, copy attached hereto as Exhibit #6.

Damages

Attached hereto as Exhibit #7 is the Economic Analysis of Ralph Frasca, PhD. This expert report evidences Claimant Reno's lost compensation claim totaling $1,580,074. Attached as Exhibit #8 hereto is a detailed statement of Claimant Reno's attorney's fees totaling $64,356.40. See Exhibit #1 for additional details as to Claimant Reno's damages.

Conclusion

For all of the above reasons, Claim #9956 should be allowed over the Debtors' Third Omnibus Objection thereto. Any Reply and/or Offer of Compromise may be addressed as follows:

> Joseph Reno
> c/o Law Offices of Brad A. Chalker LLC
> P.O. Box 750726
> Dayton, OH 45475
> Tel. 937-436-1893

Respectfully submitted,

_____
Joseph Reno
c/o Law Offices of Brad A. Chalker LLC
P.O. Box 750726
Dayton, OH 45475

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ordinary U.S. Mail, postage prepaid to the following:

Chambers of the Honorable Robert D. Drain
United States Bankruptcy Judge


Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: General Counsel

Counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Dr., Suite 2100
Chicago, IL 60606
Attn: John William Butler, Jr.

Counsel to the agent under the Detors' prepetition credit facility,
Simpson Thacher & Bartlett LLP
425 Lexington Ave.
New York NY 10017
Attn: Kenneth S. Ziman

Counsel to the agent under the postpetition credit facility,
Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017
Attn: Donald Bernstein and Brian Resnick

Counsel to the Official Committee of Unsecured Creditors,
Latham & Watkins LLP
885 Third Ave.
New York, NY 10022
Attn: Robert J. Rosenberg and Mark A. Broude

Counsel to the Official Committee of Equity Security Holders,
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

and

Office of the United States Trustee for the Southern District of New York
33 Whitehall St., Suite 2100
New York, NY 10004
Attn: Alicia M. Leonhard

*Joseph Reno* (signature)
Joseph Reno