NOV 21 2006

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF:

                                     Chapter 11

DELPHI CORPORATION,          Case No.: 05-44481 (RDD)

Debtor.

_____/

## CLAIMANT, HAROLD WOODSON'S, BRIEF IN OPPOSITION TO DEBTORS' (i) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §502(b) AND FED. R.BANKR.P.3007 TO CERTAIN (a) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (b) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (c) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. §502(c)

Now comes Harold Woodson by and through his attorneys, Leonard Kruse, P.C., and as and for his Brief in Opposition to the Debtors' Objection to his Claim states as follows:

### Procedural Matters:

The Debtor has listed Claimant, Harold Woodson, on Exhibit C-1 - Unsubstantiated Claims - of its Motion.

### Introduction:

The Debtor has objected to Claimant, Harold Woodson's, claim because the Debtor maintains that Mr. Woodson did not have a valid underlying claim against Delphi Corporation.

Claimant respectfully disagrees with the Debtors' conclusions.

1

Mr. Woodson's claim arises from a lawsuit he filed against Delphi Corporation on or about November 4, 2004. In that lawsuit, Mr. Woodson alleged that Delphi Corporation had violated his civil rights as protected by the Michigan Elliott Larsen Civil Rights Act. MCL §37.2101 *et seq.* At the time that the Debtor filed for bankruptcy protection, Mr. Woodson's case was in the midst of discovery.

Although no definitive outcome had been reached at the time that the Debtor filed for bankruptcy, Claimant submits that the proofs elicited thus far support his claim and that, given the existence of a pending lawsuit, it is disingenuous for the Debtor to claim that its books and records do not confirm the existence of the claim.

## Argument:

A copy of the Proof of Claim filed by Mr. Woodson is attached hereto as Exhibit A. This Proof of Claim contains a copy of the Complaint filed by Mr. Woodson against Delphi Automotive Systems, L.L.C. in the Genesee County, Michigan Circuit Court. Contemporaneous with the filing of this Brief, an Amended Proof of Claim is being submitted to the Court which identifies the amount claimed by Mr. Woodson. See Exhibit B attached hereto. A copy of the Answer filed on behalf Delphi by the law firm of Foster, Swift, Collins & Smith, P.C. is attached hereto as Exhibit C.

### *Existence of Claim:*

Clearly, a claim exists and Delphi's assertion that it is unable to locate the existence of this claim in its books or records reflects an error on the part of the Debtor

2

and should not result in the dismissal of Harold Woodson's claim.

WHEREFORE, your Claimant prays that this Honorable Court deny the Debtor's

Objection to Harold Woodson's Proof of Claim.  Claimant, Harold Woodson, further

prays for such other and further relief in the premises as shall be just and equitable.

By: _____

Kelly A. Kruse (P45538)
Attorney for Claimant

Dated: November 20, 2006

**PROOF OF SERVICE**

Kellie Dixon certifies that a copy of this instrument was served
upon all of the attorneys on record for all of the parties in this
within cause, by mailing same to their attention at their
respective business addresses with postage fully prepaid
thereon on **November 20, 2006.**  I declare under penalty of
perjury that the above statement is true to the best of my
information, knowledge and belief.

_____

Kellie Dixon

3

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF:

|  |  |
|---|---|
| | Chapter 11 |
| DELPHI CORPORATION, | Case No.: 05-44481 (RDD) |

Debtor.

_____/

### CLAIMANT, HAROLD WOODSON'S, BRIEF IN OPPOSITION TO DEBTORS' (i) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §502(b) AND FED. R.BANKR.P.3007 TO CERTAIN (a) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (b) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (c) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. §502(c)

Now comes Harold Woodson by and through his attorneys, Leonard Kruse, P.C., and as and for his Brief in Opposition to the Debtors' Objection to his Claim states as follows:

### Procedural Matters:

The Debtor has listed Claimant, Harold Woodson, on Exhibit C-1 - Unsubstantiated Claims - of its Motion.

### Introduction:

The Debtor has objected to Claimant, Harold Woodson's, claim because the Debtor maintains that Mr. Woodson did not have a valid underlying claim against Delphi Corporation.

Claimant respectfully disagrees with the Debtors' conclusions.

