**Hearing Date: November 30, 2006**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :
    In re                            :        Chapter 11
                                 :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                 :
                  Debtors.    :        (Jointly Administered)
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS RESPONSE IN SUPPORT OF DEBTORS' MOTION FOR ORDER
PURSUANT TO 11 U.S.C. §§ 502(b) AND 502(c) AND FED. R. BANKR. P. 2002(m), 3007,
7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS
REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS
AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING HEARINGS
REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this omnibus response (the "Response") to the objections to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated October 31, 2006 (the "Motion"),[1] and respectfully represent as follows:

## Preliminary Statement

1. The Motion seeks to establish an expeditious and effective system by which the Debtors can administer the more than 16,000 proofs of claim (the "Proofs of Claim"), asserting liquidated liabilities in excess of $36 billion plus additional unliquidated and contingent liabilities, that have been timely filed in these chapter 11 cases. As the Debtors have reported, they are currently engaged in discussions with their principal stakeholders in an effort to reach a consensual agreement on the terms and structure of a plan of reorganization in these cases. The Debtors and their key constituencies continue to believe that it is important for the Debtors to emerge from these chapter 11 cases as expeditiously as possible and the Debtors continue to target the first half of 2007 to accomplish this. During the course of the ongoing discussions among key parties-in-interest, it has become clear to all of the participants that the parties' ability to reach agreement on a framework for the Debtors' emergence from chapter 11 is predicated upon a clear understanding of the scope of the general unsecured claims against the Debtors which will ultimately be allowed in these cases. The Debtors believe that the comprehensive set

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

of procedures set forth in the Motion is necessary to administer the Proofs of Claim fairly and effectively within a time frame that meets the needs and expectations of the Debtors and their key stakeholders and is thus critical to facilitating the Debtors' prompt emergence from chapter 11.

        2.        The overwhelming majority of claimants have not taken issue with the proposed procedures.  Indeed, of the approximately 1,300 parties served with the Motion, only 16 have filed timely objections and joinders (collectively, the "Objections").[2]  The Debtors believe that many of the Objections will be resolved prior to the hearing.  For the Court's convenience, a chart summarizing each of the Objections is attached hereto as <u>Exhibit A</u> and a chart summarizing the various grounds for the Objections is attached hereto as <u>Exhibit B</u>.

        3.        Notably, none of the official or <u>ad hoc</u> committees in these cases has filed an objection to the Motion.  The Debtors and the Official Committee of Unsecured Creditors (the "Creditors' Committee") have undertaken extensive and constructive discussions regarding the form of the Debtors' proposed order with respect to the Motion and the Debtors believe that the Creditors' Committee will not oppose the relief sought in the Motion, subject to certain modifications that the Debtors have agreed to make to their proposed order.

        4.        Attached as <u>Exhibit C</u> hereto is a proposed revised order (the "Revised Order") reflecting the discussions between the Debtors and the Creditors' Committee as well as discussions with certain other parties-in-interest, including certain of the Objectors.  The Revised Order reflects those modifications which the Debtors in the exercise of their reasonable business judgment and fiduciary responsibilities believe are appropriate.  In the Debtors' view, the

---

[2]    In addition, Technology Properties, Ltd. filed an untimely purported joinder and objection to the Motion at Docket No. 5847.

3

Revised Order addresses and reasonably disposes of all of the cognizable objections filed in opposition to the Motion. The principal modifications include:

(a) Limiting the economic burdens on claimants by, among other things, increasing the dollar thresholds for claims requiring in-person Meet and Confers and Mediations requiring in-person Meet and Confers and Mediations to be held in Troy, Michigan only if a claimant's principal place of business is located within 90 miles of Troy, and removing any requirement that claimant's counsel participate in person at any Meet and Confer or Mediation at the claimant's election.

(b) Limiting the disclosure of confidential, proprietary, or otherwise protected information by requiring that claimants only disclose such information to the Debtors and not include it in any public filings.

(c) Increasing the amount of notice provided for Estimation Hearings and Claims Objection Hearings and extending the time for the Meet and Confers and certain briefing to occur.[3]

(d) Limiting the length of time that the hearing with respect to a claim can be adjourned without the consent of the claimant or order of this Court.

(e) Requiring the Debtors to submit a summary statement of disputed issues in the initial stage of the Claims Hearing Procedures to provide even greater clarity to claimants regarding the legal and factual bases of the Debtors' objections.

