**Exhibit A**

**In re Delphi Corporation, et al.; Case No. 05-44481 (RDD)**

*Objections To The Debtors' Claim Objection*
*and Estimation Procedures Motion*
*Organized by Objector[1]*

|  | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 1. | Cadence Innovation LLC, as successor in interest to Patent Holding Company (Docket No. 5771)*+<br><br>**(RESOLVED)** | Cadence asserts that the Claims Hearing Procedures violate its due process rights because they do not take into account the complexity of Cadence's claim. Further, Cadence asserts that the Debtors have not shown that estimation of its claims is necessary to avoid undue delay. Finally, Cadence asserts that the procedures do not grant the right of claimants to seek review of estimations. | The Debtors and Cadence have agreed that the Claims Hearing Procedures will not be applicable to Cadence's claims for any purpose. | Paragraph 10 of the proposed order provides, in relevant part:<br><br>"The procedures approved herein shall not apply to claims filed by . . . Cadence Innovation LLC . . . (collectively, the 'Excluded Parties') for any purpose, including, but not limited to, any objections to such claims or other litigation in respect of such claims; provided, however, that nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice and an opportunity to be heard, from seeking to establish appropriate alternative claims resolution procedures." |

---

[1]   This chart reflects all responses entered on the docket as of November 29, 2006 at 2:00 p.m.

+ Denotes objector also filed a response to the Second Omnibus Claims Objection
* Denotes objector also filed a response to the Third Omnibus Claims Objection

1

|   | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 2. | CSX Realty Development LLC (Docket No. 5800)* | CSX asserts that although it has an unliquidated claim that may be subject to estimation, the estimation procedures proposed by the Debtors are one-sided and unfair. Specifically, CSX asserts that the Debtors have failed to establish that estimation is necessary to avoid undue delay in the administration of the estate. In addition, CSX asserts that it is not fair to claimants to allow the Debtors to set a maximum amount of a claim, but then later seek to reduce the actual amount of the allowed claim. | In order for the Debtors to emerge from bankruptcy in the first half of 2007, it is essential that the Debtors can ascertain the total allowable claims pool. This cannot be done without the estimation of contingent and unliquidated claims.<br><br>Further, with respect to the Debtors' ability to set a maximum amount of a claim, but then later seek to reduce the claim, similar relief has been routinely granted in other large chapter 11 cases. See, e.g., In re Enron Corp., Case No. 01-16034, 2006 WL 544463, at *1 (Bankr. S.D.N.Y. Jan. 17, 2006) (estimating claims for purposes of setting amount of distribution reserve which would "constitute and represent the maximum amount in which each Affected Claim may ultimately become an allowed Claim"); In re US Airways, Inc., Case No. 04-13819 (Bankr. E.D. Va. Dec. 19, 2005) (estimating claims for purposes of capping distribution with respect to such claims, but expressly providing that the reorganized debtors retain the right to object to the allowance or classification of any such claim "on any and all factual or legal grounds"). | None. |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 3. | Electronic Data Systems Corp.; EDS Information Services LLC; EDS de Mexico SA de CV (Docket No. 5724)+* | EDS asserts that the Claims Hearing Procedures are unfair. EDS objects to a number of the Claims Hearings Procedures, including, among other things, the time, location, and remedy of both the Meet and Confer and Mediation, the selection of a mediator, the requirement that the Claimant must file a Supplemental Response publicly because of concerns over proprietary information, the time by which the Claimant must file a Supplemental Response, the limitation of the number of witnesses, limitation on discovery rights, a time limit for the claims hearings, and a requirement that a person with ultimate authority to settle the claim appear at the claims hearing. | The Debtors have modified the proposed order with respect to the Meet and Confer, Mediation, the selection of a Mediator, confidential and proprietary information, and the filing of a Supplemental Response. The Debtors believe these modifications resolve many of the objector's issues.<br><br>With regard to the concerns about the limitation on the number of witnesses, discovery rights, and time for the claims hearings, the Claims Hearing Procedures are subject to modification by agreement of the parties or, if the parties are unable to reach agreement on reasonable requested modifications, by further order of this Court. The Debtors believe that this ability to modify the Procedures sufficiently addresses these concerns.<br><br>With regard to the requirement that a person with ultimate authority to settle the claim appear at the claims hearing, the Debtors believe that the presence of such a person will aid the parties' and the Court's ability to procure a mutually-satisfactory resolution of the claims issues. | Pursuant to Paragraph 9(c) (the "Meet and Confer Provision") and Paragraph 9(g) (the "Mediation Provision") of the proposed order, the threshold for both in-person Meet and Confers and in-person Mediations has been modified to $1,000,000 (measured by the amount in dispute). Additionally, the Meet and Confer Provision provides that only those claimants located within 90 miles of Troy must appear in-person in Troy, and the Mediation Provision provides that mediation for those claimants located outside of 90 miles of Troy will occur in an agreed upon neutral location.<br><br>Paragraph 9(g)(i) (the "Mediator Selection Provision") of the proposed order reads:<br><br>"Each Mediation shall be assigned to one of the mediators listed by the Debtors on Exhibit E hereto (each, a "Mediator"). The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; provided, that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court." |

3

| | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION , RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| | Electronic Data Systems Corp.; EDS Information Services LLC; EDS de Mexico SA de CV (Docket No. 5724)+* (*cont.*) | | | Many of the paragraphs (the "Confidentially Provisions") of the proposed order read:<br><br>"…provided, however, that the [Debtors/Claimant] need not disclose confidential, proprietary, or otherwise protected information in the [name of pleading]; provided further, however, that the [Debtors/Claimant] shall disclose to the [Claimant/ Debtors] all information and provide copies of documents that the [Debtors/Claimant] believe to be confidential, proprietary, or otherwise protected."<br><br>Paragraph 9(e)(i) (the Supplemental Response Provision") of the proposed order reads, in pertinent part:<br><br>"The Claimant may file and serve its Supplemental Response no later than 30 business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate." |

| | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 4. | Gary Whitney (Docket No. 5594)* **(RESOLVED)** | Mr. Whitney asserts that because he has filed a lawsuit in state court, resolving his claim in state court is more appropriate than in the Bankruptcy Court, and thus that the Claims Hearing Procedures should not apply to him. | The Debtors and the objector have agreed to the resolution of the objection through the inclusion of individualized language in the proposed order. | Paragraph 11 of the proposed order reads:<br><br>"With respect to the claim of Gary Whitney ('Mr. Whitney') (claim number 10157) and NuTech Plastics Engineering, Inc. ('NuTech') (claim number 1279 against Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy Code subject to the Debtors' right to object to such request." |
| 5. | H.E. Services Co. and Robert Backie (Docket No. 5673)+* | H.E. Services asserts that the Claims Hearing Procedures would be unduly burdensome and prejudicial because the procedures do not consider the varying degree of complexity of different claims. | The Debtors believe the Modification Provision will provide a mechanism for claimants with complex claims to the modify the Claims Hearing Procedures. | The Modification Provision will be modified as set forth above. |

|   | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 6. | Hitachi Chemical (Singapore) Pte. Ltd. (Docket No. 5664) + | Hitachi asserts that the Claims Hearing Procedures are unfair. Hitachi objects to the in person Meet and Confer and mandatory Mediation in Troy because Hitachi is a foreign company located overseas. Hitachi asserts that the proposed time period (45 days) is too expedited. Hitachi also asserts that the Claims Hearing Procedures violate due process. | The Debtors believe the modification to the Meet and Confer Provision and the Mediation Provision address the objector's concerns with regard to the Meet and Confer and mandatory Mediation.<br><br>Further, the language of the proposed order has been modified to extend the notice period for both Claims Objection Hearings and Estimation Hearings from 45 to 65 calendar days.<br><br>Finally, the Debtors believe that the Modification Provision addresses the objector's due process concerns. | The Meet and Confer Provision and the Mediation Provision will be modified as set forth above.<br><br>Paragraph 9(a)(i) (the "Notice Period Provision") of the proposed order provides that notice of an Estimation Hearing and Claims Objection Hearing must be served upon the Claimant 65 calendar days prior to the date of such hearing.<br><br>The Modification Provision will be modified as set forth above. |
| 7. | InPlay Technologies, Inc. (Docket No. 5602)* | InPlay objects on the grounds that the Claims Hearing Procedures (1) do not have a mechanism for claimants to be removed from the procedures when there is no dispute as to liability, and, alternatively, (2) do not have a mechanism that allows claimants with overly complex claims to opt out of the Procedures. | The Debtors dispute the objector's notion that there is no dispute as to the Debtors' liability as to such objector's claim. However, the Debtors believe the Modification Provision both provides a mechanism for claimants with complex claims to the modify the Claims Hearing Procedures, and addresses the objector's concerns regarding a situation in which there is no dispute as to liability. | The Modification Provision will be modified as set forth above. |

6

|    | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 8. | Kilroy Realty, L.P. (Docket No. 5616)* | Kilroy asserts that the Claims Hearing Procedures are unfair. Specifically, Kilroy challenges, among other things, the 10-day deadline for the Claimant's Supplemental Response, the limitation on trial witnesses, the Debtors' right to adjourn a hearing, the time, place, and remedy of both the Meet and Confer and mandatory Mediation, and the discovery procedures. | Modifications to the Supplemental Response Provision extend the time period by which a claimant must file the Supplemental Response to 30 business days prior to the claims hearing.<br><br>The proposed order has also been modified to limit the Debtors' right to adjourn a hearing.<br><br>The Debtors believe that modifications to the Meet and Confer Provision and the Mediation Provision resolve the objector's concerns regarding those aspects of the Claims Hearing Procedures.<br><br>The Debtors believe that the Modification Provision resolves the objector's concerns regarding the discovery procedures. | The Supplemental Response Provision will be modified as set forth above.<br><br>Paragraph 9(a)(i) (the "Automatic Adjournment Provision") of the proposed order reads:<br><br>"All Contested Claims for which a timely Response is filed shall be automatically adjourned to a future hearing, the date of which shall be determined by the Debtors, in the sole discretion, by serving the Claimant with notice as provided herein."<br><br>Paragraph 9(a)(ii) (the "180 Day Limit Provision") of the proposed order reads, in pertinent part:<br><br>"…the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of hearing set forth in paragraph 9(a)(i)(A)-(C) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court."<br><br>The Modification Provision will be modified as set forth above. |

|  | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 9. | Kyocera Industrial Ceramics Corporation (Docket No. 5657)*<br><br>**(RESOLVED)** | Kyocera only objects to that portion of the Claims Hearing Procedures that requires a claimant with a claim greater than $250,000 to travel to an in person Meet and Confer. Kyocera asserts that only those claimants with claims greater than $1,000,000 should be required to attend the in person Meet and Confer. | The objector has agreed that its concerns are resolved by modification to the Meet and Confer Provision, and has agreed to withdraw its objection. | The Meet and Confer Provision will be modified as set forth above. |
| 10. | L & W Engineering Company; Omega Tool Corp.; Richard Janes; Tip Engineering Group Inc.; Android Industries LLC; Ai-Shreveport (Docket No. 5748)*+ | The Objecting Creditors incorporate Objections filed by Kilroy Realty, L.P. and Hitachi Chemical (Singapore) Pte. Ltd. The Objecting Creditors further assert that the Claims Hearing Procedures are unfair, burdensome, and expensive to Claimants, and favor the Debtors over the Claimants. | The Debtors believe that the Modification Provision address the objector's concerns. | The Modification Provision will be modified as set forth above. |

8

|    | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|----|---------------|--------------------------|----------------------------------------|--------------------------------|
| 11. | Milliken & Company (Docket No. 5640)* | Milliken asserts that the Claims Hearing Procedures are unfair. Specifically, Milliken objects to the Debtors' ability to adjourn or schedule hearings, the Debtors' ability to determine whether a hearing is for disallowance or estimation, the timing, location, and remedy of the Meet and Confer, the discovery procedures, limitation on the number of witnesses and affidavits, and the procedures for selection of a mediator. | The Debtors believe the Automatic Adjournment Provision and the 180 Day Limit Provision resolve the objector's concerns regarding the Debtors' ability to adjourn and schedule hearings.<br><br>The Debtors believe the Meet and Confer Provision resolves the objector's concerns regarding the Meet and Confers.<br><br>The Debtors believe the Modification Provision addresses the objector's concerns regarding discovery procedures and the limitation on the number of witnesses and affidavits.<br><br>The Debtors believe the Mediator Selection Provision addresses the objector's concerns regarding the selection of a mediator. | The Automatic Adjournment Provision and the 180 Day Limit Provision will be modified as set forth above.<br><br>The Meet and Confer Provision will be modified as set forth above.<br><br>The Modification Provision will be modified as set forth above.<br><br>The Mediator Selection Provision will be modified as set forth above. |

9

|  | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 12. | Motion Industries, Inc. (Docket No. 5733) | Motion Industries joins in the objection of Kilroy Realty L.P., and states that the Claims Hearing Procedures are unfair, contrary to the rules governing the resolution of claims objections, and provide too much discretion to the Debtors. | With respect to the assertion that the Claims Hearing Procedures are contrary to the rules governing resolution of claims objections, the Debtors assert that Bankruptcy Courts have broad latitude in determining the process for hearing contested matters, and that applicable Federal and Bankruptcy Rules permit the alteration of the limitations on discovery.  See Fed. R. Bankr. P. 7016, 7026, 9014(c).<br><br>With respect to the discretion given to the Debtors, the Debtors believe that the modifications to the Automatic Adjournment Provision and the 180 Day Limit Provision address the objector's concerns. | The Automatic Adjournment Provision and the 180 Day Limit Provision will be modified as set forth above. |

|  | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 13. | NuTech Plastics Engineering, Inc. (Docket No. 5811)*<br><br>**(RESOLVED)** | NuTech asserts that the Debtors' proposed estimation procedures should not apply to NuTech's claim because the Debtors cannot establish that estimation of such claim is necessary to avoid an undue burden on the administration of the Debtors' estates.  NuTech further asserts that with regard to its own claim, NuTech has already shown (in its motion for relief from the automatic stay) that the state court proceeding in Michigan (upon which NuTech's claim is based) would receive priority and expedited treatment.  Further, NuTech objects to the Claims Hearing Procedures on the grounds that they lack an opt-out for complex claims, limit the number of witnesses (NuTech asserts it would need more than two witnesses), and allow the Debtors to conduct additional discovery (NuTech asserts that the Debtors already have the needed facts pertaining to its claim and that its case is ready for trial). | The objector and the Debtors have agreed to the resolution of the objection by including individualized language in the proposed order. | Paragraph 11 of the proposed order will read:<br><br>"With respect to the claim of Gary Whitney ('Mr. Whitney') (claim number 10157) and NuTech Plastics Engineering, Inc. ('NuTech') (claim number 1279 against Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy Code subject to the Debtors' right to object to such request." |

11

| | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 14. | Orix Warren LLC (Docket No. 5743)*<br><br>**(RESOLVED)** | Orix Warren asserts that because the Debtors filed their objection (Third Omnibus Claims Objection) to Orix Warren's claim prior to the entry of an order approving the Claims Hearing Procedures, such procedures should not apply to Orix Warren's response. Orix Warren further objects on the following asserted grounds: the "sole discretion" given to the Debtors is unfair; requiring Claimants to provide supplemental responses with documentation shifts the burden from the Debtors to Claimants; unnecessary parties are required to attend Sufficiency Hearings; the time, location, and remedies of both the Meet and Confers and Mediation are unfair; a Claimant should not have to file a supplemental response until after discovery; and there should not be a limit to discovery or the number of witnesses. | The objector and the Debtors have agreed to resolve the objection by including individualized language in the proposed order. | Paragraph 12 of the proposed order will read:<br><br>"The Debtors shall not serve a Notice of Hearing on Orix Warren LLC ('Orix') with respect to proof of claim number 10202 until the earliest of the following to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix with respect to property located at 4551 Research Parkway in Warren, Ohio (the 'Lease'), (b) the Debtors reject the Lease, or (c) the Lease terminates or is terminated pursuant to its terms." |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 15. | Technology Properties, Ltd. (Docket No. 5847)* **(RESOLVED)** | Technology Properties joins in the objection filed by Cadence Innovation LLC. | The Debtors and Technology Properties have agreed that the Claims Hearing Procedures will not be applicable to Technology Properties' claims for any purpose. | Paragraph 10 of the proposed order provides, in relevant part:<br><br>"The procedures approved herein shall not apply to claims filed by . . . Technology Properties, Ltd. . . . (collectively, the 'Excluded Parties') for any purpose, including, but not limited to, any objections to such claims or other litigation in respect of such claims; provided, however, that nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice and an opportunity to be heard, from seeking to establish appropriate alternative claims resolution procedures." |

| | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 16. | U.S. Timken Co.; Timken U.S. Co. (Docket No. 5798)* | Timken asserts that the Claims Hearing Procedures place too large a burden on the claimants to produce a substantial amount of documentation. Timken asserts that the Claims Hearing Procedures should provide a mechanism for claimants with complex claims to opt out. Further, Timken objects to the following specific proposed procedures: the Debtors' ability to file and serve a Reply 24 hours prior to a claims hearing; the time, location, and remedy of the Meet and Confers; the limitation on the number of witnesses and amount of discovery; the mediator selection process as well as the evidence the mediators may consider; and requirements that the Claimant produce documentation supporting its claim because of the complexity of Timken's claim. | The Debtors believe the Supplemental Response Provision and the Statement of Disputed Issues Provision address the objector's concern regarding the production of documentation.<br><br>The Debtors also believe the Modification Provision addresses the objectors' concerns regarding an opt-out mechanism and the limitation on the number of witnesses and amount of discovery.<br><br>With regard to the Debtors' ability to file and serve a Reply 24 hours prior to a claims hearing, such right arises under the case management order approved at the commencement of these chapter 11 cases (as the same has been amended and supplemented), not pursuant to the Motion. Also, the Debtors are required to file their Supplemental Replies well in advance of any Sufficiency Hearing, Estimation Hearing, or Claims Objection Hearing.<br><br>The Debtors believe that the Meet and Confer Provision and the Mediator Selection Provision resolve the objector's concerns relating the Meet and Confers and the selection of a mediator. | The Supplemental Response Provision and the Disputed Issues Provision will be modified as set forth above.<br><br>The Modification Provision will be modified as set forth above.<br><br>The Meet and Confer Provision and the Mediator Selection Provision will be modified as set forth above. |

14

|  | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 17. | Umicore Autocat Canada Corp (Docket No. 5735)+* | Umicore asserts that the requirement of the Claimant to produce all documentation supporting its claim is unnecessary and unfair, and expresses concerns about proprietary and confidential information. Further, Umicore objects to the Debtors' ability to file a Reply 24 hours before a claims hearing. | The Debtors believe the Supplemental Response Provision, the Statement of Disputed Issues Provision, and the Confidentiality Provision, address the objector's concern regarding the production of documentation.<br><br>With regard to the Debtors' ability to file and serve a Reply 24 hours prior to a claims hearing, such right arises under the case management order approved at the commencement of these chapter 11 cases (as the same has been amended and supplemented), not pursuant to the Motion. Also, the Debtors are required to file their Supplemental Replies well in advance of any Sufficiency Hearing, Estimation Hearing, or Claims Objection Hearing. | The Supplemental Response Provision, the Statement of Disputed Issues Provision, and the Confidentiality Provision will be modified as set forth above. |

15