**Exhibit B**

*Chart of Objections to the Claim Objection and Estimation Procedures Motion (the "Motion")*
*Organized by Objection[1]*

|   | OBJECTION ASSERTED | OBJECTION DOCKET NUMBER | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 1. | The Claims Hearing Procedures violate claimants' due process rights. | 5771, 5664, 5847* | The Claims Hearing Procedures are fair and reasonable. The Procedures also specifically include provisions, which have been further clarified as a result of the Debtors' discussions with the Creditors' Committee, expressly making the Claims Hearing Procedures subject to modification by agreement of the parties or, if the parties are unable to reach agreement on reasonable requested modifications, by further order of this Court. | Paragraph 9(m) of the proposed order will be modified to read, in pertinent part:<br><br>"Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications. No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court." |

---

[1]   This chart reflects all objections entered on the docket as of 4:00 p.m. (Eastern Standard Time) on November 24, 2006.

* Denotes an untimely objection

|   | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 2. | The Claims Hearing Procedures do not take into account the complexity of certain claims and do not contain opt-out procedures for such claims. | 5602, 5673, 5771, 5798, 5811, 5847* | The parties have the ability to modify the Claim Hearing Procedures by agreement, and, if the parties cannot agree, either party may request the Court consider such modifications. The Debtors believe that this will provide a mechanism for those claimants with complex claims to modify the Claims Hearing Procedures. | See modification to paragraph 9(m) provided with respect to the first asserted objection above. |
| 3. | The Debtors have not shown that estimation of the Objectors' claims is necessary to avoid undue delay in the administration of the Debtors' bankruptcy proceedings. | 5771, 5800, 5811, 5847* | More than 6,000 Proofs of Claim assert contingent or unliquidated claims against the Debtors and, in total, these contingent and unliquidated Proofs of Claim may have an extremely material impact on the ultimate amount of allowable claims asserted against the Debtors. The Debtors' ability to achieve their goal of emergence within the first half of 2007 is predicated upon their ability to determine the maximum allowable amount of their general unsecured claims. The ability to estimate the amount of contingent and unliquidated claims is a necessary element of ascertaining the total allowable claims pool. | |

2

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 4. | The Claims Hearing Procedures do not grant claimants the right to seek review of estimations. | 5771, 5847* | Resolved. | |
| 5. | The Debtors should not be able to estimate a claim in order to set a maximum amount of the claim, but later be able to seek to reduce the actual amount of the allowed claim. | 5800 | Similar relief has been routinely granted in other large chapter 11 cases.  See, e.g., In re Enron Corp., Case No. 01-16034, 2006 WL 544463, at *1 (Bankr. S.D.N.Y. Jan. 17, 2006) (estimating claims for purposes of setting amount of distribution reserve which would "constitute and represent the maximum amount in which each Affected Claim may ultimately become an allowed Claim"); In re US Airways, Inc., Case No. 04-13819 (Bankr. E.D. Va. Dec. 19, 2005) (estimating claims for purposes of capping distribution with respect to such claims, but expressly providing that the reorganized debtors retain the right to object to the allowance or classification of any such claim "on any and all factual or legal grounds") (unpublished order). | |

3

| | OBJECTION ASSERTED | OBJECTION DOCKET NUMBER | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 6. | Objection to the time, location, and remedy of the Meet and Confer and/or mandatory Mediation. | 5616, 5640, 5657, 5664, 5724, 5743, 5798 | The Debtors have revised the language of the proposed order with regard to both the Meet and Confer and mandatory Mediation. These changes lengthen the time period by which the Meet and Confer must begin, limit the number of claimants who will have to travel to Troy, Michigan, and provide a similar remedy to the claimants if the Debtors fail to appear at a required Meet and Confer or Mediation. | Paragraph 9(c) provides that the Meet and Confer must be in person in Troy, Michigan only if (1) the amount in dispute exceeds $1,000,000 (or a Contested Claim asserts unliquidated claims and the Claimant does not agree to cap such claim at $1,000,000) and (2) the Claimant is located with 90 miles of Troy. If either of the above two requirements are not met, then the Meet and Confer may be conducted telephonically.<br><br>Likewise, Paragraph 9(g) provides that Mediation must occur in Troy, Michigan only if (1) the amount in dispute exceeds $1,000,000 (or a Contested Claim asserts un-liquidated claims and the Claimant does not agree to cap such claim at $1,000,000) and (2) the Claimant is located with 90 miles of Troy. If the amount in dispute exceeds $1,000,000 (or a Contested Claim asserts un-liquidated claims and the Claimant does not agree to cap such claim at $1,000,000), but the Claimant is not located within 90 miles of Troy, then the Mediation would occur in a neutral location agreed upon by the parties. If the amount in dispute does not exceed $1,000,000 (or a Contested Claim asserts un-liquidated claims and the Claimant agrees to cap such claim at $1,000,000), then the Mediation is voluntary and may occur telephonically. |

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 7. | Objection to the method of selecting a mediator. | 5640, 5724, 5798 | Language has been added to the proposed order providing that the Debtor and the Claimant must agree on the mediator, and if they cannot then they must so report to the Court. The Debtors believe that such a revision resolves the objections to the method of selecting a mediator. | Paragraph 9(g)(i) of the proposed order reads:<br><br>"Each Mediation shall be assigned to one of the mediators listed by the Debtors on <u>Exhibit E</u> hereto (each, a "Mediator"). The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; <u>provided</u> that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court." |
| 8. | Objection asserting concerns over the disclosure of confidential, proprietary, and otherwise privileged information. | 5724, 5735 | Language has been added to the proposed order with respect to all pleadings filed by the parties, which language protects the confidential, proprietary, or otherwise protected information of the parties. The Debtors believe that such language resolves the objections regarding disclosure of such information. | All relevant paragraphs of the proposed order include the following language:<br><br>"…<u>provided</u>, <u>however</u>, that the [Debtors/Claimant] need not disclose confidential, proprietary, or otherwise protected information in the [name of pleading]; <u>provided</u> <u>further</u>, <u>however</u>, that the [Debtors/Claimant] shall disclose to the [Claimant/Debtors] all information and provide copies of documents that the [Debtors/Claimant] believe to be confidential, proprietary, or otherwise protected." |

5

|    | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|----|---|---|---|---|
| 9. | Claimants are not provided sufficient time to file a Supplemental Response. | 5616, 5724 | Language has been changed in the proposed order enlarging the time by which a Claimant may file a Supplemental Response from five business days after the conclusion of the Meet and Confer to 30 business days prior to the Claims Objection Hearing or Estimation Hearing. Further, the notice period for a Claims Objection Hearing and Estimation Hearing has been extended from 45 calendar days to 65 calendar days. The Debtors believe that the above enlargements of time provide Claimants sufficient time in which to file Supplemental Responses. | Paragraph 9(e)(i) of the proposed order reads, in pertinent part:<br><br>"The Claimant may file and serve its Supplemental Response no later than 30 business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate."<br><br>Paragraph 9(a)(i) of the proposed order provides that notice of an Estimation Hearing and Claims Objection Hearing must be served upon the Claimant 65 calendar days prior to the date of such hearing. |
| 10. | Objection to the limitation on the number of witnesses that can be called to testify. | 5616, 5640, 5724, 5743, 5798, 5811 | The Claims Hearing Procedures are subject to modification by agreement of the parties or, if the parties are unable to reach agreement on reasonable requested modifications, by further order of this Court. The Debtors believe that this ability to modify the Procedures sufficiently addresses this concern. | See modification to paragraph 9(m) provided with respect to the first asserted objection above. |

6

|  | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 11. | Objection to the limitations on the amount of discovery. | 5640, 5724, 5743, 5798 | The Claims Hearing Procedures are subject to modification by agreement of the parties or, if the parties are unable to reach agreement on reasonable requested modifications, by further order of this Court. The Debtors believe that this ability to modify the Procedures sufficiently addresses this concern. | See modification to paragraph 9(m) provided with respect to the first asserted objection above. |
| 12. | Objection to the one-hour time limit of Claims Hearings. | 5724 | The Claims Hearing Procedures are subject to modification by agreement of the parties or, if the parties are unable to reach agreement on reasonable requested modifications, by further order of this Court. The Debtors believe that this ability to modify the Procedures sufficiently addresses this concern. | See modification to paragraph 9(m) provided with respect to the first asserted objection above. |

|   | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 13. | Unnecessary parties are required to attend Claims Hearings. | 5724, 5743 | The Claims Hearing Procedures require only that the following representatives of the Claimant be present at the hearing: (i) counsel, except to the extent that such Claimant is proceeding pro se, and (ii) a person possessing the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Claimant. The Debtors do not believe that either of such parties are unnecessary and further believe that the presence of a person with authority to resolve the claim at issue will aid the parties' and the Court's ability to procure a mutually-satisfactory resolution of the claims issues. | Paragraph 9(j) of the proposed order has been modified to allow the claimant and its representatives to participate telephonically at a Sufficiency Hearing to the extent permitted by the Court. |
| 14. | Liquidating the Claimant's particular claim is more appropriate in state court than in the Bankruptcy Court. | 5594, 5811 | Nothing in the Claims Hearing Procedures limits a party's ability to request relief from the automatic stay provisions of section 362 of the Bankruptcy Code. |  |

| | OBJECTION ASSERTED | OBJECTION DOCKET NUMBER | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 15. | There is no mechanism to remove a Claimant when there is no dispute as to liability. | 5602 | The Debtors dispute the claimant's notion that there is no dispute as to the Debtors' liability as to such claimant's claims. However, the Claims Hearing Procedures are subject to modification by agreement of the parties or, if the parties are unable to reach agreement on reasonable requested modifications, by further order of this Court. The Debtors believe that this ability to modify the Procedures sufficiently addresses this concern. | See modification to paragraph 9(m) provided with respect to the first asserted objection above. |
| 16. | The Debtors have the sole, unilateral right to adjourn to a Claims Hearing, and to determine whether such hearing is a Sufficiency, Claims Objection, or Estimation Hearing. | 5616, 5640, 5733, 5743 | Language has been added providing that a hearing on a contested claim cannot be adjourned for more than 180 days from the date of service of the initial Notice of Hearing. | Paragraph 9(a)(ii) of the proposed order reads, in pertinent part:<br><br>"…the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of hearing set forth in paragraph 9(a)(i)(A)-(C) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court. |

9

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 17. | The Claims Hearing Procedures are contrary to the rules governing resolution of claims objections. | 5733 | Bankruptcy courts have broad latitude in determining the process for hearing contested matters. Bankruptcy Rule 9014 provides that this Court "may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." See Fed. R. Bankr. P. 9014(c). Support for the Claims Hearing Procedures is provided by Bankruptcy Rule 7016, which makes applicable Rule 16 of the Federal Rules of Civil Procedure, and Bankruptcy Rule 7026, which makes applicable Rule 26(b)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(2) provides that the court may alter the limits on the number of depositions, interrogatories, and requests for admissions, as well as the length of depositions, upon a determination that, inter alia, "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). | |

|  | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 18. | The Claims Hearing Procedures allow Debtors to conduct additional discovery. | 5811 | The Claims Hearing Procedures are subject to modification by agreement of the parties or, if the parties are unable to reach agreement on reasonable requested modifications, by further order of this Court. The Debtors believe that this ability to modify the Procedures sufficiently addresses this concern. | See modification to paragraph 9(m) provided with respect to the first asserted objection above. |
| 19. | The Claims Hearing Procedures should not apply to the Claimant because the Third Omnibus Claims Objection was filed prior to the entry of an Order approving such procedures. | 5743 | The Debtors believe that it is necessary and appropriate that the Claims Hearing Procedures apply to the Third Omnibus Claims Objection. For all of the reasons set forth herein, application of the Procedures to the Third Omnibus Claims Objection is reasonable. | |
| 20. | Requiring Supplemental Responses shifts the burden from the Debtors to the Claimant. | 5743 | Language has been changed in the proposed order such that filing a Supplemental Response by the Claimant is no longer mandatory. | See modification to paragraph 9(e)(i) provided with respect to the ninth asserted objection above. |

11

| | OBJECTION ASSERTED | OBJECTION DOCKET NUMBER | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 21. | Claimants should not have to file Supplemental Responses until after discovery. | 5743 | Delaying briefing until after discovery will inhibit the parties' ability to resolve Contested Claims consensually before the parties incur significant expenses associated with undertaking discovery and will also significantly impair the ability of the Mediator to conduct a meaningful Mediation. The Revised Order addresses this issue by allowing the claimant to file and serve an amended Supplemental Response after the conclusion of discovery. | Paragraph 9(d) of the proposed order reads, in pertinent part:<br><br>"No later than three business days prior to commencement of the Estimation Hearing or Claims Objection Hearing, as appropriate, if the Claimant timely filed a Supplemental Response, the Claimant may file an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; provided that the amended Supplemental Response shall be subject to the page limitations set forth above." |

| | OBJECTION ASSERTED | OBJECTION DOCKET NUMBER | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 22. | The Claims Hearing Procedures place a large burden on the Claimants to provide documentation. | 5735, 5798 | As stated with respect to the 20th asserted objection above, a Claimant is no longer required to file a Supplemental Response. Further, language was added to the proposed order, providing that the Debtors must provide a Statement of Disputed Issues, in which they must also provide documentation. | See modification to paragraph 9(e)(i) provided with respect to the ninth asserted objection above.<br><br>Also, paragraph 9(d) of the proposed order reads, in pertinent part:<br><br>"To the extent that the Debtors schedule an Estimation Hearing or a Claims Objection Hearing for a Contested Claim, the Debtors shall file and serve a written statement of disputed issues (the 'Statement of Disputed Issues') within five business days of service of the Notice of Estimation Hearing or Notice of Claims Objection Hearing, as appropriate. The Statement of Disputed Issues shall contain a concise statement summarily setting forth the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection . . . . The Statement of Disputed Issues shall also include documentation or other evidence supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim." |

13

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 23. | Objection to the Debtors' ability to file a Reply within 24 hours prior to a Claims Hearing. | 5735, 5798 | The Debtors' right to file a reply within 24 hours of a hearing arises under the case management order approved at the commencement of these chapter 11 cases (as the same has been amended and supplemented), not pursuant to the Motion. If the claimants believed that such provision was objectionable, the claimants should have objected to the initial case management order entered in these cases. Also, the Debtors are required to file their Supplemental Replies well in advance of any Sufficiency Hearing, Estimation Hearing, or Claims Objection Hearing. | |

| **DOCKET #** | **OBJECTING PARTY** |
|---|---|
| 5771 | Cadence Innovation LLC, as successor in interest to Patent Holding Company |
| 5800 | CSX Realty Development LLC |
| 5724 | Electronic Data Systems Corp.; EDS Information Services LLC; EDS de Mexico SA de CV |
| 5594 | Gary Whitney |
| 5673 | H.E. Servies Co. and Robert Backie |
| 5664 | Hitachi Chemical (Singapore) Pte. Ltd. |
| 5602 | InPlay Technologies, Inc. |
| 5616 | Kilroy Realty, L.P. |
| 5657 | Kyocera Industrial Ceramics Corporation |
| 5748 | L & W Engineering Company; Omega Tool Corp.; Richard Janes; Tip Engineering Group Inc.; Android Industries LLC; Ai-Shreveport |
| 5640 | Milliken & Company |
| 5733 | Motion Industries, Inc. |
| 5811 | NuTech Plastics Engineering, Inc. |
| 5743 | Orix Warren LLC |
| 5798 | U.S. Timken Co.; Timken U.S. Co. |
| 5735 | Umicore Autocat Canada Corp. |
| 5847* | Technology Properties, Ltd. |

14