UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND 502(c) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS
REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS AND
(II) CERTAIN NOTICES AND PROCEDURES GOVERNING HEARINGS
<u>REGARDING DISALLOWANCE OR ESTIMATION OF CLAIMS</u>

("CLAIM OBJECTION AND ESTIMATION PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon record of the hearing held on the Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.    Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

      B.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.    This Court shall conduct special periodic hearings on contested claims matters in these cases (the "Claims Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors are otherwise notified by the Court. The following dates and times have been scheduled as Claims Hearing Dates in these chapter 11 cases:

      December 13, 2006 at 10:00 a.m. (prevailing Eastern time)

      January 12, 2007 at 10:00 a.m. (prevailing Eastern time)

      February 14, 2007 at 10:00 a.m. (prevailing Eastern time)

      March 1, 2007 at 10:00 a.m. (prevailing Eastern time)

      March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

        April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

        April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

        May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

        May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

        June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

        June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

        June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

        July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

        July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

        August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

        August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

        August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

        September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

        October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

        October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

        November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

        November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

        December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

    2.    Any response to a claims objection or an omnibus claims objection (a "Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered on October 26, 2006 (the "Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard) in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the seventh

calendar day prior to the Omnibus Hearing for which the relevant claims objection or omnibus claims objection is scheduled.

        3.      Every Response must contain at a minimum the following:

        (a)      a caption setting forth the name of the Court, the names of the Debtors (i.e., In re Delphi Corporation, et al.), the case number, and the title of the claims objection to which the Response is directed;

        (b)      the name of the claimant (each holder of a proof of claim, a "Claimant") and a description of the basis for the amount of the claim;

        (c)      a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the claims objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

        (d)      documentation or other evidence of the claim sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim;

        (e)      to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

        (f)      the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

        4.      Only those Responses made in writing and timely filed and received will be considered by the Court. If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, provided that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; provided, however, that if the claimant files a timely Response, which does not include the required

minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

5. To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6. Any order entered by the Court with respect to an objection asserted in an omnibus claims objection shall be deemed a separate order with respect to each claim.

7. The Debtors are hereby authorized to serve each claimant whose proof of claim is listed in an omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus claims objection without exhibits. Service of omnibus claims objections in such manner shall constitute good and sufficient notice and no other or further notice to claimants of an omnibus claims objection shall be required.

8. Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby directed to serve orders entered with respect to omnibus claims objections, including exhibits, upon only the master service list and the 2002 list. The Claims Agent is hereby further directed to serve all claimants whose proofs of claim are the subject of an order entered with respect to an omnibus claims objection with a copy of such order, without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as Exhibit A specifically identifying the claimant's proof of claim that is subject to the order, the Court's treatment of such proof of claim, and the

basis for such treatment, and advising the claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal Information Website. The Court hereby directs the Claims Agent to serve the First Omnibus Claims Order in the manner provided hereby.

   9.  The Court approves the following procedures for adjudicating Contested Claims (the "Claims Hearing Procedures"):

   (a)  <u>Adjournment To Claims Hearing</u>.

    (i)  All Contested Claims for which a timely Response is filed shall be automatically adjourned to a future hearing, the date of which shall be determined by the Debtors, in their sole discretion, by serving the Claimant with notice as provided herein. The Debtors may send such notice to each Claimant when they deem it appropriate to do so, subject to the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court. The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

     (A)  for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a colorable claim against the asserted Debtor (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit B</u> (a "Notice Of Sufficiency Hearing") at least ten calendar days prior to the date of such Sufficiency Hearing,

     (B)  solely to the extent that such Contested Claim, or any element thereof, is subject to estimation pursuant to section 502(c) of the Bankruptcy Code, for a hearing to estimate the Contested Claim for all purposes, including voting and distribution (provided, however, that no distribution shall be made to the claimant on account of such estimated claim until such claim is allowed), pursuant to section 502(c) of the Bankruptcy Code (an "Estimation Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit C</u> (a "Notice Of Estimation Hearing") at least 65 calendar days prior to the date of such Estimation Hearing, or

     (C)  for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit D</u> (a "Notice Of Claims Objection Hearing" and, collectively with the Notice of Sufficiency Hearing and the Notice of Estimation Hearing, the "Notices of Hearing") at least 65 calendar days prior to the date of such Claims Objection Hearing.

    (ii)  The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; <u>provided</u>,

<u>however</u>, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A)-(C) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

    (b)  <u>Sufficiency Hearing Procedures</u>.

      (i)  To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, the Debtors may file and serve a supplemental pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

      (ii)  To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, the Claimant may file and serve a supplemental response no later than three calendar days before the scheduled Sufficiency Hearing. The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

      (iii)  The Court, in considering whether to grant the relief sought by the Debtors with respect to such Contested Claim, shall rely solely on (A) the Claimant's Proof of Claim, Response, and supplemental response (if any), (B) the Debtors' omnibus claims objection and supplemental pleading (if any), and (C) the Claimant's and the Debtors' arguments at the Sufficiency Hearing.

      (iv)  To the extent that this Court determines upon conclusion of such Sufficiency Hearing that such Contested Claim cannot be disallowed without further proceedings, the Debtors shall provide to the Claimant either a Notice Of Estimation Hearing or a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

    (c)  <u>Mandatory Meet And Confer</u>.

      (i)  To the extent that (A) (1) the amount in dispute exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, and (C) such Contested Claim is scheduled by the Debtors for either an Estimation Hearing or a Claims Objection Hearing, the Debtors and the relevant Claimant shall hold an in-person meet and confer (an "In-Person Meet and Confer") at a neutral location in Troy, Michigan, or such other location as is reasonably acceptable to the Debtors, within ten business days of service of the Notice Of Estimation Hearing or Notice Of Claims Objection Hearing, as appropriate.

      (ii)  To the extent that (A) (1) the amount in dispute is less than or equal to $1,000,000, (2) a Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, or (3) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from

8

Troy, Michigan, and (B) such Contested Claim is scheduled by the Debtors for either an Estimation Hearing or a Claims Objection Hearing, the Debtors and the relevant Claimant shall hold a telephonic meet and confer (a "Telephonic Meet and Confer" and, collectively with In-Person Meet and Confers, the "Meet and Confers") within ten business days of service of the Notice Of Estimation Hearing or Notice Of Claims Objection Hearing, as appropriate.

(iii)     The following representatives of each of the Debtors and the Claimant shall attend the Meet and Confer: (A) counsel for each of the parties, except for a Claimant proceeding pro se, and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively; provided, however, that counsel for each of the parties may participate in the Meet and Confer telephonically.

(iv)     Unless the Court orders otherwise, failure by the Claimant or the Debtors to participate in a Meet and Confer within ten business days of service of the Notice Of Estimation Hearing or Notice Of Claims Objection Hearing, as appropriate, may constitute grounds for disallowance and expungement or allowance, respectively, of the Contested Claim.

(d)    Debtors' Statement Of Disputed Issues.  To the extent that the Debtors schedule an Estimation Hearing or a Claims Objection Hearing for a Contested Claim, the Debtors shall file and serve a written statement of disputed issues (the "Statement Of Disputed Issues") within five business days after service of the Notice Of Estimation Hearing or Notice Of Claims Objection Hearing, as appropriate.  The Statement Of Disputed Issues shall contain a concise statement summarily setting forth the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection, including, but not limited to, the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection, without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Contested Claim.  The Statement of Disputed Issues shall also include documentation or other evidence supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim, without prejudice to the Debtors' right to later identify additional documentation or other evidence supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim; provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Statement of Disputed Issues; provided further, however, that the Debtors shall disclose to the Claimant all information and provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected.

(e)    Claimant's Supplemental Response.  To the extent that the Debtors schedule an Estimation Hearing or a Claims Objection Hearing for a Contested Claim, the following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(m) below:

(i)     The Claimant may file and serve its Supplemental Response no later than 30 business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate.  The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

9

        (ii)      If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim. The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

        (iii)      The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; provided, however, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person. If an affiant or declarant does not attend the Estimation Hearing or the Claims Objection Hearing, as appropriate, such affiant or declarant's affidavit or declaration shall be stricken. The Claimant shall not be permitted to elicit any direct testimony at the Estimation Hearing or the Claims Objection Hearing, as appropriate; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Estimation Hearing or the Claims Objection Hearing, as appropriate, or counter-designate deposition testimony. No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

        (iv)      No later than three business days prior to commencement of the Estimation Hearing or Claims Objection Hearing, as appropriate, if the Claimant timely filed a Supplemental Response, the Claimant may file an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; provided that the amended Supplemental Response shall be subject to the page limitations set forth above.

        (f)      Debtors' Supplemental Reply. To the extent that the Debtors schedule an Estimation Hearing or a Claims Objection Hearing with respect to a Contested Claim, the following procedures shall apply to the Debtors' written supplemental reply, if any (the "Supplemental Reply"), subject to modification pursuant to paragraph 9(m) below:

        (i)      The Debtors may file and serve a Supplemental Reply no later than 20 business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate. The Supplemental Reply shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

        (ii)      If the Debtors rely on exhibits, the Debtors shall include such exhibits in their Supplemental Reply (other than those previously included with either their

10

objection or reply); provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Reply; provided further, however, that the Debtors shall disclose to the Claimant all information and provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected and upon which the Debtors intend to rely in support of their objection. The Debtors shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Reply.

(iii)    The Supplemental Reply may include affidavits or declarations from no more than two witnesses setting forth the Debtors' basis for objecting to the Contested Claim and evidence in support of such objection or in support of their proposed estimated amount of the Contested Claim; provided, however, that if the Debtors intend to call a person not under the Debtors' control at the hearing, the Debtors shall, in lieu of an affidavit or declaration of such person, identify such person, the Debtors' basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person. If an affiant or declarant does not attend the Estimation Hearing or the Claims Objection Hearing, as appropriate, such affiant or declarant's affidavit or declaration shall be stricken. The Debtors shall not be permitted to elicit any direct testimony at the Estimation Hearing or the Claims Objection Hearing, as appropriate; instead, the affidavit or declaration submitted with the Supplemental Reply, or such witnesses' deposition transcript if the witnesses were not under the Debtors' control, shall serve as the witnesses' direct testimony and the Claimant may cross examine the witnesses at the Estimation Hearing or the Claims Objection Hearing, as appropriate, or counter-designate deposition testimony. No other or additional witnesses may introduce evidence at the hearing on behalf of the Debtors.

(iv)    No later than three business days prior to commencement of the Estimation Hearing or Claims Objection Hearing, as appropriate, if the Debtors timely filed a Supplemental Reply, the Debtors may file an amended Supplemental Reply and a supplemental affidavit or declaration on behalf of each of their witnesses solely for the purpose of supplementing the Supplemental Reply and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; provided that the amended Supplemental Reply shall be subject to the page limitations set forth above.

(g)    Mandatory Non-Binding Summary Mediation. Except as set forth below, at least 15 business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate, the Debtors and the Claimant shall submit to mandatory non-binding summary mediation (each, a "Mediation") in an effort to consensually resolve the outstanding objection or determine an agreed estimated amount of the Contested Claim. The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(m) below:

(i)    Each Mediation shall be assigned to one of the mediators listed by the Debtors on Exhibit E hereto (each, a "Mediator"). The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; provided that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

11

    (ii) The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

    (iii) To the extent that (A) (1) the amount in dispute exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

    (iv) To the extent that (A) (1) the amount in dispute exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; <u>provided</u> that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

    (v) To the extent that (A) the amount in dispute is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors' or the Claimant's request.

    (vi) A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; <u>provided</u>, <u>however</u>, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

    (vii) Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

    (viii) Unless the Court orders otherwise, failure by the Claimant or the Debtors to participate in a Mediation may constitute grounds for disallowance and expungement or allowance, respectively, of the Contested Claim.

    (ix) The Debtors and the Claimant shall each bear its own costs in participating in the Mediation. The Debtors are hereby authorized to pay the Mediator's fees.

    (h) <u>Estimation And Claims Objection Hearing Discovery</u>. To the extent that the Debtors schedule a Contested Claim for an Estimation Hearing or a Claims Objection Hearing, the Debtors and the Claimant shall be bound by the following discovery procedures, subject to modification pursuant to paragraph 9(m) below:

       (i)      No later than five business days after service of the Supplemental Response, the Debtors may request:

       (A)      That the Claimant produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate.

       (B)      That the Claimant respond to no more than five interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate.

       (C)      That the Claimant respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate.

       (ii)      No later than five business days after service of the Supplemental Reply, the Claimant may request:

       (A)      That the Debtors produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate.

       (B)      That the Debtors respond to no more than five interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate.

       (C)      That the Debtors respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate.

       (iii)      No earlier than fifteen business days prior to the commencement of the Estimation Hearing or Claims Objection Hearing, as appropriate, but at least five business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate, the Debtors may, at their election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Claimant's Supplemental Response.  Each deposition shall not exceed three hours.

       (iv)      No earlier than fifteen business days prior to the commencement of the Estimation Hearing or Claims Objection Hearing, as appropriate, but at least five business days prior to commencement of the Estimation Hearing or the Claims Objection Hearing, as appropriate, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply.  Each deposition shall not exceed three hours.

       (i)      <u>Conduct Of The Estimation Or Claims Objection Hearing</u>.  To the extent that the Debtors schedule an Estimation Hearing or a Claims Objection Hearing with respect to a

13

Contested Claim, the Court shall hold an Estimation Hearing or a Claims Objection Hearing, as appropriate, at which the Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(m) below, one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.

(j)    <u>Mandatory Appearance At Claims Hearings</u>.  With respect to each Contested Claim to be considered at a Sufficiency Hearing, an Estimation Hearing, or a Claims Objection Hearing, the following representatives of each of the Claimant and the Debtors shall be present at the hearing: (i) counsel, except to the extent that such Claimant is proceeding <u>pro</u> <u>se</u>, and (ii) a person possessing the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Claimant; <u>provided</u>, <u>however</u>, that the Claimant and its representatives may participate telephonically at a Sufficiency Hearing to the extent permitted by the Court.  Unless the Court orders otherwise, failure by the Claimant or the Debtors to appear in person at a Sufficiency Hearing, an Estimation Hearing, or a Claims Objection Hearing, or to have a person with the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim present at such hearing, may constitute grounds for disallowance and expungement or allowance, respectively, of the Contested Claim.

(k)    <u>Summary Estimation Of Contested Claims When Appeal Is Pending</u>.  To the extent that the underlying merits supporting a Contested Claim which is set for an Estimation Hearing has been determined in a binding adjudication, either by a court of competent jurisdiction, a binding arbitration, or otherwise, and is on appeal as of the Petition Date, but was stayed pursuant to section 362 of the Bankruptcy Code, neither the Debtors nor the relevant Claimant shall be entitled to conduct any discovery of the other party prior to such Estimation Hearing and the Court, in considering whether to grant the relief sought by the Debtors with respect to such Contested Claim, shall rely solely on (i) the Claimant's Proof of Claim and Response and the Debtors' omnibus claims objection and reply (if any), (ii) the record on appeal, and (iii) the Claimant's and the Debtors' arguments at the Estimation Hearing.

(l)    <u>Estimation Based Upon Claimant's Asserted Estimated Amount</u>.  To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as <u>Exhibit F</u>.  The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

   (m) <u>Ability To Modify Procedures By Agreement Or Order Of Court</u>. At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim. Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications. No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

   10. The procedures approved herein shall not apply to claims filed by Banc of America Securities LLC (as to proof of claim number 10758), Barclays Capital Inc. (as to proof of claim number 11658), Bear, Stearns & Co. Inc. (as to proof of claim number 10732), Cadence Innovation LLC, Citigroup Global Markets, Inc. (as to proof of claim number 10731), Credit Suisse Securities (USA) LLC (as to proof of claim number 10763), Merrill Lynch, Peirce, Fenner & Smith Inc. (as to proof of claim number 10761), Morgan Stanley & Co. Inc. (as to proof of claim number 10762), the Pension Benefit Guaranty Corporation, Robert Bosch GmbH, the State of California Environmental Protection Agency, the State of Michigan Environmental Protection Agency, the State of Ohio Environmental Protection Agency, Technology Properties, Ltd., UBS Securities LLC (as to proof of claim number 10759), the United States Environmental Protection Agency, and Wachovia Capital Markets, LLC (as to proof of claim number 10760) (collectively, the "Excluded Parties") for any purpose, including, but not limited to, any objections to such claims or other litigation in respect of such claims; <u>provided</u>, <u>however</u>, that nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice and an opportunity to be heard, from seeking to establish appropriate alternative claims resolution procedures.

   11. With respect to the claim of Gary Whitney ("Mr. Whitney") (claim number 10157) and NuTech Plastics Engineering, Inc. ("NuTech") (claim number 1279 against Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's

15

ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy Code subject to the Debtors' right to object to such request.

   12. The Debtors shall not serve a Notice of Hearing on Orix Warren, LLC ("Orix Warren") with respect to proof of claim number 10202 until the earliest of the following to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated pursuant to its terms.

   13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

   14. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York  
   November ___, 2006

                _____  
                UNITED STATES BANKRUPTCY JUDGE