**Hearing Date: November 30, 2006**
                                  **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (I) EQUITY CLAIMS, (II) CLAIMS DUPLICATIVE OF CONSOLIDATED TRUSTEE OR AGENT CLAIMS, AND (III) DUPLICATE AND AMENDED CLAIMS**

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this omnibus reply (the "Reply") in support of the Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (iii) Duplicate And Amended Claims (the "Second Omnibus Claims Objection"), and respectfully represent as follows:

    1.  The Debtors filed the Second Omnibus Claims Objection on October 31, 2006 to disallow and expunge (a) certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because such Claims were filed by holders of Delphi common stock solely on account of their common stock ownership, including some such Claims that were also untimely pursuant to the Bar Date Order, (b) those Claims (i) filed by individual noteholders or trust preferred security holders that are duplicative of the consolidated proof of claim filed on their behalf by Wilmington Trust Company ("Wilmington Trust") or Law Debenture Trust Company of New York, as appropriate, or (ii) filed by individual lenders under the prepetition credit facility that are duplicative of the liabilities in the master proof of claim filed by JPMorgan Chase Bank, N.A. on behalf of itself and each of the prepetition secured lenders, and (c) those Claims that are duplicative of other Claims or have been amended or superseded by later-filed Claims.  The Debtors sent each claimant whose proof of claim is subject to an objection pursuant to the Second Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified the claimant's proof of claim that is subject to an objection and the basis for such objection.  Responses to the Second Omnibus Claims Objection were due by 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006.

    2.  As of November 29, 2006 at 2:00 p.m. (Prevailing Eastern Time), the Debtors had received 37 timely-filed responses to the Second Omnibus Claims Objection and

2

one untimely response (collectively, the "Responses").  Of the Responses, one was filed by a holder of a claim duplicative of the Wilmington Trust Claim and 37 were filed by holders of duplicate or amended Claims.  For the Court's convenience, a chart summarizing the Responses by respondent is attached hereto as Exhibit A.

    3. As mentioned above, the Debtors received one formal Response filed by a holder of a claim duplicative of the Wilmington Trust Claim.  According to the respondent, at the time the proof of claim was filed he was unaware that Wilmington Trust had already filed a consolidated Claim on behalf of holders of Delphi bonds.  The respondent therefore erroneously believed that it was necessary to file an individual proof of claim to preserve his Claim, if any, against Delphi.  In response to this pleading, the Debtors communicated with the respondent and clarified the relief requested in the Second Omnibus Claims Objection.  The respondent has confirmed that he agrees with the Debtors' determination that his claim is in fact a duplicative of the Claim filed by Wilmington Trust.  Because the Second Omnibus Claims Objection does not purport to eliminate his ownership interest in the bonds, the Debtors believe that the concerns raised in the Response have been addressed.

    4. As mentioned above, the Debtors received 37 formal Responses filed by holders of duplicate and amended Claims. Of the Responses filed by holders of duplicate or amended Claims, seven of the respondents requested that the Debtors reverse the "Surviving Claim" and the "Claim To Be Expunged" listed on Exhibit D to the Second Omnibus Claims Objection (the "Duplicate and Amended Claims Exhibit").  Certain of the respondents asserted Claims against multiple Debtor entities because they believed that multiple Debtors were liable for their Claim.  The remaining respondents filed duplicative claims against different Debtors for

the same asserted obligation (the "Multiple Debtor Duplicative Claims") because they were unable to determine which Debtor entity was actually liable for their claims.

    5.  Attached hereto as <u>Exhibit B</u> is a proposed revised order (the "Revised Order") with proposed revised exhibits reflecting the resolutions reached on all Responses received by the Debtors. The Revised Order incorporates a new provision to address concerns of claimants who have filed Multiple Debtor Duplicative Claims. Specifically, the Revised Order provides that:

> Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Second Omnibus Claims Objection, on any grounds whatsoever; <u>provided</u>, <u>however</u>, that solely to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the "Surviving Claim") disallowed and expunged solely on the basis that such Surviving Claim is asserted against the incorrect Debtor provided that one of the Multiple Debtor Duplicative Claims was originally filed against the correct Debtor. For the avoidance of doubt, except as expressly provided in the preceding sentence, the Surviving Claims shall remain subject to further objection on any grounds whatsoever, including, without limitation, that any such Surviving Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Duplicative Claim against the correct Debtor. Nothing contained herein shall restrict the Debtors from objecting to any Surviving Claim or any holder of a Surviving Claim from seeking relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors against which such Surviving Claim is asserted.

    6.  Additionally, for particular respondents, the Debtors have agreed that the Revised Order should address the issue of liability owing to a Claimant by multiple Debtors. The Revised Order incorporates new provisions to specifically address the concerns of claimants who have filed multiple Claims against different Debtors to preserve their right to assert that the different Debtor entities were liable for the same Claim. On <u>Exhibit A</u>, the Debtors have listed the particular provisions agreed upon with each claimant. Additionally, these provisions are reflected in a copy of the Revised Order marked to show changes from the originally proposed

4

order (the "Original Order") attached hereto as <u>Exhibit B</u>.  Generally, the applicable provision of the Revised Order is as follows:

> To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in the Surviving Claim of [Claimant], entry of this order is without prejudice to [Claimant's] right to reassert the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors.

7. The Debtors have been unable to resolve certain of the Responses to the Second Omnibus Claims Objection (the "Unresolved Responses").  With respect to those claimants, the Debtors seek to adjourn the hearing to a later date as reflected on <u>Exhibit A</u> attached hereto.

8. In addition to the Responses, the Debtors also received informal letters, e-mails, and phone calls from various parties requesting clarification of the relief requested in the Second Omnibus Claims Objection.  Several Claimants had filed Claims against multiple Debtor entities for the same liability.  After making a determination as to which of the Multiple Debtor Duplicative Claims should be the Surviving Claim, the Debtors sought to disallow and expunge all remaining Multiple Debtor Duplicative Claims.  As a result of the Debtors' agreement to revise the Original Order, many of these parties did not file formal responses.  Except for those Unresolved Responses referred to above, the Debtors believe that all formal and informal responses from claimants with Claims listed on the Duplicate and Amended Claims Exhibit have been consensually resolved in accordance with the changes to the exhibit attached to the Revised Order.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) granting the Second Omnibus Claims Objection, subject to the modifications reflected in the Revised Order, (b) overruling the Responses, to the extent that any respondent asserts that such respondent's Response has not been resolved by the modifications reflected in the Revised Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       November 29, 2006

                                              SKADDEN, ARPS, SLATE, MEAGHER
                                                 & FLOM LLP

                                              By: /s/ John Wm. Butler Jr.
                                                  John Wm. Butler, Jr. (JB 4711)
                                                  John K. Lyons (JL 4951)
                                                  Ron E. Meisler (RM 3026)
                                            333 West Wacker Drive, Suite 2100
                                            Chicago, Illinois  60606
                                            (312) 407-0700

                                            - and -

                                            By: /s/ Kayalyn A. Marafioti
                                                  Kayalyn A. Marafioti (KM 9632)
                                                  Thomas J. Matz (TM 5986)
                                            Four Times Square
                                            New York, New York  10036
                                            (212) 735-3000

                                            Attorneys for Delphi Corporation, et al.,
                                              Debtors and Debtors-in-Possession