## Exhibit A

### In re Delphi Corporation, et al.; Case No. 05-44481 (RDD)

*Responses To The Debtors' Second Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 1. | Alps Automotive, Inc. (Docket No. 5794) | Alps asserts that it filed a proof of claim against both Delphi Automotive LLC and Delphi Corporation because it was unsure which Debtor entity is liable to Alps, and because both Debtor entities may be jointly liable.  Alps asserts that it is not seeking a double recovery, but that neither proof of claim should be expunged. | The respondent and the Debtors have agreed that the respondent's response is resolved by individualized language in the proposed order. | Paragraph 7 of the proposed order will be modified to read:<br><br>"With respect to proof of claim number 2246 ('POC 2246') filed by Alps Automotive, Inc. ('Alps Automotive'), Delphi Automotive Systems LLC is the legally obligated Debtor party under the purchase orders referenced in the attachments to POC 2246 against Delphi Automotive Systems LLC, except with respect to purchase orders issued by Delphi Connection Systems or Delphi Mechatronic Systems, Inc. (as to which no determination is made as to liability), to the extent that any of the Debtors herein is liable therefor.  The amount due Alps Automotive under the purchase orders remains subject to further reconciliation." |

---

[1]    This chart reflects all responses entered on the docket as of November 29, 2006 at 2:00 p.m.

+ Denotes claimant also filed a response to the Third Omnibus Claims Objection
* Denotes claimant also filed an objection to the Claim Objection and Estimation Procedures Motion

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 2. | Android Industries LLC (Docket No. 5739)* | Android asserts that it filed a proof of claim against each of the Debtors because it is unable to determine which Debtor entity is liable to Android. Android asserts that it is not attempting a double recovery, but rather believes the Debtors have the burden of establishing which entity is liable to Android. | The Debtors believe that the respondent's concerns are resolved by individualized language, and language addressing different Debtor duplicate claims. | Paragraph 6 (the "Multiple Debtor Duplicate Claim Provision") of the proposed order will read:<br><br>"Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Second Omnibus Claims Objection, on any grounds whatsoever; provided, however, that solely to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the 'Multiple Debtor Duplicative Claims') and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the 'Surviving Claim') disallowed and expunged solely on the basis that such Surviving Claim is asserted against the incorrect Debtor provided that one of the Multiple Debtor Duplicative Claims was originally filed against the correct Debtor. For the avoidance of doubt, except as expressly provided in the preceding sentence, the Surviving Claims shall remain subject to further objection on any grounds whatsoever, including, without limitation, that any such Surviving Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Duplicative Claim against the correct Debtor. Nothing contained herein shall restrict the Debtors from objecting to any |

2

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| | | | | *(con't):* Surviving Claim or any holder of a Surviving Claim from seeking relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors against which such Surviving Claim is asserted." <br><br> Paragraph 8 of the proposed order will read as follows: <br><br> "To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in the Surviving Claim of Android Industries, LLC ('Android'), entry of this order is without prejudice to Android's right to reassert the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors." |
| 3. | Cadence Innovation LLC, as successor in interest to Patent Holding Company (Docket No. 5767)+* | Cadence asserts that it filed a proof of claim against each Debtor entity to preserve its patent infringement claim against the proper Debtor entity that is liable for such claim. Cadence asserts that the Debtors are seeking a determination on the merits that only Delphi Corporation is liable for patent infringement, that the Objection fails to introduce evidence, and that the Objection seeks to impose the "overreaching" requirement that Claimants provide all documentation supporting their claims. | Pursuant to agreement between Cadence and the Debtors, the hearing on Cadence's response will be adjourned until January 11, 2007. The deadline for the Debtors to file a reply is January 10, 2007. | None. |

|  | **RESPONSE** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 4. | Capro Ltd. (Docket No. 5646) | Capro asserts that it filed two proofs of claim, one against Delphi Corporation (Claim No. 1727) and one against Delphi Automotive Systems, LLC (Claim No. 1704). Capro will consent to the expungement of 1727, provided the Debtors stipulate that they will not object to 1704 on the grounds that the indebtedness is not owed to Delphi Automotive Systems, LLC, but rather to a different Debtor. | The respondent and the Debtors have agreed that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |
| 5. | Celestica Inc. (Docket No. 5744)+ | Celestica asserts that it filed a number of claims, each in the amount of $1,799,626.39, against each of the Debtor entities. All of Celestica's proofs of claim were objected to with the exception of the proof of claim filed against Delphi Corporation. Celestica asserts that the Debtors have failed to establish that Delphi Corporation is the only Debtor entity liable to Celestica. | The respondent and the Debtors have agreed that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |
| 6. | Coherent, Inc. (Docket No. 5588)+ | Coherent, Inc. asserts that it filed duplicative claims (one against Delphi Medical Systems Colorado Corporation and one against Delphi Medical Systems Corporation) in order to assure it named the correct legal entity. Coherent does not argue that it is entitled to claims against both entities, and agrees that Claim No. 12371 can be expunged as a duplicative claim. | The respondent and the Debtors have agreed that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |

4

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 7. | DENSO Corporation, DENSO International, and affiliates (Docket No. 5699) + | DENSO Corporation and DENSO International and affiliates ("DENSO") asserts both that DENSO is obligated to the Debtors, and that the Debtors are obligated to DENSO. DENSO asserts that it is currently working with the Debtors to resolve setoff, credit, and reclamation issues. DENSO requests a continuance so that the parties can resolve these issues. | The respondent and the Debtors have agreed that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |
| 8. | Doshi Prettl International, Inc. (Docket No. 5752) | Doshi asserts that on June 22, 2006 it filed Claim No. 8379 against Delphi Corporation in the amount of $573,199.69 and Claim No. 8380 against Delphi Automotive Systems LLC in the amount of $573,199.69. Doshi further asserts that it filed an amendment to 8380 on November 22, 2006, asserting a claim against Delphi Automotive Systems LLC in the amount of $1,130,675.71. Doshi asserts that it does not object to the disallowance of 8379 as long as the Debtors stipulate that they will not object to 8380 on the grounds that the indebtedness is not owed by Delphi Automotive Systems LLC but by a different Debtor entity. | The respondent and the Debtors have agreed that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |
| 9. | Douglas McBride (Docket No. 5680) | McBride attached a copy of Claim No. 10801, asserting that he does not own stock, but rather is the holder of a bond. Claim No. 10801 was objected to on the ground that it is duplicative of a consolidated trustee claim. | The respondent and the Debtors have agreed that the respondent's response has been resolved, and that no further action is necessary. | None. |

5

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 10. | Electronic Data Systems Corp.; EDS Information Services LLC; EDS de Mexico SA de CV (Docket No. 5722)+* | Respondents assert that Electronic Data Systems Corp ("EDS") and EDS Information Services LLC ("EIS") filed proofs of claim (Claim Nos. 12678 and 12681) against Delphi Automotive Systems LLC seeking payment for the same debt. Respondents assert that EDS and EIS filed proofs of claim (Claim Nos. 12679 and 12683) against Delphi Corporation seeking payment of the same debt. Further, respondents assert that EDS de Mexico SA de CV ("EDS Mexico") filed proofs of claim against Delphi Automotive Systems LLC (Claim No. 12680) and Delphi Corporation (Claim No. 12682) for payment of the same claims made by EIS and EDS against the Debtors. However, EDS asserts that it is only entitled to one recovery, but that both Delphi Automotive Systems and Delphi Corporation are liable to the EDS entities under certain contracts between the parties, and thus that it has a claim against both Delphi Automotive Systems and Delphi Corporation. | Pursuant to agreement between EDS and the Debtors, the hearing on EDS's response will be adjourned until January 12, 2007. The deadline for the Debtors to file a reply is January 11, 2007. | None. |
| 11. | Eva Orlik (Docket No. 5789)+ | Orlik asserts that the Debtors seek to expunge the incorrect claims. Orlik asserts that Claim No. 12163 should be the surviving claim rather than Claim No. 12389 as proposed by the Debtors. | Claim No. 12389 will be expunged and Claim No. 12163 will be the surviving claim. | Exhibit C to the proposed order will reflect the proposed changes. |

6

| | **RESPONSE** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 12. | Furukawa Electric Co., Ltd. (Docket No. 5609) | Furukawa Electric Co., Ltd. ("Furukawa") asserts that it filed two proofs of claim: (1) against Delphi Automotive Systems LLC in the amount of $550,992 (Claim No. 1665) and (2) against Delphi Furukawa Wiring Systems LLC ("DFWS") in the amount of $62,351.00 (Claim No. 1666). Furukawa asserts that it later amended both of its claims as follows: (1) Claim No. 1665 was amended to reduce the amount to $546,719.03 (Claim No. 2648), and (2) Claim No. 1666 was amended to increase the amount to $68,059.78 (Claim No. 2649). Furukawa agrees that Claim No. 2649 should be the Surviving Claim and Claim No. 1666 should be disallowed and expunged. Furukawa asserts, however, that the correct Debtor for Claim No. 2649 is DFWS as noted in its amended proof of claim, rather than Delphi Corporation as asserted by the Debtors in the Second Omnibus Objection. Furukawa also asserts that Claim No. 2648 should be the Surviving Claim and that Claim No. 1665 should be expunged, rather than Claim No. 2649 acting as the Surviving Claim for both Claim No. 1665 and Claim No. 1666. | Claim No. 1665 will be expunged and Claim No. 2648 will be the surviving claim. Claim No. 1666 will be expunged and Claim No. 2649 will be the surviving claim. Claim No. 2649 will be re-docketed to reflect that DFWS is the correct Debtor entity. | Exhibit C to the proposed order will reflect the proposed changes. |

7

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 13. | GE Commercial Materials SA DE CV; GE Plastics; GE Silicones; GE Infrastructure – Sensing; GE Polymershapes (Docket No. 5716) | The GE entities ("GE") assert they filed the following proofs of claim that were objected to: 9857-9866; 10735-10751; 11295-11309; 11313; 11471-11472; 11474-11486; 11539-11540; 11926-11932; 11938; 11940-11941; 12145; 15536. GE asserts that it is not clear which Debtor entities are liable to which GE entities. GE asserts that it is not seeking multiple recoveries, but that no claims should be expunged until it is determined which Debtor entities are liable to which GE entities.<br><br>GE filed an amended response (Docket No. 5761). The only change in the amended response appears to be the removal of contact information of the person at GE who should be contacted to discuss GE's claims. | The Debtors believe that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |
| 14. | H.E. Services Co. and Robert Backie (Docket No. 5677)+* | H.E. Services asserts that the Debtors presented no evidence that its claims (Claim Nos. 837, 838, 1318, and 1319) were amended or duplicated by Claim Nos. 2237 and 2238. | The Debtors believe the claims are clearly duplicative. | None. |

8

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 15. | Heraeus Metal Processing, Inc. (Docket No. 5652)+ | Heraeus Metal Processing filed five claims (Claim Nos. 10120-10124) against various Debtors. Heraues asserts that it has a total claim against the Debtors of $322,860.53, and asserts that this claim is against multiple Debtors, and thus should not be consolidated into one claim (Claim No. 10123) against ASEC. | The Debtors have agreed to withdraw the Second Omnibus Claims Objection with respect to Claim No. 10124. The respondent and the Debtors have agreed that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response with respect to Claim Nos. 10121 and 10122. | Exhibit C to the proposed order will reflect the withdrawal of the Second Omnibus Claims Objection with respect to Claim No. 10124.<br><br>The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |
| 16. | Hitachi Chemical (Singapore) Pte. Ltd. (Docket No. 5674)* | Hitachi asserts that it filed four proofs of claims: (1) Claim No. 416 against Delphi Corporation, (2) Claim No. 10272 against Delphi Automotive Systems LLC, (3) Claim No. 10273 against Delphi Mechatronic, and (4) Claim No. 10775 against Delco Electronics. Hitachi asserts that Claim No. 416 should survive, rather than Claim No. 10272. | The respondent and the Debtors have agreed that Claim No. 416 will be the surviving claim and that Claim Nos. 10272, 10273, and 10775 will be expunged. The respondent and the Debtors agree that both this change and the Multiple Debtor Duplicate Claim Provision resolve the respondent's response. | Exhibit C to the proposed order will reflect the survival of Claim No. 416 and the expungement of Claim Nos. 10272, 10273, and 10775.<br><br>The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |
| 17. | Howard & Howard Attorneys P.C. and Contrarian Funds, LLC (Docket No. 5585) | Howard & Howard (who sold its claim to Contrarian Funds) agrees that to the extent there are multiple claims filed on its behalf, only Claim No. 8718 should survive. Howard & Howard has no objection to expungement of Claim No. 9474 and Claim No. 15796, so long as Claim No. 8718 survives. | Claim Nos. 9474 and Claim No. 15796 will be expunged. Claim No. 8718 will be the surviving claim. | Exhibit C to the proposed order will reflect the proposed changes. |

9

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 18. | International Rectifier Corporation; IR Epi Services, Inc. (Docket No. 5746) | International Rectifier Corporation and IR Epi Services, Inc. (the "IR Entities") assert that they are unable to determine which Debtor entities are liable to them. The IR Entities assert that they do not object to the disallowance of their duplicative claims, but that if the surviving claims are later found to be against the wrong Debtor entities, then such claims should be treated as asserted against the correct entities. | The respondents and the Debtors have agreed to adjourn the Second Omnibus Claims Hearing with respect to the respondent's claims to December 13, 2006. The deadline for the Debtors to file a reply is December 12, 2006. | None. |
| 19. | L & W Engineering Company (Docket No. 5738)* | L & W asserts that it filed a proof of claim against each of the Debtors because it is unable to determine which entity is liable to L & W. L & W asserts that it is not attempting a double recovery, but rather believes the Debtors have the burden of establishing which entity is liable to L & W. | The respondent and the Debtors have agreed that both the Multiple Debtor Duplicate Claim Provision and individualized language resolve the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above.<br><br>Paragraph 9 of the proposed order will read:<br><br>"To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in the Surviving Claim of L & W Engineering Company ("L & W"), entry of this order is without prejudice to L & W's right to reassert the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors." |

10

| | **RESPONSE** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 20. | Lear Corp. (Docket No. 5632) | Lear Corp. asserts that of its three filed proofs of claim, the correct Surviving Claim should be its claim against Delphi Mechatronic Systems, Inc. (Claim No. 14017), rather than its claim against Delphi Automotive Systems LLC (Claim No. 14015), because there are allegedly amounts owed to Lear that are exclusive of Delphi Mechatronic Systems, Inc. | Both Claims No. 14015 and 14017 will be surviving claims. | Exhibit C to the proposed order will reflect the proposed changes. |
| 21. | Omega Tool Corporation (Docket No. 5728)* | Omega asserts that it filed four proofs of claims against different Debtor entities (Claim Nos. 15505-15508), and that it is unclear which Debtor entity is obligated to Omega. Omega is not seeking multiple recoveries but asserts that no claims should be expunged until the Debtors can establish which Debtor entity is liable. | The respondent and the Debtors believe that both the Multiple Debtor Duplicate Claim Provision and individualized language resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above.<br><br>Paragraph 10 of the proposed order will read:<br><br>"To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in the Surviving Claim of Omega Tool Corporation ("Omega"), entry of this order is without prejudice to Omega's right to reassert the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors." |

11

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 22. | PBR Australia Pty Ltd.; PBR Columbia LLC; PBR Knoxville LLC; PBR Tennessee, Inc. (Docket No. 5740)+ | PBR asserts that Claim Nos. 2475, 2476, 2477, 2478, 2547, 2600, 2601, 5074, 5075, 5981, 6611 are properly asserted against either Delphi Automotive Systems, LLC or Delphi Corporation, but that PBR cannot determine which entity has privity of contract with PBR. PBR is not attempting a double recovery, but rather believes the Debtors have the burden of establishing which entity is liable to PBR. | The Debtors believe that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |

|  | **RESPONSE** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 23. | Pentastar Aviation LLC (Docket No. 5626) | Pentastar Aviation LLC asserts that Delphi Automotive Systems Human Resources LLC ("DAS Human Resources") is now the party to an alleged contract through assignment whereby Pentastar agreed to provide certain aircraft management services to certain Debtors. Pentastar filed one proof of claim against DAS Human Resources (Claim No. 12160) and filed another proof of claim against Delphi Corporation (Claim No. 12157). Pentastar asserts that prepetition, it entered into a settlement agreement with DAS Human Resources and Delphi Corporation whereby the parties allegedly agreed that DAS Human Resources owes Pentastar approximately $80,000.00 as a prepetition unsecured debt. Pentastar asserts that the claim against DAS Human Resources should not be expunged because DAS Human Resources is the appropriate Debtor. Rather, Pentastar asserts that its claim against Delphi Corporation should be expunged, so long as its claim against DAS Human Resources survives. | The respondent and the Debtors have agreed that Claim No. 16371 should be the surviving claim, and Claim Nos. 12157, 12160, and 16372 should be expunged. | Exhibit C to the proposed order will reflect the proposed changes. |

13

| | **RESPONSE** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 24. | Port City Castings Corp. (Docket No. 5710) | Port City asserts that it filed two proofs of claim, one against Delphi Automotive Systems (Claim No. 12187), and one against Delphi Corporation (Claim No. 12189). Port City asserts that it is unaware which Debtor entity is obligated to Port City, but that it will agree to withdraw one of the proofs of claim upon confirmation by the Debtors as to which entity is liable to Port City. | The respondent and the Debtors agree to adjourn the Second Omnibus Claims Objection with respect to the respondent's claims to December 13, 2006. The deadline for the Debtors to file a reply is December 12, 2006. | None. |
| 25. | Robert Bosch GmbH (Docket No. 5766)+ | Bosch asserts that it filed multiple claims against all the Debtor entities because it cannot determine which Debtor entities are liable to Bosch for patent infringement. Bosch asserts that it is not seeking multiple recoveries (it acknowledges that its proofs of claim are duplicative) for its patent infringement claim, but that no proofs of claim should be expunged until it can be determined which Debtor entity is liable to Bosch. | The respondent and the Debtors agree to adjourn the Second Omnibus Claims Objection with respect to the respondent's claims to December 13, 2006. The deadline for the Debtors to file a reply is December 12, 2006. | None. |
| 26. | Team Golden Link America Corporation (Docket No. 5815) | Team Golden Link America Corporation ("Team Golden") asserts that it filed separate proofs of claim (with different amounts, covering different periods of time), for distinct claims, and thus that Claim No. 849 is not a duplicate claim. | The respondent and the Debtors have agreed that Claim Nos. 849-851 will be surviving claims, and Claim Nos. 6953 and 6954 will be expunged. | Exhibit C to the proposed order will reflect the proposed changes. |
| 27. | Team Golden Link America Corporation (Docket No. 5816) | Team Golden asserts that it filed separate proofs of claim (with different amounts, covering different periods of time), for distinct claims, and thus that Claim No. 850 is not a duplicate claim. | The respondent and the Debtors have agreed that Claim Nos. 849-851 will be surviving claims, and Claim Nos. 6953 and 6954 will be expunged. | Exhibit C to the proposed order will reflect the proposed changes. |

14

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 28. | Team Golden Link America Corporation (Docket No. 5817) | Team Golden asserts that it filed separate proofs of claim (with different amounts, covering different periods of time), for distinct claims, and thus that Claim No. 851 is not a duplicate claim. | The respondent and the Debtors have agreed that Claim Nos. 849-851 will be surviving claims, and Claim Nos. 6953 and 6954 will be expunged. | Exhibit C to the proposed order will reflect the proposed changes. |
| 29. | Team Golden Link America Corporation (Docket No. 5818) | Team Golden asserts that it cannot determine if Claim No. 6954 is duplicative because it is not "paired" with its alleged duplicative claim in the Second Omnibus Claims Objection. | The respondent and the Debtors have agreed that Claim Nos. 849-851 will be surviving claims, and Claim Nos. 6953 and 6954 will be expunged. | Exhibit C to the proposed order will reflect the proposed changes. |
| 30. | Teleflex Automotive Manufacturing Corporation (Docket No. 5648) | Teleflex asserts that it filed two proofs of claim, one against Delphi Corporation (Claim No. 1702), and one against Delphi Automotive Systems, LLC (Claim No. 1728). Teleflex will consent to the expungement of 1702, provided the Debtors stipulate that they will not object to 1728 on the grounds that the indebtedness is not owed to Delphi Automotive Systems, LLC, but rather to a different Debtor. | The respondent and the Debtors have agreed that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |
| 31. | Teleflex Incorporated d/b/a Teleflex Morse (Docket No. 5650)+ | Teleflex asserts that it filed two proofs of claim, one against Delphi Corporation (Claim No. 1700), and one against Delphi Automotive Systems, LLC (Claim No. 1703). Teleflex will consent to the expungement of Claim No. 1700, provided the Debtors stipulate that they will not object to Claim No. 1703 on the grounds that the indebtedness is not owed to Delphi Automotive Systems, LLC, but rather to a different Debtor. | The respondent and the Debtors have agreed that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |

|     | **RESPONSE** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
| --- | --- | --- | --- | --- |
| 32. | Tesa AG (Docket No. 5634)+ | Tesa AG asserts its concern that if all of its claims are disallowed and expunged except for its claim against Delphi Corporation, the Debtors will then argue that Delphi Corporation is the wrong Debtor and attempt to expunge Tesa's only remaining claim. | The respondent and the Debtors agree that both the Multiple Debtor Duplicate Claim Provision and individualized language resolve the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above.<br><br>Paragraph 11 of the proposed order will read:<br><br>"To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in the Surviving Claim of Tesa AG ("Tesa"), entry of this order is without prejudice to Tesa right to reassert the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors." |

16

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 33. | Texas Instruments Incorporated (Docket No. 5805) | Texas Instruments asserts that it was unsure which Debtor entity was liable to it, and consequently filed claims against many of the Debtor entities out of an abundance of caution. Texas Instruments asserts that it does not seek multiple recoveries for its claim. Texas Instruments asserts that it is prepared to rely on the Debtors' assertion that only Delphi Automotive Systems LLC is liable to Texas Instruments, but that the duplicate claims should only be conditionally expunged until either the surviving claim (Claim No. 15378) is allowed or Texas Instruments is allowed an opportunity to consider a later objection to Claim No. 15378. Finally, Texas Instruments requests that any future objection to Claim No. 15378 be served on Texas Instruments' counsel. | The respondents and the Debtors agree that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |
| 34. | ThyssenKrupp Stahl Co., Inc. (Docket No. 5790) | ThyssenKrupp Stahl asserts that it filed a claim against each Debtor entity out of caution because it was unsure which entity is liable to ThyssenKrupp Stahl. ThyssenKrupp Stahl consents to the expungement of its claims only if the Debtors stipulate that the surviving claim is asserted against the correct Debtor, and if the Debtors preserve the right of ThyssenKrupp Stahl to file a proof of claim if it is determined that the surviving claim is asserted against the wrong Debtor. | The respondent and the Debtors agree that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |

17

|  | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 35. | ThyssenKrupp Waupaca, Inc. (Docket No. 5793) | ThyssenKrupp Waupaca asserts that it filed a claim against each Debtor entity out of caution because it was unsure which entity is liable to ThyssenKrupp Waupaca. ThyssenKrupp Waupaca consents to the expungement of its claims only if the Debtors stipulate that the surviving claim is asserted against the correct Debtor, and if the Debtors preserve the right of ThyssenKrupp Waupaca to file a proof of claim if it is determined that the surviving claim is asserted against the wrong Debtor. | The respondent and the Debtors agree that the Multiple Debtor Duplicate Claim Provision resolves the respondent's response. | The Multiple Debtor Duplicate Claim Provision will be added to the proposed order as set forth above. |
| 36. | Ultratech, Inc. (Docket No. 5629)+ | Ultratech, Inc. asserts that its proofs of claim against Delphi Corporation and Delphi Electronics are not duplicative of its proof of claim against Delphi Automotive LLC because Ultratech's claims are asserted against the individual Debtors jointly and severally. | The respondent and the Debtors have agreed that the respondent's response is resolved by individualized language in the proposed order. | Paragraph 12 of the proposed order will be revised to read: "Ultratech has asserted claims number 12209, 12216, and 12217 (collectively, the 'Ultratech Claims') against certain of the Debtors. Notwithstanding entry of this order, Ultratech may assert its surviving claim number 12216 against each of Delphi Automotive Systems LLC, Delphi Corporation, and Delphi Electronics (Holdings) LLC, to the extent that any of such Debtors are liable with respect to the Ultratech Claims." |

| | RESPONSE | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 37. | Umicore Autocat Canada Corp. (Docket No. 5735)+* | Umicore asserts that it filed two claims against the Debtors for the same amount, one against Delphi Corporation (Claim No. 12923) and one against Delphi Automotive Systems, LLC (Claim No. 12924). Umicore asserts that it understood both Delphi Corporation and Delphi Automotive Systems LLC would be liable to Umicore. Umicore asserts that although it is not entitled to multiple recoveries, both Debtor entities remain jointly and severally liable, and thus that neither Claim No. 12923 nor 12924 should be expunged. | The respondent and the Debtors have agreed that the respondent's response is resolved by individualized language in the proposed order. | Paragraph 13 of the proposed order will be revised to read:<br><br>"Claim No. 12924 of Umicore Autocat Canada Corp. ("Umicore") filed with respect to Delphi Automotive Systems LLC ("DAS") is deemed amended and supplemented to include Umicore Claim No. 12923 filed with respect to Delphi Corporation such that resolution of Claim No. 12924 as amended and supplemented and the Debtors' Third Omnibus Claims Objection dated October 31, 2006 ( the "Third Omnibus Claims Objection") shall resolve both Umicore's Claim No. 12924 with respect to DAS and the claim set forth as Claim No. 12923 with respect to Delphi Corporation. To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in Umicore's Claim No. 12924 as amended and supplemented, entry of this order is without prejudice to Umicore's right to assert Claim No. 12924 as amended and supplemented as claims against DAS and Delphi." |

19

|  | **RESPONSE** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 38. | Wallover Oil Hamilton, Inc. (Docket No. 5905)[2] | Wallover Oil Hamilton ("Wallover") asserts that it filed four proofs of claim (Claim Nos. 2392-2395) (the "Original Proofs of Claim"), but then amended the proofs of claim by filing four more proofs of claim (Claim Nos. 2396-2399). Wallover asserts that the Amended Proofs of claim include supporting documentation that was not attached to the Original Proofs of Claim. Wallover asserts that the Amended Proofs of Claim should be the surviving claims, because they include supporting documentation. Wallover further states that it will withdraw the Original Proofs of Claim. | Claim Nos. 2396, 2397, 2398, and 2399 will be surviving claims, and Claim Nos. 2392, 2393, 2394, 2395 will be expunged. | Exhibit C to the proposed order will reflect the proposed changes. |

---

[2] This claim was not filed until November 28, 2006.