UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                 :

    In re                                   :        Chapter 11

                                             :

DELPHI CORPORATION, <u>et al.</u>,        :        Case No. 05-44481 (RDD)

                                             :

                       Debtors.      :        (Jointly Administered)

                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING (I) EQUITY CLAIMS, (II) CLAIMS DUPLICATIVE
OF CONSOLIDATED TRUSTEE OR AGENT CLAIMS, AND (III) DUPLICATE AND
<u>AMENDED CLAIMS IDENTIFIED IN SECOND OMNIBUS CLAIMS OBJECTION</u>

("SECOND OMNIBUS CLAIMS OBJECTION ORDER")

        Upon the Debtors' Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (iii) Duplicate And Amended Claims, dated October 31, 2006 (the "Second Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Second Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.      Each holder of a claim (each, a "Claim") listed on <u>Exhibits A-1</u>, <u>A-2</u>, <u>B</u>, and <u>C</u> attached hereto was properly and timely served with a copy of the Second Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order, and a notice of the deadline for responding to the Second Omnibus Claims Objection. No other or further notice of the Second Omnibus Claims Objection is necessary.

      B.      The Court has jurisdiction over the Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Second Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Second Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.      The Claims listed on <u>Exhibit A-1</u> hereto were filed by holders of Delphi Corporation common stock solely on account of their stock holdings ("Equity Claims").

      D.      The Claims listed on <u>Exhibit A-2</u> hereto were filed by holders of Delphi Corporation common stock solely on account of their stock holdings or, in the alternative, were untimely pursuant to the Bar Date Order ("Untimely Equity Claims").

      E.      The Claims listed on <u>Exhibit B</u> hereto (i) were filed by individual noteholders or trust preferred security holders ("Individual Holder Claims") and are duplicative of the consolidated proof of claim filed on their behalf by Law Debenture Trust Company of New York or Wilmington Trust Company, as appropriate, or (ii) were filed by individual lenders under the prepetition credit facility ("Individual Lender Claims") and are duplicative of the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Second Omnibus Claims Objection.

liabilities in the master proof of claim filed by JPMorgan Chase Bank, N.A. on behalf of itself and each of the prepetition secured lenders.

   F. The Claims listed on Exhibit C hereto under the column heading "Claim To Be Expunged" are either duplicates of Claims filed with the Court or have been amended or superseded by later-filed Claims.

   G. The relief requested in the Second Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. Each Equity Claim listed on Exhibit A-1 hereto is hereby reclassified as an interest, and is disallowed and expunged as a claim in its entirety.

   2. Each Untimely Equity Claim listed on Exhibit A-2 hereto is hereby reclassified as an interest, and is disallowed and expunged as a claim in its entirety.

   3. Each Individual Holder Claim and Individual Lender Claim listed as a "Claim To Be Expunged" on Exhibit B hereto is hereby disallowed and expunged in its entirety. Those Claims identified on Exhibit B as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties in interest.

   4. Each "Claim To Be Expunged" listed on Exhibit C hereto is hereby disallowed and expunged in its entirety. Those Claims identified on Exhibit C as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties in interest.

   5. The hearing with respect to each Claim listed on Exhibit D hereto shall be adjourned to the date set forth on Exhibit D with respect to such Claim. The Debtors shall be

entitled to file a reply in support of the Second Omnibus Claims Objection with respect to such Claims on or prior to 4:00 p.m. (prevailing Eastern time) on the day before the date of the hearing with respect to such Claim.

6. Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Second Omnibus Claims Objection, on any grounds whatsoever; provided, however, that solely to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the "Surviving Claim") disallowed and expunged solely on the basis that such Surviving Claim is asserted against the incorrect Debtor, provided that one of the Multiple Debtor Duplicative Claims was originally filed against the correct Debtor. For the avoidance of doubt, except as expressly provided in the preceding sentence, the Surviving Claims shall remain subject to further objection on any grounds whatsoever, including, without limitation, that any such Surviving Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Duplicative Claim against the correct Debtor. Nothing contained herein shall restrict the Debtors from objecting to any Surviving Claim or any holder of a Surviving Claim from seeking relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors against which such Surviving Claim is asserted.

7. With respect to proof of claim number 2246 ("POC 2246") filed by Alps Automotive, Inc. ("Alps Automotive"), Delphi Automotive Systems LLC is the legally obligated Debtor party under the purchase orders referenced in the attachments to POC 2246 against

Delphi Automotive Systems LLC, except with respect to purchase orders issued by Delphi Connection Systems or Delphi Mechatronic Systems, Inc. (as to which no determination is made as to liability), to the extent that any of the Debtors herein is liable therefor.  The amount due Alps Automotive under the purchase orders remains subject to further reconciliation.

        8.      To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in the Surviving Claim of Android Industries, LLC ("Android"), entry of this order is without prejudice to Android's right to reassert the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors.

        9.      To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in the Surviving Claim of L&W Engineering Company ("L&W"), entry of this order is without prejudice to L&W's right to reassert the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors.

        10.      To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in the Surviving Claim of Omega Tool Corporation ("Omega"), entry of this order is without prejudice to Omega's right to reassert the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors.

        11.      To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in the Surviving Claim of Tesa AG ("Tesa"), entry of this order is without prejudice to Tesa right to reassert the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors.

        12.      Ultratech has asserted claims number 12209, 12216, and 12217 (collectively, the "Ultratech Claims") against certain of the Debtors.  Notwithstanding

entry of this order, Ultratech may assert its surviving claim number 12216 against each of Delphi Automotive Systems LLC, Delphi Corporation, and Delphi Electronics (Holdings) LLC, to the extent that any of such Debtors is liable with respect to the Ultratech Claims.

    13.  Claim No. 12924 of Umicore Autocat Canada Corp. ("Umicore") filed with respect to Delphi Automotive Systems LLC is deemed amended and supplemented to include Umicore Claim No. 12923 filed with respect to Delphi Corporation such that resolution of Claim No. 12924 as amended and supplemented and the Debtors' Third Omnibus Claims Objection dated October 31, 2006 ( the "Third Omnibus Claims Objection") shall resolve both Umicore's Claim No. 12924 with respect to Delphi Automotive Systems LLC and the claim set forth as Claim No. 12923 with respect to Delphi Corporation.  To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in Umicore's Claim No. 12924 as amended and supplemented, entry of this order is without prejudice to Umicore's right to assert Claim No. 12924 as amended and supplemented as claims against Delphi Automotive Systems LLC and Delphi Corporation.

    14.  Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

    15.  This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Second Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

    16.  Each Claim and the objections by the Debtors to each Claim addressed in the Second Omnibus Claims Objection and set forth on Exhibits A-1, A-2, B, C, and D hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim.  Any stay of this order shall apply

only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

17. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Second Omnibus Claims Objection.

18. Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby directed to serve this order, including exhibits, only on the master service list and the 2002 list. The Claims Agent is hereby further directed to serve all claimants whose proofs of claim are the subject of this order with (i) a copy of this order, without exhibits, and (ii) a personalized Notice Of Entry Of Order, in the form attached hereto as Exhibit E, specifically identifying the Claimant's proof of claim that is subject to the order, the Court's treatment of such proof of claim, and the basis for such treatment, and advising the Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal Information Website.

Dated: New York, New York
      November ___, 2006

                                                                  UNITED STATES BANKRUPTCY JUDGE