**Hearing Date: November 30, 2006**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
      In re                   :       Chapter 11
                                :
DELPHI CORPORATION, et al.,    :       Case No. 05-44481 (RDD)
                                :
               Debtors.    :       (Jointly Administered)
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' (I) THIRD OMNIBUS
OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.
3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS
UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS
SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND
UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this omnibus reply (the "Reply") in support of the Debtors' (I) Third Omnibus

Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A)

Claims With Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and

Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and

Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Third Omnibus Claims Objection"),

and respectfully represent as follows:

1.      The Debtors filed the Third Omnibus Claims Objection on October 31,

2006 to disallow and expunge (a) certain "Claims," as that term is defined in 11 U.S.C. § 101(5),

because such Claims contain insufficient documentation in support thereof, (b) certain Claims

that contain insufficient documentation in support thereof and are also untimely, (c) certain

Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing

pursuant to the Debtors' books and records, and (d) certain Claims that assert liabilities or dollar

amounts that the Debtors have determined are not owing pursuant to the Debtors' books and

records and are also untimely.  Additionally, with respect to Claims that are overstated or are

denominated in foreign currencies, the Debtors seek to modify such Claims to a fully liquidated,

U.S.-denominated amount set forth in the Debtors' books and records and/or the liquidated

amounts requested by the claimant, as appropriate, and to appropriately classify the total amount

of such remaining Claims as general unsecured claims.  The Debtors sent each claimant whose

proof of claim is subject to an objection pursuant to the Third Omnibus Claims Objection a

personalized Notice Of Objection To Claim, which specifically identified the claimant's proof of

claim that is subject to an objection and the basis for such objection.  Responses to the Third

2

Omnibus Claims Objection were due by 4:00 p.m. (Prevailing Eastern Time) on November 24,

2006.

2.          As of November 29, 2006 at 2:00 p.m. (Prevailing Eastern Time), the

Debtors had received 102 timely-filed responses (the "Responses") to the Third Omnibus Claims

Objection.  In addition, the Debtors have received three late-filed responses (the "Untimely

Responses").  A chart summarizing each of the Responses and Untimely Responses is attached

hereto as Exhibit A.

3.          As the Debtors requested in the Third Omnibus Claims Objection, the

Debtors seek to adjourn the hearing with respect to each of the Claims for  which a Response

was filed, other than the Resolved Responses (defined below), to a sufficiency hearing,

estimation hearing, or claims objection hearing, as appropriate, to determine the disallowance or

estimation of such Claims pursuant to the procedures set forth in the Motion For Order Pursuant

To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006,

9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of

Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance

Or Estimation Of Claims (the "Claims Objection and Estimation Procedures Motion").

4.          The Debtors believe that certain of the Responses have been consensually

resolved (the "Resolved Responses").  These Resolved Responses include the Responses of

Autocam Corp. and Sager Precision Technologies, Inc. (Docket No. 5666), Coherent, Inc.

(Docket No. 5588), Flextronics International Asia-Pacific Ltd. (Docket No. 5812), Hirschmann

Car Communications GmbH (Docket No. 5681), McDermott Will & Emery LLP (Docket No.

5654), Robert Bosch Corp. (Docket No. 5770), and Rochester Distribution Unlimited, Inc.

(Docket No. 5737).  In their responses, Autocam Corp., Hirschmann Car Communications

GmbH, McDermott Will & Emery LLP, and Robert Bosch Corp. acknowledge that they are not

objecting to the relief sought in the Debtors' Third Omnibus Claims Objection, but instead, filed

their responses in an attempt to reserve certain other asserted rights which are not the subject of

the Third Omnibus Claims Objection.

5.    Similarly, Rochester Distribution Unlimited, Inc. ("RDU") does not object

to the relief sought by the Debtors – i.e., the modification of RDU's claim.  In the Third

Omnibus Claims Objection, the Debtors did not seek to modify claims for purposes of allowance

and expressly reserved their right to further object to Claims listed on the exhibits to the

objection.  Although RDU has requested that this Court allow its claim, because RDU does not

object to the Debtors' modification of its claim, the Debtors believe that RDU's response is

resolved.

6.    Finally, the Debtors have resolved the Responses of Coherent, Inc. and

Flextronics International Asia-Pacific Ltd. by agreeing to modify the Debtors' proposed order to

the Third Omnibus Claims Objection (the "Revised Order") to reflect that the order does not

affect certain of these claimants' rights.

7.    In light of these resolutions, the Debtors request that this Court sustain the

Debtors' objections with respect to the Resolved Responses.

8.    In addition to the Responses, the Debtors also received informal letters, e-

mails, and phone calls from various parties questioning the relief requested and seeking to

reserve certain of their rights with respect thereto.  In response to certain of these informal

inquiries, the Debtors modified the relief requested with respect to these claimants by, among

other things, adjusting the maximum allowable amount of such claimant's claim or agreeing to

add specific language to the Debtors' proposed order to the Debtors' Third Omnibus Claims

4

Objection to affirm that the requested relief does not affect these claimants' substantive rights to assert, among other things, damages arising from the Debtors' later rejection of an executory contract or unexpired lease, rights of setoff, or rights of reclamation.  In the Debtors' view, the Revised Order and its exhibits, attached hereto as <u>Exhibit B</u>, reflect the agreements reached with the various respondents.[1]

9.    In summary, the Revised Order attached hereto as <u>Exhibit B</u> reflects (a) the resolutions reached for the Resolved Responses and informal responses received by the Debtors and (b) the adjournment of the remaining Responses to a future hearing date pursuant to the Claims Objection and Estimation Procedures Motion.[2]  In addition, as mentioned above, specific provisions have been added to the Revised Order to reflect the reservation of certain claimant's asserted rights, as well as the Debtors' reservation of the right to challenge any such later assertions by such claimants.

10.    Finally, several of the Responses include objections to the Debtors' request for authority to estimate contingent and unliquidated Claims pursuant to section 502(c) of the Bankruptcy Code.  Such objections are addressed in the Debtors' Omnibus Response In Support Of Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Hearing and

---

[1]    Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Third Omnibus Claims Objection.

[2]    For parties who have filed Responses with respect to Claims that are carved out of an order entered with respect to the Claims Hearing and Estimation Procedures Motion, the hearing with respect to these Claims will be set pursuant to an agreement between the parties or a further order of this Court.

Estimation Procedures Response"), which is being filed contemporaneously herewith.  The

Debtors hereby expressly incorporate by reference their responses contained in the Claims

Hearing and Estimation Procedures Response to any claimants' objections to the Debtors' request

to estimate claims contained in their Responses to the Third Omnibus Claims Objection.

    11.  The Debtors respectfully request that this Court enter the Debtors' Revised

Order sustaining the Debtors' objections as to Claims for which no Response, an Untimely

Response, or a Resolved Response was filed and granting the further relief requested therein.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Third Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) overruling the Resolved Responses, to the extent that any respondent asserts that such respondent's Resolved Response has not been resolved by the modifications reflected in the Revised Order, (c) adjourning the hearing with respect to all Claims as to which a Response, other than a Resolved Response, was filed, with such adjourned hearing to be set pursuant to and conducted in accordance with the relief requested in the Claims Objection and Estimation Procedures Motion (other than with respect to Claims of claimants that are expressly excluded from the provisions of an order entered with respect to the Claims Objection and Estimation Procedures Motion, as to which the adjourned hearing shall be set pursuant to agreement of the parties or further order of this Court), and (d) granting the Debtors such other and further relief as is just.

Dated: New York, New York
        November 29, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By: /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      John K. Lyons (JL 4951)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -


By: /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession