## Exhibit A

**In re Delphi Corporation, et al.; Case No. 05-44481 (RDD)**

***Responses To The Debtors' Third Omnibus Claims Objection***
***Organized By Respondent[1]***

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 1. | A-1 Specialized Services & Supplies, Inc. (Docket No. 5850, 5882) | 644 | A-1 Specialized Services & Supplies, Inc. ("A-1"), whose claim arises from alleged agreements with DAS LLC for the purchase and reclamation of platinum group metals, asserts that on October 5, 2005, A-1 delivered certain metals into a DAS LLC account pursuant to one of the agreements. A-1 alleges that it promptly demanded return of the metals. A-1 further asserts that DAS LLC had delivered to A-1 certain automotive scrap, and, pursuant to an alleged agreement, A-1 deposited an amount of metals into DAS's account to allegedly provide assurance to DAS LLC that its automotive manufacturing scrap in A-1's possession would be properly processed, and to allegedly provide DAS LLC with a setoff if A-1 failed to return the metals. A-1 asserts that DAS LLC has agreed to transfer the escrowed metals to A-1 so long as A-1 releases its setoff against DAS LLC. In the absence of such a transfer, A-1 asserts that it has adequately raised and proven its claim, and that the Debtors' objection should be overruled. | Unsubstantiated – books and records |

---

[1]    This chart reflects all responses entered on the docket as of November 29, 2006 at 2:00 p.m.

+ Denotes objector who also filed a response to the Second Omnibus Claims Objection
* Denotes objector who also filed a response to the Claim Objection and Estimation Procedures Motion

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 2. | Alliance Precision Plastics Corp. (Docket No. 5678) | 11574 | Alliance Precision Plastics Corp. ("Alliance") asserts that its claim is secured by certain tooling it possesses that is allegedly owned by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and used to manufacture parts ordered and possessed by the Debtors.  Alliance alleges that it has a lien on the tooling that protects its claim against the Debtors for parts delivered to the Debtors.  Alliance does not submit additional documentation and instead relies on the documentation submitted with its proof of claim. | Claim subject to modification |
| 3. | ARC Automotive, Inc. (Docket No. 5577) | 9151 | ARC Automotive Inc. ("ARC") asserts that its claim in the amount of $1,073,139.28 is based on executory contracts (which have not been assumed or rejected) with Delphi Automotive Systems, LLC ("DAS LLC").  ARC asserts that the Third Omnibus Objection incorrectly asserts that ARC filed a fully secured claim.  ARC contends that $218,571.21 of its claim is subject to ARC's right of reclamation, and that $132,888.88 is secured by a right of setoff.  ARC does not include the executory contracts with its Response. | Claim subject to modification |
| 4. | Atel Leasing Corporation (Docket No. 5781) | 12195 | Atel Leasing Corporation ("Atel") asserts a claim for damages resulting from the Debtors' alleged default under a 1997 master lease agreement assigned to the Debtors by General Motors Corporation.  Atel asserts a claim for approximately $4,140,179.97 ($582,300 secured, $3,306,138.54 unsecured, and $251,741.43 administrative) plus interest from the date of alleged default.  Atel argues that the Debtors' objection fails to set forth a specific basis for disallowing the Atel claim and the Debtors failed to offer factual support to rebut the validity of the Atel claim. | Unsubstantiated – books and records |
| 5. | Autocam Corp. and Sager Precision Technologies, Inc. (Docket No. 5666)  **(RESOLVED)** | 7850 | Autocam Corp. and Sager Precision Technologies, Inc. (collectively, "Autocam") assert that they and the Debtors have entered into an assumption agreement and it does not object to its claims being expunged, so long as the claims will be allowed in the event the Debtors fail to perform under the assumption agreement. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 6. | Autoliv Asp, Inc. (Docket No. 5768) | 15580, 15583, 15579, 15581, 15582 | Autoliv Asp, Inc. ("Autoliv") asserts claims arising from the Debtors' alleged ongoing infringement of patents relating to side-curtain airbag technology. Autoliv states that the claims are asserted against multiple Debtors because Autoliv cannot determine which Debtor entity allegedly infringed its patents. Autoliv estimated the alleged damages based upon actual parts sold that contained the technology. Autoliv argues that the absence of its claim on the Debtors' books and records proves nothing with respect to the merits and the validity of the alleged patent infringement.  Furthermore, Autoliv asserts that its claim is valid because the Debtors failed to assert specific and detailed reasons why its claim is not valid. | Unsubstantiated – books and records |
| 7. | Automodular Assemblies, Inc. and Tec-Mar Distribution Services, Inc. and Automodular Assemblies (Ohio), Inc. (Docket No. 5688) | 15018 | Automodular Assemblies, Inc., Tec-Mar Distribution Services, Inc., and Automodular Assemblies (Ohio), Inc. ("Automodular") assert that their claim was filed so as to reserve any right to a general unsecured claim they may have to the extent it is determined that they cannot enforce their alleged rights to setoff.  Automodular asserts that the Debtors have failed to include amounts allegedly owed to its subsidiaries (Tec-Mar Distribution Services, Inc. and Automodular Assemblies (Ohio), Inc.).  Automodular asserts that according to the Debtors' Schedule F of the Debtors' schedules of liabilities and statements of financial affairs, Automodular's total claim amounts to $505,435.58, rather than $332,223.12.  Automodular alleges that therefore, the difference between its asserted claim amount and the Debtors' proposed amount is only $43,842.15.  Automodular attaches to its response a schedule that attempts to reconcile the alleged discrepancies between its claim amount and the Debtors' scheduled amount.  Automodular requests that the court overrule the Debtors' objection. | Claim subject to modification |
| 8. | Banco JP Morgan, S.A. Institucion de Banca Multiple; Prudential Financial, Inc.; Prudential Real Estate Investors; PLA Holding VI, PLA Mexico Industrial Manager I LLC and PLA Industrial Fund I (Docket No. 5736) | 12837, 14649, 12835, 14650, 12833 | The claimants assert claims arising from certain real estate transactions, including issues related to an environmental investigation and indemnification. The claimants assert they are currently in discussions with the Debtors regarding various environmental issues and claims. The claimants argue that the fact that the full amount of liabilities is unknown is not a valid basis for disallowing the Proofs of Claim. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 9. | Bank of America, N.A. (Docket No. 5622) | 11660 | Bank of America, N.A. asserts that its claim is not less than $10,605,213.61. Bank of America further asserts that it cannot accurately respond to the Third Omnibus Objection because the Debtors do not specifically identify the reasons why they wish to modify Bank of America's claim. | Claim subject to modification |
| 10. | Bank of Lincolnwood (Docket No. 5611) | 7090 | Bank of Lincolnwood asserts that DAS LLC leased certain equipment from Pacific Rim Capital, Inc. ("Pacific Rim"), which later assigned its interest under the lease to Bank of Lincolnwood. Bank of Lincolnwood asserts that Delphi later rejected the lease. Bank of Lincolnwood further asserts that damages arising from rejection of the lease include approximately five years of rent, interest, and late charges which total to $1,208,562.95, the amount of Bank of Lincolnwood's claim. | Unsubstantiated – books and records |
| 11. | Cadence Innovation LLC (Docket No. 5769)+* | 10111, 10100 | The claims of Cadence Innovation LLC ("Cadence") are based on patent infringement litigation against the Debtors commenced by Cadence's predecessor in interest, Patent Holding Company. As a result of the Debtors' bankruptcy, the liability and damage phase of the ongoing litigation was stayed by the district court. In its claim, Cadence asserts a general unsecured claim with respect to alleged prepetition patent infringement and administrative expense priority with respect to alleged postpetition patent infringement. Cadence contends that its claims, once liquidated, will be in an amount not less than $21 million for alleged prepetition infringement and an amount in excess of $4 million for alleged postpetition infringement. Cadence filed claims against every Debtor entity to preserve against the Debtor allegedly infringing its patents. Cadence argues that the Debtor's Third Omnibus Claims Objection fails to assert comprehensible legal and factual reasons why its claim should be disallowed. Additionally, Cadence asserts that the Debtors fail to introduce any evidence that would negate the prima facie validity of its claim. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 12. | Carlisle Engineered Products (Docket No. 5628)<br><br>Supplemental Response (Docket No. 5727) | 11910 | Carlisle Engineered Products ("Carlisle") asserts a claim based on pre- and postpetition sale of goods.  Carlisle asserts a claim for $4,868,870.27 that includes a $105,149.16 postpetition claim.  Carlisle states that it is willing to acknowledge the reduction of its claim on the conditions that Carlisle permitted to continue to claim the additional sum for postpetition items and (b) to continue to reserve its reclamation claim of $624,301.61 (included in the $4,868,870.27)<br><br>In its supplemental response, Carlisle asserts that the numerous transactions covered by the claim are detailed in invoice summaries attached to the original proof of claim and that it does not include further support with its response, because it asserts it is unclear what part of its claim the Debtors are disputing. | Claim subject to modification |
| 13. | Celestica, Inc. (Docket No. 5744)+ | 12813 | Celestica, Inc. ("Celestica") asserts a claim based on monies allegedly owed by the Debtors for goods, equipment, inventory, and services provided in connection with product development.  Celestica states the Debtors' schedules acknowledge a $36,370.02 liability.   Celestica asserts that the Debtors failed to (i) provide any substantive reason for expunging its claim and (ii) provide sufficient evidence to rebut the prima facie validity of it claim. | Claim subject to modification |
| 14. | Cherry GmbH (Docket No. 5649) | 10179 | Cherry GmbH ("Cherry") asserts that its claim arises from unpaid prepetition invoices, unpaid reclamation amounts, breach of contract, and executory contracts the Debtors have neither assumed or rejected.  Cherry further asserts that the Debtors have not met their burden for disallowing Cherry's claim.  Cherry relies on documents submitted with its proof of claim and fails to submit additional documentation. | Unsubstantiated – books and records |
| 15. | Clarion Corp. of America (Docket No. 5663) | 2127 | Clarion Corp. of America ("Clarion") asserts that the Debtors have not met their burden to reduce its claim, which is made up, in part, of a reclamation claim.  However, Clarion alleges that it has come to an agreement with the Debtors that its reclamation claim be reduced by $6,960.  The remainder of the difference between Clarion's asserted claim amount and the Debtors' proposed claim amount remains unresolved. | Claim subject to modification |
| 16. | Coherent, Inc. (Docket No. 5588)*<br><br>**(RESOLVED)** | 12370 | Coherent, Inc. ("Coherent") asserts that its claim is entitled to priority based on its timely reclamation demand.  Coherent asserts that it and the Debtors have agreed on a proposed order that is without prejudice to Coherent's right of reclamation. | Claim subject to modification |

|  | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 17. | CSX Realty (Docket No. 5800)* | 13930 | CSX Realty ("CSX") asserts claims based on costs that may be incurred as the result of an alleged contamination, a full remediation of the alleged contamination and any damage to the value of the Vandalia, Ohio property owned by CSX. CSX asserts that the Debtors have failed to meet their burden of providing substantial evidence to support the Third Omnibus Claims Objection or to contradicts CSX's proof of claim. | Unsubstantiated – books and records |
| 18. | Cyro Industries (Docket No. 5620) | 11948 | Cyro Industries ("Cyro") asserts that the amount of its claim is subject to certain caveats. The alleged caveats include a potential reclamation-related administrative expense. Cyro asserts that the Debtors are attempting to eliminate these alleged caveats. Cyro further asserts that its claim is in the amount of $1,039,857.54 of which 447,742.94 is secured by a right of setoff. Cyro agrees that $592,114.60 is the correct amount of its claim only if arrived at after its alleged right to setoff. | Claim subject to modification |
| 19. | Denso Corporation, et al. (Docket No. 5699)+* | 12339-12341 | Denso Corporation, et al. ("Denso"), an alleged holder of certain patents used by the Debtors, agrees that it is only entitled to one recovery or setoff based on its proofs of claim, but disputes certain of the Debtors' alleged factual allegations. Denso further asserts that it and the Debtors have been in constant communication to resolve Denso's proofs of claim. Denso also seeks an adjournment. | Unsubstantiated – books and records |
| 20. | Donna L. Wilson (Docket No. 5856) | 12083 | Ms. Wilson's claim arises from the Debtors' alleged discrimination of Ms. Wilson and unliquidated damages in connection with Ms. Wilson's state court lawsuit against the Debtors. Ms. Wilson requests that the court overrule the Debtors' objection. Ms. Wilson relies on her proof of claim and the documents attached thereto, and does not submit additional documentation to support her claim. | Unsubstantiated – books and records |

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** |
|---|---|---|---|---|
| 21. | Douglas Deykes (Docket No. 5855) | 13411 | Mr. Deykes asserts that his claim is based on a loss he incurred as a result of Delphi's "inaction," which would not be recorded on Delphi's books and records. Mr. Deykes alleges that, as an employee of Delphi's Internal Audit Department, after participating in certain internal investigations of Delphi management personnel, he was notified that he was deemed an insider and was barred from executing securities transactions without the explicit approval of Delphi's legal staff. Mr. Deykes asserts that during this time, the value of his Delphi common stock declined. Allegedly, when Mr. Deykes terminated his employment with Delphi, the stock had a value of $7.54 per share. Mr. Deykes asserts that he was unable to obtain permission to sell his stock at that price, and that when he finally sold his stock (without permission), he only received $3.02 per share for his 1,900 shares. Mr Deykes now asserts a claim against the Debtors for his alleged loss of $8,588. | Unsubstantiated – books and records |
| 22. | Edith C. James (Docket No. 5655) | 6255 | Ms. James's state court lawsuit against Delphi alleges employment discrimination against Ms. James. Ms. James's response sets forth the facts and law allegedly supporting her lawsuit. Ms. James requests that the court overrule the Debtors' objection. | Unsubstantiated – books and records |
| 23. | Electronic Data Systems Corp., et al. (Docket No. 5722)+* | (a) 12678 (b) 12681 (c) 12682 | (a) Electronic Data Systems Corp., et al. ("EDS") allegedly provided to the Debtors information technology outsourcing services. EDS asserts that its claims stem from certain executory contracts it entered into with Delphi or one of its subsidiaries or affiliates. Claim No. 12678 requests payment with respect to EDS' U.S. operations. EDS asserts that DAS LLC and Delphi are liable under a master agreement for any amounts owed by any Delphi subsidiary or affiliate. EDS asserts that all invoices are denominated in U.S. currency. EDS argues that because the Debtors have allegedly failed to state any basis for the reduction of its claims, EDS' claims should be allowed as requested.

(b) EDS relies on its argument regarding Claim No. 12678 to support Claim No. 12681. Claim No. 12681 also requests payment with respect to EDS' U.S. operations.

(c) EDS relies on its argument regarding Claim No. 12678 to support Claim No. 12682. Claim No. 12682 requests payment with respect to EDS' Mexico operations. | (a) Claim subject to modification

(b) Claim subject to modification

(c) Claim subject to modification |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 24. | Empresas Ca Le Tlaxcala S.A. de C.V. (Docket No. 5782) | 15512 | Empresas Ca Le Tlaxcala S.A. de C.V. ("Empresas") asserts claims related to an alleged breach of an environmental matters agreement (the "Agreement") between Delphi and Johnson Control, Inc.  According to Empresas, pursuant to the Agreement Delphi was required to remediate certain environmental issues at Empresas' facility and Delphi failed to complete the remediation work, thereby breaching the Agreement.  Empresas' claim is based on an estimation of cost to remediate its facility. | Unsubstantiated – books and records |
| 25. | Erika S. Parker (Docket No. 5644) | 8324 | Erika S. Parker ("Parker") asserts that her claim stems from litigation allegedly initiated by Delphi, and that following a lifting of the stay, Delphi's motion for summary judgment in that litigation was denied.  Parker asserts that an oral agreement has been reached between Delphi and her, but Parker fails to disclose the terms of such agreement. | Unsubstantiated – books and records |
| 26. | Eva Orlik (Docket No. 5789)+ | 12389 | Orlik asserts that her claim arises from a final Indiana state court judgment entered against DAS LLC for employment discrimination.  Orlik asserts that the state court has not fixed  damages under the judgment because of the ongoing bankruptcy case. Orlik argues that she has submitted sufficient documentation evidencing her damages and that the Debtors have failed to meet their burden of proof required to expunge her claim. | Unsubstantiated – books and records |
| 27. | Flextronics International Asia-Pacific Ltd. (Docket No. 5812) **(RESOLVED)** | 13814, 13818, 13819 | Flextronics International Asia-Pacific Ltd. ("Flextronics") asserts that there are ongoing negotiations with the Debtors with respect to incorporating aspects of a stipulation and agreed order regarding adequate protection of setoff rights into the Debtors' proposed order for the Third Omnibus Claims Objection.  Flextronics states that the Debtors and Flextronics were unable to conclude negotiations prior to the November 24, 2006 filing deadline for the Third Omnibus Claims Objection.  Flextronics asserts that consequently its response was filed to reserve its right with respect to (i) filing a response to the Third Omnibus Claims Objection and (ii) presenting oral arguments at the hearing to consider such objection. Flextronics asserts that it filed this reservation of rights in the event that settlement discussions with the Debtors are unsuccessful. | Unsubstantiated – books and records |
| 28. | Floform Ltd. (Docket No. 5723) | 14244 | Floform Ltd. asserts a claim for goods sold to Delphi prepetition.  Floform Ltd. valued its claim in the amount of £225,601.36.  Floform Ltd., using a conversion rate of $1.90 per £1, asserts a U.S.- denominated claim amount of $428,642.58. Floform Ltd. argues that the Debtors assertion that its books and records do not reflect the "reimbursement liability" does not defeat the prima facie validity of its proof of claim. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 29. | Freddie L. Johnson (Docket No. 5821) | 9440 | Mr. Johnson's lawsuit against DAS alleges retaliation, race discrimination, and sex discrimination against Mr. Johnson. Mr. Johnson asserts that the Debtors have notice of Mr. Johnson's litigation, and that, therefore, the Debtors' books and records should reflect the pending lawsuit. Mr. Johnson further asserts that the Debtors have not met their burden to rebut Mr. Johnson's proof of claim. Mr. Johnson requests that the court overrule the Debtors' objection. | Unsubstantiated – books and records |
| 30. | Furukawa Electronics North America ADP, Inc. (Docket No. 5788) | 12347 | Furukawa Electronics North America ADP, Inc. ("Furukawa") asserts a claim based on a breach of contract. Furukawa argues that because the claim consists of cancellation damages which are the result of a breach of contract, this type of claim would not typically appear on the Debtors' books and records. | Unsubstantiated – books and records |
| 31. | Gary Whitney (Docket No. 5593)* | 10157 | Mr. Whitney asserts that Delphi listed Mr. Whitney's age discrimination and wrongful termination claim on its schedules, and filed an answer to Mr. Whitney's state court litigation. Mr. Whitney argues that if Delphi's objection to his claim is based on the Nonexistence of Mr. Whitney's claim in Delphi's books and records, the above facts do not support Delphi's objection. | Unsubstantiated – books and records |
| 32. | Gulf Coast Bank & Trust Co. and Contrarian Funds LLC (Docket No. 5696) | 2141 | Gulf Coast Bank & Trust Co. and Contrarian Funds LLC (collectively, "Contrarian") assert that the Debtors have failed to meet their burden to disallow Contrarian's claim. Contrarian filed an amended proof of claim (Claim 1655) that corresponds to Claim No. 2141 that identifies a different Debtor as obligor (Claim No. 2141 lists DAS LLC as the Debtor and Claim No. 1655 lists Delphi as the Debtor). Contrarian's claim is allegedly based upon a lawsuit filed in a Louisiana District Court. Contrarian attaches to its response so-called "Bates-labeled" documents that were not included with its proofs of claim. | Unsubstantiated – books and records |
| 33. | H.E. Services Co. and Robert Backie (Docket No. 5679)* | 2237-2238 | H.E. Services Co. and Robert Backie (collectively, "H.E. Services"), whose claims are based on $30,000,000 of alleged damages suffered from the Debtors' alleged breach of a contract, asserts that it never filed these proofs of claims, but that it did file proofs of claim (Claim Nos. 837, 838, 1318, 1319). H.E. Services asserts that the Debtors have not met their burden of proof to expunge or disallow its claims to the extent these proofs of claim (Claim Nos. 2237 and 2238) allegedly amend the other proofs of claim. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 34. | HB Performance Systems, Inc. (Docket No. 5858) | 14012 | HB Performance Systems, Inc. ("HB") allegedly entered into an engineering services agreement with DAS LLC on August 1, 2002, whereby DAS LLC agreed to assist HB with brake systems HB supplied to Harley-Davidson, Inc. HB asserts that DAS LLC did not fully perform under the contract for the years 2002-2005, and, consequently, HB stopped making payments under the contract in January 2005.  On June 15, 2005, after HB refused to make payments under the contract, DAS LLC allegedly sent a notice of termination indicating the agreement would terminate in June 2007.  HB alleges that DAS LLC breached the agreement by directly communicating with Harley-Davidson, and demanded payment of $1,778,100.  HB commenced state court litigation on September 28, 2005.  HB asserts that the Debtors have not met their burden to rebut HB's proof of claim and requests that the court overrule the Debtors' objection. | Unsubstantiated – books and records |
| 35. | Heraeus Amersil, Inc. (Docket No. 5652)+ | (a) 10394<br><br>(b) 10393<br><br>(c) 10123<br><br>(d) 10959, 10960 | (a) (b) Claim Nos. 10394 and 10393 stem from a purchase agreement between Circuit Materials and the Debtors (the "Circuit Materials Claims").  Heraeus asserts that the Circuit Materials Claims total $594,923.93, $488,660.90 of which is secured by a right of setoff.  Heraeus further asserts that it has provided sufficient proof of the validity of the Circuit Material Claims, but that the Debtors have failed to establish that the Circuit Materials Claims should be modified and/or should be reclassified.<br><br>(c) Claim No. 10123 stems from a purchase agreement between Metal Processing and the Debtors (the "Metal Processing Claim").  Heraeus asserts that the Metal Processing Claim totals $322,860.53, $264,524.18 of which is secured by a right of setoff, and $58,326.35 of which is secured by reclamation rights.  Heraeus asserts that it has provided sufficient documentation and proof as to the validity of the Metal Processing Claim, but that the Debtors have failed to establish that Heraeus' claim should be reduced and reclassified.<br><br>(d) Heraeus asserts that Claim Nos. 10959 and 10960 constitute contingent and unliquidated environmental claims of Amersil  (the "Amersil Claims").  Heraeus asserts that the Debtors scheduled this liability, and that the Debtors have failed to provide documentation or proof as to why the Amersil Claims should be disallowed. | (a) Claim subject to modification<br><br>(b) Unsubstantiated – books and records<br><br>(c) Claim subject to modification<br><br>(d) Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 36. | Highland Industries, Inc. (Docket No. 5642) | 10966-10967 | Highland Industries, Inc. ("Highland") asserts that it filed its proof of claim to protect its rights under an executory contract that the Debtors have neither assumed nor rejected. Highland asserts that an estimate of damages cannot be provided until the Debtors either assume or reject the contract. | Unsubstantiated – books and records |
| 37. | Hirschmann Car Communications GmbH (Docket No. 5681)  (RESOLVED) | 14313 | Hirschmann Car Communications GmbH ("Hirschmann") does not object to the Debtors' proposed modification of its claim, provided that if the Debtors later attempt to further reduce or otherwise object to Hirschmann's claim, the Debtors adequately assert such objections. | Claim subject to modification |
| 38. | Huston Family (Docket No. 5579) | 8122, 8124-8126, 8128 | The Huston Family asserts that they have an unliquidated claim against Delphi for $300,000 based on the value of certain real property Delphi allegedly contaminated. The Huston Family asserts a trespass and nuisance claim against Delphi. | Unsubstantiated – books and records |
| 39. | ICX Corporation (Docket No. 5726) | 13482, 13489, 13490 | ICX Corporation ("ICX") asserts claims (Claim No. 13482 in the amount of $3,863,039.86; Claim No. 13489 in the amount $399,468; and Claim No. 13490 in the amount of $169,686) related to lease agreements with finance equipment for Delphi's and/or Delphi Automotive System, Inc.'s operations. ICX asserts that the Debtors failed to put ICX on notice of the specific basis or bases for their objection. ICX also argues that the Debtors failed to set forth any evidence to refute any of the facts set forth in the ICX claims. | Unsubstantiated – books and records |
| 40. | IER Fujikura, Inc. f/k/a IER Industries, Inc. (Docket No. 5687) | 12166 | IER Fujikura, Inc. f/k/a IER Industries, Inc. ("IER") asserts that the Debtors have stipulated to a total claim amount of $174,339.13, and the parties have allegedly agreed that any order sustaining the Debtors' objection will be without prejudice to IER's right of reclamation. IER's asserted secured claim against the Debtors based on an alleged Ohio molder's lien statute remains in dispute, however, IER relies on its proof of claim to support its position. | Claim subject to modification |
| 41. | Illinois Tool Works, Inc., et. al (Docket No. 5617) | 11981-11990 | Illinois Tool Works, Inc., et al. ("ITW") asserts that it has provided enough evidence attached to its proofs of claim to support its claims. ITW further asserts that its claims are based upon costs it has directly expended and will continue to expend to remediate hazardous waste. | Unsubstantiated – books and records |
| 42. | Indiana Department of Environmental Management (Docket No. 5713) | 5120-5122 | Indiana Department of Environmental Management ("IDEM") asserts a priority claim against the Debtors in the amount of $1,721.50 based upon an alleged 2005-2006 hazardous waste fee and unsecured claims in the amount of $750 and $500,000 based on an estimate of alleged costs associated with the cleanup of a facility allegedly owned by the Debtors. IDEM does not submit additional support with its response and instead relies on its proofs of claim. IEM requests that its claims be allowed. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 43. | Inplay Technologies, Inc. (Docket No. 5601)* | 2558 | Inplay Technologies, Inc. ("Inplay") asserts that its claim arises from royalties due under a licensing agreement entered into between Inplay and DAS LLC that DAS LLC later rejected.  In an affidavit attached to Inplay's Response, Robert J. Brilon asserts the facts giving rise to Inplay's claim, including Inplay's alleged mitigation efforts. | Unsubstantiated – books and records |
| 44. | John E. Benz & Company (Docket No. 5809) | 14314, 14297 | John E. Benz ("JEB") asserts claims for unpaid taxes ($91,455.42), insurance ($6,871.50), and various mechanics' liens (unknown amount).  JEB filed claims for both administrative expenses (Claim No. 14314) and prepetition expenses (Claim No. 14297) in "unknown amounts."  JEB states that both claims are for "unknown amounts" because it is uncertain whether a portion or all of its claims will be characterized as pre- or postpetition expenses and because it does not know the amount of the mechanics liens.  JEB asserts that the Debtors' objection to its claims fails as a matter of law because the Debtors failed to provide evidence to refute its proof of claim. | Unsubstantiated – books and records |
| 45. | Kansas Department of Health and Environment (Docket No. 5898) | 2533 | Kansas Department of Health and Environment ("KDHE") asserts that its claim is based on: (1) natural resource damages in the amount of $343,951 caused by the Debtors' alleged release of hazardous waste at a battery plant, and (2) the sum of $8,691.73 allegedly incurred by KDHE in overseeing the Debtors' performance of environmental remediation at two sites in Kansas pursuant to alleged prepetition consent orders between the Debtors and KDHE ("Oversight Costs Claim").  KDHE relies on its proof of claim and attachments thereto to support its claim.  KDHE asserts that the agreements allegedly entered into between KDHE and the Debtors constitute executory contracts, and the Debtors have allegedly not rejected those agreements.  KDHE seeks administrative expense priority for its Oversight Costs Claim and any later oversight costs associated therewith.  KDHE requests that the court overrule the Debtors' objection. | Unsubstantiated – books and records |
| 46. | Karl Kuefner, KG (Docket No. 5760) | 503 | Karl Kuefner, KG ("Kuefner") asserts the basis for the Debtors' objection was "Insufficient Documentation."  Kuefner states that it originally asserted a claim for unpaid invoices in the amount of £562,326.  In its response, Kuefner notes that the current balance is £504,523.50. | Unsubstantiated – books and records |
| 47. | Kilroy Realty L.P. (Docket No. 5618)* | 13268-13269 | Kilroy Realty L.P. ("Kilroy") asserts that its alleged timely-filed claim is based on Debtors' rejection of a lease entered into between Kilroy and Packard Hughes Interconnect and DAS LLC.  Kilroy further asserts that a portion of its claim is entitled to administrative expense priority. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 48. | Kyocera Industrial Ceramics Corp. (Docket No. 5656)* | 12530 | Kyocera Industrial Ceramics Corp. ("KICC") asserts that it is entitled to the full amount of its proof of claim as allegedly supported by documents attached thereto. KICC further asserts that the difference between its asserted claim amount and the Debtors' proposed amount is based on the Debtors' assigning a zero value to certain products KICC allegedly produced per the Debtors orders, but that the Debtors allegedly never needed. | Claim subject to modification |
| 49. | LaSalle National Bank, as Trustee under Trust Agreement dated October 1, 1990 and known as Trust No. 115897 (Docket No. 5828) | 11463-11464 | Lasalle National Bank's, as Trustee under Trust Agreement dated October 1, 1990 and known as Trust No. 115897 ("LaSalle"), claim arises out of 2005 real estate taxes allegedly due from Delphi Mechatronic Systems, Inc. ("DMS") in connection with a lease allegedly entered into between LaSalle and DMS. LaSalle asserts that DMS's liability under the first installment of taxes, covering January 1, 2005, through June 30, 2005 is $36,408.63. The second installment of taxes, which covers July 1, 2005 through December 31, 2005 is also in the amount of $36,408.63. However, LaSalle asserts that DMS is only responsible for a portion of that amount because DMS allegedly did not occupy the entire premises for the second installment period. DMS's liability for the second installment is allegedly $16,654.84. Therefore, LaSalle's prepetition claim is in the amount of $53,063.47. LaSalle also asserts a postpetition claim in the amount of $12,113.01. LaSalle requests that its claim be allowed in the above amounts. | Unsubstantiated – books and records |
| 50. | Lextron Corp. (Docket No. 5757) | 9524, 9807 | Lextron Corp. ("Lextron"), whose claim arises out of a breach of contract lawsuit filed by DAS LLC against Lextron, agrees that Claim No. 9524 should be disallowed and expunged. Lextron asserts that Claim No. 9807 should be allowed, and that the Debtors' books and records should account for Lextron's claim, because DAS LLC filed the lawsuit against Lextron. Lextron further asserts that the Debtors have not met their burden to rebut Lextron's proofs of claim, and that the Debtors' objection should be overruled. | Unsubstantiated – books and records |
| 51. | Lightsource Parent Corporation (Docket No. 5759) | 14245 | Lightsource Parent Corporation ("Lightsource") asserts a claim for reimbursement of a portion of the cost of certain post-employment benefits pursuant to an agreement assigned to "Delphi Automotive Systems Corporation" by General Motors. Lightsource asserts that the Debtors have failed to bring forth any substantive evidence refuting the existence and validity of its claim. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 52. | Longacre Master Fund Ltd. (Docket No. 5810) | 16322 | Longacre Master Fund Ltd. ("Longacre") filed its response as the assignee of Inovise Medical, Inc.  Longacre states that on July 5, 2006 Inovise filed proof of claim no. 8983 in the amount of $600,000 ($150,000 for unpaid invoices and $450,000 for guaranteed payments due under a OEM agreement) against Delphi.  Longacre asserts that the OEM agreement was actually between Inovise and Delphi Medical Systems Corporation, a subsidiary of DAS LLC, not Inovise and Delphi.  Longacre asserts that on August 21, 2006 Inovise assigned its interest to Longacre and on September 14, 2006 Inovise filed an amended proof of claim (Claim No. 16315) to reflect that DAS LLC was the proper Debtor, but used the Delphi bankruptcy case number instead of the DAS LLC bankruptcy case number.  Consequently, Inovise filed another amended proof of claim (Claim No. 16322) to further amend 8983 and 16315 to identify DAS LLC as the obligor and listed the DAS LLC bankruptcy case number.  Longacre asserts that Claim 16322 is a late filed amendment which relates back to a timely filed claim (Claim No. 8983) and therefore is not an untimely claim.  Longacre further asserts that the DAS LLC's schedules reflect the $150,000 portion of their claim and the $450,000 that is owed as a result of a May 30, 2006 Court order permitting the rejection of the Inovise OEM Agreement. | Untimely unsubstantiated – books and records s |
| 53. | Mad River Transportation, Inc. (Docket No. 5820) | 11045 | Mad River Transportation, Inc. ("Mad River") asserts that its claim arises from its transportation of waste generated by "Delco's facilities in Kettering and Dayton, Ohio," and potential liability associated therewith.  Mad River asserts that the documentation and other evidence it relies upon is sufficient to support its proof of claim. | Unsubstantiated – books and records |
| 54. | McDermott Will & Emery LLP (Docket No. 5654)  **(RESOLVED)** | 10275 | McDermott Will & Emery LLP ("McDermott") asserts that it and the Debtors have reached an agreement regarding McDermott's proof of claim.  McDermott further asserts that it filed its response in an abundance of caution to protect its claim, but does not object to the extent that the Debtors do not propose to reduce the amount of its claim. | Claim subject to modification |
| 55. | Metaldyne Corporation and Metaldyne Sintered Components, Inc. (Docket No. 5751) | 11933 | Metaldyne Corporation and Metaldyne Sintered Components, Inc. ("Metaldyne") asserts a claim for goods shipped as of the Debtors' bankruptcy.  Metaldyne asserts that the Debtor's objection fails to provide evidence of sufficient probative force to defeat the prima facie validity of its claim and in the alternative Metaldyne has successfully carried it burden of persuasion. | Insufficiently documented claim |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 56. | Metaldyne Corporation, et al. (Docket No. 5707) | 11934 | Metaldyne Corporation, et al. ("Metaldyne") asserts that its claim consists of parts shipped to DAS LLC prepetition that DAS LLC did not pay for in full or in part, cancellation costs related to cancellation of a brake program, and tooling shipped to DAS LLC prepetition.  Metaldyne asserts that it holds liens securing the tooling.  Metaldyne has agreed to reduce its claim by a total of $46,652.45 based in part on an invoice that was paid by DAS LLC prepetition.  Metaldyne has agreed to withdraw the cancellation costs of its claim, provided that the Debtors purchase the agreed upon amount of goods from Metaldyne.  Finally, Metaldyne asserts that it is still owed the full amount of its tooling claim.  Metaldyne further asserts that because it has setoff and/or recoupment rights and lien rights associated with the tooling part of its claim, that part of its claim is secured.  To the extent that Metaldyne continues to assert its claim, it alleges that the Debtors have not met their burden to expunge or disallow its claim, and that even if they have, Metaldyne argues that it has provided enough evidence to carry its burden of persuasion by way of an affidavit attached to its response. | Unsubstantiated – books and records |
| 57. | Michael E. Sieloff (Docket No. 5667) | 7075 | Mr. Sieloff asserts that Delphi allegedly filed false statements with the SEC.  Mr. Sieloff's filed a proof of claim in the amount of $5,330 based the decline of his stock value. | Unsubstantiated – books and records |
| 58. | Milliken & Company (Docket No. 5640)* | 11643-11644 | Milliken & Company ("Milliken") asserts that its claim is based on the Debtors' schedules, and that Milliken has no record that it has such a claim against the Debtors.  Milliken asserts that it filed proofs of claim only to protect its interests in the event they have a claim against the Debtors that they are unaware they possess. | Unsubstantiated – books and records |
| 59. | Moraine Maintenance Co., Inc. (Docket No. 5565) | 447 | Moraine Maintenance Co., Inc. ("Moraine"), whose claim arises from truck repairs allegedly performed by Moraine for the benefit of Delphi, asserts that its proof of claim is true and correct, and contains sufficient evidence to support its claim.  Moraine relies on numerous invoices for work allegedly performed by Moraine for the benefit of Delphi.  Moraine requests that the court overrule the Debtors' objection. | Claim subject to modification |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 60. | Motorola, Inc. and Temic Automotive of North America, Inc. (Docket No. 5651) | (a) 8392<br><br>(b) 8393<br><br>(c) 8394 | (a) Motorola, Inc. and Temic Automotive of North America, Inc. (collectively, "Motorola") assert that Delphi's Schedule D allegedly reflects 24 liens filed by or on behalf of Motorola (allegedly attached to Motorola's proof of claim). Motorola further asserts that the amount due related to these liens is not less than $75,900, and that the Debtors have not met their burden to disallow or reduce this claim.<br><br>(b) Motorola asserts that it does not object to the reclassification of its claim from secured to unsecured, so long as the Debtors do not attempt to modify the amount of the claim.<br><br>(c) Motorola asserts that it filed its proof of claim (Claim No. 8394) to protect its rights under executory contracts that the Debtors have neither assumed nor rejected. Motorola asserts that an estimate of damages cannot be provided until the Debtors either assume or reject the contract. | (a) Claim subject to modification<br><br>(b) Claim subject to modification<br><br>(c) Unsubstantiated – books and records |
| 61. | Nissan North America, Inc. (Docket No. 5701) | 13367-13408 | Nissan North America, Inc. ("Nissan") asserts that for the most part, its proofs of claim were filed to protect its setoff rights in the event that its claims were later expunged or disallowed. Nissan asserts that it has only one noncontingent and liquidated claim against Delphi Saginaw Steering Systems in the amount of $33,382.11 based on warranty obligations. | Unsubstantiated – books and records |
| 62. | Nissan Technical Center North America, Inc. (Docket No. 5703) | 13409 | Nissan Technical Center North America, Inc. ("Nissan Tech."), which allegedly leased certain real property to the Debtors through October 14, 2006, asserts that the Debtors have abandoned the leased property as of September, 2006 and failed to pay the remainder of the rent. Nissan Tech. further asserts that DAS LLC owes Nissan Tech. $23,934.21 based on prepetition unpaid reimbursement of expenses. Nissan Tech. now asserts a secured claim for the post-petition rent to the extent its claim to the rent and related costs are not allowed as an administrative expense, and an unsecured claim for the $23,934.21. Nissan Tech. argues that the Debtors have not met their burden to disallow or expunge Nissan Tech's claims, and requests that its claims be allowed as asserted. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 63. | NuTech Plastics Engineering, Inc. (Docket No. 5811)* | 1279 | NuTech Plastics Engineering, Inc. ("NuTech"), whose claim allegedly arises from a four-year-old prepetition lawsuit against DAS LLC (for breach of contract) that was allegedly on the eve of trial when the Debtors sought bankruptcy relief, asserts that its proof of claim, along with supporting documentation, is sufficient to support its claim against the Debtors. NuTech further asserts that the Debtors have allegedly produced no evidence to support their objection to NuTech's claim or NuTech's state court complaint. NuTech requests that the court overrule the Debtors' objection. | Unsubstantiated – books and records |
| 64. | Oki America, Inc. a/k/a Oki Semiconductor (Docket No. 5732) | (a) 13743 <br><br> (b) 16318 | (a) Oki America, Inc. a/k/a Oki Semiconductor ("Oki"), which has supplied the Debtors with a variety of goods for the past twenty years, asserts that its claims arise out of goods sold and delivered to DAS LLC. Oki alleges that on July 31, 2006, it filed its original proof of claim (Claim No. 13743) asserting a total amount of $2,044,350.59, of which $652,282.73 is allegedly secured by Oki's right of setoff. Oki asserts that the Debtors scheduled Oki as the holder of a claim in the amount of $1,321,972.40. Oki asserts that the Debtors have failed to meet their burden to rebut Oki's claims. Oki does not attach new documents to its response and instead relies on its proofs of claim and the documents attached thereto. Oki requests that the court overrule the Debtors' objection. <br><br> (b) Oki asserts that on September 14, 2006, it filed an amended proof of claim (Claim No. 16318), adding $36,860 to its total claimed amount. The additional sum allegedly represents a fee for the Debtors' cancellation of a prepetition shipment of goods. Oki asserts that the additional amount was not on the original proof of claim because the Debtors allegedly agreed to pay the cancellation fee. Oki asserts that the Debtors did not inform it that they would not pay the fee until after the claims bar date. Oki requests that the court overrule the Debtors' objection. | (a) Unsubstantiated – books and records <br><br> (b) Untimely unsubstantiated – books and records |
| 65. | Orix Warren, LLC (Docket No. 5747) | 10202 | Orix Warren, LLC ("Orix"), which is a party to an unexpired lease with DAS LLC, filed a proof of claim for an unliquidated amount in connection with the lease. Orix asserts that the Debtors' objection should be overruled with respect to Orix's claim, because the Debtors have not met their burden of rebutting Orix's proof of claim. Orix further asserts that its claim is prospective and necessary to preserve any unsecured, non-priority claims that may arise under the lease after the bar date for filing claims. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 66. | Panasonic Automotive Systems Company of America, Division of Panasonic Corp. of North America (Docket No. 5772) | 14318 | Panasonic Automotive Systems Company of America, Division of Panasonic Corp. of North America ("Panasonic"), whose claim arises from goods it allegedly delivered to the Debtors prepetition, asserts that its claim (part of which Panasonic asserts may be entitled to administrative expense priority due to Panasonic's alleged right of reclamation) should be reduced only by $63,649, rather than $183,066 as proposed by the Debtors.  Panasonic asserts that $63,649 is actually owed to a Panasonic affiliate, Panasonic Industrial Corp., by Delphi Mechatronic Systems, rather than Delphi.  Panasonic agrees to amend its claim to reduce the amount by that amount.  Panasonic asserts that there should be no further reduction of its claim because: (i) Delphi's own accounts payable system allegedly shows that Delphi owes Panasonic $32,587 more than Delphi's proposed amount, (ii) Panasonic allegedly delivered $47,947 worth of goods that allegedly do not appear on Delphi's accounts payable system, and (iii) Delphi allegedly took at least $33,600 of unauthorized discounts on products shipped by Panasonic.  In sum, Panasonic requests that this Court overrule the Debtors' objection and award Panasonic a claim of $9,009,824 of which $78,476 is entitled to administrative expense priority. | Claim subject to modification |
| 67. | PBR Australia Pty. Ltd., et al. (Docket No. 5740)+* | 15847, 15883 | PBR Australia Pty. Ltd., et al. ("PBR"), which sold products and services to DAS LLC and Delphi pursuant to a joint venture as well as other agreements, asserts that the Debtors have allegedly confused "unsubstantiated" with "unliquidated."  PBR asserts that Delphi breached certain agreements by filing bankruptcy, and further breached its duties of loyalty and care under the joint venture agreement.  PBR asserts that Delphi breached its duties or loyalty and care, in part because Delphi allegedly failed to immediately assume the joint venture contracts, and because two Delphi managers were allegedly aware of the impending bankruptcy, but did not take steps to protect the joint venture from damages arising out of the bankruptcy.  Lastly, PBR asserts that its claims should be allowed because the Debtors have not put forth sufficient proof to rebut PBR's claims, the documents attached thereto, and the response and documents attached thereto. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 68. | PD George Co. (Docket No. 5765) | 10126 | PD George Co. ("PD"), which provided goods and services to the Debtors, asserts that its claim should be allowed in its full amount.  PD alleges that the Debtors' proposed reduction arises from invoices missing PD's proof of claim.  PD asserts that those invoices have been included with its response, and that the missing invoices together with invoices included with PD's proof of claim allegedly evidence a claim of $405,670.69.  PD further asserts that the Debtors have failed to meet their burden to rebut PD's proof of claim, because the Debtors' objection introduces no evidence disputing PD's claim.  PD requests that the Debtors objection be denied as to PD's claim. | Claim subject to modification |
| 69. | Ralco Industries, Inc. (Docket No. 5606) | 8525 | Ralco Industries, Inc. ("Ralco") asserts that its claim should be allowed in the full amount of $163,499.09, as allegedly supported by invoice dates, numbers, and balances attached to Ralco's proof of claim. | Claim subject to modification |
| 70. | Recticel Interiors North America, LLC f/k/a Recticel North America, Inc. (Docket No. 5647) | (a) 11026 <br><br> (b) 11027 | (a) Recticel Interiors North America, LLC f/k/a Recticel North America, Inc. ("Recticel") asserts that it filed its response with regard to Claim No. 11026 in an abundance of caution, but does not object if the Debtors do not seek to modify the amount of its claim. <br><br> (b) Recticel asserts that it holds an administrative expense claim in the amount of $444,721.72 against the Debtors, because it provided goods and services to the Debtors postpetition and such goods and services benefited the Debtors' estate.  Recticel asserts that the remainder of its claim is secured by a lien secured by the tools it provided to the Debtors. | (a) Claim subject to modification <br><br> (b) Claim subject to modification |
| 71. | Richard Janes (Docket No. 5742) | 14762 | Mr. Janes owns 49% of H.E. Services.  Robert Backie owns the remaining 51% of H.E. Services.   Mr. Janes' $30,000,000 claim is based on the same facts and law as H.E. Services' claim and Mr. Backie's claim.  Essentially, Mr. Janes asserts that the Debtors' Third Omnibus Claims Objection should be overruled because the Debtors fail to rebut his proof of claim. | Unsubstantiated – books and records |
| 72. | Robert Bosch Corp. (Docket No. 5770) <br><br> **(RESOLVED)** | 13620 | Robert Bosch Corp. ("Bosch"), whose claim is based upon the sale of parts that Bosch allegedly shipped to the Debtors, asserts that Bosch filed a secured claim as a result of its setoff and recoupment rights for amounts the Debtors allegedly owe to Bosch.  Bosch and the Debtors have allegedly reached an agreement regarding Bosch's claim, whereby Bosch does not object to a reclassification of its claim from a secured claim to an unsecured claim.  Bosch asserts that it filed a response as a matter of precaution to make sure its rights, including the right to later amend its claim, are not prejudiced. | Claim subject to modification |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 73. | Robert Bosch GmbH (Docket No. 5786) | 16220 | Robert Bosch GmbH ("Bosch"), whose claim arises from the sale of parts by the Debtors to their customers which allegedly contained electronic control units allegedly infringing on patents held by Bosch, asserts that the Debtors' objection should be denied for two reasons: (i) the Debtors' basis for the objection is allegedly not sufficient to overcome Bosch's proof of claim and the documents attached thereto and (ii) even if Bosch's proof of claim is deficient, Bosch has allegedly sufficiently supplemented its claim with its response to the Debtors' objections and the attached exhibits.  Bosch further contends that it cannot estimate the amount of its claim without the aid of discovery.  Bosch requests that the court deny the Debtors' objection to Bosch's claim and provide that nothing prejudices Bosch from amending its prepetition claim or asserting a postpetition claim for patent infringement. | Unsubstantiated – books and records |
| 74. | Rochester Distribution Unlimited, Inc. (Docket No. 5737)<br><br>**(RESOLVED)** | 6141 | Rochester Distribution Unlimited, Inc. ("RDU") asserts that it inadvertently omitted the amount of its claim on its proof of claim form, but agrees that the correct amount of its claim against DAS is $14,930.78.  RDU requests that its claim be allowed in that amount. | Claim subject to modification |
| 75. | Ronald E. Jorgensen (Docket No. 5672) | 11892 | Mr. Jorgensen asserts that his claim in the amount of $82,299 should be allowed, because Delphi's alleged false statements filed with the SEC lead Mr. Jorgensen to continue to invest in the Debtors through retaining and purchases of Delphi shares of stock. | Unsubstantiated – books and records |
| 76. | Schulte & Co. GmbH (Docket No. 5795) | 772 | Schulte & Co. GmbH ("Shulte"), a German corporation, filed a claim against the Debtors in the amount of EUR 189,411.54, allegedly also asserting a dollar amount of $222,277.35.  Schulte asserts that the Debtors objected to its claim based on the Debtors' "books and records."  Schulte further asserts that the Debtors have not produced evidence sufficient to negate the prima facie validity of Schulte's claim.  Schulte requests that the Debtors' objection be denied and that Schulte's claim be allowed in its full amount. | Claim subject to modification |
| 77. | Solectron Corp. (Docket No. 5589) | 10914 | Solectron Corp. ("Solectron") asserts that it has reached an agreement with Delphi, whereby the proposed order will reflect Solectron's allowed general unsecured claim in the amount of $10,382,235.46, without prejudice to Delphi's right to object to the claim in the future, and without prejudice to Solectron's right of reclamation. | Claim subject to modification |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 78. | SPCP Group, LLC, et al. (Docket No. 5745) | (a) 14144<br><br>(b) 14145<br><br>(c) 14489 | SPCP Group, LLC, et al., ("SPCP"), as assignee of Textron Fastening Systems Canada, Ltd., responds only to the Debtors' Third Omnibus Claims Objection regarding Claim No. 14145. SPCP asserts that its proof of claim in the amount of CAN $17,994 should be allowed in the amount of US $15,765.78. SPCP asserts that it was not aware of the language in the Bar Date Order requiring its claim to be in U.S. currency. SPCP further asserts that the Debtors were not prejudiced by SPCP's claim being filed in Canadian currency. SPCP requests that this Court deny the Debtors' objection and allow its claim in its full U.S. currency amount, or alternatively, adjourn the hearing for thirty days as to SPCP's claim. | (a) Claim subject to modification<br><br>(b) Claim subject to modification<br><br>(c) Claim subject to modification |
| 79. | Sunrise Medical, Inc. (Docket No. 5718) | 14176 | Sunrise Medical, Inc. ("Sunrise") filed a "provisional proof of claim" based upon an agreement entered into between Sunrise and the Debtors. Sunrise asserts that the parties have agreed to settle its claim with the Debtors, so long as entry of an order approving the Debtors' objections does not prejudice Sunrise's right to recoupment or setoff that may later arise. | Unsubstantiated – books and records |
| 80. | Symantec Corp. (Docket No. 5597) | 10913 | Symantec Corp., successor by merger of Veritas Software Corp. ("Symantec"), asserts that it is now the holder of Veritas' claim. Symantec alleges it entered into an agreement with the Debtors for an allowed reclamation claim in the amount of $7,909.10. Symantec further asserts that at some time after July 31, 2006, it reviewed its books and records, and discovered that its proof of claim allegedly omitted certain invoices. Symantec now seeks to amend its claim by way of its response to the Debtors' objection. | Unsubstantiated – books and records |
| 81. | Takata Corporation (Docket No. 5641) | 10965 | Takata Corporation ("Takata") asserts that it filed its proof of claim to protect its rights under an executory contract that the Debtors have neither assumed nor rejected. Takata asserts that an estimate of damages cannot be provided until the Debtors either assume or reject the contract. | Unsubstantiated – books and records |
| 82. | Technology Property Ltd. (Docket No. 5625) | 14943-14962, 15151-15170, 15172, 15381-15422 | Technology Property Ltd. ("TPL") asserts that it is the owner of certain patents that allegedly make up the Moore Microprocessor Patent Portfolio ("MMP Portfolio"). TPL alleges that the Debtors have been infringing on rights allegedly protected by the MMP Portfolio since October 9, 1999. TPL asserts that its proofs of claim accurately and fully assert all facts necessary to state a claim. TPL further asserts that the alleged infringement is ongoing postpetition. TPL states that it will not and cannot accurately provide an estimate of its damages until the alleged infringement ceases. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 83. | Teleflex Inc. d/b/a Teleflex Morse (Docket No. 5645)* | 1703 | Teleflex Inc. d/b/a Teleflex Morse ("Teleflex") asserts that the Debtors have not met their burden to modify its claim. Teleflex relies on its proof of claim and the documents attached thereto to support its claim. Teleflex does not include additional documents in its response. | Claim subject to modification |
| 84. | Terrence Evans (Docket No. 5822) | 9451 | Mr. Evans's lawsuit against DAS alleges retaliation, race discrimination, and sex discrimination against Mr. Evans. Mr. Evans asserts that the Debtors have notice of Mr. Evans's litigation, and, consequently, the Debtors' books and records should reflect the pending lawsuit. Mr. Evans further asserts that the Debtors have not met their burden to rebut Mr. Evans's proof of claim. Mr. Evans requests that the court overrule the Debtors' objection. | Unsubstantiated – books and records |
| 85. | Terry R. Mocny (Docket No. 5584) | 3886 | Mr. Mocny, who responded to the First Omnibus Objection (First Response can be found at Docket No. 5205), purchased an aggregate of $20,000 of Delphi Common Stock in 2000 and 2005 and asserts that in November 2005, Delphi sold the stock for $.32 per share for a loss of $17,974.64. Mr. Mocny's response asserts that Fidelity Investment Company and Delphi inappropriately continued to allow employees to invest in Delphi Common Stock in their personal savings plans. | Unsubstantiated – books and records |
| 86. | Tesa AG (Docket No. 5637)* | 11681 | Tesa AG ("Tesa") asserts that its unsecured claim is based on goods allegedly delivered and received by the Debtors, prepetition interest in connection with such goods, and fees, costs, and expenses allegedly incurred in connection with such goods. Tesa also asserts that it is entitled to a right of reclamation in the amount of $151,257.61. Finally, Tesa asserts that the Debtors have not provided enough information to reduce Tesa's claim. | Claim subject to modification |
| 87. | The Cherry Corporation (Docket No. 5653) | 10180 | The Cherry Corporation ("Cherry Corp.") asserts that its claim is based on unpaid prepetition invoices, unpaid reclamation amounts, and certain executory contracts, all of which are allegedly listed on the Debtors' schedules. Cherry Corp. asserts that it has a right to reclamation in the amount of $487,902.68. Cherry Corp. also asserts that the Debtors listed 17 contracts between Cherry Corp. and the Debtors on the Debtors' Schedule G. Cherry Corp. now asserts its claim as follows: (i) $994,316.93 for goods manufactured and delivered to the Debtors, (ii) $194,993 for goods manufactured for but not delivered to the Debtors, and a (iii) $487,902.68 reclamation claim. Cherry Corp. in its response fails to assert its right, if any, to a contingent unliquidated claim for the aforementioned executory contracts.. | Claim subject to modification |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 88. | The City of Wyoming, MI (Docket No. 5698) | 11267 | The City of Wyoming, MI ("Wyoming") asserts that its claim in the amount of $77,273.94 consists of unpaid sewer and water bills invoiced to DAS LLC for property located in Wyoming.  Wyoming further asserts that its claim is secured pursuant to Michigan Compiled Laws 123.162. | Unsubstantiated – books and records |
| 89. | The New York State Department of Environmental Conservation (Docket No. 5734) | (a) 13776<br><br>(b) 13881 | (a) The New York State Department of Environmental Conservation ("DES") asserts that DAS LLC owns and operates two inactive hazardous waste disposal sites in the State of New York (each site is the subject of one of the two proofs of claim).  DEC's proofs of claim are allegedly based on past and estimated future remedial costs relating to the cleanup of contamination at the sites.  Claim No. 13776 is in the amount of $9,962,674.48, of which $9,955,768 consists of estimated and unliquidated future costs.  DES asserts that the Debtors' objections fail to rebut DEC's proofs of claim and that Debtors cannot avoid compliance with their environmental duties through bankruptcy.  DES requests that the Debtors' objection be overruled with respect to DES's claims, and that the court award DES attorneys' fees and costs in connection with its response to the Third Omnibus Claims Objection.<br><br>(b) Claim No. 13881 is in the amount of $407,031.73, of which $405,000 consists of estimated and unliquidated future costs. | (a) Unsubstantiated – books and records<br><br>(b) Unsubstantiated – books and records |
| 90. | The Peerless Transportation Company (Docket No. 5819) | 10686 | The Peerless Transportation Company ("Peerless") asserts that its claim arises from its transportation of waste generated by "Delco's facilities in Kettering and Dayton, Ohio," and potential liability associated therewith.  Peerless asserts that the documentation and other evidence it relies upon is sufficient to support its proof of claim. | Unsubstantiated – books and records |

|  | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 91. | Timken U.S. Co. and U.S. Timken Co. (Docket No. 5796)* | (a) 11706<br><br>(b) 14319 | (a) Timken U.S. Co. ("Timken") asserts that its proof of claim was filed against all of the Debtors, rather than just Delphi, as the Debtors allegedly state.  Timken's claim allegedly arises from unpaid prepetition amounts for goods.  Timken asserts that part of Claim No. 11706 is secured by Timken's alleged right of setoff due to credits owing to the Debtors from Timken in the amount of approximately $25,000.<br><br>(b) The claim of U.S. Timken Co. ("U.S. Timken") claim allegedly arises from the Debtors' unpaid invoices for goods sold and delivered.  U.S. Timken asserts that a portion of its claim is entitled to an administrative expense of almost $2 million based on an assumption agreement that allegedly provides that the Debtors will make the $2 million payment by December 31, 2006 in connection with the assumption of a contract.  U.S. Timken also asserts that part of its claim is secured by its alleged right of setoff dues to credits and other amounts that U.S. Timken owes to the Debtors.  Timken and U.S. Timken attempt to reserve the right to amend and supplement their response as necessary if the court grants the Debtors' claims adjudication procedures motion.  Both Timken and U.S. Timken request that the Debtors' objection be denied, because the Debtors have allegedly not provided a sufficient basis to rebut Timken and U.S. Timken's claims. | (a) Unsubstantiated – books and records<br><br>(b) Claim subject to modification |
| 92. | TIP Engineering Group, Inc. (Docket No. 5711) | 10378 | TIP Engineering Group, Inc. ("TIP"), allegedly the holder of certain patents used by the Debtors in their "air bag" systems, asserts that the Debtors' objection is without merit, because a patent infringement would not normally be reflected on the books and records of the alleged infringing party.  TIP asserts that its prepetition claim totals $721,827.50.  TIP requests that if litigation is necessary, withdrawal of the reference of any such litigation to the U.S. District Court is necessary.  TIP requests that it claim be allowed in its full prepetition amount, because the Debtors have allegedly not met their burden of rebutting TIP's proof of claim. | Unsubstantiated – books and records |
| 93. | TK Holdings, Inc. (Docket No. 5636) | 10964 | TK Holdings, Inc. ("TK Holdings") asserts that its executory contract with the Debtors has been neither assumed nor rejected.  TK Holdings further asserts that an estimate of damages cannot be provided until the Debtors either assume or reject the contract. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 94. | TK Holdings, Inc., Automotive Systems Laboratory, Inc., and Takata Seat Belts, Inc. (Docket No. 5643) | 10570 | TK Holdings, Inc., Automotive Systems Laboratory, Inc., and Takata Seat Belts, Inc. (collectively, "TK Holdings") assert that its executory contract with the Debtors has been neither assumed nor rejected.  TK Holdings further asserts that an estimate of damages cannot be provided until the Debtors either assume or reject the contract. | Unsubstantiated – books and records |
| 95. | Tower Automotive, Inc. (Docket No. 5792) | 15221 | Tower Automotive, Inc. ("Tower"), which filed its claim to preserve its right to recover alleged possible avoidable transfers made by Tower to the Debtors, asserts that its claim is now liquidated in the amount of $2,111,118.  Tower allegedly intends to amend its proof of claim to reflect the liquidated amount.  Tower further asserts that because its claim allegedly arises from its rights under the Bankruptcy Code, the Debtors' justification for objecting to Tower's claim is allegedly inapplicable to Tower's preference claim.  Tower requests that the court deny the Debtors' objection. | Unsubstantiated – books and records |
| 96. | Tremont City Barrel Fill PRP Group (Docket No. 5797) | 10425, 10504 | Tremont City Barrel Fill PRP Group ("Tremont"), whose claim against the Debtors allegedly arises from the Debtors' use of a Tremont City landfill site in Ohio, asserts that the Debtors' objection should be denied.  Tremont further asserts that the Debtors have participated in Tremont since Tremont's inception and have continuously been one of Tremont's largest volume generators.  Tremont attaches to its response all documents allegedly relating to the Debtors' unliquidated liability to Tremont.  Tremont asserts that the Debtors' objection to its claim is without merit and that the Debtors allegedly fail to provide sufficient support to rebut the prima facie validity of Tremont's proofs of claim.  Tremont requests that the Debtors' objection be overruled.  Tremont further requests that if its proofs of claim are not sufficient to establish liability, that it be allowed leave to amend its proofs of claim as necessary.  Lastly, Tremont asserts that it cannot provide an estimate of the total amount of its claim, because the claims are allegedly not contingent in nature. | Unsubstantiated – books and records |
| 97. | Ultratech Inc. (Docket No. 5631) | 12216 | Ultratech Inc. ("Ultratech") asserts that Debtors have understated its claim and that its proof of claim provides sufficient support to allow its claim in the amount of $482,289.98.  Ultratech further asserts that it understated its own claim, and that the correct amount is $492,747.64. | Claim subject to modification |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 98. | Umicore Autocat Canada Corp. (Docket No. 5735)+* | 12924 | Umicore Autocat Canada Corp. ("UACC"), which sold and provided products and services to DAS LLC prepetition and continues to do so postpetition, asserts that the full amount of its proof of claim, except to the extent allowed as a right to reclamation, should be allowed in its full amount less an allegedly agreed upon approximate $80,000 difference between UACC's asserted claim and the Debtors' books and records.  UACC further asserts that the Debtors have failed to provide any basis in their Third Omnibus Claims Objection on which to challenge the remainder of UACC's claim.  UACC requests that its claim be allowed in the full amount less the approximate $80,000. | Claim subject to modification |
| 99. | Universal Tool & Engineering Co., Inc. (Docket No. 5878) | (a) 2175<br><br>(b) 6878<br><br>(c) 11114 | (a) Universal Tool & Engineering Co., Inc.'s ("UTE") Claim No. 2175 is allegedly based on DAS LLC's unpaid rent, unpaid additional improvements to the premises, and UTE's alleged costs to investigate and remediate environmental contamination on the premises.  The months of unpaid rent cover February 1, 2006 through January 31, 2007.  UTE claims that it has mitigated its damages by receiving payments from the Debtors' sub-lessor in the amount of $224,000.  UTE requests that the court overrule the Debtors' objection.<br><br>(b) Claim No. 6878 is allegedly based on four months of DAS LLC's unpaid rent, and costs allegedly incurred by UTE to investigate and remediate environmental contamination on the premises.  The months of unpaid rent include May, 2006 through August, 2006.  UTE requests that the court overrule the Debtors' objection.<br><br>(c) Claim No. 11114 is allegedly based on DAS LLC's unpaid invoices for the development of batteries.  UTE asserts that it is not in possession of any receiving receipts, because those receipts were allegedly kept by DAS LLC.  UTE requests that the court overrule the Debtors' objection. | (a) Claim subject to modification<br><br>(b) Unsubstantiated – books and records<br><br>(c) Claim subject to modification |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 100. | Westwood Associates, Inc. (Docket No. 5806) | 14918 | Westwood Associates, Inc. ("Westwood"), which allegedly supplied the Debtors with certain electronic printed circuit boards pursuant to a prepetition agreement, asserts that the Debtors took delivery of some of the delivered parts and cancelled orders or parts of orders for other parts.  Westwood alleges that the Debtors failed to pay certain cancellation charges related to the cancelled orders.  Westwood asserts that its proof of claim is supported with enough evidence and documentation to support its claim, and that Westwood's claim is not objectionable merely because the Debtors failed to record cancellation charges on their books and records.  Westwood requests that the court overrule the Debtors' objection, or, in the alternative, fix a schedule for litigating Westwood's claim as necessary. | Unsubstantiated – books and records |
| 101. | William Kerscher (Docket Nos. 5583 and 5665) | 9674 | Mr. Kerscher purchased an aggregate of approximately 1,200 shares of Delphi Common Stock between 1999 and 2005 and asserts that he received a check in the amount of $808.62 following Delphi's sale of the stock.  Mr. Kerscher's response asserts that Delphi's false statements filed with the SEC led him to retain his stock.  Mr. Kerscher's claim is in the amount of $15,463. | Unsubstantiated – books and records |
| 102. | William P. Downey (Docket No. 5830) | 12129, 14370 | Mr. Downey alleges that he is currently employed by Delphi and that, during his employment, he participated in a Delphi retirement plan whereby Mr. Downey received Delphi stock.  Mr. Downey asserts that the value of his stock declined when Delphi filed for bankruptcy.  Mr. Downey further asserts that he filed two proofs of claim because he believed that the first proof of claim was sent to the wrong address.  Mr. Downey does not object to one of his claims being expunged as duplicative.  However, Mr. Downey objects to both of his claims being expunged as unsubstantiated.  Mr. Downey asserts that he has a valid claim in the amount of $20,641.44, of which Mr. Downey asserts $6,750.25 is entitled to prepetition priority.  Mr. Downey requests that the Debtors' objection be overruled and that one of his proofs of claim be allowed in the amount of $20,641.44. | Unsubstantiated – books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| Untimely Responses | | | | |
| 103. | Buffalo Check Cashing (Docket No. 5859) | 3026 | Buffalo Check Cashing ("Buffalo") asserts that its claim arises from a wage check it cashed in the amount of $984.35 (Check No. 0232315) on August 31, 2005, after allegedly obtaining proper endorsement from Nicole Baugh. The check was subsequently dishonored by DAS LLC.  Buffalo asserts that it is a holder in due course, and, consequently, it has a valid secured claim against the Debtors for the full amount of the check.  Buffalo's response consists of Robert J. Dubin's sworn affirmation, a copy of the check at issue, and two letters sent by Buffalo to DAS LLC requesting the full amount of the funds.  Buffalo requests that the court overrule the Debtors' objection. | Unsubstantiated – books and records |
| 104. | Lafonza E. Washington (Docket No. 5863) | 257, 264, 288, 297, 1271, 1272, 1334 | Mr. Washington, whose claims arise out of a myriad of allegations, asserts that he is entitled to a priority claim of $30,000,000.  Mr. Washington alleges that JPMorgan Chase violated a court order by not paying all of the Debtors' obligations, whether liquidated or unliquidated. Mr. Washington's response does not specifically request any relief from the court. | Unsubstantiated – books and records |
| 105. | WorldWide Battery Co., LLC (Docket No. 5864) | 2479 | WorldWide Battery Co., LLC ("WorldWide") asserts that its claim arises from Delphi's breach of a contract between WorldWide and Delphi. WorldWide's response sets forth the facts allegedly supporting its claim and the underlying lawsuit.  WorldWide requests an enlargement of time to submit additional evidence in support of its proof of claim.  WorldWide also requests that the court overrule the Debtors' objection as to WorldWide's claim. | Unsubstantiated – books and records |