UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                         :        Chapter 11
                                    :
DELPHI CORPORATION, <u>et al.</u>,        :        Case No. 05-44481 (RDD)
                                    :
                Debtors.        :        (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING CERTAIN (A) CLAIMS WITH INSUFFICIENT
DOCUMENTATION AND (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS
AND RECORDS, (II) MODIFYING CERTAIN CLAIMS, AND (III) ADJOURNING
HEARING ON CERTAIN CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO
<u>11 U.S.C. § 502(c) IDENTIFIED IN THIRD OMNIBUS CLAIMS OBJECTION</u>

("THIRD OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient

Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, (c) Claims Subject

To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To

11 U.S.C. § 502(c), dated October 31, 2006 (the "Third Omnibus Claims Objection"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on

the Third Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient

cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.      Each holder of a claim (as to each, a "Claim") listed on Exhibits A-1, A-2,

B-1, B-2, and C attached hereto was properly and timely served with a copy of the Third

Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order,

and a notice of the deadline for responding to the Third Omnibus Claims Objection.  No other or

further notice of the Third Omnibus Claims Objection is necessary.

B.      The Court has jurisdiction over the Third Omnibus Claims Objection

pursuant to 28 U.S.C. §§ 157 and 1334.  The Third Omnibus Claims Objection is a core

proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Third Omnibus Claims

Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Claims listed on Exhibit A-1 hereto contain insufficient

documentation in support of the Claims asserted (the "Insufficiently Documented Claims").

D.      The Claims list on Exhibit A-2 hereto contain insufficient documentation

in support of the Claims asserted and are untimely pursuant to the Bar Date Order ("Untimely

Insufficiently Documented Claims").

E.      The Claims listed on Exhibit B-1 hereto contain unsubstantiated liabilities

or dollar amounts that are not discernable from the Debtors' books and records ("Unsubstantiated

Claims").

F.      The Claims listed on Exhibit B-2 hereto contain unsubstantiated liabilities

or dollar amounts that are not discernable from the Debtors' books and records and are untimely

pursuant to the Bar Date Order ("Untimely Unsubstantiated Claims").

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein
shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

2

G.    The Claims listed on Exhibit C hereto either were denominated in a

foreign currency or are overstated, including as a result of the assertion of invalid unliquidated

claims ("Claims Subject to Modification").

H.    The relief requested in the Third Omnibus Claims Objection is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.    Each Insufficiently Documented Claim listed on Exhibit A-1 hereto is

hereby disallowed and expunged in its entirety.

2.    Each Untimely Insufficiently Documented Claim listed on Exhibit A-2

hereto is hereby disallowed and expunged in its entirety.

3.    Each Unsubstantiated Claim listed Exhibit B-1 hereto is hereby disallowed

and expunged in its entirety.

4.    Each Untimely Unsubstantiated Claim listed Exhibit B-2 hereto is hereby

disallowed and expunged in its entirety.

5.    Each "Asserted Claim Amount " listed on Exhibit C hereto is hereby

changed to the amount and classification listed as the "Modified Claim Amount" of the Claim.

No Claimant listed on Exhibit C will be entitled to a recovery for any Claim Subject to

Modification in an amount exceeding the dollar value listed as the "Modified Claim Amount" of

the Claim.  The Claims Subject to Modification shall remain on the claims register, and shall

remain subject to future objection by the Debtors and other parties-in-interest.

6.    With respect to any Claim related to an agreement that has been assumed

(an "Assumed Agreement") by the relevant Debtor pursuant to the Order Under 11 U.S.C. §§

3

363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain

Amended And Restate Sole Source Supplier Agreements (the "Supplier Agreement Assumption

Procedures Order"), the Claim shall be allowed to the extent expressly provided by the terms of

the Assumption Agreement (as defined in the Supplier Agreement Assumption Procedures

Order).  If the terms of the Assumption Agreement, and payments thereunder, expressly satisfy

any outstanding Claim, such Claim shall be disallowed and expunged upon the completion of

performance of the Debtors' payment obligations thereunder pursuant to further stipulation of the

parties.

       7.     As to the claimants that have asserted protective claims for potential future

damages resulting from the rejection of executory contracts or unexpired leases by filing proof of

claim numbers 3064, 13821, 13822, 13823, 13824, 13825, 13826, 14176, 14937, 14938, 14939,

and 14940, entry of this order is without prejudice to those claimants' rights under paragraph 8 of

the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009,

2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And

Approving Form And Manner Of Notice Thereof dated April 12, 2006 (Docket No. 3206).

       8.     As to proof of claim numbers 4018, 4409, 10914, 11681, 11721, 11743,

12166, 12370, 13814, 13815, 13816, 13818, and 13819, entry of this order, and the classification

of the claims asserted in such proofs of claim as non-priority general unsecured claims on

Exhibit C hereto, is without prejudice to claimants' otherwise valid rights of reclamation under

section 546 of the Bankruptcy Code, if any, with respect to claims asserted in such proofs of

claim.  Entry of this order is without prejudice to the Debtors' right to object to any such

assertions of rights of reclamation on any grounds whatsoever.

4

9.      The Debtors agree that in the event that Flextronics International Asia-

Pacific Ltd. and/or certain of its affiliates (collectively, "Flextronics") have to disgorge any

portion of the payments received under a certain guaranty provided by a foreign non-Debtor

affiliate of the Debtors for prepetition amounts due to Flextronics under agreements pursuant to

which Flextronics manufactured and supplied various products to the Debtors, Flextronics shall

have a claim, which shall be subject to objection from any party in interest including the Debtors,

against the appropriate Debtor or Debtors in the amount of such disgorged amount and

Flextronics' setoff rights with respect to such disgorged amount shall be preserved and shall in no

way be prejudiced as a result of entry of this Order or otherwise.

10.      CH&I Technologies, Inc. ("CH&I") is hereby authorized to withdraw

proof of claim number 12676 and proof of claim number 12676 is hereby deemed withdrawn

without prejudice to CH&I's right to assert an administrative expense claim pursuant to 11 U.S.C.

§ 503.

11.      As to proof of claim number 14176, entry of this order is without

prejudice to claimants' otherwise valid rights of setoff under section 553 of the Bankruptcy Code

or otherwise valid rights of recoupment, if any, with respect to claims asserted in such proofs of

claim. Entry of this order is without prejudice to the Debtors' right to object to any such

assertions of rights of setoff or recoupment on any grounds whatsoever.

12.      With respect to each Claim for which a timely Response to the Third

Omnibus Claims Objection has been filed and served in compliance with the Third Omnibus

Claims Objection and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And

105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates

And Certain Notice, Case Management, And Administrative Procedures, entered on October 26,

2006 (Docket No. 5418), all of which Claims are listed on Exhibit D-1, D-2, and D-3 hereto, a

hearing to determine the disallowance or estimation of such Claims is adjourned to a future

hearing date to be noticed by the Debtors consistent with and subject to the Order Pursuant To 11

U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,

And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims

And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or

Estimation Of Claims entered contemporaneously herewith.  Notwithstanding the foregoing

sentence, the hearing with respect to the Claims of Cadence Innovations LLC which are subject

to objection pursuant to the Third Omnibus Claims Objection shall be adjourned to January 11,

2007 at 10:00 a.m. (prevailing Eastern time), the hearing with respect to the Claims of Electronic

Data Systems Corp., EDS Information Services LLC, and EDS de Mexico SA de CV which are

subject to objection pursuant to the Third Omnibus Claims Objection shall be adjourned to

January 12, 2007 at 10:00 a.m. (prevailing Eastern time), and the hearing with respect to the

Claims of Robert Bosch GmbH which are subject to objection pursuant to the Third Omnibus

Claims Objection shall be adjourned to a hearing to be agreed by the Debtors and Robert Bosch

GmbH or as further ordered by the Court.

13.    Entry of this order is without prejudice to the Debtors' right to object to

any other claims in these chapter 11 cases, or to further object to claims that are the subject of the

Third Omnibus Claims Objection, on any grounds whatsoever.

14.    Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any claim asserted against any of the Debtors.

15.     This Court shall retain jurisdiction over the Debtors and the holders of

Claims subject to the Third Omnibus Claims Objection to hear and determine all matters arising

from the implementation of this order.

16.     Each Claim and the objections by the Debtors to each Claim as addressed

in the Third Omnibus Claims Objection and as set forth on Exhibits A-1, A-2, B-1, B-2, and C

hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This

order shall be deemed a separate order with respect to each Claim.  Any stay of this order shall

apply only to the contested matter which involves such Claim and shall not act to stay the

applicability or finality of this order with respect to the other contested matters covered hereby.

17.     Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby

directed to serve this order, including exhibits, only on the master service list and the 2002 list.

The Claims Agent is hereby further directed to serve all claimants whose proofs of claim are the

subject of this order with a copy of this order, without exhibits, and a personalized Notice Of

Entry Of Order in the form attached hereto as Exhibit E specifically identifying the Claimant's

proof of claim that is subject to the order, the Court's treatment of such proof of claim, and the

basis for such treatment, as well as advising the Claimant of its ability to view the order with

exhibits free of charge on the Debtors' Legal Information Website.

18.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Third Omnibus Claims

Objection.

Dated: New York, New York
          November  ___, 2006


_____
          UNITED STATES BANKRUPTCY JUDGE