LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
        mitchell.seider@lw.com
        mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |

**THIRD FEE AND EXPENSE APPLICATION COVER**
**SHEET OF LATHAM & WATKINS LLP AS COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| **Name of Applicant:** | Latham & Watkins LLP |
| **Role in Case:** | Counsel to the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 6, 2006 (*nunc pro tunc* to October 17, 2005) |
| **Period Covered:** | June 1, 2006 through September 30, 2006 |
| **Current Application** | |
| **Fees Requested:** | $3,292,173.00 |
| **Expenses Requested:** | $179,565.22 |
| **Total Fees and Expenses Requested:** | $3,471,738.22 |
| **Blended Hourly Rate: (excluding paraprofessionals)** | $498.93 |
| **Blended Hourly Rate: (including paraprofessionals)** | $451.71 |

**This is a(n):**   _x_ interim _ final application.

## SECTION I:  FEE SUMMARY

|                                              | To Date         | Current Period   |
|----------------------------------------------|-----------------|------------------|
| Total Fees Requested:                        | $11,739.026.75  | $3,292,173.00    |
| Total Disbursements Requested:               | $ 706,061.53    | $179,565.22      |
| Total Fees Previously Allowed:               | $ 0.00          | $ 0.00           |
| Total Disbursements Previously Allowed:      | $ 0.00          | $ 0.00           |
| Total Previously Received by Applicant:      | $ 2,903,530.15  | $ 1,413,496.32   |

## SECTION II:  ATTORNEY/OTHER PROFESSIONAL SUMMARY

| Name of Attorney/ Other Professional | Yr. Admitted to Practice | Hourly Rates for 2006 | Hours Billed | Totals |
|---|---|---|---|---|
| **PARTNERS/OF COUNSEL** | | | | |
| ROBERT J ROSENBERG | 1970 | $ 850.00 | 387.30 | $ 329,205.00 |
| DAVID M. BRODSKY | 1970 | $ 825.00 | 1.00 | $ 825.00 |
| DAVID S RAAB | 1988 | $ 825.00 | 1.10 | $ 907.50 |
| JAMES E BRANDT | 1982 | $ 775.00 | 41.90 | $ 32,472.50 |
| MITCHELL A SEIDER | 1987 | $ 775.00 | 450.00 | $ 348,750.00 |
| MARK A. BROUDE | 1989 | $ 750.00 | 367.50 | $ 275,625.00 |
| ALLEN J. KLEIN | 1985 | $ 725.00 | 5.50 | $ 3,987.50 |
| ROBIN L STRUVE | 1987 | $ 695.00 | 2.00 | $ 1,390.00 |
| BRADD WILLIAMSON | 1995 | $ 675.00 | 0.40 | $ 270.00 |
| SUSAN BLOCK-LIEB | 1982 | $ 650.00 | 2.70 | $ 1,755.00 |
| BLAIR G. CONNELLY | 1994 | $ 650.00 | 72.00 | $ 46,800.00 |
| ROBERT E.L. HASTY | 1995 | $ 650.00 | 22.50 | $ 14,625.00 |
| DAVID S. LANGER | 1990 | $ 650.00 | 17.90 | $ 11,635.00 |
| **TOTAL** | | | **1,371.80** | **$ 1,068,247.50** |
| **ASSOCIATES** | | | | |
| HENRY P BAER, JR. | 1997 | $ 570.00 | 239.80 | $ 136,686.00 |
| ADRIENNE K WHEATLEY | 1997 | $ 570.00 | 1.80 | $ 1,026.00 |
| SUSAN H KANE | 1999 | $ 545.00 | 257.50 | $ 140,337.50 |
| KEITH SIMON | 1999 | $ 545.00 | 24.80 | $ 13,516.00 |
| JOSEPH FURST III | 2000 | $ 515.00 | 471.20 | $ 242,668.00 |
| JOHN W. WEISS | 2000 | $ 515.00 | 268.60 | $ 138,329.00 |
| CAROLINE A. RECKLER | 2001 | $ 490.00 | 9.60 | $ 4,704.00 |
| MICHAEL RIELA | 2001 | $ 490.00 | 312.80 | $ 153,272.00 |
| ANDREW M. PURDY | 2003 | $ 460.00 | 68.40 | $ 31,464.00 |
| ERIKA RUIZ | 2002 | $ 460.00 | 396.20 | $ 182,252.00 |
| KELLIE ORTEGA | 2004 | $ 425.00 | 46.70 | $ 19,847.50 |
| EMILY K FINN | 2004 | $ 390.00 | 46.90 | $ 18,291.00 |

2

| | | | | |
|---|---|---|---|---|
| ANTHONY MAUL | 2005 | $ 390.00 | 194.50 | $ 75,855.00 |
| JOEL S NECKERS | 2004 | $ 390.00 | 0.10 | $ 39.00 |
| AARON SIRI | 2004 | $ 390.00 | 35.20 | $ 13,728.00 |
| DENNIS G CRAYTHORN | 2006 | $ 345.00 | 629.90 | $ 217,315.50 |
| SETH R. GOLDSTEIN | 2006 | $ 345.00 | 15.50 | $ 5,347.50 |
| JUDE M GORMAN | 2006 | $ 345.00 | 377.50 | $ 128,305.50[1] |
| CASEY L. HINKLE | 2006 | $ 345.00 | 356.10 | $ 122,854.50 |
| CARTSEN HOHMANN | Bar Pending | $345.00 | 10.00 | $ 3,450.00 |
| JASON A KOLBE | 2006 | $ 345.00 | 47.10 | $ 16,249.50 |
| SARAH M LIGHTDALE | 2006 | $ 345.00 | 89.20 | $ 27,686.25[2] |
| THOMAS R PRICE | 2006 | $ 345.00 | 345.80 | $ 119,301.00 |
| STEVEN E SEITZ | 2006 | $ 345.00 | 24.90 | $ 8,590.50 |
| JENNIFER H SPERLING | 2006 | $ 345.00 | 168.10 | $ 56,183.25[3] |
| KAREN Y TU | 2006 | $ 345.00 | 3.30 | $ 1,138.50 |
| NATHANAEL B YALE | 2006 | $ 345.00 | 168.50 | $ 58,132.50 |
| MELISSA GONZALEZ-PADRON | Bar Pending | $ 305.00 | 1.20 | $ 366.00 |
| ROBERT C. RICHARDS | Bar Pending | $ 305.00 | 103.50 | $ 31,567.50 |
| **TOTAL** | | | **4,714.70** | **$ 1,968,503.00** |

| Name of Attorney/<br>Other Professional | | Hourly<br>Rate | Hours<br>Billed | Totals |
|---|---|---|---|---|
| **NONLAWYER PROFESSIONALS** | | | | |
| DAVON M. COLLINS | Summer Clerk | $ 305.00 | 10.20 | $ 3,111.00 |
| KYLE J. FIET | Summer Clerk | $ 305.00 | 16.10 | $ 4,910.50 |
| JASON R. GALBRAITH | Summer Clerk | $ 305.00 | 2.20 | $ 671.00 |
| ERIC J. GEFFNER | Summer Clerk | $ 305.00 | 26.30 | $ 8,021.50 |
| WENDY HUNG | Summer Clerk | $ 305.00 | 17.20 | $ 5,246.00 |
| STEFANIE C. HYDER | Summer Clerk | $ 305.00 | 22.90 | $ 6,984.50 |
| RACHEL KUI | Summer Clerk | $ 305.00 | 7.40 | $ 2,257.00 |
| DON M. LY | Summer Clerk | $ 305.00 | 9.90 | $ 3,019.50 |
| MIRIAM G. RODGERS | Summer Clerk | $ 305.00 | 43.70 | $ 13,328.50 |
| AARON M. SINGER | Summer Clerk | $ 305.00 | 20.50 | $ 6,252.50 |
| RIFKA M. SINGER | Summer Clerk | $ 305.00 | 24.90 | $ 7,594.50 |
| ANTHONY M. STARK | Summer Clerk | $ 305.00 | 12.10 | $ 3,690.50 |
| KEVIN B. TAM | Summer Clerk | $ 305.00 | 38.00 | $ 11,590.00 |
| ALLEGRA C. WIELS | Summer Clerk | $ 305.00 | 11.50 | $ 3,507.50 |
| JOHNNY L. YEH | Summer Clerk | $ 305.00 | 17.30 | $ 5,276.50 |
| JENNIFER A. WALKER | Paralegal | $ 210.00 | 98.30 | $ 20,643.00 |

---

[1] This amount reflects a 50% reduction for non-working travel time in the amount of $1,932.00.

[2] This amount reflects a 50% reduction for non-working travel time in the amount of $3,087.75.

[3] This amount reflects a 50% reduction for non-working travel time in the amount of $1,811.25.

NY\1205071.3

| | | | | | |
|---|---|---|---|---|---|
| LESLIE ANN SALCEDO | Paralegal | $ 190.00 | 429.90 | $ | 81,681.00 |
| RASSA L AHMADI | Paralegal | $ 175.00 | 3.10 | $ | 542.50 |
| SARITA CHALEN | Paralegal | $ 175.00 | 237.50 | $ | 41,562.50 |
| ANN CANDLER KING | Paralegal | $ 175.00 | 29.20 | $ | 5,110.00 |
| AARON I. MESSING | Paralegal | $ 175.00 | 4.50 | $ | 787.50 |
| SYLVIA A. TAYLOR | Paralegal | $ 165.00 | 119.00 | $ | 19,635.00 |
| **TOTAL** | | | **1,201.70** | | **$255,422.50** |

**TOTAL HOURS AND FEES**                                7,288.20        $3,292,173.00

## SECTION III:  COMPENSATION BY PROJECT CATEGORY

| | Hours Billed | Blended Hourly Rate | Final Totals |
|---|---|---|---|
| Case Administration | 115.60 | $286.51 | $33,121.00 |
| Committee Communications/Meetings | 673.80 | $606.88 | $408,917.00 |
| Retention Issues | 67.60 | $471.60 | $31,880.00 |
| DIP Financing/Cash Collateral | 0.90 | $490.00 | $441.00 |
| Executory Contracts | 198.30 | $503.06 | $99,757.00 |
| Asset Dispositions | 61.90 | $569.52 | $35,253.50 |
| Executive Compensation/Bonuses | 167.20 | $537.72 | $89,907.00 |
| 1113 and 1114 Issues | 558.50 | $511.11 | $285,456.50 |
| Claims | 374.40 | $496.75 | $185,985.00 |
| Fee Applications | 579.60 | $306.86 | $177,856.50 |
| Lien Review | 0.00 | $0.00 | $0.00 |
| Preference & Fraudulent Conveyance | 124.80 | $343.66 | $42,888.50 |
| Disclosure Statement and Plan | 151.90 | $533.04 | $80,969.50 |
| Foreign Affiliates | 1.60 | $515.00 | $824.00 |
| Exit Financing | 0.00 | $0.00 | $0.00 |
| Analysis/Response to Other Motions | 224.50 | $496.33 | $111,426.00 |
| Other Chapter 5 Actions | 3,022.70 | $434.32 | $1,312,804.50 |
| SEC and Class Action Issues | 78.60 | $557.74 | $43,838.00 |
| Non-Working Travel Time | 39.60 | $172.50 | $6,831.00 |
| Intercompany Claims | 100.10 | $404.01 | $40,441.50 |
| Environmental Issues | 55.90 | $464.80 | $25,982.50 |

4

| | | |
|---|---|---|
| Tax Matters | 1.10 | $825.00 | $907.50 |
| Asset Analysis & Recovery | 6.90 | $593.70 | $4,096.50 |
| Business Operations | 84.90 | $601.42 | $51,060.50 |
| Employee Benefits/Pensions | 314.00 | $415.88 | $130,587.50 |
| Fee/Employment Applications | 101.90 | $386.34 | $39,368.00 |
| Fee/Employment Objections | 168.40 | $271.03 | $45,641.50 |
| Financing | 0.00 | $0.00 | $0.00 |
| Relief from Stay Proceedings | 13.50 | $439.37 | $5,931.50 |
| **TOTAL HOURS AND FEES** | **7,288.20** | **$451.71** | **$3,292,173.00** |

## SECTION IV:  EXPENSE SUMMARY

| Expenses[4] | | Amount |
|---|---|---|
| a. | Airfare & Trainfare | $2,813.19 |
| b. | Color Copying/Printing | $6.00 |
| c. | Deposition | $12,256.39 |
| d. | Docket Copies | $2,336.96 |
| e. | Federal Express | $2,365.78 |
| f. | Ground Transportation | $272.00 |
| g. | Ground Transportation – Local | $10,908.46 |
| h. | Lexis | $21,768.01 |
| i. | Meal Credits | $12,015.57 |
| j. | Meals | $104.57 |
| k. | Meals- Local | $12,837.60 |
| l. | Messenger/Courier | $414.15 |
| m. | Other Database Research | $2,973.19 |
| n. | Outside Services (non-attorney) | $4,622.28 |
| o. | Parking | $20.00 |
| p. | Photocopying | $17,424.74 |
| q. | Postage | $97.02 |

---

[4] Certain expenses included in this Application were incurred prior to June 1, 2006, and are included herein due to accounting delays.

5

| | | |
|---|---|---:|
| r. | Telecopying | $37.50 |
| s. | Telephone | $27,577.30 |
| t. | Transcript | $11,638.50 |
| u. | Trip Expense | $792.59 |
| v. | <u>Westlaw</u> | <u>$36,283.42</u> |
| | **TOTAL** | **$179,565.22** |

NY\1205071.3

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
        mitchell.seider@lw.com
        mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**THIRD FEE AND EXPENSE APPLICATION OF LATHAM & WATKINS LLP AS**
**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to sections 330 and 503(b)(1)(A) of chapter 11 of Title 11 of the United States

Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the

"Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines" collectively with the Local Guidelines, the

"Guidelines"), Latham & Watkins LLP ("Latham"), as counsel to the Official Committee of

Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation

and its debtor affiliates (collectively, the "Debtors"), respectfully submits this third application

(the "Application") for allowance of compensation totaling $3,292,173.00 and reimbursement of

expenses totaling $179,565.22, incurred during the period from June 1, 2006 through

September 30, 2006 (the "Compensation Period").

In support of this Application, Latham respectfully represents as follows:

**Background**

2.        On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned

debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of

Title 11 of the United States Code, as amended (the "Bankruptcy Code").  On October 14, 2005,

three additional Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code.  The

Debtors are continuing in possession of their property and are operating their businesses, as

debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.        The Committee was appointed in these cases by the Office of the United States

Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.[1]

4.        On November 17, 2005, the Committee filed that certain Application of the

Official Committee of Unsecured Creditors for Order Authorizing and Approving the

Employment and Retention of Latham & Watkins LLP as Counsel, Nunc Pro Tunc to October

17, 2005 (the "Retention Application.")  On January 6, 2006, this Court entered an order

approving the retention of Latham, *nunc pro tunc* to October 17, 2005.

5.        By Order dated November 4, 2005 (the "Administrative Order"), the Court

established a procedure for interim compensation and reimbursement of expenses for all

---

[1] The following members were originally appointed to the Committee: (a) Capital Research and Management
Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale
Semiconductor, Inc.; (e) IUE-CWA and (f) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as
Indenture Trustee.  Flextronics International Asia-Pacific, Ltd., has since resigned from the Committee and has been
replaced with Tyco Electronics Corporation.  In addition, the Pension Benefit Guaranty Corporation and the
International Union, United Automobile, Aerospace and Agricultural Implement Workers of America have been
added as *ex officio* members of the Committee.

2

professionals in these cases.  In particular, the Administrative Order provides that, absent

objection, upon the expiration of twenty days after the service of monthly fee statements, the

Debtors are authorized to pay each professional serving such monthly fee statements an amount

equal to 80 percent of the fees and 100 percent of the expenses requested in their respective

monthly fee statements.

6.      Pursuant to the Administrative Order, Latham has served monthly fee statements

in these cases for the months of June, July, August and September, 2006 (collectively, the

"Monthly Statements").  To date, the Debtors have paid to Latham $1,333,857.80 in fees and

$79,638.52 in expenses incurred during the Compensation Period in accordance with the

procedures set forth in the Administrative Order.

7.      On May 31, 2006, Latham filed its first fee application covering the period from

the October 17, 2005 through January 31, 2006.  On July 31, 2006, Latham filed is second fee

application covering the period from February 1, 2006 through May 31, 2006.  On July 13, 2006

this Court entered an order scheduling a hearing on October 19, 2006, to consider all pending fee

applications for interim or final court approval of compensation and reimbursement of expenses.

On October 13, 2006 this Court entered an order rescheduling a hearing on the first and second

fee applications until November 30, 2006.

8.      By this Application, Latham seeks interim allowance of compensation and

reimbursement of expenses incurred during the Compensation Period as reflected in Latham's

Monthly Statements.  Latham also seeks payment of all outstanding holdbacks owing with

respect to the Monthly Statements.

9.      The supervisory responsibility for Latham's efforts on behalf of the Committee

has been undertaken by Robert J. Rosenberg.  Mr. Rosenberg is the global co-head of Latham's

Insolvency Practice Group and a partner in Latham's New York office.  Mr. Rosenberg is a 1967

graduate of Columbia University and a 1970 graduate of Harvard Law School.

### Summary of Services Performed During the Compensation Period

10.    As reflected in the attached Third Fee and Expense Application Cover Sheet (the

"Cover Sheet"), Latham has rendered 7,288.20 hours of legal services in representation of the

Committee during the Compensation Period.  Based upon the nature of the services rendered, the

time required to provide such services, the value of such services to the Committee and the cost

of comparable services in non-bankruptcy cases, Latham believes that the allowed compensation

for services rendered to the Committee should be not less than $3,292,173.00.  This total

represents 7,288.20 hours of Latham attorney and other professional time, at a blended average

hourly rate of $451.71.  The hourly rate for each attorney and other professional who performed

services for the Committee during the Compensation Period is set forth in the Cover Sheet.

11.    In accordance with the Local Guidelines, a detailed chronological narrative of the

time spent (divided among twenty nine (29) descriptive billing categories--22 adopted by Latham

since its retention in these cases and 7 implemented by the Fee Committee as of September 1,

2006), the dates and descriptions of the services rendered, and the identity of the attorneys and

other professionals who provided such services on behalf of the Committee during the

Compensation Period, are attached hereto as Exhibits A-1, A-2, A-3 and A-4 (collectively, the

"Billing Detail," which is incorporated herein by reference).[2]

---

[2] Exhibits A-1, A-2, A-3 and A-4 are copies of Latham's Monthly Statements for June, July, August and September, respectively.  Certain redactions are reflected in Latham's Monthly Statements to protect confidential and privileged information contained therein.  Section III of the Cover Sheet contains a summary of Latham's services, organized by project category.

12.     Latham respectfully supplements the attached Billing Detail with the following narrative summary of services rendered by Latham during the Compensation Period, organized by category:

a) **Case Administration**.  Latham rendered a total of 115.60 hours and $33,121.00 in services falling within the category of "Case Administration."  This category includes, among other things:  (i) Latham's services rendered in connection with general administration of these cases; (ii) reviewing, organizing or responding to various documents received; (iii) preparing for and attending omnibus hearings; (iv) reviewing Committee professionals' reports and summaries; (v) addressing scheduling issues; (vi) maintaining a case calendar; (vii) monitoring press reports relating to the Debtors' cases; (viii), monitoring the docket in these cases; (ix) conferring with Committee professionals to coordinate the handling of various matters; (x) monitoring the status of various matters and (xi) conducting fundamental due diligence and analysis of critical documents and issues.

b) **Committee Communications/Meetings.**  Latham rendered a total of 673.80 hours and $408,917.00 in services falling within the category of "Committee Communications/Meetings."  This category includes Latham's services rendered in connection with preparing for and attending regularly scheduled committee and subcommittee meetings, meetings with the Debtors, and related communications to the Committee, its professionals, and other parties in interest in these cases.

c) **Retention Issues.**  Latham originally established this category to include services rendered in connection with the retention of numerous professionals in these cases, including but not limited to Latham, Mesirow Financial Consultants, Warner Stevens LLP, Steven Hall & Partners, and the Debtors' various professionals.  In addition to professional retention services,

NY\1205071.3

this category also included Latham's review of various retention applications and supplemental disclosures filed in these cases, as well as the preparation of its own continuing disclosures. On September 1, 2006, after the Fee Committee implemented its billing protocols, this category was closed. Before September 1, 2006, Latham rendered a total of 67.60 hours and $31,880.00 in services falling within this category.

d) **DIP Financing/Cash Collateral.** Latham originally established this category to include services rendered in connection with the Debtors' post-petition financing and cash collateral-related issues. On September 1, 2006, after the Fee Committee implemented its billing protocols, this category was closed. Prior to September 1, 2006, Latham rendered a total of 0.90 hours and $441.00 in services within this category.

e) **Executory Contracts.** Latham originally established this category to include services rendered in connection with the Debtors' numerous executory contracts and unexpired leases of nonresidential real property. This category also included Latham's analysis of, negotiation with respect to, and the Committee's response to the Debtors' Motion for Order Under 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Certain Executory Contracts with General Motors Corporation. On September 1, 2006, after the Fee Committee implemented its billing protocols, this category was closed. Prior to September 1, 2006, Latham rendered a total of 198.30 hours and $99,757.00 in services falling within this category.

f) **Asset Dispositions.** Latham rendered a total of 61.90 hours and $35,253.50 in services falling within the category of "Asset Dispositions." This category includes all of Latham's services rendered in addressing the Debtors' disposition of certain assets, and analyzing the effects of such asset dispositions on value to be realized by the Debtors' estates and unsecured creditors.

6

g) **Executive Compensation/Bonuses.** Latham originally established this category to include services rendered in connection with compensation and bonus issues arising in these cases. This category also included Latham's services rendered in connection with the Debtors' Motion for Order Under §§ 105 and 363 Authorizing the Debtors to Implement a Key Employee Compensation Program, including negotiations respecting the Debtors' proposed AIP program, the analysis of potential executive claims and the review of various employment contracts. On September 1, 2006, after the Fee Committee implemented its billing protocols, this category was closed. Prior to September 1, 2006, Latham rendered a total of 167.20 hours and $89,907.00 in services falling within this category.

h) **1113 and 1114 Issues.** Latham originally established this category to include services relating to labor, pension and OPEB issues arising in these cases, including extensive analysis, legal research and the preparation of various memoranda. This category also included preparation for, and attendance at, multiple hearings regarding the Debtors' various proposed Attrition Programs. On September 1, 2006, after the Fee Committee implemented its billing protocols, this category was closed. Prior to September 1, 2006, Latham rendered a total of 558.50 hours and $285,456.50 in services falling within this category.

i) **Claims.** Latham rendered a total of 374.40 hours and $185,985.00 in services falling within the category of "Claims." This category includes Latham's services rendered in connection with analysis of, and response to, various claims that have been or may be asserted against the Debtors and various setoff, recoupment and reclamation requests asserted against the Debtors.

j) **Fee Applications.** Latham originally established this category to include services rendered in reviewing, analyzing and responding to monthly fee statements and second fee

applications served to date by professionals retained in these cases.  This category also included

Latham's preparation of its own monthly statements and second fee application, and Latham's

oversight of, and assistance provided to, Committee members and Committee professionals in

their preparation of monthly fee statements, fee applications and expense reimbursement requests

in an effort to ensure (i) adherence with local rules and procedures, and (ii) that all necessary

confidential and strategic information was uniformly redacted from such statements.  On

September 1, 2006, after the Fee Committee implemented its billing protocols, this category was

closed.  Prior to September 1, 2006, Latham rendered a total of 579.60 hours and $177,856.50 in

services falling within this category.

      k)  **Lien Review.**  Latham did not provide any services falling within the category of

"Lien Review."  On September 1, 2006, this category was closed in accordance with the billing

protocols established by the Fee Committee.

      l)  **Preference & Fraudulent Conveyance.**  Latham rendered a total of 124.80

hours and $42,888.50 in services falling within the category of "Preference & Fraudulent

Conveyance."  This category includes Latham's legal research and analysis of potential

preference and fraudulent conveyance actions which may be pursued by the Debtors, the

Committee or an estate representative in these cases.

      m) **Disclosure Statement & Plan.**  Latham rendered a total of 151.90 hours and

$80,969.50 in services falling within the category of "Disclosure Statement & Plan."  This

category includes legal research and analysis with respect to the Debtors' formulation of a plan

and disclosure statement, including analysis of various possible plan scenarios and issues that

may arise in these cases in connection therewith.

n) **Foreign Affiliates.** Latham originally established this category to include services rendered in connection with the research and analysis of various transactions relating to the Debtors' foreign affiliates and joint ventures. On September 1, 2006, after the Fee Committee implemented its billing protocols, this category was closed. Prior to September 1, 2006, Latham rendered a total of 1.60 hours and $824.00 in services falling within this category.

o) **Exit Financing**. Latham did not provide any services falling within the category of "Exit Financing" during the Compensation Period. On September 1, 2006, this category was closed in accordance with the billing protocols established by the Fee Committee.

p) **Analysis & Response to Other Motions.** Latham originally established this category to include its review, analysis and research regarding various motions filed in these cases to the extent that such motions did not fall under any other category. This category also included Latham's preparation and filing of responses to various motions during the Compensation Period, and Latham's preparation for, and attendance at, hearings in connection therewith. On September 1, 2006, after the Fee Committee implemented its billing protocols, this category was closed. Prior to September 1, 2006, Latham rendered a total of 224.50 hours and $111,426.00 in services falling within this category.

q) **Other Chapter 5 Actions.** Latham rendered a total of 3,022.70 hours and $1,312,804.50 in services falling within the category of "Other Chapter 5 Actions." This category includes Latham's extensive services rendered in connection with the analysis and investigation of potential actions under Chapter 5 of the Bankruptcy Code, other than preference and fraudulence actions, including the equitable subordination of claims.

r) **SEC and Class Action Issues.** Latham rendered a total of 78.60 hours and $43,838.00 in services falling within the category of "SEC and Class Action Issues." This

9

category includes Latham's services rendered in connection with the review and analysis of materials related to (i) investigations being conducted by the Securities and Exchange Commission and the Department of Justice and (ii) class action complaints filed against the Debtors and current and former officers and directors of the Debtors.

s) **Non-Working Travel.** Latham rendered a total of 39.60 hours and $6,831.00 in services falling within the category of "Non-Working Travel." This category includes non-working time spent by Latham's attorneys traveling for Delphi related business. All such time has been billed at 50% of Latham's regular billing rates, as is customary in this jurisdiction.

t) **Intercompany Claims.** Latham originally established this category to include its services rendered in connection with the review, research and analysis of intercompany claims issues among the Debtors and their non-debtor affiliates. On September 1, 2006, after the Fee Committee implemented its billing protocols, this category was closed. Prior to September 1, 2006, Latham rendered a total of 100.10 hours and $40,441.50 in services falling within this category.

u) **Environmental Issues.** Latham originally established this category to include its services rendered in connection with analysis of various environmental liability scenarios with respect to potentially contaminated property. On September 1, 2006, after the Fee Committee implemented its billing protocols, this category was closed. Prior to September 1, 2006, Latham rendered a total of 55.90 hours and $25,982.50 in services falling within this category.

v) **Tax Matters**. Latham rendered a total of 1.10 hours and $907.50 in services falling within the category of "Tax Matters." This category includes the review of various tax sharing agreements.

10

w) **Asset Analysis & Recovery.** Latham opened this category, effective September 1, 2006, in accordance with the billing protocols established in these cases by the Fee Committee. Since September 1, 2006, Latham has rendered a total of 6.90 hours and $4,096.50 in services falling within the category of "Asset Analysis & Recovery." This category includes research and analysis with respect to potential claims recovery scenarios that may arise in these cases.

x) **Business Operations.** Latham opened this category, effective September 1, 2006, in accordance with the billing protocols established in these cases by the Fee Committee. Since September 1, 2006, Latham has rendered a total of 84.90 hours and $51,060.50 in services falling within the category of "Business Operations." This category includes the review and analysis of various operational issues and motions filed by the Debtors in connection with the operation of the Debtors' businesses.

y) **Employee Benefits/Pensions.** Latham opened this category, effective September 1, 2006, in accordance with the billing protocols established in these cases by the Fee Committee. Since September 1, 2006, Latham has rendered a total of 314.00 hours and $130,587.50 in services falling within the category of "Employee Benefits/Pensions." This category includes services rendered in connection with labor, pension, OPEB and executive compensation issues arising in these cases, including extensive analysis, legal research, preparation of various memoranda and attendance at various hearings and status conferences relating to potential employee claims, employment contracts and the Debtors' proposed Key Employee Compensation Program.

z) **Fee/Employment Applications.** Latham opened this category, effective September 1, 2006, in accordance with the billing protocols established in these cases by the Fee

NY\1205071.3

Committee.  Since September 1, 2006, Latham has rendered a total of 101.90 hours and

$39,368.00 in services falling within the category of "Fee/Employment Applications."  This

category includes the preparation of Latham's Monthly Statements, as well as Latham's

oversight of, and assistance provided to, Committee members and Committee professionals in

the preparation of their monthly fee statements, fee applications and expense reimbursement

requests.  Latham has undertaken this work in an effort to ensure (i) adherence with local rules

and procedures, and (ii) that all necessary confidential and strategic information was uniformly

redacted from such statements.

      **aa) Fee/Employment Objections.**  Latham opened this category, effective September

1, 2006, in accordance with the billing protocols established in these cases by the Fee

Committee.  Since September 1, 2006, Latham has rendered a total of 168.40 hours and

$45,641.50 in services falling within the category of "Fee/Employment Objections."  This

category includes the review and analysis of, and responses to, monthly fee statements and

second interim fee applications filed and served by professionals retained in these cases.

      **bb) Financing.**  Latham opened this category, effective September 1, 2006, in

accordance with the billing protocols established in these cases by the Fee Committee.  Latham

did not provide any services falling within this category between September 1, 2006 and the end

of the Compensation Period.

      **cc) Relief from Stay Proceedings.**  Latham opened this category, effective

September 1, 2006, in accordance with the billing protocols established in these cases by the Fee

Committee.  Since September 1, 2006, Latham has rendered a total of 13.50 hours and $5,931.50

in services falling within the category of "Relief from Stay Proceedings."  This category includes

the review and analysis of various motions filed in these cases seeking relief from the automatic

stay, as well as motions alleging recoupment or setoff rights against the Debtors.

**Latham's Staffing and Internal Procedures**.

13.     Latham has made a conscious effort in this case to provide the Committee with

high quality legal services at the lowest possible cost.  Whenever possible, rather than

"reinventing the wheel," Latham has drawn upon the considerable expertise of its senior partners

to obtain quick answers to difficult questions without the need for expensive and time consuming

legal research.  Where research has been required, Latham has utilized the low billing rates of

junior lawyers, resulting in considerable savings for the Debtors.

14.     A number of specialist attorneys have billed small amounts of time in support of

Latham's representation of the Committee.  The isolated and limited work done by these experts

highlights one of the benefits of a global law firm such as Latham:  when discrete issues arise,

Latham can leverage the expertise of its specialists around the world, removing the need to train

non-specialists on the issue or hire a separate law firm altogether.  This efficient use of firm

resources minimizes costs for the Debtors' estates while providing the Committee with the

highest-quality legal services.

15.     Latham believes that it has been efficient in avoiding duplication of effort and

keeping fees and costs at the lowest level possible.  Latham also believes that the attached

Billing Detail reflects the actual, fair and reasonable value of the legal expertise provided to the

Committee during the Compensation Period.

## Disbursements

16.     Latham expended a total of $179,565.22 for reasonable and necessary expenses in connection with its representation of the Committee during the Compensation Period.[3]  In accordance with the Guidelines, Section IV of the Cover Sheet attached hereto contains an organized summary of these expenses.

17.     Latham does not include a profit component in its disbursements, and charges the Debtors only for Latham's actual out-of-pocket expenses.  Photocopy charges are billed at $0.17 per page and outgoing faxes are billed at $1.25 per page.

## Certification

18.     As required by the Guidelines, a certification that the facts set forth in this Application are true and correct, and that this Application complies with the Guidelines, is attached hereto as Exhibit B.

## Latham is a Disinterested Person and Holds No Adverse Interest

19.     All professional services and expenses for which allowance is requested in this Application were performed by Latham on behalf of the Committee and not on behalf of any other entity or person.  As described in the Affidavit of Robert J. Rosenberg of Latham & Watkins LLP Pursuant to Sections 329, 504 and 1103 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (together with subsequent supplemental affidavits, the "Rosenberg Affidavit") previously filed by Latham in these cases: (i)  Latham holds neither a claim against, nor an interest in, the Debtors, and no beneficial interest in the Debtors, directly or indirectly, has been acquired or transferred by Latham or for Latham's benefit since the commencement of these cases; (ii) Latham represents no interest adverse to the

---

[3] Certain expenses included in this application were incurred prior to February 1, 2006, and are included herein due to accounting delays.

14

Debtors with respect to matters upon which it is engaged and (iii) Latham is a "disinterested person" under section 101(14) of the Bankruptcy Code.

20.    No agreement or understanding exists between Latham and any other person or entity for the sharing of compensation received or to be received for services rendered in connection with these proceedings, except that fees will be shared with other partners of Latham as permitted by Bankruptcy Rule 2016 and section 504 of the Bankruptcy Code.

## Reservation of Rights

21.    To the extent that charges for services rendered or expenses incurred during the Compensation Period are inadvertently excluded from this Application for any reason, Latham hereby reserves the right to request approval and payment of such charges in future fee applications.

NY\1205071.3

WHEREFORE, Latham respectfully requests that this Court enter an order: (i) allowing Latham's request for compensation in the sum of $3,292,173.00 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Compensation Period; (ii) directing the Debtors to pay to Latham the full amount of such compensation to the extent not already paid and (iii) directing the Debtors to reimburse Latham in the amount of $179,565.22 for actual, reasonable and necessary expenses incurred during the Compensation Period, to the extent not already reimbursed.

Dated: New York, New York
      November  29, 2006

LATHAM & WATKINS LLP

By: /s/ Robert J. Rosenberg
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone:  (212) 906-1200

Attorneys for the Official Committee of Unsecured Creditors

16