HOWARD & HOWARD ATTORNEYS, P.C.
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI  48304-5151
(248) 645-1483
Jeffrey A. Sadowski (P28163)
Sara K. MacWilliams (P67805)

*Intellectual Property Counsel for Delphi Corporation, et al.,*
*Debtors and Debtors-in-Possession*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                        :
                In re                   :        Chapter 11
                                        :
        DELPHI CORPORATION, et al.,     :        Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :        (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**THIRD INTERIM FEE APPLICATION OF**
**HOWARD & HOWARD ATTORNEYS, P.C. FOR**
**ALLOWANCE OF COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**


Name of Applicant:                      Howard & Howard Attorneys, P.C.

Period for Which Compensation
And Reimbursement is Sought:            June 1, 2006 through September 30, 2006

Authorized to Provide
Professional Services to:               Debtors

Date of Retention:                      January 3, 2006 effective *nunc pro tunc*
                                        to October 8, 2005

Amount of Compensation and
Expense Reimbursement Sought
As Actual, Reasonable and Necessary:

| | | | |
|---|---|---|---|
| Third Interim Application Period | Fees Requested: | $ | 186,833.00 |
| June 1, 2006 through September 30, 2006 | Expenses Requested | $ | 10,247.53 |

| | | | |
|---|---|---|---|
| **Total Sought for Compensation And Expenses in Third Interim Application Period** | **Total Fees and Expenses:** | **$** | **197,080.53** |

| | | |
|---|---|---|
| Amounts Requested on Prior Fee Applications: | Fees Previously Requested: | $295,974.00 |
| | Fees Previously Awarded: | $0.00 |
| | Expenses Previously Requested: | $29,717.59 |
| | Expenses Previously Awarded: | $0.00 |
| | Holdback from Prior Application: | At least $31,733.30[1] |

---

[1] This amount represents the full twenty percent (20%) of $21,355 of the fees on the Second Interim Application that were incurred but not billed during the Compensation Period covered by the Second Fee Application, and ten percent (10%) of the other fees described in the First and Second Fee Applications incurred between October 8, 2006 and May 31, 2006, and ten percent (10%) of the remainder of fees on the First and Second Interim Applications. The calculation is as follows: $4,271 (20% of $21,355) plus $27,462.30 (10% of fees incurred *and* billed October 8, 2005 – May 31, 2005) = $31,733.30.

**Hearing Date and Time:  To be Set by the Court**
**Objection Deadline:  To be Set by the Court**

HOWARD & HOWARD ATTORNEYS PC
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304
(248) 723-0318
Jeff A. Sadowski (P28163)
Sara K. MacWilliams (P67805)

Intellectual Property Counsel for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
          In re                             :     Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :     Case No. 05-44481 (RDD)
                                            :
                        Debtors.    :     (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**NOTICE OF FILING OF THIRD INTERIM FEE APPLICATION OF HOWARD**
**AND HOWARD ATTORNEYS, P.C. FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

**PLEASE TAKE NOTICE** that on November 30, 2006, Howard & Howard Attorneys

P.C. ("Howard & Howard"), Intellectual Property Counsel to the Debtor and certain of its

subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), filed its Third Interim Fee Application for Allowance of

Compensation and Reimbursement of Expenses (the "Fee Application").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Fee

Application will be held on a date and at a time to be set by the Court (the "Hearing") before the

Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, Room 610, New York, New York 10004.

#227254-v1

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Fee Application

must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Order Under 11 U.S.C. §§ 330

and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals (the "Guidelines") (c) be filed with the Bankruptcy Court in accordance with

General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing

system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (d) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi

Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to

the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the

Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue,

New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel for the agent under the

postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New

York 10017 (Att'n:  Marlane Melican), (v) counsel for the Official Committee of Unsecured

Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n:

Robert J. Rosenberg and Mark A. Broude), and (vi) the Office of the United States Trustee for

the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York

10004 (Att'n:  Alicia M. Leonhard), (vii) Howard & Howard  Attorneys, P.C., 39400 Woodward

Avenue, Suite 101, Bloomfield Hills, Michigan 48304 (Att'n: Sara K. MacWilliams) and

(viii) the Joint Fee Review Committee established by this Court's Third Supplemental Order, in

each case so as to be **received** no later than the deadline for objections to be established by the Court (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Guidelines will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Fee Application are timely filed and served in accordance with the procedures set forth herein and in the Guidelines, the Bankruptcy Court may enter an order granting Howard & Howard's request for compensation for services rendered and reimbursement of expenses without further notice.

Respectfully submitted,

**HOWARD AND HOWARD ATTORNEYS, P.C.**

By:    */s/ Sara K. MacWilliams*
　　　　　Jeffrey A. Sadowski (P28163)
　　　　　Sara K. MacWilliams (P67805)
　　　　　39400 Woodward Avenue, Suite 101
　　　　　Bloomfield Hills, Michigan  48304-5151
　　　　　Phone: (248) 723-0327
Dated: November 30, 2006　　　Email: skm@h2law.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION et al.,                          Chapter 11
                                                    Case No. 05-44481 (RDD)

                                    Debtors.

_____/                  (Jointly Administered)


### THIRD INTERIM FEE APPLICATION
### OF HOWARD & HOWARD ATTORNEYS, P.C.,
### INTELLECTUAL PROPERTY COUNSEL TO DEBTORS,
### FOR INTERIM ALLOWANCE OF COMPENSATION
### AND REIMBURSEMENT OF EXPENSES
### FOR THE PERIOD JUNE 1, 2006 THROUGH SEPTEMBER 30, 2006


Howard & Howard Attorneys, P.C. ("Howard & Howard"), Intellectual Property Counsel to Delphi Corporation and certain of its subsidiaries and affiliates, debtors-in-possession in the above captioned cases (collectively, the "Debtors"), pursuant to §§ 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), submits this Third Interim Fee Application for interim allowance of reasonable compensation for actual and necessary professional services in the aggregate amount of $186,833.00, and for reimbursement of its actual, reasonable and necessary expenses in the aggregate amount of $10,247.53, for a total aggregate amount of $197,080.53, and respectfully states:

## BACKGROUND

1.      On October 8, 2005 (the "Petition Date") the Debtors filed their respective voluntary petitions with this Court under Chapter 11 of the Bankruptcy Code. Since the filing of their respective Chapter 11 cases, the Debtors have continued in possession of their respective

properties and businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and

1108. The Debtors' Chapter 11 bankruptcy cases are being jointly administered.    On

December 6, 2005, Debtors filed their application to retain Howard & Howard (pursuant to

11 U.S.C. § 327(e)) as Intellectual Property Counsel to Debtors.  On January 3, 2006, the Order

approving the Debtors' employment of Howard & Howard as Intellectual Property Counsel was

approved with such approval being effective *nunc pro tunc* to the Petition Date.

## JURISDICTION

2.    This Court has jurisdiction over this Third Interim Fee Application pursuant to

28 U.S.C. § 157.   This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The statutory

authority for the relief requested in this Third Interim Fee Application is Bankruptcy Code

§§ 330 and 331.

## SUMMARY OF REQUESTED PROFESSIONAL
## COMPENSATION AND EXPENSE REIMBURSEMENTS

3.    This Third Interim Fee Application has been prepared in accordance with the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the

"UST Guidelines"), the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals dated November 4, 2005 (the

"Interim Compensation Order"), the Supplemental Order Under 11 U.S.C. § 331 Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professional dated

March 8, 2006 ("Supplemental Interim Order"), the Second Supplemental Order Under

11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of

Expenses for Professionals dated March 28, 2006 ("Second Supplemental Order"), the Third

Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals dated May 5, 2006 ("Third Supplemental

Order"), the Fourth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for

Interim Compensation and Reimbursement of Expenses of Professionals dated July 12, 2006

("Fourth Supplemental Order"), and the Fifth Supplemental Order Under 11 U.S.C. § 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals ("Fifth Supplemental Order").    (Collectively, the foregoing orders and

supplemental orders, the Local Guidelines and the UST Guidelines are hereinafter the

"Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with same

is attached hereto as **Exhibit A**.

4.    Howard & Howard files this interim application and seeks allowance herein of

reasonable compensation for actual and necessary professional services rendered to the Debtors

in the aggregate amount of $186,833.00 in fees both incurred and billed between June 1, 2006

and September 30, 2006 (the "Compensation Period").

5.    Howard & Howard is engaged as intellectual property counsel.  All of Howard &

Howard's billing entries are, pursuant to the Joint Fee Review Committee's instructions, labeled

with a task code.  The task code "23HH" was designed specifically to reflect intellectual property

legal work, and is defined as "Intellectual property related legal services relating to patent

representation primarily focusing on preparation of patent applications and prosecution of

applications."   Any work not falling under task code 23HH pertains to administrative and

compliance tasks mandated by the Court and the Joint Fee Review Committee.

6.    Howard & Howard also seeks an aggregate of $10,247.53 in actual, reasonable expenses.

7.    Pursuant to the Guidelines, Howard & Howard provides (i) Delphi Corporation, (ii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (iii) counsel for the  official committee of unsecured creditors appointed in these cases (the "Committee"), (iv) Skadden, Arps, Slate, Meagher & Flom LLP, (v) counsel for the agent under the Debtors' pre-petition credit facility, (vi) counsel for the agent under the Debtors' postpetition credit facility, (vii) the Joint Fee Review Committee established by this Court's Third Supplemental Order, with a monthly fee statement for professional services rendered and expenses incurred on behalf of the Debtors, along with a detailed report of time entries and expenses.

8.    As of the date of this Application, Howard & Howard has received a total of $133,427.25 for professional fees and expenses incurred during the Compensation Period. However, Howard & Howard anticipates that by the time of the hearing on this Third Interim Fee Applications, Howard & Howard will have received Eighty Percent (80%) of its fees sought in this Third Interim Fee Application, and One Hundred Percent (100%) of the expenses sought.

9.    Initially, with each payment received, Twenty Percent (20%) of Howard & Howard's fees for professional services during the Compensation Period had been held back by the Debtors pursuant to the Interim Compensation Order pending the Court's order.  However, pursuant to the Fourth Supplemental Order, Howard & Howard received one half of all holdback amounts attributable to services rendered from October 8, 2005 through May 31, 2006.  Thus, Howard & Howard seeks approval and payment of all remaining holdback amounts at this time. In addition, Howard & Howard seeks approval, allowance in full, and full payment (*i.e.*, without

any holdback) of all fees and expenses for services which Howard & Howard rendered as described in this Third Interim Fee Application.

9.      The fees sought by this Third Interim Fee Application reflect an aggregate of 1,260.95 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the estate. Of the aggregate time expended, 246.8 recorded hours were expended by partners, 348.45 recorded hours were expended by associates, 21.4 recorded hours were expended by patent agents, and 644.3 recorded hours were expended by intellectual property paraprofessionals.[2]

10.      During the Compensation Period, Howard & Howard's hourly billing rates for attorneys working on these matters ranged from $75.00 to $395.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $148.16 ($186,833 total fees ÷ 1,260.95 total hours).  Applicant believes that the services rendered by Howard & Howard have conferred significant benefit on the bankruptcy estate.  Applicant believes that its billing rates in these Chapter 11 cases, which reflect Applicant's customary billing rates, are "reasonable billing rates" for purposes of this Court's determination of the "reasonableness" of the fees for services rendered. Howard & Howard's customary billing rates (and the fact that these rates are subject to annual adjustment in accordance with Howard & Howard's standard practices) were disclosed in the retention papers, which have been approved by this Court. The rates charged by Applicant are reasonable and are

---

[2] Howard & Howard takes great care to ensure that all work is performed at the most efficient rate.  This is accomplished by relying heavily on highly skilled intellectual property paraprofessionals and associates, who are closely supervised.  Therefore, if a more senior professional meets or corresponds with a less skilled one (for example, a partner and an associate, or an associate and a paralegal), the more senior professional is instructing and supervising the other.

consistent with customary rates charged by similar firms. If this case were not a case under the Bankruptcy Code, Applicant would charge and expect to receive, on a current basis, an amount at least equal to the amounts requested herein for professional services.

11.     Pursuant to the Guidelines, annexed hereto as **Exhibit B** is a schedule setting forth all Howard & Howard professionals and paraprofessionals who have performed services in these Chapter 11 cases for which payment is sought in this Third Interim Fee Application, the capacities in which each such individual is employed by Howard & Howard, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, the year in which each professional was first licensed to practice law and the year in which each professional graduated from law school.

12.     Pursuant to the Guidelines, annexed hereto as **Exhibit C** is a summary by project category of the fees generated by the services for which payment is sought in this Third Interim Fee Application and for each project category, a list of each person providing services, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

13.     Annexed hereto as **Exhibit D** is a schedule specifying the categories of expenses for which Howard & Howard is seeking reimbursement and the total amount for each such expense category.

14.     All of the services for which interim compensation is sought were rendered to the Debtors solely in connection with these cases, in furtherance of the duties and functions of the Debtors and not on behalf of any individual creditor or other person.

15.    Howard & Howard has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

16.    Howard & Howard has neither shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Howard & Howard or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

17.    Howard & Howard serves its monthly fee statements to: (i) Delphi Corporation, (ii) counsel for the Official Committee of Unsecured Creditors, (iii) the U.S. Trustee, (iv) Skadden, Arps, Slate, Meagher & Flom LLP, (v) counsel for the agent under the Debtors' pre-petition credit facility, (vi) counsel for the agent under the Debtors' post-petition credit facility; (vii) the Joint Fee Review Committee. To date, no objections have been raised regarding any of such monthly fee statements.

18.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Interim Application, Howard & Howard reserves the right to request additional compensation for such services and reimbursement of such expenses.

## STATUTORY BASIS FOR RELIEF SOUGHT

19.    The statutory basis for the relief sought herein are §§ 330 and 331 of the Bankruptcy Code, as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure. Applicant seeks compensation for actual, necessary professional services rendered and

reimbursement of reasonable expenses incurred on behalf of the Debtors during the Application

Period. Bankruptcy Code § 330(a)(1) provides that the Bankruptcy Court may award

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner,

professional person, or attorney and by any paraprofessional person employed by any such

person; and (B) reimbursement for actual, necessary expenses.  Section 330(a)(3)(A) provides:

> In determining the amount of reasonable compensation to be awarded, the court
> shall consider the nature, the extent, and the value of such services, taking into
> account all relevant factors, including (A) the time spent on such services; (B) the
> rates charged for such services; (C) whether the services were necessary to the
> administration of, or beneficial at the tine at which the service was rendered
> toward the completion of, a case under this title; (D) whether the services were
> performed within a reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem, issue or task addressed; and
> (E) whether the compensation is reasonable based on the customary compensation
> charged by comparably skilled practitioners in cases other than cases under this
> title.

Section 331 governs the allowance of interim compensation to professionals and

provides:

> any professional person employed under section 327 or 1103 of this title may
> apply to the court not more than once every 120 days after an order for relief in a
> case under this title, or more often if the court permits, for such compensation for
> services rendered before the date of such an application or reimbursement for
> expenses incurred before such date as is provided under section 330 of this title.
> After notice and a hearing, the court may allow and disburse to such applicant
> such compensation or reimbursement.

The policy of § 330 is to ensure that qualified attorneys will not be "deterred from taking

bankruptcy cases due to a failure to pay adequate compensation."  *Ames Dep't Stores*, 76 F.3d at

72 (*citing UNR Indus.*, 986 F.2d at 210).

The courts examination of the reasonableness of the services rendered must be conducted

in "an objective manner, based upon what services a reasonable lawyer or legal firm would have

performed…"  *Ames Dep't Stores*, 76 F.3d at 72 (*citing In re Matter of Taxman Clothing Co.*, 49

F.3d 310, 315 (7th Cir. 1995)).

### SUMMARY OF SERVICES PROVIDED AND EXPENSES INCURRED

20.     Howard & Howard has rendered substantial professional services on behalf of the Debtor including the evaluation of inventions and drafting, filing and prosecuting of numerous patent applications.

### AMOUNT APPLICANT HAS SOUGHT AND RECEIVED

21.     Applicant has previously filed two interim applications with the Court. The First Interim Application seeks $98,553.00 for professional fees incurred between October 8, 2005 and January 31, 2006 and $19,710.10 for expenses incurred during such time period, for a total of $118,263.70. The Second Interim Fee Application seeks $197,421.00 for professional fees incurred between February 1, 2006 and May 31, 2006 and $10,006.89 for expenses incurred during such time period, for a total of $207,427.89. As of the date of this Third Interim Fee Application, no objections have been filed to Applicant's First or Second Interim Fee Applications.

22.     Applicant submitted Monthly Fee statements as required by this Court's Interim Compensation Order for the months of June 2006 through September 2006. As of the date of this Third Interim Application, Applicant has received a total of $133,427.25 for professional fees and expenses incurred during the Compensation Period.

### CONCLUSION

**WHEREFORE,** Howard & Howard respectfully requests that this Court enter an order (i) approving and allowing Howard & Howard's application for compensation for professional services in the amount of $186,833.00, and reimbursement for actual and necessary expenses in the amount of $10,247.53, for a total aggregate amount of $197,080.53; (ii) authorizing and directing the Debtors to forthwith pay to Howard & Howard the full $197,080.53 (without any

holdback), or, if applicable, the difference between the amount allowed hereunder and the amounts (if any) previously paid to Howard & Howard to be applied to said allowed amount; and (iii) granting such other and further relief as is proper.

Respectfully submitted,

**HOWARD AND HOWARD ATTORNEYS, P.C.**

By: *    /s/ Sara K. MacWilliams*

Jeffrey A. Sadowski (P28163)
Sara K. MacWilliams (P67805)
39400 Woodward Avenue, Suite 101
Bloomfield Hills, Michigan  48304-5151
Phone: (248) 723-0327

Dated: November 30, 2006

Email: skm@h2law.com