Hearing Date: March 22, 2007, at 10:00 a.m. (EST)<br>
Objection Deadline: March 15, 2007 at 4:00 p.m. (EST)

WILMER CUTLER PICKERING HALE
 AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
Charles Davidow (CD-7297)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
                               :
     In re                     :    Chapter 11
                               :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                               :
                    Debtors.   :    (Jointly Administered)
                               :
------------------------------ x

**THIRD INTERIM APPLICATION OF WILMER CUTLER PICKERING HALE
AND DORR LLP, SPECIAL REGULATORY COUNSEL FOR THE AUDIT
COMMITTEE OF THE BOARD OF DIRECTORS OF DELPHI CORPORATION,
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
EXPENSES INCURRED FROM JUNE 1, 2006 THROUGH SEPTEMBER 30, 2006**

| | |
|---|---|
| Name of Applicant: | Wilmer Cutler Pickering Hale and Dorr LLP |
| Authorized to Provide Professional Services to: | Audit Committee of the Board of Directors of Delphi Corporation |
| Date of Retention Order: | December 2, 2005 (effective as of October 8, 2005) |
| Period for Which Compensation and Reimbursement is Sought: | June 1, 2006 – September 30, 2006 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $76,704.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $179,398.06 |
| Amount of Compensation Previously Received or Expected: | $61,363.40 |
| Amount of Expense Reimbursement Previously Received: | $179,398.06 |
| **Total Amount Sought By This Application:** | **$256,102.31** |

Wilmer Cutler Pickering Hale and Dorr LLP ("WCPHD"), special regulatory counsel for the Audit Committee (the "Audit Committee") of the Board of Directors (the "Board") of Delphi Corporation ("Delphi" and, together with the other debtors in the above-captioned proceedings, the "Debtors"), as and for WCPHD's second interim application, pursuant to Section 330(a) of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the allowance of compensation for professional services rendered and for reimbursement of expenses incurred in connection with such services for the period from June 1, 2006, through September 31, 2006 (the "Application Period"), respectfully represents:

## Background

1. Since 2004, as previously disclosed by Delphi, the Securities and Exchange Commission ( the "SEC") and other authorities have been investigating Delphi's accounting and adequacy of disclosures for a number of transactions (the "SEC Investigation"). The transactions being investigated include transactions in which Delphi received rebates or other lump-sum payments from suppliers, certain off-balance sheet financings of indirect materials and inventory, and the payment in 2000 of $237 million in cash, and the subsequent receipt in 2001 of $85 million in credits, as a result of certain settlement agreements entered into between Delphi and General Motors Corporation.

2. The Audit Committee undertook to examine the circumstances giving rise to the SEC Investigation and to take appropriate actions with respect thereto, including disciplinary actions and communicating with the SEC and other authorities. In 2004, the Company retained WCPHD to represent the Audit Committee for these purposes. In connection with the SEC Investigation, WCPHD has reviewed documents, interviewed relevant personnel, advised the

2

Audit Committee and the Board, communicated with the SEC and other authorities, and performed related tasks.

3.      On October 8, 2005 (the "Petition Date"), Delphi and certain other of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On November 9, 2005, the Debtors filed an application (the "WCPHD Application") seeking authority under Section 327(e) of the Bankruptcy Code to employ WCPHD as special regulatory counsel to the Audit Committee with respect to the SEC Investigation, effective as of the Petition Date, in accordance with the terms set forth in the Declaration and Disclosure Statement of Charles Davidow, a partner of WCPHD, and an engagement letter between WCPHD and Delphi, submitted in support of the WCPHD Application. The WCPHD Application was approved under an order of the Court entered on December 2, 2005.

## Jurisdiction and Venue

5.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Compliance With Guidelines and Orders Governing
## Applications for Compensation and Reimbursement of Expenses

6.      This Application has been prepared in accordance with (i) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines" and, collectively with the Local Guidelines, the "Guidelines"); (ii) the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals in these cases, entered on November 4, 2005, as supplemented (the "Interim Compensation Order"); and (iii) the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered on April 18, 2006 (the "Joint Interest Order" and, together with the Interim Compensation Order, the "Fee Application Orders"). The certification of Charles Davidow, as required under the Local Guidelines, is attached hereto as Exhibit A.

### Summary of Application

7. WCPHD seeks interim allowance of compensation for professional services rendered to the Audit Committee during the period of June 1, 2006 through September 30, 2006, in the aggregate amount of $76,704.25, and for reimbursement of expenses incurred in connection with the rendition of WCPHD's services during the Application Period in the aggregate amount of $179,398.06, for a total award of $256,102.31. During the Application Period, WCPHD attorneys and paraprofessionals expended a total of 161.80 hours for which compensation is requested, at a blended average hourly rate of $474.07. WCPHD attorneys expended a total of 140.00 hours during the Application Period for which compensation is requested, at a blended hourly rate for attorneys only of $520.38.

8. WCPHD is only seeking compensation for services rendered to the Audit

4

Committee for services as described herein and in the WCPHD Application.

### Payments Previously Sought And Received By Counsel

9. On May 1, 2006, WCPHD filed its First Interim Application For Allowance Of Compensation For Services Rendered And Expenses Incurred From October 8, 2005 Through January 31, 2006 [Docket No. 3549]. To date, no objections to that Application have been filed.

10. On July 31, 2006, WCPHD filed its Second Interim Application For Allowance Of Compensation For Services Rendered And Expenses Incurred From February 1, 2006 Through May 31, 2006 [Docket No. 4739]. To date, no objections to that Application have been filed.

11. As authorized under the Fee Application Orders, WCPHD timely submitted fee statements for the periods of (ii) June 1, 2006 through June 30, 2006, (ii) July 1, 2006 through July 31, 2006, (iii) August 1, 2006 through August 30, 2006, and (iv) September 1, 2006 through September 30, 2006. No objections have been received with respect to any of these monthly fee statements. The table below summarizes the compensation for professional services and reimbursement of expenses that WCPHD has sought and received (or expects to receive) with respect to services provided and expenses incurred during the Application Period:

| Period | Fees Sought | Fees Received or Expected (80%) | Unpaid Fees (20%) | Expenses Sought | Expenses Received or Expected | Unpaid Expenses |
|---|---|---|---|---|---|---|
| June 1 thru June 30, 2006 | 31,930.50 | 25,544.40 | 6,386.10 | 4,115.82 | 4,115.82 | 0.00 |
| July 1 thru July 31, 2006 | 20,248.75 | 16,199.00 | 4,049.75 | 510.65 | 510.65 | 0.00 |
| August 1 thru August 31, 2006 | 6,757.50 | 5,406.00 | 1,351.50 | 174,548.72 | 174,548.72 | 0.00 |
| September1 thru September 30, 2006 | 17,767.50 | 14,214.00 | 3,553.50 | 222.87 | 222.87 | 0.00 |
| TOTALS | 76,704.25 | 61,363.40 | 15,340.85 | 179,398.06 | 179,398.06 | $0.00 |

5

12.     WCPHD maintains computerized records of the time spent by all WCPHD attorneys and paraprofessionals in connection with its special retention. For the convenience of the Court and all parties in interest, a schedule setting forth the number of hours expended during the Application Period by each of the partners, counsel, associates, and paraprofessionals of WCPHD who rendered services to the Audit Committee, their respective hourly rates, and the year of first bar admission for each WCPHD attorney is attached hereto as **Exhibit B**. A schedule specifying the actual and necessary out-of-pocket expenses during the Application Period for which WCPHD is seeking reimbursement, and the total amount for each such expense category, is attached as **Exhibit C**. Pursuant to Section II.D of the UST Guidelines, a schedule setting forth a description of the project categories utilized by WCPHD for this case during the Application Period, the number of hours expended by the partners, associates, and paraprofessionals by project category, and the aggregate fees associated with each project category, is attached hereto as **Exhibit D**.

13.     A schedule setting forth the time records of WCPHD attorneys and paraprofessionals during the Application Period is attached as **Exhibit E**. In accordance with the Fee Application Orders, the time entries listed in Exhibit B have been redacted to remove "Confidential Time Records" (as defined in the Joint Interest Order). WCPHD filed an unredacted version of Exhibit E under seal, and provided copies thereof to all "Designated Recipients," as defined in the Joint Interest Order.

### Professional Services Provided By WCPHD

14.     Delphi retained WCPHD in August 2004 to conduct an investigation arising out of a subpoena Delphi received from the SEC. The Audit Committee assumed control of the investigation. In addition to conducting an independent investigation, WCPHD advised the

6

Audit Committee on appropriate actions with respect thereto, including disciplinary actions and communication with the SEC and other authorities.

15. WCPHD's ongoing representation of the Audit Committee includes communicating with the Debtors, the Board, the Audit Committee, counsel for the Special Committee that is investigating certain derivative claims, and the Official Committee of Unsecured Creditors (the "Creditors' Committee") in an effort to keep them apprised of critical issues related to the SEC Investigation, and related tasks. WCPHD also assisted the Audit Committee during the Application Period with responses to questions and information requests for the SEC staff. On October 30, 2006, the SEC commenced and simultaneously settled with the Company a lawsuit alleging violations of federal securities laws. WCPHD negotiated that settlement with the SEC.

16. During the Application Period, WCPHD also prepared and filed monthly fee statements and its second interim fee application as required under the Fee Application Orders, and conducted an extensive supplemental review of its client records to identify WCPHD's connections with the entities referenced in Bankruptcy Rule 2014(a) and to determine whether additional disclosures were appropriate.

## Disbursements

17. As set forth in Exhibit "C" hereto, WCPHD disbursed $5,348.49 as actual and necessary expenses incurred in providing professional services during the Application Period. In addition, WCPHD incurred costs in the amount of $174,049.57 for services rendered and costs incurred by PricewaterhouseCoopers ("PwC"). PwC has assisted WCPHD in this matter as referenced in the Debtors' application to retain PwC under 11 U.S.C. §§ 327(a) and 328, which approved by an order of the Court dated June 21, 2006. PwC's bills are attached as **Exhibit F**.

In accordance with the Guidelines, these charges cover WCPHD's direct, out-of-pocket operating costs, which costs are not incorporated into the WCPHD hourly billing rates.

18. With respect to photocopying expenses, WCPHD is charging $0.10 per page, which is equal to or less than the rate WCPHD typically charges its clients and is less that the maximum rate set by the Guidelines. Only clients who actually use services of the types set forth in Exhibit "C" are separately charged for such service. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow WCPHD to cover the related expenses of its photocopying service. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

19. None of the travel expenses of WCPHD attorneys included herein were for first-class airfare, luxury accommodations, or deluxe meals.

### The Requested Compensation Should Be Allowed

20. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including ---
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the

completion of, a case under this title;

   (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

   (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(3).

  21. In the instant case, WCPHD respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors' reorganization efforts. WCPHD further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

  22. During the Application Period it was critical that WCPHD perform various services on behalf of the Audit Committee in connection with the SEC Investigation, including reviewing, analyzing, and producing documents, responding to questions and providing information to the SEC staff and other authorities, advising the Audit Committee and the Board with respect to the same, providing information to the Creditors' Committee and the Special Committee of the Board that is charged with investigating certain derivative claims, and performing related tasks.

  23. The services rendered by WCPHD were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved in the SEC Investigation. Approval of the compensation sought herein is warranted.

9

### Statements of WCPHD

24.  The compensation requested by WCPHD is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

25.  No agreement or understanding exists between WCPHD and any other person for a sharing of compensation received or to be received for services rendered in or in connection with these Chapter 11 cases, nor shall WCPHD share or agree to share the compensation paid or allowed from the Debtors' estates for such services with any other person. The foregoing, as supplemented by the Certification of Charles Davidow, attached hereto as Exhibit "A," constitutes the statement of WCPHD pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

26.  No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by WCPHD.

### Waiver of Memorandum of Law

27.  Pursuant to Local Bankruptcy Rule 9013-1(b), because there are no novel issues of law presented by this Application, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Application.

### Notice

28.  This Application is being filed and service in accordance with the Fee Application Orders.

WHEREFORE, WCPHD respectfully requests: (i) interim allowance of compensation for professional services rendered as special regulatory counsel for the Audit Committee in the amount of $76,704.25 in fees for the Application Period; (ii) the reimbursement of actual and necessary disbursements incurred by WCPHD on behalf of the Audit Committee during the Application Period in the amount of $179,398.06 ; and (iii) such other and further relief as is just.

Dated: Washington, D.C.
       November 30, 2006

Respectfully submitted,

WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
Charles Davidow (CD-7297)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation

 /s/ Charles Davidow
Charles Davidow (CD-7297)

**EXHIBIT A**
**Certification of Charles Davidow**

Hearing Date: March 22, 2007, at 10:00 a.m.(EST)
Objection Deadline: March 15, 2007 at 4:00 p.m. (EST)

WILMER CUTLER PICKERING HALE
 AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
Charles Davidow (CD-7297)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                               :
    In re                      :    Chapter 11
                               :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                               :
                    Debtors.   :    (Jointly Administered)
------------------------------ x

## CERTIFICATION OF CHARLES DAVIDOW

I, Charles Davidow, certify as follows:

1.  I am a partner in the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WCPHD"). I submit this certification with respect to the application (the "Application")[1] of WCPHD as special regulatory counsel for the Audit Committee of the Board of Directors of Delphi Corporation in the above-captioned cases for interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred during the period of June 1, 2006 through September 30, 2006.

2.  I make this certification in accordance with General Order M-151, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of New York on April 19, 1995 (the "Local Guidelines").

   3.  In connection therewith, I hereby certify that:

    (a) I have read the Application;

    (b) To the best of my knowledge, information, and belief formed after reasonable inquiry, the professional fees and disbursements sought in the Application fall within the Local Guidelines and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines");

    (c) Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought in the Application are billed at rates customarily employed by WCPHD and generally accepted by WCPHD's clients;

    (d) In providing a reimbursable service, WCPHD does not make a profit on that service, whether the service is performed by WCPHD in-house or through a third party; and

    (e) Pursuant to the Guidelines and the Fee Application Orders, each of the following parties has been served with a copy of the Application containing unredacted Confidential Time Entries (as defined in the Joint Interest Order), simultaneously with the filing thereof under seal: the Debtors and their counsel; the U.S. Trustee; counsel to the Creditors Committee; and any other Designated Recipients (as defined in the Joint Interest Order).

(f) Copies of the Application have been filed and served upon certain other parties in interest in accordance with the procedures specified in the Fee Application Orders.

Dated: Washington, D.C.
November 30, 2006

          /s/ Charles Davidow
          Charles Davidow

3

# EXHIBIT B
## FEE TOTALS BY PROFESSIONAL

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WCPHD's "Confidential Time Records" and other detailed information has been redacted from this filing.  An unredacted version of this Exhibit B has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order.  A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

# EXHIBIT C
## EXPENSE TOTALS

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WCPHD's "Confidential Time Records" and other detailed information has been redacted from this filing.  An unredacted version of this Exhibit C has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order.  A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

## EXHIBIT D
## HOURS BILLED BY PROJECT CATEGORY

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WCPHD's "Confidential Time Records" and other detailed information has been redacted from this filing. An unredacted version of this Exhibit D has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order. A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

# EXHIBIT E
## DETAILED TIME ENTRIES

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WCPHD's "Confidential Time Records" and other detailed information has been redacted from this filing. An unredacted version of this Exhibit E has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order. A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

# EXHIBIT F
## PRICEWATERHOUSECOOPERS BILLS

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WCPHD's "Confidential Time Records" and other detailed information has been redacted from this filing. An unredacted version of this Exhibit F has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order. A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.