SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
                                     :
        In re                        :   Chapter 11
                                     :
DELPHI CORPORATION, et al.,          :   Case No. 05-44481 (RDD)
                                     :
               Debtors.              :   (Jointly Administered)
                                     :
-------------------------------------------------- x
```

## THIRD SUPPLEMENTAL DECLARATION AND STATEMENT OF JOHN WM. BUTLER, JR. UNDER FED. R. BANKR. P. 2014 AND 2016

JOHN WM. BUTLER, JR., being duly sworn, deposes and says:

1.      I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom
LLP (collectively, "Skadden") which maintains offices for the practice of law at 333 West
Wacker Drive, Chicago, Illinois 60606-1285 and Four Times Square, New York, New York
10036.  On October 8, 2005, I filed a declaration executed by me on October 8, 2005 (the
"Declaration") pursuant to 11 U.S.C. §§ 327 and 329 and Rules 2014 and 2016 of the
Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the
Application For An Order Under 11 U.S.C. §§ 327(a) And 329 And Fed. R. Bankr. P. 2014
And 2016 (I) Authorizing The Employment And Retention Of Skadden, Arps, Slate,
Meagher & Flom LLP And Affiliates As Attorneys For Debtors-in-Possession And (II)
Scheduling A Final Hearing Thereon, filed contemporaneously therewith by Delphi
Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and
debtors-in-possession in the above-captioned cases (collectively, the "Debtors").  Pursuant
to an interim order entered October 14, 2005, and a final order entered November 4, 2005,
this Court authorized the retention of Skadden to serve as the Debtors' principal
restructuring and bankruptcy counsel.  Skadden has represented, and continues to represent,
the Debtors in their chapter 11 cases since the filing of the Debtors' chapter 11 petitions.

2.      On May 31, 2006, in connection with the filing of the First Interim
Application Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates, Counsel To
The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation
And Reimbursement Of Expenses (Docket No. 3975), I filed a supplemental declaration
executed by me on May 31, 2006 (Docket No. 3973) (the "First Supplemental Declaration")

2

and on August 1, 2006, in connection with the Second Interim Application Of Skadden,

Arps, Slate, Meagher & Flom LLP And Affiliates, Counsel To The Debtors-In-Possession,

Seeking Allowance And Payment Of Interim Compensation And Reimbursement Of

Expenses (Docket No. 4796), I filed a second supplemental declaration executed by me on

August 1, 2006 (Docket No. 4810) (the "Second Supplemental Declaration" and,

collectively with the Declaration and the First Supplemental Declaration, the "Prior

Declarations").  The First and Second Supplemental Declarations were filed pursuant to

Bankruptcy Rules 2014 and 2016 to supplement the disclosures made in the Declaration

and to provide additional disclosures regarding the results of Skadden's continued client

database research of parties appearing in these cases subsequent to the filing of the

Declaration.

       3.     Prior to the execution of the Prior Declarations, Skadden performed

extensive relationship and disclosure research with respect to the Debtors' affiliates,

directors and officers, joint owners of the Debtors' affiliates, fifty largest unsecured

creditors (on a consolidated basis as of September 2005 as determined by the Debtors),

counterparties to major contracts, major lenders, shareholders owning more than 5% of

outstanding shares, professionals, utility companies, counterparties to major leases,

insurance providers, major vendors, major customers, non-Debtor parties to collective

bargaining agreements with the Debtors, indenture trustees, underwriters of securities,

major litigation parties, state and governmental agencies, and Judges and United States

Trustees for the United States Bankruptcy Court for the Southern District of New York.

The disclosures in the Prior Declarations were based on that research.

3

4.      As indicated in the Prior Declarations, since the commencement of these cases, Skadden has engaged in extensive further inquiry of its partners, counsel, and associates with respect to the matters contained in the Declaration, including the circulation (and review of responses) of a special "disinterestedness" questionnaire to each of its more than 1,700 attorneys.  In addition, Skadden conducted additional queries of its client databases regarding possible relationships with, or connections to, the parties that filed formal notices of appearance in these cases (the "Rule 2002 Entities"), the parties on the master service list (the "Master Service List Parties"), and certain other parties who have been actively involved in these cases or otherwise identified to Skadden.

5.      Skadden is filing this third supplemental declaration (the "Third Supplemental Declaration") to supplement the disclosures in the Prior Declarations and to provide additional disclosures regarding the results of its continued client database research of the parties that have appeared in these cases and other additional due diligence.  Skadden will continue to conduct further due diligence and research of its client databases and inquiries of its attorneys and will file additional supplemental declarations regarding its retention, including periodic supplemental declarations anticipated to be filed at or about the time that future fee applications are filed in these cases, to the extent necessary.

6.      Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto. Certain of the disclosures herein, however, relate to matters within the knowledge of other attorneys at Skadden and are based on information provided by them.

4

7.     Except as otherwise set forth in the Prior Declarations and herein, to the extent known by me after reasonable inquiry, Skadden, through its partners, counsel, and associates, (a) does not have any connections with the Debtors or their affiliates, their creditors, the United States Trustee for the Southern District of New York (the "U.S. Trustee") or any person employed in the office of the U.S. Trustee, or any other party-in-interest, or their respective attorneys and accountants, (b) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and (c) does not hold or represent any interest adverse to the Debtors' estates.

8.     As disclosed in the Prior Declarations, Skadden does not represent and has not represented any entity, other than the Debtors, in matters related to these chapter 11 reorganization cases.  Skadden has, however, in the past represented, currently represents, and likely in the future will represent certain creditors of the Debtors and other parties-in-interest in matters unrelated to the Debtors, the Debtors' reorganization cases, or such entities' claims against or interests in the Debtors.  To the extent known by me after reasonable inquiry, the identity of these creditors and other parties-in-interest were disclosed in the Prior Declarations or are disclosed in this Third Supplemental Declaration. Skadden's representation of these entities has not affected and will not affect the firm's representation of the Debtors in these cases.  Skadden does not represent these entities in any matters adverse or related to the Debtors.  Most of the firm's representations of these parties consist of representations in episodic transactional matters.

5

<u>Supplemental Due Diligence And Disclosures</u>

9.      Subsequent to the filing of the Prior Declarations, Skadden has performed additional searches of its client databases through October 31, 2006 for the Rule 2002 Entities, the Master Service List Parties, retained professionals, and certain other parties-in-interest.  Based on such subsequent client database queries, Skadden has determined that it represents or has represented (in addition to those entities previously disclosed in the Prior Declarations) certain creditors or other parties-in-interest (or in some cases their affiliates or other related parties as indicated) on matters unrelated to the Debtors as follows:

10.     <u>Counterparty To A Major Contract</u>:  An affiliate of TXU Energy Retail Company LP.

11.     <u>Counterparty To A Major Lease Financing Agreement:</u>  An affiliate of Comerica Leasing.

12.     <u>Insurance Providers</u>:  The Hartford; the special committee of the board of directors of an affiliate of Lexington Insurance Company; and the audit committee of the board of directors of an affiliate of U.S. Specialty Insurance Company.

13.     <u>Lender</u>:  Cyrus Capital Partners.

14.     <u>Major Litigation Parties</u>:  An affiliate of Banco Central Do Brasil (Central Bank of Brazil) and an affiliate of Hutchinson Seal Corporation.

15.     <u>Major Parties-In-Interest</u>:  Ripplewood Holdings L.L.C. and Third Avenue Management LLC.

6

16.    <u>Major Vendors</u>:  An affiliate of Assembleon America, Inc. and an affiliate of Contech Construction Products, Inc.

17.    <u>Members Of Ad Hoc Trade Creditors Committee</u>:  King Street Capital Management, L.L.C. and Merrill Lynch Credit Products, LLC.

18.    <u>Professional</u>:  Houlihan Lokey Howard & Zukin, Inc.

19.    <u>Rule 2002 Parties, Parties Actively Involved In These Cases, And Master Service List Parties</u>:[1]  A public company that owns a minority interest in Ametek, Inc.; an affiliate of Rotron Incorporated; Eliot Spitzer's gubernatorial campaign committee and attorney general campaign committees;[2] and an affiliate of Taylor Hobson Ltd.

20.    Skadden is one of the largest law firms in the world, with approximately 1,700 attorneys located in 22 offices in 11 nations.  The firm has a diverse client base.  Indeed, for the period beginning November 1, 2005 and ending October 31, 2006, no single client accounted for more than 3.68% of Skadden's total value of time billed to client matters for that period.  No single client referenced in this Third Supplemental Declaration accounted for more than 1.00% of the value of time charged to client matters during that period.

---

[1]    Skadden has reviewed the docket in these cases for the names of entities filing requests for notices pursuant to Bankruptcy Rule 2002 through October 31, 2006.  The Debtors have also added certain parties to the Master Service List in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates, Certain Notice, Case Management, And Administrative Procedures entered by this Court on October 26, 2006 (Docket No. 5418).  For purposes of disclosure, Skadden conducted client database research through October 31, 2006 for all of the aforementioned entities.  Unless otherwise stated, Skadden has not conclusively determined the relationship and/or affiliation between the Debtors and the entity filing or otherwise making the request for notices pursuant to Bankruptcy Rule 2002.  Many of the names included in the other sections of this Third Supplemental Declaration also filed such requests and, therefore, to the extent previously disclosed, are not set forth in this section.

[2]    On August 18, 2006, Eliot Spitzer, as Attorney General of the State of New York, filed a notice of appearance on behalf of the Department of Taxation and Finance of the State of New York.

7

21.     Since the filing of the Second Supplemental Declaration on August 1, 2006, Skadden has hired three associates (the "Screened Employees") who, while previously employed at other law firms, represented certain creditors or other parties-in-interest ("Parties-in-Interest") in connection with matters related to the Debtors and these chapter 11 reorganization cases.  To ensure that the Screened Employees will not have any involvement in Skadden's representation of the Debtors, Skadden has established a formal screening procedure or "ethical wall" to ensure that there are no communications or exchanges of information protected as confidential or as client secrets between lawyers or legal assistants working on behalf of the Debtors and the Screened Employees regarding such employees' prior work on behalf of Parties-in-Interest.

<u>Further Due Diligence</u>

22.     Skadden has instituted and is carrying on further inquiries of its partners, counsel, and associates with respect to the matters contained herein.  Skadden will file supplemental declarations regarding this retention if any additional relevant information comes to its attention.

23.     Skadden intends to conduct further database queries and file supplemental declarations, to the extent necessary, at or about the time of filing its fourth interim fee application in these chapter 11 cases, unless further disclosure is warranted at an earlier date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

8

Executed on November 30, 2006, at New York, New York


      /s/ John Wm. Butler, Jr.
      JOHN WM. BUTLER, JR.