Hearing Date and Time: March 22, 2007, at 10:00 am (prevailing Eastern Time)
Objection Deadline: March 15, 2007, at 4:00 pm (prevailing Eastern Time)

**KING & SPALDING LLP**
**1185 Avenue of the Americas**
**New York, New York 10036**
**Telephone: (212) 556-2100**
**Facsimile: (212) 556-2222**
**H. Slayton Dabney, Jr., Esq. (HD - 4311)**

**Attorneys for KPMG LLP**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :    **Chapter 11**
                                                             :
**DELPHI CORPORATION, et al**                                :    **Case No. 05-44481 (RDD)**
                                                             :
        Debtors.                                             :    **(Jointly Administered)**
------------------------------------------------------------ x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**THIRD INTERIM FEE APPLICATION**

| | |
|---|---|
| NAME OF APPLICANT: | KPMG LLP |
| PERIOD FOR WHICH COMPENSATION IS SOUGHT: | June 1, 2006 through and including September 30, 2006 |
| ROLE IN THE CASE: | Tax and Transaction Services Advisors and Advisory and Valuation Services Advisors for the Debtors |
| DATE OF RETENTION ORDER: | March 3, 2006 |
| DATE OF SUPPLEMENTAL RETENTION ORDER: | May 2, 2006 |
| AMOUNT OF COMPENSATION SOUGHT : | $1,969,703.80 |
| AMOUNT OF REIMBURSEMENT SOUGHT: | $176,339.61 |
| TOTAL AMOUNT OF HOLDBACK FEES FOR THE APPLICABLE PERIOD: | $393,940.76 |

Hearing Date and Time: March 22, 2007, at 10:00 am (prevailing Eastern Time)
Objection Deadline: March 15, 2007, at 4:00 pm (prevailing Eastern Time)

**KING & SPALDING LLP**
**1185 Avenue of the Americas**
**New York, New York 10036**
**Telephone: (212) 556-2100**
**Facsimile: (212) 556-2222**
**H. Slayton Dabney, Jr., Esq. (HD - 4311)**

**Attorneys for KPMG LLP**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
                                                    :
In re:                                              :     **Chapter 11**
                                                    :
**DELPHI CORPORATION, et al**                        :     **Case No. 05-44481 (RDD)**
                                                    :
     **Debtors.**                                    :     **(Jointly Administered)**
                                                    :
                                                    :
-------------------------------------------------------------- x

**THIRD APPLICATION OF KPMG LLP, AS TAX AND TRANSACTION**
**SERVICES ADVISORS AND ADVISORY AND VALUATION SERVICES**
**ADVISORS FOR THE DEBTORS, FOR INTERIM ALLOWANCE OF**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED FROM JUNE 1, 2006 THROUGH SEPTEMBER 30, 2006**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

        KPMG LLP ("KPMG"), a professional services firm, serves as tax and

transaction services advisors and advisory and valuation services advisors to Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession

in the above-captioned cases (collectively, the "Debtors"). KPMG submits its third

application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the

United States Code (the "Bankruptcy Code") and rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), for interim allowance of compensation

for professional services performed by KPMG for the period commencing June 1, 2006 through and including September 30, 2006 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, and respectfully represents:

## Background

1.     On October 8, 2005 (the "Petition Date"), 39 of 42 Debtors, and on October 14, 2005, the remaining Debtors, commenced their respective cases under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     This Court entered orders directing the joint administration of the Debtors' chapter 11 cases under Bankruptcy Rule 1015(b) (Docket Nos. 28 and 404).

3.     On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").  No trustee or examiner has been appointed in the Debtors' cases.  On May 11, 2006, the US Trustee appointed the committee of equity security holders (the "Equity Committee").

## Jurisdiction

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

5.     The statutory predicate for the relief requested herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## KPMG LLP Retention

6.      On February 16, 2006, the Debtors filed an application pursuant to sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, for authorization to retain KPMG as tax and transaction services advisors to the Debtors, effective nunc pro tunc to October 8, 2005 (the "KPMG Retention Application"), pursuant to the terms of the engagement letters as described therein (the "Engagement Letters"). On March 3, 2006, the Court entered an order approving the KPMG Retention Application pursuant to the terms and conditions of such order, effective nunc pro tunc to October 8, 2005 (the "KPMG Retention Order").

7.      On April 20, 2006, the Debtors filed a supplemental application (the "KPMG Supplemental Retention Application") for authorization to retain KPMG as advisory and valuation services advisors to the Debtors, effective nunc pro tunc to February 16, 2006, and for authorization to expand the retention of the scope of KPMG to include the matters set forth in certain additional engagement letters, by and between the Debtors and KPMG, each as described therein (the "First Supplemental Engagement Letters"). On May 2, 2006, this Court entered an order approving the KPMG Supplemental Retention Application pursuant to the terms of such order, effective nunc pro tunc to (i) February 16, 2006 for the employment and retention of KPMG as advisory and valuation services advisors to the Debtors, (ii) January 1, 2006 for the continued retention of KPMG as tax advisors to the Debtors, and (iii) January 18, 2006 for the additional international executive tax services to be rendered by KPMG to the Debtors (the "KPMG Supplemental Retention Order").

3

## Procedures and Monthly Fee Statements

8.    This Application has been prepared in accordance with (i) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by the Court on April 19, 1995 (the "Local Guidelines"), (ii) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") and (iii) the (A) Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (the "Interim Compensation Order"), (B) the Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (the "Supplemental Interim Compensation Order"), (C) the Second Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (the "Second Supplemental Interim Compensation Order), (D) the Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated May 5, 2006 (the "Third Supplemental Interim Compensation Order"), (E) the Fourth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 12, 2006 (the "Fourth Supplemental Interim Compensation Order"), and (F) the Fifth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated October 13, 2006 (the "Fifth Supplemental Interim Compensation Order,"

4

collectively, the foregoing orders and supplemental orders, hereinafter known as the "Administrative Orders", and collectively with the Amended Local Guidelines and UST Guidelines, the "Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with same is annexed hereto as Exhibit "A."

9.      On April 28, 2006, KPMG filed its first interim fee application (the "First Interim Fee Application") for the allowance of compensation for professional services performed by KPMG for the period commencing October 5, 2005 through January 31, 2006 (the "First Interim Fee Period") and for reimbursement of its actual and necessary expenses incurred during the First Interim Fee Period. KPMG sought allowance of fees for services to the Debtors during the First Interim Fee Period in the aggregate amount of $1,439,122.50 and for reimbursement of expenses incurred in connection with these services in the amount of $17,631.00. KPMG has been paid $1,222,813.45 in compensation for professional services rendered and $17,631.00 for reimbursement of expenses during the First Interim Fee Period.

10.     On August 6, 2006, KPMG filed its second interim fee application (the "Second Interim Fee Application") for the allowance of compensation for professional services performed by KPMG for the period commencing February 1, 2006 through May 31, 2006 (the "Second Interim Fee Period") and for reimbursement of its actual and necessary expenses incurred during the Second Interim Fee Period. KPMG sought allowance of fees for services to the Debtors during the Second Interim Fee Period in the aggregate amount of $7,383,043.00 and for reimbursement of expenses incurred in connection with these services in the amount of $430,790.04. KPMG has been paid

5

$6,626,639.50 in compensation for professional services rendered and $430,790.04 for reimbursement of expenses during the Second Interim Fee Period.

11.    On or about July 31, 2006, KPMG served its June 2006 Monthly Fee Statement seeking an award of compensation in the amount of $1,167,711.20 for professional services rendered and reimbursement of $93,928.40 in expenses actually and necessarily incurred by KPMG during the period from June 1, 2006 through June 30, 2006.    On September 19, 2006, the Debtors paid KPMG $934,168.96 (80% of $1,167,711.20) for professional services rendered and $93,928.40 for actual and necessary expenses for the period from June 1, 2006 through June 30, 2006.

12.    On or about August 31, 2006, KPMG served its July 2006 Monthly Fee Statement seeking an award of compensation in the amount of $544,901.70[1] for professional services rendered and reimbursement of $58,232.21 in expenses actually and necessarily incurred by KPMG during the period from July 1, 2006 through July 31, 2006.    On November 27, 2006, the Debtors paid KPMG $435,921.36 (80% of $544,901.70) for professional services rendered and $58,232.21 for actual and necessary expenses for the period from July 1, 2006 through July 31, 2006.

13.    On or about September 29, 2006, KPMG served its August 2006 Monthly Fee Statement seeking an award of compensation in the amount of $207,743.50 for professional services rendered and reimbursement of $24,572.00 in expenses actually and necessarily incurred by KPMG during the period from August 1, 2006 through August

---

[1]    On or about November 1, 2006, KPMG served its Amended July 2006 monthly fee statement to reflect KPMG's voluntary reduction of its fees from $569,520.90 to $544,901.70 in connection with a billing discrepancy under the Advisory and Valuation Services provided to the Debtors.

31, 2006.   On November 27, 2006, the Debtors paid KPMG $166,194.80 (80% of

$207,743.50) for professional services rendered and $24,572.00 for actual and necessary

expenses for the period from August 1, 2006 through August 31, 2006.

       14.     On or about October 31, 2006, KPMG served its September 2006 Monthly

Fee Statement seeking an award of compensation in the amount of $49,347.40 for

professional services rendered and reimbursement of $(393.00) in expenses actually and

necessarily incurred by KPMG during the period from September 1, 2006 through

September 30, 2006.[2]

**Requested Fees and Reimbursement of Expenses**

       15.     By this Application, KPMG respectfully requests an interim allowance for

professional services rendered to the Debtors during the Compensation Period, in the

aggregate of $1,969,703.80, and for reimbursement of expenses incurred in connection

with the rendering of such services in the aggregate of $176,339.61.   During the

Compensation Period, KPMG professionals and paraprofessionals expended a total of

7,713.9 hours for which compensation is requested.   KPMG's request for compensation

is broken down as follows:

---

[2]    On or about November 29, 2006, KPMG served its Amended September monthly
fee statement to reflect corrections to clerical errors which were inadvertently
submitted in the original September monthly fee statement.

| Billing Period | Hours Billed | Fees | Expenses | Monthly Total |
|---|---|---|---|---|
| June 1 through June 30, 2006 | 4,749.0 | $1,167,711.20 | $ 93,928.40 | $1,261,639.60 |
| July 1 through July 31, 2006 | 2,074.2 | $ 544,901.70 | $ 58,232.21 | $ 603,133.91 |
| August 1 through August 31, 2006 | 819.5 | $ 207,743.50 | $ 24,572.00 | $ 232,315.50 |
| September 1 through September 30, 2006 | 71.2 | $ 49,347.40 | $ (393.00) | $ 48,954.40 |
| Total | 7,713.9 | $1,969,703.80 | $ 176,339.61 | $2,146,043.41 |

16.    KPMG is the United States member firm of KPMG International.  The KPMG global network encompasses independent professional services practices conducted by separate legal entities throughout the world.  KPMG International, a Swiss cooperative, serves as a coordinating entity for a network of member firms operating under the KPMG name.   KPMG International is a member-based entity with no shareholders and no permanent capital.   Each of the member firms of KPMG International ("KPMG Member Firms") is separate and legally distinct.

17.    Prior to the Petition Date, KPMG subcontracted with certain other KPMG Member Firms to provide services to the Debtors as set forth in the Engagement Letters and First Supplemental Engagement Letters.  Pursuant to the KPMG Retention Order and the KPMG Supplemental Retention Order, during the Compensation Period, KPMG Member Firms have continued to assist KPMG in the provision of services under the Engagement Letters and First Supplemental Engagement Letter as set forth in the KPMG Retention Application and KPMG Supplemental Retention Application.

18.    KPMG charges its fees in these cases in accordance with billing rates and procedures in effect during the Compensation Period.  The rates KPMG charges for the

8

services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates KPMG charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases.

19.    Pursuant to the UST Guidelines, annexed hereto as Exhibit "B" is a schedule setting forth all KPMG professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by KPMG, the hourly billing rate charged by KPMG for services performed by such individual, aggregate number of hours expended in this matter and fees billed therefor.

20.    Annexed hereto as Exhibit "C" is a schedule specifying the categories of expenses for which KPMG is seeking reimbursement and the total amount for each such expense category.

21.    Pursuant to section II.D of the UST Guidelines, annexed hereto as Exhibit "D" is a summary of KPMG's time records billed during the Compensation Period, including the utilization of project categories as described below.

22.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, KPMG reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

9

**Summary of Services**

23.    In accordance with the Engagement Letters and First Supplemental Engagement Letters, KPMG has provided such services as KPMG and the Debtors deemed appropriate and feasible in order to advise the Debtors and their subsidiaries and affiliates in the course of these chapter 11 cases, including, but not limited to, the following:

    i.    International Executive Services provided to Debtors and its Expatriates assigned to and from the United States, Expatriates assigned to and from non-U.S. countries, employees assigned to the Mexican Border and Trainees/J Visa holders;

    ii.    Transaction Advisory and Other Services;

    iii.    Advisory and Valuation Services; and

    iv.    Tax Consulting Services.

24.    The services provided by KPMG to the Debtors are not unnecessarily duplicative of those provided by any other of the Debtors' professionals, and KPMG has coordinated any services performed at the Debtors' request with the Debtors' other professionals, including financial advisors, accountants, and counsel, as appropriate, to avoid duplication of efforts.

25.    The following is a summary of certain of the significant professional services rendered by KPMG during the Compensation Period, as well as the compensation sought for such services.

10

| CATEGORY | HOURS | FEES |
|---|---|---|
| International Executive Services | 150.3[3] | $   159,431.20 |
| Fee Statements and Fee Applications | 450.1 | $     58,209.00 |
| Travel Time | 272.8 | $     68,402.00 |
| Transaction Advisory and Other Services | 6,731.7 | $1,643,715.00 |
| Advisory and Valuation Services | 30.0 | $     14,041.60 |
| Tax Consulting Services | 79.0 | $     25,905.00 |
| Total Hours and Fees | 7,713.9 | $1,969,703.80 |

## Description of Services Provided

26.     The following is a more detailed description of the significant professional services rendered by KPMG during the Compensation Period.

> (a)     **International Executive Services provided to Debtors and its expatriates assigned to and from the United States, Expatriates assigned to and from non-U.S. countries, employees assigned to the Mexican Border and Trainees/J Visa holders**
>
> i.       collect tax data;
>
> ii.      calculate annual hypothetical tax withholding;
>
> iii.     prepare required home and host country individual income tax returns during, and one year after, assignment;
>
> iv.      prepare requests for extension of time to file tax return(s) where required;
>
> v.       prepare US estimated tax vouchers, if required;
>
> vi.      prepare year end withholding calculations;
>
> vii.     reconcile tax advance accounts;

---

[3]      Under the terms of the International Executive Services Engagement Letter dated October 5, 2004 (the "International Executive Services Engagement Letter"), compensation for services rendered to the Debtors is based in part on hourly compensation and in part on a fixed amount per tax return prepared, as more fully set forth therein.  A total of 150.3 hours were billed, giving rise to total fees of $57,066.00.  The remaining compensation charges are based on fixed tax return rates.

viii.    prepare tax equalization calculations;

ix.    conduct pre-departure and/or post-arrival tax consultation, as requested;

x.    determine and arrange for timely payment of local taxes in the host countries, where applicable;

xi.    conduct repatriation tax consultation sessions for expatriates;

xii.    handle routine correspondence with the IRS and foreign tax authorities, including review of tax assessments;

xiii.    provide additional services as requested by the Debtors or its counsel to assist the Debtors regarding its expatriate employees;

xiv.    prior to assignment of services, (a) prepare cost projection including revisions, (b) prepare draft expatriate agreement, and (c) prepare draft pay scale calculations;

xv.    at the beginning of assignment services, (a) prepare final expatriate agreement and pay calculations and participate in orientation, (b) calculate relocation allowance and mobility premium to be paid in month prior to assignment and provide to payroll, and (c) calculate first year spending account to be paid in first month of assignment and provide to payroll;

xvi.    calculate annual spending account on assignment anniversary date and provide to payroll; and

xvii.    calculate relocation allowance less outstanding tax and pro-rata spending account due from employee.

**(b)**    **Transaction Advisory & Other Services**

i.    provide sell-side due diligence services associated with the potential sale of certain businesses or assets of the Debtors;

ii.    provide buy-side due diligence services associated with the

potential acquisition of certain businesses or assets by the
Debtors;

iii.     provide accounting advice and assistance provided in
conjunction with the preparation of financial information
for business operations within the Debtors, as specified by
the Debtors; and

iv.     provide other such functions as requested by the Debtors or
its counsel to assist the Debtors in their businesses and
reorganization.

**(c)**     **Advisory and Valuation Services**

i.     provide analysis of potential impairment charges in
accordance with Statements of Financial Accounting
Standards (SFAS) 142 and 144 related to goodwill,
intangibles, and long-lived assets; and

ii.     provide assistance to the Debtors with initial planning for
the Fresh Start valuation exercise in connection with the
Debtors' future emergence from chapter 11.

**(d)**     **Tax Consulting Services**

Provide advice and assistance to the Debtors regarding
various tax issues.

**(e)**     **Travel Time**

Includes time incurred for necessary non-working travel
time.

**(e)**     **Fee Statements and Fee Applications**

Preparation of monthly fee statements and quarterly fee
applications.

27.     The foregoing professional services performed by KPMG were necessary
and appropriate to the administration of the Debtors' chapter 11 cases. The professional

13

services performed by KPMG were in the best interests of the Debtors and other parties-in-interest. Compensation for the foregoing services, as requested, is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed expediently and in an efficient manner.

28.    The professional services performed by KPMG on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 7,713.9 recorded hours by KPMG's professionals. Of the aggregate time expended, 7,605.3 recorded hours were expended by partners and associates of KPMG, 108.6 recorded hours were expended by staff of KPMG.

29.    During the Compensation Period, KPMG billed the Debtors for time expended by professionals based on hourly rates ranging from $150.00 to $750.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $242.12 (based on 7,605.3 recorded hours for professionals at KPMG's billing rates in effect at the time of the performance of services).[4] As noted above, annexed hereto as Exhibit B is a schedule listing each KPMG professional and paraprofessional who performed services in these cases during the Compensation Period, the hourly rate charged by KPMG for services performed by each such individual and the aggregate number of hours and charges by each such individual.

**Actual and Necessary Disbursements of KPMG LLP**

30.    As set forth in Exhibit "C," KPMG has disbursed $176,339.61 as expenses incurred in providing professional services during the Compensation Period. The actual

---

[4]        *See supra* note 3.

14

expenses incurred in providing professional services were necessary, reasonable, and justified to serve the needs of the Debtors, their estates, and creditors and KPMG has made every effort to minimize its disbursements in these cases.

## The Requested Compensation Should Be Allowed

31.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." *Id.* § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial to, at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

32.   The services for which KPMG seeks compensation and the expenditures for which KPMG seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates and their rehabilitation and reorganization effort.  KPMG worked assiduously to anticipate or respond to the Debtors' needs and assist in the Debtors' chapter 11 processes.  These services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors. Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

33.   In sum, the services rendered by KPMG were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **Conclusion**

WHEREFORE, KPMG respectfully requests that the Court: (i) allow KPMG interim compensation for professional services rendered during the Compensation Period in the amount of $1,969,703.80 and reimbursement for actual and necessary expenses KPMG incurred during the Compensation Period in the amount of $176,339.61; (ii) direct the Debtors to pay KPMG the total amount of outstanding fees in connection with KPMG's representation of the Debtors during the Third Interim Fee Period; (iii) hold that the allowance of such interim compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to KPMG's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Third Interim Fee Application; and (iv) grant KPMG such other and further relief as is just.

Dated: New York, New York
        November 30, 2006

                                    KING & SPALDING LLP


                                    By:  /s/ H.Slayton Dabney, Jr, Esq.
                                          H. Slayton Dabney, Jr., Esq.


                                    1185 Avenue of the Americas
                                    New York, NY  10036-4003
                                    Tel:  (212) 556-2100
                                    Fax:  (212) 556-2222

                                    Attorneys for KPMG LLP

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re:                                                       :
                                                             :        **Chapter 11**
**DELPHI CORPORATION, et al**                                :        **Case No. 05-44481 (RDD)**
                                                             :
                                                             :        **(Jointly Administered)**
                                                             :
           **Debtors.**                                      :
------------------------------------------------------------ X

### CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT THIRD APPLICATION OF KPMG LLP FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Gary A. Silberg, hereby certify that:

1.      I am a partner with the applicant firm, KPMG LLP ("KPMG"), with responsibility for the chapter 11 cases of Delphi Corporation and its above-captioned affiliated debtors (collectively, the "Debtors"), in respect of compliance with (i) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by the Court on April 19, 1995 (the "Local Guidelines"), (ii) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") and (iii) the (A) Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (the "Interim Compensation Order"), (B) the Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (the "Supplemental Interim Compensation Order"), (C) the Second Supplemental

Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals, dated March 28, 2006 (the "Second Supplemental

Interim Compensation Order"), (D) the Third Supplemental Order Under 11 U.S.C. § 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals, dated May 5, 2006 (the "Third Supplemental Interim Compensation Order"), (E)

the Fourth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals, dated July 12, 2006 (the

"Fourth Supplemental Interim Compensation Order," and (F) the Fifth Supplemental Order

Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement

of Expenses of Professionals dated October 13, 2006 (the "Fifth Supplemental Interim

Compensation Order," collectively, the foregoing orders and supplemental orders, hereinafter

known as the "Administrative Orders", and collectively with the Amended Local Guidelines and

UST Guidelines, the "Guidelines").

        2.     This certification is made in respect of KPMG's Third Application, dated

November 30, 2006 (the "Application"), for interim compensation and reimbursement of

expenses for the period commencing June 1, 2006 through and including September 30, 2006, in

accordance with the Guidelines.

        3.     In respect of section B.1 of the Local Guidelines, I certify that:

            a.     I have read the Application;

            b.     to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

            c.     the fees and disbursements sought are billed at rates in accordance with those customarily charged by KPMG and generally accepted by KPMG's clients; and

       d.     in providing the reimbursable services reflected in the Application, KPMG did not make a profit on those services, whether performed by KPMG in-house or through a third party.

4.     In respect of section B.2 of the Local Guidelines and as required by the Administrative Orders, I certify that KPMG has complied with these provisions requiring it to provide (i) the United States Trustee for the Southern District of New York, (ii) the Debtors, (iii) the attorneys for the Debtors, (iv) the attorneys for the statutory committee of unsecured creditors appointed in these cases, (v) counsel for the agent under Debtors' prepetition facility, (vi) counsel for the agent under the Debtor's postpetition credit facility, and (vii) the Fee Committee, with a monthly fee statement, following each month for which compensation is sought, with a statement of KPMG's fees and disbursements accrued during the previous month. As required by the Interim Compensation Order, each such monthly fee statement contains a list of professionals and paraprofessionals providing services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a reasonably detailed breakdown of the disbursements incurred and contemporaneously maintained time entries for each individual in increments of tenths of an hour.

5.     In respect of section B.3 of the Local Guidelines, I certify that the United States Trustee for the Southern District of New York, the Debtors, the attorneys for the Debtors and the attorneys for the statutory committee of unsecured creditors appointed in these cases are each being provided with a copy of the Application.

Dated: Chicago, Illinois
      November 30, 2006

Gary A. Silberg
KPMG LLP
303 East Wicker Drive
Chicago, IL 60601
Telephone: (313) 230-3000

**EXHIBIT B**

Delphi Corporation, et al.
Summary of Hours and Standard Fees Incurred By Professional
June 1, 2006 through September 30, 2006

| Name of Professional Person | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Silberg, Gary | Partner | $435 | 65.2 | $ 28,362.00 |
| Utamsingh, Vikram | Partner | $435 | 16.0 | $ 6,960.00 |
| Cecchi, Richard | Partner | $435 | 4.0 | $ 1,740.00 |
| Heckler, Brian | Partner | $435 | 0.5 | $ 217.50 |
| Reynoldson, Ryan | Partner | $435 | 4.0 | $ 1,740.00 |
| Dabrowski, Ronald | Principal | $350 | 3.0 | $ 1,050.00 |
| Madden, David | Partner | $350 | 5.0 | $ 1,750.00 |
| Stoffregen, Philip A. | Partner | $350 | 36.1 | $ 12,635.00 |
| Strahan, Jason | Sr. Manager | $520 | 3.5 | $ 1,820.00 |
| Yong, Doyoung | Sr. Manager | $520 | 45.9 | $ 23,868.00 |
| Montoya, Miguel | Sr. Manager | $345 | 23.8 | $ 8,211.00 |
| Voigt, Kevin | Director | $750 | 4.3 | $ 3,225.00 |
| Brickley, Douglas | Director | $345 | 5.0 | $ 1,725.00 |
| Gonzalez, Carlos | Director | $345 | 31.3 | $ 10,798.50 |
| Kahn, Pierre | Director | $345 | 246.2 | $ 84,939.00 |
| Khan, Adil | Director | $345 | 565.2 | $ 194,994.00 |
| Kuntz, Brad | Director | $345 | 41.9 | $ 14,455.50 |
| Lahiri, R. Lahiri | Director | $345 | 60.9 | $ 21,010.50 |
| Montero, Miguel | Director | $345 | 3.0 | $ 1,035.00 |
| Swatland, Randall | Director | $345 | 556.0 | $ 191,820.00 |
| Morrissey, Chad | Manager | $610 | 11.1 | $ 6,771.00 |
| Schroeder, Christopher | Manager | $610 | 8.6 | $ 5,246.00 |
| Cherrone, Paul | Manager | $405 | 14.0 | $ 5,670.00 |
| Satkoski, Elizabeth | Manager | $300 | 34.9 | $ 10,470.00 |
| Bartolome Monge, Susana | Manager | $290 | 61.5 | $ 17,835.00 |
| Baumgartner, John | Manager | $290 | 28.3 | $ 8,207.00 |
| Bo, Grant | Manager | $290 | 51.9 | $ 15,051.00 |
| Brauher, James | Manager | $290 | 252.1 | $ 73,109.00 |
| Fang, Edwards | Manager | $290 | 40.9 | $ 11,861.00 |
| Hayes, Brad | Manager | $290 | 434.5 | $ 126,005.00 |
| LaRocca, Leonard | Manager | $290 | 525.0 | $ 152,250.00 |
| Pasecki, Serguisz | Manager | $290 | 1.0 | $ 290.00 |
| Perez Perez, Susana | Manager | $290 | 18.0 | $ 5,220.00 |
| Troester, Jack | Manager | $290 | 73.1 | $ 21,199.00 |
| Vyas, V. Vyas | Manager | $290 | 88.6 | $ 25,694.00 |
| Wang, Ivy | Manager | $290 | 36.4 | $ 10,556.00 |
| Xu, Susana | Manager | $290 | 73.0 | $ 21,170.00 |
| Yeager, Brian | Manager | $290 | 226.5 | $ 65,685.00 |
| Froylan, Sandra | Senior Associate | $320 | 5.4 | $ 1,728.00 |
| Murray, Jennifer | Senior Associate | $320 | 46.5 | $ 14,880.00 |

# EXHIBIT B

Delphi Corporation, et al.
Summary of Hours and Standard Fees Incurred By Professional
June 1, 2006 through September 30, 2006

| Name of Professional Person | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Cathcart, Sylvia | Senior Associate | $210 | 16.3 | $ 3,423.00 |
| Gigli, Matteo | Senior Associate | $210 | 51.2 | $ 10,752.00 |
| Gimbert, Christopher | Senior Associate | $210 | 87.4 | $ 18,354.00 |
| Hadden, Sara | Senior Associate | $210 | 5.7 | $ 1,197.00 |
| Haronik, David | Senior Associate | $210 | 110.7 | $ 23,247.00 |
| Jain, Amit | Senior Associate | $210 | 46.7 | $ 9,807.00 |
| Jones, Kevin | Senior Associate | $210 | 488.6 | $ 102,606.00 |
| Nielsen, James | Senior Associate | $210 | 9.3 | $ 1,953.00 |
| Patel, Jirad | Senior Associate | $210 | 205.0 | $ 43,050.00 |
| Sellers, Monica | Senior Associate | $210 | 221.2 | $ 46,452.00 |
| Sethia, Ravi | Senior Associate | $210 | 69.2 | $ 14,532.00 |
| Siriratanaanan, Jeed | Senior Associate | $210 | 8.0 | $ 1,680.00 |
| Tollefsrud, Kari | Senior Associate | $210 | 46.3 | $ 9,723.00 |
| Viviano, Katie | Senior Associate | $210 | 164.5 | $ 34,545.00 |
| Zeiger, Cheryl | Senior Associate | $210 | 8.0 | $ 1,680.00 |
| Charles, Evlon | Associate | $385 | 6.0 | $ 2,310.00 |
| Shah, Mayer | Associate | $260 | 35.0 | $ 9,100.00 |
| Akpinar, Fatih | Associate | $150 | 85.9 | $ 12,885.00 |
| Alvarez, Estefania Dude | Associate | $150 | 87.3 | $ 13,095.00 |
| Azarov, Ivan | Associate | $150 | 252.0 | $ 37,800.00 |
| Cantrell, Josephine | Associate | $150 | 22.4 | $ 3,360.00 |
| Cervatti, Pedro | Associate | $150 | 259.1 | $ 38,865.00 |
| Coffman, Christy | Associate | $150 | 2.8 | $ 420.00 |
| Ghrist, Mary | Associate | $150 | 231.6 | $ 34,740.00 |
| Jonna, Vincent | Associate | $150 | 98.3 | $ 14,745.00 |
| Li, Li | Associate | $150 | 170.9 | $ 25,635.00 |
| Nowicki, Jaroslaw | Associate | $150 | 3.0 | $ 450.00 |
| Razzanelli, Caterine | Associate | $150 | 68.4 | $ 10,260.00 |
| Segura, Ana Valverde | Associate | $150 | 57.8 | $ 8,670.00 |
| Staderini, Caterina | Associate | $150 | 18.0 | $ 2,700.00 |
| Sukurs, John | Associate | $150 | 490.9 | $ 73,635.00 |
| Wandawasi Dorakanti, Rao | Associate | $150 | 236.0 | $ 35,400.00 |
| Wood, Phillip | Associate | $150 | 108.5 | $ 16,275.00 |
| Zhang, Arthur | Associate | $150 | 80.0 | $ 12,000.00 |
| Howell, Barbara | Associate | $150 | 1.2 | $ 180.00 |
| Adams, Frank | Paraprofessional | $100 | 4.2 | $ 420.00 |
| Doesburg, Anthony | Paraprofessional | $100 | 49.3 | $ 4,930.00 |
| Hathaway, Brianna | Paraprofessional | $100 | 4.4 | $ 440.00 |
| Locandro, Gianina | Paraprofessional | $100 | 1.5 | $ 150.00 |
| Mahmoud, Megan | Paraprofessional | $100 | 4.7 | $ 470.00 |
| Mitra, Ratul | Paraprofessional | $100 | 4.5 | $ 450.00 |

## EXHIBIT B

Delphi Corporation, et al.
Summary of Hours and Standard Fees Incurred By Professional
June 1, 2006 through September 30, 2006

| Name of Professional Person | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Taylor, Lolita | Support Staff | $50 | 39.0 | $ 1,950.00 |
| Wheeler, Katherine | Support Staff | $50 | 1.0 | $ 50.00 |
| Total Hours and Fees | | | 7,713.9 | $1,895,639.00 |
| | | | | |
| Voluntary Reduction in Fee Preparation Fees | | | | $ (24,790.00) |

### TAX - International Executive Services

| Category | Number of Employees | Monthly Calculations | Cost per Amended Tax Return | Cost Estimate | Total Compensation |
|---|---|---|---|---|---|
| US Inbound Expatriates | 2 | | $ 1,375 | | $ 2,750.00 |
| US Inbound Expatriates | 1 | | $ 800 | | $ 800.00 |
| US Inbound Expatriates | 7 | | | $ 850 | $ 5,950.00 |
| US Outbound Expatriates | 13 | | $ 800 | | $ 10,400.00 |
| US Outbound Expatriates | 8 | | | $ 850 | $ 6,800.00 |
| Non-US Expatriates | 5 | | | $ 850 | $ 4,250.00 |
| Mexico Border Employees | 17 | | $ 375 | | $ 6,375.00 |
| Mexico Border Employees Monthly | 2,020 | $40/month | | | $ 80,800.00 |
| Mechatronics Monthly | 34 | $40/month | | | $ 1,360.00 |
| | | | | | $ 119,485.00 |

| | |
|---|---|
| Subtotal Fees | $1,990,334.00 |
| Agreed upon Rate Discount (per IES and Advisory/Valuation Engagement Letters) | $ (20,630.20) |
| Adjusted Discounted Fees | $1,969,703.80 |
| Out of Pocket Expenses | $ 176,339.61 |
| **Net Requested Fees & Out of Pocket Expenses** | **$2,146,043.41** |

KPMG's standard practice is to treat certain time and expenses as having been incurred when such obligations are recorded and reflected as payable in KPMG's accounting. Moreover, KPMG may not bill certain expenses until all supporting documentation is received. Accordingly, KPMG may seek reimbursement of fees and disbursements relating to this month in subsequent statements and/or applications.

## EXHIBIT C

Delphi Corporation, et al.
Summary of Out-of-Pocket Expenses
June 1, 2006 through September 30, 2006

| Category | Amount |
|---|---|
| Airfare | $  72,250.50 |
| Ground Transportation | $  30,005.29 |
| Lodging | $  55,520.32 |
| Meals | $  13,195.00 |
| Other | $  5,368.50 |
| | |
| Total expenses | $  176,339.61 |

**EXHIBIT D**

Delphi Corporation et al.
Compensation by Project Category
June 1, 2006 through September 30, 2006

| Category | Hours | | Amount | | Adjusted Discounted Amount (where applicable) |
|---|---|---|---|---|---|
| Tax - International Executive Services | 150.3 [1] | $ | 176,551.00 | $ | 159,431.20 |
| Fee Statements and Fee Applications | 450.1 | $ | 58,209.00 [2] | $ | 58,209.00 |
| Travel Time | 272.8 | $ | 68,402.00 | $ | 68,402.00 |
| Transaction Services - Project Rhodes | 6,731.7 | $ | 1,643,715.00 | $ | 1,643,715.00 |
| Advisory and Valuation Services | 30.0 | $ | 17,552.00 | $ | 14,041.60 |
| Tax Consulting Services | 79.0 | $ | 25,905.00 | $ | 25,905.00 |
| Total hours and fees | 7,713.9 | $ | 1,990,334.00 | $ | 1,969,703.80 |

[1] These hours relate to billings totaling $57,066.00.  The remaining compensation charges are based on tax return rates.

[2] These fees reflect a voluntary reduction $24,790.00.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, *et al.* | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors | : | (Jointly administered) |

---

**ORDER APPROVING THIRD APPLICATION OF KPMG LLP,
AS TAX AND TRANSACTION SERVICES ADVISORS AND ADVISORY AND
VALUATION SERVICES ADVISORS FOR THE DEBTORS, FOR INTERIM
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM JUNE 1, 2006 THROUGH SEPTEMBER 30, 2006**

This matter comes before the Court upon the Third Application (the "Application") of KPMG LLP ("KPMG"), as Tax and Transaction Services Advisors and Advisory and Valuation Services Advisors for the Debtors, for Interim Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period from June 1, 2006 through September 30, 2006 (the "Compensation Period").

This Court having reviewed the Application; and no objections or comments to the Application having been filed; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein,

THIS COURT HEREBY FINDS THAT:

(1)     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue of this Chapter 11 case and Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and the Local Bankruptcy Rules.

(2)    KPMG is a duly appointed professional in the above-captioned Debtors' chapter 11 cases.

(3)    KPMG served the Application with all exhibits by overnight mail to all Notice Parties referenced at Paragraph 2.a of the Order establishing compensation procedures (Doc. #869).  KPMG served a Notice of filing and objection/hearing dates by electronic mail (or by fax when no email address provided) upon all persons on the Master Service List and the 2002 List.

(4)    No objections were filed.

(5)    Based upon this Court's review of the Application and the schedules attached thereto, the fees and expenses are reasonable, actual and necessary.

IT IS, THEREFORE, ORDERED, that:

1.    The Application is APPROVED AND GRANTED.

2.    The fees and reimbursable expenses for the Compensation Period are approved and allowed in the following amounts, and Debtors may pay KPMG such amounts (except for the holdback amount which shall not be paid until further order of this Court) to the extent not already paid:

|  |  |
|---|---|
| Fees (100%) | $1,969,703.80 |
| Holdback Amount (20%) | ($393,940.76) |
|  | $1,575,763.04 |
| Expenses (100%) | $176,339.61 |
| Total | $1,752,102.65 |

Dated:    New York, New York
        _____, 2006

_____
United States Bankruptcy Judge