**Hearing Date and Time: March 22, 2007 10:00 a.m.**
**Objection Deadline: March 15, 2007 4:00 p.m**

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303
(650) 833-2000
Amy Wallace Potter (213196)
Christie Branson (217926)

Corporate, Employment and Intellectual Property
Counsel for Debtor MobileAria, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
            :
  In re         :  Chapter 11
            :
DELPHI CORPORATION, et al.,  :  Case No. 05-44481 (RDD)
            :
        Debtors. :  (Jointly Administered)
            :
- - - - - - - - - - - - - - - - - - - - - - - - - x

DLA PIPER US LLP, CORPORATE, EMPLOYMENT, AND INTELLECTUAL PROPERTY
COUNSEL FOR DEBTOR MOBILEARIA, INC.'S FIRST INTERIM APPLICATION FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE SECOND INTERIM PERIOD FROM MAY 1, 2006
THROUGH MAY 31, 2006 UNDER 11 U.S.C. §§ 330 AND 331

SUMMARY OF APPLICATION

Applicant's role in this case:  Corporate, Employment, and Intellectual Property
            Counsel for Debtor MobileAria, Inc.

Current Application:

  Time Period:     5/1/06 through 5/31/06 (the "Application Period")
  Fees Requested:   $68,065.25
  Expenses Requested:  $344.70
           --------------
  Total Interim Request:  $68,409.95

  Monthly Fee Statements: DLA Piper has not yet received payments on any of
            the invoices attached to this Application

DLA Piper US LLP ("DLA Piper"), corporate, employment, and intellectual property counsel to MobileAria, Inc. ("MobileAria"), an affiliate of Delphi Corporation ("Delphi") and a debtor and debtor-in-possession in the above-captioned cases (collectively with Delphi and certain of its U.S. subsidiaries and affiliates, the "Debtors") submits this First Interim Application (the "Application"), pursuant to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2016-1, General Rule M-104 Re: Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases General Rule M-151 Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases (the "Local Guidelines") and the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals, entered on November 4, 2005, as supplemented (the "Interim Compensation Order"), for allowance and payment of interim compensation for professional services rendered to MobileAria and for reimbursement of expenses incurred in connection with such services for the second interim period from May 1, 2006 through May 31, 2006 (the "Application Period").

In support of this Application, DLA Piper respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure. Pursuant to the Local Guidelines, a certification of compliance is attached hereto as Exhibit "A."

## BACKGROUND

3.      On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization on relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1330, as amended (the "Bankruptcy Code").

The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases. Substantially all of the assets of MobileAria have been sold.

4.      No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders (the "Equity Committee").

5.      On November 16, 2006, the Court entered an Order Under 11 U.S.C. § 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment of DLA Piper as Corporate, Employment, and Intellectual Property Counsel to Debtor MobileAria, Inc. Nunc Pro Tunc to May 1, 2006 (the "Retention Order"). A copy of the Retention Order is attached hereto as Exhibit "B."

<u>REQUEST FOR INTERIM COMPENSATION</u>

6.      By this Application, DLA Piper seeks an allowance of interim compensation and full payment, without any hold-back of fees, for professional services rendered during the Application Period in the amount of $68,065.25. DLA Piper also requests reimbursement for actual and necessary expenses incurred by DLA Piper on MobileAria's behalf during the Application Period in the amount of $344.70.

7.      Pursuant to the Interim Compensation Order, after DLA Piper's fees exceeded $50,000 in May, 2006, DLA Piper filed a "long form" Application for Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed R. Bankr. P. 2014 Authorizing Employment And Retention Of DLA Piper LLP As Corporate, Employment, And Intellectual Property Counsel To Debtor MobileAria, Inc. Nunc Pro Tunc To May 1, 2006 (the "Retention Application").

8.      The Interim Compensation Order provides that when an Ordinary Course Professional's monthly fees exceed $50,000, such Ordinary Course Professional must be retained pursuant to a formal retention application before any further fees or expenses can be paid. DLA

Piper was not permitted to submit its invoices from May 2006 to present pursuant to the Interim Compensation Order for payment until after the Retention Order was entered on November 16, 2006. Now that the Retention Order has been entered, DLA Piper will submit its invoices for payment pursuant to the Interim Compensation Order and expects that absent objection, 80% of its fees and 100% of its costs sought in this Application will have been paid prior to the March 22, 2007 hearing on this Application.

9.     The Debtors have not yet paid DLA Piper for any of the fees and costs requested herein, leaving unpaid for this period total fees of $68,065.25 and total expenses of $344.70 (though as noted above DLA Piper expects that 80% of its fees and 100% of its costs will have been paid prior to the March 22, 2007 hearing on this Application).

10.     During the Application Period, DLA Piper's attorneys and paraprofessionals expended a total of 183.55 hours in the performance of necessary and critical services on behalf of MobileAria.

11.     A schedule setting forth the total number of hours expended by each professional during the Application Period and his/her respective hourly billing rate is attached hereto as Exhibit "C."

12.     Schedules setting forth the number of hours expended by partners, associates and paraprofessionals of DLA Pier in respect to discrete categories of services rendered to MobileAria, and their respective hourly billing rates, are attached hereto as Exhibit "C" and "D." While every effort has been made to categorize charges into discrete matters, many charges overlap and appropriately may be categorized into multiple matters.

13.     A schedule specifying the nature and amount of expenses for which DLA Piper is seeking reimbursement is attached hereto as Exhibit "E."

14.     DLA Piper is charging for its services in accordance with its hourly rates in effect on the dates the services were rendered and pursuant to the terms set forth in the Retention Application, as approved by the Retention Order.

15.    There is no agreement or understanding between DLA Piper and any other person or entity for the sharing of compensation in connection with these Chapter 11 cases.

16.    All fees and expenses incurred during the Application Period are detailed in the exhibits to this Application.

17.    Due to the immediacy and complexity of legal representation for MobileAria relative to certain matters, it was necessary at times to use more than one attorney to handle difficult and complex tasks.  In those instances where time has been charged by more than one attorney, it was necessary to adequately represent MobileAria and to further the proper administration of its case.  Therefore, the fees relating to these tasks were justified under the circumstances.  Nonetheless, DLA Piper has avoided duplication of tasks wherever possible.

18.    Due to its familiarity with MobileAria's business operations and personnel, DLA Piper was able to efficiently provide services to MobileAria.  The legal issues presented required a high level of skill and expertise from professionals with knowledge of corporate law, employment law, and intellectual property law.  The fees sought by DLA Piper are commensurate with fees awarded to DLA Piper in other cases and the fees charged by comparable law firms.  DLA Piper has assigned the work performed in this case to attorneys having the experience and specialization to perform the services required efficiently and properly.  The professionals providing the services for which compensation is sought pursuant to this Application are most familiar with MobileAria's legal issues and operations.

NARRATIVE SUMMARY OF SERVICES RENDERED

19.    DLA Piper's services rendered to MobileAria have been primarily rendered by its corporate law professionals, Vicky Lee, Christie Branson, Michael Standlee, Jenny Kim, and Jim Koshland among others, its employment law professionals, Mary Lavigne Butler among others, and its intellectual property professionals Vicky Lee, Heather Dunn, and Chiara Portner among others.  As the detailed billing statements reflect (attached hereto as Exhibit "F"), each professional performed discrete services in this matter and they have been jointly involved in matters only where appropriate and essential to the progress of this case.  The

names and hourly rates of all professionals and paraprofessionals of DLA Piper who have billed time during the relevant time period are set forth in Exhibit "C."

20.    DLA Piper submits that the services it has rendered on behalf of MobileAria were actual, necessary and appropriate.  Further, DLA Piper believes that its services have directly contributed to the effective administration of these proceedings and the sale of MobileAria's assets for $11.7 million.

21.    The following is a general description of the primary services that DLA Piper rendered to MobileAria during the Application Period according to project billing category (as reflected by the billing summary and supporting detail attached hereto as Exhibits "C," "D" and "F").  The following is not an inclusive list but highlights DLA Piper's efforts and services.

(A)    Corporate

22.    MobileAria provided fleet management, efficiency and security services for mobile transportation systems, using patented hardware and software that tracks vehicles by satellite.  Since 2000, DLA Piper (via its predecessor Gray Cary Ware & Freidenrich) provided general business, employment and corporate advice, as well as advice related to MobileAria's interest in domestic and international patents and other intellectual property interests.  After its bankruptcy filing, MobileAria, with DLA Piper's assistance, began to search for and market its assets to potential purchasers of substantially all of MobileAria's assets.

23.    In May, 2006, DLA Piper advised and assisted MobileAria with its asset sale, including preparing non-disclosure agreements with potential purchasers, performing due diligence, working on sale procedures, reviewing and revising the asset purchase agreement, assessing bidders for the asset sale, and preparing disclosure schedules.  DLA Piper also prepared and advised on assignments of agreements and leases, tax and UCC/lien issues and letter of credit arrangements.  DLA Piper addressed FCC restrictions on transfer of equipment and investigated MobileAria's patents and patent applications.

24.    In addition, DLA Piper attended and assisted with MobileAria's board meetings. DLA Piper worked with MobileAria's board and management, its financial advisor,

and potential purchasers to ultimately sell substantially all of MobileAria's assets for $11.7
million.

(B)    Employment

25.    DLA Piper advised and assisted with employment issues that arose in the
context of MobileAria's asset sale, including issues regarding employee retention plans.

(C)    Intellectual Property

26.    MobileAria's asset sale involved substantial intellectual property assets
and issues. DLA Piper advised MobileAria on these issues in connection with non-disclosure
and service agreements, as well as assignment of intellectual property agreements. DLA Piper
also performed due diligence relating to intellectual property assets. DLA Piper prepared patent,
trademark and domain name assignment agreements as well.

27.    DLA Piper submits that all of the services rendered during the Application
Period were (i) actual, appropriate and necessary under the circumstances and benefited
MobileAria and its bankruptcy estate, and (ii) allowed MobileAria to be adequately represented
and promoted the effective administration of its estate. DLA Piper further submits the requested
compensation and reimbursement of expenses incurred for such services are reasonable.

28.    DLA Piper expects to continue rendering services to MobileAria for the
duration of these proceedings.

29.    No prior application has been made to this or any court for the relief
requested in the Application.

<u>NOTICE</u>

30.    Notice of this Application has been served according to the terms of the
Interim Compensation Order. Notice was served upon all parties listed in the Master Service
List and the 2002 Entities List except those persons entitled to receive the complete Application
along with the Notice. The Notice and complete Application with all Exhibits were served via
overnight mail upon (i) the Debtors' General Counsel; (ii) the Debtors' primary bankruptcy
counsel; (iii) counsel for the Creditors' Committee; (iv) counsel for the agent for the prepetition

credit facility; (v) counsel for the agent for the postpetition credit facility; (vi) the U.S. Trustee; (vii) counsel for the Equity Committee, (viii) counsel for GE Plastics America and (ix) Legal Cost Control, Inc.. DLA Piper represents that no further notice is necessary.

WHEREFORE, DLA Piper, as corporate, employment and intellectual property counsel for MobileAria, respectfully requests that the Court enter an Order:

(1)    granting this First Interim Application for Compensation and Reimbursement of Expenses;

(2)    awarding DLA Piper an allowed administrative claim for professional services rendered during the Application Period in the amount of $68,065.25, without any hold-back;

(3)    granting DLA Piper's request for reimbursement for actual and necessary disbursements made on MobileAria's behalf during the Application Period in the amount of $344.70;

(4)    authorizing the immediate payment of such sums referenced in the preceding paragraphs to the extent permitted by law; and,

(5)    granting such other and further relief as the Court may deem just.

Dated:    East Palo Alto, California        DLA PIPER US LLP
          November 29, 2006

                                           By: /s/ _____
                                           Amy Wallace Potter (213196)
                                           Christie Branson (217926)
                                           2000 University Avenue
                                           East Palo Alto, CA 94303
                                           (650) 833-2000

                                           Corporate, Employment and Intellectual
                                           Property Counsel for Debtor MobileAria, Inc.

# EXHIBIT A

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303
(650) 833-2000
Amy Wallace Potter (213196)
Christie Branson (217926)

Corporate, Employment and Intellectual Property
Counsel for Debtor MobileAria, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

In re                        :     Chapter 11

DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)
                        :

               Debtors.  :     (Jointly Administered)
                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATION

      Amy Wallace Potter, on behalf of DLA Piper US LLP ("DLA Piper"), corporate,

employment, and intellectual property counsel to MobileAria, Inc. ("MobileAria"), an affiliate of

Delphi Corporation ("Delphi") and a debtor and debtor-in-possession in the above-captioned

cases (collectively with Delphi and certain of its U.S. subsidiaries and affiliates, the "Debtors")

hereby certifies, pursuant to General Rule M-104 Re: Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases and M-151 Re: Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases

(the "Local Guidelines") that:

      1.    I am the professional designated by DLA Piper with the responsibility in

MobileAria's case for compliance with the Local Guidelines.

      2.    I have read DLA Piper's first interim application for compensation for

service rendered to, and for reimbursement of expenses incurred on behalf of, MobileAria for the

second interim period May 1, 2006 through May 31, 2006 (the "Application").

EM\7212023.1

3.      To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the Local Guidelines.

4.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines.

5.      The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by DLA Piper and customarily accepted by DLA Piper's clients.

6.      Copies of the Application have been served upon the parties designated in the November 4, 2005 Order of the Court establishing procedures for interim compensation and reimbursement of expenses (the "Interim Fee Order"). The Interim Fee Order prohibited payment of DLA Piper's fees and expenses from the time they exceeded $50,000 in one month (May, 2005) until its employment was approved on November 16, 2006. Consequently, DLA Piper has now provided copies of the invoices to the Debtors' counsel and seeks payment of 80% of its fees and 100% of its costs pursuant to the Interim Fee Order.

7.      To the best of my knowledge, information and belief, and with respect to any reimbursable services and disbursements for which reimbursement is sought, DLA Piper does not make a profit on such services or reimbursements.

8.      All monthly statements of fees and disbursements submitted by DLA Piper pursuant to the Interim Fee Order (i) contained a list of professionals and paraprofessionals providing services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a description of the services rendered and the breakdown of the disbursements incurred and otherwise complied in all respects with the Interim Fee Order, and (ii) were provided to Notice Parties in accordance with the Interim Fee Order after DLA Piper's employment was approved.

9.      The Application is being served upon all Notice Parties, in accordance with the Interim Fee Order.

EM\7212023.1

Dated:    East Palo Alto, California          DLA PIPER US LLP
          November 29, 2006

                                              By: /s/ _____
                                                  Amy Wallace Potter (213196)
                                                  Christie Branson (217926)
                                                  2000 University Avenue
                                                  East Palo Alto, CA 94303
                                                  (650) 833-2000

                                                  Corporate, Employment and Intellectual
                                                  Property Counsel for Debtor MobileAria, Inc.

EM\7212023.1

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
    In re                 :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :    Case No. 05-44481 (RDD)
                                      :
                 Debtors.    :    (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF
DLA PIPER LLP AS CORPORATE, EMPLOYMENT, AND INTELLECTUAL PROPERTY
<u>COUNSEL TO DEBTOR MOBILEARIA, INC. NUNC PRO TUNC TO MAY 1, 2006</u>

("DLA PIPER RETENTION ORDER")

       Upon the application, dated October 30, 2006 (the "Application"), of MobileAria,

Inc. ("MobileAria"), an affiliate of Delphi Corporation and a debtor and debtor-in-possession in

the above-captioned cases, for an order (the "Order") under 11 U.S.C. §§ 327(e) and 1107(b) and

Fed. R. Bankr. P. 2014 authorizing the employment and retention of DLA Piper LLP as

corporate, employment, and intellectual property counsel to MobileAria <u>nunc</u> <u>pro</u> <u>tunc</u> to May 1,

2006; and upon this Court having determined that the relief requested in the Application is in the

best interests of MobileAria, its estates, its creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Application has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

       ORDERED, ADJUDGED, AND DECREED THAT:

       1.   The Application is GRANTED.

       2.   Pursuant to the Application, MobileAria's employment of DLA Piper as its

corporate, employment, and intellectual property counsel is hereby approved in accordance with

11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014, with approval of such employment being effective as of May 1, 2006.

3. DLA Piper shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the United States Bankruptcy Code and all applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, the guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          November 16, 2006

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE



2

# EXHIBIT C

EXHIBIT C

Summary of Hours Billed by Attorneys and Paraprofessionals
for the Period May 1, 2006 through May 31, 2006

| Name | Position | Year | Rate | Hours | Total |
|---|---|---|---|---|---|
| Jim Koshland | Partner | 1978 | $685.00 | 1.0 | $685.00 |
| David Plewa | Partner | 1987 | $565.00 | 0.5 | $282.50 |
| Ash Johnston | Partner | Unknown | $525.00 | 0.25 | $131.25 |
| Tim Lohse | Partner | 1994 | $510.00 | 0.6 | $306.00 |
| Vicky Lee | Partner | 1993 | $495.00 | 20.0 | $9,900.00 |
| Michael Standlee | Partner | 1994 | $495.00 | 1.7 | $841.50 |
| Mary L. Butler | Partner | 1985 | $475.00 | 1.1 | $522.50 |
| Amy W. Potter | Associate | 1998 | $475.00 | 1.2 | $570.00 |
| Christie Branson | Associate | 2001 | $405.00 | 87.8 | $35,559.00 |
| Heather Dunn | Associate | 2000 | $425.00 | 0.5 | $212.50 |
| Rachel R. Warner | Associate | 2000 | $400.00 | 1.7 | $680.00 |
| Stacy Paz | Associate | 2002 | $375.00 | 0.2 | $75.00 |
| Michelle Moskalik | Associate | 2003 | $340.00 | 6.5 | $2,210.00 |
| Chiara Portner | Associate | 2003 | $340.00 | 3.3 | $1,122.00 |
| Micheal Signorelli | Associate | 2004 | $300.00 | 3.3 | $990.00 |
| Jenny Kim | Associate | 2005 | $260.00 | 47.9 | $12,454.00 |
| Torrie Nute | Associate | 2005 | $260.00 | 4.6 | $1,196.00 |
| Kathryn Clamar | Paralegal | | $245.00 | 1.1 | $269.50 |
| Mary Ashworth | Paralegal | | $195.00 | 0.3 | $58.50 |
| Total | | | | 183.55 | $68,065.25 |

# EXHIBIT D

EXHIBIT D

Summary of Hours Billed by Attorneys and Paraprofessionals
for the Period May 1, 2006 through May 31, 2006

| Matter | Hours | Amount |
|---|---|---|
| Corporate | 167.75 | $60,812.75 |
| Employment | 1.1 | $522.50 |
| Intellectual Property | 14.7 | $6,730.00 |
| Total | 183.55 | $68,065.25 |

# EXHIBIT E

EXHIBIT E

Summary of Disbursements
for the Period May 1, 2006 through May 31, 2006

| Disbursement | Amount |
|---|---|
| Duplicating | $344.70 |
| Total | $344.70 |

# EXHIBIT F

**DLA Piper US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
**T** 650-833-2000
**F** 650-833-2001
**W** www.dlapiper.com

## PRIVILEGED AND CONFIDENTIAL

Delphi Corporation
Attn: General Counsel
5825 Delphi Drive
Troy, Michigan 48098-2815

November 29, 2006

J. Koshland
Client # 35116501
Joint ID # 14251-35116501
Invoice # 1915611

---

*For Professional Services Through **May 31, 2006**:*

*Client:* **MobileAria, Inc.**

| | | |
|---|---|---|
| Current Fees | $ | 68,065.25 |
| Current Disbursements | $ | 344.70 |
| Current Fees and Disbursements | $ | 68,409.95 |
| Prior Outstanding Balance | $ | 1,299.50 |
| Total Account Balance | $ | 69,709.45 |

---

Please send remittance to:          DLA Piper US LLP
                                     P.O. Box 64029
                                     Baltimore, Maryland 21264-4029

Or wire remittance to:               M&T Bank                              *To ensure proper credit, please indicate the*
                                     25 South Charles Street, 18th Floor   *invoice number you are paying on the wire*
                                     Baltimore, MD 21201
                                     Account Name:
                                     DLA Piper US LLP Operating Account
                                     Account #: 074-8148-5
                                     ABA Transit #: 022000046
                                     Swift Code: MANTUS33INT
Law Firm Tax Identification Number:  52-0616490

MobileAria, Inc.                                                                     Page: 2
Invoice # 1915611                                                      November 29, 2006

| Matter # | Matter Name | Current Fees | Current Disb. | Total |
|---|---|---|---|---|
| 001001 | Post Bankruptcy General Corporate | 60,812.75 | 0.00 | 60,812.75 |
| 001002 | Post Bankruptcy Employment | 522.50 | 344.70 | 867.20 |
| 001003 | Post Bankruptcy IP | 6,730.00 | 0.00 | 6,730.00 |
| **Total Current Charges** | | $68,065.25 | $344.70 | $68,409.95 |

J. Koshland
Page: 3

MobileAria, Inc.                                                        November 29, 2006

Matter # 351165-001001
Invoice # 1915611

*Matter:*  **Post Bankruptcy General Corporate**

**Fees:**

| Date | Description | Timekeeper | Hours | Amount |
|------|-------------|------------|-------|--------|
| 05/01/06 | Prepare notice of assignment for supplier agreement (1.0). Intra-office conference regarding same (.3). Draft and transmit correspondence to Board regarding letter of credit agreements (1.2). | Christie L. Branson | 2.50 | 1,012.50 |
| 05/01/06 | Conferences regarding due diligence matters. | Vicky Lee | 0.20 | 99.00 |
| 05/01/06 | Analyze correspondence regarding asset sale issues and follow-up. | Michael C. Standlee | 0.40 | 198.00 |
| 05/02/06 | Analyze non-disclosure agreements with prospective buyers (.6). Intra-office conferences regarding same (.2). Exchange correspondence with working group regarding bankruptcy matters (.2). Analyze letter of credit arrangements (.5). | Christie L. Branson | 1.50 | 607.50 |
| 05/02/06 | Review assignment notice.  Conference regarding same.  Review nondisclosure agreement. | Vicky Lee | 0.40 | 198.00 |
| 05/03/06 | Intra-office conferences regarding non-disclosure agreements with potential buyers. Attention to open matters. | Christie L. Branson | 0.50 | 202.50 |
| 05/04/06 | Attend to non-disclosure agreement matters. Telephone conference with Mr. Ford regarding non-disclosure agreement. | Christie L. Branson | 1.00 | 405.00 |
| 05/04/06 | Telephone conference regarding status of bidding process. | Vicky Lee | 0.50 | 247.50 |
| 05/05/06 | Attend to non-disclosure agreement matters. Exchange correspondence with working group regarding open matters. | Christie L. Branson | 1.00 | 405.00 |
| 05/08/06 | Draft and transmit correspondence to Mr. Bennett and working group regarding non-disclosure agreement and letter of credit arrangement. | Christie L. Branson | 0.30 | 121.50 |
| 05/09/06 | Telephone conference with Attorney Densmore | Christie L. Branson | 3.50 | 1,417.50 |

J. Koshland
Page: 4

MobileAria, Inc.                                                    November 29, 2006

Matter # 351165-001001
Invoice # 1915611

| Date | Description | Timekeeper | Hours | Amount |
|------|-------------|------------|-------|--------|
| | regarding asset purchase agreement (.3). Intra-office conferences regarding same (.4). Draft and transmit correspondence to Mr. Bennett regarding status (2.5). Telephone conferences with Mr. Bennett regarding same (.3). | | | |
| 05/09/06 | Intra-office conference regarding due diligence. Review representations and warranties in the Asset Purchase Agreement. | Jenny Kim | 0.70 | 182.00 |
| 05/09/06 | Analyze and respond to correspondence regarding due diligence issues. | Michael C. Standlee | 0.20 | 99.00 |
| 05/10/06 | Correspondence and telephone conferences with working group regarding open matters. | Christie L. Branson | 1.00 | 405.00 |
| 05/11/06 | Intra-office conferences and correspondence with working group regarding due diligence matters (.5). Prepare correspondence regarding disclosure matters (3.5). | Christie L. Branson | 4.00 | 1,620.00 |
| 05/11/06 | Review due diligence materials. | Jenny Kim | 0.70 | 182.00 |
| 05/11/06 | Attention to asset sale issues. | Michael C. Standlee | 0.50 | 247.50 |
| 05/12/06 | Review due diligence materials (2.5). Draft disclosure schedule (3.3). | Jenny Kim | 5.80 | 1,508.00 |
| 05/12/06 | Review latest draft of asset purchase agreement. | Vicky Lee | 1.50 | 742.50 |
| 05/14/06 | Perform due diligence (2.3).  Draft disclosure schedule for Asset Purchase Agreement (2.0). | Jenny Kim | 4.30 | 1,118.00 |
| 05/15/06 | Prepare disclosure schedules (2.8). Intra-office conferences regarding same (.7). | Christie L. Branson | 3.50 | 1,417.50 |
| 05/15/06 | Attend to correspondence regarding transaction. Perform due diligence. | Jenny Kim | 0.50 | 130.00 |
| 05/16/06 | Prepare disclosure schedules (3.9). Telephone conferences with MobileAria working group regarding open matters (.8). Exchange correspondence with working group regarding same (.3). | Christie L. Branson | 5.00 | 2,025.00 |
| 05/16/06 | Draft and revise disclosure schedule for Asset Purchase Agreement (2.5).  Perform due diligence (2.5). Intraoffice conference regarding disclosure schedule and revisions (.9).  Draft email to client regarding outstanding items for | Jenny Kim | 8.10 | 2,106.00 |

J. Koshland
Page: 5

MobileAria, Inc.                                                                November 29, 2006

Matter # 351165-001001
Invoice # 1915611

| Date | Description | Timekeeper | Hours | Amount |
|------|-------------|------------|-------|--------|
| | diligence and disclosure schedule (2.2). | | | |
| 05/17/06 | Telephone conferences with Skadden Arps regarding open matters (1.0). Intra-office conferences regarding asset sale matters (2.0). Attention to correspondence regarding open matters (1.0). | Christie L. Branson | 4.00 | 1,620.00 |
| 05/17/06 | Intra-office conferences regarding UCC searches. Process same.  Correspondence to filing service requesting same. | Kathryn L. Clamar | 0.90 | 220.50 |
| 05/17/06 | Intraoffice correspondence regarding lien search (.3).  Intraoffice conference call regarding assignment provisions in commercial contracts (.3). Perform due diligence (1.5). | Jenny Kim | 2.10 | 546.00 |
| 05/17/06 | Telephone conference Mr. Densmore regarding bankruptcy sale (.6).  Conference regarding review of contracts (.7). | Vicky Lee | 1.30 | 643.50 |
| 05/17/06 | Intra-office e-mail related to tax matters. | Stacy M. Paz | 0.20 | 75.00 |
| 05/17/06 | Draft intra-office correspondence regarding IRS requirements related to purchase price allocation methodology and reporting. | David Plewa | 0.50 | 282.50 |
| 05/17/06 | Intra-office conference regarding asset sale issues and follow-up. | Michael C. Standlee | 0.30 | 148.50 |
| 05/18/06 | Intra-office conference regarding UCC results. | Kathryn L. Clamar | 0.10 | 24.50 |
| 05/18/06 | Attend to due diligence chart. | Jenny Kim | 1.00 | 260.00 |
| 05/19/06 | Telephone conferences and correspondence with working group regarding due diligence matters. | Christie L. Branson | 1.50 | 607.50 |
| 05/19/06 | Perform due diligence (1.6).  Draft chart regarding assignment of contracts (1.0). | Jenny Kim | 2.60 | 676.00 |
| 05/22/06 | Analyze due diligence and e-mail correspondence in connection with disclosure schedules (1.3). Intra-office conferences regarding same (.7). Participate in conference call with working group (1.0). Prepare schedules (5.0). Exchange correspondence with working group (.7). | Christie L. Branson | 8.70 | 3,523.50 |
| 05/22/06 | Intra-office conference regarding good | Kathryn L. Clamar | 0.10 | 24.50 |

J. Koshland
Page: 6

MobileAria, Inc.                                                      November 29, 2006

Matter #  351165-001001
Invoice # 1915611

| Date | Description | Timekeeper | Hours | Amount |
|------|-------------|------------|-------|--------|
| | standings. | | | |
| 05/22/06 | Revisions to first draft of due diligence chart. | Jenny Kim | 0.40 | 104.00 |
| 05/23/06 | Travel to and attend meeting with Mr. Lind. Attention to Board matters and preparation of disclosure schedule matters. | Christie L. Branson | 8.50 | 3,442.50 |
| 05/23/06 | Travel to/from MobileAria office. Perform due diligence. Revise and update due diligence chart. Attend to diligence materials in eRoom. | Jenny Kim | 10.00 | 2,600.00 |
| 05/23/06 | Attend to diligence matters (.8). Review documents for inclusion in the diligence chart (1.9). | Torrie C Nute | 2.70 | 702.00 |
| 05/23/06 | Conduct due diligence review of nondisclosure agreements for assignment requirements (2.3). Draft due diligence chart regarding same (2.2). | Michelle Moskalik | 4.50 | 1,530.00 |
| 05/24/06 | Confer with M. Signorelli re: equipment authorization assignment; follow up with C. Brandon re: same. | Ash Johnston | 0.25 | 131.25 |
| 05/24/06 | Conferences with M. Signorelli re: equipment authorization research; research FCC database re: equipment authorization and contact information. | Mary Ashworth | 0.30 | 58.50 |
| 05/24/06 | Prepare schedules (2.0). Multiple telephone conferences with various members of working group regarding due diligence (.8). Attention to open matters (.5). Review due diligence materials (3.7). | Christie L. Branson | 7.00 | 2,835.00 |
| 05/24/06 | Calls with patent attorneys at Thelen Reid and Burns Ingersoll regarding past patent work for client (.5). Review and revise disclosure schedule (1.9). Intraoffice conference regarding disclosure schedule and revisions (.5). | Jenny Kim | 2.90 | 754.00 |
| 05/24/06 | Attend to diligence matters (.3. Review documents for inclusion in diligence chart (1.6). | Torrie C Nute | 1.90 | 494.00 |
| 05/24/06 | Determine whether equipment authorizations may be transferred if the grant is labeled as "Not Transferable" (1.8); contact the Office of Engineering and Technology to discuss the Federal Communications Commission's transfer rules and the division's interpretation of "Not | Michael A. Signorelli | 3.30 | 990.00 |

J. Koshland
Page: 7

MobileAria, Inc.                                                                November 29, 2006

Matter # 351165-001001
Invoice # 1915611

| Date | Description | Timekeeper | Hours | Amount |
|------|-------------|------------|-------|--------|
| | Transferable" (.5); outline transfer process (1.0). | | | |
| 05/24/06 | Review order for ordinary course professionals and bills for presentation to debtor. | Amy Wallace Potter | 1.20 | 570.00 |
| 05/24/06 | Conduct due diligence review of nondisclosure agreements. | Michelle Moskalik | 1.80 | 612.00 |
| 05/25/06 | Participate in conference calls with working group (.8). Intra-office conferences regarding due diligence matters (1.7). Draft and transmit correspondence to Board regarding status (1.3). Analyze bids received (2.0). Analyze Wireless Matrix agreement (2.2). | Christie L. Branson | 8.00 | 3,240.00 |
| 05/25/06 | Intraoffice conference regarding additional due diligence materials (.8). Correspondence regarding client patents with attorneys from Thelen Reid (.2). Review additional due diligence materials (1.2). Update due diligence chart (2.0). | Jenny Kim | 4.20 | 1,092.00 |
| 05/25/06 | Conduct search for MobileAria patent applications and file histories.  Order patent assignments and file histories. | Timothy Lohse | 0.60 | 306.00 |
| 05/25/06 | Analyze correspondence regarding asset sale and follow-up. | Michael C. Standlee | 0.30 | 148.50 |
| 05/25/06 | Finalize due diligence review of nondisclosure agreements and finalize chart. | Michelle Moskalik | 0.20 | 68.00 |
| 05/26/06 | Participate in conference calls with working group, Board meeting and other intra-office conferences (3.0). Prepare schedules (9.0). Participate in lengthy conference call with Mr. Conlisk (1.5). Intra-office conferences and intra-office memoranda with working group regarding schedules (1.5). | Christie L. Branson | 15.00 | 6,075.00 |
| 05/26/06 | Review Sale of Assets Agreement. | Jim Koshland | 1.00 | 685.00 |
| 05/26/06 | Review disclosure schedule (1.5).  Telephone conference regarding Wireless Matrix asset purchase agreement (1.0).  Telephone conference with Wireless Matrix and legal counsel regarding asset purchase agreement (1.0). Participate in telephonic board meeting (1.5). | Vicky Lee | 5.00 | 2,475.00 |

J. Koshland
Page: 8

MobileAria, Inc.                                                November 29, 2006

Matter # 351165-001001
Invoice # 1915611

| Date | Description | Timekeeper | Hours | Amount |
|------|-------------|-----------|-------|--------|
| 05/26/06 | Conference regarding lease assignment. | Vicky Lee | 0.20 | 99.00 |
| 05/30/06 | Draft and transmit correspondence regarding Board meeting to Ms. Pogue and Board members. Telephone conference with Ms. Pogue regarding status. | Christie L. Branson | 0.80 | 324.00 |
| 05/30/06 | Review voice mail from attorney regarding lease review.  Email correspondence with attorney regarding lease. | Rachel Rosati Warner | 0.20 | 80.00 |
| 05/31/06 | Attention to negotiation of asset purchase agreement (7.0). Telephone conferences with Wireless Matrix counsel and Delphi in-house counsel regarding Wireless Matrix offer (1.7). Telephone conferences with Skadden regarding same (1.8). | Christie L. Branson | 10.50 | 4,252.50 |
| 05/31/06 | Conference call with Delphi attorneys and attorneys for purchaser regarding revisions and comments to asset purchase agreement (2.0). Intraoffice conference regarding next steps (2.6). | Jenny Kim | 4.60 | 1,196.00 |
| 05/31/06 | Review lease provisions (.9).  Prepare email memo to Attorney Branson regarding same (1.6). | Rachel Rosati Warner | 1.50 | 600.00 |
| | **Total Fees** | | **167.75** | **$60,812.75** |

### Timekeeper Summary

| Timekeeper | Title | Hours | Rate | Amount |
|-----------|-------|-------|------|--------|
| Jim Koshland | Partner | 1.00 | 685.00 | 685.00 |
| David Plewa | Partner | 0.50 | 565.00 | 282.50 |
| Ash Johnston | Partner | 0.25 | 525.00 | 131.25 |
| Timothy Lohse | Partner | 0.60 | 510.00 | 306.00 |
| Michael C. Standlee | Partner | 1.70 | 495.00 | 841.50 |
| Vicky Lee | Partner | 9.10 | 495.00 | 4,504.50 |

J. Koshland
Page: 9

MobileAria, Inc.

November 29, 2006

Matter # 351165-001001
Invoice # 1915611

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Amy Wallace Potter | Associate | 1.20 | 475.00 | 570.00 |
| Christie L. Branson | Associate | 87.80 | 405.00 | 35,559.00 |
| Rachel Rosati Warner | Associate | 1.70 | 400.00 | 680.00 |
| Stacy M. Paz | Associate | 0.20 | 375.00 | 75.00 |
| Michelle Moskalik | Associate | 6.50 | 340.00 | 2,210.00 |
| Michael A. Signorelli | Associate | 3.30 | 300.00 | 990.00 |
| Torrie C Nute | Associate | 4.60 | 260.00 | 1,196.00 |
| Jenny Kim | Associate | 47.90 | 260.00 | 12,454.00 |
| Kathryn L. Clamar | Paralegal | 1.10 | 245.00 | 269.50 |
| Mary Ashworth | Paralegal | 0.30 | 195.00 | 58.50 |
| **Totals** | | **167.75** | | **60,812.75** |

**Total Current Charges**            $        60,812.75

J. Koshland
Page: 10

November 29, 2006

MobileAria, Inc.

Matter #  351165-001002
Invoice # 1915611

*Matter:*  **Post Bankruptcy Employment**

**Fees:**

| <u>Date</u> | <u>Description</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Amount</u> |
|---|---|---|---|---|
| 05/11/06 | Intra-office conference regarding commission to employees. | Mary A. Lavigne-Butler | 0.30 | 142.50 |
| 05/12/06 | E-mail regarding employment matters. | Mary A. Lavigne-Butler | 0.50 | 237.50 |
| 05/22/06 | Intra-office conference regarding employment issues in transaction. | Mary A. Lavigne-Butler | 0.30 | 142.50 |
| | **Total Fees** | | **1.10** | **$522.50** |

**Timekeeper Summary**

| Timekeeper | <u>Title</u> | <u>Hours</u> | <u>Rate</u> | <u>Amount</u> |
|---|---|---|---|---|
| Mary A. Lavigne-Butler | Partner | 1.10 | 475.00 | 522.50 |
| **Totals** | | **1.10** | | **522.50** |

**Disbursements:**

| <u>Date</u> | <u>Description</u> | <u>Amount</u> |
|---|---|---|
| | Duplicating | 344.70 |
| | **Total Disbursements** | **$344.70** |

| | **Total Current Charges** | **$      867.20** |

J. Koshland
Page: 11

MobileAria, Inc.                                                            November 29, 2006

Matter # 351165-001003
Invoice # 1915611

*Matter:*  **Post Bankruptcy IP**

**Fees:**

| Date | Description | Timekeeper | Hours | Amount |
|------|-------------|-----------|-------|--------|
| 05/02/06 | Review and revise NDA. | Chiara Juliana Portner | 0.80 | 272.00 |
| 05/03/06 | Conference regarding NDA agreement. | Vicky Lee | 0.20 | 99.00 |
| 05/04/06 | Telephone conference Mr. Conlisk regarding service agreement. | Vicky Lee | 0.20 | 99.00 |
| 05/05/06 | Review nondisclosure agreement (.8). Conference regarding same (.5). Telephone conference Mr. Chabra regarding installation services agreement (.7). | Vicky Lee | 2.00 | 990.00 |
| 05/08/06 | Review changes to installation services agreement. Review and revise same. Draft correspondence regarding same. Telephone conferences Mr. Chhabra regarding same. | Vicky Lee | 0.70 | 346.50 |
| 05/11/06 | Telephone conference Mr. Conlisk regarding installation services agreement. Review and revise same. | Vicky Lee | 0.40 | 198.00 |
| 05/18/06 | Draft correspondence Mr. Bennett regarding installation services agreement. Review and respond to correspondence regarding IP assignment agreements. | Vicky Lee | 0.40 | 198.00 |
| 05/23/06 | Conferences regarding due diligence (.2). Review business development agreements (.1). Review and respond to correspondences regarding same (.3). Review due diligence chart (.2). Review letter agreement and conference regarding same (.3). Draft assignment agreements (.9). | Vicky Lee | 2.00 | 990.00 |
| 05/23/06 | Review nda's and prepare assignment chart of same. | Chiara Juliana Portner | 2.50 | 850.00 |
| 05/24/06 | Conferences regarding due diligence. Draft correspondence regarding termination of business agreement. | Vicky Lee | 0.50 | 247.50 |
| 05/25/06 | Review request for trademark disclosure docs and coordinate same. | Heather Angelina Dunn | 0.30 | 127.50 |

J. Koshland
Page: 12

MobileAria, Inc.

November 29, 2006

Matter # 351165-001003
Invoice # 1915611

| **Date** | **Description** | **Timekeeper** | **Hours** | **Amount** |
|---|---|---|---|---|
| 05/25/06 | Draft patent assignment agreement (1.5). Draft trademark and domain name assignment agreement (1.5). Conferences regarding due diligence matters (.5). Review Wireless Matrix agreement (1.0). | Vicky Lee | 4.50 | 2,227.50 |
| 05/26/06 | Review and intra-office conference regarding trademark disclosure documents and coordinate same. | Heather Angelina Dunn | 0.20 | 85.00 |
| | **Total Fees** | | **14.70** | **$6,730.00** |

### Timekeeper Summary

| **Timekeeper** | **Title** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|---|
| Vicky Lee | Partner | 10.90 | 495.00 | 5,395.50 |
| Heather Angelina Dunn | Associate | 0.50 | 425.00 | 212.50 |
| Chiara Juliana Portner | Associate | 3.30 | 340.00 | 1,122.00 |
| | **Totals** | **14.70** | | **6,730.00** |

**Total Current Charges**          $          **6,730.00**

MobileAria, Inc.

Page 13

Client # 35116501

Invoice # 1915611

November 29, 2006

### Timekeeper Summary - All Matters

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Jim Koshland | Partner | 1.00 | 685.00 | 685.00 |
| David Plewa | Partner | 0.50 | 565.00 | 282.50 |
| Ash Johnston | Partner | 0.25 | 525.00 | 131.25 |
| Timothy Lohse | Partner | 0.60 | 510.00 | 306.00 |
| Michael C. Standlee | Partner | 1.70 | 495.00 | 841.50 |
| Vicky Lee | Partner | 20.00 | 495.00 | 9,900.00 |
| Mary A. Lavigne-Butler | Partner | 1.10 | 475.00 | 522.50 |
| Amy Wallace Potter | Associate | 1.20 | 475.00 | 570.00 |
| Heather Angelina Dunn | Associate | 0.50 | 425.00 | 212.50 |
| Christie L. Branson | Associate | 87.80 | 405.00 | 35,559.00 |
| Rachel Rosati Warner | Associate | 1.70 | 400.00 | 680.00 |
| Stacy M. Paz | Associate | 0.20 | 375.00 | 75.00 |
| Chiara Juliana Portner | Associate | 3.30 | 340.00 | 1,122.00 |
| Michelle Moskalik | Associate | 6.50 | 340.00 | 2,210.00 |
| Michael A. Signorelli | Associate | 3.30 | 300.00 | 990.00 |
| Jenny Kim | Associate | 47.90 | 260.00 | 12,454.00 |
| Torrie C Nute | Associate | 4.60 | 260.00 | 1,196.00 |
| Kathryn L. Clamar | Paralegal | 1.10 | 245.00 | 269.50 |
| Mary Ashworth | Paralegal | 0.30 | 195.00 | 58.50 |
| **Totals** | | **183.55** | | **68,065.25** |

MobileAria, Inc.

Client # 35116501                                                    J. Koshland
Joint ID # 14251-35116501
Invoice # 1915611                                                    November 29, 2006

# REMITTANCE ADVICE

| | | |
|---|---|---|
| Current Fees | $ | 68,065.25 |
| Current Disbursements | $ | 344.70 |
| Current Fees and Disbursements | $ | 68,409.95 |
| Total This Invoice | $ | 68,409.95 |

## Outstanding Invoice Summary

| | | |
|---|---|---|
| **Prior Outstanding Balance** | $ | **1,299.50** |
| **Total Account Balance** | $ | **69,709.45** |

*INVOICE IS DUE AND PAYABLE UPON RECEIPT*
*PLEASE RETURN THIS PAGE WITH YOUR REMITTANCE*

Please send remittance to:      DLA Piper US LLP
                                P.O. Box 64029
                                Baltimore, Maryland 21264-4029

or wire remittance to:          M&T Bank                          *To ensure proper credit, please indicate the*
                                25 South Charles Street, 18th Floor   *invoice number you are paying on the wire*
                                Baltimore, MD 21201
                                Account Name:
                                DLA Piper US LLP Operating Account
                                Account #: 074-8148-5
                                ABA Transit #: 022000046
                                Swift Code:  MANTUS33INT
Law Firm Tax Identification Number:   52-0616490