HEARING DATE: March 22, 2007, 10:00 a.m.
OBJECTION DEADLINE: March 15, 2007 4:00 p.m.

JAECKLE FLEISCHMANN & MUGEL, LLP
12 Fountain Plaza
Buffalo, New York 14202-2292
(716) 856-0600
Ronald J. Kisicki
Joseph W. Allen (JA-4311)

*Intellectual Property Counsel for Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                :
In re:                          :    Chapter 11
                                :
DELPHI CORPORATION et al.,      :    Case No. 05-44481 (RDD)
                                :
            Debtors.            :    (Jointly Administered)
                                :
------------------------------------------------------x

## NOTICE OF THIRD INTERIM APPLICATION OF JAECKLE FLEISCHMANN & MUGEL, LLP FOR AN ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS INTELLECTUAL PROPERTY COUNSEL FOR THE DEBTORS FOR THE PERIOD JUNE 1, 2006 THROUGH SEPTEMBER 30, 2006 AND FOR REIMBURSEMENT OF EXPENSES

**PLEASE TAKE NOTICE** that on November 30, 2006 Jaeckle Fleischmann & Mugel, LLP, as intellectual property counsel to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, Debtors and Debtors in Possession in the above-captioned cases (collectively, the "Debtors"), filed its third application for an allowance of interim compensation for professional services rendered to the Debtors for the period June 1, 2006 through and

including September 30, 2006 and for reimbursement of expenses incurred in connection with such services (the "Application").

**PLEASE TAKE FURTHER NOTICE,** that a hearing to consider approval of the Application will be held on March 22, 2007 at 10:00 a.m. (the "Hearing"), before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE,** that any interested person who wishes to receive a complete copy of the Application and who cannot otherwise access same through the Court's website, or the Debtors' "virtual docket" website, may request a copy by contacting the applicant through its undersigned counsel.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to approval of the Application (a) must be in writing, (b) must conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Order under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and Administrative Procedures, and (iii) Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No. 245), (c) must be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) must be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States

Bankruptcy Judge, and (e) must be served upon: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel); (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606 (Attn: John Wm. Butler, Jr., Esq.); (iii) conflicts counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, New York, New York 10119 (Attn: Albert Togut, Esq. and Neil Berger, Esq.); (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Kenneth S. Ziman, Esq.); (v) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Marlane Melican, Esq.); (vi) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg, Esq. and Mark A. Broude, Esq.); (vii) the applicant, Jaeckle Fleischmann & Mugel, LLP, 12 Fountain Plaza, Buffalo, New York 14202-2292 (Attn: Joseph W. Allen, Esq.); (viii) members of the Fee Committee, David M. Sherbin, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098; John D. Sheehan, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098; Alicia M. Leonard, Esq., Office of United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004; and Valeria Venable, GE Plastics, Americas, 9930 Kincey Avenue, Huntersville, NC 28078 and (xiv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard, Esq.), in each case so as **to be received no later than 4:00 p.m. on March 15, 2007.**

      **PLEASE TAKE FURTHER NOTICE** that only those timely-written objections made in accordance herewith, and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court, and that if no objections to the Application are timely filed

3

and served the Bankruptcy Court may enter an order granting the Application without further notice.

Dated:   Buffalo, New York
         November 30, 2006

                                    JAECKLE FLEISCHMANN & MUGEL, LLP
                                    Intellectual Property Counsel for the Debtors
                                    and Debtors in Possession

                                    s/Joseph W. Allen
                                    Ronald J. Kisicki
                                    Joseph W. Allen (JA-4311)
                                    12 Fountain Plaza
                                    Buffalo, New York  14202-2292
                                    Tel:  (716) 856-0600
                                    Email:  jallen@jaeckle.com

159638v1

HEARING DATE: March 22, 2007, 10:00 a.m.
OBJECTION DEADLINE: March 15, 2007  4:00 p.m.

JAECKLE FLEISCHMANN & MUGEL, LLP
12 Fountain Plaza
Buffalo, New York  14202-2292
(716) 856-0600
Ronald J. Kisicki
Joseph W. Allen (JA-4311)

*Intellectual Property Counsel for Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
DELPHI CORPORATION et al.,                             :    Case No. 05-44481 (RDD)
                                                       :
                    Debtors.                           :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

**THIRD INTERIM FEE APPLICATION OF
JAECKLE FLEISCHMANN & MUGEL, LLP
FOR ALLOWANCE OF COMPENSATION FOR
<u>SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES</u>**

SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330</u>

| | |
|---|---|
| Name of Applicant: | Jaeckle Fleischmann & Mugel, LLP |
| Period for Which Compensation And Reimbursement is Sought: | June 1, 2006 through September 30, 2006 |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 9, 2006 effective <u>non pro tunc</u> to October 8, 2005 |

1

Amount of Compensation and
Expense Reimbursement Sought
As Actual, Reasonable and Necessary:

| | |
|---|---|
| Third Interim Application Period | Fees Requested:     $210,465.50 |
| June 1, 2006 through September 30, 2006 | Expenses Requested: $ 44,923.52 |
| **Total Fees and Expenses Sought in Third** | |
| **Interim Application Period:** | $255,389.02 |

Breakdown of Fees and Expenses Requested for this Compensation Period:

Expenses

Expenses Requested and Paid to date .......................... $ 30,825.56
Expenses Requested but Unpaid to date ..................... $ 14,097.96
Total Expenses Requested to date ..............................................$ 44,923.52

Fees

Fees Requested and Paid to date (at 80%) .................... $ 120,850.40
Fees Requested but Unpaid to date (at 80%) ................ $   47,522.00
Fees heldback (20%) ...........................................…....$   42,093.10
Total Fees Sought for this Compensation Period .............................$210,465.50

Total Fees and Expenses for this Compensation Period ......................$255,389.02

Note:   A payment in the amount of $40,590.25, representing 10% of the hold back amount for the prior periods of October 8, 2005 through May 31, 2006, pursuant to the Fourth Supplemental Order under 11 USC §331, dated July 12, 2006, was received on or about September 5, 2006.

159641v1

2

HEARING DATE: March 22, 2007, 10:00 a.m.
OBJECTION DEADLINE: March 15, 2007 4:00 p.m.

JAECKLE FLEISCHMANN & MUGEL, LLP
12 Fountain Plaza
Buffalo, New York 14202-2292
(716) 856-0600
Ronald J. Kisicki
Joseph W. Allen (JA-4311)

*Intellectual Property Counsel for Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
DELPHI CORPORATION et al.,                             :    Case No. 05-44481 (RDD)
                                                       :
                                     Debtors.          :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

## THIRD INTERIM FEE APPLICATION
## OF JAECKLE FLEISCHMANN & MUGEL, LLP,
## INTELLECTUAL PROPERTY COUNSEL TO DEBTORS,
## FOR INTERIM ALLOWANCE OF COMPENSATION
## AND REIMBURSEMENT OF EXPENSES
## FOR THE PERIOD JUNE 1, 2006 THROUGH SEPTEMBER 30, 2006

Jaeckle Fleischmann & Mugel, LLP ("JF&M"), Intellectual Property Counsel to Delphi Corporation and certain of its subsidiaries and affiliates, debtors-in-possession in the above captioned cases (collectively, the "Debtors"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), submits this Third Interim Fee Application for interim allowance of reasonable compensation for actual and necessary professional services performed by JF&M in the aggregate amount of $210,465.50, for the period June 1, 2006

through September 30, 2006 (the "Compensation Period"), and for reimbursement of its actual, reasonable and necessary expenses in the aggregate amount of $44,923.52 incurred during the Compensation Period, for a total of $255,389.02, and respectfully states:

## BACKGROUND

1. On October 8, 2005 (the "Petition Date") the Debtors filed their respective voluntary petitions with this Court under Chapter 11 of the Bankruptcy Code. Since the filing of their respective Chapter 11 cases, the Debtors have continued in possession of their respective properties and businesses as debtors-in-possession pursuant to Bankruptcy Code section 1107 and 1108. The Debtors' Chapter 11 bankruptcy cases are being jointly administered. On February 7, 2006, Debtors filed their application to retain JF&M (pursuant to U.S.C. 327(e)) as Intellectual Property Counsel to Debtors. On March 9, 2006, the Order approving the Debtors' employment of JF&M as Intellectual Property Counsel was approved with such approval being effective nunc pro tunc to the Petition Date.

## JURISDICTION

2. This Court has jurisdiction over this Third Interim Fee Application pursuant to U.S.C. § 157. This is a core proceeding under 28 U.S.C. §157 (b)(2)(A). The statutory authority for the relief requested in this Third Interim Fee Application is Bankruptcy Code sections 330 and 331.

## SUMMARY OF REQUESTED PROFESSIONAL
## COMPENSATION AND EXPENSE REIMBURSEMENTS

3.  This Third Interim Fee Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), the Order Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated November 4, 2005, the Supplemental Orders Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated March 8, 2006 and March 28, 2006, the Third Supplemental Order Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated May 5, 2006, the Fourth Supplemental Order Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated July 12, 2006, and the Fifth Supplemental Order Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated October 13, 2006 (collectively referred to as the "Interim Compensation Orders"), collectively with the Local Guidelines and UST Guidelines, (the "Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with same is attached hereto as **Exhibit A.**

4.  JF&M files this interim application and seeks allowance herein of reasonable compensation for actual and necessary professional services rendered to the Debtors during the Compensation Period, in the amount of $210,465.50, and for reimbursement of actual,

reasonable and necessary expenses incurred during the Compensation Period in connection with the rendition of such services, in the amount of $44,923.52, for a total aggregate amount of $255,389.02.

      5.      Pursuant to the Interim Compensation Orders, JF&M has provided (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard ("the U.S. Trustee"), (iv) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802 (Att'n: Robert J. Rosenberg), (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Marissa Wesley, Esq.), (vi) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Marlane Melican), and (vii) members of the Fee Committee[1]: David M. Sherbin, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098; John D. Sheehan, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098; Alicia M. Leonard, Esq., Office of United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004; and Valeria Venable, GE Plastics, Americas, 9930 Kincey Avenue, Huntersville, NC 28078, with separate fee statements dated July 28, 2006, August 28, 2006, September 29, 2006 and October 31, 2006, which, in their aggregate, represent professional services rendered and expenses incurred on behalf of the Debtors by JF&M during

---

[1] A Fee Committee was appointed pursuant to the Third Supplemental Interim Compensation Order dated May 5, 2006. Therefore, only monthly fee statements starting with the period covering May 1, 2006 through October 31, 2006 were provided to members of the Fee Committee.

4

this Compensation Period, along with a detailed report of time entries and expenses. Pursuant to such statements, and pursuant to the Interim Compensation Orders, JF&M anticipates receipt of payments for fees and expenses by the time of the March 22, 2007 hearing on this Third Interim Application, in the amounts of $168,372.40 for professional services (which represents Eighty Percent (80%) of the foregoing fees) and $44,923.52 for expenses (which represents One Hundred Percent (100%) of the expenses incurred).

      6.     JF&M has sought interim compensation and reimbursement of expenses covering this Compensation Period, pursuant to the Interim Compensation Orders, in separate statements dated July 28, 2006, August 30, 2006, September 29, 2006 and October 31, 2006. JF&M has received payment in accordance with the Interim Compensation Order for the statement dated July 28, 2006 in the amount of $41,037.60 for professional services (which represents Eighty Percent (80%) of the statement's fees) and $7,336.53 for expenses (which represents One Hundred Percent (100%) of the statement's incurred expenses). An amount of $10,259.40, representing 20% of the total fees billed for professional services in the statement, was held back pursuant to the Interim Compensation Order. Further, JF&M has received payment in accordance with the Interim Compensation Order for the statement dated August 30, 2006 in the amount of $38,883.20 for professional services (which represents Eighty Percent (80%) of the statement's fees) and $8,168.81 for expenses (which represents One Hundred Percent (100%) of the statement's incurred expenses). An amount of $9,720.80, representing 20% of the total fees billed for professional services in the statement, was held back pursuant to the Interim Compensation Order. Further, JF&M has received payment in accordance with the Interim Compensation Order for the statement dated September 29, 2006 in the amount of $40,929.60 for professional services (which represents Eighty Percent (80%) of the statement's

5

fees) and $15,320.22 for expenses (which represents One Hundred Percent (100%) of the statement's incurred expenses). An amount of $10,232.40, representing 20% of the total fees billed for professional services in the statement, was held back pursuant to the Interim Compensation Order.

7. However, as of November 30, 2006, JF&M has not yet received payment for the statement dated October 31, 2006 in the amounts of $47,522.00 for professional services (which represents Eighty Percent (80%) of the statement's fees) and $14,097.96 for expenses (which represents One Hundred Percent (100%) of the statement's incurred expenses).

8. JF&M anticipates that the remaining $10,259.40, which represents the remaining Twenty Percent (20%) of JF&M's fees for professional services billed on the fee statement dated July 28, 2006, the remaining $9,720.80, which represents the remaining Twenty Percent (20%) of JF&M's fees for professional services billed on the fee statement dated August 28, 2006, the remaining $10,232.40, which represents the remaining Twenty Percent (20%) of JF&M's fees for professional services billed on the fee statement dated September 29, 2006, and the remaining $11,880.50, which represents the remaining Twenty Percent (20%) of JF&M's fees for professional services billed on the fee statement dated October 31, 2006 will be held back by the Debtors pursuant to the Interim Compensation Orders pending the Court's order on this Third Interim Fee Application. Thus, JF&M seeks approval and payment of said Twenty Percent (20%) holdback at this time in the amounts of $10,259.40 for the fee statement dated July 28, 2006, $9,720.80 for the fee statement dated August 28, 2006, $10,232.40 for the fee statement dated September 29, 2006 and $11,880.50 for the fee statement dated October 31, 2006, for a total of $42,093.10, in addition to approval and allowance, in full, of JF&M's expenses for services which JF&M rendered during the Compensation Period.

9.  The fees sought by this Third Interim Fee Application reflect an aggregate of 1034.9 hours of timekeeper's (attorneys, agents and legal assistants) time spent and recorded in performing services for the Debtors during the Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the estate. Of the aggregate time expended, 329.4 recorded hours were expended by partners, 372.6 recorded hours were expended by associate attorneys, 320.0 recorded hours were expended by patent agents and 12.9 recorded hours were expended by Legal Assistants.

10. During the Compensation Period, JF&M's hourly billing rates for patent agents and attorneys working on these matters ranged from $165.00 to $250.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys and agents of approximately $204.00. Applicant believes that the services rendered by JF&M have conferred significant benefit on the bankruptcy estate. Applicant believes that its billing rates in these Chapter 11 cases, which reflect Applicant's customary billing rates, are "reasonable billing rates" for purposes of this Court's determination of the "reasonableness" of the fees for services rendered. JF&M's customary billing rates (and the fact that these rates are subject to annual adjustment in accordance with JF&M's standard practices) were disclosed in the retention papers, approved by this Court. The rates charged by Applicant are reasonable and are consistent with customary rates charged by similar firms. If this case were not a case under the Bankruptcy Code, Applicant would charge and expect to receive, on a current basis, an amount at least equal to the amounts requested herein for professional services.

11. Pursuant to the Guidelines, annexed hereto as **Exhibit B** is a schedule setting forth all JF&M's timekeepers who have performed services in these Chapter 11 cases during the Compensation Period, the hourly billing rate charged for services performed by each

timekeeper, the aggregate number of hours expended in this matter and fees billed therefor, the year in which each attorney was first licensed to practice law (or, in the case of patent agents, the year first licensed to practice before the US Patent Office) and the year in which each attorney graduated from law school.

12. Pursuant to the Guidelines, annexed hereto as **Exhibit C** is a summary by project category of the fees generated by the services performed during the Compensation Period and for each project category, a list of each timekeeper providing services, a statement of the number of hours spent and the amount of compensation requested for each timekeeper on the project.

13. Annexed hereto as **Exhibit D** is a schedule specifying the categories of expenses for which JF&M is seeking reimbursement and the total amount for each such expense category.

14. Attached hereto as **Exhibit E** are the cover pages of the actual billing statements as submitted to the Debtors.

15. All of the services for which interim compensation is sought were rendered to the Debtors solely in connection with these cases, in furtherance of the duties and functions of the Debtors and not on behalf of any individual creditor or other person.

16. JF&M has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

17. JF&M has neither shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by JF&M or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

18. JF&M has served its monthly fee statements to: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard ("the U.S. Trustee"), (iv) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802 (Att'n: Robert J. Rosenberg), (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Marissa Wesley, Esq.), (vi) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Marlane Melican), and (vii) members of the Fee Committee: David M. Sherbin, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098; John D. Sheehan, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098; Alicia M. Leonard, Esq., Office of United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004; and Valeria Venable, GE Plastics, Americas, 9930 Kincey

Avenue, Huntersville, NC 28078[2]. As of the date of this Interim Application no objections have been raised.

19.   To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Interim Application, JF&M reserves the right to request additional compensation for such services and reimbursement of such expenses.

20.   A proposed order is attached hereto as **Exhibit F**.

## STATUTORY BASIS FOR RELIEF SOUGHT

21.   The statutory basis for the relief sought herein are Sections 330 and 331 of the Bankruptcy Code supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure. Applicant seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Debtors during the Application Period. Bankruptcy Code Section 330 (a)(1) provides that the Bankruptcy Court may award (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses. Section 330(a)(3)(A) provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of

---

[2] See footnote 1

> time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 331 governs the allowance of interim compensation to professionals and provides:

> any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

### SUMMARY OF SERVICES PROVIDED AND EXPENSES INCURRED

22. JF&M has rendered substantial professional services on behalf of the Debtors including advising and counseling debtors regarding intellectual property issues, assisting in the management of Debtors' patent portfolio, evaluating inventions, and drafting, filing and prosecuting of numerous patent applications.

### AMOUNT APPLICANT HAS SOUGHT AND RECEIVED

23. Applicant has not previously filed an interim application with the Court pertaining to this Compensation Period, however Applicant has submitted monthly statements to the appropriate parties as required by this Court's Interim Compensation Orders, pursuant to which Applicant is supposed to receive 80% of the fees and 100% of the expenses identified in each monthly statement, (assuming that there are no objections to said monthly statements). To date, Applicant has not received any compensation as a result of the filing of the aforementioned monthly statements other than the amounts noted in paragraph 6.

11

24.     For the compensation period October 8, 2005 through January 31, 2006, Applicant has been paid $95,660.80 for services and $37,139.75 for expenses. For the compensation period February 1, 2006 through May 31, 2006, Applicant has been paid $175,167.20 for services and $54,595.92 for expenses. For the period October 8, 2005 through May 31, 2006, Applicant has received an additional amount of $40,590.95, representing 10% of the hold back amount, pursuant to the Fourth Supplemental Order under USC §331, dated July 12, 2006.

## **CONCLUSION**

WHEREFORE, JF&M respectfully requests that this Court enter an order (i) approving and allowing JF&M's application for compensation for professional services rendered during the Compensation Period in the amount of $210,465.50, and reimbursement for actual and necessary expenses incurred during the Compensation Period in the amount of $44,923.52, for a total of $255,389.02; (ii) authorizing and directing the Debtors to forthwith pay to JF&M the full $255,389.02 or, if applicable, the difference between the amount allowed hereunder and the amounts (if any) previously paid to JF&M; and (iii) granting such other and further relief as is proper.

Respectfully submitted,

JAECKLE FLEISCHMANN & MUGEL, LLP
Intellectual Property Counsel for the Debtors
and Debtors in Possession

s/Joseph W. Allen
Ronald J. Kisicki
Joseph W. Allen (JA-4311)
12 Fountain Plaza
Buffalo, New York 14202-2292

Tel: (716) 856-0600
Email: jallen@jaeckle.com

Dated: November 30, 2006

159639v1