UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                         :

     In re                                        :         Chapter 11
                                             :

DELPHI CORPORATION, et al.,         :         Case No. 05-44481 (RDD)
                                             :

                             Debtors.  :        (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 327(a)
AND 328 AUTHORIZING EMPLOYMENT AND
RETENTION OF W.Y. CAMPBELL & COMPANY AS
FINANCIAL ADVISOR AND INVESTMENT BANKER
<u>TO DEBTORS NUNC PRO TUNC TO SEPTEMBER 1, 2006</u>

("W.Y. CAMPBELL RETENTION ORDER")

Upon the application, dated November 6, 2006 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(a) and 328 authorizing the employment and retention of W.Y. Campbell & Company ("Campbell") as financial advisor and investment banker to the Debtors as of September 1, 2006; and upon this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and this Court being satisfied that Campbell is disinterested and represents no interest adverse to the Debtors or their estates as to the matters upon which Campbell is to be engaged; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED.

2. Pursuant to 11 U.S.C. §§ 327(a) and 328, the Debtors are authorized to employ and retain Campbell as financial advisor and investment banker to the Debtors on the terms set forth in the Engagement Letter and the amendment to the Engagement Letter (together, the "Letter Agreement"), <u>nunc</u> <u>pro</u> <u>tunc</u> to September 1, 2006. A copy of the Letter Agreement is attached hereto as <u>Exhibit 1</u>.

3. Campbell shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), any applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), any orders of this Court, and any procedures as may be fixed by order of this Court.

4. Subject to the following paragraph, the compensation and reimbursement of expenses to be paid to Campbell shall be in accordance with the terms of the Letter Agreement, which fees and expense reimbursements shall not hereafter be subject to challenge except under the standard of review under section 328(a) of the Bankruptcy Code.

5. The Office of the United States Trustee retains all rights to object to Campbell's fee applications (including expense reimbursements) in respect of fees and expenses accruing during Campbell's engagement pursuant to this Order, on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.   All requests of Campbell for payment of indemnity pursuant to the Letter Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Letter Agreement and is reasonable based on the circumstances of the litigation or settlement in respect of which such indemnity is sought.

7.   In no event shall Campbell or any of the Indemnified Parties (as defined in the Letter Agreement) be indemnified if a court determines by a final order that such claim for indemnification arose out of Campbell's or such Indemnified Party's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

8.   In the event that Campbell seeks reimbursement for attorneys' fees from the Debtors pursuant to the Letter Agreement, the invoices and supporting time records from such attorneys shall be included in Campbell's own applications (both interim and final), and such invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9.   To the extent that any term of this Order is inconsistent with the Letter Agreement, such term of this Order shall govern.

10.  Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding submission and approval of fee applications, Campbell and its professionals (a) shall only be required to maintain contemporaneous time records for services rendered in one-half-hour

increments, and (b) except as otherwise set forth in the Letter Agreement, shall not be required to conform to or provide any schedule of hourly rates.

        11.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

        12.     The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
           December 4, 2006

                                       /s/Robert D. Drain
                                       UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**
**Letter Agreement**