**EXHIBIT "4"**

TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, NY 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                               :
In re                                                          :     Chapter 11
                                                               :
      DELPHI CORPORATION, et al.,                              :     Case No. 05-44481 (RDD)
                                                               :
                                      Debtors.                 :     (Jointly Administered)
                                                               :
-------------------------------------------------------------X

**CERTIFICATION**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Neil Berger, on behalf of Togut, Segal & Segal LLP ("TS&S"), bankruptcy conflicts counsel for Delphi Corporation, *et al.*, the above-captioned debtors and debtors in possession (the "Debtors"), hereby certifies, pursuant to this Court's Administrative Orders ("Administrative Orders") setting forth guidelines for fees and disbursements for professionals practicing before this Court (the "Guidelines"), that:

1. I am a member of TS&S.

2. I am the professional designated by TS&S with the responsibility in the Debtors cases for compliance with these Guidelines.

3. I have read TS&S' third interim application for compensation for services rendered to, and for reimbursement of expenses incurred on behalf of, the

Debtors for the period June 1, 2006 through and including September 30, 2006 (the "Application").

   4.  To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the mandatory Guidelines set forth in the Administrative Orders.

   5.  To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines set forth in the Administrative Orders.

   6.  The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by TS&S and generally accepted by TS&S' clients.

   7.  Copies of the Application have been served upon the parties designated in the November 4, 2005 Order of the Court establishing procedures for interim compensation and reimbursement of expenses, as amended.

   8.  To the best of my knowledge, information and belief, with respect to the services and disbursements for which reimbursement is sought:  (i) TS&S does not make a profit on such services or disbursements;  (ii) TS&S does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay;  and (iii) TS&S requests reimbursements only for the amount billed to TS&S by the third-party vendor and paid by it to such vendor.

   9.  With respect to photocopying and facsimile transmission expenses, TS&S' charges do not exceed the maximum rate set by the Guidelines (there is no charge for incoming and local facsimile transmissions).  These charges are intended to cover TS&S' direct operating costs for photocopying and facsimile facilities, which costs are not incorporated into the TS&S hourly billing rates.  Only clients who actually use

photocopying, facsimile, and other such office services are separately charged for the same. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying, facsimile, and document production facilities and services.

10. The time constraints frequently imposed by the circumstances of these cases has required TS&S' attorneys and other employees at times to devote substantial amounts of time during the evenings and on weekends to the performance of legal services on behalf of the Debtors. Consistent with firm policy, attorneys and other employees of TS&S who worked late into the evenings were reimbursed for their reasonable meal costs and their cost for transportation home. TS&S' regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement of these requested disbursements is consistent with the provisions set forth in the Guidelines.

11. In addition, same day and overnight delivery of documents and other materials was often required as a result of deadlines necessitating the use of such express services. These disbursements are not included in TS&S' overhead for the purpose of setting billing rates. TS&S has made every effort to minimize its disbursements in this case. The actual expenses incurred in providing professional services were absolutely necessary, reasonable and justified under the circumstances to serve the needs of the case.

   12. Mass transit has been used whenever practicable.

Dated: New York, New York
    December 4, 2006

             TOGUT, SEGAL & SEGAL LLP,
             Conflicts Counsel for the Debtors
             and Debtors in Possession

             /s/ Neil Berger
             NEIL BERGER (NB-3599)
             Members of the Firm
             One Penn Plaza, Suite 3335
             New York, New York 10119
             (212) 594-5000