UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :

    In re                                       :    Chapter 11
                                                  :

DELPHI CORPORATION, et al.,     :    Case No. 05-44481 (RDD)
                                                  :

                    Debtors.    :    (Jointly Administered)
                                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), 1107(b) AND FED. R. BANKR.
P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF KPMG LLP TO
ASSIST DEBTORS IN (I) CERTAIN IMPROVEMENTS TO INTERNATIONAL
TAX REPORTING PACKAGE AND PROCESSES EFFECTIVE NUNC PRO
TUNC TO AUGUST 1, 2006, (II) CERTAIN INTERNAL REPORTING
INITIATIVES EFFECTIVE NUNC PRO TUNC TO MAY 9, 2006, (III) A
SPECIAL INVESTIGATION EFFECTIVE NUNC PRO TUNC TO JULY 10,
2006, (IV) CERTAIN TRANSFER PRICING SERVICES EFFECTIVE NUNC
PRO TUNC TO MAY 19, 2006, (V) CERTAIN IMPROVEMENTS TO FINANCIAL
CLOSE, CONSOLIDATION AND MANAGEMENT REPORTING
PROCESSES, AND (VI) CERTAIN ADDITIONAL SERVICES

        Upon the Second Supplemental Application dated November 10, 2006 (the "Second Supplemental Application")[1] of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Second Supplemental Retention Order") pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of KPMG LLP ("KPMG") to assist the Debtors in (i) certain improvements to the international tax reporting package and processes effective nunc pro tunc to August 1, 2006 (representing phase II of the services under

---

[1]     Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Second Supplemental Application.

the previously approved International Project Engagement Letter dated May 24, 2005, and the Revised International Project Engagement Letter dated September 12, 2005, both of which were previously approved by the Court), (ii) certain internal reporting initiatives effective _nunc pro tunc_ to May 9, 2006, (iii) a special investigation effective _nunc pro tunc_ to July 10, 2006, (iv) certain transfer pricing services effective _nunc pro tunc_ to May 19, 2006 (representing services of the type contemplated in paragraph 16(a)(ii) of the Original Application), (v) certain improvements to the financial close, consolidation and management reporting processes, and (vi) certain additional services (including the renewal and extension of existing services and additional phase services under existing engagements by and between the Debtors and KPMG) of a nature consistent with the services and compensation terms covered in retention applications previously approved by the Court ("Additional Services"); and there being no objection to the Second Supplemental Application and this Court having determined that the relief requested in the Second Supplemental Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Second Supplemental Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Second Supplemental Application is GRANTED on a final basis.

2. Subject to the terms of this Second Supplemental Retention Order, the Debtors' employment and retention of KPMG to assist the Debtors in certain improvements to the international tax reporting package and processes pursuant to the terms and conditions of the Second Supplemental Application and the International Tax Package Improvement Project

2

Engagement Letter is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, effective nunc pro tunc to August 1, 2006.

   3. Subject to the terms of this Second Supplemental Order, the Debtors' employment and retention of KPMG to assist the Debtors in certain internal reporting initiatives pursuant to the terms and conditions of the Second Supplemental Application and the Internal Reporting Engagement Letter is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, effective nunc pro tunc to May 9, 2006.

   4. Subject to the terms of this Second Supplemental Order, the Debtors' employment and retention of KPMG to assist the Debtors in a special investigation pursuant to the terms and conditions of the Second Supplemental Application and the Special Investigation Engagement Letter is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, effective nunc pro tunc to July 10, 2006.

   5. Subject to the terms of this Second Supplemental Order, the Debtors' employment and retention of KPMG to assist the Debtors in certain transfer pricing services pursuant to the terms and conditions of the Second Supplemental Application and the Transfer Pricing Services Engagement Letter is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, effective nunc pro tunc to May 19, 2006.

   6. Subject to the terms of this Second Supplemental Order, the Debtors' employment and retention of KPMG to assist the Debtors in certain improvements to the financial close, consolidation and management reporting processes pursuant to the terms and conditions of the Second Supplemental Application and the Financial Close, Consolidation And Management Reporting Project Engagement Letter is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

7. Subject to the terms of this Second Supplemental Order, the Debtors' employment and retention of KPMG to assist the Debtors in certain Additional Services is approved pursuant to the terms and conditions of the Second Supplemental Application and sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

8. KPMG shall be compensated for fees and expenses in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee (the "U.S. Trustee"), and further orders of this Court.

9. KPMG shall take reasonable steps to ensure that it does not charge the Debtors' estates for duplicative services.

10. Notwithstanding anything to the contrary set forth in the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services, without the Debtors' prior written approval, KPMG may subcontract a portion of its responsibilities under the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services with certain other member firms of KPMG International (the "KPMG Member Firms"); provided, however, that KPMG shall remain fully and solely responsible for all of KPMG's liabilities and obligations under the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services.

11. Notwithstanding anything to the contrary set forth in the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services, KPMG shall be solely responsible for all of KPMG's liabilities and obligations under the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services,

whether performed, in whole or in part, by KPMG, any affiliate of KPMG, any KPMG Member Firm, or any of their respective affiliates. The Debtors shall have no recourse, and shall bring no claim, against any KPMG Member Firm other than KPMG, or against any subcontractors, members, shareholders, directors, officers, managers, partners, agents, representatives, or employees of any KPMG Member Firm (or any of their respective successors or permitted assigns), or any of their respective assets, with respect to the services, or otherwise under the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services.

    12. All requests of KPMG for payment of indemnity pursuant to the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; <u>provided</u>, <u>however</u>, that in no event shall KPMG be indemnified for a claim that a court determines by a final order to have risen out of KPMG's own bad-faith, self-dealing, breach of fiduciary duty, gross negligence, or willful misconduct, if any.

    13. In the event that KPMG seeks reimbursement for attorney's fees from the Debtors pursuant to the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services, the invoices and supporting time records from such attorneys shall be included in KPMG's own applications (both interim and final) and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and

reimbursement of expenses and the approval of this Court under the standard of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

14. KPMG's limitation of liability, as set forth in the Second Supplemental Engagement Letters and any Engagement Confirmation Additional Services, shall not apply to claims arising out of KPMG's own bad-faith, self-dealing, breach of fiduciary duty, gross negligence, or willful misconduct, if any.

15. Any dispute or claim between KPMG and the Debtors arising out of or relating to the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services or any other services provided by or on behalf of KPMG to the Debtors or at the Debtors' request (including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided) will be resolved in accordance with the dispute resolution procedures as set forth in the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services, provided, however, that any dispute or claim relating to their engagement also may be brought before this Court.

16. Notwithstanding anything to the contrary set forth in the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services, the Debtors or KPMG may terminate any of the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services in the event of breach by the other party, which breach is not cured within thirty days after notice by the non-breaching party, provided, however, that the terminating party shall notify the other. In addition, the terminating party shall

provide the Court, the U.S. Trustee, the Creditors' Committee, and the Fee Committee with ten business days' notice of termination.

17. Any party-in-interest shall have the right to raise the issue of the application of KPMG's prepetition retainer to postpetition fees and expenses.

18. To the extent that this Second Supplemental Retention Order is inconsistent with the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services, this Second Supplemental Retention Order shall govern.

19. With the exception of KPMG, the KPMG Member Firms providing services under the Second Supplemental Engagement Letters and any Engagement Confirmation of Additional Services shall be permitted to use category codes to describe the time spent on services rendered, rather than the more detailed descriptions usually required for fee applications.

20. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Second Supplemental Retention Order.

21. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Second Supplemental Application.

Dated:    New York, New York
          December 6, 2006

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE