**Hearing Date and Time: January 11, 2007 at 10:00 a.m.**
**Response Date and Time: January 4, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :
      In re                                  :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                          :
                                          :        (Jointly Administered)
           Debtors.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' FOURTH OMNIBUS OBJECTION (PROCEDURAL)
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
<u>TO CERTAIN DUPLICATE AND AMENDED CLAIMS</u>

("FOURTH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Fourth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate And Amended Claims (the "Fourth Omnibus Claims Objection"), and respectfully represent as follows:

## Background

A. <u>The Chapter 11 Filings</u>

  1. On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

  2. No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

  3. This Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

  4. The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.  Current Business Operations Of The Debtors

5.  As of December 31, 2005, Delphi and its subsidiaries and affiliates (collectively, the "Company") had global 2005 net sales of approximately $26.9 billion and global assets of approximately $17.0 billion.[1] At the time of its chapter 11 filing, Delphi ranked as the fifth largest public company business reorganization in terms of revenues, and the thirteenth largest public company business reorganization in terms of assets. Delphi's non-U.S. subsidiaries are not chapter 11 debtors and continue their business operations without supervision from the Bankruptcy Court.

6.  The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology. The Company supplies products to nearly every major global automotive original equipment manufacturer.

7.  Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of General Motors Corporation ("GM"). Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries. Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in accordance with the terms of a Master Separation Agreement between Delphi and GM. In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications. Although GM is still the Company's

---

[1] The aggregated financial data used in this objection generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

3

single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.     <u>Events Leading To The Chapter 11 Filing</u>

        8.     In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income. Every year thereafter, however, with the exception of 2002, the Company has suffered losses. In calendar year 2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[2] Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of approximately $2.4 billion on net sales of $26.9 billion.

        9.     The Debtors believe that the Company's financial performance has deteriorated because of (a) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

        10.     In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward-looking revenue requirements. Because discussions with its major unions and GM had not progressed sufficiently by the end of the third quarter of

---

[2] Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004. The Company's net operating loss in calendar year 2004 was $482 million.

4

2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value for its stakeholders.

D.      The Debtors' Transformation Plan

11.     On March 31, 2006, the Company outlined the key tenets of its transformation plan.  The Company believes that this plan will enable it to return to stable, profitable business operations and allow the Debtors to emerge from these chapter 11 cases in the first half of 2007.  To complete their restructuring process, the Debtors must focus on five key areas.  First, Delphi must modify its labor agreements to create a competitive arena in which to conduct business.  Second, the Debtors must conclude their negotiations with GM to finalize GM's financial support for the Debtors' legacy and labor costs and to ascertain GM's business commitment to the Company.  Third, the Debtors must streamline their product portfolio to capitalize on their world-class technology and market strengths and make the necessary manufacturing alignment with their new focus.  Fourth, the Debtors must transform their salaried workforce to ensure that the Company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint.  Finally, the Debtors must devise a workable solution to their current pension situation.

12.     Upon the conclusion of the reorganization process, the Debtors expect to emerge as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-quality products to its customers globally.  Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

E.      Bar Date, Proofs Of Claim, And Omnibus Claims Objections

15.     On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order"). Among other things, the Bar Date Order established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5), against a Debtor (collectively, the "Claimants") to file a proof of claim form with respect to each such Claim.

14.     On or prior to April 20, 2006, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these cases (the "Claims Agent"), provided notice of the Bar Date by mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed with this Court on January 20, 2006 (and subsequently amended on February 1, 2006 and April 18, 2006) and (b) the persons and entities included in the notice database compiled by the Debtors, but not listed on any of the Schedules and Statements. In total, the Debtors provided Bar Date Notices to more than 500,000 persons and entities.

15.     In addition, the Debtors published the Bar Date Notice in the New York Times (National Edition), the Wall Street Journal (National, European, and Asian Editions), USA Today (Worldwide Edition), the Automotive News (National Edition), and in local editions of the following publications: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News, the Chicago Sun Times, the Clinton News, the Columbia Dispatch, the Daily Leader, Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, the Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greenville News, the Indianapolis

6

Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader, the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the Saginaw News, the Sandusky, the Tribune Chronicle, the Tulsa World, the Tuscaloosa News, and the Vindicator, and electronically through posting on the Delphi Legal Information Website, www.delphidocket.com, on or before April 24, 2006.

16. Approximately 16,000 proofs of claim (the "Proofs of Claim") were filed against the Debtors in these cases. To date, the Debtors have filed two omnibus claims objections which objected to claims on procedural grounds[3] and one omnibus claims objection which objected to claims on substantive grounds.[4] Pursuant to such omnibus claims objections, the Court has disallowed and expunged approximately 3,500 Proofs of Claim and there are approximately 3,300 additional Proofs of Claim that are pending disallowance and expungement upon entry of orders with respect to the Second Omnibus Claims Objection and the Third Omnibus Claims Objection consistent with the record of the hearing held on November 30, 2006.

17. On October 31, 2006, the Debtors filed the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,

---

[3] The Debtors filed the First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Duplicate And Amended Claims And (ii) Equity Claims (Docket No. 5151) on September 19, 2006, and the Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (iii) Duplicate And Amended Claims (Docket No. 5451) ("Second Omnibus Claims Objection") on October 31, 2006.

[4] The Debtors filed the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection") on October 31, 2006.

And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (Docket No. 5453) (the "Claims Objection Procedures Motion"), in which the Debtors requested this Court, among other things, approve certain procedures for contested claim objections. On December 7, 2006, the Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").

18. Contemporaneously with this Fourth Omnibus Claims Objection, the Debtors are filing the Fifth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, And (b) Claims Not Reflected On The Debtors' Books And Records (the "Fifth Omnibus Claims Objection"). In the Fifth Omnibus Claims Objection, the Debtors object to claims on substantive grounds and are seeking to expunge and disallow Claims that (a) contain insufficient documentation in support of the Claims asserted, and (b) are liabilities or dollar amounts that are not reflected on the Debtors' books and records. The Debtors are objecting to 179 proofs of claim in the Fifth Omnibus Claims Objection.

19. In this Fourth Omnibus Claims Objection, the Debtors are objecting to 772 proofs of claim.

### Relief Requested

20. By this Objection, the Debtors seek entry of an order pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 disallowing and expunging those Claims set forth on Exhibit

8

A attached hereto because they are duplicative of other Claims or have been amended or superseded by later filed Claims.

A.      Duplicate And Amended Claims

21.     During the Debtors' review of the Proofs of Claim received to date, the Debtors determined that certain of the Proofs of Claim filed against the Debtors in fact assert duplicate Claims (each, a "Duplicate Claim") for a single liability.  In some instances, Duplicate Claims arose when a claimant filed Proofs of Claim against multiple Debtor entities for the same liability.  In an effort to eliminate the Duplicate Claims, the Debtors reviewed the Proofs of Claim, the supporting documentation provided for those Proofs of Claim, and the Debtors' Schedules and Statements to make a determination as to which duplicate claim should be the surviving claim.

22.     Additionally, the Debtors have determined that many Claims evidenced by Proofs of Claim were subsequently amended or superseded by other Proofs of Claim filed by creditors with respect to the same liabilities.  For instance, many amended Proofs of Claim (the "Amended Proofs of Claim") were filed to amend an amount previously claimed in an earlier Proof of Claim (the "Original Proof of Claim").  Other Amended Proofs of Claim were filed to amend the classification of part or all of an earlier Original Proof of Claim.

23.     It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor.  Accordingly, the Debtors wish to eliminate the Duplicate Claims.  In addition, the Debtors wish to eliminate from the Debtors' claims register Original Proofs of Claim for which Amended Proofs of Claim were subsequently filed (collectively, the "Duplicate and Amended Claims").

24.     Set forth on Exhibit A attached hereto is a list of Claims that the Debtors have identified as Duplicate and Amended Claims.  For each Duplicate and Amended Claim,

9

Exhibit A classifies Proofs of Claim as either a Claim To Be Expunged (the "Expunged Claim") or as a Surviving Claim (the "Surviving Claim").[5] Generally, the Surviving Claims reflect the classifications of the liabilities as reflected on the Debtors' Schedules.[6] The Debtors request that the Claims marked as Expunged Claims on Exhibit A be disallowed and expunged. With respect to the Claims on Exhibit A marked as Surviving Claims, the Debtors do not seek any relief at this time. The inclusion of the Surviving Claims on Exhibit A, however, does not reflect any view by the Debtors as to the ultimate validity of any such Claim. The Debtors therefore expressly reserve all of their rights to further object to any or all of the Surviving Claims at a later date on any basis whatsoever, except as expressly provided in paragraph 28 below.

25.     Accordingly, the Debtors (a) object to the Duplicate and Amended Claims and (b) seek entry of an order disallowing and expunging the Duplicate and Amended Claims in their entirety.

---

[5] Certain of the Claims on Exhibit A are listed in the amount of $0.00. This generally reflects the fact that the claim amount asserted by the Claimant is unliquidated.

[6] As stated in the Global Notes And Statement Of Limitations, Methodology And Disclaimer Regarding Debtors' Schedules And Statements (the "Global Notes"), filed as part of the Debtors' Schedules and Statements:

> Certain of the Debtors maintain consolidated books and records. Specifically, the books and records for Exhaust Systems Corporation, Environmental Catalysts LLC, ASEC Manufacturing General Partnership [("ASEC Manufacturing")], and ASEC Sales General Partnership [(collectively, the "Catalyst Entities")] are maintained in this manner. The financial information for these entities has been consolidated for purposes of the Schedules and Statements and such consolidated financial information has been included in the Schedules and Statements of each of [the Catalyst Entities].

Global Notes ¶ 19. To the extent that claimants filed Proofs of Claim against ASEC Manufacturing and one or more of the other Catalyst Entities, the Debtors have, for purposes of administrative convenience, retained the Claim filed against ASEC Manufacturing as the Surviving Claim. Undoubtedly, despite the consolidation of the books and records of the Catalyst Entities, claimants should not retain more than one claim for a single liability. Nonetheless, the Debtors expressly reserve all of their rights to re-classify these obligations as obligations of another Debtor entity at a later date.

10

Separate Contested Matters

26.     Pursuant to the Claims Objection Procedures Order, to the extent that a response is filed with respect to any Claim listed in this Fourth Omnibus Claims Objection, each such Claim and the objection to such Claim asserted in this Fourth Omnibus Claims Objection will be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Pursuant to the Claims Objection Procedures Order, any order entered by the Court with respect to an objection asserted in this Fourth Omnibus Claims Objection will be deemed a separate order with respect to each Claim.

Reservation Of Rights

27.     The Debtors expressly reserve the right to amend, modify, or supplement this Fourth Omnibus Claims Objection and to file additional objections to the Proofs of Claim or any other Claims (filed or not) which may be asserted against the Debtors.  Should one or more of the grounds for objection stated in this Fourth Omnibus Claims Objection be dismissed, the Debtors reserve their rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases.  In addition, the Debtors reserve the right to seek further reduction of any Claim to the extent that such Claim has been paid.

28.     Notwithstanding the foregoing, solely to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) the Debtors are seeking to have certain of such claimant's Multiple Debtor Duplicative Claims disallowed and expunged hereby, the Debtors would not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the "Surviving Claim") disallowed and expunged solely on the basis that such Surviving Claim is asserted against the incorrect Debtor, provided that one of the Multiple Debtor Duplicative Claims was originally

11

filed against the correct Debtor. For the avoidance of doubt, except as expressly provided in the preceding sentence, the Surviving Claims would remain subject to further objection on any grounds whatsoever, including, without limitation, that any such Surviving Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Duplicative Claim against the correct Debtor. Furthermore, the Debtors reserve the right to object to any Surviving Claim and any holder of a Surviving Claim may seek relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors against which such Surviving Claim is asserted.

Responses To Objections

29.     Responses to the Fourth Omnibus Claims Objection are governed by the provisions of the Claims Objection Procedures Order. The following summarizes the provisions of that Order, but are qualified in all respects by the express terms thereof.

A.     Filing And Service Of Responses

30.     To contest an objection, responses (a "Response"), if any, to the Fourth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese) in each case so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on January 4, 2007.

B.  Contents Of Responses

  31. Every Response to this Fourth Omnibus Claims Objection must contain at a minimum the following:

  (a) the title of the claims objection to which the Response is directed;

  (b) the name of the Claimant and a brief description of the basis for the amount of the Claim;

  (c) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

  (d) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; _provided_, _however_, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; _provided_ _further_, _however_, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim subject to appropriate confidentiality constraints;

  (e) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

C.  Timely Response Required

  32. If a Response is properly and timely filed and served in accordance with the above procedures, the hearing on the relevant Claims covered by the Response will be adjourned to a future claims hearing. With respect to all uncontested objections, the Debtors request this Court conduct a final hearing on January 11, 2007 at 10:00 a.m.

  33. <u>Only those Responses made in writing and timely filed and received will be considered by the Court. If a Claimant whose proof of claim is subject to the Fourth Omnibus</u>

13

<u>Claims Objection and who is served with the Fourth Omnibus Claims Objection fails to file and serve a timely Response in compliance with the Claims Objection Procedures Order, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the Fourth Omnibus Claims Objection without further notice to the Claimant, provided that, upon entry of such an order, the Claimant will receive notice of the entry of such order as provided in the Claims Objection Procedures Order, provided further, however, that if the Claimant files a timely Response which does not include the required minimum information required by the Claims Objection Procedures Order, the Debtors will seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures Order.</u>

Replies To Responses

36. Replies to any Responses shall be governed by the Claims Objection Procedures Order.

Service Of Fourth Omnibus Claims Objection Order

35. Service of any order with regard to this Fourth Omnibus Claims Objection will be made in accordance with the Claims Objection Procedures Order.

Further Information

36. Questions about this Fourth Omnibus Claims Objection or requests for additional information about the proposed disposition of Claims hereunder should be directed to the Debtors' counsel by e-mail to delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to the

Claims Agent at 1-888-259-2691 or www.delphidocket.com.  <u>Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims.</u>

<u>Notice</u>

37.     Notice of this Objection has been provided in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered on October 26, 2006 (Docket No. 5418) and the Claims Objection Procedures Order.

38.     Pursuant to the Claims Objection Procedures Order, the Debtors will provide each Claimant whose Proof of Claim is subject to an objection pursuant to this Fourth Omnibus Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis for such objection, as well as a copy of the Claims Objection Procedures Order.  A form of Notice Of Objection To Claim is attached hereto as <u>Exhibit B</u>.  Claimants will receive a copy of this Fourth Omnibus Claims Objection without <u>Exhibit A</u> hereto.  Claimants will nonetheless be able to review <u>Exhibit A</u> free of charge by accessing the Debtors' Legal Information Website (www.delphidocket.com).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

<u>Memorandum Of Law</u>

39.     Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

15

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Debtors such other and further relief as is just.

Dated:  New York, New York
        December 8, 2006

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                           & FLOM LLP

                                        By:  /s/ John Wm. Butler, Jr.
                                             John Wm. Butler, Jr. (JB 4711)
                                             John K. Lyons (JL 9331)
                                             Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606

                                             - and -

                                        By:  /s/ Kayalyn A. Marafioti
                                             Kayalyn A. Marafioti (KM 9632)
                                             Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for Delphi Corporation, et al.,
                                          Debtors and Debtors-in-Possession