**Hearing Date and Time: January 11, 2007 at 10:00 a.m.**
**Response Date and Time: January 4, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
   In re                                   :      Chapter 11
                                                :
DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
                                                :
                                                :      (Jointly Administered)
              Debtors.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS
WITH INSUFFICIENT DOCUMENTATION AND (B) CLAIMS
<u>NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS</u>**

("FIFTH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Fifth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation And (b) Claims Not Reflected On Debtors' Books And Records (the "Fifth Omnibus Claims Objection"), and respectfully represent as follows:

## Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2.    No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3.    This Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.   Current Business Operations Of The Debtors

5.   As of December 31, 2005, Delphi and its subsidiaries and affiliates (collectively, the "Company") had global 2005 net sales of approximately $26.9 billion and global assets of approximately $17.0 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public company business reorganization in terms of revenues, and the thirteenth largest public company business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11 debtors and continue their business operations without supervision from the Bankruptcy Court.

6.   The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company supplies products to nearly every major global automotive original equipment manufacturer.

7.   Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's

---

[1]   The aggregated financial data used in this objection generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

3

single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.    Events Leading To The Chapter 11 Filing

8.    In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[2]  Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of approximately $2.4 billion on net sales of $26.9 billion.

9.    The Debtors believe that the Company's financial performance has deteriorated because of (a) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

10.   In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward-looking revenue requirements.  Because discussions with its major unions and GM had not progressed sufficiently by the end of the third quarter of

---

[2]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.  The Company's net operating loss in calendar year 2004 was $482 million.

4

2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value for its stakeholders.

D.      The Debtors' Transformation Plan

11.     On March 31, 2006, the Company outlined the key tenets of its transformation plan.  The Company believes that this plan will enable it to return to stable, profitable business operations and allow the Debtors to emerge from these chapter 11 cases in the first half of 2007.  To complete their restructuring process, the Debtors must focus on five key areas.  First, Delphi must modify its labor agreements to create a competitive arena in which to conduct business.  Second, the Debtors must conclude their negotiations with GM to finalize GM's financial support for the Debtors' legacy and labor costs and to ascertain GM's business commitment to the Company.  Third, the Debtors must streamline their product portfolio to capitalize on their world-class technology and market strengths and make the necessary manufacturing alignment with their new focus.  Fourth, the Debtors must transform their salaried workforce to ensure that the Company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint.  Finally, the Debtors must devise a workable solution to their current pension situation.

12.     Upon the conclusion of the reorganization process, the Debtors expect to emerge as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-quality products to its customers globally.  Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

E.  Bar Date, Proofs Of Claim, And Omnibus Claims Objections

13. On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order"). Among other things, the Bar Date Order established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5), against a Debtor (collectively, the "Claimants") to file a proof of claim form with respect to each such Claim.

14. On or prior to April 20, 2006, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these cases (the "Claims Agent"), provided notice of the Bar Date by mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed with this Court on January 20, 2006 (and subsequently amended on February 1, 2006 and April 18, 2006) and (b) the persons and entities included in the notice database compiled by the Debtors, but not listed on any of the Schedules and Statements. In total, the Debtors provided Bar Date Notices to more than 500,000 persons and entities.

15. In addition, the Debtors published the Bar Date Notice in the New York Times (National Edition), the Wall Street Journal (National, European, and Asian Editions), USA Today (Worldwide Edition), the Automotive News (National Edition), and in local editions of the following publications: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News, the Chicago Sun Times, the Clinton News, the Columbia Dispatch, the Daily Leader, Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, the Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greenville News, the Indianapolis

6

Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader, the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the Saginaw News, the Sandusky, the Tribune Chronicle, the Tulsa World, the Tuscaloosa News, and the Vindicator, and electronically through posting on the Delphi Legal Information Website, www.delphidocket.com, on or before April 24, 2006.

16. Approximately 16,000 proofs of claim (the "Proofs of Claim") were filed against the Debtors in these cases. To date, the Debtors have filed two omnibus claims objections which objected to claims on procedural grounds[3] and one omnibus claims objection which objected to claims on substantive grounds.[4] Pursuant to such omnibus claims objections, the Court has disallowed and expunged approximately 3,500 Proofs of Claim and there are approximately 3,300 additional Proofs of Claim that are pending disallowance and expungement upon entry of orders with respect to the Second Omnibus Claims Objection and the Third Omnibus Claims Objection consistent with the record of the hearing held on November 30, 2006.

17. On October 31, 2006, the Debtors filed the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims

---

[3] The Debtors filed the First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Duplicate And Amended Claims And (ii) Equity Claim s (Docket No. 5151) on September 19, 2006 and the Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (iii) Duplicate And Amended Claims (Docket No. 5451) ("Second Omnibus Claims Objection") on October 31, 2006.

[4] The Debtors filed the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection") on October 31, 2006.

And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (Docket No. 5453) (the "Claims Objection Procedures Motion"), in which the Debtors requested this Court, among other things, approve certain procedures for contested claim objections.  On December 7, 2006, the Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) (the "Claims Objection Procedures Order").

18.     Contemporaneously with the Fifth Omnibus Claims Objection, the Debtors are filing the Fourth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate And Amended Claims (the "Fourth Omnibus Claims Objection").  In the Fourth Omnibus Claims Objection, the Debtors object to claims on procedural grounds and are seeking to expunge and disallow Claims that are duplicative of other Claims or have been amended or superseded by later filed Claims.  The Debtors are objecting to 772 proofs of claim in the Fourth Omnibus Claims Objection.

19.     In this Fifth Omnibus Claims Objection, the Debtors are objecting to 179 proofs of claim.

<u>Relief Requested</u>

20.     By this Objection, the Debtors seek entry of an order pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (a) disallowing and expunging those Claims set forth on <u>Exhibit A-1</u> attached hereto because they contain insufficient documentation in support of the Claims asserted, (b) disallowing and expunging the Claim set forth on <u>Exhibit A-2</u> attached hereto because it contains insufficient documentation in support of the Claim asserted and was untimely pursuant to the Bar Date Order, (c) disallowing and expunging those Claims set forth

8

on Exhibit B-1 attached hereto because they are liabilities or dollar amounts that are not reflected on the Debtors' books and records, and (d) disallowing and expunging those Claims set forth on Exhibit B-2 attached hereto because they are liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely pursuant to the Bar Date Order.

Objections To Claims

A.   Insufficiently Documented Claims

21.   During their review, the Debtors discovered that certain Proofs of Claim that were filed in these cases do not include sufficient documentation to support the claim asserted (the "Insufficiently Documented Claims").  This deficiency in documentation has made it impossible for the Debtors meaningfully to review the asserted Claims.  Furthermore, the Debtors contacted each Claimant which filed an Insufficiently Documented Claim (other than those Claimants who filed a blank proof of claim form), and the Debtors received no additional documentation from such Claimants.[5]

22.   The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f) .  In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears

---

[5]   Claimants who responded to the Debtors' communications and provided additional information are not included as part of this objection.

initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).  As a result of the failure of the Claimants identified on Exhibit A-1 to provide sufficient documentation to permit an understanding of the basis for their Claims, those Claims do not make out a prima facie case against the Debtors.

23.     The Insufficiently Documented Claims either (a) fail to assert a Claim, (b) fail to assert a monetary amount for the Claim, (c) state that there is no outstanding Claim against the Debtors, and/or (d) contain no documentation in support of the Claim or provide no evidence of the Debtors' liability for the Claim.  In addition, one of the Insufficiently Documented Claims was received by the Debtors after the Bar Date (the "Untimely Insufficiently Documented Claim").  In addition, for the Untimely Insufficiently Documented Claim, the Debtors also object to such Claim on the basis that it was not timely filed pursuant to the Bar Date Order.[6]

24.     Attached hereto as Exhibit A-1 is a list of the Insufficiently Documented Claims which the Debtors have identified as Claims that do not contain sufficient documentation

---

[6]   The Bar Date Order provides, in relevant part:

> Any Person or Entity which is required to file a Proof of Claim in these chapter 11 cases but that fails to do so in a timely manner on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from (a) asserting any Claim against the Debtors that such Person or Entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, non-contingent, and unliquidated or (ii) is of a different nature or in a different classification than as set forth in the Schedules (any such Claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

Bar Date Order ¶ 11.

to permit an understanding of the basis for the claim. Identified on <u>Exhibit A-2</u> is the Untimely Insufficiently Documented Claim which the Debtors have concluded does not contain sufficient documentation to permit an understanding of the basis for the Claim and, in addition, was not timely filed pursuant to the Bar Date Order.[7] In the event that this Court does not disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to the Insufficiently Documented Claims and Untimely Insufficiently Documented Claim at a later date on any basis whatsoever.

    25.  Accordingly, the Debtors (a) object to both the Insufficiently Documented Claims and the Untimely Insufficiently Documented Claim and (b) seek entry of an order disallowing and expunging both the Insufficiently Documented Claims and the Untimely Insufficiently Documented Claim in their entirety.

B.  <u>Claims Not Reflected On The Debtors' Books And Records</u>

    26.  During the Debtors' review of the Proofs of Claim, the Debtors determined that certain Proofs of Claim assert liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records ("Books and Records Claims"). In addition, the Debtors determined that certain other Proofs of Claim also assert liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records and were not timely filed pursuant to the Bar Date Order ("Untimely Books and Records Claims"). The Debtors believe that the parties asserting both Books and Records Claims and Untimely Books and Records Claims are not creditors of the Debtors.

---

[7] The Untimely Insufficiently Documented Claim listed on <u>Exhibit A-2</u> was not included as part of the Motion For Order Under Fed. R. Bankr. P. 3003(c)(3) And 9006(b)(1) Deeming Certain Proofs Of Claim Timely Filed, dated September 29, 2006 (Docket No. 5238) ("Claims Timeliness Motion").

11

27.     The bases for determining that the Debtors are not liable for an asserted Claim include, but are not limited to, the following: (a) the Debtors' books and records do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim, (b) the Debtors' books and records reflect that the Debtors have assumed the Claimant's executory contract and cured any prepetition claims relating thereto, (c) the Debtors' books and records reflect that the Claim has been paid pursuant to a prior order of this Court, (d) the Debtors' books and records reflect that the Claimant has signed a release and/or waiver stating that the Debtors are not liable to the Claimant for such Claim, (e) the Debtors' books and records reflect that the asserted Claim was properly paid prior to the commencement of the Debtors' cases, and (f) the Claim constitutes a postpetition liability that has been paid by the Debtors in the ordinary course of the Debtors' businesses.

28.     A claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until such time an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'" WorldCom, 2005 WL 3832065, at *4 (quoting Allegheny, 954 F.2d at 174).  Once such an allegation is refuted, "'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.'" Id.  The Debtors' books and records refute an essential allegation as to each Books and Records Claims; namely, that the claims asserted therein are owed by any of the Debtors.

29.     Attached hereto as Exhibit B-1 is a list of the Books and Records Claims that the Debtors have identified as Claims for which the Debtors are not liable.  Attached hereto as Exhibit B-2 is a list of the Untimely Books and Records Claims which the Debtors have also identified as Claims for which the Debtors are not liable.  The Debtors object to the Untimely Books and Records Claims not only because the Debtors have no liability in respect thereof, but

also because the Claims were not timely filed pursuant to the Bar Date Order.[8] If this Court does not disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to any or all of the Books and Records Claims and the Untimely Books and Records Claims at a later date on any basis whatsoever.

30. Accordingly, the Debtors (a) object to both the Books and Records Claims and the Untimely Books and Records Claims and (b) seek entry of an order disallowing and expunging both the Books and Records Claims and the Untimely Books and Records Claims in their entirety.

Separate Contested Matters

31. Pursuant to the Claims Objection Procedures Order, to the extent that a response is filed with respect to any Claim listed in this Fifth Omnibus Claims Objection, each such Claim and the objection to such Claim asserted in this Fifth Omnibus Claims Objection will be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Pursuant to the Claims Objection Procedures Order, any order entered by the Court with respect to an objection asserted in this Fifth Omnibus Claims Objection will be deemed a separate order with respect to each Claim.

Reservation Of Rights

32. The Debtors expressly reserve the right to amend, modify, or supplement this Fifth Omnibus Claims Objection and to file additional objections to the Proofs of Claim or any other Claims (filed or not) which may be asserted against the Debtors, including without limitation the right to object to any claim on the basis that it has been asserted against the wrong

---

[8] The Untimely Books and Records Claims listed on Exhibit B-2 hereto were not included as part of the Claims Timeliness Motion.

Debtor entity. Should one or more of the grounds for objection stated in this Fifth Omnibus Claims Objection be dismissed, the Debtors reserve their rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases. In addition, the Debtors reserve the right to seek further reduction of any Claim to the extent that such Claim has been paid.

Responses To Objections

33.     Responses to the Fifth Omnibus Claims Objection are governed by the provisions of the Claims Objection Procedures Order. The following summarizes the provisions of that Order, but are qualified in all respects by the express terms thereof.

A.     Filing And Service Of Responses

34.     To contest an objection, responses (a "Response"), if any, to the Fifth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.,

14

John K. Lyons, and Randall G. Reese) in each case so as to be received no later than 4:00 p.m.

(Prevailing Eastern Time) on January 4, 2007.

B.      Contents Of Responses

       35.      Every Response to this Fifth Omnibus Claims Objection must contain at a minimum the following:

       (a)      the title of the claims objection to which the Response is directed;

       (b)      the name of the Claimant and a brief description of the basis for the amount of the Claim;

       (c)      a concise statement setting forth the reasons why the Claim should not be disallowed and expunged expunged, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

       (d)      unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim subject to appropriate confidentiality constraints;

       (e)      to the extent that the Claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and

       (f)      the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

C.      Timely Response Required

       36.      If a Response is properly and timely filed and served in accordance with the above procedures, the hearing on the relevant Claims covered by the Response will be adjourned to a future hearing, the date of which shall be determined by the Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors request this Court conduct a final hearing on January 11,

2007 at 10:00 a.m. The procedures set forth in the Claims Objection Procedures Motion will apply to all Responses and hearings arising from this Fifth Omnibus Claims Objection.

37. <u>Only those Responses made in writing and timely filed and received will be considered by the Court. If a Claimant whose proof of claim is subject to the Fifth Omnibus Claims Objection and who is served with the Fifth Omnibus Claims Objection fails to file and serve a timely Response in compliance with the Claims Objection Procedures Order, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the Fifth Omnibus Claims Objection without further notice to the Claimant, provided that, upon entry of such an order, the Claimant will receive notice of the entry of such order as provided in the Claims Objection Procedures Order, provided further, however, that if the Claimant files a timely Response which does not include the required minimum information required by the Claims Objection Procedures Order, the Debtors will seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures Order.</u>

38. To the extent that a Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code, if the Claimant has filed a Response in accordance with the procedures outlined above which (a) acknowledges that the Claim is contingent or fully or partially unliquidated and (b) provides the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), <u>pursuant to the Claims Objection Procedures Order the Debtors may elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing</u>

16

<u>reserves for purposes of distribution, subject to further objection and reduction as appropriate</u> <u>and section 502(j) of the Bankruptcy Code,</u> by providing notice as described more fully in the Claims Objection Procedures Order.

<u>Replies To Responses</u>

39.    Replies to any Responses shall be governed by the Claims Objection Procedures Order.

<u>Service Of Fifth Omnibus Claims Objection Order</u>

40.    Service of any order with regard to this Fifth Omnibus Claims Objection will be made in accordance with the Claims Objection Procedures Order.

<u>Further Information</u>

41.    Questions about this Fifth Omnibus Claims Objection or requests for additional information about the proposed disposition of Claims hereunder should be directed to the Debtors' counsel by e-mail to [delphi@skadden.com](mailto:delphi@skadden.com), by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to the Claims Agent at 1-888-259-2691 or [www.delphidocket.com](http://www.delphidocket.com).  <u>Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims.</u>

<u>Notice</u>

42.    Notice of this Objection has been provided in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered on October 26, 2006 (Docket No. 5418) and the Claims Objection Procedures Order.

    43. Pursuant to the Claims Objection Procedures Order, the Debtors will provide each Claimant whose Proof of Claim is subject to an objection pursuant to this Fifth Omnibus Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order. A form of Notice Of Objection To Claim is attached hereto as <u>Exhibit C</u>. Claimants will receive a copy of this Fifth Omnibus Claims Objection without <u>Exhibits</u> <u>A-1</u>, <u>A-2</u>, <u>B-1</u>, or <u>B-2</u> hereto. Claimants will nonetheless be able to review such exhibits free of charge by accessing the Debtors' Legal Information Website ([www.delphidocket.com](www.delphidocket.com)). In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Memorandum Of Law

    44. Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Debtors such other and further relief as is just.

Dated:      New York, New York
               December 8, 2006

                                SKADDEN, ARPS, SLATE, MEAGHER
                                  &FLOM LLP

                              By:  /s/ John Wm. Butler, Jr.
                                  John Wm. Butler, Jr. (JB 4711)
                                  John K. Lyons (JL 9331)
                                  Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                - and -

                              By:  /s/ Kayalyn A. Marafioti
                                  Kayalyn A. Marafioti (KM 9632)
                                  Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession