Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
(Att'n: General Counsel)

Counsel to the Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
(Att'n: John Wm. Butler, Jr.)

Counsel to the agent under the Debtors' prepetition credit facility
Simpson Thacher &Bartlett LLP
425 Lexington Avenue
New York, New York 10017
(Att'n: Kenneth S. Ziman)

Counsel to the agent under postpetition credit facility
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
(Att'n: Donald Bernstein and Brian Resnick)

Counsel to the Official Committee of Unsecured Creditiors
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
(Att'n: Robert J. Rosenberg and Mark A. Broude)

Counsel to the Official Committee of Equity Security Holders
Fried, Frank, Harris, Shriver, & Jacobson LLP
One New York Plaza
New York, New York 10004
(Att'n: Bonnie Steingart)

Office of the Unites States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Att'n: Alicia M. Leonhard)

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN
ROOM 610
NEW YORK, NEW YORK  10004

------------------------------------------------X
                                                :
    In re                                       :   Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :   Case No. 05-44481 (RDD)
                                                :
            Debtors.                            :   (Jointly Administered)
                                                :
------------------------------------------------X

## Second Omnibus Claims Objection

Case #05-44481 (RDD) received 7/31/06 USBC, SDNY
            Proof of Claim received Aug 09, 2006 Kurtzman Carson

Claimant:   Martin J. Reder
            1073 Hampstead Ln.
            Essexville, MI 48732
            (989) 893-0191

1. Delphi Corporation set forth rules and procedures requiring a minimum investment in the Delphi Common Stock Fund for Delphi 401k plan participants.

2. Delphi Corporation further provided for rules and procedures which required all Delphi Corporation matching contribution be invested in the Delphi Common Stock Fund.

3. Delphi Corporation's 401k plan rules and requirements resulted in a substantial portion of the claimant's account being invested in the Delphi Common Stock Fund.

4. Delphi Corporation and/or its agents, manipulated claimant's investment in Delphi Common Stock Fund without claimant's permission and without prior notice of such action.

5. In manipulating the claimant's investment, as well as other 401k Delphi Common Stock Fund investments, Delphi Corporation and/or its agents dumped large sums of Delphi Common Stock (DPH) onto the open stock market, thereby saturating the market with Delphi Common Stock, and thereby causing rapid devaluation of Delphi Common Stock.

6. The Delphi Common Stock Fund was based upon the value of approximately two (2) shares of Delphi Common Stock and a small cash component.

7. Delphi Corporation and/or its agents effected sale of the claimant's Delphi Common Stock Fund holdings within the claimant's 401k without prior consent or notice.

8. After effecting sale of claimant's Delphi Common Stock Fund assets, claimant was provided approximately $0.30 per equivalent Delphi Common Stock share as a converted cash asset.

9. Delphi Corporation and/or its agents did not provide claimant with the option to convert claimant's Delphi Common Stock Fund assets to Delphi Common Stock.

10. Approximately 120 days after market saturation, Delphi Common Stock began to stabilize and establish a legitimate market value.

11. During recent months, Delphi Common Stock has attained a market value in excess of $3.00 per share, ten times the value provided to claimant.

12. Claimant does not assert an equity claim, rather unauthorized securities conversion causing loss.

13. Claimant therefore objects to any action to disallow or expunge this claim.

14. Claimant asserts loss by virtue of unauthorized and fraudulent 401k Delphi Common Stock Fund conversion which removed claimant as the controller of claimant's assets and thereby caused claimant to experience loss as a direct result of Delphi Corporation's undisclosed investment strategy and market actions.

15. Claimant's inability to participate in the trading of marketable securities on the open market prevented claimant from controlling claimant's gains or losses.

16. Claimant further asserts such action by Delphi Corporation and/or its agents prevented claimant from recovering a portion of claimant's losses by virtue of claimant's inability to participate in the open market trading of Delphi Common Stock.

17. Claimant further asserts the procedures and process provided to claimant for filing objection to this Second Omnibus Objection are excessively burdensome, requiring specialized counsel with bankruptcy expertise to meet the requirements for filing an objection, and further requiring such time to

produce an objection as to prevent claimant from meeting the required filing date.

18. Claimant therefore requests the court extent the filing period for claimant's objection for 60 days if this submitted objection is found to be insufficient to allow time for claimant's counsel to resubmit claim in accord with the claim filing requirements set forth.

*Martin J Reder*

Martin J. Reder
1073 Hampstead Ln.
Essexville, MI 48732
(989) 893-0191

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor: DELPHI CORPORATION
Case Number: 05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): MARTIN J. REDER

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
1073 HAMPSTEAD LN.
ESSEXVILLE, MI 48732

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: (989) 893-0191

COPY
Received
AUG 09 2006
Kurtzman Carson
THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor: DELPHI SSPP # MG 036000

Check here ☐ replaces ☐ amends if this claim a previously filed claim, dated: _____

1. **Basis for Claim**
   - ☐ Goods Sold / Services Performed
   - ☐ Customer Claim
   - ☐ Taxes
   - ☐ Money Loaned
   - ☐ Personal Injury
   - ☒ Other DELPHI AUTHORIZED STATE ST. BANK TO LIQUIDATE COMMON STOCK FUND
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
     (date)     (date)

2. Date debt was incurred: 11/9/2005
3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ 322,535 _____ _____ _____ # 322,535
   (unsecured) (secured) (priority) (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim** $ 322,535
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

Date: 7/29/06
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Martin J Reder    MARTIN J. REDER

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.