UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x
                                                    :
In re:                                           :       Chapter 11
                                                    :
DELPHI CORPORATION, et al.,           :       Case No. 05-44481(RDD)
                                                    :
                   Debtors.            :       (Jointly Administered)
——————————————————————— x

**ORDER GRANTING MOTION OF CLARION CORPORATION OF AMERICA, PURSUANT TO 11 U.S.C. §§ 503 AND 507, FOR <u>ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM</u>**

("CLARION ADMINISTRATIVE CLAIM ORDER")

Upon the motion, dated December 12, 2006, of Clarion Corporation of America ("Clarion"), Pursuant to 11 U.S.C. §§ 503 and 507, for Allowance of an Administrative Expense Claim (the "Motion")[1]; and upon this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Pursuant to 11 U.S.C. § 503(b)(1)(A), Clarion is allowed an administrative expense claim against the estate of Delphi Automotive Systems LLC in the amount of $_____.

---

[1] All undefined capitalized terms shall have the meanings ascribed to such terms in the Motion.

- 2 -

3.  All additional Post-Petition Underpayments shall be allowed as administrative expense claims under 11 U.S.C. § 503(b)(1)(A).

4.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5.  The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York

_____, 2007

_____
UNITED STATES BANKRUPTCY JUDGE