UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
    In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                    Debtors.      :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


SIXTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. § 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

("SIXTH SUPPLEMENTAL INTERIM COMPENSATION ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under section 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, establishing procedures for interim compensation and reimbursement of expenses of court-approved professionals and the appointment of a fee committee (the "Joint Fee Review Committee") and establishing a protocol regarding the Joint Fee Review Committee, its composition, mandate, and procedures in accordance with the Fee Committee And Fee Procedures Protocol (the "Fee Protocol"); and this Court having entered an order on November 4, 2005 (Docket No. 869) granting certain of the relief requested in the Motion (the "Initial Order"); and this Court having supplemented the

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion For Administrative Order Under 11 U.S.C. § 331 (I) Establishing Procedure For Interim Compensation And Reimbursement Of Expenses Of Professionals And (II) Setting A Final Hearing Thereon (the "Interim Compensation Motion") (Docket No. 11).

Initial Order from time to time thereafter[2] (together with the Initial Order, the "Prior Orders"); and upon the Report and Supplemental Report of the Joint Fee Committee filed with respect to the First and Second Fee Applications (filed at Docket Nos. 5559 and 5887); and the Debtors and the Joint Fee Review Committee having requested a further adjournment of the hearing to consider approval of the First and Second Fee Applications to permit the Joint Fee Committee to supplement its procedures and practices for review of the fee applications with each individual applicant; and the Court having considered this request and the issue of continuing fee holdbacks during the November 30, 2006 omnibus hearing; and this Court having determined that the relief granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

> ORDERED, ADJUDGED, AND DECREED THAT:

> The Prior Orders shall continue in full force and effect except as follows:

> 1.    The hearing to consider approval of the First and Second Fee Applications shall be rescheduled to the omnibus hearing date of February 15, 2007 at 10:00 a.m. (Prevailing Eastern Time) at which hearing the Court shall also consider approval of the Third Fee Applications.

> 2.    Prior to the Joint Fee Review Committee's submission to the Court of recommendations on the allowance of specific fee applications, the Committee shall provide a preliminary written report to each applicant based on those findings of the Committee's fee auditor that the Committee has provisionally accepted and shall establish a schedule for each

---

[2]    The Court has entered supplemental orders at Docket Nos. 2747 (First Supplemental Order entered on March 8, 2006), 2986 (Second Supplemental Order entered on March 28, 2006), 3630 (Third Supplemental Order entered on May 5, 2006), 4545 (Fourth Supplemental Order entered on July 12, 2006), and 5310 (Fifth Supplemental Order entered on October 13, 2006).

applicant to provide input to the Committee and to meet with the Committee to provide additional input. Professionals who do not meet the deadlines established by the Committee shall have waived their opportunity to provide input to the Committee (unless such dates are extended by the Committee or by the Court for good cause shown). Following the Committee's receipt and deliberative consideration of the input of each applicant, the Committee shall finalize its recommendations and include such recommendations on a report to the Court in such format at the Committee shall determine in its discretion.

        3.     All professionals who negotiate and reach a consensual settlement with the Committee with regard to the Committee's recommendation to this Court regarding allowance of the First, Second and/or Third Fee Applications shall be authorized and permitted to receive, and the Debtors shall be authorized and directed to release, all remaining holdback amounts of professional fees held back and retained by the Debtors for each such Fee Application period for which such agreement has been reached (net of any voluntary fee and expense reductions agreed to by such professionals).

        4.     All financial advisors retained pursuant to section 328 of the Bankruptcy Code which have a substantial component of their compensation based on a transaction fee that is not billable to or payable by the Debtors until the Final Fee Application shall not be subject to any holdback of professional fees for the First, Second, and Third Fee Application periods and shall be authorized and permitted to receive, and the Debtors shall be authorized and directed to release, all holdback amounts of professional fees held back and retained by the Debtors for such periods.

        5.     With respect to holdbacks for the First and Second Fee Applications, each professional fee applicant shall be authorized and permitted to receive, and the Debtors shall be

authorized and directed to release, subject to paragraphs 3 and 4 hereof, on or prior to December 22, 2006, all holdback amounts in excess of five percent (5%) of the professional fees requested on such applications.

6.    Subject to paragraphs 3 and 4 hereof, with respect to holdbacks for the Third Fee Application, each professional fee applicant shall be authorized and permitted to receive, and the Debtors shall be authorized and directed to release on or prior to December 22, 2006, all holdback amounts in excess of ten percent (10%) of the professional fees requested on such applications.

7.    The Court shall hold a hearing to consider approval of the Fourth Fee Applications (for the period covering October 2006 through January 2007) at the omnibus hearing date of June 21, 2007 at 10:00 a.m. (Prevailing Eastern Time).

8.    The Court shall hold a hearing to consider approval of the Fifth Fee Applications (for the period covering February 2007 through May 2007) at the omnibus hearing date of October 25, 2007 at 10:00 a.m. (Prevailing Eastern Time).

Dated: New York, New York
       December 11, 2006

                                         /s/Robert D. Drain
                                      UNITED STATES BANKRUPTCY JUDGE