UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :
    In re                              :        Chapter 11
                                         :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                       :
                    Debtors.      :        (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CERTAIN DUPLICATE AND AMENDED
<u>CLAIMS IDENTIFIED IN SECOND OMNIBUS CLAIMS OBJECTION</u>

("DECEMBER ADJOURNED RESPONSES SECOND OMNIBUS
CLAIMS OBJECTION ORDER")

Upon the Debtors' Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (iii) Duplicate And Amended Claims, dated October 31, 2006 (the "Second Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on November 30, 2006 on the Second Omnibus Claims Objection; and upon the record of the hearing held on December 13, 2006 regarding the Response Of Port City Castings Corp To Debtors' Second Omnibus Objection To Claims, filed November 22, 2006 (Docket No. 5710), the Limited Response Of International Rectifier Corporation And IR EPI Services, Inc. To Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims, filed November 22, 2006 (Docket No. 5746), and the Response To

Debtor's Second Omnibus Objection Filed By Jeffrey G. Carl, filed November 27, 2006 (Docket No. 5924) (collectively, the "December Adjourned Responses"); and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Each of the claimants that filed a December Adjourned Response was properly and timely served with a copy of the Second Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order, and a notice of the deadline for responding to the Second Omnibus Claims Objection. No other or further notice of the Second Omnibus Claims Objection is necessary.

    B.    The Court has jurisdiction over the Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Second Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Second Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    C.    The Claims listed on <u>Exhibit A</u> hereto under the column heading "Claim To Be Expunged" are either duplicates of Claims filed with the Court or have been amended or superseded by later-filed Claims.

    D.    The relief requested in the Second Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Second Omnibus Claims Objection.

2

1.      Each "Claim To Be Expunged" listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety. Those Claims identified on <u>Exhibit A</u> as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties in interest.

2.      Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Second Omnibus Claims Objection, on any grounds whatsoever; <u>provided</u>, <u>however</u>, that solely to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the "Surviving Claim") disallowed and expunged solely on the basis that such Surviving Claim is asserted against the incorrect Debtor, provided that one of the Multiple Debtor Duplicative Claims was originally filed against the correct Debtor. For the avoidance of doubt, except as expressly provided in the preceding sentence, the Surviving Claims shall remain subject to further objection on any grounds whatsoever, including, without limitation, that any such Surviving Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Duplicative Claim against the correct Debtor. Nothing contained herein shall restrict the Debtors from objecting to any Surviving Claim or any holder of a Surviving Claim from seeking relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors against which such Surviving Claim is asserted.

3.      Without limiting the generality of paragraph 2 above, any duplicative claims filed by International Rectifier Corporation ("IRC") and/or IR Epi Services, Inc. ("IR Epi")

3

against different Debtors for the same asserted amount and/or obligation (the "IRC/IR Epi Duplicative Claims") listed on Exhibit D to the Second Omnibus Claims Objection and Exhibit A hereto as a "Claim To Be Expunged", shall be considered expunged, and only the IRC/IR Epi Duplicative Claims which have been designated as a "Surviving Claim" on Exhibit D to the Second Omnibus Claims Objection and Exhibit A hereto, shall survive (the "IRC/IR Epi Surviving Claim"); provided however, that in the event that the Debtors and IRC or IR Epi, as appropriate, later discover and agree that such IRC/IR Epi Surviving Claim has been retained as against the incorrect Debtor or Debtors, the Debtors shall not seek to have such IRC/IR Epi Surviving Claim disallowed and expunged solely on the basis that such is ultimately found to have been retained against the incorrect Debtor or Debtors.  The Debtors further agree to treat such IRC/IR Epi Surviving Claim as a claim against the correct Debtor or Debtors insofar as IRC or IR Epi, as appropriate, had timely filed a IRC/IR Epi Duplicative Claim against such correct Debtor or Debtors, and to request that this Court so modify and correct the Debtor or Debtors against which such IRC/IR Epi Surviving Claim is/are asserted, notwithstanding that such other IRC/IR Epi Duplicative Claim(s) is/are being disallowed and expunged hereby.  For the avoidance of doubt, the IRC/IR Epi Surviving Claims, and any expunged claim which is later reinstated in accordance with this paragraph, shall remain subject to further objection on any grounds whatsoever, including, without limitation, that such IRC/IR Epi Surviving Claim is asserted against the incorrect Debtor if IRC or IR Epi, as appropriate, failed to timely file a IRC/IR Epi Duplicative Claim against the correct Debtor or Debtors.

        4.       Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

5. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Second Omnibus Claims Objection and addressed by the December Adjourned Responses to hear and determine all matters arising from the implementation of this order.

6. Each Claim and the objections by the Debtors to each Claim addressed in the Second Omnibus Claims Objection and December Adjourned Responses and set forth on Exhibit A hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

7. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Second Omnibus Claims Objection.

Dated: New York, New York
December 14, 2006

　　　　　　　　　　　　/s/Robert D. Drain　　　　　　　　　
UNITED STATES BANKRUPTCY JUDGE