**Hearing Date: February 14, 2007**
                                                    **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
|---|---|
| : | |
|    In re                                               : | Chapter 11 |
| : | |
| DELPHI CORPORATION, et al.,           : | Case No. 05-44481 (RDD) |
| : | |
| : | (Jointly Administered) |
|                    Debtors.                   : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF
OF CLAIM NUMBER 2479 (WORLDWIDE BATTERY COMPANY, LLC)**

("STATEMENT OF DISPUTED ISSUES – WORLDWIDE BATTERY COMPANY, LLC")

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Statement of Disputed Issues (the "Statement of Disputed Isssues") With Respect To Proof Of Claim Number 2479 (the "Proof of Claim") filed by WorldWide Battery Company, LLC ("WorldWide"), and respectfully represent as follows:

Background

1.      WorldWide filed the Proof of Claim on or about April 3, 2006.  The Proof of Claim asserts an unsecured nonpriority claim in the amount of $2,819,166.35 (the "Claim") pursuant to a Recycled Battery Sales Agreement dated March 16, 2004 entered into by Delphi and WorldWide (the "Agreement") in which Delphi agreed to sell recyclable batteries to WorldWide.  The Proof of Claim asserts that the Claim constitutes 35 months of average income of $80,547.61 per month that WorldWide lost due to an alleged breach of the Agreement by Delphi when the Debtors sold its battery-related assets to Johnson Controls, Inc. ("JCI").  WorldWide attached the Agreement to the Proof of Claim.

2.      The Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

3.      On November 27, 2006,[1] WorldWide filed WorldWide Battery's (i) Response In Opposition To Third Omnibus Claims Objection (Ref. Claim No. 2479), And (ii) Motion For Enlargement Of Time To Submit Additional Evidence In Support Of Proof Of Claim

---

[1] The deadline to file a response to the Third Omnibus Claims Objection was November 24, 2006 at 4:00 p.m. (Prevailing Eastern Time).  See Third Omnibus Claims Objection, ¶ 46.

2

(Docket No. 5864) (the "Response").  The Response asserts that the maximum allowable amount of the Claim is less than or equal to $250,000.

Disputed Issues

A.    <u>The Debtors Have Not Breached The Agreement</u>

        4.    The Debtors dispute that they are in breach of the Agreement.  The Agreement did not commit Delphi to sell a specific quantity of batteries to WorldWide.  In fact, the Agreement expressly states that "no quantity is guaranteed by Delphi hereunder."  <u>See</u> Agreement, ¶ 1.1.

        5.    When the Debtors sold their battery-related assets to JCI, Delphi no longer owned any batteries to sell to WorldWide.  And, because Delphi never agreed to sell a specific quantity of batteries to WorldWide, Delphi had no duty to continue to sell batteries to WorldWide after the sale of the Debtors' battery business line.  Accordingly, the cessation of battery sales did not constitute a breach of the Agreement.  Because Delphi has not breached the Agreement, the Claim should be disallowed and expunged.

B.    <u>At Most, The Claim Is Limited To 90 Days Of Lost Profits</u>

        6.    Even if the Debtors did breach the Agreement (which the Debtors dispute), the Claim should be limited to 90 days of WorldWide's lost profits.

        7.    As WorldWide acknowledged in the Response, the Agreement allows Delphi to terminate the Agreement upon 90 days written notice upon certain conditions, including the sale of the Debtors' battery manufacturing operations.  <u>See</u> Agreement, ¶ 4.5.  Because the Debtors sold their battery manufacturing operations to JCI, Delphi was entitled to terminate the Agreement upon 90 days notice.  Thus, an alleged breach of the Agreement would entitle WorldWide to a damage claim for, at most, 90 days of lost profits.  Accordingly, even if

3

the Debtors breached the Agreement, the Claim is limited to 90 days of WorldWide's lost profits.[2]

C. <u>The Response Was Untimely</u>

8. Pursuant to the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered on October 26, 2006 (Docket No. 5418) and the Third Omnibus Claims Objection, responses to the Third Omnibus Claims Objection were due by November 24, 2006. The Response was filed after the deadline, and thus was not timely. WorldWide's failure to file a timely response to the Third Omnibus Claims Objection lends further support for the disallowance and expungement of the Claim.

<u>Reservation of Rights</u>

9. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim

---

[2] The Debtors are without sufficient information to either dispute or confirm WorldWide's calculation of its alleged monthly lost profits. Nothing contained herein is an acceptance, or acknowledgment of the accuracy, of WorldWide's calculation.

4

and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim, (b) in the alternative, reducing the amount of the Claim, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 18, 2006

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

5