**Hearing Date:  February 14, 2007**
                      **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                     :
    In re                                         :        Chapter 11
                                                     :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                                   :
                                                   :        (Jointly Administered)
                   Debtors.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

      DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF
OF CLAIM NUMBER 13409 (NISSAN TECHNICAL CENTER NORTH AMERICA, INC.)

                ("STATEMENT OF DISPUTED ISSUES – NISSAN
                TECHNICAL CENTER NORTH AMERICA, INC.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement of Disputed Issues (the "Statement of Disputed Isssues") With Respect To Proof Of Claim Number 13409 (the "Proof of Claim") filed by Nissan Technical Center North America, Inc. ("Nissan"), and respectfully represent as follows:

Background

1.     Nissan filed the Proof of Claim on or about July 31, 2006.  The Proof of Claim asserts a secured claim (the "Secured Claim"), an unsecured nonpriority claim (the "Unsecured Nonpriority Claim," and together with the Secured Claim, the "Prepetition Claim"), and an administrative expense claim (the "Administrative Expense Claim," and together with the Prepetition Claim, the "Claim") in an unknown amount pursuant to a lease dated October 12, 2001 between Delphi Automotive Systems, LLC ("DAS LLC") and Nissan (the "Lease"), a Landlord Consent and Lien Waiver dated August 5, 2005 (the "Consent and Lien Waiver"), and a Test Track Agreement dated September 4, 2002 (the "Test Track Agreement," and together with the Lease and the Consent and Lien Waiver, the "Agreements").  Nissan attached the Agreements to the Proof of Claim.

2.     The Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

3. On November 22, 2006, Nissan filed its Response By Nissan Technical Center North America, Inc. To Debtors' Third Omnibus Claims Objection (Docket No. 5703) (the "Response").

4. The Proof of Claim asserts that the Prepetition Claim includes unpaid prepetition rent under the Lease, two unpaid invoices pursuant to the Test Track Agreement, indemnification for any damages for testing pursuant to the Test Track Agreement, any damages resulting from the Debtors' use of Nissan's property, and any other claims arising under the Agreements. The Proof of Claim asserts that the Prepetition Claims are secured by any personal property left by the Debtors on the real property subject to the Lease (the "Leased Property"), and by rights of setoff and/or recoupment.

5. The Proof of Claim asserts that the Administrative Claim includes amounts for which the Debtors will become liable to Nissan pursuant to the Agreements. The Response asserts that the Agreements expired by their terms on October 14, 2006, and that the Debtors vacated the Leased Property in September 2006 and continue to owe rent for the period after which it vacated. The Response asserts the Administrative Claim includes postpetition rent, any damage to the Lease Property incurred postpetition, and any other claim arising under the Agreements postpetition.

Disputed Issues

A. <u>The Prepetition Claim</u>

6. The Debtors do not dispute that Nissan has an unsecured nonpriority claim for the unpaid July and August 2005 invoices. According to the Debtors' books and records, the amount due and owing under the two invoices is $32,734.44. Attached as <u>Exhibit A</u> is the Debtors' payment history from January 1, 2005 through October 8, 2005 (the "Petition Date")

under the Track Agreement.  Attached as <u>Exhibit B</u> is the Debtors' payment history from January 1, 2005 through the Petition Date under the Lease, which demonstrates that no prepetition rent is due under the Lease.  Nissan does not assert that there are any outstanding obligations under the Consent and Lien Waiver.  Therefore, to the extent Nissan asserts an unsecured nonpriority claim in excess of $32,734.44, the Debtors dispute the same.

       7.      Additionally, to the extent that Nissan asserts that the Prepetition Claim is secured, the Debtors dispute the same.  Specifically, the Debtors do not believe that any personal property was left on the Leased Property, nor that any amounts are owed by Nissan to the Debtors under the Agreements that would give rise to rights of setoff and/or recoupment.

B.    <u>The Administrative Claim</u>

       8.      Nissan has attempted to assert the Administrative Claim through the filing of a proof of claim form.  However, a postpetition administrative expense claim must be asserted through the filing of a request for payment in the form of a motion under section 503 of the Bankruptcy Code and cannot be asserted by the filing of a proof of claim form.  Therefore, Nissan's assertion of the Administrative Claim is procedurally improper and the Claim should be disallowed and expunged, without prejudice to Nissan's ability to properly assert an administrative claim and the Debtors' rights to dispute the same.

<u>Reservation of Rights</u>

       9.      This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions

of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order modifying the Claim consistent with the amounts set forth above, and granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 18, 2006

                SKADDEN, ARPS, SLATE, MEAGHER
                   & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

6