**Hearing Date:  February 14, 2007**
                                                          **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
    In re                                      :        Chapter 11
                                               :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                             :
                           Debtors.      :        (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
     PROOF OF CLAIM NUMBER 14245 (LIGHTSOURCE PARENT CORPORATION)

    ("STATEMENT OF DISPUTED ISSUES – LIGHTSOURCE PARENT CORPORATION")

             Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 14245 (the "Proof Of Claim") filed by Lightsource Parent Corporation ("Lightsource") and respectfully represent as follows:

## Background

1. Lightsource filed the Proof Of Claim on or about July 31, 2006. The Proof Of Claim asserts that Delphi owes Lightsource, or its subsidiary Guide Corporation ("Guide"), approximately $29 million related to postemployment retiree healthcare and life insurance benefits (collectively, "OPEB Obligations") for certain Lightsource and Guide retired employees (the "Claim"). Lightsource bases its Claim on the Lightsource Formation Agreement Among General Motors Corporation, Lightsource Parent Corporation And PEP Guide, LLC, dated as of September 29, 1998 (the "LFA") and the Master Separation Agreement dated as of December 22, 1998 Among General Motors Corporation, Delphi Automotive Systems Corporation, Delphi Automotive Systems LLC, Delphi Technologies, Inc. And Delphi Automotive Systems (Holding), Inc. (the "MSA").[1]

2. Specifically, Lightsource alleges that under the LFA, Lightsource agreed to pay OPEB Obligations to certain employees that had previously been employed by General Motors Corporation ("GM") but were transferred to employment with Lightsource or Guide, as applicable. Pursuant to the LFA, GM purportedly agreed to reimburse Lightsource for a portion of the OPEB Obligations on an annual basis (the "Reimbursement Liability"). Lightsource further states that under the LFA, GM had the unilateral right to assign such liabilities in whole

---

[1] Because Lightsource has acknowledged in its Response (defined below) that it possesses a copy of the MSA and because the MSA was filed as an exhibit to the Form S-1/A filed with the Securities and Exchange Commission by Delphi on January 27, 1999, the Debtors have not attached it hereto. Nonetheless, the MSA will be provided upon request to Lightsource.

or in part to its Delphi Automotive business unit or any such business entity to which the assets of the Delphi Automotive business unit was sold or transferred.[2]

    3.    Lightsource further alleges that GM exercised its right to transfer the Reimbursement Liability to its Delphi Automotive business unit and did so in the MSA. Lightsource thus asserts that Delphi owes Lightsource and/or Guide approximately $1,018,302 for Reimbursement Liability incurred between January 1, 2003 and June 30, 2006 for salaried employees and approximately $28,215,799 in unliquidated amounts for the present value of future Reimbursement Liability for periods after June 30, 2006 for salaried employees. Finally, Lightsource asserts that additional amounts of Reimbursement Liability are owed for periods prior to January 1, 2003 for salaried employees and for all periods for hourly employees, but that Lightsource does not know the total amount of these liabilities.

    4.    The Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

    5.    Lightsource filed its Response Of Lightsource Parent Corporation To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And

---

[2]     As the LFA predates GM's spinoff of Delphi and its subsidiaries and affiliates, the assets which now comprise such entities were then a business unit of GM.

(II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5759) (the "Response") on November 22, 2006. Attached to the Response was the Proof Of Claim and a copy of the LFA. In its Response, Lightsource reiterated its position that the LFA and MSA establish liability for OPEB Obligations from Delphi to Lightsource.

### Disputed Issues

6.    The Debtors dispute that Delphi owes any obligation to Lightsource. As noted above, Lightsource states that the basis for the Claim is the LFA between GM and Lightsource and the MSA between GM and Delphi. Delphi is not, and has never been, a party to the LFA. Lightsource is not, and has never been, a party to the MSA. Because Lightsource is not a party to the MSA and Lightsource and Delphi share no privity of contract, Delphi cannot be directly liability to Lightsource under the MSA.

7.    The MSA allocated certain liabilities between Delphi and GM when Delphi was spun-off from GM. Specifically, section 2.02(b) of the MSA defined Delphi's obligations for liabilities arising from certain divestitures. As stated therein,

> <u>Divested Business</u>. Delphi shall, with respect to the businesses and operations divested by the Delphi Automotive Systems Business, assume all Liabilities of GM related thereto; <u>provided</u>, <u>however</u>, that Delphi shall not assume those Liabilities relating to operations divested by the Delphi Automotive Systems Business to the extent such Liabilities are expressly retained by GM pursuant to the terms of this Agreement or the Ancillary Agreements. . .and the Liabilities assumed by Delphi shall include, without limitation, the obligation to satisfy all of the obligations of GM under the various agreements pursuant to which the Delphi Automotive Systems Business effected such divestitures (the "Divestiture Agreements"); <u>provided</u>, <u>further</u>, <u>however</u>, that notwithstanding the foregoing or any other provision of this Agreement or any Ancillary Agreement, responsibility for certain obligations relating to certain divestitures shall be allocated between the parties as set forth on Schedule I hereto.

8.    Schedule I to the MSA (titled "Certain Agreements With Respect To Divested Businesses") provides that Delphi shall assume any "restructuring and support

4

payments, subsidies and supplements" relating to the businesses divested to Lightsource Parent Corporation.  See MSA, Schedule I, ¶2.  Notably, Schedule I does not assign the LFA to Delphi nor create a right of payment from Delphi to Lightsource.  In fact, Delphi has never accepted assignment of the LFA from GM pursuant to the MSA or otherwise.  Section 2.02(b) and Schedule I, at most, create an obligation from Delphi to GM.

        9.     Moreover, the MSA specifically provides that no party was intended to be, or can assert a right as, a third party beneficiary to the MSA.  Specifically, section 9.05 states that "nothing in this Agreement, express or implied, is intended to confer upon any other Person any rights or remedies of any nature whatsoever under or by reason of this Agreement. . . ." MSA § 9.05.  Because Lightsource is not a party to the MSA, it may not claim that under the MSA it has any remedy from Delphi for the Reimbursement Liability, or that Delphi owes Lightsource any obligation as a result of any provision of the MSA.

        10.     Similarly, the LFA creates a right of payment from GM to Lightsource but does not independently create a right of payment from Delphi because Delphi is not a party to the LFA and has not accepted assignment of the LFA.  Thus, Lightsource's recourse for the Reimbursement Liability, if any, is from GM, not Delphi.

        11.     In addition to the above, in its Claim, Lightsource asserts liabilities that even it is unable to quantify.  Although it asserts that the formula for quantifying such obligations is set forth in the LFA, Lightsource is unable to state what those liabilities are for its hourly employees, even for obligations supposedly owing for periods dating as far back as 2003.  Moreover, certain of these claimed liabilities are contingent and the contingencies which must occur to result in a liquidated obligation may never occur.

12.     Because no right of payment exists between Delphi and Lightsource and Lightsource has not substantiated its right to payment from Delphi for the asserted Claim, Lightsource's claim should be disallowed and expunged.  Furthermore, because the Debtors do not believe that there is a basis for liability from Delphi to Lightsource, the Debtors are not addressing the appropriate calculation of liability herein but reserve the right to do so at a later time should it be determined that such liability exists.

Reservation Of Rights

13.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 18, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession