**Hearing Date: February 14, 2007**
           **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

## DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 2558 (INPLAY TECHNOLOGIES, INC.)

("STATEMENT OF DISPUTED ISSUES – INPLAY TECHNOLOGIES, INC.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 2558 (the "Proof Of Claim") filed by InPlay Technologies, Inc. ("InPlay") and respectfully represent as follows:

Background

1.  InPlay filed the Proof Of Claim on or about April 4, 2006. The Proof Of Claim asserts an unsecured nonpriority claim in the amount of $9 million (the "Claim") for royalties allegedly owed pursuant to a License Agreement between InPlay (f/k/a DuraSwitch Industries, Inc.) and Delphi Automotive Systems LLC ("DAS LLC"), dated April 20, 2000 (the "License Agreement"). Specifically, the Claim is comprised of an alleged $3 million royalty payment due July 2006 and an alleged $6 million royalty payment due July 2007. See Attachment to Proof Of Claim at p. 1.

2.  The License Agreement was rejected by DAS LLC, effective as of October 17, 2005, pursuant to this Court's Order Under 11 U.S.C. § 365(a) Authorizing Rejection Of License Agreement With DuraSwitch Industries, Inc. (Docket No. 762) dated October 27, 2005.

3.  The Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

2

      4.     InPlay filed its Response Of InPlay Technologies, Inc. To Objection To Claim 2558 (Docket No. 5601) (the "Response") on November 21, 2006. Attached to the Response was the Affidavit Of Robert J. Brilon In Support Of InPlay Technologies, Inc.'s Objection To Claim 2558 [sic] (the "Brilon Affidavit").

Disputed Issues

A.     <u>If Any Portion Of The Claim Is Valid, It Must Be Discounted To Present Value</u>.

      5.     While the Debtors believe that the entire Claim is invalid as set forth below, even if the Court were to determine that any portion of the Claim is valid, the entire claim was unmatured as of October 8, 2005 (the "Petition Date"). The Proof Of Claim acknowledges that $3 million of the amount asserted in the Claim was not due under the License Agreement until July 2006 and the remaining $6 million asserted in the Claim was not due under the License Agreement until July 2007. Therefore, each portion of the Claim, if ultimately determined to be valid, must be discounted to its value as of the Petition Date utilizing an appropriate discount rate. Discounting the Claim to its value of the Petition Date would result in a significant reduction in the amount of the Claim.

B.     <u>InPlay Has Provided No Evidence That It Has Fully Mitigated Its Claim</u>.

      6.     A claimant is required to mitigate its damages arising as a result of a breach of an agreement, including as a result of the rejection of such agreement pursuant to 11 U.S.C. § 365. Neither the Proof Of Claim nor the Response contain any evidence that InPlay has undertaken any action to attempt to mitigate its damages, if any, arising as a result of DAS LLC's rejection of the License Agreement.

      7.     The only statement that InPlay has made with respect to mitigation of its damages is contained in the Brilon Affidavit, in which it is stated that "InPlay has been unable to

3

license the DuraSwitch Patents and DuraSwitch Technology in the Exclusive Licensed Field or to find others willing to exploit the DuraSwitch Patents and DuraSwitch Technology in that field" despite undertaking allegedly "extensive" efforts to license the technology to other parties. See Brilon Affidavit at ¶6.  This, however, is inconsistent with the prior statements of InPlay made at the time that DAS LLC sought to reject the License Agreement.  At that time, InPlay asserted that the License Agreement had value to DAS LLC, despite acknowledging that DAS LLC was not manufacturing any products incorporating the licensed technology, because the Debtors' competitors would otherwise license and use the technology from InPlay to compete with the Debtors.  See Objection Of DuraSwitch Industries, Inc. To Debtors' Motion For An Order Under 11 U.S.C. § 365(a) Authorizing Rejection Of License Agreement With DuraSwitch Industries, Inc. (Docket No. 629) ("The value to Delphi was present even in the absence of sales of Licensed Products, because the Agreement allowed Delphi to keep the Licensed Technology from being used by other manufacturers and competitors of Delphi").

     8.  The conclusory statement contained in the Brilon Affidavit is insufficient to demonstrate that InPlay has taken appropriate steps to mitigate its damages, if any, arising from the rejection of the License Agreement.  Pursuant to the License Agreement, InPlay granted DAS LLC an exclusive license with respect to certain technology  intended to facilitate electrical connections within a vehicle.  As DAS LLC's rejection of the License Agreement allowed InPlay to license the technology covered by the License Agreement, which InPlay alleges has significant value, to any other party, the Debtors believe that InPlay should have been able to mitigate its damages, at least in part, which would further reduce the amount of the Claim.

C.     Delphi Has No Obligations Under The License Agreement.

        9.      The Claim is asserted by InPlay against Delphi. The Debtors dispute that Delphi owes any obligation to InPlay. As noted above, the basis for the Claim is a License Agreement between InPlay and DAS LLC. Delphi and DAS LLC are separate and distinct legal entities. None of the Proof Of Claim, the Response, or the Brilon Affidavit assert any basis upon which Delphi would be liable for DAS LLC's obligations, if any, under the License Agreement. Rather, the Brilon Affidavit expressly acknowledges that DAS LLC was the Debtor party to the License Agreement and the Response expressly states that the Claim is for "minimum royalty payments due and owing from Delphi pursuant to Section 3.2 of the License Agreement." See Brilon Affidavit at ¶2; Response at ¶2.[1] Similarly, the License Agreement provides no basis for claims to be asserted against Delphi. The License Agreement clearly and unambiguously identifies DAS LLC as the party to the License Agreement. See, e.g., License Agreement at pp. 1 and 14. Delphi is not, and has never been, a party to the License Agreement. In fact, the Brilon Affidavit states that the License Agreement has not been amended. See Brilon Affidavit at ¶5.

        10.      Furthermore, pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order"), claimants, including InPlay, were required to file proofs of

---

[1]    The Response uses the term "Delphi" without defining the specific Debtor entity to which such term is intended to refer.

claim against the appropriate Debtor entity. Specifically, paragraph 3(f) of the Bar Date Order provides:

> Proofs of Claim must clearly indicate the name of the applicable Debtor against which the Claim is asserted and the applicable reorganization case number for such Debtor, and if a Claim is asserted against more than one of the Debtors, a separate Proof of Claim must be filed in each such Debtor's reorganization case.

11. Furthermore, the Notice Of Bar Date For Filing Proofs Of Claim (the "Bar Date Notice") which was approved by the Court pursuant to Bar Date Order also specifically stated that "each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's reorganization case." See Bar Date Notice at p. 2. Exhibit A to the Bar Date Notice specifically identified DAS LLC as a Debtor and identified its case number. See Exhibit A to Bar Date Notice at p. 4.

12. Nonetheless, InPlay filed its Proof Of Claim only against Delphi, and did not file any proofs of claim against DAS LLC. The July 31, 2006 bar date passed over four and one-half months ago. As the Proof Of Claim was asserted against Delphi and Delphi clearly has no obligations under the License Agreement, including, but not limited to, the payment of any royalties owing thereunder, the Claim is invalid and should be disallowed in its entirety.

Reservation Of Rights

13. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional

6

legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim, (b) in the alternative, discounting the Claim to its value as of the Petition Date utilizing an appropriate discount rate, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       December 18, 2006

                SKADDEN, ARPS, SLATE, MEAGHER
                   & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession