**Hearing Date:   February 14, 2007**
                                                        **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

                       **DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT
                    TO PROOF OF CLAIM NUMBER 2707 (LABORSOURCE 2000, INC.)**

                          ("STATEMENT OF DISPUTED ISSUES – LABORSOURCE 2000, INC.")


        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Statement of Disputed Issues (the "Statement of Disputed Isssues") With Respect To Proof Of Claim Number 2707 (the "Proof of Claim") filed by LaborSource 2000, Inc. ("LaborSource"), and respectfully represent as follows:

Background

1. LaborSource filed the Proof of Claim on or about April 21, 2006. The Proof of Claim asserts an unsecured nonpriority claim in the amount of $2,284,000 (the "Claim") stemming from an agreement between LaborSource and Delphi Automotive Systems LLC ("DAS LLC") whereby LaborSource agreed to provide certain labor services required by DAS LLC in conjunction with a certain project (the "Project") to produce automotive cockpits for General Motors Corporation ("GM"). The Debtors' bid request dated August 27, 2002 (the "Bid Request"), pursuant to which DAS LLC solicited bids from, among others, LaborSource, and the Purchase Order dated October 15, 2002 (the "Purchase Order") that contains the terms by which the Debtors agreed to purchase services from LaborSource, were attached by LaborSource to the Proof of Claim.

2. The Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

3. On November 27, 2006,[1] LaborSource filed LaborSource 2000, Inc.'s Response To Debtors' Third Omnibus Objection To Its Claim No. 2707 (Docket No. 5981) (the "Response"). In the Response, LaborSource asserts that the Claim constitutes (1) lost profits of $1,773,000 due to "unexpected down time" of the Project including the time period subsequent to GM's termination of the Project, (2) "increased" workers compensation premiums of $320,000, (3) employee medical bills of $65,000 resulting from the apparent cancellation by LaborSource of medical insurance for its own employees, and (4) interest and expenses of $160,000 from unspecified "bridge loans LaborSource sought to maintain."

### Disputed Issues

4. The Debtors are not liable to LaborSource for either alleged lost profits or alleged costs associated with the services provided to the Debtors. DAS LLC solicited bids for labor services for the Project, requesting that bidders submit bids by September 17, 2002. See Bid Request, attached to the Proof of Claim as Exhibit A. LaborSource submitted a bid, which DAS LLC ultimately accepted. DAS LLC and LaborSource then entered into the Purchase Order, setting forth the terms upon which DAS LLC would purchase services from LaborSource for the Project. See Purchase Order, attached to the Proof of Claim as Exhibit B.

5. Pursuant to the Purchase Order, DAS LLC agreed to purchase from LaborSource only those labor services DAS LLC required for the Project. The Purchase Order provided fixed and agreed pricing for the labor services. LaborSource has not asserted that the Debtors failed to pay for the services actually utilized at the agreed rates provided in the Purchase Order. DAS LLC did not commit to purchase a certain volume of services, did not

---

[1] The deadline to file a response to the Third Omnibus Claims Objection was November 24, 2006 at 4:00 p.m. (Prevailing Eastern Time). See Third Omnibus Claims Objection, ¶ 46.

promise a certain number of labor hours, and did not agree to be liable for any costs incurred by LaborSource in providing services to the Debtors. Indeed, the Bid Request states that the Debtors "will not incur any costs for employees in excess of the specified template. The template will change based on volumes, the manufacturing process, product changes, etc." Bid Request, § 2.1. Further, DAS LLC did not guarantee LaborSource any level of profitability.

6. During the life of the Project, DAS LLC performed pursuant to the Purchase Order by purchasing its labor requirements from LaborSource. When GM terminated the Project, DAS LLC no longer required services from LaborSource. Because DAS LLC was not obligated to purchase services other than those required for the Project, the Debtors are not liable to LaborSource for any alleged "down time," including the time period subsequent to GM's termination of the Project, nor for any alleged costs incurred by LaborSource. Further, pursuant to Delphi's General Terms and Conditions (the "Terms and Conditions"), which were incorporated into the Purchase Order, DAS LLC had the right to terminate the Purchase Order for convenience. The Terms and Conditions are attached as <u>Exhibit A</u> hereto. Thus, even if DAS LLC was obligated to purchase a certain level of labor services, the Debtors are not liable for lost profits nor costs relating to time periods after the Project was terminated.

7. Even if LaborSource had a unilateral expectancy of a volume of labor above that which the Debtors actually required, there is no legal basis upon which the Debtors are liable to LaborSource for any loss of such expectancy. The Debtors simply made no promises with regard to the volume of services they would require from LaborSource. Rather, contrary to LaborSource's assertions that it was unaware that DAS LLC's labor needs may vary over time, the Bid Request expressly stated that DAS LLC's needs would change based upon "volumes, the manufacturing process, product changes, etc." which is exactly what LaborSource

4

acknowledges later occurred.  Therefore, if actual volumes were less than LaborSource anticipated, LaborSource, not the Debtors, must bear any alleged losses resulting therefrom.

    8. Accordingly, because DAS LLC fully performed its obligations under the Purchase Order by purchasing its required labor for the Project from LaborSource, the Debtors are not liable for any alleged loses incurred by LaborSource in connection with the supply of labor to DAS LLC and the Claim should be disallowed and expunged.

    9. Finally, pursuant to the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered on October 26, 2006 (Docket No. 5418) and the Third Omnibus Claims Objection, responses to the Third Omnibus Claims Objection were due by November 22, 2007.  The Response was filed after the deadline, and thus was not timely.  LaborSource's failure to file a timely response to the Third Omnibus Claims Objection lends further support for the disallowance and expungement of the Claim.

Reservation of Rights

    10. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim

5

and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order disallowing and expunging the Claim and granting the Debtors such other and further relief as is just.

Dated:  New York, New York
December 18, 2006

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By: /s/ John Wm. Butler, Jr.
   John Wm. Butler, Jr. (JB 4711)
   John K. Lyons (JL 4951)
   Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

6