**Hearing Date:  February 14, 2007**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

         - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
          In re                             :          Chapter 11
                                                              :
DELPHI CORPORATION, et al.,      :          Case No. 05-44481 (RDD)
                                                              :
                          Debtors.      :          (Jointly Administered)
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 8324 (ERICKA S. PARKER, CHAPTER 7 TRUSTEE)

### ("STATEMENT OF DISPUTED ISSUES – ERICKA PARKER, CHAPTER 7 TRUSTEE")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With

Respect To Proof Of Claim Number 8324 (the "Proof Of Claim") filed by Ericka Parker

("Parker"), Chapter 7 Trustee for Flex-Tech Professional (n/k/a Toledo Professional Temps, Inc.)

("Flex-Tech") and respectfully represent as follows:

<u>Background</u>

1.    Parker filed the Proof Of Claim on or about June 21, 2006.  The Proof Of

Claim asserts an unsecured nonpriority claim in an undetermined amount.  Specifically, Parker

asserts her claim stems from a confidential settlement agreement[1] (the "Settlement Agreement")

between Delphi Automotive Systems LLC ("DAS LLC"), Flex-Tech, and Initial Transfer FT,

Ltd. ("Initial Transfer").

2.    In 1995, DAS LLC contracted with Flex-Tech to manage its purchasing

function for indirect commodities (the "Commodity Management Agreement").    Some time

thereafter, Flex-Tech failed to pay DAS LLC's suppliers and a number of lawsuits were initiated

against Flex-Tech and DAS LLC.  In August of 2000, DAS LLC initiated litigation in the United

States District Court for the Northern District of Ohio and sought a declaratory judgment with

respect to Commodity Management Agreement.

3.    On or about February 19, 2003, Flex-Tech and DAS LLC entered into the

Settlement Agreement to resolve the pending litigation. The Settlement Agreement divided

supplier claims into two categories — those that filed lawsuits and those that had not filed

---

[1]    A copy of the Settlement Agreement is not attached to the Debtors' Statement of Disputed
Issues because the Settlement Agreement contains a confidentiality provision. A copy will
be provided to Parker upon her request.

2

lawsuits.  The Settlement Agreement provided that DAS LLC would resolve some supplier

claims against Flex-Tech at DAS LLC's own expense.  Additionally, the Settlement Agreement

provided that DAS LLC would deposit a total of $100,000 into an escrow account in the name of

Initial Transfer ($30,000 into Escrow A and $70,000 into Escrow B).  The Settlement Agreement

called for the funds remaining in Escrow B as of a date certain to be split equally between DAS

LLC and Initial Transfer.

       4.   In July 2003, Flex-Tech filed a petition for Chapter 7 of the Bankruptcy Code

in the United States Bankruptcy Court of the Northern District of Ohio (the "Ohio Court").  On

April 8, 2004, DAS LLC commenced an adversary proceeding in the Ohio Court (the

"Adversary Proceeding") against Parker seeking a declaratory judgment as to the rights and

duties of the parties under the Settlement Agreement.  Initial Transfer assigned its rights under

the Settlement Agreement to Parker.

       5.   In the Adversary Proceeding, DAS LLC asserted that it was excused from

performing its remaining obligations under the Settlement Agreement due to certain material

breaches by Flex-Tech thereunder.  Specifically, DAS LLC argued that Flex-Tech had materially

breached the Settlement Agreement by failing to resolve all supplier claims and by rejecting the

Settlement Agreement.

       6.   The Ohio Court granted DAS LLC's motion for summary judgment filed in

the Adversary Proceeding in part, holding that DAS LLC was excused from making payments

under the Settlement Agreement to certain suppliers who had filed lawsuits against Flex-Tech

and found that Flex-Tech was not entitled to funds paid by DAS LLC to Comptrol Incorporated,

a supplier with a prepetition judgment against Flex-Tech.  DAS LLC's motion for summary

judgment as to its obligation to fund Escrow A and Escrow B was denied.

7.   The Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus

Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain

(a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And

Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And

Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus

Claims Objection"), which was filed on October 31, 2006.

8.   Parker filed her Response of Ericka S. Parker, Chapter 7 Trustee to Debtors'

Third Omnibus Objection (Substantive) to Claims and Request to be Excused from Attending

First Hearing as to Same (Docket No. 5644) (the "Response") on November 21, 2006.

<u>Disputed Issues</u>

A.    <u>DAS LLC's Obligations To Parker Do Not Exceed $65,000</u>

9.    The Memorandum And Order Regarding Motion For Summary Judgment

entered on September 27, 2006 by the Ohio Court in the Adversary Proceeding clearly provides

that DAS LLC's obligations under the Settlement Agreement will not exceed $65,000.

10.    Therefore, DAS LLC asserts that it owes Parker $65,000 at most and

disputes any additional amounts asserted by Parker.

B.    <u>Delphi Has No Obligations Under The Settlement Agreement.</u>

11. The Claim is asserted by Parker against Delphi.  The Debtors dispute that

Delphi owes any obligation to Parker.  As noted above, the basis for the Claim is a Settlement

Agreement between Flex-Tech and DAS LLC.  Delphi and DAS LLC are separate and distinct

legal entities.  Neither the Proof Of Claim nor the Response assert any basis upon which Delphi

would be liable for DAS LLC's obligations, if any, under the Settlement Agreement.  Similarly,

the Settlement Agreement provides no basis for claims to be asserted against Delphi.  The

4

Settlement Agreement clearly and unambiguously identifies DAS LLC as the party to the

Settlement Agreement.  See, e.g., Settlement Agreement at pp. 1 and 5.  Delphi is not, and has

never been, a party to the Settlement Agreement.

12. Furthermore, pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And

1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates

For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No.

3206) (the "Bar Date Order"), claimants, including Parker, were required to file proofs of claim

against the appropriate Debtor entity.  Specifically, paragraph 3(f) of the Bar Date Order

provides:

> Proofs of Claim must clearly indicate the name of the applicable Debtor
> against which the Claim is asserted and the applicable reorganization case
> number for such Debtor, and if a Claim is asserted against more than one of the
> Debtors, a separate Proof of Claim must be filed in each such Debtor's
> reorganization case.

13. Furthermore, the Notice Of Bar Date For Filing Proofs Of Claim (the "Bar

Date Notice") which was approved by the Court pursuant to Bar Date Order also specifically

stated that "each holder of a claim must identify on its proof of claim the specific Debtor against

which its claim is asserted and the case number of that Debtor's reorganization case."  See Bar

Date Notice at p. 2.  Exhibit A to the Bar Date Notice specifically identified DAS LLC as a

Debtor and identified its case number.  See Exhibit A to Bar Date Notice at p. 4.

14. Nonetheless, Parker filed her Proof Of Claim only against Delphi, and did not

file any proofs of claim against DAS LLC.  The July 31, 2006 bar date passed over four and one-

half months ago.  As the Proof Of Claim was asserted against Delphi and Delphi clearly has no

obligations under the Settlement Agreement, including, but not limited to, the payment of any

royalties owing thereunder, the Claim is invalid and should be disallowed in its entirety.

5

<u>Reservation Of Rights</u>

15. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a)

disallowing and expunging the Claim and granting the Debtors such other and further relief as is

just.

Dated: New York, New York
        December 18, 2006

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP


                                    By: /s/ John Wm. Butler, Jr._____
                                        John Wm. Butler, Jr. (JB 4711)
                                        John K. Lyons (JL 4951)
                                        Ron E. Meisler (RM 3026)
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois  60606
                                    (312) 407-0700

                                    - and -


                                    By: /s/ Kayalyn A. Marafioti_____
                                        Kayalyn A. Marafioti (KM 9632)
                                        Thomas J. Matz (TM 5986)
                                    Four Times Square
                                    New York, New York  10036
                                    (212) 735-3000

                                    Attorneys for Delphi Corporation, et al.,
                                      Debtors and Debtors-in-Possession