**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
         mitchell.seider@lw.com
         mark.broude@lw.com

Counsel for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**PRELIMINARY OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO THE EXPEDITED MOTION FOR ORDER
AUTHORIZING AND APPROVING THE EQUITY PURCHASE AND COMMITMENT
AGREEMENT PURSUANT TO SECTIONS 105(a), 363(b), 503(b) AND 507(a) OF THE
BANKRUPTCY CODE AND THE PLAN FRAMEWORK SUPPORT AGREEMENT
PURSUANT TO SECTIONS 105(a), 363(b) AND 1125(e) OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 cases of Delphi Corporation, *et al.* (the "Debtors"), by and through its counsel, hereby

files this preliminary objection (this "Preliminary Objection") to the *Expedited Motion for Order*

*Authorizing and Approving the Equity Purchase and Commitment Agreement pursuant to*

*sections 105(a), 363(b), 503(b) and 507(a) of the Bankruptcy Code and the Plan Framework*

*Support Agreement pursuant to sections 105(a), 363(b) and 1125(e) of the Bankruptcy Code* (the

NY\1223644.3

"Motion").[1]  In support of this Preliminary Objection, the Committee respectfully states as follows:

## BACKGROUND

1. On October 8, 2005 (the "Petition Date"), thirty-nine of the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On October 14, 2005, the three remaining Debtors also filed voluntary petitions.

2. The Committee was appointed nine days after the Petition Date, on October 17, 2005.[2] Shortly thereafter, the Committee selected Latham & Watkins LLP as its counsel, Mesirow Financial Consulting LLC as its financial advisor and Jefferies & Company, Inc. as its investment banker.

3. On July 28, 2006, the Committee filed a motion for an order granting it standing to pursue the Debtors' estates claims and defenses against General Motors Corporation ("GM"). Shortly after that motion was filed, GM and a subcommittee of the Committee (the "GM Subcommittee") commenced bilateral discussions regarding the Committee's assertions against GM, as well as GM's role in the Debtors' transformation efforts.

4. After the parties had made some meaningful progress in these discussions, the Debtors and a subcommittee of the official committee of equity security holders (the "Equity Committee") also began to participate with GM and the GM Subcommittee in a number of meetings to negotiate and discuss a framework under which a plan of reorganization would

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

[2] The following members originally were appointed to the Committee: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee. Flextronics International Asia-Pacific, Ltd. has resigned from the Committee, and Tyco Electronics Corporation has since been appointed to the Committee. The Pension Benefit Guaranty Corporation and the UAW have been added as *ex officio* members of the Committee.

2

NY\1223644.3

develop. These framework discussions mainly centered around two principal issues: (a) the amount and the form of GM's contributions to the Debtors' transformation and (b) the allocation of the Debtors' value among GM, other unsecured creditors and equity holders under a chapter 11 plan. After these framework discussions began, potential plan investors also began meeting with the Debtors, GM, the GM Subcommittee and the subcommittee of the Equity Committee. These potential investors included a group of investors led by Appaloosa Management L.P.[3] and Cerberus Capital Management, L.P. (the "Proposed Investors").

5. On December 18, 2006, the Debtors filed the Motion, seeking an order (a) approving and authorizing them to enter into that certain Equity Purchase and Commitment Agreement (the "Investment Agreement") dated December 18, 2006, among Delphi Corporation, A-D Acquisition Holdings, LLC, Harbinger Del-Auto Investment Company, Ltd., Dolce Investments LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated and UBS Securities LLC, (b) authorizing them to pay certain fees to the Proposed Investors and (c) approving and authorizing them to enter into that certain Plan Framework Support Agreement (the "PSA") dated December 18, 2006 among Delphi Corporation, GM, A-D Acquisition Holdings, LLC, Harbinger Del-Auto Investment Company, Ltd., Dolce Investments LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated and UBS Securities LLC.

## PRELIMINARY OBJECTION

6. For the past several weeks, the Committee has raised, and continues to raise, several objections to the relief sought in the Motion. The principal objections include: (a) the payment of commitment fees to the Proposed Investors when they have nothing at risk, (b) the payment of an alternate transaction fee to the Proposed Investors in certain circumstances,

---

[3] The Appaloosa Group also includes Harbinger Capital Partners Master Fund I Ltd., Merrill Lynch, Pierce, Fenner & Smith Incorporated and UBS Securities LLC.

3

NY\1223644.3

(c) certain terms of the proposed transaction, including the extraordinarily broad corporate governance powers to be granted to the new money investors, in their capacity as holders of a series of convertible preferred stock to be issued by reorganized Delphi, are unacceptable, (d) the lack of Committee input and consent rights with respect to any of the transaction documents contemplated by the proposed transaction and (e) the Debtors' indemnification obligations to the new money investors.[4]

7.      The Committee anticipates that the Debtors will take the position, as they have previously, that the Committee may not conduct discovery with respect to the Motion until a contested matter exists.  While the Committee hopes to resolve its concerns consensually before the hearing date for the Motion, it hereby files this Preliminary Objection to create a contested matter and intends to conduct discovery of the Debtors and other parties.  The Committee reserves its right to supplement this Preliminary Objection.

**WHEREFORE,** the Committee respectfully requests that this Court (a) condition its approval of the Motion on the resolution of the Committee's concerns in a manner that is satisfactory to the Committee and (b) grant the Committee such other relief as is just and proper.

---

[4] The Committee does not object to the request in the Motion to reimburse certain reasonable and documented out-of-pocket expenses of the Proposed Investors as set forth therein, subject to the Committee's review of the reasonableness of such fees and expenses.  The Committee acknowledges and appreciates the time and effort that the Proposed Investors have put into negotiations thus far, and has no objection to the Debtors reimbursing the reasonable and documented out-of-pocket expenses that the Proposed Investors have incurred to the extent set forth in the Motion.

4

NY\1223644.3

Dated: December 19, 2006
      New York, New York

                                 **LATHAM & WATKINS LLP**

                                 By: /s/ Robert J. Rosenberg
                                    Robert J. Rosenberg (RR-9585)
                                    Mitchell A. Seider (MS-4321)
                                    Mark A. Broude (MB-1902)
                                    885 Third Avenue, Suite 1000
                                    New York, New York 10022
                                    Telephone: (212) 906-1200

                                 Counsel for the Official Committee
                                 of Unsecured Creditors

NY\1223644.3