B2 10
(12/04)

# United States Bankruptcy Court
## Southern District Of New York

In re: DELPHI CORPORATION, *et al.*,           CaseNo. <u>05-44481 (RDD)</u>
                                                (Jointly Administrated)

                                               Court ID (Court use only)_____

## NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| **CREDIT SUISSE INTERNATIONAL** | **CREDIT SUISSE** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Record Address of Transferor(Court Use Only): |
| **1-5 Cabot Square** | |
| **London E14** | |
| **U.K. 4QR** | |
| **Attn: Melanie Harries** | |
| **Tel: 44-207-888-9695** | |
| **melanie.harries@credit-suisse.com** | |
| With a copy to | Last Four Digits of Acct. #: |
| **Andrews Kurth LLP** | |
| **450 Lexington Avenue, 15th Floor** | |
| **New York, NY 10017** | |
| **Attn: David Hoyt** | |
| **Tel: (212) 850-2872** | |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor |
| **(Same as above)** | |
| Phone: | Phone: |
| Last Four Digits of Acct #: | Last Four Digits of Acct. #: |
| Court Claim # (if known):**14318** | |
| Date Claim Filed: **July 31, 2006** | |
| Original Claim Amount: **$9,078,756.03** | |
| Partial Transfer Amount: **7,500,000.00** | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____           Date: _____
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §~ 152 & 3571.

~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____           _____
                                                **CLERK OF THE COURT**

NYC:159727.1

- 11 -

## EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **CREDIT SUISSE** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **CREDIT SUISSE INTERNATIONAL** (the Assignee"), all right, title, interest, claims and causes of action in and to, or arising under or in connection with, Assignor's general unsecured claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Delphi Automotive Systems LLC (the "Debtor"), one of the debtors-in-possession in the chapter 11 reorganization case entitled, *In re: Delphi Automotive Systems LLC*, Chapter 11 Case No. 05-44640 (RDD) (Jointly Administered) (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in the amount of $7,500,000.00 (the "Subject Claim").

Assignor hereby waives any objection to the transfer of the Subject Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Subject Claim and recognizing the Assignee as the sole owners and holders of the Subject Claim. Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Subject Claim, and all payments or distributions of money or property in respect of the Subject Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF PARTIAL TRANSFER OF CLAIM IS EXECUTED THIS ___ day of October, 2006.

| **CREDIT SUISSE INTERNATIONAL** | **CREDIT SUISSE, Cayman Islands Branch** |
|---|---|
| By: _____ <br> Name: <br> Title: | By: _____ <br> Name: <br> Title: |
| By: _____ <br> Name: <br> Title: | By: _____ <br> Name: <br> Title: |

S:\MattersClosingDocuments\2380524-\Transfer of Claim Agreement\Transfer of Claim Agreement2380524-_EXE_ 4.DOC

- 1 -

## EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **CREDIT SUISSE** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **CREDIT SUISSE INTERNATIONAL** (the Assignee"), all right, title, interest, claims and causes of action in and to, or arising under or in connection with, Assignor's general unsecured claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Delphi Automotive Systems LLC (the "Debtor"), one of the debtors-in-possession in the chapter 11 reorganization case entitled, *In re: Delphi Automotive Systems LLC*, Chapter 11 Case No. 05-44440 (RDD) (Jointly Administered) (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in the amount of $7,500,000.00 (the "Subject Claim").

Assignor hereby waives any objection to the transfer of the Subject Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Subject Claim and recognizing the Assignee as the sole owners and holders of the Subject Claim. Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Subject Claim, and all payments or distributions of money or property in respect of the Subject Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF PARTIAL TRANSFER OF CLAIM IS EXECUTED THIS _1_ day of ~~October,~~ 2006.
                                            November

| **CREDIT SUISSE INTERNATIONAL** | **CREDIT SUISSE, Cayman Islands Branch** |
|---|---|
| By:_____ | By: _(signature)_ |
| Name: | Name: Robert Healey |
| Title: | Title: Director |
| | |
| By:_____ | By:_____ |
| Name: | Name: |
| Title: | Title: Ian Landow |

S:\MattersClosingDocuments\2380524-\Transfer of Claim Agreement\Transfer of Claim Agreement2380524-_EXE_4.DOC

FORM B10 (Official Form 10) (4/05)

| UNITED STATES BANKRUPTCY COURT - SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Delphi Automotive Systems LLC | Case Number<br>05-44640-RDD |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Panasonic Automotive Systems Company of America, Division of Panasonic Corporation of North America | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent:<br>Panasonic Automotive Systems Company of America<br>776 Hwy 74 South<br>Peachtree City, Georgia 30269<br>Attn: Laurence Roach, Esq.<br><br>with a copy to:<br><br>Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, NY  10022<br>(212) 756-2000<br>Attn: David M. Hillman, Esq.<br>       James T. Bentley, Esq. | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court.<br><br><br><br><br><br><br><br><br><br>THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here<br>if this claim ☐ replaces a previously filed claim, dated: July 28, 2006<br>                  ☒ amends |
|---|---|

1. **Basis for Claim**
   - ☒ Goods sold - See attached
   - ☐ Services performed
   - ☐ Money loaned – see attached
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other _____

   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Yours SS #: ___ ___ ___
     Unpaid compensation for services performed
     from _____ to _____
          (date)        (date)

2. Date debt was incurred: See Attached
3. If court judgment, dated obtained: N/A

4. Total Amount of Claim at Time Case Filed: at least $9,078,756.03  _____  $(see attached)  at least $9,078,756.03
   (unsecured)       (secured)      (priority)       (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. See attached.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   
   Value of Collateral: $_____
   
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim  $9,078,756.03
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☒ Check this box if you have an unsecured priority claim
   Amount entitled to priority $unliquidated - see attached
   Specify the priority of the claim:
   ☐ Wages, salaries, or commission (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(1).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date:<br>July 28, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Panasonic Automotive Systems Company of America, Division of Panasonic Corporation of North America<br>By: _____<br>Vince Sarrecchia - President | S.D.N.Y.  2006 JUL 31  P  24  U.S. BANKRUPTCY COURT FILED |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both, 18 U.S.C. §§ 152 and 3571.

10197149.3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
In re:                                                     :
                                                           :   Chapter 11
                                                           :
DELPHI AUTOMOTIVE SYSTEMS LLC,                             :   Case No. 05-44640 (RDD)
                                                           :
                Debtor.                                    :
---------------------------------------------------------- X

## ADDENDUM TO AMENDED
## PROOF OF CLAIM FILED BY
## PANASONIC AUTOMOTIVE SYSTEMS COMPANY OF AMERICA,
## DIVISION OF PANASONIC CORPORATION OF NORTH AMERICA.

1. The undersigned, having an office at 776 Hwy 74 South Peachtree City, Georgia 30269, is the President of Panasonic Automotive Systems Company of America, Division of Panasonic Corporation of North America (the "Claimant") and is duly authorized to execute and file this proof of claim on Claimant's behalf and in support thereof, states as follows.

2. As of October 8, 2005 (the "Petition Date"), Delphi Automotive Systems LLC (the "Debtor") was, and remains, indebted to Claimant in the aggregate amount of at least $9,078,756.03, of which Claimant asserts that a portion is entitled to administrative expense priority as it consists of goods delivered to the Debtor pre-petition that are the subject of a valid reclamation claim, and other amounts due under the Operative Documents (as defined below). Claimant and the Debtor continue to work with one another to determine the liquidated amount of Claimant's reclamation claim. The basis of this claim is set forth below.

### Basis of Claim

3. The Claim is evidenced by various documents and instruments (collectively, the "Operative Documents"), including without limitation:

10195345.4                                1

DELPHI AUTOMOTIVE SYSTEMS LLC
05-44640 (RDD)
Addendum to Proof of Claim

    (a) Agreement on General Terms and Conditions, dated April 12, 2001, between Debtor and Claimant (as the same has been from time to time amended, the "Supply Contract"); and

    (b) Various purchase orders which incorporate terms of the Supply Contract.

  4. The Operative Documents are too voluminous to attach hereto and copies will be made available upon written request to Claimant's attorneys.

  5. No judgment has been rendered on this claim.

  6. The amounts of all payments on this claim by the Debtor have been credited and deducted for the purpose of making this proof of claim.

  7. This claim is not subject to any setoff or counterclaim.

  8. Claimant reserves the right to amend or supplement this claim from time to time hereafter as it may deem necessary and proper.

  9. All notices and distributions in respect of this claim should be forwarded to:

Panasonic Automotive Systems Company of America
776 Hwy 74 South
Peachtree City, Georgia 30269
Attn. Laurence Roach, Esq.

With a copy to:

Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
Attn.: David M. Hillman, Esq. and James T. Bentley, Esq.

  10. This proof of claim is filed under compulsion of the bar date set in this case and is filed to protect Claimant from forfeiture of its claim by reason of said bar date. Filing of this proof of claim is not and should not be construed to be: (a) a waiver or release of the Claimant's rights against any other entity or person liable for all or part of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings

10195345.4    2

DELPHI AUTOMOTIVE SYSTEMS LLC
05-44640 (RDD)
Addendum to Proof of Claim

commenced with respect thereto, or any other proceedings commenced in this case against or otherwise involving the Claimant; (c) a waiver of any right to the subordination, in favor of Claimant, of indebtedness or liens held by creditors of the Debtor or affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Claimant.

11. The Claimant reserves the right to amend, modify, or supplement this Proof of Claim, including without limitation, its right: (a) to specify (and quantify) costs, expenses, and other charges or claims incurred by or owed to the Claimant, (b) to file any separate or additional proof(s) of claim with respect to the claim set forth herein or otherwise (which proof(s) of claim, if so filed, shall not be deemed to supersede this proof of claim); (c) to amend, modify or supplement this proof of claim in any respect, including with respect to the filing of an additional or amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein; (d) to file additional proofs of claim in respect of additional claims or for any other reason; and (e) against third parties, including without limitation, any affiliates of the Debtor.

Dated: July 28, 2006

> PANASONIC AUTOMOTIVE SYSTEMS COMPANY OF
> AMERICA, DIVISION OF PANASONIC
> CORPORATION OF NORTH AMERICA
>
> By: _____
> Title: President

10195345.4                              3