UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
    In re                           :        Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,            :        Case No. 05-44481 (RDD)
                                          :
                Debtors.            :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING (I) EQUITY CLAIMS, (II) CLAIMS DUPLICATIVE
OF CONSOLIDATED TRUSTEE OR AGENT CLAIMS, AND (III) DUPLICATE AND
<u>AMENDED CLAIMS IDENTIFIED IN SECOND OMNIBUS CLAIMS OBJECTION</u>

("SECOND OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Debtors' Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C.

§ 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Equity Claims, (ii) Claims Duplicative Of

Consolidated Trustee Or Agent Claims, And (iii) Duplicate And Amended Claims, dated

October 31, 2006 (the "Second Omnibus Claims Objection"), of Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"); and upon the record of the hearing held on the Second Omnibus

Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing

therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.       Each holder of a claim (each, a "Claim") listed on Exhibits A-1, A-2, B,

and C attached hereto was properly and timely served with a copy of the Second Omnibus

Claims Objection, a personalized Notice Of Objection To Claim, the proposed order, and a

notice of the deadline for responding to the Second Omnibus Claims Objection.  No other or

further notice of the Second Omnibus Claims Objection is necessary.

B.       The Court has jurisdiction over the Second Omnibus Claims Objection

pursuant to 28 U.S.C. §§ 157 and 1334.  The Second Omnibus Claims Objection is a core

proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Second Omnibus Claims

Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.       The Claims listed on Exhibit A-1 hereto were filed by holders of Delphi

Corporation common stock solely on account of their stock holdings ("Equity Claims").

D.       The Claims listed on Exhibit A-2 hereto were filed by holders of Delphi

Corporation common stock solely on account of their stock holdings or, in the alternative, were

untimely pursuant to the Bar Date Order ("Untimely Equity Claims").

E.       The Claims listed on Exhibit B hereto (i) were filed by individual

noteholders or trust preferred security holders ("Individual Holder Claims") and are duplicative

of the consolidated proof of claim filed on their behalf by Law Debenture Trust Company of

New York or Wilmington Trust Company, as appropriate, or (ii) were filed by individual lenders

under the prepetition credit facility ("Individual Lender Claims") and are duplicative of the

---

[1]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein
shall have the meanings ascribed to them in the Second Omnibus Claims Objection.

2

liabilities in the master proof of claim filed by JPMorgan Chase Bank, N.A. on behalf of itself

and each of the prepetition secured lenders.

F.        The Claims listed on Exhibit C hereto under the column heading "Claim

To Be Expunged" are either duplicates of Claims filed with the Court or have been amended or

superseded by later-filed Claims.

G.        The relief requested in the Second Omnibus Claims Objection is in the

best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.        Each Equity Claim listed on Exhibit A-1 hereto is hereby reclassified as an

interest, and is disallowed and expunged as a claim in its entirety.

2.        Each Untimely Equity Claim listed on Exhibit A-2 hereto is hereby

reclassified as an interest, and is disallowed and expunged as a claim in its entirety.

3.        Each Individual Holder Claim and Individual Lender Claim listed as a

"Claim To Be Expunged" on Exhibit B hereto is hereby disallowed and expunged in its entirety.

Those Claims identified on Exhibit B as "Surviving Claims" shall remain on the Debtors' claims

register, but shall remain subject to future objection by the Debtors and other parties in interest.

4.        Each "Claim To Be Expunged" listed on Exhibit C hereto is hereby

disallowed and expunged in its entirety.  Those Claims identified on Exhibit C as "Surviving

Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection

by the Debtors and other parties in interest.

5.        The hearing with respect to each Claim listed on Exhibit D hereto shall be

adjourned to the date set forth on Exhibit D with respect to such Claim; provided, however, that

such adjournment shall be without prejudice to the Debtors' right to assert that any such

Responses were untimely or otherwise deficient under the Amended Eighth Supplemental Order

Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And

Administrative Procedures, entered on October 26, 2006 (Docket No. 5418).  The Debtors shall

be entitled to file a reply in support of the Second Omnibus Claims Objection with respect to

such Claims on or prior to 4:00 p.m. (prevailing Eastern time) on the day before the date of the

hearing with respect to such Claim.

6.      Entry of this order is without prejudice to the Debtors' right to object to

any other claims in these chapter 11 cases, or to further object to claims that are the subject of the

Second Omnibus Claims Objection, on any grounds whatsoever; provided, however, that solely

to the extent that (a) a claimant filed duplicative claims against different Debtors for the same

asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's

Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors

shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the

"Surviving Claim") disallowed and expunged solely on the basis that such Surviving Claim is

asserted against the incorrect Debtor, provided that one of the Multiple Debtor Duplicative

Claims was originally filed against the correct Debtor.  For the avoidance of doubt, except as

expressly provided in the preceding sentence, the Surviving Claims shall remain subject to

further objection on any grounds whatsoever, including, without limitation, that any such

Surviving Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple

Debtor Duplicative Claim against the correct Debtor.  Nothing contained herein shall restrict the

Debtors from objecting to any Surviving Claim or any holder of a Surviving Claim from seeking

4

relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors

against which such Surviving Claim is asserted.

        7.      With respect to proof of claim number 2246 ("POC 2246") filed by Alps

Automotive, Inc. ("Alps Automotive"), Delphi Automotive Systems LLC is the legally obligated

Debtor party under the purchase orders referenced in the attachments to POC 2246 against

Delphi Automotive Systems LLC, except with respect to purchase orders issued by Delphi

Connection Systems or Delphi Mechatronic Systems, Inc. (as to which no determination is made

as to liability), to the extent that any of the Debtors herein is liable therefor.  The amount due

Alps Automotive under the purchase orders remains subject to further reconciliation.

        8.      To the extent that it is ultimately determined that more than one Debtor

has liability with respect to any asserted obligation contained in the Surviving Claim of Android

Industries, LLC ("Android"), entry of this order is without prejudice to Android's right to reassert

the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors.

        9.      To the extent that it is ultimately determined that more than one Debtor

has liability with respect to any asserted obligation contained in the Surviving Claim of L&W

Engineering Company ("L&W"), entry of this order is without prejudice to L&W's right to

reassert the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or

Debtors.

        10.     To the extent that it is ultimately determined that more than one Debtor

has liability with respect to any asserted obligation contained in the Surviving Claim of Omega

Tool Corporation ("Omega"), entry of this order is without prejudice to Omega's right to reassert

the relevant Multiple Debtor Duplicative Claim or Claims against such other Debtor or Debtors.

11.    To the extent that it is ultimately determined that more than one Debtor

has liability with respect to any asserted obligation contained in the Surviving Claim of Tesa AG

("Tesa"), entry of this order is without prejudice to Tesa right to reassert the relevant Multiple

Debtor Duplicative Claim or Claims against such other Debtor or Debtors.

12.    Ultratech has asserted claims number 12209, 12216, and

12217 (collectively, the "Ultratech Claims") against certain of the Debtors.  Notwithstanding

entry of this order, Ultratech may assert its surviving claim number 12216 against each of Delphi

Automotive Systems LLC, Delphi Corporation, and Delphi Electronics (Holdings) LLC, to the

extent that any of such Debtors is liable with respect to the Ultratech Claims.

13.    Claim No. 12924 of Umicore Autocat Canada Corp. ("Umicore") filed

with respect to Delphi Automotive Systems LLC is deemed amended and supplemented to

include Umicore Claim No. 12923 filed with respect to Delphi Corporation such that resolution

of Claim No. 12924 as amended and supplemented and the  Debtors' Third Omnibus Claims

Objection dated October 31, 2006 ( the "Third Omnibus Claims Objection") shall resolve both

Umicore's Claim No. 12924 with respect to Delphi Automotive Systems LLC and the claim set

forth as Claim No. 12923 with respect to Delphi Corporation.  To the extent that it is ultimately

determined that more than one Debtor has liability with respect to any asserted obligation

contained in Umicore's Claim No. 12924 as amended and supplemented, entry of this order is

without prejudice to Umicore's right to assert Claim No. 12924 as amended and supplemented as

claims against Delphi Automotive Systems LLC and Delphi Corporation.

14.    Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any claim asserted against any of the Debtors.

6

15.    This Court shall retain jurisdiction over the Debtors and the holders of

Claims subject to the Second Omnibus Claims Objection to hear and determine all matters

arising from the implementation of this order.

16.    Each Claim and the objections by the Debtors to each Claim addressed in

the Second Omnibus Claims Objection and set forth on Exhibits A-1, A-2, B, C, and D hereto

constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order

shall be deemed a separate order with respect to each Claim.  Any stay of this order shall apply

only to the contested matter which involves such Claim and shall not act to stay the applicability

or finality of this order with respect to the other contested matters covered hereby.

17.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Second Omnibus Claims

Objection.

18.    Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby

directed to serve this order, including exhibits, only on the master service list and the 2002 list.

The Claims Agent is hereby further directed to serve all claimants whose proofs of claim are the

subject of this order with (i) a copy of this order, without exhibits, and (ii) a personalized Notice

Of Entry Of Order, in the form attached hereto as Exhibit E, specifically identifying the

Claimant's proof of claim that is subject to the order, the Court's treatment of such proof of claim,

and the basis for such treatment, and advising the Claimant of its ability to view the order with

exhibits free of charge on the Debtors' Legal Information Website.

Dated: New York, New York
        December 21, 2006

                    ___/s/Robert D. Drain_____
                    UNITED STATES BANKRUPTCY JUDGE