UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :

      In re                                 :         Chapter 11
                                                :
DELPHI CORPORATION, et al.,       :         Case No. 05-44481 (RDD)
                                                :
                      Debtors.     :         (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 105(a) AND FED. R. BANKR. P.
2016(a) AUTHORIZING ADVANCEMENT OF DEFENSE
COSTS UNDER DEBTORS' INSURANCE POLICIES

("INSURANCE PROCEEDS DEFENSE COSTS ORDER")

Upon the Motion Of Certain Former Employees Of Debtor For Limited Relief From The Automatic Stay, To The Extent Applicable, To Pay And/Or Advance Defense Costs Under The Debtors' Insurance Policies (the "Insurance Motion") (Docket No. 5360), dated October 18, 2006; and upon the response and limited objection to the Insurance Motion, dated November 22, 2006 (the "Debtors' Response") by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") (Docket No. 5778); and upon the limited response of lead plaintiffs in the pending multidistrict litigation, dated November 22, 2006 (Docket No. 5633); and upon the objection of the Official Committee of Equity Security Holders dated November 22, 2006 (Docket No. 5750); and upon the record of the hearing held on the Insurance Motion; and this Court having determined that a partial grant of the relief requested in the Insurance Motion, as set forth fully below, is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Insurance Motion has

been given and that no other or further notice is necessary; and upon finding that a sufficient showing of subject matter jurisdiction over the insurance policies, as defined below, has been made to enter this provisional order without prejudice to any party's right to address or contest, at a later time, subject to Paragraph 2.e. below, the issue of whether any proceeds of the policies should be deemed property of the Debtors' estates; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Insurance Motion is GRANTED in part, pursuant to 11 U.S.C. § 362(d) (to the extent it may apply) or otherwise pursuant to 11 U.S.C. § 105(a), only to the extent expressly set forth herein and is otherwise DENIED.

2. The Movants and other similarly situated insureds are hereby authorized to seek advancement from the proceeds of insurance policies No. 931-88-56 (the "D&O Policy") and No. 931-88-61 (the "Fiduciary Policy") (together, the "Policies") issued to the Debtors by National Union Fire Insurance Company of Pittsburgh, Pa. (the "Insurer"), and the Insurer is hereby permitted, but not required, to grant advancements (the "Advancements") for "Defense Costs," as defined by the terms of the Policies, actually and reasonably incurred in connection with any Claim entitled to coverage under the terms of the Policies, including, but not limited to, Claims in connection with the pending shareholder class action suits, ERISA class action suits, the investigation and any subsequent legal proceeding by the Department of Justice, and/or the investigation and enforcement action commenced by the Securities and Exchange Commission referenced in the Insurance Motion and the Debtors' Response. Advancements made pursuant to the terms of this Order shall be subject to the following terms and conditions:

        a.    any Advancements by the Insurer shall not modify, amend, abridge, or compromise any term, condition, limitation, or right (including any right to alternative dispute resolution), either express or implied by operation of law, contained in the D&O Policy or the Fiduciary Policy.  Subject to paragraph 2.e. below, all disputes between the parties about such matters, if any, and as appropriate, shall be addressed at a later date;

        b.    any Advancements by the Insurer under the terms of this Order shall not modify, amend, abridge, compromise, or deprive any interested party of any right, protection, burden, obligation, or duty otherwise applicable or available under the Bankruptcy Code, or any other federal, state, local, or common law, statute, regulation, or ordinance.  Subject to paragraph 2.e. below, all disputes between the parties about such matters, if any, and as appropriate, shall be addressed at a later date;

        c.    from the date of the entry of this Order, during the pendency of these chapter 11 cases, and pursuant to the authority and discretion granted to this Court by section 105 of the Bankruptcy Code and Bankruptcy Rule 2016(a), the Movants (and any other similarly situated insureds who receive any advancements under the Policies) shall ensure that reports are submitted to the Debtors and the Official Committee of Unsecured Creditors setting forth the amounts (if any) actually disbursed from the Policies, not less frequently than the tenth day following the close of every calendar month (the "Periodic Reports");

        d.    all Advancements of defense costs by the Insurer under the terms of this Order shall be capped at an aggregate amount of $5,000,000, without prejudice to the rights of the Movants, the Debtors, or any other parties-in-interest to seek or oppose additional advancements if and when this aggregate amount has been expended; and

    e.  subject to Paragraph 8 of the D&O Policy, and paragraph 2(c) of the Fiduciary Policy, any Advancements of defense costs by the Insurer at or within the $5,000,000 aggregate cap shall not be subject to challenge by the Debtors, their estates, their creditors, or other parties-in-interest to this bankruptcy proceeding on any grounds including, but not limited to, any challenge that Advancements improperly dissipated assets of the Debtors' estates, were in violation of the automatic stay, or were not reasonable and necessary within the meaning of the Policies.

    3.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and performance of this Order.

    4.  This Order is entered without prejudice to any party-in-interest's position regarding whether the proceeds of the policies constitute property of the Debtors' estates, and all parties-in-interest reserve their rights with respect to that issue. All disputes between the parties about such matters, if any, and as appropriate, shall be addressed at a later date. Nothing in this Order shall be deemed to represent an adjudication of (or to have <u>res judicata</u> or precedential value concerning) the question of whether the proceeds of the policies are property of the Debtors' estates subject to 11 U.S.C. § 362(a).

    5.  The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Insurance Motion.

Dated: New York, New York
   December 21, 2006

            /s/Robert D. Drain
            UNITED STATES BANKRUPTCY JUDGE