UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Delphis. | (Jointly Administered) |
| | Hearing Date: N/A<br>Hearing Time: N/A |

**STATEMENT OF POSITION RELATED TO EXECUTORY SUPPLY
CONTRACT FILED BY ON SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C**

This "Statement of Position" is filed by ON Semiconductor Components Industries LLC, ("ON"), a supplier of electronic components to Delphi Corporation and its related entities (collectively, "Delphi") that are the Chapter 11 debtors in this Court. This Statement of Position incorporates all documents that ON has filed in this case, including, but not limited to, the documents filed in support of its proof of claim (Claim Number 11566), the documents that ON filed in support of its Reclamation Claim (Reclamation Claim Number 520), and the documents and communications that ON delivered to Delphi and its counsel that relate to this Statement of Position.

ON is a long-time supplier of the Delphi having supplied the Delphi with electronic and computer-based components since about its spin-off from General Motors in January 1999. In the year immediately prior to the Delphi's bankruptcy filing alone, ON supplied the Delphi with electronic and computer components at the rate of $130,000 per day. As of Delphi's bankruptcy filing date of October 8, 2005 (the "Filing Date"), ON held a pre-petition claim (the "Claim") of $5,764 040, which includes ON's Reclamation Claim of

approximately $1,800,000.  Through its claim objections pleadings, Delphi has acknowledged that the amount of the Claim is not less than $5, 744, 948 (See Docket Entry # 5452 ).

The contractual relationship between ON and the Delphi is governed by several documents, purchase orders, email communications, and other documents collectively referred to as the "<u>Contract</u>".  The Contract constitutes an executory contract that the Delphi must assume or reject under Bankruptcy Code §§365(b) and (d)(2).  Although not specifically stated in the Contract, the Delphi and ON have operated under the agreed upon assumption and understanding that the Contract is subject to extensions for additional one year terms.  The presently existing Contract, which, in fact, was extended just prior to the Filing Date, expires on December 31, 2006 ---- unless it is further extended by ON or by Delphi.

Delphi has informed ON that it wishes to extend the Contract for an additional one year term through December 31, 2007.   ON has no objection to the extension of the Contract, if Delphi first assumes the Contract, and then makes the cure payment that Bankruptcy Code §365(b) requires it to make in the amount of the Claim.  Delphi's announced "transition plan" appears to show that Delphi will continue to rely upon ON as an important supplier, and that Delphi will continue to rely upon ON through at least December 31, 2007, which date will far exceed the deadline the Bankruptcy Code imposes upon Delphi to assume or reject the Contract. Despite these apparent facts, Delphi  has not been willing to assume the Contract.

In fact, through a contractual clause referred to as "Clause 181", Delphi has reserved its rights to reject the Contract --- even after it has extended the Contract and even after it has insisted that ON commit to providing continued and interrupted performance under the

Contract as extended through December 31, 2007, which again, is well past the deadline for Delphi to assume or reject the Contract. A copy of Clause 181 is attached as Exhibit "A".

ON does not believe that it can or should be compelled to perform during the extension period (January 1, 2007 through December 31, 2007) without assurances from Delphi that the Contract will be assumed and that the cure amount will be paid. On the other-hand, ON does not wish to disrupt Delphi's supply chain either, especially given the longstanding relationship between ON and Delphi that appears will continue as part of Delphi's transition plan. Further, ON does not wish to pile onto the already complicated circumstances that Delphi is facing in its valiant efforts to reorganize.

Nevertheless, since Delphi has reserved its rights under Clause 181, ON is compelled to follow suit to reserve its own rights and remedies ---- hoping that the parties can reach an amicable business solution to the "rights" each of them has reserved without asking this Court to resolve those conflicting rights for them. Accordingly, without limitation of any kind, in response to Clause 181 and otherwise, ON specifically reserves the following rights and remedies against Delphi, its successors and assigns, and its bankruptcy estate (substantively consolidated or otherwise):

1.  The right to assert that Delphi cannot extend the present Contract without assuming the Contract first, and then by making the cure payments that the Bankruptcy Code requires or that the parties otherwise agree upon;

2.  The right to contend that Delphi has already assumed the Contract by extending the Contract and /or that Delphi is estopped from seeking to reject the Contract in the future;

   3. The right to demand that Delphi immediately pay to ON the assumption cure payment of $5, 764,040 or at least $5,744,948, which is the amount that Delphi contends is the amount of the Claim, and therefore the amount of the cure payments due upon assumption of the Contract;

   4. The right to file a motion to compel Delphi to assume the Contract and to make the cure payments the Bankruptcy Code requires it to make;

   5. The right to contend that Delphi cannot compel ON's continuing performance under the Contract after December 31, 2006 unless it assumes the Contract and makes the cure payment;

   6. The right to assert that Clause 181 confirms Delphi's position that the Contract remains a pre-petition contract that Delphi must assume or reject despite Delphi's extension of the Contract; and

   8. All other rights and remedies set forth in the Contract and under applicable Bankruptcy law.

   As early as September 2006, ON attempted to engage Delphi in negotiations related to the Contract, including the amount and timing of cure payments if Delphi assumed the Contract. In this context, ON was even willing to discuss providing Delphi with going forward price discounts, and more favorable payment terms through the Contract extension period of January 1, 2007 through December 31, 2007. As such, ON was willing to discuss assumption terms and conditions that were friendly to Delphi -- and less stringent than the assumption terms that the Bankruptcy Code itself provides. It remains unclear why Delphi did not respond to these flexible proposals, especially since its transition plan foreshadows a continuing and perhaps growing business relationship between the parties--- and certainly a

relationship beyond December 31, 2007 and beyond the deadline to assume or reject the Contract that the Bankruptcy Code imposes.    Of course,  ON  remains willing to discuss all issues with Delphi related to the Contract and otherwise.    In the meantime,  ON has decided that it  will continue to provide  Delphi with an uninterrupted flow of goods and services at least for the foreseeable future as Delphi has requested subject to the foregoing reservation of rights and remedies.

Dated: this 28th day of December, 2006            Respectfully submitted,

Quarles & Brady Streich Lang LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
602.229.5200
John J. Dawson, New York Bar No. 478197
John A. Harris, Arizona Bar No. 014459
Scott Goldberg, Arizona Bar No. 015082


By: /s/ Scott Goldberg
Attorneys for Semiconductor Components Industries, L.L.C., a subsidiary of ON Semiconductor Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing "Statement Of Position And Reservation Of Rights Of Semiconductor Components Industries, L.L.C Regarding Supplier Agreement Assumption Procedures Motion" was filed electronically this 28th day of December, 2006 and the foregoing was sent via e-mail to the following parties:

Kayalyn A. Marafioti, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
Four Times Square
New York, NY 10036
E-mail: kmarafio@skaden.com

Randy Reese, Esq.
John Wm. Butler, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
E-mail: jbutler@skadden.com

Mark A. Broude, Esq.
Robert J. Rosenberg, Esq.
LATHAM & WATKINS
885 Third Avenue
New York, NY 10022-4802
E-mail: mark.broude@lw.com
robert.rosenberg@lw.com

/s/ Linnea Mahoney