Hearing Date and Time: January 11, 2007 at 10 a.m.
Objection Deadline: January 2, 2007 at 4:00 p.m.

Barbara S. Mehlsack, (BM1390)
GORLICK, KRAVITZ & LISTHAUS, P.C.
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

Richard Griffin, General Counsel
INTERNATIONAL UNION OF OPERATING ENGINEERS
1125 - 17th Avenue, N.W.
Washington, D.C. 20036
(202) 429-9100
rgriffin@iuoe.org.

Attorneys for the International
Union of Operating Engineers Local Union
Nos. 18S,101S, and 832S

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et.al | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**PRELIMINARY OBJECTION AND RESPONSE OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION NOS. 18S, 101S AND 832S TO EXPEDITED MOTION FOR ORDER AUTHORIZING AND APPROVING THE EQUITY PURCHASE AND COMMMITMENT AGREEMENT PURSUANT TO SECTIONS 105(a), 503(b)and 507(a) OF THE BANKRUPTCY CODE AND THE PLAN FRAMEWORK SUPPORT AGREEMENT PURSUANT TO SECTIONS 105(a), 363(b) AND 1125(e) OF THE BANKRUPTCY CODE**

The International Union of Operating Engineers ("IUOE") Local Union Nos. 18S, 101S and 832S ("IUOE Locals"), by their undersigned counsel, hereby file this Preliminary Objection to the Expedited Motion for Order Authorizing and Approving the Equity Purchase and Commitment Agreement ("EPCA") pursuant to Sections 1015(a) 363(b), 503(b) and 507(a) of the Bankruptcy Code and the Plan Framework Support Agreement ("PSA") pursuant to Sections 105(a), 363(b) and 1125 (e). The IUOE Locals are making this Preliminary Objection because of the short turn around time that Delphi has fixed for this motion, to protect the claims of their members and their rights under their collective bargaining agreements, as the terms of the EPCA and the PSA and the rights afforded the Investors thereunder will have a substantial impact upon employee claims and the Section 1113 and 1114 proceedings. The IUOE Locals reserve the right to file supplemental objections. In support of their objections, the IUOE Locals respectfully state as follows:

## BACKGROUND

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and forty one of its subsidiaries and affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. The IUOE Locals represent some 21 employees in three facilities of Delphi, located in Rochester, New York, Olathe, Kansas and Columbus, Ohio. On March 31, 2006, prior to engaging in negotiations with the IUOE Locals, Delphi moved under Sections 1113 and 1114 of the Bankruptcy Code to reject the Debtor's collective bargaining agreements with IUOE Locals 18S and 832S and to modify the benefits of retirees, present and future, represented by the IUOE Locals. At the same time the Debtor also filed motions to reject the collective bargaining agreements of its so

called "major unions, the UAW, the IUE-CWA and the USW, as well as of two other smaller unions, the IBEW and the IAM.

3. Over the course of the ensuing months, Delphi negotiated stand alone attrition Agreements with its major unions, including special retirement programs and buy outs, and in the case of the UAW and the IUE-CWA obtained Court approval for and implemented those agreements. Pursuant to these agreements, a substantial portion of the Debtor's work force has opted to retire or otherwise voluntarily leave Delphi's work force.

4. To date, Delphi has refused to negotiate stand alone attrition programs with the IUOE Locals and has insisted as the condition for offering such programs that the IUOE Locals accept a freeze of the Hourly Pension Plan and significant reductions in retiree health and life insurance benefits as well as agree to accept such contractual modifications as may be negotiated or imposed upon the major unions.

5. As a result of the spin off of Delphi from GM in 1999, Delphi bears legacy liabilities relating to pension and other post employment benefits. At the time of the spin off, GM assumed certain obligations in connection with those liabilities vis-a-vis the employees represented by its major unions. To date, GM has not recognized that it has any such obligations to the employees and retirees represented by the IUOE Locals.

**OBJECTIONS**

6. The IUOE Locals have not been involved with the EPCA or the PSA in any respect and are compelled to respond to the Motion in an artificially foreshortened time frame with limited information.

7. Under the terms of the EPCA, Delphi has agreed to pay: a) $76 million in Commitment fees; b) $13 million in Transaction Expenses incurred prior to December 1, 2006 immediately upon entry of the Initial Approval Order; and c) Transaction Expenses incurred by any Investor after that date without Bankruptcy Court or other independent review and regardless of whether the transactions contemplated by the EPCA are consummated. The payment of the fees and expenses is justified solely on the bare bones recital that the Investors would not otherwise have entered into the terms of the EPCA.

8. Also under the terms of the EPCA, Delphi is liable to the Plan Investors for a break up fee of $100 million if the EPCA is terminated under certain circumstances, including as a result of any "transaction" that is inconsistent with the EPCA, the PSA and other agreements or the plan of reorganization, including conduct by GM that may constitute such a "transaction," and if an alternate transaction is entered into as much as 24 months after the termination,

9. The Plan Investors' obligation to consummate the transactions contemplated by the EPCA are conditioned upon: the Debtor reaching consensual agreements with its "major" labor unions by January 31 2007, including on terms and conditions affecting plant closings, asset dispositions and resolution of union claims, that must be approved of by Investors ADAH and Dolce in their sole discretion. In view of the Debtor's insistence on "pattern bargaining" with the IUOE Locals, seeking to bind them to the terms of the major unions contracts, for all practical purposes the fate of the IUOE Locals' agreements are in the hands of the Plan Investors.

10. The PSA provides for a cap on unsecured and trade claims of $1.7 billion dollars and proposes to satisfy those claims with $810 million of common stock at a deemed value of $45 per share while providing that the holders of equity securities have the right to purchase 56.7 million

shares of common stock at a deemed exercise price of $35 per share.

11.     The EPCA may be terminated by the Plan Investors if Delphi has not reached a consensual agreement with GM by January 31, 2007 and GM may terminate any support agreement on or after April 1, 2007. The PSA recites that Delphi and GM intend to negotiate but have not reached agreement concerning GM's participation regarding hourly employees postretirement health and life insurance benefits, funding of Delphi's under funded pension obligations, including transfer to GM of certain obligations, payment of retirement incentives and buyout costs under current and future attrition programs, payment of certain labor costs for Delphi employees, the wind down of certain Delphi facilities and sale of Delphi business lines, all of which the IUOE Locals estimate are likely to have a material impact upon the employees represented by the IUOE locals and as to which the IUOE Locals reserve the right to file supplemental objections based upon their treatment.

12.     The PSA provides that Delphi will do a spin off of plan assets and liabilities without regard to Delphi's collective bargaining obligations regarding the Pension Plan for Hourly Employees. Furthermore, for several months, the IUOE Locals have sought to negotiate with Delphi a spin off of assets and liabilities attributable to IUOE represented plan participants to a well funded multiemployer plan and have been stone walled by the Debtor.

13.     The PSA provides that all employee related obligations are flow through claims that will be unimpaired but excludes collective bargaining related employee claims from flow through status.

WHEREFORE, the IUOE Locals respectfully request that the Court deny the Motion as currently proposed and grant such other and further relief as is just and proper.

Dated:    New York, NY
December 29, 2006

                                      Respectfully submitted,

                                      /s/ Barbara S. Mehlsack

Barbara S. Mehlsack (BM 1390)
GORLICK, KRAVITZ & LISTHAUS, P.C.
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

Richard Griffin, IUOE General Counsel
INTERNATIONAL UNION OF
OPERATING ENGINEERS
1125 - 17th Avenue, N.W.
Washington, D.C. 20036
(202) 429-9100
rgriffin@iuoe.org

Attorneys for the International
Union of Operating Engineers Local Union.
Nos. 18S, 101S, and 832S