Marianne Goldstein Robbins
Jill M. Hartley
Previant, Goldberg, Uelmen,
 Gratz, Miller, & Brueggeman, s.c.
1555 N. RiverCenter Drive - Suite 202
Milwaukee, WI    53212
Telephone:    (414)  271-4500
Facsimile:    (414)  271-6308

Attorneys for IBEW Local 663 and
IAMAW District 10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**PRELIMINARY OBJECTION OF THE IBEW AND IAMAW TO MOTION FOR ORDER AUTHORIZING AND APPROVING THE EQUITY PURCHASE AND COMMITMENT AGREEMENT PURSUANT TO SECTION 105(a), 363(b), 503(b) and 507(a) OF THE BANKRUPTCY CODE AND THE PLAN FRAMEWORK SUPPORT AGREEMENT PURSUANT TO SECTIONS 105(a), 363(b) and 1125(e) OF THE BANKRUPTCY CODE**.

NOW COME the International Brotherhood of Electrical Works Local 663 ("IBEW") and International Association of Machinists and Aerospace Workers District 10 ("IAM"), by their attorneys Marianne Goldstein Robbins and Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C., and enter a preliminary objection to the expedited Motion for Order Authorizing and Approving the Equity Purchase and Commitment Agreement pursuant to 105(a), 363(b), 503(b) and 507(a) of the Bankrutcy Code and the Plan Framework Support Agreement pursuant to Sections 105(a), 363(b) and 1125(e) of the Bankruptcy Code ("Motion"). In support of this Preliminary Objection, the IBEW and IAM

1

state as follows:

## SUMMARY OF RELIEF REQUESTED

1. The IBEW and IAM do not oppose the introduction of new equity through an appropriate equity purchase agreement. However, after preliminary review of the proposed equity purchase and commitment agreement ("EPCA") and the Plan Framework Support Agreement ("PSA"), the IBEW and IAM submit this preliminary objection because the EPCA and PSA as drafted inappropriately interfere with Sections 1113/1114 negotiations. In addition, the agreements, in their present form, inappropriately predetermine the plan of reorganization to the detriment of employees represented by the IBEW and IAM in comparison to unrepresented employees, while providing exorbitant fees to Plan Investors, and specified recoveries to, without specified commitment by General Motors ("GM").

## BACKGROUND

2. On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates ("Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. Sections 101-1330.

3. On March 31, 2006, Debtors filed a Motion for Relief under Sections 1113 and 1114 of the Bankruptcy Code, seeking rejection of the collective bargaining agreements of six unions, including the IBEW and IAM. The IBEW and IAM filed timely objections to Debtors' Motions on April 20, 2006. On August 10, 2006, after Debtors presented their case, the IBEW and IAM filed a Motion for Judgment on Partial Findings pursuant to Rule 7052 (c) which remains pending.

4.  Debtors have negotiated stand alone attrition agreements for UAW and IUE-CWA represented employees which have been approved by this Court and implemented.

5.  While UAW represented employees at the Oak Creek facility have been able to utilize the UAW attrition agreement to retire or otherwise voluntarily leave the Oak Creek plant, which is scheduled to close under Debtors' restructuring plan, Debtors have been unwilling to negotiate a similar attrition plan for employees represented by the IBEW and IAM at the same plant.

6.  Debtors have insisted that any agreement covering IBEW and IAM employees include agreements to be bound by future negotiated concessions between the UAW and Debtors, notwithstanding that such provisions have not been negotiated.

7.  While Debtors insist on UAW patterned agreements, neither Debtors nor General Motors have recognized the entitlement of IBEW and IAM represented employees to a benefit guaranty based upon their employment with General Motors prior to the spinoff in 1999, nor have they provided alternate protection to IBEW and IAM represented employees, who will shortly lose their employment.

**PRELIMINARY OBJECTIONS**

8.  The ECPA provides for Commitment Fees of $76 million, $21million to be paid for undertaking relative to preferred shares and $55,125,000 to be paid for the undertaking relative to other commitments. In addition, the ECPA provides for an Alternative Transaction Fee of $100,000,000. These fees are exorbitant and utilize resources which could otherwise be funding Debtors' contractual obligations to its employees.

9. The Alternate Transaction Fee will also prevent appropriate the consideration of alternate sources of equity which may prove less expensive. From the filings of objecting parties, it appears that there are alternative sources of equity which should be considered before exorbitant fees are incurred.

10. The EPCA provides that any agreements entered by the Debtors, with the UAW, IUE-CWA and USW are subject to approval to be the signatory Investors. Since Debtors have insisted that the IBEW and IAM agree to provisions negotiated with the UAW, this provision transfers authority for negotiating agreements between Debtors and the IBEW and IAM to the UAW and the Investors, in violation of the provisions of Section 1113/1114 of the Bankruptcy Code which provide for negotiations between Debtors and the Unions representing employees and retirees.

11. The ECPA and PSA together require Debtor support a Plan or reorganization which discriminates between employee related obligations to non-represented employees and employee obligations pursuant to collective bargaining agreements. (Section 6.4) While all other employee related obligations are identified as "Flow Through Claims", which will be unimpaired, excluded from these unimpaired claims are collective bargaining related obligations.

12. While the ECPA and SPA require Debtors support of specified recoveries for GM, there is no similarly specific commitment by GM to provide benefit guarantees or soft landing to its former employees, notwithstanding Debtors' claims against GM.

13. In addition, the PSA defines what general unsecured creditors will receive. Such claims are to be limited to $1.7 billion; $810 million is to be satisfied by common stock at a predetermined value. (Section 6.3) At the same time, the amount of general unsecured claims has not been determined and may include claims of union

represented employees and retirees.

## CONCLUSION

For the foregoing reasons, the IBEW and IAM file this Preliminary Objection. The IBEW and IAM reserve the right to file supplemental objections upon further review and investigation of the expedited Motion.

Dated: January 2, 2007.

/s/ Marianne Goldstein Robbins
Marianne Goldstein Robbins
Jill Hartley
Previant, Goldberg, Uelmen, Gratz, Miller
& Brueggeman, S.C.
1555 N. RiverCenter Drive - Suite 202
P.O. Box 12993
Milwaukee, WI   53212
Telephone: (414) 271-4500
Facisimle: (414) 271-6308
mgr@previant.com

Attorneys for IBEW and IAM

*@PFDesktop\:: ODMA/WORLDOX/G:/DOCS/ELE663/71259/M0179696.WPD*