**Hearing Date and Time: January 12, 2007 at 10:00 a.m.**
**Supplemental Response Date and Time: January 10, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                        :
        In re                       :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,      :       Case No. 05-44481 (RDD)
                                          :
                                          :       (Jointly Administered)
               Debtors.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  - - x

DEBTORS' SUPPLEMENTAL REPLY TO THE RESPONSE OF LAFONZA
WASHINGTON TO THE DEBTORS' (I) THIRD OMNIBUS OBJECTION
(SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P.
3007 TO CERTAIN (a) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (b)
CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (c)
CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE
<u>CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit its Supplemental Reply to the Response of Lafonza Washington to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (this "Supplemental Reply"), and respectfully represent as follows:

Preliminary Statement

1.       On October 28, 2005, claimant Lafonza Washington (the "Claimant"), who has no known relationship to any of the Debtors, filed four proofs of claim, claim nos. 257, 264, 288, and 297 (individually, an "October 2005 Proof of Claim" and, collectively, the "October 2005 Proofs of Claim") against the Debtors.  Claim nos. 257 and 264 were filed against Delphi Corporation, and claim nos. 288 and 297 will filed against Delphi Automotive Systems (Holding), Inc.. Each October 2005 Proof of Claim asserts that the Claimant is entitled to a $30 million unsecured priority claim on the basis of, inter alia, involuntary servitude, six years of deprivation of General Motors-related income, and severance pay due to the Claimant based on the July 2, 1999 closing of the Buick City plant owned and operated by General Motors Corporation ("GM").  (Supporting Documents appended to each of Claimant's October 2005 Proof of Claim ¶¶ (v)(a), (vii), and (viii)).  Without providing any calculation or explanation, the amount of the October 2005 Proofs of Claim purports to be comprised of compensation due to the Claimant for worker's compensation benefits, deprivation of certain property rights, and

2

payment of certain fees and expenses incurred by the Claimant over a period of more than 33

years, from June 13, 1973 through the present.

        2.      On December 27, 2005, the Claimant filed three documents purporting to

be proofs of claim, claim nos. 1271, 1272, and 1334 (individually, a "December 2005 Proof of

Claim" and, collectively, the "December 2005 Proofs of Claim" and, together with the October

2005 Proofs of Claim, the "Proofs of Claim").  The December 2005 Proofs of Claim contain

various pleadings previously filed by the Claimant.  None of these documents provide any

rational explanation, documentation, evidence, or support for any of the claims asserted in the

Proofs of Claim.

        3.      On October 31, 2006, the Debtors filed the Debtors' (I) Third Omnibus

Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain

(A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and

Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and

Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus

Claims Objection").  In the Third Omnibus Claims Objection the Debtors objected to, and sought

an order disallowing and expunging, inter alia, each of the Proofs of Claim.  (Docket No. 5452, ¶

19, Ex. C-1).

        4.      On November 27, 2006,[1] the Claimant filed documents with the Court that

the Debtors assume were intended to be a response to the Third Omnibus Claims Objection,

despite such documents neither being styled as such, nor containing the information required to

be included in a proper response (Docket No. 5863) (the "Response"). In the Response, the

---

[1]    The deadline to file a response to the Third Omnibus Claims Objection was November 24, 2006 at 4:00 p.m.
    (Prevailing Eastern Time).  See Third Omnibus Claims Objection, ¶ 46.

Claimant asserts a number of baseless allegations against, <u>inter alia</u>, the Debtors, GM, JPMorgan

Chase Bank, and the UAW, and requests that the Court "strike" the Third Omnibus Claims

Objection.

5.     On December 11, 2006, the Debtors provided the Claimant, and filed with

the Court, a Notice of Hearing With Respect to Debtors Objection to Proof of Claim Nos. 257,

264, 288, 297, 1271, 1272, and 1334 (Docket No. 6110) in which the Debtors provided notice

that Debtors' Third Omnibus Claims Objection with respect to the Proofs of Claim will be heard

at a Sufficiency Hearing on January 12, 2007.

6.     The Debtors respectfully submit that because neither the Claimant nor his

spouse was ever an employee of the Debtors, the Claimant was never and is not now entitled to

any employment-related compensation or severance pay from the Debtors.  The Claimant simply

has not set forth any allegations that, even if true, would establish a claim against the Debtors.

Accordingly, the Third Omnibus Claims Objection should be sustained with respect to the Proofs

of Claim, and the Proofs of Claim should be disallowed and expunged.

<u>Argument</u>

7.     The Claimant asserts that Delphi owes him $30 million[2] because in

September of 1999, after thirty-two years of employment with GM, the Claimant was given the

option to transfer to the Debtors' manufacturing facility in Saginaw, Michigan (the "Saginaw

Facility"). (Supporting Documents appended to the October 2005 Proofs of Claim, ¶¶ (A)(i) and

(v)).  This option to transfer to the Saginaw Facility, which he apparently declined, is the

Claimant's <u>only</u> connection to the Debtors.  However, the mere fact that the Claimant was

---

[2]   Since the filing of the Proofs of Claim, the Claimant has filed numerous documents with the Court asserting that
his claims exceed $1 billion as a result of accrued interest and other asserted claims.  The Claimant has never,
however, amended his Proofs of Claim to assert these larger amounts.

offered a position at the Debtors <u>by GM</u> does not establish a claim against the Debtors because

the Claimant does not assert or offer proof that the Claimant was ever actually an employee of

the Debtors.  Indeed, the Claimant has failed to establish any causal connection between an

apparently unaccepted offer to transfer to the Saginaw Facility and a claim for $30 million.

8.    The Claimant states that he was "hired into the General Motors Corp.

(GM) on 6-13-73 at the age of 18" and "perform[ed] . . . labor for it '<u>32</u>' years after initial hirein

(sic)."  (Id.) (emphasis in original).  The only reference to possible employment by any of the

Debtors that the Claimant asserts is that "GM attempted to force this Claimant to

'<u>INVOLUNTARILY</u>' transfer to Delphi in Saginaw, Michigan, after it permanently closed the

Buick City plant."  (Id., ¶ (A)(v)(b)) (emphasis in original).  However, the Claimant apparently

did not accept the transfer because, to the best of the Debtors' knowledge, the Claimant was

never an employee of any of the Debtors.  Because the Claimant was never an employee of the

Debtors, and because he has failed to assert alternate grounds upon which he could conceivable

base a valid claim, the Debtors assert that they are not, and were not ever, liable to the Claimant.

9.    The burden of proof to establish a claim against an estate rests on the

claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is

not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f) .  <u>In re</u>

<u>WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only

a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial

obligation to file substantiated proof of claim); <u>see also</u> <u>In re Allegheny Intern., Inc.</u>, 954 F.2d

167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to

support claim); <u>In re Chiro Plus, Inc.</u> 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears

initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re</u>

Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C.

May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it

entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524,

527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its

claim to have claim make prima facie case).

10.    The Debtors believe that the standard, at the Sufficiency Hearing stage, for

the Court to determine whether the Claimant has met his initial burden of proof to establish a

claim should be similar to the standard employed by courts in deciding a motion to dismiss under

Federal Rule 12(b)(6) and Bankruptcy Rule 7012.  Pursuant to that standard, a motion to dismiss

should be granted "if it plainly appears that the non-movant 'can prove no set of facts in support

of his claim which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y.

2006) (quoting  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Here, the Claimant has not

proved, and cannot prove, any set of facts that support a right to payment from the Debtors.

11.    Because the only plausible basis for the Claimant to assert a claim rests

entirely on the Claimant's past or present employment with the Debtors, the claimant has not met

his burden of proof, and cannot prove facts supporting his claim, for the simple reason that the

Claimant has not alleged that he was ever employed by the Debtors.  Further, neither the Proofs

of Claim nor the Response assert any other valid basis upon which the Claimant could base a

claim.  Accordingly, the Third Omnibus Claims Objection should be sustained as to the Proofs

of Claim; and the Proofs of Claim should be disallowed and expunged.

### Memorandum of Law

12.    Because the legal points and authorities upon which this Reply relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

6

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

WHEREFORE the Debtors respectfully request the Court enter an order (i)

sustaining the Third Omnibus Claims Objection as to the Proofs of Claim, (ii) disallowing and

expunging the Proofs of Claim, and (iii) granting such further and other relief the Court deems

just and proper.

Dated: New York, New York
         January 2, 2007

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP


                                        By: /s/ John Wm. Butler, Jr.
                                              John Wm. Butler, Jr. (JB 4711)
                                              John K. Lyons (JL 4951)
                                              Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                        - and -


                                        By: /s/ Kayalyn A. Marafioti
                                              Kayalyn A. Marafioti (KM 9632)
                                              Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York  10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                          Debtors and Debtors-in-Possession