**Hearing Date and Time: January 12, 2007 at 10:00 a.m.**
**Supplemental Response Date and Time: January 10, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, <u>et</u> <u>al.</u>,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
   In re                         :   Chapter 11
                                    :
DELPHI CORPORATION, <u>et</u> <u>al.</u>,   :   Case No. 05-44481 (RDD)
                                    :
                                    :   (Jointly Administered)
          Debtors.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' OMNIBUS SUPPLEMENTAL REPLY TO THE RESPONSES OF VICTORIA E.
PEREZ AND WILFRED D. LEONG (AS CUSTODIAN FOR CLIFFORD LEONG) TO THE
DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C.
§ 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT
DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND
RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND
(II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED
<u>CLAIMS PURSUANT TO 11 U.S.C. § 502(c)</u>**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit its Supplemental Reply To The Responses Of Victoria E. Perez And Wilfred D. Leong (As Custodian For Clifford Leong) To The Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated by Debtors' Books and Records, And (c) Claims Subject to Modification And (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Supplemental Reply"), and respectfully represent as follows:

Preliminary Statement

1.  On April 27, 2006, claimant Wilfred D. Leong, as custodian for Clifford Leong under the California Uniform Gifts To Minors Act, ("Leong") filed proof of claim number 2856 (the "Leong Proof of Claim") against Delphi. The Leong Proof of Claim is blank, except for what appears to be Clifford Leong's signature and the date on which he signed the Leong Proof of Claim. The Leong Proof of Claim was filed with no supporting documentation.

2.  On May 9, 2006, claimant Victoria E. Perez ("Perez" and, collectively with Leong, the "Claimants") filed proof of claim number 4321 (the "Perez Proof of Claim" and, collectively with the Leong Proof of Claim, the "Proofs of Claim") against Delphi. With the exception of a handwritten telephone number, social security number, account number, and what appears to be a check in the "amend" box, the Perez Proof of Claim is otherwise blank.[1] No supporting documentation accompanied the Perez Proof of Claim.

---

[1] The Debtors are unable to find an earlier proof of claim filed by, or on behalf, of Perez.

3.  On October 31, 2006, the Debtors filed the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").  In the Third Omnibus Claims Objection the Debtors objected to, and sought an order disallowing and expunging, inter alia, the Proofs of Claim.  Third Omnibus Claims Objection, ¶ 21, Ex. B-1.

4.  On November 21, 2006, Perez filed documents with the Court that the Debtors assume were intended to be a response to the Third Omnibus Claims Objection, despite such documents neither being styled as such, nor containing the information required to be included in a proper response (Docket No. 5935) (the "Perez Response").  In the Perez Response, Perez asserts that she is the owner of 89 shares of Delphi common stock.

5.  On November 25, 2006,[2] the Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, received a letter from Clifford Leong that the Debtors assume was intended to be a response to the Third Omnibus Claims Objection, despite such document neither being styled as such, nor containing the information required to be included in a proper response (the "Leong Response" and, collectively with the Perez Response, the "Responses").  This letter was docketed by the Bankruptcy Court on December 12, 2006 (Docket No. 6152).  In the Leong Response, Leong asserts that he has been a shareholder of General Motors Corporation ("GM") for over forty years, and a shareholder of Delphi since it was spun off from GM.  Leong further

---

[2]  The deadline to file a response to the Third Omnibus Claims Objection was November 24, 2006 at 4:00 p.m. (Prevailing Eastern Time).  See Third Omnibus Claims Objection, ¶ 46.

asserts that because Delphi has sent him dividend checks "since its inception," Delphi obviously has sufficient documentation of his stock ownership. Leong attached no supporting documentation with the Leong Response.

6. On December 11, 2006, the Debtors provided Leong, and filed with the Court, a Notice Of Hearing With Respect To Debtors Objection To Proof Of Claim No. 2856 in which the Debtors provided notice that the Third Omnibus Claims Objection with respect to the Leong Proof of Claim will be heard at a Sufficiency Hearing on January 12, 2007.

7. Also on December 11, 2006, the Debtors provided Perez, and filed with the Court, a Notice Of Hearing With Respect To Debtors Objection To Proof Of Claim No. 4321 in which the Debtors provided notice that the Third Omnibus Claims Objection with respect to the Perez Proof of Claim will be heard at a Sufficiency Hearing on January 12, 2007.

8. The Debtors respectfully submit that, even if the Responses contain sufficient documentation to support the claims, the Claimants' Proofs of Claim represent proofs of interest, and do not constitute a "claim" against Delphi's estate as such term is defined in section 101(5) of the Bankruptcy Code because the Claimants base their claims solely on their alleged ownership of Delphi common stock. Accordingly, the Third Omnibus Claims Objection should be sustained with respect to the Proofs of Claim, the Proofs of Claim should be reclassified from claims to interests, and the Proofs of Claim should be disallowed and expunged.

Argument

9.  Leong asserts in the Leong Response that he owns shares of Delphi common stock. Leong Response ¶ 1. Leong further asserts that Wilfred D. Leong has passed away, and Clifford Leong is now the beneficial owner of the shares of common stock. Id. at ¶ 2. Neither the Leong Proof of Claim nor the Leong Response evidence any other basis for the Leong Proof of Claim.

10. Perez asserts in the Perez Response that she owns 89 shares of "Delphi Automotive Systems Corporation" common stock. Perez Response ¶ 1. Neither the Perez Proof of Claim nor the Perez Response evidence any other basis for the Perez Proof of Claim.

11. The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

12.    The Debtors believe that the standard, at the Sufficiency Hearing stage, for the Court to determine whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Federal Rule 12(b)(6) and Bankruptcy Rule 7012.  Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the non-movant 'can prove no set of facts in support of his claim which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

13.    The Claimants have failed to prove, and cannot prove, any set of facts that support a right to payment from the Debtors.  In fact, during the Debtors' review of the Proofs of Claim and the Responses, the Debtors determined that the Proofs of Claim assert solely interests in Delphi common stock.  The ownership of Delphi common stock constitutes an equity interest in Delphi, but does not constitute a "claim" against Delphi's estate as such term is defined in section 101(5) of the Bankruptcy Code.

14.    The Proofs of Claim solely represent proofs of interest and therefore they should be reclassified from claims to interests and disallowed and expunged.  To the extent that the Claimants hold valid equity interests in Delphi as of the applicable record date, the requested reclassification of the Proofs of Claim and disallowance of the claims will not impair any entitlement they may ultimately have under a plan of reorganization with respect to such equity interests.  As the Court noted at the hearing regarding the First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Duplicate And Amended Claims And (ii) Equity Claims (Docket No. 5151) when approving of the expungement of claims filed by holders of Delphi common stock solely on account of their stock holdings, "no equity

interests are affected by the relief that the [D]ebtors [seek]. . . ."  Transcript of Twelfth Omnibus Hearing at p. 30.

15.	Therefore, even if the Responses contained sufficient documentation to support the Proofs of Claim, the Proofs of Claim are based solely on the Claimants' equity interests in Delphi.  Accordingly, the Debtors seek entry of an order reclassifying the claims to interests and disallowing and expunging the Proofs of Claim in their entirety.

## Memorandum of Law

16.	Because the legal points and authorities upon which this Reply relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request the Court enter an order (i) sustaining the Third Omnibus Claims Objection as to the Proofs of Claim, (ii) reclassifying the claims to interests, (iii) disallowing and expunging the Proofs of Claim, and (iv) granting such further and other relief the Court deems just and proper.

Dated: New York, New York
       January 2, 2007

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    By: /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois 60606
    (312) 407-0700

- and -

    By: /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession