**Hearing Date and Time: January 12, 2007 at 10:00.**
**Supplemental Response Date and Time: January 10, 2007.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :
    In re                      :    Chapter 11
                          :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                          :
                          :    (Jointly Administered)
        Debtors.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS SUPPLEMENTAL REPLY TO RESPONSES TO DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c) (DOCKET NO. 5452) WITH RESPECT TO PROOF OF CLAIM NUMBERS 3886, 7075, 9674, 11829, 12129, AND 13411

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors, and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Omnibus Supplemental Reply (the "Supplemental Reply") To Responses To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject to Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection") With Respect To Claim Numbers 3886, 7075, 9674, 11829, 12129, And 13411 (collectively, the "Proofs of Claim") and respectfully represent as follows:

Preliminary Statement

1.    Although the ownership of Delphi common stock constitutes an equity interest in Delphi, it does not constitute a "claim" against Delphi's estate.  To the extent that the Claimants purport to assert a "claim" against Delphi's estate, the Claimants have failed to identify any legal theory, and have not alleged any set of facts that would support a right to payment from the Debtors.

2.    Claimants Douglas Deykes, William Downey, Ronald E. Jorgensen, William Kerscher, Terry R. Mocny, and Michael E. Sieloff (collectively, the "Claimants") filed proof of claim numbers 13411, 12129, 11892, 9674, 3886, and 7075, respectively.  Each of the Proofs of Claim was asserted against Delphi.  Each Claimant alleged that he was a holder of Delphi common stock and purported to assert a claim for the loss in value of his securities.

3.    On October 31, 2006, the Debtors filed the Third Omnibus Claims Objection.  In the Third Omnibus Claims Objection the Debtors objected to, and sought an order

2

disallowing and expunging, inter alia, each of the Proofs of Claim as unsubstantiated. (Docket No. 5452, ¶ 19, Ex. C-1). The Claimants each filed a response to the Third Omnibus Claims Objection. (See Docket Nos. 5667, 5672, 5584, 5583, 5665, 5855, and 5830.)

4. On December 11, 2006, the Debtors provided the Claimants, and filed with the Court, Notices of Hearing With Respect to Debtors Objection to Proofs of Claim Nos. 3886, 7075, 9674, 11829, 12129, and 13411 in which the Debtors provided notice that Debtors' Third Omnibus Claims Objection with respect to the Proofs of Claim will be heard at a Sufficiency Hearing on January 12, 2007.

5. All of the Claimants assert claims for the loss of value of their Delphi common stock. Because the mere loss of the value of common stock does not constitute a cognizable claim under applicable law, the Proofs of Claim should be reclassified as proofs of interest and disallowed and expunged.

## Argument

6. The ownership of Delphi common stock constitutes an equity interest in Delphi, but does not constitute a "claim" against Delphi's estate as such term is defined in section 101(5) of the Bankruptcy Code. Furthermore, as set forth in the Bar Date Notice that was approved by this Court, creditors and equity holders were notified that they were not required to file proofs of claim based exclusively on ownership interests in Delphi common stock.

7. The Debtors assert that the standard, at the Sufficiency Hearing stage, for the Court to determine whether the Claimant has met his initial pleading requirements should be similar to the standard employed by courts in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules") and Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). "A proof of claim is a special form of

complaint against a debtor," and its pleading requirements are "remarkably similar to [Civil Rule] 8(a)(2)." In re Rockefeller Center Properties, 272 B.R. 524, 542 (Bankr. S.D.N.Y. 2000)). The standard for dismissing a proof of claim should therefore be analogous to the standard under Civil Rule 12(b)(6). Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the non-movant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Here, the Claimants have not proved, and cannot prove, any set of facts that would support a right to payment from the Debtors.

8.    The Claimants must allege some legal theory to support their claims for the loss of value of stock that they owned. The Claimants here have alleged only an equity interest in Delphi. The Claimants apparently have attempted to assert claims entitling them to more than their equity interest. Those claims, however, are unsubstantiated and should be disallowed.

9.    The Claimants appear to attempt to assert claims based on alleged securities fraud or some other cognizable common law fraud; however, the Claimants failed to identify any particular claim or establish a sufficient legal or factual basis to support such a claim.[1] The Claimants have not invoked Section 10(b) of the Exchange Act, Rule 10b-5, or any

---

[1] Section 10(b) of the Exchange Act makes it unlawful for a person "[t]o use or employ in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). Rule 10b-5 implements Section 10(b) by making it unlawful for any person, in connection with the purchase or sale of a security, "to make any untrue statement of material fact or omit to state a material fact necessary in order to make the statements . . . not misleading." 17 C.F.R. § 240.10b-5**.** The Supreme Court has identified the basic elements of a securities fraud case:
    (1) a material misrepresentation or omission,
    (2) scienter, or a wrongful state of mind,

*(cont'd)*

other legal basis for their purported claims.  To establish such a claim, the Claimants would need to show, inter alia, that they were involved in the purchase or sale of a security and that the Debtors made an untrue statement of material fact.  17 C.F.R. § 240.10b-5.  The Claimants have not, however, alleged facts in their claims that, even when viewed in the light most favorable to the Claimants, would support a claim for securities fraud or any other cognizable common law fraud claim.  Indeed, some of the Claimants failed to allege, even generally, any purchase or sale of securities or any wrongdoing at all on the part of the Debtors.

10. Four of the six claimants appear to assert claims based solely on the loss in value of stock held until the Stock Purchase Program fund was closed by the Debtors.  The Claimants did not allege purchases or sales in reliance on any statements from the Debtors.  The Supreme Court has found that holders of stock do not qualify as purchasers or sellers of stock, and thus cannot bring claims under Section 10(b) and Rule 10b-5.  See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 126 S.Ct. 1503 (2006); Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 95 S.Ct. 1917 (1975).

11. Even where the Claimants apparently have attempted to establish elements of a securities fraud claim or any other cognizable common law fraud claim, they have failed to plead such allegations with the particularity required under Civil Rule 9(b).  Specifically, among other infirmities, none of the Claimants has identified the time, place, speaker, and content of

---

*(cont'd from previous page)*
      (3) a connection with the purchase or sale of a security,
      (4) reliance,
      (5) economic loss, and
      (6) loss causation, i.e., a causal connection between the material misrepresentation and the loss.
Dura Pharm. v. Broudo, 544 U.S. 336, 341 (2005).

5

any specific misleading statements, as is required by Civil Rule 9(b). See Dura Pharm. Inc. v. Broudo, 125 S. Ct. 1627, 1633 (2005); Ross v. Bolton, 904 F.2d 819, 823 (2d Cir. 1990); DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (cited in In re Rockefeller Center Properties, 272 B.R. at 542). Courts have analogized claims in bankruptcy proceedings to complaints in federal court to draw from the Civil Rules. See, e.g., Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995) ("the situation [is] comparable to the voluntary dismissal of a claim pursuant to Fed.R.Civ.P. 41(a)"); Nortex Trading Corp. v. Newfield, 311 F.2d 163, 164 (2d Cir. 1962) ("We are persuaded by the analogy between the proceedings before us and the ordinary counterclaim in a civil action under Rule 13 of the Federal Rules."); In re 20/20 Sport, Inc., 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint."). Although the United States Bankruptcy Court for the Southern District of New York has not definitively resolved the issue, the court has observed that Civil Rule 9(b) "seems appropriately applied to proofs of claim." In re Rockefeller Center Properties, 272 B.R. at 542; cf. Raleigh v. Illinois Dept. of Rev., 530 U.S. 15 (2000) (finding that "burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it."). As noted earlier, the court in Rockefeller Center Properties observed that the pleading standard for proofs of claim in bankruptcy court is very similar to the notice pleading requirements under Civil Rule 8. The court suggested that in both situations, a heightened standard is appropriate in cases alleging fraud. Because the Claimants have not specifically identified any misleading statements, as necessary to satisfy the pleading requirements of Civil Rule 9(b), the Claimants have failed to plead a prima facie claim.

6

12.     These Claimants hold nothing more than equity interests.  Accordingly, the Third Omnibus Claims Objection should be sustained as to the Proofs of Claim, and the Proofs of Claim should be disallowed and expunged.

### Memorandum of Law

13.     Because the legal points and authorities upon which this Supplemental Reply relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request the Court enter an order (i) sustaining the Third Omnibus Claims Objection as to the Proofs of Claim, (ii) disallowing and expunging the Proofs of Claim, and (iii) granting such further and other relief the Court deems just and proper.

Dated: New York, New York
      January 2, 2007

              SKADDEN, ARPS, SLATE, MEAGHER
                & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession