**AKERMAN SENTERFITT LLP**
335 Madison Avenue, Suite 2600
New York, New York 10017
Telephone: (212) 880-3800
Facsimile:  (212) 880-8965
Lansing R. Palmer, Esq. (LP 4719)
Email: lansing.palmer@akerman.com

-and-

**AKERMAN SENTERFITT**
SunTrust Financial Centre, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile:  (813) 223-2837
Edmund S. Whitson, III, Esq.
Email: edmund.whitson@akerman.com

*Attorneys for Oetiker, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                          Debtors.        :    (Jointly Administered)
                                          :
-------------------------------------------------------x
```

### RESPONSE OF OETIKER, INC. TO DEBTORS' FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION AND (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS

OETIKER, INC. ("Oetiker"), by undersigned counsel, as and for its response to "Debtors'

Fifth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P.

3007 to Certain (A) Claims With Insufficient Documentation and (B) Claims Not Reflected on

Debtors' Books and Records" [Docket No. 6100] (the "Objection to Claim") respectfully

represents as follows:

1.    On October 28, 2005, Oetiker timely filed its proof of claim in the amount of

$12,643.20 for goods sold to Delphi corporation and/or Delphi Electronic & Safety, now

designated as Claim No. 722 (the "Oetiker Claim").  A copy of the Oetiker Claim, with Exhibits,

is annexed hereto as Exhibit A and made a part hereof.

2.    Oetiker attached invoices to the Oetiker Claim evidencing the dates and amounts

owed by the Debtor for goods sold.  Despite that documentation, the Debtors have objected to

the Oetiker Claim as a "Books and Records" claim.

3.    The Oetiker Claim should not be expunged because the Debtors owe Oetiker the

amount of $12,643.20 for goods sold and delivered to the Debtors for which they have not paid.

4.    The Objection to Claim merely sets forth unsubstantiated, conclusory and open-

ended objections which are inadequate to overcome the presumptive validity of the Oetiker

Claim.  See, e.g., Objection to Claim ¶ 27.  Accordingly, the Objection to Claim fails to present

the "sufficient evidence" necessary to meet the Debtors' burden of proof in negating the *prima

facie* validity of the Oetiker Claim.  Thus, the Objection to Claim must be overruled in its

entirety.

5.    The Oetiker Claim constitutes *prima facie* evidence of the validity, amount and

legal basis of the Claim against the Debtors, because it is verified and substantiated with factual

evidence.  See Fed. R. Bankr. Proc. 3001(f); Gardner v. N.J., 329 U.S. 565, 573, 67 S.Ct. 467,

471 (1947) ("A proof of claim is, of course, *prima facie* evidence of its validity"); In re Kahn,

114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) ("[A] properly filed proof of claim is deemed allowed

unless a party in interest objects.  This provision is a codification of the well-settled practice, as

expressed by Mr. Justice Holmes of 'treating a sworn proof of claim as some evidence, even

when it is denied'") (quoting Whitney v. Dresser, 200 U.S. 532, 536 26 S. Ct. 316, 317 (1906)).

6.      The Debtors bear the initial burden of producing "sufficient evidence" to rebut the

*prima facie* validity of the Proof of Claim, which the Debtors in this case have filed to meet.  In

re King, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to

a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity

of a properly filed proof of claim") (emphasis in original).  To meet this burden of proof, courts

in this Circuit and elsewhere require the objecting party to produce evidence at least equal in

force to the *prima facie* case, which if believed "would refute at least one of the allegations that

is essential to the claim's legal sufficiency."  In re King, 305 B.R. at 164 (referring to In re

Allegheny Int'l Inc., 954 F.2d 167, 174 (3d. Cir. 1992)); Sherman v. Novak (In re Reilly), 245

B.R. 768, 773 (2d Cir. B.A.P. 2000), aff'd 242 F.3d 362 (2d Cir. 2000); Carey v. Ernst, 333 B.R.

666, 672 (Bankr. S.D.N.Y. 2005).

7.      The Objection to Claim fails to set forth any factual evidence to refute any of the

allegations contained in the Oetiker Claim.  A debtor cannot satisfy its burden of proof merely by

objecting to the amount of classification of a claim without producing evidence to support its

assertions.  In re Woodmere Investors Ltd. P'ship, 178 B.R. 346, 354-55 (Bankr. S.D.N.Y. 1995)

(debtor's mere assertions deemed insufficient as evidence to refute creditor's prima facie

evidence of claim).

8.      The Oetiker Claim is allowable in the full, noncontingent, liquidated amount

claimed of $12,643.20.

9.      The Debtors may return any reply to Oetiker, in care of the undersigned counsel.

WHEREFORE, Oetiker respectfully requests that the Court enter an Order overruling the

Debtors' Objection to Claim, with prejudice and without costs, or alternatively granting a hearing

on the Objection to Claim, together with such other and further relief as is equitable and just.

DATED this 3rd day of January, 2007

/s/ Lansing R. Palmer
Lansing R. Palmer, Esq. (LP 4719)
**AKERMAN SENTERFITT LLP**
335 Madison Avenue, Suite 2600
New York, New York 10017
Telephone: (212) 880-3800
Facsimile:  (212) 880-8965
Email: lansing.palmer@akerman.com

-and-

Edmund S. Whitson, III, Esq.
**AKERMAN SENTERFITT**
SunTrust Financial Centre, Suite 1700
401 E. Jackson Street
Tampa, Florida  (33602)
Post Office Box 3273 (33601-3273)
Phone: (813) 223-7333
Fax: (813) 223-2837
Email: edmund.whitson@akerman.com

*Attorneys for Oetiker, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2007, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all parties receiving electronic means.

I further certify that on January 3, 2007, the foregoing was served by overnight delivery to the following:

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Att'n:  General Counsel

-and-

Skadden, Arps, Slate, Meagher & Glom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Att'n:   John Wm. Butler, Jr.
         John K. Lyons
         Randall G. Reese


/s/ *Lansing R. Palmer*
*Attorneys for Oetiker, Inc.*