Hearing Date and Time: January 11, 2007 at 10:00 a.m.
Response Date and Time: January 4, 2007 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
    DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                            :
               Debtors.                              :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**SAMTECH CORPORATION'S RESPONSE TO DEBTORS' FIFTH OMNIBUS
OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT
DOCUMENTATION AND (B) CLAIMS NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS (THE "FIFTH OMNIBUS OBJECTION")**

    Samtech Corporation ("Samtech") hereby responds to the Fifth Omnibus Objection and respectfully states as follows:

    (a)    The title of the claims objection to which the Response is directed;

**RESPONSE:**    Debtor's Fifth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bank. P. 3007 to Certain (A) Claims with Insufficient Documentation and (b) Claims. More particularly, with respect to claim number 15611.

    (b)    The name of the Claimant and a brief description of the basis for the amount of the Claim:

**RESPONSE:**    Samtech asserts its claim based upon goods sold and delivered as well as a claim of Delphi Corporation, et al. directed against Samtech and/or Mtronics.com, Inc.

DM3\434674.1

(c) A concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

**RESPONSE:** Samtech is assuming that the alleged duplicative claim referred to by the Debtors is the proof of claim filed by Mtronics.com, Inc. However, the claims are not duplicative for many reasons including, but not limited to, the following:

- The creditors asserting claims are different;
- The claim amounts are different;
- Samtech has asserted a claim for setoff (as more fully described below and in its proof of claim); and
- Different supporting documentation are attached to the two proofs of claim.

In addition, for various reasons, some of them unknown, the Debtors requested that Mtronics.com, Inc. be used for purposes of the relationship between the Debtors and Samtech. However, the Debtors appear to have always considered Samtech as the supplier. In fact, Delphi has asserted directly against Samtech (also known to Delphi as Shinwa) a claim for the supply of allegedly defective product in an amount of approximately $5,867,222.00. Based upon the Debtors' action, it appears to believe it is in direct privity with Samtech. As such, it appears Samtech possesses the claim for the unpaid goods sold and delivered to the Debtors and the associated setoff claim relating to the claims asserted by the Debtors against Samtech.

(d) Unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; <u>provided, however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; <u>provided further, however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim subject to appropriate confidentiality constraints;

**RESPONSE:** Such documentation has been provided with the Proof of Claim. Samtech is also in the possession of voluminous documentation relating to the defect claims asserted by the Debtors and proof of shipment and related transaction documents.

(e) To the extent that the Claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and

**RESPONSE:** Not applicable.

(f) The address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

**RESPONSE:**

| | |
|---|---|
| Gary D. Santella | Walter J. Greenhalgh |
| Rein F. Krammer | Joseph H. Lemkin |
| Masuda, Funai, Eifert & Mitchell, Ltd. | Duane Morris LLP |
| 203 North LaSalle Street | 744 Broad Street |
| Suite 2500 | Suite 1200 |
| Chicago, Illinois 60601 | Newark, New Jersey 07102 |

**WHEREFORE,** Samtech Corporation respectfully prays that the Debtors' Fifth Omnibus Objection to Samtech Corporation's claim be stricken and dismissed.

By:  /s/ Joseph H. Lemkin
Joseph H. Lemkin, Esq. (JL/2490)
Walter J. Greenhalgh, Esq.
DUANE MORRIS LLP
A Delaware Limited Liability Partnership
744 Broad Street, Suite 1200
Newark, New Jersey 07102
Tel: (973) 424-2000
Fax: (973) 424-2001

Attorneys for Samtech Corporation