Claim Objection Hearing Date: February 14, 2007
Claim Objection Hearing Time: 10:00 a.m.

ROBERGE & ROBERGE
9190 Priority Way W. Dr., Ste. 100
Indianapolis, Indiana 46240
(317) 818-5500
(317) 818-5510 (fax)
Elizabeth A. Roberge, Esq. (IN #17139-49) *Pro Hac Vice*
eroberge@robergelaw.com
Eliza K. Bradley, Esq. (IN # 22284-20) *Pro Hac Vice*
ebradley@robergelaw.com

*Attorneys for WorldWide Battery Company, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| DELPHI CORPORATION, *et al.*, | : | Chapter 11 |
| | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## WORLDWIDE BATTERY COMPANY'S SUPPLEMENTAL RESPONSE (RE: CLAIM NO. 2479) TO DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION AND STATEMENT OF DISPUTED ISSUES

WorldWide Battery Company, LLC ("WorldWide"), for its supplemental response to the Third Omnibus Claims Objection (the "Objection") filed by Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Debtors"), and the Debtors' Statement of Disputed Issues regarding WorldWide's claim number 2479 (the "Claim"), WorldWide respectfully states as follows:

### PROCEDURAL HISTORY

1.  On April 3, 2006, WorldWide timely filed its Proof of Claim, identified as Claim No. 2479. A copy of the Proof of Claim is attached to WorldWide's response in opposition to third omnibus claims objection as Exhibit A.

2. WorldWide's Proof of Claim asserts damages in the amount of $2,819,166.35 arising out of breach of an Recycled Battery Sales Agreement between WorldWide and Delphi Corporation.

3. On October 31, 2006, Debtors filed their *(I) Third Omnibus Objection (Substantive) pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification, and (II) Motion to Estimate Contingent and Unliquidated Claims pursuant to 11 U.S.C. § 502(c)* ("Third Omnibus Claims Objection").

4. The deadline for all responses to the Third Omnibus Claims Objection was established by Debtors as Friday, November 24, 2006, at 4:00 p.m., i.e., a day on which the Bankruptcy Court and the Clerk's Office were both closed in official observance of Thanksgiving, a national holiday. (See Third Omnibus Claims Objection, ¶ 46.)

5. On November 22, 2006, WorldWide timely filed and served *WorldWide Battery's (I) Response in Opposition to Third Omnibus Claims Objection (Ref. Claim No. 2479), and (II) Motion for Enlargement of Time to Submit Additional Evidence in Support of Proof of Claim* ("WorldWide's Response"), via Federal Express for actual delivery/receipt by 10:30 a.m. on Friday, November 24, 2006.

6. On December 18, 2006, Debtors filed their *Debtors' Statement of Disputed Issues with Respect to Proof of Claim Number 2479 (WorldWide Battery Company, LLC)* ("Statement").

7. On December 22, 2006, the parties and their legal representatives conducted a telephonic meet-and-confer pursuant to the Court's Claim Objection Procedures Order entered on December 6, 2006.

## DISPUTED ISSUES

### A. *Delphi Breached the Agreement*

8. In the Debtors' Statement, the Debtors admit that there was a Recycled Battery Sales Agreement dated March 16, 2004, entered into by Delphi and WorldWide (the "Agreement"), pursuant to which Delphi agreed to sell certain batteries to WorldWide for recycling. (Statement, at 2, ¶ 1.)

9. The Debtors dispute that they are in breach of said Agreement. (Statement, at 3, ¶ 4.)

10. In support of their position, Debtors quote a phrase from the Agreement that states "'no quantity is guaranteed by Delphi hereunder.'" (Statement at 3, ¶ 4 (quoting Agreement, Section 1.1).)

11. Debtors then assert that when Debtors sold their battery-related assets to Johnson Controls, Inc. ("JCI"), Delphi no longer owned any batteries to sell to WorldWide. Therefore, according to Debtors, Delphi no longer had a duty to continue to sell any batteries to WorldWide. (Statement at 3, ¶ 5.)

12. As an initial matter, Debtors' reliance on only one phrase from the Agreement is misleading. The Section containing the phrase cited by Debtors provides:

> Batteries sold hereunder are those lead-acid starting, lighting and ignition batteries, and occasionally other similar batteries, which have been returned to one of Delphi's Battery Distribution Centers ("BDC") located in the United States. [This Agreement does **not** include or cover what are referred to as "blems" or "blemished batteries."] Batteries from said Battery Distribution Center(s) identified in Exhibit 1, will be directed to Buyer's facility(ies), identified in Exhibit 2, in truckload quantities. Batteries to be directed to Buyer are influenced by many factors, including availability to Delphi and Buyer's ability to received and process said quantities. ***The parties will communicate through their authorized representatives hereunder to establish periodic updated estimates of batteries available to Delphi, Buyer's needs, and delivery schedules. Delphi intends to provide 8 loads or more per week; however,***

3

*market and business conditions can impact the number of loads available; therefore, no quantity is guaranteed by Delphi hereunder.*

(Agreement, Section 1.1) (second emphasis added).

13.     The fact that the Agreement provides that, due to market fluctuations and business conditions, no specific quantity of batteries could be guaranteed from week to week does not operate to excuse a complete failure to perform.

14.     The abrupt discontinuation of battery shipments without any prior notice to WorldWide constituted a breach of the Agreement.

### B.     *Delphi Never Provided a 90-Day Termination Notice Based on Significant Hardship*

15.     Debtors next assert that because the Agreement provides that Delphi could have terminated the Agreement under certain conditions upon ninety (90) days written notice to WorldWide, WorldWide is entitled to a maximum of three (3) months lost profits. (Statement at 3-4, ¶¶ 6-7.)

16.     Section 4.5 of the Agreement provides:

> In the event that Delphi can show that this Agreement has become a significant hardship to its business, Delphi may terminate this Agreement by providing written notice to Buyer not less than [ninety] (90) days in advance. A significant hardship for Delphi shall be deemed to include, but not be limited to: . . . Delphi decides to sell or close its battery manufacturing operations or Delphi otherwise ceases to be involved in battery manufacturing.

(Agreement, Section 4.5.)

17.     WorldWide never received a written ninety (90) day termination notice, and never was advised that continued performance under the terms of the Agreement had become a significant hardship. (Affidavit of David J. Petruzzi ("Petruzzi Aff.") at 5, ¶ 31.)[1]

---

[1]     The Petruzzi Aff. was previously filed with the Court as Exhibit B to WorldWide's Response to the Third Omnibus Claims Objection.

4

18. To the contrary, WorldWide was encouraged by Delphi to expand the program and was advised by Delphi that the program would continue after the asset sale to Johnson Controls. (Petruzzi Aff. at 3-4, ¶¶ 20-25.)

19. The requirement for a ninety (90) day written notice of termination was designed to protect WorldWide from a sudden and unexpected termination of the Agreement and the corresponding battery supply. (Petruzzi Aff. at 2, ¶ 9.) WorldWide never received the benefit of the provision.

20. As a result of the breach of the Agreement, WorldWide suffered damages in the amount of $80,700 per month. WorldWide is entitled to be compensated for those damages.[2]

C. *WorldWide's Response to the Third Omnibus Claims Objection Was Timely*

21. Given that the deadline for filing responses to the Third Omnibus Claims Objection was scheduled for a day on which the Clerk's Office would be closed in recognition of the Thanksgiving holiday, counsel for WorldWide decided to contact the Clerk's Office in advance of the deadline to confirm arrangements for filing and service of the Response.

22. Specifically, on November 16, 2006, attorney Eliza K. Bradley called the Clerk's Office for the Court and spoke with "Melissa" of that office.

23. Ms. Bradley advised this representative of the Clerk's Office that counsel for WorldWide had a filing deadline for the Friday immediately following Thanksgiving Day, had not yet been admitted *pro hac vice*, and did not yet have electronic case filing ("ECF") privileges

---

[2] Debtors have requested and WorldWide has agreed to produce (but not file) documentation in support of WorldWide's calculation of damages, subject to appropriate confidentiality constraints. WorldWide is awaiting Debtors' comments on WorldWide's proposed confidentiality agreement.

5

for the United States Bankruptcy Court in the Southern District of New York. (Affidavit of Eliza K. Bradley ("Bradley Aff.") at 1-2, ¶¶ 4-7.) (Attached hereto as Exhibit A.)[3]

24.   Melissa of the Clerk's Office advised Ms. Bradley that the applications for admission and for ECF privileges would take several days to process.

25.   She further advised Ms. Bradley that although the Courts and the Clerk's Office would be closed on Friday, November 24, 2006, the mailroom that processed incoming mail to the Courts and the Clerk's Office would be receiving mail, including mail delivered via Federal Express. She further advised Ms. Bradley that mail delivered on the morning of November 24th would be stamped "received" as of that date and, that although such filings would not actually be processed until Monday, November 27, 2006, such filings would receive file-marks and be reflected as having been filed on November 24th. (Id. at 2, ¶¶ 7-8.)

26.   On November 22, 2006, counsel for WorldWide wanted to confirm the information previously provided by the Clerk's Office.

27.   Accordingly, at counsel's request, Ms. Nicole McKnight, a paralegal of Roberge & Roberge, contacted the Clerk's Office. (Affidavit of Nicole McKnight ("McKnight Aff.") at 1-2, ¶¶ 4-6.) (Attached hereto as Exhibit B.)

28.   The Clerk's Office confirmed that although the Courts and the Clerk's Office would be closed on November 24th, the mailroom would be receiving deliveries, and papers delivered on that date for filing would be processed and file-marked as of November 24th. (Id.)

29.   On November 22, 2006, counsel for WorldWide dispatched the Response via Federal Express for delivery to the Clerk, the Court, and all parties required to be served with the

---

[3]   Pursuant to the Court's Claim Objections Procedures Order, claimants are to include no more than two affidavits setting forth the basis for contested claims. WorldWide relies on the Affidavit of David J. Petruzzi, previously filed with the Court for setting forth the basis for its claim. The affidavits accompanying this Supplemental Response are limited to the authentication of documents and addressing facts and circumstances surrounding the filing of WorldWide's Response which Debtors have alleged was untimely.

6

Response by 10:30 a.m. on Friday, November 24, 2006—well in advance of the 4:00 p.m. deadline. (Affidavit of Andrea Smith ("Smith Aff.").) (Attached hereto as Exhibit C.)

30.     In addition, on November 22, 2006, counsel for WorldWide forwarded an additional copy of the Response to counsel for Debtors via e-mail. (A copy of the e-mail correspondence, excluding the attachment, is attached hereto as Exhibit D.)

31.     On November 24, 2006, Federal Express delivered (or attempted delivery of) all copies of the Response prior to 10:30 a.m., with the following results:

| | |
|---|---|
| Clerk | Delivery Attempted at 9:06 a.m. (Holiday—Business Closed) |
| Chambers | Delivery Attempted at 9:29 a.m. (Holiday—Business Closed) |
| Debtors' Counsel | Delivered at 8:48 a.m. |
| U.S. Trustee | Delivered 9:28 a.m. |
| Kenneth Ziman | Delivered 9:15 a.m. |
| Bernstein/Resnick | Delivered 8:44 a.m. |
| Rosenberg/Broude | Delivery Attempted at 10:42 a.m. (Allegedly Incorrect Address) |
| Bonnie Steingart | Delivered 9:41 a.m. |
| Delphi Gen. Counsel | Delivery Attempted at 9:29 a.m. (Holiday—Business Closed) |

(Smith Aff., Exhibit 3.)

32.     Those copies of the Response that could not be delivered on the morning of November 24, 2006, due to the holiday, were redelivered on the morning of Monday, November 27, 2006. (Id.)

33.     The Notice of Objection to Claim with which WorldWide was served instructed that if WorldWide disagreed with the Third Omnibus Claims Objection, that WorldWide should "file a response and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006.

34.     WorldWide more than complied with these requirements for responding to the Third Omnibus Claims Objection. Counsel for Debtors received two (2) separate copies of the

7

Response prior to the deadline—the first sent via e-mail on November 22, 2004, and the second delivered via Federal Express at 8:48 a.m. on November 24th.

35.   In addition, pursuant to the provisions of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, the deadline for the Response automatically rolled, by operation of law, to Monday, November 27, 2006. (Fed. R. Civ. Proc. 6(a) (West 2006); Fed. R. Bank. Proc. 9006(a).)

36.   With respect to holidays and days on which the Clerk's Office is closed or inaccessible, Bankruptcy Rule 9006 provides: "The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days."

37.   In the present case, the Clerk's Office was closed and inaccessible due to official recognition of the Thanksgiving holiday. The deadline for the Response therefore was automatically extended to Monday, November 27, 2006. Dwyer v. Duffy, 426 F.3d 1041 (9th Cir. 2005) (affirming decision of the U.S. Bankruptcy Panel for the Ninth Circuit that where Bankruptcy Court sent out notice setting the last date on which a complaint objecting to discharge could be filed as the Friday after Thanksgiving, the deadline was extended to the following Monday; the Friday after Thanksgiving Day is a "legal holiday" for purposes of Rule 9006(a) and Civil Rule 6(a); reversing dismissal of adversary proceeding as untimely filed).

38.   Finally, the Debtors have not suffered any prejudice by virtue of the fact that although they received their services copies of the Response on November 22nd and 24th, the Clerk's Office assigned a file-mark to the Response of November 27th.

### D.     *WorldWide Never Settled Its Claim*

39.    Although not raised as an issue in Debtors' Statement, during the telephonic meet-and-confer conducted on December 22, 2006, Debtors asserted that a letter agreement executed between Delphi and another company, American Energy, operated as a settlement of WorldWide's claims arising out of the breach of the Agreement.

40.    WorldWide Battery Company, LLC, is an Indiana limited liability company, organized on February 16, 2001. (Smith Aff., Exhibit 2.)

41.    American Energy Manufacturing Company is a completely separate entity—an Indiana corporation incorporated on December 30, 2003. (Smith Aff., Exhibit 1.)

42.    A letter agreement between Delphi and American Energy therefore has no bearing on WorldWide's claim in the present case.

43.    WorldWide reserves any and all rights to amend or further supplement this response or to file a motion seeking adjournment of the Claim Objection Hearing (as well as relief from any deadlines under the Claims Objection Procedures Order), should the parties not be successful in reaching a negotiated resolution of WorldWide's claim pursuant to the procedures set forth in the Court's Claims Objection Procedure Order.

Respectfully submitted,

ROBERGE & ROBERGE

By: /s/ Elizabeth A. Roberge
Elizabeth A. Roberge (IN #17139-49), *Pro Hac Vice*
Eliza K. Bradley (IN #22284-20), *Pro Hac Vice*
*Attorneys for WorldWide Battery Company, LLC*

ROBERGE & ROBERGE
9190 Priority Way West Drive, Ste. 100
Indianapolis, Indiana 46240
(317) 818-5500 (tel)   (317) 818-5510 (fax)
E-mail: eroberge@robergelaw.com
         ebradley@robergelaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing *WorldWide Battery Company's Supplemental Response (Re: Claim No. 2479) To Debtors' Third Omnibus Claims Objection and Statement of Disputed Issues* is being served this 3rd day of January, 2007, by electronic mail, by the Court's electronic filing system, and/or as otherwise designated, on the following:

Delphi Corporation
Attn.: General Counsel
5725 Delphi Drive
Troy, Michigan 48098
sean.p.corcoran@delphi.com
karen.j.craft@delphi.com

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn.: John Wm. Butler, Jr.
333 West Wacker Dr., Ste. 2100
Chicago, Illinois 60606
jbutler@skadden.com
kmarafio@skadden.com
tmatz@skadden.com

Simpson Thacher & Bartlett LLP
Attn.: Kenneth S. Ziman
425 Lexington Avenue
New York, New York 10017
kziman@stblaw.com
rtrust@stblaw.com
wrussell@stblaw.com

Davis Polk & Wardwell
Attn.: Donald Bernstein & Brian Resnick
450 Lexington Avenue
New York, New York 10017
donald.bernstein@dpw.com
brian.resnick@dpw.com
r.digest@dpw.law.com

Latham & Watkins, LLP
Attn.: Robert J. Rosenberg & Mark A. Broude
885 Third Avenue
New York, New York 10022
robert.rosenberg@lw.com
mark.broude@lw.com

Fried, Frank, Harris, Shriver & Jacobson, LLP
Attn.: Bonnie Steingart
One New York Plaza
New York, New York 10004
steinbo@ffhsj.com

*and by Federal Express upon the following:*

Honorable Robert D. Drain
United State Bankruptcy Judge
United States Bankruptcy Court
for the Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

Office of the United States Trustee
for Southern District of New York
Attn.: Alicia M. Leonard
33 Whitehall Street
Suite 2100
New York, New York 10004

/s/ Elizabeth A. Roberge
Elizabeth A. Roberge

ROBERGE & ROBERGE
9190 Priority Way West Drive, Suite 100
Indianapolis, Indiana 46240
(317) 818-5500 (tel) (317) 818-5510 (fax)