**Hearing Date:  March 1, 2007**
        **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NUMBER 12163 (EVA ORLIK)**

("STATEMENT OF DISPUTED ISSUES – EVA ORLIK")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 12163 (the "Proof Of Claim") filed by Eva Orlik (the "Claimant"), and respectfully represent as follows:

Background

1.  Eva Orlik filed the Proof of Claim on or about July 28, 2006. Ms. Orlik's proof of claim asserted an unsecured claim for $1,374,322.08 (the "Claim") against Delphi Automotive Systems LLC. The Claimant based her claim on an Indiana state court case against Delphi Automotive Systems in which she alleged employment discrimination.

2.  The Proof of Claim attached various pleadings from the underlying litigation (Howard County Superior Court II, Cause No. 3402-0006-CT-00438) (the "Underlying Matter"), which form the basis for the Claim. Although the Indiana Superior Court entered an Order for default judgment against the Debtors in the underlying suit, which was affirmed by the Court of Appeals of Indiana, the Debtors filed these chapter 11 cases before they were able to further appeal that decision in the Underlying Matter to the Indiana Supreme Court. Because of the automatic stay triggered by the filing of the chapter 11 proceedings, the Indiana Superior Court never fixed the damages figure due pursuant to the default judgment. (Response Of Eva Orlik To Debtors' Second And Third Omnibus Objection To Claims, at 3).

3.  The Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate

2

Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

4.      Claimant filed her Response To Debtors' Second And Third Omnibus Objection To Claims (Docket No. 5789) (the "Response") on November 22, 2006.

Disputed Issues

A.   <u>Debtors' Failure To Answer The Underlying Complaint Was Caused By Excusable Neglect.</u>

5.      Although the complaint in the Underlying Matter (the "Complaint") was served on the Debtors' registered agent in Indiana, CT Corporation, there was a complete breakdown of communication between that agent and the Debtors.  Proof of Claim, Exhibit B, at 3.  C T Corporation never forwarded the Complaint to the Debtors or otherwise notified them of the existence of the Complaint.  <u>Id.</u>  The CT Corporation employee who accepted the Complaint on the Debtors' behalf and then neglected to forward it to the Debtors was subsequently terminated for poor job performance.  <u>Id.</u>  Furthermore, after the Claimant's counsel sent a facsimile to the Debtors' counsel attaching only the caption of the Complaint and notice of a status conference, the Debtors' counsel contacted the Claimant's counsel and informed him that the Debtors were not aware of the proceedings.  Because the Claimant's counsel then failed to initiate the scheduled status conference, to send a copy of the Complaint to the Debtors, or to make any other contact with the Debtors, the Debtors' counsel believed that the Complaint had not yet been served.  The Debtors' counsel also informed the trial court, when a representative called to inquire about the status conference, that the Debtors had not been served with the Complaint.

6.      Although the Indiana Court of Appeals affirmed the lower court's decision not to set aside the default judgment, particularly in light of the strong dissent written by Judge

Baker of the Court of Appeals, the Debtors planned to further appeal the underlying ruling.  The Debtors, however, filed these chapter 11 cases before being able to file the appeal to the Indiana Supreme Court in the Underlying Matter.

B.  Claimant's Damage Assessment Is Patently Unreasonable And Cannot Be Substantiated By Evidence.

7.  The Debtors separated Orlik from employment on September 1, 1999 due to poor job performance.  The Claimant alleged that the discharge was in retaliation for reporting what she apparently considered questionable accounting practices.  In order to state a claim for wrongful discharge under Indiana law, a plaintiff must demonstrate that he or she was discharged either for exercising a statutory right or for refusing to violate a statutorily imposed duty.  See, e.g., Frampton v. Central Indiana Gas Co., 260 Ind. 249, 297 N.E.2d 425 (1973) (exercising statutory right); McClanahan v. Remington Freight Lines, 517 N.E.2d 390 (Ind. 1988) (refusing to violate statutory duty).  The Claimant failed to state a claim upon which relief could be granted under Indiana law because she did not plead that she had been discharged either for exercising a statutory right or for refusing to violate a statutorily imposed duty.  The Claimant plead only that the Debtors discharged her "for complaining about, and balking at, inappropriate and potentially actionable conflict of interest problems and accounting practices."  Complaint, attached hereto, at ¶ 36.  Indiana law does not provide whistleblower protection for private sector employees. Campbell v. Eli Lilly & Co., 413 N.E.2d 1054 (Ind. Ct. App. 1980), trans. denied, 421 N.E.2d 1099 (Ind. 1981).  Therefore, the Claimant's state law claim cannot form the basis for any award of damages.

8.  Potential damages available under Title VII of the Civil Rights Act of 1964 include back pay, front pay, attorney's fees, and – for an employer of the Debtors' size –

combined compensatory and punitive damages of up to $300,000.  The Claimant's potential Title VII damages thus do not approach the asserted amount of the Claim.

        9.      Furthermore, the Claimant worked for the Debtors (and their predecessors) for only four years and eleven months and had secured an offer for employment with another company before the Debtors terminated her.  The Claimant's new job was comparable to the position she held with the Debtors.  The new position was in the Claimant's field, and she could expect to obtain promotions and raises as her career progresses.  Her base salary at the new job was more than she was earning at the time her employment was terminated by the Debtors.  At the time she took this new job, the Claimant's husband was still employed with the Debtors.  The Claimant's husband had carried the couple's health insurance through the Debtors prior to the Claimant's termination, and he continued to do so after her termination.  The Claimant lost no health insurance coverage when her employment was terminated by the Debtors.  Accordingly, the Claimant's calculation of back pay must be limited to the extent to which her non-health insurance benefits through the Debtors caused her entire compensation package to exceed the value of her entire compensation package through her new employer, if at all.

        10.      According to the Seventh Circuit, front pay is "the discounted present value of the difference between the earnings [an employee] would have received in [her] old employment and the earnings [s]he can be expected to receive in [her] present and future, and by hypothesis inferior, employment."  Williams v. Pharmacia, 137 F.3d 944, 953 (7th Cir. 1998) (citation omitted).  "In determining . . . front pay, the court terminates the inquiry at the point at which the plaintiff finds employment comparable or superior to her old job."  Id. at 954.  The Claimant had such employment immediately upon leaving the Debtors.  Front pay is therefore inappropriate here.

11.     Finally, the Claimant has no evidence substantiating a large award of either compensatory or punitive damages.  The Debtors terminated her employment because of performance deficiencies that were well documented and repeatedly brought to the Claimant's attention.  After the termination, she moved on to comparable employment with another employer.  The Debtors did not engage in any wrongdoing, and thus should not be required to pay any punitive damages.   In sum, even if she were to prevail on the merits, the Claimant's asserted amount of the Claim is both highly speculative and grossly excessive.

C.    Debtors Did Not Discriminate Against Claimant.

12.     The Debtors did not discriminate against the Claimant based on her national origin.   The Claimant has failed to provide any evidence that the Debtors committed such discrimination.

13.     The Debtors terminated Claimant's employment on September 1, 1999 due to poor job performance.

Reservation Of Rights

14.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim

and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claims, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
January 3, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

        By: /s/ John Wm. Butler, Jr.
           John Wm. Butler, Jr. (JB 4711)
           John K. Lyons (JL 4951)
           Ron E. Meisler (RM 3026)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois 60606
        (312) 407-0700

        - and -

        By: /s/ Kayalyn A. Marafioti
           Kayalyn A. Marafioti (KM 9632)
           Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Attorneys for Delphi Corporation, et al.,
          Debtors and Debtors-in-Possession