**Hearing Date: March 1, 2007**
                                                                              **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
<u>PROOF OF CLAIM NUMBER 6255 (EDITH JAMES)</u>**

("STATEMENT OF DISPUTED ISSUES – EDITH JAMES")

       Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Statement of Disputed Issues (the "Statement of Disputed Issues") with respect to Proof of Claim Number 6255 (the "Proof of Claim") filed by Edith C. James ("James") and respectfully represent as follows:

Background

1.  James filed the Proof of Claim on or about May 18, 2006.  The Proof of Claim asserted an unsecured, unliquidated claim for $1,131,000 (the "Claim") against Delphi Automotive Systems LLC ("DAS LLC").

2.  The Proof of Claim attached the complaint (the "Complaint") from the underlying litigation (Common Pleas Court of Franklin County, Ohio (the "Trial Court"), Case No. 03 CVH 02-2213) (the "Underlying Matter"), which apparently forms the basis for the Claim.[1]  In the Complaint, James asserted actions for discrimination on the basis of race and gender, wrongful termination, and intentional infliction of emotional distress.  On February 5, 2004, the Trial Court granted DAS LLC's motion for summary judgment and dismissed each of James's claims.  The Court of Appeals for Ohio, Tenth Appellate District rendered an opinion on October 14, 2004, reinstating James's race and gender-based discrimination claims, but upholding the dismissal of her wrongful termination in violation of public policy and intentional infliction of emotional distress claims.

3.  The Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate

---

[1]   The Complaint identifies the defendant only as "Delphi Automotive Systems" which the Debtors assume is intended to refer to DAS LLC based upon the Proof of Claim having been filed against DAS LLC.

2

Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

        4.     James filed her Response To Debtors' Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification (Docket No. 5655) (the "Response") on November 22, 2006.

Disputed Issues

A.    <u>Debtors Did Not Discriminate Against James And Had Legitimate Non-Discriminatory Reasons For Their Actions</u>

        5.     James, a female African-American, was hired as a Manufacturing Advisor at the Debtors' Columbus, Ohio, facility in May 1999. The Manufacturing Advisor job was a salaried supervisory position, and James supervised hourly employees on the assembly line in the plant's North Business Unit. Although a salaried position, Manufacturing Advisors received overtime pay.

        6.     Following the retirement of the former Supervisor of Salaried Personnel Administration, a restructured position was created that James applied for and obtained. In January 2001, James became a Salaried HRM Administrator in the Salaried Personnel Office of the Columbus facility's Human Resources Department. She retained her same salary grade (6B) but was no longer eligible for overtime pay. Moreover, in this job she had no supervisory responsibility or authority. The position was not a promotion from her prior position.

        7.     James struggled in the Salaried Personnel position. James frequently reported incorrect salary headcount data at HRM meetings, causing significant delays and confusion. James missed deadlines for processing EEO data, the plant's Affirmative Action

3

Plan, and its Personal Business Plan program. The facility's EEO goal attainment fell below 100%, which had never happened while James's predecessor held the job. James was "behind target" with the facility's Affirmative Action Plan, quarterly training schedule, and Personal Business Plan administration. James also made mistakes in administering the 2001 Merit Compensation Plan. James refused to work the expected hours or weekends.

8. By the end of 2001, James's performance had not improved. The Debtors determined that James was not the right fit for the personnel job and, in March 2002, transferred her back to the Manufacturing Advisor position in which she had previously performed successfully. James suffered no loss of pay or benefits. James had supervisory authority over hourly employees, and she received overtime pay.

9. About six weeks later, in mid-May of 2002, James was advised that she would be transferred to a Manufacturing Advisor position in the North Business Unit on second shift. Because she did not want to go on second shift, James refused the transfer, went on sick leave, and, a week later, quit her employment with the Debtors without notice.

10. James cannot establish a <u>prima facie</u> case of discrimination because she cannot prove that she experienced a materially adverse employment action. James's lateral transfer did not involve a decrease in title, pay, or benefits.

11. James's discrimination claims independently fail because she cannot establish that the reasons for the Debtors' actions were a pretext for unlawful discrimination.

B.          <u>James' Claim Is Excessive And Unfounded</u>

12. Even if James had made a case for employment discrimination, she failed to mitigate her damages and therefore her damages, if any, should be limited, and her Claim should be reduced accordingly.

4

13.     In addition, James states that the Claim was based on "unliquidated damages for discrimination and emotional distress."  (Proof of Claim, § 6).  James's emotional distress claims were dismissed by the lower court in the Underlying Matter, and that dismissal was upheld on appeal.  Even if she were able to establish a claim for employment discrimination, James cannot recover for emotional distress and the Claim should be reduced accordingly.

Reservation Of Rights

14.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim  and (b) granting the Debtors such other and further relief as is just.

Dated: January 3, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP


By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -


By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession