**Hearing Date: March 1, 2007**
                  **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|         Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

    DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
    <u>PROOF OF CLAIM NUMBER 9440 (FREDDIE L. JOHNSON)</u>

    ("STATEMENT OF DISPUTED ISSUES – FREDDIE L. JOHNSON")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 9440 (the "Proof Of Claim") filed by Freddie L. Johnson ("Johnson") and respectfully represent as follows:

Background

1. Johnson filed the Proof Of Claim on or about July 13, 2006. The Proof Of Claim asserts an unsecured nonpriority claim in the amount of $300,000 (the "Claim") for alleged employment discrimination and retaliatory firing. Also on or about July 13, 2006, Johnson filed a second proof of claim (Proof of Claim No. 9441), which was expunged and disallowed as a duplicative claim under the Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (iii) Duplicate And Amended Claims Identified In Second Omnibus Claims Objection (Docket No. 6255) and therefore is not the subject of this Statement of Disputed Issues.

2. The Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

3. Johnson filed his Response of Claimant/Creditor Freddie L. Johnson To Debtor's (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R.

2

Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) And Motion To Lift Stay (Docket No. 5821) (the "Response") on November 21, 2006.

Disputed Issues

4. Johnson's seniority date was April 7, 1981. He was last classified as a PT 19 Module Operator at an hourly rate of $25.42 per hour. He worked in Department 286 on 3rd shift under the supervision of Phil Miller.

5. The national and local collective bargaining agreements between the Debtors and the UAW governed Johnson's employment. In addition, the Debtors have long had "Shop Rules," which are enforced through a progressive disciplinary procedure. The Debtors discharged Johnson on April 27, 2005, for April 19 and 20, 2005 violations of Shop Rule 20, which prohibits "[t]hreatening, intimidating, coercing or interfering with employees or supervision at any time." Specifically, the Debtors discharged Johnson for threatening bodily harm to a skilled tradesperson when walking through a construction site where the skilled tradesperson was working.

6. Johnson's discharge was in complete accord with the Debtors' progressive disciplinary procedure. The procedure has the following steps: (a) written reprimand, (b) balance of shift disciplinary layoff, (c) balance of shift plus two day disciplinary layoff, (d) balance of shift plus one week disciplinary layoff, (e) balance of shift plus two week disciplinary layoff, (f) balance of shift plus 30 day disciplinary layoff, and, finally, (g) discharge.

7. Between April 2002 and his discharge, the Debtors took the following disciplinary actions with respect to Johnson:

| Date | Reason (Shop Rule Violated) | Discipline |
|---|---|---|
| Apr. 23, 2002 | Shop Rule 7 (Reporting late for work) | Reprimand |
| May 2, 2002 | Shop Rule 37 (Throwing refuse on floor) | Balance of Shift |
| July 17, 2002 | Shop Rule 13 (Refusing supervisor's orders) | Balance of Shift + two days |
| Aug. 27, 2002 | Shop Rule 13 (Refusing supervisor's orders) | Balance of Shift + one week |
| Aug. 27, 2002 | Shop Rule 20 (Threatening, intimidating, or coercing others) | Balance of Shift + two weeks |
| May 2, 2003 | Shop Rule 14 (Failure or refusal to do job) | Balance of Shift + two weeks |
| Aug. 13, 2003 | Shop Rule 7 (Reporting late for work) | Balance of Shift + two weeks |
| Sept. 11, 2003 | Shop Rule 7 (Reporting late for work) | Balance of Shift + 30 days |
| Nov. 5, 2004 | Sleeping on the job | Balance of Shift + 30 days |

8. The Debtors follow a rotation procedure for overtime work. Johnson has not been denied overtime. His pay has not been docked.

9. On April 19, 2005, Johnson filed a Complaint And Demand For Jury Trial (the "Complaint") against Delphi Automotive Systems LLC in the United States District Court for the Southern District of Indiana alleging retaliation, race discrimination, and sex discrimination. On July 8, 2006, Johnson amended his Complaint to assert that Delphi was the proper Debtor defendant.

A.  Johnson Cannot Prove Race or Gender Discrimination

10. Johnson has no direct or circumstantial evidence of either race or gender discrimination. He must, therefore, use an indirect method of proof. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In order to establish a prima facie case Johnson must demonstrate that (a) he is a member of a protected class; (b) his job performance met the Debtors' legitimate expectations; (c) he suffered an adverse employment action, and (d) another similarly situated individual who was not in the protected class was treated more favorably than Johnson was treated. See, e.g., Burks v. Wisconsin Dept. of Transportation, 464 F.2d 744, 750

4

(7th Cir. 2006). If he establishes a prima facie case, the burden of production shifts to the Debtors "to proffer a legitimate, nondiscriminatory reason" for their actions. Id. at 751. Johnson would the burden to demonstrate that the Debtors' proffered reason is pretextual. Id.

        11.     Johnson cannot establish the second or fourth elements of his prima facie case. Johnson repeatedly failed to meet the Debtors' legitimate performance expectations in the years before his termination. His disciplinary history is extensive and well documented. Johnson cannot demonstrate that any similarly-situated female employee or employee of another race engaged in the same inappropriate behaviors that he engaged in and received different treatment from the Debtors.

        12.     Even if Johnson could establish a prima facie case of discrimination, the Debtors would still prevail because Johnson has no evidence of pretext. The Debtors afforded Johnson the full benefit of their progressive discipline procedure. He has had ample opportunity to grieve his discipline at every step. Persistent inappropriate behavior culminating in a threat of bodily harm to a fellow employee provided ample grounds for discipline and, finally, termination. Johnson's race and gender did not influence the Debtors' decisions, and he cannot prove otherwise. Johnson is therefore not entitled to any Claim for his discrimination claims.

B.     <u>Johnson Cannot Prove Retaliation</u>

        13.     Johnson seeks to demonstrate retaliation using a direct method of proof. To do so, he would need to demonstrate (a) a statutorily protected activity; (b) an adverse action; and (c) a causal connection between the two. Burks, 464 F.3d at 758. However, "speculation based on suspicious timing alone . . .does not support a reasonable inference of retaliation . . .. Indeed, the mere fact that one event preceded another does nothing to prove that the first event caused, the plaintiff also must put forth other evidence that reasonably suggests that [his]

5

protected . . . activities were related to [his] employer's discrimination and termination." Id. at 759 (internal quotations and citations omitted).

14. Johnson did engage in protected activity. He filed two charges of discrimination and a lawsuit. He filed his charges on May 23, 2003, and August 26, 2003. Almost all of the discipline to which he was subjected occurred prior to the filing of these charges. The discipline that came after was for arriving at work late and sleeping on the job – not activities that left room for subjective judgment on the part of anyone. No discipline came quickly on the heels of either charge. There is no evidence of retaliation with regard to the discipline.

15. Johnson filed the Complaint on April 19, 2005. He served it on the Debtors' registered agent who forwarded it to the Debtors' legal staff in Michigan. The Debtors terminated Johnson on April 27, 2005. Everyone involved in the termination decision was in Kokomo, Indiana. No one at the Kokomo facility became aware of the lawsuit until after Johnson's employment had been terminated. There was no retaliation and the Claim is thus without merit.

C.   The Automatic Stay Should Not Be Lifted

16. Johnson includes in his Response a request for relief from the automatic stay provisions of section 362 of the Bankruptcy Code. Johnson's request for stay relief is procedurally improper, as such relief must be sought by a separate motion that is properly noticed for hearing in accordance with the case management procedures adopted in these chapter 11 cases. As such, the request for relief from the automatic stay should be denied without further consideration.

6

17. Even if this Court were to consider Johnson's procedurally-improper request for relief from the automatic stay, such request is without merit. A tort claim for a statutory violation of a anti-discrimination law does not constitute a "personal injury tort" under 28 U.S.C. § 157(b)(5) because a claim for a tort without trauma or bodily injury is not within the statutory exception for a personal injury tort. As such, employment discrimination does not constitute a personal injury tort under 28 U.S.C. § 157(b)(5), and this Court is not precluded from adjudicating the merits of the Claim.

18. Section 362(d)(1) of the Bankruptcy Code provides that the court may grant relief from the automatic stay "for cause." If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection. Johnson has failed to meet his burden making even an initial showing of cause and the request for relief from the automatic stay should therefore be denied. Further, even if Johnson had made a sufficient initial showing, application of the twelve-factor test generally applied in the Second Circuit in evaluating the propriety of a request for relief from the automatic stay strongly favors denial of Johnson's requested relief. See Sonnax Indus. v. Tri Component Prods. Corp. (In re Sonnax Indus.), 907 F.2d 1280, 1285 (2d Cir. 1990).

## Reservation Of Rights

19. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of

Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
January 3, 2006

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

        By: /s/ John Wm. Butler, Jr.
           John Wm. Butler, Jr. (JB 4711)
           John K. Lyons (JL 4951)
           Ron E. Meisler (RM 3026)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois  60606
        (312) 407-0700

        - and -

        By: /s/ Kayalyn A. Marafioti
           Kayalyn A. Marafioti (KM 9632)
           Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York  10036
        (212) 735-3000

        Attorneys for Delphi Corporation, et al.,
          Debtors and Debtors-in-Possession