IN THE UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Delphi Corporation, et al. | ) Case No. 05-44481 (RDD) |
| | ) (Jointly Administered) |

Response to 5th Omnibus Objection to Claims by Delphi Corporation, *et al;* Sierra Liquidity Fund, LLC (Assignee); Deliverus Network Inc. (Assignor), Claim No. 14671

from: Sierra Liquidity Fund, LLC (Assignee); Deliverus Network Inc. (Assignor), Claim No. 14671, 2699 White Road, Ste. 255, Irvine, CA 92614, (949) 660-1144, ext. 17, fax: 949-660-0632, saugust@sierrafunds.com, tgarza@sierrafunds.com

to: Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004

Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel)

Counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606 (Attn: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese)

re: Sierra Liquidity Fund, LLC (Assignee); Deliverus Network Inc. (Assignor), Claim No. 14671

date: Friday, December 29th, 2006

Sierra Liquidity Fund, LLC ("Sierra") has received the Debtor's 5th Omnibus Objection to claims requesting that the above claim in the amount of $22,290.00 be disallowed and expunged in it's entirety on the basis that the claim and asserted liability are not owing pursuant to the Debtor's books and records.

Sierra Liquidity Fund, LLC (Assignee) and Deliverus Network Inc. (Assignor) ("Deliverus") Object to this Objection.

1. Please find attached sufficient documentation supporting the filed Proof of Claim # 14671 in an amount of $22,290.00.

2. Upon review of the filed Proof of Claim and supporting documentation, we dutifully request that Debtors and the Court allow Claim # 14671 for the full filed amount of $22,290.00 as liquidated and undisputed.

3. To expedite this matter, we suggest a Stipulation Agreement be prepared for the amount of $22,290.00 and sent immediately to Sierra's attention for signature.

4. Copies of the following have been enclosed with this response: The Notice of 5th Omnibus Objection to Claim # 14671, the transfer agreement executed between Sierra Liquidity Fund, LLC (Assignee/Transferee) and Deliverus Network Inc. (Assignor), Proof of Claim # 14671 as originally filed by Sierra Liquidity Fund, LLC as Assignee and Attorney-In-Fact for Deliverus Network Inc. (Assignor) and the supporting documentation requested for claim # 14671 evidencing the amount of $22,290.00 owed on Claim # 14671 filed by Sierra Liquidity Fund, LLC; Assignor: Deliverus Network Inc. **The supporting documents in Proof of Claim # 14671 include Invoices, Purchase Orders, and Proof of Deliveries.**

5. Sierra and Deliverus see no basis on behalf of the Debtor for the proposed disallowance and expungement of Claim # 14671, as the supporting claim documentation (Invoices, Purchase Orders, and Proofs of Deliveries) clearly show a preponderance of evidence that the claim in the amount of $22,290.00 remains due and owing as a valid unpaid pre-petition unsecured debt of Delphi Automotive Systems, LLC, Delphi Corporation, et al.

Please contact either of the following at your earliest convenience to resolve the objection.

Sierra Liquidity Fund, LLC Assignee and Attorney-In-Fact for Deliverus Network Inc.

| | | |
|---|---|---|
| Scott August | Tammy Garza | Jim Riley |
| 949-660-1144, ext. 17 | 949-660-1144 ext. 22 | 949-660-1144 ext. 16 |
| saugust@sierrafunds.com | tgarza@sierrafunds.com | jriley@sierrafunds.com |



RECEIVED
JAN 3 - 2007
USBC-SDNY
RDD

## Transfer of Claim

## Delphi Corporation, et al.

This agreement (the "Agreement") is entered into between _Deliverus Network, Inc_ ("Assignor") and Sierra Liquidity Fund, LLC, Sierra Asset Management, LLC or assignee ("Assignee") with regard to the following matters:

1. Assignor in consideration of the sum of _____ it) **of the current amount outstanding on the Assignor's trade claim** (the "Purchase Price"), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to all of the claims of Assignor (the "Claim") against Delphi Corporation, et al. (affiliates, subsidiaries and other related debtors) (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court of New York, Southern District, in the current amount of not less than **$ 22,290.** [insert the amount due, which shall be defined as "the Claim Amount"], and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, and other property which may be paid or issued by the Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2. Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by the Debtor to the Assignor, and that no valid defense or right of set-off to the Claim exists.

3. Assignor further represents and warrants that no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value.

4. Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor. If the Bar Date for filing a Proof of Claim has passed, Assignee reserves the right, but not the obligation, to purchase the Trade Claim for the amount published in the Schedule F.

5. Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim.

6. In the event that the Claim is disallowed, reduced, subordinated, or impaired for any reason whatsoever, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim disallowed divided by the Claim, plus 8% interest per annum from the date of this Agreement. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

7. To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to

take such reasonable further action, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

8. Assignor shall forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may request from time to time. Assignor acknowledges that any distribution received by Assignor on account of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

9. In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the prevailing party shall be entitled to its costs and expenses incurred, including reasonable attorney fees.

10. The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

11. Assignor hereby acknowledges that Assignee may at any time further assign the Claim together with all rights, title and interests of Assignee under this Agreement. All representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

12. This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Transferee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason whatsoever.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of California. Any action arising under or relating to this Agreement may be brought in any state or federal court located in California, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waive any right to demand a trial by jury.

**If you have filed a Proof of Claim please check here:** _____

**Please include invoices, purchase orders, and/or proofs of delivery that relate to the claim.**

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

IN WITNESS WHEREOF, the undersigned **Assignor** hereto sets his hand this _21_ day of _November_, 2005.

ATTEST
By _[signature]_
Signature

_RAY DeMars CEO_
[Print Name and Title]

_530-878-6809_
Phone Number

Sierra Liquidity Fund, LLC, Sierra Asset Management, LLC, et al.
2699 White Rd, Ste 255, Irvine, CA 92614
949-660-1144 x17; fax: 949-660-0632 jriley@sierrafunds.com
10/20/05

_Deliverus Network, Inc_
Name of Company

_2945 Bell Road #219_
Street Address

_Auburn  CA  95603_
City, State & Zip

_530-878-6895_   _ray@deliverus.net_
Fax Number       Email

_____
Agreed and Acknowledged,
Sierra Liquidity Fund, LLC, Sierra Asset Management, LLC, et al

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
   In re                      :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
              Debtors.        :    (Jointly Administered)
                              :
------------------------------x

## NOTICE OF OBJECTION TO CLAIM

Sierra Liquidity Fund LLC Assignee Deliverus Network Inc Assignor:

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged as summarized in that table and described in more detail in the Debtors' Fifth Omnibus Objection to Certain Claims (the "Fifth Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Fifth Omnibus Objection is set for hearing on January 11, 2007 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED FIFTH OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2007. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

The enclosed Fifth Omnibus Objection identifies four different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Claims identified as having a Basis For Objection of "Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors to meaningfully review the asserted Claim.

Claims identified as having a Basis For Objection of "Untimely Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors to meaningfully review the asserted Claim, and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And

Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books and Records Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books and Records Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
| 7/31/2006 | 14671 | $22,290.00 | Books and Records Claim | Disallow and Expunge |

If you wish to view the complete exhibits to the Fifth Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Fifth Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a claim or the filing of a claim should be directed to Claims Agent at 1-888-259-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), ARE APPLICABLE TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO OBJECTION BY THE DEBTORS PURSUANT TO THE OBJECTION SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Fifth Omnibus Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on January 4, 2007. Your Response, if any, to the Fifth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in a foreign currency.

2

(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the claims objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you shall disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the claim; (v) to the extent that the claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the January 11, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that this Court conduct a final hearing on January 11, 2007 at 10:00 a.m.

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO PROVISIONALLY ACCEPT SUCH AMOUNT AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. If no Responses to the Fifth Omnibus Objection

are timely filed and served in accordance with the procedures set forth herein and in the Claims Objection Procedures Order, the Bankruptcy Court may enter an order sustaining the Fifth Omnibus Objection without further notice other than notice of the entry of such an order as provided in the Claims Objection Procedures Order. Thus, your failure to respond may forever bar you from sustaining a claim against the Debtors.

SIERRA LIQUIDITY FUND LLC ASSIGNEE DELIVERUS NETWORK INC
ASSIGNOR
SIERRA LIQUIDITY FUND
2699 WHITE RD STE 255
IRVINE CA 92614

4

| United States Bankruptcy Court  Southern  District Of  New York | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor<br>Delphi Automotive Systems, LLC & Delphi Corporation, et al. | Case Number<br>05-44640 & 05-44481 | This Space For Court Use Only |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):  **Sierra Liquidity Fund, LLC (Assignee)**
**Deliverus Network, Inc. (Assignor)**

Name and Address where notices should be sent:

Sierra Liquidity Fund
2699 White Road - Suite 255
Irvine, CA 92614

Telephone Number: 949-660-1144 x 17

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces  ☒ amends a previously filed claim dated: 12/21/05
↳ POC #1243

**1. Basis for Claim**
☒ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
    (date)       (date)

**2. Date debt was incurred:** Various  9/16/05

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ 22,290.00

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority
Amount entitled to priority $ _____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____
  Value of Collateral $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ 22,290.00      _____      _____    22,290.00
                                    (Unsecured)    (Secured)    (Priority)    (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**7. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

Date: 7/27/06   Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): [signature]  J.S. Riley PRES.

*Penalty for presenting fraudulent claim:* Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Summary of Attached Invoices and Documents

DeliverUS Network, Inc.
Sierra Liquidity Fund, LLC (Assignee)

| INVOICE NUMBER | PURCHASE ORDER NUMBER | TRACKING NUMBER | DATE | AMOUNT |
|---|---|---|---|---|
| 90511 | 450137405 | | 09/16/05 | $ 790.00 |
| 90512 | 450137401 | 1Z 967 147 03 4295 2105 | 09/16/05 | $ 21,500.00 |
| | | | Total | $ 22,290.00 |

# DELIVERUS NETWORK, INC.

2945 Bell Road, #219
Auburn, CA 95603
530-878-6809
530-878-6825 Fax

# Invoice

| DATE | INVOICE # |
|---|---|
| 9/16/2005 | 90512 |

| BILL TO | SHIP TO |
|---|---|
| Mike McCaustland 2-324<br>Delphi IT - Delphi WHQ<br>Northfield Crossing<br>1441 W. Long Lake Rd.<br>Troy, MI 48098 | Delphi World HQ<br>5725 Delphi Drive<br>Troy, MI 48098<br>Attn: Mike McCaustland<br>937-455-7753 |

| P.O. NUMBER | TERMS | DUE DATE | SHIP | VIA | FOB |
|---|---|---|---|---|---|
| 450137401 | Net 30 | 10/16/2005 | 9/16/2005 | UPS-Cons... | Origin |

| QTY. | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|---|---|---|---|---|
| 1 | XCPU1280-442-... | CPU/Memory Bundle with (4) !200Mhz CPU;s and 8GB memory for V1280 | 21,500.00 | 21,500.00 |
| 1 | Shipping | Shipping & Handling - UPS Consignee | 0.00 | 0.00 |
|  |  | SHIP FROM DUNS NUMBER<br><br>021824391<br>Out-of-state sale, exempt from sales tax | 0.00% | 0.00 |

Thank you for choosing Deliverus!

**Total**  $21,500.00

TERMS: All discrepancies or shortages must be reported to Deliverus within 48 hours after reciept. A 20% restocking fee for return of purchases, accompanied by an authorized RMA# apply. No refunds after 30 days. 2% service charge per month for past due balances. All products remain the property of Deliverus until the invoice is paid in full.




Home | About UPS | Contact UPS | Getting Started @ UPS.com

UPS Uni

**Shipping** | Tracking | **Support** | **Business Solutions**

Tracking

Log-In   User ID:                Password:                 | Forgot Password

→ **Track by Tracking Number**
  > Track by E-mail
  > Import Tracking Numbers
→ Track by Reference Number
→ Track by Freight Tracking Number
→ Track by Freight Shipment Reference
→ Track with Quantum View
→ Sign Up for Signature Tracking
→ Void a Shipment
→ Help

## Track by Tracking Number

View Tracking Summary

To see a detailed report for each package, please select the **View package progress** lir

| Tracking Number | Status | Delivery Information | |
|---|---|---|---|
| 1. 1Z 967 147 03 4295 210 5  → View package progress | **Delivered** | Delivered on:  Delivered to:  Signed by:  Service Type: | Sep 26, 200 10:24 A.M.  TROY, MI,  TROMBLEY  GROUND |

Tracking results provided by UPS: Nov 21, 2005 2:20 P.M.  Eastern Time (USA)

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tende you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems a information is strictly prohibited.

Copyright © 1994-2005 United Parcel Service of America, Inc. All rights reserved.

# DELPHI

_____ Delphi

Page 1 of 3

**Buyer:**
Delphi
5725 Delphi Dr.
TROY MI 48098

**Deliver to:**
DELPHI A WORLD HEADQUARTERS
MIKE MCCAUSTLAND
5725 DELPHI DRIVE
TROY MI 48098

DELIVERUS NETWORK INC
5703 ATHENOUR CT
PLEASANTON CA 94588

**Purchase Order**

PO Number: 450137401
Date Issued: 15-Sep-2005
Version: 15-Sep-2005 13:54:06

Delivery date: 24-SEP-2005

Vendor No: 1018282
DUNS No: 021824391

Payment Terms: 2N2M    Currency: USD
Payment settled on 2nd, 2nd Month

| Item No. | Material / Item Identifier / Description | Total Order Quantity | Plant Requester |
|---|---|---|---|
| 00010 | PR10178898 00010 SUN PART NUMBER XCPU1280-442-1200; CPU MEM BUNDLE WITH 4CPUS AND 8GB TOTAL MEMORY FOR SUNFIRE V1280 | 1.000 | EW01 DELPHI A WORLD HEADQUARTERS MC CAUSTLAND |

| Delivery Date | Scheduled Quantity | Price | Price Unit | UOM | Value |
|---|---|---|---|---|---|
| 24-SEP-2005 | 1.000 | 21,500.00 | 1 | EA | 21,500.00 |
| | | | | USD | 21,500.00 |

**Total net value** USD 21,500.00

**Notes:**
If this PO is in error, please advise the Purchasing Contact listed on the first page before shipping.
Terms and Conditions on file at Delphi and Supplier apply.

Purchasing Contact: Nelson, Charlene
Phone: 937-455-7753
Fax: 937-455-7798

Contact Address:
Delphi Headquarters IT
2000 Forrer Blvd.,
DAYTON OH 45401

Date and Time Printed: 15-Sep-2005 13:54:06

# DELIVERUS NETWORK, INC.

2945 Bell Road, #219
Auburn, CA 95603
530-878-6809
530-878-6825 Fax

# Invoice

| DATE | INVOICE # |
|---|---|
| 9/16/2005 | 90511 |

| BILL TO | SHIP TO |
|---|---|
| Mike McCaustland 2-324<br>Delphi IT - Delphi WHQ<br>Northfield Crossing<br>1441 W. Long Lake Rd.<br>Troy, MI 48098 | Delphi  World HQ<br>5725 Delphi Drive<br>Troy, MI 48098<br>Attn: Mike McCaustland<br>937-455-7753 |

| P.O. NUMBER | TERMS | DUE DATE | SHIP | VIA | FOB |
|---|---|---|---|---|---|
| 450137405 | Net 30 | 10/16/2005 | 9/16/2005 | UPS-Cons... | Origin |

| QTY. | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|---|---|---|---|---|
| 2 | XRA-SC1CB-73G10K | 73GB,10Krpm SCSI Disk Drive | 395.00 | 790.00 |
| 1 | Shipping | Shipping & Handling - UPS Consignee | 0.00 | 0.00 |
|  |  | SHIP FROM DUNS NUMBER 021824391<br>Out-of-state sale, exempt from sales tax | 0.00% | 0.00 |

Thank you for choosing Deliverus!

**Total**  $790.00

TERMS: All discrepancies or shortages must be reported to Deliverus within 48 hours after reciept. A 20% restocking fee for return of purchases, accompanied by an authorized RMA# apply. No refunds after 30 days. 2% Service charge per month for past due balances. All products remain the property of Deliverus until the invoice is paid in full.



Home | About UPS | Contact UPS | Getting Started @ UPS.com



UPS Uni

**Shipping** Tracking **Support** **Business Solutions**

Tracking

Log-In  User ID:          Password:            | Forgot Password

→ **Track by Tracking Number**
> Track by E-mail
> Import Tracking Numbers
→ Track by Reference Number
→ Track by Freight Tracking Number
→ Track by Freight Shipment Reference
→ Track with Quantum View
→ Sign Up for Signature Tracking
→ Void a Shipment
→ Help

**Track by Tracking Number**

View Tracking Summary

To see a detailed report for each package, please select the **View package progress** lir

| Tracking Number | Status | Delivery Information | |
|---|---|---|---|
| 1. 1Z 8E4 008 03 9329 476 5<br>→ View package progress | **Delivered** | Delivered on:<br>Delivered to:<br>Signed by:<br>Service Type: | Sep 27, 200 10:32 A.M.<br>TROY, MI,<br>BROWN<br>GROUND |

Tracking results provided by UPS: Nov 21, 2005 2:23 P.M. Eastern Time (USA)

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tende you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems a information is strictly prohibited.

Copyright © 1994-2005 United Parcel Service of America, Inc. All rights reserved.

http://wwwapps.ups.com/WebTracking/processInputRequest?HTMLVersion=5.0&trackn...    11/21/2005

# DELPHI

_____ Delphi

Page 1 of 3

**Buyer:**
Delphi
5725 Delphi Dr.
TROY MI 48098

**Purchase Order**

| PO Number | Date Issued |
|---|---|
| 450137405 | 15-Sep-2005 |

Version
16-Sep-2005 09:35:52

**Deliver to:**
DELPHI A WORLD HEADQUARTERS
MIKE MCCAUSTLAND
5725 DELPHI DRIVE
TROY MI 48098

Delivery date: 31-DEC-2005

DELIVERUS NETWORK INC
5703 ATHENOUR CT
PLEASANTON CA 94588

Vendor No: 1018282
DUNS No: 021824391

Currency: USD

Payment settled on 2nd, 2nd Month

| Item No. | Material No/Item Identifier No | Total Order Quantity | Plant Description |
|---|---|---|---|
| 00010 | PR10170899 00010 XRA-SC1CB-73G10K; INTERNAL | 2.000 | MW01 DELPHI A WORLD HEADQUARTERS MC CAUSTLAND |

| Delivery Date | Scheduled Quantity | Price | Price Unit | UOM | Value |
|---|---|---|---|---|---|
| 31-DEC-2005 | 2.000 | 395.00 | 1 | EA | 790.00 |
| Net Item Value | | | | USD | 790.00 |

*** PO quantity changed

| Total net value | USD | 790.00 |
|---|---|---|

**Notes:**
If this PO is in error, please advise the Purchasing Contact listed on the first page before shipping.

Terms and Conditions on file at Delphi and Supplier apply.

Purchasing Contact: Nelson, Charlene
Phone: 937-455-7753
Fax: 937-455-7798

Contact Address:
Delphi Headquarters IT
2000 Forrer Blvd.,
DAYTON OH 45401

Date and Time Printed: 16-Sep-2005 09:35:52