Thomas M. Kennedy (TK-0993)  
Susan M. Jennik (SJ-4607)  
KENNEDY, JENNIK & MURRAY, P.C.  
113 University Place  
New York, NY 10003  
(212) 358-1500  

Hearing Date and time:  
January 12, 2006  
10:00 a.m.  

**Attorneys for International Union of Electronic,**  
**Electrical, Salaried, Machine and Furniture Workers,**  
**Communications Workers of America (IUE-CWA)**  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| In re DELPHI CORPORATION, et al., | ) |
| | ) 05-44481 (RDD) |
| Debtors. | ) (Jointly Administered) |

**RESPONSE OF RETIREES OF DELPHI CORP. OR ANY OF ITS PREDECESSORS, SUBSIDIARIES OR RELATED ENTITIES WHO WERE REPRESENTED BY IUE-CWA DURING THEIR EMPLOYMENT TO NOTICE OF OBJECTION TO CLAIM AND TO FOURTH OMNIBUS OBJECTION (PROCEDURAL) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN DUPLICATE AND AMENDED CLAIMS**

Retirees of Delphi Corporation or any of its predecessors, subsidiaries or related entities who were represented by IUE-CWA during their employment ("IUE-CWA Retirees"), by their counsel, hereby respond to the Notice of Objection to their claims filed in the above-captioned case and to the Fourth Omnibus Objection (Procedural) pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain Duplicate and Amended Claims, and respectfully represent as follows:

## BACKGROUND

1.  On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its U.S. subsidiaries and affiliates (collectively, "the Debtors") filed voluntary petitions in this Court for

reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2. No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3. This Court has jurisdiction over this objection and response pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

### RESPONSE TO CLAIMS OBJECTION

**A. The Titles of the Claims Objections to which the Response is Directed**

4. The title of the Claims Objections to which the Response is directed are: 1) Notice of Objection to Claim to Retirees of Delphi Corp. or any of its Predecessors *et al.*; and 2) Fourth Omnibus Objection (Procedural) pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain Duplicate and Amended Claims.

**B. The Name of the Claimant and a Brief Description of the Basis for the Amount of the Claim**

5. The name of the claimant is Retirees of Delphi Corporation or any of its predecessors, subsidiaries or related entities who were represented by IUE-CWA during their employment ("IUE-CWA Retirees"). The basis of the claim is that Delphi seeks to modify the

welfare benefits of IUE-CWA Retirees and reserves the right to terminate its pension plan. See Declaration of Kevin M. Butler, Exhibit D, (Docket Number 3038), filed in support of Debtors' Motion for Authority to Reject Collective Bargaining Agreements under 11 U.S.C. § 1113(c) and Modify Retiree Welfare Benefits under 11 U.S.C. § 1114(g) ("Butler Dec."). These benefits are determined by collective bargaining agreements between Delphi and the IUE-CWA, effective from December 1, 2003 through October 12, 2007, as well as national and local supplemental agreements thereto. IUE-CWA Retirees are not now able to quantify the amount of these claims.

### C. Statement of Reasons Why the Claims Should Not Be Disallowed and Expunged

6. On July 28, 2006, IUE-CWA Retirees filed Proofs of Claim against each Debtor entity for General Unsecured and Unsecured Priority Claims for retiree benefits, wages, and contributions to an employee benefit plan. These claims are unliquidated. IUE-CWA Retirees do not have detailed information about the intricacies of the Debtors' corporate structure. Without such information, IUE-CWA Retirees risked the loss of claims for which a Debtor entity other than Delphi may be responsible. Therefore, IUE-CWA Retirees filed a Proof of Claim against each Debtor entity.

7. The Debtors have now objected, without explanation, to claim number 12574 (the "Disputed Claim") filed against Aspire, Inc. stating as the Basis for Objection of the claim: "Duplicate and Amended". The Surviving Claim, claim number 12599, was filed against Delphi Corporation.

8. Debtors assert that the Disputed Claim is "Duplicate and Amended". In support of the Objection, Debtors filed the Fourth Omnibus Objection which, in general terms, states

objections to duplicate claims and argues that claimants are not entitled to duplicate relief. Debtors offer no proof or evidence that the Disputed Claim is in fact duplicative. Debtors offer no evidence that should the Court grant their objection and swallow or expunge the Disputed Claim, IUE-CWA Retirees will be able to achieve complete relief from Delphi through the Surviving Claim. IUE-CWA Retirees should be provided the opportunity to engage in discovery regarding the nature of Aspire, Inc., and its potential responsibility for IUE-CWA Retirees' claims, before a determination on whether the Disputed Claim should be disallowed.

9. IUE-CWA Retirees do not seek duplicate relief. Rather, they merely seek to protect their right to claims for which a Debtor entity, other than Delphi, may be responsible. This case has been consolidated for administrative purposes only. There is no substantive consolidation and therefore, no protection from the risk that, unbeknownst to IUE-CWA Retirees, they must seek relief from a Debtor entity other than Delphi. "Without the check of substantive consolidation, debtors could insulate money through transfers among inter-company shell corporations with impunity." *In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000). Indeed, in the absence of substantive consolidation, a single claim filed against only one debtor entity may result in the dismissal of the claim. *In re Enron Corp.*, 419 F.3d 115, 127 (2d Cir.2005).

10. Debtors provide no basis for the objection that the claims have been "amended". IUE-CWA Retirees have not filed any amendments to their claims.

**D.    Documentation Sufficient to Establish a *Prima Facie* Right to Payment**

11. The collective bargaining agreements between Delphi and IUE-CWA, referred to in the Butler Dec., Ex. D, IUE-CWA Term Sheet_Final_102005 at 1-3 (Docket Number 3038).

## CONCLUSION

For all of the foregoing reasons, the Objection should be denied and the claims of IUE-CWA Retirees should be allowed against each Debtor entity.

Dated: January 4, 2007
      New York, NY

                          Respectfully submitted,

                          KENNEDY, JENNIK & MURRAY, P.C.
                          Counsel for IUE-CWA Retirees

                          By: /s/ Susan M. Jennik
                               Susan M. Jennik (SJ-4607)
                          113 University Place, 7th Floor
                          New York, New York 10003
                          Tel. (212) 358-1500

# AFFIDAVIT OF SERVICE

State of New York      )
                       ) ss.:
County of New York     )

    Joan Esposito, being duly sworn, deposes and says that: I am not a party to the action, am over 18 years of age, and reside in Kings County, New York. On January 4, 2007, I served the within Response of Retirees of Delphi Corp. or any of its Predecessors, Subsidiaries or Related Entities Who Were Represented by IUE-CWA During Their Employment to Notice of Objection to Claim and to Fourth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. §502(b) and Fed.R.Bankr.P.3007 to Certain Duplicate and Amended Claims by mailing a copy via overnight mail to the following:

    Delphi Corporation
    Attn: General Counsel
    5725 Delphi Drive
    Troy, MI 48098

    John W. Butler, Jr.
    John K. Lyons
    Randall G. Reese
    Skadden, Arps, Slate, Meagher & Flom, LLP
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois 60606

                                                        _____
                                                             JOAN ESPOSITO

Sworn to before me this
4th day of January, 2007.

_____
Notary Public

        LARRY MAGARIK
  NOTARY PUBLIC, State of New York
       No. 02MA5082506
    Qualified in Kings County
  Certificate Filed in Kings County
  Commission Expires July 28, 2009