Thomas M. Kennedy (TK-0993)  
Susan M. Jennik (SJ-4607)  
KENNEDY, JENNIK & MURRAY, P.C.  
113 University Place  
New York, NY 10003  
(212) 358-1500

Hearing Date and time:  
January 12, 2006  
10:00 a.m.

Attorneys for International Union of Electronic,  
Electrical, Salaried, Machine and Furniture Workers,  
Communications Workers of America (IUE-CWA)

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| In re DELPHI CORPORATION, et al., | ) |
| | ) 05-44481 (RDD) |
| Debtors. | ) (Jointly Administered) |

### RESPONSE OF LOCAL 718 IUE-CWA AND ITS MEMBERS TO NOTICE OF OBJECTION TO CLAIM AND TO FOURTH OMNIBUS OBJECTION (PROCEDURAL) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN DUPLICATE AND AMENDED CLAIMS

Local 718, IUE-CWA ("Local 718") and its members, by their counsel, hereby respond to the Notice of Objection to their claims filed in the above-captioned case and to the Fourth Omnibus Objection (Procedural) pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain Duplicate and Amended Claims, and respectfully represent as follows:

#### BACKGROUND

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its U.S. subsidiaries and affiliates (collectively, "the Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses

and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2. No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3. This Court has jurisdiction over this objection and response pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## RESPONSE TO CLAIMS OBJECTION

### A. The Titles of the Claims Objections to which the Response is Directed

4. The title of the Claims Objections to which the Response is directed are: 1) Notice of Objection to Claim to Local 718 IUE CWA and its members; and 2) Fourth Omnibus Objection (Procedural) pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain Duplicate and Amended Claims.

### B. The Name of the Claimant and a Brief Description of the Basis for the Amount of the Claim

5. The name of the claimant is Local 718, IUE-CWA and its members ("Local 718"). The basis of the claim is that in April, 2006, Local 718 represented 495 employees of Delphi at facilities in Brookhaven, MS. Declaration of Henry Newman, dated April 21, 2006, ¶ 13 (Docket No. 3340). The terms and conditions of their employment are determined by collective bargaining agreements between Delphi and the IUE-CWA, effective from December 1, 2003

through October 12, 2007, as well as national and local supplemental agreements thereto. Through this proceeding, the Debtors seek to terminate these collective bargaining agreements and to reduce wages, pensions and other benefits of its unionized employees. See Declaration of Kevin M. Butler, Exhibit D, (Docket Number 3038), filed in support of Debtors' Motion for Authority to Reject Collective Bargaining Agreements under 11 U.S.C. § 1113(c) and Modify Retiree Welfare Benefits under 11 U.S.C. § 1114(g) ("Butler Dec."). Local 718 is not now able to quantify the amount of these claims.

### C.  Statement of Reasons Why the Claims Should Not Be Disallowed and Expunged

6. On July 28, 2006, Local 718 filed Proofs of Claim against each Debtor entity for General Unsecured and Unsecured Priority Claims for retiree benefits, wages, and contributions to an employee benefit plan. These claims are unliquidated. Local 718 does not have detailed information about the intricacies of the Debtors' corporate structure. Without such information, Local 718 risked the loss of claims for which a Debtor entity other than Delphi may be responsible. Therefore, Local 718 filed a Proof of Claim against each Debtor entity.

7. The Debtors have now objected, without explanation, to 34 of the Local 718 claims, stating as the Basis for Objection of each claim: "Duplicate and Amended". The claims to which the Debtors object are claim numbers: 12880, 12881, 12882, 12883, 12884, 12886, 12887, 12888, 12889, 12890, 12891, 12894, 12895, 12896, 12897, 12898, 12899, 12900, 12901, 12902, 12904, 12905, 12906, 12907, 12908, 12909, 12910, 12911, 12912, 12913, 12916, 12917, 12918, 12919, (the "Disputed Claims"). The Surviving Claim in each case is identified by the Debtors as claim number 12893, which was filed against Delphi Corporation.

8.    Debtors assert that the Disputed Claims are "Duplicate and Amended". In support of the Objection, Debtors filed the Fourth Omnibus Objection which, in general terms, states objections to duplicate claims and argues that claimants are not entitled to duplicate relief. Debtors offer no proof or evidence that the Disputed Claims are in fact duplicative. Debtors offer no evidence that should the Court grant their objection and swallow or expunge the Disputed Claims, Local 718 will be able to achieve complete relief from Delphi through the Surviving Claim. Local 718 should be provided the opportunity to engage in discovery regarding the nature of each Debtor entity, and its potential responsibility for Local 718's claims, before a determination on whether the Disputed Claims should be disallowed.

9.    Local 718 does not seek duplicate relief. Rather, it merely seeks to protect its right to claims for which a Debtor entity, other than Delphi, may be responsible. This case has been consolidated for administrative purposes only. There is no substantive consolidation and therefore, no protection from the risk that, unbeknownst to Local 718, it must seek relief from a Debtor entity other than Delphi. "Without the check of substantive consolidation, debtors could insulate money through transfers among inter-company shell corporations with impunity." *In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000). Indeed, in the absence of substantive consolidation, a single claim filed against only one debtor entity may result in the dismissal of the claim. *In re Enron Corp.*, 419 F.3d 115, 127 (2d Cir.2005).

10.    Local 718 also seeks to protect its claims arising under the local agreements it has made, separate from the national agreements made by the IUE-CWA, which the Debtors seek to reject. See, Butler Dec., Ex. D at IUE-CWA Term Sheet_Final_102005 at 3 (Docket Number 3038).

11. Debtors provide no basis for the objection that the claims have been "amended". Local 718 has not filed any amendments to its claims.

### D.    Documentation Sufficient to Establish a *Prima Facie* Right to Payment

12. The collective bargaining agreements between Delphi and IUE-CWA, and Local 718 referred to in the Butler Dec., Ex. D, IUE-CWA Term Sheet_Final_102005 at 1-3 (Docket Number 3038).

### CONCLUSION

For all of the foregoing reasons, the Objection should be denied and the claims of Local 718 and its members should be allowed against each Debtor entity.

Dated: January 4, 2007
New York, NY

Respectfully submitted,

KENNEDY, JENNIK & MURRAY, P.C.
Counsel for Local 718, IUE-CWA and its members

By: *Susan M. Jennik*
Susan M. Jennik (SJ-4607)
113 University Place, 7th Floor
New York, New York 10003
Tel. (212) 358-1500

## AFFIDAVIT OF SERVICE

State of New York  )
                   ) ss.:
County of New York )

Joan Esposito, being duly sworn, deposes and says that: I am not a party to the action, am over 18 years of age, and reside in Kings County, New York. On January 4, 2007, I served the within Response of Local 718 IUE-CWA and its Members to Notice of Objection to Claim and to Fourth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. §502(b) and Fed.R.Bankr.P.3007 to Certain Duplicate and Amended Claims by mailing a copy via overnight mail to the following:

    Delphi Corporation
    Attn: General Counsel
    5725 Delphi Drive
    Troy, MI 48098

    John W. Butler, Jr.
    John K. Lyons
    Randall G. Reese
    Skadden, Arps, Slate, Meagher & Flom, LLP
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois 60606

_____
JOAN ESPOSITO

Sworn to before me this
4th day of January, 2007.

_____
Notary Public

LARRY MAGARIK
NOTARY PUBLIC, State of New York
No. 02MA5082506
Qualified in Kings County
Certificate Filed in Kings County
Commission Expires July 28, 2007