Eugene I. Farber (8817)
FARBER, PAPPALARDO & CARBONARI
200 East Post Rd.
White Plains, NY  10601
Telephone:  (914) 761-9400
Facsimile:  (914) 261-0747
e-mail:  efarber747@aol.com

-and-

Judy B. Calton (MI Bar # P38733)
Seth A. Drucker (MI Bar # P65641)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
Detroit, MI  48226
Telephone:  (313) 465-7344
Facsimile:  (313) 465-7345
e-mail:  jcalton@honigman.com

Attorneys for DBM Technologies LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
      In re                                    :   Chapter 11
                                                             :
**DELPHI CORPORATION <u>et al.</u>,**                         :   Case No. 05-44481 (RDD)
                                                             :
      Debtors.                                 :   (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### DBM TECHNOLOGIES, LLC'S RESPONSE
### TO DEBTORS' OBJECTION TO PROOF OF CLAIM 12387

For its response (the "Response") to *Debtors' Fourth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain Duplicate and Amended Claims* (the "Objection") [D.I. 6099], by which Delphi Corporation and its affiliated debtors (each a "Debtor," and collectively, "Debtors") seek to expunge proof of claim 12387 as duplicative of proof of claim 12133, DBM Technologies, LLC ("DBM") states as follows:

**PRELIMINARY STATEMENT**

DBM does not object to the expungment of one of its proofs of claim, so long as the correct proof of claim is expunged. At this time, however, Debtors have not provided DBM with any information in support of Debtors' assertion that the only Debtor against which DBM holds a claim is Delphi Automotive Systems LLC.

Debtors issued purchase orders to DBM under the names "Delphi," "Delphi Safety & Interior Systems," and "Delphi Energy & Chassis Systems." As of the commencement of Debtors' bankruptcy cases, DBM's books and records indicated that "Delphi," "Delphi Safety & Interior Systems," and "Delphi Energy & Chassis Systems" owed monies to DBM. Debtors have yet to provide DBM with the proper legal names of the Debtor or Debtors that control or are referred to as "Delphi," "Delphi Safety & Interior Systems," and "Delphi Energy & Chassis Systems," which names Debtors used in conducting business with DBM.

One or more Debtors accepted purchase orders from DBM listing the counterparty as "Delphi Harrison Thermal." Debtors have yet to provide DBM with the proper legal names of the Debtor or Debtors that control or are referred to as "Delphi Harrison Thermal," which name Debtors used in conducting business with DBM.

Once provided by Debtors with information sufficient to confirm which Debtor or Debtors control or are referred to as "Delphi," "Delphi Safety & Interior Systems," "Delphi Energy & Chassis Systems," and "Delphi Harrison Thermal," DBM will withdraw any duplicate proof of claim and this Response.

Further, DBM maintains that this entire objection process is unnecessary and a waste of limited judicial resources. In connection with its *Motion by DBM Technologies, LLC for Relief from Stay to Effect Setoff* (the "Setoff Motion") [D.I. 1042], filed on November 15, 2005,

2

Debtors and DBM have negotiated a consensual resolution to all of DBM's claims against Debtors. Debtors have failed, however, to consent to entry of an order resolving the Setoff Motion, which would in turn resolve DBM's claims against Debtors and the subject Objection as it applies to DBM.

### THE PROOFS OF CLAIM

1. As of the commencement of Debtors' bankruptcy cases, DBM's books and records indicated that "Delphi," "Delphi Safety & Interior Systems," and "Delphi Energy & Chassis Systems" owed monies to DBM. Neither "Delphi," "Delphi Safety & Interior Systems," nor "Delphi Energy & Chassis Systems," however, is the exact legal name of any of the Debtors herein.

2. In their bankruptcy schedules, Debtors listed DBM as a general unsecured creditor of Delphi Automotive Systems LLC.

3. Nevertheless, while attempting to negotiate a consensual resolution to the Setoff Motion, DBM took the position that Delphi Corporation apparently was the entity with which DBM did business.

4. DBM and Debtors were unable to resolve the Setoff Motion prior to the July 31, 2006 deadline set by the Court for parties to file proofs of claim.

5. Accordingly, on or about July 27, 2006, DBM filed a proof of claim asserting the DBM Claim (defined below) as a secured claim against Delphi Corporation. The Court docketed this proof of claim as proof of claim number 12387 ("Claim 12387").

6. And, in an abundance of caution, on or about July 27, 2006, DBM filed a proof of claim asserting the DBM Claim (defined below) as a secured claim against Delphi Automotive

3

Systems LLC. The Court docketed this proof of claim as proof of claim number 12133 ("Claim 12133" and, together with Claim 12387, the "Proofs of Claim").

## DBM'S MOTION FOR RELIEF FROM STAY

7. As of the commencement of Debtors' bankruptcy cases, Debtors owed DBM $301,519.70 for invoices issued prepetition by DBM to Debtors (the "DBM Claim").

8. As of the commencement of Debtors' bankruptcy cases, DBM owed Debtors $2,289,046.63 for invoices issued prepetition by Debtors to DBM.

9. Upon the commencement of Debtors' bankruptcy cases, DBM placed an administrative hold on a sufficient portion of its prepetition payable to Delphi to protect its right to setoff the DBM Claim, and sought Debtors' consent to the setoff so that a joint motion to approve the setoff could be proposed to the Court.

10. The Debtors would not consent to a joint motion to authorize DBM to setoff the DBM Claim.

11. Accordingly, on November 15, 2005, DBM filed the Setoff Motion.

12. DBM and Debtors engaged in lengthy negotiations attempting to resolve the DBM Claim.

13. DBM and Debtors adjourned the scheduled hearings on the Setoff Motion to allow the parties time to conduct informal discovery and negotiate a consensual resolution to the Setoff Motion.

14. In or about March, 2006, DBM and Debtors agreed on the amount of the DBM Claim, and that DBM was entitled to setoff the DBM Claim against amounts owed to Debtors by DBM.

4

15. Despite reaching an agreement with DBM, and repeated requests from DBM for entry of an agreed order resolving the Setoff Motion, thus, resolving the Proofs of Claim, Debtors failed to consent to entry of such an order.

16. Instead of fully and finally resolving this issue by stipulating to the entry of an order resolving the Setoff Motion, Debtors have instead chosen to pursue procedural objections to the Proofs of Claim by filing the Objection. This is in spite of the fact that Debtors had already reached an agreement to resolve all issues surrounding the DBM Claim, thus resolving the Proofs of Claim.

17. By objecting to Claim 12387, Debtors have forced DBM to jump through yet another meaningless procedural hoop, which will consume DBM's, Debtors', and this Court's limited resources.

18. DBM has already provided Debtors with information on the DBM Claim sufficient for Debtors to determine that the DBM Claim is valid and that DBM is entitled to exercise its rights to setoff those amounts.

19. The Objection serves no purpose other than to further delay the adjudication of the Setoff Motion and does not resolve the allowance or disallowance of the DBM Claim. Further, the Objection does not provide DBM with any proof or support for Debtors' assertion that DBM's only claim is against Delphi Automotive Systems LLC.

20. Accordingly, the relief requested in the Objection is premature, and should not be granted.

WHEREFORE, DBM respectfully requests that this Court enter an Order overruling the Objection to Proof of Claim 12387 and for such other and further relief as is just and proper.

        Respectfully submitted,

        FARBER, PAPPALARDO& CARBONARI
        Eugene I. Farber (8817)
        200 East Post Rd.
        White Plains, NY  10601
        Telephone:  (914) 761-9400
        Facsimile:   (914) 261-0747
        e-mail:  efarber747@aol.com

        -AND-

        HONIGMAN MILLER SCHWARTZ AND COHN LLP

        By:  /s/Judy B. Calton_____   _____
           Judy B. Calton (MI Bar # P38733)
           Seth A. Drucker (MI Bar # P65641)
        2290 First National Building
        660 Woodward Avenue
        Detroit, MI 48226-3506
        (313) 465-7344
        e-mail:  jcalton@honigman.com

Dated:  January 4, 2007

DETROIT.2447797.11