Judith Elkin (JE-4112)
HAYNES AND BOONE, LLP
153 East 53rd Street
Suite 4900
New York, NY 10022
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

Lenard M. Parkins (TX-15518200)
*(pro hac vice motion pending)*
Kenric D. Kattner (TX-11108400)
*(pro hac vice motion pending)*
HAYNES AND BOONE, LLP
1 Houston Center
1221 McKinney, Suite 2100
Houston, Texas  77010
Telephone:  (713) 547-2000
Facsimile:  (713) 547-2600

Attorneys for Highland Capital Management, LP

Hearing Date and Time: January 12, 2007 at 10:00 a.m.
Objection Deadline: January 4, 2007 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X
: 
In re: : Chapter 11
: 
DELPHI CORPORATION, *et al.*, : Case No.  05-44481 (RDD)
: 
Debtors. : (Jointly Administered)
-----------------------------------------------------------------------X

**HIGHLAND CAPITAL MANAGEMENT, LP'S LIMITED OBJECTION TO MOTION
FOR ORDER  UNDER 11 U.S.C. § 1121(d) EXTENDING DEBTORS' EXCLUSIVE
PERIOD WITHIN WHICH TO FILE AND SOLICIT ACCEPTANCES OF
REORGANIZATION PLAN**

Highland Capital Management, LP ("Highland Capital"), on behalf of itself, certain of its affiliates and related entities (collectively, "Highland"), files this Limited Objection to the Motion for Order Under 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Period Within Which to File and Solicit Acceptances of Reorganization Plan (the "Motion"), and for such would respectfully show the Court as follows:

**SUMMARY OF LIMITED OBJECTION**

1. Highland acknowledges that the Debtors have made significant progress since the filing of their cases in correcting certain historic operational problems. The Debtors' operations and outlook have improved during 2006 and they continue to improve. Earnings should increase dramatically in 2007 based on labor cost reductions and a number of operational improvements made in 2006. Additionally, the Debtors have made progress in identifying and prioritizing the major issues that must be resolved in order to effectuate an exit from Chapter 11 – specifically, the resolution of their issues with General Motors Corporation ("GM") and their labor unions.

2. However, the Debtors appear to have prematurely put all their hopes for rehabilitation in the proverbial "one basket." Thus, unless the Debtors' commit to discuss and consider alternative plan arrangements from that contained in the yet to be approved Framework Agreements,[1] exclusivity should not be extended so as to enable other parties in interest to consider alternative proposals and be given the opportunity to effectuate confirmation of a plan of reorganization.

**BACKGROUND FACTS**

3. On October 8 and 14, 2005, Delphi and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' Chapter 11 cases.

4. No trustee or examiner has been appointed in the Debtors' cases. On October 17,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").  On April 28, 2006, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

5. This Court has jurisdiction over the Motion and any objections thereto pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

6. On December 22, 2006, the Debtors filed the Motion seeking to extend their statutory exclusive right to file a plan of reorganization through and including July 31, 2007 and their right to solicit acceptances of a plan through and including September 30, 2007.  This is the Debtors' third request to extend exclusivity.

7. As indicated in the Motion, on December 18, 2006, the Debtors filed the Expedited Motion for Order Authorizing and Approving the Equity Purchase and Commitment Agreement Pursuant to Sections 105(a), 363(b), 503(b) and 507(a) of the Bankruptcy Code and the Plan Framework Support Agreement Pursuant to Sections 105(a), 363(b), and 1125(e) of the Bankruptcy Code (the "Plan Investment Motion") seeking an order authorizing and approving the Debtors' entry into an equity investment and plan framework agreement (collectively referred to in the Motion as the "Framework Agreements") proposed by Appaloosa Management, L.P., Cerberus Capital Management, L.P., Harbinger Capital Partners Master Fund I, Ltd., Merrill Lynch & Co. and UBS Securities, LLC. (collectively, the "Appaloosa/Cerberus Group").  The Appaloosa/Cerberus Group is referred to in the Motion as the "Plan Sponsors."

### LIMITED OBJECTION TO THE MOTION

8. Highland objects to the extension of exclusivity requested by the Debtors to the extent it is intended to give the Appaloosa/Cerberus Group an advantage over and possibly scare

off other potential suitors for the Debtors by making it appear that the Appaloosa/Cerberus Group's Framework Agreements are the sole structure for a plan of reorganization available to and being considered by the Debtors.  As set forth in the Motion, "Courts have denied extensions of the exclusive period when plan negotiations among parties in interest have broken down and the continuation of exclusivity would merely give the debtor unfair bargaining leverage over the parties in interest.  *See In re Lake in the Woods*, 10 B.R. 338, 345 (Bankr. E.D. Mich. 1981)."  Motion, ¶40, at 22.

9. As this Court is aware, on December 21, 2006, Highland delivered a commitment letter to Delphi's board of directors outlining Highland's proposal and commitment (the "Highland Commitment") to invest up to $4.7 billion in new common stock of reorganized Delphi in a transaction similar to that being proposed by the Appaloosa/Cerberus Group, but consistent with the principles of fairness embodied in the Bankruptcy Code.  No reason exists not to grant Highland (or any other future plan proponent) access to the Debtors and the creditor and equity constituencies for the development of a plan of reorganization pursuant to a reasonable confidentiality agreement between the Debtors and Highland.

10. Since submitting its proposal to the Debtors, Highland has attempted to negotiate a confidentiality agreement with the Debtors that protects the legitimate needs of the Debtors, but enables Highland to take the steps necessary to effectuate the transaction set forth in the Highland Commitment, including working with the various creditor and equity constituencies in these cases and working with potential investors.  The Debtors have indicated that they are willing to sign a confidentiality agreement with Highland only if Highland is prevented from or severely restricted in its ability to speak substantively with potential investors and other parties in interest in these cases.  Highland has been informed that similar restrictions have been placed on

all parties who have sought information from the Debtors. The Debtors are using the stick of a chilling confidentiality agreement as a way to block dialogue with parties who may need to be involved in the restructuring of the Debtors, other than through the Appaloosa/Cerberus Group proposal. Furthermore, the Framework Agreements appear to prevent the Debtors themselves from investigating or considering alternative proposals. Such restrictions on the ability of parties, other than the Debtors as joined with the Appaloosa/Cerberus Group, to formulate, negotiate and attempt to effectuate a plan of reorganization is antithetical to the Bankruptcy Code and a violation of the Debtors' fiduciary duties to all creditors and equity security holders.

11.    Numerous objections have been filed to the Plan Investment Motion by most major creditor and equity constituencies in the cases, including all statutory committees. There is no guarantee that the Plan Investment Motion will ever be approved or that the Appaloosa/Cerberus Group will ever actually be Plan Sponsors. As pointed out by a number of the parties objecting to the Plan Investment Motion, the Framework Agreements contain numerous outs and contingencies, many of which will be triggered by April 1, 2007. If exclusivity is extended solely for the purpose of allowing the Debtors to attempt to effectuate a plan based upon the Appaloosa/Cerberus Group's proposal outlined in the Framework Agreements, the Debtors will have wasted valuable time if the Appaloosa/Cerberus Group proposal deteriorates or is terminated. In order to prevent this waste of precious time, no reason exists to extend exclusivity if it is a *de facto* attempt to limit plan development to the proposal outlined in the Framework Agreements.

12.    The applicable authorities are contained within this Limited Objection. Therefore, pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b),

Highland respectfully requests that this Court waive the requirement that a separate memorandum of law be filed in support of this Limited Objection.

### RELIEF REQUESTED

Wherefore, based on the forgoing, Highland respectfully requests that the Motion be denied, or in the alternative, that as a condition to granting the Debtors' requested extension of exclusivity, the Debtors be required to (i) cooperate with other potential plan sponsors such that they can enter into a reasonable confidentiality agreement in order to enable them to receive information, speak with potential investors and speak with the other stakeholders in these cases; (ii) negotiate potential plan structures with parties in interest other than the Appaloosa/Cerberus Group; and (iii) consider plan structures other than that contained in the Framework Agreements.

Dated at New York, New York: January 4, 2007.

      /s/ Judith Elkin
**HAYNES AND BOONE, LLP**
Judith Elkin (JE-4112)
153 East 53rd Street
Suite 4900
New York, NY 10022
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

**HAYNES AND BOONE, LLP**
1 Houston Center
1221 McKinney, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Lenard M. Parkins (TX-15518200)
*(pro hac vice motion pending)*

**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT, LP**