Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Delphi Corporation, et al., | : | Case No.  05-44481 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**STATEMENT OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY
HOLDERS IN RESPONSE TO MOTION FOR ORDER UNDER 11 U.S.C. § 1121(d)
EXTENDING DEBTORS' EXCLUSIVE PERIODS WITHIN WHICH TO FILE AND
SOLICIT ACCEPTANCES OF REORGANIZATION PLAN**

TO:   THE HONORABLE JUDGE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Equity Security Holders (the "Equity Committee") of Delphi Corporation ("Delphi") and the other above-captioned debtors (collectively, the "Debtors") by and through its counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, files this statement in response to the Debtors' motion for an order under 11 U.S.C. § 1121(d) extending the Debtors' exclusive periods within which to file and solicit acceptances of their chapter 11 reorganization plan (the "Motion") and respectfully states as follows:

**BACKGROUND**

1.     On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2.     On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "UCC").

3.     On January 6, 2006, the Court entered an order extending the Debtors' exclusive period for (a) filing a plan of reorganization and (b) soliciting acceptances of such plan to August 5, 2006 and October 4, 2006, respectively.

4.     On April 28, 2006, the U.S. Trustee appointed the Equity Committee.

5.     On May 8, 2006, the Equity Committee engaged Fried, Frank, Harris, Shriver & Jacobson LLP as counsel, with such retention approved by this Court on June 19, 2006, *nunc pro tunc* to May 8, 2006.

6.     On June 19, 2006, the Court entered an order further extending the Debtors' exclusive period for (a) filing a plan of reorganization and (b) soliciting acceptances of such plan to February 1, 2007 and April 2, 2007, respectively.

7.     On December 18, 2006, the Debtors filed an expedited motion (the "Framework Motion") for an order authorizing and approving the Equity Purchase and Commitment Agreement pursuant to 11 U.S.C. §§ 105(a), 363(b), 503(b), and 507(a) and the Plan Framework Support Agreement pursuant to 11 U.S.C. §§ 105(a), 363(b), and 1125(e) pursuant to which the

Debtors proposed a transaction with certain potential third party plan investors.

8. On December 19, 2006, the Equity Committee filed the Preliminary Objection of the Official Committee of Equity Security Holders to Expedited Motion for Order Authorizing and Approving the Equity Purchase and Commitment Agreement Pursuant to Sections 105(a), 363 (b), and 507(a) of the Bankruptcy Code and the Plan Framework Support Agreement Pursuant to Sections 105(a), 363(b), and 1125(e) of the Bankruptcy Code.

9. On December 20, 2006, the Equity Committee filed the First Supplemental Objection of the Official Committee of Equity Security Holders in Opposition to Debtors' Expedited Motion for Order Authorizing and Approving the Equity Purchase and Commitment Agreement Pursuant to Sections 105(a), 363(b), 503(b) and 507(a) of the Bankruptcy Code and the Plan Framework Support Agreement Pursuant to Sections 105(a), 363(b) and 1125(e) of the Bankruptcy Code (the "First Supplemental Objection").  Pursuant to the First Supplemental Objection, the Equity Committee reserved its right to file a supplemental objection based on additional information obtained in connection with the Framework Motion.

10. On December 22, 2006, the Debtors filed the Motion, pursuant to which they seek an order further extending their exclusive period for (a) filing a plan of reorganization and (b) soliciting acceptances of such plan to July 31, 2007 and September 30, 2007, respectively.

11. On January 4, 2007, the UCC filed an objection to the Motion pursuant to which they requested that any extension of the Debtors' exclusive periods be limited to 60 days.

## STATEMENT

12. Although the Equity Committee shares many of the reservations expressed by the UCC in its objection to the Debtors' motion for continued exclusivity, the Equity Committee defers in all respects to the Court and its discretion to determine whether to grant the Motion and

extend exclusivity as requested by the Debtors. However, as described in the Equity Committee's prior pleadings filed in connection with the Framework Motion, it is of critical importance to the Equity Committee that *any* plan of reorganization be the result of a fair and open process in which potential bidders or plan investors are able to compete on a level playing field, and which ensures that the highest and best offer is obtained by the Debtors to maximize value for all constituencies. If exclusivity is extended, the Debtors must proceed with an open and fair process designed to maximize value that does not favor any party, and does not involve any special provisions, side agreements, extra-contractual understandings or other terms that would have the effect of chilling the bidding and thus precluding the Debtors from obtaining maximum value for all of their constituencies  In that regard, the Equity Committee reserves its right to seek termination of the Debtors' exclusivity in the future if that becomes necessary to ensure that a fair and open process is conducted and that the highest and best offer forms the basis of the Debtors' chapter 11 plan of reorganization.

Dated: January 4, 2007
New York, New York

                                         FRIED, FRANK, HARRIS, SHRIVER
                                           & JACOBSON LLP

                                         By:   /s/ Debra M. Torres
                                               Bonnie Steingart (BS-8004)
                                               Debra M. Torres (DT-9093)

                                         One New York Plaza
                                         New York, New York 10004
                                         Telephone: 212.859.8000
                                         Facsimile: 212.859.4000

                                         *Counsel for the Official Committee of Equity*
                                         *Security Holders*

574360