05-44481-rdd    Doc 6454    Filed 01/04/07    Entered 01/04/07 19:50:27    Main Document
    Pg 1 of 6

Marianne Goldstein Robbins
Jill M. Hartley
Previant, Goldberg, Uelmen,
 Gratz, Miller, & Brueggeman, s.c.
1555 N. RiverCenter Drive - Suite 202
Milwaukee, WI    53212
Telephone:    (414)   271-4500
Facsimile:    (414)   271-6308

Attorneys for IBEW Local 663 and
IAMAW District 10

Barbara Mehlsack
Gorlick, Kravitz & Listhaus, P.C.
17 State Street
New York, New York   10004
Telephone: (212) 269-2500
Facsimile: (212) 269-2540

Attorneys for IUOE

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| DELPHI CORPORATION, et al., | Chapter 11<br>Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**CONFIRMATION OF EXTENSION AND RESPONSE OF IBEW LOCAL 663, IAMAW DISTRICT 10 AND LODGE 78 AND IUOE TO THE LOCALS 1015, 832S AND 18S TO THE FOURTH OMNIBUS OBJECTION (PROCEDURAL) PURSUANT TO 11 U.S.C. SECTION 502(b) AND FED. R BANKR. P. 3007 TO CERTAIN DUPLICATE AND AMENDED CLAIMS ("FOURTH OMNIBUS CLAIM OBJECTION").**

**INTRODUCTION**

IBEW Local 663 ("IBEW") and IAMAW District 10 and Lodge 78 ("IAM") an International Union

of Operating Engineers Locals 101S, 832S and 18S("IUOE") hereby (collective the "Responding Unions")

confirm the adjournment and further respond to the Fourth Omnibus Objection as it applies to their

1

claims and hereby confirm an agreement to extend the deadline for respond to the objection to a later date and to further respond as follows:

## BACKGROUND

1. On October 8 and 14, 2005, Delphi Corporation and certain of its U.S. subsidiaries and affiliates ("the Debtors") filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of the U. S. Code 11 U.S.C. § 101-1330, as amended.("Bankruptcy Code").

2. This Court has jurisdiction over this objection and response pursuant to 28 U.S.C. Section 157 and 1334.

## CONFIRMATION OF EXTENSION

3. On or about December 8, 2006, Debtors filed a Fourth Omnibus Objection to Certain Duplicate and Amended Claims. Thereafter, the Responding Unions requested adjournment of the objection as it applied to them. By email dated December 30, 2006, counsel for the Debtors confirmed the deadline for the response to the objection to the claims of the IAM and IBEW would be moved to the response date in February. The IUOE received confirmation of an extension of time to respond to the Objection of Claims on January 3, 2007.

4. The responding Unions assume this adjournment will be documented in an agenda for the hearing scheduled for January 12, 2007. This confirmation of extension and response is filed out of an abundance of caution since the agenda has not been filed to date.

## RESPONSE TO CLAIMS OBJECTION

5. The title of the Claims Objection which response is directed are:

(a). Notice of Objection to Claim IAMAW District 10 and Lodge 78 on behalf of the employees and retirees it represented.

(b). Notice of Objection to Claim IBEW Local 663 on behalf of the employees and retirees it represents.

2

    (c).    Notice of Objection to Claim International Union of Operating Engineers Local101S on behalf of the employees and retirees its represents.

    (d).    Notice of Objection to Claim International Union of Operating Engineers Local 832S on behalf of employees and retirees its represents.

    (e).    Notice of Objection to Claim International Union of Operating Engineers Local 18S on behalf of employees and retirees it represents.

All of the above Notices refer to the Fourth Omnibus Objection to Claims.

6.    The Names of the Claimants are:

    (a).    IAMAW District 10 and Lodge 78 on behalf of the employees and retirees it represented.

    (b).    IBEW Local 663 on behalf of the employees and retirees it represents.

    (c).    International Union of Operating Engineers Local101S on behalf of the employees and retirees its represents.

    (d).    International Union of Operating Engineers Local 832S on behalf of employees and retirees its represents.

    (e).    International Union of Operating Engineers Local 18S on behalf of employees and retirees it represents.

7.    The basis of the above listed claimants are outstanding grievances, accrued but unpaid contractual benefits and unliquidated amounts which may result from negotiated concessions pursuant to 11 U.S.C. Section 1113 and 1114, or from a Court Order rejecting collective bargaining agreements to which the above-referenced Claimants are party, and/or modification of retiree benefits provided to retirees represented by the above-named Unions.

8.    The amount of the claims are:

    (a)    IAMAW District 10 and Lodge 78 - $114,072.00 plus unliquidated amounts;

(b)    IBEW Local 663 - $1,672,095.08 plus unliquidated amounts;

(c)    IEOE Local 101S-$35,000.00 plus unliquidated amounts;

(d)    IUOE Local 832 unliquidated amounts and

(e)    IUOE Local 18S - $28,000.00 plus unliquidated amounts.

9.    At the time the responding Unions filed Proofs of Claims against each Debtor entity, the responding Unions did not have information about the intracacies of Debtors' corporate structure. Without such information, the retirees and employees whom the responding Unions represent risk loss of claims for which a Debtor entity may be responsible. Therefore, the responding Unions filed Proofs of Claims against each Debtor entity.

10.    The Debtors have objected without explanation to each claim other than unclaim filed against Delphi Corporation as "Duplicate and Amended". Debtors' state in general terms Claimants are not entitled to duplicate relief but offer no proof, evidence or argument that the disputed claims are in fact duplicative. Debtors have offered no evidence that claims are inappropriately filed against any Debtor entity.

11.    The responding Unions do not seek duplicative relief, rather they seek to protect their right to claims for which each Debtor entity may be responsible. Responding Unions were required to file against each entity to preserve their claims against that entity since the cases have been consolidated for administrative purposes only.

12.    Debtors provide no basis for the objection that the claims have been amended or any basis for claiming that amended claims are inappropriate.

13.    Documentation of the claims are provided by the collective bargaining agreements in evidence in the pending Section 1113/1114 case as well as the documentation attached to or referred to in each Proof of Claim. Additional documentation has been provided for grievances at the Debtors' locations at which the grievance arose. Debtors do not assert that Responding Unions' claims lack

4

appropriate documentation.

## CONCLUSION

For the foregoing reasons, Debtors objection as it applies to the responding Unions should be denied. The responding Unions reserve the right to supplement this Response in accordance with the parties agreement to adjourn the deadline to respond to February.

Dated: January 4, 2007.

/s/ Marianne Goldstein Robbins
Marianne Goldstein Robbins
Previant, Goldberg, Uelmen, Gratz, Miller
& Brueggeman, S.C.
1555 N. RiverCenter Drive - Suite 202
P.O. Box 12993
Milwaukee, WI   53212
Telephone: (414) 271-4500
Facisimle: (414) 271-6308
mgr@previant.com

Attorneys for IBEW Local 663 and IAMAW District 10

Dated: January 4, 2007

/s/ Barbara Mehlsack
Barbara Mehlsack
Gorlick, Kravitz & Listhaus, P.C.
17 State Street
New York, New York   10004
Telephone: (212) 269-2500
Facisimile: (212) 269-2540
bmehlsack@gkllaw.com

Attorneys for IUOE

*G:\DOCS\ELE663\71259\M0180359.WPD*

6