Bonnie Steingart (BS-8004)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000

*Counsel for the Official Committee of Equity Security Holders*

Blair Connelly (BC-0237)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: 212.906.1200

*Counsel for the Official Committee of Unsecured Creditors*

David Rosner (DR-4214)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: 212.506.1700

*Counsel for the Ad Hoc Trade Committee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Delphi Corporation, et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**JOINT EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, OFFICIAL COMMITTEE OF EQUITY SECURITY
HOLDERS AND THE AD HOC TRADE COMMITTEE TO PRECLUDE
TESTIMONY OF DAVID L. RESNICK RELATING TO DEBTORS' EXPEDITED
MOTION FOR ORDER AUTHORIZING AND APPROVING EQUITY
PURCHASE AND COMMITMENT AGREEMENT PURSUANT TO 11 U.S.C. §§
105(A), 363(B), 503(B), AND 507(A) AND PLAN FRAMEWORK AND SUPPORT
<u>AGREEMENT PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), AND 1125(E)</u>**

TO:   THE HONORABLE JUDGE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Equity Security Holders (the "Equity Committee"), the Official Committee of Unsecured Creditors (the "Creditors' Committee"), and the Ad Hoc Trade Committee (collectively, the "Committees") of Delphi Corporation ("Delphi") and the other above-captioned debtors (collectively, the "Debtors") by and through their undersigned counsel, hereby submit this emergency motion (the "Motion") to preclude the testimony of David L. Resnick relating to Debtors' Expedited Motion for Order Authorizing and Approving Equity Purchase and Commitment Agreement Pursuant to 11 U.S.C. §§ 105(a), 363(b), 503(b), and 507(a) and Plan Framework and Support Agreement Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 1125(e) (the "Framework Motion"). In support of the Motion, the Committees respectfully state as follows:

## PRELIMINARY STATEMENT

1.      Despite the Committees' best efforts to cooperate with the Debtors in connection with the Committees' discovery efforts relating to the Framework Motion, at this eleventh hour, just days before the hearing on the Framework Motion, the Debtors have taken actions to thwart the Committees' ability to properly examine, both at deposition and trial, one of the Debtors' key witnesses relating to the Framework Motion. After waiting weeks to designate David L. Resnick of Rothschild, Inc. ("Rothschild"), the Debtors' financial advisors, as a witness to offer testimony at the hearing on the Framework Motion, the Debtors are now refusing to make a full production of documents directly relating to Mr. Resnick's testimony – testimony that the Debtors have asserted is critical to the issues underlying the Framework Motion. Such failure to

2

produce documents relevant to Mr. Resnick's testimony is not only in violation of the Federal Rules of Civil Procedure, but also will unduly harm and prejudice the Committees who will not be afforded the opportunity to adequately examine Mr. Resnick both at his deposition scheduled for tomorrow or at the January 11 hearing. As such, unless and until the Debtors make a full production relating to Mr. Resnick and Rothschild as requested by the Committees, the Debtors must be precluded from offering Mr. Resnick's testimony at the hearing on the Framework Motion.

## BACKGROUND

2. On December 18, 2006, the Debtor filed the Expedited Motion for Order Authorizing and Approving the Equity Purchase and Commitment Agreement Pursuant to Section 105(a), 313(b), 503(b) and 507(a) of the Bankruptcy Code and the Plan Framework Support Agreement (together with the Equity Purchase and Commitment Agreement, the "Framework Agreements") Pursuant to Sections 105(a), 363(b), and 1125(e) of the Bankruptcy Code (Docket No. 6179). The hearing on the Framework Motion is scheduled for this Thursday, January 11, 2007. As this Court is aware, the Framework Motion is the most significant pleading filed by the Debtors in their chapter 11 cases to date, as it sets the stage for a proposed plan of reorganization and, if approved, would obligate the Debtors to pay out millions of dollars to fees to various parties.

3. Immediately after the filing of the Framework Motion, the Committees each filed objections to the Framework Motion. Specifically, on December 19, 2006, the Creditors' Committee and the Equity Committee both filed preliminary objections to the Framework Motion and the Equity Committee subsequently filed a first supplemental objection on

3

December 20, 2006 (Docket Nos. 6209, 6211 and 6247, respectively). On December 21, 2006, the Trade Committee filed its objection to the Framework Motion (Docket No. 6254). Upon the filing of these objections, the Committees and the Debtors engaged in pre-trial discovery discussions and as a result, on December 22, 2006, the Court entered the Pretrial and Scheduling Order Relating to Debtors' Expedited Motion for Order Authorizing and Approving Equity Purchase and Commitment Agreement Pursuant to 11 U.S.C. §§ 105(a), 363(b), 503(b), and 507(a) and Plan Framework and Support Agreement Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 1125(e) (the "Scheduling Order"). Since the filing of the Framework Motion, the Committees have been cooperating amongst themselves and the Debtors to conduct the necessary discovery of the Debtors in connection with the Framework Motion.

4. According to the Debtors, in developing the Debtors' proposed restructuring framework and Framework Agreements, the Debtors relied on their outside advisors, including Mr. Resnick, who is Managing Director at Rothschild, the Debtors' financial advisors retained in connection with the Debtors' restructuring. *See* Debtors' Motion Under Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45 to Quash Trial Subpoenas Served By The Official Committee of Unsecured Creditors, the Official Committee of Equity Security Holders, And The Ad Hoc Trade Committee on Robert S. Miller and John D. Opie dated January 7, 2007 ("Debtors' Motion to Quash"). However, early in the process and through the end of December, 2006, the Debtors indicated to the Committees that they had not decided whether to call Mr. Resnick at the hearing.

5. On Tuesday afternoon, January 2, 2007, the Committees were first notified by the Debtors that they had decided to call Mr. Resnick to offer testimony at the hearing. However,

4

the Debtors failed to indicate to the Committees what the scope and nature of such testimony would be.  Specifically, the Debtors failed to indicate whether Mr. Resnick would be called as a fact witness or whether he would be testifying about the advice Rothschild gave to the Delphi Board regarding the Framework Agreements.

6. Since the Debtors decided to call Mr. Resnick at the hearing, the Debtors have failed to provide the Committees with any offer of direct testimony of Mr. Resnick.  The Debtors had previously advised the Committees that Saturday, January 6, 2007, they would be providing the Committees with a copy of Mr. Resnick's declaration (which is still grossly overdue given the fact that the Mr. Resnick is scheduled to be deposed tomorrow morning), but the Committees only received such direct testimony at 3:30 pm Saturday afternoon, January 6.  Prior to that and as a placeholder for the belated delivery of the declaration, at approximately 6:00 pm Saturday evening, the Debtors circulated by e-mail various documents that purportedly relate to Mr. Resnick's testimony.  Based upon a preliminary review of these documents, it first became clear to the Committees that Mr. Resnick was not being offered merely as a fact witness at the hearing but rather was being offered to testify about the advice Rothschild gave to the Delphi Board concerning the Framework Agreements.

7. Upon first receiving this partial production and first learning that Mr. Resnick would be testifying about the advice Rothschild gave to the Delphi Board, it became critical that the Committees be provided with and given a fair opportunity to review all of Rothschild's files relating to the work and analysis it performed and advice it gave in connection with the Framework Agreements.  Therefore, counsel to the Equity Committee immediately responded to Debtors' counsel at 7:53 pm on January 6, informing Debtors' counsel that "to the extent they

are now offering the testimony of mr. resnick and documents as well, it is inappropriate to make a partial production" and requesting "the production of all rothschild documents concerning the framework agreements, including but not limited to communications with the debtors, and any and all third parties," with the relevant time frame being November 1, 2006 through the present. *See* Email from B. Steingart to A. Hogan (attached hereto as Exhibit A). In response, Debtors' counsel asserted that this request was unreasonable and, after brief discussion, the Committees and the Debtors scheduled a meet and confer meeting for today, January 7, 2007, at 4:00 pm. During this meet and confer, Debtors' counsel refused to produce the documents from Rothschild's files relating to Framework Agreements, as requested by the Committees, although counsel did admit that there were other documents in Rothschild's files relating to those Agreements.

## ARGUMENT

<u>The Debtors Have Wrongfully Refused to Produce Relevant Documents and Have Made A Selective Production</u>

8.   As an initial matter, under the Federal Rules of Civil Procedure, there is no question that the documents requested by the Committees – all Rothschild documents concerning the Framework Agreements, including but not limited to communications with the debtors, and any and all third parties – are highly relevant to this action and therefore discoverable. *See* Rule 26(a)(b) FED. R. CIV. P. Even construing the issues to be determined at trial as narrowly as possible, the work that Rothschild performed with respect to the Framework Agreements, including its analyses as to the reasonableness of those agreements, goes to the very heart of this case. There is also no question that such documents exist, as even Mr. Resnick freely admits in his declaration that "Rothschild is directly involved in all aspects of the Debtors' restructuring."

6

Resnick Decl. ¶8.  Accordingly, Debtors' refusal to produce these documents is not justified and the Debtors hereby move to compel their production under Rule 37 of the Federal Rules of Civil Procedure.

9. There is absolutely no basis under the Federal Rules to support what the Debtors have done here, namely to offer a witness to testify and then limit the production of documents relating to such testimony to only those documents that the Debtors choose to make available. The Federal Rules of Civil Procedure require that all properly requested, relevant non-privileged documents relating to a topic be produced in a timely fashion.  In the event a party fails to produce required documents on certain topics and then seeks to present witness testimony on those same topics, courts have recognized that the opposing party will be unduly prejudiced by such testimony as the party will not have the opportunity to conduct an informed and appropriate assessment of the testimony and cross-examination and/or rebuttal of the witness. *See, e.g., Cunningham v. Consolidated Edison, Inc.*, 2006 U.S. Dist. LEXIS 22482, * 41 (E.D.N.Y. 2006) ("*Rule 26* is intended to allow opposing parties to have a reasonable opportunity [to] prepare for effective cross examination, and to question other witnesses in order to rebut a witness's testimony.  Where a party is denied the opportunity for such preparation, the testimony must be excluded.") (citations and quotations omitted).

10. Although we recognize that the hearing on these issues is scheduled for later this week, if the Debtors find the Committee's document request to be unreasonable given the time constraints, the Debtors have only themselves to blame.  The Committees should not and cannot be penalized for circumstances the Debtors created.  Indeed, since the filing of the Framework Motion in December, 2006, the Debtors have had every opportunity to inform the Committees of

7

the fact that Mr. Resnick would be testifying and of the substance of such testimony. Had the Debtors disclosed this information in a more timely fashion, the Committees' document request, which is wholly consistent with the Federal Rules of Civil Procedure, would have been made that much earlier in the process, potentially weeks ago. Instead, the Debtors waited until just last week to advise the Committees that Mr. Resnick would be called at the hearing and even then, the Debtors failed to disclose the substance of such testimony. The Committees ultimately learned what Mr. Resnick was to testify about through a review of various supporting documents relating to Mr. Resnick's testimony that were only provided *Saturday night*. The Debtors only provided the substance of Mr. Resnick's direct testimony this afternoon.

11. In addition to their staunch refusal to produce relevant documents as required under the Federal Rules, Debtors have, through their recent conduct in this case, potentially overstepped even more fundamental rules of litigation. It is questionable enough to offer testimony of a witness when there has been incomplete or inadequate document discovery on the topics of that witness's testimony. Here, the Debtors have gone a step further, offering a *selective* production of those documents related to that testimony. There is no dispute that the Committees have received only the documents relating to Mr. Resnick that the Debtors have unilaterally chosen to provide – presumably, the documents that best support Mr. Resnick's self-serving testimony. There may well be other documents that Mr. Resnick also received, created or reviewed that are inconsistent with or which directly refute his testimony. However, because the Debtors have only sprung Mr. Resnick as a witness in these last days, the Committees have had no viable opportunity to discover them.

12. Allowing Mr. Resnick to testify in such circumstances puts the Committees at an

unfair disadvantage as they have not had the benefit of the entire universe of information concerning what Rothschild did in connection with the Framework Agreements, including the analyses performed, the results thereof and the advice to the Delphi Board. Such information is critical for the Committees in deposing Mr. Resnick and their examination of Mr. Resnick at the hearing.

13. Courts routinely prohibit such selective disclosures in a host of contexts. *See, e.g., Convolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98, 103-4 (S.D.N.Y. 2004), in the context of attorney-client privilege (where defendant waived its attorney-client privilege with regard to a specific legal opinion, it was required to produce legal opinions of other attorneys who advised defendant on same subject matter); *Lohrenz v. Donnelly*, 187 F.R.D. 1, 10 (D.D.C. 1999), in the context of protective orders ("a litigant cannot be allowed to bring a lawsuit making a certain set of documents relevant to the court's discovery process and central to the public allegations made but then pick and choose which documents she would like released"); *Wade v. Soo Line R.R.*, 2005 U.S. Dist. LEXIS 17772, *11 (N.D. Ill. Aug. 22, 2005), in the context of depositions (counsel not permitted to withhold discoverable documents during a deposition on the grounds that it did not intend to offer such documents at trial); *Alexander v. FBI*, 2000 U.S. Dist. LEXIS 8859, *13 (D.D.C. May 3, 2000), in the context of interrogatories ("The [defendant] can not simply pick and choose what documents it must produce by pronouncing those that it produced to be the only ones it 'relied upon' for its answers."). This Court should do the same here.

Mr. Resnick's Testimony Should Be Precluded

14. Mr. Resnick's testimony goes to the heart of the Debtors' Framework Motion and

9

the various objections relating thereto – the reasonableness and propriety of the Delphi Board's decision to approve the Framework Agreements and the Framework Motions.  In fact, the Debtors acknowledge that the scope of the January 11 hearing on the Framework Motion "will be limited to the exercise of the Debtors' business judgment in adopting the Framework Agreements" and that "Mr. Resnick was central in orchestrating the framework negotiation process, and in discussing the framework proposals with Delphi's Board."  *See* Motion to Quash ¶¶ 12, 15.  Mr. Resnick's declaration, produced earlier today, addresses in some detail the "framework discussions and negotiations among the Debtors and their major stakeholders" as well as the "information presented to Delphi's Board of Directors."  Resnick Decl. ¶2.

15.     Therefore, given the Debtors' refusal to provide a full production with respect to the topics of Mr. Resnick's testimony, a refusal which would unjustifiably harm and prejudice the Committees in the event Mr. Resnick testified at the hearing, coupled with the Debtors' delay in informing the Committees of the fact that Mr. Resnick would be called to testify and the scope and nature of his testimony, the Debtors should be precluded from calling Mr. Resnick to provide testimony concerning the advice Rothschild gave to the Debtors and the Delphi Board concerning the Framework Agreements.  There is no question that this Court may preclude evidence, including testimony of a witness, in order to avoid the risk of prejudice to an opposing party.  *See Patterson v. Balsamico*, 440 F.3d 104, 117-18 (2d Cir. 2006) (affirming grant of motion under Rule 37 to preclude testimony of witnesses identified by defendants shortly before trial on the grounds that such testimony would unfairly prejudice plaintiff); *Cunningham v. Consolidated Edison, Inc.*, 2006 U.S. Dist. LEXIS 22482, * 41 (E.D.N.Y. 2006); ("Where a party is denied the opportunity [to cross examine a witness or rebut testimony], the testimony

must be excluded.") (citations and quotations omitted); *BMS Entertainment/Heat Music LLC v. Bridges*, 2005 U.S. Dist. LEXIS 23000, *9 (S.D.N.Y. October 7, 2005) (precluding testimony of plaintiff's expert witness for failure to produce documents in expert's possession, including "underlying notes, communications and analysis which may be critical for cross-examination.")

## NOTICE

16.    Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883).  In light of the nature of the relief requested, the Committees submit that no other or further notice is necessary.

## MEMORANDUM OF LAW

17.    Because the points and authorities upon which this Motion relies are set forth in the Motion itself, the Committees respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied and waived.

## NO PRIOR REQUEST

18.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Committees request entry of an order (i) precluding David L. Resnick from offering testimony at the hearing on the Framework Motion unless and until the Debtors comply with the Committee's most recent document request relating to Mr. Resnick and

11

Rothschild and (ii) granting such other and further relief as is just and proper.

Dated:  January 8, 2007
         New York, New York

        FRIED, FRANK, HARRIS, SHRIVER
          & JACOBSON LLP

        By: /s/ Bonnie Steingart
           Bonnie Steingart (BS-8004)

        One New York Plaza
        New York, New York 10004
        Telephone:  212.859.8000

*Counsel for the Official Committee of Equity Security Holders*

        LATHAM & WATKINS LLP

        By: /s/ Blair Connelly
           Blair Connelly (BC-0237)

        885 Third Avenue
        New York, New York 10022
        Telephone:  212.906.1200

*Counsel for the Official Committee of Unsecured Creditors*

        KASOWITZ, BENSON, TORRES &
          FRIEDMAN LLP

        By: /s/ David Rosner
           David Rosner (DR-4214)

        1633 Broadway
        New York, New York 10019
        Telephone:  212.506.1700

*Counsel for the Ad Hoc Trade Committee*

574701