Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 11 |
| Delphi Corporation, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

*EX PARTE* MOTION FOR ORDER AUTHORIZING THE
OFFICIAL COMMITTEE OF EQUITY SECURITY
HOLDERS TO FILE A REDACTED VERSION OF ITS
SECOND SUPPLEMENTAL OBJECTION TO DEBTORS'
EXPEDITED MOTION FOR ORDER AUTHORIZING AND
APPROVING THE EQUITY PURCHASE AND
COMMITMENT AGREEMENT PURSUANT TO SECTIONS
105(a), 363(b), 503(b) AND 507(a) OF THE BANKRUPTCY
CODE AND THE PLAN FRAMEWORK SUPPORT
AGREEMENT PURSUANT TO SECTIONS 105(a), 363(b),
AND 1125(e) OF THE BANKRUPTCY CODE

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

  The duly appointed official committee of equity security holders (the "Equity Committee") of Delphi Corporation ("Delphi") and the other above-captioned debtors (collectively, the "Debtors") hereby submits this *ex parte* motion (the "Ex Parte Motion") for the entry of an order granting the Equity Committee leave to file a redacted version of its second supplemental objection (the "Second Supplemental Objection") to the Debtors' expedited motion

(the "Framework Motion" ) for an order authorizing and approving the Equity Purchase and Commitment Agreement pursuant to Sections 105(a), 363(b), 503(b) and 507(a) of the Bankruptcy Code and the Plan Framework Support Agreement pursuant to Sections 105(a), 363(b), and 1125(e) of the Bankruptcy Code.  In support of this Ex Parte Motion, the Equity Committee respectfully represents:

## BACKGROUND

1. On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "UCC").

3. On April 28, 2006, the U.S. Trustee appointed the Equity Committee.

4. On May 8, 2006, the Equity Committee engaged Fried, Frank, Harris, Shriver & Jacobson LLP as counsel, with such retention approved by this Court on June 19, 2006, *nunc pro tunc* to May 8, 2006.

5. On December 18, 2006, the Debtors filed the Framework Motion (Docket No. 6179).

6. On December 19, 2006, the Equity Committee filed the Preliminary Objection of the Official Committee of Equity Security Holders to Expedited Motion for Order Authorizing and Approving the Equity Purchase and Commitment Agreement Pursuant to Sections 105(a), 363 (b), and 507(a) of the Bankruptcy Code and the Plan Framework Support Agreement Pursuant to Sections 105(a), 363(b), and 1125(e) of the Bankruptcy Code (Docket No. 6211).

7. On December 20, 2006, the Equity Committee filed the First Supplemental Objection of the Official Committee of Equity Security Holders in Opposition to Debtors' Expedited Motion for Order Authorizing and Approving the Equity Purchase and Commitment Agreement Pursuant to Sections 105(a), 363(b), 503(b) and 507(a) of the Bankruptcy Code and the Plan Framework Support Agreement Pursuant to Sections 105(a), 363(b) and 1125(e) of the Bankruptcy Code (Docket No. 6247) (the "First Supplemental Objection"). Pursuant to the First Supplemental Objection, the Equity Committee reserved its right to further supplement its objection to the Framework Motion based on additional information obtained through discovery.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this Ex Parte Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory and rule predicates for the relief sought in this Motion are section 107 of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## RELIEF REQUESTED

9. By this Ex Parte Motion, the Equity Committee seeks authority, pursuant to section 107 of the Bankruptcy Code, to file a redacted version of the Second Supplemental Objection (the "Redacted Version"). The Equity Committee also requests that, pursuant to Bankruptcy Rule 9018, the Court grant the Ex Parte Motion without the need for a hearing so that the Equity Committee may file the Redacted Version prior to its objection deadline of 12:00 p.m. on January 9, 2007 (the "Objection Deadline"). Upon entry of an order granting the Ex Parte Motion, the Equity Committee will publicly file the Redacted Version on the Court's docket prior to the Objection Deadline and will serve the Redacted Version on all parties required to be served pursuant to the Case Management Order (as defined herein). In addition, the Equity Committee will serve the Second Supplemental Objection on (a) the Court, (b) the

U.S. Trustee, (c) counsel to the Debtors, (d) counsel to the UCC, (e) counsel to the Ad Hoc Committee of Trade Creditors, and (f) any other parties as ordered by the Court.

## BASIS FOR RELIEF REQUESTED

10.    The Supplemental Objection is based in large part on information produced by the Debtors and certain parties to the Agreements (as defined in the Second Supplemental Objection) in connection with the various objections to the Framework Motion that have been filed and the related document requests served by various objecting parties. That information consists of material that the Debtors have designated as "Confidential" and "Highly Confidential" and was provided to the Equity Committee pursuant to the terms of Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection with the Debtors' Expedited Motion for Order Authorizing and Approving the Equity Purchase and Commitment Agreement Pursuant to Sections 105(a), 363(b), and 507(a) of the Bankruptcy Code and the Plan Framework Support Agreement Pursuant to Sections 105(a), 363(b), and 1125(e) of the Bankruptcy Code (the "Protective Order").[1] The Second Supplemental Objection incorporates material governed by the Protective Order and that cannot be publicly released.[2]

## APPLICABLE AUTHORITY

11.    Section 107 of the Bankruptcy Code provides this Court with the power to limit the disclosure of certain confidential information. In relevant part, section 107 of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

12.    Bankruptcy Rule 9018 sets for the procedures by which a party may obtain

---

[1] The Protective Order has not been signed by the Court and entered on its docket. Nevertheless, the Equity Committee believes itself to be bound by the terms of the Protective Order and scrupulously has treated all material received during discovery in accordance with the terms of the Protective Order.

[2] Pursuant to General Order M-242 (Revised Electronic Filing Procedures) of the United States Bankruptcy Court for the Southern District of New York, dated January 19, 2001, Exhibit 1 ¶ III, the Equity Committee has not filed the Second Supplemental Objection with the Ex Parte Motion.

relief under section 107 of the Bankruptcy Code. In relevant part, Bankruptcy Rule 9018 provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018.

13.  Under applicable Second Circuit law, section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Further, in adopting section 107(b) of the Bankruptcy Code, Congress "imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information." Id. Instead, upon a showing that the information is of the type specified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." Id. at 27; see also In re Global Crossing Ltd., 295 B.R. 720, 723 (Bankr. S.D.N.Y. 2003). In accordance with applicable law, this Court may order information sealed where necessary to protect confidential information. See Global Crossing, 295 B.R. at 725 (the "whole point" of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

14.  In the Debtors' chapter 11 cases, the information contained in the Second Supplemental Objection has been designated by the Debtors to be of the type specified in section 107(b) of the Bankruptcy Code. As noted above, this information consists of information that is covered by the Protective Order and the release of this information is prohibited by the Protective Order.

15.  For the foregoing reasons, the Equity Committee requests that the Court grant the Ex Parte Motion.

**WAIVER OF MEMORANDUM OF LAW**

16. Pursuant to Local Rule 9013-1(b), the Equity Committee respectfully requests that the Court waive the requirement that the Equity Committee file a memorandum of law in support of this Ex Parte Motion, since this Ex Parte Motion raises no novel issues of law.

## NOTICE

17. Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883), as amended (the "Case Management Order").  Bankruptcy Rule 9018 provides that the Ex Parte Motion may be made "with or without notice" and the Equity Committee requests that this Court grant the Ex Parte Motion without need for a hearing so that the Equity Committee may file the Redacted Version prior to the Objection Deadline.  In light of the nature of the relief requested, the Equity Committee submits that no other or further relief is necessary.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Motion has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Equity Committee requests entry of an order, pursuant to section 107 of the Bankruptcy Code and Bankruptcy Rule 9018, substantially in the form attached hereto as Exhibit A: (i) authorizing the Equity Committee to file the Redacted Version; and (ii) granting such other and further relief as is just and proper.

Dated:   New York, New York
         January 8, 2007

          FRIED, FRANK, HARRIS, SHRIVER
            & JACOBSON LLP

          By:  /s/  Bonnie Steingart
             Bonnie Steingart (BS-8004)
             Debra M. Torres (DT-9093)

One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

574677