IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

In re                            :     Chapter 11
                                :

DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                :

                 Debtors.    :     (Jointly Administered)
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATE OF SERVICE

     I, John Guzzardo, do hereby certify and declare that on January 7, 2007 I caused a copy of the document listed below to be served upon the parties listed on Exhibit A attached hereto via electronic transmission:

1) Motion Under Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45 to Quash Trial Subpoenas Served by the Official Committee of Unsecured Creditors, the Official Committee of Equity Security Holders, and the Ad Hoc Trade Committee on Robert S. Miller and John D. Opie (Docket No. 6469) [a copy of which is attached hereto as Exhibit B]

Dated: New York, New York
       January 9, 2007

                               By: /s/ John Guzzardo
                               John Guzzardo
                               SKADDEN, ARPS, SLATE,
                                  MEAGHER & FLOM LLP
                               333 West Wacker Drive
                               Chicago, Illinois  60606
                               (312) 407-0700

## Exhibit A

Delphi Corporation
Plan Framework Special Parties Electronic Transmission Service List

robert.rosenberg@lw.com
mitchell.seider@lw.com
steinbo@ffhsj.com
torrede@ffhsj.com
goddada@ffhsj.com
tkennedy@kjmlabor.com
Adrienne.Wheatley@lw.com
drosner@kasowitz.com
mfay@kasowitz.com
jgleit@kasowitz.com
Mark.Broude@lw.com
James.Brandt@lw.com
tlauria@whitecase.com
gkurtz@ny.whitecase.com
dbaumstein@ny.whitecase.com
gbray@milbank.com
cbell@milbank.com
dcohen2@milbank.com
Michael.kessler@weil.com
jeff.tanenbaum@weil.com
todd.ommen@weil.com
robert.lemons@weil.com
blair.connelly@lw.com
jgleit@kasowitz.com
sjennik@kjmlabor.com
kenric.kattner@haynesboone.com
lenard.parkins@haynesboone.com
brian.hail@haynesboone.com
judith.elkin@haynesboone.com
kourtney.lyda@haynesboone.com
john.penn@haynesboone.com
alicia.m.leonhard@usdoj.gov
mgr@previant.com
bmehlsack@gkllaw.com

# **Exhibit B**

Hearing Date: January 11, 2007 at 10:00 a.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
         In re                          :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05–44481 (RDD)
                                        :
                      Debtors.          :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION UNDER FED. R. BANKR. P. 9016 AND FED. R. CIV. P. 45 TO QUASH TRIAL
SUBPOENAS SERVED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, AND THE AD HOC
TRADE COMMITTEE ON ROBERT S. MILLER AND JOHN D. OPIE

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Motion Under Fed. R. Bankr. P. 9016 And Fed. R. Civ. P. 45 To Quash Trial

Subpoenas Served By The Official Committee Of Unsecured Creditors, The Official Committee

Of Equity Security Holders, And The Ad Hoc Trade Committee (collectively, the "Committees")

On Robert S. Miller And John D. Opie (the "Motion").  In support, the Debtors respectfully

represent as follows:

Preliminary Statement

1.      On Thursday, January 11, 2007, this Court will conduct a hearing on the

Debtors' Expedited Motion For Order Authorizing And Approving The Equity Purchase And

Commitment Agreement Pursuant To Sections 105(a), 363(b), 503(b) And 507(a) Of The

Bankruptcy Code And The Plan Framework Support Agreement Pursuant To Sections 105(a),

363(b), And 1125(e) Of The Bankruptcy Code (Docket No. 6179) (the "Framework Motion").

Not content with the combined eight hours of deposition testimony that they obtained from Mr.

Miller and Mr. Opie in discovery concerning the Framework Motion, the Committees have now

served trial subpoenas on both gentlemen that command their appearance at the hearing on

January 11.  Mr. Opie, however, has a prior scheduled commitment, unrelated to Delphi business,

that will keep him in Michigan on the date of the hearing.  And Mr. Miller, who is the

Company's chief executive, has already committed a full day so that the Committees could

examine him at length and obtain the evidence needed for the hearing.   Critically, the testimony

that the Committees may seek from Mr. Miller and Mr. Opie would be duplicative of the

testimony that will be available from Debtors' other representatives at the hearing, or, would be

testimony that the Committees have already obtained and can be presented to the Court in the

2

more efficient and less burdensome means of deposition designations.  Thus, these trial

subpoenas should be quashed.

Relevant Background Concerning the Development of the Framework Agreements

2.    The Framework Agreements are the result of more than five months of

intense, complex, multi-lateral negotiations between the Debtors, certain Plan Investors (as

defined in the  Framework Motion) and General Motions ("GM"), as well as the Creditors

Committee and Equity Committee.  The Debtors negotiation efforts in connection with the

Framework Agreements were led by its Vice President and Chief Restructuring Officer , John D.

Sheehan.  Mr. Sheehan is also is a member of the Delphi Strategy Board, which is Delphi's top

policy-making group.  Mr. Sheehan participated in nearly all of the substantive negotiating

sessions concerning the Framework Agreements.  In developing the framework, the Debtors' also

relied on their outside advisors, including Mr. David L. Resnick, who is a Managing Director at

Rothschild Inc. ("Rothschild") and has been retained by the Debtors to assist them in their

restructuring efforts, and its legal counsel Skadden Arps.

3.    During the relevant period of the framework negotiations, Delphi's Board

of Directors was frequently apprised of the status of discussions and the development of the

Framework Agreements.  Indeed, from September to December 2006, Delphi's Board met

approximately ten times and was provided with written updates and materials concerning the

framework discussions.  The objecting parties (including the Committees) have all of the written

materials presented to Delphi's board of directors between September 1 and December 18

concerning the Framework Agreements.  Moreover, Mr. Sheehan, as a member of senior

management and the lead negotiator, participated in those meetings in which the Board was

3

updated regarding the framework discussions.  Mr. Resnick and legal counsel did as well on

almost all occasions.

4.      Mr. Miller became Executive Chairman of Delphi's Board of Directors on

January 1, 2007, and was previously chairman and chief executive officer of Delphi.  Mr. Miller

participated in some of the negotiation sessions with the Plan Investors.  As noted, however, Mr.

Sheehan, was the primary negotiator, along with Delphi's legal and financial advisors.

5.      Mr. Opie is the Lead Independent Director on the Board. He is an ex

officio member of the Audit Committee, the Corporate Governance and Public Issues Committee,

and the Compensation and Executive Development Committee of Delphi's Board.  Mr. Opie did

not participate in any negotiating sessions concerning the Framework Agreements.

        The Committees' Access to Evidence and Testimony From Mr. Miller and Mr. Opie

6.      On December 18, 2006, the Debtors filed the "Framework Motion."  On

December 19, 2006, the Creditor's Committee and the Equity Committee both filed Preliminary

Objections to the Framework Motion (Docket Nos. 6209 and 6211, respectively).   The Equity

Committee subsequently filed its First Supplemental Objection to the Framework Motion on

December 20, 2006 (Docket No. 6247).  The next day, on December 21, 2006, the Trade

Committee filed its objection to the Framework Motion (Docket No. 6254).  While other

constituencies have filed objections to the Framework Motion, only the Committees have served

trial subpoenas on Messrs. Miller and Opie.

7.      Immediately upon the filing of the objections to the Framework Motion,

the Debtors entered into substantive pre-trial discovery discussions with all the objecting parties,

including the Committees. Early in the process, the Debtors' indicated they would not call Mr.

Miller at the hearing, but instead would call Mr. John Sheehan, who is the Delphi management

4

team member that is most familiar with the development and content of the Framework Agreements. The Debtors indicated their view that Mr. Miller's deposition would therefore be inappropriate, but that they would produce Mr. Sheehan and Mr. Opie, as a board representative, for deposition discovery. The Committees insisted on deposing Mr. Miller and Mr. Opie, as well as Mr. Sheehan.

8.      The Debtors subsequently informed the Committees that they would only seek to introduce affirmative testimony from Mr. Sheehan and Mr. Resnick. Nonetheless, the Committees continued to proceed with all of their depositions. The objecting parties began with Mr. Sheehan's deposition on Thursday, January 4, 2006, in New York. This deposition lasted nearly six hours.

9.      The next day, on January 5, 2006, in New York, the objecting parties took Mr. Miller's deposition and Mr. Opie's deposition. Mr. Miller's deposition lasted for nearly five hours, and Mr. Opie's for three hours. Both depositions continued until there were no further questions of any of the objecting parties. The subject matter, and indeed, many of the questions asked of Mr. Miller and Mr. Opie was virtually identical to the material covered with Mr. Sheehan the day before.

10.     At the conclusion of both Mr. Miller's and Mr. Opie's deposition, the Equity Committee and Creditors Committee served the trial subpoenas, which were accepted by Debtors' counsel. The Trade Committee provided their trial subpoenas later that day to Debtors' counsel via e-mail. (See Exh. A through F)

5

<u>Argument</u>

I.

THE HEARING SUBPOENAS SHOULD BE QUASHED BECAUSE THEY SUBJECT THE
<u>WITNESSES TO AN UNDUE BURDEN</u>

11.     Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure provides that

the Court "shall" quash or modify a subpoena if it "subjects a person to undue burden."  Indeed,

the party "responsible for the issuance and service of a subpoena shall take reasonable steps to

avoid imposing undue burden or expense on a person subject to that subpoena."  Fed. R. Civ. P.

45(c)(1).  ". . . Motions to quash a subpoena are . . . 'entrusted to the sound discretion of the

district court.' "  <u>American Savings Bank, FSB v. UBS Financial Services, Inc.</u>, 347 F.3d 436,

440 (2d. Cir. 2003). (quoting <u>United States v. Sanders</u>, 211 F.3d 711, 720 (2d. Cir. 2000)).

12.     The scope of the January 11 hearing will be limited to the exercise of the

Debtors' business judgment in adopting the Framework Agreements.  Neither Mr. Miller nor Mr.

Opie needs to appear in person at the hearing for the Court to be fully informed in its resolution

of this issue. Mr. Miller and Mr. Opie have already provided eight hours of testimony.  Rather

than requiring these two very senior members of Delphi's board to appear at the hearing, the

much less burdensome, and readily available option of deposition designations weighs heavily

against enforcing the trial subpoenas.

13.     The undue and unnecessary burden the Committees seek to place on these

gentlemen is magnified by the other demands on their time.  Mr. Opie will be in Michigan on

January 9 and 10, 2007 for Delphi's Board meeting.  Then, his presence is required in Michigan

for a <u>prescheduled</u> matter <u>unrelated to</u> Delphi on January 11, 2007.  Mr. Opie is simply

unavailable to be in New York for the hearing.

6

14.    Mr. Miller similarly will be involved in high-level discussions and matters concerning the Debtors' business throughout the week, and will be in Michigan conducting his duties as the chief executive of the company.

15.    Moreover, the reality is the Debtors are making available at the hearing the Delphi representative with the most detailed knowledge of the Framework Agreements and the process that lead to their conclusion (Mr. Sheehan) for live testimony and inquiry by the parties and the Court.  They are also making their principal outside financial advisor, David Resnick, available for live testimony.  Mr. Resnick was central in orchestrating the framework negotiations process, and in discussing the framework proposals with Delphi's Board.  Thus, the testimony that the Committees seek to introduce through the live testimony of Mr. Miller and Mr. Opie is duplicative of the testimony and evidence that will otherwise be available.

16.    In light of the duplicative nature of the live testimony that the Committees seek, the trial subpoenas also appear quite likely designed to simply harass Mr. Miller and Mr. Opie.  A subpoena that seeks irrelevant (or, in the case at hand, cumulative) testimony and is propounded merely to harass its recipient must be quashed or modified.  See Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 814 (9th Cir. 2003) (upholding trial courts quashing of a subpoena served for harassment "and not really for the purpose of getting information"); Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 66 (1st Cir. 2003) (same, in the context of subpoenaing party's counsel); Gould Inc. v. Mitsui Mining and Smelting Co., Ltd., 825 F.2d 676, 680 n. 2 (2d Cir. 1982) (same, in the context of subpoenaing party's counsel).

17.    Similarly, the question of whether the Framework Agreements are the product of a valid exercise of business judgment does not depend on whether the senior board members can pass a "quiz" regarding the legal effect of each provision of the agreements.  Here,

7

if the depositions of Mr. Miller or Mr. Opie are an indication, the Committees planned testimony at trial would be to lead these gentlemen through a series of hypothetical and speculative questions about what might or could happen in the future under the Framework Agreements. The Committees do not need live testimony for this exercise. Indeed, they do not need any testimony at all, because the legal effect of the Framework Agreements is something that the Court can determine without resort to such evidence. And, again, to the extent Mr. Miller's and Mr. Opie's understanding of the details of the Framework Agreements is an issue, the Committees had eight hours to probe that subject in depositions. To conduct a similar inquiry live at the hearing would serve no useful purpose.

18.    Similarly, the Committees already have, in addition to the deposition testimony of both Mr. Miller and Mr. Opie, all of the materials presented to the Board during the relevant time period concerning the Framework Agreements. Thus, to the extent the Committees hope to show that the Delphi Board was somehow uninformed in the process, all of that material is available for the Court to consider in evaluating that assertion.

19.    The true issue at hand is whether the Debtors exercised reasonable judgment developing and deciding to enter into the Framework Agreements. The Court will have available all the evidence required to make this determination without the live hearing testimony the Committees seek to compel.

20.    In sum, there is no justification for forcing the Witnesses to take time away from their work obligations and travel to New York to testify to events and occurrences Messrs. Sheehan and Resnick are capable of testifying to. Therefore, it is a waste of both the Witnesses' and the Court's time and resources to compel the trial appearance of the Witnesses.

Accordingly, the Hearing Subpoenas should be quashed as unduly burdensome under Rule 45(c)(3)(A)(iv).

## Notice

21.     Notice of this Motion has been provided in accordance with the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9015 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) entered by this Court on December 22, 2006 (Docket No. 6272). Notice has also been provided to the Objectors.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Memorandum of Law

22.     Because the points and authorities upon which this Motion relies are set forth in the Motion itself, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

<u>Conclusion</u>

For the reasons given above, the Debtors respectfully request that the Court enter

an order quashing the Trial Subpoenas and granting such other and further relief as is just and

proper.

Dated: New York, New York
       January 7, 2007

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                        & FLOM LLP


                                        By: /s/Albert L. Hogan III
                                            John Wm. Butler, Jr. (JB 4711)
                                            Albert L. Hogan III (AH 8807)
                                            Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606
                                        (312) 407-0700

                                               - and -


                                        By: /s/ Kayalyn A. Marafioti
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, <u>et al.</u>,
                                         Debtors and Debtors-in-Possession

10

# Exhibit A

B256 (11/91) Subpoena in a Case Under the Bankruptcy Code

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

In re

Delphi Corporation., et al.

Debtors

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.   05-44481 (RDD) (Jointly Administered)
Chapter 11

To:   John D. Opie

☒   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE<br>One Bowling Green<br>New York, New York 10004 | COURTROOM<br>610 |
|---|---|
| | DATE AND TIME<br>January 11, 2007 at 10:00 a.m. |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed.R.Bankr.P.  See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorney for Official Committee of Equity Security Holders | DATE<br><br>January 5, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004
(212) 859-8000

B256 (11/91) (cont.) Subpoena in a Case Under the Bankruptcy Code

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

3(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)     fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more that 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)   If a subpoena
(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or in-formation not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to at tend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit B

B 256 (11/91)

# United States Bankruptcy Court

_____Southern_____ District Of __New York__

In re __Delphi Corporation, et al._____ ,

                                    Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No.[1]  __05-44481  (RDD)_____

To:  __John D. Opie_____
     Delphi Corporation

     5725 Delphi Drive

     Troy, MI  48098

Chapter ___11_____

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM  610 |
|---|---|
| United States Bankruptcy Court, Southern District of New York  One Bowling Green  New York, NY  10004-1408 | DATE AND TIME  January 11, 2007, at 10:00 a.m. |

☐  **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE  1/3/07 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Mark A. Broude (MB-1902)  Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022 | 212-906-1200 |

[1] If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B 256 (11/91) (cont.)

---

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit C

B256 (11/91) Subpoena in a Case Under the Bankruptcy Code

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

In re

    Delphi Corporation., et al.

                      Debtors

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No.   05-44481 (RDD) (Jointly Administered)
Chapter 11

To:   Robert S. Miller

☒   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE<br>   One Bowling Green<br>   New York, New York 10004 | COURTROOM<br>610 |
|---|---|
| | DATE AND TIME<br>January 11, 2007 at 10:00 a.m. |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed.R.Bankr.P.  See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*[signature]*<br>Attorney for Official Committee of Equity Security Holders | DATE<br><br>January 5, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004
(212) 859-8000

B256 (11/91) (cont.) Subpoena in a Case Under the Bankruptcy Code

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

3(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
         (i)     fails to allow reasonable time for compliance;
         (ii)    requires a person who is not a party or an officer of a party to travel to a place more that 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
         (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
         (iv)    subjects a person to undue burden.
    (B)   If a subpoena

         (i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or
         (ii)    requires disclosure of an unretained expert's opinion or in-formation not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
         (iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to at tend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit D

B 256 (11/91)

# United States Bankruptcy Court

_____Southern_____ District Of __New York__

In re   Delphi Corporation, et al. _____,

                          Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No.[1]   05-44481 (RDD) _____

To:   Robert S. Miller _____

Chapter __11__

      Delphi Corporation

      5725 Delphi Drive

      Troy, MI  48098

☒ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY<br>United States Bankruptcy Court, Southern District of New York<br><br>One Bowling Green<br><br>New York, NY  10004-1408 | COURTROOM 610 |
|---|---|
|  | DATE AND TIME<br>January 11, 2007, at 10:00 a.m. |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE<br>1/3/07 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Mark A. Broude (MB-1902)<br>Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022 | 212-906-1200 |

        [1] If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

                 DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

_____

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)  If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit E

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

In re:

Delphi Corporation, *et. al.*

Debtors.

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. 05-44481 (RDD) (Jointly Administered)
Chapter 11

To: Robert S. Miller, Jr.
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
| United States Bankruptcy Court<br>Southern District of New York<br>615-3 Alexander Hamilton Custom House<br>One Bowling Green<br>New York, NY 10004-1408 | 610 |
| | DATE AND TIME<br>January 11, 2007 at 10:00 a.m. |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See attached Notice of Deposition Duces Tecum and Request for Production of Documents and Schedule A thereto..

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects). See attached Notice of Deposition Duces Tecum and Request for Production of Documents and Schedule B thereto.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030. Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Delphi Trade Committee | January 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Rosner, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019-6799
(212) 506-1700

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A party commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business of shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents communications or things not produced that is sufficient to enable the demanding party to contest the claim.

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct. |

Executed on _____    [DATE]

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

# Exhibit F

# United States Bankruptcy Court
### SOUTHERN DISTRICT OF NEW YORK

In re:

    Delphi Corporation, *et. al.*

                        Debtors.

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. 05-44481 (RDD) (Jointly Administered)
Chapter 11

To: John D. Opie
    Delphi Corporation
    5725 Delphi Drive
    Troy, MI 48098

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
| United States Bankruptcy Court<br>Southern District of New York<br>615-3 Alexander Hamilton Custom House<br>One Bowling Green<br>New York, NY 10004-1408 | 610 |
| | DATE AND TIME<br>January 11, 2007 at 10:00 a.m. |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See attached Notice of Deposition Duces Tecum and Request for Production of Documents and Schedule A thereto..

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects). See attached Notice of Deposition Duces Tecum and Request for Production of Documents and Schedule B thereto.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030. Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Delphi Trade Committee | January 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Rosner, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019-6799
(212) 506-1700

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A party commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business of shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents communications or things not produced that is sufficient to enable the demanding party to contest the claim.

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |
| DECLARATION OF SERVER | | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____     [DATE]
                                         SIGNATURE OF SERVER

                                         _____
                                         ADDRESS OF SERVER

                                         _____