IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK


IN RE;                                              CHAPTER 11

DELPHI CORPORATION, et al.,                         CASE NO. 05-44481 (RDD)

               DEBTORS


### CLAIMANTS RESPONSE TO DEBTORS THIRD
### OMNIBUS OBJECTION UNSUBSTANTIATED CLAIM

Claimant Darrin C. Savage filed a lawsuit claim against debtor Delphi Corporation Dec. 2003 for

damages, actual nominal and punitive.  Claimant has suffered  humiliation, emotion distress,

mental anguish an a loss of self esteem.  As a further result of the actions of debtor, claimant has

been deprived of income as well as other monetary and non-monetary benefits.  Claimant filed

his lawsuit claim against debtor Delphi Corporation for damages for racial discrimination and

retaliation.

Claimant's  claim should not be disallowed or expunged because (1)  Debtor "Delphi Corp. et al"

does have record of claimants' law suite filed against them in Dec. 2003. (2) Debtor has record of

said claim case filed Dec. 2003, abated because of their "voluntary bankruptcy.(3)Claimant

Darrin C. Savage has not received any money from the debtors prior to the commencement of

the debtor cases ; nor has debtors made any attempt to settle this matter.  With that being said

debtors cannot claim that they do not owe the claimant Darrin C. Savage  because it is a fact that

there is a current law suite claim filed by claimant Darrin C. Savage In The United States Court

of Appeals For The Tenth Circuit against the debtors Delphi Corp. et al., that has been abated

because debtor filed a "voluntary bankruptcy".  It would be an unjustness to claimant if the court

disallowed or expunged claimant Darrin C. Savage's claim against debtors Delphi Corp. et al.,

because that would strip away all of claimants Constitutional rights to seek Justus and prosecute

a case for a violation of claimants Constitutional Rights guaranteed to him by the Constitution of

The United States Of America.  Enclosed is a copy of a Court Order from The U.S. Court of

Appeals For The Tenth Circuit concerning the abatement proving debtors books and record do

reflect the existence of claimant Darrin C. Savage lawsuit claim and of claimant asserting such

claim against debtors Delphi Corporation et. al.,.  It also proves that the debtors books and record

do not reflect that Darrin C. Savage law suite claim was paid prior to the commencement of the

debtors cases.  It also proves that the claimant Darrin C. Savage claim has not been paid during

the course of these proceeding pursuant to any order of the bankruptcy court.

Claimant Darrin C. Savage believes that the following settlement is fair and reasonable for the

law suite claim he filed against the debtors Delphi Corporation et. al., filed  Dec. 2003 In The

U.S. District Court For The District of Kansas.  Claimant Darrin C. Savage filed his claim

against the debtors under Title V11.of the Civil Rights Act of 1964 and 42 U.S.C. 1981, 42

U.S.C. 2000e-2(a), and  42 U.S.C. 1988:.

     1.  Reinstatement with all seniority and other rights established as if claimant had never

been terminated from his position with the company.  Remove and clear all disciplinary actions

from all files and make claimant whole.

     2.  One lump sum payment made payable to claimant Darrin C. Savage and liquidated

fully and equally for back pay from July 1,2004 thru to the date of reinstatement including all

raises, bonus and transfer allowances that have occurred under the collective bargaining

agreement.

     3.  All benefits which have been lost as a result of the termination being brought up to

date as of the date of reinstatement; so that claimant will be treated as if employment had never

been terminated on July 1st , 2004 and continued life, health ,dental, vision, hearing insurances,

2

pension plan et. al. other benefits for claimant, spouse and all children even if my employment

with Delphi or General Motors is not reinstated or I'm terminated from employment at a later

date after I'm reinstated.

4. Weekly or Monthly payments made payable to claimant Darrin C. Savage that would

be equal to the weekly or monthly wage of an assembler's pay under the General Motors, Delphi,

U.A.W. Union Members Collective bargaining agreement plus include all raises and bonuses

that will occur in the future under the General Motors, Delphi, U.A.W. Union Members

Collective bargaining agreement until  claimant's sixty-fifth (65) birthday.  Liquidate all

payments fully and equally for the same amount of each payment.  Payments are for all non-

economic losses and damages, actual, nominal, and punitive to which claimant is entitled under

42 U.S.C. 1981 and Title VII.

5. Claimant worked for Delphi Battery Plant in Olathe, Ks. , which closed in December

2004 and all the employees at this Delphi Plant were allowed to transfer to one of the General

Motors Plants of their choice and was paid eighty-eight thousand dollars ($88,000.00) to transfer

to one of the General Motors Plants outside the state of Missouri or Kansas. Delphi's

Management also re-hired a white Caucasian male named Brian Freeman in January 2004 who

had been fired November 2003 this was this employee's second (2nd) termination and Delphi

allowed Brian freeman to be re-hired a second time and he was also allowed to transfer to one of

the general Motors plants.  Claimant Darrin C. Savage is a black African American male who

has only been terminated once on July 1st, 2004.  Debtors Delphi, Corporation et, al., has never

to date extended to claimant the opportunity to be rehired.  Brian Freeman who is a white

Caucasian male and claimant Darrin C. Savage who is a black African American male both work

at the same plant.  Brian Freeman was only unemployed for two months and then the debtors

Delphi rehired him again for the second time in January 2004 and allowed him to transfer to one

3

of the General Motor's Plants and paid him to transfer. With this being the condition of

employee Brian Freeman.

Claimant Darrin C. Savage is asking that he be given the same opportunity . Reinstate claimant

as stated in number one. (1) of this settlement offer in place and allow claimant to transfer to a

General Motors Plant of his choice where there is not anyone who was apart of the Management

Personnel at the Delphi Plant in Olathe, Ks...Claimant will be placed on permanent light duty

and allowed to try and do all light duty jobs to see if there is one he is able to do. If there were

no jobs found that claimant is able to do after claimant has try to do all light duty jobs, then his

status is to change from permanent light duty to disability retirement with full benefits in place

and as stated in number three (3) of this settlement offer. He is also to receive retirement pay

and be paid as stated in number four (4) of this settlement offer.

**WHEREFORE,** Plaintiff requests that the Court enter judgment in his favor and against

Defendant for such damages, actual, nominal and punitive, as are fair and reasonable, for interest

as allowed by law, and for such other further legal and equitable relief as the Court deems just

and proper under Title VII,42,U.S.C 1988 and Kansas common law.

Respectfully submitted,

Darrin C. Savage
P.O. Box 35262
Kansas City, Mo. 64134

By: Darrin C. Savage, Jr.
Darrin C. Savage
Claimant
Pro Se

MESSAGE NUMBER
(816) 761-8751

4

## CERTIFICATE OF SERVICE

I hereby certify that on the _22ⁿᵈ_ day of December , 2006. I sent a copy of the

foregoing, by first class United States Mail, postage prepaid, addressed as follows:

United States Bankruptcy Court For The Southern  District of New York
One Bowling Green
Room 610
New York, New York 10004

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court For The Southern
District of New York
One Bowling Green
Room 610
New York, New York 10004

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher& Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.

Simpson,Thacher, & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Attn: Kenneth S. Ziman

Davis Polk, & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick

Official Committee of Unsecured Creditors
Latham &  Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert J. Rosenberg and Mark A. Broude

Official Committee of Equity Security Holders
Fried,Frank,Harris,Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart

Office of the United States Trustee For The Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
Attn: Alicia M. Leonard

by: _____
      DARRIN C. SAVAGE
      CLAIMANT
      Pro Se

United States Court of Appeals for the Tenth Circuit
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

September 1, 2006

NOTIFICATION OF MAILING

Re:      05-3265, Savage v. Delphi Corporation
         Dist/Ag docket:  03-CV-2609-JWL

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED STATES MAIL
THIS DATE, ADDRESSED AS FOLLOWS:

Mr. Darrin C. Savage
P.O. Box 35262
Kansas City, MO 64134-5262

Mr. Loyd E. Owen, Jr.
Ms. Heather Gill
Mr. David C. Vogel
Lathrop & Gage
2345 Grand Boulevard, Ste 2800
Kansas City, MO 64108-2684

DEPUTY CLERK

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

DARRIN C. SAVAGE,

    Plaintiff - Appellant,

v.

DELPHI CORPORATION,

    Defendant - Appellee.

No. 05-3265

---

### ORDER

Filed September 1, 2006

---

This matter is before the court on the status report filed by defendant-appellee Delphi Corporation. Based upon that report, the abatement of the above captioned appeal is continued, pending further order of this court.

On or before November 17, 2006, the appellee shall again file a report with this court regarding the status of the bankruptcy proceedings. In addition, the appellee shall notify this court immediately, in writing, of any significant action in the bankruptcy court, including any order granting relief from the bankruptcy stay.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

by:
Deputy Clerk