# Exhibit B

# 7/28/03 Hearing Transcript

Alston & Bird

Hearing 07-28-03.txt
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATENT HOLDING COMPANY,

Plaintiff,

-v-                                                    Case Number:
99-76013
DELPHI AUTOMOTIVE SYSTEMS
CORPORATION,

Defendant.

---------------------------------/


    TELEPHONIC CONFERENCE
    BEFORE THE HONORABLE AVERN COHN
    United States District Judge
    219 U.S. Courthouse & Federal Building
    231 Lafayette Boulevard West
    Detroit, Michigan  48226
    MONDAY, JULY 28TH, 2003

APPEARANCES:

For the Plaintiff:                    Richard W. McLaren, Jr., Esq.
Thomas Gemmell, Esq.

For the Defendant:                    Steven R. Hansen, Esq.

Court Reporter:                       Joan L. Morgan, CSR
Official Court Reporter


    Proceedings recorded by mechanical stenography.
    Transcript produced by computer-assisted
    transcription.

        Detroit, Michigan
Monday, July 28th, 2003
(At or about 12;30 p.m.)
(Telephonic Proceeding, in chambers)
    -- --- --
THE COURT: All right.

Page 1

Hearing 07-28-03.txt
MR. McLAREN:    Your Honor, Richard McLaren, and Tom Gemmell, on behalf of PHC.
MR. HANSEN:    Your Honor, Steve Hansen, on behalf of Delphi.
THE COURT:    Okay.  This conversation is on the record.
I have concluded that based upon the exchange of conversation accompanying Mr.
McLaren's letter of July 25, that this will be the last telephone call I will hold
with the parties.  Hereafter, everything must be done by motion papers.  I find in
this case the degree of hostility exhibited by the lawyers to each other is the most
severe that I've seen in my 23 years of practice -- of sitting on the bench.

Mr. Gemmell, wrote a letter to Mr. Hansen on July 21, summarizing the substance of
the July 11 conference.  I thought it was an unexceptional letter.  That letter
relates to my recollection precisely what I said should take place.  Delphi could
take the deposition of the inventor of the '031 patent.  If Delphi wanted other
witnesses it wanted to depose and explain what it was looking for from each -- it
would have to explain what it was looking from each of them.  This related to
inventorship.
I also said that Delphi could not take any depositions of third parties without
first filing a motion and obtaining the Court's leave.
I also said that discovery by Delphi relating to the purported inventorship or
ownership by third parties was stayed until after the arbitration between Venture
and Auto Lift.
I asked Delphi to file a separate paper explaining in detail it's invalidity
defenses, and I'm going to come back to that in a moment.
PHC was to explain to the Court in a letter the Delphi witnesses it wanted to depose
and the testimony it expected to elicit.  Finally, I said the effective stay on
discovery, deposition discovery may, in fact, deter discovery cutoff date.
Therefore, that date would likely have to be postponed.
I think it was entirely proper for Mr. Gemmell to attempt to memorialize those
directions in the letter that he wrote.

Mr. Hansen's response is simply inadequate.  I'm not going to say anything more.  It
was also unprofessional
Mr. Gemmell's followup letter asking what was inaccurate was not inappropriate.  The
letter of July 25th from Hansen back was also unprofessional.
That leads to the current motion to compel discovery of Delphi's generic black box
bid documents.  That motion was -- should not have been filed until after Delphi
filed a separate paper explaining in detail its invalidity defenses.
As I see it the motion is anticipating precisely what Delphi will say is its
invalidity defense.  And until that is clarified, I don't see how PHC can take
discovery on an anticipated defense until it knows the nature -- the details of the
defense.
So it's not possible to even begin to deal with that motion until this -- I guess my
understanding is it's an on-sale bar until Delphi fleshes out what it considers to
be the PHC activities which are the predicate for claiming the onsale bar.  So until
Delphi files that separate paper, I'm going to stay further consideration of PHC's
motion to compel discovery of Delphi's genic black box bid documents.

Now, everything I've said on the record now constitutes a ruling, and if necessary,
I will have to get this transcript and reduce it to an order because Delphi has some
difficulty understanding what the Court says from time to time.  So I think
everything from now has to be memorialized in orders.
So if either of you have any comments --
MR. HANSEN:    Yes -- this is Hansen.  I'd like to address several points that you've
made.
First, in terms of my specific response, the reason behind it, I understand the
Court thinking it was unprofessional, is that it's been a repeated pattern of
volumes correspondence exchanges characterizing the Court's orders.  It's just not
productive.  It's just designed to create a manufactured record.  We're trying to
put a stop to that type of exchange --

Page 2

Hearing 07-28-03.txt
THE COURT: You know, Mr. Hansen --
MR. HANSEN: Yes, your Honor.
THE COURT: The more you -- when you're in a hole, digging will never get you out of it. And that's what you do every time. You have a tendency when I put you down to get yourself further and further down. I said that was an unexceptional letter. It should have been responded to in detail because it was an informal conference that he was trying to put parameters around.

Be that as it may, that's all history. So in the future, you fellows can write letters to each other, don't send me copies. Don't send me copies. It would be inappropriate now to send me copies. Any time you want the Court to know something, you're going to have to file a motion.
MR. HANSEN: May I ask a question about the invalidity paper that you just mentioned?
THE COURT: Yeah.
MR. HANSEN: Okay. At the last conference you rightly pointed out that some of which PHC was seeking here is the subject of expert testimony and there's a particular deadline for the expert's report.
I tried to figure out, is this something we have to do before --
THE COURT: I don't know what you mean by an expert report on the invalidity.
MR. HANSEN: I'm sorry, what is that, your Honor?
THE COURT: I don't understand what you're talking about. I said I want to see in description, in paragraph form, what your invalidity defense consists of. What's the factual predicate? That's all.
MR. HANSEN: Okay.
THE COURT: You know, an invalidity defense -- I take it's the onsale bar; right?
MR. HANSEN: There are some other ones on the primary defense --

THE COURT: All right.
MR. HANSEN: That is way I am concerned about --
THE COURT: Well, an on-sale bar has a factual predicate; does it not?
MR. HANSEN: Yes, it does.
THE COURT: Okay. So outline what you think the facts are.
MR. HANSEN: Okay.
THE COURT: What else?
MR. HANSEN: I think that does it, your Honor.
I have no further questions.
THE COURT: Mr. McLaren, do you have anything?
MR. McLAREN: No, sir, your Honor. Thank you, very much.
THE COURT: Now, is it going to be necessary for me to memorialize my ruling in this transcript by an order?
MR. McLAREN: I'll order the transcript, your Honor.
THE COURT: Well, the question is: Do I have to also issue a formal order, or do you think --
MR. McLAREN: As far as we're concerned, the transcript will stand.
MR. HANSEN: Yes, your Honor, we agree.
THE COURT: Thank you. All right.
MR. McLAREN: Bye.

MR. HANSEN: Bye.
(Proceeding concluded 12: 45 p.m.)
         -- --- --
         CERTIFICATE

I, JOAN L. MORGAN, Official Court Reporter for the United States District Court for the Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing proceedings were had in the within entitled and number cause of the date hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or
Page 3

Hearing 07-28-03.txt

under my direction.

_____
JOAN L. MORGAN, CSR
Official Court Reporter
Detroit, Michigan  48226


Date:_____
1



8
MONDAY, JULY 28TH, 2003
TELEPHONIC CONFERENCE


PATENT HOLDING CO. -v- DELPHI AUTOMOTIVE SYSTEMS CORP