**Exhibit A**

**In re Delphi Corporation, <u>et al.</u>; Case No. 05-44481 (RDD)**

*Responses To The Debtors' Fifth Omnibus Claims Objection*
*Organized By Objector[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 1. | State of Michigan Department of Treasury (Docket No. 6266) | (a) 4534<br><br>(b) 4537<br><br>(c) 9273 | (a) State of Michigan Department of Treasury ("SMDT") asserts that all three proofs of claim were filed as administrative expense claims against three different Debtors. SMDT asserts that Claim No. 4534 is based on a Use Tax allegedly owed by Delphi Technologies, Inc. for the period from October 8 to October 31, 2005, in the amount of $20,684.20. The tax assessment was allegedly based on an audit conducted by SMDT. SMDT asserts with respect to all three proofs of claim that the audit assessments are not final, do not contain final assessment dates, and, are thus subject to appeal by the Debtors. SMDT requests that all three of its administrative expense proofs of claim be allowed and paid, as filed, until the audit process is completed and final assessments are corrected and issued.<br><br>(b) SMDT asserts that Claim No. 4537 is based on a Use Tax allegedly owed by Delphi Automotive Systems, LLC for the period from October 8 to October 31, 2005, in the amount of $145,551.50. The tax assessment was allegedly based on an audit conducted by SMDT.<br><br>(c) SMDT asserts that Claim No. 9273 is based on a Use Tax allegedly owed by Delphi Corporation for the period from October 8 to October 31, 2005, in the amount of $585,989.54. The tax assessment was allegedly based on an audit conducted by SMDT. | (a) Books and Records<br><br>(b) Books and Records<br><br>(c) Books and Records |
| 2. | Samtech Corporation (Docket No. 6400) | 15611 | Samtech asserts that its claim is based upon goods sold and delivered to the Debtors. Samtech futher asserts that its setoff claim is based upon a claim of the Debtors against Samtech and/or Mtronics.com, Inc. | Books and Records |

---

[1]    This chart reflects all responses received by the Debtors as of January 9, 2007.

|   | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** |
|---|---|---|---|---|
| 3. | Textron Financial Corporation (Docket No. 6404) | 12935 | Textron asserts that its claim is based upon $288,679.23 worth of receivables owed by the Debtors to PSA Quality Systems, Inc. ("PSA"), which receivables Textron acquired through the sale of PSA's assets in PSA's bankruptcy case.  Textron asserts that it believes it "may" have a claim against the Debtors' estates based on these receivables, but needs 30 to 60 days to further investigate the same. | Books and Records |
| 4. | Oetiker, Inc. (Docket No. 6394). | 722 | Oetiker asserts that its claim is for goods sold to the Debtors.  Oetiker further asserts that it has met its initial burden to establish the prima facie validity of its claim, and that the Debtors have not rebutted the same. | Books and Records |
| 5. | Sierra Liquidity Fund LLC (Docket No. 6422) | 14671 | Sierra asserts that it is the assignee of the claim of Deliverus Network Inc.  Sierra asserts that it has attached invoices, purchases orders, and proofs of delivery to support its claim in the amount of $22,290.00. | Books and Records |
| 6. | Yilmaz Sahinkaya; Structural Mechanics Analysis, Inc. (Docket No. 6421 | 7907 | Yilmaz Sahinkaya and Structural Mechanics Analysis (collectively, "SMA") assert that SMA completed 80% of services for which it contracted with the Debtors to complete.  SMA gives a detailed analysis of the work performed for the Debtors, and asserts that the Debtors did not pay SMA's second invoice in the amount of $42,400, which amount constitutes SMA's claim. | Books and Records |
| 7. | Energy Engineering & Consulting Services, LLC (Docket No. 6443) | 179 | Energy Engineering & Consulting Services, LLC ("EECS") asserts that it provided engineering consulting services to the Debtors.  EECS further asserts that the Debtors paid all EECS's invoices except for its September 2005 invoice in the amount of $4,480, which amount constitutes EECS's claim.  EECS asserts that it will accept 75% of the claim, or $3,360. | Books and Records |
| 8. | Massachusetts Department of Revenue (Undocketed as of January 9, 2007 at 11:00 a.m.) | 3092 | The Massachusetts Department Of Revenue asserts that the Debtors submitted a tax return and payment on October 17, 2005, but that the payment was dishonored on October 21, 2005 and thus the claimant has an outstanding claim against the Debtors for withholding tax. | Books and Records |

2

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** |
|---|---|---|---|---|
| 9. | Maricopa County Treasurer (Undocketed as of January 9, 2007 at 11:00 a.m.) | 16317, 16333 | The Maricopa County Treasurer asserts that it has personal property tax claims against both Delphi Automotive Systems, LLC and Delphi Corporation for both 2005 and 2006 personal property taxes. Each of those claims appear to have been docketed more than once. The two claims that were objected to in the Fifth Omnibus Claims Objection were for 2006 tax liability and were filed against two different Debtor entities, both in the amount of $6,041.34.<br><br>The Maricopa County Treasurer acquiesces that it currently has only one claim, for 2006 taxes, and that it filed that claim in multiple cases. Further, the Maricopa County Treasurer acknowledges that several of its claims for 2005 property taxes were docketed multiple times and that such claims are duplicative. Moreover, the Maricopa Country Treasurer acknowledges that those 2005 taxes have been paid. The Maricopa Country Treasurer states that the only remaining balance owed to it is $4,742.82 for 2006 taxes.<br><br>The Maricopa County Treasurer requests that the Court direct that the claims that have been paid be withdrawn, leaving only one remaining claim for 2006 taxes in the amount of $4,742.82. | Untimely Books and Records |