BURR & FORMAN LLP  Hearing Date and Time Jan. 12, 2007 at 10:00 a.m.
420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000
Michael Leo Hall

    -and-

BURR & FORMAN LLP
171 17th Street, N.W.
Suite 1100
Atlanta, Georgia 30363
(404) 815-3000
Paul Burke O'Hearn

Attorneys for Creditor
MERCEDES-BENZ U.S. INTERNATIONAL, INC.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION et al., [1] | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------

**RESPONSE OF MERCEDES-BENZ INTERNATIONAL, INC. TO DEBTORS' "MOTION FOR ORDER UNDER 11 U.S.C. § 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS WITHIN WHICH TO FILE AND SOLICIT ACCEPTANCES OF REORGANIZATION PLAN"**

    **COMES NOW** Mercedes-Benz U.S. International, Inc. ("Mercedes"), a creditor and party-in-interest in the above-styled bankruptcy case, and hereby files its response in SUPPORT of the Debtors' "Motion for Order Under 11 U.S.C. 1121(d) Extending Debtors' Exclusive Periods Within Which to File and Solicit Acceptances of Reorganization Plan" (the "Exclusivity

---

BF-ATL-229558 v1

Motion") which motion was filed with this Court on December 22, 2006 and is set for hearing on January 12, 2007 at 10:00 a.m. and respectfully represents as follows:

## BACKGROUND

1. Mercedes is an Alabama Corporation, having its principal office and place of business at 1 Mercedes Drive, Vance, Alabama 35490. Mercedes is a wholly owned subsidiary of Daimler Chrysler North America Holding, which is a wholly owned subsidiary of DaimlerChrysler AG, and is an original equipment manufacturer ("OEM") customer of the Debtors. Mercedes purchases approximately three hundred million dollars worth of automotive systems, components, and/or parts from Delphi entities each year.

2. Mercedes is also a creditor of certain of the Debtors as set forth in its proofs of claim filed in these cases and in a protective motion with respect to such claims filed in conjunction therewith.

3. Not only is Mercedes an important customer of the Debtors, certain of the facilities of the Debtors are essential suppliers of Mercedes' major manufacturing facility in Vance, Alabama.

4. Thus, Mercedes has a high level of interest and concern regarding the successful and expeditious resolution of these Chapter 11 cases with a minimum of labor strife so as to keep Mercedes' supply of essential components uninterrupted. Additionally, Mercedes is monitoring with great interest any efforts by the Debtors to sell the division which supplies Mercedes in order to obtain adequate assurance that any such sale will result in compliance with the high manufacturing standards of Mercedes.

5. As a result of its high level of interest and concern in these cases, Mercedes has successfully intervened as a respondent in the litigation between the Debtors and its unions over the Debtors' motions brought under 11 U.S.C. § 1113 and 1114. In addition to Mercedes active

participation in the union litigation, it has also been present through counsel at every major hearing in the case and at all of the judicial conferences held in the context of the union litigation.

## STATEMENT OF POSITION

6.   As a result of Mercedes interest, and close monitoring of, these cases, Mercedes is uniquely positioned to give both an interested, yet somewhat detached, point of view on the issue of exclusivity extension.

7.   Mercedes' only interest in this regard is the successful, efficient and expeditious resolution of these cases. It is not involved in any dispute with the Debtor for which the granting or withholding of an exclusivity extension would be of some tactical advantage.

8.   Accordingly, Mercedes SUPPORTS the Debtors' Exclusivity Motion for a variety of reasons. Mercedes believes, based on its close monitoring of the cases, that the loss of exclusivity, far from expediting matters, would only make these proceedings more complex, more inefficient, more time-consuming and more in risk of ultimate failure than the alternative proposed by the Debtors.

9.   The Debtors have not been dragging their feet in these cases. As the Court is well aware, this is an extremely complex case with billions of dollars at stake and a potential impact on the national economy. The union issues alone, given the number of unions involved and the unique element of a significant third-party guaranty of certain union obligations, justify some additional grant of time to the Debtors.

10.   Additionally, the Debtors have recently negotiated the means for emerging from Chapter 11, have set forth a reasonable timetable for doing so and have independent financial motivation for adhering to that timetable in the form of the requirements of the investment bankers for a prompt exit strategy.

11. Granting the Exclusivity Motion would allow the Debtors to proceed with the reasonable timetable for emerging from Chapter 11 which the Debtors have outlined to the Court.

12. Allowing exclusivity to expire, or curtailing the time sought by the Debtors would add no additional incentive, or means, for the Debtors to emerge from Chapter 11 sooner. Loss of exclusivity might force the Debtors to file a plan prematurely resulting in inefficient negotiations being conducted after the fact. It might result in competing plans which would escalate the costs and time required to resolve these proceedings geometrically.

13. There may come a time when these Debtors need to be threatened with the imminent withdrawal of exclusivity, but that time is not now. The Debtors have proceeded to this point as quickly as could be expected given the complexity of the case. They have proposed a reasonable timetable for emergence from Chapter 11 and have demonstrated that they have the means to accomplish that timetable. They have independent financial motivation to meet that timetable.

14. At this time, the Debtors do not need to be punished for delay or given incentive to hurry up. More importantly, the Debtors' customers and creditors do not need to be punished by the withdrawal of exclusivity at this time -  and the resulting confusion, inefficiency, costs, time investment, delay and risk of failure.

## MEMORANDUM OF LAW

15. Because this response is a statement of support for the Debtor's Exclusivity Motion and relies on the same legal points and authorities set forth in Exclusivity Motion which are hereby incorporated herein by reference, Mercedes requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9012(b) be deemed satisfied.

Accordingly, Mercedes respectfully requests that the Debtors' Exclusivity Motion be GRANTED.

Respectfully submitted this 10th day of January, 2007.

BURR & FORMAN LLP

By: /s/ Michael Leo Hall
    Michael Leo Hall (pro hac granted)

420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000

-and-

BURR & FORMAN LLP

By: /s/ Paul Burke O'Hearn

    Paul Burke O'Hearn (pro hac granted)

171 17th Street, N.W.
Suite 1100
Atlanta, Georgia 30363
(404) 815-3000
Paul Burke O'Hearn

Attorneys for Creditor
Mercedes-Benz U.S. International, Inc.

BURR & FORMAN LLP
420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000
Michael Leo Hall

    -and-

BURR & FORMAN LLP
171 17th Street, N.W.
Suite 1100
Atlanta, Georgia 30363
(404) 815-3000
Paul Burke O'Hearn

Attorneys for Creditor
MERCEDES-BENZ U.S. INTERNATIONAL, INC.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------

|   |   |   |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION et al., [2] | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------

## CERTIFICATE OF SERVICE

    I hereby certify as follows:

    16.    On January 10, 2007, I served Response of Mercedes-Benz International, Inc. to Debtors' "Motion for Order Under 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods Within Which to File and Solicit Acceptances of Reorganization Plan", by transmitting a copy by means of overnight mail, by placing same in a sealed envelope with account number affixed thereto and marked "overnight priority," addressed to each of the persons listed in the "Master

Service List" dated January 8, 2007, and causing same to be placed into an official depository of Federal Express located within the State of Alabama.

17.     I further served the Objection by electronic mail, or U.S. mail where an e-mail address was not provided, on all those persons listed in the "2002 List" dated January 8, 2007.

Dated: January 10, 2007
       Birmingham, Alabama

BURR & FORMAN LLP

By: /s/ Michael Leo Hall
      Michael Leo Hall (pro hac granted)

420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000

-and-

BURR & FORMAN LLP

By: /s/ Paul Burke O'Hearn

  Paul Burke O'Hearn (pro hac granted)

171 17th Street, N.W.
Suite 1100
Atlanta, Georgia 30363
(404) 815-3000
Paul Burke O'Hearn

Attorneys for Creditor
MERCEDES-BENZ U.S. INTERNATIONAL, INC.