# **Exhibit A**

# EXHIBIT A

## SUMMARY OF OBJECTIONS TO THIRD 1121(d) EXCLUSIVITY EXTENSION MOTION
### (organized by objection)

A total of three objections have been filed, one of which was subsequently withdrawn on January 10, 2007. The filing deadline for objections was January 4, 2007.

| Summary Of Objection | Objection Docket Nos. | Resolution, Response, Or Proposal |
|---|---|---|
| 1. Extension Okay, But Should Be 60 Days | | |
| (a) Lack of a deal with the creditors' committee and unions. The Debtors have not reached a deal with all of their constituencies, including the creditors' committee and unions, and have instead entered into the Framework Agreements. | 6440 (creditors' committee) | Withdrawn. |
| (b) The STN Motion prompted the framework discussions. The creditors' committee brought GM to the bargaining table and almost had a deal on a plan to pay creditors in full, but the Debtors then summoned the creditors' committee and GM to the framework discussions. | 6440 (creditors' committee) | Withdrawn. |
| (c) Creditors' committee ignored. The Debtors have ignored the statutory committees' objections and refused to include the committees in its discussions. | 6440 (creditors' committee) | Withdrawn. |
| (d) The initial deadlines in the Framework Agreements are near. Under the Framework Agreements, the Debtors must negotiate deals with GM and unions by January 31, 2007. So the extension should be limited to 60 days. | 6440 (creditors' committee) | Withdrawn. |
| (e) Leverage. An extension beyond 60 days would perpetuate the current imbalance of negotiating strength. | 6440 (creditors' committee) | Withdrawn. |
| 2. There Should Be An Open Bidding Process<br>(a) The Debtors should not be able to prefer one potential plan investor or group of investors over another. | 6444 (equity committee)<br>6442 (Highland Capital Management) | The Board has evaluated the Highland Capital Management proposal and as necessary will continue that process, in accordance with its fiduciary duties. The equity committee and Highland Capital Management, however, cannot substitute their judgment for the Board's exercise of its duties. |

| Summary Of Objection | Objection Docket Nos. | Resolution, Response, Or Proposal |
|---|---|---|
| 3. Framework Agreements Too Contingent<br>(a) Objections and contingencies increase the likelihood that the Framework Agreements may never be approved. | 6442 (Highland Capital Management) | The existence of contingencies actually supports an extension. With respect to the objections, the commitment fees are reasonable when compared to the related transaction and do not become payable until significant, meaningful milestones are achieved. The remaining terms of the Framework Agreements also fall squarely within the Debtors' business judgment. Contingencies under this test need not be subject to a 100 percent chance of completion. |
| 4. Confidentiality Agreement<br>(a) Highland Capital Management should not be required to sign the same confidentiality agreement signed by other potential plan investors. | 6442 (Highland Capital Management) | This is irrelevant to the Debtors' extension request. Even if it were, the Debtors have offered Highland Capital Management, a newcomer, the same confidentiality agreement signed by other potential investors. |

Objecting Parties (Docket Number):
Official Committee of Unsecured Creditors (6440)
Official Committee of Equity Security Holders (6444)
Highland Capital Management, LP (6442)
Objecting Party Withdrawal:
Official Committee of Unsecured Creditor (6532)

2