**Exhibit A**

**In re Delphi Corporation, <u>et al.</u>; Case No. 05-44481 (RDD)**

*Responses To The Debtors' Fourth Omnibus Claims Objection*
*Organized By Respondent[1]*

|  | **RESPONSE** | **CLAIM NUMBER(S)** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|---|
| 1. | Hayes Lemmerz International, Inc. (Docket No. 6385) | 11979, 11980 | Hayes Lemmerz International asserts that it filed a proof of claim against Delphi Automotive LLC and one against Delphi Corporation. The claimant asserts that its claims clearly state that it is not seeking a double recovery, but that neither proof of claim should be expunged. | Pursuant to an agreement between the Debtors and Hayes Lemmerz, the hearing on this matter will be adjourned to a future hearing date. | None. |
| 2. | Local 698 IUE-CWA (Docket No. 6428) | 12974-12977, 12980-12989, 12991-12996, 13275-13277, 13280, 13282, 13284, 13285, 13287-13291 | The claimant asserts that the basis of its claim is that the Debtors seek to terminate the collective bargaining agreement effective from December 1, 2003 through October 12, 2007. The claimant filed proofs of claim against each Debtor entity. Local 698 asserts that it does not seek duplicate relief, rather it seeks to protect its right to claims for which a Debtor entity, other than Delphi, may be responsible. The claimant further asserts that the case has been consolidated for administrative purposes only, and there is no substantive consolidation, thus no | Pursuant to an agreement between the Debtors and the claimant, the hearing on this matter will be adjourned to a future hearing date. | None. |

---

[1] This chart reflects all responses entered on the docket as of January 4, 2007 at 6:00 p.m..

| | **RESPONSE** | **CLAIM NUMBER(S)** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|---|
| | | | protection from the risk that Local 698 must seek relief from another Debtor entity. | | |
| 3. | Retirees of Delphi Corporation represented by IUE-CWA during their employment (Docket No. 6424) | 12574 | The IUE-CWA Retirees assert that they do not have detailed information about the intricacies of the Debtors' corporate structure, so they filed a proof of claim against each Debtor entity. The Claimants further assert that the Debtors have offered no evidence that the disputed claim is in fact duplicative or that the IUE-CWA Retirees will be able to achieve complete relief through the surviving claim. IUE-CWA Retirees do not seek duplicate relief, but assert that these cases have been consolidated for administrative purposes only. | Pursuant to an agreement between the Debtors and the claimant, the hearing on this matter will be adjourned to a future hearing date. | None. |
| 4. | IUE-CWA/Delphi Corp. Joint Activities Center (Docket No. 6426) | 13272 | The IUE-CWA Joint Activities Center asserts that it filed proofs of claim against each Debtor entity, because without information about the intricacies of the Debtors' corporate structure, it feared risking the loss of a claim. Further, the claimant asserts that the Debtors have offered no proof that the disputed claim is in fact duplicative or that the IUE-CWA Joint Activities Center would achieve complete relief through the surviving claim. IUE-CWA Joint Activities Center does not seek duplicate relief, but states that it seeks to protect its right to claims for which a Debtor entity other than Delphi may be responsible. | Pursuant to an agreement between the Debtors and the claimant, the hearing on this matter will be adjourned to a future hearing date. | None. |

| | **RESPONSE** | **CLAIM NUMBER(S)** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|---|
| 5. | Local 711 IUE-CWA (Docket No. 6427) | 12703-12714, 12717-12721, 12726-12729, 12732-12740, 12742-12745 | Local 711 asserts that it filed proofs of claim against each Debtor entity because it does not have detailed information about the Debtors' corporate structure and therefore risked the loss of claims for which a Debtor other than Delphi may be responsible. Local 711 asserts that it does not seek duplicate relief. Finally, Local 711 asserts that the Debtors offer no evidence that the disputed claims are in fact duplicative. | Pursuant to an agreement between the Debtors and the claimant, the hearing on this matter will be adjourned to a future hearing date. | None. |
| 6. | Local 717 IUE-CWA (Docket No. 6429) | 12722-12725, 12746-12749, 12752-12757, 12759-12762, 12764-12772, 12775-12779 | Local 717 asserts that it filed proofs of claim against each Debtor entity because it does not have detailed information about the Debtors' corporate structure and therefore risked the loss of claims for which a Debtor other than Delphi may be responsible. Local 717 asserts that it does not seek duplicate relief. Finally, Local 717 asserts that the Debtors offer no evidence that the disputed claims are in fact duplicative. | Pursuant to an agreement between the Debtors and the claimant, the hearing on this matter will be adjourned to a future hearing date. | None. |
| 7. | Local 718 IUE-CWA (Docket No. 6430 | 12880-12884, 12886-12891, 12894-12902, 12904-12913, 12916-12919 | Local 718 asserts that it filed proofs of claim against each Debtor entity because it does not have detailed information about the Debtors' corporate structure and therefore risked the loss of claims for which a Debtor other than Delphi may be responsible. Local 718 asserts that it does not seek duplicate relief. Finally, Local 718 asserts that the Debtors offer no evidence that the disputed claims are in fact duplicative. | Pursuant to an agreement between the Debtors and the claimant, the hearing on this matter will be adjourned to a future hearing date. | None. |

|   | **RESPONSE** | **CLAIM NUMBER(S)** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|---|
| 8. | Local 801 IUE-CWA (Docket No. 6433) | 12293-12297, 12300-12305, 12307-12317, 12320-12326, 12328-12332, 12920 | Local 801 asserts that it filed proofs of claim against each Debtor entity because it does not have detailed information about the Debtors' corporate structure and therefore risked the loss of claims for which a Debtor other than Delphi may be responsible. Local 801 asserts that it does not seek duplicate relief. Finally, Local 801 asserts that the Debtors offer no evidence that the disputed claims are in fact duplicative. | Pursuant to an agreement between the Debtors and the claimant, the hearing on this matter will be adjourned to a future hearing date. | None. |
| 9. | Local 1111 IUE-CWA (Docket No. 6434) | 12841-12843, 12846-12855, 12857-12865, 12868-12873, 12875-12879, 12973 | Local 1111 asserts that it filed proofs of claim against each Debtor entity because it does not have detailed information about the Debtors' corporate structure and therefore risked the loss of claims for which a Debtor other than Delphi may be responsible. Local 1111 asserts that it does not seek duplicate relief. Finally, Local 1111 asserts that the Debtors offer no evidence that the disputed claims are in fact duplicative. | Pursuant to an agreement between the Debtors and the claimant, the hearing on this matter will be adjourned to a future hearing date. | None. |
| 10. | Local 416 IUE-CWA (Docket No. 6435) | 12531-12535, 12537-12542, 12545-12553, 12555-12564, 12567-12570 | Local 416 asserts that it filed proofs of claim against each Debtor entity because it does not have detailed information about the Debtors' corporate structure and therefore risked the loss of claims for which a Debtor other than Delphi may be responsible. Local 416 asserts that it does not seek duplicate relief. Finally, Local 416 asserts that the Debtors offer no evidence that the disputed claims are in fact duplicative. | Pursuant to an agreement between the Debtors and the claimant, the hearing on this matter will be adjourned to a future hearing date. | None. |

|    | RESPONSE | CLAIM NUMBER(S) | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|----|----------|-----------------|---------------------|------------------------|------------------------------|
| 11. | Local 755 IUE-CWA (Docket No. 6431) | 12451-12454, 12457-12466, 12468-12475, 12478-12483, 12485-12490, 13274 | Local 755 asserts that it filed proofs of claim against each Debtor entity because it does not have detailed information about the Debtors' corporate structure and therefore risked the loss of claims for which a Debtor other than Delphi may be responsible. Local 755 asserts that it does not seek duplicate relief. Finally, Local 755 asserts that the Debtors offer no evidence that the disputed claims are in fact duplicative. | Pursuant to an agreement between the Debtors and the claimant, the hearing on this matter will be adjourned to a future hearing date. | None. |
| 12. | DBM Technologies (Docket No. 6436) | 12387 | DBM states that it does not object to the expungement of one of its proofs of claims, so long as the correct proof of claim is expunged. At this time, DBM asserts that the Debtors have not provided any information in support of the assertion that the only Debtor against which DBM holds a claim is Delphi Automotive Systems LLC. DBM further asserts that the Debtors have not provided DBM with the proper legal names of the Debtor that controls or is referred to as "Delphi," "Delphi Safety & Interior Systems," "Delphi Energy & Chassis Systems," and "Delphi Harrison Thermal." Once provided with information to confirm which Debtor control these entities, DBM states that it will withdraw any duplicate proof of claim and this response. DBM also argues that the relief requested in the Fourth Omnibus Claims Objection is premature and should not be granted | The Debtors believe that the following provision (the "Multiple Debtor Duplicate Claim Provision") in paragraph 3 of the Debtors' revised proposed order resolves the respondent's response:

"Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Fourth Omnibus Claims Objection, on any grounds whatsoever; provided, however, that solely to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the | None. |

5

|  | RESPONSE | CLAIM NUMBER(S) | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
|  |  |  | because the it believes that the Objection serves to delay the adjudication of DBM's Setoff Motion. | "Surviving Claim") disallowed and expunged solely on the basis that such Surviving Claim is asserted against the incorrect Debtor, provided that one of the Multiple Debtor Duplicative Claims was originally filed against the correct Debtor. For the avoidance of doubt, except as expressly provided in the preceding sentence, the Surviving Claims shall remain subject to further objection on any grounds whatsoever, including, without limitation, that any such Surviving Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Duplicative Claim against the correct Debtor.  Nothing contained herein shall restrict the Debtors from objecting to any Surviving Claim or any holder of a Surviving Claim from seeking relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors against which such Surviving Claim is asserted. |  |

6

| | **RESPONSE** | **CLAIM NUMBER(S)** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|---|
| 13. | IBEW Local 663 (Docket No. 6454) | 10435, 10436, 10437, 13864, 13865, 13866, 13867, 13868, 13869, 13870, 13871, 13872, 13873, 13874, 13876, 13877, 13878, 13879, 14285, 14286, 14287, 14288, 14289, 14290, 14291, 14292, 14293, 14294, 14310, 14345, 14346, 14348, 14349, 14351, 14352, 14353, 14354, 14355, 14356, 14357, 14358, 14359, 14360 | The IBEW Local 663 confirms that counsel for the Debtors agreed to adjourn IBEW Local 663's claims to the February 14, 2007 claims hearing.<br><br>The Claimants assert that at the time they filed their proofs of claim against each Debtor entity, they did not have detailed information about the Debtors' corporate structure and therefore risked the loss of claims for which a Debtor may be responsible. The Claimants assert that they do not seek duplicate relief. Finally, the Claimants assert that the Debtors offer no evidence that the disputed claims are in fact duplicative. | Pursuant to an agreement between the Debtors and the IBEW Local 663, the hearing on this matter will be adjourned to February 14, 2007. The deadline for the Claimant to file a response is February 7, 2007. The deadline for the Debtors to file a reply is February 13, 2007. | None. |

7