SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- x
                                                    :
    In re                                           :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                    Debtors.                        :    (Jointly Administered)
                                                    :
--------------------------------------------------- x

FOURTH SUPPLEMENTAL DECLARATION AND STATEMENT OF
JOHN WM. BUTLER, JR. UNDER FED. R. BANKR. P. 2014 AND 2016

JOHN WM. BUTLER, JR., being duly sworn, deposes and says:

1.  I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") which maintains offices for the practice of law at 333 West Wacker Drive, Chicago, Illinois 60606-1285 and Four Times Square, New York, New York 10036. On October 8, 2005, I executed and filed a declaration (the "Declaration") pursuant to 11 U.S.C. §§ 327 and 329 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Application For An Order Under 11 U.S.C. §§ 327(a) And 329 And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing The Employment And Retention Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates As Attorneys For Debtors-in-Possession And (II) Scheduling A Final Hearing Thereon, filed contemporaneously therewith by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). Pursuant to an interim order entered October 14, 2005 and a final order entered November 4, 2005, this Court authorized the retention of Skadden to serve as the Debtors' principal restructuring and bankruptcy counsel. Skadden has represented the Debtors in their chapter 11 cases since the filing of the Debtors' chapter 11 petitions and continues to represent the Debtors.

Prior Declarations

2.  On May 31, 2006, in connection with the filing of the First Interim Application Of Skadden, Arps, Slate, Meagher & Flom LLP and affiliates, Counsel To The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation And

2

05-44481-rdd    Doc 6542    Filed 01/10/07    Entered 01/10/07 23:10:04    Main Document
Pg 3 of 7

Reimbursement Of Expenses (Docket No. 3975), I executed and filed a supplemental declaration (Docket No. 3973) (the "First Supplemental Declaration").

        3.        In connection with the Second Interim Application Of Skadden, Arps, Slate, Meagher & Flom LLP, Counsel To The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses (Docket No. 4796), I executed and filed a second supplemental declaration on August 1, 2006 (Docket No. 4810) (the "Second Supplemental Declaration").

        4.        On November 30, 2006, in connection with the Third Interim Application Of Skadden, Arps, Slate, Meagher & Flom LLP, Counsel To The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses (Docket No. 6002), I executed and filed a third supplemental declaration (Docket No. 5999) (the "Third Supplemental Declaration" and, collectively with the Declaration, the First Supplemental Declaration, and the Second Supplemental Declaration, the "Prior Declarations").

        5.        The Prior Declarations were filed pursuant to Bankruptcy Rules 2014 and 2016 to supplement the disclosures made in the Declaration and to provide additional disclosures regarding the results of Skadden's continued client database research of parties appearing in these cases subsequent to the filing of the Declaration.

Ongoing Relationship And Disclosure Research

        6.        Prior to the execution of each of the Prior Declarations, Skadden performed extensive relationship and disclosure research with respect to the Debtors' affiliates, directors, and officers, joint owners of the Debtors' affiliates, fifty largest

unsecured creditors (on a consolidated basis as of September 2005 as determined by the Debtors), counterparties to major contracts, major lenders, shareholders owning more than 5% of outstanding shares, professionals, utility companies, counterparties to major leases, insurance providers, major vendors, major customers, non-Debtor parties to collective bargaining agreements with the Debtors, indenture trustees, underwriters of securities, major litigation parties, state and governmental agencies, and Judges and United States Trustees for the United States Bankruptcy Court for the Southern District of New York. The disclosures in the Prior Declarations were based on that research.

7. As indicated in the Prior Declarations, since the commencement of these cases, Skadden has conducted additional queries of its client databases regarding possible relationships with, or connections to, the parties that filed formal notices of appearance in these cases, the parties on the master service list, and certain other parties who have become actively involved in these cases or otherwise have been identified to Skadden.

Supplemental Due Diligence And Disclosures

8. I am filing this fourth supplemental declaration (the "Fourth Supplemental Declaration") to supplement Skadden's disclosures in the Prior Declarations and to provide additional disclosures regarding the results of its client database research. As disclosed in the Prior Declarations, Skadden does not represent and has not represented any entity, other than the Debtors, in matters related to these chapter 11 reorganization cases.

4

9. Skadden currently represents Greenhill & Co. ("Greenhill"), investment banker to General Motors in connection with negotiations over the Debtors' emergence from chapter 11, and Evercore Partners ("Evercore"), investment banker to Appaloosa in connection with negotiations over the Debtors' emergence from chapter 11, in matters unrelated to the Debtors or the Debtors' reorganization cases. Skadden's representation of Greenhill and Evercore has not affected and will not affect the firm's representation of the Debtors in these cases. Skadden does not represent Greenhill or Evercore in any matters adverse or related to the Debtors.

10. On December 21, 2006, the Debtors received an unsolicited offer from Highland Capital Management, LP ("Highland Capital").[1] Skadden currently represents Highland Capital in matters unrelated to the Debtors or the Debtors' reorganization cases. Skadden's representation of Highland Capital has not affected and will not affect the firm's representation of the Debtors in these cases. Skadden does not represent Highland Capital in any matters adverse or related to the Debtors.

11. With respect to Highland Capital, Skadden has established a formal screening procedure or "Ethical Wall" to ensure that there are no communications or exchanges of information protected as confidential or as client secrets between lawyers or legal assistants currently working on matters for the Debtors and those working on Highland Capital matters or later assigned to work on any matters for the Debtors or on any Highland Capital matters.

---

[1] As indicated in several filings with the Securities Exchange Commission in December 2006, Highland Capital and its affiliates Strand Advisors, Inc., Highland Credit Strategies Fund, Highland Multi-Strategy Onshore Master SubFund, L.L.C., Highland Multi-Strategy Master Fund, L.P., and James D. Dondero, the President of Highland Capital are significant holders of common stock in Delphi.

5

12.    In addition, Skadden currently represents a company of which James D. Dondero, the President of Highland Capital, is an outside director, on matters unrelated to the Debtors.  Skadden does not represent this company in any matters adverse or related to the Debtors.

13.    In addition, certain attorneys at Skadden are related to employees or principals of certain of the Debtors' parties-in-interest.  In particular, a London partner is related to an employee of Mesirow Financial Consulting, LLC ("Mesirow"); a New York counsel is related to an employee of Mesirow; and a New York associate is the spouse of a partner of Milbank, Tweed, Hadley & McCoy LLP.

14.    Skadden will continue to conduct further due diligence and research of its client databases and inquiries of its attorneys and will file additional supplemental declarations regarding its retention, including periodic supplemental declarations anticipated to be filed at or about the time that future fee applications are filed in these cases, to the extent necessary.

15.    Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.  Certain of the disclosures herein, however, relate to matters within the knowledge of other attorneys at Skadden and are based on information provided by them.

<u>Further Due Diligence</u>

16.    Skadden intends to conduct further database queries and file supplemental declarations, to the extent necessary, at or about the time of filing its fourth

interim fee application in these chapter 11 cases, unless further disclosure is warranted at an earlier date.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

    Executed on January 10, 2007, at New York, New York

    /s/ John Wm. Butler, Jr.
    JOHN WM. BUTLER, JR.