Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
  Delphi Corporation, et al.,             :   Case No. 05-44481 (RDD)
                                          :   (Jointly Administered)
                        Debtors.          :
                                          :
                                          :
------------------------------------------x

**THIRD SUPPLEMENTAL OBJECTION OF THE OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS IN OPPOSITION TO DEBTORS'
EXPEDITED MOTION FOR ORDER AUTHORIZING AND APPROVING THE
EQUITY PURCHASE AND COMMITMENT AGREEMENT PURSUANT TO
SECTIONS 105(a), 363(b), 503(b) AND 507(a) OF THE BANKRUPTCY CODE
AND THE PLAN FRAMEWORK SUPPORT AGREEMENT PURSUANT TO
<u>SECTIONS 105(a), 363(b), AND 1125(e) OF THE BANKRUPTCY CODE</u>**

TO:   THE HONORABLE JUDGE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Equity Security Holders (the "Equity Committee") of Delphi Corporation ("Delphi") and the other above-captioned debtors (collectively, the "Debtors") by and through its counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, files this third supplemental objection (the "Objection") to the Debtors' expedited motion (the "Motion") for an order authorizing and approving the Equity Purchase and Commitment Agreement (the "Investment Agreement") pursuant to Sections 105(a), 363(b), 503(b) and 507(a) of the

Bankruptcy Code and the Plan Framework Support Agreement (the "Support Agreement") pursuant to Sections 105(a), 363(b), and 1125(e) of the Bankruptcy Code. In support of the Objection, the Equity Committee respectfully states as follows:

1. Earlier today the Debtors filed their response to the Objection, together with a revised Investment Agreement and Support Agreement. The Official Committee of Unsecured Creditors ("UCC") and the ad hoc trade committee have withdrawn their objections to approval of the Support Agreement and the Investment Agreement.

2. The fact that the UCC and ad hoc trade committee withdrew their objections comes as no surprise to the Equity Committee. Objections by recipients of par plus accrued do ring hollow. While much will be done to champion this development before the Bankruptcy Court, as a matter of substance it is of no moment.

3. Stripped to their barest essentials, the Delphi chapter 11 cases remain a contest between the Equity Committee and GM over the allocation of the value of reorganized Delphi. As currently structured, the framework agreement contemplates providing GM (who the Equity Committee firmly believes would be a net obligor if litigation were to be pursued) with $3 billion in value, and, more importantly, releases from billions of dollars of liability.[1] The Highland Capital Management, LP ("Highland") proposal contemplates the same recovery for GM but provides vastly improved economics and governance and does not have the significant value transfer to the Plan Investors.

4. That GM prefers the Plan Investors and that GM is doing all it can to urge the

---

[1] Notwithstanding its self-serving and inappropriate public statements, if an alternate offer frees up value because it has less egregious plan investor terms, GM is not entitled to additional recovery – with the passage of time, harm caused to the estate and equity by GM and GM's resulting liability, including exposure for the post-chapter 11 chilling of bidding, has increased. GM does not have the right to designate or choose the successful bidder. As the proposed beneficiary of significant value and releases, it is galling that GM continues to fail in its duty to act in good faith.

2

Debtors to stiff-arm Highland misses the point.  All owe thanks to the Plan Investors for working with the Debtors to get to this point.  With a higher offer on the table, the Debtors do not owe anything more to the Plan Investors, most especially deal protections.  The Debtors and GM are entitled to their preferences, but self-interest and a beholder's eye for beauty do not and cannot be allowed to trump or limit value in any way.

5.    If GM prefers the Plan Investors, GM should cause the Plan Investors to best Highland.  GM cannot be allowed to facilitate another forfeiture of value due to the shareholders of Delphi by shutting other bidders out of the process in order to ensure its preferred partner (Cerberus) is the successful bidder.

6.    The Equity Committee believes that the Debtors must engage Highland and all potential credible bidders in order to ensure that the highest and best offer is obtained and that value is maximized for the Debtors' stakeholders as opposed to a few select plan investors.  In that regard, even with the changes made to the Investment Agreement and the Support Agreement, the Court should still not approve the Motion and Alternate Transaction Fee because it will not maximize the value to the estate.

7.    Apart from the substantial economics and governance failures of the Plan Investors' framework agreement, the relief requested continues to be objectionable for numerous reasons, including (but not limited to) those set forth below:

- First, one of the main objections of the Equity Committee has not been fixed – that the agreements are wholly illusory because the Plan Investors have the right after April 1 to terminate for "any reason or no reason".  The Debtors modified the agreements to provide that (i) the right to terminate for "any reason or no reason" now ends upon approval of the Disclosure Statement and (ii) the plan

3

investors must return the commitment fees they have received if they so terminate. While the modifications are nice, they do not change the basic and simple fact that as long as the plan investors can terminate for "any reason or no reason" the agreements are illusory. The Motion proposes to grant significant expense reimbursement, commitment fees and an Alternate Transaction Fee without any binding commitment. It is unheard of and extraordinary to provide a party with commitment fees and break up fee protection while it has absolutely no commitment to consummate the transactions.

- The Alternate Transaction Fee is also inappropriate in the face of an outstanding offer from Highland that offers vastly superior economics and governance compared to those contemplated by the Investment Agreement and Support Agreement. It is also extraordinary to seek an Alternate Transaction Fee when there is no process by which to obtain Alternate Transactions. Any Alternate Transaction Fee must be structured in a way to facilitate and encourage bidding – not to chill it. The Equity Committee believes that the Debtors should fully engage with Highland and any other potential bidder to obtain the best stalking horse bid before granting significant break-up fees. We believe that such a process would take 30-60 days. For the various reasons indicated in this and its previous objections, the Equity Committee believes the Motion should be denied in its entirety. If the Court is inclined to approve the Alternate Transaction Fee, (notwithstanding the fact that the Plan Investors' commitment is illusory until approval of the Disclosure Statement), the Equity Committee believes that the Court should approve only a $10 million Alternate Transaction Fee for the next

60 days while the Debtors engage with Highland and other parties. At the end of the 60 days the Debtors could renew or modify the request for approval of the balance of the Alternate Transaction Fee. In addition, regardless of the relief granted, the Debtors should be required to engage any and all bidders, provide them with full and complete access, and affirmatively facilitate discussions between such bidders and GM and labor so that, as required by the Bankruptcy Code, the highest and best offer can be obtained.

- Regardless of who the ultimate successful bidder is, the Rights Offering must be commenced upon (x) the later of the Registration Statement becoming effective and (y) the Confirmation Order becoming a final order, and the Rights Offering must be an unwaivable condition to the Effective Date of the Plan.[2] Currently, both the Debtors and the Plan Investors retain the right to waive the conduct of the Rights Offering as a condition to closing. The parties' statements that they do not intend to exercise these waiver rights are inadequate to protect Delphi's public shareholders so long as the Debtors and the Plan Investors retain the contractual right to do so.

- The Plan Investors will receive a massive transfer of value – disproportionate to the new capital they are investing – if the proposed transaction does occur. At a minimum, half a billion dollars of estate value is being transferred to the Plan Investors through fees, expenses and discounts on rights as well as convertible preferred stock. This provision alone is reason enough to deny the relief

---

[2] The Rights Offering period is currently structured in a manner that diminishes the value of the Rights and makes it significantly less likely that they will be exercised. The current structure most harms the unsophisticated investor.

5

requested.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Equity Committee respectfully requests that the Court deny the Motion and grant such other and further relief as is appropriate.

Dated: January 10, 2007
New York, New York

                                          FRIED, FRANK, HARRIS, SHRIVER
                                             & JACOBSON LLP

                                        By   /s/ Bonnie Steingart
                                            Bonnie Steingart (BS-8004)
                                            Debra M. Torres (DT-9093)

                                        One New York Plaza
                                        New York, New York 10004
                                        Telephone:  212.859.8000
                                        Facsimile:  212.859.4000

                                        *Counsel for the Official Committee of Equity*
                                        *Security Holders*

575069