### WILLIAM P. DOWNEY
### 3456 FISHINGER ROAD
### COLUMBUS, OH 43221
### (614) 562-5371 TELEPHONE
### WDOWNEYCMH@AOL.COM E-MAIL

**The Honorable Robert D. Drain**
United States Bankruptcy Court
Southern District of New York
Delphi Corporation Claims
One Bowling Green
Room 534
New York, NY 10004-1408

      Re:   Delphi Corporation
             Case No. 05-44481

Dear Judge Drain:

      I am writing in response to the *Debtor's Omnibus Supplemental Reply to Responses to Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. §502(c) (Docket No. 5452) with Respect to Proof of Claim Numbers 3885, 7075, 9674, 11829, 12129, and 13411.*

      I filed my original claim on or about July 30, 2006 in the above-referenced matter. I then received a Motion from Debtors' counsel filed with the Court, asking the Court to reject my claim because there was insufficient documentation (documentation that Debtors denied me access to by removing all information / documentation relevant to my account that was accessible via the internet prior to Debtors filing bankruptcy) that accompanied my claim. I replied to this Motion resubmitting the documentation that I had supplied with my Proof of Claim. Now, counsel for Debtors argue that I do not have a claim, regardless of whether or not documentation has been supplied.

      I do not understand how Debtors' counsel cannot put forth their position the first time instead of overwhelming me with Motion after Motion that I must respond to in order to receive what I believe is rightfully mine - the full value of my retirement account.

      I am sure Debtors' counsel is aware that I and many of the claimants of Debtors are unable to afford counsel to represent their interests, and are unable to attend any hearings on this matter because they live outside the state of New York. As a result, Debtors' counsel is inundating me with an overwhelming amount of paper in an effort to prevent me from replying to their arguments that my claim should be rejected.

However, in this instance, I am once again responding to Debtors' Motion, which asks this Court to reject my claim.   It is my contention that my claim should be allowed as an unsecured priority claim based upon 11 U.S.C. §507(a)(5) – inclusion of claims pertaining to contributions to retirement accounts and as an unsecured nonpriority claim as listed on my Proof of Claim.

Simply put, I contributed to Debtors' Plan through direct withdrawal of funds from my wages, which were used to purchase stock of Delphi, and through my services as an employee of Debtors.  I should not be denied what is rightfully mine.

I would like to point out that I was not permitted to choose what stock I purchased with these funds.  I was also required to hold onto the stock for a period of time prior to exchanging it for other stock.  While I voluntarily participated in the Plan, I was not permitted to voluntarily sell the Delphi stock as I wanted to prior to my extensive loss in value of the Delphi stock.  Therefore, I do not have a ***voluntary interest*** in Delphi that counsel for Debtors is trying to argue, I have a ***claim against*** Debtors for the difference in the cost of the stock, less the value of the stock at the current time.


Very truly yours,



William P. Downey


cc:    All interested parties