**United States Bankruptcy Court**
**Southern District of New York**

| In re | Chapter 11 |
|---|---|
| Delphi Corporation, et, al., | Case No. 05-44481 (RDD) |
| Debtors | (Jointly Administered) |

### Claimant's Supplemental Response to Debtor's Third Omnibus Objection

Debtor:
Delphi Corporation
Chapter 11
Case Number: 05-44481

Claimant, address for reply, person with authority to settle or resolve this claim:
Deykes, Douglas
1321 Kennebec Court
Canton MI 48187
Cellular telephone: US 248-761-2092

Claim # 13411
Claim Amount: $8,588.00

Preliminary Statement

I have received the Debtor's omnibus supplemental reply and am providing this supplemental reply to clarify and re-emphasize the basis for the claim.

The Debtor's supplemental response seems to indicate that a person with an equity interest is barred from any other type of claim against Delphi's estate. I can find no basis for this.

My claim is not based on an equity interest in Delphi as asserted by the Debtors, even though I also have an equity interest, but on a loss I sustained based on Delphi's inactions that directly resulted in a loss to me. As such, the loss constitutes a "claim" against Delphi's estate as defined in section 101(5) of the Bankruptcy Code.

Description of claim

In late July 2004 Delphi received a subpoena from the SEC requesting information regarding a transaction with EDS.

The Delphi Corporate Audit Services department initiated an investigation into certain transactions.

In August 2004 the SEC informed Delphi it opened a formal investigation. The Audit Committee of the Board of Directors engaged PricewaterhouseCoopers to perform an investigation.

As an employee of Delphi's internal audit department I participated in the internal investigation and subsequent PricewaterhouseCoopers investigation. I, along with other employees involved in the investigation, was notified by Marjorie Harris Loeb of Delphi's Legal Staff on September 20, 2004 that I was restricted from trading in Delphi common stock without first obtaining a pre-clearance from her. A copy of this email notification is attached as exhibit I.

In March of 2005, I terminated my employment with Delphi. I gave notice of my intent to separate from the company to management in early February. At this time the restriction on trading in Delphi securities was still in place. Shortly after giving notice to terminate my employment, I inquired with Ms. Loeb of Delphi's Legal staff as to whether the prohibition to sell securities still applied to me. I was unable to reach Ms. Loeb directly and left a voice message with my request to remove the trading restriction. Ms. Loeb was unresponsive to my inquiry. I left another voice message on March 9th, 2005. I did not receive a response to this voice message.

I subsequently inquired with my former supervisor, John Arle, Delphi's then Vice President of Corporate Audit Services, as to whether I had permission to sell the stock. In his response, he indicated he did not know what Ms. Loeb's response would be. I understood this to mean he was referring me to Ms. Loeb for an answer. A copy of this email message is attached as exhibit II.

A subsequent inquiry with Ms. Loeb, also via voice message, received no reply.

This placed me in a situation where I was barred from selling the securities and without guidance or response from Delphi's Legal Staff. During this time the value of the stock declined.

Eventually, I unilaterally decided the withholding of a response was unreasonable and to sell my stock. I do not believe I possessed any material non-public information at any time from the date I initiated my request until the date I actually sold the stock.

The basis of my claim is that when Delphi implemented the restriction on the purchase or sale of Delphi common stock and the requirement to obtain pre-clearance they had a responsibility to implement an effective, timely pre-clearance procedure. By not responding to my requests for pre-clearance, Delphi failed to carry out its responsibilities to implement an effective and timely pre-clearance procedure and Ms. Loeb failed to meet her duty to act on the requests. My intent was to sell the common stock as soon as pre-clearance was granted. As a result of the ineffective pre-clearance process and lack of responses from Ms. Loeb, the value of my stock declined and I sustained a loss.

The average daily trading value per share of the stock on February 7, 2005, when I initially requested authorization to sell the stock, was $7.54. On the date of the sale, I received $3.02 per share for the 1,900 shares of stock I owned. The resultant loss in this time period is $8,588 and is the specific amount of my claim. This loss is in addition to the loss in value from my original purchase price and is due entirely to an ineffective and timely pre-clearance process and lack of responses to my requests for pre-clearance.

As the loss is based on an ineffective pre-clearance process and lack of responses, I request that the claim be allowed.


Exhibits attached to this document

I
Copy of email messages issued to me restricting me from making any purchases or sales of Delphi common stock without first obtaining pre-clearance.

II
Copy of email to and response from John Arle, V.P. Corporate Audit Services, inquiring as to whether the restriction had been removed for me personally.


Dated: January 8, 2007

By: Douglas Deykes

<u>Exhibit I</u>

**From:** Arle, John P
**Sent:** Monday, September 20, 2004 9:44 AM
**To:** Deykes, Douglas E; Garvey, William G
**Subject:** FW: SPECIAL NOTE: Securities and Exchange Commission Subpoena
**Importance:** High
**Sensitivity:** Confidential

FYI

-----Original Message-----

**From:** Kowalewicz, Catherine A

**Sent:** Friday, September 17, 2004 4:47 PM

**To:** Kowalewicz, Catherine A; Abate, Jodi S; Aguiar, Alessandra M.; Alexander, Debra S; Anderson, Carrie ; Audia, Damon ; Baldassari, Olivier; Baxter, Rachel G; Bellot, Christophe ; Blahnik, John ; Bragg, Lynn ; Burke, Steve; Bussetta, Lara ; Butler, Deirdra ; Butler, Kevin M (VP HRM); Cason, Fred E; Chua, Michelle ; Clark, Teresa A; Corcoran, Sean P; Cornejo, Jorge L; Craig, Beth ; Cybulski, Mark J; Dambreville, Jean-Louis ; Dawes, Alan; Densmore, Mark A; Desautel, Christopher J; Donovan, George ; Eady, Lynn; Egel, Christoph; Evans, Deborah J; Fidler, Dana F; Fitzpatrick, Kathryn A; Free, Paul R; Fry, Bradley C; Fukuda, Margaret M; Garavaglia, Carolyn ; Garcia, Mark E; Geller, Pam ; Hackett, James E; Hamlet, Linda ; Harper, William M; Hart-Humphrey, Twila; Kaye, Diane ; Krause, Tracy A; Kumar, Indresh J; Macrino, Ann ; Maiorana, Chuck; Marentette, Charles E; Marion, Laura J; Martin, Bill P; McClanahan, Jim; Michels, Colleen A; Neo, Cheng Imm; Niccum, Douglas W.; Nolan, John ; Nyutu, Shedria L; Patrick, Elizabeth A (HRM EC); Perkins, Joseph ; Piazza, Joseph D; Porter, Michael; Quada, Douglas ; Raffoul, Raphael; Reaves, John W; Reyes, Rene; Robinson, Logan ; Rozanski, Catherine M; Seipke, Isabelle C; Serrano, Pablo; Sheehan, John; Smark, Denise L; Swastek, Michelle ; Thompkins, Sandra P; Urban, Randall ; Vansickle, Darrin C; Walker, Bette ; Walker, Judy - Executive Office; Waters, Michael S; Weishaupt, John R; Welsh, Gordon J; Williams, Derrick M; Williams, Jennifer ; Zionkowski, Edward A; Wogoman, Scott; Wagner II, Harry W

**Cc:** Papelian, Joseph E; Arle, John P; Runkle, Don ; O'Neal, Rodney; Weber, Mark ; Wohleen, David B; Barth, Volker; Bertrand, James ; Blahnik, John ; Chon, Choon T; Hachey, Guy ; Healy, Karen L; Lorenz, Mark C; Nelson, R.David (VP of Purchasing); Ordonez, Francisco A; Owens, Jeffrey J.; Pasricha, Atul ; Pirtle, Ronald M; Remenar, Robert ; Richards, F Timothy; Spencer, James A (President); Whitson, James P (Chief Tax Officer)

**Subject:**    SPECIAL NOTE:  Securities and Exchange Commission Subpoena

**Importance:**    High

**Sensitivity:**    Confidential

> **The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (248/ 813-2677), and delete the original message.**
>
> <u>***The following message is being sent by Catherine Kowalewicz on behalf of Marjorie H. Loeb:***</u>

Page 4 of 9

I am writing to answer a frequently asked question concerning the application of the trading restriction to 401(k) plans. Please note that you need not should not change your investment allocations into your 401(k) plan as a result of this restriction. Specifically, no discretionary transactions in your 401(k) plan means:

(a) No transfers of existing assets in your 401(k) plan into or out of the Delphi common stock fund

(b) With respect to future contributions, no changing your existing elections to provide for more or less to go into the Delphi common stock fund. Your existing elections, having been made at a time when you were not privy to inside information are valid as long as they are not changed. This is pursuant to a specific SEC rule exempting trades while in the possession of inside information if the plan to trade was entered into prior to receipt of such information (sometimes referred to as a written trading plan or 10b5-1 plan). As a result contributions can continue to flow into the Delphi common stock fund (eg. to obtain the match) in accordance with existing elections. If you change any aspect of your elections relating to Delphi common stock fund, you must call me first because changing prior elections raises the possibility that you will no longer qualify for the exemption for trading while in possession of inside information pursuant to a written trading plan that was established prior to your acquiring such inside information.

So in sum, leave assets invested in the Delphi common stock fund of your 401(k) plan alone. Do not change the percent of future wages being allocated to the Delphi common stock fund without calling to discuss with me first. You transfer assets not in the Delphi common stock fund to other investment choices and you may increase or decrease the amount of future contributions going into other investment choices.

*Marjorie Harris Loeb*
*Managing Securities Attorney*
*Delphi Corporation*
*5725 Delphi Drive*
*MC: 483-400-603*
*Troy, MI 48090-2815*
*office: 248-813-6801*
*fax: 248-813-2491*
*cell: 248-219-5695*
*email: marjorie.h.loeb@delphi.com*
*Legal Assistant: Catherine A. Kowalewicz*
*248-813-2677*

-----Original Message-----

**From:** Kowalewicz, Catherine A

**Sent:** Friday, September 17, 2004 12:05 PM

**To:** Abate, Jodi S; Aguiar, Alessandra M.; Alexander, Debra S; Anderson, Carrie ; Audia, Damon ; Baldassari, Olivier; Baxter, Rachel G; Bellot, Christophe ; Blahnik, John ; Bragg, Lynn ; Burke, Steve; Bussetta, Lara ; Butler, Deirdra ; Butler, Kevin M (VP HRM); Cason, Fred E; Chua, Michelle ; Clark, Teresa A; Corcoran, Sean P; Cornejo, Jorge L; Craig, Beth ; Cybulski, Mark J; Dambreville, Jean-Louis ; Dawes, Alan; Densmore, Mark A; Desautel, Christopher J; Donovan, George ; Eady, Lynn; Egel, Christoph; Evans, Deborah J; Fidler, Dana F; Fitzpatrick, Kathryn A; Free, Paul R; Fry, Bradley C; Fukuda, Margaret M; Garavaglia, Carolyn ; Garcia, Mark E; Geller, Pam ; Hackett, James E; Hamlet, Linda ; Harper, William M; Hart-Humphrey, Twila; Kaye, Diane ; Krause, Tracy A; Kumar, Indresh J; Macrino, Ann ; Maiorana, Chuck; Marentette, Charles E; Marion, Laura J; Martin, Bill P; McClanahan, Jim; Michels, Colleen A; Neo, Cheng Imm; Niccum, Douglas W.; Nolan, John ; Nyutu, Shedria L; Patrick, Elizabeth A (HRM EC); Perkins, Joseph ; Piazza, Joseph D; Porter, Michael; Quada, Douglas ; Raffoul, Raphael; Reaves, John W; Reyes, Rene; Robinson, Logan ; Rozanski, Catherine M; Selpke, Isabelle C; Serrano, Pablo; Sheehan, John; Smark, Denise L; Swastek, Michelle ; Thompkins, Sandra P; Urban, Randall ; Vansickle, Darrin C; Wagoner, Scott H; Walker, Bette ; Walker, Judy - Executive Office;

Waters, Michael S; Welshaupt, John R; Welsh, Gordon J; Williams, Derrick M; Williams, Jennifer ; Zionkowski, Edward A; Wogoman, Scott

**Cc:** Papelian, Joseph E; Arle, John P; Runkle, Don ; O'Neal, Rodney; Weber, Mark ; Wohleen, David B; Barth, Volker; Bertrand, James ; Blahnik, John ; Chon, Choon T; Hachey, Guy ; Healy, Karen L; Lorenz, Mark C; Nelson, R.David (VP of Purchasing); Ordonez, Francisco A; Owens, Jeffrey J.; Pasricha, Atul ; Pirtle, Ronald M; Remenar, Robert ; Richards, F Timothy; Spencer, James A (President); Whitson, James P (Chief Tax Officer)

**Subject:**   Follow-Up to Earlier Email: FW:RE: Securities and Exchange Commission Subpoena

**Importance:**   High

**Sensitivity:**   Confidential

**The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (248/ 813-2677), and delete the original message.**

<u>**The following message is being sent by Catherine Kowalewicz on behalf of Marjorie H. Loeb:**</u>

As a follow up to my email this morning regarding restrictions on trading in Delphi stock, please note the following.

If you forwarded the subpoena request to any individual or solicited the assistance of any individual reporting to you in complying with the document production request, you are responsible for making these individuals aware that they too may have undisclosed material information and are required to obtain preclearance of any trade in Delphi stock. In addition to forwarding my earlier email to these individuals, you must also provide Cathy Kowalewicz with a list of individuals to whom this applies. Thank you.

*Marjorie Harris Loeb*

*Managing Securities Attorney*

*Delphi Corporation*

*5725 Delphi Drive*

*MC: 483-400-603*

*Troy, MI 48090-2815*

*office:   248-813-6801*

*fax:    248-813-2491*

*cell:   248-219-5695*

*email: marjorie.h.loeb@delphi.com*

*Legal Assistant: Catherine A. Kowalewicz*

*248-813-2677*

<< File: SEC Subpoena - Memo 9-17-2004.doc >>

-----Original Message-----

**From:** Kowalewicz, Catherine A

**Sent:** Friday, September 17, 2004 11:44 AM

**To:** Abate, Jodi S; Aguiar, Alessandra M.; Alexander, Debra S; Anderson, Carrie ; Audia, Damon ; Baldassari, Olivier; Baxter, Rachel G; Bellot, Christophe ; Blahnik, John ; Bragg, Lynn ; Burke, Steve; Bussetta, Lara ; Butler, Deirdra ; Butler, Kevin M (VP HRM); Cason, Fred E; Chua, Michelle ; Clark, Teresa A; Corcoran, Sean P; Cornejo, Jorge L; Craig, Beth ; Cybulski, Mark J; Dambreville, Jean-Louis ; Dawes, Alan; Densmore, Mark A; Desautel, Christopher J; Donovan, George ; Eady, Lynn ; Egel, Christoph; Evans, Deborah J; Fidler, Dana F; Fitzpatrick, Kathryn A; Free, Paul R; Fry, Bradley C; Fukuda, Margaret M; Garavaglia, Carolyn ; Garcia, Mark E; Geller, Pam ; Hackett, James E; Hamlet, Linda ; Harper, William M; Hart-Humphrey, Twila; Kaye, Diane ; Krause, Tracy A; Kumar, Indresh J; Macrino, Ann ; Maiorana, Chuck; Marentette, Charles E; Marion, Laura J; Martin, Bill P; McClanahan, Jim; Michels, Colleen A; Neo, Cheng Imm; Niccum, Douglas W.; Nolan, John ; Nyutu, Shedria L; Patrick, Elizabeth A (HRM EC); Perkins, Joseph ; Piazza, Joseph D; Porter, Michael; Quada, Douglas ; Raffoul, Raphael; Reaves, John W; Reyes, Rene; Robinson, Logan ; Rozanski, Catherine M; Seipke, Isabelle C; Serrano, Pablo; Sheehan, John; Smark, Denise L; Swastek, Michelle ; Thompkins, Sandra P; Urban, Randall ; Vansickle, Darrin C; Wagoner, Scott H; Walker, Bette ; Walker, Judy - Executive Office; Waters, Michael S; Weishaupt, John R; Welsh, Gordon J; Williams, Derrick M; Williams, Jennifer ; Zionkowski, Edward A; Wogoman, Scott

**Cc:** Papelian, Joseph E; Arle, John P; Runkle, Don ; O'Neal, Rodney; Weber, Mark ; Wohleen, David B; Barth, Volker; Bertrand, James ; Blahnik, John ; Chon, Choon T; Hachey, Guy ; Healy, Karen L; Lorenz, Mark C; Nelson, R.David (VP of Purchasing); Ordonez, Francisco A; Owens, Jeffrey J.; Pasricha, Atul ; Pirtle, Ronald M; Remenar, Robert ; Richards, F Timothy; Spencer, James A (President); Whitson, James P (Chief Tax Officer)

**Subject:** Securities and Exchange Commission Subpoena

**Importance:** High

**Sensitivity:** Confidential

**The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (248/ 813-2677), and delete the original message.**

<u>*The following message is being sent by Catherine Kowalewicz on behalf of Marjorie H. Loeb:*</u>

Attached is an important memo restricting you from making any purchases or sales of Delphi common stock without first obtaining preclearance. Your prompt attention to this matter is required as the

restrictions from trading and preclearance are effective immediately.

Please call if you have any questions.

Thanks.

*Marjorie Harris Loeb*
*Managing Securities Attorney*
*Delphi Corporation*
*5725 Delphi Drive*
*MC: 483-400-603*
*Troy, MI 48090-2815*
*office: 248-813-6801*
*fax: 248-813-2491*
*cell: 248-219-5695*
*email: marjorie.h.loeb@delphi.com*
*Legal Assistant: Catherine A. Kowalewicz*
*248-813-2677*

<< File: SEC Subpoena - Memo 9-17-2004.doc >>

<u>Exhibit II</u>

**From:** john.p.arle [john.p.arle@delphi.com]
**Sent:** Wednesday, March 09, 2005 12:58 PM
**To:** Deykes, Douglas E.
**Subject:** RE: Contact information

Doug

Nice to hear from you. I hope everything is starting off well for you. I don't know what Marjorie may say, but I presume she will say that you are OK to trade DPH securities at any time provided you do not possess material nonpublic information.

John

-----Original Message-----
**From:** Deykes, Douglas E. [mailto:DEDeykes@cooperstandard.com]
**Sent:** Wednesday, March 09, 2005 12:03 PM
**To:** Arle, John P
**Cc:** Bishop, Theresa
**Subject:** Contact information


John,

I am forwarding my new contact information, listed below. Also note that I have retained my personal cell phone, same number as contained in the department phone list.

I touched base with Kyle and Ajit yesterday and everything seems to be going well.

On a separate point, I attempted to contact Marjorie Loeb today to find out if the insider restrictions have been removed for me personally. I am awaiting a reply. If you have any information on this point, I would appreciate knowing if I am free to make investment decisions regarding DPH.


**Doug Deykes**

Director of Internal Audit
Cooper Standard Automotive
39550 Orchard Hill Place
Novi, Michigan 48375
Phone 248-596-6228

DEDeykes@CooperStandard.com