1

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case Nos. 05-44481; 06-01136; 06-01677

5   - - - - - - - - - - - - - - - - - - - -x

6   In the Matter of:

7

8   DELPHI CORPORATION,

9

10          Debtor.

11

12   - - - - - - - - - - - - - - - - - - - -x

13                United States Bankruptcy Court

14                One Bowling Green

15                New York, New York

16

17                September 14, 2006

18                10:05 AM

19

20   B E F O R E:

21   HON. ROBERT D. DRAIN

22   U.S. BANKRUPTCY JUDGE

23

24

25

2

1    Notice of Hearing Proposal Eleventh Omnibus Hearing Agenda

2    filed by John William Butler, Jr. on behalf of Delphi

3    Corporation:

4

5        1.   IBG-JTC Business Credit Corporation's Motion to Compel

6        -- Docket number 5009;

7

8        2.   AG Services Company's Motion to Extend Time to File

9        Appeal -- Docket #4971;

10

11       3.   Amended Motion for Relief from Stay filed by Douglas

12       M. Tisdale on behalf of Nutech Plastics Engineering, Inc.

13       Docket #4436;

14

15       4.   Ellen W. Engineering Company's Motion for Summary

16       Judgment -- Docket #06-01136;

17

18       5.   Delphi Medical Systems Colorado Corporation's

19       Adversary Proceeding -- Docket #06-01677.

20

21

22

23

24

25    Transcribed by:  Rebecca Kahn

3

```
 1

 2   A P P E A R A N C E S :

 3   SKADDEN ARPS SLATE MEAGHER & FLOM LLP

 4        Attorneys for Debtor

 5        333 West Wacker Drive

 6        Chicago, IL 60606-1285

 7

 8   BY:   JACK WILLIAM BUTLER, ESQ.

 9

10   SKADDEN ARPS SLATE MEAGHER & FLOM LLP

11        Attorneys for Debtor

12        Four Times Square

13        New York, NY 10036

14

15   BY:   KAYALYN A. MARAFIOTI, ESQ.

16        THOMAS J. MATZ, ESQ.

17

18   TOGUT, SEGAL & SEGAL, LLP

19        Attorneys for Debtor

20        One Penn Plaza

21        New York, NY 10119

22

23   BY:   NEIL BERGER, ESQ.

24

25
```

4

1

2    SHEARMAN & STERLING LLP

3        Attorneys for Debtor

4        599 Lexington Avenue

5        New York, NY 10022-6069

6

7    BY:  DOUGLAS P. BARTNER, ESQ.

8

9    O'MELVENY & MYERS

10       Attorneys for Debtor

11       7 Times Square

12       New York, NY 10036

13   BY:  JESSICA KASTIN, ESQ.

14

15   QUINN EMANUEL URQUHARDT OLIVER & HEDGES

16       Attorneys for Debtor

17       865 South Figueroa Street

18       10th Floor

19       Los Angeles, CA 90017

20

21   BY:  MATEO FOWLER, ESQ.

22

23

24

25

```
                                                              5
 1

 2    MAYER, BROWN, ROWE & MAW LLP

 3         Attorneys for Debtor

 4         71 South Wacker Drive

 5         Chicago, IL 60606

 6

 7    BY:  PAUL J.N. ROY, ESQ.

 8

 9    LATHAM & WATKINS, LLP

10         Attorneys for the Official Unsecured Creditors' Committee

11         885 Third Avenue

12         Suite 1000

13         New York, NY 10022

14

15    BY:   ROBERT J. ROSENBERG, ESQ.

16          MARK A. BROUDE, ESQ.

17

18    WARNER STEVENS, LLP

19         Attorneys for the Official Unsecured Creditors' Committee

20         301 Commerce Street

21         Suite 1700

22         Fort Worth, TX 76102

23

24    BY:  MICHAEL D. WARNER

25
```

6

1

2  TISDALE & ASSOCIATES

3        Attorneys for Nutech Plastics Engineering, Inc.

4        1600 Broadway

5        Denver, CO 80202

6

7  BY:   DOUGLAS M. TISDALE, ESQ.

8

9  UNITED STATES TRUSTEE, SOUTHERN DISTRICT OF NEW YORK

10       33 Whitehall Street

11       21st Floor

12       New York, NY 10004

13

14  BY:  ALICIA M. LEONHARD, ESQ.

15       TRACY HOPE DAVIS, ESQ.

16

17

18

19

20

21

22

23

24

25

7

1              P R O C E E D I N G S

2              THE COURT:  Okay, Delphi.

3              MR. BUTLER:  Your Honor, good morning.  Jack Butler

4    and Kayalyn Marafioti from Skadden Arps Slate Meagher and Flom,

5    LLP on behalf of Delphi Corporation for its Eleventh Omnibus

6    Hearing for the Month of September.  Your Honor, we have a very

7    short calendar today.  We've been able to sort through a lot of

8    the issues that we've been dealing with and as you know from

9    our last month's hearing, some of -- some issues have been

10   adjourned already to the October 19th Omnibus Hearing.

11             THE COURT:  Right.

12             MR. BUTLER:  Of the matters that are on the agenda,

13   I'm going to handle three of them rather quickly.  There is one

14   contested matter which I'll describe and my partner, Ms.

15   Marafioti will handle that.

16             The first matter on the agenda -- which, with Your

17   Honor's permission we'll use?

18             THE COURT:  That's fine.

19             MR. BUTLER:  Your Honor, Item Number 1 on the agenda

20   is the IBG-JTC Business Credit Corporation's Motion to Compel,

21   found at docket number 5009.  This has to do with the

22   assumption or rejection of unexpired leases.  We're continuing

23   to negotiate with them.  We believe that we're making progress

24   towards an agreement.  With Your Honor's permission we would

25   extend this to adjourn it to the October 19th Omnibus, with an

8

```
1    objection deadline of October 12th.

2              THE COURT:  That's fine.

3              MR. BUTLER:  Thank you, Your Honor.  Your Honor,

4    Matter Number 2 presents a slightly different issue.  This is

5    the AG Services Company and Robert Bakie's Motion to Extend

6    Time to File Appeal, I find at docket number 4971.  This arises

7    as a result of a ruling adverse to AG Services Company and

8    Robert Bakie from which they intend to take an appeal.  They

9    asked to -- prior to the expiration of the appeal period -- to

10   extend the appeal period and while the case law suggests that

11   you might need special circumstances in these conditions, Your

12   Honor, the debtors have reviewed this and under the

13   circumstances we have no objection to it.  We did not consent

14   but we don't have any objection to it, and no one else has

15   filed an objection.

16             THE COURT:  All right.  In light of that and my

17   review of the motion, I'll grant the motion.  I don't have a

18   proposed order on a disk or in a form that I can enter on ECF,

19   so I'd like counsel for AG Services to forward that to my

20   chambers with a copy to Skadden.

21             MR. BUTLER:  Thank you, Your Honor.

22             UNIDENTIFIED VIA TELEPHONE:  Thank you, Your Honor.

23             THE COURT:  Okay.  And I think you have the e-mail

24   address, but if not you can call chambers for it.

25             UNIDENTIFIED VIA TELEPHONE:  I do, thank you, Your
```

9

1    Honor.

2         THE COURT:  Okay.

3         MR. BUTLER:  Your Honor, I'd like to take Matter

4    Number 4 out of order.  This is the adversary matter up for

5    today, the Ellen W. Engineering Company Motion for Summary

6    Judgment and a series of other matters in the adversary 06-

7    01136.  As Your Honor is aware, there is a series of

8    dispositive motions that have been filed by both parties in

9    connection with this matter that were to be argued today, it's

10   not just that motion.  The parties have been discussing how to

11   best present those arguments to the Court and frankly, from the

12   debtors' perspective, because this deals with, basically the

13   issue of molding and tooling lanes and because we're examining

14   those issues in a broader context we felt it would be more

15   useful to the Court if we had an opportunity to review the

16   broader issue rather than take up just this matter, and they

17   agreed to our request in that regard.  So, with Your Honor's

18   permission, our intention is to move all of this off until, at

19   least the October 19th Omnibus Hearing.

20        THE COURT:  All right.  That's fine.  If -- how do I

21   phrase this?  I don't want to delve into all the -- I would say

22   nuts and bolts, but that would be a bad pun -- the arcane of

23   molding and tooling lanes, if I don't -- you know, if it's

24   premature.  So just let me know if it's going to be adjourned

25   further as soon as you figure that out.

10

1          MR. BUTLER:  Okay.

2          THE COURT:  Otherwise, I'll be prepared for the 19th.

3          MR. BUTLER:  Right.  Your Honor, we'll do that.  I

4    mean, the issue we're confronted with is this -- the issue --

5    some of the issues raised here in which we think we can prevail

6    on the merits, nonetheless are broader issues that are being

7    addressed in the framework discussions.

8          THE COURT:  Right.

9          MR. BUTLER:  And you know, our hope would be to work

10   this out in a way where Your Honor would never have to delve

11   into the nuts and bolts --

12         THE COURT:  Okay.

13         MR. BUTLER:  -- but we still are faced with this

14   litigation and we do -- we think the adjournment at this point

15   is appropriate and we're mindful that we'll advise the Court

16   about any further adjournments.

17         THE COURT:  Okay.  That's fine, then.

18         MR. BUTLER:  Your Honor, the last matter on this

19   agenda -- and I have one matter after that in terms of just to

20   advise the Court, but the last matter on the formal agenda is

21   Matter Number 3, this is the Nutech Plastics Engineering,

22   Inc.'s Lift-Stay Motion at docket number 4436.  This has been

23   before the Court twice already on preliminary hearings and what

24   we thought was a dispositive determination by the Court at the

25   last omnibus.  Nutech nevertheless regards this as the final

11

1    hearing and wants to ask the Court to proceed on certain

2    matters.  My partner, Ms. Marifioti will represent the estate

3    in connection with that contested matter.

4              THE COURT:  Okay.

5              MR. TISDALE:  May it please the Court, good morning,

6    Your Honor.

7              THE COURT:  Morning.

8              MR. TISDALE:  Again, my name is Doug Tisdale, T-I-S-

9    D-A-L-E and I serve as counsel to the movant, Nutech Plastics

10   Engineering.  With me today at counsel table, Your Honor, is

11   Mr. Jay Schwartz.  Mr. Schwartz is Nutech's Michigan trial

12   counsel in this matter.  Your Honor, we're here this morning

13   actually to accept the opportunity that was afforded to us by

14   the Court both in July and expressly stated in August at the

15   Omnibus Hearing in which we did not participate, to come back

16   and, as the Court said to tell me more about it.  And that's

17   what we're here to do.  For the sake of this record there are,

18   in fact, three changed facts and three clarifications that we

19   believe need to be reported to this Court.

20             Changed fact Number 1, Your Honor, relates to the

21   issue of trial counsel for Delphi and trial counsel for General

22   Motors.  The state of the record before this Court now based

23   upon the affidavits that have been submitted -- and we have

24   those separately presented here, today and have made them

25   available to the debtor.  The state of the record before the

12

```
1    Court today is that it is now and shall be the same trial

2    counsel for Delphi and for General Motors.  General Motors is

3    not going to have to go out and find new trial counsel, they're

4    not going to be prejudiced in any way.  Mr. Lippert, Mr. Tim

5    Lippert from the -- excuse me, from Michigan area is now, has

6    been and will continue to represent both Delphi and General

7    Motors.

8              THE COURT:  Well, let me stop you on that.  That --

9    as I took it, that was based, simply on the fact that as the

10   state of play left it here in the Bankruptcy Court -- assuming

11   that the Michigan Court was prepared to try simply the General

12   Motors matter -- Delphi was really taking a back seat.  So

13   there was no reason for them to switch counsel.  Am I missing

14   something?  Was there any further determination that

15   conclusively -- they're so aligned that they would -- if in

16   fact both defendants were to be proceeded against that they

17   would have the same counsel?

18             MR. TISDALE:  Your Honor --

19             THE COURT:  I mean it seems to me, just based on --

20             MR. TISDALE:  -- that's exactly what hap -- I'm

21   sorry.

22             THE COURT:  I mean, if it's just based on what

23   happened -- which was that they said let's try it all together,

24   then I, you know --

25             MR. TISDALE:  No.  Respectfully, Your Honor, and
```

13

1  that's what, certainly Mr. Schwartz would testify to.  Mr.

2  Lippert has been counsel for General Motors and for Delphi for

3  the past several years and that has always been assumed to be

4  the state that would continue until the bankruptcy was filed.

5  When that was filed, that state did not change and Mr. Lippert

6  has confirmed that state will not change, and that they are.

7  Now, Your Honor, relative to the indemnification agreement

8  between the parties, and why that takes place -- we don't have

9  that.  We don't have privilege to understand what the actual

10  relationship is.  My anticipation for something like that would

11  be, obviously, that Delphi has assumed completely all the

12  obligations of General Motors and therefore, of course will

13  have the same counsel so that they can just deal with this.

14  And I say that, Your Honor, because it's important in terms of

15  one of the -- if you will -- clarifications we wanted to bring

16  to the Court -- let me jump ahead to that.  And that is, what's

17  the base for this lawsuit?  Very briefly, it's a contract that

18  was entered into by Nutech with the Delphi division of General

19  Motors.  They performed under the contract.  Delphi then got

20  spun-off.  Then the contract was breached by Delphi.  Now it

21  was the same people, sitting in the same offices, doing the

22  same things, but there was a spin-off and the breach occurred

23  after that.  Both parties:  General Motors and Delphi were

24  joined in the litigation because plaintiff had to be sure we'd

25  covered the waterfront.  That said, Your Honor, the facts as

14

1    Delphi and General Motors knew them and undoubtedly address in

2    their indemnification agreement are that Delphi, as a separate

3    legal entity, was the actor.  And that's the reason these

4    claims are not derivative as to Delphi, it's Delphi's conduct.

5    And that's the reason it's the same trial counsel.  Because

6    Delphi obviously is the --

7              THE COURT:  You're actually making a case for having

8    the stay in place for the whole thing.

9              MR. TISDALE:  Your Honor, what we're actually saying

10   is, because the Berger Boy's facts haven't changed and the

11   Sonax Factors have not changed -- and that's what we addressed

12   and they have not -- but what we have had is a judicial

13   admission on the record by the debtor, through the debtor's

14   trial counsel that the claims are interrelated and inseparable

15   and that the case ought not to be bifurcated.  And that's the

16   joint answer that General Motors and Delphi signed by Delphi as

17   Delphi's counsel filed two weeks ago in the State Court.

18             Now, Your Honor, if Delphi in the State Court is

19   telling the State Court these are interrelated, inseparable,

20   ought not to be bifurcated and oh, by the way, we were on the

21   eve of trial -- it is difficult to understand how Delphi is

22   standing here can take the position -- well no, they ought to

23   be bifurcated, they are not related and they are separable.  We

24   think it's unfair to try to whipsaw a plaintiff in State Court

25   just because you can stand up in the Bankruptcy Court eight

15

1    hundred miles away and claim that in fact, it's different than

2    what you just told the State Court in Michigan.

3         THE COURT:  But they lost on that.  So, it's not

4    judicial estoppel.

5         MR. TISDALE:  Your Honor, no.  Actually the judge

6    said, I do find that they are interrelated and inseparable.

7    That's what the judge's order said.  And the judge said, in

8    fact, that the Court would not ordinarily bifurcate.  And so,

9    the judge said look, pending a determination by this Court

10   under 362(d) -- by which we mean a final determination, because

11   we did not have a final determination on the first hearing in

12   July.  In fact, there's a good argument we didn't have really

13   what we understood to be a preliminary -- but that said we

14   do -- which we simply preserve for the record -- we do note

15   that there hasn't been a final determination and our position

16   is that a final determination ought to be given now in light of

17   these changed facts and changed circumstances.

18        The Michigan Trial Court having stated that it agreed

19   with, acknowledged and adopted what defendant Delphi said --

20   which is that they are interrelated and inseparable -- that the

21   cases ought not be bifurcated -- brings us clearly back into a

22   Burger Boys analysis, as cited previously, and the most

23   important of the Sonax Factors -- as previously stated --

24        THE COURT:  The Court didn't say they were

25   interrelated and inseparable.  The Court said it would

16

1    ordinarily -- as any Court would, try Nutech's claims against

2    Delphi and General Motors together because it would be the most

3    efficient use of judicial time and resources.

4              MR. TISDALE:  The Court said the debtor -- that

5    defendants Delphi and General Motors had acknowledged that they

6    were interrelated and inseparable.  That's the point that we're

7    making, Your Honor, relative to the Court's conclusion.  And --

8    help me, that's just above paragraph -- unnumbered Paragraph 3

9    of the order.  Two and three reference that, Your Honor.

10             THE COURT:  Right.

11             MR. TISDALE:  And that's the point that I said.

12             THE COURT:  Okay.

13             MR. TISDALE:  And that is that, in fact, the Court

14   noted that defendants Delphi and GM had acknowledged that they

15   were inseparable and interrelated --

16             THE COURT:  Okay.

17             MR. TISDALE:  -- and the Court said, I wouldn't

18   bifurcate.  Your Honor, trial courts are always reluctant to

19   speak to a federal -- State Trial Courts, particularly -- are

20   reluctant to speak to a State Trial Court to a Federal

21   Bankruptcy Court in plainer terms than saying, the Court's not

22   inclined to do a bifurcation.  The Court also doesn't have the

23   benefit of the analysis and the expertise of this Court in

24   dealing with the Second Circuit's 1994 opinion in Sonax in

25   understanding the importance and the centrality of the point

17

1   that this case was on the eve of a jury trial in Michigan.  And

2   now, many months later, that having been delayed, we're trying

3   to get back on track and have that trial.  And we think it's

4   fair and we think it's equitable and we think it is not a

5   distraction to the debtor for the simple reason that the trial

6   counsel is the key person, because none of the employees of

7   Delphi who are there now are involved in this trial.  This

8   entire case deals with people who are gone.  The only person

9   who is running this thing is Mr. Papillion in the general

10   counsel's office who is actually responsible for running Mr.

11   Lippert who's the trial counsel.  Those are the people at

12   Delphi who are involved in this case.  Given the fact that

13   that's the only extent of the distraction and it was on the eve

14   of trial and the Michigan Trial Court has sent this Court, now,

15   a message that it would not otherwise bifurcate and that it

16   believes in fairness and equity they ought to go ahead

17   together, we submit this Court --

18         THE COURT:  Where does it say that?  It's just

19   talking about judicial convenience.

20         MR. TISDALE:  Yes, Your Honor.

21         THE COURT:  And it's talking about -- without a

22   bankruptcy case.  But that Congress recognized, under the

23   automatic stay and the Second Circuit recognized in Sonax that

24   when you're talking about judicial convenience in a bankruptcy

25   court case there's a whole different set of factors.

18

1          MR. TISDALE:  Your Honor --

2          THE COURT:  This is not a ruling, and you'll never

3    convince me that this is a ruling by the District Court that

4    somehow either the stay should be lifted or that it's not

5    prepared to go ahead with the trial against Delphi -- I mean

6    against GM.

7          MR. TISDALE:  Right.  Your Honor, I don't pretend to

8    say that the Michigan State Court said anything other than what

9    it stated in the order.  But I do believe that the court can

10   fairly intuit from what is stated in the order -- and

11   particularly from the facts and circumstances presented and

12   from the answer that this debtor filed in the State Court two

13   weeks ago in response to the motion to set for trial, in

14   acknowledging that the matter ought not to be bifurcated and in

15   persisting that they were interrelated and inseparable that in

16   fact, Your Honor, that should be a compelling factor in the

17   Court's exercise of its discretion here.  And that equity -- in

18   light of the facts presented -- would indicate there should be

19   relief.

20          Your Honor, yes of course, relief from stay is to be

21   sparingly granted.  Of course there is supposed to be breathing

22   room.  But that's the reason that Sonax -- when it adopted

23   Judge Allen's twelve factors from Curtis out of the District of

24   Utah said these are the factors you look at.  And you don't

25   take all of them.  You don't have to meet all of them.  The

19

1   Court obviously looks at the relevant factors and may give them

2   whatever weight the Court deems appropriate.  But, Your Honor,

3   under the circumstances as presented here, when you are on the

4   eve of trial that really is very important.  You look at

5   Lebenthal and Horvath and you look at some of the other cases

6   where you've had discovery concluded or trial commenced or

7   about to commence, and that's what ultimately convinces the

8   Court that relief from stay is appropriate.  The matter is teed

9   up, let it go ahead.  Why should this Court bother itself with

10  the further administration of that matter when the parties have

11  already -- pursuant to their voluntary choice -- been there,

12  done that.  Let it go ahead.  That's the only thing we're

13  asking and we think that the admissions by the debtor -- in

14  this case, defendant Delphi in the State Court along with its

15  co-defendant, General Motors -- ought to be looked at as a

16  persuasive factor in the Court's exercise of its discretion

17  here.

18          And we think that the argument as to distraction is,

19  at best, as we stated before, Your Honor, you know, breathing

20  can be a distraction.  Digestion can be a distraction.  The

21  reality is it's not an interference with the administration of

22  the case.  And that's what in fact, the distraction/shorthand

23  argument addresses relative to relief from stay.

24          And we believe that with the testimony that can be

25  presented by Mr. Schwartz in support of the affidavits, all he

20

1    would testify to is relative to the matters set forth in the

2    affidavits -- we've presented those.  But we believe that on

3    that record, Your Honor, it is appropriate for this Court now

4    to take the opportunity to visit.

5           We did accept the invitation to come back and tell

6    you more about it -- as you stated on the record on August

7    17th.  We're telling you more about it by giving you the

8    context and pointing out the changed facts and the

9    clarifications.  And we think that with those in mind, Your

10   Honor, it is appropriate for this Court now, on the basis of

11   this record as presented before this Court, to enter final

12   relief in favor of Nutech so that the trial can proceed in

13   Michigan relative to both the debtor and General Motors.

14          THE COURT:  Okay.

15          MR. TISDALE:  Thank you, Your Honor.

16          MS. MARAFIOTI:  Good morning, Your Honor.  Kayalyn

17   Marafioti on behalf of Delphi Corporation.  Counsel stated that

18   there were three new changed facts or clarifications that

19   should warrant this Court's rethinking of its earlier ruling to

20   keep the stay in place as to Delphi but permit the case in

21   Michigan to go forward as against GM.  I was counting and I

22   didn't hear three changed facts or circumstances.  In fact I

23   didn't hear any.  But just for the record, as to the first

24   point -- it is an historical fact that the same counsel, the

25   Lippert, Humphries firm has represented both GM and Delphi

21

1    throughout these cases.  And that is probably why the signature

2    block was left on the papers when counsel responded to Nutech's

3    request to set a trial date for GM.  But it would be

4    nonsensical to interpret those papers as speaking for anybody

5    but GM.

6          The answer that the counsel gave about the matters

7    being interrelated was spoken on behalf of GM in an effort to

8    preclude the Court from even going forward on that part of the

9    hearing and the Court obviously denied that relief, set an

10   order establishing a trial date for next year and we don't

11   think there's anything in the record at all that should be

12   twisted to support a rethinking of this Court's earlier

13   decision.

14         The fact of the matter is, this was a routine, pre-

15   petition breach of contract case Nutech had brought against the

16   two companies; it was stayed by this Chapter 11 filing; Nutech

17   came to this Court and filed a proof-of-claim for thirteen

18   million dollars and we think that that claim should be heard

19   and determined by this Court as you said on the 17th of July,

20   and that there's no reason to change that.  There are no new

21   facts here that would lead otherwise.  There are certainly no

22   judicial admission in those papers.  It was an unfortunate

23   mistake that the signature block did say attorneys for Delphi

24   and GM, but it's pretty obvious from reading those papers and

25   Mr. Lippert would testify, if he were called, that he intended

22

1   to speak for GM when he said those things.

2            In any event it seems kind of moot, because now

3   Nutech does have a trial date to go forward against GM and this

4   Court is in a position to entertain the claims in the proof-of-

5   claim process that goes, naturally forward.  So we really don't

6   think there's anything new here.  We don't think that counsel

7   should twist those arguments to try to make it sound new and we

8   believe that the Court should deny this request for relief from

9   the stay.

10           THE COURT:  So the debtors are still prepared to let

11  the litigation proceed against GM?

12           MS. MARAFIOTI:  Absolutely, Your Honor.  And I think

13  that, you know, at this point we really would have to get

14  different counsel.  At the moment that hasn't been

15  accomplished.  As I said, it's an historical fact that the same

16  counsel represented both companies and he's never been

17  withdrawn from, you know, that position.  So, he's not

18  incorrect when he stated on the face of the pleadings that he

19  still represents Delphi.  But he certainly was not speaking for

20  Delphi when he said those things, and in any event, the State

21  Court ignored it.  The State Court ruled against GM and set a

22  trial date against GM.

23           THE COURT:  Okay.

24           MR. ROSENBERG:  May I be heard, Your Honor?

25           THE COURT:  Yes.

23

1          MR. ROSENBERG:  As Your Honor is aware, discussions

2     are ongoing as to the framework for what a plan of

3     reorganization might look like down the road and they are

4     enormously complex as Your Honor can imagine.  One of the

5     primary issues of concern in those discussions is claims

6     administration.  And the effective and rapid administration of

7     claims is going to be essential if any framework is going to

8     result in a consummated plan of reorganization.  Therefore, the

9     Unsecured Creditors' Committee is deeply concerned about any

10     leakage out of this court into other entities with respect to

11     claims administration against the debtor.  Certainly nothing I

12     have heard in the couple of hearings where I've listened to

13     this matter suggest to me that there is anything unique here

14     that requires that leakage which will -- as I suggest -- create

15     a real problem down the road in terms of our ability to

16     consummate a plan.

17          Claims administration in this Court will be

18     absolutely essential and frankly I don't consider that to be

19     bothering this Court.  I think that this Court's role

20     contemplates that and nothing we have heard today suggests

21     otherwise.  Thank you.

22          THE COURT:  Okay.  All right.  I would treat this as

23     the final hearing on Nutech Plastics Engineering's Motion for

24     Relief from the Automatic Stay to continue to pursue pre-

25     petition litigation pending in Michigan State Court.  That

24

1   litigation is pending against both GM as well as Delphi.  At

2   the preliminary or initial hearing on the motion it became

3   clear to the Court that notwithstanding the alleged indemnity

4   by -- as alleged by Nutech of Delphi of GM -- Delphi was

5   prepared to permit the litigation to proceed against GM.

6          As everyone knows, one of the factors the Court

7   should consider under the Sonax Case of the Second Circuit is

8   whether litigation involves third parties and whether at least

9   the stay could be lifted insofar as litigation concerning those

10  third parties.  I stated at that preliminary hearing that given

11  the debtors' willingness to permit the litigation to proceed

12  against GM and my ability to inform -- through the parties or

13  through the transcript -- the Michigan State Court that it

14  would not have to conduct two trials, i.e., if the trial

15  proceeded against GM, that this Court, through a claims

16  administration process which may well be informed by the

17  results in this case of the outcome of a trial against GM --

18  would be responsible for liquidating Nutech Plastic's claim

19  against Delphi, that such an arrangement might be acceptable.

20  That included, obviously, being acceptable to the Michigan

21  State Court.

22          There was a subsequent scheduling motion and ruling

23  in the Michigan litigation at which the Michigan Court, Judge

24  Farah determined that in fact, he was prepared and, in fact,

25  did schedule a trial solely against General Motors in light of

25

1    the existence of the automatic stay.

2          Nutech contends nevertheless, that in addition to

3    proceeding against GM it wants also to proceed in the trial

4    against Delphi and therefore seeks that relief.  It does so on

5    two theories, one is the theory that there have been changed

6    facts and circumstances from the preliminary hearing and

7    secondly, whether or not there have been changed facts and

8    circumstances that it should be entitled, in any event under

9    the Sonax factors to proceed against both Delphi as well as GM.

10         I conclude that -- to the extent that the record has

11   become clearer subsequent to the preliminary hearing that, in

12   fact, the record supports maintaining the stay here insofar as

13   the claim against Delphi is concerned.  That is because, as I

14   expected, the Michigan Court was prepared to proceed with the

15   case solely against GM as evidenced by Judge Farah's September

16   11th, 2006 order.

17         Secondly, one of my concerns in respect of my

18   believing that the stay should remain in place as against

19   Delphi, was that Delphi might well need additional -- or its

20   own trial counsel in the matter which would further delay the

21   litigation and in essence, make it not ready for trial.

22         In my view the application made ostensibly jointly by

23   GM and Delphi for a continuance of the Michigan trial until

24   after Delphi's case is administered, highlights that conflict.

25   Obviously that application was made solely on behalf of GM

26

1    because Delphi was prepared to let the trial go ahead.

2    Clearly, counsel ostensibly representing both parties was

3    really acting solely for GM in making that motion.

4           Moreover, I take judicial notice of the fact that the

5    underlying issue of Delphi's indemnification or other

6    responsibility for GM claims -- or claims against GM by third

7    parties upon which Nutech contends that the parties in its

8    litigation -- that is GM and Delphi -- are inextricably

9    intertwined is a central issue in this case.  In fact, the

10   Creditors' Committee and the shareholders have strongly

11   contended -- although they're -- as Mr. Rosenberg said, in

12   simultaneously active discussions to try to resolve the issue

13   that that indemnification is not enforceable -- which again,

14   highlights a potential conflict that counsel might have in

15   representing both Delphi and GM in the litigation.

16          So my view is that Delphi, having chosen -- and it

17   certainly could have taken an opposite approach given the

18   indemnification -- but Delphi having chosen to not assert the

19   automatic stay to protect GM in the litigation, the litigation

20   can proceed against GM, but that it should not proceed given

21   the automatic stay -- against Delphi.

22          That is because, as I said at the preliminary

23   hearing, essentially for two reasons.  First, I think it likely

24   that Delphi would need its own separate counsel, which would

25   further delay the trial.  Second, I believe that that as a

27

1   matter of efficient bankruptcy claim administration -- Delphi

2   having already consented to the stay being lifted or permitting

3   the litigation to proceed against GM -- it's efficient to have

4   Nutech's claim dealt with in a claim administration process,

5   that I'm sure will include Delphi's examining carefully the

6   trial record -- if the case does proceed to trial and to

7   judgment.  But that fits into the context of dealing with tens

8   if not hundreds of thousands of claims against this enormous

9   company in a bankruptcy context -- which is a context that

10  requires a different assessment of the efficient use of

11  judicial time and resources than the ordinary state court

12  litigation approach.

13          So, for those reasons, I'll permit the litigation to

14  proceed against GM but not against Delphi.

15          MS. MARAFIOTI:  Thank you, Your Honor.

16          MR. BUTLER:  Thank you, Your Honor.  Your Honor,

17  there is a fifth matter on the agenda, Matter Number 5 which is

18  a Delphi Medical Systems Colorado Corporation's adversary

19  proceeding.  It's adversary proceeding number 06-01677.  Mr.

20  Berger is handling that on behalf of the estate after which

21  I've got one matter for the Court.

22          THE COURT:  Okay.

23          MR. BERGER:  Good morning Judge.

24          THE COURT:  Morning.

25          MR. BERGER:  Neil Berger for the Togut, Segal & Segal

28

1    for the debtors.  Your Honor, this is a first pre-trial

2    conference for this adversary proceeding.  It's a four million

3    dollar demand by the debtors for goods sold and delivered.

4    There were settlement negotiations that went through the fall,

5    winter and spring -- ultimately broke off.  It's no secret to

6    either side that Delphi commenced this adversary proceeding

7    with the hope to reengage access in settlement negotiations.

8    That has occurred, they've reached out to us but they have, at

9    the same time have invoked a mandatory arbitration provision in

10   the parties' contract and that provision could be invoked

11   either before or after litigation was commenced.  I assume

12   we're proceeding on two bases, Your Honor.  One is a

13   negotiation with the hope that we'll be able to work out some

14   type of repayment schedule to the debtors and the second is,

15   it's getting ready for an arbitration so that if the settlement

16   negotiations don't prove fruitful, we can get an expeditious

17   resolution on the arbitration.

18            THE COURT:  Okay.

19            MR. BERGER:  We've agreed, subject to Your Honor's

20   agreement that the matter would be carried to October so that

21   we could come back and report to Your Honor and Your Honor

22   could supervise what's happening here.  Again, subject to Your

23   Honor's consent we've also agreed to extend the time within

24   which Axis can respond to the complaint and we'd be submitting

25   a stipulation to that.

29

1        THE COURT:  All right.  But right now it appears to

2    you that, if there's not a settlement it will be in

3    arbitration?

4        MR. BERGER:  Yes, Your Honor.

5        THE COURT:  Okay.

6        MR. BERGER:  Your Honor, one housekeeping measure, if

7    I may, quickly.  I got a call last night from counsel for

8    Methode Electronics who set up notice of motion and motion to

9    appear at docket numbers 4913 and 4912 and he asked that I

10   confirm, and I will on the record, that while Methode's motion

11   was originally scheduled for today, by agreement it was carried

12   off the agenda until October so we can try to work something

13   out, and that it will appear in the footnote of matters being

14   carried on the agenda on the October agenda letter.

15       THE COURT:  Okay.

16       MR. BERGER:  Thank you, Judge.

17       THE COURT:  That's fine.

18       MR. BUTLER:  Your Honor, that concludes the oral part

19   of the debtor's Omnibus Hearing for September.  As Your Honor's

20   aware, in connection with the Section 1113, 1114 litigation,

21   the debtors, the statutory committees the ad hoc committees and

22   certain other objectors, including all six of the unions held a

23   meet-and-confer earlier this week.  I spent a good portion of

24   the morning on Tuesday addressing matters relevant to that

25   litigation and the parties jointly advise the Court that we

1    would seek another meet-and-confer conference today and an in

2    camera chambers conference.  Those parties are scheduled to

3    meet in fifteen minute's time here in this -- elsewhere in the

4    courthouse and we want to simply advise the Court, for

5    scheduling purposes that we expect that conference will take no

6    longer than about thirty minutes.

7              THE COURT:  Okay.

8              MR. BUTLER:  The meet-and-confer.

9              THE COURT:  Do you intend to come back and say

10   something to me, either on or off the record after that

11   conference?

12             MR. BUTLER:  We need to -- as the parties asked Your

13   Honor on Tuesday in advised chambers, we'd like to have an in

14   camera chamber's conference after -- you know, at whatever time

15   Your Honor will hear us but that would be off the record and in

16   camera and I think that the total time of that discussion would

17   probably be about fifteen minutes, tops.

18             THE COURT:  Okay.  All right, well, as you can see I

19   have a lot of people here on the Refco Case.  I'm not sure how

20   long that matter's going to take this morning.  So, what I'll

21   do is I'll ask one of my clerks to report back to you on

22   whether I can take you before lunch or not.

23             MR. BUTLER:  Thank you, Your Honor.

24             THE COURT:  Okay, thanks.  So you're going to be in

25   the visiting judge's rooms?

31

1              MR. BUTLER:  Yes, Your Honor.

2              THE COURT:  Okay.  So, I'll send one of my clerks

3    over there.

4              MR. BUTLER:  Thanks, Your Honor.

5              THE COURT:  Okay.  Do you need someone to set up the

6    call or has that been set up?

7              MR. BUTLER:  I think it's been set up, Your Honor.

8              THE COURT:  It's been set up?  Okay.  All right.

9              MR. BUTLER:  Thanks, Your Honor.

10             THE COURT:  Okay.

11             (Time noted:  10:44 AM)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

32

**I N D E X**

**R U L I N G S**

                              Page      Line

AG Services Company &        8         17

Robert Bakie's Motion to

Extend Appeal Period GRANTED


Nutech's Amended Motion    25         12

To Lift Automatic Stay DENIED

33

1                          C E R T I F I C A T I O N

2

3       I, REBECCA KAHN, court approved transcriber, certify that the

4       foregoing is a correct transcript from the official electronic

5       sound recording of the proceedings in the above-entitled

6       matter.

7

8       _____  _____

9       REBECCA KAHN                        September 17, 2006

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**A**

ability 23:15 24:12
able 7:7 28:13
above-entitled 33:5
absolutely 22:12
    23:18
accept 11:13 20:5
acceptable 24:19,20
access 28:7
accomplished 22:15
acknowledged 15:19
    16:5,14
acknowledging
    18:14
acting 26:3
active 26:12
actor 14:3
actual 13:9
ad 29:21
addition 25:2
additional 25:19
address 8:24 14:1
addressed 10:7
    14:11
addresses 19:23
addressing 29:24
adjourn 7:25
adjourned 7:10 9:24
adjournment 10:14
adjournments 10:16
administered 25:24
administration
    19:10,21 23:6,6,11
    23:17 24:16 27:1,4
admission 14:13
    21:22
admissions 19:13
adopted 15:19 18:22
adversary 2:19 9:4,6
    27:18,19 28:2,6
adverse 8:7
advise 10:15,20
    29:25 30:4
advised 30:13
affidavits 11:23
    19:25 20:2

afforded 11:13
AG 2:8 8:5,7,19 32:5
agenda 2:1 7:12,16
    7:19 10:19,20
    27:17 29:12,14,14
ago 14:17 18:13
agreed 9:17 15:18
    28:19,23
agreement 7:24 13:7
    14:2 28:20 29:11
ahead 13:16 17:16
    18:5 19:9,12 26:1
ALICIA 6:14
aligned 12:15
alleged 24:3,4
Allen's 18:23
Amended 2:11 32:9
analysis 15:22 16:23
Angeles 4:19
answer 14:16 18:12
    21:6
anticipation 13:10
anybody 21:4
appeal 2:9 8:6,8,9
    8:10 32:7
appear 29:9,13
appears 29:1
application 25:22,25
approach 26:17
    27:12
appropriate 10:15
    19:2,8 20:3,10
approved 33:3
arbitration 28:9,15
    28:17 29:3
arcane 9:22
area 12:5
argued 9:9
argument 15:12
    19:18,23
arguments 9:11
    22:7
arises 8:6
Arps 3:3,10 7:4
arrangement 24:19
asked 8:9 29:9 30:12

asking 19:13
assert 26:18
assessment 27:10
ASSOCIATES 6:2
assume 28:11
assumed 13:3,11
assuming 12:10
assumption 7:22
attorneys 3:4,11,19
    4:3,10,16 5:3,10
    5:19 6:3 21:23
August 11:14 20:6
automatic 17:23
    23:24 25:1 26:19
    26:21 32:10
available 11:25
Avenue 4:4 5:11
aware 9:7 23:1
    29:20
Axis 28:24

**B**

B 1:20
back 11:15 12:12
    15:21 17:3 20:5
    28:21 30:9,21
bad 9:22
Bakie 8:8
Bakie's 8:5 32:6
bankruptcy 1:2,13
    1:22 12:10 13:4
    14:25 16:21 17:22
    17:24 27:1,9
BARTNER 4:7
base 13:17
based 11:22 12:9,19
    12:22
bases 28:12
basically 9:12
basis 20:10
behalf 2:2,12 7:5
    20:17 21:7 25:25
    27:20
believe 7:23 11:19
    18:9 19:24 20:2
    22:8 26:25

believes 17:16
believing 25:18
benefit 16:23
Berger 3:23 14:10
    27:20,23,25,25
    28:19 29:4,6,16
best 9:11 19:19
bifurcate 15:8 16:18
    17:15
bifurcated 14:15,20
    14:23 15:21 18:14
bifurcation 16:22
block 21:2,23
bolts 9:22 10:11
bother 19:9
bothering 23:19
Bowling 1:14
Boys 15:22
Boy's 14:10
breach 13:22 21:15
breached 13:20
breathing 18:21
    19:19
briefly 13:17
bring 13:15
brings 15:21
broader 9:14,16
    10:6
Broadway 6:4
broke 28:5
BROUDE 5:16
brought 21:15
BROWN 5:2
Burger 15:22
Business 2:5 7:20
Butler 2:2 3:8 7:3,3
    7:12,19 8:3,21 9:3
    10:1,3,9,13,18
    27:16 29:18 30:8
    30:12,23 31:1,4,7
    31:9

**C**

C 3:2 7:1 33:1,1
CA 4:19
calendar 7:7

**call** 8:24 29:7 31:6
**called** 21:25
**camera** 30:2,14,16
**carefully** 27:5
**carried** 28:20 29:11
    29:14
**case** 1:4 8:10 14:7
    14:15 17:1,8,12,22
    17:25 19:14,22
    20:20 21:15 24:7
    24:17 25:15,24
    26:9 27:6 30:19
**cases** 15:21 19:5
    21:1
**central** 26:9
**centrality** 16:25
**certain** 11:1 29:22
**certainly** 13:1 21:21
    22:19 23:11 26:17
**certify** 33:3
**chambers** 8:20,24
    30:2,13
**chamber's** 30:14
**change** 13:5,6 21:20
**changed** 11:18,20
    14:10,11 15:17,17
    20:8,18,22 25:5,7
**Chapter** 21:16
**Chicago** 3:6 5:5
**choice** 19:11
**chosen** 26:16,18
**Circuit** 17:23 24:7
**Circuit's** 16:24
**circumstances** 8:11
    8:13 15:17 18:11
    19:3 20:22 25:6,8
**cited** 15:22
**claim** 15:1 21:18
    22:5 24:18 25:13
    27:1,4,4
**claims** 14:4,14 16:1
    22:4 23:5,7,11,17
    24:15 26:6,6 27:8
**clarifications** 11:18
    13:15 20:9,18
**clear** 24:3

**clearer** 25:11
**clearly** 15:21 26:2
**clerks** 30:21 31:2
**Colorado** 2:18 27:18
**come** 11:15 20:5
    28:21 30:9
**commence** 19:7
**commenced** 19:6
    28:6,11
**Commerce** 5:20
**Committee** 5:10,19
    23:9 26:10
**committees** 29:21
    29:21
**companies** 21:16
    22:16
**company** 8:5,7 9:5
    27:9 32:5
**Company's** 2:8,15
**Compel** 2:5 7:20
**compelling** 18:16
**complaint** 28:24
**completely** 13:11
**complex** 23:4
**concern** 23:5
**concerned** 23:9
    25:13
**concerning** 24:9
**concerns** 25:17
**conclude** 25:10
**concluded** 19:6
**concludes** 29:18
**conclusion** 16:7
**conclusively** 12:15
**conditions** 8:11
**conduct** 14:4 24:14
**conference** 28:2
    30:1,2,5,11,14
**confirm** 29:10
**confirmed** 13:6
**conflict** 25:24 26:14
**confronted** 10:4
**Congress** 17:22
**connection** 9:9 11:3
    29:20
**consent** 8:13 28:23

**consented** 27:2
**consider** 23:18 24:7
**consummate** 23:16
**consummated** 23:8
**contemplates** 23:20
**contended** 26:11
**contends** 25:2 26:7
**contested** 7:14 11:3
**context** 9:14 20:8
    27:7,9,9
**continuance** 25:23
**continue** 12:6 13:4
    23:24
**continuing** 7:22
**contract** 13:17,19,20
    21:15 28:10
**convenience** 17:19
    17:24
**convince** 18:3
**convinces** 19:7
**copy** 8:20
**Corporation** 1:8 2:3
    7:5 20:17
**Corporation's** 2:5
    2:18 7:20 27:18
**correct** 33:4
**counsel** 8:19 11:9,10
    11:12,21,21 12:2,3
    12:13,17 13:2,13
    14:5,14,17 17:6,11
    20:17,24 21:2,6
    22:6,14,16 25:20
    26:2,14,24 29:7
**counsel's** 17:10
**counting** 20:21
**couple** 23:12
**course** 13:12 18:20
    18:21
**court** 1:2,13 7:2,11
    7:18 8:2,16,23 9:2
    9:11,15,20 10:2,8
    10:12,15,17,20,23
    10:24 11:1,4,5,7
    11:14,16,19,22
    12:1,8,10,11,19,22
    13:16 14:7,17,18

14:19,24,25 15:2,3
15:8,9,18,24,24,25
16:1,4,10,12,13,16
16:17,20,21,22,23
17:14,14,17,18,21
17:25 18:2,3,8,9
18:12 19:1,2,8,9
19:14 20:3,10,11
20:14 21:8,9,17,19
22:4,8,10,21,21,23
22:25 23:10,17,19
23:22,25 24:3,6,13
24:15,21,23 25:14
27:11,21,22,24
28:18 29:1,5,15,17
29:25 30:4,7,9,18
30:24 31:2,5,8,10
33:3
**courthouse** 30:4
**courts** 16:18,19
**Court's** 16:7,21
    18:17 19:16 20:19
    21:12 23:19
**covered** 13:25
**co-defendant** 19:15
**create** 23:14
**Credit** 2:5 7:20
**Creditors** 5:10,19
    23:9 26:10
**Curtis** 18:23

_____

**D**

**D** 1:21 5:24 7:1 32:2
**date** 21:3,10 22:3,22
**DAVIS** 6:15
**deadline** 8:1
**deal** 13:13
**dealing** 7:8 16:24
    27:7
**deals** 9:12 17:8
**dealt** 27:4
**debtor** 1:10 3:4,11
    3:19 4:3,10,16 5:3
    11:25 14:13 16:4
    17:5 18:12 19:13
    20:13 23:11

**debtors** 8:12 9:12
    22:10 24:11 28:1,3
    28:14 29:21
**debtor's** 14:13 29:19
**decision** 21:13
**deems** 19:2
**deeply** 23:9
**defendant** 15:19
    19:14
**defendants** 12:16
    16:5,14
**delay** 25:20 26:25
**delayed** 17:2
**delivered** 28:3
**Delphi** 1:8 2:2,18
    7:2,5 11:21 12:2,6
    12:12 13:2,11,18
    13:19,20,23 14:1,2
    14:4,6,16,16,18,21
    15:19 16:2,5,14
    17:7,12 18:5 19:14
    20:17,20,25 21:23
    22:19,20 24:1,4,4
    24:19 25:4,9,13,19
    25:19,23 26:1,8,15
    26:16,18,21,24
    27:1,14,18 28:6
**Delphi's** 14:4,17
    25:24 26:5 27:5
**delve** 9:21 10:10
**demand** 28:3
**denied** 21:9 32:10
**Denver** 6:5
**deny** 22:8
**derivative** 14:4
**describe** 7:14
**determination**
    10:24 12:14 15:9
    15:10,11,15,16
**determined** 21:19
    24:24
**different** 8:4 15:1
    17:25 22:14 27:10
**difficult** 14:21
**Digestion** 19:20
**discovery** 19:6

**discretion** 18:17
    19:16
**discussing** 9:10
**discussion** 30:16
**discussions** 10:7
    23:1,5 26:12
**disk** 8:18
**dispositive** 9:8 10:24
**distraction** 17:5,13
    19:18,20,20
**distraction/shorth...**
    19:22
**District** 1:3 6:9 18:3
    18:23
**division** 13:18
**docket** 2:6,9,13,16
    2:19 7:21 8:6
    10:22 29:9
**doing** 13:21
**dollar** 28:3
**dollars** 21:18
**Doug** 11:8
**Douglas** 2:11 4:7 6:7
**DRAIN** 1:21
**Drive** 3:5 5:4
**D-A-L-E** 11:9

**E**

**E** 1:20,20 3:2,2 7:1,1
    32:2 33:1
**earlier** 20:19 21:12
    29:23
**ECF** 8:18
**effective** 23:6
**efficient** 16:3 27:1,3
    27:10
**effort** 21:7
**eight** 14:25
**either** 18:4 28:6,11
    30:10
**electronic** 33:4
**Electronics** 29:8
**Eleventh** 2:1 7:5
**Ellen** 2:15 9:5
**EMANUEL** 4:15
**employees** 17:6

**enforceable** 26:13
**Engineering** 2:12,15
    6:3 9:5 10:21
    11:10
**Engineering's** 23:23
**enormous** 27:8
**enormously** 23:4
**enter** 8:18 20:11
**entered** 13:18
**entertain** 22:4
**entire** 17:8
**entities** 23:10
**entitled** 25:8
**entity** 14:3
**equitable** 17:4
**equity** 17:16 18:17
**ESQ** 3:8,15,16,23
    4:7,13,21 5:7,15
    5:16 6:7,14,15
**essence** 25:21
**essential** 23:7,18
**essentially** 26:23
**establishing** 21:10
**estate** 11:2 27:20
**estoppel** 15:4
**eve** 14:21 17:1,13
    19:4
**event** 22:2,20 25:8
**evidenced** 25:15
**exactly** 12:20
**examining** 9:13 27:5
**excuse** 12:5
**exercise** 18:17 19:16
**existence** 25:1
**expect** 30:5
**expected** 25:14
**expeditious** 28:16
**expertise** 16:23
**expiration** 8:9
**expressly** 11:14
**extend** 2:8 7:25 8:5
    8:10 28:23 32:7
**extent** 17:13 25:10
**e-mail** 8:23

**F**

**F** 1:20 33:1
**face** 22:18
**faced** 10:13
**fact** 11:18,20 12:9
    12:16 15:1,8,12
    16:13 17:12 18:16
    19:22 20:22,24
    21:14 22:15 24:24
    24:24 25:12 26:4,9
**factor** 18:16 19:16
**factors** 14:11 15:23
    17:25 18:23,24
    19:1 24:6 25:9
**facts** 11:18 13:25
    14:10 15:17 18:11
    18:18 20:8,18,22
    21:21 25:6,7
**fair** 17:4
**fairly** 18:10
**fairness** 17:16
**fall** 28:4
**Farah** 24:24
**Farah's** 25:15
**favor** 20:12
**federal** 16:19,20
**felt** 9:14
**fifteen** 30:3,17
**fifth** 27:17
**Figueroa** 4:17
**figure** 9:25
**File** 2:8 8:6
**filed** 2:2,11 8:15 9:8
    13:4,5 14:17 18:12
    21:17
**filing** 21:16
**final** 10:25 15:10,11
    15:15,16 20:11
    23:23
**find** 8:6 12:3 15:6
**fine** 7:18 8:2 9:20
    10:17 29:17
**firm** 20:25
**first** 7:16 15:11
    20:23 26:23 28:1
**fits** 27:7
**Flom** 3:3,10 7:4

**Floor** 4:18 6:11
**footnote** 29:13
**foregoing** 33:4
**form** 8:18
**formal** 10:20
**Fort** 5:22
**forth** 20:1
**forward** 8:19 20:21
  21:8 22:3,5
**found** 7:21
**four** 3:12 28:2
**FOWLER** 4:21
**framework** 10:7
  23:2,7
**frankly** 9:11 23:18
**fruitful** 28:16
**further** 9:25 10:16
  12:14 19:10 25:20
  26:25

**G**

**G** 7:1 32:3
**general** 11:21 12:2,2
  12:6,11 13:2,12,18
  13:23 14:1,16 16:2
  16:5 17:9 19:15
  20:13 24:25
**getting** 28:15
**give** 19:1
**given** 15:16 17:12
  24:10 26:17,20
**giving** 20:7
**GM** 16:14 18:6
  20:21,25 21:3,5,7
  21:24 22:1,3,11,21
  22:22 24:1,4,5,12
  24:15,17 25:3,9,15
  25:23,25 26:3,6,6
  26:8,15,19,20 27:3
  27:14
**go** 12:3 17:16 18:5
  19:9,12 20:21 22:3
  26:1
**goes** 22:5
**going** 7:13 9:24 12:3
  12:4 21:8 23:7,7

30:20,24
**good** 7:3 11:5 15:12
  20:16 27:23 29:23
**goods** 28:3
**grant** 8:17
**granted** 18:21 32:7
**Green** 1:14

**H**

**handle** 7:13,15
**handling** 27:20
**hap** 12:20
**happened** 12:23
**happening** 28:22
**hear** 20:22,23 30:15
**heard** 21:18 22:24
  23:12,20
**hearing** 2:1,1 7:6,9
  7:10 9:19 11:1,15
  15:11 21:9 23:23
  24:2,10 25:6,11
  26:23 29:19
**hearings** 10:23
  23:12
**HEDGES** 4:15
**held** 29:22
**help** 16:8
**highlights** 25:24
  26:14
**historical** 20:24
  22:15
**hoc** 29:21
**HON** 1:21
**Honor** 7:3,6,19 8:3,3
  8:12,21,22 9:1,3,7
  10:3,10,18 11:6,10
  11:12,20 12:18,25
  13:7,14,25 14:9,18
  15:5 16:7,9,18
  17:20 18:1,7,16,20
  19:2,19 20:3,10,15
  20:16 22:12,24
  23:1,4 27:15,16,16
  28:1,12,21,21 29:4
  29:6,18 30:13,15
  30:23 31:1,4,7,9

**Honor's** 7:17,24
  9:17 28:19,23
  29:19
**hope** 6:15 10:9 28:7
  28:13
**Horvath** 19:5
**housekeeping** 29:6
**Humphries** 20:25
**hundred** 15:1
**hundreds** 27:8

**I**

**IBG-JTC** 2:5 7:20
**ignored** 22:21
**IL** 3:6 5:5
**imagine** 23:4
**importance** 16:25
**important** 13:14
  15:23 19:4
**inclined** 16:22
**include** 27:5
**included** 24:20
**including** 29:22
**incorrect** 22:18
**indemnification**
  13:7 14:2 26:5,13
  26:18
**indemnity** 24:3
**indicate** 18:18
**inextricably** 26:8
**inform** 24:12
**informed** 24:16
**initial** 24:2
**inseparable** 14:14
  14:19 15:6,20,25
  16:6,15 18:15
**insofar** 24:9 25:12
**intend** 8:8 30:9
**intended** 21:25
**intention** 9:18
**interference** 19:21
**interpret** 21:4
**interrelated** 14:14
  14:19 15:6,20,25
  16:6,15 18:15 21:7
**intertwined** 26:9

**intuit** 18:10
**invitation** 20:5
**invoked** 28:9,10
**involved** 17:7,12
**involves** 24:8
**issue** 8:4 9:13,16
  10:4,4 11:21 26:5
  26:9,12
**issues** 7:8,9 9:14
  10:5,6 23:5
**Item** 7:19
**i.e** 24:14

**J**

**J** 3:16 5:15
**Jack** 3:8 7:3
**Jay** 11:11
**JESSICA** 4:13
**John** 2:2
**joined** 13:24
**joint** 14:16
**jointly** 25:22 29:25
**Jr** 2:2
**judge** 1:22 15:5,7,9
  18:23 24:23 25:15
  27:23 29:16
**judge's** 15:7 30:25
**judgment** 2:16 9:6
  27:7
**judicial** 14:12 15:4
  16:3 17:19,24
  21:22 26:4 27:11
**July** 11:14 15:12
  21:19
**jump** 13:16
**jury** 17:1
**J.N** 5:7

**K**

**Kahn** 2:25 33:3,9
**KASTIN** 4:13
**Kayalyn** 3:15 7:4
  20:16
**keep** 20:20
**key** 17:6
**kind** 22:2
**knew** 14:1

**know** 7:8 9:23,24
  10:9 12:24 19:19
  22:13,17 30:14
**knows** 24:6

**L**

**L** 32:3
**lanes** 9:13,23
**LATHAM** 5:9
**law** 8:10
**lawsuit** 13:17
**lead** 21:21
**leakage** 23:10,14
**leases** 7:22
**Lebenthal** 19:5
**left** 12:10 21:2
**legal** 14:3
**LEONHARD** 6:14
**letter** 29:14
**let's** 12:23
**Lexington** 4:4
**Lift** 32:10
**lifted** 18:4 24:9 27:2
**Lift-Stay** 10:22
**light** 8:16 15:16
  18:18 24:25
**Line** 32:4
**Lippert** 12:4,5 13:2
  13:5 17:11 20:25
  21:25
**liquidating** 24:18
**listened** 23:12
**litigation** 10:14
  13:24 22:11 23:25
  24:1,5,8,9,11,23
  25:21 26:8,15,19
  26:19 27:3,12,13
  28:11 29:20,25
**LLP** 3:3,10,18 4:2
  5:2,9,18 7:5
**long** 30:20
**longer** 30:6
**look** 15:9 18:24 19:4
  19:5 23:3
**looked** 19:15
**looks** 19:1

**Los** 4:19
**lost** 15:3
**lot** 7:7 30:19
**lunch** 30:22

**M**

**M** 2:12 6:7,14
**maintaining** 25:12
**making** 7:23 14:7
  16:7 26:3
**mandatory** 28:9
**Marafioti** 3:15 7:4
  7:15 20:16,17
  22:12 27:15
**Marifioti** 11:2
**MARK** 5:16
**MATEO** 4:21
**matter** 1:6 7:14,16
  8:4 9:3,4,9,16
  10:18,19,20,21
  11:3,12 12:12
  18:14 19:8,10
  21:14 23:13 25:20
  27:1,17,17,21
  28:20 33:6
**matters** 7:12 9:6
  11:2 20:1 21:6
  29:13,24
**matter's** 30:20
**MATZ** 3:16
**MAW** 5:2
**MAYER** 5:2
**Meagher** 3:3,10 7:4
**mean** 10:4 12:19,22
  15:10 18:5
**measure** 29:6
**Medical** 2:18 27:18
**meet** 18:25 30:3
**meet-and-confer**
  29:23 30:1,8
**merits** 10:6
**message** 17:15
**Methode** 29:8
**Methode's** 29:10
**MICHAEL** 5:24
**Michigan** 11:11

12:5,11 15:2,18
  17:1,14 18:8 20:13
  20:21 23:25 24:13
  24:20,23,23 25:14
  25:23
**miles** 15:1
**million** 21:18 28:2
**mind** 20:9
**mindful** 10:15
**minutes** 30:6,17
**minute's** 30:3
**missing** 12:13
**mistake** 21:23
**molding** 9:13,23
**moment** 22:14
**Month** 7:6
**months** 17:2
**month's** 7:9
**moot** 22:2
**morning** 7:3 11:5,7
  11:12 20:16 27:23
  27:24 29:24 30:20
**motion** 2:5,8,11,15
  7:20 8:5,17,17 9:5
  9:10 10:22 18:13
  23:23 24:2,22 26:3
  29:8,8,10 32:6,9
**motions** 9:8
**Motors** 11:22 12:2,2
  12:7,12 13:2,12,19
  13:23 14:1,16 16:2
  16:5 19:15 20:13
  24:25
**movant** 11:9
**move** 9:18
**MYERS** 4:9

**N**

**N** 3:2 7:1 32:2,3 33:1
**name** 11:8
**naturally** 22:5
**need** 8:11 11:19
  25:19 26:24 30:12
  31:5
**negotiate** 7:23
**negotiation** 28:13

**negotiations** 28:4,7
  28:16
**Neil** 3:23 27:25
**never** 10:10 18:2
  22:16
**nevertheless** 10:25
  25:2
**new** 1:3,15,15 3:13
  3:21 4:5,12 5:13
  6:9,12 12:3 20:18
  21:20 22:6,7
**night** 29:7
**nonsensical** 21:4
**Nos** 1:4
**note** 15:14
**noted** 16:14 31:11
**notice** 2:1 26:4 29:8
**notwithstanding**
  24:3
**number** 2:6 7:19,21
  8:4,6 9:4 10:21,22
  11:20 27:17,19
**numbers** 29:9
**Nutech** 2:12 6:3
  10:21,25 11:9
  13:18 20:12 21:15
  21:16 22:3 23:23
  24:4,18 25:2 26:7
**Nutech's** 11:11 16:1
  21:2 27:4 32:9
**nuts** 9:22 10:11
**NY** 3:13,21 4:5,12
  5:13 6:12

**O**

**O** 1:20 7:1 33:1
**objection** 8:1,13,14
  8:15
**objectors** 29:22
**obligations** 13:12
**obvious** 21:24
**obviously** 13:11
  14:6 19:1 21:9
  24:20 25:25
**occurred** 13:22 28:8
**October** 7:10,25 8:1

9:19 28:20 29:12
 29:14
**office** 17:10
**offices** 13:21
**official** 5:10,19 33:4
**oh** 14:20
**Okay** 7:2 8:23 9:2
 10:1,12,17 11:4
 16:12,16 20:14
 22:23 23:22 27:22
 28:18 29:5,15 30:7
 30:18,24 31:2,5,8
 31:10
**OLIVER** 4:15
**omnibus** 2:1 7:5,10
 7:25 9:19 10:25
 11:15 29:19
**ongoing** 23:2
**opinion** 16:24
**opportunity** 9:15
 11:13 20:4
**opposite** 26:17
**oral** 29:18
**order** 8:18 9:4 15:7
 16:9 18:9,10 21:10
 25:16
**ordinarily** 15:8 16:1
**ordinary** 27:11
**originally** 29:11
**ostensibly** 25:22
 26:2
**ought** 14:15,20,22
 15:16,21 17:16
 18:14 19:15
**outcome** 24:17
**O'MELVENY** 4:9

**P**

**P** 3:2,2 4:7 7:1
**Page** 32:4
**papers** 21:2,4,22,24
**Papillion** 17:9
**paragraph** 16:8,8
**part** 21:8 29:18
**participate** 11:15
**particularly** 16:19

18:11
**parties** 9:8,10 13:8
 13:23 19:10 24:8
 24:10,12 26:2,7,7
 28:10 29:25 30:2
 30:12
**partner** 7:14 11:2
**PAUL** 5:7
**pending** 15:9 23:25
 24:1
**Penn** 3:20
**people** 13:21 17:8,11
 30:19
**performed** 13:19
**period** 8:9,10 32:7
**permission** 7:17,24
 9:18
**permit** 20:20 24:5
 24:11 27:13
**permitting** 27:2
**persisting** 18:15
**person** 17:6,8
**perspective** 9:12
**persuasive** 19:16
**petition** 21:15 23:25
**phrase** 9:21
**place** 13:8 14:8
 20:20 25:18
**plainer** 16:21
**plaintiff** 13:24 14:24
**plan** 23:2,8,16
**Plastics** 2:12 6:3
 10:21 11:9 23:23
**Plastic's** 24:18
**play** 12:10
**Plaza** 3:20
**pleadings** 22:18
**please** 11:5
**point** 10:14 16:6,11
 16:25 20:24 22:13
**pointing** 20:8
**portion** 29:23
**position** 14:22 15:15
 22:4,17
**potential** 26:14
**pre** 21:14 23:24

**preclude** 21:8
**prejudiced** 12:4
**preliminary** 10:23
 15:13 24:2,10 25:6
 25:11 26:22
**premature** 9:24
**prepared** 10:2 12:11
 18:5 22:10 24:5,24
 25:14 26:1
**present** 9:11
**presented** 11:24
 18:11,18 19:3,25
 20:2,11
**presents** 8:4
**preserve** 15:14
**pretend** 18:7
**pretty** 21:24
**prevail** 10:5
**previously** 15:22,23
**pre-trial** 28:1
**primary** 23:5
**prior** 8:9
**privilege** 13:9
**probably** 21:1 30:17
**problem** 23:15
**proceed** 11:1 20:12
 22:11 24:5,11 25:3
 25:9,14 26:20,20
 27:3,6,14
**proceeded** 12:16
 24:15
**proceeding** 2:19
 25:3 27:19,19 28:2
 28:6,12
**proceedings** 33:5
**process** 22:5 24:16
 27:4
**progress** 7:23
**proof-of** 22:4
**proof-of-claim**
 21:17
**Proposal** 2:1
**proposed** 8:18
**protect** 26:19
**prove** 28:16
**provision** 28:9,10

**pun** 9:22
**purposes** 30:5
**pursuant** 19:11
**pursue** 23:24

**Q**

**quickly** 7:13 29:7
**QUINN** 4:15

**R**

**R** 1:20 3:2 7:1 32:3
 33:1
**raised** 10:5
**rapid** 23:6
**reached** 28:8
**reading** 21:24
**ready** 25:21 28:15
**real** 23:15
**reality** 19:21
**really** 12:12 15:12
 19:4 22:5,13 26:3
**reason** 12:13 14:3,5
 17:5 18:22 21:20
**reasons** 26:23 27:13
**Rebecca** 2:25 33:3,9
**recognized** 17:22,23
**record** 11:17,22,25
 14:13 15:14 20:3,6
 20:11,23 21:11
 25:10,12 27:6
 29:10 30:10,15
**recording** 33:5
**reengage** 28:7
**Refco** 30:19
**reference** 16:9
**regard** 9:17
**regards** 10:25
**rejection** 7:22
**related** 14:23
**relates** 11:20
**relationship** 13:10
**relative** 13:7 16:7
 19:23 20:1,13
**relevant** 19:1 29:24
**relief** 2:11 18:19,20
 19:8,23 20:12 21:9
 22:8 23:24 25:4

**reluctant** 16:18,20
**remain** 25:18
**reorganization** 23:3 23:8
**repayment** 28:14
**report** 28:21 30:21
**reported** 11:19
**represent** 11:2 12:6
**represented** 20:25 22:16
**representing** 26:2 26:15
**represents** 22:19
**request** 9:17 21:3 22:8
**requires** 23:14 27:10
**resolution** 28:17
**resolve** 26:12
**resources** 16:3 27:11
**respect** 23:10 25:17
**Respectfully** 12:25
**respond** 28:24
**responded** 21:2
**response** 18:13
**responsibility** 26:6
**responsible** 17:10 24:18
**result** 8:7 23:8
**results** 24:17
**rethinking** 20:19 21:12
**review** 8:17 9:15
**reviewed** 8:12
**right** 7:11 8:16 9:20 10:3,8 16:10 18:7 23:22 29:1,1 30:18 31:8
**road** 23:3,15
**Robert** 1:21 5:15 8:5 8:8 32:6
**role** 23:19
**room** 18:22
**rooms** 30:25
**Rosenberg** 5:15

22:24 23:1 26:11
**routine** 21:14
**ROWE** 5:2
**ROY** 5:7
**ruled** 22:21
**ruling** 8:7 18:2,3 20:19 24:22
**running** 17:9,10

— S —

**s** 3:2 7:1 10:22 32:3
**sake** 11:17
**saying** 14:9 16:21
**schedule** 24:25 28:14
**scheduled** 29:11 30:2
**scheduling** 24:22 30:5
**Schwartz** 11:11,11 13:1 19:25
**seat** 12:12
**second** 16:24 17:23 24:7 26:25 28:14
**secondly** 25:7,17
**secret** 28:5
**Section** 29:20
**see** 30:18
**seek** 30:1
**seeks** 25:4
**Segal** 3:18,18 27:25 27:25
**send** 31:2
**sent** 17:14
**separable** 14:23
**separate** 14:2 26:24
**separately** 11:24
**September** 1:17 7:6 25:15 29:19 33:9
**series** 9:6,7
**serve** 11:9
**Services** 2:8 8:5,7,19 32:5
**set** 17:25 18:13 20:1 21:3,9 22:21 29:8 31:5,6,7,8

**settlement** 28:4,7,15 29:2
**shareholders** 26:10
**SHEARMAN** 4:2
**short** 7:7
**side** 28:6
**signature** 21:1,23
**signed** 14:16
**simple** 17:5
**simply** 12:9,11 15:14 30:4
**simultaneously** 26:12
**sitting** 13:21
**six** 29:22
**Skadden** 3:3,10 7:4 8:20
**Slate** 3:3,10 7:4
**slightly** 8:4
**sold** 28:3
**solely** 24:25 25:15 25:25 26:3
**Sonax** 14:11 15:23 16:24 17:23 18:22 24:7 25:9
**soon** 9:25
**sorry** 12:21
**sort** 7:7
**sound** 22:7 33:5
**South** 4:17 5:4
**SOUTHERN** 1:3 6:9
**sparingly** 18:21
**speak** 16:19,20 22:1
**speaking** 21:4 22:19
**special** 8:11
**spent** 29:23
**spin-off** 13:22
**spoken** 21:7
**spring** 28:5
**spun-off** 13:20
**Square** 3:12 4:11
**stand** 14:25
**standing** 14:22
**state** 11:22,25 12:10 13:4,5,6 14:17,18

14:19,24 15:2 16:19,20 18:8,12 19:14 22:20,21 23:25 24:13,21 27:11
**stated** 11:14 15:18 15:23 18:9,10 19:19 20:6,17 22:18 24:10
**States** 1:2,13 6:9
**statutory** 29:21
**stay** 2:11 14:8 17:23 18:4,20 19:8,23 20:20 22:9 23:24 24:9 25:1,12,18 26:19,21 27:2 32:10
**stayed** 21:16
**STERLING** 4:2
**STEVENS** 5:18
**stipulation** 28:25
**stop** 12:8
**Street** 4:17 5:20 6:10
**strongly** 26:10
**subject** 28:19,22
**submit** 17:17
**submitted** 11:23
**submitting** 28:24
**subsequent** 24:22 25:11
**suggest** 23:13,14
**suggests** 8:10 23:20
**Suite** 5:12,21
**Summary** 2:15 9:5
**supervise** 28:22
**support** 19:25 21:12
**supports** 25:12
**supposed** 18:21
**sure** 13:24 27:5 30:19
**switch** 12:13
**Systems** 2:18 27:18

— T —

**T** 33:1,1

**table** 11:10
**take** 8:8 9:3,16
  14:22 18:25 20:4
  26:4 30:5,20,22
**taken** 26:17
**takes** 13:8
**talking** 17:19,21,24
**teed** 19:8
**TELEPHONE** 8:22
  8:25
**tell** 11:16 20:5
**telling** 14:19 20:7
**tens** 27:7
**terms** 10:19 13:14
  16:21 23:15
**testify** 13:1 20:1
  21:25
**testimony** 19:24
**thank** 8:3,21,22,25
  20:15 23:21 27:15
  27:16 29:16 30:23
**thanks** 30:24 31:4,9
**theories** 25:5
**theory** 25:5
**thing** 14:8 17:9
  19:12
**things** 13:22 22:1,20
**think** 8:23 10:5,14
  14:24 17:3,4,4
  19:13,18 20:9
  21:11,18 22:6,6,12
  23:19 26:23 30:16
  31:7
**third** 5:11 24:8,10
  26:6
**thirteen** 21:17
**thirty** 30:6
**THOMAS** 3:16
**thought** 10:24
**thousands** 27:8
**three** 7:13 11:18,18
  16:9 20:18,22
**Tim** 12:4
**time** 2:8 8:6 16:3
  27:11 28:9,23 30:3
  30:14,16 31:11

**Times** 3:12 4:11
**Tisdale** 2:12 6:2,7
  11:5,8,8 12:18,20
  12:25 14:9 15:5
  16:4,11,13,17
  17:20 18:1,7 20:15
**today** 7:7 9:5,9
  11:10,24 12:1
  23:20 29:11 30:1
**Togut** 3:18 27:25
**told** 15:2
**tooling** 9:13,23
**tops** 30:17
**total** 30:16
**track** 17:3
**TRACY** 6:15
**Transcribed** 2:25
**transcriber** 33:3
**transcript** 24:13
  33:4
**treat** 23:22
**trial** 11:11,21,21
  12:1,3 14:5,14,21
  15:18 16:18,19,20
  17:1,3,5,7,11,14
  17:14 18:5,13 19:4
  19:6 20:12 21:3,10
  22:3,22 24:14,17
  24:25 25:3,20,21
  25:23 26:1,25 27:6
  27:6
**trials** 24:14
**TRUSTEE** 6:9
**try** 12:11,23 14:24
  16:1 22:7 26:12
  29:12
**trying** 17:2
**Tuesday** 29:24
  30:13
**twelve** 18:23
**twice** 10:23
**twist** 22:7
**twisted** 21:12
**two** 14:17 16:9
  18:12 21:16 24:14
  25:5 26:23 28:12

**TX** 5:22
**type** 28:14
**T-I-S** 11:8

**U**

**U** 32:3
**ultimately** 19:7 28:5
**underlying** 26:5
**understand** 13:9
  14:21
**understanding**
  16:25
**understood** 15:13
**undoubtedly** 14:1
**unexpired** 7:22
**unfair** 14:24
**unfortunate** 21:22
**UNIDENTIFIED**
  8:22,25
**unions** 29:22
**unique** 23:13
**United** 1:2,13 6:9
**unnumbered** 16:8
**Unsecured** 5:10,19
  23:9
**URQUHARDT** 4:15
**use** 7:17 16:3 27:10
**useful** 9:15
**Utah** 18:24
**U.S** 1:22

**V**

**view** 25:22 26:16
**visit** 20:4
**visiting** 30:25
**voluntary** 19:11

**W**

**W** 2:15 9:5
**Wacker** 3:5 5:4
**want** 9:21 30:4
**wanted** 13:15
**wants** 11:1 25:3
**WARNER** 5:18,24
**warrant** 20:19
**waterfront** 13:25
**WATKINS** 5:9

**way** 10:10 12:4
  14:20
**week** 29:23
**weeks** 14:17 18:13
**weight** 19:2
**went** 28:4
**West** 3:5
**we'll** 7:17 10:3,15
  28:13
**we're** 7:22,23 9:13
  10:4,15 11:12,17
  14:9 16:6 17:2
  19:12 20:7 28:12
**we've** 7:7,8 20:2
  28:19,23
**whipsaw** 14:24
**Whitehall** 6:10
**William** 2:2 3:8
**willingness** 24:11
**winter** 28:5
**withdrawn** 22:17
**work** 10:9 28:13
  29:12
**Worth** 5:22
**wouldn't** 16:17

**X**

**x** 1:5,12 32:2

**Y**

**year** 21:10
**years** 13:3
**York** 1:3,15,15 3:13
  3:21 4:5,12 5:13
  6:9,12

**#**

**#06-01136** 2:16
**#06-01677** 2:19
**#4436** 2:13
**#4971** 2:9

**0**

**01136** 9:7
**05-44481** 1:4
**06** 9:6
**06-01136** 1:4

**06-01677** 1:4 27:19

---
**1**
---

**1** 2:5 7:19 11:20
**10th** 4:18
**10:05** 1:18
**10:44** 31:11
**1000** 5:12
**10004** 6:12
**10022** 5:13
**10022-6069** 4:5
**10036** 3:13 4:12
**10119** 3:21
**11** 21:16
**11th** 25:16
**1113** 29:20
**1114** 29:20
**12** 32:9
**12th** 8:1
**14** 1:17
**1600** 6:4
**17** 32:5 33:9
**17th** 20:7 21:19
**1700** 5:21
**19th** 7:10,25 9:19
  10:2
**1994** 16:24

---
**2**
---

**2** 2:8 8:4
**2006** 1:17 25:16 33:9
**21st** 6:11
**25** 32:9

---
**3**
---

**3** 2:11 10:21 16:8
**301** 5:20
**33** 6:10
**333** 3:5
**362(d)** 15:10

---
**4**
---

**4** 2:15 9:4
**4436** 10:22
**4912** 29:9
**4913** 29:9
**4971** 8:6

---
**5**
---

**5** 2:18 27:17
**5009** 2:6 7:21
**599** 4:4

---
**6**
---

**60606** 5:5
**60606-1285** 3:6

---
**7**
---

**7** 4:11
**71** 5:4
**76102** 5:22

---
**8**
---

**8** 32:5
**80202** 6:5
**865** 4:17
**885** 5:11

---
**9**
---

**90017** 4:19

**VERITEXT/NEW YORK REPORTING COMPANY**