UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x
In re

Delphi Corporation, et al.,

                  Debtors.

-------------------------------------------------x

:      Chapter 11 Case
       Case No. 05-44481
       (Jointly Administered)

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## PURSUANT TO FRBP RULE 3001(e)(2)

1.    TO:        **CTS CORPORATION** ("**Transferor**")
                     171 Covington Drive
                     Bloomington, Il 60108
                     Attention: General Counsel

2.      Please take notice of the transfer of $1,950,968.78 of your claim (comprised of $1,789,824.22 general unsecured claim and $161,144.56 priority reclamation claim) against **Delphi Automotive Systems LLC, (Case No. 05-44640)** or any of its subsidiaries or affiliates, including any and all proofs of claim filed in connection therewith, including the Proof of Claim a copy of the first page of which is attached hereto, together with all applicable interest, fees and expenses related thereto (the "Transferred Claim") to:

                     **BEAR STEARNS INVESTMENT PRODUCTS INC.** ("**Transferee**")
                     383 Madison Ave.
                     New York, NY 10179
                     Attention: Laura L. Torrado

3.      No action is required if you do not object to the transfer of the Transferred Claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

        - -     **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

                     Clerk of the Court
                     United States Bankruptcy Court
                     Southern District of New York
                     One Bowling Green
                     New York. NY 10004

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** ____ in your objection.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

_____
Clerk of the Court

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on
_____ 2006.
INTERNAL CONTROL NO. _____
Copy Claims Agent:
Transferee:
Debtor's Attorney:

[ATTACH EVIDENCE OF TRANSFER]

## EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, CTS CORPORATION ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to BEAR STEARNS INVESTMENT PRODUCTS INC. ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of $1,950,968.78 against Delphi Automotive Systems LLC or any of its subsidiaries or affiliates (the "Debtor"), the debtors in possession in the Chapter 11 reorganization case captioned In re Delphi Corporation, et al., Chapter 11 Case Nos. 05-44481 (Jointly Administered), United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim (collectively, the "Claim").

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, are to be delivered or made to Assignee.

IN WITNESS WHEREOF, this 8th day of August, 2006.

CTS CORPORATION

By: _____
Name: Matthew W. Long
Title: Treasurer

BEAR STEARNS INVESTMENT PRODUCTS INC.

By: _____
Name:
Title:

040-3058/CERTS/912407.1

## EVIDENCE OF TRANSFER OF CLAIM

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, CTS CORPORATION ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to BEAR STEARNS INVESTMENT PRODUCTS INC. ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of $1,950,968.78 against Delphi Automotive Systems LLC or any of its subsidiaries or affiliates (the "Debtor"), the debtors in possession in the Chapter 11 reorganization case captioned In re Delphi Corporation, et al., Chapter 11 Case Nos. 05-44481 (Jointly Administered), United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim (collectively, the "Claim").

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, are to be delivered or made to Assignee.

IN WITNESS WHEREOF, this ___ day of August, 2006.

**CTS CORPORATION**

By: _____
Name: Matthew W. Long
Title: Treasurer

**BEAR STEARNS INVESTMENT PRODUCTS INC.**

By: _____
Name:                JOHN McDERMOTT
Title:                VICE PRESIDENT

040-3058/CERTS/912407.1

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT __Southern__ DISTRICT OF __New York__ | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Delphi Automotive Systems LLC | Case Number: 05-44640 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

CTS Corporation

Name and address where notices should be sent:

CTS Corporation
171 Covington Drive
Bloomingdale, Il 60108

Telephone number: (630) 924-6561

- [ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- [ ] Check box if you have never received any notices from the bankruptcy court in this case.
- [x] Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
RD619840689, 087542957, 960379925

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**
- [x] Goods Sold / Services Performed
- [ ] Customer Claim
- [ ] Taxes
- [ ] Money Loaned
- [ ] Personal Injury
- [ ] Other _____
- [ ] Retiree benefits as defined in 11 U.S.C. § 1114(a)
- [ ] Wages, salaries, and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)          (date)

**2. Date debt was incurred:** Various dates - See attached summary

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 2,405,898.43 _____ _____ 2,405,898.43
(unsecured)  (secured)  (priority)  (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
- [ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
- [ ] Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- [ ] Real Estate  ☐ Motor Vehicle
- [ ] Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ 2,405,898.43
(161,144.56 is reclamation)
- [x] Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
- [ ] Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- [ ] Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- [ ] Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- [ ] Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- [ ] Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- [ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- [ ] Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. *Documents are voluminous. See attached summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 7-25-06 | By: [signature] VP, CTS Corporation  Richard G. Cutter II, Sec. |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.