# Exhibit B

Case 4481-rdd Doc 6625-2 Filed 01/16/07 Entered 01/16/07 19:17:48 Exhibit B
Pg 2 of 19
Case 1:05-cv-10053-DML-CEB Document 17 Filed 07/11/2005 Page 1 of 18

18

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

FILED

JUL 11 4 33 PM '05

CLERK
U.S. DISTRICT COURT
EAST. DIST. MICH.
BAY CITY

H.E. SERVICES COMPANY, and
ROBERT BACKIE, Majority Shareholder,

        Plaintiffs,

vs.

DELPHI AUTOMOTIVE SYSTEMS, INC.,
a foreign corporation,

        Defendant.

File No. 05-10053

Hon. David M. Lawson
Magistrate Judge Charles E. Binder

---

MASTROMARCO & JAHN, P.C.
By: Victor J. Mastromarco, Jr. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Ave., P.O. Box 3197
Saginaw, MI 48605-3197
989-752-1414

A. T. LIPPERT, JR. (P16714)
LIPPERT, HUMPHREYS, CAMPBELL,
DUST & HUMPHREYS, P.C.
Attorneys Defendant
4800 Fashion Square Boulevard
Plaza North, Suite 410
Saginaw, MI 48604-2604
(989) 792-2552

DONALD R. PARSHALL, JR. (P30267)
Attorney for Defendant
Delphi World Headquarters
M/C: 480-410-254
5825 Delphi Drive
Troy, MI 48098-2815
(248) 813-3445

---

## ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Delphi Automotive Systems, LLC, (Delphi) by its attorneys, Lippert, Humphreys, Campbell, Dust & Humphreys, P.C., states the following as its answer to the amended complaint of H.E. Services Company (HES) and Robert Backie (Backie):

1

## Common Allegations

1. Delphi admits the allegations in paragraph 1 on information and belief.

2. Delphi admits the allegations in paragraph 2 on information and belief.

3. Delphi admits the allegations in paragraph 3 for purposes of jurisdiction only.

4. Delphi admits the allegations in paragraph 4 for purposes of jurisdiction only.

5. Delphi states that a legal conclusion and not facts are stated in paragraph 5 and the application of this legal conclusion to the facts of this case is denied.

6. Delphi states that a legal conclusion and not facts are stated in paragraph 6 and the application of this legal conclusion to the facts of this case is denied.

7. Delphi states that a legal conclusion and not facts are stated in paragraph 7 and the application of this legal conclusion to the facts of this case is denied.

8. Delphi admits that sales of goods by HES to Delphi in accordance with the terms and conditions of Delphi purchase orders are subject to the provisions of the Uniform Commercial Code.

9. Delphi denies the allegations in paragraph 9.

## Factual Background

10. Delphi admits the allegations in paragraph 10 on information and belief.

11. Delphi admits the allegations in paragraph 11.

12. Delphi denies the allegations in paragraph 12, but states that Delphi informed HES and Backie that if HES became qualified as a minority supplier the company would be placed on the minority supplier bidder list.

13. Delphi denies the allegations in paragraph 13. Delphi states that plaintiffs' complaint exhibit 1 correctly states the business relationship of General Motors and HES on October 21, 1993.

14. Delphi admits that it had enumerated buyer responsibilities as stated in paragraph 14 a through f inclusive. Delphi further admits that all participants were challenged to "build a network of business relationships and rapidly increase (purchases) from the minority supplier."

15. Delphi admits generally the allegations contained in paragraph 15.

16. Delphi denies the allegations in paragraph 16.

17. Delphi denies the allegations in paragraph 17.

18. Delphi denies the allegations in paragraph 18.

19. Delphi denies the allegations in paragraph 19.

### Juarez, Mexico

20. Delphi has no knowledge of the facts stated in paragraph 20 and the allegations are neither admitted nor denied for this reason.

21. Delphi has no knowledge of the facts stated in paragraph 21 and the allegations are neither admitted nor denied for this reason.

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

22. Delphi denies the allegations in paragraph 22. Delphi states further that although there was a limited number of prototype manufacturing suppliers in the region, Delphi had only minimal part requirements in Juarez, Mexico.

23. Delphi admits the allegations in paragraph 23 insofar as these allegations intend to state that Delphi requested proposals from prospective suppliers and that HES was a prospective supplier.

24. Delphi admits the allegations in paragraph 24 insofar as these allegations state that if HES was to submit a successful bid it could supply parts to Delphi as a minority supplier.

25. Delphi admits the allegations in paragraph 25 insofar as the allegations correctly state the proposals submitted by HES as a prospective supplier to Delphi.

26. Delphi has no knowledge of the facts stated in paragraph 26 and the allegations are neither admitted nor denied for this reason.

27. Delphi admits the allegations in paragraph 27 insofar as these allegations state that Delphi invited the prospective suppliers to its facilities.

28. Delphi denies the allegations in paragraph 28.

29. Delphi denies the allegations in paragraph 29.

30. Delphi denies the allegations in paragraph 30.

31. Delphi denies the allegations in paragraph 31.

32. Delphi denies the allegations in paragraph 32.

33. Delphi admits that HES submitted a written Proposal/Agreement (plaintiffs' exhibit 1A).

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

34. Delphi admits that HES submitted an Engineering Prototype Support Center Proposal and Capability Profile (plaintiffs' complaint exhibits 1A and 2).

35. Delphi admits that business meetings were held in El Paso, Texas, denies that HES personnel appeared at the "request" of Delphi.

36. Delphi denies the allegations in paragraph 36 as stated, but states that a buyer/seller relationship was established between Delphi and HES in accordance with the terms of purchase agreements issued by Delphi to HES.

37. Delphi denies the allegations in paragraph 37.

38. Delphi admits generally the allegations in paragraph 38.

39. Delphi has no knowledge of the facts stated in paragraph 39 and the allegations are neither admitted nor denied for this reason.

40. Delphi denies the allegations in paragraph 40.

41. Delphi denies the allegations in paragraph 41.

42. Delphi denies the allegations in paragraph 42.

43. Delphi has no knowledge of the facts stated in paragraph 43 and the allegation are neither admitted nor denied for this reason.

44. Delphi denies the allegations in paragraph 44.

45. Delphi denies the allegations in paragraph 45.

46. Delphi denies the allegations in paragraph 46.

5

## HES Flint Manufacturing Division

47. Delphi admits generally the allegations in paragraph 47 insofar as it correctly states that there were discussions between Delphi and HES regarding HES's interest in expanding its operations.

48. Delphi admits the allegations in paragraph 48, except it denies that any forecasts made by it were bad-faith promises.

49. Delphi denies the allegations in paragraph 49 insofar as these allegations do not accurately state the volumes of parts authorized for production in accordance with releases issued by Delphi to HES in accordance with the terms of its purchase orders.

50. Delphi states that the allegations in paragraph 50 are vague and ambiguous and no response is made for that reason.

51. Delphi denies the allegations in paragraph 51.

52. Delphi denies the allegations in paragraph 52.

53. Delphi denies the allegations in paragraph 53.

54. Delphi denies the allegations in paragraph 54.

55. Delphi denies the allegations in paragraph 55.

56. Delphi denies the allegations in paragraph 56.

57. Delphi admits the allegations in paragraph upon information and belief.

58. Delphi has no knowledge of the facts stated in paragraph 43 and these allegations are neither admitted nor denied for this reason.

59. Delphi admits the allegations in paragraph 59 upon information and belief.

6

60. Delphi denies the allegations in paragraph 60.

61. Delphi denies the allegations in paragraph 61.

62. Delphi denies that it failed to meet any promised obligations or contractual agreements. The remaining allegations in paragraph 62 are admitted.

63. Delphi denies that it failed to meet any promised obligations or contractual agreements. The remaining allegations in paragraph 63 are admitted.

64. Delphi denies the allegations in paragraph 64.

65. Delphi denies the allegations in paragraph 65.

66. Delphi denies the allegations in paragraph 66.

67. Delphi denies the allegations in paragraph 67.

68. Delphi denies the allegations in paragraph 68. Delphi states further that HES could not meet its contractual obligations and that orders were issued to other suppliers by Delphi to mitigate any losses and damages which might result from its inability to fulfill its contracts with its customers.

69. Delphi denies the allegations in paragraph 69.

70. Delphi denies the allegations in paragraph 70.

71. Delphi denies the allegations in paragraph 71.

### EX-CELL-O Grinding Machine XJ 690

72. Delphi admits that there were meetings between HES and Bruce Waslusky.

73. Delphi admits the allegations in paragraph 73, except any purchase agreement to purchase parts would be based upon Delphi's requirements, and any

equipment purchases would be made in accordance with the terms and conditions of a purchase order.

74. Delphi admits that any equipment was to be designed as required to manufacture parts to Delphi's engineering and quality specifications.

75. Delphi admits that it issued a purchase order to HES and that a machine was purchased by HES with Delphi financing.

76. Delphi denies the argumentative phrasing of paragraph 76, and states further Delphi understood that U.S. manufactured Fanuc controls were suitable for use with the EX-CELL-O equipment, or as an alternative to the European-type controls manufactured by Seimen.

77. Delphi denies the allegations in paragraph 77.

78. Delphi denies the allegations in paragraph 78.

79. Delphi denies the allegations in paragraph 79.

80. Delphi denies the allegations in paragraph 80.

81. Delphi denies the allegations in paragraph 81. Delphi states that HES was unable to meet Delphi's production and quality requirements. Delphi submitted purchase orders to other suppliers to mitigate the losses and damages that might be incurred if it could not meet its customers' requirements.

82. Delphi denies the allegations in paragraph 82.

83. Delphi denies the allegations in paragraph 83.

84. Delphi denies the allegations in paragraph 84.

## Count I – 42 U.S.C. § 1981

85. Delphi adopts its answers to paragraph 1 through 84 as if fully restated herein.

86. Delphi denies the allegations in paragraph 86.

87. Delphi states that a legal conclusion is stated in paragraph 87 and no response is required.

88. Delphi admits generally the allegations stated in paragraph 88.

89. Delphi admits that Robert Backie has represented himself to Delphi as a Native American Chippewa Indian.

90. Delphi denies the allegations in paragraph 90.

91. Delphi admits the allegations in paragraph 92 insofar as these allegations correctly state the provisions of 42 U.S.C. § 1981(b).

92. Delphi denies the allegations in paragraph 92.

93. Delphi denies the allegations in paragraph 93.

94. Delphi denies the allegations in paragraph 94.

WHEREFORE, Delphi denies that plaintiffs are entitled to a judgment.

## Count II – Innocent/Negligent Misrepresentations

95. Delphi adopts its answers to paragraph 1 through 94 as if fully restated herein.

96. Delphi states that the claims made by the plaintiff are without factual merit and do not assert claims for innocent or negligent misrepresentation.

97. Delphi denies the allegations in paragraph 97.

9

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

98. Delphi denies the allegations in paragraph 98.

99. Delphi denies the allegations in paragraph 99.

100. Delphi denies the allegations in paragraph 100.

101. Delphi denies the allegations in paragraph 101.

102. Delphi denies the allegations in paragraph 102.

103. Delphi denies the allegations in paragraph 103.

WHEREFORE, Delphi denies that plaintiffs are entitled to a judgment.

## Count III – Fraudulent Misrepresentation

104. Delphi adopts its answers to paragraph 1 through 103 as if fully restated herein.

105. Delphi denies the allegations in paragraph 105.

106. Delphi denies the allegations in paragraph 106.

107. Delphi denies the allegations in paragraph 107.

108. Delphi denies the allegations in paragraph 108.

109. Delphi denies the allegations in paragraph 109.

110. Delphi denies the allegations in paragraph 110.

111. Delphi denies the allegations in paragraph 111.

112. Delphi denies the allegations in paragraph 112. Delphi states that damages for non-economic loss, as claimed, are not recoverable as a matter of law.

WHEREFORE, Delphi denies that plaintiffs are entitled to a judgment

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

## Count IV – Silent Fraud

113. Delphi adopts its answers to paragraph 1 through 112 as if fully restated herein.

114. Delphi denies the allegations in paragraph 114.

115. Delphi denies the allegations in paragraph 115.

116. Delphi denies the allegations in paragraph 116.

117. Delphi denies the allegations in paragraph 117.

118. Delphi denies the allegations in paragraph 118.

119. Delphi denies the allegations in paragraph 119.

120. Delphi denies the allegations in paragraph 120.

121. Delphi denies the allegations in paragraph 121. Delphi states that damages for non-economic loss, as claimed, are not recoverable as a matter of law.

WHEREFORE, Delphi denies that plaintiffs are entitled to a judgment.

## Count V – Fraud Based on Bad-Faith Promise

122. Delphi adopts its answers to paragraph 1 through 121 as if fully restated herein.

123. Delphi denies the allegations in paragraph 123.

124. Delphi denies the allegations in paragraph 124.

125. Delphi denies the allegations in paragraph 125.

126. Delphi denies the allegations in paragraph 126.

127. Delphi denies the allegations in paragraph 127.

128. Delphi denies the allegations in paragraph 128.

11

129. Delphi denies the allegations in paragraph 129. Delphi states that damages for non-economic loss, as claimed, are not recoverable as a matter of law.

WHEREFORE, Delphi denies that plaintiffs are entitled to a judgment

## Count VI – Promissory Estoppel

130. Delphi adopts its answers to paragraph 1 through 129 as if fully restated herein.

131. Delphi denies the allegations in paragraph 131.

132. Delphi denies the allegations in paragraph 132.

133. Delphi denies the allegations in paragraph 133.

134. Delphi denies the allegations in paragraph 134.

135. Delphi denies the allegations in paragraph 135.

136. Delphi denies the allegations in paragraph 136. Delphi states that damages for non-economic loss, as claimed, are not recoverable as a matter of law.

WHEREFORE, Delphi denies that plaintiffs are entitled to a judgment.

## Count VII – Contract Action – UCC

137. Delphi adopts its answers to paragraph 1 through 136 as if fully restated herein.

138. Delphi denies the allegations in paragraph 138 because no facts are stated supporting a claim as a seller.

139. Delphi denies the allegations in paragraph 139 because no facts are stated to establish that an agreement was made between Delphi and HES.

140. Delphi denies the allegations in paragraph 140 because no facts are stated to establish that an agreement was made between Delphi and HES.

141. Delphi admits generally the allegations in paragraph 141, but states that no reference is made to specific purchase orders and by HES.

142. Delphi denies the allegations in paragraph 142.

143. Delphi denies the allegations in paragraph 143

144. Delphi denies the allegations in paragraph 144.

145. Delphi denies the allegations in paragraph 145.

146. Delphi denies the allegations in paragraph 146.

147. Delphi denies the allegations in paragraph 147.

WHEREFORE, Delphi denies that plaintiffs are entitled to a judgment.

## Count VIII – Contract Action

148. Delphi adopts its answers to paragraph 1 through 147 as if fully restated herein.

149. Delphi denies the allegations in paragraph 149 because no facts are stated supporting a claim as a seller.

150. Delphi denies the allegations in paragraph 150 because no facts are stated to establish that an agreement was made between Delphi and HES.

151. Delphi denies the allegations in paragraph 151 because no facts are stated to establish that an agreement was made between Delphi and HES.

152. Delphi admits generally the allegations in paragraph 152, but states that no reference is made to specific purchase orders and by HES.

13

153. Delphi denies the allegations in paragraph 153.

154. Delphi denies the allegations in paragraph 154.

155. Delphi denies the allegations in paragraph 155.

156. Delphi denies the allegations in paragraph 156.

157. Delphi denies the allegations in paragraph 157.

158. Delphi denies the allegations in paragraph 158.

WHEREFORE, Delphi denies that plaintiffs are entitled to a judgment.

## AFFIRMATIVE DEFENSES

Delphi states as its affirmative defenses:

1. The claims asserted by the plaintiffs in Count I of plaintiffs' complaint and founded 42 U.S.C. § 1981 are barred by the applicable statute of limitations.

2. The claims made by plaintiffs in Count II alleged to be "Innocent/Negligent Misrepresentations" are barred by the applicable statute of limitations.

3. The claims made by plaintiffs in Count II alleged to be "Innocent/Negligent Misrepresentations" fail to state a claim upon which relief can be granted.

4. The claims made by the plaintiffs in Count III and alleged to be "Fraudulent Misrepresentations" are barred by the applicable statute of limitations.

5. The claims made by the plaintiffs in Count III and alleged to be "Fraudulent Misrepresentations" fail to state a claim upon which relief can be granted.

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

6. The claims made by the plaintiffs in Count IV and alleged to be "Silent Fraud" are barred by the applicable statute of limitations.

7. The claims made by the plaintiffs in Count IV and alleged to be "Silent Fraud" fail to state a claim upon which relief can be granted.

8. The claims made by the plaintiffs in Count V and alleged to be "Fraud Based on Bad Faith Promise" are barred by the applicable statute of limitations.

9. The claims made by the plaintiffs in Count V and alleged to be "Fraud Based on Bad Faith Promise" fail to state a claim upon which relief can be granted.

10. The claims made by the plaintiffs in Count VI and alleged to be "Promissory Estoppel" are barred by the applicable statute of limitations.

11. The claims made by the plaintiffs in Count VI and alleged to be "Promissory Estoppel" fail to state a claim upon which relief can be granted.

12. The claims made by the plaintiffs in Count VII and alleged to be "Contract Action-UCC" are barred by the applicable statute of limitations. MCLA 400.40.2725(1).

13. The claims made by the plaintiffs in Count VII and alleged to be "Contract Action-UCC" fail to state a claim upon which relief can be granted.

14. The claims made by the plaintiffs in Count VIII and alleged to be "Contract Action" are barred by the applicable statute of limitations.

15. The claims made by the plaintiffs in Count VIII and alleged to be "Contract Action" fail to state a claim upon which relief can be granted.

16. All claims of the plaintiffs are barred by the Statute of Frauds.

17. The plaintiffs, and each of them, have failed to mitigate their damages.

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

18. The plaintiff, HES, has breached the contracts made between Delphi and HES.

19. Plaintiffs' claims are barred in whole or in part by the terms and conditions of the written agreements between the parties.

LIPPERT, HUMPHREYS, CAMPBELL,<br>
DUST & HUMPHREYS, P.C.<br>
Attorneys for Defendant

Dated: July 11, 2005.

By: _____
A. T. LIPPERT, JR. (P16714)
TOBIN H. DUST (P36741)
4800 Fashion Square Blvd.
Plaza North, Suite 410
Saginaw, MI 48604-2604
(989) 792-2552

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

H.E. SERVICES COMPANY, and
ROBERT BACKIE, Majority Shareholder,

        File No. 05-10053

    Plaintiffs,

vs.

        Hon. David M. Lawson

DELPHI AUTOMOTIVE, INC.,        Magistrate Judge Charles E. Binder
a foreign corporation,

    Defendant.

---

MASTROMARCO & JAHN, P.C.
By: Victor J. Mastromarco, Jr. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Ave., P.O. Box 3197
Saginaw, MI 48605-3197
989-752-1414

A. T. LIPPERT, JR. (P16714)        DONALD R. PARSHALL, JR. (P30267)
LIPPERT, HUMPHREYS, CAMPBELL,    Attorney for Defendant
DUST & HUMPHREYS, P.C.        Delphi World Headquarters
Attorneys Defendant        M/C: 480-410-254
4800 Fashion Square Boulevard        5825 Delphi Drive
Plaza North, Suite 410        Troy, MI 48098-2815
Saginaw, MI 48604-2604        (248) 813-3445
(989) 792-2552

---

## PROOF OF SERVICE

STATE OF MICHIGAN    )
        ) ss.
COUNTY OF SAGINAW    )

    The undersigned, being first duly sworn, deposes and says that on the 11th day of July 2005, she served copies of Defendant's Answer to Amended Complaint and Affirmative Defenses, and Proof of Service upon:

1

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

| | |
|---|---|
| Victor J. Mastromarco, Jr. | Donald R. Parshall, Jr. |
| Attorney for Plaintiff | Attorney for Defendant |
| Mastromarco & Jahn, P.C. | Delphi World Headquarters |
| 1024 North Michigan Avenue | M/C: 480-410-254 |
| P.O. Box 3197 | 5825 Delphi Drive |
| Saginaw, MI 48605-3197 | Troy, MI 48098-2815 |

by placing the same in an envelope, plainly addressed at said addresses, with postage thereon fully prepaid, and depositing same in a government mail receptacle in the Township of Saginaw, Michigan.

*Lucy A. Wasek*
Lucy A. Wasek

Subscribed and sworn to before me, a notary public in and for said County, on the 11th day of July, 2005.

*Shelly R. Newman*
Shelly R. Newman, Notary Public
State of Michigan, County of Saginaw
My comm. Expires: 12/07/2007
Acting in the County of Saginaw

2