UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
    In re                             :        Chapter 11
:
DELPHI CORPORATION, et al.,     :        Case No. 05-44481 (RDD)
:
                Debtors.   :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CERTAIN DUPLICATE AND AMENDED
<u>CLAIMS IDENTIFIED IN SECOND OMNIBUS CLAIMS OBJECTION</u>

("JANUARY ADJOURNED RESPONSES SECOND OMNIBUS
CLAIMS OBJECTION ORDER")

Upon the Debtors' Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (iii) Duplicate And Amended Claims, dated October 31, 2006 (the "Second Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on November 30, 2006 on the Second Omnibus Claims Objection; and upon the record of the hearing held on January 12, 2006 regarding the Response Of Electronic Data Systems, EDS Information Services L.L.C. And EDS De Mexico S.A. De C.V. To The Debtors' Second Omnibus Objection (Procedural) To Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims And (iii) Duplicate And Amended Claims (Docket No. 5451); And Third Omnibus Objection (Substantive) To Certain (A) Claims With Insufficient Documentation, (B) Claims

Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification (Docket No. 5452), filed on November 22, 2006 (Docket No. 5722) (the "EDS Response") and Response Of Cadence Innovation LLC To Debtors' Second Omnibus Objection To Claims, filed on November 22, 2006 (Docket No. 5767) (collectively with the EDS Response, the "January Adjourned Responses"); and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.  Each of the claimants that filed a January Adjourned Response was properly and timely served with a copy of the Second Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order, and a notice of the deadline for responding to the Second Omnibus Claims Objection. No other or further notice of the Second Omnibus Claims Objection is necessary.

B.  The Court has jurisdiction over the Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Second Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Second Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  The Claims listed on Exhibit A hereto under the column heading "Claim To Be Expunged" are either duplicates of Claims filed with the Court or have been amended or superseded by later-filed Claims.

D.  The relief requested in the Second Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Second Omnibus Claims Objection.

2

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each "Claim To Be Expunged" listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.  Those Claims identified on <u>Exhibit A</u> as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties in interest.

2. Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Second Omnibus Claims Objection, on any grounds whatsoever; <u>provided</u>, <u>however</u>, that solely to the extent that (a) Cadence Innovation LLC ("Cadence") filed multiple claims against different Debtors (the "Multiple Debtor Claims") and (b) certain of such claimant's Multiple Debtor Claims are being disallowed and expunged hereby, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Claims (the "Surviving Claims") disallowed and expunged solely on the basis that such Surviving Claims are asserted against the incorrect Debtor, <u>provided</u> that one of the Multiple Debtor Claims was originally filed against the correct Debtor. For the avoidance of doubt, except as expressly provided in the preceding sentence, the Surviving Claims shall remain subject to further objection on any grounds whatsoever, including, without limitation, that any such Surviving Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Claim against the correct Debtor.  Nothing contained herein shall restrict the Debtors from objecting to any Surviving Claim or any holder of a Surviving Claim from seeking relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors against which such Surviving Claim is asserted.

3.  To the extent that it is ultimately determined that more than one Debtor has liability with respect to any asserted obligation contained in the Surviving Claims of Cadence, entry of this order is without prejudice to Cadence's right to reassert the relevant Multiple Debtor Claim or Claims against such other Debtor or Debtors.

4.  Notwithstanding any provision of this order, nothing contained herein shall impair, affect or otherwise limit the ability of Cadence to assert at any time against any of the Debtors any claim asserted in the Surviving Claims of Cadence, including, but not limited to, in connection with voting on any plan of reorganization proposed by any party in interest and in connection with any distributions under any such plan.

5.  The Second Omnibus Claims Objection is withdrawn without prejudice solely as it relates to the following claims: (a) proof of claim number 12679 filed by Electronic Data Systems Corporation, (b) proof of claim number 12680 filed by EDS de Mexico S.A. de C.V., and (c) proof of claim number 12683 filed by EDS Information Services L.L.C. (collectively, the "EDS Claims"). Each of the EDS Claims shall be deemed to have been objected to by the Debtors pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c), dated October 31, 2006 (the "Third Omnibus Claims Objection") on the same basis as the proof of claims filed by each such party that were objected to by the Debtors in the Third Omnibus Claims Objection. The responses of Electronic Data Systems Corporation, EDS de Mexico S.A. de C.V., and EDS Information Services L.L.C. to the Third Omnibus Claims Objection contained in the EDS Response shall also be deemed to apply

to the EDS Claims. The agreements, rights and obligations of the Debtors and Electronic Data Systems Corporation, EDS Information Services L.L.C., and EDS de Mexico S.A. de C.V. under the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) are as set forth on the record of the hearing held on November 30, 2006 and shall apply to the EDS Claims and nothing contained herein shall modify those agreements, rights and obligations.

6. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

7. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Second Omnibus Claims Objection and addressed by the January Adjourned Responses to hear and determine all matters arising from the implementation of this order.

8. Each Claim and the objections by the Debtors to each Claim addressed in the Second Omnibus Claims Objection and January Adjourned Responses and set forth on Exhibit A hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

9. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and

5

filing of a separate memorandum of law is deemed satisfied by the Second Omnibus Claims Objection.

Dated: New York, New York
       January 17, 2007

                                                /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE