HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7000
Lawrence J. Murphy (P47129)
Gregory R. Schermerhorn (P44016)
E. Todd Sable (P54956)

Attorneys for Lightsource Parent Corporation and Guide Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- x
In re:                                               :    Chapter 11
                                                     :
DELPHI CORPORATION, et al.,                          :    Case No. 05-44481 (RDD)
                                                     :
                                Debtors.             :    (Jointly Administered)
--------------------------------------------------- x

**SUPPLEMENTAL RESPONSE OF LIGHTSOURCE PARENT CORPORATION AND GUIDE CORPORATION TO DEBTORS'(I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)**

Lightsource Parent Corporation and Guide Corporation (individually, "Lightsource" and "Guide", and collectively "Guide") submit this Supplemental Response to Debtors' (I) Third Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Objection").[1]

---

[1] Debtors' Objection is to the claim of Lightsource only [claim no. 14245]; however, Guide, the operating affiliate of Lightsource, also filed a parallel proof of claim in Debtors' bankruptcy cases [claim no. 14070]. By an email message dated January 3, 2007 from Debtors' counsel to Lightsource and Guide's counsel, Debtors confirmed that the Objection should be treated as an objection to both Lightsource's and Guide's claims and that Debtors have

## INTRODUCTION

The Objection fails to defeat the presumptive validity of Lightsource's and Guide's claims.  Notwithstanding Debtors' attempt to convolute the simple transactions that gave rise to these claims, no legal or factual basis exists to support disallowance of the claims – even though Debtors may have failed to record the subject liabilities on their books and records.

Specifically, the Objection must fail because:

1.    Delphi Corporation is the assignee of General Motors Corporation's contractual liability to reimburse Guide for a portion of Guide's retiree health and life insurance benefits.  The claim arises as a result of Delphi Corporation's assumption of that liability.

2.    Because Delphi assumed General Motors Corporation's liability to reimburse Guide for a portion of its retiree health and life insurance benefits, Debtors' privity and "no third party beneficiary" arguments fail.

3.    Debtors' contention that the claim is contingent and unsubstantiated does not defeat the presumptive validity of the claim.  The Court retains authority to estimate the claim and Guide has presented substantial evidence documenting the claim's value.

Applying nothing more than fundamental tenets of contract law, Debtors are directly liable to Guide for the payment of those retiree health and life insurance benefits, as accrued to date and as may accrue in the future.

## BACKGROUND

In 1998, General Motors Corporation ("GM") divested its automotive lighting business to Lightsource (as a holding company, with Guide as the operating company).  Several months later, GM divested its larger, automotive parts business to a newly-formed corporation, Delphi Automotive Systems Corporation ("Delphi").

---

no objections to the claim of Guide other than as stated in the Objection and in their subsequently filed Statement of Disputed Issues to Lightsource's claim.   The claims are, therefore, collectively referred to here as the "Claim."

**A.      As part of the Guide divestiture, GM agreed to reimburse Guide for a portion of Guide's retiree "OPEB" obligations.**

To effect the divestiture of its automotive lighting business, GM entered into the Lightsource Formation Agreement ("LFA") with Lightsource and PEP Guide, LLC, effective September 29, 1998.[2]  Pursuant to section 6.7.1D of the LFA, Guide agreed to provide its retired employees with health and life insurance (commonly known as "other post-employment benefits" and referred to here as "OPEB").  Because many of Guide's retirees accrued several years of service as GM employees, at section 6.7.1E of the LFA, GM agreed to reimburse Guide annually for a portion of the OPEB expense (the "OPEB Reimbursement Liability").[3]

**B.      GM assigned its OPEB Reimbursement Liability to Delphi and Delphi assumed that liability.**

GM effected the spin-off of its automotive parts business by entering into a Master Separation Agreement ("MSA") with Delphi.[4]  As detailed below, under the MSA, GM assigned its OPEB Reimbursement Liability to Delphi and Delphi assumed that liability.

**C.      Guide timely filed its Claim and Delphi objected to the Claim.  Guide responded to the Objection and Delphi filed a Statement of Disputed Issues.**

Lightsource and Guide each timely filed a proof of claim (collectively, the "Claim") for payment of the past OPEB Reimbursement Liability incurred by Delphi and for the contingent, future OPEB Reimbursement Liability to be incurred by Delphi.[5]  On October 31, 2006, Debtors filed the Objection, arguing that the OPEB Reimbursement Liability is not recorded as an

---

[2] A copy of the LFA was attached as Exhibit B to the Lightsource's Response to the Objection (the "Response").

[3] Following execution of the LFA, Lightsource, a non-operating holding company, unilaterally assigned its rights to OPEB Reimbursement Liability to its newly-created operating subsidiary, Guide, as permitted under section 14.3 of the LFA.

[4] A copy of the MSA is too voluminous to attach to this Supplemental Response.  Debtors are in possession of the MSA and its ancillary documents.

outstanding obligation on Delphi's books and records.  On November 22, 2006, Guide filed the

Response, explaining the legal and factual bases for the OPEB Reimbursement Liability.

On December 18, 2006, Debtors filed their Statement of Disputed Issues with Respect to

Proof of Claim Number 14245 (Lightsource Parent Corporation) ("Statement of Disputed

Issues") and advanced the following arguments in support of their contention that Delphi is not

responsible for the OPEB Reimbursement Liability:

1.   There is no privity of contract between Delphi and Guide because Delphi is not a
     party to the LFA and because Guide is not a party to the MSA. Statement of
     Disputed Issues at ¶ 6.

2.   GM did not assign, nor did Delphi assume, the LFA.   Statement of Disputed
     Issues at ¶ 8.

3.   The MSA's "no third party beneficiary" provision bars Guide's right of action
     against Delphi predicated on the MSA. Statement of Disputed Issues at ¶ 9.

4.   Guide has not fully documented the amount of the claimed incurred and
     contingent OPEB Reimbursement Liability, and the contingent liabilities may
     never occur.  Statement of Disputed Issues at ¶ 11.

## DISCUSSION

**A.    Debtors ignore that Delphi Corporation assumed the OPEB Reimbursement
        Liability.**

Pursuant to the MSA, GM assigned its OPEB Reimbursement Liability under the LFA to

Delphi and Delphi assumed that liability.  Indeed, the LFA allows GM to unilaterally assign its

OPEB Reimbursement Liability to Delphi.  Specifically, section 14.3 of the LFA provides:

> In addition, after Closing, GM may assign, without the prior written
> consent of Newco [Guide], this Agreement and any or all of its rights,
> interests and obligations hereunder to a corporation or other business
> entity to which all or substantially all of the assets of Delphi Automotive

---

5 A copy of Lightsource's Proof of Claim was attached to the Response.  A copy of Guide's Proof of Claim
is attached as Exhibit A to this Supplemental Response.

> is sold or otherwise transferred; provided such transferee agrees in writing
> to be bound by Section 11.8 herein.[6]

The sole condition to GM's right to assign any of its obligations to "a corporation or other business entity to which all or substantially all of the assets of Delphi Automotive is sold or otherwise transferred" is that such purchaser or transferee agree to be bound by the non-competition provisions of Section 11.8 of the LFA. LFA at § 14.3. GM's assignment to Delphi meets the non-competition requirement of the LFA's unilateral assignment provision because, at section 2.02(a) of the MSA, Delphi agrees to assume the "Delphi Liabilities" of the "Delphi Automotive Systems Business." The "Delphi Liabilities" include covenants not to compete in matters relating to the "Delphi Automotive Systems Business" entered into by GM prior to January 1, 1999. MSA at § 1.01. In turn, the "Delphi Automotive Systems Business" includes the "business conducted by the Delphi Automotive Systems Section of GM at any time on or before the Contribution Date. . . ." This includes the business divested by GM under the LFA. Since the LFA pre-dates the Contribution Date under the MSA, Delphi expressly agreed, in Section 2.02(a) of the MSA, to be bound by Section 11.8 of the LFA. Since there are no further requirements for GM's assignment of the OPEB Reimbursement Liability to Delphi, the OPEB Reimbursement Liability was effectively assigned by GM to Delphi.

The MSA plainly sets forth this assignment and assumption. Section 2.02(b) of the MSA provides:

> *Divested Business.* Delphi shall, with respect to the business and operations divested by the Delphi Automotive Systems Business, *assume* all of the Liabilities of GM related thereto; *provided, however*, that Delphi shall not assume those Liabilities relating to the operations divested by the Delphi Automotive Systems Business to the extent such Liabilities are

_____

[6] "Delphi Automotive" was a unit of GM at the time the LFA was executed. Section 11.8 of the LFA is a non-competition provision between GM and its Delphi Automotive business unit, and Lightsource Parent Corporation (Guide).

> expressly retained by GM pursuant to the terms of this Agreement or the
> Ancillary Agreements (including without limitation, the Employee Matters
> Agreement, the Environmental Matters Agreements and the Real Estate
> Matters Agreement) and the Liabilities assumed by Delphi shall include,
> without limitation, the obligations to satisfy all of the obligations of GM
> under the various agreements pursuant to which the Delphi Automotive
> Systems Business effected such divestitures (the Divestiture Agreements);
> *provided, further, however*, that notwithstanding the foregoing or any
> other provision of this Agreement or the Ancillary Agreement,
> responsibility for certain obligations relating to certain divestitures shall
> be allocated between the parties as set forth on Schedule I hereto.
> [Emphasis added.]

Debtors do not dispute that the automotive lighting systems business spun-off by GM to Guide

was part of the "business and operations divested by the Delphi Automotive Systems Business"

as referenced in the MSA. The "Delphi Automotive Systems Business" includes the "business

conducted by the Delphi Automotive Systems Sector of GM at any time on or before the

Contribution Date. . . ." MSA at § 1.01. This includes the business divested by GM under the

LFA. *Id.* It cannot be disputed that the LFA is an "agreement pursuant to which the Delphi

Automotive Systems Business (formerly GM) effected" the Guide divestiture.   MSA at §

2.02(b).

Section 1.01 of the MSA defines the term "Liabilities" as:

> [A]ny and all debts, liabilities, guarantees, assurances, commitments and
> obligations whether fixed, contingent or absolute, asserted or unasserted,
> matured or unmatured, liquidated or unliquidated, accrued or not accrued,
> known or unknown, due or to become due, whenever or however arising
> (including, without limitation, whether arising out of any Contract or tort
> based on negligence or strict liability) and whether or not the same would
> be required by generally accepted accounting principles to be reflected in
> financial statements or disclosed in the notes thereto.

And Schedule I to the MSA provides:

> Delphi shall assume any restructuring and support payments, subsidies and
> supplements relating to the business divested to Lightsource Parent
> Corporation and PEP Guide, LLC.

6

Neither Schedule I to the MSA, nor any other provision of the MSA, nor any ancillary agreement to the MSA provide that GM will retain the OPEB Reimbursement Liability -- which is a "Liability" as defined in section 1.01 of the MSA because it is clearly a "liability", a "commitment", and an "obligation" (it is also a "support payment", a "subsidy", and a "supplement" relating to the business divested to "Lightsource Parent Corporation and PEP Guide, LLC, i.e., to Guide).

Debtors argue that there was no assignment of the OPEB Reimbursement Liability because the entire LFA was not assigned to Delphi.  Statement of Disputed Issues at ¶ 8. Debtors' argument glosses over the MSA's express assignment to Delphi of the OPEB Reimbursement Liability and ignores section 14.3 of the LFA which explicitly provides that GM may assign any (and not necessarily all) of its obligations under the agreement to "a corporation or other business entity to which all or substantially all of the assets of Delphi Automotive is sold or otherwise transferred."  LFA at § 14.3.  Consistent with the LFA, the OPEB Reimbursement Liability was assigned to and assumed by Delphi in the MSA.  It is that assumption which makes Delphi directly liable to Guide.

When an obligation or liability under a contract is assigned and the assignee agrees to assume that obligation or liability, a direct obligation on the part of the assignee to the obligee under the original contract arises.[7]  *See Chrysler Corp. v. Airtemp Corp.*, 426 A.2d 845, 852 (Del. Super. 1980) (citing 4 *Corbin on Contracts* § 906); *Hursey Porter & Assocs. v. Edward Bounds, Jr., Maureen Bounds & Bank of Delaware*, No. 93C-01-091, 1994 Lexis 583, *52 (Del. Super. 1994) (citing 6 Am. Jur. 2d *Assignments* § 109) (an assignee of a contract who assumes the obligations which the contract imposes on the assignor becomes directly liable on the

---

[7] The MSA is interpreted according to Delaware law.  MSA at § 9.02.

contract to the other contracting party); *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F. 3d 529, 532 (3rd. Cir. 2005) (an assignee of rights under a bilateral contract is not bound to perform the assignor's duties under the contract unless he expressly assumes that obligation) (a decision under New York law).

Moreover, where an obligation or liability under a contract has been assumed, the beneficiary under the original contract has a right of action against the assignee to enforce the contract. *John Julian Constr. Co. v. Monarch Builders, Inc.*, 306 A.2d 29, 33 (citing *Wilmington Housing Authority v. Fidelity & Deposit Co.*, 47 A.2d 524 (Del. Supr. 1946) and *Royal Indemnity Co. v. Alexander Indus., Inc.*, 211 A.2d 919 (1965)). Accordingly, since Delphi assumed the OPEB Reimbursement Liability, Guide is authorized to enforce payment of that liability directly against Debtors.

Indeed, Delphi's assumption of the OPEB Reimbursement Liability renders Debtors' "no privity of contract" argument irrelevant. The Claim is not predicated on the theory that Guide is a party to the MSA, and neither is it predicated on the theory that Delphi is a party to the LFA. Rather, the Claim arises from GM's assignment to Delphi and Delphi's assumption of the OPEB Reimbursement Liability.

**B.     The no third party beneficiary provision in the MSA does not bar Guide's right to enforce the OPEB Reimbursement Liability against Delphi.**

Debtors contend that section 9.05 of the MSA bars any third party from asserting a right or claiming a remedy, under the MSA, against Delphi. That section provides:

> This Agreement shall be binding upon and inure solely to the benefit of each party hereto and their legal representatives and successors, and each Subsidiary and each Affiliate of the parties hereto, and nothing in this Agreement, express or implied, is intended to confer upon any other Person any rights or remedies of any nature whatsoever under or by reason of this Agreement, except for Article 5 (which is intended to be for the benefit of the Persons provided for therein and may be enforced by such Persons).

8

Debtors argue that this provision somehow negates Delphi's express assumption, also in the MSA, of the OPEB Reimbursement Liability. Debtors' argument is a non-sequitur and ignores a well-established canon of contract construction that provides that contracts should be construed, whenever possible, to harmonize and give effect to all of their provisions. *Minnesota Invco of RSA # 7, Inc. v. Midwest Wireless Holdings LLC*, 903 A.2d 786, 794 (Del. Ch. 2006). Section 9.05 of the MSA is more appropriately interpreted as limiting third party beneficiary claims based on liabilities or obligations not specifically assigned to and assumed by Delphi in the MSA. *See Ladish Co., Inc. v. Armco, Inc.*, No. 92-2979, 1993 Lexis 1256, *12 (Wis. App. 1993) (a no third party beneficiary clause in an agreement does not defeat the express grant of enforceable indemnification rights and, instead, is designed to cut off potential third party beneficiary claims of those not specially identified by the agreement). This common sense interpretation properly gives effect to the MSA's numerous provisions relating to the myriad liabilities that were bundled – or specifically unbundled – with the business GM spun-off to Delphi, including Delphi's assumption of the OPEB Reimbursement Liability.

This conclusion is well-supported in the law. The Third Circuit addressed a similar issue in *Caldwell Trucking PRP v. Rexon Technology Corp.*, 421 F.3d 234 (3d Cir. 2005). In that case, the defendants, Pullman and Rexon, entered into an agreement whereby Pullman purchased Rexon's stock. The stock purchase agreement contained a provision which stated that Pullman:

> Agrees to assume and become liable for, and to pay, perform and discharge and to indemnify [Rexon] and to hold [Rexon] harmless from and against any and all liabilities and obligations with respect to . . . any and all liabilities and obligations (including without limitation, any liabilities or obligations to third parties for any consequential or punitive damages) arising out of or relating to . . . (B) any actual or alleged violation of or non-compliance by [Rexon] with any Environmental Laws as of or prior to the Closing Date.

9

*Id.* at 242.

The plaintiff, Caldwell, brought a claim against both Pullman and Rexon for damages in connection with the violation of certain environmental laws and was successful in establishing liability. The defendants argued that Caldwell could not recover because the stock purchase agreement precluded third party beneficiaries. The agreement stated:

> The terms and conditions of this agreement shall inure to the benefit of and be binding upon the respective successors and assigns of the parties hereto, provided that no person, firm, or entity . . . other than the parties hereto, their respective successors and assigns shall be deemed a beneficiary of any of the representations, warranties or covenants contained herein.

*Id.* at 245.

The Third Circuit disagreed with the defendants' third party beneficiary argument, holding that Caldwell was a third party beneficiary and such language was merely boilerplate; the more specific clause concerning assumption of liabilities must control because:

> The general, boilerplate language, however, must yield to the specific direction of Paragraph 1.05 that "[a]nything contained herein . . . to the contrary notwithstanding, [Pullman] agrees to assume . . . all liabilities . . . with respect to . . . [those] arising out of or relating to . . . alleged violation[s] of . . . Environmental Laws . . . including Superfund liability. . . .
>
> * * *
>
> Whatever doubt may exist after review of the language in the contract was resolved by the extrinsic evidence that made clear the parties' intention to have Pullman assume all of Rexon's environmental liabilities.

*Id.*

*Ladish* also supports Guide's position. In that case, an agreement obligated the defendant, Armco, to "defend, indemnify and hold harmless" certain entities "from and against all Losses." *Ladish*, No. 92-2979, 1993 Lexis 1256, *2. The term "Losses" was expansively defined to include all liability arising from a certain federal grand jury investigation. *Id.* at *3. Armco argued that those "certain entities" which the agreement stated Armco would indemnify

10

were not third party beneficiaries, in part because the agreement stated that it was "not intended to and does not create any third party beneficiary rights whatsoever." However, on appeal, the court disagreed with that argument, stating that the cited clause "does not defeat the express grant of enforceable indemnification rights." *Id.* at *12. Instead, the court found that the clause "was designed to cut off potential third-party beneficiary claims of those not 'specially identified' by the agreement, such as suppliers and contractors." *Id.*

In the same manner as in these cases, section 9.05 of the MSA is properly interpreted as limiting only claims of third parties that are based on liabilities or obligations not specifically assumed by Delphi in the MSA. Because it is clear that Delphi assumed the OPEB Reimbursement Liability in the MSA, section 9.05 of the MSA does not trump that explicit assumption. Accordingly, Debtors' no third party beneficiary argument fails.

### C.    Guide's Claim for OPEB Reimbursement Liability does not need to be a fixed, liquidated amount at this time.

Debtors' final argument is that the Claim must be disallowed because, at this time, the precise amount of the Claim is not known due to the fact that a portion of the Claim is for future, contingent OPEB Reimbursement Liability. Debtors' argument is incorrect.

That a portion of the Claim is contingent does not prevent the allowance of the Claim. Under section 502(c)(c)(1) of the Bankruptcy Code, this Court shall estimate for purposes of allowance "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." Even though estimation may be difficult, that difficulty "no longer constitutes a legitimate basis for disallowing" the Claim. *In re CD Realty Partners*, 205 B.R. 651, 656 (Bankr. D. Mass. 1997). Instead, this Court has an affirmative duty to estimate a contingent or unliquidated claim. *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1011-12 (4th Cir. 1986) (the duty to estimate a claim in a proper case

11

under section 502(c) is not a permissive one; it is a mandatory obligation of the bankruptcy court).

The contingent portion of the OPEB Reimbursement Liability must be estimated as it will not be liquidated for some time – its amount depends on a series of future events.[8] But it is also not appropriate to deny outright the contingent portion of the Claim at this time. This is precisely the situation that section 502(c) was intended to address, as evidenced by the case law. For example, in *UMWA 1992 Benefit Plan v. Leckie Smokeless Coal Co.*, 201 B.R. 163, 166 (S.D. W. Va. 1996), a contingent claim was posited as to the right of retired employees to certain premiums as they accrued, and these claims were contingent on the number of surviving retirees. The claims had not yet accrued and were not fixed in amount. Nevertheless, the court held that the claims must be estimated for allowance under section 502(c). *Id.* at 172.

Guide has calculated the amount of the estimated contingent OPEB for its retirees. This calculation is attached to this Supplemental Response at <u>Exhibit B</u> and <u>Exhibit C</u>. Exhibit B sets forth the preliminary results of the contingent OPEB for Guide's salaried retirees. This estimate was prepared by Guide's consulting actuary, Mercer Human Resource Consulting. The actuary estimates the OPEB for this group of retirees as follows: the "APBO" at $32,745,477, with Delphi's pro rata share of this amount at $25,508,146, and the "EPBO", at a slightly higher amount for each component, at $36,221,362 overall, with Delphi's pro rata share at $28,215,799.[9] Exhibit C sets forth the contingent OPEB for Guide's hourly retirees. This

---

[8] As Debtors know, OPEB may be difficult to account for because they are generally not presently funded (there is no immediate tax deduction for the funding), are generally uncapped and subject to great variability, are payable to a diverse and changing pool of beneficiaries (i.e., the retiree, spouse, and, sometimes, dependents), are payable only as needed and used, and are subject to geographic and time cost fluctuations. A complex accounting standard, FAS 106, endeavors to capture these factors for purposes of a company's financial statements.

[9] "APBO" stands for "accumulated postretirement benefits obligation." APBO is a measure under FAS 106 of the actuarial present value of the future OPEB attributed to active employees' services rendered to a particular date. "EPBO" stands for "expected postretirement benefits obligation." EPBO is a measure under FAS

estimate was also prepared by Guide's consulting actuary. The actuary estimates the OPEB for this group of retirees as follows: the APBO at $550,545,087, with Delphi's pro rata share of this amount at $438,330,427, and the EPBO for each component at $769,308,487 overall, with Delphi's pro rata share at $612,504,453.[10]

The estimate of the contingent OPEB Reimbursement Liability provided in this Supplemental Response is as accurate as can be calculated at this time. The estimate meets the requirements of section 502(c).

For similar reasons, Guide's current disclosure of the fixed, incurred OPEB Reimbursement Liability is sufficient at this stage in the proceedings to permit the Claim to be allowed – Debtors do not claim that no OPEB Reimbursement Liability has been incurred. Also, there is adequate evidence as to the amount of a substantial portion of Guide's liquidated and contingent Claim for OPEB Reimbursement Liability.

For example, as stated in the Claim, at least $1,018,302 in OPEB Reimbursement Liability was incurred by Delphi.[11] This amount represents Delphi's pro rata share of the OPEB obligations incurred by Guide with respect to the OPEB provided to its salaried retirees over a multi-year period prior to January 1, 2003. Guide's consulting actuary, with the assistance of Guide, continues to work to calculate the precise amount of the incurred OPEB Reimbursement Liability for all employee groups (hourly and salaried) for all periods to date. When that amount

---

106 of the actuarial present value as of a particular date of all benefits expected to be paid to employees and their dependents after retirement. EPBO is not recorded in a company's financial statements, but it is used in measuring periodic expense. For a 100% retiree (no active employees) group, APBO will equal EPBO. APBO will also equal EPBO for active employees who are fully eligible for OPEB. Where, as here, there may be some active employees who are not yet fully eligible for OPEB, the APBO will be less than the EPBO.

[10] The actuary's EPBO estimate for hourly retirees reflects the assumption that Guide's hourly employees will retire/terminate their employment with Guide in the course of normal, ongoing business operations. The same qualification applies to the EPBO estimate for Guide's salaried employees.

[11] This amount is subject to adjustment upon receipt of final collection information. Specifically, per Exhibit B, this amount is currently estimated to equal $1,269,624.

is obtained, it will be provided to Debtors.  Exhibit C indicates that the incurred OPEB for the

hourly retirees (for periods to January 1, 2007) is $3,059,614 overall, with Delphi's portion at

$2,625,907.  Clearly, this information is sufficient at this point to allow the Claim.

## CONCLUSION

GM assigned its OPEB Reimbursement Liability to Delphi as part of the spin-off to

Delphi of GM's automotive parts business.  Delphi expressly assumed that liability.  Delphi's

assumption of the OPEB Reimbursement Liability trumps the "no third party beneficiary"

provisions of the MSA and defeats any argument based on any alleged lack of privity between

Delphi and Guide.  Guide has presented adequate evidence to support its Claim.  Accordingly,

the Claim should be allowed as estimated and the Court should overrule the Objection.

## AFFIDAVIT AND IDENTIFICATION OF WITNESSES

Attached as Exhibit D to this Supplemental Response is the Affidavit of Paul Kerns,

Chief Financial Officer of Guide.  The following witnesses are not within Guide's control and

affidavits of such witnesses have not been attached to this Supplemental Response:

a.  Gregory Grossart, an employee of Mercer Human Resource Consulting.  Mr.
Grossart may be called as a witness to testify regarding the estimation of the
Claim and with respect to Exhibit B and Exhibit C of the Supplemental Response.

b.  Gil A. Kaminski, an employee of GM.  Mr. Kaminski may be called as a witness
to testify regarding the provisions of the MSA relevant to the Claim.

Guide reserves the right to identify additional, rebuttal witnesses.

14

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By:  _____/s/ E. Todd Sable_____
      Lawrence J. Murphy (P47129)
      Gregory R. Schermerhorn (P44016)
      E. Todd Sable (P54956)
2290 First National Building
660 Woodward Ave.
Detroit, MI  48226-3506
(313) 465-7000
lmurphy@honigman.com

Attorneys for Lightsource Parent Corporation and Guide
Corporation

Dated: January 18, 2007

DETROIT.2477184.5

15

**Exhibit A to**

**Supplemental Response of Lightsource Parent Corporation and Guide Corporation to Debtors'(I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books And Records, and (C) Claims Subject to Modification And (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(C)**

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT Southern | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number |
|---|---|
| DELPHI CORPORATION | 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
Guide Corporation

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
c/o Paul Kerns, Chief Financial Officer
Guide Corporation, 600 Corporation Drive
Pendleton IN 46064

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number:    (765) 221-7900

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends    a previously filed claim, dated:_____

Received
AUG 0 9 200[  ]
Ku[  ]man Carso[  ]

THIS SPACE IS FOR COURT USE ONLY

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other   See attached

☒ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ to _____
       (date)        (date)

| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
|---|---|
| December 22, 1998 | |

**4. Total Amount of Claim at Time Case Filed:** $ See attached
                                    (unsecured)    (secured)    (priority)    (Total)    See attached

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____
Value of Collateral:    $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ See attached
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 7/27/06 | Paul Kerns, Chief Financial Officer    P. E. Kern |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



**Attachment to Lightsource Parent Corporation's and Guide Corporation's Proof of Claim**

This attachment details the claims of Lightsource Parent Corporation and/or Guide Corporation against Delphi Corporation, formerly known as Delphi Automotive Systems Corporation ("Delphi"), the debtor in Case No. 05-44481.

### GM's Transfer Of Its Vehicle Lighting Business To Lightsource

Effective as of September 29, 1998, General Motors Corporation, a Delaware corporation ("GM"), and PEP Guide, LLC, a Delaware limited liability company, entered into that certain *Lightsource Formation Agreement* ("LFA") containing the terms and conditions pursuant to which the parties contributed certain assets and agreed to form the entity known as Lightsource Parent Corporation ("Lightsource"). In accordance with the LFA's terms, GM transferred to Lightsource those assets described in Section 2.1.1 of the LFA, which assets comprised GM's vehicle lighting business.

### Lightsource's OPEB Obligations And GM's Pro Rata Reimbursement Liability

Pursuant to Section 6.7.1D of the LFA, Lightsource agreed to provide certain of its employees[1] with GM-comparable post-employment – retiree – health care and life insurance benefits ("other post-employment benefits" and referred to herein as the "OPEB Obligations"). Pursuant to Section 6.7.1E of the LFA, GM agreed to reimburse Lightsource annually for a portion of the cost of the OPEB Obligations (the "Reimbursement Liability"). Generally speaking, Section 6.7.1E of the LFA sets forth the basis for the computation of GM's Reimbursement Liability for each covered Guide Corporation ("Guide") retired employee on a pro rata basis measured by the period of that individual's employment with GM as compared to his or her combined period of employment with GM and Lightsource and/or Guide.

### GM's Assignment Of the Reimbursement Liability To Delphi

Section 14.3 of the LFA permits GM to unilaterally assign the Reimbursement Liability for the OPEB Obligations to "Delphi Automotive"[2] as part of any GM spin-off of Delphi Automotive, provided that Delphi Automotive agrees in writing to the assignment of liability.[3] The LFA does not require Lightsource's written consent to GM's transfer to Delphi Automotive.

---

[1] These employees are individuals who, pursuant to the LFA, were transferred from GM employment to employment with Lightsource, or its affiliates, *i.e.*, Guide Corporation, excluding those employees (i) who were eligible to retire from GM on the closing date of the LFA on a normal or early retirement basis with post-retirement health care and life insurance benefits, or (ii) who took retirement on a normal, early, voluntary, or disability basis under GM's hourly or salaried pension plans prior to October 1, 1999 with eligibility for employer contributions for post-retirement health care and life insurance benefits; or (iii) who were hourly "returned" (to GM) employees eligible for post-retirement health care and life insurance benefits. LFA at Section 6.1A, Section 6.7.1C, and Section 6.7.1D.

[2] "Delphi Automotive" was a unit of GM at the time the LFA was entered into by GM and PEP Guide, LLC.

[3] Specifically, Section 14.3 of the LFA provides in pertinent part: "In addition, after the Closing, GM may assign, without the prior written consent of Newco [Lightsource], this Agreement and any or all of its rights,

On or about December 22, 1998, GM and Delphi, Delphi Automotive Systems LLC, Delphi Technologies, Inc. and Delphi Automotive Systems (Holdings), Inc. entered into that certain *Master Separation Agreement* ("MSA"), pursuant to which GM spun-off Delphi and its related business units from GM. As part of the spin-off, through their mutual execution of the MSA, GM assigned the Reimbursement Liability for the OPEB Obligations to Delphi, and Delphi agreed in writing to this assignment.[4] Since the assignment, Delphi has incurred Reimbursement Liability that is currently due and owing. In addition, in the future, additional Reimbursement Liability on the OPEB Obligations will accrue for which Delphi is contractually obligated to pay under the MSA.

### Lightsource's Assignment Of Its OPEB Obligations To Guide

Section 14.3 of the LFA permits Lightsource to unilaterally assign any of its rights or interests under the LFA to a corporation controlled by Lightsource, such as a wholly-owned subsidiary corporation. The LFA does not require this sort of assignment to be in writing, nor does it require GM or the assignee to consent to such an assignment. Upon information and belief, subsequent to GM's spin-off of its vehicle lighting business to it under the LMA, Lightsource created Guide as a wholly-owned subsidiary corporation. Upon information and belief, along with other assets and liabilities, Lightsource assigned to Guide the OPEB Obligations and the right to collect the Reimbursement Liability.

### The Amount Of Delphi's Liability For The Reimbursement Liability

As of the filing of this Proof of Claim, Delphi owes Lightsource and/or Guide approximately $1,018,302 in Reimbursement Liability for Delphi's share of the OPEB Obligations incurred by Guide with respect to its covered retired salaried employees for the period January 1, 2003 through June 30, 2006. Delphi is also liable to Lightsource and/or Guide for future, as yet unliquidated, Reimbursement Liability for Delphi's share of the OPEB Obligations to be incurred by Guide with respect to its covered active and retired salaried employees for periods after June 30, 2006. The estimated present value of this unliquidated Reimbursement Liability is approximately $28,215,799. Further, Delphi is liable to Lightsource and/or Guide for any unpaid Reimbursement Liability for Delphi's share of the OPEB Obligations incurred by Guide with respect to its covered retired salaried employees for periods prior to January 1, 2003; at this time, no total of this liability is available.

As of the filing of this Proof of Claim, Delphi owes Lightsource and/or Guide for any unpaid Reimbursement Liability for Delphi's share of the OPEB Obligations incurred by Guide with respect to its covered retired hourly employees for periods prior to the date of this Proof of Claim; at this time, no total of this liability is available. Likewise, as of the filing of this Proof of

---

interests and obligations hereunder to a corporation or other business entity to which all or substantially all of the assets of Delphi Automotive is sold or otherwise transferred; provided such transferee agrees in writing to be bound by Section 11.8 herein." Section 1 of the LFA defines "Delphi Automotive" as "the Delphi Automotive Systems Group, currently a business unit of GM, regardless of whether GM continues to own the unit or a separate entity if such unit becomes a separate entity in the future."

[4] Upon information and belief, by executing the MSA, Delphi also agreed to be bound by the non-compete provisions of Section 11.8 of the LFA – a condition required under Section 14.3 of the LFA for GM's exercise of its unilateral right to assign to Delphi its Reimbursement Liability for the OPEB Obligations.

2

Claim, Delphi owes Lightsource and/or Guide for future, as yet unliquidated, Reimbursement Liability for Delphi's share of the OPEB obligations to be incurred by Guide with respect to its covered active and retired hourly employees for periods after the filing of this Proof of claim; at this time, no present value estimate of this liability is available.

## Other Matters

Nothing herein shall submit Lightsource or Guide to the jurisdiction of any other Federal or State court, or administrative or regulatory authority of this Court except in connection with the matters solely related to this Proof of Claim. Each of Lightsource and Guide reserves all of their respective rights at law, in equity, or otherwise. Lightsource and Guide each reserve the right to amend and supplement their respective proof of claim. The documents supporting Lightsource's and Guide's proof of claim are too voluminous to attach, but are available as required subject to the confidentiality provisions of the Bar Date Order.

DETROIT.2262373.4

**Exhibit B to**

**Supplemental Response of Lightsource Parent Corporation and Guide Corporation to Debtors'(I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books And Records, and (C) Claims Subject to Modification And (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(C)**

**GUIDE CORPORATION**

Estimate Salaried Postretirement Benefit Liability Delphi Chess Guide

Revision 2 2nd Sortkey Identical at this collateral from 1/10/2006 12/31/2006, bifurcated to 1/1/2007

Delphi FAS 106 Discount Rate 6.00%

| | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

*Table contents illegible due to image resolution and orientation.*

Notes:
Guide is responsible for 100% of a participant's claims once he or she is approved.
Paid amounts shown are actual amounts paid in 1/1/2006 through 12/31/2006. Additional claims (Medical 2007-2009) and life (Medical 2007-2009) are being estimated by Cardus Mercagine on 1/21/2006. Additional claims (Medical life Fri-1/2006-12/31/2006) provided on 1/31/2007.
Future life benefits are provided on data, assumptions, methods, and plan provisions as of 1/1/2006 as detailed in the 12/31/2006 FAS 106 Disclosure Report.
Interest credit is based on Delphi FAS 106 Discount rate.

Eligible to retire at 1/1/1998 and should be an Delphi liability.
Hired after 1/1/1999 and not eligible for postretirement benefits.

Mercer Human Resource Consulting

1/10/2007

g:/shinningzm/jmm/IMPRASNS/Report NL5/Guide Salaried Retirees (Rev2).b

**Exhibit C to**

**Supplemental Response of Lightsource Parent Corporation and Guide Corporation to Debtors'(I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books And Records, and (C) Claims Subject to Modification And (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(C)**

# GUIDE CORPORATION
## Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide



Mercer Human Resource Consulting

1/12/2007

**GUIDE CORPORATION**

Estimated Hourly Postretirement Benefit Liability Delphi Owes Guide

Delphi FAS 106 Discount Rate (EOY):

Estimated Future Benefit Liability (EFBO) at 11/30/06
Estimated Future Benefit Liability (APBO) at 11/30/06
Past Benefit Liability at 11/30/07

Note: The detailed actuarial table data (names, year-by-year Past and Projected benefit liability amounts, Status, DOB, and Guide/Delphi proration columns) is rendered at a resolution too small to transcribe reliably.

GUIDE CORPORATION
Estimate Hourly Postretirement Benefit Liability Delphi Owns Guide

Mercer Human Resource Consulting

1/12/2007

g:\clients\gm\gm-06f\mcr06f\Delphi.xls\Guide Subset (excludes Selected Members)

**GUIDE CORPORATION**

**Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide**

| Name | Hire | Past 2001 | Past 2002 | Past 2003 | Past 2004 | Past 2005 | Delphi FAS 106 Discount Rate (EOY) 2005 (01+) | Status | DOR | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | Estimated Future Benefit Liability (EPBO) at 1/1/2006 / Estimated Future Benefit Liability Based on Retirement Date / Past Benefit Liability at 1/1/2007 | interest to | Private Factor | Private Factor | Delphi | Private Liability | Delphi |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Mercer Human Resource Consulting

11/2/2007

**GUIDE CORPORATION**
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Delphi FAS 106 Discount Rate (ROY)

Estimated Future Benefit Liability (EPBO) at 11/30/06
Estimated Claims Based on Retirement Date

Estimated Future Benefit Liability (APBO) at 11/30/06
Post Retirement Liability at 11/30/07

g:\clients\gm\proj's\06\Prort\Est\Delphi on\Guide Selected Members\

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Delphi FAS 106 Discount Rate (EOY)

| Estimated Future Benefit Liability (EPBO) at 11/2005, Estimated Future Benefit Liability (APBO) at 11/2005, Past Benefit Liability at 1/1/2007 |

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

| Name | Note | Paid 2001 | Paid 2002 | Paid 2003 | Paid 2004 | Paid 2005 | Paid 2006 (11-1) | Status | DOR | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | Total Interest to 11/2007 | Provna Fraction Guide | Provna Fraction Delphi | Process Liability Guide | Process Liability Delphi |
|------|------|-----------|-----------|-----------|-----------|-----------|-------------------|--------|-----|------|------|------|------|------|------|------|------|------|------|------|

Mercer Human Resource Consulting

**GUIDE CORPORATION**
**Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide**

| Name | Role | Paid 2001 | Paid 2002 | Paid 2003 | Paid 2004 | Paid 2005 | Paid 2006 (thru 10/31) | Status | DOR | Delphi FAS 106 Discount Rate (EOY): 7.00% 2001 | 6.75% 2002 | 6.25% 2003 | 6.25% 2004 | 5.75% 2005 | 6.25% 2006 | Total (present value to 11/23/07) | Guide Process Fraction | Delphi Process Fraction | Guide Process Liability | Delphi Process Liability |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

GUIDE CORPORATION
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Mercer Human Resource Consulting

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Mercer Human Resource Consulting

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Delphi FAS 106 Discount Rate (EOY):

Estimated Future Benefit Liability (EFBIG) at 1/10/2006;
Estimated Future Benefit Liability (AFBIG) at 1/10/2006;
Past Benefit Liability at 1/10/2007;



| Name | Role | Past 2001 | Past 2002 | Past 2003 | Past 2004 | Past 2005 | Past 2006 (15%) | Status | DOR | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | Total Interest to 1/10/2007 | Prorate Guide | Prorate Delphi | Guide Liability | Delphi Liability |
|------|------|-----------|-----------|-----------|-----------|-----------|-----------------|--------|-----|------|------|------|------|------|------|------|------|------|------|------|

Mercer Human Resource Consulting

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide



Mercer Human Resource Consulting    1/12/2007

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Dwsa Guide

## GUIDE CORPORATION
### Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide



Mercer Human Resource Consulting

11/22/2007

**GUIDE CORPORATION**
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Mercer Human Resource Consulting

**GUIDE CORPORATION**

**Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide**

| | | | |
|---|---|---|---|
| Estimated Future Benefit Liability (EPBO) at 1/1/2006: | 769,308,487 | 156,804,034 | 612,504,453 |
| Estimated Future Benefit Liability (APBO) at 1/1/2006: | 550,545,087 | 112,214,660 | 438,330,427 |
| Past Benefit Liability at 1/1/2007: | 3,059,614 | 433,707 | 2,625,907 |

Delphi FAS 106 Discount Rate (EOY): 7.50% (2001) 6.75% (2002) 6.25% (2003) 6.00% (2004) 5.50% (2005) 5.50% (2006)

| Name | Note | Paid 2001 | Paid 2002 | Paid 2003 | Paid 2004 | Paid 2005 | Paid 2006 (1/1 - 10/31) | Status | DOR | Adjusted Claims Based on Retirement Date 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | Total (with interest to 1/1/2007) | Guide Prorate Fraction | Delphi Prorate Fraction | Guide Prorate Liability | Delphi Prorate Liability |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dunlap, Jay M | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0333 | 0.9667 | - | - |
| Brown Jeffrey A | | $ 3,716.07 | $ 1,943.19 | $ 1,629.44 | $ 4,019.41 | $ 30,761.82 | $ 1,937.87 | Active | | - | - | - | - | - | - | - | 0.2944 | 0.7056 | - | - |
| Motsinger, Mark L | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0467 | 0.9533 | - | - |
| Finney Deborah J | | $ - | $ 98.50 | $ 3,187.19 | $ 2,099.42 | $ 9,196.06 | $ 5,566.19 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Allman Debra H | | $ 13,743.84 | $ 4,309.95 | $ 3,389.47 | $ 36.50 | $ - | $ - | Disabled | 04/01/2003 | - | - | 2,542.10 | 36.50 | - | - | 3,039.81 | 0.1444 | 0.8556 | 438.95 | 2,600.86 |
| Allen Joe Anc | | $ 4,163.98 | $ 5,665.20 | $ 1,202.84 | $ 45,427.43 | $ 4,476.57 | $ 3,298.85 | Active | | - | - | - | - | - | - | - | 0.2917 | 0.7083 | - | - |
| Isaacs Lisa A | | $ - | $ - | $ - | $ 5,114.81 | $ 1,624.06 | $ 6,626.41 | Active | | - | - | - | - | - | - | - | 0.2944 | 0.7056 | - | - |
| Robinson Cathy I | | $ 255.37 | $ 4,688.71 | $ 5,014.35 | $ - | $ - | $ - | Retiree | 10/01/2003 | - | - | 1,253.59 | - | - | - | 1,478.99 | 0.1361 | 0.8639 | 201.29 | 1,277.70 |
| King-Swanigan Angel | | $ - | $ - | $ - | $ 3,697.60 | $ 11,573.72 | $ 5,550.35 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Chavers Johanna C | | $ 5,808.10 | $ 15,714.08 | $ 103.40 | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.1200 | 0.8800 | - | - |
| Matthews Elain | | $ - | $ - | $ - | $ 477.60 | $ 5,601.78 | $ 31,520.96 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Mclaughlin Jay C | | $ 1,196.87 | $ 3,459.41 | $ 608.82 | $ - | $ - | $ - | Retiree | 08/01/2003 | - | - | 253.68 | - | - | - | 299.29 | 0.1583 | 0.8417 | 47.38 | 251.91 |
| Boone, Thomas C | | $ 217.92 | $ - | $ 54.81 | $ - | $ - | $ - | Retiree | 01/01/2003 | - | - | 54.81 | - | - | - | 64.67 | 0.1444 | 0.8556 | 9.34 | 55.33 |
| Gehrke Linda L | | $ 2,118.21 | $ 1,588.52 | $ 924.34 | $ 186.30 | $ - | $ - | Retiree | 10/01/2003 | - | - | 231.09 | 186.30 | - | - | 480.00 | 0.1611 | 0.8389 | 77.33 | 402.67 |
| Hanlon Patricia I | | $ - | $ - | $ - | $ 2,665.37 | $ 1,001.48 | $ 2,937.28 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Schaffner Lance R | | $ - | $ 230.69 | $ 1,198.24 | $ 355.35 | $ - | $ 1,963.07 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Vorndran Thomas Lee | | $ 4,553.55 | $ 86.30 | $ 101.40 | $ - | $ - | $ - | Retiree | 10/01/2003 | - | - | 25.35 | - | - | - | 29.91 | 0.1556 | 0.8444 | 4.65 | 25.26 |
| Norris Larry C | | $ 867.55 | $ 6,328.16 | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.1100 | 0.8900 | - | - |
| Long, Rosemary | | $ 1,835.05 | $ - | $ - | $ - | $ - | $ - | Retiree | 09/09/2001 | 611.68 | - | - | - | - | - | 818.52 | 0.1611 | 0.8389 | 131.86 | 686.66 |
| Hesson Philip K | | $ - | $ - | $ - | $ - | $ - | $ - | Retiree | 10/01/2003 | - | - | - | - | - | - | - | 0.1611 | 0.8389 | - | - |
| Robinson Lu A | | $ - | $ - | $ - | $ 5,021.57 | $ 9,362.91 | $ 24,515.68 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| James Dana A | | $ 11,843.04 | $ 8,159.26 | $ 4,713.84 | $ - | $ - | $ - | Retiree | 10/01/2003 | - | - | 1,178.46 | - | - | - | 1,380.35 | 0.1528 | 0.8472 | 212.45 | 1,177.90 |
| Hobbs Joel Ernest | | $ - | $ - | $ - | $ 115.38 | $ 522.66 | $ 242.57 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Bush, Dennis L | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0614 | 0.0386 | - | - |
| Buckner, Ronald L | | $ 3,851.39 | $ 90.30 | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.1000 | 0.9000 | - | - |
| Chastain, Donald G | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0567 | 0.9433 | - | - |
| Edwards Douglas L | | $ 4,973.68 | $ 638.53 | $ 2,234.89 | $ 120.76 | $ - | $ - | Retiree | 10/01/2003 | - | - | 558.72 | 120.76 | - | - | 793.59 | 0.1583 | 0.8417 | 125.63 | 667.96 |
| Humes Susan E | | $ - | $ - | $ - | $ 1,311.54 | $ 8,691.99 | $ 2,320.66 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Eldridge Michael Ray | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.1186 | 0.8814 | - | - |
| Warnum, Timothy J | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0400 | 0.9600 | - | - |
| Beckner Michael W | | $ - | $ - | $ - | $ - | $ - | $ - | Retiree | 02/01/2003 | - | - | - | - | - | - | - | 0.1556 | 0.8444 | - | - |
| Close Scott F | | $ - | $ - | $ - | $ 17,478.86 | $ 13,737.09 | $ 10,475.71 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Fite Michael J | | $ - | $ - | $ - | $ 11,764.65 | $ 3,862.93 | $ 6,600.66 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Middlesworth Jeanet | | $ - | $ - | $ - | $ 14,589.60 | $ 10,132.56 | $ 8,901.18 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Hale, Joe | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0167 | 0.9833 | - | - |
| Schwertzkopf Robert | | $ - | $ - | $ - | $ 2,986.34 | $ 746.05 | $ 1,460.18 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Humphrey Larry L | | $ - | $ - | $ - | $ 3,017.91 | $ 33,067.88 | $ 5,136.73 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Brady Ronald C | | $ - | $ - | $ - | $ 5,108.91 | $ 12,929.14 | $ 5,545.82 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Thompson, Jerry B | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0233 | 0.9767 | - | - |
| White David R | | $ - | $ - | $ - | $ 130.19 | $ 3,774.00 | $ 8,387.40 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Dick Michael D | | $ - | $ - | $ - | $ 3,434.90 | $ 9,703.76 | $ 9,575.14 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Free Harry J | | $ - | $ - | $ - | $ 2,604.25 | $ 30,198.54 | $ 9,336.18 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Dunwiddie Carla M | | $ - | $ - | $ - | $ 1,673.86 | $ 3,484.33 | $ 764.21 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Holland Linda L | | $ - | $ - | $ 2,522.94 | $ 1,533.78 | $ 9,484.63 | $ 14,874.75 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Reese Vantrena L | | $ - | $ - | $ - | $ 2,003.68 | $ 7,334.51 | $ 5,267.78 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Smith Courtney C | | $ - | $ - | $ - | $ 475.69 | $ 4,528.56 | $ 52.92 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Smith Keslie L | | $ - | $ - | $ - | $ 3,381.20 | $ 6,467.83 | $ 15,665.84 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Smith Brent D | | $ - | $ - | $ - | $ - | $ 1,967.27 | $ 606.63 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Clemons-Hammock Jade | | $ - | $ 9,537.96 | $ 6,493.39 | $ 15,156.71 | $ 32,783.96 | $ 5,817.79 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Haggard Kirby C | | $ - | $ - | $ - | $ 6,633.00 | $ 35,451.12 | $ 4,658.23 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Sanders Tracy D | | $ - | $ - | $ - | $ 3,125.74 | $ 4,107.58 | $ 25,640.95 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Hart Christi A | | $ - | $ - | $ - | $ 1,151.60 | $ 26,720.25 | $ 13,808.83 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Boyd Dewana K | | $ - | $ - | $ - | $ 4,376.54 | $ 13,580.93 | $ 12,018.68 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Morgan Ellyn S | | $ - | $ - | $ - | $ 21,226.60 | $ 8,216.72 | $ 5,653.02 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Karkosky Scott E | | $ - | $ - | $ - | $ 2,723.54 | $ 5,420.22 | $ 4,874.83 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Moore Brian E | | $ - | $ - | $ - | $ 4,765.88 | $ 782.62 | $ 9,156.59 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Wright Betty J | | $ - | $ - | $ - | $ 3,029.04 | $ 2,629.47 | $ 1,392.47 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Wilkins John H | | $ - | $ - | $ - | $ 2,573.57 | $ 10,798.94 | $ 4,579.39 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Sweet Teresa L | | $ - | $ - | $ - | $ 434.62 | $ 11,875.32 | $ 3,134.98 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Davis-Johnson Lynne | | $ - | $ - | $ - | $ 311.05 | $ 6,802.72 | $ 2,135.01 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Price Randall K | | $ - | $ - | $ - | $ 708.89 | $ 5,679.82 | $ 5,047.40 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Cullen Robin M | | $ - | $ - | $ - | $ 15,018.16 | $ 10,084.19 | $ 5,318.86 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Mills Mark W | | $ - | $ - | $ - | $ 39,915.01 | $ 16,802.96 | $ 4,193.26 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Johnson Timothy V | | $ - | $ - | $ - | $ 6,680.69 | $ 23,410.13 | $ 10,797.10 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Bannister Carroll D | | $ - | $ - | $ - | $ - | $ - | $ 13.96 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Woodward Chad A | | $ - | $ - | $ - | $ 7,639.94 | $ 38,121.43 | $ 32,084.44 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Woodward Christopher | | $ - | $ - | $ - | $ 3,639.65 | $ 7,616.83 | $ 13,371.12 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Hall Eric A | | $ - | $ - | $ 13,983.73 | $ 5,193.69 | $ 39,064.82 | $ 6,632.09 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Moore Michael W | | $ - | $ - | $ - | $ 200.50 | $ 1,165.04 | $ 5,072.07 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Moore Mandy R | | $ - | $ - | $ - | $ - | $ - | $ 67.70 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Strahan, Tonya S | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0667 | 0.9333 | - | - |
| Patton Tiffany N | | $ - | $ - | $ - | $ 741.42 | $ 1,119.74 | $ 2,394.01 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Stansberry Matthew | | $ - | $ - | $ - | $ 748.62 | $ 1,206.78 | $ 1,659.38 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Byers Robert L | | $ - | $ - | $ 42,208.70 | $ 64,550.45 | $ 37,030.27 | $ 8,063.10 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Huffman Shannon C | | $ - | $ - | $ - | $ 123.07 | $ 215.11 | $ 304.36 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Allison Michael E | | $ - | $ - | $ 1,831.70 | $ 14,956.43 | $ 1,463.53 | $ 1,256.77 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Armstrong Dustin M | | $ - | $ - | $ - | $ - | $ 175.41 | $ 2,581.15 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Day Brenda L | | $ - | $ - | $ - | $ 4,237.02 | $ 1,213.75 | $ 7,223.58 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Willis Joshlyn M | | $ - | $ 3,956.96 | $ 10,071.89 | $ 18,869.40 | $ 50,059.66 | $ 23,778.98 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Schuck Benjamin G | | $ - | $ - | $ - | $ - | $ 164.04 | $ 12,695.56 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Thornberry Dallas E | | $ - | $ - | $ 914.43 | $ 1,954.97 | $ 147.97 | $ 168.94 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Spears Brandi N | | $ - | $ - | $ - | $ 972.04 | $ 1,981.42 | $ 803.47 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Jones Anthony M | | $ - | $ - | $ - | $ 273.72 | $ 1,908.96 | $ 4,072.39 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Witcher Brandi | | $ - | $ - | $ - | $ 7,370.13 | $ 5,400.38 | $ 8,138.50 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Elder Angela D | | $ - | $ - | $ - | $ 372.58 | $ 681.20 | $ 1,789.30 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Pancol Alison M | | $ - | $ - | $ - | $ 489.22 | $ 323.42 | $ 2,588.91 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Mott Gordon W | | $ - | $ - | $ - | $ 684.67 | $ 2,491.77 | $ 13,045.49 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| See Miranda J | | $ - | $ - | $ - | $ 6,632.47 | $ 944.57 | $ 3,924.66 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Carver Jeremy J | | $ - | $ - | $ - | $ 1,662.82 | $ 3,259.75 | $ 2,583.70 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Minnefield-Jenkins | | $ - | $ 7,161.46 | $ 11,674.48 | $ 2,153.79 | $ 7,946.51 | $ 1,111.78 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Duncan Amanda L | | $ - | $ 162.65 | $ 18,689.00 | $ 3,638.21 | $ 9,669.63 | $ 3,611.16 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Ewell Steven C | | $ - | $ - | $ - | $ 119.31 | $ 1,062.16 | $ 4,429.59 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |

GUIDE CORPORATION
Estimate Hourly Postretirement Benefit Liability Delphi Owens Guide

**GUIDE CORPORATION**
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

GUIDE CORPORATION
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

# GUIDE CORPORATION

## Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Mercer Human Resource Consulting

**GUIDE CORPORATION**

**Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide**

# GUIDE CORPORATION
## Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

**GUIDE CORPORATION**
**Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide**

| | | | |
|---|---|---|---|
| Estimated Future Benefit Liability (EPBO) at 1/1/2006: | 769,308,487 | 156,804,034 | 612,504,453 |
| Estimated Future Benefit Liability (APBO) at 1/1/2006: | 550,545,087 | 112,214,660 | 438,330,427 |
| Past Benefit Liability at 1/1/2007: | 3,059,614 | 433,707 | 2,625,907 |

Delphi FAS 106 Discount Rate (EOY): 7.50% (2001), 6.75% (2002), 6.25% (2003), 6.00% (2004), 5.50% (2005), 5.50% (2006)

| Name | Note | Paid 2001 | Paid 2002 | Paid 2003 | Paid 2004 | Paid 2005 | Paid 2006 (1/1 - 10/31) | Status | DOR | Adjusted Claims Based on Retirement Date 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | Total (with interest to 1/1/2007) | Guide Prorate Fraction | Delphi Prorate Fraction | Guide Prorate Liability | Delphi Prorate Liability |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dillon Ryan E | | $ - | $ - | $ - | $ 525.15 | $ 138.76 | $ 173.54 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Melton Mandy J | | $ - | $ - | $ - | $ 677.66 | $ 10,714.01 | $ 7,780.59 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Simmons Rhonda L | | $ - | $ - | $ - | $ 1,715.06 | $ 39,947.59 | $ 158,987.00 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| O'Banion Jason E | | $ - | $ - | $ - | $ - | $ 309.28 | $ 1,410.74 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Hobbs Herbert C | | $ - | $ - | $ - | $ 8,714.57 | $ 24,205.08 | $ 13,590.36 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Newberry David S | | $ - | $ - | $ - | $ 2,697.56 | $ 20,178.35 | $ 51,600.30 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Hodson Candy A | | $ - | $ 1,899.58 | $ 8,734.61 | $ 7,971.11 | $ 12,261.75 | $ 7,140.33 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Nickelson Adrian R | | $ - | $ - | $ - | $ 558.07 | $ 90.57 | $ 119.00 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Lackey David A | | $ - | $ - | $ - | $ 110.93 | $ 37.04 | $ 52.92 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Clay Jason M | | $ - | $ - | $ 8,857.90 | $ 29,730.07 | $ 23,261.88 | $ 15,614.32 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Franks Rita L | | $ - | $ - | $ - | $ 2,511.72 | $ 15,043.40 | $ 33,678.34 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Lamar, Richard W | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0100 | 0.9900 | - | - |
| Mcpherson, Melvin J | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0287 | 0.9713 | - | - |
| Goodwin Anthony Lee | | $ 5,902.02 | $ 8,032.36 | $ 2,004.77 | $ 9,660.61 | $ 1,368.23 | $ 955.08 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Peoples, Helen V | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0291 | 0.9709 | - | - |
| Harrington, John D | | $ - | $ - | $ - | $ - | $ - | $ - | Retiree | 11/01/1999 | - | - | - | - | - | - | - | 0.0222 | 0.9778 | - | - |
| Dobbles, Philip L | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0252 | 0.9748 | - | - |
| Murphy, Kenneth W | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0467 | 0.9533 | - | - |
| Norman Lisa L | | $ - | $ - | $ 12,446.14 | $ 24,015.92 | $ 20,592.76 | $ 16,145.32 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Boynton Joel R | | $ - | $ - | $ - | $ - | $ - | $ 861.71 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Jahnke Loretta Este | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0375 | 0.9625 | - | - |
| Richardson Stacie M | | $ - | $ - | $ - | $ 2,303.46 | $ 7,951.30 | $ 20,825.32 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Vincent, William J | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0133 | 0.9867 | - | - |
| Vincent David L | | $ 21,654.65 | $ 40,664.90 | $ 12,776.32 | $ 73,978.76 | $ 704,373.28 | $ 24,386.05 | Active | | - | - | - | - | - | - | - | 0.3139 | 0.6861 | - | - |
| Lankster, Harris L | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0107 | 0.9893 | - | - |
| Clarkston Dodie A | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Welch, Randy W | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0100 | 0.9900 | - | - |
| Wattleworth Bradley | | $ 101.40 | $ 2,015.70 | $ 1,524.20 | $ 4,090.08 | $ 2,305.31 | $ 888.84 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Ridgway, Earl C | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0233 | 0.9767 | - | - |
| Young, David N | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0233 | 0.9767 | - | - |
| Boler Perry | | $ - | $ - | $ - | $ 1,332.85 | $ 19.41 | $ 159.84 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Houston, William A | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0147 | 0.9853 | - | - |
| Abbott Shelli S | | $ - | $ - | $ - | $ 5,750.45 | $ 13,353.75 | $ 2,990.43 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Graves, Donald R | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0300 | 0.9700 | - | - |
| Clarkston Jr Ronald | | $ 1,884.18 | $ 8,129.15 | $ 8,811.94 | $ 12,673.43 | $ 22,811.06 | $ 1,499.10 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Griffith Gerald B | | $ - | $ - | $ - | $ - | $ 38.71 | $ 112.93 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Smith, Ronald | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0233 | 0.9767 | - | - |
| Goodwin Billy L | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Retiree | 07/01/2000 | - | - | - | - | - | - | - | 0.2029 | 0.7971 | - | - |
| Mccoy Glenn R | | $ 12,995.47 | $ 3,977.99 | $ 16,822.27 | $ 21,638.17 | $ 8,502.76 | $ 12,527.84 | Active | | - | - | - | - | - | - | - | 0.2667 | 0.7333 | - | - |
| Montgomery Gregory L | | $ 89.39 | $ 1,188.85 | $ 1,496.66 | $ 26.00 | $ - | $ 278.88 | Disabled | 08/01/2003 | - | - | 623.61 | 26.00 | - | 278.88 | 1,043.56 | 0.2318 | 0.7682 | 241.90 | 801.66 |
| Mcknight Barbara A | | $ 17,528.20 | $ 1,308.31 | $ 12,337.15 | $ 24,886.15 | $ 9,070.08 | $ 11,855.89 | Active | | - | - | - | - | - | - | - | 0.2457 | 0.7543 | - | - |
| Taylor Belinda I | | $ - | $ - | $ - | $ 2,716.64 | $ 18,829.65 | $ 2,352.93 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Bost, Rodney G | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0100 | 0.9900 | - | - |
| Chenoweth, Darrell L | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0146 | 0.9854 | - | - |
| Moore Darlene M | | $ 834.30 | $ 2,031.69 | $ 3,058.22 | $ 4,356.39 | $ 5,969.69 | $ 6,512.26 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Stovall Sr Lennor | | $ 47,563.64 | $ 580.33 | $ - | $ - | $ - | $ - | Retiree | 01/01/2001 | 47,563.64 | 580.33 | - | - | - | - | 64,375.17 | 0.1067 | 0.8933 | 6,868.83 | 57,506.34 |
| Cummings Robin G | | $ - | $ - | $ 683.20 | $ 3,507.88 | $ 1,834.85 | $ 4,369.37 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Truex Cheryl F | | $ 754.67 | $ 1,480.65 | $ 1,301.74 | $ - | $ - | $ - | Retiree | 10/01/2003 | - | - | 325.44 | - | - | - | 383.96 | 0.1611 | 0.8389 | 61.86 | 322.10 |
| Young, Roy K | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0267 | 0.9733 | - | - |
| Lakey, Brenda L | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0100 | 0.9900 | - | - |
| Richardson, Todd A | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0267 | 0.9733 | - | - |
| Cusumano Guiseppe E | | $ 2,428.24 | $ 249.31 | $ 172.38 | $ 1,378.27 | $ 7,850.97 | $ 8,481.52 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Williams Rita | | $ 2,084.55 | $ 775.88 | $ (241.66) | $ 6,795.95 | $ 872.40 | $ 1,748.99 | Active | | - | - | - | - | - | - | - | 0.2917 | 0.7083 | - | - |
| Williams Darnell A | | $ - | $ - | $ - | $ 9,175.58 | $ 16,011.22 | $ 7,774.57 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Coleman, Mary N | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0293 | 0.9707 | - | - |
| Nelson-Thomas Tasha | | $ - | $ - | $ 4,153.24 | $ 3,171.62 | $ 15,194.95 | $ 14,504.41 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Gerish Glen R | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0167 | 0.9833 | - | - |
| Thompson Jermaine | | $ - | $ - | $ - | $ 200.00 | $ 3,379.28 | $ 889.48 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Marson, Michael C | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0167 | 0.9833 | - | - |
| Spiller Darryl E | | $ - | $ - | $ 430.30 | $ 1,398.69 | $ 8,293.59 | $ 11,384.92 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Shaw Salina M | | $ - | $ - | $ - | $ 4,678.81 | $ 9,044.59 | $ 5,411.38 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| King, Johnny | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0304 | 0.9696 | - | - |
| Roberts, Allan W | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0267 | 0.9733 | - | - |
| Tucker Darryl B | | $ 1,771.19 | $ 301.04 | $ 2,239.92 | $ 676.44 | $ 330.00 | $ 1,647.79 | Active | | - | - | - | - | - | - | - | 0.2750 | 0.7250 | - | - |
| Deffenbaugh, Matthew | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0133 | 0.9867 | - | - |
| Lane Roberta J | | $ - | $ - | $ - | $ 5,165.68 | $ 12,268.26 | $ 11,592.34 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Chamberlain Cindy L | | $ - | $ - | $ - | $ 279.72 | $ 904.54 | $ 26.01 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Dye Gwendolyn | | $ - | $ - | $ - | $ 3,940.42 | $ 15,987.83 | $ 28,100.69 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Burnett, John C | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0133 | 0.9867 | - | - |
| Swanson, Gloria A | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0200 | 0.9800 | - | - |
| Nitz, Jerry N Sr | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0133 | 0.9867 | - | - |
| Hunt, Gwendolyn A | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0100 | 0.9900 | - | - |
| Burden, Randall K | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0167 | 0.9833 | - | - |
| Blackmore Kenneth A | | $ 1,752.93 | $ 8,130.52 | $ 5,905.25 | $ 361.19 | $ 9,330.12 | $ 21,074.14 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Franks III Thomas W | | $ 7,631.06 | $ 5,182.45 | $ 14,454.57 | $ 9,169.26 | $ 19,171.62 | $ 2,477.33 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Kline, Steven J | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0233 | 0.9767 | - | - |
| Franks, Thomas W | | $ 19,432.28 | $ 28,519.68 | $ 24,435.49 | $ 13,460.34 | $ 5,982.73 | $ 17,873.56 | Disabled | 10/01/2003 | - | - | 6,108.87 | 13,460.34 | 5,982.73 | 17,873.56 | 46,374.32 | 0.2286 | 0.7714 | 10,601.17 | 35,773.15 |
| Sublett Alan T | | $ - | $ - | $ - | $ 61.60 | $ - | $ - | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Cotner Sylvia S | | $ - | $ - | $ - | $ - | $ - | $ - | Retiree | 10/01/2003 | - | - | - | - | - | - | - | 0.1347 | 0.8653 | - | - |
| Enlow C Philip | | $ 26,026.86 | $ 7,750.58 | $ 7,225.84 | $ 9,687.37 | $ 32,141.19 | $ 14,937.82 | Active | | - | - | - | - | - | - | - | 0.2507 | 0.7493 | - | - |
| Southwood Harry T | | $ - | $ 21,137.46 | $ 7,706.98 | $ 54.92 | $ - | $ - | Disabled | 10/01/2003 | - | - | 1,926.75 | 54.92 | - | - | 2,334.32 | 0.1361 | 0.8639 | 317.70 | 2,016.62 |
| Coffey Avery J | | $ 2,337.31 | $ 7,927.79 | $ 1,840.73 | $ - | $ - | $ - | Retiree | 10/01/2003 | - | - | 460.18 | - | - | - | 542.92 | 0.1500 | 0.8500 | 81.44 | 461.48 |
| Abbott, Lincoln K | | $ - | $ - | $ - | $ - | $ - | $ - | Retiree | 10/01/1999 | - | - | - | - | - | - | - | 0.0333 | 0.9667 | - | - |
| Hite, Michael C | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0471 | 0.9529 | - | - |
| Grubb, Marvin | MEMBER NOT FOUND | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0233 | 0.9767 | - | - |
| Shepperd Roy E | | $ 3,899.73 | $ 604.51 | $ 258.39 | $ - | $ - | $ - | Retiree | 02/01/2003 | - | - | 236.86 | - | - | - | 279.45 | 0.1556 | 0.8444 | 43.48 | 235.97 |
| Watters Don W | | $ 6,717.50 | $ 2,327.46 | $ - | $ - | $ - | $ - | Retiree | 02/01/2002 | - | 2,133.51 | - | - | - | - | 2,674.45 | 0.0348 | 0.9652 | 93.07 | 2,581.38 |
| Monday, Verlin C | | $ - | $ - | $ - | $ - | $ - | $ - | Retiree | 10/01/1999 | - | - | - | - | - | - | - | 0.0287 | 0.9713 | - | - |
| Brumley David E | | $ 3,403.29 | $ 17,755.46 | $ 4,876.60 | $ - | $ - | $ - | Retiree | 10/01/2003 | - | - | 1,219.15 | - | - | - | 1,438.36 | 0.1108 | 0.8892 | 159.37 | 1,278.99 |
| Dixon Danny | | $ 3,392.42 | $ 3,167.87 | $ 4,869.98 | $ 12,294.69 | $ 3,441.74 | $ 2,682.52 | Active | | - | - | - | - | - | - | - | 1.0000 | - | - | - |
| Branham Jackie C | | $ 950.02 | $ 1,162.07 | $ 286.23 | $ - | $ - | $ - | Retiree | 04/01/2003 | - | - | 214.67 | - | - | - | 253.27 | 0.1583 | 0.8417 | 40.09 | 213.18 |
| Johnson, Kenneth W | | $ - | $ - | $ - | $ - | $ - | $ - | Flowback | | - | - | - | - | - | - | - | 0.0033 | 0.9967 | - | - |

**GUIDE CORPORATION**

**Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide**

Mercer Human Resource Consulting

1/12/2007

*(The remainder of this page is a dense, rotated spreadsheet of estimated hourly postretirement benefit liabilities listing member names, status, dates, and yearly dollar amounts across columns including Paid 2001–Paid 2006, Status, DOR, Estimated Future Benefit Liability years 2001–2006, Guide/Delphi Provate Fraction, and Provate Liability. The individual numeric values are too small and low-resolution to transcribe reliably.)*

GUIDE CORPORATION
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Mercer Human Resource Consulting

11/22/2007

**GUIDE CORPORATION**
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

# GUIDE CORPORATION
## Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

The body of this page is a single very large, dense, fine-print spreadsheet listing individual member names with associated yearly pledged/benefit amounts, status, dates, discount-rate factors, and prorated liability figures. The columns include: Name, Note, Pled 2001, Pled 2002, Pled 2003, Pled 2004, Pled 2005, Pled 2011, Status, DOR, 2001–2006, Total Interest to 11/2007, Guide Prorate, Delphi Prorate, Guide, Delphi (Prorate Liability / Previous Liability). Several rows are annotated "MEMBER NOT FOUND."

The numeric detail is too fine and low-resolution to reproduce reliably.

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Delphi FAS 106 Discount Rate (FDT): 7.50%

Estimated Future Benefit Liability (EFBAO) at 1/1/2006:
Estimated Future Benefit Liability (APBO) at 1/1/2006:
Past Benefit Liability at 1/1/2007:

| Name | Note | Pad 2001 | Pad 2002 | Pad 2003 | Pad 2004 | Pad 2005 | Pad 2006 (1/1-10/31) | Status | DOR | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | Total Interest to 11/30/07 | Present Fraction | Guide Present Fraction | Guide | Delphi Private Liability | Private Liability |
|------|------|----------|----------|----------|----------|----------|----------------------|--------|-----|------|------|------|------|------|------|---------------------------|------------------|----------------------|-------|--------------------------|-------------------|

**GUIDE CORPORATION**
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

Mercer Human Resource Consulting

1/12/2007

*[This page contains a large, densely printed financial spreadsheet rotated sideways, with columns including Name, Note, Paid 2001, Paid 2002, Paid 2003, Paid 2004, Paid 2005, Delphi FAS 106 Discount Rate, Status, DOR, 2001–2006, and various liability columns (Guide, Delphi, Private Liability). The individual numeric values are not legibly reproducible at this resolution.]*

**GUIDE CORPORATION**
Estimate Hourly Postretirement Benefit Liability Delphi Owns Guide

Column headers: Name | Note | Paid 2001 | Paid 2002 | Paid 2003 | Paid 2004 | Paid 2005 | Delphi FAS 106 Discount Rate (EOY) | Status | DOR | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | ... | Guide | Delphi | Guide Liability | Delphi Liability

**GUIDE CORPORATION**
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

**GUIDE CORPORATION**

Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

**GUIDE CORPORATION**
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

| Name | Note | Paid 2001 | Paid 2002 | Paid 2003 | Paid 2004 | Paid 2005 | Delphi FAS 106 Discount Rate (EGY) | Status | DOR | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | Guide Prorata Fraction | Delphi Prorata Fraction | Guide Prorata Liability | Delphi Prorata Liability |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Mercer Human Resource Consulting

# GUIDE CORPORATION

## Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

The detailed member-by-member liability table (names, status, DOR, yearly paid amounts 2001–2006, Delphi FAS 106 discount-rate columns, and Guide/Delphi process liability figures) is too dense and low-resolution to transcribe reliably.

GUIDE CORPORATION
Estimate Hourly Postretirement Benefit Liability Delphi Owes Guide

| Name | Note | Paid 2001 | Paid 2002 | Paid 2003 | Paid 2004 | Paid 2005 | Paid 2006 (01+) | Status | DOR | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | Total Interest to 11/2007 | Guide Fraction | Delphi Fraction | Guide Prorata Liability | Delphi Prorata Liability |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Note:
Guide is responsible for 100% of a participant's claims prior to severance.
Past claims provided by Curtiss Montage on 12/5/2007.
Future liability based on data, assumptions, and plan provisions as of 11/1/2006 as modeled in the 12/31/2005 FAS 106 Disclosure Report.
Interest on past claims based on Delphi's end of year 10-K FAS 106 discount rate.

Total
Grand Total

Mercer Harman Resource Consulting

1/12/2007

**Exhibit D to**

**Supplemental Response of Lightsource Parent Corporation and Guide Corporation to Debtors'(I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books And Records, and (C) Claims Subject to Modification And (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(C)**

HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building, 660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7000
Lawrence J. Murphy (P47129)
Gregory R. Schermerhorn (P44016)
E. Todd Sable (P54956)

Attorneys for Lightsource Parent Corporation and
Guide Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
                                                   :    Chapter 11
                                                   :
In re:                                             :
                                                   :    Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                        :
                                                   :    (Jointly Administered)
                        Debtors.                   :
                                                   :
------------------------------------------------- x
                                                   x

## AFFIDAVIT OF PAUL KERNS,
## CHIEF FINANCIAL OFFICER OF GUIDE CORPORATION

The undersigned, being first duly sworn, deposes and states as follows:

1.    I am competent to make this Affidavit and have personal knowledge of the facts

stated herein.

2.    I am employed by Guide Corporation ("Guide") as its Chief Financial Officer.

3.    I have reviewed a copy of the attached Supplemental Response to Debtors' (I)

Third Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to

Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors'

Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate

Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Supplemental

Response").[1]  The facts stated in the Supplemental Response are true and correct to the best of my knowledge, information and belief.

4.      I have reviewed Exhibit B and Exhibit C to the Supplemental Response, which have been prepared by Mercer Human Resource Consulting.  Same are true and correct to the best of my knowledge, information and belief.

5.      The evidence supporting the Claim includes, but is not necessarily limited to: the LFA; the MSA; the Proofs of Claim filed by Lightsource and Guide, including the documents attached thereto; the Response, including the documents attached thereto; Exhibit B to the Supplemental Response; Exhibit C to the Supplemental Response; and the testimony of witnesses identified in the Supplemental Response.


_Paul Kerns_



Subscribed and sworn to before me
this _18th_ day of January 2007.

_Janine M. Jackson_
Notary Public
My Commission Expires: _Sept. 15, 2009_
Acting in _Madison_   County, Indiana


DETROIT.2478911.1

---

[1] Capitalized terms not otherwise defined in this Affidavit have the meanings given to them in the Supplemental Response.

2