UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                  :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
:
                            Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENTAL ORDER UNDER 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014 AND
2016 AUTHORIZING EXPANSION OF SCOPE OF EMPLOYMENT OF
MAYER, BROWN, ROWE & MAW LLP AS
SPECIAL OUTSOURCING COUNSEL TO DEBTORS TO INCLUDE
BUSINESS PROCESS OUTSOURCING SERVICES, NUNC PRO TUNC TO JULY 1, 2006

("MAYER BROWN SUPPLEMENTAL RETENTION ORDER")

Upon the supplemental retention application, dated December 29, 2006 (the "Supplemental Retention Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for a supplemental order (the "Supplemental Order") under 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014 and 2016 authorizing the expansion of the scope of employment of Mayer, Brown, Rowe & Maw LLP ("Mayer Brown") to include additional outsourcing work related to the consummation of a business process outsourcing services contract, nunc pro tunc to July 1, 2006; and this Court having determined that the relief requested in the Supplemental Retention Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Supplemental Retention Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Supplemental Retention Application is GRANTED.

2. The Debtors' employment of Mayer Brown as their special outsourcing counsel, pursuant to the Supplemental Retention Application, is approved under section 327(e) of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of July 1, 2006.

3. Mayer Brown shall continue to be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Supplemental Order.

5. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Supplemental Retention Application.

Dated:  New York, New York
        January 18, 2007

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE