UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING DUPLICATE AND AMENDED CLAIMS
<u>IDENTIFIED IN FOURTH OMNIBUS CLAIMS OBJECTION</u>

("FOURTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Fourth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 3007 To Certain Duplicate And Amended Claims, dated December 8,

2006 (the "Fourth Omnibus Claims Objection"), of Delphi Corporation and certain of its

subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"); and upon the record of the hearing held on the Fourth Omnibus

Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing

therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

         A.         Each holder of a claim (each, a "Claim") listed on <u>Exhibits A</u> and <u>B</u>

attached hereto was properly and timely served with a copy of the Fourth Omnibus Claims

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein
shall have the meanings ascribed to them in the Fourth Omnibus Claims Objection.

Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection

Procedures Order"), the proposed order, and notice of the deadline for responding to the Fourth

Omnibus Claims Objection.  No other or further notice of the Fourth Omnibus Claims Objection

is necessary.

        B.      The Court has jurisdiction over the Fourth Omnibus Claims Objection

pursuant to 28 U.S.C. §§ 157 and 1334.  The Fourth Omnibus Claims Objection is a core

proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Fourth Omnibus Claims

Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        C.      The Claims listed on Exhibit A hereto under the column heading "Claim

To Be Expunged" are either duplicates of Claims filed with the Court or have been amended or

superseded by later-filed Claims.

        D.      The relief requested in the Fourth Omnibus Claims Objection is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

        1.      Each "Claim To Be Expunged" listed on Exhibit A hereto is hereby

disallowed and expunged in its entirety.  Those Claims identified on Exhibit A as "Surviving

Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection

by the Debtors and other parties-in-interest.

2.      The hearing with respect to each Claim listed on Exhibit B hereto shall be

adjourned to the date set forth on Exhibit B with respect to such Claim.  The claimants asserting

the Claims listed on Exhibit B hereto that have not yet filed a response in opposition to the

Fourth Omnibus Claims Objection with respect to such Claims shall be entitled to file such a

response on or prior to 4:00 p.m. (prevailing Eastern time) on February 7, 2007 unless otherwise

set forth on Exhibit B; provided, however, that the adjournment provided hereby shall be without

prejudice to the Debtors' right to assert that any responses received after 4:00 p.m. (prevailing

Eastern time) on the date set forth on Exhibit B with respect to such Claim were untimely or

otherwise deficient under the Claims Objection Procedures Order.   The Debtors shall be entitled

to file a reply in support of the Fourth Omnibus Claims Objection with respect to all Claims

listed on Exhibit B hereto on or prior to 4:00 p.m. (prevailing Eastern time) on the day before the

date of the hearing with respect to such Claim.

3.      Entry of this order is without prejudice to the Debtors' right to object to

any other claims in these chapter 11 cases, or to further object to claims that are the subject of the

Fourth Omnibus Claims Objection, on any grounds whatsoever; provided, however, that solely

to the extent that (a) a claimant filed duplicative claims against different Debtors for the same

asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's

Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors

shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the

"Surviving Claim") disallowed and expunged solely on the basis that such Surviving Claim is

asserted against the incorrect Debtor, provided that one of the Multiple Debtor Duplicative

Claims was originally filed against the correct Debtor.  For the avoidance of doubt, except as

expressly provided in the preceding sentence, the Surviving Claims shall remain subject to

3

further objection on any grounds whatsoever, including, without limitation, that any such

Surviving Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple

Debtor Duplicative Claim against the correct Debtor.  Nothing contained herein shall restrict the

Debtors from objecting to any Surviving Claim or any holder of a Surviving Claim from seeking

relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors

against which such Surviving Claim is asserted.

4.      Entry of this order is without prejudice to the relief sought by Mercedes-

Benz U.S. International, Inc. ("MBUSI") in its Motion for Authorization to File Proofs of Claims

After the Bar Date, or, Alternatively, To Treat Proofs of Claims Filed Against Delphi

Corporation As Claims Against Bankrupt Delphi Entit(ies) Which May Later Be Discovered to

Be Liable to MBUSI (Docket No. 4778) (the "Motion"), and all of the rights, claims, and

defenses of the Debtors, MBUSI and other parties-in-interest regarding the Motion are expressly

preserved.

5.      Notwithstanding the docketing of the claims, claim numbers 15975, 15981,

and 15986 shall be deemed to be asserted against Delphi Automotive Systems LLC; claim

number 15983 shall be deemed to be asserted against Delphi Medical Systems Colorado

Corporation; and claim number 15984 shall be deemed to be asserted against Delphi

Mechatronic Systems, Inc.

6.      Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any claim asserted against any of the Debtors.

7.      This Court shall retain jurisdiction over the Debtors and the holders of

Claims subject to the Fourth Omnibus Claims Objection to hear and determine all matters arising

from the implementation of this order.

8.      Each Claim and the objections by the Debtors to each Claim addressed in the Fourth Omnibus Claims Objection and set forth on Exhibit A and Exhibit B hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

9.      Kurtzman Carson Consultants, LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

10.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Fourth Omnibus Claims Objection.

Dated: New York, New York
        January 18, 2007

     ___/s/Robert D. Drain_____
     UNITED STATES BANKRUPTCY JUDGE