Hearing Date and Time: **February 2, 2007 at 10:00 a.m.**

VARNUM, RIDDERING, SCHMIDT
  & HOWLETT LLP
Michael S. McElwee (P36088)
333 Bridge Street, N.W., Ste. 1700
Grand Rapids, MI 49504
Telephone: (616) 336-6827

DICONZA LAW, P.C.
Gerard DiConza (GD 0890)
630 Third Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 682-4940

*Co-Counsel for Tower Automotive, Inc.*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| DELPHI CORPORATION, *et al.*, : | |
| : | Case No. 05-44481 RDD |
|                Debtors. : | |
| : | (Jointly Administered) |

-----------------------------------------------------------------------x

## MOTION OF TOWER AUTOMOTIVE, INC. FOR RELIEF FROM THE
## AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE

TO:    THE HONORABLE ROBERT D. DRAIN
           UNITED STATES BANKRUPTCY JUDGE

        Tower Automotive, Inc. and certain of its subsidiaries and affiliates (collectively, "Tower"), by and through their attorneys, hereby move for relief from the automatic stay, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), to permit Tower to file a complaint against Delphi Automotive Systems LLC ("DAS") in the Tower chapter 11 cases currently pending in the Southern District of New York (jointly administered chapter 11 cases no. 05-10578 (ALJ)) commencing an adversary proceeding to avoid and recover

transfers made by Tower to DAS, pursuant to sections 547 and 550 of the Bankruptcy Code, and in support of this Motion, states as follows:

## Jurisdiction

1. The statutory predicate for the relief sought herein is section 362(d) of the Bankruptcy Code as supplemented by Rule 4001 of the Federal Rules of Bankruptcy Procedures. This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue in this District is proper under 28 U.S.C. § 1409.

## Introduction

2. On February 2, 2005, the Tower debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Tower Chapter 11 Cases"). The Tower Chapter 11 Cases are jointly administered under Case No. 05-10578 (ALJ).

3. On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Delphi Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Delphi Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On July 31, 2006, Tower timely filed a Proof of Claim (Claim No. 15221) against DAS listing the claim amount as unliquidated (the "Tower Claim"). The Tower Claim is based on transfers made by Tower to DAS that are, or may be, avoidable as preferential transfers under section 547 and 550 of the Bankruptcy Code (the "Transfers"). A copy of the Tower Claim is annexed hereto as Exhibit 1.

2

5. On October 31, 2006, the Delphi Debtors filed the *Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c)* (the "Third Omnibus Objection"). Exhibit C-1 to the Third Omnibus Objection lists "Unsubstantiated Claims," which list includes the Tower Claim.

6. The Delphi Debtors served Tower with a *Notice of Objection to Claim* referencing the inclusion of the Tower Claim in the Third Omnibus Objection (the "Objection Notice"). The Objection Notice states that such an objection to "Unsubstantiated Claims" is made where the "Debtors have determined [that the asserted claims] are not owing pursuant to the Debtors' books and records." The Objection Notice further lists the proposed treatment for the Tower Claim as "Disallow and Expunge."

7. On November 22, 2006, Tower filed its Response to the Third Omnibus Objection. The Delphi Debtors have not taken any additional steps to prosecute the Third Omnibus Objection.

**Relief Requested**

8. Pursuant to section 546(a) of the Bankruptcy Code, the statute of limitations on avoidance actions that Tower may assert against transferees expires on February 2, 2007. Pursuant to section 362(a) of the Bankruptcy Code, Tower is prevented by the automatic stay in the DAS case from filing an adversary proceeding against DAS to recover the Transfers.[1]

---

[1] While section 108(c) of the Bankruptcy Code extends applicable statutes of limitations to 30 days after notice of termination or expiration of the stay imposed by section 362(a) of the Bankruptcy Code, it does so, by its express terms, only if the statute of limitations "is applicable by operation of nonbankruptcy law." The statute of limitations in the present case does not derive from nonbankruptcy law, but, as indicated, derives from section

3

9. The statute of limitations applicable to Tower's preferential transfer claims against DAS may, as a result, expire on February 2, 2007, absent the filing of an adversary proceeding to toll the statute of limitations. Tower is prepared to file a compliant and commence and adversary proceeding against DAS to avoid and recover the Transfers. A copy of the proposed complaint against DAS is attached hereto as Exhibit 2 and incorporated herein by reference.

10. Over the last several weeks, Tower has sought the Delphi Debtors' consent to a stipulation that would have tolled the statute of limitations, avoided the need to file an adversary proceeding and resolved the Tower Claim through the claims resolution process. The parties, however, have been unable to agree on final form of stipulation. Due to the impending deadline, Tower is required to file this Motion.

11. By this Motion, Tower seeks an order, pursuant to section 362(d) of the Bankruptcy Code, granting relief from the automatic stay for Tower to commence and enforce an adversary proceeding in the Tower Chapter 11 Cases against DAS to recover the Transfers. In the alternative, Tower seeks entry of the order determining that the filing of the Tower Claim in the DAS case satisfies and tolls the statute of limitations under section 546(a) of the Bankruptcy Code.

**Basis for the Relief Requested**

12. Section 362(d) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

---

546(a) of the Bankruptcy Code.

4

>   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

13.     "Cause" is not a defined term in the Bankruptcy Code and, consequently, is determined on a case-by-case basis.  See In re Sonnax Industries, Inc., 907 F.2d 1280, 1285 (2d Cir. 1990).

14.     Tower is entitled to immediate relief from the automatic stay to commence an adversary proceeding in the Tower Chapter 11 Cases based on the factors established by the Second Circuit in Sonnax Industries.  In Sonnax Industries, the Second Circuit enumerated the following factors that a bankruptcy court may consider in determining whether to lift automatic stay to permit litigation in another forum:

>   1)   whether relief would result in resolution of the issues;
>
>   2)   lack of interference with the bankruptcy case;
>
>   3)   whether the other proceeding involves debtor as fiduciary;
>
>   4)   whether there is a specialized tribunal to hear the cause of action;
>
>   5)   whether the debtor's insurer is defending it;
>
>   6)   whether the action primarily involves third parties;
>
>   7)   whether litigation in another forum would prejudice other creditors;
>
>   8)   whether a judgment claim arising from the other action is subject to equitable subordination;
>
>   9)   whether the other proceeding would result in judicial lien avoidable by the debtor;
>
>   10)  interests of judicial economy;
>
>   11)  whether the parties are ready for trial in other proceeding; and
>
>   12)  impact of stay on the parties and balance of harms.

5

Pg 6 of 13

Sonnax Industries, 907 F.2d at 1286.

15.  Only those factors relevant to a particular case need be considered, Sonnax Industries, 907 F.2d at 1285, and the Court need not assign them equal weight. In re Anton, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992). When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate.

16.  The principles embraced in Sonnax Industries clearly support the granting of the relief requested by Tower. The first Sonnax factor – whether granting relief would result in the resolution of the issues – weighs in favor of granting relief from the automatic stay. The Tower debtors may soon commence a number of avoidance actions against third parties in the Tower Chapter 11 Cases. In connection with the pending avoidance actions, the Tower debtors recently filed a Motion for an Order establishing streamlined procedures governing avoidance actions. These procedures are designed to promote an efficient resolution of the avoidance actions by, among other things, streamlining the discovery process, reducing the number of pre-trial conferences and limiting unnecessary motion practice. The streamlined procedures motion also seeks an order extending the 120 day service period under Rule 7004(h) for serving the summons and complaint after the complaint is filed. Not only will this provide Tower with additional 60 days to serve a summons and complaint, it will also provide Tower and the defendants to the avoidance actions with additional time to attempt to resolve the avoidance action without incurring additional litigation costs.

17.  The avoidance action against DAS in the Tower Chapter 11 Cases can proceed, and be resolved, quickly and efficiently.

6

18. The second, seventh and tenth Sonnax factors – lack of interference with the bankruptcy case, prejudice to other creditors and interests of judicial economy – also weigh in favor of granting the relief requested herein. Adjudication of the Tower Claim and fixing of its claim against DAS in the Tower Chapter 11 Cases would not interfere with the DAS chapter 11 case. To the contrary, adjudication of the issues would assist in determining whether DAS is liable to Tower and liquidate the amount of the Tower Claim. There would be no prejudice to other creditors if the litigation proceeds in the Tower Chapter 11 Cases. The adversary proceeding, if permitted, will enable the Court in the Tower Chapter 11 Cases to liquidate the Tower Claim in the manner contemplated by the Bankruptcy Code and the Bankruptcy Rules. The streamlined procedures to be implemented in the Tower Chapter 11 Cases will only promote an expeditious, fair and cost-effective resolution of the Tower Claim.

19. The twelfth Sonnax factor – the impact of the stay and the balance of harms – weighs in favor of granting the relief requested. Granting the relief requested and allowed Tower to file the avoidance action against DAS will not prejudice, or cause any legally cognizable harm to, DAS. Most importantly, the Tower Chapter 11 Cases are pending in the same Court as the DAS case. Refusal to lift the automatic stay at this point, however, prejudices Tower and is inequitable. Relief from automatic stay is warranted because Tower may be harmed if it is not allowed to commence an avoidance action before the expiration of the statute of limitations under section 546(a). The filing of an adversary proceeding in the Tower Chapter 11 Cases on or before February 2, 2007 may be necessary to toll the statute of limitations and thus preserve preference claims for the benefit of the Tower estate.

20. Based on the foregoing, the automatic stay should be lifted to permit Tower to proceed with an avoidance action against DAS in the Tower Chapter 11 Cases.

7

21. Alternatively, to the extent this Court determines not to grant Tower relief from the automatic stay, Tower respectfully requests that the Court find that the filing of the Tower Claim satisfies and tolls the statute of limitations under section 546(a) of the Bankruptcy Code. The filing of a proof of claim in a debtor's bankruptcy estate to recover a preferential transfer is sufficient to satisfy or "toll" the statute of limitations set forth in section 546(a) of the Bankruptcy Code. See In re Farmland Industries, Inc., 305 B.R. 490 (Bankr. W.D. Mo. 2003).

### Waiver of Separate Memorandum of Law

22. Since the statutory predicates and case law in support of the relief requested by this Motion are cited above, Tower has not filed a separate memorandum of law in support thereof. Tower reserves the right to submit a memorandum of law in support of the relief requested by the Motion.

### Notice

23. Notice of this Motion has been provided pursuant to the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 5418). No further notice is required. No previous motion for the relief requested herein has been made to this or any other court.

**WHEREFORE,** Tower prays that this Court enter an order, substantially in the form annexed hereto, granting relief from the automatic stay for the sole purpose of permitting Tower to (a) file in the Tower Chapter 11 Cases (Case No. 05-10578 (ALJ)), an adversary proceeding asserting preferential transfers against DAS pursuant to sections 547 and 550 of the Bankruptcy Code and claims disallowance pursuant to section 502(d) of the Bankruptcy Code (to the extent any of the Delphi Debtors filed claims against Tower), (b) prosecute such

adversary proceeding to the full extent permitted by applicable law and obtain a judgment in the adversary proceeding, and (c) file an amended claim (if necessary) in the DAS case reflecting the amount of the preference judgment.  Alternatively, to the extent this Court does not grant relief from the automatic stay, Tower respectfully requests entry of an order finding and determining that the statute of limitations under section 546(a) as been tolled by Tower's filing of the Tower Claim in the DAS case.

                Respectfully submitted,

Dated: January 22, 2007
   Grand Rapids, Michigan       VARNUM, RIDDERING, SCHMIDT
                 & HOWLETT LLP


             By:   /s/ Michael S. McElwee
               Michael S. McElwee (P36088)
               333 Bridge Street, N.W., Ste. 1700
               Grand Rapids, MI 49504
               (616) 336-6827

               and

Dated: January 22, 2007
   New York, New York        DICONZA LAW, P.C.


             By:   /s/ Gerard DiConza
               Gerard DiConza (GD 0890)
               630 Third Avenue, 7th Floor
               New York, NY 10017
               (212) 682-4940

               *Co-counsel for Tower Automotive, Inc.*

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re                                                                   :
                                                                        :    Chapter 11
DELPHI CORPORATION, *et al.*,                                           :
                                                                        :    Case No. 05-44481 RDD
                    Debtors.                                            :
                                                                        :    (Jointly Administered)
                                                                        :
------------------------------------------------------------------------x

**ORDER GRANTING MOTION OF TOWER AUTOMOTIVE, INC.**
**FOR RELIEF FROM AUTOMATIC STAY PURSUANT**
**TO SECTION 362(d) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion") dated January 22, 2007 of Tower Automotive, Inc. and its subsidiaries and affiliates (collectively, "Tower") for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), granting relief from the automatic stay (the "Automatic Stay") to permit Tower (a) file in the Tower Chapter 11 Cases (Case No. 05-10578 (ALJ)) an adversary proceeding asserting preferential transfers against Delphi Automotive Systems LLC ("DAS") pursuant to sections 547 and 550 of the Bankruptcy Code, (b) prosecute such adversary proceeding to the full extent permitted by applicable law and obtain a judgment in the adversary proceeding, and (c) file an amended claim (if necessary) in the DAS case reflecting the amount of the preference judgment; and upon the hearing to consider the Motion and all prior pleadings and proceedings herein, and after due deliberation, it appearing that sufficient cause exists to grant the Motion and modify the Automatic Stay; and no previous application for the relief sought having been made except as set forth herein; and sufficient cause appearing therefor, it is

2

**ORDERED,** that the Automatic Stay is hereby modified pursuant to section 362(d) of the Bankruptcy Code to permit Tower to (a) file in the Tower Chapter 11 Cases an adversary proceeding asserting preferential transfers against DAS pursuant to sections 547 and 550 of the Bankruptcy Code, (b) prosecute such adversary proceeding to the full extent permitted by applicable law and obtain a judgment in the adversary proceeding, and (c) file an amended claim (if necessary) in the DAS case reflecting the amount of the preference judgment; and its is further

**ORDERED,** that pursuant to Bankruptcy Rule 4001(a)(3), this Order shall be effective and enforceable immediately.

Dated:  New York, New York
        February __, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT 1

# TOWER PROOF OF CLAIM

# EXHIBIT 2

# TOWER COMPLAINT AGAINST DELPHI AUTOMOTIVE SYSTEMS LLC