VARNUM, RIDDERING, SCHMIDT
 & HOWLETT LLP
Michael S. McElwee (P36088)
333 Bridge Street, N.W., Ste. 1700
Grand Rapids, MI 49504
Telephone: (616) 336-6827

DICONZA LAW, P.C.
Gerard DiConza (GD 0890)
630 Third Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 682-4940

*Co-Counsel for Tower Automotive, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :    Case Nos. 05-10578 (ALG)
TOWER AUTOMOTIVE, INC., *et al.,*             :
                                              :    (Jointly Administered)
                        Debtors.              :
-------------------------------------------------------------x
                                              :
TOWER AUTOMOTIVE, INC., *et al.,*             :    Adv. Pro. No. 07 _____ (ALG)
                                              :
                        Plaintiffs,           :
   -against-                                  :
                                              :
DELPHI AUTOMOTIVE SYSTEMS, INC.,              :
*et al.,*                                     :
                                              :
                        Defendants.           :
-------------------------------------------------------------x

**COMPLAINT TO AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §547 AND 550**

Tower Automotive, Inc. and certain of its subsidiaries and affiliates (collectively,

"Tower" or "Plaintiffs"), the Plaintiffs and debtors in possession herein, by their special

bankruptcy counsel, hereby state as for their Complaint against Delphi Automotive Systems LLC ("DAS" or "Defendant"), as follows:

## INTRODUCTION

1. On February 2, 2005 (the "Petition Date"), each of the Tower debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Tower Chapter 11 Cases"). The Tower Chapter 11 Cases are jointly administered under Case No. 05-10578 (ALG).

2. Plaintiffs continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Plaintiffs bring this action to avoid and recover certain transfers made, directly or indirectly, by Plaintiffs to the Defendant on or within 90 days prior to the Petition Date.

## JURISDICTION AND PARTIES

4. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking to avoid and recover, in accordance with sections 547 and 550 of the Bankruptcy Code, certain transfers (the "Transfers") that were made by the Plaintiffs to the Defendant totaling $14,540,878.50 and pursuant to section 502(d) of the Bankruptcy Code to disallow any claims (collectively, the "Claims") filed by Defendant and any of its affiliates or subsidiaries (collectively, the "Delphi Debtors") against Tower unless and until the Delphi Debtors return the Transfers. A schedule identifying the Transfers is attached hereto as Exhibit 1.

5. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) and (F).

2

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

7. Venue over this adversary proceeding resides in this Court pursuant to 28 U.S.C. §1409(a).

8. Plaintiff is a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of Michigan.

9. Upon information and believe, DAS is a Delaware limited liability company. On October 8 and 14, 2005, the Delphi Debtors each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Their chapter 11 cases are jointly administered under Chapter 11 Case No. 05-44481 (RDD).

**FIRST CAUSE OF ACTION**
**(Avoidance and Recovery of Preferential Transfers)**

10. Plaintiffs repeat their allegations set forth in paragraphs 1 through 9 above, as if fully set forth herein.

11. On or within 90 days prior to the petition date, Plaintiffs made, or caused to be made, the Transfers to the Defendant.

12. The Transfers constitute transfers of interest in the Plaintiffs' property.

13. Plaintiffs made, or caused to be made, the Transfers to, or for the benefit of, Defendant.

14. Plaintiffs made, or caused to be made, the Transfers for, on or account of, antecedent debt owed to Defendant prior to the dates on which the Transfers were made (the "Debt").

3

15. Plaintiffs were insolvent for purposes of section 547(b) of the Bankruptcy Code when the Transfers were made.

16. The Transfers enabled Defendant to receive more than it would receive if: (i) Plaintiffs' cases were administered under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant had received payment of the Debt to the extent provided by the Bankruptcy Code.

17. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and, in accordance with section 550(a) of the Bankruptcy Code, Plaintiffs may recover from the Defendant the amount of the Transfers, plus interest.

## SECOND CAUSE OF ACTION
### (Disallowance of Claims)

18. Plaintiffs repeat the allegations set forth in paragraphs 1 through 17 above, as if fully set forth herein.

19. The Delphi Debtors have filed one or more proofs of claim against the Debtors.

20. The Defendant is the recipients of Transfers which constitute avoidable transfers pursuant to sections 547(b) and §550(a) of the Bankruptcy Code.

21. Based on the foregoing, pursuant to section 502(d) of the Bankruptcy Code, the Claims must be disallowed until the Defendant returns the Transfers to the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request entry of a Judgment on their Complaint as follows:

    a. Avoiding and setting aside the Transfers pursuant to section 547(b) of the Bankruptcy Code;

4

    b.    Awarding to Plaintiffs judgment in the amount equal to the Transfers, together with interest on such amount from the date of the Transfers;

    c.    Disallowing the Claims unless and until Defendant returns the Transfers to the Plaintiffs pursuant to section 502(d) of the Bankruptcy Code;

    d.    Awarding Plaintiffs, in addition to the amounts set forth above, their attorneys' fees, costs and other expenses incurred in this action; and

    e.    Granting to Plaintiffs such other relief as the Court considers appropriate.

Respectfully submitted,

VARNUM RIDDERING SCHMIDT & HOWLETT, LLP
Attorneys for Tower Automotive, Inc.

Dated: January 22, 2007

By: /s/ Michael S. McElwee
Michael S. McElwee (P36088)
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6491
msmcelwee@varnumlaw.com

AND

DiConza Law, P.C.

By: /s/ Gerard DiConza
Gerard DiConza (GD 0890)
630 Third Avenue
New York, NY 10017
(212) 682-4940

5