UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                :
    In re                            :    Chapter 11
                                                :
DELPHI CORPORATION, <u>et al.</u>,               :    Case No. 05-44481 (RDD)
                                                :
                    Debtors.   :    (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CERTAIN (A) CLAIMS WITH
INSUFFICIENT DOCUMENTATION AND (B) CLAIMS NOT
<u>REFLECTED ON DEBTORS' BOOKS AND RECORDS</u>

("FIFTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Fifth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, And (b)

Claims Not Reflected On Debtors' Books And Records, dated December 8, 2006 (the "Fifth

Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and

upon the record of the hearing held on the Fifth Omnibus Claims Objection; and after due

deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

        A.      Each holder of a claim (as to each, a "Claim") listed on Exhibits A-1, A-2, B-1, B-2, and C attached hereto was properly and timely served with a copy of the Fifth Omnibus Claims Objection, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), a personalized Notice Of Objection To Claim, the proposed order, and notice of the deadline for responding to the Fifth Omnibus Claims Objection. No other or further notice of the Fifth Omnibus Claims Objection is necessary.

        B.      The Court has jurisdiction over the Fifth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Fifth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Fifth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        C.      The Claims listed on Exhibit A-1 hereto contain insufficient documentation in support of the Claims asserted (the "Insufficiently Documented Claims").

        D.      The Claim listed on Exhibit A-2 hereto (the "Untimely Insufficiently Documented Claim") contains insufficient documentation in support of the Claim asserted and was untimely pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Fifth Omnibus Claims Objection.

2

Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").

   E. The Claims listed on Exhibit B-1 hereto assert liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books and Records Claims").

   F. The Claims listed on Exhibit B-2 hereto assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely pursuant to the Bar Date Order (the "Untimely Books and Records Claims").

   G. The relief requested in the Fifth Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. Each Insufficiently Documented Claim listed on Exhibit A-1 hereto is hereby disallowed and expunged in its entirety.

   2. The Untimely Insufficiently Documented Claim listed on Exhibit A-2 hereto is hereby disallowed and expunged in its entirety.

   3. Each Books and Records Claim listed on Exhibit B-1 hereto is hereby disallowed and expunged in its entirety.

   4. Each Untimely Books and Records Claim listed on Exhibit B-2 hereto is hereby disallowed and expunged in its entirety.

   5. Proof of Claim Numbers 2541 and 16452 will be disallowed and expunged because such claims have been amended by Texas Comptroller of Public Accounts' Second Amended Proof of Claim for Administrative Expense and Request for Payment, dated December 20, 2006, and asserted against Delphi Integrated Service Solutions, Inc. in the amount

3

of $242.10 (Proof of Claim No. 16466) (the "Texas Surviving Claim"), which claim shall survive.  The Debtors fully reserve their rights to object to the Texas Surviving Claim at a later date.

6. With respect to each Claim for which a Response to the Fifth Omnibus Claims Objection has been filed and served, all of which Claims are listed on Exhibit C hereto, the hearing regarding the objection to such Claims is adjourned to a future hearing date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

7. Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Fifth Omnibus Claims Objection, on any grounds whatsoever.

8. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

9. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Fifth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

10. Each Claim, and the objections by the Debtors to each Claim addressed in the Fifth Omnibus Claims Objection, constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim.  Any stay of this order shall apply only to the contested matter which involves such Claim and

4

shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

        11.    Kurtzman Carson Consultants, LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

        12.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Fifth Omnibus Claims Objection.

Dated: New York, New York  
       January 18, 2007

                                               /s/Robert D. Drain_____  
                                              UNITED STATES BANKRUPTCY JUDGE