**Hearing Date: March 21, 2007**
                                          **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                                :          Chapter 11
                                        :
DELPHI CORPORATION, et al.,        :          Case No. 05-44481 (RDD)
                                        :
                     Debtors.    :          (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
   PROOF OF CLAIM NUMBER 14012 (HB PERFORMANCE SYSTEMS LLC)

   ("STATEMENT OF DISPUTED ISSUES – HB PERFORMANCE SYSTEMS")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 14012 (the "Proof Of Claim") filed by HB Performance Systems LLC ("HB Performance Systems," or the "Claimant") and respectfully represent as follows:

Background

1. The Claimant filed the Proof Of Claim on or about July 31, 2006. The Proof Of Claim asserts an unsecured nonpriority claim of $1,778,100.00 for "breach of contract." The Claimant attached as the basis of its Proof Of Claim the complaint from underlying litigation before the Circuit Court of Ozaukee County, Wisconsin (the "Underlying Complaint"). HB Performance Systems, Inc. v. Delphi Automotive Systems LLC, Cir. Ct. Ozaukee County, Wis., Case No. 05-CV-0419. In the Underlying Complaint, the Claimant alleged that Delphi Automotive Systems, LLC ("DAS LLC") breached its agreement (the "Agreement") to render services in relation to HB Performance Systems' manufacture of brake systems for Harley-Davidson, Inc. ("Harley-Davidson"). Underlying Complaint, ¶¶ 3, 18, 19, and 20. The state court litigation was stayed due to these chapter 11 cases.

2. The Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

2

       3.      The Claimant filed a Response To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5858) (the "Response") on November 22, 2006.

Disputed Issues

A.    <u>HB Performance Systems Breached The Agreement</u>

       4.      Under the Agreement, HB Performance Systems was obligated to pay DAS LLC $75,000 per month for the opportunity to use up to 10,000 hours per year of DAS LLC's engineering services.  <u>See</u> Statement of Compensation, Exhibit II to the Agreement at ¶ 1.  The monthly payments were a fixed charge and were not subject to reduction based upon the actual hours used by HB Performance Systems.  Without first seeking to terminate or renegotiate the Agreement, HB Performance Systems breached the Agreement when it stopped delivering these monthly payments as of January 2005.  On June 3, 2005, DAS LLC submitted a letter to the Claimant demanding the delinquent payments.  <u>See</u> Exhibit 2 to Claimant's Response.  On June 16, 2005, when HB Performance Systems still had not remedied the delinquency, DAS LLC notified HB Performance Systems that it was invoking its right to terminate the Agreement with two years notice, pursuant to Article IV Section 4.1 of the Agreement.  <u>See</u> Exhibit 3 to Claimant's Response.  By failing to make the monthly payments called for in the Agreement, HB Performance Systems breached the Agreement.

B.    DAS LLC Did Not Breach Its Agreement With HB Performance Systems

5.    DAS LLC did not breach its agreement with HB Performance Systems. DAS LLC made available engineering services to HB Performance Systems during the term of the Agreement. Contrary to HB Performance Systems' claim, HB Performance Systems is not entitled to a refund of the monthly fees on the bases that it did not use the full 10,000 hours of engineering services per year. The Agreement was designed as a "pull system," which allowed the Claimant to request the type and amount of service it required, up to 10,000 hours per year. Although there was a maximum number of hours imposed by Agreement, there was no minimum. DAS LLC was available to provide up to 10,000 hours per year and provided all services requested. Thus, DAS LLC fully performed under the Agreement.

6.    HB Performance Systems also asserts that DAS LLC was in breach for failing to renegotiate the Agreement. Contrary to the Claimant's assertions, DAS LLC did not breach the agreement because the Claimant never requested to renegotiate the Agreement. DAS LLC and Claimant continued to operate under the initial agreement, under which DAS LLC continued to commit an average of 10,000 hours of service per year to HB Performance Systems.

7.    The Claimant's third ground for relief alleges that DAS LLC violated the Agreement by communicating with Harley-Davidson. Contrary to the Claimant's assertion, DAS LLC did not violate the terms of the Agreement. DAS LLC was within its rights to respond to questions by Harley-Davidson regarding the status of the relationship between HB Performance Systems and DAS LLC. When asked at an unrelated meeting with Harley-Davidson about the relationship, DAS LLC explained that its relationship with the Claimant was in a wind-down phase. DAS LLC's statement informing Harley-Davidson of the wind-down phase was not and

4

could not under the Agreement have been an effective immediate termination of the Agreement, and the statement was not a breach of the Agreement.[1]

C.    Not Only Should The Claim Be Disallowed And Expunged, But The Debtors Should Recover On A Claim For Damages Against The Claimant

8.    Because DAS LLC complied with all terms and fully performed under the Agreement, the Claim should be disallowed and expunged. Moreover, the Debtors have a claim against the Claimant for breach of contract and should collect the unpaid fees due under the Agreement. As of January 2005, the Claimant stopped making the $75,000 monthly payments due under the Agreement. The Claimant did not terminate or otherwise seek to modify its obligations to make these payments. The Claimant has not remedied this breach and therefore still owes the Debtors pursuant to the Agreement.

Reservation Of Rights

9.    This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim

---

[1] Although DAS LLC's communication with Harley-Davidson did not constitute immediate termination of the Agreement, DAS LLC would have been fully within its rights to immediately terminate the Agreement when HB Performance Systems breached the Agreement by failing to pay.

5

and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claims, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
January 22, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

    By: /s/ John Wm. Butler, Jr.
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois 60606
    (312) 407-0700

    - and -

    By: /s/ Kayalyn A. Marafioti
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession