UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :

    In re                                       :         Chapter 11

                                               :

DELPHI CORPORATION, et al.,        :         Case No. 05-44481 (RDD)

                                             :

                    Debtors.        :         (Jointly Administered)

                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 1121(d) EXTENDING
DEBTORS' EXCLUSIVE PERIODS WITHIN WHICH TO FILE
AND SOLICIT ACCEPTANCES OF REORGANIZATION PLAN

("THIRD 1121(d) EXCLUSIVITY EXTENSION ORDER")

Upon the motion, dated December 22, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. § 1121(d) further extending the Debtors' exclusive periods within which to file and solicit acceptances of a plan of reorganization (collectively, the "Exclusive Periods") (Docket No. 6285) ; and this Court having considered the (a) Objection of the Official Committee of Unsecured Creditors to Motion For Order Under 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods Within Which to File and Solicit Acceptances of Reorganization Plan (Docket No. 6440); (b) Highland Capital Management, LP's Limited Objection to Motion for Order Under 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Period Within Which to File and Solicit Acceptances of Reorganization Plan (Docket No. 6442); and the Statement of the Official Committee of Equity Security Holders in Response to Motion for order Under 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods Within Which to File and Solicit Acceptances of

Reorganization Plan (Docket No. 6444) (collectively, the "Objections); and the Court having further considered the Statement of the Official Committee of Unsecured Creditors in Support of the Expedited Motion for Order Authorizing and Approving the Equity Purchase and Commitment Agreement Pursuant to Sections 105(a), 363(b), 503(b) and 507(a) of the Bankruptcy Code and the Plan Framework Support Agreement Pursuant to Sections 105(a), 363(b), and 1125(e) of the Bankruptcy Code, Withdrawal of Preliminary Objection Thereto, and Withdrawal of Objection to Debtors' Motion for Order Extending Exclusive Periods Within Which to File and Solicit Acceptances of Reorganization Plan (Docket No. 6532); and Response to Motion for Order Under 11 U.S.C 1121(d) Extending Debtors' Exclusive Periods Within Which to File and Solicit Acceptances of Reorganization Plan (Docket No. 6535); and this Court having further considered the Debtors' Omnibus Reply to Objections to Debtors' Motion for Order Under 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods Within Which to File and Solicit Acceptances of Reorganization Plan (Docket No. 6536); and upon the record of the hearing held on the Motion, including Highland Capital Management's withdrawal of its objection to the Debtors' Motion for an order Extending Exclusive Periods Within Which to File and Solicit Acceptances of Reorganization Plan; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

        1.       The Motion is GRANTED.

2.    The Debtors' exclusive period for filing a plan of reorganization is extended to and including July 31, 2007.

3.    The Debtors' exclusive period for soliciting acceptance of a plan of reorganization is extended to and including September 30, 2007.

4.    Entry of this Order is without prejudice to (i) the Debtors' right to seek such additional and further extensions of the Exclusive Periods as may be necessary or appropriate or (ii) any party-in-interest's right to seek to reduce the Exclusive Periods for cause in accordance with 11 U.S.C. § 1121(d).

5.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
            January 23, 2007

                                                        ____/s/Robert D. Drain_____
                                                        UNITED STATES BANKRUPTCY JUDGE