UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
   In re                          :    Chapter 11
                                    :
DELPHI CORPORATION, <u>et al.</u>,         :    Case No. 05-44481 (RDD)
                                    :
                      Debtors.    :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CLAIM NUMBERS 257, 264, 288, 297, 1271, 1272,
1334, 2856, 3886, 4321, 7075, 9674, 11829, 12129, AND 13411,
<u>IDENTIFIED IN THIRD OMNIBUS CLAIMS OBJECTION</u>

("JANUARY 12 SUFFICIENCY HEARING ORDER")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c), dated October 31, 2006 (the "Third Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and this Court having considered the responses and other documents filed by claimants Douglas Deykes, William Downey, Ronald Jorgensen, William Kerscher, Wilfred D. Leong, Terry Mocny, Victoria Perez, Michael Sieloff, and Lafonza Washington in response to the Third Omnibus Claims Objection; and upon the record of the sufficiency hearing held on the Objections to claim numbers 257, 264, 288, 297, 1271, 1272, 1334, 2856, 3886, 4321, 7075, 9674, 11892, 12129,

and 13411[1] (each, a "Claim," collectively, the "Claims"); and after due deliberation thereon; and good and sufficient cause appearing therefor,

      IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.      The holders of the Claims (collectively, the "Claimants") were properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed Third Omnibus Claims Objection Order, and notice of the deadline for responding to the Third Omnibus Claims Objection.

      B.      On December 11, 2006, the Debtors provided the Claimants, and filed with the Court, Notices of Hearing in which the Debtors provided notice that Debtors' Third Omnibus Claims Objection with respect to the Claims would be heard at a Sufficiency Hearing on January 12, 2007 (Docket Nos. 6110, 6120, 6113, 6119, 6115, 6118, 6116, 6111, and 6117 respectively).

      C.      Mr. Washington was timely and properly served with the Debtors' Supplemental Reply To The Response Of Lafonza Washington To The Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By

---

[1] Filed by Claimants Lafonza Washington, Victoria Perez, Wilfred D. Leong, Terry Mocny, Michael Sieloff, William Kerscher, Ronald Jorgensen, William Downey, and Douglas Deykes, respectively.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

2

Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 6374).

    D. Ms. Perez and Mr. Leong were timely and properly served with the Debtors' Omnibus Supplemental Reply To The Responses Of Victoria E. Perez And Wilfred D. Leong (As Custodian For Clifford Leong) To The Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 6376).

    E. Mr. Mocny, Mr. Sieloff, Mr. Kerscher, Mr. Jorgensen, Mr. Downey, and Mr. Deykes were properly and timely served with a copy of the Debtors' Omnibus Supplemental Reply To Responses To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject to Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) With Respect To Claim Numbers 3886, 7075, 9674, 11829, 12129, And 13411 (Docket No. 6382).

    F. The Court has jurisdiction over the Third Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Third Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Third Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

       G.       The Claims listed on <u>Exhibit A</u> attached hereto should be reclassified as equity interests. The Claimants have failed to plead a <u>prima facie</u> claim, and therefore the Claims should be disallowed and expunged.

       H.       The Claims listed on <u>Exhibit B</u> attached hereto contain unsubstantiated liabilities or dollar amounts that are not discernable from the Debtors' books and records and are not owing by the Debtors.

       I.       The relief requested in the Third Omnibus Claims Objection with respect to the Claimants' Claims is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

       1.       Each Claim listed on <u>Exhibit A</u> hereto is hereby reclassified as an interest, and is disallowed and expunged in its entirety. The disallowance and expungement of the Claims listed on <u>Exhibit A</u> hereto is without prejudice to such Claimants' interests in Delphi Corporation pursuant to their ownership of Delphi Corporation common stock, if any.

       2.       Each Claim listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

       3.       Claim 11892, asserted by Claimant Ronald Jorgensen, shall not be disallowed or expunged hereby, but shall remain subject to objection pursuant to the Third Omnibus Claims Objection. The Debtors shall notice such Claim for future hearing in accordance with the Claims Objection Procedures Order.

      4.      Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Third Omnibus Claims Objection, on any grounds whatsoever

      5.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

      6.      This Court shall retain jurisdiction over the Debtors and Claimants to hear and determine all matters arising from the implementation of this order.

      7.      Each Claim and the objections by the Debtors to each Claim addressed in the Third Omnibus Claims Objection and set forth on <u>Exhibit A</u> and <u>Exhibit B</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

      8.      Kurtzman Carson Consultants, LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

      9.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Third Omnibus Claims Objection.

Dated: New York, New York
       January <u>23</u>, 2007

                                       /s/Robert D. Drain
                                      UNITED STATES BANKRUPTCY JUDGE