IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED JAN 22 2007 U.S. BANKRUPTCY COURT, SDNY

| In re | : | Chapter 11 |
|---|---|---|
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors, | : | (Jointly Administered) |
|  | : |  |

## MOTION TO RECONSIDER

Creditor James H. Nguyen, by counsel, moves the Court to reconsider the order of December 19, 2006 denying his Claim Number 3978 for the following reasons.

1. The Debtors did not send the Creditor exhibits or information disclosing how the claim was proposed to be treated by the Debtors.

2. The Creditor attempted to access exhibits which were supposed to be online, but the Creditor was unable to do so.

3. On about December 11, 2006, the Creditor received an Order Pursuant to 11 U.S. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Claim Objection Procedures Order) which set forth a procedure for hearings and responses to claims objections which stated that the Debtors are directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

claims objections without exhibits.

4. This creditor did not receive such personalized notice.

5. On January 8, 2007, this creditor received from the Debtors a Notice Of Entry Of Order With Respect To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) which stated that the claim that this creditor filed was listed on Exhibit B-1 and that an Order dated December 19, 2006 had disallowed and expunged this creditor's claim as unsubstantiated.

6. This creditor received an Order dated December 19, 2006, but it did not mention this creditor's claim, but rather, mentioned exhibits, including B-1, which was never served on this creditor.

7. This creditor called the agent of the debtors, Kurtzman Carson Consultants LLC, was told that they served an objection on this creditor before the December 6, 2006 Claim Objection Procedures Order and that questions should be directed to the attorneys for the debtors.

8. This creditor called the office of the attorney for the debtors John Wm. Butler, Jr. on January 8, 2007, the same day as the receipt of the notice from the debtors that this creditor's claim had been denied, but the attorney for the debtors did not return this creditor's call.

2

9. Also on January 8, 2007, this creditor sent a letter to John Wm. Butler, Jr. inquiring about the claim and objection, but the attorney for the debtors did not respond to the letter from this creditor.

10. On January 16, 2007, this creditor again called John Wm. Butler, Jr.'s office, another attorney returned the call on January 16 after the office of this creditor's attorney had closed, and when the attorney for this creditor called back on January 17, he was told that that attorney would not be in the office again until January 19, 2007.

11. This creditor has not received an explanation of the process or the objection from the attorneys for the debtors.

12. In looking back over the pleadings, the debtor apparently relied on a form which was sent to this creditor before the December 6, 2006 order which stated that the debtors were directed to send a personalized notice to the creditors.

13. An earlier objection dated October 31, 2006, before the December 6, 2006 Claim Objection Procedures Order, stated in a footnote number 3 that the debtors would provide a personalized Notice of Objection To Claim to creditors and that a form of Notice Of Objection To Claim was attached. With that October 31, 2006 objection was included a Notice Of Objection To Claim without any date or signature or claim as to whom it was from, which this creditor understood to be the form of Notice Of Objection To Claim described as attached to the objection. However, in retrospect, it appears that the form Notice Of Objection To Claim which was undated, unsigned, and without notice

3

as to whom it was from has been relied upon by the debtors as the "personalized notice" which the Court ordered the debtors to provide by order dated December 6, 2006. No objection was received after the Court so ordered on December 6, 2006.

14. The only reason listed on the Notice received by this creditor on January 8, 2007 was "unsubstantiated claim."

15. This creditor's claim was previously substantiated by a proof of claim with numerous items of evidence attached to the original proof of claim, which the debtors and the Court did not consider.

16. This creditor moves the Court to reconsider its form denial of this creditor's claim and to allow this creditor to have his evidence attached to his original claim considered in a hearing along with the other creditors's claims.

17. This creditor hereby submits a response, in accordance with the Order of this Court dated December 6, 2006, to the debtors' earlier undated, unsigned objection which no sender identified and no return address.

For all of the foregoing reasons, creditor James H. Nguyen, by counsel, moves the Court to reconsider its Order denying the claim of this creditor and to set the claim of this creditor for hearing.

Dated: Indianapolis, Indiana
      January 17, 2007

Respectfully submitted,

Richard L. Darst
Attorney at Law
Suite 800
8888 Keystone Crossing Blvd.
Indianapolis, IN 46240
(317) 573-8888

Attorney for James H. Nguyen
Creditor and Claimant

Certificate of Service

I certify that I have served a copy of the foregoing by first class United States mail on this 17th day of January, 2007 on the following persons:

Clerk of the Court
United States Bankruptcy Court
Southern District of New York
Delphi Corporation Claims
Bowling Green Station
P. O. Box 5058
New York, New York 10274-5058

Honorable Robert D. Drain
United States Bankruptcy Judge
One Bowling Green
New York, New York 10004-1408

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
Skadden, Arps, Slate, Meagher
    & Flom LLP

5

333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Kayalyn A. Marafioti
Thomas J. Matz
Skadden, Arps, Slate, Meagher
    & Flom LLP
Four Times Square
New York, New York 10036

Kenneth S. Ziman
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

Donald Bernstein
Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Robert J. Rosenberg
Mark A. Broude
Official Committee of Unsecured Creditors
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022

Bonnie Steingart
Official Committee of Equity Security Holders
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004

Alicia M. Leonard
Office of the United States Trustee
Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004

Richard L. Darst

6