**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
　　　　mitchell.seider@lw.com
　　　　mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, et al., ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**FIFTH SUPPLEMENTAL AFFIDAVIT OF ROBERT J. ROSENBERG REGARDING THE RETENTION OF LATHAM & WATKINS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF NEW YORK　　)
　　　　　　　　　　　　) ss:
COUNTY OF NEW YORK　)

　　　　ROBERT J. ROSENBERG, being duly sworn, deposes and says:

　　　　1.　　I am a partner in the firm of Latham & Watkins LLP ("Latham & Watkins"), which maintains offices at 885 Third Avenue, Suite 1000, New York, New York 10022, and elsewhere. I am familiar with the matters set forth herein and submit this Fifth Supplemental Affidavit regarding the retention of Latham & Watkins as counsel to the official committee of unsecured creditors (the "Committee") appointed in the above-captioned cases.

NY\1210568.4

## BACKGROUND

2. On November 17, 2005, The Committee filed its Application of the Official Committee of Unsecured Creditors For Order Authorizing and Approving the Employment and Retention of Latham & Watkins LLP as Counsel, Nunc Pro Tunc to October 17, 2005 (the "Retention Application").

3. On November 30, 2005, this Court entered its Interim Order Authorizing Employment and Retention of Latham & Watkins as Counsel for the Official Committee of Unsecured Creditors (the "Interim Order"). The Interim Order approved Latham & Watkins' retention by the Committee on an interim basis with respect to Delphi Corporation and its affiliated debtors (collectively, "Delphi" or the "Debtors"), and on a final basis with respect to all other parties in interest in these cases.

4. On January 6, 2006, this Court entered an order (the "Final Order") approving Latham & Watkins' retention on a final basis.

5. On January 18, 2006, Latham & Watkins filed its First Supplemental Affidavit of Robert J. Rosenberg in Support of the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "First Supplemental Affidavit").

6. On January 23, 2006, Latham & Watkins filed its Second Supplemental Affidavit of Robert J. Rosenberg in Support of the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "Second Supplemental Affidavit").

7. On June 15, 2006, Latham & Watkins filed its Third Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "Third Supplemental Affidavit").

8. On September 26, 2006, Latham & Watkins filed its Fourth Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "Fourth Supplemental Affidavit").

2

NY\1210568.4

9. I am filing this Fifth Supplemental Affidavit (the "Fifth Supplemental Affidavit") to disclose certain facts relevant to Latham & Watkins' retention which have come to my attention since filing the Fourth Supplemental Affidavit.

10. Since filing the Fourth Supplemental Affidavit, Latham & Watkins has conducted research with respect to its conflicts databases regarding possible relationships with, or connections to, the following parties: (i) all claim transferees, as of December 31, 2006, compiled from the transfer of claim notices posted on the Court's electronic docket; (ii) all members of the Official Equity Committee in the above-captioned cases (the "Equity Committee"); and (iii) investors who are parties to the Debtors' proposed Plan Framework Support Agreement (the "Plan Sponsors") (together, the "Researched Parties"). This Fifth Supplemental Affidavit discloses relationships between Latham & Watkins and the Researched Parties as appropriate, to the extent that Latham & Watkins has not already disclosed such relationships as a result of its prior connections research.

11. At this time, Latham & Watkins is not endeavoring to research possible relationships with, or connections to, any additional parties in interest in these cases other than the Researched Parties, including any unidentified general unsecured claimants in the Debtors' cases (the "Unidentified Claimants"). To the extent that Latham & Watkins determines that it is necessary to be adverse in the future to any Unidentified Claimants, Latham & Watkins will research connections between Latham & Watkins and such Unidentified Claimants, and either make appropriate disclosures to the Court or make use of conflicts counsel where necessary.

## SUPPLEMENTAL DISCLOSURES IN RELATION TO CERTAIN ATTORNEYS OF LATHAM & WATKINS LLP

12. Delphi Deutschland GMBH is an affiliate of the Debtors. Latham & Watkins has recently hired an attorney (the "First Lateral Attorney") who advised S.I.SV.EL. S.p.A. ("S.I.S.V.EL.") at a prior firm in connection with a border detention matter in which Delphi

3

Deutschland GMBH was an adversary of S.I.S.V.EL. (the "German Matter"). The German Matter was wholly unrelated to the Debtors' chapter 11 cases, and the First Lateral Attorney will not perform any work for S.I.S.V.EL on the German Matter while at Latham & Watkins. The First Lateral Attorney will begin working at Latham & Watkins in the spring of 2007 in the Hamburg office, and will not be a part of the group of attorneys and personnel providing services to the Committee (the "Committee Staff").

13. Upon information and belief, an affiliate of the Debtors has in the past collaborated with One Equity Partners ("OEP") with respect to a third party acquisition that was never consummated (the "Proposed Acquisition"). In the Fourth Supplemental Affidavit, Latham & Watkins identified an attorney recently hired by Latham & Watkins (the "Second Lateral Attorney") who advised OEP at his prior law firm in connection with the Proposed Acquisition. Latham & Watkins has now hired two additional attorneys (the "Third and Fourth Lateral Attorneys") from the Second Lateral Attorney's prior law firm. The Third and Fourth Lateral Attorneys also advised OEP in connection with the Proposed Acquisition, and may have had access to confidential information concerning the Debtors in that capacity. Consequently, Latham & Watkins has established an ethical wall that screens the Third and Fourth Lateral Attorneys from any participation in Latham & Watkins' representation of the Committee. The ethical wall prohibits the Third and Fourth Lateral Attorneys from discussing any aspect of the Debtors' cases with the Committee Staff, and denies the Third and Fourth Lateral Attorneys access to any related files or materials. The Second, Third, and Fourth Lateral Attorneys will not be performing any work for One Equity Partners on the Proposed Acquisition at Latham & Watkins.

14. Stonehill Institutional Partners, LP ("Stonehill") is a claim transferee in these cases. While at their prior law firms, several Latham & Watkins attorneys, including an attorney

4

on the Committee Staff, advised Stonehill and its affiliates in matters wholly unrelated to the Debtors and these cases.

15. Onyx Environmental Services ("Onyx") is a claim transferee in these cases. A former partner at Latham & Watkins, now retired, has been appointed to act as arbitrator with respect to a matter involving CGEA Onyx SA, an affiliate of Onyx (the "Onyx Matter"). The Onyx Matter is wholly unrelated to the Debtors and these cases.

### SUPPLEMENTAL DISCLOSURES IN RELATION TO CERTAIN OF LATHAM & WATKINS LLP'S CLIENTS

16. Freescale Semiconductor, Inc. ("Freescale") is a former member of the Committee. As part of the Retention Application, Latham & Watkins disclosed that it has in the past represented Freescale and its affiliates in matters wholly unrelated to the Debtors and these cases. Since that time, Latham & Watkins was retained to represent a third party in connection with a matter involving Freescale that was wholly unrelated to the Debtors and these cases (the "Freescale Matter"). The Freescale Matter is now concluded.

17. Brandes Investment Partners, L.P. ("Brandes") is a member of the Equity Committee. Brandes and its affiliates are past and present clients of Latham & Watkins in matters wholly unrelated to the Debtors and these cases.

18. Cerberus Capital Management LLP ("Cerberus") is a claim transferee and Plan Sponsor in these cases. Cerberus and its affiliates are past and present clients of Latham & Watkins in matters wholly unrelated to the Debtors and these cases.

19. Longacre Master Fund, Ltd. ("Longacre") is a claim transferee in these cases. Longacre and its affiliates are past and present clients of Latham & Watkins in matters wholly unrelated to the Debtors and these cases.

NY\1210568.4

20.     Contrarian Fund, LLC ("Contrarian") is a claim transferee in these cases. Contrarian and its affiliates are past and present clients of Latham & Watkins in matters wholly unrelated to the Debtors and these cases.

21.     Amroc Investments, LLC ("Amroc") is a claim transferee in these cases. Amroc and its affiliates are past and present clients of Latham & Watkins in matters wholly unrelated to the Debtors and these cases.

22.     Upon information and belief, National City Bank ("NCB") or its affiliates are prepetition lenders to the Debtors. As part of the Retention Application, Latham & Watkins disclosed that it has in the past represented NCB and its affiliates in matters wholly unrelated to the Debtors and these cases. Since that time, Latham & Watkins was retained to represent NCB and its affiliates in certain new matters wholly unrelated to the Debtors and these cases.

23.     Upon information and belief, NEC Corp. ("NEC") or its affiliates are prepetition creditors of the Debtors. As part of the Retention Application, Latham & Watkins disclosed that it has in the past represented NEC and its affiliates in matters wholly unrelated to the Debtors and these cases. Since that time, Latham & Watkins was retained to represent NEC and its affiliates in certain new matters wholly unrelated to the Debtors and these cases.

## CONCLUSION

24.     Latham & Watkins' services in connection with each of the matters disclosed above accounted for less than 1% of Latham & Watkins' annual revenues for the 2006 fiscal year, and it is anticipated that they will account for less than 1% of Latham & Watkins' annual revenues in the future. Thus, I believe that none of Latham & Watkins' representations in connection with the matters disclosed above constitutes a material component of Latham & Watkins' practice.

25. The matters disclosed above do not involve any issue relating to these chapter 11 cases. Accordingly, Latham & Watkins represents no interests materially adverse to the Debtors' individual creditors or the Committee with respect to these cases and, therefore, remains eligible to continue serving as counsel to the Committee.

EXECUTED this 24th day of January, 2007 at New York, New York

/s/ Robert J. Rosenberg
Robert J. Rosenberg

Sworn to before me this
24th day of January, 2007

/s/ John W. Weiss
John W. Weiss
Notary Public, State of New York
No. 02WE6113201
Qualified in New York County
Commission Expires July 26, 2008