THELEN REID BROWN
RAYSMAN & STEINER LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000
Daniel A. Lowenthal (DL 7971)

Hearing Date: February 15, 2007 at 10:00 a.m.
Objection Deadline: February 8, 2007 at 4:00 p.m.

Attorneys for Brandes Investment Partners, L.P.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION, et al.,

　　　　　　　　　　Debtors.

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

**MOTION OF BRANDES INVESTMENT PARTNERS, L.P. FOR THE ENTRY OF AN ORDER APPROVING SPECIFIED INFORMATION BLOCKING PROCEDURES AND PERMITTING TRADING OF DEBTORS'
<u>BONDS UPON ESTABLISHMENT OF A SCREENING WALL</u>**

　　　　　Brandes Investment Partners, L.P. ("Brandes"), a member of the Committee Of Equity Security Holders in the chapter 11 cases of the above-captioned debtors (collectively, "Debtors" or "Delphi"), by and through its undersigned counsel, hereby submits this motion (the "Motion") for the entry of an order, pursuant to 11 U.S.C. § 105(a), approving information blocking procedures and permitting trading in the Debtors' corporate Bonds (as defined below) in certain situations. In support of the Motion, Brandes respectfully represents as follows:

<u>Background</u>

　　　　　1.　　On October 8, 2005 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Court"), thereby commencing the above-

captioned jointly administered cases (the "Cases").  The Debtors continue to operate their business as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.    On April 28, 2006, the United States Trustee appointed the Committee of Equity Security Holders (the "Committee") pursuant to 11 U.S.C. § 1102.  The current Committee members are: (1) Brandes Investment Partners, L.P.; (2) Luqman Yacub; (3) James E. Bishop, Sr.; (4) Pardus Capital Management, L.P.; (5) James N. Koury as trustee of the Koury Family Trust; and (6) James H. Kelly.

3.    Brandes is a registered investment advisory firm that provides investment advisory services to its clients.  Most of these services are performed out of Brandes' headquarters located in San Diego, California.  Brandes manages fixed-income portfolios solely out of its office located in Brookfield, Wisconsin (the "Brandes Fixed Income Group").  The Brandes Fixed Income Group has discretionary authority to acquire certain fixed-income assets, including corporate bonds, on behalf of its clients and for its clients' accounts.  While all fixed-income assets are beneficially owned by Brandes' clients through their custodians, Brandes has the authority to determine when to buy and sell assets pursuant to various investment strategies and goals.  As of January 24, 2007, the amount of Delphi's debt that Brandes has under management is 990,000 par amount of the Debtors' 6.5% notes due May 1, 2009 (DPHIQ.GB).

## Jurisdiction

4.    The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by this Court.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5.      Brandes requests the entry of an order determining that, as a member of the Committee, it will not violate its fiduciary duties as a member of the Committee by trading in the Debtors' corporate Bonds[1] during the pendency of the Debtors' chapter 11 cases, provided that Brandes effectively implements, and adheres to the information blocking policies and procedures (collectively, the "Screening Wall") that are approved by the United States Trustee's Office and are otherwise consistent with those described in the form of Screening Wall Declaration annexed hereto as Exhibit A.[2]  Final forms of the Screening Wall Declaration will be filed upon the entry of an order approving the Motion.

6.      The term "Screening Wall" refers to a procedure established by an institution to isolate its trading activities from its activities as a member of an official committee in a chapter 11 case.  A Screening Wall includes, among other things, such features as the employment of different personnel to perform certain functions, physical separation of the office and file space, procedures for locking committee related files, separate telephone and facsimile lines for certain functions, and special procedures for the delivery and posting of telephone messages.  The use of such procedures in these Cases will prevent Brandes' personnel from the use or misuse of non-public information obtained by Brandes' personnel engaged in Committee-related activities ("Brandes Committee Personnel"), and will also preclude Brandes Committee Personnel from receiving inappropriate information regarding Brandes' trading in the Debtors' corporate Bonds in advance of such trades.

---

[1] The term "Bond" or "Bonds" is used in this Motion as such term is defined in Section 2(a)(1) of the Securities Act of 1933.
[2] Brandes does not seek authority to make "discretionary" trades of equity securities.  Since its appointment to the Committee, Brandes has had to make certain "non-discretionary" trades at the direction of its clients.  This has occurred when, for instance, clients have directed Brandes to close or liquidate their accounts.  Brandes has made the U.S. Trustee's Office aware of such "non-discretionary" transactions.

7.    Brandes owes fiduciary duties to the equity security holders of these estates as a member of the Committee, as well as to its clients through trading securities.  Thus, if Brandes is barred from trading in the Debtors' corporate Bonds during the pendency of these Cases because of its duties to other equity security holders, it may risk the loss of a beneficial investment opportunity for its clients and, moreover, may breach its fiduciary duty to its clients.  Alternatively, if Brandes is compelled to resign from the Committee, its interests may be compromised by virtue of taking a less active role in the reorganization process.  Members of the Committee should not be forced to choose between serving on the Committee and risk the loss of beneficial investment opportunities or forego service on the Committee and possibly compromise its responsibilities by taking a less active role in the Cases.

8.    As evidence of its implementation of the procedures detailed herein, Brandes shall file with the Court a declaration stating that it will comply with the terms and procedures consistent with those set forth in this Motion or otherwise approved by the United States Trustee.

### Basis for Relief

9.    The relief requested is consistent with other orders entered by the Bankruptcy Court for the Southern District of New York.  See, e.g., In re Dana Corp., Case No. 06-10354 (BRL) (April 27, 2006); In re Calpine Corp., Case No. 05-60200 (BRL) (January 25, 2006); In re Solutia Inc., Case No. 03-17949 (PCB) (January 22, 2004); In re Loral Space & Commc'n Ltd., Case No. 03-41710 (RDD) (September 4, 2003); In re Magellan Health Serv. Inc., Case No. 03-40515 (PCB) (May 6, 2003); In re Adelphia Commc'n Corp., Case No. 02-41729 (REG) (August 19, 2002); In re WorldCom, Inc., Case No. 02-13533 (AJG) (August 6, 2002); In re Global Crossing Ltd., Case No. 02-40188 (REG) (March 25, 2002); In re Enron Corp., Case No. 01-16034 (AJG) (February 27, 2002); In re Dairy Mart Convenience Stores, Inc., Case No. 01-42400 (AJG) (December 20, 2001).

10. The proposed relief is also supported by substantially similar orders entered in other jurisdictions. <u>See</u> <u>e.g.</u>, <u>In re The Finova Group, Inc.</u>, Case No. 01-00697 (PJW) (Bankr. D. Del. April 12, 2001); <u>In re GST Telecom, Inc.</u>, Case No. 00-01982 (KG) (Bankr. D. Del. October 19, 2000); <u>In re Vista Eyecare, Inc.</u>, Case No. A-65214 (Bankr. D. Ga. June 1, 2000); <u>In re Sun Healthcare Group, Inc.</u>, Case No. 99-03657 (KJC) (Bankr. D. Del. December 11, 1999); <u>In re ICO Global Commc'n Serv. Inc.</u>, Case No. 99-02933 (MFW) (Bankr. D. Del. September 21, 1999); <u>In re Acme Metals Inc.</u>, Case No. 98-02179 (MFW) (Bankr. D. Del. December 21, 1998); <u>In re Farley</u>, Case No. 91-15610 (Bankr. N.D. Ill. November 8, 1991); <u>In re America West Airlines, Inc.</u>, Case No. 91-07505 (Bankr. D. Ariz. October 23, 1991); <u>In re Federated Dep't Stores, Inc.</u>, Case No. 1-90-00130, 1991 Bankr. LEXIS 288 (Bankr. S.D. Ohio March 7, 1991).

11. Each of the trading orders entered in the foregoing cases provide that a committee member does not violate its fiduciary duties as a committee member by trading in a debtor's securities (which includes Bonds), so long as it acts in accordance with certain information blocking procedures approved by the Bankruptcy Court. The orders further provide that the Bankruptcy Court may take appropriate action if there is any actual breach by a committee member of its fiduciary duty as a committee member.

12. In a leading decision on this issue, <u>In re Federated Dep't Stores, Inc.</u>, Case No. 1-90-00130, 1991 Bankr. LEXIS 288 (Bankr. S.D. Ohio March 7, 1991), the Bankruptcy Court—agreeing with the position of the Securities Exchange Commission on this issue—stated that Fidelity Management & Research Company:

> [W]ill not be violating its fiduciary duties as a committee member and accordingly, will not be subjecting its claims to possible disallowance, subordination, or other adverse treatment, by trading in securities of the Debtors . . . during the pending of these [c]ases, provided that Fidelity employs an appropriate information blocking device or "[Screening Wall]" which is reasonably designed to prevent Fidelity trading personnel from receiving any nonpublic committee information through Fidelity committee

>    personnel and to prevent Fidelity committee personnel from
>    receiving information regarding Fidelity's trading in securities of
>    the Debtors . . . in advance of such trades.

In re Federated Dep't Stores, Inc., 1991 Bankr. LEXIS 288 at *2.

13.    The Federated court approved Fidelity's Screening Wall procedures, which, as here, included: (i) a written acknowledgment by personnel performing committee work that they could receive non-public information and were aware of the Screening Wall procedures in effect; (ii) a prohibition on the sharing of non-public committee information with certain other employees; (iii) separate file space for committee work which is inaccessible to certain other employees; (iv) restrictions on committee personnel's access to trading information; and (v) a compliance review process.  The Screening Wall procedures outlined here parallel those protections established in the Federated case and followed in subsequent cases.

14.    The United States Trustee's Office has consented to similar relief in other cases involving all types of securities.  Brandes limits its request to the trading of the Debtors' corporate Bonds by its Wisconsin office.  Brandes has consulted with the United States Trustee's Office concerning the relief sought by this Motion, and the United States Trustee's Office has indicated that it consents to the relief requested herein and will work with Brandes to ensure that the appropriate blocking procedures are implemented.

## Waiver of Memorandum of Law

15.    This Motion cites to the necessary and relevant authority and, therefore, Brandes respectfully submits that the requirement of Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be filed in support of the Motion should be waived.

**Notice**

16.     Notice of this Motion has been provided in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418). In light of the nature of the relief requested, no other or further notice is necessary.

**WHEREFORE,** Brandes respectfully requests that this Court enter an Order: (i) approving the Screening Wall procedures set forth herein; (ii) determining that Brandes will not violate its fiduciary duties as a member of the Committee; and (iii) granting such other and further relief as is just and proper.

Dated:  New York, New York
        January 26, 2007

>Respectfully submitted,
>
>THELEN REID BROWN
>RAYSMAN & STEINER LLP
>
>By:   */s/ Daniel A. Lowenthal*
>Daniel A. Lowenthal (DL 7971)
>875 Third Avenue
>New York, New York  10022
>(212) 603-2000
>
>Attorneys for Brandes Investment Partners, L.P.

NY #866147 v1