Megan E. Clark (MC-2550) (Motion for Admission for Pro Hac Vice pending)
Freking and Betz, LLC
225 Vine Street Suite 600
Cincinnati, Ohio 45202
mclark@frekingandbetz.com
Telephone: 513-721-1975
Facsimile: 513-651-2570

Attorney for Creditor Carl Allison

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED JAN 1 9 2007 U.S. BANKRUPTCY COURT, SDNY

| | |
|---|---|
| In Re: | Chapter 11 |
| DELPHI CORPORATION, et al. | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

## MOTION TO RECONSIDER UNDER FED. R. BANKR. P. 3008

Comes now Carl Allison and asks this Court to reconsider its ruling disallowing and expunging Claim Number 2205. Undersigned counsel, who has requested but not received admission *pro hac vice*, makes this request on his behalf. Mr. Allison makes this request because:

- his notice of the Debtors' objection was apparently insufficient;

- the Debtors' objection itself was insufficient to meet the Debtors' burden; and

- balancing of the equities squarely favors granting of this relief.

A corresponding Memorandum of law is attached.

Respectfully submitted,

*Megan E Clark*

Megan E. Clark (0065159)
Trial Attorney for Plaintiff
FREKING & BETZ
525 Fifth Street, Sixth Floor
Cincinnati, OH 45202
513-721-1975
FAX: 513-651-2570
*mclark@frekingandbetz.com*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion to Reconsider under Fed. R. Bankr. P. 3008 will be served via regular U.S. Mail to all parties listed below on January 19, 2007:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

John Wm. Butler, Jr.
Skadden Arps, Slate, Meagher
& Flom, LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Kenneth S. Ziman
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017

Donald Bernstein
Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Robert J. Rosenberg
Mark A. Broude
Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022
Counsel for the Official Committee of
Unsecured Creditors

Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004
Counsel for the Official Committee of
Equity Security Holders

Alicia M. Leonard
Office of the United States Trustee for the

Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY  10004

*Megan E Clark*
Megan E. Clark MC 2550
(Admission Pro Hace Vice Pending)

Megan E. Clark (MC-2550) (Motion for Admission for Pro Hac Vice pending)
Freking and Betz, LLC
225 Vine Street Suite 600
Cincinnati, Ohio 45202
mclark@frekingandbetz.com
Telephone: 513-721-1975
Facsimile: 513-651-2570

Attorney for Creditor Carl Allison

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| DELPHI CORPORATION, et al. | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

## MEMORANDUM IN
## SUPPORT OF MOTION TO RECONSIDER UNDER FED. R. BANKR. P. 3008

Mr. Allison offers this Memorandum of Law and Argument in Support of the Motion to Reconsider under Fed. R. Bankr. P. 3008.

*A.    The Debtors' Notice Apparently Deprived Mr. Allison of Timely Notice*

On October 31, 2006, the Debtors filed a Third Omnibus Objection to, *inter alia*, Mr. Allison's Claim. The ensuing notice to Mr. Allison itself reflects no mailing date and was not received by undersigned counsel until November 9, 2006. (*See* Exhibit A.) This notice set a response deadline of November 24, 2006 and November 30, 2006 hearing. It is not clear from the Notice when it was

mailed.[1] It is clear that it was not received until November 9, only 21 days before the hearing (which occurred the day after Thanksgiving). That the Objection was received on November 9 suggests that it was not timely mailed.

It thus appears that the notice did not provide Mr. Allison with the requisite thirty-day notice prior to a hearing required by Fed. R. Bankr. P. 3007. That rule provides, in pertinent part: "A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing." Unfortunately, the ensuing ruling was made without the benefit of Mr. Allison's response.

As a matter of simple fairness, any failure by the Debtors' to give proper notice should estop them from raising any timeliness challenge today.

B.    *The Notice Itself Raises an Insufficient Objection*

On March 7, 2006, Mr. Allison filed a timely and supported Proof of Claim. The basis of the Debtors' objection to the Claim is that it is allegedly "Unsubstantiated." *See* Third Omnibus Objection ¶26. This objection does not rely on any specific basis or evidence. It is simply not adequate to meet the Debtors' burden with respect to their objection to Mr. Allison's timely Proof of Claim. "A proof of claim that is executed by a claimant's attorney pursuant to the authority of Rule 3001(b) necessarily qualifies as having been executed and filed 'in accordance with' the rules." *Garner v. Shier (In re Garner)*, 246 B.R. 617, 622 (Bankr. Fed. App. 2000). It carries the evidentiary effect of a verified complaint. *Id.*

In August 2004 (over a year before the present bankruptcy was filed), Mr. Allison filed a

---

[1]    The notice was sent to an old address for the undersigned counsel's law firm. The new address has been included with the Admission Pro Hac Vice submitted by the undersigned counsel.

lawsuit in the U.S. District Court for the Southern District of Ohio alleging that Delphi had committed age discrimination in ending his employment. With his Proof of Claim, he included a Copy of the Complaint. As a direct and proximate result of Delphi's action, Mr. Allison suffered monetary setback, emotional distress, and other damages. Mr. Allison continues to suffer harm.

At the time of the bankruptcy, discovery in the District Court action had begun but had not been completed. Delphi is in possession of and has already produced numerous documents relating to the damages claim. Upon further discovery, production of these and other documents, and full litigation of the age discrimination claim, a more accurate assessment as to the value of the Claim in this forum will be able to be made. For the purposes of this forum, Mr. Allison estimated in his Proof of Claim that the Claim was worth $300,000 in order to account for potential recovery for backpay ($125,000), recovery for emotional distress ($75,000), other losses ($50,000) and automatic attorneys' fees ($50,000) if he prevails. Unlike damages in a commercial contract dispute that are objectively quantifiable, any valuation of Mr. Allison's claim at this premature juncture requires reasonable speculation of what a jury might award.

For these reasons, Mr. Allison's Claim is not "unsubstantiated" and it is not appropriate to disallow the Claim. The documentation or other evidence upon which Mr. Allison relies in the opposing the Third Omnibus Objection includes the Complaint filed in the District Court and included with the Proof of Claim and discovery responses provided by Delphi in response to Mr. Allison's discovery requests.

In *Garner,* a similar objection was held insufficient to rebut a valid Proof of Claim. 246 B.R. 617. Here, too, the allegation of unsubstantiation simply cannot rebut Mr. Allison's proper Proof of Claim.

C.   *The Balancing of Equities Squarely Favors Mr. Allison*

Here, Mr. Allison seeks only to offer a response to the very technical and unsupported objection raised by the Debtors. To grant this request causes no prejudice to the Debtors: They will suffer no actual harm from the slight passage of time that has occurred in this case. Moreover, in the context of the all of the Claims against the Debtors in this case, Mr. Allison's is relatively small. By contrast, to deprive Mr. Allison of the right to pursue this Claim would cause great hardship to him and his family" This Claim is expected to be the only claim he has or ever will have against Delphi. He is not a sophisticated businessman like Delphi and should receive some benefit of the doubt.

D.   *Conclusion*

For all of the foregoing reasons, Mr. Allison requests that this Court grant the Motion to Reconsider and allow his Claim. A proposed Order is enclosed.

Respectfully submitted,

*Megan E Clark*

Megan E. Clark (0065159)
Trial Attorney for Plaintiff
FREKING & BETZ
525 Fifth Street, Sixth Floor
Cincinnati, OH 45202
513-721-1975
FAX: 513-651-2570
mclark@frekingandbetz.com

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
In re                         :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
              Debtors.        :    (Jointly Administered)
                              :
------------------------------x

## NOTICE OF OBJECTION TO CLAIM

Carl Allison:

    Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Third Omnibus Objection to Certain Claims (the "Third Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Third Omnibus Objection is set for hearing on November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED THIRD OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 24, 2006. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU.

    The enclosed Third Omnibus Objection identifies several different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

    Claims identified as having a Basis For Objection of "Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors to meaningfully review the asserted Claim.

    Claims identified as having a Basis For Objection of "Untimely Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted making it impossible for the Debtors to meaningfully review the asserted Claim and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And

Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims that were overstated or were denominated in foreign currencies and which the Debtors seek to modify to a fully liquidated, U.S.-denominated amount in line with the Debtors' books and records and/or the liquidated amounts requested by the Claimants, as appropriate, and to appropriately classify the total amount of such remaining Claims as general unsecured claims.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
| 3/7/2006 | 2205 | $300,000.00 | Unsubstantiated Claim | Disallow and Expunge |

If you wish to view the complete exhibits to the Third Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Third Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-259-2691 or www.delphidocket.com CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this Third Omnibus Objection, you must file a response and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006. Your response, if any, to the Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in a foreign currency.

2

(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Third Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or modified for the reasons set forth in the Third Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Third Omnibus Objection; (iv) all documentation or other evidence of the claim upon which you will rely in opposing the Third Omnibus Objection to the extent not included with the proof of claim previously filed with the Bankruptcy Court; (v) to the extent that the Claim is fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; (vi) the address(es) to which the Debtors must deliver any reply to your response, if different from that presented in the proof of claim; and (vii) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the Debtors have requested that the Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding the Third Omnibus Claims Objection and any Response and set further hearings pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Objection and Estimation Procedures Motion") being filed contemporaneously with the Third Omnibus Objection. With respect to all uncontested objections, the Debtors have requested that this Court conduct a final hearing on November 30, 2006 at 10:00 a.m. or as soon thereafter as counsel may be heard. The procedures set forth in the Claims Objection and Estimation Procedures Motion will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.

TO THE EXTENT ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, IF YOU FILE A RESPONSE IN ACCORDANCE WITH THE ABOVE

PROCEDURES, PURSUANT TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION THE DEBTORS HAVE REQUESTED THE AUTHORITY TO ELECT, IN THEIR SOLE DISCRETION, TO PROVISIONALLY ACCEPT THE AMOUNT THAT YOU HAVE ASSERTED WOULD BE THE ALLOWABLE AMOUNT OF SUCH PROOF OF CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, AS THE ESTIMATED AMOUNT OF SUCH CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION AS APPROPRIATE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION.

The Bankruptcy Court will consider only those responses made as set forth herein and in accordance with the Amended Eighth Supplemental Case Management Order. If no responses to the Third Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in the Amended Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an order sustaining the Third Omnibus Objection without further notice. Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.



BY:

CARL ALLISON
MEGAN E CLARK ESQ
FREKING & BETZ
215 E 9TH ST
CINCINNATI OH 45202