## Exhibit B

## Bidding Procedures Order

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
     In re                                    :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                          Debtors.            :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

ORDER UNDER 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 2002
AND 9014 APPROVING (I) BIDDING PROCEDURES, (II) CERTAIN
BID PROTECTIONS, (III) FORM AND MANNER OF SALE
NOTICES, AND (IV) SETTING OF SALE HEARING IN
CONNECTION WITH SALE OF BRAKE HOSE BUSINESS

("BRAKE HOSE BUSINESS BIDDING PROCEDURES ORDER")

Upon the motion, dated January 26, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a) (i) approving the bidding procedures set forth herein and attached hereto as Exhibit 1 (the "Bidding Procedures"), (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing (the "Sale Hearing") and (b) authorizing and approving (i) the sale (the "Sale") of certain of the Debtors' assets (the "Purchased Assets"), which comprise the assets exclusively used in the Debtors' brake hose product line (the "Business") and certain intellectual property for $9.8 million and other consideration, free and clear of liens, claims, and encumbrances, to Harco Manufacturing Group, LLC (the "Purchaser") pursuant to the Sale And Purchase Agreement dated January 25, 2007 by and among Delphi Automotive Systems LLC

("DAS LLC") and Delphi Technologies, Inc. (collectively with DAS LLC, the "Selling Debtor Entities") and the Purchaser and Harco Brake Systems, Inc. (the "Agreement")[1] or to the Successful Bidder (as hereinafter defined) submitting a higher or otherwise better bid, (ii) the assumption and assignment of certain prepetition executory contracts and unexpired leases (the "Assigned Contracts") and the assignment of certain postpetition executory contracts and unexpired leases (the "Postpetition Contracts," and collectively with the Assigned Contracts, the "Assigned Contracts") to the Purchaser or the Successful Bidder, and (iii) the assumption of certain liabilities (the "Assumed Liabilities") by the Purchaser or the Successful Bidder; and upon the record of the Hearing on the Motion; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

  A. The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

  B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

  C. The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

D.   The notice given by the Debtors of the Motion and the Hearing constitutes due and sufficient notice thereof.

E.   The Debtors have articulated good and sufficient reasons for the Court to approve (i) the Bidding Procedures, (ii) the granting of certain bid protections as provided in the Agreement, (iii) the manner of notice of the Motion, the Sale Hearing, and the assumption and/or assignment of the Assigned Contracts, (iv) the form of notice of the Motion and the Sale Hearing to be distributed to creditors and other parties-in-interest, including prospective bidders, (v) the form of notice of the Cure Amounts (as defined below) and the assumption of the Assigned Contracts to be filed with the Court and served on parties to each Assigned Contract, and (vi) the setting of the Sale Hearing.

F.   The Debtors' payment to the Purchaser (as set forth in the Agreement) of the Break-Up Fee and the Expense Reimbursement (collectively, the "Bid Protections") (i) is an actual and necessary cost and expense of preserving their estates, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) is of substantial benefit to their estates, (iii) is reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Purchaser notwithstanding that the proposed Sale is subject to higher or better offers for the Purchased Assets, (iv) was negotiated by the parties at arms' length and in good faith, and (v) is necessary to ensure that the Purchaser will continue to pursue its proposed acquisition of the Purchased Assets. The Bid Protections were a material inducement for, and condition of, the Purchaser's entry into the Agreement. The Purchaser is unwilling to commit to hold open its offer to purchase the Purchased Assets under the terms of the Agreement unless it is assured of payment of the Bid Protections. Thus, assurance to the

3

Purchaser of payment of the Bid Protections has promoted more competitive bidding by inducing the Purchaser's bid that otherwise would not have been made, and without which other bidding would have been limited. Further, because the Bid Protections induced the Purchaser to research the value of the Purchased Assets and submit a bid that will serve as a minimum or floor bid on which other bidders can rely, the Purchaser has provided a benefit to the Debtors' estates by increasing the likelihood that the price at which the Purchased Assets are sold will reflect their true worth. Finally, absent authorization of the Bid Protections, the Debtors may lose the opportunity to obtain the highest or otherwise best available offer for the Purchased Assets.

       G.      The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Purchased Assets.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

<u>Bidding Procedures</u>

       1.      The Bidding Procedures, as set forth on <u>Exhibit 1</u> attached hereto and incorporated herein by reference as if fully set forth in this Order, are hereby approved and shall govern all proceedings relating to the Agreement and any subsequent bids for the Purchased Assets in these cases.

       2.      The Debtors may: (a) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer, (b) consult with the representative of any official committee or significant constituent in connection with the Bidding Procedures, and (c) reject at any time before entry of an order of the Court approving a Qualified Bid, any bid (other than the Purchaser's bid) which, in the Debtors' sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of

4

the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Debtors, their estate, and their creditors.  The Debtors are authorized (i) to terminate the Bidding Process or the Auction at any time if they determine, in their business judgment, that the Bidding Process will not maximize the value of the Purchased Assets to be realized by the Debtors' estates and (ii) seek Bankruptcy Court approval of the Agreement with Purchaser.

Sale Hearing

3.	The Sale Hearing shall be held before this Court on March 22, 2007 at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at which time the Court shall consider the Motion, the Successful Bidder, and confirm the results of the Auction, if any.  Objections to the Motion, if any, shall be filed and served no later than 4:00 p.m. (prevailing Eastern time) on March 15, 2007 (the "Objection Deadline").

4.	The failure of any objecting person or entity to timely file its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, or the Selling Debtor Entities' consummation and performance of the Agreement (including the transfer of the Purchased Assets and Assigned Contracts free and clear of liens, claims, and encumbrances), if authorized by the Court.

5.	The Sale Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than by announcement of the

adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

### Bid Protections

6.      The Bid Protections, as more fully described in the Motion and the Agreement, are hereby approved. The Debtors' obligation to pay the Bid Protections, as provided by the Agreement, shall survive termination of the Agreement and, until paid, shall constitute a superpriority administrative expense claim. The Debtors shall be authorized to pay the Bid Protections to the Purchaser in accordance with the terms of the Agreement without further order of the Court.

### Notice

7.      Notice of (a) the Motion, (b) the Sale Hearing, and (c) the proposed assumption and/or assignment of the Assigned Contracts to the Purchaser pursuant to the Agreement or to a Successful Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

      (a)  <u>Notice Of Sale Hearing</u>. On or before February 20, 2007 (the "Mailing Date"), the Debtors (or their agent) shall serve the Motion, the Agreement, the proposed Sale Order, the Bidding Procedures, and a copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) all entities known to have expressed an interest in a transaction with respect to the Purchased Assets during the past six months; (ii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon the Purchased Assets; (iii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; (iv) all parties to the Assigned Contracts; (v) all parties to the Postpetition Contracts; (vi) the United States Attorney's office; (vii) the Securities and Exchange Commission; (viii) the Internal Revenue Service; (ix) all entities that filed a notice of appearance or request for notice in these cases; and (x) counsel to the official committee of unsecured creditors and the official committee of equity security holders appointed in these cases.

(b) <u>Cure Notice</u>. On or before February 23, 2007, the Debtors shall file with the Court and serve on all non-Debtor parties to the Assigned Contracts a notice (the "Cure Notice"), substantially in the form attached hereto as <u>Exhibit 2</u>, of the cure amount necessary to assume the Assigned Contracts (the "Cure Amount"). The Debtors shall also file with the Court and serve on all non-Debtor parties to the Postpetition Contracts a Cure Notice providing any Cure Amount necessary to assign the Postpetition Contracts. Each non-Debtor party to the Assigned Contracts or Postpetition Contracts shall have ten days from the service of the Cure Notice to object to the Cure Amount and must state in its objection with specificity what Cure is required (with appropriate documentation in support thereof). If no objection is timely received, the Cure Amount set forth in the Cure Notice shall be controlling, notwithstanding anything to the contrary in any Assumed Contract, Postpetition Contract, or any other document, and the non-Debtor party to an Assumed Contract or Postpetition Contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims against the Debtors, the Purchaser, or the Successful Bidder (as appropriate), or the property of any of them, as to such Assumed Contract or Postpetition Contract, as the case may be.

(c) <u>Assumption/Assignment Notice For Purchaser</u>. On or before February 23, 2007, the Debtors shall file with the Court and serve on all non-Debtor parties to the Assigned Contracts a notice (the "Purchaser Assumption/Assignment Notice"), substantially in the form of the notice attached hereto as <u>Exhibit 3</u>, identifying the Purchaser as the party that will be assigned all of the Debtors' right, title, and interest in the Assigned Contracts, subject to completion of the bidding process provided under the Bidding Procedures. The Debtors shall also file with the Court and serve on all non-Debtor parties to the Postpetition Contracts a Purchaser Assumption/Assignment Notice identifying the Purchaser as the party that will be assigned all of the Debtors' rights, title, and interest in the Postpetition Contracts, subject to completion of the bidding process provided under the Bidding Procedures. The non-Debtor party to the Assumed Contract or Postpetition Contract shall have ten days from the service of the Purchaser Assumption/Assignment Notice to object to the proposed assumption and/or assignment to the Purchaser and must state in its objection, with specificity, the legal and factual basis of its objection. If no objection is timely received, the non-Debtor party to the Assumed Contract or Postpetition Contract shall be deemed to have consented to the assumption and assignment of the Assigned Contract to the Purchaser and shall be forever barred from asserting any objection with regard to the assumption and/or assignment.

(d) <u>Assumption/Assignment Notice For Qualified Bidders</u>. On or before March 5, 2007, the Debtors shall cause a notice (the "Qualified Bidder Assumption/Assignment Notice"), substantially in the form of the notice attached hereto as <u>Exhibit 4</u>, to be sent to each non-Debtor party to an Assumed Contract or Postpetition Contract identifying all Qualified Bidders. The non-Debtor party to the Assumed Contract or Postpetition Contract shall have ten days from the service of the Qualified Bidder Assumption/Assignment Notice to object to the proposed assumption and/or assignment to any Qualified Bidder and must state in its objection, with specificity, the legal and factual basis of its objection. If no objection is timely received, the non-Debtor

7

party to the Assumed Contract or Postpetition Contract and shall be deemed to have consented to the assumption and assignment of the Assumed Contract to the Purchaser or any Qualified Bidder and shall be forever barred from asserting any objection with regard to the assumption and/or assignment.

8.   This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9.   The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
        February __, 2007

                                              UNITED STATES BANKRUPTCY JUDGE