**Exhibit E**

**Cure Notice**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtor. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND/OR ASSIGNED
<u>WITH RESPECT TO THE SALE OF THE BRAKE HOSE BUSINESS</u>

PLEASE TAKE NOTICE THAT:

     1.    Pursuant to the Order Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P.

2002 And 9014  Approving  Bidding Procedures, (ii) Granting Certain Bid Protections, (iii)

Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing (the

"Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on February 15, 2007, Delphi Automotive Systems LLC ("DAS LLC") and Delphi Technologies, Inc. (together with DAS LLC, the "Selling Debtor Entities") have entered into a Sale And Purchase Agreement ("Agreement"), which Agreement is subject to an overbid auction, with Harco Manufacturing Group, LLC (the "Purchaser") and Harco Brake Systems, Inc. for the purchase of assets exclusively used the Debtors' brake hose business and certain intellectual property (the "Assets"). The Selling Debtor Entities hereby provide notice (the "Notice") of their intent to assume and/or assign the executory contract or unexpired lease (the "Assigned Contract") listed on Exhibit 1 hereto to the Successful Bidder with respect to the Assets. Capitalized terms used but not otherwise defined in this notice have the meanings ascribed to them in the Bidding Procedures Order.

        2.      On the date of the closing of the transactions contemplated by the Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Selling Debtor Entities will pay the amount the Selling Debtor Entities' records reflect is owing for prepetition arrearages, if any, as set forth on Exhibit 1 hereto (the "Cure Amount"). The Selling Debtor Entities' records reflect that all postpetition amounts owing under the Assigned Contract have been paid and will continue to be paid until the assumption and/or assignment of the Assigned Contract and that, other than the Cure Amount, there are no other defaults under the Assigned Contract.

        3.      Objections, if any, to the proposed Cure Amount must (a) be in writing, (b) state with specificity the cure asserted to be required, (c) include appropriate documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418), (e) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (f) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (g) be served in hard-copy form <u>so that they are actually received</u> within ten days of service of this Notice upon (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel for the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vii) counsel for the Purchaser, Coolidge Wall Co., L.P.A., 33 West First Street, Dayton, Ohio 45402 (Att'n: Ronald S. Pretekin), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

       4.       If an objection to the Cure Amount is timely filed, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States

Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule. A hearing regarding the Cure Amount, if any, may be continued at the sole discretion of the Selling Debtor Entities until after the Closing Date.

        5. If no objection is timely received, the Cure Amount set forth in <u>Exhibit 1</u> hereto shall be controlling, notwithstanding anything to the contrary in any Assigned Contract or any other document, and the non-Debtor party to the Assigned Contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims against the Debtors, the Purchaser, or the Successful Bidder (as appropriate), or the property of either of them, as to such Assigned Contract. The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Sale, or the Selling Debtor Entities' consummation and performance of the Agreement (including the transfer of the Assets and the Assigned Contracts free and clear of all Interests), if authorized by the Court.

6. Prior to the Closing Date, the Selling Debtor Entities may amend their decision with respect to the assumption and/or assignment of the Assigned Contract and provide a new notice amending the information provided in this Notice.

Dated: New York, New York
      February [●], 2007

                        SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP

                        By: _____
                            John Wm. Butler, Jr. (JB 4711)
                            John K. Lyons (JL 4951)
                            Ron E. Meisler (RM 3026)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois 60606
                        (312) 407-0700

                            - and -

                        By: _____
                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                          Debtors and Debtors-in-Possession