**<u>Exhibit C</u>**

**Sale Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                      :

    In re                                      :        Chapter 11

                                                      :

DELPHI CORPORATION, <u>et al.</u>,    :        Case No. 05-44481 (RDD)

                                                      :

                  Debtors.     :        (Jointly Administered)

                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 363 AND 365 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 AUTHORIZING AND APPROVING (I) SALE OF CERTAIN OF DEBTORS' ASSETS COMPRISING ASSETS EXCLUSIVELY USED IN DEBTORS' BRAKE HOSE BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES, AND (III) ASSUMPTION OF CERTAIN LIABILITIES</u>

("BRAKE HOSE BUSINESS SALE ORDER")

Upon the motion, dated January 26, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a) (i) approving bidding procedures, (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing (the "Sale Hearing") and (b) authorizing and approving (i) the sale (the "Sale") of certain of the Debtors' assets (the "Purchased Assets") comprising assets exclusively used in the Debtors' brake hose product line (the "Business") and certain intellectual property for $9.8 million and other consideration, free and clear of liens, claims, and encumbrances, to Harco Manufacturing Group, LLC (the "Purchaser") pursuant to the Sale And Purchase Agreement dated January 25, 2007 by and between Delphi Automotive Systems LLC ("DAS LLC") and Delphi Technologies, Inc. (together with DAS LLC, the "Selling Debtor Entities") and the

Purchaser and Harco Brake Systems, Inc. (the "Agreement")[1] or to the party submitting the highest or otherwise best bid (the "Successful Bidder"), (ii) the assumption and/or assignment of certain executory contracts and unexpired leases (including the Post-Petition Contracts) (the "Assigned Contracts") to the Purchaser or the Successful Bidder, and (iii) the assumption of certain liabilities (the "Assumed Liabilities") by the Purchaser or the Successful Bidder; and the Court having entered an order on February [●], 2007 (the "Bidding Procedures Order") (a) approving bidding procedures, (b) granting certain bid protections, (c) approving the form and manner of sale notices, and (d) setting the Sale Hearing; and the Sale Hearing having been held on February 15, 2007, at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having reviewed and considered (x) the Motion, (y) the objections thereto, if any, (z) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties-in-interest; and after due deliberation thereon, and sufficient cause appearing therefor,

    IT IS HEREBY FOUND AND DETERMINED THAT:[2]

    A.    The Court has jurisdiction over the Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement. A true and correct copy of the Agreement is attached hereto as <u>Schedule 1</u>.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

  B. The statutory predicates for the relief sought in the Motion are sections 363 and 365 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

  C. As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Sale, the assumption and/or assignment of the Assigned Contracts, and the Cure Amounts has been provided in accordance with 11 U.S.C. §§ 102(l), 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, or the assumption and/or assignment of the Assigned Contracts is or shall be required.

  D. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtors have marketed the Purchased Assets and conducted the sale process in compliance with the Bidding Procedures Order and the Auction was duly noticed and conducted in a non-collusive, fair, and good faith manner.

  E. The Selling Debtor Entities (i) have full power and authority to execute the Agreement and all other documents contemplated thereby, and the transfer and conveyance of the Purchased Assets by the Selling Debtor Entities has been duly and validly authorized by all necessary action of the Selling Debtor Entities, (ii) have all of the power and authority necessary to consummate the transactions contemplated by the Agreement, and (iii) have taken all action necessary to authorize and approve the Agreement and the consummation by the Selling Debtor Entities of the transactions contemplated thereby, and no consents or approvals,

other than those expressly provided for in the Agreement, are required for the Selling Debtor Entities to consummate such transactions.

    F.  The Debtors have demonstrated (i) good, sufficient, and sound business purpose and justification for the Sale because, among other things, the Debtors and their advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Purchased Assets and determined that the terms and conditions set forth in the Agreement, and the transfer to Purchaser of the Purchased Assets pursuant thereto, represent a fair and reasonable purchase price and constitute the highest or otherwise best value obtainable for the Purchased Assets and (ii) compelling circumstances for the Sale pursuant to 11 U.S.C. § 363(b) prior to, and outside of, a plan of reorganization because, among other things, absent the Sale the value of the Purchased Assets will be substantially diminished.

    G.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including without limitation: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Purchaser, (iii) counsel for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases, (iv) counsel for the Official Committee of Equity Security Holders appointed in these chapter 11 cases, (v) all entities known to have expressed an interest in a transaction with respect to the Purchased Assets during the past six months, (vi) all entities known to have asserted any Interests and/or Claims (as defined below) in or upon the Purchased Assets, (vii) all federal, state, and local regulatory or taxing authorities or recording offices, including but not limited to environmental regulatory authorities, which have a reasonably known interest in the relief requested by the Motion, (viii) all parties to Assigned Contracts, (ix) the United States Attorney's office, (x) the United States Department of Justice,

(xi) the Securities and Exchange Commission, (xii) the Internal Revenue Service, (xiii) all entities on the Master Service List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(M), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883) (the "Supplemental Case Management Order")), and (xiv) such other entities as are required to be served with notices under the Supplemental Case Management Order.

H.     The Purchaser is not an "insider" of any of the Debtors as that term is defined in 11 U.S.C. § 101(31).

I.     The Agreement was negotiated, proposed, and entered into by the Selling Debtor Entities and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Selling Debtor Entities nor the Purchaser have engaged in any conduct that would cause or permit the Sale to be avoidable under 11 U.S.C. § 363(n).

J.     The Purchaser is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Agreement at all times after the entry of this Sale Order.

K.     The consideration provided by the Purchaser for the Purchased Assets pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Purchased Assets, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

    L. The Sale must be approved and consummated promptly to preserve the viability of the Business as a going concern.

    M. With the exception of the Assumed Liabilities and the Permitted Liens, the transfer of the Purchased Assets to the Purchaser shall be a legal, valid, and effective transfer of the Purchased Assets, and shall vest the Purchaser with all right, title, and interest of the Selling Debtor Entities to the Purchased Assets free and clear of any and all liens, claims, interests, and encumbrances of any type whatsoever (whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to October 8, 2005, and whether imposed by agreement, understanding, law, equity, or otherwise, including claims otherwise arising under doctrines of successor liability), including, but not limited to those (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Selling Debtor Entities' or the Purchaser's interest in the Purchased Assets, or any similar rights, and (ii) relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Business prior to the transfer of the Purchased Assets to the Purchaser (collectively, the "Interests and/or Claims").

    N. If the Sale of the Purchased Assets were not free and clear of all Interests and/or Claims as set forth in the Agreement and this Sale Order, or if the Purchaser would, or in the future could, be liable for any of the Interests and/or Claims as set forth in the Agreement and this Sale Order, the Purchaser would not have entered into the Agreement and would not

6

consummate the Sale or the transactions contemplated by the Agreement, thus adversely affecting the Debtors, their estates, and their creditors.

O.      The Selling Debtor Entities may sell their interests in the Purchased Assets free and clear of all Interests and/or Claims because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  All holders of Interests and/or Claims who did not object, or withdrew their objections to the Sale, are deemed to have consented to the Sale pursuant to 11 U.S.C. § 363(f)(2).  Those holders of Interests and/or Claims who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their Interests and/or Claims, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an Interest or Claim.

P.      The (i) transfer of the Purchased Assets to the Purchaser and (ii) assumption and/or assignment to the Purchaser of the Assigned Contracts and Assumed Liabilities will not subject the Purchaser to any liability whatsoever with respect to the operation of the Business prior to the Closing of the Sale or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.

Q.      The Selling Debtor Entities have demonstrated that it is an exercise of their sound business judgment to assume and/or assign the Assigned Contracts to the Purchaser in connection with the consummation of the Sale, and the assumption and/or assignment of the Assigned Contracts is in the best interests of the Debtors, their estates, and their creditors.  The Assigned Contracts being assigned to, and the liabilities being assumed by, the Purchaser are an

7

integral part of the Purchased Assets being purchased by the Purchaser and, accordingly, such assumption and assignment of Assigned Contracts and liabilities are reasonable, enhance the value of the Debtors' estates, and do not constitute unfair discrimination.

R.  The Selling Debtor Entities have (i) cured, or have provided adequate assurance of cure, of any default existing prior to the Closing of the Sale under any of the Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), by payment of the amounts provided on <u>Schedule 2</u> hereto and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B), and the Purchaser has provided adequate assurance of its future performance of and under the Assigned Contracts, within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).  The Court hereby finds that the Assigned Contracts to be assumed and/or assigned under the Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of the Purchaser notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer, pursuant to 11 U.S.C. § 365(f).

S.  Approval of the Agreement and consummation of the Sale of the Purchased Assets and assignment of the Assigned Contracts at this time are in the best interests of the Debtors, their creditors, their estates, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

<u>General Provisions</u>

1.  The Motion is GRANTED.

8

Approval Of The Agreement

2.      Pursuant to 11 U.S.C. § 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

3.      Pursuant to 11 U.S.C. § 363(b), the Selling Debtor Entities are authorized to perform their obligations under the Agreement and comply with the terms thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

4.      Each of the signatories to the Agreement is directed to take all actions necessary or appropriate to effectuate the terms of this Sale Order.

5.      The Selling Debtor Entities are authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession the Purchased Assets and the Assigned Contracts, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

6.      This Sale Order and the Agreement shall be binding in all respects upon all creditors (whether known or unknown) of the Debtors, the Purchaser, all successors and assigns of the Purchaser and the Selling Debtor Entities, all affiliates and subsidiaries of the Purchaser and the Selling Debtor Entities, and any subsequent trustees appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code and shall not be

subject to rejection.  To the extent any provision of this Sale Order is inconsistent with the terms of the Agreement, this Sale Order shall govern.

7. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; <u>provided</u> that any such modification, amendment, or supplement is not material.

Sale And Transfer Of The Purchased Assets

8. Except as expressly permitted or otherwise specifically provided for in the Agreement or this Sale Order, pursuant to 11 U.S.C. §§ 363(b) and 363(f), upon the consummation of the Agreement, the Purchased Assets shall be transferred to the Purchaser free and clear of all Interests and/or Claims, with all such Interests and/or Claims to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they now have as against the Purchased Assets, subject to any claims and defenses the Debtors may possess with respect thereto.

9. The transfer of the Purchased Assets to the Purchaser pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Purchased Assets, and shall vest the Purchaser with all right, title, and interest of the Selling Debtor Entities in and to the Purchased Assets free and clear of all Interests and/or Claims of any kind or nature whatsoever.

10. If any person or entity which has filed financing statements, mortgages, mechanic's liens, <u>lis pendens</u>, or other documents or agreements evidencing Interests and/or Claims against or in the Purchased Assets shall not have delivered to the Debtors prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination

statements, instruments of satisfaction, releases of all Interests and/or Claims that the person or entity has with respect to the Purchased Assets, or otherwise, then (a) the Debtors are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Purchased Assets and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Interests and/or Claims in the Purchased Assets of any kind or nature whatsoever.

11.     This Sale Order (a) shall be effective as a determination that, upon the Closing of the Sale, all Interests and/or Claims of any kind or nature whatsoever existing as to the Debtors or the Purchased Assets prior to the Closing of the Sale have been unconditionally released, discharged, and terminated (other than any surviving obligations), and that the conveyances described herein have been effected and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

12.     Except as expressly permitted or otherwise specifically provided by the Agreement or this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, and other creditors, holding Interests and/or Claims of any kind or nature

11

whatsoever against or in the Debtors or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Business, the Purchased Assets, the operation of the Business prior to the Closing of the Sale, or the transfer of the Purchased Assets to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successor or assign its property, or the Purchased Assets, such persons' or entities' Interests and/or Claims.

13.     Upon the consummation of the transactions contemplated by the Agreement, the Purchaser shall not be deemed to (a) be the successor of the Selling Debtor Entities, (b) have, de facto or otherwise, merged with or into the Selling Debtor Entities, (c) be a mere continuation or substantial continuation of the Selling Debtor Entities or the enterprise(s) of the Selling Debtor Entities, or (d) be liable for any acts or omissions of the Selling Debtor Entities in the conduct of the Business.

<u>Assumption And Assignment To The Purchaser Of The Assumed Contracts</u>

14.     Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the Closing of the Sale, the Selling Debtor Entities' assumption and assignment to the Purchaser, and the Purchaser's assumption on the terms set forth in the Agreement, of the Assigned Contracts is hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f) with respect thereto are hereby deemed satisfied.

15.     The Selling Debtor Entities are hereby authorized in accordance with 11 U.S.C. §§ 105(a), 363, and 365 to (a) assume and/or assign to the Purchaser, effective upon the Closing of the Sale, the Assigned Contracts free and clear of all Interests and/or Claims of any kind or nature whatsoever and (b) execute and deliver to the Purchaser such documents or other

instruments as may be necessary to assign and transfer the Assigned Contracts and Assumed Liabilities to the Purchaser.

16. The Assigned Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assigned Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), the Debtors shall be relieved from any further liability with respect to the Assigned Contracts after the assignment to and assumption by the Purchaser.

17. All defaults or other obligations of the Debtors under the Assigned Contracts arising or accruing prior to the Closing of the Sale (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by the Selling Debtor Entities at the Closing of the Sale or as soon thereafter as practicable, and the Purchaser shall have no liability or obligation arising or accruing prior to the date of the Closing of the Sale, except as otherwise expressly provided in the Agreement.  Each non-debtor party to any Assigned Contracts is deemed to have consented to the assumption and/or assignment of the Assigned Contracts to the Purchaser and is forever barred, estopped, and permanently enjoined from asserting against the Debtors or the Purchaser, or the property of any of them, any default existing, arising, or accruing as of the date of the Closing or any purported written or oral modification to the Assigned Contracts.  The failure of the Debtors or the Purchaser to enforce prior to the Closing of the Sale one or more terms or conditions of any Assumed Contracts shall not be a waiver of such terms or conditions, or of the

13

Debtors' or Purchaser's rights to enforce every term and condition of any such Assigned Contracts.

Additional Provisions

18.  The consideration provided by the Purchaser for the Purchased Assets under the Agreement is hereby deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the United States, and any state, territory, possession, or the District of Columbia.

19.  Upon the Closing of the Sale, this Sale Order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Purchased Assets and the Assigned Contracts or a bill of sale transferring good and marketable title in the Purchased Assets and Assigned Contracts to the Purchaser pursuant to the terms of the Agreement.

20.  Except as otherwise provided in the Agreement, upon the Closing of the Sale, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective Interests and/or Claims against the Purchased Assets, if any, as may have been recorded or may otherwise exist.

21.  Each and every federal, state, and governmental agency or department, and any other person or entity, is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

22. All entities who are currently, or as of the Closing of the Sale may be, in possession of some or all of the Purchased Assets to be sold, transferred, or conveyed pursuant to the Agreement are hereby directed to surrender possession of the Purchased Assets to the Purchaser upon the Closing of the Sale.

23. The Purchaser shall have no liability or responsibility for any liability or other obligation of the Selling Debtor Entities arising under or related to the Purchased Assets other than for the Assumed Liabilities and the Permitted Liens.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the Agreement, the Purchaser shall not be liable for any claims against the Selling Debtor Entities or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character whether known or unknown as of the Closing of the Sale, now existing or hereafter arising, whether fixed or contingent, with respect to the Business or any obligations of the Selling Debtor Entities arising prior to the Closing of the Sale, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Business prior to the Closing of the Sale.

24. Under no circumstances shall the Purchaser be deemed a successor of or to the Selling Debtor Entities for any Interest or Claim against or in the Business or the Purchased Assets of any kind or nature whatsoever. The sale, transfer, assignment, and delivery of the Purchased Assets shall not be subject to any Interests and/or Claims, and Interests and/or Claims of any kind or nature whatsoever shall remain with, and continue to be obligations of, the Selling Debtor Entities.  All persons holding Interests and/or Claims against or in the Debtors or the Purchased Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such

15

Interests and/or Claims of any kind or nature whatsoever against the Purchaser, its property, its successors and assigns, or the Purchased Assets with respect to any Interest or Claim of any kind or nature whatsoever which such person or entity had, has, or may have against or in the Selling Debtor Entities, their estates, their officers, their directors, their shareholders, or the Purchased Assets. Following the Closing of the Sale, no holder of an Interest or Claims in the Debtors shall interfere with the Purchaser's title to or use and enjoyment of the Purchased Assets based on or related to such Interest or Claim, or any actions that the Debtors may take in their chapter 11 cases.

25. The transactions contemplated by the Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Purchased Assets shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Purchased Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

26. The consideration provided by the Purchaser for the Purchased Assets under the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

27. The Selling Debtor Entities, including, but not limited to, their officers, employees, and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Agreement and this Sale Order. The Selling Debtor Entities shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of this Sale Order.

16

28.     The terms and provisions of the Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Selling Debtor Entities, their estates, and their creditors, the Purchaser, and their respective affiliates, successors, and assigns, and any affected third parties, including, but not limited to, all persons asserting an Interest or Claim in the Purchased Assets to be sold to the Purchaser pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee, party, entity, or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee, party, entity, or other fiduciary such terms and provisions likewise shall be binding.

29.     Notwithstanding anything contained herein to the contrary, the term "Purchased Assets" as defined herein does not include property that is not property of the Selling Debtor Entities' estates, such as funds that are trust funds under any applicable state lien laws.

30.     To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale.

31.     The failure specifically to include or to reference any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

32.     The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, <u>provided</u> that any such modification,

17

amendment, or supplement does not have a material adverse effect on the Selling Debtor Entities' estates.

33.     The provisions of this Sale Order are nonseverable and mutually dependent.

34.     Nothing in this Sale Order shall alter or amend the Agreement and the obligations of the Selling Debtor Entities and the Purchaser thereunder.

35.     This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this Sale Order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Purchaser, (b) compel delivery of the purchase price or performance of other obligations owed to the Debtors pursuant to the Agreement, (c) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this Sale Order, (e) protect the Purchaser against any Interests and/or Claims against the Debtors or the Purchased Assets, of any kind or nature whatsoever, attaching to the proceeds of the Sale, and (f) determine all disputes among the Debtors, the Purchaser, and any non-debtor parties to any Assigned Contracts concerning, inter alia, the Selling Debtor Entities' assumption and/or assignment of any Assigned Contract to the Purchaser under the Agreement.

36.     Notwithstanding Rules 6004(g) and 6006(d) of the Federal Rules of Bankruptcy Procedure or any other Bankruptcy Rule, this Sale Order shall take effect immediately upon its entry.

37.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
        [ ___ ], 2007

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE