UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:
In re : Chapter 11
:
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER SUSPENDING FURTHER PROCEEDINGS ON
DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 365 AND FED. R.
BANKR. P. 6006 AUTHORIZING REJECTION OF CERTAIN
<u>EXECUTORY CONTRACTS WITH GENERAL MOTORS CORPORATION</u>

("GM CONTRACT REJECTION
MOTION NO. 1 PROCEEDINGS SUSPENSION ORDER")

Upon the Motion For Order Under 11 U.S.C. § 365 And Fed. R. Bankr. P. 6006 Authorizing Rejection Of Certain Executory Contracts With General Motors Corporation, dated March 31, 2006 (Docket No. 3033) (the "Motion"), filed by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the response of the Official Committee of Unsecured Creditors, dated June 15, 2006 (Docket No. 4198), the preliminary and supplemental objections of General Motors Corporation, dated April 12, 2006 and June 5, 2006, respectively (Docket Nos. 3210 and 4019), the preliminary objection and response and supplemental limited objection of the Ad Hoc Equity Committee, dated April 17, 2006 and August 8, 2006, respectively (Docket Nos. 3243 and 4879), the limited objection of SPS Technologies, Inc., SPS Technologies Waterford Company, and Greer Stop Nut, Inc., dated May 2, 2006 (Docket No. 3567), and the preliminary and limited objections of the Official Committee of Equity Security Holders, dated

May 26, 2006 and June 12, 2006, respectively (Docket Nos. 3926 and 4128) (collectively with the objectors and responders, the "Respondents"); and upon the Debtors' Omnibus Response To Objections To Debtors' Motion For Order Under 11 U.S.C. § 365 And Fed. R. Bankr. 6006 Authorizing Rejection Of Certain Executory Contracts With General Motors Corporation, dated June 15, 2006 (Docket No. 4203); and the Debtors having originally noticed the Motion for hearing on the omnibus hearing date of May 12, 2006, which was subsequently adjourned by the Court; and the Court having issued a Pretrial And Scheduling Order Relating To Debtors' Motion For Order Under 11 U.S.C. § 365 And Fed. R. Bankr. P. 6006 Authorizing Rejection Of Certain Executory Contracts With General Motors Corporation, dated June 13, 2006 (Docket No. 4169) (the "Pretrial And Scheduling Order"); and the Court having issued a series of scheduling orders thereafter adjourning commencement of a hearing on the Motion and directing the participation of the Debtors and the Respondents in in-camera status conferences from time to time;[1] and the Debtors having filed an Expedited Motion For Order Authorizing And Approving The Equity Purchase And Commitment Agreement Pursuant To Sections 105(a), 363(b), 503(b) and 507(a) Of The Bankruptcy Code And The Plan Framework Support Agreement Pursuant To Sections 105(a), 363(b), And 1125(e) Of The Bankruptcy Code on December 18, 2006 (Docket No. 6179) (the "Plan Investment and Framework Support Motion"); and the Court having issued an Order Authorizing And Approving The Equity Purchase And Commitment Agreement Pursuant To Sections 105(a), 363(b), 503(b) and 507(a) Of The Bankruptcy Code And The Plan Framework Support Agreement Pursuant To Sections 105(a), 363(b), And 1125(e) Of The Bankruptcy Code on January 12, 2007 (Docket No. 6589) (the "Plan Investment and Framework Support Order"); and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1]    Subsequent scheduling orders have been entered by the Court at docket nos. 5400, 5538, 5658, 6147, and 6420.

ORDERED, ADJUDGED, AND DECREED THAT:

The Pretrial And Scheduling Order shall remain in full force and effect except as follows:

1. Further proceedings on the Motion are suspended until further order of the Court; provided, however, that the Court shall promptly conduct a chambers conference with the Debtors and the Respondents within five business days of the termination of either of the EPCA or PSA (as such agreements are defined in the Plan Investment and Framework Support Order, collectively, the "Framework Agreements") to determine an appropriate schedule with respect to any hearing on the Motion, as may then be requested by the Debtors, and issues related thereto. Parties shall be permitted to participate telephonically in such status conference.

2. The Court shall conduct an in-person, in-camera status conference pursuant to 11 U.S.C. § 105(d)(1) with the Debtors and the Respondents at 3:00 p.m. (Prevailing Eastern Time) on April 25, 2007.

Dated: New York, New York
       January 31, 2007

>                                    /s/Robert D. Drain
>                                    UNITED STATES BANKRUPTCY JUDGE