UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                              :      Chapter 11
:
DELPHI CORPORATION, et al.,           :      Case No.  05 - 44481 (RDD)
:
                            Debtors.             :      (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER SUSPENDING FURTHER PROCEEDINGS ON DEBTORS' MOTION FOR
ORDER UNDER 11 U.S.C. § 1113(c) AUTHORIZING REJECTION OF
COLLECTIVE BARGAINING AGREEMENTS AND AUTHORIZING
MODIFICATION OF RETIREE WELFARE BENEFITS UNDER 11 U.S.C. § 1114(g)

("SECTION 1113 AND 1114 PROCEEDINGS SUSPENSION ORDER")

Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 1113 and 1114 of the Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 establishing notice procedures, briefing schedule, and hearing date regarding the Debtors' Motion To (a) Reject Collective Bargaining Agreements Under Section 1113(c) And (b) Eliminate Retiree Medical And Life Insurance Benefits For Union-Represented Retirees Under Section 1114(g) (the "1113/1114 Motion"); and this Court having entered an order granting the Motion on October 13, 2005 (Docket No. 232);[2] and the Court having received and reviewed various objections and responses

---

[1] As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended.
[2] Subsequent scheduling orders have been entered by the Court at docket nos. 2225, 2425, 2996, 4170, 5058, 5221, 5399, 5539, 5662, 6148, and 6419.

to the 1113/1114 Motion filed by various parties (collectively, the "Respondents");[3] and the Court having commenced the contested hearing on the 1113/1114 Motion on May 9, 2006 and conducted hearings on the contested motion on various trial dates in May and June 2006; and the Court having adjourned the contested hearing on the 1113/1114 Motion to a date to be determined and the deadlines for a ruling on the 1113/1114 Motion to January 31, 2007 pursuant to the Ninth Amended Section 1113 And 1114 Scheduling Order on November 22, 2006 (Docket No. 5662); and the Court having conducted in-camera status conferences from time to time so that the Court could be apprised by the Debtors and the Respondents of the status of negotiations regarding consensual resolution of the 1113/1114 Motion; and the Debtors having filed an Expedited Motion For Order Authorizing And Approving The Equity Purchase And Commitment Agreement Pursuant To Sections 105(a), 363(b), 503(b) and 507(a) Of The Bankruptcy Code And The Plan Framework Support Agreement Pursuant To Sections 105(a), 363(b), And 1125(e) Of The Bankruptcy Code on December 18, 2006 (Docket No. 6179) (the "Plan Investment and Framework Support Motion"); and the Court having issued an Order Authorizing And Approving The Equity Purchase And Commitment Agreement Pursuant To Sections 105(a), 363(b), 503(b) and 507(a) Of The Bankruptcy Code And The Plan Framework Support Agreement Pursuant To Sections 105(a), 363(b), And 1125(e) Of The Bankruptcy Code on January 12, 2007 (Docket No. 6589) (the "Plan Investment and Framework Support Order"); and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[3]  Objections and responses have been filed at docket numbers 3314, 3317, 3322, 3330, 3332, 3342, 3346, 3353, 3356, 3561, and 3628.

ORDERED, ADJUDGED, AND DECREED THAT:

1. In light of the Plan Investment and Framework Support Order and in connection with the continuing out-of-court discussions among the Debtors and the Respondents, further proceedings on the 1113/1114 Motion are suspended until further order of the Court; provided, however, that the Court shall promptly conduct a chambers conference with the Debtors and the Respondents within five business days of the termination of either of the EPCA or PSA (as such agreements are defined in the Plan Investment and Framework Support order, collectively, the "Framework Agreements") to set a hearing date on the 1113/1114 Motion as may be then be requested by the Debtors. Parties shall be permitted to participate telephonically in such chambers conference.

2. The Court shall conduct an in-person, in-camera chambers conference pursuant to 11 U.S.C. § 105(d)(1) with the Debtors, the Respondents, and the Official Committee of Equity Security Holders (collectively, the "Parties") at 3:00 p.m. (Prevailing Eastern Time) on April 25, 2007 so that the Court can be apprised by the Parties of the status of the Framework Agreements and negotiations regarding the consensual resolution of the 1113/1114 Motion. Parties shall be permitted to participate telephonically in such status conference.

3. The date by which a ruling on the 1113/1114 Motion shall be issued pursuant to 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2) shall be extended, with the consent of the Debtors and the Respondents (to the extent required by statute) to May 1, 2007 (which is the outside date for a disclosure statement to be filed by the Debtors pursuant to the Framework Documents); provided, however, that if the Debtors have filed a disclosure statement on or prior to May 1, 2007, the 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2) dates shall be further extended, with the consent of the Debtors and the Respondents (to the extent required by

statute) to July 31, 2007. The parties reserve their right to agree to additional extensions beyond these dates.

Dated:    New York, New York
           January <u>31</u>, 2007

                          /s/Robert D. Drain
                          UNITED STATES BANKRUPTCY JUDGE