UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                       :
    In re                                                   :        Chapter 11
                                                       :
DELPHI CORPORATION, et al.,          :        Case No. 05-44481 (RDD)
                                                       :
                               Debtors.   :        (Jointly Administered)
                                                       :
------------------------------------------------------x

DECLARATION AND DISCLOSURE OF WILLIAM L. SOLLEE, JR. IN SUPPORT OF
APPLICATION FOR ENTRY OF ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND
FED. R. BANKR. P.2014 AUTHORIZING EMPLOYMENT AND RETENTION OF IVINS,
PHILLIPS & BARKER AS SPECIAL PENSION BENEFITS TAX COUNSEL
<u>TO DEBTORS NUNC PRO TUNC TO NOVEMBER 1, 2006</u>

       I, William L. Sollee, Jr., declare under penalty of perjury as follows:

       1.       I am a shareholder in the law firm of Ivins, Phillips & Barker ("IPB"), which maintains offices in Washington, D.C. and Los Angeles, California. The name, address, and telephone number for IPB are as follows:

>    Ivins, Phillips & Barker
>    1700 Pennsylvania Ave., NW
>    Suite 600
>    Washington, D.C. 20006
>    Telephone: (202) 393-7600
>    Facsimile: (202) 393-7601

       2.       I am a member in good standing of the bar of the State of Maryland and of the bar of the District of Columbia.

       3.       I submit this declaration (this "Declaration"), pursuant to Rule 2014 of the Federal Rule Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for this Court (the "Local Rules"), in connection with the application of Delphi Corporation ("Delphi" or the "Company") and certain of its subsidiaries and affiliates, debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order, pursuant to sections 327(e) and 1107(b) of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), authorizing the retention and employment of IPB as special pension benefits tax counsel, nunc pro tunc to November 1, 2006 (the "Application").[1]  This Declaration shall also constitute IPB's disclosure of compensation required by Bankruptcy Rule 2016(b), Local Rule 2016-1, and Section 329 of the Bankruptcy Code.

4. I am authorized to make this Declaration on IPB's behalf and, unless otherwise stated, I have personal knowledge of the facts set forth herein. Certain disclosures herein relate to matters within the knowledge of other attorneys at IPB and are based on information provided to me by them.

IPB's Retention And Representation

5. Based on the consistently high-quality legal service provided by IPB to Delphi's tax department over the past several years, IPB was selected by the Debtors to provide legal advice and services regarding the Debtors' compensation and employee benefit plans and arrangements and related issues. See Affidavit of Legal Ordinary Course Professional dated November 9, 2005 and attached as Exhibit 1 hereto.  More specifically, IPB was also retained to prepare a minimum funding waiver request and an Internal Revenue Code ("Code") § 414(l) transfer request that are to be submitted to the Internal Revenue Service (hereinafter, "PLR requests") on behalf of Delphi.  Hereinafter, the services described in this paragraph will be referred to as "Pension Benefit Services."

6. In connection with the Pension Benefit Services, IPB, under the direction of the Delphi tax staff, is reviewing documents, including Delphi's plan documents and financial

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

statements, drafting, revising and editing the PLR requests, advising Delphi on employee benefit plan matters related to the PLR requests, and performing related tasks.

      7.      Founded in 1936, IPB is a law firm that practices exclusively in the areas of tax, employee benefits, and estate planning. Approximately half of IPB's 28 attorneys have extensive experience in legal services relating to employee benefits, and several of those attorneys have experience preparing private letter ruling requests involving pension benefit issues. I understand that the Debtors selected IPB as its counsel with respect to the Pension Benefits Services because IPB is a national leader in the provision of legal services relating to both employee benefits issues generally and pension benefit issues specifically. In connection therewith, IPB has become familiar with the pension benefit issues relevant to Delphi and the PLR requests.

      8.      In light of IPB's existing client representations on unrelated matters and, as discussed below, the Debtors' engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as general bankruptcy counsel, along with their retention of (a) Shearman & Sterling LLP ("Shearman") as special counsel; (b) O'Melveny & Myers LLP ("O'Melveny") as special labor counsel; (c) Wilmer Cutler Pickering Hale and Door LLP ("WCPHD") as special regulatory counsel; (d) Banner & Witcoff, Ltd ("Banner"), as special intellectual property counsel; (e) Cantor Colburn LLP ("Cantor") as special patent counsel; (g) Butzel Long, PC ("Butzel") as special commercial litigation counsel; and (h) Groom Law Group Chartered ("Groom" and collectively with the other professionals the Debtors retain by order of the Court in their chapter 11 cases, the "Other Special Counsel") as special employee benefits counsel, IPB will not be responsible for and will not undertake any representation of the Debtors with respect to either (x) advising the Debtors concerning specific contracts and claims of certain of IPB's existing clients, or (y) reviewing, interpreting, or commenting on the specific contracts and

3

claims of certain of IPB's existing clients. These existing client relationships, and the scope of the carve-out from IPB's retention, are discussed more fully below.

9. I understand that the Debtors may request that IPB undertake specific matters beyond the limited scope of the responsibilities set forth above. Should IPB agree in its discretion to undertake any such matter, it is IPB's understanding that the Debtors shall seek further order of this Court authorizing IPB's retention for such additional purposes.

10. IPB recognizes the need to, and will, take all steps reasonably necessary, together with Skadden, as the Debtor's general bankruptcy counsel, and the Other Special Counsel, to ensure that there is no duplication of effort or work between Skadden and the Other Special Counsel, on the one hand, and IPB on the other hand, and will continue to do so. It is IPB's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel. IPB believes that its lawyers and Skadden and the Other Special Counsel have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

11. IPB does not hold any claim against and is not owed any money on account of any services provided to any of the Debtors prior to the petition date.[2]

IPB's Disclosure Procedures

12. Skadden forwarded to IPB a list of the principle parties-in-interest in these chapter 11 cases, including the Debtors' and Delphi's domestic and foreign subsidiaries, joint owners of subsidiaries, directors, officers, key executives, lenders, insurers, underwriters, unions, major

---

[2] It should be noted that on December 13, 2006, IPB sold, transferred, and assigned to Hain Capital Holdings, LLC ("Hain Capital") all of its right, title, interest, claims, and causes of action in and to, or arising under or in connection with, its claim in the amount of $25,061.30 against Delphi Automotive Systems LLC. On December 27, 2006, Hain Capital filed a Notice Of Transfer Of Claim (Docket No. 6538) with this Court.

4

equity- and note-holders, customers, vendors, and counterparties to major leases and contracts, among other entities with possible connections to these cases. The entities referenced in this paragraph are referred to collectively as the "Interested Parties."

13. In preparing this Declaration, I implemented procedures developed by IPB to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of IPB as special counsel in the Debtors' chapter 11 cases (the "IPB Disclosure Procedures"). The statements and disclosures contained herein are based on the results of the IPB Disclosure Procedures. Pursuant to the IPB Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain IPB's connections to the Interested Parties:

(a) I directed IPB personnel to compare the list of Interested Parties to the names that IPB has compiled in a master client database from its conflict clearance and billing records, comprised of the names of the entities for which any attorney time charges have been billed since January 1, 2003 (the "Client Database"). The Client Database includes the name of each current or former client, the names of the parties who are or were related or adverse to such current or former client in the matters on which we represented the client, and the names of the IPB personnel who are or were responsible for current or former matters for each such client.

(b) Any matches between the Client Database and the list of Interested Parties were identified (the "Client Matches").

(c) IPB personnel then reviewed the Client Matches and deleted obvious name coincidences and individuals or entities that were adverse to IPB's client in both this matter and the respective matters referenced in the Client Matches. The remaining client connections were compiled for purposes of this Declaration.

IPB's Connections

14. The disclosures in this subsection are the product of implementing the IPB Disclosure Procedures, and they disclose IPB's connections with the Interested Parties for purposes of Bankruptcy Rule 2014.

5

A. <u>Representations Adverse To Delphi</u>.

15. Delphi, on behalf of itself and its affiliates, has waived certain non-disqualifying conflicts and agreed that IPB may represent other of its current and future clients on a basis adverse to Delphi in any matter, including with respect to the Company's pending chapter 11 cases, provided such other engagements are not related directly to the Pension Benefit Services being provided by IPB. With respect to such engagements, IPB represents General Motors Corporation on matters adverse or potentially adverse to the Debtors.

16. In general, IPB lawyers who are involved in representing its other clients on matters adverse or potentially adverse to the Debtors have not been and will not be involved in providing any of the Pension Benefit Services to Delphi.

B. <u>Representations Of Interested Parties Or Their Affiliates</u>.

17. IPB previously or currently represents and may represent in the future, in matters wholly unrelated to these chapter 11 cases, the following Interested Parties or, in some instances, their affiliates:[3]

> Allegney Technologies; AT&T Wireless; Baker Hughes Incorporated; Bank of New York; BASF Corporation; Bayer AG; Caterpillar, Inc.; DaimlerChrysler Corp., US; Dana Corporation; Delphi Corporation; Entergy Services, Inc.; Exxon Mobil Corp.; Federal Express Corporation; Ford Motor Co.; General Electric Capital Corporation; General Electric Co. Inc.; General Motors Corp.; Hewlett Packard Co.; Hitachi Automotive Products; Hitachi Ltd.; Hitachi Chemical Asia Pacific; IBM Corporation; Jeffries & Company, Inc.; John Deere; Johnson Controls Inc. (JCI); Lockheed Martin Corp.; Milliken Company; Morris, Nichols, Arsht & Tunnell; Motorola, Inc.; National Semiconductor Corporation; PSE&G NJ; Raytheon Company; Shell Oil; TRW; TRW Automotive; Visteon Automotive Systems; Vulcan Ventures, Inc.; Watson Wyatt & Company; & Wilmington Trust Company.

---

[3] In order to maintain consistency between the list of Interested Parties provided to IPB and the disclosures in Paragraphs 15 through 17, the names of these entities are written the same way as they appear on that list even though in many instances the names on the list are incomplete or fail to reflect that certain entities have since been merged into or otherwise acquired by others.

6

18. Some of our attorneys, in the context of their personal finances, may directly or indirectly own publicly traded securities in the Debtors or certain non-Debtor Interested Parties. We have not listed or inquired about those connections with specificity because we do not believe they have any bearing on our representation of Delphi with respect to the Pension Benefit Services.[4]

19. To the best of my knowledge, neither IPB, nor its partners, counsel, or associates have any connections to (A) the Assistant U.S. Trustee for Region 2, her staff, or individuals employed by the Office of the United States Trustee for the Southern District of New York, Manhattan and White Plains divisions, or (B) the Bankruptcy Judge presiding over these chapter 11 cases or his chambers staff.

20. IPB has a diverse client base. From the list of Interested Parties that has been searched, no single client referenced in this Declaration accounted for more than 15% of IPB's total time billed for 2006. Excluding the three clients from the list with the largest billings, no single client accounted for more than 5% of total billings for 2006.

21. Supplementing the disclosures set forth in Paragraphs 14 through 20 above, IPB appears in cases, proceedings, and transactions involving many different professionals, including attorneys, accountants, and financial consultants, some of which may represent Interested Parties or are themselves Interested Parties. Included among those professionals are Grant Thornton LLP, William M. Mercer Inc., and Watson Wyatt & Company. As disclosed above, certain of those professionals are or have been direct clients of IPB in matters unrelated to the Debtors. In addition, IPB has in the past appeared, currently appears, and in the future is likely to appear in

---

[4] I should note that IPB has a long-standing policy prohibiting all of its lawyers and support staff from using confidential information that may come to their attention in the course of their work. In this regard all IPB personnel are subject to certain ethical constraints, including a bar from trading in securities with respect to which they possess confidential information.

7

matters in which IPB represents the same entity, a related entity, or an entity adverse to those represented by other professionals who are Interested Parties or by other professionals that the Debtors have retained or may seek to retain or are otherwise involved in these chapter 11 cases.

22. These chapter 11 cases involve hundreds of suppliers, vendors, landlords, service providers, employees, creditors, and other parties in interest and entities referenced in Bankruptcy Rule 2014(a). IPB is continuing and will continue to review potential conflicts and connections with those entities in accordance with the IPB Disclosure Procedures and will file supplemental disclosures as appropriate.

23. Based upon the search conducted to date in accordance with the IPB Disclosure Procedures, I submit that (A) none of IPB's representations or other connections disclosed herein have resulted or will result in any actual or potential conflict of interest herein, which have not already been consented to and/or expressly waived by the Debtors, and (B) neither I, nor IPB or any partner, counsel, or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or to their estates with respect to the matters on which IPB is to be employed.

<u>IPB's Rates And Billing Practices</u>

24. IPB categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). IPB acknowledges that its compensation in the Debtors' cases is subject to approval of this Court in accordance with applicable law and court rules and orders, including Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

25. IPB's hourly rates are set at a level designed to fairly compensate IPB for the work of its attorneys, paralegals and other paraprofessionals, and to cover fixed and routine

8

overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by IPB from time to time. IPB's hourly rates for the lawyers expected to provide the Pension Benefit Services range from $725 to $200, and the rate is $200 for paralegals and most other paraprofessionals. These hourly rates will remain in effect until the earlier of the completion of the PLR requests and related activities or December 31, 2007. With respect to Pension Benefits Services, if any, provided after January 1, 2008, IPB reserves the right to adjust its hourly rates in accordance with the firm's annual, general adjustment to its attorneys' and paraprofessional rates as may be made thereafter.

26. IPB's current fee arrangement is to bill Debtors on a monthly basis for the normal hourly rate charged by individual IPB attorneys and other personnel who provide service to Debtors, plus expenses incurred in connection with services provided to Debtors. See Affidavit of Legal Ordinary Course Professional dated November 9, 2005 and attached hereto as <u>Exhibit 1</u>.

27. No promises have been received by IPB or any of its affiliates as to payment or compensation in connection with these cases other than in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, U.S. Trustee Guidelines, and orders of this Court. IPB has neither shared, nor agreed to share, with any person other than partners and employees of IPB, any compensation or reimbursements to be received by IPB in connection with its services rendered in these cases.

28. I acknowledge that all amounts paid to IPB during these chapter 11 cases are subject to final allowance by this Court. In the event that any fees paid or expenses reimbursed to IPB during these chapter 11 cases are disallowed, those amounts will be disgorged by IPB and returned to the Debtors or as otherwise ordered by the Court.

9

29.     By reason of the foregoing, I believe that IPB is eligible for employment and retention by the Debtors pursuant to Section 327(e) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Bankruptcy Rules.

30.     The foregoing constitutes the Declaration of IPB pursuant to Section 329 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:      January 31, 2007
            Washington, D.C.
            Ivins, Phillips & Barker

                                    Ivins, Phillips & Barker, Chartered


                                    /s/ William L. Sollee, Jr._____
                                    William L. Sollee, Jr.

**Exhibit 1**
**Ordinary Course Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
:
      In re                                :      Chapter 11
:
DELPHI CORPORATION, et al.,    :      Case No. 05-44481 (RDD)
:
                       Debtors.  :      (Jointly Administered)
:
-----------------------------------------------------x

### AFFIDAVIT OF LEGAL ORDINARY COURSE PROFESSIONAL

                                        )
DISTRICT OF COLUMBIA          ) ss:
                                        )

      William L. Sollee, Jr., being duly sworn, deposes and says:

      1.    I am a shareholder of Ivins, Phillips & Barker ("IP&B") which firm maintains offices at 1700 Pennsylvania Avenue, N.W., Suite 600, Washington, D.C. 20006.

      2.    Neither I, IP&B, nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except as set forth in this affidavit.

      3.    IP&B, has represented and advised the Debtors in Troy, Michigan, with respect to a broad range of aspects of the Debtors' businesses.

4.The Debtors have requested, and IP&B has agreed, to continue to represent and advise the Debtors pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), with respect to such matters. Additionally, the Debtors have requested, and IP&B proposes, to render the following services to the Debtors: Legal advice and services regarding the Debtors' compensation and employee benefit plans and arrangements and related issues.

      5.    IP&B's current fees arrangement is to bill Debtors on a monthly basis for the normal hourly rate charged by individual IP&B attorneys and other personnel who

provide services to Debtors, plus expenses incurred in connection with services provided to Debtors.

6.  Except as set forth herein, no promises have been received by IP&B or any partner, auditor or other member thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

7.  IP&B has no agreement with any entity to share with such entity any compensation received by IP&B.

8.  IP&B and its partners, auditors, and other members may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending chapter 11 cases. IP&B does not and will not represent any such entity in connection with these pending chapter 11 cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors or their estates.

9.  Neither I, IP&B, nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which IP&B is to be engaged.

10. The foregoing constitutes the statement of IP&B pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

FURTHER AFFIANT SAYETH NOT

_____
WILLIAM L. SOLLEE, JR.

Subscribed and sworn before me
this 9th day of November, 2005.

_____
Notary Public, D.C.

My Commission Expires: __12/14/2007__

2