Patricia Earl Washington
7010 Cranwood Drive
Flint, MI 48505
Tel: 810.787.3150
Cell: 810.922.0308

Judgment Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) CHAPTER 11 |
| DELPHI CORPORATION, et al., | ) CASE NO. 05-44481 (RDD) |
| Debtors. | ) (JOINTLY ADMINISTERED) |
| | ) Claim No's. 257, 264, 288, 297, 1271, 1272 and 1334. |

**MOTION**
**PURSUANT TO TITLE 11 U.S.C. §§ 102 (1) (B), § 362 (f)**
**THAT DOES "NOT" REQUIRE HEARING - BY LAW - FOR JUDGMENT**
**"ENTRY" OF HUMAN CAPITAL OBLIGATIONS AND CASH**
**MANAGEMENT ORDERS ENTERED ON OCTOBER 8, 2005, AND TO**
**STATUTORILY GRANT $1,092,000,000.00 RELIEF PURSUANT**
**TO 11 U.S.C. § 101 (5) (A) AND (B), § 102 (6), § 301,**
**§ 502 (a), INCLUDING FED.R.BANKR.P. 3001 (f) AND**
**3003 (c) (4), AS WELL AS 42 U.S.C. § 1983 AND 15 U.S.C.**
**§§ 1 THRU 15 (TREBLE DAMAGES FOR PROPERTY INJURIES**
**NONPAYMENT COMPOUNDING PREVIOUS IRREPARABLE INJURIES)**
**- and -**
**TO STRIKE 100% OF THE DEBTORS' PROHIBITED NON COURT**
**ORDERED RESPONSES, OBJECTIONS, SUFFICIENCY HEARING, ET AL.**

The above-named Creditor is "<u>NOT</u>" responding nor controverting the "<u>VOID</u>", non court ordered papers being mail frauded upon this Creditor by the Debtors et al., but for factual and legal information of the Court's official records of the above-numbered case shows:

[RECEIVED JAN 12 2007 U.S. BANKRUPTCY COURT SO. DIST OF NEW YORK]

<u>Preliminary Statement</u>

1. Whether or "<u>NOT</u>" an Automatic Stay exists herein, pursuant to 11 U.S.C. § 362 (f), "Upon request of a party in interest, the Court, with or without a hearing, '<u>SHALL GRANT</u>' such relief from

the stay provided under subsection (a) of this section as is
'<u>NECESSARY</u>' to prevent irreparable damage to the interest of an enity
in property, if such interest will suffer such damage before there
is an opportunity for notice and hearing under subsection (d) or
(e) of this section", and this Creditor is requesting the relief
provided hereunder without further delay.

2. Upon the act of filing of the 11 U.S.C. § 301 Voluntary
Petition by the Debtors et al., dated October 8, 2005, more than
"<u>15</u>" months ago, the "<u>ENTRY</u>" of the Debtors' voluntarily requested
Order For Relief was enforced and under "<u>EQUITABLE ESTOPPEL</u>"
doctrine this voluntary act created inhibition, inability, to
restrain, to hinder, to prohibit the Debtors' et al., from assert-
ing any further legal or equitable ownership to the $1,092,000,000.00
that it voluntarily surrendered, relinquished and gave up "<u>ALL</u>"
rights to involving this Creditor's claims, by law.

3. "<u>EQUITABLE ESTOPPEL</u>" is a lawful bar that prevents the
Debtors' et al., from having any/all legal or equitable standing
or right to object to or contest this Creditor for this cash
monetary property and this above-named judgment creditor directs
the Court to exercise the enforcement of the execution and payment
of money pursuant to the FRCivP Rules 4.1 (a) and (b), including
Rule 69 (a).

4. The Master Separation Agreement (MSA) that the Debtors'
et al., admits to engaging in with GM after January 1, 1999, is the
cause and effect relationship that is directly factually responsi-
ble for the "<u>7</u>" plus years losses of 100% of "<u>ALL</u>" monies for this
Creditor and Family to subsist and survive on that had been

customarily earnable in Flint, Michigan, after this Creditor's legal hire-in to GM-Buick on June 13, 1973, thruout the "26" years of employment service that was destroyed by this questionable MSA.

5. The Debtors' et al., further admits in its non court ordered 'Third Omnibus Claims Objection' that is 100% "VOID" - by law - against the claims of this Creditor, it filed on October 31, 2006, Page #3, Paragraph #7, it; "Delphi was incorporated in Delaware in 1998 as a 'wholly-owned' subsidiary of General Motors Corporation ("GM"). Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries. Effective Janaury 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in accordance with the terms of 'A' Master Separation Agreement between Delphi and GM."

6. Not only were certain assets and liabilities transfered to Delphi by GM, but an estimated 4,000 plus former Flint, Michigan, GM-Buick City hourly employees were fraudulently transfered from this permanently closed GM plant assertedly; and without this Creditor having made the "required" application to transfer to the Saginaw, Michigan, Delphi plant, and notwithstanding this Creditor demanding retirement, as well as other statutorily authorized compensation provided by both Federal and State laws in September of 1999, the collusions between these corporations et al., retaliated against this Creditor for "NOT" being dictatorily forced into the Delphi employment (which has become adverse to the hourly employees who were violated/transfered), and "NOT" one penny of entitled to monies have been paid since September of 1999, after the Delphi collusions with GM.

7. The Delphi Corporation does "<u>NOT</u>" have 'CLEAN HANDS' self-evidenced by its MSA fraudulent transfer of GM-Buick City hourly employees, and resulting in these same citizen/employees loss of wages, benefits etc., and ultimately this bankruptcy.

8. Any reasonable person can understand the direct causal link existing between Delphi's, GM's et al., MSA forced transfer action and this Creditor and Family's "<u>7</u>" plus years and continuing of 100% losses that did "<u>NOT</u>" exist prior to the "<u>INVOLUNTARY SERVITUDE</u>" MSA which Amendment 13 of the Bill of Rights to the United States Constitution etc., prohibits!

## Argument

9. In September of 1999, this Creditor selected the options as follows:

(i) To retire and the immediate "<u>VESTING</u>" and paying of "<u>NONFORFEITABLE</u>" Employee Retirement Income Security Act (ERISA) entitlements that are 100% vested after "<u>6</u>" years of service; this Creditor had "<u>26</u>" years plus in September of 1999, yet, "<u>NOT</u>" one penny has ever been paid based on the MSA collusions between GM, Delphi, etc.

(ii) Pursuant to 29 U.S.C. §§ 1001 et seq., 1053 et seq., these vested, possessable retirement compensations are "<u>NONFORFEITABLE</u>", yet, the MSA's collusions have caused 100% losses for "<u>7</u>" years and continuing against this Creditor and Family financial and economic rights, citizenship rights, human rights etc., to survive.

10. In September of 1999, this Creditor selected the options

to receive the automatic, statutorily provided Proposed Redemption Agreement compensations prescribed under Public Act 317 of the Worker's Disability Compensation Act of 1969 as amended and arranged at Michigan Compiled Laws (MCL) § 418.801, § 418.835, § 418.836 etc., yet, 100% of these legal entitlements have been deprived under color of law for "7" years and continuing regardless of GM's, Delphi's, the UAW's et al., impartial medical examiners at Riverfront Medical Center having made contractual "BINDING" conclusions and several examinations that this Creditor was "UNABLE" to perform the same assembly line jobs that had been performed the previous "26" years.

11. According to Article III of the U.S. Constitution and Title 28 of the United States Code § 1 et seq., the bankruptcy unit of this Federal district court is "NOT" a trial court and is prohibited by law from making findings of fact or conclusion of law relating to this Creditor's claims and is requested to enforce contempt of court, obstructions of the due course of the administration of justice etc., against the Debtors et al., attorneys who are clearly engaging in repeated, deliberate "UNDUE PREJUDICE" to compound the economic, financial hardships, human rights violations, citizenship violations etc., against this Creditor for "7" years and continuing.

12. On Page #2, Paragraph #A-2 of the debtors' "Claim Objection And Estimation Procedures Motion', the Debtors' et al., admit that, "No 'trustee' or examiner has been appointed in the Debtors' cases..."; yet, the Debtors' further admit that the Office of the United States Trustee appointed an official committee of unsecured creditors on October 17, 2005, and on April 28, 2006, appointed an

official committee of equity holders; these appointments are violations of Fed.R.Bankr.P., Rule 2014 (a) which clearly requires an Order approving the employment of attorneys, accountants, appraisers, auctioneers, agents or other professionals pursuant to § 327, § 1103, or § 1114 of the Code 'SHALL BE' made only on application of the "TRUSTEE"...!

13. Based on the Court "NOT" having Ordered the appointment of a "TRUSTEE" according to 11 U.S.C. § 1104 (a) et seq., any/all creditors committees and the employment of any/all professional persons are "VOID", including "ALL" or "EACH" attorney of SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP located in both New York, New York, as well as Chicago, Illinois, who are repeatedly and continuously bank frauding, bankruptcy frauding etc., "VOID" objections, "VOID" schedules etc., upon this Creditor without a valid Court's Order.

14. In the event that the 100% lawlessnesses continues against this Creditor and the Judgment on the Human Capital Obligations and Cash Management Orders are "NOT" disbursed immediately, Creditor Lafonza Earl Washington "REQUESTS" the appointment of a "TRUSTEE" for cause, including fraud, dishonesty...or gross mismanagement of the affairs of the debtors by current management, either before or after the commencement of the case including overthrow of the United States Bankruptcy System relating to Fed.R.Bankr.P. 3001 (f), and 3003 (c) (4), as well as 11 U.S.C. §§ 101 (5) (A) and (B), § 102 (6), § 301, 362 (f), 327 et seq., § 502 (a) etc.

15. The Debtor, its attorneys from SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP et al., are repeatedly, continuously engaging in deliberate bankruptcy fraud etc., by mail frauding out any/all

documents to this Creditor which it is asserted does "NOT" qualify as professional expenses nor the payment of fees nor reimbursements etc.

16. Notwithstanding SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, the debtors' postpetition attorneys having admitted on October 31, 2006, that no "TRUSTEE" has been appointed in these Debtors' cases, their deliberate collusions, conspiracies etc., against this Creditor are clearly evidenced violations of the trustees duties under 11 U.S.C. §§ 327 etc., based on the Court did "NOT" approve any Order for the trustee to employ them as is required by law.

17. Each of the attorneys for SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP are falsifying its proper State of New York and State of Illinois attorney registration numbers on the "VOLUME" of papers it or they are mail frauding to be received by this Creditor to contribute to the "15" months obstructions of justice, contempt of Court etc., to compound the overdue payments for the related Claims as follows:

(i) John Wm. Butler, Jr., has a State of Illinois issued registration number of 6275747, yet he is bankruptcy frauding the registration number of (JB 4711) herein.

(ii) John K. Lyons has a State of Illinois issued registration number of 6201542, yet he is bankruptcy frauding the registration number of (JL 4951) herein.

(iii) Ron E. Meisler has a State of Illinois issued registration number of 6270262, yet he is bankruptcy frauding the registration number of (RM 3026) herein.

(iv) Randall G. Reese has a State of Illinois issued registration number of 6209373, yet obstructed justice by interfering with the payment of this Creditor's claims on December 15, 2006, without any 'Pro Hac Vice' admittance by the U.S. Bankruptcy Court for the Southern District of New York on information and belief.

(v) Kayalyn a. Marafioti has a State of New York issued registration number of 1689819, yet she is bankruptcy frauding the falsified registration number of (KM 9632) in this debtors' cases.

(vi) Thomas J. Matz has a State of New York issued registration number of 3055688, yet he is bankruptcy frauding the falsified registration number of (TM 5986) in this case.

18. On July 28, 2006, LATHAM & WATKINS LLP identified itself as the Counsel for the official committee of unsecured creditors on the Delphi Corporation website which contradicts the Debtors' attorneys John Wm. Butler, Jr., Kayalyn A. Marafioti of SKADDEN's LLP, October 31, 2006, 'Claim Objection and Estimation Procedures Motion' mail frauded to this Creditor that, 'No trustee or examiner has been appointed in the Debtors' cases';

(i) According to 11 U.S.C. § 1104, only "AFTER" the court orders the appointment of a trustee, which the Debtors' attorneys testify has "NOT" been done, is the trustee authorized to exercise its specific responsibilities to appoint and convene creditor's committees in Chapter 11 business reorganization cases clearly evidencing that LATHAM & WATKINS has "NOT" been appointed, by law.

(ii) The attorneys involved in this Debtors' case from

LATHAM & WATKINS are also falsifying their state issued registration as follows:

A. Robert J. Rosenberg has a State of New York issued attorney registration number of 1025626, yet he is bankruptcy frauding the falsified number of (RR-9585) in this Debtors' case.

B. Mitchell a. Seider has a State of New York issued attorney registration number of 4319273, yet he is bankruptcy frauding the falsified registration number of (MS-4321) herein.

C. Mark A. Broude has a State of New York issued attorney registration number of 2335198, yet he is bankruptcy frauding the falsified number of (MB-1092) herein.

19. Based on the fact that the events or state of affairs between Delphi, GM et al., "CAUSED", arbitrarily and dictatorily the transfer of this Creditor's hourly employment "rights" to Delphi in September of 1999, the "EFFECT" resulted in 100% of "ALL" monies lossed to live on; where before the "CAUSE" or "CAUSATION" by GM, Delphi, et al., these substantial losses did "NOT" exist!

(i) The Delphi Corporation that does "NOT" own itself but is "WHOLLY-OWNED" by GM and there is no evidence that the "MASTER" released this corporate "SERVANT" because the Delphi servant continues to serve the GM "MASTER" to supply substantial parts etc., and there is no evidence that the "MARRIAGE" totally ended because the "S" in "MSA" was termed "SEPARATION" and "NOT" a 'divorce' to use human descriptions.

(ii) GM's, Delphi's et al., events creating the MSA was both the "CAUSE" and the "EFFECTS" responsible for this Creditor

and Family's "7" years and continuing losses.

(iii) This bankruptcy unit Court is "NOT" vested with "TRIAL" Court power, is "NOT" the trier of fact and this Creditor does "NOT" consent to a trial by the bankruptcy court nor a multiplicity of suits "AFTER" the Human Capital Obligations and Cash Management Orders entered on October 8, 2005, which is entitled to res adjudicata treatment.

(iv) This Creditor is "NOT" subject to any burden of proof duty based on no trial pending, or in a Title 18 USC § 151 criminal bankruptcy proceeding the Debtors' et al., are the defendants and the People of the United States are the plaintiffs.

(v) The Debtors' nor its fraudulent non-appointed, by law, attorneys of SKADDEN et al., are the "TRIER OF FACT" and the Debtors' voluntary surrender of the claimed property is "NOT" an issue under 11 USC § 301, by law, nor to this Creditor by fact.

(vi) Based on the 'NONEXISTING' of any 'trier of fact' in an 11 U.S.C. § 301 Voluntary Petition, there exists no question of fact nor law on any evidence.

(vii) This Creditor has no 'production burden' because no "trial" is pending where the Debtors' herein has already admitted its guilt or liability which Debtors' illegally attempt to fraudulently conceal on behalf of itself and GM, etc.!

(viii) Based on the "NONEXISTENCE" of any "TRIER OF FACT" and the U.S.C. § 301 voluntary surrender of "ALL" rights to this property by the Debtors' et al., no preponderance of this Creditor's claims are authorized by law.

20. The rule as to enjoining or prohibiting only irreparable injuries has no application to Acts, especially "CORPORATE" Acts, which are "ENTIRELY" without authority, there is no adequate remedy at law, "EQUITY" or justice always enjoins and prohibits such acts; this Creditor does "NOT" have to satisfy any burden of proofs against the unauthorized acts of the involved corporations by law. See GROFF -V- BIRD-IN-HAND TURNP. CO. 128 Pa 621, 18 A 431, applicable to New York and Michigan under the Full Faith and Credit Clause.

21. This Creditor does "NOT" consent to a trial in an "EQUITABLE ESTOPPEL" status 11 U.S.C. § 301 voluntarily admitted case and does "NOT" consent to a trial before the bankruptcy judge.

22. The facts of this Creditor's case is controlling, self-evidencing that "NOT" one (1) case cited in the "NON-COURT" Ordered responses can prevent the Constitutional and statutory relief provided by law. See Article 1 § 8, Clause 4, (Congressionally "VESTED", not judicial, nor administrative United States uniform bankruptcy Laws); 11 U.S.C. § 101 (5) (A) and (B); § 102 (6); § 301; § 502 (a) etc., 42 U.S.C. § 1983.

23. Delphi is an admitted "WHOLLY-OWNED" subsidiary of GM according to the Debtors' papers whose controlling interests, assets, as well as its "LIABILITIES" etc., are "WHOLLY-OWNED" by GM regardless of the invisible, concealed Master Separation Agreement that was "NOT" alleged to have dissolved GM's control. GM's and Delphi's liabilities to this Creditor and Family is "INSEPARABLE" herein, by law, against these outlawed corporate acts which are entirely without authority under the Laws of injunctions!

24. The "ENTRY" of the Order for Relief as was requested by

the Debtors' in favor of GM's interest as its No. 1 Creditor provided GM a blank check to assests it already controlled of the Debtors' and the October 8, 2005, entering of the Human Capital Obligations and Cash Management Orders gave this Creditor's claims the status of res adjudicata, a final order, a thing decided.

25. "<u>NOT</u>" one (1) of the bankruptcy papers filed by the Debtors' attorneys et al., are enforceable pursuant to the FRCivP Rule 11 based on "<u>NOT</u>" one (1) paper have been "<u>SIGNED</u>" according to Rule 11 which governs the 'Signing of Pleadings, Motions, and Other Papers; Representation to Court; Sanctions'.

26. The Debtors' attorneys continues to serve non-court Ordered papers upon this Creditor, yet, "<u>NOT</u>" one (1) paper is "<u>CERTIFIED</u>" that to the best of the person's knowledge, information, and belief it is "<u>NOT</u>" being presented for any improper purpose..., but is required to be by law!

(i) In deliberate violations of FRCivP Rule 11 (b) (1) the Debtors' attorneys et al., knowingly are serving non-court Ordered papers upon this Creditor to harass, cause unnecessary delay while murderers for hire are "<u>STALKING</u>" this Creditor "<u>24</u>" hours a day, "<u>7</u>" days a week to prevent justice from ever being obtained.

(ii) Existing bankruptcy laws does "<u>NOT</u>" warrant any of the contentions, neither factual nor legal, that the Debtors, its attorneys et al., are unnecessarily delaying the payment of this Creditor's claims with.

(iii) Burden of proof, production of evidence etc., are "<u>NOT</u>" required against unauthorized corporate acts and this Creditor

demands $1,000,000.00 sanctions against each of the Debtors' attorneys, its Law Firm, severally and separately, as well as the Debtors' "AGREEMENT" to be sued for "TREBLE" damages for the "15" months monetary property injuries herein for the sum of $3,276,000,000.00 at 15% APR.

27. Some of the papers that the Debtors' attorneys have mail frauded to this Creditor have "NOT" been "HAND WRITTEN" by that person giving rise to the authenticity or "VOIDNESS" of the litany of documents situated as such.

(i) According to 3 C.J.S. Signatures § 12, electronic signatures on the papers mailed from the Debtors' attorneys are defined as, "The term 'Electronic Signature' does 'NOT' suggest or require the use of encryption, authentication, or identification measures. A document's integrity (unaltered content), authenticity (sender's identity), and confidentiality (of the signer's identity or document's contents) are 'NOT' ensured merely because an electronic signature is provided for."

(ii) Based on the non-court Ordered papers being served upon this Creditor and the contents are "NOT" ensured, nor any Debtors' et al., attorney's signature appearing and no "TRUSTEE" having been appointed to submit any Order to this Court to authorize the employment of any professionals, attorneys, committees, etc.

28. Fed.R.Bankr.P. Rule 3007 objection requires a written copy of Debtors' filing against the allowance of this Creditor's claims to be delivered to the "TRUSTEE" which cannot be complied with based on the Debtors' testimonial documents filed on October 31, 2006,

evidences that no "TRUSTEE" nor "EXAMINER" has been appointed in the above-numbered case.

29. However, if the "UNDUE PREJUDICE", "RACIAL DISCRIMINATIONS" and "DEPRIVATIONS OF RIGHTS UNDER COLOR OF LAW" cause the further nonpayemnt of just claims of this Creditor, then enclosed is an 11 U.S.C. § 1104 request and motion for a telephone conference Notice and Hearing for cause, including an investigation of this Creditor's allegations of "MASS" fraud, dishonesty, misconduct, mismanagement, or irregularity in the management of the affairs of the debtors by both current and former management of the debtors.

(i) This Claimant further shows or evidences that the SECURITY EXCHANGE COMMISSION -V- DELPHI CORPORATION, Case No. 06-14891, pending in the United States District Court for the Eastern district of Michigan, before "82" years old 'NON-ACTIVE' Judge Avern Cohn, in which "13" former executives were allegingly "FINED", the Complaint and Summons have "NOT" yet been served by the SEC although the case commenced about October 31, 2006, based on information from the clerk's office of the U.S. District Court for the Eastern District of Michigan - Southern Division showing a denial of justice continues to exist against this Creditor & Family.

30. The Debtors' et al., unauthorized attorneys have "NOT" cited a "SUFFICIENCY" hearing statute and this Creditor cannot find such a procedure enacted by the Congress under Title 11 U.S.C. §§ 101 et seq., and such hearing violates 11 U.S.C. §§ 101 (5) (A) and (B) claim requirements, § 102 (6) "ENTRY" of Order for Relief, § 301 Order for Relief, § 502 allowed payment, Fed.R.Bankr.P. Rules 3001 (f) "PRIMA FACIE" self-evidence of validity and amount,

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) CHAPTER 11 |
| DELPHI CORPORATION et al., | ) CASE NO. 05-44481 (RDD) |
| Debtors. | ) (JOINTLY ADMINISTERED) |
|  | ) Claim No's. 257, 264, 288, 297, 1271, 1272, and 1334. |

STATE OF MICHIGAN)
                 )
COUNTY OF GENESEE)


### PROOF OF SERVICE

I, Lafonza Earl Washington deposes, states:

That on January 9, 2007, he did serve the below-identified documents upon the persons named-below by United States Postal Service mail, with postage prepaid as follows:

   1.  MOTION Pursuant To Title 11 U.S.C. §§ 102 (1) (B), § 362 (f) That Does "NOT" Require Hearing - By Law - For Judgment "ENTRY" Of Human Capital Obligations and Cash Management Orders Entered On October 8, 2005, And To Statutorily Grant $1,092,000,000.00 Relief Pursuant To 11 U.S.C. § 101 (5) (A) and (B), § 102 (6), § 301, § 502 (a), Including Fed.R.Bankr.P. Rules 3001 (f) and 3003 (c) (4), As Well As 42 U.S.C. § 1983 and 15 U.S.C. §§ 1 Thru 15 (Treble Damages For Property Injuries Nonpayment Compounding Previous Irreparable Injuries) - and - To Strike 100% Of The Debtors Prohibited Non-Court Ordered Responses, Objections, Sufficiency Hearing et al.

   2.  Judgment On Order By The Court After Entry Of Human Capital Obligations and Cash Management Orders On October 8, 2005, and Grant $1,092,000,000.00 Relief To Judgment Creditor Lafonza Earl Washington - Without Further Delay - To Prevent Further Irreparable Damages By Law.

Please record according to law.  Thank you.

BY: *Lafonza Earl Washington*
Lafonza Earl Washington
Judgment Creditor

Mailed To:

Robert D. Drain, Judge
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, N.Y.  10004

Clerk of the Court
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y.  10004

Delphi Corporation
Att'n:  General Counsel
5725 Delphi Drive
Troy, MI  48098

CONGRESSIONAL BLACK CAUCUS
Rep. Carolyn Kilpatrick, D-Michigan
Chairperson & the 43 members
2236 Rayburn Building
Washington, D.C.  20515

# THE ONLINE HOME FOR THE CONGRESSIONAL BLACK CAUCUS
## of the 109th United States Congress.
### "The Conscience of Congress since 1969"

**HOME | OFFICERS/MEMBERS | CBC HISTORY | PRESS RELEASES | FLOOR SPEECHES | PR**

## Recent CBC Headlines

Edolphus Towns to Deliver Weekly CBC "Message To America"

9/28/2006
CBC Members Urge Secretary of State Rice to Push Bush Administration to Take Immediate Action on Darfur

9/22/2006
U.S. Representative Bennie G. Thompson to Deliver Weekly CBC "Message To America"

9/15/2006
U.S. Representative Robert C. Scott to Deliver Weekly CBC "Message To America"

for complete headline listings click here

**Congressional Black Caucus**
2236 Rayburn Building
Washington, DC 20515
phone: 202-226-9776
fax: 202-225-1512

## CBC MEMBERS

Committee Membership | CBC States
Printable List of CBC Members and Contact Information

## OFFICERS

| Member of Congress | State |
|---|---|
| Rep. Melvin L. Watt Chair | **North Carolina** |
| Rep. Corrine Brown Vice-Chair | **Florida** |
| Rep. Carolyn Kilpatrick Second Vice-Chair | **Michigan** |
| Rep. Danny K. Davis Secretary | **Illinois** |
| Rep. Barbara Lee Whip | **California** |

## MEMBERS

| Members of Congress | State |
|---|---|
| Rep. Sanford D. Bishop, Jr. | **Georgia** |
| Rep. G.K. Butterfield | **North Carolina** |
| Rep. Julia M. Carson | **Indiana** |
| Rep. Donna M. Christian-Christensen | **Virgin Islands** |
| Rep. William L. Clay, Jr. | **Missouri** |
| Rep. Emanuel Cleaver, II | **Missouri** |
| Rep. James E. Clyburn | **South Carolina** |
| Rep. John Conyers, Jr. (founding member) | **Michigan** |
| Rep. Elijah E. Cummings | **Maryland** |
| Rep. Artur Davis | **Alabama** |

| | |
|---|---|
| Rep. Chaka Fattah | **Pennsylvania** |
| Rep. Harold E. Ford, Jr. | **Tennessee** |
| Rep. Al Green | **Texas** |
| Rep. Alcee L. Hastings | **Florida** |
| Rep. Jesse L. Jackson, Jr. | **Illinois** |
| Rep. Sheila Jackson Lee | **Texas** |
| Rep. William J. Jefferson | **Louisiana** |
| Rep. Eddie Bernice Johnson | **Texas** |
| Rep. Stephanie Tubbs Jones | **Ohio** |
| Rep. John Lewis | **Georgia** |
| Rep. Cynthia McKinney | **Georgia** |
| Rep. Kendrick Meek | **Florida** |
| Rep. Gregory W. Meeks | **New York** |
| Rep. Juanita Millender-McDonald | **California** |
| Rep. Gwen Moore | **Wisconsin** |
| Rep. Eleanor Holmes Norton | **Washington, D.C.** |
| Sen. Barack Obama | **Illinois** |
| Rep. Major R. Owens | **New York** |
| Rep. Donald M. Payne | **New Jersey** |
| Rep. Charles B. Rangel (founding member) | **New York** |
| Rep. Bobby L. Rush | **Illinois** |
| Rep. David Scott | **Georgia** |
| Rep. Robert C. Scott | **Virginia** |
| Rep. Bennie G. Thompson | **Mississippi** |
| Rep. Edolphus Towns | **New York** |
| Rep. Maxine Waters | **California** |
| Rep. Diane E. Watson | **California** |
| Rep. Melvin L. Watt | **North Carolina** |
| Rep. Albert R. Wynn | **Maryland** |

***Return to Top***

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(312) 407-0663
DIRECT FAX
(312) 407-8690
EMAIL ADDRESS
RAREESE@SKADDEN.COM

January 8, 2007

Lafonza Washington
7010 Cranwood Dr.
Flint, MI 48505

RE:   Notice of Change of Time of Sufficiency Hearing

Dear Mr. Washington:

This letter is to notify you that the sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of proofs of claim numbers 257, 264, 288, 297, 1271, 1272, and 1334 (the "Proofs of Claim") and whether the Proofs of Claim state a claim against the asserted Debtor under Bankruptcy Rule 7012 scheduled for January 12, 2007, at 10:00 a.m. (prevailing Eastern time) has been rescheduled to January 12, 2007, at 1:00 p.m. (prevailing Eastern time).

Sincerely,

*Randall Reese* (SJP)

Randall G. Reese

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re <br><br> DELPHI CORPORATION, et al., <br><br> Debtors. | ) CHAPTER 11 <br> ) <br> ) CASE NO. 05-44481 (RDD) <br> ) <br> ) (JOINTLY ADMINISTERED) <br> ) Claim No's. 257, 264, 288, 297, <br> )       1271, 1272 and 1334. |

JUDGMENT ON ORDER BY THE COURT
AFTER ENTRY OF HUMAN CAPITAL OBLIGATIONS
AND CASH MANAGEMENT ORDERS ON OCTOBER 8,
2005, AND GRANT $1,092,000,000.00 RELIEF
TO JUDGMENT CREDITOR LAFONZA EARL
WASHINGTON - WITHOUT FURTHER DELAY - TO
PREVENT FURTHER IRREPARABLE DAMAGES BY LAW

This action came on for hearing on October 8, 2005, before the Court, Honorable Robert D. Drain, United States Bankruptcy Judge presiding and the Bankruptcy Court entered Human Capital Obligations and Cash Management Orders,

**IT IS ORDERED AND ADJUDGED** that Creditor Lafonza Earl Washington recover of the Delphi Corporation et al., the sum of $1,092,000,000.00 with interest thereon at the rate of 15% APR as provided by law, and to immediately disburse a Department of Treasury check or cashier's check or certified check cashable at any/all FDIC insured bank or credit union, paid to the order of Lafonza Earl Washington WITHOUT FURTHER DELAY.

Dated:   New York, New York <br>      January ____, 2007

                    _____
                       Clerk of the Court