Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell: 810.922.0308


Judgment Creditor


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | CHAPTER 11 |
| DELPHI CORPORATION, <u>et al.</u>, | CASE NO. 05-44481 (RDD) |
| Debtors. | (JOINTLY ADMINISTERED) Claim No's. 257, 264, 288, 297, 1271, 1272 and 1334. |

MOTION     *105 (a) and (c),*
PURSUANT TO TITLE 11 U.S.C. §§ 102 (1) (B), § 362 (f)
THAT DOES "<u>NOT</u>" REQUIRE HEARING – BY LAW – FOR ENTRY OF
RENEWED DEMAND FOR JUDGMENT ON DECISION BY THE COURT TO
GRANT STATUTORY RELIEF TO PREVENT REPEATED IRREPARABLE
DAMAGE TO CREDITOR LAFONZA EARL WASHINGTON'S INTEREST
IN $1,092,000,000 MONETARY PROPERTY LEGALLY AND
EQUITABLY OWNED SINCE OCTOBER 8, 2005, NUNC PRO TUNC OR
NOW FOR THEN "<u>MINISTERIALLY</u>" AUTHORIZED PURSUANT TO 11
U.S.C. § 101 (5) (A) AND (B), § 102 (6), § 301, § 502
(a), INCLUDING FED.R.BANKR.P. RULE 3001 (f) AND 3003
(c) (4), AS WELL AS 42 U.S.C. § 1983, TITLE 15 U.S.C.
§ 15

– and –

MOTION TO "<u>STRIKE</u>" 100% OF THE DEBTORS UNAUTHORIZED
CORPORATE ACTS ENGAGINGS IN NONSTATUTORY RESPONSES,
OBJECTIONS, SUFFICIENCY HEARING ET AL., PURSUANT TO
FED.R.CIV.P. RULE 12

– and/or –

FED.R.CIV.P. RULE 24 INTERVENTION BY THE CONGRESS OF
THE UNITED STATES TO ENFORCE APPROPRIATE ANTI-SLAVERY,
ANTI-INVOLUNTARY SERVITUDE LEGISLATION FURTHER
ENFORCING THE CITED AND APPLICABLE ACTS OF CONGRESS
HEREIN

RECEIVED
JAN 2 5 2007
U.S. BANKRUPTCY COURT
SO. DIST OF NEW YORK

The above-named Creditor in the above-entitled case files this

Motion and moves the United States District Court for the Southern

District of New York to exercise its "<u>MINISTERIAL</u>" statutory duties

pursuant to 11 U.S.C. §§ 101 (5) (A) and (B), § 102 (3) and (6), Λ

§ 301, § 362 (f), § 502 (a), Title 28 U.S.C. § 1334 (a) and (e) to

grant the demanded relief from stay provided under subsection (a)

of this section as is necessary on the grounds that this relief is

necessary to prevent irreparable damage to this Creditor's legally

and equitably owned monetary property that has been owned and owed

since October 8, 2005, for over "15" months as well as to provide

the Federal guaranteed protection of "EQUAL PROTECTION OF THE LAWS"

herein.

    This Motion is made and based on the papers and records on file

in the bankruptcy unit of this United States District Court.


Dated:   January 21, 2007      BY:   *Lafonza Earl Washington*
                                     Lafonza Earl Washington
                                     Judgment Creditor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | CHAPTER 11 |
| DELPHI CORPORATION, <u>et al</u>., | CASE NO. 05-44481 (RDD) |
| Debtors. | (JOINTLY ADMINISTERED) |
|  | Claim No.'s. 257, 264, 288, 297, 1271, 1272 and 1334. |

RENEWED DEMAND FOR
JUDGMENT ON DECISION BY THE COURT GRANTING
$1,092,000,000 RELIEF TO JUDGMENT CREDITOR LAFONZA
EARL WASHINGTON - WITHOUT DELAY - TO PREVENT FURTHER
IRREPARABLE DAMAGE BY LAW

The related Notice of Hearing On First Day Motions came on for hearing on October 8, 2005, and before this bankruptcy Unit Court, Honorable Robert D. Drain, United States Bankruptcy Judge presiding and the Court entered Human Capital Obligations and Cash Management Order which this Creditor demanded final payment from,

IT IS ORDERED AND ADJUDGED that Creditor Lafonza Earl Washington recover from the Delphi Corporation et al., the sum of $1,092,000,000 with interest thereon at the rate of 15% APR as provided by law, and to immediately disburse a Department of Treasury check or cashier's check or certified check cashable at any/all FDIC insured bank or credit union, paid to the order of Lafonza Earl Washington without further delay.

New York, New York
Dated:  January   , 2007

_____

Clerk of the Court

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x
                  :
     In re              :    Chapter 11
                  :
DELPHI CORPORATION, et al.,  :    Case No. 05-44481 (RDD)
                  :
             Debtors.  :    (Jointly Administered)
                  :
- - - - - - - - - - - - - - - - - - - - - - - - x


## NOTICE OF HEARING ON FIRST DAY MOTIONS

PLEASE TAKE NOTICE THAT on October 8, 2005 (the "Petition Date"),

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate

Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), filed voluntary petitions for reorganization relief under Chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 - 1330, as amended (the "Bankruptcy Code"), in the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that on October 8, 2005, the Bankruptcy

Court entered the following orders (copies of which may be obtained at www.delphidocket.com):

1. **"Joint Administration"** - Order Authorizing Joint Administration (Agenda Item No. 1; Docket No. 28);

2. Order Authorizing Admission Pro Hac Vice Of John Wm. Butler, Jr., John K. Lyons And Ron E. Meisler (Agenda Item No. 2; Docket No. 33);

3. Order Authorizing Admission Pro Hac Vice Of Charles E. Brown And Joseph E. Papelian (Agenda Item No. 3; Docket No. 34);

4. **"Human Capital Obligations"** - Bridge Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors, (II) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In Ordinary Course, And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations (Agenda Item No. 10; Docket No. 31);

5. **"Essential Suppliers"** - Bridge Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107, And 1108 And Fed. R. Bankr. P. 6004 And 9019 Authorizing Continuation Of Vendor Rescue Program And Payment Of Prepetition Claims Of Financially-Distressed Sole Source Suppliers And Vendors Without Contracts (Agenda Item No. 15; Docket No. 30);

6. **"Foreign Creditors"** - Bridge Order Under 11 U.S.C. §§ 105(a) And 363(b) Authorizing (I) Payment Of Prepetition Obligations To Foreign Creditors And (II) Financial Institutions To Honor And Process Related Checks And Transfers (Agenda Item No. 16; Docket No. 32);

7.  **"Administrative Expense"** - Bridge Order Under 11 U.S.C. § 503(b) Confirming Grant Of Administrative Expense Status To Obligations Arising From Postpetition Delivery Of Goods And Authorizing Debtors To Pay Such Obligations In Ordinary Course Of Business (Agenda Item No. 18; Docket No. 35);

8.  **"Shipping And Customs"** - Bridge Order Under 11 U.S.C. §§ 105 And 363(b), 1107, And 1108 Authorizing Payment Of Certain Prepetition (I) Shipping And Delivery Charges For Goods In Transit And (II) Customs Duties (Agenda Item No. 20; Docket No. 40);

9.  **"Cash Management"** - Bridge Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use Of Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Priority Status For Postpetition Intercompany Transactions (Agenda Item No. 22; Docket No. 36);

10. **"Investment Guidelines"** - Bridge Order Under 11 U.S.C. § 345 Authorizing Continued Use Of Existing Investment Guidelines (Agenda Item No. 23; Docket No. 38);

11. **"Customer Programs"** - Bridge Order Under 11 U.S.C. §§ 105(a), 363, 1107, And 1108 Authorizing The Debtors To Honor Prepetition Obligations To Customers And To Otherwise Continue Customer Programs In Ordinary Course Of Business (Agenda Item No. 24; Docket No. 39);

12. **"Cash Collateral"** - Bridge Order Under 11 U.S.C. §§ 361, 362, And 363 Authorizing Use Of Cash Collateral And Adequate Protection To Prepetition Secured Parties (Agenda Item No. 28; Docket No. 46); and

13. **"Derivative Contracts"** - Bridge Order Under 11 U.S.C. §§ 105, 363, 1107, And 1108 And Fed. R. Bankr. P. 4001 Authorizing Debtors To Enter Into, Continue Performance Under, And Provide Credit Support Under Derivative Contracts (Agenda Item No. 30; Docket No. 45).

PLEASE TAKE FURTHER NOTICE THAT a hearing will be held on October 11, 2005 at 4:00 p.m. (Eastern Time), or as soon thereafter as counsel can be heard, before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge for the Southern District of New York, Room 601, 6th Floor, One Bowling Green, New York, New York 10004, to consider the following motions filed by the Debtors on the Petition Date:

1.  **"Consolidated Lists"** - Motion For Order Under 11 U.S.C. § 521 And Fed. R. Bankr. P. 1007(a) Authorizing Debtors To (I) Prepare Consolidated List Of

PLEASE TAKE FURTHER NOTICE THAT copies of the first-day hearing

notice and the first-day motions are posted on www.delphidocket.com.   Parties may participate

or attend this hearing in person or by telephone.  Telephonic participation and attendance is

available by calling Court Conference at (866) 582-6878.  Parties wishing to appear through

Court Conference should contact Court Conference as early today as possible to register.  Under

no circumstances may any participant or attendee record or broadcast the proceedings conducted

by the Bankruptcy Court.

Dated:  New York, New York
       October 11, 2005

                    SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP

By:  _s/ John Wm. Butler, Jr_ _____
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
   333 West Wacker Drive, Suite 2100
   Chicago, Illinois  60606
   (312) 407-0700

     - and -

By:  _s/ Kayalyn A. Marafioti_ _____
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
   Four Times Square
   New York, New York 10036
   (212) 735-3000

   Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
      In re                     :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
          Debtors.    :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF OBJECTION TO CLAIM

Lafonza E Washington Sr:

      Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Third Omnibus Objection to Certain Claims (the "Third Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Third Omnibus Objection is set for hearing on November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED THIRD OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 24, 2006. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU.

      The enclosed Third Omnibus Objection identifies several different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

      Claims identified as having a Basis For Objection of "Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors to meaningfully review the asserted Claim.

      Claims identified as having a Basis For Objection of "Untimely Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted making it impossible for the Debtors to meaningfully review the asserted Claim and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims that were overstated or were denominated in foreign currencies and which the Debtors seek to modify to a fully liquidated, U.S.-denominated amount in line with the Debtors' books and records and/or the liquidated amounts requested by the Claimants, as appropriate, and to appropriately classify the total amount of such remaining Claims as general unsecured claims.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
| 10/31/2005 | 257 | $30,000,000.00 | Unsubstantiated Claim | Disallow and Expunge |
| 11/1/2005 | 264 | $30,000,000.00 | Unsubstantiated Claim | Disallow and Expunge |
| 11/2/2005 | 288 | $30,000,000.00 | Unsubstantiated Claim | Disallow and Expunge |
| 11/3/2005 | 297 | $30,000,000.00 | Unsubstantiated Claim | Disallow and Expunge |
| | | | | |

If you wish to view the complete exhibits to the Third Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Third Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-259-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this Third Omnibus Objection, you must file a response and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006. Your response, if any, to the Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in a foreign currency.

Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Third Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or modified for the reasons set forth in the Third Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Third Omnibus Objection; (iv) all documentation or other evidence of the claim upon which you will rely in opposing the Third Omnibus Objection to the extent not included with the proof of claim previously filed with the Bankruptcy Court; (v) to the extent that the Claim is fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; (vi) the address(es) to which the Debtors must deliver any reply to your response, if different from that presented in the proof of claim; and (vii) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the Debtors have requested that the Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding the Third Omnibus Claims Objection and any Response and set further hearings pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Objection and Estimation Procedures Motion") being filed contemporaneously with the Third Omnibus Objection. With respect to all uncontested objections, the Debtors have requested that this Court conduct a final hearing on November 30, 2006 at 10:00 a.m. or as soon thereafter as counsel may be heard. The procedures set forth in the Claims Objection and Estimation Procedures Motion will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.

3

TO THE EXTENT ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, IF YOU FILE A RESPONSE IN ACCORDANCE WITH THE ABOVE PROCEDURES, PURSUANT TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION THE DEBTORS HAVE REQUESTED THE AUTHORITY TO ELECT, IN THEIR SOLE DISCRETION, TO PROVISIONALLY ACCEPT THE AMOUNT THAT YOU HAVE ASSERTED WOULD BE THE ALLOWABLE AMOUNT OF SUCH PROOF OF CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, AS THE ESTIMATED AMOUNT OF SUCH CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION AS APPROPRIATE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION.

The Bankruptcy Court will consider only those responses made as set forth herein and in accordance with the Amended Eighth Supplemental Case Management Order. If no responses to the Third Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in the Amended Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an order sustaining the Third Omnibus Objection without further notice. Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

LAFONZA E WASHINGTON SR
7010 CRANWOOD DR
FLINT MI 48505

4

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285

———

TEL: (312) 407-0700

FAX: (312) 407-0411

www.skadden.com

DIRECT DIAL
(312) 407-0663
DIRECT FAX
(312) 407-8690
EMAIL ADDRESS
RAREESE@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 11, 2007

**VIA FEDERAL EXPRESS**
Lafonza Washington
7010 Cranwood Dr.
Flint, MI 48505

RE:    Notice of Change of Time of Sufficiency Hearing

Dear Mr. Washington:

This letter is to notify you that the sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of proofs of claim numbers 257, 264, 288, 297, 1271, 1272, and 1334 (the "Proofs of Claim") and whether the Proofs of Claim state a claim against the asserted Debtor under Bankruptcy Rule 7012 scheduled for January 12, 2007, at 1:00 P.m. (prevailing Eastern time) has been rescheduled to January 12, 2007, at 2:00 p.m. (prevailing Eastern time).

Sincerely,

Randall Reese /SJ1

Randall G. Reese

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 333 WEST WACKER DRIVE
### CHICAGO, ILLINOIS 60606-1285

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(312) 407-0663
DIRECT FAX
(312) 407-8690
EMAIL ADDRESS
RAREESE@SKADDEN.COM

January 8, 2007

Lafonza Washington
7010 Cranwood Dr.
Flint, MI 48505

RE:    <u>Notice of Change of Time of Sufficiency Hearing</u>

Dear Mr. Washington:

This letter is to notify you that the sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of proofs of claim numbers 257, 264, 288, 297, 1271, 1272, and 1334 (the "Proofs of Claim") and whether the Proofs of Claim state a claim against the asserted Debtor under Bankruptcy Rule 7012 scheduled for January 12, 2007, at 10:00 a.m. (prevailing Eastern time) has been rescheduled to January 12, 2007, at 1:00 p.m. (prevailing Eastern time).

Sincerely,

*Randall Reese* (SJP)

Randall G. Reese

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285

TEL: (312) 407-0700

FAX: (312) 407-0411

www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(312) 407-0663
DIRECT FAX
(312) 407-8690
EMAIL ADDRESS
RAREESE@SKADDEN.COM

December 15, 2006

**VIA OVERNIGHT COURIER**

Mr. Lafonza E. Washington
7010 Cranwood Drive
Flint, MI 48505

RE:    In re Delphi Corporation, et al.

Dear Mr. Washington:

This letter will memorialize our conversation this afternoon regarding your proofs of claim filed in the In re Delphi Corporation, et al. (the "Debtors") chapter 11 cases and the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

As we discussed, each of your proofs of claim have been objected to by the Debtors pursuant to the Third Omnibus Claims Objection and a hearing to determine the legal sufficiency of your proofs of claim will be held on January 12, 2007 at 10:00 a.m. (prevailing Eastern time). Further, as we discussed, the Debtors vigorously dispute the allegations made in your proofs of claim, in the various documents that you have filed with the United States Bankruptcy Court for the



605774.01-Chicago Server 2A - MSW

Mr. Lafonza E. Washington
December 15, 2006
Page 2

Southern District of New York and/or sent to the Debtors or their representatives, and in our conversation, and believe that the claims asserted in your proofs of claim are entirely without merit.

Sincerely,

*Randall G. Reese*

Randall G. Reese

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285

TEL: (312) 407-0700

FAX: (312) 407-0411

www.skadden.com

DIRECT DIAL
312-407-0805

EMAIL ADDRESS
JDEMMA@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 20, 2005

*Via Fed Ex*

Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

Re:   In re Delphi Corporation, et al.,
      Case No. 05-44481 (RDD)

Dear Mr. Washington:

I am writing to inform you that the Ex Parte Application (and Motion) of Claimant Lafonza Washington for Order Directing Clerk to Correct Omissions and to Issue Final Process to Enforce and Execute Minute Orders - Nunc Pro Tunc - To Disburse $30,000,000.00 According to Proof of Claims Deemed Allowed and Orders Previously Entered by the Court on October 8, 2005 (the "Motion") (Docket No. 1529) failed to comply with the Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, and (III) Scheduling an Initial Case Conference in accordance with Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No.245), a copy of which I have included for your review. Because your Motion does not comply with procedures provided in the Case Management Order, you will have to re-file and re-notice your pleading.

Best regards,

Jeffrey C. Demma
Legal Assistant

## Exhibit A

    I certify that I am eligible for admission to this Court, am admitted to practice in the jurisdictions specified in the Motion, and am in good standing in such jurisdictions; I submit to the disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the course, or in the preparation, of these chapter 11 cases, pursuant to Local Rule 2090-1(b) of the Bankruptcy Court for the Southern District of New York; and I have access to, or have acquired, a copy of the Local Rules of this Court and am generally familiar with such Rules.

Mailing Address:  Theodore A. Cohen, Esq.
        Sheppard, Mullin, Richter & Hampton LLP
        333 South Hope Street, 48th Floor
        Los Angeles, California 90071

E-mail:     tcohen@sheppardmullin.com

Telephone:   (213) 617-4237

I have agreed to pay the fee of $25 upon approval by this Court admitting me to practice *pro hac vice.*

Dated: July 17, 2006

          By: /s/ Theodore A. Cohen
          Theodore A. Cohen, Esq.
          Sheppard, Mullin, Richter & Hampton LLP
          333 South Hope Street, 48th Floor
          Los Angeles, California 90071
          Telephone: (213) 617-4237
          Facsimile: (213) 620-1398



RECEIVED
JAN 2 5 2007
U.S. BANKRUPTCY COURT
NEW YORK

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-209-4801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0221 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-6000 | 2126971599 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc., Multek Flexible Circuits, Inc., Sheldahl de Mexico S.A de C.V., Northfield Acquisition Co., Flextronics Asia-Pacific Ltd., Flextronics Industrial |
| Davis, Polk & Wardwell | Donald Bernstein / Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 / 212-450-4213 | 212-450-3092 / 212-450-3213 | donald.bernstein@dpw.com / brian.resnick@dpw.com / sean.p.corcoran@dpw.com | Counsel to Debtor's Postpetition / Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean_corcoran@delphi.com / karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MS1A | | Troy | MI | 48098 | 248-696-1729 | 248-696-1759 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International USA, Inc. | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-927-4716 | carrie@flextronics.com | Counsel for Flextronics International |
| Flextronics International USA, Inc. | Paul W. Aceveno | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul_aceveno@flextronics.com | Counsel for Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | richard.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Bonnie Steingart / Jennifer L. Rodburg / Vivek Melwani | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | steinbo@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-841-9350 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2286 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Official Committee |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Corporation |
| Internal Revenue Service | Valero | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | marlene.valero@irs.gov | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Conference Board Chairman | 2365 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7613 | 937-294-9164 | | Creditor Committee Member |
| Jefferies & Company, Inc. | William D. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2321 | 212-284-2479 | richard.derrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@jpmorgan.com / richard.duker@jpmorgan.com / gianni.russello@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Wilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | wilma.francis@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel to Creditors Committee, EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Corporate Data Systems Corporation, EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Ave | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

7/15/2006 4:04 PM
Master Service List 092713

Delphi Corporation
Master Service List Ltd

Page 2 of 3

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Flextronic North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel for Flextronic North America, Inc. |
| McDermott Will & Emery LLP | Nathan N. Khumbati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | nkhumbati@mwe.com | Counsel for Flextronic North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel for Flextronic North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@hitchlaw.com | Proposed Counsel for The Official Committee of Retirees |
| Meslow Financial | Leon Szlezinger | 666 Third Ave. | 21st Floor | New York | NY | 10017 | | | | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 212-735-8603 | 917-522-3103 | jmoldovan@morrisoncohen.com | Securities and Exchange Commission |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State Attorney General | Robert Seigel | 120 Broadway | | New York, NY | NY | 10271 | 212-416-8000 | 212-416-6075 | Serena.Kraus@oag.state.ny.us | New York State Attorney General's Office |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 202-326-4020x4020 | 202-326-4112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov; efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola |
| Rohm/kai Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Semiconductor Systems |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Financial Advisor; Counsel to Murata Electronics North America, Inc; Fujitsu America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Fizzzey | 599 Lexington Avenue | | New York | NY | 10022 | 212-848-4000 | 212-848-7179 | dbartner@shearman.com; jfizzzey@shearman.com | Local Counsel to the Debtors |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com; rtrust@stblaw.com; wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com; jlyons@skadden.com; rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalin A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com; tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Mineah Rubbers and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Mineah Rubbers and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 212-319-8500 | 212-319-8505 | cds@stevenslee.com; cp@stevenslee.com | Counsel to Wannco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 07960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |

Delphi Corporation
Master Service List

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY/FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

12/21/2006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

In re:                                           :        **CERTIFICATE OF SERVICE**
                                                 :
DELPHI CORPORATION, <u>et al.</u>,               :        Chapter 11
                                                 :
                              Debtors.           :        Case No. 05-44481 (RDD)
                                                 :
                                                 :                (Jointly Administered)
                                                 :
--------------------------------------------------------- X

## **CERTIFICATE OF SERVICE**

On July 20, 2006, I served the Motion for Admission Pro Hac Vice of Theodore A. Cohen on the parties appearing on the attached Exhibit A by e-mail.

Dated: New York, New York
   July 20, 2006

        SHEPPARD MULLIN RICHTER & HAMPTON LLP

      By:  _____

        Eric D. Waters
        Sheppard Mullin Richter & Hampton LLP
        30 Rockefeller Plaza
        24th Floor
        New York, New York  10112

        Attorneys for creditor Gary Whitney

## EXHIBIT A

david.boyle@airgas.com; tajamie@ajamie.com; aswiech@akebono-usa.com;
pgurfein@akingump.com; mgreger@allenmatkins.com; dconnolly@alston.com;
dwender@alston.com; craig.freeman@alston.com; rjones@ambrake.com;
steven.keyes@aam.com; mblacker@andrewskurth.com; gogimalik@andrewskurth.com;
lwalzer@angelogordon.com; mtf@afrct.com; aleinoff@amph.com; mhamilton@ampn.com;
Cohen.Mitchell@arentfox.com; Hirsh.Robert@arentfox.com; dladdin@agg.com;
joel_gross@aporter.com; cgalloway@atsautomation.com; william.barrett@bfkpn.com;
kim.robinson@bfkpn.com; john.gregg@btlaw.com; michael.mccrory@btlaw.com;
pmears@btlaw.com; alan.mills@btlaw.com; wendy.brewer@btlaw.com;
mark.owens@btlaw.com; ffm@bostonbusinesslaw.com; tom@beemanlawoffice.com;
wallace@blbglaw.com; sean@blbglaw.com; hannah@blbglaw.com;
murph@berrymoorman.com; klaw@bbslaw.com; lschwab@bbslaw.com;
pcostello@bbslaw.com; tgaa@bbslaw.com; fatell@blankrome.com; mrichards@blankrome.com;
rmcdowell@bodmanllp.com; sdonato@bsk.com; chill@bsk.com; csullivan@bsk.com;
jhinshaw@boselaw.com; rjones@bccb.com; amcmullen@bccb.com;
dludman@brownconnery.com; schristianson@buchalter.com; mhall@burr.com;
sabelman@cagewilliams.com; jonathan.greenberg@engelhard.com; rusadi@cahill.com;
driggio@candklaw.com; rweisberg@carsonfischer.com; cahn@clm.com; sdeeby@clarkhill.com;
japplebaum@clarkhill.com; rgordon@clarkhill.com; maofiling@cgsh.com;
maofiling@cgsh.com; swalsh@chglaw.com; tmaxson@cohenlaw.com; jvitale@cwsny.com;
srosen@cb-shea.com; amalone@colwinlaw.com; Elliott@cmplaw.com; jwisler@cblh.com;
mlee@contrariancapital.com; jstanton@contrariancapital.com; wraine@contrariancapital.com;
solax@contrariancapital.com; Pretekin@coollaw.com; wachstein@coollaw.com;
derrien@coollaw.com; nhp4@cornell.edu; sjohnston@cov.com; rsz@curtinheefner.com;
dpm@curtinheefner.com; athau@cm-p.com; dkarp@cm-p.com; krk4@daimlerchrysler.com;
wsavino@damonmorey.com; selanders@danielsandkaplan.com; carol_sowa@denso-diam.com;
amina.maddox@dol.lps.state.nj.us; gdiconza@dlawpc.com; john.persiani@dinslaw.com;
richard.kremen@dlapiper.com; andrew.kassner@dbr.com; david.aaronson@dbr.com;
dmdelphi@duanemorris.com; wmsimkulak@duanemorris.com; jhlemkin@duanemorris.com;
mbusenkell@eckertseamans.com; ayala.hassell@eds.com; akatz@entergy.com;
dfreedman@ermanteicher.com; gettelman@e-hlaw.com; ggreen@fagelhaber.com;
lnewman@fagelhaber.com; charles@filardi-law.com; tdonovan@finkgold.com;
jmurch@foley.com; fstevens@foxrothschild.com; mviscount@foxrothschild.com;
ftrikkers@rikkerslaw.com; office@gazesllc.com; ian@gazesllc.com; crieders@gjb-law.com;
dcrapo@gibbonslaw.com; mmeyers@gsmdlaw.com; abrilliant@goodwinproctor.com;
cdruehl@goodwinproctor.com; bmehlsack@gkllaw.com; pbilowz@goulstonstorrs.com;
jeisenhofer@gelaw.com; gjarvis@ggelaw.com; snirmul@gelaw.com; mrr@previant.com;
tch@previant.com; mdebbeler@graydon.com; ckm@greensfelder.com; jpb@greensfelder.com;
herb.reiner@guarantygroup.com; cbattaglia@halperinlaw.net; ahalperin@halperinlaw.net;
jdyas@halperinlaw.net; hleinwand@aol.com; prubin@herrick.com; anne.kennelly@hp.com;
ken.higman@hp.com; sharon.petrosino@hp.com; glen.dumont@hp.com;
echarlton@hiscockbarclay.com; jkreher@hodgsonruss.com; sgross@hodgsonruss.com;
sagolden@hhlaw.com; ecdolan@hhlaw.com; amoog@hhlaw.com; elizabeth.flaagan@hro.com;

dbaty@honigman.com; tsable@honigman.com; tomschank@hunterschank.com;
jrhunter@hunterschank.com; mmassad@hunton.com; sholmes@hunton.com;
aee@hurwitzfine.com; Ben.Caughey@icemiller.com; greg.bibbes@infineon.com;
jeffery.gillispie@infineon.com; rgriffin@iuoe.org; pbarr@jaffelaw.com; rpeterson@jenner.com;
gerdekomarek@bellsouth.net; sjfriedman@jonesday.com; john.sieger@kattenlaw.com;
kcookson@keglerbrown.com; lsarko@kellerrohrback.com; claufenberg@kellerrohrback.com;
eriley@kellerrohrback.com; ggotto@kellerrohrback.com; mbane@kelleydrye.com;
msomerstein@kelleydrye.com; tkennedy@kjmlabor.com; sjennik@kjmlabor.com;
lmagarik@kjmlabor.com; gsouth@kslaw.com; afeldman@kslaw.com; grichards@kirkland.com;
efox@klng.com; schnabel@klettrooney.com; dbrown@klettrooney.com;
sosimmerman@kwgd.com; ekutchin@kutchinrufo.com; knorthup@kutchinrufo.com;
smcook@lambertleser.com; mitchell.seider@lw.com; mark.broude@lw.com;
henry.baer@lw.com; john.weiss@lw.com; michael.riela@lw.com; erika.ruiz@lw.com;
rcharles@lrlaw.com; sfreeman@lrlaw.com; jengland@linear.com;
austin.bankruptcy@publicans.com; dallas.bankruptcy@publicans.com;
houston_bankruptcy@publicans.com; whawkins@loeb.com; gschwed@loeb.com;
tmcfadden@lordbissell.com; tbrink@lordbissell.com; kwalsh@lordbissell.com;
rcovino@lordbissell.com; metkin@lowenstein.com; ilevee@lowenstein.com;
krosen@lowenstein.com; scargill@lowenstein.com; vdagostino@lowenstein.com;
bnathan@lowenstein.com; egc@lydenlaw.com; rparks@mijb.com; jlanden@madisoncap.com;
jml@ml-legal.com; lmc@ml-legal.com; vmastromar@aol.com; gsantella@masudafunai.com;
rdaversa@mayerbrown.com; jgtougas@mayerbrownrowe.com; dadler@mccarter.com;
jsalmas@mccarthy.ca; lsalzman@mccarthy.ca; jmsullivan@mwe.com; sselbst@mwe.com;
jrobertson@mcdonaldhopkins.com; sopincar@mcdonaldhopkins.com;
sriley@mcdonaldhopkins.com; jbernstein@mdmc-law.com; egunn@mcguirewoods.com;
lpeterson@msek.com; hkolko@msek.com; rrosenbaum@mrrlaw.net; emeyers@mrrlaw.net;
aburch@miamidade.gov; miag@michigan.gov; raterinkd@michigan.gov; miag@michigan.gov;
trenda@milesstockbridge.com; khopkins@milesstockbridge.com; sarbt@millerjohnson.com;
wolfordr@millerjohnson.com; fusco@millercanfield.com; greenj@millercanfield.com;
pjricotta@mintz.com; skhoos@mintz.com; Jeff.Ott@molex.com; resterkin@morganlewis.com;
agottfried@morganlewis.com; mzelmanovitz@morganlewis.com; lberkoff@moritthock.com;
mdallago@morrisoncohen.com; rurbanik@munsch.com; jwielebinski@munsch.com;
drukavina@munsch.com; sandy@nlsg.com; Knathan@nathanneuman.com;
sbrennan@nathanneuman.com; lisa.moore2@nationalcity.com;
george.cauthen@nelsonmullins.com; bbeckworth@nixlawfirm.com;
jangelovich@nixlawfirm.com; susanwhatley@nixlawfirm.com; jimbriaco@gentek-global.com;
eabdelmasieh@nmmlaw.com; dgheiman@jonesday.com; mmharner@jonesday.com;
cahope@chapter13macon.com; jay.hurst@oag.state.tx.us; michaelz@orbotech.com;
mmoody@okmlaw.com; aenglund@orrick.com; aprinci@orrick.com; tkent@orrick.com;
fholden@orrick.com; rwyron@orrick.com; jguy@orrick.com; mcheney@orrick.com;
shazan@oshr.com; mhager@oshr.com; sshimshak@paulweiss.com; cweidler@paulweiss.com;
ddavis@paulweiss.com; emccolm@paulweiss.com; housnerp@michigan.gov;
lawallf@pepperlaw.com; aaronsona@pepperlaw.com; caseyl@pepperlaw.com;
jaffeh@pepperlaw.com; jmanheimer@pierceatwood.com; kcunningham@pierceatwood.com;
mark.houle@pillsburylaw.com; karen.dine@pillsburylaw.com;
richard.epling@pillsburylaw.com; robin.spear@pillsburylaw.com;

margot.erlich@pillsburylaw.com; rbeacher@pitneyhardin.com; rmeth@pitneyhardin.com;
bsmoore@pbnlaw.com; jsmairo@pbnlaw.com; jh@previant.com; mgr@previant.com;
asm@pryormandelup.com; kar@pryormandelup.com; jkp@qad.com;
andrew.herenstein@quadranglegroup.com; patrick.bartels@quadranglegroup.com;
jharris@quarles.com; sgoldber@quarles.com; knye@quarles.com; elazarou@reedsmith.com;
rnorton@reedsmith.com; jlapinsky@republicengineered.com; jshickich@riddellwilliams.com;
mscott@riemerlaw.com; holly@regencap.com; amathews@robinsonlaw.com;
cnorgaard@ropers.com; gregory.kaden@ropesgray.com; marc.hirschfield@ropesgray.com;
tslome@rsmllp.com; rtrack@msn.com; cschulman@sachnoff.com; agelman@sachnoff.com;
cbelmonte@ssbb.com; pbosswick@ssbb.com; hborin@schaferandweiner.com;
mnewman@schaferandweiner.com; rheilman@schaferandweiner.com;
dweiner@schaferandweiner.com; wkohn@schiffhardin.com; myetnikoff@schiffhardin.com;
myarnoff@sbclasslaw.com; shandler@sbclasslaw.com; michael.cook@srz.com;
james.bentley@srz.com; carol.weiner.levy@srz.com; pbaisier@seyfarth.com;
rdremluk@seyfarth.com; whanlon@seyfarth.com; sboyce@sheehan.com; lawtoll@comcast.net;
rthibeaux@shergarner.com; rthibeaux@shergarner.com; bankruptcy@goodwin.com;
asherman@sillscummis.com; jzackin@sillscummis.com; cfortgang@silverpointcapital.com;
bellis-monro@sgrlaw.com; kmiller@skfdelaware.com; fyates@sonnenschein.com;
rrichards@sonnenschein.com; lloyd.sarakin@am.sony.com; rgoldi@sotablaw.com;
pabutler@ssd.com; emarcks@ssd.com; hwangr@michigan.gov;
jmbaumann@steeltechnologies.com; rkidd@srcm-law.com; shapiro@steinbergshapiro.com;
jposta@sternslaw.com; cs@stevenslee.com; cp@stevenslee.com;
mshaiken@stinsonmoheck.com; robert.goodrich@stites.com; madison.cashman@stites.com;
wbeard@stites.com; khansen@stroock.com; jminias@stroock.com;
rnsteinwurtzel@swidlaw.com; ferrell@taftlaw.com; miller@taftlaw.com;
marvin.clements@state.tn.us; ddraper@terra-law.com; jforstot@tpw.com; lcurcio@tpw.com;
niizeki.tetsuhiro@furukawa.co.jp; robert.morris@timken.com; dlowenthal@thelenreid.com;
rhett.campbell@tklaw.com; john.brannon@tklaw.com; ira.herman@tklaw.com;
ephillips@thurman-phillips.com; jlevi@toddlevi.com; bmcdonough@teamtogut.com;
DBR@tbfesq.com; jwilson@tylercooper.com; hzamboni@underbergkessler.com;
mkilgore@UP.com; djury@steelworkers-usw.org; msmcelwee@varnumlaw.com;
rjsidman@vssp.com; tscobb@vssp.com; RGMason@wlrk.com; EAKleinhaus@wlrk.com;
david.lemke@wallerlaw.com; robert.welhoelter@wallerlaw.com; gtoering@wnj.com;
mcruse@wnj.com; growsb@wnj.com; bankruptcy@warnerstevens.com; lekvall@wgllp.com;
aordubegian@weineisen.com; gpeters@weltman.com; jcunningham@whitecase.com;
mmesonesmori@whitecase.com; barnold@whdlaw.com; bspears@winstead.com;
mfarquhar@winstead.com; mwinthrop@winthropcouchot.com; sokeefe@winthropcouchot.com;
oiglesias@wlross.com; lpinto@wcsr.com; skrause@zeklaw.com; pjanovsky@zeklaw.com;
sarah.morrison@doj.ca.gov; pclark@mwe.com; jdejonker@mwe.com

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Telephone: (212) 332-3800
Facsimile: (212) 332-3888
Malani J. Sternstein (MS 3882)

*Attorneys for creditor Gary Whitney*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- X
In re:                                             :    Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :    Case No. 05-44481 (RDD)
                                                   :
                              Debtors.             :    (Jointly Administered)
                                                   :
-------------------------------------------------- X
```

### MOTION FOR ADMISSION PRO HAC VICE OF THEODORE A. COHEN

Malani J. Sternstein ("Movant"), a member in good standing of the Bar of the State of

New York and an attorney admitted to practice before the United States Bankruptcy Court for

the Southern District of New York, hereby moves for an order permitting Theodore A. Cohen,

Esq., Sheppard, Mullin, Richter & Hampton LLP, 333 South Hope Street, 48th Floor, Los

Angeles, California 90071, to practice *pro hac vice* to represent creditor Gary Whitney, pursuant

to Local Rule 2090-1(b) of the United States Bankruptcy Court for the Southern District of New

York. In support of the Motion, Movant states as follows:

1.     Mr. Cohen is a member in good standing of the Bar of the State of

California, admitted to practice in all California state courts. Mr. Cohen is also a member in

good standing of, and admitted to practice in, the Ninth Circuit Court of Appeals, the Ninth

Circuit Bankruptcy Appellate Panel, and United States District Courts and Bankruptcy Courts in

the Northern, Eastern, Central and Southern Districts of California. There are no disciplinary proceedings pending in any court against him.

2. In support of the relief requested in this Motion, attached as Exhibit A is a certificate pursuant to Local Rule 2090-1(b) of the United States Bankruptcy Court for the Southern District of New York.

3. Movant requests that this Court approve this Motion so that Mr. Cohen may file pleadings and appear and be heard at hearings in these chapter 11 cases.

4. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, Movant respectfully requests that the Court enter an Order permitting Theodore A. Cohen to appear *pro hac vice* in association with Movant as counsel to creditor Gary Whitney in these chapter 11 cases and granting such other and further relief as is just.

Dated: July 17, 2006
     New York, New York

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: ___/s/ Malani J. Sternstein_____
Malani J. Sternstein (MS 3882)
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Telephone: (212) 332-3800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- X
In re:                                             :    Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :    Case No. 05-44481 (RDD)
                                                   :
                             Debtors.              :    (Jointly Administered)
                                                   :
-------------------------------------------------- X
```

## ORDER

ORDERED, that Theodore A. Cohen, Esq., is admitted to practice, *pro hac vice*, in the above referenced case, in the United States Bankruptcy Court, Southern District of New York, subject to payment of the filing fee.

Dated: July ___, 2006
      New York, NY

<br>

                                             _____
                                              UNITED STATES BANKRUPTCY JUDGE

Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell: 810.922.0308


Judgment Creditor


January 21, 2007


TO:   Honorable Kimba Wood, Chief Judge
      United States District Court
      Southern District of New York
      500 Pearl Street
      New York, N.Y.  10007
      Tel:  212.805.0125
      Fax:  212.805.7900

      Office of Speaker of the House
      Nancy Pelosi, D-Cal.
      H - 232
      U.S. Capitol
      Washington, DC  20515

      Rep. Carolyn Kirkpatrick, Chair
      Congressional Black Caucus
      2236 Rayburn Building
      Washington, DC  20515
      Tel:  202.226.9776
      Fax:  202.225.1512

      Robert D. Drain, Judge
      U.S. Bankruptcy Court
      Southern District of New York
      One Bowling Green, Room 610
      New York, N.Y.  10004

      Stuart M. Bernstein, Chief Judge
      U.S. Bankruptcy Court
      Southern District of New York
      One Bowling Green
      New York, N.Y.  10004

      U.S. Department of Justice
      Alberto Gonzalez
      U.S. Attorney General
      950 Pennsylvania Avenue, N.W.
      Washington, DC  20530-0001

      Clerk of the Court
      U.S. Bankruptcy Court
      Southern District of New York
      One Bowling Green
      New York, N.Y.  10004



Clerk of the Court
U.S. District Court
Southern District of New York
500 Pearl Street
New York, N.Y.  10007


Re:  "INQUIRY" and appropriate 11 U.S.C. §§ 101 (5) (A)
     and (B), 102 (3) and (6), § 105 (a) and (c),
     § 362 (f), § 502 (a), Title 28 U.S.C. §§ 157 (a),
     § 1334 (a) and (e), Title 18 U.S.C. §§ 2, § 151,
     § 241, § 1001, § 1901, § 2381, including Article
     1 § 8 of the U.S. Constitution and Amendment 13
     of the Bill of Rights enforcement of Uniform
     Bankruptcy laws throughout the United States,
     anti-slavery prohibitions to redress "$54 BILLION"
     of bankruptcy frauding, bank frauding etc., under
     color of law against the above-named Creditor
     and an estimated 184,000 hourly employees, as
     well as millions of our dependents situated
     similar but "NOT" the same as this Creditor in
     Case No. 05-44481 (RDD) in the U.S. Bankruptcy
     Court S.D.N.Y.!


     Greetings Chief Judge Wood  and all of the above-named office-
holders of the Federal Government:


                                I


     1.  The constitutionally required "GOOD BEHAVIOR" under
Article 3 and the "OATH" and "AFFIRMATION" required of Judges of
both the Federal Supreme Court and inferior Courts to support the
U.S. Constitution, to uphold the Laws of the United States under
28 U.S.C. § 453 and Article 6 § 3 of the U.S. Constitution, have
been seriously violated, seriously overthrown by any/all judges
"involved" in the above-numbered case and who are judicial officers
of the United States District Court for the Southern District of
New York, it is alleged!


                               II


     1.  According to 28 U.S.C. § 151, "In each 'JUDICIAL DISTRICT',
the bankruptcy judges in regular active service 'SHALL' constitute
a unit of the 'district' court to be known as the bankruptcy court
for that 'district'".  Based on bankruptcy Judge Robert D. Drain
being a judicial officer of your district court, Judge Wood, it is
asserted that both Judge Drain and the Chief Judge of the bank-
ruptcy court unit, Stuart M. Bernstein, are deliberately, repeated-
ly, continuously "NOT" complying with:

     2.  The 'Uniform Laws of Bankruptcies throughout the United
States' required under Article 1 § 8 of the U.S. Constitution.

3.   Title 11 U.S.C. §§ 101 et seq.

4.   The Federal Rules of Bankruptcy Procedure Rules 1001 et seq.

5.   The Federal Rules of Civil Procedure, Rules 101 et seq.

6.   Title 28 U.S.C. §§ 102 (a) (1); § 112 (b).

7.   Title 18 U.S.C. §§ 2 et seq., § 151 et seq., as cited above under the Federal crimes and criminal procedure statutes.


III

Knowingly, "MASS" crimes prohibited under Title 18 of the United States crimes and criminal procedure have been colluded in and conspired in from the beginning (October 8, 2005) of this above-numbered case evidenced by:

1.   Title 28 U.S.C. § 1409 (a) violations; the Debtors', its "50" largest creditors and with specificity the General Motors Corporation (GM), violations existed "2" days prior to the October 8, 2005, filing of the Voluntary Petition in this bankruptcy unit, based on the true fact that this Judicial Act of the Congress required a proceeding arising under Title 11 or arising in or related to a case under Title 11 'MAY' be commenced in the district court in which such case is pending.

2.   EXHIBIT "ONE FORM B1", the Debtors' Voluntary Petition evidences that this specific Debtors' case was "NOT" commenced in this "district" court, but it was commenced in the 'bankruptcy unit' "WITHOUT" any "REFERRAL" from this U.S. District Court (S.D.N.Y.), and "WITHOUT" any valid, recorded Order being granted nor validly signed by the 'HAND' of any judge from this district court which are 28 U.S.C. §§ 102 (a) (1), § 112 (b), § 157 (a), § 1334 (a) and (e), § 1408 (1), § 1409 (a) etc. violations, allegingly!

3.   According to 11 U.S.C. § 101 (2), "NOT" one (1) of the debtors' affiliates had nor on any equal holding basis could have had the required, by law, 20% or more of the outstanding voting securities of the debtor directly or indirectly even if the Delphi Corporation itself controlled at a minimum 51% to maintain a majority ownership.

4.   No affiliate had any valid bankruptcy case pending in the U.S. District Court for the Southern District of New York as required, by law, and the Debtors' were prohibited from compounding this Creditor's (and Family's) "7" years plus losses of 100% of statutorily provided work-related compensations, retirement, pension, personal injuries entitlements, worker's comp automatically prescribed Redemption Agreement monies et al., after "33-7/12" years and months eligibility for these compensations, yet abused the process of this district court first, then the bankruptcy unit secondly.

%.   EXHIBIT "TWO FORM B1 PAGE 2" is the Debtors' evidence against itself that it had no pending Case Number, no "district"

court judge named, no bankruptcy unit judge named who had received a
validly ordered "REFERRAL" from the U.S. District Court (S.D.N.Y.)
and no prior action of any affiliate "BEFORE" the, "...date hereof...",
or had no affiliate's case "AWAITING ANY DECISION" in this New York
Federal Court according to law, "BEFORE" the October 8, 2005, filing
by the "TROY, MICHIGAN" based or headquartered principal of the
Delphi Corporation.

IV

1.  About October 31, 2006, this creditor received by U.S.
Postage mail and delivery by FedEx a prohibited 'Notice Of Objection
To Claim' that was "NOT" signed nor dated as required to be under the
Federal Rules of Civil Procedure, Rule 11 etc.  See EXHIBIT "THREE".

2.  By reference to 11 U.S.C. § 101 (5) (A), '"Claim" means –
right to payment, whether or not such right is reduced to judgment,
liquidated, unliquidated, fixed, contingent, matured, unmatured,
disputed, undisputed, legal, equitable, secured or unsecured', which
entitled this Creditor to payment to these claims "15" months ago,
beginning October 8, 2005, nunc pro tunc or now for then; yet, "NOT"
one dime has been paid and only prohibited professional expenses,
professional fees, professional reimbursements etc., are being paid
in a Voluntary Petition case requiring "ONLY" administration and
"NOT" litigation to disburse this Claimant's legally owned monetary
property herein, that was voluntarily surrendered by the Delphi
Corporation on October 8, 2005, more than "15" months ago, and no
longer is controllable by the debtors' et al., nor this proceeding!

3.  According to the Voluntary Petition statute 11 U.S.C. § 301,
"...The commencement of a voluntary case under a chapter of this
title constitutes an 'ORDER for relief' under such chapter", and
this Creditor shows that udner § 102 (6) of 11 U.S.C., 'ORDER for
relief' means 'ENTRY' of order for relief and assertedly the 'FINAL'
order for payment which entered on October 8, 2005, more than "15"
months ago!

V

1.  By reference to the Federal Rules of Bankruptcy Procedure
Rule 3003 (c) (4), this Creditor's claims cannot be denied nor
affirmatively denied by the introducing of any new true, admissible
fact, is required to be "NON-SCHEDULEABLE", is payable as to
validity and allowed amount under Fed.R.Bankr.P. Rule 3001 (f) and
11 U.S.C. §§ 101 (5) (A) and (B), § 102 (3) and (6), § 301, § 502 etc.

VI

1.  This Creditor and Family is deliberately being caused com-
pounded irreparable financial and economical injuries by being
deprived of 100% of all lawfully entitled to monies, real and
personal properties to subsist and survive on in violations of "ALL"
citizenship rights, notwithstanding no criminal charges nor convic-
tion exist on this "53" year old Afro American's record ever, and

regardless of having legally hired into GM on June 13, 1973, more
than "33-7/12" years ago.

2.   The invisible, discriminating Master Separation Agreement
between GM and Delphi prohibitedly and dictatorily transfered this
Creditor's employment rights to the Delphi Saginaw, Michigan,
operation from Flint, Michigan, in September of 1999 in 100% viola-
tions of the collective bargained contract, where under Title 29
U.S.C. §§ 141 thru 185, the Congress restricted the corporation's
and UAW's negotiating power to "ONLY" the three subject matters of
wages, hours, and working conditions which "PRE-EMPTED" and prevented
bankruptcy subject matters determining pensions under the bankruptcy
frauded phrase of Special Aitrition Program or SAP; the bankruptcy
judge's prohibited discretionary creation of the SAP falsely pre-
tended to offer an option of $35,000.00 to $140,000.00 to eligible
hourly employees beginning in May of 2006; this Creditor "TIMELY"
returned the documents received for the SAP and chose the
$140,000.00 option yet, "8" months later "NOT" one penny has been
paid to deliberately compound the already "7" years plus of
depriving this Creditor (and Family) of 100% of "ALL" monies to
subsist and survive on!

3.   This Creditor and Family have been residenced in Flint,
Michigan, for the past "43" years and no application was submitted to
transfer to the Delphi Saginaw, Michigan's operation, but was
required to have been made "BEFORE" any dictatorial transfer could
have been demanded, by law, or by contract that is "BOUND" to comply
with the Laws under Title 29 of the United States Code, Sections
141 thru 185.

4.   This Creditor and Family's life have been reduced to "SLAVE"
status "AFTER" the "INVOLUNTARY SERVITUDE" transfer was substituted
or countered with a demand for 29 U.S.C. §§ 1001 et seq., 1053 et
seq., and "NONFORFEITABLE", "VESTED" entitlements to 100% retirement
compensations based on "SERVICE" and "AGE" made in September of
1999, yet "NOT" one (1) penny has ever been paid, more than "7"
years later.

5.   These irreparable injuries that have existed for "7" years
and continuing are prohibited by Amendment 13 of the Bill of Rights
to the U.S. Constitution which authorizes, "Neither slavery nor
involuntary servitude, except as a punishemnt for crime whereof the
party 'SHALL' have been 'duly' convicted, 'SHALL' exist within the
United States, or any place subject to their jurisdiction...
Congress 'SHALL' have power to enforce this Article by appropriate
legislation", and this claimant and Family requests the Congress-
persons to appropriate an emergency relief or the court to approve
the laudable practice of making advance payment even on payments
over due for "15" months that have statutorily been enacted, but the
officers, agents etc., responsible for payment will "NOT" perform
their duties under the enactment.

## VII

1.   Pursuant to 11 U.S.C. § 105 (c), "The ability of any
'DISTRICT JUDGE' or other officer or employee of a 'DISTRICT COURT'

to exercise any of the authority or responsibilities conferred upon
the Court under this title 'SHALL BE' determined by reference to the
provisions relating to such judge, officer, or employee set forth in
title 28", which assertedly vests Chief Judge Wood with the necessary
power to grant this creditor's enclosed Motion and Order request
pursuant to 11 U.S.C. § 362 (f), § 502 (a) etc., as well as, expedi-
tiously ensuring that the Clerk comply with the renewed Order for
Judgment On Decision By The Court which entered Human Capital
Obligations and Cash Management Orders on October 8, 2005; or,

2. Under 11 U.S.C. § 105 (a), the U.S. District Court for the
Southern district of New York is being moved/Motioned to issue "ANY"
Order, process, or judgment that is necessary to carry out 11 U.S.C.
§§ 101 (5) (A) and (B), 102 (3) and (6), § 301, § 362 (F), § 502
etc., including the Fed.R.of Bankr.P. Rules 3001 (f) and 3003 (c)
(4), enforcements and executions for the payment of this Creditor's
claims without delay.


                              VIII

1. EXHIBIT "FOUR" dated October 31, 2006, shows allegations
from the Detroit News.Com newspaper that, 'Ex-CEO at Delphi
charged'...with rampant accounting fraud in the Detroit, Michigan,
Federal Court, in addition to the clearly evidenced bankruptcy
frauds, banking frauds, collusions and conspiracies engagements of
Multi-Billion dollar thefts, racketeerings, extortions, deprivations
of rights under color of law against this Creditor, 184,000 other
GM/Delphi hourly employees, including millions of our dependents in
the above-numbered bankruptcy case.

2. EXHIBIT "FIVE" dated October 31, 2006, shows allegations of,
'GM's accounting subject of inquiry' 'SEC, grand jury, U.S. Attorney
investigating errors in automaker's earnings reports, evidences that
GM as the Delphi Corporation's continued owner combined with GM also
being the No. 1 Creditor who has bankruptcy frauded itself a MULTI-
BILLION dollar 'BLANK CHECK', neither unauthorized corporate acts
have "CLEAN HANDS" and under the laws of injunctions and equity
this Creditor is guaranteed protection without delay from any/all
further financial or economic "TERRORISMS" in this bankruptcy and
all other relations!

3. EXHIBIT "SIX" dated May-June 2006 is the 'SOLIDARITY UAW's
Magazine' showing that Judge Robert Drain exercised Title 28 U.S.C.
judiciary power to determine facts, then made or enacted new
retirement or pension laws although the law did "NOT" vest him with
trial court nor Congressional power, to issue "ANY" order, process,
or judgment                  under 11 U.S.C. § 105 (a) etc.


                               IX

1. According to the powers vested under 11 U.S.C. § 105 (a)
and (c) the U.S. District Court is Motion to grant the 11 U.S.C.
§ 362 (f) relief in compliance with this statute which clearly
authorizes, "Upon request of a party in interest, the Court, with
or without a hearing, 'SHALL' grant such relief from the stay

provided under subsection (a) of this section as is necessary to
prevent the (7 years and continuing) irreparable damages to the
interest...", and this Creditor's interest is suffering "15"
months damages by "NOT" being paid, yet legally owned and
possessable!


                              X


     1.   According to Amendment 13 of the Bill of Rights to the
U.S. Constitution, the Congressional members herein notified are
being requested to enact immediate "EMERGENCY" enforcement legisla-
tion that is appropriate to redress the "SLAVE" conditions,
involuntary servitude activities etc., against this Creditor and
Family if necessary or in alternative to the U.S. District Court
S.D.N.Y. chosing to knowingly deny justice to this citizen/creditor
who is requesting Federally guaranteed protection and exclusion from
the 184,000 hourly employed auto industry victims and millions of
our dependents!


     WHEREFORE, the officers named and given this Notice by letter
form that is being attached to the RENEWED Motion for the entry,
enforcement and execution of the RENEWED Judgment is requested to
comply with their Oath and Affirmation requirements under Article
6 § 3 of the U.S. Constitution, without any further delay.  Thank
you.

Dated:   January 21, 2007        BY: *Lafonza Earl Washington*
                                 Lafonza Earl Washington
                                 Judgment Creditor

(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual. enter Last. First. Middle):<br>**Delphi Automotive Systems (Holding), Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married. maiden. and trade names):<br>N/A | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one. state all):<br>**38-3422378** | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street. City. State & Zip Code):<br>**Delphi Automotive Systems (Holding), Inc.**<br>**5785 Delphi Drive**<br>**Troy, Michigan 48098-2815** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:<br>**Oakland County, Michigan** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**Same as Street Address** | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above):<br>**Same as Street Address** | |





**NOTE:**

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☐ Debtor has been domiciled or has had a residence, principal place of business. or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| ☐ Individual(s)  ☐ Railroad | | ☐ Chapter 7    ☒ Chapter 11    ☐ Chapter 13 |
| ☒ Corporation   ☐ Stockbroker | | ☐ Chapter 9    ☐ Chapter 12 |
| ☐ Partnership   ☐ Commodity Broker | | ☐ Sec. 304 – Case ancillary to foreign proceeding |
| ☐ Other _____  ☐ Clearing Bank | | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| ☐ Consumer/Non-Business   ☒ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only) |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | Must attach signed application for the court's consideration certifying |
| ☐ Debtor is and elects to be considered a small business under | that the debtor is unable to pay fee except in installments. Rule |
| 11 U.S.C. § 1121(e) (Optional) | 1006(b). See Official Form No. 3. |

**Statistical/Administrative Information** (Estimates only)
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

**Estimated Debts**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

(Official Form 1) (12/03)

FORM B1, Page 2

| Voluntary Petition *(This page must be completed and filed in every case)* | Name of Debtor(s): Delphi Automotive Systems (Holding), Inc. |
|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location Where Filed: NONE | Case Number: N/A | Date Filed: N/A |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: See Schedule 1 attached | Case Number: Pending | Date Filed: Date hereof |
|---|---|---|
| District: Southern District of New York | Relationship: Affiliate | Judge: |

**SIGNATURES**

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11 of the United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11 of the United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition

**Exhibit B**

(To be completed if debtor is an individual whose primary consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11 of the United States Code, and have explained the relief available under each such chapter.

X _____
   Signature of Attorney for Debtor(s)         Date

**Exhibit C**

Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No.

**Signature of Attorney**

X /s/ John Wm. Butler, Jr.
Signature of Attorney for Debtor(s)

John Wm. Butler, Jr.
Printed Name of Attorney Debtor(s)

Skadden, Arps, Slate,
Meagher & Flom LLP
Firm Name

333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
Address

(312) 407-0700
Telephone Number

October 8, 2005
Date

**Signature of Attorney**

X /s/ Kayalyn A. Marafioti
Signature of Attorney for Debtor(s)

Kayalyn A. Marafioti
Printed Name of Attorney Debtor(s)

Skadden, Arps, Slate,
Meagher & Flom LLP
Firm Name

Four Times Square
New York, New York 10036
Address

(212) 735-3000
Telephone Number

October 8, 2005
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11 of the United States Code, specified in this petition.

X /s/ John D. Sheehan
   Signature of Authorized Individual
   John D. Sheehan
   Printed Name of Authorized Individual
   Vice President and Chief Restructuring Officer
   Title of Authorized Individual
   October 8, 2005
   Date

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
   Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.