UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re                                : Chapter 11
                                     :
DELPHI CORPORATION, et al.           : Case No. 05-44481 (RDD)
                                     :
                          Debtors.   : (Jointly Administered)
                                     :

---

### AFFIDAVIT OF LEGAL ORDINARY COURSE PROFESSIONAL

STATE OF PENNSYLVANIA           )
                                )   ss:
COUNTY OF PHILADELPHIA          )

Lee A. Zoeller, Esquire, being duly sworn, deposes and says:

1. I am partner/principal of Dechert LLP ("Dechert") which firm maintains offices at Cira Centre, 2929 Arch Street, Philadelphia, PA 19104-2808.

2. Neither I, Dechert, nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except as set forth in this affidavit.

3. Dechert represents and provides legal advice to the Debtors regarding the Debtors' sales tax refund appeals with the State of New Jersey.

4. The Debtors have requested, and Dechert has agreed, to continue to represent and advise the Debtors pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§101-1330, as amended (the "Bankruptcy Code"), with respect to such matters. Additionally, the Debtors have requested, and Dechert proposes, to render the following services to the Debtors:

   a. Represent Debtors in all aspects of litigation against the New Jersey Division of Taxation regarding the Debtors' sales tax refund appeals for sales tax paid to New Jersey on Debtors' purchases of electricity.

5. Dechert's current fee arrangement is to bill Debtors on a monthly basis for hours worked based on the minimum hourly rate for the professional working on the matter.

RECEIVED
JAN 30 2007
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

6.     Except as set forth herein, no promises have been received by Dechert or any partner, auditor or other member thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

7.     Dechert has no agreement with any entity to share with such entity any compensation received by Dechert.

8.     Dechert and its partners, auditors, and other members may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending chapter 11 cases. Dechert does not and will not represent any such entity in connection with these pending chapter 11 cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors or their estates.

9.     Neither, I, Dechert, nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which Dechert is to be engaged.

10.    The foregoing constitutes the statement of Lee A. Zoeller pursuant to section 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

FURTHER AFFIANT SAYETH NOT

_____
Lee A. Zoeller, Esquire

Subscribed and sworn before me
This 19th day of October, 2006

_____
Notary Public

NOTARIAL SEAL
MARY E. LEMON, Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 12, 2006