Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell: 810.922.0308

Judgment Creditor



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) CHAPTER 11 |
| | ) |
| DELPHI CORPORATION, <u>et al.</u>, | ) CASE NO. 05-44481 (RDD) |
| | ) |
| Debtors. | ) (JOINTLY ADMINISTERED) |
| | ) Claim No's. 257, 264, 288, 297, |
| | 1271, 1272 and 1334. |

### MOTION
PURSUANT TO TITLE 11 U.S.C. §§ 102 (1) (B), § 362 (f)
THAT DOES "<u>NOT</u>" REQUIRE HEARING – BY LAW – FOR JUDGMENT
"<u>ENTRY</u>" OF HUMAN CAPITAL OBLIGATIONS AND CASH
MANAGEMENT ORDERS ENTERED ON OCTOBER 8, 2005, AND TO
STATUTORILY GRANT $1,092,000,000.00 RELIEF PURSUANT
TO 11 U.S.C. § 101 (5) (A) AND (B), § 102 (6), § 301,
§ 502 (a), INCLUDING FED.R.BANKR.P. 3001 (f) AND
3003 (c) (4), AS WELL AS 42 U.S.C. § 1983 AND 15 U.S.C.
§§ 1 THRU 15 (TREBLE DAMAGES FOR PROPERTY INJURIES
NONPAYMENT COMPOUNDING PREVIOUS IRREPARABLE INJURIES)
– and –
TO STRIKE 100% OF THE DEBTORS' PROHIBITED NON COURT
ORDERED RESPONSES, OBJECTIONS, SUFFICIENCY HEARING, ET AL.

The above-named Creditor is "<u>NOT</u>" responding nor controverting

the "<u>VOID</u>", non court ordered papers being mail frauded upon this

Creditor by the Debtors et al., but for factual and legal infor-

mation of the Court's official records of the above-numbered case

shows:

### <u>Preliminary Statement</u>

1.  Whether or "<u>NOT</u>" an Automatic Stay exists herein, pursuant

to 11 U.S.C. § 362 (f), "Upon request of a party in interest, the

Court, with or without a hearing, '<u>SHALL GRANT</u>' such relief from

− 2 −

the stay provided under subsection (a) of this section as is

'NECESSARY' to prevent irreparable damage to the interest of an enity

in property, if such interest will suffer such damage before there

is an opportunity for notice and hearing under subsection (d) or

(e) of this section", and this Creditor is requesting the relief

provided hereunder without further delay.

2.   Upon the act of filing of the 11 U.S.C. § 301 Voluntary

Petition by the Debtors et al., dated October 8, 2005, more than

"15" months ago, the "ENTRY" of the Debtors' voluntarily requested

Order For Relief was enforced and under "EQUITABLE ESTOPPEL"

doctrine this voluntary act created inhibition, inability, to

restrain, to hinder, to prohibit the Debtors' et al., from assert-

ing any further legal or equitable ownership to the $1,092,000,000.00

that it voluntarily surrendered, relinquished and gave up "ALL"

rights to involving this Creditor's claims, by law.

3.   "EQUITABLE ESTOPPEL" is a lawful bar that prevents the

Debtors' et al., from having any/all legal or equitable standing

or right to object to or contest this Creditor for this cash

monetary property and this above-named judgment creditor directs

the Court to exercise the enforcement of the execution and payment

of money pursuant to the FRCivP Rules 4.1 (a) and (b), including

Rule 69 (a).

4.   The Master Separation Agreement (MSA) that the Debtors'

et al., admits to engaging in with GM after January 1, 1999, is the

cause and effect relationship that is directly factually responsi-

ble for the "7" plus years losses of 100% of "ALL" monies for this

Creditor and Family to subsist and survive on that had been

3

customarily earnable in Flint, Michigan, after this Creditor's legal
hire-in to GM-Buick on June 13, 1973, thruout the "26" years of
employment service that was destroyed by this questionable MSA.

   5.  The Debtors' et al., further admits in its non court ordered
'Third Omnibus Claims Objection' that is 100% "VOID" - by law -
against the claims of this Creditor, it filed on October 31, 2006,
Page #3, Paragraph #7, it; "Delphi was incorporated in Delaware in
1998 as a 'wholly-owned' subsidiary of General Motors Corporation
("GM").  Prior to January 1, 1999, GM conducted the Company's
business through various divisions and subsidiaries.  Effective
Janaury 1, 1999, the assets and liabilities of these divisions and
subsidiaries were transferred to the Company in accordance with the
terms of 'A' Master Separation Agreement between Delphi and GM."

   6.  Not only were certain assets and liabilities transfered to
Delphi by GM, but an estimated 4,000 plus former Flint, Michigan,
GM-Buick City hourly employees were fraudulently transfered from
this permanently closed GM plant assertedly; and without this
Creditor having made the "required" application to transfer to the
Saginaw, Michigan, Delphi plant, and notwithstanding this Creditor
demanding retirement, as well as other statutorily authorized
compensation provided by both Federal and State laws in September
of 1999, the collusions between these corporations et al.,
retaliated against this Creditor for "NOT" being dictatorily forced
into the Delphi employment (which has become adverse to the hourly
employees who were violated/transfered), and "NOT" one penny of
entitled to monies have been paid since September of 1999, after
the Delphi collusions with GM.

7.   The Delphi Corporation does "<u>NOT</u>" have '<u>CLEAN HANDS</u>' self-evidenced by its MSA fraudulent transfer of GM-Buick City hourly employees, and resulting in these same citizen/employees loss of wages, benefits etc., and ultimately this bankruptcy.

8.   Any reasonable person can understand the direct causal link existing between Delphi's, GM's et al., MSA forced transfer action and this Creditor and Family's "<u>7</u>" plus years and continuing of 100% losses that did "<u>NOT</u>" exist prior to the "<u>INVOLUNTARY SERVITUDE</u>" MSA which Amendment 13 of the Bill of Rights to the United States Constitution etc., prohibits!

## <u>Argument</u>

9.   In September of 1999, this Creditor selected the options as follows:

(i)   To retire and the immediate "<u>VESTING</u>" and paying of "<u>NONFORFEITABLE</u>" Employee Retirement Income Security Act (ERISA) entitlements that are 100% vested after "<u>6</u>" years of service; this Creditor had "<u>26</u>" years plus in September of 1999, yet, "<u>NOT</u>" one penny has ever been paid based on the MSA collusions between GM, Delphi, etc.

(ii)   Pursuant to 29 U.S.C. §§ 1001 et seq., 1053 et seq., these vested, possessable retirement compensations are "<u>NONFORFEIT-ABLE</u>", yet, the MSA's collusions have caused 100% losses for "<u>7</u>" years and continuing against this Creditor and Family financial and economic rights, citizenship rights, human rights etc., to survive.

10.   In September of 1999, this Creditor selected the options

to receive the automatic, statutorily provided Proposed Redemption

Agreement compensations prescribed under Public Act 317 of the

Worker's Disability Compensation Act of 1969 as amended and

arranged at Michigan Compiled Laws (MCL) § 418.801, § 418.835, §

418.836 etc., yet, 100% of these legal entitlements have been

deprived under color of law for "7" years and continuing regardless

of GM's, Delphi's, the UAW's et al., impartial medical examiners at

Riverfront Medical Center having made contractual "BINDING" conclu-

sions and several examinations that this Creditor was "UNABLE" to

perform the same assembly line jobs that had been performed the

previous "26" years.

11.   According to Article III of the U.S. Constitution and

Title 28 of the United States Code § 1 et seq., the bankruptcy unit

of this Federal district court is "NOT" a trial court and is pro-

hibited by law from making findings of fact or conclusion of law

relating to this Creditor's claims and is requested to enforce

contempt of court, obstructions of the due course of the adminis-

tration of justice etc., against the Debtors et al., attorneys who

are clearly engaging in repeated, deliberate "UNDUE PREJUDICE" to

compound the economic, financial hardships, human rights violations,

citizenship violations etc., against this Creditor for "7" years

and continuing.

12.   On Page #2, Paragraph #A-2 of the debtors' "Claim Objection

And Estimation Procedures Motion', the Debtors' et al., admit that,

"No 'trustee' or examiner has been appointed in the Debtors'

cases..."; yet, the Debtors' further admit that the Office of the

United States Trustee appointed an official committee of unsecured

creditors on October 17, 2005, and on April 28, 2006, appointed an

official committee of equity holders; these appointments are

violations of Fed.R.Bankr.P., Rule 2014 (a) which clearly requires

an Order approving the employment of attorneys, accountants,

appraisers, auctioneers, agents or other professionals pursuant to

§ 327, § 1103, or § 1114 of the Code 'SHALL BE' made only on appli-

cation of the "TRUSTEE"...!

13.   Based on the Court "NOT" having Ordered the appointment of

a "TRUSTEE" according to 11 U.S.C. § 1104 (a) et seq., any/all

creditors committees and the employment of any/all professional

persons are "VOID", including "ALL" or "EACH" attorney of SKADDEN,

ARPS, SLATE, MEAGHER & FLOM LLP located in both New York, New York,

as well as Chicago, Illinois, who are repeatedly and continuously

bank frauding, bankruptcy frauding etc., "VOID" objections, "VOID"

schedules etc., upon this Creditor without a valid Court's Order.

14.   In the event that the 100% lawlessnesses continues against

this Creditor and the Judgment on the Human Capital Obligations and

Cash Management Orders are "NOT" disbursed immediately, Creditor

Lafonza Earl Washington "REQUESTS" the appointment of a "TRUSTEE"

for cause, including fraud, dishonesty...or gross mismanagement of

the affairs of the debtors by current management, either before or

after the commencement of the case including overthrow of the

United States Bankruptcy System relating to Fed.R.Bankr.P. 3001 (f),

and 3003 (c) (4), as well as 11 U.S.C. §§ 101 (5) (A) and (B),

§ 102 (6), § 301, 362 (f), 327 et seq., § 502 (a) etc.

15.   The Debtor, its attorneys from SKADDEN, ARPS, SLATE,

MEAGHER & FLOM LLP et al., are repeatedly, continuously engaging in

deliberate bankruptcy fraud etc., by mail frauding out any/all

documents to this Creditor which it is asserted does "NOT" qualify
as professional expenses nor the payment of fees nor reimbursements
etc.

16.   Notwithstanding SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP,
the debtors' postpetition attorneys having admitted on October 31,
2006, that no "TRUSTEE" has been appointed in these Debtors' cases,
their deliberate collusions, conspiracies etc., against this
Creditor are clearly evidenced violations of the trustees duties
under 11 U.S.C. §§ 327 etc., based on the Court did "NOT" approve
any Order for the trustee to employ them as is required by law.

17.   Each of the attorneys for SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP are falsifying its proper State of New York and State of
Illinois attorney registration numbers on the "VOLUME" of papers
it or they are mail frauding to be received by this Creditor to
contribute to the "15" months obstructions of justice, contempt of
Court etc., to compound the overdue payments for the related Claims
as follows:

(i)   John Wm. Butler, Jr., has a State of Illinois issued
registration number of 6275747, yet he is bankruptcy frauding the
registration number of (JB 4711) herein.

(ii)   John K. Lyons has a State of Illinois issued regis-
tration number of 6201542, yet he is bankruptcy frauding the regis-
tion number of (JL 4951) herein.

(iii)   Ron E. Meisler has a State of Illinois issued
registration number of 6270262, yet he is bankruptcy frauding the
registration number of (RM 3026) herein.

- 8 -

(iv)   Randall G. Reese has a State of Illinois issued registration number of 6209373, yet obstructed justice by interfering with the payment of this Creditor's claims on December 15, 2006, without any 'Pro Hac Vice' admittance by the U.S. Bankruptcy Court for the Southern District of New York on information and belief.

(v)   Kayalyn a. Marafioti has a State of New York issued registration number of 1689819, yet she is bankruptcy frauding the falsified registration number of (KM 9632) in this debtors' cases.

(vi)   Thomas J. Matz has a State of New York issued registration number of 3055688, yet he is bankruptcy frauding the falsified registration number of (TM 5986) in this case.

18.   On July 28, 2006, LATHAM & WATKINS LLP identified itself as the Counsel for the official committee of unsecured creditors on the Delphi Corporation website which contradicts the Debtors' attorneys John Wm. Butler, Jr., Kayalyn A. Marafioti of SKADDEN's LLP, October 31, 2006, 'Claim Objection and Estimation Procedures Motion' mail frauded to this Creditor that, 'No trustee or examiner has been appointed in the Debtors' cases';

(i)   According to 11 U.S.C. § 1104, only "AFTER" the court orders the appointment of a trustee, which the Debtors' attorneys testify has "NOT" been done, is the trustee authorized to exercise its specific responsibilities to appoint and convene creditor's committees in Chapter 11 business reorganization cases clearly evidencing that LATHAM & WATKINS has "NOT" been appointed, by law.

(ii)   The attorneys involved in this Debtors' case from

LATHAM & WATKINS are also falsifying their state issued registration as follows:

A.  Robert J. Rosenberg has a State of New York issued attorney registration number of 1025626, yet he is bankruptcy frauding the falsified number of (RR-9585) in this Debtors' case.

B.  Mitchell a. Seider has a State of New York issued attorney registration number of 4319273, yet he is bankruptcy frauding the falsified registration number of (MS-4321) herein.

C.  Mark A. Broude has a State of New York issued attorney registration number of 2335198, yet he is bankruptcy frauding the falsified number of (MB-1092) herein.

19.  Based on the fact that the events or state of affairs between Delphi, GM et al., "CAUSED", arbitrarily and dictatorily the transfer of this Creditor's hourly employment "rights" to Delphi in September of 1999, the "EFFECT" resulted in 100% of "ALL" monies lossed to live on; where before the "CAUSE" or "CAUSATION" by GM, Delphi, et al., these substantial losses did "NOT" exist!

(i)  The Delphi Corporation that does "NOT" own itself but is "WHOLLY-OWNED" by GM and there is no evidence that the "MASTER" released this corporate "SERVANT" because the Delphi servant continues to serve the GM "MASTER" to supply substantial parts etc., and there is no evidence that the "MARRIAGE" totally ended because the "S" in "MSA" was termed "SEPARATION" and "NOT" a 'divorce' to use human descriptions.

(ii)  GM's, Delphi's et al., events creating the MSA was both the "CAUSE" and the "EFFECTS" responsible for this Creditor

and Family's "7" years and continuing losses.

(iii)   This bankruptcy unit Court is "NOT" vested with
"TRIAL" Court power, is "NOT" the trier of fact and this Creditor
does "NOT" consent to a trial by the bankruptcy court nor a
multiplicity of suits "AFTER" the Human Capital Obligations and
Cash Management Orders entered on October 8, 2005, which is
entitled to res adjudicata treatment.

(iv)   This Creditor is "NOT" subject to any burden of proof
duty based on no trial pending, or in a Title 18 USC § 151 criminal
bankruptcy proceeding the Debtors' et al., are the defendants and
the People of the United States are the plaintiffs.

(v)   The Debtors' nor its fraudulent non-appointed, by law,
attorneys of SKADDEN et al., are the "TRIER OF FACT" and the
Debtors' voluntary surrender of the claimed property is "NOT" an
issue under 11 USC § 301, by law, nor to this Creditor by fact.

(vi)   Based on the 'NONEXISTING' of any 'trier of fact'
in an 11 U.S.C. § 301 Voluntary Petition, there exists no question
of fact nor law on any evidence.

(vii)   This Creditor has no 'production burden' because no
"trial" is pending where the Debtors' herein has already admitted
its guilt or liability which Debtors' illegally attempt to fraudu-
lently conceal on behalf of itself and GM, etc.!

(viii)   Based on the "NONEXISTENCE" of any "TRIER OF FACT"
and the U.S.C. § 301 voluntary surrender of "ALL" rights to this
property by the Debtors' et al., no preponderance of this
Creditor's claims are authorized by law.

20.   The rule as to enjoining or prohibiting only irreparable injuries has no application to Acts, especially "CORPORATE" Acts, which are "ENTIRELY" without authority, there is no adequate remedy at law, "EQUITY" or justice always enjoins and prohibits such acts; this Creditor does "NOT" have to satisfy any burden of proofs against the unauthorized acts of the involved corporations by law.  See GROFF -V- BIRD-IN-HAND TURNP. CO. 128 Pa 621, 18 A 431, applicable to New York and Michigan under the Full Faith and Credit Clause.

21.   This Creditor does "NOT" consent to a trial in an "EQUITABLE ESTOPPEL" status 11 U.S.C. § 301 voluntarily admitted case and does "NOT" consent to a trial before the bankruptcy judge.

22.   The facts of this Creditor's case is controlling, self-evidencing that "NOT" one (1) case cited in the "NON-COURT" Ordered responses can prevent the Constitutional and statutory relief provided by law.  See Article 1 § 8, Clause 4,(Congressionally "VESTED", not judicial, nor administrative United States uniform bankruptcy Laws); 11 U.S.C. § 101 (5) (A) and (B); § 102 (6); § 301; § 502 (a) etc., 42 U.S.C. § 1983.

23.   Delphi is an admitted "WHOLLY-OWNED" subsidiary of GM according to the Debtors' papers whose controlling interests, assets, as well as its "LIABILITIES" etc., are "WHOLLY-OWNED" by GM regardless of the invisible, concealed Master Separation Agreement that was "NOT" alleged to have dissolved GM's control.  GM's and Delphi's liabilities to this Creditor and Family is "INSEPARABLE" herein, by law, against these outlawed corporate acts which are entirely without authority under the Laws of injunctions!

24.   The "ENTRY" of the Order for Relief as was requested by

- 12 -

the Debtors' in favor of GM's interest as its No. 1 Creditor provided
GM a blank check to assests it already controlled of the Debtors' and
the October 8, 2005, entering of the Human Capital Obligations and
Cash Management Orders gave this Creditor's claims the status of res
adjudicata, a final order, a thing decided.

25.  "NOT" one (1) of the bankruptcy papers filed by the Debtors'
attorneys et al., are enforceable pursuant to the FRCivP Rule 11
based on "NOT" one (1) paper have been "SIGNED" according to Rule 11
which governs the 'Signing of Pleadings, Motions, and Other Papers;
Representation to Court; Sanctions'.

26.  The Debtors' attorneys continues to serve non-court Ordered
papers upon this Creditor, yet, "NOT" one (1) paper is "CERTIFIED"
that to the best of the person's knowledge, information, and belief
it is "NOT" being presented for any improper purpose..., but is
required to be by law!

(i)   In deliberate violations of FRCivP Rule 11 (b) (1)
the Debtors' attorneys et al., knowingly are serving non-court
Ordered papers upon this Creditor to harass, cause unnecessary delay
while murderers for hire are "STALKING" this Creditor "24" hours a
day, "7" days a week to prevent justice from ever being obtained.

(ii)  Existing bankruptcy laws does "NOT" warrant any of
the contentions, neither factual nor legal, that the Debtors, its
attorneys et al., are unnecessarily delaying the payment of this
Creditor's claims with.

(iii)  Burden of proof, production of evidence etc., are
"NOT" required against unauthorized corporate acts and this Creditor

demands $1,000,000.00 sanctions against each of the Debtors'
attorneys, its Law Firm, severally and separately, as well as the
Debtors' "AGREEMENT" to be sued for "TREBLE" damages for the "15"
months monetary property injuries herein for the sum of
$3,276,000,000.00 at 15% APR.

27.   Some of the papers that the Debtors' attorneys have mail
frauded to this Creditor have "NOT" been "HAND WRITTEN" by that
person giving rise to the authenticity or "VOIDNESS" of the litany
of documents situated as such.

(i)   According to 3 C.J.S. Signatures § 12, electronic
signatures on the papers mailed from the Debtors' attorneys are
defined as, "The term 'Electronic Signature' does 'NOT' suggest or
require the use of encryption, authentication, or identification
measures. A document's integrity (unaltered content), authenticity
(sender's identity), and confidentiality (of the signer's identity
or document's contents) are 'NOT' ensured merely because an
electronic signature is provided for."

(ii)   Based on the non-court Ordered papers being served
upon this Creditor and the contents are "NOT" ensured, nor any
Debtors' et al., attorney's signature appearing and no "TRUSTEE"
having been appointed to submit any Order to this Court to
authorize the employment of any professionals, attorneys, commit-
tees, etc.

28.   Fed.R.Bankr.P. Rule 3007 objection requires a written copy
of Debtors' filing against the allowance of this Creditor's claims
to be delivered to the "TRUSTEE" which cannot be complied with based
on the Debtors' testimonial documents filed on October 31, 2006,

evidences that no "TRUSTEE" not "EXAMINER" has been appointed in the
above-numbered case.

29.   However, if the "UNDUE PREJUDICE", "RACIAL DISCRIMINATIONS"
and "DEPRIVATIONS OF RIGHTS UNDER COLOR OF LAW" cause the further
nonpayemnt of just claims of this Creditor, then enclosed is an
11 U.S.C. § 1104 request and motion for a telephone conference
Notice and Hearing for cause, including an investigation of this
Creditor's allegations of "MASS" fraud, dishonesty, misconduct, mis-
management, or irregularity in the management of the affairs of the
debtors by both current and former management of the debtors.

(i)   This Claimant further shows or evidences that the
SECURITY EXCHANGE COMMISSION -V- DELPHI CORPORATION, Case No.
06-14891, pending in the United States District Court for the
Eastern district of Michigan, before "82" years old 'NON-ACTIVE'
Judge Avern Cohn, in which "13" former executives were allegingly
"FINED", the Complaint and Summons have "NOT" yet been served by the
SEC although the case commenced about October 31, 2006, based on
information from the clerk's office of the U.S. District Court for
the Eastern District of Michigan - Southern Division showing a
denial of justice continues to exist against this Creditor & Family.

30.   The Debtors' et al., unauthorized attorneys have "NOT"
cited a "SUFFICIENCY" hearing statute and this Creditor cannot find
such a procedure enacted by the Congress under Title 11 U.S.C. §§
101 et seq., and such hearing violates 11 U.S.C. §§ 101 (5) (A) and
(B) claim requirements, § 102 (6) "ENTRY" of Order for Relief,
§ 301 Order for Relief, § 502 allowed payment, Fed.R.Bankr.P.
Rules 3001 (f) "PRIMA FACIE" self-evidence of validity and amount,

§ 3003 (c) (4) prohibitions against scheduling any hearing sufficiency or whatever; by law the Court is required to "STRIKE" all processes involving the above-numbered claims except the immediate payment and disbursement pursuant to the FRCivP Rule 12.

WHEREFORE, the clerk is required forthwith, without awaiting any direction by the Court, to prepare, sign, and enter the judgment upon the Human Capital Obligation and Cash Management Orders/Decisions entered on October 8, 2005, by the Court and that Judgment Creditor Lafonza Earl Washington "SHALL" recover $1,092,000,000.00 and the form of this attached Judgment "SHALL BE" promptly approved by the Court, and the Clerk "SHALL" thereupon enter it under the Federal Rules of Civil Procedure, Rule 58, without further delay.


Dated:   January 8, 2007

BY: _Lafonza Earl Washington_
    Lafonza Earl Washington
    Judgment/Creditor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
——————————————————————)
        In re            )   CHAPTER 11
                         )
DELPHI CORPORATION et al.,)   CASE NO. 05-44481 (RDD)
                         )
        Debtors.         )   (JOINTLY ADMINISTERED)
——————————————————————)   Claim No's. 257, 264, 288, 297,
                                   1271, 1272, and 1334.
```

STATE OF MICHIGAN)
                 )
COUNTY OF GENESEE)


                        PROOF OF SERVICE

I, Lafonza Earl Washington deposes, states:

That on January 9, 2007, he did serve the below-identified documents
upon the persons named-below by United States Postal Service mail,
with postage prepaid as follows:

    1.  MOTION Pursuant To Title 11 U.S.C. §§ 102 (1) (B), § 362
(f) That Does "NOT" Require Hearing - By Law - For Judgment "ENTRY"
Of Human Capital Obligations and Cash Management Orders Entered On
October 8, 2005, And To Statutorily Grant $1,092,000,000.00 Relief
Pursuant To 11 U.S.C. § 101 (5) (A) and (B), § 102 (6), § 301,
§ 502 (a), Including Fed.R.Bankr.P. Rules 3001 (f) and 3003 (c)
(4), As Well As 42 U.S.C. § 1983 and 15 U.S.C. §§ 1 Thru 15
(Treble Damages For Property Injuries Nonpayment Compounding
Previous Irreparable Injuries) - and - To Strike 100% Of The
Debtors Prohibited Non-Court Ordered Responses, Objections, Suffici-
ency Hearing et al.

    2.  Judgment On Order By The Court After Entry Of Human
Capital Obligations and Cash Management Orders On October 8, 2005,
and Grant $1,092,000,000.00 Relief To Judgment Creditor Lafonza
Earl Washington - Without Further Delay - To Prevent Further
Irreparable Damages By Law.

Please record according to law.  Thank you.


                    BY: *Lafonza Earl Washington*
                        Lafonza Earl Washington
                        Judgment Creditor

Mailed To:

Robert D. Drain, Judge
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, N.Y.  10004

Clerk of the Court
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y.  10004

Delphi Corporation
Att'n:  General Counsel
5725 Delphi Drive
Troy, MI  48098

CONGRESSIONAL BLACK CAUCUS
Rep. Carolyn Kilpatrick, D-Michigan
Chairperson & the 43 members
2236 Rayburn Building
Washington, D.C.  20515



THE ONLINE HOME FOR THE

# CONGRESSIONAL BLACK CAUCUS
*of the 109th United States Congress*

## *"The Conscience of Congress since 1969"*

| HOME | OFFICERS/MEMBERS | CBC HISTORY | PRESS RELEASES | FLOOR SPEECHES | PR |

**Recent CBC Headlines**

Edolphus Towns to
Deliver Weekly
CBC "Message To
America"

9/28/2006
CBC Members Urge
Secretary of State
Rice to Push Bush
Administration to
Take Immediate
Action on Darfur

9/22/2006
U.S. Representative
Bennie G.
Thompson to Deliver
Weekly CBC
"Message To
America"

9/15/2006
U.S. Representative
Robert C. Scott to
Deliver Weekly
CBC "Message To
America"

for complete headline
listings click here

**Congressional Black
Caucus**
2236 Rayburn Building
Washington, DC 20515
phone: 202-226-9776
fax: 202-225-1512

## CBC MEMBERS

### Committee Membership | CBC States
### Printable List of CBC Members and Contact Information

## OFFICERS

| Member of Congress | State |
|---|---|
| Rep. Melvin L. Watt **Chair** | North Carolina |
| Rep. Corrine Brown **Vice-Chair** | Florida |
| Rep. Carolyn Kilpatrick **Second Vice-Chair** | Michigan |
| Rep. Danny K. Davis **Secretary** | Illinois |
| Rep. Barbara Lee **Whip** | California |

## MEMBERS

| Members of Congress | State |
|---|---|
| Rep. Sanford D. Bishop, Jr. | Georgia |
| Rep. G.K. Butterfield | North Carolina |
| Rep. Julia M. Carson | Indiana |
| Rep. Donna M. Christian-Christensen | Virgin Islands |
| Rep. William L. Clay, Jr. | Missouri |
| Rep. Emanuel Cleaver, II | Missouri |
| Rep. James E. Clyburn | South Carolina |
| Rep. John Conyers, Jr. (founding member) | Michigan |
| Rep. Elijah E. Cummings | Maryland |
| Rep. Artur Davis | Alabama |

Congressional Black Caucus

| Rep. Chaka Fattah | Pennsylvania |
|---|---|
| Rep. Harold E. Ford, Jr. | Tennessee |
| Rep. Al Green | Texas |
| Rep. Alcee L. Hastings | Florida |
| Rep. Jesse L. Jackson, Jr. | Illinois |
| Rep. Sheila Jackson Lee | Texas |
| Rep. William J. Jefferson | Louisiana |
| Rep. Eddie Bernice Johnson | Texas |
| Rep. Stephanie Tubbs Jones | Ohio |
| Rep. John Lewis | Georgia |
| Rep. Cynthia McKinney | Georgia |
| Rep. Kendrick Meek | Florida |
| Rep. Gregory W. Meeks | New York |
| Rep. Juanita Millender-McDonald | California |
| Rep. Gwen Moore | Wisconsin |
| Rep. Eleanor Holmes Norton | Washington, D.C. |
| Sen. Barack Obama | Illinois |
| Rep. Major R. Owens | New York |
| Rep. Donald M. Payne | New Jersey |
| Rep. Charles B. Rangel (founding member) | New York |
| Rep. Bobby L. Rush | Illinois |
| Rep. David Scott | Georgia |
| Rep. Robert C. Scott | Virginia |
| Rep. Bennie G. Thompson | Mississippi |
| Rep. Edolphus Towns | New York |
| Rep. Maxine Waters | California |
| Rep. Diane E. Watson | California |
| Rep. Melvin L. Watt | North Carolina |
| Rep. Albert R. Wynn | Maryland |

***Return to Top***

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285
———
TEL: (312) 407-0700

FAX: (312) 407-0411

www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(312) 407-0663
DIRECT FAX
(312) 407-8690
EMAIL ADDRESS
RAREESE@SKADDEN.COM

January 8, 2007

Lafonza Washington
7010 Cranwood Dr.
Flint, MI 48505

RE:   Notice of Change of Time of Sufficiency Hearing

Dear Mr. Washington:

This letter is to notify you that the sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of proofs of claim numbers 257, 264, 288, 297, 1271, 1272, and 1334 (the "Proofs of Claim") and whether the Proofs of Claim state a claim against the asserted Debtor under Bankruptcy Rule 7012 scheduled for January 12, 2007, at 10:00 a.m. (prevailing Eastern time) has been rescheduled to January 12, 2007, at 1:00 p.m. (prevailing Eastern time).

Sincerely,

Randall Reese (SJP)

Randall G. Reese

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK



|  |  |  |
|---|---|---|
| In Re | ) | CHAPTER 11 |
| | ) | |
| DELPHI CORPORATION, <u>et al</u>., | ) | CASE NO. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (JOINTLY ADMINISTERED)-SDNY |
| | ) | Claim No's. 257, 264, 288, 297, |

1271, 1272 and 1334.

**JUDGMENT ON ORDER BY THE COURT
AFTER ENTRY OF HUMAN CAPITAL OBLIGATIONS
AND CASH MANAGEMENT ORDERS ON OCTOBER 8,
2005, AND GRANT $1,092,000,000.00 RELIEF
TO JUDGMENT CREDITOR LAFONZA EARL
WASHINGTON – WITHOUT FURTHER DELAY – TO
PREVENT FURTHER IRREPARABLE DAMAGES BY LAW**

This action came on for hearing on October 8, 2005, before the Court, Honorable Robert D. Drain, United States Bankruptcy Judge presiding and the Bankruptcy Court entered Human Capital Obligations and Cash Management Orders,

**IT IS ORDERED AND ADJUDGED** that Creditor Lafonza Earl Washington recover of the Delphi Corporation et al., the sum of $1,092,000,000.00 with interest thereon at the rate of 15% APR as provided by law, and to immediately disburse a Department of Treasury check or cashier's check or certified check cashable at any/all FDIC insured bank or credit union, paid to the order of Lafonza Earl Washington WITHOUT FURTHER DELAY.

New York, New York
Dated:   January _____, 2007

_____
                                    Clerk of the Court