IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
      In re                              :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)
                                         :
                          Debtors.       :    (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On January 31, 2007, I caused to be served the document listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

Debtors' Supplemental Reply With Respect to Proof of Claim No. 2707 (Laborsource 2000, Inc.) ("Supplemental Reply - Laborsource 2000, Inc.") (Docket No. 6783) [a copy of which is attached hereto as Exhibit D]

Dated: February 2, 2007

_/s/ Evan Gershbein_
Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 2nd day of February, 2007, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _/s/ Shannon J. Spencer_

Commission Expires: _6/20/10_

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|------------------|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | Michigan IRS |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | UCC Professional |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 4

2/1/2007 1:39 PM
Master Service List Overnight Mail

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-823-9000 | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | Indenture Trustee |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | Special Labor Counsel |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | Creditor Committee Member |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | Counsel to General Motors Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 4

2/1/2007 1:39 PM
Master Service List Overnight Mail

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|------------------|
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 4

2/1/2007 1:39 PM
Master Service List Overnight Mail

Delphi Corporation
Laborsource 2000 Special Parties

| Company | Contact | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| Laborsource 2000 Inc | Harvey Altus | Law Offices Of Harvey Altus Pc | 30500 Northwestern Hwy Ste 500 | Farmington Hills | MI | 48334 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

2/1/2007 2:13 PM
Laborsource 2000 special party

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein<br>Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092<br>212-450-4213 | 212-450-3092<br>212-450-3213 | donald.bernstein@dpw.com<br>brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com<br>karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler<br>Bonnie Steingart<br>Vivek Melwani<br>Jennifer L Rodburg<br>Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com<br>slivri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc. | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com<br>richard.duker@jpmorgan.com<br>gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

2/1/2007 1:40 PM
Master Service List Email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-----|-------|------------------|
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

2/1/2007 1:40 PM
Master Service List Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | 212-922-3891 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | 404-253-8554 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC |
| Ambrake Corporation | Brandon J. Kessinger | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5428 | 270-737-3044 | bkessinger@akebono-usa.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel to  ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel to Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel to Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | 765-640-1332 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Rjafeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Wallace A. Showman | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1429 | 212-554-1444 | wallace@blbglaw.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Bingham McHale LLP | John E Taylor Michael J Alerding Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | 317-236-9907 | jtaylor@binghammchale.com malerding@binghammchale.com wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel to Special Devices, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennsylvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel to Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | 0039-035-605-671 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | driggio@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | 212-541-5369 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nhp4@cornell.edu | Paralegal/Counsel to Cornell University |
| Covington & Burling | Susan Power Johnston | 1330 Avenue of the Americas | | New York | NY | 10019 | | 212-841-1005 | 646-441-9005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | 248-457-7001 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-916-2940 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Deputy Attorney General | Amina Maddox | R.J. Hughes Justice Complex | P.O. Box 106 | Trenton | NJ | 08625 | | 609-984-0183 | 609-292-6266 | amina.maddox@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Furukawa Electric North America APD; and Co-Counsel to Tower Automotive, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Eckert Seamans Cherin & Mellott LLC | Michael G. Busenkell | 300 Delaware Avenue | Suite 1360 | Wilmington | DE | 19801 | | 302-425-0430 | 302-425-0432 | mbusenkell@eckertseamans.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 7411 Highway 51 North | | Southaven | MS | 38671 | | | | akatz@entergy.com | Company |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel to Doshi Prettl International, LLC |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@foxroth.com | Counsel to Jon Ballin |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel to Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel to Aluminum International, Inc. |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | 866-890-3061 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | Michael P. Richman | 90 Park Avenue | 37th Floor | New York | NY | 10016-1314 | | 212-682-7474 | 212-687-2329 | mrichman@foley.com | Counsel to Ernst & Young LLP |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg, Stinnett, Meyers & Davis | Merle C. Meyers | 44 Montgomery Street | Suite 2900 | San Francisco | CA | 94104 | | 415-362-5045 | 415-362-2392 | mmeyers@gsmdlaw.com | Counsel to Alps Automotive, Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel to UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Rjafeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | 200 Park Avenue | | New York | NY | 10166 | | 212-801-9200 | 212-801-6400 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | 713-374-3505 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | 315-471-3167 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | 212-918-8989 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | 713-547-2600 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Heller Ehrman LLP | Timothy Mehok | Times Square Tower | Seven Times Square | New York | NY | 10036 | | 212-832-8300 | 212-763-7600 | timothy.mehok@hellerehrman.com | Counsel to Road, Inc. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4750 | 908-898-4137 | glen.dumont@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | 716-819-4645 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 230 Park Avenue | 17th Floor | New York | NY | 10169 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel to RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | | heather@inplaytechnologies.com | Creditor |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, (District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel to Trutron Corporation |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | 231-728-2206 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | 212-836-8689 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Riley | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 7 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | sdabney@kslaw.com | |
| | Bill Dimos | | | | | | | | | bdimos@kslaw.com | Counsel to KPMG LLP |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@kling.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Klett Rooney Lieber & Schorling | Eric L. Schnabel | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | (302) 552-4200 | | schnabel@klettrooney.com | Counsel to Entergy |
| | DeWitt Brown | | | | | | | | | dbrown@klettrooney.com | |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | 610-738-1217 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissell.com | Counsel to Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | 212-947-1202 | kwalsh@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | | 814-870-7754 | 814-454-4647 | rparks@mijb.com | Counsel to Ideal Tool Company, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel to Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel to Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | 973-624-7070 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2186 | egunn@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | khopkins@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | pjricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Stephanie K. Hoos | The Chrysler Center | 666 Third Avenue | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | skhoos@mintz.com | Counsel of Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morrison Cohen LLP | Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8757 | 917-522-3157 | mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | 214-855-7584 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel to National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | Counsel to Rotor Clip Company, Inc. |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Anthony Princi Esq Thomas L Kent Esq | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5000 | 212-506-5151 | aprinci@orrick.com tkent@orrick.com | Counsel to Ad Hoc Committee of Trade Claimants |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Matthew W. Cheney | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | mcheney@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl Young Jones & Weintraub LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | 302- 652-4400 | mseidl@pszyjw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl Young Jones & Weintraub LLP | William P. Weintraub | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | 212-561-7777 | wweintraub@pszyjw.com | Counsel for Essex Group, Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg Justin G. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | arosenberg@paulweiss.com jbrass@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | 203-259-0251 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p. A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p. A. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com mgr@previant.com | Counsel to International Brotherod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Reed Smith | Richard P. Norton | One Riverfront Plaza | 1st Floor | Newark | NJ | 07102 | | 973-621-3200 | 973-621-3199 | rnorton@reedsmith.com | Counsel to Jason Incorporated, Sackner Products Division |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | 312-726-0647 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel to ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | 212-841-5725 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | | tslome@rsmllp.com | Counsel to JAE Electronics, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | agelman@sachnoff.com | Counsel to Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | mnewman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel to  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel to Panasonic Automotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel to D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel to  le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | 603-627-8121 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co.; |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel to Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel to Michigan Heritage Bank; MHB Leasing, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | emarcks@ssd.com | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | 213-897-2802 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | 313-456-2201 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel to Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel to Bing Metals Group, Inc.; Central Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Electronix, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 15 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rnsteinwurtzel@swidlaw.com | Attorneys for Sanders Lead Co., Inc. |
| Taft, Stettinius & Hollister LLP | Richard L. Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | 513-381-0205 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennessee Department of Revenue |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | 408-998-4895 | ddraper@terra-law.com | Counsel to Maxim Integrated Products, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | 1-330-471-4388 | robert.morris@timken.com | Representative for Timken Corporation |
| Thelen Reid Brown Raysman & Steiner LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation and Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.cambell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | 214-999-9139 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel to Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel to Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Varnum, Riddering, Schmidt & Howlett LLP | Michael S. McElwee | Bridgewater Place | P.O. Box 352 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel to Furukawa Electric North America APD and Co-Counsel to Tower Automotive, Inc. |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | 614-719-4663 | tscobb@vssp.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel to Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 16 of 17

2/1/2007 1:46 PM
Delphi 2002 lists Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel to Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel to Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel to National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel to National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel to Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel to Toyota Tsusho America, Inc. and Karl Kufner, KG aka Karl Kuefner, KG |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | Vice President of Administration for Akebono Corporation |
| APS Clearing, Inc. | Andy Leinhoff | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | 512-314-4416 | Counsel to APS Clearing, Inc. |
| APS Clearing, Inc. | Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | 512-314-4416 | Counsel to APS Clearing, Inc. |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | 303-295-0202 | Counsel to United Power, Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | 615-321-0555 | Counsel to Averitt Express, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-6065 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| Dykema Gossett PLLC | Gregory J. Jordan | 10 Wacker | Suite 2300 | Chicago | IL | 60606 | 312-627-2171 | Counsel to Tremont City Barrel Fill PRP Group |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | 305-349-2300 | Counsel to Ryder Integrated Logistics, Inc. |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | 302-622-7000 | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Heller Ehrman LLP | Carren Shulman | Times Square Tower | Seven Times Square | New York | NY | 10036 | 212-832-8300 | Counsel to @Road, Inc. |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | General Counsel to Jason Incorporated |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | 850-763-8421 | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | 312-861-2000 | Counsel to Lunt Mannufacturing Company |
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-812-8340 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Miami-Dade County Tax Collector | Metro-Dade Paralegal Unit | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | 305-375-5314 | Paralegal Collection Specialist for Miami-Dade County |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | 216-586-3939 | Counsel to WL. Ross & Co., LLC |
| O'Rourke Katten & Moody | Michael C. Moody | 161 N. Clark Street | Suite 2230 | Chicago | IL | 60601 | 312-849-2020 | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3157 | Counsel to Ambrake Corporation; Akebono Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

2/1/2007 1:46 PM
Delphi 2002 lists US Mail

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | 989-385-3230 | Corporate Secretary for Professional Technologies Services |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | 330-670-3004 | Counsel to Republic Engineered Products, Inc. |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | 213-312-2000 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | 312-207-1000 | Counsel to Infineon Technologies North America Corporation |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | 312-258-5500 | Counsel to  Means Industries |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | 212-806-5400 | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc.; a |
| Traub, Bonaquist & Fox LLP | Maura I. Russell Wendy G. Marcari | 655 Third Avenue | 21st Floor | New York | NY | 10017 | 212-476-4770 | Counsel to SPCP Group LLC |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | 212-826-1100 | Counsel to WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

2/1/2007 1:46 PM
Delphi 2002 lists US Mail

# EXHIBIT D

**Hearing Date and Time: March 1, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                        :
        In re                           :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                          :
                                          :     (Jointly Administered)
                 Debtors.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  - x

DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO
PROOF OF CLAIM NO. 2707 (LABORSOURCE 2000, INC.)

("SUPPLEMENTAL REPLY – LABORSOURCE 2000, INC.")

      Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit their Supplemental Reply With Respect To Proof Of Claim No. 2707

(LaborSource 2000, Inc.) (this "Supplemental Reply"), and respectfully represent as follows:

Introduction

1.      The claimant, LaborSource 2000, Inc. ("LaborSource"), provided labor

services to Delphi Automotive Systems, LLC ("DAS LLC") to produce automotive cockpits.  To

procure this business, LaborSource made a successful bid in response to DAS LLC's bid request

of August 2002, which was expressly subject to "change based on volumes, the manufacturing

process, product changes, etc."  Subsequently, LaborSource entered into an agreement (the

"Purchase Order") with DAS LLC to supply labor to assemble the cockpits.

2.      LaborSource was unable to profitability perform under the Purchase Order

and, in 2004, requested a price increase from DAS LLC.  Although under no obligation to do so,

DAS LLC acquiesced in LaborSource's request and entered into a settlement agreement in June

2004 (the "Settlement Agreement").  In the Settlement Agreement, DAS LLC granted a price

increase to LaborSource and agreed to pay a surcharge on certain billable hours to cover one-half

of LaborSource's unsecured obligation to its lender.  In exchange, LaborSource expressly

acknowledged in the Settlement Agreement that "[n]either the Purchase Order nor [the

Settlement] Agreement create any obligation of [DAS LLC] to purchase, obtain or pay for any

minimum number of hours of any personnel, and [LaborSource] and [DAS LLC] agree that

[DAS LLC] is under no such obligation."  LaborSource also granted DAS LLC a full and

unconditional release of all claims arising prior to the date of the Settlement Agreement.

3.      Even with the accommodations provided by DAS LLC, LaborSource still

could not operate profitably under the clear constraints of the Purchase Order and Settlement

2

Agreement.  LaborSource subsequently filed its proof of claim to recover over $2.2 million on

account of its alleged losses associated with the contract.

4.    Contrary to LaborSource's contentions, DAS LLC never made promises

with respect to a particular volume of services nor to a certain level of profitability.  Indeed, the

parties expressly acknowledged in the Settlement Agreement that Delphi was not obligated to

purchase any minimum amount of services.  Like any party that contracts for goods or services,

DAS LLC is not an insurer of the profitability of the contracts that it awards to suppliers.

5.    Further, in April 2006, LaborSource filed for chapter 7 bankruptcy relief.

As a result, LaborSource is a defunct company that lacks standing to assert a claim in these

bankruptcy proceedings.  Accordingly, LaborSource's proof of claim should be disallowed and

expunged in its entirety.

<u>Background</u>

6.    On April 21, 2006, LaborSource filed proof of claim number 2707 (the

"Proof of Claim") against DAS LLC.  The Proof of Claim asserts an unsecured nonpriority claim

in the amount of $2,284,000 (the "Claim") stemming from an agreement between LaborSource

and DAS LLC, the terms of which were first embodied in the Purchase Order dated October 15,

2002.  Under the Purchase Order, LaborSource agreed to provide certain labor services required

by DAS LLC in conjunction with a certain project (the "Project") to produce automotive cockpits

for General Motors Corporation ("GM").  Declaration Of James N. Robbins In Support Of

Debtors' Supplemental Reply With Respect To Proof Of Claim 2707 (LaborSource 2000, Inc.) ¶

4 (the "Robbins Decl." or "Robbins Declaration"), a copy of which is attached hereto as <u>Exhibit</u>

<u>A</u>.  A copy of the Purchase Order is attached as <u>Exhibit 2</u> to the Robbins Declaration.

3

7.      The agreement between LaborSource and DAS LLC was the result of a
bid request dated August 27, 2002 (the "Bid Request"), pursuant to which DAS LLC solicited
bids from, among others, LaborSource, to provide labor services for the Project.  Robbins Decl. ¶
5.  A copy of the Bid Request is attached as <u>Exhibit 1</u> to the Robbins Declaration.  The Bid
Request expressly provides that the Debtors' labor requirements "will change based on volumes,
the manufacturing process, product changes, etc."  Bid Request, § 2.1.

8.      LaborSource was the successful bidder for the Project, and the Purchase
Order was subsequently issued by DAS LLC and accepted by LaborSource.  Robbins Decl. ¶ 5.
The Purchase Order, which provided fixed and agreed pricing for labor services for the Project,
covered DAS LLC's "order of the . . . services identified during the period from 12/02/02 to
12/31/2005."  Purchase Order, p. 1.  The Purchase Order expressly provided that it "contains the
complete and final agreement between [DAS LLC] and [LaborSource] and no other agreement in
any way modifying any of [its] terms and conditions will be binding upon [DAS LLC] unless
made in writing and signed by [DAS LLC]'s authorized representative."  <u>Id</u>.  At or shortly after
the time of the Purchase Order, LaborSource was well aware that its workforce at Delphi's
manufacturing plant was unionized.  Robbins Decl. ¶ 6.

9.      Subsequent to the acceptance of, and partial performance under, the terms
of the Purchase Order, LaborSource informed DAS LLC that it faced financial losses with
respect to the provision of labor services for the Project, that its debt to its primary lender was
under-collateralized by approximately $1.1 million, and that it risked default and foreclosure of
its loan.  Robbins Decl. ¶ 7.  Although under no obligation to do so, DAS LLC agreed to provide
support to LaborSource, and the parties entered into a Settlement And Accommodation
Agreement in June 2004 (the "Settlement Agreement").  Robbins Decl. ¶ 9.  A copy of the

4

Settlement Agreement is attached as <u>Exhibit 3</u> to the Robbins Declaration.  Pursuant to the

Settlement Agreement, the bill rate under the Purchase Order for certain of LaborSource's

employees was increased from $21.58 per hour to $23.00 per hour.  Robbins Decl. ¶ 9;

Settlement Agreement ¶ 1(a)(i).  Additionally, DAS LLC agreed to cover approximately half of

the $1.1 million unsecured debt owed by LaborSource to its lender through the payment of a

surcharge in the amount of $4.10 per billable hour (the "Surcharge") until DAS LLC had

purchased 137,000 billable hours from LaborSource.  Robbins Decl. ¶ 9; Settlement Agreement

§ 1(a)(ii).

        10.       Further, pursuant to the Settlement Agreement, the parties expressly

agreed that "[n]either the Purchase Order nor [the Settlement] Agreement create any obligation

of [DAS LLC] to purchase, obtain or pay for any minimum number of hours of any personnel,

and [LaborSource] and [DAS LLC] agree that [DAS LLC] is under no such obligation."

Robbins Decl.  ¶ 10; Settlement Agreement, ¶ 1(b).  Also pursuant to the Settlement Agreement,

LaborSource agreed to a general release of all claims against DAS LLC "based upon acts o[r]

occurrences at any time prior to the date of [the Settlement] Agreement."  Robbins Decl. ¶ 8;

Settlement Agreement ¶ 3(a).  Finally, LaborSource agreed that the Settlement Agreement and

the Purchase Order constitute the entire understanding of the parties with respect to the subject

matter of the Settlement Agreement.  <u>See</u> Settlement Agreement, ¶ 13.

        11.       After the parties executed the Settlement Agreement, LaborSource

continued to incur losses with respect to its provision of labor services for the Project.  Robbins

Decl. ¶ 11.  However, DAS LLC continued to help support LaborSource in an effort to offset

some of LaborSource's losses.  Id. at ¶¶ 11-12.  Although not obligated to do so, DAS LLC

offered to pay for LaborSource's fixed costs of $28,000 per week that the Project was down in

2005 (prior to the termination of the Project).  Id. at ¶ 11.  Additionally, DAS LLC offered to pay

up to $85,000 in vacation pay and retention bonuses for both hourly and salaried LaborSource

employees.  Id. at ¶ 12; see also Exhibit 5 attached to the Robbins Declaration.

12.    During the life of the Project, DAS LLC performed pursuant to the

Purchase Order by purchasing its labor requirements from LaborSource.  However, in May 2005,

GM terminated the Project, obviating DAS LLC's need for labor services from LaborSource.

Robbins Decl. ¶ 14.

13.    On April 25, 2006, LaborSource filed a voluntary petition for relief under

chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code")

in the United States Bankruptcy Court for the Eastern District of Michigan, case no. 06-45106.

On October 26, 2006, a final decree was entered in LaborSource's chapter 7 case.

14.    On October 31, 2006, the Debtors filed the Debtors' (I) Third Omnibus

Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain

(A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and

Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and

Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus

Claims Objection").  In the Third Omnibus Claims Objection the Debtors objected to, and sought

an order disallowing and expunging, inter alia, the Proof of Claim.

15.    On November 27, 2006,[1] LaborSource filed LaborSource 2000, Inc.'s

Response To Debtors' Third Omnibus Objection To Its Claim No. 2707 (Docket No. 5981) (the

"Response").  In the Response, LaborSource calculates its alleged claim as follows: (1) lost

---

[1]    The deadline to file a response to the Third Omnibus Claims Objection was November 24, 2006 at 4:00 p.m.
       (Prevailing Eastern Time).  See Third Omnibus Claims Objection, ¶ 46.  The response therefore was untimely.

6

profits of $1,773,000 due to "unexpected down time" of the Project including the time period

subsequent to GM's termination of the Project, (2) "increased" workers compensation premiums

of $320,000, (3) employee medical bills of $65,000 resulting from the apparent cancellation by

LaborSource of medical insurance for its own employees, and (4) interest and expenses of

$160,000 from unspecified "bridge loans LaborSource sought to maintain."[2]   Additionally,

without setting forth any specific facts as support, LaborSource makes broad allegations that

DAS LLC used but did not pay for a "job bank" idea belonging to LaborSource and that

LaborSource is a third party beneficiary of a contract between GM and DAS LLC.

Argument

16.    As an initial matter, because LaborSource filed its own bankruptcy

petition under chapter 7 of the Bankruptcy Code, LaborSource is now a defunct entity that, as a

matter of law, cannot assert a claim against the Debtors.  LaborSource's claim also fails on the

merits.  LaborSource's asserted Claim consists of alleged losses it incurred when DAS LLC did

not purchase the volume of services that LaborSource had hoped.  However, as expressly stated

in the Bid Request and later explicitly acknowledged by LaborSource in the Settlement

Agreement, DAS LLC was not obligated to purchase a certain volume of services.  Thus, as a

matter of law, LaborSource has no claim against DAS LLC based on any losses it incurred

pursuant to the Purchase Order.  LaborSource also expressly agreed to waive any claims it may

have against Delphi as of July 2004. LaborSource's vague allegations of representations and

---

[2]    The Debtors note that LaborSource has not filed a supplemental response to the Third Omnibus Claims
Objection.  Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016,
7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii)
Certain Notices And Procedures Governing Objections To Claims (the "Claims Objection Procedures Order"),
the deadline for LaborSource to file a supplemental response was January 18, 2007.

7

promises made outside the scope of the Purchase Order are nothing more than a desperate

attempt to evade the clear language of the Purchase Order and Settlement Agreement. This

Court should therefore sustain the Debtors' objection and disallow and expunge LaborSource's

claim.

A.    LaborSource Is A Defunct Corporation That Lacks
      Standing To Assert A Claim Against The Debtors

17.    Regardless of the merits of LaborSource's claim, LaborSource has filed a

chapter 7 bankruptcy petition and is a defunct corporation, rendering it unable, as a matter of

law, to assert a claim against the Debtors.

18.    Under chapter 7 of the Bankruptcy Code, a corporation is not entitled to a

discharge of its debts. See 11 U.S.C. § 727(a)(1) ("The court shall grant the debtor a discharge

unless the debtor is not an individual."). Instead, "the corporation's assets are liquidated, and, at

the close of the bankruptcy proceedings, the corporation becomes 'defunct.'" U.S.

Dismantlement Corp. v. Brown Assocs., Inc., No. Civ. A. 97-1309, 2000 WL 433971, at *2

(E.D. Pa. Apr. 13,  2000); see also In re Rack Eng'g Co., 212 B.R. 98, 103 (Bankr. W.D. Pa.

1997) (a corporation that has been through chapter 7 bankruptcy is defunct); Liberty Trust Co.

Employees Profit Sharing Trust v. Holt (In re Liberty Trust Co.), 130 B.R. 467, 471 (W.D. Tex.

1991) (same); In re Tri-R Builders, Inc., 86 B.R. 138, 141 (Bankr. N.D. Ind. 1986) (same).

19.    "Congress' purpose in denying discharge to corporations . . . was to 'avoid

the trafficking in corporate shells . . . .'" (quoting H.R.Rep. No. 95-595 (1978), as reprinted in

1978 U.S.C.C.A.N. 5963, 6340). Accordingly, courts have held that chapter 7 corporate debtors

cannot maintain pre-petition claims or causes of action, even if the chapter 7 trustee has

abandoned the claims or causes of action. See U.S. Dismantlement Corp., 2000 WL 433971 at

8

*4 (granting defendant's motion to dismiss because corporate plaintiff filed for chapter 7

bankruptcy after its cause of action accrued); <u>Liberty Trust Co.</u>, 130 B.R. at 472 (holding that

chapter 7 corporate debtor's cause of action was asset of bankruptcy estate to be disposed of by

the chapter 7 trustee, not the debtor); <u>Thornton v. Mankovitch</u>, 626 S.E.2d 189, 191 (Ga. Ct.

App. 2006) (holding that corporation that had been through a chapter 7 bankruptcy lacked

standing to assert a pre-petition cause of action).

        20.      Here, the trustee of the bankruptcy estate of LaborSource filed a Report of

No Distribution on August 30, 2006. Thus, LaborSource's creditors, which held $985,259.14 in

scheduled priority and non-priority unsecured claims, have received nothing on account of such

claims.[3] <u>See</u> Voluntary Petition, Summary of Schedules. LaborSource's Voluntary Petition is

attached hereto as <u>Exhibit B</u>. A final decree was entered in LaborSource's bankruptcy case on

October 26, 2006. As a result, LaborSource is a defunct corporation that, as a matter of law,

cannot assert a claim against the Debtors.

B.    <u>DAS LLC Was Not Obligated To Purchase A Certain Volume Of Services</u>

        21.      LaborSource's claims also would fail on the merits. The Purchase Order

was simply a requirements contract, pursuant to which DAS LLC agreed to purchase only those

labor services it required for the Project. As LaborSource expressly acknowledged, DAS LLC

was not obligated to purchase a certain volume of services from LaborSource. Thus,

---

[3]    LaborSource has asserted that its Claim includes certain costs that it incurred with respect to the Project,
including workers compensation premiums totaling $320,000, unpaid employee medical bills totaling $65,000,
and interest and expenses for "bridge loans" totaling $160,000. However, on its Schedule F, LaborSource
scheduled unsecured claims for workers compensation premiums, unpaid employee medical bills, and business
loans. <u>See</u> LaborSource's Voluntary Petition, Schedule F. Thus, LaborSource has apparently failed to pay its
creditors the same costs for which it now asserts constitute a claim against the Debtors. The Debtors assert that,
even if LaborSource has a claim, such claim cannot include costs that LaborSource has not paid, and apparently
has no intention of paying because, to the extent it does not actually pay the costs, LaborSource is not actually
damaged in the amount of such costs.

9

LaborSource is not entitled to a claim for its alleged costs and lost profits for periods for which it feels DAS LLC did not purchase enough services.

22.    Common law governs the interpretation of requirements contracts.  See J & B Sausage Co. v. Dep't of Mgmt & Budget, LC No. 04-000091-MK, 2007 WL 28409, at *1 (Mich. Ct. App. Jan. 4, 2007) ("Contracts for services are governed by the common law").[4] Michigan courts recognize "the validity of 'requirements' contracts," including "in the context of service agreements."  Id. at *3 (citing E.C. Dailey Co. v. Clark Can Co., 87 N.W. 761 (Mich. 1901); Hickey v. O'Brien, 82 N.W. 241 (Mich. 1900)).

23.    In a similar requirements contract context, Michigan courts have held that a party's requirements may, in good faith, be reduced to zero without constituting a breach of contract if that reduction in requirements is based in sound business judgment and not in an effort to avoid the output contract or agreement.  Tigg Corp. v. Dow Corning Corp., 962 F.2d 1119, 1126 (3d Cir. 1992) (confirming that a party may have a good faith reason for supplying or demanding no goods, and in such a case, there is no breach); see also Neofotistos v. Harvard Brewing Co., 341 Mass. 684, 689, 171 N.E.2d 865, 868 (1961) (where seller in output contract ceased operation and thus reduced output to zero, court found no breach of contract and noted that "any loss to [plaintiff] is a consequence of the kind of agreement into which it entered").[5]

---

[4]    Although the Purchase Order is silent on the issue, Delphi Automotive Systems General Terms and Conditions, revised June 24, 1999 (the "Terms and Conditions"), which were incorporated into the Purchase Order, state that contracts are to be construed according to the law of the state from which the contract is issued, which is the address listed for the buyer (i.e. DAS LLC), which in this case is Michigan.  See Terms and Conditions ¶ 26, attached hereto as Exhibit C.  Further, the Settlement Agreement expressly states that it is governed by Michigan law.  See Settlement Agreement, ¶ 14.

[5]    These cases interpret section 2-306 of the Uniform Commercial Code (the "UCC"). Under Michigan's  version of the UCC, "[a] term which measures the quantity by the output of the seller or the requirements of the buyer means such actual output or requirements as may occur in good faith . . . ."  MCL 440.2306(1). There is no

*(cont'd)*

Thus, DAS LLC could in good faith, as it did here, reduce its requirements to zero and not be in

breach of the Purchase Order.  Delphi's requirements were reduced because GM terminated the

Project in May 2005, and there is no evidence to contradict that sound business reason.  See Tigg

Corp., 962 F.2d at 1123-24 (holding that the seller in a requirements contract context bears the

burden of showing a seller reduced its requirements in bad faith).

      24.    Here, because the Purchase Order is clearly a requirements contract, it

does not under Michigan law guarantee LaborSource to any specific volume.  Not only did the

Bid Request state that DAS LLC's requirements "will change based on volumes, the

manufacturing process, product changes, etc.," see Bid Request, § 2.1, and not only is the

Purchase Order devoid of any promise of the purchase of a particular volume of services, see

generally Purchase Order, but LaborSource expressly agreed pursuant to the Settlement

Agreement that the Purchase Order does not "create any obligation of [DAS LLC] to purchase,

obtain or pay for any minimum number of hours of any personnel, and . . . that [DAS LLC] is

under no such obligation."  Settlement Agreement, ¶ 1(b).

      25.    The primary basis of LaborSource's alleged Claim is its alleged costs and

lost profits for "unexpected down time," which it asserts was 22 weeks during the life of the

Project[6] and 53 weeks after the Project was terminated.[7]  See Response at 4-5.  However,

---

*(cont'd from previous page)*

reason why such reasoning would not also apply in the context of service requirements contracts.  Indeed, as
other courts have recognized: "Both at common law (pre-code) and under the [UCC], a requirements contract is
simply an agreement by the buyer to buy his good faith requirements of goods exclusively from the seller. If in
good faith the buyer has no requirements, then he is not obligated to buy anything."  Wilsonville Concrete
Prods. v. Todd Building Co., 574 P.2d 1112, 1114-15 (Or. 1978) (construing Oregon law).

[6]    LaborSource does not specify the dates of the alleged "down time."  However, pursuant to the Settlement
Agreement, LaborSource waived any claim against DAS LLC "based upon acts of occurrences at any time prior
to the date of [the Settlement] Agreement."  Settlement Agreement, ¶3(a).  Thus, even if DAS LLC was
obligated to purchase a certain level of labor services (which the Debtors dispute), LaborSource waived any
claim based on any alleged "down time" occurring prior to the Settlement Agreement.

LaborSource does not cite to any provision of the Purchase Order, Bid Request, or any other

writing or communication that promises DAS LLC will purchase any services during these

weeks of so-called "down time."  LaborSource's failure to tie its Claim to a specific provision of

the Purchase Order, or any other alleged agreement, is not surprising in light of the fact that

LaborSource expressly acknowledged in the Settlement Agreement that DAS LLC was not

obligated to purchase a minimum volume of services from LaborSource other than that which it

required for the Project.[8]

       26.     LaborSource also suggests that DAS LLC failed to inform it of certain

circumstances, including the existence of a union contract and the possibility for "down time."

See Response at 2.  However, even if LaborSource was unaware of certain costs or had a

unilateral expectancy of a volume of labor above that which DAS LLC actually required, there is

no legal basis upon which DAS LLC is liable to LaborSource for such costs or any loss of such

expectancy.  DAS LLC simply made no promises with regard to the volume of services it would

require from LaborSource.  Rather, contrary to LaborSource's assertions that it was unaware that

DAS LLC's labor needs may vary over time, the Bid Request expressly stated that DAS LLC's

needs would change based upon "volumes, the manufacturing process, product changes, etc."

which is exactly what LaborSource acknowledges later occurred.  Therefore, if actual volumes

were less than LaborSource anticipated or its costs were greater than anticipated, LaborSource –

_____

*(cont'd from previous page)*

[7]    Pursuant to the Terms and Conditions, DAS LLC had the right to terminate the Purchase Order for convenience.
Thus, even if DAS LLC was obligated to purchase a certain level of labor services (which the Debtors dispute),
the Debtors are not liable for lost profits nor costs relating to time periods after the Project was terminated.

[8]    Not only does LaborSource omit any reference to a written agreement that would establish a duty on the part of
DAS LLC to purchase a certain volume of services, but it also fails to cite to any legal authority to support such
a position.  Again, this is not surprising, given the well-settled acceptance of requirements contracts by courts.

not DAS LLC – must bear any alleged losses resulting therefrom. Furthermore, any such claims related to LaborSource's expectancy of a certain volume of services, a certain cost structure, or the absence of a union contract clearly would have arisen at the time the parties entered into the Purchaser Order and were therefore released by LaborSource pursuant to the Settlement Agreement.  See Robbins Decl. ¶ 6.

27.    Because DAS LLC complied with the Purchase Order by purchasing from LaborSource all the labor services it required – indeed, LaborSource does not allege that DAS LLC purchased labor from elsewhere, or that it failed to pay for services actually performed – LaborSource has no claim based on alleged lost profits and costs associated with "down time" of the Project.  LaborSource presents neither contractual provisions nor legal authority to support allegations to the contrary.

C.    LaborSource's Allegations Of Promises And Representations Outside Of The
      Purchase Order Are Factually Unsupported And, As A Matter Of Law, Irrelevant

28.    Because LaborSource cannot cite to any provision of the Purchase Order requiring DAS LLC to purchase a certain volume of services, it is forced to make vague allegations of promises and representations made by DAS LLC outside the scope of the Purchase Order.  See generally Response.  Of course, LaborSource fails to provide any specific evidence of such allegations, and the Debtors assert that they made no such promises or representations. See generally, Robbins Decl.; Declaration Of Jay Hudson In Support Of Debtors' Supplemental Reply With Respect To Proof Of Claim 2707 (LaborSource 2000, Inc.) (the "Hudson Decl." or "Hudson Declaration,") a copy of which is attached hereto as Exhibit D.  However, even if there was some factual support for LaborSource's allegations, the Purchase Order and the Settlement Agreement constitute the entire agreement between LaborSource and DAS LLC with respect to

13

the Project, and thus any alleged promises or representations were integrated into those

documents and did not modify the terms thereof.

        1.    <u>LaborSource Has Provided No Evidentiary Support For Its Allegations</u>

        29.    LaborSource has provided little to no factual detail to support its sweeping

allegations.  Reviewing the Response, and exhibits attached thereto, the only promises outside

the scope of the Purchase Order that LaborSource alleges DAS LLC made was that it had "more

profitable projects that it would grant to LaborSource in order to compensate for the losses being

incurred with respect to [the Project]."  Response at 2.  LaborSource asserts that this promise was

made "in order to keep LaborSource servicing the [P]roject."  <u>Id</u>.

        30.    As a result of LaborSource's failure to file a Supplemental Response or

declarations of any witnesses, LaborSource must rely on its Proof of Claim and Response.  Both

the Proof of Claim and Response, however, fail to provide any specific facts to support its

allegation that DAS LLC made representations or promises outside the scope of the Purchase

Order and Settlement Agreement.  They do not specify whether such representations were made

in writing or orally.  They also fail to identify either the representative from DAS LLC who

made such representations or the date that such individual allegedly made the representations.

The Proof of Claim and Response also fail to provide any evidentiary support for LaborSource's

allegations that it was the third party beneficiary of a contract between GM and DAS LLC or that

DAS LLC used but failed to pay for a "job bank" idea of LaborSource.

        31.    A claimant's proof of claim is entitled to the presumption of <u>prima facie</u>

validity under Bankruptcy Rule 3001(f) only until such time an objecting party refutes "'at least

one of the allegations that is essential to the claim's legal sufficiency.'"  <u>In re WorldCom, Inc.</u>,

No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (quoting <u>In re</u>

14

<u>Allegheny Int'l., Inc.</u>, 954 F.2d 167, 174 (3d Cir. 1992)).  Once such an allegation is refuted,

"'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the

evidence.'"  <u>Id</u>.

        32.     Here, the Debtors refute the allegations essential to LaborSource's Claim.

In contrast to the lack of evidentiary support provided by LaborSource, the Debtors have

attached the declarations of James Robbins and Jay Hudson, individuals at Delphi who together

have personal knowledge of the relationship between DAS LLC and LaborSource.  As evidenced

by these declarations, the Debtors, among other things, (a) deny that they made representations

regarding the modification of any terms of either the Purchase Order or the Settlement

Agreement, (b) deny that they made promises regarding the granting of future contracts to

LaborSource, (c) affirm that the Purchase Order and the Settlement Agreement express the entire

agreement between the parties, (d) deny that LaborSource was the intended beneficiary of a

contract between GM and DAS LLC, and (e) deny that DAS LLC used but failed to pay for a

"job bank" idea of LaborSource.  Thus, the burden of proof reverts to LaborSource.

        33.     However, because LaborSource must rely on its Proof of Claim and

Response, LaborSource cannot meet its burden of proof because neither the Proof of Claim nor

the Response have established, by a preponderance of the evidence, facts sufficient to support a

claim.

      2.     LaborSource's Allegations Of Promises And Representations
             <u>Outside The Scope Of The Purchase Order Do Not Entitle It To A Claim</u>

        34.     Even if DAS LLC did make promises and/or representations outside the

scope of those contained in the written agreements between the parties – which it did not – such

promises and/or representations do not form a legal basis for a claim because (1) LaborSource

15

already had a contractual duty to provide labor services to DAS LLC for the Project, and (2) the

Purchase Order and Settlement Agreement contained the entire agreement of the parties, which

agreement could not be modified by such representations.

      35.     As noted above, LaborSource alleges that DAS LLC promised

LaborSource future contracts "in order <u>to keep</u> LaborSource servicing the [P]roject." Response

at 2 (emphasis added). However, LaborSource had already agreed to provide labor services for

the Project. Indeed, pursuant to the Settlement Agreement, LaborSource "ratifie[d] and

confirm[ed] its obligations to provide the Services in accordance with the terms of the Purchase

Order." Settlement Agreement, ¶ 2. Thus, LaborSource is essentially alleging that DAS LLC

made promises or representations to LaborSource in an attempt to induce LaborSource to do that

which it was already obligated to do. Therefore, LaborSource cannot establish that it incurred

any damages in relying upon the alleged representations or promises because LaborSource was

obligated to provided labor services for the Project whether or not such representations were

made. Because it would not have been damaged by its relying on alleged representations or

promises, the existence of such representations or promises, even if true, does not establish a

claim against DAS LLC.

      36.     Furthermore, even if promises or representations were made outside the

scope of the Purchase Order or Settlement Agreement, such promises and representations were

integrated into the written agreements between the parties and did not modify such written

agreements. Because LaborSource has failed to provide factual details supporting its allegations,

the Debtors do not know the date(s) on which LaborSource alleges DAS LLC made promises

and representations to LaborSource and whether they were allegedly made before or after the

parties entered into the Settlement Agreement.

16

37.    With respect to alleged promises or representations made <u>before</u> the

parties executed the Settlement Agreement, LaborSource expressly waived those claims.  <u>See</u>

Settlement Agreement, ¶ 3.  Moreover, the Purchase Order and Settlement Agreement are clear

and unambiguous and expressly provide that they represent the complete expression of the

agreement between DAS LLC and LaborSource.[9]  This is yet another reason why evidence of

any promises or representations made before the parties executed the Settlement Agreement

would not save LaborSource's claim.  <u>See</u> <u>Schmude Oil Co. v. Omar Operating Co.</u>, 458 N.W.2d

659, 663 (Mich. Ct. App. 1990) ("Parol evidence of contract negotiations, or of prior or

contemporaneous agreements that contradict or vary the written contract, is not admissible to

vary the terms of a contract which is clear and unambiguous.  A prerequisite to the application of

this rule . . . is a finding that the parties intended the written instrument to be a complete

expression of their agreement").

38.    With respect to any alleged representations or promises made to

LaborSource <u>after</u> the parties executed the Settlement Agreement, such promises or

representations still would not modify the terms of the parties' existing contractual relationship.

DAS LLC and LaborSource expressly agreed that neither the Purchase Order nor the Settlement

Agreement could be modified other than in a writing signed by the parties.  <u>See</u> Purchase Order

at 1 ("no other agreement in any way modifying any of [the Purchase Order's] terms and

---

[9]    <u>See</u> Purchase Order at 1 ("This [Purchase Order] contains the complete and final agreement between [DAS
LLC] and [LaborSource] "); Settlement Agreement, ¶ 13 ("This [Settlement] Agreement and the Purchase Order
constitute the entire understanding of the parties in connection with the subject matter hereof and this
[Settlement] Agreement any [sic] and all previous negotiations, representations, covenants, promises,
understandings and agreements of the parties regarding the subject matter hereof are merged and integrated into
the Purchase Order and this [Settlement] Agreement."); Terms and Conditions, ¶ 29 ("This Contract, together
with the attachments, exhibits, supplements of other items of [DAS LLC] specifically referenced in this
Contract constitute the entire agreement between [LaborSource] and [DAS LLC] with respect to the matters
contained in the Contract and supersede all prior or written representations and agreements.")

17

conditions will be binding upon [DAS LLC] unless made in writing and signed by [DAS LLC]'s

authorized representative."); Settlement Agreement, ¶ 13 ("This [Settlement] Agreement may not

be modified, altered, or amended except by an agreement in writing signed by [DAS LLC] and

[LaborSource]."); Terms and Conditions, ¶ 1 ("Any additions to, changes in, modifications of, or

revisions of this Contract (including these General Terms and Conditions) which [LaborSource]

proposes will be deemed to be rejected by Buyer except to the extent that [DAS LLC] to accept

any such proposals in writing.").  Thus, to the extent the alleged verbal misrepresentation or

promise purported to modify the terms of either the Purchase Order or Settlement Agreement,

such a verbal statement is without legal effect because the parties expressly agreed to modify

such agreements only in writing.[10]  Moreover, even without such an express clause (which is not

the case here), such a verbal attempt to modify the Purchase Order and Settlement Agreement

would fail where, as here, the verbal attempt to modify is not supported with independent

consideration.[11]  As discussed above, LaborSource was already obligated to provide labor

services to DAS LLC and expressly acknowledged the same in the Settlement Agreement.

Settlement Agreement ¶ 2.

39.     As acknowledged by LaborSource, neither the Purchase Order nor the

Settlement Agreement created any obligation for DAS LLC to purchase a certain volume of

---

[10]   LaborSource does not appear to allege that the Settlement Agreement or the Purchase Order have been modified
in writing (other than the modification of the Purchase Order pursuant to the Settlement Agreement).

[11]   See Evans v. F.J. Boutell Driveaway Co., 210 N.W.2d 489, 493 (Mich. Ct. App. 1973) (Even if the parties
could modify the agreement orally, pursuant to Michigan law, a subsequent oral modification to a written
agreement is only valid if "the modification is 'supported by independent consideration such as a promised
performance not already required by the original [agreement].'") (citation omitted); see also Adell Broad. Corp.
v. Cablevision Indus., 854 F. Supp. 1280, 1292 n.9 (E.D. Mich. 1994) ("It is well-settled that a pre-existing
legal duty is insufficient consideration to support a valid contract") (construing Michigan law) (citing Borg-
Warner Acceptance Corp. v. Dep't of State, 444 N.W.2d 786, 788 (Mich. 1989)).

services from LaborSource.  Because the promises or representations alleged by LaborSource

were either integrated into the Purchase Order and Settlement Agreement or lacked consideration

to modify the terms contained in those instruments, any such alleged promises and

representations – even if they did occur – did not create, as a matter of law, an obligation for

DAS LLC to purchase a certain volume of services from LaborSource.

Conclusion

40.    LaborSource's Proof of Claim should be expunged because LaborSource,

as a defunct corporation, lacks standing to assert a claim against the Debtors.  In addition,

LaborSource has failed to establish a claim against DAS LLC.  DAS LLC fully performed its

obligations by purchasing labor for the Project from LaborSource pursuant to the terms of the

Purchase Order. Although LaborSource's supply of labor to DAS LLC was not as profitable as it

had hoped, the Debtors should not be held responsible every time one of their suppliers fails

financially.  DAS LLC had no obligation to purchase a certain level of services, and made no

representations or promises that that it would.  Accordingly, DAS LLC is not liable for losses

incurred by LaborSource, and the Proof of Claim should be disallowed and expunged.

Memorandum of Law

41.    Because the legal points and authorities upon which this Reply relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

19

WHEREFORE the Debtors respectfully request the Court enter an order (i) sustaining the Third Omnibus Claims Objection as to the Proof of Claim, (ii) disallowing and expunging the Proof of Claim, and (iii) granting such further and other relief the Court deems just and proper.

Dated: New York, New York
          January 31, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM LLP


                              By:   /s/ John Wm. Butler, Jr.
                                   John Wm. Butler, Jr. (JB 4711)
                                   John K. Lyons (JL 4951)
                                   Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois  60606
                              (312) 407-0700

                              - and -


                              By:   /s/ Kayalyn A. Marafioti
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York  10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                               Debtors and Debtors-in-Possession

20

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.Delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
                                          :
          In re                           :          Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :          Case No. 05–44481 (RDD)
                                          :
                    Debtors.              :          (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF JAMES N. ROBBINS IN SUPPORT OF DEBTORS' SUPPLEMENTAL
REPLY WITH RESPECT TO PROOF OF CLAIM 2707 (LABORSOURCE 2000, INC.)

("ROBBINS DECLARATION – LABORSOURCE 2000, INC.")

James N. Robbins declares as follows:

1.      Delphi Corporation and certain of its subsidiaries and affiliates are debtors and debtors-in-possession in these chapter 11 cases.  I submit this declaration in support of the Debtors' Supplemental Reply With Respect To Proof Of Claim 2707 (LaborSource 2000, Inc.) (the "Supplemental Reply").  Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2.      Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, my opinion, and my experience with and knowledge of Delphi's relationship with LaborSource 2000, Inc. ("LaborSource").  If I were called upon to testify, I could and would testify to the facts set forth herein.

3.      Since April 2003, I have been a purchasing manager at Delphi Automotive Systems LLC (which, with certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases, are referred to collectively and variously herein as "Delphi" or the "Debtors").  In that capacity, I oversaw the purchase of labor services with respect to the certain project (the "Project") to produce automotive cockpits for General Motors Corporation ("GM") and am familiar with the documents kept in the ordinary course of business related to the Project.

4.      On August 27, 2002, it is my understanding that Delphi sent such a bid request to potential suppliers, including LaborSource (the "Bid Request") to solicit bids to provide labor services for the Project.  A true and correct copy of the Bid Request in Delphi's files is attached hereto as Exhibit 1.  In connection with the bid process, I am not aware of any representations or promises made by Delphi to LaborSource, outside the terms and conditions outlined in the Bid Request.

2

5.      LaborSource submitted the successful bid to provide labor services for the Project.  It is my understanding that LaborSource's bid, and the terms and conditions upon which Delphi agreed to procure such labor services from LaborSource, were memorialized in that certain purchase order FDBO1793 dated October 15, 2002 (the "Purchase Order"), a true and correct copy of the Purchase Order is attached hereto as <u>Exhibit 2</u>.  I am not aware of any other agreement between LaborSource and Delphi at that time, outside of the terms and conditions of the Purchase Order and general terms and conditions incorporated therein.  Nor do I know of any other Delphi employee who made a representation or promise to LaborSource that would add to or modify the terms of the Purchase Order, other than those modifications expressly set forth below.

6.      In April 2003, I began overseeing the Delphi-LaborSource relationship. At that time, LaborSource was aware that its workforce at Delphi's manufacturing plant in Lansing, Michigan was unionized.

7.      In mid-2004, LaborSource Vice President and Chief Operating Officer Robert Sharpley contacted me and informed me that LaborSource was struggling financially and requested that Delphi make certain accommodations to help offset LaborSource's costs.  Mr. Sharpley also informed Delphi that LaborSource's debt to its primary lender was under-collateralized by approximately $1.1 million and that LaborSource risked default and foreclosure of its loan as a result.

8.      In July of 2004, Delphi and LaborSource entered into a Settlement and Accommodation Agreement (the "Settlement Agreement").  I was personally involved in the negotiations with Mr. Sharpley of LaborSource regarding the Settlement Agreement, a true and accurate copy of which is attached as <u>Exhibit 3</u>.

3

9.    Although Delphi was not obligated to do so, Delphi agreed to certain modifications of the terms of the Purchase Order to support LaborSource financially.  The Settlement Agreement increased the bill rate under the Purchase Order for certain of LaborSource's employees from $21.58 per hour to $23.00 per hour.  Moreover, Delphi agreed to cover approximately one-half of the $1.1 million unsecured debt owed by LaborSource to its lender through the payment of a surcharge in the amount of $4.10 per billable hour (the "Surcharge") until Delphi had purchased 137,000 billable hours from LaborSource. Delphi did in fact pay the Surcharge on 137,000 billable hours it purchased from LaborSource, for a total payment of $561,700.00.

10.    The Settlement Agreement also addresses the obligations of Delphi and possible claims of LaborSource. Specifically, paragraph 1(b) confirms, among other things, that "neither the Purchase Order nor this [Settlement] Agreement create any obligation of Delphi to purchase, obtain or pay for any minimum number of hours of any personnel, and [LaborSource] and Delphi agree that Delphi is under no such obligation." In paragraph 2, LaborSource confirmed its obligations and that it had "no offsets or defenses to the obligation to perform under the Purchase Order (as amended in accordance with this [Settlement] Agreement)." Finally, paragraph 3 states that LaborSource waives any and all claims it has against Delphi based on events or circumstances occurring before July 2004.

11.    In late 2004, Mr. Sharpley again approached me and said that LaborSource was still struggling financially and losing more money on the Project.  I was concerned that LaborSource's financial problems could cause it to go bankrupt and become unable to perform the remainder of its existing obligations under the Purchase Order and Settlement Agreement.  Therefore, around this time, Delphi sought confirmation that LaborSource was still finan-

4

cially sound and not in risk of defaulting on its obligations under the Purchase Order and Settle-

ment Agreement. Delphi personnel periodically reviewed LaborSource's cost estimates that Mr.

Sharpley provided for that purpose. Around and after this time, Delphi therefore proposed addi-

tional support to LaborSource in order to help LaborSource with its financial difficulties, even

though Delphi was not obligated to provide such support. Specifically, Delphi offered to pay to

LaborSource $28,000 per week that the Project was down in calendar year 2005 to cover Labor-

Source's fixed costs for such weeks. This offer to pay such costs applied only to down weeks

prior to the termination of the Project. There was only one week of down time in 2005 prior to

termination of the Project.

12.     By letter dated March 3, 2005 (the "March 3, 2005 Letter") from Mr.

Sharpley to me, Mr. Sharpley stated his concerns about both the losses LaborSource incurred

with respect to the Project and the termination of the Project and informed me that it would help

if Delphi consider granting LaborSource additional contracts. A true and correct copy of the

March 3, 2005 Letter is attached as Exhibit 4. At no point did I ever make any promises or guar-

antees regarding future contracts. To the best of my knowledge, no Delphi employee has ever

made a representation or promise to LaborSource regarding future contracts. In addition, by let-

ter dated April 6, 2005 (the "April 6, 2005 Letter," a true and correct copy of which is attached as

Exhibit 5), Delphi offered to cover certain other costs of LaborSource, including $45,000 of cer-

tain hourly and salaried vacation costs, as well as an additional $40,000 for certain hourly and

salaried retention bonuses, even though not obligated to do so.

13.     Although Delphi did propose to provide additional financial support to

LaborSource that it was not obligated to provide, Delphi never agreed to any additions to,

changes in, modifications of, or revisions to the Purchase Order and Settlement Agreement terms

and conditions (other than the modifications expressly set forth in the Settlement Agreement).

Therefore, to the best of my knowledge, the Purchase Order and the Settlement Agreement re-

flect the entire agreement between Delphi and LaborSource with respect to the Project.

14.    The Project was terminated by GM in May of 2005.  Upon such termina-

tion, Delphi had no further need for labor services from LaborSource pursuant to the Purchase

Order and Settlement Agreement.

15.    To the best of my knowledge, Delphi did not use a "job bank" idea be-

longing to LaborSource.

16.    To the best of my knowledge, I am not aware of any money received from

GM that Delphi was obligated to pay LaborSource as an accommodation.

17.    To the best of my knowledge, Mr. Sharpley has continued to operate a la-

bor outsourcing business, under the name Integrated Outsourcing Solutions, and, most recently,

under the name National Outsourcing Solutions.


I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the forego-

ing statements are true and correct.

Executed on January 31, 2007, in Troy, Michigan.


                                        /s/ James N. Robbins
                                       James N. Robbins

**Exhibit 1**

# DELPHI
## Automotive Systems

REF. INQUIRY NO.   #Q00796

**REQUEST FOR QUOTATION
NOT AN ORDER**
USE ATTACHED FORM WHEN QUOTING
FURNISH NET PRICES WHERE POSSIBLE

**TO: POTENTIAL BIDDERS**

## INSTRUCTIONS

1. PLEASE REFERENCE THE ABOVE REF. INQUIRY NO. ON YOUR QUOTATION.
2. IF YOU HAVE STANDARD QUANTITY BRACKET PRICES, PLEASE QUOTE IN THAT MANNER IN ADDITION TO QUANTITIES SHOWN.
3. PLEASE QUOTE TOOLS, IF NECESSARY TO PRODUCE THIS PART, AS A SEPARATE ITEM. IF YOU ARE THE SUCCESSFUL BIDDER AND SHOULD PACKARD PAY FOR THE TOOLS, IT WOULD BE WITH THE UNDERSTANDING THAT THESE TOOLS WOULD BECOME PACKARD PROPERTY. (If applicable)
4. PLEASE PROVIDE YOUR COMPANY'S DUNN & BRADSTREET NUMBER ON YOUR QUOTATION

| **DATE PREPARED** | **BID MUST BE RECEIVED BY**<br>End of Business Day | **TECHNICAL SUPPORT** |
|---|---|---|
| 08/27/02 | **September 17, 2002** | Name:   Linda Giordano<br>Phone:   517.322.4803 or<br>Del Kane<br>517.322.4950 |

### ATTENTION
Please note that quoting in currencies other than the one requested will result in a risk factor being applied that will impact your price.

## PLEASE QUOTE EACH PART ON THIS INQUIRY TO INCLUDE – if applicable:

1. TOOLING PRICE (TO INCLUDE NECESSARY GAGES OR FIXTURES).
2. PIECE PRICE PER THOUSAND (TO INCLUDE TOOL MAINTENANCE).
3. COMPLETE DIMENSIONAL INSPECTION REPORT OF EACH CAVITY.
4. TOOL CAPACITY PER HOUR.
5. TOOL CAPACITY PER DAY.
6. TOOL CAPACITY PER MONTH.
7. RAW MATERIAL PRICE / LB.
8. ESTIMATED PART WEIGHT.
9. SUPPLIER PACKAGING INFORMATION FORM.
10. LEADTIME.
11. NAFTA CERTIFICATE.
12. MANUFACTURES AFFIDAVIT.

PRICES SUBMITTED WILL COVER PRODUCTION AND SERVICE REQUIREMENTS FOR A MINIMUM OF 3 YEARS BEYOND LAST YEAR IN PRODUCTION. WITH CERTAIN COMMODITIES, SET-UP CHARGES MAY BE ACCEPTABLE TO FACILITATE HOLDING PRODUCTION PRICES FOR 3 YEARS BEYOND LAST YEAR OF PRODUCTION.

## RETURN SIGNED AND DATED QUOTATIONS TO:

Vicki L. McGrath
Delphi Global Purchasing

Delphi Safety & Interior Systems

Phone:   248.655.0715

Fax No.:   248.655.8350
e-mail vicki.l.mcgrath @ delphiauto.com

| **Regular Mail** | **Overnight Packages** |
|---|---|
| P.O. Box 5032 M/C 480.009.160<br>Troy, MI 48084 | 1401 Crooks Road<br>Troy, MI 48084 |

## TERMS

1. THE QUOTATION IS SUBJECT TO STANDARD DELPHI TERMS AND CONDITIONS INCLUDING MNS-2 PAYMENT AND Y2K COMPLIANCE AS WELL AS ANY ADDITIONAL TERMS AND CONDITIONS ATTACHED TO THIS DOCUMENT.
2. SUPPLIERS RESPONDING TO THIS REQUEST FOR QUOTE ARE EXPECTED TO MEET ALL REQUIREMENTS DETAILED IN THE DELPHI GLOBAL PURCHASING SUPPLIER GUIDELINES & REFERENCE DOCUMENTS. THESE DOCUMENTS ARE AVAILABLE ON THE DELPHI AUTOMOTIVE SYSTEMS WEBSITE, WWW.DELPHIAUTO.COM (BY CLICKING ON "SUPPLIERS IN THE HEADER AND THEN "SUPPLIER STANDARDS ON THE SUPPLIER PAGE).
3. WE RESERVE THE RIGHT TO REJECT ANY AND ALL QUOTATIONS.
4. QUOTATIONS RECEIVED AFTER THE BID CLOSING DATE ARE SUBJECT TO REJECTION.
5. SUPPLIERS MUST CONFORM TO THE DELPHI GLOBAL SUPPLIER PACKAGING MANUAL. (REF. WWW.DELPHIAUTO.COM).

6. IF UNRETREVABLE FROM THE DELPHI AUTOMOTIVE WEB SITE A COPY OF THE TERMS AND CONDITIONS, SUPPLIER PACKAGING INFORMATION MANUAL/FORM OR SUPPLIER GUIDELINES MAY BE OBTAINED FROM THE BUYER SENDING THIS REQUEST.

NPURW 9.1-2 F.1  (4/1/01)

EX. A

**Statement of Requirements**

**For**

**Contract Service Provider for Delphi Cockpit Facilities**

**Dated: August 26, 2002**

**Section 1.0 - PURPOSE**

This Statement of Requirement is a contract that details Delphi's expectations and requirements of the source responsible for providing labor to the Delphi Cockpit facilities. The information in this bid package is intended for those companies or groups who are interested in providing a labor service to the Delphi Cockpit plant in Lansing.

**Section 2.0 – STATEMENT OF REQUIREMENTS**

**Section 2.1 – EMPLOYMENT TEMPLATE**

The labor provider is responsible for ensuring that all positions on the manning template are filled on a daily basis. The labor provider should be staffed to ensure a full template given a certain rate of absenteeism. If absenteeism is greater than the staffing plan, the service provider must provide prompt resolution by offering employees from the opposite shift additional work hours. The labor provider will not charge Delphi a labor premium for overtime hours worked to cover absenteeism. If absenteeism is less than the staffing plan, the service provider must have a means by which the excess employees' work day is cancelled. Delphi will not incur any costs for employees in excess of the specified template. The template will change based on volumes, the manufacturing process, product changes, etc.

**Section 2.2 – SALARIED POSITIONS**

The labor provider will be responsible for providing resumes for Delphi's review based on job responsibilities, required qualifications, and other information provided on the requisition form submitted by Delphi. Personnel will be interviewed by the service provider, in conjunction with Delphi (if appropriate), to further assess qualifications of the individuals.

These positions may include, but are not limited to, the following:

- Production Supervisors
- Materials Supervisors
- Shipping Coordinators
- Material Planners
- IT Administrators
- Engineers – Quality, Product, Manufacturing
- Human Resource manager

**Section 2.3 – HOURLY POSITIONS**

A Functional Capacity Evaluation will be performed on all employees to assess range of motion, strength, sensibility, coordination, mobility, and body mechanics. It will be expected the labor provider define

**Statement of Requirements**

**For**

**Contract Service Provider for Delphi Cockpit Facilities**

**Dated: August 26, 2002**

### Section 1.0 - PURPOSE

This Statement of Requirement is a contract that details Delphi's expectations and requirements of the source responsible for providing labor to the Delphi Cockpit facilities. The information in this bid package is intended for those companies or groups who are interested in providing a labor service to the Delphi Cockpit plant in Lansing.

### Section 2.0 – STATEMENT OF REQUIREMENTS

### Section 2.1 – EMPLOYMENT TEMPLATE

The labor provider is responsible for ensuring that all positions on the manning template are filled on a daily basis. The labor provider should be staffed to ensure a full template given a certain rate of absenteeism. If absenteeism is greater than the staffing plan, the service provider must provide prompt resolution by offering employees from the opposite shift additional work hours. The labor provider will not charge Delphi a labor premium for overtime hours worked to cover absenteeism. If absenteeism is less than the staffing plan, the service provider must have a means by which the excess employees' work day is cancelled. Delphi will not incur any costs for employees in excess of the specified template. The template will change based on volumes, the manufacturing process, product changes, etc.

### Section 2.2 – SALARIED POSITIONS

The labor provider will be responsible for providing resumes for Delphi's review based on job responsibilities, required qualifications, and other information provided on the requisition form submitted by Delphi. Personnel will be interviewed by the service provider, in conjunction with Delphi (if appropriate), to further assess qualifications of the individuals.

These positions may include, but are not limited to, the following:

- Production Supervisors
- Materials Supervisors
- Shipping Coordinators
- Material Planners
- IT Administrators
- Engineers – Quality, Product, Manufacturing
- Human Resource manager

### Section 2.3 – HOURLY POSITIONS

A Functional Capacity Evaluation will be performed on all employees to assess range of motion, strength, sensibility, coordination, mobility, and body mechanics. It will be expected the labor provider define

these tests to minimize absences related to workman's compensation and injuries. The labor provider will incur all costs for these tests.

Employees will be "Temp to Perm", with a 90-day review period. Each week, the HR representative, in conjunction with each employee's immediate supervisor, will be responsible for performing an evaluation of the employee until the permanent status is reached. The evaluation categories will include, but not be limited to, Attendance, Quality, Attitude, Aptitude, Work Habits, etc.

## Section 2.4 – DRUG-SCREENING CANDIDATES

Pre-screening for drug use (hair testing) and background verification will be conducted by the supplier prior to contract service personnel being placed with Delphi. The labor provider will incur all costs for these tests.

## Section 2.5 – ON-SITE HUMAN RESOURCE STAFF

The service provider will have on-site representatives to perform the following functions:
- Time keeping and reporting
- Performance Reporting – absenteeism, turnover, demographics, etc.
- Union contract maintenance
- Employee reviews, discipline, hiring, and removal
- Employee Involvement Team activities
- Health and Safety reporting and improvement activities
- Benefits Administration
- Orientation activities
- Exit Interviews

The cost for these on-site members of the labor provider staff should be included in the "mark-up" portion of the billing rate.

## Section 3.0 – BILLING RATES

Delphi only pays for "hours worked." The labor provider will be expected to pay all costs associated with time off due to vacation, contractual holidays, bereavement, jury duty, workman's compensation, short-term disability, non-Delphi specific training, etc.

The labor provider will list all items included in any burden mark-up applied to a base wage rate.

## Section 4.0 - SUPPORTING DOCUMENTS

All labor providers will be responsible for reviewing the Delphi Automotive "U.S. Contract Service Personnel Administration Manual"(7/00) and adhering to the policies and procedures contained within this document. Any variances to the manual must be outlined in the quote submission for review. If no variances are submitted, it will be assumed that the service provider has included all aspects of this document into the submitted quote.

## Section 5.0 – LIABILITY

All labor providers will be responsible for contract service personnel actions on Delphi premises.

**Section 6.0 – CONTRACT SERVICE PERSONNEL REMOVAL**

It is Delphi's ongoing commitment to maintain a workplace environment free from all discrimination, hostility, unsafe behavior, and harassment including sexual harassment. If a contract service person is found to be in clear violation of the mentioned the labor provider will restrict the contract person from all Delphi assignments.

**<u>Exhibit 2</u>**

# PURCHASE ORDER: FDB01793

**De PHI** Automotive Systems

PAGE

## PURCHASE ORDER: FDB01793

ESTABLISHED PER RELEASE ###

SHIP TO:

TO:
DELPHI AUTOMOTIVE SYSTEMS
1401 CROOKS ROAD
TROY MI
48084

US

VENDOR NUMBER 94-910-5191
LABOR SOURCE 2000 INC
PEOPLE RESOURCES INTERNATIONAL
23800 10 MILE RD STE 232
SOUTHFIELD MI 48034

INVOICE TO:

INVOICING NOT REQUIRED FOR
DELPHI S&I - DIV. OFFICE.
PAYMENTS ARE GENERATED FROM
RECEIPT OF GOODS AND SERVICES.
TERMS NOTED ON ORDER.

US

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips and Invoices Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

PHONE: 248-655-0715
V.L MCGRATH
ECVicki mcgrath   Buyer

| ORDER DATE | ALTERATION ISSUE DATE | ALTERATION EFFECTIVE | PURCHASING AGENT |
|---|---|---|---|
| 10/15/02 | | | |

This order is not binding until accepted. Acceptance should be executed on a Blanket/Agreement copy which should be returned...

| PAYMENT TERMS | F.O.B. | DESTINATION UNLESS OTHERWISE INDICATED | SHIP VIA |
|---|---|---|---|
| NET 2ND DAY OF 2ND MONTH | SERVICE | | CHEAPEST WAY |

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/ % | BASE UNIT PRICE | PRICE UNIT MULTIPLE/MEAS |
|---|---|---|---|---|---|---|---|---|---|
| B000959 | USER: VICKI L MC GRATH | | ### THIS IS A LOCAL BLANKET ORDER ### | | | | | | |

EFFECTIVE DATE: 12/02/02   EXPIRATION DATE: 06/01/03

THIS ORDER LISTED IN THE FOLLOWING CURRENCY
USD DOLLAR (UNITED STATES)

THIS BLANKET ORDER IS ISSUED TO COVER OUR ORDER OF
THE MATERIAL OR SERVICES IDENTIFIED DURING THE PERIOD
FROM 12/02/02 TO 12/31/05. SPECIFIC QUANTITIES OR
SERVICES, IF ANY, TO BE COVERED IN SUBSEQUENT REQUESTS.

PLEASE FAX A COPY OF YOUR COMPLETED INVOICE NOTING
PURCHASE ORDER TO THE ATTENTION OF CAROLINE NASAL
AT 517.322.4804 TO ASSURE PROMPT AND ACCURATE
PAYMENT. PH: 517.322.4854.

PRICING BASED ON QUOTATION #000796, DPR#S20T063 AND
ATTACHMENT A DATED 12/06/02.

ORIGINAL

CONTINUE PAGE    2

EX. B

DELPHI S&I - DIVISIONAL OFFICE                                    PAGE   2

BUYER NAME: VL MCGRATH
BUYER CODE: EC                          BLANKET ORDER ATTACHMENT FORM
VENDOR      : LABOR SOURCE 2000 INC     ORDER NUMBER FDB01793 ISSUE DATE 10/15/02

| ITEM SEQ | VENDOR ITEM PERCENT IDENTIFICATION | NOUN NAME | DESCRIPTION | RFQ NUMBER | BASE UNIT PRICE | PRICE MULT | BUY U/M |
|---|---|---|---|---|---|---|---|
| 00001 | 0.10% MFG-4401 | SERVICE OUTSIDE | SERVICES - MANUFACTURING DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00002 | 0.10% ENG-4424 | SERVICE OUTSIDE | SERVICES - ENGINEERING DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00003 | 0.10% PCL-4461 | SERVICE OUTSIDE | SERVICES - PC&L DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00004 | 0.10% HRE-4467 | SERVICE OUTSIDE | SERVICES - HUMAN RESOURCES DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00005 | 0.10% OFF-4471 | SERVICE OUTSIDE | SERVICES - OFFICE DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00006 | 0.10% QUA-4474 | SERVICE OUTSIDE | SERVICES - QUALITY CONTROL DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00007 | 0.10% ITE-4492 | SERVICE OUTSIDE | SERVICES - INFORMATION TECHNOLOGY DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00008 | 0.10% MISCEXP | CHARGE | MISCELLANEOUS CHARGES AND EXPENSES | | 1.0000 | 1 | DOLS |

********INDEPENDENT CONTRACTOR CLAUSE********
IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT THE
PERSONNEL FURNISHED BY SELLER TO PERFORM THE SERVICES
DESCRIBED IN THIS PURCHASE ORDER SHALL BE AND REMAIN
SELLER'S EMPLOYEES OR APPROVED SUB-CONTRACTORS, AND
UNDER NO CIRCUMSTANCES ARE SUCH EMPLOYEES TO BE
CONSIDERED BUYER'S EMPLOYEES OR AGENTS.  SELLER
ACKNOWLEDGES AND AGREES THAT THERE SHALL BE AN
INDEPENDENT CONTRACTOR RELATIONSHIP BETWEEN THE
SELLER AND THE BUYER AT ALL TIMES

SELLER AGREES TO REQUIRE SELLER'S EMPLOYEES ASSIGNED
TO PERFORM WORK FOR BUYER TO SIGN THE ATTACHED
INTELLECTUAL PROPERTY RIGHTS AGREEMENT FORM.  SELLER
FURTHER AGREES TO WITNESS THE SIGNING OF SUCH AGREE-
MENTS FOR BUYER, TO MAINTAIN SUCH SIGNED AGREEMENTS

B000959      USER: VICKI L MC GRATH                          CONTINUE PAGE   3

Vicki L. McGrath

12-18-02

DELPHI S&I - DIVISIONAL OFFICE
BLANKET ORDER ATTACHMENT FORM
ORDER NUMBER FD8O1793 ISSUE DATE 10/15/02

PAGE   3

BUYER NAME: VL MCGRATH
BUYER CODE: EC
VENDOR : LABOR SOURCE 2000 INC

| ITEM SEQ | VENDOR ITEM PERCENT IDENTIFICATION | NOUN NAME | DESCRIPTION | RFQ NUMBER | BASE UNIT PRICE PRICE BUY MULT U/M |
|---|---|---|---|---|---|
| | | | CONFIDENTIALITY CLAUSE | | |

ALL INFORMATION AND DATA OF WHATSOEVER KIND OR NATURE
FURNISHED OR MADE AVAILABLE TO SELLER BY
DELPHI CORPORATION IN CONNECTION WITH YOUR
SERVICES HEREUNDER & ALL INFORMATION AND DATA OF
WHATSOEVER KIND OR NATURE FURNISHED BY YOU TO
DELPHI CORPORATION SHALL BE TREATED AS
CONFIDENTIAL BY YOU AND SHALL NOT BE DISCLOSED BY
SELLER OR ANYONE, EITHER IN WHOLE OR PART, EXCEPT
UPON WRITTEN AUTHORIZATION FROM DELPHI CORPORATION
SYSTEMS.
ALL EMPLOYEES UNDER YOUR JURISDICTION, WITH ACCESS
TO THIS PROJECT SHOULD BE APPRISED OF THE IMPORTANT
RESPONSIBILITY WHICH THEY HAVE TO SAFEGUARD SUCH
INFORMATION. STRICT SECURITY IN THE SAFEGUARDING
OF THIS PROJECT AND CONTENT IS ESSENTIAL TO THE
SUCCESSFUL OPERATION OF OUR BUSINESS. EACH EMPLOYEE
WORKING ON THIS DESIGN/PROJECT HAS AN INDIVIDUAL
RESPONSIBILITY TO SAFEGUARD THIS CONFIDENTIAL
INFORMATION. IN THIS REGARD CONFIDENTIAL INFORMATION
SHOULD ONLY BE ACCESSIBLE ON A NEED TO KNOW BASIS.
SELLER HEREBY ASSIGNS DELPHI CORPORATION ALL
RIGHTS TITLE AND INTEREST IN AND TO ANY CREATIVE
MATERIALS, FILMS, DISKS, PHOTOGRAPHY AND PLATES/DIES
CREATED BY THE SELLER FOR DELPHI CORPORATION.
SHOULD YOU RECEIVE THIS CONTRACT ALL DRAWINGS,
DESIGNS, SPECIFICATIONS AND OTHER DATA PREPARED,
SELLER SHALL BE THE SOLE PROPERTY OF DELPHI
CORPORATION, AND DELPHI CORPORATION
SHALL BE FREE TO USE AND DISCLOSE SUCH DATA WITHOUT
ANY RESTRICTIONS WHATSOEVER.
SHOULD YOU RECEIVE THIS CONTRACT, SELLER GRANTS
PURCHASING ACCESS TO AND THE RIGHT TO
EXAMINE/AUDIT ANY PERTINENT BOOKS, RECORDS, PAPERS
AND DOCUMENTS OF THE SELLER INVOLVING CHARGES OR

ON FILE FOR A PERIOD OF FIVE (5) YEARS AFTER THE
COMPLETION OF WORK UNDER THIS PURCHASE CONTRACT, AND,
AT BUYER'S REQUEST AT ANY TIME BEFORE THE END OF THAT
FIVE-YEAR PERIOD TO DELIVER ANY OR ALL SUCH SIGNED
AGREEMENTS TO BUYER.

BO00959   USER: VICKI L MC GRATH

CONTINUE PAGE   4

Vickie L. McGrath

12-18-02

BUYER NAME: VL MCGRATH
BUYER CODE : EC
VENDOR    : LABOR SOURCE 2000 INC

DELPHI S&I - DIVISIONAL OFFICE
BLANKET ORDER ATTACHMENT FORM
ORDER NUMBER FDBO1793 ISSUE DATE 10/15/02

PAGE    4

| ITEM VENDOR ITEM | NOUN NAME | DESCRIPTION | RFQ NUMBER | BASE UNIT PRICE PRICE BUY |
| SEQ PERCENT IDENTIFICATION | | | | MULT U/M |

TRANSACTION OF ANY NATURE RELATED TO THIS CONTRACT.
PLEASE SIGN AND RETURN THE ATTACHED FORM TO
PURCHASING.

*** ALL INFORMATION FURNISHED OR MADE AVAILABLE
BY THE BUYER TO SELLER OR TO ITS EMPLOYES OR SUB-
CONTRACTORS IN CONNECTION WITH THE WORK AND SER-
VICES TO BE PERFORMED FOR BUYER UNDER THIS PURCHASE
ORDER, AND ALL INFORMATION GENERATED OR DEVELOPED
BY SELLER OR ITS EMPLOYES OR SUB-CONTRACTORS
BUYER SHALL BE TREATED AS CONFIDENTIAL BY SELLER
AND ITS EMPLOYES AND SUBCONTRACTORS AND SHALL NOT
BE DISCLOSED BY EMPLOYES AND SUB-CONTRACTORS TO
ANYONE, EITHER IN WHOLE OR IN PART OR USED BY SELLER
FOR ANY PURPOSES OTHER THAN IN CONNECTION WITH WORK
OR SERVICES FOR BUYER, EXCEPT UPON WRITTEN
AUTHORIZATION BY BUYER.

BY ACCEPTANCE OF THIS PURCHASE ORDER, SELLER HEREBY
INDEMNIFIES AND AGREES TO HOLD DELPHI INTERIOR
HARMLESS AGAINST ANY AND ALL CLAIMS OR DEMANDS, OF
ANY NATURE WHICH ARISE OUT OF OR RESULT IN ANY WAY
FROM THE PERFORMANCE OF THE SERVICES SPECIFIED IN
THIS PURCHASE ORDER. THIS INDEMNIFICATION INCLUDES
ALL ACTION OR NON-ACTION OF THE VENDOR AND IS NOT
LIMITED.

***** RIGHT TO AUDIT *****

BY ACCEPTANCE OF THIS PURCHASE ORDER THE SELLER
GRANTS TO DELPHI AUTOMOTIVE ACCESS TO ALL PERTINENT
LEDGERS, PAYROLL DATA, BOOKS, RECORDS, CORRESPONDENCE
WRITTEN INSTRUCTIONS, DRAWINGS, RECEIPTS,
VOUCHERS AND OTHER DOCUMENTS FOR THE PURPOSE OF
AUDITING THE CHARGES AND/OR ALL ALLOCATIONS
RELATED TO THIS PURCHASE ORDER. SELLER FURTHER
AGREES, FOR THIS PURCHASE ORDER, TO STORE ALL THE
ABOVE ENUMERATED DOCUMENTS FOR A PERIOD OF ONE
YEAR BEYOND FINAL PAYMENT HEREUNDER.

INSURANCE TERMS (IT): SPECIAL TERMS UNITED STATES..
FOR PURPOSES OF THIS AGREEMENT,THE INSURANCE COVERAGE

CONTINUE PAGE   5

BO00959  USER: VICKI L MC GRATH

Vicki L. McGrath

12-18-02

DELPHI S&I - DIVISIONAL OFFICE

PAGE    5

BUYER NAME: VL MCGRATH
BUYER CODE: EC
VENDOR : LABOR SOURCE 2000 INC

BLANKET ORDER ATTACHMENT FORM
ORDER NUMBER FD801793 ISSUE DATE 10/15/02

| ITEM | VENDOR ITEM | NOUN NAME | RFQ NUMBER | BASE UNIT PRICE | PRICE BUY |
|------|-------------|-----------|------------|-----------------|-----------|
| SEQ | PERCENT | IDENTIFICATION | DESCRIPTION | | MULT U/M |

UNDER PARAGRAPH 17 ("INSURANCE") OF THE GENERAL TERMS
AND CONDITIONS ARE AS FOLLOWS: (A) WORKER'S COMPEN-
SATION: THE LIMITS ARE AS SET FOR THE STATE(S) IN WHICH
THIS CONTRACT IS TO BE PERFORMED (OR EVIDENCE OF AU-
THORITY TO SELF INSURE): (B) EMPLOYER'S LIABILITY:
$500,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT
AND $500,000 EACH EMPLOYEE FOR BODILY INJURY BY DIS-
EASE: (C) COMMERCIAL GENERAL LIABILITY ON AN OCCUR-
RENCE FORM COVERING LIABILITY ARISING FROM PREMISES,
OPERATIONS, INDEPENDENT CONTRACTORS, PRODUCTS/COM-
PLETED OPERATIONS, PERSONAL INJURY AND ADVERTISING
INJURY, AND LIABILITY ASSUMED UNDER AN INSURED CON-
TRACT- $5,000,000 EACH OCCURRENCE; AND (D) AUTOMOBILE
LIABILITY (INCLUDING OWNED, NON-OWNED AND HIRED
VEHICLES): $5,000,000 EACH ACCIDENT....(IT)

CONTRACTOR'S PERSONNEL ARE REQUIRED TO PROVIDE AND
USE SAFETY GLASSES AND EAR PROTECTION IN ALL MANU-
FACTURING, LABORATORY AND SHOP AREAS.

THE CONTRACTOR AND SUBCONTRACTOR SHALL COMPLY WITH
THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970 DURING
THE CONDUCT OF PERFORMANCE ON AND IN CONNECTION WITH
THIS PROJECT.

WORK DESCRIBED HEREON SHALL BE PERFORMED IN ACCORD-
ANCE WITH DELPHI CORPORATION CONSTRUCTION GENERAL
CONDITIONS, DELPHI SAFETY AND INTERIOR CONTRACTOR
SPECIFICATIONS AND THE SAFETY RULES AND PRECAUTIONS
ESTABLISHED BY DELPHI SAFETY AND INTERIOR SAFETY
DEPARTMENT. INSURANCE COVERAGES AND CERTIFICATION
REQUIREMENTS ARE SET FORTH ON THE REVERSE HEREON.

TERMS AND CONDITIONS JANUARY 2001, APPLY
OF WHICH SUPPLIER HAS RECEIVED A COPY.

B0000959    USER: VICKI L MC GRATH                    LAST PAGE

# LaborSource2000 Lansing Rates 12/2002 - 6/1/2003

Attachment A-Billing Rates

**Hourly Employees:** Any hours over 8 in a day, plus Saturday scheduled work will be paid at a rate of 1.5 - but the company (Delphi) will be billed at a rate of 1.05.

| Classification | # | ST Pay Rate | ST Bill Rate | OT Pay (1.5X) Rate | OT Bill Rate | Double Time (2.0X) Rate | Double Time Bill Rate | Names (for info only) |
|---|---|---|---|---|---|---|---|---|
| Pre-certified trainees < 32 hrs (AM) | | $8.00 | $0.00 | $12.00 | $0.00 | $16.00 | $0.00 | |
| Pre-certified trainees < 32 hrs (PM) | | $8.50 | $0.00 | $12.75 | $0.00 | $17.00 | $0.00 | |
| Temporary employees (AM) | | $9.50 | $14.00 | $14.25 | $14.70 | $19.00 | $19.60 | |
| Temporary employees (PM) | 125 | $9.85 | $14.50 | $14.78 | $15.23 | $19.70 | $20.30 | |
| Employee < 90 days | | $10.50 | $17.50 | $15.75 | $18.38 | $21.00 | $24.50 | |
| Employee <180 days | | $11.00 | $18.00 | $16.50 | $18.90 | $22.00 | $25.20 | |
| Employee <270 days | | $11.50 | $18.25 | $17.25 | $19.16 | $23.00 | $25.55 | |
| Employee < 360 days | | $12.00 | $18.75 | $18.00 | $19.69 | $24.00 | $26.25 | |
| Line Attendant>360 days | | $12.50 | $18.75 | $18.75 | $19.69 | $25.00 | $26.25 | |
| Mat'l Handler> 360 days | 20 | $13.00 | $19.25 | $19.50 | $20.21 | $26.00 | $26.95 | |
| Team Tech/MTMS | 16 | $13.75 | $19.75 | $20.25 | $20.74 | $27.00 | $27.65 | J. Esckilsen, J. Smith, E. Rodriguez, N. Garza |
| Lead Team Tech | 4 | $14.56 | $20.75 | $21.84 | $21.79 | $29.12 | $29.05 | F. Hummel, J. Collier, S. Keller, Y. Edgar |
| Quality Tech | 4 | $14.56 | $20.75 | $21.84 | $21.79 | $29.12 | $29.05 | T. Crosslan, C. Powell, K. Oliver, K. Thomas |
| Engineering Tech | 4 | $14.56 | $20.75 | $21.84 | $21.79 | $29.12 | $29.05 | |
| Admin Clerk | 2 | $12.50 | $18.75 | $18.75 | $19.69 | $25.00 | $26.25 | C. Nasal, K. Herrick |
| Dock Coord | 2 | $15.60 | $23.10 | $23.40 | $23.50 | $31.20 | $31.25 | L. Feldpausch, R. Crosby |

**Salary Employees:** All salaried overtime must be pre-approved by Delphi Management.

| Salary Ranges | # | Hourly ST Bill Rate | Annual ST Bill Rate | OT Bill | Names/Position (for info only) |
|---|---|---|---|---|---|
| 00,000-00,000 | 1 | $0.00 | $0.00 | $0.00 | J. Myers - Operations Mgr. |
| 30,000-33,000 | 0 | $19.95 | $41,500.00 | $20.24 | |
| 33,100-36,000 | 3 | $21.15 | $44,000.00 | $21.95 | TBD - Admin Assist.; J. Martinez - Mfg. Supv.; C. Banks - Mfg. Supv. |
| 36,100-39,000 | 3 | $22.60 | $47,000.00 | $23.66 | M. Sebastian - DBS Coord.; |
| 39,100-42,000 | 1 | $24.52 | $51,000.00 | $25.37 | A. Garza - Receiving Supv. |
| 42,100-45,000 | 1 | $25.96 | $54,000.00 | $27.09 | L. Battleshaw - PC&L Planner; |
| 45,100-48,000 | 4 | $27.40 | $57,000.00 | $28.80 | T. Bertram - PC&L Planner; K. Jones - Mfg. Supv.; C. Trapp - IT Admin; J. White - Mfg. Supv. |
| 41,600 | | | N/A | | |
| 48,100-51,000 | 0 | $29.33 | $61,000.00 | $30.51 | F. Palmer-Rey - Ops Mgr **PASS THROUGH** |
| 51,100-54,000 | 2 | $30.77 | $64,000.00 | $32.22 | E. Bergeron - IT Admin; M. Mattingly - IT Admin |
| 54,100-57,000 | 0 | $32.45 | $67,500.00 | $33.93 | |
| 57,100-60,000 | 0 | $33.94 | $70,606.00 | $35.64 | |
| 60,100-63,000 | 0 | $35.34 | $73,500.00 | $35.35 | |
| 63,100-66,000 | 0 | $37.16 | $77,300.00 | $39.06 | |

**Note:** The number in class/position represents current number of employees in each category, subject to change based on Delphi requirements.

December 6, 2002

**Exhibit 3**

07/02/04 #2

## SETTLEMENT AND ACCOMMODATION AGREEMENT

This Settlement and Accommodation Agreement (this "Agreement") is made and entered into on June ___, 2004, between Labor Source 2000, Inc., a Michigan corporation (a.k.a. LS2000) ("Supplier"), and Delphi Automotive Systems LLC ("Delphi") based upon the following:

A.     Pursuant to Purchase Order FDBO1793 issued by Delphi to Supplier and accepted by Supplier (as amended as set forth on Exhibit A attached to this Agreement, the "Purchase Order"), Supplier is obligated to provide Delphi with labor services at Delphi's cockpit plant in [Lansing], Michigan as set forth in the Purchase Order (the "Services").

B.     Supplier has advised Delphi that it has faced financial losses in its provision of the Services and fulfillment of its other obligations under the Purchase Order.

C.     Supplier has requested that Delphi amend the Purchase Order to provide for increased compensation for certain of the Services in order to permit Supplier to continue to provide the Services to Delphi in accordance with the Purchase Order.

D.     Delphi is willing to amend the Purchase Order on the terms and conditions set forth in this Agreement, provided that Supplier confirms its obligations under the Purchase Order, provides the assurances and grants the waivers and releases set forth in this Agreement.

E.     In order to induce Delphi to amend the Purchase Order as set forth in this Agreement, Supplier is willing to confirm its obligations under the Purchase Order, provide the assurances and grant the waivers and releases set forth in this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and adequacy of which Supplier and Delphi acknowledged, Supplier and Delphi agree as follows:

1

1.    **Amendment to the Purchase Order**.  (a)  Delphi will issue an amendment to the Purchase Order under which Delphi agrees as follows:

(i)    Effective as of May 31, 2004, the hourly rate under the Purchase Order for assemblers, material handlers and hourly techs (collectively, the "Adjusted Classifications") will be increased to $23.00 per hour;

(ii)    In addition to the increase in the hourly rates set forth in Paragraph 1(a)(i) above, effective as of May 31, 2004, and continuing until such time (if any) as Supplier has provided 137,000 billable hours of hourly rate services of personnel within the Adjusted Classifications (for the period commencing on May 31, 2004), Delphi will pay an hourly surcharge of $4.10 per billable hour (the "Surcharge") for personnel within the Adjusted Classifications; and

(iii)    At such time (if any) as Supplier has provided 137,000 billable hours of hourly rate services of personnel within the Adjusted Classifications (for the period commencing on May 31, 2004), the Surcharge will be eliminated.

(b)    Neither the Purchase Order nor this Agreement create any obligation of Delphi to purchase, obtain or pay for any minimum number of hours of any personnel, and Supplier and Delphi agree that Delphi is under no such obligation.  In addition, nothing contained in this Agreement limits in any manner Delphi's right to reduce Delphi's requirements of Supplier, or to terminate the Purchase Order in accordance with its terms, including, without limitation, Delphi's termination right in accordance with Section 13 of the Delphi Terms and Conditions (January 2001), which have been and remain incorporated in the Purchase Order by reference.

2

(c)    Supplier represents and warrants that simultaneously with Supplier's execution and delivery of this Agreement, Supplier will satisfy and discharge all of Supplier's obligations to Madison Resource Funding, which currently provides financing to Supplier, and enter into a new financing agreement with an alternative lender selected by Supplier, which will provide Supplier with adequate financing to support Supplier's operations for the remainder of the term of the Purchase Order.

(d)    Supplier will, within ten (10) business dates, following the end of each month during the term of the Purchase Order, provide Seller with any financial information regarding Supplier which Delphi reasonably requests.

2.    **Confirmation of Obligations**.    Supplier hereby ratifies and confirms its obligations to provide the Services in accordance with the terms of the Purchase Order (as amended in accordance with this Agreement) and represents and warrants to Delphi that Supplier has no offsets or defenses to the obligation of Supplier to perform under the Purchase Order (as amended in accordance with this Agreement).

3.    **Waiver by Supplier and Release of Delphi**.  (a)  Supplier, on behalf of itself and its predecessors-in-interest, affiliates, parent corporation, divisions, partners, shareholders, agents, representatives, attorneys, employees, executors, administrators, heirs, beneficiaries, successors, assigns and any and all other persons or entities acting or purporting to act on its behalf, or which hold any interest in Supplier, hereby fully and forever releases, acquits, and discharges Delphi and its predecessors-in-interest, affiliates, parent corporation, divisions, partners, shareholders, agents, representatives, attorneys, employees, executors, administrators, heirs, beneficiaries, successors, assigns and any and all other persons or entities acting or purporting to act on their behalf, from,

3

and terminates and waives, any and all claims, damages, liabilities, actions, demands, obligations, and lawsuits relating in anyway to the Purchase Order based upon acts of occurrences at any time prior to the date of this Agreement.

(b)    Supplier represents and warrants to Delphi that prior to, and as of the date of execution of this Agreement, Supplier has never assigned or transferred to any person or entity any claims against Delphi or any of the obligations of Delphi to Supplier except for certain assignments of receivables to Madison Resource Funding and General Electric Capital Corporation.  Supplier further represents and warrants to Delphi that it is lawfully empowered to fully release, discharge and terminate, without the joinder of any other person, any and all of the claims against Delphi that are released pursuant to this Agreement.  Supplier will indemnify, defend and hold Delphi harmless from and against any claims, damages, liabilities, actions, demands, obligations, lawsuits, fines, penalties, costs, losses or expenses of any nature whatsoever (including reasonable attorneys' fees) to which Delphi may be subjected as a result of or in connection with any breach of Supplier's representations and warranties in this Paragraph 3(b).

4.    **No Admission**.    Supplier and Delphi agree that nothing contained in this Agreement is intended to constitute an admission of liability or responsibility for any losses, costs or expenses which have arisen in connection with the delivery of the Services under the Purchase Order prior to the date of this Agreement.

5.    **Authorization**.    The parties executing this Agreement warrant that they have the full power and authority to execute this Agreement and that this Agreement has been duly authorized by the parties.

4

6.     **Cooperation**.  Each party agrees to cooperate fully with the other parties and to take all additional actions that may be necessary to give full force and effect to this Agreement.

7.     **Section Headings**.  The Section headings used in this Agreement are for convenience of reference only and are not to affect the construction hereof or be taken into consideration in the interpretation of this Agreement.  All references to Sections, Schedules, and Exhibits are to Sections, Schedules, and Exhibits in or to this Agreement unless otherwise specified.

8.     **No Waiver; Cumulative Remedies; Unenforceability**.  Supplier and Delphi shall not by any act, delay, indulgence, omission, or otherwise be deemed to have waived any right or remedy under this Agreement or of any breach of the terms and conditions of this Agreement.  A waiver by Supplier or Delphi of any right or remedy under this Agreement on any one occasion shall not be construed as a bar to any right or remedy which Supplier or Delphi would otherwise have had on a subsequent occasion.  No failure to exercise, nor any delay in exercising, on the part of Supplier or Delphi any right, power, or privilege under this Agreement, shall operate as a waiver, nor shall any single or partial exercise of any right, power or privilege under this Agreement preclude any other or future exercise thereof or the exercise of any other right, power or privilege.  The rights and remedies under this Agreement are cumulative, may be exercised singly or concurrently, and are not exclusive of any rights and remedies provided by any other agreements or applicable law.  Should any provision of this Agreement be held invalid or unenforceable, the remainder of this Agreement will not be affected thereby.

9.     **Waivers and Amendments; Successors and Assigns**.  No term or provision of this Agreement may be waived, altered, modified, or amended except by a written instrument,

5

duly executed by Supplier and Delphi. This Agreement and all of the parties' obligations are binding upon their respective successors and assigns, and together with the rights and remedies of the parties under this Agreement, inure to the benefit of the parties and their respective successors and assigns. Supplier may not assign or transfer any right or obligation under this Agreement without the prior written consent of Delphi.

10.    **Notices**. All notices, requests, and other communications that are required or may be given under this Agreement must be in writing, and shall be deemed to have been given on the date of delivery, if delivered by hand, telecopy or courier, or three (3) days after mailing, if mailed by certified or registered mail, postage prepaid, return receipt requested, addressed as set forth below (which addresses may be changed, from time to time, by notice given in the manner provided in this Section):

If given to Supplier, sent to:    Labor Source 2000, Inc.
23800 West Ten Mile Road
Southfield, MI  48034
Attn: Mr. Robert A. Sharpley

with a copy to:    Law Offices of Harvey Altus
30500 Northwestern Highway, Suite 500
Farmington Hills, MI  48334
Attn: Harvey Altus, Esquire
Facsimile: 248-851-9421

If given to Delphi, sent to:    Martha Everett
Supplier Risk Manager
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Facsimile: 248-813-2066

with a copy to:    Sean P. Corcoran
Assistant General Counsel
Commercial & Transactional
Delphi Corporation

6

5725 Delphi Drive
Troy, MI 48098
Facsimile: 248-813-2491

11.    **No Intended Third Party Beneficiary**.   The parties hereto acknowledge and agree that the rights and interests of the parties under this Agreement are intended to benefit solely the parties to this Agreement.

12.    **Counterparts**.   This Agreement may be executed in any number of counterparts and by each party hereto on separate counterparts, each of which when so executed and delivered shall be an original, but all of which together shall constitute one and the same instrument, and it shall not be necessary in making proof of this Agreement to produce or account for more than one such counterpart.   For purposes of this Agreement, facsimile signatures shall also constitute originals.

13.    **Entire Agreement; Conflicts; Ambiguous Language**. This Agreement and the Purchase Order constitute the entire understanding of the parties in connection with the subject matter hereof and this Agreement any and all previous negotiations, representations, covenants, promises, understandings and agreements of the parties regarding the subject matter hereof are merged and integrated into the Purchase Order and this Agreement.   The parties expressly acknowledge that in entering into this Agreement they are not relying, nor have they relied, upon any covenants, promises, conditions or understandings, either oral or written, other than those contained in this Agreement and the Purchase Order.   This Agreement may not be modified, altered, or amended except by an agreement in writing signed by Delphi and Supplier.   Should an inconsistency or conflict exist between the terms of the Purchase Order and this Agreement, the

7

terms of this Agreement shall govern and control.  This Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by Supplier and its counsel.  Therefore, any ambiguous language in this Agreement will not be construed against any particular party as the drafter of such language.

14.    **Governing Law**.  This Agreement is made in the State of Michigan and shall be governed by, and construed and enforced in accordance with, the laws of the State of Michigan, without regard to conflicts of law principles.

15.    **CONSULTATION WITH COUNSEL.    THE PARTIES HERETO ACKNOWLEDGE THAT THEY HAVE BEEN GIVEN THE OPPORTUNITY TO CONSULT WITH COUNSEL BEFORE EXECUTING THIS AGREEMENT AND ARE EXECUTING SUCH AGREEMENT WITHOUT DURESS OR COERCION AND WITHOUT RELIANCE ON ANY REPRESENTATIONS, WARRANTIES OR COMMITMENTS OTHER THAN THOSE REPRESENTATIONS, WARRANTIES AND COMMITMENTS SET FORTH IN THIS AGREEMENT AND THE PURCHASE ORDER (AS AMENDED IN ACCORDANCE WITH THIS AGREEMENT).**

**[signatures are set forth on the next page]**

8

**LABOR SOURCE 2000, INC.,**
a Michigan corporation

By: _____

Its: _Vice President_  7/12/04

**DELPHI AUTOMOTIVE SYSTEMS LLC,**
a Delaware limited liability company

By: _____  7/27/04

Its: _Director of Purchasing_

_____
**James E. Riedy**
**Director of Finance**

9

## EXHIBIT A

## PURCHASE ORDER

Purchase Order FDB01793 dated 10/15/02
Alteration No. 001 dated 6/26/03
Alteration No. 002 dated 7/22/03
Alteration No. 003 dated 8/27/03

**Exhibit 4**

LS2000

Integrated Outsourcing Solutions
21472 Bridge Street
Southfield, MI 48034
248/ 233-0920

March 3, 2005

Mr. James N. Robbins
Delphi /Manager
Machinery Equipment & Indirect

Dear Mr. Robbins:

It was a pleasure attending the 10th annual Delphi Matchmaker this week.  Unfortunately as you know, the event was somewhat shadowed by the bad news we received of General Motors decision to close the Lansing Car Assembly plant 14 months before schedule.  Of course this has dramatically changed matters in light of our attempts to work out a viable solution to the mounting and continued financial losses attached to the Lansing cockpit program.  And as you well know we have been attempting to work things out for almost a year now.    However, as soon as it seems we may have a workable solution something else comes up and this latest news is a perfect example.

Since taking on this program LS2000 has experienced 20 weeks of non-billed downtime totaling a loss of $2,160,000.00. This has been lessened by Delphi's surcharge increase of $4.10 per hr per UAW worker and it has helped but LS2000 still has been negatively impacted in a number of ways exclusive to this program.  With the LCA plant closing early we will now see an additional revenue loss of $3,658,725.00.  That's a total of 5.8 million in loss revenue in only three years.  James this is very serious!  Obviously something needs to be done and done quickly.  Since the workforce is aware of the matter some serious discussion regarding this closing such as: attendance, workers quitting, product quality, fixed costs, employee displacement as well as other issues needs to be discussed.   And since we have less than 60 working days remaining, solutions and understandings based on these changed conditions need to be reached within the next two weeks.

Of course it would help if LS2000 was sourced additional Delphi business.  But this is Delphi's call.  LS2000 will need to recover losses incurred based upon fixed costs paid based on the understanding that our contract with Delphi was to run until Sept. 2006 with a workforce head count of approximately 75-100 employees with estimated yearly hours totaling 137,000 each year.  And while perhaps there was nothing that could have been done to prevent these events from occurring from a Delphi's perspective in connection with GM's decisions, certainly something can be done in behalf of LS2000.  The negative impact of our servicing this program has seriously affected us; additional business equalizing these losses sourced by Delphi to LS2000 would remedy the situation and rightly so, based on our performance under these extreme conditions.

We eagerly await your timely response.

Sincerely,

Robert A. Sharpley

VP / COO LS2000

**Exhibit 5**



To:            Bob Sharpley

From:          Vicki L. McGrath

Date:          April 6, 2005

Subject:       Ramp Down Agreement


Bob,

Effective immediately, per our discussion between you, Scott Rowell and James Robbins Delphi T&I Lansing cockpit plant agrees to pay LS2000 a lump sum pay out of $45,000 to cover the hourly and salaried vacation payable at the end of the program, providing that there is no interruption to pay or benefits for the employees, past practices for vacation authorization are continued, and the staffing template is maintained throughout the remainder of the contract.

Delphi also agrees to cover any approved hourly or salary retention bonus costs estimated at approximately $40,000.  Per our discussion, it is understood that the retention bonuses may go up or down for particular individuals based on their performance per discussion between Scott Rowell and Jocelyn Kooyers.  Delphi also agrees to cover Jocelyn Kooyers salary effective March 1, 2005 through the end of the program or as agreed between Delphi and LS2000.

As discussed, I will also schedule a weekly touch base meeting starting next Thursday, April 14, 2005.  I will check everyone's calendar and send out a meeting notice under separate cover.


                              Sincerely,


                              Vicki L McGrath
                              Sr. Buyer-Indirect
                              Delphi Global Supply Management
                              Thermal & Interior—Troy, MI

(Official Form 1) (10/05)

| United States Bankruptcy Court<br>Eastern District of Michigan | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**LaborSource 2000, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA LS 2000 Integrated Outsourcing Solutions; DBA**<br>**People Resources International** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>**38-3241857** | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) |
| Street Address of Debtor (No. & Street, City, and State):<br>**21472 Bridge St.**<br>**Southfield, MI**<br>ZIP Code **48034** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Oakland** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor** (Form of Organization)
(Check one box)
- ☐ Individual (includes Joint Debtors)
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)
State type of entity:

**Nature of Business**
(Check all applicable boxes.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Nonprofit Organization qualified under 26 U.S.C. § 501(c)(3)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Consumer/Non-Business
- ■ Business

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (10/05)                                                                                          FORM B1, Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **LaborSource 2000, Inc.** |

| Prior Bankruptcy Case Filed Within Last 8 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr><td><b>Exhibit A</b><br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>■ Exhibit A is attached and made a part of this petition.</td>
<td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code.<br><br>X _____<br>    Signature of Attorney for Debtor(s)         Date</td></tr>
<tr><td><b>Exhibit C</b><br><br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>■ No</td>
<td><b>Certification Concerning Debt Counseling<br>by Individual/Joint Debtor(s)</b><br><br>☐ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br><br>☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.)</td></tr>
</table>

| Information Regarding the Debtor (Check the Applicable Boxes) |
|---|
| **Venue** (Check any applicable box) |
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| Statement by a Debtor Who Resides as a Tenant of Residential Property<br>*Check all applicable boxes.* |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
|         _____<br>        (Name of landlord that obtained judgment) |
|         _____<br>        (Address of landlord) |
| ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |

(Official Form 1) (10/05)                                                                                      FORM B1, Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **LaborSource 2000, Inc.** |

Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code.<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X** _____<br>Signature of Debtor<br><br>**X** _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by §1515 of title 11 are attached.<br><br>☐ Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>**X** _____<br>Signature of Foreign Representative<br><br>_____<br>Printed Name of Foreign Representative<br><br>_____<br>Date |
| **Signature of Attorney**<br><br>**X  /s/ Harvey Altus**<br>Signature of Attorney for Debtor(s)<br><br>**Harvey Altus P-30846**<br>Printed Name of Attorney for Debtor(s)<br><br>**Law Offices of Harvey Altus, P.C.**<br>Firm Name<br>**30500 Northwestern Hwy., Ste. 500**<br>**Farmington Hills, MI 48334**<br><br>_____<br>Address<br><br>**(248) 626-7211  Fax: (248) 851-9421**<br>Telephone Number<br><br>**April 19, 2006**<br>Date | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>**X** _____<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X  /s/ Robert A. Sharpley**<br>Signature of Authorized Individual<br><br>**Robert A. Sharpley**<br>Printed Name of Authorized Individual<br><br>**Vice President, COO**<br>Title of Authorized Individual<br><br>**April 19, 2006**<br>Date | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose social security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.* |

Form 6-Summary
(10/05)

# United States Bankruptcy Court
### Eastern District of Michigan

In re **LaborSource 2000, Inc.**

_____ ,
                                               Debtor

Case No. _____

Chapter _____ 7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 0.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | 477,672.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 10 | | 507,587.14 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 19 | | | |
| Total Assets | | | 0.00 | | |
| Total Liabilities | | | | 985,259.14 | |

Form B6A
(10/05)

In re    **LaborSource 2000, Inc.**                                    Case No. _____
_____,
Debtor

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **LaborSource 2000, Inc.**                                    Case No. _____
                                              ,
                          Debtor

## SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking acct. # 5401763585 w/ LaSalle Bank | - | 0.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          0.00
(Total of this page)

__2__   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6B
(10/05)

In re   **LaborSource 2000, Inc.**                                      ,      Case No. _____
                              Debtor

## SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Cause of Action/Claim against Delphi Automotive.** | - | **Unknown** |

Sub-Total >          0.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                      Best Case Bankruptcy

Form B6B
(10/05)

In re    **LaborSource 2000, Inc.** _____ ,    Case No. _____
                                        Debtor

## SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **2 old computers and used furniture.** | - | 0.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 0.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

Form B6D
(10/05)

In re    **LaborSource 2000, Inc.**                                              Case No. _____

_____,

Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C§112; Fed.R.Bankr.P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

■    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

**0**   continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | | |
| Total (Report on Summary of Schedules) | | 0.00 |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                                    Best Case Bankruptcy

Form B6E
(10/05)

In re  **LaborSource 2000, Inc.**                                   ,        Case No. _____
                                   Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C.§112; Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community". If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. If applicable, also report this total on the Means Test form.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic support obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.        __1__ continuation sheets attached

Form B6E - Cont.
(10/05)

In re   **LaborSource 2000, Inc.**                                            ,      Case No. _____

                                           Debtor

## SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xx-xxx1929**<br><br>**Department of Treasury<br>Internal Revenue Service<br>Cincinnati, OH 45999-0039** | | | **2005**<br><br>**940, 941 taxes** | | | | **Unknown** | **0.00** |
| Account No. **xx-xxx1929**<br><br>**Mich Dept Labor, Unemployment Insur Agen<br>c/o Martin J. Vittands<br>Assistant Attorney General<br>3030 W. Grand Blvd., Suite 9-600<br>Detroit, MI 48202** | | | **2001-2005**<br><br>**Unemployment taxes** | | | X | **477,672.00** | **477,672.00** |
| Account No. **xx-xxx1929**<br><br>**Michigan Department of Treasury<br>Collection Division<br>P.O. Box 77437<br>Detroit, MI 48277** | | | **2005**<br><br>**Income Tax** | | | | **Unknown** | **0.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Sheet **1** of **1** continuation sheets attached to<br>Schedule of Creditors Holding Unsecured Priority Claims | | | | | | Subtotal<br>(Total of this page) | 477,672.00 | 477,672.00 |
| | | | | | | Total<br>(Report on Summary of Schedules) | 477,672.00 | 477,672.00 |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                     Best Case Bankruptcy

Form B6F
(10/05)

In re   **LaborSource 2000, Inc.**                                      Case No. _____

_____,
Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C.§112; Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Account No.** <br><br>**American Arbitration Association** <br>**American Center Building** <br>**Suite 1150** <br>**Southfield, MI 48034** | - | | 2005 <br>**Dispute Resolution** | | | X | 5,000.00 |
| **Account No.** <br><br>**Amerisure** <br>**P.O. Box 78000** <br>**Detroit, MI 48278-0119** | - | | 2005 <br>**Workers Compensation Premium** | | | | 82,568.00 |
| **Account No. Invoice #x3792 - Job #MISC** <br><br>**Bridge Limited Investments, #33** <br>**21520 Bridge Street** <br>**Southfield, MI 48034** | - | | 10/05 <br>**Building Maintenance** <br>21472 Bridge Street <br>Southfield, MI  48034 | | | | 632.14 |
| **Account No.** <br><br>**Bridge Ltd Investments 33 Ltd** <br>**Pntrshp** <br>**21520 Bridge St.** <br>**Southfield, MI 48034** | - | | 10/2004 <br>**Lease of business premises** | | | | Unknown |
| **9**   continuation sheets attached | | | | Subtotal <br>(Total of this page) | | | 88,200.14 |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037
                                                                          S/N:32493-060404   Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                    Case No. _____
                                                                    ,
                                         Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Brittany Broadery<br>1807 Teel Ave.<br>Lansing, MI 48910** | - | | **4/05<br>Uninsured balance due for medical services.** | | | | 449.00 |
| Account No.<br><br>**Bryon Wells<br>213 Cranmer<br>Charlotte, MI 48813** | - | | **Uninsured balance due for medical services.** | | | | 572.00 |
| Account No.<br><br>**Cameron S. Sebrell<br>626 Foote<br>Charlotte, MI 48813** | - | | **4/05<br>Uninsured balance due for medical services.** | | | | Unknown |
| Account No.<br><br>**Carolyn D. Evans<br>11900 Jarvis St.<br>Hubbardston, MI 48845** | - | | **4/05<br>Uninsured balance due for medical services.** | | | | 84.00 |
| Account No.<br><br>**Cassandra M. Johnson<br>2719 Harwick Dr.<br>Lansing, MI 48917** | - | | **4/05<br>Uninsured balance due for dental services.** | | | | Unknown |

Sheet no. __1__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **1,105.00**

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                         Case No. _____
_____,
                        Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No.<br><br>**Charnel McKinney**<br>**4330 Keller Rd. #71**<br>**Lansing, MI 48912** | | - | | | 4/05<br>**Uninsured balance due for optometric services.** | | | | 286.00 |
| Account No.<br><br>**Comerica Commercial Lending**<br>**P.O. Box 041618**<br>**Detroit, MI 48264** | X | - | | | 4/02<br>**Business Loan** | | | | 26,688.00 |
| Account No.<br><br>**Concentra Health Services**<br>**26185 Greenfield Rd.**<br>**Southfield, MI 48075** | | - | | | **Uninsured balance due for medical services.** | | | | 8,151.00 |
| Account No.<br><br>**Daniel S. Distel**<br>**334 E. Jefferson St.**<br>**Pewamo, MI 48873** | | - | | | 3/05<br>**Uninsured balance due for medical services.** | | | | 526.00 |
| Account No.<br><br>**Darnell Wills**<br>**4215 Glenwood, Apt. 5**<br>**Lansing, MI 48910** | | - | | | 3/05<br>**Uninsured balance due for dental services** | | | | 95.00 |

Sheet no. __2__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)      **35,746.00**

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                    Case No. _____
                                                                            ,
                                          Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | - | | 4/05 Uninsured balance due for medical services. | | | | |
| Dawn Parish 7471 Tupperlake Rd. Sunfield, MI 48890 | | | | | | | | | 734.00 |
| Account No. | | | - | | 4/05 Uninsured balance due for medical services. | | | | |
| Debra Hook 626 Foote St. Charlotte, MI 48813 | | | | | | | | | 115.00 |
| Account No. | | | - | | 3/05 Uninsured balance due for dental services. | | | | |
| Denise Disbrow 1617 Mary Ave. Lansing, MI 48910 | | | | | | | | | 252.00 |
| Account No. | | | - | | 3/05 Uninsured balance due for dental services. | | | | |
| Felix Morris 101 W. Graham Lansing, MI 48910 | | | | | | | | | 2,033.00 |
| Account No. | | | - | | 4/05 Uninsured balance due for medical services. | | | | |
| Fernandez Amed 1118 W. Willow St. Lansing, MI 48915 | | | | | | | | | 85.00 |

Sheet no. __3__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,219.00

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                    Case No. _____
                                                        ,
                                      Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Hung V Le 3004 Gibson Lansing, MI 48911** | | - | 4/05 **Uninsured balance due for medical services.** | | | | 6,087.00 |
| Account No. **Indira Becerra 320 Richard Ave. Lansing, MI 48917** | | - | 4/05 **Uninsured balance due for medical services.** | | | | 201.00 |
| Account No. **International Union, United Automobile, c/o Georgi-Ann Bargamian, attorney 8000 East Jefferson Ave. Detroit, MI 48214** | | - | 2002-2005 **Union benefits alleged per Delphi Contract** | | | X | 35,911.00 |
| Account No. **James V. Smith 7471 Tupperlake Rd. Sunfield, MI 48890** | | - | 5/05 **Uninsured balance due for optometric services.** | | | | Unknown |
| Account No. **John Kalchik 1038 Dill Rd. Dewitt, MI 48820** | | - | 4/05 **Uninsured balance due for dental services.** | | | | 963.00 |

Sheet no. **4** of **9** sheets attached to Schedule of        Subtotal
Creditors Holding Unsecured Nonpriority Claims            (Total of this page)        43,162.00

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                    Case No. _____
_____,
Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. <br><br> Kenneth J. Thomas <br>13574 Maple St. <br>P.O. Box 143 <br>Eagle, MI 48822 | | - | | | 4/05 <br>**Unsured balance due for medical services.** | | | | 3,125.00 |
| Account No. <br><br> Kerry Wilkes <br>13565 Maple Street <br>Eagle, MI 48822 | | - | | | 4/05 <br>**Uninsured balance due for medical services.** | | | | 65.00 |
| Account No. <br><br> Kurt Gavenda <br>3373 E. Wilson <br>Ashley, MI 48806 | | - | | | 3/05 <br>**Uninsured balance due for dental services.** | | | | 344.00 |
| Account No. <br><br> Maggi Washington <br>5651 South MLK Blvd. <br>Lansing, MI 48911 | | - | | | 4/05 <br>**Uninsured balance due for medical services.** | | | | Unknown |
| Account No. <br><br> Melani Hall <br>4629 Whittum Rd. <br>Eaton Rapids, MI 48827 | | - | | | **Uninsured balance due for medical services.** | | | | 0.00 |

Sheet no. __5__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) **3,534.00**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                         Case No. _____
                                         Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Ohio Dept. of Job/Family Services**<br>**P.O. Box 182404**<br>**Columbus, OH 43216** | - | | **2005**<br>**Claim for employee child support withholding** | | | X | 0.00 |
| Account No.<br><br>**PHP**<br>**Dept. 25001**<br>**P.O. Box 67000**<br>**Detroit, MI 48267-0250** | - | | **2002-2005**<br>**Health Insurance for Delphi employees.** | | | | 120,801.00 |
| Account No.<br><br>**Radio Advertising, Inc.**<br>**3312 West Peterson Ave.**<br>**Chicago, IL 60659** | - | | **2004**<br>**Advertising** | | | | 1,538.00 |
| Account No.<br><br>**Rebecca P. Capetillo**<br>**520 Denver St.**<br>**Lansing, MI 48910** | - | | **11/04**<br>**Uninsured balance due for medical services.** | | | | 711.00 |
| Account No.<br><br>**Richard Hillard, Jr.**<br>**103 Krebs Ct.**<br>**Charlotte, MI 48813** | - | | **Uninsured balance due for medical services.** | | | | 9,895.00 |

Sheet no. __6__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)            132,945.00

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                          Case No. _____
                                          Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Rodney Churchill**<br>**7711 Tupper Lake Road**<br>**Sunfield, MI 48890** | - | | **1/05**<br>**Uninsured balance due for dental services.** | | | | 1,429.00 |
| Account No.<br><br>**Samantha K. Jonckheere**<br>**1536 Holbrook**<br>**Holt, MI 48842** | - | | **5/05**<br>**Uninsured balance due for medical services.** | | | | 54.00 |
| Account No.<br><br>**Stacey Ann Ault**<br>**781 E. Frederick Ave.**<br>**Lansing, MI 48906** | - | | **4/05**<br>**Uninsured balance due for medical services.** | | | | 2,350.00 |
| Account No.<br><br>**Susan Collette**<br>**410 S. Clemens**<br>**Lansing, MI 48912** | - | | **3/05**<br>**Uninsured balance due for dental services.** | | | | 190.00 |
| Account No.<br><br>**Trinh D. Phan**<br>**3004 Gibson St.**<br>**Lansing, MI 48911** | - | | **5/05**<br>**Uninsured balance due for medical services.** | | | | 1,612.00 |

Sheet no. __7__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          5,635.00

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

Pg 107 of 189

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                                    Case No. _____

_____,
Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No.<br><br>**Tyaurice Sinclair<br>2616 Red Rd.<br>Lansing, MI 48911** | | - | | | 12/04<br>**Uninsured balance due for medical services.** | | | | 1,384.00 |
| Account No.<br><br>**United Health Group<br>c/o Butzel Long<br>150 W. Jefferson<br>Detroit, MI 48226** | | - | | | 2002-2005<br>**Health Insurance for Delphi employees.** | | | | 12,134.00 |
| Account No.<br><br>**UNUM Providence Life Ins.<br>P.O. Box 9500<br>Portland, ME 04104** | | - | | | 2002-2005<br>**Health Insurance for Delphi employees.** | | | | 20,000.00 |
| Account No.<br><br>**Weyco Benefit Group<br>P.O. Box 30132<br>Lansing, MI 48909** | | - | | | 2002-2005<br>**Health Insurance for Delphi employees.** | | | | 160,000.00 |
| Account No.<br><br>**William Parish<br>7471 Tupperlake Rd.<br>Sunfield, MI 48890** | | - | | | **Uninsured balance due for medical services.** | | | | 523.00 |

Sheet no. __8__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

194,041.00

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                      Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                      Case No. _____
                                                    ,
                                            Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Yarmila Castellanos**<br>**1118 W. Willow St.**<br>**Lansing, MI 48915** | | - | **5/05**<br>**Uninsured balance due for medical services.** | | | | **Unknown** |
| Account No. <br><br>**Zelda Ragland**<br>**501 S. Butler Blvd., #8**<br>**Lansing, MI 48915** | | - | **5/05**<br>**Uninsured balance due for dental services.** | | | | **Unknown** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. **9** of **9** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | | **0.00** |
| Total<br>(Report on Summary of Schedules) | | **507,587.14** |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                    Best Case Bankruptcy

Form B6G
(10/05)

In re    **LaborSource 2000, Inc.**                                        ,        Case No. _____
                                                  Debtor

## SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112;  Fed.R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Bridge Limited Investments 33 Ltd Ptrshp**<br>**21520 Bridge St.**<br>**Southfield, MI 48034** | **48 mo. lease of business premises beginning**<br>**10/2004** |

_____0_____  continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                            Best Case Bankruptcy

Form B6H
(10/05)

In re    **LaborSource 2000, Inc.**                                                        ,        Case No. _____
                                                Debtor

## SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed
by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state,
commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or
Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used
by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor,
indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **Comerica Commercial  Lending**<br>**P.O. Box 041618**<br>**Detroit, MI 48264** |

    **0**    continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                        Best Case Bankruptcy

Official Form 6-Decl.
(10/05)

# United States Bankruptcy Court
## Eastern District of Michigan

In re  **LaborSource 2000, Inc.**

_____ Debtor(s)

Case No. _____

Chapter  **7**  _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Vice President, COO of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**20**__ sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **April 19, 2006** _____

Signature  **/s/ Robert A. Sharpley** _____
**Robert A. Sharpley**
**Vice President, COO**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Official Form 7
(10/05)

# United States Bankruptcy Court
## Eastern District of Michigan

In re  **LaborSource 2000, Inc.**
_____     Case No.  _____
                                    Debtor(s)          Chapter    **7**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

_"In business."_ A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

_"Insider."_ The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

#### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$8,686,369.64** | **2004 gross income** |
| **$3,370,007.15** | **2005 gross income** |
| **$0.00** | **2006 YTD - no income** |

#### 2. Income other than from employment or operation of business

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                          SOURCE

2

### 3. Payments to creditors

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **State of Michigan, Dept. of Labor Economic Growth, Unemployment Insurance Agency v. Labor Source 2000, Inc. Case No. 05-070044-CZ** | **Action for taxes** | **Oakland County Circuit Court 1200 N. Telegraph Rd., Dept. 404 Pontiac, MI 48341-0404** | **Pending** |
| **Labor Source 2000 Inc. v. Delphi Automotive Systems, Inc., Case No. 05-068952-CZ** | **Contract and Tort** | **Oakland County Circuit Court 1200 N. Telegraph Rd., Dept. 404 Pontiac, MI 48341-0404** | **Stayed due to Delphi bankruptcy** |
| **Debra Hook v. LaborSource 2000 Case No. 05-2310-SC** | **Collection suit** | **56A District Court 1045 Independence Blvd. Charlotte, MI 48813** | **Judgment entered** |
| **State of Michigan, Dept. of Labor Economic Growth, Unemployment Insurance Agency v. Labor Source 2000, Inc. Case No. 05-070044-CZ** | **Action for taxes** | **Oakland County Circuit Court 1200 N. Telegraph Rd., Dept. 404 Pontiac, MI 48341-0404** | **Pending** |
| **Melani G. Hall v. LS 2000 Case No. 05-2560-SC** | **Collection suit** | **56A District Court 1045 Independance Blvd. Charlotte, MI 48813** | **Unknown** |

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, and its Local 724 v. Labor Source 2000, a/k/a LS 2000 Integrated Outsourcing Solutions Case No. 2:05CV74231** | **Breach of Contract** | **Oakland County Circuit Court 1200 N. Telegraph Rd., Dept. 404 Pontiac, MI  48341-0404** | **Pending** |

None
■  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

4

**8. Losses**

None
■   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Law Offices of Harvey Altus, P.C.** **30500 Northwestern Hwy., Ste. 500** **Farmington Hills, MI 48334** | **12/22/05** | **$1,000.00** |

**10. Other transfers**

None
■   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
☐   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **LaSalle Bank** **Troy, MI** | **Checking Acct.** **Balance transfer to existing account** | **6/2005** |

5

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 23800 W. 10 Mile Rd. Suite 232 Southfield, MI 48034 | Labor Source 2000, Inc. | January, 2002 to December, 2004. |

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

6

None a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable
■ or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known,
the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
■ Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which
■ the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the
docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
☐ ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a
partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years**
immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities
within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six
years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six
years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Labor Source 2000 | 38-3241857 | 21472 Bridge St. Southfield, MI 48034 | Temporary employment agency | 1/23/2002 to 5/2005 |
| LS2000 Integrated Outsourcing Solutions | | 21472 Bridge St. Southfield, MI 48034 | Temporary employment agency | 2/10/2004 to 5/2005 |
| People Resources International | | 21472 Bridge St. Southfield, MI 48034 | Temporary employment agency | 1/22/2002 to 9/15/2002 |

None b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
■

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has
been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or
owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole
proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above,
within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go
directly to the signature page.)*

7

### 19. Books, records and financial statements

None ☐   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **James Palmer, III, CPA**<br>**21472 Bridge Street**<br>**Southfield, MI 48034** | **1/23/02 to present** |

None ■   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **James Palmer, III, CPA** | **21472 Bridge Street**<br>**Southfield, MI 48034** |
| **Robert Sharpley** | **21472 Bridge Street**<br>**Southfield, MI 48034** |

None ■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

### 20. Inventories

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None ■   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **Vice President & Chief Operations Officer** | **49% Stock Ownership** |

8

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Sherry Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **President** | **51% Stock Ownership** |
| **James Palmer**<br>**21472 Bridge Street**<br>**Southfield, MI 48034** | **Treasurer** | |

**22 . Former partners, officers, directors and shareholders**

None
■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☐   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **4/1/2005**<br>**Salary/Personal Loan Payment** | **$3,960.15** |
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **4/1/2005**<br>**Salary/Personal Loan Payment** | **$2,411.94** |
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **5/1/2005**<br>**Salary/Personal Loan Payment** | **$3,960.15** |
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **5/1/05**<br>**Salary/Personal Loan Payment** | **$3,960.15** |
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **6/24/05**<br>**Salary/Personal Loan Payment** | **$3,960.15** |
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **6/24/05**<br>**Salary/Personal Loan Payment** | **$2,411.94** |
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **7/29/05**<br>**Salary/Personal Loan Payment** | **$3,960.15** |
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **8/2/05**<br>**Salary/Personal Loan Payment** | **$2,659.96** |
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **9/9/02**<br>**Salary/Personal Loan Payment** | **$3,960.15** |

9

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **9/16/05** **Salary/Personal Loan Payment** | **$2,659.96** |
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **11/11/05** **Salary/Personal Loan Payment** | **$3,669.27** |
| **Sherry Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** **Wife** | **12/23/05** **Salary** | **$3,000.00** |

**24. Tax Consolidation Group.**

None
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

10

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date **April 19, 2006**                         Signature    **/s/ Robert A. Sharpley**
                                                              **Robert A. Sharpley**
                                                              **Vice President, COO**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
### Eastern District of Michigan

In re  **LaborSource 2000, Inc.** _____    Case No. _____

_____ Debtor(s)    Chapter  **7**

### STATEMENT OF ATTORNEY FOR DEBTOR(S)
### PURSUANT TO F.R.BANKR.P. 2016(b)

The undersigned, pursuant to F.R.Bankr.P. 2016(b), states that:

1.   The undersigned is the attorney for the Debtor(s) in this case.

2.   The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is: [Check one]

　　 [ X ]   **FLAT FEE**

　　 A.   For legal services rendered in contemplation of and in connection with this case, exclusive of the
　　　　 filing fee paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **2,201.00**

　　 B.   Prior to filing this statement, received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **1,000.00**

　　 C.   The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **1,201.00**

　　 [ ]   **RETAINER**

　　 A.   Amount of retainer received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

　　 B.   The undersigned shall bill against the retainer at an hourly rate of $_____. [Or attach firm hourly rate schedule.]
　　　　 Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

3.   $  **299.00**  of the filing fee has been paid.

4.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
　　 [Cross out any that do not apply.]

　　 A.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a
　　　　 petition in bankruptcy;

　　 B.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

　　 C.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings
　　　　 thereof;

　　 D.   ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~

　　 E.   ~~Reaffirmations;~~

　　 F.   ~~Redemptions;~~

　　 G.   ~~Other:~~

5.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:
　　 **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or
　　 any other adversary proceeding.**

6.   The source of payments to the undersigned was from:

　　 A.   **XX**   Debtor(s)' earnings, wages, compensation for services performed

　　 B.   _____   Other (describe, including the identity of payor) _____

7.   The undersigned has not shared or agreed to share, with any other person, other than with members of the undersigned's law
　　 firm or corporation, any compensation paid or to be paid except as follows:

Dated:  **April 19, 2006** _____

Agreed:  **/s/ Robert A. Sharpley** _____
　　　　　　 Debtor **Robert A. Sharpley**

_____
Joint Debtor (if any)

**/s/ Harvey Altus** _____
Attorney for the Debtor(s)
**Harvey Altus P-30846
Law Offices of Harvey Altus, P.C.
30500 Northwestern Hwy., Ste. 500
Farmington Hills, MI 48334
(248) 626-7211**

**United States Bankruptcy Court**
**Eastern District of Michigan**

In re   **LaborSource 2000, Inc.**

Debtor(s)

Case No.

Chapter   **7**

## VERIFICATION OF CREDITOR MATRIX

I, the Vice President, COO of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **April 19, 2006**

**/s/ Robert A. Sharpley**
**Robert A. Sharpley/Vice President, COO**
Signer/Title

Software Copyright (c) 1996-2001 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

56A District Court
1045 Independence Blvd.
Charlotte, MI 48813

American Arbitration Association
American Center Building
Suite 1150
Southfield, MI 48034

Amerisure
P.O. Box 78000
Detroit, MI 48278-0119

Bridge Limited Investments 33 Ltd Ptrshp
21520 Bridge St.
Southfield, MI 48034

Bridge Limited Investments, #33
21520 Bridge Street
Southfield, MI 48034

Bridge Ltd Investments 33 Ltd Pntrshp
21520 Bridge St.
Southfield, MI 48034

Brittany Broadery
1807 Teel Ave.
Lansing, MI 48910

Bryon Wells
213 Cranmer
Charlotte, MI 48813

Cameron S. Sebrell
626 Foote
Charlotte, MI 48813

Carolyn D. Evans
11900 Jarvis St.
Hubbardston, MI 48845

Cassandra M. Johnson
2719 Harwick Dr.
Lansing, MI 48917

Charnel McKinney
4330 Keller Rd. #71
Lansing, MI 48912

Comerica Commercial  Lending
P.O. Box 041618
Detroit, MI 48264

Concentra Health Services
26185 Greenfield Rd.
Southfield, MI 48075

Daniel S. Distel
334 E. Jefferson St.
Pewamo, MI 48873

Darnell Wills
4215 Glenwood, Apt. 5
Lansing, MI 48910

Dawn Parish
7471 Tupperlake Rd.
Sunfield, MI 48890

Debra Hook
626 Foote St.
Charlotte, MI 48813

Denise Disbrow
1617 Mary Ave.
Lansing, MI 48910

Department of Treasury
Internal Revenue Service
Cincinnati, OH 45999-0039

Felix Morris
101 W. Graham
Lansing, MI 48910

Fernandez Amed
1118 W. Willow St.
Lansing, MI 48915

Hung V Le
3004 Gibson
Lansing, MI 48911


Indira Becerra
320 Richard Ave.
Lansing, MI 48917


International Union, United Automobile,
c/o Georgi-Ann Bargamian, attorney
8000 East Jefferson Ave.
Detroit, MI 48214


James V. Smith
7471 Tupperlake Rd.
Sunfield, MI 48890


John Kalchik
1038 Dill Rd.
Dewitt, MI 48820


Kenneth J. Thomas
13574 Maple St.
P.O. Box 143
Eagle, MI 48822


Kerry Wilkes
13565 Maple Street
Eagle, MI 48822


Kurt Gavenda
3373 E. Wilson
Ashley, MI 48806


Maggi Washington
5651 South MLK Blvd.
Lansing, MI 48911


Melani Hall
4629 Whittum Rd.
Eaton Rapids, MI 48827

Mich Dept Labor, Unemployment Insur Agen
c/o Martin J. Vittands
Assistant Attorney General
3030 W. Grand Blvd., Suite 9-600
Detroit, MI 48202

Michigan Department of Treasury
Collection Division
P.O. Box 77437
Detroit, MI 48277

Oakland County Circuit Court
1200 N. Telegraph Rd., Dept. 404
Pontiac, MI 48341-0404

Ohio Dept. of Job/Family Services
P.O. Box 182404
Columbus, OH 43216

PHP
Dept. 25001
P.O. Box 67000
Detroit, MI 48267-0250

Radio Advertising, Inc.
3312 West Peterson Ave.
Chicago, IL 60659

Rebecca P. Capetillo
520 Denver St.
Lansing, MI 48910

Richard Hillard, Jr.
103 Krebs Ct.
Charlotte, MI 48813

Robert Sharpley
6953 Carrington Circle W
West Bloomfield, MI 48322

Rodney Churchill
7711 Tupper Lake Road
Sunfield, MI 48890

Samantha K. Jonckheere
1536 Holbrook
Holt, MI 48842

Stacey Ann Ault
781 E. Frederick Ave.
Lansing, MI 48906

Susan Collette
410 S. Clemens
Lansing, MI 48912

Trinh D. Phan
3004 Gibson St.
Lansing, MI 48911

Tyaurice Sinclair
2616 Red Rd.
Lansing, MI 48911

U.S. District Court
231 W. Lafayette Blvd.
Detroit, MI 48226

United Health Group
c/o Butzel Long
150 W. Jefferson
Detroit, MI 48226

UNUM Providence Life Ins.
P.O. Box 9500
Portland, ME 04104

Weyco Benefit Group
P.O. Box 30132
Lansing, MI 48909

William Parish
7471 Tupperlake Rd.
Sunfield, MI 48890

Yarmila Castellanos
1118 W. Willow St.
Lansing, MI 48915

Zelda Ragland
501 S. Butler Blvd., #8
Lansing, MI 48915

## United States Bankruptcy Court
### Eastern District of Michigan

In re    **LaborSource 2000, Inc.**

Debtor(s)

Case No. _____

Chapter    **7**    _____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    **LaborSource 2000, Inc.**    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**April 19, 2006** _____

Date

/s/ **Harvey Altus** _____

**Harvey Altus P-30846**

Signature of Attorney or Litigant

Counsel for    **LaborSource 2000, Inc.** _____

**Law Offices of Harvey Altus, P.C.**

**30500 Northwestern Hwy., Ste. 500**
**Farmington Hills, MI 48334**
**(248) 626-7211 Fax:(248) 851-9421**

(Official Form 1) (10/05)

| United States Bankruptcy Court<br>Eastern District of Michigan | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**LaborSource 2000, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA LS 2000 Integrated Outsourcing Solutions; DBA**<br>**People Resources International** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>**38-3241857** | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) |

| Street Address of Debtor (No. & Street, City, and State):<br>**21472 Bridge St.**<br>**Southfield, MI**                                   ZIP Code **48034** | Street Address of Joint Debtor (No. & Street, City, and State):                                   ZIP Code |
|---|---|
| County of Residence or of the Principal Place of Business:<br>**Oakland** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                                   ZIP Code | Mailing Address of Joint Debtor (if different from street address):                                   ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor (Form of Organization)<br>(Check one box) | Nature of Business<br>(Check all applicable boxes.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above<br>entities, check this box and provide the<br>information requested below.)<br>State type of entity: | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Nonprofit Organization qualified<br>under 26 U.S.C. § 501(c)(3) | ■ Chapter 7      ☐ Chapter 11      ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 9      ☐ Chapter 12      ☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| | Nature of Debts (Check one box) |
|---|---|
| | ☐ Consumer/Non-Business      ■ Business |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only) Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders<br>or affiliates are less than $2 million. |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br><br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds<br>available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1000-<br>5,000 | 5001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (10/05)                                                                                    FORM B1, Page 2

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**LaborSource 2000, Inc.** | |
|---|---|---|
| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>■  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code.<br><br>X _____<br>   Signature of Attorney for Debtor(s)              Date |
|---|---|

| **Exhibit C**<br><br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐  Yes, and Exhibit C is attached and made a part of this petition.<br><br>■  No | **Certification Concerning Debt Counseling<br>by Individual/Joint Debtor(s)**<br><br>☐  I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br><br>☐  I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.) |
|---|---|

**Information Regarding the Debtor (Check the Applicable Boxes)**

**Venue** (Check any applicable box)

■  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

<table>
<tr><td>(Official Form 1) (10/05)</td><td>FORM B1, Page 3</td></tr>
</table>

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **LaborSource 2000, Inc.** |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only one box.) ☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by §1515 of title 11 are attached. ☐ Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. X _____ Signature of Foreign Representative _____ Printed Name of Foreign Representative _____ Date |
| X _____ Signature of Debtor X _____ Signature of Joint Debtor _____ Telephone Number (If not represented by attorney) _____ Date | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| **Signature of Attorney** | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached. |
| X **/s/ Harvey Altus** Signature of Attorney for Debtor(s) **Harvey Altus P-30846** Printed Name of Attorney for Debtor(s) **Law Offices of Harvey Altus, P.C.** Firm Name **30500 Northwestern Hwy., Ste. 500 Farmington Hills, MI 48334** Address **(248) 626-7211  Fax: (248) 851-9421** Telephone Number **April 19, 2006** Date | _____ Printed Name and title, if any, of Bankruptcy Petition Preparer _____ Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) _____ Address X _____ _____ Date |
| **Signature of Debtor (Corporation/Partnership)** | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose social security number is provided above. |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. X **/s/ Robert A. Sharpley** Signature of Authorized Individual **Robert A. Sharpley** Printed Name of Authorized Individual **Vice President, COO** Title of Authorized Individual **April 19, 2006** Date | Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual: If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.* |

Form 6-Summary
(10/05)

# United States Bankruptcy Court
## Eastern District of Michigan

In re    **LaborSource 2000, Inc.**

Debtor

Case No. _____

Chapter_____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 0.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | 477,672.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 10 | | 507,587.14 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 19 | | | |
| Total Assets | | | 0.00 | | |
| Total Liabilities | | | | 985,259.14 | |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6A
(10/05)

In re    **LaborSource 2000, Inc.**                                    Case No. _____
_____,
                            Debtor

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

<u>0</u>  continuation sheets attached to the Schedule of Real Property          (Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **LaborSource 2000, Inc.**                                        Case No. _____
                                                    ,
                                          Debtor

## SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
In providing the information requested in this category, do not include the name or address of a minor child.

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking acct. # 5401763585 w/ LaSalle Bank** | - | 0.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          0.00
(Total of this page)

__2__   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

Form B6B
(10/05)

In re    **LaborSource 2000, Inc.**                                    Case No. _____
                                                    Debtor

## SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Cause of Action/Claim against Delphi Automotive.** | - | **Unknown** |

Sub-Total >    **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **LaborSource 2000, Inc.**                                          Case No. _____
                                                    ,
                                          Debtor

## SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **2 old computers and used furniture.** | - | 0.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 0.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

Form B6D
(10/05)

In re  **LaborSource 2000, Inc.**                                          Case No. _____
                                    Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C§112; Fed.R.Bankr.P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

■ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

__0__  continuation sheets attached

Subtotal _____
(Total of this page)

Total _____
(Report on Summary of Schedules)    **0.00**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6E
(10/05)

In re    **LaborSource 2000, Inc.**                                    Case No. _____
_____,
                                    Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C.§112; Fed.R.Bankr.P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community". If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. If applicable, also report this total on the Means Test form.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic support obligations**
    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(4).

☐ **Contributions to employee benefit plans**
    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
    Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
    Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**
    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**
    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**
    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.
        **1**     continuation sheets attached

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6E - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                    Case No. _____
                                                        Debtor

## SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xx-xxx1929**<br><br>**Department of Treasury<br>Internal Revenue Service<br>Cincinnati, OH 45999-0039** | - | | **2005**<br><br>**940, 941 taxes** | | | | Unknown | 0.00 |
| Account No. **xx-xxx1929**<br><br>**Mich Dept Labor, Unemployment Insur Agen<br>c/o Martin J. Vittands<br>Assistant Attorney General<br>3030 W. Grand Blvd., Suite 9-600<br>Detroit, MI 48202** | - | | **2001-2005**<br><br>**Unemployment taxes** | | | X | 477,672.00 | 477,672.00 |
| Account No. **xx-xxx1929**<br><br>**Michigan Department of Treasury<br>Collection Division<br>P.O. Box 77437<br>Detroit, MI 48277** | - | | **2005**<br><br>**Income Tax** | | | | Unknown | 0.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet <u>**1**</u> of <u>**1**</u>    continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | 477,672.00 | 477,672.00 |
| Total<br>(Report on Summary of Schedules) | 477,672.00 | 477,672.00 |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6F
(10/05)

In re  **LaborSource 2000, Inc.**                                          ,    Case No. _____
_____
                                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C.§112; Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐     Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No.<br><br>**American Arbitration Association**<br>**American Center Building**<br>**Suite 1150**<br>**Southfield, MI 48034** | | - | | | **2005**<br>**Dispute Resolution** | | | X | |
| | | | | | | | | | **5,000.00** |
| Account No.<br><br>**Amerisure**<br>**P.O. Box 78000**<br>**Detroit, MI 48278-0119** | | - | | | **2005**<br>**Workers Compensation Premium** | | | | |
| | | | | | | | | | **82,568.00** |
| Account No. **Invoice #x3792 - Job #MISC**<br><br>**Bridge Limited Investments, #33**<br>**21520 Bridge Street**<br>**Southfield, MI 48034** | | - | | | **10/05**<br>**Building Maintenance**<br>**21472 Bridge Street**<br>**Southfield, MI 48034** | | | | |
| | | | | | | | | | **632.14** |
| Account No.<br><br>**Bridge Ltd Investments 33 Ltd**<br>**Pntrshp**<br>**21520 Bridge St.**<br>**Southfield, MI 48034** | | - | | | **10/2004**<br>**Lease of business premises** | | | | |
| | | | | | | | | | **Unknown** |
| **9**   continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | **88,200.14** |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    S/N:32493-060404    Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                             Case No. _____

_____,
                                                    Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Brittany Broadery**<br>**1807 Teel Ave.**<br>**Lansing, MI 48910** | | - | **4/05**<br>**Uninsured balance due for medical services.** | | | | **449.00** |
| Account No. <br><br> **Bryon Wells**<br>**213 Cranmer**<br>**Charlotte, MI 48813** | | - | **Uninsured balance due for medical services.** | | | | **572.00** |
| Account No. <br><br> **Cameron S. Sebrell**<br>**626 Foote**<br>**Charlotte, MI 48813** | | - | **4/05**<br>**Uninsured balance due for medical services.** | | | | **Unknown** |
| Account No. <br><br> **Carolyn D. Evans**<br>**11900 Jarvis St.**<br>**Hubbardston, MI 48845** | | - | **4/05**<br>**Uninsured balance due for medical services.** | | | | **84.00** |
| Account No. <br><br> **Cassandra M. Johnson**<br>**2719 Harwick Dr.**<br>**Lansing, MI 48917** | | - | **4/05**<br>**Uninsured balance due for dental services.** | | | | **Unknown** |

Sheet no. __1__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,105.00**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.** ,                                    Case No. _____

                                                    Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Charnel McKinney** <br> **4330 Keller Rd. #71** <br> **Lansing, MI 48912** | | - | **4/05** <br> **Uninsured balance due for optometric services.** | | | | 286.00 |
| Account No. <br><br> **Comerica Commercial  Lending** <br> **P.O. Box 041618** <br> **Detroit, MI 48264** | X | - | **4/02** <br> **Business Loan** | | | | 26,688.00 |
| Account No. <br><br> **Concentra Health Services** <br> **26185 Greenfield Rd.** <br> **Southfield, MI 48075** | | - | **Uninsured balance due for medical services.** | | | | 8,151.00 |
| Account No. <br><br> **Daniel S. Distel** <br> **334 E. Jefferson St.** <br> **Pewamo, MI 48873** | | - | **3/05** <br> **Uninsured balance due for medical services.** | | | | 526.00 |
| Account No. <br><br> **Darnell Wills** <br> **4215 Glenwood, Apt. 5** <br> **Lansing, MI 48910** | | - | **3/05** <br> **Uninsured balance due for dental services** | | | | 95.00 |

Sheet no. __2__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

35,746.00

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                                    Case No. _____

_____
                                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Dawn Parish** <br> **7471 Tupperlake Rd.** <br> **Sunfield, MI 48890** | - | | **4/05** <br> **Uninsured balance due for medical services.** | | | | 734.00 |
| Account No. <br><br> **Debra Hook** <br> **626 Foote St.** <br> **Charlotte, MI 48813** | - | | **4/05** <br> **Uninsured balance due for medical services.** | | | | 115.00 |
| Account No. <br><br> **Denise Disbrow** <br> **1617 Mary Ave.** <br> **Lansing, MI 48910** | - | | **3/05** <br> **Uninsured balance due for dental services.** | | | | 252.00 |
| Account No. <br><br> **Felix Morris** <br> **101 W. Graham** <br> **Lansing, MI 48910** | - | | **3/05** <br> **Uninsured balance due for dental services.** | | | | 2,033.00 |
| Account No. <br><br> **Fernandez Amed** <br> **1118 W. Willow St.** <br> **Lansing, MI 48915** | - | | **4/05** <br> **Uninsured balance due for medical services.** | | | | 85.00 |

Sheet no. __3__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     3,219.00

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re    **LaborSource 2000, Inc.**                                          ,    Case No. _____
                                    Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Hung V Le** <br> **3004 Gibson** <br> **Lansing, MI 48911** | | - | | **4/05** <br> **Uninsured balance due for medical services.** | | | | **6,087.00** |
| Account No. <br><br> **Indira Becerra** <br> **320 Richard Ave.** <br> **Lansing, MI 48917** | | - | | **4/05** <br> **Uninsured balance due for medical services.** | | | | **201.00** |
| Account No. <br><br> **International Union, United** <br> **Automobile,** <br> **c/o Georgi-Ann Bargamian, attorney** <br> **8000 East Jefferson Ave.** <br> **Detroit, MI 48214** | | - | | **2002-2005** <br> **Union benefits alleged per Delphi Contract** | | | X | **35,911.00** |
| Account No. <br><br> **James V. Smith** <br> **7471 Tupperlake Rd.** <br> **Sunfield, MI 48890** | | - | | **5/05** <br> **Uninsured balance due for optometric services.** | | | | **Unknown** |
| Account No. <br><br> **John Kalchik** <br> **1038 Dill Rd.** <br> **Dewitt, MI 48820** | | - | | **4/05** <br> **Uninsured balance due for dental services.** | | | | **963.00** |

Sheet no. __4__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**43,162.00**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re   **LaborSource 2000, Inc.**                                    ,       Case No. _____

                                                    Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No.<br><br>Kenneth J. Thomas<br>13574 Maple St.<br>P.O. Box 143<br>Eagle, MI 48822 | | - | | | 4/05<br>**Uninsured balance due for medical services.** | | | | 3,125.00 |
| Account No.<br><br>Kerry Wilkes<br>13565 Maple Street<br>Eagle, MI 48822 | | - | | | 4/05<br>**Uninsured balance due for medical services.** | | | | 65.00 |
| Account No.<br><br>Kurt Gavenda<br>3373 E. Wilson<br>Ashley, MI 48806 | | - | | | 3/05<br>**Uninsured balance due for dental services.** | | | | 344.00 |
| Account No.<br><br>Maggi Washington<br>5651 South MLK Blvd.<br>Lansing, MI 48911 | | - | | | 4/05<br>**Uninsured balance due for medical services.** | | | | Unknown |
| Account No.<br><br>Melani Hall<br>4629 Whittum Rd.<br>Eaton Rapids, MI 48827 | | - | | | **Uninsured balance due for medical services.** | | | | 0.00 |

Sheet no. __5__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)       3,534.00

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re   **LaborSource 2000, Inc.**                                                                   Case No. _____
                                                        Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Ohio Dept. of Job/Family Services**<br>**P.O. Box 182404**<br>**Columbus, OH 43216** | - | | **2005**<br>**Claim for employee child support withholding** | | | X | 0.00 |
| Account No.<br><br>**PHP**<br>**Dept. 25001**<br>**P.O. Box 67000**<br>**Detroit, MI 48267-0250** | - | | **2002-2005**<br>**Health Insurance for Delphi employees.** | | | | 120,801.00 |
| Account No.<br><br>**Radio Advertising, Inc.**<br>**3312 West Peterson Ave.**<br>**Chicago, IL 60659** | - | | **2004**<br>**Advertising** | | | | 1,538.00 |
| Account No.<br><br>**Rebecca P. Capetillo**<br>**520 Denver St.**<br>**Lansing, MI 48910** | - | | **11/04**<br>**Uninsured balance due for medical services.** | | | | 711.00 |
| Account No.<br><br>**Richard Hillard, Jr.**<br>**103 Krebs Ct.**<br>**Charlotte, MI 48813** | - | | **Uninsured balance due for medical services.** | | | | 9,895.00 |

Sheet no. __6__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)   **132,945.00**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re   **LaborSource 2000, Inc.**                                                    Case No. _____

_____,
                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Rodney Churchill** <br> **7711 Tupper Lake Road** <br> **Sunfield, MI 48890** | - | | **1/05** <br> **Uninsured balance due for dental services.** | | | | 1,429.00 |
| Account No. <br><br> **Samantha K. Jonckheere** <br> **1536 Holbrook** <br> **Holt, MI 48842** | - | | **5/05** <br> **Uninsured balance due for medical services.** | | | | 54.00 |
| Account No. <br><br> **Stacey Ann Ault** <br> **781 E. Frederick Ave.** <br> **Lansing, MI 48906** | - | | **4/05** <br> **Uninsured balance due for medical services.** | | | | 2,350.00 |
| Account No. <br><br> **Susan Collette** <br> **410 S. Clemens** <br> **Lansing, MI 48912** | - | | **3/05** <br> **Uninsured balance due for dental services.** | | | | 190.00 |
| Account No. <br><br> **Trinh D. Phan** <br> **3004 Gibson St.** <br> **Lansing, MI 48911** | - | | **5/05** <br> **Uninsured balance due for medical services.** | | | | 1,612.00 |

Sheet no. __7__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    5,635.00

Form B6F - Cont.
(10/05)

In re   **LaborSource 2000, Inc.**                                   ,      Case No. _____

_____
Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>Tyaurice Sinclair<br>2616 Red Rd.<br>Lansing, MI 48911 | | - | | **12/04**<br>**Uninsured balance due for medical services.** | | | | 1,384.00 |
| Account No.<br><br>United Health Group<br>c/o Butzel Long<br>150 W. Jefferson<br>Detroit, MI 48226 | | - | | **2002-2005**<br>**Health Insurance for Delphi employees.** | | | | 12,134.00 |
| Account No.<br><br>UNUM Providence Life Ins.<br>P.O. Box 9500<br>Portland, ME 04104 | | - | | **2002-2005**<br>**Health Insurance for Delphi employees.** | | | | 20,000.00 |
| Account No.<br><br>Weyco Benefit Group<br>P.O. Box 30132<br>Lansing, MI 48909 | | - | | **2002-2005**<br>**Health Insurance for Delphi employees.** | | | | 160,000.00 |
| Account No.<br><br>William Parish<br>7471 Tupperlake Rd.<br>Sunfield, MI 48890 | | - | | **Uninsured balance due for medical services.** | | | | 523.00 |

Sheet no. __8__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                194,041.00

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re   **LaborSource 2000, Inc.**                                    , Case No. _____
                            Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Yarmila Castellanos**<br>**1118 W. Willow St.**<br>**Lansing, MI 48915** | - | | **5/05**<br>**Uninsured balance due for medical services.** | | | | **Unknown** |
| Account No.<br><br>**Zelda Ragland**<br>**501 S. Butler Blvd., #8**<br>**Lansing, MI 48915** | - | | **5/05**<br>**Uninsured balance due for dental services.** | | | | **Unknown** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __9__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)   **0.00**

Total (Report on Summary of Schedules)   **507,587.14**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037      Best Case Bankruptcy

Form B6G
(10/05)

In re    **LaborSource 2000, Inc.**                                          Case No. _____
                                                                              ,
                                                    Debtor

## SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
|---|---|
| **Bridge Limited Investments 33 Ltd Ptrshp**<br>**21520 Bridge St.**<br>**Southfield, MI 48034** | **48 mo. lease of business premises beginning**<br>**10/2004** |

___**0**___   continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

Form B6H
(10/05)

In re    **LaborSource 2000, Inc.**                                                            Case No. _____
                                                                    ,
                                        Debtor

## SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **Comerica Commercial  Lending**<br>**P.O. Box 041618**<br>**Detroit, MI 48264** |

  **0**    continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Official Form 6-Decl.
(10/05)

# United States Bankruptcy Court
## Eastern District of Michigan

In re  **LaborSource 2000, Inc.**  _____     Case No.  _____

                                    Debtor(s)                   Chapter   **7**  _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Vice President, COO of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**20**__ sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **April 19, 2006** _____     Signature  **/s/ Robert A. Sharpley** _____
                                                         **Robert A. Sharpley**
                                                         **Vice President, COO**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§  152 and 3571.

Official Form 7
(10/05)

# United States Bankruptcy Court
### Eastern District of Michigan

In re  **LaborSource 2000, Inc.**                                              Case No. _____
                                    Debtor(s)                    Chapter        **7**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$8,686,369.64** | **2004 gross income** |
| **$3,370,007.15** | **2005 gross income** |
| **$0.00** | **2006 YTD - no income** |

**2. Income other than from employment or operation of business**

None
■
State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

2

### 3. Payments to creditors

None ■

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **State of Michigan, Dept. of Labor Economic Growth, Unemployment Insurance Agency v. Labor Source 2000, Inc. Case No. 05-070044-CZ** | **Action for taxes** | **Oakland County Circuit Court 1200 N. Telegraph Rd., Dept. 404 Pontiac, MI 48341-0404** | **Pending** |
| **Labor Source 2000 Inc. v. Delphi Automotive Systems, Inc., Case No. 05-068952-CZ** | **Contract and Tort** | **Oakland County Circuit Court 1200 N. Telegraph Rd., Dept. 404 Pontiac, MI 48341-0404** | **Stayed due to Delphi bankruptcy** |
| **Debra Hook v. LaborSource 2000 Case No. 05-2310-SC** | **Collection suit** | **56A District Court 1045 Independence Blvd. Charlotte, MI 48813** | **Judgment entered** |
| **State of Michigan, Dept. of Labor Economic Growth, Unemployment Insurance Agency v. Labor Source 2000, Inc. Case No. 05-070044-CZ** | **Action for taxes** | **Oakland County Circuit Court 1200 N. Telegraph Rd., Dept. 404 Pontiac, MI 48341-0404** | **Pending** |
| **Melani G. Hall v. LS 2000 Case No. 05-2560-SC** | **Collection suit** | **56A District Court 1045 Independance Blvd. Charlotte, MI 48813** | **Unknown** |

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, and its Local 724 v. Labor Source 2000, a/k/a LS 2000 Integrated Outsourcing Solutions Case No. 2:05CV74231** | **Breach of Contract** | **Oakland County Circuit Court 1200 N. Telegraph Rd., Dept. 404 Pontiac, MI  48341-0404** | **Pending** |

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

4

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Law Offices of Harvey Altus, P.C.**<br>**30500 Northwestern Hwy., Ste. 500**<br>**Farmington Hills, MI 48334** | **12/22/05** | **$1,000.00** |

**10. Other transfers**

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **LaSalle Bank**<br>**Troy, MI** | **Checking Acct.**<br>**Balance transfer to existing account** | **6/2005** |

5

**12. Safe deposit boxes**

None  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year**
■  immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or
depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
■  commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None  List all property owned by another person that the debtor holds or controls.
■

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None  If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor
☐  occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate
address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 23800 W. 10 Mile Rd. Suite 232 Southfield, MI 48034 | **Labor Source 2000, Inc.** | **January, 2002 to December, 2004.** |

**16. Spouses and Former Spouses**

None  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho,
■  Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the
commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in
the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous
or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to,
statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly
owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material,
pollutant, or contaminant or similar term under an Environmental Law

6

None   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable
■   or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
■   Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which
■   the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
☐   ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Labor Source 2000** | 38-3241857 | **21472 Bridge St. Southfield, MI 48034** | **Temporary employment agency** | 1/23/2002 to 5/2005 |
| **LS2000 Integrated Outsourcing Solutions** | | **21472 Bridge St. Southfield, MI 48034** | **Temporary employment agency** | 2/10/2004 to 5/2005 |
| **People Resources International** | | **21472 Bridge St. Southfield, MI 48034** | **Temporary employment agency** | 1/22/2002 to 9/15/2002 |

None   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
■

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

7

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS
**James Palmer, III, CPA**
**21472 Bridge Street**
**Southfield, MI 48034**

DATES SERVICES RENDERED
**1/23/02 to present**

None ■ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME
**James Palmer, III, CPA**


**Robert Sharpley**

ADDRESS
**21472 Bridge Street**
**Southfield, MI 48034**

**21472 Bridge Street**
**Southfield, MI 48034**

None ■ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                          DATE ISSUED

**20. Inventories**

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY            INVENTORY SUPERVISOR            DOLLAR AMOUNT OF INVENTORY
                                                             (Specify cost, market or other basis)

None ■ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY                          NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                           RECORDS

**21 . Current Partners, Officers, Directors and Shareholders**

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS            NATURE OF INTEREST            PERCENTAGE OF INTEREST

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS
**Robert Sharpley**
**6953 Carrington Circle W**
**West Bloomfield, MI 48322**

TITLE
**Vice President & Chief**
**Operations Officer**

NATURE AND PERCENTAGE
OF STOCK OWNERSHIP
**49% Stock Ownership**

8

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Sherry Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **President** | **51% Stock Ownership** |
| **James Palmer** **21472 Bridge Street** **Southfield, MI 48034** | **Treasurer** | |

### 22 . Former partners, officers, directors and shareholders

None
■
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

None
☐
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **4/1/2005** **Salary/Personal Loan Payment** | **$3,960.15** |
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **4/1/2005** **Salary/Personal Loan Payment** | **$2,411.94** |
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **5/1/2005** **Salary/Personal Loan Payment** | **$3,960.15** |
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **5/1/05** **Salary/Personal Loan Payment** | **$3,960.15** |
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **6/24/05** **Salary/Personal Loan Payment** | **$3,960.15** |
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **6/24/05** **Salary/Personal Loan Payment** | **$2,411.94** |
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **7/29/05** **Salary/Personal Loan Payment** | **$3,960.15** |
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **8/2/05** **Salary/Personal Loan Payment** | **$2,659.96** |
| **Robert Sharpley** **6953 Carrington Circle W** **West Bloomfield, MI 48322** | **9/9/02** **Salary/Personal Loan Payment** | **$3,960.15** |

9

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **9/16/05**<br>**Salary/Personal Loan Payment** | **$2,659.96** |
| **Robert Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322** | **11/11/05**<br>**Salary/Personal Loan Payment** | **$3,669.27** |
| **Sherry Sharpley**<br>**6953 Carrington Circle W**<br>**West Bloomfield, MI 48322**<br>  **Wife** | **12/23/05**<br>**Salary** | **$3,000.00** |

### 24. Tax Consolidation Group.

None
■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

### 25. Pension Funds.

None
■   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

10

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   **April 19, 2006**                    Signature   **/s/ Robert A. Sharpley**
                                                          **Robert A. Sharpley**
                                                          **Vice President, COO**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Eastern District of Michigan

In re __LaborSource 2000, Inc.__                          Case No. _____

                              Debtor(s)         Chapter    __7__

## STATEMENT OF ATTORNEY FOR DEBTOR(S)
## PURSUANT TO F.R.BANKR.P. 2016(b)

The undersigned, pursuant to F.R.Bankr.P. 2016(b), states that:

1.    The undersigned is the attorney for the Debtor(s) in this case.

2.    The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is: [Check one]

    [ X ]    **FLAT FEE**

    A.    For legal services rendered in contemplation of and in connection with this case, exclusive of the
filing fee paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **2,201.00**

    B.    Prior to filing this statement, received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **1,000.00**

    C.    The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **1,201.00**

    [ ]    **RETAINER**

    A.    Amount of retainer received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

    B.    The undersigned shall bill against the retainer at an hourly rate of $____. [Or attach firm hourly rate schedule.]
Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

3.    $ __299.00__ of the filing fee has been paid.

4.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
[Cross out any that do not apply.]

    A.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a
petition in bankruptcy;

    B.    Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

    C.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings
thereof;

    D.    ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~

    E.    ~~Reaffirmations;~~

    F.    ~~Redemptions;~~

    G.    ~~Other:~~

5.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:
**Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or
any other adversary proceeding.**

6.    The source of payments to the undersigned was from:

    A.    __XX__    Debtor(s)' earnings, wages, compensation for services performed

    B.    _____    Other (describe, including the identity of payor) _____

7.    The undersigned has not shared or agreed to share, with any other person, other than with members of the undersigned's law
firm or corporation, any compensation paid or to be paid except as follows:

Dated:  **April 19, 2006**                    /s/ Harvey Altus
                                                       Attorney for the Debtor(s)
                                                       **Harvey Altus P-30846**
Agreed:  **/s/ Robert A. Sharpley**                    **Law Offices of Harvey Altus, P.C.**
              Debtor **Robert A. Sharpley**            **30500 Northwestern Hwy., Ste. 500**
                                                       **Farmington Hills, MI 48334**
                                                       **(248) 626-7211**

              Joint Debtor (if any)

**United States Bankruptcy Court**
**Eastern District of Michigan**

In re   **LaborSource 2000, Inc.**                                      Case No. _____

                                              Debtor(s)               Chapter    **7** _____

# VERIFICATION OF CREDITOR MATRIX

I, the Vice President, COO of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **April 19, 2006**                          **/s/ Robert A. Sharpley**
                                                     **Robert A. Sharpley/Vice President, COO**
                                                     Signer/Title

Software Copyright (c) 1996-2001 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

56A District Court
1045 Independence Blvd.
Charlotte, MI 48813

American Arbitration Association
American Center Building
Suite 1150
Southfield, MI 48034

Amerisure
P.O. Box 78000
Detroit, MI 48278-0119

Bridge Limited Investments 33 Ltd Ptrshp
21520 Bridge St.
Southfield, MI 48034

Bridge Limited Investments, #33
21520 Bridge Street
Southfield, MI 48034

Bridge Ltd Investments 33 Ltd Pntrshp
21520 Bridge St.
Southfield, MI 48034

Brittany Broadery
1807 Teel Ave.
Lansing, MI 48910

Bryon Wells
213 Cranmer
Charlotte, MI 48813

Cameron S. Sebrell
626 Foote
Charlotte, MI 48813

Carolyn D. Evans
11900 Jarvis St.
Hubbardston, MI 48845

Cassandra M. Johnson
2719 Harwick Dr.
Lansing, MI 48917

Charnel McKinney
4330 Keller Rd. #71
Lansing, MI 48912

Comerica Commercial  Lending
P.O. Box 041618
Detroit, MI 48264

Concentra Health Services
26185 Greenfield Rd.
Southfield, MI 48075

Daniel S. Distel
334 E. Jefferson St.
Pewamo, MI 48873

Darnell Wills
4215 Glenwood, Apt. 5
Lansing, MI 48910

Dawn Parish
7471 Tupperlake Rd.
Sunfield, MI 48890

Debra Hook
626 Foote St.
Charlotte, MI 48813

Denise Disbrow
1617 Mary Ave.
Lansing, MI 48910

Department of Treasury
Internal Revenue Service
Cincinnati, OH 45999-0039

Felix Morris
101 W. Graham
Lansing, MI 48910

Fernandez Amed
1118 W. Willow St.
Lansing, MI 48915

Hung V Le
3004 Gibson
Lansing, MI 48911


Indira Becerra
320 Richard Ave.
Lansing, MI 48917


International Union, United Automobile,
c/o Georgi-Ann Bargamian, attorney
8000 East Jefferson Ave.
Detroit, MI 48214


James V. Smith
7471 Tupperlake Rd.
Sunfield, MI 48890


John Kalchik
1038 Dill Rd.
Dewitt, MI 48820


Kenneth J. Thomas
13574 Maple St.
P.O. Box 143
Eagle, MI 48822


Kerry Wilkes
13565 Maple Street
Eagle, MI 48822


Kurt Gavenda
3373 E. Wilson
Ashley, MI 48806


Maggi Washington
5651 South MLK Blvd.
Lansing, MI 48911


Melani Hall
4629 Whittum Rd.
Eaton Rapids, MI 48827

Mich Dept Labor, Unemployment Insur Agen
c/o Martin J. Vittands
Assistant Attorney General
3030 W. Grand Blvd., Suite 9-600
Detroit, MI 48202

Michigan Department of Treasury
Collection Division
P.O. Box 77437
Detroit, MI 48277

Oakland County Circuit Court
1200 N. Telegraph Rd., Dept. 404
Pontiac, MI 48341-0404

Ohio Dept. of Job/Family Services
P.O. Box 182404
Columbus, OH 43216

PHP
Dept. 25001
P.O. Box 67000
Detroit, MI 48267-0250

Radio Advertising, Inc.
3312 West Peterson Ave.
Chicago, IL 60659

Rebecca P. Capetillo
520 Denver St.
Lansing, MI 48910

Richard Hillard, Jr.
103 Krebs Ct.
Charlotte, MI 48813

Robert Sharpley
6953 Carrington Circle W
West Bloomfield, MI 48322

Rodney Churchill
7711 Tupper Lake Road
Sunfield, MI 48890

Samantha K. Jonckheere
1536 Holbrook
Holt, MI 48842

Stacey Ann Ault
781 E. Frederick Ave.
Lansing, MI 48906

Susan Collette
410 S. Clemens
Lansing, MI 48912

Trinh D. Phan
3004 Gibson St.
Lansing, MI 48911

Tyaurice Sinclair
2616 Red Rd.
Lansing, MI 48911

U.S. District Court
231 W. Lafayette Blvd.
Detroit, MI 48226

United Health Group
c/o Butzel Long
150 W. Jefferson
Detroit, MI 48226

UNUM Providence Life Ins.
P.O. Box 9500
Portland, ME 04104

Weyco Benefit Group
P.O. Box 30132
Lansing, MI 48909

William Parish
7471 Tupperlake Rd.
Sunfield, MI 48890

Yarmila Castellanos
1118 W. Willow St.
Lansing, MI 48915

Zelda Ragland
501 S. Butler Blvd., #8
Lansing, MI 48915

# United States Bankruptcy Court
## Eastern District of Michigan

In re __LaborSource 2000, Inc.__                  Case No. _____

Debtor(s)       Chapter   __7__ _____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __LaborSource 2000, Inc.__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

__April 19, 2006_____

Date

/s/ Harvey Altus_____

Harvey Altus P-30846

Signature of Attorney or Litigant
Counsel for  __LaborSource 2000, Inc._____

Law Offices of Harvey Altus, P.C.

30500 Northwestern Hwy., Ste. 500
Farmington Hills, MI 48334
(248) 626-7211 Fax:(248) 851-9421

Revised June 24, 1999

## DELPHI AUTOMOTIVE SYSTEMS

## GENERAL TERMS AND CONDITIONS

*Delphi Automotive Systems seeks to exceed its customers' expectations. Delphi's suppliers are integral to achieving this objective, and Delphi hopes that its suppliers will recognize Delphi as their preferred customer. Delphi will establish high performance expectations for itself and its suppliers, measure performance and reward superior performance.*

### 1. ACCEPTANCE

Seller acknowledges and agrees that these General Terms and Conditions are incorporated in, and a part of, this contract and each purchase order, release, requisition, work order, shipping instruction, specification and other document, whether expressed in written form or by electronic data interchange, relating to the goods and/or services to be provided by Seller pursuant to this contract (such documents are collectively referred to as this "Contract"). Seller acknowledges and agrees that it has read and understands these General Terms and Conditions. If Seller accepts this Contract in writing or commences any of the work or services which are the subject of this Contract, Seller will be deemed to have accepted this Contract and these General Terms and Conditions in their entirety without modification. Any additions to, changes in, modifications of, or revisions of this Contract (including these General Terms and Conditions) which Seller proposes will be deemed to be rejected by Buyer except to the extent that Buyer expressly agrees to accept any such proposals in writing.

### 2. SHIPPING AND BILLING

2.1 Shipping. Seller will (a) properly pack, mark and, ship goods as instructed by Buyer or any carriers and in accordance with any applicable laws or regulations, (b) route shipments as Buyer instructs, (c) not charge for costs relating to handling, packaging, storage or transportation (including duties, taxes, fees, etc.) unless otherwise expressly stated in this Contract, (d) provide packing slips with each shipment that identify Buyer's contract and/or release number and the date of the shipment, and (e) promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs. Seller will include on bills of lading or other shipping receipts the correct classification identification of the goods shipped as Buyer or the carrier requires. The marks on each package and identification of the goods on packing slips, bills of lading and invoices must enable Buyer to easily identify the goods.

2.2 Billing. Seller will (a) accept payment based upon Buyer's Evaluated Receipt Record/Self-Billed Invoice unless Buyer requests that Seller issue and deliver an invoice and (b) accept payment by electronic funds transfer. If the payment due date is not otherwise specified in this Contract, the payment due date will be the due date established by the Multilateral Netting System (MNS-2) used by Buyer, which provides, on average, that payment will be due on the second day of the second month following the date Buyer receives the goods or services. Buyer may withhold payment for any goods or services until Buyer receives evidence, in such form and detail as Buyer requires, of the absence of any liens, encumbrances and claims on such goods or services.

2.3 Delivery Schedules. Deliveries will be made in the quantities, on the dates, and at the times specified by Buyer in this Contract or any subsequent releases or instructions Buyer issues under this Contract. Time is of

the essence with respect to all delivery schedules Buyer establishes. Buyer will not be required to pay for any goods that exceed the quantities specified in Buyer's delivery schedules or to accept goods that are delivered in advance of the delivery date specified in Buyer's delivery schedules. Seller bears the risk of loss of all goods delivered in advance of the delivery date specified in Buyer's delivery schedules. If Buyer determines that the requirements of Buyer's customers or market, economic or other conditions require changes in delivery schedules, Buyer may change the rate of scheduled shipments or direct temporary suspension of scheduled shipments without entitling Seller to a price adjustment or other modification of this Contract.

2.4  Premium Shipments. If Seller fails to have goods ready for shipment in time to meet Buyer's delivery schedules using the method of transportation originally specified by Buyer and, as a result, Buyer requires Seller to ship the goods using a premium (more expeditious) method of transportation, Seller will ship the goods as expeditiously as possible. Seller will pay, and be responsible for, the entire cost of such premium shipment, unless Buyer's actions caused Seller to fail to meet Buyer's delivery schedules, in which case Buyer will pay any costs for premium shipment.

## 3. SPECIFICATION, DESIGN AND SCOPE CHANGES

Buyer may at any time require Seller to implement changes to the specifications or design of the goods or to the scope of any services or work covered by this Contract, including work related to inspection, testing or quality control. While Buyer will endeavor to discuss any such changes with Seller as early as practical, Seller will promptly implement such changes. Buyer will equitably determine any adjustment in price or delivery schedules resulting from such changes, including Buyer's payment of reasonable costs of modifications to Seller's Equipment and Facilities (as defined in Article 16) necessary to implement such changes. In order to assist in the determination of any equitable adjustment in price or delivery schedules, Seller will, as requested, provide information to Buyer, including documentation of changes in Seller's cost of production and the time to implement such changes. In the event of any disagreement arising out of such changes, Buyer and Seller will work to resolve the disagreement in good faith, provided, however, that Seller will continue performing under this Contract, including prompt implementation of changes required by Buyer, while Buyer and Seller resolve any disagreement arising out of such changes.

## 4. QUALITY AND INSPECTION

Seller will participate in Buyer's supplier quality and development program(s) and comply with all quality requirements and procedures Buyer specifies from time to time.    Seller will permit Buyer and its representatives and consultants to (i) inspect Seller's books and records in order to monitor Seller's compliance with this Contract and Seller's financial condition and (ii) enter Seller's facilities at reasonable times to inspect such facilities and any goods, materials and property that relate to this Contract. No such inspection by Buyer will constitute acceptance by Buyer of any work-in-process or finished goods.

## 5. NON-CONFORMING GOODS

Buyer is not required to perform incoming inspections of any goods, and Seller waives any right to require Buyer to conduct any such inspections. Seller will not substitute any goods for the goods covered by this Contract unless Buyer consents in writing. If Buyer rejects any goods as non-conforming, Buyer may, at its option, (a) reduce the quantities of goods ordered under this Contract by the quantity of non-conforming goods, (b) require Seller to replace the non-conforming goods, and/or (c) exercise any other applicable rights or remedies. If Seller fails to inform Buyer in writing of the manner in which Seller desires that Buyer dispose of non-conforming goods within forty-eight (48) hours of notice of Buyer's rejection of non-conforming goods (or such shorter period as is reasonable under the circumstances), Buyer will be entitled to dispose of the non-conforming goods without liability to Seller, provided, however, that in any event Buyer may elect to

**Revised June 24, 1999**

arrange for the shipment of any non-conforming goods back to Seller at Seller's expense. Seller will bear all risk of loss with respect to all non-conforming goods and will promptly pay or reimburse all costs incurred by Buyer to return, store or dispose any non-conforming goods. Buyer's payment for any non-conforming goods will not constitute acceptance by Buyer, limit or impair Buyer's right to exercise any rights or remedies, or relieve Seller of responsibility for the non-conforming goods

## 6. FORCE MAJEURE

If Seller is unable to produce, sell or deliver any goods or services covered by this Contract, or Buyer is unable to accept delivery, buy or use any goods or services covered by this Contract, as a result of an event or occurrence beyond the reasonable control of the affected party and without such party's fault or negligence, then any delay or failure to perform under this Contract that results from such event or occurrence will be excused for so long as such event or occurrence continues, provided, however, that the affected party gives written notice of such delay (including the anticipated duration of the delay) to the other party as soon as possible after the event or occurrence (but in no event more than three (3) days thereafter). Such events and occurrences may include, by way of example and not limitation, natural disasters, fires, floods, windstorms, severe weather, explosions, riots, wars, sabotage, labor problems (including lockouts, strikes and slowdowns), equipment breakdowns and power failures. During any delay or failure to perform by Seller, Buyer may (i) purchase substitute goods from other available sources, in which case the quantities under this Contract will be reduced by the quantities of such substitute goods and Seller will reimburse Buyer for any additional costs to Buyer of obtaining the substitute goods compared to the prices set forth in this Contract and/or (ii) have Seller provide substitute goods from other available sources in quantities and at times Buyer requests and at the prices set forth in this Contract. If Seller fails to provide adequate assurances that any delay will not exceed thirty (30) days or if any delay lasts more than thirty (30) days, Buyer may terminate this Contract without liability. Before any of Seller's labor contracts expire and as soon as Seller anticipates or learns of any impending strike, labor dispute, work stoppage or other disruption at Seller's facilities that might affect the delivery of goods to Buyer, Seller will produce (and locate in an area that will not be affected by any such disruption) a finished inventory of goods in quantities sufficient to ensure the supply of goods to Buyer for at least thirty (30) days after such disruption commences.

## 7. WARRANTY

7.1 General. Seller warrants and guarantees to Buyer, its successors, assigns and customers that the goods and services covered by this Contract will (a) conform to all applicable specifications, drawings, samples, descriptions, brochures and manuals furnished by Seller or Buyer, (b) will be merchantable, (c) of good material and workmanship, (d) free from defect, and (e) are fit and sufficient for the particular purposes intended by Buyer and any customer of Buyer. If requested by Buyer, Seller will enter into a separate agreement for the administration or processing of warranty chargebacks for nonconforming goods.

7.2 Date and Time Processing. Seller warrants and guarantees to Buyer and its customers that any products (including computer hardware, software, firmware, machinery and equipment) covered by this Contract must at all times accurately process, handle, calculate, compare and sequence date and time data from, into, within and between the 20th and 21st centuries, including leap year calculations.

7.3 Warranty Period. The period for each of the foregoing warranties will be that provided by applicable law, except that if Buyer ever provides a longer warranty to its customers, such longer warranty period will apply to the goods covered by this Contract.

**Revised June 24, 1999**

## 8. INGREDIENTS AND HAZARDOUS MATERIALS

If Buyer requests, Seller will promptly furnish to Buyer, in such form and detail as Buyer directs: (a) a list of all ingredients in the goods, (b) the amount of all ingredients, and (c) information concerning any changes in or additions to the ingredients. Prior to, and together with, the shipment of the goods, Seller will furnish to Buyer and all carriers sufficient written warning and notice (including appropriate labels on the goods, containers and packing) of any hazardous material that is an ingredient or a part of any of the goods, together with all special handling instructions, safety measures and precautions as may be necessary to comply with applicable law, to inform Buyer and all carriers of any applicable legal requirements and to best allow Buyer and all carriers to prevent bodily injury or property damage in the handling, transportation, processing, use or disposal of the goods, containers and packing.

## 9. INSOLVENCY OF SELLER

Buyer may immediately terminate this Contract without liability to Seller in any of the following or any similar events: (a) insolvency or financial difficulties of Seller, (b) filing of a voluntary petition in bankruptcy by Seller, (c) filing of any involuntary petition in bankruptcy against Seller, (d) appointment of a receiver or trustee for Seller, (e) execution of an assignment for the benefit of creditors by Seller, or (f) any accommodation by Buyer, financial or otherwise, not contemplated by this Contract, that are necessary for Seller to meet its obligations under this Contract. Seller will reimburse Buyer for all costs Buyer incurs in connection with any of the foregoing whether or not this Contract is terminated, including, but not limited to, all attorney or other professional fees.

## 10. TERMINATION FOR BREACH

Buyer may terminate all or any part of this Contract, without liability to Seller at any time after execution if Seller (a) repudiates, breaches, or threatens to breach any of the terms of this Contract, including Seller's warranties, (b) fails to perform or threatens not to perform services or deliver goods in accordance with this Contract; or (c) fails to assure timely and proper completion of services or delivery of goods.

## 11. TERMINATION FOR CONVENIENCE

In addition to any other rights of Buyer to terminate this Contract, Buyer may immediately terminate all or any part of this Contract, at any time and for any reason, by notifying Seller in writing. Upon such termination, Buyer may, at its option, purchase from Seller any or all raw materials, work-in-process and finished goods inventory related to the goods under this Contract which are useable and in a merchantable condition. The purchase price for such finished goods, raw materials and work-in-process, and Seller's sole and exclusive recovery from Buyer (without regard to the legal theory which is the basis for any claim by Seller) on account of such termination, will be (a) the contract price for all goods or services that have been completed in accordance with this Contract as of termination date and delivered and accepted by Buyer and not previously paid for, plus (b) the actual costs of work-in-process and raw materials incurred by Seller in furnishing the goods or services under this Contract to the extent such costs are reasonable in amount and are properly allocable or apportionable under generally accepted accounting principles to the terminated portion of this Contract less (c) the reasonable value or cost (whichever is higher) of any goods or materials used or sold by Seller with Buyer's written consent. In no event will Buyer be required to pay for finished goods, work-in-process or raw materials which Seller fabricates or procures in amounts that exceed those Buyer authorizes in delivery releases nor will Buyer be required to pay for any goods or materials that are in Seller's standard stock or that are readily marketable. Payments made under this Article will not exceed the aggregate price for finished goods that would be produced by Seller under delivery or release schedules outstanding at the date of termination. Within sixty (60) days after the effective date of termination, Seller will submit a comprehensive

termination claim to Buyer, with sufficient supporting data to permit an audit by Buyer, and will thereafter promptly furnish any supplemental and supporting information Buyer requests.

## 12. TECHNICAL INFORMATION

12.1   Exchange of Information.   Buyer and Seller will cooperate to create, maintain, update, and share technical information about the goods, products, machinery, materials, formulations and their manufacture, use, application and control in compliance with Buyer's drafting and math data standards.   Such technical information will not be subject to any use or disclosure restrictions.   Accordingly, Seller agrees not to assert any claims against Buyer, its customers or their respective suppliers with respect to any technical information that Seller discloses in connection with this Contract.

12.2   Waiver of Claims.   Seller agrees not to assert any claim (other than a claim for patent infringement) against Buyer, Buyer's customers or their respective suppliers with respect to any technical information that Seller shall have disclosed or may hereafter disclose in connection with the goods or services covered by this Contract.

12.3   Repair and Rebuild.   Seller authorizes Buyer, its affiliates, agents and subcontractors, and Buyer's customers and their subcontractors to repair, reconstruct or rebuild the goods and products delivered under this Contract without payment of any royalty or other compensation to Seller.

12.4   Computer Programs and Written Works.   All works of authorship, including without limitation, software, computer programs, and databases (including object code, micro code, source code and data structures), and all enhancements, modifications and updates thereof and all other written work products or materials, which are created in the course of performing this Contract (separately or as part of any goods and components) are "works made for hire" and the sole property of Buyer. To the extent that such works of authorship do not qualify under applicable law as works made for hire, Seller agrees to assign and assigns to Buyer all right, title and interest in any intellectual property rights in such works of authorship.

## 13. INDEMNIFICATION

13.1   Infringement. Seller will defend, hold harmless and indemnify Buyer and its customers, and their respective successors and assigns, against any claims of infringement (including patent, trademark, copyright, moral, industrial design or other proprietary rights, or misuse or misappropriation of trade secret) and resulting damages and expenses (including, without limitation, attorney and other professional fees and disbursements) relating to the goods or services covered by this Contract, including any claims in circumstances where Seller has provided only part of the goods or services.       Seller waives any claim against Buyer that any such infringement arose out of compliance with Buyer's specifications.

13.2   Activities on Buyer's Premises.   Seller will defend, hold harmless, and indemnify Buyer from and against any liability, claims, demands, damages, costs or expenses (including, without limitation, reasonable attorney and other professional fees and disbursements) arising from or in connection with the performance of any service or work by Seller or its employees, agents, representatives and subcontractors on Buyer's or Buyer's customer's premises or the use of the property of Buyer or any customer of Buyer, except to the extent such liability arises out of the negligence or willful misconduct of Buyer or Buyer's customer.

13.3   Product Liability .  Seller will defend, hold harmless, and indemnify Buyer from and against any liability and expenses (including, without limitation, attorney and other professional fees and disbursements) arising from or in connection with any third party claims or demands to recover for personal injury or death, property damage or economic loss caused by any of the goods or services supplied by Seller (regardless of whether

such claim or demand arises under tort, negligence, contract, warranty, strict liability or other legal theories), except to the extent such injury, damage or loss results from Buyer's specifications as to design or materials or from alteration or improper repair, maintenance or installation by any party other than Seller.

## 14. COMPLIANCE WITH LAWS

Seller, and any goods or services supplied by Seller, will comply with all applicable laws, rules, regulations, orders, conventions, ordinances and standards of the country(ies) of origin and destination or that relate to the manufacture, labeling, transportation, importation, exportation, licensing, approval or certification of the goods or services, including, but not limited to, those relating to environmental matters, wages, hours and conditions of employment, subcontractor selection, discrimination, occupational health/safety and motor vehicle safety. Neither Seller nor any of its subcontractors will utilize slave, prisoner or any other form of forced or involuntary labor in the supply of goods or services under this Contract. Upon Buyer's request, Seller will certify in writing its compliance with the foregoing. Seller will defend, hold harmless and indemnify Buyer from and against any liability, claims, demands, damages or expenses (including reasonable attorney or other professional fees and disbursements) arising from or relating to Seller's noncompliance with this Article.

## 15. INSURANCE

Seller will maintain insurance coverage as required by applicable law or as reasonably requested by Buyer with carriers reasonably acceptable to Buyer. With respect to any such insurance coverage, Seller will furnish to Buyer either a certificate evidencing satisfaction of the above-mentioned insurance requirements under this Contract or certified copies of all insurance policies within ten (10) days after Buyer requests. The certificate must provide that Buyer will receive thirty (30) days prior written notice from the insurer of any termination or reduction in the amount or scope of coverage. The furnishing of certificates of insurance and purchase of insurance will not limit or release Seller from Seller's obligations or liabilities under this Contract.

## 16. SELLER'S EQUIPMENT

Seller, at its expense, will furnish, keep in good condition, and replace when necessary all of its machinery and equipment, including related tooling, jigs, dies, gauges, fixtures, molds, patterns, fixtures and other accessories, required for the production of the products covered by this Contract ("Seller's Equipment"). Seller will insure Seller's Equipment with fire and extended coverage insurance for its full replacement value. Seller grants Buyer an irrevocable option to take possession of, and title to, all or part of Seller's Equipment that is specially designed or outfitted for the production of the goods covered by this Contract upon payment to Seller of the net book value of such Seller's Equipment less any amounts that Buyer has previously paid to Seller for the cost of such Seller's Equipment. This option will not apply to the extent that Seller's Equipment is used to produce goods that are the standard stock of Seller or if a substantial quantity of like goods are being sold by Seller to others. Buyer's right to exercise this option is not conditioned on Seller's breach or Buyer's termination of this Contract or upon payment of any other amounts due under this Contract.

## 17. BUYER'S PROPERTY

17.1 Bailment of Property. All supplies, materials, tooling, jigs, dies, gauges, fixtures, molds, patterns, equipment and other items Buyer furnishes, either directly or indirectly, to Seller, or for which Buyer gives consideration to Seller in whole or in part ("Buyer's Property"), will be and remain the property of Buyer and be held by Seller on a bailment basis. To the extent that this Contract provides that Buyer will reimburse Seller for any specific items of Buyer's Property (such as tooling), Seller will purchase and pay for such Buyer's Property as agent of Buyer. To the extent that this Contract provides that Seller will obtain any specific items of Buyer's Property (such as tooling) without separate or additional payment or reimbursement by Seller,

**Revised June 24, 1999**

Seller acknowledges and agrees that Buyer's issuance of this Contract is good and sufficient consideration for such Buyer's Property and that title to such Buyer's Property shall vest immediately in Buyer and be held by Seller pursuant to this Article. Seller shall assign to Buyer any contract rights or claims in which Seller has an interest with respect to Buyer's Property. Seller shall also execute (i) any bills of sale or other documents of conveyance Buyer requests to evidence the transfer to Buyer of title to any Buyer's Property, related contract rights and claims and (ii) any financing statements or other documents Buyer requests to evidence Buyer's ownership of Buyer's Property. Title to all replacement parts, additions, improvements and accessories purchased by Seller will vest in Buyer immediately upon attachment to or incorporation into Buyer's Property. Seller will not sell, lend, rent, encumber, pledge, lease, transfer or otherwise dispose of Buyer's Property. Furthermore, Seller will not assert, or permit any person claiming an interest through Seller to assert any claims of ownership to or any other interest in Buyer's Property. When permitted by law, Seller waives any lien or other rights that Seller might otherwise have on or in any of Buyer's Property for work performed on such property or otherwise. Goods manufactured based on Buyer's drawings and/or specifications may not be used for Seller's own use or sold to third parties without Buyer's express written authorization.

17.2 Seller's Duties with Respect to Buyer's Property. While Buyer's Property is in Seller's possession and until Seller delivers Buyer's Property back to Buyer, Seller bears the risk of loss and damage to Buyer's Property. Seller will be responsible for the cost of repairing or replacing Buyer's Property if it is damaged or destroyed regardless of cause or fault. Seller will at all times: (a) regularly inspect, maintain in good condition, and repair Buyer's Property at Seller's own expense, (b) use Buyer's Property only for the performance of this Contract, (c) deem Buyer's Property to be personal property, (d) conspicuously mark Buyer's Property as the property of Buyer and maintain such markings, (e) not commingle Buyer's Property with the property of Seller or with that of a third person, (f) not move Buyer's Property from Seller's premises without Buyer's written approval, and (g) use Buyer's Property in compliance with Buyer's or the manufacturer's instructions and in compliance with all federal, state and local laws, ordinances and regulations. Buyer will have the right to enter Seller's premises at all reasonable times to inspect Buyer's Property and Seller's records with respect thereto.

17.3 Return of Buyer's Property. Seller agrees that Buyer has the right, at any time and from time to time, with or without reason and without payment of any kind, to retake possession of or request the return of Buyer's Property. Without further notice or court hearings, which rights, if any, are hereby waived, Buyer or its designee(s) will have the right to enter Seller's premises and take possession of any and all of Buyer's Property. Upon Buyer's request and in accordance with Buyer's instructions, Buyer's Property will be immediately released to Buyer or delivered to Buyer by Seller, either (i) Ex Works (Incoterms 1990) at Seller's plant properly packed and marked in accordance with the requirements of the carrier selected by Buyer to transport such Buyer's Property or (ii) to any location Buyer designates, in which event Buyer will pay Seller the reasonable costs of delivering Buyer's Property to the location Buyer designates. If Seller does not release and deliver any Buyer's Property in accordance with this Article, Buyer may obtain an immediate writ of possession without notice and without the posting of any bond and/or enter Seller's premises, with or without legal process, and take immediate possession of Buyer's Property.

17.4 Disclaimer of Warranties. Seller acknowledges and agrees that (i) Buyer is not the manufacturer of Buyer's Property nor the manufacturer's agent nor a dealer therein, (ii) Buyer is bailing Buyer's Property to Seller for Seller's benefit, (iii) Seller is satisfied that Buyer's Property is suitable and fit for its purposes, and (iv) BUYER HAS NOT MADE AND DOES NOT MAKE ANY WARRANTY OR REPRESENTATION WHATSOEVER, EITHER EXPRESS OR IMPLIED, AS TO THE FITNESS, CONDITION, MERCHANTABILITY, DESIGN OR OPERATION OF BUYER'S PROPERTY OR ITS FITNESS FOR ANY PARTICULAR PURPOSE. Buyer will not be liable to Seller for any loss, damage, injury or expense of any kind or nature caused, directly or indirectly, by Buyer's Property, including, without limitation, the use or maintenance thereof, or the repair, service or adjustment thereof, or by any interruption of service or for any

loss of business whatsoever or howsoever caused, including, without limitation, any loss of anticipatory damages, profits or any other indirect, special or consequential damages.

17.5 Development, Engineering And Consulting Services. Engineering, consulting or development services ("Development Services") funded under this Contract that result in any idea, invention, concept, discovery, work of authorship, patent, copyright, trademark, trade secret, know-how or other intellectual property ("IP") shall be the sole property of Buyer. Seller agrees to assign all right, title and interest in and to IP that results from Development Services ("Developed IP") to Buyer. Seller shall notify Buyer of the existence of Developed IP and assist Buyer in every reasonable way to perfect its right, title and interest in Developed IP, such as by executing and delivering all additional documents reasonably requested by Buyer in order to perfect, register, and/or enforce the same, and Buyer shall reimburse Seller for reasonable costs incurred by Seller in providing such assistance.

## 18. SERVICE AND REPLACEMENT PARTS

During the term of this Contract, Seller will sell to Buyer goods necessary to fulfill Buyer's service and replacement parts requirements to Buyer's customers at the then current production price(s) under this Contract. If the goods are systems or modules, Seller will sell the components or parts that comprise the system or module at price(s) that will not, in the aggregate, exceed the price of the system or module less assembly costs. If this Contract is in effect at the end of the vehicle production program into which the goods covered by the Contract are incorporated, Seller will also sell goods to Buyer to fulfill Buyer's and its customers' service and replacement parts requirements during the fifteen (15) year period following the end of such vehicle production program (the "Post-Production Period"), and this Contract will automatically remain in effect during the entire Post-Production Period. During the first three (3) years of the Post-Production Period, the price(s) for such goods will be the production price(s) which were in effect at the commencement of the Post-Production Period. For the remainder of the Post-Production Period, the price(s) for such service goods will be as reasonably agreed to by the parties. If requested by Buyer, Seller will also make service literature and other materials available at no additional charge to support Buyer's service activities.

## 19. REMEDIES

The rights and remedies reserved to Buyer in this Contract are cumulative with, and in addition to, all other or further remedies provided in law or equity.

## 20. CUSTOMS AND EXPORT CONTROLS

Credits or benefits resulting or arising from this Contract, including trade credits, export credits or the refund of duties, taxes or fees, belong to Buyer. Seller will provide all information necessary (including written documentation and electronic transaction records) to permit Buyer to receive these benefits or credits, and to fulfill any customs related obligations, origin marking or labeling requirements and local content origin requirements. Seller will obtain all export licenses or authorizations necessary for the export of the goods unless otherwise indicated in this Contract, in which event Seller will provide all information as may be necessary to enable Buyer to obtain such licensees or authorization(s). Seller will make all arrangements that are necessary for the goods to be covered by any duty deferral or free trade zone program(s) of the country of import.

## 21. SETOFF AND RECOVERY

With respect to any monetary obligations of Seller or Seller's affiliates to Buyer or Buyer's affiliates, Buyer may (i) setoff such obligations against any sums owing to Seller or Seller's affiliates and/or (ii) recoup such obligations from any amounts paid to Seller or Seller's affiliates by Buyer or Buyer's affiliates.

## 22. NO ADVERTISING

Seller will not, in any manner, advertise or publish that Seller has contracted to furnish Buyer the goods or services covered by this Contract or use any trademarks or trade names of Buyer in Seller's advertising or promotional materials unless Buyer consents in writing.

## 23. NO IMPLIED WAIVER

The failure of either party at any time to require performance by the other party of any provision of this Contract will not affect the right to require such performance at any later time, nor will the waiver by either party of a breach of any provision of this Contract constitute a waiver of any succeeding breach of the same or any other provision. No course of dealing or course of performance may be used to evidence a waiver or limitation of Seller's obligations under this Contract.

## 24. ASSIGNMENT

Buyer may assign its rights and obligations under this Contract without Seller's prior written consent. Seller may not assign or delegate its rights or obligations under this Contract without Buyer's prior written consent.

## 25. RELATIONSHIP OF PARTIES

Seller and Buyer are independent contracting parties. Nothing in this Contract makes either party the agent or legal representative of the other for any purpose whatsoever, nor grants either party any authority to assume or create any obligation on behalf of or in the name of the other party.

## 26. GOVERNING LAW AND JURISDICTION

This Contract is to be construed according to the laws of the country (and state or province, if applicable) from which this Contract is issued as shown by the address of Buyer, excluding the provisions of the United Nations Convention on Contracts for the International Sale of Goods and any choice of law provisions that require application of any other law. Any action or proceedings by Buyer against Seller may be brought by Buyer in any court(s) having jurisdiction over Seller or, at Buyer's option, in the court(s) having jurisdiction over Buyer's location, in which event Seller consents to jurisdiction and service of process in accordance with applicable procedures. Any actions or proceedings by Seller against Buyer may be brought by Seller only in the court(s) having jurisdiction over the location of Buyer from which this Contract is issued.

## 27. SEVERABILITY

If any provision of this Contract is invalid or unenforceable under any statute, regulation, ordinance, executive order or other rule of law, such provision will be deemed reformed or deleted, as the case may be, but only to the extent necessary to comply with such statute, regulation, ordinance, order or rule, and the remaining provisions of this Contract will remain in full force and effect.

## 28. RIGHT TO AUDIT AND INSPECT

Buyer, at its expense, has the right to audit and review all relevant books, records, payroll data, receipts and other documents, including Seller's administrative and accounting policies, guidelines, practices and procedures, in order to substantiate any charges and other matters under this Contract. Seller will maintain and preserve all such documents for a period of four (4) years following final payment under this Contract. In addition, Buyer has the right to inspect all inventories, work-in-process, materials, machinery, equipment, tooling, fixtures, gauges, and other items related to Seller's performance of this Contract. Seller will provide Buyer with reasonable access to its facilities and otherwise cooperate and facilitate any such audits or inspections by Buyer.

## 29. ENTIRE AGREEMENT

This Contract, together with the attachments, exhibits, supplements or other terms of Buyer specifically referenced in this Contract, constitutes the entire agreement between Seller and Buyer with respect to the matters contained in this Contract and supersedes all prior oral or written representations and agreements. This Contract may only be modified by a written contract amendment issued by Buyer. Notwithstanding anything to the contrary contained herein, Buyer explicitly reserves, and this Contract will not constitute a waiver or release of, any rights and claims against Seller arising out of, or relating to, any fraud or duress in connection with the formation of this Contract or any breach or anticipatory breach of any previously existing contract between Buyer and Seller (whether or not such previously existing contract related to the same or similar goods or subject matter as this Contract). All payments by Buyer to Seller under this Contract are without prejudice to Buyer's claims, rights, or remedies.

**Hearing Date and Time: March 1, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                                        :
           In re                            :     Chapter 11
                                             :
DELPHI CORPORATION, et al.,        :     Case No. 05-44481 (RDD)
                                             :
                                             :     (Jointly Administered)
                    Debtors.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

<u>CERTIFICATE OF COUNSEL</u>

      I, Karen Craft, certify that the Delphi Automotive Systems General Terms and

Conditions, revised June 24, 1999, attached as <u>Exhibit C</u> to the  Supplemental Reply With

Respect To Proof Of Claim Number 2707 (LaborSource 2000, Inc.), is, to the best of my

knowledge, a true and accurate copy of such document.

Dated: January 31, 2007

/s/ Karen Craft
Karen Craft

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)


Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
                                        :
          In re                         :      Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :      Case No. 05–44481 (RDD)
                                        :
                 Debtors.               :      (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF JAY HUDSON IN SUPPORT OF DEBTORS' SUPPLEMENTAL
REPLY WITH RESPECT TO PROOF OF CLAIM 2707 (LABORSOURCE 2000, INC.)

("JAY HUDSON – LABORSOURCE 2000, INC.")

Jay Hudson declares as follows:

1.     Delphi Corporation and certain of its subsidiaries and affiliates are debtors
and debtors-in-possession in these chapter 11 cases.  I submit this declaration in support of the
Debtors' Supplemental Reply With Respect To Proof Of Claim 2707 (LaborSource 2000, Inc.)
(the "Supplemental Reply").  Capitalized terms not otherwise defined in this declaration have the
meanings ascribed to them in the Supplemental Reply.

2.     Since May 2006, I have been a manager of cash management at Delphi
Automotive Systems LLC (which, with certain of its subsidiaries and affiliates, the debtors and
debtors-in-possession in the above-captioned cases, are referred to collectively and variously
herein as "Delphi" or the "Debtors").  From October 2004 until May 2006, I was the manager of
troubled suppliers at Delphi.  As manager of troubled suppliers, I was involved with, and have
personal knowledge of, Delphi's relationship with LaborSource 2000, Inc. ("LaborSource") with
respect to the certain project (the "Project") to produce automotive cockpits for General Motors
Corporation ("GM").  My role in the troubled suppliers department generally entails determining
whether it makes sense from a financial perspective for Delphi to assist a financially struggling
supplier, even though Delphi is under no legal obligation to provide such assistance.

3.     Except as otherwise indicated, all facts set forth in this declaration are
based upon my personal knowledge, my review of relevant documents, my opinion, and my ex-
perience with and knowledge of Delphi's relationship with LaborSource.  If I were called upon to
testify, I could and would testify to the facts set forth herein.

4.     In October 2004, I began participating in direct discussions with, among
others, LaborSource Vice President and Chief Operating Officer Robert Sharpley regarding La-
borSource's financial condition, projections, and actual costs calculations.  The discussions oc-

2

curred regularly from October 2005 through December 2005. During these discussions, Mr. Sharpley often relayed to me and others at Delphi his projections regarding LaborSource's financial condition, including his estimates regarding LaborSource's costs and revenues with respect to the Project. Mr. Sharpley had requested that Delphi provide financial support to LaborSource. Although it is my understanding that Delphi was under no obligation to provide such support, I evaluated whether it made sense for Delphi to assist LaborSource while it was struggling with costs associated with the Project. I participated in these discussions until early 2005.

5.      During my discussions with Mr. Sharpley between late 2004 and early 2005, I do not recall ever hearing Mr. Sharpley or anyone at Delphi say that Delphi was obligated to pay the costs associated with LaborSource's down time. Although I helped evaluate Mr. Sharpley's requests for financial accommodations, I did not make any promises or representations to Mr. Sharpley regarding financial accommodations that Delphi would provide to LaborSource. Nor to the best of my knowledge did any other Delphi representative make such a promise or representation.

6.      In addition, at no time during my involvement with LaborSource or the regular discussions with Mr. Sharpley did I, or, to the best of my knowledge, any other representative of Delphi promise or represent that LaborSource would receive additional contracts from Delphi. Also, at no time during my involvement with LaborSource or interaction with Mr. Sharpley did I ever hear Mr. Sharpley or anyone else mentioned a "job bank" idea belonging to LaborSource that Delphi used improperly. Finally, at no time during my involvement with LaborSource or interaction with Mr. Sharpley did I learn of anything regarding money received from GM that Delphi was obligated to pay LaborSource as an accommodation.

3

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the forego-

ing statements are true and correct.

Executed on January 31, 2007, in Troy, Michigan.


_____/s/ Jay Hudson_____
Jay Hudson