Scott S. McKessy (SM-5479)
Reed Smith LLP
599 Lexington Ave.
New York, N.Y. 10022

and

Sachnoff & Weaver, Ltd.
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Stephen T. Bobo (IL #6182054)
Arlene N. Gelman (IL #6225631)

*Attorneys for Siemens VDO Automotive SAS*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

------------------------------------------------------------------ x

SIEMENS VDO AUTOMOTIVE SAS'S SUPPLEMENTAL RESPONSE
TO THE DEBTOR'S FIFTH OMNIBUS CLAIMS OBJECTION

Siemens VDO Automotive SAS ("Siemens"), by and through its attorneys, hereby responds to the Debtors' Fifth Omnibus Claims Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation And (B) Claims Not Reflected On Debtors' Books And Records (the "Debtors' Fifth Omnibus Objection") as follows:

1.   As set forth in Siemens' original response to the Debtors' Fifth Omnibus Objection, Siemens timely filed claim no. 2247 in the amount of $9,309.024.84 (Siemens' Claim). A copy of Siemens' Claim is attached hereto as <u>Exhibit A</u>.

2. Siemens, located in Toulouse, France, received notice of the Debtors' Fifth Omnibus Claim Objection after the deadline for responding to such claim objection had passed.

3. Siemens' counsel contacted Delphi's counsel on January 10, 2007, promptly after receiving notice of the Debtors' Fifth Omnibus Claim Objection, and by agreement of the parties, the Debtors' Fifth Omnibus Objection as it relates to Siemens' claim was adjourned.

4. Siemens files this Supplemental Response to substantively respond to the Debtors' Fifth Omnibus Claims Objection.

5. The Debtors' Fifth Omnibus Claim Objection states, without specificity, that Siemens' Claim is not set forth in the Debtors' book and records. The Debtors have not met their burden of coming forward with sufficient evidence to rebut the validity of Siemens' Claim. See In re Reilly, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (citation omitted); In re King, 305 B.R. 152, 1625 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim.").

6. In further support of Siemens' Claim, Siemens attaches as Exhibit B the unsatisfied invoices, and corresponding purchases orders, reflecting the Debtors' purchase from Siemens of $1,545,794.84 worth of tooling and engineering services.

7. Since filing its Claim, however, Siemens received reimbursement of $209,622.00 of the Value Added Tax ("VAT") incorporated into the invoices attached as Exhibit B. Specifically, invoice numbers 92816614, 92816615, 92817124, 92818025, and 92818511 (with outstanding VAT totaling $166,031.60) are now completely satisfied. In addition, the VAT

incorporated into invoice number 92821102 (totaling $43,590.40) has also been repaid. As such, Siemens' Claim may be reduced by $209,622.00, which results in a net amount of $1,336,172.84 outstanding on the invoices and purchase orders detailed on Siemens' Claim and attached hereto as Exhibit B.

8.  In addition to the $1,336,172.84 owed on the invoices and purchase orders attached as Exhibit B, the Debtors also owe Siemens $7,712,752 of research and development ("R&D") and production costs.

9.  In April, 2000, the Debtors sent Siemens a Request For Quotation (the "RFQ") regarding the production and sale to the Debtors of certain Controlled Suspension Modules. Siemens was required to treat the RFQ as confidential and a copy of the RFQ is available to the Debtors upon request and subject to appropriate confidentiality constraints.

10.  In July, 2000, Siemens responded to the RFQ. Among the various terms was that Siemens' proposal was based on the understanding that the Debtors would award Siemens 100% of the quoted volume. In addition, Siemens expressly reserved the right to adjust its pricing if the Debtors annual volume purchases were 20% or more below the volume quoted in the RFQ. Like the RFQ, Siemens' response and other documents and information regarding the R&D portion of Siemens' claim are confidential but will be made available to the Debtors upon request and subject to appropriate confidentiality constraints.

11.  In August, 2000, the Debtors informed Siemens that it had been chosen to fulfill the Debtors' needs as requested in the RFQ and that Siemens would produce and sell to the Debtors the Controlled Suspension Modules for what became Delphi programs GMX 245, GMX 295 and GMT 800.

12.  Despite having agreed to purchase enough parts from Siemens so that Siemens could recoup its R&D and productions costs, the Debtors failed to purchase the necessary

3

quantity of parts from Siemens. The Debtors ordered only a portion of the parts under programs GMX 245 and GMX 295. In addition, and after approving and issuing a blanket purchase order for the part subject to the GMT 800 program, the Debtors failed to issue any releases for the purchase of that part and cancelled the GMT 800 program. A copy of the GMT 800 Delphi approval is attached hereto as <u>Exhibit C</u>.

13. Moreover, the Debtors failed to accept a price increase for the parts actually purchased under the GMX 245 and GMX 295 programs. Consequently, Siemens was able to amortize only a portion of its development, tooling, and other direct and indirect costs on these programs, and it was deprived of the expected profit. Siemens has been damaged in the amount of $7,712,752. Attached as <u>Exhibit D</u> is a breakdown of the damages incurred by Siemens as a result of the Debtors' failure to purchase parts under the GMX 245, GMX 295, and GMT 800 programs.

14. Hence, the adjusted amount of Siemens' Claim totals $9,048,924.84.

15. The Debtors may reply to Siemens' counsel, as detailed below, who are located at an address different from the address listed on Siemens' Claim.

Dated: February 5, 2007

Respectfully submitted,

REED SMITH LP

By: _____
Scott S. McKessy (SM-5479)
599 Lexington Ave.
New York, N.Y. 10022
212-521-5400
Attorneys for Siemens VDO Automotive SAS

4