Charles E. Boulbol (CB-1049)
Charles E. Boulbol, P.C.
26 Broadway, 17th Floor
New York, New York 10004
(212) 825-9457
Attorneys for Russell Reynolds Associates, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

|  |  |
|---|---|
|  | Hearing Date and Time: |
| In re: | February 15, 2007 at 10:00 a.m. (EDT) |
|  |  |
| DELPHI CORPORATION, et al., | Case No. 05-B-44481 (RDD) |
|  | Jointly Administered |
| Debtors. | Chapter 11 |

-------------------------------------------------------------X

### DECLARATION OF MICHAEL J. IANNICO IN OPPOSITION TO DEBTOR'S SEVENTH OMNIBUS OBJECTIONS TO CLAIMS

MICHAEL J. IANNICO, pursuant to 28 U.S.C. § 1746, declares under the penalties of perjury as follows:

1. I am employed by Russell Reynolds Associates, Inc. ("RRA") as its Finance Collections Manager. As such, I am fully familiar with the facts and circumstances of this proceeding.

2. I submit this Declaration in Opposition to the Debtor's Seventh Omnibus Objections (the "Seventh Omnibus Objection").

3. A copy of RRA's Proof of Claim filed on July 28, 2006 in this proceeding is attached as Exhibit A (the "Proof of Claim").

4. RRA is an executive search firm that was retained by Debtor to conduct two searches to attract and qualify candidates for employment by Debtor as (i) Director of Corporate

Accounting ("Director of Corporate Accounting Search") and (ii) Vice President of Audit ("Vice President of Audit Search").

5.  The terms under which RRA agreed to conduct the Director of Corporate Accounting Search were set forth in a May 19, 2005 letter from Eric R. Rehman of RRA to Elizabeth A. Patrick of Debtor, a copy of which is attached as Exhibit A to the Proof of Claim.

6.  The May 19, 2005 letter provided that the minimum fee to be paid by Debtor to RRA for the Director of Corporate Accounting Search would be $70,000.00 plus a communications charge of $6,300.00 and out-of-pocket expenses. The minimum fee for the Director of Corporate Accounting Search would be payable in three equal monthly installments of $23,333.33. The total fee payable to RRA by Debtor for the Director of Corporate Accounting Search would be one-third of the total compensation required to attract a qualified candidate to the Director of Corporate Accounting position. See Exhibit A to the Proof of Claim.

7.  Debtor was billed for services pursuant to the Director of Corporate Accounting Search on May 29, 2005, June 29, 2005, and August 8, 2005. See Exhibit B to the Proof of Claim.

8.  The May 19, 2005 letter and invoices for the Director of Corporate Accounting Search attached to the Proof of Claim as Exhibits A and B respectively, are regularly held business documents kept in the ordinary course of RRA's business and, upon information and belief, were documents transmitted to and maintained by Debtor in the ordinary course of its business.

9.  The invoices for the Director of Corporate Accounting Search totaled $73,055.90 of which Debtor paid nothing, leaving the sum of $73,055.90 unpaid and owing to RRA.

10.     The terms under which RRA agreed to conduct the Vice President Audit Search were set forth in a July 11, 2005 letter from Eric R. Rehman of RRA to Debra Alexander of Debtor, a copy of which is attached as Exhibit C to the Proof of Claim.

11.     The July 11, 2005 letter provided that the minimum fee to be paid by Debtor to RRA for the Vice President Audit Search would be $125,000.00 plus a communications charge of $6,300.00 and out-of-pocket expenses. The minimum fee for the Vice President Audit Search would be payable in three equal monthly installments of $40,000.00. The total fee payable to RRA by Debtor for the Vice President Audit Search would be one-third of the total compensation required to attract a qualified candidate to Vice President Audit position. See Exhibit C to the Proof of Claim.

12.     Debtor was billed for services pursuant to the Vice President Audit Search on June 30, 2005, July 27, 2005 August 27, 2005, and September 27, 2005. See Exhibit D to the Proof of Claim.

13.     The July 11, 2005 letter and invoices for the Vice President Audit Search, attached to the Proof of Claim as Exhibits C and D respectively, are regularly held business documents kept in the ordinary course of RRA's business and, upon information and belief, were documents transmitted to and maintained by Debtor in the ordinary course of its business.

14.     The invoices for the Vice President Audit Search totaled $131,883.52 of which Debtor paid $127,230.76, leaving the sum of $4,652.76 unpaid and owing to RAA.

15.     RRA has no record of receiving any objections to any of the invoices it rendered to Debtor in respect of either of these executive searches.

16.     I declare under the penalty of perjury, under the laws of the United States of

America, the information contained in this Response to Debtor's Seventh Substantive Omnibus Objection to Claims is true and correct to the best of my knowledge and belief.

WHEREFORE, it is respectfully requested that this Court enter an Order denying the Seventh Omnibus Objection as to the reclassification of the claims of Russell Reynolds Associates, Inc., and granting such other and further relief as may be just and proper under the circumstances.

Dated: New York, New York
       February 5, 2007

                                        RUSSELL REYNOLDS ASSOCIATES, INC.


                                        _____/ s /_____
                                        By:    Michael J. Iannico
                                               Finance Collections Manager