**Hearing Date and Time: February 14, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (IL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
    In re                                :      Chapter 11
                                                :
DELPHI CORPORATION, et al.,       :      Case No. 05-44481 (RDD)
                                                :
                    Debtor.        :      (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO CARL ALLISON'S MOTION TO RECONSIDER
UNDER FED. R. BANKR. P. 3008

("OBJECTION TO CARL ALLISON'S MOTION TO RECONSIDER")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby object (the "Objection"), pursuant to Rule 60 of the Federal Rules Of Civil Procedure (the "Federal Rules"), made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Bankruptcy Rule 3008, to the Motion To Reconsider Under Fed. R. Bankr. P. 3008 (Docket No. 6678) (the "Motion") filed by Carl Allison ("Mr. Allison") with respect to this Court's Order Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging Certain (A) Claims With Insufficient Documentation And (B) Claims Unsubstantiated By Debtors' Books And Records, (II) Modifying Certain Claims, And (III) Adjourning Hearing On Certain Contingent And Unliquidated Claims Pursuant To 11 U.S.C. Section 502(c) Identified In Third Omnibus Claims Objection (Docket No. 6224) entered December 19, 2006 (the "Order"), disallowing and expunging Mr. Allison's Proof of Claim No. 2205 (the "Claim"). In support of this Objection, the Debtors submit the Declaration Of Noticing Agent Regarding Service Of Third Omnibus Claims Objection On Carl Allison, executed by Evan Gershbein, Consultant, of Kurtzman Carson Consultants LLC ("KCC"), the noticing agent in these chapter 11 cases, and sworn to February 7, 2007 (the "Gershbein Declaration"), a copy of which is attached hereto as <u>Exhibit A</u>. In further support of this Objection, the Debtors respectfully represent as follows:

Preliminary Statement

1.    By the Motion, Mr. Allison requests that this Court reconsider the Order with respect to the disallowance and expungement of his Claim. Mr. Allison concedes that his

2

counsel received notice of the Third Omnibus Claims Objection (as defined herein)[1] on November 9, 2006, 21 days before the November 30, 2006 hearing on the objection. Yet, he did not file a response, contact counsel before the hearing for an extension, or do anything to contest the relief sought by the Debtors.

2. Now, approximately 70 days after he admits his counsel was served with the objection, Mr. Allison asserts that he should not be bound by the order disallowing and expunging his claim because service "may" have been untimely.

3. In his Motion, Mr. Allison fails to cite any legal authority to support his request to reconsider the Order. Instead, Mr. Allison incorrectly asserts that the Debtors' notice of the Third Omnibus Claims Objection raised an insufficient objection to the Claim. This is beside the point. If Mr. Allison believed the objection was insufficient or otherwise without merit, Mr. Allison should have filed a timely response to the Third Omnibus Claims Objection. Nor does Mr. Allison's request to the Court to "balance the equities" provide a legally sufficient reason to excuse his failure to timely respond.

4. The appropriate standard to apply to Mr. Allison's request is whether he can demonstrate "excusable neglect" under Bankruptcy Rules 3008 and 9024 (which incorporates Rule 60(b) of the Federal Rules of Civil Procedure). As outlined below, Mr. Allison does not satisfy this standard. Mr. Allison does not state which – if any – of the grounds for reconsideration under Rule 60(b) apply to the Motion. He failed to provide evidence that the Debtors did not properly serve the Third Omnibus Claims Objection on him and has not pointed

---

[1] As used in this Objection, " Third Omnibus Claims Objection" means the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed.R.Bankr.P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject to Modification And (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (Docket No. 5452).

to any exceptional circumstances warranting relief under Rule 60(b). Accordingly, Mr. Allison's Motion should be denied.

Argument

A.   Mr. Allison's Failure To Timely Respond To The Debtors' Properly Served Notice Precludes Relief Under Rule 60(b)

   1.   Proper Mailing Constitutes Effective Service

      5.   In the Motion, Mr. Allison complains that the Debtors' notice of the Third Omnibus Claims Objection deprived him of timely notice. His complaint is without merit. As shown by the Gershbein Declaration, the Debtors properly mailed a copy of the Third Omnibus Claims Objection, without exhibits, and the personalized notice of the Third Omnibus Claims Objection with respect to the Claim (the "Personalized Notice") on October 31, 2006, along with a copy of the Motion for Order Pursuant to 11 U.S.C. §§ 502(b) and 502(c) and Fed.R.Bankr.P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Disallowance or Estimation of Claims and (II) Certain Notices and Procedures Governing Hearings Regarding Disallowance or Estimation of Claims (Docket No. 5453) (the "Claims Objection And Estimation Procedures Motion"). These documents were served by KCC on Carl Allison through his counsel by First Class mail at the address below, which is the address set forth on Proof Of Claim No. 3978:

> Carl Allison
> Megan E Clark Esq
> Freking & Betz
> 215 E 9th St
> Cincinnati, OH 45202

A copy of the Personalized Notice served on Mr. Allison is attached as Exhibit 1 to the Gershbein Declaration. See Gershbein Declaration at ¶ 2. On November 1, 2006, KCC filed with this Court an Affidavit Of Service with respect to KCC's service of the Third Omnibus

4

Claims Objection, the Personalized Notice, and the Claims Objections And Estimation Procedures Motion on certain parties-in-interest, including Mr. Allison (Docket No. 5465).  See Gershbein Declaration at ¶ 2.

6.    The Third Omnibus Claims Objection and the Personalized Notice identified the necessary steps and corresponding deadlines that a claimant must adhere to in filing a response.  In fact, Mr. Allison concedes that he received the notice on November 9, 2006 – 21 days before the November 30, 2006 hearing with respect to the Third Omnibus Claims Objection – and 15 days before the November 24, 2006 response deadline set for the in the Personalized Notice.  Despite having received the notice, Mr. Allison did not file a response, contact Debtors' counsel before the hearing for an extension, or do anything to contest the relief requested by the Debtors.  On December 19, 2006 the Court entered the Order, which disallowed and expunged the Claim.

7.    The Debtors satisfied the requirements of Bankruptcy Rule 3007 for providing notice of the Third Omnibus Claims Objection.  By mailing the notice of the Third Omnibus Claims Objection and the Personalized Notice to Mr. Allison 30 days prior to the hearing on the objection at the address Mr. Allison himself provided on his proof of claim, the Debtors gave Mr. Allison proper, sufficient, and timely notice of their objection to Mr. Allison's proof of claim.

B.    Mr. Allison Is Not Eligible Under Rule 60(b) For Reconsideration Of The Order Disallowing And Expunging His Claim

8.    By the Motion, Mr. Allison seeks reconsideration of the Order under Bankruptcy Rule 3008.  A court will grant a motion seeking reconsideration only upon a showing of cause.  See In re JWP Info Serv., Inc., 231 B.R. 209, 211-12 (Bankr. S.D.N.Y. 1999). In this jurisdiction, the standard of excusable neglect under Rule 60(b) of the Federal Rules of

5

Civil Procedure (made applicable through Bankruptcy Rule 9024) has been applied in determining whether to grant a claimant a rehearing of an order disallowing a claim. <u>Id.</u>.

    9.  Rule 60(b) authorizes a bankruptcy court to reconsider its previous orders in certain limited circumstances and lists six categories of reasons or grounds on which to base a motion seeking relief. Specifically, Rule 60(b) states, in relevant part, that the court may provide relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Mr. Allison does not state which – if any – of the grounds for reconsideration on which he is relying. The burden of establishing proper grounds for Rule 60(b) relief rests upon the movant. See <u>Paddington Partners v. Bouchard</u>, 34 F.3d 1132, 1142 (2d Cir. 1994). As such, the Motion is procedurally defective and Mr. Allison has failed to meet his burden of demonstrating that one of the grounds applies. "[Because Fed. R. Civ. P. 60(b)] allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances.'" <u>Id.</u> (citations omitted). Mr. Allison has not met this burden. He failed to provide any evidence to contradict the fact that he timely received the Third Omnibus Claims Objection along with the Personalized Notice but failed to file a timely response and has not pointed to any exceptional circumstances justifying the extraordinary relief he seeks.

    10.  Assuming arguendo that Mr. Allison seeks to justify his request on the basis of "excusable neglect", Mr. Allison still cannot meet his burden. The Supreme Court has outlined factors to be considered in determining whether there is excusable neglect on the part of the moving party such that reconsideration is warranted. In examining whether a creditor's failure to file a claim by the bar date constituted excusable neglect, the Supreme Court found that the factors include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer</u>

Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993).  The Second Circuit recently applied the factors set forth in Pioneer and noted that "reason for the delay" is the most important factor in the analysis.  Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 123 (2d Cir. 2005).

   11. Here, Mr. Allison did not file a response to the Third Omnibus Objection until doing so simultaneously with the Motion, nearly two months after the response deadline of November 24, 2006.  The ability to file a timely response was entirely within Mr. Allison's control.  The Third Omnibus Claims Objection made the response requirements clear when, in underlined text, it stated:

> If a Claimant whose Claim is subject to this Third Omnibus Claims Objection and who is served with this Third Omnibus Claims Objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order disallowing and expunging such Claim without further notice to the Claimant.  Thus, a failure to respond may forever bar Claimants listed on this Third Omnibus Claims Objection from sustaining a Claim against the Debtors.

Third Omnibus Claims Objection, ¶ 50 (emphasis original); see also ¶¶ 46, 47, 48, 49.

   12. The fact that Mr. Allison may not have realized what was required of him to protect his Claim against the Debtors, even after reading the underlined warning in the Third Omnibus Claims Objection, was a matter within Mr. Allison's own control and does not constitute excusable neglect.

   13. Mr. Allison was represented by counsel.  The Second Circuit has noted that it has consistently refused "to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or rules of the court, or his inability to efficiently manage his caseload."  Teltronics Services, Inc. v. L M Ericsson Telecomm., Inc. 642 F.2d 31, 36 (2d Cir. 1981) (citation omitted).  Mr. Allison has provided no evidence of extenuating circumstance that might rise to the level of

excusable neglect relating to his failure to file a response to the Third Omnibus Claims Objection. Therefore, the Motion should be denied.

C.     Granting Mr. Allison's Requested Relief Would Prejudice The Debtors By Undermining The Claims Administration Process

14.     As noted above, on October 31, 2006, KCC served Mr. Allison with a copy of the Third Omnibus Claims Objection. By receipt of the Third Omnibus Claims Objection, as evidenced by the Gershbein Declaration, Mr. Allison had notice of the response deadline with respect to claims objections. Specifically, he had notice of the consequences of a failure to timely respond to the Third Omnibus Claims Objection – that the Claims would be disallowed and expunged pursuant to an order of this Court. Granting the relief requested by Mr. Allison would excuse him from his obligation to timely respond to the Third Omnibus Claims Objection and would encourage other claimants to seek similar relief, undermining the integrity and finality of the entire claims administration process. The resulting uncertainty would greatly prejudice the Debtors, their estates, and their creditors and undermine the Debtors' efforts to formulate and prosecute a plan of reorganization. Accordingly, Mr. Allison's request should be denied.

## Conclusion

15.     Mr. Allison seeks an opportunity to file a response and revive his Claim without having satisfied any of the grounds for reconsideration of the Order pursuant to which his claim was disallowed and expunged. Relief under Rule 60(b) and Bankruptcy Rule 3008 is not available to Mr. Allison. Accordingly, the Motion should be denied.

## Memorandum Of Law

16.     Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) denying the Motion and (b) granting them such other and further relief as is just.

Dated: New York, New York
February 7, 2007

          SKADDEN, ARPS, SLATE, MEAGHER
           & FLOM LLP

By: /s/ John Wm. Butler, Jr
   John Wm. Butler, Jr. (JB 4711)
   John K. Lyons (JL 4951)
   Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and –

By: /s/ Kayalyn A. Marafioti
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession