# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
      In re                               :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                         Debtors.         :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**DECLARATION OF NOTICING AGENT REGARDING SERVICE OF THIRD
OMNIBUS CLAIMS OBJECTION ON CARL ALLISON**

I, Evan Gershbein , state as follows:

1.       I am over eighteen years of age and not a party to the above-captioned

cases.  I believe the statements contained herein are true based on my personal

knowledge.  I am a Consultant of Kurtzman Carson Consultants LLC ("KCC") and my

business address is 12910 Culver Blvd., Suite I, Los Angeles, CA 90066.  KCC was

retained as the noticing agent pursuant to the Final Order Under 28 U.S.C. § 156(c)

Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as

Claims, Noticing, and Balloting Agent for Clerk of Bankruptcy Court, entered by the

Court on December 1, 2005 (Docket No. 1374).  This declaration is based upon my

personal knowledge, except as to such matters as are stated upon information and belief.

2.       On October 31, 2006, KCC served copies of the Debtors' (I) Third

Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P.

3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated

by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion

to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) ("Third

Omnibus Claims Objection") (Docket No. 5452), without exhibits; the personalized

Notice of Objection to Claim pertaining to proof of claim no. 2205; and Motion for Order

Pursuant to 11 U.S.C. §§ 502(b) and 502(c) and Fed.R.Bankr.P. 2002(m), 3007, 7016,

7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Disallowance

or Estimation of Claims and (II) Certain Notices and Procedures Governing Hearings

Regarding Disallowance or Estimation of Claims ("Claims Objection and Estimation

Procedures Motion") (Docket No. 5453) on Carl Allison ("Allison") via First Class mail

at the address below:

> Carl Allison
> Megan E Clark Esq
> Freking & Betz
> 215 E 9th St
> Cincinnati, OH 45202

Attached hereto as Exhibit A is a copy of the personalized Notice of Objection to Claim

served on Allison.  On November 1, 2006, KCC filed with this Court an Affidavit Of

Service with respect to KCC's service of the Third Omnibus Claims Objection, the

Personalized Notice, and the Claims Objections And Estimation Procedures Motion on

certain parties-in-interest, including Allison (Docket No. 5465).

3.    The contact information used to serve the aforementioned documents on

Allison is derived from Allison's proof of claim (No. 2205).  The first page of proof of

claim No. 2205 (i.e. B10 form) is attached hereto as Exhibit B.

4.    On December 8, 2006, KCC served the Order Pursuant to 11 U.S.C.

Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014

Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain

Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures

Order") (Docket No. 6089) on Allison via First Class mail at the address below:

Carl Allison
Megan E Clark Esq
Freking & Betz
215 E 9th St
Cincinnati, OH 45202

5.      On January 4, 2007, KCC served the Order Pursuant to 11 U.S.C. Section

502(b) and Fed. R. Bankr. P. 3007 (I) Disallowing and Expunging Certain (A) Claims

with Insufficient Documentation and (B) Claims Unsubstantiated by Debtors' Books and

Records, (II) Modifying Certain Claims, and (III) Adjourning Hearing on Certain

Contingent and Unliquidated Claims Pursuant to 11 U.S.C. Section 502(c) Identified in

Third Omnibus Claims Objection ("Third Omnibus Claims Objection Order") (Docket

No. 6224), without exhibits, and the personalized Notice of Entry of Order pertaining to

Claim No. 2205 on Allison via First Class mail at the address below:

Carl Allison
Megan E Clark Esq
Freking & Betz
215 E 9th St
Cincinnati, OH 45202

6.      After a thorough review, it is my belief that KCC has never received a

request to change the contact information, especially address, associated with proof of

claim no. 2205.

7.       To the best of my knowledge, information and belief, I hereby declare

and state that the foregoing information is true and correct.

Executed on February 7, 2007, at Los Angeles, California.


 /s/ Evan Gershbein
Evan Gershbein

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
        In re                                       :        Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :        Case No. 05-44481 (RDD)
                                                    :
                        Debtors.                    :        (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>NOTICE OF OBJECTION TO CLAIM</u>

Carl Allison:

        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your claims identified in the table below should be disallowed and expunged or modified as summarized
in that table and described in more detail in the Debtors' Third Omnibus Objection to Certain Claims (the
"Third Omnibus Objection"), a copy of which is enclosed (without exhibits).  The Debtors' Third
Omnibus Objection is set for hearing on November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time)
before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New
York, One Bowling Green, Room 610, New York, New York 10004.  AS FURTHER DESCRIBED IN
THE ENCLOSED THIRD OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO
RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING
EASTERN TIME) ON NOVEMBER 24, 2006.  IF YOU DO NOT RESPOND TIMELY IN THE
MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE
ENTERED WITHOUT ANY FURTHER NOTICE TO YOU.

        The enclosed Third Omnibus Objection identifies several different categories of objections.  The
category of claim objection applicable to you is identified in the table below in the column entitled "Basis
For Objection":

        Claims identified as having a Basis For Objection of "Insufficient Documentation" are
        those Claims that did not contain sufficient documentation in support of the Claim
        asserted, making it impossible for the Debtors to meaningfully review the asserted Claim.

        Claims identified as having a Basis For Objection of "Untimely Insufficient
        Documentation" are those Claims that did not contain sufficient documentation in support
        of the Claim asserted making it impossible for the Debtors to meaningfully review the
        asserted Claim and also were not timely filed pursuant to the Order Under 11 U.S.C. §§
        107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And
        5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And

Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims that were overstated or were denominated in foreign currencies and which the Debtors seek to modify to a fully liquidated, U.S.-denominated amount in line with the Debtors' books and records and/or the liquidated amounts requested by the Claimants, as appropriate, and to appropriately classify the total amount of such remaining Claims as general unsecured claims.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
| 3/7/2006 | 2205 | $300,000.00 | Unsubstantiated Claim | Disallow and Expunge |

If you wish to view the complete exhibits to the Third Omnibus Objection, you can do so on www.delphidocket.com.  If you have any questions about this notice or the Third Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-259-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this Third Omnibus Objection, you must file a response and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006.  Your response, if any, to the Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in a foreign currency.

(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Third Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or modified for the reasons set forth in the Third Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Third Omnibus Objection; (iv) all documentation or other evidence of the claim upon which you will rely in opposing the Third Omnibus Objection to the extent not included with the proof of claim previously filed with the Bankruptcy Court; (v) to the extent that the Claim is fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; (vi) the address(es) to which the Debtors must deliver any reply to your response, if different from that presented in the proof of claim; and (vii) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the Debtors have requested that the Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding the Third Omnibus Claims Objection and any Response and set further hearings pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Objection and Estimation Procedures Motion") being filed contemporaneously with the Third Omnibus Objection. With respect to all uncontested objections, the Debtors have requested that this Court conduct a final hearing on November 30, 2006 at 10:00 a.m. or as soon thereafter as counsel may be heard. The procedures set forth in the Claims Objection and Estimation Procedures Motion will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.

TO THE EXTENT ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, IF YOU FILE A RESPONSE IN ACCORDANCE WITH THE ABOVE

PROCEDURES, PURSUANT TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION THE DEBTORS HAVE REQUESTED THE AUTHORITY TO ELECT, IN THEIR SOLE DISCRETION, TO PROVISIONALLY ACCEPT THE AMOUNT THAT YOU HAVE ASSERTED WOULD BE THE ALLOWABLE AMOUNT OF SUCH PROOF OF CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, AS THE ESTIMATED AMOUNT OF SUCH CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION AS APPROPRIATE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION.

The Bankruptcy Court will consider only those responses made as set forth herein and in accordance with the Amended Eighth Supplemental Case Management Order.  If no responses to the Third Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in the Amended Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an order sustaining the Third Omnibus Objection without further notice.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

CARL ALLISON
MEGAN E CLARK ESQ
FREKING & BETZ
215 E 9TH ST
CINCINNATI OH 45202

4

# EXHIBIT 2

| United States Bankruptcy Court Southern    District Of New York | PROOF OF CLAIM |
|---|---|

This Space For Court Use Only

| Name of Debtor<br>Delphi Harrison Thermal Systems | Case Number<br>05-44481(RDD0 |
|---|---|

Claim #02205
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Carl Allison

Name and Address where notices should be sent:

Megan E. Clark, Esq.
Freking & Betz
215 E. 9th Street
Cincinnati, OH  45202

Telephone Number: 513-721-1975

[ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[ ] Check box if you have never received any notices from the bankruptcy court in this case.

[ ] Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**
MAR 08 2006
**KURTZMAN CARSON**
This Space For Court Use Only

Last four digits of account or other number by which creditor identifies debtor:

Check here [ ] replaces
if this claim [ ] amends    a previously filed claim dated: _____

**1. Basis for Claim**
[ ] Goods sold
[ ] Services performed
[ ] Money loaned
[ ] Personal injury/wrongful death
[ ] Taxes
[X] Other Age Discrimination Litigation

[ ] Retiree benefits as defined in 11 U.S.C. § 1114(a)
[ ] Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
        (date)              (date)

**2. Date debt was incurred:**
No later than 12/31/03

**3. If court judgment, date obtained:**
Still in litigation

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ over $300,000
[X] Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Secured Claim.**
[ ] Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
[ ] Real Estate  [ ] Motor Vehicle  [ ] Other _____
Value of Collateral $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**Unsecured Priority Claim.**
[ ] Check this box if you have an unsecured claim, all or part of which is entitled to priority
Amount entitled to priority $ _____
Specify the priority of the claim:
[ ] Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
[ ] Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
[ ] Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

[ ] Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
[ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
[ ] Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ over $300,000 _____ _____ _____    over $300,000
                                                              (Unsecured)    (Secured)    (Priority)    (Total)
[X] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space For Court Use Only

Date:
2/2/06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Megan E Clark

Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment for up to ...

0544481060307000000000023