Hearing date: February 15, 2007
10:00 a.m. Eastern
Response deadline: February 8, 2006
4 p.m. Eastern

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

In Re:

    DELPHI CORPORATION, et al.,

                                Debtors.

Case No. 05-44481 (RDD)

-------------------------------------------------------------------- x

## LIMITED OBJECTIONS OF USW TO
## BREAK HOSE BUSINESS SALE MOTION

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW"), successor by merger to the United Steelworkers of America, and its Local Union No. 87L, objects to the Debtors' Motion for Orders Under 11 U.S.C. Section 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a) Approving (i) Bidding Procedures, (ii) Certain Bid Protections, (iii) Form and Manner of Sale Notices, and (iv) Sale Hearing Date and (b) Authorizing and Approving (i) Sale of Certain Brake Hose Business Free and Clear of Liens, Claims, and Encumbrances, (ii) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (iii) Assumption of Certain Liabilities (the "Brake Hose Sale Motion" or the "Motion") as follows:

1

1. The Brake Hose Sale Motion involves manufacturing worked performed in Dayton, Ohio by USW-represented employees.

2. The proposed sale is premised on the Debtors' determination that "as a standalone product line, <u>unencumbered by legacy costs</u>, the brake hose product could be a profitable and competitive business line." Brake Hose Sale Motion at para. 26 (emphasis added).

3. As the Debtors acknowledge, any sale is "subject to the Debtors' obtaining the waiver by the . . . USW . . . of any 'no-sale' clause contained in any agreement between Delphi and the USW." Brake Hose Sale Motion at para. 28(j).

4. The Debtors have not yet obtained the USW's waiver of the no-sale/no-close provision in the collective bargaining agreement. The USW restates its frustration that an attrition program for USW-represented employees has not been presented to this Court, many months after the parties' last meeting in connection with that program. Such a program would be a critical step in addressing the "legacy costs" identified in the Motion.

5. In any event, the Bidding Procedures do not alert any potential Bidder to the fact that the Debtors must obtain the USW's waiver as a condition of proceeding with any sale, and should be modified to do so.

6. In addition, the Bidding Procedures provide that only the Debtors, the Purchasers, and certain other parties may attend the Auction. Bidding Procedures at page 6, subparagraph (a). The USW should be permitted to attend the Auction, as well. The identity of each Bidder and the terms proposed by each Bidder are of critical

importance to the USW and could have tremendous impact on USW-represented employees.

Dated: February 8, 2007

>MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
>
>By:_____/s/_____
>     Lowell Peterson (LP 5405)
>
>1350 Broadway, Suite 501
>New York, New York 10018
>(212) 239 4999
>lpeterson@msek.com
>
>Attorneys for USW

83243