**Hearing Date and Time: February 14, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (IL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtor. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>DEBTORS' OBJECTION TO JAMES H. NGUYEN'S MOTION TO RECONSIDER</u>

("OBJECTION TO JAMES H. NGUYEN'S MOTION TO RECONSIDER")

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby object (the "Objection") pursuant to Rule 60(b) of the Federal Rules Of Civil Procedure, made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Bankruptcy Rule 3008, to the Motion To Reconsider (Docket No. 6707) (the "Motion") filed by James H. Nguyen ("Mr. Nguyen") with respect to this Court's Order Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging Certain (A) Claims With Insufficient Documentation And (B) Claims Unsubstantiated By Debtors' Books And Records, (II) Modifying Certain Claims, And (III) Adjourning Hearing On Certain Contingent And Unliquidated Claims Pursuant To 11 U.S.C. Section 502(c) Identified In Third Omnibus Claims Objection (Docket No. 6224) entered December 19, 2006 (the "Order"), disallowing and expunging Mr. Nguyen's proof of claim no. 3978 (the "Claim").  In support of this Objection, the Debtors submit the Declaration Of Noticing Agent Regarding Service Of Third Omnibus Claims Objection On James H. Nguyen, executed and sworn to by Evan Gershbein, consultant at Kurtzman Carson Consultants LLC ("KCC"), the noticing agent in these chapter 11 cases, on February 8, 2007 (the "Gershbein Declaration"), a copy of which is attached hereto as <u>Exhibit A</u>.  In further support of this Objection, the Debtors respectfully represent as follows:

Preliminary Statement

       1.      By the Motion, Mr. Nguyen requests that this Court reconsider the Order with respect to the disallowance and expungement of his Claim.  Although his allegations are somewhat unclear, Mr. Nguyen appears to allege either that he did not receive a personalized notice (the "Personalized Notice") with respect to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed.R.Bankr.P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject to Modification And (II) Motion to Estimate Contingent and

Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), or that he received the Third Omnibus Claims Objection and Personalized Notice, but did not understand it to be a Personalized Notice. The first of these allegations is not true, as has been confirmed by Mr. Nguyen's counsel since the Motion was filed, and the second does not constitute grounds for relief.

2.   Since filing the Motion, Mr. Nguyen's counsel has confirmed to counsel for the Debtors that Mr. Nguyen indeed received the Third Omnibus Claims Objection and the Personalized Notice on November 5, 2006. Mr. Nguyen provided the Debtors' counsel with a copy of that complete mailing, as received, which is attached hereto as Exhibit B. Even had he not confirmed that fact, Mr. Nguyen's bare assertion in the Motion that he did not receive the Personalized Notice of the Third Omnibus Claims Objection would not have overcome the presumption that he was, in fact, mailed a copy of the Third Omnibus Claims Objection and Personalized Notice by KCC, as sworn to under penalty of perjury by Evan Gershbein, a consultant at KCC. Indeed, the integrity of the service of the Third Omnibus Claims Objection is beyond question in that not a single affected claimant out of 606 total claimants, other than Mr. Nguyen, has asserted he or she did not receive a copy of the Third Omnibus Claims Objection.

3.   The fact that Mr. Nguyen or his attorney received the Third Omnibus Claims Objection, but did not understand it or did not understand what steps were necessary to prevent disallowance and expungement of his Claim does not constitute excusable neglect. Mr. Nguyen was represented by counsel, to whom the Third Omnibus Claims Objection and Personalized Notice were mailed. Moreover, the Third Omnibus Claims Objection and personalized notice were in a form approved by this Court and explained the steps required to prevent a claim from being disallowed and expunged.

3

    4.  Although Mr. Nguyen does not cite to any particular legal authority, the appropriate standard to apply to Mr. Nguyen's request is whether he can demonstrate "excusable neglect" under Bankruptcy Rules 3008 and 9024 (which incorporates Rule 60(b)). As outlined below, Mr. Nguyen does not satisfy this standard. Mr. Nguyen does not state which – if any – of the grounds for reconsideration under Rule 60(b) apply to the Motion. He failed to provide evidence that the Debtors did not properly serve the Third Omnibus Claims Objection on him and he has not pointed to any exceptional circumstances justifying his failure to file a response and warranting relief under Rule 60(b). Accordingly, Mr. Nguyen's Motion should be denied.

Argument

A. Mr. Nguyen Was Properly Served With And Received The Third Omnibus Claims Objection And Personalized Notice

    5.  On October 31, 2006, KCC, served copies of the Third Omnibus Claims Objection, without exhibits; the Personalized Notice; and the Motion for Order Pursuant to 11 U.S.C. §§ 502(b) and 502(c) and Fed.R.Bankr.P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Disallowance or Estimation of Claims and (II) Certain Notices and Procedures Governing Hearings Regarding Disallowance or Estimation of Claims (Docket No. 5453) (the "Claims Objection And Estimation Procedures Motion") on "James H. Nguyen Appeal Filed" via First Class mail at the address below, which is the address set forth on the Claim that Mr. Nguyen filed:

  James H Nguyen Appeal Filed
  Richard L Darst
  Ste 800 Keystone Plaza
  8888 Keystone Crossing Blvd
  Indianapolis, IN 46240-4636

A copy of the Personalized Notice served on Mr. Nguyen, through his attorney, is attached as Exhibit 1 to the Gershbein Declaration. See Gershbein Declaration at ¶ 2.

4

6.  When preparing the Third Omnibus Claims Objection, KCC merged claimants' contact information directly onto the Personalized Notices with respect to each claimant listed on the exhibits to the Third Omnibus Claims Objection. To effectuate service, the Third Omnibus Claims Objection, without exhibits, and the Claims Objection And Estimation Procedures Motions were collated and served with a Personalized Notice for each Claim subject to the Third Omnibus Claims Objection, and were placed in windowed envelopes which displayed the claimant's contact information. As the Personalized Notices were the only documents including claimants' address information, it would be impossible for a claimant to receive any of the above-mentioned documents unless they also received the Personalized Notice. Gershbein Declaration at ¶ 3.

7.  In the Motion, Mr. Nguyen asserts that he did not receive notice of the Third Omnibus Claims Objection. Since filing the Motion, Mr. Nguyen's counsel has confirmed to Debtors' counsel that he received the Third Omnibus Claims Objection, without exhibits, and Personalized Notice on November 5, 2006. As noted above, a copy of the complete mailing, as received by Mr. Nguyen's counsel, is attached hereto as <u>Exhibit B</u>. As shown by Mr. Nguyen's counsel's acknowledgement of receipt and by the Gershbein Declaration, the Debtors properly mailed a copy of the Third Omnibus Claims Objection, without exhibits, and the Personalized Notice of the Third Omnibus Claims Objection with respect to the Claim.

8.  Because Mr. Nguyen received the Third Omnibus Claims Objection and the Personalized Notice, he was obligated to follow the procedures referenced therein to respond to the Third Omnibus Claims Objection, or risk having his Claim disallowed and expunged. No response to the Third Omnibus Claims Objection was filed with respect to the Claim. On December 19, 2006 this Court entered the Order, which disallowed and expunged the Claim.

5

B.        Mr. Nguyen Is Not Eligible Under Rule 60(b) For Reconsideration Of The Order Disallowing And Expunging His Claim

9.        Rule 60(b) authorizes a bankruptcy court to reconsider its previous orders in certain limited circumstances and lists six categories of reasons or grounds on which to base a motion seeking relief. Specifically, Rule 60(b) states, in relevant part, that the court may provide relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Mr. Nguyen does not state which – if any – of the grounds for reconsideration he is relying upon. The burden of establishing proper grounds for Rule 60(b) relief rests upon the movant. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994). As such, the Motion is procedurally defective and Mr. Nguyen has failed to meet his burden of demonstrating that one of the grounds applies. "[Because Rule 60(b)] allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances.'" Id. (citations omitted). Mr. Nguyen has not met this burden. He failed to provide any evidence to contradict the fact that he received the Third Omnibus Claims Objection along with the Personalized Notice, and he has not pointed to any exceptional circumstances justifying the extraordinary relief he seeks.

C.        Mr. Nguyen Has Not Met His Burden Of Proof For Establishing Excusable Neglect Under Bankruptcy Rule 3008

10.        Assuming arguendo that Mr. Nguyen seeks to justify his request on the basis of "excusable neglect," Mr. Nguyen still cannot meet his burden. The Supreme Court has outlined factors to be considered in determining whether there is excusable neglect on the part of the moving party such that reconsideration is warranted. In examining whether a creditor's failure to file a claim by the bar date constituted excusable neglect, the Supreme Court found that the factors include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the

6

reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The Second Circuit recently applied the factors set forth in Pioneer and noted that "reason for the delay" is the most important factor in the analysis. Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 123 (2d Cir. 2005).

11. Here, Mr. Nguyen did not file a response to the Third Omnibus Claims Objection until doing so simultaneously with the Motion, nearly two months after the response deadline of November 24, 2006. He did not request an extension of the deadline or do anything to contest the relief sought in the Third Omnibus Claims Objection.

12. The ability to file a timely response was entirely within Mr. Nguyen's control. The Third Omnibus Claims Objection made the response requirements clear when, in underlined text, it stated:

> If a Claimant whose Claim is subject to this Third Omnibus Claims Objection and who is served with this Third Omnibus Claims Objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order disallowing and expunging such Claim without further notice to the Claimant. Thus, a failure to respond may forever bar Claimants listed on this Third Omnibus Claims Objection from sustaining a Claim against the Debtors.

Third Omnibus Claims Objection, ¶ 50 (emphasis original); see also ¶¶ 46, 47, 48, 49. Moreover, this Court subsequently approved the exact form of the Third Omnibus Claims Objection and the Personalized Notice, pursuant to paragraph 7 of the Order Pursuant to 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered by this Court on December 7, 2006 (Docket No. 6089).

13. The fact that Mr. Nguyen may not have realized what was required of him to protect his Claim against the Debtors, even after reading the underlined warning in the Third

Omnibus Claims Objection, was a matter within Mr. Nguyen's own control and does not constitute excusable neglect. Mr. Nguyen acknowledges in the Motion that "in retrospect, it appears that the form Notice Of Objection To Claim. . . has been relied upon by the debtors as the 'personalized notice' which the Court ordered the debtors to provide. . ." Motion ¶ 13. Having received the court-approved packet including the Third Omnibus Claims Objection and the Personalized Notice, Mr. Nguyen was solely responsible for failing to follow the procedures referred to therein to file a response and prevent the expungement of his Claim.

14. Moreover, as indicated on the Claim, Mr. Nguyen was represented by counsel who received the Third Omnibus Claims Objection on Mr. Nguyen's behalf. The Second Circuit has noted that it has consistently refused "to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or rules of the court, or his inability to efficiently manage his caseload." Teltronics Servs., Inc. v. L M Ericsson Telecomm., Inc. 642 F.2d 31, 36 (2d Cir. 1981) (citation omitted). Mr. Nguyen has provided no evidence of extenuating circumstance that might rise to the level of excusable neglect relating to his failure to file a response to the Third Omnibus Claims Objection. Therefore, the Motion should be denied.

D.  Granting Mr. Nguyen's Requested Relief Would Prejudice The Debtors By Undermining The Claims Administration Process

15. As noted above, on October 31, 2006, KCC served Mr. Nguyen with a copy of the Third Omnibus Claims Objection. By receipt of the Third Omnibus Claims Objection, acknowledged by Mr. Nguyen's counsel and as evidenced by the Gershbein Declaration, Mr. Nguyen had notice of the response deadline with respect to the Third Omnibus Claims Objection. Specifically, he had notice of the consequences of a failure to timely respond to the Third Omnibus Claims Objection – that the Claim would be disallowed and expunged

8

pursuant to an order of this Court.  Granting the relief requested by Mr. Nguyen would excuse him from his obligation to timely respond to the Third Omnibus Claims Objection and would encourage other claimants to seek similar relief, undermining the integrity and finality of the entire claims administration process.  The resulting uncertainty would greatly prejudice the Debtors, their estates, and their creditors and undermine the Debtors' efforts to formulate and prosecute a plan of reorganization.  Accordingly, Mr. Nguyen's request should be denied.

## Conclusion

16.     Mr. Nguyen seeks an opportunity to file a response and revive his Claim without having satisfied any of the grounds for reconsideration of the Order pursuant to which his claim was disallowed and expunged.  Relief under Rule 60(b) and Bankruptcy Rule 3008 is not available to Mr. Nguyen.  Accordingly, the Motion should be denied.

## Memorandum Of Law

17.     Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) denying the Reconsideration Motion and (b) granting them such other and further relief as is just.

Dated: New York, New York
February 8, 2007

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and –

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession