# EXHIBIT B

**Hearing Date and Time: November 30, 2006 at 10:00 a.m.**
**Response Date and Time: November 24, 2006 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                        :

     In re                      :    Chapter 11
                              :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                              :
                              :    (Jointly Administered)
             Debtors.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  - -  x

DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH
INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS
AND RECORDS, AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO
<u>ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c)</u>

("THIRD OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (the "Third Omnibus Claims Objection"), and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtor's chapter 11 cases.

2.    No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3.    This Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2

4.    The statutory predicates for the relief requested herein are sections 502(b) and 502(c) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    Current Business Operations Of The Debtors

5.    As of December 31, 2005, Delphi and its subsidiaries and affiliates (collectively, the "Company") had global 2005 net sales of approximately $26.9 billion and global assets of approximately $17.0 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public company business reorganization in terms of revenues, and the thirteenth largest public company business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11 debtors and continue their business operations without supervision from the Bankruptcy Court.

6.    The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company supplies products to nearly every major global automotive original equipment manufacturer.

7.    Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In

---

[1]    The aggregated financial data used in this objection generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

3

connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications. Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.    Events Leading To The Chapter 11 Filing

8.    In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income. Every year thereafter, however, with the exception of 2002, the Company has suffered losses. In calendar year 2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[2] Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of approximately $2.4 billion on net sales of $26.9 billion.

9.    The Debtors believe that the Company's financial performance has deteriorated because of (a) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

10.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

---

[2]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004. The Company's net operating loss in calendar year 2004 was $482 million.

portfolio, operational issues, and forward-looking revenue requirements. Because discussions

with its major unions and GM had not progressed sufficiently by the end of the third quarter of

2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete the

Debtors' transformation plan and preserve value for its stakeholders.

D.    The Debtors' Transformation Plan

11.    On March 31, 2006, the Company outlined the key tenets of its

transformation plan. The Company believes that this plan will enable it to return to stable,

profitable business operations and allow the Debtors to emerge from these chapter 11 cases in

the first half of 2007. To complete their restructuring process, the Debtors must focus on five

key areas. First, Delphi must modify its labor agreements to create a competitive arena in which

to conduct business. Second, the Debtors must conclude their negotiations with GM to finalize

GM's financial support for the Debtors' legacy and labor costs and to ascertain GM's business

commitment to the Company. Third, the Debtors must streamline their product portfolio to

capitalize on their world-class technology and market strengths and make the necessary

manufacturing alignment with their new focus. Fourth, the Debtors must transform their salaried

workforce to ensure that the Company's organizational and cost structure is competitive and

aligned with its product portfolio and manufacturing footprint. Finally, the Debtors must devise

a workable solution to their current pension situation.

12.    Upon the conclusion of the reorganization process, the Debtors expect to

emerge as a stronger, more financially sound business with viable U.S. operations that are well-

positioned to advance global enterprise objectives. In the meantime, Delphi will marshal all of

its resources to continue to deliver high-quality products to its customers globally. Additionally,

the Company will preserve and continue the strategic growth of its non-U.S. operations and

maintain its prominence as the world's premier auto supplier.

E.    Bar Date, Proofs Of Claim, And Omnibus Claims Objections

13.    On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§

107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a)

Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice

Thereof (Docket No. 3206) (the "Bar Date Order").  Among other things, the Bar Date Order

established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or

wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5), against a Debtor

(collectively, the "Claimants") to file a proof of claim form with respect to each such Claim.

14.    On or prior to April 20, 2006, Kurtzman Carson Consultants, LLC, the

claims and noticing agent in these cases (the "Claims Agent"), provided notice of the Bar Date

by mailing a notice of bar date approved by this Court (the "Bar Date Notice"), together with a

proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets

and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed with

this Court on January 20, 2006 (and subsequently amended on February 1, 2006 and April 18,

2006) and (b) the persons and entities included in the notice database compiled by the Debtors,

but not listed on any of the Schedules and Statements.  In total, the Debtors provided Bar Date

Notices to more than 500,000 persons and entities.

15.    In addition, the Debtors published the Bar Date Notice in the New York

Times (National Edition), the Wall Street Journal (National, European, and Asian Editions),

USA Today (Worldwide Edition), the Automotive News (National Edition), and in local editions

of the following: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News, the

Chicago Sun Times, the Clinton News, the Columbia Dispatch, the Daily Leader, Dayton Daily

News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, the Flint Journal,

the Gadsden Times, the Grand Rapids Press, the Greenville News, the Indianapolis Star, the

Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader, the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the Saginaw News, the Sandusky, the Tribune Chronicle, the Tulsa World, the Tuscaloosa News, and the Vindicator, and electronically through posting on the Delphi Legal Information Website, www.delphidocket.com, on or before April 24, 2006.

16.    Approximately 16,000 proofs of claim (the "Proofs of Claim") have been timely filed against the Debtors in these cases.  On September 19, 2006, the Debtors filed the First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Duplicate And Amended Claims And (ii) Equity Claims ("First Omnibus Claims Objection"). In the First Omnibus Claims Objection, the Debtors objected to approximately 3,500 claims.  On October 24, 2006, the Court entered an order disallowing and expunging (a) certain Claims because they were duplicative of other Claims or had been amended or superseded by later filed Claims and (b) certain Claims because they were filed by holders of Delphi common stock solely on account of their stock holdings.

17.    Contemporaneously with the Third Omnibus Claims Objection, the Debtors are filing the Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (iii) Duplicate And Amended Claims ("Second Omnibus Claims Objection").  In the Second Omnibus Claims Objection, the Debtors object to claims on procedural grounds and are seeking to expunge and disallow (a) certain Claims because they were filed by equity holders solely on account of their stock holdings, (b) certain Claims because they were filed by equity holders solely on account of their stock holdings or, in

7

the alternative, were untimely pursuant to the Bar Date Order, (c) certain Claims because they

were filed by individual noteholders or individual lenders and are duplicative of the consolidated

or master proofs of claim filed on behalf of the individual noteholders and lenders by JPMorgan

Chase Bank, N.A., Law Debenture Trust Company of New York, or Wilmington Trust Company,

and (d) certain Claims because they are duplicative of other Claims or have been amended or

superseded by later filed Claims.  The Debtors objected to 2,853 proofs of claim in the Second

Omnibus Claims Objection.

18.    In this Third Omnibus Claims Objection, the Debtors are objecting to

1,017 claims.[3]

## Relief Requested

19.    By this Objection, the Debtors seek entry of an order pursuant to 11 U.S.C.

§ 502(b) and Bankruptcy Rule 3007 (a) disallowing and expunging those Claims set forth on

Exhibit B-1 attached hereto because they contain insufficient documentation in support of the

Claims asserted, (b) disallowing and expunging those Claims set forth on Exhibit B-2 attached

hereto because they contain insufficient documentation in support of the Claims asserted and

were untimely pursuant to the Bar Date Order, (c) disallowing and expunging those Claims set

forth on Exhibit C-1 attached hereto because they are unsubstantiated liabilities or dollar

amounts that are not discernable from the Debtors' books and records, (d) disallowing and

expunging those Claims set forth on Exhibit C-2 attached hereto because they are

---

[3]    Consistent with the notice provided to claimants with respect to the First Omnibus Claims Objection and
approved by this Court in the order entered with respect thereto, the Debtors will provide each Claimant whose
Proof of Claim is subject to an objection pursuant to this Third Omnibus Claims Objection with a personalized
Notice Of Objection To Claim which specifically identifies the Claimant's Proof of Claim that is subject to an
objection and the basis for such objection.  A form of Notice Of Objection To Claim is attached hereto as
Exhibit A.  Claimants will receive a copy of this Third Omnibus Claims Objection without Exhibits B-1, B-2,
C-1, C-2, and D hereto.  Claimants will nonetheless be able to review such exhibits free of charge by accessing
the Debtors' Legal Information Website (www.delphidocket.com).

unsubstantiated liabilities or dollar amounts that are not discernable from the Debtors' books and records and were untimely pursuant to the Bar Date Order, and (e) modifying the asserted amount of the overstated or improperly-denominated Claims set forth on Exhibit D attached hereto.

20.    In the alternative, should this Court find that any of the Claims to which the Debtors have objected in this Third Omnibus Claims Objection should not be disallowed and expunged, or modified, as applicable, to the extent that such Claims assert contingent or unliquidated claims, the Debtors seek entry of an order pursuant to 11 U.S.C. § 502(c) estimating such Claims for purposes of setting a maximum allowable amount of the claim for distributions under a plan of reorganization confirmed in these chapter 11 cases.

Objections To Claims

A.    Insufficiently Documented Claims

21.    During their review, the Debtors discovered that certain Proofs of Claim that were filed in these cases do not include sufficient documentation to support the claim asserted (the "Insufficiently Documented Claims"). This deficiency in documentation has made it impossible for the Debtors meaningfully to review the asserted Claims. Furthermore, the Debtors contacted each Claimant which filed an Insufficiently Documented Claim (other than those Claimants who filed a blank proof of claim form).[4]

22.    The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f) . In re

---

[4]    Claims who responded to the Debtors' communications and provided additional information are not included as part of this objection.

9

WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only

a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial

obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d

167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to

support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears

initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re

Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C.

May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it

entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524,

527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its

claim to have claim make prima facie case).  As a result of the Claimants' failure to provide

sufficient documentation to permit an understanding of the basis for the Claims, such Claims do

not make out a prima facie case against the Debtors.

   23.  The Insufficiently Documented Claims either (a) fail to assert a Claim, (b)

fail to assert a monetary amount for the Claim, (c) state that there is no outstanding Claim against

the Debtors, and/or (d) contain no documentation in support of the Claim or provide no evidence

of the Debtors' liability for the Claim.  In addition, certain of the Insufficiently Documented

Claims were received by the Debtors after the Bar Date ("Untimely Insufficiently Documented

Claims").  In addition, for those Untimely Insufficiently Documented Claims, the Debtors also

object to such Claims on the basis that they were not timely filed pursuant to the Bar Date

Order.[5]

---

[5] The Bar Date Order provides:

*(cont'd)*

24.     Attached hereto as <u>Exhibit B-1</u> is a list of the Insufficiently Documented Claims which the Debtors have identified as Claims that do not contain sufficient documentation to permit an understanding of the basis for the claim.  Attached hereto as <u>Exhibit B-2</u> is a list of Untimely Insufficiently Documented Claims which the Debtors have identified as Claims that do not contain sufficient documentation to permit an understanding of the basis for the claim and were not timely filed pursuant to the Bar Date Order.[6]  In the event that this Court does not disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to any or all of the Insufficiently Documented Claims and Untimely Insufficiently Documented Claims at a later date on any basis whatsoever.

25.     Accordingly, the Debtors (a) object to both the Insufficiently Documented Claims and the Untimely Insufficiently Documented Claims and (b) seek entry of an order disallowing and expunging the Insufficiently Documented Claims and Untimely Insufficiently Documented Claims in their entirety.

B.     <u>Claims Unsubstantiated By Debtors' Books And Records</u>

26.     During the Debtors' review of the Proofs of Claim, the Debtors determined that certain Proofs of Claim assert liabilities or dollar amounts that are not owing pursuant to the

---

*(cont'd from previous page)*

Any Person or Entity which is required to file a Proof of Claim in these chapter 11 cases but that fails to do so in a timely manner on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from (a) asserting any Claim against the Debtors that such Person or Entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, non-contingent, and unliquidated or (ii) is of a different nature or in a different classification than as set forth in the Schedules (any such Claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

Bar Date Order ¶ 11.

[6]     None of the Untimely Insufficiently Documented Claims listed on <u>Exhibit B-2</u> hereto was included as part of the Motion For Order Under Fed. R. Bankr. P. 3003(c)(3) And 9006(b)(1) Deeming Certain Proofs Of Claim Timely Filed, dated September 29, 2006 (Docket No. 5238) ("Claims Timeliness Motion").

Debtors' books and records ("Unsubstantiated Claims"). Additionally, the Debtors determined

that certain other Proofs of Claim also assert liabilities or dollar amounts that are not owing

pursuant to the Debtors' books and records or, in the alternative, were not timely filed pursuant to

the Bar Date Order ("Untimely Unsubstantiated Claims"). The Debtors believe that the parties

asserting both Unsubstantiated Claims and Untimely Unsubstantiated Claims are not creditors of

the Debtors.

27.    The bases for determining that the Debtors are not liable for an asserted

Claim include, but are not limited to, the following: (a) the Debtors' books and records reflect

that the asserted Claim was properly paid prior to the commencement of the Debtors' cases, (b)

the Debtors' books and records do not reflect the existence of the asserted Claim or of the

Claimant asserting such Claim, or (c) the Claim has been paid during the course of these

proceedings pursuant to an order of the Bankruptcy Court.

28.    A claimant's proof of claim is entitled to the presumption of prima facie

validity under Bankruptcy Rule 3001(f) only until such time an objecting party refutes "'at least

one of the allegations that is essential to the claim's legal sufficiency.'" WorldCom, 2005 WL

3832065, at *4 (quoting Allegheny, 954 F.2d at 174). Once such an allegation is refuted, "'the

burden reverts to the claimant to prove the validity of the claim by a preponderance of the

evidence.'" Id. The Debtors' books and records refute an essential allegation as to each

Unsubstantiated Claim; namely, that the claims asserted therein are owing from any of the

Debtors.

29.    Attached hereto as Exhibit C-1 is a list of the Unsubstantiated Claims that

the Debtors have identified as Claims for which the Debtors are not liable. Attached hereto as

Exhibit C-2 is a list of the Untimely Unsubstantiated Claims which the Debtors have identified

12

as Claims for which the Debtors are not liable. The Debtors object to these Claims as Claims for which the Debtors have no liability and as Claims that were not timely filed pursuant to the Bar Date Order.[7] In the event that this Court does not disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to any or all of the Unsubstantiated Claims and Untimely Unsubstantiated Claims at a later date on any basis whatsoever.

30.    Accordingly, the Debtors (a) object to both the Unsubstantiated Claims and the Untimely Substantiated Claims and (b) seek entry of an order disallowing and expunging both the Unsubstantiated Claims and Untimely Unsubstantiated Claims in their entirety.

C.    Claims Subject To Modification

31.    During the Debtors' review of the Proofs of Claim, the Debtors have identified certain Claims asserted against the Debtors that either were denominated in a foreign currency or are overstated, including as a result of the assertion of invalid unliquidated claims ("Claims Subject to Modification"). Based on an initial review of the Claims Subject to Modification, the Debtors have determined that their liability with respect to each such Claim does not exceed the dollar amount set forth on Exhibit D attached hereto. Moreover, the Debtors have determined that such Claims should be classified as set forth on Exhibit D attached hereto.

32.    The bases for including the Claims Subject to Modification include, but are not limited to, the following: (a) the asserted Claim was denominated in foreign currency in violation of the Bar Date Order,[8] (b) the asserted Claim states a claim for unmatured interest or postpetition interest on an unsecured claim, which interest is not is allowed under 11 U.S.C. §§ 502(b)(2), 506(b), (c) the asserted Claim does not account for amounts that may have been paid

---

[7]    None of the Untimely Unsubstantiated Claims listed on Exhibit C-2 hereto was included as part of the Claims Timeliness Motion.

[8]    See Bar Date Order ¶ 3(d) ("Proofs of Claim must . . . (iv) be denominated in United States currency. . .").

or credited against such Claim prior to the commencement of these cases, (d) the asserted Claim does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, and (e) the asserted Claim is misclassified as a priority or secured claim. Thus, the Debtors seek to modify the dollar amount of the Claims Subject to Modification to a fully liquidated, U.S.-denominated amount in line with the Debtors' books and records and/or the liquidated amounts requested by the Claimants, as appropriate, and to appropriately classify the Claims.

33.    As stated above, a claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until such time an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'" WorldCom, 2005 WL 3832065, at *4 (quoting Allegheny, 954 F.2d at 174). As with the Unsubstantiated Claims, the Debtors' books and records refute that certain of the claims asserted in each Claim Subject to Modification are actually owed by any of the Debtors.

34.    Set forth on Exhibit D attached hereto is a list of Claims Subject to Modification that the Debtors believe should be modified to solely assert a properly classified, fully liquidated claim amount. For each Claim Subject to Modification, Exhibit D reflects the amount asserted in the Claimant's Proof of Claim in a column titled "Asserted Claim Amount"[9] and the proposed modified dollar amount of the Claim in a column titled "Modified Claim Amount." The Debtors object to the Asserted Claim Amount for each Claim Subject to Modification on Exhibit D and request that each such Claim be amended to the amount listed as the Modified Claim Amount of the Claim. Thus, no Claimant listed on Exhibit D would be

---

[9]    As a result of the manner in which Claims are docketed by the Claims Agent, Claims asserted in foreign currency may be listed on Exhibit D as $0.00. In addition, the Asserted Claim Amount on Exhibit D reflects only asserted liquidated claims.

entitled to a recovery for any Claim Subject to Modification in an amount exceeding the dollar

value listed as the Modified Claim Amount for such Claim on Exhibit D, or to assert a

classification which is inconsistent with that which is listed on Exhibit D, subject to the Debtors'

right to further object to each such Claim Subject to Modification.

35.    The inclusion of the Claims Subject to Modification on Exhibit D,

however, does not reflect any view by the Debtors as to the ultimate validity of any such Claim.

The Debtors therefore expressly reserve all of their rights to further object to any or all of the

Claims Subject to Modification at a later date on any basis whatsoever.

36.    Accordingly, the Debtors (a) object to the Asserted Claim Amount for the

Claims Subject to Modification and (b) seek an order modifying the Claims Subject to

Modification to the Modified Claim Amount as set forth on Exhibit D.

Estimation Of Claims

37.    Although the Debtors believe that all Claims subject to this Third

Omnibus Objection should be disallowed, expunged, or reduced as described above and set forth

on Exhibits B-1, B-2, C-1, C-2, and D hereto, as alternative relief, the Debtors request that, to the

extent that such Claims assert contingent or unliquidated Claims, this Court estimate such Claims

for the purposes of setting a maximum allowable amount of the Claim for all purposes, including

voting and distribution, pursuant to section 502(c) of the Bankruptcy Code.

38.    As described above, more than 16,000 Proofs of Claim have been timely

filed in these chapter 11 cases, asserting liabilities in excess of $36 billion. As the Debtors have

reported, they are currently engaged in framework discussions with their principal stakeholders

attempting to reach agreement on the terms and structure of a plan of reorganization in these

cases. The Debtors and their key constituents continue to believe that it is important for the

Debtors to emerge from these chapter 11 cases as expeditiously as possible and the Debtors
continue to target the first half of 2007 for emergence to occur. In the course of the ongoing
framework discussions, it has become clear to all of the participants that the parties' ability to
reach agreement on a framework for the Debtors' emergence is predicated upon a clear
understanding of the scope of the claims against the Debtors which will ultimately be allowed in
these cases. Therefore, it is essential that the Debtors determine the value of asserted Claims as
expeditiously as possible.

      39.    With this need for efficiency in mind, should any of the Debtors'
objections to Claims identified for objection in this Third Omnibus Claims Objection not be
granted or should the Debtors receive a properly-filed response to an objection from a Claimant
and should such claims assert contingent or unliquidated amounts (the "Estimable Claims"), the
Debtors request that this Court estimate such Estimable Claims. This estimation would be used
for all purposes, including to set the maximum allowable amount of the Estimable Claim for
distribution under any future plan of reorganization confirmed and consummated in these cases.
The Debtors request that any Estimable Claim estimated by this Court never be allowed in an
amount in excess of the estimated amount of such claim.

      40.    The Debtors further request that this estimate would neither constitute an
admission by the Debtors as to the allowability, amount, classification, priority, or merits of any
Claim nor be permitted to be used by any party for any other purpose whatsoever. The Debtors
would reserve all of their rights with respect to such Estimable Claims, including, without
limitation, the right to object to the Estimable Claims on any basis whatsoever, as well as the
right to seek to reduce the estimated amount of the Estimable Claim. Nonetheless, the certainty
that estimations of the Estimable Claims provides would permit the Debtors to more accurately

determine the likely amount of claims that will be allowed against the Debtors in these chapter

11 cases.  Making this assessment would immeasurably enhance the Debtors' ability to reach

agreement on a consensual plan of reorganization with their key constituents.

       41.    There is ample authority for the Court to estimate the Estimable Claims

for purposes of a distribution under a plan of reorganization.  Indeed, section 502(c) of the

Bankruptcy Code provides that the Court shall estimate for purposes of allowance "any

contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would

unduly delay the administration of the case."  11 U.S.C. § 502(c); see In re Chateaugay Corp.,

944 F.2d 997, 1006 (2d Cir. 1991) (stating that courts should make a "speedy and rough

estimation of claims for purposes of determining [claimant's] voice in the Chapter 11

proceeding"); In re Fox, 64 B.R. 148, 151 (Bankr. N.D. Ohio 1986) ("The language of section

502(c) is mandatory and places an affirmative duty on the court to estimate unliquidated claims

under proper circumstances").

       42.    In estimating the Estimable Claims, this Court has broad latitude and may

use whatever method is best suited to the contingencies of the case, so long as the procedure is

consistent with the fundamental policy of chapter 11 which encourages quick and efficient

reorganizations.  In re Adelphia Bus. Solutions, Inc., 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003)

(stating that "estimation, authorized under section 502(c) of the Code, provides a means for a

bankruptcy court to achieve reorganization, and/or distributions on claims, without awaiting the

results of legal proceedings that could take a very long time to determine"); see also Bittner v.

Borne Chem. Co., 691 F.2d 134, 134 (3d Cir. 1982) (finding that in estimating value, court is

bound by legal rules which may govern ultimate value of claims, but court is not limited in its

authority to evaluate claims except for general principles which should inform all decisions made

17

under Bankruptcy Code). Moreover, because neither the Bankruptcy Code nor the Bankruptcy

Rules prescribe any method for estimating claims, bankruptcy courts have employed a variety of

claim estimation methods depending on what best suits the particular circumstances of a case. In

re Ralph Lauren Womenswear, Inc., 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996) (applying

probability of success test, which requires court to estimate claims according to present value of

probability of success); In re Kaplan, 186 B.R. 871 874 (Bankr. D.N.J. 1995) (estimating

unliquidated guarantee claim at $0 under section 502(c)(1)); In re Windsor Plumbing Supply Co.,

Inc., 170 B.R. 503, 520 (Bankr. E.D.N.Y 1994) (stating that estimated value of claim should be

amount of claim diminished by probability that it may be sustainable only in part or not at all).

43.    As discussed above, the Debtors and their key constituents continue to

believe that it is important for the Debtors to emerge from these chapter 11 cases as

expeditiously as possible. The Debtors' emergence is predicated on a clear understanding of the

scope of the claims against the Debtors that will ultimately be allowed in these cases. Absent the

estimation of the Estimable Claims for the purposes of setting a maximum allowable amount of

the Claim for distribution purposes, the Debtors' framework discussions with their principal

stakeholders may be significantly impeded and the Debtors' ability to reach agreement on the

terms and structure of a plan of reorganization in these cases may be significantly delayed.

Separate Contested Matters

44.    To the extent that a response is filed with respect to any Claim listed in

this Third Omnibus Claims Objection and the Debtors are unable to resolve the response prior to

the hearing on this objection, the Debtors request that each such Claim and the objection to such

Claim asserted in this Third Omnibus Claims Objection be deemed to constitute a separate

contested matter as contemplated by Bankruptcy Rule 9014. The Debtors further request that

18

any order entered by the Court with respect to an objection asserted in this Third Omnibus

Claims Objection be deemed a separate order with respect to each Claim.

### Reservation Of Rights

45.    The Debtors expressly reserve the right to amend, modify, or supplement

this Third Omnibus Claims Objection and to file additional objections to the Proofs of Claim or

any other Claims (filed or not) which may be asserted against the Debtors, including without

limitation the right to object to any claim on the basis that it has been asserted against the wrong

Debtor entity.  Should one or more of the grounds for objection stated in this Third Omnibus

Claims Objection be dismissed, the Debtors reserve their rights to object on other stated grounds

or on any other grounds that the Debtors discover during the pendency of these cases.  In

addition, the Debtors reserve the right to seek further reduction of any Claim to the extent that

such Claim has been paid.

### Responses To Objections

A.    Filing And Service Of Responses

46.    To contest an objection, responses (a "Response"), if any, to the Third

Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and

the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R.

Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain

Notice, Case Management, And Administrative Procedures, entered on October 26, 2006 (the

"Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with

the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users

of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-

interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF),

19

WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard

copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy

Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation,

5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors,

Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago,

Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors'

prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York,

New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition

credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017

(Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured

Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n:

Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity

Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New

York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New

York 10004 (Att'n: Alicia M. Leonhard) in each case so as to be received no later than 4:00 p.m.

(Prevailing Eastern Time) on November 24, 2006.

B.    Contents Of Responses

47.    Every Response to this Third Omnibus Claims Objection must contain at a

minimum the following:

(a)    a caption setting forth the name of the Court, the names of the
Debtors, the case number, and the title of this Third Omnibus Claims Objection to which the
Response is directed;

(b)   the name of the Claimant and a description of the basis for the amount of the Claim;

(c)   a concise statement setting forth the reasons why the Claim should not be disallowed, expunged, or reclassified for the reasons set forth in this Third Omnibus Claims Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Third Omnibus Claims Objection;

(d)   all documentation or other evidence of the Claim upon which the Claimant will rely in opposing the Third Omnibus Claims Objection to the extent not included with the Proof of Claim previously filed with the Court;

(e)   to the extent that the Claim is fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate;

(f)   the address(es) to which the Debtors must deliver any reply to the Response, if different from the address(es) presented in the Claim; and

(g)   the name, address, and telephone number of the person (which may be the Claimant or his/her/its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant.

C.   Timely Response Required

48.   If a Response is properly and timely filed and served in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with the Claimant, the Debtors request that this Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding this Third Omnibus Claims Objection and any Response hereto and set further hearings pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Objection and Procedures Motion") being filed contemporaneously herewith.  With respect to all uncontested objections, the Debtors request this Court to conduct a final hearing on November 30, 2006 at 10:00 a.m. or as soon thereafter as counsel may be heard.  The procedures set forth in

21

the Claims Objection and Procedures Motion will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.

49.    Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.  The Debtors reserve the right to seek to adjourn a hearing with respect to a specific objection set forth herein and any Response thereto.

50.    If a Claimant whose Claim is subject to this Third Omnibus Claims Objection and who is served with this Third Omnibus Claims Objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order disallowing and expunging such Claim without further notice to the Claimant.  Thus, a failure to respond may forever bar Claimants listed on this Third Omnibus Claims Objection from sustaining a Claim against the Debtors.

51.    To the extent that a Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code, if the Claimant has filed a Response in accordance with the procedures outlined above which (a) acknowledges that the Claim is contingent or fully or partially unliquidated and (b) provides the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors have requested authorization in the Claims Objection and Procedures Motion, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes, subject to further objection and reduction as appropriate, by providing notice as described more fully in the Claims Objection and Procedures Motion.

<u>Replies To Responses</u>

52.     The Debtors may, at their option, file and serve a reply to a Claimant's Response so that it is received by the Claimant (or counsel, if represented) no later than 4:00 p.m. (Prevailing Eastern Time) on the day immediately preceding the date of any hearing on this Third Omnibus Claims Objection.

<u>Service Of Third Omnibus Claims Objection Order</u>

53.     Consistent with Bankruptcy Rule 9022, the Debtors respectfully request that this Court direct the Claims Agent to serve the order entered with respect to this Third Omnibus Claims Objection, including exhibits, only on the master service list and the 2002 list. The Debtors further request that this Court direct the Claims Agent to serve all Claimants whose proofs of claim are listed on an exhibit to this Third Omnibus Claims Objection with a copy of the order, without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as <u>Exhibit E</u> specifically identifying the Claimant's proof of claim that is subject to the order, the Court's treatment of such proof of claim, and the basis for such treatment, and advising the Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal Information Website.

<u>Further Information</u>

54.     Questions about this Third Omnibus Claims Objection or requests for additional information about the proposed disposition of Claims hereunder should be directed to the Debtors' counsel by e-mail to <u>delphi@skadden.com</u>, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to the

Claims Agent at 1-888-259-2691 or <u>www.delphidocket.com</u>.  <u>Claimants should not contact the
Clerk of the Bankruptcy Court to discuss the merits of their Claims.</u>

Notice

55.    Notice of this Objection has been provided in accordance with the
Amended Eighth Supplemental Case Management Order.  In light of the nature of the relief
requested, the Debtors submit that no other or further notice is necessary.

Memorandum Of Law

56.    Because the legal points and authorities upon which this Objection relies
are incorporated herein, the Debtors respectfully request that the requirement of the service and
filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy
Rules for the United States Bankruptcy Court for the Southern District of New York be deemed
satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Debtors such other and further relief as is just.

Dated:          New York, New York
                October 31, 2006
                                    SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP

                                    By:  /s/ John Wm. Butler, Jr.
                                         John Wm. Butler, Jr. (JB 4711)
                                         John K. Lyons (JL 9331)
                                         Ron E. Meisler (RM 3026)
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois 60606

                                         - and -

                                    By:  /s/ Kayalyn A. Marafioti
                                         Kayalyn A. Marafioti (KM 9632)
                                         Thomas J. Matz (TM 5986)
                                    Four Times Square
                                    New York, New York 10036

                                    Attorneys for Delphi Corporation, et al.,
                                         Debtors and Debtors-in-Possession

25

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
     In re                          :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                    :
              Debtors.    :        (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING CERTAIN (A) CLAIMS WITH INSUFFICIENT
DOCUMENTATION AND (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS
AND RECORDS, (II) MODIFYING CERTAIN CLAIMS AND, (III) ADJOURNING
HEARING ON CERTAIN CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO
11 U.S.C. § 502(c) IDENTIFIED IN THIRD OMNIBUS CLAIMS OBJECTION

("THIRD OMNIBUS CLAIMS OBJECTION ORDER")

       Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient

Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, (c) Claims Subject

To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To

11 U.S.C. § 502(c), dated October 31, 2006 (the "Third Omnibus Claims Objection"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on

the Third Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient

cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    Each holder of a claim (as to each, a "Claim") listed on Exhibits A-1, A-2, B-1, B-2 and C attached hereto was properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order, and a notice of the deadline for responding to the Third Omnibus Claims Objection. No other or further notice of the Third Omnibus Claims Objection is necessary.

B.    The Court has jurisdiction over the Third Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Third Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Third Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Claims listed on Exhibit A-1 hereto are Claims that contain insufficient documentation in support of the Claims asserted (the "Insufficiently Documented Claims").

D.    The Claims list on Exhibit A-2 hereto are Claims that contain insufficient documentation in support of the Claims asserted and are untimely pursuant to the Bar Date Order. ("Untimely Insufficiently Documented Claims")

E.    The Claims listed on Exhibit B-1 hereto are Claims that contain unsubstantiated liabilities or dollar amounts that are not discernable from the Debtors' books and records ("Unsubstantiated Claims").

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

F.      The Claims listed on Exhibit B-2 hereto are Claims that contain

unsubstantiated liabilities or dollar amounts that are not discernable from the Debtors' books and

records and are untimely pursuant to the Bar Date Order ("Untimely Unsubstantiated Claims").

G.      The Claims listed on Exhibit C hereto are Claims that either were

denominated in a foreign currency or are overstated, including as a result of the assertion of

invalid unliquidated claims ("Claims Subject to Modification").

H.      The relief requested in the Third Omnibus Claims Objection is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.      Each Insufficiently Documented Claim listed on Exhibit A-1 hereto is

hereby disallowed and expunged in its entirety.

2.      Each Untimely Insufficiently Documented Claim listed on Exhibit A-2

hereto is hereby disallowed and expunged in its entirety.

3.      Each Insufficiently Documented Claim listed Exhibit B-1 hereto is hereby

disallowed and expunged in its entirety.

4.      Each Untimely Insufficiently Documented Claim listed Exhibit B-2 hereto

is hereby disallowed and expunged in its entirety.

5.      Each "Asserted Claim Amount " listed on Exhibit C hereto is hereby

changed to the amount and classification listed as the "Modified Claim Amount" of the Claim.

No Claimant listed on Exhibit C will be entitled to a recovery for any Claim Subject to

Modification in an amount exceeding the dollar value listed as the "Modified Claim Amount" of

the Claim. The Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors.

6.    With respect to each Claim for which a timely Response to the Third Omnibus Claims Objection has been filed and served in compliance with the Third Omnibus Claims Objection and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered on October 26, 2006 (Docket No. 5418), a hearing to determine the disallowance or estimation of such Claims is adjourned to a future hearing date to be noticed by the Debtors consistent with the Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims.

7.    Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Third Omnibus Claims Objection, on any grounds whatsoever.

8.    Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

9.    This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Third Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

10.    Each Claim and the objections by the Debtors to each Claim as addressed in the Third Omnibus Claims Objection and as set forth on Exhibits A-1, A-2, B-1, B-2 and C

4

hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

11.    Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby directed to serve this order, including exhibits, only on the master service list and the 2002 list. The Claims Agent is hereby further directed to serve all claimants whose proofs of claim are the subject of this order with a copy of this order, without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as Exhibit D specifically identifying the Claimant's proof of claim that is subject to the order, the Court's treatment of such proof of claim, and the basis for such treatment, as well as advising the Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal Information Website.

12.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Third Omnibus Claims Objection.

Dated: New York, New York
        November ___, 2006


_____
        UNITED STATES BANKRUPTCY JUDGE

5

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF ENTRY OF ORDER WITH RESPECT
TO THIRD OMNIBUS CLAIMS OBJECTION

PLEASE TAKE NOTICE that on December __, 2006, the United States

Bankruptcy Court for the Southern District of New York entered the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging Certain (A) Claims With Insufficient Documentation And (B) Claims Unsubstantiated By Debtors' Books And Records, (II) Modifying Certain Claims And, (III) Adjourning Hearing On Certain Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) Identified In Third Omnibus Claims Objection (the "Order").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Order and was listed on Exhibit __ thereto and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to

the Order by requesting a copy from the claims and noticing agent in the above-captioned

chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-259-2691 or by accessing the

Debtors' Legal Information Website at www.delphidocket.com.

Dated:  New York, New York
      December __, 2006

BY ORDER OF THE COURT

John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                   :

In re                    :     Chapter 11

                   :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)

                   :

        Debtors.   :     (Jointly Administered)

                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NOTICE OF OBJECTION TO CLAIM

James H Nguyen Appeal Filed:

     Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Third Omnibus Objection to Certain Claims (the "Third Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Third Omnibus Objection is set for hearing on November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED THIRD OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 24, 2006. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU.

     The enclosed Third Omnibus Objection identifies several different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

     Claims identified as having a Basis For Objection of "Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors to meaningfully review the asserted Claim.

     Claims identified as having a Basis For Objection of "Untimely Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted making it impossible for the Debtors to meaningfully review the asserted Claim and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And

Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date
Order").

Claims identified as having a Basis For Objection of "Unsubstantiated Claim" are those
Claims that assert liabilities or dollar amounts that the Debtors have determined are not
owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Unsubstantiated Claim"
are those Claims that assert liabilities or dollar amounts that the Debtors have determined
are not owing pursuant to the Debtors' books and records and were also not timely filed
pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of 'Claims Subject to Modification"
are those Claims that were overstated or were denominated in foreign currencies and
which the Debtors seek to modify to a fully liquidated, U.S.-denominated amount in line
with the Debtors' books and records and/or the liquidated amounts requested by the
Claimants, as appropriate, and to appropriately classify the total amount of such
remaining Claims as general unsecured claims.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
| 5/1/2006 | 3978 | $560,795.41 | Unsubstantiated Claim | Disallow and Expunge |

If you wish to view the complete exhibits to the Third Omnibus Objection, you can do so on
www.delphidocket.com. If you have any questions about this notice or the Third Omnibus Objection to
your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-
718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite
2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese).
Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at
1-888-259-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK
OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this Third Omnibus Objection, you must file a response and serve it so that it
is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006. Your
response, if any, to the Third Omnibus Claims Objection must (a) be in writing, (b) conform to the
Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New
York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R.
Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case
Management, And Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended
Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy
Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's
case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in
a foreign currency.

(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Third Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or modified for the reasons set forth in the Third Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Third Omnibus Objection; (iv) all documentation or other evidence of the claim upon which you will rely in opposing the Third Omnibus Objection to the extent not included with the proof of claim previously filed with the Bankruptcy Court; (v) to the extent that the Claim is fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; (vi) the address(es) to which the Debtors must deliver any reply to your response, if different from that presented in the proof of claim; and (vii) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the Debtors have requested that the Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding the Third Omnibus Claims Objection and any Response and set further hearings pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Objection and Estimation Procedures Motion") being filed contemporaneously with the Third Omnibus Objection. With respect to all uncontested objections, the Debtors have requested that this Court conduct a final hearing on November 30, 2006 at 10:00 a.m. or as soon thereafter as counsel may be heard. The procedures set forth in the Claims Objection and Estimation Procedures Motion will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.

TO THE EXTENT ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, IF YOU FILE A RESPONSE IN ACCORDANCE WITH THE ABOVE

PROCEDURES, PURSUANT TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES
MOTION THE DEBTORS HAVE REQUESTED THE AUTHORITY TO ELECT, IN THEIR SOLE
DISCRETION, TO PROVISIONALLY ACCEPT THE AMOUNT THAT YOU HAVE ASSERTED
WOULD BE THE ALLOWABLE AMOUNT OF SUCH PROOF OF CLAIM UPON LIQUIDATION
OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, AS THE
ESTIMATED AMOUNT OF SUCH CLAIM PURSUANT TO SECTION 502(c) OF THE
BANKRUPTCY CODE FOR ALL PURPOSES. YOUR PROOF OF CLAIM WOULD REMAIN
SUBJECT TO FURTHER OBJECTION AND REDUCTION AS APPROPRIATE. THE DEBTORS'
ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED
TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION.

The Bankruptcy Court will consider only those responses made as set forth herein and in
accordance with the Amended Eighth Supplemental Case Management Order. If no responses to the
Third Omnibus Objection are timely filed and served in accordance with the procedures set forth herein
and in the Amended Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an
order sustaining the Third Omnibus Objection without further notice. Thus, your failure to respond may
forever bar you from sustaining a Claim against the Debtors.

JAMES H NGUYEN APPEAL FILED
RICHARD L DARST
STE 800 KEYSTONE PLAZA
8888 KEYSTONE CROSSING BLVD
INDIANAPOLIS IN 46240-4636