**Sonic Tech, Inc.**
*Helping to bring sound ideas to market*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
In re:                                   :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)
                                         :
          Debtors                        :    (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RESPONSE TO OBJECTION OF CLAIM

In response to the NOTICE OF OBJECTION OF CLAIM, under the "SEVENTH OMNIBUS CLAIMS OBJECTION", the following information, including documents cited and attached hereto, are respectfully submitted to the Court for review.

The claim of Sonic Tech Incorporated, the reference details of which are listed below, have been Objected to by the Debtors on the basis noted below, per the information provided in the NOTICE OF OBJECTION OF CLAIM document, page 2.

| Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim |
|---|---|---|---|---|
| 7/31/2006 | 14254 | $3789.04 | Books and Records Claim | Disallow and Expunge |

In Response, the following information is respectfully submitted, asserting the specific legal and factual bases for the above Claim, and establishing through the documentation submitted, a <u>prima facie</u> right to payment:

1. A Confidential Information Agreement (mutual) was entered into by Delphi Medical Systems, wholly owned subsidiary of the above-named Debtor, and Sonic Tech, Inc. in August 2005. However, its contents are not material to the Claim Response.
2. A Proposal for Consulting Services was issued by Sonic Tech, Inc. to Delphi Medical Systems, wholly owned subsidiary of the above-named Debtor, on September 1, 2005. A digital copy of said agreement is attached to this Response as Attachment A.
3. A Consulting Agreement, dated September 19, 2005 was entered into between Delphi Corporation and Sonic Tech, Inc. Within said Agreement was a specific Scope of Work, listed as Exhibit A, which outlined the Fee Schedule for the work effort. A digitized copy of said Scope of Work is attached to this Response as Attachment B.

4. A bona fide Purchase Order of Delphi Medical Systems, wholly owned subsidiary of the above-named Debtor was issued to Sonic Tech, Inc. The Number of said Purchase Order was 707527, dated September 27, 2005. A digitized copy of said Purchase Order is attached to this Response as Attachment C. Said Purchase Order was for 24 hours of consulting services of Dr. Mark E. Schafer, Ph.D. of Sonic Tech, Inc. The purpose of the work effort requested in said Purchase Order was to avail Delphi Medical Systems of the specific technical knowledge of Dr. Mark E. Schafer, Ph.D. of Sonic Tech, Inc. with respect to medical ultrasound devices, on an hourly consulting basis.
5. This Purchase Order and Scope of Work included costs for direct labor at $145/hour, travel time at $72.50/hour, and reimbursement of travel costs, said travel costs to have been approved in advance. The travel costs were approved in an email dated September 30, 2005 from Ms. Michelle Gaschler. A digitized copy of said email is attached to this Response as Attachment D. This email approval thereby complies with the terms of Item 3 of the Fee Schedule within the Scope of Work (Attachment B).
6. Said Purchase Order was taken as a legally binding contract, per the terms and conditions given in the Purchase Order.
7. In September 2005, arrangements were made for Dr. Schafer to travel to Delphi Medical to provide consulting services as described in the Purchase Order. As noted the travel arrangements were approved by Ms. Michelle Gaschler a priori.
8. On October 4, 2005, Dr. Schafer traveled from Philadelphia to Delphi Medical at 5725 Delphi Drive, Troy Michigan. On October 4 and 5, 2005, he performed at total of 11 hours of consulting services, with direct involvement of Mr. Paul Kotnik, Senior Medical Device Engineer. Dr. Schafer then returned to Philadelphia the evening of October 5, 2005. The total travel time for this effort was 10 hours (5 hours each way).
9. On October 12, 2005, Dr. Schafer performed an additional ¼ hour of consulting work from his office, in reviewing drawings, preparing comments, and emailing them to Mr. Kotnik. This effort, however, was post-Petition, and was therefore dealt with separately, and is not a part of this claim.
10. For the pre-Petition work, and in reimbursement of travel costs, Sonic Tech, Inc. issued Invoice #1005012, dated November 7, 2005; this invoice was submitted to Delphi Medical Systems, 4300 Road 18, Longmont CO 80504, Attn: Michelle Gaschler. A digitized copy of that invoice and the summary of the specific charges are respectfully attached hereto as Attachments E and F respectively. This Invoice is for $2320.00 in labor, and $1469.04 in travel expenses. Although the Purchase order was issued for 24 hours of consulting time, it was recommended to Sonic Tech, Inc. by Delphi Medical that an invoice be submitted for the services rendered prior to October 8, 2005. The original documentation substantiating the travel expenses were submitted along with the original Invoice. Photocopies of said documentation can be provided if the Court so pleases.
11. On November 9, 2005, a "Valued Supplier" letter was sent from Delphi to Sonic Tech, Inc. confirming their indebtedness of $3825.29 for the work performed (this amount also included $36.25 fort ¼ hour of consulting work performed on October 12, 2005 noted above, which is not a part of Claim 14254). A digitized copy of this letter is attached as Attachment G.

12. In evidence that this work was completed in a satisfactory manner as specified in Purchase Order 707527, and that Dr. Schafer did travel to Delphi Medical Systems, and did perform consulting work as described above, attached hereto is a letter verifying same from Mr. Kotnik, Senior Medical Device Engineer of Delphi Medical Systems. The letter is designated Attachment H.
13. In summary, Delphi Medical Systems issued a bona fide Purchase Order for consulting services; said services were completed as requested in fulfillment of the Purchase Order; and an Invoice for said services was properly prepared and submitted. This information was verified by a letter from a senior Delphi Medical employee familiar with the situation.

It is therefore respectfully submitted that an objection based on a "Books and Records Claim" by the Debtor is in factual error, and that Claim 14254 is valid and should not be disallowed and expunged.

The Debtors response or any action of the Court may be addressed to:

Sonic Tech, Incorporated
Attn: Mark Schafer
23 Brookline Court
Ambler, PA 19002

Respectfully Submitted,

Mark E. Schafer, Ph.D.
President
Sonic Tech, Inc.