| | |
|---|---|
| TOGUT, SEGAL & SEGAL LLP<br>Bankruptcy Co-Counsel for Delphi Corporation, et al.,<br>Debtors and Debtors in Possession<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>Albert Togut (AT-9759)<br>Neil Berger (NB-3599) | Hearing Date:   March 21, 2007<br>At:   10:00 a.m. |

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re: : Chapter 11
: Case No. 05-44481 [RDD]
DELPHI CORPORATION, *et al.*, :
: Jointly Administered
                                                   Debtors. :
:
------------------------------------------------------------x

### DEBTORS' STATEMENT OF DISPUTED ISSUES REGARDING DEBTORS' OBJECTION TO PROOFS OF CLAIM NOS. 15579-15583 (AUTOLIV ASP, INC.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement of Disputed Issues (the "Statement of Disputed Issues") With Respect To Proof of Claim Nos. 15579, 15580, 15581, 15582 and 15583 (the "Proofs of Claim") filed by Autoliv ASP, Inc. (the "Claimant") and respectfully represent as follows:

Background

1. On July 31, 2006, the Claimant filed the Proofs of Claim against Debtors Delphi Corporation, Delphi Holdings Corporation, and Delphi Automotive Systems Tennessee Inc.  The Proofs of Claim assert $2,110,150 in damages arising from

an alleged infringement of the Claimant's patent rights (the "Claims") to certain automotive passenger protection systems relating to side curtain airbags (the "Accused Products").

2. On October 31, 2006, the Debtors objected to the Proofs of Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books and Records, and (c) Claims Subject to Modification, and (ii) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (Docket No. 5452) (the "Objection"). The Debtors maintain that the Proofs of Claim are unsubstantiated.

3. The Claimant's Proofs of Claim purport to allege that Debtor's Accused Products infringe unspecified claims of U.S. Patent Nos. 5,788,270, 6,099,029, 6,312,009, and 6,494,480 (the "Patents-in-Suit") which are alleged to be held by the Claimant. The Claimant's Proofs of Claim further purport to allege that Debtor's Accused Products are sold by Debtors to its customer, General Motors, and used select vehicle programs: GMT 265, GMT 360, GMT 370, GMX 295, and GMT 191. At no time, in the Claimant's Proofs of Claim or otherwise, has the Claimant provided Debtors with any evidence to support its allegations of infringement or the damages sought.

4. The Claimant is precluded from receiving any damages in the above-captioned cases because it never properly served the Debtors with a notice of patent infringement and the Accused Products as required under 35 U.S.C. §287 and applicable patent law.

5. The Debtors are not liable to Claimant; the Debtors did not infringe upon the Claimant's patent rights. The Accused Products are the result of the Debtors'

own research and intellectual property rights rather than any usurpation of the Claimant's rights. The claims of the Patents-in-Suit cover a specific design for side curtain airbags. The Accused Products lack requisite elements recited in the claims of the Patents-in-Suit and therefore do not infringe literally or under the doctrine of equivalents any properly construed claim of the Patents-in-suit.

6. The Claimant's Claims also fail because the Patents-in-Suit are invalid under 35 U.S.C. §§ 102, 103, and/or 112, and therefore unenforceable. Claimant was not the first to invent side curtain airbags and the alleged inventions claimed in the Patents-in-Suit. Other patents and publications existing before the filing date of the Patents-in-Suit establish that the claimed inventions already existed or were merely an obvious derivative of technology well known to persons of ordinary skill in the art.

7. The Claimant's claims for damages is also unsubstantiated and unreasonable. Applicable patent law provides for damages in the form of a reasonable royalty in appropriate circumstances. However, the amount of alleged damages sought by the Claimant fails to satisfy the requirements for a reasonable royalty under applicable patent law, industry customs, and patent licensing norms for similar safety related technologies.

<u>Reservation Of Rights</u>

8. This Statement of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (i) Dates For Hearings Regarding Objections to Claims and (ii) Certain Notices and Procedures Governing Objections to Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the

Debtors' submission of this Statement of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expunction, reduction, or reclassification of the Claims and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expunction, reduction, or reclassification of the Claims.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claims, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
February 9, 2007

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
ALBERT TOGUT (AT-9759)
NEIL BERGER (NB-3599)
Members of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000