IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
        In re                                  :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                    :    Case No. 05-44481 (RDD)
                                                          :
                                    Debtors.   :    (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>AFFIDAVIT OF SERVICE</u>

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On February 7, 2007, I caused to be served the document listed below upon the parties listed on <u>Exhibit A</u> hereto via overnight delivery:

Debtors' Objection to Carl Allison's Motion to Reconsider Under Fed. R. Bankr. P. 3008 ("Objection to Carl Allison's Motion to Reconsider") (Docket No. 6877) [a copy of which is attached hereto as <u>Exhibit B</u>]

Dated: February 12, 2007

                                    _____/s/ Evan Gershbein_____
                                    Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 12th day of February, 2007, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____/s/ Shannon J. Spencer_____

Commission Expires: ___6/20/10_____

# EXHIBIT A

Delphi Corporation
Objection/Response Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com slivir@ffhsj.com | Counsel to Equity Security Holders Committee |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

2/8/2007 10:15 AM
Objection Service List

Delphi Corporation
Special Parties

| NAME | NOTICE NAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP |
|------|-------------|----------|----------|------|-------|-----|
| Carl Allison | Megan E Clark | Freking & Betz | 225 Vine Street Ste 600 | Cincinnati | OH | 45202 |
| Carl Allison | Megan E Clark | Freking & Betz | 525 Sixth Street 6th Floor | Cincinnati | OH | 45202 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

2/8/2007 10:20 AM
Allison Special Parties

# EXHIBIT B

**Hearing Date and Time: February 14, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (IL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :
        In re                                      :        Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :        Case No. 05-44481 (RDD)
                                                   :
                        Debtor.                    :        (Jointly Administered)
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO CARL ALLISON'S MOTION TO RECONSIDER
UNDER FED. R. BANKR. P. 3008

("OBJECTION TO CARL ALLISON'S MOTION TO RECONSIDER")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby object (the "Objection"), pursuant to Rule 60 of the Federal Rules Of Civil Procedure (the "Federal Rules"), made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Bankruptcy Rule 3008, to the Motion To Reconsider Under Fed. R. Bankr. P. 3008 (Docket No. 6678) (the "Motion") filed by Carl Allison ("Mr. Allison") with respect to this Court's Order Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging Certain (A) Claims With Insufficient Documentation And (B) Claims Unsubstantiated By Debtors' Books And Records, (II) Modifying Certain Claims, And (III) Adjourning Hearing On Certain Contingent And Unliquidated Claims Pursuant To 11 U.S.C. Section 502(c) Identified In Third Omnibus Claims Objection (Docket No. 6224) entered December 19, 2006 (the "Order"), disallowing and expunging Mr. Allison's Proof of Claim No. 2205 (the "Claim").  In support of this Objection, the Debtors submit the Declaration Of Noticing Agent Regarding Service Of Third Omnibus Claims Objection On Carl Allison, executed by Evan Gershbein, Consultant, of Kurtzman Carson Consultants LLC ("KCC"), the noticing agent in these chapter 11 cases, and sworn to February 7, 2007 (the "Gershbein Declaration"), a copy of which is attached hereto as <u>Exhibit A</u>.  In further support of this Objection, the Debtors respectfully represent as follows:

<u>Preliminary Statement</u>

1.      By the Motion, Mr. Allison requests that this Court reconsider the Order with respect to the disallowance and expungement of his Claim.  Mr. Allison concedes that his

2

counsel received notice of the Third Omnibus Claims Objection (as defined herein)[1] on

November 9, 2006, 21 days before the November 30, 2006 hearing on the objection.  Yet, he did

not file a response, contact counsel before the hearing for an extension, or do anything to contest

the relief sought by the Debtors.

2.    Now, approximately 70 days after he admits his counsel was served with

the objection, Mr. Allison asserts that he should not be bound by the order disallowing and

expunging his claim because service "may" have been untimely.

3.    In his Motion, Mr. Allison fails to cite any legal authority to support his

request to reconsider the Order.  Instead, Mr. Allison incorrectly asserts that the Debtors' notice

of the Third Omnibus Claims Objection raised an insufficient objection to the Claim.  This is

beside the point.  If Mr. Allison believed the objection was insufficient or otherwise without

merit, Mr. Allison should have filed a timely response to the Third Omnibus Claims Objection.

Nor does Mr. Allison's request to the Court to "balance the equities" provide a legally sufficient

reason to excuse his failure to timely respond.

4.    The appropriate standard to apply to Mr. Allison's request is whether he

can demonstrate "excusable neglect" under Bankruptcy Rules 3008 and 9024 (which

incorporates Rule 60(b) of the Federal Rules of Civil Procedure).  As outlined below,  Mr.

Allison does not satisfy this standard.  Mr. Allison does not state which – if any – of the grounds

for reconsideration under Rule 60(b) apply to the Motion.  He failed to provide evidence that the

Debtors did not properly serve the Third Omnibus Claims Objection on him and has not pointed

---

[1]    As used in this Objection, " Third Omnibus Claims Objection" means the Debtors' (I) Third Omnibus Objection
(Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed.R.Bankr.P. 3007 To Certain (A) Claims With
Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims
Subject to Modification And (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C.
§ 502(c) (Docket No. 5452).

to any exceptional circumstances warranting relief under Rule 60(b).  Accordingly, Mr. Allison's

Motion should be denied.

<u>Argument</u>

A.      Mr. Allison's Failure To Timely Respond To The Debtors' Properly Served Notice
        <u>Precludes Relief Under Rule 60(b)</u>

      1.      <u>Proper Mailing Constitutes Effective Service</u>

      5.      In the Motion, Mr. Allison complains that the Debtors' notice of the Third

Omnibus Claims Objection deprived him of timely notice.  His complaint is without merit.  As

shown by the Gershbein Declaration, the Debtors properly mailed a copy of the Third Omnibus

Claims Objection, without exhibits, and the personalized notice of the Third Omnibus Claims

Objection with respect to the Claim (the "Personalized Notice") on October 31, 2006, along with

a copy of the Motion for Order Pursuant to 11 U.S.C. §§ 502(b) and 502(c) and Fed.R.Bankr.P.

2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding

Disallowance or Estimation of Claims and (II) Certain Notices and Procedures Governing

Hearings Regarding Disallowance or Estimation of Claims (Docket No. 5453) (the "Claims

Objection And Estimation Procedures Motion").  These documents were served by KCC on Carl

Allison through his counsel by First Class mail at the address below, which is the address set

forth on Proof Of Claim No. 3978:

      Carl Allison
      Megan E Clark Esq
      Freking & Betz
      215 E 9th St
      Cincinnati, OH 45202

A copy of the Personalized Notice served on Mr. Allison is attached as Exhibit 1 to the

Gershbein Declaration.  <u>See</u> Gershbein Declaration at ¶ 2.  On November 1, 2006, KCC filed

with this Court an Affidavit Of Service with respect to KCC's service of the Third Omnibus

4

Claims Objection, the Personalized Notice, and the Claims Objections And Estimation

Procedures Motion on certain parties-in-interest, including Mr. Allison (Docket No. 5465). <u>See</u>

Gershbein Declaration at ¶ 2.

       6.     The Third Omnibus Claims Objection and the Personalized Notice

identified the necessary steps and corresponding deadlines that a claimant must adhere to in

filing a response. In fact, Mr. Allison concedes that he received the notice on November 9, 2006

– 21 days before the November 30, 2006 hearing with respect to the Third Omnibus Claims

Objection – and 15 days before the November 24, 2006 response deadline set for the in the

Personalized Notice. Despite having received the notice, Mr. Allison did not file a response,

contact Debtors' counsel before the hearing for an extension, or do anything to contest the relief

requested by the Debtors. On December 19, 2006 the Court entered the Order, which disallowed

and expunged the Claim.

       7.     The Debtors satisfied the requirements of Bankruptcy Rule 3007 for

providing notice of the Third Omnibus Claims Objection. By mailing the notice of the Third

Omnibus Claims Objection and the Personalized Notice to Mr. Allison 30 days prior to the

hearing on the objection at the address Mr. Allison himself provided on his proof of claim, the

Debtors gave Mr. Allison proper, sufficient, and timely notice of their objection to Mr. Allison's

proof of claim.

**B.**     **Mr. Allison Is Not Eligible Under Rule 60(b) For Reconsideration Of The Order**
           <u>**Disallowing And Expunging His Claim**</u>

       8.     By the Motion, Mr. Allison seeks reconsideration of the Order under

Bankruptcy Rule 3008. A court will grant a motion seeking reconsideration only upon a

showing of cause. <u>See</u> <u>In re JWP Info Serv., Inc.</u>, 231 B.R. 209, 211-12 (Bankr. S.D.N.Y. 1999).

In this jurisdiction, the standard of excusable neglect under Rule 60(b) of the Federal Rules of

Civil Procedure (made applicable through Bankruptcy Rule 9024) has been applied in

determining whether to grant a claimant a rehearing of an order disallowing a claim.  Id..

9.      Rule 60(b) authorizes a bankruptcy court to reconsider its previous orders

in certain limited circumstances and lists six categories of reasons or grounds on which to base a

motion seeking relief.  Specifically, Rule 60(b) states, in relevant part, that the court may provide

relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P.

60(b)(1).  Mr. Allison does not state which – if any – of the grounds for reconsideration on which

he is relying.  The burden of establishing proper grounds for Rule 60(b) relief rests upon the

movant.  See Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994).  As such, the

Motion is procedurally defective and Mr. Allison has failed to meet his burden of demonstrating

that one of the grounds applies.  "[Because Fed. R. Civ. P. 60(b)] allows extraordinary judicial

relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional

circumstances.'"  Id. (citations omitted).  Mr. Allison has not met this burden.  He failed to

provide any evidence to contradict the fact that he timely received the Third Omnibus Claims

Objection along with the Personalized Notice but failed to file a timely response and has not

pointed to any exceptional circumstances justifying the extraordinary relief he seeks.

10.     Assuming arguendo that Mr. Allison seeks to justify his request on the

basis of "excusable neglect", Mr. Allison still cannot meet his burden.  The Supreme Court has

outlined factors to be considered in determining whether there is excusable neglect on the part of

the moving party such that reconsideration is warranted.  In examining whether a creditor's

failure to file a claim by the bar date constituted excusable neglect, the Supreme Court found that

the factors include "the danger of prejudice to the debtor, the length of the delay and its potential

impact on judicial proceedings, the reason for the delay, including whether it was within the

reasonable control of the movant, and whether the movant acted in good faith."  Pioneer

6

Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395

(1993).  The Second Circuit recently applied the factors set forth in Pioneer and noted that

"reason for the delay" is the most important factor in the analysis.  Midland Cogeneration

Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 123 (2d Cir. 2005).

   11. Here, Mr. Allison did not file a response to the Third Omnibus Objection

until doing so simultaneously with the Motion, nearly two months after the response deadline of

November 24, 2006.  The ability to file a timely response was entirely within Mr. Allison's

control.  The Third Omnibus Claims Objection made the response requirements clear when, in

underlined text, it stated:

> If a Claimant whose Claim is subject to this Third Omnibus Claims Objection
> and who is served with this Third Omnibus Claims Objection fails to file and
> serve a timely Response in compliance with the foregoing procedures, the Debtors
> may present to the Court an appropriate order disallowing and expunging such
> Claim without further notice to the Claimant.  Thus, a failure to respond may
> forever bar Claimants listed on this Third Omnibus Claims Objection from
> sustaining a Claim against the Debtors.

Third Omnibus Claims Objection, ¶ 50 (emphasis original); see also ¶¶ 46, 47, 48, 49.

   12. The fact that Mr. Allison may not have realized what was required of him

to protect his Claim against the Debtors, even after reading the underlined warning in the Third

Omnibus Claims Objection, was a matter within Mr. Allison's own control and does not

constitute excusable neglect.

   13. Mr. Allison was represented by counsel.  The Second Circuit has noted

that it has consistently refused "to relieve a client of the burdens of a final judgment entered

against him due to the mistake or omission of his attorney by reason of the latter's ignorance of

the law or rules of the court, or his inability to efficiently manage his caseload."  Teltronics

Services, Inc. v. L M Ericsson Telecomm., Inc. 642 F.2d 31, 36 (2d Cir. 1981) (citation omitted).

Mr. Allison has provided no evidence of extenuating circumstance that might rise to the level of

excusable neglect relating to his failure to file a response to the Third Omnibus Claims Objection.

Therefore, the Motion should be denied.

C.      Granting Mr. Allison's Requested Relief Would Prejudice The Debtors By Undermining
        The Claims Administration Process

14.      As noted above, on October 31, 2006, KCC served Mr. Allison with a

copy of the Third Omnibus Claims Objection.  By receipt of the Third Omnibus Claims

Objection, as evidenced by the Gershbein Declaration, Mr. Allison had notice of the response

deadline with respect to claims objections.  Specifically, he had notice of the consequences of a

failure to timely respond to the Third Omnibus Claims Objection – that the Claims would be

disallowed and expunged pursuant to an order of this Court.  Granting the relief requested by Mr.

Allison would excuse him from his obligation to timely respond to the Third Omnibus Claims

Objection and would encourage other claimants to seek similar relief, undermining the integrity

and finality of the entire claims administration process.  The resulting uncertainty would greatly

prejudice the Debtors, their estates, and their creditors and undermine the Debtors' efforts to

formulate and prosecute a plan of reorganization.  Accordingly, Mr. Allison's request should be

denied.

<u>Conclusion</u>

15.      Mr. Allison seeks an opportunity to file a response and revive his Claim

without having satisfied any of the grounds for reconsideration of the Order pursuant to which

his claim was disallowed and expunged.  Relief under Rule 60(b) and Bankruptcy Rule 3008 is

not available to Mr. Allison.  Accordingly, the Motion should be denied.

<u>Memorandum Of Law</u>

16.      Because the legal points and authorities upon which this Objection relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

8

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

      WHEREFORE the Debtors respectfully request that the Court enter an order (a)

denying the Motion and (b) granting them such other and further relief as is just.

Dated: New York, New York
      February 7, 2007

            SKADDEN, ARPS, SLATE, MEAGHER
             & FLOM LLP


            By: /s/ John Wm. Butler, Jr
               John Wm. Butler, Jr. (JB 4711)
               John K. Lyons (JL 4951)
               Ron E. Meisler (RM 3026)
            333 West Wacker Drive, Suite 2100
            Chicago, Illinois 60606
            (312) 407-0700

                    - and –


            By: /s/ Kayalyn A. Marafioti
               Kayalyn A. Marafioti (KM 9632)
               Thomas J. Matz (TM 5986)
             Four Times Square
            New York, New York 10036
             (212) 735-3000

            Attorneys for Delphi Corporation, et al.,
             Debtors and Debtors-in-Possession

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**DECLARATION OF NOTICING AGENT REGARDING SERVICE OF THIRD
OMNIBUS CLAIMS OBJECTION ON CARL ALLISON**

I, Evan Gershbein , state as follows:

1.       I am over eighteen years of age and not a party to the above-captioned

cases.  I believe the statements contained herein are true based on my personal

knowledge.  I am a Consultant of Kurtzman Carson Consultants LLC ("KCC") and my

business address is 12910 Culver Blvd., Suite I, Los Angeles, CA 90066.  KCC was

retained as the noticing agent pursuant to the Final Order Under 28 U.S.C. § 156(c)

Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as

Claims, Noticing, and Balloting Agent for Clerk of Bankruptcy Court, entered by the

Court on December 1, 2005 (Docket No. 1374).  This declaration is based upon my

personal knowledge, except as to such matters as are stated upon information and belief.

2.       On October 31, 2006, KCC served copies of the Debtors' (I) Third

Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P.

3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated

by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion

to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) ("Third

Omnibus Claims Objection") (Docket No. 5452), without exhibits; the personalized

Notice of Objection to Claim pertaining to proof of claim no. 2205; and Motion for Order

Pursuant to 11 U.S.C. §§ 502(b) and 502(c) and Fed.R.Bankr.P. 2002(m), 3007, 7016,

7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Disallowance

or Estimation of Claims and (II) Certain Notices and Procedures Governing Hearings

Regarding Disallowance or Estimation of Claims ("Claims Objection and Estimation

Procedures Motion") (Docket No. 5453) on Carl Allison ("Allison") via First Class mail

at the address below:

> Carl Allison
> Megan E Clark Esq
> Freking & Betz
> 215 E 9th St
> Cincinnati, OH 45202

Attached hereto as Exhibit A is a copy of the personalized Notice of Objection to Claim

served on Allison.  On November 1, 2006, KCC filed with this Court an Affidavit Of

Service with respect to KCC's service of the Third Omnibus Claims Objection, the

Personalized Notice, and the Claims Objections And Estimation Procedures Motion on

certain parties-in-interest, including Allison (Docket No. 5465).

    3.    The contact information used to serve the aforementioned documents on

Allison is derived from Allison's proof of claim (No. 2205).  The first page of proof of

claim No. 2205 (i.e. B10 form) is attached hereto as Exhibit B.

    4.    On December 8, 2006, KCC served the Order Pursuant to 11 U.S.C.

Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014

Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain

Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures

Order") (Docket No. 6089) on Allison via First Class mail at the address below:

Carl Allison
Megan E Clark Esq
Freking & Betz
215 E 9th St
Cincinnati, OH 45202

5.      On January 4, 2007, KCC served the Order Pursuant to 11 U.S.C. Section

502(b) and Fed. R. Bankr. P. 3007 (I) Disallowing and Expunging Certain (A) Claims

with Insufficient Documentation and (B) Claims Unsubstantiated by Debtors' Books and

Records, (II) Modifying Certain Claims, and (III) Adjourning Hearing on Certain

Contingent and Unliquidated Claims Pursuant to 11 U.S.C. Section 502(c) Identified in

Third Omnibus Claims Objection ("Third Omnibus Claims Objection Order") (Docket

No. 6224), without exhibits, and the personalized Notice of Entry of Order pertaining to

Claim No. 2205 on Allison via First Class mail at the address below:

Carl Allison
Megan E Clark Esq
Freking & Betz
215 E 9th St
Cincinnati, OH 45202

6.      After a thorough review, it is my belief that KCC has never received a

request to change the contact information, especially address, associated with proof of

claim no. 2205.

7.       To the best of my knowledge, information and belief, I hereby declare

and state that the foregoing information is true and correct.

Executed on February 7, 2007, at Los Angeles, California.

 _/s/_ Evan Gershbein_____
Evan Gershbein

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
          In re                     :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                    :
                       Debtors.     :        (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF OBJECTION TO CLAIM

Carl Allison:

     Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your claims identified in the table below should be disallowed and expunged or modified as summarized
in that table and described in more detail in the Debtors' Third Omnibus Objection to Certain Claims (the
"Third Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Third
Omnibus Objection is set for hearing on November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time)
before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New
York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN
THE ENCLOSED THIRD OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO
RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING
EASTERN TIME) ON NOVEMBER 24, 2006. IF YOU DO NOT RESPOND TIMELY IN THE
MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE
ENTERED WITHOUT ANY FURTHER NOTICE TO YOU.

     The enclosed Third Omnibus Objection identifies several different categories of objections. The
category of claim objection applicable to you is identified in the table below in the column entitled "Basis
For Objection":

     Claims identified as having a Basis For Objection of "Insufficient Documentation" are
     those Claims that did not contain sufficient documentation in support of the Claim
     asserted, making it impossible for the Debtors to meaningfully review the asserted Claim.

     Claims identified as having a Basis For Objection of "Untimely Insufficient
     Documentation" are those Claims that did not contain sufficient documentation in support
     of the Claim asserted making it impossible for the Debtors to meaningfully review the
     asserted Claim and also were not timely filed pursuant to the Order Under 11 U.S.C. §§
     107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And
     5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And

Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims that were overstated or were denominated in foreign currencies and which the Debtors seek to modify to a fully liquidated, U.S.-denominated amount in line with the Debtors' books and records and/or the liquidated amounts requested by the Claimants, as appropriate, and to appropriately classify the total amount of such remaining Claims as general unsecured claims.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
| 3/7/2006 | 2205 | $300,000.00 | Unsubstantiated Claim | Disallow and Expunge |

If you wish to view the complete exhibits to the Third Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Third Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-259-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this Third Omnibus Objection, you must file a response and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006. Your response, if any, to the Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in a foreign currency.

(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Third Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or modified for the reasons set forth in the Third Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Third Omnibus Objection; (iv) all documentation or other evidence of the claim upon which you will rely in opposing the Third Omnibus Objection to the extent not included with the proof of claim previously filed with the Bankruptcy Court; (v) to the extent that the Claim is fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; (vi) the address(es) to which the Debtors must deliver any reply to your response, if different from that presented in the proof of claim; and (vii) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the Debtors have requested that the Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding the Third Omnibus Claims Objection and any Response and set further hearings pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Objection and Estimation Procedures Motion") being filed contemporaneously with the Third Omnibus Objection. With respect to all uncontested objections, the Debtors have requested that this Court conduct a final hearing on November 30, 2006 at 10:00 a.m. or as soon thereafter as counsel may be heard. The procedures set forth in the Claims Objection and Estimation Procedures Motion will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.

TO THE EXTENT ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, IF YOU FILE A RESPONSE IN ACCORDANCE WITH THE ABOVE

3

PROCEDURES, PURSUANT TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES
MOTION THE DEBTORS HAVE REQUESTED THE AUTHORITY TO ELECT, IN THEIR SOLE
DISCRETION, TO PROVISIONALLY ACCEPT THE AMOUNT THAT YOU HAVE ASSERTED
WOULD BE THE ALLOWABLE AMOUNT OF SUCH PROOF OF CLAIM UPON LIQUIDATION
OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, AS THE
ESTIMATED AMOUNT OF SUCH CLAIM PURSUANT TO SECTION 502(c) OF THE
BANKRUPTCY CODE FOR ALL PURPOSES.  YOUR PROOF OF CLAIM WOULD REMAIN
SUBJECT TO FURTHER OBJECTION AND REDUCTION AS APPROPRIATE.  THE DEBTORS'
ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED
TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION.

The Bankruptcy Court will consider only those responses made as set forth herein and in
accordance with the Amended Eighth Supplemental Case Management Order.  If no responses to the
Third Omnibus Objection are timely filed and served in accordance with the procedures set forth herein
and in the Amended Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an
order sustaining the Third Omnibus Objection without further notice.  Thus, your failure to respond may
forever bar you from sustaining a Claim against the Debtors.

CARL ALLISON
MEGAN E CLARK ESQ
FREKING & BETZ
215 E 9TH ST
CINCINNATI OH 45202

# EXHIBIT 2

| United States Bankruptcy Court Southern    District Of New York | PROOF OF CLAIM |
|---|---|

This Space For Court Use Only

Name of Debtor
**Delphi Harrison Thermal Systems**

Case Number
**05-44481(RDD0**

Claim #02205
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**Carl Allison**

Name and Address where notices should be sent:

**Megan E. Clark, Esq.
Freking & Betz
215 E. 9th Street
Cincinnati, OH  45202**

Telephone Number: **513-721-1975**

[ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[ ] Check box if you have never received any notices from the bankruptcy court in this case.

[ ] Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**
**MAR 08 2006**
**KURTZMAN CARSON**
This Space For Court Use Only

Last four digits of account or other number by which creditor identifies debtor:

Check here if this claim [ ] replaces [ ] amends a previously filed claim dated: _____

**1. Basis for Claim**
[ ] Goods sold
[ ] Services performed
[ ] Money loaned
[ ] Personal injury/wrongful death
[ ] Taxes
[X] Other **Age Discrimination Litigation**

[ ] Retiree benefits as defined in 11 U.S.C. § 1114(a)
[ ] Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)        (date)

**2. Date debt was incurred:**
**No later than 12/31/03**

**3. If court judgment, date obtained:**
**Still in litigation**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** over **$300,000**
[X] Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Secured Claim.**
[ ] Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
[ ] Real Estate  [ ] Motor Vehicle  [ ] Other _____
Value of Collateral $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**Unsecured Priority Claim.**
[ ] Check this box if you have an unsecured claim, all or part of which is entitled to priority
Amount entitled to priority $_____
Specify the priority of the claim:
[ ] Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
[ ] Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
[ ] Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

[ ] Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
[ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
[ ] Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ over **$300,000** _____ _____ over **$300,000**
(Unsecured)    (Secured)    (Priority)    (Total)
[X] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space For Court Use Only

Date:
**2/21/06**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Megan E Clark*

Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment for up ...

0544481060307000000000023