**Hearing Date: February 15, 2007**
                                        **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
|     In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|                       Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' SEVENTH OMNIBUS
OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.
3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT
<u>REFLECTED ON DEBTORS' BOOKS AND RECORDS, AND (C) UNTIMELY CLAIMS</u>

Delphi Corporation ("Delphi")[1] and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this omnibus reply in support of the Debtors' Seventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, And (C) Untimely Claims (the "Seventh Omnibus Claims Objection"), and respectfully represent as follows:

1. The Debtors filed the Seventh Omnibus Claims Objection on January 12, 2007 to disallow and expunge certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because such Claims (a) contain insufficient documentation in support of the Claims asserted, (b) contain insufficient documentation in support of the Claims asserted and were untimely pursuant to the Bar Date Order, (c) are liabilities or dollar amounts that are not reflected on the Debtors' books and records, (d) are liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely pursuant to the Bar Date Order, or (e) were untimely pursuant to the Bar Date Order. The Debtors sent each claimant whose proof of claim is subject to an objection pursuant to the Seventh Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified the claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Seventh Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on February 8, 2007.

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Seventh Omnibus Claims Objection.

2. As of February 14, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 14 formal timely-filed docketed responses, five formal but untimely filed docketed responses, and two undocketed responses (the "Responses") to the Seventh Omnibus Claims Objection. A chart summarizing each of the Responses is attached hereto as Exhibit A.

3. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of such Claims.

4. In addition to the Responses, the Debtors also received informal letters, e-mails, and phone calls from various parties questioning the relief requested and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

5. Attached hereto as Exhibit B is a form of revised order in respect of the Seventh Omnibus Claims Objection.[2] The Revised Order reflects the adjournment of the Responses to a future hearing date pursuant to the Claims Objection Procedures Order.

6. The Debtors respectfully request that this Court enter the Debtors' Revised Order sustaining the Debtors' objections as to Claims for which no Response was filed and granting the further relief requested therein.

---

[2] Attached hereto as Exhibit C is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Seventh Omnibus Claims Objection.

3

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Seventh Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) adjourning the hearing with respect to all Claims as to which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
February 14, 2007

    SKADDEN, ARPS, SLATE, MEAGHER
      & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

4