**Exhibit A**

**In re Delphi Corporation, et al. Case No. 05-44481 (RDD)**

*Responses To The Debtors' Seventh Omnibus Claims Objection*
*Organized By Objector[1]*

|   | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 1. | Georgia Department of Revenue (Docket No. 6829) | 2276 | The Georgia Department of Revenue asserts its claim of $8,600.00 based on estimates of unpaid withholding taxes, corporate net worth taxes, and corporate income taxes for certain pre-petition periods for which Debtor[2] Delphi Integrated Service Solutions, Inc. allegedly did not file returns. | Books and Records |
| 2. | San Benito Consolidated Independent School District (Docket No. 6844) | 16357 | The San Benito Consolidated Independent School District asserts that its claim is for unpaid taxes for tax year 2005. It also asserts that it did not receive "adequate" notice of the Debtors' bankruptcy, and thus that the bar date should not apply to its claim. | Late Claim |
| 3. | Brenda Lawrence (Docket No. 6789) | 16271 | Brenda Lawrence asserts that she submitted with her response documentation evidencing injury and the payment by GM and Delphi of certain medical expenses associated therewith. Ms. Lawrence requests that Delphi continue to pay for periodic medical bills associated with the alleged injury. | Untimely Books and Records |

---

[1] This chart reflects all Responses entered on the docket as of February 14, 2007 at 1:00 p.m.

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Seventh Omnibus Claims Objection.

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** |
|---|---|---|---|---|
| 4. | Russell Reynolds Associates, Inc. (Docket No. 6849) | 11812 | Russell Reynolds asserts that the Debtors have scheduled its claim in the amount of $98,607.73, but that it is only owed $77,708.66. Thus, Russell Reynolds asserts that its claim of $77,708.66 should be allowed. Russell Reynolds notes that the Debtors objected to its claim in the Third Omnibus Claims Objection, and that such objection was resolved by capping Russell Reynolds' claim at $77,708.66. | Books and Records |
| 5. | Eaton Hydraulics, Inc. (Docket No. 6859) | 11029 | Eaton Hydraulics asserts that its claim for $1,865.03 is supported by invoices and other documents that were attached to its original proof of claim. Eaton Hydraulics further asserts that the Debtors have not proffered sufficient evidence to rebut Eaton Hydraulics' claim, and therefore the Seventh Omnibus Claims Objection should be overruled as to Eaton Hydraulics' claim. | Books and Records |
| 6. | Eaton Electrical, Inc. (Docket No. 6860) | 10908 | Eaton Electrical asserts that its claim for $4,692.90 is supported by invoices and other documents that were attached to its proof of claim. Eaton Hydraulics further asserts that the Debtors have not proffered sufficient evidence to rebut Eaton Hydraulics' claim, and therefore the Seventh Omnibus Claims Objection should be overruled as to Eaton Hydraulics' claim. | Books and Records |
| 7. | Contrarian Funds, LLC, as assignee of Ferro Corporation (Docket No. 6876) | 9954 | Contrarian Funds asserts that the Debtors have failed to rebut the prima facie validity of its claim | Books and Records |
| 8. | Southwest Research Institute (Docket No 6880) | 12109 | Southwest Research Institute asserts that a claim does not need to be on the Debtors' books and records to be valid. Southwest Research Institute attached to its Response a copy of a purchase order, invoice, and other documentation and seeks an allowed claim for $797.40. | Books and Records |

|    | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** |
|----|---|---|---|---|
| 9. | US Xpress Enterprises, Inc. Eft (Docket No. 6895) | 13806 | US Xpress asserts that it was a known creditor of Delphi Corporation as of the date that the Debtors' chapter 11 filing. US Xpress asserts that it was not listed on the Debtors' original or amended Schedules of Assets and Liabilities. US Xpress further asserts that it has no record of ever having received actual notice of the bar date order. US Xpress filed a claim on August 21, 2006 for $72,704. | Untimely |
| 10. | South-West City School District Board of Education (Docket No. 6883) | 11881 | South-West City School District Board of Education (the "Claimant") asserts that it filed a proof of claim for all real property taxes accruing in tax year 2006 for a total of $164,519.24, which became payable on June 20, 2006. The Claimant alleges that these were taxes due for the second half of 2005. The Claimant acknowledges that on January 23, 2007, the Debtors paid $176,396.22 for real property taxes incurred in the second half of 2005. The Claimant asserts that this payment satisfies only the current taxes due and payable for the first half of 2006 and not the taxes due for the second half of 2005. The Claimant further asserts that the Debtors now owe $7,520.91 for penalties and fees accrued for its failure to satisfy the delinquent taxes identified in the proof of claim. | Books and Records |
| 11. | Teledyne Technologies Incorporated (Docket No. 6904) *Untimely Filed 2/9/2007* | 15615 | Teledyne Technologies Incorporated asserts a claim in the amount of $539.82 for goods sold to the Debtors. Teledyne further asserts that it attached its invoice to the Proof of Claim and that the invoice has not been paid to date. | Books and Records |
| 12. | HEAD Acoustics, Inc. (Docket No. 6905) *Untimely Filed 2/9/2007* | 8668 | HEAD asserts that it entered into a one-year contract for maintenance support of equipment and software. HEAD further asserts that the Debtors failed to "receipt" the contract, as required by the Debtors purchasing/accounting system, and therefore payment was never issued. HEAD contests the Objection and requests that the Court allow its claim in the amount of $3,890.00 | Books and Records |

|  | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 13. | G.P. Reeves, Inc (Docket No. 6906) *Untimely Filed 2/9/2007* | 5506 | G.P. Reeves, Inc. asserts that its Claim was timely filed and its invoice matched the purchase order, but the amount has not yet been paid. | Books and Records |
| 14. | Sonic Tech (Docket No. 6907) | 14254 | Sonic Tech asserts that it entered into a consulting agreement with and received a purchase order from Delphi Medical Systems. Sonic Tech further asserts that on November 7, 2005 it issued an invoice for prepetition work. Finally, Sonic Tech asserts that a "Valued Supplier" letter was sent from Delphi to Sonic Tech on November 9, 2005 confirming the indebtedness of $3825.29. Sonic Tech attaches additional documentation in support of its claim. | Books and Records |
| 15. | Sierra Liquidity Fund, LLC as assignee of Bales Company (Docket No. 6908) | 14675 | Sierra Liquidity attached additional documentation including invoices and purchase orders to its Response and asserted that the supporting documentation shows that the claim of $3,160.00 prepetition unsecured debt has not been paid. | Books and Records |
| 16. | Portage County Water Resources Department (Docket No. 6909) | 16292 | Portage County Water Resources Department (the "Claimant") asserts that it provides sewage collection services to Delphi Automotive Services, LLC in Rootstown Township, Ohio. The Claimant admits that its Proof of Claim, filed on September 8, 2006, incorrectly listed the amount as $17,967.88, but that the correct amount is $17,547.46, which is the amount scheduled by the Debtors. The Claimant asserts that it did not need to file a proof of claim because its claim was scheduled. The Claimant asks the Court to disregard the proof of claim and accept the scheduled amount. | Untimely |
| 17. | Alstom Power Enironmental Consult GmbH (Docket No. 6903) | 652 | Alstom asserts that it provided project management services on a confidential project, for which it submitted an invoice in the amount of $2,726.00. Alstom also enclosed a copy of its invoice. | Books and Records |
| 18. | Veolia Environmental Services (Undocketed) | 2344 | Veolia Environmental Services asserts that its claim is true, accurate, and fair and should be paid in full. | Books and Records |

4

|     | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** |
|-----|---|---|---|---|
| 19. | Letavis Enterprises, Inc. (Undocketed) | 5048 | Letavis Enterprises asserts that it misunderstood the need to file all available invoices and documentation with its initial Proof of Claim. It attached the additional documentation to its Response. | Books and Records |
| 20. | Stephanie Gray (Docketed No. 6944) *Untimely filed 2/13/2007* | 16384 | Ms. Gray asserts that her claim is based on her liability as a Delphi employee for damages she paid in a personal injury suit by James Hutz. Ms. Gray further asserts that the basis of her claim is the same as that of the claim filed by Mr. Hutz, and therefore the untimeliness of Ms. Gray's claim is not prejudicial to the Debtors. | Untimely Books and Records |
| 21. | Neosong USA, Inc. (Docket No. 6943) *Untimely filed 2/13/2007* | 5053 | The Court's docket indicates that a Response was filed by Neosong USA, Inc. at docket number 6943, however, the document linked to this docket entry is a response filed by Stephanie Gray, also docketed and linked at docket number 6944. Therefore, the Debtors have been unable to view the Response that may have been filed by Neosong USA, Inc. | |