UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 DISALLOWING
AND EXPUNGING CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B)
CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, AND (C)
<u>UNTIMELY CLAIMS AS IDENTIFIED IN SEVENTH OMNIBUS CLAIM OBJECTION</u>

("SEVENTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Seventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B)

Claims Not Reflected On Debtors' Books And Records, And (C) Untimely Claims (the "Seventh

Omnibus Claims Objection") of Delphi Corporation and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and

upon the record of the hearing held on the Seventh Omnibus Claims Objection; and after due

deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

        A.        Each holder of a claim (as to each, a "Claim") listed on <u>Exhibits</u> <u>A-1</u>, <u>A-2</u>,

<u>B-1</u>, <u>B-2</u>, <u>C</u>, <u>D-1</u> and <u>D-2</u> attached hereto was properly and timely served with a copy of the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein
shall have the meanings ascribed to them in the Seventh Omnibus Claims Objection.

Seventh Omnibus Claims Objection, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing

Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), a

personalized Notice Of Objection To Claim, the proposed order in respect of the Seventh

Omnibus Claims Objection, and notice of the deadline for responding to the Seventh Omnibus

Claims Objection.  No other or further notice of the Seventh Omnibus Claims Objection is

necessary.

> B.      The Court has jurisdiction over the Seventh Omnibus Claims Objection

pursuant to 28 U.S.C. §§ 157 and 1334.  The Seventh Omnibus Claims Objection is a core

proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Seventh Omnibus Claims

Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

> C.      The Claims listed on Exhibit A-1 hereto contain insufficient

documentation to support the Claims asserted (the "Insufficiently Documented Claims").

> D.      The Claims list on Exhibit A-2 hereto contain insufficient documentation

to support the Claims asserted and were also untimely pursuant to the Bar Date Order (the

"Untimely Insufficiently Documented Claims").

> E.      The Claims listed on Exhibit B-1 hereto contain liabilities or dollar

amounts that are not reflected on the Debtors' books and records (the "Books and Records

Claims").

> F.      The Claims listed on Exhibit B-2 hereto contain liabilities or dollar

amounts that are not reflected on the Debtors books and records and were also untimely pursuant

to the Bar Date Order (the "Untimely Books and Records Claims").

2

G.      The Claims listed on Exhibit C hereto were untimely pursuant to the Bar

Date Order (the "Untimely Claims").

H.      The relief requested in the Seventh Omnibus Claims Objection is in the

best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.      Each Insufficiently Documented Claim listed on Exhibit A-1 hereto is

hereby disallowed and expunged in its entirety.

2.      Each Untimely Insufficiently Documented Claim listed on Exhibit A-2

hereto is hereby disallowed and expunged in its entirety.

3.      Each Books and Records Claim listed on Exhibit B-1 hereto is hereby

disallowed and expunged in its entirety.

4.      Each Untimely Books and Records Claim listed on Exhibit B-2 hereto is

hereby disallowed and expunged in its entirety.

5.      Each Untimely Claim listed on Exhibit C hereto is hereby disallowed and

expunged in its entirety.

6.      With respect to each Claim for which a Response to the Seventh Omnibus

Claims Objection has been filed and served, all of which Claims are listed on Exhibits D-1 and

D-2, hereto, the hearing regarding the objection to such Claims is adjourned to a future hearing

date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures

Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right

to assert that any such Responses were untimely or otherwise deficient under the Amended

Eighth Supplemental Order.

3

7.      Entry of this order is without prejudice to the Debtors' right to object to

any other claims in these chapter 11 cases, or to further object to claims that are the subject of the

Seventh Omnibus Claims Objection, on any grounds whatsoever.

8.      Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any claim asserted against any of the Debtors.

9.      This Court shall retain jurisdiction over the Debtors and the holders of

Claims subject to the Seventh Omnibus Claims Objection to hear and determine all matters

arising from the implementation of this order.

10.     Each Claim and each of the objections by the Debtors to each Claim as

addressed in the Seventh Omnibus Claims Objection constitutes a separate contested matter as

contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with

respect to each Claim.  Any stay of this order shall apply only to the contested matter which

involves such Claim and shall not act to stay the applicability or finality of this order with

respect to the other contested matters covered hereby.

11.     Kurtzman Carson Consultants, LLC is hereby directed to serve this order

in accordance with the Claims Objection Procedures Order.

12.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Seventh Omnibus Claims

Objection.

Dated: New York, New York
        February  ___, 2007


_____
UNITED STATES BANKRUPTCY JUDGE


4