UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :

    In re                                 :        Chapter 11
                                           :
DELPHI CORPORATION, et al.,       :        Case No. 05-44481 (RDD)
                                           :
                     Debtors.     :        (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING (A) DUPLICATE AND AMENDED CLAIMS, (B)
CLAIMS DUPLICATIVE OF CONSOLIDATED TRUSTEE CLAIM, (C) EQUITY CLAIMS,
AND (D) PROTECTIVE CLAIMS
<u>IDENTIFIED IN EIGHTH OMNIBUS CLAIMS OBJECTION</u>

("EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

        Upon the Eighth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Claims Duplicative Of The Consolidated Trustee Claim, (C) Equity Claims, And (D) Protective Claims, dated February 15, 2007 (the "Eighth Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Eighth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.    Each holder of a claim (each, a "Claim") listed on Exhibit A-1, A-2, B, C-1, C-2, and D attached hereto was properly and timely served with a copy of the Eighth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order, and the notice of the deadline for responding to the Eighth Omnibus Claims Objection. No other or further notice of the Eighth Omnibus Claims Objection is necessary.

      B.    The Court has jurisdiction over the Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Eighth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    The Claims listed on Exhibit A-1 hereto under the column heading "Claim To Be Expunged" are either duplicates of Claims filed with the Court or have been amended or superseded by later-filed Claims.

      D.    The Claims listed on Exhibit A-2 hereto under the column heading "Claim To Be Expunged" are either duplicative of other Claims or have been amended or superseded by later-filed Claims, and are survived by two Claims.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Eighth Omnibus Claims Objection.

2

      E.      The Claim listed on <u>Exhibit B</u> hereto was filed by an individual noteholder ("Individual Holder Claim") and is duplicative of the consolidated proof of claim filed on August 2, 2006 by Wilmington Trust Company.

      F.      The Claims listed on <u>Exhibit C-1</u> hereto were filed by holders of Delphi Corporation common stock solely on account of their stock holdings ("Equity Claims").

      G.      The Claims listed on <u>Exhibit C-2</u> hereto were filed by holders of Delphi Corporation common stock solely on account of their stock holdings and were also untimely pursuant to the Bar Date Order ("Untimely Equity Claims").

      H.      The Claims listed on <u>Exhibit D</u> hereto were filed by creditors to protect against future rejection damages ("Protective Claims").

      I.      The relief requested in the Eighth Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.      Each "Claim To Be Expunged" listed on <u>Exhibit A-1</u> and <u>A-2</u> hereto is hereby disallowed and expunged in its entirety. Those Claims identified on <u>Exhibit A-1</u> and <u>A-2</u> as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

      2.      The Individual Holder Claim listed as a "Claim To Be Expunged" on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety. The Claim identified on <u>Exhibit B</u> as "Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

3

    3. Each Equity Claim listed on <u>Exhibit C-1</u> hereto is hereby reclassified as an interest, and is disallowed and expunged as a claim in its entirety.

    4. Each Untimely Equity Claim listed on <u>Exhibit C-2</u> hereto is hereby reclassified as an interest and as such is disallowed and expunged in its entirety.

    5. Each Protective Claim listed on <u>Exhibit D</u> hereto is hereby disallowed and expunged in its entirety, subject to the right of affected creditors set forth on <u>Exhibit D</u> under paragraph 8 of the Bar Date Order to assert a Claim for rejection damages in the event of a rejection of an executory contract or an unexpired lease by the Debtors.

    6. Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Eighth Omnibus Claims Objection, on any grounds whatsoever; <u>provided</u>, <u>however</u>, that solely to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the "Remaining Claim") disallowed and expunged solely on the basis that such Remaining Claim is asserted against the incorrect Debtor, <u>provided</u> that one of the Multiple Debtor Duplicative Claims was originally filed against the correct Debtor. For the avoidance of doubt, except as expressly provided in the preceding sentence, the Remaining Claims shall remain subject to further objection on any grounds whatsoever, including, without limitation, that any such Remaining Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Duplicative Claim against the correct Debtor. Nothing contained herein shall restrict the Debtors from objecting to any Remaining Claim or any holder of a Remaining Claim from

4

seeking relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors against which such Remaining Claim is asserted.

       7.     Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

       8.     This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Eighth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

       9.     Each of the objections by the Debtors to each Claim addressed in the Eighth Omnibus Claims Objection and set forth on Exhibits A-1, A-2, B, C-1, C-2 and D hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Eighth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

       10.    Kurtzman Carson Consultants, LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

       11.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Eighth Omnibus Claims Objection.

Dated: New York, New York
       March ___, 2007

                                         _____
                                         UNITED STATES BANKRUPTCY JUDGE