TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Jayme T. Goldstein  (JG-9054)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                  :
In re:                                                            :
                                                                  :    Chapter 11
DELPHI CORPORATION, et al.,                                       :    Case No. 05-44481 [RDD]
                                                                  :
                        Debtors.                                  :    Jointly Administered
                                                                  :
---------------------------------------------------------------x

## SETTLEMENT AGREEMENT

Barclays Bank, PLC ("Barclays Bank") and Delphi Corporation, as successor in interest to Delphi Automotive Systems Corporation, together with its co-debtors ("Delphi"), hereby agree:

WHEREAS, on November 23, 2001, Delphi entered into a master swap agreement (the "Master Agreement") with Barclays Bank;  and

WHEREAS, on October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for the Southern District of New York (the "Court") for

reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"); and

WHEREAS, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, this Court entered orders directing the joint administration of the Debtors' chapter 11 cases; and

WHEREAS, on October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors; and

WHEREAS, on May 11, 2006, the U.S. Trustee appointed an official committee of equity security holders; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, on October 10, 2005, Barclays Bank sent Delphi a Notice of Termination of the Master Agreement, which constituted early termination thereof; and

WHEREAS, section 6 of the Master Agreement requires Barclays Bank to make a termination payment to Delphi upon the early termination of the Master Agreement; and

WHEREAS, on October 26, 2005, Barclays Bank sent Delphi a Statement of Payment on Early Termination in connection with the Master Agreement, pursuant to which Barclays Bank represented and agreed that it owed Delphi a liquidated sum of $10,178,261.40 as the termination payment provided for by the Master Agreement; and

WHEREAS, on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order"); and

WHEREAS, on January 5, 2006, the Bankruptcy Court entered an order authorizing the Debtors to, among other things, refinance their postpetition financing and prepetition secured debt (the "Refinancing Order" and, together with the Final DIP Order, the "DIP Orders"); and

WHEREAS, paragraph 18 of the Final DIP Order and paragraph 16 of the Refinancing Order establish, among other things, procedures for creditors to assert setoff and/or recoupment rights; and

WHEREAS, Barclays Bank recalculated the amount due to Delphi as a result of the early termination of the Master Agreement and on November 14, 2005, Barclays Bank sent Delphi an Amended Statement of Payment on Early Termination, revising the amount that it owed Delphi to $9,044,399.41 (the "Termination Payment"); and

WHEREAS, Delphi has asserted it has made proper demand upon Barclays Bank for payment and delivery of the Termination Payment, which is due and payable to Delphi; and

WHEREAS, Barclays Bank has asserted that it has a right to withhold payment of all or part of the Termination Payment to protect its alleged setoff rights on

account of any indemnification payment obligations that may be owed to it by Delphi pursuant to, and in connection with:  (i) the indemnity provisions of the Master Agreement and the Underwriting Agreement dated July 22, 2003;  (ii) the pre-petition issuance of certain Delphi bonds (the "Bonds") by Barclays Capital Inc. ("Barclays Capital"), an affiliate of Barclays Bank;  and (iii) claims that have been asserted against Barclays Capital in a class action filed in the Southern District of New York, styled *In re Delphi Corp. Securities Litigation, 1:05-cv-2637* (the "Litigation")[1];  and

      WHEREAS, Delphi has asserted that it does not owe any indemnification obligation to Barclays Bank because, *inter alia*, Barclays Bank was neither an issuer of the Bonds nor was it named as a defendant in the Litigation, and the issuance of the Bonds by Barclays Capital was wholly unrelated to the Master Agreement and the parties' rights and obligations thereunder;  and

      WHEREAS, as a result of arms-length negotiations, Delphi and Barclays Bank (together, the "Parties") have agreed to settle their dispute regarding the Termination Payment and Barclay Bank's right of setoff and/or indemnification in connection with the Termination Payment, based upon the terms and conditions set forth in this agreement (the "Settlement Agreement");  and

      WHEREAS, Delphi has concluded that the proposed settlement set forth herein is in the best interests of its estate, and in reaching that conclusion, has

---

[1] On February 6, 2006, the Litigation was consolidated with several other actions pending against Delphi and related entities and transferred to the United States District Court for the Eastern District of Michigan as part of the consolidated proceeding known as *In re Delphi Corporation Securities, Derivative and ERISA Litigation* (MDL No. 1725).

considered, among other things, the defenses asserted by Barclays Bank to Delphi's demand for the Termination Payment and the cost, expense and delay associated with litigating the matter, the result of which is uncertain.

NOW, THEREFORE, FOR good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree:

1.  This Settlement Agreement shall be effective on the date when an Order of the Court (the "Approval Order") approving the terms hereof shall become final and not subject to any stay or appeal (the "Effective Date").  Notwithstanding the foregoing, during the period between the date of the complete execution of this Settlement Agreement and the Effective Date, the Parties shall be bound by the terms hereof and shall do nothing contrary to the terms set forth herein.

2.  Within three (3) business days after the Effective Date, Barclays Bank will deliver the Termination Payment in the amount of $9,044,399.41 (the "Settlement Amount") to Delphi in immediately available funds.

3.  Payment of the Settlement Amount by Barclays Bank to Delphi shall be in full and final satisfaction of any and all claims that Delphi may have against Barclays Bank for the return of the Termination Payment.  Upon entry of the Approval Order and payment to Delphi of the Settlement Amount, subject only to the reservation set forth in paragraphs "4" and "7" below, Delphi hereby releases and waives any claims, charges, causes of action and avoidance actions it may assert or may have been able to assert against Barclays Bank, its affiliates, subsidiaries, shareholders, officers, directors, employees, attorneys and agents with respect to the Termination Payment,

including, but not limited to, any claims Delphi may assert or may have been able to assert against Barclays Bank under Chapter 5 of the Bankruptcy Code.

4. The Parties agree that Barclays Bank is deemed to be a "Setoff Claimant" within the meaning of paragraph 18 of the Final DIP Order and paragraph 16 of the Refinancing Order and retains, and has not waived, any and all of the rights pursuant to and in accordance with the DIP Orders pertaining to the Termination Payment, including the administrative claim and other forms of adequate protection described therein. Delphi retains, and has not waived, any and all rights to challenge and object to any claims or rights asserted by Barclays Bank, its successors and assigns pursuant to the DIP Orders.

5. Delphi shall promptly file a motion for an Order of the Court approving this Settlement Agreement pursuant to Bankruptcy Rule 9019.

6. This written Settlement Agreement constitutes the entire and fully integrated agreement of the Parties, and may not be contradicted by prior writings, or prior or contemporaneous oral statements.

7. Except for the agreement memorialized by this Settlement Agreement, the Parties retain all of their rights, claims and defenses, including those concerning any claims filed by Barclays Bank in the Debtors' chapter 11 cases.

8. This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Settlement Agreement. The agreements, terms and provisions contained in this Settlement Agreement shall be binding upon and shall

inure to the benefit of the Parties hereto and their legal representatives, predecessors, successors and assigns, including any trustee appointed in these chapter 11 cases.

       9.    This Settlement Agreement may not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by each of the Parties.

       10.    It is expressly understood and agreed that the terms hereof, including the foregoing paragraphs and headings, are contractual and that the Settlement Agreement contained herein and the consideration transferred is to compromise disputed claims and avoid litigation, and that no statement made herein, payment, release, or other consideration shall be construed as an admission by the parties of any kind or nature whatsoever.

       11    The signatories below represent that they are authorized to enter into this Settlement Agreement.

       12.    The Court shall retain original and exclusive jurisdiction to interpret and enforce the terms of this Settlement Agreement and to resolve any disputes in connection herewith.

Dated:  New York, New York
         January 26, 2007

                                              DELPHI CORPORATION, et al.,
                                              Debtors and Debtors-in-Possession,
                                              By their Bankruptcy Conflicts Counsel,
                                              TOGUT, SEGAL & SEGAL LLP,
                                              By:


                                              /s/ Neil Berger
                                              NEIL BERGER (NB-3599)

                A Member of the Firm
                One Penn Plaza, Suite 3335
                New York, New York 10119
                (212) 594-5000

Dated: New York, New York
       January 26, 2007

                BARCLAYS BANK, PLC
                By its Attorneys,
                ALLEN & OVERY, LLP
                By:

                /s/ Kenneth P. Coleman
                KENNETH P. COLEMAN (KC-9750)
                1221 Avenue Of The Americas
                New York, New York 10020
                (212) 610-6300

**SO ORDERED**

This 15th day of February, 2007
    in New York, New York

/s/ Robert D. Drain
   HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE