**EXHIBIT "1"**

**COMPLAINT**

| | | |
|---|---|---|
| STATE OF INDIANA | ) )SS: ) | HOWARD COUNTY CIRCUIT COURT |
| COUNTY OF HOWARD | | CAUSE NO. _____ |

| | |
|---|---|
| EVA M. ORLIK, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DELPHI AUTOMOTIVE SYSTEMS CORPORATION, a/k/a DELPHI AUTOMOTIVE SYSTEMS LLC, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Eva M. Orlik, for her complaint against the Defendant, Delphi Automotive Systems Corporation, a/k/a Delphi Automotive Systems LLC, alleges the following:

### Nature of the Case

1. This is action at law and equity for damages and injunctive relief by the Plaintiff against the Defendant for injury to her person due to the wrongful acts and omissions by the Defendant.

2. The Plaintiff brings this action pursuant to federal statute, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, as amended by the Civil Rights Act of 1991, Public Law No. 102-166, 105 Stat. 1071, *et seq.* and the state law cause of action of retaliation in violation of public policy.

### Jurisdiction

3. This Court has jurisdiction over this matter because all events giving rise to this action occurred at the Defendant's plant located in Kokomo, Indiana in the County of Howard.

The Plaintiff filed timely charges of discrimination and retaliation and was issued her Right To Sue letters on 21 March 2000.

### Parties

4. The Plaintiff, Eva M. Orlik (hereinafter "Ms. Orlik"), resides at 14102 Warbler Way North, Carmel, Indiana 46033.

5. The Defendant, Delphi Automotive Systems Corporation, a/k/a Delphi Automotive Systems LLC (hereinafter "Delphi"), is incorporated within the State of Delaware. The principal address for the Defendant organization is 5725 Delphi Drive, Troy, Michigan 48098-2815. The Defendant's name is erroneously listed with the Indiana Secretary of State as Delphi Automotive Systems LLC. The Plaintiff worked for the Defendant's Delphi Delco Electronics Systems Division in Kokomo, Indiana. The registered agent for the Defendant is C.T. Corporation Systems, One North Capital Avenue, Indianapolis, Indiana 46204.

### Factual Allegations

6. Ms. Orlik is of Polish ethnic national origin, with dual citizenship in Poland and the United States.

7. Ms. Orlik was hired by Delphi on or about 10 October 1994 as a Financial Analyst in the Budgets and Forecasting Department.

8. During her employment with Delphi, Ms. Orlik was subjected to repeated ethnic jokes and comments by her co-workers, and on one occasion, her supervisor, and was told that she "came from the pits of the world."

9. Ms. Orlik repeatedly told the person making the comments, or telling the jokes, that she was offended by the comments and jokes and asked the person to stop; however, the

comments and jokes did not cease.

10. In August of 1996, Ms. Orlik was chosen by a manager in her department to be presented with a buy out as Delphi was trying to eliminate 20% of its work force at the Kokomo facility.

11. Ms. Orlik refused the buy out.

12. Ms Orlik was transferred to Accounts Payable and subjected to an extremely heavy, if not intolerable, work load that one, could not successfully accomplish.

13. In November of 1997, Ms. Orlik transferred to the Internal Audit Department.

14. In May of 1998, Ms. Orlik's Internal Audit Supervisor was replaced by Nancy Mills as the new Internal Audit Department Manager.

15. Ms. Mills repeatedly gave Ms. Orlik negative performance evaluations, made negative comments, and refused to acknowledge positive feedback in her file from her previous supervisor and co-workers.

16. Ms. Mills isolated Ms. Orlik from the other staff by placing her in a separate room away from the rest of the staff.

17. Ms. Mills treated Ms. Orlik unfairly while showing favoritism to native born Americans with respect to assignments, work product, overtime, time-off, preferential work assignments and other aspects of employment life.

18. In December of 1998, and in the course of her work, Ms. Orlik complained about conflicts of interest within Delphi Kokomo to Ms. Mills.

19. In February of 1999, Ms. Mills recommended that Ms. Orlik be placed on a Performance Improvement Plan.

20.  As a result of the Performance Improvement Plan and Nancy Mills' instruction, Ms. Orlik was forced to perform humiliating and mundane tasks, and take a private tutorial on English as a second language, as well as, pronunciation and grammar lessons, even though Ms. Orlik's command of English and grammar were at least adequate, and arguably good.

21.  In early 1999, the national corporate office began an audit of Delphi Kokomo with national auditors.

22.  During the course of the national audit, Ms. Orlik categorized certain questionable Delphi Kokomo financial reporting concerning loss revenues.

23.  Before the audit ended in August of 1999, Ms. Orlik was replaced as liaison between the national corporate auditors and local corporate management by Ms. Mills and taken off the audit.

24.  On 18 August 1999, Ms. Mills chastised Ms. Orlik for giving too much information and being candid with corporate auditors about Delphi Kokomo's financial information and practices.

25.  Ms. Orlik was further instructed that communication with the national auditors had to be "controlled" so as not to reveal too much.

26.  On 24 August 1999, Ms. Orlik filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, a copy of which was sent to Delphi by Ms. Orlik's counsel with accompanying correspondence.

27.  On 27 August, Ms. Orlik reported the above information to the corporate office and the Delphi Kokomo plant, and asked for an investigation and meeting before further adverse action.

28. On 1 September 1999, Ms. Orlik was terminated from her position with Delphi Kokomo three weeks after being told she talks too much to auditors, one week after filing a charge of discrimination, and within thirty (30) days of vesting in her pension.

29. On or about 3 September 1999, Ms. Orlik filed a charge of retaliation with the U.S. Equal Employment Opportunity Commission.

30. As a result of Delphi's actions, Ms. Orlik has suffered financial harm and severe emotional injury.

### Causes of Action

#### COUNT ONE
(Discrimination in Violation of Title VII)

31. The allegations set forth in paragraphs one (1) through thirty (30) are incorporated herein by reference.

32. Delphi discriminated against Ms. Orlik because of her national origin in the following ways: First, disparate treatment; second, treating her badly and subjecting her to a hostile environment (including but not limited to placing her on a performance improvement plan); and third, termination of her employment.

#### COUNT TWO
(Retaliation in Violation of Title VII)

33. The allegations set forth in paragraphs one (1) through thirty (30) are incorporated herein by reference.

34. Delphi discharged Ms. Orlik in retaliation for complaining about discrimination and filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

## COUNT THREE
(Retaliation in Violation of Public Policy)

35. The allegations set forth in paragraphs one (1) through thirty (30) are incorporated herein by reference.

36. Delphi discharged Ms. Orlik in retaliation for complaining about, and baulking at, inappropriate and potentially actionable conflict of interest problems and accounting practices.

### Relief

WHEREFORE, the Plaintiff, by her counsel, respectfully requests the following relief:

A. Special damages in an amount to be determined by evidence;

B. General damages in an amount to be determined by evidence;

C. Punitive damages in an amount sufficient enough to deter the Defendant from similar acts in the future;

D. For Counts I and II, a permanent injunction reinstating the Plaintiff and requiring the Defendant to vest her pension

E. For Counts I and II, attorney's fees and court costs; and

F. Such other relief as this court deems proper.

Dated: 19 June 2000

Respectfully submitted by,

Michael C. Kendall
Attorney No. 5142-19
An Attorney for the Plaintiff