Hearing Date: March 22, 2007<br>
Time: 10:00 am<br>
Objection Deadline: March 13, 2007<br>
Time: 4:00 pm

BUCHANAN INGERSOLL & ROONEY PC
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail: susan.persichilli@bipc.com
Susan P. Persichilli, Esq. (SP- 0368)

*Attorneys for ATEL Leasing Corporation,
as agent for Eireann II, CAI-UBK Equipment,
CAI-ALJ Equipment, II BU de Mexico
S.A. de C.V .and Eireann* III

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:  Chapter 11
In re:  :
:  Case No. -05-44481 (RDD)
DELPHI CORPORATION, et al.,  :
:  (Jointly Administered)
Debtors.  :
--------------------------------------------------------------- X

### MOTION OF ATEL LEASING CORPORATION (A) FOR ALLOWANCE AND PAYMENT OF OUTSTANDING POST-PETITION AMOUNTS AS AN ADMINISTRATIVE EXPENSE CLAIM; (B) TO COMPEL ASSUMPTION OR REJECTION OF UNEXPIRED LEASE; AND (C) FOR IMMEDIATE TURNOVER OF EQUIPMENT UPON REJECTION

ATEL Leasing Corporation ("ATEL") as agent for: (i) Eireann II, a division of ATEL Transatlantic Investors, Inc. ("ATI"), (ii) CAI-UBK Equipment, a division of ATI, (iii) CAI-ALJ Equipment, a division of ATI, (iv) II Bu de Mexico S.A. de C.V., and (v) Eireann III, a division of ATEL Transatlantic Investors II, Inc. (collectively, the "Lessors"), by and through its counsel, Buchanan Ingersoll & Rooney PC, hereby respectfully submits this Motion for an Order (i) allowing the outstanding post-petition payments as an administrative expense claim and directing Delphi

1

Corporation (an above-referenced "Debtor") to pay the outstanding post-petition payments immediately and remain current with its post-petition obligations to the Lessors; (ii) compelling the Debtor to assume or reject the Leases (as such term is hereinafter defined); and (iii) directing the Debtor to turnover the Equipment immediately upon rejection. In support of the Motion, the Lessors state as follows:

## INTRODUCTION

1.      By this Motion, ATEL seeks the entry of an Order (i) allowing the outstanding post-petition payments as an administrative expense claim and directing the Debtor to pay the outstanding post-petition payments immediately and remain current with its post-petition obligations to the Lessors; (ii) compelling the Debtor to assume or reject the Leases (as such term is hereinafter defined); and (iii) directing the Debtor to turnover the Equipment immediately upon rejection. The sixty-day period under 11 U.S.C. § 365(d)(5) expired on December 8, 2005. The Debtor has failed to pay certain post-petition obligations under the Leases to the Lessors as such obligations came due. Upon information and belief, the Debtor is using the Equipment (as such term is hereinafter defined) without remaining current with its post-petition obligations under the Leases and providing adequate protection to the Lessors.

## BACKGROUND

2.      Pursuant to a certain Master Lease Agreement, dated as of May 1, 1995, the Debtor's former owner, General Motors Corporation ("GMC"), entered into a Master Lease Agreement ("MLA-First American") with First American Capital Management Group, Inc. ("First American"). *See* Affidavit of Russell H. Wilder in support of the Motion sworn to on February 1, 2007 ("Wilder Affidavit") at paragraph 3.

3.      Pursuant to a certain Master Lease Agreement, dated as of August 19, 1997, Debtor's former owner, GMC entered into a Master Lease Agreement ("MLA-American Finance") with

2

American Finance Group, Inc. ("American Finance").  *See* Wilder Affidavit at paragraph 4.

4.  Pursuant to the MLA-American Finance and MLA-First American master lease agreements, GMC entered into numerous Equipment Schedules (the Equipment Schedules, as they incorporate by reference all of the terms and conditions of the two Master Lease Agreements described herein, are hereinafter known as the "Leases"), regarding certain equipment, all with related equipment, attachments and accessories as set forth in the Leases (the "Equipment').  *See* Wilder Affidavit at paragraph 5.

5.  GMC accepted delivery of the Equipment subject to the aforementioned Equipment Schedules and commenced making payment to First American and American Finance under the terms and conditions of the Leases.   *See* Wilder Affidavit at paragraph 6.

6.  Upon information and belief, pursuant to one or more assignments, the Debtor was assigned GMC's interests as Lessee under the Leases.  Pursuant to various other assignments, the interests of American Finance and First American, as Lessors under their respective Leases, were assigned to one of the Lessors, with ATEL acting as agent for each Lessor.  As a result of the assignments the Lessors became holder of the Leases.  *See* Wilder Affidavit at paragraph 7.

7.  On October 8, 2005, and subsequently, on October 14, 2005 (collectively, the "Filing Date"), the Debtor and certain of its subsidiaries and affiliates filed for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

8.  The Debtor has failed to perform its obligations under the Leases, by among other things, failing to pay post-petition rents due under the Leases, as required under section 365(d) (5) of the Bankruptcy Code.  Specifically, the Debtor has failed to make the rental installments due as set forth on the Schedule attached as <u>Exhibit  D</u>. *See* Wilder Affidavit at paragraph 8.

9.  In addition, as set forth on Exhibit D,  certain property and use taxes remain outstanding under the Leases. *See* Wilder Affidavit at paragraph 9.

3

10.    ATEL has also incurred certain post-petition attorneys' fees and costs in connection with this bankruptcy case. *See* Wilder Affidavit at paragraph 10.

11.    Notwithstanding the Debtor's default under the Leases, upon information and belief, the Debtor remains in possession of the Equipment, and is using the Equipment in the operation of its businesses. *See* Wilder Affidavit at paragraph 11.

12.    On or about November 28, 2006, Buchanan Ingersoll & Rooney PC, on behalf of ATEL, send a letter to the Debtor's counsel, advising that the Debtors have failed to perform their obligations under the Leases and demanding that the Debtors meet their obligations under the Leases. Debtor's counsel never responded to the letter. A copy of the letter is attached hereto as Exhibit 1.

### BASIS FOR RELIEF

13.    Section 365(d)(5) of the Bankruptcy Code provides in relevant part:

> The Trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property . . . , until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period…

14.    The sixty-day period set fort in section 365(d)(5) of the Bankruptcy Code expired on December 8, 2005 -- more than twelve months ago. The Debtor has failed to make certain post-petition payments to the Lessors in accordance with the Leases. As such, the Debtor has failed to comply with the statutory requirement that the Debtor must "timely perform all of the obligations" under the Leases upon the expiration of an initial 60-day post filing period. *See* 11U. S.C.§ 365(d)(5).

15.    For the reasons set forth herein, ATEL seeks the entry of an Order (i) allowing the

4

outstanding post-petition payments as an administrative expense claim and directing the Debtor to pay the outstanding post-petition payments immediately and remain current with its post-petition obligations to the Lessors; (ii) compelling the Debtor to assume or reject the Leases; and (iii) directing the Debtor to turnover the Equipment immediately upon rejection.

## CONCLUSION

16. For the foregoing reasons, ATEL respectfully request entry of an Order consistent with the relief sought herein and granting such other relief as is just and proper.

Dated: New York, New York
       February 19, 2007

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for ATEL Leasing Corporation as agent*
*for Eireann II, CAI-UBK Equipment,*
*CAI-ALJ Equipment, II BU de Mexico*
*S.A. de C.V .and Eireann* III

By:   /s/ Susan P. Persichilli
       Susan P. Persichilli, Esq. (SP - 0368)

       One Chase Manhattan Plaza
       New York, New York 10005
       Telephone:  (212) 440-4400
       Facsimile:  (212) 440-4401
       E-mail: susan.persichilli@bipc.com