BUCHANAN INGERSOLL & ROONEY PC
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail: susan.persichilli@bipc.com
Susan P. Persichilli, Esq. (SP- 0368)

*Attorneys for ATEL Leasing Corporation,
as agent for Eireann II, CAI-UBK Equipment,
CAI-ALJ Equipment, II BU de Mexico
S.A. de C.V .and Eireann* III

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                              :    Chapter 11
In re:                                                        :
                                                              :    Case No. -05-44481 (RDD)
DELPHI CORPORATION, et al.,                                   :
                                                              :    (Jointly Administered)
                                          Debtors.            :
-------------------------------------------------------------- X

**AFFIDAVIT IN SUPPORT OF MOTION OF ATEL LEASING CORPORATION
(A) FOR ALLOWANCE AND PAYMENT OF OUTSTANDING
POST-PETITION AMOUNTS AS AN ADMINISTRATIVE EXPENSE CLAIM;
(B) TO COMPEL ASSUMPTION OR REJECTION OF UNEXPIRED LEASE;
AND (C) FOR IMMEDIATE TURNOVER OF EQUIPMENT UPON REJECTION**

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF SAN FRANCISCO      )

Russell H. Wilder, being duly sworn deposes and says:

      1.    I am the Executive Vice President and Chief Credit Officer for ATEL Leasing Corporation ("ATEL") and am familiar with the account records and the events as they are described below.

      2.      I submit this affidavit in further support of ATEL's Motion (the "Motion") for an Order (i) allowing the outstanding post-petition payments as an administrative expense claim and directing Delphi Corporation (an above-referenced "Debtor") to pay the outstanding post-petition payments immediately and remain current with its post-petition obligations to the Lessors; (ii) compelling the Debtor to assume or reject the Leases (as such term is hereinafter defined); and (iii) directing the Debtor to turnover the Equipment immediately upon rejection. . My statements in Paragraphs 3 through 9 herein as to various contracts and amounts owing thereunder are based upon my review of documents and other records in the possession of ATEL.

      3.      Pursuant to a certain Master Lease Agreement, dated as of May 1, 1995, the Debtor's former owner, General Motors Corporation ("GMC"), entered into a Master Lease Agreement ("MLA-First American") with First American Capital Management Group, Inc. ("First American"). A copy of the MLA-First American is attached as Exhibit A.

      4.      Pursuant to a certain Master Lease Agreement, dated as of August 19, 1997, the Debtor's former owner, GMC entered into a Master Lease Agreement ("MLA-American Finance") with American Finance Group, Inc. ("American Finance"). A copy of the MLA-American Finance is attached as Exhibit B.

      5.      Pursuant to the MLA-American Finance and MLA-First American master lease agreements, GMC entered into numerous Equipment Schedules (the Equipment Schedules, as they incorporate by reference all of the terms and conditions of the two Master Lease Agreements described herein, are hereinafter known as the "Leases"), regarding certain equipment, all with related equipment, attachments and accessories as set forth in the Leases (the "Equipment'). A copy of the Equipment Schedules is attached as Exhibit C.

6. GMC accepted delivery of the Equipment subject to the aforementioned Equipment Schedules and commenced making payments as required under the terms and conditions of the Leases.

7. Upon information and belief, pursuant to one or more assignments, the Debtor was assigned GMC's interests as Lessee under the Leases. Pursuant to various other assignments, the interests of American Finance and First American, as Lessors under their respective Leases, were assigned to one of the Lessors, with ATEL acting as agent for each Lessor. As a result of the assignments the Lessors became holder of the Leases.

8. The Debtor has failed to perform its obligations under the Leases, by among other things, failing to pay post-petition rents due under the Leases. Specifically, the Debtor has failed to make the rental installments due as set forth on the Schedule attached as <u>Exhibit D</u>.

9. In addition, as set forth on Exhibit D, certain property and use taxes remain outstanding under the Leases.

10. ATEL has also incurred certain post-petition attorneys' fees and costs in connection with this bankruptcy case.

11. Notwithstanding the Debtor's default under the Leases, upon information and belief, the Debtor remains in possession of the Equipment, and is using the Equipment in the operation of its businesses.

12. Accordingly, for the reasons set forth herein and for those set forth in the accompanying Motion, ATEL respectfully request entry of an Order consistent with the relief sought in the Motion and granting such other relief as is just and proper.

                                                                                                                        /s/ Russell H. Wilder  
                                                                                                                        RUSSELL H. WILDER

Sworn to before me this  
 1st  day of February, 2007

/s/ Noemi Ramos  
Noemi Ramos  
Notary Public - California  
Commission #1443704  
San Francisco County  
Commission Expires October 5, 2007