UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

### DECLARATION OF TED KIM

I, Ted Kim, hereby declare:

1.      I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. I submit this Declaration in support of the Motion of Brandes Investment Partners, L.P. For The Entry Of An Order Approving Specified Information Blocking Procedures And Permitting Trading Of Debtors' Bonds Upon Establishment Of A Screening Wall.

2.      I am a senior analyst on the industrials and utilities research team at Brandes Investment Partners, L.P. ("Brandes"). Brandes is a registered investment advisory firm that provides investment advisory services to its clients. As a senior analyst, I am responsible for fundamental research on companies in the automotive and utilities sectors.

3.      Brandes is headquartered in San Diego, California and has 511 employees, including 78 investment professionals. Brandes manages equity and fixed income assets for institutional and private clients worldwide, and has over $117 billion in assets under management as of December 31, 2006. Brandes' fixed income operations are conducted solely out of Brandes' office located in Brookfield, Wisconsin ("Brandes Fixed Income Group").

NY #866106 v1

4.  In conjunction with Brandes' existing information blocking procedures and this Declaration, Brandes has established and will maintain the following internal procedures concerning the chapter 11 cases of the above-captioned debtors (collectively, "Debtors" or "Delphi"): (i) Brandes personnel, representatives or agents ("Brandes Committee Personnel") performing activities related to the Committee of Equity Security Holders (the "Committee") shall execute a letter ("Confidentiality Letter") acknowledging that they may receive non-public information and that they are aware of the information blocking procedures that are in effect with respect to the Debtors' corporate Bonds[1] and will follow these procedures and will immediately inform Committee counsel and the United States Trustee in writing if such procedures are materially breached; (ii) subject to paragraph 5 hereof, Brandes Committee Personnel will not directly or indirectly share any non-public information generated by, received from or relating to Committee activities or Committee membership ("Information") with any other employees, representatives or agents of Brandes, and Brandes Committee Personnel shall use good faith efforts not to share any material Information concerning the Debtors' chapter 11 cases with any Brandes employee reasonably known to be engaged in trading activities with respect to the Debtors' corporate Bonds except that a good faith communication of publicly available Information shall not be presumed to be a breach of the obligations of Brandes or any Brandes Committee Personnel hereunder; (iii) Brandes Committee Personnel will maintain all hard copy files containing Information in secured cabinets inaccessible to other employees of Brandes; (iv) Brandes Committee Personnel will not receive any information regarding Brandes' trades in the Debtors' corporate Bonds in advance of the execution of such trades, except that Brandes Committee Personnel may receive such reports showing Brandes' purchases and sales and ownership of the Debtors' corporate Bonds but no more frequently than weekly (provided that

---

[1] The term "Bond" or "Bonds" is used in this Motion as such term is defined in Section 2(a)(1) of the Securities Act of 1933.

Brandes Committee Personnel may receive the usual and customary internal reports showing Brandes' purchases and sales on behalf of its clients and the amount and class of claims, interests or securities owned by Brandes' clients to the extent that such personnel would otherwise receive such reports in the ordinary course and such reports are not specifically prepared with respect to the Debtors); (v) Brandes' compliance department (which is currently composed of 14 individuals and whose principal job is to ensure Brandes' compliance with federal and state regulations, as well as confidentiality agreements) shall review Brandes' trades of the Debtors' corporate Bonds to determine if there is any reason to believe that such trades were not made in compliance with the information blocking procedures and shall keep records of such review; (vi) Brandes shall take those steps necessary to restrict the exchange of Information through electronic means between Brandes Committee Personnel and all other Brandes personnel in a manner consistent with the foregoing procedures, which shall be monitored by Brandes' compliance personnel; (vii) Brandes shall disclose to the Office of the United States Trustee in writing any decrease in the dollar amount of the Debtors' corporate Bonds that Brandes has under management which results in such holdings being reduced to an amount less than one-third of the aggregate holdings of the Debtors' corporate Bonds that Brandes had under management as of date of Brandes' appointment to the Committee within five business days of such trade or trades aggregating the foregoing amount; and (viii) so long as Brandes is a member of the Committee, it shall provide to the Committee's counsel and the United States Trustee every six months a declaration verifying continued compliance with the procedures described herein and shall immediately disclose to the Committee's counsel and the United States Trustee any material breaches of such procedures.

5. Notwithstanding any of the above, Brandes Committee Personnel may share Information with (i) senior management of Brandes who, due to their duties and responsibilities,

NY #866106 v1

have a legitimate need to know such Information, provided that such individuals (a) otherwise comply with the procedures herein and (b) use such Information only in connection with their senior managerial responsibilities, (ii) regulators, auditors, and designated legal and compliance personnel for the purpose of rendering legal advice to Brandes Committee Personnel, and to the extent that such Information may be accessible by internal computer systems, Brandes administrative personnel who service and maintain such systems, each of whom will agree not to share Information with other employees and will keep such Information in files inaccessible to other employees, and (iii) other Brandes employees, representatives and agents who (a) are not involved with trading or investment advisory activities with respect to the Debtors' corporate Bonds and (b) execute a Confidentiality Letter.

6. The Brandes Committee Personnel assigned to the Debtors' chapter 11 cases is Ian Rose, Brandes' General Counsel, and myself. Ian Rose and I each will submit a separate Declaration affirming our intention to comply with the screening procedures described herein. In the event any other individual Brandes representative is chosen to act as a Committee representative on behalf of Brandes in the Debtors' chapter 11 cases, such individual will also submit a Declaration affirming his or her intention to comply with the screening procedures described herein prior to accepting any responsibilities in connection therewith.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15 day of Feb 2007, at San Diego, California.

_____
Ted Kim

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California

County of ____San Diego____ } ss.

On __FEB 1 5 2007__, before me, ____Adelaide Pund____,
        Date                                    Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared ____Ted Kim____,
                        Name(s) of Signer(s)

☒ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

____[signature]____
Signature of Notary Public

[Notary Seal: ADELAIDE PUND, COMM. #1445554, NOTARY PUBLIC-CALIFORNIA, SAN DIEGO COUNTY, My Commission Expires OCTOBER 24, 2007]

Place Notary Seal Above

──────────── OPTIONAL ────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: ____Declaration of Ted Kim____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**
Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1997 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827