HEBERT SCHENK, P.C.
4742 North 24th Street, Suite 100
Phoenix, Arizona 85016
Telephone: (602) 248-8203
Facsimile: (602) 248-8840

Barbara Lee Caldwell – SBN 003246
Attorneys for Maricopa County Treasurer



# UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| In Re: | Case No. 05-44481-RDD |
|---|---|
| DELPHI CORPORATION, et al., | CHAPTER 11 |
| Debtor(s). | MARICOPA COUNTY'S NOTICE OF PERFECTED LIEN; AND OBJECTION TO THE DEBTOR'S MOTION FOR ORDER AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES |

Maricopa County Treasurer, by and through their undersigned counsel, hereby provides notice that it claims a perfected statutory lien in accordance with A.R.S. § 42-17153 and notice that Maricopa County's inchoate lien attached January 1, 2007 with the amount of the 2007 taxes to be determined in August 2007.

The personal property located in Maricopa County is encumbered with a fully perfected tax lien in the amount of $4,805.23 plus accruing interest. The lien represents a tax liability on personal property parcel 949-65-352.

The personal property located in Maricopa County is encumbered with an inchoate tax lien in an amount to be determined this August plus accruing interest. The liens represent 2007 tax liabilities on personal property parcels 949-65-352, 949-65-343 and 900-60-653.

Maricopa County objects to the sale of the property if the tax liabilities associated with such property, located in Maricopa County, are not fully paid at closing from the proceeds of the sale in accordance with A.R.S. § 42-17153. Under Arizona law, the county has a valid lien that is "prior and superior to all other liens and encumbrances on the property." A.R.S. § 42-17153.

The county is entitled to have its tax liens on the property paid "from the sale of which the funds***were derived and, to the extent necessary to discharge the debt secured by the lien, the proceeds of the sale of the property were withdrawn from or taken out of the assets of the estate." *Brans v. City of Dallas, Texas*, 217 F.2d 640 (5th Cir.1954). In *Ingram v. Coos County, Or.*, the Court held that "It follows therefore that appellee's claim for taxes out of the proceeds of the bankrupt's property sold to satisfy the tax lien, is entitled to priority over all other claims 'except the payment of the actual and necessary costs of the sale of the personal property upon which said taxes were assessed'." *Ingram v. Coos County, Or.*, 71 F.2d 889 (9th Cir. 1934).

The county further objects to the sale if the sale price is not greater than the total value of the liens on the property. "Section 363(f)(3) requires the sale price to be *greater* than the total value of the liens on the property. The phrase the 'value of the liens' must be construed to mean the full face amount of the claims secured by the liens. Interpreting the phrase to mean the 'economic value of the liens' is inconsistent with the plain language of section 363(f)(3) since a sale price can never be *greater* than the economic value of the liens." *In re Canonigo*, 276 B.R. 257 (Bankr.N.D.Cal.2002).

. . . .

. . . .

. . . .

RESPECTFULLY SUBMITTED this 13 day of February, 2007.

HEBERT SCHENK, P.C.

By: _____
Barbara Lee Caldwell,
4742 North 24th Street, Suite 100
Phoenix, Arizona 85016
(602) 248-8203
Attorney for Maricopa County Treasurer

A copy of the foregoing mailed this
13 day of February, 2007, to:

John Wm. Butler, Jr.
Skadden Arps Slate Meagher & Flom LLP
333 W. Wacker Dr.
Chicago, IL 60606-1285
Attorney for Debtor(s)

Kayalyn A. Marafioti
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Attorney for Debtor(s)

United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

By: _____