**Response Date and Time: March 15, 2007 at 4:00 p.m.**

Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK
37 Greenleaf Drive
Manalapan, New Jersey 07726-3705
Telephone: (732) 792-2760
Facsimile: (732) 792-2761

*-and-*

Andrea L. Niedermeyer
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**ATTORNEYS FOR SEALY RG VALLEY BUILDINGS, L.P.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | Case No. 05-44481 (RDD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

-------------------------------------------------------X

**SEALY RG VALLEY BUILDINGS, L.P.'S RESPONSE TO
THE DEBTORS' NINTH OMNIBUS CLAIMS OBJECTION**

**COMES NOW** Sealy RG Valley Buildings, L.P., a creditor, party in interest, and respondent herein ("Sealy"), and files this Response to the Debtors' Ninth Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007. In support of the Response, Sealy respectfully shows:

    1.    Sealy was the landlord to debtor-tenant Delphi Automotive Systems LLC

1

("Debtor") under that certain lease agreement dated July 31, 1987 (as subsequently amended on or about December 11, 1991, August 16, 1995, July 8, 1996, June 2, 1997; as assigned by General Motors Corporation to Debtor on or about January 1, 1999; and as further amended on or about October 16, 2002 and October 24, 2003, May 27, 2004, and June 13, 2005) (as so amended and assigned, the "Lease") for the lease of approximately 125,000 square feet of office/warehouse space located at 1900 Billy Mitchell Boulevard, Building B, Brownsville, Texas. The Lease expired pursuant to its terms on or about June 30, 2005.

2. On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates, including the Debtor, (collectively, the "Debtors") filed their petitions in bankruptcy commencing the above-referenced bankruptcy cases.

3. On or about June 19, 2006, Sealy filed its proof of claim against the Debtor in the amount of $66,906.91, Claim No. 8322 (the "Claim").

4. The Claim is based on amounts owed by the Debtor to Sealy pursuant to the Lease for charges of common area maintenance, insurance and property taxes.

5. On or about February 15, 2007, the Debtors filed the Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification (the "Ninth Omnibus Claims Objection"). The Ninth Omnibus Claims Objection includes an objection to Sealy's Claim.

6. The Debtors generally assert that Sealy's Claim should be disallowed because the liability does not appear to be owing pursuant to the Debtors' books and records. The Debtors offer the following general bases for making such determination:

(a) the Debtors' books and records do not reflect the existence of the asserted Claim or the claimant asserting such Claim,

(b) the Debtors' books and records reflect that the Debtors have assumed the claimant's executory contract and cured any prepetition claims relating thereto,

(c) the Debtors' books and records reflect that the Claim has been paid pursuant to a prior order of this Court,

(d) the Debtors' books and records reflect that the claimant has signed a release and/or waiver stating that the Debtors are not liable to the claimant for such Claim,

(e) the Debtors' books and records reflect that the asserted Claim was properly paid prior to the commencement of the Debtors' cases, and

(f) the Claim constitutes a postpetition liability that has been paid by the Debtors in the ordinary course of the Debtors' businesses.

7. The Debtors' objections to Sealy's Claim are merely general assertions regarding various claims listed on a chart attached to the Ninth Omnibus Claims Objection. The Debtors fail to specify which of the above bases they rely on for their objection to Sealy's Claim. The Debtors do not provide any specific evidence, analysis, or documents in support of their objection.

8. Notwithstanding the Debtors' failure to specify the basis for its objection to Sealy's Claim, Sealy submits that none of the bases cited by the Debtors in (b), (c), (d), (e), or (f) above, apply to Sealy's Claim. As stated above, the Lease expired on its own terms and thus, was not assumed by the Debtors. The Claim remains unpaid. Therefore, the Claim was not paid prior to the commencement of the Debtors' cases, pursuant to an order of this Court, or in the ordinary course of the Debtors' businesses. Further, Sealy never signed any release or waiver relieving the Debtors from liability on the Claim.

9. By process of elimination, Sealy can only surmise that the Debtors' object to Sealy's Claim for the reason stated in (a). That is, the Debtors' books and records do not reflect the existence of the asserted Claim or the claimant asserting such Claim.

10. Sealy's Claim constitutes *prima facie* evidence of the validity and amount of the Claim. *See* Fed. R. Bankr. P. 3001(f). The Debtors bear the burden of presenting valid evidence to rebut the *prima facie* validity of the Claim. *See In re Lamica Corp.*, 65 B.R. 849, 854 (Bankr. S.D.N.Y. 1986); *In re Townview Nursing Home*, 28 B.R. 431, 443 (Bankr. S.D.N.Y. 1983).

11. The supporting documents attached to Sealy's Claim establish the basis of the Claim. The Claim is evidenced by the Lease and an itemized calculation of the amounts owed to Sealy pursuant to the Lease for charges of common area maintenance, insurance and property taxes.

12. The Debtors have not provided any specific information or documents to support their objection to Sealy's Claim. Thus, the Debtors' objection to Sealy's Claim should be overruled because the Debtors have failed to present any evidence to rebut the *prima facie* validity of Sealy's Claim.

13. Sealy reserves the right to amend or supplement this response to the extent the Debtors provide more details, information, or evidence regarding the basis for their objection to Sealy's Claim.

**WHEREFORE,** Sealy respectfully requests that this Court overrule the Debtors' objection to Sealy's Claim, allow Sealy's Claim in the amount of $66,906.91, and grant Sealy such other and further relief to which the Court finds it is justly entitled.

Dated:  February 26, 2007

Respectfully submitted,

LAW OFFICES OF DOUGLAS T. TABACHNIK

By:  */s/ Douglas T. Tabachnik*
       Douglas T. Tabachnik  (DT 6337)
       37 Greenleaf Drive
       Manalapan, New Jersey 07726-3705
       Telephone:  (732) 792-2760
       Facsimile:  (732) 792-2761

-and-

STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL CORPORATION
Andrea L. Niedermeyer
Texas Bar No. 24032790
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

**ATTORNEYS FOR SEALY RG VALLEY BUILDINGS, L.P.**

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on February 26, 2007, she caused a true and correct copy of *Sealy RG Valley Buildings, L.P.'s Response to the Debtors' Ninth Omnibus Claims Objection* to be served upon the parties listed below by first class mail, postage prepaid:

                  */s/ Andrea L. Niedermeyer*

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098

John Wm. Butler, Jr., Esq.
John K. Lyons, Esq.
Joseph N. Wharton, Esq.
Randall G. Reese, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606