| | |
|---|---|
| THOMPSON HINE LLP<br>An Ohio Limited Liability Partnership<br>Benjamin D. Feder (BF 6858)<br>335 Madison Avenue, 12th Floor<br>New York, New York 10017-4611<br>benjamin.feder@thompsonhine.com<br>212.344.5680 (telephone)<br>212.344.6101 (facsimile) | **Hearing Date:** June 21, 2007<br>10:00 a.m.<br>**(Prevailing Eastern Time)**<br>**Response Deadline:** June 14, 2007<br>4:00 p.m.<br>**(Prevailing Eastern Time)** |

and

Lawrence T. Burick (0010404)
10 West Second Street
2000 Courthouse Plaza N.E.
Dayton, Ohio  45402-1758
Phone:  937.443.6625
Fax No.:  937.443.6635
larry.burick@thompsonhine.com

Special Counsel to Debtors


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, *et al.* | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly administered) |

---

**FOURTH INTERIM APPLICATION OF THOMPSON HINE LLP
AS SPECIAL COUNSEL FOR DEBTORS FOR INTERIM COURT APPROVAL,
ALLOWANCE AND PAYMENT OF COMPENSATION FOR
SERVICES RENDERED AND EXPENSES ADVANCED
FROM OCTOBER 1, 2006 THROUGH JANUARY 31, 2007**

---

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330</u>**

| | |
|---|---|
| Name of Applicant: | Thompson Hine LLP |
| Period for which compensation and reimbursement is sought: | October 1, 2006 through January 31, 2007 |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | March 9, 2006 effective *nunc pro tunc* to October 8, 2005 |
| Amount of compensation and expense reimbursement sought as actual, reasonable and necessary: | |
| Fourth Application Period | Fees Requested                $124,952.75<br>Expenses Requested:        $   9,250.29<br>Total Fees and Expenses:  $134,203.04 |
| This is an ☒ interim ☐ final application | |
| Prior amounts requested [1] | |
| First Application Period /<br>10/8/05 – 1/3l/06 | Fees previously requested:           $  82,733.00<br>Fees previously awarded:             $  82,318.00 [2]<br>Expenses previously requested:    $  16,081.58<br>Expenses previously awarded:      $  16,081.58<br>20% Holdback Amounts from<br>First Application Period<br>(included in $82,733.00)                $  16,546.60 [3] |
| Second Application Period /<br>2/1/06 – 5/31/06 | Fees previously requested:           $ 97,825.50<br>Fees previously awarded:             $ 97,410.50 [4]<br>Expenses previously requested:    $ 13,118.64<br>Expenses previously awarded:      $ 13,118.64<br>Holdback amount from<br>Second Application Period<br>(included in $97,825.50)                 $ 19,565.10 [5] |

2

| | | |
|---|---|---|
| Third Application Period / 6/1/06 – 9/30/06 | Fees previously requested<br>Fees previously awarded:<br>Expenses previously requested:<br>Expenses previously awarded:<br>Holdback amount from<br>Third Application Period<br>(included in $55,211.25) | $55,211.25<br>$54,796.25 [6]<br>$14,764.20<br>$14,764.20<br><br><br><br>$11,042.25 [7] |
| | | |

[1]  This application refers only to requests for compensation, reimbursement of expenses, and holdbacks not covered by a final fee application order.

[2]  As part of the Order entered February 16, 2007 (Doc. #6986), this Court allowed fees totaling $82,318.00 (the amount requested less a $415.00 fee adjustment).

[3]  Pursuant to Orders entered on July 12, 2006 (Doc. #4545) and on December 12, 2006 (Doc. #6145), Debtor paid $12,409.95 of the Holdback Amount with the result that $4,136.65 remains unpaid less the $415.00 fee adjustment.

[4]  As part of the Order entered February 20, 2007 (Doc. #6997), this Court allowed fees totaling $97,410.50 (the amount requested less a $415.00 fee adjustment).

[5]  Pursuant to Orders entered on July 12, 2006 (Doc. #4545) and on December 12, 2006 (Doc. #6145), Debtor paid $14,673.83 of the Holdback Amount with the result that $4,1891.28 remains unpaid less the $415.00 fee adjustment.

[6]  As part of the Order entered February 22, 2007 (Doc. #7019), this Court allowed fees totaling $54,796.25 (the amount requested less a $415.00 fee adjustment).

[7]  Pursuant to Orders entered on July 12, 2006 (Doc. #4545) and on December 12, 2006 (Doc. #6145), Debtor paid $5,521.12 of the Holdback Amount with the result that $5,521.13 remains unpaid less the $415.00 fee adjustment

THOMPSON HINE LLP  
An Ohio Limited Liability Partnership  
Benjamin D. Feder (BF 6858)  
335 Madison Avenue, 12th Floor  
New York, New York 10017-4611  
benjamin.feder@thompsonhine.com  
212.344.5680 (telephone)  
212.344.6101 (facsimile)

and

Lawrence T. Burick (0010404)  
10 West Second Street  
2000 Courthouse Plaza N.E.  
Dayton, Ohio  45402-1758  
Phone:  937.443.6625  
Fax No.:  937.443.6635  
larry.burick@thompsonhine.com

Special Counsel to Debtors

Hearing Date: June 21, 2007  
10:00 a.m.  
(Prevailing Eastern Time)  
Response Deadline: June 14, 2007  
4:00 p.m.  
(Prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, *et al.* | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors | : | (Jointly administered) |

**FOURTH INTERIM APPLICATION OF THOMPSON HINE LLP AS SPECIAL COUNSEL FOR DEBTORS FOR INTERIM COURT APPROVAL, ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND EXPENSES ADVANCED FROM OCTOBER 1, 2006 THROUGH JANUARY 31, 2007**

Pursuant to (a) 11 U.S.C. § 327, Rule 2016 of the Federal Rules of Bankruptcy Procedure and the Amended Guidelines for fees and disbursements for professionals in Southern District of New York bankruptcy cases adopted by this Court on April 19, 1995 ("Local Guidelines") and the United States Trustee Guidelines for reviewing applications for compensation and

reimbursement of expenses filed under 11 U.S.C. § 330 adopted on January 30, 1996; (b) the order ("Retention Order") entered March 10, 2006 (Doc. #2785) approving Thompson Hine LLP ("Thompson Hine") as special counsel for intellectual property matters ("Special Counsel") for Delphi Corporation, *et al* ("Debtors"); (c) the order entered November 4, 2005 (Doc. #869) establishing procedures regarding fee/expense applications ("Procedures Order") and the supplemental orders in connection therewith entered March 8, 2006 (Doc. #2747); March 28, 2006 (Doc. #2986), May 5, 2006 (Doc. #3630), July 12, 2006 (Doc. #4545), October 13, 2006 (Doc. #5310), December 12, 2006 (Doc. #6145); Thompson Hine, the duly authorized and acting Special Counsel for Debtors, hereby makes its fourth interim application (the "Fourth Application") seeking entry of an order that (1) allows and approves Debtors' payment to Thompson Hine of 80% of the fees and 100% of the expenses Thompson Hine has invoiced Debtors for post-petition services for the period from October 1, 2006 through January 31, 2007 ("Fourth Application Period") and also (2) allows and approves Debtors' payment to Thompson Hine of the unpaid 20% holdback amount (the "Holdback Amount") with respect to the invoiced fees.

In support of this Fourth Application, Thompson Hine states as follows:

### A.    *General background pertinent to Thompson Hine as Special Counsel*

1.    On October 8, 2005 (the "Petition Date"), Debtors filed their voluntary petitions with this Court for relief under Chapter 11 of the Bankruptcy Code. Since that date, Debtors continue to operate and manage their financial affairs as debtors in possession pursuant to 11 U.S.C. § 1107 and § 1108. A committee of unsecured creditors has been appointed. Pursuant to entered orders (Doc. #28 and Doc. #404), the cases are being jointly administered.

2

  2. This Court has jurisdiction over this Fourth Application pursuant to 11 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The venue of this Chapter 11 case and this Fourth Application is proper pursuant to 11 U.S.C. § 1408 and § 1409. The bases for the requested relief are 11 U.S.C. §§ 330-331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

  **B.** *Appointment of Thompson Hine as Special Counsel (intellectual property)*

  1. The Retention Order authorizes Debtor to employ Thompson Hine as Special Counsel *nunc pro tunc* effective as of the Petition Date. A copy of the Retention Order is attached hereto as Exhibit "A" and is made a part hereof.

  2. The Retention Order authorizes employment of Thompson Hine to handle Debtors' intellectual property matters.

  **C.** *Compensation payment procedures*

  1. The Procedures Order provides that Thompson Hine shall deliver monthly invoices for services rendered and expenses advanced to Debtors and to send copies thereof to designated persons.

  2. The Procedures Order further provides that, if there is no objection to any invoice within 45 days following the month for which compensation is sought ("45 Day Period"), then Debtors are authorized to promptly pay to Thompson Hine 80% of the invoiced fees and 100% of the invoiced expenses advanced as set forth on such invoices, with the Holdback Amount being paid if and after this Court enters an order allowing such Holdback Amount.

3

>    **D.**    ***Thompson Hine invoices, Debtors' payment thereof, and payment requests set forth herein***
>
>        1.    Invoices Thompson Hine issued
>
>            a.    For the Fourth Application Period, Thompson Hine issued monthly invoices (collectively "Invoices") to Debtors for services rendered in the total amount of $124,952.75 and expenses advanced in the amount of $9,250.29, or the total sum of $134,203.04. The Invoices are collectively attached hereto as Exhibit "B."
>
>            b.    Each of the Invoices itemizes, by date, the attorney or other professionals rendering services, a narrative description of the services rendered, the charge for such services based on Thompson Hine's standard rate, the total time and fees per attorney, the total fees for services rendered and an itemization of the expenses advanced and the charges therefor.
>
>            c.    The time reflected on each of the Invoices for the attorneys and other professionals rendering services is derived from daily time records.
>
>            d.    No expense item consists of Thompson Hine overhead. No expense item is included in the Thompson Hine hourly rate.
>
>        2.    Notices of Invoices; no objections
>
>            a.    Pursuant to the terms of the Procedures Order, Thompson Hine sent the Invoices to Debtors and the designated persons.
>
>            b.    As of the filing date hereof, the 45 Day Period has expired with respect to the Invoices for services rendered in October, and November, 2006, and Debtors and no designated party have objected to such Invoices. As of the filing date hereof, the 45 Day

4

Period has not expired with respect to the Invoice for services rendered in December, 2006 and January 31, 2007, and Debtors and no designated party have objected to such Invoices.

       3.      <u>Payments from Debtors as of the filing date hereof</u>

       a.      For the First Application Period, Thompson Hine initially received from Debtors 80% of the fees and 100% of the expenses as submitted in Thompson Hine's First Application. As of the filing date hereof, Debtor has already paid Thompson Hine $12,409.95 of the Holdback Amount with the result that $4,136.65 remains unpaid less a $415.00 fee adjustment.

       b.      For the Second Application Period, Thompson Hine initially received from Debtors 80% of the fees and 100% of the expenses as submitted in Thompson Hine's Second Application. As of the filing date hereof, Debtor has already paid Thompson Hine $14,673.83 of the Holdback Amount with the result that $4,1891.28 remains unpaid less a $415.00 fee adjustment.

       c.      For the Third Application Period, as of the filing date hereof, Thompson Hine has received from Debtors 80% of the fees and 100% of the expenses as submitted in Thompson Hine's Third Application. As of the filing date hereof, Debtor has already paid Thompson Hine $5,521.12 of the Holdback Amount with the result that $5,521.13 remains unpaid less a $415.00 fee adjustment.

       d.      Consistent with the Omnibus Orders entered by the Court, Thompson is scheduled to receive for the First, Second and Third Application Periods the total sum of $278,489.17. This amount reflects a fee reduction of $1,245.00 recommended by the Fee Committee in such Orders.

5

    4.    <u>Amount requested in this Fourth Application</u>

If allowed and ordered by this Court, and if, at that time, Debtors have not previously paid to Thompson Hine 80% of all of the invoiced fees, Debtors can then pay to Thompson Hine 100% of the unpaid invoiced fees and expenses, but, if, at that time, Debtors have paid to Thompson Hine 80% of the invoiced fees and 100% of the invoiced expenses, Debtors can than pay to Thompson Hine the Holdback Amount accrued during the Fourth Application Period.

    E.    ***Invoice detail***

    1.    The Invoices reflect that Thompson Hine rendered professional services during the Fourth Application Period in the total sum of $124,952.75.

    2.    The Invoices reflect that, in rendering such professional services, Thompson Hine attorneys and other professionals expended a total of 544.95 hours, broken down as follows:

| Attorneys | Hours | |
|---|---|---|
| Partners | 44.10 | |
| Sr. Attorney | 244.65 | |
| Associates | 197.40 | |
| | 486.15 | 486.15 |
| Patent Agent | 51.00 | |
| Paralegal | 0.30 | |
| Document Analysts | 7.50 | |
| | 58.80 | 58.80 |
| Total | | 544.95 |

    3.    The invoices reflect that billing rates for all categories of professionals ranged from $120 - $520 per hour or a blended rate of $229.29 per hour.

6

4. The following schedules, attached hereto as Exhibit "C," set forth detailed information with respect to the Invoices:

### *Schedule A – Value of intellectual property services rendered/expenses incurred, itemized by project category*

This Schedule itemizes and summarizes the issued Invoices, indicating, as to each of the Invoices and the applicable period, the intellectual property matter number, service dates, invoice number, fees and expenses invoiced.

### *Schedule B – Value of services rendered, itemized by attorney and other professionals*

This Schedule itemizes, as to each attorney and other professionals rendering intellectual property services, a title for each such professional, the date each attorney was admitted to the Bar, the hours worked and standard hourly rate for each professional rendering such services, and the total fees requested as to each professional.

### *Schedules C - Itemization of total expenses advanced*

This Schedules itemizes the total expenses Thompson Hine incurred as reflected on the Invoices by type of expense.

### *Schedule D – General description of services rendered*

This Schedule generally describes the intellectual property and other services rendered as reflected on the Invoices.

5. Pursuant to the Local Guidelines, a compliance certificate is attached hereto as Exhibit "D."

**F.    *Thompson Hine representations***

1. Throughout the course of its employment as Special Counsel to Debtors, and in compliance with 11 U.S.C. § 1103(e), Thompson Hine has not represented any other entity having an adverse interest in connection with the case.

7

2. The invoiced amounts reflect actual and necessary services and expenses.

3. The hourly rates and the amount charged for expenses as set forth in the Invoices are based on the usual and customary rates that Thompson Hine charges its non-bankruptcy clients for similar services.

4. Thompson Hine has undertaken every effort to divide the tasks performed among the firm's attorneys and other professionals in order to eliminate duplication of efforts. Thompson Hine is cognizant of the fact that compensation will be paid for attorneys and other professionals only for actual services rendered and that the dollar value of a particular task is not enhanced simply because an attorney performs a task. Consequently, considerable care has been taken to avoid the performance of purely ministerial tasks by attorneys and to use other staff where possible.

5. Thompson Hine has made every effort to restrict to a minimum the number of attorneys who were substantially involved in the intellectual property matters so as to maximize familiarity with the subject matter and to avoid wasted time. When more than one professional participated in any matter, such joint participation was necessary because of the complexity of the issues and problems involved or because of the need to familiarize the additional professional with the matter so that he/she could independently perform further necessary services and provide continuity.

### G. *Legal principles*

1. Interim compensation and reimbursement of expenses are specifically authorized by 11 U.S.C. § 330 and § 331 and Federal Rule of Bankruptcy Procedure 2016. Specifically, 11 U.S.C. § 330(a)(1) generally provides:

> *After notice to the parties in interest and the United States Trustee and a hearing, and subject to §§ 326, 328 and 329, the*

8

>*court may award to a trustee, an examiner, a professional person employed under §§ 327 or 1103 –*
>
>*(A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person or attorney and by paraprofessional person employed by any such person; and*
>
>*(B) Reimbursement for actual, necessary expenses.*

2. Section 330(a)(3)(A) then sets forth specific compensation standards that courts consider in setting fees. This section provides:

>*In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, the value of such services, taking into account all relevant factors, including - -*
>
>*(A) The time spent on such services;*
>
>*(B) The rates charged for such services;*
>
>*(C) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered to the completion of, a case under this title;*
>
>*(D) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and*
>
>*(E) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.*

### H. *Application of legal principles*

*Interim compensation and expenses*

1. Thompson Hine seeks entry of an order allowing and approving Debtors' payment to Thompson Hine of 100% of the fees, consisting of the amount of $99,962.20 (80%) and the Holdback Amount of $24,990.55 (20%), or the total sum of $124,952.75, plus expenses of $9,250.29 (100%) or the total sum of $134,203.04 that Thompson Hine invoiced for services rendered and expenses incurred during the Fourth Application Period.

    2.    Applying the Code requirements hereinabove discussed, Thompson Hine is entitled to relief it seeks. More specifically:

    a.    The hourly rates for the Thompson Hine attorneys and other professionals are reasonable. The hourly rates consist of Thompson Hine's customary and usual charges for all matters.

    b.    The time Thompson Hine professionals expended (544.95 hours) is reasonable given the amount of actual, necessary services performed, the difficulty of the issues and the amount involved.

    c.    The Thompson Hine services allowed excellent, quality and timely results that substantially benefited the estate.

    d.    The Thompson Hine attorneys and other professionals performing the services have the skills and experience required to effect such results.

## I.    *Conclusion*

For the reasons hereinabove set forth, Thompson Hine seeks entry of an order that allows and approves payment to Thompson Hine of the sum of $134,203.04 for the Fourth Application Period, broken down as follows:

<u>Fees</u>

| | | |
|---|---|---|
| Fees (80%) | $ 99,962.20 | |
| Holdback Amount (20%) | $ 24,990.55 | |
| | | $124,952.75 |
| Expenses (100%) | $ 9,250.29 | $ 9,250.29 |
| Total | | $134,203.04 |

10

Thompson Hine respectfully requests that this Court enter an order in the form attached hereto as Exhibit "E" approving the Fourth Fee Application, and granting such other and further relief as this Court may deem just and proper.

/s/ Benjamin D. Feder
Benjamin D. Feder (RB 6858)
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
benjamin.feder@thompsonhine.com
212.344.5680 (telephone)
212.344.6101 (facsimile)
and

Lawrence T. Burick (#0010404)
THOMPSON HINE LLP
2000 Courthouse Plaza N.E.
10 West Second Street
Dayton, Ohio 45402
937.443.6625 (telephone)
937.443.6635 (facsimile)
larry.burick@thompsonhine.com

Attorney for Thompson Hine LLP,
Special Counsel to Debtors

467393.1