# Exhibit E

# **ESCROW AGREEMENT**

THIS ESCROW AGREEMENT (this "Escrow Agreement") made and entered into on April ___, 2007, among LAWYERS TITLE INSURANCE CORPORATION (the "Escrow Agent"), DELPHI AUTOMOTIVE SYSTEMS LLC, a Delaware limited liability company ("Sublessor"), and VALEO ELECTRICAL SYSTEMS, INC., a Delaware corporation ("Sublessee"), is based upon the following:

A.      Sublessor and Sublessee entered into a Real Property Purchase Agreement, dated March 2, 2007 (the "Purchase Agreement"), with respect to the sale of real property that is located in the City of Auburn Hills, Oakland County, State of Michigan (the "State") (the "Property").

B.      Sublessor assigned its rights under the Purchase Agreement to Metcalf Family Trust ("Prime Landlord") pursuant to an Assignment and Assumption Agreement dated March 2, 2007. Sublessor and Prime Landlord executed a Lease Agreement for the Property dated March 2, 2007.

C.      Sublessor and Sublessee entered into a Sublease Agreement (the "Sublease") for Sublessee's post-closing occupancy of a portion of the Property (the "Premises").

D.      Pursuant to Paragraph 4 of the Sublease, Sublessor and Sublessee agreed to enter into an escrow agreement with Escrow Agent pursuant to which Sublessee will deposit with Escrow Agent an amount equal to Eight Hundred Eighty Thousand Two Hundred Fifty and 00/100 Dollars ($880,250.00) representing the total rent payable by Sublessee during the term of the Sublease (as calculated based on a 360-day year) plus One Hundred Thousand Dollars ($100,000) (the "Sublease Escrow Funds").

E.      The Sublease Escrow Funds are to be disbursed for the payment of the Rent under the Sublease in accordance with this Escrow Agreement.

F.      Escrow Agent has agreed to receive, hold and return or release the Sublease Escrow Funds in the manner set forth in this Escrow Agreement.

NOW, THEREFORE, in consideration of the mutual promises, covenants, terms, and conditions contained in this Escrow Agreement and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties to this Escrow Agreement agree as follows:

1. <u>Defined Terms</u>.

(a)  Terms used in this Escrow Agreement with initial capital letters and not otherwise defined in this Escrow Agreement have the meaning ascribed to them in the Sublease.

(b)  Seller and Purchaser agree that the Sublease Escrow Funds are equal to Eight Hundred Eighty Thousand Two Hundred Fifty and 00/100 Dollars ($880,250.00). Such amount has been computed as if Tenant occupied the entire Premises for the full term for each respective portion thereof as provided in the Sublease; however, Sublessor and Sublessee acknowledge that Sublessee may vacate portions of the Premises prior to the expiration of the full term of the Sublease with respect thereto, in which event the portion of the Sublease Escrowed Funds applicable to the unused term will be returned to Sublessee as herein provided.

2. <u>Appointment of Escrow Agent</u>.  Sublessor and Sublessee appoint Escrow Agent as their escrow agent for the purposes set forth in this Escrow Agreement, and Escrow Agent accepts such appointment.

3. <u>Delivery of Post Closing Escrowed Funds</u>.  On the date of this Agreement, Sublessee has delivered to Escrow Agent the Sublease Escrow Funds.

4. <u>Acceptance of Appointment by Escrow Agent</u>.  Escrow Agent confirms receipt of the Sublease Escrow Funds.  Escrow Agent agrees to hold the Sublease Escrow Funds in a federally-insured and interest-bearing account pursuant to the terms of this Escrow Agreement, with the interest earned thereon to be added to and become a part of the Sublease Escrow Funds. Escrow Agent agrees to hold and disburse the Sublease Escrow Funds and all accrued interest on the Sublease Escrow Funds in accordance with the terms and conditions of this Escrow Agreement.

5. <u>Disposition of Sublease Escrow Funds</u>. The Sublease Escrow Funds will be held and disbursed by Escrow Agent as follows:

(a) The Escrow Agent will disburse the Escrow Funds to the Sublessor pursuant to the following schedule ("Disbursement Schedule"):

(i) On the thirtieth (30th) day following the Commencement Date defined in the Sublease, the Escrow Agent shall disburse to Sublessor from the Sublease Escrow Funds, One Hundred Seventy-seven Thousand Two Hundred Fifty and 00/100 ($177,250.00).

(ii) On the sixtieth (60th) day following the Commencement Date defined in the Sublease, the Escrow Agent shall disburse to Sublessor from the Sublease Escrow Funds, One Hundred Seventy-seven Thousand Two Hundred Fifty and 00/100 ($177,250.00).

(iii) On the ninetieth (90th) day following the Commencement Date defined in the Sublease, the Escrow Agent shall disburse to Sublessor from the Sublease Escrow Funds, One Hundred Seventy-seven Thousand Two Hundred Fifty and 00/100 ($177,250.00).

(iv) On the one hundred and twentieth (120th) day following the Commencement Date defined in the Sublease, the Escrow Agent shall disburse to Sublessor from the Sublease Escrow Funds, One Hundred Seventy-seven Thousand Two Hundred Fifty and 00/100 ($177,250.00).

(v) On the one hundred and fiftieth (150th) day following the Commencement Date defined in the Sublease, the Escrow Agent shall disburse to Sublessor from the Sublease Escrow Funds, Seventy-one Thousand Two Hundred Fifty and 00/100 ($71,250.00).

All payments called for under the Sublease shall be made without setoff or deduction, at Sublessor's office or at such other address as Sublessor may designate subject to Sublessee's right to vacate portions of the Premises prior to the expiration of the term for that portion of the Premises as set forth in the Sublease.

(b) If Sublessee vacates portions of the Premises prior to expiration of the term for that portion of the Premises as set forth in the Sublease, then at any time prior to the end of each respective period described above, Sublessee may provide Sublessor and the Escrow Agent a written notice ("Early Exit Notice") detailing (1) the reduction in the

number of rentable square feet of the Premises, (2) the date of the number of rentable square feet of the Premises occupied on a daily basis during the preceding rental period, (3) the rent payable therefor (at the rate of $.0417 per square feet per day) ("Revised Rental Amount") and (4) the adjusted "Disbursement Schedule" for the remainder of the Term of the Sublease.

(c) Within ten (10) days after receipt of such Early Exit Notice, the Escrow Agent shall pay the Revised Rental Amount due pursuant to such notice to Sublessor. If Sublessee fails to so provide such notice prior to the end of each period described above, the Escrow Agent shall pay the amount due Sublessor pursuant to the above disbursement of Sublease Escrow Funds.

(d) If Sublessee holds over after the termination of the term of the Sublease or the date to exclude the respective portion from the Sublet Premises as described in Paragraph 1 of the Sublease with respect to any portion of the Sublet Premises, thereafter the tenancy shall be from month-to-month in the absence of a written agreement to the contrary, and then at any time prior to the end of each respective period described above or within ten (10) days after the end of a month of holdover tenancy, Sublessor may provide Sublessee and the Escrow Agent a written notice ("Holdover Notice") detailing (1) the number of rentable square feet of the Premises in which Sublessee held over on a daily basis during either the preceding rental period or preceding month, and (2) the rent payable therefor (a the rate of $0.0417 per square foot per day plus $3,800 per day) ("Holdover Amount").

(e) Within ten (10) days after receipt of such Holdover Notice, the Escrow Agent shall pay the Holdover Amount (plus any amount owed pursuant to the Disbursement Schedule in Paragraph 5(a)).

(f) Upon Sublessee's vacation of the entire Premises, Sublessee shall deliver a written notice to the Escrow Agent and Sublessor notifying them of Sublessee's vacation of the Premises. Escrow Agent shall pay the rent due Sublessor for such period and the balance of the Sublease Escrow Funds, if any, shall be paid to Sublessee.

(g) Notwithstanding the provisions of Paragraph 5(a), (b) and (c) hereof:

(i) If the Escrow Agent has not received an Early Exit Notice from Sublessee or Holdover Notice from Sublessor with respect to any period, the Escrow Agent shall pay to Sublessor the amount for such period payable with respect to the period described in the Disbursement Schedule above.

(ii)    Notwithstanding such Early Exit Notice from Sublessee and payment of such Revised Rental Amount by the Escrow Agent or Holdover Notice for Sublessor and payment of such Holdover Amount by Escrow Agent, Sublessor shall have the right to contest Sublessee's Early Exit Notice and Sublessee shall have the right to contest Sublessor's Holdover Notice for any respective period (or month during a holdover period) by written notice to the other party and the Escrow Agent within ten (10) days after receipt of Sublessee's Early Exit Notice or Sublessor's Holdover Notice with respect to such period.  If Sublessor or Sublessee fail to so provide such notice within such ten (10) day period, the other party's notice shall be conclusive.  If Sublessor or Sublessee provides such notice in a timely manner, Sublessor and Sublessee shall use good faith efforts to resolve such matter and the Escrow Agent shall continue to hold the disputed amount as provided in Paragraph 6 hereof.  Any undisputed amount shall be released to Sublessor and Sublessee as provided in Paragraphs 5(a)-(f) hereof.

6.    <u>Limitation on Escrow Agent's Liability</u>.  Except for Escrow Agent's willful default or misconduct or negligence, Escrow Agent will have no liability under this Escrow Agreement as long as it performs its obligations under this Escrow Agreement in good faith.  In the event of a dispute as to the disposition of the Sublease Escrow Funds, Escrow Agent is authorized and directed to do either of the following (the determination of which will be made by Escrow Agent in its sole discretion):  (i) file an interpleader action as provided by law, in which event Escrow Agent will be released from any further liability under this Escrow Agreement, or (ii) hold the Sublease Escrow Funds until Escrow Agent receives an order of a court of competent jurisdiction or written instructions from both Sublessor and Sublessee directing the disposition of the Sublease Escrow Funds.  Sublessor and Sublessee, jointly and severally, agree to reimburse Escrow Agent for any and all expenses, including reasonable attorneys' fees, which Escrow Agent may incur as a result of any legal proceedings affecting this Escrow Agreement or the performance of Escrow Agent's duties, provided that as between Sublessor and Sublessee, the non-prevailing party in any dispute between Sublessor and Sublessee that results in expenses being incurred by Escrow Agent under this Escrow Agreement will be responsible for such expenses.  Upon the performance of the services described above, Escrow Agent will be released and acquitted from any further liabilities concerning this Escrow Agreement, it being expressly understood that such liability in any event is limited by the terms and conditions set forth in this Escrow Agreement.

7. <u>Notices</u>.  All notices or other communications provided for under this Escrow Agreement must be in writing and signed on behalf of the party that sends the notice or other communication.  Notices and other communications must be personally delivered, sent by certified or registered mail, return receipt requested, or sent by a reputable national overnight delivery service, and will be effective upon the earlier of receipt or refusal or failure to accept receipt if sent to the following addresses:

|  |  |
|---|---|
| If to Escrow Agent: | Land America/Lawyers Title Corporation<br>1050 Wilshire Drive<br>Troy, Michigan  48084<br>Attention:    Steve Nadolski |
| If to Sublessor: | Delphi Automotive Systems LLC<br>5825 Delphi Drive<br>MC:  480-410-174<br>Troy, Michigan  48098<br>Attention:    Jeffrey Beaudoen, Manager,<br>Real Estate Services |
| With a Copy to: | Delphi Automotive Systems<br>5725 Delphi Drive<br>MC:  483-400-603<br>Troy, Michigan  48098<br>Attention:    Deputy General Counsel<br>Transactional & Restructuring |
| If to Sublessee: | Valeo Electrical Systems, Inc.<br><u>4100 North Atlantic Boulevard</u><br><u>Auburn Hills, Michigan  48326</u><br>Attention:    Francoise Colpron<br>email:  francoise.colpron@valeo.com |
| With a Copy to: | Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>Detroit, Michigan  48226<br>Attention:    E. Todd Sable, Esq.<br>(313) 465-7549 (Fax)<br>(313) 465-7548 (Voice)<br>email: tsable@honigman.com |

Each party may change its address from time to time by delivering notice to each of the other parties in any manner described above.

8. <u>Applicable Law</u>.  This Agreement will be interpreted and enforced according to the laws of the State of Michigan.

9. <u>Counterparts</u>.  This Escrow Agreement may be executed in counterparts, each of which will constitute an original although not fully executed, but all of which when taken together, will constitute but one agreement.  Delivery by facsimile of this Escrow Agreement or an executed counterpart of this Escrow Agreement will be deemed a good and valid execution and delivery of this Escrow Agreement.

10. <u>Entire Agreement</u>.  This Escrow Agreement and the Sublease represent the entire understanding between the parties with respect to the subject matter of this Escrow Agreement, and all prior agreements and understandings between the parties with respect to the subject matter of this Escrow Agreement are merged in this Escrow Agreement.  Any amendment, modification, or waiver of any obligation under this Escrow Agreement must be in writing and signed by the parties that are to be bound by the applicable amendment, modification or waiver.

11. <u>Successors and Assigns</u>.  This Escrow Agreement will be binding upon and inure to the benefit of the parties to this Escrow Agreement and their respective heirs, representatives, successors, and assigns.

IN WITNESS WHEREOF, the parties hereto have executed this Escrow Agreement as of the day and year first above written.

DELPHI AUTOMOTIVE SYSTEMS LLC,
a Delaware limited liability company

By:_____

Its:    Authorized Signatory


VALEO ELECTRICAL SYSTEMS, INC.,
a Delaware corporation

By:_____

Its:_____

LAWYERS TITLE INSURANCE CORPORATION

By:_____

Its:_____

DETROIT.2514618.2