Will Guerrant (wg6304)
Texas State Bar No. 08581350
**CLARK, THOMAS & WINTERS,**
**A Professional Corporation**
300 W. Sixth Street, Suite 1500
Austin, Texas 78701
(512) 472-8800
(512) 474-1129 (Fax)
wbg@ctw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Hearing Date: March 22, 2007 |
|  | Objection Deadline: March 15, 2007 |
| **DELPHI CORPORATION** *et al.*, | Chapter 11 |
|  | Case No. 05-44481 (RDD) |
| **Debtors.** | **(Jointly Administered)** |

**RESPONSE OF CLARK, THOMAS & WINTERS, PC IN OPPOSITION TO DEBTORS'**
**NINTH OMNIBUS CLAIMS OBJECTION**

CLARK, THOMAS & WINTERS, PC ("CTW") files this Response in Opposition ("Response") to the Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification ("Claims Objection") and would show the following.

**Facts**

1.  Delphi Corporation and certain of its subsidiaries and affiliates filed voluntary petitions under Chapter 11 of the Bankruptcy Code on October 8 and 14, 2005.

2. On or about October 21, 2005, a Notice of Commencement of Chapter 11 Bankruptcy Cases and Meetings of Creditors ("§ 341 Notice") was filed in Debtors' jointly administered case. A copy of the § 341 Notice, stamped "received" by CTW on October 31, 2005, is attached to this Response as **Exhibit A**. On page 4 of the § 341 Notice (under the heading "Claims"), the following is stated in bold type: "Separate notice of the deadlines to file proofs of claim and proof of claim forms will be provided to the Debtors' known creditors."

3. On February 15, 2007, Debtors filed the Claims Objection. The Claims Objection states that on or prior to April 20, 2006, Kurtzman Carson Consultants LLC (the "Claims Agent") provided notice (the "Bar Date Notice") of the July 31, 2006 claims filing deadline (the "Bar Date") established by this Court by order of April 12, 2006 (the "Bar Date Order") and a proof of claim form to "(a) the persons or entities set forth in the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed with this Court on January 20, 2006 (and subsequently amended on February 1, 2006 and April 18, 2006) and (b) the persons and entities included in the notice database compiled by the Debtors, but not listed on any of the Schedules and Statements."

4. On December 14, 2006, CTW filed a non-priority unsecured proof of claim in this case in the amount of $20,513.17 (the "CTW Claim"). CTW is an Austin, Texas based law firm that has represented one or more of the Debtors in prepetition products liability-related litigation (the "Delphi Litigation").[1] In that capacity, CTW incurred the unpaid legal fees and expenses

---

[1] CTW has also represented one or more of the Debtors, to a limited extent, in postpetition litigation, and is designated as an ordinary course professional in the Notice of Second Revised List of Debtors' Ordinary Course Professionals, filed with this Court on or about March 16, 2006.

*CTW Response*          2

giving rise to the CTW Claim, as evidenced by the prepetition balance statement attached to the CTW Claim.[2]

5.  On February 20, 2007, CTW received a Notice of Objection to Claim ("Claim Objection Notice") from the Claims Agent. A copy of the Claims Objection was also included.[3] The Claim Objection Notice states, in effect, that the CTW Claim was untimely and should be disallowed and expunged on that ground.

## Objection

6.  As stated above, CTW received the § 341 Notice on October 31, 2005, and relied on the representation that separate notice of claims deadlines would be provided to Debtors' known creditors. However, although CTW received the § 341 Notice and clearly was a "known creditor" at that point, after a review of the relevant files, an examination of internal procedures, and interviews with CTW attorneys and staff members with responsibility for the Delphi Litigation and the CTW Claim, CTW concludes that it never received the Bar Date Notice or Bar Date Order, and certainly had no knowledge of the Bar Date.

7.  CTW does not appear on the creditors label matrix filed in this case, or in the Schedules and Statements referenced above (including the amended Schedules and Statements filed on February 1, 2006, April 18, 2006, and April 28, 2006). If, on or prior to April 20, 2006, CTW was included in the Debtors' "notice database" as described in the Claims Objection, then apparently no notice for CTW was generated or, if generated, was ever sent. In either event, it was never received by CTW.

---

[2] The balance statement was prepared by the CTW accounting department on December 5, 2006 and reflects the unpaid balance for legal services provided and expenses incurred prepetition. Because of the bankruptcy filing, the statement was not mailed directly to the addressee (Delphi Legal Staff), but was attached to, and filed with, the CTW Claim.

[3] Although the Claim Objection Notice states that a copy of the Claims Objection Procedures Order entered by this Court on December 7, 2006 is included in the mailing, it was not.

8.  As stated in the affidavit of Will Guerrant, attached to this Response as **Exhibit B**, neither the Bar Date Notice, the Bar Date Order, nor any other claims deadline notice, in any form, written, oral, or electronic[4] was received by the CTW attorney responsible for filing the CTW Claim, and to whom all miscellaneous bankruptcy notices and pleadings are routinely forwarded.

9.  As described in the affidavit of Anita Mosel, attached to this Response as **Exhibit C**, after a review of all current and closed files involving or related to the Delphi Litigation, no copy of, or reference to, the Bar Date Notice, the Bar Date Order, or any other claims deadline notice was found.

10. As detailed in the affidavit of Jean Atkisson, attached to this Response as **Exhibit D**, CTW has a procedure in place, overseen by Ms. Atkisson, for notifying all CTW attorneys and staff members of incoming mail, in instances where no specific attorney or employee is identified as an addressee. As further stated in Ms. Atkisson's affidavit, if no attorney or staff member claims the mail, it is filed by her as unclaimed. A review of the "unclaimed mail" file maintained by Ms. Atkisson reveals no copy of the Bar Date Notice, the Bar Date Order, or any other notice filed in this jointly administered case.

## Conclusion

11. CTW relied on the § 341 Notice and, specifically, on the representation that a separate notice of the deadlines to file proofs of claim and proof of claim forms would be provided to the Debtors' known creditors. As CTW was a "known" creditor and received the § 341 Notice, it had no reason to believe that it would not be served with the Bar Date Notice.

---

[4] Although this Response is being filed electronically via ECF, CTW has not filed a notice of appearance in these cases and has not received electronic notices or filings.

*CTW Response*                                              4

Because CTW was not afforded the minimum notice required under law and thus was denied due process, the CTW Claim should be allowed.[5]  Accordingly, CTW respectfully requests that the Court deny the Claims Objection as it pertains to the CTW Claim.

Dated: March 5, 2007
Austin, Texas.

**CLARK, THOMAS & WINTERS,**
**A Professional Corporation**
300 W. Sixth Street, Suite 1500
Austin, Texas 78701
(512) 472-8800
(512) 474-1129 (Fax)

By: _____/s/_____
Will Guerrant (wg6304)
Texas State Bar No. 08581350
wbg@ctw.com

---

[5] See *City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 73 S.Ct. 299 (1953) (even creditors with knowledge of pending bankruptcy have right to assume reasonable statutory notice will be given them before their claims are forever barred);  *In re XO Communications*, 301 B.R. 782, 791-792 (Bankr.S.D.N.Y. 2003) (before debtor can be granted discharge, Due Process Clause of Fifth Amendment requires that creditors receive notice of applicable bar date); *In re Collier*, 307 B.R. 20, 25 (Bankr.D.Mass 2004) (creditor's right to notice of bar date is fundamental due process right).  Notice to known creditors by publication will not satisfy the constitutional requirement of due process. *City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. at 297.  See also, *In re Feldman*, 261 B.R. 568, 577 (Bankr.E.D.N.Y. 2001) (if creditor is known to debtor, notice by publication is not constitutionally reasonable—actual notice of the bar date is required).

**Notice of Commencement of Chapter 11 Bankruptcy Cases and Meeting of Creditors**

**EXHIBIT A**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
        In re                                               :   Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :   Case No. 05-44481 (RDD)
                                                            :
                                                            :   (Jointly Administered)
                                                            :
                                Debtors.                    :
------------------------------------------------------------x

**RECEIVED OCT 31 2005**

### NOTICE OF COMMENCEMENT OF CHAPTER 11
### BANKRUPTCY CASES AND MEETING OF CREDITORS

On October 8, 2005, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Initial Debtors,"[1] and together with the Additional Debtors, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors, and their respective addresses, case numbers, and federal tax identification numbers are as follows:

| DEBTOR | ADDRESS | CASE NO. | EID # |
|---|---|---|---|
| Delphi Corporation | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44481 | 38-3430473 |
| ASEC Manufacturing General Partnership | 1301 Main Parkway Catoosa, Oklahoma 74015 | 05-44482 | 73-1474201 |
| ASEC Sales General Partnership | 1301 Main Parkway Catoosa, Oklahoma 74015 | 05-44484 | 73-1474151 |
| Aspire, Inc. | U.S. Route 1 Morrisville, Pennsylvania 19067 | 05-44618 | 36-4392806 |
| Delco Electronics Overseas Corporation | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44610 | 38-2638990 |
| Delphi Automotive Systems (Holding), Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44596 | 38-3422378 |
| Delphi Automotive Systems Global (Holding), Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44636 | 38-3547659 |
| Delphi Automotive Systems Human Resources LLC | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44639 | 38-3547664 |
| Delphi Automotive Systems International, Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44589 | 38-3280289 |
| Delphi Automotive Systems Korea, Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44580 | 38-2849490 |
| Delphi Automotive Systems LLC | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44640 | 38-3431131 |
| Delphi Automotive Systems Overseas Corporation | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44593 | 38-3318021 |

---

[1]    On October 14, 2005, Delphi Furukawa Wiring Systems LLC, Delphi Receivables LLC, and MobileAria, Inc. (collectively, the "Additional Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

| DEBTOR | ADDRESS | CASE NO. | EID # |
|---|---|---|---|
| Delphi Automotive Systems Risk Management Corp. | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44570 | 38-3575299 |
| Delphi Automotive Systems Services LLC | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44632 | 38-3568834 |
| Delphi Automotive Systems Tennessee, Inc. | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44558 | 38-3319836 |
| Delphi Automotive Systems Thailand, Inc. | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44586 | 38-3379709 |
| Delphi China LLC | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44577 | 38-3196159 |
| Delphi Connection Systems | 17150 Von Karman Avenue<br>Irvine, California 92614-0901 | 05-44624 | 95-2563022 |
| Delphi Diesel Systems Corp. | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44612 | 38-3505001 |
| Delphi Electronics (Holding), LLC | One Corporate Center<br>Kokomo, Indiana 46904-9005 | 05-44547 | 95-4554161 |
| Delphi Foreign Sales Corporation | Chase Trade, Inc.<br>P.O. Box 309420<br>55-11 Conacao Gade<br>Charlotte Amalie<br>St. Thomas, US Virgin Islands 00803-9420 | 05-44638 | 66-0564421 |
| Delphi Furukawa Wiring Systems LLC | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-47452 | 20-2478586 |
| Delphi Integrated Service Solutions, Inc. | 1322 Rankin Street<br>Troy, Michigan 48083 | 05-44623 | 38-3473261 |
| Delphi International Holdings Corp. | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44591 | 38-3449527 |
| Delphi International Services, Inc. | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44583 | 38-3439894 |
| Delphi Liquidation Holding Company | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44542 | 95-4359324 |
| Delphi LLC | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44615 | 37-1438255 |
| Delphi Mechatronic Systems, Inc. | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44567 | 38-3589834 |
| Delphi Medical Systems Colorado Corporation | 4300 Road 18<br>Longmont, Colorado 80504 | 05-44507 | 32-0052827 |
| Delphi Medical Systems Corporation | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44529 | 32-0052827 |
| Delphi Medical Systems Texas Corporation | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44511 | 20-2885110 |
| Delphi NY Holding Corporation | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44480 | 20-3383408 |

| DEBTOR | ADDRESS | CASE NO. | EID # |
|---|---|---|---|
| Delphi Receivables LLC | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-47459 | 61-1446224 |
| Delphi Services Holding Corporation | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44633 | 20-0577653 |
| Delphi Technologies, Inc. | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44554 | 38-3430681 |
| DREAL, Inc. | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44627 | 38-3457411 |
| Environmental Catalysts, LLC | 5725 Delphi Drive<br>Troy, Michigan 48098-2815 | 05-44503 | N/A |
| Exhaust Systems Corporation | 4800 S. Saginaw Street<br>Flint, Michigan 48501 | 05-44573 | 38-3211473 |
| MobileAria, Inc. | 800 West El Camino Real<br>Suite 240<br>Mountain View, California 94040 | 05-47474 | 31-1695929 |
| Packard Hughes Interconnect Company | 17150 Von Karman Avenue<br>Irvine, California 92614-0901 | 05-44626 | 33-0595219 |
| Specialty Electronics, Inc. | 19200 Asheville Highway<br>PO Box 519<br>Landrum, SC 29356 | 05-44539 | 57-0755068 |
| Specialty Electronics International Ltd. | 69A Kronprindsens Gade (Third Floor)<br>P.O. Box 1858<br>St. Thomas, US Virgin Islands 00803-9420 | 05-44536 | 66-0522490 |

DATE, TIME, AND LOCATION OF MEETING OF CREDITORS. February 3, 2006, at 1:30 p.m., Prevailing Eastern Time, at 80 Broad Street, 2nd Floor, New York, New York 10004.

NAME, ADDRESS, AND TELEPHONE NUMBER OF TRUSTEE. None appointed to date.

COUNSEL FOR THE DEBTORS.

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

— and —

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

3

COMMENCEMENT OF CASES. Petitions for relief under chapter 11 of the Bankruptcy Code have been filed in this Court by the Debtors listed above, and orders for relief have been entered. You will not receive notice of all documents filed in this case. All documents filed with the Court, including lists of the Debtors property and debts, will be available for inspection at the Office of the Clerk of the Bankruptcy Court. In addition, such documents may be available at http://www.delphidocket.com or the Court's website, http://www.nysb.uscourts.gov, and can be viewed with a PACER password (to obtain a PACER password, go to the PACER website, http://pacer.psc.uscourts.gov).

PURPOSE OF CHAPTER 11 FILING. Chapter 11 of the U.S. Bankruptcy Code enables a debtor to reorganize pursuant to a plan. A plan is not effective unless approved by the court at a confirmation hearing. Creditors will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code. The Debtors will remain in possession of their property and will continue to operate any business unless a trustee is appointed.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS. A creditor is anyone to whom a debtor owes money or property. Under the Bankruptcy Code, a debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting a debtor to demand repayment, taking action against a debtor to collect money owed to creditors or to take property of a debtor, and starting or continuing foreclosure actions or repossessions. If unauthorized actions are taken by a creditor against a debtor, the Court may penalize that creditor. A creditor who is considering taking action against a debtor or the property of a debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice. **The staff of the Clerk of the Bankruptcy Court are not permitted to give legal advice.**

MEETING OF CREDITORS. The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the Debtors and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

CLAIMS. Schedules of creditors will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not listed as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the cases or share in any distribution must file their proofs of claim. A creditor who desires to rely on the schedule of creditors has the responsibility for determining that the claim is listed accurately. **Separate notice of the deadlines to file proofs of claim and proof of claim forms will be provided to the Debtors' known creditors.** Proof of claim forms are available in the clerk's office of any bankruptcy court. Proof of claim forms are also available at http://www.delphidocket.com or from the Court's web site at http://www.nysb.uscourts.gov. Proof of claim forms may be filed at the following address:

| | |
|---|---|
| United States Bankruptcy Court<br>Southern District of New York<br>Delphi Corporation Claim Docketing Center<br>P.O. Box 5058<br>Bowling Green Station<br>New York, New York 10274-5058 | **By hand or overnight courier:**<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>Room 534<br>New York, New York 10004-1408 |

DISCHARGE OF DEBTS. Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See section 1141(d) of the Bankruptcy Code. A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.

For the Court:   Kathleen Farrell-Willoughby                                    Dated: October 21, 2005
                 Clerk of Court
                 United States Bankruptcy Court for the
                 Southern District of New York

CONTACT INFORMATION.

Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

Restructuring Information Line: Toll Free: (866) 688-8740; International: (248) 813-2602

Supplier Support Center: Toll Free: (866) 688-8679; International: (248) 813-2601

Kurtzman Carson Consultants LLC (Claims, Noticing, and Balloting Agent): (888) 249-2691

4

**Affidavit of Will Guerrant**

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION<br>*et al.*,<br><br>     Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

### AFFIDAVIT OF WILL GUERRANT

STATE OF TEXAS  )
         )
COUNTY OF TRAVIS )

  WILL GUERRANT, being duly sworn, deposes and says:

  1. I am an attorney and shareholder of Clark, Thomas & Winters, A Professional Corporation ("CTW"), which firm maintains offices at 300 West 6th Street, 15th Floor, Austin, Texas 78701.

  2. I am the CTW attorney responsible for filing the CTW Claim, as defined in the Response to which this affidavit is attached, and to whom all miscellaneous bankruptcy notices and pleadings are routinely forwarded.

  3. Prior to February 20, 2007, neither I, nor any other attorney or employee of CTW, insofar as I have been able to ascertain, was served with, was aware of, or had seen the Bar Date Notice or Bar Date Order, each as referred to in the Debtors' Ninth Omnibus Objection filed in the above-styled cases.

  4. Prior to February 20, 2007, neither I, nor any other attorney or employee of CTW, insofar as I have been able to ascertain, was served with, was aware of, or had seen any other claims deadline notice, in any form, written, oral, or electronic, filed in the above-styled cases.

  FURTHER, AFFIANT SAYETH NOT.

                    _____
                     Will Guerrant

*Affidavit*

Subscribed and sworn before me
this **27th** day of **February**, 2007.

*Janice Teas*
Notary Public

JANICE TEAS
Notary Public, State of Texas
My Commission Expires
JUNE 20, 2007

*Affidavit*

**Affidavit of Anita Mosel**

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In re:<br><br>DELPHI CORPORATION<br>*et al.*,<br><br>             Debtors. | ) <br> )    **Chapter 11** <br> ) <br> )    Case No. 05-44481 (RDD) <br> ) <br> )    **(Jointly Administered)** <br> ) |

### AFFIDAVIT OF ANITA MOSEL

STATE OF TEXAS    )
                           ) ss:
COUNTY OF TRAVIS  )

ANITA MOSEL, being duly sworn, deposes and says:

1. I am an employee of Clark, Thomas & Winters, A Professional Corporation ("CTW"), which firm maintains offices at 300 West 6th Street, 15th Floor, Austin, Texas 78701.

2. CTW represented Delphi in several cases, and I am familiar with the CTW files for those cases.

3. I have no personal recollection of seeing the Bar Date Notice or Bar Date Order, as referred to in the Debtors' Ninth Omnibus Objection filed in the above-styled cases.

4. I have reviewed the document indices in each of the Delphi cases and there is no reference to the Bar Date Notice or Bar Date Order or any other claims deadline notice ever being received.

5. I have looked through the documents in each of the case files and did not find a Bar Date Notice or Bar Date Order or any other written claims deadline notice in any of the files.

FURTHER, AFFIANT SAYETH NOT.

                                                                                       */s/ Anita Mosel*
                                                                                       Anita Mosel

[Notary Seal: Shelli Charnquist, Notary Public, State of Texas, My Commission Expires SEPTEMBER 29, 2009]

*Affidavit*

Subscribed and sworn before me
this  /ST  day of March, 2007.

_Shelli Chapnut_ (signature)
Notary Public

*Affidavit*

**Affidavit of Jean Atkisson**

**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                              )
                                                    )
                                                    )   Chapter 11
                                                    )
DELPHI CORPORATION                                  )   Case No. 05-44481 (RDD)
*et al.*,                                           )
                                                    )   (Jointly Administered)
                    Debtors.                        )
                                                    )

### AFFIDAVIT OF JEAN ATKISSON

STATE OF TEXAS         )
                       )
COUNTY OF TRAVIS       )

**JEAN ATKISSON**, being duly sworn, deposes and says:

1. I am an employee of Clark, Thomas & Winters, A Professional Corporation ("<u>CTW</u>"), which firm maintains offices at 300 West 6th Street, 15th Floor, Austin, Texas 78701.

2. It is my responsibility to route mail internally that is received at this office and that is addressed to CTW, but that does not name a specific recipient.

3. In the event that I cannot determine the recipient of an item of mail, I send an e-mail notice firm-wide stating the name of the sender, the case number, if applicable, and the subject matter. Typically, the mail is claimed and sent to the recipient via interdepartmental mail.

4. If no one claims the mail, I save it in a legal file for reference.

5. All mail regarding bankruptcy proceedings is sent to attorney, Will Guerrant, unless another attorney is identified on the envelope.

6. I have checked the unmarked mail file and found no mail regarding the Delphi debtors. Nor do I recall ever seeing the notice of bar date filed in the above-styled cases.

*Affidavit*

FURTHER, AFFIANT SAYETH NOT.

*Jean Atkisson*
Jean Atkisson

Subscribed and sworn before me
this 27th day of FEBRUARY, 2007.

*Pamela Jo Mitchell*
Notary Public

Pamela Jo Mitchell
Notary Public
State of Texas
My Commission Expires
OCTOBER 22, 2010

*Affidavit*