SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan III
John K. Lyons
Ron E. Meisler

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                        :
       In re                            :   Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :   Case No. 05-44481 (RDD)
                                        :
       Debtors.                         :   Jointly Administered
                                        :
------------------------------------------------------------x

RESPONSE TO DEBTORS' FIRST SET OF INTERROGATORIES

Delphi Corporation and certain of its domestic subsidiaries and affiliates debtors and debtors-in-possession in the above-captioned cases, by and through their attorneys, request that Joseph Reno respond to all interrogatories set forth below pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims. The Debtors note that Joseph Reno failed to timely file a Supplemental Response, and expressly reserve the right to propound additional interrogatories to the extent Joseph Reno files additional pleadings.

Instructions and Definitions

A. The requirements of Rules 7033-1 and 7034-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") are incorporated herein.

B. The Uniform Definitions in Discovery Requests set forth in Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern District of New York, incorporated by reference in Rule 7026–1 of the Local Rules shall apply to these requests for production.

C. "Chapter 11 proceedings" means the Debtors' filings for protection under chapter 11 of the United States Code, 11 U.S.C. § 101 et. seq., as amended, in the United States Bankruptcy Court for the Southern District of New York on or about October 8, 2005.

D. "Communication" means the transmittal of information of any kind, in any form and by any means.

2

E. "Delphi" means Delphi Corporation.

F. "Debtors" means Delphi, its affiliated debtors and debtors-in-possession and/or any of its predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors.

G. "Proof of Claim" means proof of claim number 9956 filed by Reno against Delphi.

H. "Response" means Reno's Response To Debtors' Objection To Claim #9956.

I. "Third Omnibus Claims Objection" means Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c).

J. The "Claimant" means Joseph Reno.

### Interrogatories

1. Identify all documents you intend to introduce at the hearing on the Third Omnibus Claims Objection with respect to the Proof of Claim.

**Response:** Specific trial exhibits have yet to be identified. All such trial exhibits shall come from documents already discovered and/or produced in the case of <u>Joseph Reno v. Delphi Corporation</u>, Case No. 3:04-CV-00321, U.S. District Court, S.D. Ohio.

3

2. Identify every person you intend to call to testify at the hearing on the Third Omnibus Claims Objection with respect to the Proof of Claim, and describe the subject matters about which they will testify.

**Response:** Specific trial witnesses have yet to be identified. All such trial witnesses shall come from witnesses who have already been named and identified in the case of <u>Joseph Reno v. Delphi Corporation</u>, Case No. 3:04-CV-00321, U.S. District Court, S.D. Ohio.

3. Identify every Communication between Delphi and the Claimant regarding Delphi's internal investigation, the Claimant's hiring of Onyx to dispose of waste from his home or business, a leak of wastewater at Delphi's Kettering Ohio manufacturing plant and the substance of that Communication, Delphi's termination of the Claimant's employment, and the substance of those Communications.

**Response:** All such communications have already been identified and described to Delphi in the depositions and documents produced in the case of <u>Joseph Reno v. Delphi Corporation</u>, Case No. 3:04-CV-00321, U.S. District Court, S.D. Ohio.

4. Identify which specific "rules and regulations" Claimant is referring to in paragraph 16 of his First Amended Complaint with Jury Demand and items 2 and 3 of his March 2, 2004, letter to James Walle.

**Response:** <u>See</u> the Expert Report of SEA Senior Industrial Hygienist/Senior Project Chemist Ronald W. Thaman, MS, CSP (copy attached as Exhibit #2 to Claimant Joseph Reno's Response to Debtors' Objection to Claim #9956 and expressly incorporated by reference hereto). In

4

addition to the above-referenced violations of OSHA's Process Safety Standard 29 CFR 1910.120 – Hazardous Waste Operations and Emergency Response and the Comprehensive Environmental Response, Compensation and Liability Act, see 40 CFR 260.10, 40 CFR 264.1, 40 CFR 264.51, 40 CFR 264.52, 40 CFR 264.55, 40 CFR 264.56 and Ohio Rules 3745-50-10, 3745-50-01, 3745-54-51, 3745-54-52, 3745-54-55, and 3745-54-56.

5. Identify all steps taken by the Claimant to mitigate his damages by seeking new employment after being terminated by Delphi.

**Response:** See Claimant's Response to Debtors' First Request for Production of Documents.

6. Identify all statements made by Delphi personnel that allegedly defamed the Claimant, including the date, speaker, listener, and content of each statement.

**Response:** On multiple occasions, Delphi employees and/or agents published defamatory statements (to non-Delphi employees) that Claimant had committed improprieties while engaged in his profession and trade. One such occasion occurred on February 18, 2004, in the presence of non-Delphi employees, Mike Webb and Tim Delph.

7. Identify the basis for calculating the Claimant's punitive damage claim to be $14,211,000.00.

**Response:** Claimant's punitive damages claim is based upon a factor of (9) times his compensatory damages in accordance with State Farm v. Campbell, 123 S.Ct. 1513 (2003). Claimant's compensatory damages claim includes, inter alia, lost wages in the amount of One Million Five Hundred Eighty Thousand and Seventy-Four Dollars ($1,580,074). See Expert

5

Report of Ralph R. Frasca, Ph.D., Exhibit #7 to Claimant Joseph Reno's Response to Debtors' Objection to Claim #9956 and Plaintiff's First Amended Complaint with Jury Demand pp. 10-11, Exhibit #1 to Claimant Joseph Reno's Response to Debtors' Objection to Claim #9956 . . . both of these referenced Exhibits are expressly incorporated by reference hereto).

8. To the extent the Claimant denies any request for admission, state the factual reason supporting the denial and attach documents specifically supporting the factual denial and or references to deposition testimony or other sworn statements specifically supporting the factual denial.

**Response:** <u>See</u> Claimant's Responses to Debtors' First Requests for Admissions and documents attached thereto.

# **ACKNOWLEDGMENT**

STATE OF OHIO              )
                           ) SS:
COUNTY OF MONTGOMERY       )

Now comes Joseph Reno and hereby states that the foregoing responses are true and accurate to the best of my recollection.

_____
Joseph Reno

Sworn to and subscribed in my presence by the said Joseph Reno this 19Th day of ~~January~~ February 2007.

_____
Notary Public

BRAD A. CHALKER, Attorney at Law
Notary Public, State of Ohio
My Commission has no expiration date
Section 147.03 O. R. C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by regular U.S. First Class Mail on this 19th day of February, 2007 to the following:

John William Butler, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

and

Kayalyn A. Marafioti, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

_____
Brad A. Chalker

7