UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
        In re                                       :        Chapter 11

DELPHI CORPORATION, et al.        :        Case No. 05-44481 (RDD)

                      Debtors.          :        (Jointly Administered)
------------------------------------------------------------x

RESPONSE TO DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS

Comes now Donald R. Sweeton and Sarah E. Sweeton, by and through counsel, and respectfully responds as follows the Debtors' Eighth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims, (B) Claims Duplicative of Consolidated Trustee Claim, (C) Equity Claims, and (D) Protective Claims (the "Claim Objection").

    1.    Mr. and Mrs. Sweeton own certain real property located in Lawrenceburg, Tennessee. Mr. and Mrs. Sweeton lease the property to Delphi Automotive Systems, LLC ("Delphi Automotive") for use as a warehouse. Copies of the lease and amendments thereto (collectively, the "Lease") between Mr. and Mrs. Sweeton and Delphi Automotive were attached to Mr. and Mrs. Sweeton's Proof of Claim.

    2.    Following the Debtors' filing of their Chapter 11 cases, Mr. and Mrs. Sweeton attempted to work with Delphi Automotive to have the Lease assumed or rejected. In July of 2006, approximately nine (9) months after the petition date, the Lease still had not been assumed or rejected.

    3.    As is set forth in the Claims Objection (at ¶¶ 15-20), on April 12, 2006, the Court entered an Order establishing bar dates for filing proofs of claim. That Order established July

31, 2006, as the last date for anyone holding "claims," as defined in 11 U.S.C. § 101(5), against a Debtor to file a proof of claim with respect to each such claim.

4.   As is also set forth in the Claims Objection (at ¶ 37, fn. 14), the Bar Date Order (Docket No. 3206) states:

> Notwithstanding anything in this Order to the contrary, the holder of any Claim arising from the rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code shall be required to file a Proof of Claim on account of such Claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Court in an order authorizing such rejection (the "Rejection Bar Date," and together with the General Bar Date and the Amended Schedule Bar Date, the "Bar Dates").

(Claims Objection at ¶ 37, fn. 14 (quoting Bar Date Order at ¶ 8).) The Bar Date Order defines the "General Bar Date" as July 31, 2006. (Bar Date Order at ¶ 2.)

5.   The Bar Date Notice that was mailed to creditors (Docket No. 3206 at Ex. B) states:

> **1. Who Must File A Proof Of Claim**
>
> You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim against any of the Debtors that arose prior to the applicable Petition Date, and such claim is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the applicable Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.
>
> Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable

> remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

(Bar Date Order at Ex. B, p. 1-2 (emphasis in original.)  The reference in this section to section 4 of the Bar Date Notice is a reference to the section titled "Who Need Not File a Proof of Claim." Claims arising from the rejection of executory contracts are not listed in Section 4 of the Bar Date Notice.

      6.    Pursuant to the Bar Date Order and Bar Date Notice, Mr. and Mrs. Sweeton filed their Proof of Claim in these jointly administered cases on July 26, 2006.  Mr. and Mrs. Sweeton's claim is based on the damages Mr. and Mrs. Sweeton would suffer if Delphi Automotive rejected the Lease of the warehouse space in Lawrenceburg, Tennessee.

      7.    In the Claims Objection, Debtors argue that Mr. and Mrs. Sweeton's claim should be disallowed and expunged because Mr. and Mrs. Sweeton will be allowed to file a new proof of claim within thirty (30) days following Delphi Automotive's decision to reject the Lease.  Yet the Bar Date Order and Bar Date Notice permit Mr. and Mrs. Sweeton to file their proof of claim on or before the General Bar Date, which Mr. and Mrs. Sweeton did.  Moreover, holders of contingent claims based on the potential rejection of executory contracts are not included in the list of those "Who Need Not File a Proof of Claim."  The Bar Date Order and Bar Date Notice certainly preserve Mr. and Mrs. Sweeton's right to file a second proof of claim, but Mr. and Mrs. Sweeton should not be put through the time, effort and expense of filing a new proof of claim when the proof of claim they already filed was timely filed pursuant to the Bar Date Order and Bar Date Notice.

8.      The time, effort and expense that Mr. and Mrs. Sweeton will face by having to file a second proof of claim and have already incurred responding to the Claims Objection, when combined with the potential prejudice to them of having to comply a second time with the Bar Date Order significantly outweighs the minimal expense and absolute lack of prejudice to the Debtors of maintaining Mr. and Mrs. Sweeton's contingent claim on the books of the Debtors.

9.      As to Mr. and Mrs. Sweeton, the Claims Objection is premature.  The assets of the estate would be better spent actually determining whether Delphi Automotive will accept or reject the Lease than objecting to Mr. and Mrs. Sweeton's contingent claim.  More than 18 months have now passed since the Debtors filed their Chapter 11 cases, yet Delphi Automotive still has not assumed or rejected the Lease.

Respectfully submitted,

/s/ Austin L. McMullen
Austin L. McMullen (admitted pro hac vice)
BOULT, CUMMINGS, CONNERS & BERRY, PLC
1600 Division Street, Suite 700
P. O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 252-2307
Fax: (615) 252-6307
email: amcmulle@bccb.com

*Attorneys for Don and Sarah Sweeton*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded electronically to all parties consenting to service through the Court's electronic filing systems and by certified U.S. Mail, postage prepaid, to:

| | |
|---|---|
| Hon. Robert D. Drain<br>United States Bankruptcy Judge<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green, Room 610<br>New York, NY 10004 | Delphi Corporation<br>Att'n: General Counsel<br>5725 Delphi Drive<br>Troy, MI 48098 |
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>Att'n: John Wm. Butler, Jr., John K. Lyons,<br>    and Joseph N. Wharton<br>333 West Wacker Drive, Suite 2100<br>Chicago, IL 60606 | Alicia M. Leonhard<br>Office of the U.S. Trustee<br>33 Whitehall Street, Suite 2100<br>New York, NY 10004 |

on this the 6th day of March, 2007.

/s/ Austin L. McMullen
Austin L. McMullen