**To: Clerk, United States Bankruptcy Court, District of New York**

Please file the enclosed Evidence of Transfer in the Delphi Bankruptcy (Case No. 05-44640). For confirmation, please return the enclosed copy of the Evidence of Transfer, date stamped, using the enclosed postage paid envelope.

If you have any questions, please contact me directly.

Thanking you in advance.

                              Sincerely,

                              Eric Linn
                              120 W. Eastman, Suite 300
                              Arlington Heights, IL 60004
                              Tel: (847) 577-1269

enclosed:    Evidence of Transfer (x2)
                Purchase Agreement and Assignment of Accounts Receivable (x2)



## **Evidence of Transfer of Claim**

**To: Clerk, United States Bankruptcy Court, District of New York**

Please be advised that Integrated Quality Solutions LLC has unconditionally and irrevocably sold, transferred and assigned unto Oak Point Partners, Inc. all its rights, title, and interest in and to any and all claims ("Claims") against Delphi Automotive Systems LLC, (the "Debtor") in the United States Bankruptcy Court for New York, Case No. 05-44640, including surviving Proof of Claim No. 5994 filed in the amount of $7,724.60, and requests the Claim to be re-registered as follows:

**Assignee:**   Oak Point Partners, Inc.
c/o Eric Linn, President
120 W. Eastman, Suite 300
Arlington Heights, IL 60004
Tel: (847) 577-1269

Assignor has waived any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claims to the Assignee.

IN WITNESS WHEREOF, dated the 10th day of January, 2007.

**Integrated Quality Solutions LLC**

By: _____
Name: Eric Linn, under Power of Attorney granted by Integrated Quality Solutions LLC, as evidenced within the attached Purchase Agreement and Assignment of Accounts Receivable, dated September 25th, 2006.

Sworn to before me this
10th day of January, 2007

_____
Notary Public

Official Seal
Kevin J Clemons
Notary Public State of Illinois
My Commission Expires 10/17/2009

RECEIVED

CLAIMS PROCESSING CENTER
USBC, SDNY

Attachment: Purchase Agreement and Assignment of Claims and Interests

# PURCHASE AGREEMENT AND ASSIGNMENT OF ACCOUNTS RECEIVABLE

THIS PURCHASE AGREEMENT AND ASSIGNMENT OF ACCOUNTS RECEIVABLE (this "Agreement"), dated as of September 25 2006, is between INTEGRATED QUALITY SOLUTIONS, LLC (the "Seller" or the "Debtor") and OAK POINT PARTNERS, INC., an Illinois corporation (the "Purchaser").

### WITNESSETH:

WHEREAS, on August 23, 2005, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Illinois (the "Bankruptcy Court") Case No.05-11736 (the "Bankruptcy Case"); and

WHEREAS, Seller holds certain accounts receivable and small-balance preference claims as more particularly described in Exhibit A attached hereto (collectively, the "Receivables"); and

WHEREAS, Seller has the power and authority to sell and assign all right, title and interest in and to the Receivables, to Purchaser, including, but not limited to the proceeds thereof, subject to entry of an order of the Bankruptcy Court approving such a sale of the Receivables.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price:** The Purchase Price shall be [REDACTED].

2. **Assignment of Receivables:** Except as noted in the Notes to Exhibit A, Seller hereby irrevocably and unconditionally sells, assigns, transfers and sets over to Purchaser all of the Seller's right, title and interest under, in and to the Receivables, including, without limitation, all cash, securities, instruments and other property which may be paid or issued in satisfaction of the Receivables and all amounts, interest, late fees, and costs due under the Receivables.

3. **Copies of Invoices and Other Documentation:** At or before closing, Seller will provide to Purchaser copies of all relevant back-up documentation that is believed to be accessible for the Receivables, including invoice copies, purchase orders and proofs of service.

4. **Payments Received on Receivables:** Seller further agrees that any payments received by Seller on account of any Receivables, shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's offices set forth below. Seller agrees to forward to Purchaser all notices received with respect to any Receivables assigned herein and to take such action with respect to the Receivables, as Purchaser may from time to time reasonably request.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to

{A0106504.DOC 2}

Purchaser that:

    a.      Seller is the rightful holder of the Receivables;

    b.      All documents delivered to Purchaser by Seller with respect to the Receivables are true and accurate copies of the original;

    c.      Seller has full lawful right, title, power and authority to enter into this Agreement and to convey the Receivables to Purchaser as is set forth in this Agreement;

    d.      To the best of Seller's knowledge, (i) the Receivables are valid and subsisting obligations and in full force and effect and are not subject to any defense, set-off or recoupment; (ii) except as noted on Exhibit A, Seller has not received notice of the bankruptcy or other insolvency proceeding of any of the entities that owe the Receivables; and (iii) Seller has not given any release, forbearance, extension or waiver in respect of any of the Receivables; and

    e.      Seller has not transferred, assigned, or hypothecated, and there is no presently effective agreement to transfer, assign or hypothecate all or any part of its interest in any of the Receivables and, upon entry of an order of the Bankruptcy Court approving such a sale of the Receivables, the Receivables may be transferred free of any liens or other encumbrances.

Except as specifically set forth herein, the Seller sells, assigns, and transfers the Receivables to the Buyer "as is," "where is," WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.

6. **Documents of Assignment**. From time to time, Seller shall also execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. In addition, Seller hereby authorizes Purchaser to prepare and file Uniform Commercial Code Financing Statements evidencing Purchaser's interests in the Receivables.

7. **Limited Power of Attorney**. Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Receivables herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Receivables and its rights thereunder pursuant to this Agreement. Seller agrees that the powers granted by this paragraph are discretionary in nature and that Purchaser may exercise or decline to exercise such powers at Purchaser's sole option. Purchaser shall have no obligation to take any action to prove or defend any Receivable's validity or amount.

8. **Entire Agreement**: This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

{A0106504.DOC 2} 2

9. **Benefits and Binding Effect:** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

10. **Governing Law:** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Michigan, without giving effect to choice of law principles of the State of Michigan.

THIS AGREEMENT has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, INC.**

By: _____
Name: ERIC LINN
Its:    President

Address:
120 W. Eastman, Suite 300
Arlington Heights, IL 60004
Attention: Eric Linn
Telephone: (847) 577-1269
Facsimile: (847) 655-2746


**INTEGRATED QUALITY SOLUTIONS, LLC**

By: B&P Lifestyle Solutions, LLC
Its: Managing Member
By: _____ BPLS, LLC
Name: Bruce Keen
Its: Managing Member

Address:
200 North Franklin
Suite 200
Zeeland, MI 49464

Attention: Bruce Keen
Telephone: (616) 931-3980
Facsimile: (616) 931-3984

{AD106504.DOC 2}3

## Exhibit A



Bankruptcy Claims

Delphi (bankruptcy)

{A0106504.DOC 2}4