Response Date and Time: March 15, 2007 at 4:00 p.m.

CURTIN & HEEFNER, LLP
Robert Szwajkos, Esquire (RS-0742)
Daniel P. Mazo, Esquire (DM-5457)
250 N. Pennsylvania Avenue
Morrisville, Pennsylvania 19067
Telephone:    215-736-2521
Facsimile:    215-736-3647

**ATTORNEYS FOR GREER STOP NUT, INC.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re:                                                    :
                                                          : Chapter 11 Case
DELPHI CORPORATION, et al.,                               : 05-44481-RDD
              Debtors.                                    :
                                                          : (Jointly Administered)
---------------------------------------------------------- x

**GREER STOP NUT, INC.'S RESPONSE TO THE
DEBTORS' NINTH OMNIBUS CLAIMS OBJECTION**

**AND NOW COMES** Greer Stop Nut, Inc., a creditor, party in interest, and respondent herein ("Greer"), and files this Response to the Debtors' Ninth Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007. In support of the Response, Greer respectfully shows:

1. Greer was a prepetition vendor to debtor Delphi Automotive Systems LLC ("Debtor").

2. On October 8, 2005 ("Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates, including the Debtor, (collectively, the "Debtors") filed their petitions in bankruptcy commencing the above-referenced bankruptcy cases.

3. On or about July 18, 2006, Greer filed its proof of claim against the Debtor in the amount of $37,253.38, Claim No. 9798 (the "Claim").

394521.2/37859

4. The Claim is based on amounts owed by the Debtor to Greer for goods delivered to the Debtor prior to the Petition Date.

5. On or about February 15, 2007, the Debtors filed the Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification (the "Ninth Omnibus Claims Objection"). The Ninth Omnibus Claims Objection includes an objection to Greer's Claim.

6. The Debtors generally assert that Greer's Claim should be modified to $28,772.36. The Debtors offer the following general bases for making such determination:

(a) the asserted Claim does not account for amounts that may have been paid or credited against such Claim prior to the commencement of the cases,

(b) may [sic] include post-petition liabilities,

(c) the asserted Claim does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, ,

(d) the asserted Claim was denominated in foreign currency in violation of the Bar Date Order,

(e) the asserted Claim was docketed and filed against the wrong Debtor entity, and/or

(f) the asserted Claim was misclassified as a priority or secured claim.

7. The Debtors' objections to Greer's Claim are merely general assertions regarding various claims listed on a chart attached to the Ninth Omnibus Claims Objection. The Debtors fail to specify which of the above bases they rely on for their objection to Greer's Claim. The Debtors do not provide any specific evidence, analysis, or documents in support of their objection.

8. Notwithstanding the Debtors' failure to specify the basis for its objection to Greer's Claim, Greer has made an informal inquiry of the Debtors in an attempt to resolve the Debtors' objection. The Debtors have asserted that a portion of Greer's claim was paid

postpetition but have provided not evidence of such payment despite Greer's request.

9. Greer's Claim constitutes *prima facie* evidence of the validity and amount of the Claim. *See* Fed. R. Bankr. P. 3001(f). The Debtors bear the burden of presenting valid evidence to rebut the *prima facie* validity of the Claim.

10. The supporting documents attached to Greer's Claim establish the basis of the Claim. The Claim is evidenced by the invoices and bills of lading showing the identity, quantity and price of parts delivered to the Debtor.

11. The Debtors have not provided any specific information or documents to support their objection to Greer's Claim. Thus, the Debtors' objection to Greer's Claim should be overruled because the Debtors have failed to present any evidence to rebut the *prima facie* validity of Greer's Claim.

12. Greer reserves the right to amend or supplement this response to the extent the Debtors provide more details, information, or evidence regarding the basis for their objection to Greer's Claim.

**WHEREFORE,** Greer respectfully requests that this Court overrule the Debtors' objection to Greer's Claim, allow Greer's Claim in the amount of $37,253.38, and grant Greer such other and further relief to which the Court finds it is justly entitled.

Dated: March 7, 2007                    Respectfully submitted,

                                          CURTIN & HEEFNER, LLP

                                          By:  */s/ Robert Szwajkos*
                                               Robert Szwajkos, Esquire (RS0742)
                                               Daniel P. Mazo, Esquire (DM5457)
                                               250 N. Pennsylvania Avenue
                                               Morrisville, PA 19067
                                               (215) 736-2521
                                               (215) 736-3647 (facsimile)

                                          ATTORNEYS FOR GREER STOP NUT, INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2007, he caused a true and correct copy of Greer Stop Nut, Inc.'s Response to the Debtors' Ninth Omnibus Claims Objection to be served upon the parties listed below by first class mail, postage prepaid:

*/s/ Daniel P. Mazo*

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098

John Wm. Butler, Jr., Esq.
John K. Lyons, Esq.
Joseph N. Wharton, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

394521.2/37859