IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
                                :
  In re                         :   Chapter 11
                                :
DELPHI CORPORATION, et al.,     :   Case No. 05-44481 (RDD)
                                :
                    Debtors.    :   (Jointly Administered)
                                :
------------------------------- x

## AFFIDAVIT OF SERVICE

  I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

  On March 6, 2007, I caused to be served the documents listed below upon the parties listed on Exhibit A hereto via postage pre-paid U.S. mail:

1)  Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging Certain (A) Duplicate and Amended Claims and (B) Equity Claims Identified in Sixth Omnibus Claims Objection ("Sixth Omnibus Claims Objection Order") [without exhibits] (Docket No. 7051) [a copy of which is attached hereto as Exhibit B]

2)  Customized Notice of Entry of Order Pursuant To 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 Disallowing and Expunging (A) Duplicate and Amended Claims and (B) Equity Claims Identified In Sixth Omnibus Claims Objection [a copy of which is attached hereto as Exhibit C]

Dated: March 7, 2007

                 _/s/ Evan Gershbein_
                 Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 7th day of March, 2007, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:  _/s/ Shannon J. Spencer_

Commission Expires:  _6/20/10_

# EXHIBIT A

Delphi Corporation
Sixth Omnibus Objection Order
Supplemental Exhibit A-1 Service List

| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
|---|---|---|---|---|---|---|---|
| Automotive Safety Technologies Inc a wholly owned subsidiary of Methode Electronics Inc | Methode Electronics Inc c o Timothy S McFadden Esq Lord Bissell & Brook LLP 111 S Wacker Dr Chicago, IL 60606 | 5/3/06 | 4573 | $2,939,137.00 | Duplicate And Amended | Disallow and Expunge | 16194 |
| Methode Electronics Inc | c/o Timothy S McFadden Esq Lord Bissell & Brook LLP 111 S Wacker Dr Chicago, IL 60606 | 5/3/06 | 4573 | $2,939,137.00 | Duplicate And Amended | Disallow and Expunge | 16194 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                               :
   In re                         :     Chapter 11
                               :
   DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                               :
               Debtors.     :     (Jointly Administered)
                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING (A) DUPLICATE AND AMENDED CLAIMS AND (B)
EQUITY CLAIMS IDENTIFIED IN SIXTH OMNIBUS CLAIMS OBJECTION

("SIXTH OMNIBUS CLAIMS OBJECTION ORDER")

       Upon the Sixth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims And (B) Equity Claims, dated January 12, 2007 (the "Sixth Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Sixth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

       IT IS HEREBY FOUND AND DETERMINED THAT:[1]

       A.     Each holder of a claim (each, a "Claim") listed on Exhibits A-1, A-2, B-1, B-2, and C attached hereto was properly and timely served with a copy of the Sixth Omnibus

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Sixth Omnibus Claims Objection.

Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order, and notice of the deadline for responding to the Sixth Omnibus Claims Objection.  No other or further notice of the Sixth Omnibus Claims Objection is necessary.

        B.       The Court has jurisdiction over the Sixth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Sixth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Sixth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        C.       The Claims listed on Exhibits A-1 and A-2 hereto under the column heading "Claim To Be Expunged" are either duplicates of Claims filed with the Court or have been amended or superseded by later-filed Claims.

        D.       The Claim listed on Exhibit B-1 hereto was filed by the holder of Delphi Corporation common stock solely on account of its stock holdings ("Equity Claims").

        E.       The Claims listed on Exhibit B-2 hereto were filed by holders of Delphi Corporation common stock solely on account of their stock holdings and were also untimely pursuant to the Bar Date Order ("Untimely Equity Claims").

        F.       The relief requested in the Sixth Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

2

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each "Claim To Be Expunged" listed on <u>Exhibits A-1</u> and <u>A-2</u> hereto is hereby disallowed and expunged in its entirety. Those Claims identified on <u>Exhibits A-1</u> and <u>A-2</u> as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

2. The Equity Claim listed on <u>Exhibit B-1</u> hereto is hereby reclassified as an interest, and is disallowed and expunged as a claim in its entirety.

3. Each Untimely Equity Claim listed on <u>Exhibit B-2</u> hereto is hereby reclassified as an interest disallowed and expunged in its entirety.

4. The hearing with respect to each Claim listed on <u>Exhibit C</u> hereto shall be adjourned to a hearing date to be determined. The Debtors shall be entitled to file a reply in support of the Sixth Omnibus Claims Objection with respect to all Claims listed on <u>Exhibit C</u> hereto on or prior to 4:00 p.m. (prevailing Eastern time) one day before the date of the hearing with respect to such Claim.

5. Entry of this order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Sixth Omnibus Claims Objection, on any grounds whatsoever; <u>provided</u>, <u>however</u>, that solely to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the "Remaining Claim") disallowed and expunged solely on the basis that such Remaining Claim is

3

asserted against the incorrect Debtor, <u>provided</u> that one of the Multiple Debtor Duplicative Claims was originally filed against the correct Debtor. For the avoidance of doubt, except as expressly provided in the preceding sentence, the Remaining Claims shall remain subject to further objection on any grounds whatsoever, including, without limitation, that any such Remaining Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Duplicative Claim against the correct Debtor. Nothing contained herein shall restrict the Debtors from objecting to any Remaining Claim or any holder of a Remaining Claim from seeking relief from this Court for the purposes of requesting that this Court modify the Debtor or Debtors against which such Remaining Claim is asserted.

6. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

7. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Sixth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

8. Each Claim and the objections by the Debtors to each Claim addressed in the Sixth Omnibus Claims Objection and set forth on <u>Exhibits A-1</u>, <u>A-2</u>, <u>B-1</u>, <u>B-2</u>, and <u>C</u> hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

9. Kurtzman Carson Consultants, LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

10. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Sixth Omnibus Claims Objection.

Dated: New York, New York
February 26, 2007

    /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :
    In re                     :    Chapter 11
                                :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                                :
              Debtors.    :    (Jointly Administered)
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR.
P. 3007 DISALLOWING AND EXPUNGING (A) DUPLICATE AND AMENDED CLAIMS
AND (B) EQUITY CLAIMS IDENTIFIED IN SIXTH OMNIBUS CLAIMS OBJECTION

PLEASE TAKE NOTICE that on February 26, 2007, the United States Bankruptcy Court for the Southern District of New York entered an Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (A) Duplicate And Amended Claims And (B) Equity Claims Identified In Sixth Omnibus Claims Objection (the " Sixth Omnibus Claims Objection Order ").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Sixth Omnibus Claims Objection Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Sixth Omnibus Claims Objection Order and was listed on Exhibit A-1 to the Sixth Omnibus Claims Objection Order and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| 5/3/06 | 4573 | $2,939,137.00 | Duplicate And Amended | Disallow and Expunge | 16194 |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to the Sixth Omnibus Claims Objection Order by requesting a copy from the claims and noticing agent in the above-captioned chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-249-2691 or by accessing the Debtors' Legal Information Website at www.delphidocket.com.

Dated:  New York, New York
March 6, 2007

                BY ORDER OF THE COURT

                John Wm. Butler, Jr. (JB 4711)
                John K. Lyons (JL 4951)
                Ron E. Meisler (RM 3026)
                SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP
                333 West Wacker Drive, Suite 2100
                Chicago, Illinois  60606
                (312) 407-0700

                   - and -

                Kayalyn A. Marafioti (KM 9632)
                Thomas J. Matz (TM 5986)
                SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP
                Four Times Square
                New York, New York 10036
                (212) 735-3000

                Attorneys for Delphi Corporation, et al.,
                    Debtors and Debtors-in-Possession