UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                  :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
:
                    Debtors.     :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING LABORSOURCE 2000, INC. CLAIM (CLAIM
NUMBER 2707, IDENTIFIED IN THIRD OMNIBUS CLAIMS OBJECTION)

("LABORSOURCE ORDER")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c), dated October 31, 2006 (the "Third Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and this Court having considered the response and other documents filed by claimant LaborSource 2000, Inc. ("LaborSource") in response to the Third Omnibus Claims Objection; and upon the record of the March 1, 2007 claims objection hearing (the "Claim Objection Hearing") held on the objection (the "LaborSource 2000 Claim Objection") to claim number 2707 (the "LaborSource 2000 Claim"); and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.    LaborSource was properly and timely served with a copy of the Third Omnibus Claims Objection (including the LaborSource 2000 Claim Objection), a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed Third Omnibus Claims Objection Order, and notice of the deadline for responding to the Third Omnibus Claims Objection.

      B.    On December 11, 2006, the Debtors provided to LaborSource, and filed with the Court, a Notice of Hearing in which the Debtors provided notice that the LaborSource 2000 Claim Objection would be heard at a Claim Objection Hearing on February 14, 2007 (Docket No. 6130). On January 17, 2007, the Debtors provided to LaborSource, and filed with the Court, a Notice of Adjournment Of Claims Hearing With Respect To Debtors' Objection To Proof Of Claim No. 2707 (Docket No. 6639), adjourning the Claim Objection Hearing to March 1, 2007.

      C.    On March 1, 2007, the Court conducted the Claim Objection Hearing and reviewed evidence, and heard arguments from counsel, with respect to the LaborSource 2000 Claim Objection.

      D.    The Court has jurisdiction over the LaborSource 2000 Claim Objection pursuant to 28 U.S.C. §§ 157 and 1334. The LaborSource 2000 Claim Objection is a core

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

2

proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the LaborSource 2000 Claim Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The LaborSource 2000 Claim is hereby disallowed and expunged in its entirety for the reasons stated on the record at the Claim Objection Hearing.

2. Kurtzman Carson Consultants, LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: New York, New York
       March 8, 2007

                                    ____/s/Robert D. Drain_____
                                    UNITED STATES BANKRUPTCY JUDGE