1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION,


          Debtor.


- - - - - - - - - - - - - - - - - - - -x


                    United States Bankruptcy Court

                    One Bowling Green

                    New York, New York


                    February 15, 2007

                    10:04 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1

2    HEARING re Motion to Allow Claims for Allowance of an

3    Administrative Expense

4

5    HEARING re Third Application for Interim Professional

6    Compensation and Reimbursement of Expenses of Warner Stevens,

7    LLP, as Conflicts Counsel to the Official Committee of

8    Unsecured Creditors

9

10   HEARING re Sixth Motion for Omnibus Objection to Claim(s)

11   (Procedural) Pursuant to 11 USC Section 502(b) and Federal

12   Rules of Bankruptcy Procedures 3007 to Certain (a) Duplicate

13   and Amended Claims and (b) Equity Claims

14

15   HEARING re Seventh Motion for Omnibus Objection to Claim(s)

16   (Substantive) Pursuant to 11 USC Section 502(b) and Federal

17   Rules of Bankruptcy Procedures 3007 to Certain (a)

18   Insufficiently Documented Claims, (b) Claims Not Reflected on

19   Debtors' Books and Records and (c) Untimely Claims

20

21   HEARING re Sumida America Inc.'s Motion to Allow

22   Setoff/Recoupment and for Relief from the Automatic Stay

23

24   HEARING re Motion to Approve Motion for Orders Under 11 USC

25   Sections 363 and 36 5 and Fed. R. Bankr. P. 2003, 6004, 6006,

3

1    and 9014

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Lisa Bar-Leib

4

1

2  A P P E A R A N C E S :

3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

4       Attorneys for Debtor

5       333 West Wacker Drive

6       Chicago, IL 60606

7

8  BY:   JOHN WM. BUTLER, JR.

9

10  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

11       Attorneys for Debtor

12       Four Times Square

13       New York, NY 10036

14

15  BY:   KAYALYN A. MARAFIOTI, ESQ.

16       THOMAS J. MATZ, ESQ.

17

18  LATHAM & WATKINS LLP

19       Attorneys for Debtor

20       885 Third Avenue

21       New York, NY 10022

22

23  BY:   MARK A. BROUDE, ESQ.

24

25

5

1

2   TOGUT, SEGAL & SEGAL, LLP

3         Attorneys for Debtors

4         One Penn Plaza

5         New York, NY 10118

6

7   BY:   NEIL BERGER, ESQ.

8

9   THELEN REID BROWN RAYSMAN & STEINER LLP

10        875 Third Avenue

11        New York, NY 10022

12

13  BY:   JAMES J. VINCEQUERRA, ESQ.

14

15  FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

16        Attorneys for Equity Committee

17        One New York Plaza

18        New York, NY 10004

19

20  BY:   BONNIE STEINGART, ESQ.

21

22

23

24

25

6

1

2   U.S. DEPARTMENT OF JUSTICE

3        Attorneys for U.S. Trustee

4        33 Whitehall Street

5        New  York, NY 10004

6

7   BY:   ALICIA M. LEONHARD, ESQ.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

7

P R O C E E D I N G S

1

2          THE COURT:  Please be seated.  Okay.  Delphi

3   Corporation.

4          MR. BUTLER:  Your Honor, good morning.  Jack, Butler,

5   Kayalyn Marafioti and Tom Matz.  We're from Skadden, Arps,

6   Slate, Meagher & Flom LLP on behalf of Delphi Corporation for

7   this fifteenth omnibus hearing.

8          Your Honor, we have filed and circulated a proposed

9   hearing agenda for today's hearing which we'd like to follow if

10  that's --

11         THE COURT:  Okay.

12         MR. BUTLER:  -- acceptable, of course.

13         THE COURT:  That's fine.

14         MR. BUTLER:  Your Honor, the first matter on the

15  agenda -- I'll actually deal with the first couple of matters

16  on the agenda.  The first matter on the agenda is the KECP

17  annual incentive program.  This is Item number 1, Docket number

18  213.  This has been adjourned to the March 22nd omnibus

19  hearing.  We do intend to file a supplement to the motion prior

20  to March 22nd here in dealing with the first half 2007 AIP.

21  That proposal, in terms of the company's proposal, has been

22  made to the creditors' committee and we are working with them.

23  Hopefully, we'll have a common view on that supplement before

24  it's filed.

25         THE COURT:  Okay.

8

1        MR. BUTLER:  The second and third matters, Items 2

2   and 3 on the agenda, are the creditors' committees' GM's claims

3   and defenses motion at Docket number 4718 and a related motion

4   filed by the equity committee at Docket number 5229.  These are

5   being carried to the March 22nd omnibus hearing.

6        THE COURT:  Okay.

7        MR. BUTLER:  And then, Your Honor, Item number 4 on

8   the agenda, and I'll just ask Mr. Berger so we won't have to

9   come back -- I'll come back in a minute to Item number 5.

10  Items number 4, 6 and 7 on the agenda Mr. Berger's firm is

11  handling.

12       MR. BERGER:  Good morning, Judge.  Neil Berger, Togut

13  Segal for the debtors.

14       THE COURT:  Good morning.

15       MR. BERGER:  Your Honor, number 4 is the motion by

16  Wachovia Bank relief from the automatic stay.  Wachovia filed

17  this motion for relief from the stay to proceed against one of

18  the debtors' employees in an action pending in Hinds County,

19  Mississippi.  Wachovia filed a proof of claim against Delphi in

20  this case for approximately six million dollars, 800,000 on

21  account of a loan it made for one of its borrowers, one of our

22  former suppliers, some 800,000 dollars of lawyers' fees and

23  then punitive damages.  When the automatic stay occurred here,

24  Wachovia sought to proceed and tried to collect against one of

25  our employees.  Now, by agreement of the parties, this motion,

9

1    the action pending in the Mississippi state court, are standing

2    still.  We've agreed to mediate the debtors' objection to the

3    proof of claim filed in this case.  There is a mediation

4    scheduled in Jackson, Mississippi on March 16th and the hope is

5    that we'll be able to settle the claim and that will settle

6    this motion and the state court action.  So for purposes of

7    this motion, we ask that Your Honor adjourn it to the March

8    hearing.  We'll come back and report to you with respect to the

9    result of the mediation.

10            THE COURT:  Okay.

11            MR. BERGER:  Number 6 is the motion by Kyocera,

12   Industrial Ceramics Corporation, for relief from the automatic

13   stay to exercise a setoff.  This matter has been resolved, Your

14   Honor.  The debtors have sent their setup reconciliation to the

15   committee's financial advisors pursuant to the DIP order and

16   the refi- DIP order.  We expect to hear from them this week.

17   It's our hope and expectation that we'll be submitting a

18   stipulation and order to Your Honor before the March omnibus

19   hearing.

20            THE COURT:  All right.

21            MR. BERGER:  The next is the motion -- number 7 is

22   Docket number 6723, Sumida America, seeking relief from the

23   state to setoff and or recoup.  This is a new matter.  It's the

24   first time it's on the calendar.  They seek to recoup

25   approximately 77,000 dollars.  The business people have begun

10

1    to speak, exchange information and we believe that this, like

2    most of the other setoff matters, will be resolved by the

3    business people.  The lawyers will paper it and we shouldn't

4    ask Your Honor to do any heavy lifting on this so we ask that

5    this one be adjourned as well.

6              THE COURT:  Okay.  That's fine.

7              MR. BUTLER:  Your Honor, finishing up the adjourned

8    matters, going to Item number 5 on the agenda, this is the

9    motion of Clarion Corporation of America for allowance of

10   administrative expense claim at Docket number 6135.  The issue

11   in this particular motion, Your Honor, is whether certain

12   supply contracts between Clarion and Delphi Automotive Systems,

13   LLC established fixed prices for the goods covered by the

14   contracts or whether the price is varied based on the volumes

15   of goods purchase.  Clarion asserts the price is varied; Delphi

16   asserts that they do not.  If Clarion is correct, then Clarion

17   would seek payment which they would say would be for

18   underpayment of certain post-petition deliveries of the goods

19   under the contracts.

20             The parties have met and conferred a number of times

21   since this motion was filed originally in December of 2006.

22   And yesterday we submitted a proposed form of order to the

23   Court that sets a scheduling order up and would provide for a

24   contested evidentiary hearing on the backside of the April 2007

25   omnibus hearing currently set for April 25th.

11

1          If Your Honor approves the scheduling order,

2    objections to the motion will be filed no later than April 13th

3    for a reply filed by April 20th and the order sets forth a

4    discovery timetable which I will not go through on the record

5    but provides -- this essentially serves as a pretrial order as

6    well as a form of protective order to prevent the disclosure of

7    confidential information.  It was a separate form of protective

8    order submitted to chambers which would allow the parties to

9    file particularly sensitive business, commercial and

10   proprietary, information under seal.  If Your Honor doesn't

11   have any questions about this, we'd ask Your Honor to enter

12   both the scheduling and the protective orders and this matter

13   would then go down in litigation track to be dealt with at the

14   April 25th hearing.

15          THE COURT:  Okay.  Those two orders will be entered.

16   I take it from that that the nonbankruptcy court litigation is

17   going to go away because it's being tried here?

18          MR. BUTLER:  I believe that's correct, Your Honor.

19          THE COURT:  Okay.  All right.

20          MR. BUTLER:  Your Honor, the next matter, which is --

21   we're now moving into the uncontested, agreed or resolved

22   matters.  The first matter is Matter number 8.  This is the

23   Brandes Investment Partners, L.P., blocking procedures motion,

24   filed at Docket number 6737.  And this is -- Brandes, as Your

25   Honor may recall, is a member of the equity committee

12

1    established in these cases and they're seeking approval of

2    specified information blocking procedures to permit trading of

3    the debtors' bonds upon the establishment of the screening

4    wall.  No objections to the motion have been filed and the U.S.

5    trustee has consented to the relief that's been requested.  Mr.

6    Vincequerra is here on behalf of the Thelen Reid firm to

7    present the motion for Brandes.

8              THE COURT:  Okay.

9              MR. VINCEQUERRA:  Good morning, Your Honor.

10             THE COURT:  Good morning.

11             MR. VINCEQUERRA:  James Vincequerra, Thelen Reid

12   Brown Raysman & Steiner for Brandes Investment.  We filed a

13   motion seeking permission to trade in the debtors' corporate

14   bonds after implementation of a trading wall.  We received, as

15   Mr. Butler said -- we had received no objections.  We worked

16   hand in hand with the trustee and debtors' counsel in preparing

17   the procedures by which we'll implement the trading wall.  If

18   you have any questions about the motion, I'd be happy to answer

19   them at this time.

20             THE COURT:  No.  I reviewed it and in light of that

21   review as well as there being no objections, I'll approve it.

22   Obviously, this just -- assuming that Brandes complies with the

23   procedures, protects Brandes from the fiduciary duty issue.

24   They still have their obligations under the securities laws --

25             MR. VINCEQUERRA:  Of course, Your Honor.

13

1          THE COURT:  -- and the like.  It's probably

2     worthwhile for you to remind them of that just to be careful.

3          MR. VINCEQUERRA:  Frugal, Your Honor.

4          THE COURT:  Thank you.

5          MR. VINCEQUERRA:  I have an order on a disk.  May I

6     approach?

7          THE COURT:  Yes.

8          MR. BUTLER:  Your Honor, the next matter on the

9     agenda is Item number 9.  This is the Barclays Bank PLC

10    settlement agreement at Docket number 6738.  Mr. Berger is here

11    to present the settlement to the Court.

12         MR. BERGER:  Judge, we served and filed a 99T motion

13    with respect to this matter and an affidavit of service is on

14    file with the Court and there are no objections.  Briefly, Your

15    Honor, the debtors have a master swap agreement with Barclays

16    Bank PLC.  Barclays Bank exercised this termination right which

17    triggered a termination payment obligation of 9,044,399.41, if

18    the debtors agree to that number.  We may demand upon Barclays

19    and if Barclays Bank decline to pay that amount asserting

20    certain setoff rights, we don't believe that they have a setoff

21    right.  Nonetheless, they are asserting them.  We've reached a

22    settlement agreement.  The committee is on board; they've

23    reviewed and helped negotiate the agreement.  The full amount

24    of the termination payment is being paid to the debtors.  Your

25    Honor may recall that paragraph 18 of the final DIP order,

14

1    which is mirrored by paragraph 16 of the January DIP refi-

2    order affords certain adequate protection rights to parties

3    that believe that they may have setup rights and instead --

4    instead of paying the amount -- sorry.  Instead of setting off

5    the amount, pay it into the estate.  Barclays has retained

6    those rights.  The committee, the estate and the debtors have

7    retained the rights to object to any future setoff claims that

8    Barclays may make in connection with this termination payment.

9         It is a recovery of one hundred percent.  The

10   reservation of rights is the only reason we sought 9019

11   approval.  Absent any objections or questions from Your Honor,

12   we ask that Your Honor approve the deal.

13        THE COURT:  I'll approve it.  It's, as you said, it's

14   full turnover plus reservation of rights by both sides --

15        MR. BERGER:  Thank you, Judge.

16        THE COURT:  -- with the -- obviously with the -- if

17   Barclays is for some reason successful in asserting a setoff

18   claim, it has the adequate protection but the debtors reserved

19   all its rights as well as the committee to object to those

20   setoff claims.

21        MR. BERGER:  That's correct, Your Honor.  I have a

22   stipulation on a disk.

23        THE COURT:  Okay.

24        MR. BERGER:  I'll hand it to chambers.

25        THE COURT:  That's fine.

15

1          MR. BUTLER:  Your Honor, the next matter on the

2     agenda is Matter number 10.  This is the Brake Hose Business

3     Sale motion filed at Docket number 6742.  There was only one

4     objection filed to this matter which is a limited objection of

5     the United Steel Workers at Docket number 6882 and that matter

6     has been fully resolved as I'll indicate in a few minutes.

7          This is a proposed sale, Your Honor, to Harper

8     Manufacturing Group, LLC for 9.8 million dollars and certain

9     other consideration.  The other consideration really relates to

10    how they assumed various liabilities under the transaction as

11    they acquire the business.  Today we're here not for the sale

12    but rather for seeking relief from Your Honor to get approval

13    of certain bidding procedures, the granting of certain bid

14    protections, the form and manner of sale notices and the

15    setting of a sale hearing.  In connection with the USW

16    objection, we resolved this objection by resolving the bidding

17    procedures, the form of which we're asking Your Honor to

18    approve, but not the order itself, to disclose the obligations

19    of the successful bidder and the selling debtor and to close

20    the sale remain subject to the debtors' obtaining a waiver by

21    the United Steel Workers of any no sale clause contained in any

22    agreement between Delphi Corporation and United Steel Workers.

23    We've also agreed to allow a representative of the Steel

24    Workers to attend the auction as a silent observer should an

25    auction become necessary.  And the bidding procedures which are

16

1    attached to the proposed order for Your Honor's consideration

2    reflects both of these points.

3           THE COURT:  So the stalking horse has agreed to that,

4    too?

5           MR. BUTLER:  Yes, Your Honor.

6           THE COURT:  Okay.

7           MR. BUTLER:  And rather than go through all the

8    matters that are in the procedures in light of the fact that

9    there's been no objection, just a couple of things, Your Honor,

10   I'd like to highlight on this record.  First, the bidding

11   deadline for alternative bids would be 11 a.m. prevailing

12   Eastern time on Friday, March 2nd, 2007.  All bids have to

13   include a letter stating the bidder's offer is irrevocable for

14   the period set forth in the bidding procedures.  An executed

15   copy of the agreement marked to show amendments and

16   modifications to the agreement, purchase price and proposed

17   schedules, a good faith deposit of 500,000 dollars in U.S.

18   dollars and satisfactory written evidence of a commitment for

19   financing or other ability to consummate the proposed

20   transaction.  These requirements were outlined in detail in the

21   documents and notices and my summary on this record does not

22   qualify in any respect those notices.

23          THE COURT:  Is there a due diligence package or a

24   data room or CD or something like that?

25          MR. BUTLER:  There is information that could be made

17

1    available to interested -- to qualified bidders.

2         THE COURT:  Is it the debtors' belief that in light

3    of the work that's been done so far that there's sufficient

4    time for bidders to perform due diligence?

5         MR. BUTLER:  Your Honor, I think there is.  You may

6    recall in the motion itself, I believe we described the fact

7    that in mid 2005, the debtor sought potential acquirers of this

8    business and kind of surveyed the landscape.  There were six

9    potential bidders at that time that were identified back a

10   couple years ago, or eighteen months ago at least, based on the

11   strategic fit between those companies, their financial

12   characteristics, their ability to satisfy customer requirements

13   in this particular business and there were three of those

14   bidders that were -- that sort of satisfied those requirements.

15   There was an electronic data room that was put together.  There

16   were management presentations presented to those potential

17   bidders and we went through a process.  And back in June of

18   2005, after that process, there were proposals -- or, excuse

19   me, in 2006.  There were proposals submitted back in mid June

20   of 2006.  So this has been a process to where there's been a

21   fair amount of marketing already, Your Honor, and while it may

22   very well be -- it's always possible that some other bidder can

23   come out of the ether that we're not aware of.  We suspect any

24   alternative bids.  If there are any would come from the bidders

25   that have already been identified and to the extent that

18

1    they're not, we certainly have that data available.

2            THE COURT:  Okay.

3            MR. BUTLER:  Your Honor, the other point I wanted to

4    make on the record here was if we do receive qualified bids and

5    again, as those terms are dealt with in the pleadings, the

6    debtors, if they receive one qualified bid in addition to the

7    agreement that we have filed with the Court, we would conduct

8    an auction of the assets at 10 a.m., prevailing Eastern time,

9    on or before March 16th, 2007 or such later date as the debtors

10   would notify all qualified bidders who submitted qualified bids

11   but the auction would be held no later than March 20th, 2007.

12   And at that point in time, we would conduct the auction in

13   accordance with the procedures we're asking Your Honor to

14   approve today, including for example, the minimum bid

15   increments of 250,000 dollars and other procedures as, again,

16   set forth in the procedures attached to the proposed order

17   we're asking Your Honor to consider today.

18           We would come before Your Honor on March 22nd, 2007

19   at 10 a.m., prevailing Eastern time, to conduct the sale

20   hearing subject to our reservation of rights to adjourn or

21   reschedule that hearing without notice other than announcement

22   at the proposed sale hearing.

23           Your Honor, in terms of the balance of the items, I

24   did want to cover briefly the bid protections we're asking you

25   to approve today.  They include a three percent breakup fee, or

19

1    294,000 dollars if the debtors close a transaction pretty much

2    in any manner that involves all or substantially all of its

3    early portion of the assets, including in one where a series of

4    transactions -- and that obligation survives the termination of

5    the agreement as set forth and is limited by the terms of the

6    agreement itself.

7              There is also an obligation to pay -- to reimburse

8    Harcow's reasonable actual out-of-pocket fees and expenses not

9    to exceed 100,000 dollars.  And there is a set of provisions

10   here that make it clear that in this particular transaction

11   it's sort of either or, they get one or the other.  They either

12   get the breakup fee or they get the expense reimbursement but

13   they don't get both.  And there are other qualifications and

14   limitations in the agreement that I won't numerate on the

15   record but I did want the actual amounts of the breakup fee to

16   be on the letter -- or rather, on the record.

17             Your Honor, there's also a series of procedures for

18   assuming and assigning contracts, sending out cure notices.

19   There are forms of those notices as well that are all included

20   in the pleadings in the order -- there have been no objections

21   regarding those matters and I'll not go into those details

22   unless Your Honor has questions.

23             THE COURT:  Okay.  Well, I'll -- does anyone have

24   anything to say on this motion?  I'll approve the relief sought

25   today.  The breakup fees is reasonable in light of the size of

20

1    the transaction and the limitation on the expense

2    reimbursement.  There was one aspect of the assumption and

3    assignment notice that I don't think works.  You have a notice

4    going out by the 5th with regard to an assignee other than the

5    stalking horse?  But you won't really know that person until

6    after the auction.  So I think you're going to have to have --

7    I just don't think it works because you're not going to be able

8    to identify that person at that point because the auction is

9    going to be between the 16th and the 20th.  So -- which is

10   always an issue that comes up in these situations because

11   you're going to have basically provide for additional notice.

12   I guess there are a number of contracts that are going to be

13   assumed here?  Not just one or two?

14             MR. BUTLER:  Yeah, I think there are, Your Honor.  I

15   think the way that dating works out is because we're trying to

16   have people submit bids to us.  I think the bid date, the time

17   to submit bids -- the bid deadline is March 2nd.

18             THE COURT:  I know but it just identifies the

19   successful bidder but you're not going to have a successful

20   bidder until the auction.

21             MR. BUTLER:  Right.  You're right, Your Honor.  But I

22   think -- I think what was contemplated -- this is what we've

23   done all these other sort of one step kinds of deals -- is

24   based on the bids you receive in, you would send notices out in

25   the alternative.  This would be assigned to either A, B or C.

1              THE COURT:  Oh, for each of the bidders?

2              MR. BUTLER:  Right.

3              THE COURT:  All right.  Then you should revise the

4    notice to say it's not the successful bidder because that's a

5    defined term.  There's the winner of the auction.  So you could

6    say --

7              MR. BUTLER:  Let me check with the --

8              THE COURT:  You could revise it to say the following

9    four other people have submitted qualifying bids and you have

10   until the date specified to object to them as potential

11   assignees.

12             MR. BUTLER:  Your Honor, we'll revise it because I

13   think that's the underlying intention.  I'll check with them

14   but that's normally how we would do that so that we're able to

15   maintain the notice period.

16             THE COURT:  All right.  That's fine.  If you don't

17   want to do it that way, then just provide in the order that

18   there may be a separate notice if someone other than the

19   stalking horse is selected as a successful bidder.

20             MR. BUTLER:  Thank you, Your Honor.

21             THE COURT:  Okay.  All right.  Other than that, the

22   relief is granted.

23             MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

24   next matter on the agenda is Matter number 11.  This is the

25   sixth omnibus claims objection filed at Docket number 6571.

22

1    This dealt with seventy-four claims that are either duplicative

2    of other claims that had been amended or superseded by later

3    filed claims or claims that were filed by holders of Delphi

4    common stock sold on account of those stock holdings.  In the

5    sixth omnibus claims objection, the debtors seek to expunge and

6    disallow sixty proofs of claim asserting liquidated claims of

7    approximately 30.5 million which is duplicative of other proofs

8    of claim or have been amended or superseded by later filed

9    claims and fourteen proofs of claim asserting liquidated claims

10   of approximately four thousand dollars which were filed by

11   holders of Delphi common stock.

12           At the time we filed our omnibus reply, Your Honor,

13   there were timely filed formal responses to this objection of

14   the court documents.  Those covered three separate claims which

15   represented the (indiscernible) at 900,000 dollars and those

16   were summarized on Exhibit A to our omnibus reply.

17           Since that time, there has been a further development

18   with an additional four claims in the asserted claim amount of

19   about 694,000 dollars involving Denzo International America,

20   Inc.  Those would be claims number 11245, 11243, 11242 and

21   10590.  There has been an agreement reached with Denzo which

22   needs to be papered about how to deal with those claims and

23   certain other matters between the companies which is being

24   worked on.  So accordingly, we're going to remove those four

25   claims from Exhibit A-1 to the proposed order and place them on

23

1    Exhibit    C -- C as in Charlie -- to the proposed order and

2    they will be noticed -- adjourned to a future hearing to be

3    noticed by the debtors.  The intention, Your Honor, is to draft

4    and conclude this written settlement prior to the adjourned

5    hearing date.

6              THE COURT:  Okay.

7              MR. BUTLER:  So, Your Honor, that would mean that

8    instead of -- this objection dealt with seventy-four claims.

9    Take away three that had been objected to properly, four that

10   had been settled with Denzo.  That leaves sixty-seven claims.

11   They're asking, Your Honor, to -- involving -- about twenty-

12   nine million dollars all told that we're asking Your Honor to

13   expunge today.  There was notice given to each individual

14   claimant, a KCC is filed, proof of service I believe at Docket

15   number 6605 and we'd ask Your Honor as we have in the prior

16   omnibus claims presentations to enter relief with respect to

17   the noncontested claims.

18             THE COURT:  Okay.  I will grant the objection as to

19   the uncontested relief sought based on the objection of their

20   being no -- and there being no response.  And I guess the other

21   three, where there was a response, those will be on Exhibit C

22   also?

23             MR. BUTLER:  Correct, Your Honor.

24             THE COURT:  Okay.

25             MR. BUTLER:  Your Honor, the next matter on the

24

1    agenda is our seventh omnibus claims objection.  This is Matter

2    number 12 on the agenda.  It's Docket number 6585 and, Your

3    Honor, this represents the debtors' third substantive objection

4    of proofs of claim.  In this objection, we've objected to three

5    categories of proofs of claim.  Claims with insufficient

6    documentation, claims related to liabilities not reflected in

7    the debtors' books and records, claims that were not timely

8    filed pursuant to the bar date order.

9            This particular objection, the seventh omnibus,

10   covers ten proofs of claim on the aggregate amount of

11   approximately 11,837 dollars that have insufficient

12   documentation.  Approximately 389 proofs of claim totaling

13   approximately 11.5 million which contain liabilities or dollar

14   amounts that do not match books and records and approximately

15   thirteen proofs of claim in the amount of 1.4 million that were

16   not timely filed.

17           Your Honor, as of yesterday, nineteen responses to

18   this objection were filed on the court docket.  Fourteen of

19   those responses were timely filed.  Five were late.  Two of the

20   nineteen responses we're aware of we've received were not

21   entered on the court's docket but we picked them up being --

22   having been sent to us.  And the result of that -- those

23   nineteen proofs of claim asserted liquidated claims of

24   approximately 372,000 dollars.  Therefore, Your Honor, while we

25   were dealing with 412 claims, and while we reserve our rights

25

1    with the late filed responses to deal with those separately,

2    including the untimely nature of the response, for purposes of

3    today's hearing we've reduced the 412 claims.  We're seeking

4    relief to 393 putting all nineteen of those claims off until a

5    future hearing as dealt with under the claims objection

6    procedures order.

7            We're asking Your Honor today to provide -- to grant

8    our objections as to the remaining uncontested portions of the

9    seventh omnibus claims objection.  It covers approximately 393

10   claims asserting liquidating claims of approximately 12.1

11   million.

12           THE COURT:  Okay.  I'll grant the unopposed relief

13   that's sought for the reasons set forth in the motion and in

14   light of there being no objection.

15           MR. BUTLER:  Thank you, Your Honor.  Your Honor, just

16   as a point of information as we move on from the claims

17   matters, we are today filing our eighth and ninth claims

18   objections.  They're being filed today.  The eighth claims

19   objection is a procedural objection, again, dealing with --

20   seeking to disallow or expunge claims.  They're usually

21   duplicates or amended and superseded claims.  We're now

22   broadening the scope to look at consolidated trustee claims,

23   additional equity claims and various protective claims relating

24   to underlying trade lease or contract disputes.

25           THE COURT:  What are consolidated trustee claims?

26

| 1 | MR. BUTLER:  Those deal, Your Honor, for example, |
| 2 | with bonds and with other kinds of other -- |
| 3 | THE COURT:  Right. |
| 4 | MR. BUTLER:  The top is -- so where there were |
| 5 | individual claim holders filed on it there was a consolidated |
| 6 | proof of claim filed. |
| 7 | THE COURT:  Right. |
| 8 | MR. BUTLER:  And then, Your Honor, we're filing the |
| 9 | ninth omnibus claims objection which is a substantive |
| 10 | objection, our fourth in the series  of objections to be filed |
| 11 | which will be dealing again with the documentation issue as |
| 12 | well as -- and sort of the same issues.  It also is going to |
| 13 | have as we -- I think I did two objections ago, deal to seek to |
| 14 | modify the amount and/or the debtor in a classification of |
| 15 | about eighteen hundred claims.  So we're continuing to make |
| 16 | progress and just in general terms we have at this point |
| 17 | dispositively dealt with about half of the total claims filed |
| 18 | against the debtors' estate at this point, which is -- as I |
| 19 | think Your Honor is aware and I think all of us who were |
| 20 | working on it are aware is an accelerated sort of milestone |
| 21 | compared to most large Chapter 11 cases.  But this all relates |
| 22 | to the 1.7 billion dollar limitation that's in the current |
| 23 | framework transaction that we're all trying to work on. |
| 24 | THE COURT:  Right. |
| 25 | MR. BUTLER:  I wish I could tell you that we're |

27

1    halfway done but that's just not how it works in claims

2    administration.  There is a -- there is that tendency to have

3    the more difficult claims be in the second half as opposed to

4    the first half of the process.

5            THE COURT:  And you have some mediations going at

6    this point?

7            MR. BUTLER:  We do have some -- we're working on,

8    Your Honor, and we're making a lot of progress.  And, frankly,

9    as I think Your Honor has noticed from the separate claims

10   track hearings, there was held yesterday, for example, as Your

11   Honor is aware.  A number of things that have been noticed for

12   actually substantive determination by the Court in the claims

13   track process are in fact getting resolved.  And I would say

14   that the resolution right, even on those contested matters, at

15   least and totally to me, I think is well in excess of sort of a

16   seventy-five percent hit rate which is -- the process is pretty

17   efficient at the moment.  But I'm not -- I'm expecting that

18   there will be, as there always are in the claims process, some

19   bumps in the road as we move forward.

20           THE COURT:  Okay.

21           MR. BUTLER:  Your Honor, the next matter on the

22   agenda is Matter number 13.  This is an adversary proceeding,

23   Delphi Corporation's complaint to recover property of the

24   estate against NYCH LLC doing business as RCS Computer

25   Experience and Mr. Berger is handling this on behalf of the

28

1    debtors and will present this to the Court.

2            MR. BERGER:  Judge, this is an adversary proceeding

3    to collect approximately 257,000 dollars for goods sold and

4    delivered by the debtors to RCS Computer.  Your Honor may

5    recall that initially the focus of the defense was whether or

6    not certain rebate programs were in place.  Well, that issue is

7    largely resolved, not finally but largely.  The focus of the

8    negotiation really has been turned out to the financial ability

9    of RCS to pay the amount that's been demanded.  We've sought

10   financial disclosure.  We've asked that the committee receive

11   that financial disclosure and we're hopeful that we'll be able

12   to negotiate a resolution of this matter.  Our preference would

13   be to carry this off the agenda as we do with other matters.

14   RCS asks that we carry it on agenda.  We'll renew our request

15   so that we can negotiate and not have this matter come back on

16   the agenda.

17           THE COURT:  Okay.  So it will be adjourned to the

18   22nd?

19           MR. BERGER:  For purposes of today's agenda, please

20   do adjourn it to the 22nd.

21           THE COURT:  Okay.

22           MR. BUTLER:  Your Honor, the balance of the matters

23   in the agenda -- this would be Items number 14 through Item

24   number 46 are all fee applications dealing with the first,

25   second and third fee application periods.  A total of thirty

professional firms have timely submitted applications with

respect to the first interim fee application period.  Thirty-

two professional firms have timely submitted applications with

respect to the second interim fee application period.  And

thirty-three professional firms have timely submitted

applications with respect to the third interim fee application

period.  All of these professionals were retained in these

cases by either the debtors or one of the statutory committees.

Your Honor, I would note that the agenda submitted

yesterday indicated that Jones Lang LaSalle America Inc.'s fee

application is being adjourned to the March 22nd, 2000 (sic)

omnibus hearing.  This was noted at Item number 14 on the

agenda.  However, last evening an agreement was reached with

the joint fee review committee and with the debtors with

respect to that application and accordingly, their fee

application is now before the Court together with the fee

applications of the other professionals and the revised order

submitted to chambers, I believe, indicates that change.

There are certain professional firms that have been

retained in these cases but have not yet filed fee

applications.  That would include Price Waterhouse Coopers,

Legal Cross Control and Kroll and Mooring (phon.).  DLA Piper

and Houlihan have also filed fee applications but they did so

after the deadline to do so for this particular set of hearings

and for the process it had been implemented by the joint fee

30

1    review committee and such those fee applications are slated to

2    be adjourned today in the form of order we've submitted to Your

3    Honor on behalf of the debtors and the joint fee review

4    committee would say that they would be adjourned until the next

5    fee hearing which is in June, unless they're earlier noticed to

6    be dealt with either by the fee committee or by the applicant.

7    And my understanding is at least as to DLA Piper and Houlihan,

8    notices have been filed to bring those on for March 22nd.  If

9    the joint fee review committee isn't ready to proceed with

10    those at that time, we would deal with those at the next

11    omnibus.

12            THE COURT:  Okay.

13            MR. BUTLER:  As to the three applicants who have not

14    filed, Price Waterhouse Coopers is doing (indiscernible)

15    compliance and tax and financial advice to the debtors.  Among

16    other matters, they were retained on June 22nd, 2006 at Docket

17    number 4310.  We understand that there has been an agreement

18    between PWC, the U.S. trustee and the joint fee review

19    committee that it will file its applications by today,

20    certainly by February 15th and will go through a process to be

21    decided by the fee review committee in terms of when those will

22    be heard.

23            Legal cost control which are the legal auditors to

24    the fee committee were retained on August 17th, 2006 at Docket

25    number 4959 and they do not have a fee application currently

31

1    pending.  And Quell and Mooring, who are the trust counsel of

2    the debtors, were retained on March 9th, 2006 at Docket number

3    2773.  They were retained on a contingent fee basis and they've

4    not yet submitted any invoices so there's nothing really to

5    come before the Court at the moment.  As I indicated, DLA

6    Piper's applications -- they have filed on November 30th,

7    separate fee applications for the first and second period to

8    Dockets number 6030 and 6031.  And Houlihan Lokey, who are the

9    financial advisors to the equity committee, were obtained on

10   October 11th, 2006 at Docket number 5280 and they filed their

11   first interim fee application on November 30th, 2006.  And so

12   that first fee application of Houlihan and the first with

13   respect to DLA Piper are in the pipeline with the joint fee

14   review committee for review.

15            THE COURT:  Okay.

16            MR. BUTLER:  Your Honor, no objections have been

17   filed to any of the interim fee applications that are before

18   the Court today other than there was earlier a -- I guess, a

19   preservation objection filed by the creditors' committee early

20   on.  And they may want to comment on that filing.  The process

21   that's moved on here, I think, is outlined in the order and in

22   just a few minutes, I'm going to introduce Ms. Leonhard on

23   behalf of the United States Trustee's Office, the fee review

24   committee to give their perspective.  But as Your Honor is

25   aware, based on the third supplemental interim compensation

32

1   order that was entered back in May of last year, the Court

2   authorized the establishment of a joint fee review committee

3   and approved a comprehensive fee protocol applicable to these

4   Chapter 11 cases.  That process caused the committee to operate

5   during 2006 and in 2007.  And at, I believe, the November 30th

6   omnibus hearing, there was a series of decisions made to

7   provide additional time, have the joint fee review committee

8   undertake additional procedures so that they could have -- be

9   comfortable with their examination of the first three

10  applications.

11          Those dealt with the fee committee in most cases

12  suggesting further reductions beyond the voluntary reductions

13  that firms had offered and had given either individually or to

14  be in compliance with the separate protocol that the fee review

15  committee put forward.  As Your Honor set -- approved one

16  protocol, the fee committee set some other independent billing

17  guidelines that they expected people to follow on.  And in

18  addition to the reductions that people took to comply with

19  those guidelines on a voluntary basis and other voluntary

20  reductions firms took, the fee committee sought additional

21  reductions from most firms based on an auto process and based

22  on a review process the fee committee went through and all of

23  those voluntary reductions that have been suggested by the fee

24  committee were accepted by the thirty-two watt firms during

25  that process.

33

1          So, what we have before the Court today are three

2    separate orders, one dealing with each fee application period.

3    The orders outline the process that has occurred in connection

4    with the process.  And there are -- in the form order there are

5    -- there's a chart that lists each applicant, the date and

6    document number and docket number of the fee application, the

7    total professional fees requested by each applicant net of the

8    voluntary reductions that those firms took, the total

9    professional fees recommended by the fee committee and then

10   there's a blank for the Court's consideration.  The same three

11   columns for expenses.  And then there's a summary -- there's an

12   eighth column that summarizes the total voluntary reductions by

13   all applicants.

14          Those voluntary reductions in the aggregate, Your

15   Honor, for these fee periods exceeds ten million dollars

16   approaching approximately 10.2 million dollars that were

17   voluntary reductions by the applicants, including the amounts

18   that the fee committee asked each applicant to voluntarily

19   agree to reduce their applications.

20          There is, pursuant to the sixth interim comp order,

21   there are remaining holdbacks in the first and second

22   application of five percent and in the third application of ten

23   percent.  Your Honor has already entered an order that

24   indicated that once applicants reached agreement with the fee

25   committees, that they chose to reach agreement with them, that

34

1    those additional holdbacks could be released.  They, I don't

2    think, have been released at this point but were going to be

3    after this hearing.

4          And I think, Your Honor, that's a summary generally

5    of the process that has been put in place.  I think Ms.

6    Leonhard wanted then to address the Court on behalf of the U.S.

7    trustee.

8          MS. LEONHARD:  Oh, yeah.  Good morning, Your Honor.

9          THE COURT:  Okay.

10         MS. LEONHARD:  Alicia Leonhard for the United States

11   trustee.  I think Mr. Butler said it very well that I think

12   what I'd like to do is just thank Mr. Sheehan and Mr. Sherban

13   (phon.) of the debtors and Ms. Vanibal, the creditor committee

14   representative, and of course the professionals who were very

15   cooperative in working with the fee committee because it's very

16   nice to stand here today and say that we have consensual orders

17   on hundreds of fee applications and thousands of documents.  So

18   thank you very much.

19         THE COURT:  Okay.  Thank you.  All right.  I've --

20   well, I've not reviewed in detail the interim fee applications,

21   to be honest, but I have reviewed and I glad you summarized

22   again the protocol and the operation of the joint fee review

23   committee and I review heavily on its analysis and the

24   cooperation of the professional firms with that committee.  And

25   I want to thank all the members, including the U.S. trustee,

35

1    for their work on that process.

2            I will approve the fee applications as modified as

3    reflected on the charts attached to the proposed orders and

4    confirm again that with that approval, the holdbacks can be

5    released.

6            MR. BUTLER:  Thank you, Your Honor.  Your Honor,

7    we've, I think, submitted those orders to chambers in their

8    revised form and they have been -- those form orders have been

9    approved by the fee committee.  The final charts were approved

10   by them yesterday.

11           THE COURT:  Right.  I have those.  Let me just ask --

12           MR. BUTLER:  Your Honor, that completes all the

13   matters on the omnibus hearing agenda.

14           THE COURT:  Okay.  Very well.  Thank you.

15           (Whereupon these proceedings were concluded at 10:44

16   a.m.)

17

18

19

20

21

22

23

24

25

36

1

2                          **I N D E X**

3

4                              **R U L I N G S**

5    DESCRIPTION                         PAGE           LINE

6    Scheduling and protective           9              22

7    orders re Clarion's

8    motion entered

9    Brandes Investment's                11             2

10   motion granted

11   Bid protection relief granted       18             5

12   Debtors' sixth omnibus              21             24

13   objection granted

14   Debtors' seventh omnibus            23             17

15   objection granted

16   Fee applications approved           33             7

17   as modified

18

19

20

21

22

23

24

25

37

1

2                        C E R T I F I C A T I O N

3

4       I, Lisa Bar-Leib, court approved transcriber, certify that the

5       foregoing is a correct transcript from the official electronic

6       sound recording of the proceedings in the above-entitled

7       matter.

8

9       _____ February 16, 2007

10      Signature of Transcriber              Date

11

12      Lisa Bar-Leib

13      typed or printed name

14

15

16

17

18

19

20

21

22

23

24

25

## A

**ability** 16:19 17:12 28:8
**able** 9:5 20:7 21:14 28:11
**above-entitled** 37:6
**Absent** 14:11
**accelerated** 26:20
**acceptable** 7:12
**accepted** 32:24
**account** 8:21 22:4
**acquire** 15:11
**acquirers** 17:7
**action** 8:18 9:1,6
**actual** 19:8,15
**addition** 18:6 32:18
**additional** 20:11 22:18 25:23 32:7,8 32:20 34:1
**address** 34:6
**adequate** 14:2,18
**adjourn** 9:7 18:20 28:20
**adjourned** 7:18 10:5 10:7 23:2,4 28:17 29:11 30:2,4
**administration** 27:2
**administrative** 2:3 10:10
**adversary** 27:22 28:2
**advice** 30:15
**advisors** 9:15 31:9
**affidavit** 13:13
**affords** 14:2
**agenda** 7:9,15,16,16 8:2,8,10 10:8 13:9 15:2 21:24 24:1,2 27:22 28:13,14,16 28:19,23 29:9,13 35:13
**aggregate** 24:10 33:14
**ago** 17:10,10 26:13
**agree** 13:18 33:19
**agreed** 9:2 11:21

15:23 16:3
**agreement** 8:25 13:10,15,22,23 15:22 16:15,16 18:7 19:5,6,14 22:21 29:13 30:17 33:24,25
**AIP** 7:20
**Alicia** 6:7 34:10
**allow** 2:2,21 11:8 15:23
**allowance** 2:2 10:9
**alternative** 16:11 17:24 20:25
**amended** 2:13 22:2 22:8 25:21
**amendments** 16:15
**America** 2:21 9:22 10:9 22:19 29:10
**amount** 13:19,23 14:4,5 17:21 22:18 24:10,15 26:14 28:9
**amounts** 19:15 24:14 33:17
**analysis** 34:23
**and/or** 26:14
**announcement** 18:21
**annual** 7:17
**answer** 12:18
**applicable** 32:3
**applicant** 30:6 33:5 33:7,18
**applicants** 30:13 33:13,17,24
**application** 2:5 28:25 29:2,4,6,11 29:15,16 30:25 31:11,12 33:2,6,22 33:22
**applications** 28:24 29:1,3,6,17,21,23 30:1,19 31:6,7,17 32:10 33:19 34:17 34:20 35:2 36:16

**approach** 13:6
**approaching** 33:16
**approval** 12:1 14:11 15:12 35:4
**approve** 2:24 12:21 14:12,13 15:18 18:14,25 19:24 35:2
**approved** 32:3,15 35:9,9 36:16 37:4
**approves** 11:1
**approximately** 8:20 9:25 22:7,10 24:11 24:12,13,14,24 25:9,10 28:3 33:16
**April** 10:24,25 11:2 11:3,14
**Arps** 4:3,10 7:5
**asked** 28:10 33:18
**asking** 15:17 18:13 18:17,24 23:11,12 25:7
**asks** 28:14
**aspect** 20:2
**asserted** 22:18 24:23
**asserting** 13:19,21 14:17 22:6,9 25:10
**asserts** 10:15,16
**assets** 18:8 19:3
**assigned** 20:25
**assignee** 20:4
**assignees** 21:11
**assigning** 19:18
**assignment** 20:3
**assumed** 15:10 20:13
**assuming** 12:22 19:18
**assumption** 20:2
**attached** 16:1 18:16 35:3
**attend** 15:24
**Attorneys** 4:4,11,19 5:3,16 6:3
**auction** 15:24,25 18:8,11,12 20:6,8

20:20 21:5
**auditors** 30:23
**August** 30:24
**authorized** 32:2
**auto** 32:21
**automatic** 2:22 8:16 8:23 9:12
**Automotive** 10:12
**available** 17:1 18:1
**Avenue** 4:20 5:10
**aware** 17:23 24:20 26:19,20 27:11 31:25
**A-1** 22:25
**a.m** 16:11 18:8,19 35:16

## B

**b** 1:21 2:13,18 20:25
**back** 8:9,9 9:8 17:9 17:17,19 28:15 32:1
**backside** 10:24
**balance** 18:23 28:22
**Bank** 8:16 13:9,16 13:16,19
**Bankr** 2:25
**Bankruptcy** 1:2,14 1:23 2:12,17
**bar** 24:8
**Barclays** 13:9,15,16 13:18,19 14:5,8,17
**Bar-Leib** 3:25 37:4 37:12
**based** 10:14 17:10 20:24 23:19 31:25 32:21,21
**basically** 20:11
**basis** 31:3 32:19
**begun** 9:25
**behalf** 7:6 12:6 27:25 30:3 31:23 34:6
**belief** 17:2
**believe** 10:1 11:18 13:20 14:3 17:6

23:14 29:18 32:5
**Berger** 5:7 8:8,12,12
8:15 9:11,21 13:10
13:12 14:15,21,24
27:25 28:2,19
**Berger's** 8:10
**beyond** 32:12
**bid** 15:13 18:6,14,24
20:16,17 36:11
**bidder** 15:19 17:22
20:19,20 21:4,19
**bidders** 17:1,4,9,14
17:17,24 18:10
21:1
**bidder's** 16:13
**bidding** 15:13,16,25
16:10,14
**bids** 16:11,12 17:24
18:4,10 20:16,17
20:24 21:9
**billing** 32:16
**billion** 26:22
**blank** 33:10
**blocking** 11:23 12:2
**board** 13:22
**bonds** 12:3,14 26:2
**BONNIE** 5:20
**books** 2:19 24:7,14
**borrowers** 8:21
**Bowling** 1:15
**Brake** 15:2
**Brandes** 11:23,24
12:7,12,22,23 36:9
**breakup** 18:25
19:12,15,25
**briefly** 13:14 18:24
**bring** 30:8
**broadening** 25:22
**BROUDE** 4:23
**Brown** 5:9 12:12
**bumps** 27:19
**business** 9:25 10:3
11:9 15:2,11 17:8
17:13 27:24
**Butler** 4:8 7:4,4,12
7:14 8:1,7 10:7

11:18,20 12:15
13:8 15:1 16:5,7
16:25 17:5 18:3
20:14,21 21:2,7,12
21:20,23 23:7,23
23:25 25:15 26:1,4
26:8,25 27:7,21
28:22 30:13 31:16
34:11 35:6,12

---
**C**
---

**c** 2:19 4:2 7:1 20:25
23:1,1,21 37:2,2
**calendar** 9:24
**careful** 13:2
**carried** 8:5
**carry** 28:13,14
**case** 1:4 8:20 9:3
**cases** 12:1 26:21
29:8,20 32:4,11
**categories** 24:5
**caused** 32:4
**CD** 16:24
**Ceramics** 9:12
**certain** 2:12,17
10:11,18 13:20
14:2 15:8,13,13
22:23 28:6 29:19
**certainly** 18:1 30:20
**certify** 37:4
**chambers** 11:8
14:24 29:18 35:7
**change** 29:18
**Chapter** 26:21 32:4
**characteristics**
17:12
**Charlie** 23:1
**chart** 33:5
**charts** 35:3,9
**check** 21:7,13
**Chicago** 4:6
**chose** 33:25
**circulated** 7:8
**claim** 8:19 9:3,5
10:10 14:18 22:6,8
22:9,18 24:4,5,10

24:12,15,23 26:5,6
**claimant** 23:14
**claims** 2:2,13,13,18
2:18,19 8:2 14:7
14:20 21:25 22:1,2
22:3,3,5,6,9,9,14
22:18,20,22,25
23:8,10,16,17 24:1
24:5,6,7,23,25
25:3,4,5,9,10,10
25:16,17,18,20,21
25:22,23,23,25
26:9,15,17 27:1,3
27:9,12,18
**Claim(s)** 2:10,15
**Clarion** 10:9,12,15
10:16,16
**Clarion's** 36:7
**classification** 26:14
**clause** 15:21
**clear** 19:10
**close** 15:19 19:1
**collect** 8:24 28:3
**column** 33:12
**columns** 33:11
**come** 8:9,9 9:8 17:23
17:24 18:18 28:15
31:5
**comes** 20:10
**comfortable** 32:9
**comment** 31:20
**commercial** 11:9
**commitment** 16:18
**committee** 2:7 5:16
7:22 8:4 11:25
13:22 14:6,19
28:10 29:14 30:1,4
30:6,9,19,21,24
31:9,14,19,24 32:2
32:4,7,11,15,16,20
32:22,24 33:9,18
34:13,15,23,24
35:9
**committees** 8:2 29:8
33:25
**committee's** 9:15

**common** 7:23 22:4
22:11
**comp** 33:20
**companies** 17:11
22:23
**company's** 7:21
**compared** 26:21
**compensation** 2:6
31:25
**complaint** 27:23
**completes** 35:12
**compliance** 30:15
32:14
**complies** 12:22
**comply** 32:18
**comprehensive** 32:3
**Computer** 27:24
28:4
**conclude** 23:4
**concluded** 35:15
**conduct** 18:7,12,19
**conferred** 10:20
**confidential** 11:7
**confirm** 35:4
**Conflicts** 2:7
**connection** 14:8
15:15 33:3
**consensual** 34:16
**consented** 12:5
**consider** 18:17
**consideration** 15:9,9
16:1 33:10
**consolidated** 25:22
25:25 26:5
**consummate** 16:19
**contain** 24:13
**contained** 15:21
**contemplated** 20:22
**contested** 10:24
27:14
**contingent** 31:3
**continuing** 26:15
**contract** 25:24
**contracts** 10:12,14
10:19 19:18 20:12
**control** 29:22 30:23

**cooperation** 34:24
**cooperative** 34:15
**Coopers** 29:21
  30:14
**copy** 16:15
**corporate** 12:13
**Corporation** 1:8 7:3
  7:6 9:12 10:9
  15:22
**Corporation's** 27:23
**correct** 10:16 11:18
  14:21 23:23 37:5
**cost** 30:23
**counsel** 2:7 12:16
  31:1
**County** 8:18
**couple** 7:15 16:9
  17:10
**course** 7:12 12:25
  34:14
**court** 1:2,14 7:2,11
  7:13,25 8:6,14 9:1
  9:6,10,20 10:6,23
  11:15,16,19 12:8
  12:10,20 13:1,4,7
  13:11,14 14:13,16
  14:23,25 16:3,6,23
  17:2 18:2,7 19:23
  20:18 21:1,3,8,16
  21:21 22:14 23:6
  23:18,24 24:18
  25:12,25 26:3,7,24
  27:5,12,20 28:1,17
  28:21 29:16 30:12
  31:5,15,18 32:1
  33:1 34:6,9,19
  35:11,14 37:4
**court's** 24:21 33:10
**cover** 18:24
**covered** 10:13 22:14
**covers** 24:10 25:9
**creditor** 34:13
**creditors** 2:8 7:22
  8:2 31:19
**Cross** 29:22
**cure** 19:18

**current** 26:22
**currently** 10:25
  30:25
**customer** 17:12

### D

**D** 1:22 7:1 36:2
**damages** 8:23
**data** 16:24 17:15
  18:1
**date** 18:9 20:16
  21:10 23:5 24:8
  33:5 37:10
**dating** 20:15
**deadline** 16:11
  20:17 29:24
**deal** 7:15 14:12
  22:22 25:1 26:1,13
  30:10
**dealing** 7:20 24:25
  25:19 26:11 28:24
  33:2
**deals** 20:23
**dealt** 11:13 18:5
  22:1 23:8 25:5
  26:17 30:6 32:11
**debtor** 1:10 4:4,11
  4:19 15:19 17:7
  26:14
**debtors** 2:19 5:3
  8:13,18 9:2,14
  12:3,13,16 13:15
  13:18,24 14:6,18
  15:20 17:2 18:6,9
  19:1 22:5 23:3
  24:3,7 26:18 28:1
  28:4 29:8,14 30:3
  30:15 31:2 34:13
  36:12,14
**December** 10:21
**decided** 30:21
**decisions** 32:6
**decline** 13:19
**defense** 28:5
**defenses** 8:3
**defined** 21:5

**delivered** 28:4
**deliveries** 10:18
**Delphi** 1:8 7:2,6
  8:19 10:12,15
  15:22 22:3,11
  27:23
**demand** 13:18
**demanded** 28:9
**Denzo** 22:19,21
  23:10
**DEPARTMENT**
  6:2
**deposit** 16:17
**described** 17:6
**DESCRIPTION**
  36:5
**detail** 16:20 34:20
**details** 19:21
**determination**
  27:12
**development** 22:17
**difficult** 27:3
**diligence** 16:23 17:4
**DIP** 9:15,16 13:25
  14:1
**disallow** 22:6 25:20
**disclose** 15:18
**disclosure** 11:6
  28:10,11
**discovery** 11:4
**disk** 13:5 14:22
**dispositively** 26:17
**disputes** 25:24
**DISTRICT** 1:3
**DLA** 29:22 30:7
  31:5,13
**docket** 7:17 8:3,4
  9:22 10:10 11:24
  13:10 15:3,5 21:25
  23:14 24:2,18,21
  30:16,24 31:2,10
  33:6
**Dockets** 31:8
**document** 33:6
**documentation** 24:6
  24:12 26:11

**Documented** 2:18
**documents** 16:21
  22:14 34:17
**doing** 27:24 30:14
**dollar** 24:13 26:22
**dollars** 8:20,22 9:25
  15:8 16:17,18
  18:15 19:1,9 22:10
  22:15,19 23:12
  24:11,24 28:3
  33:15,16
**draft** 23:3
**DRAIN** 1:22
**Drive** 4:5
**due** 16:23 17:4
**Duplicate** 2:12
**duplicates** 25:21
**duplicative** 22:1,7
**duty** 12:23

### E

**E** 1:21,21 4:2,2 7:1,1
  36:2 37:2
**earlier** 30:5 31:18
**early** 19:3 31:19
**Eastern** 16:12 18:8
  18:19
**efficient** 27:17
**eighteen** 17:10
  26:15
**eighth** 25:17,18
  33:12
**either** 19:11,11
  20:25 22:1 29:8
  30:6 32:13
**electronic** 17:15
  37:5
**employees** 8:18,25
**enter** 11:11 23:16
**entered** 11:15 24:21
  32:1 33:23 36:8
**equity** 2:13 5:16 8:4
  11:25 25:23 31:9
**ESQ** 4:15,16,23 5:7
  5:13,20 6:7
**essentially** 11:5

| | | | |
|---|---|---|---|
| **established** 10:13 12:1 | **fee** 18:25 19:12,15 28:24,25 29:2,4,6 | 33:21 | 20:4,6,7,9,11,12 20:19 22:24 26:12 |
| **establishment** 12:3 32:2 | 29:10,14,15,16,20 | **fit** 17:11 | 27:5 31:22 34:2 |
| **estate** 14:5,6 26:18 27:24 | 29:23,25 30:1,3,5 30:6,9,18,21,24,25 | **five** 24:19 33:22 **fixed** 10:13 | **good** 7:4 8:12,14 12:9,10 16:17 34:8 |
| **ether** 17:23 | 31:3,7,11,12,13,17 | **Flom** 4:3,10 7:6 | **goods** 10:13,15,18 |
| **evening** 29:13 | 31:23 32:2,3,7,11 | **focus** 28:5,7 | 28:3 |
| **evidence** 16:18 | 32:14,16,20,22,23 | **follow** 7:9 32:17 | **grant** 23:18 25:7,12 |
| **evidentiary** 10:24 | 33:2,6,9,15,18,24 | **following** 21:8 | **granted** 21:22 36:10 |
| **examination** 32:9 | 34:15,17,20,22 | **foregoing** 37:5 | 36:11,13,15 |
| **example** 18:14 26:1 27:10 | 35:2,9 36:16 **fees** 8:22 19:8,25 | **form** 10:22 11:6,7 15:14,17 30:2 33:4 | **granting** 15:13 **Green** 1:15 |
| **exceed** 19:9 | 33:7,9 | 35:8,8 | **Group** 15:8 |
| **exceeds** 33:15 | **fiduciary** 12:23 | **formal** 22:13 | **guess** 20:12 23:20 |
| **excess** 27:15 | **fifteenth** 7:7 | **former** 8:22 | 31:18 |
| **exchange** 10:1 | **file** 7:19 11:9 13:14 | **forms** 19:19 | **guidelines** 32:17,19 |
| **excuse** 17:18 | 30:19 | **forth** 11:3 16:14 | |
| **executed** 16:14 | **filed** 7:8,24 8:4,16 | 18:16 19:5 25:13 | **H** |
| **exercise** 9:13 | 8:19 9:3 10:21 | **forward** 27:19 32:15 | **half** 7:20 26:17 27:3 |
| **exercised** 13:16 | 11:2,3,24 12:4,12 | **four** 4:12 21:9 22:10 | 27:4 |
| **Exhibit** 22:16,25 | 13:12 15:3,4 18:7 | 22:18,24 23:9 | **halfway** 27:1 |
| 23:1,21 | 21:25 22:3,3,8,10 | **fourteen** 22:9 24:18 | **hand** 12:16,16 14:24 |
| **expect** 9:16 | 22:12,13 23:14 | **fourth** 26:10 | **handling** 8:11 27:25 |
| **expectation** 9:17 | 24:8,16,18,19 25:1 | **framework** 26:23 | **happy** 12:18 |
| **expected** 32:17 | 25:18 26:5,6,10,17 | **FRANK** 5:15 | **Harcow's** 19:8 |
| **expecting** 27:17 | 29:20,23 30:8,14 | **frankly** 27:8 | **Harper** 15:7 |
| **expense** 2:3 10:10 | 31:6,10,17,19 | **Friday** 16:12 | **HARRIS** 5:15 |
| 19:12 20:1 | **filing** 25:17 26:8 | **FRIED** 5:15 | **hear** 9:16 |
| **expenses** 2:6 19:8 | 31:20 | **Frugal** 13:3 | **heard** 30:22 |
| 33:11 | **final** 13:25 35:9 | **full** 13:23 14:14 | **hearing** 2:2,5,10,15 |
| **Experience** 27:25 | **finally** 28:7 | **fully** 15:6 | 2:21,24 7:7,9,9,19 |
| **expunge** 22:5 23:13 | **financial** 9:15 17:11 | **further** 22:17 32:12 | 8:5 9:8,19 10:24 |
| 25:20 | 28:8,10,11 30:15 | **future** 14:7 23:2 | 10:25 11:14 15:15 |
| **extent** 17:25 | 31:9 | 25:5 | 18:20,21,22 23:2,5 |
| | **financing** 16:19 | | 25:3,5 29:12 30:5 |
| **F** | **fine** 7:13 10:6 14:25 | **G** | 32:6 34:3 35:13 |
| **F** 1:21 37:2 | 21:16 | **G** 7:1 36:4 | **hearings** 27:10 |
| **fact** 16:8 17:6 27:13 | **finishing** 10:7 | **general** 26:16 | 29:24 |
| **fair** 17:21 | **firm** 8:10 12:6 | **generally** 34:4 | **heavily** 34:23 |
| **faith** 16:17 | **firms** 29:1,3,5,19 | **getting** 27:13 | **heavy** 10:4 |
| **far** 17:3 | 32:13,20,21,24 | **give** 31:24 | **held** 18:11 27:10 |
| **February** 1:18 | 33:8 34:24 | **given** 23:13 32:13 | **helped** 13:23 |
| 30:20 37:9 | **first** 7:14,15,16,20 | **glad** 34:21 | **highlight** 16:10 |
| **Fed** 2:25 | 9:24 11:22 16:10 | **GM's** 8:2 | **Hinds** 8:18 |
| **Federal** 2:11,16 | 27:4 28:24 29:2 | **go** 11:4,13,17 16:7 | **hit** 27:16 |
| | 31:7,11,12,12 32:9 | 19:21 30:20 | **holdbacks** 33:21 |
| | | **going** 10:8 11:17 | |

34:1 35:4
**holders** 22:3,11 26:5
**holdings** 22:4
**HON** 1:22
**honest** 34:21
**Honor** 7:4,8,14 8:7
    8:15 9:7,14,18
    10:4,7,11 11:1,10
    11:11,18,20,25
    12:9,25 13:3,8,15
    13:25 14:11,12,21
    15:1,7,12,17 16:5
    16:9 17:5,21 18:3
    18:13,17,18,23
    19:17,22 20:14,21
    21:12,20,23,23
    22:12 23:3,7,11,12
    23:15,23,25 24:3
    24:17,24 25:7,15
    25:15 26:1,8,19
    27:8,9,11,21 28:4
    28:22 29:9 30:3
    31:16,24 32:15
    33:15,23 34:4,8
    35:6,6,12
**Honor's** 16:1
**hope** 9:4,17
**hopeful** 28:11
**Hopefully** 7:23
**horse** 16:3 20:5
    21:19
**Hose** 15:2
**Houlihan** 29:23 30:7
    31:8,12
**hundred** 14:9 26:15
**hundreds** 34:17

**I**
**identified** 17:9,25
**identifies** 20:18
**identify** 20:8
**IL** 4:6
**implement** 12:17
**implementation**
    12:14
**implemented** 29:25

**incentive** 7:17
**include** 16:13 18:25
    29:21
**included** 19:19
**including** 18:14 19:3
    25:2 33:17 34:25
**increments** 18:15
**independent** 32:16
**indicate** 15:6
**indicated** 29:10 31:5
    33:24
**indicates** 29:18
**indiscernible** 22:15
    30:14
**individual** 23:13
    26:5
**individually** 32:13
**Industrial** 9:12
**information** 10:1
    11:7,10 12:2 16:25
    25:16
**initially** 28:5
**insufficient** 24:5,11
**Insufficiently** 2:18
**intend** 7:19
**intention** 21:13 23:3
**interested** 17:1
**interim** 2:5 29:2,4,6
    31:11,17,25 33:20
    34:20
**International** 22:19
**introduce** 31:22
**Investment** 11:23
    12:12
**Investment's** 36:9
**invoices** 31:4
**involves** 19:2
**involving** 22:19
    23:11
**irrevocable** 16:13
**issue** 10:10 12:23
    20:10 26:11 28:6
**issues** 26:12
**Item** 7:17 8:7,9 10:8
    13:9 28:23 29:12
**items** 8:1,10 18:23

28:23

**J**
**J** 4:16 5:13
**Jack** 7:4
**Jackson** 9:4
**JACOBSON** 5:15
**James** 5:13 12:11
**January** 14:1
**JOHN** 4:8
**joint** 29:14,25 30:3,9
    30:18 31:13 32:2,7
    34:22
**Jones** 29:10
**JR** 4:8
**Judge** 1:23 8:12
    13:12 14:15 28:2
**June** 17:17,19 30:5
    30:16
**JUSTICE** 6:2

**K**
**Kayalyn** 4:15 7:5
**KCC** 23:14
**KECP** 7:16
**kind** 17:8
**kinds** 20:23 26:2
**know** 20:5,18
**Kroll** 29:22
**Kyocera** 9:11

**L**
**L** 36:4
**landscape** 17:8
**Lang** 29:10
**large** 26:21
**largely** 28:7,7
**LaSalle** 29:10
**late** 24:19 25:1
**LATHAM** 4:18
**laws** 12:24
**lawyers** 8:22 10:3
**lease** 25:24
**leaves** 23:10
**legal** 29:22 30:23,23
**Leonhard** 6:7 31:22
    34:6,8,10,10

**letter** 16:13 19:16
**liabilities** 15:10 24:6
    24:13
**lifting** 10:4
**light** 12:20 16:8 17:2
    19:25 25:14
**limitation** 20:1
    26:22
**limitations** 19:14
**limited** 15:4 19:5
**LINE** 36:5
**liquidated** 22:6,9
    24:23
**liquidating** 25:10
**Lisa** 3:25 37:4,12
**lists** 33:5
**litigation** 11:13,16
**LLC** 10:13 15:8
    27:24
**LLP** 2:7 4:3,10,18
    5:2,9,15 7:6
**loan** 8:21
**Lokey** 31:8
**look** 25:22
**lot** 27:8
**L.P** 11:23

**M**
**M** 6:7
**maintain** 21:15
**making** 27:8
**management** 17:16
**manner** 15:14 19:2
**Manufacturing** 15:8
**Marafioti** 4:15 7:5
**March** 7:18,20 8:5
    9:4,7,18 16:12
    18:9,11,18 20:17
    29:11 30:8 31:2
**MARK** 4:23
**marked** 16:15
**marketing** 17:21
**master** 13:15
**match** 24:14
**matter** 1:6 7:14,16
    9:13,23 11:12,20

11:22,22 13:8,13
15:1,2,4,5 21:24
21:24 23:25 24:1
27:21,22 28:12,15
37:7
**matters** 7:15 8:1
10:2,8 11:22 16:8
19:21 22:23 25:17
27:14 28:13,22
30:16 35:13
**Matz** 4:16 7:5
**Meagher** 4:3,10 7:6
**mean** 23:7
**mediate** 9:2
**mediation** 9:3,9
**mediations** 27:5
**member** 11:25
**members** 34:25
**met** 10:20
**mid** 17:7,19
**milestone** 26:20
**million** 8:20 15:8
22:7 23:12 24:13
24:15 25:11 33:15
33:16
**minimum** 18:14
**minute** 8:9
**minutes** 15:6 31:22
**mirrored** 14:1
**Mississippi** 8:19 9:1
9:4
**modifications** 16:16
**modified** 35:2 36:17
**modify** 26:14
**moment** 27:17 31:5
**months** 17:10
**Mooring** 29:22 31:1
**morning** 7:4 8:12,14
12:9,10 34:8
**motion** 2:2,10,15,21
2:24,24 7:19 8:3,3
8:15,17,25 9:6,7
9:11,21 10:9,11,21
11:2,23 12:4,7,13
12:18 13:12 15:3
17:6 19:24 25:13

36:8,10
**move** 25:16 27:19
**moved** 31:21
**moving** 11:21

## N

N 4:2 7:1 36:2,4 37:2
**name** 37:13
**nature** 25:2
**necessary** 15:25
**needs** 22:22
**negotiate** 13:23
28:12,15
**negotiation** 28:8
**Neil** 5:7 8:12
**net** 33:7
**new** 1:3,16,16 4:13
4:21 5:5,11,17,18
6:5 9:23
**nice** 34:16
**nine** 23:12
**nineteen** 24:17,20
24:23 25:4
**ninth** 25:17 26:9
**nonbankruptcy**
11:16
**noncontested** 23:17
**normally** 21:14
**note** 29:9
**noted** 29:12
**notice** 18:21 20:3,3
20:11 21:4,15,18
23:13
**noticed** 23:2,3 27:9
27:11 30:5
**notices** 15:14 16:21
16:22 19:18,19
20:24 30:8
**notify** 18:10
**November** 31:6,11
32:5
**number** 7:17,17 8:3
8:4,7,9,10,15 9:11
9:21,22 10:8,10,20
11:22,24 13:9,10
13:18 15:2,3,5

20:12 21:24,25
22:20 23:15 24:2,2
27:11,22 28:23,24
29:12 30:17,25
31:2,8,10 33:6,6
**numerate** 19:14
**NY** 4:13,21 5:5,11
5:18 6:5
**NYCH** 27:24

## O

O 1:21 7:1 37:2
**object** 14:7,19 21:10
**objected** 23:9 24:4
**objection** 2:10,15
9:2 15:4,4,16,16
16:9 21:25 22:5,13
23:8,18,19 24:1,3
24:4,9,18 25:5,9
25:14,19,19 26:9
26:10 31:19 36:13
36:15
**objections** 11:2 12:4
12:15,21 13:14
14:11 19:20 25:8
25:18 26:10,13
31:16
**obligation** 13:17
19:4,7
**obligations** 12:24
15:18
**observer** 15:24
**obtained** 31:9
**obtaining** 15:20
**obviously** 12:22
14:16
**occurred** 8:23 33:3
**October** 31:10
**offer** 16:13
**offered** 32:13
**Office** 31:23
**official** 2:7 37:5
**Oh** 21:1 34:8
**Okay** 7:2,11,25 8:6
9:10 10:6 11:15,19
12:8 14:23 16:6

18:2 19:23 21:21
23:6,18,24 25:12
27:20 28:17,21
30:12 31:15 34:9
34:19 35:14
**omnibus** 2:10,15 7:7
7:18 8:5 9:18
10:25 21:25 22:5
22:12,16 23:16
24:1,9 25:9 26:9
29:12 30:11 32:6
35:13 36:12,14
**once** 33:24
**operate** 32:4
**operation** 34:22
**opposed** 27:3
**order** 9:15,16,18
10:22,23 11:1,3,5
11:6,8 13:5,25
14:2 15:18 16:1
18:16 19:20 21:17
22:25 23:1 24:8
25:6 29:17 30:2
31:21 32:1 33:4,20
33:23
**orders** 2:24 11:12,15
33:2,3 34:16 35:3
35:7,8 36:7
**originally** 10:21
**outline** 33:3
**outlined** 16:20 31:21
**out-of-pocket** 19:8

## P

P 2:25 4:2,2 7:1
**package** 16:23
**PAGE** 36:5
**paid** 13:24
**paper** 10:3
**papered** 22:22
**paragraph** 13:25
14:1
**particular** 10:11
17:13 19:10 24:9
29:24
**particularly** 11:9

**parties** 8:25 10:20 11:8 14:2
**Partners** 11:23
**pay** 13:19 14:5 19:7 28:9
**paying** 14:4
**payment** 10:17 13:17,24 14:8
**pending** 8:18 9:1 31:1
**Penn** 5:4
**people** 9:25 10:3 20:16 21:9 32:17 32:18
**percent** 14:9 18:25 27:16 33:22,23
**perform** 17:4
**period** 16:14 21:15 29:2,4,7 31:7 33:2
**periods** 28:25 33:15
**permission** 12:13
**permit** 12:2
**person** 20:5,8
**perspective** 31:24
**phon** 29:22 34:13
**picked** 24:21
**pipeline** 31:13
**Piper** 29:22 30:7 31:13
**Piper's** 31:6
**place** 22:25 28:6 34:5
**Plaza** 5:4,17
**PLC** 13:9,16
**pleadings** 18:5 19:20
**please** 7:2 28:19
**plus** 14:14
**point** 18:3,12 20:8 25:16 26:16,18 27:6 34:2
**points** 16:2
**portion** 19:3
**portions** 25:8
**possible** 17:22
**post-petition** 10:18

**potential** 17:7,9,16 21:10
**preference** 28:12
**preparing** 12:16
**present** 12:7 13:11 28:1
**presentations** 17:16 23:16
**presented** 17:16
**preservation** 31:19
**pretrial** 11:5
**pretty** 19:1 27:16
**prevailing** 16:11 18:8,19
**prevent** 11:6
**price** 10:14,15 16:16 29:21 30:14
**prices** 10:13
**printed** 37:13
**prior** 7:19 23:4,15
**probably** 13:1
**procedural** 2:11 25:19
**procedures** 2:12,17 11:23 12:2,17,23 15:13,17,25 16:8 16:14 18:13,15,16 19:17 25:6 32:8
**proceed** 8:17,24 30:9
**proceeding** 27:22 28:2
**proceedings** 35:15 37:6
**process** 17:17,18,20 27:4,13,16,18 29:25 30:20 31:20 32:4,21,22,25 33:3 33:4 34:5 35:1
**professional** 2:5 29:1,3,5,19 33:7,9 34:24
**professionals** 29:7 29:17 34:14
**program** 7:17
**programs** 28:6

**progress** 26:16 27:8
**proof** 8:19 9:3 23:14 26:6
**proofs** 22:6,7,9 24:4 24:5,10,12,15,23
**properly** 23:9
**property** 27:23
**proposal** 7:21,21
**proposals** 17:18,19
**proposed** 7:8 10:22 15:7 16:1,16,19 18:16,22 22:25 23:1 35:3
**proprietary** 11:10
**protection** 14:2,18 36:11
**protections** 15:14 18:24
**protective** 11:6,7,12 25:23 36:6
**protects** 12:23
**protocol** 32:3,14,16 34:22
**provide** 10:23 20:11 21:17 25:7 32:7
**provides** 11:5
**provisions** 19:9
**punitive** 8:23
**purchase** 10:15 16:16
**purposes** 9:6 25:2 28:19
**pursuant** 2:11,16 9:15 24:8 33:20
**put** 17:15 32:15 34:5
**putting** 25:4
**PWC** 30:18

————————
**Q**
**qualifications** 19:13
**qualified** 17:1 18:4 18:6,10,10
**qualify** 16:22
**qualifying** 21:9
**Quell** 31:1
**questions** 11:11

12:18 14:11 19:22
————————
**R**
**R** 1:21 2:25 4:2 7:1 36:4 37:2
**rate** 27:16
**Raysman** 5:9 12:12
**RCS** 27:24 28:4,9,14
**reach** 33:25
**reached** 13:21 22:21 29:13 33:24
**ready** 30:9
**really** 15:9 20:5 28:8 31:4
**reason** 14:10,17
**reasonable** 19:8,25
**reasons** 25:13
**rebate** 28:6
**recall** 11:25 13:25 17:6 28:5
**receive** 18:4,6 20:24 28:10
**received** 12:14,15 24:20
**recommended** 33:9
**reconciliation** 9:14
**record** 11:4 16:10 16:21 18:4 19:15 19:16
**recording** 37:6
**records** 2:19 24:7,14
**recoup** 9:23,24
**recover** 27:23
**recovery** 14:9
**reduce** 33:19
**reduced** 25:3
**reductions** 32:12,12 32:18,20,21,23 33:8,12,14,17
**refi** 9:16 14:1
**reflected** 2:18 24:6 35:3
**reflects** 16:2
**regard** 20:4
**regarding** 19:21
**Reid** 5:9 12:6,11

**reimburse** 19:7
**reimbursement** 2:6
  19:12 20:2
**related** 8:3 24:6
**relates** 15:9 26:21
**relating** 25:23
**released** 34:1,2 35:5
**relief** 2:22 8:16,17
  9:12,22 12:5 15:12
  19:24 21:22 23:16
  23:19 25:4,12
  36:11
**remain** 15:20
**remaining** 25:8
  33:21
**remind** 13:2
**remove** 22:24
**renew** 28:14
**reply** 11:3 22:12,16
**report** 9:8
**representative**
  15:23 34:14
**represented** 22:15
**represents** 24:3
**request** 28:14
**requested** 12:5 33:7
**requirements** 16:20
  17:12,14
**reschedule** 18:21
**reservation** 14:10
  14:14 18:20
**reserve** 24:25
**reserved** 14:18
**resolution** 27:14
  28:12
**resolved** 9:13 10:2
  11:21 15:6,16
  27:13 28:7
**resolving** 15:16
**respect** 9:8 13:13
  16:22 23:16 29:2,4
  29:6,15 31:13
**response** 23:20,21
  25:2
**responses** 22:13
  24:17,19,20 25:1

**result** 9:9 24:22
**retained** 14:5,7 29:7
  29:20 30:16,24
  31:2,3
**review** 12:21 29:14
  30:1,3,9,18,21
  31:14,14,23 32:2,7
  32:14,22 34:22,23
**reviewed** 12:20
  13:23 34:20,21
**revise** 21:3,8,12
**revised** 29:17 35:8
**right** 9:20 11:19
  13:16,21 20:21,21
  21:2,3,16,21 26:3
  26:7,24 27:14
  34:19 35:11
**rights** 13:20 14:2,3,6
  14:7,10,14,19
  18:20 24:25
**road** 27:19
**ROBERT** 1:22
**room** 16:24 17:15
**Rules** 2:12,17

**S**

**s** 2:21 4:2 7:1 29:10
  36:4
**sale** 15:3,7,11,14,15
  15:20,21 18:19,22
**satisfactory** 16:18
**satisfied** 17:14
**satisfy** 17:12
**scheduled** 9:4
**schedules** 16:17
**scheduling** 10:23
  11:1,12 36:6
**scope** 25:22
**screening** 12:3
**seal** 11:10
**seated** 7:2
**second** 8:1 27:3
  28:25 29:4 31:7
  33:21
**Section** 2:11,16
**Sections** 2:25

**securities** 12:24
**seek** 9:24 10:17 22:5
  26:13
**seeking** 9:22 12:1,13
  15:12 25:3,20
**Segal** 5:2,2 8:13
**selected** 21:19
**selling** 15:19
**send** 20:24
**sending** 19:18
**sensitive** 11:9
**sent** 9:14 24:22
**separate** 11:7 21:18
  22:14 27:9 31:7
  32:14 33:2
**separately** 25:1
**series** 19:3,17 26:10
  32:6
**served** 13:12
**serves** 11:5
**service** 13:13 23:14
**set** 10:25 16:14
  18:16 19:5,9 25:13
  29:24 32:15,16
**setoff** 9:13,23 10:2
  13:20,20 14:7,17
  14:20
**Setoff/Recoupment**
  2:22
**sets** 10:23 11:3
**setting** 14:4 15:15
**settle** 9:5,5
**settled** 23:10
**settlement** 13:10,11
  13:22 23:4
**setup** 9:14 14:3
**seventh** 2:15 24:1,9
  25:9 36:14
**seventy-five** 27:16
**seventy-four** 22:1
  23:8
**Sheehan** 34:12
**Sherban** 34:12
**show** 16:15
**SHRIVER** 5:15
**sic** 29:11

**sides** 14:14
**Signature** 37:10
**silent** 15:24
**situations** 20:10
**six** 8:20 17:8
**sixth** 2:10 21:25
  22:5 33:20 36:12
**sixty** 22:6
**sixty-seven** 23:10
**size** 19:25
**Skadden** 4:3,10 7:5
**Slate** 4:3,10 7:6
**slated** 30:1
**sold** 22:4 28:3
**sorry** 14:4
**sort** 17:14 19:11
  20:23 26:12,20
  27:15
**sought** 8:24 14:10
  17:7 19:24 23:19
  25:13 28:9 32:20
**sound** 37:6
**SOUTHERN** 1:3
**speak** 10:1
**specified** 12:2 21:10
**Square** 4:12
**stalking** 16:3 20:5
  21:19
**stand** 34:16
**standing** 9:1
**state** 9:1,6,23
**States** 1:2,14 31:23
  34:10
**stating** 16:13
**statutory** 29:8
**stay** 2:22 8:16,17,23
  9:13
**Steel** 15:5,21,22,23
**Steiner** 5:9 12:12
**STEINGART** 5:20
**step** 20:23
**Stevens** 2:6
**stipulation** 9:18
  14:22
**stock** 22:4,4,11
**strategic** 17:11

Street 6:4
subject 15:20 18:20
submit 20:16,17
submitted 10:22
  11:8 17:19 18:10
  21:9 29:1,3,5,9,18
  30:2 31:4 35:7
submitting 9:17
substantially 19:2
substantive 2:16
  24:3 26:9 27:12
successful 14:17
  15:19 20:19,19
  21:4,19
sufficient 17:3
suggested 32:23
suggesting 32:12
Sumida 2:21 9:22
summarized 22:16
  34:21
summarizes 33:12
summary 16:21
  33:11 34:4
superseded 22:2,8
  25:21
supplement 7:19,23
supplemental 31:25
suppliers 8:22
supply 10:12
surveyed 17:8
survives 19:4
suspect 17:23
swap 13:15
Systems 10:12

**T**

T 37:2,2
take 11:16 23:9
tax 30:15
tell 26:25
ten 24:10 33:15,22
tendency 27:2
term 21:5
termination 13:16
  13:17,24 14:8 19:4
terms 7:21 18:5,23

19:5 26:16 30:21
thank 13:4 14:15
  21:20,23 25:15
  34:12,18,19,25
  35:6,14
Thelen 5:9 12:6,11
things 16:9 27:11
think 17:5 20:3,6,7
  20:14,15,16,22,22
  21:13 26:13,19,19
  27:9,15 31:21 34:2
  34:4,5,11,11 35:7
third 2:5 4:20 5:10
  8:1 24:3 28:25
  29:6 31:25 33:22
thirteen 24:15
thirty 28:25 29:2
thirty-three 29:5
thirty-two 32:24
THOMAS 4:16
thousand 22:10
thousands 34:17
three 17:13 18:25
  22:14 23:9,21 24:4
  30:13 32:9 33:1,10
time 9:24 12:19
  16:12 17:4,9 18:8
  18:12,19 20:16
  22:12,17 30:10
  32:7
timely 22:13 24:7,16
  24:19 29:1,3,5
times 4:12 10:20
timetable 11:4
today 15:11 18:14
  18:17,25 19:25
  23:13 25:7,17,18
  30:2,19 31:18 33:1
  34:16
today's 7:9 25:3
  28:19
Togut 5:2 8:12
told 23:12
Tom 7:5
top 26:4
total 26:17 28:25

33:7,8,12
totaling 24:12
totally 27:15
track 11:13 27:10
  27:13
trade 12:13 25:24
trading 12:2,14,17
transaction 15:10
  16:20 19:1,10 20:1
  26:23
transactions 19:4
Transcribed 3:25
transcriber 37:4,10
transcript 37:5
tried 8:24 11:17
triggered 13:17
trust 31:1
trustee 6:3 12:5,16
  25:22,25 30:18
  34:7,11,25
Trustee's 31:23
trying 20:15 26:23
turned 28:8
turnover 14:14
twenty 23:11
two 11:15 20:13
  24:19 26:13 29:3
typed 37:13

**U**

U 36:4
uncontested 11:21
  23:19 25:8
underlying 21:13
  25:24
underpayment
  10:18
understand 30:17
understanding 30:7
undertake 32:8
United 1:2,14 15:5
  15:21,22 31:23
  34:10
unopposed 25:12
Unsecured 2:8
untimely 2:19 25:2

USC 2:11,16,24
usually 25:20
USW 15:15
U.S 1:23 6:2,3 12:4
  16:17 30:18 34:6
  34:25

**V**

Vanibal 34:13
varied 10:14,15
various 15:10 25:23
view 7:23
Vincequerra 5:13
  12:6,9,11,11,25
  13:3,5
volumes 10:14
voluntarily 33:18
voluntary 32:12,19
  32:19,23 33:8,12
  33:14,17

**W**

Wachovia 8:16,16
  8:19,24
Wacker 4:5
waiver 15:20
wall 12:4,14,17
want 18:24 19:15
  21:17 31:20 34:25
wanted 18:3 34:6
Warner 2:6
Waterhouse 29:21
  30:14
WATKINS 4:18
watt 32:24
way 20:15 21:17
week 9:16
went 17:17 32:22
West 4:5
we'll 7:23 9:5,8,17
  12:17 21:12 28:11
  28:14
we're 7:5 11:21
  15:11,17 17:23
  18:13,17,24 20:15
  21:14 22:24 23:12
  24:20 25:3,7,21

26:8,15,23,25 27:7
27:8 28:11
**we've** 9:2 13:21
15:23 20:22 24:4
24:20 25:3 28:9,10
30:2 35:7
**Whitehall** 6:4
**winner** 21:5
**wish** 26:25
**WM** 4:8
**work** 17:3 26:23
35:1
**worked** 12:15 22:24
**Workers** 15:5,21,22
15:24
**working** 7:22 26:20
27:7 34:15
**works** 20:3,7,15
27:1
**worthwhile** 13:2
**written** 16:18 23:4

---

**X**

**x** 1:5,12 36:2

---

**Y**

**yeah** 20:14 34:8
**year** 32:1
**years** 17:10
**yesterday** 10:22
24:17 27:10 29:10
35:10
**York** 1:3,16,16 4:13
4:21 5:5,11,17,18
6:5

---

**0**

**05-44481** 1:4

---

**1**

**1** 7:17
**1.4** 24:15
**1.7** 26:22
**10** 15:2 18:8,19
**10.2** 33:16
**10:04** 1:19
**10:44** 35:15

**100,000** 19:9
**10004** 5:18 6:5
**10022** 4:21 5:11
**10036** 4:13
**10118** 5:5
**10590** 22:21
**11** 2:11,16,24 16:11
21:24 26:21 32:4
36:9
**11th** 31:10
**11,837** 24:11
**11.5** 24:13
**11242** 22:20
**11243** 22:20
**11245** 22:20
**12** 24:2
**12.1** 25:10
**13** 27:22
**13th** 11:2
**14** 28:23 29:12
**15** 1:18
**15th** 30:20
**16** 14:1 37:9
**16th** 9:4 18:9 20:9
**17** 36:14
**17th** 30:24
**18** 13:25 36:11

---

**2**

**2** 8:1 36:9
**2nd** 16:12 20:17
**20th** 11:3 18:11 20:9
**2000** 29:11
**2003** 2:25
**2005** 17:7,18
**2006** 10:21 17:19,20
30:16,24 31:2,10
31:11 32:5
**2007** 1:18 7:20 10:24
16:12 18:9,11,18
32:5 37:9
**21** 36:12
**213** 7:18
**22** 36:6
**22nd** 7:18,20 8:5
18:18 28:18,20

---

29:11 30:8,16
**23** 36:14
**24** 36:12
**25th** 10:25 11:14
**250,000** 18:15
**257,000** 28:3
**2773** 31:3
**294,000** 19:1

---

**3**

**3** 8:2
**30th** 31:6,11 32:5
**30.5** 22:7
**3007** 2:12,17
**33** 6:4 36:16
**333** 4:5
**36** 2:25
**363** 2:25
**372,000** 24:24
**389** 24:12
**393** 25:4,9

---

**4**

**4** 8:7,10,15
**412** 24:25 25:3
**4310** 30:17
**46** 28:24
**4718** 8:3
**4959** 30:25

---

**5**

**5** 2:25 8:9 10:8
36:11
**5th** 20:4
**500,000** 16:17
**502(b)** 2:11,16
**5229** 8:4
**5280** 31:10

---

**6**

**6** 8:10 9:11
**6004** 2:25
**6006** 2:25
**6030** 31:8
**6031** 31:8
**60606** 4:6
**6135** 10:10

---

**6571** 21:25
**6585** 24:2
**6605** 23:15
**6723** 9:22
**6737** 11:24
**6738** 13:10
**6742** 15:3
**6882** 15:5
**694,000** 22:19

---

**7**

**7** 8:10 9:21 36:16
**77,000** 9:25

---

**8**

**8** 11:22
**800,000** 8:20,22
**875** 5:10
**885** 4:20

---

**9**

**9** 13:9 36:6
**9th** 31:2
**9,044,399.41** 13:17
**9.8** 15:8
**900,000** 22:15
**9014** 3:1
**9019** 14:10
**99T** 13:12

---