DAVID H. FREEDMAN, ESQ.
ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.
400 Galleria Officentre, Suite 444
Southfield, MI  48034
Telephone:  (248) 827-4100
Facsimile:  (248) 827-4106
Email:  dfreedman@ermanteicher.com

*Attorneys for Doshi Prettl International, LLC*

Hearing Date and Time:  March 22, 2007 at 10:00 a.m.
Response Date and Time:  March 15, 2007  at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 05-44481 |
| DELPHI CORPORATION, *et al*., ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Honorable Robert D. Drain |
| ) | |

**RESPONSE OF DOSHI PRETTL INTERNATIONAL, LLC
TO DEBTORS' NINTH OMNIBUS CLAIMS OBJECTION**

Doshi Prettl International, LLC ("Doshi Prettl"), by and through its undersigned counsel, Erman, Teicher, Miller, Zucker & Freedman, P.C., responds to and opposes the Debtors' Ninth Omnibus Claims Objection[1], as follows:

1.      The Debtors commenced these Chapter 11 cases on October 8, 2005 (the "Petition Date").

2.      Doshi Prettl was a pre-petition vendor to Delphi Automotive Systems, LLC ("Delphi Automotive").  Doshi Prettl continues to be a post-petition vendor to Delphi Automotive.

---

[1] All capitalized terms not defined herein shall have the meanings contained in the Ninth Omnibus Claims Objection.

3. On June 22, 2006, Doshi Prettl filed its proof of claim against Delphi Automotive in the amount of $573,199.69, designated on the Debtors' claim register as Claim No. 8380 ("Claim No. 8380"). A date-stamped copy of Claim No. 8380 is attached hereto as Exhibit A.

4. Claim No. 8380 was based on amounts owed by Delphi Automotive to Doshi Prettl for goods delivered to Doshi Automotive prior to the Petition Date. The amount was reflected in Doshi Prettl's records and also agreed with Debtors' own internal accounting system known as "EDACOR" which is accessible by Debtors' vendors. At the time of the filing of Claim No. 8380, the Debtors' EDACOR system reflected a pre-petition payable owing to Doshi Prettl of $573,199.69 which is the exact amount reflected in Claim No. 8380 (the EDACOR spreadsheet was attached to Claim No. 8380 and is part of Exhibit A).

5. Claim No. 8380 was timely filed on June 22, 2006. The Bar Date Order set July 31, 2006 as the Bar Date.

6. In the usual course of Delphi Automotive's operations, Delphi Automotive would pay Doshi Prettl for goods sold by submitting detailed remittance advices to Doshi Prettl reflecting the invoices paid, the net amount remitted and other relevant information. Payment from Delphi Automotive to Doshi Prettl was made by the ACH method of payment.

7. On or about September 26, 2006, Doshi Prettl received a remittance advice from Delphi Automotive that reflected a settlement date of September 26, 2006 and a net ACH payment to Doshi Prettl of $129,790.19 (the "Remittance Advice"). A copy of the Remittance Advice is attached hereto as Exhibit B. The Remittance Advice covered payment on approximately two dozen post-petition invoices less certain amounts offset by Delphi Automotive and identified on the last three lines of the Remittance Advice.

2

8.  The second to the last line on the Remittance Advice reflects a post-petition offset taken by Delphi Automotive on September 26, 2006 against the unapplied balance from a pre-petition cash-in-advance payment in the amount of $557,087.89, as follows:

| Payee Name | Cust Name | Payment Number | Pmt Date | Pay Mthd | Currency | PO Number | PO Release No. | Invoice Number | Invoiced Amount | Net Amount Paid | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Doshi Prettl | Delphi Automotive | ACS0801763 | 9/26/06 | ACH | USD | | | ADM11DRTRF718 | -557,087.89 | -557,087.89 | To transfer unapplied balance from cash in adv |

9.  The basis asserted by the Debtors for the offset taken by Delphi Automotive was that the Debtors had determined, based upon a review of its pre-petition payables records after the Petition Date, that a pre-petition cash-in-advance payment had been made to Doshi Prettl in the amount of $560,312.63 on October 7, 2005 for which there were insufficient pre-petition receipts to apply against such payment except for the sum of $3,224.73, leaving an unreceipted portion of $557,087.89. The Debtors subsequently initiated a debit memo for $557,087.89 on September 26, 2006 which was deducted and offset from the post-petition payment by the Debtors to Doshi Prettl as reflected in the net amount paid in the Remittance Advice.

10. Based on the foregoing September 26, 2006 offset taken by the Debtors of $557,087.89, such sum was added back by the Debtors to Doshi Prettl's pre-petition balance on the EDACOR system leaving a new pre-petition payable of $1,130,675.71 owing from Delphi Automotive to Doshi Prettl.

11. In order to reflect such offset and adjustment to its pre-petition claim, on November 22, 2006, Doshi Prettl filed an amended proof of claim, amending Claim No. 8380 such that the new amended pre-petition claim amount was $1,130,675.71, designated on the Debtors' claim register as Claim No. 16427 ("Claim No. 16427"). A date-stamped copy of Claim No. 16427 is attached hereto as Exhibit C.

3

12.     Claim No. 16427 clearly states "Amended Proof of Claim" in the upper right corner of the document, and in the box just above and to the right of section 1 " Basis for Claim", it reads "this claim amends a previously filed claim, dated 6/22/06 (Claim No. 8380)."

13.     Claim No. 16427 was based on the post-petition offset taken by the Debtors' on September 26, 2006 which creating an increase in Doshi Prettl's pre-petition claim. Based on such offset, Doshi Prettl's records, and the Debtors' EDACOR system, reflected, and continue to reflect, a pre-petition payable owing to Doshi Prettl of $1,130,675.71, which is the exact amount reflected in Claim No. 16427 (which amends Claim No. 8380).

14.     On or about February 15, 2007, the Debtors' filed the Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification (the "Ninth Omnibus Claims Objection").

15.     The Ninth Omnibus Claims Objection includes an objection to Claim No. 16427 as an untimely claim. The Debtors' assert that such claim was not timely filed pursuant to the Bar Date Order. The Debtors' do not provide any specific evidence, analysis or documents in support of their objection, and the Ninth Omnibus Claims Objection should be overruled as Debtors' have failed to present any evidence to rebut the *prima facie* validity and amount of Claim No. 16427. *See* Fed. R. Bankr. P 3001(f).

16.     Notwithstanding the foregoing, the decision to grant or deny an amendment to a timely-filed "proof of claim rests with the sound discretion of a bankruptcy judge." In re Enron Corp., 298 B.R. 513, 520 (Bankr. S.D.N.Y. 2003)(quoting In re McLean Industries, Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)). Generally speaking, amendments to proofs of claim are

freely permitted in the absence of contrary equitable considerations or prejudice to the opposing party. Id. (quoting In re W.T. Grant Co., 53 B.R. 417, 420 (Bankr. S.D.N.Y. 1985)). Among other things, amendments are allowed to cure a defect in the claim as originally filed. Id. An amendment will not be permitted when its purpose is to create an entirely new claim. Id. (citing In re Andover Togs, Inc., 231 B.R. 521, 549 (Bankr. S.D.N.Y. 1999)).

17. When deciding whether to permit a post-bar date amendment to a timely-filed proof of claim, the bankruptcy court is guided by a two-prong test. Id. (citations omitted). The first prong is whether there was a "timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." Id. (quoting In re Black & Geddes, Inc., 58 B.R. 547, 553 (S.D.N.Y. 1983)). The second prong is for the court to examine each fact within the case and determine whether it would be equitable to allow the amendment. Id. In balancing the equities, the court considers the following equitable factors: (1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on part of the claimant; (3) whether other creditors would receive a windfall were the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the time the original claim was filed. Id. at 521 (citations omitted).

18. The first prong is satisfied. Claim No. 8380 was timely filed on June 22, 2006. The Bar Date as set forth in the Bar Date Order was July 31, 2006. Claim No. 8380 asserts a general unsecured claim against Delphi Automotive and evidences an intent to hold the estate liable.

19. The second prong is also satisfied. In considering the enumerated equitable factors set forth above, Claim No. 16427 should be allowed as an amendment to Claim No. 8380 for the following reasons:

5

a. There is no undue prejudice to the Debtors. The Debtors initiated a debit memo for $557,087.89 on September 26, 2006 which was deducted and offset from the post-petition payment by the Debtors to Doshi Prettl as reflected in the net amount paid in the Remittance Advice. The Debtors' recovered this full amount on that date and added it back to the pre-petition payable owing to Doshi Prettl on its EDACOR system. This offset increased the pre-petition amount owing by the Debtors to Doshi Prettl and, therefore, Doshi Prettl filed Claim No. 16427 to amend Claim No. 8380 to properly reflect the revised and increased pre-petition amount it was owed.

b. There was no bad faith or dilatory behavior on the part of Doshi Prettl. The Debtors made a pre-petition cash-in-advance payment to Doshi Prettl. Based on such payment, both the Debtors' records on the EDACOR system and Doshi Prettl's internal records reflected the pre-petition sum of $573,199.69 owing from Delphi Automotive to Doshi Prettl. Upon a review of its pre-petition payables records after the Petition Date, the Debtors asserted that substantially all of the cash-in-advance payment was "unreceipted" on a pre-petition basis. A debit memo was initiated and an offset was taken by the Debtors. As a result, Doshi Prettl amended Claim No. 8380 by filing Claim No. 16427.

c. Other creditors would not receive a windfall if the amendment were not allowed. Due to the substantial size of the Debtors' estate and the thousands of general unsecured claims asserted against same, the allowance of Claim No. 16427 would not even have a *de minimus* effect on creditor claims.

d. Other claimants would not be harmed or prejudiced. As set forth herein, there is a valid basis for the amendment. Doshi Prettl is not asserting an entirely new claim nor is it attempting to circumvent the claims bar date. Claim No. 16427 reflects an adjustment to its original timely filed claim based on the post-petition offset taken by the Debtor after the Bar Date.

e. Doshi Prettl did not have the ability to file Claim No. 16427 at the time Claim No. 8380 was filed because the offset was not taken by the Debtors until September 26, 2006. Until the Remittance Advice was issued and the offset taken on the same date, Doshi Prettl did not have any basis to amend its claim.

20. Claim No. 8380 was timely filed prior to the Bar Date. Claim No. 16427 clearly relates back to, and amends, Claim No. 8380. There are no equitable considerations to the contrary nor prejudice to the Debtors' or the creditors that exist based on the facts in this

situation. Doshi Prettl has not asserted an entirely new claim nor did it file its claim amendment to circumvent the Bar Date. Claim No. 16427 should be freely permitted based upon the facts governing this case.

21. For all of the foregoing reasons, Doshi Prettl opposes the Ninth Omnibus Claims Objection and asserts that Claim No. 16427 should be allowed and should not be disallowed or expunged.

WHEREFORE, Doshi Prettl respectfully requests that this Court overrule the Debtors' Ninth Omnibus Claims Objection to Claim No. 16427, allow Claim No. 16427 in the amount of $1,130,675.71, and grant Doshi Prettl such other and further relief to which the Court finds it is justly entitled.

Respectfully submitted,

ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.


By:  */s/ David H. Freedman*_____
     David H. Freedman, Esq.
     Attorneys for Doshi Prettl
     400 Galleria Officentre, Suite 444
     Southfield, MI  48034
     Tel:  (248) 827-4100
     Fax:  (248) 827-4106
     Email:  dfreedman@ermanteicher.com

DATED:  March 9, 2007

F:\CHAP11\delphi\doshi response to Debtors' Ninth Omnibous Claims Objection.doc

| | |
|---|---|
| DAVID H. FREEDMAN, ESQ.<br>ERMAN, TEICHER, MILLER,<br>ZUCKER & FREEDMAN, P.C.<br>400 Galleria Officentre, Suite 444<br>Southfield, MI  48034<br>Telephone:  (248) 827-4100<br>Facsimile:  (248) 827-4106<br>Email:  dfreedman@ermanteicher.com | **Hearing Date and Time:  March 22, 2007 at 10:00 a.m.**<br>**Response Date and Time:  March 15, 2007  at 4:00 p.m.** |

*Attorneys for Doshi Prettl International, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-44481 |
| DELPHI CORPORATION, *et al*., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable Robert D. Drain |
| | ) | |

## **CERTIFICATE OF SERVICE**

I electronically filed the Response of Doshi Prettl International, LLC to  Debtors' Ninth Omnibus Claims Objection and Certificate of Service of same with the Clerk of the Court using the ECF system which will send notification of such filing to all parties set forth on the Court's Electronic Mail Notice List and further certify that I have forwarded same by Federal Express upon the following parties:

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court, S.D.N.Y.
One Bowling Green, Room 610
New York, NY  10004

Delphi Corporation
Attn:  General Counsel
5725 Delphi Drive
Troy, MI  48098

John Wm. Butler, Jr., Esq.
John K. Lyons, Esq.
Joseph N. Wharton, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL  60606

        ERMAN, TEICHER, MILLER,
        ZUCKER & FREEDMAN, P.C.


By:    */s/ David H. Freedman*_____
        David H. Freedman, Esq.
        Attorneys for Doshi Prettl
        400 Galleria Officentre, Suite 444
        Southfield, MI  48034
        Tel:  (248) 827-4100
        Fax:  (248) 827-4106
        Email:  dfreedman@ermanteicher.com

DATED:  March 9, 2007