**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:                                          ) | Chapter 11 |
|                                                 ) | |
| DELPHI CORPORATION, et al.,          ) | Case No. 05-44481(RDD) |
|                                                 ) | Jointly Administered |
|             Debtors.                        ) | |
|                                                 ) | Honorable Robert D. Drain |

### BEHR INDUSTRIES CORP.'S RESPONSE TO
### NINTH OMNIBUS CLAIMS OBJECTION

Behr Industries Corp., a creditor of the above-captioned Debtor, through its undersigned attorneys, hereby objects to Delphi Corporation's (collectively with the other above-captioned debtors and debtors in possession, the "**Debtors**") Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C.§ 502(b) And Fed. R. Bankr.P.3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, and (D) Claims Subject To Modification (the "**Objection**") to the extent that the Objection challenges claims asserted by Behr. In support of its objection, Behr respectfully represents as follows:

1.  On October 8 and 14, 2005, (the "**Petition Date**") Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.  Prior to the Petition Date, Behr shared production responsibility for certain interior wood trim pieces for the Mercedes M-Class and R-Class sedans. Behr color matched, sequenced, labeled, and released parts manufactured by a third party supplier according to a

production schedule broadcast by Mercedes. Behr released the sets to Delphi on an hourly basis according to Mercedes' production schedule.

3. As of the petition date, Delphi owed Behr $1,196,392.28 for sets of parts delivered to Delphi pre-petition.

4. On or about November 30, 2006, Behr filed an amended proof of claim in the amount of $409,399.05 (the "**Claim**").

5. On or about February 15, 2007, Debtors filed the Objection, contending that Behr's claim should be reduced to the amount of $59,399.05, presumably because Debtors believe the Claim is overstated.

6. The Application should be overruled insofar as it relates to Behr because it fails to produce any evidence whatsoever to overcome the prima facie validity of Behr's claim.

7. Pursuant to § 502(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., a proof of claim is deemed to be allowed unless a party in interest objects. 11 U.S.C. § 502(a). Thus, Behr's proof of claim operated as prima facie evidence of Behr's claims against the Debtors. See H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess., at 62 (1978).

8. The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is prima facie valid. The burden of proof then shifts to the objecting party to produce sufficient evidence to negate the prima facie validity of the proof of claim by refuting at least one of the essential allegations of such claim. Only after the objecting party produces evidence equal in force to the prima facie claim does the burden revert

05-44481-rdd    Doc 7191    Filed 03/09/07    Entered 03/09/07 16:43:11    Main Document
       Pg 3 of 3

to the claimant to prove the validity of its claim by a preponderance of the evidence. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992). See also, Fullmer v. U.S. (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.") (citations omitted).

9.    The Objection fails to set forth any facts to overcome the prima facie validity of the Claim. Instead, the Objection makes only the conclusory statement that the Claim may be overstated. Debtors have offered no factual argument or legal basis to support Debtors' objection to the Claim beyond the bare assertions in the Objection.

WHEREFORE, Behr respectfully requests that this Court deny the Objection as it relates to the Claim and grant Behr such other and further relief as is proper and just.

Dated: March 9, 2007                /s/  Stephen B. Grow
                                    Stephen B. Grow (P39622)(SBG9940)
                                    WARNER NORCROSS & JUDD LLP
                                    900 Fifth Third Center
                                    111 Lyon Street N.W.
                                    Grand Rapids, Michigan 49503-2487
                                    Telephone:  (616) 752-2000
                                    sgrow@wnj.com
                                    Attorneys for Behr Industries Corp.

1383245-1