**Hearing Date:  May 10, 2007**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :
     In re                       :     Chapter 11
                                 :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                                 :
               Debtors.    :     (Jointly Administered)
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM
NUMBER 12347 (FURUKAWA ELECTRIC NORTH AMERICA ADP, INC. AND
FURUKAWA ELECTRIC COMPANY)**

**("STATEMENT OF DISPUTED ISSUES – FURUKAWA")**

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 12347 (Furukawa Electric North America ADP, Inc. and Furukawa Electric Company) (the "Statement Of Disputed Issues") and respectfully represent as follows:

<u>Background</u>

1.    Furukawa Electric North America ADP, Inc. ("Furukawa North America") and Furukawa Electric Company ("Furukawa Company," and together with Furukawa North America, "Furukawa," or the "Claimant") filed proof of claim number 12347 (the "Proof of Claim") against Delphi Automotive Systems, LLC ("DAS LLC") on or about July 28, 2006.  The Proof of Claim asserts an unsecured nonpriority claim in the amount of $2,589,684.56 (the "Claim") for alleged breach of contract damages.  The Claim includes alleged damages for legal fees, "inventory," "investment," and other miscellaneous charges.  <u>See</u> attachments to the Proof of Claim.

2.    The Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

3.    The Claimant filed the Objection Of Furukawa Electric North America ADP, Inc. And Furukawa Electric Company To Debtors' Third Omnibus Claims Objection (Docket No. 5788) (the "Response") on November 22, 2006.

2

Disputed Issues

A.    Furukawa Breached Its Agreements With DAS LLC

4.    Furukawa, not DAS LLC, breached the agreements between the parties. Pursuant to a Long Term Contract, dated as of September 7, 2000, between Furukawa Company and DAS LLC (the "Long Term Contract"), and purchase order number SAG90I4710 issued September 12, 2001 by DAS LLC to Furukawa North America (the "Purchase Order," and together with the Long Term Contract, the "Agreements"), Furukawa agreed to sell DAS LLC approximately 100% of DAS LLC's requirements for torque and position sensors (the "Sensors"). True and correct copies of the Long Term Contract and the Purchase Order are attached as Exhibit A and Exhibit B, respectively.  The Sensors, manufactured and sold by Furukawa, were shipped to DAS LLC's manufacturing facility in Saginaw, Michigan, and were assembled by DAS LLC into Power Steering Assist Mechanisms that were then assembled into steering columns.  The steering columns manufactured by DAS LLC were sold to General Motors Corporation ("GM") for assembly into GM vehicles.

5.    Furukawa offered a design for the Sensors that would meet the manufacturing and electrical steering use requirements of DAS LLC in its manufacture of steering columns for sale to GM.  DAS LLC's specific requirements were communicated to Furukawa to accomplish this purpose.  A pre-production part of the Sensors was provided by Furukawa to DAS LLC, and was subjected to the tests and evaluations required for production approval.  DAS LLC ordered the Sensors from Furukawa on the well-founded belief that Furukawa would ship Sensors having the same design, integrity, metallurgical quality, and electrical quality as the approved parts.

3

6.     Furukawa, without the knowledge and consent of DAS LLC, and with intentional disregard of DAS LLC's instructions, changed certain material used as plating in the Sensors.  Indeed, Furukawa twice requested that material revisions be made to the Sensors' specification, and DAS LLC twice refused such requests for sound metallurgical and engineering reasons.  Furukawa's material and unauthorized change in the plating of the Sensors resulted in the failure of the Sensors, which led to failures in the steering columns sold by DAS LLC to GM.

7.     Delphi Automotive Systems General Terms and Conditions (the "Terms and Conditions"), which were incorporated into the terms of both the Long Term Contract and the Purchase Order, provide, in relevant part:

> Seller [Furukawa] warrants and guarantees to Buyer [DAS LLC], its successors, assigns and customers that the goods and services covered by this Contract will (a) conform to all applicable specifications, drawings, samples, descriptions, brochures and manuals furnished by Seller or Buyer, (b) will be merchantable, (c) of good material and workmanship, (d) free from defect, and (e) are fit and sufficient for the particular purposes intended by Buyer and any customer of Buyer.  If requested by Buyer, Seller will enter into a separate agreement for the administration or processing of warranty chargebacks for nonconforming goods.

See Terms and Conditions ¶ 7.1, attached to the Long Term Contract.  Furukawa's material alteration of the Sensors breached certain of these express warranties, and thus constituted a material breach of the terms of the Agreements.

8.     In addition, Furukawa knew of, or should have known of, DAS LLC's expectation that the Sensors meet certain design requirements.  Thus, in addition to the express warranties provided by the terms of the Agreements, Furukawa's material alterations of the Sensors breached certain implied warranties created by law.

9.     Accordingly, as a result of its breach of both express and implied warranties, Furukawa breached the terms of the Agreements.

4

B.     DAS LLC Is Not Liable For Alleged Breach Of Contract Damages

10.    The Response simply states that the Claim "is a claim for breach of contract damages ('cancellation damages')."  See Response at 3.  The Proof of Claim simply attaches charts that itemize the alleged damages constituting the Claim.  See attachments to the Proof of Claim.[1]  However, DAS LLC is not liable for these alleged damages because DAS LLC did not breach the Agreements.  Instead, DAS LLC properly terminated the Agreements as a result of Furukawa's breach.

11.    The Terms and Conditions provide DAS LLC the right to terminate the Agreements "at any time after execution if Seller [Furukawa] (a) repudiates, breaches, or threatens to breach any of the terms of [the Agreements], including Seller's warranties, (b) fails to perform or threatens not to perform services or deliver goods in accordance with [the Agreements]; or (c) fails to assure timely and proper completion of services or delivery of goods."  See Terms and Conditions ¶ 10, attached to the Long Term Contract.

12.    Because of Furukawa's breach of the express and implied warranties in the Agreements, DAS LLC terminated the Agreements pursuant to a letter dated April 8, 2004 (the "Termination Letter").  A true and correct copy of the Termination Letter is attached hereto as Exhibit C.  Therefore, DAS LLC properly terminated the Agreements.

13.    Furukawa's characterization of its Claim as "cancellation damages," and its inclusion of "inventory" and "investment" as part of these alleged damages suggest that

---

[1]    Also, Furukawa's Response fails to comply with the requirements set forth in paragraph 3 of this Court Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) because it does not, among other things, set forth the specific factual and legal reasons why the claim should be allowed.

Furukawa alleges that DAS LLC is liable both for inventory not purchased by DAS LLC and certain investment and other costs allegedly incurred by Furukawa.[2]  Accordingly, because DAS LLC properly terminated the Agreements and did not breach the Agreements, DAS LLC is not liable for alleged "cancellation damages," and the Claim should be disallowed and expunged.

C.      Not Only Should The Claim Be Disallowed And Expunged, But The Debtors Should Recover On Its Claim For Damages Against The Claimant

        14.     Not only is DAS LLC not liable to Furukawa, but Furukawa is liable to DAS LLC for, among other things, Furukawa's breach of the Agreements.

        15.     On or about October 14, 2004, DAS LLC filed a complaint (the "Complaint") in the Circuit Court for Saginaw County, Michigan captioned Delphi Automotive Systems, LLC v. Furukawa Electric North America APD, Inc., et al, Case No. 04-54245-CK.  A true and correct copy of the Complaint is attached as Exhibit D.  The Complaint includes four counts, including breach of contract, breach of UCC warranties, tortious interference, and fraud and misrepresentation, each of which the Debtors fully incorporate as though set forth herein.

        16.     For the reasons set forth in the Complaint, the Debtors are entitled to, and request an order granting, an award of damages resulting from Furukawa's breach of contract, breach of UCC warranties, tortious interference, and fraud and misrepresentation.

-------------------------------------------

[2]     The Debtors have no specific knowledge of the line items contained in the damage calculation attached to Furukawa's Proof of Claim, and thus do not concede that the costs alleged were actually incurred by Furukawa. Moreover, DAS LLC cannot be held liable for Furukawa's alleged "investment" in a product line that failed because of Furukawa's wrongful alteration of the Sensors.  Nor was DAS LLC obligated to purchase "inventory" that caused its steering columns to fail.  Likewise, DAS LLC is not liable for any other alleged costs incurred by Furukawa, including the "miscellaneous costs" itemized with the Proof of Claim.  Finally, neither the Agreements nor applicable law entitles Furukawa to recover its legal fees from DAS LLC.  DAS LLC is not liable for any of these alleged costs or damages

<u>Reservation Of Rights</u>

17.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claims, (b) awarding the Debtors damages in an amount in excess of $25 million, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       March 13, 2007

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: /s/ John Wm. Butler
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Albert L. Hogan III (AH 8807)
        Ron E. Meisler (RM 3026
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

– and –

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: /s/ Kayalyn A. Marafioti
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000