# EXHIBIT D

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

DELPHI AUTOMOTIVE SYSTEMS, LLC,
A Delaware Corporation,

        Plaintiff,

v.

FURUKAWA ELECTRIC NORTH AMERICA APD, INC.
A Foreign Profit Corporation, and THE FURUKAWA
ELECTRIC CO. LIMITED, A Foreign Profit Corporation,

        Defendants.

Case No. 04-54245-CK

| | |
|---|---|
| LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.<br>By: A.T. Lippert, Jr. (P16714)<br>Attorneys for Plaintiff<br>4800 Fashion Square Blvd., Ste. 410<br>Saginaw, MI 48604-2604<br>(989) 792-2552 | DONALD R. PARSHALL, JR. (P30267)<br>Co-Counsel for Plaintiff<br>Delphi Corporation<br>5825 Delphi Drive<br>Troy, MI 48098-2815<br>(248) 813-3367 |

**There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint.**

### COMPLAINT AND DEMAND FOR JURY

Plaintiff, Delphi Automotive Systems, LLC, (Delphi) alleges the following for its Complaint against defendants, Furukawa Electric North America APD, Inc., a Foreign Profit Corporation, and The Furukawa Electric Co. Limited, a Foreign Profit Corporation:

### PARTIES, JURISDICTION, AND VENUE

1. Delphi is incorporated under the laws of the State of Delaware and has its principal place of business at 5825 Delphi Drive, Troy, Michigan 48089-2015. Delphi

manufactures a wide variety of products for the automotive industry, including steering columns for General Motors.

2. Defendant Furukawa Electric North America APD, Inc is a foreign profit corporation authorized to do business in the State of Michigan. Its registered office is 601 Abbott Road, East Lansing, Michigan 48823. Its resident agent is CSC - Lawyers Incorporating Service, 601 Abbott Road, East Lansing, Michigan 48823.

3. The Furukawa Electric Co. Limited is a foreign profit corporation having its principal place of business in Marunouchi, Chiyoda-KU Tokyo, Japan. Defendant Furukawa Electric North America APD, Inc. is its agent, representative, and sales representative within the State of Michigan.

4. The defendants maintain a business office at 47677 Galleon Drive, Plymouth, Michigan 48170.

5. A torque and position sensor, Delphi part number 26085186, is manufactured by the defendants and sold by the defendants to Delphi in accordance with the terms of a Delphi purchase order issued to Furukawa Electric North American APD, Inc. on September 12, 2001, (attached Exhibit A) and in accordance with the terms of a Long Term Contract between Delphi and Furukawa Electric Co. Limited on September 7, 2000 (attached Exhibit B).

6. The torque and position sensor manufactured and sold by the defendants are shipped to Delphi's manufacturing facility in Saginaw, Michigan.

7. The torque and position sensors are assembled by Delphi into Power Steering Assist Mechanisms that are then assembled into steering columns. The steering columns manufactured by Delphi in its Saginaw manufacturing facility, and are sold by Delphi to General Motors Corporation for assembly into General Motors vehicles.

-2-

8. Jurisdiction is proper in the Saginaw County Circuit Court pursuant to MCL 600.605 because the amount in controversy exceeds $25,000.00, exclusive of costs, interest and attorney fees.

9. Venue is proper in this court pursuant to MCL 600.1629. The contracts of the parties were made in Saginaw County.

### COUNT I – BREACH OF CONTRACT

10. Delphi re-alleges each of the preceding paragraphs in paragraphs 1 through 9.

11. Delphi issued its Purchase Order SAG90I4710 to Furukawa Electric North America APD, Inc. on September 12, 2001. The purchase order provided for the sale by Furukawa Electric North America APD, Inc. of torque and position sensors, Delphi part number 26085186, at an agreed price. (Exhibit A)

12. A Long Term Contract was issued by Delphi acting through its Saginaw steering division as "Buyer" to the Furukawa Electric Co. Limited as "Seller." (Exhibit B) The Long Term Contract provided for the sale by Furukawa Electric Co. Limited of part number 26085186 to Delphi.

13. All parts sold by the defendants were to be manufactured in accordance with specifications provided by Delphi to the defendants.

14. The defendants agreed to manufacture the torque and position sensor in accordance with Delphi specifications and had actual knowledge that failure to conform to Delphi specifications would result in product failure and resultant losses and damages.

15. The torque and position sensors sold by the defendants to Delphi for assembly into its Power Steering Assist Mechanism and its steering columns were subject to warranties that provide:

-3-

"7.1 General.  Seller warrants and guarantees to Buyer, its successors, assigns and customers that the goods and services covered by this Contract will (a) conform to all applicable specifications, drawings, samples, descriptions, brochures and manuals furnished by Seller or Buyer, (b) will be merchantable, (c) of good material and workmanship, (d) free from defect, and (e) are fit and sufficient for the particular purposes intended by Buyer and any customer of Buyer.  If requested by Buyer, Seller will enter into a separate agreement for the administration or processing of warranty chargebacks for nonconforming goods.

\* \* \*

7.3   Warranty Period.  The period for each of the foregoing warranties will be that provided by applicable law, except that if Buyer ever provides a longer warranty to its customers, such longer warranty period will apply to the goods covered by this Contract."

16.   The defendants requested twice that material revisions be made to the part specifications in order that the defendants could change the physical characteristics of the torque and position sensor.  Delphi considered this request for the change in specifications and the requests were not granted for sound metallurgical and engineering reasons.

17.   The defendants, acting without the required knowledge and consent of Delphi, materially altered the specifications of the torque and position sensor.  This material and unauthorized change was made by the defendants prior to their first request to Delphi to alter the specifications of the part, while knowing that approval of Delphi of the part specification was required.  This material and unauthorized change resulted in the failure of the torque and position sensor.  The failure of the torque and position sensor led to failures in the Power Steering Assist Mechanism sold by Delphi to General Motors and installed in General Motors vehicles.

18.   The defendants acknowledge and admit that they made material changes to the specifications for the torque and position sensor without Delphi's consent.

-4-

19. The defendants breached the contracts made between them and Delphi and breached the warranties made by them to Delphi.

20. It is essential that at all times Delphi maintain its reputation with General Motors and with its other customers as a competent skillful manufacturer of automotive parts. The actions of the defendants constituting a breach of contract were intentional, and it was reasonably foreseeable that such intentional acts would cause injury and damage to the reputation of Delphi as a competent and skillful manufacturer of automotive parts.

21. As a direct consequence of the breach of contract, and breach of warranties, and the intentional violation of the terms of the contract, Delphi has sustained losses and damages.

WHEREFORE Delphi claims damages and exemplary damages from the defendants, and each of them, in an amount in excess of $25,000.00, together with interest, costs, and attorneys fees.

## COUNT II – VIOLATION OF UCC WARRANTIES

22. Delphi re-alleges each of the preceding paragraphs made in paragraphs 1 through 21.

23. The contracts made between Delphi and the defendants are subject to the provisions of the Michigan Uniform Commercial Code.

24. At the time that the contracts were made between Delphi and the defendants, the defendants had reason to know that the torque and position sensors would be used for a particular purpose and that Delphi was relying upon the skill and judgment of the defendants to furnish suitable goods meeting the specifications of Delphi.

25. The defendants expressly warranted that the torque and position sensors would be manufactured in strict accordance with Delphi's engineering and quality specifications.

-5-

26. The defendants breached the express and implied warranties created by the contracts and by the provisions of Michigan Uniform Commercial Code. MCLA 440.2315, MCLA 440.2313.

27. As a direct consequence of the breach of express and implied warranties and the intentional violations of the terms of the contracts and the Michigan Uniform Commercial Code, Delphi has sustained losses and damages.

WHEREFORE Delphi claims damages and exemplary damages from the defendants, and each of them, in an amount in excess of $25,000.00, together with interest, costs, and attorneys fees.

### COUNT III – TORTIOUS INTERFERENCE

28. Delphi re-alleges each of the preceding paragraphs made in paragraphs 1 through 27.

29. At all times pertinent to this complaint Delphi had a business relationship with General Motors Corporation and the expectancy of future business with General Motors Corporation.

30. The business relationship and the expectancy of a continuing business relationship had a reasonable likelihood of future economic benefit for Delphi.

31. The defendants, and each of them, knew of Delphi's business relationship with General Motors and its expectation that the economically beneficial business relationship would continue.

32. Defendants manufactured and sold to Delphi torque and position sensors that did not meet the manufacturing specifications of Delphi and were unsuitable for installation into electric steering columns.

33. The intentional sale of a known defective parts interfered with Delphi's business relationship with General Motors and Delphi's expectancy of a continuing business relationship.

34. The actions of the defendants were improper and the improper conduct interfered with Delphi's business relationship with General Motors and the expectancy of continuing business relationship.

35. The defendants' conduct has caused a disruption in the business relationship existing between Delphi and General Motors. The Delphi steering columns sold to General Motors and installed by General Motors in its vehicles have been subject to warranty issues because they do not meet Delphi and General Motors specifications.

36. There is a reasonable likelihood that the intentional conduct of the defendants will further disrupt and damage the business relationship existing between Delphi and General Motors and the expectancy of a continuing business relationship between Delphi and General Motors.

37. Delphi has been financially damaged as a direct result of defendant's intentional and tortious conduct.

WHEREFORE Delphi claims damages and exemplary damages from the defendants, and each of them, in an amount in excess of $25,000.00, together with interest, costs, and attorneys fees.

## COUNT III – FRAUD AND MISREPRESENTATION

38. Delphi re-alleges each of the allegations made in paragraphs 1 through 37 inclusive.

-7-

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

39. At all times pertinent to this complaint the defendants, and each of them, represented to Delphi that the torque and position sensor manufactured by them met the manufacturing specifications of Delphi and General Motors.

40. The representations made by the defendants were false.

41. The defendants knew that the representations were false.

42. The defendants recklessly represented that the torque and position sensor met the specifications of Delphi and General Motors without knowing whether the representation was true.

43. Defendants made the representations with the intent that Delphi rely upon their representations.

44. Delphi relied upon the representations made by the defendants.

45. Delphi was damaged as a result of its reliance upon the representations made by the defendants and each of them.

WHEREFORE Delphi claims damages and exemplary damages from the defendants, and each of them, in an amount in excess of $25,000.00, together with interest, costs, and attorneys fees.

LIPPERT, HUMPHREYS, CAMPBELL, DUST
& HUMPHREYS, P.C.

By: _____
A. T. Lippert, Jr. (P16714)
Attorneys for Plaintiff
4800 Fashion Square Blvd., Ste. 410
Saginaw, MI 48604-2604
(989) 792-2552

Donald R. Parshall, Jr. (P30267)
Co-Counsel for Plaintiff
Delphi Corporation
5825 Delphi Drive
Troy, MI 48098-2815
(248) 813-3367

Dated: October 14, 2004

-8-

## JURY TRIAL DEMAND

Plaintiff, Delphi Automotive Systems, LLC, by its attorneys Lippert, Humphreys, Campbell, Dust & Humphreys, P.C., hereby demands a trial by jury in this case.

LIPPERT, HUMPHREYS, CAMPBELL, DUST
& HUMPHREYS, P.C.

By: _/s/ A. T. Lippert, Jr._
A. T. Lippert, Jr. (P16714)
Attorneys for Plaintiff
4800 Fashion Square Blvd., Ste. 410
Saginaw, MI 48604-2604
(989) 792-2552

Dated: October 14, 2004

Donald R. Parshall, Jr. (P30267)
Co-Counsel for Plaintiff
Delphi Corporation
5825 Delphi Drive
Troy, MI 48098-2815
(248) 813-3367

-9-

**DELPHI**
*Automotive Systems*

PURCHASING LOCATION

DELPHI SAGINAW STEERING SYSTEMS
DELPHI AUTOMOTIVE SYSTEMS
3900 E HOLLAND RD.
SAGINAW, MI  48601-9494

PURCHASE ORDER  5AG9014710

SEPTEMBER 12, 2001

INVOICE TO

VENDOR 328180   DUNS 966877987

FURUKAWA ELECTRIC NORTH AMERICA APD INC
47677 GALLEON DR
PLYMOUTH MI                     48170

SHIP TO
SHIP ACCORDING TO RELEASE AND
SHIPPING SCHEDULES

P.O. NUMBER (AND RELEASE NUMBER, IF APPLICABLE) MUST APPEAR ON ALL INVOICES, PACKING SLIPS, PACKAGES AND BILLS OF LADING. ITEM CODE NUMBERS MUST APPEAR ON ALL INVOICES AND PACKING SLIPS. ADDRESS ALL INQUIRIES AND CORRESPONDENCE TO THE NAME SHOWN AT BOTTOM OF P.O. (OR RELEASE).

| DATE REQUIRED | DATE PROMISED | TERMS | REC. DEPT. NOTIFY | CODES VAR |
|---|---|---|---|---|
| AS RELEASED | | NET   MNS-2 | | SA |
| F.O.B.  SHIPPING POINT | | | VIA   SEE INSTRUCTIONS BELOW | |

STATE & LOCAL SALES, USE TAX CODES:   4B-NOT TAXABLE - FOR INDUSTRIAL PROCESSING.
PERMIT NO 3800440

| QUANTITY | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | UNIT MEAS. |
|---|---|---|---|---|

THIS ORDER IS EFFECTIVE  9/12/01
AND EXPIRES  9/10/07.

ATTENTION*** THE PAYMENT DATE IS SET FORTH IN THE LINE ITEM DETAIL OF THIS CONTRACT, OR IF NOT STATED, SHALL BE THE DATE ESTABLISHED BY THE BUYER'S MULTILATERAL NETTING SYSTEM (MNS-2), WHICH PROVIDES, ON AVERAGE, THAT PAYMENT SHALL BE MADE ON THE SECOND DAY OF THE SECOND MONTH FOLLOWING, IN THE CASE OF THE BUYER'S NORTH AMERICAN FACILITIES, SELLER'S SHIPMENT DATE OF GOODS OR DATE OF SERVICES, AND, FOR ALL OF THE BUYER'S OTHER LOCATIONS, BUYER'S RECEIPT DATE OF THE GOODS OR DATE OF SERVICES. BUYER MAY WITHOLD PAYMENT PENDING RECEIPT OF EVIDENCE, IN SUCH FORM AND DETAIL AS BUYER MAY DIRECT, OF THE ABSENCE OF ANY LIENS, ENCUMBRANCES AND CLAIMS ON THE GOODS OR SERVICES UNDER THIS CONTRACT.

THE SUPPLIER AGREES TO SELL AND THE BUYER AGREES TO PURCHASE, AT THE PRICE AND UPON AND SUBJECT TO THE TERMS AND CONDITIONS IN THE FACE AND REVERSE SIDE HEREOF, AND BY REFERENCE AS THOUGH TYPED HEREON, THE SUPPLEMENTAL TERMS AND CONDITIONS ATTACHED TO THE REQUEST FOR QUOTATION, THE FOLLOWIING PERCENT OF OF THE ARTICLE(S) DESCRIBED BELOW FOR THE ABOVE TIME PERIOD.

THIS PURCHASE ORDER IS AN INVOICELESS PURCHASE ORDER, THE INDICATOR FOR YOU THE SUPPLIER IS THE "I" IN THE THIRD POSITION OF THE PURCHASE ORDER NUMBER. (EXAMPLE: SAGXX"I"XXXX) UNDER THE INVOICELESS PAYMENT PROGRAM, YOUR COMPANY IS NO LONGER REQUIRED TO SEND INVOICES TO RECEIVE PAYMENT. THE AUTOMOTIVE COMPONENTS GROUP WILL GENERATE PAYMENTS TO YOUR COMPANY BASED UPON RECEIPT OF MATERIAL AT THE CURRENT PRICE AND PAYMENT TERMS. TO EXPEDITE PAYMENT UNDER THE INVOICELESS PAYMENT PROGRAM, YOU WILL NEED TO ADHERE TO THE FOLLOWING GUIDELINES: 1- ADVISE THE BUYER OF ANY DISCREPANCIES ON THE PURCHASE ORDER PRIOR TO THE SHIPMENT OF THE MATERIAL, 2- DELPHI PART/ITEM CODE NO. MUST BE INCLUDED ON ALL PACKING SLIPS AND

CONTINUED ON PAGE   2

B. VANHOVE,
SENIOR BUYER
PHONE: (517) 757-4035
FAX (989) 757-9222

PAGE  1

**DELPHI** Automotive Systems

LEGAL COPY

| PURCHASE ORDER | SAG9014710 |

**PURCHASING LOCATION**
DELPHI SAGINAW STEERING SYSTEMS
DELPHI AUTOMOTIVE SYSTEMS
3900 E HOLLAND RD.
SAGINAW, MI 48601-9494

SEPTEMBER 12, 2001

INVOICE TO: [illegible/redacted — ACCOUNTS PAYABLE]

VENDOR 328180   DUNS 966877987

FURUKAWA ELECTRIC NORTH AMERICA APD INC
47677 GALLEON DR
PLYMOUTH MI            48170

SHIP TO: SHIP ACCORDING TO RELEASE AND SHIPPING SCHEDULES

P.O. NUMBER (AND RELEASE NUMBER, IF APPLICABLE) MUST APPEAR ON ALL INVOICES, PACKING SLIPS, PACKAGES AND BILLS OF LADING. ITEM CODE NUMBERS MUST APPEAR ON ALL INVOICES AND PACKING SLIPS. ADDRESS ALL INQUIRIES AND CORRESPONDENCE TO THE NAME SHOWN AT BOTTOM OF P.O. (OR RELEASE).

| DATE REQUIRED | DATE PROMISED | TERMS | | REC. DEPT. NOTIFY | CODES TAR |
| F.O.B. | | | | VIA | |

STATE & LOCAL SALES, USE TAX CODES

| QUANTITY | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | UNIT MEAS. |

MAILED TO THE "RECEIVING NOTIFY" PERSON ON PO. 3- THE UNIT OF MEASURE ON THE PACKING SLIP MUST BE THE SAME AS THE PURCHASE ORDER UNIT OF MEASURE. 4- DO NOT SEND AN INVOICE. PAYMENT WILL BE BASED ON RECEIPT RECORDS. 5- A MONTHLY STATEMENT IS REQUIRED BY THE 10TH OF EACH MONTH. 6- CONTAINER CHARGES, SET-UP CHARGES, AND OTHER MISCELLANEOUS CHARGES MUST BE BILLED MONTHLY IN A SUMMARY BILLING WHICH CONTAINS THE FOLLOWING INFORMATION: A- COMPLETE PURCHASE ORDER NUMBER. B- BILL OF LADING OR PACKING SLIP NUMBER: C- RELEASE NUMBERS. D- SHIPMENT DATE FOR EACH ITEM. WHEN THE ABOVE IS NECESSARY, BILL TO "NAO DISBURSEMENT ANALYSIS", PO BOX 436040, PONTIAC, MI 48343-6040. PLEASE NOTE THAT SALES TAX SHOULD NOT BE BILLED IN A MONTHLY SUMMARY SINCE DELPHI SAGINAW HAS A DIRECT PAY PERMIT WITH THE FOLLOWING STATES: ALABAMA PAY PERMIT NO. 224 MICHIGAN PAY PERMIT NO. ME3800440 NEW YORK PAY PERMIT NO. DP000036 COMPLIANCE WITH THESE GUIDELINES WILL PROMOTE PROMPT PAYMENT.

         26085186   SENSOR ASM, COMP TORQ & POSN                    12.56   PC
                    PURCHASED COMPLETE
                    TO BLUEPRINT   DATED  4/06/99
                    PER CHART 26092738 DTD  4/06/99
                    UNRELEASED
                    ACT 2400   75000              TAX 4B
                    WEEKLY CAP      12500   MIN LOT SIZE

SUPPLIER TO SHIP PRODUCTION SAMPLES TO "PPAP". LEAD TIMES TO REFLECT THESE REQUIREMENTS. IDENTIFIED IN AIAG PPAP MANUAL "PPAP" SECTION.

SELLER ACKNOWLEDGES AND AGREES THAT BUYER'S GENERAL TERMS AND CONDITIONS ARE INCORPORATED IN, AND A PART OF, THIS CONTRACT AND EACH PURCHASE ORDER, RELEASE, REQUISITION, WORK ORDER, SHIP- PING INSTRUCTION, SPECIFICATION AND OTHER DOCUMENTS ISSUED BY BUYER OR ACCEPTED IN WRITING BY BUYER, WHETHER EXPRESSED IN WRITTEN FORM OR BY ELEC- TRONIC DATA INTERCHANGE, RELATING TO THE GOODS AND/OR

CONTINUED ON PAGE   3

B. VANHOVE,
SENIOR BUYER
PHONE: (517) 757-4035
FAX (989) 757-9222

PAGE  2

DELPHI
Automotive Systems

| PURCHASING LOCATION | | PURCHASE ORDER | SAG9014710 |
|---|---|---|---|

DELPHI SAGINAW STEERING SYSTEMS
DELPHI AUTOMOTIVE SYSTEMS
3900 E HOLLAND RD.
SAGINAW, MI  48601-9494

SEPTEMBER 12, 2001

INVOICE TO

VENDOR 328180    DUNS 966877987

FURUKAWA ELECTRIC NORTH AMERICA APD INC
47677 GALLEON DR
PLYMOUTH MI                          48170

SHIP TO
SHIP ACCORDING TO RELEASE AND
SHIPPING SCHEDULES

P.O. NUMBER (AND RELEASE NUMBER, IF APPLICABLE) MUST APPEAR ON ALL INVOICES, PACKING SLIPS, PACKAGES AND BILLS OF LADING. ITEM CODE NUMBERS MUST APPEAR ON ALL INVOICES AND PACKING SLIPS. ADDRESS ALL INQUIRIES AND CORRESPONDENCE TO THE NAME SHOWN AT BOTTOM OF P.O. (OR RELEASE).

| DATE REQUIRED | DATE PROMISED | TERMS | REC. DEPT. NOTIFY | CODES |
|---|---|---|---|---|
| F.O.B. | | | VIA | |

STATE & LOCAL SALES, USE TAX CODES

| QUANTITY | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | UNIT MEAS. |
|---|---|---|---|---|

SERVICES TO BE PROVIDED BY SELLER PURSUANT TO THIS CONTRACT (SUCH DOCUMENTS ARE COLLECTIVELY REFERRED TO AS THIS "CONTRACT"). A COPY OF BUYER'S GENERAL TERMS AND CONDITIONS IS AVAILABLE UPON WRITTEN REQUEST TO BUYER OR VIA THE INTERNET AT DELPHI'S WEBSITE, DELPHIAUTO.COM (BY CLICKING ON "SUPPLIERS" IN THE HEADER AND THEN "SUPPLIER STANDARDS" ON THE SUPPLIER PAGE AND THEN "ATTACHMENTS, FORMS, AND ADDITIONAL INFORMATION", AND THEN "DGP SUPPLIER GUIDELINES ATTACHMENT C GENERAL TERMS AND CONDITIONS"). SELLER ACKNOWLEDGES AND AGREES THAT IT HAS READ AND UNDERSTANDS BUYER'S GENERAL TERMS AND CONDITIONS. IF SELLER ACCEPTS THIS CONTRACT IN WRITING OR COMMENCES ANY OF THE WORK OR SERVICES WHICH ARE THE SUBJECT OF THIS CONTRACT, SELLER WILL BE DEEMED TO HAVE ACCEPTED THIS CONTRACT AND BUYER'S GENERAL TERMS AND CONDITIONS IN THEIR ENTIRETY WITHOUT MODIFICATION. ANY ADDITIONS TO, CHANGES IN, MODIFICATIONS OF, OR REVISIONS OF THIS CONTRACT (INCLUDING BUYER'S GENERAL TERMS AND CONDITIONS) WHICH SELLER PROPOSES WILL BE DEEMED TO BE REJECTED BY BUYER EXCEPT TO THE EXTENT THAT BUYER EXPRESS- LY AGREES TO ACCEPT ANY SUCH PROPOSALS IN WRITING.

THIS IS NOTIFICATION FOR AWARD OF BUSINESS FOR PART NUMBERS NOT SHOWN AS (ACTIVE). SHIPMENT OF THOSE PARTS AGAINST THIS ORDER IS PROHIBITED UNTIL AN ALTERATION WITH CURRENT BLUE PRINT DATE AND REVISION IS ISSUED, UNLESS OTHERWISE STATED IN THIS ORDER.

ALL PARTS OR MATERIAL MUST BE PRODUCED IN ACCORDANCE W/GENERAL MOTORS' GENERAL QUALITY STANDARDS FOR PURCHASED MATERIAL

WE WELCOME YOUR SUGGESTIONS ON ANY COST SAVINGS IDEAS. SPECIAL CONSIDERATION ON FUTURE BUSINESS WILL BE GIVEN TO THOSE WHO HELP US REDUCE OUR COST.

MATERIAL SAFETY DATA SHEETS (MSDS) AND CORRESPONDING PURCHASE ORDER NUMBER, APPLYING TO CHEMICALS AND/OR ARTICLES SUPPLIED TO DELPHI, SAGINAW, MI, MUST BE

CONTINUED ON PAGE   4

B. VANHOVE,
SENIOR BUYER
PHONE: (517) 757-4035
FAX  (989) 757-9222

PAGE

DELPHI
Automotive Systems

| PURCHASING LOCATION | PURCHASE ORDER | SAG9014710 |
|---|---|---|

PURCHASING LOCATION
DELPHI SAGINAW STEERING SYSTEMS
DELPHI AUTOMOTIVE SYSTEMS
3900 E HOLLAND RD.
SAGINAW, MI 48601-9494

SEPTEMBER 12, 2001

INVOICE TO

VENDOR 328180   DUNS 966877987

FURUKAWA ELECTRIC NORTH AMERICA APD INC
47677 GALLEON DR
PLYMOUTH MI                48170

SHIP TO
SHIP ACCORDING TO RELEASE AND
SHIPPING SCHEDULES

P.O. NUMBER (AND RELEASE NUMBER, IF APPLICABLE) MUST APPEAR ON ALL INVOICES, PACKING SLIPS, PACKAGES AND BILLS OF LADING. ITEM CODE NUMBERS MUST APPEAR ON ALL INVOICES AND PACKING SLIPS. ADDRESS ALL INQUIRIES AND CORRESPONDENCE TO THE NAME SHOWN AT BOTTOM OF P.O. (OR RELEASE).

| DATE REQUIRED | DATE PROMISED | TERMS | REC. DEPT. NOTIFY | CODES TAX |
|---|---|---|---|---|

| F.O.B. | | VIA | |
|---|---|---|---|

STATE & LOCAL SALES,
USE TAX CODES

| QUANTITY | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | UNIT MEAS. |
|---|---|---|---|---|

INCLUDED WITH THE SHIPMENT AND A COPY SENT CERTIFIED MAIL TO THE DELPHI CHEMISTRY DEPARTMENT - WASTE WATER TREATMENT PLANT, SAGINAW, MICHIGAN. MSDS ONLY REQUIRED WITH FIRST SHIPMENT AND, THEREAFTER EVERY FIRST SHIPMENT AFTER CHANGES TO MSDS.

IN ACCEPTING THIS ORDER, IN ADDITION TO THESE TERMS AND CONDITIONS DESCRIBED ON THIS DOCUMENT, THE SELLER AGREES TO PAYMENT IN ACCORDANCE WITH ITS CURRENT EFT PAYMENT AGREEMENT, OR WHERE EFT IS NOT IN PLACE, THAT GM MAY DEFER MAKING PAYMENT BY PAPER CHECK DURING ANY RECOGNIZED GM HOLIDAY UNTIL THE NEXT GM BUSINESS DAY WITHOUT BEING IN DEFAULT OR LOSING ANY CASH DISCOUNT PRIVILEGES. FOR EXAMPLE, DURING CHRISTMAS, A DELAY OF ONE WEEK FROM THE NORMAL PAYMENT DATE WILL OCCUR. IN CONTRACT, EFT PAYMENTS WILL BE MADE THE FIRST BANKING DAY FOLLOWING THE EFT DUE DATE, AND GOOD FUNDS WILL BE AVAILABLE ON THAT DATE.

B. VANHOVE,
SENIOR BUYER
PHONE: (517) 757-4035
FAX (989) 757-9222      LAST
PAGE

DELPHI
Automotive Systems

**PURCHASING LOCATION**
DELPHI SAGINAW STEERING SYSTEMS
DELPHI AUTOMOTIVE SYSTEMS
3900 E HOLLAND RD.
SAGINAW, MI  48601-9494

**PURCHASE ORDER** SAG9014710
ALTERATION 75284

ORDER ISSUE DATE: 09/12/01
SEPTEMBER 13, 2001

**INVOICE TO**

VENDOR 328180    DUNS 966877987

FURUKAWA ELECTRIC NORTH AMERICA APD INC
47677 GALLEON DR
PLYMOUTH MI                48170

**SHIP TO**

P.O. NUMBER (AND RELEASE NUMBER, IF APPLICABLE) MUST APPEAR ON ALL INVOICES, PACKING SLIPS, PACKAGES AND BILLS OF LADING. ITEM CODE NUMBERS MUST APPEAR ON ALL INVOICES AND PACKING SLIPS. ADDRESS ALL INQUIRIES AND CORRESPONDENCE TO THE NAME SHOWN AT BOTTOM OF P.O. (OR RELEASE).

| DATE REQUIRED | DATE PROMISED | TERMS | REC. DEPT. NOTIFY | CODES |
|---|---|---|---|---|
| | | | | SA |
| F.O.B. | | | VIA | |

STATE & LOCAL SALES USE TAX CODES: 4B-NOT TAXABLE - FOR INDUSTRIAL PROCESSING.
PERMIT NO 3800440

| QUANTITY | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | UNIT MEAS. |
|---|---|---|---|---|
| PC | ********  26085186 | THIS ORDER IS EFFECTIVE 9/12/01 AND EXPIRES 9/10/07. <br><br>THE FOLLOWING HAS BEEN CHANGED TO READ:<br><br>THE FOLLOWING PRICE EFFECTIVE 1/01/04<br><br>SENSOR ASM, COMP TORQ & POSN<br>PURCHASED COMPLETE<br>TO BLUEPRINT  DATED  4/06/99<br>PER CHART 26092738 DTD  4/06/99<br>UNRELEASED<br><br>ACT 2400  75000                TAX 4B<br>WEEKLY CAP      12500   MIN LOT SIZE<br><br>PRICE CHG<br>THIS IS NOTIFICATION FOR AWARD OF BUSINESS FOR PART NUMBERS NOT SHOWN AS (ACTIVE). SHIPMENT OF THOSE PARTS AGAINST THIS ORDER IS PROHIBITED UNTIL AN ALTERATION WITH CURRENT BLUE PRINT DATE AND REVISION IS ISSUED, UNLESS OTHERWISE STATED IN THIS ORDER. | ********  12.12 | PC |

THIS IS NOT AN ORDER BUT CHANGES OR AMENDS PURCHASE ORDER NOW IN YOUR POSSESSION.

B. VANHOVE,
SENIOR BUYER
PHONE: (517) 757-4035
FAX (989) 757-9222

PAGE

| PURCHASING LOCATION | DELPHI Automotive Systems | PURCHASE ORDER | SAG9014710 |
|---|---|---|---|
| DELPHI SAGINAW STEERING SYSTEMS DELPHI AUTOMOTIVE SYSTEMS 3900 E HOLLAND RD. SAGINAW, MI 48601-9494 | | ALTERATION 75285 ORDER ISSUE DATE: 09/12/01 SEPTEMBER 13, 2001 | |

VENDOR 328180    DUNS 966877987

**INVOICE TO** [redacted]

FURUKAWA ELECTRIC NORTH AMERICA APD INC
47677 GALLEON DR
PLYMOUTH MI                              48170

**SHIP TO**

P.O. NUMBER (AND RELEASE NUMBER, IF APPLICABLE) MUST APPEAR ON ALL INVOICES, PACKING SLIPS, PACKAGES AND BILLS OF LADING. ITEM CODE NUMBERS MUST APPEAR ON ALL INVOICES AND PACKING SLIPS. ADDRESS ALL INQUIRIES AND CORRESPONDENCE TO THE NAME SHOWN AT BOTTOM OF P.O. (OR RELEASE).

| DATE REQUIRED | DATE PROMISED | TERMS | REC. DEPT. NOTIFY | CODES TAX |
|---|---|---|---|---|
| | | | | SA |
| F.O.B. | | | VIA | |

STATE & LOCAL SALES USE TAX CODES: 4B-NOT TAXABLE - FOR INDUSTRIAL PROCESSING.
PERMIT NO 3800440

| QUANTITY | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | UNIT MEAS. |
|---|---|---|---|---|
| PC | ********  26085186 | THIS ORDER IS EFFECTIVE  9/12/01 AND EXPIRES  9/10/07. THE FOLLOWING HAS BEEN CHANGED TO READ: THE FOLLOWING PRICE EFFECTIVE  1/01/05 SENSOR ASM, COMP TORQ & POSN PURCHASED COMPLETE TO BLUEPRINT  DATED  4/06/99 PER CHART 26092738 DTD  4/06/99 UNRELEASED ACT 2400   75000                    TAX 4B WEEKLY CAP      12500    MIN LOT SIZE PRICE CHG THIS IS NOTIFICATION FOR AWARD OF BUSINESS FOR PART NUMBERS NOT SHOWN AS (ACTIVE).  SHIPMENT OF THOSE PARTS AGAINST THIS ORDER IS PROHIBITED UNTIL AN ALTERATION WITH CURRENT BLUE PRINT DATE AND REVISION IS ISSUED, UNLESS OTHERWISE STATED IN THIS ORDER. | ********  10.70 | PC |

THIS IS NOT AN ORDER BUT CHANGES OR AMENDS PURCHASE ORDER NOW IN YOUR POSSESSION.

B. VANHOVE,
SENIOR BUYER
PHONE: (517) 757-4035
FAX (989) 757-9222

PAGE 1

## LONG TERM CONTRACT

1. **Purchase of Product**

   The Furukawa Electric Co.,Ltd. ("Seller") agrees to sell, and Delphi Automotive Systems LLC acting through its Saginaw Steering Division ("Buyer") agrees to purchase, approximately one hundred percent (100%) of Buyer's production and service requirements for the following products (each referred to as a "Product" and collectively referred to as the "Products"):

| Part Number | Description | Per Unit Price | Annual Daily Tool Capacity |
|---|---|---|---|
| 26085186-000 Specification; 26079879-043 | Gamma and Epsilon program; Sensor Assembly Torque & Position | $13.00 USD | Production tooling capacity is 167pcs/hour/tool. Assembly line capacity is 300 pcs/hour. |
| 26089247-000 Specification; 26079879-043 | Fiat 169 (600); Sensor Assembly Torque & Position | $13.00 USD | Above capacity references 8/18/2000 quotation and includes Gamma,Epsilon,Fiat 169, fiat y843 programs. Tooling limiter is plastic injection molds, 2 tools or 334 pcs/hour total. Tooling cost for Gamma, Epsilon, and Fiat 169 programs shown on this contract is $1,125,667.00. (Tooling will be paid in a lump sum upon PPAP approval.) |

2. **Term**

   With respect to each Product, the term of this Contract is from Calendar Year 2002 through 7/1/2007.

3. **Prices**

   The per unit price of each Product for Calendar Year 2002 is F.O.B. Plymouth Michigan for Epsilon Requirements, Cadiz, Spain for Gamma & Fiat 169(600) Requirements. (1990 IncoTerms). Pricing for each subsequent calendar year is subject to the following minimum annual percentage reductions from the prior Calendar Year's pricing:

| | | |
|---|---|---|
| Calendar Year 2003 | 3.5 | percent |
| Calendar Year 2004 | 3 | percent |
| Calendar Year 2005 | 3 | percent |
| Calendar Year 2006 | 3 | percent |
| Calendar Year 2007 | 3 | percent |

Buyer and Seller will use their best efforts to implement cost savings and productivity improvements in order to reduce Seller's costs of supplying each Product. Buyer and Seller agree that the pricing of each Product will be reduced (in addition to any scheduled price reductions) by an amount equal to fifty percent (50%) of any net cost savings achieved by Seller with respect to such Product (i.e., savings after recovery by Seller of a pro rata portion, based on the remaining term of this Contract, of the reasonable and documented costs to achieve such cost savings), provided, however, that the pricing of each Product will be reduced (in addition to any scheduled price reductions) by an amount equal to one hundred percent (100%) of any savings resulting from reduction on the content of the such Product.

No price increases (including any decrease of the scheduled price reductions) will be made on account of (i) Seller's failure to achieve any expected cost savings or productivity improvements or (ii) any increases in Seller's labor, materials, overhead and other costs. In the event that Buyer agrees to any price increases (or a decrease of any scheduled price reductions) with respect to any Product, then, notwithstanding anything to the contrary set forth in this Contract, the pricing of each Products will be reduced (in addition to any scheduled price reductions) by an amount equal to one hundred percent (100%) of any subsequent net cost savings achieved by Seller with respect to such Product until aggregate price reductions on account of Seller's cost savings equal any price increases previously agreed to by Buyer.

4. **Right to Purchase from Others**

During the entire term of this Contract, Seller will assure that each Product remains competitive in terms of technology, design, service and quality with any similar product available to Buyer. If, in the reasonable opinion of Buyer, a Product does not remain competitive, Buyer, to the extent it is free to do so, will advise Seller in writing of the area(s) in which a similar product is more competitive. If, within ninety (90) days, Seller does not agree to immediately sell any Product with comparable technology, design, quality, or, if applicable, price, Buyer may elect to purchase any similar products available to Buyer without any liability to Seller under this Contract.

5. **Purchase Orders**

All Products will be ordered by Buyer, and delivered by Seller, in accordance with written purchase orders (including related delivery releases and shipping

Instructions) issued by Buyer from time to time during the term of this Contract. Buyer's General Terms and Conditions, a copy of which is attached, are hereby incorporated into this Contract by reference, provided, however, that Buyer's right to "terminate for convenience" under the General Terms and Conditions will be inapplicable to this Contract until 7/1/2007. Any amendment to, or revision of, such General Terms and Conditions shall also become a part of this Contract, provided that (i) Buyer provides Seller with a copy of such revised Terms and Conditions and (ii) Seller does not object to such revised Terms and Conditions in writing within thirty (30) days after receipt. The Terms and Conditions (together with any revision made a part of this Contract) shall be construed, to the extent possible, as consistent with the terms and conditions set forth in this Contract and as cumulative, provided, however, that if such construction is unreasonable, the terms and conditions set forth in this Contract shall control.

EXECUTED by Buyer and Seller as of 9/7/00.

Buyer:

**Delphi Automotive Systems LLC
acting through its Saginaw Steering Division**

By: _____
Name: _____
Title: _____

Seller:

**The Furukawa Electric Co., Ltd.**

By: _____
Name: Makoto Shimizu
Title: Director, Automotive
        Products Division