Response Date and Time: **March 15, 2007 at 4:00 p.m.**

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Karen B. Dine (KD 0546)
1540 Broadway
New York, New York 10036-4039
(212) 858-1000 (Phone)
(212) 858-1500 (Fax)

-and-

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Mark D. Houle (Cal. Bar. No. 194861) *(Pro Hac Admission Granted by Order entered September 27, 2006)*
650 Town Center Drive, 7th Floor
Costa Mesa, CA 92626-7122
Telephone: (714) 436-6800
Facsimile: (714) 436-2800

Attorneys for Hyundai Motor Company and
Hyundai Motor America

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | ) Chapter 11 ) |
| DELPHI CORPORATION, et al., | ) Case No. 05-44481 ) (Jointly Administered) ) |
| Debtors. | ) ) |

# HYUNDAI MOTOR AMERICA'S RESPONSE TO NINTH OMNIBUS CLAIMS OBJECTION

Hyundai Motor America ("Hyundai"), a creditor of several of the above-captioned Debtors, through its undersigned attorneys, hereby responds to Delphi Corporation's (collectively with the other above-captioned debtors and debtors in possession, the "**Debtors**") Eighth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. 502(b) And Fed. R. Bankr.P.3007 To Certain (A) Duplicate and Amended Claims, (B) Claims Duplicative Of Consolidated Trustee Claims, (C) Equity Claims, and (D) Protective Claims (the "**Objection**") to

the extent that the Objection challenges claims asserted by Hyundai. In support of its response, Hyundai respectfully represents as follows:

1. On October 8 and 14, 2005 (the "Petition Date"), Debtors filed voluntary petitions for relief under chapter II of the Bankruptcy Code.

2. On or about July 31, 2006, among other proofs of claim filed by Hyundai in these cases, Hyundai filed the following proofs of claim, each in an unliquidated amount (collectively, the "Claims"):

| Claim Number: | Debtor Against Which Claim is Asserted: | Stated Basis For Claim: | Specific Documents Referenced In Support of Claim ("Supporting Documents"): |
|---|---|---|---|
| 15590 | Delphi Automotive Systems Korea, Inc. | Indemnity claims arising under certain ongoing litigation, all claims arising under Documents between the parties, and indirect claims from parent relationship with Debtors | Agreement between Hyundai and Delphi Automotive Systems Korea, Inc. (document is written in Korean and is attached to proof of claim) |
| 15591 | Delphi Electronics (Holding) LLC | Indemnity claims arising under certain ongoing litigation, all claims arising under Documents between the parties, and indirect claims from parent relationship with Debtors | Basic Agreement Regarding Business Transactions Between Hyundai Motor Company and Delco Electronics LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 (attached to proof of claim) |
| 15593 | Delco Electronics Overseas Corporation | Indemnity claims arising under certain ongoing litigation, all claims arising under Documents between the parties, and indirect claims from parent relationship with Debtors | Basic Agreement Regarding Business Transactions Between Hyundai Motor Company and Delco Electronics LLC, formerly Delco Electronics Corporation, dated as |

|  |  |  | of June 29, 1993 (attached to proof of claim) |
|---|---|---|---|
| 15594 | Delphi Diesel Systems Corp. | Indemnity claims arising under certain ongoing litigation, all claims arising under Documents between the parties, and indirect claims from parent relationship with Debtors | Basic Agreement Regarding Business Transactions between Hyundai, Kia Motor Company and Delphi Diesel Systems France SAS, dated as of October 20, 2003 |

3.     On or about February 15, 2007, Debtors filed the Objection, contending that each of the Claims are duplicative of that certain proof of claim filed by Hyundai on or about July 31, 2006, claim number 15589 ("Proposed Surviving Claim"), and should therefore be disallowed and expunged.

4.     First, the Objection should be overruled insofar as it relates to Hyundai because it fails to produce any evidence whatsoever to overcome the prima fade validity of Hyundai's Claims.

5.     Pursuant to § 502(a) of Title II of the United Sates Code, 11 U.S.C § 101g ., a proof of claim is deemed to be allowed unless a party in interest objects. 11 U.S.C. § 502(a). Thus, Hyundai's proofs of claim operate as prima facie evidence of Hyundai's claims against the Debtors. See HR. Rep. No.95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No.95-989, 95th Cong., 2d Sess., at 62 (1978).

6.     The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is prima facie valid. The burden of proof then shifts to the objecting party to produce sufficient evidence to negate the prima facie validity of the proof of claim by refuting at least one of the essential allegations of such claim. Only after the objecting party produces evidence equal in force to the prima facie claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of the evidence. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992). See also, Fullmer v. U.S. (In re

Fu1lmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is prima facie evidence of the validity and amount of the claim.  This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest.  To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.") (citations omitted).

7.    The Objection fails to set forth any facts to overcome the prima facie validity of the Claims.  Instead, the Objection makes only the conclusory statements that the Claims are duplicative.  Debtors have offered no factual argument or legal basis to support Debtors' objection to the Claims beyond the bare assertions in the Objection.  As such, the Objection should be disallowed.

8.    <u>Second</u>, the Objection should also be overruled because the Claims on their face are not duplicative of the Proposed Surviving Claim and in fact assert, in part, different claims.  As shown above, each of the Claims reference that the claims are based in part on documents including the specific Supporting Documents.  <u>However, unlike in the Claims, none of the Supporting Documents are referenced as a basis for the Proposed Surviving Claim, and the Claims therefore assert, in part, different claims (based on different contractual obligations of the Debtors) than the Proposed Surviving Claim</u>.  As such, while there may be some overlap between the Claims and Proposed Surviving Claim, disallowing the Claims would substantively prejudice Hyundai because the Proposed Surviving Claim and the Claims do not on their face assert exactly the same claims.

9.    Paragraph 6 of the proposed order appended to the Objection ("Proposed Order") provides that "… to the extent that (a) a claimant filed duplicative claims against different Debtors for the <u>same asserted obligation</u> (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the "Remaining Claim") disallowed and expunged solely on the basis that such Remaining Claim is asserted against the incorrect Debtor …" Proposed Order, ¶ 6

(emphasis added).  Notwithstanding this language, because the Claims and the Proposed Surviving Claim do not assert the exact same obligations (as indicated by the different supporting documents), Hyundai would likely not be protected by the provisions of paragraph 6 of the Proposed Order and so its claims against different Debtors should not be expunged.  It is for this reason also that the Objection should be overruled as to Hyundai.

WHEREFORE, Hyundai respectfully requests that this Court deny the Objection as it relates to the Claims and grant Hyundai such other and further relief as is proper and just.

Dated March 14, 2007

Respectfully Submitted,

/s/ Mark D. Houle_____
Mark D. Houle *(Pro Hac Admission)*
PILLSBURY WINTHROP SHAW PITTMAN LLP
650 Town Center Drive, 7th Floor
Costa Mesa, CA  92626-7122
Telephone: (714) 436-6800
Facsimile: (714) 436-2800

Attorneys for Hyundai Motor Company and
Hyundai Motor America

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was forwarded electronically to all parties consenting to service through the Court's electronic filing systems and by overnight mail, postage prepared, to:

| | |
|---|---|
| Hon. Robert D. Drain<br>United States Bankruptcy Judge<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green, Room 610<br>New York, NY  10004 | Delphi Corporation<br>Attn:  General Counsel<br>5725 Delphi Drive<br>Troy, MI  48098 |
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>Attn:  John Wm. Butler, Jr., John K. Lyons,<br>and Joseph N. Wharton<br>333 West Wacker Drive, Suite 2100<br>Chicago, IL  60606 | Alicia M. Leonhard<br>Office of the U.S. Trustee<br>33 Whitehall Street, Suite 2100<br>New York, NY  10004 |

      on this 14th day of March, 2007

                                                      /s/ Stacy Packer
                                                      Stacy Packer