**EXHIBIT B**

| United States Bankruptcy Court Southern District of New York | | |
|---|---|---|
| Name of Debtor<br>Delphi Automotive Systems | Case Number<br>05-44640 | PROOF OF CLAIM |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S. C. § 503

| Name of Creditor (The person or other entity to whom the debtor owes money or property)<br>**Rawac Plating Company** | __Check box If you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and Address Where Notices Should be Sent<br><br>C/O Liquidity Solutions, Inc D/B/A Revenue Management<br>One University Plaza<br>Suite 312<br>Hackensack, NJ  07601     Telephone No.  201-968-0001 | __Check box if you have never received any notices from the bankruptcy court in this case.<br><br>__Check box if the address differs from the address on the envelope sent to you by the court. | This space for court use only |
| Account or other number by which creditor identifies debtor: | Check here if this claim<br>_X_ amends ____ replaces     a previously filed claim dated: 7/28/06 | |

| 1. BASIS FOR CLAIM | |
|---|---|
| X Goods sold         X Services performed<br>___ Money loaned        ___ Personal injury/wrongful death<br>___ Taxes              ___ Other | ___ Retiree benefits as defined in 11 U.S. C. § 1114 (a)<br>___ Wages, salaries, and compensation (Fill out below)<br>Last four digits of SS#_____<br>Unpaid compensation for services performed<br>from_____to_____ |

| 2. DATE DEBT WAS INCURRED:<br>7/25/05-10/7/05 | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

4. Classification of Claim. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim $398,139.37***

___ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

___ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

___ Domestic support obligations under 11 U.S.C. §507 (a)(1)(A) or (a)(1)(B)

___ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier-11 U.S.C. § 507(a)(4)

___ Contributions to an employee benefit plan 11 U.S.C. §507(a)(5)

**Secured Claim**

___ Check this box if you claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
___ Real Estate   ___ Motor Vehicle   ___ Other

Value of collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim above, if any $_____

___ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use-11 U.S.C. § 507 (a)(7)

___ Taxes or penalties owed to governmental units- 11 U.S.C. § 507(a)(8)

___ Other--Specify applicable paragraph of 11 U.S.C. § 507(a)(___)

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| 5. Total Amount of Claim at Time Case Filed: | **$398,139.37*** | $_____ | $_____ | **$398,139.37*** |
|---|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (total) |

___ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 6. CREDITS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, and itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Summary of invoices attached.<br>8. DATE-STAMPED COPY: To receive an acknowledgment of the filing of your claim, enclose a stamped, Self-addressed envelope and copy of the proof of claim. | This Space Is for Court Use Only<br><br>RECEIVED<br>5 2006<br>CLAIMS PROCESSING CENTER<br>USBC, SDNY |
|---|---|
| Date:<br>9/13/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) Jim Yenzer, Liquidity Solutions Inc as assignee of<br>**Rawac Plating Company** | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.

SEE EXHIBIT.

#572406 v1 / 31637-001

## ATTACHMENT TO PROOF OF CLAIM OF LIQUIDITY SOLUTIONS, INC. AS ASSIGNEE OF RAWAC PLATING COMPANY

### A. BASIS FOR CLAIM

1. The claim of Liquidity Solutions, Inc. ("LSI" or "Claimant") as assignee of RAWAC PLATING COMPANY pursuant to an Assignment of Claim agreement is based on amounts owing RAWAC PLATING COMPANY by Delphi Automotive Systems (the "Debtor") for goods sold to the Debtor prior to the Petition Date (the "Claim"). The statements relating to the basis for the Claim set forth herein are based both on the books and records of RAWAC PLATING COMPANY and representations made by employees and representatives of such entities, as provided to Claimant.

### B. RESERVATION OF RIGHTS

2. Claimant reserves the right to (i) amend, update and/or supplement this proof of claim at any time and in any respect, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents, and/or (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507 including, without limitation, for expenses included in the total amount of this proof of claim.

3. This proof of claim is filed without prejudice to the filing by Claimant of additional proofs of claim with respect to any other liability or indebtedness of the Debtor or any of its subsidiaries or affiliates.

4. The filing of this proof of claim is not: (a) a waiver or release of Claimant's rights against any person, entity or property, (b) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in these cases against or otherwise involving Claimant, (c) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in these cases against or otherwise involving Claimant, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in these cases against or otherwise involving Claimant, (d) an election of remedy, or (e) a waiver of any past, present or future defaults or events of defaults.

5. Claimant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant entities by the Debtors, any debtor or non-debtor affiliate or other entity related thereto, any trustee for the Debtors' estates, any other party in interest in these bankruptcy cases, or any other person or entity whatsoever.