**STEVENS & LEE, P.C.**  Hearing Date and Time: **March 22, 2007 at 10:00 a.m.**
485 Madison Avenue, 20th Floor  Response Date and Time: **March 15, 2007 at 10:00 a.m.**
New York, New York 10022
(212) 319-8500
Constantine D. Pourakis (CP-0730)

Attorneys for PolyOne Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF POLYONE CORPORATION TO DEBTORS' NINTH
OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C.
§ 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT
REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY
CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

PolyOne Corporation ("PolyOne"),[1] by its attorneys, Stevens & Lee, P.C., as and for its response to the Debtors' Ninth Omnibus Objection, dated February 15, 2007 (the "Objection"), seeking to modify the asserted amount and changing the identity of the Debtor against whom PolyOne filed an unsecured non-priority proof of claim number 12002 ("Claim 12002"), respectfully sets forth and represents:

---

[1] The Debtors' Objection lists the claimholder as PolyOne Corporation EM Group. PolyOne Corporation and PolyOne Corporation EM Group are the same entity.

SL1 708815v1/030789.0001515

**Factual Background**

1. On October 8 and 14, 2005 (the "Filing Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief in this Court under Chapter 11 of the Bankruptcy Code.

2. By order dated April 12, 2006 (the "Bar Date Order"), this Court set July 31, 2006 as the deadline by which proofs of claim were required to be filed in the Debtors' cases.

3. On July 28, 2006, PolyOne timely filed Claim 12002 in the Delphi Corporation lead bankruptcy case (case no. 05-44481) asserting an unsecured non-priority claim in the amount of $35,897.76 for goods sold. A copy of Claim 12002 with attachments is annexed hereto as Exhibit A.

4. By the Objection, the Debtors seek to (i) reduce Claim 12002 from $35,897.76 to $33,099.75; and (ii) change the identity of the Debtor against whom the claim is asserted from Delphi Corporation to Delphi Automotive Systems LLC (case no. 05-44640).

**Response**

5. A "claim" is any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of a claim. Fed. R. Bankr. P. 3001(f).

6. To overcome this *prima facie* evidence, the objecting party must come forth with evidence to refute at least one of the allegations essential to the claim. *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. BAP 2000). The Debtors fail to prove that reduction in claim amount is warranted.

2

7. Claim 12002 plainly shows that the total pre-petition amounts owed by the Debtors to PolyOne equals $35,897.76. PolyOne attached an accounts payable run to the Claim, listing the invoice number, invoice date, invoice amounts, and number of days past due of the five invoices at issue. PolyOne also attached copies of the invoices in question. *See* Exhibit A. There is no dispute that PolyOne is owed $35,897.76 by one of the Debtors.

8. The second prong of the Objection is Debtors' request to change the identity of the Debtor against whom Claim 12002 is asserted from Delphi Corporation to Delphi Automotive Systems LLC.

9. PolyOne's accounts payable run lists an entity named Delphi Interior Systems as the customer, with a mailing address of 1401 Cooks Road, Troy, Michigan 48084.

10. The invoices attached to Claim 12002 list a customer named *Delphi I, with a mailing address of P.O. Box 4447, Brownsville, Texas 78521. These same invoices list a shipping address to Delphi CMM-Valley Warehouse, 3301 NAFTA Parkway, Suite B, Brownsville, Texas 78521.

11. The entities listed on PolyOne's claim documents are not listed as Debtors in these bankruptcy cases. PolyOne does not know whether Delphi Interior Systems is the same entity as Delphi Corporation or Delphi Automotive Systems LLC. Absent proof from the Debtors that Claim 12002 is correctly asserted against an entity other than Delphi Corporation, an assignment of Claim 12002 from Delphi Corporation to Delphi Interior Systems is improper.

## Notice

12. The Debtors' Response to this Objection, if any, shall be served upon the undersigned counsel for PolyOne.

3

**WHEREFORE,** PolyOne respectfully requests that the Court deny the Debtors' Objection as it applies to PolyOne's Claim 12002, and grant PolyOne such other and further relief as is just.

Dated: New York, New York
March 14, 2007

        **STEVENS & LEE, P.C.**
        Counsel to PolyOne Corporation

        By: /s/ Constantine D. Pourakis
            Constantine D. Pourakis (CP-0730)
            485 Madison Avenue, 20th Floor
            New York, New York 10022
            (212) 319-8500

SL1 708815v1/030789.00015