UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :   Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF OBJECTION TO CLAIM

Borg Indak Inc:

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged as summarized in that table and described in more detail in the Debtors' Ninth Omnibus Objection To Certain Claims (the "Ninth Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Ninth Omnibus Objection is set for hearing on March 22, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED NINTH OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 15, 2007. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

The enclosed Ninth Omnibus Objection identifies six different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Claims identified as having a Basis For Objection of "Insufficiently Documented Claim" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

Claims identified as having a Basis For Objection of "Untimely Insufficiently Documented Claim" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim, and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books and Records Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books and Records Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Claim" are those Claims were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims for which (a) the Debtors have determined were overstated or were denominated in foreign currencies and the Debtors seek to modify to a fully liquidated, U.S.-denominated amount, and/or (b) the Debtors seek to appropriately re-classify the total amount of such remaining Claims, and/or (c) the Debtors seek to specify the appropriate Debtor by case number.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|---|---|---|---|---|---|
| 5/1/2006 | 4304 | $2,150.00 | Books and Records Claim | Disallow and Expunge | |

If you wish to view the complete exhibits to the Ninth Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Ninth Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a claim or the filing of a claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), ARE APPLICABLE TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO OBJECTION BY THE DEBTORS PURSUANT TO THE OBJECTION SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Ninth Omnibus Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on March 15,

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2007. Your Response, if any, to the Ninth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the claims objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the claim; (v) to the extent that the claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 22, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on March 22, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO PROVISIONALLY ACCEPT SUCH AMOUNT AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS'

ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. If no Responses to the Ninth Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in the Claims Objection Procedures Order, the Bankruptcy Court may enter an order sustaining the Ninth Omnibus Objection without further notice other than notice of the entry of such an order as provided in the Claims Objection Procedures Order. Thus, your failure to respond may forever bar you from sustaining a claim against the Debtors.

BORG INDAK INC
701 ENTERPRISE DR
DELAVAN WI 53115

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

Delphi Corporation, et al
                                                    Chapter   11
-------------------------------------X              Case # 05-44481
           Debtors                                  Claim # 4304
```

NOTICE:  TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(2) OR (4)

To: (Transferor)   Borg Indak, Inc.
                   701 Enterprise Drive
                   Delavan, WI  53115

The transfer of your claim (#4304) as shown above, in the amount of $2,150.00 has been transferred *(unless previously expunged by court order)* to:

    SIERRA LIQUIDITY FUND
    2699 WHITE RD. SUITE #255
    IRVINE, CA 92614

No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:
FILE A WRITTEN OBJECTION TO THE TRANSFER with:

    United States Bankruptcy Court
    Southern District of New York
    Attn:  Bankruptcy Clerk
    One Bowling Green
    New York, NY  10004

SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.
Refer to INTERNAL CONTROL No.      in your objection.
IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

                            Clerk of Court
-----------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on            , 200  .
Copy(check): Claims Agent__  Transferee__  Debtor's Attorney__

                                               _____
                                                    Deputy Clerk

bc: objntc
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM ON FILE

## File a Claim action:

05-44481-rdd Delphi Corporation

### U.S. Bankruptcy Court

### Southern District of New York

Notice of Electronic Filing

The following transaction was received from Riley, James entered on 2/15/2007 at 3:21 PM and filed on 2/15/2007

**Case Name:** Delphi Corporation
**Case Number:** 05-44481-rdd
**Document Number:** 6960

**Docket Text:**
Transfer Agreement FRBP Transfer Agreement 3001 (e) 2 Transferors:Borg Indak, Inc.(Claim No.4304, Amount 2,150.00). To Sierra Liquidity Fund. filed by Sierra Liquidity Fund.(Riley, James)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** G:\SIERRA LIQUIDITY\Court Forms\STATE TRANSFERS\NEW YORK TRANSFERS\CALPINE\BORG INDAK - 4304.pdf
**Electronic document Stamp:**
[STAMP NYSBStamp_ID=842906028 [Date=2/15/2007] [FileNumber=5701276-0]
[0a5a4f32df34b8ba2cf97de2b2894bfc9fcb14f72b25a19230b68ae819de37b96e26f
7d2a42bed900d95098a4e323dcf8b3387babe2c78167a2080a4d8dc829e]]

### 05-44481-rdd Notice will be electronically mailed to:

Anne Marie Aaronson    aaronsoa@pepperlaw.com

David B. Aaronson    david.aaronson@dbr.com

Elizabeth Abdelmasieh    elizabeth@regencap.com

Franklin C. Adams    franklin.adams@bbklaw.com

Jason R. Adams    jadams@torys.com

Jennifer L. Adamy    bankruptcy@goodwin.com

Michael J. Alerding    malerding@binghammchale.com

Joseph W. Allen    jallen@jaeckle.com

Christopher A. Andreoff    candreoff@jaffelaw.com, ckelley@jaffelaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK     X

In re:

**DELPHI CORPORATION, et al.**
**DELPHI AUTOMOTIVE SYSTEMS, LLC**   X     Chapter 11
Debtor                                       Case No. 05-44481 & 05-44640

## NOTICE OF TRANSER OF CLAIM PURSUANT TO
## F.R.B.P. RULE 3001(E) (1)

Transferor:    **Borg Indak, Inc.**
               **701 Enterprise Drive**
               **Delavan, WI 53115**

Your claim in the amount of $2,000.00 against the Debtors has been transferred to:

Transferee:    **Sierra Liquidity Fund**
               **2699 White Road, Suite 255**
               **Irvine, CA 92614**

No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:

- **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**

    United States Bankruptcy Court
    Alexander Hamilton Custom House
    Attn: Bankruptcy Clerk
    One Bowling Green
    New York, NY 10004-1408

- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE:**
    Refer to INTERNAL CONTROL No. _____ in your objection.
    If you file an objection, a hearing will be scheduled.

IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

FOR CLERK'S OFFICE ONLY:

This notice was mailed to the first party, by first mail, postage prepaid on _____, 2003.
INTERNAL CONTROL NO.:_____
Copy: (check) Claims Agent _____ Transferee _____ Debtor's Attorney _____

                                    _____
                                              Deputy Clerk

## File a Claim action:

05-44481-rdd Delphi Corporation

### U.S. Bankruptcy Court

### Southern District of New York

Notice of Electronic Filing

The following transaction was received from Riley, James entered on 2/15/2007 at 3:25 PM and filed on 2/15/2007
**Case Name:**     Delphi Corporation
**Case Number:**    05-44481-rdd
**Document Number:** 6961

**Docket Text:**
Transfer Agreement FRBP Transfer Agreement 3001 (e) 1 Transferors:Borg Indak, Inc.(Amount 2,000.00).. To Sierra Liquidity Fund. filed by Sierra Liquidity Fund.(Riley, James)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** G:\SIERRA LIQUIDITY\Court Forms\STATE TRANSFERS\NEW YORK TRANSFERS\DELPHI\BORG INDAK.pdf
**Electronic document Stamp:**
[STAMP NYSBStamp_ID=842906028 [Date=2/15/2007] [FileNumber=5701308-0]
[a837e63e6f4041dc37c43463b1daf74910d4f341a409aab9ca21024237bd283e0b224
95019cda80c2da954de7d1e08c8a338e6ade23dcc5d7c93719c311be183]]

**05-44481-rdd Notice will be electronically mailed to:**

Anne Marie Aaronson     aaronsoa@pepperlaw.com

David B. Aaronson     david.aaronson@dbr.com

Elizabeth Abdelmasieh     elizabeth@regencap.com

Franklin C. Adams     franklin.adams@bbklaw.com

Jason R. Adams     jadams@torys.com

Jennifer L. Adamy     bankruptcy@goodwin.com

Michael J. Alerding     malerding@binghammchale.com

Joseph W. Allen     jallen@jaeckle.com

Christopher A. Andreoff     candreoff@jaffelaw.com, ckelley@jaffelaw.com

# Transfer of Claim

## Delphi Corporation, Delphi Automotive Systems, LLC, et al.

This agreement (the "Agreement") is entered into between   Borg Indak, Inc.   ("Assignor") and Sierra Liquidity Fund, LLC or assignee ("Assignee") with regard to the following matters:

1. Assignor in consideration of the sum of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓tanding on the Assignor's trade claim (the "Purchase Price"), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to all of the claims of Assignor, including the right to amounts owed under any executory contract and any respective cure amount related to the potential assumption and cure of such a contract (the "Claim"), against Delphi Corporation, Delphi Automotive Systems, LLC, et al. (affiliates, subsidiaries and other related debtors) (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court of New York, Southern District, in the current amount of not less than $ 2,150.00 [insert the amount due, which shall be defined as "the Claim Amount"], and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, cure payments, and other property which may be paid or issued by the Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2. Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by the Debtor to the Assignor, and that no valid defense or right of set-off to the Claim exists.

3. Assignor further represents and warrants that no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value.

4. Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor. If the Bar Date for filing a Proof of Claim has passed, Assignee reserves the right, but not the obligation, to purchase the Trade Claim for the amount published in the Schedule F.

5. Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim.

6. In the event that the Claim is disallowed, reduced, subordinated, or impaired for any reason whatsoever, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim disallowed divided by the Claim, plus 8% interest per annum from the date of this Agreement. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

7. To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to take such reasonable further action, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on

account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

8. Assignor shall forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may request from time to time. Assignor acknowledges that any distribution received by Assignor on account of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

9. In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the prevailing party shall be entitled to its costs and expenses incurred, including reasonable attorney fees.

10. The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

11. Assignor hereby acknowledges that Assignee may at any time further assign the Claim together with all rights, title and interests of Assignee under this Agreement. All representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

12. This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Transferee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason whatsoever.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of California. Any action arising under or relating to this Agreement may be brought in any state or federal court located in California, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waive any right to demand a trial by jury.

**If you have filed a Proof of Claim please check here:** ✓

**Please include invoices, purchase orders, and/or proofs of delivery that relate to the claim.**

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

IN WITNESS WHEREOF, the undersigned **Assignor** hereto sets his hand this __06__ day of __February__, 200__7__.

ATTEST

By _____
  Signature

__Stephen Clusnfurr__ V.P Finance
[Print Name and Title]

__262-245-2788__
Phone Number

__Borg Indak, Inc__
Name of Company

__701 Enterprise Dr__
Street Address

__Delavan, WI. 53115__
City, State & Zip

__262-728-3788__
Fax Number        Email

_____
Agreed and Acknowledged,
Sierra Liquidity Fund, LLC   1/12/07

Sierra Liquidity Fund, LLC
2699 White Rd, Ste 255, Irvine, CA 92614
949-660-1144 x17; fax: 949-660-0632 jriley@sierrafunds.com

# BORG INDAK, INC.

701 Enterprise Drive
Delavan, Wisconsin 53115
PHONE: (262) 728-5531
FAX: (262) 728-3788

## INVOICE

| Invoice # | Invoice Date | Page |
|---|---|---|
| 090714 | 9/26/2005 | 1 |

**Bill To:**

DELPHI DELCO ELECTRONICS SYST.
C/O ATTN:BOB MCDONALD-M.S.A232
PO BOX 9005
KOKOMO, IN 46904-9005
USA

**Remit To:**

Borg Indak, Inc.
5297 Paysphere Circle
Chicago, IL 60674

**Ship To:**

DELCO ELECTRONICS
PLANT F6 - DOCK 43
4134 DAVISON RD
BURTON, MI 48529
MFG SITE CD 016007C

| CUSTOMER PO NUMBER | TERMS | SHIP VIA | F.O.B. POINT |
|---|---|---|---|
| 0550038978 | NET 30 DAYS | VITRAN EXPRESS | DELAVAN, WI |

| ORDERED BY | SALES REPRESENTATIVE | ORDER DATE | OUR ORDER # | CUSTOMER ID |
|---|---|---|---|---|
| JOHN PSAROS | | 9/20/2005 | 224942 | A105 |

| LN | DL | QUANTITY ORDERED | QUANTITY SHIPPED | PART IDENTIFIER | DESCRIPTION / COMMENTS | UNIT | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|---|---|
| 01 | 50 | 1800.00 | 1800.00 | CA9103 | GEARHEAD ASSY<br>DELCO P/N 25058684, REV#CA<br>1 CTN @ 1800 PCS<br>PK LIST# 90910<br>BOL# 61768<br>30#G | EA | 0.7000 | $ 1260.00 |

COMMENTS:
    CODE: DA43

| LINE ITEM TOTALS | DISCOUNT | SUBTOTAL | FREIGHT | TAXABLE AMOUNT | TAX | MISC | INVOICE TOTAL |
|---|---|---|---|---|---|---|---|
| 1260.00 | 0.00 | 1260.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ 1260.00 |

The articles and / or services covered in this invoice were produced
in compliance with the Fair Labor Standards Acts of 1938, as amended.



**BORG INDAK, INC**®

701 Enterprise Drive • Delavan, Wisconsin 53115
PHONE: (262) 728-5531
FAX:      (262) 728-3788

## PACKING LIST

90910

| ORDER NO. | ORDER DATE | PAGE |
|---|---|---|
| 224942 | 9/26/2005 | 1 |

BILL TO:

DELPHI DELCO ELECTRO
C/O ATTN BOB MCDONALD M.S. A232
PO BOX 9005
KOKOMO IN 46904-9005
USA

SHIP TO:

DELCO ELECTRONICS
PLANT P5 DOCK 42
4404 DAVISON RD
BURTON MI 48529
MFG SITE CD 1100070

| CUSTOMER PURCHASE ORDER NO. | TERMS | SHIP VIA | F.O.B. POINT |
|---|---|---|---|
| 05C0038978 | NET 30 DAYS | VITRAN EXPRESS | DELAVAN WI |

| ORDERED BY | SALES REPRESENTATIVE | ORDER DATE | OUR ORDER NO. | CUSTOMER ID. |
|---|---|---|---|---|
| JOHN PSAROS | | 9/20/2005 | 224942 | A105 |

| LN | DL | DUE DATE | QUANTITY ORDERED | QUANTITY SHIPPED | C | CARTONS | UNIT | PART NUMBER | DESCRIPTION / COMMENTS | WEIGHT |
|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 50 | 9/21/2005 | 1800.00 | 1800.00 | N | | EA | CA410A | GEARHEAD ASSY DELCO P/N 25059434 REV#0A  1 CTN @ 1800 PCS PK LIST# 90910 BOL # 03762 KW0 | |

CARRIER / COMMENTS:

PRO:

ADDITIONAL NOTATIONS
PLEASE DELIVER ON:

TRANSPORTATION     SHIPPER'S NO.
PREPAID ☐
DUNS # 82-556-8082

FINAL DESTINATION

BORG INDAK, INC.
Shipper, Per _____    Agent, Per _____
Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.
FREE DELIVERY SERVICE REQUESTED WHERE AUTHORIZED BY RAILROAD TARIFF

# BORG INDAK, INC

701 Enterprise Drive
Delavan, WI 53115
PHONE: (262) 728-5531
FAX: (262) 728-3788

STRAIGHT BILL OF LADING – SHORT FORM – ORIGINAL – NOT NEGOTIABLE

RECEIVED, subject to the classifications and tariffs in effect on date of issue of this Bill of Lading.
... the property described ... agreed ... value of the property ... specifically stated by the shipper to be not exceeding _____ per _____

| ORDER NO. | ORDER DATE | PAGE |
|---|---|---|
| 224042 | 9/20/05 | 1 |

Subject to Section 7 of conditions of applicable bill of lading. If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:
The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

BORG INDAK, INC. (Signature of consignor)

REC'D $
PER
Charges Advanced $

To Apply in prepayment of the charges on the property described hereon
Agent or Cashier (The signature here acknowledges only the amount prepaid)

"Shipper's imprint in lieu of stamp; not a part of bill of lading approved by the Interstate Commerce Commission."

"If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is 'carrier's or shipper's weight'."

NOTE -- Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.

The Fibre boxes used for this shipment conform to the specifications set forth in the box maker's certificate thereon, and all other requirements of Consolidated Freight Classification.

### CONSIGNED TO:

DELPHI DELCO ELECTRONICS
C/O ATTN BOB MCDONALD M S A292
PO BOX 9005
KOKOMO, IN 46904-9005
USA

DELCO ELECTRONICS
PLANT 56 DOCK 13
4104 DAVISON RD
BURTON, MI 48529
MFG SITE C0101030C

| CUSTOMER PURCHASE ORDER NO. | TERMS | SHIP VIA | F.O.B. POINT |
|---|---|---|---|
| 055/3308970 | NET 30 DAYS | VITRAN EXPRESS | DELAVAN, WI |

| ORDERED BY | SALES REPRESENTATIVE | ORDER DATE | OUR ORDER NO. | CUSTOMER ID. |
|---|---|---|---|---|
| JOHN PSAROS | | 9/20/2005 | 224042 | A105 |

| LIN | DL | DUE DATE | QUANTITY ORDERED | QUANTITY SHIPPED | C | CARTONS | UNIT | PART NUMBER | DESCRIPTION COMMENTS | WEIGHT |
|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 50 | 9/21/2005 | 1800.00 | 1800.00 | N | | EA | CA0105 | GEARHEAD ASSY DELCO P/N 25059894 REV6A  1 CTN @ 1800 PCS PK LIST # 99910 BOL # 61760 30#G | 415 lbs |

CARRIER / COMMENTS:
PRO:

<big>COLLECT</big>

ADDITIONAL NOTATIONS:
PLEASE DELIVER ON: MW 9/26/05  1 BOX

FINAL DESTINATION:

TRANSPORTATION
PREPAID ☐
DUNS # 82-556-8082

SHIPPER'S NO:

0000 629 9809
Vitran Express   www.vitranexpress.com
**World Class Customer Service 800/967-3331**
Drivers signature acknowledges receipt of freight only. Unless otherwise agreed to under separate contract, terms and conditions of tariff VITR125 apply.

BORG INDAK, INC.
Shipper, Per _____   Agent, Per _____

Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

FREE DELIVERY SERVICE REQUESTED WHERE AUTHORIZED BY RAILROAD TARIFF



# BORG INDAK, INC.

701 Enterprise Drive
Delavan, Wisconsin 53115
PHONE: (262) 728-5531
FAX: (262) 728-3788

## INVOICE

| Invoice # | Invoice Date | Page |
|---|---|---|
| 090864 | 9/30/2005 | 1 |

**Remit To:**
Borg Indak, Inc.
5297 Paysphere Circle
Chicago, IL 60674

**Bill To:**

DELCO ELECTRONICS SYSTEMS
ATTN: MAN. RECP. PROC. MS-A241
P.O. BOX 9005
KOKOMO, IN 46904-9005
USA

**Ship To:**

DELCO ELECTRONICS SYST/DERM
PLANT 74 - CUNEO SERVICE
1125 EAST VAILE
KOKOMO, IN 46902
USA

| CUSTOMER PO NUMBER | TERMS | SHIP VIA | FOB POINT |
|---|---|---|---|
| 50054374 | OTHER | SEE BELOW | ORIGIN |

| ORDERED BY | SALES REPRESENTATIVE | ORDER DATE | OUR ORDER # | CUSTOMER ID |
|---|---|---|---|---|
| TIM VOSS | 20006 | 9/27/2005 | 226847 | A228 |

| LN ID | QUANTITY ORDERED | SHIPPED | PART IDENTIFIER | DESCRIPTION / COMMENTS | UNIT | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|---|
| 01 | 18 204.00 | 40.00 | 16176557 | DERM MODULE - SERVICE<br>OEM P/N 16193440<br>2 CTNS @ 20PCS/EA<br>PL# 91056<br>BOL# 61805<br>1#SKD 69#G 25#T 44#N | EA | 22.2500 | $ 890.00 |

COMMENTS:
  VITRAN EXPRESS
  ATTN: GREG LUCAS
  SHIPPED VIA UPS

| LINE ITEM TOTALS | DISCOUNT | SUBTOTAL | FREIGHT | TAXABLE AMOUNT | TAX | MISC | INVOICE TOTAL |
|---|---|---|---|---|---|---|---|
| 890.00 | 0.00 | 890.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ 890.00 |

The articles and / or services covered in this invoice were produced
in compliance with the Fair Labor Standards Acts of 1938, as amended.

**BORG INDAK, INC**

PACKING LIST

[Illegible packing list form with fields for Order No., Order Date, Page, Bill To, Ship To, Customer Purchase Order No., Terms, Ship Via, F.O.B. Point, Ordered By, Sales Representative, Order Date, Our Order No., Customer ID., Quantity Ordered/Shipped, Cartons, Unit, Part Number, Description/Comments, Weight, Carrier Comments, PRO, Additional Notations, Final Destination, Transportation, Shippers No., Prepaid, DUNS # 82-556-0082]

FREE DELIVERY SERVICE REQUESTED WHERE AUTHORIZED BY RAILROAD TARIFF

# BORG INDAK, INC®

701 Enterprise Drive
Delavan, Wisconsin 53115
PHONE: (262) 728-5531
FAX: (262) 728-3788

**THIS SHIPPING ORDER** must be legibly filled in, in ink, in indelible pencil or carbon, subject to the classifications and tariffs in effect on the date of issue of this Bill of Lading.

The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding _____ per _____

| ORDER NO. | ORDER DATE | PAGE |
|---|---|---|

Subject to Section 7 of conditions of applicable bill of lading. If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:
The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. BORG INDAK, INC. (Signature of consignor)

REC'D $ _____
PER _____
Charges Advanced $ _____

To Apply in prepayment of the charges on the property described hereon
Agent or Cashier _____ (The signature here acknowledges only the amount prepaid)

**CONSIGNED TO:**

"Shipper's imprint in lieu of stamp; not a part of bill of lading approved by the Interstate Commerce Commission."

"If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is 'carrier's or shipper's weight'."

NOTE – Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.

The Fibre boxes used for this shipment conform to the specifications set forth in the box maker's certificate thereon, and all other requirements of Consolidated Freight Classification.

| CUSTOMER PURCHASE ORDER NO. | TERMS | SHIP VIA | F.O.B. POINT |
|---|---|---|---|
| | | | |

| ORDERED BY | SALES REPRESENTATIVE | ORDER DATE | OUR ORDER NO. | CUSTOMER ID. |
|---|---|---|---|---|
| | | | | |

| LIN | DL | DUE DATE | QUANTITY ORDERED | QUANTITY SHIPPED | C | CARTONS | UNIT | PART NUMBER | DESCRIPTION COMMENTS | WEIGHT |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 70 lbs |

*COLLECT* (stamped)

| CARRIER / COMMENTS: | PRO: |
|---|---|

ADDITIONAL NOTATIONS:
PLEASE DELIVER ON:
FINAL DESTINATION:

**TRANSPORTATION**
PREPAID ☐
DUNS # 82-556-8082

**SHIPPER'S NO.**

Vitran Express www.vitranexpress.com
World Class Customer Service 800/967-3331

0000 629 9810

Driver's signature acknowledges receipt of freight only. Unless otherwise agreed to under separate contract, terms and conditions of tariff VITR125 apply.

BORG INDAK, INC.
Shipper, Per _____ Agent, Per _____

Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

FREE DELIVERY SERVICE REQUESTED WHERE AUTHORIZED BY RAILROAD TARIFF