IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

In re: ) Chapter 11
)
Delphi Corporation, et al. ) Case No. 05-44481 (RDD)
) (Jointly Administered)

Response to 9th Omnibus Objection to Claims by Delphi Corporation, *et al;* Sierra Liquidity Fund, LLC (Assignee); Metric Equipment Sales Inc. (Assignor), Claim No. 15976

from: Sierra Liquidity Fund, LLC (Assignee); Metric Equipment Sales Inc. (Assignor), Claim No. 15976, 2699 White Road, Ste.255, Irvine, CA 92614, (949) 660-1144, ext. 17, fax: 949-660-0632, saugust@sierrafunds.com, tgarza@sierrafunds.com

to: Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004

Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel)

Counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606 (Attn: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese)

re: Sierra Liquidity Fund, LLC (Assignee); Metric Equipment Sales Inc. (Assignor), Claim No. 15976

date: Wednesday, February 28th, 2007

Sierra Liquidity Fund, LLC ("Sierra") has received the Debtor's 9th Omnibus Objection to claims requesting that the above claim in the amount of $991.00 be disallowed and expunged on the basis that Claim # 15976 was untimely and late filed and not owing pursuant to the Debtor's books and records.

Sierra Liquidity Fund, LLC (Assignee) and Metric Equipment Sales Inc. (Assignor) ("Metric") Object to this Objection.

1. Sierra and Bales acknowledge that Proof of Claim # 15976 was filed on April 19th, 2006 after the Bar Date of July 31st, 2006. However, Proof of Claim # 15976 is not a new claim, rather Claim # 15976 merely amends the timely filed claim # 2694 filed by Metric & Sierra. Please find attached sufficient documentation supporting the Amending Proof of Claim # 15976 in an amount of $991.00.

2. Upon review of the filed Proof of Claims and supporting documentation, we dutifully request that Debtors and the Court allow Claim # 15976 for the full filed amount of $991.00 as liquidated and undisputed.

3. To expedite this matter, we suggest a Stipulation Agreement be prepared for the amount of $991.00 and sent immediately to Sierra's attention for signature.

4. Copies of the following have been enclosed with this response: The Notice of 9th Omnibus Objection to Claim # 15976, the transfer agreement executed between Sierra Liquidity Fund, LLC (Assignee/Transferee) and Metric Equipment Sales Inc. (Assignor), Amending Proof of Claim # 15976 and #2694 as originally filed by Sierra Liquidity Fund, LLC as Assignee and Attorney-In-Fact for Metric Equipment Sales, Inc. (Assignor) and the supporting documentation requested for claim # 15976 evidencing the amount of $991.00 owed on Claim # 15976 filed by Sierra Liquidity Fund, LLC; Assignor: Metric Equipment Sales, Inc. **The supporting documents in Proof of Claim # 15976 include Invoices, Purchase Orders, and Proof of Deliveries.**

5. Sierra and Metric see no basis on behalf of the Debtor for the proposed reduction and modification of Claim # 15976, as the supporting claim documentation (Invoices, Purchase Orders, and Proofs of Deliveries) clearly show a preponderance of evidence that the claim in the amount of $991.00 remains due and owing as a valid unpaid pre-petition unsecured claim.

Please contact either of the following at your earliest convenience to resolve the objection.

Sierra Liquidity Fund, LLC Assignee and Attorney-In-Fact for Metric Equipment Sales Inc.

| Scott August, saugust@sierrafunds.com | Tammy Garza, tgarza@sierrafunds.com | Jim Riley, jriley@sierrafunds.com |
|---|---|---|
| 949-660-1144, ext. 17 | 949-660-1144 ext. 22 | 949-660-1144 ext. 16 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF OBJECTION TO CLAIM

Sierra Liquidity Fund LLC Assignee Metric Equipment Sales Inc Assignor:

  Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged as summarized in that table and described in more detail in the Debtors' Ninth Omnibus Objection To Certain Claims (the "Ninth Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Ninth Omnibus Objection is set for hearing on March 22, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED NINTH OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 15, 2007. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

  The enclosed Ninth Omnibus Objection identifies six different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

  Claims identified as having a Basis For Objection of "Insufficiently Documented Claim" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

  Claims identified as having a Basis For Objection of "Untimely Insufficiently Documented Claim" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim, and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books and Records Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books and Records Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Claim" are those Claims were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims for which (a) the Debtors have determined were overstated or were denominated in foreign currencies and the Debtors seek to modify to a fully liquidated, U.S.-denominated amount, and/or (b) the Debtors seek to appropriately re-classify the total amount of such remaining Claims, and/or (c) the Debtors seek to specify the appropriate Debtor by case number.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|---|---|---|---|---|---|
| 8/9/2006 | 15976 | $991.00 | Untimely Books and Records Claim | Disallow and Expunge | |

If you wish to view the complete exhibits to the Ninth Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Ninth Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a claim or the filing of a claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), ARE APPLICABLE TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO OBJECTION BY THE DEBTORS PURSUANT TO THE OBJECTION SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Ninth Omnibus Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on March 15,

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

2007. Your Response, if any, to the Ninth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the claims objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the claim; (v) to the extent that the claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 22, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on March 22, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO PROVISIONALLY ACCEPT SUCH AMOUNT AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS'

ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. If no Responses to the Ninth Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in the Claims Objection Procedures Order, the Bankruptcy Court may enter an order sustaining the Ninth Omnibus Objection without further notice other than notice of the entry of such an order as provided in the Claims Objection Procedures Order. Thus, your failure to respond may forever bar you from sustaining a claim against the Debtors.

SIERRA LIQUIDITY FUND LLC ASSIGNEE METRIC EQUIPMENT SALES INC ASSIGNOR
SIERRA LIQUIDITY FUND
2699 WHITE RD STE 255
IRVINE CA 92614

## Transfer of Claim

## Delphi Corporation, et al.

This agreement (the "Agreement") is entered into between __Metric Equipment Sales, Inc__ ("Assignor") and Sierra Liquidity Fund, LLC, Sierra Asset Management, LLC or assignee ("Assignee") with regard to the following matters:

1. Assignor in consideration of the sum of ~~[illegible]~~ent) of the current amount outstanding on the Assignor's trade claim (the "Purchase Price"), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to all of the claims of Assignor (the "Claim") against Delphi Corporation, et al. (affiliates, subsidiaries and other related debtors) (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court of New York, Southern District, in the current amount of not less than __minimum $991.00__ [insert the amount due, which shall be defined as "the Claim Amount"], and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, and other property which may be paid or issued by the Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2. Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by the Debtor to the Assignor, and that no valid defense or right of set-off to the Claim exists.

3. Assignor further represents and warrants that no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value.

4. Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor. If the Bar Date for filing a Proof of Claim has passed, Assignee reserves the right, but not the obligation, to purchase the Trade Claim for the amount published in the Schedule F.

5. Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim.

6. In the event that the Claim is disallowed, reduced, subordinated, or impaired for any reason whatsoever, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim disallowed divided by the Claim, plus 8% interest per annum from the date of this Agreement. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

7. To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to

take such reasonable further action, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

8. Assignor shall forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may request from time to time. Assignor acknowledges that any distribution received by Assignor on account of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

9. In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the prevailing party shall be entitled to its costs and expenses incurred, including reasonable attorney fees.

10. The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

11. Assignor hereby acknowledges that Assignee may at any time further assign the Claim together with all rights, title and interests of Assignee under this Agreement. All representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

12. This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Transferee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason whatsoever.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of California. Any action arising under or relating to this Agreement may be brought in any state or federal court located in California, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waive any right to demand a trial by jury.

**If you have filed a Proof of Claim please check here:** _____

**Please include invoices, purchase orders, and/or proofs of delivery that relate to the claim.**

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this __7th__ day of __November__, 2005.

ATTEST

By ___/s/ Julie Le___
    Signature

__Julie Le   Quality Analyst__
[Print Name and Title]

__(510) 264-0887__
Phone Number

Sierra Liquidity Fund, LLC, Sierra Asset Management, LLC, *et al.*
2699 White Rd, Ste 255, Irvine, CA 92614
949-660-1144 x17; fax: 949-660-0632 jriley@sierrafunds.com
10/20/05

__Metric Equipment Sales, Inc.__
Name of Company

__3486 Investment Blvd.__
Street Address

__Hayward, CA 94545__
City, State & Zip

__(510) 264-5371    jle@metrictest.com__
Fax Number                    Email

___/s/___
Agreed and Acknowledged,
Sierra Liquidity Fund, LLC, Sierra Asset Management, LLC, *et al*

## Creditor Data for Claim Number 2694

| | |
|---|---|
| **Creditor Name:** Metric Equipment Sales & Sierra Liquidity Fund<br>**Creditor Notice Name:** Sierra Liquidity Fund | **Date Claim Filed:** 4/19/2006<br>**Delphi Claim #:** 2694<br>**Court Claim #:** 2694<br>**Amend/Replace?** No |
| **Debtor Name:** Delphi Corporation<br>**Case Number:** 05-44481 | |
| **Claim Nature:** General Unsecured<br>**Amount of Claim:** $247.75 | **Creditor Info Altered?** N<br>**Objection Filed?** N |
| **Schedule:**<br>**Schedule Amt:** | |

## Creditor Data for Claim Number 15976

| | |
|---|---|
| **Creditor Name:** Sierra Liquidity Fund LLC Assignee Metric Equipment Sales Inc Assignor<br>**Creditor Notice Name:** | **Date Claim Filed:** 8/9/2006<br>**Delphi Claim #:** 15976<br>**Court Claim #:** 15976<br>**Amend/Replace?** Amend   **A/R Date:** 4/19/2006<br>**Claim # Amended/Replaced:**   **Date Filed:** |
| **Debtor Name:** Delphi Corporation<br>**Case Number:** 05-44481 | |
| **Claim Nature:** General Unsecured<br>**Amount of Claim:** $991.00 | **Creditor Info Altered?** N<br>**Objection Filed?** Y  **Basis:** Late Filed  **Total Amount:** $991.00<br>**Objection History** |
| **Schedule:**<br>**Schedule Amt:** | **Basis** \| **Status** \| **Notes**<br>Late Filed Claims \| Not resolved yet \| |

# PROOF OF CLAIM

United States Bankruptcy Court __Southern__ District Of __New York__

| | | |
|---|---|---|
| **Name of Debtor** <br> Delphi Automotive Systems, LLC & Delphi Corporation, et al. | **Case Number** <br> 05-44640 & 05-44481 | This Space For Court Use Only |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):

Sierra Liquidity Fund, LLC (Assignee)
Metric Equipment Sales, Inc. (Assignor)

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and Address where notices should be sent:**

Sierra Liquidity Fund
2699 White Road - Suite 255
Irvine, CA 92614

Telephone Number: 949-660-1144 x 17

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

This Space For Court Use Only

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☒ amends    a previously filed claim dated: 4/19/06
↳ POC #2694

**1. Basis for Claim**
- ☒ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)       (date)

**2. Date debt was incurred:** Various

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ 991.00

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority

Amount entitled to priority $ _____

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____

Value of Collateral $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ 991.00 _____ _____ 991.00
                                                    (Unsecured)   (Secured)  (Priority)    (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space For Court Use Only

**Date:** 7/28/06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

J.S. Riley Pres.

*Penalty for presenting fraudulent claim:* Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

# METRIC

3486 INVESTMENT BOULEVARD
HAYWARD, CA 94545

TELEPHONE 510/264-0887
800/432-3424
FAX 510/264-0886
FED ID # 94-3166569

# INVOICE

| | |
|---|---|
| INVOICE NO.: | R00035144 |
| TYPE: | Rental |
| INVOICE DATE: | 9/21/2005 |
| ORDER NO.: | 54810 |
| CUSTOMER P.O. #: | DWB00707 |
| SHIPPED: | 6/22/2005 |
| TERMS: | Net 30 |
| PAYMENT DUE: | 10/20/2005 |
| RENTAL TERM: | 30 Days |
| BILLING PERIOD: | 9/21/05 to 10/20/05 |

BILL TO:  210842

DELPHI
1441 W. LONG LAKE STREET
TROY, MI 48098

SHIP TO:  210842

DELPHI
1441 W. LONG LAKE STREET
TROY, MI 48098

Attn: Accounts Payable

| ITEM | QTY | MFG / MDL DESCRIPTION | | UNIT PRICE | TOTAL |
|---|---|---|---|---|---|
| 119154 | 1.00 | HP E4404B-A4H<br>S/N: MY41441085 | Spectrum Analyzer 9kHz-6.7GHz<br>(REF) | 946.00 | 946.00 |
| 118465 | 1.00 | HP 82357A<br>S/N: MY45100704 | USB/GPIB interface FOR WIN 98/ME<br>(REF) | 45.00 | 45.00 |

| | | |
|---|---|---|
| SUBTOTAL | USD | 991.00 |
| SALES TAX | | 0.00 |
| SHIPPING & HANDLING | | 0.00 |
| OTHER | | 0.00 |
| **TOTAL DUE** | | ~~991.00~~ |

*Thank you for your business.*

METRIC EQUIPMENT SALES, INC.
TERMS AND CONDITIONS OF SALE OR RENTAL

ALL PURCHASES OR RENTALS OF GOODS AND ALL PURCHASES OF SERVICES (SUCH GOODS AND SERVICES ARE THE "PRODUCTS") FROM METRIC EQUIPMENT SALES, INC. ("METRIC") TO THE CUSTOMER ("CUSTOMER") SHALL BE PURSUANT TO THE TERMS AND CONDITIONS SET FORTH IN SECTIONS 1-7 BELOW OR INCORPORATED BELOW AND, IF THE "SALE" BOX IS MARKED ON THE REVERSE HEREOF (A "SALE"), AS SET FORTH IN THE SALE TERMS AND CONDITIONS IN SECTION 8 BELOW AND, IF THE "RENTAL" BOX IS MARKED ON THE REVERSE HEREOF (A "RENTAL"), AS SET FORTH IN THE RENTAL TERMS AND CONDITIONS IN SECTION 9 BELOW (COLLECTIVELY, THE "TERMS"). CUSTOMER SHALL EVIDENCE ITS ACCEPTANCE OF THE TERMS BY EXECUTING THIS AGREEMENT IN THE APPROPRIATE SPACE ON THE REVERSE HEREOF, HOWEVER REGARDLESS OF WHETHER CUSTOMER SO EXECUTES THIS AGREEMENT CUSTOMER SHALL BE DEEMED TO HAVE ACCEPTED THE TERMS BY ORDERING OR ACCEPTING PRODUCTS. ANY TERMS OR CONDITIONS IN CUSTOMER'S PURCHASE ORDER IN ADDITION TO OR NOT IDENTICAL WITH THE TERMS WILL BE OF NO FORCE OR EFFECT AND WILL NOT BECOME PART OF THE AGREEMENT BETWEEN THE PARTIES.

1. Orders and Governing Terms. Orders may be initiated by written order or telephone order to Metric; however, they will not be binding upon Metric unless and until accepted by Metric in writing or by shipment of the Product ordered. All such purchase order acceptances by Metric are conditioned upon Customer's unqualified acceptance of these Terms, which acceptance shall be deemed to have occurred if Customer does not return the ordered Products to Metric within five (5) days of delivery. Customer shall be deemed to have accepted all Products unless Customer notifies Metric of Customer's nonacceptance within five (5) days of delivery. Customer may cancel or reschedule shipments of products more than thirty (30) days prior to the scheduled shipping date without charge or thirty (30) days or less prior to the scheduled shipping date, provided that Customer pays Metric twenty-five percent (25%) of the invoice price of all cancelled or rescheduled orders.

2. Shipping and Delivery. All Products shall be packed for shipment in Metric's standard containers, marked for shipment to the address specified by Customer, and delivered to a carrier or forwarding agent chosen by Metric. All shipments will be F.O.B. Metric's shipping location, and at the time of delivery to the carrier or forwarding agent chosen by Metric all risk of loss and, in the case of a Sale, title shall pass to Customer, and all freight, insurance and other shipping expenses, as well as any special packing expenses, shall be borne by Customer. Customer shall furnish, upon Metric's request, proof that it has insured the ordered Products. Metric shall use reasonable efforts to meet acknowledged shipment dates; however, Metric shall not be liable for any damages resulting from its failure to meet such shipment dates, even if Metric has been advised of the possibility of such damages.

3. Installment Shipments. General Payment Terms and Taxes. Every installment shipment shall be treated as a separate transaction, but in the event of default by Customer, and without any prejudice to Metric's rights under these Terms and in equity and law, Metric may decline to and/or elect to ship additional Product and such actions by Metric shall not constitute a waiver or in any way limit Metric's legal rights and remedies. Amounts outstanding for more than thirty (30) days will be subject to a monthly charge at the rate of one and one-half percent (1.5%) per month, or the maximum permitted by law, whichever is less as reasonable compensation for Metric's estimated damages from Customer's late payments. Unless otherwise stated in writing signed by Metric, prices are exclusive of all installation charges, sales, use, excise or other taxes or duties. Any such applicable charge, tax or duty shall be borne by Customer in addition to the prices quoted or invoiced. If Metric has any concerns as to the payment history or ability of Customer, it may ship any or all Products only against prior payment, letter of credit or C.O.D. and international shipments may be made against approved irrevocable letters of credit, payable upon delivery and in U.S. funds.

4. Limited Warranty. All Products are sold or rented subject to the provisions of the applicable Metric limited warranty available from Metric and expressly incorporated herein in its entirety by this reference. METRIC'S LIMITED WARRANTY EXTENDS TO THE CUSTOMER ONLY AND IS EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, AND METRIC MAKES NO OTHER WARRANTIES, EXPRESS OR IMPLIED, EITHER IN FACT OR BY OPERATION OF LAW, STATUTORY OR OTHERWISE, AND METRIC EXPRESSLY EXCLUDES AND DISCLAIMS ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. Before returning any Product (including a return at the end of a Rental), Customer shall contact Metric and request the necessary return material authorization number(s).

5. Limitation of Liability. Customer agrees that Metric's liability to Customer in any way connected with the Sale or Rental of Products to Customer, regardless of the form of action, shall in no event exceed the price paid by Customer for such Products. Under no circumstances will Metric be liable for any damages resulting from Metric's failure to meet any delivery schedule, even if Metric has been advised of the possibility of such damages. IN NO EVENT WILL METRIC BE LIABLE FOR COSTS OF PROCUREMENT OF SUBSTITUTE PRODUCTS OR SERVICES, LOST PROFITS, OR ANY SPECIAL, INDIRECT, CONSEQUENTIAL OR INCIDENTAL DAMAGES, HOWEVER CAUSED AND ON ANY THEORY OF LIABILITY, ARISING IN ANY WAY OUT OF THE SALE OR RENTAL OF PRODUCTS OR SERVICES TO CUSTOMER. THIS LIMITATION SHALL APPLY EVEN IF METRIC HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND NOTWITHSTANDING ANY FAILURE OF ESSENTIAL PURPOSE OF ANY LIMITED REMEDY.

6. Software. Customer acknowledges that all software and accompanying documentation ("Software") obtained by Customer from Metric are proprietary and are subject to certain proprietary rights. Any references to "purchases" or "rental" of Software signifies only the purchase or rental, as appropriate, of a license pursuant to the terms of the applicable license agreement(s). Customer agrees to be bound by all of the terms of such license agreement(s). The sale of Products to Customer shall in no way be deemed to confer upon Customer any right or interest in any proprietary rights.

7. Miscellaneous.

(a) Entire Agreement and Applicable Law. The Terms set forth herein and expressly incorporated by reference, including Metric's limited warranty, constitute the entire agreement between Metric and Customer with respect to the matters described herein and shall not be qualified or interpreted by any trade usage or prior course of dealing unless expressly authorized in writing by Metric. Any credits owed to customer for any reasons Metric has agreed to may be used on a future purchase or rental from Metric. If customer request the credit to be returned by check, customer must so request in writing and Metric will return the credit by check as soon as administratively possible. If credits remain unused for a period of six (6) months, such credits will become the property of Metric. Any suit between Customer and Metric with respect to the matters described herein and all matters related to the sale of services and/or sale or rental of Products by Metric to Customer shall be governed by and construed in accordance with the laws of the United States and the State of California, without respect to its provisions concerning the application of the laws of other jurisdictions. The parties agree that the United Nations Convention on Contracts for the International Sale of Goods is specifically excluded from application to this Agreement. Any suit brought with respect thereto shall be brought in the federal or state courts in the districts, which include Hayward, California, and Customer hereby agrees and submits to the personal jurisdiction and venue thereof.

(b) Attorney Fees. Customer shall pay all of Metric's attorneys' fees and costs incurred in any action or claim relating to any breach by Customer of any of its Agreement obligations, including those set forth in Section 3.

(c) Survival. The provisions of this Agreement which by their nature extend beyond the expiration or termination of this Agreement will survive and remain in effect until all obligations are satisfied.

(d) Waiver. No waiver of any right or remedy on one occasion by either party shall be deemed a waiver of such right or remedy on any other occasion.

(e) Product Changes. Metric shall have the right to make substitutions and modifications to the Products sold by it without notice to Customer, provided that such substitutions and modifications do not materially affect overall Product performance.

(f) Government Regulations. No United States government procurement regulations shall apply to Metric or this Agreement.

8. Sale Terms and Conditions. If this transaction is a Sale then the following additional terms shall apply: Customer shall pay Metric in U.S. dollars net thirty (30) days from the invoice date, which shall be on or about the date of shipment, to the payment address noted on the invoice. If Products are shipped in installments, Metric may invoice each installment separately and Customer shall pay each invoice in accordance with the Terms. Until the purchase price and all other charges payable to Metric have been received in full, Metric shall retain, and Customer hereby grants to Metric, a security interest in the Products delivered to Customer and any proceeds therefrom. Customer agrees to promptly execute any documents, including UCC financing statements, requested by Metric to document, perfect and/or protect such security interest.

9. Rental Terms and Conditions. If this transaction is a Rental then the following additional terms shall apply:

(a) Terms of Rent. Customer agrees to rent the Products from Metric. Unless otherwise stated on the reverse hereof, the minimum rental period shall be one (1) month and the minimum rent shall be $100. Rent will begin to accrue from the date of shipment by Metric. After the first month, the monthly rental shall be prorated on a daily basis and continue to accrue until the Products are received by Metric. Customer shall pay rent to Metric in U.S. dollars in advance of each monthly rental period to the payment address noted on the invoice. If Products are shipped in installments, each installment shall be deemed a separate Rental and Customer shall pay rent for each such transaction in accordance with these Terms.

(b) Nature of Transaction. This transaction is only a rental of the Products and title shall not pass to Customer. Customer agrees to promptly execute any documents requested by Metric to protect its rights hereunder, including protective UCC filings.

(c) Use, Maintenance and Return. Customer may use the Products only for the purposes and in the manner intended by the manufacturer thereof. Customer shall be responsible for all maintenance of the Products, provided that Metric agrees to repair or calibrate defective equipment at Metric's offices. Customer shall insure each Product in accordance with customary business practice. Each Product shall be returned to Metric at the end of the rental thereof, freight prepaid, properly packaged and in the same condition as delivered, ordinary wear and tear excepted. If Customer fails to so return any Product then Customer shall, upon demand, pay to Metric the full cost of such Product.

(d) Default. If Customer fails to perform the terms hereof then Metric may declare this Agreement in default. Upon such declaration, Customer shall immediately return the Products to Metric in accordance with Section 9(c) above. Such return shall not relieve Customer of its obligation to pay rent or any other amounts, which accrued hereunder prior to such return.

(e) No Purchase Options. Unless otherwise specifically provided on the reverse hereof, Customer does not have the right to purchase or acquire title to the Products at the end of the rental thereof. Any such purchase option is automatically deemed void if Customer defaults in its obligations hereunder.

# METRIC

3486 INVESTMENT BOULEVARD
HAYWARD, CA 94545

TELEPHONE 510/264-0887
800/432-3424
FAX 510/264-0886
FED ID # 94-3166569

# INVOICE

| | |
|---|---|
| INVOICE NO.: | R00035582 |
| TYPE: | Rental |
| INVOICE DATE: | 10/21/2005 |
| ORDER NO.: | 54810 |
| CUSTOMER P.O. #: | DWB00707 |
| SHIPPED: | 6/22/2005 |
| TERMS: | Net 30 |
| PAYMENT DUE: | 11/19/2005 |
| RENTAL TERM: | 30 Days |
| BILLING PERIOD: | 10/21/05 to 11/19/05 |

BILL TO:    210842
DELPHI
1441 W. LONG LAKE STREET
TROY, MI 48098

SHIP TO:    210842
DELPHI
1441 W. LONG LAKE STREET
TROY, MI 48098

Attn: Accounts Payable

| ITEM | QTY | MFG / MDL DESCRIPTION | | UNIT PRICE | TOTAL |
|---|---|---|---|---|---|
| 119154 | 1.00 | HP E4404B-A4H<br>S/N: MY41441085 | Spectrum Analyzer 9kHz-6.7GHz<br>(REF) | 946.00 | 946.00 |
| 118465 | 1.00 | HP 82357A<br>S/N: MY45100704 | USB/GPIB interface FOR WIN 98/ME,<br>(REF) | 45.00 | 45.00 |

| | | |
|---|---|---|
| SUBTOTAL | USD | 991.00 |
| SALES TAX | | 0.00 |
| SHIPPING & HANDLING | | 0.00 |
| OTHER | | |
| **TOTAL DUE** | | ~~991.00~~ |

*Thank you for your business.*

## METRIC EQUIPMENT SALES, INC.
### TERMS AND CONDITIONS OF SALE OR RENTAL

ALL PURCHASES OR RENTALS OF GOODS AND ALL PURCHASES OF SERVICES (SUCH GOODS AND SERVICES ARE THE "PRODUCTS") FROM METRIC EQUIPMENT SALES, INC. ("METRIC") TO THE CUSTOMER ("CUSTOMER") SHALL BE PURSUANT TO THE TERMS AND CONDITIONS SET FORTH IN SECTIONS 1-7 BELOW OR INCORPORATED BELOW AND, IF THE "SALE" BOX IS MARKED ON THE REVERSE HEREOF (A "SALE"), AS SET FORTH IN THE SALE TERMS AND CONDITIONS IN SECTION 8 BELOW AND, IF THE "RENTAL" BOX IS MARKED ON THE REVERSE HEREOF (A "RENTAL"), AS SET FORTH IN THE RENTAL TERMS AND CONDITIONS IN SECTION 9 BELOW (COLLECTIVELY, THE "TERMS"). CUSTOMER SHALL EVIDENCE ITS ACCEPTANCE OF THE TERMS BY EXECUTING THIS AGREEMENT IN THE APPROPRIATE SPACE ON THE REVERSE HEREOF, HOWEVER REGARDLESS OF WHETHER CUSTOMER SO EXECUTES THIS AGREEMENT CUSTOMER SHALL BE DEEMED TO HAVE ACCEPTED THE TERMS BY ORDERING OR ACCEPTING PRODUCTS. ANY TERMS OR CONDITIONS IN CUSTOMER'S PURCHASE ORDER IN ADDITION TO OR NOT IDENTICAL WITH THE TERMS WILL BE OF NO FORCE OR EFFECT AND WILL NOT BECOME PART OF THE AGREEMENT BETWEEN THE PARTIES.

1. <u>Orders and Governing Terms.</u> Orders may be initiated by written order or telephone order to Metric; however, they will not be binding upon Metric unless and until accepted by Metric in writing or by shipment of the Product ordered. All such purchase order acceptances by Metric are conditioned upon Customer's unqualified acceptance of these Terms, which acceptance shall be deemed to have occurred if Customer does not return the ordered Products to Metric within five (5) days of delivery. Customer shall be deemed to have accepted all Products unless Customer notifies Metric of Customer's nonacceptance within five (5) days of delivery. Customer may cancel or reschedule shipments of products more than thirty (30) days prior to the scheduled shipping date without charge or thirty (30) days or less prior to the scheduled shipping date, provided that Customer pays Metric twenty-five percent (25%) of the invoice price of all cancelled or rescheduled orders.

2. <u>Shipping and Delivery.</u> All Products shall be packed for shipment in Metric's standard containers, marked for shipment to the address specified by Customer, and delivered to a carrier or forwarding agent chosen by Metric. All shipments will be F.O.B. Metric's shipping location, and at the time of delivery to the carrier or forwarding agent chosen by Metric all risk of loss and, in the case of a Sale, title shall pass to Customer, and all freight, insurance and other shipping expenses, as well as any special packing expenses, shall be borne by Customer. Customer shall furnish, upon Metric's request, proof that it has insured the ordered Products. Metric shall use reasonable efforts to meet acknowledged shipment dates; however, Metric shall not be liable for any damages resulting from its failure to meet such shipment dates, even if Metric has been advised of the possibility of such damages.

3. <u>Installment Shipments, General Payment Terms and Taxes.</u> Every installment shipment shall be treated as a separate transaction, but in the event of default by Customer, and without any prejudice to Metric's rights under these Terms and in equity and law, Metric may decline to and/or elect to ship additional Product and such actions by Metric shall not constitute a waiver or in any way limit Metric's legal rights and remedies. Amounts outstanding for more than thirty (30) days will be subject to a monthly charge at the rate of one and one-half percent (1.5%) per month, or the maximum permitted by law, whichever is less as reasonable compensation for Metric's estimated damages from Customer's late payments. Unless otherwise stated in writing signed by Metric, prices are exclusive of all installation charges, sales, use, excise or other taxes or duties. Any such applicable charge, tax or duty shall be borne by Customer in addition to the prices quoted or invoiced. If Metric has any concerns as to the payment history or ability of Customer, it may ship any or all Products only against prior payment, letter of credit or C.O.D. and international shipments may be made against approved irrevocable letters of credit, payable upon delivery and in U.S. funds.

4. <u>Limited Warranty.</u> All Products are sold or rented subject to the provisions of the applicable Metric limited warranty available from Metric and expressly incorporated herein in its entirety by this reference. METRIC'S LIMITED WARRANTY EXTENDS TO THE CUSTOMER ONLY AND IS EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, AND METRIC MAKES NO OTHER WARRANTIES, EXPRESS OR IMPLIED, EITHER IN FACT OR BY OPERATION OF LAW, STATUTORY OR OTHERWISE, AND METRIC EXPRESSLY EXCLUDES AND DISCLAIMS ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. Before returning any Product (including a return at the end of a Rental), Customer shall contact Metric and request the necessary return material authorization number(s).

5. <u>Limitation of Liability.</u> Customer agrees that Metric's liability to Customer in any way connected with the Sale or Rental of Products to Customer, regardless of the form of action, shall in no event exceed the price paid by Customer for such Products. Under no circumstances will Metric be liable for any damages resulting from Metric's failure to meet any delivery schedule, even if Metric has been advised of the possibility of such damages. IN NO EVENT WILL METRIC BE LIABLE FOR COSTS OF PROCUREMENT OF SUBSTITUTE PRODUCTS OR SERVICES, LOST PROFITS, OR ANY SPECIAL, INDIRECT, CONSEQUENTIAL OR INCIDENTAL DAMAGES, HOWEVER CAUSED AND ON ANY THEORY OF LIABILITY, ARISING IN ANY WAY OUT OF THE SALE OR RENTAL OF PRODUCTS OR SERVICES TO CUSTOMER. THIS LIMITATION SHALL APPLY EVEN IF METRIC HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND NOTWITHSTANDING ANY FAILURE OF ESSENTIAL PURPOSE OF ANY LIMITED REMEDY.

6. <u>Software.</u> Customer acknowledges that all software and accompanying documentation ("Software") obtained by Customer from Metric are proprietary and are subject to certain proprietary rights. Any references to "purchases" or "rental" of Software signifies only the purchase or rental, as appropriate, of a license pursuant to the terms of the applicable license agreement(s). Customer agrees to be bound by all of the terms of such license agreement(s). The sale of Products to Customer shall in no way be deemed to confer upon Customer any right or interest in any proprietary rights.

7. <u>Miscellaneous.</u>

(a) Entire Agreement and Applicable Law. The Terms set forth herein and expressly incorporated by reference, including Metric's limited warranty, constitute the entire agreement between Metric and Customer with respect to the matters described herein and shall not be qualified or interpreted by any trade usage or prior course of dealing unless expressly authorized in writing by Metric. Any credits owed to customer for any reasons Metric has agreed to may be used on a future purchase or rental from Metric. If customer request the credit to be returned by check, customer must so request in writing and Metric will return the credit by check as soon as administratively possible. If credits remain unused for a period of six (6) months, such credits will become the property of Metric. Any suit between Customer and Metric with respect to the matters described herein and all matters related to the sale of services and/or sale or rental of Products by Metric to Customer shall be governed by and construed in accordance with the laws of the United States and the State of California, without respect to its provisions concerning the application of the laws of other jurisdictions. The parties agree that the United Nations Convention on Contracts for the International Sale of Goods is specifically excluded from application to this Agreement. Any suit brought with respect thereto shall be brought in the federal or state courts in the districts, which include Hayward, California, and Customer hereby agrees and submits to the personal jurisdiction and venue thereof.

(b) Attorney Fees. Customer shall pay all of Metric's attorneys' fees and costs incurred in any action or claim relating to any breach by Customer of any of its Agreement obligations, including those set forth in Section 3.

(c) Survival. The provisions of this Agreement which by their nature extend beyond the expiration or termination of this Agreement will survive and remain in effect until all obligations are satisfied.

(d) Waiver. No waiver of any right or remedy on one occasion by either party shall be deemed a waiver of such right or remedy on any other occasion.

(e) Product Changes. Metric shall have the right to make substitutions and modifications to the Products sold by it without notice to Customer, provided that such substitutions and modifications do not materially affect overall Product performance.

(f) Government Regulations. No United States government procurement regulations shall apply to Metric or this Agreement.

8. <u>Sale Terms and Conditions.</u> If this transaction is a Sale then the following additional terms shall apply: Customer shall pay Metric in U.S. dollars net thirty (30) days from the invoice date, which shall be on or about the date of shipment, to the payment address noted on the invoice. If Products are shipped in installments, Metric may invoice each installment separately and Customer shall pay each invoice in accordance with the Terms. Until the purchase price and all other charges payable to Metric have been received in full, Metric shall retain, and Customer hereby grants to Metric, a security interest in the Products delivered to Customer and any proceeds therefrom. Customer agrees to promptly execute any documents, including UCC financing statements, requested by Metric to document, perfect and/or protect such security interest.

9. <u>Rental Terms and Conditions.</u> If this transaction is a Rental then the following additional terms shall apply:

(a) Terms of Rent. Customer agrees to rent the Products from Metric. Unless otherwise stated on the reverse hereof, the minimum rental period shall be one (1) month and the minimum rent shall be $100. Rent will begin to accrue from the date of shipment by Metric. After the first month, the monthly rental shall be prorated on a daily basis and continue to accrue until the Products are received by Metric. Customer shall pay rent to Metric in U.S. dollars in advance of each monthly rental period to the payment address noted on the invoice. If Products are shipped in installments, each installment shall be deemed a separate Rental and Customer shall pay rent for each such transaction in accordance with these Terms.

(b) Nature of Transaction. This transaction is only a rental of the Products and title shall not pass to Customer. Customer agrees to promptly execute any documents requested by Metric to protect its rights hereunder, including protective UCC filings.

(c) Use, Maintenance and Return. Customer may use the Products only for the purposes and in the manner intended by the manufacturer thereof. Customer shall be responsible for all maintenance of the Products, provided that Metric agrees to repair or calibrate defective equipment at Metric's offices. Customer shall insure each Product in accordance with customary business practice. Each Product shall be returned to Metric at the end of the rental thereof, freight prepaid, properly packaged and in the same condition as delivered, ordinary wear and tear excepted. If Customer fails to so return any Product then Customer shall, upon demand, pay to Metric the full cost of such Product.

(d) Default. If Customer fails to perform the terms hereof then Metric may declare this Agreement in default. Upon such declaration, Customer shall immediately return the Products to Metric in accordance with Section 9(c) above. Such return shall not relieve Customer of its obligation to pay rent or any other amounts, which accrued hereunder prior to such return.

(e) No Purchase Options. Unless otherwise specifically provided on the reverse hereof, Customer does not have the right to purchase or acquire title to the Products at the end of the rental thereof. Any such purchase option is automatically deemed void if Customer defaults in its obligations hereunder.

# PURCHASE ORDER: OWB00707

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

PHONE: 248-267-132?
S. BRIGOLIN
D-04
Buyer

ORDER DATE: 03/18/05

**SHIP TO:**

**INVOICE TO:**
INVOICING NOT REQUIRED FOR DELPHI CORPORATION.
PAYMENTS ARE GENERATED FROM RECEIPT OF GOODS AND SERVICES.
TERMS NOTED ON ORDER. X    US
X

DELPHI AUTOMOTIVE SYSTEMS
WORLD HEADQUARTERS
5725 DELPHI DRIVE
TROY, MI
48098-2815
US

VENDOR NUMBER 79-825-3068
METRIC EQUIPMENT SALES INC
3486 INVESTMENT BLVD
HAYWARD CA
94545

REFER TO P.O. CLAUSE BELOW

| QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | F.O.B. | DESTINATION UNLESS OTHERWISE INDICATED | RFQ NUMBER | DATE REQUIRED | TAX CODE/% | BASE UNIT PRICE | PRICE MULTIPLIER |
|---|---|---|---|---|---|---|---|---|---|
| | | | CALL | THIS IS A MISC BLANKET ORDER FOR THE COMMODITY CE TESTING | | | | | |

### THIS IS A LOCAL BLANKET ORDER ###

EFFECTIVE DATE: 03/15/05    EXPIRATION DATE: 03/15/06

THIS ORDER LISTED IN THE FOLLOWING CURRENCY USD DOLLAR (UNITED STATES)

MONTHLY RENTAL OF HP 86480-1E5 SIGNAL GENERATOR FOR CE PRODUCTS.

IMPORTANT: DELPHI DOES NOT PAY FREIGHT..........

TO SCHEDULE A PICK CALL DAN GABON @ (248) 267-8672

***** RIGHT TO AUDIT *****
BY ACCEPTANCE OF THIS PURCHASE ORDER THE SELLER GRANTS TO DELPHI AUTOMOTIVE ACCESS TO ALL PERTINENT LEDGERS, PAYROLL DATA, BOOKS, RECORDS, CORRESPONDENCE, WRITTEN INSTRUCTIONS, DRAWINGS, RECEIPTS, VOUCHERS AND OTHER DOCUMENTS FOR THE PURPOSE OF AUDITING THE CHARGES AND/OR ALL ALLOCATIONS RELATED TO THIS PURCHASE ORDER. SELLER FURTHER

TERMS: 30 DAYS

CONTINUE PAGE

ORIGINAL



## MetricTest

June 15, 2005

DELPHI
1441 W. LONG LAKE STREET
TROY, MI 48098

Frank Hirshenberger

Please review and sign, if you are in agreement with Metric Equipment's **Terms and Conditions**, for your rental orders. The basic principle of our terms on rentals is to assure that we are financially covered in the event of loss, theft, damage, or non-payment. By signing this rental agreement you assume the responsibility for the full value of the equipment including accessories that are shipped. The value will be determined as manufacturer's list price for new and Metric's web site prices for refurbished.
The rental payments are due and payable up to the date of return to Metric.

Your order is for the following equipment in reference to your PO # DWB00707

2 (Two) HP 8648D-1E5 to be rented on a monthly basis at $557.00 per Month ea
2 (Two) HP 8648D-1E2-1E5 to be rented on a monthly basis at $557.00 per Month ea
1 (One) HP E4404B-A4H to be rented on a monthly basis at $946.00 per Month
1 (One) HP 82357A to be rented on a monthly basis at $45.00 per Month

For a total monthly rental rate of $3,219.00

Metric has the right to retrieve the equipment at any time without warrant or judgment for the reason of non-payment beyond terms granted. We reserve the right to collect any fees in association with our collection efforts if needed. Equity can only be earned on equipment with specific written buy out agreements and only when purchased, not on equipment returned or picked up due to non-payment.

This document serves as a reminder that the equipment is the property of MetricTest and the title belongs to MetricTest. Verify ALL accessories to this unit, and call within 24 Hours of receipt of the equipment if any accessories are missing.

**Sign and fax back to (510-264-5371)**

Thank you,
Signed _____         Signed _*Frank M. Hirschenberger*_
         Deborah Hart-Hugel                        Authorized Rep. Of DELPHI
                                                   FRANK M. HIRSCHENBERGER

*6,000 instruments. One source.*

3463 Investment Blvd, Hayward, CA 94545 | Tel: 510-264-0842 / 800-132-3124 | Fax 510-264-0886 | www.metrictest.com

# PROOF OF CLAIM

| United States Bankruptcy Court __Southern__ District Of __New York__ | | This Space For Court Use Only |
|---|---|---|
| Name of Debtor: Delphi Corporation | Case Number: 05-44481 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property): METRIC EQUIPMENT SALES + Sierra Liquidity Fund

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and Address where notices should be sent:**

Sierra Liquidity Fund
2699 White Road - Suite 255
Irvine, CA 92614

Telephone Number: 949-660-1144 x 17

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

This Space For Court Use Only

**Last four digits of account or other number by which creditor identifies debtor:**

Check here if this claim ☐ replaces ☐ amends a previously filed claim dated: _____

**1. Basis for Claim**
☒ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)    (date)

**2. Date debt was incurred:** Various

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ 247.75

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority

Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other_____
Value of Collateral $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ _____ _____ _____ 247.75
(Unsecured) (Secured) (Priority) (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
7. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space For Court Use Only

Date: 4/13/06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): J.S. RILEY

Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571