# IN THE UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Delphi Corporation, et al. | ) | Case No. 05-44481 (RDD) |
|  | ) | (Jointly Administered) |

Response to 9th Omnibus Objection to Claims by Delphi Corporation, *et al;* Sierra Liquidity Fund, LLC (Assignee); Precision Wire Technologies (Assignor), Claim No. 2442

from: Sierra Liquidity Fund, LLC (Assignee); Precision Wire Technologies (Assignor), Claim No. 2442, 2699 White Road, Ste. 255, Irvine, CA 92614, (949) 660-1144, ext. 17, fax: 949-660-0632, saugust@sierrafunds.com, tgarza@sierrafunds.com

to: Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004

Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel)

Counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606 (Attn: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese)

re: Sierra Liquidity Fund, LLC (Assignee); Precision Wire Technologies (Assignor), Claim No. 2442

date: Wednesday, February 28, 2007

Sierra Liquidity Fund, LLC ("Sierra") has received the Debtor's 9th Omnibus Objection to claims requesting that the above claim in the amount of 1,229.76 be reduced and modified on the basis that the claim and asserted liability are not owing pursuant to the Debtor's books and records.

Sierra Liquidity Fund, LLC (Assignee) and Precision Wire Technologies (Assignor) ("Precision") Object to this Objection.

1. Please find attached sufficient documentation supporting the filed Proof of Claim # 2442 in an amount of $1,229.76.

2. Upon review of the filed Proof of Claim and supporting documentation, we dutifully request that Debtors and the Court allow Claim # 2442 for the full filed amount of $1,229.76 as liquidated and undisputed.

3. To expedite this matter, we suggest a Stipulation Agreement be prepared for the amount of $1,229.76 and sent immediately to Sierra's attention for signature.

4. Copies of the following have been enclosed with this response: The Notice of 9th Omnibus Objection to Claim # 2442 the transfer agreement executed between Sierra Liquidity Fund, LLC (Assignee/Transferee) and Precision Wire Technologies (Assignor) Proof of Claim # 2442 as originally filed by Sierra Liquidity Fund, LLC as Assignee and Attorney-In-Fact for Precision Wire Technologies (Assignor) and the supporting documentation requested for claim # 2442 evidencing the amount of $1,229.76 owed on Claim # 2442 filed by Sierra Liquidity Fund, LLC; Assignor: Precision Wire Technologies **The supporting documents in Proof of Claim # 2442 include Invoices, Purchase Orders, and Proof of Deliveries.**

5. Sierra and Precision Wire Technologies see no basis on behalf of the Debtor for the proposed reduction and modification of Claim # 2442, as the supporting claim documentation (Invoices, Purchase Orders, and Proofs of Deliveries) clearly show a preponderance of evidence that the claim in the amount of $1,229.76 remains due and owing as a valid unpaid pre-petition unsecured claim.

6. Sierra and Precision Wire Technologies do not object to the proposed Modified Debtor for which Claim # 2442 is against.

Please contact any of the following at your earliest convenience to resolve the objection.

Sierra Liquidity Fund, LLC Assignee and Attorney-In-Fact for Precision Wire Technologies.

| Scott August | Tammy Garza | Jim Riley |
|---|---|---|
| 949-660-1144, ext. 17 | 949-660-1144 ext. 22 | 949-660-1144 ext. 16 |
| saugust@sierrafunds.com | tgarza@sierrafunds.com | jriley@sierrafunds.com |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
      In re                                :        Chapter 11
:
DELPHI CORPORATION, et al.,    :        Case No. 05-44481 (RDD)
:
                   Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF OBJECTION TO CLAIM

Precision Wire Technologies Sierra Liquidity Fund:

     Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged as summarized in that table and described in more detail in the Debtors' Ninth Omnibus Objection To Certain Claims (the "Ninth Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Ninth Omnibus Objection is set for hearing on March 22, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED NINTH OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 15, 2007. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

     The enclosed Ninth Omnibus Objection identifies six different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

     Claims identified as having a Basis For Objection of "Insufficiently Documented Claim" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

     Claims identified as having a Basis For Objection of "Untimely Insufficiently Documented Claim" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim, and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books and Records Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books and Records Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Claim" are those Claims were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims for which (a) the Debtors have determined were overstated or were denominated in foreign currencies and the Debtors seek to modify to a fully liquidated, U.S.-denominated amount, and/or (b) the Debtors seek to appropriately re-classify the total amount of such remaining Claims, and/or (c) the Debtors seek to specify the appropriate Debtor by case number.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Modified Debtor | Modified Amount | Modified Nature |
| 3/28/2006 | 2442 | $1,229.76 | Claims Subject to Modification | 05-44640 | $872.30 | General Unsecured |

If you wish to view the complete exhibits to the Ninth Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Ninth Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a claim or the filing of a claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), ARE APPLICABLE TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO OBJECTION BY THE DEBTORS PURSUANT TO THE OBJECTION SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in a foreign currency.

ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Ninth Omnibus Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on March 15, 2007. Your Response, if any, to the Ninth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the claims objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the claim; (v) to the extent that the claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 22, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on March 22, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO PROVISIONALLY ACCEPT SUCH AMOUNT AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE

BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

      The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. If no Responses to the Ninth Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in the Claims Objection Procedures Order, the Bankruptcy Court may enter an order sustaining the Ninth Omnibus Objection without further notice other than notice of the entry of such an order as provided in the Claims Objection Procedures Order. Thus, your failure to respond may forever bar you from sustaining a claim against the Debtors.

PRECISION WIRE TECHNOLOGIES SIERRA LIQUIDTY FUND
PRECISION WIRE TECHNOLOGIES SIERRA LIQUIDTY FUND
2699 WHITE RD STE 255
IRVINE CA 92614

## Transfer of Claim

## Delphi Corporation, et al.

This agreement (the "Agreement") is entered into between Precision Wire Technologies LLC. ("Assignor") and Sierra Liquidity Fund, LLC, Sierra Asset Management, LLC or assignee ("Assignee") with regard to the following matters:

1. Assignor in consideration of the sum of **he current amount outstanding on the Assignor's trade claim** (the "Purchase Price"), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to all of the claims of Assignor (the "Claim") against Delphi Corporation, et al. (affiliates, subsidiaries and other related debtors) (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court of New York, Southern District, in the current amount of not less than ____$1,229.76_____ [insert the **amount due, which shall be defined as "the Claim Amount"**], and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, and other property which may be paid or issued by the Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2. Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by the Debtor to the Assignor, and that no valid defense or right of set-off to the Claim exists.

3. Assignor further represents and warrants that no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value.

4. Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor. If the Bar Date for filing a Proof of Claim has passed, Assignee reserves the right, but not the obligation, to purchase the Trade Claim for the amount published in the Schedule F.

5. Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim.

6. In the event that the Claim is disallowed, reduced, subordinated, or impaired for any reason whatsoever, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim disallowed divided by the Claim, plus 8% interest per annum from the date of this Agreement. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

7. To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to

take such reasonable further action, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

8. Assignor shall forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may request from time to time. Assignor acknowledges that any distribution received by Assignor on account of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

9. In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the prevailing party shall be entitled to its costs and expenses incurred, including reasonable attorney fees.

10. The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

11. Assignor hereby acknowledges that Assignee may at any time further assign the Claim together with all rights, title and interests of Assignee under this Agreement. All representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

12. This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Transferee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason whatsoever.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of California. Any action arising under or relating to this Agreement may be brought in any state or federal court located in California, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waive any right to demand a trial by jury.

**If you have filed a Proof of Claim please check here:** _____

**Please include invoices, purchase orders, and/or proofs of delivery that relate to the claim.**

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this __23__ day of __November__, 2005.

ATTEST

By _____
Signature
Wayne D. Francey
V.P. of Operations
[Print Name and Title]

260-490-6477
Phone Number

Sierra Liquidity Fund, LLC, Sierra Asset Management, LLC, *et al.*
2699 White Rd, Ste 255, Irvine, CA 92614
949-660-1144 x17; fax: 949-660-0632 jriley@sierrafunds.com
10/20/05

Precision Wire Technologies, LLC
Name of Company

6320 Highview Drive
Street Address

Fort Wayne, IN 46818
City, State & Zip

260-490-8437    Ljones@precisionwiretech.com
Fax Number            Email

_____
Agreed and Acknowledged,
Sierra Liquidity Fund, LLC, Sierra Asset Management, LLC, *et al*

# PROOF OF CLAIM

| United States Bankruptcy Court __Southern__ District Of __New York__ | |
|---|---|
| Name of Debtor: Delphi Corporation & Delphi Automotive Systems, LLC | Case Number: 05-44481 & 05-44640 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): PRECISION WIRE TECHNOLOGIES / Sierra Liquidity Fund

Name and Address where notices should be sent:

Sierra Liquidity Fund
2699 White Road - Suite 255
Irvine, CA 92614

Telephone Number: 949-660-1144 x 17

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

This Space For Court Use Only

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces ☐ amends   a previously filed claim dated: _____
if this claim

**1. Basis for Claim**
- ☒ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)      (date)

**2. Date debt was incurred:** Various

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ 1,229.74

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority

Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____

Value of Collateral $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ 1,229.74
(Unsecured)       (Secured)       (Priority)       (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
7. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

Date: 3/20/06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): J.S. Riley

Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571



# Invoice

**PRECISION WIRE TECHNOLOGIES, LLC**
6320 Highview Drive • Fort Wayne, Indiana 46818
Phone: (260) 490-6477 • Fax: (260) 490-8437

| DATE | INVOICE # |
|---|---|
| 8/3/2005 | 8644 |

**BILL TO:**
Delphi Automotive Systems
2926 Davision Road
Dock#100, Dept 38-13
Flint, MI 48556

**SHIP TO:**
Delphi Automotive Systems
2926 Davision Road
Dock#100, Dept 38-13
Flint, MI 48556

| P.O. NUMBER | TERMS | REP | SHIP | VIA | F.O.B. | PROJECT |
|---|---|---|---|---|---|---|
| 450099235 | Net 30 | WDF | 8/3/2005 | UPS-Collect | Ft. Wayne, IN | |

| QUANTITY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|---|---|---|---|---|
| 31 | 3000056 | .0056 Alloy 300 P/N 5830 | 20.16 | 624.96 |

Payment Due 9/2/2005

1 Box Net Weight 30.00#

Thank you! We appreciate your continued business

**TOTAL**  $624.96



Home | About UPS | Contact UPS | Getting Started @ UPS.com

UPS Uni

Shipping | Tracking | Support | Business Solutions

**Tracking**

Log-In   User ID:   Password:      | Forgot Password

- **Track by Tracking Number**
  - Track by E-mail
  - Import Tracking Numbers
- Track by Reference Number
- Track by Freight Tracking Number
- Track by Freight Shipment Reference
- Track with Quantum View
- Sign Up for Signature Tracking
- Void a Shipment
- Help

### Track by Tracking Number

**View Tracking Summary**

To see a detailed report for each package, please select the **View package progress** lir

| Tracking Number | Status | Delivery Information | |
|---|---|---|---|
| 1. 1Z 740 475 03 4288 309 0<br>→ View package progress | Delivered | Delivered on:<br>Delivered to:<br>Signed by:<br>Service Type: | Aug 4, 2005<br>9:21 A.M.<br>FLINT, MI,<br>FISHER<br>GROUND |

Tracking results provided by UPS: Sep 19, 2005 5:00 P.M. Eastern Time (USA)



Hurricane Katrina Service Updates

NOTICE: UPS authorizes you to use UPS tracking systems solely to track shipments tende you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems a information is strictly prohibited.

Copyright © 1994-2005 United Parcel Service of America, Inc. All rights reserved.

DAILY SHIPMENT DETAIL REPORT

Date: 08/03/06
Record No.: 2582712 87 1

UPS Account No.: 740475
Sorted By: Order of Shipment

| me/Address | Shipment Detail | | Options | Reference Rate Charges | |
|---|---|---|---|---|---|
| ip To: EFAST SA 33 GREENWAY DRIVE WRENCE KS 66046 | Service Type: Total Packages: Hundredweight: Billable Wt.: Billing Option: | UPS NEXT DAY AIR 1 No LTR Prepaid | Shipment Service Charge: | $ | 16.00 |
| | Tracking No.: Package Type: | 1Z7404750141612879 UPS Letter | Package Service Charge: Shipper Amt: UPS Total Charge: | $ $ $ | 16.00 16.00 16.00 |
| ip To: KEN JONES THERMAL 55 GIBBARD AVENUE LUMBUS OH 43201-3052 | Service Type: Total Packages: Hundredweight: Billable Wt.: Billing Option: Package Ref No.1: | UPS GROUND 1 No 8.0 Freight Collect 3.19 | Shipment Service Charge: | $ | 4.54 |
| | Tracking No.: Package Type: Weight: Package Ref No.1: | 1Z7404750342946683 Package 8.0 3.19 | Package Service Charge: Declared Val. ($200.00): Receiver Amt: (477997) UPS Total Charge: | $ $ $ $ | 5.74 1.20 5.74 5.74 |
| ip To: LPHI AUTOMOTIVE SYSTEMS ept 38-13 26 Davision Road Dock100# NT MI 48556 | Service Type: Total Packages: Hundredweight: Billable Wt.: Billing Option: Package Ref No.1: | UPS GROUND 1 No 38.0 Freight Collect 30 | Shipment Service Charge: | $ | 8.77 |
| | Tracking No.: Package Type: Weight: Package Ref No.1: | 1Z7404750342883090 Package 38.0 30 | Package Service Charge: Declared Val. ($700.00): Receiver Amt: (428502) UPS Total Charge: | $ $ $ $ | 11.57 2.80 11.57 11.57 |
| ip To: DAVID SPELBRINK NDS SUPERABRASIVES, CO 10 AVENUE OF THE AMERICAS W YORK NY 10036 | Service Type: Total Packages: Hundredweight: Billable Wt.: Billing Option: | UPS GROUND 1 No 1.0 Prepaid | Shipment Service Charge: | $ | 3.82 |
| | Tracking No.: Package Type: Weight: | 1Z7404750343618106 Package 1.0 | Package Service Charge: Shipper Amt: UPS Total Charge: | $ $ $ | 3.82 3.82 3.82 |

mmary Totals:

| ipment Option | Shpts | Pkgs | Ref Charges | | Billing Option | Shpts | Pkgs | Ref Charges |
|---|---|---|---|---|---|---|---|---|
| | | | | | Prepaid | 2 | 2 | $ 19.82 |
| ckage Option | | Pkgs | Ref Charges | | Freight Collect | 2 | 2 | $ 17.31 |
| clared Value | | 2 | $ 4.00 | | TOTAL CHARGES | | | $ 37.13 |

4 Shipment(s)
4 Package(s)

Page 1

S WorldShip® 7.0.17 winspool 16417



# PRECISION
## WIRE TECHNOLOGIES, LLC

6320 Highview Drive • Fort Wayne, Indiana 46818
Phone: (260) 490-6477 • Fax: (260) 490-8437

# Invoice

| DATE | INVOICE # |
|---|---|
| 9/7/2005 | 8841 |

**BILL TO:**

Delphi Automotive Systems
2926 Davision Road
Dock#100, Dept 38-13
Flint, MI 48556

**SHIP TO:**

Delphi Automotive Systems
2926 Davision Road
Dock#100, Dept 38-13
Flint, MI 48556

| P.O. NUMBER | TERMS | REP | SHIP | VIA | F.O.B. | PROJECT |
|---|---|---|---|---|---|---|
| 450099235 | Net 30 | WDF | 9/7/2005 | UPS-Collect | | |

| QUANTITY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|---|---|---|---|---|
| 30 | 3000056 | .0056 Alloy 300 P/N 5830 | 20.16 | 604.80 |
| | | Quantity Shipped 30 lbs. | | |
| | | 1 Box | | |
| | | Payment Due 10/7/05 | | |

Thank you! We appreciate your continued business

**TOTAL**  $604.80

UPS Package Tracking  Page 1 of 1
05-44481-rdd    Doc 7244    Filed 03/13/07    Entered 03/14/07 16:20:07    Main Document
Pg 13 of 16



Home | About UPS | Contact UPS | Getting Started @ UPS.com

UPS Uni

Shipping | Tracking | Support | Business Solutions

WorldShip Customer

My UPS

**Tracking**

- **Track by Tracking Number**
- Track by E-mail
- Import Tracking Numbers
- Track by Reference Number
- Track by Freight Tracking Number
- Track by Freight Shipment Reference
- Track with Quantum View
- Sign Up for Signature Tracking
- Void a Shipment
- Help



**Track by Tracking Number**

View Tracking Summary

To see a detailed report for each package, please select the **View package progress** lir

| Tracking Number | Status | Delivery Information | |
|---|---|---|---|
| 1. 1Z 740 475 03 4196 935 7<br>→ View package progress | **Delivered** | Delivered on:<br>Delivered to:<br>Signed by:<br>Service Type: | Sep 8, 2005<br>9:50 A.M.<br>FLINT, MI,<br>GREEN<br>GROUND |

Tracking results provided by UPS: Oct 5, 2005 2:42 P.M. Eastern Time (USA)

**Tired of Re-Typing Tracking Numbers?**
Save the tracking numbers of undelivered packages for faster access to tracking informatic
→ Save Tracking Numbers

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tende you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems a information is strictly prohibited.



Hurricane-Related Service Updates →
Copyright © 1994-2005 United Parcel Service of America, Inc. All rights reserved.

https://wwwapps.ups.com/WebTracking/processInputRequest?HTMLVersion=5.0&trackn...    10/5/2005

Precision Wire Technologies, LLC
**DAILY SHIPMENT DETAIL REPORT**

Pickup Date: 09/07/05  
Pickup Record No.: 2582711 10 6  
UPS Account No.: 740475  
Sorted By: Order of Shipment

| Name/Address | Shipment Detail | | Options | | Reference Rate Charges | |
|---|---|---|---|---|---|---|
| **Ship To:**<br>DELPHI AUTOMOTIVE SYSTEMS<br>-Dept 38-13<br>2926 Davision Road Dock100#<br>FLINT MI 48556 | Service Type:<br>Total Packages:<br>Hundredweight:<br>Billable Wt.:<br>Billing Option:<br>Package Ref No.1: | UPS GROUND<br>1<br>No<br>37.0<br>Freight Collect<br>29.49 | Shipment Service Charge: | | $ | 8.64 |
| | Tracking No.:<br>Package Type:<br>Weight:<br>Package Ref No.1: | 1Z74047503419 69357<br>Package<br>37.0<br>29.49 | Package Service Charge:<br>Declared Val. ($600.00) :<br>Receiver Amt: (428502)<br>UPS Total Charge: | | $<br>$<br>$<br>$ | 11.04<br>2.40<br>11.04<br>11.04 |

**Summary Totals:**

| Shipment Option | Shpts | Pkgs | Ref Charges | | Billing Option | Shpts | Pkgs | Ref Charges |
|---|---|---|---|---|---|---|---|---|
| | | | | | Freight Collect | 1 | 1 | $ 11.04 |
| Package Option | | Pkgs | Ref Charges | | **TOTAL CHARGES** | | $ | 11.04 |
| Declared Value | | 1 | $   2.40 | | | | | |

1 Shipment(s)  
1 Package(s)

Page 1

UPS WorldShip® 7.0.17 winspool 16417

# DELPHI

Energy & Chassis Systems

Page 1 of 2

**Buyer:**
DELPHI
ENERGY & CHASSIS SYSTEMS
5820 DELPHI DR
TROY MI 48098

**Deliver to:**
DELPHI E & C FLINT EAST
2926 Davison Rd
FLINT MI 48556

PRECISION WIRE TECHNOLOGIES LLC
6320 HIGHVIEW DR
FORT WAYNE IN 46818

## Purchase Order

PO Number: 450099235
Version: 05/09/2005 10:12:03

Date Issued: 04/08/2005

SPOT BUY

Delivery date: 04/05/2005

Vendor No: 1007412
DUNS No: 173416736

**Payment Terms:** ZMN2   **Currency:** USD
Payment settled on 2nd, 2nd Month

**Incoterms:** FOB- Freight Collect

| Item No. | Material No/Item Identifier No Description | Total Order Quantity | Plant Requester |
|---|---|---|---|
| 00010 | 5830 COPPER-30LBS ***THIS AMENDMENT CHANGES ITEM*** | 90.000 | E101 DELPHI E & C FLINT EAST |

| Delivery Date | Scheduled Quantity | Price | Price Unit | UOM | Value |
|---|---|---|---|---|---|
| 04/05/2005 | 90.000 | 20,160.00 | 1,000 | LB | 1,814.40 |
| Net Line Item Value | | | | USD | 1,814.40 |

**Total net value**   USD   1,814.40

**Notes:**
This Contract replaces previous contract # ---
*****************************

Purchasing Contact: Anand, Sam

Phone: 248-813-3805

Fax: 248-813-4599

Contact Address:
DELPHI ENERGY & CHASSIS SYSTEMS
5725 Delphi Drive.
TROY MI 48098-2815

# DELPHI
_____ Energy & Chassis Systems

Page 2 of 2

| PRECISION WIRE TECHNOLOGIES LLC | Purchase Order | |
|---|---|---|
| 6320 HIGHVIEW DR | | |
| FORT WAYNE IN 46818 | PO Number | Date Issued |
| | 450099235 | 04/08/2005 |
| | Version | |
| | 05/09/2005 10:12:03 | |

| Item No. | Material No/Item Identifier No | Total Order Quantity | Plant |
|---|---|---|---|
| | Description | | Requester |

**Notes Continued:**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

As a supplier to Delphi Energy & Chassis you must use a Delphi approved transportation provider when Delphi is paying the bill. If you require assistance or routing instructions please contact Menlo Worldwide Logistics at 800-805-9433. Failure to follow these instructions could result in a charge back to your company

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Delphi requires suppliers of productive material be capable of communicating material forecasts, material schedules, shipping notices and associated information through Electronic Data Interchange (EDI). To insure that EDI communications are accurate and effective, each productive material supplier will be required to become EDI Certified by exhibiting their ability to send and/or receive the appropriate EDI messages in accordance with applicable standards prior to providing productive material. EDI Certification will be conducted and coordinated by the EDI Competency organization.

An Internet electronic form alternative solution is intended to provide relief in situations where establishing an in-house EDI capability is a hardship for a supplier providing limited material.

Please refer to Delphi's website: www.delphi.com then Suppliers/Supplier Community Portal / Supplier Standards, for additional information.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Seller acknowledges and agrees that Buyer's General Terms and Conditions are incorporated in, and a part of, this contract and each purchase order, release, requisition, work order, shipping instruction, specification and other document issued by Buyer or accepted in writing by Buyer, whether expressed in written form or by electronic data interchange, relating to the goods and/or services to be provided by Seller pursuant to this contract (such documents are collectively referred to as this "Contract"). A copy of Buyer's General Terms and Conditions is available upon written request to Buyer or via the internet at Delphi's website, delphi.com. Seller acknowledges and agrees that it has read and understands Buyer's General Terms and Conditions. If Seller accepts this Contract in writing or commences any of the work or services which are the subject of this Contract, Seller will be deemed to have accepted this Contract and Buyer's General Terms and Conditions in their entirety without modification. Any additions to, changes in, modifications of, or revisions of this Contract (including Buyer's General Terms and Conditions) which Seller proposes will be deemed to be rejected by Buyer except to the extent that Buyer expressly agrees to accept any such proposals in writing.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Title to goods shall transfer from seller to buyer upon arrival at buyer's consuming plant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

If the Seller has not received a routing instruction letter from the Buyer's logistics department, please call the Delphi Logistics Help Desk at 1-800-436-6668. (If you are located outside the US you can call the following number: 1-810-743-9211.)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

05/09/05 - Alteration to increase quantity from 30 lbs to 90 lbs. cap