**Hearing Date and Time: March 22, 2007 at 10:00 a.m.**
**Response Date and Time: March 15, 2007 at 4:00 p.m.**

David A. Rosenzweig (DR-5742)
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
(212) 318-3000

Attorney for Solvay Fluorides, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No.  05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF SOLVAY FLUORIDES, LLC TO DEBTORS' NINTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION**

Solvay Fluorides, LLC ("Solvay") hereby responds (the "Response") to Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification (the "Ninth Omnibus Claims Objection"), and respectfully states as follows:

**BACKGROUND FACTS**

1.      Solvay is headquartered in Houston, Texas, with manufacturing facilities located in Alorton, Illinois, and Catoosa, Oklahoma.  Solvay was previously known as Solvay Fluorides,

Inc. prior to its conversion from a corporation to a limited liability company.  Solvay also has an affiliated company, Solvay Fluor Mexico, with a plant located in Juarez, Mexico.  All of these facilities are involved in the manufacture of inorganic fluoride chemicals, including NOCOLOK® Flux, using the raw materials produced at the Juarez plant.  NOCOLOK® Flux is a specialty potassium fluoro aluminate flux which enables fully automated furnace brazing of aluminum heat exchanger components.

      2.      For approximately ten years prior to the Debtors' chapter 11 cases, Solvay served as Delphi's (and predecessor company General Motors) exclusive supplier of NOCOLOK® Flux (the "Delivered Goods") for Delphi's Lockport, New York and Juarez, Mexico locations.

      3.      Delphi would either fax, phone, or via its Electronic Data Interface ("EDI") system, send notice to Solvay the NOCOLOK® Flux requirement for the following day or week. Delphi's Lockport, NY facility typically placed orders daily, while Delphi's Juarez, Mexico facility typically placed orders for one delivery per week.  These orders would include the type of produce (either standard NOCOLOK® Flux or NOCOLOK® Dry Static Flux – electrostatic FLUX), quantity and date required.  Solvay would confirm the information and instruct the appropriate warehouse to contact Delphi's appointed carrier for pick up.  The Delphi appointed carrier would then take the NOCOLOK® Flux and sign the bill of lading indicating that the goods were in fact received.  The bill of lading number is a Delphi assigned number.  At that point, the Nocolok® Flux product becomes the ownership of Delphi.  When the goods arrive at the Delphi facility docks, local Delphi personnel would enter such information into their EDI system acknowledging the receipt of goods.

4.      Payment terms were negotiated by Delphi to meet "most favored supplier" status, which meant that payment was typically made on the 2nd day of the third month past the month the goods were received. Payments were made electronically to Solvay's bank.

5.      With respect to the Delivered Goods, as of the Petition Date, and pursuant to the payment terms described above, approximately $673,732.61 remains past due and payable to Solvay based upon NOCOLOK® Flux product which Solvay delivered to Delphi in 2003, 2004 and 2005.

6.      Based upon these amounts which remain past due and payable to Solvay, on May 30, 2006, Solvay filed a Proof of Claim (the "Proof of Claim") [Claim No. 7089] against Delphi in the amount of $673,732.61. The Proof of Claim is incorporated herein by reference for all purposes.

7.      On February 15, 2007, the Debtors filed their Ninth Omnibus Claim Objection objecting to Solvay's claim.

**RESPONSE**

8.      Pursuant to the Ninth Omnibus Claims Objection, the Debtors objected to Solvay's claim and seek to "modify" Solvay's claim by reclassifying its claim from Delphi Corporation to Delphi Automotive Systems LLC and by reducing its claim by $123,665.65.[1]

9.      On information and belief, the Debtors utilize an Electronic Data Interface ("EDI") system for confirming shipments. The Debtors utilize this same EDI system to instruct Debtors' accounting group to make payments on various orders, including the NOCOLOK® Flux orders from Solvay.

---

[1] Solvay's Proof of Claim was filed in the amount of $673,732.61. The Ninth Omnibus Claims Objection seeks to reduce Solvay's claim to $550,066.96.

10.     Throughout the Debtors' ten-year relationship with Solvay, it was not uncommon for the EDI system to miss payments for actual goods delivered. Such missed payments would often arise when there would be some sort of deviation in the transmission or quantity of the product delivered.

11.     During the latter part of 2003, the Debtors revamped the way their EDI system was operated. During this adjustment period, the Debtors failed to make payments for one particular grade of NOCOLOK® Flux (NOCOLOK® Dry Static Flux) that was sold and delivered to the Debtors' Lockport, New York location. This resulted in missed payments totaling $108,998.97 based upon thirty different transactions from September 24, 2003, through November 6, 2003.[2]

12.     Similarly, in 2004, the Debtors also failed to make payments on two additional invoices totaling $14,666.68 for NOCOLOK® Flux product. This payment information, or lack thereof, is also likely missing in the Debtors' EDI system due to the electronic disconnect described above.

13.     On information and belief, efforts to correct this situation have failed due to the Debtors' Lockport facility having cleansed their computer systems of all EDI information for 2003 and 2004. Accordingly, true and correct copies of the 2003 and 2004 invoices and bills of lading representing the missed payments are attached hereto as **Exhibit A** and are incorporated herein by reference for all purposes.[3]

---

[2] It should be noted that during this same period of time, the Debtors correctly made payments for a different grade of NOCOLOK® Flux product with an invoice value in excess of Solvay's current claim. Thus, there was clearly an electronic disconnect in the Debtors' EDI system since payments were properly made prior to and after this period of time, with the exception of two additional invoices in 2004, as described herein.

[3] True and correct copies of the 2005 invoices representing the missed payments were attached in the Proof of Claim, are incorporated herein by reference, and are also available upon request.

05-44481-rdd    Doc 7251    Filed 03/14/07    Entered 03/14/07 18:54:32    Main Document
Pg 5 of 6

14. Solvay does not object to the reclassification of its claim from Delphi Corporation to Delphi Automotive Systems LLC. However, for the reasons set forth herein, Solvay does object to its Proof of Claim being reduced from the filed amount.

15. Based on the foregoing, the Ninth Omnibus Claims Objection must be denied as it relates to reduction of the amount of Solvay's Proof of Claim.

**Reservation of Rights**

16. Solvay expressly reserves all of its rights to amend, modify, or supplement this Response.

**Memorandum Of Law**

17. Because the legal points and authorities upon which this Response relies are incorporated herein, Solvay respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Solvay respectfully requests that the Court deny the Ninth Omnibus Claims Objection as it relates to the Proof of Claim, allow Solvay's Proof of Claim in the amount as filed, and grant Solvay such other and further relief as the Court deems just and proper.

Dated:  March 14, 2007
         New York, New York

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By:  */s/ David A. Rosenzweig*
     David A. Rosenzweig (DR-5742)
     666 Fifth Avenue
     New York, New York 10103
     (212) 318-3000

Attorney for Solvay Fluorides, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2007, true and correct copies of the foregoing Response of Solvay Fluorides, LLC to Debtors' Ninth Omnibus Claims Objection was served on the entities listed below via Federal Express, overnight mail, postage prepaid.

*/s/ David A. Rosenzweig*
David A. Rosenzweig

**Federal Express (overnight mail):**

Delphi Corporation
Attn:  General Counsel
5725 Delphi Drive
Troy, Michigan 48098

Skadden, Arps, Slate, Meagher & Flom LLP
Attn:  John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

**Hard Copy Delivered via Courier:**

Honorable Robert D. Drain, United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 610
New York, New York 10004