**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors | (Jointly Administered) |

### REPLY OF CLAIMANT CAROLYN NEEDHAM TO DEBTORS' NINTH OMNIBUS CLAIMS OBJECTION

Through her authorized representative, Claimant Carolyn Needham takes exception and objects to the Debtors' objection to her claim. In furtherance of her position that her claim be allowed she states as follows:

1.      Carolyn Needham is the holder of Claim Number 14086. She also had Claim Numbers 14079-14085, but those were stricken, without objection, as duplicative. Said duplicative claims were filed - and labeled as so - because of the difficulty of discerning which Debtor is responsible for Carolyn Needham's claim.

2.      The Debtors' basis for the objection to Claim Number 14086 is that it is an "Insufficiently Documented Claim."

3.      The Debtors' contention is without merit. Ms. Needham's claim is a personal injury claim. In the claim, there was substantial detail as to the basis for the claim. It stated, in pertinent part:

> This is a claim for personal injury suffered due to the negligence of employees or other agents of the Debtor. The Chapter 11 petition for bankruptcy relief was brought, and the automatic stay was therefore imposed, before a state court action was ever brought. The claim is therefore unliquidated. The amount reflected in the claim is based upon the nature of the Claimant's injuries in light of probable results in the jurisdiction where the injury occurred - Ottawa County, Michigan.

*   *   *

In early August 2005, the Claimant, Carolyn Needham, was injured while working at the Debtor's plant in a Coopersville, Michigan. She was not an employee of the Debtor, but of a company contracted by the Debtor to provide food service to the Debtor's employees. The Claimant was, therefore, an invitee of the Debtor.

Under the law of the State of Michigan, the Debtor had "a duty of care not only to warn [the Claimant] of any known dangers, but also to make the premises safe, which requires the landowner to inspect the premises and . . .make any necessary repairs or warn of any discovered hazards." Stitt v. Holland Abundant Life Fellowship, 462 Mich. 591, 597; 614 N.W.2d 88 (2000).

In this case, the Debtor allowed a piece of equipment to become in disrepair, specifically, a steam table that was used to keep food warm. It had wires that were frayed or stripped of their insulation. The Debtor knew of this condition, but did not repair it. The wires fell into the water while the Claimant was working at the steam table. Because of the non-insulated state of the wires, a surge of electricity was sent through the water and the Claimant's body. The Claimant was knocked by the jolt onto her back. She suffered bruising, as well as back, neck, shoulder, and other joint injuries. Most of the injuries persist to this day.

4.  Federal Rule of Bankruptcy Procedure 3001 governs the filing of a Proof of Claim. The first requirement is that it conform substantially to the Official Form. Carolyn Needham's Proof of Claim used the Official Form. The second requirement is that if the claim is based on a writing the writing should be attached. Carolyn Needham's claim is not based on a writing, so there was nothing to attach. If a security interest in property of the debtor is claimed the rule requires that the proof of claim be accompanied by evidence of perfection of the security interest. Carolyn Needham does not claim a security interest, so there was nothing to attach.

5.  Carolyn Needham's Proof of Claim clearly was filed in accordance with the Rule. Therefore, it is *prima facie* evidence of the validity and the amount of the claim. Fed.R.Bankr.P. 3001(f). Hence, there is no basis for summarily disallowing or expunging the claim without a full evidentiary hearing to discern the underlying substance and value of the claim.

2

6.     As detailed above, the nature of this claim does not lend itself to the "documentation" that the Debtors' objection demands. Therefore, no additional documents are attached. However, in addition with comporting with the Rule, it is clear that Carolyn Needham's Proof of Claim sufficiently informed the Debtors of the nature of the claim so that they could evaluate how to address the claim. That each element of the claim (i.e., duty, breach, proximate cause, and damages) was met was alleged in the description provided with the Proof of Claim. Therefore, a *prima facie* case was established.

7.     Since this claim is unliquidated - it is a personal injury claim for principally non-economic damages that has not yet been brought to a trier of fact - it cannot be stated that a specific amount will ultimately found to be the liquidated amount. That will de a decision for the trier of fact. Therefore, Claimant Carolyn Needham maintains that the value of the claim is $100,000.

Wherefore, Carolyn Needham respectfully requests that the Debtors' objection to her Claim Number 14086 be denied.

Dated:  March 13, 2007

Timothy L. Taylor
Attorney at Law
Authorized Agent for Carolyn Needham
990 Monroe, N.W.
Grand Rapids, MI  49503
(616) 233-1300
(616) 459-8614 (fax)
timtaylorlaw@sbcglobal.net

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

### PROOF OF SERVICE

Timothy L. Taylor. authorized representative of Claimant Carolyn Needham, hereby states under Oath that on March 13, 2007 he served the **Reply of Claimant Carolyn Needham to Debtors' Ninth Omnibus Claims Objection** by Federal Express Overnight Delivery on the following:

United States Bankruptcy Court
Southern District of New York
One Bowling Green
Room 534
New York, NY  10004-1408

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
Room 610
New York, NY  10004

And that said document was served by first-class mail upon the following:

Delphi Corporation
Attn: Legal Counsel
5725 Delphi Drive
Troy, MI  48098

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn: John Butler, Jr., John K, Lyons, and
Joseph N. Wharton
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Dated:  March 13, 2007

Timothy L. Taylor
Attorney at Law
Authorized Agent for Carolyn Needham
990 Monroe, N.W.
Grand Rapids, MI  49503
(616) 233-1300
(616) 459-8614 (fax)
timtaylorlaw@sbcglobal.net