**Response Date and Time: March 15, 2007 at 4:00 p.m.**

**KNAUF SHAW LLP**
Alan J. Knauf, Esq. of Counsel
1125 Crossroads Building
2 State Street
Rochester, New York 14614
(585) 536-8430 (Phone)
(585) 436-4324 (Fax)

Attorneys for American Recycling & Manufacturing Co., Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | ) Chapter 11 ) ) Case No. 05-44481 |
| DELPHI CORPORATION, et al., | ) (Jointly Administered) ) |
| Debtors. | ) ) |

**AMERICAN RECYCLING & MANUFACTURING CO., INC. RESPONSE TO EIGHTH OMNIBUS CLAIMS OBJECTION**

American Recycling & Manufacturing Co., Inc. ("ARM"), a creditor of debtor Delphi Automotive Systems LLC and/or Delphi Corporation (together the "**Debtors**"), through its attorneys KNAUF SHAW LLP, hereby responds to the Eighth Omnibus Objection (Procedural) pursuant to 11 U.S.C. 502(b) and Fed. R. Bankr.P.3007 to Certain (A) Duplicate and Amended Claims, (B) Claims Duplicative of Consolidated Trustee Claims, (C) Equity Claims, and (D) Protective Claims (the "**Objection**") of Debtors, to the extent that the Objection challenges claims asserted by ARM. In support of its response, ARM respectfully states as follows:

1.  On or about October 8 and 14, 2005, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.  On or about July 31, 2006, ARM filed a Proof of Claim (No. 14526) in the amount of $38,397,95 for an unsecured nonpriority claim for goods and services supplied to Debtors by the ARM Rochester, New York facility. A copy is attached as Exhibit A.

3.  On or about February 15, 2007, Debtors filed the Objection, contending that the

        Claim should not be allowed for greater than $33,759.16.

4. The Objection should be overruled insofar as it relates to ARM because it fails to produce any evidence whatsoever to overcome the *prima facie* validity of ARM's Claims.

5. Pursuant to 11 U.S.C. §502(a), a proof of claim is deemed to be allowed unless a party in interest objects.. Thus, ARM's Proof of Claim operates as *prima facie* evidence of ARM's claims against Debtors.

6. The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is *prima facie* valid. The burden of proof then shifts to the objecting party to produce sufficient evidence to negate the *prima facie* validity of the proof of claim by refuting at least one of the essential allegation of such claim. Only after the objecting party produces evidence equal in force to the *prima facie* claim does the burden revert to the claimant to prove the validity of its claim by preponderance of the evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also*, *Fullmer v. U.S. (In re Fullmer)*, 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.") [citations omitted].

7. The Objection fails to set forth any facts to overcome the *prima facie* validity of the Claims. Instead, the Objection makes only the conclusory statements that the Claims are duplicative. The Debtors have offered no factual argument or legal basis to support Debtors' objection to the Claims beyond the bare assertions in the Objection. As such, the Objection should be disallowed.

WHEREFORE, ARM respectfully requests that this Court deny the Objection as it relates

to the Claim of ARM, and grant ARM such other and further relief as may be just and proper.

Dated: March 14, 2007

                                      /s/ Alan J. Knauf
                                      Alan J. Knauf, Esq.
                                      **KNAUF SHAW LLP**
                                      Attorneys for American Recycling &
                                          Manufacturing Co., Inc.
                                      1125 Crossroads Building
                                      2 State Street
                                      Rochester, New York 14614
                                      Telephone: (585) 546-8430
                                      Facsimile: (585) 546-4324

# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT Southern | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 | ☒ Date Stamped Copy Returned<br>☐ No self addressed stamped envelope<br>☐ No copy to return |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): ~~Unlimited Ventures Inc~~ American Recycling & Manufacturing Co., Inc.

Name and address where notices should be sent:
~~Unlimited Ventures Inc~~
American Recycling & Mfg Co., Inc.
58 Mckee Rd
Rochester NY 14611
f/k/a Unlimited Ventures, Inc. of NJ - N America

Telephone number: 585-235-2210

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

COPY
RECEIVED
AUG 14 2006
KURTZMAN CARSON

Account or other number by which creditor identifies debtor:
62-415-9943

Check here ☐ replaces ☐ amends a previously filed claim, dated: _____

1. **Basis for Claim**
   - ☒ Goods Sold / Services Performed
   - ☐ Customer Claim
   - ☐ Taxes
   - ☐ Money Loaned
   - ☐ Personal Injury
   - ☐ Other _____
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
     (date)      (date)

2. Date debt was incurred: 10/6/04 - 10/5/05 (see attached)

3. If court judgment, date obtained: n/a

4. Total Amount of Claim at Time Case Filed: $38,397.95 (unsecured)  0 (secured)  0 (priority)  38,397.95 (Total)
   See attached explanation
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $ _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. Unsecured Nonpriority Claim $ 38,397.95
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 2/28/06 | Alan J. Knauf, VP |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM

**Identity of Claimant.** The correct claimant is American Recycling & Manufacturing Co., Inc., a New York corporation ("ARM"). This corporation was formerly known as Unlimited Ventures, Inc. of North America, but changed its name to American Recycling & Manufacturing Co., Inc. Delphi often incorrectly referred to the claimant by the shortened name "Unlimited Ventures, Inc."

**Identity of Debtor.** ARM has filed two Proofs of Claim, each in the amount of $38,397.95. One names Delphi Automotive Systems, LLC as the debtor, and the other names Delphi Corp. as the debtor. Please note that these two claims are duplicative. ARM is unclear whether the correct identification for the corporate entity ARM provided goods and services is Delphi Automotive Systems, LLC or Delphi Corp., or whether goods and services were provided to both, so the claims should be split between the two entities. However, the total claim is only for $38,397.95 – not double that amount.

**Dates and Amounts.** The attached spreadsheet details the dates and amounts of the invoices which comprise the claim, and show it exceeds the scheduled debt of $33,759.16.

**DELPHI**

Bankruptcy Date 10/08/05

| VENDOR NO | LOCATION | INVOICE DATE | INVOICE NUMBER | INVOICE $$'s |
|---|---|---|---|---|
| A100-ROCH | Automotive FNP | 10/6/2004 | ROCH-SALES4000010 | 94.52 |
| | | 9/12/2005 | ROCH-INV-4000053 | 657.12 |
| | | 9/12/2005 | ROCH-INV-4000075 | 657.12 |
| | | 9/12/2005 | ROCH-INV-4000082 | 110.88 |
| | | 9/20/2005 | ROCH-INV-4000211 | 590.70 |
| | | 9/28/2005 | ROCH-INV-4000229 | 328.56 |
| | | 9/28/2005 | ROCH-INV-4000302 | 102.24 |
| | | 10/5/2005 | ROCH-INV-4000303 | 984.50 |
| | | 10/5/2005 | ROCH-INV-4000431 | 787.60 |
| | | 10/5/2005 | ROCH-INV-4000432 | 72.32 |
| | | 10/5/2005 | ROCH-INV-4000433 | 55.44 |
| | | | A-100 TOTAL | $ 4,346.48 |
| A-101-ROCH | Automotive | 8/3/2005 | ROCH-4000003951 | 436.00 |
| | | 8/31/2005 | ROCH-4000003990 | 832.00 |
| | | 9/7/2005 | ROCH-INV-40000005 | 890.00 |
| | | 9/8/2005 | ROCH-INV-40000011 | 149.50 |
| | | 9/12/2005 | ROCH-INV-40000022 | 350.00 |
| | | 9/12/2005 | ROCH-INV-40000068 | 2,670.00 |
| | | 9/14/2005 | ROCH-INV-40000074 | 149.50 |
| | | 9/14/2005 | ROCH-INV-40000087 | 149.50 |
| | | 9/20/2005 | ROCH-INV-40000177 | 2,670.00 |
| | | 9/22/2005 | ROCH-INV-40000188 | 525.00 |
| | | 6/22/2005 | ROCH-INV-40000210 | 350.00 |
| | | 9/26/2005 | ROCH-INV-40000251 | 299.00 |
| | | 9/27/2005 | ROCH-INV-40000279 | 75.96 |
| | | 9/30/2005 | ROCH-INV-40000355 | 51.00 |
| | | | A-101 TOTAL | $ 9,597.46 |
| A102-ROCH | MVR | 8/3/2005 | ROCH-4000003628 | 336 |
| | | 8/16/2005 | ROCH-4000003800 | 149.5 |
| | | 8/22/2005 | ROCH-4000003869 | 11616.05 |
| | | 8/22/2005 | ROCH-4000003870 | 2247.21 |
| | | 9/9/2005 | ROCH-INV-4000094 | 7858.04 |
| | | 9/9/2005 | ROCH-INV-4000095 | 2247.21 |
| | | | A-102 TOTAL | $ 24,454.01 |
| | | | GRAND TOTAL | $ 38,397.95 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the attached was served by Federal Express to:

Hon. Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Alicia M. Leonhard
Office of the U.S. Trustee
33 Whitehall Street, Suite 2100
New York, NY 10004

Dated: March 14, 2007

/s/ Alan J. Knauf