Hearing Date and Time: March 22, 2007 at 10:00 a.m. (Eastern Time)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone:   (212) 506-1700
Facsimile:   (212) 506-1800

*Counsel for Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                        )
In re:                                  )    Chapter 11
                                        )
DELPHI CORPORATION, et al.,             )    Case No. 05-44481 (RDD)
                                        )
                     Debtors.           )    (Jointly Administered)
                                        )
------------------------------------------------------------x
```

## RESPONSE OF CONTRARIAN FUNDS, LLC TO
## DEBTORS' EIGHTH AND NINTH OMNIBUS CLAIMS OBJECTIONS

Contrarian Funds, LLC ("Contrarian"), by and through its undersigned counsel, hereby

files this response (the "Response") to the *Debtors' Eighth Omnibus Objection (Procedural)*

*Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and*

*Amended Claims, (B) Claims Duplicative of Consolidated Trustee Claim, (C) Equity Claims, and*

*(D) Protective Claims* (the "Eighth Omnibus Objection") and *Debtors' Ninth Omnibus Objection*

*(Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A)*

*Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books and Records,*

*(C) Untimely Claims, and (D) Claims Subject to Modification* (the "Ninth Omnibus Objection").

In support of this Response, Contrarian respectfully states as follows:

## Factual Background

1.      On February 15, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Eighth Omnibus Objection and the Ninth Omnibus Objection (collectively, the "Omnibus Objections").

2.      In the Eighth Omnibus Objection, the Debtors ask the Court to disallow, as duplicative, certain claims held by Contrarian.  Contrarian does not oppose disallowance of proofs of claim numbers 6991 and 14878, which have been identified as duplicative in the Eighth Omnibus Objection, *provided however*, that the Debtors recognize Contrarian as the legal and beneficial holder of the claims asserted in proof of claim number 16447 ("PoC 16447") and proof of claim number 16386 ("PoC 16386").  If the Debtors do not recognize Contrarian as the legal and beneficial holder of PoC 16447 and PoC 16386, Contrarian does not consent to the disallowance of proofs of claim numbers 6991 and 14878.

3.      In the Ninth Omnibus Objection, the Debtors ask the Court to disallow, as untimely filed, Contrarian's claim asserted in proof of claim number 16374 ("PoC 16374").  As shown below, Contrarian timely filed PoC 16374 which should be allowed in full.

4.      In the Ninth Omnibus Objection, the Debtors also ask the Court to modify certain of Contrarian's proofs of claim, reserving the right to seek subsequent disallowance of those claims.  (Ninth Omnibus Objection ¶ 38.)  With respect to proofs of claim numbers 444,[1] 8341, [2]1935, 8029, 9110, 9114, 9115, 9116, 9790, 9794, 12697 and 15446 Contrarian consents to the modified amount proposed by the Debtors (the "Consented Modified Claims") and asks the Court to allow such claims in full.  With respect to proofs of claim numbers 7372, 10387, 12668,

---

[1]      On March 15, 2007, Contrarian filed its notice of transfer of proof of claim number 444 with the Bankruptcy Court [Docket No. 7265].  A copy of the Notice of Transfer is attached hereto as Exhibit "A".

[2]      On March 15, 2007, Contrarian filed its notice of transfer of proof of claim number 8341 with the Bankruptcy Court [Docket No. 7268].  A copy of the Notice of Transfer is attached hereto as Exhibit "B".

13775, 16377, and 16447, the Debtors have set forth no evidence to contradict the validity and
amount of these proofs of claim, thus, Contrarian opposes any modifications and requests that
the Court allow the claims as asserted in full (the "Disputed Modified Claims").  With respect to
the Consented Modified Claims and the Disputed Modified Claims, Contrarian requests an order
allowing and directing payment of these claims in full, rather than modifying them subject to
further disallowance.

## Argument

5.      Contrarian hereby timely submits this Response to the Omnibus Objections and
requests that the Court overrule the Omnibus Objections.

### A.      Contrarian Legally and Beneficially Holds PoC 16447 and PoC 16386.

6.      In the Eighth Omnibus Objection, the Debtors allege that proof of claim number
14878 ("PoC 14878") asserted against Delphi Corporation is duplicative of PoC 16447 asserted
against Delphi Mechatronic Systems, Inc. and ask the Court to expunge PoC 14878 with PoC
16447 as the surviving claim.

7.      In support of their objections, the Debtors wrongly assert that Wright Plastic
Products Co., LLC holds PoC 16447 when, in fact, Contrarian is the assignee of this claim.
Contrarian's notice of transfer reflecting the transfer of PoC 14878 to Contrarian, which transfer
the Debtors acknowledge, did not list PoC 16447, which is an amendment to PoC 14878.  On
March 2, 2007, Contrarian filed a notice of transfer to evidence that Contrarian also holds PoC
16447 [Docket No. 7109].  Thus, the Court should find that Contrarian legally and beneficially
holds PoC 16447, which claim should be allowed in full.  A copy of the notices of transfer for
PoC 14878 and 16447 are attached hereto as Exhibits "C" and "D", respectively.

8.      Provided that the Court allows PoC 16447 in full as a claim held by Contrarian, Contrarian does not object to PoC 14878 being expunged.[3]

9.      In the Eighth Omnibus Objection, the Debtors allege that proof of claim number 6991 ("PoC 6991") asserted against Delphi Corporation is duplicative of PoC 16386 asserted against Delphi Automotive Systems, Inc. and ask the Court to expunge PoC 6991 with PoC 16386 as the surviving claim.

10.     In support of their objection, the Debtors wrongly assert that PoC 16386 is held by Hain Capital Holdings LLC when, in fact, Contrarian holds this claim.  After the Debtors filed the Omnibus Objections, Contrarian contacted the Debtors' claims agent, Kurtzman Carson Consultants LLC ("Kurtzman").  Representatives at Kurtzman confirmed that Kurtzman mistakenly listed PoC 16386 as held by Hain Capital Holdings LLC and agreed that it is held by Contrarian.  In fact, as of the date of this Response, Kurtzman's claims register (the "Claims Register") reflects this corrected information.  *See* relevant page from claims register attached hereto as Exhibit "E".  Thus, the Court should find that Contrarian legally and beneficially holds PoC 16386, which claim should be allowed in full.

11.     Provided that the Court allows PoC 16386 in full as a claim held by Contrarian, Contrarian does not object to PoC 6991 being expunged.[4]

**B.      Contrarian Timely Filed PoC 16374.**

12.     In the Ninth Omnibus Objection, the Debtors erroneously allege that Contrarian filed PoC 16374 after the bar date in these cases.

---

[3]      If the Debtors do not allow PoC 16447 in full as a claim held by Contrarian, Contrarian objects to the expungement of PoC 14878.

[4]      If the Debtors do not allow PoC 16386 in full as a claim held by Contrarian, Contrarian objects to the expungement of PoC 6991.

13.    PoC 16374 is an amendment to proof of claim number 10381 ("PoC 10381").

Contrarian filed PoC 10381 on July 24, 2006, *prior* to the July 31, 2006 bar date.  PoC 16374

amends PoC 10381 by further detailing the obligations listed on PoC 10381.

14.    It is well established that a proof of claim amendment relates back to the date of

the original claim filing.  As the Second Circuit recently explained:

> [T]he bankruptcy rules permit courts to accept late-filed amendments to timely
> filed proofs of claim.
>
> ***
>
> Courts considering amendments to claims typically engage in a two-step inquiry:
> First, they examine "'whether there was [a] timely assertion of a similar claim or
> demand evidencing an intention to hold the estate liable.'"  An amendment will
> meet this threshold if it "1) **corrects a defect of form in the original claim;  2)**
> **describes the original claim with greater particularity; or 3) pleads a new**
> **theory of recovery on the facts set forth in the original claim**."  Second, if an
> amendment does, in fact, "relate back" to the timely filed claim, courts will
> "examine each fact within the case and determine whether it would be equitable to
> allow the amendment."  Multiple factors play a role in this analysis, including
> whether the debtor, or other creditors, would be unduly prejudiced by the
> amendment, or whether, instead, other creditors would "receive a windfall" from
> the disallowance of the amendment, and whether the late claimant acted in good
> faith and the delay was justified.  Of these, however, **"[t]he critical**
> **consideration is whether the opposing party will be unduly prejudiced by the**
> **amendment."**

*In re Enron Corp.*, 419 F.3d 115, 133 (2d Cir. 2005) (citations omitted) (emphasis added).

15.    Because PoC 16374 merely amends PoC 10381 by describing the underlying

claim with greater specificity and because no prejudice inures to the Debtors from the

amendment because they were aware of the claim, PoC 16374 should be allowed in full.

### C.    The Debtors Have No Authority to "Modify" Claims.

16.    In the Ninth Omnibus Objection, the Debtors ask the Court to modify the claims

listed on Exhibit D to the Ninth Omnibus Objection.  The Debtors do not ask the Court to allow

these claims in the modified amount, but rather to reduce the claims and to reserve the Debtors'

ability later to seek disallowance. (Ninth Omnibus Objection ¶ 38.) This request must be denied

because there is no statutory or other authority justifying such relief. Indeed, the Debtors have

cited none in the Ninth Omnibus Objection.

17.    Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a]

proof of claim executed and filed in accordance with these rules shall constitute prima facie

evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting

party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v.*

*Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the

objecting party must come forth with evidence which, if believed, would refute at least one of the

allegations essential to the claim," *quoting In re Reilly*, 245 B.R. 768, 773 (2nd Cir. BAP 2000)).

18.    The Debtors have *not* refuted the allegations essential to the Consented Modified

Claims or the Disputed Modified Claims. They provide no legal or factual basis, whatsoever, to

overcome the presumption of validity of these claims. Moreover, there is no basis within the

Federal Rules of Bankruptcy Procedure or the Bankruptcy Code for this procedure. The Debtors

are not objecting to allowance of these claims, but rather seek to modify these claims, a right

which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is

highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors

to modify claims now and to seek disallowance later. This would cause an unnecessary drain of

the resources of the Debtors, Contrarian, and this Court.

19.    With respect to the following claims -- the Disputed Modified Claims --

Contrarian opposes *any* modification to the claim amount and requests that the Court allow

Contrarian's claims in full:

| Proof of Claim Number | Debtor Entity | Asserted Claim Amount |
|---|---|---|
| 7372 | Delphi Mechatronic Systems, Inc. | $100,861.90 |
| 10387 | Delphi Automotive Systems LLC | $36,892.83 |
| 13775 | Delphi Automotive Systems LLC | $188,727.41 |
| 12668 | Delphi Automotive Systems LLC | $184,138.31 |
| 16377 | Delphi Automotive Systems LLC | $93,339.39 |
| 16447 | Delphi Mechatronic Systems, Inc. | $76,844.72 |

20.    The Debtors have shown no basis, whatsoever, for reduction of the Disputed Modified Claims.  Since the Debtors filed the Ninth Omnibus Objection, Contrarian unsuccessfully attempted to work with the Debtors to reconcile the Disputed Modified Claims. Nonetheless, the Debtors have set forth no evidence -- and Contrarian remains unaware of any basis -- to reduce these claims as the Debtors propose.  Unless and until the Debtors provide evidence of the basis for their objections (at which time Contrarian would have the opportunity to respond to any such allegations), they cannot overcome the *prima facie* presumption of validity.  Thus, the Disputed Modified Claims should be allowed in full.

21.    With respect to all other Contrarian claims listed on Exhibit D of the Ninth Omnibus Objection (*i.e.*, the Consented Modified Claims), Contrarian consents to the modified amounts listed therein, *provided however,* that the Court allow each Consented Modified Claim in full.

WHEREFORE for the foregoing reasons, Contrarian respectfully requests that the Court enter an Order (i) overruling the Omnibus Objections; (ii) finding that Contrarian legally and beneficially holds the claims asserted in PoC 16386 and PoC 16447 and allowing such claims in the amounts asserted in PoC 16386 and PoC 16447; (iii) finding that Contrarian timely filed PoC 16374 and allowing such claim in the full amount asserted in PoC 16374; (iv) allowing the

Disputed Modified Claims in the amounts asserted in the relevant proofs of claim; (v) allowing

the Consented Modified Claims in the amounts listed on Exhibit D of the Ninth Omnibus

Objection; and (vi) granting Contrarian such other and further relief as is just and proper.

Dated: March 15, 2007
      New York, New York

                                      KASOWITZ, BENSON, TORRES
                                        &amp; FRIEDMAN LLP

                                      By:  /s/  Jeffrey R. Gleit
                                      David S. Rosner (DR-4214)
                                      Adam L. Shiff (AS-7571)
                                      Jeffrey R. Gleit (JG-8710)
                                      Daniel A. Fliman (DF-2236)
                                      1633 Broadway
                                      New York, NY 10019
                                      Telephone:  (212) 506-1700
                                      Facsimile:  (212) 506-1800

                                      *Counsel for Contrarian Funds, LLC*

# EXHIBIT A

**File a Claim action:**

05-44481-rdd Delphi Corporation

## U.S. Bankruptcy Court

## Southern District of New York

Notice of Electronic Filing

The following transaction was received from Mumola, Alisa entered on 3/15/2007 at 10:14 AM and filed on 3/15/2007

**Case Name:**        Delphi Corporation
**Case Number:**      05-44481-rdd
**Document Number:** 7265

**Docket Text:**
Transfer Agreement FRBP Transfer Agreement 3001 (e) 2 Transferors:General Pallet, LLC(Claim No.444, Amount 46,469.32). To Contrarian Funds, LLC. filed by Alisa Mumola on behalf of Contrarian Funds, LLC.(Mumola, Alisa)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Q:\Notices of Transfer\DELPHI\DELPHI (General Pallet) (E2).pdf
**Electronic document Stamp:**
[STAMP NYSBStamp_ID=842906028 [Date=3/15/2007] [FileNumber=5766766-0] [0f9416f6dd76b0743b71ff537a026e9478815d9a04c24d7b7fc46fbc5a42b21479dbe 994e878235888e85451b72789f8957bc86a4a54bc98d113e5925bfdd954]]

**05-44481-rdd Notice will be electronically mailed to:**

Anne Marie Aaronson    aaronsoa@pepperlaw.com

David B. Aaronson    david.aaronson@dbr.com

Elizabeth Abdelmasieh    elizabeth@regencap.com

Franklin C. Adams    franklin.adams@bbklaw.com

Jason R. Adams    jadams@torys.com

Jennifer L. Adamy    bankruptcy@goodwin.com

Michael J. Alerding    malerding@binghammchale.com

Joseph W. Allen    jallen@jaeckle.com

Christopher A. Andreoff    candreoff@jaffelaw.com, ckelley@jaffelaw.com

United States Bankruptcy Court
Southern District of New York

In re DELPHI CORPORATION, et al.,

Case No. 05-44481
(Jointly Administered)
Court ID (court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives notice pursuant to Rule 3001(e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Contrarian Funds, LLC**
Name of Transferee

**General Pallet, LLC**
Name of Transferor

Name and Address where notices to transferee should be sent

**Contrarian Funds, LLC**
**411 West Putnam Ave., Ste. 225**
**Greenwich, CT 06830**
**Attn: Alisa Mumola**
**Phone 203-862-8211**

Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct#:  N/A

Last Four Digits of Acct#:  N/A

Name and Current Address of Transferor

Name and Address where transferee payments should be sent
(if different from above)

**General Pallet**
**P.O. Box 1000**
**Readington, NJ  08870**
**Attn: Paula Baldwin**

**Claim No. 444 for $46,469.32**

Last Four Digits of Acct#:  N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____*/s/ Alisa Mumola*_____          Date: _____March 15, 2007_____
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
CLERK OF THE COURT

To: Laura Rathlock    Re: Delphi Claim

From: Pete Baldwin
General Pallet LLC

## Schedule A
### General Pallet Corp.

| Debtor | Case Number | Scheduled Amount | Proof of Claim Amt | Claim No. |
|---|---|---|---|---|
| Delphi Automotive Systems LLC | 05-46640 | 46,062.96 | 46,469.32 | 444 |

Initials:

Seller

Buyer

# **EXHIBIT B**

New York Southern Live System           Page 1 of 58
05-44481-rdd   Doc 7276   Filed 03/15/07   Entered 03/15/07 12:53:32   Main Document
Pg 14 of 29

## File a Claim action:

05-44481-rdd Delphi Corporation

### U.S. Bankruptcy Court

### Southern District of New York

Notice of Electronic Filing

The following transaction was received from Mumola, Alisa entered on 3/15/2007 at 11:23 AM and filed on 3/15/2007

**Case Name:**      Delphi Corporation
**Case Number:**    05-44481-rdd
**Document Number:** 7268

**Docket Text:**
Transfer Agreement FRBP Transfer Agreement 3001 (e) 2 Transferors:Twoson Esp. Inc.(Claim No.8340, Amount 2,348.64); Twoson Tool Company(Claim No.8341, Amount 15,840.26); Twoson Esp. Inc.(Claim No.11232, Amount 1,634.36); Twoson Tool Co. Inc.(Claim No.11233, Amount 134,780.90). To Contrarian Funds, LLC. filed by Alisa Mumola on behalf of Contrarian Funds, LLC.(Mumola, Alisa)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Q:\Notices of Transfer\DELPHI\DELPHI (Twoson Tool Co. Inc.) (E2).pdf
**Electronic document Stamp:**
[STAMP NYSBStamp_ID=842906028 [Date=3/15/2007] [FileNumber=5767022-0]
[7a6d23baaa135c03ddf0446e1576976cb6861a9b9523b514ca2e5125085a4206f1eb5
0c63f1d784d4f887b34b6ab9d1589739f35ca62cc6327156f4d900742ee]]

**05-44481-rdd Notice will be electronically mailed to:**

Anne Marie Aaronson    aaronsoa@pepperlaw.com

David B. Aaronson    david.aaronson@dbr.com

Elizabeth Abdelmasieh    elizabeth@regencap.com

Franklin C. Adams    franklin.adams@bbklaw.com

Jason R. Adams    jadams@torys.com

Jennifer L. Adamy    bankruptcy@goodwin.com

Michael J. Alerding    malerding@binghammchale.com

Joseph W. Allen    jallen@jaeckle.com

# United States Bankruptcy Court
## Southern District of New York

In re DELPHI CORPORATION, et al.,

Case No. 05-44481
(Jointly Administered)
Court ID (court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives notice pursuant to Rule 3001(e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Contrarian Funds, LLC**
Name of Transferee

**Twoson Tool Company aka Twoson Esp Inc.**
Name of Transferor

Name and Address where notices to transferee should be sent

**Contrarian Funds, LLC
411 West Putnam Ave., Ste. 225
Greenwich, CT 06830
Attn: Alisa Mumola
Phone 203-862-8211**

Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct#: N/A

Last Four Digits of Acct#:  N/A

Name and Current Address of Transferor

Name and Address where transferee payments should be sent
(if different from above)

**Twoson Tool Company
PO Box 591
Muncie, IN  47398**

**Claim No. 8340 for $2,348.64
Claim No. 8341 for $15,840.26
Claim No. 11232 for $1,634.36
Claim No. 11233 for $134,780.90**

Last Four Digits of Acct#:  N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____*/s/ Alisa Mumola*_____
     Transferee/Transferee's Agent

Date: _____March 15, 2007_____

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

---

~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

## EVIDENCE OF TRANSFER OF CLAIM

**TWOSON TOOL COMPANY,** a Indiana corporation, its successors and assigns (collectively, "Assignor"), pursuant to that certain Transfer of Claim Agreement dated March *15*, 2007, has hereby absolutely and unconditionally sold, transferred and assigned to Contrarian Funds, LLC its successors and assigns (collectively, "Assignee") the general unsecured claim (the "Claim"), in the principal amount listed on Schedule A attached hereto, against the Debtor listed on Schedule A attached here, (the "Debtor") in the bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York, case no. listed on Schedule A attached hereto or any other court with jurisdiction over such proceedings.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing the assignment of this Claim as an unconditional assignment and Assignee as the valid owner of the Claim.

IN WITNESS WHEREOF, Assignor has duly executed this Evidence of Transfer of Claim by its duly authorized representative this *5th* day of *March* 2007.


**(Assignor)**
TWOSON TOOL COMPANY

By: *Karen E. Beard*

Name:  Karen E. Beard

Title:  Vice President/Finance


**(Assignee)**
CONTRARIAN FUNDS, LLC
By: Contrarian Capital Management, LLC,
as manager

By: *[signature]*

Name:  G. Tenzer

Title:  Member


**(Assignor)**
**WITNESS:**

By: *Tony Coston*

Name:  Tony Coston

Title:   Staff Accountant


KL2 2394444.1

## Schedule A

| Creditor | Debtor | Case Number | Scheduled Amount | Proof of Claim Amt | Claim No. |
|---|---|---|---|---|---|
| Twoson Tool Company | Delphi Automotive Systems, LLC | 05-44640 | 137,607.10 | | |
| Twoson Tool Company | Delphi Mechatronic Systems, Inc. | 05-44567 | 2,348.64 | | |
| Twoson Tool Company | Delphi Mechatronic Systems, Inc. | 05-44567 | 5,109.77 | | |
| Twoson Esp Inc. | Delphi Mechatronic Systems, Inc. | 05-44567 | | 2,348.64 | 8340 |
| Twoson Tool Company | Delphi Mechatronic Systems, Inc. | 05-44567 | | 15,840.26 | 8341 |
| Twoson Esp Inc. | Delphi Automotive Systems, LLC | 05-44640 | | 1,634.35 | 11232 |
| Twoson Tool Co. Inc. | Delphi Automotive Systems, LLC | 05-44640 | | 134,780.90 | 11233 |

Initials:

Seller

Buyer

# EXHIBIT C

## File a Claim action:

05-44481-rdd Delphi Corporation

### U.S. Bankruptcy Court

### Southern District of New York

Notice of Electronic Filing

The following transaction was received from Mumola, Alisa entered on 11/29/2006 at 2:43 PM and filed on 11/29/2006

**Case Name:**       Delphi Corporation
**Case Number:**    05-44481-rdd
**Document Number:** 5922

**Docket Text:**
Transfer Agreement FRBP *(Revised)* Transfer Agreement 3001 (e) 2 Transferors:Wright Plastic Products Co., LLC
(Claim No.14878, Amount 76,844.72). To Contrarian Funds, LLC. filed by Alisa Mumola on behalf of Contrarian
Funds, LLC.(Mumola, Alisa)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Q:\Notices of Transfer\DELPHI\DELPHI (Wright Plastic) (Revised) Claim No. 14878.pdf
**Electronic document Stamp:**
[STAMP NYSBStamp_ID=842906028 [Date=11/29/2006] [FileNumber=5541012-0]
[55c5c551e50e7474fd132a799e1e9be5b35efb1c1c9d61a4ce7e68798c5c0c2464ee
e5e83b94d4afc15b1c210bff88c841405a0e58e41e62e12fee0bc01070c0]]

**05-44481-rdd Notice will be electronically mailed to:**

Anne Marie Aaronson     aaronsoa@pepperlaw.com

David B. Aaronson     david.aaronson@dbr.com

Elizabeth Abdelmasieh     elizabeth@regencap.com

Franklin C. Adams     franklin.adams@bbklaw.com

Jason R. Adams     jadams@torys.com

Jennifer L. Adamy     bankruptcy@goodwin.com

Joseph W. Allen     jallen@jaeckle.com

Christopher A. Andreoff     candreoff@jaffelaw.com, ckelley@jaffelaw.com

Joel D. Applebaum     japplebaum@clarkhill.com

# United States Bankruptcy Court
## Southern District of New York

In re DELPHI CORPORATION, et al.,

Case No. 05-44481
(Jointly Administered)
Court ID (court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a).  Transferee hereby gives notice pursuant to Rule 3001(e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Contrarian Funds, LLC**
Name of Transferee

**Wright Plastic Products Co., LLC**
Name of Transferor

Name and Address where notices to transferee should be sent

**Contrarian Funds, LLC**
**411 West Putnam Ave., Ste. 225**
**Greenwich, CT 06830**
**Attn: Alpa Jimenez**
**Phone 203-862-8236**

Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct#:  N/A

Last Four Digits of Acct#:  N/A

Name and Current Address of Transferor

Name and Address where transferee payments should be sent
(if different from above)

**Wright Plastic Products Co., LLC**
**201 East Condensery Road**
**Sheridan, MI  48884**
**Attn: Robert Luce**

**Claim No. 14878 for $76,844.72**

**Wright Plastic Products Co., LLC**
**c/o Tucker Ellis & West LLP**
**1150 Huntington Bldg, 925 Euclid Ave.**
**Cleveland, OH  44115**
**Attn: Thomas W. Coffey**

Last Four Digits of Acct#:  N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____*/s/ Alpa Jimenez*_____          Date: _____November 29, 2006_____
           Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

| ~DEADLINE TO OBJECT TO TRANSFER~ |
|---|

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer.  Objections must be filed with the court within twenty (20) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

# Schedule A

## Wright Plastic Products Co., LLC

| Debtor | Case Number | Schedule Amt | Proof of Claim | Claim No. |
|---|---|---|---|---|
| Delphi Mechatronic Systems, Inc. | 05-44567 | 74,301.65 [1] | | |
| Delphi Corporation | 05-44481 | | 76,844.72 | 14878 |
| Delphi Mechatronic Systems, Inc | 05-44567 | | 76,844.72 | 16447 |

Initials:

Seller

Buyer

[1] Scheduled claim is broken down into $20,691.18 as Reclamation and $53,610.47 as General Unsecured.

# EXHIBIT D

## File a Claim action:

05-44481-rdd Delphi Corporation

### U.S. Bankruptcy Court

### Southern District of New York

Notice of Electronic Filing

The following transaction was received from Mumola, Alisa entered on 3/2/2007 at 4:18 PM and filed on 3/2/2007

**Case Name:**       Delphi Corporation
**Case Number:**     05-44481-rdd
**Document Number:** 7109

**Docket Text:**
Transfer Agreement FRBP Transfer Agreement 3001 (e) 2 Transferors:Wright Plastic Products Co., LLC(Claim No.16447, Amount 76,844.72). To Contrarian Funds, LLC. filed by Alisa Mumola on behalf of Contrarian Funds, LLC.(Mumola, Alisa)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Q:\Notices of Transfer\DELPHI\DELPHI (Wright Plastic) Claim No. 16447.pdf
**Electronic document Stamp:**
[STAMP NYSBStamp_ID=842906028 [Date=3/2/2007] [FileNumber=5739103-0] [ 4f7841cf884f1e3bfe407e7d5488caa161d919140246d752986e7c2dc0d79ccfcd08ae c566d1a60e7368bf62c45649bfc5082c7624f3bc6460e164405dd9768d]]

### 05-44481-rdd Notice will be electronically mailed to:

Anne Marie Aaronson    aaronsoa@pepperlaw.com

David B. Aaronson    david.aaronson@dbr.com

Elizabeth Abdelmasieh    elizabeth@regencap.com

Franklin C. Adams    franklin.adams@bbklaw.com

Jason R. Adams    jadams@torys.com

Jennifer L. Adamy    bankruptcy@goodwin.com

Michael J. Alerding    malerding@binghammchale.com

Joseph W. Allen    jallen@jaeckle.com

Christopher A. Andreoff    candreoff@jaffelaw.com, ckelley@jaffelaw.com

# United States Bankruptcy Court
## Southern District of New York

In re DELPHI CORPORATION, et al.,

Case No. 05-44481
(Jointly Administered)
Court ID (court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a).  Transferee hereby gives notice pursuant to Rule 3001(e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Contrarian Funds, LLC**
Name of Transferee

**Wright Plastic Products Co., LLC**
Name of Transferor

Name and Address where notices to transferee should be sent

**Contrarian Funds, LLC**
**411 West Putnam Ave., Ste. 225**
**Greenwich, CT 06830**
**Attn: Alisa Mumola**
**Phone 203-862-8211**

Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct#:  N/A

Last Four Digits of Acct#:  N/A

Name and Current Address of Transferor

Name and Address where transferee payments should be sent
(if different from above)

**Wright Plastic Products Co., LLC**
**201 East Condensery Road**
**Sheridan, MI  48884**
**Attn: Robert Luce**

**Claim No. 16447 for $76,844.72**

**Wright Plastic Products Co., LLC**
**c/o Tucker Ellis & West LLP**
**1150 Huntington Bldg, 925 Euclid Ave.**
**Cleveland, OH  44115**
**Attn: Thomas W. Coffey**

Last Four Digits of Acct#:  N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____*/s/ Alisa Mumola*_____
         Transferee/Transferee's Agent

Date:_____March 2, 2007_____

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

┌──────────────────────────────────────────────────────────────────────────┐
│                    ~DEADLINE TO OBJECT TO TRANSFER~                         │
└──────────────────────────────────────────────────────────────────────────┘
The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer.  Objections must be filed with the court within twenty (20) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

# Schedule A
## Wright Plastic Products Co., LLC

| Debtor | Case Number | Schedule Amt | Proof of Claim | Claim No. |
|---|---|---|---|---|
| Delphi Mechatronic Systems, Inc. | 05-44567 | 74,301.65 [1] | | |
| Delphi Corporation | 05-44481 | | 76,844.72 | 14878 |
| Delphi Mechatronic Systems, Inc. | 05-44567 | | 76,844.72 | 16447 |

Initials:

Seller

Buyer

[1] Scheduled claim is broken down into $20,691.18
as Reclamation and $53,610.47 as General
Unsecured.

## EVIDENCE OF TRANSFER OF CLAIM

Wright Plastic Products Co., LLC, a _OHIO_ corporation, its successors and assigns (collectively, "Assignor"), pursuant to that certain Transfer of Claim Agreement dated October__, 2006, has hereby absolutely and unconditionally sold, transferred and assigned to Contrarian Funds, LLC its successors and assigns (collectively, "Assignee") the claim (the "Claim"), in the principal amount listed on Schedule A attached hereto, against the Debtor listed on Schedule A, (the "Debtor") in the bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York, case no. listed on Schedule A or any other court with jurisdiction over such proceedings.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing the assignment of this Claim as an unconditional assignment and Assignee as the valid owner of the Claim.

IN WITNESS WHEREOF, Assignor has duly executed this Evidence of Transfer of Claim by its duly authorized representative this _16th_ day of October 2006.

**(Assignor)**
WRIGHT PLASTIC PRODUCTS CO., LLC

By: _Robert W Luco_

Name: _Robert W. Luco_

Title: _President_

**(Assignee)**
CONTRARIAN FUNDS, LLC
By: Contrarian Capital Management, LLC,
as manager

By: _[signature]_

Name: **JANICE M. STANTON**
**MEMBER**

Title: _____

**(Assignor)**
WITNESS:

By: _____

Name: _____

Title: _____

KL2 2431499 3

# **EXHIBIT E**



## DELPHI

> Adversary Proceedings
> Case Management Orders
> Court Documents
> Creditors' Committee
> Equity Security Holders' Committee
> First Day Motions
> First Day Orders
> Monthly Operating Reports
> Notice Lists
> Omnibus Hearing Dates
> Omnibus Hearing Orders
> Presentations: First Day, Organizational, 341
> Press Releases
> Schedules/ Statements
> Voluntary Petitions

| Home | Bankruptcy Industry Links | Proof Of Claim Form | Claim/Creditor Search | Submit an Inquiry |

### Delphi Corporation Search Results
### Claim #: 16386

| Date Claim Filed | Claim No. | Schedule | Nature | Name | Amount | C | U | D | Debtor |
|---|---|---|---|---|---|---|---|---|---|
| 10/24/2006 | 16386 | | General Unsecured | Contrarian Funds LLC | $168,862.08 | | | | Delphi Automotive Systems LLC |

# Creditor Data for Claim Number 16386

| | |
|---|---|
| **Creditor Name:** Contrarian Funds LLC<br>**Creditor Notice Name:** Attn Alpa Jimenez | **Date Claim Filed:** 10/24/2006<br>**Delphi Claim #:**  16386<br>**Court Claim #:**  16386<br>**Amend/Replace?** Replace   **A/R Date:** 5/24/2006<br>**Claim # Amended/Replaced:**   **Date Filed:** |
| **Debtor Name:** Delphi Automotive Systems LLC<br>**Case Number:** 05-44640 | |
| **Claim Nature:** General Unsecured<br>**Amount of Claim:** $168,862.08 | **Creditor Info Altered?** N<br>**Objection Filed?** N |
| **Schedule:**<br>**Schedule Amt:** | |