UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
   In re                                    :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                        Debtors.    :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), 1107(b) AND
FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND
RETENTION OF KPMG LLP TO (I) ENTER INTO MASTER PROFESSIONAL
SERVICES AGREEMENT WITH DEBTORS, (II) CONTINUE TO PROVIDE DEBTORS
WITH GLOBAL MOBILITY ADVISORY SERVICES RELATED TO INTERNATIONAL
ASSIGNEES EFFECTIVE NUNC PRO TUNC TO FEBRUARY 9, 2007, (III) CONTINUE TO
PROVIDE DEBTORS' WITH TAX CONSULTING SERVICES EFFECTIVE NUNC PRO
TUNC TO FEBRUARY 9, 2007, (IV) CONTINUE TO PROVIDE DEBTORS WITH
INTERNATIONAL ASSIGNMENT SERVICES RELATED TO INTERNATIONAL
ASSIGNEES EFFECTIVE NUNC PRO TUNC TO
JANUARY 31, 2007, (V) PROVIDE DEBTORS WITH CERTAIN FRESH
START SERVICES EFFECTIVE NUNC PRO TUNC TO NOVEMBER 16, 2006,
AND (VI) PROVIDE DEBTORS WITH CERTAIN ADDITIONAL SERVICES

       Upon the Third Supplemental Retention Application, dated March 16, 2007 (the "Third Supplemental Retention Application"),[1] of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Third Supplemental Retention Order") pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of KPMG LLP ("KPMG") to (i) enter into the Master Professional

---

[1]    Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Third Supplemental Retention Application.

Services Agreement with the Debtors (the "Master Agreement"), effective <u>nunc pro tunc</u> to February 9, 2007, (ii) continue to provide the Debtors with global mobility advisory services ("Global Mobility Services"), effective <u>nunc pro tunc</u> to February 9, 2007, (iii) continue to provide the Debtors with tax consulting services ("Tax Consulting Services"), effective <u>nunc pro tunc</u> to February 9, 2007, (iv) continue to provide the Debtors with international assignment services related to international assignees ("International Assignment Services"), effective <u>nunc pro tunc</u> to January 31, 2007, (v) provide the Debtors with certain fresh start services ("Fresh Start Services"), effective <u>nunc pro tunc</u> to November 16, 2006, and (vi) provide the Debtors with certain additional services (including the renewal and extension of existing services, additional phase services under existing engagements, and additional services under future statements of work between the Debtors and KPMG in accordance with the Master Agreement) (the "Additional Services"); and no objection to the Third Supplemental Retention Application having been made; and this Court having determined that the relief requested in the Third Supplemental Retention Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Third Supplemental Retention Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

      ORDERED, ADJUDGED, AND DECREED THAT:

      1.    The Third Supplemental Retention Application is GRANTED on a final basis.

      2.    Subject to the terms of this Third Supplemental Retention Order, and pursuant to the terms and conditions of the Third Supplemental Retention Application, the

Debtors are authorized to enter into the Master Agreement and the Master Agreement is approved, pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, effective nunc pro tunc to February 9, 2007.

3.   Subject to the terms of this Third Supplemental Retention Order, the Debtors' employment and retention of KPMG to continue to provide the Debtors with additional Global Mobility Services pursuant to the terms and conditions of the Third Supplemental Retention Application and the Master Agreement and the corresponding Global Mobility SOW is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, effective nunc pro tunc to January 31, 2007.

4.   Subject to the terms of this Third Supplemental Retention Order, the Debtors' employment and retention of KPMG to continue to provide the Debtors with Tax Consulting Services pursuant to the terms and conditions of the Third Supplemental Retention Application and the Master Agreement and the corresponding Tax Consulting SOW is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, effective nunc pro tunc to February 9, 2007.

5.   Subject to the terms of this Third Supplemental Retention Order, the Debtors' employment and retention of KPMG to continue to provide the Debtors with International Assignment Services pursuant to the terms and conditions of the Third Supplemental Retention Application and the Master Agreement and the corresponding International Assignment SOW is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, effective nunc pro tunc to January 31, 2007.

6.   Subject to the terms of this Third Supplemental Retention Order, the Debtors' employment and retention of KPMG to provide the Debtors with the Fresh Start Services

pursuant to the terms and conditions of the Third Supplemental Retention Application and the Master Agreement and the corresponding Fresh Start Services SOW is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, effective <u>nunc pro tunc</u> to November 16, 2006.

7. Subject to the terms of this Third Supplemental Retention Order, the Debtors' employment and retention of KPMG to provide the Debtors with certain Additional Services pursuant to the terms and conditions of the Third Supplemental Retention Application and the Master Agreement and the corresponding future statements of work is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

8. KPMG shall be compensated for its fees and expenses in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee (the "U.S. Trustee Guidelines"), and further orders of this Court.

9. KPMG shall take reasonable steps to ensure that it does not charge the Debtors' estates for duplicative services.

10. Notwithstanding anything to the contrary set forth in the Master Agreement or SOWs, without the Debtors' prior written approval, KPMG may subcontract a portion of its responsibilities under the Master Agreement or SOWs with certain other member firms of KPMG International (the "KPMG Member Firms"); <u>provided</u>, <u>however</u>, that KPMG shall remain fully and solely responsible for all of KPMG's liabilities and obligations under the Master Agreement and SOWs. The Debtors shall have no recourse, and shall bring no claim, against any KPMG Member Firm other than KPMG, or against any subcontractors, members,

4

shareholders, directors, officers, managers, partners, agents, representatives, or employees of any KPMG Member Firm (or any of their respective successors or permitted assigns), or any of their respective assets, with respect to the services or otherwise under the Master Agreement and SOWs.

11. Any dispute or claim between KPMG and the Debtors arising out of, or relating to, the Master Agreement shall brought before this Court.

12. All requests of KPMG for payment of indemnity pursuant to the Master Agreement or SOWs shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Master Agreement or SOW and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; <u>provided</u>, <u>however</u>, that in no event shall KPMG be indemnified for a claim that a court determines by a final order to have risen out of KPMG's own gross negligence or willful misconduct, if any.

13. In the event that KPMG seeks reimbursement for attorney's fees from the Debtors pursuant to the Master Agreement or SOWs, the invoices and supporting time records from such attorneys shall be included in KPMG's own applications (both interim and final) and such invoices and time records shall be subject to the U.S. Trustee Guidelines for compensation and reimbursement of expenses and the approval of this Court under the standard of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

14. KPMG's liability for any losses incurred by the Debtors as a result of breach of contract, negligence, or other tort committed by KPMG, regardless of the theory of liability

5

asserted, as set forth in the International Assignment SOW and the Global Mobility SOW, shall be limited to no more than two times the total amount of fees paid to KPMG for services rendered under the International Assignment SOW and the Global Mobility SOW.

15. KPMG's liability for any losses incurred by the Debtors as a result of breach of contract, negligence, or other tort committed by KPMG, regardless of the theory of liability asserted, as set forth in the Tax Consulting SOW shall be limited to no more than five times the total amount of fees paid to KPMG for services rendered under the Tax Consulting SOW.

16. KPMG's liability for any losses incurred by the Debtors as a result of breach of contract, negligence, or other tort committed by KPMG, regardless of the theory of liability asserted, as set forth in the Fresh Start SOW, shall be limited to no more than the total amount of fees paid to KPMG for services rendered under the Fresh Start SOW.

17. The Master Agreement expires, upon its terms, on December 31, 2007, whereupon KPMG and the Debtors may extend the Master Agreement for successive one year periods. Each SOW shall become effective as of the date of the commencement of services to be rendered under such SOW, or, if earlier, the date of execution of such SOW. Each SOW shall remain effective until the completion of the services to be rendered under the applicable SOW.

18. Notwithstanding anything to the contrary set forth in the Master Agreement or SOWs, KPMG and the Debtors may terminate the Master Agreement or any SOW in the event of a material breach of the Master Agreement that is not cured within 30 days after receipt of written notice of such breach. Additionally, under the Master Agreement, the Debtors may terminate any SOW for convenience at any time upon 30 days' prior written notice. KPMG may terminate any SOW at any time upon 30 days' notice to the Debtors in the event of any change in law, rule, regulation, or professional standards that would cause the continued provision of the

services under such SOW by KPMG to violate such law, rule, regulation, or professional standard or in the event of a sale by KPMG of the practice providing the services under such SOW if the Debtors elect not to consent to an assignment to the party acquiring such practice from KPMG.  The terminating party shall provide the Court, the Office of the United States Trustee, counsel for the Creditors' Committee, and counsel for the Fee Committee with ten business days' notice of termination.

        19.    Any party-in-interest shall have the right to raise the issue of the application of KPMG's prepetition retainer to postpetition fees and expenses.

        20.    To the extent that this Third Supplemental Retention Order is inconsistent with the Master Agreement or SOWs, this Third Supplemental Retention Order shall govern.

        21.    With the exception of KPMG, the KPMG Member Firms providing services under the Master Agreement or SOW shall be permitted to use category codes to describe the time spent on services rendered, rather than the more detailed descriptions usually required for fee applications.

        22.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Third Supplemental Retention Order.

8

23. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Third Supplemental Retention Application.

Dated:   New York, New York
         March __, 2007

_____
UNITED STATES BANKRUPTCY JUDGE