SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

　　　- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
　　Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.Delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|                        |   |                          |
| :                      |   |                          |
| In re                  | : | Chapter 11               |
| :                      |   |                          |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| :                      |   |                          |
| :                      |   | (Jointly Administered)   |
| Debtors                | : |                          |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO PROOF OF CLAIM NO. 7907
(Yilmaz Sahinkaya Structural Mechanics Analysis, Inc.)

("SUPPLEMENTAL REPLY – Yilmaz Sahinkaya Structural Mechanics Analysis, Inc.")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submits their Supplemental Reply With Respect To Proof Of Claim No. 7907 (Yilmaz Sahinkaya Structural Mechanics Analysis, Inc.) (this "Supplemental Reply"), and respectfully represent as follows:

<u>Introduction</u>

1.    Yilmaz Sahinkaya Structural Mechanics Analysis, Inc. ("Yilmaz SMA") filed Proof of Claim No. 7907 (the "Proof of Claim") on or about June 13, 2006.  The Proof of Claim asserts an unsecured nonpriority claim in the amount of $42,000 (the "Claim").

2.    The Debtors objected to the Claim pursuant to the Debtors' (i) Fifth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation and (b) Claims Not Reflected on Debtors' Books and Records (Docket No. 6100) (the "Fifth Omnibus Claims Objection"), which was filed on December 8, 2006.

3.    On January 3, 2007, Yilmaz SMA filed a Response to Debtors' Fifth Omnibus Objection To Its Claim No. 7907 (Docket No. 6421) (the "Response").

4.    On February 14, 2007, the Debtors filed their Statement of Disputed Issues With Respect to Proof of Claim 7907 (Yilmaz SMA) (Docket No. 6954).

5.    On February 21, 2007, the Debtors and Yilmaz SMA, with their legal counsel, conducted a telephonic meet and confer pursuant to the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (i) Dates for Hearings Regarding Objections to Claims and (ii) Certain Notices and Procedures Governing Objections to Claims (Docket No. 6089) (the "Procedures Order").

2

<u>Argument</u>

A.    <u>Yilmaz SMA Should Be Precluded From Introducing Evidence At The Hearing.</u>

       1.    On February 7, 2007, the Debtors filed a Notice of Claims Objection Hearing with Respect to Debtors' Objection to Proof of Claim No. 7907 (Yilmaz SMA) (Docket No. 6881), and set the date for the hearing as April 13, 2007.  A copy of this Court's Procedures Order was attached to and served with the notice to Yilmaz SMA.

       2.    On February 21, 2007, the Debtors and Yilmaz SMA, with their legal counsel, conducted a telephonic meet and confer pursuant to the Procedures Order.  Prior to the meet and confer the Debtors e-mailed another copy of the Procedures Order to Yilmaz SMA's counsel.  The Procedures Order was discussed on the meet and confer and Yilmaz SMA's counsel acknowledged that he had received the Procedures Order.

       3.    The Procedures Order provides: "The Claimant may file and serve its Supplemental Response no later than 30 business days prior to commencement of the Claims Objection Hearing. . . .  The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim. . . . The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing. . . ."  <u>See</u> Procedures Order,  ¶ 9(e).

       6.    Here, this Court's Procedures Order required Yilmaz SMA to file its Supplemental Response along with any witness affidavits or declarations it intended to use at trial on or before March 2, 2007.  Yet, without excuse, Yilmaz failed to file any Supplemental Response.  Indeed, Yilmaz SMA's counsel was provided a copy of the Claim Procedures Order on many occasions prior to that deadline.  Because Yilmaz SMA failed to file its Supplemental Response and affidavits or declarations by the court-ordered deadline, and has not articulated any

reason that would excuse such a failure, it should be barred from eliciting any testimony at the hearing.

B.      Yilmaz SMA Is Not Entitled To The Alleged Amount In Its Proof of Claim.

7.      The Debtors expressly incorporate their entire Statement of Disputed Issues With Respect to Proof of Claim 7907 (Yilmaz SMA) (Docket No. 6954) into this Supplemental Reply.  See also Declaration of John MacBain In Support Of Debtors' Supplemental Reply With Respect To Proof of Claim No. 7907, a true and accurate copy is attached hereto as Exhibit A.  For the reasons discussed in the Statement of Disputed Issues and supported in MacBain's declaration, the Proof of Claim should be disallowed and expunged.

Memorandum of Law

8.      Because the legal points and authorities upon which this Supplemental Reply relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a)

disallowing and expunging the Claim and (b) granting the Debtors such other and further relief

as is just.

Dated: New York, New York
       March 16, 2007

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Albert L. Hogan III (AH 8807)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

– and –

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
By: /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession