UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
In re                                           :    Chapter 11 Case
                                                :    Case No. 05-44481 (RDD)
Delphi Corporation, et al.,                     :    (Jointly Administered)
                                                :
            Debtors.                            :    Delphi Automotive Systems LLC
                                                :    Case No. 05-44640
                                                :
                                                :    Claim Nos.: 9469 & 9470
------------------------------------------------x

NOTICE OF PARTIAL TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(2)

TO:     JPMorgan Chase Bank, N.A.
        270 Park Avenue, 17th Floor
        New York, New York 10017
        Attention: Neelima Veluvolu

1.    Please take notice of the transfer of $18,830.91 principal amount of your claim no. 9469 and $620,001.32 principal amount of your claim no. 9470, both against Delphi Automotive Systems LLC (Case No. 05-44640), represented by the Proofs of Claim attached hereto, together with all applicable interest, fees and expenses related thereto (the "Transferred Claim") to:

        TPG Credit Opportunities Fund, L.P. ("Transferee")
        c/o TPG Credit Management, L.P.
        4600 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN 55402
        Attention: Shelley Hartman

2.    No action is required if you do not object to the transfer of the Transferred Claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

        -    **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**

             Clerk of the Court
             United States Bankruptcy Court
             Southern District of New York
             615-3 Alexander Hamilton House
             One Bowling Green
             New York, NY 10004

        -    **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

        -    Refer to **INTERNAL CONTROL NO.** ____ in your objection.

3.   If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

Dated: _____, 2007

_____
Clerk of the Court

---

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____ 2007.
INTERNAL CONTROL NO. _____
Copy Claims Agent:          Transferee:          Debtor's Attorney:

_____
Deputy Clerk

EXHIBIT A
EVIDENCE OF TRANSFER

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

JPMorgan Chase Bank, N.A., with an address at 270 Park Ave., 17th Floor, New York, NY 10017 ("**Assignor**") transfers and assigns unto TPG Credit Opportunities Fund, L.P., its successors and assigns ("**Assignee**"), pursuant to the terms of that certain Purchase and Sale Agreement For Certain Claims In The Chapter 11 Cases[1], of even date herewith (the "**Agreement**"), all of its right, title and interest in and to (a) those certain proofs of claim, identified on the attached Schedule of Claims, as further identified in each Assignor's duly and timely filed Proof of Claim (the "**Proof of Claim**") against Delphi Automotive Systems, LLC (the "**Debtor**"), and (b) those certain scheduled claims, identified on the attached Schedule of Claims, as further listed in Schedule F of the Debtor's Schedules of Assets and Liabilities (the "**Scheduled Claim**")[2] filed in the United States Bankruptcy Court, Southern District of New York ("**Bankruptcy Court**"), jointly administered under Case No. 05-44481.

Assignor hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing Claims and recognizing the Assignee as the sole owner and holder of the Claims. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claims, and all payments or distributions of money or property in respect of the Claims, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, the Assignor and the Assignee have caused this Assignment to be duly executed as of February ___, 2007.

**ASSIGNOR:**
JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:          Andrew Opel
              Authorized Signatory

**ASSIGNEE:**
TPG CREDIT OPPORTUNITIES FUND, L.P.
By: TPG Credit Opportunities Fund G.P., L.P.
Its: General Partner

By: _____
Name: Julie K. Braun
Title: Vice President

---

[1] Capitalized terms not otherwise defined herein, have those meaning ascribed to such terms in the Agreement.
[2] The Proof of Claim and the Scheduled Claim are together hereinafter referred to as the "**Claims**."

A-1

EXHIBIT A
EVIDENCE OF TRANSFER

TO:  THE DEBTOR AND THE BANKRUPTCY COURT

JPMorgan Chase Bank, N.A., with an address at 270 Park Ave., 17th Floor, New York, NY 10017 ("**Assignor**") transfers and assigns unto TPG Credit Opportunities Fund, L.P., its successors and assigns ("**Assignee**"), pursuant to the terms of that certain Purchase and Sale Agreement For Certain Claims In The Chapter 11 Cases[1], of even date herewith (the "**Agreement**"), all of its right, title and interest in and to (a) those certain proofs of claim, identified on the attached Schedule of Claims, as further identified in each Assignor's duly and timely filed Proof of Claim (the "**Proof of Claim**") against Delphi Automotive Systems, LLC (the "**Debtor**"), and (b) those certain scheduled claims, identified on the attached Schedule of Claims, as further listed in Schedule F of the Debtor's Schedules of Assets and Liabilities (the "**Scheduled Claim**")[2] filed in the United States Bankruptcy Court, Southern District of New York ("**Bankruptcy Court**"), jointly administered under Case No. 05-44481.

Assignor hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing Claims and recognizing the Assignee as the sole owner and holder of the Claims. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claims, and all payments or distributions of money or property in respect of the Claims, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, the Assignor and the Assignee have caused this Assignment to be duly executed as of February ___, 2007.

**ASSIGNOR:**
JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:

**ASSIGNEE:**
TPG CREDIT OPPORTUNITIES FUND, L.P.
By: TPG Credit Opportunities Fund G.P., L.P.
Its: General Partner

By: _/s/ Julie K. Braun_____
Name: Julie K. Braun
Title: Vice President

---

[1] Capitalized terms not otherwise defined herein, have those meaning ascribed to such terms in the Agreement.
[2] The Proof of Claim and the Scheduled Claim are together hereinafter referred to as the "**Claims**."

A-1

SCHEDULE 1
PURCHASE AND SALE
TRADE DETAIL

| Original Creditor Name | Proof of Claim Number | Claim Amount | Schedule Number | Scheduled Amount | Purchase Amount |
|---|---|---|---|---|---|
| D & R Technology | 9469 | $18,830.91 | 1605273-10397381 | $20,549.69 | $18,830.91 |
| D & R Technology | 9470 | $620,001.32 | 1605272-10407675 | $547,190.39 | $620,001.32 |
| TOTAL: 2 CLAIMS | -- | $638,832.23 | -- | $567,740.08 | $638,832.23 |

S1-1

# 4969

| UNITED STATES BANKRUPTCY COURT Southern | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: Delphi Automotive Systems LLC
Case Number: 05-44640

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
D & R Technology Llc

Name and address where notices should be sent:
D & R Technology Llc
~~450 Windy Point Dr~~
~~Glendale Heights IL 60139~~ 400 FULLERTON
CAROL STREAM IL
60188

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

The Debtor has listed your claim as Unliquidated and Disputed on Schedule F as a General Unsecured claim in the amount of $44,673.23. If you believe that you have a claim against the Debtor, you are required to complete and return this form.

Master Code: 10407675
Claim #09469
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
RD130386357

Check here ☐ replaces ☐ amends if this claim a previously filed claim, dated: _____

1. **Basis for Claim**
   ☒ Goods Sold / Services Performed
   ☐ Customer Claim
   ☐ Taxes
   ☐ Money Loaned
   ☐ Personal Injury
   ☐ Other _____

   RECEIVED
   JUL 18 2006
   KURTZMAN CARSON

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
   (date)    (date)

2. Date debt was incurred: 1/12/05 TO 10/8/05

3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ 40,936.77 (unsecured) _____ (secured) _____ (priority) # 40,936.77 (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $ _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

   b.6. Unsecured Nonpriority Claim $ 40,936.77

   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim.
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
JUL 13 2006
CLAIMS PROCESSING CENTER
USBC, SDNY

Date: 6/29/06
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
DONALD A SUZZI / C.F.O.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544640060418151717017786

# 4970

| UNITED STATES BANKRUPTCY COURT Southern | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Delphi Automotive Systems LLC | Case Number: 05-44640 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

The Debtor has listed your claim as Unliquidated and Disputed on Schedule F as a General Unsecured claim in the amount of $1,189,544.33. If you believe that you have a claim against the Debtor, you are required to complete and return this form.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
D & R Technology Llc

Name and address where notices should be sent:
D & R Technology Llc
~~450 Windy Point Dr~~
~~Glendale Heights IL 60139~~
400 FULLERTON
CAROL STREAM IL
60188

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

Master Code: 10397381
Claim #09470
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)
THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
XX364245988

Check here ☐ replaces   ☐ amends   if this claim   a previously filed claim, dated:___

1. **Basis for Claim**
   ☒ Goods Sold / Services Performed
   ☐ Customer Claim
   ☐ Taxes
   ☐ Money Loaned
   ☐ Personal Injury
   ☐ Other

   RECEIVED
   JUL 18 2006
   KURTZMAN CARSON

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #:___
   Unpaid compensation for services performed
   from ___ to ___

2. Date debt was incurred: 1/1/04 TO 10/8/05
3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ 1,347,828.94 (unsecured)   ___ (secured)   ___ (priority)   1,347,828.94 (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other___
   Value of Collateral: $___
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $___

   b ☒ Unsecured Nonpriority Claim $ 1,347,828.94

   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $___
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY
[RECEIVED stamp]

Date: 6/29/06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
DONALD A SUZZI, CFO

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544640060207175247003393