UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: )<br>)<br>DELPHI CORPORATION, et.al., )<br>Debtors. )<br>)<br>) | Chapter 11 Case<br>05-44481-RDD<br><br>(Jointly Administered) |

## PARLEX CORPORATION'S RESPONSE TO THE DEBTORS' NINTH OMNIBUS CLAIMS OBJECTION

NOW COMES Parlex Corporation, a creditor of the above-captioned debtor, party in interest, and respondent herein ("Parlex") and through its undersigned attorney files this Response to the Debtors' Ninth Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007. In support of the Response, Parlex respectfully states:

1. On October 8, 2005 ("Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates, including the Debtor, (collectively, the "Debtors") filed their petitions in bankruptcy commencing the above-referenced bankruptcy cases.

2. Prior to the Petition Date, Parlex was a vendor to certain of the Debtors.

3. On or about July 26, 2006, Parlex filed its proof of claim against the Debtor in the amount of $56,219.54, Claim No. 11191 (the "Claim").

4. The Claim is based on amounts owed by the Debtor to Parlex for goods delivered to the Debtor prior to the Petition Date. The invoices substantiating the Claim were provided along with the Claim, as an attachment thereto.

5. On or about February 15, 2007, the Debtors filed the Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification (the "Ninth Omnibus Claims Objection"). The Ninth Omnibus Claims Objection includes an objection to Parlex's Claim.

6. The Debtors generally assert that Parlex's Claim should to modified to $49,738.28. The Debtors offer the following general bases for making such determination:

(a) the asserted Claim does not account for amounts that may have been paid or credited against such Claim prior to the commencement of the cases,

(b) may [sic] include post-petition liabilities,

(c) the asserted Claim does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases,

(d) the asserted Claim was denominated in foreign currency in violation of the Bar Date Order,

(e) the asserted Claim was docketed and filed against the wrong Debtor entity, and/or

(f) the asserted Claim was misclassified as a priority or secured claim.

7. The Debtors' objections to Parlex's Claim are merely general assertions regarding various claims listed on a chart attached to the Ninth Onmibus Claims Objections. The Debtors fail to specify which of the above bases they rely on for their objection to Parlex's Claim. The Debtors do not provide any specific evidence, analysis, or documents in support of their objections.

2

8.  Pursuant to Section 502(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., a proof of claim is deemed to be allowed unless a party objects. 11 U.S.C. § 502(a). Therefore, Parlex's Claim operates as prima facie evidence of the validity and amount of Parlex's claim against the Debtors. See H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No. 95-595, 95th Cong., 2nd Sess., at 62 (1978).

9.  The burden of proof lies with different parties at different stages of the proceeding. The claimant must initially allege facts sufficient to supports its claim, and upon so doing the claim is prima facie valid. The burden of proof then shifts to the objecting party to provide sufficient evidence to rebut the prima facie valid claim by refuting at least one of the essential allegations of such claim. Only if the objecting party provides evidence equal or greater than that provided in support of the prima facie valid claim does the burden of proof shift back to the claimant to provide the validity of its claim by a preponderance of the evidence. *See In Re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3rd Cir. 1992); *See also Fullmer v. U.S.*, 962 F.2d 1463, 1466 (10th Cir. 1992)

10.  The supporting documents attached to Parlex's Claim establish the basis of the Claim. The Claim is evidenced by the invoices and bills of lading showing the identity, quantity and price of parts delivered to the Debtor.

11.  The Debtors have not provided any specific information or documents whatsoever to support their objection to Parlex's Claim. Thus, the Debtors' objection to Parlex's Claim should be overruled because the Debtors have failed to present any evidence to rebut the *prima facie* validity of Parlex's Claim.

3

12. Parlex reserves the right to amend or supplement this response to the extent the Debtors provide more details, information, or evidence regarding the basis for their objection to Parlex's Claim.

**WHEREFORE**, Parlex respectfully requests that this Court overrule the Debtors' objection to Parlex's Claim, allow Parlex's Claim in the amount of $56,219.54 and grant Parlex such other and further relief to which the Court finds it is justly entitled.

Respectfully submitted,

Dated: March 13, 2007

PARLEX CORPORATION
By its attorneys,

_____
Edward D. Kutchin, Esq.
BBO No. 281920
Kerry R. Northup, Esquire
BBO No. 633016
Kutchin & Rufo, P.C.
155 Federal Street, 17th Floor
Boston, MA  02110-1727
(617) 542-3000

4

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a true and correct copy of this document by sending a copy thereof via overnight delivery to:

Delphi Corporation  
Attn: General Counsel  
5725 Delphi Drive  
Troy, Michigan 48098

John Wm. Butler, Jr., Esq.  
John K. Lyons, Esq.  
Joseph N. Wharton, Esq.  
Skadden, Arps, Slate, Meagher & Flom LLP  
333 West Wacker Drive, Suite 2100  
Chicago, Illinois 60606

March 13, 2007

_____  
Kerry R. Northup

F:\Files\4580\Pleadings\Response to Claim Objection.doc