MARIANNE GOLDSTEIN ROBBINS
PREVIANT, GOLDBERG, UELMEN,
GRATZ, MILLER & BRUEGGEMAN s.c.
1555 N. RiverCenter Drive, Ste. 202
P.O. Box 12993
Milwaukee, WI  53212
414/271-4500
mgr@previant.com

Attorneys for:
International Brotherhood of Electrical Workers
Local Union No. 663 (IBEW) and the International
Association of Machinists, AFL-CIO, Tool and Die
Makers Local Lodge 78, District 10 (IAM)

BARBARA S. MEHLSACK (BM1390)
GORLICK, KRAVITZ & LISTHAUS p.c.
17 State Street, 4th Floor
New York, NY  10004
212/269-2500
bmehlsack@gkllaw.com

Attorneys for:
International Union of Operating Engineers
(IUOE) and Local Counsel to the IBEW & IAM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**OBJECTIONS AND MEMORANDUM OF LAW IN SUPPORT OF
OBJECTIONS OF IBEW LOCAL 663, IAM DISTRICT 10 AND IUOE
LOCALS 18S AND 832S TO SECOND SUPPLEMENT TO KECP MOTION
SEEKING AUTHORITY TO CONTINUE AIP FOR FIRST HALF OF 2007**

The International Brotherhood of Electrical Workers Local Union No. 663 (IBEW), International Association of Machinists and Aerospace Workers, Tool and Die Makers Local Lodge 78, District 10 (IAM) and the International Union of Operating Engineers Locals 18S and 832S (IUOE) are labor unions which, collectively, represent approximately 135 hourly employees of Delphi Corporation, et al. ("Debtor" or "Delphi"). In addition, the IBEW, IAM and IUOE are each the "authorized representative" of retirees from their respective bargaining units within the meaning of 11 U.S.C. § 1114. The IBEW, IAM and IUOE hereby object to the Second Supplement to KECP Motion filed by the Debtors because the Debtors have failed to meet the standard of proof required to authorize such payments. Given the Debtors claimed circumstances and the concessions sought from hourly employees, the proposed continuation of the AIP Program is neither necessary nor fair and equitable and therefore should be denied or deferred until conclusion of this bankruptcy case.

## Background

1. At the present time this court has only authorized implementation of a short-term AIP through 2006. When the court approved the second half of 2006 AIP Program, the court did not give Debtors authority to establish targets for subsequent six month increments but rather adjourned the issue until 2007.

2. Debtors' projection for performance during the first half of 2006 proved to be unrealistically low. Debtors' Motion for Authority to Continue AIP for the first half of 2007 indicates that on average targets for the second half of 2006 were exceeded

both for members of the Delphi Strategy Board ("DSB") and for non-DSB members. (Second Supplement Motion to KECP footnote 1).

3. Debtors state that the targets for the first half 2007 AIP Program are established by what is called the "Preliminary Business Plan." While Debtors state that this plan has been submitted to its Board of Directors for approval, neither the AIP continuation nor the Preliminary Business Plan have been shared with the IBEW, IAM or IUOE.

4. From the filings, it appears that the Preliminary Business Plan was based upon inaccurate assumptions concerning the effective date of Debtors' proposed labor transformation and proposed agreement with General Motors.

5. Debtors propose to commit up to $37.4 million to the AIP incentive pool.

6. This additional burden on the estate is proposed at a time when 1) employees represented the IBEW, IAM and IUOE face plant closure or sale in the Milwaukee, Wisconsin facility and the Columbus, Ohio facility, without an attrition package, provided months ago to other employees, and 2) Debtors propose to freeze pension benefits and reduce or eliminate retiree health benefits provided by the IBEW, IAM and IUOE labor agreements.

7. The additional sums are allegedly to retain salaried employees when the Company seeks to reduce its footprint and staffing, presumably at all levels, and when the Company is not experiencing substantial turnover among its management ranks.

## Applicable Legal Standards

8.     Provision of or, in this case, continuation of a Key Employee Compensation Program (KECP) is not an ordinary course of business expense. Therefore, under Section 363(b)(1) of the Bankruptcy Code such programs require court approval. In re Montgomery Ward Holding Corp., 242 BR 147, 153 (Bankr. D. Del. 1999).

9.     Under Section 363(b)(1) of the Code, Delphi must satisfy four criteria to obtain court approval for its proposed KECP: (1) it must articulate a good business reason for the KECP, (2) it must provide factual evidence for such good business reason, (3) it must demonstrate apart from its good business reason that the particular KECP proposed will aid in reorganization, and (4) the KECP must fairly and reasonably balance equities inherent in Chapter 11 reorganization. In re Lionel, 722 F.2d 1063, 1070-1071. (2nd Cir. 1983).

10.     As a transaction involving compensation to insiders, the KECP should be subject to "rigorous scrutiny." Pepper v. Litton, 308 U.S. 295, 308 (1939). See also, In re Trident Shipworks, Inc., 247 BR 856, 865-866 (M.D. Fla. 2000) (involving insider lease transaction).

11.     Among the appropriate considerations are avoidance of committing the estate to costly compensation arrangements in advance of a confirmation of plan reorganization. In re U.S. Airways, 329 BR 793, 799-801. (E.D. Va. 2005)

4

12. The routine application of the business judgment rationale is not appropriate for a KECP program. In re Regensteiner Printing Co., 122 BR 323 (N.D. Ill. 1990) (requiring proponents prove fairness to the estate and to creditors).

13. Debtors cannot put forward a KECP plan without consulting the unions where the unions' support and participation in the bankruptcy is critical. In re Geneva Steel Co., 236 BR 770-773 (Bankr. D. Utah 1999).

### Debtors Have Not Met Their Burden of Proof for Continuing the AIP Program For The First Half of 2007

14. Debtors have not established any difficulty in retaining or attracting necessary key employees.

15. There is no evidence that deferral of salaried incentives until the conclusion of the bankruptcy will injure reorganization. Indeed, it may improve the incentive for management to remain with Debtors through the entire bankruptcy procedure.

16. Given Debtors' stated intention to reduce its footprint, voluntary attrition in management has not been demonstrated to hamper reorganization.

17. Debtors have presented no good business reason that the KECP proposal it makes for the first half of 2007 will aid in reorganization or that it fairly or reasonably balances the equities inherent in Chapter 11 reorganization, where it continues to seek compensation reductions from its Unions at the same time it seeks to spend up to $37 million in additional compensation for executives. In re: Lionel 722 F 2nd 1063, 1070-1071 (2nd Cir. 1983).

18.  The continued provision of incentives will have an adverse impact on the Debtors' and Unions' ability to reach consensual agreements to reduce compensation of hourly-represented employees.

19.  It is irresponsible for Debtors to seek continuation of the AIP Program when Debtors continue to seek authority to freeze pension plans and reduce or eliminate retiree benefits for the IBEW, IAM and IUOE bargaining units at a time when, because of plant closures or sales, no future employment in lieu of early retirement is available. The pension freeze and benefit reduction elimination will particularly impact employees and retirees represented by the IBEW, IAM and the IUOE since Debtors claim these Unions have no benefit guarantee through General Motors and since Debtors have conditioned their proposed attrition package to these unions on their disclaiming any benefit guarantee through General Motors.

20.  The timing of Debtors' Motion is particularly egregious in relation to the IBEW, IAM, and the IUOE since Debtors have failed to complete negotiations for an attrition package while confirming the intention to close the E&C operation in Milwaukee and to sell or relocate operations in Columbus, Ohio, over the next several months.

21.  Debtors seek authority to continue the AIP for the first half of 2007 based only on agreement with the Creditors Committee targets and payout curves. Debtors have made no showing as to the necessity or reasonableness of such authority.

22.  Debtors have failed completely to consult Unions concerning the proposed

extension of the KECP plan to the first half of 2007 while acknowledging that Unions supported participation in the bankruptcy is critical. <u>In re: Geneva Steel Co.</u>, 236 BR 770-773 (Bankr. D.Utah 1999). Authorization under these circumstances will destroy any remaining incentive for consultation with unions on the reasonableness of such incentives and will thereby further jeopardize the opportunity for voluntary resolution of Debtors' demands for concessions from its unions.

24. Given the unrealistic assumptions on which Debtors acknowledge it is based and their intent to alter the targets, the essence of Debtor's Motion is for authority to institute an AIP Program for the first half of 2007 which is based on targets which will be set at Debtors' discretion, without further court review.

25. The provisions of the proposed KECP extension cannot meet the requirements of the recently-enacted Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which includes 11 U.S.C. § 503(c). In this case, Debtors seek to avoid making the showings required under § 503(c). These include a showing that its proposed increases are essential to executive retention by reason of pending job offers or that the services of covered executives are essential to its survival.

<u>Conclusion</u>

For the foregoing reasons, the IBEW, IAM and IUOE ask the court to deny Debtors' Motion for Authority to continue AIP for the first half of 2007.

Dated:  Milwaukee, Wisconsin
March 19, 2007

<u>s/ Marianne G. Robbins</u>
MARIANNE G. ROBBINS
PREVIANT, GOLDBERG, UELMEN,
GRATZ, MILLER & BRUEGGEMAN s.c.
1555 N. RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI 53212
414/271-4500
Facsimile: 414/271-6308
mgr@previant.com

Attorneys for IBEW Local 663 and
IAM District 10

<u>/s/Barbara S. Mehlsack</u>
BARBARA S. MEHLSACK (BM 1390)
GORLICK, KRAVITZ & LISTHAUS
17 State Street, 4th Floor
New York, NY  10004
bmehlsack@gkllaw.com

Attorneys for International Union of
Operating Engineers

G:\DOCS\ELE663\71259\M0192449.WPD

8