**Hearing Date: March 22, 2006**
**Hearing Time: 10:00 a.m.**

Babette A. Ceccotti (BC 2690)
Bruce S. Levine (BL 2309)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street, 25th Floor
New York, New York 10036-6976
(212) 563-4100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, ) | |
| ) | Case No. 05-44481 (RDD) |
| Debtors. ) | (Jointly Administered) |
| ) | |

**OBJECTION OF UAW TO DEBTORS' SECOND SUPPLEMENT TO
KECP MOTION [DOCKET NO. 7200] SEEKING AUTHORITY TO
<u>CONTINUE AIP FOR FIRST HALF OF 2007</u>**

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW" or the "Union"), by its undersigned counsel, objects as follows to the Second Supplement to KECP Motion [Docket No. 7200] Seeking Authority to Continue AIP for First Half of 2007 (the "Second KECP Supplement"):

**<u>UAW's Objection</u>**

1.  In response to Delphi's first KECP Supplement request in which the Debtors sought approval for AIP payments for the second half of 2006, the UAW called the KECP-related programs "counter productive and distracting" in light of the still unresolved labor issues and pressed for a deferral of further consideration to avoid intensifying the already charged atmosphere of a case principally directed at labor costs and jobs affecting the union-represented workforce. *See* Objection of UAW to Debtors' Motion to Supplement KECP

00104073.DOC.1

[Docket No. 4556], ¶3.[1] Here Delphi returns to Court for its Second KECP Supplement to continue the six-month AIP program for the first half of 2007 with revised targets and a potential payout of between $29 and $37 million. With UAW and others now engaged in intense negotiations over issues critical to the hourly workforce, as a result of the Equity Purchase and Commitment Agreement ("EPCA"), once again, Delphi has picked a glaringly inauspicious time to draw attention to its executive pay schemes.

2. As UAW has contended each time a KECP-related program is brought before the Court, the clear message of these programs to the workforce is that Delphi's executives will be rewarded by the bankruptcy while Delphi's hourly workers remain targets of Delphi's restructuring. The current iteration of the proposed AIP furthers this objectionable double-standard. The program continues to provide for significant bonus opportunities that are based on targets that will continue to be measured twice yearly, now based upon a "Preliminary Business Plan," which represents Delphi's preliminary completion of its latest five-year forecasts. *See* Second Supplement, ¶5.[2] Delphi already seeks to schedule the next AIP determination for July, 2007, in an apparent effort to mitigate uncertainty regarding the program for those eligible for the payments.

3. However, hourly workers who have remained with Delphi still face great *uncertainty* as key issues in the current talks – the Delphi footprint and the wages, benefits and other opportunities available to the remaining work force – remain subjects of intense negotiations. Delphi's bankruptcy has reached an advanced stage with the negotiation of the

---

[1] See *In re America West Airlines*, 171 B.R. 674, 677-8 (Bankr. D. Az. 1994) (approving confirmation bonuses in light of the outcome of the bankruptcy the recipients' contributions to the reorganization).

[2] Unlike the targets applicable to the previous program, which expressly excluded savings related to Union or GM negotiations, the Preliminary Business Plan includes certain assumptions regarding labor cost and GM-related savings. The Debtors represent in their motion that achieving the targets will not be based on the results of labor or GM negotiations but no clear formula for these potentially significant adjustments is provided. *See* Second Supplement, ¶4, n.3.

EPCA and successful negotiations with the UAW are critical to the Delphi's continued progress towards emergence from bankruptcy.  Delphi reminds the Court of its rulings in connection with previous AIP requests, *see* Second Supplement, ¶8, including the pointed examination conducted by the Court in its review under Section 363.  Given the crucial discussions now underway, UAW submits that approval of the Second Supplement does not "make[] good business sense." Transcript of Proceedings on February 10, 2006 at 241-42 [Docket No. 3414]. *See In re Geneva Steel Co.*, 236 B.R. 770, 773 (D. Utah 1999) (debtor's failure to consult the union before proposing its key employee compensation plan was "not an example of sound business judgment").

### Conclusion

For the foregoing reasons, the Second KECP Supplement should be denied.

Dated: March 19, 2007

  /s/ Babette A. Ceccotti
Babette A. Ceccotti (BC 2690)
Bruce S. Levine (BL 2309)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036
(212) 563-4100

- and -

Niraj R. Ganatra
International Union, UAW
8000 East Jefferson Avenue
Detroit, MI 48214
(313) 926-5216

Attorneys for International Union, UAW

- 3 -