**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------

### AFFIDAVIT UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016 AND GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS

| | |
|---|---|
| STATE OF MICHIGAN | ) |
| | ) ss.: |
| COUNTY OF WAYNE | ) |

Brian D. Decker, being duly sworn upon his oath, as and for his certification pursuant to and in accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure and the Court's General Order M-151: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases ("SDNY Guidelines"), states and affirms as follows:

1.     I am a Partner in PricewaterhouseCoopers LLP, professional to provide certain Sarbanes-Oxley compliance, tax and financial planning and other general tax consulting services to Delphi Corporation, et al. (the "Debtors").  PricewaterhouseCoopers maintains offices at 1900 St. Antoine Street, Detroit, Michigan 48226-2263.  I have been designated with responsibility for compliance with the SDNY Guidelines and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, adopted on January 30, 1996 (the "UST Guidelines") in these Chapter 11 cases.

2.    I submit this certification in connection with PricewaterhouseCoopers' First Interim Fee Application for Compensation of Services Rendered and Reimbursement of Actual and Necessary Expenses for services rendered from February 1, 2006 through May 31, 2006 (the "Application").

3.    I have read the Application.

4.    The fees and disbursements sought fall within the SDNY Guidelines, the UST Guidelines, the order dated June 21, 2006 approving the retention of PricewaterhouseCoopers and the Interim Compensation Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated November 4, 2005.

5.    The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by PricewaterhouseCoopers during the time period covered by the Application and generally accepted by PricewaterhouseCoopers' clients during that time period.

6.    In providing the reimbursable expenditures to the Debtors that are the subject of the Application, PricewaterhouseCoopers did not make a profit on that service whether the service was performed by PricewaterhouseCoopers in-house or through a third party.

7.    PricewaterhouseCoopers previously provided to the Debtors and other parties as directed by the orders of this Court statements of PricewaterhouseCoopers' monthly fees and disbursements accrued periodically within the time period of this Application.

8.    Specifically, PricewaterhouseCoopers' fee statements were served on the following dates:

| Monthly Fee Statement | Date of Service |
|---|---|
| February 2006 | June 30, 2006 |
| March 2006 | June 30, 2006 |
| April 2006 | June 30, 2006 |

May 2006                          September 28, 2006

9.      All services for which compensation is requested by PricewaterhouseCoopers

were professional services performed for and on behalf of the Debtors through May 31, 2006 and

not on behalf of any other person.

10.      In accordance with Title 18 U.S.C. Section 155, to the best of my knowledge,

information and belief, neither I nor any member of PricewaterhouseCoopers has entered into

any agreement, express or implied with any other party-in-interest for the purpose of fixing the

amount of any of the fees or other compensation to be allowed out of or paid from the Debtors'

assets.

11.      To the best of my knowledge, information and belief, subsequent to the retention

of the firm, no partner or associate of PricewaterhouseCoopers has acquired or transferred, for

his or her own account, any beneficial interest in or claims against the Debtors.

_____
Brian D. Decker, Partner
PricewaterhouseCoopers LLP


SWORN TO AND SUBSCRIBED before me, a Notary Public for the
State and County aforesaid, on this _27_ day of February 2007.


LINDA M. BAHR
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Aug 29, 2011
ACTING IN COUNTY OF _Wayne_

_____
Notary Public