UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                          Chapter 11

DELPHI CORP, et al.,                           Case No. 05-44481 (RDD)

                                               Jointly Administered
                    Debtors

FIRST INTERIM FEE APPLICATION OF
LEGAL COST CONTROL, INC. AS FEE AND EXPENSE ANALYST TO THE
DELPHI FEE AND EXPENSE REVIEW COMMITTEE, FOR ALLOWANCE OF
INTERIM COMPENSATION FOR SERVICES RENDERED FOR THE THIRD FEE
APPLICATION PERIOD,
JUNE 1, 2006 THROUGH AND INCLUDING SEPTEMBER 30, 2006

SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | Legal Cost Control, Inc. |
| Authorized to Provide Professional Services to: | Delphi Fee Committee |
| | Date of Retention: June 1, 2006 |
| Period for which compensation Is sought: | June 1, 2006 through September 30, 2006 |
| Total Amount of Compensation sought As actual, reasonable and necessary, During these cases: | $606,100.21 |
| Total amount of Expenses sought as Actual, reasonable and necessary, During these cases | $0.00 |
| This is an: | Interim Application. |

The total time expended for the preparation of this application is approximately 10 hours and the corresponding compensation requested is $0.00.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORP, et al., | Case No. 05-44481 (RDD) |
| Debtors | Jointly Administered |

FIRST INTERIM FEE APPLICATION OF
LEGAL COST CONTROL, INC. AS FEE AND EXPENSE ANALYST TO THE
DELPHI FEE COMMITTEE, FOR ALLOWANCE OF INTERIM COMPENSATION
FOR SERVICES RENDERED FOR THE THIRD FEE APPLICATION PERIOD,
JUNE 1, 2006 THROUGH AND INCLUDING SEPTEMBER 30, 2006

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Legal Cost Control, Inc. ("LCC"), Fee and Expense Analyst to the Delphi Fee Committee ("Fee Committee"), respectfully represents:

1. LCC submits this First Interim Application (the "First Application") for (i) allowance of compensation in the amount of $606,100.21 for services rendered by it as Fee and Expense Analyst to the Fee Committee during the period June 1, 2006 through September 30, 2006, (the "Third Application Period") and for (ii) allowance of actual and necessary out-of-pocket expenses in the amount of $0.00 incurred by LCC in rendering such services to the Fee Committee.

2. This First Application is being made pursuant to Sections 328(a), 330 and 331 of the Bankruptcy Code; the Retention Order (as hereinafter defined), the Interim Compensation Order (as hereinafter defined), and Local Rule 2016-1 of the United States Bankruptcy Court for the Southern District of New York.

## I. BACKGROUND

3. On November 4, 2005, this Court entered the revised Interim Compensation Order pursuant to sections 105(a) and 331 of the Bankruptcy Code establishing procedures for monthly compensation and reimbursement of expenses for professionals.

4. On November 4, 2005 this Court entered the Fee Committee Order authorizing the creation of a Fee Committee to (a) establish procedures for the development and submission of budgets by Court-approved professionals, and (b) review the fees and expenses incurred by Court-approved professionals.

5. On June 1. 2006 the Fee Committee engaged LCC as Fee and Expense Analyst;

6. On August 17, 2006 the Court approved the appointment of LCC as Fee and Expense Analyst to the Fee Committee;

7. Professional services for which compensation is sought were rendered pursuant to Chapter 11 of the Bankruptcy Code.

## II. THE LCC ENGAGEMENT

8. On June 1. 2006 the Fee Committee engaged LCC as Fee and Expense Analyst;

9. On August 17, 2006, this Court entered the Retention Order, authorizing the Fee Committee to employ LCC as the Fee and Expense Analyst. Specifically, LCC was retained to provide the following professional services: (a) Provide the Fee Committee with computer-generated analyses of the monthly statements and fee applications submitted by the Professionals in the case; (b) Report to the Fee Committee on the compliance or non-compliance of those monthly statements and fee applications with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the United States Trustees Guidelines, and the Local Rules and General Orders of the United States Bankruptcy Court for the Southern District of New York; (c) Provided the Fee Committee with narrative reports to support and explain the issues associated with LCC's computer-generated analyses; (d) Provide the Fee Committee and Professionals with web-based access to LCC's analyses; (e) Meet on various occasions with the Fee Committee ; (f) Provide general consulting services to the Fee Committee consistent with LCC's engagement by the Fee Committee; (g) Provide general support to the

Professionals, to assist the Professionals in the submission of their statements and fee applications to the Fee Committee, consistent with LCC's engagement by the Fee Committee; and (g) Generally support the efforts of the Fee Committee to complete the tasks of the Fee Committee;

10. Pursuant to the Engagement Agreement, the Fee Committee agreed to pay LCC the following fees in consideration for services rendered:

Eight-tenths of one percent (0.80%) of fees and expenses submitted by retained professionals in the Delphi cases.

### III. SERVICES PROVIDED BY LCC

11. For and during the Third Application Period, LCC rendered the following services on behalf of the Fee Committee: (a) Provided the Fee Committee with computer-generated analyses of the monthly statements and fee applications submitted by the Professionals in the case; (b) Provided the Fee Committee and Professionals with web-based access to LCC's analyses; (c) Provided the Fee Committee with narrative reports to support and explain the issues associated with LCC's computer-generated analyses; (d) Met on various occasions with the Professionals in conjunction with the Fee Committee and/or Professional Staff of the Fee Committee; (e) Provided general consulting services to the Fee Committee consistent with LCC's engagement by the Fee Committee; (f) Provided general support to the Professionals, to assist the Professionals in the submission of their statements and fee applications to the Fee Committee, consistent with LCC's engagement by the Fee Committee; and (g) Generally supported the efforts of the Fee Committee to complete the tasks of the Fee Committee;

12. With regard to the services provided, LCC has never billed its clients based upon the number of hours expended by its professionals and paraprofessionals. Accordingly, LCC does not have hourly billing rates for its personnel nor do its personnel normally maintain detailed hourly time records for the work performed on behalf of its clients. Moreover, pursuant to its Engagement Agreement and the Retention Order, LCC is not required to maintain detailed time records as LCC has been retained on a fixed fee basis (as set forth below).

### IV. LCC'S FIRST APPLICATION FOR COMPENSATION FOR FEES EARNED DURING THE THIRD APPLICATION PERIOD

13. Pursuant to the (i) Order, inter alia, Authorizing Employment of Legal Cost Control, Inc. as Fee Fee and Expense Analyst and Granting Related Relief, date August 17, 2006 (the "Retention Order"), (ii) Administrative Order Pursuant to Sections 105 (a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated January 17, 2002 (the "Interim Fee Order"), (iii) Order Supplementing Administrative Order Dated November 4, 2005 Establishing Procedures for Interim Compensation; and (iv) Paragraph A.3 of the Administrative Order Regarding Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases dated June 20, 1991, LCC files this First Fee Application requesting fees of $606,100.21 and $0.00 for actual and necessary expenses, for a total payment of $606,100.21.

14. LCC's fees for the Billing Period have been calculated as follows:

    - For the period June 1 through August 31, 2006, LCC's Fee was $316,530.60. See, Statement Of Fees And Disbursements Of Legal Cost Control, Inc. For The Period June 1, 2006 Through And Including August 31, 2006, attached hereto as Exhibit "A;"
    - For September 2006, LCC's Fee was $289,569.61. See, Statement Of Fees And Disbursements Of Legal Cost Control, Inc. For The Period September 1, 2006 Through And Including September 30, 2006, attached hereto as Exhibit "B;"
    - LCC's Total First Interim Application Fee for services rendered during the Third Fee Application Period is therefore $606,100.21.

### V. LCC'S FIRST APPLICATION FOR REIMBURSEMENT OF ACTUAL AND NECESSARY OUT-OF-POCKET EXPENSES INCURRED DURING THE THIRD APPLICATION PERIOD

15. LCC's fee is based upon a Fixed Fee. That Fixed Fee includes all actual, necessary and reasonable out-of-pocket expenses incurred by LCC during the Third Application Period. Accordingly, LCC does not seek compensation or reimbursement of any out-of-pocket expenses that were incurred by LCC during the Third Application Period.

## VI.   SUMMARY

16. As of the date of this First Application, LCC has received payment of 80% of its fees accrued through August 31, 2006 and 0% of fees accrued for the period September 1, 2006 through September 30, 2006. The following chart summarizes all fees included in this First Application:

| PERIOD(S) | FEES | EXPENSES | AMOUNTS SOUGHT |
|---|---|---|---|
| June 1 – August 31, 2006 | $316,530.60 | $0.00 | $316,530.60 |
| Sept. 1 – Sept. 30, 2006 | $289,569.61 | $0.00 | $289,569.61 |
| **TOTAL** | **$606,100.21** | **$0.00** | **$606,100.21** |

17. All services for which LCC requests compensation were performed for and on behalf of the Fee Committee and were not rendered on behalf of any other person or entity.

18. There is currently no agreement or understanding between LCC and any other person or entity for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

**WHEREFORE**, Legal Cost Control, Inc. requests the Court to approve the allowance of LCC's fee in the amount of $606,100.21 for services rendered from June 1, 2006 through September 30, 2006.

**LEGAL COST CONTROL, INC.**

By: _/s/ John J. Marquess_
John J. Marquess, Esquire (Admitted in New York Pro Hac Vice)
255 Kings Highway East
Haddonfield, NJ 08033
(856) 216-0800

Dated: November 27, 2006
Haddonfield, NJ

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORP, et al., | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Debtors | |

### CERTIFICATION

JOHN J. MARQUESS, being duly sworn, deposes and says:

1. I am President of Legal Cost Control, Inc.

2. I have read the foregoing First Application for Allowance of Compensation of Legal Cost Control, Inc., Fee and Expense Analyst to the Delphi Fee Committee, and know the contents thereof. The same are true to the best of my knowledge, except as to matters therein alleged to be upon information and belief, and as to those matters, I believe them to be true. I have personally performed and/or supervised many of the Fee and Expense Analyst services rendered by Legal Cost Control, Inc. and I am thoroughly familiar with all other work performed on behalf of the Fee Committee by the attorneys and paraprofessionals of the corporation.

3. All of the services for which Legal Cost Control, Inc. seeks compensation were performed for and on behalf of the Fee Committee and not on behalf of any other person or entity.

4. In accordance with Bankruptcy Rule 2016(a) and § 504 of the Bankruptcy Code, no agreement or understanding exists between the Applicant and

any other person for the sharing of compensation to be received in connection with the within cases.

**I HEREBY CERTIFY** that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

**LEGAL COST CONTROL, INC.**

By: *[signature]*
John J. Marquess, Esquire
President
255 Kings Highway East, First Floor
Haddonfield, NJ 08033
(856) 216-0800
(856) 216-0800 Facsimile
Fee and Expenses Analyst

DATED: November 27, 2006

LEGAL COST CONTROL, INC.
John J. Marquess, Esquire
255 Kings Highway East, Suite A-3
Haddonfield, NJ 08033
Telephone: 856.216.0800
Facsimile: 856.216.1736

Fee and Expense Analyst

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORP, et al., | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Debtors | |

### AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY    )
                       )  SS:
COUNTY OF CAMDEN       )

Jane Woods, being duly sworn, deposes and says:

I am a resident of the United States, over the age of eighteen years, and am not a party to or interested in the above-captioned cases. I am employed by Legal Cost Control, Inc., Fee and Expense Analyst.

On the 28th of November 2006, I caused a copy of the following document:

FIRST INTERIM FEE APPLICATION OF LEGAL COST CONTROL, INC.,
FOR SERVICES RENDERED AND EXPENSES INCURRED FROM JUNE 1,
2006 THROUGH SEPTEMBER 30, 2006,

to be served upon the parties identified on Exhibit 1 attached hereto by securely enclosing a true copy of the aforementioned document in a properly addressed wrapper and causing the same to be delivered into the custody of a Federal Express Representative for next business day delivery.

_____
Jane Woods

Sworn to and subscribed before
me this 28th day of November 2006

_____
Notary Public
My Commission Expires:

Sworn to and subscribed before me
this 30th day of Nov. 2006.

MARY ANN CUNNINGHAM
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES JAN. 14, 2010

## EXHIBIT 1

David Sherbin, General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

John William Butler, Jr., Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606

Alicia M. Leonhard, Esquire
Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004

Robert J. Rosenberg, Esquire
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022-4802

Marissa Wesley, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

Marlane Melican, Esquire
Davis Polk & Wardell
450 Lexington Avenue
New York, New York 10017

AND VIA EMAIL TO:

Valerie Venable
GE Plastics
Valerie.Venable@ge.com