# Lowenstein
# Sandler

ATTORNEYS AT LAW

**Michael S. Etkin**
Member of the Firm
Tel  973 597 2312
Fax 973 597 2313
metkin@lowenstein.com

March 21, 2007

**VIA EMAIL, ECF AND REGULAR MAIL**

The Honorable Robert J. Drain
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re:   **In re Delphi Corporation**
      **Case No. 05-44481**
      **Lead Plaintiffs' Motion for Limited Stay Relief**
      **Hearing Date:  March 22, 2007**

Dear Judge Drain:

Enclosed is a copy of Judge Rosen's decision denying the various motions for reconsideration with respect to his prior ruling concerning modification of the PSLRA stay. The decision was just posted on the ECF system and we thought it important that the Court have a copy of this decision in advance of tomorrow's scheduled hearing on Lead Plaintiffs' Motion for Limited Stay Relief.

Respectfully submitted,

Michael S. Etkin
MSE:jmw
Enclosure(s)
cc:    Attached Service List (with enclosure--via e-mail and regular mail)
18692/2
03/21/07 2136733.01

---

**Lowenstein Sandler PC**                                                                www.lowenstein.com

Reply:  1251 Avenue of the Americas  New York, New York 10020  Tel 212 262 6700  Fax 212 262 7402
        65 Livingston Avenue  Roseland, New Jersey 07068  Tel 973 597 2500  Fax 973 597 2400

The Honorable Robert J. Drain  
Page 2

March 21, 2007

## SERVICE LIST

John W. Butler, Jr., Esq.  
Skadden Arps Slate Meagher & Flom LLP  
333 West Wacker Drive  
Chicago, IL 60606-1285  
Fax : (312) 407-0411  
*Attorneys for the Debtor*

Kayalyn A. Marafioti, Esq.  
Thomas J. Matz, Esq.  
Skadden Arps Slate Meagher & Flom LLP  
4 Times Square  
New York, NY 10036  
Fax: 212-735-2000  
*Attorneys for the Debtor*

Douglas P. Bartner  
Shearman & Sterling LLP  
599 Lexington Avenue  
New York, NY 10022-6069  
Fax: (212) 848-4387  
*Attorneys for the Debtor*

Marissa Wesley, Esq.  
Simpson Thacher & Bartlett LLP  
425 Lexington Avenue  
New York, New York 10017  
Fax: (212) 455-2502  
*Attorneys for JP Morgan Chase Bank N.A.*

Robert J. Rosenberg, Esq.  
Latham & Watkins  
885 Third Avenue  
New York, NY 10022-4802  
Fax: (212) 751-4864  
*Attorneys for The Official Committee Of Unsecured Creditors*

Alicia M. Leonhard, Esq.  
Office of the United States Trustee  
Southern District of New York  
33 Whitehall Street, Suite 2100  
New York, NY 10004  
Fax : (212) 668-2255  
*U.S. Trustee*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: DELPHI CORPORATION
SECURITIES, DERIVATIVE &
"ERISA" LITIGATION

_____/

MDL No. 1725
Master Case No. 05-md-1725
Hon. Gerald E. Rosen

This Opinion and Order
Relates to 06-10026

MEMORANDUM OPINION AND ORDER DENYING
MOTIONS FOR RECONSIDERATION OF THE COURT'S
ORDER PARTIALLY LIFTING PSLRA DISCOVERY STAY

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on ___March 21, 2007___

PRESENT:   Honorable Gerald E. Rosen
           United States District Judge

I. INTRODUCTION

This matter is presently before the Court on the motions for reconsideration filed by certain Delphi Defendants[1] and Defendant Deloitte & Touche LLP seeking reversal or clarification/limitation of the Court's February 15, 2007 Opinion and Order granting Lead Plaintiff's motion for partial modification of the PSLRA discovery stay. Having reviewed and considered the Defendants' briefs and the entire record of this matter, the

---

[1] These Defendants are Delphi Corporation, Donald s. Runkle, John D. Sheehan, Robert H. Brust, Thomas H. Wyman, Oscar de Paula Bernandes Neto, John D. Opie, Cynthia A. Niekamp, Susan A. McLaughlin, Roger S. Penske, Patricia C. Sueltz, Virgis W. Colbert, David N. Farr, Shoichiro Irimajiri, Bernd Gottschalk, Delphi Trust I and Delphi Trust II.

1

Court concludes that reconsideration of the Court's February 15 Order is not warranted.

## II. DISCUSSION

The grounds for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Court Rule 7.1(h)(3):

> **(h) Motions to Alter or Amend a Judgment or for Rehearing or Reconsideration.**
>
> **(3) Grounds.** Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

Defendants have not met these standards.

The Delphi Defendants

First, to the extent that Defendants rely on *In re Refco*, 2006 WL 2337212 (S.D.N.Y. 2006), a case that was decided after briefing on Lead Plaintiffs' motion to lift the PSLRA stay was completed, although the Court acknowledges that in *Refco*, the court was not persuaded that lifting the PSLRA stay was warranted, the fact that *Refco* reached a result different from that reached by this Court and the *Worldcom*[2] and *Enron*[3] courts, does not demonstrate a "palpable defect" by which the Court has been misled or that a different disposition of the case is required. Indeed, the Court specifically noted in its

---

[2] *In re WorldCom Sec. Litig.*, 234 F. Supp.2d 301 (S.D.N.Y. 2002).

[3] *In re Enron Corp.*, 2002 WL 31845114 (S.D. Tex. 2002).

2

February 15, 2007 Opinion and Order that "[c]ourts that have addressed whether the PSLRA allows for a partial lift of the discovery stay when the material sought have already been disclosed to government agencies have reached contrary conclusions." [2/15/07 Opinion and Order, p. 11 (Citations omitted.)]

Furthermore, Defendants cannot dispute that any inquiry into the lifting or modification of the stay requires an examination of the circumstances presented in the particular case before the court, yet they appear to have disregarded the fact that in *Refco*, the court declined the invitation to lift the stay because it found insufficient indicia of "undue prejudice" under the particular circumstances presented there.

As evidence of their being unduly prejudiced by the PSLRA discovery stay, the plaintiffs in *Refco* pointed to a settlement that one of the principal defendants, BAWAG P.S.K. Bank fur Arbeit und Wirtschaft und Osterreichische Postsparkasse Aktiengesellschaft ("BAWAG"), had already entered into with the government and plaintiffs in other parallel actions. The *Refco* plaintiffs argued that this settlement would "reportedly exhaust BAWAG's ability to pay to resolve the Class'[s] claims in this Action." The court, however, found this argument unpersuasive because, after filing their motion to lift the stay, the *Refco* plaintiffs themselves successfully obtained a settlement with BAWAG. By contrast, in this case, Plaintiffs have not obtained settlements with any of those Defendants who have consented to substantial money judgments against them in the SEC case or with any of the individuals or entities involved in the Delphi bankruptcy proceeding.

3

Defendants also argue that the Court should reconsider its decision because they contend that Lead Plaintiffs are not "losing ground" in light of settlements connected with the SEC investigation and Delphi's bankruptcy proceeding. The Court has already considered and ruled upon these matters, either expressly or by reasonable implication. Defendants' disagreement with the Court's opinion as to the impact of the various settlements and settlement talks on the Plaintiffs' position in this litigation is an insufficient basis for the Court to reconsider it prior Order.

In the alternative, the Delphi Defendants ask, if the Court does not reconsider its ruling, that it clarify or modify its February 15 Order to provide that Lead Plaintiffs not be entitled to discovery of documents collected pursuant to the Delphi's internal investigation that have not been produced to the SEC or that have not been specifically identified as relating to the SEC's investigation. Delphi complains that to the extent the Order contemplates production of materials never produced by Delphi to the SEC, DOJ, FBI or the U.S. Postal Inspector, the voluminous amount of documents and electronic data that would have to be reviewed for responsiveness and privilege "could occupy thousands of hours of attorney time at a cost of many millions of dollars."

The Court has already considered this issue in its original ruling and, as noted therein, the recent amendments to the Federal Rules of Civil Procedure -- specifically the amendments to Rule 26 -- provide a number of mechanisms to alleviate the concerns expressed by Defendants. *See* 2/15/07 Opinion and Order, p. 18-19, n. 17. The Court specifically points to new Rule 26(b)(2)(B) which allows a party from whom discovery is

4

sought to seek on motion a protective order to avoid discovery of electronically stored information upon a showing that the information is not reasonably accessible because of undue burden or cost. The Court also points to the various techniques suggested in the 2006 Advisory Committee Note to Rule 26 that the parties may use, including a "sneak-peek" (or "quick-peek") protocol and "claw back agreements." These are all avenues that are available to the parties in this action.

For these reasons, the Court declines the invitation to clarify or modify its previous ruling.

Deloitte & Touche

Defendant Deloitte & Touche ("D&T") also seeks reconsideration of the February 15 Order. Although D&T does not dispute that it produced records in conjunction with the internal investigation conducted by the Delphi Audit Committee and admits that it has produced documents to the SEC, it argues that it should not have to produce these documents to Plaintiffs here because it is not negotiating any settlement with the Commission or with Delphi. D&T further contends -- without any factual support or citation of legal authority -- that even if it were negotiating with the SEC, "that obviously would not impact its capacity to deal with the plaintiffs." Because it is not engaged in any settlement negotiations, Defendant argues that Plaintiffs will not be "unduly prejudiced" by the PSLRA stay remaining in place with respect to D&T. The Court disagrees for the reasons previously stated in the February 15 Opinion and Order.

Defendant relies upon *In re Royal Ahold N.V. Sec. Litig.*, 220 F.R.D. 246 (D. Md.

5

2004), in support of its contention that the stay should not be lifted as to D&T. In that case, the court lifted the PSLRA stay as to the corporate defendants to allow the plaintiffs to obtain discovery of materials produced by Royal Ahold and USF to government investigators and in the corporations' internal investigations, but declined to lift the stay as to Deloitte & Touche, the company's auditors. However, it was not because it found that the plaintiffs would not be prejudiced if the stay was not lifted as to D&T. The court, in fact, acknowledged that the plaintiffs would be prejudiced because other litigants in other proceedings were able to obtain discovery that the plaintiffs were denied. The court, nonetheless, was persuaded not to lift the stay as to the auditors because it was of the opinion that the plaintiffs' case against the auditors was weak:

> As to undue prejudice, it is true that other litigants may seek discovery from Deloitte & Touche notwithstanding the PSLRA, just as they may from Royal Ahold and USF, yet the strength of the securities plaintiffs' case against Royal Ahold's accountants is not as apparent, making it less appropriate to lift the stay in light of the PSLRA's purposes.

220 F.R.D. at 253

This Court is not inclined to consider the strength or weakness of any party's case for the purpose of making a determination as to the lifting of the PSLRA stay. Furthermore, there is nothing in the statute or the legislative history that suggests that a court should consider the strength or weakness of the plaintiff's case in deciding whether to lift the stay.

In sum, the Court finds that Deloitte & Touche has failed to demonstrate a palpable defect by which the Court and the parties have been misled or that a different

6

disposition of the case must result from a correction thereof.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Delphi Defendants and Deloitte & Touche's Motions for Reconsideration of the Court's February 15, 2007 Opinion and Order are DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: March 21, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

7