## Exhibit A

### In re Delphi Corporation, et al., Case No. 05-44481 (RDD)

*Responses To The Debtors' Eighth Omnibus Claims Objection*
*Organized By Objector[1]*

|   | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| 1. | Alliance Precision Plastics Corporation (Docket No 7125) | 11575 | Alliance Precision Plastics Corporation ("Alliance") asserts that it filed two proofs of claim, one against Delphi Corporation and one against Delphi Automotive Systems LLC, because it was uncertain which of the Debtors the liability should be asserted against. Alliance further asserts that its claim is secured by Alliance's possession of various molds and equipment used to manufacture parts ordered by the Debtors. Alliance notes that claim no. 11574 was previously objected to by the Debtors' Third Omnibus Objection, and that objection remains pending. Alliance states that it cannot consent to the disallowing of claim 11575 without confirmation that claim 11574 will be reconciled and is properly filed against the correct Debtor. | Adjourn | |

---

[1] This chart reflects all Responses entered on the docket as of March 21, 2007 at 12:00 p.m.

|   | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| 2. | Donald R. and Sarah E. Sweeton (Docket No. 7130) | 11198 | Mr. and Mrs. Sweeton (the "Sweetons") own property that is leased (the "Lease") to Delphi Automotive Systems LLC ("DAS LLC") in Lawrenceburg, Tennessee. The claim is based on the damages the Sweetons would allegedly suffer if DAS LLC rejected the Lease. The Lease has not been assumed or rejected. The Sweetons assert that they would be prejudiced by the time, effort, and expense they would face by having to file a second proof of claim should their lease be rejected. | Adjourn | |
| 3. | Hyundai Motor America[2] (Docket No. 7214) | 15590, 15591, 15593, 15594 | Hyundai Motor America ("Hyundai") asserts that the Objection should be overruled because it fails to provide any evidence to overcome the prima facie validity of Hyundai's claims. Hyundai further asserts that the claims are not duplicative on their face, and that the supporting documentation for the expunged claims is different from that for the surviving claim. Finally, Hyundai asserts that it would likely not be protected by the "multiple debtor duplicate claim" language in the proposed order. | Adjourn | |

---

[2]   Although the Response references the Ninth Omnibus Claims Objection, Hyundai Motor America's claims were the subject of the Eighth Omnibus Claims Objection, and thus the Debtors are construing the Response as a response to the Eighth Omnibus Claims Objection.

|   | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **RESOLUTION OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|---|
| 4. | Hyundai Motor Company[3] (Docket No. 7217) | 15584, 15586, 15588, 15595 | Hyundai asserts that the Objection should be overruled because it fails to provide any evidence to overcome the prima facie validity of Hyundai's claims. Hyundai further asserts that the claims are not duplicative on their face, and that the supporting documentation for the expunged claims is different from that for the surviving claim. Finally, Hyundai asserts that it would likely not be protected by the "multiple debtor duplicate claim" language in the proposed order. | Adjourn | |
| 5. | Contrarian Funds, LLC (Docket No. 7276) | 6991, 14878 | Contrarian Funds, LLC ("Contrarian") asserts that Wright Plastic Products Co., LLC ("Wright") transferred Wright's interest in both proof of claim number 14878 ("Claim 14878") and number 16447 ("Claim 16447"), but that the Debtors wrongly allege that Wright is the holder of Claim 16447. Contrarian asserts that it does not oppose the disallowance of Claim 14878, provided the Debtors recognize Contrarian as the legal and beneficial owner of both Claim 14878 and Claim 16447 and "the Court allows [Claim] 16447 in full as a claim held by Contrarian." Contrarian also asserts that the Debtors wrongly allege that proof of claim number 16386 ("Claim 16386") is held by Hain Capital Holdings, LLC ("Hain"), that Contrarian contacted Kurtzman Carson Consultants LLC ("KCC") and that KCC confirmed it mistakenly listed Hain as the holder of Claim 16386. Thus, Contrarian asserts that it does not oppose the disallowance of proof of claim number 6991, provided "the Court allows [Claim] 16386 in full as a claim held by Contrarian." | Adjourn | |

---

[3]  Although the Response references the Ninth Omnibus Claims Objection, Hyundai Motor America's claims were the subject of the Eighth Omnibus Claims Objection, and thus the Debtors are construing the Response as a response to the Eighth Omnibus Claims Objection.

|   | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | RESOLUTION OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| 6. | Intermet Corporation and SPCP Group LLC as assignee of Intermet Corporation (Docket No. 7280) | 14107, 15770 | Intermet Corporation and SPCP Group LLC as assignee of Intermet Corporation (collectively, the "Claimants") assert that they will not consent to the disallowance and expungement of proof of claim numbers 14107 and 15770 as duplicative of claim number 14489 ("Claim 14489") unless the Debtors confirm that Claim 14489 is properly filed and allowed in the amount asserted. | Adjourn | |