Hearing Date And Time: March 22, 2007 at 10:00 a.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
                                          :
     In re                                :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :     Case No. 05-44481 (RDD)
                                          :
                    Debtors.              :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' (I) REPLY TO OBJECTION OF LANDLORD, MILWAUKEE INVESTMENT
COMPANY, TO LEASE TRANSACTION MOTION AND (II) SUMMARY OF
RESOLUTION THEREOF AND ACCOMPANYING MODIFICATIONS
TO FORM OF ORDER AND RELIEF REQUESTED

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this reply (the "Reply") to the objection (the "Objection") of Milwaukee Investment Company ("Milwaukee Investment"), dated March 13, 2007 (Docket No. 7207), to the Motion For Order Under 11 U.S.C. §§ 363(b), 365(a), and 365(d) and Fed. R. Bankr. P. 6004 and 6006 Authorizing Debtors to (A) Enter Into Lease Transaction and (B) Reject Certain Unexpired Leases of Nonresidential Real Property (the "Motion"). The Debtors and Milwaukee Investment have resolved the Objection. This Reply summarizes this resolution and the resulting modification to the relief that the Debtors requested. The changes made to the proposed Order filed with the Motion (Docket No. 7111) are reflected in the marked proposed Order, a copy of which is attached hereto as <u>Exhibit A</u>.

1. The Debtors filed the Motion on March 2, 2007 seeking approval, in accordance with their transformation plan, to consolidate into one new location in Michigan (the "Property") the operations of certain existing office and technical facilities, now scattered throughout southeast Michigan and Illinois. As stated in the Motion, in addition to the significant economic advantages that this consolidation will generate, the creation of a single, state-of-the-art technical center located in close proximity to the Debtors' major customers will accelerate the development of new products and innovations, foster better communications among current and future employees, and properly project Delphi's image of technical and technological capability.

2. Only Milwaukee Investment, the lessor for the Debtors' facility located in Shelby Township, Michigan (the "Shelby Facility") objected to the Motion. Through the Motion, the Debtors sought authority to reject the lease for the Shelby Facility (the "Shelby

Lease"), effective as of September 30, 2007 (or August 31, 2007 upon ten days' notice). The Objection was parochial in nature, focusing only on the Shelby Lease and not the transaction as a whole. Specifically, Milwaukee Investment asserted that it did not receive notice of the Motion and that the decision to reject the Shelby Lease was not a sound exercise of business judgment. The Debtors disagree with both points,[1] but nonetheless worked diligently to resolve the Objection. As a result, the Debtors and Milwaukee Investment agreed that the Objection is to be withdrawn, as counsel for Milwaukee Investment will indicate on the record at the hearing on this matter, and the parties will enter into an amendment to the Shelby Lease (the "Amendment"), a copy of which is attached hereto as <u>Exhibit B</u>.[2] The Amendment provides that Delphi Automotive Systems LLC ("DAS LLC") will remain in possession of the Shelby Facility until at least December 31, 2007, and termination shall be subject to 30 days' notice. If the Debtors choose to so terminate the Shelby Lease, they will pay Milwaukee Investment a termination fee equal to six months' base rent.[3] The Amendment also affords DAS LLC expanded rights to assign the Shelby Lease to a third party.

   3.  The Debtors believe that this resolution is fair for both parties, and that utilizing additional time to vacate the Shelby Facility will afford DAS LLC more flexibility and ease the transition of equipment and personnel to the Property. Further, the amendment of the Shelby Lease has no negative impact on the Debtors' projected net savings, one-time capital

---

[1] With respect to notice, the Debtors' records, as reflected in the affidavit of service filed with respect to the Motion (Docket No. 7140), show that the Motion was timely served upon Milwaukee Investment its counsel.

[2] The Debtors believe that entering into the Amendment is within the ordinary course of DAS LLC's business. The Debtors have approximately 80 leases and as part of the management of these leases enter into amendments frequently. Nevertheless, in an abundance of caution, the Debtors have been providing, and in this instance will provide, notice of the Amendment as a <u>de</u> <u>minimis</u> lease transaction in accordance with this Court's Order Under 11 U.S.C. §§ 363, 1107, and 1108 Approving Procedures to Enter Into or Renew Real Property Leases Without Further Court Approval, entered on January 6, 2006 (Docket No. 1777).

[3] If the Debtors terminate the Shelby Lease effective December 31, 2007, the amount of the termination fee would be $190,738.14 ($31,789.69 (base rent) times 6 months).

3

spending, or expenses with respect to the Lease Transaction. To the contrary, the termination fee is expected to be less than the damages calculated should the Shelby Lease have been rejected. The Debtors have accordingly modified the proposed Order to reflect that the Debtors do not seek to reject the Shelby Lease.

        4.       The Lease Transaction is in the best interests of the Debtors' estates and stakeholders. For the reasons set forth in this Reply and in the Motion, the Motion should be granted.

Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) authorizing, but not directing, Delphi to (i) enter into the agreements necessary to effectuate the Lease Transaction, including the Purchase Agreement, the Lease, the Assignment Agreement, the Sublease, and the Escrow Agreement and (ii) reject the Downers Grove Lease upon the effective date described in the Lease Transaction Motion and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       March 21, 2007

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP

By: /s/ John Wm. Butler, Jr. _____
   John Wm. Butler, Jr. (JB 4711)
   John K. Lyons (JL 4951)
   Albert L. Hogan III (AH 8807)
   Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

By:  /s/ Kayalyn A. Marafioti_____
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000