**Hearing Date: March 22, 2007**
                                **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' NINTH OMNIBUS
OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R.
BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS,
(B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C)
UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION**

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this omnibus reply in support of the Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (the "Ninth Omnibus Claims Objection"), and respectfully represent as follows:

1. The Debtors filed the Ninth Omnibus Claims Objection on February 15, 2007 seeking to disallow and expunge certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because such Claims (a) contain insufficient documentation in support of the Claims asserted, (b) contain insufficient documentation in support of the Claims asserted and were untimely-filed pursuant to the Bar Date Order, (c) reflect liabilities or dollar amounts that are not contained in the Debtors' books and records, (d) reflect liabilities or dollar amounts that are not contained in the Debtors' books and records and were untimely-filed pursuant to the Bar Date Order, (e) were untimely-filed pursuant to the Bar Date Order, or (f) are subject to modification of the asserted amount or classification, and/or change in the identity of the alleged Debtor. The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Ninth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Ninth Omnibus Claims Objection.

for such objection.  Responses to the Ninth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on March 15, 2007.

        2.      As of March 21, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 70 timely-filed formal docketed responses, three formal but untimely-filed docketed responses, and 14 undocketed responses (collectively, the "Responses") to the Ninth Omnibus Claims Objection.  A chart summarizing each of the Responses is attached hereto as <u>Exhibit A</u>.

        3.      The Debtors believe that 14 of the Responses (collectively, the "Resolved Responses") have been resolved.  Eleven of the Resolved Responses pertain to Claims for which the Debtors seek to change only the identity of the alleged Debtor, but do not seek to modify the dollar amount or classification.  Counsel for the Debtors contacted each of these respondents to clarify the scope of the relief sought with respect to these Claims.  As a result of these clarifications, each of these 11 respondents agreed to the relief requested in the Ninth Omnibus Claims Objection with respect to that respondent's Claim, and the Debtors believe that these 11 Responses have been resolved.

        4.      Additionally, one of the Resolved Responses asserted that the claimant agrees with the relief requested by the Debtors in the Ninth Omnibus Claims Objection, and thus the Debtors believe that this Response has been resolved.  Also, one of the Resolved Responses asserts that the claimant withdrew its three Claims prior to the filing of the Ninth Omnibus Claims Objection.  Because these three Claims were indeed withdrawn, the Debtors believe that this Response is Resolved.  Finally, the Debtors have agreed to withdraw their objection with respect to a claim (the "Stephenson & Lawyer Claim") covered by one of the Resolved Responses, and consequently the Debtors believe that this Response has been resolved.

5. Accordingly, as reflected in the revised proposed order, a copy of which is attached hereto as <u>Exhibit B</u> (the "Revised Order"),[2] the Debtors do not seek to adjourn the hearings with respect to Claims subject to the Resolved Responses, but rather seek the relief requested in the Ninth Omnibus Claims Objection with respect to these Claims, except for the Stephenson & Lawyer Claim. The Debtors have agreed to withdraw its Ninth Omnibus Claims Objection with respect to the Stephenson & Lawyer Claim.

6. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed, other than the Resolved Responses, will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim. The Revised Order reflects the adjournment of the hearing with respect to each of the Claims for which a Response was filed, other than the Resolved Responses, to a future hearing date pursuant to the Claims Objection Procedures Order.

7. In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Ninth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

---

[2] Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Ninth Omnibus Claims Objection.

4

8. Except for those Claims that have been adjourned to future hearing dates, the Debtors believe that the Revised Order adequately addresses the concerns of the respondents. Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Ninth Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) adjourning the hearing with respect to all Claims as to which a Response, other than a Resolved Response, was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       March 21, 2007

          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

          By: /s/ John Wm. Butler, Jr.
            John Wm. Butler, Jr. (JB 4711)
            John K. Lyons (JL 4951)
            Ron E. Meisler (RM 3026)
          333 West Wacker Drive, Suite 2100
          Chicago, Illinois 60606
          (312) 407-0700

          - and -

          By: Kayalyn A. Marafioti
            Kayalyn A. Marafioti (KM 9632)
            Thomas J. Matz (TM 5986)
          Four Times Square
          New York, New York 10036
          (212) 735-3000

          Attorneys for Delphi Corporation, et al.,
            Debtors and Debtors-in-Possession