**Exhibit A**

**In re Delphi Corporation, et al. Case No. 05-44481 (RDD)**

*Responses To The Debtors' Ninth Omnibus Claims Objection*
*Organized By Objector[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 1. | Doosan Infracore America Corp. (Docket No. 7000) | 16443 | Doosan Infracore America Corp. ("Doosan") asserts that it timely filed a proof of claim on July 28, 2005 (the "July 28 Claim") in the amount of $93,602.69, and that proof of claim number 16443 ("Claim 16443") in the amount of $100,592.69 relates back to the July 28 Claim. Doosan further asserts that neither the Debtors nor any other party is prejudiced by the filing of Claim 16443, and that the amended claim is still less than the amount of the claim scheduled by the Debtors. | Untimely | Adjourn |
| 2. | Sealy RG Valley Buildings, L.P. (Docket No. 7045) | 8322 | Pursuant to a lease that expired June 30, 2005, Sealy Valley Buildings, L.P. ("Sealy") asserts that it was a landlord to tenant Delphi Automotive Systems LLC. Seally further asserts that the Debtors[2] fail to provide specific evidence to support their objection. | Books and records | Adjourn |
| 3. | Clark, Thomas & Winters, PC (Docket No. 7115) | 16454 | Clark, Thomas & Winters, PC asserts that it did not receive the notice of the Bar Date and therefore its claim filed December 14, 2006 should be allowed. | Untimely | Adjourn |
| 4. | The Growing Concern (Docket No. 7149) | 1507 | The Growing Concern asserts that it performed ground maintenance services that were accepted and paid for by check, but then the check was rejected by the bank. | Modification | Adjourn |

---

[1]    This chart reflects all Responses entered on the docket as of March 21, 2007 at 12:00 p.m. (prevailing Eastern time).

[2]    Capitalized terms not defined herein have the meanings ascribed to them in the Debtors Ninth Omnibus Claims Objection.

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 5. | Hollingsworth Sawmill, Inc. (dba Hollingsworth Lumber) (Docket No. 7151) | 6787 | Hollingsworth Sawmill, Inc. d/b/a Hollingsworth Lumber, asserts that it should not be denied its claim because it has a purchase order and signed shipping slip that demonstrate material was ordered and delivered to Delphi Corporation. | Modification | Adjourn |
| 6. | Greer Stop Nut, Inc. (Docket No. 7158) | 9798 | Greer Stop Nut, Inc. ("Greer") asserts that its claim is based on goods delivered to the Debtors prior to the Petition Date.  Greer further asserts that the Debtors have failed to provide specific evidence or documents to support their objection. | Modification | Adjourn |
| 7. | Doshi Prettl International, LLC (Docket No. 7188) | 16427 | Doshi Prettl International, LLC ("Doshi Prettl") asserts that proof of claim number 16427 ("Claim 16427"), filed November 22, 2006, amended proof of claim number 8380, filed June 22, 2006, to account for a remittance advice form received by Doshi Prettl from Delphi in September 2006 indicating a postpetition offset.  Doshi Prettle further asserts that the Debtors do not provide specific evidence in support of the Ninth Omnibus Claims Objection.  Finally, Doshi Prettle asserts that it satisfies the two prong test in In re Black & Geddes, Inc. to determine whether it would be equitable to allow an untimely amendment to a claim. | Untimely | Adjourn |
| 8. | Behr Industries Corp. (Docket No. 7191) | 16439 | Behr Industries Corp. ("Behr") asserts that it delivered sets of parts to the Debtors and was owed money for those parts as of the Petition Date.  Behr further asserts that the Ninth Omnibus Claims Objection fails to produce evidence to overcome the prima facie validity of Behr's claim. | Modification | Adjourn |
| 9. | PCB Piezotronics (Docket No. 7194) | 2484 | PCB Piezotronics does not object to the reclassification of its claim from Debtor Delphi Corporation to Debtor Delphi Automotive Systems LLC. | Modification | Resolved – no disagreement |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 10. | Versatile Engineering, Inc. (Docket No. 7204) | 3840 | Versatile Engineering asserts that its claim should not be disallowed and expunged because its supporting documentation shows that Specialty Electronics, Inc., which it asserts is now the Debtors, received $37,740.00 worth of goods. | Modification | Adjourn |
| 11. | TPO Displays USA, Inc. (f/k/a Mobile Display Systems) (Docket No. 7212) | 16375 | TPO Displays USA, Inc. ("TPO") asserts that its predecessor, Philips Mobile Display Systems ("MDS"), filed proof of claim number 14295 in the amount of $124,961.82 on July 31, 2006, in which it expressly reserved that the aggregate amount may be subject to adjustment.  TPO further asserts that on October 19, 2006 it filed a claim amending the amount to $595,386.02 and changing its name to TPO.  TPO asserts that the amendment accounts for prepetition claims for goods sold to the Debtors.  TPO asserts that the Debtors were on notice of the nature of the claims and the potential for adjustment of the claim amount. TPO further asserts that its amended claim will not unduly prejudice the Debtors and that TPO did not have access to the additional invoices listed in the amended complaint at the time it filed its initial claim. | Untimely | Adjourn |
| 12. | The Thomas Engineering And Surveying Co. (Docket No. 7213) | 2980 | Thomas Engineering and Surveying Co. ("Thomas") asserts that its claim should not be disallowed because the services were performed and goods delivered pursuant to a written purchase order from Delphi. Thomas further alleges that Delphi issued a check which was returned by the Bank.  Finally, Thomas alleges that the claim should be allowed in the amount of $575.00 | Modification | Adjourn |
| 13. | CTP Carrera, Inc. d/b/a Carclo Technical Plastics (Docket No. 7218) | 7311 | CTP Carrera, Inc. d/b/a Carclo Technical Plastics ("Carclo") asserts that it is and has been a supplier of custom plastic injection molded parts for several years. Carclo further asserts that the Debtors' objections to Carclo's claim are unsupported and that Carclo's evidence establishes the basis for the claim. | Books and Records | Adjourn |

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** | **TREATMENT** |
|---|---|---|---|---|---|
| 14. | Devco Corporation (Docket No. 7219) | 2938 | Devco Corporation ("Devco") asserts that it furnishes machine repair parts to Delphi, and that it has never been paid for parts it delivered.  Devco further asserts that it is entitled to full reimbursement for the goods sold. | Modification | Adjourn |
| 15. | Liquidity Solutions, Inc. as assignee for various creditors (Docket No. 7220) | (a) 2043, 2549, 3990, 5596, 5563, 2013, 397, 4014, 4583, 1892, 2288, 2437, 15600, 233, 26, 2625, 2626, 2627, 2628, 2636, 2638, 1880, 7205, 5970 (b) 16334 | Liquidity Solutions Inc. ("LSI") asserts that there is no evidence to support the Debtors' objections and therefore the Debtors cannot overcome the presumption of validity of the claims.  LSI further asserts that Proof of Claim 16334 is not untimely because it was an amendment to a timely-filed claim and "relates back" to the original claim. LSI asserts that no prejudice would result if Proof of Claim 16334 was upheld as timely. | (a) Modification (b) Untimely | Adjourn |
| 16. | Zeller Electric of Buffalo, Inc. (Docket No. 7223)[3] | 12433 | Zeller Electric of Buffalo, Inc. ("Zeller") asserts that the Debtors provide no specific reason for modifying Zeller's claim and therefore Zeller asserts that the Debtors' allegations are insufficient to provide a basis for a determination that the claim should be modified. | Modification | Adjourn |
| 17. | MarTek, Inc. (Docket No. 7224) | 5736 | Martek submitted a new proof of claim re-identifying the Debtor as Delphi Electronics & Safety and classifying the claim as general unsecured claim. | Modification | Resolved – because the Debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved |

---

[3]    The Response of Zeller Electric of Buffalo, Inc. was also docketed at docket no. 7328.

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 18. | Dobmeier Janitor Supply Inc. (Docket No. 7225) | 1625 | Dobmeier Janitor Supply, Inc. ("Dobmeier") asserts that the invoices which account for the variance between the asserted amount and modified were for products delivered to Delphi Automotive Systems. Dobmeier further asserts that the invoices should not be excluded from its claim. | Modified | Adjourn |
| 19. | PolyOne Corporation (Docket No. 7226) | 12002 | PolyOne Corporation ("PolyOne") asserts that the Debtors fail to prove that the reduction in claim is warranted. PolyOne further asserts that the entity named in its accounts payable system is Delphi Interior Systems, and PolyOne does not know which Debtor entity is appropriate. PolyOne asserts that, absent proof from the Debtors that the claim is improperly asserted, the modification to the Debtor entity is improper. | Modification | Adjourn |
| 20. | Optical Cable Corporation (Docket No. 7227) | 742 | Optical Cable Corporation ("OCC") asserts that it sold goods to Delphi Corporation and that its claim is valid and correct. OCC attaches supporting documentation to the Response. | Modification | Adjourn |
| 21. | KDS Controls Inc. (Docket No. 7229) | 1309 | KDS Controls Inc. ("KDS") attaches invoices documenting its three shipments to Delphi Mexico in El Paso, Texas and asked that the claim be acknowledged as a debt owed to KDS. | Modification | Adjourn |
| 22. | SPCP Group LLC, as assignee of Solution Recovery Services, Inc. (Docket No. 7230) | 14143 | SPCP Group LLC asserts that the Debtors provide no explanation as to why they believe the claim is subject to modification. SPCP Group further asserts that its claim is for goods and services sold and delivered, and it attaches invoices to the Response. | Modification | Adjourn |
| 23. | Sierra Liquidity Fund LLC as assignee of Abco Fire Protection, Inc. (Docket No. 7231) | 2647 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $4,284.04 as liquidated and undisputed. Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim. Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 24. | Sierra Liquidity Fund LLC as assignee of Alexandria Extrusion Co. (Docket No. 7232) | 1246 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $11,497.74 as liquidated and undisputed. Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim. Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |
| 25. | Sierra Liquidity Fund LLC as assignee of Applied Tech Industries, Inc. (Docket No. 7233) | 2440 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $3,690.68 as liquidated and undisputed. Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim. Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |
| 26. | Sierra Liquidity fund LLC as assignee of Borg Indak, Inc. (Docket No. 7316) | 4304 | Sierra asserts that the documents supporting the claim show that the claim remains due and owing as a valid prepetition unsecured claim. NOTE: Borg Indak, Inc. also filed a Response (Docket No. 7234), pursuant to which it submitted the Notice of Objection to its claim along with notices of transfer of the claim to Sierra Liquidity. The documents submitted did not include anything specifically responsive to the Objection. | Books and Records | Adjourn |
| 27. | Sierra Liquidity Fund LLC as assignee of Dexport Tool Mfg. (Docket No. 7235) | 2741 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $550.00 as liquidated and undisputed. Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim. Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |
| 28. | Sierra Liquidity Fund LLC as assignee of El Paso Heater & Supply Company (Docket No. 7236) | 2641 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $4,944.50 as liquidated and undisputed. Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim. Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 29. | Sierra Liquidity Fund LLC as assignee of Fair-Rite Products Corporation (Docket No. 7237) | 14663 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $16,275.01 as liquidated and undisputed.  Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim.  Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |
| 30. | Sierra Liquidity Fund LLC as assignee of HTT, Inc. (Docket No. 7238) | 15984 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $28,239.07 as liquidated and undisputed.  Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim.  Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |
| 31. | Sierra Liquidity Fund LLC as assignee of Lakeshore Graphic, Ind. (Docket No. 7239) | 2589 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $2,703.75 as liquidated and undisputed.  Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim.  Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |
| 32. | Sierra Liquidity Fund LLC as assignee of Mayville Engineering Co., Inc. (Docket No. 7240) | 15983 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $31,187.22 as liquidated and undisputed.  Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim.  Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |
| 33. | Itautec America, Inc. (Docket No. 7241) | 10811 | Itautec America, Inc. ("Itautec") asserts that it filed a claim for a total of $233,753.69, with $118,136.73 for goods delivered to Delphi and $115,616.96 for cancellation claims.  Itautec asserts that the Debtors now seek to eliminate the cancellation claims, which Itautec asserts were negotiated and are reflected on purchase orders.  Itautec further asserts that the claim constitutes prima facie evidence which the Debtors have failed to rebut. | Modification | Adjourn |

7

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 34. | Sierra Liquidity Fund LLC as assignee of Metric Equipment Sales Inc. (Docket No. 7243) | 15976 | Sierra acknowledges that the proof of claim was filed, but Sierra asserts that Proof of Claim 15976 amends a timely filed claim, number 2694. Sierra requests that its claim be allowed in the full amount of $991.00 as liquidated and undisputed. Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim. | Untimely books and records | Adjourn |
| 35. | Sierra Liquidity Fund LLC as assignee of Precision Wire Technologies (Docket No. 7244) | 2442 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $1,229.76 as liquidated and undisputed. Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim. Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |
| 36. | Sierra Liquidity Fund LLC as assignee of PVI Industrial Washing (Docket No. 7245) | 14692 | Sierra attached additional documentation and asked that the claim be allowed in the full amount of $75,027.43 as liquidated and undisputed. Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim. Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |
| 37. | Sierra Liquidity Fund LLC as assignee of SkyWorld Interactive (Docket No. 7246) | 15978 | Sierra Liquidity Fund LLC ("Sierra") attached additional documentation and asked that the claim be allowed in the full amount of $16,709.43 as liquidated and undisputed. Sierra asserts that the supporting documentation shows that the claim remains due and owing as a valid prepetition unsecured claim. Sierra does not object to the proposed modified Debtor. | Modification | Adjourn |
| 38. | Balch & Bingham LLP (Docket No. 7247) | 6253 | Balch & Bingham ("B&B") asserted a claim for $29,618.30 for unpaid legal services. B&B further asserts that the conclusory statements set forth in the Objection do not support the entry of an order reducing the amount of B&B's claim. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 39. | Samtech Corporation/ MTronics.com, Inc. (Docket No. 7248) | 12221 | Proof of Claim 12221 was filed by MTronics.com, Inc. Samtech filed this Response out of an abundance of caution while it investigates whether some or all of MTronics' claim is duplicative of a Samtech claim or should have been paid to Samtech. | Modification | Adjourn |
| 40. | Solvay Fluorides, LLC (Docket No. 7251) | 7089 | Solvay Fluorides LLC ("Solvay") asserts that has been a sole source supplier to Delphi for over ten years and as of the Petition Date, approximately $673,732.61 remained past due.  Solvay asserts that throughout its relationship with Delphi, it was not uncommon for Delphi's accounting system, EDI, to miss payments for actual goods delivered.  Solvay suggests that the Debtors failed to make various payments in 2003 and 2004, and that the payment information is likely missing in EDI, which would account for the variance on the Debtors' books and records.  Solvay does not object to the reclassification of the claim from Delphi Corporation to Delphi Automotive Systems LLC. | Modification | Adjourn |
| 41. | Control & Power, Inc. (Docket No. 7261) | 1181 | Control & Power, Inc ("CPI") attaches copies of invoices and purchase orders and asserts that this is sufficient documentation to process the claim in the amount of $1,586.18. | Modification | Resolved – because the Debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved |
| 42. | Stephenson & Lawyer, Inc. (Docket No. 7262) | 8663 | Stephenson & Lawyer, Inc. attaches copies of invoices and purchase orders and asserts that there is no basis to modify their claim. | Modification | Resolved – the Debtors have agreed to withdraw their objection to this claim |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 43. | Admiral Tool & Manufacturing Co. of Illinois (Docket No. 7263) | 16406 | Admiral Tool & Manufacturing Co. of Illinois attaches copies of allegedly outstanding unpaid invoices and asserts that there is no justification for a reduction in its claim. | Modification | Adjourn |
| 44. | Carolyn Needham (Docket No. 7264) | 14086 | Ms. Needham asserts that her claim is for personal injury allegedly suffered due to negligence of an employee or agent of the Debtors.  Ms. Needham also asserts that there was no documentation that she needed to attach to the proof of claim form.  Finally, Ms. Needham asserts that her claim is unliquidated, but that the value of the claim is $100,000. | Insufficiently documented | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 45. | Longacre Master Fund Ltd. as assignee of Park Enterprises of Rochester, Inc. and as assignee of Calvary Design Team, Inc. (Docket No. 7266) | 16378, 16395 | Longacre Master Fund Ltd. ("Longacre") asserts that proof of claim number 16378 ("Claim 16378") was assigned to Longacre by Calvary Design Team, Inc. ("Calvary"), and that proof of claim number 16395 ("Claim 16395") was assigned to Longacre by Park Enterprises of Rochester, Inc. ("Park"). As to Claim 16378, Longacre asserts that Claim 16378 (filed 10/20/06) amends proof of claim number 16266 ("Claim 16266") (filed 8/25/06) to reflect that DAS LLC is the correct Debtor, and that Claim 16266 amends proof of claim number 4298 (filed 4/18/06) following an update of the Debtors' accounting system.<br><br>As to Claim 16395, Longacre asserts that Claim 16395 (filed 10/30/06) amends proof of claim number 9647 ("Claim 9647") (filed 7/12/06) to reflect DAS LLC as the correct Debtor and to increase the amount of the claim due to an updated amount reflected in the Debtors' accounting system, and that Claim 9647 amended proof of claim number 5996 (filed 5/16/06), which amended proof of claim number 1229 (filed 12/21/05). Longacre asserts that Claim 16378 and Claim 16395 relate back to timely filed claims because Calvary and Park, respectively, filed them to correct alleged defects and to describe the original claims with greater detail. Finally, Longacre assets that the Debtors are not prejudiced by the amendments. | Untimely | Adjourn |
| 46. | American Recycling & Manufacturing Co., Inc.[4] (Docket No. 7267) | 14256 (Note that the Response mistakenly lists claim No. 14526) | American Recycling & Manufacturing Co., Inc. ("American Recycling") asserts that the Debtors' objection should be overruled because it failed to produce evidence to overcome the prima facie validity of American Recycling's claim. | Modification | Adjourn |

[4]  Note that the Response initially mistakenly referenced the Debtors' Eighth Omnibus Claims Objection, but the claim was objected to pursuant to the Ninth Omnibus Claims Objection. The Reponse was subsequently amended to refer to the Ninth Omnibus Claims Objection.

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 47. | Magnesium Electron, Inc. (Docket No. 7274) | 1524 | Magnesium Electron, Inc. ("MEI") asserts that the $265,694 at which the Debtors seek to modify its claim represents unpaid invoices, which MEI attaches.  MEI further asserts that the Debtors "short paid" additional invoices by $39,088, which MEI attaches.  Thus, MEI asserts that its total claim is $304,782. | Modification | Adjourn |
| 48. | Contrarian Funds, LLC (Docket No. 7276) | **(a)** 16374<br><br>**(b)** 444, 8341, 1935, 8029, 9110, 9114, 9115, 9116, 9790, 9794, 12697, 15446<br><br>**(c)** 7372, 10387, 12668, 13775, 16377, 16447 | **(a)** Contrarian Funds LLC ("Contrarian") asserts that proof of claim number 16374 ("Claim 16374") relates back to proof of claim number 10381 ("Claim 10381") (filed 7/24/06) and amends Claim 10381 by describing the claim with greater specificity.  Contrarian asserts that the Debtors were not prejudiced by this amendment.<br><br>**(b)** Contrarian asserts that the Debtors have no authority to reduce claims while reserving the right to later object to the claims.  Thus Contrarian asserts that it will consent to the modification of proof of claim numbers 444, 8341, 1935, 8029, 9110, 9114, 9115, 9116, 9790, 9794, 12697, and 15446 (the "Consented Modified Claims") only if the Court allows each of the Consented Modified Claims in full (at the modified amounts).<br><br>**(c)** Contrarian asserts that the Debtors have shown no basis for the modification of proof of claim numbers 7372, 10387, 12668, 13775, 16377, and 16447 (the "Disputed Modified Claims"), and thus cannot overcome the <u>prima facie</u> validity of the Disputed Modified Claims.  Contrarian asserts that the Disputed Modified Claims should be allowed in full. | **(a)** Untimely<br><br>**(b)** Modification<br><br>**(c)** Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 49. | Georgia Department of Revenue (Docket No. 7278) | 2335 | The Georgia Department of Revenue ("Georgia") asserts that the basis of its claim (the "Claim") is sales and use taxes. Georgia asserts that DAS LLC timely remitted payment of the taxes, but that its check was dishonored. Georgia asserts that DAS LLC issued another check, but that this check was issued after the due date of the taxes and thus a particular deduction was disallowed and interest and penalties accrued. Georgia asserts the Claim consists of $146.60 in taxes, $429.59 in interest, and $2,431.41 in penalties. | Books and Records | Adjourn |
| 50. | TCS America, a division of Tata America International Corporation (Docket No. 7283) | 12828 | TCS America, a division of Tata America International Corporation ("TCS") asserts that the Debtors have failed to overcome the prima facie validity of TCS's claim, and thus that the claim should not be reduced and the debtor should not be changed. | Modification | Adjourn |
| 51. | SBC Global Services (Docket No. 7284)[5] | 14180 | SBC Global Services asserts that it was unable to locate the lease that forms the basis of its claim, that it is currently searching its records for the lease, and that when it finds the lease, it will provide sufficient documentation in a supplemental response. | Insufficiently Documented | Adjourn |
| 52. | Public Utilities Commission of Ohio (Docket No. 7285) | 11128 | The Public Utilities Commission of Ohio asserts that Delphi Corporation was fined $817.55 for shipping product without proper markings to indicate that it contained hazardous material, and that it has provided sufficient documentation of such fine. | Insufficiently Documented | Adjourn |

---

[5]    The Response of SBC Global Services was also docketed at docket no. 7361.

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 53. | BASF Corporation (Docket No. 7286) | 16200 | BASF Corporation ("BASF") asserts that it filed proof of claim number 1564 ("Claim 1564") before the Bar Date, that it amended Claim 1564 by filing proof of claim number 5944 ("Claim 5944"), and that it amended Claim 5944 by filing proof of claim number 16199 ("Claim 16199") and proof of claim number 16200 ("Claim 16200").  BASF further asserts that the Debtors have already objected to and expunged Claim 1564, Claim 5944, and Claim 16199 as duplicative of Claim 16200.  BASF asserts that Claim 16200 was an amendment to a timely filed claim, and thus is not untimely. | Untimely | Adjourn |
| 54. | Edwin B. Stimpson Co., Inc. (Docket No. 7287) | 15607 | Edwin B. Stimpson Co., Inc. asserts that the basis of its claims is goods ordered, delivered, and received, and that copies of outstanding invoices are attached to its response. | Modification | Adjourn |
| 55. | Root International, Inc. dba Cases2Go (Docket No. 7292) | 1641 | Root International, Inc. dba Cases2Go ("Root") asserts that it shipped product to, and invoiced, Delphi Medical Systems, and that it should have an allowed claim for the full value of product shipped. | Modification | Adjourn |
| 56. | Michigan Heritage Bank (Docket No. 7293)[6] Untimely Filed 3/16/2007 | 7024 | Michigan Heritage Bank ("MHB") asserts that its claim is based on a Master Lease Agreement, and that the Debtors are using the equipment subject to such lease. MHB further asserts that its claim should not be modified because it is owed more than the amount of the proposed modification. | Modification | Adjourn |

---

[6]    The Response of Michigan Heritage Bank was also docketed at docket no. 7331.

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 57. | Dierker & Associates, P.C. (Docket No. 7294) | 5857 | Dierker & Associates, P.C. asserts that its claim should not be expunged because it performed valuable legal services for the Debtors. | Modification | Resolved – because the Debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved |
| 58. | Leicester Die & Tool, Inc. (Docket No. 7295) | 6698, 6699 | Leicester Die & Tool, Inc. ("Leicester") asserts that Delphi Corporation is the correct Debtor entity, and thus that the claims should not be changed to DAS LLC.  Leicester further asserts that the claims should not be modified to general unsecured non-priority claims because if Leicester does not supply its product to the Debtors, the Debtors would need to shut down the product line. | Modification | Adjourn |
| 59. | Minco Tool & Mold, Inc. (Docket No. 7296) | 7315 | Minco Tool & Mold, Inc. ("Minco") asserts that it shipped goods to the Debtors, that the Debtors paid part of the corresponding invoice, but that $370.00 remains outstanding.  Minco asserts that the balance should be paid. | Modification | Resolved – because the Debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 60. | Kringeta Design & Drafting (Docket No. 7297) | 7191 | Kringeta Design & Drafting asserts that its claim should not be disallowed or expunged because it actually performed the work that forms the basis of its claim. | Modification | Resolved – because the debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved |
| 61. | Rotaform, LLC (Docket No. 7308) | 11527 | Rotaform Inc. ("Rotaform") asserts that the Debtors have not provided specific information to support their objection, and thus the Objection should be overruled. Rotaform requests that the Court overrule the Debtors' Objection and allow Rotaform's claim in the amount of $45,258.00. | Modification | Adjourn |
| 62. | Parlex Corporation (Docket No. 7317) *Untimely Filed 3/19/07* | 11191 | Parlex Corporation ("Parlex") asserts that the claim is based on amounts owed to Parlex for goods delivered to the Debtors, and the relevant invoices are attached. Parlex further alleges that the Debtors fail to provide any specific evidence in support of their Objection. Parlex requests that the Court overrule the Debtors' Objection and allow its claim in the amount of $56,219.54. | Modification | Adjourn |
| 63. | Ball Systems, Inc. (Docket No. 7318)) | 1768 | Ball Systems, Inc. ("Ball Systems") asserts that its claim should not be disallowed because it is a valid claim for which it has not been paid. Ball Systems attaches documentation to support its claim. Ball Systems asks that the court allow the claim in the amount of $9060.00. | Books and Records | Adjourn |
| 64. | Riverside Claims LLC (Docket No. 7319) | 8856, 8858, 8860, 8863, 8865 | Riverside Claims LLC ("Riverside") asserts that it provided appropriate backup documentation to Debtors' counsel and that the Objection should be overruled and the claims allowed. | Books and Records, Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 65. | Korten Quality Systems, Ltd. (Docket No. 7320) | 3640 | Korten Quality Systems, Ltd. ("Korten") asserts that it provided local warehousing and distribution services and has valid purchase orders for those services. Korten attaches copies of purchase orders and a spread sheet print out of the applicable shipments. | Modification | Adjourn |
| 66. | Klash, Inc. (Docket No. 7321) | 8914 | Klash, Inc. ("Klash") asserts that its claim should not be reclassified from priority to general unsecured. In support, Klash asserts that it had four employees on the Petition Date, to whom Klash paid weekly wages, and from whom Klash withheld certain taxes. Klash asserts that it was forced to take out a loan because of the Debtors' alleged failure to make payments prior to the Petition Date. Klash asserts that Klash's president, Karl Hopper, has continued to make payments on this loan, and has fallen behind on his child support payments. | Modification | Adjourn |
| 67. | Hamlin Tool & Machine Co., Inc. (Docket No. 7322) | 11950 | Hamlin Tool & Machine Co., Inc. ("Hamlin") asserts that it has provided goods to Delphi Corporation and expects to be paid in full for the items. Hamlin further asserts that it is not possible that the items are not on Delphi Corporation's books and records. Hamlin attaches documentation concerning the claim to the Response. | Books and Records | Adjourn |
| 68. | Lift Medic LLC (Docket No. 7323) | 820 | Lift Medic LLC ("Lift Medic") asserts that it has had an ongoing relationship with Delphi since 2002. Lift Medic attaches copies of outstanding invoices to substantiate its claim for $6,683.30. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 69. | Beacon Reel Co. (Docket No. 7326) | 5099, 5100 | Beacon Reel Co. ("Beacon") asserts that it filed three claims, claim numbers 5099, 5100, and 5101, but that the Debtors objected to 5099 and 5100 only. With respect to claim number 5099, Beacon asserts that the Debtor should be DAS LLC. With respect to claim number 5100, Beacon asserts that the Debtor should be Delphi Packard Electric Systems. Finally, with respect to claim number 5101, Beacon asserts that although the Debtors did not object to this claim, Beacon wanted to include it in case the Debtors missed the claim. | Modification | Resolved – Because the Debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved. |
| 70. | Carmen J. Mandato (Docket No. 7329) | 15722 | Ms. Mandato asserts that her claim should be allowed. Additionally, Ms. Mandato submits copies of what she alleges are share dividend checks, which checks she asserts she was going to "reinvest." Thus, in addition to the allowance of her claim, Ms. Mandato states that she should receive "the sum of $17.57 pertinent to the share dividend checks." | Modification | Adjourn |
| 71. | Gooding Company, Inc. (Docket No. 7330) | 7840 | Gooding Company, Inc. asserts that it is attaching documentation supporting a claim totaling $4,502.50, which sum it asserts it is owed. | Modification | Adjourn |
| 72. | SGS North America, Inc. (Docket No. 7348) | 7228 | SGS North America, Inc. attaches copies of a purchase order and other documents to its Response and asserts that it has submitted sufficient evidence to establish that the charges are correct and not "overstated." | Modification | Resolved – Because the Debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved. |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 73. | Ohio Hoist & Puller/TUF-TUG (Docket No. 7363) Untimely Filed 3/19/07 | 4191 | Ohio Hoist & Puller/TUF-TUG ("Ohio Hoist") asserts that the invoice in question was for parts delivered to Delphi per a supplier forecast requesting the parts. Ohio Hoist requests full payment for the invoice. | Modification | Adjourn |
| 74. | B&B Machining & Grinding (Undocketed) | 542 | B&B Machining and Grinding ("B&B") asserts that Delphi Medical Systems of Longmont, Colorado ("Delphi Medical Systems") sent it a Purchase Order on August 2, 2005. B&B further asserts that it delivered the parts at its own expense on August 22, 2005. B&B claims that, although it incurred a loss in completing the parts, it did not seek to recover those losses. B&B asserts that Delphi Medical Systems issued a check for the parts on October 6, 2005, but payment was stopped due to the filing of the chapter 11 petitions. B&B asserts that the Debtors did not have cause to withhold payment for the parts, and therefore the claim should be allowed. | Modification | Adjourn |
| 75. | Engineered Systems, Inc. (Undocketed) | 5234 | Engineered Systems, Inc. attached a copy of the relevant purchase order. | Modification | Resolved – because the Debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved |
| 76. | Genesee Packaging, Inc. (Undocketed) | 16203, 16205, 16206 | Genesee Packaging, Inc. asserts that it withdrew the claims in question on February 8, 2007. | Untimely | Resolved – these claims were withdrawn before the Ninth Omnibus Claims Objection was filed |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 77. | Greif (Undocketed) | 2007 | Greif contests the reduction of its Proof of Claim from $24,006.70 to $23,936.70.  Greif attaches copies of invoices and proofs of delivery to support its claim. | Modification | Adjourn |
| 78. | HowesTemco (Undocketed) | 1092 | HowesTemco asserts that it sees no reason for the objection to its claim. | Modification | Resolved – because the Debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved |
| 79. | Industrial Coating, Inc. (Undocketed) | 558 | Industrial Coating, Inc. attaches copies of unpaid invoices and packing lists. | Modification | Adjourn |
| 80. | John Glover (Undocketed) | 390 | John Glover asserts that a purchase order for the work forming the basis for the claim was previously submitted.  He encloses a copy of a bounced check. | Modification | Adjourn |
| 81. | Kachele GmbH (Undocketed) | 5784 | Kachele GmbH ("Kachele") disagrees with the Ninth Omnibus Claims Objection and asserts that the total amount of $3,603.73, stemming from three different invoices is valid.  Kachele attaches copies of invoices and other documents. | Modification | Adjourn |
| 82. | Michigan Metrology (Undocketed) | 2926 | Michigan Metrology attaches amended proofs of claim changing the debtor entity to Delphi Automotive Systems LLC, as the Debtors sought to do on the Ninth Omnibus Objection. | Modification | Resolved – because the Debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT |
|---|---|---|---|---|---|
| 83. | Production Devices (Undocketed) | 1107 | Production Devices states that it may have responded twice in various forms but that it only asserts one claim in the amount of $3,630.00. | Modification | Adjourn |
| 84. | Senko Advanced Components, Inc. (Undocketed) | 12135 | Senko Advanced Components, Inc. requests that the records be updated to change its status from "Not yet resolved" to "resolved" | Modification | Resolved – because the Debtors seek only to change the Debtor entity with respect to this claim, the respondent has agreed that its Response has been resolved |
| 85. | The Bishop Company (Undocketed) | 4263 | The Bishop Company ("Bishop") asserts that the claim amount of $5,890.00 listed on the December 13, 2005 Human Capital Notice was inaccurate, and that the amount was corrected and faxed back to Delphi on December 13, 2005.  Bishop attached copies of invoices allegedly reflecting a claim for $7,210.00. | Modification | Adjourn |
| 86. | WE Energies (Undocketed) | 1047 | WE Energies asserts that the discrepancy in the amount of its claim arises from a payment that was first applied to the applicable account, but then transferred to the Debtor In Possession account because it was paid after the filing date.  WE Energies further asserts that its claim for $415,675.19 should be considered. | Modification | Adjourn |
| 87. | WWG Inc. (Undocketed) | 8894 | WWG asserts that the total of its invoices equals the total of the Delphi purchase orders attached to its Response, that the amount due was never paid, and that the claim was filed in a timely manner. | Modification | Adjourn |