UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　　　　　　:
　　In re　　　　　　　　　　　　　　　　　:　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　:
DELPHI CORPORATION, <u>et al.</u>,　　　　　　　:　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Debtors.　　　　　　　:　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 DISALLOWING
AND EXPUNGING CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B)
CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY
<u>CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION</u>

("NINTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, dated February 15, 2007 (the "Ninth Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Ninth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

       A.      Each holder of a claim (as to each, a "Claim") listed on Exhibits A-1, A-2, B-1, B-2, C, and D attached hereto was properly and timely served with a copy of the Ninth Omnibus Claims Objection, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), a personalized Notice Of Objection To Claim, the proposed order in respect of the Ninth Omnibus Claims Objection, and notice of the deadline for responding to the Ninth Omnibus Claims Objection. No other or further notice of the Ninth Omnibus Claims Objection is necessary.

       B.      The Court has jurisdiction over the Ninth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Ninth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Ninth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

       C.      The Claims listed on Exhibit A-1 hereto contain insufficient documentation to support the Claims asserted (the "Insufficiently Documented Claims").

       D.      The Claims list on Exhibit A-2 hereto contain insufficient documentation to support the Claims asserted and were also untimely pursuant to the Bar Date Order (the "Untimely Insufficiently Documented Claims").

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Ninth Omnibus Claims Objection.

2

   E. The Claims listed on <u>Exhibit B-1</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books and Records Claims").

   F. The Claims listed on <u>Exhibit B-2</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors books and records and were also untimely pursuant to the Bar Date Order (the "Untimely Books and Records Claims").

   G. The Claims listed on <u>Exhibit C</u> hereto were untimely pursuant to the Bar Date Order (the "Untimely Claims").

   H. The Claims listed on <u>Exhibit D</u> hereto (a) were denominated in a foreign currency or are overstated, including as a result of the assertion of invalid unliquidated claims, (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured, administrative, or priority status (the "Claims Subject to Modification").

   I. The relief requested in the Ninth Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. Each Insufficiently Documented Claim listed on <u>Exhibit A-1</u> hereto is hereby disallowed and expunged in its entirety.

   2. Each Untimely Insufficiently Documented Claim listed on <u>Exhibit A-2</u> hereto is hereby disallowed and expunged in its entirety.

   3. Each Books and Records Claim listed on <u>Exhibit B-1</u> hereto is hereby disallowed and expunged in its entirety.

4.  Each Untimely Books and Records Claim listed on Exhibit B-2 hereto is hereby disallowed and expunged in its entirety.

5.  Each Untimely Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

6.  Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit D hereto is changed to the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit D will be entitled to (a) a recovery for any Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, (b) assert a classification that is inconsistent with the classification that is listed in the "Claim As Modified" column, and/or (c) assert a claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit D, subject to the Debtors' right to further object to each such Claim Subject to Modification.  The Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.  For clarity, Exhibit I displays the formal name of each of the Debtor entities and their associated bankruptcy case number referenced in Exhibit D.

7.  With respect to each Claim for which a Response to the Ninth Omnibus Claims Objection has been filed and served, all of which Claims are listed on Exhibits E, F-1, F-2, G, and H hereto, the hearing regarding the objection to such Claims is adjourned to a future hearing date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

4

8. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to claims that are the subject of the Ninth Omnibus Claims Objection.

9. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

10. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Ninth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

11. Each of the objections by the Debtors to each Claim addressed in the Ninth Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Ninth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

12. Kurtzman Carson Consultants, LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Ninth Omnibus Claims Objection.

Dated: New York, New York
       March ___, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

5