Hearing Date and Time: June 21, 2007 at 10:00 a.m.
Objection Deadline: June 14, 2007 at 4:00 p.m.

HOWARD & HOWARD ATTORNEYS, P.C.
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304-5151
(248) 723-0396
Jeffrey A. Sadowski (P28163)
Lisa S. Gretchko (P29881)

*Intellectual Property Counsel for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

# FOURTH INTERIM FEE APPLICATION OF HOWARD & HOWARD ATTORNEYS, P.C., FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

## SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

Name of Applicant:                               Howard & Howard Attorneys, P.C.

Period for Which Compensation
And Reimbursement is Sought:          October 1, 2006 through January 31, 2007

Authorized to Provide
Professional Services to:                      Debtors

Date of Retention:                                 January 3, 2006 effective *nunc pro tunc*
                                                              to October 8, 2005

#249590-v1

| | | |
|---|---|---|
| Amount of Compensation and Expense Reimbursement Sought As Actual, Reasonable and Necessary: | | |
| Fourth Interim Application Period October 1, 2006 through January 31, 2007 | Fees Requested: Expenses Requested | $ 168,238,00 $   15,127.28 |
| **Total Sought for Compensation And Expenses in Fourth Interim Application Period** | **Total Fees and Expenses:** | **$ 183,365.28** |
| Amounts Requested on Prior Fee Applications: | Fees Previously Requested: Fees Previously Awarded: Expenses Previously Requested: Expenses Previously Awarded: Holdback from Prior Application: | $ 482,807.00      482,807.00        39,965.12        39,965.12               0.00 |

**Hearing Date and Time: June 21, 2007 at 10:00 a.m.**
**Objection Deadline: June 14, 2007 at 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION et al.,                    Chapter 11
                                              Case No. 05-44481 (RDD)
                    Debtors.
_____/             (Jointly Administered)

**FOURTH INTERIM FEE APPLICATION
OF HOWARD & HOWARD ATTORNEYS, P.C.,
INTELLECTUAL PROPERTY COUNSEL TO DEBTORS,
FOR INTERIM ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD OCTOBER 1, 2006 THROUGH JANUARY 31, 2007**

Howard & Howard Attorneys, P.C. ("Howard & Howard"), Intellectual Property Counsel to Delphi Corporation and certain of its subsidiaries and affiliates, debtors-in-possession in the above captioned cases (collectively, the "Debtors"), pursuant to §§ 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), submits this Fourth Interim Fee Application for interim allowance of reasonable compensation for actual and necessary professional services in the aggregate amount of $168,238.00, and for reimbursement of its actual, reasonable and necessary expenses in the aggregate amount of $15,127.28, for a total aggregate amount of $183,365.28, and respectfully states:

## BACKGROUND

1.    On October 8, 2005 (the "Petition Date") the Debtors filed their respective voluntary petitions with this Court under Chapter 11 of the Bankruptcy Code. Since the filing of their respective Chapter 11 cases, the Debtors have continued in possession of their respective

#249590-v1

properties and businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. The Debtors' Chapter 11 bankruptcy cases are being jointly administered. On December 6, 2005, Debtors filed their application to retain Howard & Howard (pursuant to 11 U.S.C. § 327(e)) as Intellectual Property Counsel to Debtors. On January 3, 2006, the Order approving the Debtors' employment of Howard & Howard as Intellectual Property Counsel was approved with such approval being effective *nunc pro tunc* to the Petition Date.

## JURISDICTION

2.  This Court has jurisdiction over this Fourth Interim Fee Application pursuant to 28 U.S.C. § 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The statutory authority for the relief requested in this Fourth Interim Fee Application is Bankruptcy Code §§ 330 and 331.

## SUMMARY OF REQUESTED PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENTS

3.  This Fourth Interim Fee Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated November 4, 2005 (the "Interim Compensation Order"), the Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professional dated March 8, 2006 ("Supplemental Interim Order"), the Second Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of

#249590-v1

2

Expenses for Professionals dated March 28, 2006 ("Second Supplemental Order"), the Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated May 5, 2006 ("Third Supplemental Order"), the Fourth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated July 12, 2006 ("Fourth Supplemental Order"), the Fifth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated October 13, 2006 ("Fifth Supplemental Order"), and the Sixth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated December 11, 2006. (Collectively, the foregoing orders and supplemental orders, the Local Guidelines and the UST Guidelines are hereinafter the "Guidelines".) Pursuant to the Local Guidelines, a certification regarding compliance with same is attached hereto as **Exhibit A**.

4. Howard & Howard files this interim application and seeks allowance herein of reasonable compensation for actual and necessary professional services rendered to the Debtors in the aggregate amount of $168,238.00 in fees both incurred and billed between October 1, 2006 and January 31, 2007 (the "Compensation Period").

5. Howard & Howard is engaged as intellectual property counsel. All of Howard & Howard's billing entries are, pursuant to the Joint Fee Review Committee's instructions, labeled with a task code. The task code "23HH" was designed specifically to reflect intellectual property legal work, and is defined as "Intellectual property related legal services relating to patent representation primarily focusing on preparation of patent applications and prosecution of

#249590-v1

3

applications." Any work not falling under task code 23HH pertains to administrative and compliance tasks mandated by the Court and the Joint Fee Review Committee.

6.  Howard & Howard also seeks an aggregate of $15,127.28 in actual, reasonable expenses.

7.  Pursuant to the Guidelines, Howard & Howard provides (i) Delphi Corporation, (ii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (iii) counsel for the official committee of unsecured creditors appointed in these cases (the "Committee"), (iv) Skadden, Arps, Slate, Meagher & Flom LLP, (v) counsel for the agent under the Debtors' pre-petition credit facility, (vi) counsel for the agent under the Debtors' postpetition credit facility, and (vii) the Joint Fee Review Committee established by this Court's Third Supplemental Order, with a monthly fee statement for professional services rendered and expenses incurred on behalf of the Debtors, along with a detailed report of time entries and expenses.

8.  As of the date of this Application, Howard & Howard has received a total of $103,787.80 for professional fees and expenses incurred during the Compensation Period. However, Howard & Howard anticipates that by the time of the hearing on this Fourth Interim Fee Applications, Howard & Howard will have received Eighty Percent (80%) of its fees sought in this Fourth Interim Fee Application, and One Hundred Percent (100%) of the expenses sought.

9.  With each payment received regarding the professional fees described in this Fourth Interim Fee Application, Twenty Percent (20%) of Howard & Howard's fees for professional services during the Compensation Period have been held back by the Debtors pursuant to the Interim Compensation Order, pending the Court's further order. Howard & Howard seeks approval, allowance in full, and full payment (*i.e.*, without any holdback) of all fees and

#249590-v1

4

expenses for services which Howard & Howard rendered as described in this Fourth Interim Fee Application.

10. The fees sought by this Fourth Interim Fee Application reflect an aggregate of 1,017.5 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the estate. Of the aggregate time expended, 205.3 recorded hours were expended by partners, 341 recorded hours were expended by associates, 8.9 recorded hours were expended by patent agents, and 462.3 recorded hours were expended by intellectual property paraprofessionals.[1]

11. During the Compensation Period, Howard & Howard's hourly billing rates for attorneys and paraprofessionals working on these matters ranged from $75.00 to $405.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $165.34 ($168,238.00 ) _1,017.5 total hours). Applicant believes that the services rendered by Howard & Howard have conferred significant benefit on the bankruptcy estate. Applicant believes that its billing rates in these Chapter 11 cases, which reflect Applicant's customary billing rates, are "reasonable billing rates" for purposes of this Court's determination of the "reasonableness" of the fees for services rendered. Howard & Howard's customary billing rates (and the fact that these rates are subject to annual adjustment in accordance with Howard & Howard's standard practices, as reflected in the breakdown of the hourly billing rates shown in Exhibits B and C) were disclosed in the retention papers, which

---

[1] Howard & Howard takes great care to ensure that all work is performed at the most efficient rate. This is accomplished by relying heavily on highly skilled intellectual property paraprofessionals and associates, who are closely supervised. Therefore, if a more senior professional meets or corresponds with a less skilled one (for example, a partner and an associate, or an associate and a paralegal), the more senior professional is instructing and supervising the other.

#249590-v1

5

have been approved by this Court. The rates charged by Applicant are reasonable and are consistent with customary rates charged by similar firms. If this case were not a case under the Bankruptcy Code, Applicant would charge and expect to receive, on a current basis, an amount at least equal to the amounts requested herein for professional services.

12.  Pursuant to the Guidelines, annexed hereto as **Exhibit B** is a schedule setting forth all Howard & Howard professionals and paraprofessionals who have performed services in these Chapter 11 cases for which payment is sought in this Fourth Interim Fee Application, the capacities in which each such individual is employed by Howard & Howard, the hourly billing rate charged for services performed by such individual (broken down to reflect annual adjustments in billing rates), the aggregate number of hours expended in this matter and fees billed therefor, the year in which each professional was first licensed to practice law and the year in which each professional graduated from law school.

13.  Pursuant to the Guidelines, annexed hereto as **Exhibit C,** is a summary by project category of the fees generated by the services for which payment is sought in this Fourth Interim Fee Application and for each project category, a list of each person providing services, a statement of the number of hours spent, and the amount of compensation requested for each person on the project.

14.  Annexed hereto as **Exhibit D** is a schedule specifying the categories of expenses for which Howard & Howard is seeking reimbursement in this Fourth Interim Fee Application and the total amount for each such expense category.

15.  Annexed hereto as **Exhibit E** is a proposed Order Granting this Fourth Interim Fee Application and authorizing and directing the payment of the requested fees and expenses.

#249590-v1

16. All of the services for which interim compensation is sought were rendered to the Debtors solely in connection with these cases, in furtherance of the duties and functions of the Debtors and not on behalf of any individual creditor or other person.

17. Howard & Howard has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

18. Howard & Howard has neither shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel, associates and employees of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Howard & Howard or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

19. Howard & Howard serves its monthly fee statements to: (i) Delphi Corporation, (ii) counsel for the Official Committee of Unsecured Creditors, (iii) the U.S. Trustee, (iv) Skadden, Arps, Slate, Meagher & Flom LLP, (v) counsel for the agent under the Debtors' pre-petition credit facility, (vi) counsel for the agent under the Debtors' post-petition credit facility; (vii) the Joint Fee Review Committee. To date, no objections have been raised regarding any of such monthly fee statements.

20. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Interim Application, Howard & Howard reserves the right to request additional compensation for such services and reimbursement of such expenses.

## STATUTORY BASIS FOR RELIEF SOUGHT

21.     The statutory basis for the relief sought herein are §§ 330 and 331 of the Bankruptcy Code, as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure. Applicant seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Debtors during the Application Period. Bankruptcy Code § 330(a)(1) provides that the Bankruptcy Court may award (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses. Section 330(a)(3)(A) provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the tine at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 331 governs the allowance of interim compensation to professionals and provides:

> any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

The policy of § 330 is to ensure that qualified attorneys will not be "deterred from taking bankruptcy cases due to a failure to pay adequate compensation." *Ames Dep't Stores*, 76 F.3d at 72 (*citing UNR Indus.*, 986 F.2d at 210).

#249590-v1

8

The courts examination of the reasonableness of the services rendered must be conducted in "an objective manner, based upon what services a reasonable lawyer or legal firm would have performed…" *Ames Dep't Stores*, 76 F.3d at 72 (*citing In re Matter of Taxman Clothing Co*., 49 F.3d 310, 315 (7th Cir. 1995)).

### SUMMARY OF SERVICES PROVIDED AND EXPENSES INCURRED

22. Howard & Howard has rendered substantial professional services on behalf of the Debtor including the evaluation of inventions and drafting, filing and prosecuting of numerous patent applications.

### AMOUNT APPLICANT HAS SOUGHT AND RECEIVED

23. Applicant has previously filed three interim applications with the Court. The First Interim Application sought $98,553.00 for professional fees incurred between October 8, 2005 and January 31, 2006 and $19,710.70 for expenses incurred during such time period, for a total of $118,263.70. The Second Interim Fee Application sought $197,421.00 for professional fees incurred between February 1, 2006 and May 31, 2006 and $10,006.89 for expenses incurred during such time period, for a total of $207,427.89. The Third Interim Fee Application sought $186,833.00 for professional fees incurred between June 1, 2006 and September 30, 2006 and $10,247.53 for expenses incurred during such time period, for a total of $197,080.53. As of the date of this Fourth Interim Fee Application, Applicant has received payment in full of all sums requested in its First, Second and Third Interim Fee Applications.

24. Applicant submitted Monthly Fee statements as required by this Court's Interim Compensation Order for the months of October 2006 through January 2007. As of the date of this Fourth Interim Application, Applicant has received a total of $103,787.80 for professional fees and expenses incurred during the Compensation Period, consisting of fees in the amount of

$92,950.40, which represents 80% payment of professional fees for the months of October, November and December 2006, plus expenses in the amount of $10,837.40, which represents 100% payment of expenses for the months of October, November and December 2006.

## CONCLUSION

**WHEREFORE,** Howard & Howard respectfully requests that this Court enter an order (i) approving and allowing Howard & Howard's application for compensation for professional services in the amount of $168,238.00, and reimbursement for actual and necessary expenses in the amount of $15,127.28, for a total aggregate amount of $183,365.28; and (ii) authorizing and directing the Debtors to forthwith pay to Howard & Howard the full $183,365.28 (without any holdback), or, if applicable, the difference between the amount allowed hereunder and the amounts (if any) previously paid to Howard & Howard to be applied to said allowed amount; a proposed Order is annexed hereto as **Exhibit E**. Howard & Howard also requests such other and further relief as is proper.

        Respectfully submitted,

        **HOWARD AND HOWARD ATTORNEYS, P.C.**

        By: */s/ Lisa S. Gretchko*
        Jeffrey A. Sadowski (P28163)
        Lisa S. Gretchko (P29881)
        39400 Woodward Avenue, Suite 101
        Bloomfield Hills, Michigan 48304-5151
        Phone: (248) 723-0396

Dated: March 23, 2007        Email: lsg@h2law.com

#249590-v1