VARNUM, RIDDERING, SCHMIDT
  & HOWLETT LLP
Michael S. McElwee (P36088)
333 Bridge Street, N.W., Ste. 1700
Grand Rapids, MI 49504
Telephone:  (616) 336-6827

DICONZA LAW, P.C.
Gerard DiConza (GD 0890)
630 Third Avenue, Seventh Floor
New York, New York 10017
Telephone:  (212) 682-4940

*Co-counsel for Furukawa Electric North America APD and
Furukawa Electric Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                          :
In re:                                    :          Chapter 11
                                          :
DELPHI CORPORATION, *et al.,*             :          Case No. 05-44481 (RDD)
                                          :
                       Debtors.           :          (Jointly Administered)
                                          :
---------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF FURUKAWA ELECTRIC NORTH
AMERICA APD AND FURUKAWA ELECTRIC CO., LTD. FOR (A) ABSTENTION
PURSUANT TO 28 U.S.C. § 1334(c); (B) RELIEF FROM THE AUTOMATIC
STAY PURSUANT TO 11 U.S.C. § 362(d); AND (C) AN ORDER LIMITING
THE SCOPE OF THE THIRD OMNIBUS CLAIM OBJECTION HEARING**

**PLEASE THAT NOTICE** that on March 23, 2007, Furukawa Electric North

America APD and Furukawa Electric Co., Ltd. (together, "Furukawa") filed the annexed Motion

dated March 23, 2007 (the "Motion") (a) for abstention pursuant to 28 U.S.C. § 1334, (b) for

relief from the automatic stay pursuant to § 362(d) of title 11 of the United States Code (the

"Bankruptcy Code"), and (c) for an order limiting the scope of the claim objection hearing

scheduled by the above-captioned debtors for May 10, 2007.  The Motion is scheduled for

consideration by the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court, One Bowling Green, New York, New York 10004 on April 26, 2007 at 10:00

a.m.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief

sought in the Motion must be filed (a)(i) through the Bankruptcy Court's electronic filing system

(in accordance with General Order M-242), which may be accessed (with a password that is

available by contacting the Bankruptcy Court's technical assistance at (212) 668-2870, ext. 3522,

Monday through Friday, 8:30 a.m. to 5:00 p.m.) through the Internet at the Bankruptcy Court's

website at: www.nysb.uscourts.gov, and (ii) in portable document format (PDF) using Adobe

Exchange software for conversion; or (b) if a party is unable to file electronically, such party

shall submit the objection in PDF format on a diskette in an envelope with the case name, case

number, type and title of documents, document number of the document to which the objection

refers, and the file name on the outside of the envelope: or (c) if a party is unable to file

electronically or use PDF format, such party shall submit the objection on diskette in either

Word, WordPerfect, or DOS text (ASCII) format.  An objection filed by a party with no legal

representation shall comply with section (b) or (c) as set forth in this paragraph.  A hard copy of

the objection shall be delivered directly to the Chambers of the Honorable Robert D. Drain at the

above address, so as to be received no later than 4:00 p.m. (Eastern Time) on April 19, 2007.

The objection shall be served in accordance with General Order M-242 so as to be received no

later than April 16, 2007 at 4:00 P.M. (Eastern Time), upon the following parties: (i) Varnum,

Riddering, Schmidt & Howlett LLP, Bridgewater Place, P.O. Box 352, Grand Rapids, Michigan

49501-0352, Attention:  Michael S. McElwee, Esq. and (ii) DiConza Law, P.C., 630 Third

Avenue, Seventh Floor, New York, NY 10017, Attention: Gerard DiConza, Esq.

Dated: March 23, 2007  
      Grand Rapids, Michigan

VARNUM, RIDDERING, SCHMIDT  
   & HOWLETT LLP

By:         /s/ Michael S. McElwee
        Michael S. McElwee (P36088)  
        333 Bridge Street, N.W., Ste. 1700  
        Grand Rapids, MI 49504  
        (616) 336-6827

        and

Dated: March 23, 2007  
      New York, New York

DICONZA LAW, P.C.

By:         /s/ Gerard DiConza
        Gerard DiConza (GD 0890)  
        630 Third Avenue, 7th Floor  
        New York, NY 10017  
        (212) 682-4940

**HEARING DATE AND TIME:  4/26/07 AT 10: A.M.**
**OBJECTION DEADLINE:  4/19/07 AT 4:00 P.M.**

VARNUM, RIDDERING, SCHMIDT
  & HOWLETT LLP
Michael S. McElwee (P36088)
333 Bridge Street, N.W., Ste. 1700
Grand Rapids, MI 49504
Telephone:  (616) 336-6827

DICONZA LAW, P.C.
Gerard DiConza (GD 0890)
630 Third Avenue, Seventh Floor
New York, New York 10017
Telephone:  (212) 682-4940

*Co-counsel for Furukawa Electric North America APD and
Furukawa Electric Co., Ltd.*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
In re:                                             :         Chapter 11
                                                   :
DELPHI CORPORATION, *et al.,*                      :         Case No. 05-44481 (RDD)
                                                   :
                    Debtors.                       :         (Jointly Administered)
                                                   :
---------------------------------------------------------x


### MOTION OF FURUKAWA ELECTRIC NORTH AMERICA APD
### AND FURUKAWA ELECTRIC CO., LTD. FOR (A) ABSTENTION
### PURSUANT TO 28 U.S.C. § 1334(c); (B) RELIEF FROM THE AUTOMATIC
### STAY PURSUANT TO 11 U.S.C. § 362(d); AND (C) AN ORDER LIMITING
### THE SCOPE OF THE THIRD OMNIBUS CLAIM OBJECTION HEARING


TO:     THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE


        Furukawa Electric North America APD and Furukawa Electric Co., Ltd.

(together, "Furukawa"), by and through their attorneys, hereby move (the "Motion") (a) this

Court to abstain pursuant to 28 U.S.C. § 1334(c); (b) for relief from the automatic stay pursuant

to § 362(d) of title 11 of the United States Code (the "Bankruptcy Code"); and (c) for an order

limiting the scope of the claim objection hearing scheduled by the above-captioned debtors for

May 10, 2007, and in support of this Motion, state as follows:

## JURISDICTION

1.      On October 8, 2005 (the "Petition Date"), Delphi Corporation and certain

of its subsidiaries and affiliates (collectively, the "Debtors" or "Delphi") filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their

businesses and manage their property as debtors-in-possession pursuant to §§ 1107(a) and 1108

of the Bankruptcy Code.

2.      The statutory predicates for the relief sought here are section 362(d) of the

Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and 28 U.S.C. § 1334(c).  This Court has subject matter jurisdiction over this motion

pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of

28 U.S.C. § 157(b)(2)(G).  Venue is proper in this district pursuant to 28 U.S.C. §1409.

## BACKGROUND

3.      Furukawa is a long-term supplier to Delphi Automotive Systems, Inc.

("DAS"), one of the Debtors herein.

4.      An item previously manufactured by Furukawa for Delphi is a power

steering sensor known as the Epsilon sensor (hereafter, the "Epsilon Sensor").

*(A)      Prior to the Petition Date, Delphi Terminated the Epsilon Sensor Contracts and Sued
Furukawa in State Court.*

5.      On April 8, 2004, Delphi sent written notice to Furukawa stating that (1)

Furukawa had breached certain product warranties related to the Epsilon Sensor, and (2) the

contractual agreements between the parties regarding the Epsilon Sensor were therefore terminated (the "Termination Notice").  A copy of the Termination Notice is annexed hereto as Exhibit "1."

6.      After receiving the Termination Notice, Furukawa (1) disputed that it breached its warranty obligations to Delphi, and (2) maintained that Delphi's termination of the Epsilon Sensor contracts constituted a breach of those contracts by Delphi.

7.      On or about October 14, 2004, Delphi filed a complaint against Furukawa in the Circuit Court for the County of Saginaw, Michigan (the "State Court"), asserting Epsilon Sensor related claims (the "State Court Action").  In the State Court Action, Delphi asserted:

(a)      Claims for breach of contract and breach of contract warranties;

(b)      Claims for "violation of U.C.C. warranties";

(c)      Claims for tortious interference with the contractual relations between Delphi and General Motors Corporation; and

(d)      Claims for fraud and misrepresentation.

A copy of the Complaint commencing the State Court Action is annexed hereto as Exhibit "2." Furukawa filed a timely answer in the State Court Action and the case remains pending in the State Court.

8.      Approximately eleven months after commencing the State Court Action, Delphi filed for bankruptcy protection with this Court.

9.      Delphi made no attempt at any time under 28 U.S.C. § 1452 to remove the State Court Action to this Court or to any U.S. District Court.

**(B)**      ***To Protect Its Right to Recover Cancellation Damages, Furukawa Filed Claim No. 12347; Delphi Raised Only a "Books and Records" Objection.***

10.      On July 28, 2006, Furukawa filed a timely claim (Claim No. 12347) in the Delphi bankruptcy case for the damages caused by Delphi's wrongful termination of the Epsilon Sensor contracts.  A copy of Claim No. 12347 is annexed hereto as Exhibit "3."  Had Furukawa not done so, its claim for cancellation damages would have been time barred and subject to disallowance under the Bankruptcy Code.

11.      On October 31, 2006, Delphi filed a motion captioned:  "Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. §502(c)" (the "Third Omnibus Claims Objection").

12.      In the Third Omnibus Claims Objection, Delphi raised a single objection to Furukawa's Claim No. 12347, namely, that the claim was an "unsubstantiated claim" that, according to Delphi's Third Omnibus Claims Objection, meant that the claim "asserts liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records."  This "books and records" objection was the only objection made by Delphi to Furukawa's Claim No. 12347.

13.      On November 22, 2006, Furukawa filed a timely response to the Third Omnibus Claims Objection, captioned:  "Objection of Furukawa Electric North America APD, Inc. and Furukawa Electric Co. to Debtors' Third Omnibus Claims Objection." [Dkt. No. 5788] (the "Furukawa Response").  A copy of the Furukawa Response is annexed hereto as Exhibit "4."  In the Furukawa Response, Furukawa asserted that the Debtors' "books and records"

objection lacked merit because Claim No. 12347, being a claim for "cancellation damages," is the type of claim that "would not typically be reflected in the books and records of the person or entity who owes the indebtedness." Id.

14.    On December 6, 2006, this Court entered an order captioned: "Order Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims (the "Claim Objection Procedures Order")." The Claim Objection Procedures Order provides that the Debtors' Third Omnibus Claims Objection to Furukawa's Claim No. 12347, together with Furukawa's Response, creates a "contested claim" which "shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014." See Claim Objection Procedures Order at ¶ 5.

15.    On March 6, 2007, Delphi filed a "Notice of Claims Objection Hearing with Respect to Debtors' Objection to Proof of Claim No. 12347 (Furukawa Electronics North America APD, Inc.)." A copy of the Notice of Claims Objection Hearing is annexed hereto as Exhibit "5." The Notice of Claims Objection Hearing indicates that there will be an "evidentiary hearing" to resolve the Contested Claim on May 10, 2007 at 10:00 a.m. (the "Scheduled Contested Claim Hearing").

16.    Pursuant to the Claim Objection Procedures Order, (1) the parties have no more than one hour each to address to the "books and records" objection raised by Delphi, (2) may present testimony by affidavit of no more than two company witnesses, and (3) have limited rights to call or cross-examine third-party witnesses.

*(C)*    ***Delphi Seeks to Expand this "Contested Matter" Beyond the Scope of the Third Omnibus Claims Objection and Furukawa's Response.***

17.    On March 13, 2007, Delphi filed a "Statement of Disputed Issues with respect to Claim No. 12347 ("Statement of Disputed Issues – Furukawa")."  A copy of the Statement of Disputed Issues is annexed hereto as Exhibit "6."  In the Statement of Disputed Issues, Delphi asserts that, rather than proceeding on its narrow "books and records" objection, Delphi instead intends to submit for decision on May 10, 2007, the entire lawsuit it previously filed in State Court, including its own affirmative claims for $25 million in damages against Furukawa.

## RELIEF REQUESTED

18.    By this Motion, Furukawa (a) moves this Court, pursuant to 28 U.S.C. § 1334, to abstain from exercising jurisdiction over the matters currently pending in the State Court, (b) seeks an order granting Furukawa relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, to proceed with the State Court Action, and (c) requests an order limiting the scope of the Scheduled Contested Claim Hearing.

## BASIS FOR RELIEF REQUESTED

### I.    ABSTENTION IS APPROPRIATE UNDER 28 U.S.C. § 1334

19.    28 U.S.C. § 1334 provides statutory authority for a court to abstain from hearing a proceeding in the exercise of its discretion and also goes further, requiring mandatory abstention if certain factors exist.  As shown below, the requirements of discretionary and mandatory abstention exist.

### A.    Mandatory Abstention is Proper Pursuant to 28 U.S.C. § 1334(c)(2)

20.    The mandatory abstention statute provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the District Court shall abstain from hearing such a proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

21.    Mandatory abstention under § 1334(c)(2) is required when:

(a)    A state court case is pending prior to the initiation of bankruptcy proceedings,

(b)    The state court proceeding is based entirely on state law;

(c)    There would be no basis for federal court jurisdiction absent the filing of a bankruptcy proceeding; and

(d)    The state court proceeding is capable of timely adjudication and is a non-core proceeding.

Lindey v. O'Brien, Tanski, Tanzer and Young (In re Dow Corning Corp.), 86 F.3d 482, 497 (6th Cir. 1996); Technology Outsource Solutions, LLC v. ENI Tech., Inc., 2003 WL 252141 at *4 (W.D.N.Y. Jan. 23, 2003); Von Richthofen v. Family M. Foundation Limited, 339 B.R. 315, 319 (Bankr. S.D.N.Y. 2005) (abstaining pursuant to mandatory abstention provision).

22.    The elements of mandatory abstention are all present here because:

(a)    Delphi initiated the State Court Action against Furukawa prior to the Petition Date;

(b)    The State Court Action initiated by Delphi asserts solely state law claims;

(c)    There is no independent basis for jurisdiction in the bankruptcy court absent the filing of Delphi's bankruptcy cases; and

(d)      The State Court is capable of adjudicating the parties rights in a timely
way.

23.      This Court should therefore abstain from hearing either Delphi's

affirmative breach-of-warranty or other State law claims against Furukawa, or any claim

objection arising out of the same liability issues currently pending in the State Court.

**B.      Discretionary Abstention is Proper Pursuant to 28 U.S.C. § 1334(c)(1)**

24.      Even where the mandatory abstention statute does not apply, under the

discretionary or permissive abstention doctrine, bankruptcy courts have broad discretion to

abstain from hearing state law claims whenever appropriate in the interest of justice, or in the

interest of comity with state courts or respect for state law.  See, e.g., The Maxwell MacMillan

Realization Liquidating Trust and MCC GAO, Inc. v. Aboff (In re MacMillan, Inc.), 186 B.R.

35, 52-53 (Bankr. S.D.N.Y. 1995).

25.      The permissible abstention statute provides:

Except with respect to a case under chapter 15 of title 11,
nothing in this section prevents a district court in the interest
justice, or in the interest in comity with the State courts or respect
for State law, from abstaining from hearing a particular proceeding
arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).  See also Peterson v. 610 W. 142 Owners Corp. (In re 610

W. 142 Owners Corp.), 1999 WL 294995 *3 (S.D.N.Y. May 11, 1999) (granting

motion to abstain).

26.      In determining whether discretionary abstention is appropriate, courts

consider the following factors:

(1)      The effect on the efficient administration of the estate;

(2)      The extent to which State law issues predominate over bankruptcy issues;

(3)      The difficulty or unsettled nature of applicable State law;

(4)     The presence of a related proceeding commenced in State court or other non-bankruptcy court;

(5)     The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6)     The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)     The substance rather than the form of the asserted "core" proceeding;

(8)     The feasibility of severing State law claims from core bankruptcy matters to allow judgments to be entered in State court with enforcement left to the bankruptcy court;

(9)     The burden on the bankruptcy court's docket;

(10)    The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and

(11)    The presence of non-debtors parties.

Citicorp Savings of Illinois v. Chapman (In re Chapman), 132 B.R. 153, 157-58 (Bankr. N.D. Ill. 1991).

27.     These factors all weigh heavily in favor of abstention here:

(1)     Adding a complex breach of warranty case to this Court's docket can only complicate the administration of the Debtors' bankruptcy cases;

(2)     State law issues in the State Court Action not only predominate over bankruptcy issues, there are no bankruptcy issues in that case whatsoever;

(3)     Commercial breach of warranty cases are complex and dependent upon the law of the forum State;

(4)     The State Court Action was filed prior to the Debtors' bankruptcy cases and remains pending;

(5)     There would be no jurisdiction in federal court but for 28 U.S.C. § 1334;

(6)     The State Court Action involves no issues that are directly related to Delphi's reorganization;

(7)     If Furukawa's Claim No. 12347 and matters in dispute in the State Court Action constitute a "core" proceeding at all, it is such a proceeding in form only;

(8)     Any judgment entered in State Court Action could easily be applied here for claims allowance purposes;

(9)     The disputed matters pending in the State Court Action would significantly burden the administration of the Debtors' cases; and

(10)    Delphi's attempt to add the disputed matters in the State Court Action as a contested matter before this Court is an obvious attempt at forum shopping.

28.     Where, as here, the issue before the Court is solely one of state law or applicable non-bankruptcy law, and when a state action was pending (particularly when that state action was filed by the debtor itself), the interests of comity dictate that the matter is better resolved in State court.  See In re Denton, 161 B.R. 987 (Bankr. E.D. Ark. 1993) (after the debtor filed an objection to the claimant's proof of claim, the bankruptcy court abstained since the issue is better decided by the State court where the action is pending).  See also Chapman, 132 B.R. at 158 (bankruptcy courts will generally abstain when a purely state law action is initiated prior to bankruptcy).

## II.     RELIEF FROM THE AUTOMATIC STAY IS WARRANTED

29.     A determination by a district court or the bankruptcy court that abstention is either required or appropriate, does not by itself constitute an order granting relief from the automatic stay.  Benedor Corp. v. Conejo Enterprises, Inc. (In re Conejo Enterprises, Inc.), 96 F.3d 346, 352 (9th Cir. 1996).  Accordingly, Furukawa also requests an order granting it relief from the automatic stay so that the parties may proceed with the State Court Action in the State Court.

30.    Pursuant to section 362(d) of the Bankruptcy Code, the court may grant relief from the automatic stay for cause.  <u>See</u> 11 U.S.C. § 362(d)(1).

31.    Whether relief from stay will be granted to permit litigation to proceed in another forum is determined by the twelve factor test set forth in <u>In re Sonnax</u>, 907 F.2d 1280 (2nd Cir. 1990).  The twelve <u>Sonnax</u> factors are:

(1)    Whether relief would result in a partial or complete resolution of the issues;

(2)    Lack of any connection or interference with the bankruptcy case;

(3)    Whether the other proceeding involves the debtor as a fiduciary;

(4)    Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5)    Whether the debtor's insurer has assumed full responsibility for defense;

(6)    Whether the action primarily involves third parties;

(7)    Whether litigation in another forum would prejudice the interests of other creditors;

(8)    Whether a judgment claim arising from the other action would be subject to equitable subordination;

(9)    Whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10)    The interests of judicial economy and the expeditious and economical resolution of litigation;

(11)    Whether the parties are ready for trial in the other proceeding; and

(12)    The impact of the stay on the parties and the balance of harms.

902 F.2d at 1286.

32.    Only those factors relevant to a particular case need be considered, <u>Sonnax Industries</u>, 907 F.2d at 1285, and the Court need not assign them equal weight.  <u>In re Anton</u>, 145

B.R. 767, 770 (Bankr. E.D.N.Y. 1992).  When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate.

33.    A majority of the <u>Sonnax</u> factors are established here.  The first Sonnax factor – whether granting relief would result in the resolution of the issues – weighs in favor of granting relief from the automatic stay.  The State Court Action is pending and the breach of warranty and related claims can proceed, and be resolved, by the State Court.  The second, seventh and tenth Sonnax factors – lack of interference with the bankruptcy case, prejudice to other creditors and interests of judicial economy – also weigh in favor of granting the relief requested herein.  Adjudication of the State Court Action in the State Court would not interfere with the Debtors' chapter 11 cases and there would be no prejudice to other creditors if the litigation proceeds in the State Court.  The twelfth Sonnax factor – the impact of the stay and the balance of harms – weighs in favor of granting the relief requested.  Granting the relief requested and allowing the parties to proceed in the State Court will not prejudice, or cause any legally cognizable harm to, the Debtors.  Refusal to lift the automatic stay, however, prejudices Furukawa and is inequitable.

34.    Moreover, it has been held that granting relief from the automatic stay is appropriate where, as here, (1) the debtor files suit against the non-debtor third party prior to filing for bankruptcy protection; (2) the third party files a proof of claim in the debtor's bankruptcy estate to protect any counterclaim the third party might assert in state court; and (3) the third party then seeks relief from the automatic stay so as to permit the assertion of its counterclaim in the state court case.  <u>See</u> <u>Bohack Corp. v. Borden, Inc.</u> (<u>In re Bohack Corp.</u>), 599

F.2d 1160, 1168 (2d Cir. 1979); <u>see also</u> <u>Prindle v. Countryside Manor, Inc.</u> (<u>In re Countryside</u>

<u>Manor, Inc.</u>), 188 B.R. 489, 491 (Bankr. D. Conn. 1995).

35.    Based on the foregoing, the automatic stay should be lifted to permit the

parties to proceed with the State Court Action in the State Court.

## III.    THE SCHEDULED CONTESTED CLAIM HEARING SHOULD BE LIMITED IN SCOPE TO DELPHI'S "BOOKS AND RECORDS" OBJECTION

36.    The Scheduled Contested Claim Hearing scheduled for May 10, 2007

should be limited in scope to Delphi's "books and records" objection.  That hearing should be so

limited for the following reasons:  (a) Delphi's Third Omnibus Claims Objection asserted only a

"books and records" objection; (b) Furukawa's Response was limited in scope to the "books and

records" objection raised by Delphi; (c) the Claims Objection Procedure Order was designed for

relatively narrow omnibus objections, not for plenary trials on the merits of complex breach of

warranty and fraud claims.  Specifically, the Claim Objection Procedures Order provides:

- That the parties have less than 60 days to prepare for the hearing;

- That the parties are permitted to submit party-testimony only via affidavit, may submit no more than two such affidavits, and have limited rights to call other witnesses or to engage in discovery; and

- That the "trial" is limited to one hour per side for presenting both arguments and proofs.

37.    These procedural limitations are not appropriate to a multi-million dollar

breach of warranty dispute.  The narrow procedures set forth in the Claim Objection Procedures

Order were designed for the kind of narrow objections (including "books and records"

objections) permitted under the Third Omnibus Claims Objection.

38.    Since Delphi's Third Omnibus Claims Objection and Furukawa's

Response are limited to the "books and records" issue, the "contested matter" created thereby is

16

likewise limited to Delphi's "books and records" objection.  Accordingly, Furukawa respectfully

requests that the Court limit the scope of the Scheduled Claim Objection Hearing to deal solely

with the Debtors' "books and records" objection set forth in the Third Omnibus Claims

Objection.

## MEMORANDUM OF LAW

39.    Since the legal authority relied upon by Furukawa are set forth in this

motion, Furukawa has not filed a separate memorandum of law.  Furukawa reserves the right to

file a separate memorandum of law and reply to any response by the Debtors.

## RESERVATION OF RIGHTS

40.    Furukawa reserves the right to amend or supplement (i) its filed Proof of

Claim, (ii) the documentary evidence filed in support of the Proof of Claim, (iii) this Motion, and

(iv) the evidentiary record in support of its Proof of Claim.

## REPLIES

41.    Replies to this Motion should be made to (a) Varnum, Riddering, Schmidt

& Howlett LLP, Bridgewater Place, P.O. Box 352, Grand Rapids, Michigan 49501-0352,

Attention:  Michael S. McElwee, Esq. and (b) DiConza Law, P.C., 630 Third Avenue, 7th Floor,

New York, New York 10017, Attention:  Gerard DiConza, Esq.

## CONCLUSION

42.    Furukawa respectfully requests that the Court:

(a)    Abstain from hearing any matters asserted by the Debtors in the State
       Court Action;

(b)     Grant relief from the automatic stay for purposes of allowing the parties to liquidate any claims or counterclaims asserted in, or arising out of the same transaction or occurrence as, the State Court Action filed by the Debtors in the State Court;

(c)     Limit the scope of the Scheduled Claim Objection Hearing to the Debtors' "books and records" objection; and

(d)     Grant Furukawa such other and further relief as is just and proper.

Respectfully submitted,

Dated:  March 23, 2007
      Grand Rapids, Michigan

VARNUM RIDDERING SCHMIDT & HOWLETT, LLP


By:     /s/ Michael S. McElwee
      Michael S. McElwee (P36088)
      Bridgewater Place
      P.O. Box 352
      Grand Rapids, MI  49501
      (616) 336-6491
      msmcelwee@varnumlaw.com

Dated: March 23, 2007
      New York, New York

DICONZA LAW, P.C.


By:     /s/ Gerard DiConza
      Gerard DiConza (GD0890)
      DICONZA LAW, P.C.
      630 Third Avenue
      New York, NY 10017
      (212) 682-4940
      gdiconza@dlawpc.com

*Co-Counsel for Furukawa Electric North America APD and Furukawa Electric Co., Ltd.*

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
                                           :
In re:                                     :         Chapter 11
                                           :
DELPHI CORPORATION, *et al.,*              :         Case No. 05-44481 (RDD)
                                           :
                      Debtors.             :         (Jointly Administered)
                                           :
---------------------------------------------------------x

**ORDER GRANTING MOTION OF FURUKAWA ELECTRIC NORTH**
**AMERICA APD AND FURUKAWA ELECTRIC CO., LTD. FOR**
**(A) ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c); (B) RELIEF FROM**
**THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d); AND (C) LIMITING**
**THE SCOPE OF THE THIRD OMNIBUS CLAIM OBJECTION HEARING**

Upon the motion dated March 23, 2007 (the "Motion") of Furukawa Electric

North America APD and Furukawa Electric Co., Ltd. (together, "Furukawa") (a) for abstention

pursuant to 28 U.S.C. § 1334, (b) for relief from the automatic stay pursuant to § 362(d) of title

11 of the United States Code (the "Bankruptcy Code"), and (c) for an order limiting the scope of

the claim objection hearing scheduled by the above-captioned debtors for May 10, 2007, all as

more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein pursuant to  28 U.S.C. §§ 157 and 1334 and the Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided and it appearing that no other or further notice need be

provided; and the Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that this Court shall abstain for exercising jurisdiction over the Debtors' breach of warranty and other state law claims asserted against Furukawa in the currently pending State Court Action (as defined in the Motion); and it is further

**ORDERED** that Furukawa is granted relief from the automatic stay to proceed with the pending State Court Action and allow Furukawa and the Debtors to liquidate and claims and counterclaims asserted therein, or arising out of the same transaction or occurrence as the claims asserted in the State Court Action; and it is further

**ORDERED** that the scope of Scheduled Claim Objection Hearing (as defined in the Motion) shall be limited to the Debtors' "books and records" objection and this Court shall not consider the Debtors' breach of warranty and related claims it has asserted or may assert against Furukawa in the State Court Action; and it is further

**ORDERED** that the requirement pursuant to Local Rule 9013-1(b) that Furukawa file a separate memorandum of law in support of the Motion is hereby waived.

Dated: New York, New York
         April ____, 2007

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT "1"**

**TERMINATION NOTICE**

## EXHIBIT "2"

## STATE COURT ACTION COMPLAINT

**EXHIBIT "3"**

**FURUKAWA PROOF OF CLAIM NO. 12347**

## EXHIBIT "4"

## FURUKAWA RESPONSE TO THIRD OMNIBUS CLAIMS OBJECTION

## EXHIBIT "5"


## DEBTORS' NOTICE OF CLAIM OBJECTION HEARING

**EXHIBIT "6"**

**STATEMENT OF DISPUTED ISSUES**