1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, et. al.,


          Debtor.


- - - - - - - - - - - - - - - - - - - - -x

                U.S. Bankruptcy Court

                One Bowling Green

                New York, New York


                October 19, 2006

                10:04 AM


B E F O R E:

HON. ROBERT DRAIN

U.S. BANKRUPTCY JUDGE

2

1

2   Twelfth Omnibus Hearing Agenda filed by John Wm. Butler Jr. on

3   behalf of Delphi Corporation.

4

5   1) KECP Motion, at docket no. 213

6

7   2) Second Application for Interim Professional Compensation for

8   Jaeckle Fleischmann & Mugel, LLP for the period: 2/2/2006 to

9   5/31/2006, fee: $218,959.00, expenses: $54,595.92 filed by

10  Joseph W. Allen.

11

12  3) Second Application for Interim Professional Compensation and

13  Reimbursement of Expenses for Howard & Howard Attorneys, P.C.,

14  Special Counsel, period: 2/1/2006 to 5/31/2006, fee:

15  $197,421.00, expenses: $10,006.89 filed by Howard & Howard

16  Attorneys, P.C.

17

18  4) Second Application for Interim Professional Compensation for

19  Cadwalader, Wickersham & Taft, LLP, Special Counsel, period:

20  2/1/2006 to 5/31/2006, fee:$139,356.00, expenses: $12,942.26

21  filed by Philip Urofsky.

22

23

24

25

3

1   5) Second Application for Interim Professional Compensation as

2   Special Regulatory Counsel for the Audit Committee of the Board

3   of Directors of Delphi Corporation for Wilmer Cutler Pickering

4   Hale and Dorr LLP, Special Counsel, period: 2/1/2006 to

5   5/31/2006, fee: $299,568.00, expenses: $8,174.59 filed by

6   Philip D. Anker.

7

8   6) First Application for Interim Professional Compensation and

9   Expense Reimbursement for Mayer, Brown, Rowe & Maw LLP, Special

10  Counsel, period: 2/1/2006 to 5/31/2006, fee: $504,263.82,

11  expenses: $13,458.94 filed by Mayer, Brown, Rowe & Maw LLP.

12

13  7) Second Application for Interim Professional Compensation

14  Notice of Second Interim Application for Groom Law Group,

15  Chartered, Special Counsel, period: 2/1/2006 to 5/31/2006, fee:

16  $241,278.30, expenses: $10,591.75 filed by Katherine Kamen,

17  Groom Law Group, Chartered.

18

19  8) Second Fee Application of Groom Law Group Expenses Incurred

20  Through February 1, 2006 through May 31, 2006

21

22  9) Second Application for Interim Professional Compensation for

23  Latham & Watkins LLP, Creditor Comm. Aty, period: 2/1/2006 to

24  5/31/2006, fee: $5,188,803.50, expenses: $369,265.45 filed by

25  Robert J. Rosenberg.

4

1    10) Notice of Hearing re: Second Interim Application of

2    O'Melveny & Myers LLP, filed by Jessica Kastin on behalf of

3    O'Melveny & Myers LLP.

4

5    11) Second Application for Interim Professional Compensation

6    and Reimbursement of Expenses as Financial Advisor to the

7    Official Committee of Unsecured Creditors for Mesirow Financial

8    Consulting, LLC, Other Professional, period: 2/1/2006 to

9    5/31/2006, fee: $2,255,664.00, expenses: $63,159.00 filed by

10   Robert J. Rosenberg.

11

12   12) Second Application for Interim Professional Compensation of

13   Togut, Segal & Segal LLP for an Allowance of Interim

14   Compensation for Services Rendered as Conflicts Counsel for the

15   Debtors for the Period February 1, 2006 through May 31, 2006

16   and for Reimbursement of Expenses for Togut, Segal & Segal LLP,

17   Debtor's Attorney, period: 2/1/2006 to 5/31/2006, fee:

18   $1,045,443.50, expenses: $13,940.08 filed by Togut, Segal &

19   Segal LLP.

20

21   13) Second Application for Interim Professional Compensation

22   for Steven Hall & Partners, LLC, Other Professional, period:

23   2/1/2006 to 5/31/2006, fee: $182,193.75, expenses: $0.00 filed

24   by Robert J. Rosenberg.

25

5

1   14) Second Application for Interim Professional Compensation

2   for O'Melveny & Myers LLP, Debtor's Attorney, period: 2/1/2006

3   to 5/31/2006, fee: $3,118,474.00, expenses: $874,459.13 filed

4   by O'Melveny & Myers LLP.

5

6   15) Second Application for Interim Professional Compensation

7   and Allowance of Compensation and Reimbursement of Expenses

8   Incurred by FTI Consulting, Inc. as Restructuring and Financial

9   Advisor to the Debtors for the Period February 1, 2006 through

10  May 31, 2006 for FTI Consulting, Inc., Other Professional,

11  period: 2/1/2006 to 5/31/2006, fee: $6,136,101.55, expenses:

12  $605,524.84 filed by FTI Consulting, Inc.

13

14  16) Application to Employ Application for Order Under 11 U.S.C.

15  Sections 327(e) and 1107(b) and Federal Rule of Bankruptcy

16  Procedure 2014 Authorizing Employment and Retention of Banner &

17  Witcoff, Ltd. as Intellectual Property Counsel to Debtors,

18  filed by John Wm. Butler Jr. on behalf of Delphi Corporation.

19

20  17) Second Application for Interim Professional Compensation

21  and Reimbursement of Expenses for Rothschild Inc., Other

22  Professional, period: 2/1/2006 to 5/31/2006, fee:

23  $1,000,000.00, expenses: $65,200.96 filed by Rothschild Inc.

24

25

1    18) Second Application for Interim Professional Compensation

2    and Reimbursement of Expenses for Warner Stevens, L.L.P.,

3    Creditor Comm. Aty, period: 2/1/2006 to 5/31/2006, fee:

4    $502,652.50, expenses: $23,618.63 filed by Warner Stevens,

5    L.L.P.

6

7    19) Second Application for Interim Professional Compensation

8    and Reimbursement of Expenses for Butzel Long, P.C., Debtor's

9    Attorney, period: 2/1/2006 to 5/31/2006, fee: $201,086.10,

10   expenses: $2130.21 filed by Thomas B. Radom, Butzel Long, P.C.

11

12   20) Second Application for Interim Professional Compensation

13   and Reimbursement for Gerald E. Hawxhurst, Special Counsel,

14   period: 2/1/2006 to 5/31/2006, fee: $9,432.00, expenses:

15   $604.49, for Quinn Emanuel, Special Counsel, period: 2/1/2006

16   to 5/31/2006, fee: $9,432.00, expenses: $604.49 filed by Gerald

17   E. Hawxhurst, Quinn Emanuel.

18

19   21) First Application for Interim Professional Compensation for

20   Fried, Frank, Harris, Shriver & Jacobson LLP, Other

21   Professional, period: 5/8/2006 to 5/31/2006, fee: $598,265.00,

22   expenses: $5,451.63 filed by Fried, Frank, Harris, Shriver &

23   Jacobson LLP.

24

25

1   22) Second Application for Interim Professional Compensation

2   for Cantor Colburn LLP, Special Counsel, period: 2/1/2006 to

3   5/31/2006, fee: $257,086.00, expenses: $53,725.11 filed by

4   Cantor Colburn LLP.

5

6   23) Second Application for Interim Professional Compensation

7   Banner & Witcoff, Ltd. for George Panters, Special Counsel,

8   period: 2/1/2006 to 5/31/2006, fee: $41786.66, expenses:

9   $552.66, for Banner & Witcoff, Special Counsel, period:

10  2/1/2006 to 5/31/2006, fee:$41,786.66, expenses: $552.66 filed

11  by George Panters.

12

13  24) Second Application for Interim Professional Compensation/

14  Notice of Second Application of Shearman & Sterling LLP as

15  Special Counsel to the Debtors for Allowance of Interim

16  Compensation for Professional Services Rendered and for

17  Reimbursement of Actual and Necessary Expenses Incurred From

18  February 1, 2006 through May 31, 2006 for Shearman & Sterling

19  LLP, Debtor's Attorney, period: 2/1/2006 to 5/31/2006, fee:

20  $750,297.60, expenses: $59,454.96 filed by Shearman & Sterling

21  LLP.

22

23  25) Notice of Hearing of Quinn Emanuel's Amended Second Interim

24  Application for Compensation, etc., filed by Gerald E.

25  Hawxhurst on behalf of Quinn Emanuel.

8

1   26) Second Application for Interim Professional Compensation

2   and Reimbursement (Amended) for Quinn Emanuel, Accountant,

3   period: 2/1/2006 to 5/31/2006, fee: $9,432.00, expenses:

4   $604.49 filed by Gerald E. Hawxhurst, Quinn Emanuel.

5

6   27) Second Application for Interim Professional Compensation

7   for Jones Lang LaSalle Americas, Inc., Other Professional,

8   period: 2/1/2006 to 5/31/2006, fee: $226,598.36, expenses:

9   $11,066.58 filed by Joseph D. Frank.

10

11  28)  Second Application for Interim Professional Compensation

12  for Ernst & Young LLP, Accountant, period: 1/1/2006 to

13  5/31/2006, fee: $3,349,072.00, expenses: $74,755.00 filed by

14  Ernst & Young LLP.

15

16  29)  Second Application for Interim Professional Compensation

17  for Dickinson Wright PLLC, Other Professional, period: 2/1/2006

18  to 5/31/2006, fee: $172,133.50, expenses: $8,835.21 filed by

19  Dickinson Wright PLLC.

20

21  30)  Notice of Hearing on Second Interim Fee Application filed

22  by Susan Power-Johnston on behalf of Covington & Burling LLP.

23

24

25

9

1    31) Second Application for Interim Professional Compensation

2    for Covington & Burling LLP, Special Counsel, period: 2/1/2006

3    to 5/31/2006, fee: $551,937.00, expenses: $22,773.74 filed by

4    Susan Power-Johnston.

5

6    32)   Second Interim Application of Skadden, Arps, Slate,

7    Meagher & Flom, LLP, Counsel to the Debtors-in-Possession

8    Seeking Allowance and Payment of Interim Compensation and

9    Reimbursement of Expenses under 11 U.S.C. Sections 330 and 331

10   for John Wm. Butler Jr., Debtor's Attorney, period: 2/1/2006 to

11   5/31/2006, fee: $11,310,231 expenses: $825,854 filed by John

12   Wm. Butler Jr.

13

14   33) Second Application / Amended Second Application for Interim

15   Professional Compensation of KPMG LLP, as Tax and Transaction

16   Services Advisors for the Debtors for KPMG LLP, Accountant,

17   period: 2/1/2006 to 5/31/2006, fee: $7,383,043.00, expenses:

18   $430,790.04 filed by KPMG LLP.

19

20   34) IBJTC Business Credit Corporation's Motion to Compel

21

22   35) Computer Patent Annuities Ltd.'s Executory Contract Motion

23   at docket no. 5153.

24

25

10

1   36) Debtor's IT Infrastructure Outsourcing Motion, at docket

2   no. 5237

3

4   37) Battelle Memorial Institute Motion for a Turnover of Funds,

5   docket no. 5239

6

7   38) Debtors' First Omnibus Objection to Claims, docket no. 5151

8   Objections and Responses:

9           a) Terry Mocny at docket no. 5205

10          b) Bank of America at docket no. 5247

11          c) Ohio Department of Taxation at docket no. 5261

12          d) Andrew Ladika, at docket no. 5266

13          e) NuTech at docket number 5287

14          f) Cadence Innovation, LLC at docket no. 5294

15          g) Brazeway Inc. at docket no. 5297

16          h) Alice J. Banus Trust at docket no. 5301

17          i) Rick L. Sizemore at docket no. 5302

18          j) Umicore Autocat Canada Corp. at docket no. 5303

19

20

21

22

23

24

25

11

1    39) Ex Parte Motion to File a Supplemental Objection under Seal

2    Exhibits to the Official Committee of Unsecured Creditors'

3    Motion for an Order Authorizing it to Prosecute the Debtors'

4    Claims and Defenses against General Motors Corporation and

5    Certain Former Officers of the Debtors filed by Mark Broude on

6    behalf of the Official Committee of Unsecured Creditors at

7    docket number 5229.

8

9    40) Motion to Reclassify Claims -- Motion for Order Under Fed.

10   R. Bankr. P. 3003(c)(3) and 9006(b)(1) Deeming Certain Proofs

11   of Claim Timely filed -- filed by John Wm. Butler Jr. on behalf

12   of Delphi Corporation.

13

14   41) Ellen W. Motion for Summary Judgment in Adversary

15   Proceeding 06-01136.

16

17   42) Complaint by Delphi Medical Systems Kuroda Corporation v.

18   AKSYS, Ltd.

19

20

21

22

23

24

25   Transcribed by:  Rebecca Kahn

12

1

2  A P P E A R A N C E S :

3  SKADDEN ARPS SLATE MEAGHER & FLOM LLP

4        Attorneys for Debtor

5        333 West Wacker Drive

6        Chicago, IL 60606-1285

7

8  BY:   JOHN WILLIAM BUTLER, ESQ.

9

10  SKADDEN ARPS SLATE MEAGHER & FLOM LLP

11        Attorneys for Debtor

12        Four Times Square

13        New York, NY 10036

14

15  BY:   KAYALYN A. MARAFIOTI, ESQ.

16

17  LATHAM & WATKINS, LLP

18        Attorneys for the Official Unsecured Creditors' Committee

19        885 Third Avenue

20        Suite 1000

21        New York, NY 10022

22

23  BY:   ROBERT J. ROSENBERG, ESQ.

24        HENRY P. BAER JR., ESQ.

25

13

1    TOGUT, SEGAL & SEGAL, LLP

2         Attorneys for Debtor

3         One Penn Plaza

4         New York, NY 10119

5

6    BY:   SEAN P. McGRATH, ESQ.

7

8    FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

9         Attorneys for the Equity Committee

10        One New York Plaza

11        New York, NY 10004-1980

12

13   BY:  BONNIE STEINGART, ESQ.

14

15   WEIL GOTSHAL & MANGES LLP

16        Attorneys for General Motors

17        767 Fifth Avenue

18        New York, NY 10153-0119

19

20   BY:   JEFFREY L. TANENBAUM, ESQ.

21

22

23

24

25

14

1   WHITE & CASE LLP

2         Attorneys for Appaloosa

3         1155 Avenue of the Americas

4         New York, NY 10036-2787

5

6   BY:  DOUGLAS P. BAUMSTEIN, ESQ.

7

8   KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP

9         Attorneys for Delphi Trade Committee

10         1633 Broadway

11         New York, NY 10019-8799

12

13   BY:  ADAM L. SHIFF, ESQ.

14

15   ALSTON & BIRD, LLP

16         Attorneys for Cadence Innovation, LLC

17         90 Park Avenue

18         New York, NY 10016

19

20   BY:  CATHERINE FENOGLIO, ESQ.

21

22

23

24

25

15

1    KRAMER, LEVIN, NAFTALIS & FRANKEL, LLP

2         Counsel to Electronic Data Systems, Corp.

3         1111 Avenue of the Americas

4         New York, NY 10036

5

6    BY:   GORDON Z. NOVOD, ESQ.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

16

**P R O C E E D I N G S**

1

2          THE COURT:  Okay, Delphi.

3          MR. BUTLER:  Your Honor, good morning.  Jack Butler

4   with my colleagues Kayalyn Marfioti and Al Hogan here on behalf

5   of the debtors, Delphi Corporation and their affiliated debtors

6   for our Twelfth Omnibus Hearing.

7          Your Honor, we have filed and served both a proposed

8   agenda and then, subsequently, a proposed amended agenda.  The

9   principal difference between the two agendas was adding a

10  matter involving an Ex Parte Motion filed by the Equity

11  Committee after consulting with chambers.

12         THE COURT:  Right.

13         MR. BUTLER:  So, with Your Honor's permission, we

14  will follow the order of the amended agenda.

15         THE COURT:  Okay.  That's fine.

16         MR. BUTLER:  Your Honor, the first matter on the

17  amended agenda is the KECP Motion, specifically the emergence

18  elements of the KECP Motion filed back at the beginning of the

19  case at docket number 213.  We have agreed to adjourn this

20  again to November 30th.  As Your Honor is aware of, the company

21  is involved with its stakeholders on framework discussions

22  involving a plan of reorganization and it's the debtors' view

23  that it would seem more appropriate to address this in the

24  context of those discussions.

25         THE COURT:  Okay.

17

1          MR. BUTLER:  Your Honor, the next matter on the

2     agenda is Agenda Items 2 through 33.  These are the First and

3     Second Fee Applications that have been filed by various

4     retained professionals pursuant to order -- protection orders

5     approved by Your Honor.  These matters -- the First Fee

6     Applications were previously up for hearing in the summer and

7     then, at the request of the Fee Committee, were adjourned and

8     combined with the sharing on the Second Fee Applications.  The

9     Fee Committee is continuing to consider these and has not

10    completed its review nor its discussion with each of the

11    applicants, given the volume of the applications and the Fee

12    Committee asked that the hearing be adjourned as to wait until

13    November 30th and the parties to the statutory committees and

14    the company have agreed to that as acceptable to the Court.

15         THE COURT:  Okay.  That's fine.  Obviously the -- at

16    least the First Application has been pending for a while and

17    the only thing that I'd suggest is if the Fee Committee has

18    some particular problem with, you know, a sort of a recurring

19    practice by any of the firms I would hope that they'd be

20    alerting the firms so that over this period of adjournments

21    that problem doesn't keep going on.  But my sense is that's not

22    the reason for the adjournments.  So that's fine.

23         MR. BUTLER:  Thank you, Your Honor.  Your Honor,

24    Matter Number 34 on the agenda is the IBJTC Business Credit

25    Corporation's Motion to Compel.  This, Your Honor, involves a

18

1    request for payments of alleged defaults arrearages of about

2    65,000 dollars and various equipment leases, primarily

3    forklifts under a Master Lease Agreement.  The parties are

4    continuing to work through this.  We believe that about 25,000

5    dollars of that amount is pre-petition and the balance may be

6    post-petition.  We believe we've made the payments, we're

7    trying to sort through reconciliation with the lessor and the

8    parties have agreed to put that off until November 30th to try

9    to sort that out outside of court.

10             THE COURT:  Okay.

11             MR. BUTLER:  Your Honor, Matter Number 35 on the

12   agenda is the Computer Patent Annuities Ltd.'s Executory

13   Contract Motion filed at docket number 5153.  This seeks

14   assumption or rejection of an executory contract involving the

15   payment of fees for patent renewals and the maintenance of

16   patents in countries -- frankly, globally.  The parties are

17   involved in discussions on this matter to try to resolve it

18   also on an out-of-court basis and ask the Court to continue the

19   matter to November 30th.

20             THE COURT:  Okay.

21             MR. BUTLER:  Turning now, Your Honor to uncontested,

22   agreed or resolved matters:  Matter Number 36 on the agenda is

23   the company's IT Infrastructure Outsourcing Motion, filed at

24   docket number 5237.  Your Honor, this is one of the -- from the

25   debtors' perspectives, one of the milestone motions in the case

19

1   because it deals with going back to our March 31st

2   transformation announcement, it deals with one of the five

3   prongs of that announcement in a material way, which is the

4   SG&A Reductions the company needs to accomplish in order to

5   become more competitive and prepare for its emergence from

6   Chapter 11.  This particular motion seeks approval of two

7   separate agreements for IT infrastructure services, an

8   agreement with Electronic Data Systems Corporation, commonly

9   known as EDS and I would point out for the record, a member of

10  the Official Committee of Unsecured Creditors and with Hewlett

11  Packard Company.  The Hewlett Packard Agreement provides for

12  the outsourcing of service systems hosting and the EDS Contract

13  is primarily for the outsourcing of global desktops and service

14  desk and mainframe systems hosting.  Your Honor, we have filed

15  the motion publicly.  We have, with Your Honor's permission

16  pursuant to a sealed order entered at docket number 5231, we

17  have filed the actual contract under seal, given the

18  proprietary nature of the matters discussed in that contract

19  and provided that agreement to the United States Trustee and

20  the counsel to the Creditors' Committee.  The legal and

21  financial advisors to the Creditors' Committee have conducted

22  both legal and financial due diligence on those agreements.

23  There have been any number of meetings with people at the

24  company and with our financial advisors and we've been informed

25  by the Creditors' Committee that they do not object to the

20

1    relief requested in the motion.

2            THE COURT:  And obviously EDS was not part of that

3    analysis?

4            MR. ROSENBERG:  Your Honor, since Mr. Butler put on

5    the record that EDS is a member of the committee, the record

6    certainly should reflect very clearly that EDS voluntarily

7    excluded itself from any discussions whatsoever; sought no

8    committee materials; participated in no committee discussions

9    or analysis.

10           THE COURT:  Okay, okay.

11           MR. BUTLER:  Your Honor, as I indicated, the decision

12   to enter into these outsourcing agreements is an important step

13   in the implementation of the debtors' transformation plan.  We

14   told the Court and we have told our stakeholders and told all

15   of our constituents publicly that we needed to transform our

16   salaried workforce to insure competitive structure aligned with

17   the prior portfolio and manufacturing footprint that needed to

18   be aligned across -- not just the United States, but globally.

19   And that one of the things we needed to do was achieve

20   reductions of our global SG&A expense in the neighborhood of

21   450 million dollars annually.  The benchmarking analysis that

22   was done in connection with the debtors' IT services indicated

23   that the debtors 2005 IT operating budget of some 588 million

24   dollars could be reduced by almost 256 million dollars by going

25   forward with an extensive revamping of its IT program, taking,

21

1    really three transformation actions.  The first would be to

2    outsource some IT services, second, reduce the number and type

3    of unique non-common systems and move to common platforms and

4    third, to run a streamlined IT shared service organization

5    across the company's businesses globally.

6         This motion before Your Honor, really represents the

7    first phase of the planned outsourcing, which is the

8    outsourcing of the global infrastructure services, which

9    includes desktop service desk and mainframe systems hosting.

10   The other two phases, which we'll be dealing with next year,

11   primarily, involve the outsourcing of systems development,

12   maintenance and support and outsourcing of network services.

13   And those are yet to come.

14        Your Honor, we have detailed the general aspects of

15   the agreement in the motion that we have filed and, unless Your

16   Honor wants us to go through this in great detail, we would

17   rely on the papers that we filed.  We do have Mr. McCabe here,

18   who is the Director of Strategic Sourcing at Delphi Corporation

19   who would be available to testify and to whom -- for whom I can

20   offer proffer if Your Honor wants any testimony in connection

21   with this agreement.  But otherwise it is uncontested.

22        THE COURT:  Okay.  Does anyone else have anything to

23   say on this motion?  All right, I reviewed the motion and it

24   sets forth clear business rationale for the expense, which is

25   significant, but the savings are even more significant -- or

22

1   the projected savings.  So, clearly the debtors have met their

2   burden under Section 363(b) and therefore, I'll approve it.

3          MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

4   next matter on the agenda is matter number 37, this is the

5   Battelle Memorial Institute Motion for a Turnover of Funds,

6   Docket Number 5239 and this involves reimbursements for a joint

7   project that had come with the reimbursements that had come

8   from the government -- specifically through the Department of

9   Energy.  And, there was an agreement that approximately 187,000

10  dollars really was part of this fund and not part of the

11  property of the estate.  There have been no objections to this

12  and our understanding is that, under the case management

13  orders, Battelle's counsel contacted chambers -- they're not

14  preset today and under the Case Management Order had submitted

15  an order in which we have concurred in that would grant the

16  motion to that extent.

17         THE COURT:  Okay.  Well, it's an agreed resolution.

18  It wasn't entirely clear to me that it wouldn't be property of

19  the estate, but as far as the turnover is concerned and the

20  fact that this was a joint arrangement, certainly justifies the

21  relief.  So that's the basis on which I'm granting it.

22         MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

23  next matter on the agenda, Matter Number 38 is the Debtors'

24  First Omnibus Objection to Claims, filed at docket number 5151.

25  Your Honor, if I may, as an introduction to this motion, just a

23

1    few words about the claims management in this case.  If that's

2    okay with the Court I'd like to give a brief summary.

3              THE COURT:  Yeah, that's fine.

4              MR. BUTLER:  Your Honor, the debtors bar date for

5    general unsecured claims ran on July 31st at 6 PM local time.

6    It said 5 PM eastern standard time, obviously we're in the

7    summer -- the equivalent of that would have been 6 PM local

8    time in terms of prevailing time on July 31st.

9              The debtors have received some 16,333 claims.  This

10   is some of which match amounts on the debtors' schedules and

11   statements of affairs, many of which obviously do not.  And in

12   a partially liquidated amount, something in excess of thirty-

13   six billion dollars.  And, I say partially liquidated because

14   there are thousands of claims that have been filed that are

15   completely unliquidated and the debtors are involved in

16   examining those claims in some detail.  Without --

17              (Interruption and discussion off the record.)

18              MR. BUTLER:  All right, Your Honor.  Back to where I

19   was --

20              THE COURT:  Thirty-six billion, or something like

21   that.

22              MR. BUTLER:  Talking about the claims.

23              THE COURT:  Yeah.

24              MR. BUTLER:  One element of -- and without going,

25   Your Honor publicly into any detail regarding the framework

24

1    discussions that are ongoing between the company and its

2    principal stakeholders, one element in every formulation of a

3    plan here, there is a common element -- is a requirement that

4    we understand these claims and that we are able to administer

5    the claims process in such a way so that there is a high degree

6    of confidence among the key stakeholders; that there is a

7    universe of amounts owed for unsecured claims in a range that

8    is being discussed by the stakeholders.  That is to say we have

9    funded debt of a couple of billion dollars in this case, we

10    have trade tables of another seven hundred million or so that

11    have not yet been paid.  And then the question is, what are all

12    other general unsecured claims?  And there has been a lot of

13    discussion among stakeholders in trying to put together a

14    consensual framework and understanding the framework.  However

15    the construction finally concludes on almost every permutation

16    of that construction there's only room for a certain amount of

17    claims above that based on the diligence parties have done to

18    date.  That number is not thirty-six billion.  Without going

19    into what the number is, it is materially less than that, if

20    not a fraction of that.  And therefore we have a challenge as

21    debtors-in-possession of engaging ourselves in an expedited

22    claims administration process over the next number of months.

23    As it is, it continues to be the debtors' plan and goal to

24    merge during the first half of 2007.  That means at the time we

25    arrive at various hearings during the first half of 2007, such

25

1    as a disclosure statement hearing and a confirmation hearing

2    ultimately trying to go effective on a plan, that there are

3    going to be checkpoints along the way and ultimately there's

4    likely to be some contractual undertaking by the debtors about

5    how the claims framework fits into the overall framework.

6         So, for that reason, one of the things Your Honor can

7    expect is that we will be moving very expeditiously on claims'

8    administration and there will be claims matters on an omnibus

9    level up at every omnibus hearing going forward.  In addition,

10   we are in the process of consulting with chambers about getting

11   a separate track of hearings for claims only and at least our

12   proposal to the Court is that we would bring -- at omnibus

13   hearings we would bring on matters such as procedures and

14   approaches on how we would address different issues.  We would

15   bring on the omnibus claims to the extent that we have been

16   able to resolve them, but we would not propose to have extended

17   evidentiary hearings on claims at an omnibus hearing but rather

18   on the claims track that we're setting -- that we propose to

19   establish with the Court.

20        THE COURT:  Which I think is every two weeks?  Is

21   that right?

22        MR. BUTLER:  It's sort of like every two weeks,

23   beginning in December, with one of them being around the date

24   of the -- you know, one date being contiguous with an omnibus

25   hearing date if it works out in the Court's calendar and then,

26

1    you know, two weeks later.

2         THE COURT:  Okay.

3         MR. BUTLER:  So that we can move through these.  And

4    I think it's going to take -- we appreciate and we understand

5    that it's going to take a fair amount of resources from the

6    Court but that process is one that is, I think, clearly

7    necessary for the framework that's being negotiated.

8         So, with that in mind, this is the first of those

9    objections and in some respects, as is always the case in

10   claims administration, the first tends to be the easiest

11   because we're in the realm of procedural objections at the

12   moment.  We intend to file a Second and Third Omnibus Objection

13   for the November Hearing, one of which will be procedural and

14   one which will be objections on the merits to a universe of

15   claims that we are currently working to reconcile.

16        With respect to what's before the Court today, at

17   docket number 5151, we have objected to two categories of

18   proofs-of-claim in this particular objection.  The first

19   general universe are claims that are duplicative of another

20   proof-of-claim or subsequently amended or superseded by a later

21   proof-of-claim or claims that were filed as claims but, upon

22   examination, appear to the debtors to be filed solely on

23   account of ownership of Delphi Corporation Common Stock.  About

24   500 claims here totaling about 1.7 billion dollars -- to the

25   extent that they were liquidated -- appear duplicative of other

27

1    proofs-of-claims to the debtors and 3,000 claims appear to be

2    filed solely on account of Delphi Corporation Common Stock.

3         We have gone through the required service process in

4    connection with serving these claims and notices and we have,

5    as of October 18th, received ten formal responses to the

6    matters here.  Six responses were filed by holders of duplicate

7    or amended claims and four were filed by Delphi equity holders

8    and I'll briefly summarize those.

9         The first objection was a response by Terry Mocny, M-

10   O-C-N-Y at docket number 5205 and based on that response and

11   our review with him, his proof-of-claim has been removed from

12   the proposed Exhibit B to the order.

13        THE COURT:  He was the one that said it might be

14   based on fraud as well as just his equity?

15        MR. BUTLER:  Yes, yes.

16        THE COURT:  Okay.

17        MR. BUTLER:  And so, that objection -- docket number

18   5205 has been resolved by removing him from this objection.

19        The second was the response of Bank of America at

20   docket number 5247 and that has been resolved by revising the

21   order to deal with surviving expunged claims by agreeing that

22   the Bank of America claims number 11317 and 11470 would be

23   retained and claims 13769 and 13770 would be expunged.

24        The third objection was from the Ohio Department of

25   Taxation in which they agreed that claim number 1516 should be

28

1    expunged.  That was at docket number 5261 and so that has been

2    resolved.

3            The fourth objection was from Andrew Ladika, L-A-D-I-

4    K-A at docket number 5266 in which the proof-of-claim -- it was

5    simply acknowledged was to protect his shareholder interest and

6    to protect equity interests.  We have responded to him, there

7    has been nothing further and we believe there is no further

8    action required to resolve that objection.  It was a protective

9    filing of a half of a proof of interest.

10           Item number 5 was NuTech's Limited Response at docket

11   number 5287 in which they agreed that proof-of-claim number 871

12   was duplicated by claim number 1279, and they have no objection

13   to 871 being expunged.  Therefore, no further action is

14   necessary and that's resolved and there is no change to the

15   order.

16           Matter number 6, or objection number 6 was the

17   objection of Cadence Innovation, LLC at docket number 5294 in

18   which we again agreed with them as to which claim should be

19   surviving and which should be expunged.  And there's an

20   agreement on that and so those matters have been resolved by

21   reversing the claims on Exhibit A and Exhibit B.

22           Number 7 is the response of Brazeway Inc. at docket

23   number 5297 in which it asserted that it filed its proof-of-

24   claim on a provisional basis only and that the proper surviving

25   claim should be that of JP Morgan Chase at claim number 14052.

29

1    That's reflected in our objection in that respect and so I

2    don't think that there's anything that's required more with

3    respect to that matter.

4           Objection number 8 is the response of Alice J. Banus

5    as trustee of the Alice J. Banus Trust, that's spelled B-A-N-U-

6    S at docket number 5301 and similarly, this was again, a proof-

7    of-interest and the papers indicate that there was no claim in

8    her response -- the trustee's response, no claim being asserted

9    there and therefore, we've communicated with them and we

10   believe we've addressed the respondent's concerns and no

11   modification of the order is required.

12          The ninth objection is from Rick L. Sizemore at

13   docket number 5302 in which he asserted that his claim should

14   be allowed -- allow a priority claim in the amount of 211,000

15   dollars because his claim was not for common stock, it was for

16   a mutual fund owned and operated by Delphi.  We have, again,

17   communicated with him and we believe it's actually -- the claim

18   was on behalf of a stock interest -- we don't believe there is

19   any further action required with respect to that amount, after

20   communicating with Mr. Sizemore.

21          And finally there was  -- Umicore Autocat Canada Corp

22   filed an objection at docket number 5303 in which it indicated

23   it intended to have certain claims on record that, as we went

24   through them, but did not appear to have any objection, at the

25   end of the day to the claims we were seeking to expunge on the

1    record today.  And so, we don't think any further action is

2    necessary with respect to that.

3          So, Your Honor we believe we have resolved any of the

4    objections.  With respect to this, no other objections have

5    been received and we would ask the Court to grant the relief

6    requested.

7          THE COURT:  Okay.  Does anyone have anything to say

8    on the Debtors' First Omnibus Claim Objection, including any

9    potential people who responded?  All right.  I'll grant the

10   Omnibus Objection as modified.  It should be clear -- you don't

11   need to put this in the order -- that no equity interests are

12   affected by the relief that the debtors sought and that the

13   debtors are preserving any objections to claims in respect of

14   the remaining claims where they were duplicate claims, which

15   again, I think the order is clear about.  So, I'll grant the

16   relief as modified.

17         MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

18   next matter on the agenda is an Ex Parte Motion to File a

19   Supplemental Objection under Seal.  It's the Equity Committee's

20   Motion at docket number 5229.

21         MS. STEINGART:  Good morning, Your Honor.

22         THE COURT:  Good morning.

23         MS. STEINGART:  Bonnie Steingart from Fried, Frank on

24   behalf of the Equity Committee.  We have, as a committee, filed

25   a motion to file under seal -- a supplement to our objection

31

1    that we filed in a timely way to the initial motion of the

2    Creditors' Committee to take control of claims that the debtor

3    had, with respect to GM.  In the initial objection we filed we

4    pointed out to the Court and to the parties that the Equity

5    Committee had not received the confidential and other

6    information that had been available to the Creditors' Committee

7    prior to our initial objection.  And we wanted to have, on

8    record, our assessment and our supplement to the initial

9    objection based on that additional information.  We believe

10   it's important for both the debtor and the committee to have

11   the supplement at this point, so that they can assess their

12   response and the motion going forward.

13            THE COURT:  Well, let me ask, don't they have it?  I

14   mean, haven't you conveyed that view to them, at least?

15            MS. STEINGART:  We have not provided them with the

16   supplement.

17            THE COURT:  But you've conveyed your views to them,

18   right?

19            MS. STEINGART:  They certainly understand what our

20   views are.

21            THE COURT:  Okay.  The only reason I didn't enter

22   this is because of my awareness that issues pertaining to that

23   litigation had been adjourned as part of the framework

24   discussions and consequently, it seemed to me that there was no

25   urgency to take the step of actually filing anything at this

32

1    point and that the parties could obviously share their views,

2    and I expected that they would but that if and when that

3    particular litigation became an active -- or looked like it

4    would become an active part of the docket again, then I'd

5    consider the request.  So, unless I'm missing something --

6    unless it is likely to be heard in the relatively near future

7    then, it just seems to me to be an unnecessary step.  And,

8    although the clerk's office does a great job with things that

9    are under seal -- and I've never known of anything that was

10   filed under seal somehow getting out -- it just seemed to me to

11   be an unnecessary risk, given the parties' good faith effort to

12   try to resolve these matters.

13           MR. ROSENBERG:  Your Honor, if I may respond to your

14   sort of question about continuing that litigation -- there is

15   no present intent to do anything other than to adjourn it from

16   month to month.  If and when the ongoing discussions break

17   down -- which I sincerely hope they will not -- presumably it

18   will go back on the calendar with more than adequate notice to

19   all parties to file whatever they would like.  But in the

20   meantime I see no prospect of it going forward in the next

21   month or two or three.  And if it does it will be, again, on

22   more than adequate notice.

23           THE COURT:  Okay.  If it's to educate me, I can tell

24   you, I looked at the original papers but a lot's happened since

25   then and I would have to go back and read everything anyway, so

33

1    I just don't think at this point it's advisable.

2            MS. STEINGART:  Well, Your Honor, it's in part to

3    educate you but it's also, in part, for the parties to

4    understand what our analysis and our position is with respect

5    to the Creditors' Committee Motion.  There's no --

6            THE COURT:  I don't have a problem with you giving a

7    copy -- if it's prepared -- of having you give a copy to Mr.

8    Rosenberg and to Mr. Butler.  I mean, I'm assuming you've

9    already talked about those issues already.  If there are,

10   however -- although I don't think there should be -- if there

11   are issues about potential waivers of privilege or joint

12   defense agreements then you all ought to work those out.  But I

13   don't think there are.  I think you're all mindful of those

14   issues.  All I wanted to avoid was an unnecessary filing where

15   there would be some risk, although it's, I think, small that

16   something that's filed under seal and sensitive -- and

17   particularly sensitive in the context of parties' efforts to

18   try to resolve these issues getting out.

19           MS. STEINGART:  Well, part of our difficulty in that,

20   Your Honor, is that there is really no requirement that there

21   be notice prior to the last day of the return date.

22           THE COURT:  Oh, there will be -- I mean, there has to

23   be -- I mean, I'm not going to do this on the fly, I'll read

24   the papers carefully so -- I mean --

25           MS. STEINGART:  All right -- there's nothing in the

34

1   Rules or there's nothing in the procedures --

2          THE COURT:  Well, you just heard Mr. Rosenberg, he's

3   committing to that and I would adjourn it.  I mean, if it was a

4   surprise, I would adjourn it --

5          MR. ROSENBERG:  With due respect, Your Honor --

6          THE COURT: -- it's too important an issue to have

7   sort of sneak up on the parties.

8          MR. ROSENBERG:  Yeah.  And it is in the Rules, Your

9   Honor.  We have a Case Management Order that says when

10  responses are due before a hearing.  There will be adequate

11  notice if the hearing is going to go forward.

12         THE COURT:  All right.  And the two-year period is

13  way off, so we're not up against a deadline that would

14  arguably, require shortening notice.  So, I'm telling you

15  now -- and that's why I was happy to put this on the agenda so

16  that everything would be up front and open.  This is not going

17  to get rushed.

18         MS. STEINGART:  All right.  Well, my concern is that

19  we have sufficient notice if --

20         THE COURT:  You will.

21         MS. STEINGART:  -- it's on for the November 30

22  omnibus date, Your Honor and the last day, for example, if we

23  suppose together for filing objections or supplemental

24  objections is November 20, I would ask the Creditors' Committee

25  to make a representation here to this Court when they would

35

1   notify us whether, indeed, they had made a determination --

2   just so that we are not at a point where we have twenty-four

3   hours to file and provide this to the relevant parties.

4          THE COURT:  Okay, all right.  Well I don't -- I'm

5   just telling you, I will need more time than that, so -- and

6   it's already prepared, right?  It's not like --

7          MS. STEINGART:  It's already prepared, Your Honor,

8   yes.

9          THE COURT:  Okay.  And to be frank, this would be a

10  significant development and probably a negative development in

11  the case, so I would probably even have a conference with the

12  parties before we tee this up again, so -- while I understand,

13  I guess the concern -- I'm telling you it's not a concern.

14         MS. STEINGART:  Okay.  Thank you very much, Your

15  Honor.

16         THE COURT:  Okay.

17         MR. BUTLER:  Your Honor, we have one other contested

18  matter on the agenda before and we're just going to require

19  some evidence -- and, before we do that, I wonder if I might

20  just dispose of -- in case anyone else is in the courtroom, the

21  remaining two matters, which are 41 and 42 and those are the

22  both in the adversary proceedings.  Matter number 41 is in the

23  Ellen W. adversary proceeding at 06-01136 and on that matter

24  the parties have asked that those matters be adjourned to the

25  November 30th -- carried to November 30th while they continue

36

1    to talk.

2              THE COURT:  Okay.  And, that's on consent?

3              MR. BUTLER:  Yes.

4              THE COURT:  In both of those cases?

5              MR. BUTLER:  Yes.  That's matter number 41 and matter

6    number 42 is the complaint by Delphi Medical Systems Kuroda

7    Corporation against AKSYS, Ltd.  That's adversary proceeding

8    06-01677 and Togut Segal is handling that.

9              THE COURT:  Okay, the only thing I'd request is with

10   regard to the Ellen W. matter, since it's a motion for summary

11   judgment if -- and you did it this time too, I'm not

12   complaining -- just, make sure that my chambers is notified as

13   to whether it is going forward or not, you know, roughly a week

14   beforehand so I can prepare on it for the November 30th

15   calendar.

16             MR. McGRATH:  Good morning, Your Honor.  Sean McGrath

17   of Togut, Segal & Segal for the debtors.  This is the Second

18   Pretrial Conference in this adversary proceeding.

19             THE COURT:  This is the AKSYS?

20             MR. McGRATH:  Yes, Your Honor.

21             THE COURT:  Right.

22             MR. McGRATH:  The debtors filed a complaint on August

23   1st, 2006, for four million dollars for goods sold and

24   delivered.  The defendant then invoked the mandatory

25   arbitration provision in the contract which could be invoked

37

1    either before or after the commencement of litigation.  At that

2    time we had hoped to enter into settlement negotiations, but

3    those negotiations have thus far proved fruitless and with Your

4    Honor's approval we intend to move forward with the

5    arbitration.

6            THE COURT:  Okay.

7            MR. McGRATH:  To that extent, we have submitted a

8    stipulation to Your Honor and proposed order which would permit

9    us to go forward.

10           THE COURT:  Okay.  With the arbitration?

11           MR. McGRATH:  Sorry?

12           THE COURT:  With the arbitration?

13           MR. McGRATH:  With the arbitration.

14           THE COURT:  All right.

15           MR. McGRATH:  And we intend to exchange a witness

16   list in the near future pending Your Honor's approval.

17           THE COURT:  That's fine.

18           MR. McGRATH:  The only housekeeping matter we have,

19   Your Honor, is whether Your Honor wants to keep this on the

20   agenda for monthly reports or take it off the agenda --

21           THE COURT:  I think you should take it off.  I mean,

22   it's really going to be dealt with through the arbitration.  I

23   mean, the stay is being lifted only to permit the arbitration,

24   not to permit any sort of enforcement, so --

25           MR. McGRATH:  Yes, Your Honor.

38

1          THE COURT:  Okay.

2          MR. McGRATH:  Thank you, Your Honor.

3          THE COURT:  Okay.

4          MR. BUTLER:  Your Honor, before we proceed with

5    Matter Number 40, we'd like to just take a five minute recess

6    so we can consult with the parties to make sure we've got the

7    evidence teed up so it's prepared.

8          THE COURT:  Well, before you -- I read this motion

9    and the committees' objection and the debtors' response and I

10   had a suggestion which I'll throw out to you and maybe you all

11   can discuss that too.  This is the matter where, for basically

12   nine or ten days after the bar date the claims that came in,

13   including perhaps, on the morning of the day within the bar

14   date were lumped together so that it's not clear, I guess, from

15   an examination on the face of the claims, except for the four

16   that the response mentioned, that these were late or not.

17          Have you considered a process whereby the claims

18   agent would send a notice to each of the parties covered by

19   this matter saying that the Court has directed the debtors to

20   seek an affidavit from each claimant stating whether the claim

21   was mailed or otherwise delivered either on the bar date, or if

22   it's a mailing, put in the mail three days before the bar date.

23   And, I wouldn't even really have a problem with a form

24   affidavit being included in the notice and saying that if you

25   cannot complete the affidavit under penalty of perjury that the

VERITEXT/NEW YORK REPORTING COMPANY

212-267-6868                                          516-608-2400

39

```
 1    Court's authorized the pursuit of the objection to the claim.

 2              MR. BUTLER:  Your Honor, we're happy to pursue that

 3    procedure.

 4              THE COURT:  I mean, it seems to me that that's what

 5    they would do if you did object, and given the fact that some

 6    of the problem or, perhaps all of the problem was created by

 7    the claims agent -- rather than putting the whole ministerial

 8    burden on the claimant, you would at least be sending them the

 9    form and the explanation.

10              MR. BUTLER:  We would be happy to pursue that.  Your

11    Honor, we brought this only because of the anomaly in the

12    context of, you know, sixteen thousand claims and thirty-six

13    billion in partially liquidated claims, there was an anomaly of

14    several hundred claims being stamped for the first time on

15    August 9th, when we investigated we --

16              THE COURT:  But it's not a small number either, I

17    mean, it's --

18              MR. BUTLER:  No, it's not.

19              THE COURT:  -- twenty-some million dollars.  I mean, I

20    assume that people, when they sign affidavits, know that

21    they're signing them under penalty of perjury and it's the same

22    thing that they would be doing if, in fact, they were put to

23    the test anyway.  So --

24              MR. ROSENBERG:  Your Honor, I would generally be very

25    much in favor of that kind of a procedure with a couple of very
```

40

1    serious caveats which is that the evidence is not consistent

2    with the motion in some respects.  Some of these claims were

3    sent by Federal Express and therefore don't have the date

4    issues.

5              THE COURT:  Oh, well, that's fair and I should have

6    said that.  I would expect that the debtors should look at

7    these claims on a claim-by-claim basis and if there's a

8    separate rationale for concluding that a claim really did come

9    in late --

10             MR. ROSENBERG:  Yes.

11             THE COURT:  -- you know, for example if it's dated on

12   a certain date or if it came in by a method where you can trace

13   where it's going then this wouldn't apply.  This would only

14   apply to those where, you know, they're truly lumped together

15   and you can't really tell whether it was received on the

16   morning of the 31st or on the 31st or the next day or the

17   following days.

18             MR. ROSENBERG:  Yeah, that would be fine, Your Honor.

19   Again if I may, contrary to the statements in the motion as we

20   were going to show the Court, a number of these are, in fact,

21   date-stamped:  August 2nd, August 3rd, August 4th --

22             THE COURT:  Okay.

23             MR. ROSENBERG:  -- there's no conceivable reason why

24   these would --

25             THE COURT:  Well, this would only apply to those

41

1    that, you know, clearly were -- well let me say it differently.

2    The mechanism I'm proposing would not apply to claims where

3    there is some other objective evidence that they came in after

4    the bar date.

5            MR. BUTLER:  Your Honor, from our perspective, we

6    have examined these and we've continued to refine things in our

7    reply and response.  We believe that this -- and we're happy to

8    review this with the Creditors' Committee -- we believe that

9    this does represent the appropriate universe -- but we're happy

10   to go the extra step and go back and have everybody, you know,

11   and procure an affidavit from people.

12           THE COURT:  Okay.

13           MR. ROSENBERG:  With respect to those where it's not

14   clear on the face.

15           THE COURT:  Right.  I think otherwise, if there's an

16   objective basis for concluding affirmatively that this came in

17   late then, you know, they're going to have to fall into some

18   sort of omnibus objection --

19           MR. ROSENBERG:  Right.

20           THE COURT:  -- as opposed to this procedure.

21           MR. ROSENBERG:  I would suggest this said, Your

22   Honor, if I may, I am happy to follow that procedure.  We will

23   go through the claims one by one and agree where the affidavit

24   that Your Honor suggests is appropriate and where it's not.

25   And, if we can not agree on where it's not, we can come back to

42

1   the Court at the next Omnibus Hearing, there's obviously no

2   rush here.

3           THE COURT:  Okay.  All right.  So, I'll adjourn this

4   to the next Omnibus Hearing but hopefully there wont' be any

5   claims that are covered then, at that point.

6           MR. BUTLER:  That's fine, Your Honor.  Thank you very

7   much for the suggestion.

8           THE COURT:  Okay.

9           MR. BUTLER:  Your Honor, that would conclude the

10  matters then, up before this Omnibus Hearing.

11          THE COURT:  Okay.

12          MR. BUTLER:  And we'll be back at 2 o'clock -- some

13  of us -- for a Chambers Conference.

14          THE COURT:  All right.  And that is just a Chambers

15  Conference?

16          MR. BUTER:  That is correct.  It's off the record.

17          THE COURT:  It won't be on the record?  Okay.  Thank

18  you.

19          MR. BUTLER:  Thank you, Your Honor.

20          MR. ROSENBERG:  Thank you, Your Honor.

21          (Time noted: 10:44 AM)

22

23

24

25

43

1

2                          I N D E X

3

4                       R U L I N G S

5

6                                    Page      Line

7    Motion to approve          22        2

8    EDS and Hewlett Packard

9    Contracts granted.

10

11   Battelle Memorial          22        21

12   Institute Motion for

13   Turnover of Funds

14   approved as agreed.

15

16   Debtors' First Omnibus     30        10

17   Claim Objections

18   granted as modified.

19

20

21

22

23

24

25

44

C E R T I F I C A T I O N

I Rebecca Kahn, court-approved transcriber, certify that the

foregoing is a correct transcript from the official electronic

sound recording of the proceedings in the above-entitled

matter.

Rebecca Kahn                    October 20, 2006

Signature of Transcriber                    Date


REBECCA KAHN

**A**

**able** 24:4 25:16
**above-entitled** 44:6
**acceptable** 17:14
**accomplish** 19:4
**account** 26:23 27:2
**Accountant** 8:2,12
  9:16
**achieve** 20:19
**acknowledged** 28:5
**action** 28:8,13 29:19
  30:1
**actions** 21:1
**active** 32:3,4
**actual** 7:17 19:17
**ADAM** 14:13
**adding** 16:9
**addition** 25:9
**additional** 31:9
**address** 16:23 25:14
**addressed** 29:10
**adequate** 32:18,22
  34:10
**adjourn** 16:19 32:15
  34:3,4 42:3
**adjourned** 17:7,12
  31:23 35:24
**adjournments** 17:20
  17:22
**administer** 24:4
**administration**
  24:22 25:8 26:10
**adversary** 11:14
  35:22,23 36:7,18
**advisable** 33:1
**Advisor** 4:6 5:9
**advisors** 9:16 19:21
  19:24
**affairs** 23:11
**affidavit** 38:20,24
  38:25 41:11,23
**affidavits** 39:20
**affiliated** 16:5
**affirmatively** 41:16
**agenda** 2:2 16:8,8
  16:14,17 17:2,2,24

18:12,22 22:4,23
  30:18 34:15 35:18
  37:20,20
**agendas** 16:9
**agent** 38:18 39:7
**agree** 41:23,25
**agreed** 16:19 17:14
  18:8,22 22:17
  27:25 28:11,18
  43:14
**agreeing** 27:21
**agreement** 18:3 19:8
  19:11,19 21:15,21
  22:9 28:20
**agreements** 19:7,22
  20:12 33:12
**AKSYS** 11:18 36:7
  36:19
**al** 1:8 16:4
**alerting** 17:20
**Alice** 10:16 29:4,5
**aligned** 20:16,18
**alleged** 18:1
**Allen** 2:10
**allow** 29:14
**Allowance** 4:13 5:7
  7:15 9:8
**allowed** 29:14
**ALSTON** 14:15
**amended** 7:23 8:2
  9:14 16:8,14,17
  26:20 27:7
**America** 10:10
  27:19,22
**Americas** 8:7 14:3
  15:3
**amount** 18:5 23:12
  24:16 26:5 29:14
  29:19
**amounts** 23:10 24:7
**analysis** 20:3,9,21
  33:4
**Andrew** 10:12 28:3
**Anker** 3:6
**announcement** 19:2
  19:3

**annually** 20:21
**Annuities** 9:22
  18:12
**anomaly** 39:11,13
**anyway** 32:25 39:23
**Appaloosa** 14:2
**appear** 26:22,25
  27:1 29:24
**applicants** 17:11
**Application** 2:7,12
  2:18 3:1,8,13,14
  3:19,22 4:1,5,12
  4:21 5:1,6,14,14
  5:20 6:1,7,12,19
  7:1,6,13,14,24 8:1
  8:6,11,16,21 9:1,6
  9:14,14 17:16
**applications** 17:3,6
  17:8,11
**apply** 40:13,14,25
  41:2
**appreciate** 26:4
**approaches** 25:14
**appropriate** 16:23
  41:9,24
**approval** 19:6 37:4
  37:16
**approve** 22:2 43:7
**approved** 17:5
  43:14
**approximately** 22:9
**arbitration** 36:25
  37:5,10,12,13,22
  37:23
**arguably** 34:14
**Arps** 9:6 12:3,10
**arrangement** 22:20
**arrearages** 18:1
**arrive** 24:25
**asked** 17:12 35:24
**aspects** 21:14
**asserted** 28:23 29:8
  29:13
**assess** 31:11
**assessment** 31:8
**assume** 39:20

**assuming** 33:8
**assumption** 18:14
**Attorney** 4:17 5:2
  6:9 7:19 9:10
**Attorneys** 2:13,16
  12:4,11,18 13:2,9
  13:16 14:2,9,16
**Aty** 3:23 6:3
**Audit** 3:2
**August** 36:22 39:15
  40:21,21,21
**authorized** 39:1
**Authorizing** 5:16
  11:3
**Autocat** 10:18 29:21
**available** 21:19 31:6
**Avenue** 12:19 13:17
  14:3,17 15:3
**avoid** 33:14
**aware** 16:20
**awareness** 31:22

**B**

**b** 1:20 6:10 10:10
  27:12 28:21
**back** 16:18 19:1
  23:18 32:18,25
  41:10,25 42:12
**BAER** 12:24
**balance** 18:5
**Bank** 10:10 27:19,22
**Bankr** 11:10
**Bankruptcy** 1:2,13
  1:22 5:15
**Banner** 5:16 7:7,9
**Banus** 10:16 29:4,5
**bar** 23:4 38:12,13,21
  38:22 41:4
**based** 24:17 27:10
  27:14 31:9
**basically** 38:11
**basis** 18:18 22:21
  28:24 40:7 41:16
**Battelle** 10:4 22:5
  43:11
**Battelle's** 22:13

**BAUMSTEIN** 14:6
**beginning** 16:18
  25:23
**behalf** 2:3 4:2 5:18
  7:25 8:22 11:6,11
  16:4 29:18 30:24
**believe** 18:4,6 28:7
  29:10,17,18 30:3
  31:9 41:7,8
**benchmarking**
  20:21
**BENSON** 14:8
**billion** 23:13,20 24:9
  24:18 26:24 39:13
**BIRD** 14:15
**Board** 3:2
**Bonnie** 13:13 30:23
**Bowling** 1:14
**Brazeway** 10:15
  28:22
**break** 32:16
**brief** 23:2
**briefly** 27:8
**bring** 25:12,13,15
**Broadway** 14:10
**Broude** 11:5
**brought** 39:11
**Brown** 3:9,11
**budget** 20:23
**burden** 22:2 39:8
**Burling** 8:22 9:2
**business** 9:20 17:24
  21:24
**businesses** 21:5
**BUTER** 42:16
**Butler** 2:2 5:18 9:10
  9:12 11:11 12:8
  16:3,3,13,16 17:1
  17:23 18:11,21
  20:4,11 22:3,22
  23:4,18,22,24
  25:22 26:3 27:15
  27:17 30:17 33:8
  35:17 36:3,5 38:4
  39:2,10,18 41:5
  42:6,9,12,19

**Butzel** 6:8,10
**B-A-N-U** 29:5

_____

## C

**c** 10:11 12:2 16:1
  44:2,2
**Cadence** 10:14
  14:16 28:17
**Cadwalader** 2:19
**calendar** 25:25
  32:18 36:15
**Canada** 10:18 29:21
**Cantor** 7:2,4
**carefully** 33:24
**carried** 35:25
**case** 1:4 14:1 16:19
  18:25 22:12,14
  23:1 24:9 26:9
  34:9 35:11,20
**cases** 36:4
**categories** 26:17
**CATHERINE** 14:20
**caveats** 40:1
**certain** 11:5,10
  24:16 29:23 40:12
**certainly** 20:6 22:20
  31:19
**certify** 44:4
**challenge** 34:20
**chambers** 16:11
  22:13 25:10 36:12
  42:13,14
**change** 28:14
**Chapter** 19:6
**Chartered** 3:15,17
**Chase** 28:25
**checkpoints** 25:3
**Chicago** 12:6
**claim** 11:11 27:25
  28:12,18,24,25,25
  29:7,8,13,14,15,17
  30:8 38:20 39:1
  40:8 43:17
**claimant** 38:20 39:8
**claims** 10:7 11:4,9
  22:24 23:1,5,9,14

23:16,22 24:4,5,7
24:12,17,22 25:5,7
25:8,11,15,17,18
26:10,15,19,21,21
26:24 27:1,4,7,21
27:22,23 28:21
29:23,25 30:13,14
30:14 31:2 38:12
38:15,17 39:7,12
39:13,14 40:2,7
41:2,23 42:5
**claim-by-claim** 40:7
**clear** 21:24 22:18
  30:10,15 38:14
  41:14
**clearly** 20:6 22:1
  26:6 41:1
**clerk's** 32:8
**Colburn** 7:2,4
**colleagues** 16:4
**combined** 17:8
**come** 21:13 22:7,7
  40:8 41:25
**Comm** 3:23 6:3
**commencement**
  37:1
**committee** 3:2 4:7
  11:2,6 12:18 13:9
  14:9 16:11 17:7,9
  17:12,17 19:10,20
  19:21,25 20:5,8,8
  30:24,24 31:2,5,6
  31:10 33:5 34:24
  41:8
**committees** 17:13
  38:9
**Committee's** 30:19
**committing** 34:3
**common** 21:3 24:3
  26:23 27:2 29:15
**commonly** 19:8
**communicated** 29:9
  29:17
**communicating**
  29:20
**company** 16:20

17:14 19:4,11,24
24:1
**company's** 18:23
  21:5
**Compel** 9:20 17:25
**Compensation** 2:7
  2:12,18 3:1,8,13
  3:22 4:5,12,14,21
  5:1,6,7,20 6:1,7,12
  6:19 7:1,6,13,16
  7:24 8:1,6,11,16
  9:1,8,15
**competitive** 19:5
  20:16
**complaining** 36:12
**complaint** 11:17
  36:6,22
**complete** 38:25
**completed** 17:10
**completely** 23:15
**Computer** 9:22
  18:12
**conceivable** 40:23
**concern** 34:18 35:13
  35:13
**concerned** 22:19
**concerns** 29:10
**conclude** 42:9
**concludes** 24:15
**concluding** 40:8
  41:16
**concurred** 22:15
**conducted** 19:21
**conference** 35:11
  36:18 42:13,15
**confidence** 24:6
**confidential** 31:5
**confirmation** 25:1
**Conflicts** 4:14
**connection** 20:22
  21:20 27:4
**consensual** 24:14
**consent** 36:2
**consequently** 31:24
**consider** 17:9 32:5
**considered** 38:17

| | | | |
|---|---|---|---|
| **consistent** 40:1 | 16:15,25 17:14,15 | **days** 38:12,22 40:17 | 35:10,10 |
| **constituents** 20:15 | 18:9,10,18,20 20:2 | **deadline** 34:13 | **Dickinson** 8:17,19 |
| **construction** 24:15 | 20:10,14 21:22 | **deal** 27:21 | **difference** 16:9 |
| 24:16 | 22:17 23:2,3,20,23 | **dealing** 21:10 | **different** 25:14 |
| **consult** 38:6 | 25:12,19,20 26:2,6 | **deals** 19:1,2 | **differently** 41:1 |
| **consulting** 4:8 5:8 | 26:16 27:13,16 | **dealt** 37:22 | **difficulty** 33:19 |
| 5:10,12 16:11 | 30:5,7,22 31:4,13 | **debt** 24:9 | **diligence** 19:22 |
| 25:10 | 31:17,21 32:23 | **debtor** 1:10 12:4,11 | 24:17 |
| **contacted** 22:13 | 33:6,22 34:2,6,12 | 13:2 31:2,10 | **directed** 38:19 |
| **contested** 35:17 | 34:20,25 35:4,9,16 | **debtors** 4:15 5:9,17 | **Director** 21:18 |
| **context** 16:24 33:17 | 36:2,4,9,19,21 | 7:15 9:16 10:7 | **Directors** 3:3 |
| 39:12 | 37:6,10,12,14,17 | 11:3,5 16:5,5,22 | **disclosure** 25:1 |
| **contiguous** 25:24 | 37:21 38:1,3,8,19 | 18:25 20:13,22,23 | **discuss** 38:11 |
| **continue** 18:18 | 39:4,16,19 40:5,11 | 22:1,23 23:4,9,10 | **discussed** 19:18 24:8 |
| 35:25 | 40:20,22,25 41:12 | 23:15 24:23 25:4 | **discussion** 17:10 |
| **continued** 41:6 | 41:15,20 42:1,3,8 | 26:22 27:1 30:8,12 | 23:17 24:13 |
| **continues** 24:23 | 42:11,14,17 | 30:13 36:17,22 | **discussions** 16:21,24 |
| **continuing** 17:9 | **courtroom** 35:20 | 38:9,19 40:6 43:16 | 18:17 20:7,8 24:1 |
| 18:4 32:14 | **Court's** 25:25 39:1 | **debtors-in-posses...** | 31:24 32:16 |
| **contract** 9:22 18:13 | **court-approved** | 9:7 24:21 | **dispose** 35:20 |
| 18:14 19:12,17,18 | 44:4 | **Debtor's** 4:17 5:2 | **DISTRICT** 1:3 |
| 36:25 | **covered** 38:18 42:5 | 6:8 7:19 9:10 10:1 | **docket** 2:5 9:23 10:1 |
| **Contracts** 43:9 | **Covington** 8:22 9:2 | **December** 25:23 | 10:5,7,9,10,11,12 |
| **contractual** 25:4 | **created** 39:6 | **decision** 20:11 | 10:13,14,15,16,17 |
| **contrary** 40:19 | **Credit** 9:20 17:24 | **Deeming** 11:10 | 10:18 11:7 16:19 |
| **control** 31:2 | **Creditor** 3:23 6:3 | **defaults** 18:1 | 18:13,24 19:16 |
| **conveyed** 31:14,17 | **Creditors** 4:7 11:2,6 | **defendant** 36:24 | 22:6,24 26:17 |
| **copy** 33:7,7 | 12:18 19:10,20,21 | **defense** 33:12 | 27:10,17,20 28:1,4 |
| **Corp** 10:18 15:2 | 19:25 31:2,6 33:5 | **Defenses** 11:4 | 28:10,17,22 29:6 |
| 29:21 | 34:24 41:8 | **degree** 24:5 | 29:13,22 30:20 |
| **Corporation** 1:8 2:3 | **currently** 26:15 | **delivered** 36:24 | 32:4 |
| 3:3 5:18 11:4,12 | **Cutler** 3:3 | 38:21 | **doing** 39:22 |
| 11:17 16:5 19:8 | | **Delphi** 1:8 2:3 3:3 | **dollars** 18:2,5 20:21 |
| 21:18 26:23 27:2 | **D** | 5:18 11:12,17 14:9 | 20:24,24 22:10 |
| 36:7 | **d** 3:6 8:9 10:12 16:1 | 16:2,5 21:18 26:23 | 23:13 24:9 26:24 |
| **Corporation's** 9:20 | 43:2 | 27:2,7 29:16 36:6 | 29:15 36:23 39:19 |
| 17:25 | **Data** 15:2 19:8 | **Department** 10:11 | **Dorr** 3:4 |
| **correct** 42:16 44:5 | **date** 23:4 24:18 | 22:8 27:24 | **DOUGLAS** 14:6 |
| **counsel** 2:14,19 3:2 | 25:23,24,25 33:21 | **desk** 19:14 21:9 | **DRAIN** 1:21 |
| 3:4,10,15 4:14 | 34:22 38:12,14,21 | **desktop** 21:9 | **Drive** 12:5 |
| 5:17 6:13,15 7:2,7 | 38:22 40:3,12 41:4 | **desktops** 19:13 | **due** 19:22 34:5,10 |
| 7:9,15 9:2,7 15:2 | 44:10 | **detail** 21:16 23:16 | **duplicate** 27:6 30:14 |
| 19:20 22:13 | **dated** 40:11 | 23:25 | **duplicated** 28:12 |
| **countries** 18:16 | **date-stamped** 40:21 | **detailed** 21:14 | **duplicative** 26:19,25 |
| **couple** 24:9 39:25 | **day** 29:25 33:21 | **determination** 35:1 | |
| **court** 1:2,13 16:2,12 | 34:22 38:13 40:16 | **development** 21:11 | **E** |

| | | | |
|---|---|---|---|
| **e** 1:20,20 6:13,17 7:24 8:4 10:13 12:2,2 16:1,1 43:2 44:2 | **et** 1:8 | **f** 1:20 10:14 44:2 | 42:6 |
| **easiest** 26:10 | **everybody** 41:10 | **face** 38:15 41:14 | **firms** 17:19,20 |
| **eastern** 23:6 | **evidence** 35:19 38:7 40:1 41:3 | **fact** 22:20 39:5,22 40:20 | **first** 3:8 6:19 10:7 16:16 17:2,5,16 21:1,7 22:24 24:24 24:25 26:8,10,18 27:9 30:8 39:14 43:16 |
| **EDS** 19:9,12 20:2,5 20:6 43:8 | **evidentiary** 25:17 | **fair** 26:5 40:5 | |
| **educate** 32:23 33:3 | **Ex** 11:1 16:10 30:18 | **faith** 32:11 | |
| **effective** 25:2 | **examination** 26:22 38:15 | **fall** 41:17 | |
| **effort** 32:11 | **examined** 41:6 | **far** 22:19 37:3 | **fits** 25:5 |
| **efforts** 33:17 | **examining** 23:16 | **favor** 39:25 | **five** 19:2 38:5 |
| **either** 37:1 38:21 39:16 | **example** 34:22 40:11 | **February** 3:20 4:15 5:9 7:18 | **Fleischmann** 2:8 |
| **electronic** 15:2 19:8 44:5 | **excess** 23:12 | **Fed** 11:9 | **Flom** 9:7 12:3,10 |
| | **exchange** 37:15 | **Federal** 5:15 40:3 | **fly** 33:23 |
| **element** 23:24 24:2 24:3 | **excluded** 20:7 | **fee** 2:9,14,20 3:5,10 3:15,19,24 4:9,17 4:23 5:3,11,22 6:3 6:9,14,16,21 7:3,8 7:10,19 8:3,8,13 8:18,21 9:3,11,17 17:3,5,7,8,9,11,17 | **follow** 16:14 41:22 |
| **elements** 16:18 | **executory** 9:22 18:12,14 | | **following** 40:17 |
| **Ellen** 11:14 35:23 36:10 | **Exhibit** 27:12 28:21 28:21 | | **footprint** 20:17 |
| **Emanuel** 6:15,17 7:25 8:2,4 | **Exhibits** 11:2 | | **foregoing** 44:5 |
| **Emanuel's** 7:23 | **expect** 25:7 40:6 | | **forklifts** 18:3 |
| **emergence** 16:17 19:5 | **expected** 32:2 | **fees** 18:15 | **form** 38:23 39:9 |
| **Employ** 5:14 | **expedited** 24:21 | **FENOGLIO** 14:20 | **formal** 27:5 |
| **Employment** 5:16 | **expeditiously** 25:7 | **Fifth** 13:17 | **Former** 11:5 |
| **Energy** 22:9 | **expense** 3:9 20:20 21:24 | **file** 11:1 26:12 30:18 30:25 32:19 35:3 | **formulation** 24:2 |
| **enforcement** 37:24 | **expenses** 2:9,13,15 2:20 3:5,11,16,19 3:24 4:6,9,16,18 4:23 5:3,7,11,21 5:23 6:2,4,8,10,14 6:16,22 7:3,8,10 7:17,20 8:3,8,13 8:18 9:3,9,11,17 | **filed** 2:2,9,15,21 3:5 3:11,16,24 4:2,9 4:18,23 5:3,12,18 5:23 6:4,10,16,22 7:3,10,20,24 8:4,9 8:13,18,21 9:3,11 9:18 11:5,11,11 16:7,10,18 17:3 18:13,23 19:14,17 21:15,17 22:24 23:14 26:21,22 27:2,6,7 28:23 29:22 30:24 31:1,3 32:10 33:16 36:22 | **forth** 21:24 |
| **engaging** 24:21 | | | **forward** 20:25 25:9 31:12 32:20 34:11 36:13 37:4,9 |
| **enter** 20:12 31:21 37:2 | | | **four** 12:12 27:7 36:23 38:15 |
| **entered** 19:16 | | | **fourth** 28:3 |
| **entirely** 22:18 | | | **fraction** 24:20 |
| **equipment** 18:2 | **explanation** 39:9 | | **framework** 16:21 23:25 24:14,14 25:5,5 26:7 31:23 |
| **equity** 13:9 16:10 27:7,14 28:6 30:11 30:19,24 31:4 | **Express** 40:3 | | **frank** 6:20,22 8:9 13:8 30:23 35:9 |
| | **expunge** 29:25 | | |
| | **expunged** 27:21,23 28:1,13,19 | | **FRANKEL** 15:1 |
| **equivalent** 23:7 | **extended** 25:16 | **filing** 28:9 31:25 33:14 34:23 | **frankly** 18:16 |
| **Ernst** 8:12,14 | **extensive** 20:25 | **finally** 24:15 29:21 | **fraud** 27:14 |
| **ESQ** 12:8,15,23,24 13:6,13,20 14:6,13 14:20 15:6 | **extent** 22:16 25:15 26:25 37:7 | **financial** 4:6,7 5:8 19:21,22,24 | **Fried** 6:20,22 13:8 30:23 |
| | **extra** 41:10 | | **FRIEDMAN** 14:8 |
| **establish** 25:19 | | **fine** 16:15 17:15,22 23:3 37:17 40:18 | **front** 34:16 |
| **estate** 22:11,19 | | | **fruitless** 37:3 |
| | **F** | | **FTI** 5:8,10,12 |
| | | | **fund** 22:10 29:16 |
| | | | **funded** 24:9 |

**Funds** 10:4 22:5 43:13
**further** 28:7,7,13 29:19 30:1
**future** 32:6 37:16

## G

**g** 10:15 16:1 43:4
**general** 11:4 13:16 21:14 23:5 24:12 26:19
**generally** 39:24
**George** 7:7,11
**Gerald** 6:13,16 7:24 8:4
**getting** 25:10 32:10 33:18
**give** 23:2 33:7
**given** 17:11 19:17 32:11 39:5
**giving** 33:6
**global** 19:13 20:20 21:8
**globally** 18:16 20:18 21:5
**GM** 31:3
**go** 21:16 25:2 32:18 32:25 34:11 37:9 41:10,10,23
**goal** 24:23
**going** 17:21 19:1 20:24 23:24 24:18 25:3,9 26:4,5 31:12 32:20 33:23 34:11,16 35:18 36:13 37:22 40:13 40:20 41:17
**good** 16:3 30:21,22 32:11 36:16
**goods** 36:23
**GORDON** 15:6
**GOTSHAL** 13:15
**government** 22:8
**grant** 22:15 30:5,9 30:15
**granted** 43:9,18

**granting** 22:21
**great** 21:16 32:8
**Green** 1:14
**Groom** 3:14,17,19
**Group** 3:14,17,19
**guess** 35:13 38:14

## H

**h** 10:16
**Hale** 3:4
**half** 24:24,25 28:9
**Hall** 4:22
**handling** 36:8
**happened** 32:24
**happy** 34:15 39:2,10 41:7,9,22
**Harris** 6:20,22 13:8
**Hawxhurst** 6:13,17 7:25 8:4
**heard** 32:6 34:2
**hearing** 2:2 4:1 7:23 8:21 16:6 17:6,12 25:1,1,9,17,25 26:13 34:10,11 42:1,4,10
**hearings** 24:25 25:11,13,17
**HENRY** 12:24
**Hewlett** 19:10,11 43:8
**high** 24:5
**Hogan** 16:4
**holders** 27:6,7
**HON** 1:21
**Honor** 16:3,7,16,20 17:1,5,23,23,25 18:11,21,24 19:14 20:4,11 21:6,14,16 21:20 22:3,3,22,22 22:25 23:4,18,25 25:6 30:3,17,17,21 32:13 33:2,20 34:5 34:9,22 35:7,15,17 36:16,20 37:8,19 37:19,25 38:2,4 39:2,11,24 40:18

41:5,22,24 42:6,9 42:19,20
**Honor's** 16:13 19:15 37:4,16
**hope** 17:19 32:17
**hoped** 37:2
**hopefully** 42:4
**hosting** 19:12,14 21:9
**hours** 35:3
**housekeeping** 37:18
**Howard** 2:13,13,15 2:15
**hundred** 24:10 39:14

## I

**IBJTC** 9:20 17:24
**IL** 12:6
**implementation** 20:13
**important** 20:12 31:10 34:6
**included** 38:24
**includes** 21:9
**including** 30:8 38:13
**Incurred** 3:19 5:8 7:17
**indicate** 29:7
**indicated** 20:11,22 29:22
**information** 31:6,9
**informed** 19:24
**infrastructure** 10:1 18:23 19:7 21:8
**initial** 31:1,3,7,8
**Innovation** 10:14 14:16 28:17
**Institute** 10:4 22:5 43:12
**insure** 20:16
**Intellectual** 5:17
**intend** 26:12 37:4,15
**intended** 29:23
**intent** 32:15
**interest** 28:5,9 29:18

**interests** 28:6 30:11
**Interim** 2:7,12,18 3:1,8,13,14,22 4:1 4:5,12,13,21 5:1,6 5:20 6:1,7,12,19 7:1,6,13,15,23 8:1 8:6,11,16,21 9:1,6 9:8,14
**Interruption** 23:17
**introduction** 22:25
**investigated** 39:15
**invoked** 36:24,25
**involve** 21:11
**involved** 16:21 18:17 23:15
**involves** 17:25 22:6
**involving** 16:10,22 18:14
**issue** 34:6
**issues** 25:14 31:22 33:9,11,14,18 40:4
**Item** 28:10
**Items** 17:2

## J

**j** 3:25 4:10,24 10:16 10:18 12:23 29:4,5
**Jack** 16:3
**Jacobson** 6:20,23 13:8
**Jaeckle** 2:8
**JEFFREY** 13:20
**Jessica** 4:2
**job** 32:8
**John** 2:2 5:18 9:10 9:11 11:11 12:8
**joint** 22:6,20 33:11
**Jones** 8:7
**Joseph** 2:10 8:9
**JP** 28:25
**Jr** 2:2 5:18 9:10,12 11:11 12:24
**JUDGE** 1:22
**judgment** 11:14 36:11
**July** 23:5,8

**justifies** 22:20

**K**

**Kahn** 11:25 44:4,9
  44:12
**Kamen** 3:16
**KASOWITZ** 14:8
**Kastin** 4:2
**Katherine** 3:16
**Kayalyn** 12:15 16:4
**KECP** 2:5 16:17,18
**keep** 17:21 37:19
**key** 24:6
**kind** 39:25
**know** 17:18 25:24
  26:1 36:13 39:12
  39:20 40:11,14
  41:1,10,17
**known** 19:9 32:9
**KPMG** 9:15,16,18
**KRAMER** 15:1
**Kuroda** 11:17 36:6
**K-A** 28:4

**L**

**L** 10:17 13:20 14:13
  29:12 43:4
**Ladika** 10:12 28:3
**Lang** 8:7
**LaSalle** 8:7
**late** 38:16 40:9
  41:17
**Latham** 3:23 12:17
**Law** 3:14,17,19
**Lease** 18:3
**leases** 18:2
**legal** 19:20,22
**lessor** 18:7
**level** 25:9
**LEVIN** 15:1
**lifted** 37:23
**Limited** 28:10
**Line** 43:6
**liquidated** 23:12,13
  26:25 39:13
**list** 37:16
**litigation** 31:23 32:3

32:14 37:1
**LLC** 4:8,22 10:14
  14:16 28:17
**LLP** 2:8,19 3:4,9,11
  3:23 4:2,3,13,16
  4:19 5:2,4 6:20,23
  7:2,4,14,19,21
  8:12,14,22 9:2,7
  9:15,16,18 12:3,10
  12:17 13:1,8,15
  14:1,8,15 15:1
**local** 23:5,7
**Long** 6:8,10
**look** 40:6
**looked** 32:3,24
**lot** 24:12
**lot's** 32:24
**lumped** 38:14 40:14
**L-A-D-I** 28:3
**L.L.P** 6:2,5

**M**

**M** 27:9
**mail** 38:22
**mailed** 38:21
**mailing** 38:22
**mainframe** 19:14
  21:9
**maintenance** 18:15
  21:12
**management** 22:12
  22:14 23:1 34:9
**mandatory** 36:24
**MANGES** 13:15
**manufacturing**
  20:17
**MARAFIOTI** 12:15
**March** 19:1
**Marfioti** 16:4
**Mark** 11:5
**Master** 18:3
**match** 23:10
**material** 19:3
**materially** 24:19
**materials** 20:8
**matter** 1:6 16:10,16

17:1,24 18:11,17
  18:19,22 22:4,4,23
  22:23 28:16 29:3
  30:18 35:18,22,23
  36:5,5,10 37:18
  38:5,11,19 44:7
**matters** 17:5 18:22
  19:18 25:8,13 27:6
  28:20 32:12 35:21
  35:24 42:10
**Maw** 3:9,11
**Mayer** 3:9,11
**McCabe** 21:17
**McGRATH** 13:6
  36:16,16,20,22
  37:7,11,13,15,18
  37:25 38:2
**Meagher** 9:7 12:3
  12:10
**mean** 31:14 33:8,22
  33:23,24 34:3
  37:21,23 39:4,17
  39:19
**means** 24:24
**mechanism** 41:2
**Medical** 11:17 36:6
**meetings** 19:23
**member** 19:9 20:5
**Memorial** 10:4 22:5
  43:11
**mentioned** 38:16
**merge** 24:24
**merits** 26:14
**Mesirow** 4:7
**met** 22:1
**method** 40:12
**milestone** 18:25
**million** 20:21,23,24
  24:10 36:23 39:19
**mind** 26:8
**mindful** 33:13
**ministerial** 39:7
**minute** 38:5
**missing** 32:5
**Mocny** 10:9 27:9
**modification** 29:11

**modified** 30:10,16
  43:18
**moment** 26:12
**month** 32:16,16,21
**monthly** 37:20
**months** 24:22
**Morgan** 28:25
**morning** 16:3 30:21
  30:22 36:16 38:13
  40:16
**motion** 2:5 9:20,22
  10:1,4 11:1,3,9,9
  11:14 16:10,17,18
  17:25 18:13,23
  19:6,15 20:1 21:6
  21:15,23,23 22:5
  22:16,25 30:18,20
  30:25 31:1,12 33:5
  36:10 38:8 40:2,19
  43:7,12
**motions** 18:25
**Motors** 11:4 13:16
**move** 21:3 26:3 37:4
**moving** 25:7
**Mugel** 2:8
**mutual** 29:16
**Myers** 4:2,3 5:2,4

**N**

**N** 12:2 16:1 43:2,4
  44:2
**NAFTALIS** 15:1
**nature** 19:18
**near** 32:6 37:16
**necessary** 7:17 26:7
  28:14 30:2
**need** 30:11 35:5
**needed** 20:15,17,19
**needs** 19:4
**negative** 35:10
**negotiated** 26:7
**negotiations** 37:2,3
**neighborhood** 20:20
**network** 21:12
**never** 32:9
**New** 1:3,15,15 12:13

12:21 13:4,10,11
13:18 14:4,11,18
15:4
**nine** 38:12
**ninth** 29:12
**non-common** 21:3
**noted** 42:21
**notice** 3:14 4:1 7:14
7:23 8:21 32:18,22
33:21 34:11,14,19
38:18,24
**notices** 27:4
**notified** 36:12
**notify** 35:1
**November** 16:20
17:13 18:8,19
26:13 34:21,24
35:25,25 36:14
**NOVOD** 15:6
**number** 10:13 11:7
16:19 17:24 18:11
18:13,22,24 19:16
19:23 21:2 22:4,6
22:23,24 24:18,19
24:22 26:17 27:10
27:17,20,22,25
28:1,4,10,11,11,12
28:16,16,17,22,23
28:25 29:4,6,13,22
30:20 35:22 36:5,6
38:5 39:16 40:20
**NuTech** 10:13
**NuTech's** 28:10
**NY** 12:13,21 13:4,11
13:18 14:4,11,18
15:4

**O**

**O** 1:20 16:1 44:2
**object** 19:25 39:5
**objected** 26:17
**objection** 10:7 11:1
22:24 26:12,18
27:9,17,18,24 28:3
28:8,12,16,17 29:1
29:4,12,22,24 30:8

30:10,19,25 31:3,7
31:9 38:9 39:1
41:18
**objections** 10:8
22:11 26:9,11,14
30:4,4,13 34:23,24
43:17
**objective** 41:3,16
**obviously** 17:15
20:2 23:6,11 32:1
42:1
**October** 1:17 27:5
44:9
**offer** 21:20
**office** 32:8
**Officers** 11:5
**official** 4:7 11:2,6
12:18 19:10 44:5
**of-interest** 29:7
**Oh** 33:22 40:5
**Ohio** 10:11 27:24
**okay** 16:2,15,25
17:15 18:10,20
20:10,10 21:22
22:17 23:2 26:2
27:16 30:7 31:21
32:23 35:4,9,14,16
36:2,9 37:6,10
38:1,3 40:22 41:12
42:3,8,11,17
**omnibus** 2:2 10:7
16:6 22:24 25:8,9
25:12,15,17,24
26:12 30:8,10
34:22 41:18 42:1,4
42:10 43:16
**ongoing** 24:1 32:16
**open** 34:16
**operated** 29:16
**operating** 20:23
**opposed** 41:20
**order** 5:14 11:3,9
16:14 17:4 19:4,16
22:14,15 27:12,21
28:15 29:11 30:11
30:15 34:9 37:8

**orders** 17:4 22:13
**organization** 21:4
**original** 32:24
**ought** 33:12
**outside** 18:9
**outsource** 21:2
**outsourcing** 10:1
18:23 19:12,13
20:12 21:7,8,11,12
**out-of-court** 18:18
**overall** 25:5
**owed** 24:7
**owned** 29:16
**ownership** 26:23
**o'clock** 42:12
**O'Melveny** 4:2,3 5:2
5:4
**O-C-N-Y** 27:10

**P**

**P** 11:10 12:2,2,24
13:6 14:6 16:1
**Packard** 19:11,11
43:8
**Page** 43:6
**paid** 24:11
**Panters** 7:7,11
**papers** 21:17 29:7
32:24 33:24
**Park** 14:17
**part** 20:2 22:10,10
31:23 32:4 33:2,3
33:19
**Parte** 11:1 16:10
30:18
**partially** 23:12,13
39:13
**participated** 20:8
**particular** 17:18
19:6 26:18 32:3
**particularly** 33:17
**parties** 17:13 18:3,8
18:16 24:17 31:4
32:1,11,19 33:3,17
34:7 35:3,12,24
38:6,18

**Partners** 4:22
**patent** 9:22 18:12,15
**patents** 18:16
**payment** 9:8 18:15
**payments** 18:1,6
**penalty** 38:25 39:21
**pending** 17:16 37:16
**Penn** 13:3
**people** 19:23 30:9
39:20 41:11
**period** 2:8,14,19 3:4
3:10,15,23 4:8,15
4:17,22 5:2,9,11
5:22 6:3,9,14,15
6:21 7:2,8,9,19 8:3
8:8,12,17 9:2,10
9:17 17:20 34:12
**perjury** 38:25 39:21
**permission** 16:13
19:15
**permit** 37:8,23,24
**permutation** 24:15
**perspective** 41:5
**perspectives** 18:25
**pertaining** 31:22
**phase** 21:7
**phases** 21:10
**Philip** 2:21 3:6
**Pickering** 3:3
**plan** 16:22 20:13
24:3,23 25:2
**planned** 21:7
**platforms** 21:3
**Plaza** 13:3,10
**PLLC** 8:17,19
**PM** 23:5,6,7
**point** 19:9 31:11
32:1 33:1 35:2
42:5
**pointed** 31:4
**portfolio** 20:17
**position** 33:4
**post-petition** 18:6
**potential** 30:9 33:11
**Power-Johnston**
8:22 9:4

**practice** 17:19
**prepare** 19:5 36:14
**prepared** 33:7 35:6
  35:7 38:7
**present** 32:15
**preserving** 30:13
**preset** 22:14
**presumably** 32:17
**Pretrial** 36:18
**prevailing** 23:8
**previously** 17:6
**pre-petition** 18:5
**primarily** 18:2
  19:13 21:11
**principal** 16:9 24:2
**prior** 20:17 31:7
  33:21
**priority** 29:14
**privilege** 33:11
**probably** 35:10,11
**problem** 17:18,21
  33:6 38:23 39:6,6
**procedural** 26:11,13
**procedure** 5:16 39:3
  39:25 41:20,22
**procedures** 25:13
  34:1
**proceed** 38:4
**proceeding** 11:15
  35:23 36:7,18
**proceedings** 35:22
  44:6
**process** 24:5,22
  25:10 26:6 27:3
  38:17
**procure** 41:11
**Professional** 2:7,12
  2:18 3:1,8,13,22
  4:5,8,12,21,22 5:1
  5:6,10,20,22 6:1,7
  6:12,19,21 7:1,6
  7:13,16 8:1,6,7,11
  8:16,17 9:1,15
**professionals** 17:4
**proffer** 21:20
**program** 20:25

**project** 22:7
**projected** 22:1
**prongs** 19:3
**proof** 28:9 29:6
**Proofs** 11:10
**proofs-of-claim**
  26:18
**proofs-of-claims**
  27:1
**proof-of** 28:23
**proof-of-claim**
  26:20,21 27:11
  28:4,11
**proper** 28:24
**property** 5:17 22:11
  22:18
**proposal** 25:12
**propose** 25:16,18
**proposed** 16:7,8
  27:12 37:8
**proposing** 41:2
**proprietary** 19:18
**Prosecute** 11:3
**prospect** 32:20
**protect** 28:5,6
**protection** 17:4
**protective** 28:7
**proved** 37:3
**provide** 35:3
**provided** 19:19
  31:15
**provides** 19:11
**provision** 36:25
**provisional** 28:24
**publicly** 19:15 20:15
  23:25
**pursuant** 17:4 19:16
**pursue** 39:2,10
**pursuit** 39:1
**put** 18:8 20:4 24:13
  30:11 34:15 38:22
  39:22
**putting** 39:7
**P.C** 2:13,16 6:8,10

---

**Q**

**question** 24:11
  32:14
**Quinn** 6:15,17 7:23
  7:25 8:2,4

---

**R**

**R** 1:20 11:10 12:2
  16:1 43:4 44:2
**Radom** 6:10
**ran** 23:5
**range** 24:7
**rationale** 21:24 40:8
**read** 32:25 33:23
  38:8
**really** 21:1,6 22:10
  33:20 37:22 38:23
  40:8,15
**realm** 26:11
**reason** 17:22 25:6
  31:21 40:23
**Rebecca** 11:25 44:4
  44:9,12
**received** 23:9 27:5
  30:5 31:5 40:15
**recess** 38:5
**Reclassify** 11:9
**reconcile** 26:15
**reconciliation** 18:7
**record** 19:9 20:5,5
  23:17 29:23 30:1
  31:8 42:16,17
**recording** 44:6
**recurring** 17:18
**reduce** 21:2
**reduced** 20:24
**reductions** 19:4
  20:20
**refine** 41:6
**reflect** 20:6
**reflected** 29:1
**regard** 36:10
**regarding** 23:25
**Regulatory** 3:2
**Reimbursement**
  2:13 3:9 4:6,16 5:7
  5:21 6:2,8,13 7:17

  8:2 9:9
**reimbursements**
  22:6,7
**rejection** 18:14
**relatively** 32:6
**relevant** 35:3
**relief** 20:1 22:21
  30:5,12,16
**rely** 21:17
**remaining** 30:14
  35:21
**removed** 27:11
**removing** 27:18
**Rendered** 4:14 7:16
**renewals** 18:15
**reorganization**
  16:22
**reply** 41:7
**reports** 37:20
**represent** 41:9
**representation**
  34:25
**represents** 21:6
**request** 17:7 18:1
  32:5 36:9
**requested** 20:1 30:6
**require** 34:14 35:18
**required** 27:3 28:8
  29:2,11,19
**requirement** 24:3
  33:20
**resolution** 22:17
**resolve** 18:17 25:16
  28:8 32:12 33:18
**resolved** 18:22
  27:18,20 28:2,14
  28:20 30:3
**resources** 26:5
**respect** 26:16 29:1,3
  29:19 30:2,4,13
  31:3 33:4 34:5
  41:13
**respects** 26:9 40:2
**respond** 32:13
**responded** 28:6 30:9
**respondent's** 29:10

**response** 27:9,10,19
  28:10,22 29:4,8,8
  31:12 38:9,16 41:7
**responses** 10:8 27:5
  27:6 34:10
**Restructuring** 5:8
**retained** 17:4 27:23
**Retention** 5:16
**return** 33:21
**revamping** 20:25
**reversing** 28:21
**review** 17:10 27:11
  41:8
**reviewed** 21:23
**revising** 27:20
**Rick** 10:17 29:12
**right** 16:12 21:23
  23:18 25:21 30:9
  31:18 33:25 34:12
  34:18 35:4,6 36:21
  37:14 41:15,19
  42:3,14
**risk** 32:11 33:15
**Robert** 1:21 3:25
  4:10,24 12:23
**room** 24:16
**Rosenberg** 3:25
  4:10,24 12:23 20:4
  32:13 33:8 34:2,5
  34:8 39:24 40:10
  40:18,23 41:13,19
  41:21 42:20
**Rothschild** 5:21,23
**roughly** 36:13
**Rowe** 3:9,11
**Rule** 5:15
**Rules** 34:1,8
**run** 21:4
**rush** 42:2
**rushed** 34:17

— S —

**s** 9:22 12:2 16:1
  18:12 29:6 43:4
**salaried** 20:16
**savings** 21:25 22:1

**saying** 38:19,24
**says** 34:9
**schedules** 23:10
**seal** 11:1 19:17
  30:19,25 32:9,10
  33:16
**sealed** 19:16
**Sean** 13:6 36:16
**second** 2:7,12,18 3:1
  3:13,14,19,22 4:1
  4:5,12,21 5:1,6,20
  6:1,7,12 7:1,6,13
  7:14,23 8:1,6,11
  8:16,21 9:1,6,14
  9:14 17:3,8 21:2
  26:12 27:19 36:17
**Section** 22:2
**Sections** 5:15 9:9
**see** 32:20
**seek** 38:20
**seeking** 9:8 29:25
**seeks** 18:13 19:6
**Segal** 4:13,13,16,16
  4:18,19 13:1,1
  36:8,17,17
**send** 38:18
**sending** 39:8
**sense** 17:21
**sensitive** 33:16,17
**sent** 40:3
**separate** 19:7 25:11
  40:8
**serious** 40:1
**served** 16:7
**service** 19:12,13
  21:4,9 27:3
**services** 4:14 7:16
  9:16 19:7 20:22
  21:2,8,12
**serving** 27:4
**sets** 21:24
**setting** 25:18
**settlement** 37:2
**seven** 24:10
**SG&A** 19:4 20:20
**share** 32:1

**shared** 21:4
**shareholder** 28:5
**sharing** 17:8
**Shearman** 7:14,18
  7:20
**SHIFF** 14:13
**shortening** 34:14
**show** 40:20
**Shriver** 6:20,22 13:8
**sign** 39:20
**Signature** 44:10
**significant** 21:25,25
  35:10
**signing** 39:21
**similarly** 29:6
**simply** 28:5
**sincerely** 32:17
**six** 23:13 27:6
**sixteen** 39:12
**Sizemore** 10:17
  29:12,20
**Skadden** 9:6 12:3,10
**Slate** 9:6 12:3,10
**small** 33:15 39:16
**sneak** 34:7
**sold** 36:23
**solely** 26:22 27:2
**Sorry** 37:11
**sort** 17:18 18:7,9
  25:22 32:14 34:7
  37:24 41:18
**sought** 20:7 30:12
**sound** 44:6
**Sourcing** 21:18
**SOUTHERN** 1:3
**Special** 2:14,19 3:2
  3:4,9,15 6:13,15
  7:2,7,9,15 9:2
**specifically** 16:17
  22:8
**spelled** 29:5
**Square** 12:12
**stakeholders** 16:21
  20:14 24:2,6,8,13
**stamped** 39:14
**standard** 23:6

**statement** 25:1
**statements** 23:11
  40:19
**States** 1:2 19:19
  20:18
**stating** 38:20
**statutory** 17:13
**stay** 37:23
**Steingart** 13:13
  30:21,23,23 31:15
  31:19 33:2,19,25
  34:18,21 35:7,14
**step** 20:12 31:25
  32:7 41:10
**Sterling** 7:14,18,20
**Steven** 4:22
**Stevens** 6:2,4
**stipulation** 37:8
**stock** 26:23 27:2
  29:15,18
**Strategic** 21:18
**streamlined** 21:4
**structure** 20:16
**submitted** 22:14
  37:7
**subsequently** 16:8
  26:20
**sufficient** 34:19
**suggest** 17:17 41:21
**suggestion** 38:10
  42:7
**suggests** 41:24
**Suite** 12:20
**summarize** 27:8
**summary** 11:14
  23:2 36:10
**summer** 17:6 23:7
**superseded** 26:20
**supplement** 30:25
  31:8,11,16
**supplemental** 11:1
  30:19 34:23
**support** 21:12
**suppose** 34:23
**sure** 36:12 38:6
**surprise** 34:4

**surviving** 27:21
28:19,24
**Susan** 8:22 9:4
**systems** 11:17 15:2
19:8,12,14 21:3,9
21:11 36:6

**T**

**T** 44:2,2
**tables** 24:10
**Taft** 2:19
**take** 26:4,5 31:2,25
37:20,21 38:5
**talk** 36:1
**talked** 33:9
**Talking** 23:22
**TANENBAUM**
13:20
**Tax** 9:15
**Taxation** 10:11
27:25
**tee** 35:12
**teed** 38:7
**tell** 32:23 40:15
**telling** 34:14 35:5,13
**ten** 27:5 38:12
**tends** 26:10
**terms** 23:8
**Terry** 10:9 27:9
**test** 39:23
**testify** 21:19
**testimony** 21:20
**Thank** 17:23 22:3
22:22 30:17 35:14
38:2 42:6,17,19,20
**they'd** 17:19
**thing** 17:17 36:9
39:22
**things** 20:19 25:6
32:8 41:6
**think** 25:20 26:4,6
29:2 30:1,15 33:1
33:10,13,13,15
37:21 41:15
**third** 12:19 21:4
26:12 27:24

**thirty** 23:12
**thirty-six** 23:20
24:18 39:12
**Thomas** 6:10
**thousand** 39:12
**thousands** 23:14
**three** 21:1 32:21
38:22
**throw** 38:10
**time** 23:5,6,8,8
24:24 35:5 36:11
37:2 39:14 42:21
**timely** 11:11 31:1
**Times** 12:12
**today** 22:14 26:16
30:1
**Togut** 4:13,16,18
13:1 36:8,17
**told** 20:14,14,14
**TORRES** 14:8
**totaling** 26:24
**trace** 40:12
**track** 25:11,18
**trade** 14:9 24:10
**Transaction** 9:15
**Transcribed** 11:25
**transcriber** 44:4,10
**transcript** 44:5
**transform** 20:15
**transformation** 19:2
20:13 21:1
**truly** 40:14
**Trust** 10:16 29:5
**trustee** 19:19 29:5
**trustee's** 29:8
**try** 18:8,17 32:12
33:18
**trying** 18:7 24:13
25:2
**Turning** 18:21
**turnover** 10:4 22:5
22:19 43:13
**Twelfth** 2:2 16:6
**twenty-four** 35:2
**twenty-some** 39:19
**two** 16:9 19:6 21:10

25:20,22 26:1,17
32:21 35:21
**two-year** 34:12
**type** 21:2

**U**

**U** 43:4
**ultimately** 25:2,3
**Umicore** 10:18
29:21
**uncontested** 18:21
21:21
**understand** 24:4
26:4 31:19 33:4
35:12
**understanding**
22:12 24:14
**undertaking** 25:4
**unique** 21:3
**United** 1:2 19:19
20:18
**universe** 24:7 26:14
26:19 41:9
**unliquidated** 23:15
**unnecessary** 32:7,11
33:14
**unsecured** 4:7 11:2
11:6 12:18 19:10
23:5 24:7,12
**urgency** 31:25
**Urofsky** 2:21
**U.S** 1:13,22
**U.S.C** 5:14 9:9

**V**

**v** 11:17
**various** 17:3 18:2
24:25
**view** 16:22 31:14
**views** 31:17,20 32:1
**volume** 17:11
**voluntarily** 20:6

**W**

**W** 2:10 11:14 35:23
36:10
**Wacker** 12:5

**wait** 17:12
**waivers** 33:11
**wanted** 31:7 33:14
**wants** 21:16,20
37:19
**Warner** 6:2,4
**wasn't** 22:18
**Watkins** 3:23 12:17
**way** 19:3 24:5 25:3
31:1 34:13
**week** 36:13
**weeks** 25:20,22 26:1
**WEIL** 13:15
**went** 29:23
**West** 12:5
**we'll** 21:10 42:12
**we're** 18:6 23:6
25:18 26:11 34:13
35:18 39:2 41:7,9
**we've** 18:6 19:24
29:9,10 38:6 41:6
**whatsoever** 20:7
**WHITE** 14:1
**Wickersham** 2:19
**WILLIAM** 12:8
**Wilmer** 3:3
**Witcoff** 5:17 7:7,9
**witness** 37:15
**Wm** 2:2 5:18 9:10
9:12 11:11
**wonder** 35:19
**wont** 42:4
**words** 23:1
**work** 18:4 33:12
**workforce** 20:16
**working** 26:15
**works** 25:25
**wouldn't** 22:18
38:23 40:13
**Wright** 8:17,19

**X**

**x** 1:5,12 43:2

**Y**

**Yeah** 23:3,23 34:8
40:18

**year** 21:10
**York** 1:3,15,15
 12:13,21 13:4,10
 13:11,18 14:4,11
 14:18 15:4
**Young** 8:12,14

---
**Z**

**Z** 15:6

---
**$**

**$0.00** 4:23
**$1,000,000.00** 5:23
**$1,045,443.50** 4:18
**$10,006.89** 2:15
**$10,591.75** 3:16
**$11,066.58** 8:9
**$11,310,231** 9:11
**$12,942.26** 2:20
**$13,458.94** 3:11
**$13,940.08** 4:18
**$139,356.00** 2:20
**$172,133.50** 8:18
**$182,193.75** 4:23
**$197,421.00** 2:15
**$2,255,664.00** 4:9
**$201,086.10** 6:9
**$2130.21** 6:10
**$218,959.00** 2:9
**$22,773.74** 9:3
**$226,598.36** 8:8
**$23,618.63** 6:4
**$241,278.30** 3:16
**$257,086.00** 7:3
**$299,568.00** 3:5
**$3,118,474.00** 5:3
**$3,349,072.00** 8:13
**$369,265.45** 3:24
**$41,786.66** 7:10
**$41786.66** 7:8
**$430,790.04** 9:18
**$5,188,803.50** 3:24
**$5,451.63** 6:22
**$502,652.50** 6:4
**$504,263.82** 3:10
**$53,725.11** 7:3
**$54,595.92** 2:9

**$551,937.00** 9:3
**$552.66** 7:9,10
**$59,454.96** 7:20
**$598,265.00** 6:21
**$6,136,101.55** 5:11
**$604.49** 6:15,16 8:4
**$605,524.84** 5:12
**$63,159.00** 4:9
**$65,200.96** 5:23
**$7,383,043.00** 9:17
**$74,755.00** 8:13
**$750,297.60** 7:20
**$8,174.59** 3:5
**$8,835.21** 8:18
**$825,854** 9:11
**$874,459.13** 5:3
**$9,432.00** 6:14,16
 8:3

---
**0**

**05-44481** 1:4
**06-01136** 11:15
 35:23
**06-01677** 36:8

---
**1**

**1** 2:5 3:20 4:15 5:9
 7:18
**1st** 36:23
**1.7** 26:24
**1/1/2006** 8:12
**10** 4:1 43:16
**10:04** 1:18
**10:44** 42:21
**1000** 12:20
**10004-1980** 13:11
**10016** 14:18
**10019-8799** 14:11
**10022** 12:21
**10036** 12:13 15:4
**10036-2787** 14:4
**10119** 13:4
**10153-0119** 13:18
**11** 4:5 5:14 9:9 19:6
**1107(b)** 5:15
**1111** 15:3
**11317** 27:22

**11470** 27:22
**1155** 14:3
**12** 4:12
**1279** 28:12
**13** 4:21
**13769** 27:23
**13770** 27:23
**14** 5:1
**14052** 28:25
**15** 5:6
**1516** 27:25
**16** 5:14
**16,333** 23:9
**1633** 14:10
**17** 5:20
**18** 6:1
**18th** 27:5
**187,000** 22:9
**19** 1:17 6:7

---
**2**

**2** 2:7 17:2 42:12
 43:7
**2nd** 40:21
**2/1/2006** 2:14,20 3:4
 3:10,15,23 4:8,17
 4:23 5:2,11,22 6:3
 6:9,14,15 7:2,8,10
 7:19 8:3,8,17 9:2
 9:10,17
**2/2/2006** 2:8
**20** 6:12 34:24 44:9
**2005** 20:23
**2006** 1:17 3:20,20
 4:15,15 5:9,10
 7:18,18 36:23 44:9
**2007** 24:24,25
**2014** 5:16
**21** 6:19 43:11
**211,000** 29:14
**213** 2:5 16:19
**22** 7:1 43:7,11
**23** 7:6
**24** 7:13
**25** 7:23
**25,000** 18:4

**256** 20:24
**26** 8:1
**27** 8:6
**28** 8:11
**29** 8:16

---
**3**

**3** 2:12
**3rd** 40:21
**3,000** 27:1
**30** 8:21 34:21 43:16
**30th** 16:20 17:13
 18:8,19 35:25,25
 36:14
**3003(c)(3)** 11:10
**31** 3:20 4:15 5:10
 7:18 9:1
**31st** 19:1 23:5,8
 40:16,16
**32** 9:6
**327(e)** 5:15
**33** 9:14 17:2
**330** 9:9
**331** 9:9
**333** 12:5
**34** 9:20 17:24
**35** 9:22 18:11
**36** 10:1 18:22
**363(b)** 22:2
**37** 10:4 22:4
**38** 10:7 22:23
**39** 11:1

---
**4**

**4** 2:18
**4th** 40:21
**40** 11:9 38:5
**41** 11:14 35:21,22
 36:5
**42** 11:17 35:21 36:6
**450** 20:21

---
**5**

**5** 3:1 23:6 28:10
**5/31/2006** 2:9,14,20
 3:5,10,15,24 4:9
 4:17,23 5:3,11,22

6:3,9,14,16,21 7:3
7:8,10,19 8:3,8,13
8:18 9:3,11,17
**5/8/2006** 6:21
**500** 26:24
**5151** 10:7 22:24
26:17
**5153** 9:23 18:13
**5205** 10:9 27:10,18
**5229** 11:7 30:20
**5231** 19:16
**5237** 10:2 18:24
**5239** 10:5 22:6
**5247** 10:10 27:20
**5261** 10:11 28:1
**5266** 10:12 28:4
**5287** 10:13 28:11
**5294** 10:14 28:17
**5297** 10:15 28:23
**5301** 10:16 29:6
**5302** 10:17 29:13
**5303** 10:18 29:22
**588** 20:23

---
### 6
**6** 3:8 23:5,7 28:16,16
**60606-1285** 12:6
**65,000** 18:2

---
### 7
**7** 3:13 28:22
**767** 13:17

---
### 8
**8** 3:19 29:4
**871** 28:11,13
**885** 12:19

---
### 9
**9** 3:22
**9th** 39:15
**90** 14:17
**9006(b)(1)** 11:10