UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                                       :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                              :
                            Debtors.   :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 363(b), 365(a), AND 365(d) AND
FED. R. BANKR. P. 6004 AND 6006 AUTHORIZING DEBTORS TO
(A) ENTER INTO AND ASSIGN PURCHASE AGREEMENT, (B) ENTER INTO
LEASE AGREEMENT, AND (C) REJECT CERTAIN UNEXPIRED
<u>LEASE OF NONRESIDENTIAL REAL PROPERTY</u>

("LEASE TRANSACTION ORDER")

Upon the motion, dated March 2, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (each, a "Debtor"), for an order under 11 U.S.C. §§ 363(b), 365(a), and 365(d) and Fed. R. Bankr. P. 6004 and 6006 authorizing, but not directing, Delphi Automotive Systems LLC ("DAS LLC") to (a) enter into an agreement for the purchase and sale of certain real property (the "Purchase Agreement"), (b) enter into certain other agreements which relate to the Purchase Agreement and the transactions contemplated by the Purchase Agreement (collectively, the "Lease Transaction"), including a lease agreement (the "Lease"), an agreement to assign the Purchase Agreement (the "Assignment Agreement"), a sublease agreement (the "Sublease"), and an escrow agreement (the "Escrow Agreement"), and (c) reject two leases of nonresidential real property; and the Court having reviewed the objection to the Motion (the "Objection") of Milwaukee Investment Company (Docket No. 7207), which

was subsequently withdrawn on the record at the hearing held on the Motion; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. DAS LLC is authorized, but not directed, to enter into and perform under all of the agreements necessary to effectuate the Lease Transaction, including the Purchase Agreement, the Lease, the Assignment Agreement, the Sublease, and the Escrow Agreement, copies of which are attached to the Motion as Exhibits A, B, C, D, and E, respectively.

3. The Debtors are authorized to reject the Downers Grove Lease (as defined in the Motion). The effective date for the rejection of the Downers Grove Lease shall be November 30, 2007, provided, however, that the Debtors may reject the Downers Grove Lease effective as of October 31, 2007 upon ten days' prior written notice to the lessor of the premises.

4. The rejection of the Downers Grove Lease shall otherwise be governed by the Order Under 11 U.S.C. §§ 365(a) and 554 and Fed. R. Bankr. P. 6006 Approving Procedures For Rejecting Unexpired Real Property Leases and Authorizing Debtors to Abandon Certain Furniture, Fixture, and Equipment (the "Lease Rejection Procedures Order"), entered January 6, 2006 (Docket No. 1776).

5. As part of the resolution of the Objection, the Court hereby approves the Second Lease Amendment Agreement between Milwaukee Investment Company and DAS LLC, dated March 20, 2007, a copy of which is attached hereto as Exhibit A.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         March 27, 2007

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE