TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession,
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                      :
In re                      :          Chapter 11
                      :
    DELPHI CORPORATION, et al.,    :          Case No. 05-44481 [RDD]
                      :
                Debtors.   :          (Jointly Administered)
                      :
------------------------------------------------------------X

## SETTLEMENT AGREEMENT BETWEEN DELPHI AUTOMOTIVE SYSTEMS, LLC AND DBM TECHNOLOGIES, LLC TO PERMIT SETOFF OF MUTUAL PREPETITION OBLIGATIONS UNDER SECTION 553 OF THE BANKRUPTCY CODE

**WHEREAS,** on October 8, 2005, Delphi Corporation ("Delphi") and

certain of its U.S. subsidiaries (each a "Debtor" and collectively, the "Initial Filers") filed

voluntary petitions for reorganization relief under chapter 11 of title 11 of the United

States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors," and each individually also a "Debtor") filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code; and

**WHEREAS,** the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

**WHEREAS,** the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404); and

**WHEREAS**, on October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors; and

**WHEREAS**, no trustee or examiner has been appointed in the Debtors' cases; and

**WHEREAS**, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and

**WHEREAS,** on October 12, 2005, the Bankruptcy Court entered an interim order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Interim DIP Order"); and

**WHEREAS,** on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order");  and

**WHEREAS**, on January 5, 2006, the Bankruptcy Court entered an order authorizing the Debtors to, among other things, refinance their postpetition financing and prepetition secured debt (the "Refinancing Order" and, together with the Interim DIP Order, and the Final DIP Order, the "DIP Orders");  and

**WHEREAS**, paragraph 18 of the Final DIP Order and paragraph 16 of the Refinancing Order establish, among other things, procedures for creditors to assert setoff and/or recoupment rights;  and

**WHEREAS,** pursuant to the DIP Orders, by letter dated October 26, 2005 (the "Demand"), DBM Technologies, LLC (the "Claimant") sought authority to exercise a setoff of prepetition claims and debts between Delphi Automotive Systems, LLC ("DAS") and Claimant pursuant to the DIP Orders;  and

**WHEREAS**, on November 15, 2007 Claimant filed its Motion for Relief from Stay to Effect Setoff (Docket No.1043);  and

**WHEREAS**, in the Demand, Claimant alleged that it owed DAS the amount of $2,289,046.63 for prepetition services and/or goods provided by DAS to the Claimant.  Subsequently Claimant paid all but $270,772.16 of the $2,289,046.63, leaving only $270,772.16 owing to DAS prepetition (the "Payable");  and

3

**WHEREAS**, other than the Payable, there are no other amounts owing from Claimant to Debtors for prepetition services and/or goods provided by Debtors to the Claimant;  and

**WHEREAS**, in the Demand, Claimant alleges that Delphi owes Claimant the amount of $301,519.70 for prepetition services and/or goods provided by Claimant to DAS (the "Receivable");  and

**WHEREAS**, other than the Receivable, there are no other amounts owing from Debtors for prepetition services and/or goods provided by Claimant to Debtors; and

**WHEREAS**, on July 28, 2007 Claimant filed a proof of claim, secured by right of setoff, against DAS, in the amount of $270,772.16, docketed as proof of claim 12133;  and

**WHEREAS**, on July 28, 2007 Claimant filed a proof of claim, secured by right of setoff, against Delphi, in the amount of $270,772.16, docketed as proof of claim 12387;  and

**WHEREAS**, after arm's length negotiations, the Debtors and Claimant (together, the "Parties") have reconciled the amounts of the Receivable and the Payable, as set forth in the attached Exhibit "1";  and

**WHEREAS**, the Debtors are authorized to enter into the Settlement Agreement pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes

4

Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006, and the Final DIP Order.

**WHEREAS**, the Parties have agreed to settle and resolve the Demand upon the terms set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. This agreement (the "Settlement Agreement") constitutes an agreement between the Parties hereto and shall be effective upon its execution by the Parties and upon being so ordered by the court (the "Effective Date").

2. Exhibit "1" sets forth a full and complete schedule of the invoices (the "Invoices") and the reconciled amounts of the Receivable and Payable that are the subject of the Demand.

3. Upon the Effective Date, Claimant shall be authorized to set off the amount of the Receivable, as reconciled in Exhibit "1", against the amount of the Payable, as reconciled in Exhibit "1", pursuant to section 553 of the Bankruptcy Code (the "Setoff") and paragraph 18 of the Final DIP Order.

4. The exercise of the Setoff results in a balance of $73,404.00 (the "Balance") that Claimant owes DAS.  Claimant shall pay the Balance to DAS in immediately available funds within sixty (60) business days after the Effective Date.

5. Upon payment by Claimant to DAS of the Balance, there shall be no amounts owing from Claimant to Debtors on account of the Payable.

6. All claims that Claimant has filed in the Debtors cases, including without limitation claim numbers 12133 and 12387 shall be deemed withdrawn.

7. Except for the Setoff and the settlement memorialized by this Settlement Agreement, the Parties retain all of their other rights, claims, and defenses. For greater certainty, the Parties reserve their rights regarding any outstanding issues or claims that may relate to, or arise from, the Invoices.

8. This Settlement Agreement may not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by all of the Parties.

9. The agreements, terms, and provisions contained in this Settlement Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective legal representatives, predecessors, successors, and assigns, including any trustee appointed in these chapter 11 cases.

10. It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual; that the agreement herein contained and the consideration transferred hereunder is to compromise the Demand and to avoid litigation; and that no statement made herein, payment, release, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

11. This Settlement Agreement constitutes the entire agreement between the Parties regarding the resolution of the Setoff and supersedes all other prior

6

agreements and understandings, both written and oral, between the Parties regarding the Setoff.

12. The signatories below represent that they are authorized to enter into this Settlement Agreement.

13. This Settlement Agreement may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**[CONCLUDED ON FOLLOWING PAGE]**

14. The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Settlement Agreement and to resolve any disputes in connection herewith.

Dated: New York, New York
March 21, 2007

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated: Detroit, Michigan
March 21, 2007

DBM TECHNOLOGIES, LLC
By its Attorneys,
HONIGMAN, MILLER, SCHWARTZ
& COHN LLP
By:

/s/ Judy B. Calton
JUDY B. CALTON
2290 First National Building
Detroit, MI 48226
(313) 465-7344

So Ordered on this
27th day of March, 2007

/s/ Robert D. Drain
Honorable Robert D. Drain
United States Bankruptcy Judge

8