SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

<u>EX PARTE</u> APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R.
BANKR. P. 9018 FOR ORDER AUTHORIZING DEBTORS TO FILE
<u>APPLICATION MAINTENANCE AND SUPPORT AGREEMENTS UNDER SEAL</u>

("APPLICATION MAINTENANCE UNDER SEAL APPLICATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), intend to file a Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter Into Application Maintenance And Support Agreements (the "Application Maintenance Motion").  By this <u>Ex Parte</u> Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 (the "Application"), the Debtors seek authority to file under seal the Application Maintenance Agreements (as defined below), which will be filed as exhibits to the Application Maintenance Motion, and respectfully represent as follows:

Background

A.    <u>The Chapter 11 Filings</u>

1.    On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2.    No trustee or examiner has been appointed in the Debtors' cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2

4.   The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.   The Application Maintenance Agreements

5.   As part of the Debtors' transformation plan, the Debtors intend to transform their salaried workforce to ensure that the company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint.  This will allow the Debtors to reduce their selling, general, and administrative expenses.  In furtherance of this goal, the Debtors, in exercising their business judgment, have decided to undertake an accelerated consolidation and outsourcing of their information technology services related to global application maintenance and support.  This outsourcing of IT services will enable the Debtors to reduce their IT supplier base from more than 100 regional based suppliers to fewer than ten direct suppliers.

6.   On October 19, 2006, this Court entered an order authorizing the Debtors to enter into and perform under the first phase of their planned IT outsourcing (Docket No. 5378) (the "IT Infrastructure Outsourcing Order").  Recently, the Debtors entered into agreements with Computer Sciences Corporation ("CSC") and Electronic Data Systems Corporation and EDS Information Services, L.C.C. (collectively with Electronic Data Systems Corporation, "EDS") to provide application maintenance and support services to the Debtors. These agreements represent the second phase of the IT outsourcing plan.  Although a general description of these agreements will be provided in the Application Maintenance Motion, which the Debtors intend to file with the Court, the agreement between CSC and Delphi (the "CSC Agreement") and the first amendment to the Master Service Agreement by and between Delphi and EDS, dated

September 20, 2006[1] (together with the CSC Agreement, the "ADM Agreements"), each contains detailed descriptions of competitively sensitive business information which may, if publicly disclosed, detrimentally affect the competitiveness of the Debtors, CSC, and EDS as well as the ability of all three companies to negotiate the terms of future agreements. Additionally, the Application Maintenance Agreements contain certain confidentiality provisions which require the Debtors, CSC, and EDS to maintain the confidentiality of certain of the agreements' terms. Therefore, to preserve the confidentiality of these sensitive business terms, and to comply with the confidentiality provisions contained in the Application Maintenance Agreements, the Debtors seek permission to file the Application Maintenance Agreements under seal.

## Relief Requested

7.    By this Application, the Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file the Application Maintenance Agreements under seal as exhibits to the Application Maintenance Motion.

## Basis For Relief

8.    The Application Maintenance Agreements contain highly sensitive and confidential business terms agreed to between the parties which, if publicly disclosed, could detrimentally affect the Debtors', CSC's, and EDS's ability to negotiate terms of future agreements and could affect the competitiveness of the Debtors, CSC, and EDS going forward. The Application Maintenance Agreements also contain detailed proprietary information describing the business relationship between the parties, which the Debtors believe to be highly

---

[1]    Pursuant to the IT Infrastructure Outsourcing Order, the Debtors received authority from this Court to enter into and perform under the September 20, 2006 Master Service Agreement by and between Delphi and EDS (the "EDS MSA"). The Debtors previously filed the EDS MSA under seal in accordance with the September 28, 2006 Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File The Information Technology Infrastructure Outsourcing Agreements Under Seal (Docket No. 5231).

4

sensitive and confidential information not typically disclosed to the public or made available in the automotive industry.  Finally, the Application Maintenance Agreements contain certain confidentiality provisions which compel the Debtors, CSC, and EDS to maintain the confidentiality of the terms of the Application Maintenance Agreements.  It is, therefore, of the utmost importance to the Debtors, CSC, and EDS that the sensitive terms of the Application Maintenance Agreements be kept confidential so that competitors may not use the information contained therein to gain a strategic advantage over the Debtors, CSC, or EDS in the marketplace.

       9.       Additionally, disclosure of the terms contained in the Application Maintenance Agreements is not necessary for the protection of the public, creditors of the Debtors, or third parties, because (a) whether the Debtors may enter into the Application Maintenance Agreements is subject to this Court's approval in any case and (b) the Debtors are prepared to provide complete copies of the Application Maintenance Agreements to (i) the U.S. Trustee, (ii) counsel to the Creditors' Committee, and (iii) such other parties as ordered by this Court or as agreed to in writing by the Debtors, CSC, and EDS.

       10.      After evaluating whether they could effectively redact the Application Maintenance Agreements, the Debtors concluded that because the amount of redaction would be so extensive, the provisions of the Application Maintenance Agreements that were unredacted would not be sufficient to provide parties-in-interest with the ability to meaningfully review the merits of the agreements, and the heavily redacted agreements may potentially be misleading. Additionally, the Application Maintenance Agreements represent phase two of a three-phase IT outsourcing project, and the Debtors believe that they would be placed at a competitive disadvantage in negotiating phase three if portions of the Application Maintenance Agreements

were made public to potential bidders for the final phase.  For these reasons, and those previously provided in the Application, the Debtors seek to file the Application Maintenance Agreements under seal.

## Applicable Authority

11.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . –
>
> (1)  protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12.  Additionally, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.

13.  The Second Circuit has held that section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information."  Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  Indeed, this Court has stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)."  In re Global Crossing Ltd., 295 B.R. 720, 723 n.7  (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)).  In addition, the Second Circuit has held that a party seeking the sealing of information is required to show only that the

6

information is confidential and commercial, and need not show "good cause."  <u>Video Software Dealers Assoc.</u>, 21 F.3d at 28.

   14. Here, there is good cause for the relief requested.  The Debtors submit that the Application Maintenance Agreements contain sensitive commercial information and trade terms, the disclosure of which would be harmful to the Debtors and their businesses, CSC, and EDS.  The confidential information, including the agreed upon trade terms contained in the Application Maintenance Agreements, qualifies as "confidential research, development, or commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, as explained by the case law in the Second Circuit.  Accordingly, the Court should enter an order authorizing the Debtors to file the Application Maintenance Agreements with the Court pursuant to General Order M-242 and requiring the United States Bankruptcy Clerk for the Southern District of New York to file the Application Maintenance Agreements, which will be annexed as exhibits to the Application Maintenance Motion, under seal.

   15. No prior application for the relief requested herein has been made to this or any other Court.

Notice Of Application

   16. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary.  Nevertheless, the Debtors will serve a copy of this Application in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court

on October 26, 2006 (Docket No. 5418).  The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. §102(1)(B) so that the Debtors may file the Application Maintenance Agreements on March 30, 2007.

Memorandum Of Law

17. Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Application Maintenance Agreements, as exhibits to the Application Maintenance Motion, under seal, and (b) granting them such other and further relief as is just.

Dated:  New York, New York
          March 27, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

                    By: /s/ John Wm. Butler, Jr.
                       John Wm. Butler, Jr. (JB 4711)
                       John K. Lyons (JL 4951)
                       Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois  60606
                    (312) 407-0700

                            - and -

                    By: /s/ Kayalyn A. Marafioti
                       Kayalyn A. Marafioti (KM 9632)
                       Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, et al.,
                      Debtors and Debtors-in-Possession