**Hearing Date: May 24, 2007**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT
TO PROOF OF CLAIM NUMBER 15611 (SAMTECH CORPORATION)

("STATEMENT OF DISPUTED ISSUES – SAMTECH CORPORATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 15611 (Samtech Corporation) (this "Statement of Disputed Issues"), and respectfully represent as follows:

## Background

1. Samtech Corporation ("Samtech") filed proof of claim number 15611 (the "Proof of Claim") against Delphi on or about July 31, 2006. The Proof of Claim asserts a secured claim in the amount of $375,386.80 (the "Claim") allegedly based on unpaid invoices for goods sold.

2. The Debtors objected to the Claim pursuant to the Fifth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation And (b) Claims Not Reflected On Debtors' Books And Records (Docket No. 6100) (the "Fifth Omnibus Claims Objection"), which was filed on December 8, 2006.

3. On January 3, 2007, Samtech filed its Response To Debtors' Fifth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation And (b) Claims Not Reflected On Debtors' Books And Records (the "Fifth Omnibus Objection") (Docket No. 6400) (the "Response").

## Disputed Issues

4. The Debtors believe that Samtech is not a creditor of the Debtors and dispute that Samtech is the holder of a valid "claim" against the Debtors as such term is defined

in section 101(5) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  Specifically, section 101(5) of the Bankruptcy Code defines a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  11 U.S.C. § 101(5).

5.    Samtech has not shown, and cannot show, that it had, as of the October 8, 2005 petition date, a right to payment from the Debtors.  The Debtors' books and records do not reflect the existence of the Claim or any contractual relationship or other direct connection between the Debtors and Samtech.  Indeed, the invoices attached to the Proof of Claim that form the basis of the asserted Claim are invoices issued from Samtech to Multitronics, Inc. ("MTronics"), but not to the Debtors.  Furthermore, Samtech attached to its Proof of Claim a Requirements Contract, dated as of March 2005 (the "Contract").  However, the Contract is between MTronics and the Debtors, not between Samtech and the Debtors.

6.    Accordingly, Samtech did not have a right to payment from the Debtors on the Petition Date, and the Claim should be disallowed and expunged.[1]

### Reservation of Rights

7.    This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions

---

[1] To the extent the Claim, in whole or in part, is a valid claim against the Debtors, the Debtors dispute Samtech's asserted classification as secured.  Samtech has not provided evidence of, or a legal theory supporting, a security interest, lien, or otherwise, that would give rise to a secured claim.  Thus, even if the Claim is valid (which the Debtors dispute), the Debtors dispute that it is a secured claim.

of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
March 27, 2007

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession