1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 05-44481

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  DELPHI CORPORATION,

9

10          Debtor.

11

12  - - - - - - - - - - - - - - - - - - - -x

13                  U.S. Bankruptcy Court

14                  One Bowling Green

15                  New York, New York

16

17                  February 14, 2007

18                  10:09 AM

19

20

21  B E F O R E:

22  HON. ROBERT D. DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25

2

1    MOTION to Reconsider FRCP 60 or FRBP 3008 re:

2    Order signed on 12/19/2006 (1) disallowing and

3    expunging certain (A) claims with insufficient

4    documentation and (B) claims unsubstantiated

5    by Debtors' book and records, (II) modifying

6    certain claims, and (III) adjourning hearing

7    on certain contingent and unliquidated claims

8    identified in third omnibus claims objection

9    (related document(s)[6224]) filed by Megan E.

10   Clark on behalf of Carl Allison.

11

12   MOTION to Reconsider FRCP 60 or FRBP 3008 re:

13   Order signed on 12/19/2006 (1) disallowing and

14   expunging certain (A) claims with insufficient

15   documentation and (B) claims unsubstantiated

16   by Debtors' book and records, (II) modifying

17   certain claims, and (III) adjourning hearing

18   on certain contingent and unliquidated claims

19   identified in third omnibus claims objection

20   (related document(s)[6224]) filed by Richard L

21   Darst on behalf of James H Nguyen.

22

23

24

25   Transcribed By:  Sharona Shapiro

```
                                                              3
 1

 2    A P P E A R A N C E S :

 3    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

 4          Attorneys for Delphi Corporation

 5          333 West Wacker Drive

 6          Chicago, IL 60606

 7

 8    BY:   JOHN LYONS, ESQ.

 9

10    COHEN GARELICK & GLAZIER

11          Attorneys for James H. Nguyen

12          (a/k/a Mr. Win)

13          8888 Keystone Crossing Blvd.

14          Indianapolis, Indiana 46240

15

16    BY:   RICHARD L. DARST, ESQ.

17          (Telephonically)

18

19    FREKING & BETZ

20          Attorneys for Carl Allison

21          525 Vine Street

22          Cincinnati, OH 20006

23

24    BY:   MEGAN E. CLARK, ESQ.

25          (Telephonically)
```

4

1   LATHAM & WATKINS LLP

2        885 3rd Avenue

3        New York, New York 10022

4

5   BY:   JUDE GORMAN, ESQ.

6

7   ALSTON & BIRD LLP

8        Attorneys for Cadence Innovation LLC

9        90 Park Avenue

10        New York, New York, 10016

11

12   BY:   CATHERINE FENOGLIO, ESQ.

13

14

15

16

17

18

19

20

21

22

23

24

25

5

1          P R O C E E D I N G S

2              THE COURT: All right.  Delphi Corporation.

3              MR. LYONS:  Good morning, Your Honor.

4              THE COURT:  Good morning.

5              MR. LYONS:  John Lyons on behalf of the debtors and

6   also with me here in court today we have Mr. Dean Unruh who is

7   the Delphi claims administrator, Ms. Karen Kraft who's the

8   managing and structuring counsel.  Also Tom Matz, Joe Wharton

9   and Lisa Diaz at Skadden who are also on the Delphi claims

10  team.

11             THE COURT:  Okay.

12             MR. LYONS:  And, Your Honor, as I have done in the

13  previous claims hearings, I'd like to hand up a chart which

14  kind of shows the status of where we are with the various

15  omnibus objections and the remaining amounts that are in the

16  process.

17             THE COURT:  Okay.

18             MR. LYONS:  As you can see, Your Honor, we're making

19  headway.  As of today, we have expunged or withdrawn

20  approximately 8.1 billion in claims and we have another several

21  hundred million that are in the process, that are subject to

22  the procedures, that the company is in the process of either

23  reconciling with the claimant or we've actually affirmatively

24  noticed them for adjourned hearings pursuant to the claims

25  procedure order.  If Your Honor has any questions, or I can

6

1    proceed to the agenda.

2              THE COURT:  No, let's proceed to the agenda.

3              MR. LYONS:  Okay.  First, Your Honor, we have a

4    number of matters that were noticed for adjourned hearings

5    pursuant to the claims procedures that we have subsequently, in

6    agreement with the claimant, agreed to adjourn the hearings

7    either to pursue settlement or to give parties extra time to

8    conduct necessary discovery or mediation, as the case may be.

9    The first item on the agenda is the claim filed by Light Source

10   and that has been adjourned to a date yet to be determined.

11   That's item 1 on the agenda.  Item 2 is a claim filed by Labor

12   Source 2000, Inc. and that has been adjourned to March 1st.

13   Your Honor, by agreement of the parties, we are going to be

14   submitting that on the papers and there will not be any live

15   testimony.  Counsel will be able to argue on the papers.  So

16   that will be heard March 1st.

17             THE COURT:  Okay.

18             MR. LYONS:  Item number 3 is the claim -- actually,

19   they're related claims -- items 3, 4 and 5 are claims filed by

20   H.E. Services, Mr. Robert Backi and Richard James.  Those

21   claims have been further adjourned to April 27th.

22             THE COURT:  Okay.

23             MR. LYONS:  And then finally, Your Honor, a claim of

24   DBM Technologies.  That claim's been adjourned to March 1st.

25   It's on the verge of settlement.  The parties were looking at

7

1    DBM's setoff claim under the setoff procedures under the DIP

2    financing order and we expect that to be resolved shortly.

3              THE COURT:  Okay.  Is the Backi -- those three

4    claims, are those in negotiation or are they just subject to --

5              MR. LYONS:  Actually, Your Honor, we have a meet and

6    confer next week at the company -- or in Troy -- which we're

7    going to explore and see what the issues are and there may be a

8    dispositive motion there.  I don't know.  We're just still in

9    the process of sorting through that claim.

10             THE COURT:  Okay.

11             MR. LYONS:  Item 7 on the agenda -- and these are

12   claims which we're happy to report we've settled.  There is not

13   a contested claim today, Your Honor.  We've been able to

14   resolve all of the remaining claims.  So before I go through

15   these claims, Your Honor, we're operating under the settlement

16   procedures order that Your Honor entered last June to be able

17   to resolve these claims.  If the claim is over a certain

18   threshold, a million dollars, then we have to send notice out

19   to the company, the U.S. Trustee, and in certain circumstances,

20   the equity company.  So far, with the exception of one claim

21   here, all of them fall under the million dollar limit so we're

22   able to settle those without further notice.  We do, however,

23   file a report in consistence with the settlement procedures

24   omnibus, and certainly we have informal discussions with the

25   company and they can ask if they have any questions about any

8

1    particular settlement.

2              THE COURT:  Right.  Okay.

3              MR. LYONS:  One of the claims, however, is over the

4    threshold.  That is the claim of InPlay.  We have sent a notice

5    out to the company.  The company's requested an additional one-

6    day extension of their objection period and we've given them

7    that extension.  So we would expect, Your Honor, that for all

8    these claims we would file with the Court for Your Honor's

9    entry which would be a stipulation compromising and allowing

10   the claim so we can clean up Your Honor's docket.  The claims

11   agent then can reflect the claim as allowed in the claims

12   register and then that would put that matter to an end.

13             THE COURT:  Okay.

14             MR. LYONS:  Okay.  So the first one, Your Honor,

15   WorldWide Battery.  That's item number 7.  WorldWide asserted a

16   claim of 2.8 million.  We have agreed to settle that claim for

17   105,000 dollars.  The next item, number 8, is Nissan Technical

18   Center.  The parties have agreed to settle that claim for

19   32,734 dollars and 44 cents.  Item number 9, InPlay

20   Technologies.  InPlay had asserted a claim of 9 million dollars

21   and the parties subsequently agreed to settle for 7.5.  That's

22   the claim that the company's still looking at.  We expect,

23   though, to be able to hand that stipulation up to Your Honor.

24   The next item, number 10, is a claim held by Longacre Master

25   Fund, which is the assignee of Intervoice, who is the original

9

1    creditor with Delphi.  That had an asserted claim of 600,000

2    and we've agreed to settle it for 250,000.  Item number 11 is

3    the claim of Ericka S. Parker who is a trustee, actually.

4    We've agreed to settle her claim for 50,000 dollars and that is

5    also being approved simultaneously in, I believe, the

6    bankruptcy court for the New Orleans District of Ohio.

7            THE COURT:  Um-hum.

8            MR. LYONS:  Item number 12 is the claim of Comptrol.

9    Comptrol asserted a claim for 157,801 dollars.  We settled for

10   107,000 dollars and change, so that will be submitted to Your

11   Honor.  And, Your Honor, I'd like to hand up the stipulation

12   for Parker so you can see the form of the stipulation.  We

13   anticipate -- we're in the process of getting signatures for

14   the settlement agreements which would underpin the

15   stipulations.  All these claims are settled.  It's a matter of

16   just getting the signatures.  But I'd like to hand up to Your

17   Honor the form of the stipulation for Parker, if Your Honor has

18   any questions, because all of these stipulations would be in

19   this form.

20           THE COURT:  And, I'm sorry, there's a separate

21   settlement agreement and a stipulation?  Is that --

22           MR. LYONS:  Correct.

23           THE COURT:  -- the documentation that you're using?

24           MR. LYONS:  Yes.  And the settlement agreement will

25   have a broader release and additional provisions.  The

10

1   stipulation that we ask Your Honor to sign would basically say

2   that the claim is allowed in the amount of X -- if I could hand

3   this up, Your Honor, and you'll look at it.

4           THE COURT:  Okay.  Thanks.

5           MR. LYONS:  Again, the stipulation would allow the

6   claimant a certain amount and classify the claim as a general

7   unsecured nonpriority claim.  The claimant would agree not to

8   assert any additional amounts.  And the settlement agreement

9   itself would have a broader release.  So it would address all

10  matters prior to the petition date.  It does not address

11  administrative claims but would address pre-petition claims.

12          THE COURT:  Okay.  Well, let me just take a look at

13  it.  I guess I have one comment which is that it is couched as

14  a joint stipulation --

15          MR. LYONS:  Yes.

16          THE COURT:  -- and includes an express waiver by the

17  claimant of any other claims other than the allowed amount.

18  But it's not executed by either party.

19          MR. LYONS:  We intend to have the parties --

20          THE COURT:  Signature lines?

21          MR. LYONS:  -- sign.

22          THE COURT:  Okay.

23          MR. LYONS:  Both the parties will sign the

24  stipulation.

25          THE COURT:  And you may want to have it be a joint

11

1   stipulation and order too.

2          MR. LYONS:  Okay.

3          THE COURT:  I mean, I don't care.  Some people like

4   to see that in the title.  I don't mind.  I'm happy to have a

5   so ordered line too, if you want.

6          MR. LYONS:  Okay.  Excellent.  We will add order to

7   it.

8          THE COURT:  Well, you don't have to.  But if people

9   want that, I don't mind having that.

10          MR. LYONS:  Okay.  Very good.  Okay.  Next on the

11   agenda, item number 13, Your Honor.  We have a pending

12   objection, the third omnibus objection to the Cadence claims.

13   As Your Honor may recall, Your Honor lifted the stay once

14   mediation is completed in Cadence so they could liquidate their

15   claim in the district court.  We still have our pending third

16   omnibus objection, so I spoke with Mr. Connelly and we have an

17   agreed form of stipulation, which we'll submit to Your Honor

18   after the hearing, which basically suspends the prosecution of

19   our third omnibus objection with respect to Cadence's claim and

20   it adjourns, you know, the hearing.  We would have --

21          THE COURT:  Until completion of the liquidation

22   process?

23          MR. LYONS:  Yes.  And all likely, Your Honor, that

24   process will extend beyond emergence.  But in any event, if one

25   of us wants to renotice it for some reason, we can to the other

12

1    party.

2              THE COURT:  Okay.

3              MR. LYONS:  And we will submit that signed

4    stipulation to Your Honor after the hearing.

5              THE COURT:  Okay.

6              MR. LYONS:  Item number 14 on the agenda.  This is a

7    continued matter from the fourth omnibus claims hearing.  We

8    have several local union claims that we're filing against all

9    forty-two debtor entities.  We have agreed on a form of a

10   stipulation that has the similar language that Your Honor's

11   already approved with respect to other duplicate claims, that

12   if the claim ultimately should reside in the entity of -- for

13   the claim that's been expunged, they could switch over or

14   switch back upon notice, basically.  It doesn't prejudice their

15   rights.

16             But we are going to expunge the forty-one claims and

17   have one single surviving parent claim to just clean up the

18   docket.  And again, this would apply to a number of local

19   unions including the IUECWA, the IAM, the IBEW, and the IUOE.

20   We're in the process of getting signatures on the stipulations,

21   so we would submit it to Your Honor after the hearing.

22             THE COURT:  Let me make sure I understand, then.

23   There will be a claim deemed filed against the parent by each

24   of these entities?

25             MR. LYONS:  Delphi Corporation, yes, it would.

13

1          THE COURT:  And the stipulation will provide,

2    however, that with regard to other debtors, the union's rights

3    are reserved --

4          MR. LYONS:  Correct.

5          THE COURT:  -- to have a claim against another

6    debtor?

7          MR. LYONS:  Yes, if it would turn out that that claim

8    actually resided against Delphi Automotive Systems LLC.

9          THE COURT:  And how is that ultimately going to be

10   determined?

11         MR. LYONS:  Well, ultimately Your Honor would

12   determine that if the claim actually would reside against

13   Delphi Automotive Systems LLC.

14         THE COURT:  Well, I guess I'm putting this a

15   different way.  What is the procedural vehicle for determining

16   that?

17         MR. LYONS:  I would think they would have to file a

18   motion to reclassify their claim against Delphi Automotive

19   Systems LLC.  However, under the stipulation, again, it's

20   without prejudice of their ability to do so.  They could

21   reassert it against -- and the stipulation --

22         THE COURT:  But the burden's going to be on them to

23   shift it, in essence, from the parent company to another

24   entity?

25         MR. LYONS:  Yes, and it would be a simple notice to

14

1    the debtors.

2              THE COURT:  All right.

3              MR. LYONS:  Now, Your Honor would determine if the

4    claim appropriately does or does not reside.

5              THE COURT:  Right.

6              MR. LYONS:  But they, just upon notice to us, could

7    reassert it against another debtor entity.

8              THE COURT:  Now, what about the rights of other

9    creditors?  For example, a creditor of the parent may believe

10   that the claim's not properly asserted against the parent but

11   should be really asserted against a sub.  Are those preserved?

12             MR. LYONS:  The stipulation does not deal with that.

13   Any creditor party in interest can object to any claim.  So if

14   they wanted to file a claim objection --

15             THE COURT:  They can still object?

16             MR. LYONS:  They can still certainly object.

17             THE COURT:  Okay.  All right.

18             MR. LYONS:  Okay, Your Honor, I think that takes us

19   to the two motions to reconsider.  And again, I would

20   relinquish the podium to the two movants.

21             THE COURT:  Okay.  So we're going to take the claim

22   by Mr. Nguyen first?

23             MR. DARST:  Yes, thank you.  Your Honor, this is

24   Richard Darst, attorney for Mr. Nguyen.  Am I supposed to speak

25   now?

15

1          THE COURT:  Yes.

2          MR. DARST:  Thank you very much.  The claim of Mr.

3    Nguyen, which he has Americanized to Win so that people can

4    understand his name, the pronunciation is Win.  He has timely

5    filed his claim and there is no dispute as to that.  And he has

6    properly supported his claim.  In fact, he has submitted such

7    affidavits with documentary evidence attached including the

8    Indian Civil Rights Commission claiming that he was harassed

9    because of his national origin.  And I do not believe there is

10   any dispute to the fact that the claim was properly supported.

11   The debtors argue that Mr. Win did not respond to a notice

12   relating to the third omnibus notice.  The debtor -- it has

13   followed the literal instructions of the third omnibus notice.

14   And the third omnibus notice stated that attached to the notice

15   was Exhibit A, which was a form and that a personalized notice

16   will be sent out, meaning later, after that.  And we did not

17   receive any notice after that.  I believe it is, in retrospect,

18   the debtor's position that this attachment, which was

19   identified in the third omnibus notice as a form, was actually

20   what they are now claiming was the personalized notice.  We did

21   follow the instructions of the third omnibus notice, literally

22   follow it.  And so we believe that we have done the proper

23   thing.  The third omnibus notice made reference to a general

24   claim that -- or a general objection that claims were

25   unsupported.  This is not the case with Mr. Win.  I don't

16

1    believe there's any dispute that Mr. Win's claim was supported

2    by such affidavits plus documentary evidence.

3            The matters as submitted -- well, I will, first of

4    all I will give Your Honor the sequence of events.  What we

5    then received, after saying that we would get a personalized

6    notice, instead of getting a personalized notice we were sent a

7    personalized order denying our claim.  And I immediately called

8    Mr. Butler, the attorney for the debtors, and was unable to

9    reach him by cell phone so I left a cell phone message with

10   him.  I did not receive any telephone call from him.  On the

11   same day that I telephoned him, I sent him a letter.  And I did

12   not receive any letter response from him.  Nor did I receive

13   any letter response from any other attorney at Skadden Arps.  I

14   called a couple more times and did finally receive telephone

15   messages from one of the attorneys at Skadden Arps by the name

16   of Lisa Diaz, a very professional nice young lady.  But she

17   called a couple times after our office had closed at 5 o'clock.

18   I returned those calls and was unable to get her when I called

19   back.  Finally, just -- I believe it was last week, if I

20   remember correctly, we spoke for the very first time and

21   attempted to exchange information and resolve our motion in

22   dispute.  And Ms. Diaz requested that I send to her copies of

23   what I had received, which I did.  I immediately sent to her,

24   by e-mail, copies of the third omnibus objection which stated

25   in the footnote that attached was Exhibit A, the form; not a

17

1    personalized notice.  And unfortunately, Ms. Diaz did not have

2    any more information than I had and we were unable to resolve

3    the claim.  She said that she would relay that on to they,

4    although they was never identified.  I never did hear from Mr.

5    Butler or any other attorney.  I did receive from her the

6    following day, or a couple days later, information that they

7    were filing an objection to the motion to reconsider.  They did

8    ask if I would consent to a one-day extension of time.  I gave

9    them the one-day extension of time.  And they did file an

10   objection.  The objection attaches to the objection an

11   affidavit of a claims administrator which states that the

12   personalized notice was at the back of the packet of the third

13   omnibus objection.  That is different than the instructions

14   that were given to us in the third omnibus notice, particularly

15   in footnote 3 of the third omnibus notice, which says that

16   attached was a form of objection.  So the debtors may have

17   intended that the personalized notice be at the back of the

18   packet, but that is not what they said in the third omnibus

19   objection.  So they have told the Court an explanation which

20   they did not tell to us.  And we did, again, just follow the

21   literal instructions of the third omnibus notice.

22          In the objection, the debtors have cited a few cases,

23   the most important case is the Supreme Court case of Pioneer

24   Investment Services Company v. Brunswick Associates.  And that

25   actually is not in favor of the debtors but rather is in favor

18

1    of a creditor claim of Mr. Win such in which the Supreme Court

2    recognized the liberal authority of the Court to construe

3    excusable neglect that included an inadvertent mistake or

4    carelessness.  And in our situation, we believe that we were

5    not careless and in fact followed the literal instructions of

6    the order.

7           The debtors have stated that the fault is entirely on

8    us, the creditor claimant.  However, we believe that we've done

9    the proper thing.  If we did not do the proper thing, there

10   certainly was blame on the debtors for not making it clear as

11   they did in their recent objection to the Court stating that

12   the personalized notice was actually at the back of the packet,

13   not that a form was at the back of the packet.  The Pioneer

14   case said that circumstances can balance such a motion.  As a

15   matter of fact, this case involved a late claim, not something

16   that's involved here.  We filed our claim timely.  But since

17   the debtors have relied on this case in relation to their third

18   omnibus objection, I'll try to go through the elements they

19   object on, the elements that they had mentioned.  Number one

20   was the reason for the delay.  And the reason for the delay was

21   very good faith on our part.  As a matter of fact, we fact

22   attempted to contact Mr. Butler immediately.  Mr. Butler did

23   not respond.  The lawyer that did respond was very professional

24   in her attitude, but she did not have any more information than

25   I had.

19

1          Another element is prejudice to the debtor.  There is

2     no prejudice to the debtor.  We responded promptly.  The

3     debtor's attorneys, in fact, did not respond promptly.  Another

4     element is the length of the delay.  The length of the delay is

5     very short.  We promptly brought this to the attention of the

6     debtor's attorneys and when the debtor's attorneys did not

7     respond we promptly filed a motion to reconsider with the

8     Court.

9          So all we are asking in this case is that the Court

10    reconsider before denying the claim, which is well supported,

11    and rather just let us end the resolution of claims which the

12    debtor's attorneys have stated that they are still working on.

13          THE COURT:  Well, let me make sure I understand.  You

14    received the notice of objection to claim that says James H. --

15    you pronounced it Win, but it's spelled N-G-U-Y-E-N -- appeal

16    filed and then --

17          MR. DARST:  You are correct, sir.

18          THE COURT:  Sorry?

19          MR. DARST:  You are correct.

20          THE COURT:  I am correct?  Okay.  And that was in the

21    package with the third omnibus objection?

22          MR. DARST:  It was, and footnote A states a form of

23    notice of objection to claim is attached hereto as Exhibit A.

24    That appears to be what that note said.  The one dated outside

25    just says this is a form indicating that -- as a matter of

20

1    fact, footnote A or footnote 3 says claimants will receive

2    copies of this third omnibus claims objection without exhibits

3    B1, B2, C1 and C2 and D hereafter.  But in any case that A is

4    attached, which is a form, not something that we were to

5    respond to.

6              THE COURT:  Did you read the notice?

7              MR. DARST:  Yes.

8              THE COURT:  Including the language in it about

9    scheduling a hearing and giving a response date?

10             MR. DARST:  Yes.

11             THE COURT:  Okay.  What was confusing about that?

12             MR. DARST:  It appeared, well, in fact it did not

13   only appear but it was stated in footnote 3 it should be form,

14   that we would then receive a notice, a personalized notice,

15   which apparently would be signed and dated starting the time to

16   file our objection.  And so this form was then filed and we did

17   not receive any personalized notice, which would be after that.

18             THE COURT:  Okay.

19             MR. LYONS:  May I respond, Your Honor?

20             THE COURT:  Well, let me just -- Mr. Darst, has Mr.

21   Win or you filed a notice of appearance in the case, generally?

22             MR. DARST:  I don't believe we did.  We filed a proof

23   of claim.

24             THE COURT:  Okay.  All right.  Okay.  Thanks.

25             MR. LYONS:  Your Honor, in response.  It's

21

```
1    uncontroverted that Mr. Win's counsel received the package on

2    November 5th.  I think he concedes that.  And the package,

3    actually, which he confirmed he received, is attached as

4    Exhibit B to our response to his motion, which is actually the

5    package -- you know, again, I don't -- the standard we believe

6    that Your Honor needs to apply here is under Rule 60(b) whether

7    or not there's excusable neglect.

8              I think, Your Honor, with all due respect to counsel,

9    it was pretty crystal clear that a response had to be filed.

10   And this is both in the personalized notice of objection, which

11   lists Mr. Win expressly, and also in the body of the third

12   omnibus objection as well, in paragraph 50.  It says if you

13   don't respond, your claim is subject to being expunged by the

14   Court.  Your Honor, this is not going to a pro se claimant who

15   has limited, you know, intellectual abilities.  This went to

16   a --

17             THE COURT:  Well, I wouldn't say intellectual, I'd

18   say legal.

19             MR. LYONS:  Legal.  I'm sorry, yes.

20             THE COURT:  There's often a distinction.

21             MR. LYONS:  Legal experience.  I mean, this went to

22   counsel.  Your Honor, any time you would receive an objection

23   in a case, I would think you would be very careful to review

24   the terms of that objection, you know, why are they serving it

25   on my client.  And again, the notice of objection, the
```

22

1    personalized notice which Your Honor has approved, is crystal

2    clear when the response deadline is.  And there's been no

3    showing of excusable neglect, especially under the Second

4    Circuit's construction in the Midland Cogeneration case, which

5    is a stricter view than some other circuits on exactly what

6    constitutes excusable neglect and the reason for delay.  And as

7    to prejudice, Your Honor, there is prejudice here.

8           We have a number of constituents, including the plan

9    investors who are relying on the integrity of the claims

10   process.  And, you know, they see, as we proceed through this,

11   claims that are expunged.  If we open the door to let some of

12   these claimants back in, it is creating a tremendous amount of

13   uncertainty, which could affect the prospects for

14   reorganization.

15          Again, one of the requirements in the framework

16   agreement, Your Honor, is that certain general unsecured claims

17   are less than 1.7 billion dollars.  So the constituents in this

18   case are watching, you know, will be watching the integrity of

19   this claims process.  And again, with all due respect, we don't

20   think that excusable neglect has been met here.  And we'd like

21   to offer into evidence the declaration of Evan Gershbein

22   (phonetic) just as a procedural matter to provide the

23   uncontroverted evidentiary support that this in fact was mailed

24   out.

25          THE COURT:  Okay.  Although I believe that the

23

1    claimant has acknowledged it received --

2            MR. LYONS:  Yes.

3            THE COURT:  But is there any objection to the

4    admission of the notice agent's affidavit?

5            MR. DARST:  No, Your Honor, there is not.  As a

6    matter of fact, that supports our position because he then

7    explained in that declaration that the personalized notice was

8    at the back of the packet, which explanation was not in the

9    third omnibus objection.  And rather, the third omnibus

10   objection contradicts that and says this is only a form, you

11   will be receiving personalized notice later.

12           MR. LYONS:  In quick response to that, Your Honor,

13   that footnote is to explain the process the debtors underwent

14   to Your Honor.  All these claimants still received the

15   personalized notice.  The footnote says that we are sending the

16   personalized notice along with a third omnibus objection.

17           MR. DARST:  No.  I'm sorry.  It does not say that.

18           MR. LYONS:  Well, let's read it.

19           MR. DARST:  Footnote 3 says a form of the objections

20   to the claim is attached hereto as Exhibit A.

21           MR. LYONS:  Footnote 3.  Well, Your Honor, I can

22   actually read it for you.

23           THE COURT:  No, I've read it.

24           MR. LYONS:  It says that they will receive the

25   personalized notice and they will receive a copy of the third

24

1   omnibus objection.  And that's exactly what we did and that's

2   what they received.

3           MR. DARST:  No.  "Will" means you will in the future.

4           MR. LYONS:  Well, the second last line says claimant

5   "will" receive a copy of this third omnibus claims objection

6   without exhibits B1, B2, C1, C2 and D.  And, in fact, you did

7   receive that without those exhibits --

8           MR. DARST:  Right.  But we --

9           MR. LYONS:  -- on November 5th.

10          MR. DARST:  -- received Exhibit A, which was the

11  form.  And that's what footnote 3 says.

12          THE COURT:  I think the point that the debtor's

13  counsel is making is that if you apply a concept of futurity to

14  the word "will," then you would actually also be expecting

15  another third omnibus claim objection as opposed to the one

16  that you were reading.  Okay.  Anyone else want to address this

17  motion?  Okay.

18          MR. DARST:  May I give a short reply, Your Honor?

19          THE COURT:  Sure.

20          MR. DARST:  Thank you.  The debtors have stated that

21  the Second Circuit has a stricter view.  There can be no

22  stricter view than what's been forwarded to you.  And the

23  debtor has attempted to argue in its objection that

24  extraordinary circumstances must be shown.  But, in fact, the

25  Supreme Court in Pioneer said extraordinary circumstances under

1    Rule 60 applies under subsection (6) such as a motion brought

2    after one year.

3            The debtor's attorney has mentioned -- noted

4    intellectual or legal abilities, and I agree that I probably do

5    not have as much as they do, but we have tried to do everything

6    in good faith to reply, including contacting them.  They are

7    the ones who did not respond to my letter in writing, did not

8    respond to my telephone calls until a month later.  When they

9    did respond, they knew no more information than I did, although

10   I provided to them all of the information that I had.

11           So because of that we would show the Court that we

12   have done everything in good faith.  The delay is very short.

13   We responded very promptly.  There is no prejudice.  The

14   debtors have said well, there could be some sort of prejudice,

15   maybe.  That is not showing prejudice at all and so we ask that

16   the Court grant the motion and simply place us in the

17   federation of claims.

18           THE COURT:  Okay.  I have before me a motion by Mr.

19   Win, through his counsel, Mr. Darst, to reconsider the Court's

20   order of December 19, 2006 granting the debtor's objection to

21   Mr. Win's claim, claim number 3978.  The motion does not state

22   the rule under which the relief is sought.  And there is some

23   variation in the case law in this circuit as to the proper rule

24   for a motion of this kind.  Arguably, and this is the position

25   that the debtors have taken, this type of relief, which is

26

1    outside the ten days following entry of the order, is one that

2    is made under Bankruptcy Rule 9024 which incorporates Federal

3    Rule 60(b) for reconsideration of judgments.

4            Alternatively, some courts have considered, in this

5    circuit, such a motion to be one for reconsideration of the

6    disallowance of a claim that would be made under Section 502(j)

7    of the Bankruptcy Code and Bankruptcy Rule 3008.

8            For the former proposition that rule 60(b) would

9    apply, see In re O.W. Hubbell & Sons, Inc., 180 B.R. 31

10   (N.D.N.Y. 1995).  For the latter proposition, see In re Enron

11   Inc., 325 B.R. 114 (Bankr. S.D.N.Y. 2005).  Enron relies upon,

12   among other cases, In re JWP Information Services, Inc., 231

13   B.R. 209 (Bankr. S.D.N.Y. 1999) in which the court considered

14   both propositions and found that the motion would be denied

15   under either Rule 60(b) or 502(j) and the standard applied by

16   the Second Circuit in considering a motion to vacate a default

17   judgment.  Rule 60(b) includes, as a basis for vacating a

18   default judgment, excusable neglect.  Bankruptcy Code section

19   502(j) refers to the equities of the case.

20       And in construing that section, Judge Gonzalez in Enron

21   and Judge Gallet in JWP applied the three factors first

22   enunciated by the Second Circuit in American Alliance Insurance

23   Company v. Eagle Insurance Company,92 F.3d 57 (2d Cir. 1996).

24   The distinction is relevant possibly only in this sense.  As

25   the District Court for the Northern District of New York held

1    in In re O.W. Hubbell & Sons, Inc., 180 B.R. at 31, one may

2    apply the U.S. Supreme Court's Pioneer decision in determining

3    such a motion, and that decision, as interpreted by the Second

4    Circuit, is one where the Second Circuit has taken a "hard

5    line" when applying the Pioneer factors.

6         Specifically, the Second Circuit has held that of the four

7    factors, one, the third factor, is the most important.  That

8    is, the factor of the reason for the delay, including whether

9    it was within the reasonable control of the movant, is the most

10   important factor.

11        As the Second Circuit has held, in construing

12   Pioneer, the equities will rarely, if ever, favor a party who

13   fails to follow the clear dictates of a court rule.  (That's

14   also been construed to apply to a court order.)  And that where

15   the rule is entirely clear, the Second Circuit continues to

16   expect that a party claiming excusable neglect will, in the

17   ordinary course, lose under the Pioneer test.  See Midland

18   Cogeneration Venture L.P. v. Enron Corp., 419. F.3d 115, 122

19   (2d Cir. 2005), which cites, for the preceding quotes,

20   Silivanch v. Celebrity Cruises Inc. 333 F.3d 355, 368 (2d Cir.

21   2003), cert. denied sub nom. Essef Corp. v. Silivanch, 540 U.S.

22   1105 (2004).

23        Under that test, given the acknowledgement by the

24   claimant, through his counsel, that the notice was received and

25   received timely, and my view that the notice was entirely

28

1    clear -- and I'll return to that in a moment -- the motion

2    would fail under the Pioneer test as construed by the Second

3    Circuit.

4            However, as I noted, the Enron and JWP cases, as well

5    as other cases relied upon by the Enron decision that I cited

6    earlier, do not apply Pioneer specifically in construing the

7    phrase excusable neglect in Rule 60(b), but rather apply a

8    somewhat different standard, the one enunciated in American

9    Alliance Insurance Company v. Eagle Insurance Company, 92 F.3d

10   57.

11           The standard set forth in that case involves an

12   evaluation of three factors, unlike the four-factor analysis in

13   Pioneer, with Pioneer's emphasis on the third factor.  The

14   three-factor test is whether the failure to respond was

15   willful, whether the movant had a legally supportable defense

16   on the merits, and the amount of prejudice that the nonmovant

17   would incur if the court granted the motion.

18           As Judge Gonzalez found in Enron, 325 B.R. at 118,

19   the Second Circuit has interpreted the willfulness factor to

20   require something more than just negligence or carelessness on

21   the part of the movant.  Defaults that are caused by negligence

22   may be excusable, depending on evaluation of the other factors,

23   while defaults that occur as a result of deliberate conduct are

24   not excusable.  As made clear by the Second Circuit in Gucci

25   America, Inc. v. Gold Center Jewelry, 158 F.3d 631, 635 (2d.

29

1   Cir. 1998), willfulness does not require bad faith or wrongful

2   conduct.  Rather, the focus is on what the movant actually

3   knew, so that if a default did not involve any cognitive

4   decision to allow a hearing on its claim to proceed and permit

5   a default to be entered, then the movant did not act willfully

6   for purposes of this construction.

7       And under some circumstances, that distinction from

8   the Second Circuit's interpretation of Pioneer might be

9   meaningful.  For example, it would be meaningful if the movant

10  were a pro se litigant or if the notice were confusing.  For

11  example, in a second case out of the Enron Chapter 11 case, In

12  re Enron Corp., 326 B.R. 46 (Bankr. S.D.N.Y. 2005), the notice

13  was misleading to the claimant in that they reasonably checked

14  "University of Pennsylvania" and "Pennsylvania" in the exhibit

15  to the notice, but not "Trustees of the University of

16  Pennsylvania," and, therefore, did not willfully fail to

17  respond.

18      Here, however, Mr. Win was represented by counsel who

19  received the notice, and the Second Circuit has long recognized

20  this distinction in such situations.  See Teltronics Services,

21  Inc. v. L M Ericsson Telecommunications, Inc., 642 F.2d 31, 36

22  (2d Cir. 1981) (refusing to relieve a client of the burdens of

23  a final judgment due to the mistake or omission by an

24  attorney).  Moreover, notwithstanding counsel's argument, I do

25  not believe that the notice received by the claimant was

30

1    confusing or ambiguous.  It clearly was a personalized notice,

2    headed "notice of objection to claim," followed by the

3    claimant's name and then setting forth in the first paragraph

4    in uppercase print the deadline to respond and the statement

5    that "if you do not respond timely in the manner described

6    below, the order granting the relief requested may be entered

7    without any further notice to you."

8         It's argued that a footnote to the omnibus claim

9    objection that was included in the package along with the

10   notice that I've just quoted, which is footnote 3, was

11   confusing in that it referred to a form of notice of objection

12   to claim that would be attached thereto, and a reference to the

13   fact that consistent with the notice provided to claimants with

14   respect to the first omnibus claim objection and approved by

15   the Court and the order entered with respect thereto, the

16   debtors "will provide each claimant whose proof of claim is

17   subject to an objection pursuant to this third omnibus claim

18   objection, with a personalized notice of objection to claim

19   which specifically identifies the claimant's proof of claim

20   that is subject to an objection and the basis for such

21   objection," which Mr. Win's counsel argues led one to believe

22   that there would be some form of future notice to be received,

23   as opposed to the actual notice that was contained in the

24   package that I quoted from earlier.

25        I do not believe that this is a reasonable

31

1    interpretation by a lawyer.  Arguably, it would not be

2    reasonable by a businessman either, particularly in light of

3    the language that I quoted from the first paragraph of the

4    notice identifying Mr. Win and his claim and stating that "the

5    deadline for you to respond to the debtor's objection to your

6    claim is 4 PM Eastern Time, November 24, 2006."  And stating

7    that "if a response is not timely made, as described below, the

8    order granting relief requested may be entered without any

9    further notice."

10        So under these circumstances, I conclude that the

11   failure to respond was deliberate and conscious.  Under the

12   Gucci case I believe that is all that is required in respect of

13   evaluating the motion.  However, I will note that while the

14   amount of the claim itself is not necessarily so high that it

15   would jeopardize the debtors' bankruptcy if the debtors had to

16   focus on it now, there is prejudice to the debtors in not

17   holding claimants to the procedures that have been adopted in

18   this case and that are set forth in the third omnibus claim

19   objection, among all the other claim objections filed in the

20   case, for the response, the timely response, to claim

21   objections.

22        The debtors, on notice to parties in interest,

23   adopted procedures for dealing with the thousands of claims and

24   billions of dollars of claims filed against them.  In a manner

25   to deal with such claims efficiently and fairly, the claim

32

1    objection itself is the starting point for that process which

2    follows thereafter through various stages which are outlined in

3    the claim objection itself, including hearings on dispositive

4    motions, if appropriate, discovery, mediation, all preceded by

5    a meet and confer session.

6            That process, as a whole, is somewhat lengthy, and a

7    delay of it, whether within the reasonable control of the

8    claimant under the Pioneer standard or on a deliberate basis

9    under the American Alliance standard, throws that process out

10   of whack.  So although that consideration is not dispositive in

11   connection with this motion, it is an additional factor that

12   I've considered in addition to my belief that under either the

13   Pioneer standard or the American Alliance standard the claimant

14   has shown neither excusable neglect nor an equitable basis for

15   having the order be reconsidered.  So Delphi can submit an

16   order denying the motion on that basis.

17           MR. LYONS:  We will, Your Honor.  The last item on

18   the agenda, Your Honor, is the motion to reconsider of Mr.

19   Allison.

20           THE COURT:  Okay.  Ms. Clark, are you on the phone?

21           MS. CLARK:  Yes.

22           THE COURT:  Okay.

23           MS. CLARK:  Yes.  May I be heard?

24           THE COURT:  Yes.

25           MS. CLARK:  I want to note I've been listening for

33

1   the last fifty minutes or so, and I had had some intermittent

2   instances where the connection was cut out for a minute or two.

3          THE COURT:  Okay.  Well, I apologize about that.

4   We'll all try to speak more into the microphone.

5          MS. CLARK:  Okay.  And so that the record is clear, I

6   would just like you to know that if there's some need for me to

7   repeat something I've said, of course I'd be happy to do so.

8          THE COURT:  Okay.  Feel free to interrupt too if you

9   can't hear us.

10          MS. CLARK:  Okay.  Thank you.  The motion to

11   reconsider here, Your Honor, concerns Carl Allison, who was one

12   of the creditors when they had bankruptcy.  And there are some

13   themes that are similar to the motion you just published which

14   you just ruled.  In this case, the facts are a little bit

15   different but we would set the Court to the three-part test

16   enunciated in the American Alliance v. Eagle Insurance Company

17   reference to which was just made in the last motion.  The

18   problem here was Mr. Allison -- there was an objection raised

19   to Mr. Allison's claim on the third omnibus objection and there

20   was the deadline. 1/24, I believe it was, to respond.  Mr.

21   Allison received the notice twenty-one days before the response

22   deadline, which is less than the thirty days to which I believe

23   he's entitled.  But, however, it is true to say that he did not

24   respond within the time frame.

25          I think that this is a situation where bankruptcy can

34

```
 1    be a trap for the unwary because our office did receive a

 2    notice from Delphi, again, within twenty-one days before the

 3    response deadline.  And it was not -- we failed to respond in

 4    time, not because of any willful management techniques but

 5    because of simple mistakes.  As soon as we received the notice

 6    regarding the expungement of the claim we immediately took

 7    action to fix this problem.  We in no way were willful or

 8    consciously refusing any response deadline.  We certainly

 9    wouldn't have done that as his counsel.  Referring to the

10    three-part test, again, as referenced before, American Alliance

11    v. Eagle Insurance Company, failure to respond, the first part

12    of the test, failure to respond being willful, that is not the

13    case here.  It was at most, or at worst, neglect.  We are not a

14    bankruptcy firm.  We missed the contours of your order here.

15    The second part of the test legally supportable defense, as we

16    noted in our motion to the Court, the basic thrust to the

17    objection to Mr. Allison's claim was that it was

18    unsubstantiated.  We think that this objection was weak or

19    unsupported.  Mr. Allison has an age discrimination claim

20    against Delphi.  He had filed -- per the bankruptcy he had

21    filed a complaint and supporting documentation regarding that

22    claim.  The (indiscernible) discovery when the bankruptcy was

23    filed (indiscernible).  And there was no more substantiation

24    that we could have provided the Court than what we did in this

25    proof of claim, the basic documentation of the complaint that
```

35

1    we had filed.  And the complaints often do give a basic

2    (indiscernible) is the best we can offer at this stage in the

3    case.

4              Finally, referring back to the three-part test, the

5    question of prejudice.  We think the balance of the equities

6    here squarely favors Mr. Allison while we do recognize and

7    understand that this is a big case and that Delphi has to, you

8    know, due to schedules and calendars and so forth, to keep

9    things moving.

10             We do think that the prejudice to Mr. Allison --

11   well, first of all, all I'm talking about here is a very short

12   delay.  And we really believe that there's no harm there found

13   to Delphi in the sense that simply opening up one more claim

14   isn't going to have much of an effect on the overall case which

15   is in February or March.  But on the other hand, we feel that

16   denying the motion will cause great prejudice to Mr. Allison

17   because this is his one and only case against Delphi, and if

18   the motion is denied he may not be able to pursue it at all.  I

19   think, you know, I've heard nothing from Delphi indicating why

20   a very short -- a very short amount of time that passed here

21   between the rejection deadline and our motion is going to

22   materially affect them in any way.  And so for these reasons we

23   submit the motion to reconsider and I would reserve our right

24   to reply if I may, sir.

25             THE COURT:  Okay.  Yes.

36

| 1 | MS. CLARK:  Okay.  I just -- |
| 2 | THE COURT:  No, I think counsel for the debtor was |
| 3 | just about to speak. |
| 4 | MR. LYONS:  Yes, Your Honor. |
| 5 | THE COURT:  That's why I was pausing. |
| 6 | MS. CLARK:  Okay. |
| 7 | MR. LYONS:  Your Honor, if I may respond.  I believe |
| 8 | the facts here are very similar to that of Mr. Win.  Counsel |
| 9 | again admits that she received the package on November 9th, |
| 10 | which is before the hearing.  Bankruptcy Rule 3007 requires the |
| 11 | debtors to mail the claim objection thirty days prior to the |
| 12 | hearing. |
| 13 | And, Your Honor, I would like to submit into the |
| 14 | record and into evidence the declaration of Mr. Evan Gershbein, |
| 15 | which we attached to our response to Mr. Allison's motion, |
| 16 | which confirms that indeed this was mailed on October 31st.  He |
| 17 | filed an affidavit the next day confirming service and |
| 18 | subsequently filed this declaration to reconfirm.  So, Your |
| 19 | Honor, I believe we're in full compliance with Bankruptcy Rule |
| 20 | 3007. |
| 21 | THE COURT:  Okay.  Is there any objection to the |
| 22 | admission of that declaration? |
| 23 | MS. CLARK:  No, sir. |
| 24 | THE COURT:  Okay. |
| 25 | MR. LYONS:  All right.  Your Honor, why it wasn't |

37

1   received until November 9th, Your Honor frankly, I don't know.

2   It could have been the post office.  It could have been perhaps

3   a clerk in counsel's office that may have misplaced it.  But

4   again, Bankruptcy Rule 3007 requires the debtor to mail it

5   within thirty days of the hearing and the declaration so proves

6   that point.

7         As to the other points of Mr. Allison's counsel, Your

8   Honor, there is prejudice.  I'm not going to rehash the

9   arguments.  They really are the same arguments in response to

10  Mr. Win's motion.  But again, we are in a very expedited claims

11  process.  We are trying to emerge from bankruptcy at the

12  earliest possible time.  We have a framework agreement in place

13  that requires general unsecured claims, certain general

14  unsecured claims, to be less than 1.7 billion dollars.  And the

15  integrity of Your Honor's orders and orders expunging claims

16  under omnibus claims are very crucial to this task.

17        THE COURT:  Okay.  Ms. Clark, did you want to

18  respond?

19        MS. CLARK:  Excuse me for coughing.  Yes, sir, just a

20  couple quick points.  The policy when we receive documents, in

21  my office, we stamp them with a date received stamp.  The date

22  received stamp here in this case was November 9th.  So it was

23  not received until the 9th about, approximately nine days after

24  it was apparently mailed.  And we're not sure.  We don't

25  understand the reason why that would have happened.  In any

38

1  event, nine days or no nine days, while it's true that the

2  notice was received before the deadline, there was no

3  willfulness on our part.  It was not realizing that we had to

4  make an objection.  Had we known that, we would have obviously

5  objected.

6           THE COURT:  Well, why was it not realized?

7           MS. CLARK:  I don't have the answer for that.  We

8  just didn't realize that we had to object.

9           THE COURT:  Okay.

10          MR. LYONS:  Your Honor, one quick question I have.

11  Did counsel move offices?

12          MS. CLARK:  Yes, we did, in August.

13          MR. LYONS:  Did counsel ever change the address in

14  the proof of claim form between the time that you moved

15  offices?

16          MS. CLARK:  I don't know the answer to that.

17          MR. LYONS:  Your Honor, that --

18          MS. CLARK:  I'd have to check.

19          MR. LYONS:  -- I think that explains the November

20  9th.

21          MS. CLARK:  That's possible.

22          THE COURT:  Okay.

23          MS. CLARK:  And we did indicate, in our motion, that

24  there had been a change in law firms that we changed offices.

25  I don't know if that's significant or not.

39

1          THE COURT:  Right.  Okay.  All right.  Anything else?

2          MS. CLARK:  That's about it.

3          THE COURT:  All right.  I have in front of me a

4     motion by Carl Allison, through his counsel, who seeks

5     reconsideration of an order granting the debtors' objection to

6     his proof of claim in this case.  The motion is made pursuant

7     to Bankruptcy Rule 3008, which is an implementing rule for

8     motions under Bankruptcy Code Section 502(j) for

9     reconsideration of an order allowing or disallowing, in this

10    case, a claim.

11         As I noted with respect to the previous motion to

12    reconsider, the basis for such a motion, that is, the statutory

13    basis for such a motion, is not entirely clear in this circuit.

14    It may well be that the proper basis is under Bankruptcy Rule

15    3008 and Bankruptcy Code 502(j) as discussed in, among other

16    cases, In re. Enron Inc., 325 B.R. 114 (Bankr. S.D.N.Y. 2005),

17    which applies to the analysis under 502(j) the standard for the

18    consideration of a request for relief from a default judgment.

19    Under Rule 60(b), as enunciated by the Second Circuit in

20    American Alliance Insurance Company vs. Eagle Insurance

21    Company, 92 F.3d 57 (2d Cir. 1996).

22         Alternatively, one might, in considering relief under

23    Section 502(j) and Rule 3008, apply the standard enunciated by

24    the Supreme Court in Pioneer Investment Services Company v.

25    Brunswick Associates Limited Partnership, 113 S. Ct. 1489

40

1    (1993), and memorialized in Rule 9006, in determining the

2    phrase "excusable neglect" that appears in Federal Rule 60(b)

3    as incorporated by Bankruptcy Rule 9024.

4           As I noted before, whether one applies the Pioneer

5    standard as did the district court in In re O.W. Hubbell &

6    Sons, Inc., 180 B.R. 31 (N.D.N.Y. 1995), or the American

7    Alliance Insurance Company standard that Judge Gonzalez applied

8    in Enron, may in some circumstances be a meaningful

9    distinction, although at times, as in the case of In re JWP

10   Information Services Inc., 231 B.R. 209 (Bankr S.D.N.Y. 1999),

11   the facts are such that application of either standard would

12   reach the same result.

13          Although, as Judge Gonzalez stated in Enron, there's

14   a strong preference that courts resolve disputes on their

15   merits,see, e.g., Brien v. Kullman Indus., Inc., 71 F.3d 1073,

16   1077 (2d Cir. 1995), the Second Circuit has recognized

17   limitations on that basic premise in applying both the Pioneer

18   and the American Alliance Insurance tests.

19          As the Second Circuit has construed Pioneer, it has

20   taken a "hard line" when applying Pioneer's four factors.  More

21   specifically, the court has emphasized the third factor, that

22   is, the reason for the delay including whether it was within

23   the reasonable control of the movant, as the Second Circuit

24   noted further in Midland Cogeneration Venture L.P. v. Enron

25   Corp., 419. F.3d 115, 122 (2d Cir. 2005), the equities will

41

1    rarely, if ever, favor a party who fails to follow the clear

2    dictates of a court rule (that is also then applied to orders),

3    and that where the rule is entirely clear, we continue to

4    expect that a party claiming excusable neglect will, in the

5    ordinary course, lose under the Pioneer test.

6          Under that standard, based on my review of the agreed

7    facts here, I conclude that the movant would lose under the

8    Pioneer standard.  The notice was acknowledged to have been

9    received on a date twenty-one days before the hearing date, and

10   the affidavit of service establishes that it was mailed within

11   the thirty-day period prescribed by Bankruptcy Rule 3007 with

12   respect to claim objections.

13         The district court in In re O.W. Hubbell & Sons,

14   Inc., makes it clear that a presumption of receipt on a timely

15   basis may be established by showing a proper mailing.  And the

16   case law makes clear that affidavits of employees denying

17   receipt are not sufficient to rebut the presumption.  Here,

18   there's no affidavit denying receipt, only one saying that

19   receipt was outside of the thirty days.  But that does not

20   rebut the presumption that the notice was timely sent as set

21   forth in O.W. Hubbell & Sons, Inc., 180 B.R. at 34.

22         Moreover, there's been no attempt to excuse a failure

23   to respond to the notice in any way either by filing an

24   objection or by seeking an extension of time to do so.  And, in

25   fact, the receipt of the notice, arguably for purposes of this

42

1   ruling, twenty-one days before the hearing would not justify

2   taking no action in response to the notice which was clear on

3   its face in setting forth an objection deadline and warning in

4   uppercase text in the first paragraph the adverse consequences

5   of not making such an objection.

6          Under the three-part test set forth in American

7   Alliance, there is a somewhat different analysis than under

8   Pioneer.  Pursuant to that test the Court should consider one,

9   whether the failure to respond was willful, two, whether the

10  movant had a legally supportable defense, and three, the amount

11  of prejudice that the nonmovant would incur if the Court

12  granted the motion.

13         As Judge Gonzales articulated in Enron, 325 B.R. at

14  118, the Second Circuit has interpreted the willfulness factor

15  to require something more than just negligence or carelessness

16  on the part of the movant, although gross negligence can weigh

17  against a party seeking relief, although not necessarily a

18  determinative factor.  Deliberateness, however, not necessarily

19  with bad faith, but simply cognitive deliberate failure to

20  avoid a default is dispositive, as set forth in Gucci America,

21  Inc. v. Gold Center Jewelry, 158 F.3d 631, 635 (2d Cir. 1998).

22  Here, I conclude that Mr. Allison, through his counsel,unlike

23  the claimant in the Enron case, did know of the objection and

24  made a cognitive decision not to respond and consequently the

25  motion would be precluded under the American Alliance Insurance

43

1    test as well.  I note that especially because, again, Mr.

2    Allison was represented by counsel and the notice was clear and

3    the only excuse really given for not responding was a belief

4    that the notice was not timely, i.e., outside of the thirty-day

5    period prescribed by Bankruptcy Rule 3007.

6         As with the prior motion, I also believe that here

7    there would be prejudice to the debtor in permitting the claim

8    to be reconsidered.  In fact, I believe that there's more

9    prejudice here given the length of time between the receipt of

10   notice, which again was understood here, I believe, and in that

11   the only excuse for not responding was a belief that the notice

12   was untimely, and the date of the motion to reconsider which

13   was over two months later.  While that is obviously less than

14   the ten months in the JWP case, here, as I noted before, the

15   debtors on notice to parties in interest obtained approval of

16   procedures for dealing with thousands of claims and billions of

17   dollars of claims against them which runs off of a starting

18   line which is the claim objection.  The procedure contemplates

19   responses on a timely basis to be followed by meet and confer

20   sessions, either dispositive motions or discovery and/or

21   mediation, which is intended to result in the efficient

22   liquidation of claims.  But to do so in an organized way

23   provides for a fairly lengthy process.  A two-month delay in

24   that process, when from the start, if justified on these facts,

25   is one that other claimants could use as well to throw off the

44

1    process in a way that really would prejudice the debtors who

2    are under considerable pressure to emerge from bankruptcy

3    before this fall.

4           So although that is not a dispositive reason, it's

5    another factor that I've considered in weighing either the

6    request under 502(j), which is on the equities, or under Rule

7    60(b), which may or may not incorporate Pioneer.  But in any

8    event does incorporate, at a minimum, a notion of

9    deliberateness, which I believe occurred here.  So for those

10   reasons, I'll deny the motion, and counsel for the debtors

11   should submit an order to that effect.

12          MR. LYONS:  We will, Your Honor.

13          THE COURT:  As I often do when I give an oral

14   decision, I'll go over the transcript of both of these rulings

15   and may end up correcting it, in which case that will be my

16   bench ruling.  But the gist of the rulings won't change.

17          MR. LYONS:  Thank you, Your Honor.

18          THE COURT:  Okay.

19          MR. LYONS:  Those are all the items we have on the

20   agenda.  There is one item, Your Honor, that's not on the

21   agenda.  Mr. LaFonza Earl Washington has filed various

22   pleadings with the court.  He stated that no hearing is

23   required.  The debtors would inquire whether Your Honor would

24   like to treat that at a hearing, or possibly dispose of it in

25   an administrative manner.  We're ready to do --

45

1          THE COURT:  Well, I'm not aware of the pleadings.

2    Were these filed after his claim was disallowed?

3          MR. LYONS:  Yes.  It technically wasn't a motion to

4    reconsider, though.  It was more along the same lines of a

5    motion for demand for a judgment and payment of his judgment

6    requests.  So again, the claims were --

7          THE COURT:  Well, I'll look at the -- I mean, if it's

8    a motion to reconsider I have the discretion to rule without

9    requiring a hearing and I may do that.

10          MR. LYONS:  Thank you, Your Honor.

11          THE COURT:  But I'll look at them and my chambers

12    will be in touch with the debtors and Mr. Washington about

13    whether there will be a hearing or not.

14          MR. LYONS:  Thank you.

15          THE COURT:  Okay.  Thank you.

16          (Proceedings concluded at 11:32 AM)

17

18

19

20

21

22

23

24

25

46

1

2

3

4                                    **I N D E X**

5

6                                        RULINGS

7                               Page      Line

8    Denied Mr. Nguyen's          32        13

9    Motion to Reconsider

10   Order

11   Denied Mr. Allison's        44         8

12   Motion to Reconsider

13   Order

14

15

16

17

18

19

20

21

22

23

24

25

47

```
 1

 2

 3

 4                    C E R T I F I C A T I O N

 5

 6     I, Sharona Shapiro, certify that the foregoing is a correct

 7     transcript from the official electronic sound recording of the

 8     proceedings in the above-entitled matter, except where, as

 9     indicated, the Court has modified its bench ruling.

10

11     _____ February 16, 2006

12     Signature of Transcriber            Date

13

14     Sharona Shapiro

15     typed or printed name

16

17

18

19

20

21

22

23

24

25
```

## A

**abilities** 21:15 25:4
**ability** 13:20
**able** 6:15 7:13,16,22
8:23 35:18
**above-entitled** 47:8
**acknowledged** 23:1
41:8
**acknowledgement**
27:23
**act** 29:5
**action** 34:7 42:2
**actual** 30:23
**add** 11:6
**addition** 32:12
**additional** 8:5 9:25
10:8 32:11
**address** 10:9,10,11
24:16 38:13
**adjourn** 6:6
**adjourned** 5:24 6:4
6:10,12,21,24
**adjourning** 2:6,17
**adjourns** 11:20
**administrative**
10:11 44:25
**administrator** 5:7
17:11
**admission** 23:4
36:22
**admits** 36:9
**adopted** 31:17,23
**adverse** 42:4
**affect** 22:13 35:22
**affidavit** 17:11 23:4
36:17 41:10,18
**affidavits** 15:7 16:2
41:16
**affirmatively** 5:23
**age** 34:19
**agenda** 6:1,2,9,11
7:11 11:11 12:6
32:18 44:20,21
**agent** 8:11
**agent's** 23:4
**agree** 10:7 25:4

**agreed** 6:6 8:16,18
8:21 9:2,4 11:17
12:9 41:6
**agreement** 6:6,13
9:21,24 10:8 22:16
37:12
**agreements** 9:14
**Alliance** 26:22 28:9
32:9,13 33:16
34:10 39:20 40:7
40:18 42:7,25
**Allison** 2:10 3:20
32:19 33:11,18,21
34:19 35:6,10,16
39:4 42:22 43:2
**Allison's** 33:19
34:17 36:15 37:7
46:11
**allow** 10:5 29:4
**allowed** 8:11 10:2,17
**allowing** 8:9 39:9
**ALSTON** 4:7
**Alternatively** 26:4
39:22
**ambiguous** 30:1
**America** 28:25
42:20
**American** 26:22
28:8 32:9,13 33:16
34:10 39:20 40:6
40:18 42:6,25
**Americanized** 15:3
**amount** 10:2,6,17
22:12 28:16 31:14
35:20 42:10
**amounts** 5:15 10:8
**analysis** 28:12 39:17
42:7
**and/or** 43:20
**answer** 38:7,16
**anticipate** 9:13
**apologize** 33:3
**apparently** 20:15
37:24
**appeal** 19:15
**appear** 20:13

**appearance** 20:21
**appeared** 20:12
**appears** 19:24 40:2
**application** 40:11
**applied** 26:15,21
40:7 41:2
**applies** 25:1 39:17
40:4
**apply** 12:18 21:6
24:13 26:9 27:2,14
28:6,7 39:23
**applying** 27:5 40:17
40:20
**appropriate** 32:4
**appropriately** 14:4
**approval** 43:15
**approved** 9:5 12:11
22:1 30:14
**approximately** 5:20
37:23
**April** 6:21
**arguably** 25:24 31:1
41:25
**argue** 6:15 15:11
24:23
**argued** 30:8
**argues** 30:21
**argument** 29:24
**arguments** 37:9,9
**Arps** 3:3 16:13,15
**articulated** 42:13
**asking** 19:9
**assert** 10:8
**asserted** 8:15,20 9:1
9:9 14:10,11
**assignee** 8:25
**Associates** 17:24
39:25
**attached** 15:7,14
16:25 17:16 19:23
20:4 21:3 23:20
30:12 36:15
**attaches** 17:10
**attachment** 15:18
**attempt** 41:22
**attempted** 16:21

**18:22 24:23**
**attention** 19:5
**attitude** 18:24
**attorney** 14:24 16:8
16:13 17:5 25:3
29:24
**attorneys** 3:4,11,20
4:8 16:15 19:3,6,6
19:12
**August** 38:12
**authority** 18:2
**Automotive** 13:8,13
13:18
**Avenue** 4:2,9
**avoid** 42:20
**aware** 45:1
**a/k/a** 3:12

## B

**B** 1:21 2:4,15 21:4
**back** 12:14 16:19
17:12,17 18:12,13
22:12 23:8 35:4
**Backi** 6:20 7:3
**bad** 29:1 42:19
**balance** 18:14 35:5
**Bankr** 26:11,13
29:12 39:16 40:10
**bankruptcy** 1:2,13
1:23 9:6 26:2,7,7
26:18 31:15 33:12
33:25 34:14,20,22
36:10,19 37:4,11
39:7,8,14,15 40:3
41:11 43:5 44:2
**based** 41:6
**basic** 34:16,25 35:1
40:17
**basically** 10:1 11:18
12:14
**basis** 26:17 30:20
32:8,14,16 39:12
39:13,14 41:15
43:19
**Battery** 8:15
**behalf** 2:10,21 5:5

belief 32:12 43:3,11
believe 9:5 14:9 15:9
  15:17,22 16:1,19
  18:4,8 20:22 21:5
  22:25 29:25 30:21
  30:25 31:12 33:20
  33:22 35:12 36:7
  36:19 43:6,8,10
  44:9
bench 44:16 47:9
best 35:2
BETZ 3:19
beyond 11:24
big 35:7
billion 5:20 22:17
  37:14
billions 31:24 43:16
BIRD 4:7
bit 33:14
blame 18:10
Blvd 3:13
body 21:11
book 2:5,16
Bowling 1:14
Brien 40:15
broader 9:25 10:9
brought 19:5 25:1
Brunswick 17:24
  39:25
burdens 29:22
burden's 13:22
businessman 31:2
Butler 16:8 17:5
  18:22,22
B.R 26:9,11,13 27:1
  28:18 29:12 39:16
  40:6,10 41:21
  42:13
B1 20:3 24:6
B2 20:3 24:6

—————
C
—————
C 3:2 5:1 47:4,4
Cadence 4:8 11:12
  11:14
Cadence's 11:19

calendars 35:8
call 16:10
called 16:7,14,17,18
calls 16:18 25:8
care 11:3
careful 21:23
careless 18:5
carelessness 18:4
  28:20 42:15
Carl 2:10 3:20 33:11
  39:4
case 1:4 6:8 15:25
  17:23,23 18:14,15
  18:17 19:9 20:3,21
  21:23 22:4,18
  25:23 26:19 28:11
  29:11,11 31:12,18
  31:20 33:14 34:13
  35:3,7,14,17 37:22
  39:6,10 40:9 41:16
  42:23 43:14 44:15
cases 17:22 26:12
  28:4,5 39:16
CATHERINE 4:12
cause 35:16
caused 28:21
Celebrity 27:20
cell 16:9,9
Center 8:18 28:25
  42:21
cents 8:19
cert 27:21
certain 2:3,6,7,14,17
  2:18 7:17,19 10:6
  22:16 37:13
certainly 7:24 14:16
  18:10 34:8
certify 47:6
chambers 45:11
change 9:10 38:13
  38:24 44:16
changed 38:24
Chapter 29:11
chart 5:13
check 38:18
checked 29:13

Chicago 3:6
Cincinnati 3:22
Cir 26:23 27:19,20
  29:1,22 39:21
  40:16,25 42:21
circuit 24:21 25:23
  26:5,16,22 27:4,4
  27:6,11,15 28:3,19
  28:24 29:19 39:13
  39:19 40:16,19,23
  42:14
circuits 22:5
Circuit's 22:4 29:8
circumstances 7:19
  18:14 24:24,25
  29:7 31:10 40:8
cited 17:22 28:5
cites 27:19
Civil 15:8
claim 6:9,11,18,23
  7:1,9,13,17,20 8:4
  8:10,11,16,16,18
  8:20,22,24 9:1,3,4
  9:8,9 10:2,6,7
  11:15,19 12:12,13
  12:17,23 13:5,7,12
  13:18 14:4,13,14
  14:21 15:2,5,6,10
  15:24 16:1,7 17:3
  18:1,15,16 19:10
  19:14,23 20:23
  21:13 23:20 24:15
  25:21,21 26:6 29:4
  30:2,8,12,14,16,17
  30:18,19 31:4,6,14
  31:18,19,20,25
  32:3 33:19 34:6,17
  34:19,22,25 35:13
  36:11 38:14 39:6
  39:10 41:12 43:7
  43:18 45:2
claimant 5:23 6:6
  10:6,7,17 18:8
  21:14 23:1 24:4
  27:24 29:13,25
  30:16 32:8,13

42:23
claimants 20:1
  22:12 23:14 30:13
  31:17 43:25
claimant's 30:3,19
claiming 15:8,20
  27:16 41:4
claims 2:3,4,6,7,8,14
  2:15,17,18,19 5:7
  5:9,13,20,24 6:5
  6:19,19,21 7:4,12
  7:14,15,17 8:3,8
  8:10,11 9:15 10:11
  10:11,17 11:12
  12:7,8,11,16 15:24
  17:11 19:11 20:2
  22:9,11,16,19 24:5
  25:17 31:23,24,25
  37:10,13,14,15,16
  43:16,17,22 45:6
claim's 6:24 14:10
Clark 2:10 3:24
  32:20,21,23,25
  33:5,10 36:1,6,23
  37:17,19 38:7,12
  38:16,18,21,23
  39:2
classify 10:6
clean 8:10 12:17
clear 18:10 21:9
  22:2 27:13,15 28:1
  28:24 33:5 39:13
  41:1,3,14,16 42:2
  43:2
clearly 30:1
clerk 37:3
client 21:25 29:22
closed 16:17
Code 26:7,18 39:8
  39:15
Cogeneration 22:4
  27:18 40:24
cognitive 29:3 42:19
  42:24
COHEN 3:10
comment 10:13

**Commission** 15:8
**company** 5:22 7:6
  7:19,20,25 8:5
  13:23 17:24 26:23
  28:9,9 33:16 34:11
  39:20,21,24 40:7
**company's** 8:5,22
**Company,92** 26:23
**complaint** 34:21,25
**complaints** 35:1
**completed** 11:14
**completion** 11:21
**compliance** 36:19
**compromising** 8:9
**Comptrol** 9:8,9
**concedes** 21:2
**concept** 24:13
**concerns** 33:11
**conclude** 31:10 41:7
  42:22
**concluded** 45:16
**conduct** 6:8 28:23
  29:2
**confer** 7:6 32:5
  43:19
**confirmed** 21:3
**confirming** 36:17
**confirms** 36:16
**confusing** 20:11
  29:10 30:1,11
**connection** 32:11
  33:2
**Connelly** 11:16
**conscious** 31:11
**consciously** 34:8
**consent** 17:8
**consequences** 42:4
**consequently** 42:24
**consider** 42:8
**considerable** 44:2
**consideration** 32:10
  39:18
**considered** 26:4,13
  32:12 44:5
**considering** 26:16
  39:22

**consistence** 7:23
**consistent** 30:13
**constituents** 22:8,17
**constitutes** 22:6
**construction** 22:4
  29:6
**construe** 18:2
**construed** 27:14
  28:2 40:19
**construing** 26:20
  27:11 28:6
**contact** 18:22
**contacting** 25:6
**contained** 30:23
**contemplates** 43:18
**contested** 7:13
**contingent** 2:7,18
**continue** 41:3
**continued** 12:7
**continues** 27:15
**contours** 34:14
**contradicts** 23:10
**control** 27:9 32:7
  40:23
**copies** 16:22,24 20:2
**copy** 23:25 24:5
**Corp** 27:18,21 29:12
  40:25
**Corporation** 1:8 3:4
  5:2 12:25
**correct** 9:22 13:4
  19:17,19,20 47:6
**correcting** 44:15
**correctly** 16:20
**couched** 10:13
**coughing** 37:19
**counsel** 5:8 6:15
  21:1,8,22 24:13
  25:19 27:24 29:18
  30:21 34:9 36:2,8
  37:7 38:11,13 39:4
  43:2 44:10
**counsel's** 29:24 37:3
**counsel,unlike**
  42:22
**couple** 16:14,17 17:6

37:20
**course** 27:17 33:7
  41:5
**court** 1:2,13 5:2,4,6
  5:11,17 6:2,17,22
  7:3,10 8:2,8,13 9:6
  9:7,20,23 10:4,12
  10:16,20,22,25
  11:3,8,15,21 12:2
  12:5,22 13:1,5,9
  13:14,22 14:2,5,8
  14:15,17,21 15:1
  17:19,23 18:1,2,11
  19:8,9,13,18,20
  20:6,8,11,18,20,24
  21:14,17,20 22:25
  23:3,23 24:12,19
  24:25 25:11,16,18
  26:13,25 27:13,14
  28:17 30:15 32:20
  32:22,24 33:3,8,15
  34:16,24 35:25
  36:2,5,21,24 37:17
  38:6,9,22 39:1,3
  39:24 40:5,21 41:2
  41:13 42:8,11
  44:13,18,22 45:1,7
  45:11,15 47:9
**courts** 26:4 40:14
**Court's** 25:19 27:2
**creating** 22:12
**creditor** 9:1 14:9,13
  18:1,8
**creditors** 14:9 33:12
**Crossing** 3:13
**crucial** 37:16
**Cruises** 27:20
**crystal** 21:9 22:1
**Ct** 39:25
**cut** 33:2
**C1** 20:3 24:6
**C2** 20:3 24:6

---
                **D**
---
**D** 1:22 5:1 20:3 24:6
  46:4

**Darst** 2:21 3:16
  14:23,24 15:2
  19:17,19,22 20:7
  20:10,12,20,22
  23:5,17,19 24:3,8
  24:10,18,20 25:19
**date** 6:10 10:10 20:9
  37:21,21 41:9,9
  43:12 47:12
**dated** 19:24 20:15
**day** 8:6 16:11 17:6
  36:17
**days** 17:6 26:1 33:21
  33:22 34:2 36:11
  37:5,23 38:1,1
  41:9,19 42:1
**DBM** 6:24
**DBM's** 7:1
**deadline** 22:2 30:4
  31:5 33:20,22 34:3
  34:8 35:21 38:2
  42:3
**deal** 14:12 31:25
**dealing** 31:23 43:16
**Dean** 5:6
**debtor** 1:10 12:9
  13:6 14:7 15:12
  19:1,2 24:23 36:2
  37:4 43:7
**debtors** 2:5,16 5:5
  13:2 14:1 15:11
  16:8 17:16,22,25
  18:7,10,17 23:13
  24:20 25:14,25
  30:16 31:15,15,16
  31:22 36:11 39:5
  43:15 44:1,10,23
  45:12
**debtor's** 15:18 19:3
  19:6,6,12 24:12
  25:3,20 31:5
**December** 25:20
**decision** 27:2,3 28:5
  29:4 42:24 44:14
**declaration** 22:21
  23:7 36:14,18,22

37:5
**deemed** 12:23
**default** 26:16,18
  29:3,5 39:18 42:20
**defaults** 28:21,23
**defense** 28:15 34:15
  42:10
**delay** 18:20,20 19:4
  19:4 22:6 25:12
  27:8 32:7 35:12
  40:22 43:23
**deliberate** 28:23
  31:11 32:8 42:19
**deliberateness**
  42:18 44:9
**Delphi** 1:8 3:4 5:2,7
  5:9 9:1 12:25 13:8
  13:13,18 32:15
  34:2,20 35:7,13,17
  35:19
**demand** 45:5
**denied** 26:14 27:21
  35:18 46:8,11
**deny** 44:10
**denying** 16:7 19:10
  32:16 35:16 41:16
  41:18
**depending** 28:22
**described** 30:5 31:7
**determinative** 42:18
**determine** 13:12
  14:3
**determined** 6:10
  13:10
**determining** 13:15
  27:2 40:1
**Diaz** 5:9 16:16,22
  17:1
**dictates** 27:13 41:2
**different** 13:15
  17:13 28:8 33:15
  42:7
**DIP** 7:1
**disallowance** 26:6
**disallowed** 45:2
**disallowing** 2:2,13

39:9
**discovery** 6:8 32:4
  34:22 43:20
**discretion** 45:8
**discrimination**
  34:19
**discussed** 39:15
**discussions** 7:24
**dispose** 44:24
**dispositive** 7:8 32:3
  32:10 42:20 43:20
  44:4
**dispute** 15:5,10 16:1
  16:22
**disputes** 40:14
**distinction** 21:20
  26:24 29:7,20 40:9
**district** 1:3 9:6
  11:15 26:25,25
  40:5 41:13
**docket** 8:10 12:18
**documentary** 15:7
  16:2
**documentation** 2:4
  2:15 9:23 34:21,25
**documents** 37:20
**document(s)[6224**
  2:9,20
**dollar** 7:21
**dollars** 7:18 8:17,19
  8:20 9:4,9,10
  22:17 31:24 37:14
  43:17
**door** 22:11
**DRAIN** 1:22
**Drive** 3:5
**due** 21:8 22:19
  29:23 35:8
**duplicate** 12:11

_____

**E**
**E** 1:21,21 2:9 3:2,2
  3:24 5:1,1 46:4
  47:4
**Eagle** 26:23 28:9
  33:16 34:11 39:20

**Earl** 44:21
**earlier** 28:6 30:24
**earliest** 37:12
**Eastern** 31:6
**effect** 35:14 44:11
**efficient** 43:21
**efficiently** 31:25
**either** 5:22 6:7
  10:18 26:15 31:2
  32:12 40:11 41:23
  43:20 44:5
**electronic** 47:7
**element** 19:1,4
**elements** 18:18,19
**emerge** 37:11 44:2
**emergence** 11:24
**emphasis** 28:13
**emphasized** 40:21
**employees** 41:16
**Enron** 26:10,11,20
  27:18 28:4,5,18
  29:11,12 39:16
  40:8,13,24 42:13
  42:23
**entered** 7:16 29:5
  30:6,15 31:8
**entirely** 18:7 27:15
  27:25 39:13 41:3
**entities** 12:9,24
**entitled** 33:23
**entity** 12:12 13:24
  14:7
**entry** 8:9 26:1
**enunciated** 26:22
  28:8 33:16 39:19
  39:23
**equitable** 32:14
**equities** 26:19 27:12
  35:5 40:25 44:6
**equity** 7:20
**Ericka** 9:3
**Ericsson** 29:21
**especially** 22:3 43:1
**ESQ** 3:8,16,24 4:5
  4:12
**Essef** 27:21

**essence** 13:23
**established** 41:15
**establishes** 41:10
**evaluating** 31:13
**evaluation** 28:12,22
**Evan** 22:21 36:14
**event** 11:24 38:1
  44:8
**events** 16:4
**evidence** 15:7 16:2
  22:21 36:14
**evidentiary** 22:23
**exactly** 22:5 24:1
**example** 14:9 29:9
  29:11
**Excellent** 11:6
**exception** 7:20
**exchange** 16:21
**excusable** 18:3 21:7
  22:3,6,20 26:18
  27:16 28:7,22,24
  32:14 40:2 41:4
**excuse** 37:19 41:22
  43:3,11
**executed** 10:18
**exhibit** 15:15 16:25
  19:23 21:4 23:20
  24:10 29:14
**exhibits** 20:2 24:6,7
**expect** 7:2 8:7,22
  27:16 41:4
**expecting** 24:14
**expedited** 37:10
**experience** 21:21
**explain** 23:13
**explained** 23:7
**explains** 38:19
**explanation** 17:19
  23:8
**explore** 7:7
**express** 10:16
**expressly** 21:11
**expunge** 12:16
**expunged** 5:19
  12:13 21:13 22:11
**expungement** 34:6

**expunging** 2:3,14
  37:15
**extend** 11:24
**extension** 8:6,7 17:8
  17:9 41:24
**extra** 6:7
**extraordinary** 24:24
  24:25
**e-mail** 16:24
**e.g** 40:15

---
**F**

**F** 1:21 47:4
**face** 42:3
**fact** 15:6,10 18:5,15
  18:21,21 19:3 20:1
  20:12 22:23 23:6
  24:6,24 30:13
  41:25 43:8
**factor** 27:7,8,10
  28:13,19 32:11
  40:21 42:14,18
  44:5
**factors** 26:21 27:5,7
  28:12,22 40:20
**facts** 33:14 36:8
  40:11 41:7 43:24
**fail** 28:2 29:16
**failed** 34:3
**fails** 27:13 41:1
**failure** 28:14 31:11
  34:11,12 41:22
  42:9,19
**fairly** 31:25 43:23
**faith** 18:21 25:6,12
  29:1 42:19
**fall** 7:21 44:3
**far** 7:20
**fault** 18:7
**favor** 17:25,25 27:12
  41:1
**favors** 35:6
**February** 1:17
  35:15 47:11
**Federal** 26:2 40:2
**federation** 25:17

**feel** 33:8 35:15
**FENOGLIO** 4:12
**fifty** 33:1
**file** 7:23 8:8 13:17
  14:14 17:9 20:16
**filed** 2:9,20 6:9,11
  6:19 12:23 15:5
  18:16 19:7,16
  20:16,21,22 21:9
  31:19,24 34:20,21
  34:23 35:1 36:17
  36:18 44:21 45:2
**filing** 12:8 17:7
  41:23
**final** 29:23
**finally** 6:23 16:14,19
  35:4
**financing** 7:2
**firm** 34:14
**firms** 38:24
**first** 6:3,9 8:14
  14:22 16:3,20
  26:21 30:3,14 31:3
  34:11 35:11 42:4
**fix** 34:7
**FLOM** 3:3
**focus** 29:2 31:16
**follow** 15:21,22
  17:20 27:13 41:1
**followed** 15:13 18:5
  30:2 43:19
**following** 17:6 26:1
**follows** 32:2
**footnote** 16:25 17:15
  19:22 20:1,1,13
  23:13,15,19,21
  24:11 30:8,10
**foregoing** 47:6
**form** 9:12,17,19
  11:17 12:9 15:15
  15:19 16:25 17:16
  18:13 19:22,25
  20:4,13,16 23:10
  23:19 24:11 30:11
  30:22 38:14
**former** 26:8

**forth** 28:11 30:3
  31:18 35:8 41:21
  42:3,6,20
**forty-one** 12:16
**forty-two** 12:9
**forwarded** 24:22
**found** 26:14 28:18
  35:12
**four** 27:6 40:20
**fourth** 12:7
**four-factor** 28:12
**frame** 33:24
**framework** 22:15
  37:12
**frankly** 37:1
**FRBP** 2:1,12
**FRCP** 2:1,12
**free** 33:8
**FREKING** 3:19
**front** 39:3
**full** 36:19
**Fund** 8:25
**further** 6:21 7:22
  30:7 31:9 40:24
**future** 24:3 30:22
**futurity** 24:13
**F.2d** 29:21
**F.3d** 26:23 27:18,20
  28:9,25 39:21
  40:15,25 42:21

---
**G**

**G** 5:1
**Gallet** 26:21
**GARELICK** 3:10
**general** 10:6 15:23
  15:24 22:16 37:13
  37:13
**generally** 20:21
**Gershbein** 22:21
  36:14
**getting** 9:13,16
  12:20 16:6
**gist** 44:16
**give** 6:7 16:4 24:18
  35:1 44:13

**given** 8:6 17:14
  27:23 43:3,9
**giving** 20:9
**GLAZIER** 3:10
**go** 7:14 18:18 44:14
**going** 6:13 7:7 12:16
  13:9,22 14:21
  21:14 35:14,21
  37:8
**Gold** 28:25 42:21
**Gonzales** 42:13
**Gonzalez** 26:20
  28:18 40:7,13
**good** 5:3,4 11:10
  18:21 25:6,12
**GORMAN** 4:5
**grant** 25:16
**granted** 28:17 42:12
**granting** 25:20 30:6
  31:8 39:5
**great** 35:16
**Green** 1:14
**gross** 42:16
**Gucci** 28:24 31:12
  42:20
**guess** 10:13 13:14

---
**H**

**H** 2:21 3:11 19:14
**hand** 5:13 8:23 9:11
  9:16 10:2 35:15
**happened** 37:25
**happy** 7:12 11:4
  33:7
**harassed** 15:8
**hard** 27:4 40:20
**harm** 35:12
**headed** 30:2
**headway** 5:19
**hear** 17:4 33:9
**heard** 6:16 32:23
  35:19
**hearing** 2:6,17 11:18
  11:20 12:4,7,21
  20:9 29:4 36:10,12
  37:5 41:9 42:1

44:22,24 45:9,13
**hearings** 5:13,24 6:4
    6:6 32:3
**held** 8:24 26:25 27:6
    27:11
**hereto** 19:23 23:20
**high** 31:14
**holding** 31:17
**HON** 1:22
**Honor** 5:3,12,18,25
    6:3,13,23 7:5,13
    7:15,16 8:7,14,23
    9:11,11,17,17 10:1
    10:3 11:11,13,13
    11:17,23 12:4,21
    13:11 14:3,18,23
    16:4 20:19,25 21:6
    21:8,14,22 22:1,7
    22:16 23:5,12,14
    23:21 24:18 32:17
    32:18 33:11 36:4,7
    36:13,19,25 37:1,8
    38:10,17 44:12,17
    44:20,23 45:10
**Honor's** 8:8,10
    12:10 37:15
**Hubbell** 26:9 27:1
    40:5 41:13,21
**hundred** 5:21
**H.E** 6:20

## I

**IAM** 12:19
**IBEW** 12:19
**identified** 2:8,19
    15:19 17:4
**identifies** 30:19
**identifying** 31:4
**II** 2:5,16
**III** 2:6,17
**IL** 3:6
**immediately** 16:7,23
    18:22 34:6
**implementing** 39:7
**important** 17:23
    27:7,10

**inadvertent** 18:3
**included** 18:3 30:9
**includes** 10:16 26:17
**including** 12:19 15:7
    20:8 22:8 25:6
    27:8 32:3 40:22
**incorporate** 44:7,8
**incorporated** 40:3
**incorporates** 26:2
**incur** 28:17 42:11
**Indian** 15:8
**Indiana** 3:14
**Indianapolis** 3:14
**indicate** 38:23
**indicated** 47:9
**indicating** 19:25
    35:19
**indiscernible** 34:22
    34:23 35:2
**Indus** 40:15
**informal** 7:24
**information** 16:21
    17:2,6 18:24 25:9
    25:10 26:12 40:10
**Innovation** 4:8
**InPlay** 8:4,19,20
**inquire** 44:23
**instances** 33:2
**instructions** 15:13
    15:21 17:13,21
    18:5
**insufficient** 2:3,14
**Insurance** 26:22,23
    28:9,9 33:16 34:11
    39:20,20 40:7,18
    42:25
**integrity** 22:9,18
    37:15
**intellectual** 21:15,17
    25:4
**intend** 10:19
**intended** 17:17
    43:21
**interest** 14:13 31:22
    43:15
**intermittent** 33:1

**interpretation** 29:8
    31:1
**interpreted** 27:3
    28:19 42:14
**interrupt** 33:8
**Intervoice** 8:25
**Investment** 17:24
    39:24
**investors** 22:9
**involve** 29:3
**involved** 18:15,16
**involves** 28:11
**issues** 7:7
**item** 6:9,11,11,18
    7:11 8:15,17,19,24
    9:2,8 11:11 12:6
    32:17 44:20
**items** 6:19 44:19
**IUECWA** 12:19
**IUOE** 12:19
**i.e** 43:4

## J

**James** 2:21 3:11
    6:20 19:14
**jeopardize** 31:15
**Jewelry** 28:25 42:21
**Joe** 5:8
**John** 3:8 5:5
**joint** 10:14,25
**JUDE** 4:5
**Judge** 1:23 26:20,21
    28:18 40:7,13
    42:13
**judgment** 26:17,18
    29:23 39:18 45:5,5
**judgments** 26:3
**June** 7:16
**justified** 43:24
**justify** 42:1
**JWP** 26:12,21 28:4
    40:9 43:14

## K

**Karen** 5:7
**keep** 35:8
**Keystone** 3:13

**kind** 5:14 25:24
**knew** 25:9 29:3
**know** 7:8 11:20 21:5
    21:15,24 22:10,18
    33:6 35:8,19 37:1
    38:16,25 42:23
**known** 38:4
**Kraft** 5:7
**Kullman** 40:15

## L

**L** 2:20 3:16 29:21
**Labor** 6:11
**lady** 16:16
**LaFonza** 44:21
**language** 12:10 20:8
    31:3
**late** 18:15
**LATHAM** 4:1
**law** 25:23 38:24
    41:16
**lawyer** 18:23 31:1
**led** 30:21
**left** 16:9
**legal** 21:18,19,21
    25:4
**legally** 28:15 34:15
    42:10
**length** 19:4,4 43:9
**lengthy** 32:6 43:23
**letter** 16:11,12,13
    25:7
**let's** 6:2 23:18
**liberal** 18:2
**lifted** 11:13
**light** 6:9 31:2
**limit** 7:21
**limitations** 40:17
**limited** 21:15 39:25
**line** 11:5 24:4 27:5
    40:20 43:18 46:7
**lines** 10:20 45:4
**liquidate** 11:14
**liquidation** 11:21
    43:22
**Lisa** 5:9 16:16

listening 32:25
lists 21:11
literal 15:13 17:21
    18:5
literally 15:21
litigant 29:10
little 33:14
live 6:14
LLC 4:8 13:8,13,19
LLP 3:3 4:1,7
local 12:8,18
long 29:19
Longacre 8:24
look 10:3,12 45:7,11
looking 6:25 8:22
lose 27:17 41:5,7
Lyons 3:8 5:3,5,5,12
    5:18 6:3,18,23 7:5
    7:11 8:3,14 9:8,22
    9:24 10:5,15,19,21
    10:23 11:2,6,10,23
    12:3,6,25 13:4,7
    13:11,17,25 14:3,6
    14:12,16,18 20:19
    20:25 21:19,21
    23:2,12,18,21,24
    24:4,9 32:17 36:4
    36:7,25 38:10,13
    38:17,19 44:12,17
    44:19 45:3,10,14
L.P 27:18 40:24

_____

**M**

M 29:21
mail 36:11 37:4
mailed 22:23 36:16
    37:24 41:10
mailing 41:15
making 5:18 18:10
    24:13 42:5
management 34:4
managing 5:8
manner 30:5 31:24
    44:25
March 6:12,16,24
    35:15

Master 8:24
materially 35:22
matter 1:6 8:12 9:15
    12:7 18:15,21
    19:25 22:22 23:6
    47:8
matters 6:4 10:10
    16:3
Matz 5:8
MEAGHER 3:3
mean 11:3 21:21
    45:7
meaning 15:16
meaningful 29:9,9
    40:8
means 24:3
mediation 6:8 11:14
    32:4 43:21
meet 7:5 32:5 43:19
Megan 2:9 3:24
memorialized 40:1
mentioned 18:19
    25:3
merits 28:16
merits,see 40:15
message 16:9
messages 16:15
met 22:20
microphone 33:4
Midland 22:4 27:17
    40:24
million 5:21 7:18,21
    8:16,20
mind 11:4,9
minimum 44:8
minute 33:2
minutes 33:1
misleading 29:13
misplaced 37:3
missed 34:14
mistake 18:3 29:23
mistakes 34:5
modified 47:9
modifying 2:5,16
moment 28:1
month 25:8

months 43:13,14
morning 5:3,4
motion 2:1,12 7:8
    13:18 16:21 17:7
    18:14 19:7 21:4
    24:17 25:1,16,18
    25:21,24 26:5,14
    26:16 27:3 28:1,17
    31:13 32:11,16,18
    33:10,13,17 34:16
    35:16,18,21,23
    36:15 37:10 38:23
    39:4,6,11,12,13
    42:12,25 43:6,12
    44:10 45:3,5,8
    46:9,12
motions 14:19 32:4
    39:8 43:20
movant 27:9 28:15
    28:21 29:2,5,9
    40:23 41:7 42:10
    42:16
movants 14:20
move 38:11
moved 38:14
moving 35:9

_____

**N**

N 3:2 5:1 46:4 47:4
name 15:4 16:15
    30:3 47:15
national 15:9
necessarily 31:14
    42:17,18
necessary 6:8
need 33:6
needs 21:6
neglect 18:3 21:7
    22:3,6,20 26:18
    27:16 28:7 32:14
    34:13 40:2 41:4
negligence 28:20,21
    42:15,16
negotiation 7:4
neither 32:14
never 17:4,4

New 1:3,15,15 4:3,3
    4:10,10 9:6 26:25
Nguyen 2:21 3:11
    14:22,24 15:3
Nguyen's 46:8
nice 16:16
nine 37:23 38:1,1
Nissan 8:17
nom 27:21
nonmovant 28:16
    42:11
nonpriority 10:7
Northern 26:25
note 19:24 31:13
    32:25 43:1
noted 25:3 28:4
    34:16 39:11 40:4
    40:24 43:14
notice 7:18,22 8:4
    12:14 13:25 14:6
    15:11,12,13,14,14
    15:15,17,19,20,21
    15:23 16:6,6 17:1
    17:12,14,15,17,21
    18:12 19:14,23
    20:6,14,14,17,21
    21:10,25 22:1 23:4
    23:7,11,15,16,25
    27:24,25 29:10,12
    29:15,19,25 30:1,2
    30:7,10,11,13,18
    30:22,23 31:4,9,22
    33:21 34:2,5 38:2
    41:8,20,23,25 42:2
    43:2,4,10,11,15
noticed 5:24 6:4
notion 44:8
notwithstanding
    29:24
November 21:2 24:9
    31:6 36:9 37:1,22
    38:19
number 6:4,18 8:15
    8:17,19,24 9:2,8
    11:11 12:6,18
    18:19 22:8 25:21

_____

**N-G-U-Y-E-N** 19:15
**N.D.N.Y** 26:10 40:6

## O

**O** 1:21 5:1 47:4
**object** 14:13,15,16
  18:19 38:8
**objected** 38:5
**objection** 2:8,19 8:6
  11:12,12,16,19
  14:14 15:24 16:24
  17:7,10,10,10,13
  17:16,19,22 18:11
  18:18 19:14,21,23
  20:2,16 21:10,12
  21:22,24,25 23:3,9
  23:10,16 24:1,5,15
  24:23 25:20 30:2,9
  30:11,14,17,18,18
  30:20,21 31:5,19
  32:1,3 33:18,19
  34:17,18 36:11,21
  38:4 39:5 41:24
  42:3,5,23 43:18
**objections** 5:15
  23:19 31:19,21
  41:12
**obtained** 43:15
**obviously** 38:4
  43:13
**occur** 28:23
**occurred** 44:9
**October** 36:16
**offer** 22:21 35:2
**office** 16:17 34:1
  37:2,3,21
**offices** 38:11,15,24
**official** 47:7
**OH** 3:22
**Ohio** 9:6
**Okay** 5:11,17 6:3,17
  6:22 7:3,10 8:2,13
  8:14 10:4,12,22
  11:2,6,10,10 12:2
  12:5 14:17,18,21
  19:20 20:11,18,24

20:24 22:25 24:16
  24:17 25:18 32:20
  32:22 33:3,5,8,10
  35:25 36:1,6,21,24
  37:17 38:9,22 39:1
  44:18 45:15
**omission** 29:23
**omnibus** 2:8,19 5:15
  7:24 11:12,16,19
  12:7 15:12,13,14
  15:19,21,23 16:24
  17:13,14,15,18,21
  18:18 19:21 20:2
  21:12 23:9,9,16
  24:1,5,15 30:8,14
  30:17 31:18 33:19
  37:16
**once** 11:13
**ones** 25:7
**one-day** 17:8,9
**open** 22:11
**opening** 35:13
**operating** 7:15
**opposed** 24:15 30:23
**oral** 44:13
**order** 2:2,13 5:25
  7:2,16 11:1,6 16:7
  18:6 25:20 26:1
  27:14 30:6,15 31:8
  32:15,16 34:14
  39:5,9 44:11 46:10
  46:13
**ordered** 11:5
**orders** 37:15,15 41:2
**ordinary** 27:17 41:5
**organized** 43:22
**origin** 15:9
**original** 8:25
**Orleans** 9:6
**outlined** 32:2
**outside** 19:24 26:1
  41:19 43:4
**overall** 35:14
**o'clock** 16:17
**O.W** 26:9 27:1 40:5
  41:13,21

## P

**P** 3:2,2 5:1
**package** 19:21 21:1
  21:2,5 30:9,24
  36:9
**packet** 17:12,18
  18:12,13 23:8
**Page** 46:7
**papers** 6:14,15
**paragraph** 21:12
  30:3 31:3 42:4
**parent** 12:17,23
  13:23 14:9,10
**Park** 4:9
**Parker** 9:3,12,17
**part** 18:21 28:21
  34:11,15 38:3
  42:16
**particular** 8:1
**particularly** 17:14
  31:2
**parties** 6:7,13,25
  8:18,21 10:19,23
  31:22 43:15
**Partnership** 39:25
**party** 10:18 12:1
  14:13 27:12,16
  41:1,4 42:17
**passed** 35:20
**pausing** 36:5
**payment** 45:5
**pending** 11:11,15
**Pennsylvania** 29:14
  29:14,16
**people** 11:3,8 15:3
**period** 8:6 41:11
  43:5
**permit** 29:4
**permitting** 43:7
**personalized** 15:15
  15:20 16:5,6,7
  17:1,12,17 18:12
  20:14,17 21:10
  22:1 23:7,11,15,16
  23:25 30:1,18
**petition** 10:10

**phone** 16:9,9 32:20
**phonetic** 22:22
**phrase** 28:7 40:2
**Pioneer** 17:23 18:13
  24:25 27:2,5,12,17
  28:2,6,13 29:8
  32:8,13 39:24 40:4
  40:17,19 41:5,8
  42:8 44:7
**Pioneer's** 28:13
  40:20
**place** 25:16 37:12
**plan** 22:8
**pleadings** 44:22
  45:1
**plus** 16:2
**PM** 31:6
**podium** 14:20
**point** 24:12 32:1
  37:6
**points** 37:7,20
**policy** 37:20
**position** 15:18 23:6
  25:24
**possible** 37:12 38:21
**possibly** 26:24 44:24
**post** 37:2
**preceded** 32:4
**preceding** 27:19
**precluded** 42:25
**preference** 40:14
**prejudice** 12:14
  13:20 19:1,2 22:7
  22:7 25:13,14,15
  28:16 31:16 35:5
  35:10,16 37:8
  42:11 43:7,9 44:1
**premise** 40:17
**prescribed** 41:11
  43:5
**preserved** 14:11
**pressure** 44:2
**presumption** 41:14
  41:17,20
**pretty** 21:9
**previous** 5:13 39:11

**pre-petition** 10:11
**print** 30:4
**printed** 47:15
**prior** 10:10 36:11
43:6
**pro** 21:14 29:10
**probably** 25:4
**problem** 33:18 34:7
**procedural** 13:15
22:22
**procedure** 5:25
43:18
**procedures** 5:22 6:5
7:1,16,23 31:17,23
43:16
**proceed** 6:1,2 22:10
29:4
**proceedings** 45:16
47:8
**process** 5:16,21,22
7:9 9:13 11:22,24
12:20 22:10,19
23:13 32:1,6,9
37:11 43:23,24
44:1
**professional** 16:16
18:23
**promptly** 19:2,3,5,7
25:13
**pronounced** 19:15
**pronunciation** 15:4
**proof** 20:22 30:16
30:19 34:25 38:14
39:6
**proper** 15:22 18:9,9
25:23 39:14 41:15
**properly** 14:10 15:6
15:10
**proposition** 26:8,10
**propositions** 26:14
**prosecution** 11:18
**prospects** 22:13
**proves** 37:5
**provide** 13:1 22:22
30:16
**provided** 25:10

30:13 34:24
**provides** 43:23
**provisions** 9:25
**published** 33:13
**purposes** 29:6 41:25
**pursuant** 5:24 6:5
30:17 39:6 42:8
**pursue** 6:7 35:18
**put** 8:12
**putting** 13:14

_____

## Q

**question** 35:5 38:10
**questions** 5:25 7:25
9:18
**quick** 23:12 37:20
38:10
**quoted** 30:10,24
31:3
**quotes** 27:19

_____

## R

**R** 1:21 3:2 5:1 47:4
**raised** 33:18
**rarely** 27:12 41:1
**reach** 16:9 40:12
**read** 20:6 23:18,22
23:23
**reading** 24:16
**ready** 44:25
**realize** 38:8
**realized** 38:6
**realizing** 38:3
**really** 14:11 35:12
37:9 43:3 44:1
**reason** 11:25 18:20
18:20 22:6 27:8
37:25 40:22 44:4
**reasonable** 27:9
30:25 31:2 32:7
40:23
**reasonably** 29:13
**reasons** 35:22 44:10
**reassert** 13:21 14:7
**rebut** 41:17,20
**recall** 11:13
**receipt** 41:14,17,18

41:19,25 43:9
**receive** 15:17 16:10
16:12,12,14 17:5
20:1,14,17 21:22
23:24,25 24:5,7
34:1 37:20
**received** 16:5,23
19:14 21:1,3 23:1
23:14 24:2,10
27:24,25 29:19,25
30:22 33:21 34:5
36:9 37:1,21,22,23
38:2 41:9
**receiving** 23:11
**reclassify** 13:18
**recognize** 35:6
**recognized** 18:2
29:19 40:16
**reconciling** 5:23
**reconfirm** 36:18
**reconsider** 2:1,12
14:19 17:7 19:7,10
25:19 32:18 33:11
35:23 39:12 43:12
45:4,8 46:9,12
**reconsideration**
26:3,5 39:5,9
**reconsidered** 32:15
43:8
**record** 33:5 36:14
**recording** 47:7
**records** 2:5,16
**reference** 15:23
30:12 33:17
**referenced** 34:10
**referred** 30:11
**referring** 34:9 35:4
**refers** 26:19
**reflect** 8:11
**refusing** 29:22 34:8
**regard** 13:2
**regarding** 34:6,21
**register** 8:12
**rehash** 37:8
**rejection** 35:21
**related** 2:9,20 6:19

**relating** 15:12
**relation** 18:17
**relay** 17:3
**release** 9:25 10:9
**relevant** 26:24
**relied** 18:17 28:5
**relief** 25:22,25 30:6
31:8 39:18,22
42:17
**relies** 26:11
**relieve** 29:22
**relinquish** 14:20
**relying** 22:9
**remaining** 5:15 7:14
**remember** 16:20
**renotice** 11:25
**reorganization**
22:14
**repeat** 33:7
**reply** 24:18 25:6
35:24
**report** 7:12,23
**represented** 29:18
43:2
**request** 39:18 44:6
**requested** 8:5 16:22
30:6 31:8
**requests** 45:6
**require** 28:20 29:1
42:15
**required** 31:12
44:23
**requirements** 22:15
**requires** 36:10 37:4
37:13
**requiring** 45:9
**reserve** 35:23
**reserved** 13:3
**reside** 12:12 13:12
14:4
**resided** 13:8
**resolution** 19:11
**resolve** 7:14,17
16:21 17:2 40:14
**resolved** 7:2
**respect** 11:19 12:11

21:8 22:19 30:14
30:15 31:12 39:11
41:12
**respond** 15:11 18:23
18:23 19:3,7 20:5
20:19 21:13 25:7,8
25:9 28:14 29:17
30:4,5 31:5,11
33:20,24 34:3,11
34:12 36:7 37:18
41:23 42:9,24
**responded** 19:2
25:13
**responding** 43:3,11
**response** 16:12,13
20:9,25 21:4,9
22:2 23:12 31:7,20
31:20 33:21 34:3,8
36:15 37:9 42:2
**responses** 43:19
**result** 28:23 40:12
43:21
**retrospect** 15:17
**return** 28:1
**returned** 16:18
**review** 21:23 41:6
**Richard** 2:20 3:16
6:20 14:24
**right** 5:2 8:2 14:2,5
14:17 20:24 24:8
35:23 36:25 39:1,1
39:3
**rights** 12:15 13:2
14:8 15:8
**Robert** 1:22 6:20
**rule** 21:6 25:1,22,23
26:2,3,7,8,15,17
27:13,15 28:7
36:10,19 37:4 39:7
39:7,14,19,23 40:1
40:2,3 41:2,3,11
43:5 44:6 45:8
**ruled** 33:14
**ruling** 42:1 44:16
47:9
**rulings** 44:14,16

46:6
**runs** 43:17

----

## S

**S** 3:2 5:1 9:3 39:25
**saying** 16:5 41:18
**says** 17:15 19:14,25
20:1 21:12 23:10
23:15,19,24 24:4
24:11
**schedules** 35:8
**scheduling** 20:9
**se** 21:14 29:10
**second** 22:3 24:4,21
26:16,22 27:3,4,6
27:11,15 28:2,19
28:24 29:8,11,19
34:15 39:19 40:16
40:19,23 42:14
**section** 26:6,18,20
39:8,23
**see** 5:18 7:7 9:12
11:4 22:10 26:9,10
27:17 29:20
**seeking** 41:24 42:17
**seeks** 39:4
**send** 7:18 16:22
**sending** 23:15
**sense** 26:24 35:13
**sent** 8:4 15:16 16:6
16:11,23 41:20
**separate** 9:20
**sequence** 16:4
**service** 36:17 41:10
**Services** 6:20 17:24
26:12 29:20 39:24
40:10
**serving** 21:24
**session** 32:5
**sessions** 43:20
**set** 28:11 31:18
33:15 41:20 42:6
42:20
**setoff** 7:1,1
**setting** 30:3 42:3
**settle** 7:22 8:16,18

8:21 9:2,4
**settled** 7:12 9:9,15
**settlement** 6:7,25
7:15,23 8:1 9:14
9:21,24 10:8
**Shapiro** 2:25 47:6
47:14
**Sharona** 2:25 47:6
47:14
**shift** 13:23
**short** 19:5 24:18
25:12 35:11,20,20
**shortly** 7:2
**show** 25:11
**showing** 22:3 25:15
41:15
**shown** 24:24 32:14
**shows** 5:14
**sign** 10:1,21,23
**Signature** 10:20
47:12
**signatures** 9:13,16
12:20
**signed** 2:2,13 12:3
20:15
**significant** 38:25
**Silivanch** 27:20,21
**similar** 12:10 33:13
36:8
**simple** 13:25 34:5
**simply** 25:16 35:13
42:19
**simultaneously** 9:5
**single** 12:17
**sir** 19:17 35:24
36:23 37:19
**situation** 18:4 33:25
**situations** 29:20
**Skadden** 3:3 5:9
16:13,15
**SLATE** 3:3
**somewhat** 28:8 32:6
42:7
**Sons** 26:9 27:1 40:6
41:13,21
**soon** 34:5

**sorry** 9:20 19:18
21:19 23:17
**sort** 25:14
**sorting** 7:9
**sought** 25:22
**sound** 47:7
**Source** 6:9,12
**SOUTHERN** 1:3
**speak** 14:24 33:4
36:3
**specifically** 27:6
28:6 30:19 40:21
**spelled** 19:15
**spoke** 11:16 16:20
**squarely** 35:6
**stage** 35:2
**stages** 32:2
**stamp** 37:21,21,22
**standard** 21:5 26:15
28:8,11 32:8,9,13
32:13 39:17,23
40:5,7,11 41:6,8
**start** 43:24
**starting** 20:15 32:1
43:17
**state** 25:21
**stated** 15:14 16:24
18:7 19:12 20:13
24:20 40:13 44:22
**statement** 30:4
**states** 1:2 17:11
19:22
**stating** 18:11 31:4,6
**status** 5:14
**statutory** 39:12
**stay** 11:13
**stipulation** 8:9,23
9:11,12,17,21 10:1
10:5,14,24 11:1,17
12:4,10 13:1,19,21
14:12
**stipulations** 9:15,18
12:20
**Street** 3:21
**stricter** 22:5 24:21
24:22

**strong** 40:14
**structuring** 5:8
**sub** 14:11 27:21
**subject** 5:21 7:4
    21:13 30:17,20
**submit** 11:17 12:3
    12:21 32:15 35:23
    36:13 44:11
**submitted** 9:10 15:6
    16:3
**submitting** 6:14
**subsection** 25:1
**subsequently** 6:5
    8:21 36:18
**substantiation**
    34:23
**sufficient** 41:17
**support** 22:23
**supportable** 28:15
    34:15 42:10
**supported** 15:6,10
    16:1 19:10
**supporting** 34:21
**supports** 23:6
**supposed** 14:24
**Supreme** 17:23 18:1
    24:25 27:2 39:24
**sure** 12:22 19:13
    24:19 37:24
**surviving** 12:17
**suspends** 11:18
**switch** 12:13,14
**Systems** 13:8,13,19
**S.D.N.Y** 26:11,13
    29:12 39:16 40:10

_____

**T**

**T** 47:4,4
**take** 10:12 14:21
**taken** 25:25 27:4
    40:20
**takes** 14:18
**talking** 35:11
**task** 37:16
**team** 5:10
**Technical** 8:17

**technically** 45:3
**techniques** 34:4
**Technologies** 6:24
    8:20
**Telecommunicati...**
    29:21
**telephone** 16:10,14
    25:8
**telephoned** 16:11
**Telephonically** 3:17
    3:25
**tell** 17:20
**Teltronics** 29:21
**ten** 26:1 43:14
**terms** 21:24
**test** 27:17,23 28:2,14
    33:15 34:10,12,15
    35:4 41:5 42:6,8
    43:1
**testimony** 6:15
**tests** 40:18
**text** 42:4
**thank** 14:23 15:2
    24:20 33:10 44:17
    45:10,14,15
**Thanks** 10:4 20:24
**themes** 33:13
**thereto** 30:12,15
**thing** 15:23 18:9,9
**things** 35:9
**think** 13:17 14:18
    21:2,8,23 22:20
    24:12 33:25 34:18
    35:5,10,19 36:2
    38:19
**third** 2:8,19 11:12
    11:15,19 15:12,13
    15:14,19,21,23
    16:24 17:12,14,15
    17:18,21 18:17
    19:21 20:2 21:11
    23:9,9,16,25 24:5
    24:15 27:7 28:13
    30:17 31:18 33:19
    40:21
**thirty** 33:22 36:11

37:5 41:19
**thirty-day** 41:11
    43:4
**thousands** 31:23
    43:16
**three** 7:3 26:21
    28:12 42:10
**three-factor** 28:14
**three-part** 33:15
    34:10 35:4 42:6
**threshold** 7:18 8:4
**throw** 43:25
**throws** 32:9
**thrust** 34:16
**time** 6:7 16:20 17:8
    17:9 20:15 21:22
    31:6 33:24 34:4
    35:20 37:12 38:14
    41:24 43:9
**timely** 15:4 18:16
    27:25 30:5 31:7,20
    41:14,20 43:4,19
**times** 16:14,17 40:9
**title** 11:4
**today** 5:6,19 7:13
**told** 17:19
**Tom** 5:8
**touch** 45:12
**Transcribed** 2:25
**Transcriber** 47:12
**transcript** 44:14
    47:7
**trap** 34:1
**treat** 44:24
**tremendous** 22:12
**tried** 25:5
**Troy** 7:6
**true** 33:23 38:1
**trustee** 7:19 9:3
**Trustees** 29:15
**try** 18:18 33:4
**trying** 37:11
**turn** 13:7
**twenty-one** 33:21
    34:2 41:9 42:1
**two** 14:19,20 33:2

42:9 43:13
**two-month** 43:23
**type** 25:25
**typed** 47:15

_____

**U**

**ultimately** 12:12
    13:9,11
**Um-hum** 9:7
**unable** 16:8,18 17:2
**uncertainty** 22:13
**uncontroverted**
    21:1 22:23
**underpin** 9:14
**understand** 12:22
    15:4 19:13 35:7
    37:25
**understood** 43:10
**underwent** 23:13
**unfortunately** 17:1
**union** 12:8
**unions** 12:19
**union's** 13:2
**UNITED** 1:2
**University** 29:14,15
**unliquidated** 2:7,18
**Unruh** 5:6
**unsecured** 10:7
    22:16 37:13,14
**unsubstantiated** 2:4
    2:15 34:18
**unsupported** 15:25
    34:19
**untimely** 43:12
**unwary** 34:1
**uppercase** 30:4 42:4
**use** 43:25
**U.S** 1:13,23 7:19
    27:2,21

_____

**V**

**v** 17:24 26:23 27:18
    27:20,21 28:9,25
    29:21 33:16 34:11
    39:24 40:15,24
    42:21
**vacate** 26:16

vacating 26:17
variation 25:23
various 5:14 32:2
 44:21
vehicle 13:15
Venture 27:18 40:24
verge 6:25
view 22:5 24:21,22
 27:25
Vine 3:21
vs 39:20

**W**

Wacker 3:5
waiver 10:16
want 10:25 11:5,9
 24:16 32:25 37:17
wanted 14:14
wants 11:25
warning 42:3
Washington 44:21
 45:12
wasn't 36:25 45:3
watching 22:18,18
WATKINS 4:1
way 13:15 34:7
 35:22 41:23 43:22
 44:1
weak 34:18
week 7:6 16:19
weigh 42:16
weighing 44:5
went 21:15,21
West 3:5
we'll 11:17 33:4
we're 5:18 7:6,8,12
 7:15,21 9:13 12:8
 12:20 14:21 36:19
 37:24 44:25
we've 5:23 7:12,13
 8:6 9:2,4 18:8
whack 32:10
Wharton 5:8
willful 28:15 34:4,7
 34:12 42:9
willfully 29:5,16

willfulness 28:19
 29:1 38:3 42:14
Win 3:12 15:3,4,11
 15:25 18:1 19:15
 20:21 21:11 25:19
 29:18 31:4 36:8
Win's 16:1 21:1
 25:21 30:21 37:10
withdrawn 5:19
word 24:14
working 19:12
WorldWide 8:15,15
worst 34:13
wouldn't 21:17 34:9
writing 25:7
wrongful 29:1

**X**

x 1:5,12 10:2 46:4

**Y**

year 25:2
York 1:3,15,15 4:3,3
 4:10,10 26:25
young 16:16

**0**

05-44481 1:4

**1**

1 2:2,13 6:11
1st 6:12,16,24
1.7 22:17 37:14
1/24 33:20
10 8:24
10:09 1:18
10016 4:10
10022 4:3
105,000 8:17
107,000 9:10
1073 40:15
1077 40:16
11 9:2 29:11
11:32 45:16
1105 27:22
113 39:25
114 26:11 39:16

115 27:18 40:25
118 28:18 42:14
12 9:8
12/19/2006 2:2,13
122 27:18 40:25
13 11:11 46:8
14 1:17 12:6
1489 39:25
157,801 9:9
158 28:25 42:21
16 47:11
180 26:9 27:1 40:6
 41:21
19 25:20
1981 29:22
1993 40:1
1995 26:10 40:6,16
1996 26:23 39:21
1998 29:1 42:21
1999 26:13 40:10

**2**

2 6:11
2d 26:23 27:19,20
 28:25 29:22 39:21
 40:16,25 42:21
2.8 8:16
2000 6:12
20006 3:22
2003 27:21
2004 27:22
2005 26:11 27:19
 29:12 39:16 40:25
2006 25:20 31:6
 47:11
2007 1:17
209 26:13 40:10
231 26:12 40:10
24 31:6
250,000 9:2
27th 6:21

**3**

3 6:18,19 17:15 20:1
 20:13 23:19,21
 24:11 30:10
3rd 4:2

3007 36:10,20 37:4
 41:11 43:5
3008 2:1,12 26:7
 39:7,15,23
31 26:9 27:1 29:21
 40:6
31st 36:16
32 46:8
32,734 8:19
325 26:11 28:18
 39:16 42:13
326 29:12
333 3:5 27:20
34 41:21
355 27:20
36 29:21
368 27:20
3978 25:21

**4**

4 6:19 31:6
419 27:18 40:25
44 8:19 46:11
46 29:12
46240 3:14

**5**

5 6:19 16:17
5th 21:2 24:9
50 21:12
50,000 9:4
502(j) 26:6,15,19
 39:8,15,17,23 44:6
525 3:21
540 27:21
57 26:23 28:10 39:21

**6**

6 25:1
60 2:1,12 25:1
60(b) 21:6 26:3,8,15
 26:17 28:7 39:19
 40:2 44:7
600,000 9:1
60606 3:6
631 28:25 42:21
635 28:25 42:21

**642** 29:21

---

**7**

**7** 7:11 8:15
**7.5** 8:21
**71** 40:15

---

**8**

**8** 8:17 46:11
**8.1** 5:20
**885** 4:2
**8888** 3:13

---

**9**

**9** 8:19,20
**9th** 36:9 37:1,22,23
   38:20
**90** 4:9
**9006** 40:1
**9024** 26:2 40:3
**92** 28:9 39:21