Hearing Date: **June 21, 2007**, at 10:00 a.m. (EST)
Objection Deadline: **June 14, 2007**, at 4:00 p.m. (EST)

WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
David Wilson (DW-3940)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation;
Special Counsel to Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                                :    Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,              :    Case No. 05-44481 (RDD)
                                          :
                          Debtors.    :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF HEARING ON FOURTH INTERIM APPLICATION OF WILMER CUTLER PICKERING HALE AND DORR LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND EXPENSES <u>INCURRED FROM OCTOBER 1, 2006 THROUGH JANUARY 31, 2007</u>

        PLEASE TAKE NOTICE that on March 29, 2007, Wilmer Cutler Pickering Hale

and Dorr LLP ("WCPHD"), special regulatory counsel for the Audit Committee of the Board of

Directors of Delphi Corporation, a debtor in possession in the above-captioned cases, and special

counsel to Delphi Corporation, filed its fourth interim application, pursuant to section 330(a) of

title 11 of the United States Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure,

for the allowance of compensation for professional services rendered and for reimbursement of

expenses incurred by WCPHD in connection with such services for the period from October 1,

2006 through January 31, 2007 (the "<u>Fourth Interim Application</u>").

        PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the

Fourth Interim Application will be held on June 21, 2007, at 10:00 a.m. (Prevailing Eastern Time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Fourth Interim Application must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, And Administrative Procedures, And (iii) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No. 245), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., Esq.), (iii) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Marissa Wesley, Esq.), (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Marlane Melican, Esq.), (v) counsel

for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Esq.), (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard, Esq.), and (vii) special regulatory counsel to the Audit Committee of Delphi Corp., Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue, NW, Washington, DC 2006 (Att'n: Charles Davidow, Esq.), in each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time) on June 14, 2007** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Case Management Order will be considered at the Hearing.  If no objections to the Fourth Interim Application filed by or before the Objection Deadline and served in accordance with the procedures set forth herein and in the Case Management Order, the Bankruptcy Court may enter an order granting the Fourth Interim Application without further notice.

Dated:  Washington, DC
      March 29, 2007

                WILMER CUTLER PICKERING HALE
                 AND DORR LLP
                1875 Pennsylvania Avenue, NW
                Washington, D.C. 20006
                (202) 663-6000
                David Wilson (DW-3940)

                Special Regulatory Counsel for the Audit
                Committee of Delphi Corporation; Special Counsel
                to Delphi Corporation

                /s/ David Wilson
                David Wilson (DW-3940)

Hearing Date: June 21, 2007, at 10:00 a.m. (EST)
Objection Deadline: June 14, 2007 at 4:00 p.m. (EST)

WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
David Wilson (DW-3940)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation;
Special Counsel to Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
        In re                                     :    Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       :    Case No. 05-44481 (RDD)
                                                  :
                              Debtors.            :    (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - x

## FOURTH INTERIM APPLICATION OF WILMER CUTLER PICKERING HALE AND DORR LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND EXPENSES INCURRED FROM OCTOBER 1, 2006 THROUGH JANUARY 31, 2007

| Name of Applicant: | Wilmer Cutler Pickering Hale and Dorr LLP | | |
|---|---|---|---|
| Authorized to Provide Professional Services to: | **Audit Committee of the Board of Directors of Delphi Corporation** | **Delphi Corporation** | |
| Date of Retention Order: | December 2, 2005 (effective as of October 8, 2005) | January 18, 2007 (effective November 1, 2006) | |
| Period for Which Compensation and Reimbursement is Sought: | October 1, 2006 – January 31, 2007 | October 1, 2006 – January 31, 2007 | |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $110,268.00 | $44,132.50 | $154,400.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $2,607.81 | $215.40 | $2,823.21 |

| | | | |
|---|---|---|---|
| Amount of Compensation Previously Received or Expected: | $88,214.40 | $35,306.00 | $123,520.40 |
| Amount of Expense Reimbursement Previously Received: | $2,607.81 | $215.40 | $2,823.21 |
| **Total Amount Sought By This Application:** | **$112,875.81** | **$44,347.90** | **$157,223.71** |

Wilmer Cutler Pickering Hale and Dorr LLP ("WCPHD"), special regulatory counsel for the Audit Committee (the "Audit Committee") of the Board of Directors (the "Board") of Delphi Corporation ("Delphi" and, together with the other debtors in the above-captioned proceedings, the "Debtors"), and special counsel to Delphi Corporation, as and for WCPHD's fourth interim application, pursuant to Section 330(a) of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the allowance of compensation for professional services rendered and for reimbursement of expenses incurred in connection with such services for the period from October 1, 2006, through January 31, 2007 (the "Application Period"), respectfully represents:

### Background

1.      In 2004, as previously disclosed by Delphi, the Securities and Exchange Commission ( the "SEC") and other authorities began investigating Delphi's accounting and adequacy of disclosures for a number of transactions (the "SEC Investigation"). The transactions being investigated include transactions in which Delphi received rebates or other lump-sum payments from suppliers, certain off-balance sheet financings of indirect materials and inventory, and the payment in 2000 of $237 million in cash, and the subsequent receipt in 2001 of $85 million in credits, as a result of certain settlement agreements entered into between Delphi and General Motors Corporation.

2.      The Audit Committee undertook to examine the circumstances giving rise to

the SEC Investigation and to take appropriate actions with respect thereto, including disciplinary actions and communicating with the SEC and other authorities.  In 2004, the Company retained WCPHD to represent the Audit Committee for these purposes.  In connection with the SEC Investigation, WCPHD has reviewed documents, interviewed relevant personnel, advised the Audit Committee and the Board, communicated with the SEC and other authorities, and performed related tasks.

3.      On October 8, 2005 (the "Petition Date"), Delphi and certain other of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their  properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On November 9, 2005, the Debtors filed an application (the "November 9, 2005 WCPHD Application") seeking authority under Section 327(e) of the Bankruptcy Code to employ WCPHD as special regulatory counsel to the Audit Committee with respect to the SEC Investigation, effective as of the Petition Date, in accordance with the terms set forth in the Declaration and Disclosure Statement of Charles Davidow, a partner of WCPHD, and an engagement letter between WCPHD and Delphi, submitted in support of the WCPHD Application.  The November 9, 2005 WCPHD Application was approved under an order of the Court entered on December 2, 2005.

5.      On December 26, 2006, the Debtors submitted a Retention Application (the "December 26, 2006 WCPHD Application") for authorization to employ and retain WCPHD to provide Delphi with legal advice in connection with the preparation and filing of Delphi's annual report, executive compensation, and related disclosure matters.  On January 18, 2007, the Court entered an order granting that Application.

**Jurisdiction and Venue**

6.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C.
§§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the
District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).
Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is
proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Compliance With Guidelines and Orders Governing**
**Applications for Compensation and Reimbursement of Expenses**

7.      This Application has been prepared in accordance with (i) the Amended
Guidelines for Fees and Disbursements for Professionals in Southern District of New York
Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), and the
United States Trustee Guidelines for Reviewing Applications for Compensation and
Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the
"UST Guidelines" and, collectively with the Local Guidelines, the "Guidelines"); (ii) the Order
Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement
of Expenses of Professionals in these cases, entered on November 4, 2005, as supplemented (the
"Interim Compensation Order"); and (iii) the Order Approving Joint Interest Agreement
Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective
Order, and Approving Procedures to Protect Information in Fee Statements, entered on April 18,
2006 (the "Joint Interest Order" and, together with the Interim Compensation Order, the "Fee
Application Orders").  The certification of David Wilson, as required under the Local
Guidelines, is attached hereto as **Exhibit A**.

**Summary of Application**

8.      WCPHD seeks interim allowance of compensation for professional services

rendered to the Audit Committee during the period of October 1, 2006 through January 31, 2007,

in the aggregate amount of $154,400.50, and for reimbursement of expenses incurred in

connection with the rendition of WCPHD's services during the Application Period in the

aggregate amount of $2,823.21, for a total award of $157,223.71.  During the Application

Period, WCPHD attorneys and paraprofessionals expended a total of 330.7 hours for which

compensation is requested, at a blended average hourly rate of $466.89.  WCPHD attorneys

expended a total of 291 hours during the Application Period for which compensation is

requested, at a blended hourly rate for attorneys only of $507.15.

9.        WCPHD is only seeking compensation for services rendered to the Audit

Committee and to Delphi Corporation as described herein and in the WCPHD Application.

### Payments Previously Sought And Received By Counsel

10.        On May 1, 2006, WCPHD filed its First Interim Application For Allowance

Of Compensation For Services Rendered And Expenses Incurred From October 8, 2005 Through

January 31, 2006 [Docket No. 3549].  Pursuant to discussions with the Joint Fee Review

Committee, WCPHD voluntarily agreed to a reduction of compensation by $2,500.00.

11.        On July 31, 2006, WCPHD filed its Second Interim Application For

Allowance Of Compensation For Services Rendered And Expenses Incurred From February 1,

2006 Through May 31, 2006 [Docket No. 4739].  Pursuant to discussions with the Joint Fee

Review Committee, WCPHD voluntarily agreed to a reduction of compensation by $2,500.00.

12.        On November 30, 2006, WCPHD filed its Third Interim Application For

Allowance Of Compensation For Services Rendered And Expenses Incurred From June 1, 2006

through September 30, 2006 [Docket No. 5994].  Pursuant to discussions with the Joint Fee

Review Committee, WCPHD voluntarily agreed to a reduction of compensation by $2,500.00.

13.    On February 15, 2007, the Court granted WCPHD's First, Second, and Third Interim Applications [Docket Nos. 6986, 6997, 7019].

14.    As authorized under the Fee Application Orders, WCPHD timely submitted fee statements for the periods of (ii) October 1, 2006 through October 31, 2006, (ii) November 1, 2006 November 30, 2006, (iii) December 1, 2006 through December 31, 2006, and (iv) January 1, 2007 through January 31, 2007.[1/] No objections have been received with respect to any of these monthly fee statements. The tables below summarize the compensation for professional services and reimbursement of expenses that WCPHD has sought and received (or expects to receive) with respect to services provided and expenses incurred during the Application Period:

For Services Performed for the Audit Committee:

| Period | Fees Sought | Fees Received or Expected (80%) | Unpaid Fees (20%) | Expenses Sought | Expenses Received or Expected | Unpaid Expenses |
|---|---|---|---|---|---|---|
| October 1 thru October 31, 2006 | 30,492.00 | 24,393.60 | 6,098.40 | 760.97 | 760.97 | 0.00 |
| November 1 thru November 30, 2006 | 50,921.50 | 40,737.20 | 10,184.30 | 1102.40 | 1102.40 | 0.00 |
| December 1 thru December 31, 2006 | 20,712.50 | 16,570.00 | 4,142.50 | 730.04 | 730.04 | 0.00 |
| January 1 thru January 31, 2007 | 8,142.00 | 6,513.60 | 1,628.40 | 14.40 | 14.40 | 0.00 |
| **TOTALS** | **110,268.00** | **88,214.40** | **22,053.60** | **2,607.81** | **2,607.81** | **0.00** |

---

[1/] As discussed above, on January 18, 2007, WCPHD was authorized by the Court to provide legal advice to Delphi regarding the preparation and filing of Delphi's annual report, executive compensation, and related disclosure matters. Although WCPHD timely submitted fee statements to Delphi for this work, it did not provide these statements to other parties to the Delphi bankruptcies. Beginning with the February 2007 fee period, WCPHD will provide fee statements for its work on both the Audit Committee matter and the Delphi Corporation matter to the relevant parties. The November 2006, December 2006, and January 2007 fee statements for the Delphi Corporation matter are attached hereto as Exhibit E.

For Services Performed for Delphi Corporation:

| Period | Fees Sought | Fees Received or Expected (80%) | Unpaid Fees (20%) | Expenses Sought | Expenses Received or Expected | Unpaid Expenses |
|---|---|---|---|---|---|---|
| October 1 thru October 31, 2006 | N/A | N/A | N/A | N/A | N/A | N/A |
| November 1 thru November 30, 2006 | 17,738.50 | 14,190.80 | 3,547.70 | 61.00 | 61.00 | 0.00 |
| December 1 thru December 31, 2006 | 12,363.00 | 9,890.40 | 2,472.60 | 2.40 | 2.40 | 0.00 |
| January 1 thru January 31, 2007 | 14,031.00 | 11,224.80 | 2,806.20 | 152.00 | 152.00 | 0.00 |
| TOTALS | 44,132.50 | 35,306.00 | 8,826.50 | 215.40 | 215.40 | 0.00 |

Grand Totals

| | Fees Sought | Fees Received or Expected (80%) | Unpaid Fees (20%) | Expenses Sought | Expenses Received or Expected | Unpaid Expenses |
|---|---|---|---|---|---|---|
| TOTALS | $154,400.50 | $123,520.40 | $30,880.10 | $2,823.21 | $2,823.21 | $0.00 |

15.     WCPHD maintains computerized records of the time spent by all WCPHD attorneys and paraprofessionals in connection with its special retention. For the convenience of the Court and all parties in interest, a schedule setting forth the number of hours expended during the Application Period by each of the partners, counsel, associates, and paraprofessionals of WCPHD who rendered services to the Audit Committee and to Delphi Corporation, their respective hourly rates, and the year of first bar admission for each WCPHD attorney is attached hereto as **Exhibit B**. A schedule specifying the actual and necessary out-of-pocket expenses during the Application Period for which WCPHD is seeking reimbursement, and the total amount for each such expense category, is attached as **Exhibit C**. Pursuant to Section II.D of the UST Guidelines, a schedule setting forth a description of the project categories utilized by

WCPHD for this case during the Application Period, the number of hours expended by the partners, associates, and paraprofessionals by project category, and the aggregate fees associated with each project category, is attached hereto as **Exhibit D**.

16.      A schedule setting forth the time records of WCPHD attorneys and paraprofessionals during the Application Period is attached as **Exhibit E**.  In accordance with the Fee Application Orders, the time entries listed in Exhibit E have been redacted to remove "Confidential Time Records" (as defined in the Joint Interest Order).  WCPHD filed an unredacted version of Exhibit E under seal, and provided copies thereof to all "Designated Recipients," as defined in the Joint Interest Order.

### Professional Services Provided By WCPHD

17.      Delphi retained WCPHD in August 2004 to conduct an investigation arising out of a subpoena Delphi received from the SEC.  The Audit Committee assumed control of the investigation.  In addition to conducting an independent investigation, WCPHD advised the Audit Committee on appropriate actions with respect thereto, including disciplinary actions and communication with the SEC and other authorities.

18.      WCPHD's ongoing representation of the Audit Committee includes communicating with the Debtors, the Board, the Audit Committee, counsel for the Special Committee that is investigating certain derivative claims, and the Official Committee of Unsecured Creditors (the "Creditors' Committee") in an effort to keep them apprised of critical issues related to the SEC Investigation, and related tasks.  WCPHD also assisted the Audit Committee during the Application Period with responses to questions and information requests from the SEC staff.  On October 30, 2006, the SEC commenced and simultaneously settled with

the Company a lawsuit alleging violations of federal securities laws.  WCPHD negotiated that

settlement with the SEC.

19.        WCPHD's representation of Delphi Corporation includes reviewing

documents and preparing materials for Delphi's annual report, and advising Delphi on matters

related to executive compensation and other disclosure matters.

20.        During the Application Period, WCPHD also prepared and filed monthly fee

statements and its interim fee application as required under the Fee Application Orders, and

conducted an extensive supplemental review of its client records to identify WCPHD's

connections with the entities referenced in Bankruptcy Rule 2014(a) and to determine whether

additional disclosures were appropriate.

### Disbursements

21.        As set forth in **Exhibit C** hereto, WCPHD disbursed $2,823.21 as actual and

necessary expenses incurred in providing professional services during the Application Period

22.        With respect to photocopying expenses, WCPHD is charging $0.10 per page,

which is equal to or less than the rate WCPHD typically charges its clients and is less that the

maximum rate set by the Guidelines.  Only clients who actually use services of the types set forth

in **Exhibit C** are separately charged for such service.  The effect of including such expenses as

part of the hourly billing rates would impose that cost upon clients who do not require extensive

photocopying and other facilities and services.  The amount of the standard photocopying charge

is intended to allow WCPHD to cover the related expenses of its photocopying service.  A

determination of the actual expenses per page for photocopying, however, is dependent on both

the volume of copies and the total expenses attributable to photocopying on an annual basis.

23.      None of the travel expenses of WCPHD attorneys included herein were for first-class airfare, luxury accommodations, or deluxe meals.

### The Requested Compensation Should Be Allowed

24.      Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including ---
>
> (A)      the time spent on such services;
>
> (B)      the rates charged for such services;
>
> (C)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(3).

25.      In the instant case, WCPHD respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors' reorganization efforts. WCPHD further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

26.    During the Application Period it was critical that WCPHD perform various services on behalf of the Audit Committee in connection with the SEC Investigation, including reviewing, analyzing, and producing documents, responding to questions and providing information to the SEC staff and other authorities, advising the Audit Committee and the Board with respect to the same, providing information to the Creditors' Committee and the Special Committee of the Board that is charged with investigating certain derivative claims, and performing related tasks.  Similarly, WCPHD's work for Delphi on its annual report, executive compensation, and related disclosure matters was crucial to the company's ongoing business operations.

27.    The services rendered by WCPHD were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Approval of the compensation sought herein is warranted.

### Statements of WCPHD

28.    The compensation requested by WCPHD is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

29.    No agreement or understanding exists between WCPHD and any other person for a sharing of compensation received or to be received for services rendered in or in connection with these Chapter 11 cases, nor shall WCPHD share or agree to share the compensation paid or allowed from the Debtors' estates for such services with any other person.  The foregoing, as supplemented by the Certification of David Wilson, attached hereto as **Exhibit A**, constitutes the statement of WCPHD pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule

2016(a).

30.      No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by WCPHD.

### Waiver of Memorandum of Law

31.      Pursuant to Local Bankruptcy Rule 9013-1(b), because there are no novel issues of law presented by this Application, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Application.

### Notice

32.      This Application is being filed and service in accordance with the Fee Application Orders.

WHEREFORE, WCPHD respectfully requests: (i) interim allowance of compensation for professional services rendered as special regulatory counsel for the Audit Committee and as special counsel to Delphi Corporation in the amount of $154,400.50 in fees for the Application Period; (ii) the reimbursement of actual and necessary disbursements incurred by WCPHD on behalf of the Audit Committee during the Application Period in the amount of $2,823.21; and (iii) such other and further relief as is just.

Dated: Washington, D.C.
     March 29, 2007

Respectfully submitted,

WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
David Wilson (DW-3940)

Special Regulatory Counsel for the Audit Committee of Delphi Corporation; Special Counsel to Delphi Corporation

 /s/ David Wilson
David Wilson (DW-3940)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - x

**PROPOSED ORDER ALLOWING THE FOURTH INTERIM APPLICATION
OF WILMER CUTLER PICKERING HALE AND DORR LLP FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
EXPENSES INCURRED FROM OCTOBER 1, 2006 THROUGH JANUARY 31, 2007**

This matter having come before the Court on the Second Interim Application of Wilmer

Cutler Pickering Hale and Dorr LLP ("WCPHD") For Allowance of Compensation For Services

Rendered And Expenses Incurred From October 1, 2006 Through January 31, 2007 (the

"Application"), and after notice and hearing on the Application on June 21, 2007, it appearing

that WCPHD is entitled to compensation for services rendered and reimbursement of expenses

pursuant to 11 U.S.C. § 330(a), and this Court having considered and overruled any objections to

the Application,

IT IS HEREBY ORDERED THAT:

1.      WCPHD's Fourth Interim Application For Allowance of Compensation For

Services Rendered And Expenses Incurred From October 1, 2006 Through

January 31, 2007, comprising compensation for professional services rendered in

the amount of $154,400.50, and reimbursement of actual, reasonable and

necessary expenses in the amount of $2,823.21 is hereby APPROVED;

2.      The Debtor's payment to WCPHD of $123,520.40, representing eighty percent

(80%) of the professional fees ($154,400.50), and $2,823.21, representing one

hundred percent (100%) of the expenses incurred during the Fourth Fee Period,

all pursuant to the Interim Compensation Order, is hereby APPROVED; and

3.      Debtors are hereby AUTHORIZED to pay to WCPHD $30,880.10, representing

the twenty percent (20%) holdback on professional fees during the Fourth Fee

Period.

IT IS SO ORDERED.


Date: _____


_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**
**Certification of David Wilson**

Hearing Date: June 21, 2007, at 10:00 a.m.(EST)
Objection Deadline: June 14, 2007 at 4:00 p.m. (EST)

WILMER CUTLER PICKERING HALE
 AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
David Wilson (DW-3940)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation;
Special Counsel to Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
     In re                          :     Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :     Case No. 05-44481 (RDD)
                                                :
                                   Debtors.     :     (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATION OF DAVID WILSON

     I, David Wilson, certify as follows:

     1.     I am a partner in the law firm of Wilmer Cutler Pickering Hale and Dorr LLP

("WCPHD") and I have principal responsibility for the firm's work on the Audit Committee

matter.  I submit this certification with respect to the application (the "Application")[1] of

WCPHD, as special regulatory counsel for the Audit Committee of the Board of Directors of

Delphi Corporation and as special counsel to Delphi Corporation in the above-captioned cases,

for interim allowance of compensation for professional services rendered and for reimbursement

of actual and necessary expenses incurred during the period of October 1, 2006 through January

31, 2007.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
Application.

2.      I make this certification in accordance with General Order M-151, Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of

New York on April 19, 1995 (the "Local Guidelines").

3.      In connection therewith, I hereby certify that:

(a)  I have read the Application;

(b)  To the best of my knowledge, information, and belief formed after reasonable

inquiry, the professional fees and disbursements sought in the Application fall within the Local

Guidelines and the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines");

(c)  Except to the extent that fees or disbursements are prohibited by the Local

Guidelines or the UST Guidelines, the fees and disbursements sought in the Application are

billed at rates customarily employed by WCPHD and generally accepted by WCPHD's clients;

(d)  In providing a reimbursable service, WCPHD does not make a profit on that

service, whether the service is performed by WCPHD in-house or through a third party; and

(e)  Pursuant to the Guidelines and the Fee Application Orders, each of the

following parties has been served with a copy of the Application containing unredacted

Confidential Time Entries (as defined in the Joint Interest Order), simultaneously with the filing

thereof under seal:  the Debtors and their counsel; the U.S. Trustee; counsel to the Creditors

Committee; and any other Designated Recipients (as defined in the Joint Interest Order).

(f) Copies of the Application have been filed and served upon certain other

parties in interest in accordance with the procedures specified in the Fee Application Orders.

Dated:  Washington, D.C.
      March 29, 2007

                        /s/ David Wilson
                        David Wilson

## EXHIBIT B
### FEE TOTALS BY PROFESSIONAL

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WCPHD's "Confidential Time Records" and other detailed information has been redacted from this filing. An unredacted version of this Exhibit B has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order. A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

## EXHIBIT C
**EXPENSE TOTALS**

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WCPHD's "Confidential Time Records" and other detailed information has been redacted from this filing. An unredacted version of this Exhibit C has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order. A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

## EXHIBIT D
### HOURS BILLED BY PROJECT CATEGORY

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WCPHD's "Confidential Time Records" and other detailed information has been redacted from this filing.  An unredacted version of this Exhibit D has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order.  A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

## EXHIBIT E
### DETAILED TIME ENTRIES

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WCPHD's "Confidential Time Records" and other detailed information has been redacted from this filing.  An unredacted version of this Exhibit E has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order.  A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.