LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |

**FOURTH FEE AND EXPENSE APPLICATION COVER**
**SHEET OF LATHAM & WATKINS LLP AS COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| **Name of Applicant:** | Latham & Watkins LLP |
| **Role in Case:** | Counsel to the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 6, 2006 (*nunc pro tunc* to October 17, 2005) |
| **Period Covered:** | October 1, 2006 through January 31, 2007 |
| **Current Application** | |
| **Fees Requested:** | $2,889,599.50 |
| **Expenses Requested:** | $160,467.74 |
| **Total Fees and Expenses Requested:** | $3,050,067.24 |
| **Blended Hourly Rate: (excluding paraprofessionals)** | $525.35 |
| **Blended Hourly Rate: (including paraprofessionals)** | $489.87 |

This is a(n):   x  interim  _  final application.

NY\1256237.3

## SECTION I: FEE SUMMARY

|  | To Date | Current Period |
|---|---|---|
| Total Fees Requested: | $ 14,628,626.25 | $ 2,889,599.50 |
| Total Disbursements Requested: | $ 866,529.27 | $ 160,467.74 |
| Total Fees Previously Allowed: | $ 11,614,026.74 | $ 0.00 |
| Total Disbursements Previously Allowed: | $ 706,061.53 | $ 0.00 |
| Total Previously Received by Applicant: | $ 12,805,204.61 | $ 1,808,005.98 |

## SECTION II: ATTORNEY/OTHER PROFESSIONAL SUMMARY

| Name of Attorney/ Other Professional | Yr. Admitted to Practice | Hourly Rates for 2006/2007[1] | Hours Billed | Totals |
|---|---|---|---|---|
| **PARTNERS/OF COUNSEL** | | | | |
| ROBERT J ROSENBERG | 1970 | $850.00/$925.00 | 334.80 | $ 288,832.50 |
| ROBERT A. ZUCCARO | 1982 | $825.00 | 0.40 | $ 330.00 |
| ERICA H. STEINBERGER | 1972 | $775.00/$850.00 | 27.80 | $ 21,605.00 |
| MITCHELL A SEIDER | 1987 | $775.00/$850.00 | 333.90 | $ 264,352.50 |
| JAMES E BRANDT | 1982 | $775.00/$825.00 | 78.00 | $ 63,090.00 |
| ROBIN L STRUVE | 1987 | $750.00 | 2.30 | $ 1,725.00 |
| ALLEN J. KLEIN | 1985 | $750.00 | 0.10 | $ 75.00 |
| MARK A. BROUDE | 1989 | $750.00/$825.00 | 477.80 | $ 366,345.00 |
| BLAIR G. CONNELLY | 1994 | $650.00/$725.00 | 120.50 | $ 84,212.50 |
| BRADD WILLIAMSON | 1995 | $675.00 | 2.30 | $ 1,552.50 |
| HERVE DIOGO AMENGUAL | 1994 | $650.00 | 0.50 | $ 325.00 |
| DAVID S. LANGER | 1990 | $650.00/$695.00 | 21.30 | $ 13,881.00 |
| JUAN MANUEL DE REMEDIOS | 1998 | $650.00 | 0.80 | $ 520.00 |
| **TOTAL** | | | **1,400.50** | **$ 1,106,846.00** |
| **ASSOCIATES** | | | | |
| AYANO KATO | 1997 | $600.00 | 1.60 | $ 960.00 |
| ADRIENNE K WHEATLEY | 1997 | $570.00/615.00 | 150.80 | $ 88,764.00 |
| HENRY P BAER, JR. | 1997 | $570.00/$615.00 | 278.80 | $ 160,891.50 |
| KEITH SIMON | 1999 | $545.00 | 10.20 | $ 5,559.00 |
| JOHN W. WEISS | 2000 | $515.00/$575.00 | 368.80 | $ 196,544.00 |
| JOSEPH FURST III | 2000 | $515.00/$575.00 | 347.60 | $ 181,312.00 |
| MICHAEL RIELA | 2001 | $490.00/$550.00 | 241.00 | $ 119,980.00 |
| ERIKA RUIZ | 2002 | $460.00/$525 | 366.10 | $ 171,617.00 |
| ANDREW M. PURDY | 2003 | $460.00 | 0.30 | $ 138.00 |

---

[1] If more than one hourly is reflected for a given professional, the higher of such rates reflect that professional's standard hourly rate effective as of January 1, 2007. It is customary of Latham to update its rate structure annually.

2

| Name | Year | Hourly Rate | Hours Billed | Totals |
|---|---|---|---|---|
| MEREDITH L. SHELDON | 2004 | $420.00 | 5.30 | $ 2,226.00 |
| MELINDA C. FRANEK | 2001 | $390.00/$475.00 | 166.80 | $ 73,518.00 |
| NATHANAEL B YALE | 2006 | $345.00/$425.00 | 186.60 | $ 65,153.00 |
| JENNIFER H SPERLING | 2006 | $345.00/$425.00 | 56.30 | $ 20,039.50 |
| JASON A KOLBE | 2006 | $345.00/$425.00 | 49.10 | $ 17,267.50 |
| JUDE M GORMAN | 2006 | $345.00/$425.00 | 338.50 | $ 121,566.50 |
| AARON SIRI | 2004 | $345.00/$425.00 | 48.50 | $ 18,915.00 |
| THOMAS R PRICE | 2006 | $345.00 | 17.70 | $ 6,106.50 |
| SARAH M LIGHTDALE | 2006 | $345.00 | 10.60 | $ 3,657.00 |
| CASEY L. HINKLE | 2006 | $345.00 | 67.00 | $ 23,115.00 |
| SETH R. GOLDSTEIN | 2006 | $345.00 | 16.70 | $ 5,761.50 |
| RALUCA O. PAPADIMA | 2003 | $305.00 | 17.80 | $ 5,429.00 |
| MELISSA GONZALEZ-PADRON | 2006 | $305.00 | 57.60 | $ 17,568.00 |
| JANIE BYALIK | 2006 | $305.00 | 9.00 | $ 2,745.00 |
| ROBERT C. RICHARDS | Bar Pending | $305.00/$395.00 | 512.30 | $ 159,662.50 |
| LAURA K. GINNS | 2006 | $305.00/$395.00 | 124.30 | $ 46,272.50 |
| MIKHAIL I EYDELMAN | 2006 | $305.00/$395.00 | 298.70 | $ 102,101.50 |
| CELINE A. BURGAUD | 2006 | $305.00/$395.00 | 124.10 | $ 46,229.50 |
| **TOTAL** | | | **3,872.10** | **$ 1,663,099.00** |

| Name of Attorney/ Other Professional | | Hourly Rate | Hours Billed | Totals |
|---|---|---|---|---|
| **NONLAWYER PROFESSIONALS** | | | | |
| LESLIE ANN SALCEDO | Paralegal | $190.00/$210.00 | 400.90 | $ 78,545.00 |
| SARITA CHALEN | Paralegal | $175.00/$195.00 | 149.20 | $ 27,710.00 |
| SYLVIA A. TAYLOR | Paralegal | $165.00/$180.00 | 63.80 | $ 11,254.50 |
| CARLY P. O'CONNELL | Paralegal | $175.00 | 11.00 | $ 1,925.00 |
| ANN CANDLER KING | Paralegal | $175.00 | 0.70 | $ 122.50 |
| JESSICA L. BENGELS | Prof Staff | $175.00 | 0.50 | $ 97.50 |
| **TOTAL** | | | **626.10** | **$ 119,654.50** |
| **TOTAL HOURS AND FEES** | | | **5,898.70** | **$ 2,889,599.50** |

3

NY\1256237.3

## SECTION III: COMPENSATION BY PROJECT CATEGORY

|  | Hours Billed | Blended Hourly Rate | Final Totals |
|---|---:|---:|---:|
| Case Administration | 157.40 | $526.69 | $82,901.50 |
| Meeting of Creditors | 332.00 | $634.24 | $210,568.00 |
| Asset Dispositions | 29.30 | $589.08 | $17,260.00 |
| Claims Administration and Objections | 776.70 | $429.94 | $333,934.00 |
| Preference & Fraudulent Conveyance Litigation | 0.50 | $515.00 | $257.50 |
| Disclosure Statement and Plan | 2,743.50 | $528.85 | $1,450,888.50 |
| Other Chapter 5 Actions Litigation | 50.70 | $449.38 | $22,783.50 |
| SEC and Class Action Litigation | 130.80 | $484.84 | $63,286.00 |
| Tax Matters | 1.90 | $627.63 | $1,192.50 |
| Asset Analysis & Recovery | 7.40 | $774.93 | $5,734.50 |
| Business Operations | 107.50 | $495.35 | $53,250.0 |
| Employee Benefits/Pensions | 587.60 | $458.77 | $269,573.50 |
| Fee/Employment Applications | 328.80 | $343.82 | $113,049.00 |
| Fee/Employment Objections | 536.30 | $378.45 | $202,961.00 |
| Financing | 102.10 | $579.06 | $59,122.50 |
| Relief from Stay Proceedings | 6.20 | $457.66 | $2,837.50 |
| **TOTAL HOURS AND FEES** | **5,898.70** | | **$2,889,599.50** |

4

NY\1256237.3

## SECTION IV: EXPENSE SUMMARY

| | Expenses[2] | Amount |
|---|---|---|
| a. | Binding | $140.00 |
| b. | Color Copying/Printing | $140.00 |
| c. | Deposition | $3,984.37 |
| d. | Docket Copies | $3,962.50 |
| e. | Federal Express | $2,233.42 |
| f. | Ground Transportation | $1,977.44 |
| g. | Ground Transportation – Local | $5,352.23 |
| h. | Lexis | $9,719.30 |
| i. | Meal Services | $5,329.73 |
| j. | Meals- Local | $10,942.39 |
| k. | Messenger/Courier | $412.75 |
| l. | Other Database Research | $2,435.49 |
| m. | Outside Services (non-attorney) | $19,768.63 |
| n. | Photocopying | $12,088.68 |
| o. | Postage | $7.68 |
| p. | Telecopying | $76.20 |
| q. | Telephone | $33,325.49 |
| r. | Transcript | $12,683.05 |
| s. | Trip Expense | $421.85 |
| t. | Westlaw | 35,401.54 |
| u. | **Witness Fee** | **$65.00** |
| | **TOTAL** | **$160,467.74** |

---

[2] Certain expenses included in this Application were incurred prior to October 1, 2006, and are included herein due to accounting delays.

5

NY\1256237.3

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, et al., ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**FOURTH FEE AND EXPENSE APPLICATION OF LATHAM & WATKINS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to sections 330 and 503(b)(1)(A) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines," and, collectively with the Local Guidelines, the "Guidelines"), Latham & Watkins LLP ("Latham"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation and its debtor affiliates (collectively, the "Debtors"), respectfully submits this fourth application

NY\1256237.3

(the "Application") for allowance of compensation totaling $2,889,599.50 and reimbursement of expenses totaling $160,467.74, incurred during the period from October 1, 2006 through January 31, 2007 (the "Compensation Period").

In support of this Application, Latham respectfully represents as follows:

**Background**

2.    On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating their businesses, as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.    The Committee was appointed in these cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.[1]

4.    On November 17, 2005, the Committee filed that certain Application of the Official Committee of Unsecured Creditors for Order Authorizing and Approving the Employment and Retention of Latham & Watkins LLP as Counsel, Nunc Pro Tunc to October 17, 2005 (the "Retention Application.") On January 6, 2006, this Court entered an order approving the retention of Latham, *nunc pro tunc* to October 17, 2005.

5.    By Order dated November 4, 2005 (the "Administrative Order"), the Court established a procedure for interim compensation and reimbursement of expenses for all

---

[1] The following members were originally appointed to the Committee: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee. Flextronics International Asia-Pacific, Ltd., has since resigned from the Committee and has been replaced with Tyco Electronics Corporation. In addition, the Pension Benefit Guaranty Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America have been added as *ex officio* members of the Committee.

2

NY\1256237.3

professionals in these cases. In particular, the Administrative Order provides that, absent objections to the monthly fee statements, the Debtors are authorized to pay each professional serving such monthly fee statements an amount equal to 80 percent of the fees and 100 percent of the expenses requested in their respective monthly fee statements.

6. Pursuant to the Administrative Order, Latham has served monthly fee statements in these cases for the months of October, November, December and January (collectively, the "Monthly Statements"). To date, the Debtors have paid to Latham $1,696,144.00 in fees and $111,861.98 in expenses incurred during the Compensation Period in accordance with the procedures set forth in the Administrative Order.

7. On May 31, 2006, Latham filed its first fee application covering the period from the October 17, 2005 through January 31, 2006. On February 16, 2007 this Court entered an order approving the first fee application and allowing fees and expenses in the amounts of $3,216,383.58 and $157,230.86, respectively.

8. On July 31, 2006, Latham filed its second fee application covering the period from the February 1, 2006 through May 31, 2006. On February 20, 2007 this Court entered an order approving the second fee application and allowing fees and expenses in the amounts of $5,147,136.83 and $369,265.45, respectively.

9. On November 30, 2006, Latham filed its third fee application covering the period from the June 1, 2006 through September 30, 2006. On February 22, 2007 this Court entered an order approving the third fee application and allowing fees and expenses in the amounts of $3,250,506.33 and $179,565.22, respectively.

10. By this Application, Latham seeks interim allowance of compensation and reimbursement of expenses incurred during the Compensation Period as reflected in Latham's

Monthly Statements. Latham also seeks payment of all outstanding holdbacks owing with respect to the Monthly Statements.

11.     The supervisory responsibility for Latham's efforts on behalf of the Committee has been undertaken by Robert J. Rosenberg. Mr. Rosenberg is a partner in Latham's New York office. Mr. Rosenberg is a 1967 graduate of Columbia University and a 1970 graduate of Harvard Law School.

### Summary of Services Performed During the Compensation Period

12.     As reflected in the attached Fourth Fee and Expense Application Cover Sheet (the "Cover Sheet"), Latham has rendered 5,898.70 hours of legal services in representation of the Committee during the Compensation Period. Based upon the nature of the services rendered, the time required to provide such services, the value of such services to the Committee and the cost of comparable services in non-bankruptcy cases, Latham believes that the allowed compensation for services rendered to the Committee should be not less than $2,889,599.50. This total represents 5,898.70 hours of Latham attorney and other professional time, at a blended average hourly rate of $489.87. The hourly rate for each attorney and other professional who performed services for the Committee during the Compensation Period is set forth in the Cover Sheet.

13.     In accordance with the Local Guidelines, a detailed chronological narrative of the time spent (divided among eighteen (18) descriptive billing categories), the dates and descriptions of the services rendered, and the identity of the attorneys and other professionals who provided such services on behalf of the Committee during the Compensation Period, are

4

NY\1256237.3

attached hereto as Exhibits A-1, A-2, A-3 and A-4 (collectively, the "Billing Detail," which is incorporated herein by reference).[2]

14. Latham respectfully supplements the attached Billing Detail with the following narrative summary of services rendered by Latham during the Compensation Period, organized by category:

a) **Case Administration**. Latham rendered a total of 157.40 hours and $82,901.50 in services falling within the category of "Case Administration." This category includes, among other things: (i) Latham's services rendered in connection with general administration of these cases; (ii) reviewing, organizing or responding to various documents received; (iii) preparing for and attending omnibus hearings; (iv) reviewing Committee professionals' reports and summaries; (v) addressing scheduling issues; (vi) maintaining a case calendar; (vii) monitoring press reports relating to the Debtors' cases; (viii), monitoring the docket in these cases; (ix) conferring with Committee professionals to coordinate the handling of various matters; (x) monitoring the status of various matters and (xi) conducting fundamental due diligence and analysis of critical documents and issues.

b) **Meeting of Creditors.** Latham rendered a total of 332.00 hours and $210,568.00 in services falling within the category of "Meeting of Creditors." This category includes Latham's services rendered in connection with preparing for and attending regularly scheduled Committee and subcommittee meetings, meetings with the Debtors, and related communications to the Committee, its professionals, and other parties in interest in these cases.

---

[2] Exhibits A-1, A-2, A-3 and A-4 are copies of Latham's Monthly Statements for October, November, December and January, respectively. Certain redactions are reflected in Latham's Monthly Statements to protect confidential and privileged information contained therein. Section III of the Cover Sheet contains a summary of Latham's services, organized by project category.

5

NY\1256237.3

c) **Asset Dispositions.** Latham rendered a total of 29.30 hours and $17,260.00 in services falling within the category of "Asset Dispositions." This category includes all of Latham's services rendered in connection with the Debtors' disposition of certain assets, including the auction with respect to the Debtors' brake hose business, as well as Latham's analysis of the effects of such asset dispositions on value to be realized by the Debtors' estates and unsecured creditors.

d) **Claims.** Latham rendered a total of 776.70 hours and $333,934.00 in services falling within the category of "Claims." This category includes Latham's services rendered in connection with analysis of, and response to, various claims that have been or may be asserted against the Debtors and various setoff, recoupment and reclamation requests asserted against the Debtors. This category also includes review and analysis of the Debtors' Claims Procedures Motion, negotiation with respect to the Claims Procedures Order and the monitoring of the claims procedures process through attendance at Claims Hearings.

e) **Preference & Fraudulent Conveyance Litigation.** Latham rendered a total of 0.50 hours and $257.50 in services falling within the category of "Preference & Fraudulent Conveyance." This category includes Latham's legal research and analysis of potential preference and fraudulent conveyance actions which may be pursued by the Debtors, the Committee or an estate representative in these cases.

f) **Disclosure Statement & Plan.** Latham rendered a total of 2,743.50 hours and $1,450,888.50 in services falling within the category of "Disclosure Statement & Plan." This category includes legal research and analysis with respect to: (i) issues that have arisen in connection with the formulation and confirmation of a plan of reorganization and (ii) proposed agreements among the Debtors, General Motors and certain proposed "Investors" (including the

6

Plan Framework Support Agreement, the Equity Purchase and Commitment Agreement and the various exhibits thereto) (collectively, the "Proposed Framework Agreements"). This time also included Latham's involvement on behalf of the Committee in the multi-party negotiations over the Proposed Framework Agreements, as well as Latham's prosecution and ultimate settlement of the Committee's objection to the Debtors' motion seeking approval of the Proposed Framework Agreements and substantial discovery conducted in connection with such objection and the objections of other parties in interest. Finally, this time also included reviewing multiple drafts of the Form S-1 prepared by the Debtors in anticipation of the registration of the rights offering contemplated by the Proposed Framework Agreements.

    g) **Other Chapter 5 Actions Litigation.** Latham rendered a total of 50.70 hours and $22,783.50 in services falling within the category of "Other Chapter 5 Actions." This category includes Latham's extensive services rendered in connection with the analysis and investigation of potential actions under Chapter 5 of the Bankruptcy Code, other than preference and fraudulent conveyance actions, including the equitable subordination of claims.

    h) **SEC and Class Action Issues.** Latham rendered a total of 130.80 hours and $63,286.00 in services falling within the category of "SEC and Class Action Issues." This category includes Latham's services rendered in connection with the review and analysis of materials related to (i) investigations being conducted by the Securities and Exchange Commission and the Department of Justice and (ii) class action complaints filed against the Debtors and current and former officers and directors of the Debtors.

    i) **Non-Working Travel.** Latham did not provide any services falling within the category of "Non-Working Travel" during the Compensation Period.

7

j) **Tax Matters**.  Latham rendered a total of 1.90 hours and $1,192.50 in services falling within the category of "Tax Matters."  This category includes the review of various tax sharing agreements.

k) **Asset Analysis & Recovery.**  Latham has rendered a total of 7.40 hours and $5,734.50 in services falling within the category of "Asset Analysis & Recovery."  This category includes research and analysis with respect to potential claims recovery scenarios that may arise in these cases.

l) **Business Operations.**  Latham has rendered a total of 107.50 hours and $53,250.00 in services falling within the category of "Business Operations."  This category includes the review and analysis of various operational issues and motions filed by the Debtors in connection with the operation of the Debtors' businesses.

m) **Employee Benefits/Pensions.**  Latham has rendered a total of 587.60 hours and $269,573.50 in services falling within the category of "Employee Benefits/Pensions."  This category includes services rendered in connection with labor, pension, OPEB and executive compensation issues arising in these cases, including extensive analysis, legal research, preparation of various memoranda and attendance at various hearings and status conferences relating to potential employee claims, employment contracts and the Debtors' proposed Key Employee Compensation Program.

n) **Fee/Employment Applications.**  Latham has rendered a total of 328.80 hours and $113,049.00 in services falling within the category of "Fee/Employment Applications."  This category includes the preparation of Latham's Monthly Statements and Fee Applications, as well as Latham's oversight of, and assistance provided to, Committee members and Committee professionals in the preparation of their monthly fee statements, fee applications and expense

reimbursement requests.  This category also includes the analysis and preparation of various supplemental affidavits filed by Latham and other Committee professionals in support of their retention.  Latham has undertaken this work in an effort to ensure (i) adherence with local rules and procedures, (ii) disclosure of all necessary supplemental information to this Court and (iii) uniform redaction of all confidential and strategic information from such statements and applications.

o) **Fee/Employment Objections.**  Latham has rendered a total of 536.30 hours and $202,961.00 in services falling within the category of "Fee/Employment Objections."  This category includes the review and analysis of, and responses to, monthly fee statements and fee applications filed and served by retained professionals retained in these cases.  This category also includes Latham's review of supplemental retention affidavits and disclosures filed by ordinary course professionals or other retained professionals in these cases.

p) **Financing.**  Latham has rendered a total of 102.10 hours and $59,122.50 in services falling within the category of "Financing."  This category includes the review and analysis of the DIP Refinancing Order and other services rendered in connection with the proposed refinancing of the Debtors' DIP loan.

q) **Relief from Stay Proceedings.**  Latham has rendered a total of 6.20 hours and $2,837.50 in services falling within the category of "Relief from Stay Proceedings."  This category includes the review and analysis of various motions filed in these cases seeking relief from the automatic stay, as well as motions alleging recoupment or setoff rights against the Debtors.

**Latham's Staffing and Internal Procedures**.

15. Latham has made a conscious effort in this case to provide the Committee with high quality legal services at the lowest possible cost. Whenever possible, rather than "reinventing the wheel," Latham has drawn upon the considerable expertise of its senior partners to obtain quick answers to difficult questions without the need for expensive and time consuming legal research. Where research has been required, Latham has utilized the low billing rates of junior lawyers, resulting in considerable savings for the Debtors.

16. A number of specialist attorneys have billed small amounts of time in support of Latham's representation of the Committee. The isolated and limited work done by these experts highlights one of the benefits of a global law firm such as Latham: when discrete issues arise, Latham can leverage the expertise of its specialists around the world, removing the need to train non-specialists on the issue or hire a separate law firm altogether. This efficient use of firm resources minimizes costs for the Debtors' estates while providing the Committee with the highest-quality legal services.

17. Latham believes that it has been efficient in avoiding duplication of effort and keeping fees and costs at the lowest level possible. Latham also believes that the attached Billing Detail reflects the actual, fair and reasonable value of the legal expertise provided to the Committee during the Compensation Period.

**Disbursements**

18. Latham expended a total of $160,467.74 for reasonable and necessary expenses in connection with its representation of the Committee during the Compensation Period.[3] In accordance with the Guidelines, Section IV of the Cover Sheet attached hereto contains an organized summary of these expenses.

---

[3] Certain expenses included in this application were incurred prior to October 1, 2006, and are included herein due to accounting delays.

19. Latham does not include a profit component in its disbursements, and charges the Debtors only for Latham's actual out-of-pocket expenses. Photocopy charges are billed at $0.17 per page and outgoing faxes are billed at $1.25 per page.

## Certification

20. As required by the Guidelines, a certification that the facts set forth in this Application are true and correct, and that this Application complies with the Guidelines, is attached hereto as Exhibit B.

## Latham is a Disinterested Person and Holds No Adverse Interest

21. All professional services and expenses for which allowance is requested in this Application were performed by Latham on behalf of the Committee and not on behalf of any other entity or person. As described in the Affidavit of Robert J. Rosenberg of Latham & Watkins LLP Pursuant to Sections 329, 504 and 1103 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (together with subsequent supplemental affidavits, the "Rosenberg Affidavit") previously filed by Latham in these cases: (i) Latham holds neither a claim against, nor an interest in, the Debtors, and no beneficial interest in the Debtors, directly or indirectly, has been acquired or transferred by Latham or for Latham's benefit since the commencement of these cases; (ii) Latham represents no interest adverse to the Debtors with respect to matters upon which it is engaged and (iii) Latham is a "disinterested person" under section 101(14) of the Bankruptcy Code.

22. No agreement or understanding exists between Latham and any other person or entity for the sharing of compensation received or to be received for services rendered in connection with these proceedings, except that fees will be shared with other partners of Latham as permitted by Bankruptcy Rule 2016 and section 504 of the Bankruptcy Code.

## Reservation of Rights

11

23. To the extent that charges for services rendered or expenses incurred during the Compensation Period are inadvertently excluded from this Application for any reason, Latham hereby reserves the right to request approval and payment of such charges in future fee applications.

WHEREFORE, Latham respectfully requests that this Court enter an order: (i) allowing Latham's request for compensation in the sum of $2,889,599.50 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Compensation Period; (ii) directing the Debtors to pay to Latham the full amount of such compensation to the extent not already paid and (iii) directing the Debtors to reimburse Latham in the amount of $160,467.74 for actual, reasonable and necessary expenses incurred during the Compensation Period, to the extent not already reimbursed.

Dated: New York, New York
       March 27, 2007

LATHAM & WATKINS LLP

By: /s/ Robert J. Rosenberg
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200

Attorneys for the Official Committee of Unsecured Creditors

NY\1256237.3