UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
:
                Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING IN PART JOSEPH RENO CLAIM (CLAIM
NUMBER 9956, IDENTIFIED IN THIRD OMNIBUS CLAIMS OBJECTION)

("RENO ORDER")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c), dated October 31, 2006 (the "Third Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and this Court having considered the papers and declarations filed by claimant Joseph Reno ("Reno") in response to the Third Omnibus Claims Objection and the parties' joint exhibit binder submitted at the hearing; and upon the record of the claims objection hearing (the "Reno Claims Objection Hearing") held on the objection (the "Reno Claim Objection") to proof of claim number 9956, which sets forth Reno's claim against the Debtors (the "Reno Claim"); and after due deliberation thereon; and good and sufficient cause appearing therefor; and the Court having made findings

and rulings, constituting its revision of the bench ruling issued at the Reno Claims Objection Hearing, pursuant to Fed. R. Bankr. P. 7052, that are attached hereto as <u>Exhibit A</u>, and incorporated by reference herein.

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

        A.      Reno was properly and timely served with a copy of the Third Omnibus Claims Objection (including the Reno Claim Objection), a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed Third Omnibus Claims Objection Order, and notice of the deadline for responding to the Third Omnibus Claims Objection.

        B.      On December 26, 2006, the Debtors provided to Reno, and filed with this Court, a Notice of Hearing in which the Debtors provided notice that the Reno Claim Objection would be heard at the Reno Claims Objection Hearing on March 1, 2007 (Docket No. 6287). On February 1, 2007, the Debtors provided to Reno, and filed with this Court, a Notice of Adjournment Of Claims Hearing With Respect To Debtors' Objection To Proof Of Claim No. 9956 (Joseph Reno) (Docket No. 6800), adjourning the Reno Claims Objection Hearing to March 21, 2007.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

    C. On March 21, 2007, this Court conducted the Reno Claims Objection Hearing, reviewed the evidence, and heard arguments from counsel, with respect to the Reno Claim Objection.

    D. This Court has jurisdiction over the Reno Claim Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Reno Claim Objection is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue for these cases and the Reno Claim Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1. The Reno Claim is allowed in part and disallowed in part.  The two allowed portions of the Reno Claim are those which arise from the Consolidated Omnibus Reconciliation Act, 29 U.S.C. §§ 1161-68 (the "COBRA Claim") and the Employee Retirement Income Security Act of 1974 (the "ERISA Claim").  All other portions of the Reno Claim are disallowed and expunged in their entirety.  The disputed issues as to damages with respect to the COBRA Claim and the ERISA Claim shall be set for further hearing should the parties fail to reach agreement thereon.  The Court shall conduct a pre-hearing conference on the COBRA Claim and the ERISA Claim damages issues at 10:00 a.m. on June 22, 2007.

    2. Kurtzman Carson Consultants, LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: New York, New York
   March  30, 2007

                /s/ Robert D. Drain
               UNITED STATES BANKRUPTCY JUDGE