SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :
                         :
    In re                  :        Chapter 11
                         :
DELPHI CORPORATION, et al.,    :        Case No. 05–44481 (RDD)
                         :
              Debtors.    :        (Jointly Administered)
                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 503
(KARL KUEFNER KG)

1

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Karl Kuefner KG ("Kuefner") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 503 (Karl Kuefner KG) (the "Stipulation") and agree and state as follows:

WHEREAS on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

WHEREAS on October 14, 2005, Kuefner submitted a demand to the Debtors asserting a reclamation claim in the amount of €86,827.50 (the "Reclamation Demand").

WHEREAS on November 14, 2005, the Debtors and Kuefner entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Kuefner acknowledge and agree that the valid amount of the Reclamation Demand is $16,927.66 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding Kuefner's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS Kuefner filed proof of claim number 503 against Delphi on November 22, 2005, which asserts an unsecured non-priority claim in the amount of €562,326.00 (the "Claim") stemming from goods sold to Delphi Automotive Systems LLC ("DAS LLC").

2

WHEREAS the Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

WHEREAS on March 14, 2007, to resolve the Third Omnibus Claims Objection with respect to the Claim, DAS LLC and Kuefner entered into a settlement agreement (the "Settlement Agreement").

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against Delphi in the amount of $611,381.50.

WHEREAS Delphi is authorized to enter into the Settlement Agreement pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

THEREFORE, the Debtors and Kuefner stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $611,381.50 and shall be treated as an allowed general unsecured non-priority claim.

2. Kuefner reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $16,927.66 of the Claim on the grounds that Kuefner has a valid reclamation claim in the amount of $16,927.66.

3. The Debtors reserve the right to seek, at any time and notwithstanding

3

Kuefner's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that the Reserved Defenses are valid.

So Ordered in New York, New York, this 30th day of March, 2007

                                                                                     ___/s/Robert D. Drain_____
                                                                                      UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Stanley H. McGuffin |
|---|---|
| John Wm. Butler, Jr. | Stanley H. McGuffin |
| John K. Lyons | HAYNSWORTH SINKLER BOYD, P.A. |
| Ron E. Meisler | P.0. Box 11889 (29211-1889) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 1201 Main Street, 22d Floor (29201-3226) Columbia, S.C. 29201 |
| 333 West Wacker Drive, Suite 2100 | (803) 779-3080 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | Attorneys for Karl Kuefner, KG |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession