# Exhibit A

# Certification

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                                           :    Chapter 11
                                                                                    :
    DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                                                                    :
               Debtors.                              :    (Jointly Administered)
                                                                                    :
---------------------------------------------------------------X


**CERTIFICATION OF STEVEN SHECKELL**

Steven Sheckell declares and states as follows:

    1.    I am a partner in the firm of Ernst & Young LLP ("Applicant" or "E&Y"), as independent auditors, accountants and tax advisors to Delphi Corporation and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases.

    2.    I make this certification in respect of the foregoing fourth application (the "Application") for allowance and payment of compensation for professional services and reimbursement of expenses for the period beginning September 25, 2006 through February 2, 2007 (the "Compensation Period") by the Applicant. The Application also includes time billed during prior months and attributable to fixed fee work, as included in time details attached to the Application as Exhibit D thereto.

    3.    I am the professional designated by the Applicant in respect of compliance with the Administrative Order M-151, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated April 19, 1995 (the

17385433
DETR_135869.1

"Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines," and together with the Local Guidelines, the "Guidelines").

4. I have personally performed services rendered by Applicant during the Compensation Period and am thoroughly familiar with all other work performed on behalf of the Debtors by the professionals and para-professionals in the firm.

5. In compliance with section B.1 of the Local Guidelines, I certify that:

   a. I have read the Application.

   b. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

   c. Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by the Applicant and generally accepted by Applicant's clients and disclosed and approved in the Applicant's retention application and the order approving the Applicant's retention.

   d. In providing a reimbursable service in this Case, the Applicant does not make a profit on that service, whether the service is performed by the Applicant in-house or through a third-party.

6. In respect of Section B.2 of the Local Guidelines, after entry of the order authorizing the retention of the Applicant on April 5, 2006, I note that Applicant has provided, on a monthly basis, billing statements of Applicant's fees and disbursements accrued during the Compensation Period, within 30 days after the end of each month, in substantial compliance with this Court's Order under U.S.C. § 331 Establishing Procedures for Interim Compensation and

Reimbursement of Professionals, entered November 4, 2005 (the "Interim Compensation Order"), to the Debtors and their counsel, the U.S. Trustee, counsel for the Creditors' Committee, and counsel for the agent under the Debtors' prepetition credit facility, counsel for the agent under the Debtors' postpetition credit facility, and the Fee Committee (collectively, the "Notice Parties").

7. In respect of section B.3 of the Local Guidelines, I note that copies of the Application are being provided to the Notice Parties on the date for filing fee applications set by the Court in the Interim Compensation Order.

8. In accordance with Rule 2016(a) of the Federal Rules of Bankruptcy and section 504 of title 11 of the United States Code (the "Bankruptcy Code"), no agreement or understanding exists between the Applicant and any other person for the sharing of compensation to be received in connection with this chapter 11 case.

9. By this certification, Applicant does not waive or release any rights or entitlements it has under the order of this Court, entered April 5, 2006, approving the Applicant's retention by the Debtors *nunc pro tunc* to January 1, 2006, pursuant to the terms of the engagement letters between Applicant and Debtors attached as exhibits to the Debtors' application to employ and retain E&Y, dated March 17, 2006.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of March, 2007.

By: /s/ Steven Sheckell
Name: Steven Sheckell
Title: Partner