**Hearing Date:  June 1, 2007**
                                                                             **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x |  |
|---|---|
|                                                        : |  |
|     In re                                              : | Chapter 11 |
| : |  |
| DELPHI CORPORATION, et al.,         : | Case No. 05-44481 (RDD) |
| : |  |
| : | (Jointly Administered) |
|                   Debtors.            : |  |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x |  |

DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT PROOF OF CLAIM NO. 1279
(NU-TECH PLASTICS ENGINEERING, INC.)

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Statement of Disputed Issues (the "Statement of Disputed Issues") With Respect To Proof Of Claim Number 1279 (the "Proof of Claim") filed by Nu-Tech Plastics Engineering, Inc. ("Nu-Tech"), and respectfully represent as follows:

<u>Background</u>

1. Nu-Tech filed the Proof of Claim on or about December 28, 2005. The Proof of Claim asserts an unsecured non-priority claim in the amount of $13,957,130.00 (the "Claim") stemming from a purchase order between Delphi Automotive Systems LLC ("DAS LLC") and Nu-Tech.

2. The Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

3. On November 24, 2006, Nu-Tech filed its Response of Nu-Tech Plastics Engineering, Inc. To Debtors' Third Omnibus Objection and To Debtors' Claim Objection And Estimation Procedures Motion (Docket No. 5811) (the "Response"). In the Response, Nu-Tech asserts that the Claim constitutes damages for DAS LLC's alleged breach of a contract to "purchase automotive parts from Nu-Tech by failing to purchase the parts and by removing the equipment from Nu-Tech necessary for Nu-Tech to produce parts after Nu-Tech had increased its manufacturing capability to satisfy [DAS LLC's] production demands." <u>See</u> Response, p. 2. Nu-Tech further asserts its Claim is based on breach of contract and promissory estoppel theories of recovery arising from their lawsuit against DAS LLC and General Motors ("GM"), Case No.

02-075335 in Genesee County, Michigan, Circuit Court (the "Underlying Lawsuit), filed December 20, 2002.  Id.

### Disputed Issues

4. DAS LLC is not liable to Nu-Tech under any theory of recovery, including breach of contract and promissory estoppel.

5. DAS LLC did not breach an alleged contract with Nu-Tech.  During a strike by DAS LLC's workers, DAS LLC contracted with Nu-Tech to manufacture certain parts for the duration of the labor dispute.  Nu-Tech understood from the outset that upon resolution of the labor dispute, DAS LLC would resume manufacturing said parts in-house.  DAS LLC's arrangement with Nu-Tech was a "factory assist order," which means that DAS LLC could purchase whatever number of parts it needed to meet DAS LLC's customer demands but DAS LLC was not obligated to purchase a certain amount of parts from Nu-Tech.  At the end of the labor dispute, DAS LLC removed the equipment and tooling that it had allowed Nu-Tech to use for the duration of Nu-Tech's work.  There was no agreement by DAS LLC to purchase a fixed number of parts and thus Delphi did not breach the contract for failing to purchase said number.[1]

6. Nu-Tech is not entitled to recover under a promissory estoppel theory.  As an initial matter, DAS LLC made no promises with respect to volume, promises of new business to Nu-Tech, or other similar promises.  Moreover, any reliance that Nu-Tech placed on its discussions with DAS LLC regarding DAS LLC's future needs could not form the basis of a promissory estoppel argument for, among other reasons, there was no clear promise made about

---

[1] Purchase orders with DAS LLC are governed by general terms and conditions incorporated therein which provide that agreements to purchase parts would be based on DAS LLC's requirements.  Such general terms bar verbal attempts to amend contracts; amendments must be in writing.

future needs and Nu-Tech was well aware of DAS LLC's bid process and would have no justification for expecting future business prior to participating in such process.

7. In addition, Nu-Tech transferred all of its assets to Rapid Products Technologies, LLC ("Rapid") in December 1999. Any claim for alleged damages against DAS LLC that arose prior to that time was an asset that Nu-Tech sold to Rapid. Thus, Nu-Tech lacked standing to bring the Underlying Lawsuit (and similarly cannot recover under the Claim here).

8. Moreover, all of Nu-Tech's recovery from GM should be set off against any alleged damages recoverable from DAS LLC because Nu-Tech is only entitled to be made whole once. In particular, to the extent Nu-Tech settled any part of the Underlying Lawsuit with GM, any payment made by GM as consideration for the dismissal of either claim may be recovered from DAS LLC under the indemnity agreement in the Master Separation Agreement dated December 22, 1998 between GM and Delphi. Such an indemnification payment would expose the Debtors to double damages if Nu-Tech is allowed to continue any part of the action concluded by the settlement.

9. Nu-Tech's claims suffer other defects. Nu-Tech appears to seek several forms of unrecoverable damages, including but not limited to Nu-Tech's alleged damages that are remote, contingent, or speculative damages, and has failed to mitigate any potential damages. Nu-Tech also cannot recover for claims that do not comport with the Statute of Frauds. Moreover, Nu-Tech cannot recover for claims barred by the applicable statute of limitations.

10. Accordingly, the Claim is excessive, duplicative and unsubstantiated. For all the reasons discussed above, the Debtors are not liable to Nu-Tech for any alleged damages and the Claim should be disallowed and expunged.

<u>Reservation of Rights</u>

11.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order disallowing and expunging the Claim and granting the Debtors such other and further relief as is just.

Dated: New York, New York
       April 4, 2007

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                           & FLOM LLP


                                        By: /s/ John Wm. Butler, Jr.
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Albert L. Hogan III (AH 8807)
                                            Ron E. Meisler (RM 3026)
                                            333 West Wacker Drive, Suite 2100
                                            Chicago, Illinois  60606
                                            (312) 407-0700

                                            - and -

By: /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession