Warner Norcross & Judd LLP  
900 Fifth Third Center  
111 Lyon Street, NW  
Grand Rapids, MI  49503-2487  
(616) 752-2413 phone  
(616) 222-2413 fax  
moneal@wnj.com  

Gordon J. Toering (GT3738)  
(Admitted *Pro Hac Vice*)  

Attorneys for RT Sub, LLC  

Hearing Date and Time: April 20, 2007 at 10:00am  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

------------------------------ -x  
                                          :  
    In re                                :     Chapter 11  
                                          :  
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)  
                                          :  
                                          :     (Jointly Administered)  
              Debtors.            :  
------------------------------ -x  

**RESPONSE OF RT SUB, LLC TO DEBTORS'**  
**ELEVENTH OMNIBUS OBJECTION TO CLAIMS (Claim No. 16507)**

---

RT Sub, LLC f/k/a RecepTec, LLC ("RT Sub") hereby responds to Debtors' Eleventh Omnibus Objection to Claims dated March 16, 2007 (the "Objection") filed by debtors Delphi Corporation, *et al* (collectively, "Debtors").  This response relates to a proof of claim (#16507) that amended Claim Number 15939 filed by RT Sub against Delphi Automotive Systems LLC.

RT Sub states as follows for its response:

**I.    SUMMARY OF OBJECTION AND RELIEF REQUESTED**

1.    The Objection seeks entry of an order disallowing and expunging the unsecured, pre-petition amended claim (#16507) (hereinafter defined as the "Amended Claim") of RT Sub on the grounds that it was untimely.  By this Response, RT Sub seeks entry of an order denying the Objection on the grounds that RT Sub has a valid and enforceable pre-petition claim against the Debtors as evidenced by its original claim (#15939) (hereinafter defined as the "Original Claim") that was timely filed in this matter and then later amended after the Debtors recovered a post-petition transfer from RT Sub.  The Debtors were on notice of RT Sub's amended claim all along as the Original Claim reserved the right to increase the amount of the claim to reflect post-petition actions of the Debtors.

**II.    RT SUB'S ORIGINAL CLAIM**

2.    Debtors filed their voluntary bankruptcy petitions on October 8, 2005 and October 14, 2005.  Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to Chapter 11 of the Bankruptcy Code.

3.    This Court entered an order on April 12, 2006 that established July 31, 2006 (the "Bar Date") as the last date for a person or entity to file a proof of claim in the Chapter 11 cases.

4.    On or about July 31, 2006, RT Sub filed the Original Claim in the amount of $16,662.36.  The Debtors have not objected to the Original Claim.

5.    While the Debtors' schedules list the debt owed to RT Sub as $178,109.48, the amount of the Original Claim ($16,662.36) represented the amount the Debtors owed RT Sub at the time of the Bar Date.  The amount of the Original Claim was lower than what is listed on the schedules because the Debtors made a post-petition payment to RT Sub

05-44481-rdd    Doc 7632    Filed 04/11/07    Entered 04/11/07 14:41:38    Main Document
Pg 3 of 6

($82,128.00), which RT Sub applied against outstanding invoices, and the Debtors returned product to RT Sub post-petition that was credited against the outstanding debt ($79,319.12). Subtracting these two amounts from the amount listed on the schedules leaves a balance of $16,662.36, which was the amount listed as due in the Original Claim.

6. RT Sub provided notice in the Original Claim that its claim would increase in case either the post-petition transfer or the returned product were recovered. Specifically, the Original Claim stated:

> In the event that Delphi recovers either the post petition payment or the post petition return of goods, the unsecured claim would increased by $82,128.00 for the recovered payment and $79,319.12 for the returned product or in the event of the recovery of both the payment and the product a total of $161,447.12.

See Exhibit A to the Original Claim.

7. RT Sub's Original Claim complied with Bankruptcy Rule 3001 by providing sufficient information for Debtors' to substantiate the claim. Specifically, the proof of claim set forth an explanation of the claim and provided notice that the claim may be amended if post-petition payments and credits are recovered by the Debtors.

## III. DELPHI'S POST-PETITION ACTIONS MADE IT NECESSARY FOR RT SUB TO AMEND ITS CLAIM

8. Subsequent to the filing of the Original Claim, Debtors offset the amount of the post-petition payment ($82,128.00) against other amounts due to RT Sub's successor.[1]

9. Rather than oppose that offset, RT Sub settled with its successor and amended the Original Claim on February 5, 2007 to reflect the amount that is still owed on its unpaid invoices, which invoices were attached to both the Original Claim and the Amended Claim.

---

[1] RT Sub sold its assets to ReceptTec, LLC, a company that remains in business and does business under the name ReceptTec (RT Sub's former name).

3

**IV.    THE AMENDED CLAIM SHOULD NOT BE DISALLOWED OR EXPUNGED**

10.    The Debtors seek to disallow and expunge the Amended Claim as untimely because it was filed after the Bar Date. The Debtors, however, fail to distinguish in their objection between completely new claims that were filed after the Bar Date, which claims are generally not allowed, and post-bar date amendments to timely filed proofs of claim, which are generally permissible.

11.    According to the Second Circuit, "the bankruptcy rules permit courts to accept late-filed amendments to timely filed proofs of claim." *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 133 (2d Cir. 2005). "Amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim." *In re Integrated Res., Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993) (citations omitted).

12.    Courts in the Second Circuit use a two-step analysis for determining the permissibility of post-bar date amendments to timely-filed claims. First, courts examine "whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." *Midland Cogeneration Venture Ltd. P'ship*, 419 F.3d at 133 (quoting *In re Black & Geddes, Inc.*, 58 B.R. 547, 553 (S.D.N.Y. 1993)). Second, if an amendment does relate back to the timely filed claim, courts will "'examine each fact within the case and determine whether it would be equitable to allow the amendment.'" *Midland Cogeneration Venture Ltd. P'ship*, 419 F.3d at 133 (quoting *In re Integrated Res., Inc.*, 157 B.R. 66 at 70). "The critical consideration is whether the opposing party will be unduly prejudiced by the amendment." *In re Integrated Res., Inc.*, 157 B.R. at 70.

4

13. Here, it is clear the Amended Claim does relate back to the Original Claim as it arose out of the same conduct, transaction or occurrence. The Amended Claim relates to the same unpaid invoices that were listed in the Original Claim. The amount due on those invoices is the only difference in the claims.

14. It is also equitable under the circumstances to allow the Amended Claim. As of the Bar Date, the Debtors owed RT Sub $16,662.36 and RT Sub filed the Original Claim for that amount. RT Sub did not have a basis to assert a higher claim until Debtors recovered the post-petition transfer *after* the Bar Date. Certainly there is no prejudice to the Debtors in that RT Sub explicitly stated in the Original Claim that it would amend its claim if the post-petition transfer was recovered. RT Sub did just that. Debtors were on notice of RT Sub's intention to amend the Original Claim in case the Debtors recovered the post-petition transfer after the Bar Date. Further, there is no prejudice to the Debtors because the Debtors' own schedules list the debt owed to RT Sub as $178,109.48.

15. Accordingly, RT Sub is entitled to a claim for the amount of the invoices that remain unpaid, which is $98,790.36.

16. If the Amended Claim is disallowed and expunged, then RT Sub demands that the Debtors repay the amount the Debtors inappropriately offset ($82,128.00). RT Sub reserves the right to file a claim or adversary proceeding for that inappropriate post-petition action. Alternatively, RT Sub requests that the Debtors pay the amounts the Debtors list as due to RT Sub on the Debtors' Schedules ($178,109.48).

**V.    OTHER MATTERS**

17. As per Debtors' request, the address to which Debtors must deliver any reply to this response is:

5

Michael B. O'Neal
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
Ph:  (616) 752-2413
Fax:  (616) 222-2413
moneal@wnj.com

18. Further, as per Debtors' request, the person possessing authority to reconcile, settle, or ultimately resolve the claims on RT Sub's behalf is George Caston, Authorized Agent, RT Sub, LLC, 4360 Baldwin Road, Holly, Michigan 48442; phone (248) 613-2730.

WHEREFORE, RT Sub requests that the Court enter an order denying the Objection and providing such other and further relief as appropriate under the circumstances.

Dated:  April 11, 2007                                     WARNER NORCROSS & JUDD LLP

By      /s/ Gordon J. Toering
Michael O'Neal
Gordon J. Toering
(Admitted *Pro Hac Vice*)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
Ph:  (616) 752-2413
Fax:  (616) 222-2413
moneal@wnj.com
gtoering@wnj.com
Attorneys for RT Sub, LLC

1392268.3