B210
(12/04)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York
(Manhattan)

In re: DELPHI CORPORATION, *et al.*,    Case No. 05-44481-rdd
(Jointly Administered)
Court ID (Court use only) _____

## NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed.R.Bankr.P., of the Partial Transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD <br><br> Name of Transferee | SAIA BURGESS AUTOMOTIVE INC. <br><br><br><br> Name of Transferor |
| Name and Address where notices to Transferee should be sent <br><br> SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD <br> Two Greenwich Plaza, 1st Floor <br> Greenwich, CT 0683 <br> Attn: Brian A. Jarmain | Court Record Address of the Transferor <br> (Court Use Only) |
| Last Four Digits of Acct. #: | Last Four Digits of Acct. #:1575; 1577; 1578 |
| **Partial Transfer Amount: $1,029,932.14** <br> (general unsecured portion) | |
| Name and Address where Transferee payments should be sent (if different from above) | Name and Current Address of Transferor <br><br> SAIA BURGESS AUTOMOTIVE INC. <br> 303 Gregson Drive <br> Cary, NC 27511 |
| Phone: 203-542-4126 <br>       203-542-4255 | Phone: (919) 469-8522 |
| Last Four Digits of Acct #: | Last Four Digits of Acct #: |
| Court Claim # (if known): 12233 <br> Date Claim Filed: 8/05/2006 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Brian A. Jarmain_    Date: **March** ___, 2007
Brian A. Jarmain

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~DEADLINE TO OBJECT TO PARTIAL TRANSFER~

The Transferor of claim named above is advised that this Notice of Partial Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the Partial Transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the Transferee will be substituted as the original claimant without further order of the court.

Date:_____    _____
                                CLERK OF THE COURT

{00236521.DOC;}

EXHIBIT A TO
ASSIGNMENT OF CLAIM

### EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, SAIA-BURGESS AUTOMOTIVE INC. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $1,029,932.14 (the "Assigned Claim"), against Delphi Automotive Systems LLC ("Debtor"), the debtor-in-possession in Case No. 05-44640 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on December 22, 2006.

By: /s/ Charles A. Leslie
Name of person signing Charles A. Leslie, Jr.
Title of person signing: Authorized Signatory   VP Finance

8150896

| United States Bankruptcy Court   Southern   District Of   New York | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Delphi Automotive Systems LLC | Case Number: 05-44640 | This Space For Court Use Only |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): **Saia Burgess Automotive Inc.**

Name and Address where notices should be sent:
Saia Burgess Automotive Inc.
303 Gregson Drive
Cary, NC 27511

Telephone Number: 919-469-8522

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

COPY

Received
AUG 05 2006
Kurtzman Carson
☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return
This Space For Court Use Only

Last four digits of account or other number by which creditor identifies debtor: **1575, 1577 and 1578**

Check here ☐ replaces ☐ amends if this claim a previously filed claim dated: _____

**1. Basis for Claim**
☒ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☐ Personal Injury
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)   (date)

**2. Date debt was incurred:** Prior to October 8, 2005

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ **1,029,932.14**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority
Amount entitled to priority $ _____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☒ Other **Cash prepayment**
Value of Collateral $ **175,000.00**
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ **1,029,932.14**   **175,000.00**   _____   **1,204,932.14**
(Unsecured)   (Secured)   (Priority)   (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
7. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **DOCUMENTS AVAILABLE UPON REQUEST**
8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

Date: **July 27, 2006**   Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): **Charles A. Leslie Jr.  Charles A. Leslie, Jr.  VP Finance**

This Space For Court Use Only

Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571