**McCARTER & ENGLSIH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for General Products Corporation

|  |  |
|---|---|
| In re | : UNITED STATES BANKRUPTCY COURT FOR<br>: THE SOUTHERN DISTRICT OF NEW YORK<br>: |
| DELPHI CORPORATION, | :<br>: Case No. 05-44481<br>: |
| Debtor. | : CHAPTER 11<br>: |

### GENERAL PRODUCTS' RESPONSE TO DEBTOR'S ELEVENTH OMNIBUS OBJECTION SEEKING TO DISALLOW GENERAL PRODUCTS' CLAIM

General Products, by and through its attorney, McCarter & English, LLP, files this Response to the Debtors' Eleventh Omnibus Objection to claims Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007. In support of its Response, General Products states:

1. On October 8, 2005 ("Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtor") filed their petitions in bankruptcy, commencing the above-referenced bankruptcy cases.

2. On or about June 1999, General Products and the Debtors entered into a six-year, requirement contract pursuant to which General Products would manufacture and supply to Delphi control arms for installation in Saturn L-series cars manufactured by General Motors.

3. On or about March 2004, General Motors announced the termination of the L-series cars as of June 2004, one year ahead of schedule. Accordingly, the Debtors advised that they were canceling the contract for the production of control arms as of early June 2004. See

attached emails from Aaron Smith of Delphi and Bill Best of General Products discussing unfilled requirements and cancellation charge attached hereto as Exhibit 1.

4. On or about June 3, 2004, General Products made the last shipment of control arms to the Debtors.

5. As of the date of the last shipment, the contract for the manufacturing of control arms had one more year to run before its expiration.

6. After learning of the cancellation of the contract, General Products and the Debtors engaged in numerous discussions regarding the damages owed to General Products due to the early cancellation of the contract.

7. On April 29, 2004, General Products provided a binder with a summary of its damages and the back up documentation pertaining to each and every item. A copy of that binder is attached hereto as Exhibit 2.

8. The parties were not able to reach a resolution prior to the Debtors' filing of the present bankruptcy cases.

9. On or about June 30, 2006, General Products filed its Proof of Claim in the amount of $723,930, Claim No. 8780 (the "Claim"). See Exhibit 3.

10. All the information relating to the claim had been provided to the Debtors at least by April 2004. See Exhibit 2.

11. On or about March 16, 2007, the Debtors filed the Eleventh Omnibus Objection (Substantive) pursuant to 11 U.S.C §502(b) and Fed. R. Bankr. P. 3007 to certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Book and Records, (C) Untimely Claims, and (D) Claims subject to Modification. The Eleventh Omnibus Objection includes an objection to General Products' Claim.

ME1 6270362v.1

12. The Debtors' objection to the Claim is that it is not reflected in their books and records.

13. The Debtors offered no facts to support their general denial of liability on the Claim.

14. Pursuant to §502(a) of the Bankruptcy Code, a Proof of Claim is deemed to be allowed unless a party objects. 11 U.S.C. §502(a). Therefore, General Products' Claim is prima facie evidence of the validity and amount of General Products' claim against the Debtors.

15. The burden of proof lies with different parties at different stages of the claim resolution process. The claimant must initially allege facts sufficient to support its claim, and upon so doing the claim is prima facie valid. The burden of proof then shifts to the objecting party to provide sufficient evidence to rebut the prima facie valid claim. Only if the objecting party provide evidence equal or greater than that provided by the creditor does the burden of proof shift back to the claimant to prove the validity of its claim by a preponderance of the evidence. See In re Allegheny Int'l., Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992); Fullmer v. U.S., 962 F.2d 1463, 1466 (10th Cir. 1992).

16. The supporting documents attached hereto establish the basis for the Claim. The Debtors and General Products were parties to a requirement contract that was terminated early by the Debtors. The early termination was a breach of the contract, entitling General Products to damages.

17. The Debtors have not provided any cognizable evidence to support their objection. Consequently General Products' claim should be allowed and the Debtors' motion denied.

ME1 6270362v.1

18.  General Products reserves its rights to amend or supplement this response to the extent the Debtors provide more details, information or evidence regarding their objection to the Claim.

WHEREFORE, General Products respectfully requests that the Court deny the Debtors' motion to disallow the Claim.

McCARTER & ENGLISH, LLP

By: /s/ Eduardo J. Glas
Eduardo J. Glas (EG-7027)
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Dated: April 11, 2007

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of this document by sending a copy thereof via overnight delivery to:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098

John Wm. Butler, Jr., Esq.
John K. Lyons, Esq.
Joseph N. Wharton, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive, Suite 2100
Chicago, Ilinois 60606

Dated: April 11, 2007

_____
Eduardo J. Glas