TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession,
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                               :
In re                                                          :    Chapter 11
                                                               :
    DELPHI CORPORATION, et al.,                                :    Case No. 05-44481 [RDD]
                                                               :
                                    Debtors.                   :    (Jointly Administered)
                                                               :
---------------------------------------------------------------X

### SETTLEMENT AGREEMENT AND STIPULATION BETWEEN DELPHI AUTOMOTIVE SYSTEMS, LLC AND KYOCERA INDUSTRIAL CERAMICS CORPORATION TO PERMIT SETOFF OF MUTUAL PREPETITION OBLIGATIONS UNDER SECTION 553 OF THE BANKRUPTCY CODE

**WHEREAS,** on October 8, 2005, Delphi Corporation ("Delphi") and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");  and

**WHEREAS**, on October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code; and

**WHEREAS,** the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

**WHEREAS,** the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404); and

**WHEREAS**, on October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors; and

**WHEREAS**, no trustee or examiner has been appointed in the Debtors' cases; and

**WHEREAS**, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and

**WHEREAS,** on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order"); and

**WHEREAS**, on January 5, 2007, the Bankruptcy Court entered an order authorizing the Debtors to, among other things, refinance their postpetition financing and prepetition secured debt (the "Refinancing Order" and, together with the Final DIP Order, the "DIP Orders"); and

**WHEREAS**, paragraph 18 of the Final DIP Order and paragraph 16 of the Refinancing Order establish, among other things, procedures for creditors to assert setoff and/or recoupment rights;  and

**WHEREAS**, by motion dated December 22, 2006 (the "Motion"), Kyocera Industrial Ceramics Corporation (the "Claimant") sought authority to exercise a setoff of prepetition claims and debts between Delphi Automotive Systems, LLC ("DAS") and Claimant pursuant to Bakruptcy Code Sections 362 and 553;  and

**WHEREAS**, in the Motion, Claimant alleges that it owes DAS the amount of $46,600.00 for prepetition credits, services and/or goods provided by DAS to the Claimant (the "Payable");  and

**WHEREAS,** on July 28, 2006, Claimant filed its proof of claim (claim number 12530) (the "Proof of Claim") in these cases, asserting that DAS is indebted to it in the amount of no less that $311,830.00., which amount reflects credit for the Payable; and

**WHEREAS,** in their third omnibus claim objection dated October 31, 2006 (docket number 5452) (the "Omnibus Claim Objection"), the Debtors objected to the Proof of Claim; and

**WHEREAS,** in their Omnibus Claim Objection, the Debtors have sought to reduce the Proof of Claim to the amount of $54,405.00 (the "Receivable"); and

**WHEREAS,** on November 22, 2006, Claimant filed its response in opposition to the Omnibus Claim Objection, disputing in its entirety the relief requested therein with respect to the Proof of Claim; and

**WHEREAS**, DAS and Claimant (together, the "Parties") have agreed to settle and resolve the Motion upon the terms set forth herein.

3

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. This agreement (the "Settlement Agreement") constitutes an agreement between the Parties hereto and shall be effective immediately upon its execution by the Parties (the "Effective Date").

2. Upon the Effective Date, Claimant shall be authorized to set off the amount of the Receivable, against the amount of the Payable, pursuant to section 553 of the Bankruptcy Code (the "Setoff") and paragraph 18 of the Final DIP Order.

3. As the exercise of the Setoff results in a balance due by DAS, Claimant may amend, to the extent necessary, its Proof of Claim no later than 30 days after the Effective Date. Nothing contained herein constitutes any waiver of any right of the Debtors or any other party-in-interest to examine and/or object to the Proof of Claim.

4. Except for the Setoff and the settlement memorialized by this Settlement Agreement, the Parties retain all of their other rights, claims, and defenses. For greater certainty, the Parties reserve their rights regarding any outstanding issues or claims that may relate to, or arise from, the Proof of Claim.

5. For the further avoidance of doubt, and except as expressly set forth herein, Claimant retains all of its rights to assert the claims in the Proof of Claim and to oppose the Omnibus Claim Objection as it relates to the Proof of Claim.

6. This Settlement Agreement may not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by all of the Parties.

7. The agreements, terms, and provisions contained in this Settlement Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective

legal representatives, predecessors, successors, and assigns, including any trustee appointed in these chapter 11 cases.

       8.       It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual; that the agreement herein contained and the consideration transferred hereunder is to compromise the Motion and to avoid litigation; and that no statement made herein, payment, release, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

       9.       This Settlement Agreement constitutes the entire agreement between the Parties regarding the resolution of the Setoff and supersedes all other prior agreements and understandings, both written and oral, between the Parties regarding the Setoff.

      10.      The signatories below represent that they are authorized to enter into this Settlement Agreement.

      11.      This Settlement Agreement may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

      12.      The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Settlement Agreement and to resolve any disputes in connection herewith.

**[CONCLUDED ON FOLLOWING PAGE]**

Dated: New York, New York
April 9, 2007

        DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated: New York, New York
April 6, 2007

KYOCERA INDUSTRIAL CERAMICS
CORPORATION
By its Attorneys,
LOEB & LOEB LLP
By:

/s/ Jason Blumberg
WILLIAM M. HAWKINS (WH-1865)
JASON BLUMBERG (JB-1033)
345 Park Avenue
New York, New York 10154
(212) 407-4000

So Ordered on this
11th day of April, 2007

/s/Robert D. Drain
Honorable Robert D. Drain
United States Bankruptcy Judge