Jean R. Robertson (OH0069252)
Michael J. Kaczka (OH0076548)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH  44114-2653
Telephone:    (216) 348-5400
Facsimile:    (216) 348-5474
Emails:        jrobertson@mcdonaldhopkins.com
               mkaczka@mcdonaldhopkins.com

*Counsel for Technical Materials, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                          )
In re:                                    )        Chapter 11
                                          )
DELPHI CORPORATION, et al.,               )        Case No. 05-44481 (RDD)
                                          )
              Debtors.                    )        (Jointly Administered)
------------------------------------------------------------x

**RESPONSE OF TECHNICAL MATERIALS, INC. TO DEBTORS' ELEVENTH
OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED
CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS,
(C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION**

Technical Materials, Inc. ("TMI"), in response to the Debtors' Eleventh Omnibus

Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain

(A) Insufficiently Documents Claims, (B) Claims Not Reflected on Debtors' Books and Records,

(C) Untimely Claims, and (D) Claims Subject to Modification, Docket No. 7301 (the "Eleventh

Objection") filed by the above-captioned debtors and debtors in possession (collectively, the

"Debtors"), hereby states as follows:

**Factual Background**

1.      On October 8 and 14, 2005, the Debtors each filed voluntary petitions for relief

pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as

subsequently amended (the "Bankruptcy Code").

{1170758:}

2.      On April 12, 2006, the Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502 and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Matter of Notice Thereof, Docket No. 3206, which, among other things, established July 31, 2006, as the bar date for filing proofs of claim in the Debtors' bankruptcy cases.

3.      On July 7, 2006, TMI filed its proof of claim (#9106) in the aggregate amount of $407,748.06 (the "Proof of Claim").  The Proof of Claim comprised two separate amounts:  (i) a reclamation demand for $144,093.53 (the "Reclamation Demand") and (ii) a general unsecured claim for $262,654.53 (the "Unsecured Claim").   Under certain supply contracts between the Debtors and TMI, the Reclamation Demand and Unsecured Claim were each subject to certain price adjustments that were applied toward certain precious metals supplied from TMI to the Debtors.   TMI attached supporting documentation to the Proof of Claim evidencing the contractual obligations between TMI and the Debtors, as well as invoices and other correspondence supporting the Proof of Claim.[1]

4.      Subsequent to the filing of the Proof of Claim, on or about July 19, 2006, TMI and the Debtors reconciled the amount of the Reclamation Demand. That is, the Debtors globally settled all reclamation claims (including the Reclamation Demand) with TMI and its two affiliates, Brush Engineered Materials and Zentrix Technologies, for an aggregate reclamation claim in the amount of $149,208.16.  A copy of the settlement letter is available upon request by the Debtors.

5.      Finally, on or about March 16, 2007, the Debtors filed the Eleventh Objection seeking, among other things, to modify (i.e., reduce) the Proof of Claim from $407,748.06 to $181,636.12.   The Debtors allege non-specific categorical bases for objecting to the Proof of

---

[1] Consistent with paragraph 43(d) of the Eleventh Objection, TMI is not reattaching the contents of the Proof of Claim.

Claim, but fail to provide any evidence supporting such objection, except for the assertion that the Proof of Claim must be modified.

## The Debtors Have No Authority to Modify the Proof of Claim

6.      In the Eleventh Objection, the Debtors have improperly sought to modify the Proof of Claim without any legal or factual justification supporting such modification. Moreover, the Debtors are not asking the Court to allow the Proof of Claim in the modified amount, but rather to reduce the Proof of Claim and to reserve the Debtors' ability to seek disallowance in the future. See Eleventh Objection, ¶ 27. This request must be denied because there is no statutory authority or other authority justifying such relief, and the Debtors have cited none in the Eleventh Objection.

7.      Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall be considered *prima facie* evidence in the validity and the amount of the claim." See Fed. Bankr. Proc. 3001(f). As the objecting party, the Debtors have the burden of overcoming the *prima facie* presumption. See Carey v. Ernst, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("to overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential of the claim"), quoting In re Reilly, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000)).

8.      In the Eleventh Objection, the Debtors fail to refute any allegations essential to proving the Proof of Claim. Likewise, they provide no legal or factual bases to overcome the presumption of validity of the Proof of Claim, except to suggest a lower amount to which it should be reduced but without providing any supporting documentation. There is no basis in either the Federal Rules of Bankruptcy Procedure of the Bankruptcy Code to permit a modification without additional evidence.

9.      Nevertheless, TMI is willing to work with the Debtors to determine the Proof of Claim's correct amount.  TMI recognizes that the Proof of Claim should be reduced to reflect the settlement of the Reclamation Demand portion of the Proof of Claim.  But without the Debtors providing further evidence, the Proof of Claim should not be less than the Unsecured Claim portion, or $262,654.53.  Indeed, there is no justification on the part of the Debtors to fix the claim at $181,636.12 unless and until they can provide evidence for such an amount (and provide TMI a reasonable opportunity to respond to any such allegations).  Consequently, the Debtors cannot overcome the *prima facie* presumption of validity of the Proof of Claim.

WHEREFORE, for the foregoing reasons, TMI respectfully requests that the Court (i) enter an order overruling the Eleventh Objection with respect to the Proof of Claim consistent with this Response, and (ii) grant TMI such further relief as is just and proper.

Dated:  April 12, 2007                         /s/Jean R. Robertson_____
New York, New York                         Jean R. Robertson (OH0069252)
                                           Michael J. Kaczka (OH0076548)
                                           McDONALD HOPKINS LLC
                                           600 Superior Avenue, East
                                           Suite 2100
                                           Cleveland, OH  44114-2653
                                           Telephone:     (216) 348-5400
                                           Facsimile:     (216) 348-5474
                                           Emails:        jrobertson@mcdonaldhopkins.com
                                                          mkaczka@mcdonaldhopkins.com

                                           *Counsel for Technical Materials, Inc.*