Hearing Date and Time: April 20, 2007 at 10:00 a.m.
Response Deadline: April 13, 2007 at 4:00 p.m.

Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                                :
                              Debtors.          :    (Jointly Administered)
------------------------------------------------------------x

**RESPONSE OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE,
TO DEBTORS' ELEVENTH OMNIBUS OBJECTION (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO
CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS
NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C)
UNTIMELY CLAIMS AND (D) CLAIMS SUBJECT TO MODIFICATION**

Liquidity Solutions, Inc. d/b/a Revenue Management and Capital Markets ("LSI"), as assignee with respect to certain claims filed in these cases, hereby files its response (the "Response") to the Debtors' Eleventh Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims and (D) Claims Subject to Modification (the "Eleventh Omnibus Objection").[1] In further support of its Response, LSI respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Eleventh Omnibus Objection.

1

## BACKGROUND

1.   On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.   On or about March 29, 2006, ten proofs of claim were filed against Automotive by Tecnomec S.r.l. ("Tecnomec"), a company located at Via Nazionale 11, Regione Remise, 11020 Arnad (AO) Italy, as follows (collectively, the "Tecnomec Claims"):

| Claim Number | Claim Amount (€) | Claim Amount (US$) |
|---|---|---|
| 2447 | 1,321.64 | $1,635.00 |
| 2448 | 1,520.00 | $1,880.39 |
| 2449 | 519.04 | $642.11 |
| 2450 | 3,062.40 | $3,788.49 |
| 2451 | 20,000.00 | $24,742.00 |
| 2452 | 1,166.11 | $1,442.59 |
| 2453 | 291.53 | $360.65 |
| 2454 | 3,300.00 | $4,082.43 |
| 2455 | 5,894.30 | $7,291.83 |
| 2456 | 870.40 | $1,076.77 |
| **TOTAL:** | **37,945.42** | **$46,942.26** |

Notably, Tecnomec was included on both Automotive's Schedule F – Creditors Holding Unsecured Nonpriority Claims (filed with the Court on or about January 20, 2006) (the "Original Schedule F") and Automotive's Amended and Restated Schedule F – Creditors Holding Unsecured Nonpriority Claims (filed with the Court on or about April 18, 2006) (the "Amended Schedule F") as holding a non-contingent, liquidated and undisputed unsecured claim against Automotive in the amount of $39,008.49.

3. LSI entered into an agreement dated July 14, 2006 with Tecnomec for assignment of each of the Tecnomec Claims to LSI, and LSI duly filed a notice of transfer of claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on or about August 3, 2006 [Docket No. 4838].

4. On or about March 16, 2007, the Debtors filed the Eleventh Omnibus Objection, objecting to each of the Tecnomec Claims on a "books and records" basis and seeking entry of an order disallowing and expunging each such claim in its entirety. Where the Debtors object to a claim in the Eleventh Omnibus Objection and allege it to be a "Books and Records Claim" listed on Exhibit B thereto, the Debtors give a laundry list of reasons why a claim <u>might</u> appear on Exhibit B,[2] but no further specificity as to what is actually objectionable about that particular claim, leaving the holder of each claim to speculate for itself what the issue could be.

## RESPONSE TO OBJECTIONS

### I. Each of the Tecnomec Claims is *Prima Facie* Valid in the Full Amount Filed

5. The Bankruptcy Rules are clear that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, as

---

[2] The Eleventh Omnibus Objection provides, in pertinent part, that:

> The bases for determining that the Debtors are not liable for an asserted Claim include, but are not limited to, the following: (a) the Debtors' books and records do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim, (b) the Debtors' books and records reflect that the Debtors have assumed the Claimant's executory contract and cured any prepetition claims relating thereto, (c) the Debtors' books and records reflect that the Claim has been paid pursuant to a prior order of this Court, (d) the Debtors' books and records reflect that the Claimant has signed a release and/or waiver stating that the Debtors are not liable to the Claimant for such Claim, (e) the Debtors' books and records reflect that the asserted Claim was properly paid prior to the commencement of the Debtors' cases, and (f) the Claim constitutes a postpetition liability that has been paid by the Debtors in the ordinary course of the Debtors' businesses.

Eleventh Omnibus Objection, ¶ 27.

3

here, the creditor (or its assignee) is aided by the presumption of validity arising under Bankruptcy Rule 3001(f), and the objecting party then "bears the burden of producing sufficient evidence to refute the claim." In re Camellia Food Stores, Inc., 287 B.R. 52, 56 (Bankr. E.D. Va. 2002).

6.  As noted above (see supra, ¶ 4, n. 2), although each of the Tecnomec Claims has been deemed by the Debtors as a "Books and Records Claim" subject to disallowance in full and expungement, the Eleventh Omnibus Objection offers no claim-specific reason as to why the Debtors dispute the filed amount of the Claim; rather, the Debtors rely on a list of six or more alternative bases that might apply to any claim being challenged. There is no evidence, support or analysis provided in support of the Debtors' objections. By contrast, the Tecnomec Claims were admitted by the Debtors as due and owing in an aggregate amount of at least $39,008.49, on a liquidated, non-contingent and undisputed basis, by their inclusion not once, but twice, on Automotive's schedules. See Original Schedule F, at 958; Amended Schedule F, at 1012.

7.  Although under the Bankruptcy Rules, the Debtors have a duty to "produc[e] sufficient evidence to refute the claim," In re Camellia Food Stores, Inc., 287 B.R. at 56, here, the Debtors' objection can be distilled down to little more than a bare statement that "we don't agree with the proof of claim," which falls far short of their burden under Bankruptcy Rule 3001(f) and associated case law. See, e.g., In re White, 168 B.R. 825, 828-29 (Bankr. D. Conn. 1994) (stating that the objecting party may not rebut a claim's prima facie validity of a proof of claim merely by stating that amount of claim is incorrect, but rather must produce some evidence to support its argument; chapter 13 case).

8.  As far as LSI is concerned, none of the laundry list of reasons the Debtors have articulated as to why a Books and Records Claim could be objectionable to the Debtors – e.g., contract assumption and cure, pre- or post-petition payment of the claim, or waiver and release of the underlying liability – apply to the Tecnomec Claims, because LSI has not received any payment (cure or otherwise) on account of any such claim, nor has LSI provided a waiver or release of any Tecnomec Claim. There is also nothing – other than a generic, non-claim-specific assertion in the Eleventh Omnibus Objection – to suggest that the Debtors resolved the Tecnomec Claims directly with the original creditor by paying (or curing, or securing a release from) Tecnomec instead of LSI. Simply put, the Debtors have not put forth any actual evidence to negate the validity of the proofs of claim underlying the Tecnomec Claims, which are buttressed by the Debtors' own Schedules, let alone evidence of probative force greater than or equal to the presumption of validity supporting the Tecnomec Claims provided by the Bankruptcy Code and the Bankruptcy Rules. See Fed. R. Bankr. P. 3003(b)(1) ("The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated."); see also Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim.").

9.  Nevertheless, LSI has attempted to contact Tecnomec regarding the Eleventh Omnibus Objection, but has not received a substantive response to date. Given the difficulties imposed by the language barrier and the time difference between here and Italy, coupled with the lack of any specificity as to the actual basis for objection, LSI respectfully submits that it has had insufficient time to work through the Eleventh Omnibus Objection with

Tecnomec to confirm that Tecnomec has neither received payment on any of the Tecnomec Claims nor provided Automotive with a release or waiver. LSI will continue this process and will present any additional information it receives between now and the hearing on the Eleventh Omnibus Objection to the Debtors and/or to this Court as soon as is practicable.

10. In short, under the Bankruptcy Code, the Bankruptcy Rules and applicable case law, each of the Tecnomec Claims and the respective amounts set forth on each such claim was presumptively valid when filed. The Debtors cannot overcome this presumption of validity simply by filing a naked objection providing no insight as to why the Debtors believe the Claims to be subject to disallowance in full, especially where each of the affected claims held by LSI were twice scheduled by the Debtors in an amount relatively close to the aggregate filed amount. As such, the Eleventh Omnibus Objection should be overruled and each of the Tecnomec Claims allowed in the full filed amount.

## CONCLUSION

WHEREFORE, LSI respectfully requests that the Court enter an order: (i) overruling the Eleventh Omnibus Objection as to each of the Tecnomec Claims; (ii) allowing each such claim in the full filed amount; and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: April 12, 2007

Respectfully submitted,<br>
LIQUIDITY SOLUTIONS, INC.<br>
By: _____<br>
Dana P. Kane, Esq. (DK-3909)<br>
Liquidity Solutions, Inc.<br>
One University Plaza, Suite 312<br>
Hackensack, New Jersey 07601<br>
Phone: (201) 968-0001<br>
Fax: (201) 968-0010