**Hearing Date & Time: April 20, 2007 at 10:00 a.m.**
**Objection Deadline: April 13, 2007 at 4:00 p.m.**

DAMON & MOREY LLP
Attorneys for Lockport City Treasurer
Beth Ann Bivona, Esq. (BB3144)
100 Cathedral Place
298 Main Street
Buffalo, New York 14202
(716) 856-5500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **CHAPTER 11** |
| DELPHI CORPORATION, *ET AL.*, | **CASE NO. 05-44481 (RDD)** |
| Debtors. | **Jointly Administered** |

**OPPOSITION OF THE LOCKPORT CITY TREASURER TO THE DEBTORS'
ELEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11
U.S.C. §502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT
REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY
<u>CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION</u>**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

      Lockport City Treasurer ("Lockport"), by and through its attorneys, Damon & Morey LLP, hereby submits this response (the "Response") in opposition to the Debtors' Eleventh Omnibus Objection (Substantive) (the "Objection")**.** Lockport respectfully submits as follows:

**<u>Background</u>**

      1.      On October 8 and 14, 2005 (the "Filing"), Delphi Corporation and certain of its U.S. subsidiaries and affiliates ("Debtors") each commenced a case under Chapter 11 of Title 11 of the United States Code.

      2.      Lockport is a creditor of Debtor Delphi Automotive Systems LLC.

3.      On or about July 29, 2006, Lockport filed a proof of claim with the Bankruptcy Court or the designated agent in the total amount of $93,707.33 ("Filed Proof of Claim"). The Filed Proof of Claim designated $23,738.72 as an unsecured priority claim and $69,968.61 as a general unsecured claim.

4.      The Debtors have filed an objection to the Filed Proof of Claim of Lockport, *see*, the Objection, alleging that the $23,738.72 unsecured priority claim should be disallowed and that only $69,968.61 should be allowed as a general unsecured claim.

## Jurisdiction

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

6.      This is a core proceeding under 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## Relief Requested

7.      By this Response in opposition to the Debtors' Objection, Lockport respectfully requests that this Honorable Court deny the Debtors' request to disallow the unsecured priority portion of the Filed Claim and that this Honorable Court find that Lockport has a valid general unsecured claim against the Debtors in the amount of $93,707.30. Contemporaneously with the filing of this Motion, Lockport is filing an Amended Proof of Claim asserting a general unsecured claim against the Debtors in the amount of $93,707.30. A true and correct copy of the Amended Proof of Claim is attached hereto as **Exhibit A**.

## Argument

8.       The Debtors contracted with Lockport to supply its water needs. Lockport has continued to service the Debtors up to and through the Filing.

9.      The Filed Proof of Claim covers services provided to the Debtors pre-Filing and post-Filing. The Filed Proof of Claim assumed that the pre-Filing services totaled $69,968.61 and the post-Filing services totaled $23,738.72.

2

10. As set forth in the Affidavit of John Ottaviano (the "Ottaviano Affidavit") being filed and served herewith, in an attempt to respond to the Objection to the Filed Proof of Claim, it came to Lockport's attention that the Debtors had made two post-petition payments which had been applied to pre-petition services. However, the re-application of the payment to a post-petition bill has reveled that the correct amount of Lockport's pre-petition general unsecured claim should be $93,707.30. The Debtors are current on their post-petition obligations to Lockport. A summary of the Debtors' billing history with respect to that amount is set forth below.

11. As set forth in the Ottaviano Affidavit, during the course of the relationship between the parties, Lockport opened two (2) accounts in the name of the Debtors to monitor and to record the amount of water supplied to the Debtors.

12. As set forth in the Ottaviano Affidavit, these accounts are business records kept by Lockport in the ordinary course of business.

13. As set forth in the Ottaviano Affidavit, the accounts of Lockport are monitored, maintained or controlled by Lockport.

14. As set forth in the Ottaviano Affidavit, Lockport maintains its books and records in the ordinary course of its business. The books and records of Lockport reflect the accounts that are billed to a customer, such as the Debtors, and the amount of payment received by a customer and the outstanding liability attached to each account.

15. As set forth in the Ottaviano Affidavit, the Debtors had two (2) accounts with Lockport. The Debtors' accounts bore the following identification numbers: (1) 29-0000188-0; and (2) 29-0000186-0.

16. As set forth in the Ottaviano Affidavit, four bills issued by Lockport to the Debtors are the subject of the Filed Proof of Claim: (1) a bill dated October 1, 2005 and due October 31, 2005 for account #29-0000188-0 for water and sewer service for the dates of August

3

22, 2005 through September 22, 2005; (2) a bill dated October 1, 2005 and due October 31, 2005 for account #29-0000186-0 for water and sewer service for the dates of August 22, 2005 through September 22, 2005; (3) a bill dated November 1, 2005 and due November 30, 2005 for account #29-0000188-0 for water and sewer service for the dates of September 23, 2005 through October 21, 2005; and (4) a bill dated November 1, 2005 and due November 30, 2005 for account #29-0000186-0 for water and sewer service for the dates of September 23, 2005 through October 21, 2005.

17. As set forth in the Ottaviano Affidavit, while each bill covers a one month period, the amount of services both pre-Filing and post-Filing can be calculated easily.

18. As set forth in the Ottaviano Affidavit, Lockport's books and records reflect that the following services were provided to the Debtors pre-filing and should be allowed as a general unsecured claim:

| Account Number | Service Date | Bill Date | Due Date | Amount |
| --- | --- | --- | --- | --- |
| 29-0000188-0 | 8/22/05 – 9/22/05 | 10/1/05 | 10/31/05 | $57,347.00 |
| 29-0000186-0 | 8/22/05 – 9/22/05 | 10/1/05 | 10/31/05 | $8,025.00 |
| 29-0000188-0 | 9/23/05 – 10/7/05 (pro rata)[1] | 11/1/05 | 11/30/05 | $25,901.10 |
| 29-0000186-0 | 9/23/05 – 10/7/05 (pro rata)[2] | 11/1/05 | 11/30/05 | $2,434.20 |
| **TOTAL** | | | | $93,707.30 |

## Waiver of Memorandum of Law

19. This response in opposition to the Objection does not raise any novel issues of law. Accordingly, Lockport respectfully requests that this Honorable Court waive the

---

[1] The original invoice, in the amount of $50,075.40, covered the period of September 23, 2005 through October 21, 2005. Lockport has pro rated the pre-Filing allocation (15 days of service) by calculating a per diem charge of $1,726.74.

4

requirements contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

20.    Lockport reserves the right to supplement this Response and/or offer evidence at any hearing, if necessary, should the Debtors seek to supplement the Objection to respond to this Response.

WHEREFORE, it is respectfully requested that this Honorable Court find that Lockport has a valid general unsecured claim against the Debtors in the amount of $93,707.30.

**DATED**:    Buffalo, New York    **DAMON & MOREY LLP**
April 12, 2007

By: /s/ Beth Ann Bivona
Beth Ann Bivona, Esq. (BB3144)
1000 Cathedral Place
298 Main Street
Buffalo, New York 14202-4096
Telephone: (716) 856-5500

-#1097959

---

[2] The original invoice, in the amount of $4,706.25, covered the period of September 23, 2005 through October 21, 2005. Lockport has pro rated the pre-Filing allocation (15 days of service) by calculating a per diem charge of $162.28.