Hearing Date & Time: April 20, 2007 at 10:00 a.m.
Objection Deadline: April 13, 2007 at 4:00 p.m.

DAMON & MOREY LLP
Attorneys for Lockport City Treasurer
Beth Ann Bivona, Esq. (BB3144)
100 Cathedral Place
298 Main Street
Buffalo, New York 14202
(716) 856-5500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION, *ET AL.*,

Debtors.

CHAPTER 11

CASE NO. 05-44481 (RDD)

Jointly Administered

AFFIDAVIT OF JOHN J. OTTAVIANO, ESQ. IN SUPPORT OF OPPOSITION OF THE LOCKPORT CITY TREASURER TO THE DEBTORS' ELEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NIAGARA   )

I, John J. Ottaviano, Esq., being duly sworn, depose and say:

1. I am an attorney both for the City of Lockport ("Lockport") and in private practice. In that capacity I am fully familiar with the facts and circumstances of this case.

2. Lockport is a creditor of Debtor Delphi Automotive Systems LLC.

3. On October 8 and 14, 2005 (the "Filing"), Delphi Corporation and certain of its U.S. affiliates and subsidiaries (the "Debtors") each commenced a case under Chapter 11 of Title 11 of the United States Code.

4. On or about July 29, 2006, Lockport filed a proof of claim with the Bankruptcy Court or the designated agent in the total amount of $93,707.33 ("Filed Proof of Claim").[1] The Filed Proof of Claim designated $23,738.72 as an unsecured priority claim and $69,968.61 as a general unsecured claim.

5. I am supplying this Affidavit in opposition to the Debtors' Eleventh Omnibus Objection (Substantive) (the "Objection").

6. All statements in this Affidavit are based upon my personal knowledge and my review of business records kept by Lockport in the ordinary course of business.

7. In an attempt to respond to the Objection to the Filed Proof of Claim, it came to my attention that the Debtors had made two post-petition payments which had been applied to pre-petition services. The Debtors are current on their post-petition obligations to Lockport. However, the re-application of the payment to a post-petition bill has reveled that the correct amount of Lockport's pre-petition general unsecured claim should be $93,707.30. A summary of the Debtors' billing history with respect to that amount is set forth below.

8. Lockport maintains its books and records in the ordinary course of its business. The books and records of Lockport reflect the accounts that are billed to a customer, such as the Debtors, and the amount of payment received by a customer and the outstanding liability attached to each account.

9. The Debtors had two (2) accounts with Lockport. The Debtors' accounts bore the following identification numbers: (1) 29-0000188-0; and (2) 29-0000186-0.

10. Four bills issued by Lockport to the Debtors are the subject of the Filed Proof of Claim: (1) a bill dated October 1, 2005 and due October 31, 2005 for account #29-0000188-0

---

[1] The calculations included an application of a November, 2005 payment against an October (pre-Filing) bill. Applying the November, 2005 payment to the post-Filing bill resulted in the Debtors having only a general unsecured claim as reflected in the Amended Proof of Claim being filed on April 13, 2007

2

for water and sewer service for the dates of August 22, 2005 through September 22, 2005; (2) a bill dated October 1, 2005 and due October 31, 2005 for account #29-0000186-0 for water and sewer service for the dates of August 22, 2005 through September 22, 2005; (3) a bill dated November 1, 2005 and due November 30, 2005 for account #29-0000188-0 for water and sewer service for the dates of September 23, 2005 through October 21, 2005; and (4) a bill dated November 1, 2005 and due November 30, 2005 for account #29-0000186-0 for water and sewer service for the dates of September 23, 2005 through October 21, 2005.

11. While each bill covers a one month period, the amount of services both pre-Filing and post-Filing can be calculated easily.

12. Lockport's books and records reflect that the following services were provided to the Debtors pre-filing and should be allowed as a general unsecured claim:

| Account Number | Service Date | Bill Date | Due Date | Amount |
|---|---|---|---|---|
| 29-0000188-0 | 8/22/05 – 9/22/05 | 10/1/05 | 10/31/05 | $57,347.00 |
| 29-0000186-0 | 8/22/05 – 9/22/05 | 10/1/05 | 10/31/05 | $8,025.00 |
| 29-0000188-0 | 9/23/05 – 10/7/05 (pro rata)[2] | 11/1/05 | 11/30/05 | $25,901.10 |
| 29-0000186-0 | 9/23/05 – 10/7/05 (pro rata)[3] | 11/1/05 | 11/30/05 | $2,434.20 |
| TOTAL | | | | $93,707.30 |

---

[2] The original invoice, in the amount of $50,075.40, covered the period of September 23, 2005 through October 21, 2005. Lockport has pro rated the pre-Filing allocation (15 days of service) by calculating a per diem charge of $1,726.74.

[3] The original invoice, in the amount of $4,706.25, covered the period of September 23, 2005 through October 21, 2005. Lockport has pro rated the pre-Filing allocation (15 days of service) by calculating a per diem charge of $162.28.

3

13. It is respectfully requested that this Honorable Court deny the Debtors' request to disallow the unsecured priority portion of the Filed Claim and that this Honorable Court find that Lockport has a valid general unsecured claim against the Debtors in the amount of $93,707.30.

John J. Ottaviano, Esq.

Subscribed to and sworn to
before me this 12th day of April, 2007.

Notary Public

#1098259

JEANNE E. GOFF
Comm. #01GO6018649
Notary Public, State of New York
Qualified in Niagara County
My Commission Expires Jan 11 20__