05-44481-rdd    Doc 7659    Filed 04/13/07    Entered 04/13/07 08:32:47    Main Document
Pg 1 of 5

Hearing Date and Time: April 20, 2007 at 10:00 a.m.
Response Date and Time: April 13, 2007 at 4:00 p.m.

**Hearing Date and Time: April 20, 2007 at 10:00 a.m.**
**Response Date and Time: April 13, 2007 at 4:00 p.m.**

VARNUM, RIDDERING, SCHMIDT
 & HOWLETT LLP
Mary Kay Shaver (P-60411)
333 Bridge Street, N.W., Ste. 1700
Grand Rapids, MI 49504
Telephone: (616) 336-6827

DICONZA LAW, P.C.
Gerard DiConza (GD 0890)
630 Third Avenue, Seventh Fl.
New York, New York 10017
Telephone: (212) 682-4940

*Co-counsel for Plastic Plate, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re                                                   :
                                                        :   Chapter 11
DELPHI CORPORATION, *et al.*,                           :
                                                        :   Case No. 05-44481 RDD
                              Debtors.                  :
                                                        :   (Jointly Administered)
                                                        :
------------------------------------------------------------------------x

### RESPONSE OF PLASTIC PLATE, INC. TO
### DEBTORS' ELEVENTH OMNIBUS OBJECTION (SUBSTANTIVE)
### TO CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS

Plastic Plate, Inc. ("Claimant"), by and through its undersigned counsel, submits this Response to the Debtors' Eleventh Omnibus Objection (Substantive) to Claims Not Reflected on Debtors' Books and Record (the "Objection"). In support thereof, Claimant respectfully states as follows:

1.      On October 8 and 14, 2005, Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. This Court previously entered an Order establishing July 31, 2006 as the deadline to file pre-petition claims against Debtors.

3. Claimant filed Claim No. 5855 in the amount of $7,150.00 on May 15, 2006 (the "Tooling Claim").

4. Claimant filed Claim No. 15504 in the amount of $27,180.00 on July 31, 2006 (the "Parts Claim").

5. Debtors listed the Tooling Claim and the Parts Claim on Exhibit B-1 to the Objection, asserting that the Debtors' books and records do not reflect that it owes the amounts asserted in the Tooling Claim and the Parts Claim.

6. The basis for the Tooling Claim is tooling changes to tooling that Claimant manufactured and sold to Debtors. Attached to the Tooling Claim are copies of the invoices and evidence of Claimant's lien in accordance with the Michigan Moldbuilders Lien Statute.

7. Therefore, Debtors have no basis for listing the Tooling Claim on Exhibit B-1 to the Objection.

8. The basis for the Parts Claim is unpaid, pre-petition Invoice No. 824433, relating to parts delivered by Claimant to Debtors.

9. Immediately prior to the petition date, Debtors paid pre-petition Invoice No. 824499 in the amount of $6,696.00 pursuant to cash-in-advance terms. Post-petition, the Debtors paid Claimant again for Invoice No. 824499. Therefore, Claimant received two payments of $6,696 for Invoice No. 824499.

10. Instead of returning the double payment to the Debtors, Claimant applied the second payment of $6,696.00 to pre-petition Invoice No. 824433.

11. In late July 2006, the Debtors asserted a debit memo against Claimant in the amount of $27,180 based on alleged overpayments.

12. As the bar date was July 31, 2006, Claimant promptly filed the Parts Claim for $27,180.00, pending resolution of the debit memo issue.

13. Subsequently, Claimant and Debtors agreed that Claimant only received a double payment in the amount of $6,696, and therefore, Debtors took a debit of $6,696.

14. With the reversal of the $6,696 double payment, that left Invoice No. 824433 unpaid to the extent of the debit memo.

15. Therefore, Claimant should amend the Parts Claim to reduce its claim to $6,696.

16. Claimant has provided Debtors with all of this information and is willing to provide it again if needed.

### Reservation of Rights

17. Claimant reserves the right to amend or supplement (i) the Tooling Claim and/or the Parts Claim, (ii) the documentary evidence filed in support of the claims, (iii) this Response, and (iv) the evidentiary record in support of the claims at a later date. Claimant reserves the right to file a separate memorandum of law in reply to any response filed by the Debtors.

### Replies

18. Claimant requests that Debtors direct any correspondence related to the Response to Mary Kay Shaver. Her contact information is listed below.

**WHEREFORE**, Claimant respectfully requests that this Court enter an Order:

   (i) allowing the Tooling Claim in the amount of $7,150 and denying Debtors' request to disallow the Tooling Claim;

3

   (ii) allowing the Parts Claim in the amount of $6,696 and denying Debtors' request to disallow the Parts Claim; and

   (iii) granting such other and further relief as is just.

         Respectfully submitted,

Dated: April 13, 2007     DICONZA LAW, P.C.
   New York, New York

         By: /s/ Gerard DiConza
          Gerard DiConza (GD 0890)
          630 Third Avenue, 7th Floor
          New York, NY 10017
          Telephone: (212) 682-4940
          Facsimile: (212) 682-4942

Dated: April 13, 2007     VARNUM, RIDDERING, SCHMIDT &
   Grand Rapids, Michigan    HOWLETT LLP

         By: /s/ Mary Kay Shaver
          Mary Kay Shaver (P-60411)
          Bridgewater Place
          P. O. Box 352
          Grand Rapids, MI 49501-0352
          Telephone: (616) 336-6000
          Facsimile: (616) 336-7000

         *Co-counsel for Plastic Plate, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re                                              :
                                                   :   Chapter 11
DELPHI CORPORATION, *et al.*,                      :
                                                   :   Case No. 05-44481 RDD
                  Debtors.                         :
                                                   :   (Jointly Administered)
                                                   :
------------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

      Gerard DiConza, being duly admitted to practice in New York State and before the Southern District of New York, certifies that on the 13th day of April 2007, I caused service of the Objection of Plastic Plate, Inc. to the above-captioned Debtors' Eleventh Omnibus Claim Objection by facsimile on the parties listed below.

Dated: April 13, 2007
      New York, New York                                /s/ Gerard DiConza
                                                                           Gerard DiConza (GD 0890)

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098
Facsimile:  248-813-2491

Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Attn:  John Wm. Butler, Jr., Esq.
(jbutler@skadden.com)
Facsimile:  312-407-8501

John K. Lyons, Esq.
(jlyonsch@skadden.com)
Facsimile:  312-407-8532

Joseph Wharton, Esq.
(jwarton@skadden.com)
Facsimile:  312-407-0411