IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In Re: | ) | Chapter 11 |
|  | ) |  |
| DELPHI CORPORATION, et. al. | ) | Case No. 05-44481 (RDD) |
|  | ) |  |
| Debtors | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

RESPONSE OF CREDITOR, HYATT LEGAL PLANS, INC.
TO DEBTOR'S
"ELEVENTH OMNIBUS CLAIMS OBJECTION"

     Now comes the Creditor, Hyatt Legal Plans, Inc. (hereinafter referred to as "Hyatt") and states its response to Debtor's Eleventh Omnibus Claims Objection. The Debtor has objected to the characterization of Claim Number 1928 as a Priority Claim, and is requesting that this Court treat said claim as an Unsecured Claim.

     Hyatt provides legal plan coverage as an employee benefit to the employees of nearly 1000 corporations throughout the United States. Hyatt contracted with the Debtor to provide legal plan coverage to certain union members. This legal plan membership is a benefit of employment with the Debtor.

     The contract first became effective on July 19, 1987 and was in full force and effect at the time of the filing of the Debtor's Chapter 11. Pursuant to the terms of the contractual relationship, the Debtor was obligated to pay Hyatt each month to pay for its union members. In consideration, Hyatt was to provide attorneys, who would in turn provide personal legal services to the Union Members.

In October, 2005 there were 6,804 Union Members for whom the Debtor was required to pay, and Hyatt was obligated to provide this employee benefit. The total amount due to Hyatt was $ 80,287.20.  Hyatt received $ 62,033.84 for the period immediately prior to the filing, thus creating a shortfall of $ 18,253.36. This invoice has been provided to the Debtor.  See Hyatt's invoice that is attached as Exhibit A, incorporated by reference herein.

The monies due and owing to Hyatt Legal Plans must be treated as a priority claim pursuant to 11 U.S.C. Section 507(a)(5). The service provided by Hyatt is an employee benefit, and those monies due and owing to Hyatt are "contributions to an employee benefit plan" as stated in U.S.C. Section 507(a)(5).

It was the intent of Congress that priority treatment be provided to benefits that were not "wages, salaries or commissions," but that could be fairly termed as a wage substitute. <u>Howard Delivery Serv. V. Zurich Am. Ins. Co</u>., 126 S. Ct. 2105, 2120-21, 165 L. Ed. 2d 110, 121 (2006).  The benefit of being a member of a legal plan is clearly given priority status under 11 U.S.C.Section 507(a)(5).

WHEREFORE, Hyatt Legal Plans, Inc. respectfully requests that the Court enter an order denying the Debtor's Objection to its claim and granting to Hyatt Legal Plans, Inc. such other and further relief as is just.

Respectfully Submitted,

_____
Hyatt Legal Plans, Inc.
Creditor
1111 Superior Avenue
Cleveland, Ohio  44114
(216) 694-4357
By: Andrew Kohn
V.P. of Operations/General Counsel
akohn@legalplans.com

CERTIFICATE OF SERVICE

      A copy of the foregoing Response of Creditor, Hyatt Legal Plans, Inc. to Debtor's Eleventh Omnibus Claims Objection has been sent via Overnight Federal Express this ___ day of April, 2007 to the following: Delphi Corporation, 5725 Delphi Drive,Troy, Michigan 48098 (Attn' General Counsel); and John William Butler, Jr, Esq, John K. Lyons, Esq. Joseph N. Wharton, Esq, Skadden, Arps, Slate, Meagher & Flom, LLP 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606.

                                                                           _____
                                                                           Hyatt Legal Plans, Inc.
                                                                           Creditor