SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                         :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                                    :
                                    :    (Jointly Administered)
        Debtors.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018
FOR ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL THE DEBTORS'
SUPPLEMENTAL REPLY WITH RESPECT TO PROOF OF CLAIM NO. 14012
(HB PERFORMANCE SYSTEMS INC)

("APPLICATION TO FILE UNDER SEAL
SUPPLEMENTAL REPLY (HB PERFORMANCE)")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), intend to file their Supplemental Reply With Respect To Proof Of Claim No. 14012 (HB Performance Systems Inc.) (the "Supplemental Reply"). By this Ex Parte Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 (the "Application"), the Debtors seek authority to file the Supplemental Reply under seal. In support of the Application, the Debtors respectfully represent as follows:

Background

A.    The Chapter 11 Filings

    1.    On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

    2.    No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

    3.    This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.  The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.  The Supplemental Reply

5.  The Debtors objected to Proof of Claim 14012 (the "Proof of Claim") filed by HB Performance Systems Inc. ("HB") pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

6.  HB filed a Response To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5858) on November 22, 2006.

7.  The Debtors filed their Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof of Claim No. 14012 (HB Performance Systems, Inc.) (Docket No. 6579) on January 12, 2007. The parties also have agreed to adjudicate a related counterclaim asserted by the Debtors against HB as part of this proceeding.

8.  HB's Proof of Claim and the Debtors' counterclaim are both based on an agreement involving support services entered into by the parties in August 2002 (the "Agreement"). The Agreement was centered around a collaboration, through which Delphi Automotive Systems Inc. ("DAS LLC") would make its engineers and other support staff

3

available to HB to facilitate certain work designing and manufacturing brakes that HB was to provide to Harley-Davidson, Inc. ("Harley").

9. DAS LLC also is a supplier to Harley and entered into a confidentiality agreement (the "Confidentiality Agreement"), under which DAS LLC agreed to protect trade secrets and other non-public information from disclosure. The relationship between HB and DAS LLC was centered around work to be performed for Harley, the substance of which is, in itself, a trade secret and consists of competitive information concerning Harley that is not currently publicly disclosed. Therefore, to preserve the confidentiality of these sensitive trade secrets and non-public competitive information, and to comply with the Confidentiality Agreement, the Debtors by this Application seek permission to file the Supplemental Reply under seal because it will involve a general discussion of such confidential information.

## Relief Requested

10. By this Application, the Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file the Supplemental Reply under seal.

## Basis For Relief

11. The Supplemental Reply contains sensitive and confidential information, including trade secrets which, if publicly disclosed, could detrimentally affect Harley by disclosing confidential, non-public information about Harley's business. The Confidentiality Agreement requires the Debtors to maintain the confidentiality of the work done for Harley and prohibits the disclosure of such information. It is, therefore, important to the Debtors and Harley that the information contained in the Supplemental Reply be kept confidential so that information otherwise not publicly known, and which Harley has restricted from public disclosure, can be so maintained for Harley's competitive and business advantage.

12. Additionally, disclosure of the confidential information contained in the Supplemental Reply is not necessary for the protection of the public, creditors of the Debtors, or third parties. Moreover, the Debtors already have provided a complete copy of the Supplemental Reply to HB and will provide a copy to such other parties as ordered by this Court or as agreed to in writing by the Debtors and Harley.

13. After evaluating whether they could effectively redact the Supplemental Reply, the Debtors concluded that general discussions about the work being performed for Harley are contained throughout the Supplemental Reply and that the disclosure of such information could be detrimental to Harley's business interests. Thus, the Debtors believe that the entire Supplemental Reply should be filed under seal.

## Applicable Authority

14. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

15. Additionally, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

16. The Second Circuit has held that section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." <u>Video Software Dealers Assoc. v. Orion Pictures Corp.</u> (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Indeed, this Court has stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." <u>In re Global Crossing Ltd.</u>, 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003) (citing <u>In re Orion Pictures Corp.</u>, 21 F.3d at 27)). In addition, the Second Circuit has held that a party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." <u>Video Software Dealers Assoc.</u>, 21 F.3d at 28.

17. Here, there is good cause for the relief requested. The Debtors submit that the Supplemental Reply contains sensitive non-public commercial information and trade secrets, the disclosure of which could be harmful to the Debtors and to Harley. The confidential information qualifies as "confidential research, development, or commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, as explained by the case law in the Second Circuit. Accordingly, the Court should enter an order authorizing the Debtors' filing of the Supplemental Reply with the Court pursuant to General Order M-242 and requiring the United States Bankruptcy Clerk for the Southern District of New York to file the Supplemental Reply under seal.

18. No prior application for the relief requested herein has been made to this or any other Court.

6

Notice Of Application

19. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary. Nevertheless, the Debtors will serve a copy of this Application in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418) and the Claims Objection Procedures Order. The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. § 102(1)(B).

Memorandum Of Law

20. Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Supplemental Reply under seal as an exhibit to the Order granting this Application and (b) granting them such other and further relief as is just.

Dated: New York, New York
April 13, 2007

                          SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Albert L. Hogan III (AH 8807)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession