Hearing Date: April 20, 2007 at 10:00 a.m. (Eastern Time)
Objection Deadline: April 13, 2007 at 4:00 p.m. (Eastern Time)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel for Longacre Master Fund Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               )
In re:                                                         )    Chapter 11
                                                               )
DELPHI CORPORATION, et al.,                                    )    Case No. 05-44481 (RDD)
                                                               )
            Debtors.                                           )    (Jointly Administered)
                                                               )
---------------------------------------------------------------x

**RESPONSE OF LONGACRE MASTER FUND LTD. TO (I) DEBTORS' TENTH OMNIBUS OBJECTION (PROCEDURAL) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE AND AMENDED CLAIMS AND (B) EQUITY CLAIMS AND (II) DEBTORS' ELEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) <u>UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION</u>**

Longacre Master Fund Ltd. ("Longacre"), by its undersigned counsel, hereby submits this response ("Response") to the *Debtors' Tenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims and (B) Equity Claims* (the "Tenth Omnibus Objection") and the *Debtors' Eleventh Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C)*

*Untimely Claims, and (D) Claims Subject to Modification* (the "Eleventh Omnibus Objection") filed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), as the Tenth Omnibus Objection relates to proof of claim number 2648 filed by The Furukawa Electric Co. Ltd. ("Furukuwa") and assigned to Longacre pursuant to an assignment agreement (the "Furukawa Assignment Agreement") dated January 31, 2007 ("POC 2648") and as the Tenth Omnibus Objection and the Eleventh Omnibus Objection relate to proof of claim number 16266 filed by Calvary Design Team, Inc. ("Calvary") and assigned to Longacre pursuant to an assignment agreement (the "Calvary Assignment Agreement") dated November 10, 2006 ("POC 16266").  In support of this Response, Longacre respectfully represents as follows:

## BACKGROUND

1.      On October 8 and 14, 2005 (as applicable, the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

## PROOF OF CLAIM NUMBER 2648

2.      On April 13, 2006, Furukawa timely filed proof of claim number 2648 ("POC 2648") asserting a $546,719.03 unsecured non-priority claim against Delphi Automotive Systems LLC ("DAS").  POC 2648 is comprised of several components, including:  (a) $121,084.19 for goods shipped for which DAS has not made payment; (b) $245,629.82 for consulting support royalties owing to Furukawa pursuant to the Tacoma-Corolla Consulting and Technical Support Agreement, dated June 28, 2005, between Furukawa and DAS; (c) $131,937.34 for engineering royalties owing to Furukawa pursuant to the Tacoma License and Technical Support Agreement, dated March 3, 2005, between Furukawa and DAS; and (d)

2

$48,067.68 for equipment shipped to a division of DAS, GM - Delphi Saginaw - Delphi Steering Systems, but never paid for (the "Unpaid Equipment Claim").

3. On or about January 11, 2007, Furukawa filed proof of claim number 16481 ("POC 16481") and proof of claim number 16480 ("POC 16480") which, combined, replace POC 2648.[1]

4. POC 16480 asserts a $48,067.68 claim against DAS consisting of the Unpaid Equipment Claim.

5. POC 16481 asserts a $498,651.35 claim against DAS consisting of the claims asserted in POC 2648, but excludes the Unpaid Equipment Claim. Pursuant to the Furukawa Assignment Agreement, Furukawa assigned all of its rights, title, and interests in POC 16481 to Longacre.

6. The Tenth Omnibus Objection lists POC 2648 as a "Duplicate and Amended Claim" and seeks to expunge POC 2648 with POC 16480 (in the amount of $48,067.68) as the surviving claim. Tenth Omnibus Objection, Ex. A, p. 21. The Tenth Omnibus Objection does not reference POC 16481, the other piece of amended POC 2648. While it is vague and uncertain, the Tenth Omnibus Objection appears to oppose allowance of POC 16481.

## PROOF OF CLAIM NUMBER 16266

7. On May 1, 2006, Calvary timely filed proof of claim number 4298 ("POC 4298") asserting a $108,481.34 unsecured non-priority claim. POC 4298 lists the claim as an obligation of Delphi Corp.

---

[1] The Bar Date Order entered in these cases on April 12, 2006, requires proofs of claim to be filed on or before July 31, 2006 (the "Bar Date"). Furukawa filed POC 2648 on April 13, 2006, prior to the Bar Date. POC 16480 and POC 16481 amend POC 2648 and relate back to April 13, 2006.

3

8.  DAS's schedules, filed on April 18, 2006, reflected the obligation underlying POC 4298 as an undisputed, liquidated, non-contingent claim against DAS in the amount of $108,481.34.

9.  On August 25, 2006, following an update of the Debtors' accounting system, Calvary timely filed proof of claim number 16266 ("POC 16266"), amending POC 4298 and asserting a $113,031.34 unsecured non-priority claim. POC 16266, again, lists the claim as an obligation of Delphi Corp.

10. On October 20, 2006, Calvary filed proof of claim number 16378 ("POC 16378"), amending POC 16266 to reflect that DAS is the proper Debtor.

11. In the *Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification* (the "Ninth Omnibus Objection"), the Debtors list POC 16378 as an "Untimely Claim," which category is defined in the Ninth Omnibus Objection to include claims that "were received by the Debtors after the Bar Date."

12. On March 15, 2007, Longacre filed its *Response of Longacre Master Fund Ltd. to Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification* (the "Ninth Omnibus Response"). The Ninth Omnibus Response requests, *inter alia,* that this Court enter an order overruling the Ninth Omnibus Objection with respect to POC 16378 and allow POC 16378, in full, because POC 16378 was timely filed solely to correct, amend, or supplement assertions in earlier proofs of claim filed (i.e., POC 4298 and POC 16266).

13. On March 30, 2007, the Court entered an Order with respect to the Ninth Omnibus Objection [Docket No. 7507] (the "Ninth Omnibus Objection Order"). In the Ninth Omnibus Objection Order, the Court adjourned determination of POC 16378. *See* Ninth Omnibus Objection Order, Ex. G, p. 1. As such, determination of POC 16378 remains *sub judice*. Nonetheless, the Tenth Omnibus Objection lists POC 16266 as a "Duplicate and Amended Claim" and seeks to expunge POC 16266 with POC 4298 as the surviving claim. Tenth Omnibus Objection, Ex. A, p. 4. As such, the Tenth Omnibus Objection seeks to reduce this claim from $113,031.34 to $108,481.34.

14. In addition, notwithstanding that determination of POC 16378 remains *sub judice*, the Eleventh Omnibus Objection lists POC 4298 as a "Claim Subject to Modification" and seeks to modify POC 4298 from a claim against Delphi Corp. to one against DAS. Eleventh Omnibus Objection, Ex. D, p. 15.

15. For the reasons set forth below, the Debtors' objections to POC 2648 and POC 16266, and the apparent objection to POC 16481, should be denied.

### THE TENTH OMNIBUS OBJECTION, AS IT RELATES TO POC 2648, SHOULD BE OVERRULED AND POC 16481 ALLOWED, IN FULL

16. POC 2648, which the Debtors seek to expunge in the Tenth Omnibus Objection, has been amended by two separate, timely filed claims -- POC 16480 and POC 16481 -- and the Debtors have designated only one of these replacement claims, POC 16480, as the surviving claim. The Debtors' objection to POC 2648 should address both POC 16480 and POC 16481 for this Court to consider properly allowance or disallowance of the pertinent claims. Longacre submits that POC 16481 should be allowed in full and the Debtors have provided no facts to the contrary. Longacre thus requests that POC 16481 be allowed in full and that, unless such relief is provided, the Debtors' request to expunge POC 2648 be denied.

5

## THE TENTH OMNIBUS OBJECTION AND THE ELEVENTH OMNIBUS OBJECTION, AS THEY RELATE TO POC 16266, SHOULD BE OVERRULED

17.     Allowance of POC 16378 remains *sub judice*, pending the resolution of the issues raised by the Ninth Omnibus Response, specifically Longacre's contention that POC 16378 is a timely filed claim and should be allowed in full.  POC 16378 amends POC 16266 and POC 4298; therefore, the outcome of the Court's decision concerning the Ninth Omnibus Response will necessarily impact allowance of POC 16266 and POC 4298.  Moreover, the issues relating to allowance or disallowance of POC 16266 and POC 4298 are <u>not</u> ripe for adjudication because allowance of POC 16378 (sought by Longacre in the Ninth Omnibus Response) would render moot the relief sought in the Tenth Omnibus Objection and the Eleventh Omnibus Objection, with respect to POC 16266 and POC 4298.

18.     Finally, the Debtors provide no basis, whatsoever, for POC 16266 to be expunged or for the reduction of the claim amount from $113,031.34 to $108,481.34.  Longacre opposes any reduction to POC 16266.

19.     As such, the Court should overrule the Debtors' objection to POC 16266 and deny the Debtors' request to expunge that claim.

20.     Longacre reserves the right to amend or supplement this Response.

WHEREFORE, for the foregoing reasons, Longacre respectfully requests that the Court enter an Order (i) overruling the Tenth Omnibus Objection as it relates to POC 2648 and allowing POC 16481 in full; (ii) overruling the Tenth Omnibus Objection and the Eleventh Omnibus Objection as they relate to POC 16266; and (ii) granting Longacre such other and further relief as is just and proper.

Dated: April 13, 2007
      New York, New York

                        Respectfully submitted,

                        KASOWITZ, BENSON, TORRES
                          & FRIEDMAN LLP

                        /s/ Jeffrey R. Gleit
                        David S. Rosner (DR-4214)
                        Adam L. Shiff (AS-7571)
                        Jeffrey R. Gleit (JG-8710)
                        Daniel A. Fliman (DF-2236)
                        1633 Broadway
                        New York, NY 10019
                        Telephone:  (212) 506-1700
                        Facsimile:   (212) 506-1800

                        *Counsel for Longacre Master Fund Ltd.*