Hearing Date: April 20, 2007 at 10:00 a.m. (Eastern Time)
Objection Deadline: April 13, 2007 at 4:00 p.m. (Eastern Time)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel for Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             )
In re:                                                       )   Chapter 11
                                                             )
DELPHI CORPORATION, et al.,                                  )   Case No. 05-44481 (RDD)
                                                             )
                    Debtors.                                 )   (Jointly Administered)
                                                             )
-------------------------------------------------------------x

**RESPONSE OF CONTRARIAN FUNDS, LLC TO
DEBTORS' TENTH AND ELEVENTH OMNIBUS CLAIMS OBJECTIONS**

Contrarian Funds, LLC ("Contrarian"), by and through its undersigned counsel, hereby files this response (the "Response") to the *Debtors' Tenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims and (B) Equity Claims* (the "Tenth Omnibus Objection") and the *Debtors' Eleventh Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification* (the "Eleventh Omnibus Objection").  In support of this Response, Contrarian respectfully states as follows:

1

**PRELIMINARY STATEMENT**

1.  On March 16, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Tenth Omnibus Objection and the Eleventh Omnibus Objection (collectively, the "Omnibus Objections").

2.  In the Tenth Omnibus Objection, the Debtors ask the Court to disallow, as duplicative, certain claims held by Contrarian. Contrarian does not oppose disallowance of proof of claim number 2659 ("PoC 2659"), proof of claim number 3373 ("PoC 3373"), and proof of claim number 14321 ("PoC 14321") which have been identified as duplicative in the Tenth Omnibus Objection, *provided however*, that the Debtors recognize Contrarian as the legal and beneficial holder of the claims asserted in proof of claim number 16534 ("PoC 16534"), proof of claim number 16516 ("PoC 16516"), and proof of claim number 16479 ("PoC 16479"). If the Debtors do not recognize Contrarian as the legal and beneficial holder of PoC 16534, PoC 16516, and PoC 16479, Contrarian does not consent to the disallowance of PoC 2659, PoC 3373, or PoC 14321.

3.  In the Tenth Omnibus Objection, the Debtors further ask the Court to expunge proof of claim number 16517 ("PoC 16517"), as duplicative of proof of claim number 349 ("PoC 349"). In the *Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification* (the "Ninth Omnibus Objection"), the Debtors sought to reclassify PoC 349 from a claim against Delphi Corp. to a claim against Delphi Medical Systems Colorado Corp ("Delphi Medical"). *See* Ninth Omnibus Objection, Ex. D, pg. 28. On March 30, 2007, the Court entered an Order with respect to the Ninth Omnibus Objection [Docket No. 7507] (the "Ninth Omnibus

Objection Order"). That Order, however, neither reclassifies nor adjourns determination of PoC 349. As such, the reclassification of PoC 349 to Delphi Medical remains unresolved. Contrarian does not oppose disallowance of PoC 16517, *provided however*, that prior to granting such relief, the Court allow PoC 349, in full, as a claim against Delphi Medical.

4. In the Tenth Omnibus Objection, the Debtors further ask the Court to expunge proof of claim number 16515 ("PoC 16515") in the amount of $38,900.00, asserted against Delphi Automotive Systems, LLC ("DAS"), as duplicative of proof of claim number 1308 ("PoC 1308") in the amount of $38,900.00, asserted against Delphi Corp. In the Ninth Omnibus Objection, however, the Debtors previously asked the Court to modify PoC 1308 from a claim against Delphi Corp. in the amount of $38,900.00 to a claim against DAS in the amount of $35,900.00. That relief was granted in the Ninth Omnibus Objection Order. Contrarian consents to PoC 16515 being expunged, *provided however*, that the Court enter an Order allowing PoC 1308 as a claim against DAS in the amount of $35,900.00.

5. In the Eleventh Omnibus Objection, the Debtors ask the Court to modify certain of Contrarian's proofs of claim, reserving the right to seek subsequent disallowance of those claims. (Eleventh Ninth Omnibus Objection ¶ 37.) With respect to proof of claim number 9952 ("PoC 9952"), Contrarian consents to the modification of Debtor entity and asks the Court to allow such claim in full. With respect to proofs of claim numbers 2023, 6321, 8012, 8787, 9953 and 12698 (collectively, the "Disputed Modified Claims"), the Debtors set forth no evidence to contradict the validity and amount of these proofs of claim and, thus, Contrarian opposes any modifications and requests that the Court allow the claims as asserted in full. With respect to PoC 9952 and the Disputed Modified Claims, Contrarian requests an Order allowing and

3

directing payment of these claims in full, rather than modifying them subject to further disallowance.

6.  With respect to proof of claim number 12670 ("PoC 12670") and proof of claim number 12671 ("PoC 12671"), which the Debtors seek to reduce in the Eleventh Omnibus Objection, Contrarian opposes any reduction because the Debtors in the Ninth Omnibus Objection sought to reduce related proof of claim number 12668 ("PoC 12668"), resolution of which remains *sub judice*.[1]

## ARGUMENT

7.  Contrarian hereby timely submits this Response to the Omnibus Objections and requests that the Court overrule the Omnibus Objections.

### A. CONTRARIAN LEGALLY AND BENEFICIALLY HOLDS POC 16534, POC 16516, AND POC 16479.

8.  In the Tenth Omnibus Objection, the Debtors allege that PoC 2659 asserted against Delphi Corp. is duplicative of PoC 16534 asserted against DAS and ask the Court to expunge PoC 2659 with PoC 16534 as the surviving claim.

9.  In support of their objection, the Debtors wrongly assert that FBF, Inc. holds PoC 16534 when, in fact, Contrarian is the assignee of this claim. On March 1, 2007, Contrarian filed a notice of transfer to evidence that Contrarian holds PoC 16534 [Docket No. 7086], a copy of which is attached hereto as Exhibit "A". Thus, the Court should find that Contrarian legally and beneficially holds PoC 16534, which claim should be allowed in full.

10. Provided that the Court allows PoC 16534 in full as a claim held by Contrarian, Contrarian does not object to PoC 2659 being expunged.[2]

---

[1]  Determination of PoC 12668 was adjourned through the Ninth Omnibus Objection Order.

[2]  If the Court does not allow PoC 16534 in full as a claim held by Contrarian, Contrarian objects to the expungement of PoC 2659.

4

11. In the Tenth Omnibus Objection, the Debtors allege that PoC 3373 asserted against Delphi Corp. is duplicative of PoC 16516 asserted against DAS and ask the Court to expunge PoC 3373 with PoC 16516 as the surviving claim.

12. In support of their objection, the Debtors wrongly assert that Amplifier Research Corporation holds PoC 16516 when, in fact, Contrarian is the assignee of this claim. On March 6, 2007, Contrarian filed a notice of transfer to evidence that Contrarian holds PoC 16516 [Docket No. 7133], a copy of which is attached hereto as Exhibit "B". Thus, the Court should find that Contrarian legally and beneficially holds PoC 16516, which claim should be allowed in full.

13. Provided that the Court allows PoC 16516 in full as a claim held by Contrarian, Contrarian does not object to PoC 3373 being expunged.[3]

14. In the Tenth Omnibus Objection, the Debtors allege that PoC 14321 asserted against Delphi Corp. is duplicative of PoC 16479 asserted against DAS and ask the Court to expunge PoC 14321 with PoC 16479 as the surviving claim.

15. In support of their objection, the Debtors wrongly assert that Sensus Precision Die Casting, Inc. holds PoC 16479 when, in fact, Contrarian is the assignee of this claim. On February 8, 2007, Contrarian filed a notice of transfer to evidence that Contrarian holds PoC 16479 [Docket No. 6889], a copy of which is attached hereto as Exhibit "C". Thus, the Court should find that Contrarian legally and beneficially holds PoC 16479, which claim should be allowed in full.

16. Provided that the Court allows PoC 16479 in full as a claim held by Contrarian, Contrarian does not object to PoC 14321 being expunged.[4]

---

[3] If the Court does not allow PoC 16516 in full as a claim held by Contrarian, Contrarian objects to the expungement of PoC 3373.

5

**B.  THE TENTH OMNIBUS OBJECTION SHOULD BE OVERRULED
AS TO POC 16517 BECAUSE ALLOWANCE OF POC 349
REMAINS UNRESOLVED.**

17. In the Tenth Omnibus Objection, the Debtors ask the Court to expunge PoC 16517 asserted against Delphi Medical, as duplicative of PoC 349 asserted against Delphi Corp., with PoC 349 as the surviving claim.

18. In the Ninth Omnibus Objection, the Debtors sought to reclassify PoC 349 from a claim against Delphi Corp. to a claim against Delphi Medical. *See* Ninth Omnibus Objection, Ex. D, pg. 28. The Ninth Omnibus Objection Order neither reclassifies nor adjourns determination of PoC 349. As such, the reclassification of PoC 349 to Delphi Medical remains unresolved. Contrarian does not oppose disallowance of PoC 16517, *provided however*, that prior to granting such relief, the Court allow PoC 349, in full, as a claim against Delphi Medical.

**C.  THE COURT SHOULD ALLOW POC 1308 IN FULL.**

19. In the Tenth Omnibus Objection, the Debtors ask the Court to expunge PoC 16515, asserted in the amount of $38,900.00 against DAS, as duplicative of PoC 1308, asserted in the amount of $38,900.00 against Delphi Corp. In the Ninth Omnibus Objection, however, the Debtors previously asked the Court to modify PoC 1308 from a claim against Delphi Corp. in the amount of $38,900.00 to a claim against DAS in the amount of $35,900.00. That relief was granted in the Ninth Omnibus Objection Order.

20. The Debtors' piecemeal approach of modifying claims (such as this one) over the course of various omnibus pleadings by modifying as to Debtor entity on one objection, as to amount of claim on another, and so forth, is unnecessarily confusing and burdensome and causes parties to expend avoidable expenses. This is further exacerbated by the Debtors' refusal to

---

[4] If the Court does not allow PoC 16479 in full as a claim held by Contrarian, Contrarian objects to the expungement of PoC 14321.

6

consent to allowance of claims in a reduced amount by attempting to reserve the right to later move to disallow. *See* discussion *infra*.

21.  To eliminate further unnecessary costs and to provide Contrarian some clarity and certainty with respect to PoC 1308, the Court should allow PoC 1308 as a claim against DAS in the amount of $35,900.00.  Only upon such allowance will Contrarian consent to PoC 16515 being expunged.

### D. THE ELEVENTH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO POC 12670 AND POC 12671 BECAUSE ALLOWANCE OF POC 12668 REMAINS *SUB JUDICE* THROUGH THE NINTH OMNIBUS OBJECTION.

22.  In the Eleventh Omnibus Objection, the Debtors ask the Court to reduce the amounts of PoC 12670 and PoC 12671.

23.  In the Ninth Omnibus Objection, the Debtors seek to reduce PoC 12668.  In opposition to that relief, Contrarian filed its *Response of Contrarian Funds, LLC to Debtors' Eighth and Ninth Omnibus Objections* [Docket No. 7276] requesting that the Court allow PoC 12668, in full.  In the Ninth Omnibus Objection Order, the Court adjourned adjudication of allowance of PoC 12668.

24.  PoC 12668, PoC 12670, and PoC 12671, all assert claims in the amount of $184,138.31, but each against a different Debtor.  Contrarian believes that these claims are related and interdependent such that allowance or disallowance of PoC 12668 will be necessarily determinative of allowance of PoC 12670 and PoC 12671.

25.  Unless and until the Ninth Omnibus Objection as it relates to PoC 12668 is finally adjudicated, the Debtors' objection and request to reduce PoC 12670 and PoC 12671 should be overruled.

### E. THE ELEVENTH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO ALL PROPOSED CLAIMS "MODIFICATIONS".

#### 1. THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS".

26. In the Eleventh Omnibus Objection, the Debtors ask the Court to modify the claims listed on Exhibit D to the Eleventh Omnibus Objection. The Debtors do not ask the Court to allow these claims in the modified amount, but rather to reduce the claims and to reserve the Debtors' ability later to seek disallowance. (Eleventh Omnibus Objection ¶ 37.) This request must be denied because there is no statutory or other authority justifying such relief. Indeed, the Debtors have cited none in the Eleventh Omnibus Objection.

27. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim," *quoting In re Reilly*, 245 B.R. 768, 773 (2nd Cir. BAP 2000)).

28. The Debtors have *not* refuted the allegations essential to the proposed modified claims. They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of these claims. Moreover, there is no basis within the Federal Rules of Bankruptcy Procedure or the Bankruptcy Code for this procedure. The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to

8

modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Contrarian, and this Court.

### 2. PROOF OF CLAIM 9952.

29. With respect to PoC 9952, Contrarian consents to the change of Debtor entity, *provided however,* that the Court allow such claim in its full amount of $70,551.74. If the Court does not allow PoC 9952, in full, Contrarian opposes such change.

### 3. PROOFS OF CLAIM 2023, 6321, 8012, 8787, 9953, AND 12698.

30. With respect to proofs of claim numbers 2023, 6321, 8012[5], 8787, 9953, and 12698 -- the Disputed Modified Claims -- Contrarian opposes *any* modification to the claim amount and requests that the Court allow Contrarian's claims in full.

31. The Debtors have shown no basis, whatsoever, for reduction of the Disputed Modified Claims; nor is Contrarian aware of any such basis. Unless and until the Debtors provide evidence of the basis for their objections (at which time Contrarian would have the opportunity to respond to any such allegations), they cannot overcome the *prima facie* presumption of validity. Thus, the Disputed Modified Claims should be allowed in full.

32. Contrarian reserves the right to amend or supplement this Response.

WHEREFORE for the foregoing reasons, Contrarian respectfully requests that the Court enter an Order (i) overruling the Omnibus Objections to the extent set forth herein; (ii) finding that Contrarian legally and beneficially holds the claims asserted in P0C 16479, PoC 16516, and

---

[5] On or about July 19, 2006, BASF Corporation ("BASF") transferred proof of claim number 8012 ("PoC 8012") to Contrarian. [Docket No. 4607]. PoC 8012 asserts a claim in the amount of $856,055.16 against DAS. On August 4, 2006, BASF filed proof of claim number 16200 ("PoC 16200") amending PoC 8012 and asserting a claim in the amount of $1,015,234.23 against DAS. In the Ninth Omnibus Objection, the Debtors objected to PoC 16200 as untimely filed and BASF filed a response. [Docket No. 7286]. It is Contrarian's understanding that BASF intends to respond in opposition to the reduction in the Eleventh Omnibus Objection of PoC 8012 from $856,055.16 to $696,510.71. Contrarian hereby joins in that opposition and reserves the right to further object and to participate in any and all meets and confer regarding PoC 8012 and/or PoC 16200.

PoC 16534 and allowing such claims in the amounts asserted therein; (iii) continuing adjudication of the Tenth Omnibus Objection relating to PoC 16517; (iv) allowing PoC 16515 in the amount of $35,900 against DAS; (v) continuing adjudication of the Eleventh Omnibus Objection relating to PoC 12670 and PoC 12671; (vi) allowing PoC 9952 in the amount of $70,551.74 against DAS; (vii) allowing the Disputed Modified Claims in the amounts asserted in the relevant proofs of claim; and (viii) granting Contrarian such other and further relief as is just proper.

Dated: April 13, 2007
       New York, New York

                              KASOWITZ, BENSON, TORRES
                               & FRIEDMAN LLP

                              By: /s/ Jeffrey R. Gleit
                              David S. Rosner (DR-4214)
                              Adam L. Shiff (AS-7571)
                              Jeffrey R. Gleit (JG-8710)
                              Daniel A. Fliman (DF-2236)
                              1633 Broadway
                              New York, NY 10019
                              Telephone:  (212) 506-1700
                              Facsimile:   (212) 506-1800

                              *Counsel for Contrarian Funds, LLC*