# EXHIBIT "1"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
     In re                                             :
                                                            :  Chapter 11
DELPHI CORPORATION, et al.,                                 :
                                                            :  Case No. 05 – 44481(RDD)
                      Debtors.                        :
                                                            :  (Jointly Administered)
                                                            :
------------------------------------------------------------x

ORDER UNDER 11 U.S.C. §§ 105(a), 363, 507, 1107, AND 1108
(I) AUTHORIZING DEBTORS TO PAY PREPETITION WAGES AND SALARIES
TO EMPLOYEES AND INDEPENDENT CONTRACTORS; (II) AUTHORIZING DEBTORS
TO PAY PREPETITION BENEFITS AND CONTINUE MAINTENANCE
OF HUMAN CAPITAL BENEFIT PROGRAMS IN THE ORDINARY COURSE;
AND (III) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR
<u>PAYMENT OF PREPETITION HUMAN CAPITAL OBLIGATIONS</u>

("HUMAN CAPITAL OBLIGATIONS ORDER")

Upon the motion dated October 8, 2005 (the "Motion"),[1] wherein Delphi Corporation ("Delphi") and certain of its domestic subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), moved for entry of an order, under sections 105(a), 363, 507(a)(3), 507(a)(4), 541, 1107, and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to pay all human capital obligations of the Debtors, including prepetition claims of the Debtors' domestic active and inactive employees, any independent contractors, including those provided by employee supplier agreements, who currently are under formal or informal contracts, (collectively, and solely for the purposes of this Motion, the "Employees"), and those prepetition

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.



claims on account of benefits to be provided to any of the Debtors' retirees and their surviving spouses (collectively, the "Retirees"), (ii) authorizing, but not directing, the Debtors to pay prepetition benefits and continue the Debtors' various human capital benefit plans and programs (collectively, the "Prepetition Human Capital Obligations"), and (iii) directing all banks to honor prepetition checks for payment of Prepetition Human Capital Obligations and prohibiting banks from placing any holds on, or attempting to reverse, any automatic transfers to Employees' accounts for Prepetition Human Capital Obligations; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions and First Day Orders; and upon the record of the hearing held on the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

        1.    The Motion is GRANTED.

        2.    The Debtors are authorized, but not directed, to pay or otherwise honor the Prepetition Human Capital Obligations, as described in the Motion, including, but not limited to, Employees' prepetition and postpetition wages and salaries, including any commissions and bonuses for which the Employees are eligible; outstanding fees to members of the Debtors' Board of Directors; vacation, sick leave, personal leave, expense reimbursements, and severance; health, insurance, retirement, and other employee benefit programs; defined contribution, defined benefit, tax-qualified, and non-tax-qualified retirement plans; workers' compensation programs; and other benefits to, or for the benefit of, the Employees, and to continue each of the foregoing

Employee programs in the ordinary course of business; provided, however, that such payment, continuance of such Employee program, other honoring of such Prepetition Human Capital Obligations, or entry of this Order shall not make such obligations administrative expenses of the estates entitled to priority status under sections 503 and 507 of the Bankruptcy Code.

3. With respect to former officers and directors, the authority granted hereunder on account of Prepetition Human Capital Obligations is limited to advancement of litigation expenses, as subject to an aggregate cap of $5 million, health benefits, basic life insurance benefits, long-term disability benefits, and benefits provided under the Delphi Supplemental Executive Retirement Program, as limited to no more than $5,000 per month per eligible officer or director.

4. The Debtors shall pay no Performance Achievement Plan Awards under the Debtors 2003-2005 Long-Term Incentive Plan prior to November 30, 2005.

5. The financial institutions upon which any checks are drawn in payment of the Prepetition Human Capital Obligations, either before, on, or after the date on which the Debtors filed these chapter 11 cases, are hereby authorized and directed to honor, upon presentation, any such checks.

6. Such financial institutions are authorized and directed to rely upon the representations of the Debtors as to which checks are in payment of the Prepetition Human Capital Obligations.

7. The Debtors may pay all federal, state, local, and foreign income withholding, payroll, employment, unemployment, social security, and similar taxes (including, but not limited to, taxes relating to the Federal Insurance Contributions Act ("FICA")), whether withheld from Employees' wages or paid directly by the Debtors to governmental authorities, as

3

well as other Employee withholdings including, but not limited to, pension plan contributions, union dues, charitable contributions, and garnishment contributions, if any.

8.  The Debtors are authorized, but not directed, to pay any and all costs incident to maintaining or paying third parties to maintain and provide record-keeping relating to the various Employee benefit programs and any trusts related thereto that may be outstanding as of the Petition Date in the ordinary course of business.

9.  Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

10. Neither the provisions of this Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or to in any way change the rights or create new rights of any Employee or other person, including, without limitation, the creation of any right to payment entitled to administrative expense priority pursuant to sections 503 and 507 of the Bankruptcy Code.

11. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12. The entry of this Order is final; provided, however, that (a) within ten business days after the official committee of unsecured creditors (the "Creditors' Committee") has been formed and retained counsel, the Creditors' Committee may object to the prospective application of this Order from and after the date of such objection, and (b) within ten business days of the date of entry hereof, the agent for the Debtors' prepetition banks (the "Agent") may

object to the prospective application of this Order from and after the date of such objection; provided further, that if such objection is timely made by the Creditors' Committee or the Agent, such objection shall be heard at the next regularly-scheduled omnibus hearing in these cases, and (c) pending such hearing, this Order shall remain in full force and effect.

13. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

14. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         October 13, 2005

                                          /s/ ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE