# EXHIBIT "7"

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF **F I L E D**
HINDS COUNTY, MISSISSIPPI

**AUG 2 3 2006**

SOUTHTRUST BANK                                        PLAINTIFF  BARBARA DUNN, CIRCUIT CLE?
                                                                  BY S. Williams ?
VS.                                                    NO. 252-03-14 CIV

LEXTRON CORP., ET AL                                   DEFENDANTS

## ORDER

THIS CAUSE this day came on for consideration on the motion filed by

defendant Delphi to strike the plaintiff's first amended complaint, and the Court, having

considered said motion, plaintiff's response thereto, as well as the authorities of law

submitted by the parties, and being otherwise fully advised in the premises, finds as

follows:

1. Plaintiff brought on for hearing, at a September 16, 2005 status conference in this

   cause, a motion seeking leave of Court to file a first amended complaint, adding

   one Larry Graves as an individual defendant. After hearing arguments on said

   issue and also concerning a trial setting and entry of a scheduling order, the Court

   ruled, in pertinent part, "...with this many lawyers and with yet another party

   being about to be included by the Court's granting the motion filed by the plaintiff

   to file an amended complaint, and that motion, by the way, is granted..." (See

   Transcript of Proceedings, p. 13).

2. No order, however, effectuating that ruling was ever submitted by the plaintiff for

   entry by the Court and spread upon its minutes.

3. As a court of record, this Court may only speak through its minutes. *Oliver v.

   Miles*, 110 So. 666 (Miss. 1927). Consequently, the Court's oral ruling of

   September 16, 2005, has to date been of no force and effect.

4. The Court, however, has ruled that plaintiff may file the amended complaint, and it would not be in the best interests of justice and judicial economy to strike the said amended complaint, require plaintiff to re-file the motion, set it for another hearing, and reach the same result.

5. One of the grounds upon which Delphi opposed plaintiff's motion to file an amended complaint, adding Graves as a defendant, is because Graves is alleged to be an officer of Delphi and that the stay entered in Delphi's bankruptcy proceedings likewise bar further proceedings against its officers who are sued individually.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's motion seeking leave to file a first amended complaint be, and the same is hereby, sustained, as pronounced by the Court in its oral ruling of record on September 16, 2005, and the first amended complaint filed thereafter shall not be stricken, but shall be effective only from and after this date; and

IT IS FURTHER ORDERED AND ADJUDGED that any and all dispositive issues concerning the aforesaid Larry Graves, will be addressed by the Court, once Mr. Graves is made a defendant in this action, by virtue of the said first amended complaint, and upon any dispositive motion being filed on his behalf; and

IT IS FURTHER ORDERED AND ADJUDGED that in the event the Court subsequently determines that any litigation in this cause against Graves, individually, is barred by the stay in Delphi's bankruptcy proceedings, the Court will consider, upon motion by Graves, assessing plaintiff the reasonable expenses, including attorney's fees,

incurred by him in defending the action brought by plaintiff's amended complaint.

SO ORDERED AND ADJUDGED, this the 23rd day of August, 2006.

CIRCUIT JUDGE