UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## BASF CORPORATION'S RESPONSE TO
## DEBTORS' ELEVENTH OMNIBUS OBJECTION (SUBSTANTIVE)

BASF Corporation ("BASF"), in response to the Debtors' eleventh omnibus objection (the "Objection") to claims, states:

1. BASF timely filed claim number 8012 in the amount of $856,055.16, representing goods delivered to Delphi prepetition. BASF has sold most of its interest in claim number 8012 to Contrarian Funds, LLC. ("Contrarian"). Under the terms of the agreement between BASF and Contrarian, BASF maintains the right to file this response.

2. The Debtors now object to claim number 8012, asserting that the claim should be reduced by $159,544.45, from $856,055.16 to $696,510.71. See Exhibit D to the Debtors' Objection.

3. The Debtors fail to offer any evidence or allegations in support of this reduction, except for the blanket statement that "based on an initial review of the Claims Subject to Modification, the Debtors have determined that their liability with respect to such Claim does not exceed the dollar amount set forth on Exhibit D attached hereto."

{00128099}

4.      However, the Debtors' own records show a liability to BASF in the amount of $854,723.99. See Delphi's DACOR[1] system payables listing, showing the prepetition payables to BASF in the amount of $854,723.99, attached as Exhibit A. This is only $1,331.17 less than BASF's proof of claim, not the $159,544.45 amount by which the Debtors seek to reduce BASF's proof of claim. BASF is not aware of the reason why Debtors' records report this claim as being $1,331.17 less than BASF's records.

5.      BASF's records show that BASF is in fact owed the full amount of the filed proof of claim - $856,055.16.[2]

6.      BASF's proof of claim is entitled to a presumption of *prima facie* validity. Fed. R. Bankr. P. 3001(f).

7.      Because the Debtors have come forward with **no specific evidence** that BASF's proof of claim is in any way incorrect, and because **even the Debtors' own records support BASF's proof of claim** and directly contradict the allegation that the Debtors' books and records show a liability that does not exceed $696,510.71, the Debtors have failed to refute BASF's proof of claim and the proof of claim remains entitled to the presumption of *prima facie* validity.

8.      Further, even if BASF's proof of claim were not entitled to *prima facie* validity, BASF is prepared to prove the amount of its claim at an evidentiary hearing.

---

[1] DACOR is a password protected payable listing system maintained by Delphi which can be accessed by Delphi's suppliers and vendors to enable Delphi's suppliers and vendors to monitor the status of their Delphi accounts.
[2] The proof of claim has already been filed. All supporting documents are too voluminous to attach, and are already in the Debtors' possession. However, all supporting documents will be made available for the Debtors to review on reasonable request.

{00128099}                                                    2

9.      Lastly, BASF further objects to the piecemeal nature of the Debtors' objection and submits that the Debtors should be required to raise all possible issues with respect to BASF's proof of claim number 8012 in one objection, and should not be allowed to preserve other future objections.

**WHEREFORE**, BASF Corporation respectfully requests that this Honorable Court deny the Debtors' Eleventh Omnibus Objections to Claims as to the relief requested against BASF Corporation.

Respectfully submitted:

SCHAFER AND WEINER, PLLC

By:  / s / Ryan D. Heilman
    RYAN D. HEILMAN (P63952)
    Counsel for BASF Corporation
    40950 Woodward Ave., Ste. 100
    Bloomfield Hills, MI 48304
    (248) 540-3340
    rheilman@schaferandweiner.com

Dated:  April 13, 2007