UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
    In re                            :  Chapter 11
                                              :
DELPHI CORPORATION, et al.,    :  Case No. 05-44481 (RDD)
                                              :
                                              :  (Jointly Administered)
                    Debtors.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# STIPULATION AND AGREED ORDER RESOLVING DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS AS TO ROBERT BOSCH CORPORATION

WHEREAS, Delphi Automotive Systems LLC ("DAS LLC" and collectively with the other debtors and debtors-in-possession in the above-referenced jointly-administered chapter 11 cases, the "Debtors") and Robert Bosch Corporation ("Bosch") have a mutual supply relationship where each party supplies goods and related warranties for such goods to the other;

WHEREAS, on or about July 31, 2005, Bosch filed a proof of claim against DAS LLC, Claim No. 13620 (the "Claim") for an obligation owing to Bosch arising out of parts that Bosch shipped to Delphi;

WHEREAS, Bosch classified the Claim as a secured claim due to its setoff and/or recoupment rights;

WHEREAS, on or about October 31, 2006, the Debtors filed their Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Procedures Motion") (Docket No. 5453) where the Debtors sought to establish certain procedures for resolving claims, and an Order

Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims was entered on December 7, 2006 approving the Claims Procedures Motion (the "Claims Procedures Order") (Docket No. 6088);

WHEREAS, on October 31, 2006, the Debtors filed their (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (the "Third Omnibus Claims Objection") (Docket No. 5452) where the Debtors sought to reclassify the Claim as an unsecured claim;

WHEREAS, Bosch and DAS LLC have since completed the reconciliation of amounts owed between them and Bosch has paid certain funds owing pre-petition to DAS LLC; provided, however, Bosch has reserved the right, and continues to reserve the right, to amend its proof of claim to assert additional amounts for warranty charges or other product-related charges that have not yet matured or of which Bosch is not aware;

WHEREAS, although Bosch did not have an objection to the reclassification of Bosch's Claim as an unsecured claim, Bosch filed a response to the Third Omnibus Claims Objection (the "Response") as a precaution in order to ensure that the Debtors' Third Omnibus Claims Objection did not prejudice Bosch's rights, including, without limitation, Bosch's right to later amend Bosch's Claim to assert additional amounts owed to Bosch;

WHEREAS, the Debtors agreed to adjourn the November 30, 2006 hearing on the objection to the Claim to a later date and provide notice of that hearing to Bosch;

2

WHEREAS, on December 19, 2006 this Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging Certain (a) Claims With Insufficient Documentation And (b) Claims Unsubstantiated By Debtors' Books And Records, (II) Modifying Certain Claims, And (III) Adjourning Hearing On Certain Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) Identified In Third Omnibus Claims Objection (the "Third Omnibus Claims Objection Order") (Docket No. 6224) where the Claim was reclassified from a secured claim to an unsecured claim;

WHEREAS, the Debtors and Bosch agree that the Claim should not have been subject to the Third Omnibus Claims Objection Order because Bosch filed a Response and accordingly the hearing pertaining to the Claim should have been adjourned;

WHEREAS, on December 27, 2006, Bosch filed an amended proof of claim against DAS LLC, Claim No. 16467 purporting to amend the Claim to assert damages for patent infringement, which damages arise out of the sale of parts containing Electronic Control Units;

WHEREAS, Bosch believes that the following Debtor entities may have also infringed on Bosch's patents:

- Delphi Corporation
- Delphi NY Holdings Corporation
- ASEC Manufacturing General Partnership
- ASEC Sales General Partnership
- Specialty Electronics International Ltd
- Specialty Electronics, Inc.
- Delphi Liquidation Holding Company
- Delphi Electronics (Holding) LLC
- Delphi Technologies, Inc.
- Delphi Automotive Systems Tennessee, Inc.
- Delphi Mechatronic Systems, Inc.
- Delphi China LLC
- Delphi Automotive Systems Korea, Inc.
- Delphi Automotive Systems Thailand, Inc.
- Delphi Automotive Systems International, Inc.

- Delphi International Holdings Corp.
- Delphi Automotive Systems Overseas Corporation
- Delphi Automotive Systems (Holding) Inc.
- Delco Electronics Overseas Corporation
- Delphi LLC
- Aspire, Inc.
- Delphi Connection Systems
- Packard Hughes Interconnect Company
- Delphi Automotive Systems Services LLC
- Delphi Services Holding Corporation
- Delphi Automotive Systems Global (Holdings), Inc.
- Delphi Furukawa Wiring Systems LLC

(the Debtors listed directly above are hereinafter referred to as the "Other Debtor Entities");

WHEREAS, Bosch has made the Debtors aware of its intention to file (and Bosch has in fact held off from filing), duplicative claims against the Other Debtor Entities, as a precautionary measure, to assert the same damages for patent infringement because Bosch cannot precisely identify the Debtor entity(ies) that was or were involved in the infringement;

WHEREAS, Bosch, DAS LLC and the Other Debtor Entities have agreed that rather than Bosch filing duplicative claims against all of the Other Debtor Entities in bankruptcy, Bosch's purported amendment of the Claim against DAS LLC will be treated as a claim not only against DAS LLC but also against the Other Debtor Entities subject to all of the Debtors' defenses including, without limitation, that such purported amendment is time barred.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Claim is an unsecured claim and such Claim is reclassified by DAS LLC as an unsecured claim.

2. Bosch's December 27, 2006 purported amendment to the Claim shall be deemed to be (a) a purported amendment to the Claim against DAS LLC; and (b) an original proof of claim filed on December 27, 2006 as to and against all of the Other Debtor Entities.

4

Bosch need not file a separate proof of claim against the Other Debtor Entities. Such purported amendment shall be subject to all of the Debtors' defenses and objections including, without limitation, that such purported amendment is untimely and, thus barred, under the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (the "Bar Date Order") (Docket No. 3206), entered on April 12, 2006.

3. In the event Bosch further amends the Claim in the future, such amendment will be deemed to be a further amendment of the Claim against DAS LLC, as well as an amendment to the claims against the Other Debtor Entities subject to all of the Debtors' defenses and objections including, without limitation, that such purported amendment is untimely and, thus barred, under the Bar Date Order.

4. The terms of the Third Omnibus Claims Objection Order shall not apply to Bosch or the Claim (including any amendments).

5. The Debtors reserve the right to object to the amendment to the Claim for any reason whatsoever including, without limitation, that such purported amendment is untimely and, thus barred, under the Bar Date Order.

6. The Debtors reserve the right to request that this Court change, add or delete the Debtor or Debtors against which such patent infringement claim is asserted.

7. Bosch reserves the right to further amend the Claim as to DAS LLC to assert damages for warranty and product liability claims as those claims arise or mature in the future subject to the Debtors' defenses and objections.

8.  Adjudication of any issues relating to the Claim (including any amendments) will not be subject to the Claims Procedures Motion or the Claims Procedures Order.

9.  Bosch does not waive any of its rights to object to the jurisdiction or venue of this Court nor does Bosch consent to the same.

So Ordered in New York, New York, this 13th day of April, 2007

/s/Robert D. Drain
Honorable Robert D. Drain
United States Bankruptcy Judge


AGREED TO AND
APPROVED FOR ENTRY:


/s/ John K. Lyons
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
   John Wm. Butler, Jr. (JB-4711)
   John K. Lyons (JL-4951)
   Ron E. Meisler (RM-3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700
Attorneys for the Debtors


/s/ Gordon J. Toering
WARNER NORCROSS & JUDD LLP
Gordon J. Toering (GT-3738), *admitted pro hac vice*
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
(616) 752-2000

6

and

DUANE MORRIS LLP
Walter J. Greenhalgh (WJG-9614)
Joseph H. Lemkin (JL-2490)
Business Address:
44 Broad Street, Suite 1200
Newark, NJ  07102-3889
(973) 424-2010

Attorneys for Robert Bosch Corporation

1353660