

**LDR**
*Louisiana Department of Revenue*

April 2, 2007

✓ Clerk
U S Bankruptcy Court
Southern District of New York
Delphi Corporation Claims
Bowling Green Station
PO Box 5058
New York, NY, 10274-5058

Gentlemen:

Subject: Delphi Automotive Systems Corporation
Chapter 11 Bankruptcy
Case Number: 05-44481
Account Number: 0375683001
Amount: $1,024.16

The Louisiana Department of Revenue respectfully requests that the referenced proof of claim filed by this department be withdrawn as all liabilities have been satisfied.

Thank you for your attention and cooperation in this matter.

Sincerely,

Vernette LeJeune
Collection Division
Bankruptcy Section
Phone: (225) 219-2237

c: Kurtzman Carson Consultants LLC



*617 North Third Street*
*P. O. Box 66658*
*Baton Rouge, Louisiana 70821-0201*
*225-219-2255 • 225-219-2250 Fax*
*TDD# 225-219-2114 • www.revenue.louisiana.gov*

**Response Date and Time: April 13, 2007 at 4:00 p.m.**

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Karen B. Dine (KD 0546)
Rick B. Antonoff (RA 4158)
1540 Broadway
New York, New York 10036-4039
(212) 858-1000 (Phone)
(212) 858-1500 (Fax)

-and-

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Mark D. Houle (Cal. Bar. No. 194861) *(Pro Hac Admission*
*Granted by Order entered September 27, 2006)*
650 Town Center Drive, 7th Floor
Costa Mesa, CA  92626-7122
Telephone: (714) 436-6800
Facsimile: (714) 436-2800

Attorneys for Hyundai Motor Company and
Hyundai Motor America

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK



|  |  |
|---|---|
| IN RE: | ) Chapter 11 |
|  | ) |
| DELPHI CORPORATION, et al., | ) Case No. 05-44481 |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) |

## HYUNDAI MOTOR AMERICA'S RESPONSE TO TENTH OMNIBUS CLAIMS OBJECTION

Hyundai Motor America ("Hyundai"), a creditor of several of the above-captioned

Debtors, through its undersigned attorneys, hereby responds to Delphi Corporation's

(collectively with the other above-captioned debtors and debtors in possession, the **"Debtors"**)

Tenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. 502(b) And Fed. R. Bankr.P.3007

To Certain (A) Duplicate and Amended Claims and (B) Equity Claims (the **"Objection"**) to the

extent that the Objection challenges claims asserted by Hyundai.  In support of its response, Hyundai respectfully represents as follows:

1.      On October 8 and 14, 2005 (the "Petition Date"), Debtors filed voluntary petitions for relief under chapter II of the Bankruptcy Code.

2.      On or about July 31, 2006, among other proofs of claim filed by Hyundai in these cases, Hyundai filed the following proof of claim in an unliquidated amount (the "Claim"):

| Claim Number: | Debtor Against Which Claim is Asserted: | Stated Basis For Claim: | Specific Document Referenced In Support of Claim ("Supporting Document"): |
|---|---|---|---|
| 15592 | Delphi Automotive Systems LLC | Indemnity claims arising under certain ongoing litigation, all claims arising under Documents between the parties, and indirect claims from parent relationship with Debtors | Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi Automotive Systems LLC dated as of December 7, 2004 |

3.      On or about March 16, 2007, Debtors filed the Objection, contending that the Claim is duplicative of that certain proof of claim filed by Hyundai on or about July 31, 2006, claim number 15589 ("Proposed Surviving Claim"), and should therefore be disallowed and expunged.

4.      First, the Objection should be overruled insofar as it relates to Hyundai because it fails to produce any evidence whatsoever to overcome the prima fade validity of Hyundai's Claim.

5.      Pursuant to § 502(a) of Title II of the United Sates Code, 11 U.S.C § 101 et seq., a proof of claim is deemed to be allowed unless a party in interest objects. 11 U.S.C. § 502(a). Thus, Hyundai's Claim operates as prima facie evidence of Hyundai's claim against the Debtors. See HR. Rep. No.95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No.95-989, 95th Cong., 2d Sess., at 62 (1978).

6.     The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is prima facie valid. The burden of proof then shifts to the objecting party to produce sufficient evidence to negate the prima facie validity of the proof of claim by refuting at least one of the essential allegations of such claim. Only after the objecting party produces evidence equal in force to the prima facie claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of the evidence. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992). See also, Fullmer v. U.S. (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.") (citations omitted).

7.     The Objection fails to set forth any facts to overcome the prima facie validity of the Claim. Instead, the Objection makes only the conclusory statements that the Claim is duplicative. Debtors have offered no factual argument or legal basis to support Debtors' objection to the Claim beyond the bare assertions in the Objection. As such, the Objection should be disallowed.

8.     Second, the Objection should also be overruled because the Claim on its face is not duplicative of the Proposed Surviving Claim and in fact asserts, in part, a different claim. As shown above, the Claim references that it is based in part on documents including the specific Supporting Document. However, the Supporting Document is **not** referenced as a basis for the Proposed Surviving Claim, and the Claim therefore asserts, in part, a different claim (based on different contractual obligations of the Debtors) than the Proposed Surviving Claim. As such, while there may be some overlap between the Claim and Proposed Surviving Claim, disallowing the Claim would substantively prejudice Hyundai because the Proposed Surviving Claim and the Claim do not on their face assert exactly the same claims.

HyundaivAmerica-Delphi Response to 10th Omnibus Claims Objection

9.    Paragraph 6 of the proposed order appended to the Objection ("Proposed Order") provides that "... to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the "Remaining Claim") disallowed and expunged solely on the basis that such Remaining Claim is asserted against the incorrect Debtor ..." Proposed Order, ¶ 6 (emphasis added).  Notwithstanding this language, because the Claim and the Proposed Surviving Claim do not assert the exact same obligations (as indicated by the different supporting documents), Hyundai would likely not be protected by the provisions of paragraph 6 of the Proposed Order and so its claims against different Debtors should not be expunged.  It is for this reason also that the Objection should be overruled as to Hyundai.

WHEREFORE, Hyundai respectfully requests that this Court deny the Objection as it relates to the Claim and grant Hyundai such other and further relief as is proper and just.

Dated April 12, 2007

Respectfully Submitted,

/s/ Mark D. Houle
Mark D. Houle *(Pro Hac Admission)*
PILLSBURY WINTHROP SHAW PITTMAN LLP
650 Town Center Drive, 7th Floor
Costa Mesa, CA  92626-7122
Telephone: (714) 436-6800
Facsimile: (714) 436-2800

Attorneys for Hyundai Motor Company and
Hyundai Motor America

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded electronically to all parties consenting to service through the Court's electronic filing systems and by overnight mail, postage prepared, to:

Hon. Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, NY  10004

Delphi Corporation
Attn:  General Counsel
5725 Delphi Drive
Troy, MI  48098

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn:  John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton
333 West Wacker Drive, Suite 2100
Chicago, IL  60606

Alicia M. Leonhard
Office of the U.S. Trustee
33 Whitehall Street, Suite 2100
New York, NY  10004

on this 12th day of April, 2007

/s/ Stacy Packer