UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                                   :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                          :
                          Debtors.    :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AGREED ORDER REGARDING INTERIM DISPOSITION
WITH RESPECT TO LEAD PLAINTIFFS'
MOTION FOR LIMITED MODIFICATION OF AUTOMATIC STAY

Upon the Motion For A Limited Modification Of The Automatic Stay (Docket No. 1063) (the "Motion") filed on November 15, 2005 by the Teachers' Retirement System of Oklahoma, Public Employees' Retirement System Of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H, and Stichting Pensioenfonds ABP, Lead Plaintiffs (collectively, the "Lead Plaintiffs") in the action styled In re Delphi Corp. Securities Litigation, Master Case No. 05-md-1725 (GER) (Eastern District of Michigan) (the "Securities Litigation"); and upon the objection to the Motion filed by the Debtors on December 29, 2005 (Docket No. 1667) (the "Initial Objection"); and after this Court (the "Bankruptcy Court") having entered an Order on January 25, 2006, (Docket No. 1883) modifying the automatic stay solely to allow the Lead Plaintiffs to seek modification of the Private Securities Litigation Reform Act ("PSLRA") stay in the United States District Court for the Eastern District of Michigan (the "Michigan District Court"); and after the Michigan District Court having entered an Order on February 5, 2007, partially modifying the PSLRA stay; and after Debtors moved for reconsideration of the Michigan

District Court's Order partially lifting the PSLRA discovery stay on March 2, 2007; and after the Michigan District Court denied the Debtors' Motion for Reconsideration on March 21, 2007; and upon the Lead Plaintiffs' supplemental pleading in further support of the Motion filed March 6, 2007 (Docket No. 7128) (the "Motion Supplement"); and upon the Debtors' supplemental objection to the Lead Plaintiffs' Motion filed March 19, 2007 (Docket No. 7344) (the "Supplemental Objection"); and upon the Lead Plaintiffs and the Debtors having informed the Court that they have reached an interim resolution with respect to the Lead Plaintiffs' Motion and Motion Supplement,

       IT IS HEREBY ORDERED THAT:

       1.     The automatic stay under Section 362 of the Bankruptcy Code with respect to the Securities Litigation shall be lifted only to the extent and scope described herein, and will be maintained in all other respects and for all other purposes not expressly set forth in this Order.

       2.     The Debtors shall produce to the Lead Plaintiffs the approximately 576,000 pages of responsive documents previously produced to the Securities and Exchange Commission (the "Numbered SEC Production"), and, to the extent not included in the Numbered SEC Production, the documents described in paragraph 10 of the Declaration of Joseph E. Papelian In Support Of The Memorandum Of Law Of Certain Defendants in Support Of Their Motion For Reconsideration Of The Court's Order Lifting The PSLRA Discovery Stay (the "Papelian Declaration" annexed hereto as Exhibit A) (all productions specified in this paragraph 2, collectively, the "Debtors' Production"); provided, however, that the Debtors shall not produce any document with respect to which the Debtors assert any privilege or attorney work product protection

2

absent further order of the Bankruptcy Court after notice and a hearing as described in paragraph 7 below.  The Debtors shall produce the documents described in this paragraph 2 on a rolling basis and will use reasonable efforts to complete such production within 30 days of the entry of this Order.

        3.       The Debtors shall provide a privilege log to the Lead Plaintiffs for those documents withheld from the Debtors' Production with respect to which the Debtors assert any privilege or work product protection.

        4.       The Debtors shall provide to the Lead Plaintiffs information regarding the collection and selection of the data included in the database described in paragraph 9 of the Papelian Declaration, and shall produce to the Lead Plaintiffs the keyword search terms described in paragraph 10 of the Papelian Declaration.

        5.       The Motion is adjourned without date for hearing subject to being placed back on the Bankruptcy Court's calendar, on shortened notice, after the Michigan District Court has ruled on the motions to dismiss currently pending in the Michigan District Court and in such a way that the PSLRA stay is lifted for some or all purposes. The Debtors reserve their right to further supplement their objection to the Motion or to object to any lift stay motion filed by the Lead Plaintiffs in the Bankruptcy Court so long as it is not inconsistent with this Order.

        6.       The documents produced to the Lead Plaintiffs by the Debtors pursuant to this Order can be used by the Lead Plaintiffs for any purpose (subject to paragraph 8 herein); <u>provided</u> <u>however</u>, that until the Michigan District Court has issued a ruling on the merits in whole or in part on the currently-pending motions to dismiss, the documents may not be used by the Lead Plaintiffs for pleading purposes, including

3

without limitation, for purposes of any amendment to the complaint pending in the Michigan District Court or in connection with any pleadings with respect to the currently-pending motions to dismiss or in further support of Lead Plaintiffs' currently-pending motion to amend the complaint; provided, further, however, that the Lead Plaintiffs may use the documents in connection with any amendment to their complaint if the Michigan District Court defers the currently-pending motions to dismiss and grants the Lead Plaintiffs' currently-pending motion to amend the complaint, and after the Lead Plaintiffs have requested and obtained leave of the Michigan District Court, by motion and with an opportunity for the Debtors to be heard in that Court, to use the documents produced by the Debtors pursuant to this Order.

     7.  The Debtors' and the Lead Plaintiffs' rights are maintained regarding the Debtors' assertion of any privilege or work product protection with respect to the documents contained in the Debtors' Production. Any challenge to the Debtors' assertion of privilege or work product protections will be resolved by the Bankruptcy Court, at or after the time of any renewal of the Motion as described in paragraph 5 of this Order, and the Lead Plaintiffs may challenge any assertion of privilege or waiver in the pleading renewing the Motion, or in a subsequent motion to the Bankruptcy Court.

8. The Debtors and the Lead Plaintiffs will enter into an agreed protective order to be submitted to the Bankruptcy Court which shall govern, among other things, the use of the documents produced to the Lead Plaintiffs under this agreement and the protection of the privacy of third parties, including Delphi employees, in connection with the documents produced under this agreement.

Dated: New York, New York

April 16 , 2007

                                                              /s/Robert D. Drain
                                                         Honorable Robert D. Drain
                                                         United States Bankruptcy Judge