Appendix D

**(2)** If the Union member of the Pension Committee disagrees with the Corporation's determination, the procedure described in Paragraph B3 (e) will apply.

**(g)** When it is found that a disability pensioner is employed, the Corporation will make such investigation as it considers appropriate to determine if the pensioner is engaged in gainful employment for purposes other than rehabilitation. If the Corporation determines, on the basis of evidence satisfactory to it, that the employment in which the disability pensioner is engaged is gainful employment and is not for purposes of rehabilitation, the Corporation will prepare form HRP-23 and will furnish copies to the disability pensioner, the Union member of the Pension Committee, the local Personnel Director, and two copies to the Board.

**(1)** If such pensioner disputes the Corporation's determination on the basis that the employment is not gainful employment, such determination may be appealed by filing a written claim with the Pension Committee as set forth in Section K herein.

**(2)** If such pensioner disputes the Corporation's determination on the basis that the employment is for purposes of rehabilitation, such pensioner may, within 30 days of receipt of such determination, file a written claim with the Center on form BA 1, "Employee Claim to Pension Committee". The Pension Committee shall then designate a clinic in the area which is on the approved list (Appendix D-1) to examine the pensioner. The opinion of the clinic shall decide the question with respect to whether the employment in which the disability pensioner is engaged is rehabilitative or not and such opinion shall be final and binding on the pensioner, the Corporation and the Union. Such clinic exam shall not be performed

86

Appendix D

if there is any unresolved claim pending with respect to whether such pensioner's employment is gainful employment.

**(h)** If a disability pensioner returns to work for the Corporation, Management will notify the Union member of the Pension Committee and the Center of such return to work.

**(i)** When a former employee who has retired under total and permanent disability provisions (T&PD) asserts such retiree has recovered and notifies the Corporation of their intent to return to work, the following procedure will be utilized:

**(1)** The retiree will provide medical evidence to the Plant Medical Director, satisfactory to the Corporation, that supports that such retiree is no longer T&PD. The information will include, among other relevant information, a narrative report that details what has improved and why the condition under which such retiree was determined to be T&PD no longer exists or no longer disables the retiree. Documentation will include appropriate lab reports and/or test results.

**(2)** If necessary, the Plant Medical Director may examine the retiree to determine if the retiree has recovered.

**(3)** If the Plant Medical Director determines the retiree has recovered and is able to engage in regular employment on a job within the plant, the Plant Medical Director will review the matter with the Corporation. If the Corporation agrees, the retiree is to be removed from T&PD status and seniority will be treated as set forth in Exhibit A, Section 4(b) of the Supplemental Agreement (Pension Plan), and the retirement is to be cancelled. The Plant Medical Director will advise the retiree, the Union Benefit Representative (UBR), and the Center.

87

Appendix D

(4) If the Plant Medical Director determines that the retiree has not recovered and should remain on T&PD retirement, the retiree will continue in T&PD status under the Pension Plan. The Plant Medical Director will advise the retiree, the UBR and the Center.

(5) If the retiree disagrees, the retiree may contact the UBR. If the UBR disagrees with the Plant Medical Director's determination, the UBR will forward the case, with all pertinent medical information, to the Union Benefit Representative. The Union Benefit Representative may forward the case to the Delphi Employee Benefits (EB) Staff. After reviewing the case with the Corporate Medical Director, the Delphi EB Staff will provide the Union Benefit Representative with the Corporate Medical Director's decision of why the retiree has not recovered and is not able to engage in regular employment on a job within the plant. If the Union Benefit Representative disagrees with the determination of the Corporation, the Union Benefit Representative and the Delphi EB Staff may agree to schedule an exam with an impartial specialist physician selected by the Plant Medical Director or, in the absence of such agreement, the Delphi EB Staff will advise the Plant Medical Director to schedule an exam with an impartial clinic in the area which is on the approved list (Appendix D-1). However, in all cases where the retiree has been retired for five or more years, the retiree will be sent to an impartial specialist approved by the Delphi EB Staff and the Union Benefit Representative. The impartial clinic or physician will determine whether the retiree has recovered and is able to engage in regular employment on a job within the plant. The decision of the impartial clinic or physician is final and binding on the retiree, the Union and the Corporation.

88

Appendix D

If the impartial clinic determines the retiree remains totally and permanently disabled, the former employee remains retired and cannot reapply to return to work unless there is a substantial change in the retiree's medical condition subsequent to the initial request to return to work. If the impartial physician determines the retiree has recovered and is able to engage in regular employment on a job within the plant, the retiree is to be removed from T&PD status and seniority will be treated as set forth in Exhibit A, Section 4(b) of the Supplemental Agreement (Pension Plan). The Plant Medical Director will advise the retiree, the Union Benefit Representative and the Center of the determination.

## C. PENSION BENEFITS TO SURVIVING SPOUSE

1. An employee who retires prior to age 55 with benefits commencing on or after October 1, 1970, excluding 1) an employee with 30 or more years of credited service who retires with benefits commencing on or after October 1, 1974, or 2) an employee retiring with benefits commencing on or after October 1, 1984, as early as age 50 under mutually satisfactory conditions in accordance with the Standards set forth in the Pension Plan, will be informed by the Center prior to age 55 with respect to surviving spouse coverage. The retired employee for whom such surviving spouse coverage is to be effective must advise the Center of the intent to reject the coverage, on a form approved by the Corporation, "Rejection/Election of Survivor Coverage", which includes the written consent of the pensioner's spouse that informs the spouse of the effect of rejection, and that is witnessed by a notary public, and filing it with the Center, during the month prior to the month in which the pensioner attains age 55.

89