BURR & FORMAN LLP  
420 North 20th Street  
Suite 3100  
Birmingham, Alabama 35203  
(205) 251-3000  
Michael Leo Hall  

Hearing Date at Time:  April 20, 2007 at 10:00 a.m.

Attorneys for Creditor  
WACHOVIA BANK, NATIONAL ASSOCIATION

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION et al., | : Case No. 05-44481 (RDD) |
| Debtors. | : (Jointly Administered) |

-----------------------------------------------

**WACHOVIA BANK, NATIONAL ASSOCIATION'S REPLY TO DEBTORS' OBJECTION TO ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY, IF APPLICABLE, TO PROCEED WITH LITIGATION AGAINST LARRY GRAVES, A NON-DEBTOR DELPHI EMPLOYEE, IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI**

**COMES NOW** Wachovia Bank, National Association, successor by merger to SouthTrust Bank ("Wachovia"), and, replies (this "Reply") to the objection of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), to Wachovia's motion (the "Motion") for relief from the automatic stay, if applicable, to proceed with a state court lawsuit (the "State Court Action") pending against Larry Graves ("Graves"), a non-debtor employee of Delphi Automotive Systems, LLC, and former employee of Delphi Corporation, in the Circuit Court of the Second Judicial District of Hinds County, Mississippi (the "State Court").  For its Reply, Wachovia states as follows:

1561927

## BACKGROUND

1.      In the State Court Action, Wachovia originally sued Delphi Corporation, Delphi Automotive Systems USA, LLC, Delphi Automotive Systems, LLC, Delphi Packard, Delphi Packard Electric Systems, Delphi Energy & Chassis Systems, and Delphi Safety and Interior Systems (collectively, "Delphi"), asserting claims for misrepresentation, suppression, conspiracy, breach of covenants, tortious interference with business relationship, breach of duty of good faith and fair dealing, negligence and promissory estoppel.  The case centers around financial accommodations made by Wachovia to Lextron Corporation and Lextron Automotive, LLC (together, "Lextron")--primarily an advance of $800,000.00 made by Wachovia to Lextron and Wachovia's forbearance from collecting sums owed by Lextron--which were made at the request of Delphi and in reliance on misrepresentations made by Delphi.  Wachovia's original complaint (the "Original Complaint") in the State Court Action includes specific factual allegations concerning Graves' involvement in the alleged tortious conduct and breaches.  Wachovia's complaint, as amended (the "Amended Complaint"), alleges that Graves personally participated in and was responsible for the tortious conduct and breaches set forth in Wachovia's Original Complaint and asserts these claims against Graves in both his individual and representative capacities.

2.      The State Court has not ruled on the issue of Graves' personal liability for the tortious conduct and breaches alleged.  Even though the State Court has held that Wachovia failed to indicate a basis for holding certain other Delphi employees individually liable for the claims alleged against Delphi, the facts alleged in the Original Complaint with respect to Graves differ from those relating to these other Delphi employees.  As such, any finding that Wachovia failed to allege facts sufficient to state a claim for individual liability against the other Delphi employees does not amount to a ruling that Wachovia has failed to allege facts which indicate a

basis for holding Graves individually liable to Wachovia. In fact, unlike the other Delphi employees, the Court, in its order dated August 23, 2006 (the "August 23rd Order"), allowed the filing of the Amended Complaint adding Graves after the commencement of the Bankruptcy Cases.

3. Additionally, the State Court has not held that the automatic stay bars litigation of Wachovia's claims against Graves. Though the State Court has ruled that the automatic stay barred Wachovia from adding other Delphi employees as defendants in the State Court Action, this ruling did not extend to Wachovia's claims against Graves. This is made clear by the State Court's August 23rd Order, leaving open the issue of whether the automatic stay imposed by the Bankruptcy Code bars litigation of Wachovia's claims against Graves.

4. The Debtors have claimed that three days before Wachovia filed its Motion in this Court a hearing was set in the State Court to consider the imposition of sanctions against Wachovia for violating the automatic stay by pursuing its claims against Graves. This statement is incorrect. In fact, inconsistent with Graves' assertions that litigation of Wachovia's claims against him is stayed by the Debtors' Bankruptcy Cases, Graves filed a motion to dismiss the Amended Complaint in the State Court. It was Graves' motion to dismiss that was set for hearing three days before Wachovia's Motion was filed. In the motion to dismiss, Graves asserts that Wachovia should be sanctioned for pursuing its claims against him in violation of the automatic stay. Notably, Delphi now asks this Court to affirmatively extend the stay to cover Graves for the first time.

5. At the hearing on Graves' motion to dismiss, the State Court deferred ruling until this Court rules on Wachovia's Motion.

6.      The Debtors and Wachovia agree that the issues before the Court are legal issues which do not require an evidentiary hearing. Accordingly, though Wachovia disputes the Debtors' characterization of the facts in the Debtors' Objection, and states that the facts as set forth therein are not "uncontested" as the Debtors contend, Wachovia does not address each disputed statement in this Reply.[1]

## ARGUMENT

7.      The merits of Wachovia's claims against Graves are not before the Court. There is no question that, under Mississippi law, an agent of a corporation may be held personally liable for tortious acts of the corporation in which he participates. *See Howard v. Estate of Harper ex rel. Harper,* 2006 WL 3026398, at *9 (Miss. 2006); *see also Turner v. Wilson*, 620 So.2d 545, 548-49 (Miss. 1993); *Mississippi Printing Company, Inc. v. Maris, West & Baker, Inc.*, 492 So. 2d 977 (Miss. 1986). Wachovia has alleged that Graves is individually liable for his participation in and responsibility for the tortious conduct and breaches set forth in the Original Complaint, including the specific conduct of Graves described therein, and the State Court has allowed Wachovia's Amended Complaint. The issue before this Court is not whether Graves is in fact personally liable to Wachovia, a determination for the State Court, but whether Wachovia is stayed under 11 U.S.C. § 362 from pursuing its claims against Graves in the State Court Action.

8.      Significantly, in the Objection to Wachovia's Motion, the Debtors do not argue that Wachovia is automatically stayed, pursuant to section 362, from pursuing its claims against Graves, a non-debtor, co-defendant of the Debtors. Instead, the Debtors request, for the first

---

[1] Wachovia and the Debtors have stipulated that the issues presented are legal issues which do not require an evidentiary hearing. Nevertheless, Wachovia will have a corporate representative available to testify at the hearing on its Motion in the event that evidence of the underlying facts is needed.

time, that the Court exercise its powers under 11 U.S.C. § 105 and affirmatively extend the stay, arguing that there exist "unusual circumstances" which warrant the relief requested. This is inconsistent with the arguments made by Graves in the State Court that 11 U.S.C. § 362 automatically stays prosecution of the claims asserted against him in the State Court Action.

9. Wachovia does not dispute that bankruptcy courts, vested with certain equitable powers under § 105 of the Bankruptcy Code, may under certain circumstances affirmatively extend the stay to non-bankrupt, co-defendants. *See, e.g.*, *Teachers Insurance and Annuity Association of America v. Butler*, 803 F.2d 61, 65 (2nd Cir. 1986).

10. However, the injunctive relief requested requires an adversary proceeding. *See* Fed. R. Bankr. P. 7001; *see also Matter of Zale Corp.*, 62 F.3d 746, 762 (5th Cir. 1995). Wachovia cannot be said to have waived its right to protest the lack of an adversary proceeding since it has not been given the opportunity to fully litigate the issue of whether the Debtors' are entitled the injunctive relief requested, this issue having been addressed by the Debtors for the first time in their Objection. *See Matter of Zale Corp.*, 62 F.3d at 763.

11. Wachovia objects to the Court's consideration of the Debtors' request for an affirmative extension of the stay since it has not been afforded the protections of an adversary proceeding in this Court.

12. Furthermore, without waiving its right to an adversary proceeding, Wachovia asserts that the circumstances of this case do not warrant the relief requested.

13. First, the mere fact that the Debtors may have the obligation to indemnify Graves under their by-laws is not an "absolute" indemnity which would give rise to "unusual circumstances" warranting an affirmative extension of the stay. *See In re Wolf Financial Group, Inc.*, 1994 WL 913278 at *4 (Bankr. S.D. N.Y. 1994) (stating "[a]lthough debtors by statute and

contract may be obliged to indemnify certain of their directors and employees, they have failed to show that any of those persons has an unconditional right to indemnification" and declining to extend the automatic stay).  Notably, the Debtors do not characterize their indemnity obligations as absolute, and the by-laws attached as Exhibit 10 to the Objection show that Graves does not have an unconditional right to indemnification from the Debtors.  As several Second Circuit courts have recognized, the mere existence of a potential indemnity obligation does not support an affirmative extension of the automatic stay.  *See e.g., Gray v. Hirsch*, 230 B.R. 239, 243 (Bankr. S.D. N.Y. 1999); *In re United Health Care Org.*, 210 B.R. 228, 234 (S.D. N.Y. 1997); *In re Continental Airlines*, 177 B.R. 475, 479 (D. Del. 1993); *In re Wolf Financial Group, Inc.*, 1994 WL 913278 at *4.

   14. The Debtors also assert that there exists such an identity of interests between the Debtors and Graves that a claim against Graves is essentially a claim against the Debtors.  The claims asserted against Graves are not derivative of his status as a manager, officer or director of Delphi, but arise out of his participation in the alleged tortious conduct, giving rise to personal liability on the party of Graves.  Courts make clear that, "in situations where the codefendant is independently liable as, for example, where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of a duty, then the protection afforded a debtor under the automatic stay would clearly not extend to such."  *In re The Metal Center, Inc.*, 31 B.R. 458, 461 (Bankr. D. Conn. 1983); *see also Thomson Kernaghan & Co. v. Global Intellicom, Inc.*, 2000 WL 640653 (S.D. N.Y. 2000).

   15. Essentially, the gist of the Debtors' argument is that because the alleged tortious conduct was in the scope of Graves' employment, Delphi may be derivatively liable for Graves' actions and may be collaterally estopped from relitigating issues determined in the State Court

Action.  As noted above, the fact that the a corporation may have derivative liability for the acts of an employee, does not extinguish the employee's individual liability for his tortious conduct. Furthermore, the potential that a debtor may be collaterally estopped by determinations reached in a civil action is not, in and of itself, a sufficient ground for granting the extraordinary relief sought here by the Debtors. *See In re Wolf Financial Group, Inc.*, 1994 WL 913278 at *5.

16.    In most of the cases cited by the Debtors to support extending the automatic stay to Graves, the non-debtor sought to be protected was inextricably involved in the debtor-in-possession's reorganization efforts, giving rise to concerns that continued prosecution of the action would undermine the debtor's ability to reorganize. *See, e.g., In re North Star Contracting Corp.*, 125 B.R. 368, 371 (S.D. N.Y. 1991) (target of litigation was debtor's president who was responsible for negotiating with creditors committees and for formulating plan of reorganization).  While such circumstances might give rise to the "unusual circumstances" required for an affirmative extension of the automatic stay, these concerns are not present here. Graves cannot be said to be a key employee of the Debtors, nor will litigation of Wachovia's claims against Graves substantially impact the administration of the Debtors' Bankruptcy Cases. Though courts have not adopted a uniform approach for determining whether a § 105 injunction should issue, one bankruptcy court for the Southern District of New York has explained, "Courts in this district have stayed actions against non-debtors…only where the stayed actions would have posed a serious threat to the debtors' reorganization efforts." *Gray v. Hirsch*, 230 B.R. 239, 242-43 (Bankr. S.D. N.Y. 1999).  The fact that there are potential indemnity obligations and collateral estoppel issues does not, without more, satisfy the standard for issuance of a § 105 injunction.

17.  Ultimately, though the Debtors seek to characterize Wachovia's assertion of claims against Graves as an end run around the Bankruptcy Code, the facts do not support this conclusion. Wachovia sought leave to add Graves as a defendant months before the Debtors filed for bankruptcy. Graves is not a key officer or director of the Debtors, and Wachovia's claims against Graves stem from his personal participation in the alleged tortious conduct. Wachovia has filed proofs of claim against certain of the Debtors in this Court, which may be adjudicated before Wachovia's claims against Graves.

18.  Graves is a non-debtor, co-defendant of the Debtors. Accordingly, Wachovia has maintained that 11 U.S.C. § 362 does not *automatically* stay litigation of its claims against Graves in the State Court Action and that there is currently no stay of litigation against Graves. Seemingly recognizing this, the Debtors now ask that this Court exercise its powers under 11 U.S.C. § 105 and enjoin Wachovia from prosecuting its claims against Graves in the State Court Action. Wachovia does not dispute that this Court has the power to affirmatively extend the protections of the automatic stay to non-debtor third parties, but asserts that the Debtors have failed to utilize the proper procedures for requesting the issuance of an injunction and that the facts of this case do not warrant the extraordinary relief requested by the Debtors.

## CONCLUSION

For the reasons stated in Wachovia's Motion and in this Reply, Wachovia requests that the Court hold that the automatic stay does not bar prosecution of the State Court Action against Graves and deny the Debtors' request to affirmatively extend the automatic stay to enjoin prosecution of the State Court Action.

Dated:  Birmingham, Alabama
          April 19, 2007

BURR & FORMAN LLP

By: /s/ Michael Leo Hall
    Michael Leo Hall (pro hac vice)
    D. Christopher Carson (pro hac vice)
    Jason D. Woodard (pro hac vice pending)
    Jennifer A. Harris (pro hac vice)

420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000

Attorneys for Creditor
Wachovia Bank, National Association

BURR & FORMAN LLP
420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000
Michael Leo Hall

Attorneys for Creditor
MERCEDES-BENZ U.S. INTERNATIONAL, INC.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by transmitting a copy by means of overnight mail, by placing same in a sealed envelope with account number affixed thereto and marked "overnight priority," addressed to the below listed parties and each of the persons listed in the "Master Service List" dated April 5, 2007 and causing same to be placed into an official depository of Federal Express located within the State of Alabama. I further served the foregoing by electronic mail, or U.S. mail where an e-mail address was not provided, on all those persons listed in the "2002 List" dated April 5, 2007.


    Reuben V. Anderson
    Frank W. Trapp
    Michael B. Wallace
    Debra M. Brown
    Attorneys for Larry Graves
    111 East Capitol Street, Suite 600
    P.O. Box 23066
    Jackson, Mississippi 39225-3066


Dated: April 19, 2007
       Birmingham, Alabama

BURR & FORMAN LLP

By: /s/ Michael Leo Hall
Michael Leo Hall

420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000

1561927                                11