UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                            :

In re                        :      Chapter 11

DELPHI CORPORATION, *et al.*,    :      Case No. 05-44481 (RDD)

                Debtors.    :      (Jointly Administered)
                            :
---------------------------------------------------------x

## CLAIMANT'S RESPONSE TO DEBTORS' ELEVENTH OMNIBUS OBJECTION (CLAIM 16474)

Claimant David Wright (Claim 16474) respectfully submits his Response to Debtors' Eleventh Omnibus Objection:

(a)    Complaint files this claims objection in Response to Debtors' Eleventh Omnibus Objection.

(b)    Claimant's name is David Wright. Claimant has attached a description of the basis for the amount of claim to his Proof of Claim attached hereto. Specifically, on February 28, 2006, Claimant filed a Complaint and Demand for Jury Trial in the U.S. District Court for the Southern District of Indiana, Indianapolis Division (Cause No. 1:06-cv-0347-LJM-WTL) alleging violations of the Consolidated Omnibus Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 *et seq.*, and the Employee Retirement Income Security Act ("ERISA"),29 U.S.C. § 1001 *et seq.*

Pursuant to both COBRA and ERISA, Claimant submits the following claims for money damages against Debtors: (1) Cost of medical insurance, $8905.95; (2) Out of pocket medical expenses, $2,121.80; (3) Prescription drug costs, $320.22; (4) Cost of dental insurance, $840.00; (5) Out of pocket dental costs, $347.00; (6) Separation package based on twenty-one years and eight

months of service, $59,100.00; and (7) Attorney fees, $4,680.73.

(c)     Claimant's Claim should not be disallowed and expunged because Claimant did not receive notice of the July 31, 2006 Bar Date. Specifically, Claimant filed his lawsuit against Debtors on February 23, 2006. On April 12, 2006, approximately six (6) weeks after Claimant filed his lawsuit, this Court entered an Order under 11 U.S.C. §§ 107(b), 501, 502, and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) establishing Bar Dates for filing Proof of Claims. On April 20, 2006, Debtors provided notice of the Bar Date together with proof of claim forms to persons or entities set forth in Debtors' Schedule of Asserts and Liabilities and Statement of Financial Affairs and persons and entities included in the notice database compiled by the Debtors, but not listed on any of the Schedules and Statements. Debtors did not provide notice to Claimant, nor did Claimant receive notice of the Bar Date.

Additionally, Debtors filed Notice of Automatic Stay in Claimant's lawsuit on April 25, 2006. Debtors published notice of the Bar Date in national and local newspapers on or before April 24, 2006, one (1) day before Debtors moved to stay proceedings in Claimant's lawsuit. Therefore, Claimant did not receive proper notice of the Bar Date and his Claim should not be disallowed and expunged.

(d)     Claimant has already set forth in his proof of claim documentation sufficient to establish a *prima facie* right to payment. Specifically, Claimant attached a copy of a Complaint, filed in the above-mentioned cause of action, setting forth *prima facie* cases of violations of ERISA and COBRA establishing his right to payment.

(e)     Not applicable.

(f)     Debtors may return any Reply to the address presented on Claimant's Proof of Claim.

Respectfully submitted,

Kenneth E. Lauter
Ryan C. Fox
on behalf of Claimant David Wright

## Certificate of Service

Claimant certifies that a copy of the foregoing has been served this 11th day of April, 2007, via U.S. Mail properly addressed to the following:

General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

John Wm. Butler, Jr.
John K. Lyons
Joseph N. Wharton
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

3

# ATTACHMENT A
# PROOF OF CLAIM

| UNITED STATES BANKRUPTCY COURT   Southern   DISTRICT OF   New York | PROOF OF CLAIM |
|---|---|

Name of Debtor: _Delphi Corporation_   Case Number: _05-44481_

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): _David Wright_

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
_Kevin B. Lutz_
_Reno & Cavanaugh, Case at Gibson,_
_455 First National Street_
_Tampa, FL 40604_
Telephone number: _217-855-9501_

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces   ☐ amends   a previously filed claim, dated: _____
if this claim

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☒ Other _Severance Pay + COBRA rights_

- ☒ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☒ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _5619_
  Unpaid compensation for services performed
  from _10/13/05_ to _present_
  (date)        (date)

**2. Date debt was incurred:** _10/13/05 & continuing_

**3. If court judgment, date obtained:** _N/A_

**4. Total Amount of Claim at Time Case Filed:** $ _73,305.70_
(unsecured)      (secured)      (priority)      (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ _73,305.70_
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** _Attach copies of supporting documents,_ such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
JAN - 8 2007
CLAIMS PROCESSING CENTER
USBC, SDNY

Date: _01/03/07_   Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _David L Wright   David L Wright_

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## — DEFINITIONS —

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

**Secured Claim**

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

---

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

# HASKIN LAUTER LaRUE & GIBBONS

(A Law Partnership Of Professional Corporations)
255 NORTH ALABAMA STREET
INDIANAPOLIS, INDIANA 46204-2151
PHONE/VOICE (317) 955-9500
FAX (317) 955-2570
www.hllglaw.com

JOHN H. HASKIN
KENNETH E. LAUTER
DENISE K. LaRUE
PHILIP J. GIBBONS, JR.
JAY MEISENHELDER
RYAN C. FOX
BRADLEY L. WILSON
ANDREW G. JONES
CHRISTOPHER S. WOLCOTT

ANNA L. BUSCHMANN
PAUL A. LOGAN
CAROLYN A. CLAY
EDWARD A. KERSTEN
KYLE C. GILLASPIE

OF COUNSEL
ROBERT D. KING
MARK T. ROBBINS

January 3, 2007

### David Wright Summary of Damages

1.   Anthem BCBS medical insurance.  Coverage cost from 12-15-2005 to 1-14-07 equals $8905.95.

2.   Total medical out of pocket expenses for medical treatment equals $2,121.80.

3.   Prescription drug out of pocket expenses equals $320.22.

4.   Dental insurance cost for 2006 equals $840.00

5.   Out of pocket dental costs equals $ 347.00

6.   Separation Package based on twenty-one years and eight months of service making Wright eligible for ten months of base salary at $5910.00.  Total equals $59,100.00

7.   Attorney Fees and Costs to date equals $4,680.73 (See attached).

HASKIN LAUTER LaRUE & GIBBONS
Pre-bill Worksheet

1/3/2007
2:14 PM

Page    1

## Selection Criteria

Clie.Selection        Include: WRIGHT, DAVID 2

| | |
|---|---|
| Nickname | WRIGHT, DAVID 2 \| 4183 |
| Full Name | DAVID WRIGHT |
| Address | 165 WEST US 36 |
| | PENDLETON, IN 46064 |
| Phone 1 | 765-778-8277    Phone 2 |
| Phone 3 | Phone 4 |
| In Ref To | WRIGHT vs. DELPHI |
| | HOURLY |
| Fees Arrg. | By billing value on each slip |
| Expense Arrg. | By billing value on each slip |
| Tax Profile | Exempt |
| Last bill | |
| Last charge | 12/21/2006 |
| Last payment | 12/29/2006    Amount    $270.00 |

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 10/21/2005 | KEL | 250.00 | 1.00 | 250.00 | Billable |
| 254593 | WORKED | | | | |
| | INITIAL MEETING WITH CLIENT | | | | |
| 10/26/2005 | KEL | 250.00 | 0.20 | 50.00 | Billable |
| 255300 | WORKED | | | | |
| | REVIEW MATERIALS FROM CLIENT | | | | |
| 10/28/2005 | KEL | 250.00 | 1.50 | 375.00 | Billable |
| 255307 | WORKED | | | | |
| | TELEPHONE CALL WITH CLIENT PREPARE CORRESPONDENCE TO DELPHI | | | | |
| 11/8/2005 | KEL | 250.00 | 0.10 | 25.00 | Billable |
| 256810 | WORKED | | | | |
| | TELEPHONE CALL WITH CLIENT | | | | |
| 11/11/2005 | KEL | 250.00 | 0.30 | 75.00 | Billable |
| 256825 | WORKED | | | | |
| | TELEPHONE CALLS WITH DELPHI AND CLIENT REGARDING PENDING ISSUES | | | | |
| 11/30/2005 | KEL | 250.00 | 0.10 | 25.00 | Billable |
| 258648 | WORKED | | | | |
| | TELEPHONE CALL WITH CLIENT | | | | |
| 12/5/2005 | MTR | 200.00 | 1.00 | 200.00 | Billable |
| 259689 | WORKED | | | | |
| | RESEARCHED SCOPE OF BANKRUPTCY STAY | | | | |

1/3/2007                          HASKIN LAUTER LaRUE & GIBBONS
2:14 PM                                 Pre-bill Worksheet                                    Page    2

WRIGHT, DAVID 2:DAVID WRIGHT (continued)

| Date | User | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|------|--------------|----------------|----------------|-------|
| ID   | Task |              |                |                |       |
| 12/8/2005 | KEL | 250.00 | 0.40 | 100.00 | Billable |
| 259256 | WORKED | | | | |
| | REVIEW FILE; TELEPHONE CALLS WITH R. BREWER AND OPPOSING COUNSEL | | | | |
| 1/6/2006 | KEL | 250.00 | 0.20 | 50.00 | Billable |
| 261916 | WORKED | | | | |
| | TELEPHONE CALL WITH CLIENT | | | | |
| 1/6/2006 | RCF | 225.00 | 0.80 | 180.00 | Billable |
| 262346 | WORKED | | | | |
| | FILE REVIEW AND BEGIN DRAFT COMPLAINT | | | | |
| 1/9/2006 | RCF | 225.00 | 1.00 | 225.00 | Billable |
| 263046 | WORKED | | | | |
| | DRAFT COMPLAINT AND RESEARCH | | | | |
| 1/16/2006 | RCF | 225.00 | 0.50 | 112.50 | Billable |
| 263824 | WORKED | | | | |
| | COMPLAINT WORK AND NOTES TO FILE | | | | |
| 1/18/2006 | RCF | 225.00 | 0.60 | 135.00 | Billable |
| 263849 | WORKED | | | | |
| | COMPLAINT WORK AND NOTE TO FILE | | | | |
| 1/19/2006 | KEL | 250.00 | 0.30 | 75.00 | Billable |
| 263379 | WORKED | | | | |
| | REVIEW AND REVISE COMPLAINT | | | | |
| 1/19/2006 | RCF | 225.00 | 1.00 | 225.00 | Billable |
| 263862 | WORKED | | | | |
| | COMPLAINT AND MEMO TO KEL | | | | |
| 1/30/2006 | RCF | 225.00 | 0.30 | 67.50 | Billable |
| 264743 | WORKED | | | | |
| | AMEND COMPLAINT | | | | |
| 2/14/2006 | KEL | 250.00 | 0.10 | 25.00 | Billable |
| 266281 | WORKED | | | | |
| | TELEPHONE CALL TO CLIENT | | | | |
| 2/20/2006 | RCF | 225.00 | 0.20 | 45.00 | Billable |
| 267782 | WORKED | | | | |
| | CALL TO CLIENT AND LEFT MESSAGE | | | | |
| 2/21/2006 | RCF | 225.00 | 0.40 | 90.00 | Billable |
| 267794 | WORKED | | | | |
| | REVISED COMPLAINT AND MET WITH KEL AND NOTE TO FILE | | | | |

HASKIN LAUTER LaRUE & GIBBONS
Pre-bill Worksheet

## WRIGHT, DAVID 2:DAVID WRIGHT (continued)

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 2/24/2006 266989 | KEL WORKED REVIEW AND REVISE COMPLAINT | 250.00 | 0.30 | 75.00 | Billable |
| 2/28/2006 268117 | RCF WORKED CALL FROM CLIENT/ NOTE TO FILE/ CT CORRESPONDENCE | 225.00 | 0.40 | 90.00 | Billable |
| 2/28/2006 268121 | RCF WORKED CT CORRESPONDENCE REVIEWED AND CALL FROM CLIENT AND NOTE TO FILE | 225.00 | 0.40 | 90.00 | Billable |
| 3/1/2006 268133 | RCF WORKED CT CORRESPONDENCE / LTR TO CLIENT/ SPOKE TO CLIENT AND NOTES TO FILE | 225.00 | 0.60 | 135.00 | Billable |
| 3/7/2006 268834 | RCF WORKED REVIEWED COURT CORRESPONDENCE | 225.00 | 0.30 | 67.50 | Billable |
| 3/24/2006 270780 | RCF WORKED COURT CORRESPONDENCE FROM OPC AND NOTE TO FILE | 225.00 | 0.30 | 67.50 | Billable |
| 3/28/2006 271578 | RCF WORKED LTR TO CLIENT AND COURT CALENDARING | 225.00 | 0.30 | 67.50 | Billable |
| 4/25/2006 274827 | RCF WORKED NOTICE FROM COURT REVIEWED AND NOTE TO FILE | 225.00 | 0.30 | 67.50 | Billable |
| 4/26/2006 274846 | RCF WORKED CALL TO AND FROM CLIENT AND NOTE TO FILE | 225.00 | 0.30 | 67.50 | Billable |
| 4/28/2006 274867 | RCF WORKED SPOKE TO CLIENT AND NOTE TO FILE | 225.00 | 0.20 | 45.00 | Billable |
| 5/1/2006 275507 | RCF WORKED CT CORRESPONDENCE AND NOTES TO FILE | 225.00 | 0.20 | 45.00 | Billable |
| 5/5/2006 275539 | RCF WORKED CALL FROM AND TO CLIENT AND NOTE TO FILE | 225.00 | 0.30 | 67.50 | Billable |

HASKIN LAUTER LaRUE & GIBBONS
Pre-bill Worksheet

WRIGHT, DAVID 2:DAVID WRIGHT (continued)

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-----------|---------------|----------------|----------------|-------|
| 5/8/2006 | RCF | 225.00 | 0.20 | 45.00 | Billable |
| 276261 | WORKED | | | | |
| | CALL FROM CLIENT AND NOTE TO FILE | | | | |
| 5/9/2006 | RCF | 225.00 | 0.30 | 67.50 | Billable |
| 276276 | WORKED | | | | |
| | SPOKE TO KEL AND CLIENT AND NOTE TO FILE | | | | |
| 5/15/2006 | RCF | 225.00 | 0.20 | 45.00 | Billable |
| 277044 | WORKED | | | | |
| | CALL FROM CLIENT AND NOTE TO FILE | | | | |
| 5/17/2006 | RCF | 225.00 | 0.20 | 45.00 | Billable |
| 277067 | WORKED | | | | |
| | CALL FROM CLIENT AND NOTE TO FILE | | | | |
| 5/23/2006 | RCF | 225.00 | 0.20 | 45.00 | Billable |
| 277920 | WORKED | | | | |
| | CALL TO CLIENT AND NOTE TO FILE | | | | |
| 5/24/2006 | RCF | 225.00 | 0.20 | 45.00 | Billable |
| 277933 | WORKED | | | | |
| | CALL FROM CLIENT AND NOTE TO FILE | | | | |
| 6/23/2006 | RCF | 225.00 | 0.10 | 22.50 | Billable |
| 281074 | WORKED | | | | |
| | SPOKE TO CLIENT AND NOTE TO FILE | | | | |
| 8/7/2006 | RCF | 225.00 | 0.10 | 22.50 | Billable |
| 286320 | WORKED | | | | |
| | CALL FROM CLIENT AND NOTE TO FILE | | | | |
| 8/8/2006 | RCF | 225.00 | 0.10 | 22.50 | Billable |
| 286347 | WORKED | | | | |
| | CALL FROM CLIENT AND NOTE TO FILE | | | | |
| 10/20/2006 | RCF | 225.00 | 0.10 | 22.50 | Billable |
| 294550 | WORKED | | | | |
| | CALL FROM CLIENT AND NOTE TO FILE | | | | |
| 10/23/2006 | RCF | 225.00 | 0.10 | 22.50 | Billable |
| 295462 | WORKED | | | | |
| | CALL FROM CLIENT AND NOTE TO FILE | | | | |
| 10/24/2006 | RCF | 225.00 | 0.40 | 90.00 | Billable |
| 295471 | WORKED | | | | |
| | CALL TO TWO DIFFERENT COUNSEL/ LEFT MESSAGE FOR CLIENT/ MET WITH KEL | | | | |

HASKIN LAUTER LaRUE & GIBBONS
1/3/2007                                    Pre-bill Worksheet                                    Page    5
2:14 PM

WRIGHT, DAVID 2:DAVID WRIGHT (continued)

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 10/26/2006 295493 | RCF WORKED SPOKE WITH CLIENT AND NOTE TO FILE | 225.00 | 0.20 | 45.00 | Billable |
| 11/30/2006 298472 | KEL WORKED REVIEW FILE | 250.00 | 0.50 | 125.00 | Billable |
| 11/30/2006 299001 | RCF WORKED CALL FROM CLIENT AND NOTE TO FILE | 225.00 | 0.20 | 45.00 | Billable |
| 12/1/2006 300153 | RCF WORKED SPOKE TO CLIENT AND NOTES TO FILE | 225.00 | 0.20 | 45.00 | Billable |
| 12/4/2006 300163 | RCF WORKED CALL TO CONSULTING FIRM ? AND SPOKE WITH KEL | 225.00 | 0.30 | 67.50 | Billable |
| 12/5/2006 300176 | RCF WORKED CALL FROM CLIENT AND TO REP AND NOTE TO FILE | 225.00 | 0.40 | 90.00 | Billable |
| 12/8/2006 300216 | RCF WORKED CALL FROM CLIENT AND NOTE TO FILE | 225.00 | 0.10 | 22.50 | Billable |
| 12/18/2006 301444 | RCF WORKED CALL FROM CLIENT AND NOTE TO FILE | 225.00 | 0.20 | 45.00 | Billable |
| 12/19/2006 301454 | RCF WORKED LEFT MESSAGE FOR CLIENT AND NOTE TO FILE | 225.00 | 0.20 | 45.00 | Billable |
| 12/19/2006 301462 | RCF WORKED CALL TO CLIENT AND MET WITH KEL AND NOTE TO FILE | 225.00 | 0.30 | 67.50 | Billable |
| 12/21/2006 301511 | RCF WORKED CLAIM FORM AND NOTES TO KEL AND SPOKE TO KEL | 225.00 | 0.50 | 112.50 | Billable |

| TOTAL | Billable Fees | | 19.20 | $4,420.00 | |

1/3/2007                              HASKIN LAUTER LARUE & GIBBONS
2:14 PM                                   Pre-bill Worksheet                                    Page    6

WRIGHT, DAVID 2:DAVID WRIGHT (continued)

| Date ID | User Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 10/28/2005 255089 | CLERK $COPIES DEMAND LETTER | 0.15 | 9.000 | 1.35 | Billable |
| 10/28/2005 255246 | CLERK $POSTAGE DEMAND LETTER | 0.37 | 2.000 | 0.74 | Billable |
| 2/28/2006 267015 | CLERK $COPIES COMPLAINT | 0.15 | 16.000 | 2.40 | Billable |
| 3/1/2006 268921 | CLERK $COPIES CLIENT LETTER, COMPLAINT | 0.15 | 6.000 | 0.90 | Billable |
| 3/1/2006 269814 | CLERK $POSTAGE COMPLAINT TO CLIENT | 0.63 | 1.000 | 0.63 | Billable |
| 3/2/2006 269830 | CLERK $POSTAGE SERVICE OF COMPLAINT | 3.03 | 1.000 | 3.03 | Billable |
| 3/28/2006 270865 | CLERK $COPIES COURT ORDER, CLIENT LETTER | 0.15 | 7.000 | 1.05 | Billable |
| 3/28/2006 271007 | CLERK $POSTAGE COURT ENTRY TO CLIENT | 0.63 | 1.000 | 0.63 | Billable |

TOTAL        Billable Costs                                                              $10.73

---

Calculation of Fees and Costs

|  | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips By billing value on each slip. | | |
| Total of billable time slips | $4,420.00 | |
| Total of Fees (Time Charges) | | $4,420.00 |

HASKIN LAUTER LaRUE & GIBBONS
Pre-bill Worksheet

WRIGHT, DAVID 2:DAVID WRIGHT (continued)

|  | Amount | Total |
|---|---|---|

Costs Bill Arrangement: Slips
By billing value on each slip.

| Total of billable expense slips | $10.73 | |
| Total of Costs (Expense Charges) | | $10.73 |

| Total new charges | | $4,430.73 |

Accounts Receivables

| Date|ID | Type | Description | Amount |
|---|---|---|---|
| 11/3/2005 11268 | PAY | PAYMENT FROM ACCOUNT | ($675.00) |
| 11/17/2005 11393 | PAY | PAYMENT FROM ACCOUNT | ($75.00) |
| 12/15/2005 11648 | PAY | PAYMENT FROM ACCOUNT | ($150.00) |
| 12/22/2005 11699 | PAY | PAYMENT FROM ACCOUNT | ($200.00) |
| 1/12/2006 11830 | PAY | PAYMENT FROM ACCOUNT | ($230.00) |
| 1/19/2006 11886 | PAY | PAYMENT FROM ACCOUNT | ($225.00) |
| 1/30/2006 11975 | PAY | PAYMENT FROM ACCOUNT | ($547.50) |
| 2/2/2006 12004 | PAY | PAYMENT FROM ACCOUNT: $2.09 costs | ($69.59) |
| 2/23/2006 12153 | PAY | PAYMENT FROM ACCOUNT | ($25.00) |
| 3/3/2006 12224 | PAY | PAYMENT FROM ACCOUNT: $2.40 costs | ($212.40) |
| 3/13/2006 12299 | PAY | PAYMENT FROM ACCOUNT | ($315.00) |
| 3/17/2006 12347 | PAY | PAYMENT FROM ACCOUNT | ($67.50) |
| 3/31/2006 12473 | PAY | PAYMENT FROM ACCOUNT | ($72.06) |
| 4/6/2006 12542 | PAY | PAYMENT FROM ACCOUNT | ($69.18) |
| 5/5/2006 12769 | PAY | PAYMENT FROM ACCOUNT | ($180.00) |
| 5/11/2006 12836 | PAY | PAYMENT FROM ACCOUNT | ($112.50) |
| 5/18/2006 12891 | PAY | PAYMENT FROM ACCOUNT | ($112.50) |
| 5/25/2006 12947 | PAY | PAYMENT FROM ACCOUNT | ($90.00) |
| 6/1/2006 13007 | PAY | PAYMENT FROM ACCOUNT | ($90.00) |

HASKIN LAUTER LaRUE & GIBBONS
Pre-bill Worksheet

## WRIGHT, DAVID 2:DAVID WRIGHT (continued)

|  | Amount | Total |
|---|---|---|
| 6/29/2006 PAY   PAYMENT FROM ACCOUNT<br>13254 | ($22.50) | |
| 8/17/2006 PAY   PAYMENT FROM ACCOUNT<br>13705 | ($45.00) | |
| 10/26/2006 PAY   PAYMENT FROM ACCOUNT<br>14356 | ($22.50) | |
| 11/2/2006 PAY   PAYMENT FROM ACCOUNT<br>14431 | ($157.50) | |
| 12/7/2006 PAY   PAYMENT FROM ACCOUNT<br>14819 | ($170.00) | |
| 12/14/2006 PAY   PAYMENT FROM ACCOUNT<br>14902 | ($225.00) | |
| 12/29/2006 PAY   PAYMENT FROM ACCOUNT<br>15053 | ($270.00) | |
| Total Accounts Receivable | | ($4,430.73) |

| New Balance | | |
|---|---|---|
| Current | $4,430.73 | |
| Unapplied | ($4,430.73) | |
| | | |
| Total New Balance | | $0.00 |

Funds Account: Default

| Date|ID       Type   Description | Amount |
|---|---|
| 10/21/2005 DEP   DEPOSIT TO ACCOUNT<br>14695 | $750.00 |
| 11/3/2005 PAYF  PAYMENT FROM ACCOUNT<br>14850 | ($675.00) |
| 11/17/2005 PAYF  PAYMENT FROM ACCOUNT<br>15033 | ($75.00) |
| 12/5/2005 DEP   DEPOSIT TO ACCOUNT. Check No. 25113<br>15234 | $5,000.00 |
| 12/5/2005 PAYT  PAYMENT TO ACCOUNT. Check No. 25113<br>15235 | $250.00 |
| 12/15/2005 PAYF  PAYMENT FROM ACCOUNT<br>15410 | ($150.00) |
| 12/22/2005 PAYF  PAYMENT FROM ACCOUNT<br>15474 | ($200.00) |
| 1/12/2006 PAYF  PAYMENT FROM ACCOUNT<br>15701 | ($230.00) |
| 1/19/2006 PAYF  PAYMENT FROM ACCOUNT<br>15781 | ($225.00) |
| 1/30/2006 PAYF  PAYMENT FROM ACCOUNT<br>15901 | ($547.50) |
| 2/2/2006 PAYF  PAYMENT FROM ACCOUNT: $2.09 costs<br>15963 | ($69.59) |
| 2/23/2006 PAYF  PAYMENT FROM ACCOUNT<br>16215 | ($25.00) |

HASKIN LAUTER LaRUE & GIBBONS
Pre-bill Worksheet

WRIGHT, DAVID 2:DAVID WRIGHT (continued)

|  | | | Amount | Total |
|---|---|---|---|---|
| Date\|ID | Type | Description | | |
| 2/28/2006 16278 | WITH | WITHDRAWAL FROM ACCOUNT: FEDERAL COURT FILING FEE | ($250.00) | |
| 3/3/2006 16326 | PAYF | PAYMENT FROM ACCOUNT: $2.40 costs | ($212.40) | |
| 3/13/2006 16426 | PAYF | PAYMENT FROM ACCOUNT | ($315.00) | |
| 3/17/2006 16510 | PAYF | PAYMENT FROM ACCOUNT | ($67.50) | |
| 3/31/2006 16691 | PAYF | PAYMENT FROM ACCOUNT | ($72.06) | |
| 4/6/2006 16814 | PAYF | PAYMENT FROM ACCOUNT | ($69.18) | |
| 5/5/2006 17223 | PAYF | PAYMENT FROM ACCOUNT | ($180.00) | |
| 5/11/2006 17302 | PAYF | PAYMENT FROM ACCOUNT | ($112.50) | |
| 5/18/2006 17386 | PAYF | PAYMENT FROM ACCOUNT | ($112.50) | |
| 5/25/2006 17490 | PAYF | PAYMENT FROM ACCOUNT | ($90.00) | |
| 6/1/2006 17587 | PAYF | PAYMENT FROM ACCOUNT | ($90.00) | |
| 6/29/2006 17942 | PAYF | PAYMENT FROM ACCOUNT | ($22.50) | |
| 8/17/2006 18594 | PAYF | PAYMENT FROM ACCOUNT | ($45.00) | |
| 10/26/2006 19587 | PAYF | PAYMENT FROM ACCOUNT | ($22.50) | |
| 11/2/2006 19713 | PAYF | PAYMENT FROM ACCOUNT | ($157.50) | |
| 12/7/2006 20251 | PAYF | PAYMENT FROM ACCOUNT | ($170.00) | |
| 12/14/2006 20374 | PAYF | PAYMENT FROM ACCOUNT | ($225.00) | |
| 12/29/2006 20646 | PAYF | PAYMENT FROM ACCOUNT | ($270.00) | |
| Total added to account | | | $6,000.00 | |
| Total removed from account | | | ($4,680.73) | |

New account balance                                                                    $1,319.27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FEB 23    4:03

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

DAVID WRIGHT,                                          )
                                                       )
            Plaintiff,                                 )
                                                       )
    vs.                                                ) CAUSE NO.
                                                       )
DELPHI CORPORATION.                                    ) 1:06-cv-0347-LJM-WTL
                                                       )
            Defendant.                                 )
                                                       )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      Plaintiff, David Wright ("Wright"), by counsel, brings this action pursuant to the

Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §1161 *et seq.*, and the

Employee Retirement Income Security Act ("ERISA") against Defendant, Delphi, Corporation.

("Defendant").

### II. PARTIES

2.      Wright was a resident of the State of Indiana at all times relevant to this action,

residing within the geographical boundaries of the Southern District of Indiana.

3.      Delphi Corp., is a corporation which maintains offices and conducts business

within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation

pursuant to and 29 U.S.C. §1132(e) and 1140.

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. § 1002(5).

6.      Plaintiff, at all times pertinent to this action, was an "employee" as that term is

defined by 29 U.S.C. §1002(6) and was a "participant" as that term is defined by 29 U.S.C. §1002(7).

7.    Defendant maintained an "employee welfare benefit plan" for its employees, including Wright, as defined by 29 U.S.C. § 1002(1).

8.    Wright was a "participant" in Defendant's "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(7).

9.    All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

### III. FACTUAL ALLEGATIONS

10.    Wright commenced his employment with Defendant on or about February of 1984.

11.    At all relevant times, Wright met or exceeded Defendant's legitimate performance expectations.

12.    On October 13, 2005, Wright was terminated by Defendant.

13.    Defendant's reasons for terminating Wright are pretextual.

14.    Wright's termination was a "qualifying event" as defined by 29 U.S.C. § 1163.

15.    On or about November 9, 2005, Defendant cancelled Wright's insurance benefits.

16.    Wright was terminated because Defendant wanted to avoid the costs associated with payment of Wright's Separation Allowance Plan benefits as well as Wright's continued benefits under COBRA.

17.    Wright has suffered damages due to Defendant's unlawful actions.

### IV. CAUSES OF ACTION

### COUNT I

2

### ERISA – ENFORCEMENT AND CLARIFICATION OF RIGHTS

18.    Wright hereby incorporates paragraphs one (1) through seventeen (17) of his Complaint.

19.    Wright met all of the requirements for payment of Separation Allowance Plan benefits, but the Defendant arbitrarily and capriciously denied Wright severance pay to which he was entitled under the plan.

20.    Defendant's arbitrary and capricious denial violated his rights as protected by ERISA.

21.    Wright, therefore, seeks enforcement and clarification of his rights under the terms of the Separation Allowance Plan benefits.

### COUNT II

### ERISA INTERFERENCE

22.    Wright hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint.

23.    Defendant terminated Wright for the purpose of interfering with his attainment of rights to which Wright was entitled under Defendant's benefit plan.

24.    Defendant had no lawful grounds for the termination of Wright's employment.

25.    Defendant's reasons for terminating Wright are a pretext for unlawfully interfering with his rights under ERISA 29 U.S.C. §1140.

26.    Defendant's actions were taken with the knowledge that Wright was and would be entitled to benefits under its Separation Allowance Plan.

27.    Wright has suffered damages as a result of Defendant's conduct.

3

## COUNT III.

### COBRA – Violation of §1161 *et. seq.*

28.    Wright hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

29.    Wright was qualified for the position he occupied.

30.    Wright did not engage in gross misconduct.

31.    Defendant terminated Wright on false accusations of gross misconduct. Wright's alleged gross misconduct does not qualify as such under the law or Defendant's policies. Additionally, other employees were not terminated or disciplined for the same or similar conduct.

32.    Defendant failed to provide COBRA notice requirements to Wright following his termination.

33.    Defendant's actions were done in violation of the Consolidated Omnibus Budget Reconciliation Act, as amended, 29 U.S.C. §1161 *et seq.*

34.    Wright suffered damages as the result of Defendant's unlawful actions.

### V. REQUESTED RELIEF

WHEREFORE, Plaintiff, David Wright, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1.    All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2.    Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions.

3.    Liquidated damages;

4.    All costs and attorney's fees incurred as a result of bringing this action;

4

5.   Pre- and post-judgment interest on all sums recoverable; and

6.   All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

Kenneth E. Lauter  (#15900-49)

Ryan C. Fox (#21631-49)
HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
Email:   klauter@hlllaw.com
         rfox@hlllaw.com
*Attorneys for Plaintiff*

5

## DEMAND FOR JURY TRIAL

Plaintiff, David Wright, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

Kenneth E. Lauter

6