**Hearing Date: April 20, 2007**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |

DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' ELEVENTH OMNIBUS
OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R.
BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS,
(B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C)
UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this omnibus reply in support of the Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (the "Eleventh Omnibus Claims Objection"), and respectfully represent as follows:

      1.      The Debtors filed the Eleventh Omnibus Claims Objection on March 16, 2007 seeking to disallow and expunge certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because such Claims (a) contain insufficient documentation in support of the Claims asserted, (b) contain insufficient documentation in support of the Claims asserted and were untimely filed pursuant to the Bar Date Order, (c) reflect liabilities or dollar amounts that are not contained in the Debtors' books and records, (d) reflect liabilities or dollar amounts that are not contained in the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, (e) were untimely filed pursuant to the Bar Date Order, or (f) are subject to modification of the asserted amount or classification, and/or change in the identity of the alleged Debtor. The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Eleventh Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Eleventh Omnibus Claims Objection.

for such objection.  Responses to the Eleventh Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on April 13, 2007.

        2.        As of April 19, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received **[27]** timely-filed formal docketed responses and **[9]** undocketed responses (collectively, the "Responses") to the Eleventh Omnibus Claims Objection.  A chart summarizing each of the Responses is attached hereto as <u>Exhibit A</u>.

        3.        The Debtors believe that **[4]** of the Responses (collectively, the "Resolved Responses") have been resolved.  **[Three]** of the Resolved Responses pertain to Claims for which the Debtors seek to change only the identity of the alleged Debtor, but do not seek to modify the dollar amount or classification.  Counsel for the Debtors contacted each of these respondents to clarify the scope of the relief sought with respect to these Claims.  As a result of these clarifications, each of these **[3]** respondents agreed to the relief requested in the Eleventh Omnibus Claims Objection with respect to that respondent's Claim, and the Debtors believe that these **[3]** Responses have been resolved.  The fourth Resolved Response, filed by In-Parallel Computer Staff Ltd. ("In-Parallel"), covers a Claim to which the Debtors objected on the basis that In-Parallel applied the wrong exchange rate when converting the claim from foreign currency to U.S. dollars.  Because In-Parallel has subsequently agreed with the exchange rate applied by the Debtors, In-Parallel has agreed that its Response has been resolved.

        4.        Accordingly, as reflected in the revised proposed order, a copy of which is attached hereto as <u>Exhibit B</u> (the "Revised Order"),[2] the Debtors do not seek to adjourn the

---

[2]    Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Eleventh Omnibus Claims Objection.

3

hearings with respect to Claims subject to the Resolved Responses, but rather seek the relief requested in the Eleventh Omnibus Claims Objection with respect to these Claims.

    5.  Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed, other than the Resolved Responses, will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim. The Revised Order reflects the adjournment of the hearing with respect to each of the Claims for which a Response was filed, other than the Resolved Responses, to a future hearing date pursuant to the Claims Objection Procedures Order.

    6.  In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Eleventh Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

    7.  Except for those Claims that have been adjourned to future hearing dates, the Debtors believe that the Revised Order adequately addresses the concerns of the respondents. Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Eleventh Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) adjourning the hearing with respect to all Claims as to which a Response, other than a Resolved Response, was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated:  New York, New York
        April 19, 2007

                      SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

                      By: /s/ John Wm. Butler, Jr.
                           John Wm. Butler, Jr. (JB 4711)
                           John K. Lyons (JL 4951)
                           Ron E. Meisler (RM 3026)
                      333 West Wacker Drive, Suite 2100
                      Chicago, Illinois  60606
                      (312) 407-0700

                      - and -

                      By: /s/ Kayalyn A. Marafioti
                           Kayalyn A. Marafioti (KM 9632)
                           Thomas J. Matz (TM 5986)
                      Four Times Square
                      New York, New York  10036
                      (212) 735-3000

                      Attorneys for Delphi Corporation, et al.,
                        Debtors and Debtors-in-Possession