## Exhibit A

### In re Delphi Corporation, et al. Case No. 05-44481 (RDD)

*Responses To The Debtors' Eleventh Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | LTC Roll & Engineering Co. (Docket No. 7612) | 5 | LTC Roll & Engineering Co. ("LTC") asserts that its claim for a total of $49,513.82 arises out of inventory, product, equipment, parts, accessions, and related materials sold and shipped to the Debtors. LTC's claim is for an unsecured amount of $38,722.98 and a reclamation priority amount of $10,790.84. LTC asserts that its books and records do not reflect payment of these outstanding balances, and that the Debtors have provided no proof of payment. | Books and records | Adjourn |

---

[1]  This chart reflects all Responses entered on the docket as of April 19, 2007 at 12:00 p.m. (prevailing Eastern time).

[2]  This chart reflects all resolutions or proposals as of April 19, 2007 at 12:00 p.m. (prevailing Eastern time).

1

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 2. | RT Sub, LLC f/k/a/ RecepTec, LLC (Docket No. 7632) | 16507 | RT Sub, LLC ("RT Sub") asserts that has a valid and enforceable claim as evidenced by its original proof of claim no. 15939 (the "Original Claim"), which was amended by proof of claim no. 16507 (the "Amended Claim").  RT Sub asserts that its Original Claim reserved the right to increase the amount of the claim to reflect postpetition actions of the Debtors.  RT Sub asserts that the amount of its Original Claim accounted for a postpetition payment and product returned to RT Sub postpetition.  RT Sub asserts that after it filed the Original Claim, the Debtors offset the postpetition payment against other amounts due to RT Sub's successor.  RT Sub therefore filed the Amended Claim in February 2007.  If the Amended Claim is disallowed and expunged, RT Sub demands that the Debtors repay the amount of the inappropriate offset or pay the amounts the Debtors list as due on the Debtors' schedules. | Untimely | Adjourn |
| 3. | General Products (Docket No. 7634) | 8780 | General Products' claim asserts damages arising from Delphi's cancellation of its contract with General Products.  General Products asserts that it entered into a requirements contract to supply control arms for Saturn L series cars.  General Products further asserts that in June 2004 the Saturn L series went out of production and the Debtors advised that they were cancelling the contract.  After cancellation of the contract, the parties were in dispute over any damages owed to General Products.  General Products asserts that the Debtors offered no facts to support their denial of liability.  General Products asserts that its claim should be allowed and the Debtors' objection overruled. | Books and records | Adjourn |

2

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 4. | P&R Industries, Inc. (Docket No. 7635) | 11429 | By this Objection, the Debtors propose to modify the claim, reducing it from $278,019.25 to $269,894.25, a variance of $8,125.00. P&R Industries, Inc. ("P&R") asserts that the $8,125.00 variance between the claimed amount and the modified amount appears to be derived from invoice numbers 9831 and 9190 (copies of which are attached). P&R requests that the Court deny the Objection and allow the claim in the amount of $278,019.25. | Modify | Adjourn |
| 5. | Technical Materials, Inc. (Docket No. 7647) | 9106 | Technical Materials Inc. ("TMI") asserts that it filed its proof of claim for a $144,093.53 reclamation demand and a $262,654.53 general unsecured claim. TMI asserts that both portions of its claim were subject to certain price adjustments applied toward precious metals supplied by TMI. TMI asserts that on July 19, 2006 TMI and the Debtors settled the reclamation portion of the claim. TMI asserts that the Debtors have provided no legal or factual justification to support the proposed modification to TMI's claim. TMI also asserts that there is no authority justifying the reduction of the claim with the Debtors' reservation of the right to seek disallowance in the future. | Modify | Adjourn |
| 6. | ILM Tool Incorporated (Docket 7648) | 773 | ILM Tool Incorporated ("ILM") asserts that none of its original claim was overstated or denominated in foreign currency. ILM further asserts that its claim is correctly classified as a debt of Delphi Corporation. ILM encloses a list of invoices that total the $112,139.54 claimed. ILM attributes the $7,068.78 variance between the claimed amount and the modified amount to invoice number 14578. | Modify | Adjourn |

3

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 7. | Liquidity Solutions, Inc. as assignee of Tecnomec S.r.l. (Docket No. 7649) | 2447, 2448, 2449, 2450, 2451, 2452, 2453, 2454, 2455, 2456 | Liquidity Solutions Inc. ("Liquidity") asserts that Tecnomec S.r.l. ("Tecnomec") filed ten proofs of claim and was also listed on Delphi Automotive Systems LLC's Schedule F and Amended and Restated Schedule F. Liquidity asserts that the Debtors offer no claim-specific reason as to why the Debtors dispute the filed amount of the claims. Liquidity further asserts that Liquidity has not received any payment on account of the claims or provided any waiver of the claims. Liquidity asserts that it has tried to contact Tecnomec regarding this objection but has not had sufficient time to analyze the objection with Tecnomec to confirm that Tecnomec has not received payment. Liquidity asserts that the Objection should be overruled and each of the Tecnomec claims should be allowed in the full amount. | Books and records | Adjourn |
| 8. | Bona Vista (Docket No. 7650) | 9402 | Bona Vista disputes the modified amount of its claim. It attaches a list of invoices included in its claim as well as copies of two outstanding bills of lading. Bona Vista asserts that Delphi paid two invoices on before the petition date, but then took the payments back. Bona Vista asks that these two invoices be included as part of its claim. | Modify | Adjourn |
| 9. | Sumitomo Wiring Systems (U.S.A.), Inc. (Docket No. 7655) | 2111 | Sumitomo Wiring Systems (U.S.A.), Inc. ("Sumitomo") asserts that its claim should be allowed because it accurately reflects goods actually shipped to Delphi prior to the petition date for which Sumitomo has not received payment. Sumitomo requests that the claim be allowed in full. | Modify | Adjourn |

4

|  | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 10. | Lockport City Treasurer (Docket No. 7656) | 12442 | The Lockport City Treasurer ("Lockport") filed a proof of claim alleging $23,738.72 as an unsecured priority claim and $69,968.61 as a general unsecured claim. Lockport requests that the Court overrule the objection. Contemporaneously with its response, Lockport filed an amended proof of claim asserting an unsecured claim for $93,707.30. The original proof of claim was based on both prepetition and postpetition service, but the Debtors made two postpetition payments that were applied to prepetition services. Lockport asserts that the appropriate application of those postpetition payments to postpetition bill would reveal that the correct amount of the prepetition claim should be $93,707.30. | Modify | Adjourn |
| 11. | Juki Automation Systems, Inc. (Docket No. 7657) | 842 | Juki Automation Systems, Inc. ("Juki") filed a proof of claim asserting a secured claim in the amount of $138,443.00. Juki asserts that it sold the Debtors capital equipment in which it kept a security interest. The machine was shipped in September 2005 and installation was complete in December 2005. Juki asserts that it filed financing statements to perfect its security interest, but inadvertently failed to attach copies of those financing statements to its proof of claim. Juki attaches those financing statements to its Response. Juki asserts that its secured claim should not be reclassified as an unsecured claim. Juki asserts that the Debtors denied Juki administrative expense status and should not now be allowed to reclassify the claim as unsecured despite what Juki alleges was an agreement between the parties that Juki would maintain a security interest in the Machine until paid in full. Juki acknowledges that Delphi made a postpetition partial payment of $7,950.00, but requests that a claim for the remaining balance plus 10% interest ($130,493.00 plus interest) should be allowed. | Modify | Adjourn |

5

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 12. | Plastic Plate, Inc. (Docket No. 7659) | a) 5855<br>b) 15504 | a) Plastic Plate, Inc. ("Plastic Plate") asserts that proof of claim no. 5855 was based on tooling changes to tooling that Plastic Plate sold to the Debtors, and that the Debtors have no basis for objecting to that claim. Plastic Plate requests that the claim be allowed in the full amount of $7,150.00.<br><br>b) Plastic Plate asserts that proof of claim no. 15504 was based on parts delivered to the Debtors. Plastic Plate asserts that immediately prior to the petition date, the Debtors paid prepetition invoice no. 824499 in the amount of $6,696.00, then postpetition paid that same invoice again in the amount of $6,696.00. Plastic Plate applied the extra payment to a different outstanding prepetition invoice – invoice no. 824433. In July 2006, the Debtors asserted a debit memo based on alleged overpayments in the amount of $27,180.00, so Plastic Plate filed this claim in the amount of the debit memo pending resolution of that issue. Plastic Plate asserts that the parties agree that Plastic Plate only received overpayment in the amount of $6,696.00, and that amount was taken as a debit by the Debtors. With the reversal of the $6,696.00 double payment, that left invoice no. 824433 unpaid. Plastic Plate requests that the claim be allowed in the amount of $6,696.00. | Books and records | Adjourn |
| 13. | Caraustar Custom Packaging Group, Inc. (Docket No. 7660) | 1345 | Caraustar Custom Packaging Group, Inc. ("Caraustar") asserts that its claim arises from the sale of goods to the Debtors. Caraustar attaches copies of unpaid invoices and assorted other documents. Caraustar further asserts that its books and records do not reflect payments for the attached invoices. Caraustar requests that the Court deny the Objection and allow its claim. | Books and records | Adjourn |

6

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 14. | Hyatt Legal Plans, Inc. (Docket No. 7661) | 1928 | Hyatt Legal Plans, Inc. ("Hyatt") contracts to provide legal services as an employee benefit. Hyatt asserts that the monies due and owing to it must be treated as a priority claim pursuant to 11 U.S.C. § 507(a)(5) because the services are an employee benefit and are "contributions to an employee benefit plan." | Modify | Adjourn |
| 15. | Pillarhouse (U.S.A.), Inc. (Docket No. 7664) | 10203 | Pillarhouse (U.S.A.), Inc. ("Pillarhouse") asserts that it filed its claim for $17,193.64 (the "Claim") and that the Debtors' objection seeking to reduce a portion of its claim is insufficient to overcome the prima facie evidence of the proof of claim. Pillarhouse attaches additional documentation in support of the Claim to its response. | Modify | Adjourn |
| 16. | Robert A. Mothershead, an individual and the authorized representative of Azimuth North America LLC and Related Entities (Docket No. 7665) | 15630 | Mr. Mothershead asserts that his claim for at least $284,487.00 for unpaid fees for services should not be disallowed and expunged. He asserts that the settlement agreement into which he entered with the Debtors relating to the fees for his services is void, voidable, or unenforceable, leaving his claim outstanding. Mr. Mothershead asks that the court delay decision on the Debtors' objection pending submission of further information. | Books and records | Adjourn |
| 17. | Castrol Industrial North America (Docket No. 7668) | 8676 | Castrol Industrial North America ("Castrol") asserts that the Debtors have failed to provide adequate evidence showing that its claim is invalid and fails to provide a sufficient factual basis for the reduction in the claim. Castrol does not contest the modification of the claim so that it is asserted against Delphi Automotive Systems LLC. This claim has been transferred to Ore Hill Hub Fund Ltd. Castrol requests that its claim be allowed. | Modify | Adjourn |
| 18. | Longacre Master Fund (Docket No. 7670) | 4298 | Longacre Master Fund asserts that proof of claim no. 4298 should not be modified to be asserted against Delphi Automotive Systems LLC. | Modify | Adjourn |

7

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 19. | Ohio Department of Taxation (Docket No. 7671) | 1426, 8094 | The Ohio Department of Taxation asserts that no evidence has been produced to support the Debtors' position that proofs of claim nos. 1426 and 8094 should be disallowed and expunged. | Books and records | Adjourn |
| 20. | Contrarian Funds LLC (Docket No. 7672) | a) 9952<br><br>b) 2023, 6321, 8012, 8787, 9953, 12698<br><br>c) 12670, 12671 | a) Contrarian consents to the modification and asks the Court to allow proof of claim no. 9952 in full.<br><br>b) Contrarian asserts that the Debtors set forth no evidence to contradict the validity and amount of proofs of claim nos. 2023, 6321, 8012, 8787, 9953, and 12698, and therefore Contrarian opposes any modifications and requests that the Court allow these claims as asserted in full.<br><br>c) Contrarian opposes any reduction to the amount of proofs of claim nos. 12670 and 12671 because the Debtors sought to reduce a related claim, proof of claim no. 12668, on the Ninth Omnibus Claims Objection, the resolution of which remains sub judice. | Modify | Adjourn |
| 21. | Johnson Controls, Inc. (Docket No. 7674) | 5976 | Johnson Controls, Inc. ("JCI") asserts that the Debtors have failed to provide any reason to reduce JCI's claim, and therefore the claim should be allowed in the claimed amount. JCI attaches supporting documentation to its response. | Modify | Adjourn |
| 22. | York International, Corp. (Docket No. 7676) | 15531 | York International, Corp. ("York") asserts that the Debtors' Objection presents no reason to modify proof of claim no. 15531. York requests that the Objection be overruled and its claim be allowed in the full amount of $74,971.50. | Modify | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 23. | Quest Diagnostics, Inc. (Docket No. 7679) | 677 | Quest Diagnostics Inc. does not oppose the modification to the extent that the amount of the claim is not modified and the claim is asserted against the appropriate Debtor. | Modify | Resolved – because the Debtors seek only to change the identity of the Debtor against which this proof of claim is asserted, the respondent has agreed that it does not contest this modification and that its Response is resolved |
| 24. | BASF Corporation (Docket No. 7681) | 8012 | BASF Corporation ("BASF") has sold most of its interest in proof of claim no. 8012 (the "Claim") to Contrarian Funds, LLC.  BASF asserts that the Debtors fail to offer any evidence to support the reduction of the Claim.  BASF further asserts that the Debtors' DACOR system shows prepetition payables to BASF in the amount of $854,723.99.  BASF further asserts that its records show that it is owed the full amount of the Claim as filed.  Finally, BASF asserts that the Debtors should be required to raise all possible issues with respect to the claim in one objection and should not be allowed to reserve the right to further object in the future. | Modify | Adjourn |
| 25. | Tecnomec S.r.L. (Docket No. 7697) | 2447, 2448, 2449, 2450, 2451, 2452, 2453, 2454, 2455, 2456 | Tecnomec S.r.L. ("Tecnomec") assigned certain rights regarding its claims to Liquidity Solutions, Inc.  Tecnomec asserts that it has provided invoices and other documentation with its proofs of claim that establish that Tecnomec has valid claims.  Tecnomec asserts that the Debtors have provided no proof of payment or other evidence. | Books and records | Adjourn |

9

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 26. | Flexible Automation Inc. (Docket No. 7715) | 863 | Flexible Automation Inc. has assigned its claim to Redrock Capital Partners (collectively, the "Claimant"). The Claimant asserts that the modification proposed by the Debtors is in error and is due to the Debtors' accounts payable department failing to pay the 10% holdback on the invoiced amount. The claimant attached supporting documentation, including the invoice in question. | Modify | Adjourn |
| 27. | ABC Technologies, Inc. and Salga Plastics Inc. (Docket No. 7721) | 1168 (ABC) 1167 (Salga) | ABC Technologies, Inc. ("ABC") and Salga Plastics, Inc. ("Salga") assert that the Debtors have already allowed their claims pursuant to an assumption agreement signed February 8, 2006. ABC and Salga further assert that, even if the assumption agreement did not constitute allowance of their claims, the claims should be allowed as evidenced by the proofs of claim and supporting documents. | Books and records | Adjourn |
| 28. | Controls Crew Inc. (Undocketed) | 2266 | Controls Crew Inc. disagrees with the Objection and submits documentation of the claim. | Books and records | Adjourn |
| 29. | David Wright (Undocketed) | 16474 | Mr. Wright asserts a claim for money damages based on COBRA and ERISA. Mr. Wright asserts that his claim should not be disallowed and expunged because he did not receive notice of the bar date. He further asserts that he filed the underlying lawsuit, which is the basis of his claim, on February 23, 2006, and the Debtors filed the Notice of Automatic Stay in the underlying lawsuit on April 25, 2006. Mr. Wright asserts that the notice of Bar Date was not sent to him and that the notice of Bar Date was published on April 24, 2006, the day before the Notice of Automatic Stay was filed in his suit. | Untimely books and records | Adjourn |

10

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 30. | In-Parallel Computer Staff Ltd. (Docketing error, appears behind another Response at Docket no. 7714)) | 1606 | Proof of claim no. 1606 was asserted in pounds sterling. By previous objection, the asserted amount was modified to $5,293.31. In-Parallel Computer Staff Ltd. ("In-Parallel") does not understand why the Debtors are now objecting and seeking to reduce the amount of the claim. In-Parallel asserts that it has a valid claim which is substantiated by documentation enclosed with its response. | Modify | Resolved – because the modification seeks only to account for the proper exchange rate, the respondent has agreed that its Response has been resolved |
| 31. | Moldtech, Inc. (Undocketed) | 3738 | Moldtech, Inc. asserts that the difference between the claimed amount and modified amount can be attributed to one invoice, which was inadvertently omitted from the proof of claim, and is attached to the response. | Modify | Adjourn |
| 32. | SFS Intec, Inc. (Undocketed) | 1216 | SFS Intec, Inc. attaches proof of delivery that it obtained after the deadline for filing its proof of claim. | Modify | Adjourn |
| 33. | Sierra Liquidity as assignee of Atlas Pressed Metals (undocketed) | 14681 | Sierra Liquidity attaches supporting documentation and requests that the Court allow the claim in the amount of $110,033.10. Sierra Liquidity asserts that it sees no basis for the Debtors' proposed modification of the claim. | Modify | Adjourn |
| 34. | Sierra Liquidity as assignee of Warner Supply, Inc. (undocketed) | 2590 | Sierra Liquidity attaches supporting documentation and requests that the Court allow its claim in the amount of $5,926.96. Sierra Liquidity asserts that it sees no basis for the Debtors' proposed modification of the claim. | Modify | Adjourn |
| 35. | Trinary (Undocketed) | 1709 | Trinary asserts that its claim should not be disallowed and expunged because the balance due is based on a recurring monthly invoice. | Modify | Resolved – because the Debtors seek only to revise the Debtor entity against which this claim is asserted, the respondent has agreed that its Response has been resolved |

11

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 36. | Trinary (Undocketed) | 393 | Trinary asserts that its claim should not be disallowed and expunged because the balance due is based on a recurring monthly invoice for operational services. | Modify | Resolved – because the Debtors seek only to revise the Debtor entity against which this claim is asserted, the respondent has agreed that its Response has been resolved |

12