1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, ET AL.,


          Debtor.


- - - - - - - - - - - - - - - - - - - -x



                    U.S. Bankruptcy Court

                    One Bowling Green

                    New York, New York


                    April 20, 2007

                    10:05 a.m.


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1    MOTION for Omnibus Objection to Claim(s) Debtors' Tenth Omnibus

2    Objection (Procedural) Pursuant To 11 U.S.C. 502(b) And Fed. R.

3    Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims And

4    (B) Equity Claims ("Tenth Omnibus Claims Objection")

5

6    MOTION for Omnibus Objection to Claim(s) Debtors' Eleventh

7    Omnibus Objection (Substantive) Pursuant To 11 U.S.C. 502(b)

8    And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently

9    Documented Claims (B) Claims Not Reflected On Debtors' Books

10    And Records, (C) Untimely Claims, And (D) Claims Subject To

11    Modification ("Eleventh Omnibus Claims Objection")

12

13    FIRST Application for Interim Professional Compensation of

14    Services Rendered and Reimbursement of Actual and Necessary

15    Expenses Incurred by PricewaterhouseCoopers, LLP to Provide

16    Certain Sarbanesoxley Compliance, Tax and Financial Planning,

17    and Other General Tax Consulting Services to Delphi

18    Corporation, et al., for PricewaterhouseCoopers, LLP.

19

20    NOTICE of Hearing of Second Interim Fee Application filed by

21    PricewaterhouseCoopers, LLP.

22

23

24

25

3

1   MOTION to Authorize Motion For Order Under 11 U.S.C. Section

2   363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter

3   Into Application Maintenance And Support Agreements filed by

4   John Wm. Butler Jr. on behalf of Delphi Corporation.

5

6   MOTION to Authorize Motion For Order Under 11 U.S.C. Section

7   363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter

8   Into Finance Outsourcing Agreement filed by John Wm. Butler Jr.

9   on behalf of Delphi Corporation.

10

11   MOTION to Extend Time Motion For Order Under 11 U.S.C. Section

12   365(d)(4) Further Extending Deadline To Assume Or Reject Leases

13   Of Nonresidential Real Property filed by John Wm. Butler Jr. on

14   behalf of Delphi Corporation.

15

16   MOTION to Extend Time Motion To Further Extend Time Period

17   Within Which Debtors May Remove Actions Under 28 U.S.C. Section

18   1452 And Fed. R. Bankr. P. 9006 And 9027 filed by John Wm.

19   Butler Jr. on behalf of Delphi Corporation.

20

21   MOTION for Relief from Stay Motion of Furukawa Electric North

22   America APD and Furukawa Electric Co., Ltd. (a) For Abstention

23   Pursuant to 28 U.S.C. 1334, (b) For Relief From Automatic Stay

24   Pursuant to 362(d) of Bankruptcy Code, and (c) For Order

25   Limiting Scope of the Claim Objection Hearing. filed by Gerard

4

1    DiConza on behalf of Furukawa Electric North America ADP, Inc.

2    and Furukawa Electric Company.

3

4    MOTION for Relief from Stay, if Applicable, to Proceed with

5    Litigation Against Larry Graves, a Non-Debtor Delphi Employee,

6    in the Circuit Court of the Second Judicial District of Hinds

7    County, Mississippi filed by Michael Leo Hall on behalf of

8    Wachovia Bank, National Association.

9

10   NOTICE of Adjournment of Hearing in 07-01435-rdd Delphi

11   Corporation v. National Union Fire Insurance Company of

12   Pittsburg

13

14

15

16

17

18

19

20

21

22

23

24   Transcribed By:  Esther Accardi

25

5

1   A P P E A R A N C E S :

2   SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

3          Attorneys for Debtor

4          333 West Wacker Drive

5          Chicago, Illinois 60606

6

7   BY:   JOHN WM. BUTLER, JR., ESQ.

8

9   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

10         Attorneys for Delphi Corporation

11         Four Times Square

12         New York, New York 10036

13

14  BY:   KAYALYN A. MARAFIOTI, ESQ.

15         THOMAS MATZ, ESQ.

16

17  TOGUT SEGAL & SEGAL, LLP

18         Attorneys for Debtor

19         One Penn Plaza

20         New York, New York 10119

21

22  BY:   NEIL BERGER, ESQ.

23         LARA SHEIKH, ESQ.

24

25

6

 1 | BURR & FORMAN, LLP

 2 |        Attorneys for Wachovia Bank

 3 |        3100 Southtrust Tower

 4 |        Birmingham, Alabama 35203

 5 |

 6 | BY:   D. CHRISTOPHER CARSON, ESQ.

 7 |        JASON D. WOODWARD, ESQ.

 8 |

 9 | LATHAM & WATKINS, LLP

10 |        Attorneys for Creditors' Committee

11 |        885 Third Avenue

12 |        New York, New York 10022

13 |

14 | BY:   ROBERT ROSENBERG, ESQ.

15 |

16 | D'AMATO & LYNCH

17 |        Attorneys for National Union Fire

18 |        70 Pine Street

19 |        New York, New York 10270

20 |

21 | BY:   STEPHEN F. WILLIG, ESQ.

22 |

23 |

24 |

25 |

7

```
1    WEIL GOTSHAL & MANGES, LLP

2         Attorneys for General Motors

3         767 Fifth Avenue

4         New York, New York 10153

5

6    BY:   JEFFREY L. TANENBAUM, ESQ.

7

8    KRAMER LEVIN NAFTALIS & FRANKEL, LLP

9         Attorneys for EDS

10        1177 Avenue of the Americas

11        New York, New York 10036

12

13   BY:   THOMAS MAYER, ESQ.

14

15

16

17

18

19

20

21

22

23

24

25
```

8

1          P R O C E E D I N G S

2          THE COURT:  Delphi Corporation.

3          MR. BUTLER:  Your Honor, good morning.  Jack Butler,

4    Kayalyn Marafioti are here along with Tom Matz from Skadden

5    Arps representing Delphi Corporation for its seventeenth

6    omnibus hearing for April 2007.  Your Honor, we filed an agenda

7    listing the matters that are before the Court today.  There are

8    thirteen matters.  And I'd like to use the agenda order, if I

9    may.

10          THE COURT:  Okay.  That's fine.

11          MR. BUTLER:  Your Honor, matters 1 and 2 on the

12   agenda are the creditors' committee, GM claims and defenses

13   motions, so called STN motion at docket number 4718.  And the

14   equity committees ex parte motion at docket number 5229.  By

15   agreement with the parties these matters have been, again,

16   adjourned to the May 31st omnibus hearing.

17          THE COURT:  Okay.

18          MR. BUTLER:  Your Honor, the next matter on the

19   adjourned docket is the motion of ATEL Leasing Corporation for

20   allowance of payment of an outstanding post-petition amount as

21   an administrative claimants other relief at docket number 6990.

22   In this motion ATEL seeks allowance of a claim based on alleged

23   outstanding post petition payments under some equipment leases.

24   We continue to try to reconcile these matters and to sort out

25   the matter consensually.  It's our belief that it would make

9

1    sense to continue this to the May 31st hearing and the parties

2    have agreed to do so.

3            THE COURT:  Okay.

4            MR. BUTLER:  Your Honor, matters 4 and 5 are being

5    handled by Mr. Berger.

6            MR. BERGER:  Good morning, Judge.  Neil Berger, Togut

7    Segal & Segal.  Your Honor, number 4 is a motion by Wachovia

8    Bank NA separate from the other Wachovia matter on the calendar

9    today.  This Wachovia branch seeks a motion for an order

10   allowing an administrative expense claim.  This concerns

11   transactions with a supplied management agent.  And below the

12   actual transaction there are a large number of different pieces

13   of paper that need to be looked at.  We're trying to reconcile

14   it.  There are some legal issues involved.  By agreement of the

15   parties we agreed to adjourn it and we'd ask that Your Honor

16   carry it to the next omni hearing.

17           THE COURT:  Okay.  That's fine.

18           MR. BERGER:  The next is number 5, Furukawa Electric,

19   seeks relief from the automatic stay or abstention.  Your

20   Honor, as part of our claim objection process we object to a

21   2.5 million dollar claim filed by Furukawa.  In the debtor's

22   statement we ask that the Court consider the debtor's claim,

23   approximately twenty-four million dollars, as part of that

24   claim objection process.  The response was this motion for

25   abstention asking the Court to abstain from the claim objection

10

1    process.  And instead allow Furukawa to liquidate its claim in

2    the state court.  We did serve our response and Furukawa

3    noticed on the response that the hearing to consider its motion

4    was scheduled for today and not the 26th.  They were unaware of

5    the entry of an order rescheduling today's hearing.  They asked

6    for the adjournment, we agreed to it, settlement negotiations

7    were ongoing before today, we'll try to use the time between

8    now and the next omnibus hearing to see if we can advance

9    those.

10              THE COURT:  Okay.  That's fine.

11              MR. BUTLER:  Your Honor, the next matter on the

12   agenda is the debtor's motion seeking approval to enter into an

13   application maintenance and support agreement.  This is at

14   docket number 7524.  Your Honor, this is the second in a series

15   of motions dealing with the IT segment of the business that is

16   part of the debtor's overall SG&A reduction program.  As Your

17   Honor I think is aware under the company's transformation plan,

18   part of the plan is to reduce substantially by something

19   approaching a half a billion dollars the SG&A run rate of the

20   company, and this is part of that process.  Specifically, the

21   application maintenance agreements that are before the Court

22   today, are comprised of two separate agreements for application

23   maintenance and support services.  The first is an agreement

24   with Computer Sciences Corporation, which provides support for

25   a system -- for the SAP system and commercial supply chain and

11

1    manufacturing services.  And the other is an amendment to a

2    master services agreement with Electronic Data Systems

3    Corporation, which provides engineering systems of support.

4    The master services agreement with EDS was earlier authorized

5    by this Court on October 19, 2006 at docket number 5378. And

6    this amendment really deals with the second phase of the IT

7    outsourcing program, which was competitively bid and which was

8    essentially awarded on a split basis to CFC and EDS.  And we're

9    using the EDS master agreement as the vehicle to deal with

10   documenting that arrangement.

11          As Your Honor is aware because of the sensitive

12   nature, and competitive nature, of the information surrounding

13   these motions, this motion and the next one I'll speak to were

14   filed under seal of authority of the Court.  But the agreements

15   were the motions themselves summarized basically in broad terms

16   or general terms the terms of the agreements.  The total cost

17   of the application maintenance agreement is in the range

18   between 150 and 200 million dollars.  We have not publicly

19   disclosed the particular amount of the contract because

20   sophisticated parties could actually deduce aspects of the

21   systems -- the cost of the systems and work competitively

22   marketing additional outsourcing series which we'd rather be

23   able to do on a competitive basis without disclosing sensitive

24   information.  But it's in the range of 152 to 200 million

25   dollars.  The term is for five years.  There are transition

12

1   costs of approximately twenty-five million dollars which are

2   paid by both debtor and non-debtor entities.  And there is --

3   this contract will result from the steady state plan that Your

4   Honor has seen previously, net operating savings of about

5   thirteen million dollars.

6          In connection with claims, CSC has not under this

7   arrangement released any claims because any pre-petition

8   agreements they had were not related to the scope of this

9   agreement.  There were however some prior EDS agreements that

10  were related to the scope of this contract and as part of the

11  EDS amendment they have released additional termination charges

12  that would otherwise have been payable.  So we're not going to

13  be paying them for essentially the privilege of amending the

14  agreement and awarding this business to them.  And they have

15  acknowledged that.  This will also result in, when fully

16  implemented, a reduction in the global application maintenance

17  staff by about two-thirds as this function is outsourced.  We

18  have reviewed this matter with the creditors' committee, the

19  contract and the financial case with them, they are not in

20  objection to the contract.  And, in fact, no party has objected

21  to the transaction as we have proposed it.

22         We have Mr. Timothy McCabe, the director of Strategic

23  Sourcing at Delphi Corporation here to testify if Your Honor

24  requires any testimony.  But I think the papers set forth a

25  compelling case for this in terms of exercising the debtor's

13

```
 1     reasonable business judgment inuring to these transactions.
 2            THE COURT:  Okay.  Does anyone else want to address
 3     this motion?
 4            MR. MAYER:  Yes, Your Honor.  Tom Mayer from Kramer
 5     Levin for EDS.  I don't -- I support everything that Mr. Butler
 6     said.  Just one point of clarification.  EDS has a wide range
 7     of agreements with this company, both pre and post-petition.
 8     And it's true we are releasing claims relating to this one.  At
 9     some future time we will come before the Court with public
10     claims we have not related to these services.  I just wanted to
11     make that statement.
12            THE COURT:  But the agreement spells out the types of
13     claims that are being released?
14            MR. MAYER:  Yes, Your Honor.
15            THE COURT:  Okay.  All right.  In light of the
16     motion, the committees' review and my review, as well as there
17     being no objections, I don't need testimony on this.  And I
18     just want to make sure the admin claim for, I guess, the back
19     up on the intercompany obligations that comports with the DIP
20     agreement, that's within the parameters of the DIP agreement?
21            MR. BUTLER:  Yes.  We believe it is, Your Honor.
22            THE COURT:  All right.  Then I'll approve the motion
23     as sought.
24            MR. BUTLER:  Thank you, Your Honor.  Your Honor, the
25     next matter, matter number 7, is the finance outsourcing motion
```

14

1    at docket number 7525.  This, again, represents an effort by

2    the company to reduce SG&A as part of its transformation plan.

3    This financing outsourcing agreement as proposed between Delphi

4    and Genpact International LLC.  It provides for the outsourcing

5    of certain of the debtor's accounts receivable, accounts

6    payable, fixed assets, travel and expense reporting, general

7    ledger and contract administration processes.  We have filed a

8    redacted version of this agreement previously and have

9    provided, as we did in the other matter, an unredacted copy of

10   the agreement to the creditors' committee and to the U.S.

11   Trustee.

12           Your Honor, this particular program as we stated in

13   our motion, the cost of this program is between 180 and 220

14   million dollars.  The term is for eighty-eight months.  There

15   are transition costs of seventy-eight million dollars that we

16   estimate in connection with this.  About a third of these costs

17   will be borne by debtor entities, about two-thirds by non-

18   debtor entities.  We have estimated the savings -- a net

19   operating savings from the steady state plan Your Honor has

20   seen before at about 150 million dollars.  There are no claims

21   related issues with Genpact because they don't hold any pre-

22   petition claims against the debtors.  And ultimately, there'll

23   be about 650 salaried jobs in the United States and Europe that

24   will eventually be impacted by the implementation of this

25   agreement.  This program is one that has -- again, is part of a

15

1   very detailed examination by the company of its global

2   corporate support services.  We expect to continue to examine

3   the financial areas, as well as other areas of the company.  I

4   expect that we may be back to the Court with additional

5   programs as we move forward.  But again, Mr. Sheehan, our chief

6   restructuring officer, who is here in the courtroom today,

7   would be the company's witness if necessary to review the

8   debtors and to explain the basis the debtor's business judgment

9   in moving forward with this agreement.  We, again, as we have

10  with these other agreements, reviewed them with the creditors'

11  committee and examined.  They have no objection to us moving

12  forward and no objection has been filed by any other party with

13  respect to the relief that's sought here.  And, again, as with

14  the last motion, if the Court wants to hear anything we have

15  testimony available.

16          THE COURT:  Okay.  Does anyone want to address this

17  motion?  Just for the record, these are all SG&A type services.

18  There are no actual factoring or sale or credit support in

19  connection with the accounts receivable here.  This is all

20  administrative?

21          MR. BUTLER:  Not in connection with these

22  transactions.  These contracts all deal with the outsourcing of

23  essentially functions, you know -- administrative functions

24  within the company.

25          THE COURT:  All right. Okay.  In light of my review

16

1    of the motion as well as the committees' and there being no

2    objection to it, I don't need to hear from Mr. Sheehan.  I'll

3    grant the motion in full.

4         MR. BUTLER:  Thank you, Your Honor.  Your Honor, we

5    have two procedural motions before the Court.  The first is

6    that -- is matter number 8.  It's our second Section 365(d)(4)

7    deadline extension motion at docket number 7529.  And number 9

8    on the agenda is our third removal deadline extension motion at

9    docket number 7530.  In both instances we're asking the Court

10   to extend the time with respect to these matters to an outside

11   date of September 30, 2007.  In the case of the 365(d)(4)

12   matter, we're dealing with approximately eighty leases now,

13   which is less -- about ten percent/twelve percent less than we

14   were back here on our original motion.  And that has to do with

15   the fact that we have been rejecting motions and otherwise

16   rationalizing the lease portfolio in connection with other

17   orders Your Honor's entered that allows the company to

18   essentially operate the real estate portion of its business in

19   the ordinary course, with reviewing those with the creditors'

20   committee and others as we move forward.  So most of the real

21   estate matters don't come before the Court unless they meet

22   certain thresholds.  And we have with respect -- other than a

23   response that was filed by Orix Warren LLC at docket number

24   7666, which simply reserved its right to come before the Court

25   to seek to shorten time for cause which is already provided for

17

1    in the proposed order.  There has been no other objection or

2    response filed by any party.

3         And with respect to the third removal motion

4    similarly, we have sought similar relief, there is no

5    objection.  And that deadline -- or that proposed extension is

6    a little different.  It would actually be to the later of the

7    September 30, 2007 or thirty days after entry of an order

8    terminating the automatic stay with respect to the particular

9    action that relief is granted by the Court.  This is -- these

10   deadlines, Your Honor, are from the company's view consistent

11   with the current exclusivity motion which calls for filing of a

12   plan later this summer.  And in matters that I'll address

13   later, the company's plan emergence later this year as we move

14   forward with our framework and processes.

15        THE COURT:  With the removal motion, did you serve

16   the known parties to litigations?

17        MR. BUTLER:  I believe that has been our practice,

18   Your Honor, yes.

19        THE COURT:  You're aware of.  Okay.  Does anyone want

20   to speak on these two motions?  All right.  I think they're

21   self explanatory and I'll grant each of them.  The reservation

22   on the leases, you're correct, if they were any less or has the

23   ability to seek to shorten the period to assume or reject.  But

24   cause has been shown for an extension, so I'll grant that as

25   well as the request to extend the time to remove actions.

18

1          MR. BUTLER:  Thank you, Your Honor.  Your Honor, that

2    completes the docket of uncontested or agreed to settle matters

3    for this morning's hearing.  We now move to the contested

4    matters.  The first matter is agenda item number 10, Wachovia

5    Bank's relief from stay motion, at docket number 5951.  Mr.

6    Berger is representing the company in connection with that

7    matter.  And I'll cede the podium to counsel for Wachovia.

8          MR. BERGER:  Your Honor, Neil Berger, for the

9    debtors.  And Chris Carson is here for Wachovia.  We agreed

10   that we would stand before Your Honor to confirm our agreement

11   that although the motion may make an argument and may make

12   reference to a claims liability, a claim objection issue, we're

13   not here today to try to determine liability or to adjudicate

14   the debtor to clam objections.

15          THE COURT:  Right.  Okay.

16          MR. CARSON:  Good morning, Your Honor.  Chris Carson.

17   I'll also note for the record that my colleague Jason Woodward

18   is in the courtroom as well as Andy Rand from Wachovia.

19          THE COURT:  And I also gather that the parties are

20   going forth on the papers, they're not presenting any

21   testimony?

22          MR. BERGER:  Yes, sir.

23          MR. CARSON:  Based on the stipulation, yes, Your

24   Honor.

25          THE COURT:  Okay.

19

1           MR. CARSON:  Your Honor, I guess the first thing I

2      want to make clear, I think it's clear for the record, is we

3      are not seeking relief from the stay to pursue any of the

4      debtor entities in this Court.  We are merely seeking, quite

5      frankly, declaration from this Court that the stays now stand.

6      There has not been a stay extended to Mr. Larry Graves on an

7      injunction imposed by this Court, which would allow us to

8      pursue our claims against him in Mississippi state court.  As I

9      think Your Honor has been able to see from the pleadings we

10     have named Mr. Graves as an individual defendant in a lawsuit

11     that arises out of misrepresentations made by Delphi in order

12     to get Wachovia to loan 800 thousand dollars to one of its

13     troubled suppliers.

14           As an initial matter we think that the only fact that

15     is before the Court and relevant to the proceedings today is

16     the ones that I just stated.  There is no stay that has been

17     extended, there is no injunction that's been put in place.  To

18     the extent there are additional facts the Court feels like

19     bears on this proceeding we think that Rule 7001 requires an

20     adversary proceeding to be instituted and it's not been

21     instituted.  I don't think that the Court can treat Delphi's

22     objection as a motion or adversary proceeding, because if you

23     look at the relief requested they merely ask that our motion be

24     denied.

25           Turning to the merits of whether or not a stay should

20

1   be extended, Your Honor, there are four basic arguments as I

2   read it that Delphi makes that the stay should be extended

3   because Mr. Graves may be entitled to indemnification.  A

4   ruling in favor or against Mr. Graves in Mississippi state

5   court make work as collateral estoppel here in the bankruptcy

6   court.  And the fact that the case is allowed to proceed

7   against Mr. Graves, Delphi's efforts to reorganize will be

8   hindered or hampered because they'll have to devote time and

9   resources to defending him down in Mississippi.  I guess they

10  also argue that the case down in Mississippi against Mr. Graves

11  is not anywhere near being ready for trial.

12          Your Honor, we respectfully disagree with those

13  positions.  On the indemnification issue we think a close

14  reading of the law requires two things.  One, that it be an

15  absolute indemnity, an unconditional right to payment.  It's

16  unclear to me from the record whether or not Mr. Graves would

17  be entitled to -- has an unconditional right to payment.  But

18  even if he does we also do not believe that a judgment against

19  Mr. Graves in this Court for which Delphi would have to

20  indemnify him, would pose a threat to Delphi's ability to

21  financially reorganize.  And if you look at the cases that talk

22  about this you have the asbestos cases, you have the AA Tribens

23  case which Delphi cited which is Delcom Shield case, where

24  you're talking about liabilities that arise out of hundreds to

25  thousands of lawsuits.  You have those cases, that's clearly

21

1    not the case here.  On the flip side of it,  you have cases

2    where you're looking at individuals who are indemnified in one

3    action.  But the amount of the indemnification is so great that

4    again, it threatens the company's ability to reorganize.  We

5    simply do not think that is the case here.  Much the same could

6    be said with respect to the collateral estoppel concerns that

7    are raised in Delphi's motion.  I would also note that in the

8    case law it's clear that collateral estoppel concerns a loan,

9    have not served as a justification for extending the stay or

10   imposing an injunction.

11           Lastly, Your Honor, as to pursuing Mr. Graves and

12   it's effect on Delphi's reorganization effort, the case law

13   there talks about when the individual is a key player in the

14   reorganization.  Mr. Graves simply is not a key player.  And I

15   don't think Delphi has raised that issue in its pleadings.

16   Having said that, Your Honor, that pretty much completes my

17   argument for the morning.

18           THE COURT:  Okay.  Well, let me ask you a couple of

19   questions.  Am I right that Mr. Sweet was counsel for the

20   plaintiff in the action?

21           MR. CARSON:  Yes, Your Honor.  Mr. Sweet is co-

22   counsel.

23           THE COURT:  Okay.  And assume for the moment, because

24   you do have this as an alternative aspect of the relief you're

25   seeking, that I find that the automatic stay does extend to

22

1    this action, what is your argument that -- under Sonax the

2    litigation should go forward.

3            MR. CARSON:  Okay.

4            THE COURT:  In essence that it would go forward

5    against Delphi.  I understand you say it would only go ahead

6    against Mr. Graves, but if I find that the stay actually does

7    extend to him, the rationale would be that there would be an

8    identity of interest between Graves and Delphi.  So in essence

9    it would be going ahead against Delphi.

10           MR. CARSON:  Okay.  And what would be my argument,

11   Your Honor, for why we should --

12           THE COURT:  Under Sonax.

13           MR. BERGER:  Under Sonax I would cite the same

14   factors that I did or the same facts that I did with Mr. Graves

15   individual.  Plus I would add this.  Contrary to their

16   assertions and if you look at -- and I can see Your Honor's

17   read the transcript from the hearing where Mr. Graves was added

18   as a defendant, these are Mississippi state law issues that are

19   best decided by the Mississippi state court.  The case,

20   contrary to representations in our opinion, is ready for trial

21   or will be ready for trial within the standard time that Judge

22   DeLaughter allows in his cases, which is ninety days for

23   discovery and I think you saw from the court hearing

24   transcript, that a trial date was going to be set at that

25   hearing, and it was being in bankruptcy that prevented the

23

1   parties from proceeding.

2          THE COURT:  What about the issue of the other claim

3   that's been assigned to Wachovia, that the debtor's raise,

4   that's pending here.

5          MR. CARSON:  I think that that -- if I follow the

6   question that Your Honor is asking, I do think that that would

7   impact because I would expect that Lextron would seek relief in

8   order to proceed against Delphi in the case that it has pending

9   in Mississippi federal court, I believe.

10         THE COURT:  Well, but I thought that claim had been

11  assigned to Wachovia.

12         MR. CARSON:  Your Honor, Wachovia has received an

13  assignment, has the right to take over the litigation, but it

14  has chosen not to do that thus far.  It also has the security

15  interest in the litigation.

16         THE COURT:  So it's your thought that those two

17  litigations would proceed in separate courts?

18         MR. CARSON:  To be honest, Your Honor, I probably

19  have not thought about that.  But if things now stand, yes,

20  they would proceed in separate courts.

21         THE COURT:  Okay.  Thank you.

22         MR. CARSON:  Thank you.

23         MR. BERGER:  Neil Berger for the debtors.  Your

24  Honor, courts in this circuit have long recognized that the

25  congressional intent to protect debtors and their estates would

24

1    be frustrated by allowing creditors like Wachovia to do

2    indirectly what the code expressly prohibits.  This is a claim

3    adjudication matter.  I think Your Honor's comments that we

4    embrace and observe recognize that this is a direct claim by

5    Wachovia --

6          THE COURT:  Well, I was just asking him a

7    hypothetical question.

8          MR. BERGER:  Then I'll go to my presentation Your

9    Honor, and stop me when you like.

10         THE COURT:  Okay.

11         MR. BERGER:  The original complaint, Delphi's Exhibit

12   4, is attached to the proof of claim that Wachovia filed in

13   this Court.  Wachovia named the Delphi defendants as the Delphi

14   corporate entities.  They did name some individuals, not as

15   parties, but only as representatives of the debtor.  The debtor

16   is carrying out their functions in the business relationship by

17   employees, that's how corporations work.  Paragraphs 23 to 29

18   describes how Delphi corporate entities, acting through their

19   representatives made allegedly misrepresentations.  Mr. Graves,

20   who is the center of the motion today is only mentioned once as

21   far as conduct is concerned, and he simply signed a letter on

22   behalf of his superior.  Contrary to the assertions of

23   Wachovia, there aren't any specific allegations of independent

24   wrongdoing by Mr. Graves.  He was acting as an employee of the

25   debtors.  Wachovia did name Sidney Johnson, who is now the vice

25

1    president of our global supply management, at the time the

2    director of GSM for Delphi Packard.

3           In September 16, 2005, two and a half years after the

4    original complaint was filed and just three weeks before Delphi

5    sought bankruptcy relief, Wachovia went to the Mississippi

6    state court and sought permission to amend the complaint to add

7    Mr. Graves, the only individual they sought to add.  The

8    Mississippi state court orally granted that application pre-

9    petition, but an order granting that relief was never submitted

10   to the state court.  The amended complaint was served and

11   sometime after that, in August of '06, the Mississippi state

12   court recognized the mechanical deficiency by an order not

13   having been entered.  And in the interest -- and we cite this

14   as an exhibit to our papers, the Mississippi court expressly

15   states that in the interest of justice and judicial economy

16   they would avoid striking the amended complaint and requiring

17   another motion to being filed and another hearing to be had,

18   and the complaint stood.

19          Next, Your Honor, Exhibit 6 to our papers.  The

20   amended complaint simply asks --

21          THE COURT:  Well, it did more than that.  They were

22   concerned -- I think they wanted to make it clear, the Judge

23   wanted to make it clear, that he was still protecting Mr.

24   Graves and Delphi if the automatic stay did apply.

25          MR. BERGER:  That's absolutely correct, Your Honor, I

1   was going to address that.  Since we're here now, I'll say that

2   the Mississippi state court announced that it would consider a

3   motion concerning the automatic stay and that it would consider

4   an application for costs, we call them sanctions.

5           It's significantly though, Your Honor, in Exhibit 6.

6   The amended complaint, all it does is add Mr. Graves to the

7   definition of Delphi defendants, those corporate entities.  The

8   allegations are all the same, it's allegations of conduct taken

9   in his representative capacity as a manager and employee of the

10  debtor.  It simply says that he participated in the Delphi

11  defendant's actions.

12          Your Honor, Exhibit 5 to our papers is the second

13  amended complaint.  In September 23 of '05, Wachovia sought to

14  amend the complaint for a second time, this time to add Mr.

15  Johnson, Mr. Naler, Ms. Everett and Jonathan Saignor and Devin

16  Nelson, all Delphi employees.  The allegations in the second

17  complaint, Your Honor, were prepared obviously from a word

18  processor, there's a copy and it was pasted into the second

19  amended complaint and all that changed were the names of the

20  individuals.  Same allegations, same conduct, alleged conduct

21  taken by Delphi employees in the course of their representation

22  of the corporate entity.

23          Your Honor mentioned earlier that when the Court

24  denied the application for the second amended complaint, the

25  Mississippi state court found that these are acts by employees

27

1   in their representative capacity, there is no basis for

2   individual liability.  Based upon these allegations the

3   automatic stay applies to Delphi employees.

4           Your Honor, as we went through the chronology, Mr.

5   Graves was added as a defendant just pre-petition.  Mississippi

6   state court orally granted that application.  Wachovia moved

7   post-petition to add other defendants.  From the debtor's

8   perspective it's clear that the Mississippi state court

9   recognizes that the automatic stay applies not only to the

10  direct claims against Delphi but to the claims asserted by

11  Wachovia against the individuals who are acting in the capacity

12  for the debtors.  Based upon those allegations, the motion was

13  denied.

14          Your Honor, Wachovia asserts that the issue of the

15  automatic state was never raised, we're puzzled by that

16  statement.  Mississippi state court had pleadings before it.

17  Mr. Graves incorporated it in its pleadings.  The Mississippi

18  state court embraced the concept and entered an order

19  addressing the automatic stay.  And Wachovia's presented that

20  issue to this Court.  So we think it's properly before the

21  Court and the stay ought to be extended to Mr. Graves.  We

22  can't understand why Wachovia would have brought that issue to

23  the Court and now assert it's not aware of it.

24          Addressing quickly, Your Honor, because I think we've

25  done it in our papers, there's an identity of interest here.

28

1    These are claims against Delphi, as Your Honor observed a few

2    moments ago.  In the transcript Mr. Sweet did represent

3    Wachovia in the state court.  And particularly at page 7 of the

4    transcript where Wachovia sought the amended complaint, Mr.

5    Sweet said and I quote "the only issue with Mr. Graves is we

6    are going to bring him in his official capacity."  That's the

7    only additional thing.  So there's no whole new case, no whole

8    new theories, not even any new issues.  The original issues

9    were direct claims against Delphi, the debtors, the automatic

10   stay applies and they're asserting those same claims this time

11   by an end run around of the automatic stay by asserting them

12   against the individuals.

13           Your Honor, we think that there is a close identity

14   of interest here.  There is an indemnity obligation.  Delphi

15   has been and will continue to, if it's required, advance the

16   defense costs and have an indemnification obligation to Mr.

17   Graves, he is an employee working, acting in the scope of his

18   representations of the debtors.  Article 5.1 of the company

19   bylaws attached to the debtor's response specifically spelled

20   that out.  That bylaw was provided to Wachovia in the state

21   court action, they were aware of that when the automatic stay

22   issue was raised in the state court.

23           I don't believe that an indemnification obligation

24   has to be absolute.  I don't think the case -- some of the case

25   law refers to absolute indemnity obligations.  I don't think

29

1    that the amount of money is the turning point here, Your Honor.

2    Recently Judge Lifland extended the automatic stay to non-

3    debtor third party sureties.  The amount in controversy in that

4    multi billion dollar case was a claim for approximately twenty

5    million dollars.  The claims asserted by Wachovia are

6    approximately 6.8 million dollars.  The Lextron claims say on

7    their face 800 thousand plus consequential damages, I think

8    that falls into the labor source bucket, but easily one could

9    imagine those damages ranging in the ten odd million dollars.

10   So you're in the same realm of the Calpine damages.  More

11   importantly, Your Honor, these are direct claims.  The debtors

12   can't sit idly by and let litigation go forward.  Today we're

13   hearing for the first time, perhaps, in two different courts

14   and face issues of collateral estoppels and evidentiary

15   prejudice.  Those are close issues of identity of interest.

16        Your Honor, we don't think that they've established

17   cause.  We address Sonax, I'm not sure that Sonax would apply.

18   Although, in the case where a creditor is seeking to liquidate

19   an unsecured claim in a foreign court.  But to the extent that

20   Sonax does apply we've listed in our papers and I'm prepared to

21   answer questions why the balance of harm tips decidedly in

22   favor of the debtors in extending the automatic stay.  Wachovia

23   hasn't articulated any reason why there would be prejudice to

24   having the action against Mr. Graves continue stayed.  There

25   would be no evidentiary prejudice.  The indemnity obligation

30

1    continues.  There is no insurance here to defend Mr. Graves as

2    a potential liability.  The relevant Sonax factors that apply

3    to this decision tip decidedly in favor of extending the stay,

4    and maintaining the stay.  We think that's the cause element,

5    the burden that Wachovia carries simply hasn't been satisfied,

6    Your Honor.

7              THE COURT:  Okay.

8              MR. CARSON:  Your Honor, could I briefly respond to

9    some points.

10             THE COURT:  Sure.  That's fine.

11             MR. CARSON:  Starting back, and I'll try to cover all

12   those.  In terms of Mississippi state court's findings.  The

13   findings that I believe Mr. Berger refers to were in connection

14   with refusing to allow a second amendment to the complaint.

15   There certainly has been no finding that Mr. Graves is not

16   personally liable under Mississippi law for tortious acts that

17   he committed within in line and scope of his employment.  We've

18   cited case law to you where that is the law of Mississippi.

19   Again, I'm not really sure that's a fact that is really

20   pertinent to what we're here about today, but for purposes of

21   clearing the record I wanted to do that.

22             THE COURT:  But couldn't the same be said of the

23   other individuals?

24             MR. CARSON:  Meaning?

25             THE COURT:  Couldn't the same point be made of the

31

1    other individuals that Wachovia sought to be named in the

2    second amended complaint?

3              MR. CARSON:  In terms that they could be held

4    personally liable, yes, Your Honor.  I do believe the same can

5    be said.

6              THE COURT:  So that didn't seem to influence the

7    Mississippi court in interpreting the stay.

8              MR. CARSON:  It did not seem to influence Mississippi

9    court in interpreting the stay.  Of course, our contention

10   would be, Your Honor, that's it's really not the Mississippi

11   state court that decides whether the stay should be extended or

12   an injunction imposed.

13             THE COURT:  They're perfectly free to decide that.

14   That's very well established under the law.

15             MR. CARSON:  If you look at Section 105 it talks

16   about this Court having the orders to carry out what is

17   necessary in this case.  And that would be our contention, Your

18   Honor.

19             THE COURT:  Okay.  I think that would be news to a

20   lot of state court judges around the country.  I mean, they

21   could always defer to the bankruptcy courts if they want to,

22   but they don't have to.

23             MR. CARSON:  And I think that's what the Mississippi

24   state court has done with respect to Mr. Graves, and that's why

25   we're here today.  Because Delphi filed a motion to dismiss Mr.

32

1    Graves.  And in connection with that Judge DeLaughter deferred

2    and wanted to wait and see what this court did with respect to

3    the motion that we have pending here this morning and we are

4    arguing.

5              THE COURT:  Well, you beat him to it, right?  Did you

6    beat him to it or was it the other way around?

7              MR. CARSON:  I think that by the time that argument

8    had been -- let me defer.

9              THE COURT:  It's probably not that important.

10             MR. CARSON:  We filed this in response to their

11   motion to dismiss.

12             THE COURT:  Okay.

13             MR. CARSON:  As far as prejudice goes with each

14   passing day are given the reorganization efforts in the

15   automotive industry and Delphi has cited things.  And in

16   particular on the banks side of things, we've already had the

17   original bank go through a merger with Wachovia.  We would say

18   that as time goes on we are prejudiced in our ability to

19   marshall the evidence and witnesses that we need.

20             THE COURT:  But wasn't there a mediation of the

21   Wachovia/Lextron claims?

22             MR. CARSON:  There's been no mediation of the

23   Wachovia/Lextron claims.  There has been a mediation of the

24   claims between Wachovia and Delphi.

25             THE COURT:  But that includes the claim that Lextron

33

1  assigned to Wachovia.

2           MR. CARSON:  In the course of the mediation, Your

3  Honor, certainly there were discussions about the fact that an

4  assignment and the Lextron claims.

5           THE COURT:  Okay.  And that was in connection with

6  the claims filed in the bankruptcy case.

7           MR. CARSON:  That is correct, Your Honor.

8           THE COURT:  Okay.

9           MR. CARSON:  Lastly, I would just point out that Mr.

10  Berger mentioned a case by Judge Lifland.  I believe the case

11  that he's talking about where the stay was extended to the

12  surety was a case where there was concern about assets of the

13  estate being depleted through the surety again.  I would

14  distinguish that by saying the assets of Mr. Graves are not

15  critical to the reorganization efforts of Delphi.  Thank you,

16  Your Honor.

17           THE COURT:  Okay.  I have before me a motion by

18  Wachovia Bank N.A. seeking a declaration that the automatic

19  stay under 11 U.S.C. Section 362 does not apply to or could not

20  be extended to litigation pending in Mississippi state court

21  against an employee of a Delphi entity employee, Mr. Graves.

22  And in the alternative seeking relief from the automatic stay

23  to pursue that litigation to the extent that the stay applies

24  to the litigation against him.  I should note that the

25  litigation was originally commenced against, not Mr. Graves but

34

1    a borrower of Wachovia's successor entity, the borrower's name

2    being Lextron Corporation, as well as numerous Delphi entities.

3           Lextron was a second tier supplier to Delphi and it

4    is alleged that Delphi improperly induced Wachovia to keep

5    lending to Lextron and/or breached a commitment through its

6    business support Lextron.  Since Lextron is in its own

7    bankruptcy and obviously the debtors are in their bankruptcy

8    the litigation is stayed as to them.

9           Shortly before the Delphi companies filed these

10   Chapter 11 cases the plaintiff, now Wachovia, in the

11   Mississippi action sought to amend the complaint to add Mr.

12   Graves as a defendant.  There was a conference in the

13   Mississippi state court in September of 2005, again, before

14   Delphi filed its Chapter 11 case, and the court orally granted

15   Wachovia's motion.  The complaint was amended to add Mr. Graves

16   as a party without any additional allegations particular to Mr.

17   Graves being added as well.  Rather he was added in the list of

18   Delphi defendants and then all of them, including Mr. Graves,

19   were defined as the Delphi entities.

20          It's relevant to quote the section of the transcript

21   in which the state court authorized the amendment of the

22   complaint.  Counsel for the plaintiff, or co-counsel for the

23   plaintiff, Mr. Sweet, stated in the relevant section which

24   appears at page 7, "It's the same exact issues that have been

25   involved in the case.  The only issue with Mr. Graves is we are

35

1   going to bring him in in his official capacity.  That's the

2   only additional thing.  So there is no whole new case, no whole

3   new theories, not even any new issues."

4          Subsequently, after the start of the Delphi Chapter

5   11 case the plaintiff sought to amend the complaint again, in

6   the same manner, to add additional Delphi employees.  And the

7   Mississippi state court determined, as it has the ability under

8   the law to do, that that act of amending the complaint in that

9   manner would constitute a violation of the automatic stay.  As

10  the court found in its order dated, April 7, 2006, Southtrust,

11  and again Wachovia is the successor to Southtrust, "Seeks

12  individual liability against the Delphi employees based solely

13  on alleged acts they performed in their representative capacity

14  and in the course and scope of their employment with Delphi.

15  No allegations in the proposed second amended complaint

16  indicate any basis for liability against the Delphi employees

17  in their individual capacity."

18          The court had an opportunity to extend the same

19  analysis to the litigation against Mr. Graves, actually had two

20  opportunities to do so.  In the first instance, because no

21  actual order had been entered authorizing the amendment of the

22  complaint pre-petition, the court had the opportunity to say

23  that the entry of such an order would violate the stay.

24  Reading between the lines of the most recent order of the

25  Mississippi state court it seems clear to me that given the

36

1    oral ruling it declined to get involved, at that point, in the

2    automatic stay issue, but merely wanted to confirm the earlier

3    ruling by the court to permit amendment.  However, at the same

4    time, the court very clearly protected Delphi and Mr. Graves,

5    as an officer, of Delphi from the potential consequences of

6    breaching the automatic stay because in its order authorizing

7    the amendment of the complaint it stated "it is further ordered

8    and adjudged that in the event the court subsequently

9    determines that any litigation in this cause against Graves,

10   individually, is barred by the stay in Delphi's bankruptcy

11   proceedings, the court will consider upon motion by Graves

12   assessing plaintiff the reasonable expenses including

13   attorney's fees incurred by him in defending the action brought

14   by the plaintiff's amended complaint."  That's from August 23rd

15   of 2006.  Mr. Graves subsequently moved to dismiss, including

16   on this ground that the continued prosecution of litigation

17   against him would violate the automatic stay in Delphi's case.

18   In the meantime before the Mississippi court could rule,

19   however, Wachovia made this motion here.  And given the

20   pendency of this motion, the Mississippi court has held off on

21   its ruling on the motion to dismiss.

22           Wachovia, in essence, argues that because the

23   litigation is not against the debtor, but against a third

24   party, Mr. Graves, the automatic stay in Delphi's Chapter 11

25   case does not apply to him, citing Teachers Insurance and

37

1    Annuity Association of America v. Butler, 803 F.2d 61, 65 (2d

2    Circuit 1986) and other cases dealing with claims against third

3    parties.  That is clearly the case in respect of the plain

4    language of 11 U.S.C. Section 362(a)(1) which precludes the

5    commencement and continuation of proceedings against the debtor

6    that was or could have been commenced before the commencement

7    of the case under this title.

8         I would note, however, that first it is not so clear

9    to me that the plain language of Section 362(a)(3), which bars

10   any act to obtain possession of property of the estate or

11   property from the estate or electricised control over property

12   of the estate, would not apply here.  In any event, the courts

13   throughout the country and in particular in the Second Circuit,

14   have recognized that under proper circumstances the automatic

15   stay does apply to litigation against third parties or in the

16   somewhat confusing parlance of the courts, may be extended to

17   apply to litigation against third parties.  This was most

18   recently articulated, I believe, by the Second Circuit itself

19   in Queenie Ltd. v. Nygard International, 321 F.2d 282 (2d

20   Circuit 2003) in which the Second Circuit noted the

21   circumstances in which the automatic stay in a debtor's Chapter

22   11 case would apply to litigation against a co-defendant.  And

23   listing several circumstances including in particular actions

24   where "There is such identity between the debtor and the third

25   party defendant that the debtor may be said to be the real

38

1   party defendant."  In the Nygard case the court applied Section

2   362(a) in a situation where it concluded that there was such an

3   identity between the debtor and his wholly owned corporation.

4   In doing so the court discussed and distinguished the requested

5   applicability of the automatic stay to guarantors of that debt.

6   Citing a number of cases that I'll get into in a moment.

7          But I'll note that it's holding is clearly consistent

8   with numerous cases that have found that where there is an

9   identity between the debtor and a co-defendant, such that the

10  action against the co-defendant is in essence an action against

11  the debtor, the automatic stay has been found to apply to

12  and/or extended to the co-defendant.  See for example In re

13  North Star Contracting Corporation, 125 B.R. 368 (S.D.N.Y.

14  1991) where the district court found that as the bankruptcy

15  court had found the third party defendant was being sued in his

16  capacity as an officer.  And that consequently given the

17  indemnification between the debtor and the officer, and the

18  capacity under which the officer was being sued, in effect the

19  recovery will come from the debtor, because the debtor is

20  required to indemnify its officers for actions taken in pursuit

21  of their performance as officers and directors of the

22  corporation.  According to Judge Schwartzberg, and of course,

23  the district court affirmed him, this is really indirectly a

24  suit against the debtor which the plaintiff cannot do directly.

25  See also In re Lomas Financial Corporation, 117 B.R. 64

39

1    (S.D.N.Y. 1990) which reached the same result under very

2    similar facts.

3         North Star Contracting distinguished cases, and there

4    have been cases since then that are distinguishable, where

5    instead of suing the co-defendant in his or her representative

6    capacity the litigation raised separate grounds for liability

7    against the third party that would not be subject to

8    indemnification of that party as an officer.  And, of course,

9    under Delaware law and the law of most states, a corporation

10   cannot indemnify or cannot be liable for an indemnity of an

11   officer where he or she is acting outside of the scope of their

12   professional duties.  Such a case was recently decided in the

13   district court in the Plus Funds bankruptcy.  DeSouza v. Plus

14   Funds Group, Inc., 2006 U.S. District Lexus, 53392 (S.D.N.Y.

15   August 1, 2006).  There Judge Casey found that the

16   circumstances for applying the automatic stay to the third

17   party defendants would not lie because those defendants were

18   being sued for alleged acts, not in a representative capacity

19   but for such causes of action as far as a conveyance and

20   conversion.  Therefore, cases like Gray v. Hearst, 230 B.R. 239

21   (S.D.N.Y. 1999) which was a similar fact pattern or applicable

22   as opposed to Lomas and North Star.

23        Judge Casey, in the DeSouza case, says that in the

24   situation where the automatic stay is sought to be applied to

25   an action against a third party or extended to an action

40

1    against a third party, that party bears the burden of showing

2    that the unusual circumstances lie to cause it to be applied.

3    And I believe that's correct.  Although, obviously, the

4    consequences of violating the automatic stay and being wrong as

5    to whether it applies or not still exist.

6            I think that the burden should not be overly

7    emphasized here where the basis for applying this stay is an

8    identity of interest, as opposed to other instances where the

9    automatic stay has been extended based on the unusual

10   circumstances of the effect of the litigation on the debtor's

11   reorganization.  In my view where there is an identity of

12   interest based on Queenie v. Nygard, and Lomas, and North Star,

13   and the like, the debtor does not have to show that the

14   continued prosecution of the litigation would otherwise

15   adversely effect the estate such as by distracting management

16   or potentially imposing a serious monetary burden on the

17   estate.  That is because I don't believe that the Court should

18   consider, where there's an identity of interest, a preliminary

19   injunction type of analysis but simply satisfy itself that

20   there is an identity of interest or not.  Because if the

21   plaintiff is doing indirectly what it can't do directly, I

22   believe 11 U.S.C. Section 362(a)(3) is implicated.

23           So for those reasons I conclude that the stay does

24   apply here.  In essence agreeing with the Mississippi state

25   court's analysis that it applied with respect to the other

41

1   Delphi officers that Wachovia sought unsuccessfully to join in

2   a second amended complaint.  I don't have to conclude whether

3   that ruling by the Mississippi court constitutes and so

4   collateral estoppel or not because I simply agree with it, and

5   apply the same logic here.

6          That leaves the second alternative request for relief

7   raised by Wachovia, which is relief from the stay to pursue to

8   litigation against Mr. Graves in Mississippi state court.

9   Rather than have that litigation continue to be stayed I

10  referred earlier to the Second Circuit's decision in the Sonax

11  case which set forth twelve factors that the Court may consider

12  in connection with requests for relief from the stay to pursue

13  litigation in the non-bankruptcy forum.  Not all of those

14  factors necessarily may be relevant in every case.  What is

15  unusual here, of course, is that the normal choice which is to

16  pursue litigation in state court or alternatively to have the

17  claim be liquidated in the bankruptcy court does not

18  immediately appear on its face here because the request is to

19  pursue litigation only against Mr. Graves, not the debtor.  But

20  I've already ruled that in essence that would be pursuing

21  litigation against Delphi.  And while I note that in Queenie v.

22  Nygard the second circuit said that a concern about collateral

23  estoppel standing on its own does not necessarily justify

24  applying the automatic stay to litigation against a third

25  party, it has also, as set forth in Lomas and Judge Lifland's

42

1    recent Calpine case served as a factor in keeping the stay or

2    applying the stay to third party litigation.  And here it very

3    clearly seems to me to be a case that the real claim is against

4    Delphi and that's a claim that Wachovia has filed here.  So I

5    will apply the Sonax factors because in essence I believe that

6    lifting the stay would make sense only if one lifted it as to

7    all the Delphi defendants.

8            The factors include whether relief would result in a

9    partial or complete resolution of the issues, lack of any

10   connection with or interference with the bankruptcy case,

11   whether the other proceeding involves the debtor as a

12   fiduciary, whether a specialized tribunal with the necessary

13   expertise has been established to hear the cause of action,

14   whether the debtor's insurer has assumed full responsibility

15   for the defense where the action primarily involves third

16   parties, whether litigation in another forum would prejudice

17   the interest of other creditors, whether the judgment claim

18   arising from the other action is subject to equitable

19   subordination, whether the movants' success in the other

20   proceeding would result in a judicial lien avoidable by the

21   debtor in the interest of judicial economy and the expeditious

22   and economical resolution of litigation, whether the parties

23   are ready for trial in the other proceeding and the impact of

24   the stay on the parties and the balance of harms.

25           As I noted, Wachovia has filed a proof of claim in

43

1    connection with these claims in the Delphi cases.  In addition,

2    the other defendant, in essence, the center of the whole case,

3    Lextron, has a claim filed in these cases as well, that it has

4    assigned to Wachovia.  Although, it was stated at argument that

5    Lextron has that claim separately pending in district court,

6    federal district court.  And that Wachovia has not taken over

7    its prosecution.

8           It also seems to me, based on the record before me,

9    which is simply the transcript that I've cited as well as

10   representations of counsel, that while the Mississippi state

11   court litigation did have a tentative trial date and there

12   hadn't been substantial discovery in connection with it, there

13   have not been judicial proceedings beyond this litigation over

14   the stay and the amendment of the complaint.  And there have

15   been attempts in this case or in connection with this case to

16   mediate the claims including the Lextron claim that was

17   assigned.  This litigation is apparently not covered by

18   insurance and I conclude that based on those facts, in the

19   interest of judicial economy would argue for keeping the issues

20   involving the Lextron, Wachovia, Delphi matters here in one

21   central forum where both Lextron's claims and Wachovia's claims

22   are pending.  And that the claim procedures order, particularly

23   since the parties have already conducted extensive discovery

24   and engaged in mediation, would permit if the parties wanted

25   and don't want to pursue further settlement, a prompt

44

1    resolution of the claims against Delphi by both Lextron and

2    Wachovia.  So I'll deny that aspect of the motion as well.

3           Obviously, to the extent that Wachovia would seek

4    only to proceed against Mr. Graves, additional factors would

5    come into play including the fact that he is not the primary

6    defendant that in contrast with the Sonax factor, that looks to

7    whether a third party is a primary defendant here, Delphi would

8    be.  Also it does not appear that he has gotten his own counsel

9    that has delved into the merits as opposed to just this lift

10   stay issue.  But again, I can't imagine ever lifting the stay

11   to let it proceed just against him since Delphi is the real

12   party defendant as between him and Delphi.

13          So Mr. Berger you can submit an order to that effect.

14   You should show it to counsel for Wachovia first.  You don't

15   have to settle it but show it to him and then submit it to

16   chambers.

17          MR. BERGER:  I understand your instructions, Judge.

18   Thank you.

19          THE COURT:  Okay.

20          MR. BUTLER:  Your Honor, the next matter on the

21   agenda, matter number 11, is the debtor's tenth omnibus claims

22   objection.  This is filed at docket number 7300.  This is a

23   procedural objection.  In this procedural objection we've

24   objected to 118 claims.  Of those 118 claims we're seeking to

25   expunge and disallow a 115 proofs of claim asserting

45

1    liquidating damages of approximately 19.4 million dollars which

2    were duplicative of other proofs of claim or have been amended

3    or superseded by later filed claims.  And also three proofs of

4    claims asserting unliquidated claim amounts which were filed by

5    holders in Delphi's common stock.

6           As of April 19, yesterday, preparing for the hearing,

7    there were eight timely filed formal responses to the

8    objection.  Those covered thirteen claims asserting in the

9    aggregate about 12.7 million.  Your Honor, we believe that one

10   of the responses which involved three claims covered by that

11   response involving Contrarian Funds it was resolved on the

12   terms of the objection.  It doesn't really oppose the

13   disallowance of the three of its claims, but asks that we

14   recognize Contrarian's legal beneficial holder of the claims

15   that survived the claims.

16          We have agreed to recognize Contrarian's legal and

17   beneficial holder of the surviving claims and therefore that

18   response has been resolved and we're not seeking to adjourn as

19   to those three claims.

20          THE COURT:  Okay.  Was this an assignment of claim

21   issued?  Did they have to file notice of sale of the claim to

22   them or --

23          MR. BUTLER:  I believe they did that, Your Honor.

24          THE COURT:  They did that.  And there hasn't been an

25   objection by the seller, the assignor?

46

1          MR. BUTLER:  No.

2          THE COURT:  Okay.

3          MR. BUTLER:  And I think, Your Honor, what happened

4    here with Contrarian was they simply wanted that if these three

5    were being wiped out they wanted acknowledgement that we were

6    not going to come back and later raise that issue.

7          THE COURT:  Okay.

8          MR. BUTLER:  And there are -- as to the remaining ten

9    claims covered by the other seven responses that were not

10   resolved we would seek to adjourn those.  We have in our

11   omnibus reply filed yesterday filed a normal chart that we have

12   summarizing all of the matters that would be adjourned.  And,

13   therefore Your Honor, today we seek relief with respect to the

14   uncontested matters, that's a 108 claims asserting liquidated

15   damages of approximately 10.4 million dollars.  And as we

16   indicated in the omnibus reply we filed yesterday, the debtor's

17   have adjourned the hearing with respect to the ten claims

18   covered by the seven responses that have not been resolved.

19         THE COURT:  Okay.  And those will be governed by the

20   claims procedures?

21         MR. BUTLER:  Yes, Your Honor.

22         THE COURT:  All right.  Does anyone want to address

23   the tenth omnibus claim objection?  All right.  Given that the

24   debtors are proceeding only with unopposed objections and based

25   on my review of the motion or the objection, I'll grant that

47

1    relief.

2            MR. BUTLER:   Thank you, Your Honor.   Your Honor, the

3    next matter on the agenda is matter number 12.   This is our

4    eleventh omnibus claims objection, it's at docket number 7301,

5    and this is a substantive objection.   This involves 520 claims

6    and the breakdown is as follows.   We have objected to eight

7    proofs of claim in the aggregate amount of approximately

8    182,000 dollars, which the debtors assert contain insufficient

9    documentation to support those claims.   We've objected to

10   eighty-four proofs of claims in the aggregate amount of

11   approximately nine million dollars, which the debtors assert

12   contain liabilities or dollar amounts that don't match our

13   books and records.   We've objected to nine proofs of claims in

14   the aggregate amount of approximately 236,000 that we asserted

15   were not timely filed pursuant to the bar date order.   And

16   we've objected to 419 proofs of claim in the aggregate amount

17   of approximately 30.5 million that week seek to modify subject

18   to further objection to fully liquidated claims in the

19   aggregate amount of approximately 24.1 million.   We also seek

20   to change the identity of the alleged debtor classification.

21            As this latter group of claims, as Your Honor knows,

22   we have routinely filed in these substantive objections,

23   objections where we believe that we should reduce the amount of

24   the claim giving our right to continue to object later on the

25   merits.   But we've been able to try to reduce the scope of the

48

1    objection, the scope of the claim.  And that's what the

2    objection to the four hundred nineteen proofs of claim are.

3              As of April 19th we have received thirty-three formal

4    responses to this objection.  Twenty-four were entered on the

5    docket.  One was received by the debtors but appears to have

6    been a docketing error.  And we have received additional eight

7    others that were not docketed, which the Court doesn't have but

8    which we have received.  Of those thirty-three responses,

9    twenty-four were timely filed and there were eight that were

10   not timely filed and one subject to a docketing error.  We

11   indicated the breakdown on our omnibus reply.  All tolled these

12   responses cover fifty-four proofs of claim asserting liquidated

13   claims of about five million dollars.

14             There are, Your Honor, among these responses four

15   responses involving four claims that we don't seek to adjourn

16   because we've resolved them.  And I want to summarize for Your

17   Honor, what those are before I go to the unresolved claims.

18   Three of the resolved responses pertain to claims which the

19   debtor seek only to change the identity of alleged debtor.  We

20   don't seek to modify the dollar amount or classification of

21   those claims at this time.  In reading the responses, it was

22   clear the respondents were not understanding that and we have

23   contacted each of those respondents to clarify the scope of the

24   relief, explain the debtors seek to modify at this time, either

25   the amount or the class of the claims, or rather seek only to

49

1    change the identity of the debtor entity and we didn't have any

2    objection to that.  Those three respondents have agreed to the

3    relief that was requested and therefore we consider those to be

4    resolved.

5            The fourth resolved response covers a claim to which

6    the debtors objected on the basis the claimant applied the

7    wrong exchange rate when they converted their claim and the

8    claimant has now agreed with the debtors as to the appropriate

9    exchange rate.  And that response has therefore been resolved.

10           Accordingly, those four responses that I just covered

11   for Your Honor, even though there were objections filed, they

12   should not be adjourned but the relief should be requested as

13   we have laid it out in the order that we have submitted to Your

14   Honor.  With respect to the balance of the claims that have

15   been contested, we would seek to adjourn those.  The

16   uncontested portions for which we seek relief is 470 claims

17   asserting liquidated damages of approximately thirty-five

18   million dollars.  Among these the debtors seek to expunge

19   seventy-eight of these claims with a value of approximately

20   eight million.  And with respect to the 392 remaining claims we

21   have sought to reduce the base amount of those claims from

22   approximately twenty-seven million to approximately twenty-one

23   and a half million dollars.  The actual reduction is closer to

24   about 5.4 million, or otherwise modify the identity of the

25   debtor or the class of the claim.  And Your Honor, as to the

50

1    balance of the claims that are being contested as to all the

2    contested matters, we would adjourn those, Your Honor, and deal

3    with them under the claims procedures order.

4              THE COURT:  Okay.  All right, so you're only going

5    forward, again, in connection with the order you're seeking

6    today on unopposed?

7              MR. BUTLER:  Correct.  Except for the four that I've

8    identified, Your Honor --

9              THE COURT:  Which you've resolved.

10             MR. BUTLER:  -- which we resolved, all the remaining

11   contested but unresolved claims are adjourned under the claims

12   procedures order and we will deal with those and bring them

13   before the Court in connection with the claims procedures

14   order.

15             THE COURT:  All right.  Based on that fact and my

16   review of the omnibus objection, I'll grant the objection as

17   sought.

18             MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

19   remaining item on the calendar, item number 13, is the National

20   Union Fire Insurance Company adversary proceeding.  Mr.

21   Berger's handling that.

22             THE COURT:  Okay.

23             MR. BERGER:  Judge, Neil Berger.  This is the second

24   pre-trial conference for the adversary proceeding commenced by

25   the debtors against National Union Fire concerning coverage

51

1    issues.  When I last appeared before Your Honor I mentioned

2    that there was an ADR provision in this policy.  National

3    Union, I sense, is standing behind me and will confirm that

4    they have pointed to that.  The parties have agreed to go to

5    mediation.  There's a strong desire here, I can speak for the

6    debtors, to try to resolve this quickly.  We'd like to keep

7    this on the calendar so that we can come back to Your Honor and

8    give you status reports.  The time within which National Union

9    may answer the complaint has been extended by stipulation and

10   order, my office will work out a further stipulation to try to

11   get to that mediation and to get to a table quickly.

12              THE COURT:  Okay.  Well, I assume that National Union

13   wants to resolve quickly too, because there are adverse

14   consequences if you improperly deny coverage.  And if the delay

15   causes more adverse consequences then that could be a problem.

16   I'm not saying that you have been improperly denied coverage

17   but I just would assume that the parties would want to resolve

18   this promptly.

19              MR. WILLIG:  Yes, Your Honor.  Good morning.  Stephen

20   Willig of D'Amato & Lynch for National Union.  Indeed we are

21   willing and ready to go forward with mediation.  In fact, we've

22   reached out to insurance counsel as well to get the ball

23   moving.

24              THE COURT:  This is mediation or actually binding --

25              MR. WILLIG:  It's mediation, Your Honor.  The ADR

52

```
1    allows for either arbitration or mediation.

2            THE COURT:  Okay.

3            MR. WILLIG:  Delphi has chosen mediation.  The only

4    issue, Your Honor, is procedurally with regard to this action,

5    we had suggested simply a dismissal without prejudice.  Delphi

6    is not willing to do that.  With regard to putting it back on

7    the calendar in the event mediation is unsuccessful, the ADR

8    provision in the policy does provide for a 120 day waiting

9    period.  We've suggested that to Delphi, I don't think they're

10   willing to agree to that.

11           THE COURT:  I think given the bankruptcy case and the

12   fact that Delphi's out-of-pocket we should probably expedite

13   that.

14           MR. WILLIG:  What would be the order on the record

15   with regard to this proceeding, would it be stayed in the

16   interim?

17           THE COURT:  Well, there'll be no activity in the

18   proceeding during the ADR.  You know, I think that you should

19   notify the Court if the ADR is determined to be unsuccessful

20   and the debtor can then seek to schedule a pre-trial conference

21   where we'll talk about scheduling.  It may be as part of the

22   ADR you may have limited issues, you may have done informal

23   discovery, you know, I just don't know yet how quickly we would

24   proceed after that.  So that's what I would suggest.

25           MR. WILLIG:  And all the parties' rights are reserved
```

53

1    under the policy in the meantime.

2              THE COURT:  Yes.  Sure.

3              MR. WILLIG:  Okay.  Thank you, Your Honor.

4              THE COURT:  Okay.

5              MR. BUTLER:  Your Honor, that concludes the calendar

6    for the April omnibus hearing.  We will be back this afternoon

7    at --

8              THE COURT:  Was that at 2?

9              MR. BUTLER:  -- 2 o'clock for a chambers conference.

10             THE COURT:  Okay.  All right.  Thank you.

11             MR. BUTLER:  Thank you, Your Honor.

12         (Proceedings concluded at 11:25 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

54

1

2                              **I N D E X**

3

4                                RULINGS

5                                    Page      Line

6    Motion to Enter into          13        22

7    Maintenance and Support

8    Agreement Granted

9    Finance Outsourcing           16        3

10   Motion Granted

11   Motions to Extend             17        21

12   Deadlines Granted

13   Motion to Lift Stay in        44        2

14   Graves Matter Denied

15   Relief Granted in             46        25

16   Tenth Omnibus

17   Claims Objection

18   Eleventh Omnibus Claims       50        16

19   Objection Granted as

20   Sought

21

22

23

24

25

55

1

2                        C E R T I F I C A T I O N

3

4    I, Esther Accardi, court approved transcriber, certify that the

5    foregoing is a correct transcript from the official electronic

6    sound recording of the proceedings in the above-entitled

7    matter.

8

9    _____ April 23, 2007_____

10   Signature of Transcriber                    Date

11

12   Esther Accardi _____

13   typed or printed name

14

15

16

17

18

19

20

21

22

23

24

25

## A

**AA** 20:22
**ability** 17:23 20:20
  21:4 32:18 35:7
**able** 11:23 19:9
  47:25
**above-entitled** 55:6
**absolute** 20:15
  28:24,25
**absolutely** 25:25
**abstain** 9:25
**abstention** 3:22 9:19
  9:25
**Accardi** 4:24 55:4
  55:12
**accounts** 14:5,5
  15:19
**acknowledged** 12:15
**acknowledgement**
  46:5
**act** 35:8 37:10
**acting** 24:18,24
  27:11 28:17 39:11
**action** 17:9 21:3,20
  22:1 28:21 29:24
  34:11 36:13 38:10
  38:10 39:19,25,25
  42:13,15,18 52:4
**actions** 3:17 17:25
  26:11 37:23 38:20
**activity** 52:17
**acts** 26:25 30:16
  35:13 39:18
**actual** 2:14 9:12
  15:18 35:21 49:23
**add** 22:15 25:6,7
  26:6,14 27:7 34:11
  34:15 35:6
**added** 22:17 27:5
  34:17,17
**addition** 43:1
**additional** 11:22
  12:11 15:4 19:18
  28:7 34:16 35:2,6
  44:4 48:6
**address** 13:2 15:16

17:12 26:1 29:17
  46:22
**addressing** 27:19,24
**adjourn** 9:15 45:18
  46:10 48:15 49:15
  50:2
**adjourned** 8:16,19
  46:12,17 49:12
  50:11
**adjournment** 4:10
  10:6
**adjudged** 36:8
**adjudicate** 18:13
**adjudication** 24:3
**admin** 13:18
**administration** 14:7
**administrative** 8:21
  9:10 15:20,23
**ADP** 4:1
**ADR** 51:2,25 52:7
  52:18,19,22
**advance** 10:8 28:15
**adversary** 19:20,22
  50:20,24
**adverse** 51:13,15
**adversely** 40:15
**affirmed** 38:23
**afternoon** 53:6
**agenda** 8:6,8,12
  10:12 16:8 18:4
  44:21 47:3
**agent** 9:11
**aggregate** 45:9 47:7
  47:10,14,16,19
**ago** 28:2
**agree** 41:4 52:10
**agreed** 9:2,15 10:6
  18:2,9 45:16 49:2
  49:8 51:4
**agreeing** 40:24
**agreement** 3:8 8:15
  9:14 10:13,23 11:2
  11:4,9,17 12:9,14
  13:12,20,20 14:3,8
  14:10,25 15:9
  18:10 54:8

**agreements** 3:3
  10:21,22 11:14,16
  12:8,9 13:7 15:10
**ahead** 22:5,9
**al** 1:8 2:18
**Alabama** 6:4
**allegations** 24:23
  26:8,8,16,20 27:2
  27:12 34:16 35:15
**alleged** 8:22 26:20
  34:4 35:13 39:18
  47:20 48:19
**allegedly** 24:19
**allow** 10:1 19:7
  30:14
**allowance** 8:20,22
**allowed** 20:6
**allowing** 9:10 24:1
**allows** 16:17 22:22
  52:1
**alternative** 21:24
  33:22 41:6
**alternatively** 41:16
**amend** 25:6 26:14
  34:11 35:5
**amended** 2:3 25:10
  25:16,20 26:6,13
  26:19,24 28:4 31:2
  34:15 35:15 36:14
  41:2 45:2
**amending** 12:13
  35:8
**amendment** 11:1,6
  12:11 30:14 34:21
  35:21 36:3,7 43:14
**America** 3:22 4:1
  37:1
**Americas** 7:10
**amount** 8:20 11:19
  21:3 29:1,3 47:7
  47:10,14,16,19,23
  48:20,25 49:21
**amounts** 45:4 47:12
**analysis** 35:19 40:19
  40:25
**Andy** 18:18

**and/or** 34:5 38:12
**announced** 26:2
**Annuity** 37:1
**answer** 29:21 51:9
**APD** 3:22
**apparently** 43:17
**appear** 41:18 44:8
**appeared** 51:1
**appears** 34:24 48:5
**applicability** 38:5
**applicable** 4:4 39:21
**application** 2:13,20
  3:3 10:13,21,22
  11:17 12:16 25:8
  26:4,24 27:6
**applied** 38:1 39:24
  40:2,25 49:6
**applies** 27:3,9 28:10
  33:23 40:5
**apply** 25:24 29:17
  29:20 30:2 33:19
  36:25 37:12,15,17
  37:22 38:11 40:24
  41:5 42:5
**applying** 39:16 40:7
  41:24 42:2
**approaching** 10:19
**appropriate** 49:8
**approval** 10:12
**approve** 13:22
**approved** 55:4
**approximately** 9:23
  12:1 16:12 29:4,6
  45:1 46:15 47:7,11
  47:14,17,19 49:17
  49:19,22,22
**April** 1:18 8:6 35:10
  45:6 48:3 53:6
  55:9
**arbitration** 52:1
**areas** 15:3,3
**argue** 20:10 43:19
**argues** 36:22
**arguing** 32:4
**argument** 18:11
  21:17 22:1,10 32:7

43:4

**arguments** 20:1
**arises** 19:11
**arising** 42:18
**Arps** 5:2,9 8:5
**arrangement** 11:10 12:7
**Article** 28:18
**articulated** 29:23 37:18
**asbestos** 20:22
**asked** 10:5
**asking** 9:25 16:9 23:6 24:6
**asks** 25:20 45:13
**aspect** 21:24 44:2
**aspects** 11:20
**assert** 27:23 47:8,11
**asserted** 27:10 29:5 47:14
**asserting** 28:10,11 44:25 45:4,8 46:14 48:12 49:17
**assertions** 22:16 24:22
**asserts** 27:14
**assessing** 36:12
**assets** 14:6 33:12,14
**assigned** 23:3,11 33:1 43:4,17
**assignment** 23:13 33:4 45:20
**assignor** 45:25
**Association** 4:8 37:1
**assume** 3:12 17:23 21:23 51:12,17
**assumed** 42:14
**ATEL** 8:19,22
**attached** 24:12 28:19
**attempts** 43:15
**Attorneys** 5:3,10,18 6:2,10,17 7:2,9
**attorney's** 36:13
**August** 25:11 36:14 39:15

**authority** 11:14
**Authorize** 3:1,6
**authorized** 11:4 34:21
**authorizing** 3:2,7 35:21 36:6
**automatic** 3:23 9:19 17:8 21:25 25:24 26:3 27:3,9,15,19 28:9,11,21 29:2,22 33:18,22 35:9 36:2 36:6,17,24 37:14 37:21 38:5,11 39:16,24 40:4,9 41:24
**automotive** 32:15
**available** 15:15
**Avenue** 6:11 7:3,10
**avoid** 25:16
**avoidable** 42:20
**awarded** 11:8
**awarding** 12:14
**aware** 10:17 11:11 17:19 27:23 28:21
**a.m** 1:19 53:12

## B

**b** 1:21 2:4,9 3:23
**back** 13:18 15:4 16:14 30:11 46:6 51:7 52:6 53:6
**balance** 29:21 42:24 49:14 50:1
**ball** 51:22
**bank** 4:8 6:2 9:8 32:17 33:18
**Bankr** 2:3,8 3:2,7,18
**bankruptcy** 1:2,14 1:23 3:24 20:5 22:25 25:5 31:21 33:6 34:7,7 36:10 38:14 39:13 41:17 42:10 52:11
**banks** 32:16
**Bank's** 18:5
**bar** 47:15

**barred** 36:10
**bars** 37:9
**base** 49:21
**based** 8:22 18:23 27:2,12 35:12 40:9 40:12 43:8,18 46:24 50:15
**basic** 20:1
**basically** 11:15
**basis** 11:8,23 15:8 27:1 35:16 40:7 49:6
**bears** 19:19 40:1
**beat** 32:5,6
**behalf** 3:4,9,14,19 4:1,7 24:22
**belief** 8:25
**believe** 13:21 17:17 20:18 23:9 28:23 30:13 31:4 33:10 37:18 40:3,17,22 42:5 45:9,23 47:23
**beneficial** 45:14,17
**Berger** 5:22 9:5,6,6 9:18 18:6,8,8,22 22:13 23:23,23 24:8,11 25:25 30:13 33:10 44:13 44:17 50:23,23
**Berger's** 50:21
**best** 22:19
**beyond** 43:13
**bid** 11:7
**billion** 10:19 29:4
**binding** 51:24
**Birmingham** 6:4
**books** 2:9 47:13
**borne** 14:17
**borrower** 34:1
**borrower's** 34:1
**Bowling** 1:15
**branch** 9:9
**breached** 34:5
**breaching** 36:6
**breakdown** 47:6 48:11

**briefly** 30:8
**bring** 28:6 35:1 50:12
**broad** 11:15
**brought** 27:22 36:13
**bucket** 29:8
**burden** 30:5 40:1,6 40:16
**BURR** 6:1
**business** 10:15 12:14 13:1 15:8 16:18 24:16 34:6
**Butler** 3:4,8,13,19 5:7 8:3,3,11,18 9:4 10:11 13:5,21,24 15:21 16:4 17:17 18:1 37:1 44:20 45:23 46:1,3,8,21 47:2 50:7,10,18 53:5,9,11
**bylaw** 28:20
**bylaws** 28:19
**B.R** 38:13,25 39:20

## C

**c** 2:10 3:24 5:1 8:1 55:2,2
**calendar** 9:8 50:19 51:7 52:7 53:5
**call** 26:4
**called** 8:13
**calls** 17:11
**Calpine** 29:10 42:1
**capacity** 26:9 27:1 27:11 28:6 35:1,13 35:17 38:16,18 39:6,18
**carries** 30:5
**carry** 9:16 31:16
**carrying** 24:16
**Carson** 6:6 18:9,16 18:16,23 19:1 21:21 22:3,10 23:5 23:12,18,22 30:8 30:11,24 31:3,8,15 31:23 32:7,10,13

32:22 33:2,7,9
**case** 1:4 12:19,25
  16:11 20:6,10,23
  20:23 21:1,5,8,12
  22:19 23:8 28:7,24
  28:24 29:4,18
  30:18 31:17 33:6
  33:10,10,12 34:14
  34:25 35:2,5 36:17
  36:25 37:3,7,22
  38:1 39:12,23
  41:11,14 42:1,3,10
  43:2,15,15 52:11
**cases** 20:21,22,25
  21:1 22:22 34:10
  37:2 38:6,8 39:3,4
  39:20 43:1,3
**Casey** 39:15,23
**cause** 16:25 17:24
  29:17 30:4 36:9
  40:2 42:13
**causes** 39:19 51:15
**cede** 18:7
**center** 24:20 43:2
**central** 43:21
**certain** 2:3,8,16 14:5
  16:22
**certainly** 30:15 33:3
**certify** 55:4
**CFC** 11:8
**chain** 10:25
**chambers** 44:16
  53:9
**change** 47:20 48:19
  49:1
**changed** 26:19
**Chapter** 34:10,14
  35:4 36:24 37:21
**charges** 12:11
**chart** 46:11
**Chicago** 5:5
**chief** 15:5
**choice** 41:15
**chosen** 23:14 52:3
**Chris** 18:9,16
**CHRISTOPHER**

6:6
**chronology** 27:4
**circuit** 4:6 23:24
  37:2,13,18,20,20
  41:22
**Circuit's** 41:10
**circumstances**
  37:14,21,23 39:16
  40:2,10
**cite** 22:13 25:13
**cited** 20:23 30:18
  32:15 43:9
**citing** 36:25 38:6
**claim** 3:25 8:22 9:10
  9:20,21,22,24,25
  10:1 13:18 18:12
  23:2,10 24:2,4,12
  29:4,19 32:25
  41:17 42:3,4,17,25
  43:3,5,16,22 44:25
  45:2,4,20,21 46:23
  47:7,16,24 48:1,2
  48:12 49:5,7,25
**claimant** 49:6,8
**claimants** 8:21
**claims** 2:3,4,4,9,9,10
  2:10,11 8:12 12:6
  12:7 13:8,10,13
  14:20,22 18:12
  19:8 27:10,10 28:1
  28:9,10 29:5,6,11
  32:21,23,24 33:4,6
  37:2 43:1,16,21,21
  44:1,21,24,24 45:3
  45:4,8,10,13,14,15
  45:17,19 46:9,14
  46:17,20 47:4,5,9
  47:10,13,18,21
  48:13,15,17,18,21
  48:25 49:14,16,19
  49:20,21 50:1,3,11
  50:11,13 54:17,18
**Claim(s)** 2:1,6
**clam** 18:14
**clarification** 13:6
**clarify** 48:23

**class** 48:25 49:25
**classification** 47:20
  48:20
**clear** 19:2,2 21:8
  25:22,23 27:8
  35:25 37:8 48:22
**clearing** 30:21
**clearly** 20:25 36:4
  37:3 38:7 42:3
**close** 20:13 28:13
  29:15
**closer** 49:23
**code** 3:24 24:2
**collateral** 20:5 21:6
  21:8 29:14 41:4,22
**colleague** 18:17
**come** 13:9 16:21,24
  38:19 44:5 46:6
  51:7
**commenced** 33:25
  37:6 50:24
**commencement**
  37:5,6
**comments** 24:3
**commercial** 10:25
**commitment** 34:5
**committed** 30:17
**committee** 6:10 8:12
  12:18 14:10 15:11
  16:20
**committees** 8:14
  13:16 16:1
**common** 45:5
**companies** 34:9
**company** 4:2,11
  10:20 13:7 14:2
  15:1,3,24 16:17
  18:6 28:18 50:20
**company's** 10:17
  15:7 17:10,13 21:4
**compelling** 12:25
**Compensation** 2:13
**competitive** 11:12
  11:23
**competitively** 11:7
  11:21

**complaint** 24:11
  25:4,6,10,16,18,20
  26:6,13,14,17,19
  26:24 28:4 30:14
  31:2 34:11,15,22
  35:5,8,15,22 36:7
  36:14 41:2 43:14
  51:9
**complete** 42:9
**completes** 18:2
  21:16
**Compliance** 2:16
**comports** 13:19
**comprised** 10:22
**Computer** 10:24
**concept** 27:18
**concern** 33:12 41:22
**concerned** 24:21
  25:22
**concerning** 26:3
  50:25
**concerns** 9:10 21:6,8
**conclude** 40:23 41:2
  43:18
**concluded** 38:2
  53:12
**concludes** 53:5
**conduct** 24:21 26:8
  26:20,20
**conducted** 43:23
**conference** 34:12
  50:24 52:20 53:9
**confirm** 18:10 36:2
  51:3
**confusing** 37:16
**congressional** 23:25
**connection** 12:6
  14:16 15:19,21
  16:16 18:6 30:13
  32:1 33:5 41:12
  42:10 43:1,12,15
  50:5,13
**consensually** 8:25
**consequences** 36:5
  40:4 51:14,15
**consequential** 29:7

consequently 38:16
consider 9:22 10:3
  26:2,3 36:11 40:18
  41:11 49:3
consistent 17:10
  38:7
constitute 35:9
constitutes 41:3
Consulting 2:17
contacted 48:23
contain 47:8,12
contention 31:9,17
contested 18:3 49:15
  50:1,2,11
continuation 37:5
continue 8:24 9:1
  15:2 28:15 29:24
  41:9 47:24
continued 36:16
  40:14
continues 30:1
contract 11:19 12:3
  12:10,19,20 14:7
Contracting 38:13
  39:3
contracts 15:22
Contrarian 45:11
  46:4
Contrarian's 45:14
  45:16
contrary 22:15,20
  24:22
contrast 44:6
control 37:11
controversy 29:3
conversion 39:20
converted 49:7
conveyance 39:19
copy 14:9 26:18
corporate 15:2
  24:14,18 26:7,22
corporation 1:8
  2:18 3:4,9,14,19
  4:11 5:10 8:2,5,19
  10:24 11:3 12:23
  34:2 38:3,13,22,25

39:9
corporations 24:17
correct 17:22 25:25
  33:7 40:3 50:7
  55:5
cost 11:16,21 14:13
costs 12:1 14:15,16
  26:4 28:16
counsel 18:7 21:19
  21:22 34:22 43:10
  44:8,14 51:22
country 31:20 37:13
County 4:7
couple 21:18
course 16:19 26:21
  31:9 33:2 35:14
  38:22 39:8 41:15
court 1:2,14 4:6 8:2
  8:7,10,17 9:3,17
  9:22,25 10:2,10,21
  11:5,14 13:2,9,12
  13:15,22 15:4,14
  15:16,25 16:5,9,21
  16:24 17:9,15,19
  18:15,19,25 19:4,5
  19:7,8,15,18,21
  20:5,6,19 21:18,23
  22:4,12,19,23 23:2
  23:9,10,16,21 24:6
  24:10,13 25:6,8,10
  25:12,14,21 26:2
  26:23,25 27:6,8,16
  27:18,20,21,23
  28:3,21,22 29:19
  30:7,10,22,25 31:6
  31:7,9,11,13,16,19
  31:20,24 32:2,5,9
  32:12,20,25 33:5,8
  33:17,20 34:13,14
  34:21 35:7,10,18
  35:22,25 36:3,4,8
  36:11,18,20 38:1,4
  38:14,15,23 39:13
  40:17 41:3,8,11,16
  41:17 43:5,6,11
  44:19 45:20,24

46:2,7,19,22 48:7
  50:4,9,13,15,22
  51:12,24 52:2,11
  52:17,19 53:2,4,8
  53:10 55:4
courtroom 15:6
  18:18
courts 23:17,20,24
  29:13 31:21 37:12
  37:16
court's 30:12 40:25
cover 30:11 48:12
coverage 50:25
  51:14,16
covered 43:17 45:8
  45:10 46:9,18
  49:10
covers 49:5
co-counsel 34:22
co-defendant 37:22
  38:9,10,12 39:5
credit 15:18
creditor 29:18
creditors 6:10 8:12
  12:18 14:10 15:10
  16:19 24:1 42:17
critical 33:15
CSC 12:6
current 17:11

_____
                D
D 1:22 2:10 6:6,7 8:1
  54:2
damages 29:7,9,10
  45:1 46:15 49:17
Data 11:2
date 16:11 22:24
  43:11 47:15 55:10
dated 35:10
day 32:14 52:8
days 17:7 22:22
deadline 3:12 16:7,8
  17:5
deadlines 17:10
  54:12
deal 11:9 15:22 50:2

50:12
dealing 10:15 16:12
  37:2
deals 11:6
debt 38:5
debtor 1:10 5:3,18
  12:2 14:17,18
  18:14 19:4 24:15
  24:15 26:10 29:3
  36:23 37:5,24,25
  38:3,9,11,17,19,19
  38:24 40:13 41:19
  42:11,21 47:20
  48:19,19 49:1,25
  52:20
debtors 2:1,6,9 3:2,7
  3:17 14:22 15:8
  18:9 23:23,25
  24:25 27:12 28:9
  28:18 29:11,22
  34:7 46:24 47:8,11
  48:5,24 49:6,8,18
  50:25 51:6
debtor's 9:21,22
  10:12,16 12:25
  14:5 15:8 23:3
  27:7 28:19 37:21
  40:10 42:14 44:21
  46:16
decide 31:13
decided 22:19 39:12
decidedly 29:21
  30:3
decides 31:11
decision 30:3 41:10
declaration 19:5
  33:18
declined 36:1
deduce 11:20
defend 30:1
defendant 19:10
  22:18 27:5 34:12
  37:25 38:1,15 43:2
  44:6,7,12
defendants 24:13
  26:7 27:7 34:18

39:17,17 42:7
**defendant's** 26:11
**defending** 20:9
 36:13
**defense** 28:16 42:15
**defenses** 8:12
**defer** 31:21 32:8
**deferred** 32:1
**deficiency** 25:12
**defined** 34:19
**definition** 26:7
**DeLaughter** 22:22
 32:1
**Delaware** 39:9
**delay** 51:14
**Delcom** 20:23
**Delphi** 1:8 2:17 3:4
 3:9,14,19 4:5,10
 5:10 8:2,5 12:23
 14:3 19:11 20:2,19
 20:23 21:15 22:5,8
 22:9 23:8 24:13,13
 24:18 25:2,4,24
 26:7,10,16,21 27:3
 27:10 28:1,9,14
 31:25 32:15,24
 33:15,21 34:2,3,4
 34:9,14,18,19 35:4
 35:6,12,14,16 36:4
 36:5 41:1,21 42:4
 42:7 43:1,20 44:1
 44:7,11,12 52:3,5
 52:9
**Delphi's** 19:21 20:7
 20:20 21:7,12
 24:11 36:10,17,24
 45:5 52:12
**delved** 44:9
**denied** 19:24 26:24
 27:13 51:16 54:14
**deny** 44:2 51:14
**depleted** 33:13
**describes** 24:18
**desire** 51:5
**DeSouza** 39:13,23
**detailed** 15:1

**determine** 18:13
**determined** 35:7
 52:19
**determines** 36:9
**Devin** 26:15
**devote** 20:8
**DiConza** 4:1
**different** 9:12 17:6
 29:13
**DIP** 13:19,20
**direct** 24:4 27:10
 28:9 29:11
**directly** 38:24 40:21
**director** 12:22 25:2
**directors** 38:21
**disagree** 20:12
**disallow** 44:25
**disallowance** 45:13
**disclosed** 11:19
**disclosing** 11:23
**discovery** 22:23
 43:12,23 52:23
**discussed** 38:4
**discussions** 33:3
**dismiss** 31:25 32:11
 36:15,21
**dismissal** 52:5
**distinguish** 33:14
**distinguishable** 39:4
**distinguished** 38:4
 39:3
**distracting** 40:15
**district** 1:3 4:6
 38:14,23 39:13,14
 43:5,6
**docket** 8:13,14,19
 8:21 10:14 11:5
 14:1 16:7,9,23
 18:2,5 44:22 47:4
 48:5
**docketed** 48:7
**docketing** 48:6,10
**documentation** 47:9
**Documented** 2:9
**documenting** 11:10
**doing** 38:4 40:21

**dollar** 9:21 29:4
 47:12 48:20
**dollars** 9:23 10:19
 11:18,25 12:1,5
 14:14,15,20 19:12
 29:5,6,9 45:1
 46:15 47:8,11
 48:13 49:18,23
**DRAIN** 1:22
**Drive** 5:4
**Duplicate** 2:3
**duplicative** 45:2
**duties** 39:12
**D'Amato** 6:16 51:20

---

**E**

**E** 1:21,21 5:1,1 8:1,1
 54:2 55:2
**earlier** 11:4 26:23
 36:2 41:10
**easily** 29:8
**economical** 42:22
**economy** 25:15
 42:21 43:19
**EDS** 7:9 11:4,8,9
 12:9,11 13:5,6
**effect** 21:12 38:18
 40:10,15 44:13
**effort** 14:1 21:12
**efforts** 20:7 32:14
 33:15
**eight** 45:7 47:6 48:6
 48:9 49:20
**eighty** 16:12
**eighty-eight** 14:14
**eighty-four** 47:10
**either** 48:24 52:1
**Electric** 3:21,22 4:1
 4:2 9:18
**electricised** 37:11
**electronic** 11:2 55:5
**element** 30:4
**eleventh** 2:6,11 47:4
 54:18
**embrace** 24:4
**embraced** 27:18

**emergence** 17:13
**emphasized** 40:7
**employee** 4:5 24:24
 26:9 28:17 33:21
 33:21
**employees** 24:17
 26:16,21,25 27:3
 35:6,12,16
**employment** 30:17
 35:14
**engaged** 43:24
**engineering** 11:3
**enter** 3:2,7 10:12
 54:6
**entered** 16:17 25:13
 27:18 35:21 48:4
**entities** 12:2 14:17
 14:18 19:4 24:14
 24:18 26:7 34:2,19
**entitled** 20:3,17
**entity** 26:22 33:21
 34:1 49:1
**entry** 10:5 17:7
 35:23
**equipment** 8:23
**equitable** 42:18
**equity** 2:4 8:14
**error** 48:6,10
**ESQ** 5:7,14,15,22,23
 6:6,7,14,21 7:6,13
**essence** 22:4,8 36:22
 38:10 40:24 41:20
 42:5 43:2
**essentially** 11:8
 12:13 15:23 16:18
**established** 29:16
 31:14 42:13
**estate** 16:18,21
 33:13 37:10,11,12
 40:15,17
**estates** 23:25
**Esther** 4:24 55:4,12
**estimate** 14:16
**estimated** 14:18
**estoppel** 20:5 21:6,8
 41:4,23

estoppels 29:14
et 1:8 2:18
Europe 14:23
event 36:8 37:12
    52:7
eventually 14:24
Everett 26:15
evidence 32:19
evidentiary 29:14
    29:25
ex 8:14
exact 34:24
examination 15:1
examine 15:2
examined 15:11
example 38:12
exchange 49:7,9
exclusivity 17:11
exercising 12:25
exhibit 24:11 25:14
    25:19 26:5,12
exist 40:5
expect 15:2,4 23:7
expedite 52:12
expeditious 42:21
expense 9:10 14:6
expenses 2:15 36:12
expertise 42:13
explain 15:8 48:24
explanatory 17:21
expressly 24:2 25:14
expunge 44:25
    49:18
extend 3:11,16,16
    16:10 17:25 21:25
    22:7 35:18 54:11
extended 19:6,17
    20:1,2 27:21 29:2
    31:11 33:11,20
    37:16 38:12 39:25
    40:9 51:9
extending 3:12 21:9
    29:22 30:3
extension 16:7,8
    17:5,24
extensive 43:23

extent 19:18 29:19
    33:23 44:3

―――――
F
―――――

F 1:21 6:21 55:2
face 29:7,14 41:18
fact 12:20 16:15
    19:14 20:6 30:19
    33:3 39:21 44:5
    50:15 51:21 52:12
factor 42:1 44:6
factoring 15:18
factors 22:14 30:2
    41:11,14 42:5,8
    44:4
facts 19:18 22:14
    39:2 43:18
falls 29:8
far 23:14 24:21
    32:13 39:19
favor 20:4 29:22
    30:3
Fed 2:2,8 3:2,7,18
federal 23:9 43:6
Fee 2:20
feels 19:18
fees 36:13
fiduciary 42:12
Fifth 7:3
fifty-four 48:12
file 45:21
filed 2:20 3:3,8,13
    3:18,25 4:7 8:6
    9:21 11:14 14:7
    15:12 16:23 17:2
    24:12 25:4,17
    31:25 32:10 33:6
    34:9,14 42:4,25
    43:3 44:22 45:3,4
    45:7 46:11,11,16
    47:15,22 48:9,10
    49:11
filing 17:11
finance 3:8 13:25
    54:9
financial 2:16 12:19

15:3 38:25
financially 20:21
financing 14:3
find 21:25 22:6
finding 30:15
findings 30:12,13
fine 8:10 9:17 10:10
    30:10
Fire 4:11 6:17 50:20
    50:25
first 2:13 10:23 16:5
    18:4 19:1 29:13
    35:20 37:8 44:14
five 11:25 48:13
fixed 14:6
flip 21:1
FLOM 5:2,9
follow 23:5
follows 47:6
foregoing 55:5
foreign 29:19
formal 45:7 48:3
FORMAN 6:1
forth 12:24 18:20
    41:11,25
forum 41:13 42:16
    43:21
forward 15:5,9,12
    16:20 17:14 22:2,4
    29:12 50:5 51:21
found 26:25 35:10
    38:8,11,14,15
    39:15
four 5:11 20:1 48:2
    48:14,15 49:10
    50:7
fourth 49:5
framework 17:14
FRANKEL 7:8
frankly 19:5
free 31:13
frustrated 24:1
full 16:3 42:14
fully 12:15 47:18
function 12:17
functions 15:23,23

24:16
Funds 39:13,14
    45:11
further 3:12,16 36:7
    43:25 47:18 51:10
Furukawa 3:21,22
    4:1,2 9:18,21 10:1
    10:2
future 13:9
F.2d 37:1,19

―――――
G
―――――

G 8:1
gather 18:19
general 2:17 7:2
    11:16 14:6
Genpact 14:4,21
Gerard 3:25
give 51:8
given 32:14 35:25
    36:19 38:16 46:23
    52:11
giving 47:24
global 12:16 15:1
    25:1
GM 8:12
go 22:2,4,5 24:8
    29:12 32:17 48:17
    51:4,21
goes 32:13,18
going 12:12 18:20
    22:9,24 26:1 28:6
    35:1 46:6 50:4
good 8:3 9:6 18:16
    51:19
GOTSHAL 7:1
gotten 44:8
governed 46:19
grant 16:3 17:21,24
    46:25 50:16
granted 17:9 25:8
    27:6 34:14 54:8,10
    54:12,15,19
granting 25:9
Graves 4:5 19:6,10
    20:3,4,7,10,16,19

21:11,14 22:6,8,14
22:17 24:19,24
25:7,24 26:6 27:5
27:17,21 28:5,17
29:24 30:1,15
31:24 32:1 33:14
33:21,25 34:12,15
34:17,18,25 35:19
36:4,9,11,15,24
41:8,19 44:4 54:14
**Gray** 39:20
**great** 21:3
**Green** 1:15
**ground** 36:16
**grounds** 39:6
**group** 39:14 47:21
**GSM** 25:2
**guarantors** 38:5
**guess** 13:18 19:1
20:9

**H**

**half** 10:19 25:3
49:23
**Hall** 4:7
**hampered** 20:8
**handled** 9:5
**handling** 50:21
**happened** 46:3
**harm** 29:21
**harms** 42:24
**hear** 15:14 16:2
42:13
**hearing** 2:20 3:25
4:10 8:6,16 9:1,16
10:3,5,8 18:3
22:17,23,25 25:17
29:13 45:6 46:17
53:6
**Hearst** 39:20
**held** 31:3 36:20
**hindered** 20:8
**Hinds** 4:6
**hold** 14:21
**holder** 45:14,17
**holders** 45:5

**holding** 38:7
**HON** 1:22
**honest** 23:18
**Honor** 8:3,6,11,18
9:4,7,15,20 10:11
10:14,17 11:11
12:4,23 13:4,14,21
13:24,24 14:12,19
16:4,4 17:10,18
18:1,1,8,10,16,24
19:1,9 20:1,12
21:11,16,21 22:11
23:6,12,18,24 24:9
25:19,25 26:5,12
26:17,23 27:4,14
27:24 28:1,13 29:1
29:11,16 30:6,8
31:4,10,18 33:3,7
33:16 44:20 45:9
45:23 46:3,13,21
47:2,2,21 48:14,17
49:11,14,25 50:2,8
50:18,18 51:1,7,19
51:25 52:4 53:3,5
53:11
**Honor's** 16:17 22:16
24:3
**hundred** 48:2
**hundreds** 20:24
**hypothetical** 24:7

**I**

**identified** 50:8
**identity** 22:8 27:25
28:13 29:15 37:24
38:3,9 40:8,11,18
40:20 47:20 48:19
49:1,24
**idly** 29:12
**Illinois** 5:5
**imagine** 29:9 44:10
**immediately** 41:18
**impact** 23:7 42:23
**impacted** 14:24
**implementation**
14:24

**implemented** 12:16
**implicated** 40:22
**important** 32:9
**importantly** 29:11
**imposed** 19:7 31:12
**imposing** 21:10
40:16
**improperly** 34:4
51:14,16
**include** 42:8
**includes** 32:25
**including** 34:18
36:12,15 37:23
43:16 44:5
**incorporated** 27:17
**incurred** 2:15 36:13
**indemnification**
20:3,13 21:3 28:16
28:23 38:17 39:8
**indemnified** 21:2
**indemnify** 20:20
38:20 39:10
**indemnity** 20:15
28:14,25 29:25
39:10
**independent** 24:23
**indicate** 35:16
**indicated** 46:16
48:11
**indirectly** 24:2
38:23 40:21
**individual** 19:10
21:13 22:15 25:7
27:2 35:12,17
**individually** 36:10
**individuals** 21:2
24:14 26:20 27:11
28:12 30:23 31:1
**induced** 34:4
**industry** 32:15
**influence** 31:6,8
**informal** 52:22
**information** 11:12
11:24
**initial** 19:14
**injunction** 19:7,17

**implemented** 12:16
21:10 31:12 40:19
**instance** 35:20
**instances** 16:9 40:8
**instituted** 19:20,21
**instructions** 44:17
**insufficient** 47:8
**Insufficiently** 2:8
**insurance** 4:11 30:1
36:25 43:18 50:20
51:22
**insurer** 42:14
**intent** 23:25
**intercompany** 13:19
**interest** 22:8 23:15
25:13,15 27:25
28:14 29:15 40:8
40:12,18,20 42:17
42:21 43:19
**interference** 42:10
**interim** 2:13,20
52:16
**International** 14:4
37:19
**interpreting** 31:7,9
**inuring** 13:1
**involved** 9:14 34:25
36:1 45:10
**involves** 42:11,15
47:5
**involving** 43:20
45:11 48:15
**issue** 18:12 20:13
21:15 23:2 27:14
27:20,22 28:5,22
34:25 36:2 44:10
46:6 52:4
**issued** 45:21
**issues** 9:14 14:21
22:18 28:8,8 29:14
29:15 34:24 35:3
42:9 43:19 51:1
52:22
**item** 18:4 50:19,19

**J**

**Jack** 8:3

**Jason** 6:7 18:17
**JEFFREY** 7:6
**jobs** 14:23
**John** 3:4,8,13,18 5:7
**Johnson** 24:25
 26:15
**join** 41:1
**Jonathan** 26:15
**Jr** 3:4,8,13,19 5:7
**Judge** 1:23 9:6
 22:21 25:22 29:2
 32:1 33:10 38:22
 39:15,23 41:25
 44:17 50:23
**judges** 31:20
**judgment** 13:1 15:8
 20:18 42:17
**judicial** 4:6 25:15
 42:20,21 43:13,19
**justice** 25:15
**justification** 21:9
**justify** 41:23

─────────
**K**

**Kayalyn** 5:14 8:4
**keep** 34:4 51:6
**keeping** 42:1 43:19
**key** 21:13,14
**know** 15:23 52:18
 52:23,23
**known** 17:16
**knows** 47:21
**Kramer** 7:8 13:4

─────────
**L**

**L** 7:6
**labor** 29:8
**lack** 42:9
**laid** 49:13
**language** 37:4,9
**LARA** 5:23
**large** 9:12
**Larry** 4:5 19:6
**Lastly** 21:11 33:9
**LATHAM** 6:9
**law** 20:14 21:8,12
 22:18 28:25 30:16

30:18,18 31:14
 35:8 39:9,9
**lawsuit** 19:10
**lawsuits** 20:25
**lease** 16:16
**leases** 3:12 8:23
 16:12 17:22
**Leasing** 8:19
**leaves** 41:6
**ledger** 14:7
**legal** 9:14 45:14,16
**lending** 34:5
**Leo** 4:7
**letter** 24:21
**Levin** 7:8 13:5
**Lextron** 23:7 29:6
 32:25 33:4 34:2,3
 34:5,6,6 43:3,5,16
 43:20 44:1
**Lextron's** 43:21
**Lexus** 39:14
**liabilities** 20:24
 47:12
**liability** 18:12,13
 27:2 30:2 35:12,16
 39:6
**liable** 30:16 31:4
 39:10
**lie** 39:17 40:2
**lien** 42:20
**Lifland** 29:2 33:10
**Lifland's** 41:25
**lift** 44:9 54:13
**lifted** 42:6
**lifting** 42:6 44:10
**light** 13:15 15:25
**limited** 52:22
**Limiting** 3:25
**line** 30:17 54:5
**lines** 35:24
**liquidate** 10:1 29:18
**liquidated** 41:17
 46:14 47:18 48:12
 49:17
**liquidating** 45:1
**list** 34:17

**listed** 29:20
**listing** 8:7 37:23
**litigation** 4:5 22:2
 23:13,15 29:12
 33:20,23,24,25
 34:8 35:19 36:9,16
 36:23 37:15,17,22
 39:6 40:10,14 41:8
 41:9,13,16,19,21
 41:24 42:2,16,22
 43:11,13,17
**litigations** 17:16
 23:17
**little** 17:6
**LLC** 14:4 16:23
**LLP** 2:15,18,21 5:2
 5:9,17 6:1,9 7:1,8
**loan** 19:12 21:8
**logic** 41:5
**Lomas** 38:25 39:22
 40:12 41:25
**long** 23:24
**look** 19:23 20:21
 22:16 31:15
**looked** 9:13
**looking** 21:2
**looks** 44:6
**lot** 31:20
**Lynch** 6:16 51:20

─────────
**M**

**maintaining** 30:4
**maintenance** 3:3
 10:13,21,23 11:17
 12:16 54:7
**management** 9:11
 25:1 40:15
**manager** 26:9
**MANGES** 7:1
**manner** 35:6,9
**manufacturing** 11:1
**Marafioti** 5:14 8:4
**marketing** 11:22
**marshall** 32:19
**master** 11:2,4,9
**match** 47:12

**matter** 1:6 8:18,25
 9:8 10:11 12:18
 13:25,25 14:9 16:6
 16:12 18:4,7 19:14
 24:3 44:20,21 47:3
 47:3 54:14 55:7
**matters** 8:7,8,11,15
 8:24 9:4 16:10,21
 17:12 18:2,4 43:20
 46:12,14 50:2
**Matz** 5:15 8:4
**Mayer** 7:13 13:4,4
 13:14
**McCabe** 12:22
**MEAGHER** 5:2,9
**mean** 31:20
**Meaning** 30:24
**mechanical** 25:12
**mediate** 43:16
**mediation** 32:20,22
 32:23 33:2 43:24
 51:5,11,21,24,25
 52:1,3,7
**meet** 16:21
**mentioned** 24:20
 26:23 33:10 51:1
**merely** 19:4,23 36:2
**merger** 32:17
**merits** 19:25 44:9
 47:25
**Michael** 4:7
**million** 9:21,23
 11:18,24 12:1,5
 14:14,15,20 29:5,6
 29:9 45:1,9 46:15
 47:11,17,19 48:13
 49:18,20,22,23,24
**misrepresentations**
 19:11 24:19
**Mississippi** 4:7 19:8
 20:4,9,10 22:18,19
 23:9 25:5,8,11,14
 26:2,25 27:5,8,16
 27:17 30:12,16,18
 31:7,8,10,23 33:20
 34:11,13 35:7,25

36:18,20 40:24
41:3,8 43:10
**Modification** 2:11
**modify** 47:17 48:20
48:24 49:24
**moment** 21:23 38:6
**moments** 28:2
**monetary** 40:16
**money** 29:1
**months** 14:14
**morning** 8:3 9:6
18:16 21:17 32:3
51:19
**morning's** 18:3
**motion** 2:1,6 3:1,1,6
3:6,11,11,16,16,21
3:21 4:4 8:13,14
8:19,22 9:7,9,24
10:3,12 11:13 13:3
13:16,22,25 14:13
15:14,17 16:1,3,7
16:8,14 17:3,11,15
18:5,11 19:22,23
21:7 24:20 25:17
26:3 27:12 31:25
32:3,11 33:17
34:15 36:11,19,20
36:21 44:2 46:25
54:6,10,13
**motions** 8:13 10:15
11:13,15 16:5,15
17:20 54:11
**Motors** 7:2
**movants** 42:19
**move** 15:5 16:20
17:13 18:3
**moved** 27:6 36:15
**moving** 15:9,11
51:23
**multi** 29:4

**N**

**N** 5:1 8:1 54:2 55:2
**NAFTALIS** 7:8
**Naler** 26:15
**name** 24:14,25 34:1

55:13
**named** 19:10 24:13
31:1
**names** 26:19
**National** 4:8,11 6:17
50:19,25 51:2,8,12
51:20
**nature** 11:12,12
**near** 20:11
**necessarily** 41:14,23
**necessary** 2:14 15:7
31:17 42:12
**need** 9:13 13:17 16:2
32:19
**negotiations** 10:6
**Neil** 5:22 9:6 18:8
23:23 50:23
**Nelson** 26:16
**net** 12:4 14:18
**never** 25:9 27:15
**new** 1:3,16,16 5:12
5:12,20,20 6:12,12
6:19,19 7:4,4,11
7:11 28:7,8,8 35:2
35:3,3
**news** 31:19
**nine** 47:11,13
**nineteen** 48:2
**ninety** 22:22
**non** 14:17 29:2
**Nonresidential** 3:13
**non-bankruptcy**
41:13
**non-debtor** 4:5 12:2
**normal** 41:15 46:11
**North** 3:21 4:1
38:13 39:3,22
40:12
**note** 18:17 21:7
33:24 37:8 38:7
41:21
**noted** 37:20 42:25
**notice** 2:20 4:10
45:21
**noticed** 10:3
**notify** 52:19

**number** 8:13,14,21
9:7,12,18 10:14
11:5 13:25 14:1
16:6,7,7,9,23 18:4
18:5 38:6 44:21,22
47:3,4 50:19
**numerous** 34:2 38:8
**Nygard** 37:19 38:1
40:12 41:22
**N.A** 33:18

**O**

**O** 1:21 8:1 55:2
**object** 9:20 47:24
**objected** 12:20
44:24 47:6,9,13,16
49:6
**objection** 2:1,2,4,6,7
2:11 3:25 9:20,24
9:25 12:20 15:11
15:12 16:2 17:1,5
18:12 19:22 44:22
44:23,23 45:8,12
45:25 46:23,25
47:4,5,18 48:1,2,4
49:2 50:16,16
54:17,19
**objections** 13:17
18:14 46:24 47:22
47:23 49:11
**obligation** 28:14,16
28:23 29:25
**obligations** 13:19
28:25
**observe** 24:4
**observed** 28:1
**obtain** 37:10
**obviously** 26:17
34:7 40:3 44:3
**October** 11:5
**odd** 29:9
**office** 51:10
**officer** 15:6 36:5
38:16,17,18 39:8
39:11
**officers** 38:20,21

41:1
**official** 28:6 35:1
55:5
**Okay** 8:10,17 9:3,17
10:10 13:2,15
15:16,25 17:19
18:15,25 21:18,23
22:3,10 23:21
24:10 30:7 31:19
32:12 33:5,8,17
44:19 45:20 46:2,7
46:19 50:4,22
51:12 52:2 53:3,4
53:10
**omni** 9:16
**omnibus** 2:1,1,4,6,7
2:11 8:6,16 10:8
44:21 46:11,16,23
47:4 48:11 50:16
53:6 54:16,18
**once** 24:20
**ones** 19:16
**ongoing** 10:7
**operate** 16:18
**operating** 12:4
14:19
**opinion** 22:20
**opportunities** 35:20
**opportunity** 35:18
35:22
**oppose** 45:12
**opposed** 39:22 40:8
44:9
**oral** 36:1
**orally** 25:8 27:6
34:14
**order** 3:1,6,11,24
8:8 9:9 10:5 17:1,7
19:11 23:8 25:9,12
27:18 35:10,21,23
35:24 36:6 43:22
44:13 47:15 49:13
50:3,5,12,14 51:10
52:14
**ordered** 36:7
**orders** 16:17 31:16

ordinary 16:19
original 16:14 24:11
  25:4 28:8 32:17
originally 33:25
Orix 16:23
ought 27:21
outside 16:10 39:11
outsourced 12:17
outsourcing 3:8
  11:7,22 13:25 14:3
  14:4 15:22 54:9
outstanding 8:20,23
out-of-pocket 52:12
overall 10:16
overly 40:6
owned 38:3
o'clock 53:9

**P**

P 2:3,8 3:2,7,18 5:1
  5:1 8:1
Packard 25:2
page 28:3 34:24 54:5
paid 12:2
paper 9:13
papers 12:24 18:20
  25:14,19 26:12
  27:25 29:20
Paragraphs 24:17
parameters 13:20
parlance 37:16
part 9:20,23 10:16
  10:18,20 12:10
  14:2,25 52:21
parte 8:14
partial 42:9
participated 26:10
particular 11:19
  14:12 17:8 32:16
  34:16 37:13,23
particularly 28:3
  43:22
parties 8:15 9:1,15
  11:20 17:16 18:19
  23:1 24:15 37:3,15
  37:17 42:16,22,24

43:23,24 51:4,17
  52:25
party 12:20 15:12
  17:2 29:3 34:16
  36:24 37:25 38:1
  38:15 39:7,8,17,25
  40:1,1 41:25 42:2
  44:7,12
passing 32:14
pasted 26:18
pattern 39:21
payable 12:12 14:6
paying 12:13
payment 8:20 20:15
  20:17
payments 8:23
pendency 36:20
pending 23:4,8 32:3
  33:20 43:5,22
Penn 5:19
percent 16:13
percent/twelve
  16:13
perfectly 31:13
performance 38:21
performed 35:13
period 3:16 17:23
  52:9
permission 25:6
permit 36:3 43:24
personally 30:16
  31:4
perspective 27:8
pertain 48:18
pertinent 30:20
petition 8:23 14:22
  25:9
phase 11:6
pieces 9:12
Pine 6:18
Pittsburg 4:12
place 19:17
plain 37:3,9
plaintiff 21:20 34:10
  34:22,23 35:5
  36:12 38:24 40:21

plaintiff's 36:14
plan 10:17,18 12:3
  14:2,19 17:12,13
Planning 2:16
play 44:5
player 21:13,14
Plaza 5:19
pleadings 19:9
  21:15 27:16,17
plus 22:15 29:7
  39:13,13
podium 18:7
point 13:6 29:1
  30:25 33:9 36:1
pointed 51:4
points 30:9
policy 51:2 52:8
  53:1
portfolio 16:16
portion 16:18
portions 49:16
pose 20:20
positions 20:13
possession 37:10
post 8:23
post-petition 8:20
  13:7 27:7
potential 30:2 36:5
potentially 40:16
practice 17:17
pre 13:7 14:21 25:8
precludes 37:4
prejudice 29:15,23
  29:25 32:13 42:16
  52:5
prejudiced 32:18
preliminary 40:18
prepared 26:17
  29:20
preparing 45:6
presentation 24:8
presented 27:19
presenting 18:20
president 25:1
pretty 21:16
prevented 22:25

previously 12:4 14:8
pre-petition 12:7
  27:5 35:22
pre-trial 50:24
  52:20
Pricewaterhouse...
  2:15,18,21
primarily 42:15
primary 44:5,7
printed 55:13
prior 12:9
privilege 12:13
probably 23:18 32:9
  52:12
problem 51:15
procedural 2:2 16:5
  44:23,23
procedurally 52:4
procedures 43:22
  46:20 50:3,12,13
proceed 4:4 20:6
  23:8,17,20 44:4,11
  52:24
proceeding 19:19,20
  19:22 23:1 42:11
  42:20,23 46:24
  50:20,24 52:15,18
proceedings 19:15
  36:11 37:5 43:13
  53:12 55:6
process 9:20,24 10:1
  10:20
processes 14:7 17:14
processor 26:18
professional 2:13
  39:12
program 10:16 11:7
  14:12,13,25
programs 15:5
prohibits 24:2
prompt 43:25
promptly 51:18
proof 24:12 42:25
proofs 44:25 45:2,3
  47:7,10,13,16 48:2
  48:12

**proper** 37:14
**properly** 27:20
**property** 3:13 37:10
  37:11,11
**proposed** 12:21 14:3
  17:1,5 35:15
**prosecution** 36:16
  40:14 43:7
**protect** 23:25
**protected** 36:4
**protecting** 25:23
**provide** 2:15 52:8
**provided** 14:9 16:25
  28:20
**provides** 10:24 11:3
  14:4
**provision** 51:2 52:8
**public** 13:9
**publicly** 11:18
**purposes** 30:20
**pursuant** 2:2,7 3:23
  3:24 47:15
**pursue** 19:3,8 33:23
  41:7,12,16,19
  43:25
**pursuing** 21:11
  41:20
**pursuit** 38:20
**put** 19:17
**putting** 52:6
**puzzled** 27:15

--------

**Q**

**Queenie** 37:19 40:12
  41:21
**question** 23:6 24:7
**questions** 21:19
  29:21
**quickly** 27:24 51:6
  51:11,13 52:23
**quite** 19:4
**quote** 28:5 34:20

--------

**R**

**R** 1:21 2:2,8 3:2,7,18
  5:1 8:1 55:2
**raise** 23:3 46:6

**raised** 21:7,15 27:15
  28:22 39:6 41:7
**Rand** 18:18
**range** 11:17,24 13:6
**ranging** 29:9
**rate** 10:19 49:7,9
**rationale** 22:7
**rationalizing** 16:16
**reached** 39:1 51:22
**read** 20:2 22:17
**reading** 20:14 35:24
  48:21
**ready** 20:11 22:20
  22:21 42:23 51:21
**real** 3:13 16:18,20
  37:25 42:3 44:11
**really** 11:6 30:19,19
  31:10 38:23 45:12
**realm** 29:10
**reason** 29:23
**reasonable** 13:1
  36:12
**reasons** 40:23
**receivable** 14:5
  15:19
**received** 23:12 48:3
  48:5,6,8
**recognize** 24:4
  45:14,16
**recognized** 23:24
  25:12 37:14
**recognizes** 27:9
**reconcile** 8:24 9:13
**record** 15:17 18:17
  19:2 20:16 30:21
  43:8 52:14
**recording** 55:6
**records** 2:10 47:13
**recovery** 38:19
**redacted** 14:8
**reduce** 10:18 14:2
  47:23,25 49:21
**reduction** 10:16
  12:16 49:23
**reference** 18:12
**referred** 41:10

**refers** 28:25 30:13
**Reflected** 2:9
**refusing** 30:14
**regard** 52:4,6,15
**Reimbursement**
  2:14
**reject** 3:12 17:23
**rejecting** 16:15
**related** 12:8,10
  13:10 14:21
**relating** 13:8
**relationship** 24:16
**released** 12:7,11
  13:13
**releasing** 13:8
**relevant** 19:15 30:2
  34:20,23 41:14
**relief** 3:21,23 4:4
  8:21 9:19 15:13
  17:4,9 18:5 19:3
  19:23 21:24 23:7
  25:5,9 33:22 41:6
  41:7,12 42:8 46:13
  47:1 48:24 49:3,12
  49:16 54:15
**remaining** 46:8
  49:20 50:10,19
**removal** 16:8 17:3
  17:15
**remove** 3:17 17:25
**Rendered** 2:14
**reorganization**
  21:12,14 32:14
  33:15 40:11
**reorganize** 20:7,21
  21:4
**reply** 46:11,16 48:11
**reporting** 14:6
**reports** 51:8
**represent** 28:2
**representation**
  26:21
**representations**
  22:20 28:18 43:10
**representative** 26:9
  27:1 35:13 39:5,18

**representatives**
  24:15,19
**representing** 8:5
  18:6
**represents** 14:1
**request** 17:25 41:6
  41:18
**requested** 19:23
  38:4 49:3,12
**requests** 41:12
**required** 28:15
  38:20
**requires** 12:24
  19:19 20:14
**requiring** 25:16
**rescheduling** 10:5
**reservation** 17:21
**reserved** 16:24
  52:25
**resolution** 42:9,22
  44:1
**resolve** 51:6,13,17
**resolved** 45:11,18
  46:10,18 48:16,18
  49:4,5,9 50:9,10
**resources** 20:9
**respect** 15:13 16:10
  16:22 17:3,8 21:6
  31:24 32:2 37:3
  40:25 46:13,17
  49:14,20
**respectfully** 20:12
**respond** 30:8
**respondents** 48:22
  48:23 49:2
**response** 9:24 10:2,3
  16:23 17:2 28:19
  32:10 45:11,18
  49:5,9
**responses** 45:7,10
  46:9,18 48:4,8,12
  48:14,15,18,21
  49:10
**responsibility** 42:14
**restructuring** 15:6
**result** 12:3,15 39:1

42:8,20
**review** 13:16,16
  15:7,25 46:25
  50:16
**reviewed** 12:18
  15:10
**reviewing** 16:19
**right** 13:15,22 15:25
  16:24 17:20 18:15
  20:15,17 21:19
  23:13 32:5 46:22
  46:23 47:24 50:4
  50:15 53:10
**rights** 52:25
**ROBERT** 1:22 6:14
**ROSENBERG** 6:14
**routinely** 47:22
**rule** 19:19 36:18
**ruled** 41:20
**ruling** 20:4 36:1,3
  36:21 41:3
**RULINGS** 54:4
**run** 10:19 28:11

_____
**S**
_____

**S** 5:1 8:1
**Saignor** 26:15
**salaried** 14:23
**sale** 15:18 45:21
**sanctions** 26:4
**SAP** 10:25
**Sarbanesoxley** 2:16
**satisfied** 30:5
**satisfy** 40:19
**savings** 12:4 14:18
  14:19
**saw** 22:23
**saying** 33:14 51:16
**says** 26:10 39:23
**schedule** 52:20
**scheduled** 10:4
**scheduling** 52:21
**Schwartzberg** 38:22
**Sciences** 10:24
**scope** 3:25 12:8,10
  28:17 30:17 35:14

39:11 47:25 48:1
  48:23
**seal** 11:14
**second** 2:20 4:6
  10:14 11:6 16:6
  26:12,14,16,18,24
  30:14 31:2 34:3
  35:15 37:13,18,20
  41:2,6,10,22 50:23
**section** 3:1,6,11,17
  16:6 31:15 33:19
  34:20,23 37:4,9
  38:1 40:22
**security** 23:14
**see** 10:8 19:9 22:16
  32:2 38:12,25
**seek** 16:25 17:23
  23:7 44:3 46:10,13
  47:17,19 48:15,19
  48:20,24,25 49:15
  49:16,18 52:20
**seeking** 10:12 19:3,4
  21:25 29:18 33:18
  33:22 44:24 45:18
  50:5
**seeks** 8:22 9:9,19
  35:11
**seen** 12:4 14:20
**Segal** 5:17,17 9:7,7
**segment** 10:15
**self** 17:21
**seller** 45:25
**sense** 9:1 42:6 51:3
**sensitive** 11:11,23
**separate** 9:8 10:22
  23:17,20 39:6
**separately** 43:5
**September** 16:11
  17:7 25:3 26:13
  34:13
**series** 10:14 11:22
**serious** 40:16
**serve** 10:2 17:15
**served** 21:9 25:10
  42:1
**services** 2:14,17

10:23 11:1,2,4
  13:10 15:2,17
**set** 12:24 22:24
  41:11,25
**settle** 18:2 44:15
**settlement** 10:6
  43:25
**seven** 46:9,18
**seventeenth** 8:5
**seventy-eight** 14:15
  49:19
**SG&A** 10:16,19
  14:2 15:17
**Sheehan** 15:5 16:2
**SHEIKH** 5:23
**Shield** 20:23
**shorten** 16:25 17:23
**Shortly** 34:9
**show** 40:13 44:14,15
**showing** 40:1
**shown** 17:24
**side** 21:1 32:16
**Sidney** 24:25
**Signature** 55:10
**signed** 24:21
**significantly** 26:5
**similar** 17:4 39:2,21
**similarly** 17:4
**simply** 16:24 21:5
  21:14 24:21 25:20
  26:10 30:5 40:19
  41:4 43:9 46:4
  52:5
**sir** 18:22
**sit** 29:12
**situation** 38:2 39:24
**Skadden** 5:2,9 8:4
**SLATE** 5:2,9
**solely** 35:12
**somewhat** 37:16
**Sonax** 22:1,12,13
  29:17,17,20 30:2
  41:10 42:5 44:6
**sophisticated** 11:20
**sort** 8:24
**sought** 13:23 15:13

17:4 25:5,6,7
  26:13 28:4 31:1
  34:11 35:5 39:24
  41:1 49:21 50:17
  54:20
**sound** 55:6
**source** 29:8
**Sourcing** 12:23
**SOUTHERN** 1:3
**Southtrust** 6:3
  35:10,11
**speak** 11:13 17:20
  51:5
**specialized** 42:19
**specific** 24:23
**specifically** 10:20
  28:19
**spelled** 28:19
**spells** 13:12
**split** 11:8
**Square** 5:11
**staff** 12:17
**stand** 18:10 19:5
  23:19
**standard** 22:21
**standing** 41:23 51:3
**Star** 38:13 39:3,22
  40:12
**start** 35:4
**Starting** 30:11
**state** 10:2 12:3
  14:19 19:8 20:4
  22:18,19 25:6,8,10
  25:11 26:2,25 27:6
  27:8,15,16,18 28:3
  28:20,22 30:12
  31:11,20,24 33:20
  34:13,21 35:7,25
  40:24 41:8,16
  43:10
**stated** 14:12 19:16
  34:23 36:7 43:4
**statement** 9:22
  13:11 27:16
**states** 1:2 14:23
  25:15 39:9

status 51:8
stay 3:21,23 4:4 9:19
  17:8 18:5 19:3,6
  19:16,25 20:2 21:9
  21:25 22:6 25:24
  26:3 27:3,9,19,21
  28:10,11,21 29:2
  29:22 30:3,4 31:7
  31:9,11 33:11,19
  33:22,23 35:9,23
  36:2,6,10,17,24
  37:15,21 38:5,11
  39:16,24 40:4,7,9
  40:23 41:7,12,24
  42:1,2,6,24 43:14
  44:10,10 54:13
stayed 29:24 34:8
  41:9 52:15
stays 19:5
steady 12:3 14:19
Stephen 6:21 51:19
stipulation 18:23
  51:9,10
STN 8:13
stock 45:5
stood 25:18
stop 24:9
Strategic 12:22
Street 6:18
striking 25:16
strong 51:5
subject 2:10 39:7
  42:18 47:17 48:10
submit 44:13,15
submitted 25:9
  49:13
subordination 42:19
subsequently 35:4
  36:8,15
substantial 43:12
substantially 10:18
substantive 2:7 47:5
  47:22
success 42:19
successor 34:1 35:11
sued 38:15,18 39:18

suggest 52:24
suggested 52:5,9
suing 39:5
suit 38:24
summarize 48:16
summarized 11:15
summarizing 46:12
summer 17:12
superior 24:22
superseded 45:3
supplied 9:11
supplier 34:3
suppliers 19:13
supply 10:25 25:1
support 3:3 10:13
  10:23,24 11:3 13:5
  15:2,18 34:6 47:9
  54:7
sure 13:18 29:17
  30:10,19 53:2
sureties 29:3
surety 33:12,13
surrounding 11:12
survived 45:15
surviving 45:17
Sweet 21:19,21 28:2
  28:5 34:23
system 10:25,25
systems 11:2,3,21,21
S.D.N.Y 38:13 39:1
  39:14,21

---

## T

T 55:2,2
table 51:11
take 23:13
taken 26:8,21 38:20
  43:6
talk 20:21 52:21
talking 20:24 33:11
talks 21:13 31:15
TANENBAUM 7:6
Tax 2:16,17
Teachers 36:25
ten 16:13 29:9 46:8
  46:17

tentative 43:11
tenth 2:1,4 44:21
  46:23 54:16
term 11:25 14:14
terminating 17:8
termination 12:11
terms 11:15,16,16
  12:25 30:12 31:3
  45:12
testify 12:23
testimony 12:24
  13:17 15:15 18:21
Thank 13:24 16:4
  18:1 23:21,22
  33:15 44:18 47:2
  50:18 53:3,10,11
theories 28:8 35:3
thing 19:1 28:7 35:2
things 20:14 23:19
  32:15,16
think 10:17 12:24
  17:20 19:2,9,14,19
  19:21 20:13 21:5
  21:15 22:23 23:5,6
  24:3 25:22 27:20
  27:24 28:13,24,25
  29:7,16 30:4 31:19
  31:23 32:7 40:6
  46:3 52:9,11,18
third 6:11 14:16
  16:8 17:3 29:3
  36:23 37:2,15,17
  37:24 38:15 39:7
  39:16,25 40:1
  41:24 42:2,15 44:7
thirteen 8:8 12:5
  45:8
thirty 17:7
thirty-five 49:17
thirty-three 48:3,8
THOMAS 5:15 7:13
thought 23:10,16,19
thousand 19:12 29:7
thousands 20:25
threat 20:20
threatens 21:4

three 25:4 45:3,10
  45:13,19 46:4
  48:18 49:2
thresholds 16:22
tier 34:3
time 3:11,16,16 10:7
  13:9 16:10,25
  17:25 20:8 22:21
  25:1 26:14,14
  28:10 29:13 32:7
  32:18 36:4 48:21
  48:24 51:8
timely 45:7 47:15
  48:9,10
Times 5:11
Timothy 12:22
tip 30:3
tips 29:21
title 37:7
today 8:7 9:9 10:4,7
  10:22 15:6 18:13
  19:15 24:20 29:12
  30:20 31:25 46:13
  50:6
today's 10:5
Togut 5:17 9:6
tolled 48:11
Tom 8:4 13:4
tortious 30:16
total 11:16
Tower 6:3
transaction 9:12
  12:21
transactions 9:11
  13:1 15:22
Transcribed 4:24
transcriber 55:4,10
transcript 22:17,24
  28:2,4 34:20 43:9
  55:5
transformation
  10:17 14:2
transition 11:25
  14:15
travel 14:6
treat 19:21

**trial** 20:11 22:20,21
  22:24 42:23 43:11
**Tribens** 20:22
**tribunal** 42:12
**troubled** 19:13
**true** 13:8
**Trustee** 14:11
**try** 8:24 10:7 18:13
  30:11 47:25 51:6
  51:10
**trying** 9:13
**turning** 19:25 29:1
**twelve** 41:11
**twenty** 29:4
**twenty-five** 12:1
**twenty-four** 9:23
  48:4,9
**twenty-one** 49:22
**twenty-seven** 49:22
**two** 10:22 16:5
  17:20 20:14 23:16
  25:3 29:13 35:19
**two-thirds** 12:17
  14:17
**type** 15:17 40:19
**typed** 55:13
**types** 13:12

**U**

**ultimately** 14:22
**unaware** 10:4
**unclear** 20:16
**unconditional** 20:15
  20:17
**uncontested** 18:2
  46:14 49:16
**understand** 22:5
  27:22 44:17
**understanding**
  48:22
**Union** 4:11 6:17
  50:20,25 51:3,8,12
  51:20
**United** 1:2 14:23
**unliquidated** 45:4
**unopposed** 46:24

50:6
**unredacted** 14:9
**unresolved** 48:17
  50:11
**unsecured** 29:19
**unsuccessful** 52:7
  52:19
**unsuccessfully** 41:1
**Untimely** 2:10
**unusual** 40:2,9
  41:15
**use** 8:8 10:7
**U.S** 1:14,23 14:10
  39:14
**U.S.C** 2:2,7 3:1,6,11
  3:17,23 33:19 37:4
  40:22

**V**

**v** 4:11 37:1,19 39:13
  39:20 40:12 41:21
**value** 49:19
**vehicle** 11:9
**version** 14:8
**vice** 24:25
**view** 17:10 40:11
**violate** 35:23 36:17
**violating** 40:4
**violation** 35:9

**W**

**Wachovia** 4:8 6:2
  9:7,8,9 18:4,7,9,18
  19:12 23:3,11,12
  24:1,5,12,13,23,25
  25:5 26:13 27:6,11
  27:14,22 28:3,4,20
  29:5,22 30:5 31:1
  32:17,24 33:1,18
  34:4,10 35:11
  36:19,22 41:1,7
  42:4,25 43:4,6,20
  44:2,3,14
**Wachovia's** 27:19
  34:1,15 43:21
**Wachovia/Lextron**
  32:21,23

**Wacker** 5:4
**wait** 32:2
**waiting** 52:8
**want** 13:2,18 15:16
  17:19 19:2 31:21
  43:25 46:22 48:16
  51:17
**wanted** 13:10 25:22
  25:23 30:21 32:2
  36:2 43:24 46:4,5
**wants** 15:14 51:13
**Warren** 16:23
**wasn't** 32:20
**WATKINS** 6:9
**way** 32:6
**week** 47:17
**weeks** 25:4
**WEIL** 7:1
**went** 25:5 27:4
**West** 5:4
**we'll** 10:7 52:21
**we're** 9:13 11:8
  12:12 16:9,12
  18:12 26:1 27:15
  29:12 30:20 31:25
  44:24 45:18
**we've** 27:24 29:20
  30:17 32:16 44:23
  47:9,13,16,25
  48:16 51:21 52:9
**wholly** 38:3
**wide** 13:6
**Willig** 6:21 51:19,20
  51:25 52:3,14,25
  53:3
**willing** 51:21 52:6
  52:10
**wiped** 46:5
**witness** 15:7
**witnesses** 32:19
**Wm** 3:4,8,13,18 5:7
**Woodward** 6:7
  18:17
**word** 26:17
**work** 11:21 20:5
  24:17 51:10

**working** 28:17
**wrong** 40:4 49:7
**wrongdoing** 24:24

**X**

**x** 1:5,12 54:2

**Y**

**year** 17:13
**years** 11:25 25:3
**yesterday** 45:6
  46:11,16
**York** 1:3,16,16 5:12
  5:12,20,20 6:12,12
  6:19,19 7:4,4,11
  7:11

**0**

**05** 26:13
**05-44481** 1:4
**06** 25:11
**07-01435-rdd** 4:10

**1**

**1** 8:11 39:15
**10** 18:4
**10.4** 46:15
**10:05** 1:19
**10022** 6:12
**10036** 5:12 7:11
**10119** 5:20
**10153** 7:4
**10270** 6:19
**105** 31:15
**108** 46:14
**11** 2:2,7 3:1,6,11
  33:19 34:10,14
  35:5 36:24 37:4,22
  40:22 44:21
**11:25** 53:12
**115** 44:25
**117** 38:25
**1177** 7:10
**118** 44:24,24
**12** 47:3
**12.7** 45:9
**120** 52:8

**125** 38:13
**13** 50:19 54:6
**1334** 3:23
**1452** 3:18
**150** 11:18 14:20
**152** 11:24
**16** 25:3 54:9,18
**17** 54:11
**180** 14:13
**182,000** 47:8
**19** 11:5 45:6
**19th** 48:3
**19.4** 45:1
**1986** 37:2
**1990** 39:1
**1991** 38:14
**1999** 39:21

---
**2**

**2** 8:11 53:8,9 54:13
**2d** 37:1,19
**2.5** 9:21
**20** 1:18
**200** 11:18,24
**2003** 37:20
**2005** 25:3 34:13
**2006** 11:5 35:10
    36:15 39:14,15
**2007** 1:18 8:6 16:11
    17:7 55:9
**21** 54:11
**22** 54:6
**220** 14:13
**23** 24:17 26:13 55:9
**23rd** 36:14
**230** 39:20
**236,000** 47:14
**239** 39:20
**24.1** 47:19
**25** 54:15
**26th** 10:4
**28** 3:17,23
**282** 37:19
**29** 24:17

---
**3**

**3** 54:9

**30** 16:11 17:7
**30.5** 47:17
**3007** 2:3,8
**31st** 8:16 9:1
**3100** 6:3
**321** 37:19
**333** 5:4
**35203** 6:4
**362** 33:19
**362(a)** 38:2
**362(a)(1)** 37:4
**362(a)(3)** 37:9 40:22
**362(d)** 3:24
**363(b)** 3:2,7
**365(d)(4)** 3:12 16:6
    16:11
**368** 38:13
**392** 49:20

---
**4**

**4** 9:4,7 24:12
**419** 47:16
**44** 54:13
**46** 54:15
**470** 49:16
**4718** 8:13

---
**5**

**5** 9:4,18 26:12
**5.1** 28:18
**5.4** 49:24
**50** 54:18
**502(b)** 2:2,7
**520** 47:5
**5229** 8:14
**53392** 39:14
**5378** 11:5
**5951** 18:5

---
**6**

**6** 25:19 26:5
**6.8** 29:6
**6004** 3:2,7
**60606** 5:5
**61** 37:1
**64** 38:25
**65** 37:1

**650** 14:23
**6990** 8:21

---
**7**

**7** 13:25 28:3 34:24
    35:10
**70** 6:18
**7001** 19:19
**7300** 44:22
**7301** 47:4
**7524** 10:14
**7525** 14:1
**7529** 16:7
**7530** 16:9
**7666** 16:24
**767** 7:3

---
**8**

**8** 16:6
**800** 19:12 29:7
**803** 37:1
**885** 6:11

---
**9**

**9** 16:7
**9006** 3:18
**9027** 3:18