UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

SUPPLEMENTAL AFFIDAVIT OF JEROME A. MURPHY IN CONNECTION WITH
EMPLOYMENT AND RETENTION OF CROWELL & MORING LLP AS ANTITRUST
COUNSEL TO DEBTORS UNDER 11 U.S.C. §§ 327(e) AND
1107(b) AND FED R. BANKR. P. 2014

DISTRICT OF COLUMBIA

I, JEROME A. MURPHY, being duly sworn, deposes and states as follows:

1. I am an attorney admitted to practice before the courts of the District of Columbia and Maryland. I am a Partner in the law firm of Crowell & Moring LLP ("Crowell & Moring"), special antitrust counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

2. I submit this supplemental affidavit (the "Supplemental Affidavit") as further disclosure in connection with Crowell & Moring's retention as special antitrust counsel to the Debtors. By Order dated March 9, 2006, the Court approved Crowell & Moring's retention as special antitrust counsel to the Debtors. In connection with the Debtors' application to retain Crowell & Moring as special antitrust counsel, I submitted an affidavit dated February 21, 2006 (the "First Affidavit") detailing, among other things, that Crowell & Moring has in the past represented, currently represents, and will likely in the future represent, certain of the Debtors'

creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases. *See* First Affidavit at ¶ 19.

3. As noted in the First Affidavit, while I do not believe that the past, present or future representation of certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases raises any actual or potential conflicts of interest of Crowell & Moring relating to the representation of the Debtors in these chapter 11 cases, Crowell & Moring disclosed these relationships in an abundance of caution. *See* First Affidavit at ¶ 19. In the First Affidavit, I also represented that if Crowell & Moring becomes aware of any other connections to the principal parties-in-interest in these chapter 11 cases, Crowell & Moring will bring them to the attention of this Court and the United States Trustee. *See* First Affidavit at ¶ 20.

4. Subsequent to the filing of the First Affidavit, one of Crowell & Moring's clients has requested that Crowell & Moring represent it in connection with an investigation of whether this Crowell & Moring client is infringing on the patents of others, including potentially patents held by Delphi ("Non-infringement Investigation"). These sorts of investigations are very common in the intellectual property field as part of due diligence concerning whether an entity is free to operate without infringing on the patents of others. This Non-Infringement Investigation is wholly unrelated to Crowell & Moring's representation of the Debtors as special antitrust counsel.

5. While I do not believe that by virtue of the representation of an entity in the Non-infringement Investigation Crowell & Moring represents or holds any interest adverse to the Debtors with respect to the antitrust matters for which Crowell & Moring has been employed in

these chapter 11 cases, in an abundance of caution Crowell & Moring has elected to disclose this representation.

6. Prior to submitting this Supplemental Affidavit, Crowell & Moring advised Debtors' counsel of the pendency of the Non-infringement Investigation. Debtors' counsel did not raise any issues or concerns with respect to the Non-infringement Investigation and Crowell & Moring advised them that we would be filing this Supplemental Affidavit as additional disclosure. Debtors' counsel's response is consistent with the provisions of the prepetition engagement letter with Crowell & Moring, dated August 16, 2005, which provides, among other things, for an advance waiver by Delphi of any conflict of interest, based on Crowell & Moring's representation of Delphi as antitrust counsel, as a ground for disqualifying Crowell & Moring from representing other entities that may become adverse to Delphi.

Dated: Washington, D.C.
May 4, 2007

By: _____
Jerome A. Murphy

Sworn to before me
this ___ day of May, 2007

_____
Notary Public
Patricia A. Jones
Notary Public, District of Columbia
My Commission Expires 12-14-2008