SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>EX PARTE</u> APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R.
BANKR. P. 9018 FOR ORDER AUTHORIZING DEBTORS TO FILE
<u>NETWORK SUPPORT SERVICES AGREEMENT UNDER SEAL</u>

("NETWORK SUPPORT SERVICES UNDER SEAL APPLICATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), intend to file a Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter Into Network Support Services Agreement (the "Network Support Services Motion").  By this Ex Parte Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 (the "Application"), the Debtors seek authority to file under seal the Network Support Services Agreement (as defined below), which will be filed as an exhibit to the Network Support Services Motion, and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

      1.    On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

      2.    No trustee or examiner has been appointed in the Debtors' cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

      3.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2

        4.        The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.        <u>The Network Support Services Agreement</u>

        5.        As part of the Debtors' transformation plan, the Debtors intend to transform their salaried workforce to ensure that the company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint. This will allow the Debtors to reduce their selling, general, and administrative expenses. In furtherance of this goal, the Debtors, in exercising their business judgment, have decided to undertake an accelerated consolidation and outsourcing of their information technology services related to global network services and support. This outsourcing of IT services will enable the Debtors to reduce their IT supplier base by more than 95 services providers.

        6.        On October 19, 2006, this Court entered an order authorizing the Debtors to enter into and perform under the first phase of their planned IT outsourcing (Docket No. 5378). On April 23, 2007, this Court entered an order authorizing the Debtors to enter into and perform under the second phase of their planned IT outsourcing (Docket No. 7774) (the "Application Maintenance Order"). Recently, the Debtors entered into an agreement with Computer Sciences Corporation ("CSC") to provide certain network, data, and support services to the Debtors. This agreement, which is the first amendment to the Master Services Agreement by and between Delphi and CSC, dated March 9, 2007 (the "Network Support Services Agreement"), represents the third phase of the IT outsourcing plan.[1] Although a general

---

[1]    Pursuant to the Application Maintenance Order, the Debtors received authority from this Court to enter into and perform under the March 9, 2007 Master Services Agreement by and between Delphi and CSC (the "CSC MSA"). The Debtors previously filed the CSC MSA under seal in accordance with the March 28, 2007 Order

3

description of this agreement will be provided in the Network Support Services Motion to be filed with the Court, the Network Support Services Agreement contains detailed descriptions of competitively sensitive business information which may, if publicly disclosed, detrimentally affect the competitiveness of the Debtors and CSC, as well as the ability of the Debtors' and CSC to negotiate the terms of future agreements. Additionally, the Network Support Services Agreement contains certain confidentiality provisions which require the Debtors and CSC to maintain the confidentiality of certain of the agreement's terms. Therefore, to preserve the confidentiality of these sensitive business terms, and to comply with the confidentiality provisions contained in the Network Support Services Agreement, the Debtors seek permission to file the Network Support Services Agreement under seal.

Relief Requested

7. By this Application, the Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file the Network Support Services Agreement under seal as an exhibit to the Network Support Services Motion.

Basis For Relief

8. The Network Support Services Agreement contains highly sensitive and confidential business terms agreed to between the parties which, if publicly disclosed, could detrimentally affect the Debtors' and CSC's ability to negotiate terms of future agreements and could affect the competitiveness of the Debtors and CSC going forward. The Network Support Services Agreement also contains detailed proprietary information describing the business relationship between the parties, which the Debtors believe to be highly sensitive and confidential information of a type not typically disclosed to the public or made available in the

---

Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Application Maintenance And Support Agreements Under Seal (Docket No. 7453).

4

automotive industry. Finally, the Network Support Services Agreement contains certain confidentiality provisions which compel the Debtors and CSC to maintain the confidentiality of the terms of the Network Support Services Agreement. It is, therefore, of the utmost importance to the Debtors and CSC that the sensitive terms of the Network Support Services Agreement be kept confidential so that competitors may not use the information contained therein to gain a strategic advantage over the Debtors or CSC in the marketplace.

9. Additionally, disclosure of the terms contained in the Network Support Services Agreement is not necessary for the protection of the public, creditors of the Debtors, or third parties, because (a) whether the Debtors may enter into the Network Support Services Agreement is subject to this Court's approval in any case and (b) the Debtors are prepared to provide a complete copy of the Network Support Services Agreement to (i) the U.S. Trustee, (ii) counsel to the Creditors' Committee, and (iii) such other parties as ordered by this Court or as agreed to in writing by the Debtors and CSC upon entry into an appropriate confidentiality agreement.

10. After evaluating whether they could effectively redact the Network Support Services Agreement, the Debtors concluded that because the amount of redaction would be so extensive, the provisions of the Network Support Services Agreement that were unredacted would not be sufficient to provide parties-in-interest with the ability to review meaningfully the merits of the agreement. Importantly, the Network Support Services Agreement is an amendment to the CSC MSA, which already has been filed under seal. As a stand-alone document, the Network Support Services Agreement does not describe the complete scope of the relationship between Delphi and CSC. For these reasons, filing a redacted agreement would be

confusing and potentially misleading to parties-in-interest.  Accordingly, the Debtors seek to file the Network Support Services Agreement under seal.

## Applicable Authority

11.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12.  Additionally, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

13.  The Second Circuit has held that section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  Indeed, this Court has stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 n.7  (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)).  In addition, the Second Circuit has held that a party seeking the sealing of information is required to show only that the

information is confidential and commercial, and need not show "good cause." <u>Video Software Dealers Assoc.</u>, 21 F.3d at 28.

14. Nonetheless, the facts presented here offer good cause for the relief requested. The Debtors submit that the Network Support Services Agreement contains sensitive commercial information and trade terms, the disclosure of which would be harmful to the Debtors and their businesses as well as CSC. The confidential information, including the agreed upon trade terms contained in the Network Support Services Agreement, qualifies as "confidential research, development, or commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, as explained by the case law in the Second Circuit. Accordingly, the Court should enter an order authorizing the Debtors to file the Network Support Services Agreement with the Court pursuant to General Order M-242 and requiring the United States Bankruptcy Clerk for the Southern District of New York to file the Network Support Services Agreement, which will be annexed as exhibits to the Network Support Services Motion, under seal.

15. No prior application for the relief requested herein has been made to this or any other Court.

<u>Notice Of Application</u>

16. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary. Nevertheless, the Debtors will serve a copy of this Application in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court

on October 26, 2006 (Docket No. 5418). The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. §102(1)(B) so that the Debtors may file the Network Support Services Agreement on or before May 11, 2007.

## Memorandum Of Law

17. Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Network Support Services Agreement, as exhibits to the Network Support Services Motion, under seal, and (b) granting them such other and further relief as is just.

Dated: New York, New York
      May 8, 2007

              SKADDEN, ARPS, SLATE, MEAGHER
                & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

        - and -

By: /s/ Kaylayn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession