

# JOE G. TEDDER, CFC, TAX COLLECTOR
### Imperial Polk County & The State of Florida

May 4, 2007

Clerk of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    RE:    Chapter 11 Case No. 05-44481
                 Debtor: DELPHI Corporation *et al.*
                 Southern District of New York

Dear Sir or Madame:

    Enclosed please find an original and one copy of the Polk County Tax Collector's Transfer of Claim and Response to Objection to the Tax Collector's Claim in the above-referenced matter.

    Kindly file the original document with the Court and return a file-stamped, conformed copy to the undersigned in the self-addressed, stamped envelope provided herewith.

    Thank you in advance for your professional courtesies. Should you have any questions or concerns, please feel free to contact me directly at 863.534.4746, extension 5718, or by e-mail: sarimeador@polktaxes.com.

Sincerely,

Sari E. Meador, Paralegal
Delinquency and Enforcement

Enclosures

Copy:    All Parties on the Certificate of Service

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :

*In re:*                         :

*DELPHI CORPORATION, et al.*  :  Case No. 05-44640
                              :  Chapter 11
                              :
------------------------------x

### TRANSFER OF CLAIM AND RESPONSE TO OBJECTION TO THE TAX COLLECTOR'S CLAIM

**JOE G. TEDDER, CFC,** who appears *pro se* as the duly elected Tax Collector for Polk County, Florida (hereinafter the "Tax Collector") and a sovereign Constitutional officer, pursuant to Article VII, Section 1(d), Florida Constitution, hereby files this Notice of Transfer of Claim and Notice of Objection to the Debtor-in-Possession's Objection of Claim.

### TRANSFER OF CLAIM

On November 30, 2005, the Tax Collector filed a Proof of Claim in Case No. 05-44481 of which USBC, the Claims Processing Center for the Southern District of New York date stamped December 13, 2005, and assigned the Claim No. of 38699. A copy of the Tax Collector's Proof of Claim bearing the date December 13, 2005, is attached hereto and incorporated by reference herewith.

The Tax Collector respectfully requests that Claim No. 38699 in the amount of $636.02, be transferred to Chapter 11 Case 05-044640 in the name of Delphi Automotive Systems LLC, filed in the Southern District of New York on October 8, 2005.



## RESPONSE TO DEBTOR'S OBJECTION TO
## THE TAX COLLECTOR'S CLAIM

The Debtor maintains one (1) Tangible Personal Property account in Polk County, Florida, located at 5300 Old Tampa Highway in Lakeland, Florida. Tax returns were filed with the Polk County Property Appraiser from which the value was determined for purposes of calculation of the *ad valorem* taxes due by the Debtor.

Taxes are assessed on January 1 of each tax year and are secured by a statutory lien pursuant to Florida Statute Chapter 197.122(1) and 192.053. These liens are superior to any other liens pursuant to State law. The secured tax claims of the Tax Collector are fully secured.

The Debtor's Objection to the Tax Collector's claim treats the Tax Collector's secured *ad valorem* tax claim as a general unsecured claim when in fact the Tax Collector's claim is fully secured pursuant to F.S. Chapter 197.122, a copy of which is attached hereto and incorporated by reference herein.

The Tax Collector filed a Proof of Claim in the amount of $636.02 plus 18% statutory interest. The treatment of the Tax Collector's claim as a general unsecured creditor is in violation of § 1129(a)(7) of the Bankruptcy Code.

2

**WHEREFORE**, the Tax Collector requests that his Claim in the amount of $636.02 be recognized and allowed in its entirety as a fully secured Claim pursuant to F.S. Chapter 197.122, and for such other relief the Court may deem proper.

Respectfully submitted:

JOE G. TEDDER, CFC
Tax Collector *for* Polk County, Florida
Post Office Box 2016
Bartow, FL 33831-2016
863.534.4746, extension 5718
863.534.4741 – Facsimile
*Pro Se* Creditor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of May, 2007, a true and correct copy of the foregoing was served by First Class Mail, postage pre-paid upon the following:

Kayalyn A. Marafioti, Esq.
Lisa Diaz, Esq.
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Counsel for Debtors

John Wm. Butler, Jr., Esq.
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
333 West Wacker Drive, Ste 2100
Chicago, IL 60606

Robert J. Rosenberg, Esq.
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
Counsel to Creditors' Committee

3

United States Department of Justice
Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004-2111
United States Trustee

_____
JOE G. TEDDER, CFC
Tax Collector *for* Polk County, Florida
*Pro Se* Creditor

4

FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT   SOUTHERN DISTRICT OF NEW YORK | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor<br>DELPHI CORPORATION a/k/a DELCO ELECTRONICS CORPORATION | Case Number<br>05-44481 - 11<br>Chapter 11 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>JOE G. TEDDER, TAX COLLECTOR | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>JOE G. TEDDER, TAX COLLECTOR<br>P.O. BOX 1189<br>BARTOW, FL 33830<br><br>Telephone number: (863)534-4710 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor:<br>20-067948 | Check here ☐ replaces<br>if this claim ☐ amends  a previously filed claim, dated:_____ | |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Money loaned
- ☐ Services performed
- ☐ Personal injury/wrongful death
- ☒ Taxes   Tangible Personal Property Taxes
- ☐ Other
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS #: ___ ___ ___
  Unpaid compensation for services performed
  from _____ to _____

**2. Date debt was incurred:** January 1, 2005

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**   $ 636.02   + 18% Interest (if after April, 2006).

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☒ Other   Tangible Property Commercial/Retail Service

Value of Collateral: $ 33,620.00

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
  Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br>November 30, 2005 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Signature: Sari E. Meador, Paralegal<br>Polk County Tax Collector / 863.534.4746 - ext. 5718. | THIS SPACE IS FOR COURT USE ONLY<br><br>RECEIVED<br>DEC 13 2005<br>CLAIMS PROCESSING CENTER<br>USBC, SDNY   1 |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| ACCOUNT NUMBER | ESCROW CD | ASSESSED VALUE | EXEMPTIONS | TAXABLE VALUE | MILLAGE CODE |
|---|---|---|---|---|---|
| 000000-000020-067948 | | 29,520 | | 29,520 | 601510 |

BackTaxDue-Call 863-534-4721

DELCO ELECTRONICS CORPORATION
PO BOX 5082
TROY MI 48007-5082

BY BANKRUPTCY-TANGIBLE
5300 OLD TAMPA HWY
LAKELAND
232819000000022050

**PLEASE PAY IN U.S. FUNDS TO JOE G. TEDDER, TAX COLLECTOR • P.O. BOX 1189, 430 E. MAIN ST., • BARTOW, FL 33831-1189 • (863) 534-4721**

### AD VALOREM TAXES

| TAXING AUTHORITY | MILLAGE RATE | EXEMPTION AMOUNT | TAXABLE VALUE | TAXES LEVIED |
|---|---|---|---|---|
| C100 POLK COUNTY | | | 29,520 | |
|   GENERAL REVENUE FUND | 7.5270 | | 29,520 | 222.20 |
|   ENV LAND AQUIST FUND | 0.1000 | | 29,520 | 2.95 |
|   LAND MGMT TRUST FUND | 0.1000 | | 29,520 | 2.95 |
|   TRANSPORTATION/ROADS | 1.0000 | | 29,520 | 29.52 |
| S200 POLK COUNTY SCHOOL BOAR | | | 29,520 | |
|   GENERAL FUND | 6.0780 | | 29,520 | 179.43 |
|   LOCAL CAPITAL IMP. | 2.0000 | | 29,520 | 59.04 |
| T510 CITY OF LAKELAND | 3.5450 | | 29,520 | 104.65 |
| WHB HILLSBORO RIVER BASIN | 0.2850 | | 29,520 | 8.41 |
| WSW SOUTHWEST FLORIDA WATER | 0.4220 | | 29,520 | 12.46 |
| MLK LAKELAND AREA MASS TRAN | 0.4880 | | 29,520 | 14.41 |

TOTAL MILLAGE 21.5450       AD VALOREM TAXES       636.02

### NON-AD VALOREM ASSESSMENTS

| LEVYING AUTHORITY | RATE | AMOUNT |
|---|---|---|
| | | |

NON-AD VALOREM ASSESSMENTS

| COMBINED TAXES AND ASSESSMENTS | PAY ONLY ONE AMOUNT | See reverse side for important information. |
|---|---|---|
| 636.02 | | |

| If Paid By Please Pay | Mar 31 2007 575.73 | Apr 30 2007 583.05 | May 31 2007 590.37 | ◀ IF PAID BY |
|---|---|---|---|---|

RETAIN THIS PORTION FOR YOUR RECORDS

---

JOE G. TEDDER     2005 Delinquent TANGIBLE   2014522 0000
POLK COUNTY TAX COLLECTOR
NOTICE OF AD VALOREM TAXES AND NON-AD VALOREM ASSESSMENTS

| ACCOUNT NUMBER | ESCROW CD | ASSESSED VALUE | EXEMPTIONS | TAXABLE VALUE | MILLAGE CODE |
|---|---|---|---|---|---|
| 000000-000020-067948 | | 29,520 | | 29,520 | 601510 |

BackTaxDue-Call 863-534-4721

DELCO ELECTRONICS CORPORATIO
PO BOX 5082
TROY MI 48007-5082

BY BANKRUPTCY-TANGIBLE
5300 OLD TAMPA HWY
LAKELAND
232819000000022050

RETURN WITH PAYMENT

**PLEASE PAY IN U.S. FUNDS TO JOE G. TEDDER, TAX COLLECTOR • P.O. BOX 1189, 430 E. MAIN ST., • BARTOW, FL 33831-1189 • (863) 534-4721**

| If Paid By Please Pay | Mar 31 2007 575.73 | Apr 30 2007 583.05 | May 31 2007 590.37 |
|---|---|---|---|

0000000000 0000048791 00000201452200000 0002 0

**Select Year:** 2005    Go

# The 2005 Florida Statutes

| Title XIV | Chapter 197 | View Entire Chapter |
| --- | --- | --- |
| TAXATION AND FINANCE | TAX COLLECTIONS, SALES, AND LIENS | |

**197.122 Lien of taxes; dates; application.--**

(1) All taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed and shall continue in full force from January 1 of the year the taxes were levied until discharged by payment or until barred under chapter 95. All personal property tax liens, to the extent that the property to which the lien applies cannot be located in the county or to the extent that the sale of the property is insufficient to pay all delinquent taxes, interest, fees, and costs due, shall be liens against all other personal property of the taxpayer in the county. However, such liens against other personal property shall not apply against such property which has been sold, and such liens against other personal property shall be subordinate to any valid prior or subsequent liens against such other property. No act of omission or commission on the part of any property appraiser, tax collector, board of county commissioners, clerk of the circuit court, or county comptroller, or their deputies or assistants, or newspaper in which any advertisement of sale may be published shall operate to defeat the payment of taxes; but any acts of omission or commission may be corrected at any time by the officer or party responsible for them in like manner as provided by law for performing acts in the first place, and when so corrected they shall be construed as valid ab initio and shall in no way affect any process by law for the enforcement of the collection of any tax. All owners of property shall be held to know that taxes are due and payable annually and are charged with the duty of ascertaining the amount of current and delinquent taxes and paying them before April 1 of the year following the year in which taxes are assessed. No sale or conveyance of real or personal property for nonpayment of taxes shall be held invalid except upon proof that:

(a) The property was not subject to taxation;

(b) The taxes had been paid before the sale of personal property; or

(c) The real property had been redeemed before the execution and delivery of a deed based upon a certificate issued for nonpayment of taxes.

(2) A lien created through the sale of a tax certificate may not be foreclosed or enforced in any manner except as prescribed in this chapter.

(3) A property appraiser may also correct a material mistake of fact relating to an essential condition of the subject property to reduce an assessment if to do so requires only the exercise of judgment as to the effect on assessed or taxable value of that mistake of fact.

(a) As used in this subsection, the term "an essential condition of the subject property" means a characteristic of the subject parcel, including only:

1. Environmental restrictions, zoning restrictions, or restrictions on permissible use;

2. Acreage;

3. Wetlands or other environmental lands that are or have been restricted in use because of such environmental features;

4. Access to usable land;

5. Any characteristic of the subject parcel which characteristic, in the property appraiser's opinion, caused the appraisal to be clearly erroneous; or

6. Depreciation of the property that was based on a latent defect of the property which existed but was not readily discernible by inspection on January 1, but not depreciation resulting from any other cause.

(b) The material mistake of fact may be corrected by the property appraiser, in like manner as provided by law for performing the act in the first place only within 1 year after the approval of the tax roll pursuant to s. 193.1142, and, when so corrected, the act becomes valid ab initio and in no way affects any process by law for the enforcement of the collection of any tax. If such a correction results in a refund of taxes paid on the basis of an erroneous assessment contained on the current year's tax roll for years beginning January 1, 1999, or later, the property appraiser, at his or her option, may request that the department pass upon the refund request pursuant to s. 197.182 or may submit the correction and refund order directly to the tax collector for action in accordance with the notice provisions of s. 197.182(2). Corrections to tax rolls for prior years which would result in refunds must be made pursuant to s. 197.182.

**History.**--s. 129, ch. 85-342; s. 11, ch. 88-216; s. 9, ch. 91-295; s. 6, ch. 92-32; s. 1, ch. 98-167.

Disclaimer: The information on this system is unverified. The journals or printed bills of the respective chambers should be consulted for official purposes. Copyright © 2000-2005 State of Florida.