UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                        :        Chapter 11
: 
DELPHI CORPORATION et al.,      :        Case No. 05-44481 (RDD)
: 
                      Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER IMPLEMENTING FINAL TRADING
ORDER IN RESPECT OF ACQUISITION AND SALE OF STOCK BY
<u>FIDELITAS INVESTMENTS LTD</u>.

("FIDELITAS TRADING ORDER")

        WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended; and

        WHEREAS, on January 6, 2006, this Court entered the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Fed. R. Bankr. P. 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification And Hearing Procedures For Trading In Claims And Equity Securities (the "Final Trading Order") (Docket No. 1780); and

        WHEREAS, on June 2, 2006, Fidelitas Investments Ltd. ("Fidelitas") effectuated a purchase of 1,000,000 shares of Stock (as defined in the Final Trading Order) of Delphi, and on June 5, 2006, Fidelitas effectuated a purchase of 800,000 shares of Stock, which purchases resulted in Fidelitas having acquired an aggregate Tax Ownership (as defined in the Final Trading Order) of Stock in excess of 26,499,999 shares, exceeding the amount set forth in the

definition of Substantial Equity Holder in the Final Trading Order (such Stock purchases by Fidelitas collectively, the "Noncompliant Purchase"); and

WHEREAS, on December 6, 2006, Fidelitas sold 650,000 shares of Stock (the "Noncompliant Sale"); and

WHEREAS, as of the date hereof, Fidelitas holds 27,385,211 shares of Stock; and

WHEREAS, Fidelitas acknowledges that the Noncompliant Purchase and the Noncompliant Sale did not comply with the procedures set forth in the Final Trading Order; and

WHEREAS, Fidelitas has represented that:

(i) it is a Moscow-based investment fund which, through an affiliate, maintains only one employee in the United States, who joined Fidelitas less than six months ago;

(ii) it effectuated the Noncompliant Purchase and the Noncompliant Sale through European trading accounts, with the trades being placed by its prime broker, Credit Suisse;

(iii) at the time it effectuated the Noncompliant Purchase and the Noncompliant Sale, Fidelitas had no actual notice or knowledge of the Final Trading Order through Credit Suisse or otherwise;

(iv) it retained United States restructuring counsel in late March 2007 for the purpose of analyzing its rights with respect to its holdings of Stock;

(v) on April 18, 2007, it informed its United States restructuring counsel of the amount of its holdings of Stock, and soon thereafter was informed by such counsel of the existence of the Final Trading Order;

(vi) its Noncompliant Purchase and the Noncompliant Sale were wholly inadvertent because as an investment fund without significant presence in, or experience with, the U.S. financial markets for distressed debt, Fidelitas had no notice of the Final Trading Order;

(vii) it promptly approached the Debtors to explain the circumstances regarding the Noncompliant Purchase and the Noncompliant Sale so that a fair and expeditious remedy could be effectuated; and

(viii) at no time has it owned more than 28,035,211 shares of Stock.

NOW, THEREFORE, Delphi and Fidelitas hereby stipulate and agree (which stipulation, when "so ordered" by the Court, shall constitute an order in the above-captioned cases) as follows:

1.  Fidelitas shall sell a sufficient number of shares of Stock it acquired (the "Stock Disposition(s)"), so that after the Stock Disposition(s), Fidelitas shall hold fewer than 26.5 million shares of Stock. The Stock Disposition(s) shall be made in one or more open market transactions pursuant to which Fidelitas does not have actual knowledge of the identity of the persons or entity that is to become the beneficial owner(s) of such Stock. The Stock Disposition(s) shall be completed within 20 days after the entry of this joint stipulation and agreed order (the "Fidelitas Trading Order").

2.  Fidelitas shall not be required to file a Notice of Status as a Substantial Equityholder (as defined in and attached as Exhibit 1A to the Final Trading Order) as a result of any Stock Purchase; Fidelitas shall not be required to file a Notice of Intent to Purchase, Acquire, or Otherwise Obtain Tax Ownership of Stock (as defined in and attached as Exhibit 1B to the Final Trading Order) as a result of any Stock Purchase; and Fidelitas shall not be required to file a Notice of Intent to Sell, Exchange or Otherwise Dispose of Tax Ownership of Stock (as

defined in and attached as Exhibit 1C to the Final Trading Order) as a result of the Stock Disposition(s).

    3. If the aggregate amount realized by Fidelitas on the Stock Disposition(s), reduced by related costs, exceeds Fidelitas's aggregate basis in the Stock sold pursuant to the Stock Dispositions (any such excess, the "Aggregate Gain"), then Fidelitas shall promptly donate the Aggregate Gain to one or more organizations described in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended.  Separately, Fidelitas shall donate any similar Aggregate Gain realized from the December 6, 2006 Noncompliant Sale to one or more organizations described in Section 501(c)(3) of the Internal Revenue Code.

    4. Not later than 25 days after the entry of this Fidelitas Trading Order, Fidelitas shall file a certificate, signed by an authorized officer of Fidelitas, confirming that Fidelitas has complied with this Order and specifically describing (a) the number of shares of Stock sold pursuant to paragraph 1 hereof, (b) the date of each sale, (c) the price at which each share was sold, (d) the related costs of each sale, (e) the basis of each share sold, (f) the date on which each share was acquired, (g) the Aggregate Gain, if any, upon such sales described in paragraph 3 hereof, and (h) the organization(s) described in Section 501(c)(3) to which any Aggregate Gains were donated.

    5. In the future, Fidelitas shall comply in all respects with the applicable terms of the Final Trading Order and any other orders of this Court, whether now in effect or entered in the future, to the extent then in effect and applicable to Fidelitas (who, subsequent to the Stock Disposition(s), will no longer be deemed a Substantial Equity Holder), including, without limitation, in connection with any future transactions involving the acquisition or disposition of sale of either (a) Stock or (b) claims against the Debtors.

      6.      Under paragraph 9(a) of the Final Trading Order, the Noncompliant Purchase and the Noncompliant Sale were void <u>ab initio</u>, and accordingly, Fidelitas shall be treated as never having owned the Stock acquired in the Noncompliant Purchase and never having disposed of the Stock in the Noncompliant Sale.

      7.      The Final Trading Order remains in full force and effect, and nothing in this Fidelitas Trading Order shall be deemed a modification, waiver, or alteration of any of the terms, conditions, or requirements of the Final Trading Order.

So Ordered in New York, New York, this ____ day of May, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John Wm. Butler, Jr. | /s/ Andrew Goldman |
| John Wm. Butler, Jr. | Andrew Goldman |
| John K. Lyons | |
| Ron E. Meisler | WILMERHALE |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 399 Park Avenue |
| | New York, New York 10022 |
| 333 West Wacker Drive, Suite 2100 | (212) 230-8836 |
| Chicago, Illinois  60606-1285 | |
| (312) 407-0700 | Attorneys for Fidelitas Investments Ltd. |

            - and –

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession