UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
    In re                                          :         Chapter 11
                                                             :
DELPHI CORPORATION, et al.,           :         Case No. 05-44481 (RDD)
                                                              :
                                    Debtors.         :         (Jointly Administered)
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019
AUTHORIZING AND APPROVING DELPHI AUTOMOTIVE SYSTEMS
LLC'S AND DELPHI CORPORATION'S ENTRY INTO SETTLEMENT
AGREEMENT WITH ELECTRONIC DATA SYSTEMS CORPORATION, EDS
INFORMATION SERVICES L.L.C., AND EDS DE MEXICO, S.A. DE C.V.

("EDS SETTLEMENT ORDER")

       Upon the motion, dated May 11, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, for an order under 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019 authorizing and approving the entry of Delphi and Delphi Automotive Systems LLC ("DAS LLC") into a settlement agreement (the "Settlement Agreement") with Electronic Data Systems Corporation ("EDS Corp."), EDS Information Services L.L.C. ("EIS"), and EDS de Mexico, S.A. de C.V. ("EDS Mexico," together with EDS Corp. and EIS, "EDS"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of Delphi, DAS LLC, their estates, their creditors, and other parties-in-interest; and Delphi and DAS LLC having shown that the decision to enter into the Settlement Agreement is reasonable and appropriate under the circumstances; and proper and adequate notice of the Motion having been given and it appearing that no other or further notice

is necessary; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      Delphi and DAS LLC are hereby authorized to enter into the Settlement Agreement.

3.      The Settlement Agreement is hereby approved.

4.      EDS Corp. and EIS shall jointly hold Proof of Claim No. 12678 and such claim shall be allowed (as that term is used in 11 U.S.C. §502) as a prepetition general unsecured non-priority claim against (i) DAS LLC in the amount of $11,678,813.95 and (ii) Delphi in the amount of $4,999,999.93.

5.      EDS Corp. shall be the voting claimant on behalf of itself and EIS on account of Proof of Claim No. 12678 in connection with any plan of reorganization of the Debtors (the "Plan of Reorganization") and the Debtors shall only have an obligation to solicit EDS Corp.'s vote on account of Proof of Claim No. 12678. EIS shall consent to EDS Corp. voting on the Plan of Reorganization on behalf of EIS on account of Proof of Claim No. 12678. EDS Corp. shall accept on behalf of itself and EIS any and all distributions made under the Plan of Reorganization in connection with the Proofs of Claim. EIS shall consent to EDS Corp.'s acceptance of any and all distributions made in connection with Proof of Claim No. 12678. EIS shall release the Debtors of any liability on account of any distribution made to EDS Corp. on account of Proof of Claim No. 12678.

6.      Proofs of Claim Nos. 12679, 12680, 12681, 12682, and 12683 shall be expunged and disallowed in their entirety and with prejudice.

7. For administrative convenience only, and without prejudice to EDS' rights against Delphi, Proof of Claim No. 12679 shall be expunged subject to the right of EDS to reassert Proof of Claim No. 12679 as set forth herein.

8. The Settlement Agreement and this order are without prejudice to EDS' right to reassert Proof of Claim No. 12679 against Delphi in an amount no greater than $16,678,813.88 and such reasserted claim shall relate back to the original date of filing and shall be subject to the agreements between the Debtors and EDS as set forth on the record of the Court's hearing held on November 30, 2006 and in this Court's January 17, 2007 order. To the extent EDS reasserts Proof of Claim No. 12679, EDS must file such reasserted claim with this Court and serve such reasserted claim on counsel for the Debtors and the claims agent in these chapter 11 cases.

9. Proof of Claim No. 12679, if reasserted, shall be jointly held by EDS Corp. and EIS and (i) shall be allowed (as that term is used in 11 U.S.C. §502) against Delphi in an amount equal to $11,678,813.95 and (ii) shall be assertable against DAS LLC in an amount equal to $4,999,999.93, provided, however, that DAS LLC reserves the right to contest the allowance of Proof of Claim No. 12679 against DAS LLC, provided, further, however, DAS LLC and EDS agree that DAS LLC shall be permitted to contest only whether DAS LLC is an obligor liable for $4,999,999.93.

10. EDS Corp. shall be the voting claimant on behalf of itself and EIS on account of Proof of Claim No. 12679 in connection with the Plan of Reorganization and the Debtors shall only have an obligation to solicit EDS Corp.'s vote on account of Proof of Claim No. 12679. EIS shall consent to EDS Corp. voting on the Plan of Reorganization on behalf of EIS on account of Proof of Claim No. 12679. EDS Corp. shall accept on behalf of itself and EIS

any and all distributions made under the Plan of Reorganization in connection with Proof of Claim No. 12679. EIS shall consent to EDS Corp.'s acceptance of any and all distributions made in connection with the Proofs of Claim. EIS shall release the Debtors of any liability on account of any distribution made to EDS Corp. on account of Proof of Claim No. 12679.

11. If (i) (A) this Court confirms the Plan of Reorganization, and (B) the order confirming such Plan of Reorganization is final, has not been stayed, or is no longer subject to appeal, certiorari proceeding, or other proceeding for review or rehearing, and no appeal, certiorari proceeding, or other proceeding for review or rehearing shall then be pending and such Plan of Reorganization is consummated, and (ii) (A) the Plan of Reorganization provides for Substantive Consolidation (as defined below) of the assets and liabilities of Delphi and DAS LLC, or (B) under such a plan EDS Corp. and EIS receives a full recovery of its claim of $16,678,813.88 allowed on account of Proof of Claim No. 12678, then Proof of Claim No. 12679 may not be reasserted against Delphi and/or DAS LLC and if already reasserted, shall, upon the effective date of the Plan of Reorganization, be expunged with prejudice. In the event that the Plan of Reorganization does not provide for Substantive Consolidation, EDS Corp. and EIS shall not receive a recovery, in the aggregate, in an amount greater than $16,678,813.88. Solely for the purposes of this order, a plan of reorganization that provides for "Substantive Consolidation" of the assets and liabilities of Delphi and DAS LLC shall be one under which claims against either Delphi's or DAS LLC's individual estate are deemed to be claims against the consolidated estate, such that the Proofs of Claim are deemed to be a single claim filed against the consolidated estate.

12. Nothing in the Settlement Agreement (i) shall prohibit EDS from asserting (A) any claims arising after the Petition Date out of any agreement or transaction existing or

entered into among EDS, DAS LLC, and Delphi, and/or each of their respective affiliates and subsidiaries and/or (B) any rejection claims filed in accordance with paragraph 8 of the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof  (Docket No. 3206) and (ii) similarly nothing shall impair the Debtors' ability to contest the same.

        13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

        14. The requirement under rule 9013-1(b) of the Local Bankruptcy Rules for the United Stated Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is satisfied by the Motion.


Dated: New York, New York
       May ___, 2007


                                  _____
                                  UNITED STATES BANKRUPTCY JUDGE