UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

## RESPONSE OF MSX INTERNATIONAL, INC. TO THIRTEENTH OMNIBUS OBJECTION TO CLAIMS

MSX International, Inc. ("MSX"), for its Response to Thirteenth Omnibus Objection to Claims, states as follows.

### MSX's Proof of Claim

1. MSX filed identical proofs of claim in the amount of $90,809.43 against Delphi LLC, Delphi Automotive Systems, LLC, Delphi Corporation and Delphi Electronics (Holding) LLC (the "Claim") on July 24, 2006.

2. The Claim seeks payment owing to MSX for contract services provided to Delphi Corporation and/or certain of its affiliates (the "Debtors").

3. MSX claims the total amount of $90,809.43, but filed the Claim against four debtors because MSX is unable to determine precisely which legal entity is indebted to MSX.

4. MSX attached to the Claim copies of its statement of accounts owing by the Debtors, purchase orders from Delphi, and invoices that MSX sent to the Debtors reflecting the services provided, the dates of those services and the amounts owed.[1]

5. The purchase orders contain the names of the individuals at Delphi who were responsible for placing the orders for the services.

---

[1] MSX submitted its statements of accounts, invoices and purchase orders only with the proof of claim against Delphi Corporation. The attachment to the proof of claim against each Debtor referred to the documents attached to the claim against Delphi Corporation.

## The Debtors' Objection

6. On April 27, 2007, the Debtors filed their Thirteenth Omnibus Claims Objection (the "Objection") which stated that the Debtors objected to MSX's Claim as a "Books and Records Claim."

7. The Objection states that the Debtors are not liable for Books and Records Claims because of the following possible reasons: (a) the Debtors' books and records do not reflect the existence of the asserted claim or of the claimant asserting such claim; (b) the Debtors' books and records reflect that the claim has been paid pursuant to a court order; (c) the Debtors' books and records reflect that the asserted claim was properly paid pre-petition; and (d) the claim reflects a post-petition liability that has been paid by the Debtors.

8. Additionally, the Objection states that other reasons may exist for a claim to be considered a "Books and Records Claim." Objection, ¶ 28.

9. The Debtors sent MSX a Notice of Objection to Claim (the "Notice"). The Notice states that the Debtors seek to have the Claim disallowed and expunged as a Books and Records Claim.

10. The Notice does not state the grounds on which the Debtors are treating the Claim as a Books and Records Claim.

11. Neither the Objection nor the Notice state with specificity the grounds for the objection, nor do they state whether the Debtors contest any of the documentation provided by MSX.

## Legal Analysis

12. The Debtors have not overcome the *prima facie* validity of the Claim. A proof of claim constitutes *prima facie* evidence of the validity and amount of a claim. Fed.R.Bankr.P. 3002(f). The Debtors bear the burden of going forward and introducing "substantial evidence"

2

negating the correctness of MSX's evidence. *In re Townview Nursing Home*, 28 B.R. 431, 443 (Bankr. S.D.N.Y. 1983).

13. The Debtors have not offered any evidence rebutting the documentation submitted by MSX, much less offered evidence with equal probative force so as to negate the correctness of the documentation submitted by MSX. The Debtors have not even informed MSX as to the grounds for the objection to the Claim.

14. It will be very difficult for MSX to respond substantively to the Objection without more information regarding the basis for the Objection.

15. Even though the Debtors have not overcome the initial burden of rebutting the Claim, MSX submits with this Response a Declaration of R. Michael Muraske substantiating the validity and accuracy of the documentation attached to the Claim.

16. Therefore, the Objection as to MSX's Claim should be overruled and the Claim allowed.

17. Replies to this Response should be directed to counsel for MSX at the address below.

    Respectfully submitted,

    HONIGMAN MILLER SCHWARTZ AND COHN LLP
    Attorneys for MSX International, Inc.

    By: /s/ Sarah Hiltz Seewer
        Sarah Hiltz Seewer (P64882)
    2290 First National Building
    660 Woodward Avenue
    Detroit, MI 48226-3506
    (313) 465-7592

Dated: May 14, 2007

DETROIT.2614775.1

3