IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                              :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                 Debtors.       :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

      I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

      On May 11, 2007, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

    1) Motion For Order Under 11 U.S.C. Section 363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter Into Network Support Services Agreement ("Network Support Services Motion") (Docket No. 7926 corrected to reflect new exhibit page from Docket No. 7927) [a copy of which is attached hereto as Exhibit D]

    2) Motion Pursuant To 11 U.S.C. Section 105(a) For Supplemental Order Under 11 U.S.C. Sections 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Clarifying Debtors' Authority To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Against Specific Estates Without Further Court Approval ("Motion For Supplemental Settlement Procedures") (Docket No. 7930) [a copy of which is attached hereto as Exhibit E]

    3) Notice Of Presentment Of Joint Stipulation And Agreed Order Implementing Final Trading Order In Respect Of Acquisition And Sale Of Stock By Fidelitas Investments Ltd. ("Fidelitas Trading Order Presentment") (Docket No. 7931) [a copy of which is attached hereto as Exhibit F]

    4) Motion Under 11 U.S.C. Section 363 And Fed. R. Bankr. P. 9019 For Order Authorizing Delphi Corporation To (A) Perform Under Pension Funding Waivers Issued By United States Internal Revenue Service And (B) Provide Letters Of Credit To Pension Benefit Guaranty Corporation Thereunder ("IRS Pension Funding Waiver Motion") (Docket No. 7932) [a copy of which is attached hereto as Exhibit G]

5) Motion For Order Under 11 U.S.C. Section 363 And Fed. R. Bankr. P. 9019 Authorizing And Approving Delphi Automotive Systems LLC's Entry Into Settlement Agreement With Umicore Autocat Canada Corp. ("Umicore Settlement Motion") (Docket No. 7933) [a copy of which is attached hereto as <u>Exhibit H</u>]

6) Motion For Order Under 11 U.S.C. Section 363 And Fed. R. Bankr. P. 9019 Authorizing And Approving Settlement Agreement With Electronic Data Systems Corporation, EDS Information Services L.L.C., And EDS De Mexico, S.A. De C.V. ("EDS Settlement Motion") (Docket No. 7934) [a copy of which is attached hereto as <u>Exhibit I</u>]

On May 11, 2007, I caused to be served the document listed below upon the parties listed on <u>Exhibit J</u> hereto via overnight delivery:

7) Motion For Order Under 11 U.S.C. Section 363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter Into Network Support Services Agreement ("Network Support Services Motion") (Docket No. 7926 corrected to reflect new exhibit page from Docket No. 7927) [a copy of which is attached hereto as <u>Exhibit D</u>]

On May 11, 2007, I caused to be served the document listed below upon the parties listed on <u>Exhibit K</u> hereto via overnight delivery:

8) Motion Pursuant To 11 U.S.C. Section 105(a) For Supplemental Order Under 11 U.S.C. Sections 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Clarifying Debtors' Authority To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Against Specific Estates Without Further Court Approval ("Motion For Supplemental Settlement Procedures") (Docket No. 7930) [a copy of which is attached hereto as <u>Exhibit E</u>]

May 11, 2007, I caused to be served the document listed below upon the party listed on <u>Exhibit L</u> hereto via overnight delivery:

9) Notice Of Presentment Of Joint Stipulation And Agreed Order Implementing Final Trading Order In Respect Of Acquisition And Sale Of Stock By Fidelitas Investments Ltd. ("Fidelitas Trading Order Presentment") (Docket No. 7931) [a copy of which is attached hereto as <u>Exhibit F</u>]

May 11, 2007, I caused to be served the document listed below (i) upon the parties listed on Exhibit M hereto via overnight delivery and electronic notification:

10) Motion Under 11 U.S.C. Section 363 And Fed. R. Bankr. P. 9019 For Order Authorizing Delphi Corporation To (A) Perform Under Pension Funding Waivers Issued By United States Internal Revenue Service And (B) Provide Letters Of Credit To Pension Benefit Guaranty Corporation Thereunder ("IRS Pension Funding Waiver Motion") (Docket No. 7932) [a copy of which is attached hereto as Exhibit G]

May 11, 2007, I caused to be served the document listed below upon the parties listed on Exhibit N hereto via overnight delivery:

11) Motion For Order Under 11 U.S.C. Section 363 And Fed. R. Bankr. P. 9019 Authorizing And Approving Delphi Automotive Systems LLC's Entry Into Settlement Agreement With Umicore Autocat Canada Corp. ("Umicore Settlement Motion") (Docket No. 7933) [a copy of which is attached hereto as Exhibit H]

May 11, 2007, I caused to be served the document listed below upon the parties listed on Exhibit O hereto via overnight delivery:

12) Motion For Order Under 11 U.S.C. Section 363 And Fed. R. Bankr. P. 9019 Authorizing And Approving Settlement Agreement With Electronic Data Systems Corporation, EDS Information Services L.L.C., And EDS De Mexico, S.A. De C.V. ("EDS Settlement Motion") (Docket No. 7934) [a copy of which is attached hereto as Exhibit I]

Dated: May 15, 2007

_/s/ Evan Gershbein_
Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 15th day of May, 2007, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _/s/ Shannon J. Spencer_

Commission Expires: _6/20/10_

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein, Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com slivin@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariaivalerio@irs.gov | IRS |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | | Creditor Committee Member |
| Jefferies & Company, Inc. | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Maritza Ramos | 270 Park Avenue 15th Fl | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | maritza.ramos@chase.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

5/14/2007 12:36 PM
Master Service List Overnight Mail

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

5/14/2007 12:36 PM
Master Service List Overnight Mail

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

5/14/2007 12:36 PM
Master Service List Overnight Mail

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com slivini@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc. | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Maritza Ramos | 270 Park Avenue 15th Fl | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | maritza.ramos@chase.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

5/14/2007 12:36 PM
Master Service List Email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

5/14/2007 12:36 PM
Master Service List Email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

5/14/2007 12:36 PM
Master Service List Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | 212-922-3891 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | 404-253-8554 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC |
| Ambrake Corporation | Brandon J. Kessinger | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5428 | 270-737-3044 | bkessinger@akebono-usa.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel to Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel to Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | 765-640-1332 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Wallace A. Showman | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1429 | 212-554-1444 | wallace@blbglaw.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Bingham McHale LLP | John E Taylor Michael J Alerding Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | 317-236-9907 | jtaylor@binghammchale.com malerding@binghammchale.com wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel to Special Devices, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel to Diemolding Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel to Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimilliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605 529 | 0039-035-605-671 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc. |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | 216-241-0816 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | driggio@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | 212-541-5369 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Cooompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Cooompany |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nhp4@cornell.edu | Paralegal/Counsel to Cornell University |
| Covington & Burling | Susan Power Johnston | 1330 Avenue of the Americas | | New York | NY | 10019 | | 212-841-1005 | 646-441-9005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | 248-457-7001 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-916-2940 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Deputy Attorney General | Amina Maddox | R.J. Hughes Justice Complex | P.O. Box 106 | Trenton | NJ | 08625 | | 609-984-0183 | 609-292-6266 | amina.maddox@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Furukawa Electric North America APD; and Co-Counsel to Tower Automotive, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Dreier LLP | Maura I. Russell Wendy G. Marcari | 499 Park Ave | 14th Fl | New York | NY | 10022 | | 212-328-6100 | 212-652-3863 | jguerrier@dreierllp.com | Counsel to SPCP Group LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Eckert Seamans Cherin & Mellott LLC | Michael G. Busenkell | 300 Delaware Avenue | Suite 1360 | Wilmington | DE | 19801 | | 302-425-0430 | 302-425-0432 | mbusenkell@eckertseamans.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representattive for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc. |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel to Doshi Prettl International, LLC |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel to Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel to Aluminum International, Inc. |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | 866-890-3061 | charles@filardi-law.com | Counsel to Federal Express Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | David G Dragich | 500 Woodward Ave Suite 2700 | | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | ddragich@foley.com | Counsel to Intermet Corporation |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | Michael P. Richman | 90 Park Avenue | 37th Floor | New York | NY | 10016-1314 | | 212-682-7474 | 212-687-2329 | mrichman@foley.com | Counsel to Ernst & Young LLP |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | 212-318-3400 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | 210-270-7205 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg, Stinnett, Meyers & Davis | Merle C. Meyers | 44 Montgomery Street | Suite 2900 | San Francisco | CA | 94104 | | 415-362-5045 | 415-362-2392 | mmeyers@gsmdlaw.com | Counsel to Alps Automotive, Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel to UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | 212-801-6400 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | 713-374-3505 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | 315-471-3167 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | 212-918-8989 | judith.elkin@haynesboone.co m | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | 713-547-2600 | lenard.parkins@haynesboone. com kenric.kattner@haynesboone.c om | Counsel to Highland Capital Management, L.P. |
| Heller Ehrman LLP | Timothy Mehok | Times Square Tower | Seven Times Square | New York | NY | 10036 | | 212-832-8300 | 212-763-7600 | timothy.mehok@hellerehrman. com | Counsel to @Road, Inc. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | 716-819-4645 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 230 Park Avenue | 17th Floor | New York | NY | 10169 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | 248-645-1568 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel to RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | | heather@inplaytechnologies.com | Creditor |
| Intermet Corporation | Alan Miller | 301 Commerce Street | Ste 2901 | Fort Worth | TX | 76102 | | | | amiller@intermet.com | Creditor |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel to Trutron Corporation |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | 231-728-2206 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | 212-836-8689 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | H. Slayton Dabney, Jr. Bill Dimos | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | sdabney@kslaw.com bdimos@kslaw.com | Counsel to KPMG LLP |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Klett Rooney Lieber & Schorling | Eric L. Schnabel DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | (302) 552-4200 | | schnabel@klettrooney.com dbrown@klettrooney.com | Counsel to Entergy |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | 816-960-0041 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lambert, Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | 610-738-1217 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissell.com | Counsel to Methode Electronics, Inc. |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | 212-947-1202 | kwalsh@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | | 814-870-7754 | 814-454-4647 | rparks@mijb.com | Counsel to Ideal Tool Company, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel to Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel to Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | 973-624-7070 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| McGuirewoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | 804-775-1061 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.com | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.com | Counsel to Prince George County, Maryland |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | khopkins@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb / Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 / 616-831-1726 | 616-988-1748 / 616-988-1726 | sarbt@millerjohnson.com / wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 20

5/14/2007 12:33 PM
Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | pjricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Stephanie K. Hoos | The Chrysler Center | 666 Third Avenue | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | skhoos@mintz.com | Counsel of Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morrison Cohen LLP | Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8757 | 917-522-3157 | mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | 214-855-7584 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel to National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Matthew W. Cheney | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | mcheney@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl Young Jones & Weintraub LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | 302- 652-4400 | mseidl@pszyjw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl Young Jones & Weintraub LLP | William P. Weintraub | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | 212-561-7777 | wweintraub@pszyjw.com | Counsel for Essex Group, Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg Justin G. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | arosenberg@paulweiss.com jbrass@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 14 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | 203-259-0251 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2052 | andrew.herenstein@quadrangegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Reed Smith | Richard P. Norton | One Riverfront Plaza | 1st Floor | Newark | NJ | 07102 | | 973-621-3200 | 973-621-3199 | rnorton@reedsmith.com | Counsel to Jason Incorporated, Sackner Products Division |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | 312-726-0647 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel to ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | 212-841-5725 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | | tslome@rsmllp.com | Counsel to JAE Electronics, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rttrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | agelman@sachnoff.com | Counsel to Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 16 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | mnewman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | 312-258-5600 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel to Panasonic Autommotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel to D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel to  le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | 603-627-8121 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel to Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel to  Michigan Heritage Bank; MHB Leasing, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | emarcks@ssd.com | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | 213-897-2802 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | 313-456-2201 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel to Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | 609-392-7956 | jposta@sternslaw.com jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 18 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour Suite 300 | | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rnsteinwurtzel@swidlaw.com | Attorneys for Sanders Lead Co., Inc. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | 513-381-0205 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennesse Department of Revenue |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | 408-998-4895 | ddraper@terra-law.com | Counsel to Maxim Integrated Products, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | The Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | 1-330-471-4388 | robert.morris@timken.com | Legal Department of The Timken Corporation Representative for Timken Company |
| Thelen Reid Brown Raysman & Steiner LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation and Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | 214-999-9139 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel to Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel to Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| Varnum, Riddering, Schmidt & Howlett LLP | Michael S. McElwee | Bridgewater Place | P.O. Box 352 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel to Furukawa Electric North America APD and Co-Counsel to Tower Automotive, Inc. |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel to Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 19 of 20

5/14/2007 12:33 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel to Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel to Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel to National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel to National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel to Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel to Toyota Tsusho America, Inc. and Karl Kufner, KG aka Karl Kuefner, KG |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 20 of 20

5/14/2007 12:33 PM
Email

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | 610-230-3064 | Counsel to Airgas, Inc. |
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | Vice President of Administration for Akebono Corporation |
| APS Clearing, Inc. | Andy Leinhoff | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | 512-314-4416 | Counsel to APS Clearing, Inc. |
| APS Clearing, Inc. | Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | 512-314-4416 | Counsel to APS Clearing, Inc. |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | 313-496-1200 | Counsel to Kamax L.P.; Optrex America, Inc. |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | 303-295-0202 | Counsel to United Power, Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | 615-321-0555 | Counsel to Averitt Express, Inc. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-8898 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-6065 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | 248-576-5741 | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Dykema Gossett PLLC | Gregory J. Jordan | 10 Wacker | Suite 2300 | Chicago | IL | 60606 | 312-627-2171 | Counsel to Tremont City Barrel Fill PRP Group |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | 305-349-2300 | Counsel to Ryder Integrated Logistics, Inc. |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | 302-622-7000 | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Heller Ehrman LLP | Carren Shulman | Times Square Tower | Seven Times Square | New York | NY | 10036 | 212-832-8300 | Counsel to @Road, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | Counsel to ZF Group North America Operations, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

5/14/2007 12:33 PM
US MAIL

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|------------------|
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | General Counsel to Jason Incorporated |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | 850-763-8421 | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | 312-861-2000 | Counsel to Lunt Mannufacturing Company |
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-812-8340 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | 804-775-1178 | Counsel to Siemens Logistics Assembly Systems, Inc. |
| Miami-Dade County Tax Collector | Metro-Dade Paralegal Unit | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | 305-375-5314 | Paralegal Collection Specialist for Miami-Dade County |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | 908-722-0700 | Counsel to Rotor Clip Company, Inc. |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | 216-586-3939 | Counsel to WL. Ross & Co., LLC |
| O'Rourke Katten & Moody | Michael C. Moody | 161 N. Clark Street | Suite 2230 | Chicago | IL | 60601 | 312-849-2020 | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3157 | Counsel to Ambrake Corporation; Akebono Corporation |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | 989-385-3230 | Corporate Secretary for Professional Technologies Services |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | 330-670-3004 | Counsel to Republic Engineered Products, Inc. |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | 213-312-2000 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | 312-207-1000 | Counsel to Infineon Technologies North America Corporation |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | 312-258-5500 | Counsel to  Means Industries |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | 860-251-5811 | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | 201-930-7483 | Counsel to Sony Electronics, Inc. |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | 212-806-5400 | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. a |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | Conflicts counsel to Debtors |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

5/14/2007 12:33 PM
US MAIL

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|------------------|
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | 412-562-2549 | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | 614-464-6422 | |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | 614-464-8322 | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | 817-810-5250 | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| WL Ross & Co., LLC | Stephen Toy | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | 212-826-1100 | Counsel to WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

5/14/2007 12:33 PM
US MAIL

# EXHIBIT D

**Hearing Date And Time: May 31, 2007 at 10:00 a.m.**
**Objection Deadline: May 24, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                                        :    (Jointly Administered)
        Debtors.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION FOR ORDER UNDER 11 U.S.C. § 363(b) AND FED. R.
BANKR. P. 6004 AUTHORIZING DEBTORS TO ENTER INTO
NETWORK SUPPORT SERVICES AGREEMENT

("NETWORK SUPPORT SERVICES MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this motion (the "Motion") for an order pursuant to 11 U.S.C. § 363(b) and Fed.

R. Bankr. P. 6004 authorizing, but not directing, the Debtors to enter into various information

technology ("IT") agreements related to global network support services, and respectfully

represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  The Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders.

3.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are section 363(b)

of the Bankruptcy Code and rule 6004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

2

B.        Current Business Operations Of The Debtors

5.        Delphi and its subsidiaries and affiliates (collectively, the "Company") as
of December 31, 2006 had global net sales of $26.4 billion and global assets of approximately
$15.4 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public
company business reorganization in terms of revenues, and the thirteenth largest public company
business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11
debtors and continue their business operations without supervision from the Bankruptcy Court.[2]

6.        The Company is a leading global technology innovator with significant
engineering resources and technical competencies in a variety of disciplines, and is one of the
largest global suppliers of vehicle electronics, transportation components, integrated systems and
modules, and other electronic technology.  The Company supplies products to nearly every
major global automotive original equipment manufacturer.

7.        Delphi was incorporated in Delaware in 1998 as a wholly-owned
subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the
Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the
assets and liabilities of these divisions and subsidiaries were transferred to the Company in
accordance with the terms of a Master Separation Agreement between Delphi and GM.  In
connection with these transactions, Delphi accelerated its evolution from a North American-
based, captive automotive supplier to a global supplier of components, integrated systems, and

---

[1]    The aggregated financial data used in this Motion generally consists of consolidated information from Delphi
and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 27,
2007.

[2]    On March 20 2007, Delphi Automotive Systems Espana S.L., whose sole operation is a non-core automotive
component plant in Cadiz, Spain, filed its "Concurso" application for a Spanish insolvency proceeding.  The
application was approved by the Spanish court on April 13, 2007.  The Concurso proceeding does not affect
other Delphi legal entities in Spain or elsewhere and is an isolated event that is consistent with Delphi's
transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

3

modules for a wide range of customers and applications.  Although GM is still the Company's

single largest customer, today more than half of Delphi's revenue is generated from non-GM

sources.

C.      Events Leading To The Chapter 11 Filing

        8.      In the first two years following Delphi's separation from GM, the

Company generated approximately $2 billion in net income.  Every year thereafter, however,

with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the

Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3]

Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of

approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006, the Debtors incurred

a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee

special attrition programs.

        9.      The Debtors believe that the Company's financial performance has

deteriorated because of (a) increasingly unsustainable U.S. legacy liabilities and operational

restrictions driven by collectively bargained agreements, including restrictions preventing the

Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating

largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic

OEMs resulting in the reduced number of motor vehicles that GM produces annually in the

United States and related pricing pressures, and (c) increasing commodity prices.

        10.      In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

---

[3]   Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a
valuation allowance on the U.S. deferred tax assets as of December 31, 2004.  The Company's net operating
loss in calendar year 2004 was $482 million.

portfolio, operational issues, and forward-looking revenue requirements. Because discussions

with its major unions and GM had not progressed sufficiently by the end of the third quarter of

2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete the

Debtors' transformation plan and preserve value for its stakeholders.

D.    The Debtors' Transformation Plan

11.    On March 31, 2006, the Company outlined five key tenets of its

transformation plan. First, Delphi must modify its labor agreements to create a competitive

arena in which to conduct business. Second, the Debtors must conclude their negotiations with

GM to finalize GM's financial support for the Debtors' legacy and labor costs and to ascertain

GM's business commitment to the Company. Third, the Debtors must streamline their product

portfolio to capitalize on their world-class technology and market strengths and make the

necessary manufacturing alignment with their new focus. Fourth, the Debtors must transform

their salaried workforce to ensure that the Company's organizational and cost structure is

competitive and aligned with its product portfolio and manufacturing footprint.[4] Finally, the

Debtors must devise a workable solution to their current pension situation.

12.    On December 18, 2006, the Debtors marked another milestone in their

chapter 11 cases with the announcement of two significant agreements. The first of these was an

equity purchase and commitment agreement (the "Equity Purchase and Commitment

Agreement") with affiliates of Appaloosa Management L.P., Cerberus Capital Management,

L.P., and Harbinger Capital Partners Master Fund I, Ltd., as well as Merrill Lynch & Co. and

---

[4]    As part of this effort, effective July 1, 2006, the Company realigned its business operations to focus its product
portfolio on core technologies for which the Company believes it has significant competitive and technological
advantages. The Company's revised operating structure consists of its four core business segments: Electronics
and Safety, Thermal Systems, Powertrain Systems, and Electrical/Electronic Architecture. The Company also
has two additional segments, Steering and Automotive Holdings Group, which will be transitioned as part of the
Company's transformation plan.

5

UBS Securities LLC (collectively, the "Plan Investors").  Under the Equity Purchase and

Commitment Agreement, the Plan Investors have agreed to invest up to $3.4 billion in preferred

and common equity in the reorganized Delphi to support the Debtors' transformation plan.  The

Equity Purchase and Commitment Agreement is subject to the completion of due diligence,

satisfaction or waiver of numerous other conditions (including Delphi's goal of achieving

consensual agreements with its principal U.S. labor unions and GM), and the non-exercise by

either Delphi or the Plan Investors of certain termination rights.  The second agreement was a

plan framework support agreement (the "Plan Framework Support Agreement") with the Plan

Investors and GM.  The Plan Framework Support Agreement outlines certain proposed terms of

the Debtors' anticipated plan of reorganization, including the distributions to be made to creditors

and shareholders, the treatment of GM's claims, the resolution of certain pension funding issues,

and the corporate governance of the reorganized Debtors.  The terms of the Plan Framework

Support Agreement are expressly conditioned on the Debtors' reaching consensual agreements

with their U.S. labor unions and GM.

       13.     On January 12, 2007, this Court authorized the Debtors to execute,

deliver, and implement the Equity Purchase and Commitment Agreement and the Plan

Framework Support Agreement (Docket No. 6589).  On February 28, 2007, Delphi entered into

an amendment to the Equity Purchase and Commitment Agreement with the Plan Investors to

extend the date by which the Company, the Cerberus Capital Management, L.P. affiliate, or the

Appaloosa Management L.P. affiliate have the right to terminate the agreement on account of not

yet having completed tentative labor agreements with Delphi's principal U.S. labor unions and a

consensual settlement of legacy issues with GM.  The amendment extended the termination right

pursuant to a 14-day notice mechanism.  The amendment also extended the deadline to make

certain regulatory filings under the federal antitrust laws in connection with the Equity Purchase

and Commitment Agreement and the Plan Framework Support Agreement.

14.     On April 19, 2007, Delphi announced that the Debtors anticipated

negotiating changes to the Equity Purchase and Commitment Agreement and the Plan

Framework Support Agreement.  The Debtors do not believe that these developments will

preclude the Debtors from filing a joint plan of reorganization and related documents with the

Court prior to the current expiration of the exclusivity period on July 31, 2007 or emerging from

chapter 11 reorganization this year.  The Debtors also confirmed that none of the parties entitled

to give notice of termination of the framework agreements had done so as of the date of this

filing and that these agreements remain effective as previously filed until modified or terminated.

15.     Although much remains to be accomplished in the Debtors' reorganization

cases, the Debtors and their stakeholders are together navigating a course that should lead to a

consensual resolution with their U.S. labor unions and GM while providing an acceptable

financial recovery framework for the Debtors' stakeholders.  Upon the conclusion of the

reorganization process, the Debtors expect to emerge as a stronger, more financially sound

business with viable U.S. operations that are well-positioned to advance global enterprise

objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-

quality products to its customers globally.  Additionally, the Company will preserve and

continue the strategic growth of its non-U.S. operations and maintain its prominence as the

world's premier auto supplier.

<u>Relief Requested</u>

16.     By this Motion, the Debtors seek entry of an order under section 363(b) of

the Bankruptcy Code and Bankruptcy Rule 6004 authorizing, but not directing, the Debtors to

enter into and perform under an amendment to the March 9, 2007 Master Services Agreement

7

with Computer Sciences Corporation ("CSC"), which provides for certain global network support services, including wide area network, local area network, voice services, and mobility services support (the "Network Support Services Agreement").[5]

<div align="center">Basis For Relief</div>

17.    The Debtors' decision to enter into the Network Support Services Agreement is another step in the implementation of their transformation plan.  As previously indicated to this Court, under the Debtors' transformation plan, the Debtors intend to transform their salaried workforce to ensure a competitive structure aligned with their product portfolio and manufacturing footprint, which would in turn lower the Debtors' selling, general, and administrative ("SG&A") expenses.  To achieve this goal, the Debtors have designed and are implementing a shared service delivery model that will contribute to the reduction of their global SG&A expense by $450 million annually.  One aspect of this effort is Delphi's accelerated consolidation and outsourcing of IT functions and its transition to common processes and systems.  Benchmarking analysis conducted with independent consultants examining the detailed cost of IT services of Delphi and its key IT competitors led to the conclusion that Delphi's 2005 IT operating budget of $588 million could be reduced by $256 million (included in the $450 million objective) through three transformation actions:  outsourcing IT services, reducing the number and type of unique, non-common systems and moving such systems to common operating platforms, and running a streamlined IT shared service organization.

18.    Outsourcing of IT services, which is expected to result in a portion of the $256 million in savings, is to be completed in three phases.  The Debtors' shared service model

---

[5]    Pursuant to the Application Maintenance Order (defined below), the Debtors received authority from this Court to enter into and perform under the March 9, 2007 Master Service Agreement by and between Delphi and CSC (the "CSC MSA").

calls for the outsourcing of the following IT services: (a) global infrastructure services,

including desktops, service desk, and mainframe and server systems hosting, (b) application

maintenance and support, and (c) network support services such as data networks and voice

services. On October 19, 2006, this Court entered an order authorizing the Debtors to enter into

and perform under the first phase of their planned IT outsourcing (Docket No. 5378) and on

April 23, 2007, this Court entered an order authorizing the Debtors to enter into and perform

under the second phase of their planned IT outsourcing (Docket No. 7774). The Debtors have

commenced performance under both Phase I and Phase II of the IT outsourcing plan. This

Motion addresses the outsourcing of global network support services, which is the third and final

phase of the IT outsourcing plan.

19.    Prior to the implementation of their IT transformation plan, the Debtors

purchased IT services from more than 100 regional-based suppliers. The completion of all three

outsourcing phases should enable rationalization of the supplier-provider base to fewer than ten

direct suppliers. Because many of the Debtors' major existing IT contracts are due to expire by

the end of 2007, it is appropriate for the Debtors to take this initiative now. Alternatively, the

Debtors could begin negotiations to extend their existing agreements. Doing so, however, would

not only hinder the Debtors' long-term efforts to transition to a more efficient delivery model

through outsourcing, but could also restrict the Debtors in completing other transformation

objectives due to ongoing minimum revenue commitments in existing contracts.

20.    Outsourcing IT services to a few strategic suppliers will enable the

Debtors to significantly reduce the number of internal employees providing such services. The

third phase of this project, outsourcing of global network support services, will result in

significant operating savings beyond current operating costs. After one-time transition costs of

9

approximately $16 million, the Debtors expect net operating savings to approximate $71 million over the five-year term of the Network Support Services Agreement.

21.    As part of the competitive bidding process for the outsourcing of global network support services, the Debtors used external industry experts in global outsourcing and contract negotiations to objectively and competitively select service providers that have proven technical capability and global breadth.  As with the previous phases of their IT outsourcing process, the Debtors followed a structured bidding process methodology to ensure that an objective and comprehensive assessment was conducted according to established standards.  The Debtors established a selection steering committee (the "Selection Steering Committee") to assess the market for qualified service providers.  The Selection Steering Committee identified six target service providers.  Subsequently, the Selection Steering Committee conducted a formal review of each service provider's standard market offering, and ultimately the Debtors sought requests for proposals from three service providers.  The Debtors provided a detailed service requirement document to the three service providers and also conducted due diligence on the global service delivery capabilities of such providers.  Two of the service providers submitted formal proposals to the Debtors.  Based on the submitted proposals, the Debtors selected CSC to take to final contract.  Subsequently, the parties negotiated a master service agreement, statement of work, service levels, pricing, and related supporting schedules.

22.    Based on arms-length negotiations between the Debtors and CSC, the Debtors recommended to Delphi's Board of Directors (the "Board"), and subsequently received approval from the Board, to award the project to CSC.  By moving to a model that provides for the outsourcing of data networks and voice services to a single outside vendor, the Debtors believe that they will (a) be able to develop a stronger relationship with that service provider and

10

(b) reduce their costs through common processes, common systems, and economies of scale.
The key terms of the proposal are described below.

The Network Support Services Agreement

23.    The Debtors have entered into the Network Support Services Agreement
with CSC, the effectiveness of which is conditioned on this Court's approval.  The Debtors are
filing the Network Support Services Agreement under seal as Exhibit A attached hereto.[6]  The
Network Support Services Agreement is being filed under seal because it contains competitively
sensitive business information which, if publicly disclosed, would release proprietary and
confidential information and could detrimentally affect the Debtors' (and CSC's) ability to
negotiate the terms of future agreements with other parties.  Generally, the Network Support
Services Agreement is a global services contract under which Delphi will contract for global
network support services on behalf of itself and each of its subsidiaries and affiliates for a five-
year term.[7]  The cost of the contract is between $325 and $400 million over the five-year term.
Monthly operating expenses and one-time transition costs will be charged directly or allocated to
the Delphi affiliates which use the services, with approximately 45% of operating and transition
costs being borne by the Debtors and the remaining costs by non-Debtor affiliates of Delphi.[8]

---

[6]    The Debtors filed the Network Services Agreement under seal in accordance with the Order Under 11 U.S.C. §
107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File the Network Services Agreement Under Seal
(Docket No. ___).  The Debtors previously filed the CSC MSA under seal in accordance with the March 28,
2007 Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Application
Maintenance And Support Agreements Under Seal (Docket No. 7453).

[7]    In the event of any inconsistency between the Motion and the Network Services Agreement, the Network
Services Agreement governs.

[8]    As previously disclosed in other filings before this Court, the Intercompany Agreement, dated May 17, 1999, is
an intercompany cash pooling agreement permitting Delphi and its subsidiaries to engage in intercompany
transactions, track intercompany transfers of funds, and obtain reimbursement for services provided to each
other.  The Intercompany Agreement covers the flow of expenses and liabilities arising from the CSC
Agreement.

11

24.     The scope of services to be provided under the Network Support Services

Agreement includes transition services both at the inception of the Network Support Services

Agreement and at the termination of the Network Support Services Agreement to ensure a

smooth transition from existing service providers to CSC and also to ensure that there is no

disruption to Delphi's business at the end of the term.  The agreement includes a provision for

moving Delphi to the next level of technology innovation, the convergence of data and voice

services into a single platform, and enables innovative pricing that shifts the risk of

transformation to CSC.  As explained in more detail below, this provision will be particularly

helpful when Delphi seeks to sell or wind-down non-core product lines and manufacturing sites

as part of its transformation plan.  The Network Support Services Agreement also includes a

benchmarking clause to ensure that the agreement continues to be competitive as to service,

price, and technology over its term.

25.     Termination Rights.  Delphi may terminate the Network Support Services

Agreement (a) for cause, (b) for convenience, (c) upon change in control of CSC or Delphi, or

(d) for insolvency of CSC.  No termination charges apply in the case of a termination for cause

or upon insolvency of the applicable service provider.  The amounts of any termination charges

under a termination for convenience or upon change in control are calculated in accordance with

the schedule attached to the terminated agreement and reflect CSC's investment to provide the

services.  There are no termination charges payable after four years under the Network Support

Services Agreement.

26.     CSC has certain termination rights under the Network Support Services

Agreement.  If CSC becomes entitled to terminate its agreement, it must nonetheless provide

12

termination assistance services as long as Delphi pays for such services (at previously negotiated prices) in advance.

        27.    <u>Divestitures</u>.  As part of its transformation plan, Delphi identified non-core product lines and manufacturing sites that do not fit into its future strategic framework and that Delphi is seeking to sell or wind-down.  Delphi also continually evaluates its product portfolio and could retain or exit certain businesses depending on market forces or cost structure changes. Delphi intends to sell or wind-down non-core product lines and manufacturing sites during the term of the Network Support Services Agreement.  Thus, Delphi required that the Network Support Services Agreement provide Delphi flexibility with respect to the effect that a divestiture would have upon Delphi's rights and obligations under the agreement.  The following table summarizes Delphi's options under the Network Support Services Agreement subsequent to a divestiture:

|  | **Partial Termination For Convenience** | **Reduced Service Consumption (Reduced Resource Credit Mechanism)** | **Requirement Of Divested Entity To Enter Into Separate Agreement With Service Provider By Separating Master Services Agreement** |
|---|---|---|---|
| **Termination Charges** | • Termination charges would apply | • No termination charges apply | • No termination charges apply |
| **Rights** | • Right to hire people, buy equipment, and assign contracts | • No right to hire people, buy assets, or assign contracts | • No need to hire people, buy assets, or transfer contracts |
| **Base Charges** | • Apportioned to scale for remaining services | • Charges for network support services are adjusted for changes in volume as a percentage of the resource unit cost and based on variance above or below applicable resource baseline | • Apportioned, based on services to be provided to divested entity<br>• Per unit pricing based on aggregate of services |
| **Other** | • Most likely incur separate project costs for services related to due diligence | • "Extraordinary Events" clause (which may result in more favorable pricing for Delphi) may be invoked if reduction is significant | • Base charges may be increased to reflect higher fixed costs (service provider would be required to prove that separating caused higher fixed costs)<br>• May incur separate project costs for services related to due diligence |

13

28.    <u>Treatment Of Prepetition Agreements And Claims Of CSC</u>.  Prior to the commencement of the Debtors' reorganization cases, although CSC and Delphi were parties to two agreements, the services provided under those agreements were not within the scope of the Network Support Services Agreement.  Therefore, the Network Support Services Agreement does not include a release in respect of any claims under those prepetition agreements.

29.    <u>Services To Affiliates</u>.  As was the case with its involvement in the second phase of the IT outsourcing process, CSC has entered or will enter into companion agreements with certain of Delphi's affiliates (the "Companion Agreements") to provide such affiliates with the services contemplated under the Network Support Services Agreement.  Pursuant to the Companion Agreements and the Network Support Services Agreement, Delphi's affiliates will be directly invoiced for the services they receive from CSC or a CSC affiliate under the Network Support Services Agreement and will be obligated to pay those invoices.  To induce CSC's performance to Delphi's affiliates, Delphi has agreed to be secondarily liable for certain charges billed directly to Delphi's non-Debtor affiliates.  In addition, Delphi also will be fully responsible and liable with respect to itself and its non-Debtor affiliates for certain other obligations under the Network Support Services Agreement.  Contemporaneously with entering into the Companion Agreements, Delphi has entered into indemnity agreements with its foreign, non-Debtor affiliates receiving services performed by CSC, both under the CSC MSA, which already has been approved by the Court, and the Network Support Services Agreement.  Under these indemnity agreements, in consideration for Delphi's directing CSC to provide the services contemplated under the Network Support Services Agreement to the foreign affiliates, the foreign affiliates will indemnify Delphi for any payments made by Delphi on their behalf under the Network Support Services Agreement.  In the event that Delphi is required to make payment

14

under the Network Support Services Agreement on behalf of an affiliate Debtor, Delphi hereby

requests that it be granted an allowed claim under section 503 of the Bankruptcy Code against

the affiliate Debtor in the amount of such payment.

30.    The Debtors and CSC have bargained in good faith to arrive at the terms

and conditions of the Network Support Services Agreement.  Moreover, CSC has significant and

proven experience with delivering the services as described herein.  Thus, the Debtors submit

that CSC has the expertise, skills, and tools to help Delphi efficiently transform its data networks

and voice services.

31.    In the exercise of their business judgment, the Debtors believe that the

savings and organizational efficiency that could be achieved through implementation of the

Network Support Services Agreement will maximize the recovery for all stakeholders and that

therefore the proposed agreement with CSC is in the best interests of the Debtors' estates.

<u>Applicable Authority</u>

32.    Bankruptcy Code section 363(b)(1) permits a debtor-in-possession to use

property of the estate "other than in the ordinary course of business" after notice and a hearing.

11 U.S.C. § 363(b)(1).  Uses of estate property outside the ordinary course of business may be

authorized if the debtor demonstrates a sound business justification for it.  <u>See</u> <u>In re Lionel</u>

<u>Corp.</u>, 722 F.2d 1063, 1071 (2d Cir. 1983) (business judgment rule requires finding that good

business reason exists to grant debtor's application under section 363(b)); <u>In re Delaware Hudson</u>

<u>Ry. Co.</u>, 124 B.R. 169, 179 (Bankr. D. Del. 1991).

33.    The Second Circuit has held that, although the Bankruptcy Court sits as an

"overseer of the wisdom with which the bankruptcy estate's property is being managed by the . . .

debtor-in-possession," it must nevertheless resist becoming "arbiter of disputes between creditors

15

and the estate." In re Orion Pictures Corp., 4 F.3d 1095, 1098-99 (2d Cir. 1993).  The Court's

consideration of a debtor's section 363(b) motion is a summary proceeding, intended merely as a

means to "efficiently review the . . . debtor's decision[s] . . . in the course of the swift

administration of the bankruptcy estate.  It is not the time or place for prolonged discovery or a

lengthy trial with disputed issues." Orion Pictures, 4 F.3d at 1098-99.

34.    Once the debtor articulates a valid business justification, a presumption

arises that "in making a business decision the directors of a corporation acted on an informed

basis, in good faith and in the honest belief that the action was in the best interests of the

company.'" In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992).  Thereafter,

"[p]arties opposing the proposed exercise of a debtor's business judgment have the burden of

rebutting the presumption of validity." Id.  To satisfy its burden, it is not enough for an objector

simply to raise and argue an objection. Rather, an objector "is required to produce some evidence

respecting its objections." Lionel, 722 F.2d at 1071.

35.    As a rule, the debtor's business judgment "should be approved by the court

unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound

business judgment, but only on bad faith, or whim or caprice.'" In re Aerovox, Inc., 269 B.R. 74,

81 (Bankr. D. Del. 2001) (quoting In re Interco, Inc., 128 B.R. 229, 234 (Bankr. E.D. Mo.

1991)).

36.    The Debtors submit that entering into Network Support Services

Agreement in accordance with the terms described above reflects a sound use of the Debtors'

business judgment.  By entering into the Network Support Services Agreement, the Debtors

estimate total net operating savings as compared to current spending for global network support

services of approximately $71 million over the five-year term of the agreements.  The fact that

16

the Network Support Services Agreement would allow for significant changes in the Debtors'

organizational size and scope commensurate with business portfolio divestitures, wind-downs, or

acquisitions without triggering a repricing of the Agreement constitutes a significant benefit to

Delphi.  Also, by reducing the number of service providers, the Debtors should reduce their IT

costs through common processes, common systems, and economies of scale.

<div align="center">Notice Of Motion</div>

37.    Notice of this Motion has been provided in accordance with the

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006,

9007, and 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

and Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Amended

Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m),

9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures, entered October 26, 2006 (Docket No. 5418).

<div align="center">Memorandum Of Law</div>

38.    Because the legal points and authorities upon which this Motion relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

<div align="center">17</div>

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing, but not directing, the Debtors to enter into and perform under the Network Support Services Agreement with CSC and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
          May 11, 2007

                        SKADDEN, ARPS, SLATE, MEAGHER
                         & FLOM LLP

                        By:    /s/ John Wm. Butler, Jr.
                               John Wm. Butler, Jr. (JB 4711)
                               John K. Lyons (JL 4951)
                               Ron E. Meisler (RM 3026)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois 60606
                        (312) 407-0700

                                   - and -

                        By:    /s/ Kayalyn A. Marafioti
                               Kayalyn A. Marafioti (KM 9632)
                               Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                         Debtors and Debtors-in-Possession

18

**Exhibit A**
**<u>Network Support Services Agreement</u>**

(Filed Under Seal)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR.
P. 6004 AUTHORIZING DEBTORS TO ENTER INTO
NETWORK SUPPORT SERVICES AGREEMENT

("NETWORK SUPPORT SERVICES ORDER")

Upon the motion, dated May 11, 2007 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for an order

under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 authorizing, but not directing, the

Debtors to enter into a global network support services agreement; and upon the record of

the hearing held on the Motion; and this Court having determined that the relief requested

in the Motion is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest; and it appearing that proper and adequate notice of the Motion has

been given and that no other or further notice is necessary; and after due deliberation

thereon, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.        The Motion is GRANTED.

2.        The Debtors are authorized, but not directed, to enter into and fully

perform under an amendment to the March 9, 2007 Master Services Agreement by and

between Computer Sciences Corporation ("CSC") and Delphi which provides for global

network support services (the "Network Support Services Agreement"), including making

all payments due to CSC under the Network Support Services Agreement.

       3.      The Debtors are authorized, but not directed, to execute and deliver,

and perform under, consummate, and implement all additional instruments and

documents as may be reasonably necessary or desirable to implement and perform under

the Network Support Services Agreement.

       4.      To the extent that Delphi makes a payment under the Network

Support Services Agreement in respect of the liability of an affiliate Debtor, Delphi shall

have an allowed claim under section 503 of the Bankruptcy Code against the affiliate

Debtor in the amount of such payment.

       5.      This Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this order.

       6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the

Motion.

Dated:   New York, New York
          _____, 2007


_____
UNITED STATES BANKRUPTCY JUDGE

**Hearing Date And Time: May 31, 2007, 10:00 a.m.**
**Objection Deadline: May 24, 2007, 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)


       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
       In re                              :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                          Debtors.        :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. § 363(b) AND
FED. R. BANKR. P. 6004 AUTHORIZING DEBTORS TO ENTER INTO
NETWORK SUPPORT SERVICES AGREEMENT

PLEASE TAKE NOTICE that on May 11, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed a Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter Into Network Support Services Agreement (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on May 31, 2007, at 10:00 a.m. (Prevailing Eastern Time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered October 26, 2006 (Docket No. 5418) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in

2

hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States

Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate,

Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John

Wm. Butler, Jr.), (iii) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Donald Bernstein and

Brian Resnick), (iv) counsel for the Official Committee of Unsecured Creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and

Mark A. Broude), (v) counsel for the Official Committee of Equity Security Holders, Fried,

Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004

(Att'n: Bonnie Steingart), and (vi) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:

Alicia M. Leonhard), in each case so as to be **received** no later than **4:00 p.m. (Prevailing**

**Eastern Time) on May 24, 2007** (the "Objection Deadline").

3

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth

herein and in accordance with the Case Management Order will be considered by the Bankruptcy

Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance

with the procedures set forth herein and in the Case Management Order, the Bankruptcy Court

may enter an order granting the Motion without further notice.


Dated:        New York, New York
              May 11, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr. (JB 4711)
                                    John K. Lyons (JL 4951)
                                    Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606
                              (312) 407-0700

                                        - and -


                              By:   /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession

4

# EXHIBIT E

**Hearing Date And Time: May 31, 2007 at 10:00 a.m.**
**Objection Deadline: May 24, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |

MOTION PURSUANT TO 11 U.S.C. § 105(a) FOR SUPPLEMENTAL ORDER UNDER 11
U.S.C. §§ 363, 502, AND 503 AND FED. R. BANKR. P. 9019(b) CLARIFYING DEBTORS'
AUTHORITY TO COMPROMISE OR SETTLE CERTAIN CLASSES OF CONTROVERSY AND
ALLOW CLAIMS AGAINST SPECIFIC ESTATES WITHOUT FURTHER COURT APPROVAL

("MOTION FOR SUPPLEMENTAL SETTLEMENT PROCEDURES")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this motion (the "Motion") for a supplemental order clarifying the Order Under 11

U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To

Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court

Approval (Docket No. 4414) (the "Settlement Procedures Order") to expressly provide that the

Debtors have the authority, under the Settlement Procedures (defined below), to allow claims (i)

against specific Debtor entities and their estates and (ii) with a priority or status different from

that which was asserted by claimants in their proofs of claim.  In support of this Motion, the

Debtors respectfully represent as follows:

<div align="center">Background</div>

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  The Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders.

3.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.      The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code.

B.      Current Business Operations Of The Debtors

5.      Delphi and its subsidiaries and affiliates (collectively, the "Company") as of December 31, 2006 had global net sales of $26.4 billion and global assets of approximately $15.4 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public company business reorganization in terms of revenues and the thirteenth largest public company business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11 debtors and continue their business operations without supervision from the Bankruptcy Court.[2]

6.      The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company supplies products to nearly every major global automotive original equipment manufacturer.

7.      Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the

---

[1]    The aggregated financial data used in this Motion generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 27, 2007.

[2]    On March 20 2007, Delphi Automotive Systems Espana S.L., whose sole operation is a non-core automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency proceeding.  The application was approved by the Spanish court on April 13, 2007.  The Concurso proceeding does not affect other Delphi legal entities in Spain or elsewhere and is an isolated event that is consistent with Delphi's transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

Company's business through various divisions and subsidiaries. Effective January 1, 1999, the

assets and liabilities of these divisions and subsidiaries were transferred to the Company in

accordance with the terms of a Master Separation Agreement between Delphi and GM. In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications. Although GM is still the Company's

single largest customer, today more than half of Delphi's revenue is generated from non-GM

sources.

C.    Events Leading To The Chapter 11 Filing

8.    In the first two years following Delphi's separation from GM, the

Company generated approximately $2 billion in net income. Every year thereafter, however,

with the exception of 2002, the Company has suffered losses. In calendar year 2004, the

Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3]

Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of

approximately $2.4 billion on net sales of $26.9 billion. Moreover, in 2006, the Debtors incurred

a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee

special attrition programs.

9.    The Debtors believe that the Company's financial performance has

deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational

restrictions driven by collectively bargained agreements, including restrictions preventing the

Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a
       valuation allowance on the U.S. deferred tax assets as of December 31, 2004. The Company's net operating
       loss in calendar year 2004 was $482 million.

4

largely fixed labor costs, (ii) a competitive U.S. vehicle production environment for domestic

OEMs resulting in the reduced number of motor vehicles that GM produces annually in the

United States and related pricing pressures, and (iii) increasing commodity prices.

10.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward-looking revenue requirements.  Because discussions

with its major unions and GM had not progressed sufficiently by the end of the third quarter of

2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete the

Debtors' transformation plan and preserve value for its stakeholders.

D.    The Debtors' Transformation Plan

11.    On March 31, 2006, the Company outlined five key tenets of its

transformation plan.  First, Delphi must modify its labor agreements to create a competitive

arena in which to conduct business.  Second, the Debtors must conclude their negotiations with

GM to finalize GM's financial support for the Debtors' legacy and labor costs and to ascertain

GM's business commitment to the Company.  Third, the Debtors must streamline their product

portfolio to capitalize on their world-class technology and market strengths and make the

necessary manufacturing alignment with their new focus.  Fourth, the Debtors must transform

their salaried workforce to ensure that the Company's organizational and cost structure is

competitive and aligned with its product portfolio and manufacturing footprint.[4]  Finally, the

Debtors must devise a workable solution to their current pension situation.

---

[4]    As part of this effort, effective July 1, 2006, the Company realigned its business operations to focus its product
portfolio on core technologies for which the Company believes it has significant competitive and technological
advantages.  The Company's revised operating structure consists of its four core business segments:  Electronics
and Safety, Thermal Systems, Powertrain Systems, and Electrical/Electronic Architecture.  The Company also
has two additional segments, Steering and Automotive Holdings Group, which will be transitioned as part of the
Company's transformation plan.

12.     On December 18, 2006, the Debtors marked another milestone in their

chapter 11 cases with the announcement of two significant agreements.  The first of these was an

equity purchase and commitment agreement (the "Equity Purchase and Commitment

Agreement") with affiliates of Appaloosa Management L.P., Cerberus Capital Management,

L.P., and Harbinger Capital Partners Master Fund I, Ltd., as well as Merrill Lynch & Co. and

UBS Securities LLC (collectively, the "Plan Investors").  Under the Equity Purchase and

Commitment Agreement, the Plan Investors have agreed to invest up to $3.4 billion in preferred

and common equity in the reorganized Delphi to support the Debtors' transformation plan.  The

Equity Purchase and Commitment Agreement is subject to the completion of due diligence,

satisfaction or waiver of numerous other conditions (including Delphi's goal of achieving

consensual agreements with its principal U.S. labor unions and GM), and the non-exercise by

either Delphi or the Plan Investors of certain termination rights.  The second agreement was a

plan framework support agreement (the "Plan Framework Support Agreement") with the Plan

Investors and GM.  The Plan Framework Support Agreement outlines certain proposed terms of

the Debtors' anticipated plan of reorganization, including the distributions to be made to creditors

and shareholders, the treatment of GM's claims, the resolution of certain pension funding issues,

and the corporate governance of the reorganized Debtors.  The terms of the Plan Framework

Support Agreement are expressly conditioned on the Debtors' reaching consensual agreements

with their U.S. labor unions and GM.

13.     On January 12, 2007, this Court authorized the Debtors to execute,

deliver, and implement the Equity Purchase and Commitment Agreement and the Plan

Framework Support Agreement (Docket No. 6589).  On February 28, 2007, Delphi entered into

an amendment to the Equity Purchase and Commitment Agreement with the Plan Investors to

extend the date by which the Company, the Cerberus Capital Management, L.P. affiliate, or the

Appaloosa Management L.P. affiliate have the right to terminate the agreement on account of not

yet having completed tentative labor agreements with Delphi's principal U.S. labor unions and a

consensual settlement of legacy issues with GM.  The amendment extended the termination right

pursuant to a 14-day notice mechanism.  The amendment also extended the deadline to make

certain regulatory filings under the federal antitrust laws in connection with the Equity Purchase

and Commitment Agreement and the Plan Framework Support Agreement.

14.    On April 19, 2007, Delphi announced that the Debtors anticipated

negotiating changes to the Equity Purchase and Commitment Agreement and the Plan

Framework Support Agreement.  The Debtors do not believe that these developments will

preclude the Debtors from filing a joint plan of reorganization and related documents with the

Court prior to the current expiration of the exclusivity period on July 31, 2007 or emerging from

chapter 11 reorganization this year.  The Debtors also confirmed that none of the parties entitled

to give notice of termination of the framework agreements has done so as of the date of this

filing and that these agreements remain effective as previously filed until modified or terminated.

15.    Although much remains to be accomplished in the Debtors' reorganization

cases, the Debtors and their stakeholders are together navigating a course that should lead to a

consensual resolution with their U.S. labor unions and GM while providing an acceptable

financial recovery framework for the Debtors' stakeholders.  Upon the conclusion of the

reorganization process, the Debtors expect to emerge as a stronger, more financially sound

business with viable U.S. operations that are well-positioned to advance global enterprise

objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-

quality products to its customers globally.  Additionally, the Company will preserve and

7

continue the strategic growth of its non-U.S. operations and maintain its prominence as the

world's premier auto supplier.

## Relief Requested

16.     By this Motion, out of an abundance of caution and pursuant to the

guidance of this Court, the Debtors seek a supplemental order (the "Supplemental Settlement

Procedures Order") clarifying that the Debtors, when settling claims pursuant to the Settlement

Procedures Order, have the authority to allow claims (i) against specific Debtor entities and their

estates and (ii) with a priority or status different from that which was asserted by claimants in

their proofs of claim.  Further, the Debtors request that the Supplemental Settlement Procedures

Order relate back to the date of entry of the Settlement Procedures Order.  The relief sought

herein is consistent with the intended scope of the Settlement Procedures Order.

## Basis For Relief

17.     Given the large number of claims and other matters the Debtors

anticipated resolving during the course of these cases, and the high costs associated with an

individualized approach to obtaining court approval of each of those settlements, the Debtors,

pursuant to the Motion For Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P.

9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And

Allow Claims Without Further Court Approval (Docket No. 4037) (the "Settlement Procedures

Motion") dated June 6, 2006, sought this Court's approval of certain guidelines and notice

procedures (the "Settlement Procedures") that would enable the Debtors to settle disputes in

commercial transactions and other circumstances outside the ordinary course of the Debtors'

business and to allow certain prepetition and postpetition claims without further court approval.

18.     By order entered on June 29, 2006, the Court approved the Settlement

Procedures with certain modifications.  Although the Settlement Procedures Order authorizes the

8

Debtors to allow certain claims without further court approval, it is silent in two respects relevant

to the allowance of such claims.  First, the Settlement Procedures Order does not expressly

authorize the Debtors to allow – nor does it expressly prohibit the Debtors from allowing –

claims against specific Debtor entities and their estates.  Second, the Settlement Procedures

Order does not expressly authorize the Debtors to allow – nor does it expressly prohibit the

Debtors from allowing – claims to be characterized as having a priority or status different from

that which was asserted by claimants in their proofs of claim.

19.    Because the Debtors believe that such authority is inherent in the relief

granted by the Settlement Procedures Order,[5] the Debtors, as part of their claims reconciliation

process, have utilized the Settlement Procedures to enter into agreements with claimants that (i)

allow, in whole or in part, prepetition claims against the estates of specific Debtor entities (e.g.,

Delphi Automotive Systems LLC) rather than against "the Debtors" as a whole and/or (ii)

characterize claims with a priority or status (e.g., secured, unsecured, or priority) different from

that which was asserted by the claimants.  Because the Debtors' estates have not been

substantively consolidated at this time, and because the Debtors often dispute the specific estate

against which certain claims were asserted, the Debtors believe that specifying the estate against

which each prepetition claim will be allowed is a necessary part of settling prepetition claims.

Likewise, because the characterization of a prepetition claim is a key component to any

settlement of that claim, and because the Debtors often dispute the claim classification asserted

by claimants, the Debtors believe that the ability to allow a claim with a priority or status

different from that which was asserted by claimants is also necessary.

---

[5]    The Settlement Procedures Order appears to contemplate settlements by specific Debtor entities.  Indeed,
paragraph 4(b)(vi) of that order limits the instances in which the Ad Hoc Trade Committee (as defined in the
Settlement Procedures Motion) is entitled to receive notice to only those settlements involving "claims proposed
to be settled by Delphi Corporation."  See Settlement Procedures Order ¶ 4(b)(vi).

20.      Therefore, although the Debtors believe that the ability to settle claims as described above is inherent in the relief granted by the Settlement Procedures Order, the Debtors seek to confirm that the Settlement Procedures Order expressly authorizes such action.

Applicable Authority

21.      Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Section 105(a) forms "'the basis for a broad exercise of power in the administration of a bankruptcy case.'" In re Elmendorf, 345 B.R. 486, 503 (Bankr. S.D.N.Y. 2006) (quoting In re Flores, 291 B.R. 44, 54 (Bankr. S.D.N.Y. 2003) (internal quotation omitted)).

22.      The Supplemental Settlement Procedures Order, confirming that the Debtors may, under the Settlement Procedures, allow claims against the estates of specific Debtor entities and with a priority or status different from that which was asserted by claimants, is both necessary and appropriate to the administration of the Debtors' reorganization cases.

23.      As the Court has implicitly acknowledged by approving the Settlement Procedures, such procedures are appropriate in light of the size and complexity of, and the number of disputes that arise in, the Debtors' chapter 11 cases.  If, however, claimants do not know the estate against which their claims will be allowed and the Debtors do not have the ability to settle claims against a specific estate, the likelihood of settlements under the Settlement Procedures and the benefits and effectiveness of the procedures for the Debtors' estates, creditors, and other stakeholders will be diminished.  Further, given that allocating claims to specific estates is a prerequisite, absent substantive consolidation, to distribution of those claims under a plan of reorganization, the Debtors question whether they have the ability to consummate a final resolution of any claims without the ability to allow claims against specific

10

estates.  If the Debtors are not able to finally resolve claims, then final resolution will require

formal adjudication by this Court for each claim, the very thing the Settlement Procedures were

designed to avoid.  Therefore, the Debtors assert that the Supplemental Settlement Procedures

Order is necessary and appropriate under section 105(a) of the Bankruptcy Code.

24.    In addition, the Debtors assert that the Supplemental Settlement

Procedures Order should be effective, nunc pro tunc, as of June 29, 2006, which is the date the

Court entered the Settlement Procedures Order.  As noted above, since the entry of the

Settlement Procedures Order, the Debtors have settled a number of controversies and claims

under the Settlement Procedures, many of which have included the allowance of claims against

specific Debtor entities and/or with a priority or status different from that which was asserted by

the claimants.  To protect the soundness of these consummated settlements, the Supplemental

Settlement Procedures Order should apply retroactively to such settlements.  Without this relief,

it could appear that the Debtors applied two sets of claims settlement procedures.  This perceived

lack of uniformity might force the Debtors to reopen previously consummated settlements

entered into prior to the Supplemental Settlement Procedures Order if parties to such previous

settlements feel that they have been prejudiced and wish to verify that such previous settlements

are in fact subject to the Supplemental Settlement Procedures Order.  Thus, for the sake of

uniformity in the Settlement Procedures, and to avoid the possibility of having to revisit claims

that have already been settled, the Debtors assert that the Supplemental Settlement Procedures

Order should be applied retroactively to the date of the entry of the Settlement Procedures Order.

25.    Accordingly, to maximize the benefits of the Settlement Procedures,

including efficiency and value in the Debtors' settlement of disputes, the Settlement Procedures

Order should be supplemented to clarify that the Debtors are authorized to allow claims covered

by the Settlement Procedures against specific Debtor entities and their estates and with a priority

or status different from that which was asserted by claimants.

## Notice Of Motion

26.    Notice of this Motion has been provided in accordance with the Amended

Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered by this Court on October 26, 2006

(Docket No. 5418).  In light of the nature of the relief requested, the Debtors submit that no other

or further notice is necessary.

## Memorandum Of Law

27.    Because the legal points and authorities upon which this Motion relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) supplementing the Settlement Procedures Order to clarify that the Debtors are authorized, under the Settlement Procedures, to settle claims (a) against the estates of specific Debtor entities and (b) with a priority or status different from that which was asserted by claimants, and (ii) granting the Debtors such other and further relief as is just.

Dated:     New York, New York
           May 11, 2007

                        SKADDEN, ARPS, SLATE, MEAGHER
                         & FLOM LLP

                        By:    /s/ John Wm. Butler, Jr.
                               John Wm. Butler, Jr. (JB 4711)
                               John K. Lyons (JL 4951)
                               Ron E. Meisler (RM 3026)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois 60606
                        (312) 407-0700

                                      - and -

                        By:    /s/ Kayalyn A. Marafioti
                               Kayalyn A. Marafioti (KM 9632)
                               Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                         Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
        In re                      :      Chapter 11
                              :
DELPHI CORPORATION, et al.,       :      Case No. 05-44481 (RDD)
                              :
                 Debtors.       :      (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 363, 502, AND 503 AND FED. R.
BANKR. P. 9019(b) CLARIFYING DEBTORS' AUTHORITY TO COMPROMISE
OR SETTLE CERTAIN CLASSES OF CONTROVERSY AND ALLOW CLAIMS
AGAINST SPECIFIC ESTATES WITHOUT FURTHER COURT APPROVAL

("SUPPLEMENTAL SETTLEMENT PROCEDURES ORDER")

        Upon the motion, dated May 11, 2007 (Docket No. [___]) (the "Motion"),[1] of

Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Supplemental Settlement Procedures Order") clarifying and supplementing the Order Under 11

U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To

Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court

Approval (Docket No. 4414) (the "Settlement Procedures Order") (Docket No. 4154), entered on

June 29, 2006; and this Court having determined that the relief requested in the Motion is in the

best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

_____

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The Settlement Procedures Order, as modified by this Supplemental

Settlement Procedures Order, shall continue in full force and effect.

3.      The Debtors are hereby authorized to utilize the Settlement Procedures to

allow prepetition claims against specific Debtor entities and their estates.

4.      The Debtors are hereby authorized to utilize the Settlement Procedures to

allow prepetition claims with a priority or status different from that which was asserted by

claimants in their proofs of claim.

5.      This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation and performance of this Supplemental Settlement Procedures

Order.

6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.


Dated:      New York, New York
            May  __, 2007                    _____
                                             UNITED STATES BANKRUPTCY JUDGE

**Hearing Date And Time: May 31, 2007 at 10:00 a.m.**
**Objection Deadline: May 24, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :
      In re                      :     Chapter 11
                               :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                               :
               Debtors.   :     (Jointly Administered)
                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION PURSUANT TO 11 U.S.C. § 105(a) FOR SUPPLEMENTAL ORDER UNDER
11 U.S.C. §§ 363, 502, AND 503 AND FED. R. BANKR. P. 9019(b) CLARIFYING DEBTORS'
AUTHORITY TO COMPROMISE OR SETTLE CERTAIN CLASSES OF CONTROVERSY AND
ALLOW CLAIMS AGAINST SPECIFIC ESTATES WITHOUT FURTHER COURT APPROVAL

PLEASE TAKE NOTICE that on May 11, 2007, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), filed a Motion Pursuant To 11 U.S.C. § 105(a) For Supplemental

Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Clarifying Debtors'

Authority To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Against

Specific Estates Without Further Court Approval (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the

Motion will be held on May 31, 2007 at 10:00 a.m. (Prevailing Eastern Time) (the "Hearing")

before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, must

(a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Eighth Supplemental Order

Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And

Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418) (the

"Eighth Supplemental Case Management Order"), (c) be filed with the Bankruptcy Court in

accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's

case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch

disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (d) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi

Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to

2

the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the

Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue,

New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel for the agent under the

postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New

York 10017 (Att'n:  Marlane Melican), (v) counsel for the official committee of unsecured

creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n:

Robert J. Rosenberg and Mark A. Broude), (vi) counsel for the official committee of equity

security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New

York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New

York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later than **4:00**

**p.m. (Prevailing Eastern Time) on May 24, 2007**.

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Eighth Supplemental Case Management Order will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated:        New York, New York
               May 11, 2007

                       SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

                       By:   /s/ John Wm. Butler, Jr.
                           John Wm. Butler, Jr. (JB 4711)
                           John K. Lyons (JL 4951)
                           Ron E. Meisler (RM 3026)
                       333 West Wacker Drive, Suite 2100
                       Chicago, Illinois 60606
                       (312) 407-0700

                               - and -

                       By:   /s/ Kayalyn A. Marafioti
                           Kayalyn A. Marafioti (KM 9632)
                           Thomas J. Matz (TM 5986)
                       Four Times Square
                       New York, New York 10036
                       (212) 735-3000

                       Attorneys for Delphi Corporation, et al.,
                        Debtors and Debtors-in-Possession

# EXHIBIT F

**Objection Deadline:  May 21, 2007 at 11:30 a.m.**
**Presentment Date:  May 21, 2007 at 12:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2689

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
      In re                                 :      Chapter 11
                                            :
DELPHI CORPORATION et al.,                  :      Case No. 05-44481 (RDD)
                                            :
                          Debtors.          :      (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF PRESENTMENT OF JOINT STIPULATION AND AGREED ORDER
IMPLEMENTING FINAL TRADING ORDER IN RESPECT
OF ACQUISITION AND SALE OF STOCK BY FIDELITAS INVESTMENTS LTD.

("FIDELITAS TRADING ORDER PRESENTMENT")

PLEASE TAKE NOTICE that on January 6, 2006, the Court entered the Final

Order Under 11 U.S.C. §§ 105, 363, And 541 And Fed. R. Bankr. P. 3001 (A) Establishing

Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities

And (B) Establishing Notification And Hearing Procedures For Trading In Claims And Equity

Securities (the "Final Trading Order") (Docket No. 1780).

PLEASE TAKE FURTHER NOTICE that the above-captioned Debtors will

present the joint stipulation and agreed order attached hereto as <u>Exhibit A</u> (the "Agreed Order"),

which implements the Final Trading Order in respect of the acquisition and sale of stock of

Delphi Corporation by Fidelitas Investments Ltd., to the Honorable Robert D. Drain, United

States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York  10004 (the "Bankruptcy Court"), for signature on

**May 21, 2007 at 12:00 p.m.**

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Agreed Order

must be made in writing and received in the Bankruptcy Judge's chambers and by the

undersigned no later than **May 21, 2007 at 11:30 a.m.**  Unless objections are received by that

time, the Agreed Order may be signed.


Dated:          New York, New York
                May 11, 2007

                                   SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP

                                   By:    /s/ John Wm. Butler, Jr.
                                         John Wm. Butler, Jr. (JB 4711)
                                         John K. Lyons (JL 4951)
                                         Ron E. Meisler (RM 3026)
                                   333 West Wacker Drive, Suite 2100
                                   Chicago, Illinois 60606
                                   (312) 407-0700

                                              - and -

                                   By:    /s/ Kayalyn A. Marafioti
                                         Kayalyn A. Marafioti (KM 9632)
                                         Thomas J. Matz (TM 5986)
                                   Four Times Square
                                   New York, New York 10036
                                   (212) 735-3000

                                   Attorneys for Delphi Corporation, et al.,
                                    Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                        :
       In re                           :      Chapter 11
                                       :
DELPHI CORPORATION et al.,             :      Case No. 05-44481 (RDD)
                                       :
                         Debtors.      :      (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - -   x


JOINT STIPULATION AND AGREED ORDER IMPLEMENTING FINAL TRADING
ORDER IN RESPECT OF ACQUISITION AND SALE OF STOCK BY
FIDELITAS INVESTMENTS LTD.

("FIDELITAS TRADING ORDER")

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), filed voluntary petitions in this Court for reorganization relief

under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended; and

WHEREAS, on January 6, 2006, this Court entered the Final Order Under 11

U.S.C. §§ 105, 362, And 541 And Fed. R. Bankr. P. 3001 (A) Establishing Notification

Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B)

Establishing Notification And Hearing Procedures For Trading In Claims And Equity Securities

(the "Final Trading Order") (Docket No. 1780); and

WHEREAS, on June 2, 2006, Fidelitas Investments Ltd. ("Fidelitas") effectuated

a purchase of 1,000,000 shares of Stock (as defined in the Final Trading Order) of Delphi, and on

June 5, 2006, Fidelitas effectuated a purchase of 800,000 shares of Stock, which purchases

resulted in Fidelitas having acquired an aggregate Tax Ownership (as defined in the Final

Trading Order) of Stock in excess of 26,499,999 shares, exceeding the amount set forth in the

definition of Substantial Equity Holder in the Final Trading Order (such Stock purchases by Fidelitas collectively, the "Noncompliant Purchase"); and

WHEREAS, on December 6, 2006, Fidelitas sold 650,000 shares of Stock (the "Noncompliant Sale"); and

WHEREAS, as of the date hereof, Fidelitas holds 27,385,211 shares of Stock; and

WHEREAS, Fidelitas acknowledges that the Noncompliant Purchase and the Noncompliant Sale did not comply with the procedures set forth in the Final Trading Order; and

WHEREAS, Fidelitas has represented that:

(i) it is a Moscow-based investment fund which, through an affiliate, maintains only one employee in the United States, who joined Fidelitas less than six months ago;

(ii) it effectuated the Noncompliant Purchase and the Noncompliant Sale through European trading accounts, with the trades being placed by its prime broker, Credit Suisse;

(iii) at the time it effectuated the Noncompliant Purchase and the Noncompliant Sale, Fidelitas had no actual notice or knowledge of the Final Trading Order through Credit Suisse or otherwise;

(iv) it retained United States restructuring counsel in late March 2007 for the purpose of analyzing its rights with respect to its holdings of Stock;

(v) on April 18, 2007, it informed its United States restructuring counsel of the amount of its holdings of Stock, and soon thereafter was informed by such counsel of the existence of the Final Trading Order;

2

(vi) its Noncompliant Purchase and the Noncompliant Sale were wholly inadvertent because as an investment fund without significant presence in, or experience with, the U.S. financial markets for distressed debt, Fidelitas had no notice of the Final Trading Order;

(vii) it promptly approached the Debtors to explain the circumstances regarding the Noncompliant Purchase and the Noncompliant Sale so that a fair and expeditious remedy could be effectuated; and

(viii) at no time has it owned more than 28,035,211 shares of Stock.

NOW, THEREFORE, Delphi and Fidelitas hereby stipulate and agree (which stipulation, when "so ordered" by the Court, shall constitute an order in the above-captioned cases) as follows:

1.      Fidelitas shall sell a sufficient number of shares of Stock it acquired (the "Stock Disposition(s)"), so that after the Stock Disposition(s), Fidelitas shall hold fewer than 26.5 million shares of Stock. The Stock Disposition(s) shall be made in one or more open market transactions pursuant to which Fidelitas does not have actual knowledge of the identity of the persons or entity that is to become the beneficial owner(s) of such Stock.  The Stock Disposition(s) shall be completed within 20 days after the entry of this joint stipulation and agreed order (the "Fidelitas Trading Order").

2.      Fidelitas shall not be required to file a Notice of Status as a Substantial Equityholder (as defined in and attached as Exhibit 1A to the Final Trading Order) as a result of any Stock Purchase; Fidelitas shall not be required to file a Notice of Intent to Purchase, Acquire, or Otherwise Obtain Tax Ownership of Stock (as defined in and attached as Exhibit 1B to the Final Trading Order) as a result of any Stock Purchase; and Fidelitas shall not be required to file a Notice of Intent to Sell, Exchange or Otherwise Dispose of Tax Ownership of Stock (as

defined in and attached as Exhibit 1C to the Final Trading Order) as a result of the Stock

Disposition(s).

3.      If the aggregate amount realized by Fidelitas on the Stock Disposition(s),

reduced by related costs, exceeds Fidelitas's aggregate basis in the Stock sold pursuant to the

Stock Dispositions (any such excess, the "Aggregate Gain"), then Fidelitas shall promptly donate

the Aggregate Gain to one or more organizations described in Section 501(c)(3) of the Internal

Revenue Code of 1986, as amended.  Separately, Fidelitas shall donate any similar Aggregate

Gain realized from the December 6, 2006 Noncompliant Sale to one or more organizations

described in Section 501(c)(3) of the Internal Revenue Code.

4.      Not later than 25 days after the entry of this Fidelitas Trading Order,

Fidelitas shall file a certificate, signed by an authorized officer of Fidelitas, confirming that

Fidelitas has complied with this Order and specifically describing (a) the number of shares of

Stock sold pursuant to paragraph 1 hereof, (b) the date of each sale, (c) the price at which each

share was sold, (d) the related costs of each sale, (e) the basis of each share sold, (f) the date on

which each share was acquired, (g) the Aggregate Gain, if any, upon such sales described in

paragraph 3 hereof, and (h) the organization(s) described in Section 501(c)(3) to which any

Aggregate Gains were donated.

5.      In the future, Fidelitas shall comply in all respects with the applicable

terms of the Final Trading Order and any other orders of this Court, whether now in effect or

entered in the future, to the extent then in effect and applicable to Fidelitas (who, subsequent to

the Stock Disposition(s), will no longer be deemed a Substantial Equity Holder), including,

without limitation, in connection with any future transactions involving the acquisition or

disposition of sale of either (a) Stock or (b) claims against the Debtors.

4

6.    Under paragraph 9(a) of the Final Trading Order, the Noncompliant

Purchase and the Noncompliant Sale were void <u>ab initio</u>, and accordingly, Fidelitas shall be

treated as never having owned the Stock acquired in the Noncompliant Purchase and never

having disposed of the Stock in the Noncompliant Sale.

7.    The Final Trading Order remains in full force and effect, and nothing in

this Fidelitas Trading Order shall be deemed a modification, waiver, or alteration of any of the

terms, conditions, or requirements of the Final Trading Order.

So Ordered in New York, New York, this _____ day of May, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

5

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John Wm. Butler, Jr.

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
(312) 407-0700


        - and –

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

/s/ Andrew Goldman

Andrew Goldman

WILMERHALE
399 Park Avenue
New York, New York 10022
(212) 230-8836

Attorneys for Fidelitas Investments Ltd.

6

# EXHIBIT G

**Hearing Date And Time: May 31, 2007 at 10:00 a.m.**
**Objection Deadline: May 24, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF  MOTION UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019
FOR ORDER AUTHORIZING  DELPHI CORPORATION TO (A) PERFORM UNDER
PENSION FUNDING WAIVERS ISSUED BY UNITED STATES INTERNAL REVENUE
SERVICE AND (B) PROVIDE LETTERS OF CREDIT TO PENSION BENEFIT GUARANTY
CORPORATION THEREUNDER

("IRS PENSION FUNDING WAIVER MOTION")

PLEASE TAKE NOTICE that on May 11, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed a Motion Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 9019 for Order Authorizing Delphi Corporation to (A) Perform Under Pension Funding Waivers Issued by United States Internal Revenue Service and (B) Provide Letters of Credit to Pension Benefit Guaranty Corporation Thereunder (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on May 31, 2007 at 10:00 a.m. (Prevailing Eastern Time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly

2

to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be

served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General

Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West

Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for

the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425

Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel for the

agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New

York, New York 10017 (Att'n:  Marlane Melican), (v) counsel for the Official Committee of

Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022

(Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel for the Official Committee of

Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza,

New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New

York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later than **4:00**

**p.m. (Prevailing Eastern Time) on May 24, 2007** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Amended Eighth Supplemental Case Management Order will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Seventh Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated:  New York, New York
         May 11, 2007

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:/s/ John Wm. Butler, Jr.
   John Wm. Butler, Jr. (JB 4711)
   John K. Lyons  (JL 4951)
   Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

   - and -

By:/s/ Kayalyn A. Marafioti
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

4

**Hearing Date And Time:  May 31, 2007 at 10:00 a.m.**
**Objection Deadline:  May 24, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
      In re                           :     Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :     Case No. 05-44481 (RDD)
                                      :
                                      :     (Jointly Administered)
              Debtors.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019
FOR ORDER AUTHORIZING  DELPHI CORPORATION TO (A) PERFORM UNDER
PENSION FUNDING WAIVERS ISSUED BY UNITED STATES INTERNAL REVENUE
SERVICE AND (B) PROVIDE LETTERS OF CREDIT TO PENSION BENEFIT GUARANTY
CORPORATION THEREUNDER

("IRS PENSION FUNDING WAIVER MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this motion (the "Motion") under 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019 for

an Order Authorizing Delphi to (a) perform under pension funding waivers (the "Waivers")

issued by the United States Internal Revenue Service (the "IRS") and (b) provide letters of credit

to the Pension Benefit Guaranty Corporation (the "PBGC") in connection with the Waivers.  In

support of this Motion, the Debtors respectfully represent as follows:

<div align="center">Background</div>

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  The Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders.

3.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief requested herein are section 363 of

the Bankruptcy Code and rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

B.      Current Business Operations Of The Debtors

5.      Delphi and its subsidiaries and affiliates (collectively, the "Company"), as

of December 31, 2006, had global net sales of $26.4 billion and global assets of approximately

$15.4 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and continue their business operations without supervision from the Bankruptcy Court.[2]

6.      The Company is a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines, and is one of the

largest global suppliers of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company supplies products to nearly every

major global automotive original equipment manufacturer.

7.      Delphi was incorporated in Delaware in 1998 as a wholly-owned

subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the

Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the

assets and liabilities of these divisions and subsidiaries were transferred to the Company in

---

[1]     The aggregated financial data used in this Motion generally consists of consolidated information from Delphi
        and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 27,
        2007.

[2]     On March 20 2007, Delphi Automotive Systems Espana S.L., whose sole operation is a non-core automotive
        component plant in Cadiz, Spain, filed its "Concurso" application for a Spanish insolvency proceeding.  The
        application was approved by the Spanish court on April 13, 2007.  The Concurso proceeding does not affect
        other Delphi legal entities in Spain or elsewhere and is an isolated event that is consistent with Delphi's
        transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications.  Although GM is still the Company's

single largest customer, today more than half of Delphi's revenue is generated from non-GM

sources.

C.      Events Leading To The Chapter 11 Filing

8.      In the first two years following Delphi's separation from GM, the

Company generated approximately $2 billion in net income.  Every year thereafter, however,

with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the

Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3]

Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of

approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006, the Debtors incurred

a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee

special attrition programs.

9.      The Debtors believe that the Company's financial performance has

deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational

restrictions driven by collectively bargained agreements, including restrictions preventing the

Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating

largely fixed labor costs, (ii) a competitive U.S. vehicle production environment for domestic

---

[3]     Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a
        valuation allowance on the U.S. deferred tax assets as of December 31, 2004.  The Company's net operating
        loss in calendar year 2004 was $482 million.

OEMs resulting in the reduced number of motor vehicles that GM produces annually in the

United States and related pricing pressures, and (iii) increasing commodity prices.

10.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward-looking revenue requirements.  Because discussions

with its major unions and GM had not progressed sufficiently by the end of the third quarter of

2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete the

Debtors' transformation plan and preserve value for its stakeholders.

D.    The Debtors' Transformation Plan

11.    On March 31, 2006, the Company outlined five key tenets of its

transformation plan.  First, Delphi must modify its labor agreements to create a competitive

arena in which to conduct business.  Second, the Debtors must conclude their negotiations with

GM to finalize GM's financial support for the Debtors' legacy and labor costs and to ascertain

GM's business commitment to the Company.  Third, the Debtors must streamline their product

portfolio to capitalize on their world-class technology and market strengths and make the

necessary manufacturing alignment with their new focus.  Fourth, the Debtors must transform

their salaried workforce to ensure that the Company's organizational and cost structure is

competitive and aligned with its product portfolio and manufacturing footprint.[4]  Finally, the

Debtors must devise a workable solution to their current pension situation.

---

[4]    As part of this effort, effective July 1, 2006, the Company realigned its business operations to focus its product
portfolio on core technologies for which the Company believes it has significant competitive and technological
advantages.  The Company's revised operating structure consists of its four core business segments:  Electronics
and Safety, Thermal Systems, Powertrain Systems, and Electrical/Electronic Architecture.  The Company also
has two additional segments, Steering and Automotive Holdings Group, which will be transitioned as part of the
Company's transformation plan.

12. On December 18, 2006, the Debtors marked another milestone in their

chapter 11 cases with the announcement of two significant agreements. The first of these was an

equity purchase and commitment agreement (the "Equity Purchase and Commitment

Agreement") with affiliates of Appaloosa Management L.P., Cerberus Capital Management,

L.P., and Harbinger Capital Partners Master Fund I, Ltd., as well as Merrill Lynch & Co. and

UBS Securities LLC (collectively, the "Plan Investors"). Under the Equity Purchase and

Commitment Agreement, the Plan Investors have agreed to invest up to $3.4 billion in preferred

and common equity in the reorganized Delphi to support the Debtors' transformation plan. The

Equity Purchase and Commitment Agreement is subject to the completion of due diligence,

satisfaction or waiver of numerous other conditions (including Delphi's goal of achieving

consensual agreements with its principal U.S. labor unions and GM), and the non-exercise by

either Delphi or the Plan Investors of certain termination rights. The second agreement was a

plan framework support agreement (the "Plan Framework Support Agreement") with the Plan

Investors and GM. The Plan Framework Support Agreement outlines certain proposed terms of

the Debtors' anticipated plan of reorganization, including the distributions to be made to creditors

and shareholders, the treatment of GM's claims, the resolution of certain pension funding issues,

and the corporate governance of the reorganized Debtors. The terms of the Plan Framework

Support Agreement are expressly conditioned on the Debtors reaching consensual agreements

with their U.S. labor unions and GM.

13. On January 12, 2007, this Court authorized the Debtors to execute,

deliver, and implement the Equity Purchase and Commitment Agreement and the Plan

Framework Support Agreement (Docket No. 6589). On February 28, 2007, Delphi entered into

an amendment to the Equity Purchase and Commitment Agreement with the Plan Investors to

extend the date by which the Company, the Cerberus Capital Management, L.P. affiliate, or the

Appaloosa Management L.P. affiliate have the right to terminate the agreement on account of not

yet having completed tentative labor agreements with Delphi's principal U.S. labor unions and a

consensual settlement of legacy issues with GM.  The amendment extended the termination right

pursuant to a 14-day notice mechanism.  The amendment also extended the deadline to make

certain regulatory filings under the federal antitrust laws in connection with the Equity Purchase

and Commitment Agreement and the Plan Framework Support Agreement.

14.    On April 19, 2007, Delphi announced that the Debtors anticipated

negotiating changes to the Equity Purchase and Commitment Agreement and the Plan

Framework Support Agreement.  The Debtors do not believe that these developments will

preclude the Debtors from filing a joint plan of reorganization and related documents with the

Court prior to the current expiration of the exclusivity period on July 31, 2007 or emerging from

chapter 11 reorganization this year.  The Debtors also confirmed that none of the parties entitled

to give notice of termination of the framework agreements has done so as of the date of this

filing and that these agreements remain effective as previously filed until modified or terminated.

15.    Although much remains to be accomplished in the Debtors' reorganization

cases, the Debtors and their stakeholders are together navigating a course that should lead to a

consensual resolution with their U.S. labor unions and GM while providing an acceptable

financial recovery framework for the Debtors' stakeholders.  Upon the conclusion of the

reorganization process, the Debtors expect to emerge as a stronger, more financially sound

business with viable U.S. operations that are well-positioned to advance global enterprise

objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-

quality products to its customers globally.  Additionally, the Company will preserve and

7

continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

<div align="center">Relief Requested</div>

16.     By this Motion, the Debtors seek an order under section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 authorizing Delphi to (a) perform under the Waivers issued by the IRS and (b) provide letters of credit to the PBGC thereunder.

<div align="center">Basis For Relief</div>

17.     The Debtors seek authority for Delphi to perform under the Waivers, which consist of an hourly pension plan waiver and a salaried pension plan waiver.[5]   The primary purpose of the hourly plan Waiver is to facilitate the Debtors' effort to effect a transfer of certain hourly pension plan obligations to GM under section 414(l) of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1-9833 (the "IRC"), as set forth in the Plan Framework Support Agreement.  This transfer is an essential aspect of the Debtors' efforts to successfully reorganize with the full and voluntary participation of its labor unions and other core constituencies.

18.     To make the transfer economically feasible for the Debtors, the Debtors must secure a short extension of the statutory June 15, 2007 funding deadline for the plan year ended September 30, 2006.  Securing an extension also will prevent the assessment of significant excise tax penalties with respect to both plans that the IRS would likely impose were the Debtors to miss the statutory deadline.  Although the Debtors believe that such penalties are unenforceable under applicable bankruptcy law, implementation of the Waivers would avoid a

---

[5]   Copies of the hourly pension plan funding waiver and salaried pension plan funding waiver are attached hereto as Exhibits A and B, respectively.  The Waivers are in the form of private letter rulings from the IRS.

protracted dispute with the IRS over the issue as well as any questions about how a $1.4 billion excise tax assessment would be reflected in the Debtors' financial statements.

19.     As a result, the Debtors seek authority for Delphi to perform under the Waivers, in return for which the IRS would waive the minimum funding requirements for the plan year ended September 30, 2006 until the Debtors emerge from chapter 11 and bring their funding obligations up to date.  The costs of performing under the Waivers are substantially less than the benefit to be gained from effecting the section 414(l) transaction and the resolution of the IRS penalty issues, and performance under the Waivers is accordingly in the best interests of the Debtors and their estates.

20.     Most importantly, the resolution of this pension funding issue effected by the Waivers is consistent with the Debtors' goals in their restructuring.  As set forth above, resolution of the Debtors' current pension situation is one of the primary tenets of their transformation plan.  The successful conclusion of this pension matter is essential to the Debtors' timely emergence from chapter 11.

A.     The Debtors' Pension Obligations

21.     Delphi maintains two separate pension plans for its employees, one for salaried workers and one for hourly workers (the "Plans").  The Debtors' funding obligations under the Plans are governed by the IRC and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").  Under the IRC and ERISA, the Debtors are required to meet certain minimum funding standards for their pension plans.

22.     The Plan Framework Support Agreement provides for funding of the Plans accomplished in part by a transfer of certain pension obligations from Delphi's hourly plan to a GM pension plan under section 414(l) of the IRC.  Under IRC and ERISA funding standards, a

9

section 414(l) transfer implemented during a plan year is not fully reflected on the Plan's books

in the same way that a cash contribution would be recognized.  As a result, even if pension

liabilities under the hourly plan were transferred during the year to GM, the Debtors would be

required to make cash contributions to the hourly plan as though a significant portion of the

transferred liabilities remained in the plan.  Absent the hourly plan funding Waiver, these

redundant cash contributions would result in projected overfunding of the hourly pension plan.

The hourly plan funding Waiver avoids this economically inefficient outcome by deferring the

date on which funding contributions are due to the hourly plan from June 15, 2007 to the date the

Debtors emerge from chapter 11.

23.    The Waivers also would avoid a likely dispute with the IRS regarding the

enforceability of potential excise tax penalty assessments that could top $1 billion.

24.    Since the Debtors sought reorganization relief under chapter 11 of the

Bankruptcy Code they have been making "normal cost" contributions to the Plans, or

contributions that reflect the amounts related to service provided by plan participants post-filing.[6]

These "normal cost" contributions are less than the minimum funding requirements established

by the IRC and ERISA.  As a result, if additional amounts are not contributed within eight and

one-half months after the end of the plan year for which the contributions are due, an

accumulated funding deficiency will arise.  Section 4971(a) of the IRC imposes a 10% excise tax

penalty on the amount of any funding deficiency.  Under section 4971(b) of the IRC, an

additional excise tax penalty of 100% may be assessed by the IRS if the funding deficiency is not

timely corrected.

---

[6]    See Treas. Reg. 1.404(a)-6 for further discussion of the definition of "normal cost." 26 C.F.R. § 1.404(a)-6
(2007).

25.    The IRS asserted that the Plans had a funding deficiency of $173 million for the plan year ended September 30, 2005, resulting in an excise tax assessed by the IRS of $17.3 million.[7] For the plan year ended September 30, 2006, the Debtors anticipate that if the Plans are not funded in accordance with ERISA and IRC minimum requirements by June 15, 2007, and the Waivers are not implemented, the IRS would assert that there is a funding deficiency of at least $1.25 billion in the Plans for the plan year ended September 30, 2006, which could result in an additional 10% excise tax assessment of at least $125 million.  In addition, the IRS may attempt to assess additional 100% excise tax penalties of $173 million on the uncorrected deficiency from the plan year ended September 30, 2005, and $1.25 billion if the deficiency from the plan year ended September 30, 2006 is not timely corrected.  Accordingly, the total potential excise tax that the IRS might assert in respect of the Plans after June 15, 2007 could be more than $1.4 billion.

26.    Although the Debtors dispute the IRS's assertion that these excise tax penalties might properly be levied, the IRS would be expected to vigorously pursue its claims. The Waivers would preempt any such dispute with the IRS over the penalties by (a) extending the June 15, 2007 funding deadline for the plan year ended September 30, 2006, thereby avoiding any accumulated funding deficiency for that year,[8] and (b) settling the IRS's excise tax claims for the plan year ended September 30, 2005, in exchange for the Debtors' commitment to make an accelerated contribution of $10 million to the hourly plan upon the Debtors' emergence

---

[7]    Delphi has not paid this assessed excise tax penalty.

[8]    As set forth above, the Debtors intend to fully satisfy any minimum funding requirements with respect to the Plans upon their emergence from chapter 11.  The Debtors made this intention clear in the Plan Framework Support Agreement which they entered into on December 18, 2006 with the Plan Investors.

11

from chapter 11.  The contribution would be deductible by Delphi as credited towards any required contributions for the plan year ending September 30, 2007.

B.    Terms Of The Waivers

27.    After months of protracted negotiations, on March 21, 2007, the Debtors met with the IRS and the PBGC to finalize the conditions under which the Debtors could obtain the Waivers.  IRC section 412 provides that the IRS, after consultation with the PBGC, may require that security be given to the PBGC in favor of a pension plan as a condition of granting a funding waiver.  As a matter of IRS and PBGC administrative practice, no waiver of any significant size is granted absent such security.  In light of the magnitude of the Waivers in this instance – reportedly the largest funding waivers ever granted by the IRS – the agencies informed the Debtors that security satisfactory to the PBGC was a minimum prerequisite for the Waivers.

28.    On May 1, 2007, the IRS agreed to grant the Waivers subject to conditions contained in the waiver ruling letters.  The terms of the Waivers provide in part that (a) Delphi must file a chapter 11 plan by July 31, 2007 and (b) Delphi must satisfy any minimum funding requirements by the effective date of a plan of reorganization, which must be not later than November 15, 2007.[9]  In addition, as security for the Debtors' obligations as set forth in the Waivers, Delphi must provide the PBGC with letters of credit in the amount of $100 million on account of its hourly pension plan and $50 million on account of its salaried pension plan by no

---

[9]    The Waiver for the hourly plan also anticipates that the plan of reorganization will include the section 414(l) transfer outlined in the Plan Framework Support Agreement.  Under section 414(l) of the IRC, obligations in a pension plan can be transferred to another pension plan without negative tax implications if certain conditions are met.  The Plan Framework Support Agreement contemplates that Delphi will make a section 414(l) transfer to a GM pension plan of approximately $1.5 billion of hourly pension plan liabilities.

later than June 15, 2007.[10]  If Delphi does not meet its obligations under the Waivers, the PBGC

would be entitled to apply the proceeds of the letters of credit for the benefit of the respective

Plans.  The proceeds would be treated as deductible employer contributions made by Delphi to

the Plans in satisfaction of a portion of Delphi's funding obligations to the Plans.  Delphi intends

to honor its pension obligations and thus does not anticipate that the letters of credit will ever be

drawn down by the PBGC.  Once Delphi emerges from chapter 11 and satisfies its obligations

under the Waivers, the letters of credit will expire.

29.    The Debtors' DIP financing Credit Agreement provides for a fixed

fronting fee of 1/4% and an annual fee of 2.5% of the outstanding exposure under a letter of

credit.[11]  Even if the Debtors were not to emerge from chapter 11 until November 15, 2007 (the

outside date for such event in the Waivers), the total fees Delphi would incur in respect of the

issuance of the letters of credit would be $1,754,125.00.  In addition to the fees incurred with

respect to the letters of credit, under the hourly plan Waiver, Delphi must reimburse the PBGC

for outside consultant costs incurred in reviewing the Debtors' funding waiver request, in an

amount not to exceed $4 million.[12]

30.    The Debtors' total cost for entering into the Waivers is therefore

approximately $5,754,125.00.  This amount is minimal when compared to the result of the

transfer of pension liabilities to GM and the avoidance of a protracted dispute (and negative

publicity) regarding a potential excise tax penalty of more than $1.4 billion.  More generally,

---

[10]    Issuance of the letters of credit is within the Debtors' letter of credit capacity of $325 million under their DIP
financing, and providing this security to the PBGC is consistent with Delphi's financial plan going forward.

[11]    Credit Agreement ¶ 2.23.  The Credit Agreement was attached to the DIP Refinancing Motion (Docket No.
6180), filed on December 18, 2006, which was approved by this Court's order of January 5, 2007 (Docket No.
6461).

[12]    We understand from the PBGC that they expect the reimbursable fees will be well below the $4 million cap.

obtaining the Waivers will allow the Debtors to implement a consensual resolution of its pension

obligations with the IRS and the PBGC.  This resolution will further help the Debtors to effect

the pension agreement negotiated with GM and its employees and embodied in the Plan

Framework Support Agreement, a key component of the Debtors' successful emergence from

chapter 11.  For these reasons, the Debtors assert that the Agreement is in the best interests of the

Debtors' estates and will maximize value for all creditors as described above.

<u>Applicable Authority</u>

A.    <u>The Debtors Have Soundly Exercised Their Business Judgment</u>

31.    Bankruptcy Code section 363(b)(1) permits a debtor-in-possession to use

property of the estate "other than in the ordinary course of business" after notice and a hearing.

11 U.S.C. § 363(b)(1).  Uses of estate property outside the ordinary course of business may be

authorized if the debtor demonstrates a sound business justification for it.  <u>See</u> <u>In re Lionel</u>

<u>Corp.</u>, 722 F.2d 1063, 1071 (2d Cir. 1983) (business judgment rule requires finding that good

business reason exists to grant debtor's application under section 363(b)); <u>In re Delaware Hudson</u>

<u>Ry. Co.</u>, 124 B.R. 169, 179 (Bankr. D. Del. 1991).

32.    The Second Circuit has held that, although the Bankruptcy Court sits as an

"overseer of the wisdom with which the bankruptcy estate's property is being managed by the . . .

debtor-in-possession," it must nevertheless resist becoming "arbiter of disputes between creditors

and the estate."  <u>In re Orion Pictures Corp.</u>, 4 F.3d 1095, 1098-99 (2d Cir. 1993).  The Court's

consideration of a debtor's section 363(b) motion is a summary proceeding, intended merely as a

means to "efficiently review the . . . debtor's decision[s] . . . in the course of the swift

administration of the bankruptcy estate.  It is not the time or place for prolonged discovery or a

lengthy trial with disputed issues."  <u>Orion Pictures</u>, 4 F.3d at 1098-99.

33.    Once the debtor articulates a valid business justification, a presumption arises that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992). Thereafter, "[p]arties opposing the proposed exercise of a debtor's business judgment have the burden of rebutting the presumption of validity." Id. To satisfy its burden, it is not enough for an objector simply to raise and argue an objection. Rather, an objector "is required to produce some evidence respecting its objections." Lionel, 722 F.2d at 1071.

34.    As a rule, the debtor's business judgment "should be approved by the court unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, or whim or caprice.'" In re Aerovox, Inc., 269 B.R. 74, 81 (Bankr. D. Del. 2001) (quoting In re Interco, Inc., 128 B.R. 229, 234 (Bankr. E.D. Mo. 1991)).

35.    As set forth above, Delphi has sound business justification for performing under the Waivers at this time. The Waivers will make it feasible to implement the 414(l) transfer of the hourly plan described above and will prevent assessment of potential excise taxes of approximately $1.4 billion with respect to the Plans. Against these savings, Delphi will only be required to incur costs of approximately $5,754,125.00. Moreover, this agreement will facilitate a consensual resolution of the Debtors' pension obligations that will allow them to successfully exit chapter 11. Finally, terms of the Waivers were negotiated with the IRS and the PBGC at arms length and in good faith.

15

B.    The Court Should Approve The Settlement Set Forth In The Agreement

36.    Bankruptcy Rule 9019 provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy Rule 9019(a).  Settlements and compromises are "a normal part of the process of reorganization," Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. L.A. Lumber Prods. Co., 308 U.S. 106, 130 (1939)); see also In re Adelphia Comm'ns Corp., 327 B.R. 143, 159 (decision to accept or reject a settlement lies within sound discretion of bankruptcy court), adhered to on reconsideration, 327 B.R. 175 (Bankr. S.D.N.Y. 2005).

37.    Approval of a compromise under Bankruptcy Rule 9019(a) is appropriate when the compromise is fair and equitable and is in the best interests of a debtor's estate.  See, e.g., TMT Trailer Ferry, 390 U.S. at 424; Adelphia Comm'ns, 327 B.R. at 159 ("The settlement need not be the best that the debtor could have obtained.  Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'") (citations omitted) (quoting In re Penn Centr. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979); Nellis v. Shugrue, 165 B.R. 115, 121 (S.D.N.Y. 1994) ("The obligation of the bankruptcy court is to determine whether a settlement is in the best interest of an estate before approving it.").  In general, compromises in the bankruptcy context should be approved unless they "'fall below the lowest point in the range of reasonableness.'"  Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citation omitted).

38.    The Supreme Court in TMT Trailer Ferry set forth the following factors that courts should consider in determining whether a proposed settlement or compromise is in the best interests of a debtor's estate:  (a) the probability of the debtor's success in the litigation, (b)

the difficulties associated with collection, (c) the complexity of the litigation, and the attendant

expense, inconvenience, and delay, and (d) the paramount interests of the estate's creditors.

TMT Trailer Ferry, 390 U.S. at 424-25; see also Nellis, 165 B.R. at 122; Fry's Metals, Inc. v.

Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002).

        39.     Courts in this district have further elaborated on these factors to consider:

(a) the balance between the likelihood of plaintiff's or defendants' success should the case go to

trial vis-à-vis the concrete present and future benefits held forth by the settlement without the

expense and delay of a trial and subsequent appellate procedures, (b) the prospect of complex

and protracted litigation if the settlement is not approved, (c) the proportion of the class members

who do not object or who affirmatively support the proposed settlement, (d) the competency and

experience of counsel who support the settlement, (e) the relative benefits to be received by

individuals or groups within the class, (f) the nature and breadth of releases to be obtained by the

directors and officers as a result of the settlement, and (g) the extent to which the settlement is

truly the product of arms-length bargaining, and not of fraud or collusion.  Adelphia Comm'ns,

327 B.R. at 159-60; accord In re Texaco Inc., 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988).

        40.     The bankruptcy court need not determine that all of the foregoing criteria

favor approval of a compromise, and the proposed compromise need not be the best agreement

that the debtor could have achieved under the circumstances.  See Adelphia Comm'ns, 327 B.R.

at 159-60; see also Penn Centr., 596 F.2d at 1114.  Instead, the court's proper "role is to

determine whether the settlement as a whole is fair and equitable," In re Lee Way Holding Co.,

120 B.R. 881, 890 (Bankr. S.D. Ohio 1990), and falls "'within the reasonable range of litigation

possibilities.'"  In re Telesphere Comm'ns, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994)

(citation omitted).  To that end, courts should not substitute their own judgment for that of the

debtor, but rather should "'canvass the issues'" to affirm that the proposed settlement falls above

"'the lowest point in the range of reasonableness.'"  Adelphia Comm'ns, 327 B.R. at 159 (quoting

W.T. Grant Co., 699 F.2d at 608); accord Airline Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust

Co. (In re Ionosphere Clubs, Inc.), 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd sub nom. Sobchack

v. Am. Nat'l Bank & Trust Co., 17 F.3d 600 (2d Cir. 1994).

   41. Delphi's performance under the Waivers should be approved under

Bankruptcy Rule 9019(a) because the settlement terms contained therein are fair and equitable,

fall well within the range of reasonableness, and are in the best interests of the Debtors and their

estates.  Most significantly, the Waivers will allow the Debtors to obtain full value for the

approximately $1.5 billion anticipated section 414(l) liability transfer from the hourly plan to a

GM pension plan and will resolve potential excise taxes of approximately $1.4 billion while

incurring only $5,754,125.00 in costs.  This settlement will also assist the Debtors in their goals

outlined in the Plan Framework Support Agreement.  This resolution is a key component of the

Debtors' transformation plan and their successful emergence from chapter 11.  For these reasons,

the Debtors assert that performance under the terms of the Waivers is in the best interests of the

Debtors' estates and will maximize value for all creditors as described above.

<div align="center">Notice Of Motion</div>

   42. Notice of this Motion has been provided in accordance with the Amended

Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered by this Court on October 26, 2006

(Docket No. 5418).  In light of the nature of the relief requested, the Debtors submit that no other

or further notice is necessary.

<div align="center">18</div>

<u>Memorandum Of Law</u>

43.     Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) authorizing, but not directing, Delphi to (i) perform under the Waivers issued by the IRS (ii) provide letters of credit to the PBGC in connection with the Waivers, and (b) granting them such other and further relief as is just.

Dated:  New York, New York

May 11, 2007

<div style="margin-left: 40%;">

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, <u>et al.</u>,
  Debtors and Debtors-in-Possession

</div>

19



**TAX EXEMPT AND
GOVERNMENT ENTITIES
DIVISION**

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

**MAY 0 1 2007**

Mr. William L. Sollee, Jr., Esq.
Ivins, Phillips & Barker
1700 Pennsylvania Avenue, N.W., Suite 600
Washington, DC  20006

Re:    Delphi Hourly-Rate Employees Pension Plan (Plan No. 003)
       EIN: 38-3430473

Dear Mr. Sollee:

The enclosed documents are sent to you under the provisions of a power of attorney currently on file with the Internal Revenue Service.

If you have any questions, please contact please contact Mr. Heil (ID# 50-03208) at (202) 283-9694.

Sincerely yours,

Donna M. Prestia, Manager
Actuarial Group 2

Attachment



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

**MAY 0 1 2007**

Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation and Subsidiaries
MC 483.400.626
5725 Delphi Drive
Troy, MI 48098

Re: Delphi Hourly-Rate Employees Pension Plan (Plan No. 003) ("Hourly Plan")
EIN: 38-3430473

Salaried Plan = Delphi Retirement Program for Salaried Employees
(Plan No. 001)

Company = Delphi Corporation

Former Parent = General Motors Corporation

Dear Mr. Whitson:

This letter constitutes notice that for a conditional waiver of the minimum funding standard for the Hourly Plan has been granted for the plan year ending September 30, 2006.

This conditional waiver has been granted in accordance with section 412(d) of the Internal Revenue Code ("Code") and section 303 of the Employee Retirement Income Security Act of 1974 ("ERISA"). The amount for which this conditional waiver has been granted is equal to the contributions that would otherwise be required to reduce the balance in the funding standard account to zero as of September 30, 2006.

The Company is a U.S.-based global supplier of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology with a network of manufacturing sites, technical centers, sales offices, and joint ventures in every major region of the world. The Company supplies products to automotive original equipment manufacturers worldwide, and its customer base includes customers in the communications, computer, consumer electronics, energy, and medical devices industries.

2

Based on the information submitted by the Company, it is clear that it has suffered a substantial business hardship. While the Company generated net income for its 1999, 2000, and 2002 fiscal years, the Company suffered losses for its 2001, 2003, 2004, 2005, and 2006 fiscal years. The Company's financial condition particularly began to deteriorate in 2004 and the first half of 2005 as a result of downturns in its industry. Three issues have largely contributed to the Company's financial deterioration:

(1)     unsustainable U.S. legacy liabilities and restrictions driven by collective-bargaining agreements, which have had the effect of creating large fixed labor costs;

(2)     reduced production for the Former Parent, which is the Company's major U.S. customer; and

(3)     increased commodity prices.

In October 2005, the Company filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. The Company continues to operate its business as debtor-in-possession. The Company has announced that it will cease accruals to the Hourly Plan for most participants as soon as practicable following its emergence from Chapter 11 bankruptcy protection. Participants in the Hourly Plan who are employed by the Company after the "freeze" date will continue to earn service for purposes of eligibility and vesting until termination of employment with the Company.

The Company is expected to emerge from Chapter 11 bankruptcy protection fully restructured with trimmed legacy labor costs, sufficient access to capital markets, and a business plan to diversify its customer base. Based on the Company's diversification strategy and vastly improved equity position, the Company is poised to return to profitability.

The Company has represented that it intends to contribute funds to the Hourly Plan that had been required to satisfy the minimum funding standard for the plan year ending September 30, 2006, upon emergence from Chapter 11 bankruptcy protection. Also, the Company has represented that it intends to meet the minimum funding standard for the plan year ending September 30, 2007, and subsequent plan years upon emergence from Chapter 11 bankruptcy protection. The actuary for the Hourly Plan has projected that the full funding limitation for the Plan will be zero for the plan year ending September 30, 2009.

If the Company is able to successfully reorganize under Chapter 11 bankruptcy protection, its financial condition will be vastly improved and its financial hardship can be considered temporary. However, it is still uncertain whether the Company can successfully emerge from Chapter 11 bankruptcy protection. Accordingly, the waiver of the of the minimum funding standard for the Hourly Plan has been granted for the plan year ending September 30, 2006, subject to the following conditions:

3

(1)  No later than July 31, 2007, the Company files a plan of reorganization with the bankruptcy court providing for continuation of the Hourly Plan, compliance with the conditions of this waiver, and providing for the combination of transfers under section 414(l) of the Internal Revenue Code ("Code") and cash contributions described below. The Company will not seek approval of a plan of reorganization which is inconsistent with the conditions of this waiver.

(2)  The Company does not enter into any agreement, or amend any existing agreement, that would prevent it from satisfying its agreement under this funding waiver to make the pension contributions described in condition (5).

(3)  By June 15, 2007, the Company provides the Pension Benefit Guaranty Corporation ("PBGC") a letter of credit in favor of the Hourly Plan from a financial institution acceptable to the PBGC in the amount of $100 million. If the Company fails to meet any one of the conditions under which this funding waiver has been granted, the PBGC may draw upon this letter of credit for the benefit of the Hourly Plan at anytime thereafter. This letter of credit will expire when the contributions described in condition (5) are made upon the effective date of the Company's plan of reorganization under Chapter 11.

(4)  Not later than the effective date of the Company's plan of reorganization under Chapter 11, the Company either (i) effects a transfer under section 414(l) of the Code of unfunded liabilities from the Hourly Plan to a plan sponsored by the Former Parent, (ii) makes contributions to the Hourly Plan, or (iii) makes a combination of transfers of unfunded liabilities under the Hourly Plan and cash contributions, so that the net unfunded liabilities under the Hourly Plan are reduced by at least $1.5 billion as determined on a FAS 87 basis.

(5)  Not later than the effective date of the Company's plan of reorganization under Chapter 11, the Company makes contributions to the Hourly Plan in an amount sufficient to result in a projected funded current liability percentage as of October 1, 2007, when measured reflecting such contributions and the projected impact of the section 414(l) transfer, that is the same funded current liability percentage that would have been projected as of October 1, 2007, if (a) the funding waiver had not been granted, (b) the section 414(l) transfer did not occur, and (c) a contribution was made on the effective date of the Company's reorganization under Chapter 11 equal to the accumulated Employee Retirement Income Security Act of 1974 ("ERISA") funding deficiency projected to the effective date of the reorganization.

(6)  Not later than the effective date of the Company's plan of reorganization under Chapter 11, the Company makes a contribution to the Hourly Plan in the amount of $10 million for the plan year ending September 30, 2007.

(7)  Not later than the effective date of the Company's plan of reorganization under Chapter 11, the Company makes a contribution to the Hourly Plan in the

4

amount of $10 million (in addition to the $10 million contribution in condition (6) above) for the plan year ending September 30, 2007, in full and final settlement of all claims or potential claims against the Company under section 4971 of the Code with respect to the Hourly Plan and the Salaried Plan for the plan years ending September 30, 2005. The Service will not pursue any such claims against the Company prior to the effective date of the Company's plan of reorganization under Chapter 11.

(8)  Not later than the effective date of the Company's plan of reorganization under Chapter 11, the Company reimburses the PBGC for outside consulting fees incurred in the review of the Company's funding waiver request in an amount not to exceed $4 million.

(9)  The effective date of the Company's plan of reorganization is no later than November 15, 2007.

(10) The Company makes contributions to the Hourly Plan in amounts sufficient to meet the minimum funding standard for the Hourly Plan for the plan year ending September 30, 2007, by June 15, 2008.

Your authorized representative agreed to these conditions in a letter dated April 30, 2007. If any one of the conditions is not met, the waiver for the plan year ending September 30, 2006, is retroactively null and void.

Your attention is called to section 412(f) of the Code and section 304(b) of ERISA which describe the consequences that would result in the event the Hourly Plan is amended to increase benefits, change the rate in the accrual of benefits or to change the rate of vesting, while any portion of the waived funding deficiency remains unamortized. Please note that any amendment to a profit sharing plan or any other retirement plans (covering employees covered by the Hourly Plan) maintained by the Company, to increase the liabilities of those plans would be considered an amendment for purposes of section 412(f) of the Code and section 304(b) of ERISA. Similarly, the establishment of a new profit sharing plan or any other retirement plan by the Company (covering employees covered by the Hourly Plan) would be considered an amendment for purposes of section 412(f) of the Code and section 304(b) of ERISA.

This ruling is directed only to the taxpayer that requested it. Section 6110(k)(3) of the Code provides that it may not be used or cited by others as precedent.

When filing Form 5500 for the plan year ending September 30, 2006, the date of this letter should be entered on Schedule B (Actuarial Information). For this reason, we suggest that you furnish a copy of this letter to the enrolled actuary who is responsible for the completion of the Schedule B.

5

We have sent a copy of this letter to the Manager, EP Classification in Baltimore, Maryland, to the Manager, EP Compliance Unit in Chicago, Illinois, and to your authorized representative pursuant to a power of attorney on file in this office.

If you require further assistance in this matter, please contact Mr. Heil (ID# 50-03208) at (202) 283-9694.

Sincerely yours,

Joseph H. Grant, Director
Employee Plans



**TAX EXEMPT AND
GOVERNMENT ENTITIES
DIVISION**

# DEPARTMENT OF THE TREASURY
## INTERNAL REVENUE SERVICE
### WASHINGTON, D.C. 20224

**MAY 0 1 2007**

Mr. William L. Sollee, Jr., Esq.
Ivins, Phillips & Barker
1700 Pennsylvania Avenue, N.W., Suite 600
Washington, DC  20006

Re:    Delphi Retirement Program for Salaried Employees (Plan No. 001)
       EIN: 38-3430473

Dear Mr. Sollee:

The enclosed documents are sent to you under the provisions of a power of attorney currently on file with the Internal Revenue Service.

If you have any questions, please contact please contact Mr. Heil (ID# 50-03208) at (202) 283-9694.

Sincerely yours,

Donna M. Prestia, Manager
Actuarial Group 2

Attachment



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

TAX EXEMPT AND
GOVERNMENT ENTITIES
DIVISION

**MAY 0 1 2007**

Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation and Subsidiaries
MC 483.400.626
5725 Delphi Drive
Troy, MI  48098

Re:   Delphi Retirement Program for Salaried Employees (Plan No. 001) ("Plan")
      EIN: 38-3430473

      Company = Delphi Corporation

      Former Parent = General Motors Corporation

Dear Mr. Whitson:

This letter constitutes notice that a conditional waiver of the minimum funding standard
for the Plan has been granted for the plan year ending September 30, 2006.

This conditional waiver has been granted in accordance with section 412(d) of the
Internal Revenue Code ("Code") and section 303 of the Employee Retirement Income
Security Act of 1974 ("ERISA").  The amount for which this conditional waiver has been
granted is equal to the contributions that would otherwise be required to reduce the
balance in the funding standard account to zero as of September 30, 2006.

The Company is a U.S.-based global supplier of vehicle electronics, transportation
components, integrated systems and modules, and other electronic technology with a
network of manufacturing sites, technical centers, sales offices, and joint ventures in
every major region of the world.  The Company supplies products to automotive original
equipment manufacturers worldwide, and its customer base includes customers in the
communications, computer, consumer electronics, energy, and medical devices
industries.

Based on the information submitted by the Company, it is clear that it has suffered a
substantial business hardship.  While the Company generated net income for its 1999,
2000, and 2002 fiscal years, the Company suffered losses for its 2001, 2003, 2004,
2005, and 2006 fiscal years.  The Company's financial condition particularly began to
deteriorate in 2004 and the first half of 2005 as a result of downturns in its industry.
Three issues have largely contributed to the Company's financial deterioration:

2

(1)     unsustainable U.S. legacy liabilities and restrictions driven by collective-bargaining agreements, which have had the effect of creating large fixed labor costs;

(2)     reduced production for the Former Parent, which is the Company's major U.S. customer; and

(3)     increased commodity prices.

In October 2005, the Company filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. The Company continues to operate its business as debtor-in-possession. The Company has announced that it will cease accruals to the Plan for most participants as soon as practicable following its emergence from Chapter 11 bankruptcy protection. Participants in the Plan who are employed by the Company after the "freeze" date will continue to earn service for purposes of eligibility and vesting until termination of employment with the Company.

The Company is expected to emerge from Chapter 11 bankruptcy protection fully restructured with trimmed legacy labor costs, sufficient access to capital markets, and a business plan to diversify its customer base. Based on the Company's diversification strategy and vastly improved equity position, the Company is poised to return to profitability.

The Company has represented that it intends to contribute funds to the Plan that had been required to satisfy the minimum funding standard for the plan year ending September 30, 2006, upon emergence from Chapter 11 bankruptcy protection. Also, the Company has represented that it intends to meet the minimum funding standard for the plan year ending September 30, 2007, and subsequent plan years upon emergence from Chapter 11 bankruptcy protection. The actuary for the Plan has projected that the full funding limitation for the Plan will be zero for the plan year ending September 30, 2008.

If the Company is able to successfully reorganize under Chapter 11 bankruptcy protection, its financial condition will be vastly improved and its financial hardship can be considered temporary. However, it is still uncertain whether the Company can successfully emerge from Chapter 11 bankruptcy protection. Accordingly, the waiver of the of the minimum funding standard for the Plan has been granted for the plan year ending September 30, 2006, subject to the following conditions:

(1)  No later than July 31, 2007, the Company files a plan of reorganization with the bankruptcy court providing for continuation of the Plan and compliance with the conditions of this waiver.

3

(2)  By June 15, 2007, the Company provides the Pension Benefit Guaranty
Corporation ("PBGC") a letter of credit in favor of the Plan from a financial
institution acceptable to the PBGC in the amount of $50 million.  If the
Company fails to meet any one of the conditions under which this funding
waiver has been granted, the PBGC may draw upon this letter of credit for the
benefit of the Plan at anytime thereafter.  This letter of credit will expire when
the contributions described in condition (3) are made upon the effective date of
the Company's plan of reorganization under Chapter 11.

(3)  No later than the effective date of the Company's plan of reorganization under
Chapter 11, the Company makes contributions to the Plan for the plan year
ending September 30, 2007, equal to the lesser of (i) the amount necessary to
maintain a credit balance in the funding standard account of the Plan as of
September 30, 2007, not less than the outstanding balance of the amortization
base with respect to the waived amount that is established and maintained
under section 412(b)(2) of the Code, or (ii) the amount of the full funding
limitation for the plan year ending September 30, 2007.

(4)  If the full funding limitation is greater than zero for the plan year ending
September 30, 2008, the Company makes contributions to the Plan for the
plan year ending September 30, 2008, equal to the lesser of (i) the amount
necessary to maintain a credit balance in the funding standard account of the
Plan as of September 30, 2008, not less than the outstanding balance of the
amortization base with respect to the waived amount that is established and
maintained under section 412(b)(2) of the Code, or (ii) the amount of the full
funding limitation for the plan year ending September 30, 2008.  Quarterly
contributions for the plan year ending September 30, 2008, will be calculated
following the regular ERISA calculation process as if the contribution required
by this paragraph was the ERISA minimum requirement for the plan year
ending September 30, 2008, and any balance due after payment of such
quarterly contributions will be contributed to the Plan by June 15, 2009.

(5)  If the funding standard account of the Plan does not have a full funding credit
for the plan year ending September 30, 2008, and if the Service determines
that funding waivers granted with respect to plan years beginning before the
first plan year beginning on or after January 1, 2008 (i.e., October 1, 2008, for
the Plan), are carried over as a separate amortization base for post-2007 plan
years, credit balances are maintained in the funding standard account of the
Plan that are not less than the outstanding balances of the amortization base
with respect to the waived amount that is established and maintained under
section 412(b)(2) of the Code, as in effect prior to the Pension Protection Act
of 2006 ("PPA"), for each of the plan years beginning October 1, 2008, through
2010.

4

(6)  If the funding standard account of the Plan does not have a full funding credit
for the plan year ending September 30, 2008, and if the Service determines
that funding waivers granted with respect to plan years beginning before the
first plan year beginning on or after January 1, 2008 (i.e., October 1, 2008, for
the Plan), are not carried over as a separate amortization base for post-2007
plan years, the credit balance that exists in the Plan as of October 1, 2008, is
reduced in accordance with PPA.

(7)  If the funding standard account of the Plan does have a full funding credit for
the plan year ending September 30, 2008, the Company elects to reduce the
credit balance created by condition (3) above that exists in the Plan as of
October 1, 2008, prior to determining the value of plan assets and crediting
against the minimum required contribution in accordance with PPA.

(8)  The effective date of the Company's plan of reorganization is no later than
November 15, 2007.

Your authorized representative agreed to these conditions in a letter dated
April 30, 2007.  If any one of the conditions is not met, the waiver for the plan year
ending September 30, 2006, is retroactively null and void.

Your attention is called to section 412(f) of the Code and section 304(b) of ERISA which
describe the consequences that would result in the event the Plan is amended to
increase benefits, change the rate in the accrual of benefits or to change the rate of
vesting, while any portion of the waived funding deficiency remains unamortized.
Please note that any amendment to a profit sharing plan or any other retirement plans
(covering employees covered by the Plan) maintained by the Company, to increase the
liabilities of those plans would be considered an amendment for purposes of
section 412(f) of the Code and section 304(b) of ERISA.  Similarly, the establishment of
a new profit sharing plan or any other retirement plan by the Company (covering
employees covered by the Plan) would be considered an amendment for purposes of
section 412(f) of the Code and section 304(b) of ERISA.

This ruling is directed only to the taxpayer that requested it.  Section 6110(k)(3) of the
Code provides that it may not be used or cited by others as precedent.

When filing Form 5500 for the plan year ending September 30, 2006, the date of this
letter should be entered on Schedule B (Actuarial Information).  For this reason, we
suggest that you furnish a copy of this letter to the enrolled actuary who is responsible
for the completion of the Schedule B.

We have sent a copy of this letter to the Manager, EP Classification in Baltimore,
Maryland, to the Manager, EP Compliance Unit in Chicago, Illinois, and to your
authorized representative pursuant to a power of attorney on file in this office.

5

If you require further assistance in this matter, please contact Mr. Heil (ID# 50-03208) at (202) 283-9694.

Sincerely yours,

Joseph H. Grant, Director
Employee Plans

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
     In re                        :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                  Debtors.          :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019
AUTHORIZING  DELPHI CORPORATION TO (A) PERFORM UNDER PENSION
FUNDING WAIVERS ISSUED BY UNITED STATES INTERNAL REVENUE SERVICE
AND (B) PROVIDE LETTERS OF CREDIT TO PENSION BENEFIT GUARANTY
<u>CORPORATION THEREUNDER</u>

("IRS PENSION FUNDING WAIVER ORDER")

Upon the motion, dated May 11, 2007 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §

363 and Fed. R. Bankr. P. 9019 authorizing Delphi to perform under pension funding waivers

(the "Waivers") issued by the United States Internal Revenue Service (the "IRS") and (b) provide

letters of credit to the Pension Benefit Guaranty Corporation (the "PBGC") in connection with

the Waivers; and upon the record of the hearing held on the Motion; and this Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest; and the Debtors having shown that the

decision to enter into the Agreement is reasonable and appropriate under the circumstances; and

proper and adequate notice of the Motion having been given and it appearing that no other or

further notice is necessary; and after due deliberation thereon, and sufficient cause appearing

therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Delphi is hereby authorized, but not directed, to perform under the

Waivers.

3.    Delphi is authorized, but not directed, to execute and deliver, and perform

under, consummate, and implement, all additional instruments and documents as may be

reasonably necessary or desirable to implement and perform under the Waivers, including the

provision of letters of credit to the PBGC in the amount of (a) $100 million with respect to the

Delphi's hourly pension plan and (b) $50 million with respect to the Delphi's salaried pension

plan.

4.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

5.    The requirement under rule 9013-1(b) of the Local Bankruptcy Rules for

the United Stated Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is satisfied by the Motion.


Dated: New York, New York
    _____, 2007



    _____
    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT H

**Hearing Date And Time: May 31, 2007 at 10:00 a.m.**
**Objection Deadline: May 24, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
        In re                            :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)
                                         :
                         Debtors.        :    (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P.
9019 AUTHORIZING AND APPROVING DELPHI AUTOMOTIVE SYSTEMS LLC'S ENTRY
INTO SETTLEMENT AGREEMENT WITH UMICORE AUTOCAT CANADA CORP.

PLEASE TAKE NOTICE that on May 11, 2007, Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed a Motion For Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 9019 Authorizing And Approving Delphi Automotive Systems LLC's Entry Into Settlement Agreement With Umicore Autocat Canada Corp. (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on May 31, 2007 at 10:00 a.m. (Prevailing Eastern Time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418) (the "Eighth Supplemental Case Management Order"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

2

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the

Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue,

New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel for the agent under the

postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New

York 10017 (Att'n:  Marlane Melican), (v) counsel for the official committee of unsecured

creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n:

Robert J. Rosenberg and Mark A. Broude), (vi) counsel for the official committee of equity

security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New

York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New

York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later than **4:00**

**p.m. (Prevailing Eastern Time) on May 24, 2007**.

3

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Eighth Supplemental Case Management Order will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated:        New York, New York
              May 11, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM LLP

                              By:    /s/ John Wm. Butler, Jr.
                                  John Wm. Butler, Jr. (JB 4711)
                                  John K. Lyons (JL 4951)
                                  Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606
                              (312) 407-0700

                                       - and -

                              By:    /s/ Kayalyn A. Marafioti
                                  Kayalyn A. Marafioti (KM 9632)
                                  Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession

4

**Hearing Date And Time: May 31, 2007 at 10:00 a.m.**
**Objection Deadline: May 24, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05–44481 (RDD)
                                              :
                Debtors.                      :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION FOR ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019 AUTHORIZING
AND APPROVING DELPHI AUTOMOTIVE SYSTEMS LLC'S ENTRY INTO SETTLEMENT
AGREEMENT WITH UMICORE AUTOCAT CANADA CORP.

("UMICORE SETTLEMENT MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this motion (the "Motion") for an order under 11 U.S.C. § 363 and Fed. R. Bankr.

P. 9019 authorizing and approving the entry of Delphi Automotive Systems LLC ("DAS LLC")

into a settlement agreement with Umicore Autocat Canada Corp. ("Umicore") to settle a claim

asserted by Umicore against DAS LLC, and respectfully represent as follows:

<div align="center">Background</div>

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  The Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders.

3.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are section 363 of

the Bankruptcy Code and rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

<div align="center">2</div>

B.        Current Business Operations Of The Debtors

5.        Delphi and its subsidiaries and affiliates (collectively, the "Company") as

of December 31, 2006 had global net sales of $26.4 billion and global assets of approximately

$15.4 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and continue their business operations without supervision from the Bankruptcy Court.[2]

6.        The Company is a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines, and is one of the

largest global suppliers of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company supplies products to nearly every

major global automotive original equipment manufacturer.

7.        Delphi was incorporated in Delaware in 1998 as a wholly-owned

subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the

Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the

assets and liabilities of these divisions and subsidiaries were transferred to the Company in

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In

connection with these transactions, Delphi accelerated its evolution from a North American-

---

[1]    The aggregated financial data used in this Motion generally consists of consolidated information from Delphi
       and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 27,
       2007.

[2]    On March 20 2007, Delphi Automotive Systems Espana S.L., whose sole operation is a non-core automotive
       component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency proceeding.  The
       application was approved by the Spanish court on April 13, 2007.  The Concurso proceeding does not affect
       other Delphi legal entities in Spain or elsewhere and is an isolated event that is consistent with Delphi's
       transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications. Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.    Events Leading To The Chapter 11 Filing

8.    In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income. Every year thereafter, however, with the exception of 2002, the Company has suffered losses. In calendar year 2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3] Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of approximately $2.4 billion on net sales of $26.9 billion. Moreover, in 2006, the Debtors incurred a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee special attrition programs.

9.    The Debtors believe that the Company's financial performance has deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (iii) increasing commodity prices.

_____

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004. The Company's net operating loss in calendar year 2004 was $482 million.

4

10.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward-looking revenue requirements. Because discussions with its major unions and GM had not progressed sufficiently by the end of the third quarter of 2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value for its stakeholders.

D.    The Debtors' Transformation Plan

11.    On March 31, 2006, the Company outlined five key tenets of its transformation plan. First, Delphi must modify its labor agreements to create a competitive arena in which to conduct business. Second, the Debtors must conclude their negotiations with GM to finalize GM's financial support for the Debtors' legacy and labor costs and to ascertain GM's business commitment to the Company. Third, the Debtors must streamline their product portfolio to capitalize on their world-class technology and market strengths and make the necessary manufacturing alignment with their new focus. Fourth, the Debtors must transform their salaried workforce to ensure that the Company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint.[4] Finally, the Debtors must devise a workable solution to their current pension situation.

12.    On December 18, 2006, the Debtors marked another milestone in their chapter 11 cases with the announcement of two significant agreements. The first of these was an equity purchase and commitment agreement (the "Equity Purchase and Commitment

---

[4]    As part of this effort, effective July 1, 2006, the Company realigned its business operations to focus its product portfolio on core technologies for which the Company believes it has significant competitive and technological advantages. The Company's revised operating structure consists of its four core business segments: Electronics and Safety, Thermal Systems, Powertrain Systems, and Electrical/Electronic Architecture. The Company also has two additional segments, Steering and Automotive Holdings Group, which will be transitioned as part of the Company's transformation plan.

Agreement") with affiliates of Appaloosa Management L.P., Cerberus Capital Management, L.P.,

and Harbinger Capital Partners Master Fund I, Ltd., as well as Merrill Lynch & Co. and UBS

Securities LLC (collectively, the "Plan Investors").  Under the Equity Purchase and Commitment

Agreement, the Plan Investors have agreed to invest up to $3.4 billion in preferred and common

equity in the reorganized Delphi to support the Debtors' transformation plan.  The Equity

Purchase and Commitment Agreement is subject to the completion of due diligence, satisfaction

or waiver of numerous other conditions (including Delphi's goal of achieving consensual

agreements with its principal U.S. labor unions and GM), and the non-exercise by either Delphi

or the Plan Investors of certain termination rights.  The second agreement was a plan framework

support agreement (the "Plan Framework Support Agreement") with the Plan Investors and GM.

The Plan Framework Support Agreement outlines certain proposed terms of the Debtors'

anticipated plan of reorganization, including the distributions to be made to creditors and

shareholders, the treatment of GM's claims, the resolution of certain pension funding issues, and

the corporate governance of the reorganized Debtors.  The terms of the Plan Framework Support

Agreement are expressly conditioned on the Debtors' reaching consensual agreements with their

U.S. labor unions and GM.

    13. On January 12, 2007, this Court authorized the Debtors to execute, deliver,

and implement the Equity Purchase and Commitment Agreement and the Plan Framework

Support Agreement (Docket No. 6589).  On February 28, 2007, Delphi entered into an

amendment to the Equity Purchase and Commitment Agreement with the Plan Investors to

extend the date by which the Company, the Cerberus Capital Management, L.P. affiliate, or the

Appaloosa Management L.P. affiliate have the right to terminate the agreement on account of not

yet having completed tentative labor agreements with Delphi's principal U.S. labor unions and a

consensual settlement of legacy issues with GM.  The amendment extended the termination right pursuant to a 14-day notice mechanism.  The amendment also extended the deadline to make certain regulatory filings under the federal antitrust laws in connection with the Equity Purchase and Commitment Agreement and the Plan Framework Support Agreement.

14.      On April 19, 2007, Delphi announced that the Debtors anticipated negotiating changes to the Equity Purchase and Commitment Agreement and the Plan Framework Support Agreement.  The Debtors do not believe that these developments will preclude the Debtors from filing a joint plan of reorganization and related documents with the Court prior to the current expiration of the exclusivity period on July 31, 2007 or emerging from chapter 11 reorganization this year.  The Debtors also confirmed that none of the parties entitled to give notice of termination of the framework agreements has done so as of the date of this filing and that these agreements remain effective as previously filed until modified or terminated.

15.      Although much remains to be accomplished in the Debtors' reorganization cases, the Debtors and their stakeholders are together navigating a course that should lead to a consensual resolution with their U.S. labor unions and GM while providing an acceptable financial recovery framework for the Debtors' stakeholders.  Upon the conclusion of the reorganization process, the Debtors expect to emerge as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-quality products to its customers globally.  Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

16.    By this Motion, the Debtors seek entry of an order under section 363 of

the Bankruptcy Code and Bankruptcy Rule 9019 authorizing and approving DAS LLC's entry

into that certain settlement agreement by and among DAS LLC and Umicore, dated May 11,

2007, in the form attached hereto as <u>Exhibit A</u> (the "Settlement Agreement"), which resolves a

proof of claim filed by Umicore against DAS LLC for the sale of goods and services.  Although

it is the Debtors' position that the Settlement Agreement is in the ordinary course of business, the

Debtors have elected, out of an abundance of caution and pursuant to that certain Order Under 11

U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To

Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court

Approval (Docket No. 4414) entered by this Court on June 29, 2006 (the "Settlement Procedures

Order"), to consummate the Settlement Agreement only upon order of this Court.

<u>Basis For Relief</u>

E.    <u>Background To The Proposed Settlement Agreement</u>

17.    On July 28 2006, Umicore filed proof of claim number 12924 (the "Proof

of Claim") against DAS LLC, asserting an unsecured non-priority claim in the amount of

$10,671,101.82 and an unsecured priority claim in an undetermined amount (collectively, the

"Claim") arising from the sale of goods and services.

18.    The Claim was objected to on October 31, 2006 pursuant to the Debtors' (i)

Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P.

3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By

Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To

Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No.

8

5452) (the "Third Omnibus Claims Objection").  Pursuant to the Third Omnibus Objection, the

Debtors sought to modify the Claim from $10,671,101.82 to $10,340,843.74.

19.    On November 22, 2006, Umicore filed its Response Of Umicore Autocat

Canada Corp. To Debtors' Second Omnibus Objection And To Debtors' Third Omnibus Claims

Objection, And Limited Objection To Debtors Motion For Order Establishing (I) Dates For

Hearings Regarding Disallowance Or Estimation Of Claims And (II) Certain Notices And

Procedures Governing Hearings Regarding Disallowance Of Estimation of Claims (Docket No.

5735).

20.    Upon further review and reconciliation of its books and records in

conjunction with additional supporting documentation provided by Umicore, DAS LLC has

determined that its total liability to Umicore is not $10,340,843.74, but instead is $10,558,893.31.

F.    The Proposed Settlement Agreement

21.    To resolve any dispute over the Proof of Claim, DAS LLC entered into the

Settlement Agreement.  The salient terms[5] of the settlement agreement are that DAS LLC

acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of

$10,558,893.31 without further defense, offset, or reduction (the "Allowed Claim") and that

Umicore agrees that the Allowed Claim shall be treated as a prepetition general unsecured non-

priority claim.  Umicore, on its behalf and on behalf of related entities and affiliated individuals,

acknowledges that the allowance of the Allowed Claim is in full resolution of the Claim and the

Third Omnibus Claims Objection with respect to the Claim, and waives any and all rights to

---

[5]    To the extent this summary differs in any way with the Settlement Agreement, the provisions of the Settlement
Agreement control.

assert, against any and all of the Debtors, that the Allowed Claim is anything other than a

prepetition general unsecured non-priority claim against DAS LLC.

<div align="center">Applicable Authority</div>

22.    By this Motion, the Debtors respectfully request the entry of an order

under section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a) approving the

Settlement Agreement and the settlement terms contained therein.  Bankruptcy Rule 9019

provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the

court may approve a compromise or settlement."  Settlements and compromises are "a normal

part of the process of reorganization…." Protective Comm. for Indep. Stockholders of TMT

Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. L.A. Lumber Prods.

Co., 308 U.S. 106, 130 (1939)); see also In re Adelphia Comm'ns Corp., 327 B.R. 143, 159

(decision to accept or reject settlement lies within sound discretion of bankruptcy court), adhered

to on reconsideration, 327 B.R. 175 (Bankr. S.D.N.Y. 2005).

23.    Approval of a compromise under Bankruptcy Rule 9019(a) is appropriate

when the compromise is fair and equitable and is in the best interests of a debtor's estate.  See,

e.g., TMT Trailer Ferry, 390 U.S. at 424; Adelphia Comm'ns, 327 B.R. at 159 ("The settlement

need not be the best that the debtor could have obtained.  Rather, the settlement must fall 'within

the reasonable range of litigation possibilities.'") (citations omitted) (quoting In re Penn Centr.

Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979); Nellis v. Shugrue, 165 B.R. 115, 121 (S.D.N.Y.

1994) ("The obligation of the bankruptcy court is to determine whether a settlement is in the best

interest of an estate before approving it.").  In general, compromises in the bankruptcy context

should be approved unless they "'fall below the lowest point in the range of reasonableness.'"

Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citation omitted).

<div align="center">10</div>

24.    The Supreme Court in <u>TMT Trailer Ferry</u> set forth the following factors
that courts should consider in determining whether a proposed settlement or compromise is in the
best interests of a debtor's estate:  (a) the probability of the debtor's success in the litigation, (b)
the difficulties associated with collection, (c) the complexity of the litigation, and the attendant
expense, inconvenience, and delay, and (d) the paramount interests of the estate's creditors.
<u>TMT Trailer Ferry</u>, 390 U.S. at 424-25; <u>see also</u> <u>Nellis</u>, 165 B.R. at 122; <u>Fry's Metals, Inc. v.</u>
<u>Gibbons</u> (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002).

25.    Courts in this district have further elaborated on these factors to consider,
including: (a) the balance between the likelihood of plaintiffs' or defendants' success should the
case go to trial vis-à-vis the concrete present and future benefits held forth by the settlement
without the expense and delay of a trial and subsequent appellate procedures, (b) the prospect of
complex and protracted litigation if the settlement is not approved, (c) the competency and
experience of counsel who support the settlement, and (d) the extent to which the settlement is
truly the product of arms-length bargaining, and not of fraud or collusion.  <u>Adelphia Comm'ns</u>,
327 B.R. at 159-60; <u>accord</u> <u>In re Texaco Inc.</u>, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988).

26.    The bankruptcy court need not determine that all of the foregoing criteria
favor approval of a compromise, and the proposed compromise need not be the best agreement
that the debtor could have achieved under the circumstances.  <u>See</u> <u>Adelphia Comm'ns</u>, 327 B.R.
at 159-60; <u>see also</u> <u>Penn Centr.</u>, 596 F.2d at 1114.  Instead, the court's proper "role is to
determine whether the settlement as a whole is fair and equitable," <u>In re Lee Way Holding Co.</u>,
120 B.R. 881, 890 (Bankr. S.D. Ohio 1990), and falls "'within the reasonable range of litigation
possibilities.'"  <u>In re Telesphere Comm'ns, Inc.</u>, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994)
(citation omitted).  To that end, courts should not substitute their own judgment for that of the

11

debtor, but rather should "'canvass the issues'" to affirm that the proposed settlement falls above

"'the lowest point in the range of reasonableness.'"  Adelphia Comm'ns, 327 B.R. at 159 (quoting

W.T. Grant Co., 699 F.2d at 608); accord Airline Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co.

(In re Ionosphere Clubs, Inc.), 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd sub nom. Sobchack v.

Am. Nat'l Bank & Trust Co., 17 F.3d 600 (2d Cir. 1994).

   27. The Settlement Agreement provides for the immediate consensual

resolution of the Claim instead of costly litigation of the Claim pursuant to the Order Pursuant

To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered on December 7, 2006 (the "Claims

Objection Procedures Order") (Docket No. 6088).  The proposed settlement falls within the

reasonable range of litigation possibilities.  As is true with any litigation, the outcome of a

dispute over the Claim may be uncertain and a trial on the merits under the Claims Objection

Procedures Order would involve significant time and expense.  Thus, the Debtors believe that

resolving the Claim against DAS LLC pursuant to the terms of the Settlement Agreement rather

than through litigation is a fair resolution of this matter, and serves the best interest of the

Debtors and their creditors.

   28. Because the Settlement Agreement involves the use of estate assets, the

Debtors also seek authority for the Settlement Agreement under section 363 of the Bankruptcy

Code.  Specifically, section 363(b)(1) permits a debtor-in-possession to use property of the estate

"other than in the ordinary course of business" after notice and a hearing.  11 U.S.C. § 363(b)(1).

Uses of estate property outside the ordinary course of business may be authorized if the debtor

demonstrates a sound business justification for it.  See In re Lionel Corp., 722 F.2d 1063, 1071

(2d Cir. 1983) (business judgment rule requires finding that good business reason exists to grant

debtor's application under section 363(b)); In re Delaware Hudson Ry. Co., 124 B.R. 169, 179

(Bankr. D. Del. 1991).

29.     As a rule, the debtor's business judgment "should be approved by the court

unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound

business judgment, but only on bad faith, or whim or caprice.'" In re Aerovox, Inc., 269 B.R. 74,

81 (Bankr. D. Del. 2001) (quoting In re Interco, Inc., 128 B.R. 229, 234 (Bankr. E.D. Mo. 1991)).

30.     For the reasons set for above, DAS LLC believes that it will receive

important financial benefits from the Settlement Agreement, and asserts that the Settlement

Agreement is an appropriate and reasonable exercise of its business judgment.  Accordingly, the

Debtors respectfully request that the Motion be granted.

<u>Notice</u>

31.     Notice of this Motion has been provided in accordance with the Amended

Eighth Supplemental Order Under 11 U.S.C. Sections 102(1) and 105 and Fed. R. Bankr. P.

2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures (Docket No. 5418) and the Settlement Procedures

Order.  In light of the nature of the relief requested, the Debtors submit that no other or further

notice is necessary.

<u>Memorandum Of Law</u>

32.     Because the legal points and authorities upon which this Motion relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a)

authorizing and approving the Settlement Agreement and (b) granting them such other and

further relief as is just.


Dated:        New York, New York
              May 11, 2007
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                         & FLOM LLP

                                        By:   /s/ John Wm. Butler, Jr.
                                              John Wm. Butler, Jr. (JB 4711)
                                              John K. Lyons (JL 4951)
                                              Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606
                                        (312) 407-0700

                                                    - and -

                                        By:   /s/ Kayalyn A. Marafioti
                                              Kayalyn A. Marafioti (KM 9632)
                                              Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                         Debtors and Debtors-in-Possession

**<u>EXHIBIT A</u>**

# SETTLEMENT AGREEMENT

THIS AGREEMENT, dated as of May 11, 2007 (this "Settlement Agreement"), is entered into by and between Umicore Autocat Canada Corp. ("Umicore") and Delphi Automotive Systems LLC ("DAS LLC").

# RECITALS:

WHEREAS, on October 8, 2005 (the "Petition Date"), Delphi Corporation, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, on or about October 14, 2005, Umicore submitted a demand to the Debtors asserting a reclamation claim in the amount of $2,742,819.63 (the "Reclamation Demand").

WHEREAS, on July 28, 2006, Umicore filed proof of claim number 12924 against DAS LLC, asserting an unsecured non-priority claim in the amount of $10,671,101.82 and an unsecured priority claim in an undetermined amount (collectively, the "Claim") arising from the sale of goods and services.

WHEREAS, on October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, Umicore filed its Response Of Umicore Autocat Canada Corp. To Debtors' Second Omnibus Objection And To Debtors' Third Omnibus Claims Objection, And Limited Objection To Debtors Motion For Order Establishing (I) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (II) Certain Notices And Procedures Governing Hearings Regarding Disallowance Of Estimation of Claims (Docket No. 5735) (the "Response").

WHEREAS, to resolve the Third Omnibus Claims Objection with respect to the Claim, DAS LLC and Umicore have agreed to enter into this Settlement Agreement.

WHEREAS, pursuant that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by the Delphi Bankruptcy Court on June 29, 2006, DAS LLC is authorized to consummate this Settlement Agreement only upon order of the Delphi Bankruptcy Court (the "Approval Order").

1

WHEREAS, the Debtors intend to file and shall thereafter diligently prosecute a motion with the Delphi Bankruptcy Court seeking entry of the Approval Order.

NOW THEREFORE, in consideration of the premises set forth above and by execution of this Settlement Agreement, DAS LLC and Umicore agree as follows:

1. <u>Allowed General Unsecured Non-Priority Claim And Waiver Of Rights</u>.    DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of Ten Million, Five Hundred And Fifty-Eight Thousand, Eight Hundred And Ninety-Three Dollars And Thirty-One Cents ($10,558,893.31) without further defense, offset, or reduction (the "<u>Allowed Claim</u>").  The Allowed Claim shall be treated as a prepetition general unsecured non-priority claim.  Umicore, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "<u>Umicore Releasing Parties</u>"), hereby acknowledges that the allowance of the Allowed Claim is in full resolution of the Claim and the Third Omnibus Claims Objection with respect to the Claim, and hereby waives any and all rights to assert, against any and all of the Debtors, that the Allowed Claim is anything other than a prepetition general unsecured non-priority claim against DAS LLC.  The Umicore Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim and which the Umicore Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.  The Debtors and Umicore acknowledge and agree that nothing herein shall amend, alter, or modify the terms of any existing prepetition or postpetition contracts between Umicore and any of the Debtors.  The release set forth above does not include, and is without prejudice to, the right of Umicore to file and prosecute a claim for rejection damages, if any, arising from the rejection by any of the Debtors of an executory contract with Umicore.

2. <u>Withdrawal Of Response</u>. Umicore agrees that it shall and does hereby withdraw its Response to the Third Omnibus Claims Objection with prejudice.

3. <u>Withdrawal Of Reclamation Demand</u>.  Umicore agrees that it shall and does hereby withdraw its Reclamation Demand with prejudice.

4. <u>Governing Law</u>.   This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the Bankruptcy Code and the laws of the State of Michigan, without regard to conflicts of law principles.

5. <u>Representations And Warranties</u>.    The parties hereto acknowledge that they are executing this Settlement Agreement without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments expressly set forth in this Settlement Agreement.

2

6. <u>Entire Understanding</u>.  This Settlement Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof.  This Settlement Agreement may not be modified, altered, or amended except by an agreement in writing signed by the Debtors and Umicore.

7. <u>Condition Precedent.</u>  This Settlement Agreement shall be effective on the date when the Approval Order shall become final and not subject to any stay or appeal.  The Debtors shall promptly file a motion with the Delphi Bankruptcy Court seeking entry of an Approval Order approving this Settlement Agreement.  Each party will bear its own expenses.

8. <u>No Party Deemed Drafter</u>. This Settlement Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by Umicore and its counsel.  Therefore, any ambiguous language in this Settlement Agreement shall not be construed against any particular party as the drafter of such language.

9. <u>Counterparts</u>.  This Settlement Agreement may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement.  Delivery of an executed counterpart of this Settlement Agreement by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Settlement Agreement.


**Accepted and agreed to by:**

**Delphi Automotive Systems LLC**          **Umicore Autocat Canada Corp.**

By: _____            By: _____
Name:                                  Name:
Title:                                 Title:
Dated:  May __, 2007                    Dated:  May __, 2007


                                       By: _____
                                       Name:
                                       Title:
                                       Dated:  May __, 2007


3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

      In re                           :     Chapter 11

                                    :

DELPHI CORPORATION, et al.,       :     Case No. 05-44481 (RDD)

                                    :

                Debtors.     :     (Jointly Administered)

                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019 AUTHORIZING AND
APPROVING DELPHI AUTOMOTIVE SYSTEMS LLC'S ENTRY INTO SETTLEMENT
AGREEMENT WITH UMICORE AUTOCAT CANADA CORP.

("UMICORE SETTLEMENT ORDER")

Upon the motion, dated May 11, 2007 (the "Motion"), of Delphi Corporation and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases, for an order under 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019 authorizing and approving

the entry of Delphi Automotive Systems LLC ("DAS LLC") into a settlement agreement with

Umicore Autocat Canada Corp. (the "Settlement Agreement"); and upon the record of the

hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of DAS LLC, its estate, its creditors, and other parties-in-interest;

and DAS LLC having shown that the decision to enter into the Settlement Agreement is

reasonable and appropriate under the circumstances; and proper and adequate notice of the

Motion having been given and it appearing that no other or further notice is necessary; and after

due deliberation thereon, and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The Settlement Agreement is hereby approved.

3.      DAS LLC is hereby authorized to enter into the Settlement Agreement.

4.      Under the terms of the Settlement Agreement, the Claim (as defined in the Motion) shall be allowed in the amount of $10,558,893.31 without further defense, offset, or reduction and shall be treated as a non-subordinated, allowed general unsecured non-priority claim against the estate of DAS LLC.

5.      The Response Of Umicore Autocat Canada Corp. To Debtors' Second Omnibus Objection And To Debtors' Third Omnibus Claims Objection, And Limited Objection To Debtors Motion For Order Establishing (I) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (II) Certain Notices And Procedures Governing Hearings Regarding Disallowance Of Estimation of Claims (Docket No. 5735) is hereby withdrawn with prejudice.

6.      The reclamation demand submitted by Umicore to the Debtors on or about October 14, 2005 is hereby withdrawn with prejudice.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

8.      The requirement under rule 9013-1(b) of the Local Bankruptcy Rules for the United Stated Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is satisfied by the Motion.

Dated: New York, New York
      May ___, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT I

**Hearing Date And Time: May 31, 2007 at 10:00 a.m.**
**Objection Deadline: May 24, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
      In re                         :     Chapter 11
                            :
DELPHI CORPORATION, et al.,        :     Case No. 05-44481 (RDD)
                            :
               Debtors.     :     (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. § 363 AND FED. R.
BANKR. P. 9019 AUTHORIZING AND APPROVING SETTLEMENT
AGREEMENT WITH ELECTRONIC DATA SYSTEMS CORPORATION,
EDS INFORMATION SERVICES L.L.C., AND EDS DE MEXICO, S.A. DE C.V.

PLEASE TAKE NOTICE that on May 11, 2007, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), filed a Motion For Order Under 11 U.S.C. § 363 And Fed. R.

Bankr. P. 9019 Authorizing And Approving Settlement Agreement With Electronic Data

Systems Corporation, EDS Information Services L.L.C., And EDS De Mexico, S.A. DE C.V.

(the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the

Motion will be held on May 31, 2007 at 10:00 a.m. (Prevailing Eastern Time) (the "Hearing")

before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, must

(a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Eighth Supplemental Order

Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And

Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418) (the

"Eighth Supplemental Case Management Order"), (c) be filed with the Bankruptcy Court in

accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's

case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch

disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (d) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi

Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to

2

the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the

Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue,

New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel for the agent under the

postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New

York 10017 (Att'n:  Marlane Melican), (v) counsel for the official committee of unsecured

creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n:

Robert J. Rosenberg and Mark A. Broude), (vi) counsel for the official committee of equity

security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New

York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New

York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later than **4:00

p.m. (Prevailing Eastern Time) on May 24, 2007**.

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Eighth Supplemental Case Management Order will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated:          New York, New York
                May 11, 2007

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP

                                    By:    /s/ John Wm. Butler, Jr.
                                        John Wm. Butler, Jr. (JB 4711)
                                        John K. Lyons (JL 4951)
                                        Ron E. Meisler (RM 3026)
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois 60606
                                    (312) 407-0700

                                            - and -

                                    By:    /s/ Kayalyn A. Marafioti
                                        Kayalyn A. Marafioti (KM 9632)
                                        Thomas J. Matz (TM 5986)
                                    Four Times Square
                                    New York, New York 10036
                                    (212) 735-3000

                                    Attorneys for Delphi Corporation, et al.,
                                      Debtors and Debtors-in-Possession

4

**Hearing Date And Time: May 31, 2007 at 10:00 a.m.**
**Objection Deadline: May 24, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
                                        :
        In re                           :       Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :       Case No. 05–44481 (RDD)
                                        :
                        Debtors.        :       (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION FOR ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019 AUTHORIZING
AND APPROVING SETTLEMENT AGREEMENT WITH ELECTRONIC DATA SYSTEMS
CORPORATION, EDS INFORMATION SERVICES L.L.C., AND EDS DE MEXICO, S.A. DE C.V.

("EDS SETTLEMENT MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this motion (the "Motion") for an order under 11 U.S.C. § 363 and Fed. R. Bankr.

P. 9019 authorizing and approving the entry of Delphi and Delphi Automotive Systems LLC

("DAS LLC") into a settlement agreement with Electronic Data Systems Corporation ("EDS

Corp."), EDS Information Services L.L.C. ("EIS"), and EDS de Mexico, S.A. de C.V. ("EDS

Mexico," together with EDS Corp. and EIS, "EDS"), to settle multiple claims filed by EDS

against Delphi and DAS LLC, and respectfully represent as follows:

<div align="center">Background</div>

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  The Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders.

3.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

<div align="center">2</div>

4.      The statutory predicates for the relief requested herein is section 363 of the

Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").

B.      Current Business Operations Of The Debtors

5.      Delphi and its subsidiaries and affiliates (collectively, the "Company") as

of December 31, 2006 had global net sales of $26.4 billion and global assets of approximately

$15.4 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and continue their business operations without supervision from the Bankruptcy Court.[2]

6.      The Company is a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines, and is one of the

largest global suppliers of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company supplies products to nearly every

major global automotive original equipment manufacturer.

7.      Delphi was incorporated in Delaware in 1998 as a wholly-owned

subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the

Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the

assets and liabilities of these divisions and subsidiaries were transferred to the Company in

---

[1]  The aggregated financial data used in this Motion generally consists of consolidated information from Delphi
     and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 27,
     2007.

[2]  On March 20 2007, Delphi Automotive Systems Espana S.L., whose sole operation is a non-core automotive
     component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency proceeding.  The
     application was approved by the Spanish court on April 13, 2007.  The Concurso proceeding does not affect
     other Delphi legal entities in Spain or elsewhere and is an isolated event that is consistent with Delphi's
     transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.    Events Leading To The Chapter 11 Filing

8.    In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3] Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006, the Debtors incurred a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee special attrition programs.

9.    The Debtors believe that the Company's financial performance has deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production environment for domestic

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.  The Company's net operating loss in calendar year 2004 was $482 million.

OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (iii) increasing commodity prices.

10.     In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward-looking revenue requirements. Because discussions with its major unions and GM had not progressed sufficiently by the end of the third quarter of 2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value for its stakeholders.

D.     The Debtors' Transformation Plan

11.     On March 31, 2006, the Company outlined five key tenets of its transformation plan. First, Delphi must modify its labor agreements to create a competitive arena in which to conduct business. Second, the Debtors must conclude their negotiations with GM to finalize GM's financial support for the Debtors' legacy and labor costs and to ascertain GM's business commitment to the Company. Third, the Debtors must streamline their product portfolio to capitalize on their world-class technology and market strengths and make the necessary manufacturing alignment with their new focus. Fourth, the Debtors must transform their salaried workforce to ensure that the Company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint.[4] Finally, the Debtors must devise a workable solution to their current pension situation.

---

[4]    As part of this effort, effective July 1, 2006, the Company realigned its business operations to focus its product portfolio on core technologies for which the Company believes it has significant competitive and technological advantages. The Company's revised operating structure consists of its four core business segments: Electronics and Safety, Thermal Systems, Powertrain Systems, and Electrical/Electronic Architecture. The Company also has two additional segments, Steering and Automotive Holdings Group, which will be transitioned as part of the Company's transformation plan.

12.     On December 18, 2006, the Debtors marked another milestone in their

chapter 11 cases with the announcement of two significant agreements.  The first of these was an

equity purchase and commitment agreement (the "Equity Purchase and Commitment

Agreement") with affiliates of Appaloosa Management L.P., Cerberus Capital Management, L.P.,

and Harbinger Capital Partners Master Fund I, Ltd., as well as Merrill Lynch & Co. and UBS

Securities LLC (collectively, the "Plan Investors").  Under the Equity Purchase and Commitment

Agreement, the Plan Investors have agreed to invest up to $3.4 billion in preferred and common

equity in the reorganized Delphi to support the Debtors' transformation plan.  The Equity

Purchase and Commitment Agreement is subject to the completion of due diligence, satisfaction

or waiver of numerous other conditions (including Delphi's goal of achieving consensual

agreements with its principal U.S. labor unions and GM), and the non-exercise by either Delphi

or the Plan Investors of certain termination rights.  The second agreement was a plan framework

support agreement (the "Plan Framework Support Agreement") with the Plan Investors and GM.

The Plan Framework Support Agreement outlines certain proposed terms of the Debtors'

anticipated plan of reorganization, including the distributions to be made to creditors and

shareholders, the treatment of GM's claims, the resolution of certain pension funding issues, and

the corporate governance of the reorganized Debtors.  The terms of the Plan Framework Support

Agreement are expressly conditioned on the Debtors' reaching consensual agreements with their

U.S. labor unions and GM.

13.     On January 12, 2007, this Court authorized the Debtors to execute, deliver,

and implement the Equity Purchase and Commitment Agreement and the Plan Framework

Support Agreement (Docket No. 6589).  On February 28, 2007, Delphi entered into an

amendment to the Equity Purchase and Commitment Agreement with the Plan Investors to

6

extend the date by which the Company, the Cerberus Capital Management, L.P. affiliate, or the

Appaloosa Management L.P. affiliate have the right to terminate the agreement on account of not

yet having completed tentative labor agreements with Delphi's principal U.S. labor unions and a

consensual settlement of legacy issues with GM.  The amendment extended the termination right

pursuant to a 14-day notice mechanism.  The amendment also extended the deadline to make

certain regulatory filings under the federal antitrust laws in connection with the Equity Purchase

and Commitment Agreement and the Plan Framework Support Agreement.

14.      On April 19, 2007, Delphi announced that the Debtors anticipated

negotiating changes to the Equity Purchase and Commitment Agreement and the Plan

Framework Support Agreement.  The Debtors do not believe that these developments will

preclude the Debtors from filing a joint plan of reorganization and related documents with the

Court prior to the current expiration of the exclusivity period on July 31, 2007 or emerging from

chapter 11 reorganization this year.  The Debtors also confirmed that none of the parties entitled

to give notice of termination of the framework agreements has done so as of the date of this

filing and that these agreements remain effective as previously filed until modified or terminated.

15.      Although much remains to be accomplished in the Debtors' reorganization

cases, the Debtors and their stakeholders are together navigating a course that should lead to a

consensual resolution with their U.S. labor unions and GM while providing an acceptable

financial recovery framework for the Debtors' stakeholders.  Upon the conclusion of the

reorganization process, the Debtors expect to emerge as a stronger, more financially sound

business with viable U.S. operations that are well-positioned to advance global enterprise

objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-

quality products to its customers globally.  Additionally, the Company will preserve and

continue the strategic growth of its non-U.S. operations and maintain its prominence as the

world's premier auto supplier.

<div align="center">Relief Requested</div>

16.    By this Motion, the Debtors seek entry of an order under section 363 of

the Bankruptcy Code and Bankruptcy Rule 9019 authorizing and approving the Debtors' entry

into that certain Settlement Agreement by and among Delphi, DAS LLC, and EDS, dated May

11, 2007, which resolves multiple claims filed by EDS against Delphi and DAS LLC, in the form

attached hereto as Exhibit A (the "Settlement Agreement").  Pursuant to that certain Order Under

11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To

Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court

Approval (Docket No. 4414) entered by this Court on June 29, 2006 (the "Settlement Procedures

Order"), Delphi and DAS LLC are authorized to consummate the Settlement Agreement only

upon order of this Court.

<div align="center">Basis For Relief</div>

E.    Background To The Proposed Settlement Agreement

17.    EDS, a member of the official committee of unsecured creditors, provides

information technology outsourcing services to the Debtors.  The contracts that form the bases

for EDS' proofs of claim include the Master Agreement by and among Delphi Automotive

Systems Corporation ("Delphi Automotive"), predecessor in interest to Delphi, EDS Corp., and

EIS, effective July 1, 1999 and amended October 2001 (the "Delphi Master Agreement"), the

U.S. Delphi Services Agreement (the "Delphi Services Agreement") by and among DAS LLC,

EDS Corp., and EIS, effective July 1, 1999, the Vega 2 Services Agreement (the "Vega

Agreement") by and among Delphi Automotive, EDS Corp., and EIS, effective December 21,

<div align="center">8</div>

2001 as amended in May 2002, and other certain agreements and amendments (the Delphi

Master Agreement, the Delphi Services Agreement, the Vega Agreement, and other certain

agreements and amendments, collectively, the "Agreements").

18.    On July 28, 2006, EDS filed proofs of claim numbers 12678, 12679,

12680, 12681, 12682, and 12683 (collectively, the "Claims").  The chart below reflects basic

information regarding the Claims and the Debtors' objections thereto:

| Proof Of Claim No. | EDS Entity Asserting Claim | Debtor Entity Against Which Claim Is Asserted | Amount And Nature Of Claim Asserted | Applicable Objection To Claim |
|---|---|---|---|---|
| 12678 | EDS Corp. | DAS LLC | unsecured: $16,691,418.68 priority: $2,061,011.00 | Third Omnibus Claims Objection |
| 12679 | EDS Corp. | Delphi Corp. | unsecured: $16,691,418.68 priority: $2,061,011.00 | Third Omnibus Claims Objection |
| 12680 | EDS Mexico | DAS LLC | unsecured: $518,330.54 priority: $2,061,011.00 | Third Omnibus Claims Objection |
| 12681 | EIS | DAS LLC | unsecured: $16,691,418.68 priority: $2,061,011.00 | Third Omnibus Claims Objection |
| 12682 | EDS Mexico | Delphi Corp. | unsecured: $518,330.54 priority: $2,061,011.00 | Third Omnibus Claims Objection |
| 12683 | EIS | Delphi Corp. | unsecured: $16,691,418.68 priority: $2,061,011.00 | Third Omnibus Claims Objection |

19.    In sum, the Claims assert that Delphi and DAS LLC are both liable under

the Agreements for (i) $11,173,088.21 in unpaid invoices with respect to EDS's U.S. operations

(the "U.S. Liabilities"), (ii) $518,330.54 in unpaid invoices with respect to EDS's Mexico

operations (the "Mexico Liabilities"), (iii) $4,999,999.93 due under the Vega Notes Receivables

9

(as described in more detail below, the "Vega Notes"), and (iv) $2,061,011.00 in minimum revenue commitment shortfall payments that the Debtors assert accumulated as roll-overs from previous years and any subsequent shortfalls for calendar year 2006 and 2007 as outlined in the current Delphi Master Agreement (the "Minimum Commitment Shortfall").

20.    The Vega Notes liability is in respect of an approximately $20 million pre-tax payment (the "Loan") from EDS to Delphi that was received by Delphi in the fourth quarter of 2001. This liability has diminished as payments were made by Delphi to EDS pursuant to the Vega Agreement.  Currently, Delphi has a remaining liability of $4,999,999.93, which represents the Vega Notes portion of the Claims.

21.    Upon a detailed review of their books and records, the Debtors have verified EDS's claim with respect to the U.S. Liabilities and the Vega Notes (only as asserted against Delphi).  With respect to the Mexico Liabilities, a further reconciliation of the Debtors' books and records resulted in a downward variance of $12,604.80 from the amount asserted by EDS.  Finally, the Debtors do not believe that they have any liability for the Minimum Commitment Shortfall.

22.    On November 22, 2006, EDS filed that certain Response Of Electronic Data Systems, EDS Information Services L.L.C. And EDS de Mexico S.A. de C.V. To The Debtors' Second Omnibus Objection (Procedural) To Certain (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims And (III) Duplicate And Amended Claims And Third Omnibus Objection (Substantive) To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification (Docket No. 5722), and the hearing with respect to the Debtors' objections to the Claims was adjourned.

F.    The Proposed Settlement Agreement

23.    To resolve their dispute with EDS over the Claims, the Debtors propose to

enter into the Settlement Agreement.  The salient terms of the Settlement Agreement are as

follows:[5]

(a)    Proof of Claim No. 12678 would be jointly held by EDS Corp. and
EIS and would be allowed as a prepetition general unsecured non-priority claim against (i) DAS
LLC in the amount of $11,678,813.95 and (ii) Delphi in the amount of $4,999,999.93 (the
"Allowed Claim").  EDS Corp. would be the voting claimant on behalf of itself and EIS on
account of Proof of Claim No. 12678 in connection with any plan of reorganization of the
Debtors (the "Plan of Reorganization") and the Debtors would only have an obligation to solicit
EDS Corp.'s vote on account of Proof of Claim No. 12678.  EDS Corp. would accept on behalf
of itself and EIS any and all distributions made under the Plan of Reorganization in connection
with Proof of Claim No. 12678.

(b)    Proofs of Claim Nos. 12679, 12680, 12681, 12682, and 12683 would
be expunged and disallowed in their entirety.

(c)    For administrative convenience only, and without prejudice to EDS'
rights against Delphi, Proof of Claim No. 12679 would be expunged subject to the right of EDS
to reassert Proof of Claim No. 12679 as set forth below.

(d)    DAS LLC and Delphi acknowledge and agree that Proof of Claim
No. 12679, if reasserted, shall be jointly held by EDS Corp. and EIS and (i) shall be allowed (as
that term is used in 11 U.S.C. §502) against Delphi in an amount equal to $11,678,813.95 and (ii)
shall be assertable against DAS LLC in an amount equal to $4,999,999.93, provided, however,
that DAS LLC reserves the right to contest the allowance of Proof of Claim No. 12679 against
DAS LLC, provided, further, however, DAS LLC and EDS agree that DAS LLC shall be
permitted to contest only whether DAS LLC is an obligor liable for $4,999,999.93.  DAS LLC
would reserve the right to contest whether DAS LLC is an obligor liable for $4,999,999.93.  EDS
Corp. would be the voting claimant on behalf of itself and EIS on account of Proof of Claim No.
12679 in connection with the Plan of Reorganization and the Debtors would only have an
obligation to solicit EDS Corp.'s vote on account of Proof of Claim No. 12679.  EDS Corp.
would accept on behalf of itself and EIS any and all distributions made under the Plan of
Reorganization in connection with Proof of Claim No. 12679.  However, if the Plan of
Reorganization were to provide for either substantive consolidation of the Debtors' assets and
liabilities or full recovery to EDS of the Allowed Claim, then EDS could not reassert Proof of
Claim No. 12679 against Delphi.  For purposes of the Settlement Agreement, a plan of

---

[5]    To the extent this summary differs in any way with the Settlement Agreement, the provisions of the Settlement
Agreement control.

reorganization that provides for substantive consolidation of the assets and liabilities of Delphi and DAS LLC is one under which claims against either Delphi's or DAS LLC's individual estate are deemed to be claims against the consolidated estate, such that EDS' proofs of claim are deemed to be a single claim filed against the consolidated estate.

(e)     DAS LLC and Delphi each acknowledge and agree that nothing in this Settlement Agreement shall (A) prohibit EDS from asserting (i) any claims arising after the Petition Date out of any agreement or transaction existing or entered into among EDS, DAS LLC and Delphi, and/or each of their respective affiliates and subsidiaries and/or (ii) any rejection claims filed in accordance with paragraph 8 of the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) and (B) similarly nothing shall impair the Debtors' ability to contest the same.

24.     Given the high costs of litigating the Claims, the reduction of Proof of Claim No. 12678 by approximately $2 million, and the expungement of EDS's other claims totaling approximately $60 million, Delphi and DAS LLC believe that the Settlement Agreement is fair and reasonable and in the best interest of the Debtors' and their creditors.

<u>Applicable Authority</u>

25.     By this Motion, the Debtors respectfully request the entry of an order under section 363 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules approving the Settlement Agreement and the settlement terms contained therein.  Bankruptcy Rule 9019 provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Settlements and compromises are "a normal part of the process of reorganization…." <u>Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968) (quoting Case v. L.A. Lumber Prods. Co., 308 U.S. 106, 130 (1939)); <u>see also</u> <u>In re Adelphia Comm'ns Corp.</u>, 327 B.R. 143, 159 (decision to accept or reject settlement lies within sound discretion of bankruptcy court), <u>adhered to on reconsideration</u>, 327 B.R. 175 (Bankr. S.D.N.Y. 2005).

26.     Approval of a compromise under Bankruptcy Rule 9019(a) is appropriate when the compromise is fair and equitable and is in the best interests of a debtor's estate.  <u>See,</u>

e.g., TMT Trailer Ferry, 390 U.S. at 424; Adelphia Comm'ns, 327 B.R. at 159 ("The settlement

need not be the best that the debtor could have obtained.  Rather, the settlement must fall 'within

the reasonable range of litigation possibilities.'") (citations omitted) (quoting In re Penn Centr.

Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979); Nellis v. Shugrue, 165 B.R. 115, 121 (S.D.N.Y.

1994) ("The obligation of the bankruptcy court is to determine whether a settlement is in the best

interest of an estate before approving it.").  In general, compromises in the bankruptcy context

should be approved unless they "'fall below the lowest point in the range of reasonableness.'"

Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citation omitted).

27.    The Supreme Court in TMT Trailer Ferry set forth the following factors

that courts should consider in determining whether a proposed settlement or compromise is in the

best interests of a debtor's estate:  (a) the probability of the debtor's success in the litigation, (b)

the difficulties associated with collection, (c) the complexity of the litigation, and the attendant

expense, inconvenience, and delay, and (d) the paramount interests of the estate's creditors.

TMT Trailer Ferry, 390 U.S. at 424-25; see also Nellis, 165 B.R. at 122; Fry's Metals, Inc. v.

Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002).

28.    Courts in this district have further elaborated on these factors to consider,

including: (a)  the balance between the likelihood of plaintiffs' or defendants' success should the

case go to trial vis-à-vis the concrete present and future benefits held forth by the settlement

without the expense and delay of a trial and subsequent appellate procedures, (b) the prospect of

complex and protracted litigation if the settlement is not approved, (c) the competency and

experience of counsel who support the settlement, and (d) the extent to which the settlement is

truly the product of arms-length bargaining, and not of fraud or collusion.  Adelphia Comm'ns,

327 B.R. at 159-60; accord In re Texaco Inc., 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988).

13

29.      The bankruptcy court need not determine that all of the foregoing criteria favor approval of a compromise, and the proposed compromise need not be the best agreement that the debtor could have achieved under the circumstances.  See Adelphia Comm'ns, 327 B.R. at 159-60; see also Penn Centr., 596 F.2d at 1114.  Instead, the court's proper "role is to determine whether the settlement as a whole is fair and equitable," In re Lee Way Holding Co., 120 B.R. 881, 890 (Bankr. S.D. Ohio 1990), and falls "'within the reasonable range of litigation possibilities.'"  In re Telesphere Comm'ns, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (citation omitted).  To that end, courts should not substitute their own judgment for that of the debtor, but rather should "'canvass the issues'" to affirm that the proposed settlement falls above "'the lowest point in the range of reasonableness.'"  Adelphia Comm'ns, 327 B.R. at 159 (quoting W.T. Grant Co., 699 F.2d at 608); accord Airline Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.), 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd sub nom. Sobchack v. Am. Nat'l Bank & Trust Co., 17 F.3d 600 (2d Cir. 1994).

30.      The Settlement Agreement provides for the immediate consensual resolution of the Claims instead of costly litigation of the Claims pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered on December 7, 2006 (the "Claims Objection Procedures Order") (Docket No. 6088).  The proposed settlement falls within the reasonable range of litigation possibilities and in fact results in a reduction of Proof of Claim No. 12678 by more than $2 million and the disallowance and expungement of EDS's other Claims which assert in the aggregate approximately $60 million in duplicative liabilities.  In this case, a trial on the merits under the Claims Objection Procedures Order would involve significant time

and expense.  Thus, the Debtors believe that resolving the Claims against Delphi and DAS LLC

pursuant to the terms of the Settlement Agreement rather than through litigation is a fair

resolution of this matter, and serves the best interest of the Debtors and their creditors.

31.    Because the Settlement Agreement involves the use of estate assets, the

Debtors also seek authority for the Settlement Agreement under section 363 of the Bankruptcy

Code.  Specifically, section 363(b)(1) permits a debtor-in-possession to use property of the estate

"other than in the ordinary course of business" after notice and a hearing.  11 U.S.C. § 363(b)(1).

Uses of estate property outside the ordinary course of business may be authorized if the debtor

demonstrates a sound business justification for it.  See In re Lionel Corp., 722 F.2d 1063, 1071

(2d Cir. 1983) (business judgment rule requires finding that good business reason exists to grant

debtor's application under section 363(b)); In re Delaware Hudson Ry. Co., 124 B.R. 169, 179

(Bankr. D. Del. 1991).

32.    As a rule, the debtor's business judgment "should be approved by the court

unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound

business judgment, but only on bad faith, or whim or caprice.'" In re Aerovox, Inc., 269 B.R. 74,

81 (Bankr. D. Del. 2001) (quoting In re Interco, Inc., 128 B.R. 229, 234 (Bankr. E.D. Mo. 1991)).

33.    For the reasons set for above, Delphi and DAS LLC believe that they will

receive important financial benefits from the Settlement Agreement, and assert that the

Settlement Agreement is an appropriate and reasonable exercise of their business judgment.

Accordingly, the Debtors respectfully request that the Motion be granted.

## Notice

34.    Notice of this Motion has been provided in accordance with the Amended

Eighth Supplemental Order Under 11 U.S.C. Sections 102(1) and 105 and Fed. R. Bankr. P.

2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures (Docket No. 5418) and the Settlement Procedures

Order.  In light of the nature of the relief requested, the Debtors submit that no other or further

notice is necessary.

<u>Memorandum Of Law</u>

35.    Because the legal points and authorities upon which this Motion relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) authorizing and approving the Settlement Agreement and (b) granting them such other and further relief as is just.


Dated: New York, New York
May 11, 2007


SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:     /s/ John Wm. Butler, Jr.
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -


By:     /s/ Kayalyn A. Marafioti
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

**<u>EXHIBIT A</u>**

# SETTLEMENT AGREEMENT

THIS AGREEMENT, dated as of May __, 2007 (the "Settlement Agreement"), is entered into by and between Electronic Data Systems Corporation ("EDS Corp."), EDS Information Services L.L.C. ("EIS") and EDS de Mexico, S.A. de C.V. ("EDS Mexico") (together with EDS Corp. and EIS, "EDS"), Delphi Corporation ("Delphi"), and Delphi Automotive Systems LLC ("DAS LLC").

## RECITALS:

WHEREAS, on October 8, 2005 (the "Petition Date"), Delphi, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

WHEREAS, on July 28, 2006 EDS Corp. filed proof of claim number 12678 ("Proof of Claim No. 12678") against DAS LLC and proof of claim number 12679 ("Proof of Claim No. 12679") against Delphi which each assert an unsecured non-priority claim in the amount of $16,691,418.68 and a priority claim in the amount of $2,061,011.00 for a total claim of $18,752,429.68.  Also on July 28, 2006, EIS filed proof of claim 12681 ("Proof of Claim No. 12681") against DAS LLC and proof of claim 12683 ("Proof of Claim No. 12683") against Delphi, which each also assert a claim in the amount of $18,752,429.68.  Finally, on July 28, 2006, EDS Mexico filed proof of claim 12680 ("Proof of Claim No. 12680") against DAS LLC and proof of claim 12682 ("Proof of Claim No. 12682," collectively with Proofs of Claim 12678, 12679, 12680, 12681, and 12683, the "Proofs of Claim") against Delphi, which each assert an unsecured non-priority claim in the amount of $518,330.54 and a priority claim in the amount of $2,061,011.00 for a total claim of $2,579,341.54.  All of these claims stemmed from goods, services, and a loan provided by EDS.

WHEREAS, EDS, Delphi and DAS LLC agree to resolve the Proofs of Claim as set forth herein.

WHEREAS, the Debtors objected to Proofs of Claim Nos. 12679, 12680, and 12683 pursuant to the Debtors' Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate and Amended Claims (Docket No. 5451) (the "Second Omnibus Claims Objection"), which was filed on October 31, 2006, and to Proofs of Claim Nos. 12678, 12681, and 12682 pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was also filed on October 31, 2006.

WHEREAS on November 22, 2006, EDS filed the Response Of Electronic Data Systems, EDS Information Services L.L.C. And EDS de Mexico S.A. de C.V. To The Debtors' Second

Omnibus Objection (Procedural) To Certain (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims And (III) Duplicate And Amended Claims And Third Omnibus Objection (Substantive) To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification (Docket No. 5722) (the "Response").

WHEREAS on January 17, 2007, the Court entered the Order Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain Duplicate And Amended Claims Identified In Second Omnibus Claims Objection (Docket No. 6634) (the "January Order") that withdrew the Second Omnibus Claims Objection solely as it relates to the following claims: (a) Proof of Claim Number 12679, (b) Proof of Claim Number 12680, and (c) Proof of Claim Number 12683.  (Docket No. 6634).   Under the January Order, each of these proofs of claim were deemed to have been objected to by the Debtors pursuant to the Third Omnibus Claims Objection on the same basis as the proof of claims filed by each such party that were objected to by the Debtors in the Third Omnibus Claims Objection. The Response to the Third Omnibus Claims Objection was also deemed to apply to Proof of Claim Number 12679, Proof of Claim Number 12680, and Proof of Claim Number 12683.

WHEREAS, on the date hereof, to resolve the Third Omnibus Claims Objection with respect to Proofs of Claim Nos. 12678, 12679, 12680, 12681, 12682, and 12683, DAS LLC, Delphi, and EDS enter into this Settlement Agreement.

WHEREAS, pursuant that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by the Bankruptcy Court on June 29, 2006, DAS LLC and Delphi are authorized to consummate this Settlement Agreement only upon order of the Bankruptcy Court. (the "Approval Order")

WHEREAS, the Debtors shall file a motion with the Bankruptcy Court no later than May 11, 2007 seeking entry of the Approval Order at the Debtors' omnibus hearing scheduled for May 31, 2007.

NOW THEREFORE, in consideration of the premises set forth above and by execution of this Settlement Agreement, DAS LLC, Delphi and EDS agree as follows:

1.  Allowed General Unsecured Non-Priority Claim.  DAS LLC and Delphi acknowledge and agree that EDS Corp. and EIS shall jointly hold Proof of Claim No. 12678 and such claim shall be allowed (as that term is used in 11 U.S.C. §502) as a prepetition general unsecured non-priority claim against (i) DAS LLC in the amount of Eleven Million, Six Hundred And Seventy-Eight Thousand, Eight Hundred And Thirteen Dollars And Ninety-Five Cents ($11,678,813.95) and (ii) Delphi in the amount of Four Million Dollars, Nine Hundred And Ninety-Nine Thousand, Nine Hundred And Ninety-Nine Dollars And Ninety-Three Cents ($4,999,999.93).  EDS Corp. acknowledges and agrees that it shall be the voting claimant on behalf of itself and EIS on account of Proof of Claim No. 12678 in connection with any plan of reorganization of the Debtors (the "Plan of Reorganization") and the Debtors shall only have an obligation to solicit EDS Corp.'s

2

vote on account of Proof of Claim No. 12678.  EIS acknowledges and consents to EDS Corp. voting on the Plan of Reorganization on behalf of EIS on account of Proof of Claim No. 12678.  Furthermore, EDS Corp. shall accept on behalf of itself and EIS any and all distributions made under the Plan of Reorganization in connection with Proof of Claim No. 12678.  EIS acknowledges and consents to EDS Corp.'s acceptance of any and all distributions made in connection with the Proofs of Claim.  EIS hereby releases the Debtors of any liability on account of any distribution made to EDS Corp. on account of Proof of Claim No. 12678.  EDS agrees that the Proofs of Claim Nos. 12679, 12680, 12681, 12682, and 12683 shall be expunged and disallowed in their entirety.  For administrative convenience only, and without prejudice to EDS' rights against Delphi, Proof of Claim No. 12679 shall be expunged subject to the right of EDS to reassert Proof of Claim No. 12679 as set forth herein.

2.  <u>EDS' Right To Reassert Proof Of Claim No. 12679</u>.  This Settlement Agreement is without prejudice to EDS' right to reassert Proof of Claim No. 12679 against Delphi in an amount no greater than $16,678,813.88 and such reasserted claim shall relate back to the original date of filing and shall be subject to the agreements between the Debtors and EDS as set forth on the record of the Court's hearing held on November 30, 2006 and in the January Order.  To the extent EDS reasserts Proof of Claim No. 12679, EDS must file such reasserted claim with the Bankruptcy Court and serve such reasserted claim on counsel for the Debtors and the claims agent in these chapter 11 cases.  DAS LLC and Delphi acknowledge and agree that Proof of Claim No. 12679, if reasserted, shall be jointly held by EDS Corp. and EIS and (i) shall be allowed (as that term is used in 11 U.S.C. §502) against Delphi in an amount equal to $11,678,813.95 and (ii) shall be assertable against DAS LLC in an amount equal to $4,999,999.93, provided, however, that DAS LLC reserves the right to contest the allowance of Proof of Claim No. 12679 against DAS LLC, <u>provided</u>, <u>further</u>, however, DAS LLC and EDS agree that DAS LLC shall be permitted to contest only whether DAS LLC is an obligor liable for $4,999,999.93.  EDS Corp. acknowledges and agrees that it shall be the voting claimant on behalf of itself and EIS on account of Proof of Claim No. 12679 in connection with the Plan of Reorganization and the Debtors shall only have an obligation to solicit EDS Corp.'s vote on account of Proof of Claim No. 12679.  EIS acknowledges and consents to EDS Corp. voting on the Plan of Reorganization on behalf of EIS on account of Proof of Claim No. 12679.  Furthermore, EDS Corp. shall accept on behalf of itself and EIS any and all distributions made under the Plan of Reorganization in connection with Proof of Claim No. 12679.  EIS acknowledges and consents to EDS Corp.'s acceptance of any and all distributions made in connection with the Proofs of Claim.  EIS hereby releases the Debtors of any liability on account of any distribution made to EDS Corp. on account of Proof of Claim No. 12679.  If (i) (A) the Court confirms the Plan of Reorganization, and (B) the order confirming such Plan of Reorganization is final, has not been stayed or is no longer subject to appeal, certiorari proceeding or other proceeding for review or rehearing, and no appeal, certiorari proceeding, or other proceeding for review or rehearing shall then be pending and such Plan of Reorganization is consummated, <u>and</u> (ii) (A) the Plan of Reorganization provides for Substantive Consolidation of the assets and liabilities of Delphi and DAS LLC, or (B) under such a plan EDS Corp. and EIS receives a full recovery of its claim of $16,678,813.88 allowed in paragraph 1 herein, then EDS acknowledges and agrees that Proof of Claim No. 12679 may not be reasserted against

3

Delphi and/or DAS LLC and if already reasserted, shall, upon the effective date of the Plan of Reorganization, be expunged with prejudice. In the event that the Plan of Reorganization does not provide for Substantive Consolidation, EDS Corp. and EIS each acknowledge and agree that they shall not receive a recovery, in the aggregate, in an amount greater than $16,678,813.88. Solely for the purposes of this Settlement Agreement, a plan of reorganization that provides for Substantive Consolidation of the assets and liabilities of Delphi and DAS LLC shall be one under which claims against either Delphi's or DAS LLC's individual estate are deemed to be claims against the consolidated estate, such that the Proofs of Claim are deemed to be a single claim filed against the consolidated estate.

3.   <u>Acknowledgement Of EDS' Rights</u>.  DAS LLC and Delphi each acknowledge and agree that nothing in this Settlement Agreement shall (A) prohibit EDS from asserting (i) any claims arising after the Petition Date out of any agreement or transaction existing or entered into among EDS, DAS LLC and Delphi, and/or each of their respective affiliates and subsidiaries and/or (ii) any rejection claims filed in accordance with paragraph 8 of the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof  (Docket No. 3206) and (B) similarly nothing shall impair the Debtors' ability to contest the same.

4.   <u>Binding on Successors and Assigns</u>.  This Settlement Agreement shall be binding upon and inure to the benefit of the respective successors, predecessors, heirs, assigns of EDS, Delphi, and DAS LLC to the extent provided by law and any reference to EDS, EDS Corp., EDS Mexico, and/or EIS contained herein shall also include any assignee(s), as applicable.

5.   <u>Withdrawal Of Response.</u> EDS agrees that its Response to the Third Omnibus Claims Objection shall be withdrawn upon the effective date of this agreement.

6.   <u>Governing Law.</u>   This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the Bankruptcy Code and the laws of the State of Michigan, without regard to conflicts of law principles.

7.   <u>Representations And Warranties.</u>   The parties hereto acknowledge that they are executing this Settlement Agreement without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments expressly set forth in this Settlement Agreement.

8.   <u>Entire Understanding.</u>  This Settlement Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof.  This Settlement Agreement may not be modified, altered, or amended except by an agreement in writing signed by the Debtors and EDS.

9.   <u>Condition Precedent.</u>  This Settlement Agreement shall be effective on the date when the Approval Order shall become final and not subject to any stay or appeal.  The Debtors shall file a motion (the "<u>Motion</u>") for an order of the Bankruptcy Court approving this

4

Settlement Agreement pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure no later than May 11, 2007 scheduling the Motion to be heard at the Debtors' omnibus hearing scheduled for May 31, 2007.

10. <u>No Party Deemed Drafter.</u> This Settlement Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by (i) EDS and its counsel and (ii) the Debtors and their counsel. Therefore, any ambiguous language in this Settlement Agreement will not be construed against any particular party as the drafter of such language.

11. <u>Counterparts.</u>    This Settlement Agreement may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart of this Settlement Agreement by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Settlement Agreement.

**Accepted and agreed to by:**

| **Delphi Corporation** | **Electronic Data Systems Corporation** |
|---|---|
| By: _____ <br> Name: <br> Title: <br> Dated: _____ __, 2007 | By: _____ <br> Name: <br> Title: <br> Dated: _____ __, 2007 |
| **Delphi Automotive Systems LLC** | **EDS Information Services L.L.C.** |
| By: _____ <br> Name: <br> Title: <br> Dated: _____ __, 2007 | By: _____ <br> Name: <br> Title: <br> Dated: _____ __, 2007 |
| | **EDS de Mexico, S.A. de C.V.** |
| | By: _____ <br> Name: <br> Title: <br> Dated: _____ __, 2007 |

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

In re                             :      Chapter 11
                                        :

DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
                                        :

                  Debtors.     :      (Jointly Administered)
                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019
AUTHORIZING AND APPROVING DELPHI AUTOMOTIVE SYSTEMS
LLC'S AND DELPHI CORPORATION'S ENTRY INTO SETTLEMENT
AGREEMENT WITH ELECTRONIC DATA SYSTEMS CORPORATION, EDS
<u>INFORMATION SERVICES L.L.C., AND EDS DE MEXICO, S.A. DE C.V.</u>

("EDS SETTLEMENT ORDER")

          Upon the motion, dated May 11, 2007 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases, for an order under 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019

authorizing and approving the entry of Delphi and Delphi Automotive Systems LLC ("DAS

LLC") into a settlement agreement (the "Settlement Agreement") with Electronic Data Systems

Corporation ("EDS Corp."), EDS Information Services L.L.C. ("EIS"), and EDS de Mexico, S.A.

de C.V. ("EDS Mexico," together with EDS Corp. and EIS, "EDS"); and upon the record of the

hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of Delphi, DAS LLC, their estates, their creditors, and other

parties-in-interest; and Delphi and DAS LLC having shown that the decision to enter into the

Settlement Agreement is reasonable and appropriate under the circumstances; and proper and

adequate notice of the Motion having been given and it appearing that no other or further notice

is necessary; and after due deliberation thereon, and sufficient cause appearing therefor, it is

hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      Delphi and DAS LLC are hereby authorized to enter into the Settlement

Agreement.

3.      The Settlement Agreement is hereby approved.

4.      EDS Corp. and EIS shall jointly hold Proof of Claim No. 12678 and such

claim shall be allowed (as that term is used in 11 U.S.C. §502) as a prepetition general unsecured

non-priority claim against (i) DAS LLC in the amount of $11,678,813.95 and (ii) Delphi in the

amount of $4,999,999.93.

5.      EDS Corp. shall be the voting claimant on behalf of itself and EIS on

account of Proof of Claim No. 12678 in connection with any plan of reorganization of the

Debtors (the "Plan of Reorganization") and the Debtors shall only have an obligation to solicit

EDS Corp.'s vote on account of Proof of Claim No. 12678.  EIS shall consent to EDS Corp.

voting on the Plan of Reorganization on behalf of EIS on account of Proof of Claim No. 12678.

EDS Corp. shall accept on behalf of itself and EIS any and all distributions made under the Plan

of Reorganization in connection with the Proofs of Claim.  EIS shall consent to EDS Corp.'s

acceptance of any and all distributions made in connection with Proof of Claim No. 12678.  EIS

shall release the Debtors of any liability on account of any distribution made to EDS Corp. on

account of Proof of Claim No. 12678.

6.      Proofs of Claim Nos. 12679, 12680, 12681, 12682, and 12683 shall be

expunged and disallowed in their entirety and with prejudice.

2

7.     For administrative convenience only, and without prejudice to EDS' rights against Delphi, Proof of Claim No. 12679 shall be expunged subject to the right of EDS to reassert Proof of Claim No. 12679 as set forth herein.

8.     The Settlement Agreement and this order are without prejudice to EDS' right to reassert Proof of Claim No. 12679 against Delphi in an amount no greater than $16,678,813.88 and such reasserted claim shall relate back to the original date of filing and shall be subject to the agreements between the Debtors and EDS as set forth on the record of the Court's hearing held on November 30, 2006 and in this Court's January 17, 2007 order.  To the extent EDS reasserts Proof of Claim No. 12679, EDS must file such reasserted claim with this Court and serve such reasserted claim on counsel for the Debtors and the claims agent in these chapter 11 cases.

9.     Proof of Claim No. 12679, if reasserted, shall be jointly held by EDS Corp. and EIS and (i) shall be allowed (as that term is used in 11 U.S.C. §502) against Delphi in an amount equal to $11,678,813.95 and (ii) shall be assertable against DAS LLC in an amount equal to $4,999,999.93, provided, however, that DAS LLC reserves the right to contest the allowance of Proof of Claim No. 12679 against DAS LLC, provided, further, however, DAS LLC and EDS agree that DAS LLC shall be permitted to contest only whether DAS LLC is an obligor liable for $4,999,999.93.

10.     EDS Corp. shall be the voting claimant on behalf of itself and EIS on account of Proof of Claim No. 12679 in connection with the Plan of Reorganization and the Debtors shall only have an obligation to solicit EDS Corp.'s vote on account of Proof of Claim No. 12679.  EIS shall consent to EDS Corp. voting on the Plan of Reorganization on behalf of EIS on account of Proof of Claim No. 12679.  EDS Corp. shall accept on behalf of itself and EIS

3

any and all distributions made under the Plan of Reorganization in connection with Proof of

Claim No. 12679.  EIS shall consent to EDS Corp.'s acceptance of any and all distributions made

in connection with the Proofs of Claim.  EIS shall release the Debtors of any liability on account

of any distribution made to EDS Corp. on account of Proof of Claim No. 12679.

11.    If (i) (A) this Court confirms the Plan of Reorganization, and (B) the order

confirming such Plan of Reorganization is final, has not been stayed, or is no longer subject to

appeal, certiorari proceeding, or other proceeding for review or rehearing, and no appeal,

certiorari proceeding, or other proceeding for review or rehearing shall then be pending and such

Plan of Reorganization is consummated, and (ii) (A) the Plan of Reorganization provides for

Substantive Consolidation (as defined below) of the assets and liabilities of Delphi and DAS

LLC, or (B) under such a plan EDS Corp. and EIS receives a full recovery of its claim of

$16,678,813.88 allowed on account of Proof of Claim No. 12678, then Proof of Claim No.

12679 may not be reasserted against Delphi and/or DAS LLC and if already reasserted, shall,

upon the effective date of the Plan of Reorganization, be expunged with prejudice.  In the event

that the Plan of Reorganization does not provide for Substantive Consolidation, EDS Corp. and

EIS shall not receive a recovery, in the aggregate, in an amount greater than $16,678,813.88.

Solely for the purposes of this order, a plan of reorganization that provides for "Substantive

Consolidation" of the assets and liabilities of Delphi and DAS LLC shall be one under which

claims against either Delphi's or DAS LLC's individual estate are deemed to be claims against

the consolidated estate, such that the Proofs of Claim are deemed to be a single claim filed

against the consolidated estate.

12.    Nothing in the Settlement Agreement (i) shall prohibit EDS from asserting

(A) any claims arising after the Petition Date out of any agreement or transaction existing or

entered into among EDS, DAS LLC, and Delphi, and/or each of their respective affiliates and

subsidiaries and/or (B) any rejection claims filed in accordance with paragraph 8 of the Order

Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7),

3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving

Form And Manner Of Notice Thereof  (Docket No. 3206) and (ii) similarly nothing shall impair

the Debtors' ability to contest the same.

13.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

14.     The requirement under rule 9013-1(b) of the Local Bankruptcy Rules for

the United Stated Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is satisfied by the Motion.


Dated: New York, New York
          May ___, 2007


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT J

Delphi Corporation
Special Parties

| Claimant | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Daryl D Savage | Assistant General Counsel | Computer Sciences Corporation | 3170 Fairview Park Dr VTC B | Falls Church | VA | 22042 |
| Hayward D Fisk | Vice President and General Counsel | Computer Sciences Corporation | 2100 E Grand Ave | El Segundo | CA | 90245 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

5/14/2007 12:37 PM
Tower Agreement Special Parties

# EXHIBIT K

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Contrarian Funds, LLC | Alpa Jimenez | 411 W. Putnam Ave. | Suite 225 | Greenwich | CT | 06830 |
| Cooper & Elliot LLC | Rex Elliot | 2175 Riverside Dr. | | Columbus | OH | 43221 |
| Freddie Johnson | | 402 Lois Way | | Carmel | IN | 46032 |
| Fried, Fank, Harris, Shriver & Jacobson LLP | Bonnie Steingart Debra M. Torres | One New York Plaza | | New York | NY | 10004 |
| Haskin Lauter LaRue & Gibbons | Denise LaRue Bradley Wilson | 255 North Alabama St. | | Indianapolis | IN | 46204 |
| Heller Ehrman LLP | Carren Shulman Timothy Mehok | Times Square Tower Seven Times Square | | New York | NY | 10036 |
| Honigman Miller Schwartz and Cohn LLP | Donald Baty | 2290 First National Building 660 Woodward Avenue | | Detroit | MI | 48226 |
| InPlay Technologies | Bob Brilon | 234 S. Extension Rd. | | Mesa | AZ | 85210 |
| Kasowitz Benson Torres & Friedman LLP | Adam L. Shiff | 1633 Broadway | | New York | NY | 10019 |
| Kaye Scholer LLP | Richard Smolev | 425 Park Ave. | | New York | NY | 10022 |
| Leonard Kruse PC | Norbert Leonard Kelly Kruse | 4190 Telegraph Rd. | Suite 3500 | Bloomfield Hills | MI | 48302 |
| New Jersey Department of Enviornmental Protection | Josh Gradwohl | 401 East State St., 5th Floor | PO Box 026 | Trenton | NJ | 08625 |
| Perkins Coie | Douglas Pahl | 1120 NW Couch St. | Tenth Floor | Portland | OR | 97209 |
| Riverside Claims, LLC c/o ReGen Capital LLC | Elizabeth L. Adelmasich | 2109 Broadway | | New York | NY | 10023 |
| Roberge & Roberge | Elizabeth A. Roberge | 9190 Priority Way West Dr. | Suite 100 | Indianapolis | IN | 46240 |
| Roetzel & Andress | Patricia B. Fugee | One Seagate | Suite 900 | Toledo | OH | 43604 |
| Sher Gerner Cahill Richter Klein & Hilbert LLC | James Garner Robert Thibeaux Thomas Madigan | 909 Poydras St. | Suite 2800 | New Orleans | LA | 70112 |
| Terrence Evans | | 2925 Whitehouse Dr. | | Kokomo | IN | 46902 |
| Todd & Levi, LLP | Jill Levi | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 |
| Waller Lansden Dortch & Davis | Michael R. Paslay Robert Welhoelter | 511 Union Street | Suite 2700 | Nashville | TN | 37219 |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075-1313 |
| White & Case LLP | Glenn M. Kurtz Gerard Uzzi Douglas P. Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 |
| White & Case LLP | Thomas E. Lauria Frank L. Eaton Ileana A. Cruz | Wachovia Financial Center 200 South Biscayne Boulevard | | Miami | FL | 33131 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

5/14/2007 12:37 PM
Supplement Settlement Procedures special parties

# EXHIBIT L

Delphi Corporation
Special Party

| Company | Contact | Address1 | City | State | Zip |
|---|---|---|---|---|---|
| Wilmer Cutler Pickering Hale & Dorr LLP | Attn Andrew Goldman | 399 Park Ave | New York | NY | 10022 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

5/14/2007 12:35 PM
Fidelitas Special Party

# EXHIBIT M

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip | Email |
|---|---|---|---|---|---|---|---|
| Pension Benefit Guaranty Corporation | Dana Cann Office of the General Counsel | Dept of Insurance Supervision and Compliance | 1200 K St NW | Washington | DC | 20005-4026 | cann.dana@pbgc.gov |
| Internal Revenue Service | Joseph Grant | Director Employee Plans | 1750 Pennsylvania Ave NW 2nd Fl | Washington | DC | 20006 | Joseph.H.Grant@irs.gov |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

5/14/2007 3:26 PM
PBGC, IRS special parties Overnight and Email

# EXHIBIT N

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---------|---------|----------|----------|------|-------|-----|
| HOGAN & HARTSON L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, NW | Washington | DC | 20004-1109 |
| HOGAN & HARTSON L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, NW | Washington | DC | 20004-1109 |
| Umicore Autocat Canada Corp. | 4261 Mainway Drive | | | Burlington-Ontario | ON | L7R 3Y8 |
| Umicore Autocat Canada Corp. | c/o Umicore Autocat USA Inc. | 2347 Commercial Drive | | Auburn Hills | MI | 48326 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

5/14/2007 12:38 PM
Umicore special parties

# EXHIBIT O

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| EDS de Mexico SA de CV | Attn Ayala Hassell Esq | 5400 Legacy Dr | Mail Stop H3 3A 05 | Plano | TX | 75024 |
| EDS Information Services LLC | Attn Ayala Hassell Esq | 5400 Legacy Dr | Mail Stop H3 3A 05 | Plano | TX | 75024 |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr | Mail Stop H3 3a 05 | Plano | TX | 75024 |
| Electronic Data Systems Corporation | Michael Nefkens | 5505 Corporate Drive | | Troy | MO | 48098 |
| Gordon Z. Novod | KRAMER LEVIN NAFTALIS & FRANKEL LLP | 1177 Avenue of the Americas | | New York | NY | 10036 |
| Thomas Moers Mayer | KRAMER LEVIN NAFTALIS & FRANKEL LLP | 1177 Avenue of the Americas | | New York | NY | 10036 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

5/14/2007 12:34 PM
EDS Special Parties