**Hearing Date And Time: May 31, 2007 at 10:00 a.m.**
**Objection Deadline: May 25, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698
Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
            In re                       :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                                        :    (Jointly Administered)
            Debtors.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION FOR ORDER UNDER 11 U.S.C. § 362(d)(1) AND
FED. R. BANKR. P. 4001(d)(1) APPROVING AGREEMENT TO
MODIFY AUTOMATIC STAY TO PROVIDE CERTAIN
THIRD-PARTY DISCOVERY MATERIALS TO ERISA PLAINTIFFS

("ERISA PLAINTIFFS STAY MODIFICATION MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for an order pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(d)(1) approving an agreement between the Debtors and the putative class action plaintiffs, Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr on behalf of participants in Delphi's and its subsidiaries' defined contribution employee benefit pension plans who invested in Delphi common stock (the "ERISA Plaintiffs") to modify the automatic stay to provide certain discovery materials to the ERISA Plaintiffs in an action pending under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") in the United States District Court for the Eastern District of Michigan (the "Michigan District Court").  In support of the Motion, the Debtors respectfully represent as follows:

Background

A.    <u>The Chapter 11 Filings</u>

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108.  The Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

2

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief requested herein are section 362(d)(1) of the Bankruptcy Code and Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.      The Multidistrict Litigation

5.      Delphi, along with non-debtors Delphi Trust I, Delphi Trust II, current and former directors of the Delphi, certain current and former officers and employees of Delphi or its subsidiaries, and others are named as defendants in several lawsuits that were filed beginning in March 2005 following Delphi's announced intention to restate certain of its financial statements. Because the various actions involve a common set of facts, on December 12, 2005, the Judicial Panel on Multidistrict Litigation entered an order transferring each of the related federal actions to the Michigan District Court for coordinated or consolidated pretrial proceedings (the "Multidistrict Litigation").  The Multidistrict Litigation is currently pending in an action styled as In re: Delphi Corporation Securities, Derivative & "ERISA" Litigation, 2:05-md-01725–GER.

C.      The ERISA Actions

6.      One group of class action lawsuits, which are purportedly brought on behalf of participants in certain of Delphi's and its subsidiaries' defined contribution employee benefit pension plans who invested in Delphi common stock, is brought under ERISA (the "ERISA Actions").  The ERISA Plaintiffs allege, among other things, that the plans suffered losses as a result of alleged breaches of fiduciary duties under ERISA.  On October 21, 2005, the ERISA Actions were consolidated before one judge in the Michigan District Court.  The ERISA Actions were subsequently transferred to the Multidistrict Litigation.  On March 3, 2006, the

3

ERISA Plaintiffs filed a consolidated class action complaint (the "Amended ERISA Complaint")

with a class period of May 28, 1999, to November 1, 2005.  Delphi, which was previously named

as a defendant in the ERISA Actions, was not named as a defendant in the Amended ERISA

Complaint because of the Debtors' chapter 11 filings.  Certain of the other defendants have filed

motions to dismiss the Amended ERISA Complaint.  No hearing on the motions to dismiss has

yet been scheduled.

D.       The Securities Litigation

         7.       A second group of class action lawsuits (the "Securities Litigation")

alleges, among other things, that Delphi and certain of its current and former directors and

officers and others made materially false and misleading statements in violation of federal

securities laws.  The Securities Litigation was subsequently transferred to the Eastern District of

Michigan as part of the Multidistrict Litigation.

         8.       In connection with the Securities Litigation, on November 15, 2005 the

Lead Plaintiffs filed a motion for relief from stay to serve discovery requests on the Debtors.

On January 25, 2006, the Bankruptcy Court entered an order modifying the automatic stay

(Docket No. 1883) (the "Stay Modification Order") solely to allow the Lead Plaintiffs to seek

modification of the stay of discovery provided by the Private Securities Litigation Reform Act of

1995 ("PSLRA").  On February 15, 2007, the Michigan District Court partially granted the Lead

Plaintiffs' motion to lift the PSLRA stay, allowing the Lead Plaintiffs to obtain certain discovery

from the defendants (the "Partial Modification Order").  After the Lead Plaintiffs renewed their

motion for relief from the automatic stay and the Debtors objected to the motion, the parties

reached a compromise for the limited stay relief granted in the Agreed Order Regarding Interim

Disposition With Respect To Lead Plaintiffs' Motion For Limited Modification Of Automatic

Stay (Docket No. 7718) (the "Lead Plaintiffs Agreed Order").   The Lead Plaintiffs Agreed Order

permitted the Lead Plaintiffs to obtain limited discovery from the Debtors with respect to the

Securities Litigation.

9.      After entry of the Partial Modification Order, the ERISA Plaintiffs

approached the Debtors to seek discovery from the Debtors in the ERISA Actions as well.

Relief Requested

10.      By this Motion, the Debtors seek entry of an order under section 362(d)(1)

of the Bankruptcy Code and Bankruptcy Rule 4001(d)(1) in the form attached as Exhibit A (the

"Proposed Agreed Order") to modify the automatic stay on a limited basis on terms substantially

similar to the Lead Plaintiffs Agreed Order recently issued with respect to the Securities

Litigation.

Basis For Relief

11.      Similar to the agreement reached with the Lead Plaintiffs in the Securities

Litigation, this Proposed Agreed Order strikes an appropriate balance between the parties.

12.      Although the Debtors are not currently a party to the Amended ERISA

Complaint, the Debtors have an interest in having the Multidistrict Litigation actions resolved

expeditiously if possible so that any direct or indirect implications for the Debtors' reorganization

efforts can be addressed.  Approving the Proposed Agreed Order to modify the automatic stay to

provide certain discovery materials to the ERISA Plaintiffs is another step towards a potential

resolution of the Multidistrict Litigation, and thus is in the Debtors' interests.

13.      The Proposed Agreed Order is a fair and equitable compromise of the

ERISA Plaintiffs' contention that they are entitled to the same or greater stay relief sought by the

Lead Plaintiffs in the Securities Litigation.  Although the Debtors and the ERISA Plaintiffs have

agreed in the Proposed Agreed Order to proceed with this limited discovery with respect to the

5

ERISA Actions, the Debtors explicitly reserve all rights with respect to any claims or causes of

action by the ERISA Plaintiffs, and the automatic stay remains in place in all other respects.

E.    Summary Of The Terms Of The Proposed Agreed Order

14.    The agreement between the Debtors and the ERISA Plaintiffs with respect

to modification of the automatic stay is set forth in the Proposed Agreed Order, a copy of which

is attached hereto as Exhibit A.  A summary of the salient provisions of the Proposed Agreed

Order follows:[1]

(a)    The automatic stay under section 362 with respect to the ERISA
Actions will be modified for the limited scope described in the Proposed Agreed Order and will
be maintained for all other purposes not expressly set forth in the Proposed Agreed Order;

(b)    The Debtors will provide the ERISA Plaintiffs, on a rolling basis,
approximately 576,000 pages of documents previously provided to the Securities and Exchange
Commission and other documents that were identified based on certain search criteria, excluding
documents that are privileged or constitute attorney work product;

(c)    The Debtors will provide the ERISA Plaintiffs a privilege log for
documents claimed to be privileged or attorney work product;

(d)    The Debtors will provide the ERISA Plaintiffs with information
regarding the collection and selection of data included in a database based on information
collected from computers and email files from a certain group of Delphi employees and related
backup tapes;

(e)    The ERISA Plaintiffs will not file any stay relief motion until the
Michigan District Court has ruled on motions to dismiss the Securities Litigation and in such a
way that the PSLRA stay in the Securities Litigation is lifted for some or all purposes.  The
Debtors reserve all rights to object to any lift stay motion filed by the ERISA Plaintiffs so long as
the objection is not inconsistent with the terms of the Proposed Agreed Order.  The Debtors also
reserve all rights with respect to any claims or causes of action by the ERISA Plaintiffs;

(f)    With certain exceptions, the documents can be used for any
purpose, subject to the terms of a protective order to be submitted to this Court which shall
govern, among other things, the use of the documents produced to the ERISA Plaintiffs under the
Proposed Agreed Order and the protection of the privacy of third parties, including Delphi

---

[1]    The discussion of the terms of the Proposed Agreed Order herein is only intended as a summary.  To the extent
this summary differs in any way from the terms of the Proposed Agreed Order, the terms of the Proposed
Agreed Order control.

employees, in connection with the documents produced under the Proposed Agreed Order.  But until the Michigan District Court rules on the currently pending motions to dismiss the ERISA Actions, the documents may not be used by the ERISA Plaintiffs for any pleading purposes including, without limitation, for purposes of any amendment to the complaint or in connection with any pleadings relating to the currently pending motions to dismiss the ERISA Actions or in further support of any motion to amend the complaint that may be filed by the ERISA Plaintiffs. The ERISA Plaintiffs may use the documents in connection with any amendment to their complaint if the Michigan District Court defers the currently pending motions to dismiss the ERISA Actions and grants any motion to amend the complaint, if filed by the ERISA Plaintiffs, and after the ERISA Plaintiffs have requested and obtained leave of the Michigan District Court, by motion and with an opportunity for the Debtors to be heard in that Court, to use the documents produced under the Proposed Agreed Order;

(g)      The Debtors and the ERISA Plaintiffs maintain their rights regarding the Debtors' assertion of privilege or work product in the documents to be produced to the ERISA Plaintiffs.  Any challenge to the assertion of privilege or work product will be resolved by this Court by the filing of a motion by the ERISA Plaintiffs, no earlier than when the Michigan District Court rules on the motions to dismiss the Securities Litigation and in such a way that the PSLRA stay in the Securities Litigation is lifted for some or all purposes; and

(h)      The Debtors and the ERISA Plaintiffs will enter into an agreed protective order to be submitted to this Court which shall govern, among other things, the use of the documents produced to the ERISA Plaintiffs under the Proposed Agreed Order and the protection of the privacy of third parties, including Delphi employees, in connection with the documents produced under the Proposed Agreed Order.

<u>Applicable Authority</u>

15.      Section 362(d)(1) of the Bankruptcy Code provides that the court may grant relief from the automatic stay "for cause."  The term "cause" is not defined in the Bankruptcy Code, but the Second Circuit applies a 12-factor test to determine whether cause exists to modify or lift the automatic stay.  <u>See Sonnax Indus. v. Tri Component Prods. Corp.</u> (In re Sonnax Indus.), 907 F.2d 1280, 1286 (2d Cir. 1990).

16.      To avoid unnecessary, burdensome, or uncertain stay relief litigation, Bankruptcy Rule 4001(d)(1) permits a debtor to file "[a] motion for approval of an agreement . . . (C) to modify or terminate the automatic stay provided for in § 362."  As noted herein, the Proposed Agreed Order is a good-faith compromise of the parties' positions with respect to stay relief and should be approved in accordance with Bankruptcy Rule 4001(d)(1)(C).

17.     As noted above, the Debtors objected to a stay relief motion brought by the Lead Plaintiffs.  The objection discussed the relevant Sonnax factors, but the most important contention by the Debtors was that responding to the proposed discovery requests would inequitably harm the Debtors because of the sheer number and magnitude of the documents that would need to be produced.  Although the Debtors believe that they would be able to counter a motion to modify the stay by the ERISA Plaintiffs for the same and other reasons set forth in their objections to the Lead Plaintiffs' motion, the Proposed Agreed Order provides for a production of documents that does not unduly burden the estates.  For this and the other reasons set forth above, it is in the best interests of the Debtors to enter into the Proposed Agreed Order to provide limited discovery to the ERISA Plaintiffs.

## Notice Of Motion

18.     Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883) and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418) and Fed. R. Bankr. P. 4001(d)(1).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Memorandum Of Law

19.     Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

8

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Proposed Agreed Order to modify the automatic stay to permit the Debtors to provide certain discovery for the ERISA Plaintiffs, and (b) grant the Debtors such other and further relief as is just.

Dated:      New York, New York
            May 16, 2007
                                SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                                By:    /s/ John Wm. Butler, Jr.
                                        John Wm. Butler, Jr. (JB 4711)
                                        Albert L. Hogan III (AH 8807)
                                        Ron E. Meisler (RM 3026)
                                333 West Wacker Drive, Suite 2100
                                Chicago, Illinois 60606
                                (312) 407-0700

                                        - and -

                                By:    /s/ Kayalyn A. Marafioti
                                        Kayalyn A. Marafioti (KM 9632)
                                        Thomas J. Matz (TM 5986)
                                Four Times Square
                                New York, New York 10036
                                (212) 735-3000

                                Attorneys for Delphi Corporation, et al.,
                                 Debtors and Debtors-in-Possession

**Exhibit A**
**<u>Proposed Agreed Order</u>**