UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                         :      Chapter 11
:
DELPHI CORPORATION, et al.,    :      Case No. 05-44481 (RDD)
:
                  Debtors.   :      (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AGREED ORDER APPROVING AGREEMENT TO MODIFY
AUTOMATIC STAY TO PROVIDE CERTAIN
THIRD-PARTY DISCOVERY MATERIALS TO ERISA PLAINTIFFS

("ERISA PLAINTIFFS STAY MODIFICATION ORDER")

Upon the motion, dated May 16, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(d)(1) approving an agreement to modify the automatic stay between the Debtors and Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr on behalf of participants in the Debtors and their subsidiaries' defined contribution employee benefit pension plans who invested in Delphi common stock (the "ERISA Plaintiffs"), to provide certain discovery materials to the ERISA Plaintiffs in an action pending under the Employee Retirement Income Security Act of 1974, as amended (the "ERISA Actions") in the United States District Court for the Eastern District of Michigan (the "Michigan District Court"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The automatic stay under section 362 of the Bankruptcy Code with respect to the ERISA Actions shall be lifted only to the extent and within the scope described herein, and shall be maintained in all other respects and for all other purposes not expressly set forth in this order.

3. The Debtors shall produce to the ERISA Plaintiffs the approximately 576,000 pages of responsive documents previously produced to the Securities and Exchange Commission (the "Numbered SEC Production"), and, to the extent not included in the Numbered SEC Production, the documents described in paragraph 10 of the Declaration of Joseph E. Papelian In Support Of The Memorandum Of Law Of Certain Defendants in Support Of Their Motion For Reconsideration Of The Court's Order Lifting The PSLRA Discovery Stay executed on March 2, 2007 (the "Papelian Declaration," a copy of which is annexed hereto as Exhibit A) (all productions specified in this paragraph 3, collectively, the "Debtors' Production"); provided, however, that the Debtors shall not produce any document with respect to which the Debtors assert any privilege or attorney work product protection absent further order of this Court after notice and a hearing as described in paragraph 8 below.  The Debtors shall produce the documents described in this paragraph 3 on a rolling basis and will use reasonable efforts to complete such production within 30 days of the entry of this order.

      4.      The Debtors shall provide a privilege log to the ERISA Plaintiffs for those documents withheld from the Debtors' Production with respect to which the Debtors assert any privilege or work product protection.

      5.      The Debtors shall provide to the ERISA Plaintiffs information regarding the collection and selection of the data included in the database described in paragraph 9 of the Papelian Declaration, and shall produce to the ERISA Plaintiffs the keyword search terms described in paragraph 10 of the Papelian Declaration.

      6.      The ERISA Plaintiffs may not file any lift stay motion in this Court until the Michigan District Court has ruled (a) on the motions to dismiss (the "Motions To Dismiss Securities Litigation") currently pending in the action styled <u>In re Delphi Corp. Securities Litigation</u>, Master Case No. 05-md-1725 (GER) Eastern District of Michigan (the "Securities Litigation"), which action is prosecuted by Teachers' Retirement System of Oklahoma, Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H, and Stichting Pensioenfonds ABP, Lead Plaintiffs, and (b) in such a way that the stay of discovery in the Securities Litigation provided by the Private Securities Litigation Reform Act of 1995 ("PSLRA") is lifted for some or all purposes. The Debtors reserve all rights to object to any lift stay motion filed by the ERISA Plaintiffs in this Court so long as the objection is not inconsistent with the terms of this order. The Debtors also reserve all rights with respect to any claims or causes of action by the ERISA Plaintiffs.

      7.      The documents produced to the ERISA Plaintiffs by the Debtors pursuant to this order can be used by the ERISA Plaintiffs for any purpose (subject to paragraph 9 herein); <u>provided</u> <u>however</u>, that until the Michigan District Court has in the ERISA Actions issued a ruling on the merits in whole or in part on the currently-pending motions to dismiss (the

"Motions To Dismiss ERISA Actions"), the documents may not be used by the ERISA Plaintiffs for pleading purposes, including without limitation, for purposes of any amendment to the complaint pending in the Michigan District Court or in connection with any pleadings with respect to the Motions To Dismiss ERISA Actions or in further support of any motion to amend the complaint that may be filed by the ERISA Plaintiffs; provided, further, however, that the ERISA Plaintiffs may use the documents in connection with any amendment to their complaint if the Michigan District Court defers the Motions To Dismiss ERISA Actions and grants any motion to amend the complaint, if filed by the ERISA Plaintiffs, and after the ERISA Plaintiffs have requested and obtained leave of the Michigan District Court, by motion and with an opportunity for the Debtors to be heard in that Court, to use the documents produced by the Debtors pursuant to this order.

8. The Debtors' and the ERISA Plaintiffs' rights are maintained regarding the Debtors' assertion of any privilege or work product protection with respect to the documents contained in the Debtors' Production. Any challenge to the Debtors' assertion of privilege or work product protections will be resolved by this Court by the filing of a motion by the ERISA Plaintiffs, no earlier than when the Michigan District Court has ruled on the Motions To Dismiss Securities Litigation and in such a way that the stay of discovery in the Securities Litigation provided by the PSLRA is lifted for some or all purposes.

9. The Debtors and the ERISA Plaintiffs shall enter into an agreed protective order to be submitted to this Court which shall govern, among other things, the use of the documents produced to the ERISA Plaintiffs under this order and the protection of the privacy of third parties, including Delphi employees, in connection with the documents produced under this order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

11. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

So Ordered in New York, New York this ____ day of _____, 2007.

        Honorable Robert D. Drain
        United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John Wm. Butler, Jr. | /s/ Amy Williams-Derry |
|---|---|
| SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>  John Wm. Butler, Jr. (JB 4711)<br>  Albert L. Hogan III (AH 8807)<br>  Ron E. Meisler (RM 3026)<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606<br>(312) 407-0700 | KELLER ROHRBACK L.L.P.<br>  Lynn Lincoln Sarko<br>  Derek Loeser<br>  Erin M. Riley<br>  Amy Williams-Derry (AW 5891)<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052<br>(206) 623-1200 |
| - and - | - and - |
|   Kayalyn A. Marafioti<br>  Thomas J. Matz<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br><br>Attorneys for Delphi Corp., et al.,<br>  Debtors and Debtors-in-Possession |   Gary A. Gotto<br>National Bank Plaza<br>3101 North Central Avenue,<br>Suite 900<br>Phoenix, AZ 85012<br>(602) 248-0088<br><br>Interim Lead Counsel for ERISA Plaintiffs Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr |

5

MORGAN & MEYERS PLC
  Jeffrey T. Meyers (P34348)
3200 Greenfield, Suite 260
Dearborn, MI 48120-1802
(313) 961-0130

Interim Liaison Counsel for ERISA Plaintiffs Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr


COHEN, MILSTEIN, HAUSFELD & TOLL PLLC
  Marc I. Machiz
  Bruce F. Rinaldi
1100 New York Ave NW, Suite 500W
Washington, D.C.  20005
(202) 408-4600


LOCKRIDGE GRINDAL NAUEN PLLP
  Richard A. Lockridge
  Karen Hanson Riebel
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
(612) 339-6900


BRANSTETTER, KILGORE, STRANCH & JENNINGS
  Jane B. Stranch
227 Second Avenue North, Fourth Floor
Nashville, TN  37201-1631
(615) 254-8801


BERGER & MONTAGUE, P.C.
  Sherrie Savett
  Douglas M. Risen
  Joy Clairmont
1622 Locust Street
Philadelphia, PA  19103-6365
(215) 875-3000

6

ELWOOD S. SIMON & ASSOCIATES, P.C.
 Elwood S. Simon
355 S. Old Woodward Ave., Suite 250
Birmingham, MI  48009
(248) 636-9730

Associated Counsel for ERISA Plaintiffs Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr

# Exhibit A

## Papelian Declaration Executed on March 2, 2007

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

----------------------------------------------------------x
:
:
:     MDL No. 1725
IN RE: DELPHI CORPORATION :     Master Case No. 05-md-1725
SECURITIES, DERIVATIVE & "ERISA" :     Hon. Gerald E. Rosen
LITIGATION :
:
:     This Document Relates to:
:     In Re: Delphi Corp. Securities Litig.
:     No. 06-10026
:
:
----------------------------------------------------------x

### DECLARATION OF JOSEPH E. PAPELIAN IN SUPPORT OF THE MEMORANDUM OF LAW OF CERTAIN DEFENDANTS IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S ORDER LIFTING THE PSLRA DISCOVERY STAY

I, Joseph E. Papelian, hereby declare as follows:

1. I am the Deputy General Counsel for Litigation for Delphi Corporation ("Delphi"). The information set forth below is true to the best of my knowledge and belief.

2. On July 22, 2004, I received a subpoena from the SEC commanding the production of certain documents by Delphi. On that same day, I directed a document hold for those documents covered by the subpoena, which was posted on Delphi's internal website on July 23, 2004.

3. On July 23, 2004, I ordered the computer back-up tapes for Delphi's Headquarters campus be delivered to my office. The back-up tapes were delivered to me on July 23, 2004, where they remained locked in my office until October 15, 2004 when I provided them to a representative of PricewaterhouseCoopers ("PwC"), which had been retained at that time.

4.  Also on July 23, 3004, I issued a Document Search Memo to employees likely to have documents responsive to the subpoena. The Search Memo described the types of documents to be gathered, instructed the employees to search all areas where relevant documents might be found, and cautioned them to not destroy or alter potentially relevant documents. The Search Memo also instructed employees to return all relevant documents to a legal assistant working with me on this matter along with a completed Document Return Form requiring the employee to attest he/she had conducted a good faith search and provided any relevant documents.

5.  Copies of all documents received in response to the Search Memo were scanned and a unique number was assigned to each page. The documents were reviewed for responsiveness and those documents determined to be responsive were then assigned a production number. A Source Index, identifying who provided what documents, was prepared and those documents determined responsive to the subpoena were produced to the SEC on a rolling basis.

6.  On August 24, 2004, Delphi formally retained the outside law firm of WilmerHale to assist, among other things, in the collection of documents and with Delphi's internal investigation. WilmerHale engaged forensic accountants PricewaterhouseCoopers ("PwC") to assist in the collection of electronic files. On October 5, 2004, the Audit Committee of Delphi's Board of Directors assumed responsibility for the internal investigation.

7.  As subsequent subpoenas were received from the SEC, Delphi followed the procedure described in paragraphs 4-5, above. Delphi also sent out Document Search Memos after particular issues came to the attention of the internal investigators, but before a subpoena was received from the SEC that called for documents relevant to those issues. As the

2

internal review progressed, Delphi sent out a total of 14 Document Search Memos and one Hold Memo in the same format as the Document Search Memo issued in response to the first SEC subpoena. Approximately 700,000 pages were collected, scanned and numbered in response to the various Search Memos.

8. Delphi entered into Confidentiality Agreements with the SEC and DOJ only, waiving attorney client privilege as to these entities with respect to certain subject matters.

9. In November 2004, representatives of PwC began imaging hard drives of computers belonging to 89 Delphi employees, Microsoft Exchange email files for 84 employees, and a subset of the back-up tapes referenced in Paragraph 3 and created a database of 1,161,936 unique email items and 417,131 unique user files totaling over 130 gigabytes of data.

10. General and specific keyword searches were conducted on this database by PwC, resulting in the identification of 107,881 unique emails and attachments responsive to the general search terms and 37,492 unique emails and attachments responsive to the specific search terms. Those documents which were identified as responsive and not previously produced to the SEC were scanned, numbered and produced to the SEC.

11. WilmerHale removed from the database referenced in Paragraph 9 those documents that were addressed to, from or copied an attorney. The remainder of this database was then provided to the SEC on December 14, 2005. Other than the keyword searches referenced in paragraph 10, the database provided to the SEC was not reviewed for relevancy or responsiveness, but was nonetheless produced to the SEC.

12. In sum, Delphi produced to the SEC approximately 576,000 pages of responsive documents plus the remainder of the documents in the database referenced in paragraph 11, which were not read for relevancy or responsiveness.

13. The remainder of the documents collected through the various exercises and sources identified above were determined as not responsive to any general or specific search terms. Therefore, while they were collected in connection with Delphi's extensive internal investigation, these materials were not produced to the SEC (or any other party).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2007.

                                                    s/ Joseph E. Papelian
                                                  Joseph E. Papelian