BINGHAM McHALE, LLP
10 West Market Street, Suite 2700
Indianapolis, Indiana 46204
Telephone (317) 635-8900
Facsimile (317) 236-9907
John Taylor, Esq.
William M. Braman, Esq.
Whitney L. Mosby, Esq.

Attorneys for Universal Tool &
Engineering Co, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**UNIVERSAL TOOL & ENGINEERING COMPANY, INC.'S SUPPLEMENTAL RESPONSE TO DEBTORS' OBJECTIONS TO CLAIM NO. 11114**

Universal Tool & Engineering Co., Inc. ("UTE"), by its undersigned counsel, hereby submits this Supplemental Response to the above-captioned Debtors' objections to and Statement of Disputed Issues with Respect to Proof of Claim No. 11114, as permitted by paragraph 9(e) of the Court's "Claim Objection Procedures Order.":

1.  On July 26, 2006, UTE filed a timely claim (Claim No. 11114) in the Debtors' bankruptcy case for amounts owed to UTE for labor and materials supplied by UTE to Delphi Automotive Systems, LLC (the "Claim"). The Claim is for amounts owed for labor and material supplied by UTE to Delphi Automotive Systems, LLC from January 31, 2002 to October 31, 2005 for, among other things, the development of batteries.

2.  On or about October 31, 2006, the Debtors filed Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A)

Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. §502(c) (the "Third Omnibus Claims Objection").

3. In the Third Omnibus Claims Objection, the Debtors assert that UTE's Claim is subject to modification from the Claim Amount of $120,077.19 (the "Claim Amount") to the amount of $76,511.87 (the "Debtors' Agreed Amount"), which Debtors' Agreed Amount is allegedly in accordance with the Debtors' books and records.

4. On November 21, 2006, UTE filed a timely response to the Debtors' Third Omnibus Claims Objection, captioned: "Response to Third Omnibus Claims Objection (Claim Nos. 6878, 11114 and 2175)" (hereafter "UTE Response"). Attached to the UTE Response was the Affidavit of Robert N. Rossetter, as well as invoices and summaries of invoices which supported the Claim Amount of $120,077.19.

5. On March 28, 2007, the Debtors filed a "Notice of Claims Objection Hearing with Respect to Debtors' Objection to Proofs of Claim Nos. 2175, 6878, 10911 and 11114) (MG Corporation and Universal Tool & Engineering Company, Inc.)". On April 18, 2007, the Debtors filed a "Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to Proofs of Claim Nos. 10911 and 11114) (MG Corporation and Universal Tool & Engineering Company, Inc.)" (the "Notice of Adjournment"). The Notice of Adjournment indicated that there will be a "Claims Objection Hearing" with respect to the Claim on June 22, 2007 at 10:00 a.m.

6. On April 25, 2007, the Debtors filed a "Statement of Disputed Issues with Respect to Proofs of Claim Nos. 10911 and 11114 (MG Corporation and Universal Tool & Engineering Company, Inc.)" (the "Statement of Disputed Issues"). In the Statement of Disputed

2

Issues, the Debtors again asserted that a portion of the Claim is not substantiated by the Debtors' books and records, which reflect the Debtors Agreed Amount of $76,511.87, as opposed to the Claim Amount of $120,077.19. In the Statement of Disputed Issues, the Debtors assert that "UTE has not shown, and cannot show, that it had, as of the October 8, 2005 petition date, a right to payment from the Debtors in the overstated amount of $120,077.19."

7. Attached to this Supplemental Response is the Supplemental Affidavit of Robert N. Rossetter and additional documents in support of the Claim Amount, namely:

   a. Invoice No. 25606, dated January 31, 2002, with Detail Sheets, summaries of material invoices and Labor Cards/time sheets supporting said invoice attached;
   b. Invoice No. 25696, dated October 31, 2002, with Detail Sheets, summaries of material invoices and Labor Cards/time sheets supporting said invoice attached;
   c. Invoice No. 25711, dated December 31, 2002, with Detail Sheets, summaries of material invoices and Labor Cards/time sheets supporting said invoice attached;
   d. Invoice No. 25775, dated September 29, 2003, with material invoice attached;
   e. Invoice No. 25781, dated September 30, 2003, with Detail Sheets, summaries of material invoices and Labor Cards/times sheets supporting said invoice attached;
   f. Invoice No. 25804, dated December 31, 2003 with Detail Sheets, summaries of material invoices and Labor Cards/time sheets supporting said invoice attached; and
   g. Invoice No. 25978, dated October 31, 2005, with Detail Sheets, summaries of material invoices and Labor Cards/time sheets supporting said invoice attached

(collectively, the "Supporting Documentation").

8. The Supporting Documentation, as well as the Affidavit of Robert N. Rossetter and attached exhibits attached to UTE's Response, conclusively establish that UTE supplied the Debtors with all of the labor and materials identified in the attached invoices and that the Claim Amount of $120,077.19 remains due and owing to UTE under said invoices.

9. The fact that portions of the Claim are not reflected in the Debtors' books and records is no basis for disallowance of the claim.

10. Based upon the Supporting Documentation, the Claim should be allowed for the Claim Amount, because the Claim is properly documented and supported.

                    Respectfully submitted,

                    /s/William M. Braman_____
                    John Taylor, Esq.
                    William M. Braman, Esq.
                    Whitney L. Mosby, Esq
                    Counsel for Universal Tool & Engineering Co., Inc.

BINGHAM McHALE LLP
10 West Market Street, #2700
Indianapolis, IN 46204
317-635-8900 (phone)
317-236-9907 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on May __17__, 2007, a copy of the foregoing was filed via overnight mail and via 3.5 inch disk. I further certify that on May 17__, 2007 a copy of the foregoing was served via overnight mail on the following:

The Honorable Robert D. Drain
United States Bankruptcy Judge
Chambers/Courtroom: 610
One Bowling Green
New York, New York 10004-1408

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr.
Attn: Randall G. Reese
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Simpson Thacher & Bartlett, LLP
Attn: Kenneth S. Ziman
425 Lexington Avenue
New York, New York 10017

4

05-44481-rdd    Doc 7965    Filed 05/17/07    Entered 05/17/07 16:37:39    Main Document
Pg 5 of 5

Davis Polk & Wardwell
Attn: Donald Bernstein
Attn: Brian Resnick
450 Lexington Avenue
New York, New York 10017

Latham & Watkins LLP
Attn: Robert J. Rosenberg
Attn: Mark A. Broude
885 Third Avenue
New York, New York 10022

Fried, Frank, Harris, Shriver & Jacobson LLP
Attn: Bonnie Steingart
One New York Plaza
New York, New York 10004

Office of the U.S. Trustee
For the Southern District of New York
Attn: Alicia M. Leonard
33 Whitehall Street, Suite 2100
New York, New York 10004

                /s/William M. Braman

1152344