FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>**Delphi Automotive Systems, LLC** | Case Number:<br>**05-44640 (RDD)** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property)<br>**Wachovia Bank, N.A., successor by merger to SouthTrust Bank** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **RECEIVED**<br>AUG 1 1 2006<br>KURTZMAN CARSON |
|---|---|---|
| Name and addresses where notices should be sent<br>**Christopher D. Carson**<br>Burr & Forman LLP<br>420 N 20th Street, Suite 3100<br>Birmingham, Alabama 35203<br>Telephone No. (205)251-3000 | ☒ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | ☒ Date Stamped Copy Returned<br>☐ No self addressed stamped envelo<br>☐ No copy to return<br><br>THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>                      a previously filed claim, dated:_____<br>If this claim ☐ amends | |

**1. Basis for claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other: Pre-petition tort, contract, and equitable claims

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Last four digits of your SS # _____.
Unpaid compensation for services performed
from _____ to _____
         (date)              (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4.    Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

| Unsecured Nonpriority Claim **$6,656,624.92 (plus accruing interest and attorneys' fees)**<br><br>☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | **Secured Claim**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate ☐ Motor Vehicle ☐ Other: _____<br>Value of Collateral:    $_____ |
|---|---|
| **Unsecured Priority Claim**<br>☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.<br>Amount entitled to priority: $_____<br>Specify the priority of the claim: | Amount of arrearage claim and other charges <u>at time case filed</u> included in secured claim, if any: $_____ |
| ☐ Domestic support obligations under 11 U.S.C. § 507(a)(l)(A) or (a)(l)(B)<br>☐ Wages, salaries, or commissions (up to $10,000)," earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5). | ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

**5. Total Amount of Claim at Time Case Filed:**  $6,656,624.92   $_____   $_____   **$6,656,624.92**
                                                    (unsecured)      (secured)    (priority)      (Total)

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, selfaddressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY
RECEIVED JUL 3 1 2006
CLAIMS PROCESSING CENTER

| Date<br><br>July 27, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>[signature]<br><br>Christopher D. Carson, Attorney for Wachovia Bank, N.A., successor by merger to SouthTrust Bank |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

1486108 v2

BURR & FORMAN LLP
420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000
Christopher D. Carson
Jason D. Woodard
Jennifer A. Harris

Attorneys for Creditor
Wachovia Bank, National Association,
successor by merger to SouthTrust Bank

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtor. | : | |

------------------------------------------

## STATEMENT IN SUPPORT OF PROOF OF CLAIM OF WACHOVIA BANK

**COMES NOW** Wachovia Bank, National Association, successor by merger to SouthTrust Bank ("Wachovia"), and, pursuant to 11 U.S.C. §§ 501 and 502, files this Statement in Support of its Proof of Claim, which reflects a claim in the amount of $6,656,624.92 as of the petition date, plus accruing interest, costs, and attorneys fees. In support of its claim, Wachovia states the following:

1.       Wachovia holds pre-petition claims against Delphi Corporation, Delphi Automotive Systems USA, LLC, Delphi Automotive Systems, LLC, Delphi Packard, Delphi Packard Electric Systems, Delphi Energy & Chassis Systems, and Delphi Safety and Interior Systems (collectively, "Delphi"), for misrepresentation, suppression, conspiracy, breach of

1486184

contract, interference with business relationship, breach of duty of good faith and fair dealing, negligence, and promissory estoppel.

2.  On March 3, 2003, Wachovia filed suit against Delphi in the Circuit Court for the Second Judicial District of Hinds County Mississippi (the "Mississippi State Court"), commencing litigation on its pre-petition claims and seeking compensatory damages, attorneys' fees and costs, and punitive damages.

3.  Litigation of Wachovia's pre-petition claims against Delphi in the Mississippi State Court is currently stayed by virtue of Delphi's bankruptcy. A true and correct copy of Wachovia's complaint, which sets forth the basis of its claims against Delphi, is attached hereto as Exhibit 1.

4.  Wachovia's claim against the estate of the above-captioned Debtor as of the petition date includes $966,750.68 in compensatory damages, $856,120.84 in attorneys' fees and expenses, and $4,833,753.40 in punitive damages.

Dated this the 28th day of July, 2006

_____
Christopher D. Carson
Jason D. Woodard
Jennifer A. Harris

**OF COUNSEL:**
**BURR & FORMAN LLP**
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1486184

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Proof of Claim of Wachovia Bank, National Association, successor by merger to SouthTrust Bank, and the Statement in Support of the Proof of Claim of Wachovia Bank and its accompanying Exhibit have been served on the following counsel for the Debtor, via first class United States mail, postage prepaid, on this the 28th day of July 2006:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Kayalyn A. Marafioti
Thomas J. Matz
FourtTimes Square
New York, New York 10036

OF COUNSEL

IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

| | |
|---|---|
| SOUTHTRUST BANK, a corporation )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEXTRON CORPORATION, a )<br>corporation; CHARLES DOTY, an )<br>individual; LEXTRON AUTOMOTIVE, )<br>LLC, a limited liability company; )<br>DELPHI CORPORATION, a )<br>corporation; DELPHI AUTOMOTIVE )<br>SYSTEMS USA, LLC, a limited )<br>liability company; DELPHI )<br>AUTOMOTIVE SYSTEMS, LLC, a )<br>limited liability company; DELPHI )<br>PACKARD, DELPHI PACKARD )<br>ELECTRIC SYSTEMS, DELPHI )<br>ENERGY & CHASSIS SYSTEMS, and )<br>DELPHI SAFETY AND INTERIOR )<br>SYSTEMS, divisions, subsidiaries or<br>affiliates of defendant, Delphi<br>Corporation,<br><br>Defendants. | **FILED**<br>APR 1 4 2003<br>BARBARA DUNN, CIRCUIT CLERK<br>BY_____D.C.<br><br><br>CIVIL ACTION NO. 2003-14 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW plaintiff, SouthTrust Bank, and for its Complaint against defendants Charles Doty, Lextron Corporation, Lextron Automotive, LLC, Delphi Corporation, Delphi Automotive Systems USA, LLC, Delphi Automotive Systems, LLC, Delphi Packard, Delphi Packard Electric Systems, Delphi Energy & Chassis Systems, and Delphi Safety and Interior Systems (collectively, the "Defendants"), states the following:

1084962 v5

EXHIBIT
A

05-44481-rdd    Doc 7983-2    Filed 05/21/07    Entered 05/21/07 16:34:51    Exhibit D-2
Apr-14-03  03:43P Wachovia Delphi Automotive POC    Pg 6 of 20

P.03

## I. PARTIES

1. Plaintiff, SouthTrust Bank, is an Alabama banking corporation, doing business in Hinds County, Mississippi ("SouthTrust").

2. Defendant Lextron Corporation ("Lextron Corp.") is a Mississippi corporation with its principal place of business located in the City of Jackson, Hinds County, Mississippi. Lextron Corp. is named as a defendant in this action by virtue of the unpaid Loans (herein after defined) owing to SouthTrust.

3. Defendant Charles Doty ("Doty") is an individual resident citizen of Hinds County, Mississippi. Doty is named as a defendant in this action by virtue of his personal guarantee of the Loans.

4. Defendant Lextron Automotive, LLC ("Lextron Automotive," and together with Lextron Corp., "Lextron") is a Mississippi limited liability company with its principal place of business located in the City of Jackson, Hinds County, Mississippi. Lextron Automotive is named as a defendant in this action by virtue of its guarantee of the Loans.

5. Defendant Delphi Corporation ("Delphi Corp.") is a Delaware corporation doing business in Mississippi.

6. Defendant Delphi Automotive Systems USA, LLC ("Delphi Auto USA") is a Michigan limited liability company doing business in Mississippi.

7. Defendant Delphi Automotive, LLC ("Delphi Automotive") is a Delaware limited liability doing business in Mississippi.

8. Defendants Delphi Packard, Delphi Packard Electric Systems, Delphi Energy & Chassis Systems, and Delphi Safety and Interior Systems are divisions,

subsidiaries or affiliates of Delphi Corp., Delphi Auto USA and/or Delphi Automotive, and are doing business in Mississippi (collectively, and together with Delphi Corp., Delphi Auto USA and Delphi Automotive, the "Delphi Defendants").

9. The Delphi Defendants are named as defendants in this action by virtue of covenants, assurances, commitments, fraud, negligence, breaches of covenants of good faith and fair dealing, and misrepresentations made to SouthTrust regarding the Delphi Defendants' business relationship with Lextron.

## II. FACTS

10. From time to time, SouthTrust made loans (the "Loans") to Lextron to fund its business operations, including its manufacturing and assembly business with the Delphi Defendants. The Loans are evidenced by various promissory notes and credit agreements (the "Loan Documents"). [Copies of the Loan Documents, the Collateral Documents (hereinafter defined) and the Guaranties (hereinafter defined) are so voluminous that it is not practical to attach copies to this Complaint. Such copies will be made available to the Court, the jury and the Defendants].

11. The Loans are secured by various mortgages, security agreements and other collateral documents made by Lextron in favor of SouthTrust (the "Collateral Documents").

12. Doty and Lextron Automotive unconditionally guaranteed the Loans as evidenced by various guaranties executed in favor of SouthTrust (the "Guaranties" and together with the Loan Documents and the Collateral Documents, the "Credit Documents").

13. Defaults occurred under the Credit Documents, and all applicable cure periods have expired. Lextron and Doty failed to cure such defaults. The total amount

of the Loans, including all principal, interest and agreed charges, are now due and payable by Lextron and Doty.

14. Since 1997 Lextron has been a manufacturer, assembler and supplier of certain automobile parts for one or more of the Delphi Defendants.

15. The Delphi Defendants shipped raw materials to Lextron, creating an account payable ("Accounts Payable") owing by Lextron to the Delphi Defendants.

16. Lextron manufactured finished products from the raw materials and shipped the finished products back to the Delphi Defendants thereby creating accounts receivable owing by the Delphi Defendants ("Accounts Receivable").

17. The Accounts Receivable were to exceed the Accounts Payable, and the Delphi Defendants would pay the excess to Lextron; such excess represented Lextron's gross profits from this arrangement. The Accounts Receivable were pledged to SouthTrust as security for the Loans pursuant to the terms of the Collateral Documents.

18. The Delphi Defendants frequently turned to Lextron to perform work that was to be completed by other suppliers who could not meet the Delphi Defendants' production demands.

19. The business relationship between Lextron and the Delphi Defendants grew to the point that by August 2001 Lextron completed construction of a 59,000 square foot, state-of-the-art warehouse/office facility in Jackson, Mississippi to ensure that Lextron could meet the production demands of the Dephi Defendants.

20. Lextron received over 90% of its revenue from the work it performed for the Delphi Defendants, and the Delphi Defendants were aware of this fact.

21. Apparently due to rapid growth in business, in November 2002, Lextron began experiencing financial difficulties and defaults occurred under the Credit Documents. Andy Raine, a Vice-President of SouthTrust ("Raine"), met with Lextron and Doty to discuss a strategy for Lextron to work through its financial difficulties and repay the Loans to SouthTrust.

22. Due to the defaults, SouthTrust entered into a Forbearance Agreement dated December 31, 2002 with Lextron and Doty, whereby it was agreed that SouthTrust would forbear for a period of time from exercising its remedies to collect the Loans and otherwise forbear from enforcing the Credit Documents. It was anticipated that during this period of forbearance, Lextron would work through its financial problems.

23. Approximately one week later, in early January of 2003, Mr. Raine received a telephone call from Sidney Johnson ("Johnson"), Director of Purchasing for Delphi Automotive. Mr. Johnson asked SouthTrust to lend Lextron additional money so Lextron could pay its payroll due to employees.

24. Mr. Raine told Mr. Johnson that SouthTrust would not loan Lextron additional money without assurances from the Delphi Defendants that they would not terminate their business relationship with Lextron, and that Lextron would have enough work from the Delphi Defendants to continue in business. Mr. Johnson gave Mr. Raine those assurances, but these promises were not true.

25. After Mr. Johnson's phone conversation with Mr. Raine, Greg Naylor ("Naylor") and Martha "Marty" Everett ("Everett") from the Delphi Defendants, on

separate occasions, discussed with Mr. Raine Lextron's financial status and Lextron's relationship with the Delphi Defendants.

26. In those conversations, Mr. Naylor and Ms. Everett specifically stated that the Delphi Defendants would continue their business relationship with Lextron and specifically requested that SouthTrust lend additional sums of money to Lextron and to forbear taking any collection action against Lextron.

27. In these conversations, Mr. Raine requested that the Delphi Defendants provide written confirmation of their commitment to Lextron, and on or about January 9, 2003, Larry W. Graves, North American Purchasing Director Delphi Packard Electric Systems, ("Graves") sent a memorandum to Mr. Raine via e-mail (the "Delphi Memo") with copies going to Mr. Johnson, Mr. Naylor and Ms. Everett.

28. The Delphi Memo made reference to the conversations between representatives of SouthTrust and the Delphi Defendants, and went on to say that "I am writing you [SouthTrust] this memo to re-iterate Delphi Packard's (Delphi-P) focus to maintain Lextron corporation as a supplier. We have the resources to assist Lextron, including a reduction in our payment terms to Net 15, during its cash flow shortfall." The Delphi Memo specifically asked that "because of Delphi-P's support and interest in Lextron, Delphi-P is requesting SouthTrust Bank to continue its support of Lextron."

29. In reliance on the assurances made in the phone conversations with Mr. Johnson, Mr. Naylor, Ms. Everett and Mr. Graves, and in reliance of the representations made in the Delphi Memo, SouthTrust loaned Lextron an additional $800,000.

30. At all times during their communications with SouthTrust, the Delphi Defendants were fully aware of Lextron's financial difficulties.

31. Even though the Delphi Defendants had given the foregoing assurances to SouthTrust, SouthTrust learned on February 25, 2003 that the Delphi Defendants intended to terminate their business relationship with Lextron effective February 28, 2003.

32. Representatives of Lextron, its financial consultant and SouthTrust phoned the Delphi Defendants several times to discuss the termination of Lextron as a supplier; however no one from any of the Delphi Defendants ever attempted to explain their decision to abruptly terminate Lextron.

33. Moreover, on February 28, 2003, SouthTrust sent a letter to Delphi Corp. (the "February 28 Letter") expressing its concerns regarding the Delphi Defendants' unilateral decision to terminate the Lextron relationship, and the increase in the Loans in reliance upon the assurances given by the Delphi Defendants.

34. No one from the Delphi Defendants responded to the February 28 Letter.

35. Because the Delphi Defendants abruptly terminated their business relationship with Lextron, Lextron was forced to lay-off approximately 150 employees and cease all but a minor part of its manufacturing operations.

36. After the Delphi Defendants terminated their business relationship with Lextron, SouthTrust learned that the Delphi Defendants were moving the manufacturing work previously performed by Lextron "in-house," presumably to their Delphi Hinds County, Mississippi facility.

37. The Delphi Defendants have not attempted to hire any of the 150 employees laid-off by Lextron.

### COUNT I

### NON-PAYMENT OF LOANS

38. SouthTrust hereby adopts and incorporates the allegations set forth in the paragraphs 1 through 37.

39. Lextron Corp., Lextron Automotive and Doty are obligated to repay the Loans to SouthTrust pursuant to the terms of the Credit Documents.

40. Lextron Corp., Lextron Automotive and Doty breached their obligations owing to SouthTrust by failing to pay the principal of, interest on and agreed charged due on the Loans.

WHEREFORE, PREMISES CONSIDERED, SouthTrust demands judgment against Lextron Corp., Lextron Automotive, and Doty, jointly and severally, for compensatory damages in an amount equal to the total principal, interest and agreed charges (including attorney's fees and other expenses of collection) due on the Loans and otherwise owing under the Credit Documents, and such other and further relief as this Court deems appropriate.

### COUNT II - MISREPRESENTATION

41. SouthTrust hereby adopts and incorporates the allegations set forth in the paragraphs 1 through 40 above.

42. The Delphi Defendants intentionally, willfully, negligently, wantonly or recklessly misrepresented to SouthTrust that they would continue their manufacturing relationship with Lextron and continue to give business to Lextron (the "Delphi

Representations") for the purpose of inducing SouthTrust to continue its banking relationship with Lextron and to induce SouthTrust to make additional loan advances to Lextron.

43. The Delphi Representations were false.

44. Delphi made the Delphi Representations to SouthTrust knowing the Delphi Representations were false or with ignorance of their truth.

45. Delphi intended that SouthTrust would act upon the Delphi Representations in a manner reasonably contemplated.

46. SouthTrust did not know the Delphi Representations were false.

47. SouthTrust relied on the Delphi Representations.

48. SouthTrust had the right to rely on the Delphi Representations.

49. SouthTrust was injured as a consequence of the Delphi Representations being false.

WHEREFORE, PREMISES CONSIDERED, SouthTrust demands judgment as follows:

A. Against the Delphi Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, plus accruing charges and attorneys fees, costs of this action, and such other and further relief as this Court deems appropriate.

B. Against the Delphi Defendants, jointly and severally, for punitive damages in an amount to be determined at trial.

### COUNT III - SUPPRESSION

50. SouthTrust hereby adopts and incorporates the allegations set forth in the paragraphs 1 through 49 above.

51. The Delphi Defendants had a duty to disclose existing material facts to SouthTrust regarding their relationship with Lextron.

52. The Delphi Defendants suppressed those material facts from SouthTrust to induce SouthTrust to continue its banking relationship with Lextron and make additional loan advances to Lextron.

53. SouthTrust was injured and suffered actual damages as a result of the Delphi Defendants' suppression of the material facts.

WHEREFORE, PREMISES CONSIDERED, SouthTrust demands judgment as follows:

A. Against the Delphi Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, plus accruing charges and attorneys fees, costs of this action, and such other and further relief as this Court deems appropriate.

B. Against the Delphi Defendants, jointly and severally, for punitive damages in an amount to be determined at trial.

### COUNT IV – CONSPIRACY

54. SouthTrust hereby adopts and incorporates the allegations set forth in the paragraphs 1 through 53 above.

55. The Delphi Defendants conspired to defraud SouthTrust.

56. The Delphi Defendants' committed overt acts of fraud by sending correspondence and having phone conferences with SouthTrust in furtherance of the conspiracy.

57. SouthTrust suffered damages as a result of the fraud and conspiracy.

WHEREFORE, PREMISES CONSIDERED, SouthTrust demands judgment as follows:

1084062 v3                                    10

A.    Against the Delphi Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, plus accruing charges and attorneys fees, costs of this action, and such other and further relief as this Court deems appropriate.

B.    Against the Delphi Defendants, jointly and severally, for punitive damages in an amount to be determined at trial.

### COUNT V - BREACH OF COVENANTS

58.    SouthTrust hereby adopts and incorporates the allegations set forth in the paragraphs 1 through 57 above.

59.    The Delphi Representations constituted covenants by the Delphi Defendants that they would continue to give manufacturing, assembly and supply business to Lextron thereby giving Lextron the wherewith all to stay in business and repay the Loans to SouthTrust.

60.    In consideration of the covenants made by the Delphi Defendants, and at the request of the Delphi Defendants, SouthTrust made additional advances to Lextron on the Loans.

61.    The Delphi Defendants breached their covenants made to SouthTrust when they terminated their business relationship with Lextron.

62.    SouthTrust suffered damages as a direct consequence of such breach by the Delphi Defendants.

**WHEREFORE, PREMISES CONSIDERED,** SouthTrust demands judgment against the Delphi Defendants, jointly and severally, for compensatory damages in an amount to be

determined at trial, plus accruing charges and attorneys fees, costs of this action, and such other and further relief as this Court deems appropriate.

### COUNT VI – INTERFERENCE WITH BUSINESS RELATIONSHIP

63. SouthTrust hereby adopts and incorporates the allegations set forth in the paragraphs 1 through 62 above.

64. SouthTrust and Lextron had a contractual business and banking relationship.

65. The Delphi Defendants knew of this relationship between SouthTrust and Lextron.

66. The Delphi Defendants intentionally interfered with such business and banking relationship.

67. The Delphi Defendants' interference with such business and banking relationship was intentional and willful.

68. The Delphi Defendants' interference with such business and banking relationship was not justified.

69. The Delphi Defendants' actions were calculated to cause damage to SouthTrust.

70. The Delphi Defendants' actions were done with the unlawful purpose of causing damage and loss, without right or justifiable cause.

71. SouthTrust has suffered damages as a result of the Delphi Defendants' interference.

WHEREFORE, PREMISES CONSIDERED, SouthTrust demands judgment as follows:

76. SouthTrust hereby adopts and incorporates the allegations set forth in the paragraphs 1 through 75 above.

77. The Delphi Defendants owed a duty to SouthTrust.

78. The Delphi Defendants breached that duty when they terminated their business relationship with Lextron.

79. SouthTrust was injured, and the Delphi Defendants' breach of duty was the proximate and cause-in-fact of SouthTrust's injury.

80. SouthTrust suffered actual loss and damage resulting to the interests of the Delphi Defendants.

WHEREFORE, PREMISES CONSIDERED, SouthTrust demands judgment as follows:

A. Against the Delphi Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, plus accruing charges and attorneys fees, costs of this action, and such other and further relief as this Court deems appropriate.

B. Against the Delphi Defendants, jointly and severally, for punitive damages in an amount to be determined at trial.

### COUNT XI – PROMISSORY ESTOPPEL

81. SouthTrust hereby adopts and incorporates the allegations set forth in the paragraphs 1 through 80 above.

82. The Delphi Defendants promised SouthTrust that the Delphi Defendants would not terminate their business relationship with Lextron and that Lextron would have enough work from the Delphi Defendants to continue in business.

83.    The Delphi Defendants reasonably expected such promises to induce SouthTrust to act by lending additional money to Lextron.

84.    The expected action or forbearance by SouthTrust was of a definite and substantial character.

85.    The promises did, in fact, induce SouthTrust into lending additional money to Lextron.

WHEREFORE, PREMISES CONSIDERED, SouthTrust demands judgment as follows:

A.    Against the Delphi Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, plus accruing charges and attorneys fees, costs of this action, and such other and further relief as this Court deems appropriate.

B.    Against the Delphi Defendants, jointly and severally, for punitive damages in an amount to be determined at trial.

SOUTHTRUST DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS OF THIS COMPLAINT

Dennis C. Sweet, III (MB #: 8105)
Richard A. Freese (MB # 99885)
Attorneys for Plaintiff, SouthTrust Bank

OF COUNSEL:

LANGSTON SWEET & FREESE, P.C.
201 North President Street
Jackson Mississippi 39201
(601) 969-1356
(601) 968-3866 Fax

1084062 v3                                15

OF COUNSEL:

LANGSTON SWEET & FREESE, P.C.
2900 Highway 280
Suite 240
Birmingham, AL 35223
(205) 871-4144
(205) 871-4104

OF COUNSEL:

Robert H. Walker, Esquire
BURR & FORMAN LLP
210 East Capitol Street – Suite 700
Jackson, MS 39201
(601) 355-3434
(601) 355-5150 Fax

OF COUNSEL:

D. Christopher Carson, Esquire
Christina A. Graham, Esquire
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
(205) 251-3000
(205) 358-5100 Fax


DEFENDANTS ADDRESSES:

Charles Doty
249 Mitchell Avenue
Jackson, Mississippi 39213


Lextron Corporation
249 Mitchell Avenue
Jackson, Mississippi 39213


Lextron Automotive, LLC
249 Mitchell Avenue
Jackson, Mississippi 39213


Delphi Corporation

5725 Delphi Drive
Troy, Michigan 48098-2815


Delphi Automotive Systems USA, LLC
6546 Mercantile Way
Lansing, Michigan 48911


Delphi Automotive Systems, LLC
7525 Delphi Drive
Troy, Michigan 48098


Delphi Packard
408 Dana Street
Warren, Ohio 44486


Delphi Packard Electric Systems
408 Dana Street
Warren, Ohio 44486


Delphi Energy & Chassis Systems
5725 Delphi Drive, Building D
Troy, Michigan 48098


Delphi Safety & Interior Systems
1401 Crooks Road
M/C: 480-009-130
Troy, Michigan 48084

1084902 v3                              17