Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :    Case No. 05-44481 (RDD)
                                                           :
                                        Debtors.           :    (Jointly Administered)
-----------------------------------------------------------x

### RESPONSE OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE, TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) PROTECTIVE INSURANCE CLAIMS, (D) INSURANCE CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION AND RECLAMATION AGREEMENT

Liquidity Solutions, Inc. d/b/a Revenue Management ("LSI"), as assignee of various original creditors, hereby files its response (the "Response") to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to

Modification and Reclamation Agreement (the "Thirteenth Omnibus Objection").[1] In further support of its Response, LSI respectfully states as follows:

## BACKGROUND

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On various dates during the pendency of these chapter 11 cases, LSI entered into agreements with certain original creditors (each, an "Assignor") for assignment of certain claims against the Debtors (each, an "Assigned Claim" and collectively, the "LSI Assigned Claims"), and LSI duly filed notices of transfer of claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as follows:

| Original Creditor | Claim No. | Claim Amount[2] | Date of Transfer | Docket No. |
|---|---|---|---|---|
| Digikey Corporation | 15483 | $66,952.29 | 6/15/06 | 4199 |
| Hammond Group Inc. | 4427 | $15,397.30 (priority) | 7/12/06 | 4533 |
|  |  | $123,726.16 (unsecured) |  |  |
| Integris Metals | 199 | $16,633.18 | 3/1/06 | 2616 |

3. On or about April 27, 2007, the Debtors filed the Thirteenth Omnibus Objection [Docket No. 7825], objecting to, among other claims,[3] each of the above-listed LSI Assigned Claims, as follows:

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Thirteenth Omnibus Objection.

[2] All claim amounts listed below are asserted as non-priority unsecured claims, unless otherwise specified.

[3] LSI has also filed a limited response to the Thirteenth Omnibus Objection under separate cover, responding to the Thirteenth Omnibus Objection as it concerns a Claim originally held by Hexcel Corporation for the reasons more

2

| Assigned Claim | Claim No. | Filed Claim Amt. | Claim Amt. Per Objection | Purported Basis for Objection |
|---|---|---|---|---|
| Digikey Corporation | 15483 | $66,952.29 | $64,639.19 | Claim Subject to Modification |
| Hammond Group Inc. | 4427 | $15,397.30 (priority) | $15,397.30 (priority) | Claim Subject to Modification and Reclamation Agreement |
|  |  | $123,726.16 (unsecured) | $120,970.00 (unsecured) |  |
| Integris Metals | 199 | $16,633.18 | $16,419.30 | Claim Subject to Modification |

Where the Debtors object to a claim in the Thirteenth Omnibus Objection and allege it to be a "Claim Subject to Modification" listed on Exhibit E-1 thereto,[4] the Debtors give a laundry list of reasons why a claim might appear on Exhibit E, but no further specificity as to what is actually objectionable about that particular claim, leaving the holder of each claim to speculate for itself what the issue could be.[5]

---

fully stated therein. In addition, LSI is aware that in the Thirteenth Omnibus Objection, the Debtors object to a Claim originally held by IET Labs Inc. (the "IET Claim"), also assigned to LSI, whereby the Debtors seek to reduce the IET Claim from $58,575.00 to $1,665.00 and to reclassify such Claim from as against Delphi to as against Automotive. LSI recently was served with a notice that purports to adjourn the Thirteenth Omnibus as to the IET Claim to June 26, 2007, with a corresponding response deadline of June 19, 2007. If this is incorrect, LSI reserves the right to supplement this Response (or cause IET Labs Inc. to respond itself) to address any objection to the IET Claim.

[4] The Debtors' objection to the LSI Assigned Claim originally held by Hammond Group, Inc. (the "Hammond Assigned Claim") actually appears on Exhibit E-3 to the Thirteenth Omnibus Objection ("Claims Subject to Modification and Reclamation Agreement"). See Thirteenth Omnibus Objection, at Exh. E-3, p. 11. However, the Debtors appear not to seek reclassification of any asserted priority of the Hammond Assigned Claim, but rather a reduction of the unsecured portion of such Claim by approximately $2,756 and reclassification of such Claim from as against Delphi to as against Automotive – presumably for the same generic reasons supporting the Debtors' objections to claims listed on Exhibit E-1 of the Thirteenth Omnibus Objection.

[5] The Thirteenth Omnibus Objection provides, in pertinent part, that:

> The bases for placing a Claim in the Claims Subject to Modification category of objection include, but are not limited to, the following: the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (b) may include post-petition liabilities, (c) does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, (d) was docketed and filed against the wrong Debtor entity, and/or (e) is misclassified as a priority or secured claim.

Thirteenth Omnibus Objection, ¶ 39.

## RESPONSE TO OBJECTION

### I.  Each of the LSI Assigned Claims is *Prima Facie* Valid and Has Not Been Refuted as a Matter of Law

4.  The Bankruptcy Rules are clear that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, as here, the creditor (or its assignee) is aided by the presumption of validity arising under Bankruptcy Rule 3001(f), and the objecting party then "bears the burden of producing sufficient evidence to refute the claim." In re Camellia Food Stores, Inc., 287 B.R. 52, 56 (Bankr. E.D. Va. 2002).

5.  As noted above, the Thirteenth Omnibus Objection offers no claim-specific reason as to why the Debtors dispute the filed amount of the Claim; rather, the Debtors rely on a list of five or more alternative bases that might apply to any of the hundreds of claims being challenged in this round of objections. Under the Bankruptcy Rules, the Debtors have a duty to "produc[e] sufficient evidence to refute the claim," id., but here, the Debtors' objection can be distilled down to little more than a bare statement that "we don't agree with the proof of claim," which falls far short of the Debtors' burden under Bankruptcy Rule 3001(f) and associated case law. See, e.g., In re White, 168 B.R. 825, 828-29 (Bankr. D. Conn. 1994) (stating that the objecting party may not rebut a claim's prima facie validity of a proof of claim merely by stating that amount of claim is incorrect, but rather must produce some evidence to support its argument; chapter 13 case).

6.  There is no evidence, support or analysis provided in support of the Debtors' objections that LSI could present to and evaluate with the respective Assignors of the LSI Assigned Claims, which makes it very difficult for LSI – or the Assignors themselves – to

4

address the Thirteenth Omnibus Objection. Accordingly, LSI respectfully submits that it has had insufficient time to complete its due diligence with respect to the Thirteenth Omnibus Objection and will be unable to do so prior to the hearing date currently established in connection therewith, which is the very reason why the Debtors are required, as a matter of law, to adduce actual "evidence" sufficient to rebut the presumptive validity of the LSI Assigned Claims.[6]

7.  Because the Debtors have not carried their burden of proof and overcome the presumptive validity of the LSI Assigned Claims, the Thirteenth Omnibus Objection should be overruled and each of the LSI Assigned Claims allowed in the full filed amount.

## CONCLUSION

WHEREFORE, LSI respectfully requests that the Court enter an order: (i) overruling the Thirteenth Omnibus Objection as to each of the LSI Assigned Claims; (ii) allowing each such claim in the full filed amount; and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: May 22, 2007

>  Respectfully submitted,
>  LIQUIDITY SOLUTIONS, INC.
>
>  By: _/s/ Dana P. Kane_
>  Dana P. Kane, Esq. (DK-3909)
>  Liquidity Solutions, Inc.
>  One University Plaza, Suite 312
>  Hackensack, New Jersey  07601
>  Phone: (201) 968-0001
>  Fax: (201) 968-0010

---

[6] To that end, to the extent that the amount of an LSI Assigned Claim has been challenged by the Debtors, LSI contacted each Assignor and requested additional supporting documentation. Although LSI is still in the process of gathering such additional information, what is in LSI's files to date is attached hereto as Exhibit A. LSI will continue this process as to the other LSI Assigned Claims set forth herein and will present any additional information it receives between now and the hearing on the Thirteenth Omnibus Objection to the Debtors and/or to this Court as soon as is practicable.