Hearing Date: May 31, 2007 at 10:00 a.m. (Eastern Time)
Objection Deadline: May 24, 2007 at 4:00 p.m. (Eastern Time)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone:   (212) 506-1700
Facsimile:    (212) 506-1800

*Counsel for Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               )
In re:                                                         )     Chapter 11
                                                               )
DELPHI CORPORATION, et al.,                                    )     Case No. 05-44481 (RDD)
                                                               )
                          Debtors.                             )     (Jointly Administered)
                                                               )
---------------------------------------------------------------x

**OMNIBUS RESPONSE OF CONTRARIAN FUNDS, LLC TO
DEBTORS' TWELFTH AND THIRTEENTH OMNIBUS CLAIMS OBJECTIONS**

Contrarian Funds, LLC ("Contrarian"), by and through its undersigned counsel, hereby files this omnibus response (the "Response") to the *Debtors' Twelfth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims and (B) Equity Claims* (the "Twelfth Omnibus Objection") and the *Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims*

*Subject to Modification and Reclamation Agreement* (the "Thirteenth Omnibus Objection").  In support of this Response, Contrarian respectfully states as follows:

### PRELIMINARY STATEMENT

1. On April 27, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Twelfth Omnibus Objection and the Thirteenth Omnibus Objection (collectively, the "Omnibus Objections").

2. In the Twelfth Omnibus Objection, the Debtors ask the Court to disallow, as duplicative, certain claims held by Contrarian.  Contrarian does not oppose disallowance of proof of claim number 808 ("PoC 808") and proof of claim number 11447 ("PoC 11447"), which have been identified as duplicative in the Twelfth Omnibus Objection, *provided however*, that the Debtors recognize Contrarian as the legal and beneficial holder of, and allow in full, the claims asserted in proof of claim number 16544 ("PoC 16544"), and proof of claim number 16542 ("PoC 16542").  If the Debtors do not recognize Contrarian as the legal and beneficial holder of PoC 16544 and PoC 16542 and allow such claims in full, Contrarian does not consent to the disallowance of PoC 808 and PoC 11447.

3. In the Thirteenth Omnibus Objection, the Debtors ask the Court to modify certain of Contrarian's proofs of claim, reserving the right to seek subsequent disallowance of those claims.  (Thirteenth Omnibus Objection ¶ 43.)  With respect to proofs of claim numbers 2352, 9791, 9792, 9796, 10382, 12690, and 15222[1] (collectively, the "Undisputed Modified Claims"), Contrarian consents to the proposed modification, *provided however*, that these claims are allowed, in full, as proposed by the Debtors.  With respect to proofs of claim numbers 349,

---

[1] As set forth below, Contrarian further requests that the Court find Contrarian to be the beneficial holder of proof of claim number 15222 ("PoC 15222").

2

1546[2], 2364, 9789, 9793, 10581, 12669, 12689, 12691, 12692, 15627, 16446, and 16570[3] (collectively, the "<u>Disputed Modified Claims</u>"), the Debtors set forth no evidence to contradict the validity and amount of these proofs of claim and, thus, Contrarian opposes any modifications and requests that the Court allow these claims, in full, as they are asserted. With respect to the Undisputed Modified Claims and the Disputed Modified Claims, Contrarian requests an Order allowing and directing payment of these claims in full, rather than modifying them subject to further disallowance.

4. With respect to proof of claim number 10381 ("<u>PoC 10381</u>"), which the Debtors seek to reduce in the Thirteenth Omnibus Objection, Contrarian opposes any reduction because the Debtors in the Ninth Omnibus Objection (defined below) request that the Court disallow, as untimely, proof of claim number 16374 ("<u>PoC 16374</u>"), which claim amends PoC 10381. Contrarian opposes disallowance of PoC 16374, for the reasons set forth in its Ninth Omnibus Objection Response (defined below). While determination of PoC 16374 remains *sub judice*, the Court should not disallow PoC 10381.

## ARGUMENT

5. Contrarian hereby timely submits this Response to the Omnibus Objections and requests that the Court overrule the Omnibus Objections.

    **A.    CONTRARIAN LEGALLY AND BENEFICIALLY HOLDS POC 1546, POC 15222, POC 16542, POC 16544, AND POC 16570.**

6. In the Twelfth Omnibus Objection, the Debtors allege that PoC 808 asserted against Delphi Corporation ("<u>Delphi Corp.</u>") is duplicative of PoC 16544 asserted against Delphi

---

[2]    As set forth below, Contrarian further requests that the Court find Contrarian to be the beneficial holder of proof of claim number 1546 ("<u>PoC 1546</u>").

[3]    As set forth below, Contrarian further requests that the Court find Contrarian to be the beneficial holder of proof of claim number 16570 ("<u>PoC 16570</u>").

3

Automotive Systems LLC ("DAS") and ask the Court to expunge PoC 808 with PoC 16544 as the surviving claim.

7. In support of their objection, the Debtors wrongly assert that Supplier Link Services, Inc. holds PoC 16544 when, in fact, Contrarian is the assignee of this claim. The claims register in these cases reflects this. *See* Exhibit "A". Thus, the Court should find that Contrarian legally and beneficially holds PoC 16544, which claim should be allowed in full.

8. Provided that the Court allows PoC 16544 in full as a claim held by Contrarian, Contrarian does not object to PoC 808 being expunged.[4]

9. In the Twelfth Omnibus Objection, the Debtors allege that PoC 11447 asserted against Delphi Corp. is duplicative of PoC 16542 asserted against DAS and ask the Court to expunge PoC 11447 with PoC 16542 as the surviving claim. In support of their objection, the Debtors wrongly assert that Central Carolina Products, Inc. holds PoC 16542 when, in fact, Contrarian is the assignee of this claim. The claims register in these cases reflects this. *See* Exhibit "B". Thus, the Court should find that Contrarian legally and beneficially holds PoC 16542, which claim should be allowed in full.

10. Provided that the Court allows PoC 16542 in full as a claim held by Contrarian, Contrarian does not object to PoC 11447 being expunged.[5]

11. In the Thirteenth Omnibus Objection, the Debtors seek to modify PoC 15222, but list it as held by Novelis Corp. when, in fact, Contrarian is the assignee of PoC 15222. The

---

[4] If the Court does not allow PoC 16544 in full as a claim held by Contrarian, Contrarian objects to the expungement of PoC 808.

[5] If the Court does not allow PoC 16542 in full as a claim held by Contrarian, Contrarian objects to the expungement of PoC 11447.

4

claims register in these cases reflects this. *See* Exhibit "C". Thus, the Court should find that Contrarian legally and beneficially holds PoC 15222, which claim should be allowed in full.[6]

12. In the Thirteenth Omnibus Objection, the Debtors seek to modify PoC 1546 and PoC 16570. The Debtors erroneously list BGF Industries Inc. as holder of PoC 1546 and GCI Technologies Inc. as holder of PoC 16570. Contrarian holds both claims as reflected on the claims register in these cases. *See* Exhibits "D" and "E". Accordingly, Contrarian requests that PoC 1546 and PoC 16570 both be allowed in the full amounts asserted and recognized as held by Contrarian.[7]

      **B.    THE THIRTEENTH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO POC 10381 BECAUSE ALLOWANCE OF POC 16374 REMAINS UNRESOLVED.**

13. In the Thirteenth Omnibus Objection, the Debtors ask the Court to modify PoC 10381 from an unsecured claim in the amount of $166,195.72 to an unsecured claim in the amount of $165,122.92 and a priority claim in the amount of $1,072.80.

14. In the *Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification* (the "Ninth Omnibus Objection"), the Debtors request that the Court disallow PoC 16374 as untimely filed. PoC 16374, asserted in the amount of $170,899.32, amends PoC 10381.

---

[6] See discussion *infra* of relief requested for all Undisputed Modified Claims, which includes PoC 15222.

[7] See discussion *infra* of relief requested for all Disputed Modified Claims, which includes PoC 1546 and PoC 16570.

5

15. In Contrarian's response to the Ninth Omnibus Objection [Docket No. 7276] (the "<u>Ninth Omnibus Objection Response</u>"), Contrarian showed that PoC 16374 was timely filed and requested it be allowed in full. On March 30, 2007, the Court entered an Order with respect to the Ninth Omnibus Objection [Docket No. 7507] (the "<u>Ninth Omnibus Objection Order</u>"). The Ninth Omnibus Objection Order adjourned consideration of PoC 16374. *See* Ninth Omnibus Objection Order, Exhibit G, pg. 1.

16. Adjudication of the Debtors' objection to PoC 16374, and Contrarian's request for allowance in the Ninth Omnibus Objection Response, should moot the relief requested in the Thirteenth Omnibus Objection with respect to PoC 10381 and/or require this Court to grant internally inconsistent relief. As such, this Court should postpone any adjudication of PoC 10381 pending a determination of the relief already requested by the Debtors and Contrarian relating to PoC 16374.

### C.  THE THIRTEENTH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO ALL PROPOSED CLAIMS "MODIFICATIONS".

#### 1.  THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS".

17. In the Thirteenth Omnibus Objection, the Debtors ask the Court to modify the claims listed on Exhibits E-1, E-2, and E-3. The Debtors do not ask the Court to allow these claims in the modified amounts, but rather to reduce the claims and to reserve the Debtors' ability later to seek disallowance. This request must be denied because there is no statutory or other authority justifying such relief. Indeed, the Debtors have cited none in the Thirteenth Omnibus Objection.

18. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting

6

party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim," *quoting In re Reilly*, 245 B.R. 768, 773 (2nd Cir. BAP 2000)).

19. The Debtors have *not* refuted the allegations essential to the proposed modified claims. They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of these claims. Moreover, there is no basis within the Federal Rules of Bankruptcy Procedure or the Bankruptcy Code for this procedure. The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Contrarian, and this Court.

### 2. THE UNDISPUTED MODIFIED CLAIMS.

20. With respect to the Undisputed Modified Claims, Contrarian consents to the proposed modifications set forth in Exhibits E-1 and E-3 to the Thirteenth Omnibus Objection, *provided however,* that the Court allow such claims in their full amounts. If the Court does not allow the Undisputed Modified Claims in the amounts set forth in Exhibits E-1 and E-3, Contrarian opposes any modification to those claims.

### 3. THE DISPUTED MODIFIED CLAIMS.

21. With respect to the following proofs of claim numbers -- the Disputed Modified Claims -- Contrarian opposes *any* modification to the claim amount, classification, or Debtor entity and requests that the Court allow Contrarian's claims in full as asserted (both as to amount and classification) and against the Debtor entity asserted:

| Proof of Claim Number | Asserted Debtor Entity | Asserted Claim Amount |
| --- | --- | --- |
| 349 | Delphi Corp. | $147,550.00 (unsecured) |
| 1546[8], | DAS | $199,278.47 (unsecured) |
| 2364 | Delphi Corp. | $278.75 (unsecured) |
| 9789 | DAS | $142,160.85 (unsecured) |
| 9793 | DAS | $26,238.62 (priority) $542,045.07 (unsecured) |
| 10581 | Delphi Mechatronic Systems, Inc. | $112,039.75 (secured) |
| 12669 | DAS | $85,411.74 (priority) $1,001,772.49 (unsecured) |
| 12689 | DAS | $42,727.58 (priority) $133,387.08 (unsecured) |
| 12691 | DAS | $98,196.60 (priority) $1,441,406.12 (unsecured) |
| 12692 | DAS | $43,124.50 (priority) $3,355,802.74 (unsecured) |
| 15627 | DAS | $147,402.28 (unsecured) |
| 16446 | DAS | $144,962.44 (unsecured) |
| 16570[9] | DAS | $5,981.92 (priority) $331,172.17 (unsecured) |

22. The Debtors have shown no basis, whatsoever, for reduction or reclassification of the Disputed Modified Claims; nor is Contrarian aware of any such basis. Unless and until the Debtors provide evidence of the basis for their objections (at which time Contrarian would have the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity. Thus, the Disputed Modified Claims should be allowed in full.

23. Contrarian reserves the right to amend or supplement this Response.

---

[8] As set forth above, Contrarian further requests that the Court find Contrarian to be the beneficial holder of PoC 1546.

[9] As set forth above, Contrarian further requests that the Court find Contrarian to be the beneficial holder of PoC 16570.

8

WHEREFORE for the foregoing reasons, Contrarian respectfully requests that the Court enter an Order (i) overruling the Omnibus Objections to the extent set forth herein; (ii) finding that Contrarian legally and beneficially holds the claims asserted in proofs of claim numbers 1546, 15222, 16542, 16544, and 16570 and allowing such claims in full in the amounts asserted therein; (iii) continuing adjudication of the Thirteenth Omnibus Objection relating to PoC 10381; (iv) allowing the Undisputed Modified Claims (consisting of proofs of claim numbers 2352, 9791, 9792, 9796, 10382, and 12690) as proposed in Exhibits E-1 and E-3 to the Thirteenth Omnibus Objection; (v) allowing the Disputed Modified Claims in the amounts asserted in the relevant proofs of claim; and (vi) granting Contrarian such other and further relief as is just proper.

Dated: May 23, 2007
New York, New York

    KASOWITZ, BENSON, TORRES
     & FRIEDMAN LLP

    By: /s/ Jeffrey R. Gleit
    David S. Rosner (DR-4214)
    Adam L. Shiff (AS-7571)
    Jeffrey R. Gleit (JG-8710)
    Daniel A. Fliman (DF-2236)
    1633 Broadway
    New York, NY 10019
    Telephone: (212) 506-1700
    Facsimile: (212) 506-1800

*Counsel for Contrarian Funds, LLC*

**EXHIBIT A**
**FOLLOWS**



> Adversary Proceedings
> Case Management Orders
> Court Documents
> Creditors' Committee
> Equity Security Holders' Committee
> First Day Motions
> First Day Orders
> Monthly Operating Reports
> Notice Lists
> Omnibus Hearing Dates
> Omnibus Hearing Orders
> Presentations: First Day, Organizational, 341
> Press Releases
> Schedules/ Statements
> Voluntary Petitions

Home    Bankruptcy Industry Links    Proof Of Claim Form    Claim/Creditor Search    Submit an Inquiry

**Delphi Corporation Search Results**
**Claim #: 16544**

| Date Claim Filed | Claim No. | Schedule | Nature | Name | Amount | C | U | D | Debtor |
|---|---|---|---|---|---|---|---|---|---|
| 2/16/2007 | 16544 | | General Unsecured | Contrarian Funds LLC | $51,817.86 | | | | Delphi Automotive Systems LLC |

http://www.delphidocket.com/SearchResults.asp?SH=1                                             5/16/2007

**EXHIBIT B**
**FOLLOWS**



| Date Claim Filed | Claim No. | Schedule | Nature | Name | Amount | C | U | D | Debtor |
|---|---|---|---|---|---|---|---|---|---|
| 2/13/2007 | 16542 | | General Unsecured | Contrarian Funds LLC | $50,118.34 | | | | Delphi Automotive Systems LLC |

**EXHIBIT C**
**FOLLOWS**



> Adversary Proceedings

Home

Bankruptcy Industry Links

Proof Of Claim Form

Claim/Creditor Search

Submit an Inquiry

> Case Management Orders

> Court Documents

> Creditors' Committee

> Equity Security Holders' Committee

> First Day Motions

> First Day Orders

> Monthly Operating Reports

> Notice Lists

> Omnibus Hearing Dates

> Omnibus Hearing Orders

> Presentations: First Day, Organizational, 341

> Press Releases

> Schedules/ Statements

> Voluntary Petitions

| Delphi Corporation Search Results Claim #: 15222 ||||||||||
|---|---|---|---|---|---|---|---|---|---|
| Date Claim Filed | Claim No. | Schedule | Nature | Name | Amount | C | U | D | Debtor |
| 7/31/2006 | 15222 | | Priority | Contrarian Funds LLC | $33,090.25 | | | | Delphi Corporation |
| 7/31/2006 | 15222 | | General Unsecured | Contrarian Funds LLC | $359,261.54 | | | | Delphi Corporation |

http://www.delphidocket.com/SearchResults.asp?SH=1

5/16/2007

**EXHIBIT D**
**FOLLOWS**



| | Home | Bankruptcy Industry Links | Proof Of Claim Form | Claim/Creditor Search | Submit an Inquiry |
|---|---|---|---|---|---|
| > Adversary Proceedings | | | | | |
| > Case Management Orders | | | | | |

**Delphi Corporation Search Results**
**Claim #: 1546**

| Date Claim Filed | Claim No. | Schedule | Nature | Name | Amount | C | U | D | Debtor |
|---|---|---|---|---|---|---|---|---|---|
| 1/17/2006 | 1546 | | General Unsecured | Contrarian Funds LLC | $199,278.47 | | | | Delphi Corporation |

> Court Documents
> Creditors' Committee
> Equity Security Holders' Committee
> First Day Motions
> First Day Orders
> Monthly Operating Reports
> Notice Lists
> Omnibus Hearing Dates
> Omnibus Hearing Orders
> Presentations: First Day, Organizational, 341
> Press Releases
> Schedules/ Statements
> Voluntary Petitions

http://www.delphidocket.com/SearchResults.asp?SH=1                5/16/2007

**EXHIBIT E**
**FOLLOWS**



- > Adversary Proceedings
- > Case Management Orders
- > Court Documents
- > Creditors' Committee
- > Equity Security Holders' Committee
- > First Day Motions
- > First Day Orders
- > Monthly Operating Reports
- > Notice Lists
- > Omnibus Hearing Dates
- > Omnibus Hearing Orders
- > Presentations: First Day, Organizational, 341
- > Press Releases
- > Schedules/ Statements
- > Voluntary Petitions

Home | Bankruptcy Industry Links | Proof Of Claim Form | Claim/Creditor Search | Submit an Inquiry

| Delphi Corporation Search Results Claim #: 16570 ||||||||||
|---|---|---|---|---|---|---|---|---|
| Date Claim Filed | Claim No. | Schedule | Nature | Name | Amount | C | U | D | Debtor |
| 3/12/2007 | 16570 | | Priority | Contrarian Funds LLC | $5,981.92 | | | | Delphi Automotive Systems LLC |
| 3/12/2007 | 16570 | | General Unsecured | Contrarian Funds LLC | $331,172.17 | | | | Delphi Automotive Systems LLC |

http://www.delphidocket.com/SearchResults.asp?SH=1               5/16/2007