# DELPHI

---

July 28, 2006

Sam O Simmerman, Esq
Millwood Inc.
Krugliak Wilkins Griffiths & Dougherty Co LPA
4775 Munson St NW PO Box 36963
Canton, OH 44735-6963

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Sam O Simmerman, Esq:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. On February 21, 2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Millwood Inc. (the "Demand"). We have identified your Demand as Reclamation Claim No. 359. This letter, together with the enclosures, constitute the Debtors' Amended Statement of Reclamation with respect to Claim No. 359 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with their books and records, and after sending the Statement of Reclamation to you on February 21, 2006, have discussed a modification to the reconciliation with you. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

# EXHIBIT A

Millwood Inc.
July 28, 2006
Page 2

Reconciled Amount $1,827.00

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $1,827.00 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]     The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Millwood Inc.
July 28, 2006
Page 3

Reconciled Amount $1,827.00

(vi)     You, or any of your subsidiaries or affiliates, have been paid on
account of your reclamation claim pursuant to an unrelated order
~~of the Bankruptcy Court and/or you have otherwise waived your~~
~~right to any reclamation claim in connection therewith.~~

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time.  Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim.  If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this
Amended Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below.  Your response, including the
timing of your response, is governed by the terms of the Order.  If you disagree with this
Amended Statement of Reclamation, you must sign this Statement where indicated and
return it to the persons identified immediately below and you must also provide the
information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation
Deadline.  You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

- with copies to –

Joseph N. Wharton
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this
Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy
of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand.  In addition,
nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

3

Millwood Inc.
July 28, 2006
Page 4

                                            Reconciled Amount $1,827.00

demand for reclamation.  Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

         If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

                              Very truly yours,

                              /s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

                                   4

Millwood Inc.
July 28, 2006
Page 5

Reconciled Amount $1,827.00

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Millwood Inc. agrees to the terms of this Amended Statement of Reclamation.

Millwood Inc.

By: _____    Dated: August 8, 2006 _____
        (signature)

Thomas R. Paskert
        (print or type name)

Exec. VP/ CFO
        (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Millwood Inc. disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Millwood Inc.

By: _____    Dated: _____
        (signature)

_____
        (print or type name)

_____
        (print or type title)

5

# DELPHI

August 4, 2006

Sam O Simmerman, Esq
Millwood, Inc.
Krugliak Wilkins Griffiths & Dougherty Co LPA
4775 Munson St NW PO Box 36963
Canton, OH 44735-6963

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Sam O Simmerman, Esq:

On November 4, 2005, the United States Bankruptcy Court for the
Southern District of New York, entered an amended final order establishing certain
procedures for the resolution of reclamation claims (the "Amended Final Order") and on
January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send
statements of reclamation to all reclamation claimants (the "Extension Order" and
together with the Amended Final Order, collectively the "Order") in the chapter 11
reorganization proceedings of Delphi Corporation and certain of its subsidiaries and
affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in
response to each Reclamation Demand that the Debtors have received. On February 21,
2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation
Demand(s) submitted by Millwood, Inc. (the "Demand"). We have identified your
Demand as Reclamation Claim No. 678. This letter, together with the enclosures,
constitute the Debtors' Amended Statement of Reclamation with respect to Claim No.
678 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with
their books and records, and after sending the Statement of Reclamation to you on
February 21, 2006, have discussed a modification to the reconciliation with you. Based
upon this review and reconciliation, the Debtors have summarized, in the enclosed
reclamation analysis, certain invoice, shipment, and related detail concerning the Demand.
In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the
extent and basis upon which the Debtors believe that the Demand may or may not be
legally valid (subject to assertion of certain defenses as indicated below, which if asserted,
could result in the reduction or disallowance of the reclamation claim) (the "Reconciled
Reclamation Claim") by indicating whether the Demand was received within the periods
allowed by law; whether goods subject to the Demand have been paid for; and whether
there are other deductions or disputes asserted by the Debtors.

Millwood, Inc.
August 4, 2006
Page 2

Reconciled Amount $1,819.75

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $1,819.75 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)    The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)   The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)  You are not a proper party to make the Demand.

(iv)   The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)    You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Millwood, Inc.
August 4, 2006
Page 3

Reconciled Amount $1,819.75

(vi)    You, or any of your subsidiaries or affiliates, have been paid on
account of your reclamation claim pursuant to an unrelated order
of the Bankruptcy Court and/or you have otherwise waived your
right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this
Amended Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below. Your response, including the
timing of your response, is governed by the terms of the Order. If you disagree with this
Amended Statement of Reclamation, you must sign this Statement where indicated and
return it to the persons identified immediately below and you must also provide the
information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation
Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

- with copies to –

Joseph N. Wharton
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this
Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy
of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,
nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

3

Millwood, Inc.
August 4, 2006
Page 4

Reconciled Amount $1,819.75

demand for reclamation.  Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Millwood, Inc.
August 4, 2006
Page 5

Reconciled Amount $1,819.75

## AGREEMENT

~~In accordance with paragraph 2, section (b)(iii) of the Order, Millwood,~~
~~Inc. agrees to the terms of this Amended Statement of Reclamation.~~

Millwood, Inc.

By: _[signature]_                    Dated: August 8, 2006
        (signature)

Thomas R. Paskert
        (print or type name)

Exec. VP/CFO
        (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Millwood,
Inc. disputes the terms of this Amended Statement of Reclamation and encloses the
information required by paragraph 2, section (b)(iv) of the Order.

Millwood, Inc.

By: _____          Dated: _____
        (signature)

_____
        (print or type name)

_____
        (print or type title)

5

# DELPHI

---

August 4, 2006

Sam O Simmerman, Esq
Millwood, Inc.
Krugliak Wilkins Griffiths & Dougherty Co LPA
4775 Munson St NW PO Box 36963
Canton, OH 44735-6963

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Sam O Simmerman, Esq:

On November 4, 2005, the United States Bankruptcy Court for the
Southern District of New York, entered an amended final order establishing certain
procedures for the resolution of reclamation claims (the "Amended Final Order") and on
January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send
statements of reclamation to all reclamation claimants (the "Extension Order" and
together with the Amended Final Order, collectively the "Order") in the chapter 11
reorganization proceedings of Delphi Corporation and certain of its subsidiaries and
affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in
response to each Reclamation Demand that the Debtors have received. On February 21,
2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation
Demand(s) submitted by Millwood, Inc. (the "Demand"). We have identified your
Demand as Reclamation Claim No. 679. This letter, together with the enclosures,
constitute the Debtors' Amended Statement of Reclamation with respect to Claim No.
679 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with
their books and records, and after sending the Statement of Reclamation to you on
February 21, 2006, have discussed a modification to the reconciliation with you. Based
upon this review and reconciliation, the Debtors have summarized, in the enclosed
reclamation analysis, certain invoice, shipment, and related detail concerning the Demand.
In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the
extent and basis upon which the Debtors believe that the Demand may or may not be
legally valid (subject to assertion of certain defenses as indicated below, which if asserted,
could result in the reduction or disallowance of the reclamation claim) (the "Reconciled
Reclamation Claim") by indicating whether the Demand was received within the periods
allowed by law; whether goods subject to the Demand have been paid for; and whether
there are other deductions or disputes asserted by the Debtors.

World Headquarters and Customer Center  5725 Delphi Drive Troy, Michigan  48098-2815  USA

Millwood, Inc.
August 4, 2006
Page 2

Reconciled Amount $ 300.00

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $ 300.00 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Millwood, Inc.
August 4, 2006
Page 3

Reconciled Amount $ 300.00

(vi)    You, or any of your subsidiaries or affiliates, have been paid on
account of your reclamation claim pursuant to an unrelated order
~~of the Bankruptcy Court and/or you have otherwise waived your~~
~~right to any reclamation claim in connection therewith.~~

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this
Amended Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below. Your response, including the
timing of your response, is governed by the terms of the Order. If you disagree with this
Amended Statement of Reclamation, you must sign this Statement where indicated and
return it to the persons identified immediately below and you must also provide the
information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation
Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

- with copies to –

Joseph N. Wharton
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this
Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy
of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,
nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

3

Millwood, Inc.
August 4, 2006
Page 4

Reconciled Amount $ 300.00

demand for reclamation. Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Millwood, Inc.
August 4, 2006
Page 5

Reconciled Amount $ 300.00

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Millwood, Inc. agrees to the terms of this Amended Statement of Reclamation.

Millwood, Inc.

By: _____    Dated: _August 8, 2006_____
(signature)

_Thomas R. Paskert_
(print or type name)

_Exec. VP/CFO_
(print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Millwood, Inc. disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Millwood, Inc.

By: _____    Dated: _____
(signature)

_____
(print or type name)

_____
(print or type title)

5

# DELPHI

---

February 21, 2006

Sam O Simmerman, Esq
Millwood, Inc.
Krugliak Wilkins Griffiths & Dougherty Co LPA
4775 Munson St NW
PO Box 36963
Canton, OH 44735-6963

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Sam O Simmerman, Esq:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Millwood, Inc. (the "Demand"). We have identified your Demand as Reclamation Claim No 680.

The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Millwood, Inc.
February 21, 2006
Page 2

Reconciled Amount $0.00

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $0.00 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[3]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[3]     The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Millwood, Inc.
February 21, 2006
Page 3

Reconciled Amount $0.00

      (vi)     You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

        The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

        The offer stated herein will remain open through April 24, 2006 (the "Reconciliation Deadline"). If you agree with the Reconciled Amount and the other terms of this Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline. If you disagree with the Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

                Christina Cattell
                Re: Delphi Reclamations
                Mail Code # 483-400-216
                5725 Delphi Drive
                Troy, MI 48098
                Fax: 248-813-6813

                      - with copies to –

                Matthew J. Micheli
                Re: Delphi Reclamations
                Skadden, Arps, Slate, Meagher & Flom LLP
                333 West Wacker Drive, Suite 2100
                Chicago, IL 60606
                Fax: 312-407-0411

        In accordance with paragraph 2, section (b)(vi) of the Order, your failure to return a signed copy of this Statement by the Reconciliation Deadline or your failure to indicate assent or dissent on a copy of this Statement returned by the Reconciliation Deadline will be deemed an acceptance of the proposal set forth in this Statement.

        Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

3

Millwood, Inc.
February 21, 2006
Page 4

Reconciled Amount $0.00

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other
demand for reclamation. Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Millwood, Inc.
February 21, 2006
Page 5

Reconciled Amount $0.00

AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Millwood, Inc. agrees to the terms of this Statement.

Millwood, Inc.

By: _____    Dated: August 8, 2006
         (signature)

Thomas R. Paskert
         (print or type name)

Exec. VP/CFO
         (print or type title)

DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Millwood, Inc. disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Millwood, Inc.

By: _____    Dated: _____
         (signature)

_____
         (print or type name)

_____
         (print or type title)

5

# DELPHI

---

February 21, 2006

Sam O Simmerman, Esq
Millwood, Inc.
Krugliak Wilkins Griffiths & Dougherty Co LPA
4775 Munson St NW
PO Box 36963
Canton, OH 44735-6963

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Sam O Simmerman, Esq:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Millwood, Inc. (the "Demand"). We have identified your Demand as Reclamation Claim No 681.

The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Millwood, Inc.
February 21, 2006
Page 2

Reconciled Amount $0.00

   Based on the foregoing, the Debtors have identified in the attached
analysis a potential reclamation claim amount that the Debtors propose as valid, subject
to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the
valid amount of the Reconciled Reclamation Claim is no greater than $0.00 but subject to
reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If
ultimately allowed following the resolution of the defenses set forth below, the allowed
amount of your reclamation claim will be deemed an administrative expense claim in
these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be
reduced by any payments or credits you receive from the Debtors on account of the goods
that are the subject of the Demand.[1]

   This proposal, including all material enclosed herewith, is being sent to
you in the context of settlement discussions and therefore is not admissible in any court
proceeding regarding the Demand. In addition, in accordance with paragraph 2, section
(b)(ii) of the Order, the Debtors reserve their right to seek, at any time and
notwithstanding your agreement to the Reconciled Amount, a judicial determination that
the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and
your acknowledgment of the Reconciled Amount constitutes your agreement that the
Reconciled Amount may be reduced or disallowed in accordance with any judicial
determination concerning these Reserved Defenses:

   (i)  The Debtors do not concede that they were insolvent on the date
      they received the goods or, even assuming the Debtors were
      insolvent, you knew of the Debtors' financial condition before the
      Debtors received the goods.

   (ii)  The goods and/or the proceeds from the sale of the goods are or
      were subject to a valid security interest.

   (iii)  You are not a proper party to make the Demand.

   (iv)  The Debtors have already paid for or returned some or all of the
      goods, or intend to satisfy all or a portion of the Demand in cash or
      by returning goods.

   (v)  You, or any of your subsidiaries or affiliates, have waived your
      right to any reclamation claim or waived your right to assert the
      Demand.

---

[1]  The Debtors reserve all their rights and remedies, in law and in equity, to collect
or pursue all prepetition credits outstanding, including, without limitation, to
setoff such amounts against the allowed amount, if any, of your reclamation claim.

Millwood, Inc.
February 21, 2006
Page 3

Reconciled Amount $0.00

    (vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order ~~of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.~~

        The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

        The offer stated herein will remain open through April 24, 2006 (the "Reconciliation Deadline"). If you agree with the Reconciled Amount and the other terms of this Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline. If you disagree with the Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

        Christina Cattell
        Re: Delphi Reclamations
        Mail Code # 483-400-216
        5725 Delphi Drive
        Troy, MI 48098
        Fax: 248-813-6813

        - with copies to –

        Matthew J. Micheli
        Re: Delphi Reclamations
        Skadden, Arps, Slate, Meagher & Flom LLP
        333 West Wacker Drive, Suite 2100
        Chicago, IL 60606
        Fax: 312-407-0411

        In accordance with paragraph 2, section (b)(vi) of the Order, your failure to return a signed copy of this Statement by the Reconciliation Deadline or your failure to indicate assent or dissent on a copy of this Statement returned by the Reconciliation Deadline will be deemed an acceptance of the proposal set forth in this Statement.

        Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

Millwood, Inc.
February 21, 2006
Page 4

Reconciled Amount $0.00

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other
demand for reclamation. Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Millwood, Inc.
February 21, 2006
Page 5

Reconciled Amount $0.00

## AGREEMENT

~~In accordance with paragraph 2, section (b)(iii) of the Order, Millwood,~~
~~Inc. agrees to the terms of this Statement.~~

Millwood, Inc.

By: _____    Dated: August 8, 2006
           (signature)

Thomas R. Paskert
          (print or type name)

Exec. VP/CFO
          (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Millwood,
Inc. disputes the terms of this Statement and encloses the information required by
paragraph 2, section (b)(iv) of the Order.

Millwood, Inc.

By: _____    Dated: _____
           (signature)

_____
          (print or type name)

_____
          (print or type title)

5

# DELPHI

February 21, 2006

Sam O Simmerman, Esq
Millwood, Inc.
Krugliak Wilkins Griffiths & Dougherty Co LPA
4775 Munson St NW
PO Box 36963
Canton, OH 44735-6963

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Sam O Simmerman, Esq:

On November 4, 2005, the United States Bankruptcy Court for the
Southern District of New York, entered an amended final order establishing certain
procedures for the resolution of reclamation claims (the "Amended Final Order") and on
January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send
statements of reclamation to all reclamation claimants (the "Extension Order" and
together with the Amended Final Order, collectively the "Order") in the chapter 11
reorganization proceedings of Delphi Corporation and certain of its subsidiaries and
affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order
and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in
response to each Reclamation Demand that the Debtors have received. This letter,
together with the enclosures, constitute the Debtors' Statement of Reclamation with
respect to the Reclamation Demand(s) submitted by Millwood, Inc. (the "Demand"). We
have identified your Demand as Reclamation Claim No 683.

The Debtors have reviewed the Demand and reconciled the Demand with
their books and records. Based upon this review and reconciliation, the Debtors have
summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related
detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the
Order, the analysis sets forth the extent and basis upon which the Debtors believe that the
Demand may or may not be legally valid (subject to assertion of certain defenses as
indicated below, which if asserted, could result in the reduction or disallowance of the
reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the
Demand was received within the periods allowed by law; whether goods subject to the
Demand have been paid for; and whether there are other deductions or disputes asserted
by the Debtors.

Millwood, Inc.
February 21, 2006
Page 2

Reconciled Amount $0.00

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $0.00 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Millwood, Inc.
February 21, 2006
Page 3

Reconciled Amount $0.00

     (vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

       The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

       The offer stated herein will remain open through April 24, 2006 (the "Reconciliation Deadline"). If you agree with the Reconciled Amount and the other terms of this Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline. If you disagree with the Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

> Christina Cattell
> Re: Delphi Reclamations
> Mail Code # 483-400-216
> 5725 Delphi Drive
> Troy, MI 48098
> Fax: 248-813-6813

>     – with copies to –

> Matthew J. Micheli
> Re: Delphi Reclamations
> Skadden, Arps, Slate, Meagher & Flom LLP
> 333 West Wacker Drive, Suite 2100
> Chicago, IL 60606
> Fax: 312-407-0411

       In accordance with paragraph 2, section (b)(vi) of the Order, your failure to return a signed copy of this Statement by the Reconciliation Deadline or your failure to indicate assent or dissent on a copy of this Statement returned by the Reconciliation Deadline will be deemed an acceptance of the proposal set forth in this Statement.

       Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

Millwood, Inc.
February 21, 2006
Page 4

Reconciled Amount $0.00

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other
demand for reclamation. Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Millwood, Inc.
February 21, 2006
Page 5

Reconciled Amount $0.00

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Millwood, Inc. agrees to the terms of this Statement.

Millwood, Inc.

By: _____    Dated: ___August 8, 2006___
     (signature)

Thomas R. Paskert
   (print or type name)

Exec. VP/CFO
   (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Millwood, Inc. disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Millwood, Inc.

By: _____    Dated: _____
    (signature)

_____
   (print or type name)

_____
   (print or type title)

# DELPHI

August 4, 2006

Sam O Simmerman, Esq
Millwood, Inc.
Krugliak Wilkins Griffiths & Dougherty Co LPA
4775 Munson St NW PO Box 36963
Canton, OH 44735-6963

      Re:  Delphi Corporation, Case No. 05-44481 (RDD)

Dear Sam O Simmerman, Esq:

    On November 4, 2005, the United States Bankruptcy Court for the
Southern District of New York, entered an amended final order establishing certain
procedures for the resolution of reclamation claims (the "Amended Final Order") and on
January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send
statements of reclamation to all reclamation claimants (the "Extension Order" and
together with the Amended Final Order, collectively the "Order") in the chapter 11
reorganization proceedings of Delphi Corporation and certain of its subsidiaries and
affiliates (collectively, "Delphi" or the "Debtors").

    The Order requires the Debtors to tender a "Statement of Reclamation" in
response to each Reclamation Demand that the Debtors have received. On February 21,
2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation
Demand(s) submitted by Millwood, Inc. (the "Demand"). We have identified your
Demand as Reclamation Claim No. 684. This letter, together with the enclosures,
constitute the Debtors' Amended Statement of Reclamation with respect to Claim No.
684 and supersedes the Statement of Reclamation sent on February 21, 2006.

    The Debtors have reviewed the Demand, reconciled the Demand with
their books and records, and after sending the Statement of Reclamation to you on
February 21, 2006, have discussed a modification to the reconciliation with you. Based
upon this review and reconciliation, the Debtors have summarized, in the enclosed
reclamation analysis, certain invoice, shipment, and related detail concerning the Demand.
In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the
extent and basis upon which the Debtors believe that the Demand may or may not be
legally valid (subject to assertion of certain defenses as indicated below, which if asserted,
could result in the reduction or disallowance of the reclamation claim) (the "Reconciled
Reclamation Claim") by indicating whether the Demand was received within the periods
allowed by law; whether goods subject to the Demand have been paid for; and whether
there are other deductions or disputes asserted by the Debtors.

Millwood, Inc.
August 4, 2006
Page 2

Reconciled Amount $2,000.00

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $2,000.00 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]     The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Millwood, Inc.
August 4, 2006
Page 3

Reconciled Amount $2,000.00

    (vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this Amended Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below. Your response, including the timing of your response, is governed by the terms of the Order. If you disagree with this Amended Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

- with copies to –

Joseph N. Wharton
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition, nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

3

Millwood, Inc.
August 4, 2006
Page 4

Reconciled Amount $2,000.00

demand for reclamation.  Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Millwood, Inc.
August 4, 2006
Page 5

Reconciled Amount $2,000.00

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Millwood, Inc. agrees to the terms of this Amended Statement of Reclamation.

Millwood, Inc.

By: _____    Dated: August 8, 2006
          (signature)

Thomas R. Paskert
     (print or type name)

Exec. VP/CFO
     (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Millwood, Inc. disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Millwood, Inc.

By: _____    Dated: _____
          (signature)

_____
     (print or type name)

_____
     (print or type title)

5

# DELPHI

February 21, 2006

Sam O Simmerman, Esq
Millwood, Inc.
Krugliak Wilkins Griffiths & Dougherty Co LPA
4775 Munson Street NW
PO Box 36963
Canton, OH 44735-6963

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Sam O Simmerman, Esq:

On November 4, 2005, the United States Bankruptcy Court for the
Southern District of New York, entered an amended final order establishing certain
procedures for the resolution of reclamation claims (the "Amended Final Order") and on
January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send
statements of reclamation to all reclamation claimants (the "Extension Order" and
together with the Amended Final Order, collectively the "Order") in the chapter 11
reorganization proceedings of Delphi Corporation and certain of its subsidiaries and
affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order
and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in
response to each Reclamation Demand that the Debtors have received. This letter,
together with the enclosures, constitute the Debtors' Statement of Reclamation with
respect to the Reclamation Demand(s) submitted by Milwood, Inc. (the "Demand"). We
have identified your Demand as Reclamation Claim No 760.

The Debtors have reviewed the Demand and reconciled the Demand with
their books and records. Based upon this review and reconciliation, the Debtors have
summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related
detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the
Order, the analysis sets forth the extent and basis upon which the Debtors believe that the
Demand may or may not be legally valid (subject to assertion of certain defenses as
indicated below, which if asserted, could result in the reduction or disallowance of the
reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the
Demand was received within the periods allowed by law; whether goods subject to the
Demand have been paid for; and whether there are other deductions or disputes asserted
by the Debtors.

World Headquarters and Customer Center  5725 Delphi Drive Troy, Michigan  48098-2815  USA

Millwood, Inc.
February 21, 2006
Page 2

Reconciled Amount $0.00

Based on the foregoing, the Debtors have identified in the attached
analysis a potential reclamation claim amount that the Debtors propose as valid, subject
to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the
valid amount of the Reconciled Reclamation Claim is no greater than $0.00 but subject to
reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If
ultimately allowed following the resolution of the defenses set forth below, the allowed
amount of your reclamation claim will be deemed an administrative expense claim in
these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be
reduced by any payments or credits you receive from the Debtors on account of the goods
that are the subject of the Demand.[4]

This proposal, including all material enclosed herewith, is being sent to
you in the context of settlement discussions and therefore is not admissible in any court
proceeding regarding the Demand. In addition, in accordance with paragraph 2, section
(b)(ii) of the Order, the Debtors reserve their right to seek, at any time and
notwithstanding your agreement to the Reconciled Amount, a judicial determination that
the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and
your acknowledgment of the Reconciled Amount constitutes your agreement that the
Reconciled Amount may be reduced or disallowed in accordance with any judicial
determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date
they received the goods or, even assuming the Debtors were
insolvent, you knew of the Debtors' financial condition before the
Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or
were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the
goods, or intend to satisfy all or a portion of the Demand in cash or
by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your
right to any reclamation claim or waived your right to assert the
Demand.

---

[4]     The Debtors reserve all their rights and remedies, in law and in equity, to collect
or pursue all prepetition credits outstanding, including, without limitation, to
setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Millwood, Inc.
February 21, 2006
Page 3

Reconciled Amount $0.00

(vi)    You, or any of your subsidiaries or affiliates, have been paid on
account of your reclamation claim pursuant to an unrelated order
~~of the Bankruptcy Court and/or you have otherwise waived your~~
~~right to any reclamation claim in connection therewith.~~

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the
"Reconciliation Deadline"). If you agree with the Reconciled Amount and the other
terms of this Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below by the Reconciliation Deadline. If
you disagree with the Statement of Reclamation, you must sign this Statement where
indicated and return it to the persons identified immediately below by the Reconciliation
Deadline and you must also provide the information required by paragraph 2, section
(b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement
of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-6813

- with copies to –

Matthew J. Micheli
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure
to return a signed copy of this Statement by the Reconciliation Deadline or your failure to
indicate assent or dissent on a copy of this Statement returned by the Reconciliation
Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

3

Millwood, Inc.
February 21, 2006
Page 4

                                                        Reconciled Amount $0.00

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other
demand for reclamation. Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

        If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

                                        Very truly yours,

                                        /s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

                                        4

Millwood, Inc.
February 21, 2006
Page 5

Reconciled Amount $0.00

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Milwood, Inc.
agrees to the terms of this Statement.

Millwood, Inc.

By: _____        Dated: ___August 8, 2006___
            (signature)

___Thomas R. Paskert___
        (print or type name)

___Exec. VP/CFO___
        (print or type title)


## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Milwood, Inc.
disputes the terms of this Statement and encloses the information required by paragraph 2,
section (b)(iv) of the Order.

Millwood, Inc.

By: _____        Dated: _____
            (signature)

_____
        (print or type name)

_____
        (print or type title)

5