| | |
|---|---|
| BARACK FERRAZZANO KIRSCHBAUM<br>& NAGELBERG LLP<br>200 West Madison, Suite 3900<br>Chicago, IL 60606<br>Tel. No.     312-984-3100<br>Fax No.     312-984-3150<br>William J. Barrett (IL 6206424)<br>Kimberly J. Robinson (IL 6194420) | Hearing Date and Time: May 31, 2007 at 10:00 a.m.<br>Response Date and Time: May 24, 2007 at 4:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, *et al.*,<br><br>                             Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>Jointly Administered |

RESPONSE OF MOTION INDUSTRIES, INC. TO DEBTORS' THIRTEENTH
OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §502(B) AND
FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED
CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS,
(C) PROTECTIVE INSURANCE CLAIMS, (D) INSURANCE CLAIMS NOT REFLECTED
ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS AND UNTIMELY
TAX CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS
SUBJECT TO MODIFICATION, AND CLAIMS SUBJECT TO MODIFICATION AND
RECLAMATION AGREEMENT (the THIRTEENTH OMNIBUS CLAIMS OBJECTION")

      Motion Industries, Inc. ("Motion"), by and through its undersigned attorneys, for its Response to Debtors' Thirteenth Omnibus Claims Objection (the "Response") respectfully states as follows:

**BACKGROUND**

      1.     On October 8 and 14, 2005 (the "Petition Date(s)"), Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code"). The Debtors

continue to operate their businesses and manage their properties as debtors-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code. The Court has ordered joint administration of these cases.

## THE CLAIM AND THE AMENDED CLAIM

2. On April 12, 2006, this Court entered an order establishing July 31, 2006 (the "Bar Date") as the last date for entities to file proofs of claim against the Debtor(s).

3. On July 21, 2006, Motion filed proof of claim No. 10251 in the amount of $835,355.82 (the "Claim") in the Delphi Automotive Systems LLC ("Delphi Automotive") case. The amounts sought in the Claim were for amounts owed to Motion by Delphi Automotive for maintenance, repair and operation replacement parts (the "MRO Parts") sold by Motion to Delphi Automotive and for which Motion has not received payment. Examples of such MRO Parts include belts, motors, hoses, lubricants, springs, nozzles, valves and chains.

4. On November 9, 2006, Motion amended the Claim by filing proof of claim No. 16416 in the additional amount of $42,198.43 (the "Additional Amount") for a total revised claim of $877,554.25 (the "Amended Claim"). The Additional Amount sought in the Amended Claim was for consigned MRO Part inventory (the "Consigned MRO Inventory") of Motion that Delphi Automotive was holding on the Petition Date. Delphi Automotive had represented to Motion that it planned to purchase the Consigned MRO Inventory from Motion post-petition and thus Motion had not initially included the amount ultimately owed for the Consigned MRO Inventory in the Claim. When it became clear that Delphi Automotive was not going to purchase the Consigned MRO Inventory and that Delphi Automotive apparently

2

no longer had possession of the Consigned MRO Inventory, Motion filed the Amended Claim to include the Additional Amount. Although the Amended Claim reflected that the Additional Amount included therein was secured, Motion now acknowledges that such amount is merely an addition to the unsecured amount of the Claim, as the Consigned MRO Inventory at issue apparently cannot be located by Delphi Automotive. The Additional Amount is similar to the amounts set forth in the Claim, as both amounts merely request that Delphi Automotive pay Motion for MRO Parts for which Motion has not been paid.

5.      On April 27, 2007, the Debtors filed the Thirteenth Omnibus Claims Objection, wherein they objected to the Amended Claim as an untimely claim. As set forth below, the Additional Amount of the Amended Claim was not untimely, as it was merely an amendment to the timely filed Claim. In the alternative, in the unlikely event that the Court determines that the Additional Amount of the Amended Claim is a new claim, such claim is allowable against Delphi Automotive based upon the excusable neglect standards imposed by this Court.

## THE AMENDED CLAIM MERELY AMENDED THE TIMELY FILED CLAIM

6.      The Amended Claim merely increased the timely-filed Claim by approximately 5% to include the Additional Amount for the Consigned MRO Inventory. The Claim and the Amended Claim are obviously similar and the Court should exercise its discretion to allow Motion to amend the timely-filed Claim.

7.      "It is well settled that the decision to permit an amendment of a proof of claim rests within the sound discretion of the bankruptcy judge." *In re Andover Togs, Inc.*, 231 B.R. 521, 549 (Bankr. S.D.N.Y. 1999) (citing *Integrated Resources, Inc. v. Ameritrust Co. National Association (In re Integrated Resources, Inc.)*, 157 B.R. 66, 69 (S.D.N.Y. 1993).

"Amendments to proofs of claim should in the absence of contrary equitable considerations or prejudice to the opposing party be freely permitted." *Id.* at 549. "Such amendments, however, are not automatic but are allowed, 'where the purpose is to cure a defect in the claim as originally filed, to describe the original claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.'" *Id.* (citations omitted).

8. When deciding whether to permit an amendment to a proof of claim, a bankruptcy court is guided by a two-prong test. "The court must first determine whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable. If there was such an assertion, the court then balances the equities, looking to such factors as: (1) undue prejudice to the opposing party; (2) bad faith or dilatory behavior on the part of the claimant; (3) whether other creditors would receive a windfall were the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the time the original claim was filed." *Andover*, 231 B.R. at 549. The crucial inquiry is whether the opposing party would be unduly prejudiced by the amendment. *In re Roberts Farms Inc.*, 980 F.2d 1248, 1251 (9th Cir. 1992).

9. In the case at bar, there was clearly a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable. In the Claim, Motion made a timely assertion of a demand to hold Delphi Automotive liable for amounts owed to Motion for the unpaid MRO Parts. The Additional Amount merely increases the Claim by approximately 5% to include an additional amount sought for the Consigned MRO Inventory which also remains unpaid.

10. In addition to satisfying part one aforementioned two-part test, after balancing

the equities, Motion also clearly satisfies part two of the test. Delphi Automotive will not be unduly prejudiced by the requested amendment of the Claim. The Debtors are still early in the claims resolution process and have not relied on the amount set forth in the Claim versus the amount set forth in the Amended Claim to their detriment. In fact, Delphi Automotive has always been fully aware that it owed Motion the Additional Amount. Similarly, there is no evidence of bad faith or dilatory behavior on the part of Motion. The Amended Claim was filed merely three months after the Bar Date, once Motion realized that Delphi Automotive was not going to pay Motion for the Consigned MRO Inventory that Delphi Automotive failed to return to Motion. In addition, other unsecured creditors would presumably benefit by the failure to allow Motion to file the Amended Claim, unless unsecured creditors receive full payment on their claims. Similarly, other creditors will not be harmed or prejudiced by allowing the requested amendment. Finally, Motion has provided justification for its failure to include the Additional Amount at the time it filed the Claim.

11. Allowing the Additional Amount as an amendment of the Claim is consistent with various decisions that have liberally allowed amendments to Claims, especially when the opposing party will not be unduly prejudiced by the amendment. See *Roberts Farms*, 980 F.2d at 1251 (amendment of claim allowed where debtor was not prejudiced by the amendment); *In re Integrated Resources*, 157 B.R. at 71 (same). *See also In re Tanaka Brothers Farms, Inc.*, 36 F.3d 996, 997-98 (10th Cir. 1994) (IRS allowed to amend estimated claim to assert claim four times higher than estimated amount); *Andover*, 231 B.R. at 549 (amendment allowed to seek additional damages under rejected lease); *In re Macmillan*, 186 B.R. 35, 44 (Bankr. S.D.N.Y. 1995) (creditor allowed to amend claim to assert different right of recovery).

Delphi Automotive clearly will not be prejudiced by allowing Motion to file the Amended Claim and the Court should exercise its discretion to allow the requested amendment.

## IN THE ALTERNATIVE, THE AMENDED CLAIM SHOULD BE ALLOWED BASED UPON EXCUSABLE NEGLECT.

12. As set forth above, Motion believes that the Additional Amount of the Amended Claim relates back to the Claim and is thus timely. In the unlikely event that the Court determines that the Additional Amount of the Amended Claim is in fact a new claim, however, such Additional Amount should be permitted as the failure to file prior to the Bar Date was the result of excusable neglect on the part of Motion.

13. Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure provides that:

> … when an act is required or allowed to be done at or within a specified period by … order of court, the court for cause shown may at any time in its discretion … permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

14. The United States Supreme Court set forth the test for "excusable neglect" in the case of *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 113 S. Ct. 1489 (1993). The Second Circuit Court of Appeals recently addressed the *Pioneer* standards in the case of *In re Enron*, 419 F. 3d 115 (2nd Cir. 2005). In *Enron*, the court noted the flexibility a court enjoys in applying the Pioneer standards:

> The *Pioneer* court made clear that excusable neglect was, in its view, 'not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer,' (citation omitted). Instead, it found that 'Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings cause by inadvertence, mistake or carelessness, … even though inadvertence, ignorance of the rules or mistakes construing the rules do not usually constitute excusable neglect.' … 'The Court concluded that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including (1) the danger of

prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith.'

*Enron*, 419 F.3d at 122. As with the equitable standards applied when deciding whether to allow amendment of claims, of the *Pioneer* factors, the critical consideration is whether the debtor will be unduly prejudiced by the amendment. *In re Spiegel, Inc.*, 337 B.R. 816, 820 (Bankr. S.D. N.Y. 2006).

15. Motion submits after applying the *Pioneer* standards, Motion should be allowed to assert the Additional Amount against Delphi Automotive. The same reasons that support the equitable determination for allowing Motion to amend the Claim set forth above also support a finding of excusable neglect. There is no danger of prejudice to the Debtors by allowing Motion to assert the Additional Amount. Similarly, the three-month delay between the filing of the Claim and the filing of the Amended Claim had virtually no impact on the Debtors' bankruptcy proceedings. In addition, as set forth above, that delay was in fact caused by Delphi Automotive's failure to purchase the Consigned MRO Inventory as it had represented it would, and by its failure to return such inventory to Motion. Finally, Motion acted in good faith in filing the Amended Claim once it realized that additional amounts over and above what were asserted in the Claim were owing from Delphi Automotive. To the extent the Additional Amount constitutes a new claim, such claim is permissible based upon Motion's excusable neglect in not filing same prior to the Bar Date.

## CONCLUSION

16. For the reasons set forth above, Motion respectfully requests that the Court deem the Additional Amount set forth in the Amended Claim as an amendment that relates

back to the timely filed Claim. In the alternative, to the extent the Court deems the Additional Amount a new claim, Motion respectfully requests that it be allowed to file such claim after the Bar Date on the grounds of excusable neglect.  Motion further request such other and further relief as the Court deems equitable.

Respectfully Submitted,

Dated: May 23, 2007

/s/ William J. Barrett
William J. Barrett
Kimberly J. Robinson
Barack Ferrazzano Kirschbaum & Nagelberg LLP
200 West Madison, Suite 3900
Chicago, IL 60606
Telephone: (312) 984-3100
Facsimile: (312) 984-3150
william.barrett@bfkpn.com
kim.robinson@bfkpn.com
Attorneys for Motion Industries, Inc.

420210