Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110
(617) 946-4800
William J. Hanlon, Esq. (WH 8128)

**Hearing Date:**
May 31, 2007 at 10:00 a.m.

*Attorneys for Bradford Industries, Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION

Debtors.

Chapter 11
Case No. 05-44481 (RDD)

## RESPONSE OF BRADFORD INDUSTRIES TO DEBTOR'S
## THIRTEENTH OMNIBUS CLAIMS OF OBJECTION

Bradford Industries, Inc. ("Bradford Industries"), a creditor of Delphi Corporation ("Debtor") and holder of Claim No. 16564 in the amount of $60,814.07 for goods sold, hereby responds to the Debtor's Thirteenth Omnibus Claims Objection and requests that the objection be overruled and the claim allowed in the amount of $60,814.07. In support of its response, Bradford Industries states : (a) that Delphi representatives <u>agree</u> with the amount of the claim, (b) Bradford Industries' deferred proof of claim filing was made upon reliance on the good faith efforts of Delphi's personnel to resolve the amount of the claim; and (c) there is no prejudice to the estate in allowing a claim in the amount that Delphi acknowledges is due. In further support of its response, Bradford Industries states as follows:

1. Bradford Industries' claim was scheduled by Delphi in the amount of $52,978.08.

2. Prior to the bar date, Bradford Industries' CFO, Bill Larrivee, was engaged in claim resolution with Terri Cleveland, Consuelo Leal and Tim White at Delphi. Copies of email and fax negotiations are attached hereto as <u>Exhibit A</u>.

3. Based on Mr. Larrivee's prior experience working with Delphi and in reliance on assurances of the above-referenced Delphi representatives of their intent to work out the amount of the claim, Mr. Larrivee did not file a proof of claim until he had reached an agreement with Delphi as to amount.

4. On March 1, 2007, Bradford Industries filed a proof of claim for $60,814.07. A copy of Bradford Industries' proof of claim is attached hereto as <u>Exhibit B</u>.

5. Delphi <u>agrees</u> with Bradford Industries that the correct amount of Bradford Industries' claim is $60,814.07. Copies of Delphi's internal ledger and Bradford Industries, Inc.'s open invoice analysis are attached to Bradford Industries' proof of claim.

6. Based on the parties' agreement on the amount of the claim, Mr. Larrivee's reliance on the good faith efforts of Delphi's personnel to resolve the amount of the claim, and the lack of prejudice to the estate[1], Bradford Industries requests that Delphi's objection be overruled and Bradford Industries' claim allowed in the amount of $60,814.07.

WHEREFORE, Bradford Industries respectfully requests that this Court:

1. enter an order allowing its claim in the amount of $60,814.07; and,

2. grant such other and further relief as is just and equitable.

---

[1] See, <u>Pioneer</u>, in which the Supreme Court stated that the following factors would be employed in determining whether the late filing of a proof of claim would be allowed due to the existence of execusable neglect: (a) the prejudice to the debtor; (b) the length of the delay and its potential impact on judicial proceedings; (c) the reason for the delay and specifically whether the delay was within the reasonable control of the creditor; and (d) the good faith of the creditor. <u>Pioneer Investment Services, Co., Brunswick Associates L.P.</u>, 507 U.S. 380, 385 (1993).

2

BO1 15848802.1

                        BRADFORD INDUSTRIES, INC.

                        By its attorneys,

                        /s/ William J. Hanlon
                        William J. Hanlon (WH 8128)
                        SEYFARTH SHAW LLP
                        World Trade Center East
                        Two Seaport Lane, Suite 300
                        Boston, MA  02210
                        Telephone:    617-946-4800
                        Telecopier:    617-946-4801
DATED:  May 23, 2007        whanlon@seyfarth.com

3

BO1 15848802.1