UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:  DELPHI CORPORATION, et al<br><br>Debtor | Jointly Administered<br><br>Chapter 11<br><br>Case No.: 05-44481 (RDD) |

### RESPONSE AND RESERVATION OF RIGHTS

Pursuant to the Claim Objection Procedures Order (Doc. I.D. No. 6089), Creditors Lydall Thermal Acoustical Sales, LLC and Lydall Thermal/Acoustical, Inc. (collectively, "Lydall") hereby respond to the Debtors' Thirteenth Omnibus Claims Objection (Doc. I.D. No. 7825). In support of this response, Lydall responds as follows:

1. On or about July 13, 2007, Lydall filed a timely and proper Proof of Claim for $108,415.00 for goods sold to the Debtors from June 29, 2005 through September 28, 2005 (the "Lydall Claim"). (See Claim No. 9463.) The Lydall Claim included, as exhibits, documents supporting the claim. (See id.)

2. In the Thirteenth Omnibus Claims Objection, the Debtor objected to the Lydall Claim without stating a specific basis. Instead, the Debtor simply stated that the Lydall Claim does not match the Debtors' books and records and was subject to being "modified" from $108,415.00 to $13,850.00. (See Thirteenth Omnibus Claims Objection, Exhibit E-1 (page 40 of 72).) According to the Debtors, the basis of the objection could be any one of a number of reasons. (Id. at pp. 17-19.)

3. At no point in the Thirteenth Omnibus Claims Objection (including Exhibit E-1) do the Debtors identify the <u>specific</u> basis for the alleged variance between the Lydall Claim and the Debtors' books and records. For example, the Debtors do not state that amounts were paid or that the goods were not delivered. Instead, the Debtors simply claim that their books and records do not support the Lydall Claim. Accordingly, it is impossible for Lydall to intelligently respond to the Debtors' Objection and to provide the "concise statement" for why the Lydall claim should not be modified, as required by the Claim Objection Procedures Order.

4. The Debtors do not claim that the Lydall Claim was untimely nor improper. In fact, Lydall provided the necessary documentation to support the Lydall Claim. The Lydall Claim is proper under the Bankruptcy Rules and constitutes *prima facie* evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f).

5.      At a minimum, to be fair, the Debtors should be required to provide the <u>specific</u> basis for their claim that the Lydall Claim should be "modified" by over $90,000.00 – which is a reduction of more than 85% of the claim.

6.      In light of the Debtors' failure to provide even a cursory explanation for the dispute, Lydall requests that the Court deny the Debtors' objection to the Lydall Claim and allow the Lydall Claim in full.

7.      In the alternative, due to the paucity of information provided by the Debtors, the Court should require the Debtor to submit a more specific statement of the basis of their objection, and Lydall reserves all of its rights to substantively respond to and/or contest the Thirteenth Omnibus Claims Objection once sufficient information is provided.

8.      Lydall requests that the Debtors must return a reply to this Response to counsel identified below.

                    LYDALL THERMAL
ACOUSTICAL SALES, LLC AND
LYDALL THERMAL/ACOUSTICAL,
INC.

_____
C. Donald Neville
Kroll, McNamara, Evans & Delehanty, LLP
29 South Main Street

Dated: West Hartford, Connecticut    West Hartford, CT 06107
        May 21, 2007                     (860) 561-7070
                                                Pro Hac Vice Motion Pending

## CERTIFICATION OF SERVICE

This is to certify that on the 21st day of May 2007, the undersigned did cause to be served a copy of the foregoing Response and Reservation of Right, via first-class U.S. Mail, postage prepaid to the following:

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
(Att'n: General Counsel)

Counsel to the Debtors,
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Whacker Drive
Suite 2100
Chicago, Illinois 60606
(Att'n: John Wm. Butler, Jr., John K. Lyons and Joseph N. Wharton)

---
C. Donald Neville, Esq.

4