TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession,
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re                                                       :    Chapter 11
                                                            :
    DELPHI CORPORATION, et al.,                             :    Case No. 05-44481 [RDD]
                                                            :
                            Debtors.                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------X

**JOINT SETTLEMENT AGREEMENT, STIPULATION, AND AGREED ORDER BETWEEN DELPHI AUTOMOTIVE SYSTEMS, LLC, CALSONIC KANSEI NORTH AMERICA TO DISALLOW AND EXPUNGE CLAIM NUMBER 11162**

**WHEREAS,** on October 8, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code; and

**WHEREAS,** the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

**WHEREAS,** the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404); and

**WHEREAS**, on October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors; and

**WHEREAS**, no trustee or examiner has been appointed in the Debtors' cases; and

**WHEREAS**, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and

**WHEREAS,** on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order"); and

**WHEREAS**, on January 5, 2006, the Bankruptcy Court entered an order authorizing the Debtors to, among other things, refinance their postpetition financing and prepetition secured debt (the "Refinancing Order" and, together with the Final DIP Order, the "DIP Orders"); and

**WHEREAS**, paragraph 18 of the Final DIP Order and paragraph 16 of the Refinancing Order establish, among other things, procedures for creditors to assert setoff and/or recoupment rights; and

**WHEREAS,** consistent with the DIP Orders, by letter dated November 17, 2005 (the "Demand"), Calsonic Kansei North America, Inc. (the "Claimant") sought

authority to exercise a setoff of prepetition claims and debts between Delphi Automotive Systems, LLC ("DAS") and Claimant pursuant to the Final DIP Order;  and

**WHEREAS**, in the Demand, Claimant alleges that it owes DAS the amount of $4,597,347.00 for prepetition services and/or goods provided by DAS to the Claimant (the "Payable");  and

**WHEREAS**, in the Demand, Claimant alleges that Delphi owes Claimant the amount of $4,045,816.00 for prepetition services and/or goods provided by Claimant to DAS (the "Receivable");  and

**WHEREAS,** on or about June 30, 2006, Claimant filed proof of claim #11162 in the amount of $3,867,106.33 (the "Claim");  and

**WHEREAS,** Claimant and DAS reconciled the amounts owed one another and entered into that certain Settlement Agreement Between Delphi Automotive Systems, LLC and Calsonic Kansei North America, Inc. to Permit Setoff of Mutual Prepetition Obligations Under Section 553 of the Bankruptcy Code dated March 29, 2007 (the "Setoff Agreement").  The Setoff Agreement authorizes, among other things, Claimant to setoff the amount Claimant owes DAS against the amount DAS owes Claimant;  and

**WHEREAS**, on or about April 27, 2007, the Debtors objected to the Claims pursuant to the Debtors' Thirteenth Omnibus Objection;  and

**WHEREAS**, the Debtors are authorized to enter into this agreement (the "Settlement Agreement") either because the Claims involve ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006;  and

**WHEREAS**, the Debtors and the Claimant (the "Parties") have agreed to settle and resolve the Claims upon the terms set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. This Settlement Agreement constitutes an agreement between the Parties and shall be effective immediately upon its execution by the Parties (the "Effective Date").

2. Upon the Effective Date, the Claim shall be deemed disallowed and expunged.

3. Except for the Settlement memorialized by this Settlement Agreement, the Parties retain all of their other rights, claims, and defenses including without limitation regarding the Parties' respective rights regarding the remainder of the Deposit.

4. This Settlement Agreement may not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by all of the Parties.

5. The agreements, terms, and provisions contained in this Settlement Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective legal representatives, predecessors, successors, and assigns, including any trustee appointed in these chapter 11 cases and any chapter 7 trustee if any of these chapter 11 cases is converted to a chapter 7 case.

6. It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual; that the agreement herein contained and the consideration transferred hereunder is to resolve the Debtors' objections to the Claim and to avoid litigation; and that no statement made herein, payment, release, or

other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

       7.     This Settlement Agreement constitutes the entire agreement between the Parties regarding the resolution of the Claim and supersedes all other prior agreements and understandings, both written and oral, between the Parties regarding the Claim.

       8.     The signatories below represent that they are authorized to enter into this Settlement Agreement.

       9.     This Settlement Agreement is being entered into among competent parties who are experienced in business and represented by counsel, and has been reviewed by the Debtors, Claimant and their respective counsel.  Therefore, any ambiguous language in this Settlement Agreement will not be construed against any particular party as the drafter of such language.

      10.    This Settlement Agreement may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**[CONCLUDED ON FOLLOWING PAGE]**

11. The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Settlement Agreement and to resolve any disputes in connection herewith.

Dated: New York, New York
May 23, 2007

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated: Nashville, Tennessee
May 22, 2007

CALSONIC KANSEI
NORTH AMERICA, INC.
By its Attorneys,
BOULT, CUMMINGS, CONNERS
& BERRY, PLC
By:

/s/ Roger G. Jones
ROGER G. JONES
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
(615) 252-2323

**SO ORDERED**

This ___ day of _____, 2007
in New York, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE