Warner Norcross & Judd LLP                    Hearing date:  May 31, 2007 at 10:00 a.m.
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

and

Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ  07102-3889
(973) 424-2010

Walter J. Greenhalgh (WJG-9614)
Joseph H. Lemkin (JL-2490)

Attorneys for Robert Bosch LLC


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
          In re                               :     Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :     Case No. 05-44481 (RDD)
                                              :
                                              :     (Jointly Administered)
                          Debtors.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**RESPONSE OF ROBERT BOSCH LLC (f/k/a Robert Bosch Corporation)
TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CLAIMS**

_____

          Robert Bosch LLC f/k/a Robert Bosch Corporation ("Bosch US") hereby

responds to Debtors' Thirteenth Omnibus Objection to Claims dated April 27, 2007 (the

"Thirteenth Objection") filed by debtors Delphi Corporation, *et al* (collectively, "Debtors").

This response relates to Proof of Claim number 16467 filed by Bosch US against Delphi Automotive Systems LLC and various other Delphi-related entities.

## BACKGROUND

**A.     SUMMARY OF OBJECTION AND ARGUMENT**

Debtors' Thirteenth Objection seeks entry of an order denying the unsecured, pre-petition claim (Claim No. 16467) of Bosch US for Debtors' patent infringement related to airbag technology on the grounds that the claim is untimely and that Debtors' books and records fail to disclose that any liability is owed by Debtors.

Debtors' Thirteenth Objection is without merit.  First, the proof of claim at issue here is an amended proof of claim by Bosch US, not the original proof of claim filed by Bosch US.  It is undisputed that Bosch US's original proof of claim was timely filed.  The amendment to the proof of claim was filed after the bar date, but Bosch US's original proof of claim reserved the right to amend the claim.  Furthermore, the amended proof of claim by Bosch US was very similar to a timely claim filed by a related company to Bosch US (Robert Bosch GmbH).  Like the Robert Bosch GmbH timely-filed claim, the Bosch US claim is for patent infringement related to airbag technology.  Bosch US's amendment to its original claim was simply intended to clarify that Bosch US, rather than Bosch GmbH, may be the proper party in interest to assert patent infringement for three of the patents.

Second, even if Bosch US's amendment to the proof of claim were untimely – which it is not – then Bosch US's amended claim should still be allowed because the "excusable neglect" requirements as established by the U.S. Supreme Court are clearly satisfied here.  Most importantly, there is absolutely no prejudice to the Debtors by allowing Bosch US's amended claim – Bosch US's original proof of claim was already timely filed, and Robert Bosch GmbH

had timely asserted the same type of patent infringement claims. It is simply a matter of correcting the proper party in interest.

Third, aside from the timeliness issue, the Debtors' substantive objections to the Bosch US amended proof of claim are also without merit. Bosch US has provided more than adequate documentation and proof that it has a valid patent infringement claim, and Debtors have not provided any proof or evidence to overcome the prima facie validity of Bosch US's amended claim.

Bosch US therefore seeks entry of an order denying the Thirteenth Objection on the grounds that Bosch US holds a timely, valid, and enforceable claim against the Debtors for patent infringement as evidenced by its amended proof of claim (Claim No. 16467).

## B.    FACTUAL BACKGROUND

This response is based on the following:

1.    Debtors filed their voluntary bankruptcy petitions on October 8, 2005 and October 14, 2005. Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to Chapter 11 of the Bankruptcy Code.

2.    This Court set July 31, 2006 as the date for general creditors to file proofs of claims against Debtors (the "Bar Date").

3.    Bosch US and its ultimate parent, Robert Bosch GmbH ("Bosch GmbH") filed proofs of claim against the Debtors prior to the Bar Date as set forth in detail below. Debtors have objected to such claims for various reasons and in various omnibus objections, including the Thirteenth Objection.

4.    A description of the proofs of claim and the Debtors' objection to such claims is necessary to evaluate the legal sufficiency of Debtors' present objection to Claim No. 16467.  That background information is provided below.

i.    **Bosch US Filed a Timely Proof of Claim, and Debtors' Objection Relates to an Amendment to that Timely-Filed Proof of Claim.**

5.    Bosch US manufactures precision automotive components and systems sold to vehicle and powertrain manufacturers.  Bosch US is headquartered in the United States, and its ultimate parent company is Bosch GmbH, which is based in Germany.  Bosch GmbH, including Bosch US and all other direct and indirect affiliates and subsidiaries of Bosch GmbH, will be collectively referred to as "Bosch."

6.    Bosch US is a supplier (as well as a customer) of one or more of the Debtors, including debtor Delphi Automotive Systems LLC.  As of the Bar Date, Debtors were indebted to Bosch US for parts that Bosch US supplied to one or more of the Debtors.

7.    Bosch US timely filed a proof of claim (Claim No. 13620, the "Bosch US Original Claim") on or about July 28, 2006, before the court-ordered Bar Date .

8.    The amount provided in the Bosch US Original Claim was substantially less than what Debtors owed Bosch US as of the date that Debtors filed their Chapter 11 bankruptcy petition because, after the bankruptcy was filed, Bosch US and Debtors agreed pursuant to court authorization to setoff certain mutual obligations.  That setoff resulted in reducing the amount Debtors owed to Bosch US to $1,333,984.29.  *See* Declaration of Luke Baer, Senior Vice President and General Counsel of Bosch US,  ¶ 4, attached as **Exhibit A**.

9.    The Bosch US Original Claim was for the $1,333,984.29 that was owed as of the Bar Date.  Bosch US filed the Bosch US Original Claim as a secured claim due to Bosch US's setoff and recoupment rights.  Bosch US also expressly reserved the right to amend the

Bosch US Original Claim to assert additional amounts owing in the future due to warranty charges and other debts or charges. *See* Claim No. 13620.

10.    Thus, Bosch US timely filed its original proof of claim before the court-ordered Bar Date providing Delphi sufficient notice and proof that it had a valid claim. As will be explained later on in this response, the original proof of claim was amended to assert patent infringement related to airbag technology. That amended proof of claim is the claim to which Debtors objected in their Thirteenth Objection.

ii.    **The Bosch GmbH Claim was Timely Filed and Provided Debtors with Notice of the Airbag Technology Patent Infringement Claims.**

11.    In evaluating whether Bosch US's Original Claim was properly amended, it is important to consider the proof of claim that was filed by Bosch US's parent company, Bosch GmbH. That is because Bosch GmbH timely filed a proof of claim arising out of patent infringement pertaining to airbag technology, and the amendment to Bosch US's Original Claim also related to that patent infringement.

12.    Bosch GmbH held pre-petition claims for patent infringement arising out of Debtors' supply of parts to its customers that contained certain Electronic Control Units and/or detection devices (collectively, "ECUs"). The ECUs infringed at least seven patents that were owned by Bosch related to airbag technology.

13.    Bosch GmbH timely filed a proof of claim for pre-petition patent infringement (Claim No. 13623) pertaining to the airbag technology before the Bar Date. Bosch GmbH estimated its damages at $15 million. Bosch GmbH then amended that claim on August 16, 2006 to include additional supporting information and documentation that was inadvertently omitted from the initial filing (Claim No. 16220, together with Claim No. 13623, the "Bosch

GmbH Claim"). *See* Declaration of Paul-Bernhard Schoenborn, Director of Corporate Licensing for Bosch GmbH, ¶ 5, attached as **Exhibit B**.

14.     Bosch GmbH, rather than Bosch US, filed the proof of claim related to the Debtors' patent infringement because it was the initial understanding of Bosch that, based on the company's general practice, patents of the core technology in the airbag field were held by Bosch GmbH and not Bosch US.  As will be explained later on, this proved not to be entirely accurate, but the Bosch GmbH Claim adequately and timely notified Debtors of the same damages that the Bosch US amended claim seeks – damages resulting from the Debtors' sale of ECUs that infringed on Bosch's patents pertaining to airbag technology.  The Debtors were therefore on formal notice of the liability related to the infringement of Bosch's patents before the Bar Date.

**iii.    The Debtors' Initial Objections to the Bosch Claims Alerted Bosch that the Bosch US Patents Were Owned by Bosch US Rather than Bosch GmbH.**

15.     It was the Debtors' Third Omnibus Objection dated October 31, 2006 that alerted Bosch to the fact that Bosch US, rather than Bosch GmbH, may hold some (but not all) of the patents and therefore Bosch US may be the proper party to assert patent infringement for some of the claims.

16.     The Debtors' Third Omnibus Objection sought to reclassify the Bosch US Original Claim as an unsecured claim.  Bosch US responded to the Third Omnibus Objection on November, 22 2006 [Docket # 5770].  In its response, Bosch US did not object to the reclassification of the Bosch US Original Claim as an unsecured claim.  However, Bosch US filed its response as a precaution in order to ensure that the objection did not prejudice Bosch US's rights to later amend the Bosch US Claim to assert additional amounts owed to Bosch, which amounts may have related to warranty and/or other product-related matters, including

6

intellectual property infringement.   Specifically, paragraph 7 of Bosch US's response to the

Third Omnibus Objection stated,

> Bosch does not object to the reclassification of Bosch's Claim as
> an unsecured claim.   However, Bosch files this response as a
> precaution in order to ensure that Debtors' Objection does not
> prejudice Bosch's rights, including, without limitation, Bosch's
> right to later amend Bosch's Claim to assert additional amounts
> owed to Bosch.   These additional amounts may relate to warranty
> and/or other product-related matters, **including intellectual
> property infringement**.

[Docket number 5770 at page 2.  (emphasis added)]

17.     Bosch US specifically raised the issue of amending its proof of claim to

assert intellectual property infringement because, after review of the US patent office filings

performed in connection with Delphi's Third Omnibus Objection, it became apparent that Bosch

US may be the proper holder of three patents (Patents US-5,482,314, including the divisional

patent US-6,272,411, and EP-757,635, the "Bosch US Patents") upon which the Debtors were

infringing.  *See* Declaration of Luke Baer, ¶ 9.  The reason why Bosch US was alerted to this

issue was that, in Debtors' Third Omnibus Objection to Claims, Debtors had also sought to

disallow and expunge the Bosch GmbH Claim for patent infringement.  This caused Bosch US

and Bosch GmbH to scrutinize the patent infringement issues.

18.     Prior to responding to Debtors' Third Omnibus Objection, it was the

understanding within Bosch US (as well as Bosch GmbH) that these patents were held by Bosch

GmbH rather than Bosch US.   That assumption was based on a general practice that core

technology in the airbag systems field is held by Bosch GmbH.  *See* Declaration of Luke Baer, ¶

11.  *See also* Declaration of Paul-Bernhard Schoenborn ¶ 5.

19.    Once it became clear that Bosch GmbH did not hold some of the patents but rather Bosch US did, Bosch US then took steps to clarify the proper owner of the patents. Bosch US did so by amending its original proof of claim.

**iv.    Bosch US Amends its Original Claim to Properly Identify Itself as the Owner of the Bosch US Patents.**

20.    Bosch US amended its proof of claim on December 27, 2006 to include a claim for patent infringement of the Bosch US Patents related to airbag technology in the event it is determined that Bosch US, and not Bosch GmbH, is the party entitled to damages for Debtors' infringement of the Bosch US Patents.  Such amendment (Claim No. 16467, the "Bosch US Amended Claim") was done in lieu of filing a new proof of claim because Bosch US already had the Bosch US Original Claim on file.  *See* Declaration of Luke Baer, ¶ 12.  The Bosch US Amended Claim is the claim at issue here because Debtors have objected to this amended claim in their Thirteenth Objection.[1]

21.    The Bosch US Amended Claim asserted infringement claims for the Bosch US Patents against Delphi Automotive Systems LLC.  In the Bosch US Amended Claim, Bosch US estimated the amount of damages it incurred at $15 million (which is the same amount of damages asserted by Bosch GmbH in its claim).  In filing the Bosch US Amended Claim, however, Bosch US was not seeking a double recovery by having two claims on file for the same patents (one for Bosch US and one for Bosch GmbH).  Rather, Bosch simply seeks one recovery

---

[1] The Bosch GmbH Claim asserts infringement for more patents than are listed in the Bosch US Amended Claim. The Bosch US Amended Claim also adds patent US-6,272,41.  That patent is a divisional patent (meaning the patent is related and stems from the same initial patent application) of patent US-5,482,314, the patent upon which the main claim for infringement rests upon and which was included in the Bosch GmbH Claim.  Both the Bosch GmbH Claim and the Bosch US Amended Claim set forth the basis for the claim as the Debtors' sale of ECUs that improperly infringed Bosch patents pertaining to airbag technology.

8

estimated at $15 million in total[2] and has filed claims on behalf of both Bosch GmbH and Bosch US as a precautionary measure in the event Debtors dispute which Bosch entity holds the applicable patents. *See Declaration of Luke Baer, ¶ 15.*

22.    Bosch US believed that the patent infringement by the Debtors was done by debtor Delphi Automotive Systems LLC, but given the number of Delphi entities it was possible that other Debtors were also infringing on the patents. Rather than immediately filing its amended claim against numerous other Delphi-related entities (in addition to Delphi Automotive Systems LLC) that may have infringed Bosch US's patents, Bosch US made the Debtors aware of Bosch US's desire to enter into a stipulation that would preserve Bosch's rights against those other Delphi entities in the event it turned out that the other Delphi-related entities may have infringed on the patents. These other Delphi entities will be referred to as the "Delphi Related Entities".[3]

23.    Bosch US's desire to retain its rights against the other Delphi Related Entities was not to seek a duplicative recovery, but rather as a protective measure because it was unclear which Debtor entity was doing the infringing. Bosch US requested that Debtors agree to a stipulation to avoid the necessity of Bosch US filing duplicative claims against all of the Delphi Related Entities. *See Declaration of Luke Baer, ¶ 14.*

---

[2] At this point, Bosch does not know the amount of damages and can only give a rough estimate. The ultimate damages figure will be based on the amount of the sales of the patent-infringing ECUs. Bosch does not know how many ECUs have been sold and will need to utilize discovery to obtain those figures.

[3] The Delphi Related Entities consist of Delphi Corporation; Delphi NY Holding Corporation; ASEC Manufacturing General Partnership; ASEC Sales General Partnership; Specialty Electronics International Ltd.; Specialty Electronics, Inc.; Delphi Liquidation Holding Company; Delphi Electronics (Holding) LLC; Delphi Technologies, Inc.; Delphi Automotive Systems Tennessee, Inc.; Delphi Mechatronic Systems, Inc.; Delphi China LLC; Delphi Automotive Systems Korea, Inc.; Delphi Automotive Systems Thailand, Inc.; Delphi Automotive Systems International, Inc.; Delphi International Holdings Corp.; Delphi Automotive Systems Overseas Corporation; Delphi Automotive Systems (Holding) Inc.; Delco Electronics Overseas Corporation; Delphi LLC; Aspire, Inc.; Delphi Connection Systems; Packard Hughes Interconnect Company; Delphi Automotive Systems Services LLC; Delphi Services Holding Corporation; Delphi Automotive Systems Global (Holdings), Inc.; and Delphi Furukawa Wiring Systems LLC.

24.      Debtors and Bosch US have since resolved the Third Omnibus Objection and the issue regarding the need to file duplicative claims in a stipulation and agreed order [Docket # 7691].  Pursuant to the stipulation and order, the Bosch US Amended Claim was reclassified as an unsecured claim and it was deemed not only an amendment to the Bosch US Original Claim against Delphi Automotive Systems LLC but also an original claim filed on December 27, 2007 against the Delphi Related Entities.  The stipulation and order also provided that the Debtors reserved the right to object to the Bosch US Amended Claim.

**v.      The Debtors Filed the Present Objection to the Bosch US Amended Claim**

25.      On April 24, 2007, Debtors filed their Thirteenth Objection where Debtors seek entry of an order denying the Bosch US Amended Claim on the grounds that the Debtors' books and records fail to disclose that any liability is owed by Debtors and that the claim is untimely.  Debtors' Thirteenth Objection should be denied for multiple reasons.

26.      First, the Bosch US Amended Claim is <u>not</u> untimely because that claim amended an earlier, timely-filed claim that expressly reserved the right to amend at a later date and the amendment was made simply to identify the proper holder of the patent infringement claims.  Under the standards used by the Second Circuit to analyze amendments to claims, the Bosch US Amended Claim relates back to the Bosch US Original Claim.  In the alternative, even if this Court were to find that the Bosch US Amended Claim does not relate back to the Bosch US Original Claim, the Bosch US Amended Claim should nevertheless be allowed because the "excusable neglect" standards set forth by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380 (1993) have been clearly satisfied.  Among other reasons, there is no prejudice whatsoever to the Debtors because of the purported late amendment since Bosch GmbH already had filed – on a timely basis – patent infringement

claims for airbag technology.  That is what Bosch US is now asserting, and the Bosch US Amended Claim is simply an attempt to clarify who the proper party in interest is.

27.    Second, the Debtors' other basis for attempting to expunge the Bosch US Amended Claim – that Debtors' books and records fail to disclose that any liability is owed by the Debtors – also fails because Bosch US has provided sufficient documentation and proof that it has a valid patent infringement claim and Debtors have not provided any evidence to overcome the prima facie validity of Bosch US's Amended Claim.

## ARGUMENT

**I.    BOSCH US'S AMENDED CLAIM SHOULD NOT BE CONSIDERED UNTIMELY BECAUSE THE CLAIM AMENDED AN EARLIER, TIMELY-FILED CLAIM AND WAS THEREFORE TIMELY.  IN THE ALTERNATIVE, THE AMENDED CLAIM SHOULD BE ALLOWED BECAUSE THE EXCUSABLE NEGLECT STANDARDS ARE SATISFIED SINCE THERE IS NO PREJUDICE WHATSOEVER TO THE DEBTORS.**

28.    Debtors object to the Bosch US Amended Claim in the Thirteenth Objection asserting the claim is untimely, even though a claim for patent infringement based on airbag technology and the sale of the ECUs was already on file prior to the Bar Date by Bosch GmbH.

29.    The Debtors' objection based on the purported untimeliness of the amendment fails for two reasons.  First, the amendment relates back to the filing of the Bosch US Original Claim under the tests used by the Second Circuit.  Second, even if this Court determines that the amendment does not relate back to the original filing, then this Court should allow the amendment under the standards set forth by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380 (1993).  Excusable neglect will be established and there is zero prejudice to the Debtors.

A.    **The Bosch US Amended Claim Relates Back to the Timely Filed Original Proof of Claim**

30.    The Debtors seek to disallow and expunge the Bosch US Amended Claim as untimely because it was filed after the Bar Date.[4]  In this instance, the Bosch US Amended Claim was filed on December 27, 2006.  The Debtors ignore the fact that (a) the Bosch US Amended Claim amended the Bosch US Original Claim that was timely filed before the court-ordered Bar Date; and (b) Bosch GmbH timely filed a proof of claim for the same damages related to the patent infringement of the airbag technology.  The Bosch US Amended Claim was promptly filed after Bosch US was alerted to the issue that it may be the proper owner of the patents.

31.    According to the Second Circuit, "the bankruptcy rules permit courts to accept late-filed amendments to timely filed proofs of claim."  *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 133 (2d Cir. 2005).

32.    Courts in the Second Circuit use a two-step analysis for determining the permissibility of post-bar date amendments to timely-filed claims.  First, courts examine "whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." *Midland Cogeneration Venture Ltd. P'ship*, 419 F.3d at 133 (quoting *In re Black & Geddes, Inc.*, 58 B.R. 547, 553 (S.D.N.Y. 1993)).  Second, if an amendment does relate back to the timely filed claim, courts will "'examine each fact within the case and determine whether it would be equitable to allow the amendment.'" *Midland Cogeneration Venture Ltd. P'ship*, 419 F.3d at 133 (quoting *In re Integrated Res., Inc.*, 157 B.R. 66, 70)

---

[4] Pursuant to the Stipulation and Agreed Order Resolving Debtors' Third Omnibus Objection to Claims as to Robert Bosch LLC (Docket # 7691), the Bosch US Amended Claim is deemed to be a purported amendment to the Bosch US Original Claim against Delphi Automotive Systems LLC and an original claim against the Other Debtor Entities (as defined in the stipulation).  Because it appears from all accounts that the patent infringement claim should be asserted against Delphi Automotive Systems LLC, this response treats the Bosch US Amended Claim as an amendment to an original timely-filed claim.

(S.D.N.Y. 1993). Multiple factors play a role in the second step, including, "whether the debtor, or other creditors, would be unduly prejudiced by the amendment, or whether instead, other creditors would 'receive a windfall' from the disallowance of the amendment, and whether the late claimant acted in good faith and if the delay was justified." *Midland Cogeneration*, 419 F.3d at 133. "The critical consideration is whether the opposing party will be unduly prejudiced by the amendment." *In re Integrated Res., Inc.*, 157 B.R. at 70.

33.    Here, the Bosch US Amended Claim plainly satisfies the two-step analysis used by the Second Circuit. The first question – "whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable" – is clearly satisfied as the Bosch GmbH Claim evidenced an intention to hold the estate liable for the sale of the ECUs that infringed Bosch's airbag technology patents. The Bosch US Amended Claim seeks damages from the sale of the very same patent-infringing ECUs. Nothing has changed between the claims filed by Bosch US and Bosch GmbH as far as the amount of estimated damages ($15 million) or the basis for the claim (Debtors' sale of ECUs that infringed on airbag technology patents held by Bosch). Indeed, some of the same patents are set forth in both claims and the damages amount is identical. This is simply an amendment to identify the proper holder of the patent infringement claims. The Bosch US Original Claim even expressly notified the Debtors that Bosch US may amend the claim at a later date to include other amounts owed to Bosch US.

34.    The Bosch US Amended Claim also satisfies the second question – "whether it would be equitable to allow the amendment." Debtors will suffer <u>no</u> prejudice, let alone undue prejudice, from the amendment to the Bosch US Original Claim. Debtors were well aware of Bosch's claim for patent infringement before the Bar Date (due to the Bosch GmbH Claim), including the basis, propriety, and amount of the claim. As of the Bar Date, Debtors had

notice of the potential liability for patent infringement under the original claim filed by Bosch

GmbH. Debtors have not been prejudiced.

35.    Further, the allowance of the amendment would not delay any evidentiary

hearing; discovery has yet to be completed, no dispositive motions have been made, and a

reorganization plan has not been filed by the Debtors.

36.    Bosch also acted in good faith. Once it realized who the holder of the

patents was, it promptly notified the Debtors and then amended the Bosch US Original Claim.

37.    The case of *In re Rosetta Porter*, 122 B.R. 933 (Bankr. E.D. Penn. 1991),

*rev'd on other grounds*, 129 B.R. 397 (E.D. Penn. 1991)[5] is applicable here. In that case, the

debtor had attacked Consumer's proof of claim alleging that it should have been filed by

National, a related company. *Id*. at 942. The court acknowledged the technical accuracy of the

debtor's observation that the proof of claim was erroneously filed on behalf of Consumer instead

of National. *Id*. at 936. But, the court held that it was appropriate to allow Consumer and

National to amend the claim to accurately identify the claimant. *Id*. The court stated that

"although the bar date passed over three months ago, it appears equitable, in the instant factual

setting, to allow an amendment to Consumer's timely proof of claim to properly designate the

claimant . . . ." *Id*. at 942. *See In re Foxcross Associates, L.P.*, Nos. 90-4216-S, 90-4224-S, 90-

40369-11, 1991 WL 31999 (D. Kan. Feb. 27, 1991) (bankruptcy court allowed creditor to amend

a proof of claim to name itself as the creditor instead of the creditor who had filed the original

proof of claim).

38.    Just like the court in *Rosetta Porter*, so this Court should allow the

amendment of the name of the entity holding the claim. In this instance, it is undisputed that

---

[5] The district court reversed the bankruptcy court's decision that the subject transaction fell outside the scope of the Truth and Lending Act, specifically Regulation Z. *Porter*, 129 B.R. at 401.

Bosch GmbH filed a timely proof of claim for infringement of airbag technology.  In filing the

Bosch US Amended Claim, Bosch US simply intended to clarify that it, rather than Bosch

GmbH, was the owner of certain patents.  The Debtors cannot possibly claim any prejudice by

the amendment.  This Court should confirm that the Bosch US Amended Claim relates back to

the date of the Bosch US Original Claim, and therefore the Bosch US Amended Claim should be

deemed timely.

> **B.**    **Even if this Court Were to Determine that the Amendment to the Bosch US Original Claim Does Not Relate Back to the Original Filing, then this Court Should Allow the Amendment as a Late Filing Because the Excusable Neglect Standards Have Been Satisfied.**

39.    In the alternative, if this Court were to determine that the Bosch US

Amended Claim does not relate back to the Bosch US Original Claim, then the Bosch US

Amended Claim should nevertheless be allowed because of "excusable neglect."

40.    The Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) governs the

admission of proofs of claim filed after a court-ordered bar date.  Fed. R. Bankr.P. 9006(b)(1).

Rule 9006 empowers a bankruptcy court to permit a late filing if the movant's failure to comply

with the court-ordered deadline "was the result of excusable neglect."  *Id.*

41.    In *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S.

380 (1993), the Supreme Court set forth the parameters of what it termed "excusable neglect."

The Supreme Court noted that excusable neglect was not limited to situations where the failure

to timely file was due to circumstances beyond the control of the filer.  *Id.* at 391.  Instead, the

Court held that "Congress plainly contemplated that the courts would be permitted, where

appropriate, to accept late filings caused by inadvertence, mistake, or carelessness."  *Id.* at 388.

42.    The Supreme Court identified the factors the courts should consider in

determining whether the party has established excusable neglect:

[1] the danger of unfair prejudice to the debtor, [2] the length of the delay
and its potential impact on judicial proceedings, [3] the reason for the
delay, including whether it was within the reasonable control of the
movant, and [4] whether the movant acted in good faith.

*Id*. at 395. "[T]echnical considerations will not prevent substantial justice from being done."

*Pepper v. Litton*, 308 U.S. 295, 305 (1939).

43.     Excusable neglect is clearly present here as all of the factors identified by

the Supreme Court favor allowing the Bosch US Amended Claim.

44.     First, as discussed above, a late filing by Bosch US will not unfairly

prejudice the Debtors.  Debtors were well aware of the patent infringement claims because the

claims were previously filed on a timely basis by a related company to Bosch US.  The Bosch

GmbH Claim specifically provided the basis of the claims (the sale of patent-infringing ECUs)

and the estimated liability.  There is no prejudice here.

45.     The second factor also favors a late filing by Bosch US.  Bosch US

promptly amended the claim it already had on file to include a claim for patent infringement.

The length of delay was minimal.  In addition, the delay will not have a negative impact on the

judicial proceedings.  There has not been any discovery and at this time a reorganization plan has

not been filed.  In *In re Infiltrator Sys.* 241 B.R. 278 (Bankr. D. Conn. 1999), the court held that

where "a debtor has not yet filed a plan and is still engaged in assessing the validity and amounts

of the timely filed claims, the impact upon administration of the case . . . is not significant."  *Id*.

at 281.  *See also In re Alexander's Inc.*, 176 B.R. 715, 722 (Bankr. S.D.N.Y. 1995) (court stating

that confirmation of a plan of reorganization should be considered in determining whether debtor

will be unfairly prejudiced).

46.     Similarly, the third factor weighs in favor of permitting a late filing.  The

Debtors' objections to the Bosch GmbH Claim and demand for more information prompted a

further inquiry of the Bosch US Patents. It was only after the review of the US Patent office filings by Bosch that it realized the claims were technically owned by Bosch US. Promptly after Bosch obtained this information, it filed the Bosch US Amended Claim.

47.    This is not a situation where a claimant simply missed a deadline or a claimant failed to file a claim. A claim was filed for the patent infringement by a related company. The amendment just corrects the name of the proper party in interest. Bosch US's late filing is excusable neglect and justifies a late amendment.

48.    Finally, the fourth factor weighs in favor of permitting a late filing. Debtors have presented no evidence that the delay was due to a lack of good faith. Bosch US promptly notified the Debtors and then amended its claim after Bosch identified that Bosch US was the proper owner of some of the patent claims. The actions of Bosch US are consistent with its explanation for the delay.

49.    In short, <u>all</u> of the factors that courts should consider for determining whether excusable neglect is present favors a finding a excusable neglect in this case. Substantial justice requires that the Bosch US Amended Claim be allowed.

## II.    BOSCH US HAS PROPERLY SUBSTANTIATED ITS CLAIM FOR PATENT INFRINGEMENT AND DEBTORS HAVE FAILED TO MEET THEIR BURDEN OF REBUTTING THE BOSCH US AMENDED CLAIM.

50.    As explained above, timeliness is not a basis to reject the Bosch US Amended Claim. In their Thirteenth Objection, however, Debtors also object to the Bosch US Amended Claim on grounds that Debtors' books and records fail to disclose that any liability is owed by Debtors.[6] As set forth below, the Debtors' substantive objection to the Bosch US Amended Claim is also baseless.

---

[6] Debtors objected to the patent infringement claim filed by Bosch GmbH in the Third Omnibus Objection to Claims on the very same grounds – that Debtors' books and records fail to disclose that any liability is owed by Debtors.

51.    The Bosch US Amended Claim complied with Bankruptcy Rule 3001 by providing sufficient information for Debtors' to substantiate the claim.  Specifically, the proof of claim (1) set forth an explanation of the claim for patent infringement; (2) set forth the products claimed to be patent infringing, both in the United States and abroad; (3) set forth the U.S. and foreign patents claimed to be infringed; and (4) provided estimates regarding the magnitude of the claim for patent infringement.  In fact, Bosch had previously asked the Debtors what specific information or documents they need in order to further analyze or evaluate the Bosch GmbH Claim, which claim seeks damages for the sale of the same patent-infringing ECUs.  Debtors had not identified or requested any specific information or documents in regards to the Bosch GmbH Claim, and therefore presumably Debtors cannot identify anything specific that they need in order to evaluate the Bosch US Amended Claim.

52.    The Debtors have failed to set forth any legally or factually sufficient basis for their objection to the Bosch US Amended Claim, and have not provided any documentation to support their contention that the Bosch US Amended Claim should be disallowed.  The Debtors' objection fails for that reason.

53.    The Debtors bear the initial burden of producing sufficient evidence to rebut the prima facie validity of the Bosch US Amended Claim, which the Debtors have failed to meet. *In re King*, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with sufficient evidence rebutting the validity of a properly filed proof of claim.").  In order to meet this burden of proof, the objecting party to a claim must produce substantial evidence at least equal in force to the prima

Bosch GmbH responded to that objection by asserting that the information and documentation provided in the proof of claim adequately supported the claim for patent infringement.  Bosch GmbH also provided even more information and documentation regarding the patent infringement in its response.  That same information and documentation was provided in the Bosch US Amended Claim.  The Bosch GmbH response is located at Docket # 5786.

facie case, which if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re King*, 305 B.R. at 164.

54.    Debtors fail to set forth any factual evidence to refute any of the allegations contained in the Bosch US Amended Claim. Debtors' mere assertion that the Bosch US Amended Claim should fail because it does not appear on the Debtors' books and records fails to meet the burden with respect to their objection to the Bosch US Amended Claim, and the Objection should thus be denied.

55.    In addition to requesting that the Bosch US Amended Claim be disallowed, Debtors' Thirteenth Objection also purports to require Bosch to provide "all documentation or other evidence of the claim upon which the Claimant will rely in opposing [the Objection] to the extent not included in the Proof of Claim." Such a requirement of Bosch US, if applied in this case, is improper and means that Bosch US in essence has to try its patent infringement case through its proof of claim and this Response.

56.    At this point, Bosch US cannot possibly provide all documentation in which it would rely on to prove the infringements and the damages it has suffered. This is not a simple case involving a trade debt where it is easy to substantiate the claim by providing invoices, purchase orders and delivery receipts. Bosch US has the right to pursue document and deposition discovery to obtain the records and information held by Debtors regarding the nature of the infringement and the related damages. Further, it is unreasonable to request that Bosch US be required to produce all documentation and information pertaining to patent infringement cases, which are typically very complex. The Debtors' request in their Thirteenth Objection that Bosch US be required to produce all documentation and other support for its case should be denied.

57.     Apart from the issues regarding supporting documentation, it is not appropriate for the validity of a patent infringement claim (like Bosch US's Amended Claim) to be decided by a bankruptcy court.  In *In re Singer Co., N.V.*, 2002 WL 243779 (S.D.N.Y 2002), the court was presented with the issue of whether it should withdraw the reference for an adversary proceeding alleging claims of patent infringement.  The court found that withdrawal was "mandatory because resolution of the adversary proceeding requires substantial and material consideration of domestic patent law, a statutory creation."   *Id.* at 3-4 (also noting the inefficiencies of having a bankruptcy court interpret the patent claims and then have a district court preside over a jury trial centered on those claims.)

58.     In this instance, Bosch US does not consent to jurisdiction or venue in the Bankruptcy Court for determination of Bosch US's patent infringement claims.  Bosch filed the Bosch US Amended Claim with the Bankruptcy Court merely to preserve its rights against the Debtors, but the Bankruptcy Court is not the appropriate forum to resolve patent infringement claims.

## III.    RESERVATION OF RIGHTS CONCERNING CLAIMS FOR POST-PETITION INFRINGEMENT.

59.     Bosch US has properly substantiated its claim for pre-petition damages. Further, Bosch US has claims for post-petition infringement as well, and Bosch US reserves all rights to pursue claims for post-petition infringement.

## IV.    OTHER MATTERS.

60.    As per Debtors' request, the address to which Debtors must deliver any

reply to this response is:

> Gordon J. Toering
> Warner Norcross & Judd LLP
> 900 Fifth Third Center
> 111 Lyon Street, NW
> Grand Rapids, MI  49503-2487
> Ph:  (616) 752-2185
> Fax:  (616) 222-2185
> gtoering@wnj.com

and

> Joseph H. Lemkin
> Duane Morris LLP
> 744 Broad Street, Suite 1200
> Newark, NJ  07102-3889
> (973) 424-2010

61.    Further, as per Debtors' request, the person possessing authority to

reconcile, settle, or ultimately resolve the claims on Bosch's behalf is Sarah L. Taylor, Robert

Bosch LLC, 2800 South 25th Avenue, Broadview, Illinois 60155-4594; phone (708) 865-5444.

WHEREFORE, Bosch US requests that the Court enter an order (1) denying the

Thirteenth Objection and allowing the Bosch US Amended Claim; (2) providing that nothing

prejudices Bosch US from supplementing its pre-petition claims or asserting post-petition claims

for patent infringement; and (3) providing such other and further relief as appropriate under the

circumstances.

*[Signature on next page]*

Dated:  May  23, 2007                            WARNER NORCROSS & JUDD LLP

                                                By_____/s/ Gordon J. Toering_____
                                                Gordon J. Toering (GT-3738)
                                                (Admitted *Pro Hac Vice*)
                                                Warner Norcross & Judd LLP
                                                900 Fifth Third Center
                                                111 Lyon Street, NW
                                                Grand Rapids, MI  49503-2487
                                                Ph:  (616) 752-2185
                                                Fax:  (616) 222-2185
                                                gtoering@wnj.com
                                                Attorneys for Robert Bosch LLC f/k/a
                                                Robert Bosch Corporation

                                                *And by:*

                                                DUANE MORRIS LLP
                                                Walter J. Greenhalgh (WJG-9614)
                                                Joseph H. Lemkin (JL-2490)
                                                Business Address:
                                                744 Broad Street, Suite 1200
                                                Newark, NJ  07102-3889
                                                (973) 424-2010

1408538

22