**MILLER JOHNSON**
250 Monroe Avenue, N.W., Suite 800
PO Box 306
Grand Rapids, Michigan  49501-0306
(616) 831-1700
Thomas P. Sarb (TS 8282)
Robert D. Wolford (RW 1314)
(Each admitted *Pro Hac Vice*)


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| IN RE: | Case No. 05-44481-RDD |
| DELPHI CORPORATION, et al., | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | |

---------------------------------------------------------x

**RESPONSE OF MONROE, LLC TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) PROTECTIVE INSURANCE CLAIMS, (D) INSURANCE CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND UNTIMELY FILED TAX CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND CLAIMS SUBJECT TO MODIFICATION AND RECLAMATION AGREEMENT**

Monroe, LLC, successor-in-interest to Monroe, Inc.[1] ("Monroe"), through its counsel, Miller Johnson, for its Response to Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books

---

[1] On September 14, 2006, Monroe, LLC purchased substantially all of the assets of Monroe, Inc., including, but not limited to its accounts receivable, which receivables included all amounts owed by the Debtors to Monroe, Inc.  Monroe, Inc. has an obligation to pay over to Monroe, LLC any and all distributions on account of its claims against the Debtors.  As a result, for purposes of this Response, Monroe, LLC is the true party-in-interest.  To date, Monroe, LLC continues to do business with the Debtors.

And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Filed Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement (the "Thirteenth Omnibus Claims Objection"), respectfully states as follows:

1.   On October 8 and 14, 2005 (the "Petition Dates"), the above-captioned Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code Sections 1107(a) and 1108. This Court has ordered joint administration of the Debtors' cases.

2.   No trustee or examiner has been appointed in these cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3.   Prior to the Petition Dates, pursuant to various purchase orders, Monroe sold goods to Debtor, Delphi Automotive Systems, LLC ("Delphi") on credit. In addition, Monroe procured certain tooling at Delphi's direction and pursuant to certain purchase orders issued by Delphi.

4.   As of the Petition Date, Monroe was owed $132,868.28 by Delphi related to goods sold to, and tooling procured for, Delphi prior to the Petition Date.

5.   As a result, on March 22, 2006, Monroe filed its Proof of Claim against Delphi in the amount of $132,868.28 (the "Proof of Claim").

6. Delphi's Schedules list an obligation to Monroe in the amount of $69,706.90 (the "Undisputed Claim").

7. On or about June 1, 2006, Monroe sold the Undisputed Claim to Contrarian Funds LLC ("Contrarian"), as evidenced by the Claim Transfer previously filed with this Court. As part of that transaction, Monroe retained the remainder of its claim against Delphi, totaling $63,161.38 (the "Retained Claim").

8. On April 27, 2007, the Debtors filed the Thirteenth Omnibus Claim Objection. The Thirteenth Omnibus Claim Objection objects to the Proof of Claim and seeks to allow the Undisputed Claim transferred to Contrarian in full and reduce the Retained Claim from $63,161.38 to $75.53.

9. Monroe objects to the Thirteenth Omnibus Claim Objection to the extent it seeks to reduce either the Undisputed Claim or the Retained Claim for the reason that the Proof of Claim did and still does represent the pre-Petition Date amounts owing by Delphi to Monroe.

10. Monroe's books and records show that the entire Proof of Claim amount is still owing, including, but not limited to, the entire Retained Claim.

11. In support of Monroe's position, attached to this Response is a detailed summary of the amounts owed as evidenced by the Proof of Claim, together with backup documentation, including relevant invoices, shipping information and proof of delivery.

WHEREFORE, for the reasons set forth in this Response, Monroe respectfully requests that this Court enter its Order (a) denying the Thirteenth Omnibus Claim Objection as to Monroe and the Proof of Claim, (b) allowing Monroe's claim

against Delphi as evidenced by the Proof of Claim in its entirety and (c) granting such other, further or different relief as this Court, in its sound discretion, deems appropriate.

Respectfully submitted this 23rd day of May, 2007 by:

    /s/ Robert D. Wolford
Thomas P. Sarb (TS 8282)
Robert D. Wolford (RW 1314)
[Each admitted *Pro Hac Vice*]
Business Address:
    Miller Johnson
    250 Monroe Avenue, N.W., Suite 800
    PO Box 306
    Grand Rapids, Michigan  49501-0306
Telephone:  (616) 831-1700
ecfwolfordr@millerjohnson.com