DUANE MORRIS LLP
A Delaware Limited Liability Partnership
Lawrence J. Kotler, Esquire
380 Lexington Avenue
New York, NY 10168
(212) 692-1000
(212) 692-1020 (facsimile)
    and
Margery N. Reed, Esquire
Wendy M. Simkulak, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000
(215) 979-1020 (facsimile)

Counsel for the ACE Companies

Obj. Deadline: May 24, 2007 at 4:00 p.m.
Hearing:     May 31, 2007 at 10:00 a.m.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DELPHI CORPORATION, et al. | ) Case No. 05-44481 |
| | ) (Jointly Administered) |
| Debtors. | ) |

### RESPONSE OF THE ACE COMPANIES TO
### DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO
### 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) PROTECTIVE INSURANCE CLAIMS, (D) INSURANCE CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND CLAIMS SUBJECT TO <u>MODIFICATION AND RECLAMATION AGREEMENT</u>

ACE American Insurance Company ("ACE"), Pacific Employers Insurance Company ("PEIC"), Illinois Union Insurance Company ("Illinois Union") and their affiliates (collectively, the "ACE Companies")[1], by and through their undersigned counsel[2], hereby file this Response

---

[1] In the Assumption Motion, Assumption Order and Assumption Notice (all defined herein), the Debtors refer to the ACE Companies as the "Insurers" and thus, any reference herein to "Insurers" refers to the "ACE Companies."

[2] All replies or other communication regarding this Response should be directed to each of the undersigned attorneys.

DM3\516580.1

(the "Response") to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement (the "Objection"), and respectfully state as follows:

## BACKGROUND

1.     On October 8 and 14, 2005 (collectively, the "Petition Date"), Delphi Corporation[3] ("Delphi") and certain of its U.S. subsidiaries and affiliates (together with Delphi, the "Debtors") each filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.     On or about December 16, 2005, the Debtors filed a Motion For Order Under 11 U.S.C. Sections 362, 363, 365, 1107, And 1108 Authorizing Renewal Of Insurance Coverage And Certain Related Relief (the "Assumption Motion") pursuant to which the Debtors requested, *inter alia*, authority to assume pursuant to 11 U.S.C. § 365 the agreements and policies between Delphi and the ACE Companies (collectively, the "Insurance Agreements") including, but not limited to the following:

> "(a)     that certain Multi-Line Deductible Program Agreement effective as of October 1, 2000 by and between Pacific Employers Insurance Company and Delphi (formerly known as Delphi Automotive Systems Corporation) and all amendments and addenda thereto (collectively, the "Multi-Line Deductible Program Agreement");

---

[3]     Delphi Corporation f/k/a Delphi Automotive Systems Corporation

2

DM3\516580.1

(b)     all General Liability Policies *issued to Delphi or the other Debtors* by one or more of the Insurers and all renewals, extensions, and endorsements thereto (collectively, the "General Liability Policy");

(c)     all Automobile Liability Policies *issued to Delphi or the other Debtors* by one or more of the Insurers and all renewals, extensions, and endorsements thereto (collectively, the "Automobile Liability Policy");

(d)     all Workers' Compensation Policies *issued to Delphi or the other Debtors* by one or more of the Insurers and all renewals, extensions, and endorsements thereto (collectively, the "Workers' Compensation Policy" and, collectively with the General Liability Policy and the Automobile Liability Policy, the "Insurance Policies");

(e)     the binder related to the Insurance Policies; and

(f)     the claims administration agreements related to the Insurance Policies."

(emphasis added).

3.     On or about January 6, 2006, this Court entered an order granting the Assumption Motion (the "Assumption Order") and providing that, *inter alia*: (i) the Debtors were authorized to assume the Insurance Agreements with the ACE Companies pursuant to § 365(a) of the Bankruptcy Code, and (ii) conditioned on the Debtors' assumption of the Insurance Agreements, (a) all payment and reimbursement obligations owing to the ACE Companies from the Debtors under the Insurance Agreements were to be accorded administrative priority status pursuant to § 503(b)(1)(A) of the Bankruptcy Code, and (b) the Debtors were authorized to pay the ACE Companies' claims with respect to the Insurance Agreements in the ordinary course of their businesses.

4.     On or about January 18, 2006, the Debtors sent a letter to the ACE Companies notifying the ACE Companies that the Debtors were assuming the Insurance Agreements (the "Assumption Notice").

5. Accordingly, the ACE Companies hold administrative expense priority claims pursuant to § 503(b)(1)(A) of the Bankruptcy Code for all payment and reimbursement obligations owing under the Insurance Agreements which are to be paid in the ordinary course.

6. On or about June 6, 2006, the Debtors filed the Lift Stay Procedures Motion in which the Debtors state that they assumed the insurance policies and related agreements. *See* Lift Stay Procedures Motion ¶ 22-23.

7. On or about July 28, 2007, ACE American, PEIC and Illinois Union[4] filed proofs of claim[5] against the each of the Debtors (for a total of 126 proofs of claim; collectively, the "Claims") asserting, *inter alia*, an administrative claim in the amount of $5,614.06 plus additional contingent and unliquidated amounts for their obligations under the Insurance Agreements which may include, but not be limited to, insurance premiums, including retro and audit premiums, deductibles and expense and loss reimbursements, as more particularly described in the Insurance Agreements (the "Debtors' Obligations").

8. Each of the Claims included a nonexhaustive list (the "Claim List") of all of the insurance policies issued by the ACE Companies to the Debtors. The Claim List is attached hereto as Exhibit "A".

9. On or about April 27, 2007, the Debtors filed the Objection in which they characterize the Claims as "Protective Insurance Claims" and object to the Claims on the basis that the "Debtors have assumed the Insurance Contracts (as defined in the Objection) that are the subject of the Protective Insurance Claims." Objection ¶¶ 32-35.

---

[4] ESIS, Inc. also filed a proof of claim against Delphi. The Debtors have not objected to that claim.

[5] As set forth in the Claims, the copies of the documents referenced in the Claim and herein are or should be, upon information and belief, in possession of the Debtors, and the ACE Companies will provide copies of such document to other parties upon request provided that appropriate steps can be taken to ensure their confidentiality.

4

## **OBJECTION**

10.     The Debtors admit in the Objection that they have assumed the Insurance Contracts that are the subject of the Claims.  *See* Objection ¶ 34

11.     The ACE Companies believe and therefore aver that the Debtors intended to, and did, assume all of the insurance policies listed on the Claim List because, among other things, the Assumption Motion, Assumption Order and Assumption Notice describe the assumed policies as those policies "issued to Delphi or the other Debtors." *See* Assumption Order ¶ A(b), (c) and (d). However, the Assumption Motion, the Assumption Order and the Assumption Notice also define "Insurance Agreements" as the "agreements and policies between Delphi and the Insurers." *See* Assumption Order ¶ A.

12.     In order to clarify any possible ambiguity in the Assumption Order and the Assumption Notice[6] and to reflect the agreement and intent of the Debtors and the ACE Companies, the ACE Companies propose that the Debtors and the ACE Companies enter into a stipulation and agreed order providing, *inter alia*:

   a.     The Insurance Agreements that were assumed pursuant to the Assumption Order include all of the Debtors' insurance policies and related agreements with the ACE Companies, including, but not limited to, the insurance policies and related agreements listed on the Claim List.

   b.     The Assumption Order and the Assumption Notice applies in all respects to all of the insurance policies and related agreements on the Claim List as Insurance Agreements.

---

[6]  The ACE Companies do not admit that there is any such ambiguity, and aver that the Debtors assumed all of the Insurance Contracts.

5

DM3\516580.1

    c.  Pursuant to the Assumption Order and the Assumption Notice, each of the insurance policies and related agreements on the Claim List was assumed by the Debtors.

    d.  Pursuant to the Assumption Order and the Assumption Notice, (a) all payment and reimbursement obligations owing to the ACE Companies from the Debtors under the Insurance Agreements (including those on the Claim List) are to be accorded administrative priority status pursuant to § 503(b)(1)(A) of the Bankruptcy Code, and (b) the Debtors are authorized to pay the ACE Companies' claims with respect to the Insurance Agreements (including those on the Claim List) in the ordinary course of their businesses

  WHEREFORE, the ACE Companies request that this Court deny the Objection as to the Claims of the ACE Companies and grant such other relief as is just and proper.

Dated: May 24, 2007          DUANE MORRIS LLP

                  By: /s/ *Lawrence J. Kotler*
                    Lawrence J. Kotler, Esquire (LK-8177)
                    380 Lexington Avenue
                    New York, NY 10168
                    (212) 692-1000
                    (212) 692-1020 (facsimile)
                    ljkotler@duanemorris.com

                    and

                    Margery N. Reed, Esquire
                    Wendy M. Simkulak, Esquire
                    30 South 17th Street
                    Philadelphia, PA 19103-4196
                    (215) 979-1000
                    (215) 979-1020 (facsimile)
                    mreed@duanemorris.com
                    wmsimkulak@duanemorris.com

                    Counsel for the ACE Companies