Jean R. Robertson (OH0069252)
Calfee, Halter & Griswold, LLP
1400 KeyBank Center
800 Superior Avenue
Cleveland, Ohio 44114-2688
Telephone:     (216) 622.8404
Facsimile:     (216) 241.0816
Email: jrobertson@calfee.com

*Counsel for Brush Wellman Inc. and Zentrix Technologies, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                )
In re:                                          )        Chapter 11
                                                )
DELPHI CORPORATION, et al.,                     )        Case No. 05-44481 (RDD)
                                                )
                    Debtors.                    )        (Jointly Administered)
-------------------------------------------------------------x

### RESPONSE OF BRUSH WELLMAN INC. AND ZENTRIX TECHNOLOGIES, INC. TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN CLAIMS

Brush Wellman Inc. ("Brush") and Zentrix Technologies, Inc., ("Zentrix") in response to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement, Docket No. 7825 (the "Thirteenth Objection") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby state as follows:

# I.    Factual Background

1.    On October 8 and 14, 2005, the Debtors each filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as subsequently amended (the "Bankruptcy Code").

2.    On April 12, 2006, the Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502 and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof, Docket No. 3206, which, among other things, established July 31, 2006, as the bar date for filing proofs of claim in the Debtors' bankruptcy cases.

3.    On July 7, 2006, Brush filed a timely proof of claim [Claim No. 9105] in the total amount of $277,159.38 (the "Brush Claim").  The Brush Claim is comprised of two separate amounts:  (i) a reclamation claim in the amount of $123,988.30 (the "Brush Reclamation Claim") and (ii) a general unsecured claim in the amount of $153,171.08 (the "Brush Unsecured Claim"). Pursuant to supply contracts between the parties, the Brush Reclamation Claim and the Brush Unsecured Claim were subject to certain price adjustments, which were applied toward certain metals supplied to the Debtors.  Supporting documentation was attached to the Brush Claim evidencing the contractual obligations between the parties as well as invoices and other correspondence supporting both the Brush Reclamation Claim and Brush Unsecured Claim.[1]

4.    On July 7, 2006, Zentrix filed a proof of claim [Claim No. 9107] in the total amount of $98,067.90 (the "Zentrix Claim", and together with the Brush Claim, the "Claims"). The Zentrix Claim is comprised of two separate amounts:  (i) a reclamation claim in the amount of $49,939.19 (the "Zentrix Reclamation Claim"); and (ii) a general unsecured claim in the amount of $48,128.75 (the "Zentrix Unsecured Claim").  Pursuant to supply contracts between

---

[1] Consistent with paragraph 57(d) of the Thirteenth Objection, Brush and Zentrix are not reattaching the contents of their respective Claims.

the parties, the Zentrix Reclamation Claim and Zentrix Unsecured Claim were subject to certain price adjustments, which were applied toward certain metals supplied to the Debtors.  Supporting documentation was attached to the Zentrix Claim evidencing the contractual obligations between the parties as well as invoices and other correspondence supporting both the Zentrix Reclamation Claim and Zentrix Unsecured Claim.

5.    On or about July 19, 2006, after five months of negotiations and processing, Brush, Zentrix and one of its affiliates, Technical Materials, Inc. ("TMI"),[2] and the Debtors reached an agreement (the "Reclamation Agreement") fixing the amount of the Brush, Zentrix and TMI reclamation claims in the aggregate amount of $149,208.16 (the "Reclamation Amount").

6.    The total gross reclamation amount for Brush, Zentrix and TMI was $324,027.51, $174,819.35 less than the Reclamation Amount finally agreed to.

## II.    The Thirteenth Objection

7.    On or about April 27, 2007, the Debtors filed the Thirteenth Objection seeking to, among other things: (1) "modify" the Brush Claim from $266,159.38 to $246,462.28, and (2) completely disallow and expunge the Zentrix Claim.  The Debtors simply allege certain categorical bases for objecting to the Claims, and fail to provide evidence in support of their objection, except for the summary assertion that the Brush and Zentrix Claims must be modified.

---

[2] TMI filed a timely proof of claim in the total amount of $407,748.06 on July 17, 2006 [Claim No. 9106] (the "TMI Claim").  The Debtors objected to the TMI Claim in their Eleventh Omnibus Objection, docket no. 7301, and TMI filed a timely response to the same at docket no. 7647.  The TMI Claim is comprised of two separate amounts: (i) a reclamation claim in the amount of $144,093.53 and (ii) a general unsecured claim in the amount of $263,654.53.

### A.      Response of Zentrix to the Thirteenth Objection

8.      In the Thirteenth Objection[3], the Debtors seek to completely disallow the Zentrix

Claim in its entirety without any factual or legal justification supporting such treatment.  This

request must be denied because there is no authority justifying such disallowance.

9.      Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim

executed and filed in accordance with these rules shall be considered *prima facie* evidence in the

validity and the amount of the claim."  See Fed. Bankr. Proc. 3001(f).  As the objecting party, the

Debtors have the burden of overcoming the *prima facie* presumption.  See Carey v. Ernst, 333

B.R. 666, 672 (S.D.N.Y. 2005) ("to overcome this *prima facie* evidence, the objecting party must

come forth with evidence which, if believed, would refute at least one of the allegations essential

of the claim"), quoting In re Reilly, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000).

10.      The Thirteenth Objection does not affirmatively refute any allegations essential to

proving the Zentrix Claim, nor does it address the Reclamation Agreement.  The basis for the

Debtor's objection to the Zentrix Claim is essentially this - they do not like it, and this is not

sufficient to shift the burden of proof back to Zentrix.

11.      Zentrix is willing to work with the Debtors to determine the proper claim amount

for the Zentrix Claim.  Zentrix recognizes that the Zentrix Claim should be reduced to reflect the

Reclamation Agreement.  Indeed, in light of the Reclamation Agreement there is no justification

on the part of the Debtors to disallow the entire Zentrix Claim, unless and until they can provide

evidence for such treatment.

---

[3] The Zentrix Claim is identified on Exhibit B-1 of the Thirteenth Objection, at page 7.  Exhibit B-1 lists all claims
the Debtors request be completely disallowed and expunged, because such claims do not appear on the Debtors'
books and records.  This position is especially curious to Zentrix, given the fact that the Debtors negotiated with
Zentrix for nearly five months to fix the Zentrix Reclamation Claim amount.

### B.        Response of Brush to the Thirteenth Objection

12.        The Thirteenth Objection requests, among other things, that claims that assert a reclamation claim and such claim is the subject of an agreement with the Debtors to liquidate the reclamation amount, subject to the parties rights to seek a judicial determination as to the validity of the reclamation claim, should be modified.   The Brush Claim has been placed into this category of objections by the Debtors, and thereby is listed on Exhibit E-3 of the Thirteenth Objection, at page 2.

13.        More specifically, the Debtors seek to reduce the Brush Claim to $246,462.28 and to bifurcate it into two separate components: (i) a priority claim in the amount of $31,044.61 and (ii) a general unsecured claim in the amount of $215,417.67.   The Debtors do not address the Reclamation Settlement, or its treatment, or explain how they arrived at the modified amounts. The original Brush Claim is for $277,159.38 and has two components: reclamation and general unsecured. Simply put, Brush does not understand what the Debtors are attempting to accomplish with its claim in this case. The Thirteenth Objection does not provide support of any kind with respect to the Brush Claim's proposed modified treatment, other what is stated in paragraphs 49-52 of the Objection, which is unclear at best.

WHEREFORE, for the foregoing reasons, Brush and Zentrix respectfully request that the Court (i) enter an order overruling the Thirteenth Objection with respect to the Brush and Zentrix Claims consistent with this Response and (ii) grant Brush and Zentrix such further relief as is just and proper.

Dated:  May 24, 2007
New York, New York

_____/s/ Jean R. Robertson_____

Jean R. Robertson (OH0069252)
Calfee, Halter & Griswold, LLP
1400 KeyBank Center
800 Superior Avenue
Cleveland, Ohio 44114-2688
Telephone:    (216) 622.8404
Facsimile:     (216) 241.0816
Email: jrobertson@calfee.com

*Counsel for Brush Wellman Inc.,*
*and Zentrix Technologies, Inc.*