VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.  
222 North LaSalle Street, Suite 2600  
Chicago, IL 60601  
Telephone:    (312) 609-7500  
Facsimile:     (312) 609-5005  
Michael Eidelman

-and-

1633 Broadway, 47th Floor  
New York, NY 10019  
Telephone:    (212) 407-7700  
Facsimile:     (212) 407-7799  
Michael L. Schein (MS-0241)

*Attorneys for Best Foam Fabricators, Inc.*

Return Date: May 31, 2007  
10:00 A.M.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION, et al.,

Debtors.

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

### RESPONSE OF BEST FOAM FABRICATORS, INC. TO DEBTORS' THIRTEENTH OMNIBUS CLAIMS OBJECTION

Best Foam Fabricators, Inc. ("Best Foam"), by and through its attorneys Vedder, Price, Kaufman & Kammholz, P.C., hereby files this response (this "Response") to the Thirteenth Omnibus Claims Objection dated April 27, 2007 (the "Claims Objection") of the above-captioned debtors (the "Debtors"), and respectfully represents as follows:

#### BACKGROUND

1.      On or about October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

NEWYORK/#179367.1

2. By Order dated October 11, 2005, the Debtors were authorized, under certain conditions, to pay pre-bankruptcy claims of critical suppliers (like Best Foam) that agreed to the terms set forth in a critical vendor letter agreement.

3. Consistent with that order, Best Foam and the Debtors entered into a critical vendor letter agreement pursuant to which, among other things, the parties agreed to a pre-petition trade claim amount (the "Critical Vendor Amount"). However, such amount was subject to further verification and revision given Best Foam's position that the Debtors had received certain additional shipments of goods (equal to the Claim amount) that were, at the time, not recorded in the Debtors' system.

4. Eventually, in January 2007 the Debtors confirmed that they had in fact received such shipments from Best Foam and updated their system accordingly. As a result, Best Foam filed on or about February 22, 2007 a proof of claim for $40,680.44 (the "Claim") on account of such unpaid shipments.

5. Best Foam does not dispute that its Claim was filed after the July 31, 2006 claims bar date established by the Debtors. However, for the reasons set forth below, Best Foam asserts that its Claim should nonetheless be allowed since the failure to timely file was the result of excusable neglect by Best Foam.

6. Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that:

> [w]hen an act is required or allowed to be done at or within a specified period by ... order of court, the court for cause shown may at any time in its discretion ... permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). *See also In re R.H. Macy & Co., Inc.*, 166 B.R. 799 (S.D.N.Y. 1994) (bankruptcy court has authority under Rule 9006(b)(1) to extend time period upon showing of excusable neglect).

7.  The United States Supreme Court set forth the test for "excusable neglect" in the case of *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (excusable neglect encompasses situations in which failure to comply with filing deadline is attributable to negligence). The Second Circuit Court of Appeals addressed the *Pioneer* standards in the case of *In re Enron*, 419 F. 3d 115 (2d Cir. 2005), noting the flexibility a bankruptcy court enjoys in applying the *Pioneer* standards:

> The *Pioneer* court made clear that excusable neglect was, in its view, 'not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer,' (citation omitted). Instead, it found that 'Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, … even though inadvertence, ignorance of the rules or mistakes construing the rules do not usually constitute excusable neglect.' … 'The Court concluded that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith.'

*Enron*, 419 F.3d at 122.

8.  Applying the *Pioneer* standards here, Best Foam submits that its Claim should not be time-barred and it should be permitted to assert such Claim against the Debtors' estate. First and foremost, there is no danger of prejudice to the Debtors given that the Claim is valid and would otherwise have been included as part of the Critical Vendor Amount but for the Debtors' omission. Moreover, the Debtors have yet to file a plan of reorganization and the Claim amount

at issue, if allowed, will have NO material effect on the Debtors or their reorganization efforts. Second, while the delay, as compared to the bar date, is not minimal, as soon as the Debtors confirmed that the underlying basis for the Claim was correct, which was in their sole control, Best Foam filed its Claim in these cases. Given the size of Best Foam's Claim and the current case status, allowance of Best Foam's Claim will not adversely impact the Debtors' reorganization. Finally, there is no dispute that Best Foam acted in good faith given, among other things, that it had repeatedly attempted since the commencement of these cases to resolve the Claim with the Debtors (and obtain payment under the terms of the critical vender letter agreement), but was only successful once the Debtors' internal investigation ultimately confirmed the validity of the Claim.

9. Best Foam has been for years, and is today, a valuable supplier to the Debtors. Like many suppliers, Best Foam has and continues to suffer from the ongoing downturn of the automobile industry, including as a result of Delphi's sudden and unexpected cancellation of a new program just prior to the bankruptcy filing. Thus, under such circumstances, Best Foam's late filing of its Claim should be excused by this Court and allowed against the Debtors.

## RESERVATION OF RIGHTS

10. Best Foam reserves its rights to raise at the hearing on the Claims Objection and, if required, any subsequent hearing(s), any and further objections it has or may subsequently have with respect to the relief sought by the Debtors in the Claims Objection and/or any reply to this Response filed by the Debtors.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Best Foam respectfully requests that this Court (a) overrule the Debtors' Claims Objection and allow Best Foam's late filed Claim on excusable neglect grounds, and (b) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York.
May 24, 2007

*Attorneys for Best Foam Fabricators, Inc.*

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.

By: /s/ Michael L. Schein
    Michael L. Schein (MS-0241)

1633 Broadway, 47th Floor
New York, NY 10019
Telephone:    (212) 407-7700
Facsimile:    (212) 407-7799

-and-

222 North LaSalle Street, Suite 2600
Chicago, IL 60601
Telephone:    (312) 609-7500
Facsimile:    (312) 609-5005
Michael Eidelman, Esq.