**FROST BROWN TODD LLC**
Lexington Financial Center
250 West Main St., Suite 2700
Lexington, Kentucky 40507
Tel.:  (859) 231-0000
Fax:  (859) 231-0011
Robert V. Sartin, Esq.
Martin B. Tucker, Esq.
(*each admitted pro hac vice*)


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| DELPHI CORPORATION, INC., et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

---

### RESPONSE OF TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO BOOKS AND RECORDS CLAIMS

---

Toyota Motor Engineering & Manufacturing North America, Inc., for itself and on behalf of its parent, Toyota Motor Corporation, and each of its North American manufacturing companies (collectively, "Toyota"), by counsel, for its Response to the Debtors' Thirteenth Omnibus Objection (the "Objection")[1] to Toyota's Proof of Claim [Claim No. 15533] (the "Proof of Claim"), states as follows:

---

[1] Terms not defined herein shall have the meanings given them in the Objection.

## Background

1.      Toyota and Delphi Technologies, Inc. ("Delphi Technologies") were each parties to a license agreement dated in or about January 2002 for a Fuel Fill Vapor Recovery System (the "License Agreement").

2.      Pursuant to the terms of the License Agreement, royalties were required to be paid by Toyota to Delphi Technologies only in the event Toyota or its affiliates produced certain component part products ("Royalty Products") using such licensed intellectual property.

3.      Toyota ceased production of all Royalty Products in December 2005 and did not produce any such Royalty Products since that date.

4.      Thereafter, the License Agreement expired by its own terms at the end of 2006.

## Basis for Claim

5.      Due to Toyota's cessation of production of the Royalty Products in December 2005, Toyota requested during late 2005 and into the early part of 2006 that Delphi Technologies consent to an early termination of the License Agreement.

6.      Furthermore, during such time, Toyota notified Delphi Technologies and provided supporting documentation showing Delphi Technologies that Toyota overpaid royalties to Delphi in the net amount of $51,342.00 (the "Overpayment"), to which Delphi Technologies never disputed.  Copies of Toyota's Proof of Claim and additional documents in support thereof are attached hereto as Exhibit A and incorporated herein by reference.

7.      In connection with Toyota's request for an early termination of the License Agreement, Toyota also requested a refund of the Overpayment.

8.    Notwithstanding Toyota's numerous letters to Delphi Technologies requesting, among other things, a refund of the Overpayment, Toyota did not receive a refund of the Overpayment or any objection thereto.

### Response

9.    A properly executed and filed proof of claim constitutes <u>prima facie</u> evidence of the validity of the claim.  <u>See</u> Fed. R. Bankr.P. 3001(f); Objection ¶ 29.   The Proof of Claim is sufficient to state a valid claim against the Debtors, which the Debtors do not dispute, and, therefore, the Proof of Claim constitutes <u>prima facie</u> evidence of the validity of the Overpayment.

10.    A valid basis exists for allowance of the Proof of Claim.  Although the Debtors allege that the Overpayment "is not owing pursuant to the Debtors' books and records,"[2] it is clear from the Proof of Claim and documents attached hereto as <u>Exhibit A</u> that Delphi Technologies and Debtors' counsel were aware of, and otherwise put on notice of, the existence of the Overpayment.   In addition, Delphi Technologies and the Debtors have not previously objected to the validity of the overpayment.

11.    To overcome the <u>prima facie</u> evidence of the validity of the Proof of Claim and Overpayment, the objecting party must come forth with evidence which, if believed, <u>would refute at least one of the allegations essential to the claim</u>.  <u>See</u> <u>Sherman v. Novak, Trustee (In re Reilly)</u>, 245 B.R. 768, 773 (2nd Cir. BAP 2000) (emphasis added).   It is often said that the objector must produce evidence equal in force to the <u>prima facie</u> case.  <u>See</u> <u>In re Holm</u>, 931 F.2d 620, 623 (9th Cir. 1991) <u>quoting</u> <u>3 L. King, Collier on Bankruptcy</u>, § 502.02, at 502-22 (15th ed. 1991)).

---

[2] The Debtors did not allege that the Proof of Claim contained insufficient evidence of the Overpayment.

12.     The Debtors have not taken issue with the dollar amount of the Overpayment as evidenced in the Proof of Claim and has otherwise failed to produce <u>any</u> evidence (and certainly not "evidence equal in force to the <u>prima</u> <u>facie</u> case made by the Proof of Claim) that, if proven, would refute the Proof of Claim.  In fact, the Debtors only assert bare allegations of counsel that are unsupported by any evidence and unverified by the Debtors.  Therefore, the Debtors have wholly failed to carry their burden of producing evidence to refute any allegations essential to the Overpayment.

### Reservation of Right to Supplement

13.     Toyota fully reserves all of its rights to subsequently (i) object to any amendments or additions to the Objection and (ii) amend and/or supplement this Response to include additional information or documetnation that may be discovered hereafter.

### Memorandum of Law

14.     Because the legal points and authorities upon which this Response relies are incorporated herein, Toyota requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013(b) be deemed satisfied.

### Conclusion

15.     For the reasons set forth herein, the Debtors have failed to overcome the <u>prima</u> <u>facie</u> evidence of the validity of the Proof of Claim and Overpayment.  Therefore, the Objection should be overruled and the Proof of Claim should be allowed in its entirety.

Dated: May 24, 2007.

Respectfully submitted,

**FROST BROWN TODD LLC**

 /s/ Robert V. Sartin
Robert V. Sartin, Esq.
Martin B. Tucker, Esq.
Lexington Financial Center
250 West Main St., Suite 2700
Lexington, Kentucky 40507
Tel.:  (859) 231-0000
Fax:  (859) 231-0011
E-mail: rsartin@fbtlaw.com

*Counsel for Toyota Motor Engineering &
Manufacturing North America, Inc., for itself and
on behalf of its parent, Toyota Motor Corporation,
and its North American manufacturing companies*

## CERTIFICATE OF SERVICE

I hereby certify that the following parties have been served with a copy of the foregoing Response by first class mail, postage prepaid, on this the 24th day of May, 2007.

Honorable Robert D. Drain
United States Bankruptcy Court
    for the Southern District of New York
One Bowling Green, Room 610
New York, New York  10004

Delphi Corporation
5725 Delphi Drive
Troy, MI  48098
Attn: General Counsel

John Wm. Butler, Jr.
John K. Lyons
Randall G. Reese
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606

 /s/ Martin B. Tucker
Martin B. Tucker

**<u>Exhibit A</u>**

| UNITED STATES BANKRUPTCY COURT SOUTHERN  DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor DELPHI TECHNOLOGIES, INC. | Case Number 05-44554 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**TOYOTA MOTOR CORPORATION**

Name and address where notices should be sent:
MARTIN B. TUCKER, ESQ.
FROST BROWN TODD LLC
250 WEST MAIN STREET, SUITE 2700
LEXINGTON, KY 40507
Telephone number: (859) 231-0000

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**COPY**

**Received**

**AUG 11 2006**

**Kurtzman Carson**

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
N/A

Check here
if this claim ☐ replaces _____ a previously filed claim, dated:_____
☐ amends

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other   SEE EXHIBIT A

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

**2. Date debt was incurred:**
VARIOUS

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____   51,342.00 _____   _____   $  51,342.00
  (unsecured)      (secured)      (priority)      (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate     ☐ Motor Vehicle
- ☒ Other SEE EXHIBIT A

Value of Collateral: $ UNKNOWN

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ N/A

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
  Amount entitled to priority   $_____
  Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**
**JUL 31 2006**
**CLAIMS PROCESSING CENTER**
**USBC, SDNY**

| Date 7/28/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _[signature]_   MARTIN B. TUCKER, ESQ. |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Exhibit A

Toyota Motor Corporation ("Toyota") is a party to a patent license agreement for the production of a fuel fill vapor recovery system and all other contract documents (collectively, the "Contract") with Delphi Technologies, Inc., Case No. 05-44554 ("Delphi"). Toyota asserts this claim for (i) pre-petition overpayments to Delphi on account of which Toyota is entitled to receive a refund (the "Refund") from Delphi, (ii) any and all rights of Toyota to setoff any amounts that may be due Delphi under the Contract against the Refund and (iii) any and all claims and liabilities as may be discovered during the pendency of the case.

# TOYOTA

## TOYOTA MOTOR CORPORATION

1, TOYOTA-CHO, TOYOTA, AICHI, 471-8571(Head Office)
or 471-8572(Research & Development Group) JAPAN
TEL:+81-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

February 24, 2006

Attention: General Patent Counsel
DELPHI TECHNOLOGIES, INC.
5725 Delphi Drive
Troy, MI 48098
U. S. A.

**Re: Royalty report under the Agreement on "Fuel Fill Vapor Recovery System"**

Dear Sir,

We hereby report the quantity of fuel fill vapor recovery system made under the captioned agreement executed on January 10, 2002 in the year 2005.

| Vehicle Model | Volume | Unit Royalty | Royalties | Total Royalty amount |
|---|---|---|---|---|
| Lexus SC430 | 5,410 | | $ 2,164.40 | |
| Lexus LS430 | 15,974 | $ 0.40 | $ 6,389.60 | |
| Lexus IS300 | 3,600 | | $ 1,440.00 | $ 34,949.20 |
| RAV4 | 54,826 | | $ 21,930.40 | |
| Celica | 1,591 | | $ 636.40 | |
| Matrix | 5,972 | | $ 2,388.80 | |

In the meantime, as we suggested in our letter dated May 17, 2005 (as attached for your reference), we would like to make a balance between a former excess payment and the above royalty amount this time.

> A: $ 86,291.20 (excess payment)
> B: $ 34,949.20 (royalty amount for the year 2005)
> C:    $ 0.00 (balance)

It is advised that $ 51,342.00 (A – B) still remains as an excess payment.

Sincerely yours,

Koichiro INAGAKI
General Manager
Intellectual Property External Affairs Dept.
Intellectual Property Div.

Encl.

KI/my/mi

⑫

# TOYOTA

## TOYOTA MOTOR CORPORATION

1, TOYOTA-CHO, TOYOTA, AICHI, 471-8571(Head Office)
or 471-8572(Research & Development Group) JAPAN
TEL :+81-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

March 7, 2006

Attention: General Patent Counsel
DELPHI TECHNOLOGIES, INC.
5725 Delphi Drive
Troy, MI 48098
U. S. A.

**Re: Proposal for termination of Agreement upon "Fuel Fill Vapor Recovery System"**

Dear Sir,

We would like to propose you earlier termination of the patent license agreement regarding the captioned subject which we executed dated January 10, 2002 even though such agreement is effective until the end of this year.   The reason of our proposal is that we have not been producing any licensed products since December 2005 and have no plan to produce them in the future.   We think that both you and we have no longer sense to keep the agreement under this situation.

In the meantime, as we indicated in our letter dated February 24, 2006, some overpayment of royalty is still open.   Since we are not able to balance it with our future royalty payment due to the above reason, we sincerely ask you to refund the following amount of money to our designated bank account.

      Refund amount: US$ 51,342.00 (please refer to our letter February 24, 2006.)
      Bank account: No. 1023817 of Toyota Motor Corporation
              Sumitomo Mitsui Bank, Nagoya Branch, Nagoya, JAPAN
              "NOTE: royalty refund/Toyota LP-B0121"
      Due Date: May 31, 2006

If you agree to our proposal, please enter a signature by your representative in this letter and return it to us by April 15, 2006.

Sincerely yours,

Koichiro INAGAKI
General Manager
Intellectual Property External Affairs Dept.
Intellectual Property Div.

Accepted and agreed:

...........................................................................................
date, place                  signature

LP-B00121

(13)

# TOYOTA

## TOYOTA MOTOR CORPORATION

1, TOYOTA-CHO, TOYOTA, AICHI, 471-8571(Head Office)
or 471-8572(Research & Development Group) JAPAN
TEL:+81-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

April 18, 2006

Attention: General Patent Counsel
DELPHI TECHNOLOGIES, INC.
5725 Delphi Drive
Troy, MI 48098            *Reminder    25.04. 2006*
U. S. A.

Via facsimile only

**Re: Proposal for termination of Agreement upon "Fuel Fill Vapor Recovery System"**

Dear Sir,

As to our proposal in our letter dated March 7, 2006, we would like to hear whether or not you
agree to our proposal.   However we have to apologize you if you have already returned the letter
with your signature.

We look forward to hearing from you soon.

Sincerely yours,

Masanori IECHIKA
Assistant Manager
Licensing group
IP External Affairs Dept.
Intellectual Property Div.

Facsimile: +81 565 72 8948
e-mail: iechika@ip.tec.toyota.co.jp

LP-B00121

17/20

信者 :    "Twomey, Thomas N" <thomas.n.twomey@delphi.com>
先 :    <iechika@ip.tec.toyota.co.jp>
信日時 :    2006年4月26日 7:37
名 :    Fuel Fill Vapor Recovery System

ear Masanori Iechika:

hank you for your April 18 letter and the April 24 reminder.

elphi's license department is reviewing this matter and we expect to be able to respond shortly.

homas N. Twomey
ssistant General Counsel - Intellectual Property
h. (248) 813-1200   fax (248) 813-1211

*******************************************************************************

ote: If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering
is message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this
ommunication is strictly prohibited. If you have received this communication in error, please notify us immediately
y replying to the message and deleting it from your computer. Thank you.

*******************************************************************************

2006/04/26

18/20

送信者 ：   "Iechika" <iechika@ip.tec.toyota.co.jp>
宛先 ：   "Twomey, Thomas N" <thomas.n.twomey@delphi.com>
CC ：   <k-kondo@ip.tec.toyota.co.jp>
送信日時 ：   2006年5月15日 16:43
件名 ：   Re: Fuel Fill Vapor Recovery System

Dear Mr. Twomey,

n accordance with your email dated April 26, we are looking forward to hearing the comments from Delphi's license department.

With best regards,
Masanori IECHIKA
Toyota IP Div.

----- Original Message -----
From: Twomey, Thomas N
To: iechika@ip.tec.toyota.co.jp
Sent: Wednesday, April 26, 2006 7:37 AM
Subject: Fuel Fill Vapor Recovery System

Dear Masanori Iechika:

Thank you for your April 18 letter and the April 24 reminder.

Delphi's license department is reviewing this matter and we expect to be able to respond shortly.

Thomas N. Twomey
**Assistant General Counsel - Intellectual Property**
ph. (248) 813-1200   fax (248) 813-1211

**************************************************************************************

Note: If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you.

**************************************************************************************

2006/06/01

(16)

# TOYOTA

## TOYOTA MOTOR CORPORATION

1, TOYOTA-CHO, TOYOTA, AICHI, 471-8571 (Head Office)
or 471-8572 (Research & Development Group) JAPAN
TEL : +81-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

May 25, 2006

Attention: General Manager
License Department
Delphi Technologies, Inc.

5725 Delphi Drive
Troy, MI 48098
U.S.A.

Via facsimile and courier

Re: License Agreement on "Fuel Fill Vapor Recovery System"

Dear Sir,

As you know from our letter dated March 7, 2006 as attached hereto, we proposed
you earlier termination of the captioned license agreement.   We also asked you to
refund some money which was remaining as the overpayment of royalty in the letter.

Although we had expected to receive your response to our letter from the e-mail
dated April 26 from Mr. Thomas N. Twomey, we have not yet received such
response at this moment.   On the other hand, we are being demanded to inform
our Accounting Division of Delphi's thought on refund of the overpayment as soon as
possible, which is also required by the US administrative arrangement under
Chapter 11.

Accordingly we would like to hear from you soon on the above and when we can
expect to receive the amount of money which should be refunded to us.

Sincerely yours,

Koichiro INAGAKI
General Manager
IP External Affairs Dept.
Intellectual Property Division

KI/kk/mi

encl.

cc. Mr. Thomas N. Twomey



# Frost Brown Todd LLC

ATTORNEYS

KENTUCKY · OHIO · INDIANA · TENNESSEE

Martin B. Tucker
(859) 244-7566
mtucker@fbtlaw.com

July 10, 2006

***Via Facsimile (312) 407-0411
and U.S. Mail***

Ron E. Meisler, Esq.
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

      Re:    Toyota Motor Corporation
              Delphi Licensing Agreement

Dear Mr. Meisler:

     We are counsel to Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") and on behalf of our parent company, Toyota Motor Corporation ("TMC"), have been asked to follow up on a request to Delphi made by Koichiro Inagaki, General manager of the Intellectual Property Division of TMC, regarding the TMC relationship with Delphi under a January 2002 licensing agreement for a Fuel Fill Vapor Recovery System (the "License Agreement").

     Under the License Agreement, certain royalties were due to Delphi in the event TMC or its affiliates produced certain component part products ("Royalty Products") using the licensed intellectual property. The License Agreement was set to expire by its own terms at the end of 2006. TMC ceased production of all Royalty Products in December 2005, and has not produced any such products since that date. Further, no Royalty Products will be produced in the remainder of 2006.

250 West Main Street, Suite 2700     Lexington, Kentucky 40507-1749     (859) 231-0000 • (859) 231-0011 fax     www.frostbrowntodd.com

Ron E. Meisler, Esq.
July 10, 2006
Page 2 of 2

As a result of these developments, TMS has requested since late 2005 and into the early part of 2006 that Delphi consent to an early termination of the License Agreement.  Further, and as documented to Delphi, TMC has overpaid royalties to Delphi in the net amount of $51,342.00 (the "Overpayment").  In connection with the request for an early termination, TMC has also requested a refund of the Overpayment.  We believe this refund can be accomplished in the context of the Delphi bankruptcy as an ordinary course of business transaction.

Despite numerous letters to Delphi, TMC has not received a response to its request.  We realize this is a relatively small matter in the context of Delphi's business affairs, and that the Delphi bankruptcy has added complexities to what otherwise would be straight-forward business decisions.  Even so, we believe that this matter can be handled quickly with the need for only limited investigation by Delphi.

Please contact us at your earliest convenience with some indication of Delphi's response to the TMC requests.  Thank you for your attention to this matter.

Very truly yours,

Martin B. Tucker

MT/cxz

LEXLibrary 0110257.0542262 304541v.1

