HEARING DATE: May 31, 2007 at 10:00 a.m.
RESPONSE DEADLINE: May 29, 2007 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In Re:                              )    Case No. 05-44481
                                    )
DELPHI CORPORATION, et al.,    :    )    Chapter 11
                                    )
        Debtors.                    )    (Jointly Administered)
---------------------------------------------------------------x

**RESPONSE AND OBJECTION OF SPCP GROUP, L.L.C. TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) PROTECTIVE INSURANCE CLAIMS, (D) INSURANCE CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND CLAIMS SUBJECT TO MODIFICATION AND RECLAMATION AGREEMENT (DOCKET # 7825)**

SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (collectively, "SPCP Group"), as assignee of Epcos Inc. ("Epcos"), Multek Flexible Circuits, Inc., et al. ("Multek") and Stanley Electric Sales of America, Inc. / Stanley Electric U.S. Co., Inc. ("Stanley"), by its undersigned counsel, hereby submits this Response and Objection (the "SPCP Group Response") to the above captioned debtors and debtors-in-possession (collectively, the "Debtors") Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims

and Untimely Tax Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement (the "Objection"), as such Objection relates to Claim Nos. 8946, 13815 and 12257 (collectively, the "Subject Claims").[1] In support of the SPCP Group Response, SPCP Group respectfully represents as follows:

## BACKGROUND

1.   On October 8 and 14, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 o f the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").

2.   On or about July 5, 2006, Epcos filed a proof of claim against Delphi Corporation, designated by the Debtors' claims agent as Claim No. 8946, in the amount of $653,356.73 ("Claim No. 8946").

3.   On or about July 31, 2006, Multek filed a proof of claim against Delphi Automotive Systems, LLC, designated by the Debtors' claims agent as Claim No. 13815, in the amount of $223,843.01 ("Claim No. 13815").

4.   On or about July 28, 2006, Stanley filed a proof of claim against Delphi Mechatronic Systems, Inc., designated by the Debtors' claims agent as Claim No. 12257, in the amount of $217,822.60 ("Claim No. 12257").

5.   Pursuant to duly executed assignment of claim agreements, each of Epcos, Multek and Stanley transferred and assigned their respective rights, title and interest in and to the respective Subject Claims to SPCP Group, as evidenced by those

---

[1] The deadline to file responses to the Objection was initially set for May 24, 2007 at 4:00 pm (Eastern). The Debtors extended SPCP Group's time to submit a response to the Objection until May 29, 2007.

{00260181.DOC;}                                           2

certain Evidences of Transfer of Claims, copies of which are attached hereto as Exhibit "A".

6. As of the date hereof, SPCP Group has not yet filed with the Bankruptcy Court individual Notices of Transfer of Claim Pursuant to FRBP Rule 3001(e)(2) and Evidences of Transfer of Claim, regarding its acquisition of the Subject Claims.

7. On or about March 21, 2006, the Debtors file the Objection, in which the Debtors sought to, *inter alia*: (a) reduce the amount of Claim No. 13815, and to reclassify a portion thereof as reclamation claims; and (b) to reclassify portions of Claim No. 8946 and Claim No. 12257 as reclamation claims.

## THE COURT SHOULD DENY THE RELIEF SOUGHT IN THE CLAIMS OBJECTION AS IT RELATES TO THE SUBJECT CLAIMS AND SUSTAIN THE SPCP GROUP RESPONSE

8. The Objection seeks to reduce and/or reclassify the Subject Claims without any factual or legal justification supporting such treatment. This request must be denied because the Objection is devoid of any authority or substantiation that would justify the nature or the amount of such reduction / reclassification. Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] a proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence in the validity and amount of the claim." *See* Fed. Bankr. Proc. 3001(f). As the objecting party, the Debtors have the burden of overcoming the prima facie presumption. *See* Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and that burden has not been fulfilled.

9. SPCP Group requests that each of the Subject Claims be treated as allowed general unsecured claims in the amounts filed.

10. SPCP Group requests that Court overrule the Objection and deny the relief requested by the Debtors as it relates to the Subject Claims., or alternatively, adjourn the hearing on the Objection, as it relates to the Subject Claims for thirty (30) days and so that the Debtors can substantiate the basis for the Objection and SPCP Group and have the opportunity to review such documentation and, to the extent necessary and/or appropriate file a more detailed response.

WHEREFORE, for the foregoing reasons, SPCP Group respectfully submits that the Court should issue and enter an order (i) denying the Claims Objection as it relates to the Subject Claims and allow the Subject Claims as allowed general unsecured claims against the Debtors in the respective amounts listed in the related proofs of claim; or (ii) alternatively, adjourn the hearing on the Objection, as it relates to the Subject Claims for thirty (30) days, so that the Debtors can substantiate the basis for the Objection and SPCP Group and have the opportunity to review such documentation and, to the extent necessary and/or appropriate, file a more detailed response; and (iii) granting SPCP Group such other and further relief as is just and proper.

Dated: New York, New York
      May 29, 2007

                              DREIER LLP
                              Counsel to SPCP Group, L.L.C.

                              By:/s/ Maura I. Russell
                                  Paul Traub (PT 3752)
                                  Maura I. Russell (MR 1178)
                                  Anthony B. Stumbo (AS 9374)
                                  Dreier LLP
                                  499 Park Avenue – 14th Floor
                                  New York, New York 10022
                                  Tel.: 212-328-6100

# EXHIBIT A

EXHIBIT A TO
ASSIGNMENT OF CLAIM

EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, EPCOS INC. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $653,451 (the "Assigned Claim"), against Delphi Automotive Systems, LLC ("Debtor"), the debtor-in-possession in Case No. 05-44640 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claims.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on November 16, 2006.

By: *Sophia McGauchie*
Name of person signing  SOPHIA MCGAUCHIE
Title of person signing  CREDIT MANAGER

EXHIBIT A TO
ASSIGNMENT OF CLAIM

EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **MULTEK FLEXIBLE CIRCUITS, INC., D.B.A. SHELDAHL** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $223,843.01 (the "Assigned Claim"), against Delphi Corporation ("Debtor"), the debtor-in-possession in Case No. 05-44481 (RDD) (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on March __, 2007.

ASSIGNOR:

MULTEK FLEXIBLE CIRCUITS, INC.,
D.B.A. SHELDAHL

By: _____
Name: Dennis H. Hennessy
Title: Credit Manager

C:\Documents and Settings\HennessyD\Local Settings\Temporary Internet Files\OLK314\Delphi - Draft Silver Point Assignment of Claim (3).DOC
10:11:08 AM3/23/2007

APR-20-2007  17:06        AFRCT, LLP                                6265777764    P.09

EXHIBIT A TO
ASSIGNMENT OF CLAIM

EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, Stanley Electric U.S. Co., Inc. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $1,040,216.50 (the "Assigned Claim"), against Delphi Automotive Systems LLC ("Debtor"), the debtor-in-possession in Case No. 05-44640 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on April 20, 2007.

By: _____
BONNIE STEVENSON
Title: VICE PRESIDENT OF FINANCE

J:\Docs\S1040\automotive aoc rv 042007-132538.doc
3:24:04 PM4/20/2007

**EXHIBIT A TO**
**ASSIGNMENT OF CLAIM**

### EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, Stanley Electric U.S. Co., Inc. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $217,822.60 (the "Assigned Claim"), against Delphi Mechatronic Systems, Inc.("Debtor"), the debtor-in-possession in Case No. 05-44567(the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on April 20, 2007.

By: _____
BONNIE STEVENSON
Title: VICE PRESIDENT OF FINANCE

C:\Documents and Settings\FJH\Local Settings\Temporary Internet Files\OLK3\mechatronic aoc rv 042007-132336 (2).doc
3:24:25 PM4/20/2007

TOTAL P.17