United States Bankruptcy Court
Southern District of New York

In re                               Chapter 11

Delphi Corporation, et al           Case No. 05-44481 (RDD)

      Debtors              (Jointly Administered)

## RESPONSE TO THE DEBTORS OBJECTION TO CLAIM

<u>Served upon:</u>
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attention: General Counsel
By Fax: 248.813.2673

and

Counsel to the Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Attention: John Butler, John Lyons, Joseph Wharton
By Fax: 312-407-8501

Claim Number: 16591

May 24, 2007

The Debtors have objected to the above referenced claim on the basis that it is an "Untimely Equity Claim" pursuant to the Debtors' Twelfth Omnibus Objection to Certain Claims (the "Twelfth Omnibus Objection").

The Debtor is wrong on two accounts. First, claim number 16591 is not an Equity Claim and second, the claim was filed before the Bar Date of July 31, 2006.

The enclosed letter from June 11, 2006 that was attached to my original Proof of Claim against Delphi clearly explains that I instructed the transfer agent to sell my Delphi stock on May 5, 2005. The sales were executed on May 5, 2005 and Delphi received the cash proceeds from that sale. Upon the execution of that stock sale I was no longer an equity holder in the Debtors. The Debtors received the cash proceeds from that stock sale and wrote me a check in the amount of $643.64. I became a creditor of the Debtors, just like every other creditor who had received checks from the Debtors before the petition date and who attempted to cash them after the petition date.

The Debtors also assert that my claim was filed in an untimely manner. This is false. The enclosed copies of my letter dated June 11, 2006 and Proof of Claim dated June 3, 2006 were filed prior to the July 31, 2006 Bar Date.

My original letter requested that the Debtors acknowledge the receipt of my claim by contacting me using an enclosed self addressed envelope. When the Debtors failed to do so I sent a second letter (copy enclosed), dated February 28 2007.

In this second letter to the Debtors I included copies of my first letter and original proof of claims as well as another self addressed envelope. This second letter explains that the Debtors failed to acknowledge the receipt of my original claim and requested again that they do so. The Debtors did not respond to my second letter acknowledging receipt of my original claim, instead they objected to my claim as an Untimely Equity Claim, which as I have explained above it is not.

Please accept my unsecured claim in the amount of $643.46.

Respectfully,

*Bradley A. Bennett*

Bradley A. Bennett
211 East 53rd Street Apt 6D
New York, NY 10022
917-902-7219

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
In re                         :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
            Debtors.          :    (Jointly Administered)
                              :
------------------------------x

### NOTICE OF OBJECTION TO CLAIM

Bradley A Bennett and Barbara R Bennett:

    Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged as summarized in that table and described in more detail in the Debtors' Twelfth Omnibus Objection To Certain Claims (the "Twelfth Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Twelfth Omnibus Objection is set for hearing on May 31, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED TWELFTH OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MAY 24, 2007. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

    The enclosed Twelfth Omnibus Objection identifies several different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

    Claims identified as having a Basis For Objection of "Duplicate And Amended Claims" are those that are either duplicates of other Claims or have been amended or superseded by other Claims.

    Claims identified as having a Basis For Objection of "Untimely Equity Claims" are those Claims that are based solely on the ownership of Delphi Corporation common stock and are also not timely filed pursuant to the Bar Date Order. FOR SUCH PROOFS OF CLAIM, THE DEBTORS DO NOT SEEK TO CANCEL OR MODIFY THE HOLDER'S STOCK OWNERSHIP INTERESTS OR THEIR SUBSTANTIVE RIGHTS. Rather, because ownership of common stock does not give rise to a Claim, the Debtors

are requesting that the Bankruptcy Court recharacterize these proofs of claim as proofs of interest and expunge only the Claims.

Claims identified as having a Basis For Objection of "Insufficiently Documented Equity Claims" are those Claims that do not contain sufficient documentation in support of the unpaid dividend portion of the Claim asserted, making it impossible for the Debtors to meaningfully review the asserted Claim. FOR SUCH PROOFS OF CLAIM, THE DEBTORS DO NOT SEEK TO CANCEL OR MODIFY THE HOLDER'S STOCK OWNERSHIP INTERESTS OR THEIR SUBSTANTIVE RIGHTS. Rather, because ownership of common stock does not give rise to a Claim, the Debtors are requesting that the Bankruptcy Court recharacterize these proofs of claim as proofs of interest and expunge only the unpaid dividend portion of the Claims.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|---|---|---|---|---|---|
| 3/29/2007 | 16591 | $643.64 | Untimely Equity Claims | Disallow and Expunge | |

If you wish to view the complete exhibits to the Twelfth Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Twelfth Omnibus Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twelfth Omnibus Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on May 24, 2007. Your Response, if any, to the Twelfth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court

---

[1] Asserted Claim Amounts listed as $0.00 reflect that the claim amount asserted is unliquidated.

2

in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

     Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Claims objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim; and (v) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

     If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the May 31, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on May 31, 2007 at 10:00 a.m. (prevailing Eastern time).

     The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE TWELFTH OMNIBUS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWELFTH OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

3

United States Bankruptcy Court
Southern District of New York
Delphi Corporation Claims
One Bowling Green
Room 534
New York, NY 10004-1408

Cash Number: 05-44481

Re: Unsecured Claim Submitted against Delphi Corporation

February 28, 2007

Dear Sir or Ma'am:

On June 11, 2006 I mailed a proof of claim, letter of explanation, and supporting documentation regarding my Delphi unsecured claim. I also enclosed a stamped, self addressed envelope and copy of the claim but have not yet received acknowledgment of the filing of my claim.

Please acknowledge the receipt of my claim by contacting me at the below address using the enclosed envelope.

Respectfully,

*Bradley A. Bennett*

Bradley A. Bennett
211 East 53rd Street Apt 6D
New York, NY 10022
917-902-7219

United States Bankruptcy Court
Southern District of New York
Delphi Corporation Claims
One Bowling Green
Room 534
New York, NY 10004-1408

Cash Number: 05-44481

Re: Unsecured Claim Submitted against Delphi Corporation

June 11, 2006

Dear Sir or Ma'am:

My mother (Barbara Bennett) and I inherited stock in General Motors from her father when he passed. We held these shares in a joint account at GM. On May, 28, 1999 GM spun off Delphi Automotive to its shareholders and my mother and I became shareholders in Delphi Automotive.

On May 5, 2005 I called the transfer agent and initiated a sale of our shares. The sale was done in two trades, the details of which are on the attached sheet.

My mother received check # 70603022 from the Bank of New York (copy enclosed) dated 9/20/05 in the amount of $643.64. After depositing this check into her account at Commerce Bank on 10-14-05 my mother received a notice from her bank (copy enclosed) dated 10-19-05 informing her that the check had been returned and she was charged a return check fee of $12.00.

After contacting The Bank of New York (Transfer Agent for Delphi shareholders) we learned that after filing for bankruptcy Delphi held the cash generated from our share sale and refused to honor the check due to the bankruptcy proceedings.

My understanding is that my mother and I are now unsecured creditors of Delphi Corporation, who holds the cash precedes from our Delphi share sales.

Please accept this proof of claim for $643.64 and contact me at the below address with any questions.

Respectfully,

*Bradley A. Bennett*

Bradley A. Bennett
211 East 53rd Street Apt 6D
New York, NY 10022
917-902-7219

**Delphi Automotive**

Account number 196-0533

Recipient: Bradley Bennett
Barbara Bennett

**Delphi Stock Sale information**

| # of Shares | Sale Price | Gross Proceeds | Commission | Net Proceeds | Sale Date | Confirmation # | Notes |
|---|---|---|---|---|---|---|---|
| 165.0000 | $3.5973 | 593.55 | (15.00) | $578.55 | 5/5/05 | 5124343293 | Shares held electronically in Direct Registration by Transfer Agent, Bank of New York |
| 22.2626 | $3.5973 | 80.09 | (15.00) | $65.09 | 5/5/05 | 5124350113 | Shares held in a dividend reinvestment plan |
| 187.2626 | | 673.64 | (30.00) | 643.64 | | | |

Customer Service Rep who assisted with Sales on 5/5/05:   Wayne Warner

| UNITED STATES BANKRUPTCY COURT __Southern__ DISTRICT OF __New York__ | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Bradley A Bennett and Barbara R. Bennett

Name and address where notices should be sent:

Bradley A Bennett and Barbara R Bennett
211 E 53rd St Apt 6d
New York NY 10022-4805

Telephone number: 212-357-6861

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces   ☐ amends   a previously filed claim, dated: _____

if this claim

1. **Basis for Claim**
   - ☐ Goods Sold / Services Performed
   - ☐ Customer Claim
   - ☐ Taxes
   - ☐ Money Loaned
   - ☐ Personal Injury
   - ☒ Other  Delphi held cash from shares we sold. We cashed a check from Delphi on 10/14/05 that bounced.
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
     (date)    (date)

2. **Date debt was incurred:**

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ __643.64__ _____ _____ __643.64__
   (unsecured)    (secured)    (priority)    (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim** $ __643.64__
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units- 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

Date: 6/3/06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
_Bradley A. Bennett_

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544481060410192126253004

Investor Services
P O Box 11258
Church Street Station
New York, NY 10286
(800) 818-6599
shareowners@bankofny.com
**www.stockbny.com**



February 21, 2007

BRADLEY A BENNETT & BARBARA
R BENNETT JT TEN
211 E 53RD ST APT 6D
NEW YORK NY 10022-4805

Re: DELPHI CORPORATION
Ticket # 7394552-E5
Co # - 8278 Acct.# - 0001960533

Dear Investor:

Thank you for your recent inquiry regarding the above account.

Regretfully, we are unable issue a replacement check due to the recent declaration for bankruptcy. For additional information you may contact the company directly at 866-688-8740 or 248-813-2602

We hope this information has been helpful. If you need further assistance, please contact us at the above toll-free number. You can also view your stock account at: **www.stockbny.com**

Sincerely,

Investor Services



Date: 10-19-2005

| | | AMOUNT |
|---|---|---|
| | | 643.64 |
| | | 12.00 |

We CHARGED your account and RETURNED to you the following item

| | | REASON |
|---|---|---|
| | | OTHER |
| | Item Amount | $ 643.64 |
| | Return Check Fee | $ 12.00 |

Commerce Bank North
1100 Lake St
Ramsey NJ 07446

Transaction Date
10/14/2005

**CHECK NUMBER**
70603022

CHIC BOUTIQUE LTD
211 E 53RD 6D
NEW YORK NY-100224805

