**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Fax:  (212) 697-1559
Steven J. Reisman (SR 4906)
James V. Drew (JD 2344)

*Attorneys for Multek Flexible Circuits, Inc.*

Hearing Date and Time:  May 31, 2007 at 10:00 a.m.
Response Deadline:  May 30, 2007 (by agreement)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :   Case No. 05-44481 (RDD)
                                                                   :
DELPHI CORPORATION, *et al.*,                                      :   Chapter 11
                                                                   :
                    Debtors.                                       :   Jointly Administered
                                                                   :
------------------------------------------------------------------ x

## RESPONSE OF MULTEK FLEXIBLE CIRCUITS, INC. TO DEBTORS' THIRTEENTH OMNIBUS CLAIMS OBJECTION

Multek Flexible Circuits, Inc. ("Multek"), by and through its undersigned counsel, hereby submits this response (the "Response") to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement (the "Thirteenth Omnibus Claims Objection")[1] and respectfully states as follows:

### BACKGROUND

1.  On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's subsidiaries and affiliates (collectively, the

---

[1] Debtors' counsel granted an extension until May 30, 2007 for Multek to file its response to the Thirteenth Omnibus Claims Objection.  Responses to the Thirteenth Omnibus Claims Objection were otherwise due by May 24, 2007 at 4:00 p.m. (prevailing Eastern time).

-1-

3657667

"Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On July 25, 2006, Multek filed a proof of claim against Automotive (Claim #13815), asserting a claim in the amount of $223,843.01, consisting of a $195,706.98 general unsecured claim, and a priority (reclamation) claim of $28,136.03.[2] The reclamation claim amount comports with the amount proposed by the Debtors in their Amended Statement of Reconciliation, dated June 26, 2006, and as agreed by Multek on June 28, 2006.  Multek's claim seeks payment on unpaid invoices for goods totaling $203,843.01, plus $20,000 for attorneys' fees.

3. Thereafter, Multek worked with the Debtors to reconcile the amount of Multek's claim with the Debtors' books and records.

4. On February 14, 2007, a representative of the Debtors sent Multek's counsel an e-mail (i) stating that Multek's claim had been reconciled, with the exception of 6 invoices totaling $11,300.96 in the aggregate that could not be located in the Debtors' system, and (ii) requesting copies of those invoices along with proof of delivery.

5. On March 5, 2007, Multek's counsel provided information responsive to the Debtors' request.

6. On March 19, 2007, the same Debtors' representative advised Multek's counsel that "[f]rom a financial perspective, the [Multek] claim is essentially reconciled," but that "since the claim was re-directed to our legal staff, I can't close it until I get word from them."  At that time, Multek believed that it had reached a resolution of the matter which would have granted Multek an allowed general unsecured claim in the amount of $204,986.00.

---

[2] On March 27, 2007, Multek assigned Claim #13815 to SPCP Group, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd.

3657667

7.      On April 27, 2007, the Debtors filed the Thirteenth Omnibus Claims Objection, which seeks, among other things, to modify Multek's claim against Automotive (Claim #13815) to a general unsecured claim of $161,660.68 and a priority (reclamation) claim of $11,801.03.

8.      The Thirteenth Omnibus Claims Objection provides no explanation for such modified amounts, nor does the accompanying Notice of Objection to Claim received by Multek's counsel with the Thirteenth Omnibus Claims Objection. Such Notice of Objection to Claim simply states that claims identified as having a basis for objection of "Claims Subject to Modification and Reclamation Agreement," which category includes Multek's Claim #13815, are "those Claims in which the claimant asserted a reclamation demand and the Debtors and the claimant have entered into a letter agreement (the "Reclamation Letter Agreement") pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand, subject to the Debtor's right to seek, at any time and notwithstanding the claimant's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid."

## RESPONSE

9.      Unfortunately, it is impossible to determine from the Thirteenth Omnibus Claims Objection, or the accompanying Notice of Objection to Claim, which defenses are being raised, or which part or parts of Multek's claim are deemed objectionable.

10.     Repeated attempts to obtain such information from Debtors' counsel over the past weeks were unsuccessful. On the evening of May 23, 2007, Debtors' counsel provided for the first time a description of the basis for their objection (i.e., that (i) approximately $25,000 of the claim seeks payment on invoices the Debtors' believe have been paid, (ii) approximately $5,000 of the claim seeks payment on invoices for which the Debtors assert no proof of delivery has been provided, and (iii) the claim for $20,000 in attorneys' fees is objectionable).

11.     Under the circumstances, Multek is unable to provide a complete response to the Thirteenth Omnibus Claims Objection. Nonetheless, Multek submits this Response in order to preserve its rights with respect to the Thirteenth Omnibus Claims Objection.

-3-

3657667

12. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting party, the Debtors have the burden of overcoming that prima facie presumption. See Carey v. Ernst, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim," quoting In re Reilly, 245 B.R. 768, 773 (2nd Cir. BAP 2000)).

13. Moreover, Multek objects to the Thirteenth Omnibus Claims Objection on the basis that it seeks to modify Multek's claim but does not seek to allow the claim as modified. Presumably further objections to the Multek claim are contemplated, which unnecessarily forces Multek to expend resources in defending multiple claims objections (indeed the Thirteenth Omnibus Claims Objection is at least the third of the Debtors' omnibus objections which has implicated Claim #13815). Fundamental fairness dictates that the Debtors determine their position with respect to the Multek claim, explain the basis therefor, and allow Multek the opportunity to contest that determination once and for all.

14. Multek believes that its claim should be allowed as filed, and in any event in an amount not less than $200,000.[3]

---

[3] On May 29, 2007, SPCP Group, L.L.C. filed a response to the Thirteenth Omnibus Claims Objection with regard several claims, including Claim #13815 [Docket No. 8078]. Multek hereby joins in SPCP Group, L.L.C.'s response.

3657667

## CONCLUSION

WHEREFORE, Multek respectfully requests that the Bankruptcy Court allow Multek's claim as filed, and grant Multek such additional relief as the Court determines is just and proper. Multek reserves the right to amend, modify, supplement or withdraw this Response in all respects and further reserves the right to conduct discovery in connection with its claims and to introduce at any hearing on the Thirteenth Omnibus Claims Objection such evidence it deems may be necessary.

Dated: New York, New York
       May 30, 2007

                                      **CURTIS, MALLET-PREVOST,**
                                       **COLT & MOSLE LLP**

                              By: /s/ Steven J. Reisman
                                  Steven J. Reisman (SR 4906)
                                  James V. Drew (JD 2344)
                                  101 Park Avenue
                                  New York, New York 10178-0061
                                  Telephone: (212) 696-6000
                                  Facsimile: (212) 697-1559

                                  *Attorneys for Multek Flexible Circuits, Inc.*

3657667