UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF ERNST &
YOUNG LLP AS INDEPENDENT AUDITORS AND ACCOUNTING
ADVISORS TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO MARCH 1, 2007

("ERNST & YOUNG SUPPLEMENTAL RETENTION ORDER")

Upon the supplemental application, dated May 30, 2007 (the "Supplemental Application"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Ernst & Young LLP ("E&Y") as independent auditors and accounting advisors to the Debtors, effective nunc pro tunc to March 1, 2007; and upon the Supplemental Affidavit Of Kevin F. Asher, sworn to May 30, 2007, in support of the Supplemental Application; and this Court having determined that the relief requested in the Supplemental Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Supplemental Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Supplemental Application is GRANTED.

        2.      Subject to the terms of this Order, the Debtors' employment of E&Y as independent auditors and accounting advisors to the Debtors pursuant to the terms and conditions of the Supplemental Application (and the engagement letter attached thereto) is approved under sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective <u>nunc pro tunc</u> to March 1, 2007.

        3.      E&Y shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

        4.      In the event that E&Y seeks reimbursement for attorneys' fees from the Debtors pursuant to the terms set forth in the engagement letter attached as <u>Exhibit 1</u> to the Application (the "Engagement Letter"), the invoices and supporting time records from such attorneys shall be included in E&Y's own applications (both interim and final) and such invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

        5.      To the extent this Order is inconsistent with the Engagement Letter, this Order shall govern.

      6.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

      7.      The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:  New York, New York
           _____, 2007

                                                            _____
                                                            UNITED STATES BANKRUPTCY JUDGE