**Exhibit A**

**In re Delphi Corporation, <u>et al.</u> ,Case No. 05-44481 (RDD)**

*Responses To The Debtors' Thirteenth Omnibus Claims Objection*
*Organized By Respondent*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 1. | MSX International, Inc. (Docket No. 7935, with a duplicate entry at Docket No. 8083) | 11425 | MSX International, Inc. ("MSX") asserts that it filed four proofs of claim, each for $90,809.43, against four different Debtor entities seeking payment for services rendered.  MSX was unable to determine which legal entity owed the debt, so it filed proofs of claim against each of the four Debtors.  MSX further asserts that the Thirteenth Omnibus Claims Objection (the "Objection") did not state with specificity the ground for the Objection nor whether the Debtors contest any of the documentation provided by MSX with its proofs of claim. MSX also asserts that the Debtors have not overcome their burden of rebutting MSX's <u>prima</u> <u>facie</u> claim, and that accordingly MSX's claim should be allowed. | Books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 2. | Liquidity Solutions, Inc. as assignee of Hexcel Corporation (Docket No. 7987) | 15458 | Liquidity Solutions, Inc. ("Liquidity") informally asked the Debtors that it be allowed to withdraw the reclamation demand filed by Hexcel Corporation and that the Debtors acknowledge the claim as an unsecured claim in the full amount claimed. Liquidity requests that the court either allow the claim as a general unsecured claim in the amount of $100,585.84 or adjourn the hearing on the Objection for a sufficient length of time for Liquidity to reach a mutual understanding with the Debtors as to the amount and classification of the claim.  Liquidity also requests that once the Objection is resolved as to this claim, it should be allowed and not subject to further modification. | Claim subject to modification and reclamation agreement |
| 3. | Liquidity Solutions, Inc. d/b/a Revenue Management as assignee of Hammond Group, Inc. (Docket No. 7989) | 4427 | Liquidity Solutions, Inc. ("Liquidity") asserts that the Debtors offer no specific reason to dispute the asserted amount of the claim. Therefore, Liquidity has insufficient evidence to evaluate and present to the claim's assignor. Liquidity requests that the Objection be overruled and that the claim be allowed in the full amount claimed. | Claim subject to modification and reclamation agreement |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 4. | Contrarian Funds, LLC (Docket No. 8001) | a) 9791, 9792, 9796, 10382, 12690, 15222<br><br>b) 9793, 12669, 12689, 12691, 12692, 15627, 16570<br><br>c) 10381 | a) Contrarian Funds, LLC ("Contrarian") consents to the Debtors' proposed modification, provided that the claims are allowed in full at the modified amounts. Contrarian asserts generally that there is no statutory authority for the Debtors to "modify claims" without allowing the claims in the modified amount.<br><br>b) Contrarian asserts that the Debtors have set forth no evidence to contradict the validity and amount of these proofs of claim, and that therefore, Contrarian opposes any modifications.  Contrarian asserts that the Debtors have shown no basis for reducing or reclassifying these claims.  Contrarian requests that allow these claims be allowed in full as asserted.<br><br>c) Contrarian opposes any reduction to proof of claim no. 10381 because the Debtors requested, in the Ninth Omnibus Claims Objection, that the Court disallow and expunge proof of claim no. 16374, which amended proof of claim 10381.  Contrarian asserts that while the Ninth Omnibus Claims Objection is pending with respect to proof of claim no. 16374, the court should not disallow proof of claim no. 10381. | Claims subject to modification and reclamation agreement |

|  | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** |
|---|---|---|---|---|
| 5. | Millwood Inc. d/b/a Liberty Industries, Inc. (Docket No. 8003) | 10218 | Millwood Inc. ("Millwood") asserts that, after negotiations with the Debtors, it entered into several reclamation agreements comprising a total reclamation claim of $5,946.75. After entering into the reclamation agreements, Millwood filed proof of claim no. 10218, in which it asserted priority administrative expenses in the amount of $55,995.04, the total amount of the original reclamation demands. Millwood inadvertently omitted one reclamation claim ("Reclamation Claim No. 684") from its proof of claim. The Debtors seek to include the amount of Reclamation Claim No. 684 as part of Millwood's unsecured claim rather than as an administrative priority expense. Millwood requests that the amount be included as a priority administrative expense. | Claim subject to modification and reclamation agreement |

|   | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|----------|---------------------|---------------------|---------------------|
| 6. | Motion Industries, Inc. (Docket No. 8004) | 16416 | Motion Industries, Inc. ("Motion Industries") asserts that it filed proof of claim no. 10251 in the amount of $835,355.82 on July 21, 2006 and then, on November 9, 2006, amended that claim by filing proof of claim no. 16416 (the "Amended Claim") in the additional amount of $42,198.43, for a total revised claim of $877,554.25.  Motion Industries asserts that the amount added in the Amended Claim is based on consignment inventory which, on October 8, 2005, Motion Industries believed Delphi would purchase.  Motion Industries further asserts that when it became clear that Delphi was not going to purchase the consigned inventory, Motion Industries filed the amended claim.  Motion Industries acknowledges that, although it initially asserted that a portion of its claim was secured, the entire claim is actually unsecured. Motion Industries asserts that the Court should exercise its discretion to allow the Amended Claim because Motion Industries states that it timely asserted a similar claim. Motion Industries also asserts that the Debtors will not be prejudiced by the filing of the Amended Claim.  In the alternative, Motion Industries asserts that the Amended Claim should be allowed based on excusable neglect. | Untimely |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 7. | Bradford Industries, Inc. (Docket No. 8006) | 16564 | Bradford Industries, Inc. ("Bradford") asserts that proof of claim no. 16564 should be allowed in the full amount of $60,814.07. Bradford asserts that Delphi representatives agree with the amount of the claim and that Bradford deferred filing its proof of claim in reliance upon the good faith efforts of Delphi personnel to resolve the amount of the claim. Bradford further asserts that there is no prejudice to Delphi's estate in allowing the claim in the full amount.  Bradford attaches copies of correspondence with Delphi personnel to its Response. | Untimely |
| 8. | Illinois Department of Revenue (Docket No. 8009) | 16470 | The Illinois Department of Revenue (the "Department") asserts that it filed proof of claim no. 16470 on January 3, 2007 based on taxes arising from Delphi's business activities in the State of Illinois during tax years 2002 and 2003.  The Department asserts that the amount of the claim is taken from the Debtors' tax returns, which were amended on August 29, 2006.  The Department asserts that it had no way of determining the amount of any potential claim against the Debtors until the amended returns were filed and that it did not have any idea that the Debtors owed additional taxes until the amended returns were filed.  Finally, the Department asserts that it should not be penalized by having its claim disallowed as untimely when the claim amount could not be conclusively established until the Debtors filed amended tax returns. The Department asks that the claim be allowed as filed. | Untimely tax claims |

6

|  | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 9. | Crown Enterprises, Inc. (Docket No. 8011) | 11129 | Crown Enterprises, Inc. ("Crown") asserts that proof of claim no. 11129 in the amount of $269,135.33 is based on the alleged obligations of Delphi Automotive Systems LLC ("DAS LLC") to pay taxes, utilities, and repair charges under a lease with Crown. Crown asserts that it furnished to DAS LLC representatives copies of all unpaid utility bills, tax bills, and estimates for repairs. Crown asserts that the Debtors have not provided sufficient evidence to overcome the prima facie validity of Crown's claim, and requests that the claim be allowed in full. | Books and records |
| 10. | Robert Bosch LLC f/k/a Robert Bosch Corporation (Docket No. 8017) | 16467 | Robert Bosch LLC ("Bosch") asserts that proof of claim no. 16467 (the "Amended Claim") amended proof of claim no. 13620 (the "Original Claim") that was filed on July 28, 2006 and reserved the right to amend. Bosch alleges that the Amended Claim is very similar to its timely-filed claim because both allege patent infringement.  Bosch further asserts that, even if the Amended Claim were untimely, it should still be allowed because Bosch can satisfy the requirements for excusable neglect.  Finally, Bosch asserts that it provided more than adequate documentation that it has a valid claim.  Bosch seeks an order denying the Objection.  Bosch also maintains that it is not appropriate for the validity of a patent infringement claim to be decided by a bankruptcy court. | Untimely books and records |

|  | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 11. | Murata Electronics North America, Inc. (Docket No. 8019) | 11053 | Murata Electronics North America, Inc. ("Murata") filed proof of claim no. 11053 asserting a secured claim of $33,926.12 (reflecting a right of setoff), an administrative claim of $111,941.07, and an unsecured claim of $3,579,343.86, for a total of $3,725,211.05. Murata asserts that it reached an agreement with the Debtors that the setoff should be permitted in full.  The Objection seeks to eliminate the secured portion of Murata's claim, which Murata suspects reflects the setoff.  Murata files its response out of an abundance of caution because it is not certain of the Debtors' basis for eliminating the secured portion of the claim.  If the elimination of the secured claim is not due to the setoff agreement, then Murata opposes the modification. | Claim subject to modification and reclamation agreement |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 12. | ACE American Insurance Company, Pacific Employers Insurance Company, Illinois Union Insurance Company, and their affiliates ("ACE") (Docket No. 8023) | 13014, 13025, 13023, 13022, 13015, 13004, 13002, 13032, 13031, 13013, 13007, 13006, 13005, 12997, 13028, 13016, 13018, 13019, 13027, 13029, 13001, 13008, 13035, 13038, 12998, 13000, 13010, 13012, 13024, 13030, 13033, 13017, 13020, 13026, 13034, 13036, 13037, 12999, 13003, 13009, 13011, 13021, 13297, 13312, 13314, 13316, 13302, 13303, 13298, 13311, 13322, 13323, 13326, 13331, 13332, 13294, 13309, 13313, 13320, 13299, 13301, 13304, 13305, 13310, 13324, 13325, 13327, 13296, 13315, 13329, 13333, 13292, 13295, 13306, 13308, 13321, 13328, 13330, 13293, 13300, 13307, 13317, 13318, 13319, 13039, 13063, 13051, 13058, 13069, 13043, 13054, 13070, 13073, 13068, 13042, 13044, 13050, 13052, 13055, 13057, 13060, 13062, 13065, 13067, 13074, 13075, 13046, 13066, 13078, 13079, 13041, 13045, 13053, 13056, 13072, 13080, 13049, 13059, 13061, 13064, 13077, 13071, 13076, 13040, 13047, 13048 | ACE asserts that on January 18, 2006, the Debtors sent a letter ("the Assumption Notice") to ACE notifying them that the Debtors were assuming the insurance agreements between ACE and the Debtors (the "Insurance Agreements") pursuant to the Order Under 11 U.S.C. §§ 362, 363, 365, 1107, And 1108 Authorizing Renewal Of Insurance Coverage And Certain Related Relief, entered January 6, 2006 (Docket No. 1779) (the "Assumption Order").  To clarify any possible ambiguity in the Assumption Order and the Assumption Notice, ACE asserts that filed proofs of claim against each of the Debtors, for a total of 126 proofs of claim (the "Claims"), each asserting an administrative claim in the amount of $5,614.06 plus additional contingent and Unliquidated amounts for obligations under the Insurance Agreements. To clarify any possible ambiguity in the Assumption Order and the Assumption Notice,  ACE proposes that the Debtors and ACE enter into a stipulation and agreed order providing that (a) the Insurance Agreements that were assumed include all of the Debtors' insurance policies with ACE, (b) the Assumption Order applies in all respects to all of the insurance polices and agreements on ACE's "Claims List" (attached to their proofs of claim), (c) each of the policies and agreements on the Claims List was assumed, and (d) all payment obligations owing to ACE from the Debtors are to be accorded administrative priority status and that the Debtors are authorized to pay ACE in the ordinary course of business. | Protective insurance claims |

9

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 13. | Wachovia Bank, National Association (Docket No. 8025) | 14913 | Wachovia Bank, National Association ("Wachovia") filed proof of claim no. 14913 based on a lawsuit pending as of the petition date.  Wachovia asserts that the Debtors do not identify a specific basis for concluding that no debt is owed to Wachovia.  Wachovia further asserts that the fact that a state court action was pending, and that Wachovia's predecessor was listed on the Debtors' bankruptcy schedules shows that the Debtors' assertion that the claim is not reflected on its books and records is tenuous.  Wachovia requests that its claim not be disallowed and expunged. | Books and records |
| 14. | Brush Wellman, Inc. and Zentrix Technologies, Inc. (Docket No. 8026) | a) 9105<br><br>b) 9107 | On July 7, 2006 Brush Wellman, Inc. ("Brush") filed proof of claim no. 9105 asserting a reclamation claim of $123,988.30 and an unsecured claim of $153,171.08 based on supply contracts between the parties  (the "Brush Claim").  On July 7, 2006, Zentrix Technologies, Inc. ("Zentrix") filed proof of claim no. 9107 asserting a reclamation portion of $49,939.19 and an unsecured portion of $48,128.75 (the "Zentrix Claim").  On July 19, 2006, Brush, Zentrix, and the Debtors reached a reclamation agreement fixing the amount of the reclamation claims of Brush, Zentrix, and an affiliate, Technical Materials, Inc., in the aggregate amount of $149,208.16.  Brush and Zentrix assert that the Debtors have not provided evidence to support their Objection.  Brush and Zentrix further allege that the Debtors do not address the reclamation agreement. | a) Claim subject to modification and reclamation agreement<br><br>b) Books and records |

10

|  | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 15. | Best Foam Fabricators, Inc. (Docket No. 8027) | 16550 | Best Foam Fabricators, Inc. ("Best Foam") asserts that it entered into a critical vendor letter pursuant to which it agreed with the Debtors on a critical vendor prepetition trade claim amount, which was subject to further verification by the Debtors.  Best Foam asserts that in January 2007, the Debtors confirmed that they had received the goods paid for through the critical vendor payment. Best Foam then filed a proof of claim for $40,680.44.  Best Foam asserts that its claim should be allowed, despite being filed after the bar date, because Best Foam's failure to timely file was a result of excusable neglect. Best Foam asserts that there is no prejudice to the Debtors and that the amount of the claim would have been included as part of the critical vendor amount but for the Debtors' omission. | Untimely |
| 16. | Millennium Industries Corporation (Docket No. 8032) | 15211 | Millennium Industries Corporation ("Millennium") filed proof of claim no. 15211 asserting a priority claim in the amount of $704,727.68 and an unsecured claim in the amount of $648,163.42.  Millennium does not oppose the reduction in the amount of its priority claim.  Millennium does oppose the modification to its unsecured claim. Millennium asserts that the proof of claim includes an attachment explaining the calculation of the variance between the claimed amount and the modified amount, and attaches the invoices accounting for the variance.  Millennium asserts that it is entitled to an allowed unsecured claim in the amount of $648,163.42 with $1,942 of the unsecured claim being treated as a priority claim. | Claim subject to modification and reclamation agreement |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 17. | Hidria USA, Inc. (Docket No. 8033) | 3734 | Hidria USA, Inc. asserts that its claim may be against a non-debtor affiliate of the Debtors, but that it filed a response to preserve its rights in the chapter 11 cases until the matter can be clarified. | Books and records |
| 18. | Hollingsworth & Vose Co. (Docket No. 8036) | 9540 | Hollingsworth & Vose Co. ("Hollingsworth") asserts that it filed a reclamation demand and entered into a reclamation agreement in the amount of $5,984.96. Hollingsworth filed proof of claim no. 9540 in the amount of $39,111.67. Hollingsworth opposes the modification of its unsecured claim to $9,173.00. Hollingsworth asserts that the Debtors have provided no evidence to support their assertion that the unsecured portion of the claim should be reduced. Hollingsworth also seeks to defer the determination regarding the proper Debtor entity against which its claim is asserted until the Court makes a finding as to whether the Debtors' cases are to be substantively consolidated. | Claim subject to modification and reclamation agreement |
| 19. | Toyota Motor Engineering & Manufacturing North America, Inc. for itself and on behalf of its parent, Toyota Motor Corporation (Docket No. 8037) | 15533 | Toyota Motor Engineering & Manufacturing North America, Inc. ("Toyota") asserts that it and Delphi Technologies, Inc. were parties to a license agreement. Toyota asserts that its claim is based on the overpayment of royalty fees. Toyota further asserts that the Debtors have not previously objected to the validity of the overpayment. Finally, Toyota asserts that the Debtors have failed to carry their burden of producing evidence to refute the allegations in Toyota's proof of claim. | Books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 20. | Department of the Treasury, Internal Revenue Service (Docket No. 8040) | 14154 | The Internal Revenue Service (the "IRS") asserts that it filed proof of claim no. 14154 stating that a secured claim in the amount of $9,281.26 is based on the unpaid penalty portion of Social Security taxes for the tax period ending June 30, 2005.  The IRS opposes the Objection because it asserts that the Debtors failed to rebut the prima facie validity of the IRS's claim.  The IRS further asserts that the Debtors have also failed to rebut the presumption that IRS tax assessments are correct.  The IRS asserts that if the Court does not deny the Objection, then it should grant the IRS the opportunity to conduct discovery. | |
| 21. | Zeller Electric of Rochester, Inc. a/k/a Zeller Electric, Inc. (Docket No. 8046) | 12374 | Zeller Electric of Rochester, Inc. ("Zeller") asserts that it filed its proof of claim on July 27, 2006 for $33,257.86.  Zeller asserts that it entered into a reclamation agreement for a $4,000 reclamation claim.  Zeller asserts, however, that this reclamation claim was in addition the amount claimed on its proof of claim.  Zeller requests that the full amount of its general unsecured claim, in the sum of $33,257.86, be allowed. | Claims subject to modification and reclamation agreement |
| 22. | Special Situations Investment Group, Inc. (Docket No. 8065) | 14137, 9760 | Special Situations Investment Group, Inc. ("SSI") asserts that the Debtors have not satisfied their burden of proof regarding SSI's claims, because the Objection does not state with specificity the grounds for the proposed modifications of the claims. | Claim subject to modification and reclamation agreement |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 23. | SPCP Group, L.L.C. as assignee of Epcos Inc., Multek Flexible Circuits, Inc. and Stanley Electric Sales of America, Inc/Stanley Electric U.S. Co., Inc. (Docket No. 8078) | 8946, 13815, 12257 | SPCP Group, L.L.C. ("SPCP Group") asserts that the Debtors have not fulfilled the burden of proof of overcoming the prima facie presumption that SPCP Group's claims are valid claims, because the Objection lacks a justification for modifying of the claims. | Claim subject to modification and reclamation agreement |
| 24. | Maricopa County Treasurer (Docket No. 8084) | | Maricopa County Treasurer ("Maricopa") filed a claim for prepetition personal property taxes for the year 2005.  Maricopa also filed an administrative claim for personal property taxes for the year 2006 in the amount of $6,041.34.  Maricopa acknowledges that Delphi sent two checks, totaling $6,041.34, but asserts that the checks did not specify the claim or year of the taxes.  The first check was applied to the balance due on 2005 taxes. Maricopa asserts that its practice, because of certain statutes, is to apply tax payments first to delinquent taxes and then to current taxes. Maricopa asserts that, as a result of the 2005 taxes having been paid, Maricopa withdrew its claim for 2005 taxes.  Maricopa further asserts that the property in question is encumbered with a fully secured tax lien pursuant to A.R.S. § 42-17153, and that therefore Maricopa asserts a secured interest. Maricopa also asserts that its secured claim is entitled to receive postpetition interest until the claim is paid in full.  Maricopa requests that the court deny the Objection and asserts a secured administrative claim in the amount of $2,561.12, plus interest. | Untimely books and records |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 25. | CTS of Canada Co. (Docket No. 8085) | 11279 | CTS of Canada Co. ("CTS") asserts that it seeks payment in the amount of $34,432.00. CTS further asserts that it entered into a reclamation agreement with the Debtors in which the parties agreed upon a reclamation claim in the amount of $3,120.45. CTS explains that it transferred a portion of its claim in the amount of $24,300.00 to Bear Stearns Investment Products, Inc. ("Bear Stearns"), and that this partial transfer to Bear Stearns included the $3,120.45 agreed-upon reclamation claim. CTS asserts that the Objection does not explain why the Debtors seek to disallow and expunge the full amount of the claim not transferred to Bear Stearns ($10,132.00). CTS asserts that the Debtors have not rebutted the prima facie validity of CTS's claim and requests that its claim be allowed in the full amount sought. | Claim subject to modification and reclamation agreement |
| 26. | Bay County Florida Tax Collector (Undocketed) | 16559 | Bay County asserts that its claim was timely filed after the tax invoice was billed to the Debtors. Proof of claim no. 16559 was for 2006 taxes, which were incurred on January 1, 2006 and became due and payable after November 1, 2006. | Untimely books and records |
| 27. | CDW Computer Centers, Inc. (Undocketed) | 419, 1659 | CDW Computer Centers, Inc. ("CDW") asserts that its claims should not be disallowed and expunged because payment has not been received for the invoices that form the basis of the claim. CDW attaches invoices and proofs of delivery, where available, to its response. | Books and records |

15

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION |
|---|---|---|---|---|
| 28. | Deringer-Ney Inc. (f/k/a Deringer Mfg Company) (Undocketed) | 7836 | Deringer-Ney Inc. ("Deringer-Ney") asserts that its claim arises from numerous invoices for shipments against Delphi purchase orders, all of which were shipped in the normal course of business.  Deringer-Ney attaches a complete set of invoices, purchase orders, and proofs of delivery. | Insufficiently documented claims |