UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re  :  Chapter 11
:
DELPHI CORPORATION, <u>et al.</u>,  :  Case No. 05-44481 (RDD)
:
                  Debtors.  :  (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CERTAIN (A) INSUFFICIENTLY DOCUMENTED
CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C)
PROTECTIVE INSURANCE CLAIMS,  (D) INSURANCE CLAIMS NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND UNTIMELY TAX
CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, ~~TAX CLAIMS SUBJECT TO
MODIFICATION, AND CLAIMS SUBJECT TO MODIFICATION~~ AND RECLAMATION
<u>AGREEMENT IDENTIFIED IN THIRTEENTH OMNIBUS CLAIMS OBJECTION</u>

("THIRTEENTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims

Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance

Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax

Claims, And (f) Claims Subject To Modification, Tax Claims Subject To Modification, And

Claims Subject To Modification And Reclamation Agreement, dated April 27, 2007 (the

"Thirteenth Omnibus Claims Objection"),[1] of Delphi Corporation and certain of its subsidiaries

and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirteenth Omnibus Claims Objection.

"Debtors"); and upon the record of the hearing held on the Thirteenth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. Each holder of a claim (as to each, a "Claim") listed on Exhibits A-1, A-2, B-1, B-2, C~~-1, C-2,~~, D-1, D-2, ~~E-1, E-2,~~ and E-3 attached hereto was properly and timely served with a copy of the Thirteenth Omnibus Claims Objection, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), a personalized Notice Of Objection To Claim, the proposed order in respect of the Thirteenth Omnibus Claims Objection, and notice of the deadline for responding to the Thirteenth Omnibus Claims Objection. No other or further notice of the Thirteenth Omnibus Claims Objection is necessary.

B. The Court has jurisdiction over the Thirteenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirteenth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirteenth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The Claims listed on Exhibit A-1 hereto contain insufficient documentation to support the Claims asserted (the "Insufficiently Documented Claims").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2   DeltaView comparison of pcdocs://chisr01a/542577/7 and pcdocs://chisr01a/542577/11. Performed on 5/30/2007.

    D.  The Claim listed on <u>Exhibit A-2</u> hereto contains insufficient documentation to support the Claim asserted and was also untimely pursuant to the Bar Date Order (the "Untimely Insufficiently Documented Claim").

    E.  The Claims listed on <u>Exhibit B-1</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books ~~a~~<u>A</u>nd Records Claims").

    F.  The Claims listed on <u>Exhibit B-2</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records and were also untimely pursuant to the Bar Date Order (the "Untimely Books ~~a~~<u>A</u>nd Records Claims").

    ~~G.  The Claims listed on Exhibit C-1 hereto were filed by creditors to protect against future rejection damages (the "Protective Insurance Claims").~~

    <u>G.</u>  ~~H.~~ The Claim listed on <u>Exhibit C</u>~~-2~~ hereto contains liabilities and dollar amounts that are not reflected on the Debtors' books and records (the "Books ~~a~~<u>A</u>nd Records Insurance Claim").

    <u>H.</u>  ~~I.~~ The Claims listed on <u>Exhibit D-1</u> hereto were untimely pursuant to the Bar Date Order (the "Untimely Claims").

    <u>I.</u>  ~~J.~~ The Tax Claims listed on <u>Exhibit D-2</u> hereto were untimely pursuant to the Bar Date Order (the "Untimely Tax Claims").

    <u>J.</u>  ~~K.~~ The Claims listed on <u>Exhibit E</u>-~~1 hereto (a) are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured, administrative, or priority status (the "Claims Subject to Modification").~~

---

3  DeltaView comparison of pcdocs://chisr01a/542577/7 and pcdocs://chisr01a/542577/11. Performed on 5/30/2007.

L.    The Tax Claims listed on Exhibit E-2 hereto (a) state the incorrect amount, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) assert secured or unsecured priority status without sufficient documentation to support such status (collectively, the "Tax Claims Subject to Modification").

M.    The Claims listed on Exhibit E-3 hereto (a) (i) were denominated in a foreign currency or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtors, and/or (iii) incorrectly assert secured, administrative, or priority status and (b) are Claims with respect to which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement (the "Reclamation Letter Agreement") pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant has consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (a) and (b) each, a "Reclamation Agreement"), subject to the Debtor's right to seek, at any time and notwithstanding the claimant's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Claims Subject toTo Modification aAnd Reclamation Agreement").

K.    N. The relief requested in the Thirteenth Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    Each Insufficiently Documented Claim listed on Exhibit A-1 hereto is hereby disallowed and expunged in its entirety.

---

4    DeltaView comparison of pcdocs://chisr01a/542577/7 and pcdocs://chisr01a/542577/11. Performed on 5/30/2007.

    2. The Untimely Insufficiently Documented Claim listed on <u>Exhibit A-2</u> hereto is hereby disallowed and expunged in its entirety.

    3. Each Books ~~a~~<u>A</u>nd Records Claim listed on <u>Exhibit B-1</u> hereto is hereby disallowed and expunged in its entirety.

    4. Each Untimely Books ~~a~~<u>A</u>nd Records Claim listed on <u>Exhibit B-2</u> hereto is hereby disallowed and expunged in its entirety.

    ~~5. Each Protective Insurance Claim listed on Exhibit C-1 hereto is hereby disallowed and expunged in its entirety.~~

    <u>5.</u> ~~6.~~ The Books ~~a~~<u>A</u>nd Records Insurance Claim listed on <u>Exhibit C</u> ~~2~~ hereto is hereby disallowed and expunged in its entirety.

    <u>6.</u> ~~7.~~ Each Untimely Claim listed on <u>Exhibit D-1</u> hereto is hereby disallowed and expunged in its entirety.

    <u>7.</u> ~~8.~~ Each Untimely Tax Claim listed on <u>Exhibit D-2</u> hereto is hereby disallowed and expunged in its entirety.

    ~~9. Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit E-1 hereto is revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit E-1 shall be entitled to (a) a recovery for any Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with the classification that is listed in the "Claim As Modified" column, and/or (c) assert a claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-1, subject to the Debtors' right to further object to each such Claim Subject to Modification.  The Claims Subject to Modification~~

---

5 DeltaView comparison of pcdocs://chisr01a/542577/7 and pcdocs://chisr01a/542577/11. Performed on 5/30/2007.

~~shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.~~

~~10.    Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit E-2 hereto is revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit E-2 shall be entitled to (a) a recovery for any Tax Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with the classification that is listed in the "Claim As Modified" column, and/or (c) assert a claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-2, subject to the Debtors' right to further object to each such Tax Claim Subject to Modification.  The Tax Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.~~

<u>8.</u>    ~~11.~~ Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit E-3</u> hereto is revised to the amount and classification listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit E-3</u> shall be entitled to (a) a recovery for any Claim Subject ~~to~~<u>To</u> Modification ~~a~~<u>A</u>nd Reclamation Agreement in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with the classification that is listed in the "Claim As Modified" column on <u>Exhibit E-3</u>, and/or (c) assert a claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit E-3</u>, subject to the Debtors' right to further object to each such Claim Subject ~~to~~<u>To</u> Modification ~~a~~<u>A</u>nd Reclamation Agreement.  The Claims Subject ~~to~~<u>To</u> Modification ~~a~~<u>A</u>nd Reclamation Agreement shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest. <u> For clarity, Exhibit G hereto displays the</u>

formal name of each of the Debtor entities and their associated bankruptcy case numbers referenced on Exhibit E-3.

9. With respect to each Claim for which a Response to the Thirteenth Omnibus Claims Objection, other than a Response filed by a claimant whose Claim is listed on Exhibits E-1 or E-2 to the Thirteenth Omnibus Claims Objection, has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits F-1, F-2, F-3, F-4, F-5, F-6, and F-7 hereto, the hearing regarding the objection to such Claims is adjourned to a future hearing date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

10. With respect to each Claim listed on Exhibits E-1 or E-2 to the Thirteenth Omnibus Claims Objection, all of which Claims are listed on Exhibits E-1 and E-2 hereto, the hearing regarding the objection to such Claims is adjourned to June 26, 2007 at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York and the deadline for claimants holding such Claims to respond to the Thirteenth Omnibus Claims Objection is continued to 4:00 p.m. (prevailing Eastern time) on June 19, 2007.

11. ~~12.~~ Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to claims that are the subject of the Thirteenth Omnibus Claims Objection.

12. ~~13.~~ Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

7   DeltaView comparison of pcdocs://chisr01a/542577/7 and pcdocs://chisr01a/542577/11. Performed on 5/30/2007.

13.    ~~14.~~ This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirteenth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

14.    ~~15.~~ Each of the objections by the Debtors to each Claim addressed in the Thirteenth Omnibus Claims Objection <u>and set forth on Exhibits F-1, F-2, F-3, F-4, F-5, F-6, and F-7 hereto</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirteenth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

15.    ~~16.~~ Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

16.    ~~17.~~ The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Thirteenth Omnibus Claims Objection.

Dated: New York, New York
          ~~May~~_____ ___, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

---

8    DeltaView comparison of pcdocs://chisr01a/542577/7 and pcdocs://chisr01a/542577/11.  Performed on 5/30/2007.

Document comparison done by DeltaView on Wednesday, May 30, 2007 3:13:04 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr01a/542577/7 |
| Document 2 | pcdocs://chisr01a/542577/11 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from> | |
| >Moved to< | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 24 |
| Deletions | 45 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 69 |

9   DeltaView comparison of pcdocs://chisr01a/542577/7 and pcdocs://chisr01a/542577/11. Performed on 5/30/2007.