IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                                :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,       :    Case No. 05-44481 (RDD)
                                          :
                   Debtors.  :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF SERVICE

      I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

      On May 11, 2007, I caused to be served the documents listed below upon the parties listed on Exhibit A hereto via postage pre-paid U.S. mail:

    1)    Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement ("Thirteenth Omnibus Claims Objection") [without exhibits] (Docket No. 7825) [a copy of which is attached hereto as Exhibit B]

    2)    Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as Exhibit C]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of Exhibit A attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 9 of Exhibit A attached hereto. The chart contained in the form of the Personalized Notice which is attached hereto as Exhibit C has been marked so as to demonstrate the manner in which the information listed in columns 3 through 9 of Exhibit A attached hereto was incorporated into each Personalized Notice.

Dated: May 30, 2007

_____/s/ Evan Gershbein_____
Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 30th day of May, 2007, by
Evan Gershbein, personally known to me or proved to me on the basis of satisfactory
evidence to be the person who appeared before me.

Signature: _____/s/ Shannon J. Spencer_____

Commission Expires: ___6/20/10_____

# EXHIBIT A

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| 123 Inc O A Thompson Emergency | 123 Inc O A Thompson Emergency Freight PO Box 410 Lincoln Park, MI 48146 | 1/31/06 | 1730 | $3,657.48 | Claims Subject to Modification | 05-44640 | $3,657.48 | General Unsecured |
| Ace Controls Inc | Accounting 23435 Industrial Park Dr Farmington Hills, MI 48335 | 7/28/06 | 12205 | $1,113.42 | Claims Subject to Modification | 05-44640 | $1,113.42 | General Unsecured |
| Advanced Micro Devices Inc | Allan J Manzagol One AMD Pl MS68 Sunnyvale, CA 94088-3453 | 5/8/06 | 5126 | $2,387,697.06 | Claims Subject to Modification | 05-44640 | $2,232,151.00 | General Unsecured |
| Advantek Taping Systems Inc | Advantek Taping Systems 6839 Mowry Ave Newark, CA 94560-492 | 5/16/06 | 5946 | $127,867.14 | Claims Subject to Modification | 05-44640 | $126,555.08 | General Unsecured |
| AER Technologies Inc | 650 Columbia St Brea, CA 92821 | 10/28/05 | 192 | $194,615.27 | Claims Subject to Modification | 05-44640 | $96,205.51 | General Unsecured |
| Age Industries Inc | 1701 Amistad Dr San Benito, TX 78586 | 5/8/06 | 4985 | $29,512.35 | Claims Subject to Modification | 05-44640 | $3,559.90 | General Unsecured |
| Aida Dayton Technologies Corp | 7660 Ctr Point 70 Blvd Dayton, OH 45424-6380 | 7/18/06 | 9821 | $17,789.03 | Claims Subject to Modification | 05-44640 | $17,789.03 | General Unsecured |
| Air Academy Press & Associates Llc | 1650 Telstar Dr 110 Ste 110 Colorado Springs, CO 80920-1009 | 7/31/06 | 13607 | $887.00 | Claims Subject to Modification | 05-44482 | $887.00 | General Unsecured |
| Alexanders Pest Control Inc | Stephen A Miller President 14889 Macklin Rd New Springfield, OH 44443 | 11/10/05 | 485 | $4,240.50 | Claims Subject to Modification | 05-44640 | $3,246.50 | General Unsecured |
| All Types Expediting | All Types Expediting & Trans Svcs PO Box 123 Huntertown, IN 46748 | 11/22/05 | 812 | $8,488.94 | Claims Subject to Modification | 05-44640 | $2,006.10 | General Unsecured |
| Allied Fire Protection & Sierra Liquidity Fund | Sierra Liquidity Fund 2699 White Rd Ste 255 Irvine, CA 92614 | 4/24/06 | 2733 | $5,081.80 | Claims Subject to Modification | 05-44640 | $5,081.80 | General Unsecured |
| Allingham Corp | 21250 W 8 Mile Rd Southfield, MI 48075-566 | 5/12/06 | 5676 | $16,785.00 | Claims Subject to Modification | 05-44640 | $16,785.00 | General Unsecured |
| Alstom Power Environmental Consult Sarl | Alstom Power Environmental Consult Sarl 104 Ave Albert 1 Rueil Malmaison, Cedex 92563 France | 11/17/05 | 653 | $67,850.97 | Claims Subject to Modification | 05-44640 | $67,850.97 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Amko Service Company | c o Praxair Inc<br>39 Old Ridgebury Rd<br>Danbury, CT 06810-5113 | 7/20/06 | 10021 | $7,037.10 | Claims Subject to Modification | 05-44640 | $7,037.10 | General Unsecured |
| ANI Safety & Supply | ANI Safety & Supply<br>PO Box 228<br>Skokie, IL 60076 | 2/1/06 | 1742 | $6,168.28 | Claims Subject to Modification | 05-44640 | $5,517.68 | General Unsecured |
| Ariba Inc | Attn Credit & Collections<br>210 6th Ave<br>Pittsburgh, PA 15222 | 10/13/05 | 3 | $252,354.58 | Claims Subject to Modification | 05-44640 | $169,354.58 | General Unsecured |
| Asbury Graphite Mills Inc | 41 Main St<br>PO Box 144<br>Asbury, NJ 08802 | 5/9/06 | 5401 | $12,230.40 | Claims Subject to Modification | 05-44640 | $3,436.80 | General Unsecured |
| Asc Process Systems | 14062 Balboa Blvd<br>Sylmar, CA 91302 | 5/11/06 | 5623 | $16,000.00 | Claims Subject to Modification | 05-44624 | $16,000.00 | General Unsecured |
| ASM Capital II LP | ASM Capital II LP<br>7600 Jericho Turnpike Ste 302<br>Woodbury, NY 11797 | 6/27/06 | 8677 | $72,060.81 | Claims Subject to Modification | 05-44640 | $52,749.13 | General Unsecured |
| Atco Industries Inc | 7200 15 Mile Rd<br>Sterling Heights, MI 48312-452 | 5/10/06 | 5571 | $23,273.34 | Claims Subject to Modification | 05-44640 | $20,176.00 | General Unsecured |
| Atlas Fluid Components Inc | Attorney John A Nehrer<br>111 Stow Ave Ste 100<br>Cuyahoga Falls, OH 44221 | 1/13/06 | 1527 | $6,045.40 | Claims Subject to Modification | 05-44640 | $6,045.40 | General Unsecured |
| Baker Tanks | Chris Cavalier<br>PO Box 513967<br>Los Angeles, CA 90051-3967 | 6/19/06 | 8203 | $7,188.12 | Claims Subject to Modification | 05-44640 | $7,188.12 | General Unsecured |
| Bell Microproducts | Tina Moore<br>201 Monroe St Ste 300<br>Montgomery, AL 36104 | 5/10/06 | 5455 | $17,646.30 | Claims Subject to Modification | 05-44507 | $12,456.65 | General Unsecured |
| Big Bend Agri Services Inc | Big Bend Industrial Sales<br>PO Box 479<br>Cairo, GA 39828 | 4/26/06 | 2774 | $8,884.00 | Claims Subject to Modification | 05-44640 | $8,884.00 | General Unsecured |
| Big Bend Agri Services Inc | Big Bend Agri Services Inc<br>Big Bend Industrial Sales 320 1st Ave Ne<br>Cairo, GA 39828 | 4/26/06 | 2774 | $8,884.00 | Claims Subject to Modification | 05-44640 | $8,884.00 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Blue Water Automotive Systems Inc | Accounts Payable PO Box 339 Range Rd Plant Marysville, MI 48040 | 7/27/06 | 14054 | $15,126.31 | Claims Subject to Modification | 05-44640 | $15,126.31 | General Unsecured |
| Boramco Inc | Boramco Inc PO Box 6 Walkerton, IN 46574-0006 | 12/13/05 | 1133 | $7,506.87 | Claims Subject to Modification | 05-44640 | $7,506.87 | General Unsecured |
| Bosch Rexroth Corporation | Attn Judith Lowitz Adler Robert Bosch Corporation 38000 Hills Tech Dr Farmington Hills, MI 48331 | 7/31/06 | 13650 | $7,976.71 | Claims Subject to Modification | 05-44640 | $1,972.02 | General Unsecured |
| Brake Parts Inc Wix Filtration Corp Affinia Group Inc | Brake Parts Inc Brakes Parts Wix 4400 Prime Pkwy Mchenry, IL 60050 | 7/28/06 | 12011 | $179,220.24 | Claims Subject to Modification | 05-44640 | $86,576.50 | General Unsecured |
| Brinkmann Pumps Inc | 47060 Cartier Dr Wixom, MI 48393 | 5/2/06 | 4522 | $5,574.00 | Claims Subject to Modification | 05-44640 | $5,574.00 | General Unsecured |
| Buckeye Tools and Supply Co | Tom Mitchell 400 Gargrave Rd Dayton, OH 45449 | 5/1/06 | 4009 | $5,556.30 | Claims Subject to Modification | 05-44640 | $5,556.30 | General Unsecured |
| Busak & Shamban South | 2842 Collections Ctr Dr Chicago, IL 60693 | 7/27/06 | 11449 | $8,105.50 | Claims Subject to Modification | 05-44640 | $7,035.70 | General Unsecured |
| Canon USA Inc | Attn Steven Becker Esq One Canon Plz Lake Success, NY 11042-1198 | 7/28/06 | 12700 | $20,492.90 | Claims Subject to Modification | 05-44640 | $20,492.90 | General Unsecured |
| Canon USA Inc | Herrick Feinstein LLP Attn Paul Rubin Esq 2 Park Ave New York, NY 10016 | 7/28/06 | 12700 | $20,492.90 | Claims Subject to Modification | 05-44640 | $20,492.90 | General Unsecured |
| Centro Industrial Supply Corp | 1650 W Sam Houston Pkwy N Houston, TX 77043 | 6/5/06 | 7477 | $21,987.42 | Claims Subject to Modification | 05-44567 | $15,704.22 | General Unsecured |
| Ch2m Hill Spain SL | C 17 Juan de Mariana 3 Planta Portal B Madrid, 28045 Spain | 7/31/06 | 15138 | $28,836.00 | Claims Subject to Modification | 05-44640 | $25,372.60 | General Unsecured |
| Cingular Wireless | Banko PO Box 309 Portland, OR 97207-0309 | 5/8/06 | 5083 | $849.39 | Claims Subject to Modification | 05-44640 | $849.39 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Coface North America Inc | as Agent for Ushio America Inc<br>Attn David Miller<br>PO Box 2102<br>Cranbury, NJ 08512 | 5/18/06 | 6286 | $25,920.04 | Claims Subject to Modification | 05-44640 | $23,724.15 | General Unsecured |
| Computer Systems of America Inc | 22 Batterymarch St<br>Boston, MA 02109 | 5/12/06 | 5699 | $5,670.00 | Claims Subject to Modification | 05-44640 | $5,670.00 | General Unsecured |
| Conceria Pasubio Spa | Attn Paul Ricotta Esq and Stephanie K Hoos Esq<br>Mintz Levin Cohn Ferris Glovsky and Popeo PC<br>666 Third Ave<br>New York, NY 10017 | 7/31/06 | 13772 | $256,726.91 | Claims Subject to Modification | 05-44640 | $247,608.70 | General Unsecured |
| Condit Re Co Inc | 3050 Springboro W<br>Dayton, OH 45439-1716 | 4/28/06 | 3332 | $8,335.27 | Claims Subject to Modification | 05-44640 | $8,335.27 | General Unsecured |
| Contrarian Funds LLC | Attn Alisa Mumola<br>411 W Putnam Ave S 225<br>Greenwich, CT 06830 | 1/17/06 | 1546 | $199,278.47 | Claims Subject to Modification | 05-44640 | $183,958.76 | General Unsecured |
| Cooper Bussmann Inc | Cooper Bussmann Inc<br>175 Hansen Court<br>Wood Dale, IL 60191 | 7/24/06 | 10402 | $220,188.26 | Claims Subject to Modification | 05-44640 | $175,379.31 | General Unsecured |
| Cooper Industries Inc | David Pulliam<br>Bussman Division<br>114 Old Stat E Rd<br>Ellisville, MO 63021 | 5/10/06 | 5519 | $179,851.26 | Claims Subject to Modification | 05-44640 | $115,658.88 | General Unsecured |
| Cooper Standard Automotive | Cooper Standard Automotive<br>39550 Orchard Hill Place<br>Novi, MI 48376-8034 | 7/31/06 | 14661 | $266,362.70 | Claims Subject to Modification | 05-44640 | $266,352.24 | General Unsecured |
| Credence Systems Corp | attn Larry Rock<br>5975 NW Pine Farm Pl<br>Hillsboro, OR 97124 | 7/20/06 | 10007 | $71,436.25 | Claims Subject to Modification | 05-44640 | $33,187.17 | General Unsecured |
| Crompton Sales Company Inc Eft | Chemtura<br>dba Crompton<br>199 Berson Rd<br>Middlebury, CT 06749 | 6/5/06 | 7493 | $65,942.01 | Claims Subject to Modification | 05-44640 | $65,942.01 | General Unsecured |
| Custom Electric Manufacturing Inc | T Eckstein<br>48941 W Rd<br>Wixom, MI 48393 | 11/2/05 | 290 | $12,602.00 | Claims Subject to Modification | 05-44640 | $12,602.00 | General Unsecured |

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| DAA Draexlmaier Automotive of America | DAA Draexlmaier Automotive of America 1751 E Main St Duncan, SC 29334 | 4/4/06 | 2550 | $148,987.53 | Claims Subject to Modification | 05-44640 | $147,992.53 | General Unsecured |
| Dage Precision Industries Inc | 4024 Clipper Court Fremont, CA 94538 | 1/30/06 | 1692 | $5,416.00 | Claims Subject to Modification | 05-44640 | $5,416.00 | General Unsecured |
| Danice Manufacturing Co | 361 Donovan St South Lyon, MI 48178 | 7/31/06 | 15329 | $77,751.36 | Claims Subject to Modification | 05-44640 | $57,013.68 | General Unsecured |
| Danice Manufacturing Co | 201 S Mill St South Lyon, MI 48178-1457 | 7/31/06 | 15329 | $77,751.36 | Claims Subject to Modification | 05-44640 | $57,013.68 | General Unsecured |
| Danice Manufacturing Co | 10165 Colonial Industrial Drive South Lyon, MI 48178 | 7/31/06 | 15329 | $77,751.36 | Claims Subject to Modification | 05-44640 | $57,013.68 | General Unsecured |
| Dayton Drill Bushing  Eft | Leahy Corp PO Box 301 Dayton, OH 45404 | 7/27/06 | 11541 | $11,746.36 | Claims Subject to Modification | 05-44640 | $11,746.36 | General Unsecured |
| De Lage Landen Financial Services Inc | dba OCE USA INC 1111 Old Eagle School Rd Wayne, PA 19087 | 7/5/06 | 8925 | $40,822.50 | Claims Subject to Modification | 05-44640 | $4,163.00 | General Unsecured |
| Dearborn Group | Dearborn Group 27007 Hills Tech Court Farmington Hills, MI 48331 | 11/21/05 | 750 | $17,597.28 | Claims Subject to Modification | 05-44640 | $17,577.00 | General Unsecured |
| Diebolt International Inc | Dadco 43850 Plymouth Oaks Blvd Plymouth, MI 48170 | 5/15/06 | 5826 | $32,091.03 | Claims Subject to Modification | 05-44640 | $30,953.71 | General Unsecured |
| Diversey Corp | Attn Diane Taylor Johnson Diversey Inc Dubois Chemicals Div 200 Crowne Point Pl Sharonville, OH 45241 | 7/24/06 | 10418 | $27,002.18 | Claims Subject to Modification | 05-44640 | $482.04 | General Unsecured |
| Dorner Mfg Corp | 975 Cottonwood Ave Hartland, WI 53029-0020 | 4/11/06 | 2607 | $58.00 | Claims Subject to Modification | 05-44640 | $58.00 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Dott Industries Inc | Ryan D Heilman Esq<br>40950 Woodward Ave Ste 100<br>Bloomfield Hills, MI 48304 | 7/31/06 | 14402 | $18,385.92 | Claims Subject to Modification | 05-44567 | $18,360.04 | General Unsecured |
| Doug Wirt Enterprises Inc dba Wirt Saginaw Stone Dock | Doug Wirt Enterprises Inc dba Wirt Saginaw Stone Dock<br>4700 Crow Island<br>Saginaw, MI 48601 | 12/12/05 | 1128 | $1,892.54 | Claims Subject to Modification | 05-44640 | $1,892.54 | General Unsecured |
| Dow Corning Corporation | Attn Tammy Grove CO1222<br>2200 W Salzburg Rd<br>Midland, MI 48686 | 6/2/06 | 7342 | $67,009.18 | Claims Subject to Modification | 05-44640 | $66,528.00 | General Unsecured |
| Dt Assembly & Test Europe Ltd | Dt Industries<br>Tingewick Rd<br>Buckingham, MK18 1EF United Kingdom | 6/5/06 | 7470 | $55,235.07 | Claims Subject to Modification | 05-44640 | $55,235.07 | General Unsecured |
| Dybrook Products Inc | 5232 Tod Ave S W Unit 23<br>Warren, OH 44481-972 | 7/19/06 | 9916 | $86,129.80 | Claims Subject to Modification | 05-44640 | $74,018.11 | General Unsecured |
| Easylink Services | 33 Knightsbridge Rd<br>Piscataway, NJ 08854 | 12/9/05 | 1090 | $8,142.11 | Claims Subject to Modification | 05-44640 | $8,142.11 | General Unsecured |
| Eaton Office Supply Co Inc | 180 John Glenn Dr<br>Amherst, NY 14228-2292 | 5/4/06 | 4753 | $486.56 | Claims Subject to Modification | 05-44640 | $486.56 | General Unsecured |
| Elite Mold & Engineering Eft | 51548 Filomena Dr<br>Shelby Township, MI 48315 | 5/10/06 | 5468 | $1,500.00 | Claims Subject to Modification | 05-44640 | $1,500.00 | General Unsecured |
| EMG Eifelwerk Heinrich Stein Montage GmbH | EMG Eifelwerk Heinrich Stein Montage GmbH<br>Raiffesisenstrasse 5<br>Uttfeld, 54619 Germany | 11/17/05 | 657 | $4,150.00 | Claims Subject to Modification | 05-44640 | $4,150.00 | General Unsecured |
| Energy Conversion Systems | Energy Conversion Systems Holdings LLC<br>5520 Dillard Dr Ste 260<br>Cary, NC 27518 | 7/31/06 | 15239 | $139,507.23 | Claims Subject to Modification | 05-44640 | $58,655.00 | General Unsecured |
| Engineering Supply Corp | 11281 James St<br>Holland, MI 49424-862 | 5/8/06 | 5060 | $825.00 | Claims Subject to Modification | 05-44640 | $825.00 | General Unsecured |
| Erwin Quarder Inc | Attn Jennifer Steward<br>5101 Kraft Ave SE<br>Grand Rapids, MI 49512 | 1/9/06 | 1464 | $122,867.13 | Claims Subject to Modification | 05-44567 | $100,997.21 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Exonic Systems | 149 Delta Dr<br>Pittsburgh, PA 15238 | 7/31/06 | 15354 | $4,135.81 | Claims Subject to Modification | 05-44640 | $4,135.81 | General Unsecured |
| First Choice Heating & Cooling Inc | 8147 Islandview Dr<br>Newaygo, MI 49337 | 8/2/06 | 15804 | $9,555.10 | Claims Subject to Modification | 05-44640 | $9,555.10 | General Unsecured |
| First Technology Holdings Inc and Affiliates and Subsidiaries | John D Hertzberg<br>30150 Telegraph Rd Ste 444<br>Bingham Farms, MI 48025 | 1/26/06 | 1672 | $633,258.00 | Claims Subject to Modification | 05-44640 | $633,258.00 | General Unsecured |
| Fischer Special Tooling | Kevin Johnson<br>7219 Commerce Dr<br>Mentor, OH 44060 | 5/1/06 | 3946 | $12,161.00 | Claims Subject to Modification | 05-44640 | $12,161.00 | General Unsecured |
| Flex Pac Inc | 7113 S Mayflower Pk Dr<br>Zionsville, IN 46077 | 4/28/06 | 3319 | $2,632.00 | Claims Subject to Modification | 05-44640 | $2,632.00 | General Unsecured |
| Flex Technologies Inc | 104 Flex Dr<br>Portland, TN 37148 | 7/6/06 | 9076 | $35,858.00 | Claims Subject to Modification | 05-44640 | $35,820.11 | General Unsecured |
| Fluid Kinetics Div of Valco Cincinnati | Valco Cincinnati Inc<br>411 Circle Freeway Dr<br>Cincinnati, OH 45246 | 7/25/06 | 10895 | $7,096.55 | Claims Subject to Modification | 05-44640 | $7,096.55 | General Unsecured |
| Foerster Instruments Inc | 140 Industry Dr<br>Pittsburgh, PA 15275 | 5/8/06 | 5063 | $5,428.30 | Claims Subject to Modification | 05-44640 | $5,420.00 | General Unsecured |
| Fox Excavating and Sewer | 1014 Franklin St<br>Sandusky, OH 44870 | 7/24/06 | 10405 | $5,400.00 | Claims Subject to Modification | 05-44640 | $5,400.00 | General Unsecured |
| Fujikoki America Inc | Donnie J Anderson<br>4040 Bronze Way<br>Dallas, TX 75237 | 7/25/06 | 10757 | $72,525.00 | Claims Subject to Modification | 05-44640 | $37,245.00 | General Unsecured |
| Future Electronics | Diane Svendsen<br>41 Main St<br>Bolton, MA 01740 | 11/10/05 | 501 | $311,610.55 | Claims Subject to Modification | 05-44507 | $308,621.57 | General Unsecured |
| Genesee Packaging Inc | Dennis M Haley P14538<br>Winegarden Haley Lindholm & Robertson PLC<br>G 9460 S Saginaw St Ste A<br>Grand Blanc, MI 48439 | 2/13/07 | 16536 | $452,346.63 | Claims Subject to Modification | 05-44640 | $481,540.09 | General Unsecured |

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Goldman Sachs Credit Partners LP | Attn Pedro Ramirez<br>c o Goldman Sachs & Co<br>30 Hudson 17th Fl<br>Jersey City, NJ 07302 | 12/13/05 | 1143 | $2,975.00 | Claims Subject to Modification | 05-44640 | $2,975.00 | General Unsecured |
| Gorman John M Co Inc | 2844 Keenan Ave<br>Dayton, OH 45414-4914 | 7/28/06 | 11937 | $17,280.45 | Claims Subject to Modification | 05-44640 | $17,280.45 | General Unsecured |
| Greiner Perfoam GmbH Germany | Robert Bosch Str 13<br>Wangen, 73117 Germany | 1/30/06 | 1694 | $5,451.99 | Claims Subject to Modification | 05-44640 | $5,367.31 | General Unsecured |
| Greystone Of Lincoln Inc | 7 Wellington Rd<br>Lincoln, RI 02865 | 7/10/06 | 9219 | $290,762.87 | Claims Subject to Modification | 05-44640 | $287,266.60 | General Unsecured |
| Hack Piro Oday Merklinger | Wallace & Mckenna Pa<br>30 Columbia Tkp<br>Florham Pk, NJ 07932 | 7/27/06 | 11258 | $7,745.30 | Claims Subject to Modification | 05-44640 | $7,745.30 | General Unsecured |
| Harris Healthtrends  Eft Corp | 6629 W Central Ave<br>Toledo, OH 43617-1401 | 5/30/06 | 7016 | $54,883.42 | Claims Subject to Modification | 05-44640 | $31,710.90 | General Unsecured |
| Hella Electronics Corp | PO Box 398<br>Flora, IL 62839 | 5/4/06 | 4771 | $167,142.92 | Claims Subject to Modification | 05-44640 | $164,800.58 | General Unsecured |
| Hellermann Tyton GmbH | Hellermann Tyton GmbH<br>GroBer Moorweg 45<br>Tornesch, D-25436 Germany | 12/27/05 | 1338 | $6,555.25 | Claims Subject to Modification | 05-44640 | $6,555.25 | General Unsecured |
| Henry County Rural Electric Me | Henry County Remc<br>201 N 6th St<br>New Castle, IN 47362 | 5/1/06 | 3827 | $31,046.14 | Claims Subject to Modification | 05-44640 | $30,449.05 | General Unsecured |
| Heritage Operating Lp | Ikard & Newsom Servi Gas<br>13307 Montana Ave<br>El Paso, TX 79938 | 6/12/06 | 7847 | $8,716.81 | Claims Subject to Modification | 05-44640 | $8,626.36 | General Unsecured |
| Hill & Knowlton Australia Pty | C 12 338 Pitt St<br>Sydney, N5w 2000 Australia | 6/1/06 | 7324 | $114,828.73 | Claims Subject to Modification | 05-44640 | $114,828.73 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Honeywell International Inc | Debbie Jackson Associate Accounting Acs Cash Services 1985 Douglas Dr N Mn10 2517 Golden Valley, MN 55422 | 3/2/06 | 2170 | $14,595.67 | Claims Subject to Modification | 05-44640 | $7,137.53 | General Unsecured |
| Hottinger Baldwin Measurements Inc | 19 Bartlett St Marlboro, MA 01752 | 7/26/06 | 10977 | $9,062.95 | Claims Subject to Modification | 05-44640 | $9,062.95 | General Unsecured |
| Hyatt Regency Hotel San Antonio | Attn Patrick Gonzales Hyatt Regency Hotel 123 Losoya San Antonio, TX 78205 | 11/17/05 | 643 | $74,900.00 | Claims Subject to Modification | 05-44640 | $74,900.00 | General Unsecured |
| I Donald Penson | Steven Lee Smith Shumaker Loop & Kendrick LLP 41 S Hight St Ste 2400 Columbus, OH 43215 | 3/27/06 | 2427 | $9,249.00 | Claims Subject to Modification | 05-44640 | $9,249.00 | General Unsecured |
| Iberofon Plasticos SL | Iberofon Plasticos SL Pol Ind Miralcampo C Aluminio 4 19200 Azuqueca De Henares Guadalajara, Spain | 12/15/05 | 1177 | $6,764.69 | Claims Subject to Modification | 05-44640 | $6,707.96 | General Unsecured |
| IBJTC Business Credit Corporation as successor in interest to IBJ Whitehall Business Credit Corporation | Ronald S Beacher & Conrad K Chiu Day Pitney LLP 7 Times Square New York, NY 10036 | 7/20/06 | 9995 | $57,149.69 | Claims Subject to Modification | 05-44640 | $44,643.53 | General Unsecured |
| Icom1 Integrated Systems | PO Box 8028 22975 Venture Dr Novi, MI 48376 | 2/9/06 | 1932 | $43,975.27 | Claims Subject to Modification | 05-44640 | $43,975.27 | General Unsecured |
| Indiana University | Attn Michael A Klein Esq Office of University Counsel 107 South Indiana Dr Rm 211 Bloomington, IN 47405-7000 | 7/12/06 | 9648 | $225,089.20 | Claims Subject to Modification | 05-44640 | $128,109.96 | General Unsecured |
| Indianapolis Power & Light Company | LaChelle D Stepp 8470 Allison Point Blvd Ste 100 Indianapolis, IN 46250 | 11/28/05 | 913 | $32,863.89 | Claims Subject to Modification | 05-44640 | $32,844.76 | General Unsecured |
| Industrial Control Distributor | 1776 Bloomsbury Ave Wanamassa, NJ 07712 | 5/4/06 | 4705 | $10,728.12 | Claims Subject to Modification | 05-44640 | $10,728.12 | General Unsecured |
| Integris Metals Flint | 455 85th Ave NW Coon Rapids, MN 55433 | 11/7/05 | 410 | $1,417.80 | Claims Subject to Modification | 05-44640 | $81.60 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Internal Honing Abrasives Inc | John Hoekstra<br>3011 Hillcroft Ave SW<br>Grand Rapids, MI 49548 | 12/13/05 | 1138 | $14,399.28 | Claims Subject to Modification | 05-44640 | $14,399.28 | General Unsecured |
| Iron Mountain Information Management Inc | R Frederick Linfesty Esq<br>Iron Mountain Inc<br>745 Atlantic Ave 10th Fl<br>Boston, MA 02111 | 11/17/05 | 646 | $33,597.65 | Claims Subject to Modification | 05-44640 | $15,868.06 | General Unsecured |
| Isspro Inc | PO Box 11177<br>Portland, OR 97211 | 10/17/05 | 28 | $22,624.17 | Claims Subject to Modification | 05-44640 | $6,165.00 | General Unsecured |
| ITT Cannon Santa Ana | ITT Industries Shared Services<br>2881 East Bayard Street<br>Seneca Falls, NY 13148 | 5/1/06 | 3916 | $48,511.07 | Claims Subject to Modification | 05-44640 | $20,869.49 | General Unsecured |
| ITT MMI | ITT Industries Shared Services<br>2881 East Bayard Street<br>Seneca Falls, NY 13148 | 1/17/06 | 1608 | $7,770.48 | Claims Subject to Modification | 05-44507 | $7,319.84 | General Unsecured |
| J H Bennett and Co Inc | J H Bennett and Co Inc<br>PO Box 8028<br>22975 Venture Dr<br>Novi, MI 48376 | 2/14/06 | 2008 | $7,968.03 | Claims Subject to Modification | 05-44640 | $7,968.03 | General Unsecured |
| Jamison Metal Supply Inc | Karen Jamison<br>PO Box 70<br>Dayton, OH 45449 | 12/27/05 | 1314 | $9,894.39 | Claims Subject to Modification | 05-44640 | $9,894.39 | General Unsecured |
| Jcm American Corporation | Dante Olgado<br>925 Pilot Rd<br>Las Vegas, NV 89119 | 5/3/06 | 4578 | $36,003.34 | Claims Subject to Modification | 05-44507 | $29,237.89 | General Unsecured |
| Jodon Engineering Associates I | 62 Enterprise Dr<br>Ann Arbor, MI 48103-9503 | 5/1/06 | 4261 | $13,152.00 | Claims Subject to Modification | 05-44640 | $13,152.00 | General Unsecured |
| Johann A Krause | 305 W Delavan Dr<br>PO Box 1367<br>Janesville, WI 53547-1367 | 7/31/06 | 13476 | $7,356.00 | Claims Subject to Modification | 05-44640 | $7,356.00 | General Unsecured |
| Johnson Controls Inc | Stephen Bobo<br>Sachnoff & Weaver Ltd<br>10 S Wacker Dr Ste 4000<br>Chicago, IL 60606 | 7/31/06 | 15522 | $12,887.20 | Claims Subject to Modification | 05-44640 | $12,887.20 | General Unsecured |
| Joint Production Technology Inc | Joint Production Technology Inc<br>15381 Hallmark<br>Macomb, MI 48042 | 12/6/05 | 1036 | $14,109.48 | Claims Subject to Modification | 05-44640 | $14,109.48 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| JPMorgan Chase Bank NA | Neelima Veluvolu<br>270 Park Ave 17th Fl<br>New York, NY 10017 | 7/27/06 | 11743 | $1,777,501.48 | Claims Subject to Modification | 05-44640 | $1,145,420.76 | General Unsecured |
| JPMorgan Chase Bank NA | Karen Ostad Esq James J DeCristofaro Esq Lovells<br>590 Madison Ave<br>New York, NY 10022 | 7/27/06 | 11743 | $1,777,501.48 | Claims Subject to Modification | 05-44640 | $1,145,420.76 | General Unsecured |
| Kapos Machine Control Co | Attn Edward Kapanowski<br>41675 Pocatello Dr<br>Canton, MI 48187 | 12/27/05 | 1304 | $11,007.20 | Claims Subject to Modification | 05-44640 | $11,007.20 | General Unsecured |
| KC Transportation Inc | KC Transportation Inc<br>888 Will Carleton Rd<br>Carleton, MI 48117 | 10/31/05 | 255 | $10,721.27 | Claims Subject to Modification | 05-44640 | $10,711.57 | General Unsecured |
| Kincses Tool & Molding Corp | Charles Warriner Comptroller<br>PO Box 69<br>Flora, MS 39071 | 7/31/06 | 13582 | $53,412.66 | Claims Subject to Modification | 05-44640 | $53,412.66 | General Unsecured |
| Kone Inc | Brian Stell<br>One Kone Ct<br>Moline, IL 61265 | 2/23/06 | 2110 | $21,794.34 | Claims Subject to Modification | 05-44640 | $17,197.35 | Priority |
| L & S Tool Inc | Jeanne Simmons<br>PO Box 932<br>Kokomo, IN 46903-0932 | 7/27/06 | 11617 | $527,220.39 | Claims Subject to Modification | 05-44640 | $527,220.33 | General Unsecured |
| Lattice Semiconductor Corp | Attn Mike Walsh<br>5555 NE Moore Ct<br>Hillsboro, OR 97124 | 7/25/06 | 10827 | $7,390.00 | Claims Subject to Modification | 05-44640 | $4,390.00 | General Unsecured |
| Liquidity Solutions Inc | Dba Revenue Management<br>One University Plaza Ste 312<br>Hackensack, NJ 07601 | 1/17/06 | 1563 | $58,575.00 | Claims Subject to Modification | 05-44640 | $1,665.00 | General Unsecured |
| Logikos Systems & Software | 2914 Independence Dr<br>Fort Wayne, IN 46808 | 7/25/06 | 10713 | $49,220.00 | Claims Subject to Modification | 05-44640 | $49,220.00 | General Unsecured |
| Longacre Master Fund Ltd | Vladimir Jelisavcic<br>810 Seventh Ave 22nd Fl<br>New York, NY 10019 | 3/20/07 | 16583 | $206,964.00 | Claims Subject to Modification | 05-44640 | $165,246.00 | General Unsecured |
| Lydall Thermal Acoustical Sales LLC fka Lydall Westex | Lydall Thermal Acoustical Sales LLC fka Lydall Westex<br>1241 Buck Shoals Rd<br>PO Box 109<br>Hamptonville, NC 27020 | 7/13/06 | 9463 | $108,415.00 | Claims Subject to Modification | 05-44640 | $13,850.00 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Mac Arthur Corporation | Thomas F Barrett<br>3190 Tri Park Dr<br>Grand Blanc, MI 48439-0010 | 7/27/06 | 11599 | $432,705.04 | Claims Subject to Modification | 05-44640 | $406,480.82 | General Unsecured |
| Mac Equipment Inc | Hwy 75<br>Sabetha, KS 66534 | 7/31/06 | 14882 | $12,576.40 | Claims Subject to Modification | 05-44640 | $12,576.40 | General Unsecured |
| Machined Products Co | 2121 Landmeier Rd<br>Elk Grove Village, IL 60007 | 5/8/06 | 5115 | $210,634.01 | Claims Subject to Modification | 05-44640 | $164,214.16 | General Unsecured |
| Maersk Sealand Inc | Rose Austin<br>6000 Carnegie Blvd<br>Charlotte, NC 28209 | 10/17/05 | 43 | $12,410.13 | Claims Subject to Modification | 05-44640 | $12,410.13 | General Unsecured |
| Marquardt GmbH | Schloss Str 16<br>Rietheim Weiheim, 78604 Germany | 7/28/06 | 12161 | $875,135.40 | Claims Subject to Modification | 05-44640 | $794,954.68 | General Unsecured |
| Masterpiece Engineering Inc | 3001 Tecumseh Way<br>Corinth, MS 38834 | 11/18/05 | 1166 | $41,452.62 | Claims Subject to Modification | 05-44640 | $41,452.62 | General Unsecured |
| Mecco Partners Llc | PO Box 307<br>Ingomar, PA 15127 | 11/28/05 | 901 | $5,995.00 | Claims Subject to Modification | 05-44640 | $5,995.00 | General Unsecured |
| Mesa Laboratories Inc | Datatrace<br>12100 W 6th Ave<br>Lakewood, CO 80228 | 7/17/06 | 9623 | $16,935.05 | Claims Subject to Modification | 05-44640 | $13,357.05 | General Unsecured |
| Meti | 6000 Fruitville Rd<br>Sarasota, FL 34232 | 7/27/06 | 11611 | $79,771.29 | Claims Subject to Modification | 05-44507 | $67,982.04 | General Unsecured |
| MJM Investigations Inc | 910 Paverstone Dr<br>Raleigh, NC 27525 | 4/17/06 | 2664 | $746.81 | Claims Subject to Modification | 05-44640 | $359.81 | General Unsecured |
| Monroe Inc | c o Robert D Wolford<br>Miller Johnson<br>PO Box 306<br>Grand Rapids, MI 49501-0306 | 3/22/06 | 2352 | $132,868.28 | Claims Subject to Modification | 05-44640 | $75.53 | General Unsecured |
| Moore Wallace North America | Moore Wallace North America<br>3075 Highland Pkwy<br>Downers Grove, IL 60515 | 5/22/06 | 6556 | $5,700.39 | Claims Subject to Modification | 05-44640 | $2,755.00 | General Unsecured |

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Morrison Industrial Equipment Company | Morrison Industrial Equipment Company PO Box 1803 1825 Monroe Nw Grand Rapids, MI 49501 | 4/28/06 | 3289 | $185.04 | Claims Subject to Modification | 05-44640 | $185.04 | General Unsecured |
| Namics Technologies Inc | 5201 Great America Pkwy Ste 272 Santa Clara, CA 95054 | 7/10/06 | 9154 | $113,663.00 | Claims Subject to Modification | 05-44640 | $28,403.00 | General Unsecured |
| Narricot Industries Inc | Tuff Temp Corp 928 Jaymor Rd Ste C150 Southampton, 18966 | 5/5/06 | 4892 | $50,524.45 | Claims Subject to Modification | 05-44640 | $37,826.70 | General Unsecured |
| National Instruments Corp | Order Team 11500 North Mopac Expressway Austin, TX 78759 | 7/24/06 | 10400 | $237,792.65 | Claims Subject to Modification | 05-44640 | $229,990.58 | General Unsecured |
| National Material Company | Attn Barb Lahtinen 1965 Pratt Blvd Elk Grove Village, IL 60007 | 5/3/06 | 4579 | $127,107.21 | Claims Subject to Modification | 05-44640 | $124,219.19 | General Unsecured |
| Nationwide Fence & Supply Co | Industrial Div 53861 Gratiot Ave Chesterfield, MI 48051 | 5/1/06 | 4209 | $9,678.00 | Claims Subject to Modification | 05-44640 | $9,678.00 | General Unsecured |
| New York Power Authority | Attn Joseph Carline Esq 123 Mainstreet White Plains, NY 10601 | 5/18/06 | 6287 | $95,807.17 | Claims Subject to Modification | 05-44640 | $91,526.45 | General Unsecured |
| New York Power Authority | Holland & Knight LLP Holland & Knight LLP Attn Peter Zisser Esq 195 Broadway New York, NY 10037-3189 | 5/18/06 | 6287 | $95,807.17 | Claims Subject to Modification | 05-44640 | $91,526.45 | General Unsecured |
| North American Mfg | 4455 E 71st St Cleveland, OH 44105 | 5/3/06 | 4569 | $1,955.53 | Claims Subject to Modification | 05-44640 | $1,955.53 | General Unsecured |
| Ogura Corporation | Robert A Peurach Esq Fitzgerald & Dakmak PC 615 Griswold Ste 600 Detroit, MI 48226 | 7/18/06 | 9851 | $1,810,852.11 | Claims Subject to Modification | 05-44640 | $1,210.00 | General Unsecured |
| Ohio Desk Company | 1122 Prospect Ave Cleveland, OH 44115-1292 | 5/10/06 | 5491 | $1,186.00 | Claims Subject to Modification | 05-44640 | $1,186.00 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| | | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| 1 | 2 | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Name | Address | | | | | | | |
| Ottos Inc | Ottos Inc<br>529 E Adams St<br>Sandusky, OH 44870 | 11/29/05 | 933 | $14,331.73 | Claims Subject to Modification | 05-44640 | $14,331.73 | General Unsecured |
| Paul Neff & Associates | Craig T Matthews & Associates LPA<br>376 Regency Ridge Dr<br>Centerville, OH 45459 | 11/28/05 | 895 | $16,625.00 | Claims Subject to Modification | 05-44640 | $16,625.00 | General Unsecured |
| Penn Engineering Motion Technologies Pittman Division | Penn Engineering Motion Technologies Pittman Division<br>343 Godshall Dr<br>Harleysville, PA 19438 | 11/21/05 | 729 | $55,503.21 | Claims Subject to Modification | 05-44507 | $55,503.21 | General Unsecured |
| Perfection Tool & Mold Corp | 3020 Production Ct<br>Dayton, OH 45414-3514 | 8/9/06 | 15944 | $8,300.00 | Claims Subject to Modification | 05-44640 | $5,500.00 | General Unsecured |
| Pilot Air Freight | PO Box 97<br>Lima, PA 19037-0097 | 6/21/06 | 8300 | $3,512.20 | Claims Subject to Modification | 05-44640 | $3,512.20 | General Unsecured |
| Plastic Moldings Company Llc | Pmc<br>2181 Grand Ave<br>Cincinnati, OH 45214-150 | 7/17/06 | 9685 | $139,824.40 | Claims Subject to Modification | 05-44640 | $139,824.40 | General Unsecured |
| Port City Metal Products Inc | c o Parmenter O Toole<br>601 Terrace St<br>Muskegon, MI 49443-0786 | 7/28/06 | 12190 | $5,738.00 | Claims Subject to Modification | 05-44567 | $5,738.00 | General Unsecured |
| Potters Industries Inc | Attn Michele Gryga<br>Credit Dept<br>1200 W Swedesford Rd<br>Berwyn, PA 19312 | 5/22/06 | 6586 | $71,580.00 | Claims Subject to Modification | 05-44640 | $71,580.00 | General Unsecured |
| PR Newswire | PR Newswire<br>GPO Box 5897<br>New York, NY 10087-5897 | 10/24/05 | 79 | $11,473.00 | Claims Subject to Modification | 05-44640 | $8,116.00 | General Unsecured |
| Price Heneveld Cooper DeWitt Litton LLP | Price Heneveld Cooper DeWitt Litton LLP<br>PO Box 2567<br>Grand Rapids, MI 49501-2567 | 3/31/06 | 2462 | $103,014.55 | Claims Subject to Modification | 05-44554 | $103,014.55 | General Unsecured |
| Pride Gage Associates Llc | 6725 W Central Ave Ste M<br>Toledo, OH 43617 | 5/8/06 | 5285 | $4,175.04 | Claims Subject to Modification | 05-44640 | $4,175.04 | General Unsecured |
| Proyectos Y Adminsitraciones Electromecanicas Sa De Cv | P Novilleros No 35 Col<br>Playasol Matamorso Tamps<br>, Mexico | 7/27/06 | 11444 | $11,021.96 | Claims Subject to Modification | 05-44640 | $5,932.16 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Pyramid Rebuild & Machine LLC | Attn James Leigh<br>123 S Thomas Rd<br>Tallmadge, OH 44278 | 11/15/05 | 592 | $91,084.00 | Claims Subject to Modification | 05-44640 | $91,000.00 | General Unsecured |
| Qmp Enterprises Inc | 2sq Machine Tools<br>43 County Rte 59<br>Phoenix, NY 13135-2116 | 4/27/06 | 3013 | $4,711.40 | Claims Subject to Modification | 05-44640 | $4,711.40 | General Unsecured |
| Quaker Chemical Corporation | Andrew C Kassner<br>Drinker Biddle & Reath LLP<br>One Logan Square 18th & Cherry St<br>Philadelphia, PA 19103 | 7/21/06 | 10257 | $819,654.23 | Claims Subject to Modification | 05-44640 | $799,803.77 | General Unsecured |
| Quality Solutions Group Llc | 2296 Kenmore Ave<br>Buffalo, NY 14207 | 5/1/06 | 4003 | $7,513.50 | Claims Subject to Modification | 05-44640 | $7,513.50 | General Unsecured |
| R E Dixon Inc | 2801 Lockheed Way<br>Carson City, NV 89706 | 7/10/06 | 9150 | $20,298.56 | Claims Subject to Modification | 05-44640 | $20,298.56 | General Unsecured |
| Rack Processing Co Inc Eft | 2350 Arbor Blvd<br>Dayton, OH 45439-1724 | 6/9/06 | 7699 | $15,408.15 | Claims Subject to Modification | 05-44640 | $12,158.67 | General Unsecured |
| Reco Equipment Inc | PO Box 160<br>Morristown, OH 43759 | 5/9/06 | 5358 | $23,679.17 | Claims Subject to Modification | 05-44640 | $1,789.40 | General Unsecured |
| Requarth Lumber Co Inc | PO Box 38<br>Dayton, OH 45401 | 1/23/06 | 1636 | $8,497.73 | Claims Subject to Modification | 05-44640 | $8,497.73 | General Unsecured |
| Revenue Management as Assignee of Detroit Heading LLC | Revenue Management as Assignee of Detroit Heading LLC<br>One University Plz Ste 312<br>Hackensack, NJ 07601 | 3/24/06 | 2387 | $61,578.63 | Claims Subject to Modification | 05-44640 | $60,876.94 | General Unsecured |
| Riverside Claims LLC as Assignee for Jan Pak Huntsville | Riverside Claims LLC<br>PO Box 626 Planetarium Station<br>New York, NY 10024 | 11/25/05 | 4045 | $4,691.52 | Claims Subject to Modification | 05-44640 | $4,519.20 | General Unsecured |
| Robotics Inc | 2421 Rte 9<br>Ballston Spa, NY 12020-4407 | 5/30/06 | 7031 | $11,108.98 | Claims Subject to Modification | 05-44640 | $8,568.98 | General Unsecured |
| Rochester Gas & Electric Corporation | 89 East Ave<br>Rochester, NY 14649 | 1/12/06 | 1523 | $6,532.99 | Claims Subject to Modification | 05-44640 | $6,187.31 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| S E Huffman Corp Eft | 1050 Huffman Way<br>Clover, SC 29710 | 7/31/06 | 15281 | $5,495.00 | Claims Subject to Modification | 05-44640 | $5,495.00 | General Unsecured |
| S&D Osterfeld Mechanical Contractors Inc | S&D Osterfeld Mechanical<br>1101 Negley Pl<br>Dayton, OH 45402 | 7/28/06 | 12243 | $22,080.43 | Claims Subject to Modification | 05-44640 | $22,080.43 | General Unsecured |
| Salion Inc & Sierra Liquidity Fund | Sierra Liquidity Fund<br>2699 White Road Ste 255<br>Irvine, CA 92614 | 4/13/06 | 2644 | $55,050.00 | Claims Subject to Modification | 05-44640 | $55,050.00 | General Unsecured |
| Samuel Son & Co | Michelle Pritchard<br>4334 Walden Ave<br>Lancaster, NY 14086 | 2/27/06 | 2120 | $97,728.50 | Claims Subject to Modification | 05-44640 | $97,728.50 | General Unsecured |
| Sanwal Technologies Inc | 4 Pequeat Pky<br>Tonawanda, NY 14150-2413 | 4/28/06 | 3128 | $79.60 | Claims Subject to Modification | 05-44640 | $79.60 | General Unsecured |
| Satyam Computer Services Limited | Sanjay Gupta<br>300 Galleria Officentre Ste 322<br>Southfield, MI 48034 | 7/26/06 | 11240 | $169,826.60 | Claims Subject to Modification | 05-44640 | $160,158.60 | General Unsecured |
| Scapa Tapes N A | attn Carmen Folkes<br>111 Great Pond Dr<br>Windsor, CT 06095 | 1/31/06 | 1735 | $69,421.97 | Claims Subject to Modification | 05-44640 | $69,421.97 | General Unsecured |
| Schaefer Systems International & Sierra Liquidity Fund | Sierra Liquidity Fund<br>2699 White Rd Ste 255<br>Irvine, CA 92614 | 4/19/06 | 2696 | $15,234.88 | Claims Subject to Modification | 05-44640 | $1,174.00 | General Unsecured |
| Schaefer Systems International & Sierra Liquidity Fund | Schaefer Systems Intl Inc<br>PO Box 7009<br>Charlotte, NC 28241-7009 | 4/19/06 | 2696 | $15,234.88 | Claims Subject to Modification | 05-44640 | $1,174.00 | General Unsecured |
| Schlemmer Associates Inc | 800 Compton Rd<br>Cincinnati, OH 45231-3846 | 5/5/06 | 4878 | $2,502.07 | Claims Subject to Modification | 05-44640 | $2,502.07 | General Unsecured |
| Schmitt Industries Inc | Attn Michael S McAfee<br>2765 NW Nicolai<br>Portland, OR 97210 | 11/29/05 | 926 | $8,013.77 | Claims Subject to Modification | 05-44640 | $3,198.77 | General Unsecured |
| Scottissue Inc | 3249 Dryden Rd<br>Dayton, OH 45439 | 5/30/06 | 7076 | $38,853.06 | Claims Subject to Modification | 05-44640 | $35,275.55 | General Unsecured |
| Seal & Design Inc | 4015 Casilio Pky<br>Clarence, NY 14031 | 7/17/06 | 9585 | $81,300.76 | Claims Subject to Modification | 05-44640 | $76,102.26 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Sheffield Measurement Inc | Kevin McBride<br>250 Circuit Dr<br>No Kingstown, RI 02852 | 7/24/06 | 10398 | $25,106.75 | Claims Subject to Modification | 05-44640 | $22,104.75 | General Unsecured |
| Southern States Chemical | PO Box 546<br>Savannah, GA 31402 | 7/18/06 | 9695 | $116,779.47 | Claims Subject to Modification | 05-44640 | $116,594.95 | General Unsecured |
| Special Devices Incorporated | 14370 White Sage Rd<br>Moorpark, CA 93021 | 7/28/06 | 11963 | $101,068.30 | Claims Subject to Modification | 05-44640 | $80,347.05 | General Unsecured |
| Speed Tech Corporation | No 568 Sec 1<br>Min Sheng N Rd<br>Kweishan Hsiang, Taoyuan Hsien Taiwan | 7/26/06 | 10955 | $126,623.88 | Claims Subject to Modification | 05-44640 | $113,350.13 | General Unsecured |
| Star SU Star Cutter Company aka Star Cut Sales Gold Star Coating and Star SU LLC | Star Su Star Cutter Company<br>23461 Industrial Park Dr<br>Farmington Hills, MI 48335 | 10/31/05 | 209 | $856.00 | Claims Subject to Modification | 05-44640 | $856.00 | General Unsecured |
| Sunapee Chemical Inc | PO Box 684<br>Wooster, OH 44691 | 5/19/06 | 6336 | $6,720.00 | Claims Subject to Modification | 05-44640 | $6,720.00 | General Unsecured |
| Surface Combustion Inc | Thomas C McClain<br>PO Box 428<br>1700 Indian Wood Circle<br>Maumee, OH 43537-0428 | 6/29/06 | 8770 | $26,343.82 | Claims Subject to Modification | 05-44640 | $26,343.82 | General Unsecured |
| Tapco Products Inc | Tapco Products Inc<br>PO Box 42395<br>Cincinnati, OH 45242 | 12/28/05 | 1341 | $23,917.01 | Claims Subject to Modification | 05-44640 | $22,738.05 | General Unsecured |
| TDS Automotive US Inc | TDS Automotive US Inc<br>2851 High Meadow Cir Ste 250<br>Auburn Hills, MI 48326 | 12/28/05 | 1353 | $53,943.12 | Claims Subject to Modification | 05-44640 | $47,499.16 | General Unsecured |
| Tegal Corporation | 2201 S Mc Dowell Blvd<br>Petaluma, CA 94954 | 1/18/06 | 1576 | $98,962.60 | Claims Subject to Modification | 05-44640 | $53,963.40 | General Unsecured |
| Test America Analytical Testing | Test America Analytical Testing<br>1380 Busch Parkway<br>Buffalo Grove, IL 60089 | 2/3/06 | 1758 | $29,633.67 | Claims Subject to Modification | 05-44640 | $14,695.38 | General Unsecured |
| The Dayton Power and Light Company | 1065 Woodman Dr<br>Dayton, OH 45432 | 7/24/06 | 10373 | $61,309.20 | Claims Subject to Modification | 05-44640 | $37,272.92 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Thielenhaus Microfinish Corporation | attn Ms Joan Coblentz<br>42925 W Nine Mile Rd<br>Novi, MI 48375 | 12/12/05 | 1110 | $42,905.53 | Claims Subject to Modification | 05-44640 | $18,324.04 | General Unsecured |
| Thierica Equipment Corp | 900 Clancy Ave NE<br>Grand Rapids, MI 49503 | 7/27/06 | 11538 | $5,226.75 | Claims Subject to Modification | 05-44640 | $5,226.75 | General Unsecured |
| Three 60 Productions & Sierra Liquidity Fund | Sierra Liquidity Fund<br>2699 White Rd Ste 255<br>Irvine, CA 92614 | 4/19/06 | 2691 | $10,701.40 | Claims Subject to Modification | 05-44640 | $4,274.40 | General Unsecured |
| Titan Plastics Group Inc | 8051 Moorsbridge<br>Portage, MI 49024 | 2/3/06 | 1755 | $229,282.43 | Claims Subject to Modification | 05-44640 | $147,710.86 | General Unsecured |
| Total Filtration Services Inc | 2725 Commerce Pkwy<br>Auburn Hills, MI 48326 | 7/25/06 | 10815 | $2,003.55 | Claims Subject to Modification | 05-44640 | $2,003.55 | General Unsecured |
| Treasurer State of Ohio | attn Robert Leidy<br>Ohio Department of Health<br>161 South High St Ste 400<br>Akron, OH 44308 | 1/9/06 | 1475 | $1,000.00 | Claims Subject to Modification | 05-44640 | $200.00 | General Unsecured |
| Trupar America | Brian Belback<br>160 Wilson Rd<br>Bentleyville, PA 15314 | 6/16/06 | 8075 | $21,230.04 | Claims Subject to Modification | 05-44640 | $20,808.24 | General Unsecured |
| United Road Services Inc DBA Pilot Transport | Attn Bill Cole<br>PO Box 258<br>Brighton, MI 48116 | 2/6/06 | 1793 | $39,726.30 | Claims Subject to Modification | 05-44640 | $39,726.30 | General Unsecured |
| University Of Illinois | The Office Of Business Affairs<br>Grant & Contracts 109 Coble H 801 S Wright St Rmt Chg 5 01<br>Chicago, IL 61820 | 7/31/06 | 15350 | $30,000.00 | Claims Subject to Modification | 05-44640 | $30,000.00 | General Unsecured |
| Usa Mobile Communications | USA Mobility Metrocall Arch Wireless<br>890 E Heinberg St<br>Pensacola, FL 32502 | 5/30/06 | 7084 | $21.78 | Claims Subject to Modification | 05-44624 | $21.78 | General Unsecured |
| Vehma International of American Inc | Max Newman<br>Schafer and Weiner PLLC<br>40950 Woodward Ave Ste 100<br>Bloomfield Hills, MI 48304 | 7/31/06 | 13457 | $379,947.09 | Claims Subject to Modification | 05-44640 | $245,137.69 | General Unsecured |
| Vette Corp | 2 Wall St 4th Fl<br>Manchester, NH 03101 | 7/13/06 | 9471 | $38,735.12 | Claims Subject to Modification | 05-44640 | $12,705.52 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Vishay Americas Inc | Attn Marion R Hubbard 1 Greenwhich PL Shelton, CT 06484 | 7/13/06 | 9452 | $2,675,676.21 | Claims Subject to Modification | 05-44640 | $92,156.46 | General Unsecured |
| Vitronics Soltec | 2 Marin Way Stratham, NH 03885 | 5/22/06 | 6561 | $119,243.50 | Claims Subject to Modification | 05-44640 | $54,359.40 | General Unsecured |
| Vorys Sater Seymour and Pease LLP | c o Randall D LaTour Esq 52 E Gay St PO Box 1008 Columbus, OH 43215 | 7/27/06 | 11393 | $54,050.82 | Claims Subject to Modification | 05-44640 | $648.10 | General Unsecured |
| Voss Manufacturing Inc | 2345 Lockport Rd Sanborn, NY 14132 | 7/19/06 | 9917 | $10,510.50 | Claims Subject to Modification | 05-44640 | $10,510.50 | General Unsecured |
| Wcr Inc Ohio Div | 221 Crane St Dayton, OH 45403 | 6/29/06 | 8742 | $1,690.25 | Claims Subject to Modification | 05-44640 | $1,690.25 | General Unsecured |
| Workplace Integrators | Drawer1634 PO Box 79001 Detroit, MI 48279-1634 | 5/30/06 | 7062 | $20,830.11 | Claims Subject to Modification | 05-44640 | $20,830.11 | General Unsecured |
| Xpedx | Martha Diaz 3900 Lima St Denver, CO 80239 | 7/26/06 | 11224 | $120,421.40 | Claims Subject to Modification | 05-44507 | $120,421.40 | General Unsecured |
| Z Mar Technology | Tonya Chapman PO Box 1298 Matthews, NC 28106 | 5/2/06 | 4399 | $5,066.84 | Claims Subject to Modification | 05-44640 | $2,257.62 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-1 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Anderson Co Sc | Anderson Co Treasurer<br>PO Box 8002<br>Anderson, SC 29622 | 4/27/06 | 2870 | $3,954.48 | Tax Claim Subject to Modification | 05-44640 | $3,033.57 | Priority |
| Campbell County Treasurers Office | Campbell County Treasurers Office<br>PO Box 37<br>Rustburg, VA 24588 | 12/27/05 | 1332 | $1,672.13 | Tax Claim Subject to Modification | 05-44640 | $1,282.73 | Priority |
| Carolyn P Bowers Montgomery County Trustee | Carolyn P Bowers Montgomery County Trustee<br>PO Box 1005<br>Clarksville, TN 37041 | 11/4/05 | 325 | $551.00 | Tax Claim Subject to Modification | 05-44640 | $422.68 | Priority |
| Charter Township of Brighton | Harris & Literski<br>822 E Grand River<br>Brighton, MI 48116 | 7/17/06 | 9558 | $7,331.57 | Tax Claim Subject to Modification | 05-44640 | $7,049.59 | Priority |
| Chesterfield Co Sc | Chesterfield Co Tax Treasurer<br>PO Box 750<br>Chesterfield, SC 29709 | 6/29/06 | 8763 | $1,410.24 | Tax Claim Subject to Modification | 05-44640 | $932.72 | Priority |
| Chris Hughes  Okaloosa County Tax Collector | Chris Hughes Okaloosa County Tax Collector<br>Okaloosa County Tax Collector<br>151-C Eglin Parkway NE<br>Ft Walton Beach, FL 32548 | 5/31/06 | 7239 | $73.22 | Tax Claim Subject to Modification | 05-44640 | $65.65 | General Unsecured |
| Chris Hughes Okaloosa County Tax Collector | Philip A Bates PA<br>PO Box 1390<br>Pensacola, FL 32591-1390 | 5/31/06 | 7238 | $16,756.18 | Tax Claim Subject to Modification | 05-44640 | $16,120.74 | General Unsecured |
| City of Franklin | Tax Collector<br>PO Box 705<br>Franklin, TN 37065 | 10/25/05 | 109 | $4.00 | Tax Claim Subject to Modification | 05-44640 | $3.07 | Priority |
| City of Gordonsville Tennessee | Jamie D Winkler Esq<br>Bellar & Winkler<br>212 Main St N PO Box 332<br>Carthage, TN 37030 | 6/6/06 | 7561 | $16.91 | Tax Claim Subject to Modification | 05-44640 | $12.97 | Priority |
| City of Laredo | c o Laura L Gomez<br>212 Flores Ave<br>Laredo, TX 78040 | 5/23/06 | 6653 | $1,370.50 | Tax Claim Subject to Modification | 05-44640 | $513.63 | Priority |
| City Of Lynchburg Va | City Of Lynchburg<br>PO Box 9000<br>Lynchburg, VA 24505 | 7/21/06 | 10138 | $532.04 | Tax Claim Subject to Modification | 05-44640 | $277.20 | Priority |
| City Of N Kansas Mo | City Hall / City Collector<br>PO Box 7468 2010 Howell St<br>N Kansas City, MO 64116 | 4/28/06 | 3213 | $34,386.70 | Tax Claim Subject to Modification | 05-44640 | $26,378.84 | Priority |

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| City of Pulaski | City of Pulaski<br>PO Box 633<br>Pulaski, TN 38478 | 11/7/05 | 425 | $71.00 | Tax Claim Subject to Modification | 05-44640 | $54.47 | Priority |
| City Of Torrington Ct | City Of Torrington Tax Collector<br>PO Box 839<br>Torrington, CT 06790 | 5/12/06 | 6741 | $2,132.39 | Tax Claim Subject to Modification | 05-44640 | $1,983.62 | General Unsecured |
| Clinton City Recorder | 100 Bowling St City Hall<br>Clinton, TN 37716 | 5/25/06 | 6869 | $351.00 | Tax Claim Subject to Modification | 05-44640 | $331.40 | General Unsecured |
| Clinton County In | Clinton County Treasurer<br>220 Courthouse Sq<br>Frankfort, IN 46041 | 4/27/06 | 2949 | $2,540.94 | Tax Claim Subject to Modification | 05-44640 | $2,245.08 | General Unsecured |
| Copiah County | Tax Collector<br>PO Box 705<br>Hazlehurst, MS 39083 | 4/28/06 | 3392 | $25,358.82 | Tax Claim Subject to Modification | 05-44640 | $24,620.21 | Priority |
| Daviess Co Ky | Daviess County Attorney<br>212 St Ann St<br>Owensboro, KY 42303 | 5/1/06 | 4312 | $529.30 | Tax Claim Subject to Modification | 05-44640 | $272.93 | Priority |
| Dearborn Countyin | Dearborn County Treasurer<br>215b W High St New Adminstration Blgd<br>Lawrenceburg, IN 47025 | 5/19/06 | 6361 | $128.48 | Tax Claim Subject to Modification | 05-44640 | $66.90 | Priority |
| Delaware County Treasurer | Room 102 County Bldg<br>100 W Main St<br>Munice, IN 47305 | 7/20/06 | 10037 | $148.02 | Tax Claim Subject to Modification | 05-44640 | $148.02 | Priority |
| Edgefield Co Sc | Edgefield Co Treasurer<br>PO Box 22<br>Edgefield, SC 29824 | 4/28/06 | 3389 | $43.44 | Tax Claim Subject to Modification | 05-44640 | $28.97 | General Unsecured |
| Forrest Butch Freeman Oklahoma County Treasurer | 320 Robert S Kerr Rm 307<br>Oklahoma City, OK 73102 | 1/17/06 | 1545 | $18.86 | Tax Claim Subject to Modification | 05-44640 | $18.86 | General Unsecured |
| Gleyn Twilla | Gleyn Twilla<br>City Tax Collector<br>425 W Court St<br>Dyersburg, TN 38024 | 5/2/06 | 4415 | $21.33 | Tax Claim Subject to Modification | 05-44640 | $19.95 | Priority |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-2 Service List

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Grayson County | F R Young Jr Treasurer PO Box 127 Independence, VA 24348 | 11/28/05 | 893 | $948.13 | Tax Claim Subject to Modification | 05-44640 | $948.13 | General Unsecured |
| Greenwood Co Sc | Greenwood Co Tax Treasurer 528 Monument St R 101 Greenwood, SC 29646 | 5/5/06 | 4865 | $2,398.16 | Tax Claim Subject to Modification | 05-44640 | $1,599.73 | General Unsecured |
| Henry County Treasurer | 101 S Main St New Castle, IN 47362 | 3/9/06 | 2232 | $11,927.66 | Tax Claim Subject to Modification | 05-44640 | $2,396.24 | Priority |
| Hillsborough County Tax Collector | PO Box 172920 Tampa, FL 33602 | 5/9/06 | 5372 | $860.67 | Tax Claim Subject to Modification | 05-44640 | $860.67 | General Unsecured |
| Jackson County | Manager of Finance Collection Department 415 E 12th St Kansas City, MO 64106-8401 | 5/12/06 | 5756 | $669.29 | Tax Claim Subject to Modification | 05-44640 | $669.29 | Priority |
| Joe G Tedder Tax Collector | Joe G Tedder Tax Collector PO Box 1189 Bartow, FL 33830 | 12/13/05 | 1160 | $636.02 | Tax Claim Subject to Modification | 05-44640 | $487.91 | General Unsecured |
| Johnson County Treasurer Courthouse Annex | 86 W Court St Franklin, IN 46131 | 6/13/06 | 7901 | $2,696.25 | Tax Claim Subject to Modification | 05-44640 | $2,451.14 | Priority |
| Jones Co Ms | Jones Co Tax Collector PO Box 511 Laurel, MS 39441 | 5/22/06 | 6565 | $19.09 | Tax Claim Subject to Modification | 05-44640 | $19.09 | Priority |
| Judy Pitts Revenue Commissioner Etowah County Alabama | Etowah County Courthouse 800 Forrest Ave Rm 5 Gadsden, AL 35901 | 12/27/05 | 1328 | $269,106.72 | Tax Claim Subject to Modification | 05-44640 | $269,106.72 | Priority |
| King County Tax Collector Room 600 | 500 4th Ave Seattle, WA 98104-2340 | 4/28/06 | 3331 | $107.52 | Tax Claim Subject to Modification | 05-44640 | $107.52 | General Unsecured |
| Lexington County | 212 S Lake Dr Lexington, SC 29072 | 2/3/06 | 1770 | $110,647.51 | Tax Claim Subject to Modification | 05-44640 | $98,010.73 | General Unsecured |
| Limestone County Revenue Commissioner | 100 S Clinton St Ste A Athens, AL 35611 | 5/1/06 | 3900 | $279,385.42 | Tax Claim Subject to Modification | 05-44640 | $139,692.54 | General Unsecured |
| Lincoln Co Ms | Lincoln County Tax Collector 301 South 1st St Room 109 Brookhaven, MS 39601 | 5/1/06 | 4301 | $74,750.40 | Tax Claim Subject to Modification | 05-44640 | $74,750.40 | General Unsecured |

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Lincoln County Tax | 301 South 1st Room 109 Brookhaven, MS 39601 | 5/1/06 | 5562 | $26,390.76 | Tax Claim Subject to Modification | 05-44640 | $26,390.76 | Priority |
| Louisville Jefferson County Metro Government | Jefferson County Attorney's Office Fiscal Court Building 531 Court Place Ste 1001 Louisville, KY 40202 | 12/27/05 | 1331 | $385.25 | Tax Claim Subject to Modification | 05-44640 | $207.53 | General Unsecured |
| Madison Co Ms | Madison Co Tax Collector PO Box 113 Canton, MS 39046 | 7/25/06 | 10576 | $24,661.06 | Tax Claim Subject to Modification | 05-44640 | $18,918.07 | Priority |
| Madison County Indiana Treasurer | c o Thomas M Beeman Attorney at Law 33 W 10th St Ste 200 Anderson, IN 46016 | 3/12/07 | 16571 | $1,064,727.48 | Tax Claim Subject to Modification | 05-44640 | $1,064,727.48 | Priority |
| Marion Co Treasurer | Marion Co Treasurer PO Box 275 Marion, SC 29571 | 2/6/06 | 1776 | $25,633.36 | Tax Claim Subject to Modification | 05-44640 | $25,631.21 | Priority |
| Marion County Tax Collector | PO Box 970 Ocala, FL 34478-0970 | 5/4/06 | 4733 | $432.23 | Tax Claim Subject to Modification | 05-44640 | $331.57 | General Unsecured |
| Maury County Trustee | One Public Square Columbia, TN 38401 | 5/1/06 | 3809 | $23,506.58 | Tax Claim Subject to Modification | 05-44640 | $22,821.92 | Priority |
| McDonald County Collector Cloteel Atkins | Box 725 Pineville, MO 64856 | 1/10/06 | 1508 | $2,185.62 | Tax Claim Subject to Modification | 05-44640 | $2,185.62 | General Unsecured |
| Metropolitan Government of Nashville and Davidson County | Dept of Law Rm 204 Metropolitan Courthouse Nashville, TN 37201 | 12/6/05 | 1038 | $806.18 | Tax Claim Subject to Modification | 05-44640 | $618.44 | General Unsecured |
| Monroe Co Mo | Monroe Co Collector 300 N Main PO Box 245 Paris, MO 65275 | 7/27/06 | 11121 | $10,929.20 | Tax Claim Subject to Modification | 05-44640 | $10,929.20 | Priority |
| Monroe County In | Monroe County Treasurer Courthuse Room 204 Bloomington, IN 47404 | 7/24/06 | 10557 | $29.87 | Tax Claim Subject to Modification | 05-44640 | $28.86 | Priority |
| Morgan County Revenue Commissioner | Amanda G Scott CPA PO Box 696 Decatur, AL 35602 | 1/3/06 | 1456 | $6.34 | Tax Claim Subject to Modification | 05-44640 | $6.34 | General Unsecured |

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Newton Co Ms | Newton Co Tax Collector<br>PO Box 7<br>Decatur, MS 39327 | 5/11/06 | 5633 | $5,704.18 | Tax Claim Subject to Modification | 05-44640 | $5,484.79 | Priority |
| Newton County In | Newton County Treasurer<br>Courthouse<br>Kentland, IN 47951 | 5/26/06 | 6939 | $106.91 | Tax Claim Subject to Modification | 05-44640 | $97.19 | Priority |
| Pima County Treasurer Pima County Assessor Pima County Arizona | Pima County Attorneys Office Civil Division<br>32 N Stone Ave Ste 2100<br>Tucson, AZ 85701 | 7/21/06 | 10248 | $8,075.92 | Tax Claim Subject to Modification | 05-44640 | $7,969.66 | General Unsecured |
| Pope County Ar | Pope County Tax Collector<br>100 West Main St<br>Russellville, AR 72801 | 5/1/06 | 3556 | $100.61 | Tax Claim Subject to Modification | 05-44640 | $78.56 | General Unsecured |
| Portage County Treasurer | 449 S Meridian 1st Fl<br>PO Box 1217<br>Ravenna, OH 44266 | 5/1/06 | 3767 | $42,243.59 | Tax Claim Subject to Modification | 05-44640 | $36,676.60 | Priority |
| Rankin County | 211 E Govt St<br>Ste B<br>Brandon, MS 39042 | 5/16/06 | 5922 | $5,452.41 | Tax Claim Subject to Modification | 05-44640 | $5,452.41 | Priority |
| Ray Valdes Seminole County Tax Collector | 1101 E First St<br>PO Box 630<br>Sanford, FL 32772 | 11/7/05 | 424 | $717.59 | Tax Claim Subject to Modification | 05-44640 | $550.48 | General Unsecured |
| Rogers County Treasurer | PO Box 699<br>Claremore, OK 74018 | 6/22/06 | 8347 | $104.09 | Tax Claim Subject to Modification | 05-44640 | $90.04 | Priority |
| Ronald A Leggett Collector of Rev | Ronald A Leggett Collector of Revenue<br>109 City Hall<br>St Louis, MO 63103 | 11/22/05 | 758 | $377.96 | Tax Claim Subject to Modification | 05-44640 | $289.94 | Priority |
| Smith County Trustee | Jamie D Winkler<br>PO Box 332<br>Carthage, TN 37030 | 5/8/06 | 5669 | $36.47 | Tax Claim Subject to Modification | 05-44640 | $33.88 | Priority |
| Smith County Trustee | Smith County Trustee<br>122 Turner High Ste 104<br>Carthage, TN 37030 | 5/8/06 | 5669 | $36.47 | Tax Claim Subject to Modification | 05-44640 | $33.88 | Priority |
| St Johns County Tax Collector | Dennis W Hollingsworth<br>PO Box 9001<br>St Augustine, FL 32085-9001 | 12/27/05 | 1324 | $1,929.19 | Tax Claim Subject to Modification | 05-44640 | $1,479.93 | General Unsecured |

Delphi Corporation
Thirteenth Omnibus Objection
Exhibit E-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| State of Louisiana | Louisiana Department of Revenue PO Box 66658 Baton Rouge, LA 70896 | 5/30/06 | 7093 | $133.12 | Tax Claim Subject to Modification | 05-44640 | $133.12 | Priority |
| Sumner County Trustee | 355 Belvedere Dr Rm 107 Gallatin, TN 37066 | 12/27/05 | 1327 | $2,483.92 | Tax Claim Subject to Modification | 05-44640 | $1,905.46 | Priority |
| Tax Collector | Tax Collector Town of Watertown PO Box 224 Watertown, CT 06795 | 4/26/06 | 2833 | $1,104.78 | Tax Claim Subject to Modification | 05-44640 | $869.39 | General Unsecured |
| Tax Collector Pinellas County | Attn Betty A Gramley Tax Manager PO Box 2943 Clearwater, FL 33757-2943 | 5/2/06 | 4527 | $44,542.68 | Tax Claim Subject to Modification | 05-44640 | $17,084.87 | General Unsecured |
| Tax Collector Santa Rosa County | Attn Cindy Grimes Delinquent Tax Dept Robert McClure Santa Rosa Tax Collector PO Box 7100 Milton, FL 32572 | 4/26/06 | 9271 | $2,257.22 | Tax Claim Subject to Modification | 05-44640 | $2,052.02 | General Unsecured |
| Tipton County In | Tipton County Treasurer Courthouse Tipton, IN 46072 | 6/22/06 | 8344 | $9,379.17 | Tax Claim Subject to Modification | 05-44640 | $7,804.36 | Priority |
| Treasurer Of Kosciusko County | 100 W Ctr St Warsaw, IN 46580 | 6/19/06 | 8225 | $612.98 | Tax Claim Subject to Modification | 05-44640 | $557.25 | General Unsecured |
| Treasurer Of Vigo County | David Crockett PO Box 1466 Indianapolis, IN 46206-1466 | 6/12/06 | 7835 | $6.32 | Tax Claim Subject to Modification | 05-44640 | $4.84 | Priority |
| Williamson County Trustee | Walter J Davis Trustee PO Box 648 Franklin, TN 37065 | 10/25/05 | 108 | $25.00 | Tax Claim Subject to Modification | 05-44640 | $19.18 | Priority |
| Wilson Co Tn | Wilson County Trustee PO Box 865 Lebanon, TN 37088 | 5/16/06 | 6053 | $963.65 | Tax Claim Subject to Modification | 05-44640 | $537.75 | Priority |
| Wilson Co Tn | Robert Rochelle Robert Rochelle Delinquent Tax Atty 109 Castle Heights Ave N Lebanon, TN 37087 | 5/16/06 | 6053 | $963.65 | Tax Claim Subject to Modification | 05-44640 | $537.75 | Priority |
| York County Tax Collector | 1070 Heckle Beva Box 14 Rock Hill, SC 29732-2863 | 1/30/06 | 1706 | $8,156.89 | Tax Claim Subject to Modification | 05-44640 | $6,257.34 | General Unsecured |

5/15/2007 6:49 PM
Omni 13 Objection Exhibit E-2 Service List

# EXHIBIT B

**Hearing Date And Time: May 31, 2007 at 10:00 a.m.**
**Response Date And Time: May 24, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                                          :
          In re                                           :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :    Case No. 05-44481 (RDD)
                                                          :
                                                          :    (Jointly Administered)
                      Debtors.                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY
DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND
RECORDS, (C) PROTECTIVE INSURANCE CLAIMS, (D) INSURANCE CLAIMS NOT
REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND
UNTIMELY TAX CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION,
TAX CLAIMS SUBJECT TO MODIFICATION, AND CLAIMS SUBJECT TO
MODIFICATION AND RECLAMATION AGREEMENT

("THIRTEENTH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not

Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance

Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax

Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And

Claims Subject To Modification And Reclamation Agreement (the "Thirteenth Omnibus Claims

Objection"), and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  The Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders.

3.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

4.       The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.       Current Business Operations Of The Debtors

5.       Delphi and its subsidiaries and affiliates (collectively, the "Company") as of December 31, 2006 had global net sales of $26.4 billion and global assets of approximately $15.4 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public company business reorganization in terms of revenues and the thirteenth largest public company business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11 debtors and continue their business operations without supervision from the Bankruptcy Court.[2]

6.       The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company supplies products to nearly every major global automotive original equipment manufacturer.

7.       Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in

---

[1]     The aggregated financial data used in this Motion generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 27, 2007.

[2]     On March 20 2007, Delphi Automotive Systems Espana S.L., whose sole operation is a non-core automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency proceeding.  The application was approved by the Spanish court on April 13, 2007.  The Concurso proceeding does not affect other Delphi legal entities in Spain or elsewhere and is an isolated event that is consistent with Delphi's transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications.  Although GM is still the Company's

single largest customer, today more than half of Delphi's revenue is generated from non-GM

sources.

C.    Events Leading To The Chapter 11 Filing

8.    In the first two years following Delphi's separation from GM, the

Company generated approximately $2 billion in net income.  Every year thereafter, however,

with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the

Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3]

Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of

approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006, the Debtors incurred

a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee

special attrition programs.

9.    The Debtors believe that the Company's financial performance has

deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational

restrictions driven by collectively bargained agreements, including restrictions preventing the

Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating

largely fixed labor costs, (ii) a competitive U.S. vehicle production environment for domestic

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a
valuation allowance on the U.S. deferred tax assets as of December 31, 2004.  The Company's net operating
loss in calendar year 2004 was $482 million.

4

OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (iii) increasing commodity prices.

10.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward-looking revenue requirements.  Because discussions with its major unions and GM had not progressed sufficiently by the end of the third quarter of 2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value for its stakeholders.

D.    The Debtors' Transformation Plan

11.    On March 31, 2006, the Company outlined five key tenets of its transformation plan.  First, Delphi must modify its labor agreements to create a competitive arena in which to conduct business.  Second, the Debtors must conclude their negotiations with GM to finalize GM's financial support for the Debtors' legacy and labor costs and to ascertain GM's business commitment to the Company.  Third, the Debtors must streamline their product portfolio to capitalize on their world-class technology and market strengths and make the necessary manufacturing alignment with their new focus.  Fourth, the Debtors must transform their salaried workforce to ensure that the Company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint.[4]  Finally, the Debtors must devise a workable solution to their current pension situation.

---

[4]    As part of this effort, effective July 1, 2006, the Company realigned its business operations to focus its product portfolio on core technologies for which the Company believes it has significant competitive and technological advantages.  The Company's revised operating structure consists of its four core business segments:  Electronics and Safety, Thermal Systems, Powertrain Systems, and Electrical/Electronic Architecture.  The Company also has two additional segments, Steering and Automotive Holdings Group, which will be transitioned as part of the Company's transformation plan.

12.     On December 18, 2006, the Debtors marked another milestone in their

chapter 11 cases with the announcement of two significant agreements.  The first of these was an

equity purchase and commitment agreement (the "Equity Purchase and Commitment

Agreement") with affiliates of Appaloosa Management L.P., Cerberus Capital Management, L.P.,

and Harbinger Capital Partners Master Fund I, Ltd., as well as Merrill Lynch & Co. and UBS

Securities LLC (collectively, the "Plan Investors").  Under the Equity Purchase and Commitment

Agreement, the Plan Investors have agreed to invest up to $3.4 billion in preferred and common

equity in the reorganized Delphi to support the Debtors' transformation plan.  The Equity

Purchase and Commitment Agreement is subject to the completion of due diligence, satisfaction

or waiver of numerous other conditions (including Delphi's achievement of consensual

agreements with its principal U.S. labor unions and GM), and the non-exercise by either Delphi

or the Plan Investors of certain termination rights.  The second agreement was a plan framework

support agreement (the "Plan Framework Support Agreement") with the Plan Investors and GM.

The Plan Framework Support Agreement outlines certain proposed terms of the Debtors'

anticipated plan of reorganization, including the distributions to be made to creditors and

shareholders, the treatment of GM's claims, the resolution of certain pension funding issues, and

the corporate governance of the reorganized Debtors.  The terms of the Plan Framework Support

Agreement are expressly conditioned on the Debtors' reaching consensual agreements with their

U.S. labor unions and GM.

13.     On January 12, 2007, this Court authorized the Debtors to execute, deliver,

and implement the Equity Purchase and Commitment Agreement and the Plan Framework

Support Agreement (Docket No. 6589).  On February 28, 2007, Delphi entered into an

amendment to the Equity Purchase and Commitment Agreement with the Plan Investors to

6

extend the date by which the Company, the Cerberus Capital Management, L.P. affiliate, or the

Appaloosa Management L.P. affiliate have the right to terminate the agreement on account of not

yet having completed tentative labor agreements with Delphi's principal U.S. labor unions and a

consensual settlement of legacy issues with GM.  The amendment extended the termination right

pursuant to a 14-day notice mechanism.  The amendment also extended the deadline to make

certain regulatory filings under the federal antitrust laws in connection with the Equity Purchase

and Commitment Agreement and the Plan Framework Support Agreement.

14.     On April 19, 2007, Delphi announced that the Debtors anticipated

negotiating changes to the Equity Purchase and Commitment Agreement and the Plan

Framework Support Agreement.  The Debtors do not believe that these developments are

expected to preclude the Debtors from filing a joint plan of reorganization and related documents

with the Court prior to the current expiration of the exclusivity period on July 31, 2007 or

emerging from chapter 11 reorganization this year.  The Debtors also confirmed that none of the

parties entitled to give notice of termination of the framework agreements had done so as of

April 19, 2007 and that these agreements remain effective as previously filed until modified or

terminated.

15.     Although much remains to be accomplished in the Debtors' reorganization

cases, the Debtors and their stakeholders are together navigating a course that should lead to a

consensual resolution with their U.S. labor unions and GM while providing an acceptable

financial recovery framework for the Debtors' stakeholders.  Upon the conclusion of the

reorganization process, the Debtors expect to emerge as a stronger, more financially sound

business with viable U.S. operations that are well-positioned to advance global enterprise

objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-

7

quality products to its customers globally.  Additionally, the Company will preserve and
continue the strategic growth of its non-U.S. operations and maintain its prominence as the
world's premier auto supplier.

E.    Bar Date, Proofs Of Claim, And Omnibus Claims Objections

16.    On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b),
501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a)
Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice
Thereof (Docket No. 3206) (the "Bar Date Order").  Among other things, the Bar Date Order
established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or
wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5), against a Debtor
(collectively, the "Claimants") to file a proof of claim with respect to each such Claim.

17.    On or prior to April 20, 2006, Kurtzman Carson Consultants LLC, the
claims and noticing agent in these cases (the "Claims Agent"), provided notice of the Bar Date
by mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a
proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets
and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed with
this Court on January 20, 2006 (and subsequently amended on February 1, 2006 and April 18,
2006) and (b) the persons and entities included in the notice database compiled by the Debtors,
but not listed on any of the Schedules and Statements.  In total, the Debtors provided Bar Date
Notices to more than 500,000 persons and entities.

18.    In addition, the Debtors published the Bar Date Notice in the New York
Times (National Edition), the Wall Street Journal (National, European, and Asian Editions),
USA Today (Worldwide Edition), the Automotive News (National Edition), and in local editions
of the following publications: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo

8

News, the Chicago Sun Times, the Clinton News, the Columbia Dispatch, the Daily Leader,

Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, the

Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greenville News, the Indianapolis

Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader,

the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile

Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the

Saginaw News, the Sandusky, the Tribune Chronicle, the Tulsa World, the Tuscaloosa News,

and the Vindicator, and electronically through posting on the Delphi Legal Information Website,

www.delphidocket.com, on or before April 24, 2006.

19.    Approximately 16,600 proofs of claim (the "Proofs of Claim") have been

filed against the Debtors in these cases.  The Debtors have filed six omnibus procedural Claims

objections[5] and five omnibus substantive Claims objections.[6]  Pursuant to such omnibus Claims

---

[5]    The Debtors filed the First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To
Certain (i) Duplicate And Amended Claims And (ii) Equity Claims (Docket No. 5151) on September 19, 2006;
the Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To
Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (iii)
Duplicate And Amended Claims (Docket No. 5451) on October 31, 2006; the Fourth Omnibus Objection
(Procedural) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate And Amended
Claims (Docket No. 6099) on December 8, 2006; the Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b)
And Fed. R. Bankr. P. 3007 To Certain (i) Duplicate And Amended Claims And (ii) Equity Claims (Docket No.
6571) on January 12, 2007; the Eighth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And
Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Claims Duplicative Of The
Consolidated Trustee Claim, (C) Equity Claims, And (D) Protective Claims (Docket No. 6962) on February 15,
2007; and the Tenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) and Fed. R. Bankr. P.
3007 To Certain (A) Duplicative and Amended Claims And (B) Equity Claims (Docket No. 7300) on March 16,
2007.

[6]    The Debtors filed the (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R.
Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors'
Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And
Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) on October 31, 2006; Fifth Omnibus
Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims
With Insufficient Documentation And (b) Claims Not Reflected On Debtors' Books And Records  (Docket No.
6100) on December 8, 2006; Seventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And
Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors'
Books And Records, And (c) Untimely Claims (Docket No. 6585) on January 12, 2007; Ninth Omnibus

*(cont'd)*

05-44481-rdd    Doc 8106    Filed 05/30/07    Entered 05/30/07 22:57:08    Main Document
Pg 39 of 81

objections, the Court has disallowed and expunged approximately 8,846 Claims, and another 500

Claims are the subjects of pending objections.

20.    On October 31, 2006, the Debtors filed the Motion For Order Pursuant To

11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,

And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims

And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or

Estimation Of Claims (Docket No. 5453) (the "Claims Objection Procedures Motion"), in which

the Debtors requested this Court, among other things, to approve certain procedures for contested

claim objections.  On December 7, 2006, the Court entered the Order Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i)

Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures

Governing Objections to Claims (Docket No. 6089) (the "Claims Objection Procedures Order").

21.    In this Thirteenth Omnibus Claims Objection, the Debtors are objecting to

698 Proofs of Claim.[7]

_____

(cont'd from previous page)

Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a)
Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Untimely
Claims, And (d) Claims Subject To Modification (Docket No. 6968) on February 15, 2007; and Eleventh
Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)
Insufficiently Documented Claims (B) Claims Not Reflected On Debtors' Books and Records, (C) Untimely
Claims, and (D) Claims Subject To Modification (Docket No. 7301) on March 16, 2007.

[7]    Contemporaneously with the Thirteenth Omnibus Claims Objection, the Debtors are filing the Twelfth Omnibus
Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate
And Amended Claims And (B) Equity Claims (the "Twelfth Omnibus Claims Objection").  In the Twelfth
Omnibus Claims Objection, the Debtors object to claims on procedural grounds and are seeking to expunge and
disallow Claims that (a) are duplicative of other Claims or have been amended or superseded by later filed
Claims, (b) were filed by equity holders solely on account of their stock holdings, or (c) are equity claims that
are insufficiently documented.  The Debtors are objecting to 71 Proofs of Claim in the Twelfth Omnibus Claims
Objection.

<u>Relief Requested</u>

22.     By this Objection, the Debtors seek entry of an order pursuant to section

502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 (a) disallowing and expunging those

Claims set forth on <u>Exhibit A-1</u> attached hereto because they contain insufficient documentation

in support of the Claims asserted, (b) disallowing and expunging the Claim set forth on <u>Exhibit</u>

<u>A-2</u> attached hereto because it contains insufficient documentation in support of the Claim

asserted and was untimely pursuant to the Bar Date Order, (c) disallowing and expunging those

Claims set forth on <u>Exhibit B-1</u> attached hereto because they assert liabilities or dollar amounts

that are not reflected on the Debtors' books and records, (d) disallowing and expunging those

Claims set forth on <u>Exhibit B-2</u> attached hereto because they assert liabilities or dollar amounts

that are not reflected on the Debtors' books and records and were untimely pursuant to the Bar

Date Order, (e) disallowing and expunging the Claims set forth on <u>Exhibit C-1</u> attached hereto

because they are Claims filed by insurance companies that are merely protective in nature, (f)

disallowing and expunging the Claim set forth on <u>Exhibit C-2</u> attached hereto because it is a

Claim filed by an insurance company that asserts liabilities that are not reflected on the Debtors'

books and records, (g) disallowing and expunging the Claims set forth on <u>Exhibit D-1</u> attached

hereto because they were untimely pursuant to the Bar Date Order, (h) disallowing and

expunging the Claims set forth on <u>Exhibit D-2</u> attached hereto because they are claims filed by

taxing authorities that were untimely pursuant to the Bar Date Order, (i) revising the asserted

amount or classification, and/or changing the identity of the alleged Debtor, with respect to the

Claims set forth on <u>Exhibit E-1</u> attached hereto, (j) revising the asserted amount or classification,

and/or changing the identity of the alleged Debtor, with respect to the Claims set forth on <u>Exhibit</u>

<u>E-2</u> attached hereto, which were filed by taxing authorities, and (k) revising the asserted amount

11

and/or classification with respect to the Claims set forth on <u>Exhibit E-3</u> attached hereto, each of

which is also subject to an agreement between the claimant and the Debtors relating to the valid

amount of each claimant's reclamation demand, subject to certain reserved defenses.

Objections To Claims

F.    <u>Insufficiently Documented Claims</u>

      23.    During their review, the Debtors discovered that certain Proofs of Claim

do not include sufficient documentation to support the claim asserted (the "Insufficiently

Documented Claims").  This deficiency in documentation has made it impossible for the Debtors

meaningfully to review the asserted Claims.  Although the Debtors contacted each Claimant

which filed an Insufficiently Documented Claim (other than those Claimants which filed a blank

proof of claim form), the Debtors received no additional documentation from such Claimants.[8]

      24.    The burden of proof to establish a claim against an estate rests on the

claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is

not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re

WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only

a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial

obligation to file substantiated proof of claim); <u>see also</u> <u>In re Allegheny Intern., Inc.</u>, 954 F.2d

167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to

support claim); <u>In re Chiro Plus, Inc.</u> 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears

initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re

Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C.

---

[8]    Claimants which responded to the Debtors' communications and provided additional information are not
included as part of this objection.

12

May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it

entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524,

527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its

claim to have claim make prima facie case).  As a result of the failure of the Claimants identified

on Exhibit A-1 to provide sufficient documentation to permit an understanding of the basis for

their Claims, those Claims do not make out a prima facie case against the Debtors.

       25.     The Insufficiently Documented Claims either (a) fail to assert a Claim, (b)

fail to assert a monetary amount for the Claim, (c) state that there is no outstanding Claim against

the Debtors, and/or (d) contain no documentation in support of the Claim or provide no evidence

of the Debtors' liability for the Claim.  In addition, the Insufficiently Documented Claim listed

on Exhibit A-2 was received by the Debtors after the Bar Date (the "Untimely Insufficiently

Documented Claim").  With respect to the Untimely Insufficiently Documented Claim, the

Debtors also object to that Claim on the basis that it was not timely filed pursuant to the Bar Date

Order.[9]

       26.     Attached hereto as Exhibit A-1 is a list of the Insufficiently Documented

Claims which the Debtors have identified as Claims that do not contain sufficient documentation

to permit an understanding of the basis for the claim.  Identified on Exhibit A-2 is the Untimely

---

[9]    The Bar Date Order provides, in relevant part:

        Any Person or Entity which is required to file a Proof of Claim in these chapter 11 cases but that fails
        to do so in a timely manner on or before the applicable Bar Date shall be forever barred, estopped, and
        enjoined from (a) asserting any Claim against the Debtors that such Person or Entity has that (i) is in
        an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, non-
        contingent, and unliquidated or (ii) is of a different nature or in a different classification than as set
        forth in the Schedules (any such Claim referred to as an "Unscheduled Claim") and (b) voting upon,
        or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in
        respect of an Unscheduled Claim, and the Debtors and their property shall be forever discharged from
        any and all indebtedness or liability with respect to such Unscheduled Claim.

    Bar Date Order ¶ 11.

13

Insufficiently Documented Claim, which the Debtors have concluded does not contain sufficient

documentation to permit an understanding of the basis for the Claim and, in addition, was not

timely filed pursuant to the Bar Date Order.[10]  In the event that this Court does not disallow and

expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to

the Insufficiently Documented Claims and the Untimely Insufficiently Documented Claim at a

later date on any basis whatsoever.   Accordingly, the Debtors (a) object to both the

Insufficiently Documented Claims and the Untimely Insufficiently Documented Claim and (b)

seek entry of an order disallowing and expunging both the Insufficiently Documented Claims

and the Untimely Insufficiently Documented Claim in their entirety.

G.    Claims Not Reflected On The Debtors' Books And Records

        27.    During the Debtors' review of the Proofs of Claim, the Debtors determined

that certain Proofs of Claim assert liabilities or dollar amounts that are not owing pursuant to the

Debtors' books and records (the "Books and Records Claims").  In addition, the Debtors

determined that certain other Proofs of Claim also assert liabilities or dollar amounts that are not

owing pursuant to the Debtors' books and records and, in addition, were not timely filed pursuant

to the Bar Date Order (the "Untimely Books and Records Claims"). The Debtors believe that the

parties asserting both Books and Records Claims and Untimely Books and Records Claims are

not creditors of the Debtors.

        28.    The bases for determining that the Debtors are not liable for an asserted

Claim include, but are not limited to, the following: (a) the Debtors' books and records do not

reflect the existence of the asserted Claim or of the Claimant asserting such Claim, (b) the

---

[10]    The Untimely Insufficiently Documented Claims listed on Exhibit A-2 were not included as part of the Motion
For Order Under Fed. R. Bankr. P. 3003(c)(3) And 9006(b)(1) Deeming Certain Proofs Of Claim Timely Filed,
dated September 29, 2006 (Docket No. 5238) ("Claims Timeliness Motion").

Debtors' books and records reflect that the Claim has been paid pursuant to a prior order of this

Court, (c) the Debtors' books and records reflect that the asserted Claim was properly paid prior

to the commencement of the Debtors' cases, and (d) the Claim constitutes a postpetition liability

that has been paid by the Debtors in the ordinary course of the Debtors' businesses.

29.    A claimant's proof of claim is entitled to the presumption of prima facie

validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the

allegations that is essential to the claim's legal sufficiency.'"  WorldCom, 2005 WL 3832065, at

*4 (quoting Allegheny, 954 F.2d at 174).  Once such an allegation is refuted, "'the burden reverts

to the claimant to prove the validity of the claim by a preponderance of the evidence.'"  Id.

30.    Attached hereto as Exhibit B-1 is a list of the Books and Records Claims

that the Debtors have identified as Claims for which the Debtors are not liable.  Attached hereto

as Exhibit B-2 is a list of the Untimely Books and Records Claims that the Debtors have also

identified as Claims for which the Debtors are not liable.  The Debtors object to the Untimely

Books and Records Claims not only because the Debtors have no liability in respect thereof, but

also because the Claims were not timely filed pursuant to the Bar Date Order.[11]  If this Court

does not disallow and expunge these Claims in full, the Debtors expressly reserve all of their

rights to further object to any or all of the Books and Records Claims and the Untimely Books

and Records Claims at a later date on any basis whatsoever.

31.    Accordingly, the Debtors (a) object to the Books and Records Claims and

the Untimely Books and Records Claims and (b) seek entry of an order disallowing and

---

[11]    The Untimely Books and Records Claims listed on Exhibit B-2 hereto were not included as part of the Claims
Timeliness Motion.

expunging both the Books and Records Claims and the Untimely Books and Records Claims in their entirety.

H.    <u>Insurance Claims</u>

32.    During the Debtors' review of the Proofs of Claim, the Debtors reviewed certain of the Proofs of Claim filed by insurance companies (the "Insurance Claims").

(i)    <u>Protective Insurance Claims</u>

33.    The Debtors determined that certain Insurance Claims are being asserted for future rejection damages that could arise if the Debtors ultimately reject an executory contract for insurance coverage (the "Insurance Contracts") pursuant to section 365 of the Bankruptcy Code (the "Protective Insurance Claims").

34.    The Debtors have assumed the Insurance Contracts that are the subject of the Protective Insurance Claims.  Therefore, the Debtors object to the Protective Insurance Claims because they in fact represent Claims for liabilities that will never be incurred.

35.    Attached hereto as <u>Exhibit C-1</u> is a list of Insurance Claims that the Debtors have identified as Protective Insurance Claims.  Accordingly, the Debtors (a) object to the Protective Insurance Claims and (b) seek entry of an order disallowing and expunging the Protective Insurance Claims in their entirety.

(ii)    <u>Books And Records Insurance Claim</u>

36.    In addition, the Debtors determined that a Proof of Claim by one insurance company asserted a liability not owing pursuant to the Debtors' books and records (the "Books and Records Insurance Claim").  This claim is identified on <u>Exhibit C-2</u> attached hereto.  Accordingly, the Debtors (a) object to the Books and Records Insurance Claim and (b) seek to have the Books and Records Insurance Claim expunged in its entirety.

16

I.    <u>Untimely Claims</u>

        37.    During the Debtors' review of the Proofs of Claim, the Debtors determined that certain of the Proofs of Claim were received by the Debtors after the Bar Date (the "Untimely Claims").  With respect to the Untimely Claims, the Debtors object to such Claims on the basis that they were not timely filed pursuant to the Bar Date Order.  Attached hereto as <u>Exhibit D-1</u> is a list of Untimely Claims.  The Debtors also determined that certain of the Proofs of Claims filed by taxing authorities (the "Tax Claims") were received by the Debtors after the Bar Date or were amended after the Bar Date (the "Untimely Tax Claims").  Attached hereto as <u>Exhibit D-2</u> is a list of Untimely Tax Claims.  Accordingly, the Debtors (a) object to the Untimely Claims and Untimely Tax Claims[12] and (b) seek the entry of an order disallowing and expunging the Untimely Claims and Untimely Tax Claims.

J.    <u>Claims Subject To Modification</u>

        38.    During the Debtors' review of the Proofs of Claim, the Debtors have determined that certain Claims (a) are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured, administrative, or priority status (collectively, the "Claims Subject to Modification").

        39.    Although in the Thirteenth Omnibus Claims Objection the Debtors do not seek to disallow and expunge the Claims Subject to Modification, based on an initial review the Debtors have determined that their liability with respect to each such Claim does not exceed the dollar amount set forth on <u>Exhibit E-1</u> attached hereto.  Moreover, in some cases, the Debtors

---

[12]    None of the Untimely Claims listed on <u>Exhibit D-1</u> and Untimely Tax Claims listed on <u>Exhibit D-2</u> hereto were included as part of the Claims Timeliness Motion.

have determined that such Claims should be reclassified as set forth on <u>Exhibit E-1</u> attached

hereto.  Finally, in some cases, the Debtors have determined that such Claims should be asserted

against a different Debtor entity, as indicated on <u>Exhibit E-1</u> attached hereto by a change in the

applicable case number.  The bases for placing a Claim in the Claims Subject to Modification

category of objection include, but are not limited to, the following: the asserted Claim (a) does

not account for amounts that may have been paid or credited against such Claim prior to the

commencement of these cases, (b) may include postpetition liabilities, (c) does not account for

amounts that may have been paid or credited against such Claim following the commencement

of these cases, (d) was docketed and filed against the wrong Debtor entity, and/or (e) is

misclassified as a priority or secured claim.  Thus, the Debtors seek to (i) convert the amount of

each Claim Subject to Modification to a fully liquidated, U.S.-denominated amount consistent

with the Debtors' books and records and/or the liquidated amount requested by the Claimant

(thus eliminating the unliquidated component), as appropriate, (ii) change the identity of the

Debtor against which the Claim is asserted, and/or (iii) appropriately reclassify the Claim.

      40.    As stated above, a claimant's proof of claim is entitled to the presumption

of <u>prima facie</u> validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at

least one of the allegations that is essential to the claim's legal sufficiency.'"  <u>WorldCom</u>, 2005

WL 3832065, at *4 (quoting <u>Allegheny</u>, 954 F.2d at 174).  As with the Unsubstantiated Claims,

the Debtors' books and records refute that certain of the claims asserted in each Claim Subject to

Modification are actually owed by any of the Debtors.

      41.    Set forth on <u>Exhibit E-1</u> attached hereto is a list of Claims Subject to

Modification that the Debtors believe should be modified solely to assert a properly classified,

fully liquidated claim amount against a different Debtor than the one identified by the claimant.

For each Claim Subject to Modification, Exhibit E-1 reflects the amount, classification, and

Debtor asserted in the Claimant's Proof of Claim in a column titled "Claim As Docketed"[13] and

the proposed modified dollar amount and classification for the Claim, and the Debtor against

which the Claim should be asserted, in a column titled "Claim As Modified."

      42.     The Debtors object to the amount, classification, and/or identity of the

Debtor for each Claim Subject to Modification listed on Exhibit E-1 and request that each such

Claim be revised to reflect the amount, classification, and Debtor listed in the "Claim As

Modified" column of Exhibit E-1.  Thus, no Claimant listed on Exhibit E-1 would be entitled to

(a) recover for any Claim Subject to Modification in an amount exceeding the dollar value listed

as the "Modified Total" for such Claim on Exhibit E-1, (b) assert a classification that is

inconsistent with the classification that is listed in the "Claim As Modified" column, and/or (c)

assert a claim against a Debtor other than that whose case number is listed in the "Claim As

Modified" column on Exhibit E-1, subject to the Debtors' right to further object to each such

Claim Subject to Modification.  For clarity, Exhibit E-1 refers to the Debtor entities by case

number and Exhibit F displays the formal name of seventeen Debtor entities and their associated

bankruptcy case numbers referenced in Exhibit E-1.

      43.     The inclusion of the Claims Subject to Modification on Exhibit E-1,

however, does not reflect any view by the Debtors as to the ultimate validity of any such Claim.

The Debtors therefore expressly reserve all of their rights to further object to any or all of the

Claims Subject to Modification at a later date on any basis whatsoever.

      44.     Accordingly, the Debtors (a) object to the asserted amount, classification,

and/or identity of the Debtor for each Claim Subject to Modification and (b) seek an order

---

[13]    The Asserted Claim Amount on Exhibits E-1, E-2, and E-3 reflect only asserted liquidated claims.

19

modifying the Claims Subject to Modification to reflect the Modified Total, classification for the

Claim, and/or the Debtor against which such Claim should be asserted, as set forth on <u>Exhibit E-</u>

<u>1</u>.

       (iii)    <u>Tax Claims Subject To Modification</u>

       45.    In addition, the Debtors have also determined that certain Tax Claims

asserted against the Debtors (a) state the incorrect amount and/or (b) were filed and docketed

against the wrong Debtors, and/or (c) assert secured or unsecured priority status without

sufficient documentation to support such status (collectively, the "Tax Claims Subject to

Modification").

       46.    Set forth on <u>Exhibit E-2</u> attached hereto is a list of Tax Claims Subject to

Modification that the Debtors believe should be modified solely to assert a properly classified,

fully liquidated claim amount against the appropriate Debtor.  For each Tax Claim Subject to

Modification, <u>Exhibit E-2</u> reflects the amount, classification, and Debtor asserted in the Proof of

Claim in a column titled "Claim As Docketed" and the proposed modified dollar amount and

classification for the Tax Claim, and the Debtor against which the Tax Claim should be asserted,

in a column titled "Claim As Modified."

       47.    The Debtors object to the amount, classification, and/or identity of the

Debtor for each Tax Claim Subject to Modification listed on <u>Exhibit E-2</u> and request that each

such Claim be revised to reflect the amount, classification, and Debtor listed in the "Tax Claim

As Modified" column of <u>Exhibit E-2</u>.  Thus, no Claimant listed on <u>Exhibit E-2</u> would be entitled

to (a) recover for any Tax Claim Subject to Modification in an amount exceeding the dollar value

listed as the "Modified Total" for such Claim on <u>Exhibit E-2</u>, (b) assert a classification that is

inconsistent with the classification that is listed in the "Claim As Modified" column, and/or (c)

assert a claim against a Debtor other than that whose case number is listed in the "Claim As

20

Modified" column on Exhibit E-2, subject to the Debtors' right to further object to each such Tax

Claim Subject to Modification.  For clarity, Exhibit E-2 refers to the Debtor entities by case

number and Exhibit F displays the formal name of seventeen Debtor entities and their associated

bankruptcy case numbers referenced in Exhibit E-2.

   48. Accordingly, the Debtors (a) object to the asserted amount, classification,

and/or Debtor for each Tax Claim Subject to Modification and (b) seek an order modifying the

Tax Claims Subject to Modification to reflect the Modified Total, classification, and/or Debtor

against which such Claim should be asserted, as set forth on Exhibit E-2.

   (iv) Claims Subject To Modification And Reclamation Agreement

   49. In addition, the Debtors have also determined that certain Claims (the

"Claims Subject to Modification and Reclamation Agreement") assert a reclamation demand and

either (a) the Debtors and the claimant have entered into a letter agreement whereby the Debtors

and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant has

consented to the Debtors' determination of the valid amount of the reclamation demand (with

respect to (a) and (b) each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at

any time and notwithstanding the claimant's agreement or consent to the amount pursuant to by

the Reclamation Agreement, a judicial determination that certain reserved defenses with respect

to the reclamation demand are valid.

   50. Set forth on Exhibit E-3 attached hereto is a list of Claims Subject to

Modification and Reclamation Agreement that the Debtors believe should be modified solely to

assert a properly classified, fully liquidated claim amount against the appropriate Debtor.  For

each Claim Subject to Modification and Reclamation Agreement, Exhibit E-3 reflects the

amount, classification, and Debtor asserted in the Proof of Claim in a column titled "Claim as

Docketed" and the proposed modified dollar amount and classification for Claim Subject to

Modification and Reclamation Agreement, and the Debtor against which such Claim should be asserted, in a column titled "Claim As Modified."

51.    The Debtors object to the amount, classification, and/or identity of the Debtor for each Claim Subject to Modification and Reclamation Agreement listed on Exhibit E-3 and request that each such Claim be revised to reflect the amount, classification, and identity of the Debtor listed in the "Claim As Modified" column of Exhibit E-3.  Thus, no Claimant listed on Exhibit E-3 would be entitled to (a) recover for any Claim Subject to Modification and Reclamation Agreement in an amount exceeding the dollar value listed as the "Modified Total" for such Claim on Exhibit E-3 or (b) assert a classification that is inconsistent with the classification that is listed in the "Claim As Modified" column, subject to the Debtors' right to further object to each such Claim Subject to Modification and Reclamation Agreement.  For clarity, Exhibit E-3 refers to the Debtor entities by case number and Exhibit F displays the formal name of seventeen Debtor entities and their associated bankruptcy case numbers referenced in Exhibit E-3.

52.    Accordingly, the Debtors (a) object to the Amount, classification, and/or identity of the Debtor for the Claims Subject to Modification and Reclamation Agreement and (b) seek an order modifying the Claims Subject to Modification and Reclamation Agreement to reflect the Modified Total, classification, and/or identity of the Debtor against which such Claim should be asserted, as set forth on Exhibit E-3.

<u>Separate Contested Matters</u>

53.    Pursuant to the Claims Objection Procedures Order, to the extent that a response is filed with respect to any Claim listed in this Thirteenth Omnibus Claims Objection, each such Claim and the objection to such Claim asserted in this Thirteenth Omnibus Claims

22

Objection will be deemed to constitute a separate contested matter as contemplated by

Bankruptcy Rule 9014.  Pursuant to the Claims Objection Procedures Order, any order entered

by the Court with respect to an objection asserted in this Thirteenth Omnibus Claims Objection

will be deemed a separate order with respect to each Claim.

Reservation Of Rights

54.    The Debtors expressly reserve the right to amend, modify, or supplement

this Thirteenth Omnibus Claims Objection and to file additional objections to the Proofs of

Claim or any other Claims (filed or not) which may be asserted against the Debtors, including

without limitation the right to object to any claim on the basis that it has been asserted against the

wrong Debtor entity.  Should one or more of the grounds for objection stated in this Thirteenth

Omnibus Claims Objection be dismissed, the Debtors reserve their rights to object on other

stated grounds or on any other grounds that the Debtors discover during the pendency of these

cases.  In addition, the Debtors reserve the right to seek further reduction of any Claim to the

extent that such Claim has been paid.

Responses To Objections

55.    Responses to the Thirteenth Omnibus Claims Objection are governed by

the provisions of the Claims Objection Procedures Order.  The following summarizes the

provisions of that Order, but is qualified in all respects by the express terms thereof.

K.    Filing And Service Of Responses

56.    To contest an objection, responses (a "Response"), if any, to the Thirteenth

Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and

the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance

with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing

23

system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (d) be submitted in hard copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New York

10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom

LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.,

John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later than 4:00**

**p.m. (prevailing Eastern time) on May 24, 2007.**

L.      Contents Of Responses

57.     Every Response to this Thirteenth Omnibus Claims Objection must

contain at a minimum the following:

(a)     the title of the claims objection to which the Response is directed;

(b)     the name of the Claimant and a brief description of the basis for
the amount of the Claim;

(c)     a concise statement setting forth the reasons why the Claim should
not be disallowed and expunged, including, but not limited to, the specific factual and legal bases
upon which the Claimant will rely in opposing the claims objection;

(d)     unless already set forth in the proof of claim previously filed with
the Court, documentation sufficient to establish a prima facie right to payment; provided,
however, that the Claimant need not disclose confidential, proprietary, or otherwise protected
information in the Response; provided further, however, that the Claimant must disclose to the
Debtors all information and provide copies of all documents that the Claimant believes to be
confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in
support of its Claim, subject to appropriate confidentiality constraints;

(e)     to the extent that the Claim is contingent or fully or partially
unliquidated, the amount that the Claimant believes would be the allowable amount of such
Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and

24

(f)     the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

M.    Timely Response Required

58.    If a Response is properly and timely filed and served in accordance with the foregoing procedures, the hearing on the relevant Claims covered by the Response will be adjourned to a future hearing, the date of which will be determined by the Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors request that this Court conduct a final hearing on May 31, 2007 at 10:00 a.m. (prevailing Eastern time).  The procedures set forth in the Claims Objection Procedures Motion will apply to all Responses and hearings arising from this Thirteenth Omnibus Claims Objection.

59.    Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose proof of claim is subject to the Thirteenth Omnibus Claims Objection and who is served with the Thirteenth Omnibus Claims Objection fails to file and serve a timely Response in compliance with the Claims Objection Procedures Order, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the Thirteenth Omnibus Claims Objection without further notice to the Claimant, provided that, upon entry of such an order, the Claimant will receive notice of the entry of such order as provided in the Claims Objection Procedures Order; provided further, however, that if the Claimant files a timely Response which does not include the required minimum information required by the Claims Objection Procedures Order, the Debtors may seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures Order.

25

60.     To the extent that a Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code, if the Claimant has filed a Response in accordance with the procedures outlined above which (a) acknowledges that the Claim is contingent or fully or partially unliquidated and (b) provides the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), pursuant to the Claims Objection Procedures Order the Debtors may elect to accept provisionally the Claimant's Asserted Estimated Amount as the estimated amount of such Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code, by providing notice as described more fully in the Claims Objection Procedures Order.

Replies To Responses

61.     Replies to any Responses shall be governed by the Claims Objection Procedures Order.

Service Of Thirteenth Omnibus Claims Objection Order

62.     Service of any order with regard to this Thirteenth Omnibus Claims Objection will be made in accordance with the Claims Objection Procedures Order.

Further Information

63.     Questions about this Thirteenth Omnibus Claims Objection or requests for additional information about the proposed disposition of Claims hereunder should be directed to the Debtors' counsel by e-mail to delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Questions regarding the amount of a Claim or the filing of a Claim should be directed to the

Claims Agent at 1-888-249-2691 or www.delphidocket.com.  Claimants should not contact the

Clerk of the Bankruptcy Court to discuss the merits of their Claims.

Notice

64.    Notice of this Objection has been provided in accordance with the

Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P.

2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered on October 26, 2006 (Docket No. 5418),

and the Claims Objection Procedures Order.

65.    Pursuant to the Claims Objection Procedures Order, the Debtors will

provide each Claimant whose Proof of Claim is subject to an objection pursuant to this

Thirteenth Omnibus Claims Objection with a personalized Notice Of Objection To Claim which

specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis

for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the

Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits A-1, A-2, B-1, B-2,

C-1, C-2, D-1, and D-2 is attached hereto as Exhibit G.  A form of the Notice Of Objection To

Claim to be sent to the Claimants listed on Exhibits E-1, E-2, and E-3 is attached hereto as

Exhibit H.  Claimants will receive a copy of this Thirteenth Omnibus Claims Objection without

Exhibits A through E hereto.  Claimants will nonetheless be able to review such exhibits free of

charge by accessing the Debtors' Legal Information Website (www.delphidocket.com).  In light

of the nature of the relief requested, the Debtors submit that no other or further notice is

necessary.

27

<u>Memorandum Of Law</u>

66.     Because the legal points and authorities upon which this Objection relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Debtors such other and further relief as is just.

Dated:  New York, New York
        April 27, 2007

                            SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

                            By:  /s/ John Wm. Butler, Jr.
                                 John Wm. Butler, Jr. (JB 4711)
                                 John K. Lyons (JL 9331)
                                 Ron E. Meisler (RM 3026)
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois 60606

                                 - and -

                            By:  /s/ Kayalyn A. Marafioti
                                 Kayalyn A. Marafioti (KM 9632)
                                 Thomas J. Matz (TM 5986)
                            Four Times Square
                            New York, New York 10036

                            Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
          In re                           :          Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :          Case No. 05-44481 (RDD)
                                          :
                         Debtors.         :          (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


<u>NOTICE OF OBJECTION TO CLAIM</u>

[Claimant Name]:


         Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Thirteenth Omnibus Objection To Certain Claims (the "Thirteenth Omnibus Objection"), a copy
of which is enclosed (without exhibits).  The Debtors' Thirteenth Omnibus Objection is set for hearing on
May 31, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United
States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New
York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED THIRTEENTH OMNIBUS
OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS'
OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MAY 24,
2007.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE
ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER
NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

         The enclosed Thirteenth Omnibus Objection identifies five different categories of objections.  The
category of claim objection applicable to you is identified in the table below in the column entitled "Basis
For Objection":

         Claims identified as having a Basis For Objection of "Insufficiently Documented Claims"
         are those Claims that did not contain sufficient documentation in support of the Claim
         asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

         The Claim identified as having a Basis For Objection of "Untimely Insufficiently
         Documented Claim" is a Claim that did not contain sufficient documentation in support

of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim, and also was not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books and Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books and Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Protective Insurance Claims" are those Claims that were filed to protect against future rejection damages that could arise if the Debtors ultimately reject an executory insurance contract pursuant to section 365 of the Bankruptcy Code.

The Claim identified as having a Basis For Objection of "Books and Records Insurance Claim" is a Claim that asserts a liability or a dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Claims" are those Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Tax Claims" are those Claims filed by taxing authorities that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims (a) that the Debtors have determined were overstated, and/or (b) with respect to which the Debtors seek to appropriately re-classify the total amount remaining, and/or (c) with respect to which the Debtors seek to specify the appropriate Debtor by case number.

Claims identified as having a Basis For Objection of "Tax Claims Subject to Modification" are those Claims that (a) state the incorrect amount, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or unsecured priority status.

Claims identified as having a Basis For Objection of "Claims Subject to Modification and Reclamation Agreement" are those Claims in which the claimant asserted a reclamation demand and the Debtors and the claimant have entered into a letter agreement (the

2

"Reclamation Letter Agreement") pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand, subject to the Debtor's right to seek, at any time and notwithstanding the claimant's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

If you wish to view the complete exhibits to the Thirteenth Omnibus Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Thirteenth Omnibus Objection to your Claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Thirteenth Omnibus Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on May 24, 2007. Your Response, if any, to the Thirteenth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel

---

[1]  Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

3

to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you rely in opposing the claims objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim; (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the May 31, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on May 31, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE THIRTEENTH OMNIBUS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE THIRTEENTH OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY

OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.
Thus, your failure to respond may forever bar you from sustaining a claim against the Debtors.

                                        [Claimant Name]
                                        [Address 1]
                                        [Address 2] [Address 3]
                                        [City], [State] [Zip]
                                        [Country]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
          In re                               :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :        Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


          Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Thirteenth Omnibus Objection To Certain Claims (the "Thirteenth Omnibus Objection"), a copy
of which is enclosed (without exhibits).  The Debtors' Thirteenth Omnibus Objection is set for hearing on
May 31, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United
States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New
York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED THIRTEENTH OMNIBUS
OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS'
OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MAY 24,
2007.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE
ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER
NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

          The enclosed Thirteenth Omnibus Objection identifies five different categories of objections.  The
category of claim objection applicable to you is identified in the table below in the column entitled "Basis
For Objection":

          Claims identified as having a Basis For Objection of "Insufficiently Documented Claims"
          are those Claims that did not contain sufficient documentation in support of the Claim
          asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

          The Claim identified as having a Basis For Objection of "Untimely Insufficiently
          Documented Claim" is a Claim that did not contain sufficient documentation in support
          of the Claim asserted, making it impossible for the Debtors meaningfully to review the
          asserted Claim, and also was not timely filed pursuant to the Order Under 11 U.S.C. §§

107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books and Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books and Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Protective Insurance Claims" are those Claims that were filed to protect against future rejection damages that could arise if the Debtors ultimately reject an executory insurance contract pursuant to section 365 of the Bankruptcy Code.

The Claim identified as having a Basis For Objection of "Books and Records Insurance Claim" is a Claim that asserts a liability or a dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Claims" are those Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Tax Claims" are those Claims filed by taxing authorities that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims (a) that the Debtors have determined were overstated, and/or (b) with respect to which the Debtors seek to appropriately re-classify the total amount remaining, and/or (c) with respect to which the Debtors seek to specify the appropriate Debtor by case number.

Claims identified as having a Basis For Objection of "Tax Claims Subject to Modification" are those Claims that (a) state the incorrect amount, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or unsecured priority status.

Claims identified as having a Basis For Objection of "Claims Subject to Modification and Reclamation Agreement" are those Claims in which the claimant asserted a reclamation demand and the Debtors and the claimant have entered into a letter agreement (the "Reclamation Letter Agreement") pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand, subject to the Debtor's right to seek, at

2

any time and notwithstanding the claimant's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

     If you wish to view the complete exhibits to the Thirteenth Omnibus Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Thirteenth Omnibus Objection to your Claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

     THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

     If you disagree with the Thirteenth Omnibus Objection, you must file a response (the "Response") and serve it so that it is actually received no later than 4:00 p.m. (Prevailing Eastern Time) on May 24, 2007. Your Response, if any, to the Thirteenth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case

---

[1]     Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the claims objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim; (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the May 31, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on May 31, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

4

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE THIRTEENTH OMNIBUS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE THIRTEENTH OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining a claim against the Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
       In re                         :          Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :          Case No. 05-44481 (RDD)
                                          :
               Debtors.          :          (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CERTAIN (A) INSUFFICIENTLY DOCUMENTED
CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C)
PROTECTIVE INSURANCE CLAIMS, (D) INSURANCE CLAIMS NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND UNTIMELY TAX
CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO
MODIFICATION, AND CLAIMS SUBJECT TO MODIFICATION AND RECLAMATION
AGREEMENT IDENTIFIED IN THIRTEENTH OMNIBUS CLAIMS OBJECTION

("THIRTEENTH OMNIBUS CLAIMS OBJECTION ORDER")

        Upon the Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims

Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance

Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax

Claims, And (f) Claims Subject To Modification, Tax Claims Subject To Modification, And

Claims Subject To Modification And Reclamation Agreement, dated April 27, 2007 (the

"Thirteenth Omnibus Claims Objection"),[1] of Delphi Corporation and certain of its subsidiaries

and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
    Thirteenth Omnibus Claims Objection.

"Debtors"); and upon the record of the hearing held on the Thirteenth Omnibus Claims Objection;

and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim (as to each, a "Claim") listed on Exhibits A-1, A-2,

B-1, B-2, C-1, C-2, D-1, D-2, E-1, E-2, and E-3 attached hereto was properly and timely served

with a copy of the Thirteenth Omnibus Claims Objection, a copy of the Order Pursuant to 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection

Procedures Order"), a personalized Notice Of Objection To Claim, the proposed order in respect

of the Thirteenth Omnibus Claims Objection, and notice of the deadline for responding to the

Thirteenth Omnibus Claims Objection.  No other or further notice of the Thirteenth Omnibus

Claims Objection is necessary.

B.      The Court has jurisdiction over the Thirteenth Omnibus Claims Objection

pursuant to 28 U.S.C. §§ 157 and 1334.  The Thirteenth Omnibus Claims Objection is a core

proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Thirteenth Omnibus

Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Claims listed on Exhibit A-1 hereto contain insufficient

documentation to support the Claims asserted (the "Insufficiently Documented Claims").

---

[2]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

D.    The Claim listed on <u>Exhibit A-2</u> hereto contains insufficient documentation to support the Claim asserted and was also untimely pursuant to the Bar Date Order (the "Untimely Insufficiently Documented Claim").

E.    The Claims listed on <u>Exhibit B-1</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books and Records Claims").

F.    The Claims listed on <u>Exhibit B-2</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records and were also untimely pursuant to the Bar Date Order (the "Untimely Books and Records Claims").

G.    The Claims listed on <u>Exhibit C-1</u> hereto were filed by creditors to protect against future rejection damages (the "Protective Insurance Claims").

H.    The Claim listed on <u>Exhibit C-2</u> hereto contains liabilities and dollar amounts that are not reflected on the Debtors' books and records (the "Books and Records Insurance Claim").

I.    The Claims listed on <u>Exhibit D-1</u> hereto were untimely pursuant to the Bar Date Order (the "Untimely Claims").

J.    The Tax Claims listed on <u>Exhibit D-2</u> hereto were untimely pursuant to the Bar Date Order (the "Untimely Tax Claims").

K.    The Claims listed on <u>Exhibit E-1</u> hereto (a) are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured, administrative, or priority status (the "Claims Subject to Modification").

3

L.     The Tax Claims listed on Exhibit E-2 hereto (a) state the incorrect amount, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) assert secured or unsecured priority status without sufficient documentation to support such status (collectively, the "Tax Claims Subject to Modification").

M.     The Claims listed on Exhibit E-3 hereto (a) (i) were denominated in a foreign currency or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtors, and/or (iii) incorrectly assert secured, administrative, or priority status and (b) are Claims with respect to which the claimant asserted a reclamation demand and the Debtors and the claimant have entered into a letter agreement (the "Reclamation Letter Agreement") pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand, subject to the Debtor's right to seek, at any time and notwithstanding the claimant's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Claims Subject to Modification and Reclamation Agreement").

N.     The relief requested in the Thirteenth Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     Each Insufficiently Documented Claim listed on Exhibit A-1 hereto is hereby disallowed and expunged in its entirety.

2.     The Untimely Insufficiently Documented Claim listed on Exhibit A-2 hereto is hereby disallowed and expunged in its entirety.

4

3.      Each Books and Records Claim listed on <u>Exhibit B-1</u> hereto is hereby disallowed and expunged in its entirety.

4.      Each Untimely Books and Records Claim listed on <u>Exhibit B-2</u> hereto is hereby disallowed and expunged in its entirety.

5.      Each Protective Insurance Claim listed on <u>Exhibit C-1</u> hereto is hereby disallowed and expunged in its entirety.

6.      The Books and Records Insurance Claim listed on <u>Exhibit C-2</u> hereto is hereby disallowed and expunged in its entirety.

7.      Each Untimely Claim listed on <u>Exhibit D-1</u> hereto is hereby disallowed and expunged in its entirety.

8.      Each Untimely Tax Claim listed on <u>Exhibit D-2</u> hereto is hereby disallowed and expunged in its entirety.

9.      Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit E-1</u> hereto is revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit E-1</u> shall be entitled to (a) a recovery for any Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with the classification that is listed in the "Claim As Modified" column, and/or (c) assert a claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit E-1,</u> subject to the Debtors' right to further object to each such Claim Subject to Modification.  The Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

10.     Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit E-2 hereto is revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit E-2 shall be entitled to (a) a recovery for any Tax Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with the classification that is listed in the "Claim As Modified" column, and/or (c) assert a claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-2, subject to the Debtors' right to further object to each such Tax Claim Subject to Modification.  The Tax Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

11.     Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit E-3 hereto is revised to the amount and classification listed as the "Claim As Modified." No Claimant listed on Exhibit E-3 shall be entitled to (a) a recovery for any Claim Subject to Modification and Reclamation Agreement in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with the classification that is listed in the "Claim As Modified" column on Exhibit E-3, and/or (c) assert a claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-3, subject to the Debtors' right to further object to each such Claim Subject to Modification and Reclamation Agreement.  The Claims Subject to Modification and Reclamation Agreement shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

6

12.     Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to claims that are the subject of the Thirteenth Omnibus Claims Objection.

13.     Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

14.     This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirteenth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

15.     Each of the objections by the Debtors to each Claim addressed in the Thirteenth Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirteenth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

16.     Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

17.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Thirteenth Omnibus Claims Objection.

Dated: New York, New York
        May ___, 2007


_____
UNITED STATES BANKRUPTCY JUDGE

7

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

In re                         :       Chapter 11
                                                :

DELPHI CORPORATION, et al.,   :       Case No. 05-44481 (RDD)
                                                :

                     Debtors.   :       (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>NOTICE OF OBJECTION TO CLAIM</u>

[Claimant Name]:


      Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Thirteenth Omnibus Objection To Certain Claims (the "Thirteenth Omnibus Objection"), a copy
of which is enclosed (without exhibits).  A copy of this notice was sent to you on April 27, 2007.  The
Debtors' Thirteenth Omnibus Objection with respect to your Claims identified in the table below was
initially set for hearing on May 31, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable
Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling
Green, Room 610, New York, New York 10004.  The hearing with respect to the Debtors' Thirteenth
Omnibus Objection to your Claims identified in the table below has been adjourned to June 26, 2007 at
10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy
Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York
10004.  AS FURTHER DESCRIBED BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE
DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON
JUNE 19, 2007.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW,
THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY
FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Thirteenth Omnibus Objection identifies five different categories of objections.  The
category of claim objection applicable to you is identified in the table below in the column entitled "Basis
For Objection":

          Claims identified as having a Basis For Objection of "Insufficiently Documented Claims"
          are those Claims that did not contain sufficient documentation in support of the Claim
          asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

The Claim identified as having a Basis For Objection of "Untimely Insufficiently Documented Claim" is a Claim that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim, and also was not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books and Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books and Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Protective Insurance Claims" are those Claims that were filed to protect against future rejection damages that could arise if the Debtors ultimately reject an executory insurance contract pursuant to section 365 of the Bankruptcy Code.

The Claim identified as having a Basis For Objection of "Books and Records Insurance Claim" is a Claim that asserts a liability or a dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Claims" are those Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Tax Claims" are those Claims filed by taxing authorities that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject to Modification" are those Claims (a) that the Debtors have determined were overstated, and/or (b) with respect to which the Debtors seek to appropriately re-classify the total amount remaining, and/or (c) with respect to which the Debtors seek to specify the appropriate Debtor by case number.

Claims identified as having a Basis For Objection of "Tax Claims Subject to Modification" are those Claims that (a) state the incorrect amount, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or unsecured priority status.

2

Claims identified as having a Basis For Objection of "Claims Subject to Modification and Reclamation Agreement" are those Claims in which the claimant asserted a reclamation demand and the Debtors and the claimant have entered into a letter agreement (the "Reclamation Letter Agreement") pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand, subject to the Debtor's right to seek, at any time and notwithstanding the claimant's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ | ❾ |

If you wish to view the complete exhibits to the Thirteenth Omnibus Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Thirteenth Omnibus Objection to your Claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Thirteenth Omnibus Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on June 19, 2007. Your Response, if any, to the Thirteenth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word

---

[1]    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

3

processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the claims objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim; (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the June 26, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on June 26, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE THIRTEENTH

OMNIBUS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE THIRTEENTH OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining a claim against the Debtors.