UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                       :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                         Debtors.    :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AGREED ORDER APPROVING AGREEMENT TO MODIFY
AUTOMATIC STAY TO PROVIDE CERTAIN
THIRD-PARTY DISCOVERY MATERIALS TO ERISA PLAINTIFFS

("ERISA PLAINTIFFS STAY MODIFICATION ORDER")

Upon the motion, dated May 16, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(d)(1) approving an agreement to modify the automatic stay between the Debtors and Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr on behalf of participants in the Debtors and their subsidiaries' defined contribution employee benefit pension plans who invested in Delphi common stock (the "ERISA Plaintiffs"), to provide certain discovery materials to the ERISA Plaintiffs in an action pending under the Employee Retirement Income Security Act of 1974, as amended (the "ERISA Actions") in the United States District Court for the Eastern District of Michigan (the "Michigan District Court"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The automatic stay under section 362 of the Bankruptcy Code with respect to the ERISA Actions shall be lifted only to the extent and within the scope described herein, and shall be maintained in all other respects and for all other purposes not expressly set forth in this order.

3. The Debtors shall produce to the ERISA Plaintiffs the approximately 576,000 pages of responsive documents previously produced to the Securities and Exchange Commission (the "Numbered SEC Production"), and, to the extent not included in the Numbered SEC Production, the documents described in paragraph 10 of the Declaration of Joseph E. Papelian In Support Of The Memorandum Of Law Of Certain Defendants in Support Of Their Motion For Reconsideration Of The Court's Order Lifting The PSLRA Discovery Stay executed on March 2, 2007 (the "Papelian Declaration," a copy of which is annexed hereto as Exhibit A) (all productions specified in this paragraph 3, collectively, the "Debtors' Production"); provided, however, that the Debtors shall not produce any document with respect to which the Debtors assert any privilege or attorney work product protection absent further order of this Court after notice and a hearing as described in paragraph 8 below.  The Debtors shall produce the documents described in this paragraph 3 on a rolling basis and will use reasonable efforts to complete such production within 30 days of the entry of this order.

4. The Debtors shall provide a privilege log to the ERISA Plaintiffs for those documents withheld from the Debtors' Production with respect to which the Debtors assert any privilege or work product protection.

5. The Debtors shall provide to the ERISA Plaintiffs information regarding the collection and selection of the data included in the database described in paragraph 9 of the Papelian Declaration, and shall produce to the ERISA Plaintiffs the keyword search terms described in paragraph 10 of the Papelian Declaration.

6. The ERISA Plaintiffs may not file any lift stay motion in this Court until the Michigan District Court has ruled (a) on the motions to dismiss (the "Motions To Dismiss Securities Litigation") currently pending in the action styled In re Delphi Corp. Securities Litigation, Master Case No. 05-md-1725 (GER) Eastern District of Michigan (the "Securities Litigation"), which action is prosecuted by Teachers' Retirement System of Oklahoma, Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H, and Stichting Pensioenfonds ABP, Lead Plaintiffs, and (b) in such a way that the stay of discovery in the Securities Litigation provided by the Private Securities Litigation Reform Act of 1995 ("PSLRA") is lifted for some or all purposes. The Debtors reserve all rights to object to any lift stay motion filed by the ERISA Plaintiffs in this Court so long as the objection is not inconsistent with the terms of this order. The Debtors also reserve all rights with respect to any claims or causes of action by the ERISA Plaintiffs.

7. The documents produced to the ERISA Plaintiffs by the Debtors pursuant to this order can be used by the ERISA Plaintiffs for any purpose (subject to paragraph 9 herein); provided however, that until the Michigan District Court has in the ERISA Actions issued a ruling on the merits in whole or in part on the currently-pending motions to dismiss (the

3

"Motions To Dismiss ERISA Actions"), the documents may not be used by the ERISA Plaintiffs for pleading purposes, including without limitation, for purposes of any amendment to the complaint pending in the Michigan District Court or in connection with any pleadings with respect to the Motions To Dismiss ERISA Actions or in further support of any motion to amend the complaint that may be filed by the ERISA Plaintiffs; <u>provided</u>, <u>further</u>, <u>however</u>, that the ERISA Plaintiffs may use the documents in connection with any amendment to their complaint if the Michigan District Court defers the Motions To Dismiss ERISA Actions and grants any motion to amend the complaint, if filed by the ERISA Plaintiffs, and after the ERISA Plaintiffs have requested and obtained leave of the Michigan District Court, by motion and with an opportunity for the Debtors to be heard in that Court, to use the documents produced by the Debtors pursuant to this order.

8.  The Debtors' and the ERISA Plaintiffs' rights are maintained regarding the Debtors' assertion of any privilege or work product protection with respect to the documents contained in the Debtors' Production.  Any challenge to the Debtors' assertion of privilege or work product protections will be resolved by this Court by the filing of a motion by the ERISA Plaintiffs, no earlier than when the Michigan District Court has ruled on the Motions To Dismiss Securities Litigation and in such a way that the stay of discovery in the Securities Litigation provided by the PSLRA is lifted for some or all purposes.

9.  The Debtors and the ERISA Plaintiffs shall enter into an agreed protective order to be submitted to this Court which shall govern, among other things, the use of the documents produced to the ERISA Plaintiffs under this order and the protection of the privacy of third parties, including Delphi employees, in connection with the documents produced under this order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

11. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

So Ordered in New York, New York this 31st day of May, 2007.

    /s/Robert D. Drain
    Honorable Robert D. Drain
    United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John Wm. Butler, Jr.
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
  John Wm. Butler, Jr. (JB 4711)
  Albert L. Hogan III (AH 8807)
  Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corp., et al.,
  Debtors and Debtors-in-Possession

/s/ Amy Williams-Derry
KELLER ROHRBACK L.L.P.
  Lynn Lincoln Sarko
  Derek Loeser
  Erin M. Riley
  Amy Williams-Derry (AW 5891)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1200

- and -

  Gary A. Gotto
National Bank Plaza
3101 North Central Avenue,
Suite 900
Phoenix, AZ 85012
(602) 248-0088

Interim Lead Counsel for ERISA Plaintiffs Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr

MORGAN & MEYERS PLC
  Jeffrey T. Meyers (P34348)
3200 Greenfield, Suite 260
Dearborn, MI 48120-1802
(313) 961-0130

Interim Liaison Counsel for ERISA Plaintiffs Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr


COHEN, MILSTEIN, HAUSFELD & TOLL PLLC
  Marc I. Machiz
  Bruce F. Rinaldi
1100 New York Ave NW, Suite 500W
Washington, D.C. 20005
(202) 408-4600


LOCKRIDGE GRINDAL NAUEN PLLP
  Richard A. Lockridge
  Karen Hanson Riebel
100 Washington Avenue South,
Suite 2200
Minneapolis, MN 55401
(612) 339-6900


BRANSTETTER, KILGORE, STRANCH & JENNINGS
  Jane B. Stranch
227 Second Avenue North,
Fourth Floor
Nashville, TN 37201-1631
(615) 254-8801


BERGER & MONTAGUE, P.C.
  Sherrie Savett
  Douglas M. Risen
  Joy Clairmont
1622 Locust Street
Philadelphia, PA 19103-6365
(215) 875-3000

6

ELWOOD S. SIMON & ASSOCIATES, P.C.
 Elwood S. Simon
355 S. Old Woodward Ave., Suite 250
Birmingham, MI  48009
(248) 636-9730

Associated Counsel for ERISA Plaintiffs Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr

**<u>Exhibit A</u>**

**<u>Papelian Declaration Executed on March 2, 2007</u>**