UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::::::::::::::::::::::::::::: :
   In re                        :       Chapter 11

DELPHI CORPORATION, et al.,    :       Case No. 05-44481 (RDD)

                   Debtors.    :       (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019 AUTHORIZING AND
APPROVING DELPHI AUTOMOTIVE SYSTEMS LLC'S ENTRY INTO SETTLEMENT
AGREEMENT WITH UMICORE AUTOCAT CANADA CORP.

("UMICORE SETTLEMENT ORDER")

Upon the motion, dated May 11, 2007 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, for an order under 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019 authorizing and approving the entry of Delphi Automotive Systems LLC ("DAS LLC") into a settlement agreement with Umicore Autocat Canada Corp. (the "Settlement Agreement"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of DAS LLC, its estate, its creditors, and other parties-in-interest; and DAS LLC having shown that the decision to enter into the Settlement Agreement is reasonable and appropriate under the circumstances; and proper and adequate notice of the Motion having been given and it appearing that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.       The Motion is GRANTED.

  2.  The Settlement Agreement is hereby approved.

  3.  DAS LLC is hereby authorized to enter into the Settlement Agreement.

  4.  Under the terms of the Settlement Agreement, the Claim (as defined in the Motion) shall be allowed in the amount of $10,558,893.31 without further defense, offset, or reduction and shall be treated as a non-subordinated, allowed general unsecured non-priority claim against the estate of DAS LLC.

  5.  The Response Of Umicore Autocat Canada Corp. To Debtors' Second Omnibus Objection And To Debtors' Third Omnibus Claims Objection, And Limited Objection To Debtors Motion For Order Establishing (I) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (II) Certain Notices And Procedures Governing Hearings Regarding Disallowance Of Estimation of Claims (Docket No. 5735) is hereby withdrawn with prejudice.

  6.  The reclamation demand submitted by Umicore to the Debtors on or about October 14, 2005 is hereby withdrawn with prejudice.

  7.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

  8.  The requirement under rule 9013-1(b) of the Local Bankruptcy Rules for the United Stated Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is satisfied by the Motion.

Dated: New York, New York
   May 31, 2007

            /s/Robert D. Drain_____
            UNITED STATES BANKRUPTCY JUDGE