**Hearing Date and Time: June 26, 2007 at 10:00 a.m.**
**Response Date and Time: June 19, 2007 at 4:00 p.m.**

Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, New York 13202
Karen Veronica DeFio (KD 1069)
Camille Wolnik Hill

Attorneys for Marquardt GmbH

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al. | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

----------------------------------------------------------------

## MARQUARDT GMBH'S RESPONSE TO DEBTOR'S THIRTEENTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. BANKR. P. 3007

Marquardt GmbH ("Marquardt"), by and through its counsel, Bond, Schoeneck & King, PLLC, respectfully represents as follows:

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases (collectively the "Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On April 12, 2006, this Court entered an Order under 11 U.S.C. §§ 107(b), 501, 502 and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3) and 5005(a) Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 3206) (the "Bar Date Order"). Among other things, the Bar Date Order established

July 31, 2006 as the last date for all persons and entities holding or wishing to assert "Claims" against a debtor to file a proof of claim with respect to each such claim.

3. On July 28, 2006, Marquardt filed its proof of claim against Delphi Automotive Systems, LLC (Case No. 05-44640) (the "Marquardt Claim") with the United States Bankruptcy Court for the Southern District of New York in compliance with the Bar Date Order. A copy of the Marquardt Claim, with supporting invoices, is attached here as Exhibit A.

4. The Marquardt Claim identifies an unsecured claim in the amount of $875,135.40 for goods sold to Delphi Automotive Systems, LLC and is supported by the following invoices in the indicated amounts:

| Invoice Number | Invoice Date | Invoice Amount |
| --- | --- | --- |
| 01-055049 | August 26, 2005 | $ 222,939.20 |
| 01-060141 | September 16, 2005 | $ 251,284.00 |
| 01-061793 | September 22, 2005 | $ 243,288.60 |
| 01-056612 | September 2, 2005 | $ 157,623.60 |

Copies of the invoices are attached to the Marquardt Claim.

5. On or about April 27, 2007, the Debtors filed the Debtors' Thirteenth Ominbus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement (the "Thirteenth Omnibus Objection").

6. In the Thirteenth Omnibus Objection, the Debtors categorize the Marquardt Claim as a "claim subject to modification" i.e. "the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these

cases, (b) may include postpetition liabilities, (c) does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, (d) was docketed and filed against the wrong Debtor entity, and/or (e) is misclassified as a priority or secured claim." See, Thirteenth Omnibus Objection at ¶ 39.

7. Exhibit E-1, attached to the Thirteenth Ominbus Objection, indicates the only modification of the Marquardt Claim as a reduction from $875,135.40, the amount identified in the proof of claim and supported by the invoices, to $794,954.68. No explanation is given for the reduction.

8. Marquardt has not received any payments, prepetition or postpetition, which would reduce the amount of the Marquardt Claim. Further, the Marquardt Claim does not include postpetition liabilities and was docketed and filed against the correct Debtor entity. Finally, the Marquardt Claim does not assert a priority or secured claim.

9. Accordingly, the Debtors have not identified any basis, and no basis exists, under which a reduction of the Marquardt Claim is warranted.

WHEREFORE, Marquardt respectfully requests that the Court issue an order denying the Thirteenth Omnibus Objection with respect to the Marquardt Claim, and granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated:  May 23, 2007                BOND, SCHOENECK & KING, PLLC

By:   /s/  Karen Veronica DeFio
      Karen Veronica DeFio (KD 1069)
      Camille Wolnik Hill
      Attorneys for Marquardt GmbH
      Office and P.O. Address:
      One Lincoln Center
      Syracuse, NY  13202
      Telephone:  (315) 218-8200

1305978.2 5/23/2007

TO:

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr. John K. Lyons and Joseph N. Wharton