UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

DELPHI CORPORATION, et al.

Debtor

_____/

Chapter 11 Proceeding

Case No. 05-44481 (RDD)

(Jointly Administered)

### RESPONSE TO DEBTORS OBJECTION TO CLAIMS
### FOR OBLIGATION TO PAY TAXES

Ken Burton, Jr. Manatee County Tax Collector ("Tax Collector") responds to the debtors, Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtor in possession (collectively referred as "Debtors") to the Claims filed by the Tax Collector as claim number of 1448, 1449, 1450 and 1451 for tangible personal property taxes owed by the debtors and which the debtors modify as general unsecured claims on the ground that the taxes owed to the Tax Collector are secured by a first perfected lien on the tangible personal property and should be classified as security claims for the full amount of the taxes owed and in support states that:

1.  Tax Collector is the duly elected and constituted Tax Collector in and for Manatee County, Florida, and as such is responsible for collecting tangible personal property taxes under Chapter 197, Florida Statutes on any business that is conducting business in Manatee County, Florida.

2.  The Debtors are conducting business in Manatee County under the name of "Delphi Automotive Systems, LLC" at 7290 26th Court East, Sarasota, FL and 1465 Tallevast Road, Sarasota, FL; "Delphi Chassis Division at 7290 26th Court East, Sarasota, FL; and "Delphi Packard Division" at 3004 62nd Avenue East, Bradenton, FL.

3. The claims filed by the Tax Collector represent taxes owed by the debtors to Manatee County, Florida in accordance with Chapter 197, Florida Statutes.

4. The taxes owed to Manatee County are based on tangible personal property tax returns which the debtors filed with the Manatee County Property Appraiser and which described all of their tangible personal property and assigned a value to it.

5. The Tax Collector has a first perfected statutory lien on the tangible personal property pursuant to Section 192.053 and 197.122, Florida Statutes for the amount of the taxes owed. A copy of Florida Statutes 192.053 and 197.122 is attached as Exhibit "A" and "B".

6. Florida Statutes provides that all taxes imposed pursuant to State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed and shall continue in full force from January 1 of the year the taxes were levied until discharged by payment or until barred under Chapter 95.

7. Pursuant to Florida Statutes 197.122 the lien is a valid first lien on the tangible personal property owned by the debtor. A copy of Florida Statutes 197.122 is attached as Exhibit "B".

8. The debtors objected to claim number 1448, 1449, 1450 and 1451 on the basis that the Tax Claim was subject to Modification.

9. The amount that the debtors show for the taxes still outstanding is correct since the debtors have made partial payments during the bankruptcy however the classification that the amount due are unsecured claim is incorrect.

WHEREFORE, the Tax Collector requests that this Court deny the trustee's objection with respect to the disallowance of Claim Nos. 1448, 1449, 1450 and 1451 and order that the claim should be classified as secured claim and the tax collector should be paid in full on those claims for other relief which may be necessary and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was delivered by U. S. Mail this 22nd day of May 2007, to: Delphi Corporation, 5725 Delphi Drive, Troy, MI, 48098; and Skadden, Arps, Slate, Meagher & Flom, LLP, Attention: John Wm. Butler, Jr., Esquire, John K. Lyons, Esquire, Joseph H. Wharton, Esquire, 33 West Wacker Drive, Suite 2100, Chicago, IL, 60606.

Susan D. Profant, CFCA, CLA, Paralegal
KEN BURTON, JR., TAX COLLECTOR
Manatee County, Florida
P. O. Box 25300
Bradenton, FL  34206-5300
(941) 748-8000

**Select Year:** 2006 

## The 2006 Florida Statutes

| Title XIV | Chapter 192 | View Entire Chapter |
| TAXATION AND FINANCE | TAXATION: GENERAL PROVISIONS | |

**192.053 Lien for unpaid taxes.**--A lien for all taxes, penalties, and interest shall attach to any property upon which a lien is imposed by law on the date of assessment and shall continue in full force and effect until discharged by payment as provided in chapter 197 or until barred under chapter 95.

**History.**--s. 3, ch. 4322, 1895; GS 430; s. 3, ch. 5596, 1907; RGS 696; CGL 896; s. 1, ch. 18297, 1937; ss. 1, 2, ch. 69-55; s. 5, ch. 70-243; s. 30, ch. 74-382.

**Note.**--Former ss. 192.04, 192.021.

Disclaimer: The information on this system is unverified. The journals or printed bills of the respective chambers should be consulted for official purposes. Copyright © 2000-2006 State of Florida.



EXHIBIT A

Select Year: 2006  Go

# The 2006 Florida Statutes



Title XIV
TAXATION AND FINANCE

Chapter 197
TAX COLLECTIONS, SALES, AND LIENS

**197.122 Lien of taxes; dates; application.--**

(1) All taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed and shall continue in full force from January 1 of the year the taxes were levied until discharged by payment or until barred under chapter 95. All personal property tax liens, to the extent that the property to which the lien applies cannot be located in the county or to the extent that the sale of the property is insufficient to pay all delinquent taxes, interest, fees, and costs due, shall be liens against all other personal property of the taxpayer in the county. However, such liens against other personal property shall not apply against such property which has been sold, and such liens against other personal property shall be subordinate to any valid prior or subsequent liens against such other property. No act of omission or commission on the part of any property appraiser, tax collector, board of county commissioners, clerk of the circuit court, or county comptroller, or their deputies or assistants, or newspaper in which any advertisement of sale may be published shall operate to defeat the payment of taxes; but any acts of omission or commission may be corrected at any time by the officer or party responsible for them in like manner as provided by law for performing acts in the first place, and when so corrected they shall be construed as valid ab initio and shall in no way affect any process by law for the enforcement of the collection of any tax. All owners of property shall be held to know that taxes are due and payable annually and are charged with the duty of ascertaining the amount of current and delinquent taxes and paying them before April 1 of the year following the year in which taxes are assessed. No sale or conveyance of real or personal property for nonpayment of taxes shall be held invalid except upon proof that:

(a) The property was not subject to taxation;

(b) The taxes had been paid before the sale of personal property; or

(c) The real property had been redeemed before the execution and delivery of a deed based upon a certificate issued for nonpayment of taxes.

(2) A lien created through the sale of a tax certificate may not be foreclosed or enforced in any manner except as prescribed in this chapter.

(3) A property appraiser may also correct a material mistake of fact relating to an essential condition of the subject property to reduce an assessment if to do so requires only the exercise of judgment as to the effect on assessed or taxable value of that mistake of fact.

(a) As used in this subsection, the term "an essential condition of the subject property" means a characteristic of the subject parcel, including only:

1. Environmental restrictions, zoning restrictions, or restrictions on permissible use;

2. Acreage;

3. Wetlands or other environmental lands that are or have been restricted in use because of such environmental features;

4. Access to usable land;

5. Any characteristic of the subject parcel which characteristic, in the property appraiser's opinion, caused the appraisal to be clearly erroneous; or

6. Depreciation of the property that was based on a latent defect of the property which existed but was not readily discernible by inspection on January 1, but not depreciation resulting from any other cause.

(b) The material mistake of fact may be corrected by the property appraiser, in like manner as provided by law for performing the act in the first place only within 1 year after the approval of the tax roll pursuant to s. 193.1142, and, when so corrected, the act becomes valid ab initio and in no way affects any process by law for the enforcement of the collection of any tax. If such a correction results in a refund of taxes paid on the basis of an erroneous assessment contained on the current year's tax roll for years beginning January 1, 1999, or later, the property appraiser, at his or her option, may request that the department pass upon the refund request pursuant to s. 197.182 or may submit the correction and refund order directly to the tax collector for action in accordance with the notice provisions of s. 197.182(2). Corrections to tax rolls for prior years which would result in refunds must be made pursuant to s. 197.182.

**History.**--s. 129, ch. 85-342; s. 11, ch. 88-216; s. 9, ch. 91-295; s. 6, ch. 92-32; s. 1, ch. 98-167.

Disclaimer: The information on this system is unverified. The journals or printed bills of the respective chambers should be consulted for official purposes. Copyright © 2000-2006 State of Florida.