Bonnie Steingart
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
Attorneys for Official Committee of Equity Security Holders
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**SUPPLEMENTAL DECLARATION OF BONNIE
STEINGART PURSUANT TO BANKRUPTCY RULE 2014
ON BEHALF OF FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP AS COUNSEL FOR THE OFFICIAL
COMMITTEE OF EQUITY SECURITY HOLDERS**

STATE OF NEW YORK     )
                                         ) ss.:
COUNTY OF NEW YORK   )

BONNIE STEINGART, being duly sworn, deposes and declares under the penalty of perjury:

1. I am an attorney duly admitted and in good standing to practice before this Court, and a member of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"). My firm maintains offices for the practice of law at One New York Plaza, New York, New York 10004, and other locations. I submit this and provide the disclosures set forth herein to supplement the information provided in the Declaration of Bonnie Steingart Pursuant to Bankruptcy Rule 2014 on Behalf of Fried, Frank, Harris, Shriver & Jacobson LLP as Proposed Counsel for the Official Committee of Equity Security Holders, and Disclosure Pursuant to

Section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, filed with this Court on June 6, 2006 (the "Initial Declaration").

2. On April 28, 2006, the United States Trustee appointed an official committee of equity security holders (the "Equity Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). By application dated June 6, 2006, the Equity Committee sought to retain Fried Frank as its counsel. The Initial Declaration was filed with the application. On June 19, 2006, this Court entered an order authorizing the retention of Fried Frank by the Equity Committee *nunc pro tunc* to May 8, 2006.

3. Fried Frank has a new "connection", described below, that did not exist at the time Fried Frank sought to be retained in these Chapter 11 Cases. As a result, I submit this Supplemental Declaration to supplement the disclosure in my Initial Declaration.

4. On June 4, 2007, John Sorkin joined Fried Frank as a partner in the corporate department of our New York office. While at his prior law firm, Latham and Watkins LLP ("Latham"), Mr. Sorkin spent 0.6 hours advising on issues in connection with Latham's representation of the Official Committee of Unsecured Creditors (the "Creditors' Committee") in these Chapter 11 Cases.

5. Aside from this brief amount of time that he performed work for the Creditors' Committee while at Latham, Mr. Sorkin has not represented or acted on behalf of the Creditors' Committee in any capacity. Out of an abundance of caution, Fried Frank has established an ethical wall between Mr. Sorkin and the members of the Fried Frank team who are involved in representing the Equity Committee.[1]

---

[1] In connection with creation of an ethical wall, the following procedures have been implemented by Fried Frank: Mr. Sorkin has been instructed (i) not to exchange information and documents concerning his past representations of the Creditors' Committee with the Fried Frank attorneys involved in representing the Equity Committee and (ii) not to converse about such matters in the presence of the Fried Frank attorneys representing the Equity Committee. Similarly, the Fried Frank attorneys representing the Equity Committee have been instructed (i) not to exchange information and documents concerning their representation of the Equity Committee with Mr. Sorkin and (ii) not to converse about such matters in the presence of Mr. Sorkin. In addition, the file room personnel at Fried Frank have been instructed (i) not to give to Mr. Sorkin access to the files and non-public documents concerning the Equity Committee representation, and (ii) not to give to the attorneys working on the Equity Committee matters access to files and non-public documents concerning the Creditors' Committee matters previously handled by Mr. Sorkin.

6.      To the best of my knowledge, information and belief, other than as disclosed herein or in the Initial Declaration, there are no instances wherein Fried Frank (and Fried Frank's attorneys) have, have had, or might be deemed to have or have had "connections" with the Equity Committee, the Unsecured Creditors' Committee, the Debtors, their creditors, equity security holders or other parties-in-interest in these Chapter 11 Cases.  None of the "connections" disclosed above, in my view, affects Fried Frank's disinterestedness, nor is likely to do so in the future.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         June 4, 2007

/s/ Bonnie Steingart
Bonnie Steingart

587939