**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br> **DELPHI CORPORATION,** *et al.* <br><br> **Debtors.** | **Chapter 11** <br><br> **Case No. 05-44481** <br><br> **Honorable Robert D. Drain** |

### RESPONSE OF PLASTIC MOLDING COMPANY LLC TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

NOW COMES Plastic Molding Company LLC ("PMC"), by and through its undersigned counsel, and files its response in opposition to the Debtors' Thirteenth Omnibus Objection to Certain Claims (the "Objection") as it relates to the claim of PMC.

### OPPOSITION TO REQUESTED RELIEF

On or about July 6, 2006, PMC timely filed a secured claim against the Debtors' estates in the amount of $139,824.40 which is denoted as Claim No. 9685 on the Official Claims Register in these Chapter 11 cases (the "Claim").

PMC produces various goods utilized by the Debtors in their operations utilizing dies, molds or other forms that are in PMC's possession that belong to the Debtors. As of the date of the filing of the petitions, the Debtors were indebted to PMC in the amount of $139,824.40. Pursuant to Ohio Revised Code § 1333.31 *et seq.* PMC is entitled to a secured lien on the dies, molds or other forms that are in PMC's possession.

In relevant part, O.R.C. § 1333.31 provides that:

> (A)(1) A molder has a lien on a die, mold, pattern, or form that is in his possession and that belongs to a customer, for the following:

    (a) The amount due from the customer for plastic, metal, paper, china, ceramic, glass, or rubber fabrication work performed with the die, mold, pattern, or form, or for making or improving the die, mold, pattern, or form;

    (b) The cost associated with the notification described in division (B) of this section;

    (c) Costs and interest awarded in a judgment rendered pursuant to division (C) of this section.

    (2) Except as provided in division (C) of this section, the molder may retain possession of the die, mold, pattern, or form until the customer pays all applicable monetary amounts described in division (A)(1) of this section or the die, mold, pattern, or form is sold in accordance with this section.

In its Objection, the Debtors impermissibly attempt to reclassify PMC's rightful secured claim into a general unsecured claim in direct contravention of the rights afforded PMC under O.R.C. § 1333.31. and 11 U.S.C. § 506.

Wherefore, PMC respectfully requests that the Court deny the relief requested in the Objection pertaining to the claim of PMC and permit the classification of the claim to properly remain as secured.

Dated: June 4, 2007  
       Cincinnati, Ohio

Respectfully submitted,

*/s/ Donald W. Mallory*  
Donald W. Mallory (OH 0070875)  
DINSMORE & SHOHL LLP  
1900 Chemed Center  
255 East Fifth Street  
Cincinnati, Ohio 45202  
Telephone: (513) 977-8200  
Facsimile: (513) 977-8141  
donald.mallory@dinslaw.com

Counsel for Plastic Moldings Company, LLC

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 4, 2007, a copy of the foregoing Response of Plastic Molding Company LLC to Debtors' Thirteenth Omnibus Objection to Certain Claims, was served electronically on the appropriate registered ECF users and via regular U.S. Mail on the following parties:

| | |
|---|---|
| Honorable Robert D. Drain<br>U.S. Bankruptcy Court for the Southern<br>  District of New York<br>One Bowling Green, Room 610<br>New York, NY  10004 | Delphi Corporation<br>Attn:  General Counsel<br>5725 Delphi Drive<br>Troy, MI  48098 |

John Wm. Butler, Jr.
John K. Lyons
Joseph N. Wharton
Skadden, Arps, Slate, Meagher &
 Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL  60606

/s/ Donald W. Mallory

1386142v1

3