**Hearing Date:  August 2, 2007**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ - x
                                      :
    In re                               :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                                      :
                                      :    (Jointly Administered)
            Debtors.                :
------------------------------ - - x

DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT PROOF OF CLAIM NO. 10157
(STATEMENT OF DISPUTED ISSUES – GARY WHITNEY)

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Statement of Disputed Issues (the "Statement of Disputed Issues") With Respect To Proof Of Claim Number 10157 (the "Proof of Claim") filed by Gary Whitney ("Whitney"), and respectfully represent as follows:

<u>Background</u>

1.   Whitney's Proof of Claim was stamped received on or about August 2, 2006, which is after the July 31, 2006, claims bar date.  The Proof of Claim asserts an unsecured non-priority claim for an undetermined amount (the "Claim") for alleged employment discrimination and infliction of emotional distress.  Whitney's Claim stems from alleged damages from his lawsuit against Delphi Corporation and Delphi Product and Service Solutions, Inc., Case No. BC337315 in Los Angeles County, California, Superior Court ("Underlying Lawsuit"), filed July 28, 2005.

2.   On October 26, 2005, Delphi filed a Notice of Filing of Chapter 11 Bankruptcy Petition with the California Superior Court.

3.   The Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

4.   Whitney filed his Response Of Creditor Gary Whitney To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And Claims Subject To Modification, And (II) Motion to Estimate

2

Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c)822 (Docket No. 5593) (the "Response") on November 20, 2006.

<u>Disputed Issues</u>

5.      Whitney was hired as a Regional Sales Manager for Delphi's Product & Service Solutions (P&SS) division in January 2003.  He was responsible for P&SS sales in the western territory.

6.      Throughout 2003 and 2004, Delphi's P&SS division intensified its efforts to market and sell its consumer electronics products.  As part of this effort, Delphi began, for the first time, to attempt to sell products in major consumer electronics retail stores like Best Buy and Circuit City.

7.      In 2004, Whitney's supervisor, North American Sales Manager Mike Roberts, as well as Consumer Electronics Director Joe Damato, determined that Whitney's skills were not suited to the division's strategic direction he was not effective in his sales position.  Among other things, Whitney did not appear to have the connections and ability to successfully operate in the major retail electronics field.  Moreover, he did not appear to have a level of self-initiative or timeliness that was required and expected for his position.

8.      On June 23, 2004, Roberts and then-Delphi P&SS Human Resources Director Burt Valanty met with Whitney and advised him that his employment with Delphi had ended.  Delphi made its decision to terminate Whitney's employment for business reasons and not because of Whitney's age.

9.      Whitney has no direct or circumstantial evidence of age discrimination. Nor can he establish discrimination through an indirect method of proof.  There is no evidence that similarly situated younger employees were treated more favorably, that his job performance

3

met Delphi's legitimate expectations, that Delphi's nondiscriminatory reasons for his discharge are false, and that the real reason Delphi discharged him was his age. Indeed, another sales manager in the same division who also reported to Roberts was discharged for essentially the same reasons at about the same time, and that sales manager was thirty-two years old. Moreover, Delphi hired Whitney when he was fifty-six years old and discharged him just over a year later.

10. Nor is there any support for Whitney's claim that Delphi intentionally or negligently inflicted emotional distress upon him. There is no evidence that Delphi's conduct was "outrageous" or that Delphi intended to (and actually did) cause severe emotional harm to Whitney. Delphi also did not act negligently in a way that caused severe emotional distress. In any event, such a claim is precluded by the exclusivity provisions of the California Workers' Compensation Act.

11. Whitney's claim suffers other defects. Whitney appears to seek several forms of unrecoverable damages, including but not limited to, alleged damages that are remote, contingent, or speculative damages. Whitney also has failed to mitigate any potential damages and failed to exhaust available remedies under Delphi's procedures and other administrative remedies. Moreover, Whitney cannot recover for claims barred by the applicable statute of limitations.

12. For all the reasons discussed above, the Debtors are not liable to Whitney for any alleged damages and the Claim should be disallowed and expunged in its entirety.

## Reservation of Rights

13. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding

Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order disallowing and expunging the Claim and granting the Debtors such other and further relief as is just.

Dated: New York, New York
       June 5, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Albert L. Hogan III (AH 8807)
    Ron E. Meisler (RM 3026)
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois  60606
    (312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
    Four Times Square
    New York, New York  10036
    (212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession