UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
            In re                             :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                          Debtors.            :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002 AND
9014 (I) APPROVING BIDDING PROCEDURES, (II) GRANTING
CERTAIN BID PROTECTIONS, (III) APPROVING FORM AND
MANNER OF SALE NOTICES, AND
(IV) SETTING SALE HEARING IN CONNECTION
WITH SALE OF CATALYST BUSINESS

("CATALYST BUSINESS BIDDING PROCEDURES ORDER")

Upon the motion, dated June 6, 2007 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for orders

pursuant to 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and

9014 (a) (i) approving the bidding procedures set forth herein and attached hereto as

Exhibit 1 (the "Bidding Procedures"), (ii) granting certain bid protections, (iii) approving

the form and manner of sale notices, and (iv) setting a sale hearing (the "Sale Hearing")

and (b) authorizing and approving (i) the sale (the "Sale") of substantially all of the

Debtors' assets (the "Purchased Assets"), primarily used in the catalyst business of Delphi

Corporation, save for certain exceptions described fully in the Agreement (as defined

below), for $55.6 million and other consideration, free and clear of liens, claims, and

encumbrances, to Umicore and certain of its affiliates (the "Purchasers") pursuant to the

Master Sale and Purchase Agreement, dated June 5, 2007, by and between Delphi and

certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the

Agreement (the "Selling Debtor Entities"),[1] and the Purchasers (the "Agreement")[2] or to

the Successful Bidder (as hereinafter defined) submitting a higher or otherwise better bid,

(ii) the assumption and assignment of certain prepetition executory contracts and

unexpired leases (the "Assumed Contracts") and the assignment of certain postpetition

executory contracts and unexpired leases (the "Postpetition Contracts," and collectively

with the Assumed Contracts, the "Assigned Contracts") to the Purchasers or the

Successful Bidder, and (iii) the assumption of certain liabilities (the "Assumed

Liabilities") by the Purchasers or the Successful Bidder; and upon the record of the

hearing held on June 26, 2007 with respect to the Motion (the "Hearing"); and after due

deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    The Court has jurisdiction over this matter and over the property of

the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and

1334.

B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),

(N), and (O).

---

[1]    Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems (Holding) Inc., Exhaust Systems Corporation, Environmental Catalysts, LLC, ASEC Manufacturing General Partnership, and ASEC Sales General Partnership. Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement. The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

C.      The relief requested in the Motion is in the best interests of the

Debtors, their estates, their stakeholders, and other parties-in-interest.

D.      The notice given by the Selling Debtor Entities of the Motion and

the Hearing constitutes due and sufficient notice thereof.

E.      The Selling Debtor Entities have articulated good and sufficient

reasons for the Court to (i) approve the Bidding Procedures, (ii) grant certain bid

protections as provided in the Agreement, (iii) approve the manner of notice of the

Motion, the Sale Hearing, and the assumption and/or assignment of the Assigned

Contracts, (iv) approve the form of notice of the Motion and the Sale Hearing to be

distributed to stakeholders and other parties-in-interest, including prospective bidders, (v)

approve the form of notice of the Cure Amounts (as defined below) and the assumption

of the Assumed Contracts to be filed with the Court and served on parties to each

Assumed Contract, and (vi) set the Sale Hearing.

F.      The Break-Up Fee and the Expense Reimbursement, as either, but

not both may be payable in accordance with the terms, conditions, and limitations of the

Agreement (together, the "Bid Protections"), (i) if triggered, shall be deemed an actual

and necessary cost and expense of preserving the Selling Debtor Entities' estates, within

the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) are of substantial

benefit to the Selling Debtor Entities' estates, (iii) are reasonable and appropriate,

including in light of the size and nature of the Sale and the efforts that have been and will

be expended by the Purchasers notwithstanding that the proposed Sale is subject to higher

or better offers for the Purchased Assets, (iv) were negotiated by the parties at arms'

length and in good faith, and (v) are necessary to ensure that the Purchasers will continue

to pursue their proposed acquisition of the Purchased Assets.  The Bid Protections were a

material inducement for, and condition of, the Purchasers' entry into the Agreement.  The

Purchasers are unwilling to commit to hold open their offer to purchase the Purchased

Assets under the terms of the Agreement unless they are assured of payment of the Bid

Protections.  Thus, assurance to the Purchasers of payment of the Bid Protections should

promote competitive bidding by inducing the Purchasers' bid that otherwise would not

have been held open, and without which other bidding would have been less competitive.

Further, because the Bid Protections induced the Purchasers to submit a bid that will

serve as a minimum or floor bid on which other bidders can rely, the Purchasers have

provided a benefit to the Selling Debtor Entities' estates by increasing the likelihood that

the price at which the Purchased Assets are to be sold reflect their true worth.  Finally,

absent authorization of the Bid Protections, the Selling Debtor Entities may lose the

opportunity to obtain the highest or otherwise best available offer for the Purchased

Assets.

        G.     In the event that the Purchasers terminate the Agreement or the

Sellers terminate the Agreement and the Purchasers become entitled to receive or receive

any Expense Reimbursement, the Purchasers shall not be entitled to receive nor shall they

receive the Break-Up Fee or any portion thereof, and, conversely, in the event that the

Purchasers become entitled to receive or receive any Break-Up Fee, they shall not be

entitled to receive nor shall they receive the Expense Reimbursement or any portion

thereof.

        H.     The Bidding Procedures are reasonable and appropriate and

represent the best method for maximizing the realizable value of the Purchased Assets.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

<u>Bidding Procedures</u>

1.      The Bidding Procedures, as set forth on <u>Exhibit 1</u> attached hereto and incorporated herein by reference as if fully set forth in this Order, are hereby approved and any and all objections to the Bidding Procedures that were not consensually resolved at or before the Hearing are hereby overruled.  The Bidding Procedures shall govern all proceedings relating to the Agreement and any subsequent bids for the Purchased Assets in these cases.

2.      The Selling Debtor Entities may: (a) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer, (b) consult with the representative of any official committee or significant constituent in connection with the Bidding Procedures, and (c) reject at any time before entry of an order of the Court approving a Qualified Bid any bid (other than the Purchasers' bid) which, in the Selling Debtor Entities' sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Selling Debtor Entities, their estate, and their creditors.  The Selling Debtor Entities are authorized (y) to terminate the Bidding Process or the Auction at any time if they determine, in their business judgment, that the Bidding Process will not maximize the value of the Purchased Assets to be realized by the Selling Debtor Entities' estates and (z) to seek Bankruptcy Court approval of the Agreement with Purchasers.

<u>Sale Hearing</u>

3.       The Court shall hold a Sale Hearing on August 16, 2007 at 10:00
a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern
District of New York, One Bowling Green, Room 610, New York, New York 10004, at
which time the Court shall consider the Motion, the Successful Bidder, and confirm the
results of the Auction, if any.  Objections to the Motion, if any, shall be filed and served
no later than 4:00 p.m. (prevailing Eastern time) on August 9, 2007 (the "Objection
Deadline").

4.       The failure of any objecting person or entity to timely file and
serve its objection by the Objection Deadline shall be a bar to the assertion, at the Sale
Hearing or thereafter, of any objection to the Motion, the Sale, or the Selling Debtor
Entities' consummation and performance of the Agreement (including the transfer of the
Purchased Assets and Assigned Contracts free and clear of liens, claims, and
encumbrances), with the exception of any objection to the conduct of the Auction or the
Selling Debtor Entities' selection of the successful bidder, which may be made at the Sale
Hearing.

5.       The Sale Hearing may be adjourned from time to time without
further notice to creditors or parties-in-interest other than by announcement of the
adjournment in open court or on the Court's calendar on the date scheduled for the Sale
Hearing or any adjourned date.

<u>Bid Protections</u>

6.       The Bid Protections are hereby approved, and any and all

objections to the Bid Protections that were not consensually resolved at or before the

Hearing are hereby overruled.   The Selling Debtor Entities' obligation to pay the Bid

Protections, as provided by the Agreement, shall survive termination of the Agreement

and, until paid in accordance with the Agreement, shall constitute a superpriority

administrative expense claim pursuant to section 507(b) of the Bankruptcy Code.   The

Selling Debtor Entities shall be authorized to pay either of the Bid Protections (but not

both) to the Purchasers in accordance with the terms of the Agreement without further

order of the Court.

<u>Notice</u>

7.       Notice of (a) the Motion, (b) the Sale Hearing, and (c) the

proposed assumption and/or assignment of the Assigned Contracts to the Purchasers

pursuant to the Agreement or to a Successful Bidder shall be good and sufficient, and no

other or further notice shall be required, if given as follows:

(a)       <u>Notice Of Sale Hearing</u>.  Within five days after entry of this
Order (the "Mailing Date"), the Debtors (or their agent) propose to serve the Motion, the
Agreement, the proposed Sale Order, the Bidding Procedures, and a copy of the Bidding
Procedures Order by first-class mail, postage prepaid, upon (i) the Office of the United
States Trustee for the Southern District of New York, (ii) counsel for the Purchasers, (iii)
counsel for the Official Committee of Unsecured Creditors appointed in these chapter 11
cases (the "Creditors' Committee"), (iv) counsel for the Official Committee of Equity
Security Holders appointed in these chapter 11 cases, (v) all entities known to have
expressed an interest in a transaction with respect to the Purchased Assets during the past
six months, (vi) all entities known to have asserted any lien, claim, interest or
encumbrance in or upon the Purchased Assets, (vii) all federal, state, and local regulatory
or taxing authorities or recording offices, including but not limited to environmental
regulatory authorities, which have a reasonably known interest in the relief requested by
the Motion, (viii) all parties to Assigned Contracts, (ix) the United States Attorney's
office, (x) the United States Department of Justice, (xi) the Securities and Exchange

Commission, (xii) the Internal Revenue Service, (xiii) all entities on the Master Service
List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed.
R. Bankr. P. 2002(M), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And
Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883)
(the "Supplemental Case Management Order")), and (xiv) such other entities that are
required to be served with notices under the Supplemental Case Management Order.

        (b)   <u>Cure Notice</u>.  On or before July 6, 2007, the Debtors shall
file with this Court and serve on each non-Debtor party to an Assumed Contract a cure
notice substantially in the form attached hereto as <u>Exhibit 2</u> (the "Cure Notice").  The
Cure Notice shall state the cure amount that the Selling Debtor Entities believe is
necessary to assume such contract or lease pursuant to section 365 of the Bankruptcy
Code (the "Cure Amount") and notify each party that such party's lease or contract will
be assumed and assigned to the Purchasers or a Successful Bidder (as appropriate) to be
identified at the conclusion of the Auction.  In addition, such Cure Amounts shall be
listed on a schedule to the Sale Approval Order.  Each non-Debtor party to the Assumed
Contracts shall have ten days from the date of the Cure Notice to object to the Cure
Amount and must state in its objection with specificity what Cure Amount is required
(with appropriate documentation in support thereof).  If no objection is timely received,
the Cure Amount set forth in the Cure Notice shall be controlling, notwithstanding
anything to the contrary in any Assumed Contract, or any other document, and the non-
Debtor party to an Assumed Contract shall be deemed to have consented to the Cure
Amount and shall be forever barred from asserting any other claims as to such Assumed
Contract against the Selling Debtor Entities, the Purchasers, or the Successful Bidder (as
appropriate), or the property of any of them.

        (c)   <u>Assumption/Assignment Notice For Purchaser</u>.  On or before
July 6, 2007, the Selling Debtor Entities shall file with the Court and serve on all non-
Debtor parties to the Assigned Contracts a notice (the "Purchaser
Assumption/Assignment Notice"), substantially in the form of the notice attached hereto
as <u>Exhibit 3</u>, identifying the Purchasers as the parties which will be assigned all of the
Selling Debtor Entities' right, title, and interest in the Assigned Contracts, subject to
completion of the bidding process provided under the Bidding Procedures.  The non-
Debtor party to an Assumed Contract shall have ten days from the service of the
Purchaser Assumption/Assignment Notice to object to the proposed assumption and
assignment to the Purchasers and must state in its objection, with specificity, the legal
and factual basis of its objection.  If no objection is timely received, the non-Debtor party
to the Assumed Contract shall be deemed to have consented to the assumption and
assignment of the Assumed Contract to the Purchaser and shall be forever barred from
asserting any objection with regard to the assumption and assignment.

        (d)   <u>Assumption/Assignment Notice For Qualified Bidders</u>.  On
the business day following the Bid Deadline, the Selling Debtor Entities shall cause a
notice (the "Qualified Bidder Assumption/Assignment Notice"), substantially in the form
of the notice attached hereto as <u>Exhibit 4</u>, to be sent to each non-Debtor party to an
Assigned Contract identifying all Qualified Bidders.  The non-Debtor party to an
Assumed Contract shall have ten days from the service of the Qualified Bidder

Assumption/Assignment Notice to object to the proposed assumption and assignment to any Qualified Bidder and must state in its objection, with specificity, the legal and factual basis of its objection.  If no objection is timely received, the non-Debtor party to the Assumed Contract shall be deemed to have consented to the assumption and assignment of the Assumed Contract to the Purchasers or any Qualified Bidder and shall be forever barred from asserting any objection with regard to the assumption and assignment.

        (e)   Publication Notice. On or before the Mailing Date, or as soon thereafter as is practicable, the Debtors shall cause notice substantially in the form of the notice attached hereto as Exhibit 5 to be published in the national editions of the Wall Street Journal (International Edition), the New York Times, the Tulsa World, and the Claremore Progress.

        8.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

        9.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
        June __, 2007

                            _____
                           UNITED STATES BANKRUPTCY JUDGE

Exhibit 1

# DELPHI CORPORATION
## CATALYST BUSINESS BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of substantially all of the assets that comprise the catalyst business (the "Catalyst Business") of Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities").[1]  On June 5, 2007, the Sellers executed that certain Master Sale And Purchase Agreement (the "Agreement") with Umicore and certain of its affiliates (the "Purchasers").  The transaction contemplated by the Agreement is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court (as defined herein) pursuant to sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and certain other closing conditions.

On June 6, 2007, the Selling Debtor Entities and certain of their affiliates (collectively, the "Debtors") filed a Motion For Orders Under 11 U.S.C. §§ 363 And 365 And Fed. R. Bankr. P. 2002, 6004, 6006 And 9014 (a) (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii) Approving Form And Manner Of Sale Notices, And (iv) Setting Sale Hearing Date And (b) Authorizing And Approving (i) Sale Of The Debtors' Assets Primarily Used In The Debtors' Catalyst Business Free And Clear Of Liens, Claims, And Encumbrances, (ii) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (iii) Assumption Of Certain Liabilities (the "Sale Motion").  On June ___, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an Order Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii) Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing approving the Bidding Procedures (the "Bidding Procedures Order").  The Bidding Procedures Order set August 16, 2007 as the date when the Bankruptcy Court shall conduct a hearing (the "Sale Hearing") to authorize the Selling Debtor Entities to enter into the Agreement.  All capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Agreement.

The Bidding Procedures set forth herein describe, among other things, the assets available for sale, the manner in which bidders and bids become Qualified Bidders and Bids, respectively, the coordination of diligence efforts among bidders, the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder(s) (as defined herein), and the Bankruptcy Court's approval thereof (collectively, the "Bidding Process").  The Debtors intend to consult with, among others, the Official Committee of Unsecured Creditors (the "Creditors' Committee") throughout the Bidding Process.  In the event that the Debtors and any party disagree as to the interpretation or

---

[1]    Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems (Holding) Inc., Delphi Automotive Systems LLC, Exhaust Systems Corporation, Environmental Catalysts, LLC, Delphi Technologies, Inc., ASEC Manufacturing General Partnership, and ASEC Sales General Partnership.  Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and
resolve such dispute.

## Assets To Be Sold

The assets proposed to be sold include substantially all of the assets exclusively relating
to the Catalyst Business (the "Assets").

## "As Is, Where Is"

The sale of the Assets shall be on an "as is, where is" basis and without representations or
warranties of any kind, nature, or description by the Sellers, their agents, or estates, except, with
respect to the Purchaser, to the extent set forth in the Agreement and, with respect to a
Successful Bidder, to the extent set forth in the relevant purchase agreement of such Successful
Bidder approved by the Bankruptcy Court.

## Free Of Any And All Claims And Interests

Except, with respect to the Purchaser, to the extent otherwise set forth in the Agreement
and, with respect to a Successful Bidder, to the extent otherwise set forth in the relevant purchase
agreement of such Successful Bidder, all of the Sellers' right, title, and interest in and to the
Assets, or any portion thereof, to be acquired will be sold free and clear of all pledges, liens,
security interests, encumbrances, claims, charges, options, and interests thereon and there against
(collectively, the "Claims and Interests"), such Claims and Interests to attach to the net proceeds
of the sale of such Assets.

## Participation Requirements

Any person who wishes to participate in the bidding process (a "Potential Bidder") must
become a Qualified Bidder.  As a prerequisite to becoming a Qualified Bidder, a Potential Bidder,
other than the Purchaser must deliver (unless previously delivered) to the Selling Debtor Entities
and their counsel at the addresses provided below no later than 4 p.m. (prevailing Eastern time)
on the fifth Business Day following the entry of the Bidding Procedures Order unless otherwise
ordered by the Bankruptcy Court or as otherwise determined by the Sellers:

(a)     An executed confidentiality agreement substantially similar to the Purchaser
Confidentiality Agreement.

(b)     Current audited financial statements of the Potential Bidder, or, if the Potential
Bidder is an entity formed for the purpose of acquiring the Purchased Assets and the
Catalyst Business, current audited financial statements of the equity holders of the
Potential Bidder who will guarantee the obligations of the Potential Bidder, or such other
form of financial disclosure and credit-quality support or enhancement as is acceptable to
the Sellers and their financial advisors; and

(c)     A preliminary (non-binding) proposal regarding:  (i) the purchase price range; (ii)
any assets and/or equity interests expected to be excluded; (iii) the structure and

financing of the transaction (including, but not limited to, the sources of financing for the Purchase Price and the requisite Good Faith Deposit); (iv) any anticipated regulatory approvals required to close the transaction, the anticipated time frame and any anticipated impediments for obtaining such approvals; (v) any conditions to closing that it may wish to impose in addition to those set forth in this Agreement; and (vi) the nature and extent of additional due diligence it may wish to conduct and the date by which such due diligence shall be completed.

A Potential Bidder which delivers the documents described in the previous subparagraphs above and whose financial information and credit-quality support or enhancement demonstrate the financial capability of the Potential Bidder to consummate the Sale if selected as a successful bidder, and which the Sellers determine in their sole discretion is likely (based on availability of financing, experience, and other considerations) to be able to consummate the Sale within the time frame provided by this Agreement shall be deemed a "Qualified Bidder."  Notwithstanding the foregoing, Purchasers shall be deemed a Qualified Bidder for purposes of the bidding process. As promptly as reasonably practicable after a Potential Bidder delivers all of the materials required above, the Sellers will determine, and will notify the Potential Bidder, if such Potential Bidder is a Qualified Bidder.  At the same time when the Sellers notify the Potential Bidder that it is a Qualified Bidder, Sellers will allow the Qualified Bidder to commence due diligence with respect to the Purchased Assets and the Catalyst Business as described below.

## Due Diligence

Sellers will afford each Qualified Bidder due diligence access to the Purchased Assets and the Catalyst Business.  Due diligence access may include such management presentations as may be scheduled by Sellers, access to data rooms, on site inspections, and such other matters which a Qualified Bidder may request and as to which Sellers, in their sole discretion, may agree. Sellers will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders.  Any additional due diligence will not continue after the Bid Deadline.  Sellers may, in their discretion, coordinate diligence efforts such that multiple Qualified Bidders have simultaneous access to due diligence materials and/or simultaneous attendance at management presentations or site inspections. Neither Sellers nor any of their Affiliates (or any of their respective representatives) will be obligated to furnish any information relating to Purchased Assets and the Catalyst Business to any Person other than to Qualified Bidders who make an acceptable preliminary proposal.

## Bid Deadline

A Qualified Bidder which desires to make a bid shall deliver the Required Bid Documents to:  Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 Attention:  Steven P. De Raedt, Director, Mergers & Acquisitions, with copies to:  (i) Sellers' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, at 333 West Wacker Drive, Chicago, Illinois 60601-1285, Attention: John K. Lyons and Brian M. Fern; (ii) Sellers' financial advisor, Credit Suisse First Boston, at 11 Madison Avenue, New York, New York 10010-3629, Attention: Spyros Svoronos; (iii) counsel to the Creditors' Committee appointed in the Bankruptcy Cases, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attention: Robert J. Rosenberg; and (iv) counsel for the agent under Delphi's postpetition credit facility, Davis Polk

& Wardwell, 450 Lexington Avenue, New York, New York 10017, Attention: Donald S. Bernstein and Brian Resnick; so as to be received no later than 11:00 a.m. (prevailing Eastern time) by July 24, 2007 (the 'Bid Deadline').  As soon as reasonably practicable following receipt of each Qualified Bid, Sellers will deliver complete copies of all items and information enumerated in the section below entitled "Bid Requirements" to counsel for the official committee of equity security holders (the "Equityholders Committee").

## Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

(a)    A letter stating that the bidder's offer is irrevocable until two Business Days after the closing of the Sale of the Purchased Assets.

(b)    An executed copy of the Agreement, together with all schedules marked (a "Marked Agreement") to show those amendments and modifications to such Agreement and schedules that the Qualified Bidder proposes, including the Purchase Price (as defined in the Agreement).

(c)    A good faith deposit (the "Good Faith Deposit") in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to Sellers in their sole discretion) payable to the order of Delphi (or such other party as Sellers may determine) in an amount equal to 1.75% of such bidder's gross (pre-adjustment) Purchase Price (rounded to the nearest $100,000).

(d)    Written evidence of a commitment for financing, or other evidence of ability to consummate the proposed transaction, that is satisfactory to Sellers and their advisors.

## Qualified Bids

A bid will be considered only if the bid:

(a)    Is on terms and conditions (other than the amount of the consideration and the particular Liabilities being assumed) that are substantially similar to, and are not materially more burdensome or conditional to Sellers than, those contained in the Agreement.

(b)    Is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder.

(c)    Proposes a transaction that the Sellers determine, in the good faith opinion of their senior management, after consultation with their financial advisors, is not materially more burdensome or conditional than the terms of the Agreement and has a value, either individually or, in conjunction with any other Qualified Bid, greater than or equal to the sum of the Purchase Price plus the amount of the Break-Up Fee, plus $1,000,000: (i) in the case of the initial Qualified Bid and (ii) in the case of any subsequent Qualified Bids, over the immediately preceding highest Qualified Bid.

(d)      Is not conditioned upon any bid protections, such as a break-up fee, termination fee, expense reimbursement, or similar type of payment.

(e)      Contains an acknowledgement and representation that the bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Purchased Assets prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Purchased Assets in making its bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Purchased Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Agreement or the Marked Agreement.

(f)      Includes a commitment to consummate the purchase of the Purchased Assets (including the receipt of any required governmental or regulatory approvals) within not more than fifteen days after entry of an order by the Bankruptcy Court approving such purchase, subject to the receipt of any governmental or regulatory approvals which must be obtained within sixty (60) days after entry of such order.

(g)      Is received by the Bid Deadline; provided, however, that the Sellers will have a one-time right to extend the Bid Deadline up to a maximum of five Business Days, but the Sellers are not obligated to do so. If the Sellers extend the Bid Deadline they must promptly inform all of the Qualified Bidders of such extension.

A bid received from a Qualified Bidder will constitute a "Qualified Bid" only if it includes all of the Required Bid Documents and meets all of the above requirements; provided, however, the Sellers will have the right, in their sole discretion, to entertain bids for the Purchased Assets that do not conform to one or more of the requirements specified herein and deem such bids to be Qualified Bids. Notwithstanding the foregoing, the Purchasers will be deemed Qualified Bidders, and the Agreement will be deemed a Qualified Bid, for all purposes in connection with the bidding process, the Auction, and the Sale. A Qualified Bid will be valued based upon factors such as the net value provided by such bid and the likelihood and timing of consummating such transaction. Each Qualified Bid other than that of the Purchasers is referred to as a "Subsequent Bid."

If the Sellers do not receive any Qualified Bids other than the Agreement received from the Purchasers, the Selling Debtor Entities will report the same to the Bankruptcy Court and will proceed with the Sale pursuant to the terms of the Agreement.

## Bid Protection

Recognizing the Purchasers' expenditure of time, energy, and resources, the Selling Debtor Entities have agreed to provide certain bidding protections to the Purchaser. Specifically, the Selling Debtor Entities have determined that the Agreement must further the goals of the Bidding Procedures by setting a floor which all other Qualified Bids must exceed. As a result, the Selling Debtor Entities have agreed that if Umicore and the other Purchasers are not the Successful Bidder, the Selling Debtor Entities will, in certain circumstances, pay to the Purchasers a Break-Up Fee. In the event that the Agreement is terminated pursuant to certain

other provisions thereof, then the Selling Debtor Entities will be obligated to pay only the Purchasers' Expense Reimbursement.  In the event that Purchasers become entitled to receiver or receive any Expense Reimbursement, Purchasers will not be entitled to receive nor may they receive the Break-Up Fee or any portion thereof, and, conversely, that in the event that Purchasers become entitled to receive or receive any Break-Up Fee, they will not be entitled to receive nor may they receive the Expense Reimbursement or any portion thereof.  The payment of the Break-Up Fee or the Expense Reimbursement (as applicable) will be governed by the provisions of the Agreement and the Bidding Procedures Order.

## Auction

If Sellers receive one (1) or more Qualified Bids in addition to this Agreement, Sellers will conduct an auction (the "Auction") of the Purchased Assets and the Catalyst Business upon notice to all Qualified Bidders who have submitted Qualified Bids at 10:00 a.m. (prevailing Eastern time) on August 1, 2007, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (at Sellers' election) or such later time or other place as Sellers will notify all Qualified Bidders who have submitted Qualified Bids (but in no event later than the second Business Day prior to the Sale Hearing), in accordance with the following procedures:

(a)    Only the Sellers, Umicore, any representative of the Creditors' Committee and the Equityholders' Committee, any representative of the Sellers' secured lenders under their postpetition credit facility (and the legal and financial advisers to each of the foregoing), and any Qualified Bidder which has timely submitted a Qualified Bid will be entitled to attend the Auction, and only Umicore and Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

(b)    By the close of business on July 27, 2007, each Qualified Bidder which has timely submitted a Qualified Bid must inform Sellers whether it intends to participate in the Auction and by close of business on July 28, 2007, Sellers must provide copies of the Qualified Bid or combination of Qualified Bids which Sellers believe is the highest or otherwise best offer to all Qualified Bidders which have informed Sellers of their intent to participate in the Auction.

(c)    All Qualified Bidders which have timely submitted Qualified Bids will be entitled to be present for all Subsequent Bids with the understanding that the true identity of each bidder will be fully disclosed to all other bidders and that all material terms of each Subsequent Bid will be fully disclosed to all other bidders throughout the entire Auction.

(d)    Sellers may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures, the Bankruptcy Code, or any order of the Bankruptcy Court entered in connection herewith.

(e)    Bidding at the Auction will begin with the highest or otherwise best Qualified Bid or combination of Qualified Bids and continue in minimum increments of at least $1,000,000 higher than the previous bid or bids.  The Auction will continue in one or

more rounds of bidding and will conclude after each participating bidder has had the opportunity to submit one or more additional Subsequent Bid with full knowledge and written confirmation of the then-existing highest bid or bids.  For the purpose of evaluating the value of the consideration provided by Subsequent Bids (including any Subsequent Bid by Purchaser), Sellers will give effect to any Break-Up Fee or Expense Reimbursement that may be payable to Purchaser under the Agreement as well as any assets and/or equity interests to be retained by any Seller.

## Selection Of Successful Bid

At the conclusion of the foregoing steps in the Auction, or as soon thereafter as practicable, Sellers, in consultation with their financial advisors, will:  (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale and (ii) identify the highest or otherwise best offer(s) for the Purchased Assets and the Business received at the Auction (the "Successful Bid(s)" and the bidder(s) making such bid, the "Successful Bidder(s)").

Sellers will sell the Purchased Assets for the highest or otherwise best Qualified Bid to the Successful Bidder upon the approval of such Qualified Bid by the Court after the Sale Hearing.  If, after an Auction in which the Purchasers:  (i) shall have bid an amount in excess of the consideration presently provided for in the Agreement with respect to the transactions contemplated under the Agreement and (ii) are the Successful Bidder, they must, at the Closing under the Agreement, pay, in full satisfaction of the Successful Bid, an amount equal to:  (a) the amount of the Successful Bid less (b) the Break-Up Fee.

The Selling Debtor Entities' presentation of a particular Qualified Bid to the Court for approval does not constitute the Sellers' acceptance of the bid.  Sellers will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

## The Sale Hearing

The Sale Hearing will be held before the Honorable Judge Robert Drain on August 16, 2007 at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, but may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing.  If the Sellers do not receive any Qualified Bids (other than the Qualified Bid of the Purchasers), the Selling Debtor Entities will report the same to the Bankruptcy Court at the Sale Hearing and will proceed with a sale of the Purchased Assets to the Purchasers following entry of the Sale Order.  If the Sellers do receive additional Qualified Bids, then, at the Sale Hearing, the Selling Debtor Entities will seek approval of the Successful Bid(s), and, at Sellers' election, one or more next highest or best Qualified Bid(s) (the "Alternate Bid(s)," and such bidder(s), the "Alternate Bidder(s)").  The Selling Debtor Entities' presentation to the Bankruptcy Court of the Successful Bid(s) and Alternate Bid(s) will not constitute Sellers' acceptance of either or any such bid(s), which acceptance will only occur upon approval of such bid(s) by the Bankruptcy Court at the Sale Hearing.  Following approval of the Sale to the Successful Bidder(s), if the Successful Bidder(s) fail(s) to consummate the sale because of:  (i)

failure of a condition precedent beyond the control of either Sellers or the Successful Bidder; or
(ii) a breach or failure to perform on the part of such Successful Bidder(s), then the Alternate
Bid(s) shall be deemed to be the Successful Bid(s) and Sellers shall effectuate a sale to the
Alternate Bidder(s) subject to the terms of the Alternate Bid(s) of such alternate Bidder(s)
without further order of the Bankruptcy Court.

### Return Of Good Faith Deposits

Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) will be
held in an interest-bearing escrow account and all Qualified Bids will remain open
(notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of one or more
Successful Bids by one or more Qualified Bidders), until two (2) Business Days following the
closing of the Sale (the "Return Date").  Notwithstanding the foregoing, the Good Faith Deposit,
if any, submitted by the Successful Bidder(s), together with interest thereon, will be applied
against the payment of the Purchase Price upon closing of the Sale to the Successful Bidder(s).
If a Successful Bidder fails to consummate an approved sale because of a breach or failure to
perform on the part of such Successful Bidder, such Successful Bidder will forfeit its Good Faith
Deposit, and such Good Faith Deposit will irrevocably become property of Sellers in full and
final satisfaction of any and all Liabilities of the defaulting Successful Bidder to the Sellers with
respect to the Sale.  On the Return Date, Sellers will return the Good Faith Deposits of all other
Qualified Bidders, together with the accrued interest thereon.

### Reservations Of Rights

Sellers, after consultation with the agents for their secured lenders and the Committee:  (i)
may determine which Qualified Bid, if any, is the highest or otherwise best offer and (ii) may
reject at any time, any bid (other than the Purchasers' bid) that is:  (a) inadequate or insufficient;
(b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or
the terms and conditions of the Sale; or (c) contrary to the best interests of the Sellers, their
estates, and creditors as determined by Sellers in their sole discretion.

Exhibit 2

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
      In re                        :     Chapter 11
                                        :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                                        :
                    Debtor.    :     (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH THE SALE OF CATALYST BUSINESS

PLEASE TAKE NOTICE THAT:

        1.      Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii)

Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing (the

"Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") on June __, 2007, Delphi Corporation

("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set

forth in the Agreement (the "Selling Debtor Entities")[1] have entered into a Master Sale And

Purchase Agreement ("Agreement") with Umicore and certain of its affiliates (the

"Purchasers") for the purchase of substantially all of the assets primarily used in the catalyst

business of Delphi.  The Selling Debtor Entities hereby provide notice (the "Notice") of their

intent to assume and assign the prepetition executory contracts or unexpired leases (the

"Assumed Contract") listed on Exhibit 1 hereto to the Purchaser or the Successful Bidder, as

the case may be.  Capitalized terms used but not otherwise defined in this notice have the

meanings ascribed to them in the Bidding Procedures Order.

     2.     On the date of the closing of the transactions contemplated by the

Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Selling

Debtor Entities will pay the amount the Selling Debtor Entities' records reflect is owing for

prepetition arrearages, if any, as set forth on Exhibit 1 hereto (the "Cure Amount").  The

Selling Debtor Entities' records reflect that all postpetition amounts owing under the

Assumed Contract have been paid and will continue to be paid until the assumption and

assignment of the Assumed Contract and that, other than the Cure Amount, there are no other

defaults under the Assumed Contract.

     3.     Objections, if any, to the proposed Cure Amount must (a) be in

writing, (b) state with specificity the cure asserted to be required, (c) include appropriate

documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local

---

[1]    Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems (Holding) Inc., Delphi Automotive Systems LLC, Exhaust Systems Corporation, Environmental Catalysts, LLC, Delphi Technologies, Inc., ASEC Manufacturing General Partnership, and ASEC Sales General Partnership.  Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

2

Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under

11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and

Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental

Case Management Order") and the Amended Eighth Supplemental Order Under 11 U.S.C. §§

102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus

Hearing Dates and Certain Notice, Case Management, and Administrative Procedures,

entered October 26, 2006 (Docket No. 5418) (together with the Supplemental Case

Management Order, the "Case Management Orders"), (e) be filed with the Bankruptcy Court

in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy

Court's case filing system must file electronically, and all other parties-in-interest must file on

a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format), (f) be submitted in hard-copy form directly to the

chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (g) be served in hard-copy form so that they are actually

received within ten days of service of this Notice upon (i) Delphi Automotive Systems LLC,

5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional &

Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333

West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Brian M.

Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vi) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (vii) counsel for the Purchasers, Goodwin Procter LLP, 901

New York Avenue, N.W., Washington, DC 20001 (Att'n: J. Hovey Kemp), and (viii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard).

4.      If an objection to the Cure Amount is timely filed and received, a

hearing with respect to the objection will be held before the Honorable Robert D. Drain,

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of

New York, One Bowling Green, Room 610, New York, New York 10004, at such date and

time as the Court may schedule.  A hearing regarding the Cure Amount, if any, may be

continued at the sole discretion of the Selling Debtor Entities until after the Closing Date.

5.      If no objection is timely received, the Cure Amount set forth in

Exhibit 1 hereto will be controlling, notwithstanding anything to the contrary in any Assumed

Contract or any other document, and the non-Debtor party to the Assumed Contract will be

deemed to have consented to the Cure Amount and will be forever barred from asserting any

other claims as to such Assumed Contract against the Selling Debtor Entities, the Purchasers,

or the Successful Bidder (as appropriate), or the property of either of them.  The failure of

any objecting person or entity to timely file its objection will be a bar to the assertion, at the

Sale Hearing or thereafter, of any objection to the Sale Motion, the Sale, or the Selling

Debtor Entities' consummation of and performance under the Agreement (including the

transfer of the Assets and the Assumed Contracts free and clear of all Claims and Interests), if

authorized by the Court.

4

      6.      Prior to the Closing Date, the Selling Debtor Entities may amend their decision with respect to the assumption and assignment of the Assumed Contract and provide a new notice amending the information provided in this Notice.

Dated:  New York, New York
       June __, 2007

                            SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

          By:_____
             John Wm. Butler, Jr. (JB 4711)
             John K. Lyons (JL 4951)
             Ron E. Meisler (RM 3026)
          333 West Wacker Drive, Suite 2100
          Chicago, Illinois  60606
          (312) 407-0700

                   - and -

          By:_____
             Kayalyn A. Marafioti (KM 9632)
             Thomas J. Matz (TM 5986)
          Four Times Square
          New York, New York 10036
          (212) 735-3000

          Attorneys for Delphi Corporation, et al.,
           Debtors and Debtors-in-Possession

Exhibit 3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

      In re                        :     Chapter 11

                                    :

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)

                                    :

                 Debtor.     :     (Jointly Administered)

                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO PURCHASERS IN CONNECTION WITH
SALE OF CATALYST BUSINESS

PLEASE TAKE NOTICE THAT:

        1.      Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii)

Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing (the

"Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") on June__, 2007, Delphi Corporation

("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set

forth in the Agreement (the "Selling Debtor Entities")[1] have entered into a Master Sale And

Purchase Agreement ("Agreement") with Umicore and certain of its affiliates (the

"Purchasers") for the purchase of substantially all of the assets exclusively used in the

catalyst business of Delphi Corporation.

2.      Pursuant to the terms of the Agreement and subject to completion of a

competitive bidding process described in the Bidding Procedures Order and the attachments

thereto, the Selling Debtor Entities will seek to assume and assign the prepetition contracts

(the "Assumed Contracts") and assign the postpetition contracts (the "Postpetition Contracts")

listed on Exhibit 1 hereto to the Purchasers at the hearing to be held at 10:00 a.m. (prevailing

Eastern time) on August 16, 2007 (the "Sale Hearing") before the Honorable Robert D. Drain,

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of

New York, One Bowling Green, Room 610, New York, New York 10004.

3.      Objections, if any, to the assumption and assignment of an Assumed

Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c)

conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the

Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and

105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing

Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March

20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Amended

---

[1]      Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems (Holding) Inc., Delphi Automotive Systems LLC, Exhaust Systems Corporation, Environmental Catalysts, LLC, Delphi Technologies, Inc., ASEC Manufacturing General Partnership, and ASEC Sales General Partnership.  Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

2

Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered October 26, 2006 (Docket No. 5418) (together with the Supplemental Case Management Order, the "Case Management Orders"), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (f) be served in hard-copy form so it is actually received within ten days after the date of this Notice upon (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactions & Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Brian M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vii) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (viii) counsel for the Purchasers, Goodwin Procter LLP, 901 New York Avenue, N.W., Washington, DC 20001 (Att'n: J. Hovey Kemp), and (ix) the Office of the United States

3

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard).

4.    If an objection to the assumption and assignment of an Assumed Contract is timely filed and received, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at the Sale Hearing or such date and time as the Court may schedule.  If no objection is timely received, the non-Debtor party to the Assumed Contract will be deemed to have consented to the assumption and assignment of the Assumed Contract and will be forever barred from asserting any other claims, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Assumed Contract, against the Selling Debtor Entities or the Purchasers, or the property of either of them.

5.    Pursuant to 11 U.S.C. § 365, there is adequate assurance of future performance that the Cure Amount set forth in the Cure Notice will be paid in accordance with the terms of the Sale Approval Order.  Further, there is adequate assurance of the Purchasers' future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of the Purchasers.

6.    Prior to the Closing Date, the Selling Debtor Entities may amend their decision with respect to the assumption and/or assignment of any Assumed Contract or Postpetition Contract and provide a new notice amending the information provided in this Notice.

4

Dated:  New York, New York
       June__, 2007

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: _____
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
  333 West Wacker Drive, Suite 2100
  Chicago, Illinois  60606
  (312) 407-0700

- and -

By: _____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
  Four Times Square
  New York, New York 10036
  (212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Exhibit 4

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :
     In re                        :     Chapter 11
                             :
DELPHI CORPORATION, et al.,  :     Case No. 05-44481 (RDD)
                             :
                 Debtor.   :     (Jointly Administered)
                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO QUALIFIED BIDDERS
IN CONNECTION TO SALE OF CATALYST BUSINESS

PLEASE TAKE NOTICE THAT:

        1.      Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii)

Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on June__, 2007, Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities")[1] have entered into a Sale And Purchase Agreement ("Agreement") with Umicore and certain of its affiliates (the "Purchasers") for the purchase of substantially all of the assets primarily used in the catalyst business of Delphi.

2.     Pursuant to the Bidding Procedures set forth in the Bidding Procedures Order, the following parties have submitted Qualified Bids for the Assets and will participate in an Auction to be held on August 1, 2007 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, or such later time or other place as the Selling Debtor Entities will notify all Qualified Bidders who have submitted Qualified Bids (but in no event later than the second Business Day prior to the Sale Hearing):

| **Qualified Bidders** |
| --- |
|  |
|  |

3.     Pursuant to the terms of the Agreement (or any asset sale and purchase agreement that the Selling Debtor Entities may enter into with the Successful Bidder), the Selling Debtor Entities will seek to assume and assign the prepetition contracts (the "Assumed Contracts") and assign the postpetition contracts (the "Postpetition Contracts") listed on Exhibit 1 hereto to the Purchasers or the Successful Bidder, as case may be, subject

---

[1]     Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems (Holding) Inc., Delphi Automotive Systems LLC, Exhaust Systems Corporation, Environmental Catalysts, LLC, Delphi Technologies, Inc., ASEC Manufacturing General Partnership, and ASEC Sales General Partnership.  Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

2

to approval at the hearing to be held at 10:00 a.m. (prevailing Eastern time) on August 16, 2007 (the "Sale Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

        4.      Objections, if any, to the assumption and assignment of an Assumed Contract to a Qualified Bidder, who may ultimately become the Successful Bidder, must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered October 26, 2006 (Docket No. 5418) (together with the Supplemental Case Management Order, the "Case Management Orders"), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (f) be served in hard-copy form so they are actually received within ten days after the date of this Notice upon (i) Delphi Automotive Systems LLC, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Brian M. Fern), (iv)

counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450

Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian

Resnick), (v) counsel for the official committee of unsecured creditors, Latham & Watkins

LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark

A. Broude), (vi) counsel for the official committee of equity security holders, Fried, Frank,

Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n:

Bonnie Steingart), (vii) counsel for the Purchaser, Goodwin Procter LLP, 901 New York

Avenue, N.W., Washington, DC 20001 (Att'n: J. Hovey Kemp), and (viii) the Office of the

United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100,

New York, New York 10004 (Att'n:  Alicia M. Leonhard).

        5.      If an objection to the assumption and assignment of an Assumed

Contract is timely filed and received, a hearing with respect to the objection will be held

before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, at the Sale Hearing or such other date and time as the Court

may schedule.  If no objection is timely filed and received, the non-Debtor party to the

Assumed Contract will be deemed to have consented to the assumption and assignment of the

Assumed Contract and will be forever barred from asserting any other claims as to such

Assumed Contract, including, but not limited to, the propriety or effectiveness of the

assumption and assignment of the Assumed Contract, against the Selling Debtor Entities or

the Purchasers, or the property of either of them.

6.      Pursuant to 11 U.S.C. § 365, there is adequate assurance that the Cure

Amount set forth in the Cure Notice will be paid in accordance with the terms of the Sale

Approval Order.  Further, there is adequate assurance of the Qualified Bidders' future

performance under the executory contract or unexpired lease to be assumed and assigned

because of the significant resources of the Qualified Bidders.

7.      Prior to the Closing Date, the Selling Debtor Entities may amend their

decision with respect to the assumption and/or assignment of any Assumed Contract or

Postpetition Contract and provide a new notice amending the information provided in this

Notice.

Dated:  New York, New York
        July __ , 2007

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: _____
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois  60606
    (312) 407-0700

                - and -

By:_____
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession

5

Exhibit 5

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                     :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :     Case No. 05-44481 (RDD)
                                          :
                     Debtor.     :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION

PLEASE TAKE NOTICE THAT:

       1.      Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.
2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii)
Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing In
Connection With Sale of Catalyst Business (the "Bidding Procedures Order") entered by the
United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy
Court") on June __, 2007, Delphi Corporation ("Delphi") and certain of its affiliates,
including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling
Debtor Entities") have entered into a Master Sale And Purchase Agreement ("Agreement")
with Umicore and certain of its affiliates (the "Purchasers") for the purchase of substantially
all of the assets exclusively used in the catalyst business of Delphi Corporation.  Capitalized
terms used but not otherwise defined in this notice have the meanings ascribed to them in the
Bidding Procedures Order.

       2.      All interested parties are invited to make an offer to purchase the
Assets in accordance with the terms and conditions approved by the Bankruptcy Court (the
"Bidding Procedures") by **11:00 a.m.** (prevailing Eastern time) on **July 24, 2007.**  Pursuant to
the Bidding Procedures, the Debtors may conduct an auction for the Assets (the "Auction")
beginning at **10:00 a.m.** (prevailing Eastern time) on **August 1, 2007** at the offices of
Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York
10036.

       3.      Participation at the Auction is subject to the Bidding Procedures and
the Bidding Procedures Order.  A copy of the Bidding Procedures is available by contacting
the undersigned counsel to the Sellers or by accessing Delphi's Legal Information Website,
www.delphidocket.com.

4.      A hearing to approve the Sale of the Assets to the highest and best bidder will be held on **August 16, 2007 at 10:00 a.m.** (prevailing Eastern time) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, before the Honorable Robert D. Drain, United States Bankruptcy Judge.  The hearing on the Sale may be adjourned without notice other than an adjournment in open court.

5.      Objections, if any, to the proposed Sale must be filed and served in accordance with the Bidding Procedures Order, and **actually received** no later than **4:00 p.m. (prevailing Eastern time)** on **August 9, 2007.**

6.      This notice is qualified in its entirety by the Bidding Procedures Order.

New York, New York
Dated:  June__, 2007

BY ORDER OF THE COURT

John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

  - and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession