Hearing Date and Time: June 21, 2007, at 10:00 a.m. EDT
Response Date and Time: June 18, 2007, at 4:00 p.m. EDT

BOULT, CUMMINGS, CONNERS & BERRY PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
Roger G. Jones (admitted *pro hac vice*)
Austin L. McMullen (admitted *pro hac vice*)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
     In re                                :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                                          :    (Jointly Administered)
     Debtors.                             :
----------------------------------------- X

### MOTION OF CALSONIC KANSEI NORTH AMERICA FOR RELIEF FROM THE STAY

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

Comes now Calsonic Kansei North America ("CKNA") and respectfully moves the Court, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), for relief from the automatic stay in order that CKNA be allowed to give notice to the Debtors of the termination of the contract represented by the attached purchase order and terminate said contract pursuant to its terms. In support of this Motion, CKNA would respectfully state:

### JURISDICTION

1.     On October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors" or "Delphi") filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has ordered joint administration of Debtors' cases.

2. The statutory predicates for the relief sought here are section 362(d) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 1334(c) of title 28 of the United States Code. This Court has subject matter jurisdiction over this motion pursuant to sections 157 and 1334 of title 28 of the United States Code. This matter is a core proceeding within the meaning of section 157(b)(2)(G) of title 28 of the United States Code. Venue is proper in this district pursuant to section 1409 of title 28 of the United States Code.

## FACTUAL BACKGROUND

3. On or about March 2, 2006, CKNA sent Delphi a blanket purchase order (the "Purchase Order") under which CKNA would purchase all of its requirement of belt tension sensors, as described in the Purchase Order, from Delphi. A copy of the Purchase Order is attached hereto.

4. Delphi accepted the Purchase Order and the parties have performed under the Purchase Order.

5. The Terms and Conditions of the Purchase Order, at paragraph 10, provide that CKNA may terminate the Purchase Order for convenience, as follows:

> Termination for Convenience. Buyer may terminate this order or any part of it[] for its convenience by written notice to Seller. Upon receipt of notice of termination Seller will immediately stop all work hereunder and cause any of its suppliers or subcontractors to cease such work. Buyer will pay Seller for all goods which are (i) ready for shipment in accordance with this order's delivery schedule prior to Seller's receipt of the termination notice, (ii) conform to all requirements of this order, and (iii) are free and clear of all encumbrances. Buyer will not pay for any work done

after Seller's receipt of notice of termination, nor for any costs incurred by Seller's suppliers or subcontractors which Seller could reasonably have avoided.

6. Cause exists under section 362(d) of the Bankruptcy Code for granting CKNA relief from the automatic stay to give notice to the Debtors of the termination of the contract represented by the Purchase Order and terminate said contract pursuant to paragraph 10 of the Terms and Conditions of the Purchase Order, thus permitting CKNA to resource its belt tension sensor supply work to another supplier.

### RELIEF REQUESTED

7. By this Motion, CKNA seeks an Order granting it relief from the automatic stay to give notice to the Debtors of the termination of the contract represented by the Purchase Order and terminate said contract pursuant to paragraph 10 of the Terms and Conditions of the Purchase Order.

### BASIS FOR RELIEF REQUESTED

8. Section 362(d) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

9. "Cause" is not a defined term in the Bankruptcy Code and, consequently, is determined on a case-by-case basis. See In re Sonnax Industries, Inc., 907 F.2d 1280, 1285 (2d Cir. 1990).

10. CKNA is entitled to immediate relief from the automatic stay to give notice to the Debtors of the termination of the contract represented by the Purchase Order and terminate said contract pursuant to paragraph 10 of the Terms and Conditions of the Purchase Order because

the Terms and Conditions of the Purchase Order grant CKNA an unconditional right to terminate the contract for convenience.

## MEMORANDUM OF LAW

11. Since the legal authorities relied upon by CKNA are set forth in this motion, CKNA has not filed a separate memorandum of law. CKNA reserves the right to file a separate memorandum of law and reply to any response by the Debtors.

## NOTICE

12. Notice of this Motion has been provided pursuant to the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, and Administrative Procedures (Docket No. 5418). No further notice is required. No previous motion for the relief requested herein has been made to this or any other court.

WHEREFORE, Calsonic Kansei North America requests that the Court enter an Order, substantially in the form annexed hereto, granting Calsonic Kansei North America relief from the automatic stay to give notice to the Debtors of the termination of the contract represented by the Purchase Order and terminate said contract pursuant to paragraph 10 of the Terms and Conditions of the Purchase Order and granting Calsonic Kansei North America such other relief as is just and appropriate.

DATED:  June 6, 2007.

Respectfully submitted,

/s/ Austin L. McMullen
Roger G. Jones (admitted *pro hac vice*)
Austin L. McMullen (admitted *pro hac vice*)
BOULT, CUMMINGS, CONNERS & BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2307
amcmulle@bccb.com

*Attorneys for Calsonic Kansei North America*