# Purchase Order

**CalsonicKansei**
CALSONIC NORTH AMERICA INC.
Lewisburg, TN

Ship to: TAKATA
104 E. 9TH ST
DOUGLAS, AZ  85607
TX:

Vendor: DELPHI
C/O BANK ONE NA
P.O. BOX 93268
CHICAGO, IL
60673-3268

FAX: 765-451-4006
Phone: 765-451-4047

Bill to: CALSONIC KANSEI NORTH AMERICA
ATTN: ACCOUNTS PAYABLE
P.O. BOX 680
SHELBYVILLE, TN 37160
TX: 931-359-2151
931-680-6827

Page: 1
Purchase Order No: 32518 DUPLICATE
Change Order:

## INSTRUCTIONS

1. PACKING LIST INCLUDING OUR ORDER NUMBER AND YOUR NAME MUST ACCOMPANY EACH SHIPMENT OR WILL RESULT IN REFUSAL OF SHIPMENT. THIS P.O. NUMBER MUST APPEAR ON ALL INVOICES, PACKING SLIPS AND CARTONS. SHIPMENTS MUST CONTAIN PACKING SLIPS IN DUPLICATE.
2. NO DEVIATION FROM THIS ORDER WILL BE ACCEPTED UNLESS SPECIFICALLY AUTHORIZED BY A CHANGE ORDER.
3. TERMS AND CONDITIONS ON REVERSE SIDE ARE MADE A PART OF THIS ORDER TO WHICH SELLER AGREES BY ACCEPTANCE. ADDITIONAL OR DIFFERENT TERMS AND CONDITIONS IN THE ACKNOWLEDGEMENT OF THIS PURCHASE ORDER BY SELLER OR ANY OTHER SELLER'S DOCUMENT ARE EXPRESSLY REJECTED BY THE BUYER.
FAILURE TO RETURN KANTUS CORPORATION ACKNOWLEDGMENT COPY OF THIS PURCHASE ORDER WITHIN 10 DAYS OF DATE OF PURCHASE ORDER WILL RESULT IN SELLER'S ACCEPTANCE OF THIS ORDER.

| Order Date | Vendor Code | Terms | Txbl | PO Type | Buyer | Ship Via | Requestor | Confirm to: | Resale #: | Deliver to: |
|---|---|---|---|---|---|---|---|---|---|---|
| 03/02/06 | DEL703 | NET 30 | NO | BRG | JP | | Parker, Jeremy | | | |

F.O.B: FOB DEST. PPD.

| Item | Part Number / Description | Rev | Insp | Quantity | UoM | Unit Price | Extension | Tax |
|---|---|---|---|---|---|---|---|---|
| 1.00 | 1040622-AB<br>ACCOUNT: 1-000-21204<br>QTY RELEASED: 117600.00<br>SEN ASSY BTS X11C | | | 1 ********** <br>XXXXXXXXX <br>EXPIRES 03/31/08 <br>QTY TO BE RELEASED: ********** | EA | 9.09860 | BLANKET | N |

This is a BLANKET PURCHASE ORDER, to be released on an as needed basis.
*************************************************************
SUPPLIER AGREES TO ABIDE BY ALL GUIDELINES SPECIFIED IN
THE SUPPLIER QUALITY MANUAL AND THE DRAWING UPON
UPON ACCEPTANCE OF BLANKET PURCHASE ORDER
*************************************************************

Total Order  ************

** All suppliers must be minimally compliant to ISO 9000 guidelines by December 1, 2006. **

ORIGINAL

By: _____
JEREMY D. PARKER

# TERMS AND CONDITIONS

The following instructions apply to all orders issued by CalsonicKansei North America, Inc. and must be incorporated into each order, either by printing on the order form by reference and attachment to the order, or by reference to documents previously furnished to Seller.

## SECTION I – INSTRUCTIONS TO SELLER

A. Acknowledgement. Seller must Acknowledge this order – advising shipping data.
B. Changes or Modifications. No change or modification shall be made to this purchase order unless authorized in writing by an authorized representative of the Buyer's purchasing department.
C. Quantity Acceptable on this Order. Buyer will accept quantity of goods shown on the "Quantity" Column of this order. Overshipments will be returned to Seller for reimbursement and undershipments shall be made up by Seller at Buyer's discretion.
D. Supplemental Terms and Conditions. Any Supplemental condition of purchase referenced on the face of this order and attached hereto are hereby incorporated into and made a part of this order.
E. Purchase Order Number. Buyer's current number , including amendment of release designation, must appear on all invoices, packing list ,bills of lading and shall and shall appear on each package container or envelope on each shipment made pursuant to this order.
F. Bills Of Lading. Bills Of Lading Shall be sent with shipment duplicate.
G. Packing List. Packing list is to accompany each shipment of goods pursuant to this order, and if such shipment shall complete the order the following notation MUST appear thereon. "This shipment completes this order"
H. Packaging Charges. No charge for packaging or local cartage will be allowed unless specifically approved by an authorized representative or Buyer. Goods must be packaged and described to confirm with Carrier's Classification Rules so as to obtain lowest transportation cost.
I. Shipments. Seller shall ship as instructed by Buyer in the absence of specific routing instructions, shipments are to be forwarded "Best Way"
J. Invoices. It is the preference of CalsonicKansei North America that paper invoices not be submitted for series production components and raw material. Suppliers of such product are to submit via electronic data interchange (E.D.I.) an advance shipping notice (ASN). Upon Calsonic's receipt of the ASN and the shipments receipt, payment will be initiated in accordance with the p/o and payment terms. Invoices for all other shipments are to be mailed in duplicate an must contain the following certification: "We hereby certify that these goods were produced in compliance with all applicable requirements of Section 6,7 and 12 of the Fair Labor Standards Act of 1938 as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 there of."
K. Taxes. Any applicable State Sales, or Use of Federal Excise Taxes shall be shown separately on the invoice.
L. Discount. Cash Discount period shall commence with the date of actual receipt of invoice or actual receipt of acceptable goods ordered herein, whichever is later.

## TERMS AND CONDITIONS OF PURCHASE

"Buyer" means CalsonicKansei North America, Inc. "Buyer's Terms" means the terms and condition on the face and back of this order and any other terms and conditions specifically incorporated herein by reference. "Seller" means the vendor shown on the face of this order and "Goods" means the products of seller shown on the face order of this order and all raw materials, components, tooling equipment and supplies to be delivered by all services to be provided by Seller hereunder.

1. Acceptance: (a) Seller will be deemed to have accepted this order when Seller returns the acknowledgement copy of this order or begins performance under this order. Seller's acceptance is limited to acceptance of Buyer's terms. Buyer hereby objects to and rejects any proposal by Seller for additional or different terms. If Seller proposes additional or different terms which relate to the description, quality, price or delivery schedule of the Goods, seller's proposal will operate as a rejection of Buyer's offer in all other cases. Seller's proposal will be considered a material alteration to Buyer's Terms and Buyer's Terms will be deemed accepted by Seller without Seller's additional or different terms.

   (b) If this order is deemed an acceptance of Seller's prior offer, Buyer's Terms. Any proposal by Seller for additional or different terms of any attempt to modify Buyer's Terms will be deemed a material alteration of Buyer's Terms and Buyer objects to and rejects such other terms ,but this order will not operate as a rejection of Seller's offer unless it contain variances in the terms of the description quantity, price or delivery schedule of the Goods.

   (c) No amendments to the terms of this order will be binding upon Buyer's unless such amendments are in writing and signed by Buyer's authorized representative.

   (d) Interpretation. This statement of terms and conditions is intended by the buyer and seller to be final, exclusive and complete in its impression of the agreement and its terms. No course of prior dealing between the buyer and seller and no usage of the trade shall be relevant to supplement or explain any term used herein. Acceptance of a course of performance rendered under this agreement by the buyer, shall not be relevant to determine the meaning of this agreement even though the buyer has acknowledge of the nature of the performance and opportunity to object.

2. Delivery. Time is of the essence in this order, Seller will make deliveries in the quantities and at the times specified herein or in releases issued hereunder. If Seller's deliveries fail to meet schedule, Buyer, in addition to its other rights, may direct expedite routing and debit to Seller any access costs incurred as a result. (b) Buyer will not be liable for Seller's commitments or production in excess of the amount or in advance of the time required under Buyer's delivery schedule. If Seller delivered Goods in advance of schedule, Buyer, may either (1) return such Goods at Seller's expense for the proper delivery, (2) withhold payment for such Goods under the schedule delivery data or (3) place such Goods in storage for seller's account until the scheduled delivery date.

3. Quality. Seller will maintain an inspection and quality system accepted to buyer and in conformity with any drawings, specifications and date which are part of this order and with any quality program of Buyer described in materials referenced on the face of this order and incorporated herein by such reference. Seller will maintain adequate authenticated inspection and test reports, affidavits, and certifications relating to the work performed under this order, retain such records for a period of five years after completion of this order or as otherwise specified by Buyer, and make such records available to Buyer upon request. Seller acknowledges that Buyer may reduce its incoming inspection procedures in reliance upon Seller's maintenance of a quality system as required hereunder.

4. Inspection and Acceptance of Goods. (a) Buyer may inspect Goods ordered at all times and places, including during the period of manufacture. Such inspection may at Buyer's option include confirmation of Seller's compliance with required quality control procedures. Seller will permit Buyer and/ or its designees access to Seller's facilities at all reasonable times and will provide all tools, facilities, and assistance reasonably necessary for such inspection and/ or confirmation at no additional cost to Buyer. All Goods are subject to final inspection and acceptance anytime after delivery to Buyer

   (b) Payment by delivery Goods will not constitute acceptance. Buyer may reject any Goods which do not meet the specifications set forth in this order. Buyer may return any such Goods to Seller for reimbursement, credit, replacement or correction as Buyer may direct, or Buyer may correct and/ or replace such Goods at Seller's cost. Any Goods rejected by Buyer will be at seller's risk and expense and Seller will not again ship such goods for acceptance unless the former rejection or requirement of correction is disclosed. Seller will reimburse Buyer for any packaging, handling and transportation costs Buyer incurs with respect to rejected Goods.

   (c) Buyer may revoke its acceptance of Goods at any time, whether or not a substantial modification in the goods has been made, if a defect in the Goods which could not have been discovered during Buyer's normal inspection procedures or which is not normally discovered until the Goods are used substantially impairs the value of the Goods to Buyer.

   (d) Neither Buyer's exercise of nor its failure to exercise, any rights provided hereunder will relieve the seller from responsibility for such Goods as are not in accordance with the order requirements or impose liability on Buyer thereof.

5. Product Warranties: ( a ) Seller warrants that the Goods ( I ) will be fit and sufficient for the purpose intended (if Seller knows or has reason to know the particular purpose for which Buyer intend to use the Goods), ( ii ) will be merchantable and free from all defects, including defects and material and workmanship, and, if not of Buyer's detailed written design, defects in design, and (iii) will confirm with all representatives, descriptions, samples, drawings, plans, specification, designs and other data supplied by Seller or list on the front side of this order. The foregoing warranties are in addition to those available to Buyer by law.

   (b) All warranties hereunder will survive Buyer's acceptance, use and/ or payments and will run to Buyer's and its customers.

   ( c) Buyer's review or approval of any samples, drawings, specifications or other data developed by Seller in connection with this order will not limit Seller's responsibility under the warranties contained herein or alter the cost, rate of output or delivery requirements of this order.

   (d) Buyer's specifications and requirements take precedence over industry standards. Seller will advise Buyer in writing if Buyer' specifications or requirements are not as extensive as industry standards.

6. Products indemnification. Seller will indemnify, defend and hold Buyer, its officers, employees and agents harmless from and against any and all losses, expenses, damages, claims, suits, or any liability whatsoever (including recall, repair and replacement, expenses and other incidental and consequential damages, court cost any attorney's fees) arising as a result of actual or alleged breach of any warranties or other terms contained in this order or arising out of any actual or alleged tort or negligence claims premised on either an actual or alleged defect in the Goods. At Buyer's request, Seller will assume promptly full responsibility for the defense of any action described in this paragraph which may be brought or threatened by a third party against Seller and/or Buyer.

7. Patent Indemnification. Seller will indemnify and hold Buyer, its successors, assigns, customers or users of its product harmless from and against any and all losses and expenses (including incidental and consequential damages, court cost and attorney's fees) resulting from any claims that the manufacture, use, sale or resale of any Goods infringe any patent or patent rights in any country, Seller will, when notified,

defend any action of claim of infringement, indemnify Buyer and pay all damages and costs. These indemnification will not apply to Goods that are manufactured solely in accordance with Buyer's specific written design specifications. If the sale and/ or use of the Goods is enjoined, Seller will at its own expense, either procure for Buyer the right to continue using such Goods, or replace same with equivalent non infringing goods, or modify such goods so they become non infringing, or remove same and refund the purchase price, including transportation, installation, removal and other charges incidental thereto, as mutually agreed upon between Buyer and Seller.

8. Changes. Buyer may at any time by a written order but without notice to sureties change drawings, specifications, packing, time and place of delivery or method of transportation. If any such change increases or decreases the cost or time required for Seller's performance hereunder, an equitable adjustment will be made and this order will be modified in writing accordingly. Any claim by Seller for any adjustment hereunder must be made within 10 days of the date Seller is first notified of the change. In the Seller's claim includes any cost for property made obsolete as a result of the change, Buyer may prescribe the manner in which such property will be disposed. Pending resolution of any dispute regarding any such adjustment, Seller will diligently pursue the order as a change. No change to design, material, process, procedures or practice is to be made by seller without written authorization by Buyer.

9. Force Majeure. Buyer may delay delivery or acceptance due to forces beyond its control. Seller will hold any delayed goods at the direction of Buyer and will deliver them when the cause affecting the delay has been removed. Buyer will be responsible only for Seller's direct additional cost incurred in holding the Goods or delaying performance at Buyer's request. Either party will be excused from performance which has been made impracticable at the occurrence of a contingency the non occurrence of which was a basic assumption on which the contract was made, or by good faith compliance with any law, even later if found invalid.

10. Termination for Convenience. Buyer may terminate this order or any part of its for its convenience by written notice to Seller. Upon receipt of notice of termination Seller will immediately stop all work hereunder and cause any of its suppliers or subcontractors to cease such work. Buyer will pay Seller for all goods which are (I) ready for shipment in accordance with this order's delivery schedule prior to Seller's receipt of the termination notice, (ii) conform to all requirements of this order, and (iii) are free and clear of all encumbrances. Buyer will not pay for any work done after Seller's receipt of notice of termination, nor for any costs incurred by Seller's suppliers or subcontractors which Seller could reasonably have avoided.

11. Termination for Cause. Buyer may terminate this order or any part hereof for cause in the event of a "Default by Seller "Default" means ( I ) Seller's failure to comply with any of the terms and conditions of this order, ( ii ) Seller's failure to give Buyer, upon request, reasonable assurance of Seller's future performance, ( iii ) insolvency, bankruptcy. Liquidation or dissolution of Seller, or ( iv ) any other event which causes reasonable doubt as to Seller's ability to render due performance hereunder.

12. Default – Cancellation in the event of Default. Buyer may, upon written notice to Seller but without further liability to Seller, ( I ) waive all or any part of the Default, ( ii ) agree in writing to any change in or modification of this order as Buyer may, in it judgement, deem advisable, (iii) cancel this order in whole or in part, ( iv ) purchase goods in substitution for those to be supplied by Seller hereunder and change Seller for any excess cost resulting there from and/ or ( v ) exercise any other rights or remedies Buyer may have under applicable law. Seller's liability for Default will include buyer's incidental and consequential damages.

13. State of Limitations. Any action for breach of agreement between buyer and seller must be commenced within one year after the cause of action has accrued.

14. Proprietary Information – Confidentially – Advising ( a ) Seller will consider all information furnished by Buyer hereunder (including drawing, specifications, or other documents prepared by Seller for Buyer in connection with this order) to be confidential and will not disclose any such information to any other person or use such information itself for any purpose other than performing this contract, unless Seller obtains Buyer's written permission. Seller will not advertise to publish the fact that the Buyer has contracted to purchase Goods from Seller or disclose any information relating to the order without Buyer's written permission. ( b ) Unless otherwise agreed in writing, no information disclosed in any manner or at any time by Seller to Buyer will be deemed secret or confidential, and Seller will have no rights against Buyer with respect thereof except such rights as may exist under patent laws.

15. License to Repair. Use of Copyrighted Materials. Seller hereby grants to Buyer a nonexclusive, royalty-free, irrevocable license to repair, rebuild and relocate the Goods. Seller also grants to Buyer a nonexclusive, paid-up, irrevocable license to use all copyrighted materials of Seller the authorship to which is fixed in any tangible medium of expression, which are furnished to Buyer during the course of Seller's performance hereunder and which relate to any Goods. Without limiting the generality of the foregoing, Buyer's use of such copyrighted materials pursuant to such license may include reproduction distribution to customers and others and public display.

16. Indemnity Insurance. To the extent Seller's agents, employees or subcontractors enter upon premises occupied by or under the control of Buyer or any of its customers or suppliers in the course of the performance of this order, Seller will take reasonable steps to prevent any injury to person or property arising out of acts or omission of such agents, employees, or subcontractor's. Except to the extent that any such injury or damage is due solely and directly to Buyer's negligence, Seller will indemnify defend and hold Buyer, its officers, employees and agents harmless from and against any and all losses, expenses, damages, claims, suits, or any liability whatsoever ( including incidental and consequential damages, court cost and attorney's fees) arising out of any act or omission to Seller, its agents, employees or subcontractors. Seller will maintain and require its subcontractor to maintain ( I ) public liability and property damage insurance including contractual liability (both general and vehicle) in amounts sufficient to cover obligation set forth above, and ( ii ) workers' compensation and employer's liability insurance covering all employees engaged in the performance of this order for claims arising under any applicable worker's compensation or occupation disease laws. Seller will furnish certifications evidencing such insurance which will expressly provide that no expiration, termination or modification will take place within 30 days written notice to Buyer. Any property of Buyer used by Seller in the performance of this order will be deemed to have been under the sole custody and control of Seller during the period of such use by Seller.

17. Buyer's Property. ( a ) Buyer will retain title to any property Buyer furnished to Seller. Seller will not alter or use such property for any purpose other than that specified by Buyer or for any other person without the prior written consent of Buyer. Seller will keep adequate records of such property which records will be made available to Buyer upon request, and will store, pro, repair and maintain such property in accordance with sound industrial practice, all at Seller's expense ( b ) If Buyer's property become lost or damaged while in Seller's possession, Seller will indemnify Buyer or replace such property at Seller's expense in accordance with Buyer's request. At the completion, cancellation or termination of this order for which Buyer's property was required, Seller will request disposition instructions for all such property, or the remainder thereof, whether in its original form or in semi processed form. Seller will make such property available to Buyer at Buyer's request, in the manner directed by Buyer, including preparation, packaging and shipping as directed. Expenses for preparation for shipment will be for Seller's account and shipment will be made F. O. B. Seller's plant.

18. Tooling. Unless otherwise specified in this order, all tooling and/ or all other articles required for the performance hereof will be furnished by Seller, who will maintain such articles in good condition and replace them when necessary at Seller's expense for changes requested by Buyer. Seller will not use any such article furnished by Buyer except for performance by seller hereunder.

19. Compliance with Laws in the performance of this order. Seller will fully comply with all applicable laws and will hold Buyer harmless from any liability resulting from Seller's failure to so comply.

20. Taxes. Seller's price will be exclusive of any federal, state or local sales, use or excise taxes levied upon, or measured by the sale, the sale price, or use of the Goods. Seller will list separately on its invoice any such tax   lawfully applicable to the Goods and payable by Buyer with respect to which Buyer does not furnish to Seller lawful evidence of exemption.

21. Setoff. All claims for money due or to become due from Buyer shall be subject to deduction of setoff by Buyer for any counterclaim arising from this or any other transaction with Seller.

22. Notice of Delay. Sell will immediately give Buyer a detailed written notice of any event (including an actual or potential labor dispute) of which Seller becomes aware and which may delay Seller's timely performance of this order. Payments will be made within 30 days of whatever payment terms are suitable to the transaction of Calsonic North America, Inc.

23. Payments. Buyer will pay the prices stipulated on this order for Goods delivered and accepted, less deductions, if any, as herein provided, but only upon submission by Seller of an invoice. Unless otherwise specified, Buyer will pay for partial deliveries accepted by the Buyer.

24. Remedies. The rights and remedies provided Buyer herein will be cumulative and in addition to any other remedies provided by law or equity. Buyer's waiver of a breach of any provision hereof will not constitute a waiver of any other breach. This order is governed by the laws of the state shown in Buyer's address on the face of this order.

25. Severability. Any provision of this order which is finally determined to be unlawful will be deemed severed from this order and every other lawful provision of this order will remain in full force and effect.

26. Assignments and subcontracting. No part of this order may be assigned or subcontracted without the prior written approval of Buyer.

27. Fair Labor Standards. Seller warrants that the Goods will be made in compliance with the Fair Labor Standards Act of 1938, as amended.

THE EQUAL EMPLOYMENT OPPORTUNITY CLAUSE IN SECTION 202- EXECUTIVE ORDER NO. 11245- AS AMENDED RELATIVE TO EQUAL EMPLOYMENT OPPORTUNITY AND THE IMPLEMENTING RULES AND REGULATIONS OF THE OFFICE OF FEDERAL CONTRACT COMPLIANCE ARE INCORPORATED HEREIN BY SPECIFIC REFERENCE. THE VETERANS JOB LISTING PROVISIONS OF TITLE 41, PART 50, OF THE CODE OF FEDERAL REGULATIONS ARE ALSO HEREBY INCORPORATED HEREIN BY SPECIFIC REFERENCE.