```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :   Case No. 05-44481 (RDD)
                                          :
                      Debtors.            :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR.
P. 6004 AUTHORIZING DELPHI CORPORATION TO ENTER INTO
SANDUSKY FACILITY CAPITAL PROCUREMENT AGREEMENT
<u>WITH GENERAL MOTORS CORPORATION</u>
("SANDUSKY CAPITAL PROCUREMENT ORDER")

Upon the motion, dated June 6, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 authorizing, but not directing, Delphi to enter into a capital procurement agreement (the "Capital Procurement Agreement") with General Motors Corporation ("GM") which provides for the procurement of certain tooling and equipment to support future automotive bearing production for GM at the Delphi facility in Sandusky, Ohio; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of Delphi, its estate, its stakeholders, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. Delphi is authorized, but not directed, to enter into and fully perform under the Capital Procurement Agreement.

3. Delphi is authorized, but not directed, to execute and deliver, and perform under, consummate, and implement, all additional instruments and documents as may be reasonably necessary or desirable to implement and perform under the Capital Procurement Agreement.

4. Delphi is authorized, but not directed, to cause any of Delphi's obligations under the Capital Procurement Agreement to be performed by a subsidiary of Delphi, provided that Delphi shall remain obligated for the performance of all such obligations.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

6. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          June __, 2007

                                  UNITED STATES BANKRUPTCY JUDGE