UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :    Case No. 05-44481 (RDD)
                                                            :
                Debtors.                                    :    (Jointly Administered)
------------------------------------------------------------x

## CLAIMANT'S RESPONSE TO DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY AMERICAN CASUALTY COMPANY OF READING, PA

TO:   Honorable Robert D. Drain
      United States Bankruptcy Judge

Claimant, American Casualty Company of Reading, PA (hereinafter referred to as "American Casualty"), is Claimant on Proof of Claim No. 2534, filed on April 3, 2006, and also Claimant on Proof of Claim No. 2253, filed on March 10, 2006. Claimant responds to the Debtor's objections as follows:

1.  Debtor is objecting to Claim No. 2253 on the ground that it is a duplication of Claim No. 2534. Both claims are filed as contingent Proofs of Claim in the sum of $44,080,000.00.

2.  Claimant, American Casualty, concurs and agrees that the two (2) Proofs of Claim (No. 2534 and No. 2253) are duplications. American Casualty is unaware as to how the original Proof of Claim filed on March 10, 2006 (No. 2253) was refiled as another Proof of Claim on April 3, 2006 (No. 2534). Consequently, American Casualty consents to the expungement of Proof of Claim No. 25347, as a duplication of Proof of Claim No. 2253.

## PROOF OF CLAIM NO. 2253

3.     As part of Claimant, American Casualty's, business, Claimant executes on behalf of the importer, bonds which are required by the United States Customs Service from entities importing goods into the United States.

4.     Debtor, Delphi Corporation (hereinafter referred to as "Debtor"), along with its affiliates, as a regular part of its business, imports merchandise into the United States.

5.     Prior to the commencement of the above-captioned Chapter 11 case, American Casualty, as surety, issued three (3) surety bonds (Bond No. 389810234, Effective Date – 12/9/98, Bond No. 389810223, Effective Date – 12/9/98 and Bond No. 389810116, Effective Date – 12/8/98), on behalf of the Debtor, in the above-captioned case.  American Casualty is bound to pay bond obligations on behalf of Debtor Corporation to the U.S. Customs Service when so demanded.  American Casualty is additionally bound to pay any future bond obligations (up to the dollar limit of each bond for each bond period, to wit: Bond No. 389810234 – Ten Million and 00/100 ($10,000,000.00) Dollars per bond period, Bond No. 389810223 – One Million and 00/100 ($1,000,000.00) per bond period and Bond No. 389810116 – Twenty Thousand and 00/100 ($20,000.00) Dollars per bond period) on behalf of Debtor, in the event that future obligations are not paid by Debtor when due.

6.     Debtor was at the time of the commencement of this case, and still is contingently liable to American Casualty in the amount of the total of all bond penal sums, to wit: Forty Four Million Eighty Thousand and 00/100 ($44,080,000.00) Dollars.  American Casualty filed a Proof of Claim in the contingent amount of Forty Four Million Eighty Thousand and 00/100 ($44,080,000.00) Dollars, represented as follows:   Bond No.

389810234 - four (4) consecutive bond periods: 12/9/98 – 12/8/99, 12/9/99 – 12/8/00, 12/9/8/00 – 12/8/01 and 12/9/01 – 12/8/02, Bond No. 389810223- four (4) consecutive bond periods: 12/9/98 – 12/8/99, 12/9/99 – 12/8/00, 12/9/8/00 – 12/8/01 and 12/9/01 – 12/8/02 and Bond No. 389810116 – four (4) consecutive bond periods: 12/8/98 – 12/7/99, 12/8/99 – 12/7/00, 12/8/8/00 – 12/7/01 and 12/8/01 – 8/30/02.

7.  As previously stated, on or about March 10, 2006, American Casualty filed a Proof of Claim with the United States Bankruptcy Court, setting forth the amount of its claim and the basis of its claim.

## Contingent Claim

8.  Apparently, Debtor has objected to the "contingent" claim. However, a "claim", as defined by the Bankruptcy Code, is "a right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(4)(a). The purpose of Congress in adopting such a broad definition of claim was that "all legal obligations of the Debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." House Report No. 595, 95th Cong. 2d. Sess. 309, reprinted in 1978 U.S.C. CAN 593, 6266.

9.  As neither the Bankruptcy Code nor the Bankruptcy Rules establish any procedure for estimating a claim, the estimation of a claim is thus committed to the reasonable discretion of the bankruptcy court, which should employ whatever method is best suited to the circumstances of the case. In re Ralph Lauren Womenwear, Inc., 197 B.R. 771 (S.D.N.Y. 1996).

10.     Although this situation presents a claim which may be difficult to estimate prior to the final confirmation of Debtor's Chapter 11 plan, the existence of such a claim would not impede confirmation, so long as the plan proposes a specific means of satisfying this claim when its value becomes fixed.  In re McCall, 44 B.R. 242 (E.D. Pa. 1984).

### Priority Status

11.     Debtor has also apparently objected to Claimant's priority status.  Therefore, Claimant remains liable to the United States Customs Service for the pre-petition entries occasioned by Debtor, even after the Debtor has been afforded a discharge of all pre-petition claims through Chapter 11 of the Bankruptcy Code.

12.     However, since American Casualty's Proof of Claim is in compliance with Bankruptcy Rule 3001(f), the Proof of Claim is presumptively valid unless the Debtor's objections are supported by substantial evidence.  In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir. 1993).

13.     Claimant's priority status is mandated by 31 U.S.C. § 9309.  That provision of the Code establishes that

> When a person[1] required to provide a surety bond given to the United States Government is insolvent . . . the surety. . . paying the Government the amount due under the bond – (1) has the same priority to amounts from the assets and estate of the person as are secured for the Government . . . ."

14.     Under 31 U.S.C. § 9309, the priority status of a surety obligated to the Government on a U.S. Customs bond has been implicitly recognized.  In In re I.C. Herman & Co., Inc., the Second Circuit acknowledged that if the claimant were a surety on the Customs bond, the claimant would be entitled to priority status under 31 U.S.C. § 193 (now

---

[1] "Person" as used in this chapter, includes a corporation.  31 U.S.C. § 9301(1).

amended as 31 U.S.C. § 9309). 497 F.2d 1301, 1302 (2d Cir. 1974). Thus, the one exception to 11 U.S.C. § 507(d), is the priority by subrogation for a surety on a bond required to be given to the Government pursuant to 31 U.S.C. § 9309. In re I.C. Herman & Co., Inc., 497 F.2d at 1302, n. 3.

15.    Admittedly, Claimant has not paid any Customs duties to the United States on behalf of Debtor. In fact, it appears that Debtor has been consistently paying its Customs duties of its own accord. This does not, however, alter the fact that should Debtor falter in its obligations for the pre-petition entries in question, Claimant, as surety on the Government bond, will then be obligated to pay the Customs duties on behalf of Debtor.

16.    Any such payments by Claimant, as a result of its obligations as surety on the Customs bond, would be entitled priority status under 31 U.S.C. § 9309. It therefore follows that the claim for collateral security be allowed as a priority claim, since any distribution of the collateral to Customs, on behalf of Debtor, would be entitled to such treatment.

Wherefore, Claimant respectfully requests that this Court grant an Order allowing Claimant's Proof of Claim, and granting Claimant leave to move for an estimation of the Proof of Claim, with said funds to be deposited with Claimant and to be held as collateral with the right to sue such funds or any part thereof, at any time, in payment of compromise of any judgments, claims, liabilities, losses, damages and disbursements, and for other expenses assessed against Claimant, until such time as Debtor shall furnish to Claimant competent evidence of the termination of Claimant's liability under the bond. Claimant also requests that this Court award costs and disbursements of this action, together with such

other and further relief as this Court deems just and proper, in accordance with Section 502(c)(2) and other applicable provisions of the Bankruptcy Code.

Dated: New City, New York
     June 8, 2007

                         LAW OFFICES OF MICHAEL P. O'CONNOR

By: _____
                         MICHAEL P. O'CONNOR (MO 1550)
                         Attorney for Claimant
                         American Casualty Company of Reading, PA