BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
By: German Yusufov (GY 1553)
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
AZ State Bar No. 023544
Attorney for Creditor Pima County

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
:                                                    Chapter 11
In re:                                               :
:                                                    Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                          :
:                                                    (Jointly Administered)
Debtors.                                             :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PIMA COUNTY'S MOTION FOR RECONSIDERATION, PURSUANT TO 11 U.S.C. § 502(j)
AND FED. R. BANKR. P. 3008, OF THE COURT'S JUNE 6, 2007, ORDER MODIFYING
PIMA COUNTY'S CLAIM, AND RESPONSE TO THE DEBTORS' THIRTEENTH
OMNIBUS CLAIMS OBJECTION

COMES NOW creditor Pima County, by and through undersigned counsel, and respectfully moves the Court to reconsider the modification of its claim for the reasons stated below. Pima County incorporates in this motion its response to the Debtors' Thirteenth Omnibus Claims Objection.

1.    On April 27, 2007, the Debtors filed their Thirteenth Omnibus Objection to claims, which included an objection to Pima County's secured claim (no. 10248) for unpaid property taxes on the ground that the claim is "subject to modification." The

1

objection provided that the hearing will be held on May 31, 2007, and that the responses to the objection were due on May 24, 2007.

2. On or about May 17, 2007, Pima County received a Notice of Objection to Claim, which stated that "[t]he hearing with respect to the Debtors' Thirteenth Omnibus Objection to your Claims … has been adjourned to June 26, 2007." *See* Exhibit A. The notice further provided that "the deadline for you to respond to the Debtors' objection to your claim(s) is 4:00 p.m. … on June 19, 2007." *See* Exhibit A.

3. Relying on the modified deadlines in the Notice of Objection to Claim, Pima County did not file a response by the original May 24 response deadline.

4. On June 6, 2007, before Pima County was able to file its response, the Court entered an order modifying Pima County's claim as requested in the Thirteenth Omnibus Objection, reducing the claim from $8,075.92 to $7.969.66 and classifying it as general unsecured.

5. Upon receipt of the Court's order, the undersigned reviewed the case docket to determine if the Court was aware of the revised schedule for deciding the Thirteenth Omnibus Objection. The undersigned was not able to find anything that reflected the new response deadline and the new hearing date. Therefore, it appears that either the failure to notify the Court of the new schedule, or the sending out of the notice with the revised dates, was the result of an unintentional or intentional mistake on the part of Debtors' counsel, or, in the extreme, the result of an intentional misrepresentation by Debtors' counsel.

6.      Under 11 U.S.C. § 502(j), the Court may reconsider an allowed or disallowed claim for cause, and allow or disallow a reconsidered claim according to the equities of the case.

7.      Because Pima County was provided misleading information about the response deadline (if the response deadline was in fact May 24, 2007), or, in the alternative, the order was entered prematurely (if the response deadline was extended to June 19, 2007), cause exists to reconsider the modification of its claim. *See In re Rankin*, 141 B.R. 315, 319 (Bankr. W.D. Tex. 1992) ("pursuant to Bankruptcy Rule 9024, the presence of the grounds set forth in Rule 60(b) [of the Federal Rules of Civil Procedure] constitute sufficient 'cause' or 'equities' to render it appropriate for a bankruptcy court to reconsider a decision allowing or disallowing a proof of claim") (internal quotations omitted). In particular, reconsideration should be granted because the order modifying Pima County's claim was the result of either a mistake, inadvertence, or surprise (F.R.C.P. 60(b)(1)), or of misrepresentation (F.R.C.P. 60(b)(3)).

8.      Reconsideration is especially warranted given that Pima County has asserted a meritorious claim, and the Debtors have failed to provide any evidence whatsoever to support modification of the County's claim as requested in their objection. *See In re Irons*, 343 B.R. 32, 39 (Bankr. N.D.N.Y. 2006) ("[P]roof of claim executed and filed in accordance with Fed.R.Bankr.P. 3001 shall constitute prima facie evidence of validity and amount of the claim. … In order to overcome this prima facie evidence, the objecting party must provide evidence that disproves at least one of the essential elements of the claim") (internal quotations and citations omitted).

3

9. Not only have the Debtors failed to meet their burden of production and have not overcome the presumption of validity of Pima County's claim, but under the applicable state law, both the amount and the classification of the claim as specified in the proof of claim filed by Pima County are clearly correct and not subject to modification. *See Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 17 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims).

10. The claim at issue is a secured claim for personal property taxes against Debtor Delphi Automotive Systems for tax year 2005. The claim, in the amount of $8,075.92, is secured by a first priority statutory lien on the personal property on which the taxes are owed. *See* Arizona Revised Statutes § 42-17154.

11. Pima County's lien also includes post-petition interest at the statutory rate of sixteen per cent. *See* A.R.S. § 42-18053 and A.R.S. § 42-17153; *see also* 11 U.S.C. 506(b) (providing that the holder of an oversecured claim is entitled to interest and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose); *United States v. Ron Pair Enters.*, 489 U.S. 235 (1989) (holding that 506(b) "entitles a creditor to receive postpetition interest on a nonconsensual oversecured claim allowed in a bankruptcy proceeding"); *Bondholder Comm. v. Williamson County*, 43 F.3d 256, 262 (6th Cir. 1994) (upholding the bankruptcy court's holding that county was entitled to post-petition interest, up to the date of payment, on unpaid local property taxes).

12. Under state law, the lien may not be removed until all taxes and interest have been paid. A.R.S. § 42-17153(C)(2).

13. Moreover, at least with respect to tax claims, "bankruptcy does not alter the burden [of proof] imposed by the substantive law," and thus where non-bankruptcy law imposes on taxpayer the burden of proving that the tax imposed on him is incorrect or improper, the taxpayer bears the same burden when trying to challenge a tax claim in bankruptcy. *Raleigh,* 530 U.S. at 17.

14. Arizona law shifts the burden of proof to the taxpayer. A.R.S. § 42-11007 provides that documents and entries made in the county treasurer's records or reflected in the list of delinquent taxes are prima facie evidence of the facts stated in them. Therefore, the Debtors bear the burden of proving that the unpaid tax amounts reflected in the records of the Pima County Treasurer are incorrect or otherwise improper (a copy of these records is attached to the proof of claim). Given that the Debtors have produced no evidence whatsoever to support their objection, they can obviously not satisfy this much higher burden, and are not entitled to a modification of Pima County's claim.

15. In light of the above, it is appropriate for this Court to reconsider its order modifying Pima County's claim, and allow it as a secured claim in the full amount specified in the proof of claim.

16. Because the legal points and authorities upon which this motion relies are incorporated herein, Pima County respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Pima County respectfully requests that the Court reconsider its order of June 6, 2007, modifying Pima County's claim no. 10248, and allow the claim as

secured in the full amount specified in the proof of claim ($8,075.92) together with the statutory interest.

Dated this 8th day of June, 2007.

BARBARA LAWALL
PIMA COUNTY ATTORNEY

/s/ German Yusufov
German Yusufov (GY 1553)
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
Attorney for Creditor Pima County

## CERTIFICATE OF SERVICE

I, Gina Inman, certify that on the 8th day of June, 2007, I caused to be served a true and correct copy of Pima County's Motion for Reconsideration and Response to the Debtors' Thirteenth Omnibus Claims Objection on the following:

Hon. Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Kayalin A. Marafioti
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
Attorneys for Debtors

Mark A. Broude
Latham & Watkins
885 Third Avenue
New York, NY 10022-4802
Attorneys for the Creditors' Committee

Alicia M. Leonhard
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004

_____
Gina Inman

7