Hearing Date:
June 26, 2007
at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
IN RE:

DELPHI CORPORATION, *et al.*,

        Debtors.

---------------------------------------X

Case No. 05-44481 (RDD)

Chapter 11

## OPPOSITION OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE TO DEBTOR'S FIFTEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

The New York State Department of Taxation and Finance ("the Tax Department"), by its attorney, ANDREW M. CUOMO, Attorney General of the State of New York, hereby opposes the Motion objecting to the tax claim of the State of New York, filed by Delphi Corporation, *et al.*, debtors herein (the "Debtors"), based upon the following facts and grounds:

      1. On or about July 18, 2006, the Tax Department timely filed a proof of claim (designated by the Clerk as Claim No. 9711) for unpaid pre-petition corporate taxes in the total amount of $2,876.21 including interest and penalties, a copy of which is annexed hereto as Exhibit "A".

      2. Corporate tax assessment L-027173384-2 has been closed by the Tax Department. The Tax Department therefore

consents to the disallowance and expungement of this assessment.

3.  Corporate tax assessment L-027173442-5 is an estimated assessment in the amount of $1,000.00 imposed by the Tax Department due to the failure of the Debtor to file a corporate tax return for the period ending October 8, 2005.  This assessment remains open and unpaid in the amount of $1,000.00.

4.  On or about July 18, 2006, the Tax Department timely filed a proof of claim (designated by the Clerk as Claim No. 9710) for unpaid pre-petition corporate taxes in the total amount of $5,053.33 including interest and penalties.

5.  Tax Department records indicate that all of the corporate tax assessments listed in Claim No. 9710 have been cancelled.  The Tax Department therefore consents to the expungement and disallowance of Claim No. 9710.

**ARGUMENT**

The Debtors' objection should be denied as the Debtors have failed to come forward with any evidence to rebut the validity of the Tax Department's claims.  Section 502(a) of the Bankruptcy Code provides that a claim, proof of which is filed, is deemed allowed unless objected to by a party in interest.  11 U.S.C. §502(a).  In accordance therewith, Bankruptcy Rule 3001(f) provides that a properly filed proof of claim constitutes <u>prima facie</u> evidence fo the validity and amount of the claim.  Hence,

the burden is on the objecting party to provide sufficient admissible evidence to rebut the prima facie validity of a properly filed claim.  Carey v. Ernst, 333 B.R. 666, 672 (S.D.N.Y. 2005); see also In re Kemmer, 315 B.R. 706 (Bankr. D. Tenn. 2004).  Such evidence must at least be of equal force to the prima facie case.  In re Farmland Indus., 305 B.R. 497, 501 (Bankr. D. Mo. 2004) (citing FDIC v. Union Entities (In re Be-Mac Transport Co.), 83 F.3d 1020, 1025 (8th Cir. 1996)). Specifically, the objecting party must "provide evidence which, if believed, would refute at least one of the allegations essential to the claim."  Carey, 333 B.R. at 672, citing In re Reilly, 245 B.R. 768, 773 (2d Cir. BAP 2000).  Merely filing an objection to a properly filed claim, without more, is insufficient to negate the presumptive validity of the claim, and therefore such an objection cannot be sustained.  In re King, 305 B.R. 152, 164 (Bankr. D.N.Y. 2004); see also In re Nejedlo, 324 B.R. 697, 699 (Bankr. D. Wis. 2005); In re Kemmer, 315 B.R. at 706; In re White, 168 B.R. 825, 828 (Bankr. D. Conn. 1994); In re Glenn, 100 B.R. 763 (W.D. Pa. 1989).

       The Debtors' argument that the Tax Department's claim should be expunged because the liabilities are not reflected in the Debtors' books and records is vague, imprecise, conclusory and legally insufficient to overcome the prima facie validity and correctness of the Tax Department's claims.  Accordingly, the

3

Debtors' Objection should be denied.

WHEREFORE, the Tax Department respectfully requests that the Motion seeking to expunge the claims of the Tax Department be denied and grant such other and further relief as this court may deem just and proper.

Dated: New York, New York
       June 11, 2007

                                        ANDREW M. CUOMO
                                        Attorney General of the
                                         State of New York
                                        <u>Attorney for the New York State</u>
                                         <u>Department of Taxation and</u>
                                         <u>Finance</u>
                                         By:

                                         <u>/s/ Neal S. Mann</u>
                                        NEAL S. MANN (NM-0617)
                                        Assistant Attorney General
                                        120 Broadway, 24th Floor
                                        New York, New York 10271
                                        Tel. No. (212) 416-8666

**CERTIFICATE OF SERVICE**

NEAL S. MANN certifies that:

He is an Assistant Attorney General in the office of ELIOT SPITZER, the Attorney General of the State of New York, Attorney for the New York State Department of Taxation and Finance herein. On the 11th day of June, 2007 he served the annexed 0PPOSITION OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS upon the following parties:

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY, 10036
Attn: Kayalyn A. Marafioti, Esq.

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr., Esq.

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attn: General Counsel

Attorneys and parties in the within entitled proceeding by depositing a true and correct copy thereof, properly enclosed in a post-paid wrapper, in a post-office box regularly maintained by the United States Postal Service at 120 Broadway, New York, New York 10271 directed to said attorneys at the addresses designated by them for that purpose.

/s/ Neal S. Mann
NEAL S. MANN