| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: **DELPHI AUTOMOTIVE SYSTEMS, LLC** | Case Number: **05-44640** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or entity to whom the debtor owes money or property):<br>MARCO MANUFACTURING CO. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **COPY** |
|---|---|---|
| Name and addresses where notices should be sent:<br><br>c/o Patrick J. Keating, Esq.<br>Buckingham, Doolittle & Burroughs, LLP<br>P.O. Box 1500<br>Akron, Ohio 44309-1500<br>Telephone No. (330) 376-5300 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **RECEIVED**<br>AUG 03 2006<br>**KURTZMAN CARSON**<br><br>THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim: ☐ amends    a previously filed claim, dated: _____ | |

**1. Basis for Claim:**
- X Goods Sold
- X Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your social security number:
  Unpaid compensation for services performed
  from _____ to _____
  (date)      (date)

**2. Date debt was incurred:** Various

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**    $261,038.88
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
X Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim**    $182,065.34
X Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority

**7. Unsecured Priority Claim**
X Check this box if you have an unsecured priority claim
Amount entitled to priority   $78,973.54
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4650),* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier-11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan-U.S.C. § 507(a)(4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use-11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child -- 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of government units-11 U.S.C. § 507 (a)(8)
X Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(2)
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**
JUL 26 2006
CLAIMS PROCESSING CENTER
USBC, SDNY

| Date:<br>July 25, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Patrick J. Keating, Attorney |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment ... S.C. §§ 152 and 3571

**EXHIBIT A**

MARCO MANUFACTURING INC
AMOUNTS DUE FROM DELPHI PACKARD ELECTRIC - Pre Bankruptcy
Sorted by Ship to Address

| City | State | Zip Code | Country | Delphi PO # | Balance Due | Reclamation Claim | Prior to Reclamation Claim |
|---|---|---|---|---|---|---|---|
| ANAHUAC | NL | 65030 | Mexico | P3900122 | 4,830.21 | 240.82 | 4,589.39 |
| BELLA VISTA ENPALME | MEXICO | | Mexico | P4900052 | 25.91 | | 25.91 |
| BROOKHAVEN | MS | 39601 | USA | P3900122 | 28,740.95 | 5,978.10 | 22,762.85 |
| CASAS GRANDES | MEXICO | | Mexico | P3900122 | 93.90 | | 93.90 |
| CLINTON | MS | 39060 | USA | P3900122 | 14,210.29 | | 14,210.29 |
| CUAUHTEMOC | MEXICO | | Mexico | P5490040 | 277.13 | | 277.13 |
| EL PASO | TX | 79906 | USA | P4900003 | 289,751.94 | 47,419.57 | 242,332.37 |
| EL PASO | TX | 79906 | USA | P3900122 | 82.79 | | 82.79 |
| EL PASO | TX | 79906 | USA | P4900003 | 49,779.01 | 4,242.38 | 45,536.63 |
| EL PASO | TX | 79906 | USA | P4900052 | 762.50 | | 762.50 |
| EMPALME | MEXICO | | USA | misc / set up | 11.10 | | 11.10 |
| FRESNILLO | ZAC | 99010 | Mexico | P4900052 | 3,585.25 | 227.00 | 3,358.25 |
| GUADALUPE | NL | 67190 | Mexico | P4900052 | 1,958.03 | | 1,958.03 |
| GUDALUPE | NL | 67170 | Mexico | P3900122 | 11,716.00 | | 11,716.00 |
| LAREDO | TX | 78045 | USA | P3900122 | 20,310.65 | | 20,310.65 |
| LAREDO | TX | 78045 | USA | P390.0122 | 267.05 | | 267.05 |
| LINARES | NL | | Mexico | P4900052 | 5,752.03 | 861.80 | 4,890.23 |
| LOS MOCHIS | MEXICO | 67755 | Mexico | P3900122 | 90.28 | | 90.28 |
| MEOQUI | MEXICO | | Mexico | P4900052 | 243.26 | | 243.26 |
| NUEVO | | | Mexico | P3900122 | 1,731.99 | 511.63 | 1,220.36 |
| RAMOS | ARIZPE | TAM 78045 | Mexico | P3900122 | 51,399.19 | 8,790.27 | 42,608.92 |
| | | COA 25900 | Mexico | P3900142 | 117,729.73 | 16,276.31 | 101,453.42 |
| SOLON | OH | 44139 | USA | P4900009 | 733.20 | | 733.20 |
| SOLON | OH | 44139 | USA | P4900068 | 73,956.22 | 6,481.15 | 67,475.07 |
| SOLON | OH | 44139 | USA | P5900003 | 3,540.00 | | 3,540.00 |
| VICTORIA | TAMAULIPAS | TM 87020 | Mexico | P3900122 | 14,584.72 | 2,937.80 | 11,646.92 |
| WARREN | OH | 44483 | USA | P1S46741 | 80.00 | | 80.00 |
| WARREN | OH | 44483 | USA | P1S48150 | 25.00 | | 25.00 |
| WARREN | OH | 44483 | USA | P1S50020 | 1,800.00 | | 1,800.00 |
| WARREN | OH | 44483 | USA | P3900122 | 27,395.31 | 9,437.04 | 17,958.27 |
| WARREN | OH | 44483 | USA | P4900052 | 30,600.39 | 4,140.55 | 26,459.84 |
| WEST CHESTER | OH | 44483 | USA | P4900079 | 1,662.12 | | 1,662.12 |
| CASH ON ACCOUNT | | 45069 | USA | P3900122 | 185.70 | | 185.70 |
| | | | | | (6,370.88) | | (6,370.88) |
| TOTAL DUE FROM DELPHI ELECTRIC PACKARD - pre bankruptcy | | | | | 751,540.97 | 107,544.42 | 643,996.55 |

| | Balance Due | Reclamation Claim | Prior to Reclamation Claim |
|---|---|---|---|
| Amounts due to Delphi Packard Electric | | | |
| Materials / parts received by Marco and invoiced by Delphi | 364,335.48 | 28,570.88 | 335,764.60 |
| Materials received by Marco but not yet invoiced by Delphi | 126,166.61 | | 126,166.61 |
| Total Amount due to Delphi Packard Electric - pre bankruptcy | 490,502.09 | 28,570.88 | 461,931.21 |
| NET AMOUNT DUE FROM DELPHI PACKARD ELECTRIC - Pre Bankruptcy | 261,038.88 | 78,973.54 | 182,065.34 |

Marco Manufacturing
Amount due to / from Delphi Packard Electric - Pre Bankruptcy
By Part Number

| | Due from Delphi Packard Electric | Due to Delphi Packard Electric | NET due from / (to) Delphi Packard Electric |
|---|---|---|---|
| Terminals, Bussbars and Fuseblocks | 629,916.97 | | 629,916.97 |
| Boxes | 950.04 | | 950.04 |
| Reels | 34,896.45 | 80,763.60 | (45,867.15) |
| Lids | 11,177.34 | 19,200.00 | (8,022.66) |
| Totes | 64,148.00 | 111,360.00 | (47,212.00) |
| Other | 10,452.17 | | 10,452.17 |
| SUB-TOTAL | 751,540.97 | 364,335.48 | 387,205.49 |
| Coil Brass Material - invoiced by Delphi | | 153,011.88 | (153,011.88) |
| Coil Brass Material - received by Marco / not invoiced by Delphi | | 126,166.61 | (126,166.61) |
| TOTAL | 751,540.97 | 490,502.09 | 261,038.88 |

m:\delphi receivables\delphi pre bankruptcy receivables by part number for attorneys.xls\summary by part number



# BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
Attorneys & Counselors at Law
*Experience. Service. Excellence.*<sup>SM</sup>

3800 Embassy Parkway  Suite 300  Akron, Ohio  44333-8332
330.376.5300    Toll Free 800.686.2825   Fax 330.258.6559    www.bdblaw.com

Akron
Boca Raton
Canton
Cleveland
Columbus
West Palm Beach

Patrick J. Keating
330/258-6554
Direct Fax: 330/252-5554
pkeating@bdblaw.com

December 19, 2006

**Via Facsimile (248) 813-2499**
**And Regular U.S. Mail**

Christina J. Cattell
Re: Delphi Reclamations
Mail Code #483-400-216
5725 Delphi Drive
Troy, MI  48098

Re:   **Delphi Corporation, Bankruptcy Case No. 05-44481 (Southern District of New York)**
      **Reclamation Claim No. 111, Magnesium Aluminum Corporation**

Dear Ms. Cattell:

On behalf of Marco Manufacturing Company I am enclosing herewith the executed agreement form with respect to the Restated and Amended Reclamation claim of Marco in the amount of $49,095.80. Thank you and Tenicia Hinton for working with Marco in resolving this matter.

If you have any questions, please feel free to contact me.

Very truly yours,

Patrick J. Keating

PJK/jah
Enclosure

cc:    Gary Hill
       Jim Oneacre

«AK3:860540_v1»


EXHIBIT B

# DELPHI

December 15, 2006

Patrick J. Keating
Marco Manufacturing Co., Inc.
Buckingham, Doolittle & Burroughs, LLP
50 S. Main Street P.O. Box 1500
Akron, OH 44309-1500

          Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Patrick J. Keating:

      On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors").

      The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. On February 21, 2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Marco Manufacturing Co., Inc. (the "Demand"). We have identified your Demand as Reclamation Claim No. 471. This letter, together with the enclosures, constitute the Debtors' Amended Statement of Reclamation with respect to Claim No. 471 and supersedes the Statement of Reclamation sent on February 21, 2006.

      The Debtors have reviewed the Demand, reconciled the Demand with their books and records, and after sending the Statement of Reclamation to you on February 21, 2006, have discussed a modification to the reconciliation with you. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Marco Manufacturing Co., Inc.
December 15, 2006
Page 2

Reconciled Amount $49,095.80

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $49,095.80 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i) The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii) The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii) You are not a proper party to make the Demand.

(iv) The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v) You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1] The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

Marco Manufacturing Co., Inc
December 15, 2006
Page 3

Reconciled Amount $49,095.80

    (vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this Amended Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below. Your response, including the timing of your response, is governed by the terms of the Order. If you disagree with this Amended Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

    Christina Cattell
    Re: Delphi Reclamations
    Mail Code # 483-400-216
    5725 Delphi Drive
    Troy, MI 48098
    Fax: 248-813-2499

    - with copies to –

    Joseph N. Wharton
    Re: Delphi Reclamations
    Skadden, Arps, Slate, Meagher & Flom LLP
    333 West Wacker Drive, Suite 2100
    Chicago, IL 60606
    Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition, nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

Marco Manufacturing Co., Inc.
December 15, 2006
Page 4

Reconciled Amount $49,095.80

demand for reclamation. Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

Marco Manufacturing Co., Inc.
December 15, 2006
Page 5

Reconciled Amount $49,095.80

## AGREEMENT

      In accordance with paragraph 2, section (b)(iii) of the Order, Marco Manufacturing Co., Inc. agrees to the terms of this Amended Statement of Reclamation.

Marco Manufacturing Co., Inc.

By: _____[signature]_____  Dated: _12-18-06_
    (signature)

_Patrick J. Keating_
(print or type name)

_Attorney for Claimant_
(print or type title)

## DISAGREEMENT

      In accordance with paragraph 2, section (b)(iv) of the Order, Marco Manufacturing Co., Inc. disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Marco Manufacturing Co., Inc.

By: _____  Dated: _____
    (signature)

_____
(print or type name)

_____
(print or type title)

JOB STATUS REPORT

```
TIME  : 12/19/2006 14:59
NAME  : BUCKINGHAM DOOLITTLE
FAX#  : 3302586559
TEL#  :
SER.# : BR05J1510416
```

```
DATE,TIME          12/19  14:57
FAX NO./NAME       12488132499
DURATION           00:01:50
PAGE(S)            07
RESULT             OK
MODE               STANDARD
                   ECM
```



# BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
Attorneys & Counselors at Law

*Experience. Service. Excellence.*℠

3800 Embassy Parkway Suite 300  Akron, Ohio  44333-8332
330.376.5300   Fax 330.258.6559   www.bdblaw.com

# FAX COVER SHEET

**Date:** 12/19/06           **No. of Pages (incl. cover sheet)** 7

**To:** CHRISTINA I. CATTELL       **Fax:** 248-813-2499    **Tel:**

**From:** PATRICK J. KEATING

**Re:** DELPHI CORPORATION

The original of this document will be sent by:

☐ This is the only form of delivery  ☒ Ordinary Mail   ☐ Certified Mail   ☐ E-mail

☐ Overnight/Airborne Express   ☐ Inter-office mail   ☐ Messenger   ☐ Air Mail

If you do not receive all of the pages, please call back as soon as possible, (330) 376-5300, ext. 30203

**SENDER:**

 **BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP**
Attorneys & Counselors at Law
*Experience Service Excellence.*SM

3800 Embassy Parkway Suite 300 Akron, Ohio 44333-8332
330.376.5300   Toll Free 800.686.2825  Fax 330.258.6559   www.bdblaw.com

Akron
Boca Raton
Canton
Cleveland
Columbus
West Palm Beach

Patrick J Keating
330/258-6554
Direct Fax: 330/252-5554
pkeating@bdblaw.com

May 29, 2007

**VIA EMAIL**

John Wm. Butler, Jr., Esq.
John K. Lyons, Esq.
Joseph M. Wharton, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Re:   **Delphi Corporation, et al., Bankruptcy Case No. 05-44481 (RDD)**
      **(U.S. Bankruptcy Court, Southern District of New York)**

Gentlemen:

The undersigned and the firm of Buckingham, Doolittle & Burroughs represent Marco Manufacturing Company, a creditor in the Delphi Corporation related bankruptcy cases. Accordingly, I received a Notice of Objection to Claim, indicating that the Debtors are objecting to the Proof of Claim filed on behalf of Marco Manufacturing. The basis of the Objection is designated as "Insufficiently Documented Claim".

Please advise as to the documentation that you are looking for so that we can provide it.

Very truly yours,

*/s/ Patrick J Keating*

Patrick J. Keating

PJK/lcs

cc:   Marco Manufacturing Co.

«AK3:887017_v1»


EXHIBIT C

## Lynn Shelton

**From:** Lynn Shelton on behalf of Pat Keating
**Sent:** Thursday, May 31, 2007 4:10 PM
**To:** 'delphi@skadden.com'
**Cc:** 'jo-marco@rrbiznet.com'; 'Gary Hill'
**Subject:** Delphi Objection to Claim of Marco Manufacturing Company * *

Attention: Laverne Hill

Dear Ms. Hill,

As you know from our telephone conversation and my correspondence to Attorneys Butler, Lyons and Wharton, the undersigned and the firm of Buckingham, Doolittle & Burroughs represent Marco Manufacturing Company with respect to the Delphi related bankruptcy cases. Thus, the Debtors' Fifteenth Omnibus Objection to Claims has been served upon me, the basis of which, with respect to the claim of Marco Manufacturing, is that the Marco claim is "insufficiently documented".

Marco is ready, willing and able to provide any documentation which the Debtors require, but you have indicated to me that you are unable, at least at this time, to tell me exactly what documentation the Debtors require. We will, therefore, file a written response to the Objection to Claim. It is my understanding that Delphi and Marco can then attempt to resolve any documentation issues in the future.

Patrick J. Keating



EXHIBIT D

5/31/2007