```
                                                           1
 1

 2   UNITED STATES BANKRUPTCY COURT

 3   SOUTHERN DISTRICT OF NEW YORK

 4   Case No. 05-44481

 5   - - - - - - - - - - - - - - - - - - - -x

 6   In the Matter of:

 7

 8   DELPHI CORPORATION, ET AL.,

 9

10           Debtor.

11

12   - - - - - - - - - - - - - - - - - - - -x

13

14              U.S. Bankruptcy Court

15              One Bowling Green

16              New York, New York

17

18              June 1, 2007

19              10:04 AM

20

21   B E F O R E:

22   HON. ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25
```

```
 1
 2   A P P E A R A N C E S :
 3   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
 4        Attorneys for Debtor
 5        333 West Wacker Drive
 6        Chicago, IL 60606
 7
 8   BY:  KAYALYN A. MARAFIOTI, ESQ.
 9        THOMAS J. MATZ, ESQ.
10
11   TOGUT, SEGAL & SEGAL, LLP
12        Co-counsel for Debtor
13        One Penn Plaza
14        New York, NY 10119
15
16   BY:  TALLY M. WIENER, ESQ.
17
18
19
20
21
22
23
24
25
```

3

1                    P R O C E E D I N G S

2          THE COURT: Okay. Delphi Corporation.

3          MS. MARAFIOTI: Good morning, Your Honor, Kayalyn

4   Marafioti on behalf of Delphi Corporation. We're here today

5   for the ninth in a series of regularly scheduled hearings on

6   Delphi's objections to claims. We did file an agenda, and with

7   the Court's permission we'll proceed through that and then

8   finish up with a status report on the summary of where we

9   stand.

10         THE COURT: That's fine.

11         MS. MARAFIOTI: Happily, we have a number of

12  uncontested matters on the calendar today. The first derives

13  from the fifth omnibus claims objection. This is proof of

14  claim number 722 filed by Oetiker Inc., that's O-E-T-I-K-E-R.

15  This claimant had initially asserted an unsecured nonpriority

16  claim against Delphi Corporation in the sum of $12,643.20, and

17  the parties agreed that the claim can be allowed in that

18  amount, but it shall be asserted against DAS, LLC. So we have

19  a stipulation to submit to the Court on that one.

20         Agenda item number two comes from the seventh omnibus

21  claims objection. And this is a claim number 8668 filed by

22  Head Acoustics, Inc. And what happened here is that when the

23  debtors filed their amended schedules on April 18th, they

24  listed Head Acoustic's claim as $38,115.60 against DAS, LLC.

25  Head Acoustics, in an apparent mistake, filed a claim for

1  $3,890.  And the parties have recognized that and agreed that a
2  claim for $42,005.60 can be allowed against DAS, LLC.  They
3  basically got a decimal point off on that.  So we've agreed on
4  that, and we have a stipulation to submit to the Court.
5           Agenda item number 3 involves proof of claim number
6  5048 with Letavis Enterprises, that's L-E-T-A-V-I-S.  Letavis
7  had initially asserted an unsecured nonpriority claim for
8  $1,913.47 against Delphi Corporation.  And given the
9  differential between what the claimant believes and what Delphi
10 believes, the parties have agreed to a claim in that amount.
11 And we have a stipulation on that one as well.
12          Agenda item number 4 comes from the ninth omnibus
13 claims objection.  The first of these is proof of claim number
14 1107 asserted by Production Devices.  It was an unsecured
15 nonpriority claim for $3,630 against Delphi Corporation.  And
16 the parties have agreed that the claim should be allowed in
17 that amount, but that the proper debtor is DAS, LLC.  And so
18 we've entered into an agreement and we have a stipulated order
19 to present to the Court on that one as well.
20          Agenda item number 5 is in respect of proof of claim
21 number 5784 asserted by Wilhelm Cachele GMBH.  That's spelled
22 C-A-C-H-E-L-E.  Here the claimant asserted an unsecured
23 nonpriority claim against DAS, LLC in the sum of $3,603.73.
24 The parties have agreed that that's appropriate and are
25 prepared to submit a stipulation to that effect to the Court

1   for your signature.

2           Agenda item number 6 involves proof of claim number

3   2589 asserted by Sierra Liquidity Fund, LLC as assignee of

4   Lakeshore Graphic Industries.  This was a pre-bar date

5   transfer, Your Honor, and we verified that all the rules for

6   assignment of claims in those circumstances have in fact been

7   followed.  The claimant here initially asserted an unsecured

8   nonpriorty claim for $2,703.75 against Delphi Mechatronic

9   Systems.  And we've agreed on that amount, and we believe that

10  the debtor is appropriate, and we're prepared to submit a

11  stipulation to the Court to that effect.

12          Agenda item number 7 involves a post-bar date

13  transfer of a claim.  This is claim number 558, and here

14  Industrial Coding, Inc. is the current claimant.  Longacre

15  Master Fund was the prior owner of the claim.  Industrial

16  Coding initially asserted an unsecured nonpriority claim

17  against Delphi Corporation in the sum of $29,984.01, and we

18  have agreed that that claim may be allowed against DAS, LLC.

19  And so we have entered into an agreement with the parties and

20  have a stipulated agreement order to submit.

21          Agenda item number 8 is for proof of claim number

22  4304.  Here too we have a pre-bar date transfer claim.  This is

23  Sierra Liquidity Fund, LLC as assignee of Borg, B-O-R-G, Indak,

24  I-N-D-A-K, Inc.  The claimant had initially asserted an

25  unsecured nonpriority claim for $2,150 against Delphi

1   Corporation.  We believe that the proper debtor against which

2   this claim should be asserted is DAS, LLC and we've got a

3   stipulation that so provides, and we would like to submit that

4   to the Court as well.

5           Agenda item number 9.  This is for proof of claim

6   number 1309.  And the claimant here is KDS Controls, Inc. and

7   Amroc Investments, that's A-M-R-O-C.  This is one of the post-

8   bar date transfers claims.  KDS Controls had initially asserted

9   an unsecured nonpriority claim against Delphi Corporation in

10  the sum of $29,038, exactly.  And we've agreed that the claim

11  should be allowed in that amount but that the proper debtor

12  against which the claim should be asserted is DAS, LLC.  So we

13  have an agreement to that effect.

14          Agenda item number 10.  This is proof of claim number

15  1625.  It was asserted by Dobmeier Janitor Supply, Inc. in the

16  amount of $1,267.12.  The parties have agreed to reduce that

17  claim to $679.70.  And the parties have further agreed that the

18  proper debtor against which the claim should be asserted is

19  DAS, LLC.  So they've entered into an agreement on that, and we

20  have a stipulated order for the Court to consider.

21          Agenda item number 11 actually covers two proofs of

22  claim, 6698 and 6699.  The claimant here is Leicester Dye and

23  Tool, Inc.  That's L-E-I-C-E-S-T-E-R.  The first claim was in

24  the sum of $137,048 against Delphi Corporation, and the second

25  claim was for $10,248, also against Delphi Corporation.  What

1   we've agreed here is that both claims may be allowed against

2   DAS, LLC.  So we have another stipulation on that.

3           The final item that we have on the agenda is item

4   number 12.  This is for proof of claim 8894.  The debtors here

5   have reached a settlement with WWG, Inc. relating to that proof

6   of claim.  It was initially asserted in the amount of $6,484

7   against DAS, LLC and the debtors have agreed to that.  So we

8   have a stipulation on that for the Court to consider.

9           The next item on the agenda is being covered by Ms.

10  Wiener and I'll let her take the podium.

11          MS. WIENER:  Good morning, Your Honor, Tally Wiener,

12  Togut, Segal & Segal, co-counsel for the debtors.  I'm here

13  today on item 13 on the agenda, which relates to proof of claim

14  14180.  The claimant, SPC Global Services, initially asserted a

15  secured claim for $8,000,000 and an unsecured nonpriority claim

16  for $8,249,594.04.  The claim was filed against Delphi Corp. et

17  al.  The debtors believe that the claim was grossly overstated

18  and objected to the claim, pursuant to the ninth omnibus claims

19  objection.  Parties now agree that the claim should be modified

20  and capped so that in no event shall it exceed $341,676.55.

21  The parties also agree that the ninth omnibus claims objection

22  shall continue to apply to the modified claim.  Parties have

23  executed a stipulation which we'd like to submit to the Court

24  today.  And the parties anticipate a further stipulation which

25  will fix the amount of the claim and identify the appropriate

8

1  debtor.

2  THE COURT: Okay. So as far as the remaining amount

3  of claim, you're in settlement discussions and it's likely

4  that --

5  MS. WIENER: We're working on it.

6  THE COURT: Okay. All right. Very well. Thank you.

7  MS. MARAFIOTI: Your Honor, that concludes the

8  matters on the agenda. As is our practice, we'd like to just

9  briefly go over where things stand. And we've prepared a

10 chart, if I may approach the bench to share it with you?

11 THE COURT: Yes, that's fine.

12 MS. MARAFIOTI: Your Honor, so far the debtors have

13 objected to 12,455 claims. 8,990 of these have been disallowed

14 or expunged. Another 2,059 have been modified, either as to

15 the debtor against which the claim is asserted, the

16 classification of the claim, or the amount of the claim. 73 of

17 the claimants have actually withdrawn their claims as a result

18 of this claims objection process. And 305 of them have yet to

19 be heard because they were filed in connection with the

20 fourteenth and fifteenth omnibus objections just last week, and

21 they'll be heard on June 26th. And then, finally, we do have

22 another 1,028 claims, and the hearing in respect of those

23 claims has been adjourned. That includes, by the way, if you

24 recall from yesterday, the snafu with the filing, and that's E-

25 1 and E-2, those exhibits. So that's why that number's a bit

1  high.

2          So focusing on all those claims, what we look at is

3  that sixty-seven percent of the population of claims that were

4  originally filed against the debtors have been either

5  withdrawn, disallowed, expunged or modified in some fashion.

6  So we are proceeding through this and hope to be making more

7  progress.

8          THE COURT:  Okay.

9          MS. MARAFIOTI:  And we'll continue.

10         THE COURT:  Great.  I'm very pleased that you're able

11 to settle so many of these, including everything on today's

12 docket.

13         MS. MARAFIOTI:  Um-hum.

14         THE COURT:  And if it helps the claim process to have

15 these hearings, even where things are scheduled, I'm perfectly

16 happy to have them.  On the other hand, if you do have

17 consensual resolution of everything, you shouldn't feel that I

18 need to have a hearing.  You can submit a notice of presentment

19 and I can go ahead just on that basis.

20         MS. MARAFIOTI:  Okay.  That would be fine, Your

21 Honor.

22         THE COURT:  I'm sure that I can get updates during

23 other status conferences in the case.

24         MS. MARAFIOTI:  Okay.  Very good.

25         THE COURT:  On the other hand, if it helps focus

10

1  everyone's attention, I'm happy to have the hearings.  But if
2  you've resolved them far enough in advance, I don't need to --
3           MS. MARAFIOTI:  Very good.
4           THE COURT:  Okay.
5           MS. MARAFIOTI:  Thank you, Your Honor.
6           THE COURT:  Thank you.
7           (Whereupon this hearing was concluded at 10:17 AM)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

11

# CERTIFICATION

I, Sharona Shapiro, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____    June 4, 2007
Signature of Transcriber                        Date

Sharona Shapiro
typed or printed name