1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 05-44481

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  DELPHI CORPORATION,

9

10        Debtor.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14            United States Bankruptcy Court

15            One Bowling Green

16            New York, New York

17

18            May 31, 2007

19            10:02 AM

20

21  B E F O R E:

22  HON. ROBERT D. DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25

2

1

2    HEARING re Motion to Compel (Renewed Motion of USW to Compel

3    Debtors to Submit Individual Employee Matter to Impartial

4    Medical Authority) and (Notice of Renewed Motion to Compel)

5    filed by Lowell Peterson on behalf of United Steel, Paper and

6    Forestry, Rubber, Manufacturing, Energy, Allied Industrial and

7    Service Workers, International Union (USW), AFL-CIO. with

8    hearing to be held on 5/31/2007 (check with court for location)

9    Responses due by 5/24/2007.

10

11   HEARING re Motion for Omnibus Objection to Claim(s) Debtors'

12   Twelfth Omnibus Objection (Procedural) Pursuant To 11 U.S.C.

13   Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)

14   Duplicate And Amended Claims And (B) Equity Claims filed by

15   John Wm. Butler Jr. on behalf of Delphi Corporation. with

16   hearing to be held on 5/31/2007 at 10:00 AM at Courtroom 610

17   (RDD) Responses due by 5/24/2007.

18

19   HEARING re Motion for Omnibus Objection to Claim(s) Debtors'

20   Thirteenth Omnibus Objection (Substantive) Pursuant To 11

21   U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)

22   Insufficiently Documented Claims, (B) Claims Not Reflected On

23   Debtors' Books And Records, (C) Protective Insurance Claims,

24   (D) Insurance Claims Not Reflected On Debtors' Books And

25   Records, (E) Untimely Claims And Untimely Tax Claims, And (F)

3

1    Claims Subject To Modification, Tax Claims Subject To

2    Modification, And Claims Subject To Modification And

3    Reclamation Agreement filed by John Wm. Butler Jr. on behalf of

4    Delphi Corporation. with hearing to be held on 5/31/2007 at

5    10:00 AM at Courtroom 610 (RDD) Responses due by 5/24/2007.

6

7    HEARING re Motion to Authorize Motion Pursuant To 11 U.S.C.

8    Section 105(a) For Supplemental Order Under 11 U.S.C. Sections

9    363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Clarifying

10   Debtors' Authority To Compromise Or Settle Certain Classes Of

11   Controversy And Allow Claims Against Specific Estates Without

12   Further Court Approval filed by John Wm. Butler Jr. on behalf

13   of Delphi Corporation. with hearing to be held on 5/31/2007 at

14   10:00 AM at Courtroom 610 (RDD) Responses due by 5/24/2007.

15

16   HEARING re Motion for Omnibus Objection to Claim(s) Debtors'

17   Twelfth Omnibus Objection (Procedural) Pursuant To 11 U.S.C.

18   Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)

19   Duplicate And Amended Claims And (B) Equity Claims filed by

20   John Wm. Butler Jr. on behalf of Delphi Corporation. with

21   hearing to be held on 5/31/2007 at 10:00 AM at Courtroom 610

22   (RDD) Responses due by 5/24/2007.

23

24

25

4

1   HEARING re Motion for Omnibus Objection to Claim(s) Debtors'

2   Thirteenth Omnibus Objection (Substantive) Pursuant To 11

3   U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)

4   Insufficiently Documented Claims, (B) Claims Not Reflected On

5   Debtors' Books And Records, (C) Protective Insurance Claims,

6   (D) Insurance Claims Not Reflected On Debtors' Books And

7   Records, (E) Untimely Claims And Untimely Tax Claims, And (F)

8   Claims Subject To Modification, Tax Claims Subject To

9   Modification, And Claims Subject To Modification And

10  Reclamation Agreement filed by John Wm. Butler Jr. on behalf of

11  Delphi Corporation. with hearing to be held on 5/31/2007 at

12  10:00 AM at Courtroom 610 (RDD) Responses due by 5/24/2007.

13

14  HEARING re Response of Claimant, Marketing Innovators

15  International, Inc. to Debtors' Thirteenth Omnibus Claims

16  Objection, filed by Edward J. Lesniak on behalf of Marketing

17  Innovators International, Inc.. with hearing to be held on

18  5/31/2007 at 10:00 AM at Courtroom 610 (RDD).

19

20

21

22

23

24

25

5

1    HEARING re Motion to Approve Motion For Order Under 11 U.S.C.

2    Section 362(d)(1) And Fed. R. Bankr. P. 4001(d)(1) Approving

3    Agreement To Modify Automatic Stay To Provide Certain Third-

4    Party Discovery Materials To ERISA Plaintiffs filed by John Wm.

5    Butler Jr. on behalf of Delphi Corporation. with hearing to be

6    held on 5/31/2007 at 10:00 AM at Courtroom 610 (RDD) Responses

7    due by 5/25/2007.

8

9    HEARING re Motion for Omnibus Objection to Claim(s) Debtors'

10   Thirteenth Omnibus Objection (Substantive) Pursuant To 11

11   U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)

12   Insufficiently Documented Claims, (B) Claims Not Reflected On

13   Debtors' Books And Records, (C) Protective Insurance Claims,

14   (D) Insurance Claims Not Reflected On Debtors' Books And

15   Records, (E) Untimely Claims And Untimely Tax Claims, And (F)

16   Claims Subject To Modification, Tax Claims Subject To

17   Modification, And Claims Subject To Modification And

18   Reclamation Agreement filed by John Wm. Butler Jr. on behalf of

19   Delphi Corporation. with hearing to be held on 5/31/2007 at

20   10:00 AM at Courtroom 610 (RDD) Responses due by 5/24/2007.

21

22   HEARING re Notice of Hearing Proposed Eighteenth Omnibus

23   Hearing Agenda filed by John Wm. Butler Jr. on behalf of Delphi

24   Corporation. with hearing to be held on 5/31/2007 at 10:00 AM

25   at Courtroom 610 (RDD).

6

1   HEARING re Motion for Omnibus Objection to Claim(s) Debtors'

2   Twelfth Omnibus Objection (Procedural) Pursuant To 11 U.S.C.

3   Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)

4   Duplicate And Amended Claims And (B) Equity Claims filed by

5   John Wm. Butler Jr. on behalf of Delphi Corporation. with

6   hearing to be held on 5/31/2007 at 10:00 AM at Courtroom 610

7   (RDD) Responses due by 5/24/2007.

8

9   HEARING re Motion for Omnibus Objection to Claim(s) Debtors'

10  Thirteenth Omnibus Objection (Substantive) Pursuant To 11

11  U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)

12  Insufficiently Documented Claims, (B) Claims Not Reflected On

13  Debtors' Books And Records, (C) Protective Insurance Claims,

14  (D) Insurance Claims Not Reflected On Debtors' Books And

15  Records, (E) Untimely Claims And Untimely Tax Claims, And (F)

16  Claims Subject To Modification, Tax Claims Subject To

17  Modification, And Claims Subject To Modification And

18  Reclamation Agreement filed by John Wm. Butler Jr. on behalf of

19  Delphi Corporation. with hearing to be held on 5/31/2007 at

20  10:00 AM at Courtroom 610 (RDD) Responses due by 5/24/2007.

21

22

23

24

25

7

1

2 A P P E A R A N C E S :

3 SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

4        Attorneys for Delphi Corporation

5        333 West Wacker Drive

6        Chicago, IL 60606

7

8 BY:   JOHN WILLIAM BUTLER, JR, ESQ.

9        KAYLAYN A. MARAFIOTI, ESQ.

10        THOMAS J. MATZ, ESQ.

11

12

13 TOGUT, SEGAL & SEGAL, LLP

14        Attorneys for Debtor

15        One Penn Plaza

16        New York, NY 10119

17

18 BY:   NEIL BERGER, ESQ.

19

20

21

22

23

24

25

8

1   WEIL, GOTSHAL & MANGES, LLP

2        Attorneys for General Motors

3        767 Fifth Avenue

4        New York, NY 10153

5

6   BY:   JEFREY L. TANENBAUM, ESQ.

7         MICHAEL KESSLER, ESQ.

8

9

10  KRAMER LEVIN NAFTALIS & FRANKEL, LLP

11       Attorneys for Electronic Data Systems Corp.

12       1177 Avenue of the Americas

13       New York, NY 10036

14

15  BY:   GORDON Z. NOVOD, ESQ.

16

17

18  PENSION BENEFIT GUARANTY CORPORATION

19       1200 K. Street NW

20       Washington, DC 20005

21

22  BY:   BETH A. BANGERT, ESQ.

23

24

25

9

1   FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP

2         Attorneys for Official Committee of Equity

3         Security Holders

4         One New York Plaza

5         New York, NY 10004

6

7   BY:   JENNIFER L. RODBURG, ESQ.

8

9

10  D'AMATO & LYNCH

11        70 Pine Street

12        New York, NY 10270

13

14  BY:   STEPHEN F. WILLIG, ESQ.

15

16

17  HOGAN & HARTSON, LLP

18        Attorneys for UMICORE

19        555 Thirteenth Street NW

20        Washington, DC 20004

21

22  BY:   EDWARD C. DOLAN, ESQ.

23

24

25

10

P R O C E E D I N G S

1

2     THE COURT:  Be seated.  Okay.  Delphi Corporation.

3     MR. BUTLER:  Your Honor, good morning.  Jack Butler,

4  Kaylayn Marafioti and Tom Matz from Skadden, Arps, Slate,

5  Meagher and Flom, LLP, here on behalf of Delphi Corporation for

6  its eighteenth omnibus hearing.

7     Your Honor, we have filed an agenda that has fourteen

8  matters on it and we'd like to follow the agenda order today.

9     THE COURT:  That's fine.

10    MR. BUTLER:  Your Honor, the first two matters in the

11 agenda the Creditors Committee, GM claims and defenses motion

12 at docket number 4718 and the Equity Committee's companion ex

13 parte motion at docket number 5229 are being carried over by

14 consent to the June 26th hearing as -- as negotiations continue

15 between the parties.

16    THE COURT:  Okay.

17    MR. BUTLER:  Your Honor, matter number 3 is the

18 Furukawa motion which is Mr. Berger's.

19    MR. BERGER:  Good morning, Judge.

20    THE COURT:  Good morning.

21    MR. BERGER:  Neal Berger, Togut Segal and Segal.

22 Your Honor, Furukawa filed a motion asking this Court to

23 abstain from considering the debtor's objection to Furukawa's

24 proof of claim and the affirmative claim that Delphi asserted

25 against Furukawa alternatively, for relief from the automatic

11

1    stay or to limit the scope of the claim objection hearing.

2    Negotiations in formal discovery having gone on, they broke

3    down because of a dispute concerning the confidential treatment

4    of certain engineering reports.  That dispute regarding

5    confidentiality was resolved over the Memorial Day weekend.

6    Delphi produced documents on Tuesday. The parties jointly

7    request that this matter be adjourned.  Furukawa is not able to

8    make it to the next omnibus hearing date and requests that we

9    put this on to July.  We're agreeable to that subject to Your

10   Honor's approval.

11            THE COURT:  Okay.  That's fine.

12            MR. BERGER:  Thank you, Judge.

13            MR. BUTLER:  Your Honor, matter number 4 on the

14   agenda is the steel workers renewed motion involving the

15   individual employee matter that has been before the Court

16   before.  This is at docket number 7727. This involves an

17   individual by the name of Terry Detrick who retired from

18   General Motors in 1983 and who's never worked for Delphi

19   Corporation seeking a determination of whether he is fit or

20   unfit to return to work.  By agreement of the parties, Your

21   Honor, we have put this renewed motion off until June 26th and

22   we're trying to sort out with the union as to whether or not

23   Mr. Detrick can actually meet the procedures that are set forth

24   and that Your Honor actually ruled on at a prior closed

25   hearing.  And we're trying to sort those things out with them

12

1    and so the parties have agreed that this should be moved to the

2    June 26th hearing.

3            THE COURT:  Okay.  That's fine.

4            MR. BUTLER:  Turning now, Your Honor, to the agreed

5    docket, and just an observation about the hearing in general,

6    while there are a couple of items carried as contested today,

7    they are the claims objection matters in which the contested

8    portions will in fact be put into the claims track, so there

9    are no contested hearings today.  That doesn't, however in the

10   debtor's view, change the significance of this particular

11   hearing at which a number of matters are coming before Your

12   Honor for approval that represent, in the debtor's views,

13   milestones in, if you will, meeting the transformation

14   objectives that were set forth back in March of 2006 when the

15   company issued its transformation plan and stated that it had

16   five major objectives that it needed to move forward with.

17   Those objectives were to resolve its U.S. labor situation, to

18   resolve its relationship with General Motors Corporation, to

19   put in place a competitive footprint across its global

20   businesses, to reduce SGA expense and finally to set -- sort

21   through a solution that would allow the company to continue to

22   honor it's hourly and salaried pension programs.

23           What Your Honor has before you today are really the

24   matters that will, if you will -- will go a long ways to

25   checking the box on the fourth and fifth transformation

13

1    objectives.  And the motion that is now here at matter number

2    5, the network support services motion at docket number 7926,

3    is the last in a series of motions that, if Your Honor approves

4    it, will put in place all of the Court approvals that the

5    debtors require to carry forward the SGNA program that it has

6    reviewed with its stake holders.  And obviously, if

7    successfully implemented, will meet the -- the objective that

8    was one of the five objectives that is the SGNA objective.

9            So matter number 5 is our network support services

10   motion.  It is seeking approval of an agreement with computer

11   sciences corporation.  Your Honor, may you will recall that SCS

12   was part of a phase two portion of this program.  It was

13   previously approved on April 23rd of this year, docket number

14   7774.  And this is, as I indicated, the third in a series of

15   motions.  We began first with phase one of the plan,

16   outsourcing, which was the global infrastructure services and

17   then we moved on.  That was done last year in October and then

18   a few months ago we dealt with the second phase which was

19   application maintenance and support services.  This motion now

20   before the Court deals with the outsourcing of our global

21   network support services program, which is the final phase of

22   the IT program.

23           This matter has also, as to the prior matters, has

24   the actual agreement filed under seal with the public documents

25   generally describing the arrangements.  Here the total cost of

14

1    this program, as is set forth in the motion, has been ranged at

2    325 to 400 million dollars.  It's for a term of five years.

3    There are transaction costs of about sixteen million and the

4    debtor estimates our net operating savings, at least on the

5    steady state basis, at somewhere in excess of seventy million

6    dollars.

7              I will point out, in terms of claims related issues

8    Your Honor, that SCS is not involved in any claims issues with

9    us that would be released under this agreement.  That is to say

10   that there are any pre-petition agreements they have with us

11   are not within the scope of the network support agreement and

12   in fact, in looking into them, we don't believe them to be

13   material and we think they're with the not -- we believe them

14   to be the non-debtor involving some European server operations

15   that -- which we think the claims, even against the non-debtor

16   entities, are diminimus.

17             We have in the courtroom, as we have in each of these

18   major hearings, Timothy McCabe the director of Strategic

19   Sourcing at Delphi Corporation, who is available to answer any

20   questions Your Honor may have.  We have reviewed this and Mr.

21   McCabe participated in the review of this arrangement with the

22   Creditors Committee's professionals, who conducted both legal

23   and financial diligence on these agreements.  And the committee

24   has informed us that they do not object to the relief sought in

25   the motion.

                                                                    15

1            Your Honor -- unless Your Honor has any other

2    questions about the relief here, we're pleased to present to

3    Your Honor the final phase of our outsourcing program.

4            THE COURT:  Okay.  No, I don't have any questions.

5    The motion was clear as to the benefits of the agreement and I

6    reviewed the agreement and it was certainly consistent with the

7    motions.  So I'll approve it as sought.

8            MR. BUTLER:  Thank you very much, Your Honor.  Your

9    Honor, the next item on the agenda, item number 6 is a

10   supplemental settlement procedures motion filed at docket

11   number 7930.  And I'll just make a couple of comments about

12   this.

13           First -- the first comments I'm going to make is,

14   Your Honor, this really was a motion brought by the debtors

15   at -- resulting from discussions at the claims hearing with

16   Your Honor to make sure the settlements procedures clarified

17   that the debtors had the authority to allow claims with a

18   specific priority and security status when the allowance of

19   those claims otherwise meets the requirements of the settlement

20   procedures order.

21           We -- my second comment on this is that we have

22   resolved any issues that Wilmington Trust Company, as

23   indentured trustee, had by including them as a notice party

24   open only with respect to claims meeting the threshold set

25   forth in the settlement procedures order and only those claims

16

1    to be settled by Delphi Corporation.

2              Our last comment, Your Honor, is in thinking through

3    this and preparing for this hearing, while we prepared a

4    supplemental order, if it's acceptable to Your Honor, I think

5    what we'd prefer to do is submit an amended and restated

6    settlement order that includes these provisions where they are

7    appropriate, then we'll do a black line for the Court.  But I

8    think it's -- its easier, I think, for people when they go to

9    look for these kinds of omnibus orders on the docket that they

10   actually have a self-contained order.

11             THE COURT:  I think so.

12             MR. BUTLER:  If that's acceptable to Your Honor we'll

13   submit a revised -- amended restated order to the Court.

14             THE COURT:  Okay.  Does anyone have anything to say

15   on this motion?  All right.  It's fine to submit one amended

16   restated order although I think you were correct in the

17   supplemental order to make it clear this was just a

18   clarification.  And in light of that and perhaps my excess of

19   caution, its fine to have it be nunc pro tunc to, in fact it's

20   appropriate.  But now it should be crystal clear to everyone

21   that the debtors have the authority to do this.  So I'll look

22   forward to seeing that order.

23             MR. BUTLER:  Thank you, Your Honor.

24             MR. BUTLER:  Your Honor, matter number 7 on the

25   agenda is the IRS pension funding waiver motion at docket

1    number 7932.  This is another of the major motions on this

2    hearing which really helps us complete our fifth transformation

3    objective, which is to sort out a solution with respect to our

4    hourly and salaried pension programs.  And what we have before

5    the Court today is a motion that seeks approval of pension

6    funding waivers that were issued by the United States Internal

7    Revenue Service and that also authorizes us to take certain

8    action and provide letters of credit to the PBGC.  Your Honor,

9    this particular transaction really sets forth a -- a, sort of,

10   entire format on how we're going to proceed with our pension

11   obligations in the context of a successfully concluded Chapter

12   11 case and a plan of reorganization that is the outgrowth of

13   the framework discussions that we're having.

14           Delphi is quite proud of where we are here.  We have

15   a lot of work to do before we emerge but we will be, if we're

16   able to carry through on all the commitments we're making under

17   these documents, we will be one of the few if not the only

18   labor -- major labor transformation case which actually honors

19   its hourly pension obligations and its salaried pension

20   obligations upon emergence.  And we'll have found the funding

21   necessary to do that.  Obviously the funding here involves many

22   billions of dollars; it has to be sorted through.  We have

23   worked out a transaction with General Motors Corporation

24   under -- which is referred to in these documents as a Section

25   414L transfer.  That obviously, and all of our agreements with

18

1    General Motors, is subject to our ultimate settlement --

2    definitive settlement agreement with them which we're still

3    working on.  But this really carries forward with it an

4    opportunity for us, it avoids what would otherwise, I suspect,

5    be a long and protracted dispute between the government and the

6    debtors as to whether or not the government could recover

7    excise taxes from the company because we're not making

8    contributions that they would otherwise say might be due, which

9    we don't believe would be under the Bankruptcy Code.  This

10   particular motion puts a conclusion to what that dispute

11   might -- might deal with.  It sets forth the contributions that

12   they will be made under certain circumstances but which will be

13   in fact contributions to the plans and not for any other

14   purpose and not to, for example, pay excise taxes or anything

15   else.  It does involve the posting of what is a relatively

16   diminimus letter of credit here, in the context of the size of

17   these plans and the provisions under which the government

18   could -- could actually look to draw against those letters of

19   credit.

20          Indicated in the motion, when we filed it, we laid

21   out in detail all of the arrangements and we actually publicly

22   filed, in this case, the -- the waiver letters that we've

23   received from the government.  And they're Exhibits A and

24   Exhibits B to the motion.  The -- we've reviewed these -- this,

25   obviously, with our committees and other major stake holders.

19

1    This is an important step forward for the company and there

2    is -- and I'm not surprised there aren't, there are no

3    objections filed to the relief we're seeking here.

4              THE COURT:  Okay.  I did see the committee's

5    statement.  I'll grant the motion.  It's clearly an appropriate

6    action out of the ordinary course and an appropriate

7    compromise.  Like the committee, I'm always hesitant to approve

8    something that sets conditions that are not necessarily totally

9    under the debtor's control but I -- I think the conditions are

10   reasonable here and moreover it was clear to me in reading

11   this, including the waiver letters, that the IRS and the PBGC

12   have shown a really commendable degree of pragmatism and

13   sophistication here.  And I assume, while of course protecting

14   the interest of the government, that if the deadlines cannot be

15   met for good reasons and the basis for the government's

16   decision is still there, i.e. to preserve the pension plan

17   while protecting the interest of the government, that the

18   government will continue to act in a sophisticated and

19   pragmatic way.  So I'll -- I'll approve the waivers as sought.

20             MR. BUTLER:  Thank you very much, Your Honor.  Your

21   Honor, the next two matters on the agenda, matters 8 and 9, the

22   Umicore settlement motion and the EDS settlement motion are --

23   are really reconciliation matters.  There's no real big news

24   here.  The reason they're before the Court in the -- in the

25   omnibus track is because these claims were large.  They're more

20

```
1    than ten million dollars.  And under the -- the claims
2    procedures orders they need to go through the regular omnibus
3    track as opposed to the claims track.  But these when, I think,
4    you boil them down; these really are nothing more than
5    reconciliations between the parties.  There's no, in my
6    opinion -- at least in my view, major concessions on anybody's
7    side.  This was a reconciliation of the books and records of
8    the company.  In some cases the company agreed to adjust the
9    books and records based on evidence and information provided by
10   the claim holders.  And they are -- but they are reasonable and
11   appropriate from the company's perspective and so let me just
12   address them both very quickly.
13         The Umicore settlement motion at docket number 7933
14   is a resolution of the claims between the parties.  We have
15   determined, after reviewing books and records and additional
16   supporting documentation provided by Umicore, that the DAS LLC
17   liability of Umicore is 10,558,893 dollars and thirty-one
18   cents.  This is about 112,000 dollars less than was asserted in
19   the claim and a couple hundred thousand dollars more than our
20   original books and records estimate was in reviewing this.  The
21   other piece of good news in this is that as part of the
22   settlement there's a 2.7 million dollar reclamation claim
23   that's waived.  And the unliquidated portion of the claim is
24   also waived.  So this is a final settlement as to the amounts
25   of these claims and are consistent with the books and records
```

21

1    of the company as adjusted for the additional information that

2    was presented to the company by the claim holder.

3                THE COURT:  I'll approve this settlement for the

4    reasons stated in the motion and in light of there being no

5    objections.

6                MR. BUTLER:  Thank you.  Your Honor, similarly the

7    EDS settlement motion at docket number 7934 is another

8    reconciliation arrangement of a claim in excess of ten million

9    dollars.  This -- the agreements here are for -- a little more

10   -- a settlement a little more than sixteen million dollars.

11   There's a lot in this particular motion but it, you know, while

12   it does resolve claims that are in the aggregate, over seventy-

13   six million dollars, that's really because the same claims were

14   filed against multiple debtors and with respect to multiple

15   claims.  And so I really see this as being a resolution back to

16   the books and records of the company and nothing more than what

17   I would consider to be -- it's a large claim that was -- the

18   reconciliation was complex but this is a reconciliation

19   transaction.  And the only other element of this that I think

20   is worth noting, I guess there's two comments I'd have.  One,

21   there are some voting provisions set forth with respect to

22   allowed proof of claim 12678, 12-678, just to clarify that EDS

23   corporal act on behalf of its affiliate both for voting and for

24   distribution.  And there was a black-line order submitted where

25   counsel for EDS had some clarification they wanted in terms of

22

1    the binding nature of the settlement agreement.  But other than

2    that, Your Honor, we would rely upon the papers we submitted.

3             THE COURT:  Okay.  I guess the -- I did have a

4    question on this.  It allows them to reassert a particular

5    claim and it just wasn't clear to me -- I'm assuming that that

6    ability to reassert won't be exercised unless the debtor starts

7    taking the position that the proof of claim that's allowed

8    is -- well, I don't know, why would they be reasserting this

9    one claim?

10            MR. BUTLER:  I'm sorry, where exactly, Your Honor?

11            MR. NOVOD:  Your Honor, if I may address the Court.

12            THE COURT:  Right.

13            MR. NOVOD:  My name is Gordon Novod; I'm counsel to

14   EDS, EIS Information Services and EDS in Mexico.  This

15   provision was specifically negotiated among the parties for the

16   specific reason that our contracts provide, or EDS's contracts

17   provide for both liability on account of both DAS LLC and

18   Delphi Corp.  So rather than fighting now over consolidation,

19   it was reserved the fact that if a plan was confirmed or there

20   wasn't a consolidated plan or where EDS is paid less than full

21   then EDS could reassert that claim.

22            THE COURT:  Okay.

23            MR. NOVOD:  And I should note for the record that --

24            THE COURT:  So even though you have to claims, it's

25   only up to one -- one payment in that.

23

1            MR. NOVOD:  Yes, that's correct, Your Honor.

2            THE COURT:  Now, I understand.  Okay.

3            MR. NOVOD:  And the claim is being allowed by the

4    debtor or the agreement at least, was with respect to both

5    goods provided, services provided as we are one of the larger

6    IT outsourcing partners with the debtors and also money loaned.

7            THE COURT:  Okay.

8            MR. NOVOD:  I would note one thing for the record,

9    the clarification that's being made to the order of something

10   that's actually found in the settlement agreement.  And it was

11   something that we had asked to be included in the order.

12           THE COURT:  Okay.

13           MR. NOVOD:  And the second thing, Your Honor, is that

14   EDS continues to do business with the debtor post-petition.

15   This Court approved contracts, as the debtor noted before as

16   part of its IT initiatives with respect to SGNA and that any

17   causes of action arising out of those new contracts or

18   contracts that continue to exist today which haven't been

19   assumed or rejected would continue.  And that would include, to

20   the extent the debtor would chose to reject those existing

21   contracts, the ability to file a claim.

22           THE COURT:  Okay.  And the debtor's preserving its

23   right to object to a reasserted claim.

24           MR. BUTLER:  We are.  And the reassertion, Your

25   Honor, I think relates to claim 12679 and that was to -- to

24

1    eliminate fights now about subsequent consolidation.

2             MR. NOVOD:  Your Honor --

3             THE COURT:  Or mooted out by full payment?

4             MR. BUTLER:  Correct.

5             MR. NOVOD:  I would note one more think, Your Honor.

6    The debtor has actually agreed that certain part of the claim

7    will be agreed to; to the extent it needs to be reasserted.

8             THE COURT:  Right.

9             MR. NOVOD:  The debtor has disputed whether or not, I

10   believe, DAS LLC could be liable for part of the claim and that

11   would be the only issue that the debtor would have the ability

12   to challenge.

13            THE COURT:  Okay.  All right.  Well, I'll approve the

14   settlement as reasonable.

15            MR. NOVOD:  Thank you, Your Honor.

16            MR. BUTLER:  Thank you.  Your Honor, the next matter

17   on the agenda, matter number 10, is the ERISA plaintiff's stay

18   modification motion at docket number 7957.  And this, Your

19   Honor, is a companion motion to and is, in the debtor's view,

20   identical in virtually every respect to the relief we brought

21   to Your Honor with respect to the securities plaintiffs in the

22   MDL litigation.  The ERISA plaintiffs have a separate complaint

23   that's in -- pending before Judge Rosen in Detroit as part of

24   the overall MDL.  We believed -- we actually reached out with

25   the ERISA plaintiffs and talked to them about this.  In order

25

1    to move forward with settlement discussions and mediations we

2    believed that they needed access to the same discovery that was

3    being provided under the other order to the lead plaintiffs.

4    We have consulted with counsel for the lead plaintiffs and

5    we've also confirmed to them that it's the debtor's intention

6    to presume -- to present and produce exactly the same set of

7    materials to the lead plaintiffs and ERISA plaintiffs under the

8    two orders.  They're intended to work as companion orders from

9    the company's perspective.  And the -- we've explained, I think

10   the lead plaintiffs agree with us, that the text of those

11   orders provide for the production of the same materials.  And

12   we've also indicated that because the -- Delphi remains mindful

13   that the automatic stay remains in force as to both the lead

14   plaintiffs and the ERISA plaintiffs in all other respects, that

15   we won't be producing any additional documents to either of

16   them without first seeking a further modification of the stay

17   from the Court.  I think that has got both the ERISA plaintiffs

18   and the lead plaintiffs comfortable that they're on, if you

19   will, the same ground with each other which is an element of

20   trying to sort all these issues out in negotiations.

21          I would tell Your Honor that the MDL issue is an

22   issue that we are focusing on as we head towards emergence

23   here.  The -- there are elements of the MDL litigation,

24   particularly in the securities litigation which include debt

25   components.  It's not your typical MDL which has an only --

1    usually subordinated securities claims there are -- that are

2    subordinated down to the equity level under the Code but there

3    are actually five, ten subordinations here within the creditor

4    class as well.  And as a result we are meeting with our

5    insurers and with -- we've met with our statutory committees,

6    at least initially.  We are -- we are talking with the

7    plaintiffs.  We have agreed, that is the company -- all of the

8    insurers in our towers, insurance towers, and the lead

9    plaintiffs have agreed to a -- a particularly mediator and a

10   mediation date which is July 23rd of this year.  And we're

11   moving forward to try to mediate this dispute and I'm hopeful,

12   while this is, as most other things in this case are, has a

13   level of complexity to it.  I'm hopeful that we will be able to

14   sort through these matters as we move forward.

15          So I think this is a necessary step to that.  I think

16   its an important one and I just want to make sure the record's

17   very clear here that we're trying, from a discovery

18   perspective, to put the ERISA plaintiffs and the lead

19   plaintiffs, lead securities plaintiffs, on even footing in

20   connection with the discovery being provided in -- as part of

21   the modification to the automatic stay.

22          THE COURT:  Okay.  I think the record is clear and

23   again, based on there being no objections and the statements in

24   the motion I'll approve that -- I guess I'll be getting a

25   protective order in addition to the agreed order that I have.

27

1    I'm assuming it will be along the same lines as the lead

2    plaintiff's protective order.

3           MR. BUTLER:  Yes, Your Honor.

4           THE COURT:  Okay.

5           MR. BUTLER:  Thank you very much.  Your Honor,

6    turning now to the contested docket.  The only matters on it

7    are our 12th and 13th claims objections.  I'm taking the 12th

8    claims objection first.  This omnibus objection is filed at

9    docket number 7824.  And in this objection we have objected to

10   seventy-one claims.  These claims -- what we're doing here is

11   we're seeking to expunge and disallow forty-six proofs of

12   claim, liquidated claims of approximately 22.4 million that the

13   debtor's assert are duplicative of other proofs of claim or had

14   been amended or superseded by later filed claims.  And twenty-

15   five proofs of claim which we assert have liquidated claims for

16   about 37,000 which are filed by holders of Delphi's common

17   stock.

18          We have received four responses to these matters,

19   relating to five claims that have asserted in the aggregate of

20   about 120,000 dollars.  We have filed, as part of our omnibus

21   reply, a chart that summarizes these responses as Exhibit A-2,

22   the reply.  And the relief we were therefore seeking today,

23   because we'll take those five claims and put them on the claims

24   track, is we're asking for relief today with respect to sixty-

25   six uncontested claims, objection with liquidated claims of

28

1    approximately 22.3 million dollars and the balance of the

2    claims -- the five claims covered by the four responses will

3    move over to the claims track.

4              THE COURT:  Okay.  All right.  Given the notice, the

5    lack of opposition to the objections that are still going

6    forward and the statements in the -- on those objections, I'll

7    approve the objection as modified on the record.

8              MR. BUTLER:  Thank you, Your Honor.  Your Honor,

9    matter number 12 is our 13th omnibus claims objection.  It's

10   filed at docket number 7825 and it deals with 683 claims.

11             The categories covered by the claims objection are as

12   follows.  There's twelve proofs of claim in the aggregate of

13   about 136,000 which the debtors allege contain insufficient

14   documentation.  There are sixty proofs of claim in the

15   amount -- the aggregate amount of approximately twenty-eight

16   million which contain my ability to dollar amounts that do not

17   match the debtor's books and records.

18             The third category is 126 proofs of claim filed in an

19   unliquidated amount that were filed by insurance companies and

20   are protective in nature.  Because the contracts that align

21   those claims were assumed pursuant to an insurance assumption

22   order at docket number 1779.

23             The fourth category is a single proof of claim in an

24   unliquidated amount filed by an insurance company that contains

25   liability of the dollar amounts that don't match the debtor's

29

1    books and records.

2           Our fifth category are thirteen proofs of claim

3    totaling about 1.2 million that were not timely filed pursuant

4    to the bar date order.  Category six involves nine proofs of

5    claim in the aggregate amount of 1.9 million.  They were filed

6    by taxing authorities and were not timely filed.  And category

7    seven involves 462 proofs of claim totaling approximately

8    ninety-six million which we seek to modify, subject to further

9    objection, to fully liquidated claims in the aggregate amount

10   of approximately eighty-six million.  To there's a ten million

11   dollar delta between those two amounts.  Or we also, in some

12   instances, want to change the identity of the alleged debtor or

13   the classification.

14          Now, Your Honor, in the context of this latter

15   category, category seven, of the 462 claims there are 370 of

16   those claims listed on Exhibits E-1 and E-2 for which the

17   debtor's discovered a noticing problem.  And my partner, Mr.

18   Lyons discussed with you in a claims hearing.  And we have re-

19   noticed all of those.  There was, apparently, an Excel

20   formatting problem so that when the data was populated into

21   notices it -- what came out was unintelligible.  And other than

22   apparently the addresses of -- the notice got out it just

23   didn't have the information on it that it should have.  As a

24   result of that, Your Honor, we are adjourning all of Exhibit

25   E-1 and E-2 claims, even the claims on those exhibits for which

30

1    there wasn't this population problem, this data population

2    difficulty, to the June 26, 2007 hearing with Your Honor's

3    permission.  And we have re-noticed those, given the proper

4    notice under the Bankruptcy Code with properly populated

5    objection forms so that people would have that.  Now, I would

6    note that even having done that there are twenty-one responses

7    from claimants on Exhibits E-1 and E-2, fifteen of which have

8    been docketed, six of which are not yet docketed.  And we would

9    carry all those responses to the June 26th hearing and then put

10   them on the claims track.  So we thought the best way, just to

11   avoid any appearance of impropriety or a process issue here.

12   We thought we would just take all of Exhibit E-1 and E-2, the

13   370 claims and move them over to the June 26th hearing.

14        THE COURT:  Okay.

15        MR. BUTLER:  Your Honor, with respect to the balance

16   of the claims, the -- we have received, excluding Exhibits E-1

17   and E-2; we received twenty-eight formal responses.  I think

18   twenty-five of those are on the court docket.  We've received a

19   few others that remain undocketed.  And those pertain to 172

20   proofs of claim asserting liquidated damages of 51.2 million.

21   And as is our process here, we will kick all of those claims

22   over to claims track and seek relief today only with respect to

23   the uncontested portions of the thirteenth omnibus claims

24   objection, excluding all of the Exhibit E-1 and E-2 matters

25   which will be carried to the June 26th hearing.  And therefore

1    we're -- the relief that we're seeking today covers 141 claims

2    asserting liquidated claims of approximately forty-six million.

3    Of those we want to expunge seventy-seven of those claims.  And

4    with respect to the remaining sixty-four claims, which assert

5    42.3 million, we want to modify those claims down to 41.7

6    million and in some instances as set forth in the order and by

7    the schedules we've filed, changed the class or the debtor

8    entity.  And that's the relief, Your Honor, we're requesting

9    today with respect to this objection.

10           THE COURT:  Okay.  I'll grant the objection as

11   modified in light of there being no opposition to the objection

12   as modified after proper notice.

13           MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

14   other two items on the agenda, the National Union matter and

15   the Delphi Medical Assistance matter are both Mr. Berger's.

16           MR. BERGER:  Judge, Neal Berger.  Number thirteen on

17   the calendar is the adjourned pre-trial conference for the

18   adversary proceeding commenced by Delphi against National Union

19   and Fire Insurance Company of Pittsburgh.  Your Honor may

20   recall this is an adversary proceeding for a declaration

21   concerning certain coverages used on a -- insurance policies.

22   Negotiations have been ongoing.  You've heard today that the

23   insurers are involved in negotiations in broader issues.  There

24   was a proposal sent to Delphi earlier this week, one will be

25   sent back.  We'd ask that this matter be adjourned to the

32

1    August omnibus date.  There is a date between now and then that

2    will be significant as far as the negotiations are concerned.

3    National Union is represented today here by counsel and join

4    our request for the adjournment.

5          THE COURT:  Okay.  That's fine.  So I'll adjourn it

6    to the August date.

7          MR. BERGER:  Thank you, Judge.  Your Honor, last in

8    the adversary section, number fourteen is the adjourned pre-

9    trial conference for the adversary proceeding commenced by

10   Delphi Medical Systems of Colorado against Axis.  This matter

11   was off the agenda.  We brought it back onto agenda.  This was

12   an adversary proceeding to compel payment of approximately four

13   million dollars by Axis to Delphi.  Your Honor so ordered a

14   stipulation in response to Axis' designation of an alternative

15   dispute resolution procedure in the contract.  And in that

16   stipulation and an order, you suspended the time for this

17   defendant to answer until fifteen business days after

18   arbitration proceedings were terminated.  Axis first asserted

19   that it had financial inability issues.  We've pressed for

20   information; we got some not what we needed.  And we also

21   pressed for to designate a mediator, an arbitrator, to go to

22   arbitration.  Axis at first was somewhat responsive then not

23   responsive.  A few weeks ago we were told that they were

24   subject to an assignment of benefit of creditors.

25          We wrote to them on May 14th and advised them that

33

1    Delphi considered Axis to have abandoned and terminated the

2    arbitration proceedings.  We demanded that they file an answer

3    within fifteen business days consistent with Your Honor's

4    stipulation and order.  That fifteen business days expires on

5    June 4th.  What we've asked, Your Honor, is that if Axis does

6    not timely answer that we be able to seek entry of a default

7    judgment on notice and application to Axis.  And if they do

8    answer that we come back in any instance, we'd ask that this

9    matter be adjourned to the June omnibus hearing date.  We'll

10   report to Your Honor then whether or not we've notice the

11   default and if Axis chooses to re-engage us, we'll come back

12   before Your Honor and map out some strategy.

13           THE COURT:  Okay.  I'll adjourn it to the June

14   omnibus date for either a pre-trial conference or -- you're

15   just seeking a sum certain here, right?

16           MR. BERGER:  Correct.  If Your Honor does enter -- if

17   we do notice up the application for default I suppose I could

18   contact chambers and further adjourn it.  If judgment is

19   entered we won't need to come back on the calendar.

20           THE COURT:  Right.  Okay.  Very well.

21           MR. BERGER:  Thank you, Judge.

22           MR. BUTLER:  Your Honor, that completes our omnibus

23   hearing for May.

24           THE COURT:  Okay.  Thank you.

25       (Court adjourned at 10:38 a.m.)

34

1

2                                    **I N D E X**

3

4                                       RULINGS

5                                    Page      Line

6    Approval of Agreement      10        4

7    Approval of Waivers        14        4

8    Approval of Umicore        16        3

9    Settlement

10   Approval of EDS            19        13

11   Settlement

12   Approval of ERISA          21        22

13   Plaintiffs stay

14   modification

15   Approval of Objection as   23        4

16   Modified on the record.

17   Objection Granted as       26        10

18   modified after proper

19   notice

20

21

22

23

24

25

35

1

2                        C E R T I F I C A T I O N

3

4      I, Pnina Eilberg, court approved transcriber, certify that the

5      foregoing is a correct transcript from the official electronic

6      sound recording of the proceedings in the above-entitled

7      matter.

8

9      _____ June 6, 2007

10     Signature of Transcriber              Date

11

12     Pnina Eilberg

13     typed or printed name

14

15

16

17

18

19

20

21

22

23

24

25