Ilan Markus, Esq. (IM7174)
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Phone: (203) 784-8200
Fax: (203) 777-1181
imarkus@tylercooper.com

**Objection Deadline: June 19, 2007 at 4:00 p.m.**
**Hearing Date: June 26, 2007 at 10:00 a.m.**

Counsel to Associated Spring do Brasil Ltda.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

========================================x
In re:                                                                    :        Chapter 11
                                                                                  :
DELPHI CORPORATION, et al.,                              :        Case No. 05-44481 (RDD)
                                                                                  :
                                                        Debtors.       :        (Jointly Administered)
========================================x

**JOINT RESPONSE OF ASSOCIATED SPRING DO BRASIL LTDA., AS CLAIMANT, AND LONGACRE MASTER FUND, LTD., AS ASSIGNEE, TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) PROTECTIVE INSURANCE CLAIMS, (D) INSURANCE CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIM, AND (F) CLAIMS SUBJECT TO MODIFICATION AND RECLAMATION AGREEMENT**

Associated Spring do Brasil Ltda. ("Associated Spring"), as claimant, and Longacre Master Fund, Ltd. ("Longacre"), as assignee, hereby file this joint response (the "Response") to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification and Reclamation Agreement (the "Thirteenth

Omnibus Objection").[1] In further support of its Response, Associated Spring and Longacre respectfully state as follows:

## BACKGROUND

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On or about July 25, 2006, Associated Spring filed Claim No. 12830 in this case, in the amount of $12,847.12 (the "Claim").

3. On or about December 28, 2006, Longacre entered into an agreement with Associated Spring for assignment of the Claim, and Longacre duly filed a notice of transfer of the Claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. On or about April 27, 2007, the Debtors filed the Thirteenth Omnibus Objection [Docket No. 7825], objecting to, among other claims, the Claim.

5. After discussing this matter with Debtors' counsel, it appears the objection to the Claim is based on the Debtors' allegation that certain invoices identified in the Claim as unpaid have, in fact, been paid. Those invoices are identified as Nos. 3340-5 and 3610-5.

6. Upon further investigation, Associated Spring determined that a payment made by the Debtors was incorrectly credited to another Associated Spring invoice, No. 3170-5 (copy attached), rather than Invoice Nos. 3340-5 and 3610-5.

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Thirteenth Omnibus Objection.

2

7. Accordingly, while Invoice Nos. 3340-5 and 3610-5 have been paid, Invoice No. 3170-5 has not. The Debtors' Edacor database reflects that Invoice No. 3170-5 has not been paid.

8. Based on the foregoing, Associated Spring and Longacre will amend the Claim to reflect that Invoices Nos. 3340-5 and 3610-5 are paid, and that Invoice No. 3170-5 is unpaid. While this would increase the amount of the Claim by approximately $200, Associated Spring and Longacre will nevertheless leave the amount of the Claim unchanged.

9. In light of the preceding analysis, the Debtors' Thirteenth Omnibus Objection should be denied insofar as it relates to the Claim.

10. Without limiting the foregoing, Associated Spring and Longacre note that where the Debtors object to the Claim in the Thirteenth Omnibus Objection and allege it to be a "Claim Subject to Modification" listed on Exhibit E-1 thereto, the Debtors give a laundry list of reasons why a claim might appear on Exhibit E, but no further specificity as to what is actually objectionable about that particular claim, leaving the holder of each claim to speculate for itself what the issue could be.[2]

11. The Bankruptcy Rules are clear that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, as here, the creditor (or its assignee) is aided by the presumption of validity arising under Bankruptcy Rule 3001(f), and the objecting party then "bears the burden of producing sufficient evidence to refute the claim." In re Camellia Food Stores, Inc. 287 B.R. 52, 56 (Bankr. E.D. Va. 2002).

---

[2] The Thirteenth Omnibus Objection provides, in pertinent part, that:

> The bases for placing a Claim in the Claims Subject to Modification category of objection include, but are not limited to, the following: the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (b) may include post-petition liabilities, (c) does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, (d) was docketed and filed against the wrong Debtor entity, and/or (e) is misclassified as a priority or secured claim.

Thirteenth Omnibus Objection, ¶ 39.

12. As noted above, the Thirteenth Omnibus Objection offers no claim-specific reason as to why the Debtors dispute the filed amount of the Claim; rather, the Debtors rely on a list of five or more alternative bases that might apply to any of the hundreds of claims being challenged in this round of objections. Under the Bankruptcy Rules, the Debtors have a duty to "produc[e] sufficient evidence to refute the claim," id., but here, the Debtors' objection can be distilled down to little more than a bare statement that "we don't agree with the proof of claim," which falls far short of the Debtors' burden under Bankruptcy Rule 3001(f) and associated case law. See, e.g., In re White, 158 B.R. 825, 828-29 (Bankr. D. Conn. 1994) (stating that the objecting party may not rebut a claim's prima facie validity of a proof of claim merely by stating that amount of claim is incorrect, but rather must produce some evidence to support its argument; chapter 13 case).

13. There is no evidence, support or analysis provided in support of the Debtors' objections that Associated Spring could present to and evaluate with Longacre, which makes it very difficult for Associated Springs or Longacre to address the Thirteenth Omnibus Objection. Accordingly, Associated Springs and Longacre submit that they have had insufficient time to complete their due diligence with respect to the Thirteenth Omnibus Objection and will be unable to do so prior to the hearing date currently established in connection therewith, which is the very reason why the Debtors are required, as a matter of law, to adduce actual "evidence" sufficient to rebut the presumptive validity of the Claim.

14. Because the Debtors have not carried their burden of proof and overcome the presumptive validity of the Claim, the Thirteenth Omnibus Objection should be overruled as to the Claim and the Claim allowed in the full filed amount.

15. Associated Spring and Longacre submit that the relevant legal authorities are set forth in this Response and that no novel issues of law have been raised. Accordingly, Associated Spring and Longacre request that the requirement pursuant to Local Bankruptcy Rule 9013-1(b) that they file a memorandum in support of this Response be deemed satisfied.

[Continued on next page]

## CONCLUSION

WHEREFORE, Associated Spring and Longacre respectfully request that the Court enter an order: (i) allowing the Claim in the full filed amount; and (ii) granting such other and further relief as is just and proper under the circumstances.

Dated: June 13, 2007

Respectfully submitted,
ASSOCIATED SPRING DO BRASIL LTDA.

By: _____
Ilan Markus, Esq. (IM7174)
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06509
Phone: (203) 784-8200
Fax: (203) 777-1181

LONGACRE MASTER FUND, LTD.

By: _____
Steven S. Weissman
810 Seventh Avenue, 22nd Floor
New York, New York 10019
Phone: (212) 259-4305
Fax: (212) 259-4343

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 13, 2007, a copy of the *Joint Response of Associated Spring do Brasil Ltda., as Claimant, and Longacre Master Fund, Ltd., as Assignee, to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification and Reclamation Agreement*, was served on each of the following by U.S. Mail, postage prepaid:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48908

(counsel to the Debtors)
Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr.
      John K. Lyons
      Randall G. Reese
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

_____
Ilan Markus, Esq.