BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
By: German Yusufov (GY 1553)
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
AZ State Bar No. 023544
Attorney for Creditor Pima County

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re:                              :   Chapter 11
                                    :
                                    :   Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,         :
                                    :   (Jointly Administered)
                Debtors.            :
                                    :
------------------------------------x

PIMA COUNTY'S RESPONSE TO THE DEBTORS' THIRTEENTH OMNIBUS CLAIMS
OBJECTION

COMES NOW secured creditor Pima County, by and through undersigned counsel, and, for the reasons stated below, respectfully requests the Court to deny the Debtors' objection to its claim no. 10248 and to allow the claim in full.

1. The claim at issue is a secured claim for personal property taxes against Debtor Delphi Automotive Systems for tax year 2005, in the amount of $8,075.92 plus statutory interest.

2. The Debtors request in their objection that the claim be reduced in amount and reclassified as general unsecured. However, the Debtors have failed to provide any evidence whatsoever to support modification of the County's claim as requested. *See In*

1

*re Irons*, 343 B.R. 32, 39 (Bankr. N.D.N.Y. 2006) ("[P]roof of claim executed and filed in accordance with Fed.R.Bankr.P. 3001 shall constitute prima facie evidence of validity and amount of the claim. … In order to overcome this prima facie evidence, the objecting party must provide evidence that disproves at least one of the essential elements of the claim") (internal quotations and citations omitted). This alone is sufficient grounds to deny the Debtors' objection.

3. Not only have the Debtors failed to meet their burden of production and have not overcome the presumption of validity of Pima County's claim, but under the applicable state law, both the amount and the classification of the claim as specified in the proof of claim filed by Pima County are clearly correct and not subject to modification. *See Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 17 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims).

4. The claim at issue is secured by a first priority statutory lien on the personal property on which the taxes are owed. *See* Arizona Revised Statutes § 42-17154.

5. This lien includes post-petition interest at the statutory rate of sixteen per cent. *See* A.R.S. § 42-18053 and A.R.S. § 42-17153; *see also* 11 U.S.C. 506(b) (providing that the holder of an oversecured claim is entitled to interest and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose); *United States v. Ron Pair Enters.*, 489 U.S. 235 (1989) (holding that 506(b) "entitles a creditor to receive postpetition interest on a nonconsensual oversecured claim allowed in a bankruptcy proceeding"); *Bondholder Comm. v. Williamson County*, 43 F.3d 256, 262 (6th Cir. 1994) (upholding the bankruptcy court's

holding that county was entitled to post-petition interest, up to the date of payment, on unpaid local property taxes).

6. Under state law, the lien may not be removed until all taxes and interest have been paid. A.R.S. § 42-17153(C)(2).

7. Moreover, at least with respect to tax claims, "bankruptcy does not alter the burden [of proof] imposed by the substantive law," and thus where non-bankruptcy law imposes on taxpayer the burden of proving that the tax imposed on him is incorrect or improper, the taxpayer bears the same burden when trying to challenge a tax claim in bankruptcy. *Raleigh*, 530 U.S. at 17.

8. Arizona law shifts the burden of proof to the taxpayer. A.R.S. § 42-11007 provides that documents and entries made in the county treasurer's records or reflected in the list of delinquent taxes are prima facie evidence of the facts stated in them. Therefore, the Debtors bear the burden of proving that the unpaid tax amounts reflected in the records of the Pima County Treasurer are incorrect or otherwise improper (a copy of these records is attached to the proof of claim). Given that the Debtors have produced no evidence whatsoever to support their objection, they can obviously not satisfy this much higher burden, and are not entitled to a modification of Pima County's claim.

WHEREFORE, Pima County respectfully requests that the Court deny the Debtors' objection to its claim no. 10248, and allow the claim as secured in the full

//
//
//
//

3

amount specified in the proof of claim ($8.075.92) together with the statutory interest.

Dated this 12th day of June, 2007.

BARBARA LAWALL
PIMA COUNTY ATTORNEY

/s/ German Yusufov
German Yusufov (GY 1553)
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
Attorney for Creditor Pima County

4

## CERTIFICATE OF SERVICE

I, Gina Inman, certify that on the 15th day of June, 2007, I caused to be served a true and correct copy of Pima County's Motion for Reconsideration and Response to the Debtors' Thirteenth Omnibus Claims Objection on the following:

Hon. Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Kayalin A. Marafioti
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
Attorneys for Debtors

Mark A. Broude
Latham & Watkins
885 Third Avenue
New York, NY 10022-4802
Attorneys for the Creditors' Committee

Alicia M. Leonhard
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004

_Gina Inman_
Gina Inman