UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

In re                        :    Chapter 11
                             :

DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                             :

             Debtors.    :    (Jointly Administered)
                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002 AND
9014 (I) APPROVING BIDDING PROCEDURES, (II) GRANTING
CERTAIN BID PROTECTIONS, (III) APPROVING FORM AND
MANNER OF SALE NOTICES, AND
(IV) SETTING SALE HEARING IN CONNECTION
WITH SALE OF MEXICO BRAKE PLANT ASSETS

("MEXICO BRAKE PLANT ASSET BIDDING PROCEDURES ORDER")

Upon the motion, dated June 15, 2007 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for orders

pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014

(i) approving the bidding procedures set forth herein and attached hereto as Exhibit 1 (the

"Bidding Procedures"), (ii) granting certain bid protections, (iii) approving the form and

manner of sale notices, and (iv) setting a sale hearing (the "Sale Hearing") in connection

with the sale (the "Sale") of certain assets of Delphi Automotive Systems LLC ("DAS

LLC") and Delphi Sistemas de Energia, S.A. de C.V. (collectively with DAS LLC, the

"Sellers") comprising substantially all of the assets used in the brake and chassis modules

product lines in a manufacturing plant located in Saltillo, Mexico (the "Mexico Brake

Plant Business"), including the machinery, equipment, inventories, personnel and medical

records, water well rights, and all other assets of DAS LLC to be sold to the Purchasers

(as defined below) pursuant to the Agreement (the "Acquired Assets") related to the

Mexico Brake Plant Business for $15.0 million and other consideration, free and clear of

liens, claims, and encumbrances related to assets being sold by DAS LLC, to Robert

Bosch LLC and Frenados Mexicanos S.A. de C.V. (together with Bosch, the

"Purchasers") pursuant to the Asset Sale And Purchase Agreement, dated June 14, 2007,

by and among the Sellers and the Purchasers (the "Agreement")[1] or to the Successful

Bidder (as hereinafter defined) submitting a higher or otherwise better bid.  The Sale

would include the assumption and assignment of certain prepetition executory contracts

and unexpired leases (the "Assumed Contracts") and the assignment of certain

postpetition executory contracts and unexpired leases (the "Postpetition Contracts," and

together with the Assumed Contracts, the "Transferred Contracts") to the Purchasers or

the Successful Bidder, and the assumption of certain liabilities (the "Assumed Liabilities")

by the Purchasers or the Successful Bidder; and upon the record of the Hearing on the

Motion; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction over this matter and over the property of

the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and

1334.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them
in the Agreement.

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed
as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

C.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest.

D.    The notice given by DAS LLC of the Motion and the Hearing constitutes due and sufficient notice thereof.

E.    DAS LLC has articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) grant certain bid protections as provided in the Agreement, (iii) approve the manner of notice of the Motion, the Sale Hearing, and the assumption and assignment of the Assumed Contracts, (iv) approve the form of notice of the Motion and the Sale Hearing to be distributed to creditors and other parties-in-interest, including prospective bidders, (v) approve the form of notice of the Cure Amounts (as defined below) and the assumption of the Assumed Contracts to be filed with the Court and served on parties to each Assumed Contract, and (vi) set the Sale Hearing.

F.    DAS LLC's payment to the Purchasers (as set forth in the Agreement) of the Break-Up Fee and the Expense Reimbursement (collectively, the "Bid Protections") (i) is an actual and necessary cost and expense of preserving its estate, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) is of substantial benefit to its estate, (iii) is reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Purchasers notwithstanding that the proposed Sale is subject to higher or better offers for the Acquired Assets, (iv) was negotiated by the parties at arms' length and in good faith, and (v) is necessary to ensure that the Purchasers will continue to pursue their proposed

acquisition of the Acquired Assets.  The Bid Protections were a material inducement for,

and condition of, the Purchasers' entry into the Agreement.  The Purchasers are unwilling

to commit to hold open their offer to purchase the Acquired Assets under the terms of the

Agreement unless they are assured of payment of the Bid Protections. Thus, assurance to

the Purchasers of payment of the Bid Protections has promoted more competitive bidding

by inducing the Purchasers to hold their bid open. Without the Bid Protections, other

bidding would have been limited.  Further, because the Bid Protections induced the

Purchasers to submit a bid that will serve as a minimum or floor bid on which other

bidders can rely, the Purchasers have provided a benefit to DAS LLC's estate by

increasing the likelihood that the price at which the Acquired Assets are sold will reflect

their true worth.  Finally, absent authorization of the Bid Protections, DAS LLC may lose

the opportunity to obtain the highest or otherwise best available offer for the Acquired

Assets.

> G.    The Bidding Procedures are reasonable and appropriate and

represent the best method for maximizing the realizable value of the Acquired Assets.

> THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

> Bidding Procedures

> 1.    The Bidding Procedures, as set forth on Exhibit 1 attached hereto

and incorporated herein by reference as if fully set forth in this Order, are hereby

approved and shall govern all proceedings relating to the Agreement and any subsequent

bids for the Acquired Assets in these cases.

> 2.    The Sellers may: (a) determine, in their business judgment, which

Qualified Bid is the highest or otherwise best offer, (b) consult with the representative of

4

any official committee or significant constituent in connection with the Bidding

Procedures, and (c) reject, at any time before entry of an order of the Court approving a

Qualified Bid, any bid (other than the Purchasers' bid) which, in the Sellers' sole

discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of

the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii)

contrary to the best interests of DAS LLC, its estate, and its stakeholders.  DAS LLC is

authorized (x) to terminate the Bidding Process or the Auction at any time if it

determines, in its business judgment, that the Bidding Process will not maximize the

value of the Acquired Assets to be realized by DAS LLC's estate and (y) seek Bankruptcy

Court approval of the Agreement with Purchasers.

<u>Sale Hearing</u>

3.      The Court shall hold a Sale Hearing on July 19, 2007 at 10:00 a.m.

(prevailing Eastern time) in the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, Room 610, New York, New York 10004, at which

time the Court shall consider the Motion, the Successful Bidder, and confirm the results

of the Auction, if any.  Objections to the Motion, if any, shall be filed and served no later

than 4:00 p.m. (prevailing Eastern time) on July 12, 2007 (the "Objection Deadline").

4.      The failure of any objecting person or entity to timely file its

objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or

thereafter, of any objection to the Motion, the Sale, or DAS LLC's consummation and

performance of the Agreement (including the transfer of the Acquired Assets and

Transferred Contracts free and clear of liens, claims, and encumbrances), if authorized by

the Court.

5

5.       The Sale Hearing may be adjourned from time to time without
further notice to creditors or parties-in-interest other than by announcement of the
adjournment in open court or on the Court's calendar on the date scheduled for the Sale
Hearing or any adjourned date.

Bid Protections

6.       The Bid Protections, as more fully described in the Motion and the
Agreement, are hereby approved.  DAS LLC's obligation to pay the Bid Protections, as
provided by the Agreement, shall survive termination of the Agreement and, until paid,
shall constitute a superpriority administrative expense claim.  DAS LLC shall be
authorized to pay the Bid Protections to the Purchasers in accordance with the terms of
the Agreement without further order of the Court.

Notice

7.       Notice of (a) the Motion, (b) the Sale Hearing, and (c) the
proposed assumption and assignment of the Assumed Contracts to the Purchasers
pursuant to the Agreement or to a Successful Bidder shall be good and sufficient, and no
other or further notice shall be required, if given as follows:

(a)       Notice Of Sale Hearing.  On or before June 29, 2007 (the
"Mailing Date"), DAS LLC (or its agent) shall serve the Motion, the Agreement, the
proposed Sale Approval Order, the Bidding Procedures, and a copy of the Bidding
Procedures Order by first-class mail, postage prepaid, upon (i) all entities known to have
expressed an interest in a transaction with respect to the Acquired Assets during the past
six months, (ii) all entities known to have asserted any lien, claim, interest, or
encumbrance in or upon the Acquired Assets, (iii) all federal, state, and local regulatory
or taxing authorities or recording offices which have a reasonably known interest in the
relief requested by the Motion, (iv) all parties to the Assumed Contracts, (v) all parties to
the Postpetition Contracts, (vi) the United States Attorney's office, (vii) the Securities and
Exchange Commission, (viii) the Internal Revenue Service, (ix) all entities which filed a
notice of appearance or request for notice in these cases, and (x) counsel to the official

committee of unsecured creditors and the official committee of equity security holders
appointed in these cases.

        (b)    <u>Cure Notice</u>.  On or before July 6, 2007 DAS LLC shall file
with the Court and serve on all non-Debtor parties to the Assumed Contracts a notice (the
"Cure Notice"), substantially in the form attached hereto as <u>Exhibit 2</u>, of the cure amount
necessary to assume the Assumed Contracts (the "Cure Amount").  Each non-Debtor
party to the Assumed Contracts shall have ten days from the service of the Cure Notice to
object to the Cure Amount and must state in its objection with specificity what Cure
Amount is required (with appropriate documentation in support thereof).  If no objection
is timely received, the Cure Amount set forth in the Cure Notice shall be controlling,
notwithstanding anything to the contrary in any Assumed Contract or any other document,
and the non-Debtor party to a Assumed Contract shall be deemed to have consented to
the Cure Amount and shall be forever barred from asserting any other claims against
DAS LLC, the Purchasers, or the Successful Bidder (as appropriate), or the property of
any of them, as to such Assumed Contract.

        (c)    <u>Assumption/Assignment Notice For Purchasers</u>.  On or
before July 6, 2007, DAS LLC shall file with the Court and serve on all non-Debtor
parties to the Transferred Contracts a notice (the "Purchasers Assumption/Assignment
Notice"), substantially in the form of the notice attached hereto as <u>Exhibit 3</u>, identifying
the Purchasers as the parties which will be assigned all of the Debtors' rights, title, and
interest in the Transferred Contracts, subject to completion of the bidding process
provided under the Bidding Procedures.  The non-Debtor party to the Assumed Contracts
shall have ten days from the service of the Purchasers Assumption/Assignment Notice to
object to the proposed assumption and assignment to the Purchasers and must state in its
objection, with specificity, the legal and factual basis of its objection.  If no objection is
timely received, the non-Debtor party to the Assumed Contract shall be deemed to have
consented to the assumption and assignment of the Assumed Contract to the Purchasers
and shall be forever barred from asserting any objection with regard to the assumption
and assignment.

        (d)    <u>Assumption/Assignment Notice For Qualified Bidders</u>.  On
or before July 11, 2007, DAS LLC shall cause a notice (the "Qualified Bidder
Assumption/Assignment Notice"), substantially in the form of the notice attached hereto
as <u>Exhibit 4</u>, to be sent to each non-Debtor party to a Transferred Contract identifying all
Qualified Bidders.  The non-Debtor party to the Assumed Contract shall have ten days
from the service of the Qualified Bidder Assumption/Assignment Notice to object to the
proposed assumption and assignment to any Qualified Bidder and must state in its
objection, with specificity, the legal and factual basis of its objection.  If no objection is
timely received, the non-Debtor party to the Assumed Contract shall be deemed to have
consented to the assumption and assignment of the Assumed Contract to the Purchasers
or any Qualified Bidder and shall be forever barred from asserting any objection with
regard to the assumption and assignment.

        (e)    <u>Publication Notice</u>. On or before the Mailing Date, or as soon
thereafter as is practicable, the Debtors shall cause notice substantially in the form of the

notice attached hereto as <u>Exhibit 5</u>, to be published in the national editions of the <u>Wall Street Journal</u> (International Edition), the <u>New York Times</u>, and <u>El Norte</u>.

      8.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

      9.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
          June  __, 2007

_____
   UNITED STATES BANKRUPTCY JUDGE

Exhibit 1

**DELPHI AUTOMOTIVE SYSTEMS LLC AND DELPHI SISTEMAS DE ENERGIA, S.A.
DE C.V. MEXICO BRAKE PLANT ASSETS
BIDDING PROCEDURES**

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed
with respect to the proposed sale (the "Sale") of substantially all of the assets used primarily in
the manufacturing plant located in Saltillo, Mexico (the "Mexico Brake Plant Business") of
Delphi Automotive Systems LLC ("DAS LLC") and Delphi Sistemas de Energia, S.A. de C.V.
("Delphi Mexico," and collectively with the DAS LLC, the "Sellers"). On June 14, 2007, the
Sellers executed that certain Asset Sale And Purchase Agreement (the "Agreement") with Robert
Bosch LLC ("Bosch") and Frenados Mexicanos S.A. de C.V. (together with Bosch, the
"Purchasers"). The transaction contemplated by the Agreement is subject to competitive bidding
as set forth herein and approval by the Bankruptcy Court (as defined herein) pursuant to sections
363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in
effect on October 8, 2005 (the "Bankruptcy Code"), and certain other closing conditions.

On June 15, 2007, DAS LLC and certain of its affiliates (collectively, the "Debtors")
filed a Motion For Orders Under 11 U.S.C. §§ 363 And 365 And Fed. R. Bankr. P. 2002, 6004,
6006 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii)
Approving Form And Manner Of Sale Notices, And (iv) Setting Sale Hearing Date And (b)
Authorizing And Approving (i) Sale Of DAS LLC's Mexico Brake Plant Assets Free And Clear
Of Liens, Claims, And Encumbrances, (ii) Assumption And Assignment Of Certain Executory
Contracts And Unexpired Leases, And (iii) Assumption Of Certain Liabilities (the "Sale
Approval Motion"). On June __, 2007, the United States Bankruptcy Court for the Southern
District of New York (the "Bankruptcy Court") entered an Order Under 11 U.S.C. § 363 And
Fed. R. Bankr. P. 2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid
Protections, (iii) Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing
(the "Bidding Procedures Order") approving the Bidding Procedures. The Bidding Procedures
Order set July 19, 2007 as the date when the Bankruptcy Court willconduct a hearing (the "Sale
Hearing") to authorize DAS LLC to enter into and perform under the Agreement. All capitalized
terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Agreement.

The Bidding Procedures set forth herein describe, among other things, the assets available
for sale, the manner in which bidders and bids become Qualified, the coordination of diligence
efforts among bidders, the receipt and negotiation of bids received, the conduct of any
subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder(s) (as
defined herein), and the Bankruptcy Court's approval thereof (collectively, the "Bidding
Process"). DAS LLC intends to consult with, among others, the official committee of unsecured
creditors (the "Creditors' Committee") throughout the Bidding Process. In the event that DAS
LLC and any party disagree as to the interpretation or application of these Bidding Procedures,
the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

1

## Assets To Be Sold

The assets proposed to be sold include substantially all of the assets primarily used in the Mexico Brake Plant Business, including the including the machinery, equipment, inventories, medical and personnel records, water well rights, and all other assets of DAS LLC to be sold (the "Acquired Assets").

## Free Of Any And All Claims And Interests

Except to the extent otherwise set forth in the Agreement or the relevant purchase agreement of a Successful Bidder, as applicable, all of DAS LLC's right, title, and interest in and to the Acquired Assets, or any portion thereof, to be acquired will be sold free and clear of all liens, losses, liabilities, claims (as defined in section 101 of the Bankruptcy Code), damages, or expenses (including reasonable legal fees and expenses) whatsoever, whether known or unknown, fixed, liquidated, contingent or otherwise, liens, charges, claims, pledges, security interests, conditional sale agreements or other title retention agreements, leases, mortgages, options or other encumbrances (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction or similar statutes as applicable under Mexican law) (collectively, the "Claims and Interests"), such Claims and Interests to attach to the net proceeds of the sale of such Assets.

## Participation Requirements

Any person who wishes to participate in the Bidding Process (a "Potential Bidder") must become a Qualified Bidder.  As a prerequisite to becoming a Qualified Bidder, a Potential Bidder, other than the Purchasers, must deliver (unless previously delivered) to DAS LLC and its counsel at the addresses provided below:

(a) An executed confidentiality agreement in form and substance acceptable to DAS LLC;

(b) Current audited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Acquired Assets, current audited financial statements of the equity holders of the Potential Bidder who must guarantee the obligations of the Potential Bidder, or such other form of financial disclosure and credit-quality support or enhancement acceptable to DAS LLC and its financial advisors; and

(c) A preliminary (non-binding) written proposal regarding (i) the purchase price, (ii) any assets and/or equity interests expected to be excluded, (iii) the structure and financing of the transaction (including, but not limited to, the sources of financing of the Purchase Price (as defined in the Agreement) and the requisite financial assurances), (iv) any anticipated regulatory approvals required to close the transaction, the anticipated time frame, and any anticipated impediments for obtaining such approvals, (v) any conditions to closing that it may wish to impose in addition to those set forth in the Agreement, and (vi) the nature and extent of additional due diligence it may wish to conduct and the date by which such due diligence must be completed.

2

A Potential Bidder who delivers the documents described in the previous subparagraphs
above and whose financial information and credit-quality support or enhancement demonstrate
the financial capability of such Potential Bidder to consummate the Sale, if selected as a
successful bidder, and who the Sellers determine in their sole discretion is likely (based on
availability of financing, experience, and other considerations) to be able to consummate the Sale
within the time frame provided by the Agreement will be deemed a "Qualified Bidder."  As
promptly as practicable after a Potential Bidder delivers all of the materials required above, the
Sellers will determine, and will notify the Potential Bidder, whether such Potential Bidder is a
Qualified Bidder.  At the same time when the Sellers notify the Potential Bidder that it is a
Qualified Bidder, the Sellers will allow the Qualified Bidder to commence due diligence with
respect to the Acquired Assets and the Mexico Brake Plant Business as provided below.
Notwithstanding the foregoing, the Purchasers will be deemed Qualified Bidders for purposes of
the Bidding Process.

### Due Diligence

The Sellers will afford each Qualified Bidder due diligence access to the Acquired Assets
and the Mexico Brake Plant Business.  Due diligence access may include such management
presentations as may be scheduled by the Sellers, access to data rooms, on-site inspections, and
such other matters which a Qualified Bidder may request and as to which the Sellers, in their sole
discretion, may agree.  The Sellers will designate an employee or other representative to
coordinate all reasonable requests for additional information and due diligence access from
Qualified Bidders.  Any additional due diligence may not continue after the Bid Deadline.  The
Sellers may, in their discretion, coordinate diligence efforts such that multiple Qualified Bidders
have simultaneous access to due diligence materials and/or simultaneous attendance at
management presentations or site inspections.  Neither the Sellers nor any of their affiliates (or
any of their respective representatives) will be obligated to furnish any information relating to
Acquired Assets and the Mexico Brake Plant Business to any person other than to Qualified
Bidders who make an acceptable preliminary proposal and execute mutually agreeable
confidentiality agreements.

Each Qualified Bidder will be deemed to acknowledge and represent that it has had an
opportunity to conduct any and all due diligence regarding the Acquired Assets and the Mexico
Brake Plant Business prior to making its offer, that it has relied solely upon its own independent
review, investigation, and/or inspection of any documents and/or the Acquired Assets and the
Mexico Brake Plant Business in making its bid, and that it did not rely upon any written or oral
statements, representations, promises, warranties, or guaranties whatsoever, whether express,
implied, by operation of law, or otherwise, regarding the Acquired Assets, the Mexico Brake
Plant Business, or the completeness of any information provided in connection therewith, the
Bidding Process, or the Auction (as defined herein), except as expressly stated in the definitive
agreement with the Successful Bidder approved by the Bankruptcy Court.

### Bid Deadline

A Qualified Bidder, other than the Purchasers, who desires to make a bid will deliver
written copies of its bid to:  (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy,

3

Michigan, 48098, Attention: John P. Carney; (ii) Delphi's restructuring counsel, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60601-1285, Attention: John K. Lyons and Brian M. Fern; (iii) Delphi's financial advisor, FTI Consulting, Inc., Three Times Square, New York, New York 10036, Attention: Randall S. Eisenberg;  (iv) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan, 48098 Attention: Assistant General Counsel – Transactional & Restructuring; (v) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attention: Robert J. Rosenberg and Mark A. Broude; (vi) the Creditors' Committee's financial advisor, Mesirow Financial Consulting LLC, 666 Third Avenue, 21st Floor, New York, New York 10017, Attention: Ben Pickering; and (vii) counsel for the agent under Delphi's postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Attention: Donald S. Bernstein and Brian Resnick, so as to be received not later than 11:00 a.m. (prevailing Eastern time) on July 10, 2007 (the "Bid Deadline").  As soon as reasonably practicable following receipt of each Qualified Bid, the Sellers will deliver complete copies of all items and information enumerated in the section below entitled "Bid Requirements" to the Purchasers and their counsel.

### Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

(a) A letter stating that the bidder's offer is irrevocable until two (2) Business Days after the closing of the Sale of the Acquired Assets.

(b) An executed copy of the Agreement, together with all schedules (a "Marked Agreement") marked to show those amendments and modifications to such agreement that the Qualified Bidder proposes, including the purchase price.

(c) A good faith deposit (the "Good Faith Deposit") in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to the Sellers in their sole discretion) payable to the order of the DAS LLC (or such other party as the Sellers may determine) in an amount equal to $500,000.

(d) Written evidence of a commitment for financing, or other evidence of ability to consummate the proposed transactions that is satisfactory to the Sellers and their advisors.

### Qualified Bids

A bid will be considered only if the bid:

(a) is on terms and conditions (other than the amount of the consideration and the particular liabilities being assumed) that are substantially similar to, and are not materially more burdensome or conditional to the Sellers than, those contained in the Agreement;

(b) is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder;

4

(c) proposes a transaction that the Sellers determine, in their sole discretion, has a value, either individually or, in conjunction with any other Qualified Bid, greater than or equal to the sum of the Purchase Price plus the amount of the Break-Up Fee, plus (i) in the case of the initial Qualified Bid, $200,000, and (ii) in the case of any subsequent Qualified Bids, $100,000 more than the immediately-preceding highest Qualified Bid;

(d) is not conditioned upon any bid protections, such as a break-up fee, termination fee, expense reimbursement, or similar type of payment;

(e) an acknowledgement and representation that the bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Acquired Assets prior to making its offer, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Acquired Assets in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Acquired Assets, the completeness of any information provided in connection therewith, or the Auction, except as expressly stated in the Agreement or the Marked Agreement;

(f) includes a commitment to consummate the purchase of the Acquired Assets (including the receipt of any required governmental or regulatory approvals) within not more than 15 days after entry of an order by the Bankruptcy Court approving such purchase, subject to the receipt of any governmental or regulatory approvals which must be obtained within 20 days after entry of such order; and

(g) is received by the Bid Deadline.

A bid received from a Qualified Bidder will constitute a "Qualified Bid" only if it includes all of the Required Bid Documents and meets all of the above requirements; provided, however, that the Sellers will have the right, in their sole discretion, to entertain bids for the Acquired Assets that do not conform to one or more of the requirements specified herein and deem such bids to be Qualified Bids. Notwithstanding the foregoing, the Purchasers will be deemed Qualified Bidders, and the Agreement will be deemed a Qualified Bid, for all purposes in connection with the Bidding Process, the Auction, and the Sale. A Qualified Bid will be valued based upon factors such as the net value provided by such bid and the likelihood and timing of consummating such transaction. Each Qualified Bid other than that of the Purchasers is referred to as a "Subsequent Bid."

If the Sellers do not receive any Qualified Bids other than the Agreement received from the Purchasers, DAS LLC will report the same to the Bankruptcy Court and will proceed with the Sale pursuant to the terms of the Agreement.

## **Bid Protection**

Recognizing the Purchasers' expenditure of time, energy, and resources, DAS LLC has agreed to provide certain bidding protections to the Purchasers. Specifically, DAS LLC has determined that the Agreement will further the goals of the Bidding Procedures by setting a floor which all other potential bids must exceed. As a result, DAS LLC has agreed that if the Sellers terminate the Agreement (i) to close on an alternative transaction or (ii) to declare a Qualified

Bid other than that of the Purchaser the Successful Bid (as defined below) and sell the Acquired
Assets to a Successful Bidder other than the Purchasers, DAS LLC will, in certain circumstances,
pay to the Purchasers a Break-Up Fee.  In the event the Agreement is terminated pursuant to
certain other provisions thereof, then DAS LLC will, in certain circumstances, be obligated to
pay the Purchasers' Expense Reimbursement.  The payment of the Break-Up Fee or the Expense
Reimbursement (as applicable) will be governed by the provisions of the Agreement and the
Bidding Procedures Order.

### Auction

If the Sellers receive at least one Qualified Bid in addition to the Agreement, the Sellers
will conduct an auction (the "Auction") of the Acquired Assets upon notice to all Qualified
Bidders who have submitted Qualified Bids at 10:00 a.m. (prevailing Eastern time) on or before
July 17, 2007, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square,
New York, New York 10036 or 333 West Wacker Drive, Chicago, Illinois 60606, or such later
time or other place as the Sellers will notify all Qualified Bidders who have submitted Qualified
Bids (but in no event later than the second Business Day prior to the Sale Hearing) in accordance
with the following procedures:

(a) Only the Sellers, the Purchasers, any representative of the Creditors' Committee, any
representative of the Debtors' post-petition credit facility (and the legal and financial
advisers to each of the foregoing), and any Qualified Bidder who has timely submitted a
Qualified Bid will be entitled to attend the Auction, and only the Purchasers and
Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

(b) By the close of business on July 13, 2007, each Qualified Bidder who has timely
submitted a Qualified Bid must inform the Sellers whether it intends to participate in the
Auction, and by the close of business on July 16, 2007, the Sellers will provide all
Qualified Bidders who have informed the Sellers of their intent to participate in the
Auction with copies of the Qualified Bid or combination of Qualified Bids which the
Sellers believe comprise the highest or otherwise best offer.  Should an Auction take
place, the Purchasers will have the right, but not the obligation, to participate in the
Auction.  The Purchasers' election not to participate in an Auction will in no way impair
their entitlement to receive the Break-Up Fee or Expense Reimbursement, as applicable.

(c) All bidders will be entitled to be present for all Subsequent Bids with the understanding
that the true identity of each bidder will be fully disclosed to all other bidders and that all
material terms of each Subsequent Bid will be fully disclosed to all other bidders
throughout the entire Auction.

(d) The Sellers may employ and announce at the Auction additional procedural rules that are
reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent
Bids) for conducting the Auction, provided that such rules are not inconsistent with these
Bidding Procedures, the Bankruptcy Code, or any order of the Bankruptcy Court entered
in connection herewith.

(e) Bidding at the Auction will begin with the highest or otherwise best Qualified Bid or
combination of Qualified Bids and continue in minimum increments of at least $100,000

higher than the previous bid or bids.  The Auction will continue in one or more rounds of
bidding and will conclude after each participating bidder has had the opportunity to
submit one or more additional Subsequent Bids with full knowledge and written
confirmation of the then-existing highest bid or bids.  For the purpose of evaluating the
value of the consideration provided by Subsequent Bids (including any Subsequent Bid
by Purchasers), the Sellers will give the Purchasers a credit in an amount equal to the
greater of any Break-Up Fee or Expense Reimbursement, as applicable, that may be
payable to the Purchasers under the Agreement and will give effect to any assets and/or
equity interests to be retained by the Sellers.

## Selection Of Successful Bid

At the conclusion of the Auction, or as soon thereafter as practicable, the Sellers, in
consultation with their advisors, will:  (i) review each Qualified Bid on the basis of financial and
contractual terms and the factors relevant to the sale process, including those factors affecting the
speed and certainty of consummating the sale, and (ii) identify the highest or otherwise best
offer(s) for the Acquired Assets received at the Auction (the "Successful Bid" and the bidder(s)
making such bid, the "Successful Bidder(s)").

The Sellers will sell the Acquired Assets for the highest or otherwise best Qualified Bid
to the Successful Bidder upon the approval of such Qualified Bid by the Bankruptcy Court after
the Sale Hearing.  If, after an Auction in which the Purchasers:  (i) will have bid an amount in
excess of the consideration currently provided for in the Agreement with respect to the
transactions contemplated under the Agreement and (ii) are the Successful Bidders, they must, at
the Closing under the Agreement, pay, in full satisfaction of the Successful Bid, an amount equal
to: (a) the amount of the Successful Bid less (b) the Break-Up Fee.

DAS LLC's presentation of a particular Qualified Bid to the Bankruptcy Court for
approval does not constitute the Sellers' acceptance of the bid.  The Sellers will be deemed to
have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale
Hearing.

## The Sale Hearing

The Sale Hearing is currently scheduled to take place before the Honorable Robert D.
Drain, United States Bankruptcy Judge, on July 19, 2007 at 10:00 a.m. (prevailing Eastern time)
in the United States Bankruptcy Court for the Southern District of New York, One Bowling
Green, Room 610, New York, New York 10004.  The Sale Hearing may be adjourned or
rescheduled by the Sellers without notice other than by an announcement of the adjourned date at
the Sale Hearing; provided, however, that the Sale Hearing may not be adjourned or rescheduled
to a date later than August 31, 2007.

If the Sellers do not receive any Qualified Bids (other than the Qualified Bid of the
Purchasers), DAS LLC will report the same to the Bankruptcy Court at the Sale Hearing and will
proceed with a sale of the Acquired Assets to the Purchasers following entry of the Sale Order.
If the Sellers do receive additional Qualified Bids, then at the Sale Hearing DAS LLC will seek
approval of the Successful Bid(s), as well as the second highest or best Qualified Bid(s) (the

"Alternate Bid(s)," and such bidder(s), the "Alternate Bidder(s)").  DAS LLC's presentation to the Bankruptcy Court of the Successful Bid(s) and Alternate Bid(s) will not constitute the Sellers' acceptance of either or any such bid(s), which acceptance will only occur upon approval of such bid(s) by the Bankruptcy Court at the Sale Hearing.  Following approval of the sale to the Successful Bidder(s), if the Successful Bidder(s) fail(s) to consummate the sale because of: (i) failure of a condition precedent beyond the control of either Sellers or the Successful Bidder or (ii) a breach or failure to perform on the part of such Successful Bidder(s), then the Alternate Bid(s) will be deemed to be the Successful Bid(s) and Sellers will effectuate a sale to the Alternate Bidder(s) subject to the terms of the Alternate Bid(s) of such Alternate Bidder(s) without further order of the Bankruptcy Court.

### Return Of Good Faith Deposits

Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) will be held in an interest-bearing escrow account and all Qualified Bids will remain open (notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of one or more Successful Bids by one or more Qualified Bidders), until two Business Days following the closing of the Sale (the "Return Date").  Notwithstanding the foregoing, the Good Faith Deposit, if any, submitted by the Successful Bidder(s), together with interest thereon, will be applied against the payment of the Purchase Price upon closing of the Sale to the Successful Bidder(s). If a Successful Bidder fails to consummate a sale because of a breach or failure to perform on the part of such Successful Bidder, the Sellers will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and such Good Faith Deposit will irrevocably become property of the Sellers.  On the Return Date, Sellers will return the Good Faith Deposits of all other Qualified Bidders, together with the accrued interest thereon.

### Reservations Of Rights

The Sellers, after consultation with the Creditors' Committee:  (i) may determine which Qualified Bid, if any, is the highest or otherwise best offer and (ii) may reject at any time any bid (other than the Purchasers' bid) that is:  (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (c) contrary to the best interests of DAS LLC, its estates, and its stakeholders as determined by DAS LLC in its sole discretion.

Exhibit 2

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtor. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH SALE OF MEXICO BRAKE PLANT ASSETS

PLEASE TAKE NOTICE THAT:

    1.  Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii)

Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing (the

"Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") on June **[●],** 2007, Delphi Automotive

Systems LLC ("DAS LLC") and Delphi Sistemas de Energia, S.A. de C.V. (collectively with

DAS LLC, the "Sellers") have entered into an Asset Sale And Purchase Agreement

("Agreement") with Robert Bosch LLC ("Bosch") and Frenados Mexicanos S.A. de C.V.

(together with Bosch, the "Purchasers") for the purchase of substantially all of the assets

primarily used in the brake and chassis modules product lines in the manufacturing plant

located in Saltillo, Mexico (the "Mexico Brake Plant Business"), including the machinery,

equipment, inventories, medical and personnel records, water well rights, and all other assets

of DAS LLC to be sold to the Purchasers pursuant to the Agreement (the "Acquired Assets").

DAS LLC hereby provides notice (the "Notice") of its intent to assume and assign the

prepetition executory contracts or unexpired leases (the "Assumed Contract") listed on

Exhibit 1 hereto to the Purchasers or the successful bidder at the auction, as the case may be.

   2.  On the date of the closing of the transactions contemplated by the

Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, DAS LLC

will pay the amount DAS LLC's records reflect is owing for prepetition arrearages, if any, as

set forth on Exhibit 1 hereto (the "Cure Amount").  DAS LLC's records reflect that all

postpetition amounts owing under the Assumed Contracts have been paid and will continue

to be paid until the assumption and assignment of the Assumed Contracts and that, other than

the Cure Amount, there are no other defaults under the Assumed Contracts.

   3.  Objections, if any, to the proposed Cure Amount must (a) be in

writing, (b) state with specificity the cure asserted to be required, (c) include appropriate

documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered by this Court on October 26, 2006

(Docket No. 5418), (e) be filed with the Bankruptcy Court in accordance with General Order

M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (f) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (g) be served in hard-copy form so that they are actually received within ten

days of service of this Notice upon (i) Delphi Automotive Systems LLC, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactions & Restructuring), (iii) counsel

to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite

2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Brian M. Fern), (iv) counsel for the

agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue,

New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the

official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New

York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel for

the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson

LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vii)

counsel for the Purchasers, Warner Norcross & Judd LLP, 900 Fifth Third Center, 111 Lyon

Street NW, Grand Rapids, Michigan 49503-2487 (Att'n: Gordon Toering), and (viii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard).

4.     If an objection to the Cure Amount is timely filed and received, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule.  A hearing regarding the Cure Amount, if any, may be continued at the sole discretion of the Sellers until after the Closing Date.

5.     If no objection is timely filed and received, the Cure Amount set forth in Exhibit 1 hereto will be controlling, notwithstanding anything to the contrary in any Assumed Contract or any other document, and the non-Debtor party to the Assumed Contract will be deemed to have consented to the Cure Amount and will be forever barred from asserting any other claims against DAS LLC, the Purchasers or the successful bidder at the auction, as appropriate, or the property of either of them, as to such Assumed Contract.  The failure of any objecting person or entity to timely file an objection will be a bar to the assertion, at the sale hearing or thereafter, of any objection to the sale motion, the sale, or DAS LLC's consummation and performance of the Agreement (including the transfer of the assets and the Assumed Contracts free and clear of all claims or interests, as described in the Motion), if authorized by the Court.

6.    Prior to the Closing Date, DAS LLC may amend its decision with

respect to the assumption and assignment of the Assumed Contracts and provide a new notice

amending the information provided in this Notice.

Dated:  New York, New York
   June **[●]**, 2007

      SKADDEN, ARPS, SLATE, MEAGHER
       & FLOM LLP

     By:_____
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
      333 West Wacker Drive, Suite 2100
      Chicago, Illinois  60606
      (312) 407-0700

        - and -

     By:_____
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
      Four Times Square
      New York, New York 10036
      (212) 735-3000

      Attorneys for Delphi Corporation, et al.,
       Debtors and Debtors-in-Possession

Exhibit 3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
       In re                               :     Chapter 11
                                               :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                                             :
                    Debtor.    :     (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO PURCHASERS IN CONNECTION WITH
SALE OF DELPHI AUTOMOTIVE SYSTEMS LLC'S MEXICO
BRAKE PLANT ASSETS

PLEASE TAKE NOTICE THAT:

          1.       Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii)

Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing (the

"Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") on June [●], 2007, Delphi Automotive

Systems LLC ("DAS LLC") and Delphi Sistemas de Energia, S.A. de C.V. (collectively with

DAS LLC, the "Sellers") have entered into an Asset Sale And Purchase Agreement

("Agreement") with Robert Bosch LLC ("Bosch") and Frenados Mexicanos S.A. de C.V.

(together with Bosch, the "Purchasers") for the purchase of substantially all of the assets

primarily used in the brake and chassis modules product lines in the manufacturing plant

located in Saltillo, Mexico (the "Mexico Brake Plant Business"), including the machinery,

equipment, inventories, medical and personnel records, water well rights, and all other assets

of DAS LLC to be sold to the Purchasers pursuant to the Agreement (the "Acquired Assets").

DAS LLC hereby provides notice (the "Notice") of its intent to assume and assign the

prepetition executory contracts or unexpired leases (the "Assumed Contracts") and the

postpetition contracts (the "Postpetition Contracts") listed on Exhibit 1 hereto to the

Purchasers or the successful bidder at the auction, as the case may be.

        2.     Pursuant to the terms of the Agreement and subject to completion of a

competitive bidding process described in the Bidding Procedures Order and the attachments

thereto, DAS LLC will seek to assume and assign the Assumed Contracts and assign the

Postpetition Contracts listed on Exhibit 1 hereto at the hearing to be held at 10:00 a.m.

(prevailing eastern time) on July 19, 2007 (the "Sale Hearing") before the Honorable Robert

D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, Room 610, New York, New York 10004.

        3.     Objections, if any, to the assumption and assignment of an Assumed

Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c)

conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the

Southern District of New York, and the Amended Eighth Supplemental Order Under 11

U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And

Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418), (d)

be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) –

registered users of the Bankruptcy Court's case filing system must file electronically, and all

other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format

(PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted

in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States

Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, Room 610, New York, New York 10004, and (f) be served in hard-copy

form so it is actually received within ten days after the date of this Notice upon (i) Delphi

Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii)

Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General

Counsel, Transactions & Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate,

Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:

John K. Lyons and Brian M. Fern),  (iv) counsel for the agent under the postpetition credit

facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017

(Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the official committee of

unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York

10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vii) counsel for the official

committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One

New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (viii) counsel for the

Purchasers, Warner Norcross & Judd LLP, 900 Fifth Third Center, 111 Lyon Street NW,

Grand Rapids, Michigan 49503-2487 (Att'n: Gordon Toering), and (viii) the Office of the

United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard).

4.    If an objection to the assumption and assignment of an Assumed Contract is timely filed and received, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at the Sale Hearing or such date and time as the Court may schedule.  If no objection is timely received, the non-Debtor party to the Assumed Contract will be deemed to have consented to the assumption and assignment of the Assumed Contract and will be forever barred from asserting any other claims, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Assumed Contract, against DAS LLC or the Purchasers, or the property of either of them, as to such Assumed Contract.

5.    Pursuant to 11 U.S.C. § 365, there is adequate assurance of future performance that the cure amount set forth in the separately filed and served cure notice will be paid in accordance with the terms of the order approving the sale under the terms of the Agreement.  Further, there is adequate assurance of the Purchasers' future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of the Purchasers.

6.       Prior to the closing date of the sale, DAS LLC may amend its decision with respect to the assumption and/or assignment of any Assumed Contract or Postpetition Contract and provide a new notice amending the information provided in this Notice.

Dated:  New York, New York
          _____, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

              By:  _____
                    John Wm. Butler, Jr. (JB 4711)
                    John K. Lyons (JL 4951)
                    Ron E. Meisler (RM 3026)
                  333 West Wacker Drive, Suite 2100
                  Chicago, Illinois  60606
                  (312) 407-0700

                        - and -

              By:  _____
                    Kayalyn A. Marafioti (KM 9632)
                    Thomas J. Matz (TM 5986)
                  Four Times Square
                  New York, New York 10036
                  (212) 735-3000

                  Attorneys for Delphi Corporation, et al.,
                    Debtors and Debtors-in-Possession

Exhibit 4

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
             :
  In re          :  Chapter 11
             :
DELPHI CORPORATION, et al.,  :  Case No. 05-44481 (RDD)
             :
       Debtor.  :  (Jointly Administered)
             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO QUALIFIED BIDDERS IN CONNECTION
WITH SALE OF DELPHI AUTOMOTIVE SYSTEMS LLC'S
MEXICO BRAKE PLANT ASSETS

PLEASE TAKE NOTICE THAT:

    1.   Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii)

Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on June [__], 2007, Delphi Automotive Systems LLC ("DAS LLC") and Delphi Sistemas de Energia, S.A. de C.V. (collectively with DAS LLC, the "Sellers") have entered into an Asset Sale And Purchase Agreement ("Agreement") with Robert Bosch LLC ("Bosch") and Frenados Mexicanos S.A. de C.V. (together with Bosch, the "Purchasers") for the purchase of substantially all of the assets primarily used in the brake and chassis modules product lines in the manufacturing plant located in Saltillo, Mexico (the "Mexico Brake Plant Business"), including the machinery, equipment, inventories, medical and personnel records, water well rights, and all other assets of DAS LLC to be sold to the Purchasers pursuant to the Agreement (the "Acquired Assets"). DAS LLC hereby provides notice (the "Notice") of its intent to assume and assign the prepetition executory contracts or unexpired leases (the "Assumed Contracts") and assign the postpetition contracts (the "Postpetition Contracts") listed on Exhibit 1 hereto to the Purchasers or the successful bidder at the auction, as the case may be.

2.        Pursuant to the Bidding Procedures set forth in the Bidding Procedures Order, the following parties have submitted Qualified Bids for the Assets and will participate in an Auction to be held July 17, 2007 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 or 333 West Wacker Drive, Chicago, Illinois 60606, or such later time or other place as DAS LLC may notify all Qualified Bidders who have submitted Qualified Bids (but in no event later than the second Business Day prior to the Sale Hearing):

| Qualified Bidders |
|---|
|  |
|  |

3.      Pursuant to the terms of the Agreement (or any asset sale and purchase

agreement that the Sellers may enter into with the Successful Bidder), DAS LLC will seek to

assume and assign the Assumed Contracts and assign the Postpetition Contracts listed on

Exhibit 1 hereto at the hearing to be held at 10:00 a.m. (prevailing Eastern time) on July 19,

2007 (the "Sale Hearing") before the Honorable Robert D. Drain, United States Bankruptcy

Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, Room 610, New York, New York 10004.

4.      Objections, if any, to the assumption and assignment of an Assumed

Contract to a Qualified Bidder, who may ultimately become the Successful Bidder, must (a)

be in writing, (b) state with specificity the reasons for such objection, (c) conform to the

Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District

of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And

105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing

Dates And Certain Notice, Case Management, And Administrative Procedures, entered by

this Court on October 26, 2006 (Docket No. 5418), (d) be filed with the Bankruptcy Court in

accordance with General Order M-242 (as amended) – registered users of the Bankruptcy

Court's case filing system must file electronically, and all other parties-in-interest must file on

a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format), (e) be submitted in hard-copy form directly to the

chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (f) be served in hard-copy form so they are actually

received within ten days after the date of this Notice upon (i) Delphi Automotive Systems

LLC, 5725 Delphi Drive, Troy, Michigen 48098 (Attn: Legal Staff), (ii) Delphi, 5725 Delphi

Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactions &

Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333

West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Brian M.

Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vi) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (vii) counsel for the Purchasers, Warner Norcross & Judd

LLP, 900 Fifth Third Center, 111 Lyon Street NW, Grand Rapids, Michigan 49503-2487

(Att'n: Gordon Toering), and (viii) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:

Alicia M. Leonhard).

       5.     If an objection to the assumption and assignment of an Assumed

Contract is timely filed and received, a hearing with respect to the objection will be held

before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, at the Sale Hearing or such date and time as the Court may

schedule.  If no objection is timely filed and received, the non-Debtor party to the Assumed

Contract will be deemed to have consented to the assumption and assignment of the Assumed

Contract and will be forever barred from asserting any other claims, including, but not limited

to, the propriety or effectiveness of the assumption and assignment of the Assumed Contract,

against DAS LLC or the Purchasers or the Qualified Bidder (as appropriate), or the property

of either of them, as to such Assumed Contract.

6.      Pursuant to 11 U.S.C. § 365, there is adequate assurance of future

performance that the cure amount set forth in the separately filed and served cure notice will

be paid in accordance with the terms of the Sale Approval Order.  Further, there is adequate

assurance of the Qualified Bidder's future performance under the executory contract or

unexpired lease to be assumed and assigned because of the significant resources of the

Qualified Bidder.

7.      Prior to the Closing Date, DAS LLC may amend its decision with

respect to the assumption and/or assignment of any Assumed Contract or Postpetition

Contract and provide a new notice amending the information provided in this Notice.

Dated:  New York, New York
        [_____], 2007

                            SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

                            By: _____
                                John Wm. Butler, Jr. (JB 4711)
                                John K. Lyons (JL 4951)
                                Ron E. Meisler (RM 3026)
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois  60606
                            (312) 407-0700

                                    - and -

                            By:_____
                                Kayalyn A. Marafioti (KM 9632)
                                Thomas J. Matz (TM 5986)
                            Four Times Square
                            New York, New York 10036
                            (212) 735-3000

                            Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession

5

Exhibit 5

Delphi Legal Information Hotline:           Delphi Legal Information Website:
Toll Free:  (800) 718-5305                  http://www.delphidocket.com
International:   (248) 813-2698

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                             :
     In re                                   :    Chapter 11
                                             :
DELPHI CORPORATION, et al.,                  :    Case No. 05-44481 (RDD)
                                             :
                 Debtor.     :    (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

<u>NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION</u>

PLEASE TAKE NOTICE OF THE FOLLOWING:

       1.      Pursuant to the **Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii) Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing In Connection With Sale of Mexico Brake Plant Assets (the "Bidding Procedures Order")** entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on June **[●],** 2007, Delphi Automotive Systems LLC ("DAS LLC") and Delphi Sistemas de Energia, S.A. de C.V. (collectively with DAS LLC, the "Sellers") are offering for sale substantially all of the assets used primarily in the manufacturing plant located in Saltillo, Mexico.

       2.      All interested parties are invited to make an offer to purchase the Assets in accordance with the terms and conditions approved by the Bankruptcy Court (the "Bidding Procedures") by July 10, 2007.  Pursuant to the Bidding Procedures, DAS LLC may conduct an auction for the Assets (the "Auction") beginning at 10:00 a.m. (prevailing Eastern Time) on July 17, 2007 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York or 333 West Wacker Drive, Chicago, Illinois 60606.

       3.      Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order.  A copy of the Bidding Procedures is available by contacting the undersigned counsel to the Sellers or by accessing Delphi's Legal Information Website, www.delphidocket.com.

       4.      A hearing to approve the sale of the assets to the highest and best bidder will be held on July 19, 2007 at 10:00 a.m. (Prevailing Eastern Time) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, before the Honorable Robert D. Drain, United States Bankruptcy Judge.

       5.      Objections, if any, to the proposed sale must be filed and served in accordance with the Bidding Procedures Order, and **actually received** no later than **4:00 p.m. (prevailing Eastern time)** on **July 12, 2007.**

6.      This notice is qualified in its entirety by the Bidding Procedures Order.

Dated:  June [●], 2007

BY ORDER OF THE COURT

John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

   - and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession