Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
In re:                                                :   Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :   Case No. 05-44481 (RDD)
                                                      :
                                          Debtors.    :   (Jointly Administered)
------------------------------------------------------x

**SUPPLEMENTAL RESPONSE OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE, TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) PROTECTIVE INSURANCE CLAIMS, (D) INSURANCE CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION AND RECLAMATION AGREEMENT**

Liquidity Solutions, Inc. d/b/a Revenue Management ("LSI"), as assignee of various original creditors, hereby files a supplemental response (the "Supplemental Response") to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification and Reclamation Agreement (the "Thirteenth

Omnibus Objection").[1] In further support of its Supplemental Response,[2] LSI respectfully states as follows:

## BACKGROUND

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On various dates during the pendency of these chapter 11 cases, LSI entered into agreements with certain original creditors (each, an "Assignor") for assignment of certain claims against the Debtors (each, an "Assigned Claim" and collectively, the "LSI Assigned Claims"), and LSI duly filed notices of transfer of claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as follows:

| Original Creditor | Claim No. | Claim Amount[3] | Date of Transfer | Docket No. |
|---|---|---|---|---|
| Elektrisola Inc. | 15455 | $79,564.47 | 7/31/06[4] | 4759 |
| IET Labs Inc. | 1563 | $58,575.00 | 4/6/07 | 7590 |

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Thirteenth Omnibus Objection.

[2] On or about May 22, 2007, LSI timely filed responses to the Thirteenth Omnibus Objection in respect of objections made to claims originally held by Digikey Corporation, Hammond Group, Inc., Hexcel Corporation and Integris Metals, respectively. LSI was served with a notice or notices that the response deadline and original hearing date for the Thirteenth Omnibus Objection as to certain claims, including the claims referenced in paragraph 2 hereof, had been adjourned to June 19, 2007 and June 26, 2007, respectively, due to a potential noticing error made by the Debtors' estates. Accordingly, this Supplemental Response filed by LSI with respect to the Thirteenth Omnibus Objection addresses claims held by LSI that received the benefit of the adjourned response deadline and hearing date.

[3] All claim amounts listed below are asserted as non-priority unsecured claims.

[4] LSI's Notice of Transfer with respect to LSI Assigned Claim number 15455 subsequently was amended on or about September 20, 2006 [Docket No. 5160].

2

3.  On or about April 27, 2007, the Debtors filed the Thirteenth Omnibus Objection [Docket No. 7825], objecting to, among other claims, each of the above-listed LSI Assigned Claims, as follows:

| Assigned Claim | Claim No. | Filed Claim Amt. | Claim Amt. Per Objection | Purported Basis for Objection |
|---|---|---|---|---|
| Elektrisola Inc. | 15455 | $79,564.47 | $54,165.90 | Claim Subject to Modification |
| IET Labs Inc. | 1563 | $58,575.00 | $1,665.00 | Claim Subject to Modification |

Where the Debtors object to a claim in the Thirteenth Omnibus Objection and allege it to be a "Claim Subject to Modification" listed on Exhibit E-1 thereto, the Debtors give a laundry list of reasons why a claim might appear on Exhibit E-1, but no further specificity as to what is actually objectionable about that particular claim, leaving the holder of each claim to speculate for itself what the issue could be.[5]

## RESPONSE TO OBJECTION

4.  The Bankruptcy Rules are clear that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, as here, the creditor (or its assignee) is afforded the presumption of validity arising under Bankruptcy Rule 3001(f), and the objecting party then "bears the burden of producing sufficient

---

[5] The Thirteenth Omnibus Objection provides, in pertinent part, that:

> The bases for placing a Claim in the Claims Subject to Modification category of objection include, but are not limited to, the following: the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (b) may include post-petition liabilities, (c) does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, (d) was docketed and filed against the wrong Debtor entity, and/or (e) is misclassified as a priority or secured claim.

Thirteenth Omnibus Objection, ¶ 39.

3

evidence to refute the claim." In re Camellia Food Stores, Inc., 287 B.R. 52, 56 (Bankr. E.D. Va. 2002).

5. Although both the original proofs of claim filed by Elektrisola Inc. (in respect of claim no. 15455) and IET Labs Inc. (in respect of claim no. 1563) are aided by the presumption of validity supplied by applicable bankruptcy law, there is also ample documentation to support both claims. Accordingly, attached hereto as Exhibit A and Exhibit B, respectively, are invoices demonstrating the amounts owed to LSI as assignee of Elektrisola Inc. and IET Labs Inc.

6. By contrast, in the Thirteenth Omnibus Objection, the Debtors have provided no evidence, support or analysis either to refute the presumptive validity of the LSI Assigned Claims, or credibly to dispute the attached invoices. Indeed, as noted above, the Thirteenth Omnibus Objection offers no claim-specific reason as to why the Debtors dispute the filed amount of the Claim; rather, the Debtors rely on a list of five or more alternative bases that might apply to any of the hundreds of claims being challenged in this round of objections. Under the Bankruptcy Rules, the Debtors have a duty to "produc[e] sufficient evidence to refute the claim," In re Camellia Food Stores, Inc., 287 B.R at 56, but here, the Debtors' objection can be distilled down to little more than a bare statement that "we don't agree with the proof of claim," which falls far short of the Debtors' burden under Bankruptcy Rule 3001(f) and associated case law. See, e.g., In re White, 168 B.R. 825, 828-29 (Bankr. D. Conn. 1994) (stating that the objecting party may not rebut a claim's prima facie validity of a proof of claim merely by stating that amount of claim is incorrect, but rather must produce some evidence to support its argument; chapter 13 case).

4

7.  Because the Debtors have not carried their burden of proof and overcome the presumptive validity of the LSI Assigned Claims, and especially in light of the documentation attached hereto as Exhibit A and Exhibit B, the Thirteenth Omnibus Objection should be overruled and each of the LSI Assigned Claims allowed in the full filed amount.

## CONCLUSION

WHEREFORE, LSI respectfully requests that the Court enter an order: (i) overruling the Thirteenth Omnibus Objection as to each of the LSI Assigned Claims; (ii) allowing each such claim in the full filed amount; and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: June 18, 2007

Respectfully submitted,  
LIQUIDITY SOLUTIONS, INC.

By: _____  
Dana P. Kane, Esq. (DK-3909)  
Liquidity Solutions, Inc.  
One University Plaza, Suite 312  
Hackensack, New Jersey  07601  
Phone: (201) 968-0001  
Fax: (201) 968-0010