HONIGMAN MILLER SCHWARTZ AND COHN LLP
E. Todd Sable
Seth A. Drucker
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226

Attorneys for Valeo Climate Control Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :
        In re                                           :    Case No.: 05-44481
                                                        :
DELPHI CORPORATION, *et al.*,                           :    Chapter 11
                                                        :
        Debtors.                                        :    (Jointly Administered)
------------------------------------------------------- x

## RESPONSE OF VALEO CLIMATE CONTROL CORPORATION IN OPPOSITION TO DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER 11462 INCLUDED IN DEBTORS' FIFTEENTH OMNIBUS CLAIMS OBJECTION (SUBSTANTIVE)

Valeo Climate Control Corporation ("Valeo") submits its Response in Opposition to Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(e) and Federal Rule of Bankruptcy Procedure 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims and Untimely Tax Claims, and (D) Claims Subject to Modification, Tax Claims Subject to Modification and Modified Claims Asserting Reclamation (the "Objection") [D.I. 7999], in which Debtors object to Valeo's proof of claim number 11462. In support of its Response, Valeo states as follows:

## Background

1. On July 27, 2006, Valeo filed its proof of claim against Delphi Automotive Systems LLC ("Debtor" and together with Delphi Corporation and its debtor subsidiaries and affiliates, "Debtors"). The court docketed Valeo's proof of claim as proof of claim number 11462 (the "Claim").

2. In the Claim, Valeo asserts a general unsecured claim in the amount of $506,709.63 for amounts owing to Valeo on account of goods sold by Valeo to Debtors pre-petition. Attached to the Claim are copies of each outstanding pre-petition invoice for goods sold to Debtors for which Debtors have not remitted payment to Valeo. Also attached to the Claim is an addendum stating that a portion thereof is entitled to priority payment as a reclamation claim.

3. Pursuant to the Court's Amended Final Reclamation Order [D.I. 881] dated November 4, 2005, Delphi and Valeo engaged in a detailed reconciliation process and determined that $156,725.41 of Valeo's general unsecured claim should be allowed as a priority reclamation claim. On October 30, 2006, Delphi and Valeo memorialized that reconciliation of Valeo's reclamation claim in a "Statement of Reclamation," agreeing that $156,725.41 of Valeo's general unsecured claim would be re-classified as an allowed priority claim (the "Priority Claim"). A copy of the Statement of Reclamation is attached as Exhibit A. Neither the parties' reconciliation process nor the Statement of Reclamation addressed the validity or allowance of the remainder of Valeo's general unsecured claim, which equals $349,984.22 (the "General Unsecured Claim").

### Debtors' Objection to the Valeo Claim

4. On May 22, 2007, Debtors filed the Objection and objected to the Claim under the section of the Objection entitled "Claims Subject to Modification." Objection at ¶ 33. Debtors' seek to (i) modify the Claim to reflect the agreed upon amount of the Priority Claim and (ii) expunge the General Unsecured Claim. Objection at Schedule D-3, p. 10.

### Response

5. "A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "To overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000) (citing *Allegheny Int.'l v. Snyder*, 954 F.2d 167, 173-174 (9th Cir. B.A.P. 1992)). "The consequence of the status of the proof of claim as constituting *prima facie* evidence of validity and amount is that the evidence of the proof of claim is strong enough to prevail over a mere formal objection [like the Objection] without more." *Garner v. Shier (In re Garner)*, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000).

6. Debtors have not alleged a substantive basis or produced any evidence whatsoever to support their claim that Valeo's General Unsecured Claim is not valid.[1]

7. On or about June 4, 2007, Valeo contacted Debtors and requested an explanation for Debtors' proposed expungement of its General Unsecured Claim. In

---

[1] Valeo does agree to Debtors' proposed modification to the Claim to reflect a reduction of Valeo's General Unsecured Claim by the amount of Valeo's Priority Claim; however, Valeo disagrees with Debtors' attempt to expunge its General Unsecured Claim.

3

response, Debtors advised that they believed that the subject invoices had been paid. Debtors have not, however, provided any proof of such payment in support of the proposed expungement of Valeo's General Unsecured Claim.

8. "When no evidence is proffered to rebut the *prima facie* evidentiary showing attendant to a properly executed and filed proof of claim," a court may summarily overrule the objection without taking testimony. *Id.* at 624.

9. Indeed, Valeo's books and records do not reflect that Debtors have paid the pre-petition invoices attached to the Valeo Claim. Debtors have failed to rebut the presumptive validity of the Claim and, accordingly, Debtors' Objection to the Claim should be overruled.

10. Valeo relies on its Claim and the attachments and addendum thereto, and the Statement of Reclamation in support of this Response. Replies to this Response should be served upon:

> Honigman Miller Schwartz and Cohn LLP
> Attn: E. Todd Sable and Seth A. Drucker
> Counsel for Valeo Climate Control Corporation
> 2290 First National Building
> 660 Woodward Avenue
> Detroit, MI 48226

4

WHEREFORE, Valeo requests that this Court enter an Order overruling the Objection and allowing the Claim in the total amount of $506,709.63, of which (i) $156,725.41 is entitled to payment as a priority claim pursuant to the Statement of Reclamation and (ii) the remainder of which, $349,984.22, is entitled to payment as a general unsecured claim.

        HONIGMAN MILLER SCHWARTZ AND
        COHN LLP

        By:   /s/ E. Todd Sable
             E. Todd Sable (P54956)
             Seth A. Drucker (P65641)
             2290 First National Building
             660 Woodward Ave., Suite 2290
             Detroit, MI  48226
             Telephone:  (313) 465-7000
             Facsimile:  (313) 465-7627
             Email:  sdrucker@honigman.com
                     tsable@honigman.com

        Attorneys for Valeo Climate Control
        Corporation

Dated:  June 18, 2007

DETROIT.2666179.3

# EXHIBIT A





October 30, 2006

James Sliker
Valeo Climate Control Corporation
3000 University Drive
Auburn Hills, MI 48326

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear James Sliker:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. On February 21, 2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Valeo Climate Control Corporation (the "Demand"). We have identified your Demand as Reclamation Claim No. 125. This letter, together with the enclosures, constitute the Debtors' Amended Statement of Reclamation with respect to Claim No. 125 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with their books and records, and after sending the Statement of Reclamation to you on February 21, 2006, have discussed a modification to the reconciliation with you. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Valeo Climate Control Corporation
October 30, 2006
Page 2

Reconciled Amount $156,725.41

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is $156,725.41 subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i) The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii) The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii) You are not a proper party to make the Demand.

(iv) The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v) You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1] The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Valeo Climate Control Corporation
October 30, 2006
Page 3

Reconciled Amount $156,725.41

(vi) You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

Notwithstanding Valeo's agreement to the Debtors' Amended Statement of Reclamation (the "Agreement") or anything in the Order to the contrary, if the Debtors or any other party in interest objects to the Agreement or the Demand, based on any of the Reserved Defenses or for any other reason, then the Agreement, including, but not limited to the Reconciled Amount, shall be of no force or effect whatsoever and neither the Agreement nor the parties' negotiations or data and information exchanged in connection with such negotiations shall be admissible into evidence or otherwise presented in any hearing, trial or proceeding for any purpose, and shall not be deemed an admission or acknowledgment for any purpose. If Debtors or any other party in interest objects to the Agreement or the Demand, then Valeo may assert, prosecute and defend the Demand on any basis whatsoever and in the face amount reflected in the Demand as if the Agreement had not been made.

If you agree with the Reconciled Amount and the other terms of this Amended Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below. Your response, including the timing of your response, is governed by the terms of the Order. If you disagree with this Amended Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

- with copies to –

Joseph N. Wharton
Re: Delphi Reclamations

3

- Valeo Climate Control Corporation
October 30, 2006
Page 4

Reconciled Amount $156,725.41

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition, nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other demand for reclamation. Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

Valeo Climate Control Corporation
October 30, 2006
Page 5

Reconciled Amount $156,725.41

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Valeo Climate Control Corporation agrees to the terms of this Amended Statement of Reclamation.

Valeo Climate Control Corporation

By: _____        Dated: _____
       (signature)

_CYRIL BESSIÈRES_
(print or type name)

_TREASURER_
(print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Valeo Climate Control Corporation disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Valeo Climate Control Corporation

By: _____        Dated: _____
       (signature)

_____
(print or type name)

_____
(print or type title)