**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____/

**In Re:**

DELPHI CORPORATION, *et al,*

    **Debtors.**

_____/

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

**RESPONSE OF MUSKEGON CASTINGS CORP TO
DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT
TO 11 USC 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A)
INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED
ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS AND
UNTIMELY TAX CLAIM, AND (D) CLAIMS SUBJECT TO MODIFICATION,
TAX CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED CLAIMS
<u>ASSERTING RECLAMATION</u>**

    Muskegon Castings Corp, an affiliate of Port City Group, by counsel Parmenter O'Toole, tenders the following response to the Debtors' Fifteenth Omnibus Claims Objection, dated May 22, 2007, as follows:

    1.    Prior to the filing of the petitions for relief in these cases, Muskegon Castings Corp supplied goods pursuant to several requirements contracts to one or more of the Debtors ("the Prepetition Goods"). Muskegon Castings Corp continues to supply goods to the Debtors postpetition.

    2.    Muskegon Castings Corp supplied the Prepetition Goods pursuant to four written purchase order generated by the Debtors. Those purchase orders were numbered 550014386, 550014387, 550014388, and 550014391 ("Purchase Orders"). Each Purchase Order was dated September 3, 2002, and each listed the following as the "buyer":

"DELPHI

05-44481-rdd    Doc 8285    Filed 06/18/07    Entered 06/18/07 16:14:52    Main Document
Pg 2 of 4

ENERGY & CHASSIS SYSTEMS
5820 DELPHI DR
TROY MI 48098"

3. On July 28, 2006, Muskegon Castings Corp timely filed two duplicate secured[1] proofs of claim on account of amounts owed to it for the Prepetition Goods, each in the amount of $48,161.62. One claim was filed against Debtor Delphi Automotive Systems, LLC, Case No. 05-44640, and assigned claim number 12186. A second claim was filed against Debtor Delphi Corporation, Case No. 05-44481, and assigned claim number 12188. Supporting documentation was attached to each.

4. Each claim was accompanied by an "Explanation of Proof of Claim" that listed the Purchase Order numbers, and explained that Muskegon Castings Corp believed that the Purchase Orders had originated with Delphi Corporation, but that Muskegon Castings Corp's practice had been, at the Debtors' directive, to bill Delphi Automotive Systems, LLC for goods sold to the Debtors. The "Explanation of Proof of Claim" went on to indicate that Muskegon Castings Corp was filing duplicative claims out of an abundance of caution.

5. Muskegon Castings Corp, in response to Debtors' Second Omnibus Claims Objection, thereafter allowed claim number 12188 to be struck as having been filed against an improper Debtor.

6. The Debtors have now objected to claim number 12186, filed against Delphi Automotive Systems, LLC, and seek to modify and bifurcate Muskegon Castings Corp's claim from a secured claim in the amount of $48,161.52 to a priority claim in the

---

[1] Muskegon Castings Corp has claimed a lien by virtue of Michigan's Special Tools Lien Act on certain tooling in its possession that is owned by one or more of the Debtors.

amount of $11,566.85 and an unsecured claim of $36,409.21, and reducing the total amount of Muskegon Castings Corp's claim to $47,976.06.

      7.      The Debtors' purported basis for modification is that Muskegon Castings Corp's claim is a "modified claim asserting reclamation."

      8.      A proof of claim constitutes prima facie evidence of the validity and amount of a claim. Fed. R. Bankr. P. 3002(f).

      9.      Debtors bear the burden of producing "substantial evidence" to overcome the accuracy of the claim. In re Townview Nursing Home, 28 B.R. 431, 443 (Bankr. S.D.N.Y. 1983).

      10.      Muskegon Castings Corp's claim is based on its production of parts for Debtors prepetition. Pursuant to Michigan's Special Tools Lien Act, MCL 570.541 et seq, Muskegon Castings Corp as an "end user" retains a lien on special tools in its possession owned by Debtors, and believed to have a value of approximately $1.2 million, to secure payment of the amount owed to it prepetition.

      11.      Debtors' objection fails to explain how Debtors intend to avoid the operation of the Special Tools Lien Act.

      12.      Moreover, Debtors' objection completely fails to document, or even explain, the purported basis for the asserted reduction in the aggregate amount of Muskegon Castings Corp's claim.[2]

WHEREFORE, Muskegon Castings Corp requests that this Court deny the Debtors the relief they have sought, allow Muskegon Castings Corp's claim as filed, and

---

[2] Muskegon Casting Corp's claim has been transferred to SPCP Group, LLC. This response is made in consultation with and approval of SPCP Group.

grant Muskegon Castings Corp such additional relief as the Court determines is just and proper.

Dated: June 18, 2007                     PARMENTER O'TOOLE

                                                                  By:  /s/ James R. Scheuerle
                                                                   James R. Scheuerle (P42932)
                                                                   601 Terrace Street, PO Box 786
                                                                   Muskegon MI 49443-0786
                                                                   Telephone 231.722.1621
                                                                   Fax 231.728.2206
                                                                   Email JRS@Parmenterlaw.com

                                                              Legal representative with ultimate authority to reconcile, settle, or resolve claim.