## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

—————————————————————/

**In Re:**

DELPHI CORPORATION, *et al,*

    **Debtors.**

—————————————————————/

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

## RESPONSE OF PORT CITY CASTINGS CORP TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 USC 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIM, AND (D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED CLAIMS <u>ASSERTING RECLAMATION</u>

    Port City Castings Corp, an affiliate of Port City Group, by counsel Parmenter O'Toole, tenders the following response to the Debtors' Fifteenth Omnibus Claims Objection, dated May 22, 2007, as follows:

    1.    Prior to the filing of the petitions for relief in these cases, Port City Castings Corp supplied goods pursuant to several requirements contracts to one or more of the Debtors ("the Prepetition Goods").  Port City Castings Corp continues to supply goods to the Debtors postpetition.

    2.    Port City Castings Corp supplied the Prepetition Goods pursuant to a written purchase order generated by the Debtors.  The purchase order was numbered 550055772 ("Purchase Order") and was issued on May 19, 2004.  It listed the following as the "buyer":

"DELPHI
 SAFETY & INTERIOR SYSTEMS
 1401 CROOKS RD.

TROY MI 48084-7106"

3.      On July 28, 2006, Port City Castings Corp timely filed two secured[1]
proofs of claim on account of amounts owed to it for the Prepetition Goods, each in the
amount of $100,551.70.  One claim was filed against Debtor Delphi Automotive Systems,
LLC, Case No. 05-44640, and assigned claim number 12187.  A second claim was filed
against Debtor Delphi Corporation, Case No. 05-44481, and assigned claim number
12189.

4.      Each claim was accompanied by an "Explanation of Proof of Claim" that
listed the Purchase Order number, and explained that Port City Castings Corp believed
that the Purchase Order had originated with Delphi Corporation, but that Port City
Castings Corp's practice had been, at the Debtors' directive, to bill Delphi Thermal &
Interior for goods sold to the Debtors.  The "Explanation of Proof of Claim" went on to
indicate that Port City Castings Corp was filing duplicative claims out of an abundance of
caution.

5.      Port City Castings Corp, in response to Debtors' Second Omnibus Claims
Objection, thereafter allowed claim number 12189 to be struck as having been filed
against an improper Debtor.

6.      The Debtors have now objected to claim number 12187, filed against
Delphi Automotive Systems, LLC, and seek to modify Port City Castings Corp's claim
from a secured claim in the amount of $100,551.70 to an unsecured claim of $90,638.09.
By the absence of a listing of a different entity in the "claim as modified" column,
Debtors apparently do not seek to modify the entity against whom the claim was asserted.

---

[1] Port City Castings Corp has claimed a lien by virtue of Michigan's Special Tools Lien Act on certain
tooling in its possession that is owned by one or more of the Debtors.

7.    The Debtors' purported basis for modification is that Port City Castings Corp's claim is a "claim subject to modification."

8.    A proof of claim constitutes prima facie evidence of the validity and amount of a claim.  Fed. R. Bankr. P. 3002(f).

9.    Debtors bear the burden of producing "substantial evidence" to overcome the accuracy of the claim.  In re Townview Nursing Home, 28 B.R. 431, 443 (Bankr. S.D.N.Y. 1983).

10.    Port City Castings Corp's claim is based on its production of parts for Debtors prepetition.  Pursuant to Michigan's Special Tools Lien Act, MCL 570.541 et seq, Port City Castings Corp as an "end user" retains a lien on special tools in its possession owned by Debtors, and believed to have a value of approximately $295,330.00, to secure payment of the amount owed to it prepetition.

11.    Debtors' objection fails to explain how Debtors intend to avoid the operation of the Special Tools Lien Act.

12.    Moreover, Debtors' objection completely fails to document, or even explain, the purported basis for the asserted reduction in the aggregate amount of Port City Castings Corp's claim.[2]

WHEREFORE, Port City Castings Corp requests that this Court deny the Debtors the relief they have sought, allow Port City Castings Corp's claim as filed, and grant Port City Castings Corp such additional relief as the Court determines is just and proper.

---

[2] Port City Casting Corp's claim has been transferred to SPCP Group, LLC.  This response is made in consultation with and approval of SPCP Group.

Dated: June 18, 2007                    PARMENTER O'TOOLE

                                        By: __/s/ James R. Scheuerle_____
                                            James R. Scheuerle (P42932)
                                            601 Terrace Street, PO Box 786
                                            Muskegon MI 49443-0786
                                            Telephone 231.722.1621
                                            Fax 231.728.2206
                                            Email JRS@Parmenterlaw.com

                                        Legal representative with ultimate authority
                                        to reconcile, settle, or resolve claim.