KLESTADT & WINTERS, LLP  
Tracy L. Klestadt (TK-3591)  
292 Madison Avenue, 17th Floor  
New York, New York 10017-6314  
Tel: 212-972-3000  
Fax: 212-972-2245  
*Attorneys for The Grigoleit Company*

Hearing Date:  
June 26, 2007  
10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x  
In re                                                :     Chapter 11  
                                                :  
**DELPHI CORPORATION, et al.**        :     Case No. 05-44481 (RDD)  
                                                :  
                  Debtors.          :     (Jointly Administered)  
------------------------------------------------------------------------x

**REPLY OF THE GRIGOLEIT COMPANY ("GRIGOLEIT")**  
**TO DEBTORS' OBJECTION TO GRIGOLEIT'S CLAIM NO. 10128**

       The Grigoleit Company ("Grigoleit"), by and through its attorneys, Klestadt & Winters, LLP hereby file its response to Debtors' Fifteenth Claims Objection to Grigoleit's claim.

**Background**

       1.     On or about July 21, 2006, Grigoleit filed a proof of claim in connection with the various cases jointly administered under the above captioned case based on amounts owed by the Debtors to Grigoleit for certain goods sold and services provided to the Debtors prepetition by Grigoleit (the "Goods and Services") and the invoices issued in relation to those Goods and Services (the "Invoices"). This debt for the Goods and Services was incurred during 2005.

       2.     Pursuant to the Invoices, Grigoleit sold certain production parts and tooling goods, such as HVAC "chrome" and MicroBrite knobs, and performed accelerated tooling services involving various tooling equipment projects to and for the Debtors. Also pursuant to the Invoices, the Debtors agreed to pay specified Invoice totals as accounts payable. Each detailed Invoice contains, among other information, invoice number, description of the goods, unit price, quantity of

- 1 -

goods shipped, and Invoice total. As reflected on Grigoleit's detailed Proof of Claim Summary attached to the Proof of Claim previously filed, Grigoleit allowed Debtors credit for certain returned materials or parts. Grigoleit asserts this claim for all Goods and Services owing prepetition and the Invoices related thereto, after allowing Debtors all just credits.

3.    Grigoleit filed its claim as an unsecured nonpriority claim in the amount of $259,605.47. The claim was assigned claim no. 10128.

### Debtors' Objection

4.    Debtors have objected to Grigoleit's claim under the category of claim objections identified in Debtors' Fifteenth Omnibus Claims Objection (the "Claims Objection") as "Claims Subject To Modification," described as those claims which the Debtors objects to the amount, classification, and/or identity of the Debtors and request that each such claim be revised to reflect the amount, classification, and/or Debtors listed. Specific to Grigoleit's claim, the Debtors object on the basis of the amount of the claim as docketed, $259,605.47, and request that the claim be modified to reflect the amount as listed in Exhibit D-1 to the Claims Objection, $209,112.50.

### Documentation of Grigoleit's Claim

5.    Grigoleit has previously provided Debtors with documentation and information supporting Grigoleit's claims in the amount of $259,605.47. Specifically, Grigoleit supported its proof of claim with a detailed proof of claim summary detailing and categorizing the basis of the claim, and further supported the proof of claim by providing Debtors copies of each and every Invoice issued by Grigoleit in connection with the proof of claim filed by Grigoleit. As previously stated, each Invoice is detailed and contains at least an invoice number, description of the goods, unit price, quantity shipped, and Invoice total. The Invoices, including all documentation previously submitted in support of the claim, is annexed hereto as **Exhibit A**.

6.  In the course of Grigoleit's attempts to reconcile the amount claimed by Grigoleit in the sum of $259,605.47 and the amount listed by Debtors, $209,112.50, Debtors provided to Grigoleit a copy of "Delphi Claim Reconciliation Detail", a copy attached hereto as **Exhibit B**. Debtors appears to dispute $17,510.00 of production parts invoiced to Debtors, claims an additional $12,971.50 for return materials (in addition to the $10,261.42 credit allowed by Grigoleit as reflected on the proof of claim summary attached to Grigoleit's proof of claim), and disputes $20,000.00 of the claim owed for accelerated tooling service.

7.  Regarding the $17,510.00 disputed production part invoices, additional supporting documents in relation to the disputed amount based upon production invoices (the "Production Invoices") have been provided by Grigoleit herein as well, in order to reconcile the disputed difference of Grigoleit's claim. The Production Invoices are attached hereto as **Exhibit C**. The Production Invoices, including packing lists and Debtors receiving advice message, show that Debtors received the parts for which Debtors attempt to deny payment to Grigoleit.

8.  Grigoleit, at the time of filing its proof of claim, summarized return material credits allowed to Debtors in the sum of $10,261.42. According to Debtors' reconciliation detail, Debtors dispute an additional $12,971.50 returned materials or parts. However, Grigoleit provides additional supporting documents in support of credit allowed Debtors when filing Grigoleit's proof of claim, in the amount of $10,261.42, such additional documentation reflecting Grigoleit's conformance review detail in connection with parts returned by Debtors, the extent determined conforming or non-conforming, and the basis of the credit Grigoleit allowed Debtors at the time of filing the proof of claim in the amount of $10,261.42. Debtors' position that an additional $12,971.50 credit is due to Debtors is not supported by the conformance review documentation. Such supporting documentation regarding returned material or parts and Grigoleit's conformance

review of the same is attached hereto as **Exhibit D**. The appropriate return material credit is $10,261.42, as previously indicated by Grigoleit when filing Grigoleit's Proof of Claim.

9. In addition, Grigoleit has included in the Invoices, including other supporting documentation, as attached hereto as **Exhibit A**, correspondence with Debtors' personnel in which personnel requested accelerated tooling service and thus demonstrates knowledge, understanding, and agreement of the cost of such expedited service, upon which Grigoleit justifiably relied in providing to Debtor the accelerated tooling service. This accelerated tooling service amounts to $20,000.00 and is due and owing to Grigoleit.

10. The supporting documentation previously provided in support of the proof of claim, and the additional documentation provided herein, collectively Exhibits A – D, reflect the amount owed for Goods and Services due Grigoleit, including those returns which were improperly rejected by the Debtors, in the amount of $259,605.47, which is still due and owing today.

## Conclusion

WHEREFORE, for the reasons set forth above, Grigoleit requests that the Court overrule Debtors' objection to Grigoleit's claim and find that Grigoleit is entitled to a general unsecured nonpriority claim in the allowed amount of $259,605.47.

Dated: New York, New York
June 18, 2007

    Respectfully submitted,

    KLESTADT & WINTERS, LLP

    *Attorneys for The Grigoleit Company*

    BY: /s/ Tracy L. Klestadt
        Tracy L. Klestadt (TK-3591)
    292 Madison Avenue, 17th Floor
    New York, New York  10017-6314
    Tel: 212-972-3000
    Fax: 212-972-2245