**Hearing Date and Time:  June 26, 2007 at 10:00 a.m.**
**Response Date and Time:  June 19, 2007 at 4:00 p.m.**

Steve Kieselstein (SK 3658)
KIESELSTEIN LAW FIRM, PLLC
43 British American Boulevard
Latham, New York  12110
E-mail:  sk@kieselaw.com

Attorneys for NEC Electronics America, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                          )
In re:                                                    )
                                                          )      Chapter 11
DELPHI CORPORATION, et al.,                               )      Case No. 05-44481 (RDD)
                                                          )      Jointly Administered
            Debtors.                                      )
----------------------------------------------------------x

### RESPONSE OF NEC ELECTRONICS AMERICA, INC.
### TO DEBTORS' OBJECTION TO CLAIM 12394

NEC ELECTRONICS AMERICA, INC. ("NEC") hereby responds to

Debtors' Fourteenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and

Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims and (B) Protective

Claims [Docket No. 7998] (the "Objection") as follows:

## Preliminary Statement

NEC does not seek multiple recoveries on its claim, but a single recovery from

the Debtors obligated on the claim.  The Objection misreads NEC's amended proof of

claim as completely substituting Delphi Corporation in place of each of the Debtors

(including Delphi Corporation and Delphi Automotive) against which the original proof

of claim was timely filed, instead of as merely making a slight adjustment in the amount

of the claim, the purpose for which the amendment was clearly intended.  To the extent

that it would result in NEC having a single claim in less than the respective amounts set

forth in NEC's amended proof of claim against fewer than all of the Debtors against

which NEC's original, timely proof of claim was filed, the Objection should be

overruled.

## Discussion

1.        The Debtors scheduled NEC's claim as a $9,463,994.71 liquidated,

undisputed, non-contingent general unsecured claim against Delphi Automotive Systems

LLC ("Automotive").[1]

2.        NEC's original proof of claim, filed on July 28, 2006 (the "Original Proof

of Claim"[2]), asserted a total claim amount as $9,716,779.51[3] against Automotive "and

any other debtors that (i) are the subject of [this] Case . . . and (ii) have ordered, agreed to

pay for or received any [NEC] Parts . . . or any proceeds thereof, or are otherwise

contractually liable for such Parts under applicable documentation or law. . .."[4]

(collectively, the "Debtor Obligors")

3.        NEC filed its Original Proof of Claim against multiple Debtors because

the Debtors issued purchase orders to NEC under several different names, including

without limitation Automotive and the "Delphi Electronics and Safety Division" of

Delphi Corp.

4.        NEC filed an amended proof of claim on or about October 16, 2006 (the

---

[1] See attached Exhibit A.
[2] See attached Exhibit B.  The exhibits filed with the Original Proof of Claim have been omitted from this Response because the Response doesn't refer to them.
[3] Of this amount, the Original Proof of Claim asserted $3,424,138.98 as a priority reclamation claim, $308,024.19 as a claim secured by a right of setoff, and the $5,984,616.34 balance as a general unsecured, non-priority claim.
[4] Addendum to Original Proof of Claim, Ex. B at ¶1.

"Amended Proof of Claim"[5]), in response to Debtors' decision to deny post-petition

treatment to certain related NEC cancellation charges, and to reflect payment by a Delphi

co-obligor of a small invoice included in NEC's claim.  This increased the general

unsecured portion of NEC's claim from $5,984,616.34 to $6,179,814.90.  The Amended

Proof of Claim, to which a copy of the Original Proof of Claim was attached as an

exhibit, also expressly provided that, except for such increase, the Original Proof of

Claim remained in full force and effect.[6]

        5.      The Debtors' claims agent appears to have overlooked the fact that both

the Original Proof of Claim and the Amended Proof of Claim are filed against multiple

debtors, including both Delphi Corporation ("Delphi") and Automotive[7], even though the

cover page of each of these proofs of claim refers to the Addendum to clarify this point.[8]

As a result, (i) the Debtors' claims register currently lists NEC as having identical

secured and priority claims solely against Delphi and Automotive, and seeks to expunge

solely the claims against Automotive, and (ii) the Debtors' claims register currently lists

NEC as having (a) a general unsecured nonpriority claim solely against Automotive

under the Original Proof of Claim in the amount of $5,984,616.34, which the Objection

seeks to expunge, and (b) a general unsecured nonpriority claim solely against Delphi

under the Amended Proof of Claim in the amount of $6,179,814.90, which the Objection

---

[5] See attached Exhibit C.  The Exhibits to the Amended Proof of Claim have likewise been omitted.
[6] Addendum to Amended Proof of Claim, Ex. C at ¶1.
[7] A copy of the listing of NEC's claim on the claims agent's website is attached hereto as Exhibit D.
[8] The Original Proof of Claim, prepared on a preprinted "Automotive" version of Official Form 10, defines
the Debtors against which NEC's claim is asserted as all of the Debtor Obligors, by reference to the
language in its Addendum, discussed at ¶2, supra; the Amended Proof of Claim, prepared on a preprinted
"Delphi Corp." version of Form 10, in turn refers to the Addendum to the Amended Proof of Claim, which
provides that the Original Proof of Claim remains in effect except to the extent expressly modified.  Supra
at ¶4.  Since the Original Proof of Claim was filed against all Debtor Obligors, the Amended Proof of
Claim should not have been construed by the claims agent suddenly to have asserted a claim solely against
Delphi Corporation.

does not affect.

6.      The Debtors have yet to provide to NEC with information sufficient for NEC to confirm whether solely Automotive, Automotive and Delphi and/or additional Debtors are liable on NEC's claim.  NEC will withdraw any duplicate claims as soon as it receives this information.

7.      Accordingly, NEC should have a single claim in the respective amounts indicated in the Amended Proof of Claim against each of Delphi, Automotive and each of the other Debtor Obligors, pending resolution of the substantive issue of which particular Debtor entities, if any, were co-obligated on NEC's claim.

8.      Though the language of the addenda to NEC's proofs of claim plainly reflects NEC's intent to assert and maintain its claims against multiple Debtor Obligors until the issue of the proper obligor can be substantively addressed by the Debtors, to the extent necessary to avoid having the claim NEC originally filed being construed as now being asserted solely against Delphi Corporation, NEC requests leave to file a further, clarifying amendment to its proof of claim.

9.      Because of the limited nature of the changes the Amended Proof of Claim was intended to make to the Original Proof of Claim[9], the Amended Proof of Claim cross-referenced the seventeen exhibits that were annexed to the Original Proof of Claim, rather than reattaching them.  To the extent that the Amended Proof of Claim survives and the Original Proof of Claim is expunged, the exhibits that were attached to the Original Proof of Claim should still be deemed to support the Amended Proof of Claim, except to the limited extent expressly modified thereby.[10]

---

[9] Supra, at ¶4.
[10] Amended Proof of Claim, Addendum to Exhibit B at ¶¶2-5.

10.     The Debtors have expressly retained the right to further object to NEC's claim on substantive grounds, and will not suffer any harm if the Objection is denied pending a determination of NEC's claim on the merits.

WHEREFORE, NEC respectfully requests that this Court enter an Order overruling the Objection to Claim 12394, and granting NEC such other and further relief as is just and proper.

Dated: Latham, New York
       June 18, 2007

Respectfully submitted,

KIESELSTEIN LAW FIRM, PLLC
Attorneys for NEC Electronics America,
      Inc.


By:  /Steve Kieselstein_____
     Steve Kieselstein (SK 3658)

43 British American Boulevard
Latham, New York  12110
(518) 785-7800
E-mail:  sk@kieselaw.com

**EXHIBIT A**

In re: DELPHI AUTOMOTIVE SYSTEMS LLC Debtor, Case No. 05-44640        Entity #39

## AMENDED AND RESTATED SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1626119 - 10400112 NEBRASKA INDUSTRIES CORP INC 447 E WALNUT ST WAUSEON   OH   43567 | ACCOUNTS PAYABLE | | $118,453.81 |
| 1626128 - 10400113 NEC ELECTRONICS INC Attn CREDIT MSEC1401 2880 SCITT BLVD SANTA CLARA   CA   95050 | ACCOUNTS PAYABLE | | $9,463,994.71 |
| 1626127 - 10404371 NEDROX REFRACTORIES CO PO BOX 930313 WIXOM   MI   483930313 | ACCOUNTS PAYABLE | Disputed, Unliquidated | $0.00 |
| 1626128 - 10400114 NEDSCHROEF DETROIT CORP 5690 EIGHTEEN MILE ROAD STERLING HEIGHTS   MI   48314 | ACCOUNTS PAYABLE | | $1,048.05 |
| 1652292 - 10400220 NEDSCHROEF FRAULAUTERN GMBH KLOSTERSTRASE 13 SAARLOUIS-FRAULAUTERN     66740 GERMANY | ACCOUNTS PAYABLE | | $0.00 |
| 1626130 - 10408495 NEDSCHROEF PLETTENBERG GMBH POSTFACH 5144 D58828 PLETTENBERG GERMANY | ACCOUNTS PAYABLE | | $0.02 |
| 1626136 - 10400115 NEFF ENGINEERING COMPANY INC PO BOX 8604 FORT WAYNE   IN   46898 | ACCOUNTS PAYABLE | | $2,646.42 |
| 1626138 - 10400116 NEFF PERKINS CO PO BOX 219 AUSTINBURG   OH   44010 | ACCOUNTS PAYABLE | | $444,289.95 |
| 1028542 - 10006533 NEFF ROBERT (Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1028546 - 10006534 NEGRON ROSA (Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1028550 - 10006535 NEIGEBAUER STEVEN (Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1626145 - 10400117 NEILSOFT INC 6830 N HAGGERTY ROAD CANTON   MI   48187 | ACCOUNTS PAYABLE | | $2,500.00 |

**EXHIBIT B**

| Name of Debtor | Case Number | The Debtor has listed your claim on Schedule F as a General Unsecured claim in the amount of $9,463,994.71. If you agree with this characterization and amount, you do not need to complete and return this form. If you disagree, please complete and return this form accordingly. |
|---|---|---|
| Delphi Automotive Systems LLC  [See attached Addendum] | 05-44640 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): ~~Nec Electronics Inc~~  **NEC ELECTRONICS AMERICA, INC**

Name and address where notices should be sent:

Nec Electronics Inc
Credit Assc 1401
2880 Scott Blvd
Santa Clara CA 95050

[For contact details, see attached Addendum]

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Master Code: 10400113**

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces ☐ amends  if this claim a previously filed claim, dated:_____

**1. Basis for Claim**
- ☒ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)         (date)

**2. Date debt was incurred:** Various dates; see attached Addendum

**3. If court judgment, date obtained:** Not applicable

**4. Total Amount of Claim at Time Case Filed:** $ 5,984,616.34 + 308,024.19 + 3,424,138.98 = 9,716,779.51
(unsecured) (secured) (priority) (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. [See attached Addendum].

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate   ☐ Motor Vehicle
- ☒ Other _____

Value of Collateral: $ 308,024.19

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6.** Unsecured Nonpriority Claim $ 5,984,616.34 + ñ

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $ 3,424,138.98 [reclamation claim]
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000), * earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 7/27/06 | Steve Kieselstein, Steve Kieselstein, Kieselstein LawFirm PLLC Attorneys for Claimant |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544640060202175259008986

## ADDENDUM TO PROOF OF CLAIM OF
## NEC ELECTRONICS AMERICA, INC.

1.      The claim asserted pursuant to the Proof of Claim of which this
Addendum is a part (the "Claim") is asserted by NEC Electronics America, Inc.
("Claimant") against Delphi Automotive Systems, LLC ("DAS") and any other debtors
that (i) are the subject of the Case (as defined below) and (ii) have ordered, agreed to pay
for, or received any Parts (as defined below) or any proceeds thereof, or are otherwise
contractually liable for such Parts under applicable documentation or law (together with
DAS, the "Debtor").  As used herein, "Case" means, collectively, the above-captioned
Chapter 11 case and any other Chapter 11 cases with which it is administratively
consolidated.

2.      The Claim is for parts delivered by Claimant to Debtor prior to the
commencement of the Case ("Prepetition"), and certain Prepetition charges incurred with
respect thereto, as detailed on the spreadsheets attached as, respectively, Exhibits A and
B hereto and made a part hereof  (the parts listed in such Exhibits are referred to
collectively herein as the "Parts").

a.      Exhibit A hereto details all Parts shipped by Claimant to Debtor
Prepetition for which Claimant has not yet been paid, and includes the following
information:  Claimant's invoice number (column C); the original amount of Claimant's
invoices (column D); the outstanding amount of such invoices as of the commencement
of the Case and as of the filing of this Proof of Claim (column E); the "pull" numbers
assigned by Delphi when it "pulled" Parts from the warehouse referred to in paragraph
2.c below (column G); identifying internal Claimant comments relating to the invoices
(column H); the dates of Claimant's invoices for the Parts "pulled" from the warehouse,
which dates were generally 24-48 hours after such "pulls" actually occurred, upon
Claimant receiving electronic notification of same (column I); the date upon which
payment for invoices were due (column J); the line of a particular such invoice on which
a Part is listed (column K); Claimant's part number for the Parts (column L); the Debtor
part number associated with the related Claimant part number for the Parts (column M);
the quantity, unit price and total price for each Part (columns N, O and P, respectively);
and Debtor's purchase order number for the Part in question (column Q).  The portion of
the Claim reflected on Exhibit A is $9,709,097.73.

b.      Exhibit B details an additional $7,681.78 included in the Claim that is
comprised of Parts ordered from Claimant Prepetition by Debtor acting through its agent,
Setech, Inc.  This additional claim amount is the subject to an agreement in principle
between Setech, Inc. and Claimant pursuant to which the parties have agreed, subject to
the terms of a proposed settlement letter agreement negotiated by the parties, to
compromise such additional Claim amount in exchange for, among other things, Debtor's
immediate payment of the compromised amount. Because such letter agreement has not
yet been executed and performed, such additional Claim amount is included in the Claim
filed herein. The details reflected in Exhibit B hereto for the Parts comprising such
additional Claim amount are essentially the same details reflected in Exhibit A with
respect to the remaining portion of the Claim.

c.      Claimant delivered the Parts to Debtor pursuant to a warehouse
arrangement in effect between Debtor and Claimant at all relevant times referred to in

this Proof of Claim. Pursuant to this arrangement, Debtor purchased Parts from Claimant by electronically posting its purchase orders to Claimant's order management system, having these purchase orders electronically match a listing of the Parts on hand at the warehouse for which Debtor was then electronically invoiced, and "pulling" such Parts from the warehouse to fill the purchase orders.

     e.      A portion of the Claim, listed on line 645 of Exhibit A hereto, represents cancellation charges for Parts ordered by Debtor but cancelled Prepetition, and reflects Claimant's customary charges for cancellation of orders by Delphi for orders of proprietary and/or custom-built Parts, reflecting Claimant's costs and expenses incurred in connection therewith. These charges are detailed on Exhibit D attached hereto and made a part hereof.

     f.      Copies of invoices evidencing the Claim are too voluminous to attach, but are available for inspection at the offices of counsel for Claimant, Kieselstein LawFirm, PLLC, 43 British American Boulevard, Latham, New York 12110, Att'n: Steve Kieselstein, Esq., and may be obtained by calling (518) 785-7800.

     3.    a.      The spreadsheet attached as Exhibit C hereto, and made a part hereof, reflects a total of $308,024.19 in unreconciled credits for returns and unreconciled payments that Claimant may owe to Debtor. Claimant has not completed its analysis of such amounts and the foregoing statement is not intended to be an admission by Claimant that such amounts are definitively owing. To the extent that Debtor is entitled to such credits, Claimant asserts a perfected, first priority security interest in any property evidencing such credits, and expressly reserves its right to setoff such credits against the amount of the Claim, subject to the requirements of Sections 362 and 553 of Title 11 of the United States Code (the "Bankruptcy Code").

     b.      Claimant duly and timely notified Debtor in writing on October 8, 2005 of its right to reclaim Parts representing $4,883,334.00 of the amount of the Claim (the "Reclamation Claim"). Pursuant to that certain Amended Final Order Establishing Certain Procedures for the Resolution of Reclamation Claims, entered by the Bankruptcy Court presiding over the Case (the "Court"), on November 4, 2005, Debtor delivered a Statement of Reclamation Claim to Claimant on February 21, 2006 (as amended by Debtor's March 31, 2006 Statement of Reclamation), designating the Reclamation Claim as Reclamation Claim No. 38 (the "Amended Reclamation Statement"). Pursuant to the Amended Reclamation Statement, which Claimant executed and delivered on March 31, 2006, and subject to the terms and conditions thereof, Claimant agreed to have the amount of its Reclamation Claim set at $3,424,138.98. To the extent that the Debtor does not pay the Reclamation Claim in full, the portion of the Claim represented thereby is entitled to administrative priority pursuant to Sections 546(c)(2(A) and 503(b) of the Bankruptcy Code.

     4.      This Proof of Claim was filed under compulsion of the July 31, 2006 deadline fixed by this Court for the filing of proofs of claims, and was filed to protect Claimant from the potential forfeiture of the Claim. The filing of this Proof of Claim shall not constitute: (a) a waiver or release of Claimant's rights against Debtor, or any other person, entity or property, or any property in which Claimant has a security interest

2

or lien, (b) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of the Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in the Case against or otherwise involving Claimant, or (c) an election of remedies.

5.    Claimant reserves the right to supplement and otherwise amend this Proof of Claim for any reason, at any time, and in any respect, including without limitation for purposes of asserting additional claims for legal fees or expenses, default interest, make-whole premium, forbearance fee or interest accrued or accruing Prepetition, or claims that could arise pursuant to Section 502(h) of Title 11 of the United States Code, provided that Claimant does not admit, and expressly reserves the right to object to any determination, that any property delivered to for the benefit of Claimant or any prior holders of the Claim is entitled to be recovered. Claimant also expressly reserves the right to file supplemental and additional proofs of claim for rejection, liquidated and other damages under any contracts that may be deemed to exist between Debtor and Claimant.

7.    Any notices and other communications concerning the Claim should be sent to the Claimant at the address set forth below:

>NEC Electronics America, Inc.
>2880 Scott Boulevard
>Santa Clara, CA  95052-8062
>Att'n:  Dennis Balanesi
>        Senior Finance Manager/Corporate Credit Manager
>Tel: (408) 588-6089
>Fax: (408) 588-6123
>E-Mail: Dennis.Balanesi@am.necel.com

with copies to:

>NEC Electronics America, Inc.
>2880 Scott Boulevard
>Santa Clara, CA  95052-8062
>Att'n:  Anthony Leto, Esq.
>Tel: (408) 588-6298
>Fax: (408) 588-6271
>E-Mail: Anthony.Leto@am.necel.com

3

and to:

> Kieselstein LawFirm, PLLC
> 43 British American Boulevard
> Latham, New York  12110
> Attention: Steve Kicselstein, Esq.
> Phone: (518) 785-7800
> Fax:     (518) 785-7858
> E-mail: sk@kieselaw.com

Dated: July 27, 2006
      Latham, New York

> *Steve Kieselst*
>     Steve Kieselstein
>     Kieselstein LawFirm, PLLC
>     Attorneys for Claimant

4

# EXHIBIT C

Name of Debtor
Delphi Corporation, *et al* [*see attached Addendum*]     Case Number
05-44481

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): Kieselstein Lawfirm Pllc ~~NEC ELECTRONICS AMERICA, WC~~

Name and address where notices should be sent:
~~Kieselstein Lawfirm Pllc~~
~~Steve Kieselstein~~
~~43 British American Blvd~~
~~Latham NY 12110~~

[*For contact details, see #7 of Addendum to Original Proof of claim, attached hereto as Exhibit A*]

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☒ amends   a previously filed claim dated: **7/27/06** [*copy attached as Exhibit A*]

**1. Basis for Claim**
- ☒ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
     (date)        (date)

**2. Date debt was incurred:** *see #2.a of Addendum to Various dates; annexed orig. proof of claim.*

**3. If court judgment, date obtained:** *Not applicable*

**4. Total Amount of Claim at Time Case Filed:** $ 6,179,814.90 + 308,024.19 + 3,424,138.98 = $9,911,978.07
   (unsecured)      (secured)      (priority)      (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. *see #2.e of Addendum to annexed orig. proof of claim and #4 of Addendum attached hereto*

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☒ Other *right of setoff*

Value of Collateral: $ **308,024.19**

Amount of arrearage and other charges *at time case filed* included in secured claim, if any:

**6. Unsecured Nonpriority Claim** $ 6,179,814.90

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim [*reclamation claim*]
Amount entitled to priority $3,424,138.98
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.*

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim, *except as noted in #5 of the attached Addendum.*

THIS SPACE IS FOR COURT USE ONLY

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

Date
**10/9/06**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
*[signature] Steve Kieselstein*
Kieselstein Law Firm, PLLC
Attorneys for Claimant

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

05444810604101919211930033

## ADDENDUM TO AMENDED PROOF OF CLAIM OF
## NEC ELECTRONICS AMERICA, INC.

1.      The Amended Proof of Claim of which this Addendum is a part (the "Amended Proof of Claim") amends that certain proof of claim, dated July 27, 2006 (the "Original Proof of Claim"), filed by NEC Electronics America, Inc. ("Claimant") against, among others Delphi Automotive Systems, LLC ("DAS"). A copy of the Original Proof of Claim is attached as Exhibit A hereto and incorporated herein by reference. All capitalized terms used but not defined in this Addendum shall have the respective meanings for such terms set forth in the Addendum included within the Original Proof of Claim (the "Original Addendum"). The Original Proof of Claim remains in full force and effect except to the extent expressly modified hereby. This amendment is necessitated by the fact that, nearly one month after the occurrence of the July 31, 2006 bar date referred to in paragraph 4 of the Original Addendum, Debtor advised Claimant that, even though Debtor notified Claimant <u>after the commencement of the Case</u> of its intention to be invoiced by Claimant for cancellation charges applicable to Orders Debtor indicated it no longer wanted filled (the "Additional Cancellation Charges"), Debtor nevertheless intended to treat the Additional Cancellation Charges as accruing Prepetition. Claimant expressly reserves its right to seek administrative priority treatment for the Additional Cancellation Charges.

2.      The final sentence of paragraph 2.a of the Original Addendum is hereby amended to delete the amount "$9,709,097.73" and substitute therefor the amount "$9,904,296.29", an increase reflecting the Additional Cancellation Charges of $195,198.56, as a result of the amendments referred to in paragraphs 3 and 4 below.

3.      Line 645 of Exhibit A to the Original Proof of Claim is hereby amended by substituting therefor the total amount reflected on Exhibit D to the Original Proof of Claim (as amended as set forth in paragraph 4 below), reflecting additional cancellation charges for Parts order by Debtor but cancelled Prepetition.

4.      Exhibit D to the Original Proof of Claim is hereby amended by substituting therefor Exhibit B attached hereto.

5.      The amount of the Claim evidenced by this Amended Proof of Claim is subject to reduction by the amount of $7,681.78, paid by Debtor to Claimant after the filing of the Original Proof of Claim in respect of the letter agreement between Claimant and Setech, Inc. referred to in paragraph 2.b of the Original Addendum.

Dated: October 9, 2006
       Latham, New York

_Steve Kieselstein_
Steve Kieselstein
Kieselstein LawFirm, PLLC
Attorneys for Claimant

**EXHIBIT D**



http://www.delphidocket.com/SearchResults.asp?SH=1

**DELPHI**

| | | | | |
|---|---|---|---|---|
| Home | Bankruptcy Industry Links | Proof Of Claim Form | Claim/Creditor Search | Submit an Inquiry |

**Delphi Corporation Search Results**
**Creditor Name: Begins With "Nec"**

| Date Claim Filed | Claim No. | Schedule | Nature | Name | Amount | C | U | D | Debtor |
|---|---|---|---|---|---|---|---|---|---|
| 7/28/2006 | 12394 | F | General Unsecured | Nec Electronics America Inc | $5,984,616.34 | | | | Delphi Automotive Systems LLC |
| 7/28/2006 | 12394 | F | Priority | Nec Electronics America Inc | $3,424,138.98 | | | | Delphi Automotive Systems LLC |
| 7/28/2006 | 12394 | F | Secured | Nec Electronics America Inc | $308,024.19 | | | | Delphi Automotive Systems LLC |
| 10/16/2006 | 16368 | | Priority | Nec Electronics America Inc | $3,424,138.98 | | | | Delphi Corporation |
| 10/16/2006 | 16368 | | Secured | Nec Electronics America Inc | $308,024.19 | | | | Delphi Corporation |
| 10/16/2006 | 16368 | | General Unsecured | Nec Electronics America Inc | $6,179,814.90 | | | | Delphi Corporation |

Adversary Proceedings

Case Management Orders

Court Documents

Creditors' Committee

Equity Security Holders' Committee

First Day Motions

First Day Orders

Monthly Operating Reports

<span style="text-align:center">Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇѕ Bᴀɴᴋʀᴜᴘᴛᴄʏ Cᴏᴜʀᴛ</span>

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                        )
In re:                                                  )
                                                        )         Chapter 11
DELPHI CORPORATION, et al.,                             )         Case No. 05-44481 (RDD)
                                                        )         Jointly Administered
              Debtors.                                  )
---------------------------------------------------------------x

<u>**AFFIDAVIT OF SERVICE**</u>

I, PATRICIA STRATTON, hereby certify that:

1. I am over 18 years of age, and reside in Albany County, New York.

2. On June 18, 2007, a true and correct copy of the **RESPONSE OF NEC ELECTRONICS AMERICA, INC. TO DEBTORS' OBJECTION TO CLAIM 12394**, in the above-captioned proceeding was caused to be served on the parties listed below via Federal Express.

>           Skadden, Arps, Slate, Meagher & Flom LLP
>           333 West Wacker Drive
>           Suite 2100
>           Chicago, IL  60606
>           Att'n:  John Wm. Butler, Jr.
>                   John K. Lyons
>                   Joseph N. Wharton
>
>
>           Delphi Corporation
>           5725 Delphi Drive
>           Troy, Michigan  48098
>           Attn: General Counsel

>                   s/Patricia Stratton
>                   Patricia Stratton

Sworn to before me this
18th day of June, 2007.

S/Sarah E. Gold
NOTARY PUBLIC