| | |
|---|---|
| KELLEY DRYE & WARREN LLP<br>101 Park Avenue<br>James S. Carr (JC-1603)<br>Howard S. Steel (HS-5515)<br>New York, NY 10178<br>Tel: (212) 808-7800<br>Fax: (212) 808-7897 | Hearing Date: June 26, 2007, at 10:00 a.m.<br>Response Deadline: June 19, 2007, at 4:00 p.m. |

Counsel for Sojitz Corporation of America

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, *et al*<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**RESPONSE OF SOJITZ CORPORATION OF AMERICA TO
DEBTORS' FIFTEENTH OMNIBUS CLAIMS OBJECTION**

Sojitz Corporation of America (the "Claimant"), by and through its attorneys, Kelley Drye & Warren LLP, hereby files this Response to that Fifteenth Omnibus Claims Objection, dated May 22, 2007, of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors"). In support of the Response, the Claimant respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  The Claimant has satisfied its initial burden of proof by filing a properly executed and documented proof of claim against Delphi Automotive Systems LLC (the "Claim") alleging a secured claim in the amount of $55,000 and an unsecured claim in the amount of $71,344.36. The Objection fails to provide a sufficient factual basis for the Debtors' attempt to expunge the $55,000 secured portion of the Claim. The Claimant does not, however, contest the reduction of

the unsecured portion of the Claim from $71,344.36 to $50,493.75. The Objection should therefore be denied to the extent it seeks to expunge the secured portion of the Claim.

2.      The Objection also fails to provide a sufficient factual basis to support the Debtors' attempt to shift the Claim from Delphi Automotive Systems LLC to ASEC Manufacturing General Partnership. The Claim is properly asserted as filed against Delphi Automotive Systems LLC.

## BACKGROUND

3.      On July 26, 2006, the Claimant filed the Claim (Claim No. 11606) for a secured claim in the amount of $55,000 and an unsecured amount of $71,344.36 against Delphi Automotive Systems LLC. The secured claim arises from cash on hand and the right to setoff, and the unsecured claim for outstanding amounts due to Claimant under the Amendment Agreement, dated February 1, 2006, between Claimant and Delphi Automotive Systems LLC (the "Amendment Agreement"). A copy of the Claim is attached hereto as Exhibit A.

4.      On May 22, 2007, the Debtors filed the Objection which seeks, among other things, to expunge the secured claim, reduce the unsecured claim, and to modify the Claim so that it is asserted against ASEC Manufacturing General Partnership. For the reasons set forth below, the Claimant objects to the relief requested in the Objection, and asks the Court to deny the Objection and allow the Claim for a secured amount of $55,000, and an unsecured amount of $50,493.75 against Delphi Automotive Systems LLC.

## RESPONSE

5.      The Debtors' request to expunge the secured claim and shift the Claim from Delphi Automotive Systems LLC to ASEC Manufacturing General Partnership is not only

inappropriate, but devoid of any factual or legal basis.[1] The Debtors have failed to adduce any evidence that the Claim is invalid, that the Claim was improperly filed, or that the supporting documentation provided by the Claimant was lacking in any respect. To establish an allowed claim, both the liability and the specific amount owing must be proven. The initial burden of proof relative to a debtor's liability to a claimant and the specific amount due is, naturally, upon the claimant. The debtor then has the burden of demonstrating the basis for an objection to a timely filed claim.

6. The proof of claim evidencing the Claim was signed by Takashi Tsukada, Chief Financial Officer of Claimant, attesting to the outstanding amounts owed to the Claimant. Thus, the Claimant provided sufficient evidence supporting the validity of the Claim.

7. The Objection merely states that the Debtors dispute the amount of the Claim and the corporate obligor for the Claim. Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim is deemed to be allowed unless a party in interest objects. 11 U.S.C. § 502(a). Bankruptcy Rule 3001(f) explicitly states, "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and the amount of the claim." Under this Bankruptcy Rule, a claim is presumed valid until an objecting party has introduced evidence sufficient to rebut the claimant's *prima facie* case. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d. 696, 698 (5th Cir. 1988); *In re Inter-Island Vessel Co., Inc.*, 98 B.R. 606, 608 (Bankr. D. Mass. 1988).

8. The burden of proof then shifts to the debtor to produce sufficient evidence to negate the *prima facie* validity of the claim. *In re Reilly*, 245 B.R. 768, 773 (2d Cir. BAP 2000);

---

[1] Because the Claimant agrees with the proposed reduction of the unsecured claim from $71,344.36 to $50,493.75, this Response deals with the Debtors' attempt to expunge the secured claim and shift the corporate obligor for the Claim.

-3-

*In re Michigan-Wisconsin Transp. Co.*, 161 B.R. 628, 636 (Bankr. W.D. Mich. 1993) ("[A] party objecting to a claim must present affirmative evidence to overcome the presumptive validity of a properly filed proof of claim"). An objecting party, such as the Debtors, must present contradictory evidence of at least equivalent value to the evidence supporting the proof of claim, before the burden of demonstrating the validity of the claim shifts to the creditor. *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *In re Nejedlo*, 2005 WL 941534 (Bankr. E.D. Wisc. Apr. 14, 2005); *In re Nat'l Steel Corp.*, 321 B.R. 901, 905 (Bankr. N.D. Ill. 2005) (In practice, the objector must produce evidence which, if believed, would "refute at least one of the allegations that is essential to the claim's legal sufficiency.") (*quoting Allegheny Int'l, Inc.,* 954 F.2d at 173). Thus, unless the objecting party introduces evidence as to the invalidity of the claim or the excessiveness of the amount, the claimant need offer no further proof of the merits of the claim.

9. Here, the Objection was not supported by an affidavit of a person with personal knowledge of the Debtors' books and records, or any detailed explanation as to the basis for expunging the secured portion of the claim, or the reclassification of the Claim to ASEC Manufacturing General Partnership. The Objection fails to shift the burden to the Claimant to prove the validity of the Claim. As such, the Claimant requests that the Court overrule the Objection and allow the Claim for a secured amount of $55,000, and an unsecured amount of $50,493.75 against Delphi Automotive Systems LLC.

-5-

**WHEREFORE**, the Claimant respectfully requests that this Court enter an Order (i) reducing from $71,344.36 to $50,493.75 and allowing the unsecured portion of the Claim, allowing the Claim for a secured amount of $55,000, and keeping the Claim as filed against Delphi Automotive Systems LLC; and (ii) granting the Claimant such other and further relief as may be just and proper.

Date:  New York, New York
       June 19, 2007

                            KELLEY DRYE & WARREN LLP

                            By:  */s/ James S. Carr*
                                James S. Carr (JC-1603)
                                Howard S. Steel (HS-5515)
                            101 Park Avenue
                            New York, NY  10178
                            Tel:  (212) 808-7800
                            Fax:  (212) 808-7897

                            COUNSEL FOR SOJITZ CORPORATION OF
                            AMERICA

## CERTIFICATE OF SERVICE

On June 19, 2007, I caused the service of the **Response of Sojitz Corporation of America, to Debtors' Fifteenth Omnibus Claims Objection;** upon the parties below via hand delivery, overnight mail and telecopier:

                                        */s/Howard S. Steel*
                                        Howard S. Steel

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098
Fax: (248) 813-2673

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr., Esq.
      John K. Lyons, Esq.
      Joseph N. Wharton, Esq.
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Fax: (312) 407-0411

-7-

**EXHIBIT A**

-7-

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>Delphi Automotive Systems LLC | Case Number:<br>05-44640 | THIS SPACE IS FOR COURT USE ONLY<br><br>Claim #11606<br>USBC SDNY<br>Delphi Corporation, et al.<br>05-44481 (RDD) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or entity to whom the debtor owes money or property):

Sojitz Corporation of America.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and Addresses Where Notices Should be Sent

Sojitz Corporation of America         Kelley Drye & Warren LLP
1211 Avenue of the Americas           101 Park Avenue
New York, New York 10036              New York, New York 10178
Attn: Richard Paice, Esq.             Attn: James S. Carr, Esq.
                                      Edward J. Leen, Esq.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**
AUG 1 1 2006
KURTZMAN CARSON
THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim: ☐ replaces or ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
☒ Goods sold and delivered
☒ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
    List four digits of SS# _____

Unpaid compensations for services performed
from _____ to _____
       (date)           (date)

**2. Date debt was incurred:**

10/8/05 and thereafter

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
  Brief Description of Collateral:
  ☐Real Estate  ☐ Motor Vehicle
  ☒ Other  Cash
  Value of Collateral: $55,000
Amount of arrearage and other charges at the time case filed included in secured claim above, if any $55,000

**Unsecured Nonpriority Claim $_____**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
    Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Domestic support obligations – 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4)
☐ Contributions to an employee benefit plan – U.S.C. § 507(a)(5)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of governmental units – 11 U.S.C. § 507(a)(8)
☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(___).
    *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**  $71,344.36        $55,000        $_____        $126,234.36
                                                 (Unsecured)      (Secured)      (Priority)       (Total)

*If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.
**CREDITOR RESERVES ITS RIGHT TO FILE AN AMENDED CLAIM**

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
7. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Documents already in possession of the Debtor.
8. **Date – Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date:<br><br>July 24, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)  Mr. Takashi Tsukada, CFO | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544640060726000000000043

NY01/LEENE/1122716.1