Hearing Date and Time: June 26, 2007 at 10:00 a.m.
Response Deadline: June 19, 2007 at 4:00 p.m.

Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                    :
In re:                              :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :    (Jointly Administered)
                                    :
-----------------------------------------------------------x

**RESPONSE OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE, TO DEBTORS'
FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C.
§ 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY
DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS'
BOOKS AND RECORDS, (C) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS,
AND (D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO
MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION**

Liquidity Solutions, Inc. d/b/a Revenue Management ("LSI"), as assignee of

certain original creditors, hereby files a response (the "Response") to the Debtors' Fifteenth

Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to

Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and

Records, (C) Untimely Claims and Untimely Tax Claims, and (D) Claims Subject to

Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation

(the "Fifteenth Omnibus Objection").[1] In further support of its Response, LSI respectfully states as follows:

## BACKGROUND

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On various dates during the pendency of these chapter 11 cases, LSI entered into agreements with certain original creditors (each, an "Assignor") for assignment of certain claims against the Debtors (each, an "Assigned Claim" and collectively, the "LSI Assigned Claims"), and LSI duly filed notices of transfer of claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as follows:

| Original Creditor | Claim No. | Claim Amount[2] | Date of Transfer | Docket No. |
|---|---|---|---|---|
| Acorn Distributors Inc. | 2287 | $12,921.52 | 8/1/06[3] | 4808 |
| Electronic Solutions Inc. | 1201 | $104,504.04 | 7/14/06 | 4555 |

3. On or about May 22, 2007, the Debtors filed the Fifteenth Omnibus Objection [Docket No. 7999], objecting to, among other claims, each of the above-listed LSI Assigned Claims, as follows:

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Fifteenth Omnibus Objection.

[2] All claim amounts listed below are asserted as non-priority unsecured claims.

[3] On or about September 11, 2006, LSI filed a notice of transfer pursuant to Bankruptcy Rule 3001(e) transferring the Acorn Distributors Inc. Assigned Claim to LSI's affiliate, AFI, LLC [Docket No. 5098]. Accordingly, LSI files this Response with respect to the Acorn Distributors Inc. Assigned Claim on behalf of AFI.

| Assigned Claim | Claim No. | Filed Claim Amt. | Claim Amt. Per Objection | Purported Basis for Objection |
|---|---|---|---|---|
| Acorn Distributors Inc. | 2287 | $12,921.52 | $7,723.22 | Claim Subject to Modification |
| Electronic Solutions Inc. | 1201 | $104,504.04 | $100,499.44 | Claim Subject to Modification |

Where the Debtors object to a claim in the Fifteenth Omnibus Objection and allege it to be a "Claim Subject to Modification" listed on Exhibit D-1 thereto, the Debtors give a laundry list of reasons why a claim *might* appear on Exhibit D-1, but no further specificity as to what is actually objectionable about that particular claim, leaving the holder of each claim to speculate for itself what the issue giving rise to the objection might be.[4]

## RESPONSE TO OBJECTION

4.  The Bankruptcy Rules are clear that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, as here, the creditor (or its assignee) is afforded the presumption of validity arising under Bankruptcy Rule 3001(f), and the objecting party then "bears the burden of producing sufficient evidence to refute the claim." In re Camellia Food Stores, Inc., 287 B.R. 52, 56 (Bankr. E.D. Va. 2002).

---

[4] The Fifteenth Omnibus Objection provides, in pertinent part, that:

> The bases for placing a Claim in the Claims Subject to Modification category of objection include, but are not limited to, the following: the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (b) may include post-petition liabilities, (c) does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, (d) was docketed and filed against the wrong Debtor entity, and/or (e) is misclassified as a priority or secured claim.

Fifteenth Omnibus Objection, ¶ 39.

3

5.  Although both the original proofs of claim filed by Acorn Distributors, Inc. (in respect of claim no. 2287) and Electronic Solutions Inc. (in respect of claim no. 1201) are aided by the presumption of validity supplied by applicable bankruptcy law, there is also ample documentation to support both claims, all of which was attached to each original respective proof of claim. Out of an abundance of caution, LSI re-attaches hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, invoices demonstrating the amounts owed to LSI as assignee of Acorn Distributors, Inc.[5] and Electronic Solutions Inc.[6]

6.  By contrast, in the Fifteenth Omnibus Objection, the Debtors have provided no evidence, support or analysis either to refute the presumptive validity of the LSI Assigned Claims, or credibly to dispute the attached invoices. Indeed, as noted above, the Fifteenth Omnibus Objection offers no claim-specific reason as to why the Debtors dispute the filed amount of the Claim; rather, the Debtors rely on a list of five or more alternative bases that might apply to any of the hundreds of claims being challenged in this round of objections. Under the Bankruptcy Rules, the Debtors have a duty to "produc[e] sufficient evidence to refute the claim," In re Camellia Food Stores, Inc., 287 B.R at 56, but here, the Debtors' objection can be distilled down to little more than a bare statement that "we don't agree with the proof of claim,"

---

[5] LSI's review of the invoices appended to the Acorn Distributors, Inc. proof of claim (no. 2287) appears to show that the original creditor may have attached one invoice, in the amount of $3,394.07, twice. LSI has been working to contact the original creditor to discuss the Fifteenth Omnibus Objection and to confirm whether or not the invoices are duplicative, but has not yet been able to reach anyone at Acorn Distributors, Inc. for clarity. Accordingly, for the purposes of filing this Response, LSI has included all invoices originally attached to claim no. 2287 as Exhibit A hereto; however, to the extent that LSI determines as a result of its due diligence that there is, in fact, a duplicative invoice in the Acorn Distributors claim, LSI would agree to a reduction of claim no. 2287 in the amount of $3,394.07, for an allowed claim amount of $9,527.45.

[6] LSI's review of the invoices appended to the Electronic Solutions Inc. proof of claim (no. 1201), which facially add up to $101,504.04, appears to show that the original creditor may have made an arithmetic or scrivener's error in reflecting the claim amount on the face of the proof of claim. As with Acorn Distributors, Inc., LSI is working to contact the original creditor for clarification to determine whether there is another invoice in the amount of $3,000.00 that was not submitted with the proof of claim. To the extent that LSI determines, as a result of its due diligence, that there has been an arithmetic or scrivener's error made by the original creditor in the filing of the Electronic Solutions claim, LSI would consent to a reduction of claim no. 1201 in the amount of $3,000.00, for an allowed claim amount of $101,504.04.

4

which falls far short of the Debtors' burden under Bankruptcy Rule 3001(f) and associated case law. See, e.g., In re White, 168 B.R. 825, 828-29 (Bankr. D. Conn. 1994) (stating that the objecting party may not rebut a claim's prima facie validity of a proof of claim merely by stating that amount of claim is incorrect, but rather must produce some evidence to support its argument; chapter 13 case).

7.  Because the Debtors have not carried their burden of proof and overcome the presumptive validity of the LSI Assigned Claims, and especially in light of the documentation attached hereto as Exhibit A and Exhibit B, the Fifteenth Omnibus Objection should be overruled and each of the LSI Assigned Claims allowed in the full filed amount, except as otherwise may be agreed by LSI as a result of its due diligence, as more fully set forth above. See notes 5 and 6, supra.

## CONCLUSION

WHEREFORE, LSI respectfully requests that the Court enter an order: (i) overruling the Fifteenth Omnibus Objection as to each of the LSI Assigned Claims; (ii) allowing each such claim in the full filed amount, except as otherwise may be agreed by LSI as a result of its continued due diligence; and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: June 19, 2007

Respectfully submitted,
LIQUIDITY SOLUTIONS, INC.

By: /s/ Dana P. Kane
Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

5