**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000
Fax. (212) 262-1215
Attorney Appearing: Leslie S. Barr (LB-2597)

- and -

**BARTLETT HACKETT FEINBERG P.C.**
Frank F. McGinn (Massachusetts BBO No. 564729)
155 Federal Street
Boston, MA 02110
Tel. (617) 422-0200
Fax (617) 422-0383

Co-counsel for Iron Mountain Information Management, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------x
In re                                                     )
                                                          )    Chapter 11
DELPHI CORPORATION, et al.,                               )    Case No. 05-44481 (RDD)
                                                          )
                    Debtors.                              )    (Jointly Administered)
-------------------------------------------------------------x

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S
RESPONSE TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.
3007 TO CERTAIN (a) INSUFFICIENTLY DOCUMENTED CLAIMS,
(b) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS,
(c) PROTECTIVE INSURANCE CLAIMS, (d) INSURANCE CLAIMS NOT
REFLECTED ON DEBTORS' BOOKS AND RECORDS,
(e) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (f) CLAIMS
SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION
AND CLAIMS SUBJECT TO MODIFICATION AND RECLAMATION
AGREEMENT DATED APRIL 27, 2007**

Iron Mountain Information Management, Inc. ("Iron Mountain"), by and through

undersigned counsel, hereby files this response ("Response") to Debtors' Thirteenth

{10401176:1}

Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected on Debtors' Books and Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected on Debtors' Books and Records, (e) Untimely Claims and Untimely Tax Claims, and (f) Claims Subject to Modification, Tax Claims Subject to Modification and Claims Subject to Modification and Reclamation Agreement Dated April 27, 2007 ("Debtors' Thirteenth Omnibus Claims Objection").  In support of its Response, Iron Mountain respectfully represents as follows:

1.     The Debtors' Thirteenth Omnibus Claims Objection seeks to modify Iron Mountain's Claim Number 646 (the "Claim").  The Claim was filed by Iron Mountain against Delphi Corporation (Case No. 05-44481) asserting a prepetition claim in the amount of $35,597.65.  The Claim asserts that an unknown portion is secured pursuant to a warehouseman's lien and that the balance is a general unsecured claim.

2.     The Debtors' Thirteenth Omnibus Claims Objection seeks to modify the Claim by reclassifying it as a general unsecured claim and reducing it to the total amount of $15,868.06.  The Debtors' Thirteenth Omnibus Claims Objection seeks to change the identity of the Debtor against whom the Claim is asserted.  The Debtors contend that the requested modification is appropriate for one or more of the following reasons: "the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (b) may include postpetition liabilities, (c) does not account for amounts that may have been paid or credited against such Claim following commencement of these cases, (d) was docketed

and filed against the wrong Debtor entity, and/or (e) is misclassified as a priority or secured claim."

3. Section 502(a) of the Bankruptcy Code and Fed. R. Bankr. P 3001(f) provide that a properly filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim, unless a party objects. The party objecting to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. The filing of an objection "does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *McDaniel v. Riverside County Dept. of Child Support Svcs. (In re McDaniel),* 264 B.R. 531, 533 (8th Cir. BAP 2001), *quoting Brown v. IRS (In re Brown),* 82 F.3d 801, 805 (8th Cir. 1996). The Debtors have set forth no such evidence. Instead, the Debtors' Thirteenth Omnibus Claims Objection relies only on vague representations and generic bases for objecting to the Claim.

4. The Claim, however, is supported by a detailed listing of the contracts and unpaid invoices supporting such Claim. For ease of reference a copy of the Claim is attached hereto as Exhibit "A." Since filing the Claim, Iron Mountain has received additional payments and/or made adjustments such that the total prepetition amount presently owing is $31,597.13 as detailed on Exhibit "B" hereto. Consistent with this Court's prior Orders, Iron Mountain will continue to work with the Debtors in an effort to resolve the Claim.

**WHEREFORE**, Iron Mountain respectfully requests that this Court enter an order (i) denying the Debtors' Thirteenth Omnibus Claims Objection with respect to Iron Mountain's claim, and (ii) granting such other and further relief as is just and proper.

Dated: June 19, 2007					Respectfully submitted,

							**WINDELS MARX LANE & MITTENDORF, LLP**


					By:	/s/ Leslie S. Barr
							Leslie S. Barr (LB-2597)
							156 West 56th Street
							New York, New York 10019
							Tel. (212) 237-1000
							Fax. (212) 262-1215

								- and -

							**BARTLETT HACKETT FEINBERG P.C.**
							Frank F. McGinn (BBO # 564729)
							155 Federal Street, 9th Floor
							Boston, MA 02110
							Tel. (617) 422-0200
							Fax  (617) 896-6275

							Co-Counsel for IRON MOUNTAIN
								INFORMATION MANAGEMENT, INC.