# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT | *Southern* **DISTRICT OF** *New York* | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor: Delphi Corp. | Case Number: 05- 44481 | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):

**Iron Mountain Information Management, Inc.**

Name and Address Where Notices Should be Sent:

**R. Frederick Linfesty, Esq.**
**Iron Mountain, Inc.**
**10th Floor**
**745 Atlantic Avenue**
**Boston, MA 02111**
**Tel 617.535.2980**
**Fax 617.451.0409**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor: SF046, A0123, A3954, OV744,OH744 | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated |
|---|---|

**1. Basis For Claim** L470D, DM701, DM669, DMAC8, DM700, 676D2
- ☐ Goods sold
- ☒ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)
  Last four digits of social security number: _____
  Unpaid compensation for services performed from _____ to _____

**2. Date Debt Was Incurred:** 5/05 - 9/30/05

**3. If Court Judgment, Date Obtained:**

**4. Total Amount Of Claim At Time Case Filed:** $ **unknown** + $ **unknown** + $ _____ = $ **33,597.65**
(unsecured)  (secured)  (priority)  (Total)

If all or part of your claim is secured or entitled to priority, also complete items 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☒ Other 21,507 **boxes of personal property in storage**
Value of Collateral $ **unknown**

Amount of arrearage and other charges at time case filed included in secured claim, if any $ **equal to amt of secured claim**

**6. Unsecured Nonpriority Claim $** _____
☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim**
☐ Check this box if you have an unsecured priority claim. Amount entitled to priority $_____ Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 USC § 507(a)(3)
☐ Contributions to an employee benefit plan - 11 USC § 507(a)(4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to gov't units - 11 U.S.C. 507(a)(8).
☐ Other - specify applicable paragraph of 11 U.S.C. § 507(a____)
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date: 11/15/05 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): **R. Frederick Linfesty, Esq.** **Staff Attorney** |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both, 18 U.S.C. §§ 152 and 3571.

# ADDENDUM TO PROOF OF CLAIM

<u>In re: Delphi Corporation</u>
Ch. 11 Case No. 05-44481-RDD
Bankr. S.D. N.Y.

Iron Mountain claims a warehouseman's lien, pursuant to Alabama Commercial Code § 7-7-209, Arizona Commercial Code § 47-7209, California Commercial Code § 7209, Massachusetts Commercial Code § 7-209, Michigan Commercial Code § 440.7209, Ohio Commercial Code § 1307.14, and Pennsylvania Commercial Code § 7209, in the 21,507 boxes of personal property, and any other property, that the above-named Debtor is storing with Iron Mountain. The fair market value of such personal property is unknown to Iron Mountain. Thus, Iron Mountain asserts that its pre-petition claim of $33,597.65 is secured to an unknown extent.

Westlaw.

Ala.Code 1975 § 7-7-209

Code of Alabama Currentness (Refs & Annos)
  Title 7. Commercial Code. (Refs & Annos)
    Article 7. Documents of Title. (Refs & Annos)
      Part 2. Warehouse Receipts:  Special Provisions. (Refs & Annos)

→§ 7-7-209. Lien of warehouse.

(a) A warehouse has a lien against the bailor on the goods covered by a warehouse receipt or storage agreement or on the proceeds thereof in its possession for charges for storage or transportation, including demurrage and terminal charges, insurance, labor, or other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law.  If the person on whose account the goods are held is liable for similar charges or expenses in relation to other goods whenever deposited and it is stated in the warehouse receipt or storage agreement that a lien is claimed for charges and expenses in relation to other goods, the warehouse also has a lien against the goods covered by the warehouse receipt or storage agreement or on the proceeds thereof in its possession for those charges and expenses, whether or not the other goods have been delivered by the warehouse.  However, as against a person to which a negotiable warehouse receipt is duly negotiated, a warehouse's lien is limited to charges in an amount or at a rate specified in the warehouse receipt or, if no charges are so specified, to a reasonable charge for storage of the specific goods covered by the receipt subsequent to the date of the receipt.

(b) A warehouse may also reserve a security interest against the bailor for the maximum amount specified on the receipt for charges other than those specified in subsection (a), such as for money advanced and interest.  The security interest is governed by Article 9A.

(c) A warehouse's lien for charges and expenses under subsection (a) or a security interest under subsection (b) is also effective against any person that so entrusted the bailor with possession of the goods that a pledge of them by the bailor to a good faith purchaser for value would have been valid.  However, the lien or security interest is not effective against a person that before issuance of a document of title had a legal interest or a perfected security interest in the goods and that did not:

(1) Deliver or entrust the goods or any document of title covering the goods to the bailor or the bailor's nominee with:

(A) Actual or apparent authority to ship, store, or sell;

(B) Power to obtain delivery under Section 7-7-403;  or

(C) Power of disposition under Sections 7-2-403, 7-2A-304(2), 7-2A-305(2), 7-9A-320, or 7-9A-321(c) or other statute or rule of law;  or

(2) Acquiesce in the procurement by the bailor or its nominee of any document.

(d) A warehouse's lien on household goods for charges and expenses in relation to the goods under subsection (a) is also effective against all persons if the depositor was the legal possessor of the goods at the time of deposit.  In this subsection, "household goods" means furniture, furnishings, or personal effects used by the depositor in a dwelling.

(e) A warehouse loses its lien on any goods that it voluntarily delivers or unjustifiably refuses to deliver.

(Prior version of this section added by Acts 1965, No. 549, p. 811; repealed by Act 2004-315, p. 464, § 1; current section added by Act 2004-315, p. 464, § 1.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

A.R.S. § 47-7209

Arizona Revised Statutes Annotated Currentness
  Title 47. Uniform Commercial Code (Refs & Annos)
    Chapter 7. Warehouse Receipts, Bills of Lading and Other Documents of Title (Refs & Annos)
      Article 2. Warehouse Receipts; Special Provisions (Refs & Annos)

→§ 47-7209. Lien of warehouseman

**A.** A warehouseman has a lien against the bailor on the goods covered by a warehouse receipt or on the proceeds thereof in his possession for charges for storage or transportation (including demurrage and terminal charges), insurance, labor, or charges present or future in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law. If the person on whose account the goods are held is liable for like charges or expenses in relation to other goods whenever deposited and it is stated in the receipt that a lien is claimed for charges and expenses in relation to other goods, the warehouseman also has a lien against him for such charges and expenses whether or not the other goods have been delivered by the warehouseman. But against a person to whom a negotiable warehouse receipt is duly negotiated a warehouseman's lien is limited to charges in an amount or at a rate specified on the receipt or if no charges are so specified then to a reasonable charge for storage of the goods covered by the receipt subsequent to the date of the receipt.

**B.** The warehouseman may also reserve a security interest against the bailor for a maximum amount specified on the receipt for charges other than those specified in subsection A of this section, such as for money advanced and interest. Such a security interest is governed by the chapter on secured transactions (chapter 9 of this title). [FN1]

**C.** A warehouseman's lien for charges and expenses under subsection A of this section or a security interest under subsection B of this section is also effective against any person who so entrusted the bailor with possession of the goods that a pledge of them by him to a good faith purchaser for value would have been valid but is not effective against a person as to whom the document confers no right in the goods covered by it under § 47-7503.

**D.** A warehouseman loses his lien on any goods which he voluntarily delivers or which he unjustifiably refuses to deliver.

CREDIT(S)

Added by Laws 1984, Ch. 77, § 3.

  [FN1] Section 47-9101 et seq.

HISTORICAL AND STATUTORY NOTES

**Source:**
  A.R.S. former § 44-2914.
  Laws 1967, Ch. 3, § 5.

**Uniform Law:**

This section is similar to § 7-209 of the Uniform Commercial Code. See Vol. 2C Uniform Laws Annotated, Master Edition or ULA Database on Westlaw.

UNIFORM COMMERCIAL CODE COMMENT

  <For UCC acknowledgments, see AZ ST UCC Acknowledgments.>

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Com.Code § 7209

c

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
Commercial Code (Refs & Annos)
  Division 7. Warehouse Receipts, Bills of Lading and Other Documents of Title (Refs & Annos)
    Chapter 2. Warehouse Receipts: Special Provisions (Refs & Annos)

→**§ 7209. Lien of warehouseman**

(1) A warehouseman has a lien against the bailor on the goods deposited or on the proceeds thereof in his possession for charges for storage, processing incidental to storage, or transportation, including demurrage and terminal charges, insurance, labor, or charges present or future in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law. If the person on whose account the goods are held is liable for like charges or expenses in relation to other goods whenever deposited, the warehouseman also has a lien against him for such charges and expenses whether or not the other goods have been delivered by the warehouseman. But against a person to whom a negotiable warehouse receipt is duly negotiated a warehouseman's lien is limited to charges specified on the receipt or if no charges are so specified then to a reasonable charge for storage of the goods covered by the receipt subsequent to the date of the receipt.

(2) The warehouseman may also reserve a security interest against the bailor for charges other than those specified in subdivision (1), such as for money advanced and interest, but if a receipt is issued for the goods such a security interest is not valid as against third persons without notice unless the maximum amount thereof is conspicuously specified (Section 1201) on the receipt. Such a security interest is governed by the division on secured transactions (Division 9).

(3) (a) A warehouseman's lien for charges and expenses under subdivision (1) or a security interest under subdivision (2) is also effective against any person who so entrusted the bailor with possession of the goods that a pledge of them by him to a good faith purchaser for value would have been valid but is not effective against a person as to whom the document confers no right in the goods covered by it under Section 7503.

(b) A warehouseman's lien on household goods for charges and expenses in relation to the goods under subdivision (1) is also effective against all persons if the depositor was the legal possessor of the goods at the time of deposit. "Household goods" means furniture, furnishings and personal effects used by the depositor in a dwelling.

(4) A warehouseman loses his lien on any goods which he voluntarily delivers or which he unjustifiably refuses to deliver.

CREDIT(S)

(Stats.1963, c. 819, § 7209. Amended by Stats.1965, c. 1379, p. 3288, § 5.5.)

CALIFORNIA CODE COMMENT

2002 Main Volume

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART I. ADMINISTRATION OF THE GOVERNMENT
TITLE XV. REGULATION OF TRADE
CHAPTER 106. UNIFORM COMMERCIAL CODE
ARTICLE 7. WAREHOUSE RECEIPTS, BILLS OF LADING AND OTHER DOCUMENTS OF TITLE
PART 2. WAREHOUSE RECEIPTS: SPECIAL PROVISIONS

+++ PRIOR VERSION +++

VIEW ALL VERSIONS

### § 7-209. Lien of Warehouseman

(1) A warehouseman has a lien against the bailor on the goods covered by a warehouse receipt or on the proceeds thereof in his possession for charges for storage or transportation (including demurrage and terminal charges), insurance, labor, or charges present or future in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law.  If the person on whose account the goods are held is liable for like charges or expenses in relation to other goods whenever deposited and it is stated in the receipt that a lien is claimed for charges and expenses in relation to other goods, the warehouseman also has a lien against him for such charges and expenses whether or not the other goods have been delivered by the warehouseman. But against a person to whom a negotiable warehouse receipt is duly negotiated a warehouseman's lien is limited to charges in an amount or at a rate specified on the receipt or if no charges are so specified then to a reasonable charge for storage of the goods covered by the receipt subsequent to the date of the receipt.

(2) The warehouseman may also reserve a security interest against the bailor for a maximum amount specified on the receipt for charges other than those specified in subsection (1), such as for money advanced and interest.  Such a security interest is governed by the Article on Secured Transactions (Article 9).

(3) A warehouseman's lien for charges and expenses under subsection (1) or a security interest under subsection (2) is also effective against any person who so entrusted the bailor with possession of the goods that a pledge of them by him to a good faith purchaser for value would have been valid but is not effective against a person as to whom the document confers no right in the goods covered by it under section 7-503.

(4) A warehouseman loses his lien on any goods which he voluntarily delivers or which he unjustifiably refuses to deliver.

CREDIT(S)

Added by St.1957, c. 765, § 1.

          <General Materials (GM) - References, Annotations, or Tables>


MASSACHUSETTS CODE COMMENT

1999 Main Volume

Prior Statutory Provisions:

Generally

G.L. c. 105 § 33.


© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

M.C.L.A. 440.7209

Michigan Compiled Laws Annotated Currentness
  Chapter 440. Uniform Commercial Code (Refs & Annos)
    Uniform Commercial Code
      ᴺ▣ Article 7.  Warehouse Receipts, Bills of Lading and Other Documents of Title
(Refs & Annos)
        ᴺ▣ Part 2.  Warehouse Receipts:  Special Provisions (Refs & Annos)

        ➡440.7209.  Lien of warehouseman;  security interest;  loss of lien

   Sec. 7209. (1) A warehouseman has a lien against the bailor on the goods covered by
a warehouse receipt or on the proceeds thereof in his possession for charges for
storage or transportation (including demurrage and terminal charges), insurance,
labor, or charges present or future in relation to the goods, and for expenses
necessary for preservation of the goods or reasonably incurred in their sale
pursuant to law.  If the person on whose account the goods are held is liable for
like charges or expenses in relation to other goods whenever deposited and it is
stated in the receipt that a lien is claimed for charges and expenses in relation to
other goods, the warehouseman also has a lien against him for such charges and
expenses whether or not the other goods have been delivered by the warehouseman.
But against a person to whom a negotiable warehouse receipt is duly negotiated a
warehouseman's lien is limited to charges in an amount or at a rate specified on the
receipt or if no charges are so specified then to a reasonable charge for storage of
the goods covered by the receipt subsequent to the date of the receipt.

   (2)  The warehouseman may also reserve a security interest against the bailor for a
maximum amount specified on the receipt for charges other than those specified in
subsection (1), such as for money advanced and interest.  Such a security interest
is governed by the article on secured transactions (article 9). [FN1]

   (3)  A warehouseman's lien for charges and expenses under subsection (1) or a
security interest under subsection (2) is also effective against any person who so
entrusted the bailor with possession of the goods that a pledge of them by him to a
good faith purchaser for value would have been valid but is not effective against a
person as to whom the document confers no right in the goods covered by it under
section 7503. [FN2]

   (4)  A warehouseman loses his lien on any goods which he voluntarily delivers or
which he unjustifiably refuses to deliver.

   [FN1]  M.C.L.A. §  440.9101 et seq.

   [FN2]  M.C.L.A. §  440.7503.

UNIFORM COMMERCIAL CODE COMMENT

   <For UCC acknowledgments, see MI ST UCC Acknowledgments.>

1994 Main Volume

**Prior Uniform Statutory Provision:**    Sections  27  through  32,  Uniform Warehouse
Receipts Act.

**Changes:**  Rewritten.

**Purposes of Changes:**

1. Subsection (1) defines the warehouseman's statutory lien.  A specific lien
attaches automatically, without express notation on the receipt, to goods stored

©  2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

R.C. § 1307.14

Baldwin's Ohio Revised Code Annotated Currentness
   Title XIII. Commercial Transactions (Refs & Annos)
      🖫 Chapter 1307. Warehouse Receipts, Bills of Lading, and Other Documents of Title (Refs & Annos)
        🖫 Warehouse Receipts: Special Provisions

    → **1307.14 Lien of warehouser**

(A) A warehouser has a lien against the bailor on the goods covered by a warehouse receipt or on the proceeds thereof in the warehouser's possession for charges for storage or transportation, including demurrage and terminal charges, insurance, labor, or charges present or future in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law. If the person on whose account the goods are held is liable for like charges or expenses in relation to other goods whenever deposited and it is stated in the receipt that a lien is claimed for charges and expenses in relation to other goods, the warehouser also has a lien against the person for such charges and expenses whether or not the other goods have been delivered by the warehouser. But against a person to whom a negotiable warehouse receipt is duly negotiated a warehouser's lien is limited to charges in an amount or at a rate specified on the receipt or if no charges are so specified then to a reasonable charge for storage of the goods covered by the receipt subsequent to the date of the receipt.

(B) The warehouser may also reserve a security interest against the bailor for a maximum specified on the receipt for charges other than those specified in division (A) of this section, such as for money advanced and interest. Such a security interest is governed by Chapter 1309. of the Revised Code.

(C) A warehouser's lien for charges and expenses under division (A) of this section, or a security interest under division (B) of this section is also effective against any person who so entrusted the bailor with possession of the goods that a pledge of them by the bailor to a good faith purchaser for value would have been valid but is not effective against a person as to whom the document confers no right in the goods covered by it under section 1307.31 of the Revised Code.

(D) A warehouser loses the warehouser's lien on any goods which the warehouser voluntarily delivers or which the warehouser unjustifiably refuses to deliver.

(2001 S 74, eff. 7-1-01; 129 v 13, eff. 7-1-62; UCC 7-209)

HISTORICAL AND STATUTORY NOTES

**Amendment Note:** 2001 S 74 substituted "Chapter 1309" for "sections 1309.01 to 1309.50, inclusive," in division (B); and made changes to reflect gender neutral language.

COMMENTARY

**Uniform Commercial Code (UCC)**

**1961:**

*Official Comment*

1. Subsection (1) [(A)] defines the warehouseman's statutory lien. A specific lien attaches automatically, without express notation on the receipt, to goods stored under a non-negotiable receipt. That lien is limited to the usual charges arising out of a storage transaction; by notation on the receipt it can be made a general lien extending to like charges in relation to other goods. The same rules apply where the receipt is negotiable, except that as against a holder by due negotiation the lien is limited to the amount or rate specified on the receipt, or, if none is specified, to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

13 Pa.C.S.A. § 7209

Purdon's Pennsylvania Statutes and Consolidated Statutes Annotated  Currentness
  Purdon's Pennsylvania Consolidated Statutes Annotated
    Title 13. Commercial Code (Refs & Annos)
      ⌐▤ Division 7. Warehouse Receipts, Bills of Lading and Other Documents of Title
      (Refs & Annos)
        ⌐▣ Chapter 72. Warehouse Receipts:  Special Provisions

      →§  7209. Lien of warehouseman

   (a) **Charges and expenses covered by lien.**--A warehouseman has a lien against the
bailor on the goods covered by a warehouse receipt or on the proceeds thereof in his
possession for charges for storage or transportation (including demurrage and
terminal charges), insurance, labor, or charges present or future in relation to the
goods, and for expenses necessary for preservation of the goods or reasonably
incurred in their sale pursuant to law.  If the person on whose account the goods
are held is liable for like charges or expenses in relation to other goods whenever
deposited and it is stated in the receipt that a lien is claimed for charges and
expenses in relation to other goods, the warehouseman also has a lien against him
for such charges and expenses whether or not the other goods have been delivered by
the warehouseman.  But against a person to whom a negotiable warehouse receipt is
duly negotiated the lien of a warehouseman is limited to charges in an amount or at
a rate specified on the receipt or if no charges are so specified then to a
reasonable charge for storage of the goods covered by the receipt subsequent to the
date of the receipt.

   (b) **Reservation of security interest for other charges.**--The warehouseman may also
reserve a security interest against the bailor for a maximum amount specified on the
receipt for charges other than those specified in subsection (a), such as for money
advanced and interest.  Such a security interest is governed by Division 9 (relating
to secured transactions).

   (c) **Other persons against whom lien or security interest effective.**--

   (1) The lien of a warehouseman for charges and expenses under subsection (a) or a
security interest under subsection (b) is also effective against any person who so
entrusted the bailor with possession of the goods that a pledge of them by him to
a good faith purchaser for value would have been valid but is not effective
against a person as to whom the document confers no right in the goods covered by
it under section 7503 (relating to document of title to goods defeated in certain
cases).

   (2) The lien of a warehouseman on household goods for charges and expenses in
relation to the goods under subsection (a) is also effective against all persons
if the depositor was the legal possessor of the goods at the time of deposit.
"Household goods" means furniture, furnishings and personal effects used by the
depositor in a dwelling.

   (d) **Loss of lien.**--A warehouseman loses his lien on any goods which he voluntarily
delivers or which he unjustifiably refuses to deliver.

CREDIT(S)

1979, Nov. 1, P.L. 255, No. 86, §  1, effective Jan. 1, 1980.  Amended 1982, Nov.
26, P.L. 696, No. 201, §  1, effective in 180 days.

UNIFORM COMMERCIAL CODE COMMENT

   <For UCC acknowledgments, see PA ST UCC Acknowledgments.>

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**PURCHASE ORDER:**

PAGE 1

CONTRACT ADMINISTRATION

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.

(2) copies of your packing slip must accompany each shipment.

Item Identification Number(s) must be shown on Packing Slips and Invoices.

Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

PHONE: 248-813-4348
P DE PERRO    Buyer
A4

PURCHASING AGENT

ORDER DATE: 12/11/03
ALTERATION ISSUE DATE
ALTERATION EFFECTIVE DATE

SHIP VIA: UNITED PARCEL SERVICE-GENERAL

BASE UNIT PRICE    947.5000

PRICE UNIT
MULTIPLE MEAS

251AS

SMD103 01/15/2003

LAST PAGE

SHIP TO:
DELCO ELECTRONICS SYSTEMS (EK)
PLANT 40-ADM B BLDG
RECEIVING AREA 501
1601 N. AVERILL
FLINT MI
48556                              US

INVOICE TO:
INVOICE NOT REQUIRED-PAID BY PLANT ACTION.INVOICE ONLY IF INSTRUCTED BY ORDER-CLAUSES. COMPLIANCE IS VITAL.DELPHI-D
KOKOMO IN
46904                              US

This order is not binding until accepted. Acceptance should be executed on acknowledgment copy which should be returned to Buyer.

On the reverse side hereof are the terms and conditions to which Seller agrees by acceptance of this order.
This order, including the terms and conditions on the face and reverse side hereof, contains the complete and final statement between Buyer and Seller and no other agreement in any way modifying any of said terms and conditions will be binding upon the Buyer unless made in writing and signed by Buyer's authorized representative.
If Government Contract Number is Shown Hereon, Additional Terms and Conditions Attached Hereto Apply.

TO:
DELPHI CORPORATION
ENERGY & CHASSIS SYSTEMS-PURCH
5820 DELPHI DRIVE
BLDG D
TROY MI
48098-2815                         US

VENDOR NUMBER 05-880-5110
IRON MOUNTAIN INC
2937 GENERAL MOTORS BLVD E
DETROIT MI
48202-3149

F.O.B. DESTINATION UNLESS OTHERWISE INDICATED
SHIPPING POINT - FREIGHT COLLECT

PAYMENT TERMS
NET   2ND DAY OF 2ND MONTH

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/ % |
|---|---|---|---|---|---|---|---|
| 00001 | 1 | PRG22415 001 | | THIS ORDER IS LISTED IN THE FOLLOWING CURRENCY USD DOLLAR (UNITED STATES) | | | |
| | | | | STORAGE OF DELCO DOCUMENTS REQUIRED BY FMV55 REGULATIONS INVOICE #C023861 WHO ORDERED: HOPKINS/2419 | | 12/20/03   F 100.00% | |
| | | | | TERMS AND CONDITIONS JANUARY 2001 APPLY OF WHICH SUPPLIER HAS RECEIVED A COPY. | | | |

A004938   USER PHILIP R DEPERRO        ORIGINAL

02.003.0

Dec.24.2003



# IRON MOUNTAIN®

The Leader in Records & Information Management

# RECORDS MANAGEMENT AND
# SERVICE AGREEMENT

| Customer **Delphi Ventures** | Billing Address (If Different) **same as Customer** | | |
|---|---|---|---|
| Street Address **3000 Sand Hill Road** **Bld. 1, Suite 135** | Street or Box No. | | |
| City **Menlo Park** | State **CA** | Zip + 4 **94022** | City | State | Zip + 4 |
| Primary Contact and Title **Cassandrea Miller** | Billing Contact | | |
| Telephone **650-854-9650** | Fax **650-854-2961** | Telephone | Fax |

**FOR IRON MOUNTAIN USE ONLY**

| Customer Number *SF046* | District Number *07114* |
|---|---|
| Mailing Address of District *1350 West Grand Avenue Oakland, CA 94607* | |

IRON MOUNTAIN (the "Company") hereby agrees to accept for storage and to service under its management system at IRON MOUNTAIN facilities such records material (deposits) as Customer requests. Customer agrees to pay the Company for storage and services according to the amounts and provisions specified in Schedule A (as amended from time to time); and Customer agrees that all services shall be provided subject to the terms and conditions below and on reverse hereof.

**VALUE OF DEPOSITS.** Customer declares, for the purpose of this Agreement, that the value of the deposits is $1.00 per carton, linear foot of open shelf files, container, disk pack or other deposit item. Customer acknowledges that it has declined to declare an excess valuation, for which an excess valuation fee would have been charged.

**LIMITATION OF LIABILITY.** The Company's liability, if any, for loss of or damage to part or all of the deposits shall be limited to $1.00 per carton, linear foot of open shelf files, container, disk pack or other deposit item.

| Customer **Delphi Ventures** | IRON MOUNTAIN RECORDS MANAGEMENT, INC. |
|---|---|
| Name *MATTHEW T. POTTER* | Name *RICK JAIBL* |
| Signature | Signature |
| Title *CHIEF FINANCIAL OFFICER* | Title *RVP* |
| Date *4/27/02* | Date *7/11/02* |

CONTRACT EFFECTIVE DATE *6/28/02*

WHITE - IRON MOUNTAIN CORPORATE    CANARY - CUSTOMER    PINK - IRON MOUNTAIN DISTRICT
PRISM International Form
IM-30    COPYRIGHT 2000 Iron Mountain Records Management, Inc.    REV 01/00



**PRISM**
INTERNATIONAL

Professional Records & Information Services Management
Formerly ACRC

*Confidential*

# SCHEDULE A TO RECORDS MANAGEMENT AND SERVICE AGREEMENT

This Schedule A is made part of the Records Management and Service Agreement between Iron Mountain Records Management, Inc. and Delphi Ventures

Effective Date:      June 28, 2002
District Name:       Bay Area
District Number:     07114
Customer Name:       Delphi Ventures
Customer Number:     SF046

## STORAGE PRICING

Secure space for the storage of hard copy business records.

$0.33 per cubic foot per month*

*Standard Carton = 1.2 Cubic Feet = 10"x12"x15.5

**Storage Minimum:**

$75.00 per month

Storage charges will be billed monthly in advance.

## MANAGEMENT SERVICES PRICING

Services during normal business hours, Monday through Friday 8:00 a.m. to 5:00 p.m., excluding holidays.

**New Records**—The receipt of additional customer records resulting in an increase to the customer storage balance (receiving and entry/accessions):

$1.50 per cubic foot

**Retrievals or Refiles**—The temporary retrieval of records from, or return to, storage:

| | |
|---|---|
| *Standard* | $2.10 per cubic foot |
| *Standard* | $3.00 per file |
| *Rush* | $4.20 per cubic foot |
| *Rush* | $6.00 per file |

*Confidential*

**Destruction**—The preparation, documentation, and physical destruction of records:

$2.00 per cubic foot, plus retrieval

**Permanent Withdrawal**—The preparation, documentation, and permanent withdrawal of records:

$2.25 per cubic foot, plus retrieval

**Miscellaneous Services:**

$42.00 per labor hour

**Individual List/Data Entry**—Initial data entry of carton or file descriptions (beyond first line per carton):

$0.35 per line

**Supplies/Cartons**— new supplies:

$2.00 per #2000 Letter/Legal

**Service Minimum:**

$5.00 per transaction

Management services will be billed monthly in arrears.

## TRANSPORTATION PRICING

**Delivery/Pickup**

*Next Day*

$15.00 per transportation visit, $1.75 per cubic foot
Call by 3:00 p.m. for delivery next day by 5:00 p.m.

*Half Day*

$30.00 per transportation visit, $1.75 per cubic foot
Call by 10:00 a.m. for delivery same day by 5:00 p.m.
Call by 3:00 p.m. for next day delivery by 12:00 p.m.

*Rush*

$60.00 per transportation visit, $1.75 per cubic foot
Call by 3:00 p.m. for same business day delivery within three hours of request

*Rush After Hours/Weekends/Holidays*

$120.00 per transportation visit, $1.75 per cubic foot
Call after 3:00 p.m. (Monday – Friday) or After Hours/ Weekends/ Holidays for same day delivery within four hour of request

Transportation charges will be billed monthly in arrears.

*Confidential*

Service activity volumes substantially exceeding customer norms may result in overtime charges with customer authorization.

All other services, not specifically listed, will be charged at Iron Mountain's then current rates.

## COMPUTER AND REPORTING CHARGES

Included in the customer's storage rate are the Monthly Supplemental Reports. All other reports (including special sorting and special file listings) are subject to the computer listing charge and/or initial setup, reporting, or download fees, quoted by job scope.

## INITIAL TRANSFER/MOVE OF RECORDS PRICING (ONE TIME CHARGE)

**Initial Transfer/Move of Records**—The pickup, transport and receipt of customer records establishing the initial storage balance. Initial transfer costs apply to the estimated initial transfer volume indicated below, transferred within three months of program implementation:

$2.00 per cubic foot; Initial Volume: TBD

## TERM

The term of the Agreement of which this Schedule A is a part will commence on the Effective Date indicated above and continue until the end of the month that is the 11th month anniversary. Unless written notice of non-renewal is delivered by either party to the other not less than 30 days prior to the expiration date, the Agreement will automatically renew for additional successive one-year terms. Storage prices set forth above shall remain in effect for the first 12 months of this Agreement. Charges for all other services may be adjusted at any time upon 30 days written notice.

..MAR-24-2004 WED 09:50 AM IRON MOUNTAIN          FAX NO. 205 250 0130          P. 02

RECEIVED
MAR 2 4 2004

# IRON MOUNTAIN®
The Leader in Records & Information Management

## CUSTOMER AGREEMENT

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.** (check one):

- ☑ Iron Mountain Records Management Division
- ☐ Iron Mountain Off-Site Data Protection Division
- ☐ Iron Mountain/National Underground Storage Division
- ☐ Iron Mountain Secure Shredding Division

Address of Iron Mountain Branch/District Office:
3000 Second Ave South
Birmingham AL 35233

Account Number: AD123    SIC Code:
Branch/District Cost Ctr. No.: O4114

Contract Effective Date:

**CUSTOMER:** DELPHI THERMAL + INTERIOR - TUSCA COOSA OPERATIONS
**BILLING ADDRESS (if Different):** SAME

Street Address: 11005 D STEPHENS ROAD    Street or Box No.: SAME

| City: COTTANDALE | State: AL | Zip + 4: 35453 | City: SAME | State: SAME | Zip + 4: SAME |

Primary Contact and Title: BRYAN AMBROSE - DBS COOLANT
Billing Contact: SANDRA BANKS

Telephone: 205-554-3149    Fax: 205-554-3401
e-mail: BRYAN.C.AMBROSE@delphi.com
Telephone: 205-554-3147    Fax: 205-554-3401
e-mail: SANDRA.G.BANKS@DELPHI.com

The Iron Mountain Information Management, Inc. Division checked above, as the contracting entity ("Iron Mountain"), will perform the services described on schedules annexed to this Agreement either physically or by reference (each a "Schedule"), and Customer will pay Iron Mountain for such services according to the rates and provisions in the Schedules. All services will be provided subject to the terms and conditions below and on the reverse hereof and in any Schedule.

**VALUE OF DEPOSITS.** Customer declares, for the purposes of this Agreement, that (a) with respect to hard-copy records, microfilm and microfiche stored pursuant to this Agreement, the value of such stored items is $1.00 per carton, linear foot of open-shelf files, container or other hard-copy storage unit, and (b) with respect to round reel tape, audio tape, video tape, film, data cassettes or other non-paper media stored pursuant to this Agreement, the value of such stored items is limited to the cost of replacing the physical media. Customer acknowledges that it has declined to declare an excess valuation, for which an excess valuation fee would have been charged.

**LIMITATION OF LIABILITY.** Iron Mountain's liability, if any, for loss or destruction of or damage to materials stored with Iron Mountain ("Deposits") is limited to the value of each Deposit as described above, or as otherwise set forth on the reverse side hereof. Iron Mountain reserves the right to provide replacement of media for which liability is limited to replacement cost rather than payment of replacement cost. Iron Mountain's maximum liability with respect to services not related to storage is the amount paid by Customer for a discrete project or, if the loss is related to service of an ongoing and continuing nature, six months of fees paid by Customer for such service. Other limitations on Iron Mountain's liability are set forth on the reverse side of this Agreement.

| CUSTOMER: | IRON MOUNTAIN: |
|---|---|
| Individual Signing: [print name] RICK MARSH | Individual Signing: [print name] John Cowens |
| Signature: | Signature: |
| Title: TUSCALOOSA CONTROLLER | Title: GENERAL Manager |
| Signing Date: 3/16/04 | Signing Date: 3-19-04 |

WHITE – IRON MOUNTAIN CORPORATE          CANARY – CUSTOMER          PINK – IRON MOUNTAIN DISTRICT
IM-35  Rev. 1/03    © 2003 Iron Mountain Incorporated

** TOTAL PAGE.03 **

## STANDARD TERMS AND CONDITIONS

(Based on terms and conditions promulgated by Professional Records & Information Services Management, Inc.)

The following terms and conditions shall apply to this Agreement.



February 28, 2005

BRYAN AMBROSE
DELPHI THERMAL INTERIOR TUSCALOOSA
11005 ED STEPHENS ROAD
COTTONDALE AL 35453

Thank you for the business you entrust with Iron Mountain. Enclosed, please find your new Iron Mountain "Schedule A", which describes rates for storage and services for the next year. The enclosed Schedule A is effective as of April 1st, 2005 and reflects contributing market factors from the previous year that require us to adjust rates in order to maintain the level of quality service you have come to expect from Iron Mountain.

We are committed to remaining the best total-value provider for records and information management services. If you should have any questions or require additional information about the enclosed Schedule A, please contact your local Iron Mountain office or Account Management Representative. We thank you again for the business you entrust with us.

Sincerely,

John Powers
General Manager

04119  AD123  8693

# RENEWAL SCHEDULE A

This Schedule A is made part of the Customer Agreement ("Agreement") between Iron Mountain Information Management, Inc. ("Iron Mountain") and DELPHI THERMAL INTERIOR TUSCALOOSA ("Customer").

Rates Effective:        April 1, 2005
District Name:          Birmingham
District Number:        04119
Customer Name:          DELPHI THERMAL INTERIOR TUSCALOOSA
Customer Number:    AD123

## STORAGE PRICING

Secure space for the storage of deposits.

$0.260 per cubic foot per month

**Storage Minimum:**

$75.00 per month

Storage charges will be billed monthly in advance.

## MANAGEMENT SERVICES PRICING

Services during normal business hours, Monday through Friday 8:00 a.m. to 5:00 p.m., excluding holidays.

**New Deposits (receiving and entry)**—The receipt of additional Customer deposits resulting in an increase to the Customer storage:

$1.84 per cubic foot

**Retrievals or Refiles**—The temporary retrieval of deposits from, or return to, storage. (Rush applies to retrievals only.):

| | |
|---|---|
| *Standard* | $1.84 per cubic foot |
| *Standard* | $2.76 per file |
| *Rush* | $3.68 per cubic foot |
| *Rush* | $5.51 per file |

**Destruction**—The preparation, documentation, and physical destruction of deposits that are stored at Iron Mountain:

**Destruction by Shredding**
$5.25 per cubic foot plus retrieval
$5.25 per file plus retrieval

**Destruction by Recycling**
$2.10 per cubic foot plus retrieval
$2.63 per file plus retrieval

**Permanent Withdrawal**—The preparation, documentation, and permanent withdrawal of deposits:

$2.63 per cubic foot plus retrieval
$2.63 per file plus retrieval

## Miscellaneous Services

*Labor*    $36.75 per labor hour

### Service Minimum:

$5.25 per transaction

### Individual List—Data entry of file descriptions:

$0.30 per file

### Interfiles—The filing of an item into an existing carton or file:

$3.68 each

## TRANSPORTATION PRICING

### Delivery

*Next Day*

$13.13 per transportation visit, $1.05 per cubic foot
Call by 3:00 p.m. for delivery next day by 5:00 p.m.

*Half Day*

$26.25 per transportation visit, $1.05 per cubic foot
Call by 10:00 a.m. for delivery same day by 5:00 p.m.
Call by 3:00 p.m. for delivery next day by 12:00 p.m.

*Emergency Visit (Rush)*

$52.50 per transportation visit, $1.05 per cubic foot
Delivery within 3 hours of request.

*Iron Mountain Records Management, Inc.*                Page 2            04119   AD123

*After Hours/Weekends/Holidays*

$105.00 per transportation visit, $1.05 per cubic foot
Delivery within 4 hours of request

All other services, not specifically listed, will be charged at Iron
Mountain's then current rates.

Unless specified herein, shredding pricing is for paper shredding
services only. Shredding of other media types will be quoted on a
per project basis.

## COMPUTER AND REPORTING CHARGES

Included in the Customer's storage rate are the Monthly
Supplemental Reports. All other reports (including special sorting
and special file listings) are subject to the computer listing charge
and/or initial setup, reporting, or download fees, quoted by job
scope.



**RECEIVED**

MAY 2 7 2005

## CUSTOMER AGREEMENT

IRON MOUNTAIN INFORMATION MANAGEMENT, INC.

**Address of Iron Mountain Branch/District Office:**

4449 South 36th St

Phoenix, AZ 85040

**Contract Effective Date:**

| FOR IRON MOUNTAIN PURPOSES ONLY | |
|---|---|
| Account Number:  A3954 | NAICS Code: |
| Branch/District Cost Ctr. No.:  01322 | |

**CUSTOMER:**

Delphi Packard Electric Systems

**Street Address:**
408 Dana Street, Mail Station 91L

| City: Warren | State: OH | Zip + 4: 44486 |
|---|---|---|

**Primary Contact and Title:**
Melinda Mayle

| Telephone: | Fax: |
|---|---|
| E-mail:  330-373-2213 | |

**BILLING ADDRESS (If Different):**

**Street or Box No.:**

| City: | State: | Zip + 4: |
|---|---|---|

**Billing Contact:**

| Telephone: | Fax: |
|---|---|
| E-mail: | |

Iron Mountain Information Management, Inc. ("Iron Mountain") will perform the services described on schedules annexed to this Agreement, either physically or by reference (each a "Schedule"), and Customer will pay Iron Mountain for such services according to the rates and provisions in the Schedules. All services will be provided subject to the terms and conditions set forth herein and in any Schedule. In order to keep Customer apprised of Iron Mountain's service offerings, new regulations that may potentially be of interest to customers and similar information, Iron Mountain will, if an e-mail address is included above, add Customer to Iron Mountain's informational mailing list to receive newsletters and communications periodically through e-mail, electronic transmission or postal delivery. Upon Customer's receipt of the first such communication, in the event Customer elects not to receive subsequent newsletters and communications from Iron Mountain, Customer may "unsubscribe."

**VALUE OF DEPOSITS.** Customer declares, for the purposes of this Agreement, that (a) with respect to hard-copy records, microfilm and microfiche stored pursuant to this Agreement, the value of such stored items is $1.00 per carton, linear foot of open-shelf files, container or other hard-copy storage unit, and (b) with respect to round reel tape, audio tape, video tape, film, data cartridges or data cassettes or other non-paper media stored pursuant to this Agreement, the value of such stored items is limited to the cost of replacing the physical media. Customer acknowledges that it has declined to declare an excess valuation, for which an excess valuation fee would have been charged.

**LIMITATION OF LIABILITY.** Iron Mountain's liability, if any, for loss or destruction of, or damage to, materials stored with Iron Mountain "Deposits") is limited to the value of each Deposit as described above, or as otherwise set forth on the reverse side hereof. Iron Mountain reserves the right to provide replacement of media for which liability is limited to replacement cost rather than payment of replacement cost. Iron Mountain's maximum liability with respect to services not related to storage is the amount paid by Customer for a discrete project or, if the loss is related to service of an ongoing and continuing nature, six months of fees paid by Customer for such service. Other limitations on Iron Mountain's and/or Customer's liability are set forth on the following pages.

| CUSTOMER: *Delphi Packard Electric* | IRON MOUNTAIN |
|---|---|
| Individual Signing: [print name] *Melinda K. Mayle* | Individual Signing: [print name] *Kandice Merrill* |
| Signature: *Melinda K. Mayle* | Signature: *K Merrill* |
| Title: *Credit Manager* | Title: *General Manager* |
| Signing Date: *4-25-05* | Signing Date: *5/2/05* |

WHITE – IRON MOUNTAIN CORPORATE          CANARY – CUSTOMER          PINK – IRON MOUNTAIN DISTRICT
M-35 Rev. 01/01/05   © 2005 Iron Mountain Incorporated

# SCHEDULE A FOR RECORDS MANAGEMENT

This Schedule A is made part of the Customer Agreement ("Agreement") Iron Mountain Information Management, Inc., (the "Company") and Delphi Packard Electric Systems, (the "Customer").

| | |
|---|---|
| *Effective Date* | April 1, 2005 |
| *District Name/Number* | Phoenix - 01322 |
| *Customer Name* | Delphi Packard Electric Systems |
| *Customer Number* | A3954 |

## STORAGE

Secure space for the storage of deposits.

| Description | Price | Per |
|---|---|---|
| Carton Storage | $0.315 | cubic foot |
| Storage Minimum | $85.00 | month |

Storage charges will be billed monthly in advance.

## MANAGEMENT SERVICES

Services during normal business hours, Monday through Friday 8:00 AM to 5:00 PM, excluding holidays.

**New deposits (receiving and entry)** – The receipt of additional Customer deposits resulting in an increase to the Customer storage balance.

| Description | Price | Per |
|---|---|---|
| Carton | $1.25 | cubic foot |

**Retrievals/Refiles** – The temporary retrieval of deposits from, or return to, storage (Rush applies to retrievals only).

| Description | Price | Per |
|---|---|---|
| Standard Carton | $1.50 | cubic foot |
| Standard File from Carton | $2.25 | file |
| Rush Carton | $3.00 | cubic foot |
| Rush File from Carton | $4.50 | file |

**Destruction** – The preparation, documentation, and physical destruction of deposits that are stored at Iron Mountain.

| Description | Price | Per |
|---|---|---|
| Destruction by Shredding | $3.00 | cubic foot plus retrieval |

© 2005 Iron Mountain Information Management, Inc. All rights reserved.

| | | |
|---|---|---|
| Destruction by Recycling | $2.00 | cubic foot plus retrieval |

**Permanent Withdrawal** – The preparation, documentation, and permanent withdrawal of deposits that are stored at Iron Mountain.

| Description | Price | Per |
|---|---|---|
| Permanent Withdrawal | $2.50 | cubic foot plus retrieval |

**Individual List** – Data entry of file descriptions.

| Description | Price | Per |
|---|---|---|
| Individual List | $0.30 | file |

**Miscellaneous Services**

| Description | Price | Per |
|---|---|---|
| Labor | $35.00 | hour |
| Service Minimum | $5.00 | transaction |

All other services, not specifically listed, will be charged at Iron Mountain's then current rates.

# TRANSPORTATION

### Delivery

#### *Next Day*

$12.00 per transportation visit, $1.25 per cubic foot
Call by 3:00 PM for delivery next day by 5:00 PM.

#### *Half Day*

$24.00 per transportation visit, $1.25 per cubic foot
Call by 10:00 AM for delivery same day by 5:00 PM.
Call by 3:00 PM for delivery next day by 12:00 PM.

#### *Emergency Visit (Rush)*

$48.00 per transportation visit, $1.25 per cubic foot
Delivery within 3 hours of request.

#### *After Hours/Weekends/Holidays*

$96.00 per transportation visit, $1.25 per cubic foot
Delivery within 4 hours of request.

### Pickup

#### *Pickup/On Demand*

$12.00 per transportation visit, $1.25 per cubic foot

© 2005 Iron Mountain Information Management, Inc. All rights reserved.

On Demand Pickup must be scheduled within 48 hours of request.

## COMPUTER AND REPORTING CHARGES

Included in the Customer's storage rate are the Monthly Supplemental Reports. All other reports (including special sorting and special file listings) are subject to the computer listing charge and/or initial setup, reporting, or download fees, quoted by job scope.

*© 2005 Iron Mountain Information Management, Inc. All rights reserved..*

6760Z



# IRON MOUNTAIN®

The World's Largest Records Management Company

## CONFIDENTIAL DESTRUCTION SERVICE AGREEMENT

This Confidential Destruction Service Agreement ("Agreement") between **Iron Mountain Confidential Destruction, LLC** ("Iron Mountain") and **DELPHI INTERIOR & LIGHTING** ("Customer") is effective as of **5/9/2002** and will continue through **5/9/2003** ("Initial Term").

Customer Address: **200 GEORGESVILLE ROAD    COLUMBUS, OH 43228**

Iron Mountain District Name & Number: **Columbus Destruction    8273 Green Meadows Dr. N., Lewis Center, OH  43035  (740-549-1005)**

Customer Contact Name & Telephone Number: **Steve Forder    (614-275-5501)**

**Destruction of Records:** Iron Mountain will provide services for the secure destruction of records at the rates stated in the following price schedule. Iron Mountain will furnish a Certificate of Destruction to the Customer, upon request by the Customer. Customer releases Iron Mountain from any liability with regard to the destruction of such records.

**Method of Destruction** (Circle):    ~~Off-Site~~    On-Site

**Destruction Schedule:**    Daily ____    Weekly ____    Every Two Weeks  **X**    Every Four Weeks __

Other _____

**Services; Pricing:** By Customer and Iron Mountain setting forth their initials below, this indicates which services Customer has requested from Iron Mountain. These Services may be amended from time to time by agreement of both Customer and Iron Mountain as evidenced in a written amendment to this Agreement. Prices set forth below shall remain in effect for the first twelve (12) months of this Agreement. Thereafter, price adjustments shall be made only after thirty (30) days' prior written notice.

Customer/Iron
Mountain Initials

| Initials | Service | | First Container | Additional Containers |
|---|---|---|---|---|
| /SP | Circle One: | ~~Regular Schedule Service~~ | Specials, Record Purges or Clean-out | |
| /SP | Rotation of Security Containers | | First Container | Additional Containers |
| SP 15 | Type ~~15~~ Toters    Size 90 Gal | | $  10.00 | $  10.00  each |
| SP 5 | Type ~~5~~ Toters    Size 30 Gal | | $_____ | $  8.00  each |
| | Type_____ Size_____ | | $_____ | $_____  each |
| | Type_____ Size_____ | | $_____ | $_____  each |
| /___ | Rental of Security Containers | | | $_____  each per month |
| /SP | Destruction of Recyclable Paper **(purges)** | | | $  0.09  per pound |
| /___ | Destruction of Other Paper | | | $_____  per pound |
| /___ | Mobile On-Site Shredding | | | $_____  per pound/per hr. |
| /SP | Destruction (Magnetic tapes, disks, film/fiche, etc.) | | | $  0.50  per pound |
| /___ | Pick-Up At Customer Site – Truck and one person | | | $_____  per ____ |
| /___ | Pick-Up at Customer Site – Truck and two people | | | $_____  per ____ |
| /SP | Minimum Charges $  85.00 (Purges) | | | $_____  each |
| /SP | Other Charges: **Labor** | | | $  30.00 per hr. (if applicable) |

AGREED TO BY:

CUSTOMER:                                        IRON MOUNTAIN CONFIDENTIAL DESTRUCTION, LLC

By: _WS Forder_ (signature)            By: _____ (signature)

Title: _General Supervision_            Title: **Branch Manager**

Date: _May 9, 2002_                        Date: _5-9-02_

(See reverse side hereof for Iron Mountain's Limitation of Liability)

WHITE – IRON MOUNTAIN CORPORATE        CANARY – CUSTOMER        PINK – IRON MOUNTAIN DESTRUCTION DISTRICT

IMCD-1 COPYRIGHT 2001

JUL 16 2003 11:12    HP LASERJET 3200    P.3
07/16/2003    11:27    NO.057    P003

AFFILIATE ASSIGNMENT
TO
RECORDS MANAGEMENT AND SERVICE AGREEMENT


_DELPHI THERMAL SYSTEMS_ Agrees to store records at Iron Mountain Records Management, Inc. under the established contract with account number _DM700_.

CHOOSE ONE OF THE FOLLOWING OPTIONS:

☐ Iron Mountain shall provide, and Depositor agrees to accept, the same rates, services and terms/conditions as outlined in the existing agreement.

☒ Iron Mountain shall provide, and Depositor agrees to accept, the same terms and conditions as outlined in the existing agreement. Storage and services will be performed by Iron Mountain in accordance with the rates listed in Schedule A dated _7/16/03_ attached to this agreement. To the extent that this Schedule A conflicts with any other document, the terms and conditions of this Schedule A shall prevail. The storage rate is _1.00_ /CF.


New Account's Company Name and Address:

_Delphi Harrison Thermal Systems_    IRON MOUNTAIN RECORDS MGMT., INC.
_3600 Dryden Rd_    1000 CAMPUS DRIVE
_Moraine, OH  45439_    COLLEGEVILLE, PA 19426


_OV744_
IMRM Number Assigned to Depositor

_Ritchie A Hines_                    _[signature]_    _7/16/03_
Depositor Signature    Date    IMRM Signature    Date

_RITCHIE A HINES SR. COMMODITY MGR._    _Jeremy S. Bell_
Depositor Printed Name & Title    IMRM Printed Name & Title

*Confidential*                                                                    *Page 1*

# SCHEDULE A

This Schedule A is made part of the Customer Agreement between Iron Mountain Information
Management, Inc. and Delphi Harrison Thermal Systems.

| | |
|---|---|
| Effective Date: | July 14, 2003 |
| District Name: | Cincinnati |
| District Number: | 03221 |
| Customer Name: | Delphi Harrison Thermal Systems |
| Customer Number: | OV744 |

## VAULT STORAGE PRICING

Secure Vault space for the storage of records.

$1.00 per cubic foot per month

**Storage Minimum**

$75.00 per month

Storage charges will be billed monthly in advance.

## MANAGEMENT SERVICES PRICING

Services during normal business hours, Monday through Friday 8:00
a.m. to 5:00 p.m., excluding holidays.

**New Records (receiving and entry)**—The receipt of additional
customer records resulting in an increase to the customer storage
balance:

$ 1.25 per cubic foot

**Retrievals/Refiles**—The temporary retrieval of records from, or return
to, storage. (Rush applies to retrievals only):

| | |
|---|---|
| *Standard* | $1.25 per cubic foot |
| *Standard* | $2.75 per file from carton |
| *Rush* | $3.75 per cubic foot |
| *Rush* | $5.00 per file from carton |

**Destruction**—The preparation, documentation, and physical destruction
of records:

$2.00 per cubic foot plus retrieval

© *2003 Iron Mountain Information Management, Inc. All rights reserved.*

*Confidential*                                                    *Page 2*

**Permanent Withdrawal**—The preparation, documentation, and permanent withdrawal of records:

$2.50 per cubic foot plus retrieval

**Miscellaneous Services**

*Labor*    $28.50 per labor hour

**Individual List**—Data entry of file descriptions:

$.30 per file

**Service Minimum**

$5.00 per transaction

Management services will be billed monthly in arrears.

## TRANSPORTATION PRICING

**Delivery**

*Next Day*

$12.00 per transportation visit, $1.00 per cubic foot/file
Call by 3:00 p.m. for delivery next day by 5:00 p.m.

*Half Day*

$16.00 per transportation visit, $1.00 per cubic foot/file
Call by 10:00 a.m. for delivery same day by 5:00 p.m.

*Emergency Visit (Rush)*

$35.00 per transportation visit, $1.00 per cubic foot/file
Delivery within 3 hours of request

*After Hours/Weekends/Holidays*

$60.00 per transportation visit, $1.00 per cubic foot/file
Delivery within 4 hours of request

**Pickup**

*On Demand (Scheduled within 48 hours of request)*

$12.00 per transportation visit, $1.00 per cubic foot/file

Transportation charges will be billed monthly in arrears.

Service activity volumes substantially exceeding customer norms may result in overtime charges with customer authorization.

All other services, not specifically listed, will be charged at Iron Mountain's then current rates.

© 2003 Iron Mountain Information Management, Inc. All rights reserved.

*Confidential*                                                      *Page 3*

## COMPUTER AND REPORTING CHARGES

Included in the customer's storage rate are the Monthly Supplemental
Reports. All other reports (including special sorting and special file
listings) are subject to the computer listing charge and/or initial setup,
reporting, or download fees, quoted by job scope.

## INITIAL TRANSFER/RECEIVING AND ENTRY
## (ONE TIME CHARGE)

**Initial Transfer/Receiving and Entry**—The pickup, transport and
receipt of customer records establishing the initial storage balance.
Initial transfer costs apply to the estimated initial transfer volume
indicated below, transferred within three months of program
implementation:

$1.25 per cubic foot; Initial Volume: 8632

**Labor**—Initial labor to prepare cartons or files for transfer to storage:

$28.50 per labor hour

© 2003 Iron Mountain Information Management, Inc. All rights reserved.

### AFFILIATE ASSIGNMENT
### TO
### RECORDS MANAGEMENT AND SERVICE AGREEMENT

_DELPHI THERMAL SYSTEMS_    Agrees to store records at Iron Mountain
Records Management, Inc. under the established contract with account number
_DM 700_

**CHOOSE ONE OF THE FOLLOWING OPTIONS:**

☐ Iron Mountain shall provide, and Depositor agrees to accept, the same rates, services and
terms/conditions as outlined in the existing agreement.

☒ Iron Mountain shall provide, and Depositor agrees to accept, the same terms and
conditions as outlined in the existing agreement. Storage and services will be performed
by Iron Mountain in accordance with the rates listed in Schedule A dated
_April 11, 2003_ attached to this agreement. To the extent that this Schedule A
conflicts with any other document, the terms and conditions of this Schedule A shall
prevail. The storage rate is _.14_ /CF.

New Account's Company Name and Address:

_DELPHI HARRISON THERMAL SYSTEM_
_3600 DRYDEN RD_
_MORAINE OHIO 45438_

IRON MOUNTAIN RECORDS MGMT., INC.
1000 CAMPUS DRIVE
COLLEGEVILLE, PA 19426

_OH744_
IMRM Number Assigned to Depositor

_Kristie A Hines    6/12/2003_
Depositor Signature                     Date

_Kristie A Hines_
Depositor Printed Name & Title

_6-16-03_
IMRM Signature                     Date

_Jeremy J. Balch - RVP_
IMRM Printed Name & Title

# SCHEDULE A

This Schedule A is made part of the Customer Agreement between Iron Mountain Information Management, Inc. and Delphi Harrison Thermal Systems.

Effective Date:         April 11, 2003
District Name:          Cincinnati
District Number:        03221
Customer Name:      Delphi Harrison Thermal Systems
Customer Number:    OH744

## STORAGE PRICING

Secure space for the storage of records.

$.14 per cubic foot per month

**Storage Minimum**

$75.00 per month

Storage charges will be billed monthly in advance.

## MANAGEMENT SERVICES PRICING

Services during normal business hours, Monday through Friday 8:00 a.m. to 5:00 p.m., excluding holidays.

**New Records (receiving and entry)**—The receipt of additional customer records resulting in an increase to the customer storage balance:

$ 1.25 per cubic foot

**Retrievals/Refiles**—The temporary retrieval of records from, or return to, storage.  (Rush applies to retrievals only):

| | |
|---|---|
| *Standard* | $1.25 per cubic foot |
| *Standard* | $2.75 per file from carton |
| *Rush* | $3.75 per cubic foot |
| *Rush* | $5.00 per file from carton |

**Destruction**—The preparation, documentation, and physical destruction of records:

$2.00 per cubic foot plus retrieval

© *2003 Iron Mountain Information Management, Inc. All rights reserved.*

**Permanent Withdrawal**—The preparation, documentation, and permanent withdrawal of records:

$2.50 per cubic foot plus retrieval

**Miscellaneous Services**

*Labor*    $28.50 per labor hour

**Individual List**—Data entry of file descriptions:

$.30 per file

**Service Minimum**

$5.00 per transaction

Management services will be billed monthly in arrears.

## TRANSPORTATION PRICING

**Delivery**

*Next Day*

$12.00 per transportation visit, $1.00 per cubic foot/file
Call by 3:00 p.m. for delivery next day by 5:00 p.m.

*Half Day*

$16.00 per transportation visit, $1.00 per cubic foot/file
Call by 10:00 a.m. for delivery same day by 5:00 p.m.

*Emergency Visit (Rush)*

$35.00 per transportation visit, $1.00 per cubic foot/file
Delivery within 3 hours of request

*After Hours/Weekends/Holidays*

$60.00 per transportation visit, $1.00 per cubic foot/file
Delivery within 4 hours of request

**Pickup**

*On Demand (Scheduled within 48 hours of request)*

$12.00 per transportation visit, $1.00 per cubic foot/file

Transportation charges will be billed monthly in arrears.

Service activity volumes substantially exceeding customer norms may result in overtime charges with customer authorization.

All other services, not specifically listed, will be charged at Iron Mountain's then current rates.

© 2003 Iron Mountain Information Management, Inc. All rights reserved.

## COMPUTER AND REPORTING CHARGES

Included in the customer's storage rate are the Monthly Supplemental Reports. All other reports (including special sorting and special file listings) are subject to the computer listing charge and/or initial setup, reporting, or download fees, quoted by job scope.

## INITIAL TRANSFER/RECEIVING AND ENTRY (ONE TIME CHARGE)

**Initial Transfer/Receiving and Entry**—The pickup, transport and receipt of customer records establishing the initial storage balance. Initial transfer costs apply to the estimated initial transfer volume indicated below, transferred within three months of program implementation:

$1.25 per cubic foot; Initial Volume: 8632

**Labor**—Initial labor to prepare cartons or files for transfer to storage:

$28.50 per labor hour

© 2003 *Iron Mountain Information Management, Inc. All rights reserved.*



PURCHASE
PAGE       1

###ESTABLISHED PER RELEASE###

ORDER: DWB00380 003
### A L T E R A T I O N ###
This Number Must Appear On All Invoices, Packing Slips,
Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips and
Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel
Post.

PHONE: 248-813-2087
M GERDY                    Buyer
DW04
PURCHASING AGENT

ORDER DATE    04/09/02
ALTERATION ISSUE DATE    05/05/03
ALTERATION EFFECTIVE    05/05/03

SHIP VIA    UNITED PARCEL SERVICE-GENERAL

F.O.B.    DESTINATION UNLESS OTHERWISE INDICATED
SHIPPING POINT - FREIGHT COLLECT

SHIP TO:

INVOICE TO:

#SEE BODY OF ORDER/ALTERATION#

DELPHI AUTOMOTIVE SYSTEMS
WORLD HEADQUARTERS
5725 DELPHI DRIVE
TROY, MI
48096-2815            US

VENDOR NUMBER 05-880-5110
TO:  IRON MOUNTAIN INC
2937 GENERAL MOTORS BLVD E
DETROIT MI
48202-3149

PAYMENT TERMS
NET     2ND DAY OF 2ND MONTH

ITEM
SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/ % | BASE UNIT PRICE | PRICE MULTIPLE | UNIT MEAS.

*****************************************************************

* THIS IS A REPRINT DOCUMENT REQUESTED BY
*           MARC GERDY
*****************************************************************

#AREA BLANKET DWB00380 HAS BEEN ALTERED AS FOLLOWS#

EFFECTIVE DATE: 05/01/03  EXPIRATION DATE: 04/30/06

THIS ALTERATION LISTED IN THE FOLLOWING CURRENCY
USD DOLLAR (UNITED STATES)

CONTRACT DATES CORRECTED TO 5-1-03 TO 4-30-06. MLG
DW04 5-5-03. CORRECTION TO CLAUSE SCREEN.
REVIEW WITH LEGAL AND IRON MOUNTAIN.

FROM 05/01/03 TO 04/30/06. SPECIFIC QUANTITIES OR
AGAINST THIS ORDER. THIS BLANKET ORDER DOES NOT PLACE
ANY OBLIGATIONS ON BUYER TO PURCHASE ANY MINIMUM
QUANTITIES OF GOODS OR SERVICES AND BUYER SHALL BE
FREE TO PURCHASE THE SAME OR SIMILAR GOODS AND

CONTINUE PAGE    2

M000000  USER: MARC GERDY

ORIGINAL

SMDL03 01/15/2003

# PURCHASE ORDER

PAGE 1

### A L T E R A T I O N ###
### DWB00380 001 ###

This Number Must Appear On All Invoices, Packing Slips,
Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

PHONE: 248-813-2087
M GERDY   Buyer
DW04

PURCHASING AGENT

| ORDER DATE | 04/09/02 |
| ALTERATION ISSUE DATE | 02/25/03 |
| ALTERATION EFFECTIVE | 02/25/03 |

SHIP TO:

TO:
DELPHI AUTOMOTIVE SYSTEMS
WORLD HEADQUARTERS
5725 DELPHI DRIVE
TROY, MI
48098-2815
US

INVOICE TO:

VENDOR NUMBER 05-880-5110
IRON MOUNTAIN INC
2937 GENERAL MOTORS BLVD E
DETROIT MI
48202-3149

##ESTABLISHED PER RELEASE###

#SEE BODY OF ORDER/ALTERATION#

This order is not binding until accepted. Acceptance should be executed an acknowledgment copy which should be returned to Buyer.
On the reverse side hereof are the terms and conditions to which Seller agrees by acceptance of this order.
This order, including the terms and conditions on its face and reverse side hereof, contains the complete and final agreement between Buyer and Seller and no other agreement in any way modifying any of said terms and conditions will be binding upon the Buyer unless made in writing and signed by Buyer's authorized representative.
If Government Contract Number is Shown Hereon, additional Terms and Conditions Attached Hereto Apply.

| F.O.B. | DESTINATION UNLESS OTHERWISE INDICATED |
| SHIPPING POINT - FREIGHT COLLECT |
| SHIP VIA | UNITED PARCEL SERVICE-GENERAL |

PAYMENT TERMS
NET   2ND DAY OF 2ND MONTH

| ITEM SEQUENCE | QUANTITY ORDERED | NOUN NAME | ITEM IDENTIFICATION NO. | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/ % | BASE UNIT PRICE | PRICE UNIT/MULTIPLE | MEAS. |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ***************************************** | | | | | | |
| | | | | * THIS IS A REPRINT DOCUMENT REQUESTED BY * | | | | | | |
| | | | | *                 MARC GERDY              * | | | | | | |
| | | | | ***************************************** | | | | | | |
| | | | | | | | | | | |
| | | | | #AREA BLANKET DWB00380 HAS BEEN ALTERED AS FOLLOWS# | | | | | | |
| | | | | | | | | | | |
| | | | | EFFECTIVE DATE: 04/01/03  EXPIRATION DATE: 03/31/06 | | | | | | |
| | | | | | | | | | | |
| | | | | THIS ALTERATION LISTED IN THE FOLLOWING CURRENCY | | | | | | |
| | | | | USD  DOLLAR (UNITED STATES) | | | | | | |
| | | | | | | | | | | |
| | | | | CONTRACT DATES CORRECTED TO 4-1-03 TO 3-31-06. MLG | | | | | | |
| | | | | | | | | | | |
| | | | | FOR INVOICING PROBLEMS UNDER THIS PURCHASE ORDER | | | | | | |
| | | | | CONTACT SUPPLIER RELATIONS AT (248) 874-4636 | | | | | | |
| | | | | DO NOT CONTACT THE BUYER UNLESS SUPPLIER RELATIONS | | | | | | |
| | | | | INSTRUCTS YOU TO DO SO. YOU WILL NEED YOUR INVOICE | | | | | | |
| | | | | NUMBER AS WELL AS THE PURCHASE ORDER NUMBER. | | | | | | |
| | | | | | | | | | | |
| | | | | *************ATTENTION*************ATTENTION************* | | | | | | |
| M000000 | USER: MARC GERDY | | | | | | | | 2 | |

CONTINUE PAGE

ORIGINAL

SMDL03 01/15/2003

# PURCHASE ORDER ##ALTERATION###

### DWB00380 002 ###

PAGE 1

This Number Must Appear On All Invoices, Packing Slips,
Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be as shown on Packing Slips and
Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel
Post.

PHONE: 248-813-2087

| ORDER DATE | |
|---|---|
| 04/09/02 | M GERDY |
| ALTERATION ISSUE DATE | Buyer |
| 05/05/03 | DW04 |
| ALTERATION EFFECTIVE DATE | |
| 05/05/03 | |

PURCHASING AGENT

##ESTABLISHED PER RELEASE###

SHIP TO:

DELPHI AUTOMOTIVE SYSTEMS
WORLD HEADQUARTERS
5725 DELPHI DRIVE
TROY, MI
48098-2815
US

INVOICE TO:

#SEE BODY OF ORDER/ALTERATION#

TO:
VENDOR NUMBER 05-880-5110
IRON MOUNTAIN INC
2937 GENERAL MOTORS BLVD E
DETROIT MI
48202-3149

PAYMENT TERMS
NET    2ND DAY OF 2ND MONTH

F.O.B.    DESTINATION UNLESS OTHERWISE INDICATED
SHIPPING POINT - FREIGHT COLLECT

SHIP VIA
UNITED PARCEL SERVICE-GENERAL

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/ % | BASE UNIT PRICE | PRICE MULTIPLE | UNIT MEAS. |
|---|---|---|---|---|---|---|---|---|---|---|
| M000000 | | | | ***************************************** | | | | | | |

*************************************************
* THIS IS A REPRINT DOCUMENT REQUESTED BY *
* MARC GERDY *
*************************************************

#AREA BLANKET DWB00380 HAS BEEN ALTERED AS FOLLOWS#

EFFECTIVE DATE: 05/01/03  EXPIRATION DATE: 03/31/06

THIS ALTERATION LISTED IN THE FOLLOWING CURRENCY
USD DOLLAR (UNITED STATES)

CONTRACT DATES CORRECTED TO 5-1-03 TO 3-31-06. MLG
DW04 5-5-03.

FROM 04/01/03 TO 03/31/06. SPECIFIC QUANTITIES OR

USER: MARC GERDY

LAST PAGE

ORIGINAL

SMDL03 01/15/2003