Hearing Date: June 26, 2007 at 10:00 a.m. (Eastern)
Response Date and Time: June 19, 2007 at 4:00 p.m. (Eastern)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone:  (212) 506-1700
Facsimile:   (212) 506-1800

*Counsel for Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                                )
In re:                                                          )    Chapter 11
                                                                )
DELPHI CORPORATION, et al.,                                     )    Case No. 05-44481 (RDD)
                                                                )
                    Debtors.                                    )    (Jointly Administered)
                                                                )
---------------------------------------------------------------x

**OMNIBUS RESPONSE OF CONTRARIAN FUNDS, LLC TO
DEBTORS' FOURTEENTH AND FIFTEENTH OMNIBUS CLAIMS OBJECTIONS**

Contrarian Funds, LLC ("Contrarian"), by and through its undersigned counsel, hereby files this omnibus response (the "Response") to the *Debtors' Fourteenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims and (B) Protective Claims* (the "Fourteenth Omnibus Objection") and the *Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims and Untimely Tax Claims, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims*

*Asserting Reclamation* (the "Fifteenth Omnibus Objection"). In support of this Response, Contrarian respectfully states as follows:

**PRELIMINARY STATEMENT**

1. On May 22, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Fourteenth Omnibus Objection and the Fifteenth Omnibus Objection (collectively, the "Omnibus Objections").

2. In the Fourteenth Omnibus Objection, the Debtors allege that proof of claim number 6321 ("PoC 6321") asserted against Delphi Corporation ("Delphi Corp.") and proof of claim number 16541 ("PoC 16541") asserted against Delphi Automotive Systems, LLC ("DAS LLC") are duplicative and ask that the Court disallow and expunge PoC 16541, leaving PoC 6321 as the surviving claim. Contrarian opposes this relief.

3. In the Fifteenth Omnibus Objection, the Debtors ask the Court to modify certain of Contrarian's proofs of claim, reserving the right to seek subsequent disallowance of those claims. (Fifteenth Omnibus Objection ¶ 38). With respect to proof of claim number 813 ("PoC 813"), Contrarian consents to the proposed modification, *provided however*, that this claim is allowed, in full, as proposed by the Debtors.

4. With respect to proofs of claim numbers 5102, 7235, 7237, 7367, 7369, 8024, 8030, 10579, 10580, 12695, and 16544 (collectively, the "Disputed Modified Claims"), the Debtors set forth no evidence to contradict the validity and amount of these proofs of claim and, thus, Contrarian opposes any modifications and requests that the Court allow these claims, in full, as they are asserted. With respect to PoC 813 and the Disputed Modified Claims, Contrarian requests an Order allowing and directing payment of these claims in full, rather than modifying them subject to further disallowance.

**ARGUMENT**

5. Contrarian hereby timely submits this Response to the Omnibus Objections and requests that the Court overrule the Omnibus Objections as set forth herein.

### A. THE FOURTEENTH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO POC 16541.

6. In the Fourteenth Omnibus Objection, the Debtors allege that PoC 6321 asserted in the amount of $31,991 against Delphi Corp. and PoC 16541 asserted in the amount of $31,991 against DAS LLC are duplicative and ask that the Court disallow and expunge PoC 16541, leaving PoC 6321 as the surviving claim.

7. As an initial matter, the Debtors have provided (and Contrarian is unaware) of any basis to reclassify this obligation from DAS LLC, an operating company, to Delphi Corp., a holding company. On this basis, the Fourteenth Omnibus Objection should be overruled.

8. Moreover, in the *Debtors' Eleventh Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification* (the "Eleventh Omnibus Objection"), the Debtors sought to modify PoC 6321 by reducing the claim amount from $31,991 to $25,416. In its response to the Eleventh Omnibus Objection, Contrarian opposed this reduction.

9. Contrarian and the Debtors are currently negotiating resolution of the issues affecting allowance of PoC 6321 (i.e., the amount and proper Debtor). The relief requested in the Fourteenth Omnibus Objection with respect to PoC 16541 should not be entered while the parties negotiate resolution of these issues and while determination of the relief sought in the Eleventh Omnibus Objection, as to PoC 6321, remains *sub judice*. Until such time, the Court should not expunge PoC 16541.

**B.     THE FIFTEENTH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO ALL PROPOSED CLAIMS "MODIFICATIONS".**

**1.     THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS".**

10.   In the Fifteenth Omnibus Objection, the Debtors ask the Court to modify the claims listed on Exhibits D-1, D-2, and D-3.  The Debtors do not ask the Court to allow these claims in the modified amounts, but rather to reduce the claims and to reserve the Debtors' ability later to seek disallowance.  This request must be denied because there is no statutory or other authority justifying such relief.  Indeed, the Debtors have cited none in the Fifteenth Omnibus Objection.

11.   Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption.  *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (2nd Cir. BAP 2000)).

12.   The Debtors have *not* refuted the allegations essential to the proposed modified claims.  They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of these claims.  Moreover, there is no basis within the Federal Rules of Bankruptcy Procedure or the Bankruptcy Code for this procedure.  The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds.  Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful.  This "two bites at the apple" approach would permit the Debtors to

4

modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Contrarian, and this Court.

### 2.    POC 813.

13.    In the Fifteenth Omnibus Objection, the Debtors propose modifying PoC 813 from a $963,099.68 secured claim against DAS LLC to a $363,099.68 unsecured claim against DAS LLC. Contrarian consents to such modification, *provided however,* that the Court enter an Order allowing PoC 813 in the amount of $363,099.68 as an unsecured claim against DAS LLC. If the Court does not so allow PoC 813, Contrarian opposes any modification to this claim.

### 3.    THE DISPUTED MODIFIED CLAIMS.

14.    With respect to the following proofs of claim numbers -- the Disputed Modified Claims -- Contrarian opposes *any* modification to the claim amount, classification, or Debtor entity and requests that the Court allow Contrarian's claims in full as asserted (both as to amount and classification) and against the Debtor entity asserted:

| Proof of Claim Number | Asserted Debtor Entity | Asserted Claim Amount |
|---|---|---|
| 5102 | DAS LLC | $63,992.15 (unsecured) |
| 7235 | DAS LLC | $27,708.00 (unsecured) |
| 7237 | DAS LLC | $241,702.84 (unsecured) |
| 7367 | DAS LLC | $56,625.90 (unsecured) |
| 7369 | DAS LLC | $17,659.83 (unsecured) |
| 8024 | DAS LLC | $142,150.86 (unsecured) |
| 8030 | DAS LLC | $135,220.81 (unsecured) |
| 10579 | Delphi Corp. | $751,115.95 (secured) $9,001.06 (priority) |
| 10580 | DAS LLC | $203,432.68 (secured) |
| 12695 | DAS LLC | $120,459.00 (unsecured) |
| 16544 | DAS LLC | $51,817.86 (unsecured) |

5

15. The Debtors have shown no basis, whatsoever, for reduction or reclassification of the Disputed Modified Claims; nor is Contrarian aware of any such basis. Unless and until the Debtors provide evidence of the basis for their objections (at which time Contrarian would have the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity. Thus, the Disputed Modified Claims should be allowed as filed in full.

16. Contrarian reserves the right to amend or supplement this Response.

WHEREFORE for the foregoing reasons, Contrarian respectfully requests that the Court enter an Order (i) overruling the Omnibus Objections to the extent set forth herein; (ii) continuing adjudication of the Fourteenth Omnibus Objection relating to PoC 16541; (iii) allowing PoC 813 as a general unsecured claim of DAS LLC in the amount of $363,099.68; (iv) allowing the Disputed Modified Claims in the amounts asserted in the relevant proofs of claim; and (v) granting Contrarian such other and further relief as is just proper.

Dated: June 19, 2007
      New York, New York

                        KASOWITZ, BENSON, TORRES
                                & FRIEDMAN LLP

By: /s/ Jeffrey R. Gleit
David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel for Contrarian Funds, LLC*

6