**WEILAND, GOLDEN,**
**SMILEY, WANG EKVALL & STROK, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Lei Lei Wang Ekvall
Kyra E. Andrassy
Telephone: (714) 966-1000

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re<br><br>DELPHI CORPORATION, et al,<br><br><br><br><br>Debtor. | Case No. 05-44481-RDD<br><br>Chapter 11 Case<br><br>(Jointly Administered) |

**OPPOSITION OF TOSHIBA AMERICA ELECTRONIC COMPONENTS INC.**
**TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE)**
**PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007**
**TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS,**
**(B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS,**
**(C) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIM, AND**
**(D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS**
**SUBJECT TO MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION ("FIFTEENTH**
**OMNIBUS CLAIMS OBJECTION")**

**TO THE CLERK OF THE BANKRUPTCY COURT, THE DEBTORS, AND ALL OTHER PARTIES IN**

**INTEREST:**

Toshiba America Electronic Components Inc. ("TAEC") files this opposition to the Debtors'

Fifteenth Omnibus Claims Objection as follows:

The Debtors' Fifteenth Omnibus Claims Objection asserts that TAEC's Claim No. 12239 in the

amount of $599,351.09 is overstated. On or about April 30, 2007, the Debtors and TAEC reached an

agreement whereby the amount of Claim No. 12239 is adjusted and allowed as a general unsecured claim

in the amount of $597,611.14.  A copy of the letter agreement which sets forth the complete terms of the

agreement is attached hereto as Exhibit "1."

DATED:  June 14, 2007                    WEILAND, GOLDEN,
                                         SMILEY, WANG EKVALL & STROK, LLP


                                         By: _____
                                             KYRA E. ANDRASSY
                                             Attorneys for Creditor Toshiba America
                                             Electronic Components, Inc.

# DELPHI

April 30, 2007

**VIA REGULAR MAIL**

Lei Lei Wang Ekvall, Esq.
Weiland, Golden, Smiley, Wang Ekvall & Strok
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626

Re:    Delphi Corporation, *et al.*,
       Chapter 11 Case No. 05-44481

Dear Ms. Wang Ekvall,

      This letter agreement memorializes the resolution of Proof of Claim 12239 filed by Toshiba America Electronic Components, Inc. ("Toshiba") against Delphi Automotive Systems LLC ("DAS LLC").

      On October 8, 2005 (the "Petition Date"), Delphi Corporation ("Delphi"), together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York.

      On January 20, 2006, DAS LLC filed its Schedules of Assets and Liabilities. Therein, DAS LLC scheduled an unsecured non-priority claim in favor of Toshiba in the amount of $597,611.14 (the "Scheduled Claim").

      On July 28, 2006, Toshiba filed Proof of Claim 12239 against DAS LLC, asserting an unsecured non-priority claim in the amount of $599,351.09 (the "Filed Claim").

      In order to reconcile the discrepancy between the Scheduled Claim and the Filed Claim (collectively, the "Claim") and otherwise resolve the Claim, DAS LLC and Toshiba have agreed to enter into this letter agreement (the "Letter Agreement").

EXHIBIT ___/___ PAGE ___3___

April 30, 2007
Page 2

DAS LLC is authorized to enter into the Letter Agreement either because the Claim involves an ordinary course controversy or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise or Settle Certain Classes of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by thus Court on June 29, 2006.

In consideration of the premises set forth above and by execution of this Letter Agreement, DAS LLC and Toshiba agree as follows:

1) <u>Allowed General Unsecured Non-Priority Claim and Waiver Of Rights</u>.  DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of Five Hundred Ninety-Seven Thousand, Six Hundred and Eleven Dollars and Fourteen Cents ($597,611.14).  The Claim shall be treated as a pre-petition general unsecured non-priority claim.  Toshiba, on its behalf and on behalf of its former, current, and future officers, directors, owners, employees, and other agents (the "Toshiba Releasing Parties"), hereby acknowledges that the Claim is fixed at Five Hundred Ninety-Seven Thousand, Six Hundred and Eleven Dollars and Fourteen Cents ($597,611.14) and hereby waives any and all rights to assert that the Claim is anything but a pre-petition general unsecured non-priority claim against any and all of the Debtors.  Except for the obligations, rights, and duties created by this Letter Agreement, the Toshiba Releasing Parties and the Debtors further release and waive any right to assert against one another any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim.  DAS LLC agrees that neither it nor any other Debtors will move for reconsideration of any order allowing the Claim.  The foregoing release and waiver by the Toshiba Releasing Parties is not a release or waiver of the Toshiba Releasing Parties' rights to object to, oppose, or defend against actions taken or proposed to be taken by the Debtors with respect to matters unrelated to the allowance of the Claim.   The foregoing release and waiver by the Debtors is not a release or waiver of the Debtors' claims relating to goods supplied by the Toshiba Releasing Parties that are the subject of the Claim.

2) <u>Governing Law</u>.  This Letter Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the United States Bankruptcy Code and the laws of the State of Michigan, without regard to conflicts of law principles.

3) <u>Representations and Warranties</u>.  The parties hereto acknowledge that they are executing this Letter Agreement without reliance on any representations, warranties, or

EXHIBIT __1__  PAGE __4__

April 30, 2007
Page 3

commitments other than those representations, warranties, and commitments expressly
set forth in this Letter Agreement.

4) <u>Entire Understanding</u>.  This Letter Agreement constitutes the entire understanding of
the parties in connection with the subject matter hereof.  This Letter Agreement may not
be modified, altered, or amended except by an agreement in writing signed by the
Debtors and Toshiba.

5) <u>No Party Deemed Drafter</u>. This Letter Agreement is being entered into among
competent persons who are experienced in business and represented by counsel, and
has been reviewed by Toshiba and its counsel.  Therefore, any ambiguous language in
this Letter Agreement will not be construed against any particular party as the drafter
of such language.

Accepted and agreed to by:

Delphi Automotive Systems LLC          Toshiba America Electronic Components, Inc.

By: _Dean R Unrue_                     By: _Gerard V Curtin_
Name: _DEAN R. UNRUE_                  Name:  Gerard V. Curtin, Jr.
Title: _CLAIMS ADMINISTRATOR_          Title:  Assistant General Counsel
Dated: _5/1___, 2007                   Dated: April 30 ___, 2007

EXHIBIT __1__  PAGE __5__

## PROOF OF SERVICE

STATE OF CALIFORNIA,

COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of
18 and not a party to the within action; my business address is 650 Town Center Drive,
Suite 950, Costa Mesa, California 92626.

On June 14, 2007, I served the foregoing document described as OPPOSITION
OF TOSHIBA AMERICA ELECTRONIC COMPONENTS INC. TO DEBTORS'
FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §
502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY
DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS
AND RECORDS, (C) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIM, AND
(D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO
MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION
("FIFTEENTH OMNIBUS CLAIMS OBJECTION")  on the interested parties in this
action by placing true copies thereof enclosed in sealed envelopes addressed as stated
on the attached mailing list.

[✓]   BY MAIL

[ ]   I deposited such envelope in the mail at Costa Mesa, California. The
envelope was mailed with postage thereon fully prepaid.

[✓]   I deposited such envelope with the firm for collection and processing.  I
am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing.  It is deposited with U.S. postal service on
that same day with postage thereon fully prepaid at Costa Mesa,
California in the ordinary course of business.  I am aware that on motion
of the party served, service is presumed invalid if postal cancellation date
or postage meter date is more than one day after date of deposit for
mailing in affidavit.

Executed on June 14, 2007, at Costa Mesa, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

[✓]   (Federal) I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.  I declare under the penalty of
perjury under the laws of the United States of America that the above is true and
correct.

Terri Jones