KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
Robert N. Michaelson, Esq. (RM 5312)
599 Lexington Avenue
New York, NY  10022-6030
(212) 536-3900
(212) 536-3901 (fax)
    and
David A. Murdoch, Esq. (PA I.D. No. 00239)
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                           :        **Chapter 11**
**In re:**                                               :
                                                           :        **Case No. 05-44481 (RDD)**
**DELPHI CORPORATION, et al.,**        :        **(Jointly Administered)**
                                                           :
                 **Debtors**                       :
-------------------------------------------------------------x

## RESPONSE OF PPG INDUSTRIES, INC. TO
## DEBTORS' FIFTEENTH OMNIBUS OBJECTION

PPG Industries, Inc. ("PPG"), by its undersigned attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, respectfully submits this response in support of the allowance of Proof of Claim No. 10710 against Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and in opposition to the Fifteenth Omnibus Objection (Substantive) pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims not Reflected on Debtors' Books and Records, (C) Untimely Claims and Untimely Tax Claims, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (the "Claim Objection") filed by the Debtors, stating as follows:

## FACTUAL BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*) in the United States Bankruptcy Court for the Southern District of New York.

2. Prior to the Petition Date, PPG provided certain goods to the Debtors pursuant to various blanket purchase orders.

3. On July 25, 2006, PPG timely filed a proof of claim against Debtors in the amount of $574,896.85 (the "PPG Claim") representing amounts owing for prepetiton goods delivered. The PPG Claim is proof of claim number 10710. A true and correct copy of PPG's proof of claim as filed is attached hereto as Exhibit A.

4. On May 22, 2007, the Debtors filed their Claim Objection, and sought to modify and disallow part of the PPG Claim on the alleged grounds that include, but according to Debtors are not limited to, the following: the claims subject to modification "(a) [do] not account for amounts that may have been paid or credited against such [claims] prior to the commencement of these cases, (b) may include postpetition liabilities, (c) [do] not account for amounts that may have been paid or credited against such [claims] following the commencement of these cases, (d) [were] docketed and filed against the wrong Debtor entity, and/or (e) [are] misclassified as a priority or secured claim." Claims Objection ¶34.

5. Debtors are seeking to reduce the PPG Claim by $114,388.93 from $574,896.85 to $460,507.92. Debtors have failed to (a) supply PPG with adequate documentation, (b) reconcile the amount of the proposed reduction, and (c) offer sufficient reasons for their attempt to reduce the PPG Claim by $114,388.93.

6. Debtors' Proof of Claim Analyst, Mark Carroll, has, without providing adequate documentation, proof or justification, asserted that PPG should attempt to collect invoices aggregating $60,442.14 directly from DSSI, since the Debtors apparently paid DSSI instead of PPG, has denied Invoice Number 650574 for $20,836.66 and Invoice Number 651262 for $22,806.00 for alleged lack of a Delphi purchase order, and has deducted Invoice 666454 by $4,230.77, for apparent lack of a proof of delivery form. Delphi has not accounted for $6,073.36 to which it has objected. *See* the email from Mark Carroll to Chris Canham at PPG, dated Monday, June 11, 2007 at 11:39 A.M. (Exhibit B).

### THE DEBTORS' CLAIM OBJECTION SHOULD BE OVERRULED WITH RESPECT TO THE PPG CLAIM

7. Apart from the generic boilerplate quoted in paragraph 4 above, the Claim Objection states no specific reason or reasons why the PPG Claim should not be allowed. The PPG Claim was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure and, as such, constitutes "*prima facia* evidence of the validity and amount" of the PPG Claim. Rule 3001(f) of the Fed. R. Bankr. Proc.

8. In objecting to the PPG Claim, Debtors have the burden of proof to refute with adequate evidence allegations that are essential to the legal sufficiency of the PPG Claim. *In re King*, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004). Debtors' have provided no such evidence.

9. Because the Claim Objection falls short of the standard of proof required of a debtor or trustee, it should be overruled, and the PPG Claim should be allowed as filed.

10. Debtors' objection to the PPG Claim, as set forth in Exhibit B, does not account for $6,073.36 to which Debtors' objected. Additionally, Debtors' objection to the PPG Claim, as set forth in Exhibit B, does not explain why Debtors reimbursed or paid DSSI for the $60,442.12 owed to PPG instead of paying PPG directly.

3

11. Debtors allegedly objected to allowance of claims of $20,836.66 and $22,806.00, respectively, for invoices 650574 and 651262, because Debtors purportedly need a purchase order showing that they are responsible for these invoices since goods were shipped to Dura Automotive ("Dura"), at the instruction of the Debtors. Copies of said invoices are attached hereto as Exhibit C.

12. In response to Debtors' alleged reason for denying allowance of PPG's claim, PPG attaches herewith as Exhibit D blanket purchase order 550023134 (the "Blanket Purchase Order").

13. The Blanket Purchase Order shows part numbers 16639050 and 16639051 priced at $18,100.00 for 1000 units from November 1, 2002 until December 31, 2007. The Blanket Purchase Order requests that PPG meet all requirements. As a result, there is no purchase order from Debtors showing the request for the specific parts included in invoices 650574 and 651262. Under standard operating procedures between the parties, the Debtors' representative would have requested the release of the parts from PPG pursuant to the Blanket Purchase Order without further written documentation. Invoices 650574 and 651262 show parts 16639050 and 16639051 being sold to Debtors on May 27, 2003 and June 30, 2003 for $18.10 per unit as requested in the Blanket Purchase Order.

14. Debtors claim that a valid proof of delivery is needed for invoice number 666454 in order for PPG to prove its claim of $4,230.77. Invoice 666454 is attached hereto as Exhibit E. The proof of delivery for invoice 666454 is attached hereto as Exhibit F.

15. The invoices objected to by Debtors show a pattern of production that is typical for the automotive industry wherein one company contracts with several companies to complete different steps in the manufacturing process. In this case, Delphi Automotive Systems LLC

4

("Delphi Automotive") contracted with PPG to provide certain parts. PPG shipped certain of these parts at the request of Delphi Automotive to Dura. Dura would then add its part or provide its service and ship the entire part, including the PPG supplied part, to Delphi Automotive or such other location as Delphi Automotive requested. Regardless of where PPG shipped its parts, Delphi is contractually responsible for paying for such parts supplied by PPG in accordance with the Blanket Purchase Order.

## REPLIES

16. Any reply to this response should be served on PPG's undersigned counsel at their addresses set forth below.

WHEREFORE, PPG respectfully requests that the Court enter an Order overruling the Debtors' Claim Objection insofar as it relates to the PPG Claim, allowing the PPG Claim as filed, and granting such other and further relief as this Court deems just and proper.

Dated: June 19, 2007          Respectfully submitted,

                                       KIRKPATRICK & LOCKHART
                                       PRESTON GATES ELLIS LLP

                                       /s/Robert N. Michaelson
                                       Robert N. Michaelson (RM 5312)
                                       599 Lexington Avenue
                                       New York, NY 10022-6030
                                       (212) 536-3900
                                       (212) 536-3901 (fax)

                                       and

                                       David A. Murdoch
                                       Pa I.D. # 00239
                                       Henry W. Oliver Building
                                       535 Smithfield Street
                                       Pittsburgh, PA 15222

                                       Attorneys for PPG Industries, Inc.