Hearing Date and Time: June 26, 2007, at 10:00 a.m.<br>
Response Date and Time: June 19, 2007, at 4:00 p.m.

THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, NY 10281
Tel: (212) 912-7400
Jonathan D. Forstot (JF/5807)
Louis A. Curcio (LC/0242)

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: (704) 377-8346
David M. Schilli (NC Bar No. 17989)
*Admitted Pro Hac Vice*

*Attorneys for TT electronics, Plc. and
  BI Technologies Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE AND OBJECTION OF BI TECHNOLOGIES
CORPORATION TO DEBTORS' FIFTEENTH OMNIBUS CLAIMS
OBJECTION (SUBSTANTIVE) REGARDING CLAIM NO. 8372**

BI Technologies Corporation ("BI Technologies"), through its undersigned counsel, hereby submits this Response and Objection to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation ("Fifteenth

Omnibus Claims Objection") filed by the above-captioned debtors and debtors in possession (the "Debtors"), as it relates to Claim No. 8372. BI Technologies submits this Response and Objection pursuant to the Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089). In support thereof, BI Technologies respectfully represents as follows:

## BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On or about October 13, 2005, BI Technologies made a reclamation demand on the Debtors. Thereafter, BI Technologies consented to the Debtors' determination, subject to certain reserved defenses, that AB Automotive would have a Reconciled Reclamation Amount (as defined in the Amended Final Order Pursuant To 11 U.S.C. §§ 362, 503 And 546 And Fed. R. Bankr. Pro. 9019 Establishing Procedures For Treatment Of Reclamation Claims entered by the Court on November 4, 2005 (Docket No. 881) (the "Amended Final Reclamation Order")) in the amount of $6,210.00.

3. On June 22, 2006, BI Technologies filed a proof of claim against Delphi Automotive Systems, LLC, one of the Debtors, which claim was designated by the Debtors as Claim No. 8372 (the "Claim"). A copy of the Claim is attached hereto as <u>Exhibit A</u>.

4. As more particularly set forth in the Claim attached as <u>Exhibit A</u>, BI Technologies asserted a claim against Delphi Automotive Systems, LLC for product manufactured for and delivered to the Debtor and for related charges in the total amount of $788,628.25, which balance

was comprised of (a) a general unsecured claim in the amount of $782,418.25 (the "Unsecured Claim") and (b) a claim having administrative expense priority status under §§ 503 and 507(a)(2) of the Bankruptcy Code in the amount of $6,210.00 representing the Reconciled Reclamation Amount as that term is defined in the Amended Final Reclamation Order (the "Priority Claim").

5.      On or about December 18, 2006, BI Technologies sold virtually all of its Unsecured Claim (the "Transferred Unsecured Claim") to TPG Credit Opportunities Fund L.P. and TPG Credit Opportunities Investors L.P. (collectively, the "Transferees"), but retained $.25 of its Unsecured Claim.

6.      On or about June 1, 2007, the Transferees exercised their right to re-transfer that portion of the Transferred Unsecured Claim back to BI Technologies that the Debtors object to in their Fifteenth Omnibus Claims Objection. BI Technologies now owns that portion of the Transferred Unsecured Claim, which is hereinafter referred to as the "Retained Unsecured Claim."

## THE FIFTEENTH OMNIBUS CLAIMS OBJECTION

7.      On or about May 22, 2007, the Debtors filed the Fifteenth Omnibus Claims Objection in which they sought to modify the Claim, as set forth on Page 2 of Exhibit D-3 attached to the Fifteenth Omnibus Claims Objection, by eliminating the Retained Unsecured Claim, by reducing the Transferred Unsecured Claim by $72,368.26, from $782,418.00 to $710,049.99, and leaving unchanged the Priority Claim.

8.      According to Paragraph 44 of the Fifteenth Omnibus Claims Objection, the Debtors' objection to the Unsecured Claim is based, very generally, on one of the following grounds: (a) such claim amount is incorrect or overstated; (b) such claim was filed against the wrong Debtor; (c) such claim incorrectly asserts either secured or priority status; and/or (d) the

Debtors and BI Technologies have agreed to the amount of such claim by virtue of a Reclamation Agreement (as defined in Paragraph 44 of the Fifteenth Omnibus Claims Objection). The Debtors, however, have failed in the Fifteenth Omnibus Claims Objection to specifically detail the basis for any reduction in the amount of the Unsecured Claim.

9. Because the Fifteenth Omnibus Claims Objection fails to state with any particularity the bases for reducing the Claim or to provide any factual or legal justification supporting the proposed reduction of the Unsecured Claim, the Debtors' objection should be denied except to the extent acknowledged by BI Technologies as set forth in Paragraph 12 below. Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. Pro. 3001(f). The Debtors, as the objecting party, have the burden of overcoming the prima facie presumption, *see Carey v. Ernst*, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and the Debtors have failed to carry their burden because of the lack of particularity in the Fifteenth Omnibus Claims Objection.

10. Without waiving the foregoing, the Debtors' lack of specificity in the Fifteenth Omnibus Claims Objection makes it most difficult, if not impossible, for BI Technologies to respond with any particularity to the Fifteenth Omnibus Claims Objection. Accordingly, BI Technologies reserves its right to amend or supplement this Response and Objection when the Debtors provide BI Technologies with more specific information supporting the Fifteenth Omnibus Claims Objection as it relates to the Claim.

### The Unsecured Claim

11. BI Technologies believes, based on information received from the Debtors, that the Debtors seek to reduce the Unsecured Claim essentially on the bases that (a) they have paid

invoices totaling $67,374.50; (b) BI Technologies has failed to produce proof of delivery for a May 2005 shipment in the amount of $2,308.00; (c) there are pricing adjustments of $1,385.25 reducing amounts invoiced; and (d) there are miscellaneous other reductions in invoiced amounts of $1,300.51.

12. BI Technologies does not object to the proposed reduction of the Unsecured Claim by $26,357.26. The sole objection that BI Technologies has to the Fifteenth Omnibus Claims Objection relates to the proposed reduction of its Unsecured Claim for $46,011.00. The Debtors claim to have paid BI Technologies that amount in satisfaction of two pre-petition invoices included in the Claim. BI Technologies has confirmed that it received the two payments claimed to have been made by the Debtors. BI Technologies, however, had applied those payments to two other invoices then outstanding because (a) the Debtors' payment amounts did not correspond to invoices that the Debtors now claim to have paid (because of pricing adjustments now believed to have been taken by the Debtors), and (b) the Debtors failed to identify the invoices then being paid. Based on the documentation now provided by the Debtors, BI Technologies is prepared to concede that the payments totaling $46,011.00 were made and improperly applied to other, then-outstanding invoices, so long as the Unsecured Claim is not reduced by that amount because it will then have two, unpaid pre-petition invoices (Invoice No. 90060902 in the amount of $22,407.00 and Invoice No. 90054693 in the amount of $23,604.00) totaling $46,011.00 that should be included in its Unsecured Claim. True and correct copies of Invoice No. 90060902 and Invoice No. 90054693, along with proof of delivery for each, are attached hereto as <u>Exhibit B</u>. Under the circumstances presented, BI Technologies should be allowed to include in its allowed Claim the sum of $46,011.00.

## **CONCLUSION**

13.     For the foregoing reasons, BI Technologies requests that the Court overrule the Fifteenth Omnibus Claims Objection as it relates to the Claim and deny the Debtors the relief requested therein to the extent that they seek to reduce the Claim by more than $26,357.26. Alternatively, BI Technologies requests that the Court adjourn the hearing on the Fifteenth Omnibus Claims Objection as it relates to the Claim until the Debtors have substantiated the basis for their objection to the Claim and BI Technologies has had a reasonable opportunity to review such documentation and, if necessary or appropriate, file a more detailed Response.

WHEREFORE, based on the foregoing reasons, BI Technologies respectfully responds and objects to the Fifteenth Omnibus Claims Objection and (A) requests that the Court deny the Debtors the requested relief to the extent that they seek to reduce the Claim by more than $26,357.26 or (B), alternatively, requests that the Court adjourn the hearing on the Fifteenth Omnibus Claims Objection under the terms more particularly described in Paragraph 13 above, and that the Court award BI Technologies such other and further relief as is just and proper.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

Dated:  New York, New York
       June 19, 2007.

                              THACHER PROFFITT & WOOD LLP

                              By:    /s/ Louis A. Curcio
                                     Jonathan D. Forstot (JF/5807)
                                     Louis A. Curcio (LC/0242)

Two World Financial Center
New York, NY 10281
Tel:  (212) 912-7400

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel:  (704) 377-8346
David M. Schilli (NC Bar No. 17989)
*Admitted Pro Hac Vice*

*Attorneys for TT electronics, Plc. and BI Technologies Corporation*