**Hearing Date and Time: June 26, 2007, at 10:00 a.m.**
**Response Date and Time: June 19, 2007, at 4:00 p.m.**

THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, NY 10281
Tel:  (212) 912-7400
Jonathan D. Forstot (JF/5807)
Louis A. Curcio (LC/0242)

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel:  (704) 377-8346
David M. Schilli (NC Bar No. 17989)
*Admitted Pro Hac Vice*

*Attorneys for TT electronics, Plc. and AB Automotive, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE AND OBJECTION OF AB AUTOMOTIVE,**
**INC. TO DEBTORS' FIFTEENTH OMNIBUS CLAIMS**
**OBJECTION (SUBSTANTIVE)REGARDING CLAIM NO. 14239**

AB Automotive, Inc. ("AB Automotive"), through its undersigned counsel, hereby submits this Response and Objection to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation ("Fifteenth Omnibus Claims Objection") filed by the above-captioned debtors and debtors in possession (the "Debtors"), as it

relates to Claim No. 14239.  AB Automotive submits this Response and Objection pursuant to the Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089).  In support thereof, AB Automotive respectfully represents as follows:

## BACKGROUND

1.      On October 8 and 14, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      On or about October 13, 2005, AB Automotive made a reclamation demand on the Debtors.  Thereafter, AB Automotive consented to the Debtors' determination, subject to certain reserved defenses, that AB Automotive would have a Reconciled Reclamation Amount (as defined in the Amended Final Order Pursuant To 11 U.S.C. §§ 362, 503 And 546 And Fed. R. Bankr. Pro. 9019 Establishing Procedures For Treatment Of Reclamation Claims entered by the Court on November 4, 2005 (Docket No. 881) (the "Amended Final Reclamation Order")) in the amount of $2,171.90.

3.      AB Automotive and the Debtors are parties to two sole source supplier agreements assumed by the Debtors pursuant to the Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. Pro. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements entered by the Court on December 12, 2005 (Docket No. 1494) (the "Supplier Agreement Assumption Procedures Order"), and they have entered into an Assumption Agreement (as defined in the Supplier Agreement Assumption Procedures Order) with respect to each sole source supplier agreement.

4.      Under one Assumption Agreement (the "First Assumption Agreement"), the Debtors are required to pay AB Automotive the total sum of $715,368.78 by making six quarterly payments of $119,228.13.  Under the second Assumption Agreement (the "Second Assumption Agreement"), the Debtors are required to pay AB Automotive the total sum of $1,321,317.73 by making six quarterly payments of $220,219.55.  The First Assumption Agreement and the Second Assumption Agreement may be referred to, collectively, as the "Assumption Agreements."

5.      On or about May 12, 2006, the Debtors made its first payment to AB Automotive pursuant to the First Assumption Agreement in the amount of $119,228.13.

6.      On July 31, 2006, AB Automotive filed a proof of claim against Delphi Automotive Systems, LLC, one of the Debtors, which claim was designated by the Debtors as Claim No. 14239 (the "Claim").  A copy of the Claim is attached hereto as Exhibit A.

7.      As more particularly set forth in the Claim attached as Exhibit A, AB Automotive asserted a claim against Delphi Automotive Systems, LLC for product manufactured for and delivered to the Debtor and for related charges in the total amount of $5,244,135.51, which balance was comprised of (a) a general unsecured claim in the amount of $5,241,963.61 (the "Unsecured Claim") and (b) a claim having administrative expense priority status under §§ 503 and 507(a)(2) of the Bankruptcy Code in the amount of $2,171.90 representing the Reconciled Reclamation Amount as that term is defined in the Amended Final Reclamation Order (the "Priority Claim").

8.      In calculating the Unsecured Claim, AB Automotive took into account the Debtor's first installment payment of $119,228.13 made pursuant to the First Assumption

Agreement, such that the Unsecured Claim did not include any invoices that the Debtors had paid with such funds.

9.      On or about December 18, 2006, AB Automotive sold $2,645,610.00 of its Unsecured Claim (the "Transferred Unsecured Claim") to TPG Credit Opportunities Fund L.P. and TPG Credit Opportunities Investors L.P., but retained the remainder of its Unsecured Claim (the "Retained Unsecured Claim").

## THE FIFTEENTH OMNIBUS CLAIMS OBJECTION

10.      On or about May 22, 2007, the Debtors filed the Fifteenth Omnibus Claims Objection in which they sought to modify the Claim, as set forth on Page 1 of Exhibit D-3 attached to the Fifteenth Omnibus Claims Objection, by reducing the Priority Claim from $2,171.90 to $733.75, reducing the Retained Unsecured Claim from $2,596,353.41 to $499,310.41, and leaving unchanged the Transferred Unsecured Claim.

11.      According to Paragraph 44 of the Fifteenth Omnibus Claims Objection, the Debtors' objection to the Retained Unsecured Claim and the Priority Claim is based, very generally, on one of the following grounds: (a) such claim amount is incorrect or overstated; (b) such claim was filed against the wrong Debtor; (c) such claim incorrectly asserts either secured or priority status; and/or (d) the Debtors and AB Automotive have agreed to the amount of such claim by virtue of a Reclamation Agreement (as defined in Paragraph 44 of the Fifteenth Omnibus Claims Objection).   The Debtors, however, have failed in the Fifteenth Omnibus Claims Objection to specifically detail the basis for any reduction in the amount of the Retained Unsecured Claim or the Priority Claim.

12.      Because the Fifteenth Omnibus Claims Objection fails to state with any particularity the bases for reducing the Claim or to provide any factual or legal justification

supporting the proposed reduction of the Retained Unsecured Claim or the Priority Claim, the Debtors' objection should be denied except to the extent acknowledged by AB Automotive as set forth in Paragraphs 14 and 20 below.  Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. Pro. 3001(f).  The Debtors, as the objecting party, have the burden of overcoming the prima facie presumption, *see Carey v. Ernst*, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and the Debtors have failed to carry their burden because of the lack of particularity in the Fifteenth Omnibus Claims Objection.

13.     Without waiving the foregoing, the Debtors' lack of specificity in the Fifteenth Omnibus Claims Objection makes it most difficult, if not impossible, for AB Automotive to respond with any particularity to the Fifteenth Omnibus Claims Objection.  Accordingly, AB Automotive reserves its right to amend or supplement this Response and Objection when the Debtors provide AB Automotive with more specific information supporting the Fifteenth Omnibus Claims Objection as it relates to the Claim.

### The Retained Unsecured Claim

14.     Since the filing of the Claim in July 2006 and as of the filing of this Response and Objection, the Debtors have made payments to AB Automotive totaling $357,684.39 pursuant to the First Assumption Agreement and totaling $660,658.65 pursuant to the Second Assumption Agreement.  Thus, AB Automotive acknowledges that subject to the reservation of rights set forth in Paragraph 16 below, the Retained Unsecured Claim should be reduced by the sum of $1,018,343.04 for the payments received by AB Automotive made under the Assumption Agreements.

15.    The Debtors continue to be obligated to AB Automotive under the First Assumption Agreement for two more quarterly payments totaling $238,456.26 and under the Second Assumption Agreement for three more quarterly payments totaling $660,658.65. AB Automotive believes, based on information received from the Debtors, that they seek to reduce the Retained Unsecured Claim by the payments still due AB Automotive described in this paragraph totaling $899,114.91. AB Automotive acknowledges that, if the Debtors make the payments described in this paragraph totaling $899,114.91 and subject to the reservation of rights set forth in Paragraph 16 below, the Debtors would then be entitled to a further reduction of the Retained Unsecured Claim. Until such payments are made, however, the Debtors should not be entitled to a reduction of the Retained Unsecured Claim in the amount of $899,114.91 unless the Court otherwise protects AB Automotive's right to receive such payments totaling $899,114.91 in accordance with the Supplier Agreement Assumption Procedures Order and the Assumption Agreements. AB Automotive's concern is particularly real and heightened in light of the provision in Paragraph 8(e) of the Supplier Agreement Assumption Procedures Order that the payments under the Assumption Agreements shall not constitute administrative expenses pursuant to Bankruptcy Code § 503.

16.    While AB Automotive has every intention of fully complying with its obligations under the Assumption Agreements, the Supplier Agreement Assumption Procedures Order contains provisions that entitle the Debtors to suspend future payments under the Assumption Agreements and, in more limited circumstances, to seek to avoid and recover payments made to AB Automotive under the Assumption Agreements. This Court should not permit the Debtors to reduce the Claim for either payments already made or payments to be made to AB Automotive under the Assumption Agreements, unless it conditions such reduction on the right of AB

Automotive to amend the Claim to increase the amount of its allowed Claim, whether its Retained Unsecured Claim or its Priority Claim, as may be applicable, in the event that AB Automotive does not receive the full, indefeasible payments due it under the Assumption Agreements.

17.    AB Automotive believes, based on information received from the Debtors, that the Debtors seek to reduce the Retained Unsecured Claim by the amount of $119,228.13 for the amount paid by the Debtors pursuant to the First Assumption Agreement, as described in Paragraph 4 above.  However, the balance due AB Automotive was credited with the amount of that first installment payment under the First Assumption Agreement before AB Automotive calculated the amount of its Unsecured Claim.  If the Debtors' objection to the Claim is allowed with respect to this amount, the Debtors would improperly receive credit twice for having made just one payment.

18.    AB Automotive believes, based on information received from the Debtors, that the Debtors seek to reduce the Retained Unsecured Claim with regard to AB Automotive's Invoice Nos. AB449685 and AB449686 totaling $61,795.84 based on their contention that those two invoices are post-petition invoices for product delivered in November 2005 and should not be included in the Claim.  AB Automotive has confirmed that, in fact, those two invoices were dated post-petition and that, as of the filing of this Response and Objection, those two invoices remain unpaid.  Those two invoices, however, relate to excess freight charges for product deliveries to Delphi that occurred pre-petition.  True and correct copies of Invoice Nos. AB449685 and AB449686 totaling $61,795.84 are attached as <u>Exhibit B</u>.  The Court should deny the Debtors' efforts to reduce the Claim by the amount of $61,795.84; either (a) that amount is a proper a component of the Claim, or (b) the Debtors should pay that amount as a post-petition

administrative expense prior to any hearing on the Fifteenth Omnibus Claims Objection with respect to the Claim, or (c) the Court otherwise protects AB Automotive's right to receive payments on those invoices that have remained unpaid now for over 18 months.

## **The Priority Claim**

19.      AB Automotive believes, based on information received from the Debtors, that the Debtors seek to reduce the Priority Claim because of amounts that have been paid or are to be paid pursuant to the Assumption Agreements.

20.      AB Automotive acknowledges that subject to the reservation of rights set forth in Paragraph 16 above, the Priority Claim should be reduced by the amount that the Debtors have made payments to AB Automotive on account of the Priority Claim pursuant to the Assumption Agreements.

21.      For the reasons set forth in Paragraph 14 above, to the extent that the Debtors have not actually paid AB Automotive on account of the Priority Claim pursuant to the Assumption Agreements, the Debtors are not entitled to a reduction of the Priority Claim unless the Court otherwise protects AB Automotive's right to receive such payments in accordance with the Supplier Agreement Assumption Procedures Order and the Assumption Agreements.

## **CONCLUSION**

22.      For the foregoing reasons, subject to the reservation of rights set forth in Paragraph 13 above, AB Automotive requests that the Court overrule the Fifteenth Omnibus Claims Objection as it relates to the Claim and deny the Debtors all of the relief requested (A) with respect to the amount of $119,228.13 of the Retained Unsecured Claim, as set forth in Paragraph 17 above; and (B) with respect to the remaining proposed reductions in the Claim unless (i) with respect to payments already made by the Debtors or future payments required to

be made by the Debtors under the Assumption Agreements, the Court protects AB Automotive's interests as described in Paragraph 16 above; and (ii) with respect to AB Automotive's Invoice Nos. AB449685 and AB449686 totaling $61,795.84, the Court protects AB Automotive's interests as described in Paragraph 18 above. Alternatively, AB Automotive requests that the Court adjourn the hearing on the Fifteenth Omnibus Claims Objection as it relates to the Claim until the Debtors have substantiated the basis for their objection to the Claim and AB Automotive has had a reasonable opportunity to review such documentation and, if necessary or appropriate, file a more detailed Response.

WHEREFORE, based on the foregoing reasons, AB Automotive respectfully responds and objects to the Fifteenth Omnibus Claims Objection and requests that the Court afford AB Automotive the relief described in Paragraph 22 above and such other and further relief as is just and proper.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

Dated:  New York, New York
        June 19, 2007.

THACHER PROFFITT & WOOD LLP


By:     /s/ Louis A. Curcio
        Jonathan D. Forstot (JF/5807)
        Louis A. Curcio (LC/0242)

Two World Financial Center
New York, NY 10281
Tel:  (212) 912-7400

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel:  (704) 377-8346
David M. Schilli (NC Bar No. 17989)
*Admitted Pro Hac Vice*

*Attorneys for TT electronics, Plc. and AB Automotive, Inc.*