**Hearing Date And Time: June 26, 2007 at 10:00 a.m.**
**Response Date And Time: June 19, 2007 at 4:00 p.m.**

Robyn J. Spalter, Esq. (RS0035)
General Counsel
RIVERSIDE CLAIMS LLC
PO Box 626
Planetarium Station
New York, NY 10024-0540
Phone: (212) 501-0990

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| DELPHI CORPORATION, et al. | ) |
|  | ) Case No. 05-44481 (RDD) |
|  | ) |
| Debtors. | ) (Jointly Administered) |

_____

**RIVERSIDE CLAIMS, LLC'S RESPONSE TO**
**DEBTORS' FIFTEENTH OMNIBUS CLAIMS OBJECTION**

NOW INTO COURT, through undersigned counsel, comes RIVERSIDE CLAIMS, LLC, as ASSIGNEE of HURLEY PACKAGING OF TEXAS, INC. and GREAK & BUSBY, P.C. ("Riverside") and files this response to Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Untimely Claims And Untimely Tax Claim, and (d) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (the "15th Objection") and in support thereof would state as follows:

-1-

1. On or about May 22, 2007, the Debtors' filed their 15th Objection.

2. Two of the claims included in the 15th Objection, on Exhibit "B-1" are the claims of Hurley Packaging of Texas, Inc. ("Hurley"), Claim # 8519 (the "Hurley Claim") and Greak & Busby, P.C. ("G&B"), Claim # 8502 (the "G&B Claim")(the Hurley Claim and the G&B Claim referred to collectively as the "Claims").  The Hurley Claim was filed in the amount of $40,000.00.  The G&B Claim was filed in the amount of $20,000.00.

3. The Objection seeks to disallow and expunge the Claims in their entirety on the basis that they are not reflected on the Debtors' books and records.

4. Riverside opposes the disallowance and expunging of both the Hurley Claim and the G&B Claim, as they are both valid claims, as evidenced by the documents and exhibits attached to the proofs of claim as originally filed and as attached hereto.

5. The Hurley Claim is based on a contract that Hurley had with Delphi Corporation to manufacture partitions (the "Hurley Contract").  Prior to the filing of the bankruptcy, Delphi cancelled the Hurley Contract.  Delphi provided Hurley with Delphi's form – Direct Supplier Cancellation Claim Request whereby Hurley was to make a claim for amounts due upon cancellation.  On or about August 5, 2005, Hurley sent this completed form to Delphi, a copy of which is attached hereto as Exhibit "A."  Further, attached hereto as Exhibit "B" is a schedule showing the quantity that Delphi had committed to and released for fabrication.

6. Additionally, prior to the filing of the petitions, Hurley was required to bring a lawsuit against Delphi in the Texas state court to recover the cancellation damages which are owed to Hurley by Delphi (the "State Court Lawsuit").  A copy of the petition in the State Court Lawsuit is attached hereto as Exhibit "C."

7.      The G&B Claim is based on the attorneys' fees sought by Hurley in the State Court Lawsuit. Under Texas law, because Hurley was required to bring the State Court Lawsuit in order to get Delphi to pay the amounts owed, Hurley was entitled to recover its reasonable attorneys' fees[1]. As set forth in the State Court Lawsuit petition, reasonable attorneys' fees for prosecution of the State Court Lawsuit to the trial court stage are $30,000[2].

WHEREFORE, Riverside Claims, LLC, as Assignee for Hurley Packaging of Texas, Inc. and Greak & Busby, P.C., requests that this Court enter an order overruling the Objection and allowing the Hurley Claim in the amount of $40,000.00 and the G&B Claim in the amount of $20,000.00, and for such other and further relief as is just and equitable.

RESPECTFULLY SUBMITTED,

 /s/   Robyn J. Spalter
Robyn J. Spalter, Esq.
General Counsel
Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024-0540
Phone: (212) 501-0990
Fax: (212) 501-7088
e-mail: rspalter@regencap.com

---

[1] Riverside recognizes that the attorney fee claim may be more appropriately asserted by Hurley than by G&B. Hurley and G&B filed the proofs of claim this way because this is how the bankruptcy court in Texas requires attorney fee claims associated with a claim be filed. Since the end result is the same to Delphi and its creditors, the claims as filed can be amended, if necessary.

[2] G&B only filed a claim for $20,000 arguably because the State Court Lawsuit had not reached conclusion. Riverside, however, contends that the attorney fee claim might properly be made for $30,000, as such Riverside reserves its right to amend the claim so that it seeks reasonable costs whatever they might be.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response was served on June 19, 2007 by electronic mail to all the parties on the Master Service List, except for MaryAnn Brereton, Assistant General Counsel for Tyco Electronics Corp, who was served by facsimile, and by Federal Express to those parties listed below.

/ s/ Robyn J. Spalter_____
Robyn J. Spalter, General Counsel
Riverside Claims, LLC

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the
Southern District of New York
One Bowling Green, Room 610
New York, NY 10004


John Wm Butler
John K. Lyons
Joseph N. Warton
Skadden, Arps, Slate Meager & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Counsel For Debtors


Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: General Counsel


Alicia M. Leonhard
Unites States Trustee
33 Whitehall Street
21st Floor
New York, NY
10004-2112