**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DELPHI CORPORATION, *et al.* | ) | Chapter 11 Case No. |
| | ) | 05-44481 (RDD) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

_____

**REPLY TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. 502(b) AND FED. R. BANK R. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS BOOKS AND RECORDS, (C) PROTECTIVE INSURANCE CLAIMS (D) INSURANCE CLAIMS NOT REFLECTED ON DEBTORS BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND (F) CLAIMS SUBJECT TO MODIFICATION, AND CLAIMS SUBJECT TO MODIFICATION AND RECLAMATION AGREEMENT.**

_____

NOW COMES, The Dayton Power and Light Company ("DP&L") and files its reply to Debtors Thirteenth Omnibus Objection to claims.

1. On or about July 21, 2006, DP&L filed a Proof of Claim in the above captioned case. It must be noted that that Proof of Claim is supported by a rider detailing the basis for the claim, as well as certain supporting documentation. The Proof of Claim, on its face (on the proof of claim form) states a specific claim amount, identifies the basis for the claim, and, as noted above, attaches supporting documentation.

2. The Proof of Claim was filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the Proof of Claim is prima facie

valid. In re Reilly 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("[p]roperly filed and executed proof of claim constitutes prima facie evidence of the validity of the claim"); accord In re Allegheny Int'l., et al., 954 F.2d 167, 173 (3d Cir. 1992).

 3. In order to overcome this validity, the party opposing the claim must present evidence equal in force in the prima facie case. See In re Allegheny Int'l, 954 F.2d at 173. The evidence presented must be of substance, as "the mere denial of the validity or amount is not sufficient." In re Glenn, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989). Moreover, "the burden of going forward with the proof is on the objecting [party], not the claimant. That burden is not satisfied by the mere filing of an objection." In re Lanza, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (citations omitted). An objection alone is not sufficient to meet these standards since "the objection in and of itself is a mere statement of invalidity and insufficient to contest the prima facie case. A trustee must document his objection with probative evidence to satisfy his burden of going forward." In re King Resources Co., 20 B.R. 191, 197 (D. Colo. 1982).

 4. As to DP&L, Debtor simply asserts that DP&L's claim is "Subject to Modification" and proposed that DP&L's claim be adjusted from the asserted amount of $61,309.20 down to $37,272.92. (Debtors Notice of Objection to DPL at p.3) Because of the brief nature of this objection, it is difficult to determine the precise facts that Debtor grounds this particular objection on[1].

---

[1] It appears as if Debtor is objecting to the portion of DP&L's claim that relates to pre-petition construction services rendered. Although the numbers do not match up precisely, the modified amount

2

5.   The Debtors did not identify the true basis for their claim with specificity nor did they submit any documents to substantiate their objection. Even if portions of the Claimant's claim is not present in copies of Delphi's books and records, that alone would not defeat the Proof of Claim or give grounds for the modification of a proof of claim. A debtor's books and records entries, when presented alone, are insufficient evidence to overcome a properly filed proof of claim's prima facie validity. See In re Michigan-Wisconsin Transp. Co., 161 B.R. 628, 636 (Bankr. W.D. Mich. 1993) (holding that in the absence of any evidence other than books and records objection, the objection must be overruled). See also, In re Good Hope Industries, Inc., 16 B.R. 719, 721 (Bankr. D. Mass. 1982) (holding that basing an objection on the fact that the debtor's books and records did not reflect the amounts claimed was impertinent when the proof of claim is supported with adequate documentation); In re Systems Comm., Inc., 234 B.R. 143, 144 (Bankr. M.D. Fla. 1999) ("a debtor's book and record entries, presented alone, cannot be binding on a creditor. To hold otherwise would mean that if a debtor keeps no books and records it does not have any obligation, a proposition absurd on its face."). Accordingly, the Debtors have clearly not overcome the prima facie validity of the Proof of Claim, and consequently, the properly filed Proof of Claim should be allowed.

---

is approximately the construction debt subtracted from the original claim.  If this is Debtors basis for objection, DP&L asserts that those services were performed for the benefit of the pre-petition debtor and should be allowed as a claim for general unsecured debt.

WHEREFORE, DP&L respectfully requests that this Court enter an order (i) denying the Objection with respect to the Proof of Claim, (ii) allowing the Proof of Claim in full, and (iii) for such other relief it deems appropriate.

Respectfully submitted,

//signed// Joseph G. Strines
Joseph G. Strines (OSBA #0069878)
Attorney for The Dayton
Power and Light Company
1065 Woodman Drive
Dayton, OH 45424

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Reply was served by overnight delivery on the following parties this 19th day of June, 2007:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr.
John K. Lyons
Joseph N. Wharton
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

//signed// Joseph G. Strines
Joseph G. Strines (OSBA #0069878)

4