Original Response Date and Time: June 19, 2007 at 4:00 p.m.
Hearing Date and Time: June 26, 2007 at 10:00 a.m.

**KNAUF SHAW LLP**
Alan J. Knauf, Esq. of Counsel
1125 Crossroads Building
2 State Street
Rochester, New York 14614
(585) 536-8430 (Phone)
(585) 436-4324 (Fax)

**Attorneys for American Recycling & Manufacturing Co., Inc.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 05-44481<br>) (Jointly Administered)<br>)<br>)<br>) |

### AMERICAN RECYCLING & MANUFACTURING CO., INC.
### RESPONSE TO FIFTEENTH OMNIBUS CLAIMS OBJECTION

American Recycling & Manufacturing Co., Inc. ("ARM"), a creditor of debtor Delphi Automotive Systems LLC and/or Delphi Corporation (together the "Debtors"), through its attorneys KNAUF SHAW LLP, hereby responds to the Fifteenth Omnibus Objection (Substantive) pursuant to 11 U.S.C. 502(b) and Fed. R. Bankr.P.3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtor's Books and Records, ©) Untimely Claims and Untimely Tax Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (the "Fifteenth Objection") of Debtors, to the extent that the Fifteenth Objection challenges the Amended Claim (No. 16556) asserted by ARM. ARM respectfully states as follows:

1. On or about October 8, 2005, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On or about July 31, 2006, ARM filed a Proof of Claim (No. 14526) in the amount of $38,397,95 for an unsecured nonpriority claim for goods and services that were supplied to Debtors by the ARM Rochester, New York facility. A copy is attached as part of the

    annexed Exhibit 1 as Exhibit A.

3. On or about February 15, 2007, Debtors filed their Ninth Omnibus Objection (Substantive) pursuant to 11 U.S.C. 502(b) and Fed. R. Bankr.P.3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtor's Books and Records, ©) Untimely Claims, and (D) Claims Subject to Modification (the "Ninth Objection"), contending that the Claim should not be allowed for greater than $33,759.16.

4. On March 15, 2007, ARM filed a Response to the Ninth Objection (Docket No. 7267), which it amended by an Amended Response to Ninth Omnibus Claims Objection (Docket No. 7375) filed March 21, 2007, a copy of which is annexed as Exhibit 1.

5. As part of that Amended Response, ARM moved for permission to amend its Proof of Claim to increase it by $2,247.21, because upon review, ARM discovered that its claim was understated.

6. On October 17, 2005 – after the filing of Debtors' petitions -- ARM billed the Debtors $2,247.21 for warehousing for the months of September and October, 2005 (the "Warehousing Invoice"). Attached as Exhibit B to the annexed Exhibit 1 is a copy of the October Warehousing Invoice.

7. After the bar date for filing a Proof of Claim, Debtors refused to pay, contending that payment of the entire calendar month (including the portion before it filed its Petitions) was barred by its bankruptcy filing.

8. Accordingly, ARM requested that its claim be amended to be increased by $2,247.21 to $40,645.16, in accordance with the Amended Proof of Claim annexed as Exhibit C to Exhibit 1.

9. ARM did not receive any opposition to its request to amend its claim, and to its knowledge, no action was taken by the Court on the objection to its claim or its request to amend its claim.

10. Rather, the Debtor now claims that the Amended Proof of Claim was filed late.

11. ARM is aware that the Amended Claim was filed late after the Bar Date. That is why it

asked this Court for permission to amend its Claim.

12. The test for amendment of a Proof of Claim after the bar date was recently summarized as follows in *In Re Enron*, 2007 Bank. Lexis 655 (Bankr. S.D.N.Y. Feb. 23, 2007):

> The bankruptcy judge has the discretion to grant or deny an amendment to a timely filed proof of claim. *In re McLean Industries, Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990). The bankruptcy court must take care that an amendment would truly amend a timely filed proof of claim rather than assert a new claim. *Maxwell Macmillan Realization Liquidating Trust v. Aboff (In re Macmillan)*, 186 B.R. 35, 49 (Bankr. S.D.N.Y. 1995). Courts apply a two-prong test. *Integrated Resources, Inc. v. Ameritrust Co. N.A. (In re Integrated Resources, Inc.)* 157 B.R. 66, 70 (S.D.N.Y. 1993) *(citing Associated Container Transp. (Austrailia) Ltd. v. Black & Geddes (In re Black & Geddes, Inc.)*, 58 B.R. 547, 553 (S.D.N.Y. 1983)). First, a court must determine whether there was "'timely assertion of a similar claim or demand evidencing an intention to hold the estate liable.'" *Id. (quoting Black & Geddes, Inc.*, 58 B.R. at 553). If the first prong is satisfied, the court must then determine whether it would be equitable to allow the amendment. *Id.* In balancing the equities the court then examines each fact within the case and considers five equitable factors: (1) undue prejudice to the opposing party; (2) bad faith or dilatory behavior on the part of the claimant; (3) whether other creditors would receive a windfall were the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the time the original claim was filed. *Integrated Resources*, 157 B.R. at 70 *(quoting In re McLean Indus., Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)).

13. ARM meets both prongs of this test. First of all, it did file a timely Proof of Claim for services it provided to the Debtor, including warehousing.

14. Secondly, it would be equitable to allow the amendment, since (1) there is no undue prejudice, since the Debtor was fully aware of the Warehousing Invoice; (2) there was no bad faith by ARM, since it believed that the invoice was a post-filing debt, since it did not render the invoice until after the filing; (3) other creditors would receive a windfall, albeit a small one ($2,247.21), since the invoice is a valid claim; (4) any harm would be quite small in light of the small amount of the invoice; (5) ARM was unable to include the Warehousing Invoice in its original Proof of Claim, since it believed that its claim was a post-filing debt, and the Debtor did nothing to correct that understanding until after the bar date.

15. It has been common for the Debtors not to pay isolated invoices of ARM for many months,

and sometimes for over a year, during which time ARM's accounts receivable clerk would repeatedly send invoices and backup documentation and makes repeated phone calls. The issue regarding the Warehousing Invoice only arose while ARM was trying to collect a number of severely delinquent post-filing invoices, and the Debtors advised ARM that they not going to pay the Warehouse Invoice since it was needed to be included in the bankrupcty proceedings. This happened last fall, long after the Bar Date on July 31, 2006.

16. Therefore, ARM should be allowed to amend its Proof of Claim..

WHEREFORE, ARM respectfully requests that this Court deny the Ninth and Fifteenth Objections as it relates to the claim of ARM, allow its claim to be amended so it is increased by $2,247.21 to $40,645.16, and grant ARM such other and further relief as may be just and proper.

Dated: June 18, 2007

                                               s/Alan J. Knauf
                                               Alan J. Knauf, Esq.
                                               **KNAUF SHAW LLP**
                                               Attorneys for American Recycling &
                                                 Manufacturing Co., Inc.
                                               1125 Crossroads Building
                                               2 State Street
                                               Rochester, New York 14614
                                               Telephone: (585) 546-8430
                                               Facsimile: (585) 546-4324

# EXHIBIT 1



KNAUF
SHAW
L L P

March 20, 2007

Hon. Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

    Re:    **Delphi Corporation, et al.**
            **Chapter 11**
            **Case No. 05-44481 (Jointly Administered)**

Dear Judge Drain:

Enclosed is the Amended Response of American Recycling & Manufacturing, Inc. ("ARM") to the Ninth Omibus Claims Objections. This amends our prior Response (Docket No. 7267), which had inadvertently stated that it was responding to the Eighth Objection.

                                      Very truly yours,

                                      **KNAUF SHAW LLP**

                                      ALAN J. KNAUF

AJK/slh
Encl.
pc:    Delphi Corporation
       John Wm. Butler, Esq.
       Alicia M. Leonard, U.S. Trustee

C:\Sherry\Clients\ARM\2007\Judge Drain 3.20.07.wpd


0544481070321000000000012


RECEIVED
MAR 2 1 2007
USBC-SDNY
RDD

1125 CROSSROADS BUILDING, 2 STATE STREET, ROCHESTER, NEW YORK 14614
TEL: 585-546-8430   FAX: 585-546-4324   INTERNET: www.nyenvlaw.com

Original Response Date and Time: March 15, 2007 at 4:00 p.m.
Hearing Date and Time: March 22, 2007 at 10:00 a.m.

**KNAUF SHAW LLP**
Alan J. Knauf, Esq. of Counsel
1125 Crossroads Building
2 State Street
Rochester, New York 14614
(585) 536-8430 (Phone)
(585) 436-4324 (Fax)

Attorneys for American Recycling & Manufacturing Co., Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 05-44481<br>) (Jointly Administered)<br>)<br>)<br>) |

## AMERICAN RECYCLING & MANUFACTURING CO., INC. AMENDED RESPONSE TO NINTH OMNIBUS CLAIMS OBJECTION

American Recycling & Manufacturing Co., Inc. ("ARM"), a creditor of debtor Delphi Automotive Systems LLC and/or Delphi Corporation (together the "**Debtors**"), through its attorneys KNAUF SHAW LLP, hereby responds to the Ninth Omnibus Objection (Substantive) pursuant to 11 U.S.C. 502(b) and Fed. R. Bankr.P.3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtor's Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification (the "**Objection**") of Debtors, to the extent that the Objection challenges claims asserted by ARM. In support of this Amended Response (which amends Docket No. 7267), ARM respectfully states as follows:

1. On or about October 8, 2005, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On or about July 31, 2006, ARM filed a Proof of Claim (No. 14526) in the amount of $38,397.95 for an unsecured nonpriority claim for goods and services that were supplied to Debtors by the ARM Rochester, New York facility. A copy is attached as Exhibit A.

3. On or about February 15, 2007, Debtors filed the Objection, contending that the Claim should not be allowed for greater than $33,759.16.

4. The Objection should be overruled insofar as it relates to ARM because it fails to produce any evidence whatsoever to overcome the *prima facie* validity of ARM's Claims.

5. Pursuant to 11 U.S.C. §502(a), a proof of claim is deemed to be allowed unless a party in interest objects.. Thus, ARM's Proof of Claim operates as *prima facie* evidence of ARM's claims against Debtors.

6. The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is *prima facie* valid. The burden of proof then shifts to the objecting party to produce sufficient evidence to negate the *prima facie* validity of the proof of claim by refuting at least one of the essential allegation of such claim. Only after the objecting party produces evidence equal in force to the *prima facie* claim does the burden revert to the claimant to prove the validity of its claim by preponderance of the evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also, Fullmer v. U.S. (In re Fullmer)*, 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.") [citations omitted].

7. The Objection fails to set forth any facts to overcome the *prima facie* validity of the Claims. Instead, the Objection makes only the conclusory statements that the Claims are duplicative. The Debtors have offered no factual argument or legal basis to support Debtors' objection to the Claims beyond the bare assertions in the Objection. As such, the Objection should be disallowed.

8. Further, upon review of its claims, ARM has discovered that they are understated.

9. On October 17, 2005, ARM billed the Debtor for $2,247.21 for warehousing for the month of October, 2005. Attached as Exhibit B is a copy of the invoice for that charge.

10. The Debtor has refused to pay, contending that payment of the entire calendar month (including the portion before it filed its Petitions) is barred by its bankruptcy filing.

11. Accordingly, ARM requests that its claim be amended to be increased by $2,247.21 to $40,645.16, in accordance with the Amended Proof of Claim annexed as Exhibit C.

WHEREFORE, ARM respectfully requests that this Court deny the Objection as it relates to the Claim of ARM, allow its claim to be amended to $40,645.16, and grant ARM such other and further relief as may be just and proper.

Dated: March 20, 2007

Alan J. Knauf, Esq.
**KNAUF SHAW LLP**
Attorneys for American Recycling &
 Manufacturing Co., Inc.
1125 Crossroads Building
2 State Street
Rochester, New York 14614
Telephone: (585) 546-8430
Facsimile: (585) 546-4324

# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT  Southern  DISTRICT OF  New York | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>Delphi Automotive Systems LLC | Case Number<br>05-44640 | The Debtor has listed your claim as Unliquidated and Disputed on Schedule F as a General Unsecured claim in the amount of $33,759.16. If you believe that you have a claim against the Debtor, you are required to complete and return this form.<br><br>Master Code: 10407371<br><br>THIS SPACE IS FOR COURT USE ONLY |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
American Recycling & Mfg Co Inc
Name and address where notices should be sent:

American Recycling & Mfg Co Inc
58 Mckee Rd
Rochester NY 14611
F/K/A Unlimited Ventures, Inc. of North America
Telephone number: 585-235-2210

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:
62-415-9943

Check here ☐ replaces ☐ amends  a previously filed claim, dated:
if this claim

1. **Basis for Claim**
   - ☒ Goods Sold / Services Performed
   - ☐ Customer Claim
   - ☐ Taxes
   - ☐ Money Loaned
   - ☐ Personal Injury
   - ☐ Other _____
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
     (date)        (date)

2. Date debt was incurred: 10/6/04 - 10/5/05 (see attached)
3. If court judgment, date obtained: n/a
4. Total Amount of Claim at Time Case Filed: $ 38,397.95    0    0    38,397.95
   (unsecured)  (secured)  (priority)  (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below. See attached explanation
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $ _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. **Unsecured Nonpriority Claim** $ 38,397.95
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

Date: 7/28/06
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Alan J. Knautovk
VP

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544640060418151715017506

## ATTACHMENT TO PROOF OF CLAIM

**Identity of Claimant.** The correct claimant is American Recycling & Manufacturing Co., Inc., a New York corporation ("ARM"). This corporation was formerly known as Unlimited Ventures, Inc. of North America, but changed its name to American Recycling & Manufacturing Co., Inc. Delphi often incorrectly referred to the claimant by the shortened name "Unlimited Ventures, Inc."

**Identity of Debtor.** ARM has filed two Proofs of Claim, each in the amount of $38,397.95. One names Delphi Automotive Systems, LLC as the debtor, and the other names Delphi Corp. as the debtor. Please note that these two claims are duplicative. ARM is unclear whether the correct identification for the corporate entity ARM provided goods and services is Delphi Automotive Systems, LLC or Delphi Corp., or whether goods and services were provided to both, so the claims should be split between the two entities. However, the total claim is only for $38,397.95 – not double that amount.

**Dates and Amounts.** The attached spreadsheet details the dates and amounts of the invoices which comprise the claim, and show it exceeds the scheduled debt of $33,759.16.

**DELPHI**

Bankruptcy Date 10/08/05

| VENDOR NO | LOCATION | INVOICE DATE | INVOICE NUMBER | INVOICE $$'s |
|---|---|---|---|---|
| A100-ROCH | Automotive FNP | 10/6/2004 | ROCH-SALES4000010 | 94.52 |
| | | 9/12/2005 | ROCH-INV-4000053 | 657.12 |
| | | 9/12/2005 | ROCH-INV-4000075 | 657.12 |
| | | 9/12/2005 | ROCH-INV-4000082 | 110.88 |
| | | 9/20/2005 | ROCH-INV-4000211 | 590.70 |
| | | 9/28/2005 | ROCH-INV-4000229 | 328.56 |
| | | 9/28/2005 | ROCH-INV-4000302 | 102.24 |
| | | 10/5/2005 | ROCH-INV-4000303 | 984.50 |
| | | 10/5/2005 | ROCH-INV-4000431 | 787.60 |
| | | 10/5/2005 | ROCH-INV-4000432 | 72.32 |
| | | 10/5/2005 | ROCH-INV-4000433 | 55.44 |
| | | | A-100  TOTAL $ | 4,346.48 |
| A-101-ROCH | Automotive | 8/3/2005 | ROCH-4000003951 | 436.00 |
| | | 8/31/2005 | ROCH-4000003990 | 832.00 |
| | | 9/7/2005 | ROCH-INV-40000005 | 890.00 |
| | | 9/8/2005 | ROCH-INV-40000011 | 149.50 |
| | | 9/12/2005 | ROCH-INV-40000022 | 350.00 |
| | | 9/12/2005 | ROCH-INV-40000068 | 2,670.00 |
| | | 9/14/2005 | ROCH-INV-40000074 | 149.50 |
| | | 9/14/2005 | ROCH-INV-40000087 | 149.50 |
| | | 9/20/2005 | ROCH-INV-40000177 | 2,670.00 |
| | | 9/22/2005 | ROCH-INV-40000188 | 525.00 |
| | | 6/22/2005 | ROCH-INV-40000210 | 350.00 |
| | | 9/26/2005 | ROCH-INV-40000251 | 299.00 |
| | | 9/27/2005 | ROCH-INV-40000279 | 75.96 |
| | | 9/30/2005 | ROCH-INV-40000355 | 51.00 |
| | | | A-101  TOTAL $ | 9,597.46 |
| A102-ROCH | MVR | 8/3/2005 | ROCH-4000003628 | 336 |
| | | 8/16/2005 | ROCH-4000003800 | 149.5 |
| | | 8/22/2005 | ROCH-4000003869 | 11616.05 |
| | | 8/22/2005 | ROCH-4000003870 | 2247.21 |
| | | 9/9/2005 | ROCH-INV-4000094 | 7858.04 |
| | | 9/9/2005 | ROCH-INV-4000095 | 2247.21 |
| | | | A-102  TOTAL $ | 24,454.01 |
| | | | GRAND TOTAL $ | 38,397.95 |

# EXHIBIT B

American Recycling and Manufacturing
58 McKee Road
Rochester NY   14611

| Invoice | ROCH-INV-4000579 |
|---|---|
| Date | 10/17/2005 |
| Page | 1 |

**Bill To:**

DELPHI MRV
ROCHESTER OPERATIONS
P.O. BOX 92700
ROCHESTER NY   14692-8800

**Ship To:**

DELPHI MRV
FOR BILLING ONLY

PO# 450144634

| Purchase Order No. | Customer ID | Salesperson ID | Shipping Method | Payment Terms | Req Ship Date | Master No. |
|---|---|---|---|---|---|---|
| MRV | A102-ROCH | BWOLFF | | Net 10 | 10/17/2005 | 838 |

| Ordered | Shipped | B/O | Item Number | Description | Discount | Unit Price | Ext. Price |
|---|---|---|---|---|---|---|---|
| 1 | 1 | 0 | ROCH-MRV WAREHOUS | SEPTEMBER / OCTOBER | $0.00 | $2,247.21 | $2,247.21 |

10/8

*in Bankruptcy*

**PUT WITH BANKRUPTCY**

| | |
|---|---|
| Subtotal | $2,247.21 |
| Misc | $0.00 |
| Tax | $0.00 |
| Freight | $0.00 |
| Trade Discount | $0.00 |
| Total | $2,247.21 |

# EXHIBIT C

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor: Delphi Automotive Systems LLC
Case Number: 05-44640

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): American Recycling & Manufacturing Co., Inc.

- [ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
American Recycling & Manufacturing Co., Inc.
58 McKee Rd.
Rochester, NY 14611

- [ ] Check box if you have never received any notices from the bankruptcy court in this case.
- [ ] Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: (585) 235-2210

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor: 62-415-9943

Check here if this claim [ ] replaces [X] amends a previously filed claim, dated: 7/28/06 (#14526)

1. **Basis for Claim**
   - [X] Goods Sold / Services Performed
   - [ ] Customer Claim
   - [ ] Taxes
   - [ ] Money Loaned
   - [ ] Personal Injury
   - [ ] Other _____
   - [ ] Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - [ ] Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
     (date)      (date)

2. Date debt was incurred: 10/6/04 - 10/8/05 (see attached)

3. If court judgment, date obtained: n/a

4. **Total Amount of Claim at Time Case Filed:** $40,645.16 / 0 / 0 / 40,645.16
   (unsecured) (secured) (priority) (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   - [ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   - [ ] Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   - [ ] Real Estate    [ ] Motor Vehicle
   - [ ] Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim** $40,645.16
   - [X] Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   - [ ] Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   - [ ] Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   - [ ] Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   - [ ] Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   - [ ] Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   - [ ] Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   - [ ] Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

Date: 3/20/07

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Alan J. Kraus, VP
/s/ _____, VP

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**DELPHI**
Amended Bankruptcy Claims

| VENDOR NO | LOCATION | INVOICE DATE | INVOICE NUMBER | INVOICE $$'s |
|---|---|---|---|---|
| A100-ROCH | Automotive FNP | 10/6/2004 | ROCH-SALES4000010 | 94.52 |
| | | 9/12/2005 | ROCH-INV-4000053 | 657.12 |
| | | 9/12/2005 | ROCH-INV-4000075 | 657.12 |
| | | 9/12/2005 | ROCH-INV-4000082 | 110.88 |
| | | 9/20/2005 | ROCH-INV-4000211 | 590.70 |
| | | 9/28/2005 | ROCH-INV-4000229 | 328.56 |
| | | 9/28/2005 | ROCH-INV-4000302 | 102.24 |
| | | 10/5/2005 | ROCH-INV-4000303 | 984.50 |
| | | 10/5/2005 | ROCH-INV-4000431 | 787.60 |
| | | 10/5/2005 | ROCH-INV-4000432 | 72.32 |
| | | 10/5/2005 | ROCH-INV-4000433 | 55.44 |
| | | | A-100    TOTAL  $ | 4,346.48 |
| A-101-ROCH | Automotive | 8/3/2005 | ROCH-4000003951 | 436.00 |
| | | 8/31/2005 | ROCH-4000003990 | 832.00 |
| | | 9/7/2005 | ROCH-INV-40000005 | 890.00 |
| | | 9/8/2005 | ROCH-INV-40000011 | 149.50 |
| | | 9/12/2005 | ROCH-INV-40000022 | 350.00 |
| | | 9/12/2005 | ROCH-INV-40000068 | 2,670.00 |
| | | 9/14/2005 | ROCH-INV-40000074 | 149.50 |
| | | 9/14/2005 | ROCH-INV-40000087 | 149.50 |
| | | 9/20/2005 | ROCH-INV-40000177 | 2,670.00 |
| | | 9/22/2005 | ROCH-INV-40000188 | 525.00 |
| | | 6/22/2005 | ROCH-INV-40000210 | 350.00 |
| | | 9/26/2005 | ROCH-INV-40000251 | 299.00 |
| | | 9/27/2005 | ROCH-INV-40000279 | 75.96 |
| | | 9/30/2005 | ROCH-INV-40000355 | 51.00 |
| | | | A-101    TOTAL  $ | 9,597.46 |
| A102-ROCH | MVR | 8/3/2005 | ROCH-4000003628 | 336 |
| | | 8/16/2005 | ROCH-4000003800 | 149.5 |
| | | 8/22/2005 | ROCH-4000003869 | 11616.05 |
| | | 8/22/2005 | ROCH-4000003870 | 2247.21 |
| | | 9/9/2005 | ROCH-INV-4000094 | 7858.04 |
| | | 9/9/2005 | ROCH-INV-4000095 | 2247.21 |
| | | 10/17/2005 | ROCH-INV-4000579 | 2247.21 |
| | | | A-102    TOTAL  $ | 26,701.22 |
| | | | GRAND TOTAL  $ | 40,645.16 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the attached was served by Federal Express to:

Hon. Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

Alicia M. Leonhard
Office of the U.S. Trustee
33 Whitehall Street, Suite 2100
New York, NY 10004

Dated: June 18, 2007

s/Alan J. Knauf
Alan J. Knauf