**DAY PITNEY LLP**
Ronald S. Beacher (RB8837)
Conrad K. Chiu (CC6346)                              Hearing Date: June 26, 2007
Amish R. Doshi (AD5996)                              Hearing Time: 10:00 a.m.
7 Times Square                                        Objection Deadline: June 19, 2007 at 4:00 p.m.
New York, New York 10036
Telephone: (212) 297-5800
Facsimile: (212) 916-2940

Attorneys for IBJTC Business Credit Corporation,
as successor to IBJ Whitehall Business Credit Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
In re:                                               :    Chapter 11
                                                     :
**DELPHI CORPORATION, *et al.*,**                    :    Case No. 05-44481 (RDD)
                                                     :
                    Debtors.                         :    (Jointly Administered)
                                                     :
----------------------------------------------------------------X

**LIMITED RESPONSE TO DEBTORS' THIRTEENTH OMNIBUS
OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(B)
AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY
DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS'
BOOKS AND RECORDS, (C) PROTECTIVE INSURANCE CLAIMS, (D)
INSURANCE CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND
RECORDS, (E) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS,
AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT
TO MODIFICATION, AND CLAIMS SUBJECT TO MODIFICATION AND
<u>RECLAMATION AGREEMENT</u>**

("THIRTEENTH OMNIBUS CLAIMS OBJECTION")

IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit

Corporation ("IBJTC"), hereby submits its Limited Response (the "Response") to the Debtors'

Thirteenth Omnibus Claims Objection and states as follows:

1538633A03061907

1.      On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for the Southern District of New York (the "Court") for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Pre-petition, General Motors Corporation ("GM") and First American Capital Management Group, Inc. ("First American") entered into, inter alia, a Master Lease Agreement (as at any time amended, the "Master Lease") and certain schedules (as at any time amended and together with the Master Lease, collectively, the "Lease"), whereby GM leased certain equipment from First American.

3.      In accordance with and subject to the Master Lease, GM entered into certain Equipment Schedules (collectively, the "Schedules") with First American, and agreed to make certain monthly rental payments to First American or its assigns.

4.      GM accepted delivery of the equipment (the "Equipment") subject to the Equipment Schedules and commenced making payments to First American under the terms and conditions of the Lease.

5.      GM assigned its right, title and interest in and to the Lease and Equipment to Delphi[1].

---

[1] Upon IBJTC's information and belief, GM and Delphi did not execute any formal written agreement memorializing the assignment of the Lease.  As such, IBJTC reserves its rights, if any, to proceed against GM with respect to any default under the Lease.

2

6. As a result of, <u>inter alia</u>, that certain December 23, 1996 Master Purchase Agreement between Capital Associates International, Inc. ("CAI") and IBJS Commercial Corporation ("IBJS") and that certain August 10, 1999 Assignment of Lease and Purchase Agreement (the "Assignment Agreement") between First American and CAI, IBJS[2] became the holder of (a) the Schedules and (b) the Lease as it applies to the Schedules.

7. Thereafter, Delphi and IBJS entered into several Renewal Agreements with respect to Schedule Nos. 1093, 1094, 1137, 1180, 1185, 1205, 1336 and 1366 to the Lease (as at any time amended, the "Renewals"), whereby the maturity date under each such Schedule was extended, and the monthly installment amount was modified. True and correct copies of the Renewals executed by Delphi and IBJS are attached hereto as Exhibit "A" and are incorporated herein by reference.

8. IBJTC is the successor-in-interest to IBJS with respect to the Lease (as it applies to the Schedules), the Equipment, and the Renewals.

9. Delphi subsequently defaulted under the Lease by failing to make certain rental installments and property tax payments as they came due under the Schedules and/or the Renewals.

10. On August 23, 2006, IBJTC filed a Motion to Compel the Debtors to Assume or Reject the Lease and for Payment of Post-Petition Lease Obligations (Docket No. 5009) (the "Motion").

11. In resolution of the Motion, IBJTC and the Debtors entered into a Stipulation and Order (the "Stipulation") whereby the Debtors agreed, <u>inter alia</u>, to make certain outstanding post-petition amounts due under the Schedules to IBJTC, and to continue making such payments

---

[2] IBJS later became IBJ Whitehall Business Credit Corporation, predecessor to IBJTC.

3

as they become due. The Stipulation was approved by the Court on November 28, 2006 (Docket No. 5865). A true and correct copy of the Stipulation is attached hereto as Exhibit "B" and is incorporated herein by reference.

13. 12. In connection with the Lease, IBJTC had filed a proof of claim (the "IBJTC Claim") against Delphi, under Delphi's chapter 11 bankruptcy case, designated as case no. 05-44481. IBJTC asserted its Claim against Delphi because the Lease was assigned by GM to Delphi, and Delphi executed the Renewals.

13. Under Exhibit E-1 of the Thirteenth Omnibus Claims Objection, the Debtors are seeking to modify the IBJTC Claim by, inter alia, changing the identity of the Debtor against which the IBJTC Claim is asserted. The Debtors believe that the IBJTC Claim should be asserted against Delphi Automotive Systems LLC ("DAS") under case no. 05-44640 rather than against Delphi under case no. 44481.

14. IBJTC objects to the Debtors' proposed modification of the IBJTC Claim and submits that its Claim is properly asserted against the correct Debtor entity, Delphi, as the underlying basis for the IBJTC Claim is associated with and derives from Delphi, not DAS.

15. As evidenced by the documents attached hereto as Exhibit "A," the Renewals were clearly entered into between Delphi and IBJS, IBJTC's predecessor-in-interest. Delphi, not DAS, executed the Renewals as lessee. Delphi's execution of the Renewals is consistent with GM's prior assignment of the Lease to Delphi rather than DAS. Since Delphi, not DAS, executed the Renewals, the underlying indebtedness and obligations owed under the Renewals and Lease are the liabilities and obligations of Delphi instead of DAS. DAS never agreed to or executed the Renewals, Schedules or Lease. By reason thereof, the debt underlying the Lease is

4

05-44481-rdd    Doc 8330    Filed 06/19/07    Entered 06/19/07 14:42:43    Main Document
Pg 5 of 6

that of Delphi's, not DAS'. As such, the IBJTC Claim is properly asserted against the correct Debtor entity.

16. In further support of IBJTC's assertion is the fact that the Debtors themselves acknowledged that Delphi took an assignment of the Lease from GM, and that Delphi entered into the Renewals with IBJTC's predecessor. In the first WHEREAS clause on page 3 of the Stipulation, the Debtors agreed that "GM assigned its right, title and interest in and to the Lease and Equipment to *Delphi*." Also in the third WHEREAS clause on page 3 of the Stipulation, the Debtors agreed that "… *Delphi* and IBJS entered into several Renewal Agreements with respect to Schedule Nos. 1093, 1094, 1137, 1180, 1185, 1205, 1336 and 1366..." Emphasis added.

17. The Stipulation does not provide that DAS is the Debtor counter-party to the Lease or Renewals. Instead, the Debtors acknowledged and agreed that Delphi was the lessee and Delphi entered into the Renewals with IBJTC's predecessor. Thus, by reason of the Debtors' own admissions, the debts and obligations under the Lease and Renewals are the liabilities of Delphi, not DAS.

18. Accordingly, the IBJTC Claim is properly asserted against the correct Debtor entity.

19. The Debtors have not provided any basis or documentation to support their contention that the IBJTC Claim should be asserted against DAS rather than Delphi.

20. Therefore, IBJTC respectfully requests that the Debtors' Thirteenth Omnibus Claims Objection be denied to the extent it seeks to change the identity of the Debtor against which the IBJTC Claim is asserted from Delphi to DAS.

Dated: June 19, 2007						**DAY PITNEY LLP**


By ____/s/ Ronald S. Beacher_____
Ronald S. Beacher (RB8837)
Conrad K. Chiu (CC6346)
Amish R. Doshi (AD5996)
7 Times Square
New York, New York 10036
Telephone: (212) 297-5800
Facsimile: (212) 916-2940

Attorneys for IBJTC Corporate Bank (USA), as successor to IBJ Whitehall Business Credit Corporation