Hearing Date: To be determined
Objection Deadline: June 19, 2007 at 4:00p.m

EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue, 8th floor
New York, New York 10022
(212) 308-4411
Shmuel Vasser (SV 7400)

-and-

EDWARDS ANGELL PALMER & DODGE LLP
Edward J. Bertozzi, Jr., Esq.
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

*Attorneys for the Battenfeld of America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
In re:                              :    Chapter 11
                                    :
DELPHI CORPORATION, et. al.,        :    Case No. 05-44481 (RDD)
                                    :
              Debtors               :    (Jointly Administered)
                                    :
------------------------------------x

### RESPONSE OF BATTENFELD OF AMERICA, INC. IN OPPOSITION TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE) REGARDING CLAIM NO. 1439

TO THE HONORBALE ROBERT D. DRAIN, UNITED STATES BANKRUPTYC JUDGE:

Battenfeld of America, Inc. ("Claimant" or "Battenfeld"), by its undersigned counsel, respectfully submits this response in opposition to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Note Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claim Subject To Modification, Tax

Claims Subject To Modification, And Modified Claims Asserting Reclamation, dated May 22, 2007 (the "Debtors' Objection").

## Background

1. Claimant filed its Proof of Claim Number 1439 herein, on January 4, 2006, asserting a claim for $121,415.94 for goods sold and services rendered. A copy of the proof of claim is annexed hereto as Exhibit A.

2. Battenfeld is in the business of selling large plastic injection molding machines, parts for such machines and also services the machines. Battenfeld's claim is on account of parts sold and services provided by it to the Debtors. Annexed to the proof of claim is a list of seventy-six (76) invoices providing the basis for the proof of claim.

3. The Debtors' Objection seeks to reduce the claim to $83,403.55.

4. During the course of 2006, a Debtors' representative, Mr. Randy Carlson, contacted Battenfeld and indicated that more information was needed as to a portion of Battenfeld's claim (which would appear to be the portion of the claim in excess of 83,403.44).

5. Battenfeld supplied Mr. Carlson with the information requested. A copy of such backup information is attached hereto as Exhibit B (including Mr. Carlson's request, the invoices and the proof of delivery and of service).[1]

---

[1] Since the information which Mr. Carlson did not request is voluminous (60 invoices plus backup information), and that it was not contested, Battenfeld has not attached such additional information to this response, but is ready to produce it to Debtors' representatives upon request.

6.    Neither the Debtors, nor Mr. Carlson ever explained to Battenfeld their position as to any portion of the claim the Debtors now contest. In fact, the Debtors have never rejected or returned such goods and services nor made any claim that the same are unsatisfactory.

### The Claim Should be Allowed in the Amount Filed

7.    In accordance with Rule 3003(c)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), "[a] proof of claim or interest executed and filed in accordance with this subdivision shall supersede and scheduling of that claim or interest pursuant to § 521(1)" of the Bankruptcy Code. Furthermore, in accordance with Rule 300(f) of the Bankruptcy Rules, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

8.    Therefore, pursuant to Rule 3001(f) of the Bankruptcy Rules, a debtor has the burden of producing evidence rebutting the prima facie validity of a creditor's claim. See Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005); In re King, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004); In re Lanza, 51 B.R. 125, 127 (Bankr. D.N.J. 1985.

9.    To satisfy this burden, a debtor must present "a substantial factual basis to overcome the prima facie validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim." In re Hinkle, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986); see also In re Reilly, 245 B.R. 768, 773 (Bankr. 2d Cir. 2000) ("[t]o overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim").

272455_1

10. The Debtors have offered no evidence, or for that matter even an explanation, in support of their objection to the Batttenfeld claim; they simply moved to reduce asserting no grounds for the sought for reduction. The filing of an objection "does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." Brown v. IRS (In re Brown), 82 F.3d 801, 805 (8th Cir. 1996). Therefore, the Debtors' Fifteenth Omnibus Objection as it relates to the Battenfeld claim should be overruled.

### Memorandum of Law

11. This opposition sets forth both the factual predicate and the applicable law relevant to the Debtors' Objection. Battenfeld respectfully requests that the requirements of the service and filing of a memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied, or waived.

### Designation of Battenfeld Representative

12. Any reply to this response should be addressed to Edward J. Bertozzi, Jr. at the address below.

WHEREFORE, Battenfeld objects to the relief requested in the Debtors' Objection as it relates to the Battenfeld claim and respectfully requests that the Court (i) overrule the objection, (ii) allow the Battenfeld claim in the amount filed, and (iii) grant Battenfeld such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
June 19, 2007

EDWARDS ANGELL PALMER &
DODGE, LLP

*/s/ Shmuel Vasser*
Shmuel Vasser (SV 7400)
750 Lexington Avenue, 12th floor
New York, New York 10022
(212) 308-4411

- and -

EDWARDS ANGELL PALMER &
DODGE, LLP
Edward J. Bertozzi, Jr., Esq.
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

*Attorneys for Battenfeld of America, Inc.*