Objection Deadline: June 19, 2007
Hearing Date: June 26, 2007 @ 10:00 a.m.

WOLLMUTH MAHER & DEUTSCH LLP
One Gateway Center – 9th Floor
Newark, New Jersey 07102
Tel: (973) 733-9200
Attorneys for Flow Dry Technology Inc.
James N. Lawlor, Esq.  (JL-6065)

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et. al., | Case Nos. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

## OPPOSITION OF FLOW DRY TECHNOLOGY INC.
## TO DEBTORS' OBJECTION TO FLOW DRY'S PROOF OF CLAIM

Flow Dry Technology Inc. ("Flow Dry"), an Ohio corporation, a creditor and party-in-interest in the above-captioned case, by and through its attorneys, Wollmuth Maher & Deutsch LLP, hereby responds to the Debtors' Fifteenth Omnibus Objection (Substantive) (the "Objection") by the above-captioned debtors (the "Debtors" or "Delphi"), and respectfully states:

### BACKGROUND

1.      As of October 8, 2005 (the "Petition Date"), the Debtors were indebted to Flow Dry on account of two plastic injection molds owned by Delphi.  The Debtors owe Flow Dry a total of $22,258.80 on account of said molds.  Upon information and belief, the Debtor does not contest the amount of the indebtedness.

2.      The Debtors' obligation to Flow Dry is secured by liens on the two molds pursuant to Ohio Revised Code Section 1331.31, Ohio's molder's lien law.  Flow Dry has been

in possession of the molds prior to the Petition Date and has remained in possession of the molds at all times since that date.

3.    In a December 7, 2005 letter to the Debtors and Debtors' counsel, Flow Dry notified Debtors of its secured creditor status and provided an itemized statement of the amount due as of October 8, 2005.[1] See Declaration of James N. Lawlor, Exh. A.

4.    By order dated April 12, 2006 (the "Bar Date Order"), the Court fixed July 31, 2006 (the "Bar Date") as the last day for the filing of proofs of claims.

5.    Flow Dry timely filed a secured proof of claim dated June 20, 2006 for $22,258.80, which is identified as claim No. 8508 (the "Flow Dry Secured Claim"). See id. Exh. B.

6.    Upon information and belief, the Debtors have not made any payments on account of the Flow Dry Secured Claim.

## RESPONSE TO OBJECTION

7.    The Debtors have designated the Flow Dry Secured Claim as one of many "Claims Subject to Modification." As noted above, the Debtors do not contest the amount of the Flow Dry Secured Claim. Rather, the Debtors seek to modify the characterization and treatment of the claim, by having it designated an unsecured claim. The Objection should be overruled for the reasons set forth herein.

8.    The Flow Dry Secured Claim should remain classified as a secured claim. Pursuant to the Ohio's Molder's lien statute, Flow Dry holds a secured lien on two plastic injection molds owned by Delphi for the amounts due for fabrication of the molds and for work performed with the molds. See O.R.C. § 1333.31(A)(1) ("a molder has a lien on a . . . mold . . .

---

[1] The December 7, 2005 letter and the itemized statement included therein also pertained to additional claims, which are not at issue in the Objection.

that is in his possession and that belongs to a customer, for the following: (a) the amount due from the customer for plastic, metal, paper, china, ceramic, glass or rubber fabrication work performed with the . . . mold . . . or for making or improving the . . . mold"). The Ohio lien law also extends the lien to include any costs and interests awarded on a judgment under the statute. See § 1333.31(A)(1)(c).

9.    Flow Dry perfected its liens by its continuous possession of the molds. See In re Flue Gas Resources, 77 B.R. 628, 631 (Bankr. N.D. Ohio 1987) (the Ohio molder's lien is perfected by possession, and the perfected status of the lien prevented a chapter 7 trustee from avoiding it pursuant to 11 U.S.C. §542(2)). Given Flow Dry's perfected lien and the Debtor's failure to dispute the amount claimed due, the Debtors have not provided any basis for altering the characterization of the Flow Dry Secured Claim.

## CONCLUSION

WHEREFORE, for these reasons, the Court should overrule and dismiss the Objection and grant such other and further relief as is necessary and appropriate.

WOLLMUTH MAHER & DEUTSCH LLP
Attorneys for Flow Dry Technology Ltd.


By:  /s/ James N. Lawlor
         James N. Lawlor

Dated:  June 19, 2007
          Newark, New Jersey

3