| | |
|---|---|
| CLARK HILL PLC | Hearing Date: **June 26, 2007** |
| 500 Woodward Avenue, Suite 3500 | Hearing Time: **10:00 a.m.** |
| Detroit, Michigan 48226-3435 | Objection Deadline: **June 19, 2007** |
| Joel D. Applebaum (Mich. Bar. No. P36774) | **at 4:00 p.m.** |
| admitted *pro hac vice* | |
| Shannon L. Deeby (Mich. Bar No. P60242) | |
| japplebaum@clarkhill.com | |
| sdeeby@clarkhill.com | |
| (313) 965-8300 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**RESPONSE OF MANUFACTURERS EQUIPMENT & SUPPLY CO.
IN OPPOSITION TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) PURSUANT TO 11 U.S.C. §502(b) AND FED. R. BANKR. P. 3007
TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT
REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS AND
UNTIMELY TAX CLAIM, AND (D) CLAIMS SUBJECT TO MODIFICATION, TAX
CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED
<u>CLAIMS ASSERTING RECLAMATION</u>**

For its Response in Opposition to Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims and Untimely Tax Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (the "Claim Objection"), Manufacturers Equipment & Supply Co. ("MESCO") states as follows:

1.      On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101-1330, as then amended (the "Bankruptcy Code").

2. As of October 7, 2005, the Debtors owed MESCO a total of $156,172.47 (the "Claim"). MESCO supplies parts to the Debtors and the Claim arises out of the sale of goods pursuant to the terms of various purchase orders.

3. Accordingly, on or about December 2, 2005, MESCO timely filed a Proof of Claim against Delphi Corporation (Case No. 05-44481) for its unsecured claim in the amount of $156,172.47. MESCO's Proof of Claim is attached hereto as Exhibit A. Attached to the Proof of Claim is a detailed listing of each invoice and the amounts owed thereon that comprise the amount of MESCO's Claim.

4. In its Claim Objection, the Debtors object to the Proof of Claim and seek reduction of the Claim from $156,172.47 to $2,066.11. The Claim Objection contends that the Claim is subject to modification because "the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (b) may include postpetition liabilities, (c) does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, (d) was docketed and filed against the wrong Debtor entity, and/or is misclassified as a priority or secured claim."

5. In its Claim Objection, the Debtors also seek to change the Debtor entity against whom the claim is asserted from Delphi Corporation (Case No. 05-44481) to Delphi Automotive Systems, LLC (Case No. 05-44640).

6. MESCO objects to the Debtors' proposed modification of its Claim from $156,172.47 to $2,066.11. The Claim Objection seeks a reduction of the Claim in the amount of $154,106.36 (the "Claim Differential") without providing any basis for the claim reduction.

7. MESCO does not object to a reduction of its unsecured Claim from $156,172.47 to $15,854.36 (the "Proposed Amended Claim").

8. The Debtors' Claim Objection and its attempts to reduce the Claim to $2,066.11 are misplaced. Attached hereto as Exhibit B is a detailed statement of all invoices comprising the Proposed Amended Claim which explains MESCO's calculation of the Proposed Amended Claim.

9. As additional support for the validity of the Proposed Amended Claim amount, MESCO has attached to this Objection as Exhibit C, each invoice identified on Exhibit B, the Packing Slips evidencing shipment of the parts identified on each invoice, and the Bills of Lading further evidencing receipt of the parts shipped by MESCO to the Debtors.

10. By reviewing and comparing the attachment to MESCO's Proof of Claim against the invoice summary attached as Exhibit B hereto, it is apparent that the invoices identified as supporting the Claim and the Proposed Amended Claim are the same invoices; however, the amounts owed on each of the invoices has been reduced to reflect the outstanding amounts owed on each invoice.

11. That the Proof of Claim attached hereto as <u>Exhibit A</u> contains sufficient documentation on a *prima facie* basis for purposes of asserting the claim pursuant to Rules 3001(f) and 3003 of the Federal Rules of Bankruptcy Procedure is clear. To the extent that the Debtors' Claim Objection sought additional documentation or analysis from MESCO in order to reconcile the claim, MESCO submits that the documents attached to this Response as Exhibits B and C sufficiently support the Claim and the Proposed Amended Claim.

12. The Debtors' assert that the Claim and, presumably, the Proposed Amended Claim, should have been asserted against Delphi Automotive Systems, LLC. MESCO shipped

3

parts to a number of Delphi facilities and customers. The Purchase Orders MESCO received from the Debtors do not indicate which Debtor or non-debtor entities issued the purchase orders. MESCO seeks only one recovery on its claim and submits that this issue will ultimately be resolved by stipulation between the Debtors and MESCO. MESCO hereby reserves its rights to seek recovery on the Proposed Amended Claim from the appropriate Debtor entity and further reserves its rights to seek immediate recovery on the outstanding amounts owed from an appropriate non-debtor entity, if it is ultimately determined that a non-debtor entity issued the Purchase Orders.

13. In light of the foregoing, MESCO submits that it should be entitled to an allowed unsecured Claim in the amount of $15,854.36.

WHEREFORE, the Debtors' objection to MESCO's Proof of Claim should be denied.

Respectfully submitted,

CLARK HILL PLC

By: /s/ Joel D. Applebaum
Joel D. Applebaum (Mich. Bar. No. P36774),
admitted *pro hac vice*
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
japplebaum@clarkhill.com
(313) 965-8300

Attorneys for Manufacturers Equipment & Supply Co.

Dated: June 19, 2007