MICHAEL J. GARCIA  
United States Attorney for the  
Southern District of New York  
By: DAVID J. KENNEDY (DK-8307)  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Telephone No. (212) 637-2733  
Facsimile No. (212) 637-2686  

Hearing Date: June 26, 2007  
Hearing Time: 10:00 A.M.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------ x  
In re:                                            :   Chapter 11  
                                                  :   Case No. 04-44481 (RDD)
DELPHI CORPORATION, et al.,                       :
                                                  :
                          Debtors.                :
                                                  :
------------------------------------------------------------ x  

### UNITED STATES OF AMERICA'S RESPONSE TO DEBTOR'S OBJECTION TO THE CLAIMS OF U.S. CUSTOMS AND BORDER PROTECTION

The United States of America (the "Government"), by its attorney, Michael J. Garcia, the United States Attorney for the Southern District of New York, hereby submits this response to Debtor's Fifteenth Omnibus Objection, dated May 22, 2007 (the "Objection"), to the extent that the Debtor ("Debtor") objects to the claims of United States Customs and Border Protection ("Customs"), listed on the Objection's Exhibit B-2, claim numbers 16127 and 16202 (the "Customs Claims").

The Government opposes Debtor's objections to the Customs Claims because Debtor has failed to rebut the prima facie validity of the claims and the presumption that the claims are correct. Debtor's assertion that the Customs Claims are untimely is plainly wrong, because Customs indicated on the face of the Claims that they amended previous, timely filed claims. The Court should therefore allow the Customs Claims.

**Background**

1.  On October 8 and 14, 2005 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 1101 et seq., as amended (the "Bankruptcy Code").

2.  The Bar Date in these cases was July 31, 2006.

3.  In the Objection, Debtors object to several of Customs' claims filed in this cases. Since the filing of the claims, many of the entries in question have been liquidated, and Customs has no objection to the relief sought as to such claims. The Customs claims to which Debtors object are as follows:

    a.  Debtors assert that the following claims are not reflected on their books and records (Exhibit B-1) and should be expunged:

    Claim # 4041, filed 5/1/06 re Delphi Connection Systems, 05-44624, for $0.00 priority

    Claim # 4038, filed 5/1/06 re Specialty Electronics Inc, 05-44539, for $0.00 priority

    Customs has no objection to the disallowance of claims 4041 and 4038.

    b.  Debtors assert that the following claims are not reflected on their books and records and are untimely (Exhibit B-2):

    Claim # 16127, filed 8/9/06 re Delphi Corporation, 05-44481, for $82,643.04 priority

    Claim # 16201, filed 8/14/06 re Delphi Mechatronic Sys., 05-44567, for $0.00 priority

    Claim # 16202, filed 8/14/06 re Delphi Diesel Systems, 05-44612, for $0.00 priority

    Customs has no objection to the disallowance of claim 16201, as all entries have since been liquidated. Customs does object to the disallowance of claims 16127 and 16202 (the "Customs Claims"), for the reasons stated infra.

    c.  Debtors assert that the following claims should be reclassified (Exhibit D-2):

Claim # 4037, filed 5/1/06 re Asec Manufacturing General Partnership, 05-44482, for $1,192.40 unsecured only.  Debtors seek to expunge the $0.00 priority claim.  Customs has no objection to reclassification of this claim, such that Customs will have an unsecured claim only.

4.       Turning to the two Customs Claims that are still at issue, on or about August 9, 2006, Customs filed a proof of claim concerning Delphi Corporation, case number 05-44481 (RDD), stating a secured claim in the amount of $82,643.04, and other potential unliquidated claims, based on over 33,000 unliquidated entries.  That claim was numbered 16127.  Annexed hereto as Exhibit A is a true and correct copy of Customs claim # 16127.  As can be clearly seen on the front of the claim, the claim amends a previously filed claim, which was dated May 1, 2006.

5.       Similarly, on or about August 14, 2006, Customs filed a proof of claim concerning Delphi Diesel Systems Corp., case number 05-44612 (RDD), stating an unsecured priority claim of $0.00, based on 67 unliquidated entries.  That claim was numbered 16202.  Annexed hereto as Exhibit B is a true and correct copy of Customs claim # 16202.  As can be clearly seen on the front of the claim, the claim amends a previously filed claim, which was dated May 1, 2006.

## ARGUMENT

### A. The Customs Claims Are Not Untimely Because They Merely Amend Previously Filed Claims

6.       The Customs Claims both clearly indicate that they amend previously filed claims, which were filed on May 1, 2006, before the bar date.  As review of the Customs Claims discloses, these claims are based upon dozens of entries into the United States of shipments upon which Debtors may owe duties.  As Customs liquidates the duties owed on these entries and determines the amount of duties owed, Debtors may be obliged to pay duties or may be entitled

to a refund. (See, e.g., Exh. A (listing refunds and unliquidated entries separately).) Customs liquidates these entries over time. The Customs Claims, however, clearly set forth the specific entry number, entry date, and port of entry for each shipment, and the listing for unliquidated entries in Claim 16127 incorporates by reference the 33,338 unliquidated entries upon which duties may be owed. (See, e.g., Exh. A.) Thus, the listing of outstanding entries upon which duties may be owed will change as Customs proceeds to liquidate each entry and determine the duty owed. In many cases, Customs will liquidate the entries and determine that no duties are owed, in which case Customs would have no objection to expungement of the claim (as is the case with claim # 16201, see supra ¶ 3b). Yet in some instances, Customs is prohibited by statute from liquidating entries pending the conclusion of administrative actions by other agencies.

      7.      Amendments to a timely filed proof of claim "should in the absence of contrary equitable considerations or prejudice to the opposing party be freely permitted." In re W.T. Grant Co., 53 B.R. 417, 420 (Bankr. S.D.N.Y. 1985). Ultimately, the decision to grant or deny an amendment to a timely-filed proof of claim "rests with the sound discretion of a bankruptcy judge." In re McClean Indus., Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990).

      8.      A creditor may amend its proof of claim "'where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.'" In re W.T. Grant, 53 B.R. at 420 (citation omitted). An amendment will not be permitted, however, "when its purpose is to create an entirely new claim." In re Enron Corp., 298 B.R. 513, 520 (Bankr. S.D.N.Y. 2003).

9. In deciding whether to permit an amendment to a proof of claim, a bankruptcy court is guided by a two prong test: (i) "whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable;" and (ii) if there were such a timely assertion, "whether it would be equitable to allow the amendment." Id. (citations omitted). The Customs Claims plainly meet this standard. Customs filed numerous timely claims in this case, thus evidencing an intention to hold the estate liable, and, as entries were liquidated, amended the claims accordingly. As noted above, Customs has been willing to permit expungement of claims for which all entries have now been liquidated and for which, as a result, no duties are owed. It would be profoundly inequitable to insist that Customs proceed with liquidating entries and amend its claims only where such liquidation reduces the Debtors' liability to the United States Treasury, but not where liquidating entries results in an increase in Debtors' liability to the United States Treasury. Customs should not be penalized for accurately determining Debtors' liability for duties.

### B. Debtor's Objection To The Validity And Amount Of The Customs Claims Proof Of Claim Must Be Rejected

10. In addition, the Customs Claims, executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, constitute prima facie evidence of the validity and the amount of the claim. It is well established that "[a] proof of claim is deemed prima facie valid." In re Worldcom, Inc., No. 02-13533 (AJG), 2005 WL 3832065 (Bankr. S.D.N.Y. Dec. 29, 2005); see Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."); see also Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 22 n.2 (2000); In re Harford Sands Inc., 372 F.3d

5

637, 640 (4th Cir. 2004); In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir. 1993); In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); In re DeGeorge Fin. Corp., Nos. 99-32300-02 (ASD), Civ. A. 3:01-CV0009 (CFD), 2002 WL 31096716, at *4 (D. Conn. July 15, 2002); In re Make Meat Corp., No. 98 Civ. 4990 (HB), 1999 WL 178788, at *3 (S.D.N.Y. Mar. 31, 1999); In re Jorczak, 314 B.R. 474, 480-81 (Bankr. D. Conn. 2004); In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990).  Thus, the Customs Claims are prima facie valid.

11.     Because the Customs Claims are prima facie valid, the burden shifts to Debtor to challenge the validity of the claim.  "Once the claimant has established its prima facie case, the burden of going forward then shifts to the debtor to produce evidence sufficient to negate the prima facie validity of the filed claim."  In re Make Meat Corp., 1999 WL 178788, at *3; In re Allegheny Int'l, Inc., 954 F.2d at 173 (same); see also In re Harford Sands Inc., 372 F.3d at 640 ("The debtor must introduce evidence to rebut the claim's presumptive validity."); In re DeGeorge Fin. Corp., 2002 WL 31096716, at *4; In re Worldcom, Inc., 2005 WL 3832065, at *4; In re Kahn, 114 B.R. at 44 ("[T]he objecting party [must] go forward and produce sufficient evidence to rebut the claimant's prima facie case.").  Thus, Debtor has the burden of producing evidence sufficient to negate the prima facie validity of the Government's claim.

12.     Debtor has not met its burden because it has not produced substantial evidence in support of its objection.  Indeed, Debtor has submitted no evidence at all in support of its objection.  "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence."  In re Hemingway Transp., Inc., 993 F.2d at 925; see also In re Allegheny Int'l, Inc., 954 F.2d at 173 ("It is often said that the objection must produce evidence equal in force to the prima facie case."); In re Make Meat

6

Corp., 1999 WL 178788, at *3 (same); <u>In re Worldcom, Inc.</u>, 2005 WL 3832065, at *4 (same); <u>In re Jorczak</u>, 314 B.R. at 481 ("[T]he objecting party [must] produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." (quotation marks omitted)). "The case law is clear. To prevail, the objector must affirmatively <u>produce</u> evidence to counter the creditor's claim." <u>In re Make Meat Corp.</u>, 1999 WL 178788, at *4. Here, Debtor has not produced any evidence countering the Customs Claims. Accordingly, Debtor has not met its burden of production, and any objection to the Customs Claims should be denied.

### C. In The Alternative, The Government Is Entitled To Discovery

13.    Customs now contests the Objection and, accordingly, this is a contested matter. <u>See</u> Fed. R. Bankr. P. 9014; <u>In re Rockefeller Center Properties & RCP Assocs.</u>, 241 B.R. 804, 817 (Bankr. S.D.N.Y. 1999) ("When an objection to a claim is contested, a contested matter is created."). As this is a contested matter, the Government is entitled to discovery on Debtor's challenge to the IRS's claim, pursuant to Rule 26 of the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Bankr. P. 9014, 7026.

14.    Therefore, should the Court decline to deny the Objection outright, the Court should grant the Government an opportunity to conduct discovery on the issues presented by the objection. Where, as here, the objection rests entirely on the conclusory assertion that Debtor's books and records do not reflect the Customs Claims, the Government is entitled to discovery, including, <u>inter alia</u>, the production of documents, responses to interrogatories, depositions, and any other vehicle for discovery permitted under the Federal Rules of Civil Procedure.

WHEREFORE, the Government respectfully requests that Debtor's objection to the Customs Claims be denied, and the Customs Claims (# 16127 and 16202) be allowed in full. In the alternative, the Government respectfully requests that the Court permit discovery on the issue of the validity and amount of the Customs Claims.

Dated:    New York, New York
         June 21, 2007

                                          MICHAEL J. GARCIA
                                          United States Attorney for the
                                          Southern District of New York
                                          Attorney for the United States of America

By:      /s/ David J. Kennedy
                          DAVID J. KENNEDY (DK-8307)
                          Assistant United States Attorney
                          86 Chambers Street, 3rd Floor
                          New York, New York
                          Telephone No. (212) 637-2733
                          Facsimile No. (212) 637-2686