**Hearing Date: June 26, 2007**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :
    In re                            :    Chapter 11
                                 :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                                 :
               Debtors.    :    (Jointly Administered)
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS'
BOOKS AND RECORDS, (C) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIM, AND (D)
CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND
<u>MODIFIED CLAIMS ASSERTING RECLAMATION</u>

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF FIFTEENTH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this omnibus reply in support of the Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection"), and respectfully represent as follows:

1.     The Debtors filed the Fifteenth Omnibus Claims Objection on May 22, 2007, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because they contain insufficient documentation in support of the Claims asserted, (b) disallowing and expunging certain Claims because they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, (c) disallowing and expunging certain Claims because they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely pursuant to the Bar Date Order, (d) disallowing and expunging certain Claims because they were untimely pursuant to the Bar Date Order, (e) disallowing and expunging one Claim because it was filed by a taxing authority and was untimely pursuant to the Bar Date Order, (f) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to certain Claims, (g) revising the asserted amount or classification, and/or changing in the identity of the alleged Debtor with

---

[1]     Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Fifteenth Omnibus Claims Objection.

2

respect to certain Claims filed by taxing authorities, or (h) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to certain Claims, some of which are subject to an agreement between the claimant and the Debtors relating to the valid amount of each claimant's reclamation demand, subject to certain reserved defenses, and some of which are held by claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand.

2. The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Fifteenth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection.  Responses to the Fifteenth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on June 19, 2007.

3. As of June 22, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 48 timely-filed formal docketed responses to the Fifteenth Omnibus Claims Objection, and one undocketed response (collectively, the "Responses") to the Fifteenth Omnibus Claims Objection.  A chart summarizing each of the Responses is attached hereto as <u>Exhibit A</u>.

4. The Debtors believe that one of the Responses (the "Resolved Response") have been resolved.  The Resolved Response pertains to a Claim for which the Debtors seek to modify the asserted amount of the claim, but do not seek to modify the classification or change the identity of the Debtor.  Counsel for the Debtors confirmed that the respondent agreed to the relief requested in the Fifteenth Omnibus Claims Objection with respect to the respondent's Claim.

5. Accordingly, as reflected in the revised proposed order, a copy of which is attached hereto as Exhibit B (the "Revised Order"),[2] the Debtors do not seek to adjourn the hearing with respect to the Claim subject to the Resolved Response, but rather seek the relief requested in the Fifteenth Omnibus Claims Objection with respect to this Claim.

6. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed, other than the Resolved Responses, will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.  The Revised Order reflects the adjournment of the hearing with respect to each of the Claims for which a Response was filed, other than the Resolved Response, to a future hearing date pursuant to the Claims Objection Procedures Order, provided, however, that such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

7. In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Fifteenth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses").  The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

---

[2] Attached hereto as Exhibit C is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Eleventh Omnibus Claims Objection.

4

8. Except for those Claims that have been adjourned to future hearing dates, the Debtors believe that the Revised Order adequately addresses the issues raised by the respondents. Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Fifteenth Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) adjourning the hearing with respect to all Claims for which a Response was filed, other than a Resolved Response, pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
June 25, 2007

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession