## Exhibit A

**In re Delphi Corporation, <u>et</u> <u>al.</u>, Case No. 05-44481 (RDD)**

*Responses To The Debtors' Fifteenth Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | Riverside Claims, LLC as assignee of Whyco Finishing Technologies, LLC (Docket No. 8048) | 8874 | Riverside Claims LLC ("Riverside") opposes the reduction in proof of claim no. 88474, originally filed by Whyco Finishing Technologies, LLC ("Whyco"). Whyco provided parts plating services to Delphi and billed Delphi on a per part basis pursuant to contract. Riverside attaches copies of the governing contracts and the invoices totaling $101,655.48 that form the basis for its claim. Riverside requests that this Court overrule the Fifteenth Omnibus Claims Objection (the "Objection") and allow the claim in full. | Modification | Adjourn |
| 2. | American Casualty Company of Reading, PA (Docket No. 8206) | 2534[3] | American Casualty of Reading PA ("American Casualty") consents to the expungement of proof of claim no. 2534 and requests an order allowing proof of claim no. 2253. American Casualty asserts that it executes, on behalf of importers such as Delphi, bonds which are required by the United States Customs Service from entities | Books and records | Adjourn |

---

[1]   This chart reflects all Responses entered on the docket as of Friday, June 22, 2007 at 12:00 p.m. (prevailing Eastern time).

[2]   This chart reflects all resolutions or proposals as of Friday, June 22, 2007 at 12:00 p.m. (prevailing Eastern time).

[3]   Note that American Casualty asserts that the Debtors object to proof of claim no 2253 on the grounds that it is a duplicate claim. Proof of claim no. 2253 was disallowed and expunged, however, pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (I) Duplicate And Amended Claims And (II) Equity Claims Identified In First Omnibus Claims Objection (Docket No. 5390), entered October 24, 2006.

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | importing goods.  It asserts that it is contingently liable in the amount of $44,080,000.00 on three bonds on behalf of the Debtors.  American Casualty asserts that is allowed to file a claim no matter how remote or contingent the liability, and that the Court should employ methods to estimate the amount of the claim.  American Casualty further asserts that it is entitled to priority status under 31 U.S.C. § 9309.  American Casualty asks that this Court allow the claim and grant leave for American Casualty to move for an estimation of the claim and for funds to be deposited with American Casualty to be held as collateral until the time that the Debtors furnish evidence of termination of American Casualty's liability under the bonds. | | |
| 3. | New York State Department of Taxation and Finance (Docket No. 8214) | 9710, 9711 | First, the New York State Department of Taxation and Finance (the "New York Tax Department") consents to the expungement of proof of claim no. 9710.  Second, the New York Tax Department asserts that it filed proof of claim no. 9711 for unpaid prepetition corporate taxes in the total amount of $2,876.21, including interest and penalties.  The New York Tax Department consents to the expungement of the portion of the claim relating to tax assessment L-027173384-2, which is an assessment in the amount of $1,626.21.  The New York Tax Department asserts that an estimated assessment in the amount of $1,000.00 for the failure to file a tax return for the period ending October 8, 2005 remains unpaid.  The New York Tax Department further asserts that the Debtors' Objection is insufficient to overcome the prima facie validity of its claim. | Books and records | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 4. | Fitzgerald Water, Light, and Bond Commission (Docket No. 8215) | 16026 | Fitzgerald Water, Light, and Bond Commission agrees with the Debtors' modification to the amount of its claim and with its response, and amends proof of claim no. 16026 to reflect the modified amount of the claim. | Modification | Resolved – the claimant agrees with the modification |
| 5. | EMC$^2$ Corporation (Docket No. 8216) | 14837 | In the Objection, the Debtors seek to reduce the claim of EMC$^2$ Corporation ("EMC") from $115,123.63 ($74,172.96 prepetition and $40,950.67 postpetition) to $73,342.82. EMC disagrees with the Debtors' proposed modification to its claim. EMC asserts that it has not received payment for services rendered between March 2005 and February 2006, and it attaches invoices and purchase orders to support its claim. | Modification | Adjourn |
| 6. | Marco Manufacturing Co. (Docket No. 8218) | 11132 | Marco Manufacturing Co. ("Marco") asserts that it filed its proof of claim in the net amount of $261,038.88 after taking into account the amounts that Marco owed to the Debtors. Marco concedes that after filing its proof of claim it agreed to a reduction in the portion of the claim entitled to priority status as a reclamation claim. Marco asserts that its total claim should be allowed in the amount of $261,038.88, with $49,095.80 as priority. Marco believes that it has sufficiently documented its claim, and is willing to further document its claim but does not understand why the Debtors assert that its claim is insufficiently documented. | Insufficiently documented | Adjourn |
| 7. | InteSys Technologies, Inc. (Docket No. 8224) | 10770 | InteSys Technologies, Inc. ("InteSys") filed proof of claim no. 10770 for goods sold to the Delphi in 2004 and 2005. InteSys asserts that it has provided documentation and information, including detailed invoices, supporting its claim in the amount of | Insufficiently documented | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $511,037.71. | | |
| 8. | PBR Columbia LLC (Docket No. 8239) | 6610 | PBR Columbia LLC ("PBR Columbia") filed proof of claim no. 6610 against Delphi Automotive Systems LLC ("DAS LLC"). PBR Columbia also filed a similar claim against Delphi Corporation because it was uncertain against which Debtor the claim was properly asserted. PBR Columbia asserts that the Debtors have failed to put forth evidence sufficient to rebut the presumption of validity of its proof of claim. | Books and records | Adjourn |
| 9. | City of McAllen (Docket No. 8242) | 16486 | The City of McAllen ("McAllen") asserts that it is not necessary for it to file any responses to the Objection because the filing of the claim was like a complaint and the Objection is like an answer. McAllen asserts that the burden is on the Debtors to rebut the prima facie case presented in the proof of claim. Out of an abundance of caution, McAllen files its response asserting that its claim has not been paid and remains due for the 2005 tax year. McAllen further asserts that it did not receive adequate notice of the filing of the Debtors' chapter 11 cases and therefore should not be held to the bar date. McAllen further asserts that if its claim is disallowed as untimely, its liens will survive and the Debtors are required to segregate all assets which secure payment of the taxes owed to McAllen. | Untimely tax claim | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 10. | Sandvik Materials Technology (Docket No. 8251) | 590 | Sandvik Materials Technology ("Sandvik") filed proof of claim no. 590 ("Claim 590") and proof of claim no. 591 ("Claim 591") for amounts owed for steel products manufactured and delivered by Sandvik to Delphi.  Sandvik agrees that Claim 590 should be asserted against DAS LLC.  Sandvik does not agree with the proposed modification to the amount of Claim 590.  Sandvik attaches invoices that it asserts remain due in the amount of $29,390.33.  Sandvik asserts that the Debtors have not produced sufficient evidence to negate Sandvik's prima facie claim.  Sandvik agrees that Claim 591 should be asserted against DAS LLC.  The Debtors seek only to change the Debtor entity against which Claim 591 is asserted. | Modification | Adjourn |
| 11. | Gobar Systems, Inc. (Docket No. 8264) | 15429 | Gobar Systems, Inc. ("Gobar") filed its proof of claim asserting a total amount of $431,794.32 stemming from the sale of goods.  Gobar attaches a spreadsheet listing all the invoices, the delivery date, and the amount of each sale for which it asserts that it remains unpaid.  Gobar asserts that the Debtors have failed to establish that the claimed amount should be reduced or modified.  Gobar further asserts that the Debtors have failed to provide any documentary support for the relief sought.  Gobar requests that this Court deny the Objection and allow the claim in full. | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 12. | Valeo Climate Control Corporation (Docket No. 8278) | 11462 | Valeo Climate Control Corporation ("Valeo") asserted a general unsecured claim in the amount of $506,709.63, and subsequently determined that $156,725.41 of that claim should be treated as a priority reclamation claim.  The reclamation reconciliation, which was agreed to by the Debtors pursuant to a statement of reclamation, did not address the validity of the remainder of the Valeo's unsecured claim.  Valeo asserts that the Debtors have not alleged a substantive basis or produced evidence to support their claim that Valeo's unsecured claim is not valid.  Although the Debtors have stated that the subject invoices have been paid, Valeo asserts that its books and records do not reflect payment.  Valeo requests that the Court overrule the Objection and allow the claim in the total amount of $506,709.63, with $156,725.41 entitled to priority status as a reclamation claim. | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 13. | Muskegon Castings Corp (Docket No. 8285) | 12186 | Muskegon Castings Corp ("Muskegon") asserts that it filed proof of claim no. 12186 against DAS LLC in the amount of $48,161.62 for goods supplied to the Delphi. The claim amount represents purchase orders numbered 550014386, 550014387, 550014388, and 550014391, each of which is dated September 3, 2002.  Muskegon disagrees with the Debtors' modification of the claim to a priority claim of $11,566.85 and an unsecured claim of $36,409.21, for a total of $47,976.06.  Muskegon contends that pursuant to the Michigan Special Tools Lien Act, MCL 570.541 et seq. (the "Special Tools Lien Act"), it has a lien of approximately $1.2 million for special tools in its possession that are owned by the Debtors.  Muskegon argues that the Objection fails to explain (1) how the Debtors intend to avoid the Special Tools Lien Act and (2) the basis for the reduction in claim amount. | Claims subject to modification and reclamation agreement | Adjourn |
| 14. | Port City Castings Corp (Docket No. 8288) | 12187 | Port City Castings Corp ("Port City") asserts that it filed proof of claim no. 12187 as a secured claim in the amount of $100,551.70 for goods supplied pursuant to several contracts.  Port City contends that pursuant to the Special Tools Lien Act, it has a lien for approximately $295,330.00 for special tools in its possession owned by the Debtors.  Port City argues that  the Debtors fail to document how the they intend to avoid the Special Tools Lien Act and the basis for the reduction of their secured claim to an unsecured claim in the amount of $90,638.09. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 15. | MJ Celco (Docket No. 8290) | 12183 | MJ Celco asserts it filed a claim in the amount of $800,000.00 for parts supplied to Delphi Corporation. MJ Celco contends that it has continued to do business with Delphi and reconcile its invoices and payments, and therefore believes that the outstanding amount owed is approximately $150,000.00. MJ Celco states that it would consent to the reduction of its claim to $150,000.00 without prejudice to the Debtors right to further object when the reconciliation process is complete. | Books and records | Adjourn |
| 16. | Grigoleit Company (Docket No. 8291) | 10128 | The Grigoleit Company ("Grigoleit") asserts that it filed proof of claim no. 10128 in the amount of $259,605.47 for goods sold and services provided to Delphi. Grigoleit attaches invoices that it contends supports the asserted amount. According to Greigoleit, the Debtors provided a "Delphi Claim Reconciliation Detail," explaining the modification of its claim to $209,112.50. Grigoleit attaches documentation and (1) states that it disagrees with the Debtors assertion that Grigoleit is not owed $17,510.00 for the production of parts invoiced to the Debtors, (2) argues that the Debtors are not entitled to an additional $12,971.50 credit for returned materials or parts, and (3) contends that the Debtors did request an accelerated tooling service and it is owed $20,000.00 for such service. Grigoleit disputes the Debtors' modification and requests that its claim be allowed in the amount of $259,605.47. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 17. | Jacobson Mfg., LLC (Docket No. 8294) | 14240 | Jacobson Mfg., LLC ("Jacobson") asserts that it filed proof of claim no. 14240 as an unsecured claim in the amount of $114,342.92 for fasteners and related equipment pieces sold to Delphi. Jacobson further asserts that it asserted a reclamation demand for $35,182.70, which was it later agreed with the Debtors to reconcile to $22,226.09. Jacobson does not object to changing the Debtor against which the claim is asserted, provided that its claim is deemed timely filed and subject to no further objection for being against the improper debtor. Jacobson attaches invoices and contends that its claim should be reduced only to $106,551.92, not $95,486.72, the amount to which the Debtors seek to reduce the claim. Jacobson requests an allowed claim against DAS LLC as a priority claim of $22,226.09 and a non-priority unsecured claim of $84,325.83. | Claim subject to modification and reclamation agreement | Adjourn |
| 18. | Sun Microsystems, Inc. (Docket No. 8304) | 16597 | Sun Microsystems, Inc. ("Sun Microsystems") asserts that it filed a request for administrative expense on April 16, 2007 for a claim in the amount of $114,168.03 and attaches that request. Sun Microsystems requests that the Objection be denied and that its claim of $114,168.03 be allowed. | Untimely books and records | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 19. | Sojitz Corporation of America (Docket No. 8305) | 11606 | Sojitz Corporation of America ("Sojitz") asserts that it filed proof of claim no. 11606, asserting a secured claim in the amount of $55,000.00 and an unsecured claim in the amount of $71,344.36, and properly documented such claims. Sojitiz does not dispute the modification of the unsecured claim to $50,493.75. Sojitz's response contests the Debtors' attempt to expunge the secured claim and shift the corporate obligor for proof of claim no. 11606. Sojitz argues that the Debtors did not provide a sufficient factual basis to support changing the Debtor against which the Claim is asserted from DAS LLC to ASEC Manufacturing General Partnership. Sojitz also request that its secured claim in the amount of $55,000.00 be allowed. | Modification | Adjourn |
| 20. | Liquidity Solutions, Inc. d/b/a Revenue Management, As Assignee of Acorn Distributors Inc. and Electronic Solutions Inc. (Docket No. 8307) | 2287,1201 | Liquidity Solutions, Inc. d/b/a Revenue Management, As Assignee of Acorn Distributors Inc. and Electronic Solutions Inc. ("Liquidity Solutions") asserts that it was assigned proof of claim no. 2287 in the amount of $12,921.52 from Acorn Distributors, Inc. and proof of claim no. 1201 in the amount of $104,504.04 from Electronic Solutions, Inc. Liquidity Solutions attaches copies of such claims and argues that there is sufficient documentation to support the amounts asserted. Liquidity Solutions contends that the Debtors do not carry the burden of proof of providing ample evidence to support modifying the claims. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 21. | Bank of America, N.A. (Docket No. 8309) | 11317, 11470, 11457 | Bank of America, N.A.("Bank of America") asserts that it filed proof of claim no. 11317 in the amount of $38,127,592.68 against Delphi Corporation, proof of claim no. 11470 in the amount of $38,127,592.68 against DAS LLC, and proof of claim no. 11457 against Delphi Automotive Systems Human Resources, LLC in the amount of $38,127,592.68 for amounts owed for two aircraft leases, the Challenger Lease and the Learjet Lease. Bank of America disputes the Objection because it asserts that the Debtors have offered no supporting evidence. According to Bank of America, the asserted claim amount includes (1) $26,050,997.12 owed pursuant to the "Challenger Lease," an aircraft lease dated March 30, 2007, for a certain Bombadier Inc. CL-600-2816 (Variant 604) aircraft, two aircraft engines, accessories, and avionics, and (2) $12,076,595.56 owed pursuant to the "Learjet Lease," an aircraft lease dated March 30, 2001 for a certain Learjet 60 aircraft, two aircraft engines, accessories, and avionics. Bank of America contends that its claim is for violations of the leases which are currently unknown or cannot be determined until the aircrafts are returned. | Books and records | Adjourn |
| 22. | National Paper and Packaging, Inc. (Docket No. 8314) | 16312 | National Paper and Packaging, Inc. ("NPP") asserts that it filed proof of claim no. 16312. NPP also asserts that it filed a reclamation claim, which it agreed to with the Debtors to allow in the amount of $3.802.95. NPP attaches invoices and argues that its unsecured claim amount is $186,028.49. | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 23. | Fry's Metals, Inc. (Docket No. 8317) | 15679, 15681 | Fry's Metals, Inc. (Fry's Metals") asserts that it received a prepetition payment of approximately $167,000.00 as prepayment for shipments that would be made postpetition. Fry's Metals explains that it received a duplicative payment of $167,000.00, which it deposited in its prepetition account for the Debtors, and such funds where used to reduce amounts owed for postpetition shipments that occurred in the first half of 2006.  Fry's Metals asserts that it is still owed the $70,512.00 pursuant to proofs of claim nos. 15679 and 15681 and therefore requests that the Objection be withdrawn. | Books and records | Adjourn |
| 24. | The Brix Group, Inc. (Docket No. 8318) | 8139, 8229 | The Brix Group, Inc. ("Brix") asserts that its documentation attached to proof of claim no. 8139 in the amount of $44,754.00 and proof of claim no. 8829 in the amount of $2,896,591.72 demonstrates that the claim should not be disallowed and expunged.  The amounts that Brix asserts relate to peripheral equipment that Brix purchased from the Debtors for the TruckPC Project.  Brix asserts that the equipment failed and that Delphi agreed to take back the equipment and issue a full credit for the returned equipment. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 25. | Contrarian Funds, LLC (Docket No. 8320) | a) 813<br><br>b) 5102, 7235, 7237, 7367, 7369, 8024, 8030, 10579, 10580, 12695, 16544 | a) Contrarian Funds LLC ("Contrarian") consents to the modification of proof of claim no. 813 provided that the claim is allowed in the modified amount.<br><br>b) Contrarian asserts that the there is no statutory or other authority justifying the Debtors' request to reduce the amount of certain claims while reserving the ability to later seek disallowance.  Contrarian asserts that this approach could cause an unnecessary drain on the resources of the Debtors, Contrarian, and this Court.  Contrarian also asserts that the Debtors have set forth no evidence to contradict the validity and amount of the claims they seek to modify.  Contrarian requests that the claims be allowed in full as filed. | Modification | Adjourn |
| 26. | Toshiba America Electronic Components, Inc. (Docket No. 8321) | 12239 | Toshiba America Electronic Components Inc. states that it reached an agreement with the Debtors whereby its claim will be allowed as a general unsecured claim in the amount of $597,611.14.  A copy of the letter agreement is attached to the Response. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 27. | PPG Industries, Inc. (Docket No. 8322) | 10710 | PPG Industries, Inc. ("PPG") asserts that it filed proof of claim no. 10710 in the amount of $574,896.85 for goods delivered prepetition.   PPG disagrees with the Debtors' analysis of proof of claim no. 10710 and provides documentation to support the following: (1) that it is owed approximately $60,442.14 for invoices, even though the Debtors disagree because there are no purchase orders reflecting that amount and (2) that it is owed approximately $4,230.77 for goods delivered.  PPG argues that its claim should not be modified to $460,507.92 because the Debtors fail to supply it with adequate information, reconcile the amount of the proposed reduction, or offer sufficient reasons for the reduction. | Modification | Adjourn |
| 28. | BI Technologies Corporation (Docket No. 8323) | 8372 | BI Technologies Corporation ("BI Technologies") asserts that it filed proof of claim no. 8372 for products manufactured and delivered in the amount of $788,628.25. Its claim consists of an unsecured claim of $782,418.25 and a priority administrative expense claim of $6,210 for a reconciled reclamation claim.  BI Technologies explained that it transferred the unsecured claim portion and retained $.25 of its unsecured claim; however, on June 1, 2007, the claim was re-transferred back to BI Technologies.  BI Technologies contends that upon reviewing documentation from the Debtors, it does not oppose the reduction of the unsecured claim by $26,357.26; however, it does oppose the reduction of its unsecured claim by $46,011.00. | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 29. | AB Automotive, Inc. (Docket No. 8324) | 14239 | AB Automotive, Inc. ("AB Automotive") asserts that it filed proof of claim no. 14239 against DAS LLC for products manufactured and delivered to DAS LLC.  The claim consists of an unsecured claim of $5,241,963.61 and an administrative expense priority claim in the amount of $2,171.90, which is the reconciled claim amount.  According to AB Automotive, it and the Debtors are parties to two sole source supplier agreements and two assumption agreements, requiring the Debtors to pay six quarterly payments totalling $71,368.78 and $220,219.55.  AB Automotive explains that it transferred its claim for $2,645,610.00 and retained the difference of $2,596,353.41  AB Automotive attaches invoices and objects to the modification of its claim for the retained portion of the unsecured claim to $499,310.41 and the priority claim to $733.75.  AB Automotive contends that because it has received payments pursuant to assumption agreements, the retained portion of the unsecured claim should be reduced to $1,018,343.04, and states that if the Debtors continue to make quarterly payments, then the claim should be further reduced by $899,114.91.  However, AB Automotive is concerned the order granting the supplier agreement assumption procedures does not consider the quarterly payments administrative expenses.   AB Automotive further asserts that the priority claim should be reduced only if the Debtors have made payments on account of such priority claim pursuant to the assumption agreements. | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 30. | Riverside Claims, LLC as Assignee of Hurley Packaging of Texas Inc. and Greak & Busby, P.C. (Docket No. 8326) | 8519, 8502 | Riverside Claims, LLC as Assignee of Hurley Packaging of Texas Inc. and Greak & Busby, P.C. ("Riverside") opposes the Objection to its proof of claim no. 8519, the claim of Hurley Packaging of Texas, Inc. ("Hurley"), in the amount of $40,000.00 and proof of claim no. 8502 in the amount of $20,000.00 on the basis that the claims provide documents and exhibits evidencing the asserted amounts. Furthermore, Riverside attaches documents related to the cancellation of a contract between Delphi Corporation and Hurley, indicating that Hurley was to file a claim for amounts owed upon cancellation.  Also attached is a petition for a state court lawsuit because Riverside asserts that Hurley was required to file a lawsuit to recover the owed amounts.  According to Riverside, proof of claim no. 8502, the claim of Greak & Busby, P.C., is for the attorneys' fees sought by Hurley in the state court lawsuit. | Books and records | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 31. | American Recycling & Manufacturing Co., Inc. (Docket No. 8329) | 16556 | America Recycling & Manufacturing Co., Inc. ("ARM") asserts that it filed proof of claim no. 14526 in the amount of $38,397.95 for goods and services supplied to Delphi.  This claim was objected to on the Debtors' Ninth Omnibus Objection, which was filed on February 15, 2007.  In its response to the Ninth Omnibus Claims Objection (the "First Response"), ARM explains that it moved to amend its proof of claim by $2,247.21 for an amount it billed the Debtors on October 17, 2005.  A copy of the amended proof of claim, proof of claim no. 16556, is attached to the First Response.  ARM contends that the Debtors refused to pay such amount but that it did not receive any opposition to its request to amend the proof of claim.  ARM opposes the Debtors' Objection that the amended proof of claim was filed late.  ARM asserts that the Debtors were not prejudiced by the amended claim and it believed that the invoice was a postpetition debt because the invoice was rendered postpetition.  ARM therefore requests that the court allow its amended claim and increase its claim by $2,247.21 to $40,645.16. | Untimely | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 32. | Battenfeld of America, Inc. (Docket No. 8333) | 1439 | Battenfeld of America, Inc. ("Battenfeld") asserts that its claim arises from parts sold and services provided. Battenfeld further asserts that the Debtors requested additional information from Battenfeld, which Battenfeld believes would account for the portion of the claim that the Debtors seek to disallow. Battenfeld asserts that it provided the requested information, and also attaches the information to its response. Finally, Battenfeld asserts that the Debtors have offered no evidence or explanation in support of the Objection. Battenfeld requests that this Court allow its claim in the amount filed. | Modification | Adjourn |
| 33. | Fujikura America, Inc. (Docket No. 8336) | 11659 | Fujikura America, Inc. ("Fujikura") filed proof of claim no. 11659 asserting a secured claim for $21,813.20, a priority claim for $15,482.29, and a general unsecured claim for $205,159.75, for a total claim of $247,455.24. Fujikura asserts that its secured claim is valid based on its right to setoff. Fujikura asserts that it believes the modification, by one cent, to the priority portion of its claim may be a typographical error, and should not be made. As to the general unsecured portion of its claim, Fujikura acknowledges that it may be reduced based on payments that have been made, but asserts that precise amount of the reduction has not been determined. | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 34. | Johnson Controls, Inc. (Docket No. 8337) | 15514 | Johnson Controls, Inc. ("JCI") asserts that proof of claim no. 15514 was filed as contingent and unliquidated and is based on potential breaches of contract arising under an Interim Trademark License Agreement with Delphi Corporation. JCI asserts that any potential breach would give rise to claims by JCI. JCI reserves the right to amend proof of claim no. 15514 to provide the details and damage amount of any contractual breaches by the Debtors. | Books and records | Adjourn |
| 35. | Johnson Controls, Inc. (Docket No. 8338) | 15523 | JCI asserts that it filed proof of claim no. 15523 based on various prepetition purchase orders that it alleges remain outstanding. JCI asserts that it included a contingent and unliquidated component in proof of claim no. 15523 to reflect potential claims that JCI may have arising under those purchase orders, such as pricing adjustments or warranty items. JCI reserves the right to amend proof of claim no. 15523 to provide the details and damage amount of any contractual breaches or price adjustments. | Modification | Adjourn |
| 36. | Johnson Controls, Inc. (Docket No. 8339) | 15525 | JCI asserts that it filed proof of claim no. 15525 based in part upon potential breaches of contract arising under certain Transition Services Agreement, the New Brunswick Put and Call Agreement, and a Component Supply Agreement with DAS LLC. JCI asserts that this claim should be treated as secured by JCI's prepetition setoff rights. JCI asserts that it included a contingent and unliquidated component in proof of claim no. 15525 to reflect potential breach of contract claims. | Modification | |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 37. | Johnson Controls, Inc. (Docket No. 8340) | 15526 | JCI asserts that it filed proof of claim no. 15526 based upon potential breaches of contract arising under a certain Master Sale and Purchase Agreement and the Environmental Matters Agreement between JCI and Delphi Corporation.  JCI acknowledges that its claim initially included potential claims in connection with a lawsuit brought by Worldwide Battery Corporation, but that case has recently settled.  JCI asserts that it included a contingent and unliquidated component in proof of claim no. 15526 to reflect potential breach of contract claims. JCI reserves the right to amend proof of claim no. 15526 to provide the details and damage amount of any contractual breaches | Books and records | Adjourn |
| 38. | Flow Dry Technology, Ltd. (Docket No. 8345) | 8508 | Flow Dry Technology, Inc. ("Flow Dry") asserts that the Debtors' obligation to it is secured by a molder's lien, pursuant to Ohio Revised Code Section 1331.31, Ohio molder's lien statute.  Flow Dry asserts that it perfected its lien by its possession of two molds since the date the Debtors filed their chapter 11 petitions.  Flow Dry further asserts that the Debtors have not provided any basis for altering the classification of Flow Dry's claim. | Modification | Adjourn |
| 39. | Bayer MaterialScience, LLC (Docket No. 8347) | 9577 | Bayer MaterialScience, LLC ("BMS") filed proof of claim no. 9577 based on products that were sold to various Delphi entities and for which payment was allegedly not received.  BMS does not oppose the granting of priority status to a portion of its claim in the amount of $2,250.72, but it does oppose the proposed reduction of the total amount of its claim from $122,826.05 to $105,184.98. BMS attaches invoices in support of its claim to its response. | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 40. | Manufacturers Equipment & Supply Co. (Docket No. 8348) | 966 | Manufacturers Equipment & Supply Co. ("MESCO") asserts that its claim arises out of the sale of goods pursuant to the terms of various purchase orders. MESCO opposes the Debtors' proposed reduction of its claim to $2,066.11. However, MESCO acknowledges that its claim should be reduced to $15,854.36. MESCO attaches documentation to support its calculation of the amount it believes it is owed. MESCO asserts that the purchase orders it received do not indicate which Debtor or non-debtor entities issued the purchase orders, so MESCO reserves the right to seek recovery from the appropriate Debtor or non-debtor entity. MESCO asserts that it should be entitled to an allowed unsecured claim in the amount of $15,854.36. | Modification | Adjourn |
| 41. | Judco Manufacturing Inc. (Docket No. 8352) | 16012, 13445 | Judco Manufacturing Inc. ("Judco") asserts that it filed proofs of claim no. 1884 and 1885 in the amount of $2,605.25 and $47,855.41 respectively. Judco contends that it later amended its claims to proofs of claim no. 13445 and 16012 in the amount of $2,605.25 and $52,318.51 on July 24, 2006. Judco disagrees with date of August 9, 2006 listed as the filing date for proof of claim no. 16012 in the Objection. Judco argues that proof of claim no. 13445 should be allowed in the amount of $33,938.12 and proof of claim no. 16012 should be allowed in the amount of $2,605.25. | Modification | Adjourn |
| 42. | Beaver Valley Manufacturing, Inc. (Docket No. 8354) | 11186 | Beaver Valley Manufacturing, Inc. ("Beaver Valley") asserts that it filed proof of claim no. 11186 in the amount of $180,633.39 for goods and services provided to Delphi. Beaver Valley contends that Delphi initially alleged that it only had purchase orders for | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $121,384.69 of the asserted claim amount. According to Beaver Valley, Delphi later produced purchase orders for $44,678.00. Consequently, Beaver Valley states that it filed an Amended Claim and attached the purchase orders provided by Delphi in the amount of $44,678.00. Beaver Valley attaches copies of the amended claim and purchase orders to its response, and asserts that it now has a claim of $166,062.39. It asserts that the Objection should be overruled. | | |
| 43. | Sierra Liquidity Fund LLC as assignee of New England Interconnect Systems, Inc. (Docket No. 8357) | 14682 | Sierra Liquidity Fund LLC as assignee of New England Interconnect Systems, Inc. ("Sierra") requests that the Court allow its claim in the amount of $150,601.20, the full amount filed. Sierra attaches documentation in support of the claim including invoices, purchase orders and proof of delivery. Sierra asserts that it sees no basis for the proposed reduction in the amount of the claim. Sierra does not object to the proposed change in Debtor entity against which the claim is asserted. | Modification | Adjourn |
| 44. | Greeley Containment and Rework Inc. (Docket No. 8373) | 11248, 11249, 11250, 11251 | Greely Containment and Rework Inc. ("Greely") disagrees with the Objection to disallow, expunge, or modify its claims, as asserted in proofs of claim nos. 11248, 11249, 11250, and 11251. Greely asserts that the Debtors do not provide enough information to ascertain the merits of the Objection. | Modification | Adjourn |
| 45. | Key Safety Systems, Inc. (Docket No. 8376) | 1790 | Key Safety Systems, Inc. ("KSS") asserts that it filed proof of claim no. 1790 in the amount of $195,077.21. KSS disagrees with the Objection to reduce its claim to $72,475.98. KSS attaches documentation in support of its claim and contends that the Objection does not provide a basis to modify its claim. | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 46. | United States Customs and Border Protection (Docket No. 8381) | 16127, 16202 | United States Customs and Border Protection (the "Government") does not oppose the Debtors' Objection to disallow proof of claim no. 16201. However, the Government disputes the Debtors' Objection to its proof of claim no. 16127 in the amount of $82,643.04 and proof of claim no. 16202 in the amount of $0.00, which is based on 67 unliquidated entries. According to the Government, its claims should not be disallowed as untimely because both claims amend previously filed claims dated May 1, 2006. The Government asserts that the Objection fails to rebut the prima facie validity of the claims. | Untimely books and records claims | Adjourn |
| 47. | Flex Technologies, Inc. (Docket No. 8384) | 11524 | Flex Technologies, Inc. ("Flex Technologies") asserts that it filed proof of claim no. 11542 in the amount of $72,759.50 for goods sold to the Delphi entities. Flex Technologies asserts that the attached invoices support the claim amount. Flex Technologies also contends that it does not have enough information to agree that DAS LLC is the correct Debtor entity that its claim should be asserted against. | Modification | Adjourn |
| 48. | SKF USA Inc. (Docket No. 8389) | 11247 | SKF USA Inc. ("SKF") asserts that it filed proof of claim no. 11247 as an unsecured non-priority claim in the amount of $556,685.09 and an unsecured administrative expense priority claim in the amount of $85,147.45. SKF states that it has reached an agreement in principle with the Debtors to resolve the Objection, and have filed this response to preserve its objections to the relief sought in the Objection. | Claim subject to modification and reclamation agreement | Adjourn |
| 49. | Parlex Corporation (Undocketed) | 11190, 11193 | Parlex Corporation ("Parlex") asserts that the Debtors fail to specify the basis for the Objection to Parlex's claims and do not provide any specific evidence in support of | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | their Objection.  Parlex further alleges that the supporting documents attached to its claims establish the basis of the claims, and so the Debtors' Objection should be overruled because it failed to present any evidence to rebut the prima facie validity of Parlex's claims.  Parlex requests that the court allow proof of claim no. 11190 in the amount of $87,844.88 and proof of claim no. 11193 in the amount of $39,295.28. | | |