**Hearing Date: June 26, 2007**
                                             **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, <u>et al.</u>,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
    In re                              :         Chapter 11
                                      :
DELPHI CORPORATION, <u>et al.</u>,        :         Case No. 05-44481 (RDD)
                                      :
                    Debtors.     :        (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) PROTECTIVE INSURANCE CLAIMS, (D) INSURANCE CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND CLAIMS SUBJECT TO MODIFICATION AND RECLAMATION <u>AGREEMENT WITH RESPECT TO CLAIMS LISTED ON EXHIBITS E-1 AND E-2</u>

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTEENTH OMNIBUS
CLAIMS OBJECTION – EXHIBITS E-1 AND E-2")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this omnibus reply in support of the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection") with respect to Claims (as that term is defined below) listed on Exhibits E-1 And E-2 thereto, and respectfully represent as follows:

       1.      The Debtors filed the Thirteenth Omnibus Claims Objection on April 27, 2007, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because they contain insufficient documentation in support of the Claims asserted, (b) disallowing and expunging certain Claims because they contain insufficient documentation in support of the Claims asserted and were untimely pursuant to the Bar Date Order, (c) disallowing and expunging certain Claims because they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, (d) disallowing and expunging certain Claims because they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely pursuant to the Bar Date Order, (e) disallowing and expunging certain Claims because they were filed by insurance companies and are merely

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Thirteenth Omnibus Claims Objection.

protective in nature, (f) disallowing and expunging certain Claims because they were filed by an insurance company and assert liabilities that are not reflected on the Debtors' books and records, (g) disallowing and expunging certain Claims because they were untimely-filed pursuant to the Bar Date Order, (h) disallowing and expunging certain Claims because they were filed by taxing authorities and were untimely-filed pursuant to the Bar Date Order, (i) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to certain Claims, (j) revising the asserted amount or classification, and/or changing in the identity of the alleged Debtor with respect to certain Claims filed by taxing authorities, or (k) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to certain Claims, some of which are subject to a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's reclamation demand, subject to certain reserved defenses, and others of which are held by Claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, subject to certain reserved defenses.

2.    The Debtors sent to each Claimant whose proof of claim is subject to an objection pursuant to the Thirteenth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such Claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Thirteenth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on May 24, 2007.

3.    Due to an error with the computer software used by the Debtors' noticing agent to generate the personalized Notices Of Objection To Claim, some of the personalized Notices Of Objection To Claims that were sent to Claimants whose Claims are listed on Exhibits E-1 or E-2 of the Thirteenth Omnibus Claims Objection contained incorrect data. Out of an

3

abundance of caution, the Debtors sent a new personalized Notice Of Objection To Claim to each Claimant whose Claim is listed on Exhibits E-1 or E-2 to the Thirteenth Omnibus Claims Objection, setting the hearing on the Debtors' objection to each such Claim for the June 26, 2007 omnibus hearing and continuing the deadline for such Claimants to respond to the Thirteenth Omnibus Claims Objection to 4:00 p.m. (prevailing Eastern time) on June 19, 2007. On June 6, 2007, in its Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification And Reclamation Agreement Identified In Thirteenth Omnibus Claims Objection (Docket No. 8194) entered June 6, 2007 (the "Thirteenth Omnibus Claims Objection Order"), this Court adjourned the hearing with respect to all Claims listed on Exhibits E-1 or E-2 to the Thirteenth Omnibus Claims Objection to June 26, 2007.

        4.     As of June 22, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 40 timely-filed formal docketed responses filed by Claimants whose Claims are listed on Exhibits E-1 or E-2 to the Thirteenth Omnibus Claims Objection and six undocketed responses (collectively, the "Responses") from Claimants whose Claims are listed on Exhibits E-1 or E-2 to the to the Thirteenth Omnibus Claims Objection. A chart summarizing each of the Responses by respondent is attached hereto as Exhibit A.

        5.     The Debtors believe that three of the Responses (collectively, the "Resolved Responses") have been resolved. Two of the Resolved Responses pertain to Claims for which the Debtors seek to change only the identity of the alleged Debtor, but do not seek to modify the dollar amount or classification. Counsel for the Debtors contacted each of these

4

respondents to clarify the scope of the relief sought with respect to these Claims. As a result of these clarifications, each of these two respondents agreed to the relief requested in the Thirteenth Omnibus Claims Objection with respect to that respondent's Claim, and the Debtors believe that these two Responses have been resolved. The third Resolved Response pertains to a Claim for which the Debtors seek to modify the asserted amount of the Claim, but do not seek to modify the classification or change the identity of the Debtor. Counsel for the Debtors confirmed that this respondent agreed to the relief requested in the Thirteenth Omnibus Claims Objection with respect to its Claim.

6. Accordingly, as reflected in the revised proposed order, a copy of which is attached hereto as <u>Exhibit B</u> (the "Revised Order"),[2] the Debtors do not seek to adjourn the hearings with respect to Claims subject to the Resolved Responses, but rather seek the relief requested in the Eleventh Omnibus Claims Objection with respect to these Claims.

7. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed, other than the Resolved Responses, will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim. The Revised Order reflects the adjournment of the hearing with respect to each of the Claims for which a Response was filed, other than the Resolved Responses, to a future hearing date pursuant to the Claims

---

[2] Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Eleventh Omnibus Claims Objection.

5

Objection Procedures Order; provided, however, that such adjournment will be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

8. In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Thirteenth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

9. The Debtors believe that the Revised Order adequately addresses the issues raised by the respondents. Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Thirteenth Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) adjourning the hearing, pursuant to the Claims Objection Procedures Order, with respect to all Claims for which a Response was filed by a Claimant whose Claim is listed on Exhibits E-1 or E-2 to the Thirteenth Omnibus Claims Objection, other than the Resolved Responses, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       June 25, 2007

                        SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP

                        By: /s/ John Wm. Butler, Jr.
                            John Wm. Butler, Jr. (JB 4711)
                            John K. Lyons (JL 4951)
                            Ron E. Meisler (RM 3026)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois 60606
                        (312) 407-0700


                                  -and-


                        By: /s/ Kayalyn A. Marafioti
                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession