**Exhibit A**

**In re Delphi Corporation, et al. Case No. 05-44481 (RDD)**

*Responses To The Debtors' Thirteenth Omnibus Claims Objection*
*Organized By Respondent Originally Listed on Exhibit E-1 or E-2[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | 1st Choice Heating & Cooling, Inc. (Docket No. 7867) (additional response at Docket No. 8202) | 15804 | 1st Choice Heating & Cooling, Inc. ("1st Choice") asserts that it provided physical improvements to property owned by Delphi Automotive Systems LLC ("DAS LLC") and therefore has a claim based on two recorded claim of liens. 1st Choice asserts that its original proof of claim was received by the Delphi claims processing center on August 2, 2006. 1st Choice attaches an amended proof of claim to its response. It requests that the amended proof of claim be allowed as a secured claim in the amount of $22,046.54. 1st Choice further asserts that it is also owed for services performed postpetition, which will be the subject of a motion for administrative expenses and a lien. | Modification | Adjourn |

---

[1] This chart reflects all Responses entered on the docket as of Friday, June 22, 2007 at 12:00 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Friday, June 22, 2007 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 2. | Vorys, Sater, Seymour And Pease, LLP (Docket No. 7913) | 11393 | Vorys, Sater, Seymour and Pease LLP ("Vorys, Slater") asserts that it timely filed proof of claim no. 11393 on August 4, 2006 and attached a summary of unpaid invoices totaling $54,050.82. Vorys, Slater further asserts that on February 12, 2007, at the request of the Debtors' personnel, it forwarded detailed invoices in support of its claim to the Debtors. Vorys, Slater asserts that on April 19, 2007 one of its employees had a conversation with an individual employed by Sedgwick Claims Management Services, Inc., who stated the amount of Vorys, Slater's claim was accurate and that the claim would be allowed as asserted. Vorys, Slater asserts that its claim should be allowed in the amount of $54,050.82. | Modification | Resolved -- Response Withdrawn (Docket No. 8123) |
| 3. | Joe G. Tedder, Tax Collector for Polk County, Florida (Docket Nos. 7925 and 8371) | 1160 | The Tax Collector for Polk County ("Polk County") asserts that proof of claim no. 1160 for ad valorem taxes in the amount of $636.02 is secured by statutory liens pursuant to state law. Polk County further asserts that the Debtors' proposed treatment of the claim as a general unsecured claim is in violation of § 1129(a)(7) of the Bankruptcy Code. Polk County asserts that if paid by June 30, 2007 the outstanding balance owed by the Debtors is owed $597.69. Polk County does not oppose changing the Debtor entity against which the claim is asserted from Delphi Corporation to DAS LLC. | Tax claim subject to modification | Adjourn |

2

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 4. | Riverside Claims, LLC, as assignee of Janpak Huntsville (Docket No. 7967) | 4045 | Riverside Claims, LLC ("Riverside") ,as assignee of Janpak Huntsville, does not oppose the proposed change in the identity of the Debtor entity against which proof of claim no. 4045 is asserted. However, Riverside does oppose a modification of the amount of the claim. Riverside asserts that Janpak Huntsville sold copy paper to the Debtors and that the unpaid invoices attached to its Response support the claim for the full amount of $4,691.52. Riverside requests that this Court overrule the Thirteenth Omnibus Claims Objection ("Objection") and allow the claim against DAS LLC. | Modification | Adjourn |
| 5. | Johnson County, Kansas (Docket No. 7977) | 1502 | The Board of County Commissioners of Johnson County, Kansas ("Johnson County") asserts that DAS LLC owns two real estate parcels in Johnson County on which DAS LLC owes ad valorem real estate taxes for the year 2005. Johnson County asserts that, pursuant to K.S.A. 79-1804, a statutory lien secures payment of the 2005 taxes. Johnson County further asserts that even though the lien attached postpetition, it is not subject to the automatic stay and it primes all other liens against the property. Johnson County agrees that the unpaid principal balance for the 2005 taxes is $97,459.24, but Johnson County maintains that the claim should be secured. Johnson County also notes that in the event that the claim is determined to be unsecured, it is entitled to be classified as a priority claim pursuant to 11 U.S.C. § 507(a)(8)(B) or as an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(B)(l). Johnson County requests that its claim be allowed as a secured claim in the amount of $97,459.24 plus interest. | Tax claim subject to modification | Adjourn |

3

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 6. | Liquidity Solutions, Inc. as assignee of Digikey Corporation and Integris Metals (Docket No. 7989) | 15483, 199 | Liquidity Solutions, Inc. ("Liquidity"), as assignee of Digikey Corporation and Integris Metals ("Digikey and Integris"), asserts that the Debtors failed to provide a specific reason for a reduction of the Digikey and Integris claims, and that consequently Liquidity has insufficient evidence to evaluate and respond. Liquidity requests that the Objection be overruled and the claims be allowed in the full amount asserted on the proofs of claim. | Modification | Adjourn |
| 7. | Contrarian Funds, LLC (Docket No. 8001) | a) 2352<br><br>b) 349, 1546, 2364, 9789, 10581, 16446 | a) Contrarian Funds, LLC ("Contrarian") consents to the Debtors' proposed modification provided that the claims are allowed in full at the modified amounts. Contrarian makes a general assertion that there is no statutory authority for the Debtors to "modify claims" without allowing the claims in the modified amount.<br><br>b) Contrarian asserts that the Debtors have set forth no evidence to contradict the validity and amount of these proofs of claim, and therefore, Contrarian opposes any modifications. Contrarian asserts that the Debtors have shown no basis for the reduction or reclassification of these claims. Contrarian requests that the Debtors allow these claims in full as asserted. | Modification | Adjourn |
| 8. | Lydall Thermal Acoustical Sales, LLC and Lydall Thermal/Acoustical, Inc. (Docket No. 8015) | 9463 | Lydall Thermal Acoustical Sales, LLC and Lydall Thermal/Acoustical, Inc. ("Lydall") assert that the Debtors have not identified any specific basis for the alleged variance between Lydall's claim and the Debtors' books and records. Lydall contends that it is therefore impossible for it to respond to the Objection. Lydall requests that this Court deny the Objection and allow the claim in full. | Modification | Adjourn |

4

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 9. | Monroe, LLC (Docket No. 8018) | 2352 | Monroe, LLC ("Monroe") asserts that as of the petition date, DAS LLC owed Monroe $132,868.28 for goods sold and tooling. Monroe transferred a portion of its claim that had been listed on the Debtors' schedules as undisputed to Contrarian Funds LLC. The Objection seeks to modify the portion of the claim retained by Monroe from $63,161.38 to $75.53. Monroe asserts that its books and records show the entire amount claimed as due and owing. Monroe attaches a detailed summary of the amounts owed as well as other related documentation. | Modification | Adjourn |
| 10. | Phelps Dodge Corporation and Phelps Dodge Magnet Wire Company, Inc. (Docket No. 8030) | 10411 | Phelps Dodge Corporation and Phelps Dodge Magnet Wire Company, Inc. (collectively, "Phelps") assert that its claim matches DAS LLC's Schedule F. Phelps attaches invoices and a statement of account to its Response and asserts that no payments have been received on the attached invoices. Phelps asserts that the Objection should be overruled and its claim should not be reduced. | Modification | Adjourn |
| 11. | Honeywell International – Aerospace (Docket No. 8044) | 1477 | Honeywell International – Aerospace ("Honeywell") asserts that its claim is based on contracts with two Debtor entities, Delphi Electronics & Safety and Delphi Delco Corporation. Honeywell also opposes the reduction in the amount of its claim and asserts that the Debtors have provided no basis for the proposed reduction. Honeywell requests that the Objection be overruled and its claim be allowed in the full amount asserted. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 12. | Marketing Innovators International, Inc. (Docket No. 8047) | 4387 | Marketing Innovators International, Inc. ("Marketing Innovators") filed its Response on its own behalf and on behalf of Liquidity Solutions Inc., as assignee of its claim. Marketing Innovators asserts that it was told by Delphi's claims team that the reduction in the amount of its claim is due to duplicate payments on certain invoices. Marketing Innovators acknowledges that although payments were made, Delphi requested that the payments be applied to other open invoices instead of those identified on its proof of claim. Marketing Innovators asserts that its claim represents amounts owed after the application of the duplicate payment to other invoices. Marketing Innovators requests that its claim be allowed in full for $15,885.07. | Modification | Adjourn |
| 13. | Affinia Group, Inc. (Docket No. 8063)) | 12011 | Affinia Group, Inc. ("Affinia") disagrees with the modification proposed in Thirteenth Omnibus Claims Objection. Affinia asserts that there are open receipts in Delphi's accounts payable system indicating that Purchase Order DCS09604 and Purchase Order 0450125596 are open and ready for payment. Affinia requests that the amount of its claim be modified to $94,076.50. | Modification | Adjourn |
| 14. | Energy Conversion Systems (Docket No. 8071) | 15239 | Energy Conversion Systems ("ECS") filed proof of claim no. 15239 in the amount of $139,507.23. ECS believes its claim should be allowed in the amount of $112,479.97, and that it has proof of delivery for at least five invoices in question. | Modification | Adjourn |
| 15. | CH2M HILL Spain, S.L. (Docket No. 8073) | 15138 | CH2M HILL Spain, S.L. ("CH2M") asserts that the amount of the reduction to its claim can be attributed to two invoices. One of the invoices was for work performed in February and March 2001 in Spain. CH2M attaches additional documentation to support its claim and asserts that it should be paid $28,485.60. | Modification | Adjourn |

6

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 16. | Henman Engineering & Machine, Inc. (Docket No. 8104) | 1714, 1716 | Henman Engineering & Machine, Inc. ("Henman") does not object to the Debtors' assertion that the claims should be filed against DAS LLC. Henman does object to the Debtors' proposed modifications to the amounts of the proofs of claim nos. 1714 and 1716. Henman asserts that proof of claim no. 1716 included documentation sufficient to establish a prima facie right to payment. Henman attaches to its Response a seven-page summary of the factual situation relating to its claim. Henman further asserts that proof of claim no. 1714 included charges for rush delivery which had been negotiated and routinely paid by the Delphi, and which the Debtors now seek to disallow. Henman requests that the Objection be withdrawn and that the full amount of the claims be paid. | Modification | Adjourn |
| 17. | Marquardt GmbH (Docket No. 8121) | 12161 | Marquardt GmbH ("Marquardt") asserts that it has not received any payments which would reduce the amount of its claim, and it asserts that its claim does not include postpetition liabilities. Marquardt further asserts that the Debtors have not identified any basis under which a reduction of Marquardt's claim is warranted. | Modification | Adjourn |
| 18. | Marion County Tax Collector (Docket No. 8136) | 4733 | Marion County Tax Collector ("Marion") filed proof of claim no. 4733 for 2005 tangible personal property taxes, and asserts that the taxes are secured by a statutory first lien pursuant to state law. Marion asserts that the Debtors fail to specify the exact nature of their Objection to the claim, and asks that this Court to deny the relief requested by the Debtors. | Tax claims subject to modification | Adjourn |
| 19. | Lexington County (Docket No. 8137) | 1770 | Lexington County asserts that the property taxes owed by Delphi are a first lien on property. Lexington County objects to any modification and encloses a copy of the tax bills. | Tax claims subject to modification | Adjourn |

7

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 20. | Manatee County Tax Collector (Docket No. 8140) | 1448, 1449, 1450, 1451 | Ken Burton, Jr., the Tax Collector for Manatee County ("Manatee County"), asserts that the claims filed by Manatee County represent taxes owed by the Debtors in accordance with Chapter 197 of Florida Statutes and are based on tangible personal property tax returns. Manatee County further asserts that it has a perfected statutory lien pursuant to state law. Finally, Manatee County agrees that the modified amount identified on the Objection is correct, but the Debtors' proposed classification as unsecured is incorrect. | Tax claims subject to modification | Adjourn |
| 21. | St. Louis County Collector of Revenue (Docket Nos. 8142, 8143) | 355, 356, 357 | The St. Louis County Collector of Revenue ("St. Louis County") asserts that its claims are based on personal property taxes owed by the Debtors and are solely the base amount of the personal property taxes owed, without interest or penalties. St. Louis County attaches documentation to support the claims and asks that this Court overrule the Objection and allow the claims in the full amounts claimed. | Tax claims subject to modification | Adjourn |
| 22. | Sierra Liquidity Fund, LLC as assignee of Schaefer Systems International, Inc. (Docket No. 8145) | 2696 | Sierra Liquidity Fund, LLC ("Sierra"), as assignee of Schaefer Systems International, attaches additional documentation including invoices, purchase orders, packing slips, and proofs of delivery, and requests that proof of claim no. 2696 be allowed in the full amount claimed, $15,234.88. Sierra further asserts that that it sees no basis for the proposed reduction and modification to its claim. Sierra does not object to the proposed change in debtor entity against which the claim is asserted. | Modification | Adjourn |
| 23. | Plastic Molding Company (Docket No. 8173) | 9685 | Plastic Molding Company ("PMC") asserts that it filed proof of claim no. 9685 in the amount of $139,824.40 based on amounts owed on the date of the filing of the petitions. PMC further asserts that it is entitled, pursuant to Ohio Revised Code § 1333.31, to a lien on the dies, molds, or other forms that are in its possession. PMC requests that this Court deny the relief requested in the Objection and permit the classification of the claim to remain as secured. | Modification | Adjourn |

8

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 24. | Machined Products Company (Docket No. 8181) | 5115 | Machined Products Company ("Machined Products") disagrees with the Debtors' proposed modification to the amount of its claim. Machined Products asserts that it reviewed Delphi's E-dacor electronic accounting system and the reconciled balance of its claim should be $210,047.26. | Modification | Adjourn |
| 25. | Associated Spring do Brasil Ltda as claimant, and Longacre Master Fund, Ltd as assignee (Docket No. 8237) | 12830 | Associated Spring do Brasil Ltda as claimant, and Longacre Master Fund, Ltd as assignee ("Associated Spring") assert that the variance between the claimed amount and the modified amount of its claim was attributed to the Debtors believing invoice nos. 3340-5 and 3610-5 were previously paid. Associated Spring agrees that invoice nos. 3340-5 and 3610-5 were actually paid, but it incorrectly credited the payment to another invoice, no. 3170-5 (a copy of which it attached to its Response). Associated Spring states that it will amend its claim to reflect that invoice nos. 3340-5 and 3610-5 have been paid but that invoice no. 3170-5 has not been paid. Consequently, Associated Spring will leave the amount of its claim unchanged. Associated Spring asserts that the Objection should be denied. Associated Spring further notes that the Debtors offer no specific reason for disputing the amount of the claim, and therefore the Objection should be overruled. Associated Spring requests that this Court allow its claim in the full amount. | Modification | Adjourn |

9

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 26. | Pima County (Docket No. 8248) | 10248 | Pima County asserts that the claim at issue is a secured claim for personal property taxes for the year 2005 in the amount of $8,075.92, plus statutory interest. Pima County further asserts that the Debtors have failed to provide evidence to support their proposed modification to the amount and classification of its claim. Pima County asserts that its claim is secured by a first priority statutory lien pursuant to Arizona Revised Statutes § 42-17154, and the lien includes postpetition interest at a statutory rate of 16%. Pima County also asserts that Arizona law places the burden on the taxpayer to prove that the tax imposed is incorrect. Pima County requests that this Court allow its claim as secured in the full amount claimed. | Tax claims subject to modification | Adjourn |
| 27. | Danice Manufacturing Co. (Docket No. 8256) | 15329 | Danice Manufacturing Co. ("Danice") asserts that the Objection should be overruled because the Debtors have not overcome the prima facie validity of the Claim. Danice further asserts that the Debtors have not offered any evidence to rebut or negate the accuracy of its Claim. Danice requests that this Court overrule the Objection and allow Danice's claim in the amount of $77,751.36. | Modification | Adjourn |
| 28. | Liquidity Solutions, d/b/a Revenue Management as assignee of Elektrisola Inc. and IET Labs Inc. (Docket No. 8275) | a) 15455 b) 1563 | Liquidity Solutions ("Liquidity"), as assignee of Elektrisola Inc. and IET Labs Inc., asserts that both Claims are presumptively valid under bankruptcy law and also are supported by ample documentation to support the claims. Liquidity attaches invoices demonstrating the amounts owed to it on account of the claims. Liquidity further asserts that the Debtors have provided no evidence or support to refute the validity of the Claims. Liquidity requests that this Court overrule the Objection and allow the claims in full. | Modification | Adjourn |

10

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 29. | Port City Metal Products (Docket No. 8287) | 12190 | Port City Metal Products, Inc. ("Port City") asserts that its claim arises from the sale of goods pursuant to purchase orders issued by the Debtors on November 4, 2005. Port City filed proof of claim no. 12190 as a secured claim in the amount of $5,738.00 against Delphi Mechatronic Systems, Inc. Port City asserts that, pursuant to Michigan's Special Tools Lien Act, MCL 570.541 et seq., Port City is an "end user" that retains a lien on special tools in its possession, but owned by the Debtors. Port City asserts that the Objection does not explain why the Special Tools Lien Act does not apply. Port City requests that this Court allow its claim as filed. | Modification | Adjourn |
| 30. | National Instruments Corporation (Docket No. 8293) | 10400 | National Instruments Corporation ("National Instruments") asserts that it filed its proof of claim in the amount of $237,792.65 for goods sold. National Instruments asserts that the Debtors have not offered any evidence to support their proposed modification to the claim. National Instruments further asserts that it has searched its records and determined that the claim is correct. National Instruments requests that the Objection be denied and that the claim be allowed in full. | Modification | Adjourn |

11

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 31. | Tax Collector, Pinellas County, Florida (Docket No. 8316) | 4527 | The Tax Collector of Pinellas County, Florida ("Pinellas County") filed proof of claim no. 4527 for 2005 and estimated 2006 tangible personal property ad valorem taxes on five account numbers in the estimated gross amount of $44,542.68 plus interest. Pinellas County acknowledges that the 2006 taxes have been paid in full. Pinellas County asserts that the remaining balance for 2005 taxes is $27,282.40 plus interest. Pinellas County acknowledges that the Debtors attempted to make a partial payment on the 2005 taxes, but Pinellas County asserts that the check was returned because it may not accept partial payment of taxes without a statutory exception or court order. Pinellas County further asserts that pursuant to Florida Statute section 197.122, the 2005 taxes became secured and a lien attached to the underlying property on January 1, 2005, and the taxes became due and owing on November 1, 2005. Pinellas County asserts that after delinquency on April 1, 2006, interest began accruing at a rate of 18% pursuant to Florida Statute section 197.333. Pinellas County requests that its claim be allowed as a secured claim. | Tax claim subject to modification | Adjourn |
| 32. | Iron Mountain Information Management, Inc. (Docket No. 8319) | 646 | Iron Mountain Information Management, Inc. ("Iron Mountain") filed proof of claim no. 646 in the amount of $35,597.65, which asserts an unknown portion as secured pursuant to a warehouseman's lien. Iron Mountain asserts that the Debtors have not set forth sufficient evidence to overcome the prima facie validity of its claim. Iron Mountain acknowledges that since filing the proof of claim, it has received additional payments and/or made adjustments so that the amount currently asserted is $31,597.13. | Modification | Adjourn |

12

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 33. | Spansion LLC, assignee of Advanced Micro Devices, Inc. (Docket No. 8325) | 5126 | Advanced Micro Devices, Inc. ("AMD") filed proof of claim no. 5126, and subsequently assigned the claim to Spansion LLC ("Spansion"). Spansion asserts that copies of invoices which were unpaid as of the petition date were either attached to the proof of claim or are attached to its response. Spansion asserts that the terms and conditions of the sales in question provided that all past due amounts would incur interest charges at 18% per year. Spansion disputes the relief requested by the Debtors and requests that this Court allow its claim in the amount of $2,387,697.06 and that Spansion be paid postpetition interest on the claim if the Debtors are found to be solvent and such amount is available to be paid from the Debtors' estates. | Modification | Adjourn |
| 34. | The Dayton Power and Light Company (Docket No. 8328) | 10373 | The Dayton Power and Light Company ("DP&L") asserts that its proof of claim is prima facie evidence of the validity of its claim. DP&L asserts that it cannot determine the grounds on which the Debtors base their Objection because the Debtors did not identify the specific basis for their Objection or provide documents to substantiate the Objection. DP&L further asserts that a debtor's books and records entries alone are insufficient to overcome a properly filed proof of claim's prima facie validity. DP&L requests that this Court allow its claim in full. | Modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 35. | IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation (Docket No. 8330) | 9995 | IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation ("IBJTC") asserts that General Motors Corporation ("GM") and First American Capital Management Group, Inc. entered into a Master Lease Agreement for certain equipment, and GM subsequently assigned its right, title, and interest in the lease and equipment to Delphi. IBJS Commercial Corporation ("IBJS") (the predecessor to IBJTC) became the holder of the lease. IBJTC asserts that IBJS and Delphi entered into several renewal agreements. IBJTC further asserts that Delphi subsequently defaulted under the lease. IBJTC filed a motion to compel the debtors to assume or reject the lease, and in resolution of that motion, IBJTC and the Debtors entered into a stipulation in which IBJTC asserts that the Debtors acknowledged that the leases were renewed by Delphi Corporation  IBJTC opposes the Debtors' proposed modification of the claim which changes the identity of the Debtor entity against which the claim is asserted.  IBJTC asserts that its claim derives from Delphi Corporation and not DAS LLC because the renewals of the lease were executed on behalf of Delphi Corporation. | Modification | Adjourn |
| 36. | Madison County, Mississippi Tax Collector (Docket No. 8355) | 10576 | Madison County, Mississippi Tax Collector ("Madison County") asserts that its claim is based upon personal property ad valorem taxes for the year 2005, which became due and payable January 1, 2006.  Madison County acknowledges that the Debtors paid the sum of $5,742.99 as a partial payment, but asserts that there continues to be due the sum of $18,918.07 plus $3,026.89 in accrued interest through May 2007. Madison County requests that the Court allow its claim in the amount of $18,918.07 plus $3,026.89 in accrued interest with interest continuing to accrue at 1% per month. | Tax claims subject to modification | Adjourn |

14

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 37. | Hillsborough County Tax Collector (Docket No. 8370 & 8387) | 5372 | The Hillsborough County Tax Collector ("Hillsborough County") filed a secured claim for ad valorem business tangible personal property taxes for 2005. Hillsborough County asserts that, pursuant to state law, its claim is given first lien secured status, superior to any and all other liens on the subject tangible personal property.  Finally, Hillsborough County asserts that the Debtors did not provide any evidence to rebut the presumptive validity of Hillsborough County's claim or to reclassify the claim to general unsecured status. | Tax claim subject to modification | Adjourn |
| 38. | Ames Reese, Inc. (Docket No. 8372) | 9816, 9820 | Ames Reese, Inc. ("Ames Reese") filed proof of claim no. 9816 in the amount of $13,417.47 and proof of claim no. 9820 in the amount of $118,242.99.  Ames Reese asserts that one invoice in question dealt with surcharges passed on to Delphi for unexpected price increases of powdered metal suppliers pursuant to the purchase order.  Ames Reese also asserts that it is unable to verify any amounts in question as being paid postpetition.  Ames Reese asserts that the Debtors have not provided documentation to support its modifications to the amount of Ames Reese's claim.  Ames Reese asserts that its proofs of claim include documentation sufficient to support its claim, including delivery information. | Modification | Adjourn |
| 39. | Hellermann Tyton GmbH (Docket No. 8374) | 1338 | Hellermann Tyton GmbH ("Hellermann") asserts that it filed its claim in the amount of $6,555.24 and provided all invoices to substantiate its claim.  It further asserts that it filed its claim against Delphi Corporation because that was the Debtor whose case number was listed on the preprinted documents it received. | Modification | Adjourn |

15

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** | **TREATMENT**[2] |
|---|---|---|---|---|---|
| 40. | Thompson Emergency Freight Systems (Docket No. 8375) | 1730 | Thompson Emergency Freight Systems ("Thompson") asserts that it initially submitted two claims because at the time of filing, Thompson was comprised of two different corporate entities. Thompson asserts that the two claims were not duplicates. | Modification | Resolved -- because the Debtors seek only to change the identity of the Debtor against which this proof of claim is asserted, the respondent has agreed that it does not contest this modification and that hearing need not be adjourned |
| 41. | County of Anderson, South Carolina (Undocketed) | 2870 | The County of Anderson, South Carolina ("Anderson") asserts that its claimed amount represents the industrial park fee, which it asserts is treated as an ad valorem tax under South Carolina law in the amount of 4,547.65, less penalties in the amount of $593.17, for a net claim of $3,954.48. Anderson explains that the Debtors seek to modify the claim based on a partial payment made after the commencement of the chapter 11 cases, but Anderson states that it has not been able to verify that the partial payment was received. Anderson requests that this Court allow its claim as an unsecured priority claim in the amount of $3,954.48. | Tax claim subject to modification | Adjourn |

16

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 42. | Judy Pitts, Etowah County Revenue Commissioner (Undocketed) | 1328 | Judy Pitts, Etowah County Revenue Commissioner, ("Pitts") does not agree with the modification. She asserts that the amount of the claim was calculated based on assets turned in by Delphi for the 2005 tax year beginning 10/1/2004 and ending 9/30/2005. She further asserts that, because the county's abstracts are issued before collections begin each year and are used in setting budgets for government agencies, the county cannot change prior years' valuations, which are set by the businesses themselves. | Tax claim subject to modification | Resolved – because the Debtors seek only to change the identity of the Debtor against which this proof of claim is asserted, the respondent has agreed that it does not contest this modification and that the hearing need not be adjourned |
| 43. | Johnson County, Kansas, Board of County Commissioners (Undocketed) | 1502 | Johnson County asserts that it filed a claim based on allegedly unpaid 2005 ad valorem real estate taxes in the amount of $112,252.16. Johnson County further asserts that, pursuant to K.S.A. 79-1804, it has a statutory tax lien that primes all other liens against the property. Johnson County acknowledges that $14,792.92 was paid toward the 2005 real estate tax obligations, but maintains that its secured claim in the amount of $97,459.24 plus interest should be allowed. | Tax claim subject to modification | Adjourn |
| 44. | Madison Investment Trust Series 38, as assignee of Quick Cable Corporation (Undocketed) | 2073 | Madison Investment Trust Series 38, as assignee of Quick Cable Corporation, asserts that the claim should be allowed in the full amount of $29,268.00. Note that the response referenced the Fifteenth Omnibus Claims Objection, but this claim is actually subject to the Thirteenth Omnibus Claims Objection. | Modification | Adjourn |
| 45. | Okaloosa County, Florida, Tax Collector (Undocketed) | 7238 | The Okaloosa County, Florida, Tax Collector ("Okaloosa County") asserts that state law provides that a lien of a property tax in Florida is deemed a first lien on the property. Okaloosa County asserts that there is no basis for contending that an ad valorem tax on real or personal property in Florida is unsecured. | Tax claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 46. | Sierra Liquidity Fund, LLC as assignee for Three 60 Productions, Inc. (Undocketed) | 2691 | Sierra, as assignee for Three 60 Productions, Inc., attaches additional documentation to its response and requests that proof of claim no. 2691 be allowed in the full amount claimed, $10,701.40.  Sierra further asserts that that it sees no basis for the proposed reduction and modification to proof of claim no. 2691.  Sierra does not object to the proposed change in debtor entity against which the claim is asserted. | Modification | Adjourn |