**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
           mitchell.seider@lw.com
           mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**SEVENTH SUPPLEMENTAL AFFIDAVIT OF ROBERT J. ROSENBERG REGARDING THE RETENTION OF LATHAM & WATKINS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF NEW YORK     )
                                            )    ss:
COUNTY OF NEW YORK  )

ROBERT J. ROSENBERG, being duly sworn, deposes and says:

1. I am a partner in the firm of Latham & Watkins LLP ("Latham & Watkins"), which maintains offices at 885 Third Avenue, Suite 1000, New York, New York 10022, and elsewhere. I am familiar with the matters set forth herein and submit this Sixth Supplemental Affidavit regarding the retention of Latham & Watkins as counsel to the official committee of unsecured creditors (the "Committee") appointed in the above-captioned cases.

NY\1277005.6

**BACKGROUND**

2. On November 17, 2005, The Committee filed its Application of the Official Committee of Unsecured Creditors For Order Authorizing and Approving the Employment and Retention of Latham & Watkins LLP as Counsel, Nunc Pro Tunc to October 17, 2005 (the "Retention Application").

3. On November 30, 2005, this Court entered its Interim Order Authorizing Employment and Retention of Latham & Watkins as Counsel for the Official Committee of Unsecured Creditors (the "Interim Order"). The Interim Order approved Latham & Watkins' retention by the Committee on an interim basis with respect to Delphi Corporation and its affiliated debtors (collectively, "Delphi" or the "Debtors"), and on a final basis with respect to all other parties in interest in these cases.

4. On January 6, 2006, this Court entered an order (the "Final Order") approving Latham & Watkins' retention on a final basis.

5. On January 18, 2006, Latham & Watkins filed its First Supplemental Affidavit of Robert J. Rosenberg in Support of the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "First Supplemental Affidavit").

6. On January 23, 2006, Latham & Watkins filed its Second Supplemental Affidavit of Robert J. Rosenberg in Support of the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "Second Supplemental Affidavit").

7. On June 15, 2006, Latham & Watkins filed its Third Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "Third Supplemental Affidavit").

8. On September 26, 2006, Latham & Watkins filed its Fourth Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "Fourth Supplemental Affidavit").

9. On January 24, 2007, Latham & Watkins filed its Fifth Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "Fifth Supplemental Affidavit").

10. On March 27, 2007, Latham & Watkins filed its Sixth Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors (the "Sixth Supplemental Affidavit").

11. I am filing this Seventh Supplemental Affidavit (the "Seventh Supplemental Affidavit") to disclose certain facts relevant to Latham & Watkins' retention which have come to my attention since filing the Sixth Supplemental Affidavit.

### SUPPLEMENTAL DISCLOSURES IN RELATION TO CERTAIN ATTORNEYS OF LATHAM & WATKINS LLP

12. Upon information and belief, Autoliv ASP, Inc. ("Autoliv") or its affiliates are customers of the Debtors and parties to these cases. Latham & Watkins has recently hired an attorney (the "First Lateral Attorney") who previously advised the Debtors at a prior firm in connection with claims in these cases relating to a patent infringement dispute with Autoliv. Consequently, Latham & Watkins has established an ethical wall that screens the First Lateral Attorney from any participation in Latham & Watkins' representation of the Committee. The ethical wall prohibits the First Lateral Attorney from discussing any aspect of the Debtors' cases with the group of attorneys and personnel providing services to the Committee (the "Committee Staff"), and denies the First Lateral Attorney access to any related files or materials. The First Lateral Attorney will not be performing any work for the Committee or the Debtors at Latham & Watkins.

13. Upon information and belief, Delphi France S.A.S. ("Delphi France") is a non-debtor subsidiary of Delphi Corporation, one of the Debtors in these cases. Latham & Watkins has recently hired an attorney (the "Second Lateral Attorney") who advised an employee of

3

Delphi France (the "Delphi Employee") while at a prior firm in connection with an employment matter wholly unrelated to these cases. Upon information and belief, the Second Lateral Attorney received no confidential information from Delphi France in connection with her work for the Delphi Employee. Nevertheless, in an abundance of caution, Latham & Watkins has established an ethical wall that screens the Second Lateral Attorney from any participation in Latham & Watkins' representation of the Committee. The ethical wall prohibits the Second Lateral Attorney from discussing any aspect of the Debtors' cases with the Committee Staff, and denies the Second Lateral Attorney access to any related files or materials. The Second Lateral Attorney will not be performing any work for the Committee or the Delphi Employee at Latham & Watkins.

### SUPPLEMENTAL DISCLOSURES IN RELATION TO CERTAIN OF LATHAM & WATKINS LLP'S CLIENTS

14. Harbinger Partners Capital Fund ("Harbinger") is a claim transferee and a party to the Plan Framework Support Agreement and the Amendment and Supplement to the Plan Framework Support Agreement approved by the Court on January 12, 2007. Since filing the Fifth Supplemental Declaration, Latham & Watkins has been retained to represent Harbinger and its affiliates in matters wholly unrelated to the Debtors and these cases.[1]

15. Electronic Data Systems Corp. ("EDS") was formerly a member of the Committee and prepetition creditor in these cases. As part of the Retention Application, Latham & Watkins disclosed that it has in the past represented EDS and its affiliates in matters wholly unrelated to the Debtors and these cases. Since that time, Latham & Watkins was retained to represent a client (the "EDS Adversary") in connection with a confidential matter adverse to EDS that is wholly unrelated to the Debtors and these cases. None of the Latham & Watkins

---

[1] As part of its engagement agreement with Harbinger, Latham & Watkins has expressly preserved its ability to be adverse to Harbinger in connection with any matter related to the Debtors or these cases.

4

NY\1277005.6

attorneys and personnel who are providing services to the EDS Adversary is a member of the Committee Staff.

16.     Mesirow Financial, Inc. ("Mesirow") has been retained as financial advisor to the Committee. As part of the Retention Application, Latham & Watkins disclosed that it has in the past represented Mesirow and its affiliates in matters wholly unrelated to the Debtors and these cases. Since that time, Latham & Watkins was retained to represent Mesirow and its affiliates in certain new matters wholly unrelated to the Debtors and these cases.

17.     Upon information and belief, Waste Management, Inc. ("Waste Management") or its affiliates are prepetition creditors of the Debtors. Latham & Watkins was recently retained to represent Waste Management and its affiliates in matters wholly unrelated to the Debtors and these cases.

18.     Upon information and belief, Citation Corp. ("Citation") or its affiliates are suppliers and prepetition creditors of the Debtors and parties to these cases. Citation and its affiliates are past and present clients of Latham & Watkins in matters wholly unrelated to the Debtors and these cases.

19.     Upon information and belief, Oppenheimer & Co., Inc. ("Oppenheimer") or its affiliates, as well as, Stifel, Nicolaus & Company, Inc. ("SNC") or its affiliates, are underwriters of securities issued by the Debtors and parties to these cases. As part of the Retention Application, Latham & Watkins disclosed that it has in the past represented Oppenheimer and its affiliates in matters wholly unrelated to the Debtors and these cases. Since that time, Latham & Watkins has been retained to represent Oppenheimer in certain new matters wholly unrelated to the Debtors and these cases. Latham & Watkins has also recently been retained to represent SNC and its affiliates in matters wholly unrelated to the Debtors and these cases.

20.     Upon information and belief, E.ON AG ("E.ON") or its affiliates are prepetition creditors of the Debtors. Latham & Watkins has recently been retained to represent an affiliate of E.ON in matters wholly unrelated to the Debtors and these cases.

21.     Upon information and belief, Gracie Capital, L.P. ("Gracie") or its affiliates are prepetition creditors of the Debtors. Gracie and its affiliates are past and present clients of Latham & Watkins in matters wholly unrelated to the Debtors and these cases.

22.     Upon information and belief, Sequa Corporation ("Sequa") or its affiliates are prepetition creditors of the Debtors in these cases. As part of the Retention Application, Latham & Watkins disclosed that it has in the past represented Sequa and its affiliates in matters wholly unrelated to the Debtors and these cases. Since that time, Latham & Watkins has been retained to represent Sequa and its affiliates in certain new matters wholly unrelated to the Debtors and these cases.

23.     Ore Hill Hub Fund Ltd. ("Ore Hill") is a claim transferee in these cases. Ore Hill and its affiliates are past and present clients of Latham & Watkins in matters wholly unrelated to the Debtors and these cases.

## CONCLUSION

24.     Latham & Watkins' services in connection with each of the matters disclosed above accounted for less than 1% of Latham & Watkins' annual revenues for the 2006 fiscal year, and it is anticipated that they will account for less than 1% of Latham & Watkins' annual revenues in the future. Thus, I believe that none of Latham & Watkins' representations in connection with the matters disclosed above constitutes a material component of Latham & Watkins' practice.

6

NY\1277005.6

25. Given the facts and circumstances set forth above, Latham & Watkins believes that it represents no interests materially adverse to the Debtors' individual creditors or the Committee with respect to these cases and, therefore, remains eligible to continue serving as counsel to the Committee.

EXECUTED this 26th day of June, 2007 at New York, New York

/s/ Robert J. Rosenberg
Robert J. Rosenberg

Sworn to before me this
26th day of June, 2007

/s/ John W. Weiss
John W. Weiss
Notary Public, State of New York
No. 02WE6113201
Qualified in New York County
Commission Expires July 26, 2008