PEPPER HAMILTON LLP
Linda J. Casey (LC 1891)
Anne Marie Aaronson (AA 1679)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

and

Henry J. Jaffe (DE Bar No. 2987)
James C. Carignan (DE Bar No. 4230)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500



*Counsel for SKF US Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

## INITIAL RESPONSE OF SKF USA INC. TO THE
## DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS
## (CLAIM NUMBER 11247)

SKF USA Inc. ("SKF USA") hereby files this initial response to the Debtors'

Fifteenth Omnibus Objection to Claims, and states as follows:

### INTRODUCTION

1.      Pursuant to the Fifteenth Omnibus Objection, the Debtors seek to reduce

and modify the claim filed by SKF USA (Claim Number 11247).

2.      Prior to the deadline for filing proofs of claim in the Debtors' bankruptcy

cases, SKF USA filed proof of claim number 11247, filed in the bankruptcy case of Delphi

#8146213 v4

DOCKET NO. 8389
DATE _____6/22/07_____

Automotive Systems LLC ("DAS"), asserting an unsecured non-priority claim in the amount of $556,685.09 and an unsecured administrative expense priority claim in the amount of $85,147.45. SKF USA also filed proof of claim number 11620, filed in the bankruptcy case of Delphi Corporation ("Delphi Corp."), which has previously been disallowed as duplicative of claim under 11247.[1]

3.    SKF USA has contacted the Debtors, informally objecting to the relief set forth in the Fifteenth Omnibus Claims Objection.

4.    SKF USA believes that the Debtors and SKF USA have agreed or shortly will agree, in principle, to a resolution of the Fifteenth Omnibus Claims Objection, subject to reducing the agreement to writing. The Debtors have further agreed that SKF USA can file this *pro forma* objection to preserve its objections to the relief sought by the Fifteenth Omnibus Claims Objection.

## BRIEF SUMMARY OF ARGUMENT

5.    The relief sought by the Debtors in the Fifteenth Omnibus Claims Objection is inconsistent with the terms of that certain Assumption Agreement, entered into on or about August 18, 2006, by and between SKF and DAS LLC (on behalf of itself and the Debtors) (the "Assumption Agreement"). The Debtors' Objection must be overruled to the extent that the relief sought therein is inconsistent with, or contrary to, the SKF Assumption Agreement.

6.    The Debtors have previously acknowledged the amount of that portion of SKF's claim that may be entitled to administrative expense priority status as a reclamation claim.

---

[1] The order disallowing claim number 11620 specifically provides that, to the extent Claim 11620 was filed against the correct debtor (i.e. Delphi Corporation), the Debtors may not object to the Claim 11247 on the basis that DAS is not the proper debtor.

#8146213 v4

SKF USA does not object to the Debtors' reservation of the Reserved Defenses, but this portion of the claim should be finally allowed as an administrative expense priority claim in the amount of $26,195.39 against DAS, subject *only* to the Debtors' Reserved Defenses, but not subject to any other type of objection.

7.    SKF USA objects to the reduction of the general unsecured portion of its claim as set forth in the Fifteenth Omnibus Objection. The proof of claim filed by SKF USA state amounts owed to it in US currency and does not include any interest component. The claims asserted by SKF USA arise from goods and/or services provided to the Debtors prior to the Petition Date, and reflected in the invoices attached to the proof of claim. That portion of the claim that remains outstanding, has not been resolved pursuant to the Assumption Agreement, and is not a reclamation claim, should be finally allowed in the amount of $92,404.32 against DAS, and not subject to any further objection.[2]

8.    SKF USA intends to rely upon the following documents, among others, at the hearing on the Debtors' objections to SKF USA's claims:

> The Amended Reclamation Program Order, the Motion seeking the entry of the Amended Reclamation Program Order and all documents related thereto.

> The Statement of Reclamation sent by the Debtors to SKF USA, dated February 21, 2006.

> The Assumption Program Order, the Motion seeking the entry of the Assumption Program Order, and all documents related thereto.

> The SKF Assumption Agreement, and any documents relating thereto, including, without limitation, communications between the

---

[2] To the extent that the Debtors are successful in asserting the Reserved Defenses, and all or any portion of the SKF USA claim for which SFK USA asserts a right to treatment as a reclamation claim entitled to administrative expense priority status is determined not to be entitled to such status, the claim should be allowed as a general unsecured claim, increasing SKF USA's general unsecured claim by $26,195.39, to $118,599.71.

#8146213 v4

parties concerning the allowance, amount and priority of SKF's claims.

The invoices attached to the proofs of claim, as well as any purchase orders, delivery receipts or other documents relevant thereto.

Documents produced to SKF pursuant to discovery relating to these contested matters.

SKF USA reserves the right to utilize any other documents at any hearing relating to the allowance, amount, priority and payment of its claims and SKF hereby reserves its right to conduct any discovery permitted by law in support of its response to Fifteenth Omnibus Objection. SKF USA further reserves its right to supplement this response in the event that the agreement in principle between SKF USA and the Debtors is not finalized and reduced to writing.

WHEREFORE, SKF USA respectfully requests that this Court overrule the

Debtors' Fifteenth Objection, and enter an order allowing SKF USA's claims in a manner

consistent with: (a) the SKF Assumption Agreement; (b) the terms of the Amended Reclamation

Program Order and any binding statements issued pursuant thereto; (c) the amounts to be proven

at the hearing on this objection; and (d) such other and further relief as is just and appropriate.

Respectfully submitted,

Linda J. Casey (LC 1891)
Anne Marie Aaronson (AA 1679)
PEPPER HAMILTON LLP
3000 Two Logan Square,
18th and Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

-and-

Henry J. Jaffe
James C. Carignan
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
(302) 777-6500
Counsel for SKF USA Inc.

DATED: June 22, 2007

#8146213 v4