| | |
|---|---|
| Warner Norcross & Judd LLP<br>900 Fifth Third Center<br>111 Lyon Street, NW<br>Grand Rapids, MI  49503-2487<br>(616) 752-2185 phone<br>(616) 222-2185 fax<br>gtoering@wnj.com | Hearing date:  July 19, 2007 at 10:00 a.m. |

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

and

Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ  07102-3889
(973) 424-2010

Walter J. Greenhalgh (WJG-9614)
Joseph H. Lemkin (JL-2490)

Attorneys for Robert Bosch LLC


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                              :
     In re                                    :    Chapter 11
                                                              :
DELPHI CORPORATION, et al.,                  :    Case No. 05-44481 (RDD)
                                                              :
                                                              :    (Jointly Administered)
                     Debtors.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ROBERT BOSCH GmbH'S MOTION TO AMEND PROOF OF CLAIM**

       Robert Bosch GmbH ("Bosch GmbH"), by its attorneys, Warner Norcross & Judd LLP, states in support of its Motion to Amend Proof of Claim as follows:

1

**I.    PRELIMINARY STATEMENT**

       1.     Bosch GmbH files this Motion seeking authority to amend its previously-filed patent infringement claim to (a) correct the name of the proper claimant for certain patents that were infringed by Debtors, and (b) to add a patent to the list of patents that Bosch GmbH claims were infringed by the Debtors.  The Debtors' infringement stems from the Debtors' sale of Electronic Control Units and/or detection devices (collectively, "ECUs") that infringed airbag technology owned by Bosch GmbH and its direct and indirect subsidiaries and affiliates (collectively "Bosch").

       2.     Bosch GmbH was the Bosch entity that initially filed the claim against the Debtors for patent infringement.  Such claim was filed on a timely basis and by the bar date.  Subsequent to the bar date, it became apparent to Bosch that one of Bosch GmbH's indirect subsidiaries named Robert Bosch LLC f/k/a Robert Bosch Corporation ("Bosch US") was the holder of three of the patents listed in the Bosch GmbH proof of claim.  It also became apparent that Debtors may have also infringed another airbag technology-related patent, one that was not previously listed in the claim, when Debtors sold the ECUs.  Bosch promptly notified Debtors of these two issues, and by this Motion Bosch GmbH now seeks authority from this Court to amend the proof of claim to correct the name of the Bosch claimant for some of the patents and to add another related patent that was infringed by Debtors' sales of the ECUs.

       3.     This amendment should be allowed as it is simply a correction of the name of the proper claimant and the addition of a related patent that was previously omitted from the list of airbag technology patents infringed by the Debtors.  Bosch GmbH is not seeking to increase the amount of the proof of claim.  Debtors have not yet proposed a plan of reorganization and shortly after the bar date they had notice of the proper party, as well as the

additional patent that makes up the patent infringement claim. There can be no prejudice to the Debtors under these circumstances. Accordingly, this Court should grant this Motion and find that the proposed amendment is proper and relates back to the original proof of claim.

## II. BACKGROUND

4. Debtors filed their voluntary bankruptcy petitions on October 8, 2005 and October 14, 2005. Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to Chapter 11 of the Bankruptcy Code.

5. This Court set July 31, 2006 as the date for general creditors to file proofs of claims against Debtors (the "Bar Date").

6. Bosch GmbH and Bosch US filed proofs of claim against the Debtors prior to the Bar Date as set forth in detail below. Debtors have objected to such claims for various reasons and in various omnibus objections.

7. A description of the proofs of claim and the Debtors' objections to such claims is necessary to evaluate the legal sufficiency of this motion by Bosch GmbH to amend its claim. That background information is provided below.

### A. Bosch GmbH Timely Files a Claim for Patent Infringement

8. Bosch GmbH is one of the world's top manufacturers of automobile components. Bosch GmbH is headquartered in Germany, and Bosch GmbH is the ultimate parent company of Bosch US.

9. Bosch GmbH holds pre-petition and post-petition claims for patent infringement arising out of Debtors' supply of parts to its customers that contained ECUs. The ECUs infringe multiple patents that are owned by Bosch that related to airbag technology.

3

10. Bosch GmBH timely filed a proof of claim for pre-petition patent infringement against Delphi Automotive Systems LLC ("DAS LLC") (Claim No. 13623) pertaining to the airbag technology before the Bar Date. Bosch GmBH listed ten (10) patents[1] that were infringed and Bosch GmBH estimated its damages at $15 million. Bosch GmBH then amended that claim on August 16, 2006 to include additional supporting information and documentation that was inadvertently omitted from the initial filing (Claim No. 16220, together with Claim No. 13623, the "Bosch GmBH Claim"). *See* Declaration of Paul-Bernhard Schoenborn, Director of Corporate Licensing for Bosch GmBH, ¶ 5, attached as **Exhibit A**.[2]

11. In addition to the claim filed against DAS LLC, Bosch GmBH also filed identical claims against some of the Debtor entities that filed for bankruptcy because Bosch could not precisely identify the Debtor entity(ies) that was involved in the infringement described in the proofs of claim.[3] Bosch GmBH filed the duplicative claims, not in an effort to seek multiple recoveries, but as a precautionary measure in case DAS LLC was not the entity that did the infringing.

### B. Bosch US Files a Claim for Trade Debt

12. Bosch US manufactures precision automotive components and systems sold to vehicle and powertrain manufacturers. Bosch US is headquartered in the United States, and its ultimate parent company is Bosch GmBH.

---

[1] The ten (10) patents listed were: US-5,482,314; US-6,422,596; EP-434.679; DE-199.581.61; EP-458.796; DE-4.040.927; DE-196.514.52; DE-3.729.785; EP-1066174; and EP-757.635.

[2] The Declarations attached to this Motion were initially filed in connection with responding to the Debtors' Thirteenth Omnibus Objection to Bosch US's claim. Bosch US's response to the Thirteenth Omnibus Objection is docket # 8017. The Declarations are attached to this Motion for the convenience of the Court.

[3] The particular claim numbers were: 13622; 13623; 13624; 13625; 13626; 13627; 13628; 13629; 13630; 13631; 13632; 13633; 13634; 13635; 13636; 13637; 13638; 13639;13640; 13641; 13642; 13643; 13644; 13645; 13646; 13647; 13648; 13649; 14261; 14266; 16219; 16220; 16221; 16222; 16223; 16224; 16225; 16226; 16227; 16228; 16229; 16230; 16231; 16232; 16233; 16234; 16235; 16236; 16237; 16238; 16239; 16240; 16241; 16242; 16243; 16244; 16245; 16246.

13. Bosch US is a supplier (as well as a customer) of one or more of the Debtors, including DAS LLC. As of the Bar Date, Debtors were indebted to Bosch US for parts that Bosch US supplied to one or more of the Debtors.

14. Bosch US timely filed a proof of claim (Claim No. 13620, the "Bosch US Original Claim") on or about July 28, 2006, before the court-ordered Bar Date.

15. The amount provided in the Bosch US Original Claim was substantially less than what Debtors owed Bosch US as of the date that Debtors filed their Chapter 11 bankruptcy petition because, after the bankruptcy was filed, Bosch US and Debtors agreed pursuant to court authorization to setoff certain mutual obligations. *See* Declaration of Luke Baer, Senior Vice President and General Counsel of Bosch US, ¶ 4, attached as **Exhibit B**.

16. In the Bosch US Original Claim, Bosch US reserved the right to amend the claim to assert additional amounts owing in the future due to warranty charges and other debts or charges. *See* Claim No. 13620.

### C. Debtors Object to the Bosch GmbH Claim in the Second and Third Omnibus Objections

17. As further explained below, the Debtors sought to disallow and expunge the Bosch GmbH patent infringement claims in the Second and Third Omnibus Objections, which objections were filed on or about October 31, 2006.

#### i. The Second Omnibus Objection

18. The Debtors' Second Omnibus Objection sought to disallow and expunge the multiple Bosch GmbH claims as duplicative.

19. Bosch GmbH filed a response to this Objection, and the parties resolved the issue of duplicative claims by entering into a stipulation that was ultimately approved by this court. *See* Docket # 6637. The parties agreed that Bosch GmbH's proof of claim against DAS

5

LLC and the other Debtor entities for which claims were filed against would be consolidated into the Bosch GmbH Claim.

20. The parties also agreed in the stipulation that in the event Bosch GmbH amends its claim to assert additional or different obligations against DAS LLC or any of the other Debtor entities against which claims were filed, Bosch GmbH need only amend the surviving claim and Bosch GmbH need not file new or amended proofs of claim against the other Debtor entities. Any amendment would be considered as having been asserted against all other Debtor entities as of the date of the amendment.

### ii. The Third Omnibus Objection

21. The Debtors' Third Omnibus Objection sought to disallow and expunge the Bosch GmbH Claim on the grounds that the Debtors' books and records fail to disclose that any liability is owed by Debtors.

22. Bosch GmbH's response to the objection, dated November 22, 2006, showed that Bosch GmbH properly substantiated its proof of claim and the Debtors' objection lacked any merit as Debtors failed to produce any evidence to rebut the claim. Bosch GmbH also provided even more documents and information to support its claim for patent infringement. See Docket # 5834. Debtors have not set a hearing for their third omnibus objection to Bosch GmbH's claim.

23. It was during this period, when Bosch GmbH was scrutinizing all of its patent information in an effort to provide even more documents to supplement its proof of claim, that it became aware of an issue regarding the holder of some of the airbag technology patents that were infringed by Debtors. It became apparent that Bosch US is the proper holder of three patents (Patents US-5,482,314, including the divisional patent US-6,272,411, and EP-757,635,

6

the "Bosch US Patents") upon which the Debtors were infringing. *See* Declaration of Luke Baer, ¶ 9. Patent US-6,272,411 was not previously listed in the Bosch GmbH Claim, but it is a divisional patent of one of the patents that was listed and relates to the same airbag technology that Debtors were infringing through the sale of the ECUs. Bosch GmbH notified Debtors of its claim for patent US-6,272,411 as well as the true holder of the Bosch US Patents on November 22, 2006 in its response to the Third Omnibus Objection.

24. Prior to responding to Debtors' Third Omnibus Objection, it was the understanding within both Bosch US and Bosch GmbH that these patents were held by Bosch GmbH rather than Bosch US. That assumption was based on a general practice that core technology in the airbag systems field is held by Bosch GmbH. *See* Declaration of Luke Baer, ¶ 11. *See also* Declaration of Paul-Bernhard Schoenborn ¶ 5.

25. Once it became clear that Bosch GmbH did not hold some of the patents but rather Bosch US did, Bosch US then took steps to clarify the proper owner of the patents. Bosch US did so by amending its original proof of claim.

### D. Debtors Object to the Bosch US Claims

26. The Debtors' Third Omnibus Objection also sought to reclassify the Bosch US claim from a secured claim to an unsecured claim. (The Bosch US claim had originally been filed as a secured claim due to Bosch US's setoff and recoupment rights.)

27. Bosch US responded to the Third Omnibus Objection on November, 22 2006. *See* Docket # 5770. In its response, Bosch US did not object to the reclassification of the Bosch US Original Claim as an unsecured claim. However, Bosch US filed its response as a precaution in order to ensure that the objection did not prejudice Bosch US's rights to later amend the Bosch US Claim to assert additional amounts owed to Bosch, which amounts may

7

have related to warranty and/or other product-related matters, including intellectual property infringement.[4]  Bosch US specifically raised the issue of amending its proof of claim to assert intellectual property infringement because it had become aware that it was the holder of three of the airbag technology-related patents that were infringed by Debtors.

28.  Bosch US amended its proof of claim on December 27, 2006 to include a claim for patent infringement of the Bosch US Patents related to airbag technology in the event it is determined that Bosch US, and not Bosch GmbH, is the party entitled to damages for Debtors' infringement of the Bosch US Patents.  Such amendment (Claim No. 16467, the "Bosch US Amended Claim") was done in lieu of filing a new proof of claim because Bosch US already had the Bosch US Original Claim on file.  *See* Declaration of Luke Baer, ¶ 12.

29.  The Bosch US Amended Claim asserted infringement claims for the Bosch US Patents against Delphi Automotive Systems LLC.  In the Bosch US Amended Claim, Bosch US estimated the amount of damages it incurred at $15 million (which is the same amount of damages asserted by Bosch GmbH in its claim).  In filing the Bosch US Amended Claim, however, Bosch US was <u>not</u> seeking a double recovery by having two claims on file for the same patents (one for Bosch US and one for Bosch GmbH).  Rather, Bosch simply sought one recovery estimated at $15 million in total[5] and has filed claims on behalf of both Bosch GmbH

---

[4] Specifically, paragraph 7 of Bosch US's response to the Third Omnibus Objection stated,

> Bosch does not object to the reclassification of Bosch's Claim as an unsecured claim.  However, Bosch files this response as a precaution in order to ensure that Debtors' Objection does not prejudice Bosch's rights, including, without limitation, Bosch's right to later amend Bosch's Claim to assert additional amounts owed to Bosch.  These additional amounts may relate to warranty and/or other product-related matters, **including intellectual property infringement**.

[Docket number 5770 at page 2.  (emphasis added)]

[5] At this point, Bosch does not know the amount of damages and can only give a rough estimate.  The ultimate damages figure will be based on the amount of the sales of the patent-infringing ECUs.  Bosch does not know how many ECUs have been sold and will need to utilize discovery to obtain those figures.

8

and Bosch US as a precautionary measure in the event Debtors dispute which Bosch entity holds the applicable patents. *See* Declaration of Luke Baer, ¶ 15.

30.     Bosch US believed that the patent infringement by the Debtors was done by debtor DAS LLC, but given the number of Delphi entities it was possible that other Debtors were also infringing on the patents. Rather than immediately filing its amended claim against numerous other Delphi-related entities (in addition to DAS LLC) that may have infringed Bosch US's patents, Bosch US made the Debtors aware of Bosch US's desire to enter into a stipulation that would preserve Bosch's rights against those other Delphi entities in the event it turned out that the other Delphi-related entities may have infringed on the patents.

31.     Debtors and Bosch US have since resolved the Third Omnibus Objection and the issue regarding the need to file duplicative claims in a stipulation and agreed order [Docket # 7691]. Pursuant to the stipulation and order, the Bosch US Amended Claim was reclassified as an unsecured claim and it was deemed not only an amendment to the Bosch US Original Claim against Delphi Automotive Systems LLC but also an original claim filed on December 27, 2007 against certain Delphi-related entities. The stipulation and order also provided that the Debtors reserved the right to object to the Bosch US Amended Claim.

32.     Debtors did object to the Bosch US Amended Claim in their Thirteenth Omnibus Objection dated April 27, 2007. The objection sought to disallow and expunge the grounds that it was untimely and that Debtors' books and records fail to disclose that any liability is owed by Debtors.

33.     Bosch US filed a response to the Thirteenth Omnibus Objection. In that response, Bosch US argued that the amendment was timely because it related back to the timely filed original claim, or in the alternative, the amendment should be allowed because of excusable

9

neglect. As for the substantive issue, Bosch US responded by noting that it has provided more than adequate documentation and proof that it has a valid patent infringement claim, and Debtors have not provided any proof or evidence to overcome the prima facie validity of Bosch US's amended claim. *See* Docket # 8017.

34. Debtors have not set a hearing on their thirteenth omnibus objection to Bosch US's claim. Accordingly, although Bosch US strongly believes that its amended proof of claim was timely, no determination has yet been made by this Court.

### III. THIS COURT SHOULD ALLOW THE PROPOSED AMENDMENT BECAUSE THE AMENDMENT IS PROPER AND RELATES BACK TO THE BOSCH GMBH ORIGINAL CLAIM

35. Because of the fact that the Debtors' objections to Bosch GmbH's and Bosch US's claims have not been resolved, Bosch GmbH files this Motion to request authority to amend the Bosch GmbH Claim.

36. Amending the Bosch GmbH Claim to correct the name of the proper claimant for certain patents that were infringed by Debtors and to add a patent to the list of patents that were infringed by the Debtors is proper. "The bankruptcy rules permit courts to accept late-filed amendments to timely filed proofs of claim." *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 133 (2d Cir. 2005). Under the standards used by the Second Circuit to analyze amendments to claims, the proposed amendment relates back to the Bosch GmbH Claim.

37. Courts in the Second Circuit use a two-step analysis for determining the permissibility of post-bar date amendments to timely-filed claims. First, courts examine "whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." *Midland Cogeneration Venture Ltd. P'ship*, 419 F.3d at 133 (quoting *In*

10

*re Black & Geddes, Inc*., 58 B.R. 547, 553 (S.D.N.Y. 1993)). Second, if an amendment does relate back to the timely filed claim, courts will "'examine each fact within the case and determine whether it would be equitable to allow the amendment.'" *Midland Cogeneration Venture Ltd. P'ship*, 419 F.3d at 133 (quoting *In re Integrated Res., Inc*., 157 B.R. 66, 70) (S.D.N.Y. 1993). Multiple factors play a role in the second step, including, "whether the debtor, or other creditors, would be unduly prejudiced by the amendment, or whether instead, other creditors would 'receive a windfall' from the disallowance of the amendment, and whether the late claimant acted in good faith and if the delay was justified." *Midland Cogeneration*, 419 F.3d at 133. "The critical consideration is whether the opposing party will be unduly prejudiced by the amendment." *In re Integrated Res., Inc*., 157 B.R. at 70.

38.     Here, the proposed amendment plainly satisfies the two-step analysis used by the Second Circuit. The first question – "whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable" – is clearly satisfied. The Bosch GmbH Claim evidenced an intention to hold the estate liable for the sale of the ECUs that infringed Bosch's airbag technology patents. The proposed amendment adds one patent to the list of infringed patents and clarifies which Bosch entity is the holder of the patents. The damages estimate is the exact same amount and it is based on the sale of the very same patent-infringing ECUs. Nothing has changed between as far as the amount of estimated damages ($15 million) or the basis for the claim (Debtors' sale of ECUs that infringed on airbag technology patents held by Bosch). This is simply an amendment to identify the proper holder of the patent infringement claims. The Bosch GmbH Claim even expressly notified the Debtors that Bosch GmbH may amend the claim at a later date.

11

39.  The proposed amendment also easily satisfies the second question – "whether it would be equitable to allow the amendment." Debtors will suffer no prejudice, let alone undue prejudice, from the amendment to the Bosch GmbH Claim.  Debtors were well aware of Bosch's claim for patent infringement before the Bar Date (due to the Bosch GmbH Claim), including the basis, propriety, and amount of the claim.  As of the Bar Date, Debtors had notice of the potential liability for patent infringement under the original claim filed by Bosch GmbH.  Debtors have not been prejudiced.

40.  Further, the allowance of the amendment would not delay any evidentiary hearing; discovery has yet to be completed, no dispositive motions have been made, and a reorganization plan has not been filed by the Debtors.

41.  Bosch also acted in good faith.  Bosch GmbH, rather than Bosch US, filed the proof of claim related to the Debtors' patent infringement because it was the initial understanding of Bosch that, based on the companies' general practice, patents of the core technology in the airbag field were held by Bosch GmbH and not Bosch US.  This proved not to be entirely accurate in this specific case.  Once it realized who the holder of the patents was, it promptly notified the Debtors and then amended the Bosch US Original Claim.

42.  The case of *In re Rosetta Porter*, 122 B.R. 933 (Bankr. E.D. Penn. 1991), *rev'd on other grounds*, 129 B.R. 397 (E.D. Penn. 1991)[6] is applicable here.  In that case, the debtor had attacked Consumer's proof of claim alleging that it should have been filed by National, a related company. *Id*. at 942.  The court acknowledged the technical accuracy of the debtor's observation that the proof of claim was erroneously filed on behalf of Consumer instead of National. *Id*. at 936.  But, the court held that it was appropriate to allow Consumer and

---

[6] The district court reversed the bankruptcy court's decision on grounds that are not applicable here (the subject transaction fell outside the scope of the Truth and Lending Act, specifically Regulation Z). *Porter*, 129 B.R. at 401.

12

National to amend the claim to accurately identify the claimant. *Id*. The court stated that "although the bar date passed over three months ago, it appears equitable, in the instant factual setting, to allow an amendment to Consumer's timely proof of claim to properly designate the claimant . . . ." *Id*. at 942. *See In re Foxcross Associates, L.P.*, Nos. 90-4216-S, 90-4224-S, 90-40369-11, 1991 WL 31999 (D. Kan. Feb. 27, 1991) (bankruptcy court allowed creditor to amend a proof of claim to name itself as the creditor instead of the creditor who had filed the original proof of claim).

43. Just like the court in *Rosetta Porter*, so this Court should allow the amendment of the name of the entity holding the claim. In this instance, it is undisputed that Bosch GmbH filed a timely proof of claim for infringement of airbag technology. In moving to file the proposed amendment, Bosch GmbH simply intends to (1) clarify that Bosch US, rather than Bosch GmbH, is the owner of certain patents, and (2) list another patent that was infringed by the sale of the ECUs. The Debtors cannot possibly claim any prejudice by the amendment. This Court should grant this Motion and find that the proposed amendment relates back to the date of the Bosch GmbH Claim, and therefore the amendment should be deemed timely.

44. Bosch GmbH has filed this Motion as a precautionary measure in case this Court decides that the Bosch US Amended Claim is untimely. If this Court finds that the US Amended Claim is timely and proper – which the case law clearly supports – then the amendment to the Bosch GmbH claim is largely unnecessary. This Motion is being filed now, as opposed to after the determination on the Bosch US Amended Claim is made, because Bosch does not know when Debtors will schedule the hearing on the objection. It may be months or even years from now. The longer Bosch GmbH waits to amend its claim, the more it will appear at first blush to be untimely. Bosch GmbH simply cannot risk waiting any longer.

**IV.     MEMORANDUM OF LAW**

45.     Because the legal points and authorities upon which this Motion relies are incorporated herein, Bosch GmbH requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013(b) be deemed satisfied.

WHEREFORE, Bosch GmbH requests the entry of an order (1) granting this Motion; (2) allowing Bosch GmbH to amend its claim to add patent US-6,272,411 to the list of patents allegedly infringed by Debtors; (3) allowing Bosch GmbH to amend its claim to designate Bosch US as the holder of the Bosch US Patents; and (4) granting Bosch GmbH such other and further relief as this Court deems appropriate.

Dated:  June 27, 2007                        WARNER NORCROSS & JUDD LLP

By      /s/ Gordon J. Toering
Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorneys for Robert Bosch GmbH

*And by:*

Dated: June 27, 2007                         DUANE MORRIS LLP

By      /s/ Joseph H. Lemkin
Walter J. Greenhalgh (WJG-9614)
Joseph H. Lemkin (JL-2490)
Business Address:
744 Broad Street, Suite 1200
Newark, NJ  07102-3889
(973) 424-2010

1412676