Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

and

Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
(973) 424-2010

Walter J. Greenhalgh (WJG-9614)
Joseph H. Lemkin (JL-2490)

Attorneys for Robert Bosch LLC

Hearing date: July 19, 2007 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- -x
                                  :
       In re                      :   Chapter 11
                                  :
DELPHI CORPORATION, et al.,       :   Case No. 05-44481 (RDD)
                                  :
                                  :   (Jointly Administered)
              Debtors.            :
-------------------------------- -x

# EXHIBIT A

## TO

### ROBERT BOSCH GmbH'S MOTION TO AMEND PROOF OF CLAIM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
    In re                                 :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                                          :    (Jointly Administered)
              Debtors.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DECLARATION OF PAUL-BERNHARD SCHOENBORN
### OF ROBERT BOSCH GmbH

I, Paul-Bernhard Schoenborn, pursuant to 28 U.S.C. § 1746, furnish this declaration in support of the Response of Robert Bosch LLC to the Debtors' Thirteenth Omnibus Objection:

1. I have personal knowledge of the statements made in this declaration and could testify competently to the statements made herein.

2. I am employed by Robert Bosch GmbH ("Bosch GmbH") as Director of Corporate Licensing. I have held that position for 16 years. Bosch GmbH is one of the world's top manufacturers of automobile components. Bosch's automotive offerings include antilock braking and fuel-injection systems, auto electronics, starters, and alternators. Bosch GmbH is headquartered in Germany, and Bosch GmbH is the ultimate parent company of the United States-based Robert Bosch LLC f/k/a Robert Bosch Corporation ("Bosch US").

3. Bosch GmbH and its direct and indirect affiliates and subsidiaries (including Bosch US) (collectively "Bosch") are both suppliers to and customers of debtor Delphi Corporation and/or its direct and indirect subsidiaries and affiliates (collectively, "Delphi"), including Delphi Automotive Systems LLC.



1

4. Prior to filing its bankruptcy petition, Delphi infringed on multiple patents held by Bosch. The patent infringement arose out of Delphi's supply of automotive parts to its customers that contain certain Electronic Control Units and/or detection devices (collectively "ECUs"). The ECUs infringed patents that were owned by Bosch.

5. It was the understanding within the Bosch organization that the patents that were being infringed by Delphi were patents held by Bosch GmbH. That assumption was based on a general practice that core technology in the airbag systems field is held by Bosch GmbH. Accordingly, Bosch GmbH filed a proof of claim for pre-petition patent infringement (which I understand to be Claim No. 13623) on or about July 28, 2006, which was prior to the bar date of July 31, 2006. I have been informed that Bosch GmbH then amended that claim in August 2006 to include additional supporting information and documentation that was inadvertently omitted from Claim No. 13623 (which I understand to be Claim No. 16220, together with Claim No. 13623 the "Bosch GmbH Claim").

6. The Bosch GmbH Claim set forth sufficient facts to put Delphi on notice of the patent infringement claim. Specifically, the Bosch GmbH Claim (1) set forth an explanation of the Claim; (2) set forth the products claimed to be patent infringing, both in the United States and abroad; (3) set forth the U.S. and foreign patents claimed to be infringed; and (4) provided estimates regarding the magnitude of the claim.

7. The Bosch GmbH Claim was filed against the Delphi-related entities that Bosch believed may have infringed on the patents (collectively, the "Delphi Related Entities"),[1] not to

---

[1] I have been informed that the Delphi Related Entities against which the Bosch GmbH Claim was filed consist of the following: Delphi Automotive Systems, LLC, Delphi Corporation; Delphi NY Holding Corporation; ASEC Manufacturing General Partnership; ASEC Sales General Partnership; Specialty Electronics International Ltd.; Specialty Electronics, Inc.; Delphi Liquidation Holding Company; Delphi Electronics (Holding) LLC; Delphi Technologies, Inc.; Delphi Automotive Systems Tennessee, Inc.; Delphi Mechatronic Systems, Inc.; Delphi China LLC; Delphi Automotive Systems Korea, Inc.; Delphi Automotive Systems Thailand, Inc.; Delphi Automotive



seek a duplicative recovery, but as a protective measure because it was unclear which Delphi entity was doing the infringing.

8. Delphi objected to the Bosch GmbH Claim and the claims against the other Delphi Related Entities on October 31, 2006 in the Debtors' Second and Third Omnibus Objection to proofs of claim. The Second Omnibus Objection sought to expunge the duplicative claims against the Delphi Related Entities and the Third Omnibus Objection sought to disallow the Bosch GmbH Claim because Delphi's books and records failed to disclose any liability to Bosch GmbH for patent infringement.

9. Delphi and Bosch GmbH resolved the Second Omnibus Objection by stipulating to consolidate the duplicative claims into one claim against Delphi Automotive Systems LLC, but still treat the Bosch GmbH Claim as a single claim filed against the Delphi Related Entities. An order approving the stipulation was entered on January 17, 2007.

10. As for the Third Omnibus Objection, I have been informed that Bosch GmbH filed a response to that objection on November 22, 2006. The objection required a claimant to respond by providing all supporting documentation to support the claim. Even though Bosch GmbH already provided adequate support for the patent infringement claim, Bosch GmbH conducted further inquiry for other documents that would support the Bosch GmbH Claim in an effort to provide additional support.

11. During Bosch GmbH's further review and inquiry, it became apparent that two of the patents listed in the Bosch GmbH Claim (Patents US-5,482,314, including the divisional

---

Systems International, Inc.; Delphi International Holdings Corp.; Delphi Automotive Systems Overseas Corporation; Delphi Automotive Systems (Holding) Inc.; Delco Electronics Overseas Corporation; Delphi LLC; Aspire, Inc.; Delphi Connection Systems; Packard Hughes Interconnect Company; Delphi Automotive Systems Services LLC; Delphi Services Holding Corporation; Delphi Automotive Systems Global (Holdings), Inc.; and Delphi Furukawa Wiring Systems LLC.



3

patent US-6,272,411, and EP-757,635) may actually be owned by Bosch US, notwithstanding the common belief throughout Bosch GmbH that Bosch GmbH was the holder of all of the patents infringed by Delphi. Those two patents are hereinafter referred to as the "Bosch US Patents."

12. I have been informed that Bosch US promptly amended the claim it already had on file (which I understand to be Claim No. 13620, the "Bosch US Claim") on December 27, 2006 to include a claim for patent infringement for the Bosch US Patents in the event it was ultimately determined that Bosch US, and not Bosch GmbH, was the party entitled to recover damages for Delphi's infringement of the Bosch US Patents. I have been informed that such amendment (which I understand to be Claim No. 16467) was done in lieu of filing a new proof of claim because Bosch US already had Claim No. 13620 on file.

13. Bosch is not seeking a double recovery by having two claims on file for the same patents (one for Bosch GmbH and one for Bosch US). Rather, Bosch simply seeks one recovery and has filed claims on behalf of both Bosch GmbH and Bosch US as a precautionary measure in the event Delphi disputes which Bosch entity holds the applicable patents.

14. Delphi has since objected to the amendment of the Bosch US Claim on grounds that the amendment was untimely, even though a claim for patent infringement was already on file prior to the bar date by Bosch GmbH.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on May 23, 2007.

*Dr. Paul-B. Schoenborn*

Paul-Bernhard Schoenborn

1407206

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

and

Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ  07102-3889
(973) 424-2010

Walter J. Greenhalgh (WJG-9614)
Joseph H. Lemkin (JL-2490)

Attorneys for Robert Bosch LLC

Hearing date:  July 19, 2007 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
     In re                    :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
                              :    (Jointly Administered)
              Debtors.        :
------------------------------x

# EXHIBIT B

## TO

### ROBERT BOSCH GmbH'S MOTION TO AMEND PROOF OF CLAIM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                          :
    In re                                                 :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :    Case No. 05-44481 (RDD)
                                                          :
                                                          :    (Jointly Administered)
                     Debtors.                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## DECLARATION OF LUKE BAER
## OF ROBERT BOSCH LLC

I, Luke Baer, pursuant to 28 U.S.C. § 1746, furnish this declaration in support of the Response of Robert Bosch LLC to the Debtors' Thirteenth Omnibus Objection:

1.  I have personal knowledge of the statements made in this declaration and could testify competently to the statements made herein.

2.  I am employed by Robert Bosch LLC f/k/a Robert Bosch Corporation ("Bosch US") as Senior Vice President and General Counsel. I have held that position for 8 years. Bosch US manufactures precision automotive components and systems sold to vehicle and powertrain manufacturers worldwide. Bosch US is headquartered in the United States, and its ultimate parent company is Robert Bosch GmbH ("Bosch GmbH"), which is based in Germany.

3.  Bosch US, Bosch GmbH and the direct and indirect affiliates and subsidiaries of Bosch GmbH (collectively "Bosch") are suppliers to and customers of debtor Delphi Corporation and/or its direct and indirect subsidiaries and affiliates (collectively, "Delphi"), including Delphi Automotive Systems LLC.

4.  As of the date established by this Court as the bar date to file claims (July 31, 2006), Delphi owed Bosch US $1,333,984.29 for parts that Bosch shipped to numerous Delphi locations. That amount was substantially less than what Delphi owed Bosch US as of the date

1

that Delphi filed its bankruptcy petition because Bosch and Delphi agreed pursuant to court authorization to setoff certain mutual obligations. That setoff resulted in reducing the amount Delphi owed to Bosch US to $1,333,984.29.

5.      Bosch US filed a proof of claim (Claim No. 13620) for the $1,333,984.29 that was owed as of the bar date (the "Bosch US Claim"). Bosch US filed the Bosch US Claim as a secured claim due to Bosch US's setoff and recoupment rights. Bosch US also expressly reserved the right to amend the Bosch US Claim for additional amounts owing in the future due to warranty charges and other debts or charges that had not matured as of that point in time.

6.      Bosch US and Delphi continued their efforts to finalize their reconciliation and complete the setoff process after the bar date passed. Eventually the reconciliation was finalized, and pursuant to that reconciliation the amounts owed on account from Delphi to Bosch US were reduced to $0 due to the application of setoff and recoupment.

7.      Delphi objected to the Bosch US Claim on October 31, 2006 in Delphi's Third Omnibus Objection to proofs of claim. The Third Omnibus Objection sought to reclassify the Bosch US Claim as an unsecured claim.

8.      In Bosch US's November 22, 2006 response to the objection, Bosch US did not object to the reclassification of the Bosch US Claim as an unsecured claim. However, Bosch US filed its response as a precaution in order to ensure that the objection did not prejudice Bosch US's rights to later amend the Bosch US Claim to assert additional amounts owed to Bosch, which amounts may have related to warranty and/or other product-related matters, including intellectual property infringement.

9.      Bosch US specifically raised the issue of amending the Bosch US Claim for intellectual property infringement because, after review of the US patent office filings performed

2

in connection with Delphi's Third Omnibus Objection, it became apparent that Bosch US may be the proper holder of three patents (Patents US-5,482,314, including the divisional patent US-6,272,411, and EP-757,635, the "Bosch US Patents") upon which Delphi was infringing.

10.   The reason why Bosch US was alerted to this issue was because, in Delphi's Third Omnibus Objection, Delphi had also sought to disallow and expunge Bosch GmbH's claim for patent infringement (Claim No. 16220, the "Bosch GmbH Claim") in Delphi's Third Omnibus Objection to Claims. Bosch GmbH had asserted patent infringement claims in the Bosch GmbH Claim arising out of Delphi's supply of parts to its customers that contained certain Electronic Control Units and/or detection devices (collectively "ECUs"). The ECUs infringed patents that were owned by Bosch.

11.   Prior to responding to Delphi's Third Omnibus Objection, it was the understanding within Bosch US (as well as Bosch GmbH) that these patents were held by Bosch GmbH rather than Bosch US. That assumption was based on a general practice that core technology in the airbag field is held by Bosch GmbH.

12.   Once it became apparent within Bosch that Bosch US was the record holder of the Bosch US Patents, Bosch promptly amended the Bosch US Claim on December 27, 2006 to include a claim for patent infringement for the Bosch US Patents in the event it is determined that Bosch US, and not Bosch GmbH, is the party entitled to damages for Delphi's infringement of the Bosch US Patents. Such amendment (Claim No. 16467, the "Bosch US Amended Claim") was done in lieu of filing a new proof of claim because Bosch US already had the Bosch US Claim on file.

13.   The Bosch US Amended Claim asserted infringement claims for the Bosch US Patents against Delphi Automotive Systems LLC. Bosch US made Delphi aware of Bosch US's

3

intention to file the Bosch US Amended Claims against other Delphi-related entities that Bosch believed may have infringed on the patents (the "Delphi Related Entities").[1] Bosch US's intention in filing the same claim against the Delphi Related Entities was not to seek a duplicative recovery, but rather as a protective measure because it was unclear which Delphi entity was doing the infringing. Bosch US requested that Delphi agree to a stipulation to avoid the necessity of Bosch US filing duplicative claims against all of the Delphi Related Entities.

14. Delphi and Bosch US have since resolved the issue regarding the need to file duplicative claims as well as Delphi's Third Omnibus objection to the Bosch US Claim in a Stipulation and Agreed Order Resolving Debtors' Third Omnibus Objection to Claims, which stipulation was signed by the Court on April 13, 2007. Pursuant to that stipulation and order, the Bosch US Amended Claim was reclassified as an unsecured claim and it was deemed not only an amendment to the claim against Delphi Automotive Systems LLC but also an original claim filed on December 27, 2007 against the Delphi Related Entities. Delphi reserved the right to object to the Bosch US Amended Claim.

15. Bosch is not seeking a double recovery by having two claims on file for the same patents (one for Bosch GmbH and one for Bosch US). Rather, Bosch simply seeks one recovery and has filed claims on behalf of both Bosch GmbH and Bosch US as a precautionary measure in the event Delphi disputes which Bosch entity holds the applicable patents.

---

[1] The Delphi Related Entities against which Bosch intended to file claims were the following entities: Delphi Corporation; Delphi NY Holding Corporation; ASEC Manufacturing General Partnership; ASEC Sales General Partnership; Specialty Electronics International Ltd.; Specialty Electronics, Inc.; Delphi Liquidation Holding Company; Delphi Electronics (Holding) LLC; Delphi Technologies, Inc.; Delphi Automotive Systems Tennessee, Inc.; Delphi Mechatronic Systems, Inc.; Delphi China LLC; Delphi Automotive Systems Korea, Inc.; Delphi Automotive Systems Thailand, Inc.; Delphi Automotive Systems International, Inc.; Delphi International Holdings Corp.; Delphi Automotive Systems Overseas Corporation; Delphi Automotive Systems (Holding) Inc.; Delco Electronics Overseas Corporation; Delphi LLC; Aspire, Inc.; Delphi Connection Systems; Packard Hughes Interconnect Company; Delphi Automotive Systems Services LLC; Delphi Services Holding Corporation; Delphi Automotive Systems Global (Holdings), Inc.; and Delphi Furukawa Wiring Systems LLC.

16. Delphi has objected to the Bosch US Amended Claim in the Thirteenth Omnibus Objection to Claims asserting that the claim is untimely, even though a claim for patent infringement was already on file prior to the bar date by Bosch GmbH.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2007.

Luke Baer

1407530

5