TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Lara Sheikh (LS-0879)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE: July 19, 2007<br>AT: 10:00 a.m. |
| ------------------------------------------------x | |
| In re: | |
| DELPHI CORPORATION, et al., | Chapter 11<br>Case No. 05-44481 [RDD] |
| Debtors. | Jointly Administered |
| ------------------------------------------------x | |

## DECLARATION OF FRANCIS G. CONRAD
## IN SUPPORT OF DEBTORS' MOTION FOR
## APPROVAL OF SETTLEMENT AGREEMENT AMONG
## DEBTORS, WACHOVIA BANK, N.A., AND LEXTRON CORPORATION

FRANCIS G. CONRAD, hereby declares pursuant to section 1746 of title 28 of the United States Code:

1. I am a partner of Jager Smith and a member of Approved Mediators in the United States Bankruptcy Court for the Southern District of New York.

2. During 1985 through 1999, I was a United States Bankruptcy Judge for the District of Vermont.

3. Earlier this year, the above-captioned Debtors and Wachovia, N.A., ("Wachovia") ask that I serve as mediator to supervise negotiations regarding the Debtors' objection to proofs of claim filed by Wachovia in the Debtors' cases.

4. The Debtors and Wachovia each submitted written mediation statements to me, and I presided over a day-long mediation session in Jackson, Mississippi during which each of the parties, their counsel and business representatives participated in extensive and good-faith negotiations. That mediation session, however, ended without a settlement.

5. I presided over continued negotiations between Wachovia and the Debtors throughout March, April and May 2007.

6. Ultimately, the Debtors and Wachovia were unable to reach a definitive settlement agreement because a key element was the waiver of claims asserted against the Debtors' estates by Lextron Corporation ("Lextron"), and the Debtors believed that Wachovia had the right to include the Lextron claims as part of the settlement as a result of a Collateral Assignment Agreement between Lextron and Wachovia.

7. Subsequently, the Debtors and Wachovia asked that Lextron participate in the mediation; Lextron agreed.

8. On June 15, 2007, Delphi and Lextron each submitted written mediation statements to me.

9. On June 18, 2007, the Debtors, Wachovia and Lextron, and their respective legal and business representatives attended a day-long mediation session

2

under my supervision in New York City. At the conclusion of that day-long session, the parties were able to reach a comprehensive settlement.

10. I have mediated more than 80 disputes during the last 7 years.

11. I closely observed the parties' negotiations throughout the mediation among the Debtors, Wachovia and Lextron. The negotiations among those parties were conducted at all times in good faith, at arms-length, and on a fully informed basis.

12. I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         June 28, 2007

                                    _____
                                         FRANCIS G. CONRAD

3