1

Mr. Woodson's claim arises from a lawsuit he filed against Delphi Corporation on or about November 4, 2004.  In that lawsuit, Mr. Woodson alleged that Delphi Corporation had violated his civil rights as protected by the Michigan Elliott Larsen Civil Rights Act.  MCL §37.2101 *et seq.*  At the time that the Debtor filed for bankruptcy protection, Mr. Woodson's case was in the midst of discovery.

Although no definitive outcome had been reached at the time that the Debtor filed for bankruptcy, Claimant submits that the proofs elicited thus far support his claim and that, given the existence of a pending lawsuit, it is disingenuous for the Debtor to claim that its books and records do not confirm the existence of the claim.

## Argument:

A copy of the Proof of Claim filed by Mr. Woodson is attached hereto as Exhibit A.  This Proof of Claim contains a copy of the Complaint filed by Mr. Woodson against Delphi Automotive Systems, L.L.C. in the Genesee County, Michigan Circuit Court.  Contemporaneous with the filing of this Brief, an Amended Proof of Claim is being submitted to the Court which identifies the amount claimed by Mr. Woodson.  See Exhibit B attached hereto.  A copy of the Answer filed on behalf Delphi by the law firm of Foster, Swift, Collins & Smith, P.C. is attached hereto as Exhibit C.

### *Existence of Claim:*

Clearly, a claim exists and Delphi's assertion that it is unable to locate the existence of this claim in its books or records reflects an error on the part of the Debtor

2

Mr. Woodson's claim arises from a lawsuit he filed against Delphi Corporation on or about November 4, 2004. In that lawsuit, Mr. Woodson alleged that Delphi Corporation had violated his civil rights as protected by the Michigan Elliott Larsen Civil Rights Act. MCL §37.2101 *et seq.* At the time that the Debtor filed for bankruptcy protection, Mr. Woodson's case was in the midst of discovery.

Although no definitive outcome had been reached at the time that the Debtor filed for bankruptcy, Claimant submits that the proofs elicited thus far support his claim and that, given the existence of a pending lawsuit, it is disingenuous for the Debtor to claim that its books and records do not confirm the existence of the claim.

### Argument:

A copy of the Proof of Claim filed by Mr. Woodson is attached hereto as Exhibit A. This Proof of Claim contains a copy of the Complaint filed by Mr. Woodson against Delphi Automotive Systems, L.L.C. in the Genesee County, Michigan Circuit Court. Contemporaneous with the filing of this Brief, an Amended Proof of Claim is being submitted to the Court which identifies the amount claimed by Mr. Woodson. See Exhibit B attached hereto. A copy of the Answer filed on behalf Delphi by the law firm of Foster, Swift, Collins & Smith, P.C. is attached hereto as Exhibit C.

### *Existence of Claim:*

Clearly, a claim exists and Delphi's assertion that it is unable to locate the existence of this claim in its books or records reflects an error on the part of the Debtor

2

and should not result in the dismissal of Harold Woodson's claim.

WHEREFORE, your Claimant prays that this Honorable Court deny the Debtor's

Objection to Harold Woodson's Proof of Claim.  Claimant, Harold Woodson, further

prays for such other and further relief in the premises as shall be just and equitable.

By: _____

Kelly A. Kruse (P45538)
Attorney for Claimant

Dated: November 20, 2006

**PROOF OF SERVICE**
Kellie Dixon certifies that a copy of this instrument was served
upon all of the attorneys on record for all of the parties in this
within cause, by mailing same to their attention at their
respective business addresses with postage fully prepaid
thereon on **November 20, 2006.**  I declare under penalty of
perjury that the above statement is true to the best of my
information, knowledge and belief.

Kellie Dixon

3

# Exhibit A

| UNITED STATES BANKRUPTCY COURT __Southern__ DISTRICT OF __New York__ | PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number |
|---|---|
| Delphi Corporation | 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Harold Woodson

Name and address where notices should be sent:

Harold Woodson
Leonard Kruse Pc
4190 Telegraph Rd
Ste 3500
Bloomfield Hills MI 48302

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor: 6384

Check here ☐ replaces
if this claim ☐ amends    a previously filed claim, dated:_____

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☑ Other   *Civil Rights violation*

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
  (date)          (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:** *n/a*

**4. Total Amount of Claim at Time Case Filed:** $ *unliquidated*
   _____ (unsecured)   _____ (secured)   _____ (priority)   _____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate   ☐ Motor Vehicle
- ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ *unliquidated*

☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 4-30-06 | *Harold G. Woodson* |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544481060410191527078146

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

HAROLD WOODSON,

     Plaintiff,

v

DELPHI AUTOMOTIVE SYSTEMS,
L.L.C.;

     Defendant.

Case No: 2003- **04 - 80 177**
                  CZ
Hon. Judge ROBERT M. RANSOM
             P-19226

_____/

LEONARD KRUSE, P.C.
BY:   KELLY A. KRUSE (P45538)
      NORBERT LEONARD (P40056)
Attorney for Plaintiff
4190 Telegraph Road
Suite 3500
Bloomfield Hills, MI 48302
(248) 594-7500

**A TRUE COPY**
**Michael J. Carr Clerk**

_____/

There is no other pending or resolved
civil action arising out of the transaction
or occurrence alleged in the Complaint.

_____
     Norbert B. Leonard (P40056)

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, Harold Woodson, by and through his attorneys, Leonard

Kruse, P.C., as and for his Complaint against the Defendant, Delphi Automotive Systems,

LLC, states as follows:

1

10.)    At all times relevant hereto, Defendant engaged in a course of action designed to prevent the Plaintiff from progressing beyond a level six position. This course of action was premised on the race of the Plaintiff.

11.)    At all times relevant hereto, Defendant engaged in a course of action designed to prevent the Plaintiff from being compensated at a level commensurate with his job performance, training, experience and education and commensurate with the Caucasian employees who performed substantially similar job duties to those performed by Plaintiff.

12.)    At all times relevant hereto, Defendant has engaged in a pattern and practice of racial discrimination which subjects African-American employees, including Plaintiff herein, to different and unlawful terms and conditions of employment than similarly and less qualified Caucasian employees including, but not limited to practices related to rate of pay, promotional opportunities, training, pay raises, and standards for evaluation, all in violation of the ELCRA.

13.)    Because of his race, Plaintiff has repeatedly been denied promotions, appropriate reviews, appropriate training and denied appropriate compensation in violation of the ELCRA.

14.)    The efforts of the Defendant to prevent Plaintiff from progressing beyond the sixth level were taken because of Plaintiff's race and were taken in violation of the Elliot Larsen Civil Rights Act.

3

15.)    The actions of the Defendant to prevent Plaintiff from being promoted and achieving the appropriate levels of compensation were taken because of Plaintiff's race and were taken in violation of the Elliot Larsen Civil Rights Act.

16.)    Defendant has discriminated against Plaintiff, as set forth above, by treating Plaintiff, with respect to compensation, reviews and promotions, in a manner materially different from that to which similarly or less qualified Caucasian employees employees are treated.

17.)    There were no legitimate reasons to justify the discrimination to which Plaintiff has been subjected.

18.)    As a direct and proximate result of the foregoing, Plaintiff suffered, and continues to suffer, mental anguish, humiliation, embarrassment, emotional distress, physical pain and suffering, a loss of earnings, benefits and earning capacity, and loss of retirement benefits.

**WHEREFORE**, your Plaintiff prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) plus attorney fees, costs and pre- and post-judgment interest. Plaintiff further seeks all other relief which this Court deems just and equitable.

LEONARD KRUSE, P.C.

BY: _____
NORBERT B. LEONARD (P40056)
Attorney for Plaintiff

Dated: November 3, 2004

4

## JURY DEMAND

Plaintiff, hereby demands a trial by jury.

LEONARD KRUSE, P.C.

BY: _____

NORBERT B. LEONARD (P40056)
Attorney for Plaintiff

Dated: November 3, 2004

# Exhibit B

FORM B10 (Official Form 10) (4/01)

Amended

| UNITED STATES BANKRUPTCY COURT Southern | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number |
|---|---|
| Delphi Corporation | 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):

Harold Woodson

Name and address where notices should be sent:

Harold Woodson
Leonard Kruse, P.C.
4190 Telegraph Rd., Ste.3500
Bloomfield Hills, MI 48302
Telephone number: 248-594-7500

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

6384

Check here if this claim ☐ replaces ☑ amends a previously filed claim, dated:_____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other Civil Rights Violation

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS #: _____ ____ _____
  Unpaid compensation for services performed
  from _____ to _____
      (date)        (date)

**2. Date debt was incurred:** multiple dates over 6 year period

**3. If court judgment, date obtained:** n/a

**4. Total Amount of Claim at Time Case Filed:** $ 150,000

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 5-30-06 | *Harold Woodson* |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

HAROLD WOODSON,

    Plaintiff,

v

DELPHI AUTOMOTIVE SYSTEMS,
L.L.C.,

    Defendant.

Case No:    2003- **04 - 80177**
                                  CZ
Hon. Judge  ROBERT M. RANSOM
                       P-19226

_____/

LEONARD KRUSE, P.C.
BY:    KELLY A. KRUSE (P45538)
        NORBERT LEONARD (P40056)
Attorney for Plaintiff
4190 Telegraph Road
Suite 3500
Bloomfield Hills, MI  48302
(248) 594-7500

_____/

**A TRUE COPY**
Michael J. Carr Clerk

There is no other pending or resolved
civil action arising out of the transaction
or occurrence alleged in the Complaint.

Norbert B. Leonard (P40056)

## COMPLAINT AND JURY DEMAND

    **NOW COMES** Plaintiff, Harold Woodson, by and through his attorneys, Leonard

Kruse, P.C., as and for his Complaint against the Defendant, Delphi Automotive Systems,

LLC, states as follows:

1

1.)    At the time the acts and omissions complained of occurred, Plaintiff was a resident of Genesee County, Michigan.

2.)    Delphi Automotive Systems, L.L.C. is a foreign corporation in good standing which conducts continuous and systematic business in Genesee County, Michigan.

3.)    The events, acts and omissions which form the basis of Plaintiff's Complaint occurred in Genesee County, Michigan.

4.)    The amount in controversy is in excess of Twenty-Five Thousand Dollars ($25,000), exclusive of interest, costs, and attorney fees and this matter is otherwise within the jurisdiction of this Honorable Court.

5.)    At all times relevant hereto, the Plaintiff was an employee of the Defendant, Delphi Automotive Systems, LLC.

6.)    Throughout the course of his employment with the Defendant, Plaintiff performed his assigned duties in an excellent manner.

7.)    Plaintiff is African American male and is a protected person under the Elliott Larsen Civil Rights Act.

8.)    Throughout the course of his employment, Plaintiff sought to improve his position with the Defendant.

9.)    Throughout the course of his employment, Plaintiff sought to obtain higher earnings, commensurate with his job performance and to obtain promotions commensurate with his training, experience and education.

2

10.)    At all times relevant hereto, Defendant engaged in a course of action designed to prevent the Plaintiff from progressing beyond a level six position. This course of action was premised on the race of the Plaintiff.

11.)    At all times relevant hereto, Defendant engaged in a course of action designed to prevent the Plaintiff from being compensated at a level commensurate with his job performance, training, experience and education and commensurate with the Caucasian employees who performed substantially similar job duties to those performed by Plaintiff.

12.)    At all times relevant hereto, Defendant has engaged in a pattern and practice of racial discrimination which subjects African-American employees, including Plaintiff herein, to different and unlawful terms and conditions of employment than similarly and less qualified Caucasian employees including, but not limited to practices related to rate of pay, promotional opportunities, training, pay raises, and standards for evaluation, all in violation of the ELCRA.

13.)    Because of his race, Plaintiff has repeatedly been denied promotions, appropriate reviews, appropriate training and denied appropriate compensation in violation of the ELCRA.

14.)    The efforts of the Defendant to prevent Plaintiff from progressing beyond the sixth level were taken because of Plaintiff's race and were taken in violation of the Elliot Larsen Civil Rights Act.

3

15.) The actions of the Defendant to prevent Plaintiff from being promoted and achieving the appropriate levels of compensation were taken because of Plaintiff's race and were taken in violation of the Elliot Larsen Civil Rights Act.

16.) Defendant has discriminated against Plaintiff, as set forth above, by treating Plaintiff, with respect to compensation, reviews and promotions, in a manner materially different from that to which similarly or less qualified Caucasian employees employees are treated.

17.) There were no legitimate reasons to justify the discrimination to which Plaintiff has been subjected.

18.) As a direct and proximate result of the foregoing, Plaintiff suffered, and continues to suffer, mental anguish, humiliation, embarrassment, emotional distress, physical pain and suffering, a loss of earnings, benefits and earning capacity, and loss of retirement benefits.

**WHEREFORE,** your Plaintiff prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) plus attorney fees, costs and pre- and post-judgment interest. Plaintiff further seeks all other relief which this Court deems just and equitable.

LEONARD KRUSE, P.C.

BY: _____
NORBERT B. LEONARD (P40056)
Attorney for Plaintiff

Dated: November 3, 2004

4

## JURY DEMAND

Plaintiff, hereby demands a trial by jury.

LEONARD KRUSE, P.C.

BY:  _____
NORBERT B. LEONARD (P40056)
Attorney for Plaintiff

Dated: November 3, 2004

5

# Exhibit C

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

---

HAROLD WOODSON,

    Plaintiff,

v                          File No. 04-80177-CZ

DELPHI AUTOMOTIVE SYSTEMS,     HON. ROBERT M. RANSOM
L.L.C.,

    Defendant.

---

Kelly A. Kruse (P 45538)
Norbert Leonard (P 40056)
LEONARD KRUSE, P.C.
Attorneys for Plaintiff
4190 Telegraph Road
Suite 3500
Bloomfield Hills, MI 48302
(248) 594-7500

William R. Schulz (P 29147)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorney for Defendant
313 S. Washington Square
Lansing, MI 48933
(517) 371-8100

---

## ANSWER AND RELIANCE ON JURY DEMAND

    NOW COMES Defendant, Delphi Automotive Systems, L.L.C., by its

attorneys, Foster, Swift, Collins & Smith, P.C., and answers Plaintiff's Complaint as

follows:

        1.    In answer to the allegations of this paragraph, Defendant states it is

without sufficient knowledge or information upon which to form a belief as to the truth of the allegations.

   2. In answer to the allegations of this paragraph, Defendant admits the allegation, except Defendant states that Defendant's proper name is Delphi Corporation.

   3. In answer to the allegations of this paragraph, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations.

   4. In answer to the allegations of this paragraph, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations.

   5. In answer to the allegations of this paragraph, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations.

   6. In answer to the allegations of this paragraph, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations.

   7. In answer to the allegations of this paragraph, Defendant admits the allegation that Plaintiff is an African American male, but Defendant states the remaining allegations are conclusions of law, not allegations of fact and, therefore, do not require an answer on its part.

   8. In answer to the allegations of this paragraph, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth of

2

the allegations.

9.    In answer to the allegations of this paragraph, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations.

10.    In answer to the allegations of this paragraph, Defendant denies the allegations as untrue.

11.    In answer to the allegations of this paragraph, Defendant denies the allegations as untrue.

12.    In answer to the allegations of this paragraph, Defendant denies the allegations as untrue.

13.    In answer to the allegations of this paragraph, Defendant denies the allegations as untrue.

14.    In answer to the allegations of this paragraph, Defendant denies the allegations as untrue, and Defendant specifically denies that Defendant pursued any "efforts to prevent Plaintiff from progressing."

15.    In answer to the allegations of this paragraph, Defendant denies the allegations as untrue, and Defendant specifically denies that Defendant pursued any "actions to prevent Plaintiff from being promoted and achieving the appropriate levels of compensation."

16.    In answer to the allegations of this paragraph, Defendant denies the allegations as untrue.

17.    In answer to the allegations of this paragraph, Defendant denies the allegations as untrue, and Defendant specifically denies that Defendant committed

3

any unlawful discrimination.

18.    In answer to the allegations of this paragraph, Defendant denies the allegations as untrue.

WHEREFORE, Defendant denies Plaintiff is entitled to recover a judgment against it in any sum of money and prays Plaintiff's Complaint be dismissed and it be awarded its costs and reasonable attorney fees.

## AFFIRMATIVE DEFENSES

Plaintiff will please take note that Defendant will rely upon the following affirmative defenses:

1.    Defendant's proper name is Delphi Corporation.

2.    Some or all of Plaintiff's claim may be barred by the applicable statute of limitations.

3.    Defendant reserves the right to file additional affirmative defenses in this matter until it has had the opportunity to complete discovery, which opportunity it has not had in the time required to file an answer in this cause.

WHEREFORE, Defendant prays a judgment of no cause of action be entered in its favor and it be awarded its costs.

## RELIANCE ON JURY DEMAND

NOW COMES Defendant and relies on Plaintiff's jury demand.

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Defendant

Dated: 11/15/04

By_____
William R. Schulz (P 29147)

4