(f) Clarifying a claimant's right to seek modification of the Claims Hearing Procedures either consensually or by order of this Court in the event that the claimant believes that such a modification is reasonable and necessary.

(g) Expanding certain limitations on briefing and witness testimony to provide greater flexibility to claimants in setting forth the basis for their claims.

(h) Expanding the role of the claimant in determining the mediator assigned to any mediation with respect to its claim,[4] removing limits on the materials that a mediator may consider in the mediation, and instituting a one-day limit on the length of a mediation (absent consent of the claimant and the Debtors).

---

[3] For the Court's convenience, the Debtors have attached hereto as <u>Exhibit D</u> charts illustrating the Sufficiency Hearing, Estimation Hearing, and Claims Objection Hearing timelines. The Debtors have also attached hereto as <u>Exhibit E</u> charts outlining the deadlines for Sufficiency Hearings, Estimation Hearings, and Claims Objection Hearings based upon the first five proposed claims hearing dates.

[4] The Mediator must be mutually acceptable to both parties pursuant to the Claims Hearing Procedures.

4

                (i)    Carving out certain claimants, including the Pension Benefit Guaranty Corporation, certain state and federal environmental agencies, and certain other litigation claimants, from the Claims Hearing Procedures.

        5.    Other than the points addressed by the modifications described above, the most frequently asserted objection to the Motion was that one or more provisions of the Debtors' proposed claims hearing procedures (the "Claims Hearing Procedures") would be inappropriate as applied to the adjudication of a particular claimant's Proof of Claim.  The Debtors believe that the proposed Claims Hearing Procedures, and the modifications set forth herein, appropriately balance the due process protections afforded to claimants against the Debtors' urgent need to resolve claims expeditiously.  In any event, if after the Meet and Confer a claimant still believes that the proposed discovery and other limitations contained in the Claims Hearing Procedures should be modified, and if the Debtors do not consent to the requested modifications, the claimant may request that the Court promptly schedule a teleconference to rule on an expedited basis on the propriety of the requested modifications. Thus, claimants' concerns that they will be bound by each and every term of the Claims Hearing Procedures when their Proofs of Claim dictate reasonable modifications to the Procedures are unfounded.

        6.    Accordingly, the Debtors believe that the accommodations reflected in the proposed Revised Order more than adequately address the issues raised in the Objections.  Further, the relief sought in the Motion is reasonable and necessary to the Debtors' execution of their transformation plan and emergence from these chapter 11 cases.  Therefore, the Debtors respectfully assert that the Objections, to the extent not consensually resolved by the modifications reflected in the Revised Order, are without merit and should be overruled.

Argument

A.  General Objections

7.  As noted above, the bulk of the objections raised by the Objections relates to assertions that certain of the Claims Hearing Procedures cannot be applied to the Proofs of Claim filed by a particular claimant because the issues raised by such Proofs of Claim are too complex or otherwise cannot be fully addressed by the Claims Hearing Procedures.

8.  Even if warranted under the specific facts and circumstances of a particular claim, however, such assertions provide no basis for this Court to deny the Debtors the relief sought by the Motion. Rather, the Claims Hearing Procedures anticipate that such issues will arise and expressly protect claimants' rights when such issues do arise. Specifically, paragraph 9(m) of the Revised Order (the "Modification Provision") provides as follows:

> Ability To Modify Procedures By Agreement Or Order Of Court. At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim. Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications. No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

9.  This provision should allay any concerns that claimants may have regarding the protection of their rights and their ability to seek relief from this Court in the event that they later believe that the Debtors have unreasonably refused to agree to modifications to the Claims Hearing Procedures as the Procedures are applied to such claimants' specific Proofs of Claim. The vague assertions by a handful of claimants that modifications to the Claims Hearing Procedures may be necessary with respect to their specific Proofs of Claim do not provide any

05-44481-rdd    Doc 5939    Filed 11/29/06    Entered 11/29/06 16:23:06    Main Document
Pg 7 of 13

basis for the Court to deny the relief sought in the Motion in its entirety or to modify the Claims Hearing Procedures as they apply to all Proofs of Claim.

B.      Specific Procedures Objections

10.     Certain of the Objections raise concerns with respect to certain specific provisions of the Claims Hearing Procedures. The Modification Provision should alleviate any such concerns of a claimant as such concerns relate to the application of any specific provision to the adjudication or estimation of such claimant's Proof of Claim. Moreover, the Revised Order addresses most, if not all, of the concerns by making consensual modifications to the provisions at issue. For example:

(a)     Filing Of Supporting Documentation With Response. Certain Objections asserted that the Debtors' proposed requirement that the claimant file "all documentation or other evidence of the Claim upon which the Claimant will rely in opposing the omnibus claims objection" in its initial Response was too onerous. The Revised Order requires that the Response include only "documentation or other evidence of the claim sufficient to establish a prima facie right to payment." See Revised Order at ¶3(d). The Debtors believe that this modification should be sufficient, especially because claimants should have included documentation sufficient to establish a prima facie right to payment with their initial Proofs of Claim. See In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability).

(b)     Notice Of An Adjourned Estimation Or Claims Objection Hearing. One Objection complained that the notice period for an adjourned Estimation Hearing or Claims Objection Hearing was too short. The Revised Order extends that period by 20 calendar days to a total of 65 calendar days. Revised Order at ¶9(a)(i)(B) and (C). When added to the 30 days notice provided by the service of the claims objection, this time period would provide the claimant with a minimum total notice of the hearing on the claims objection of more than three times that required by Bankruptcy Rule 3007.

(c)     Authority Of The Debtors To Further Adjourn Hearings. Several Objections asserted that the Debtors' authority to further adjourn Sufficiency Hearings, Estimation Hearings, and Claims Objection Hearings was too broad. The Revised Order limits the Debtors' authority by providing that "the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing . . . without consent of the Claimant with respect thereto, unless otherwise ordered by

7

the Court." Revised Order at ¶9(a)(ii).  Further, the assertion by certain claimants that a claimant should have blanket authority to adjourn hearings in its sole discretion ignores the fact that the Debtors must administer and resolve over 16,000 Proofs of Claim, while each individual claimant is concerned with the resolution of, at most, a few Proofs of Claim.  To allow individual claimants the authority to wrest from the Debtors all control of the claims administration process would ensure mass chaos and allow a small number of obstreperous claimants defeat the entire purpose of the Claims Hearing Procedures – the orderly and efficient administration of all of the Proofs of Claim – to the detriment of all of the Debtors' other claimants.

(d)    Location Of The Meet And Confer.  Several Objections complained that holding an in-person Meet and Confer in Troy, Michigan was inconvenient and too expensive for some claimants.  The Debtors have modified the Revised Order to require in-person Meet and Confers only when the amount in dispute exceeds $1 million and the claimant's principal place of business is located within 90 miles of Troy, Michigan.  Id. at ¶9(c)(i).  Further, the Revised Order provides that the claimant's counsel can participate telephonically if the claimant desires.  Id. at ¶9(c)(iii).

(e)    Timing Of The Meet And Confer.  Some Objections asserted that the proposed time period to hold a Meet and Confer was too short.  The Revised Order doubles that time period to ten business days.  Id. at ¶9(c)(i) and (ii).

(f)    Sanctions For A Party's Failure To Participate.  Some Objections asserted that the Claims Hearing Procedures' sanctions for a claimant's refusal to participate in a Meet and Confer or a Mediation were too severe.  As a threshold matter, the Debtors believe that to encourage claimants to participate in good faith in the claims resolution process, there must be some clearly identified potential repercussions for a claimant's refusal to participate. The Revised Order clarifies that the Court will have discretion to mete out appropriate sanctions by providing that a failure to participate "may" constitute grounds for disallowance, rather than that such failure "shall" constitute grounds for disallowance.  Id. at ¶9(c)(iv) and (g)(viii).  Further, the Revised Order makes such provisions reciprocal (i.e., the Debtors may also be sanctioned by this Court if the Debtors fail to participate).  Id.

(g)    Timing Of The Claimant's Supplemental Response.  Certain Objections asserted that the required timing of the filing of the claimant's Supplemental Response was unfair because the claimant did not have sufficient time and because the claimant was to be required to file its Supplemental Response before the Debtors were required to file any further pleadings in support of their objection.  The Revised Order addresses these concerns in two ways.  First, the timing for the filing of the Supplemental Response has been modified to base the deadline on the date of the scheduled Estimation Hearing or Claims Objection Hearing and provide the claimant with a longer time period in which to file the Supplemental Response. Id. at ¶9(e)(i).  Second, the Revised Order provides that the Debtors will be required to file a Statement of Disputed Issues that concisely summarizes the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection, including, but not limited to, the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection, and including documentation or other evidence supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim. Id. at ¶9(d).  The Debtors will be required to be file and serve the Statement of Disputed Issues in

8

advance of the Meet and Confer and well in advance of the Supplemental Response. Id. Further, certain Objections requested that this Court not require the Supplemental Response to be filed until after completion of discovery. The Debtors respectfully assert that delaying briefing until after discovery will inhibit the parties' ability to resolve Contested Claims consensually before the parties incur significant expenses associated with undertaking discovery and will also significantly impair the ability of the Mediator to conduct a meaningful Mediation. The Revised Order addresses this issue by allowing each party to file and serve an amended Supplemental Response or Supplemental Reply, as appropriate, after the conclusion of discovery. Id. at ¶9(e)(iv) and (f)(iv).

(h) Public Filing Of Confidential Information. Certain Objections expressed concern that the Claims Hearing Procedures would require a claimant to publicly disclose confidential or proprietary information. The Revised Order addresses this concern by providing that any confidential, proprietary, or otherwise protected information need not be disclosed in public filings but can be shared solely with the Debtors or the claimant, as appropriate. Id. at ¶¶3(d), 9(d), 9(e)(ii), and 9(f)(ii).

(i) Location Of The Mediation. Several Objections complained that holding an in-person Mediation in Troy, Michigan would be inconvenient and unduly expensive. The Debtors have modified the Revised Order to require in-person Mediation in Troy, Michigan only when the amount in dispute exceeds $1 million and the claimant's principal place of business is located within 90 miles of Troy, Michigan. Id. at ¶9(g)(iii). If the amount in dispute exceeds $1 million but the claimant's principal place of business is located more than 90 miles from Troy, Michigan, the Revised Order requires that an in-person Mediation be held at a mutually acceptable location. Id. at ¶9(g)(iv). Finally, if the amount in dispute is less than $1 million, the Revised Order provides that Mediation is optional and may be conducted telephonically. Id. at ¶9(g)(v).

(j) Cost Of Mediation. As noted above, some Objections complained that the Mediation provisions of the Claims Hearing Procedures were too expensive. In addition to limiting the cost by reducing the number of Mediations that are required to occur in-person and in Troy, Michigan, the Revised Order also eliminates the requirement that the claimant's counsel participate, although the Debtors' counsel will not be precluded from participating in the event that the claimant elects not to have its counsel participate. Id. at ¶9(g)(vi). Finally, to further limit the costs of Mediation to a claimant, the Revised Order provides that, absent consent of the parties, the length of a Mediation is limited to a single day. Id. at ¶9(g)(vii).

(k) Determination Of The Mediator. Certain Objections complained that the Claims Hearing Procedures did not provide the claimant with any ability to select the Mediator assigned to the Mediation of a Contested Claim. The Revised Order addresses this complaint by providing that the appointment of a Mediator shall be by agreement of the parties from the list of fifteen proposed Mediators filed by the Debtors on November 16, 2006 (Docket No. 5564). Id. at ¶9(g)(i).

(l) Information To Be Considered By The Mediator. Certain Objections asserted that the Claims Hearing Procedures were overly limiting as to the scope of information that the Mediator could consider. The Revised Order alleviates this concern by removing the

provision in question.  Id. at ¶9(g)(ii).  The Revised Order does retain the provision providing that the Mediator would not have the authority to require either the Debtors or the claimant to provide any additional briefing with respect to the Mediation.  Id.

11. The Debtors believe that the foregoing non-exhaustive list of modifications contained in the Revised Order adequately addresses the genuine concerns raised by claimants in their Objections to the Claims Hearing Procedures.  As stated above, the Debtors believe that any remaining concerns raised in the Objections are more than adequately addressed by the Modification Provision and that no alterations other than those contained in the Revised Order are necessary or appropriate.

C.    Specific Estimation Objections

12. Finally, certain Objections contain objections to the estimation of certain Proofs of Claim pursuant to section 502(c) of the Bankruptcy Code, based upon the assertion that the failure to estimate such Proofs of Claim will not cause undue delay in the administration of these chapter 11 cases.  These claimants assert that, because the amount of their individual claims pales in comparison to the overall size of the Debtors' potential claims pool, the failure to estimate their claims cannot cause undue delay in the administration of the cases as a whole.[5]

13. This argument is unavailing.  Courts frequently estimate claims pursuant to section 502(c) of the Bankruptcy Code when estimation of the pool of contingent or unliquidated claims is necessary to avoid undue delay, even though the amount of any one claim

---

[5] One Objection also asserts that the Debtors should not be able to estimate a maximum amount of a claim, but later be able to seek to reduce the actual amount of the allowed claim.  The Debtors strongly disagree with the implicit assertion that estimation is permitted only for purposes of allowance of claims.  In any event, similar relief has been routinely granted in other large chapter 11 cases.  See, e.g., In re Enron Corp., Case No. 01-16034, 2006 WL 544463, at *1 (Bankr. S.D.N.Y. Jan. 17, 2006) (estimating claims for purposes of setting amount of distribution reserve which would "constitute and represent the maximum amount in which each Affected Claim may ultimately become an allowed Claim"); In re US Airways, Inc., Case No. 04-13819 (Bankr. E.D. Va. Dec. 19, 2005) (estimating claims for purposes of capping distribution with respect to such claims, but expressly providing that reorganized debtors retain right to object to allowance or classification of any such claim "on any and all factual or legal grounds") (unpublished order).

10

in that pool may arguably be insufficient, standing alone, to cause undue delay. The Objections fail to acknowledge that the issue of contingent and unliquidated claims is significant in these cases. As stated in the Motion, more than 6,000 Proofs of Claim assert contingent or unliquidated claims against the Debtors. In total, these contingent and unliquidated Proofs of Claim may have a highly material impact on the ultimate amount of allowable claims asserted against the Debtors.

14. Furthermore, the current posture of the Debtors' cases necessitates the relief sought in the Motion. The Debtors are currently in the midst of sensitive negotiations with certain key constituencies on the terms of a framework agreement that would set the terms of a consensual plan of reorganization and pave the way for the Debtors to emerge from these chapter 11 cases on their stated time frame. The parties' willingness to enter into such a framework agreement and to proceed to confirmation and consummation of a plan of reorganization implementing such a framework agreement, however, will be subject to the Debtors' ability to provide assurances regarding the maximum amount of general unsecured claims which may ultimately be allowed against the Debtors. Therefore, the Debtors' inability to estimate certain unliquidated or contingent claims would likely have a material negative impact upon the Debtors' ability to confirm and consummate a plan of reorganization in these cases and would therefore unduly delay the Debtors' emergence from chapter 11.

15. Courts have repeatedly acknowledged that one of the primary purposes for estimation under section 502(c) of the Bankruptcy Code is to facilitate the plan of reorganization process. See, e.g., In re Federal-Mogul Global, Inc., 330 B.R. 133, 154 (D. Del. 2005) (object of proceeding under section 502(c) "is to establish the estimated value of a creditor's claim for purposes of formulating a reorganization plan"); In re Stone & Webster, Inc., 279 B.R. 748, 810

11

(Bankr. D. Del. 2002) ("[a]n estimation proceeding expedites the bankruptcy process so that key steps in a reorganization that depend on the fixing of value may proceed"); In re Interco Inc., 137 B.R. 993, 998 (Bankr. E.D. Mo. 1992) (granting motion to estimate claim when debtors had stated intent to file plan of reorganization within one year and had "shown a substantial momentum toward reorganization" and when failure to estimate claim would "adversely affect Debtors' ability to formulate and implement a plan of reorganization").  The Debtors find themselves in a similar position.  As this Court and all parties-in-interest are well aware, the Debtors have made significant progress toward implementing their transformation plan and hope to propose a consensual plan of reorganization and proceed to its confirmation and consummation.  The Debtors' ability to achieve their goal of emergence during the first half of 2007, however, is predicated upon their ability to determine the maximum allowable amount of their general unsecured claims.  The ability to estimate the amount of contingent and unliquidated claims against the Debtors is a necessary element of ascertaining the total allowable claims pool.  Therefore, the Debtors respectfully request that this Court overrule the Objections to the extent that such Objections seek to limit the Debtors' ability to estimate claims pursuant to section 502(c) of the Bankruptcy Code.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) granting the Motion, subject to the modifications made to the Revised Order, (b) overruling the Objections, to the extent that not resolved by the modifications reflected in the Revised Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       November 29, 2006

    SKADDEN, ARPS, SLATE, MEAGHER
     & FLOM LLP


    By: /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois  60606
    (312) 407-0700

    - and -


    By: /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
    Four Times Square
    New York, New York  10036
    (212) 735-3000

    Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession