UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :

    In re                                     :     Chapter 11

                                                    :

DELPHI CORPORATION, et al.,        :     Case No. 05-44481 (RDD)

                                                    :

                        Debtors.    :     (Jointly Administered)

                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002 AND
9014 (I) APPROVING BIDDING PROCEDURES, (II) GRANTING
CERTAIN BID PROTECTIONS, (III) APPROVING FORM AND
MANNER OF SALE NOTICES, AND
(IV) SETTING SALE HEARING IN CONNECTION
WITH SALE OF MEXICO BRAKE PLANT ASSETS

("MEXICO BRAKE PLANT ASSET BIDDING PROCEDURES ORDER")

Upon the motion, dated June 15, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (i) approving the bidding procedures set forth herein and attached hereto as Exhibit 1 (the "Bidding Procedures"), (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing (the "Sale Hearing") in connection with the sale (the "Sale") of certain assets of Delphi Automotive Systems LLC ("DAS LLC") and Delphi Sistemas de Energia, S.A. de C.V. (collectively with DAS LLC, the "Sellers") comprising substantially all of the assets used in the brake and chassis modules product lines in a manufacturing plant located in Saltillo, Mexico (the "Mexico Brake Plant Business"), including the machinery, equipment, inventories, personnel and medical

records, water well rights, and all other assets of DAS LLC to be sold to the Purchasers (as defined below) pursuant to the Agreement (the "Acquired Assets") related to the Mexico Brake Plant Business for $15.0 million and other consideration, free and clear of liens, claims, and encumbrances related to assets being sold by DAS LLC, to Robert Bosch LLC and Frenados Mexicanos S.A. de C.V. (together with Bosch, the "Purchasers") pursuant to the Asset Sale And Purchase Agreement, dated June 14, 2007, by and among the Sellers and the Purchasers (the "Agreement")[1] or to the Successful Bidder (as hereinafter defined) submitting a higher or otherwise better bid. The Sale would include the assumption and assignment of certain prepetition executory contracts and unexpired leases (the "Assumed Contracts") and the assignment of certain postpetition executory contracts and unexpired leases (the "Postpetition Contracts," and together with the Assumed Contracts, the "Transferred Contracts") to the Purchasers or the Successful Bidder, and the assumption of certain liabilities (the "Assumed Liabilities") by the Purchasers or the Successful Bidder; and upon the record of the Hearing on the Motion; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

C. The relief requested in the Motion is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest.

D. The notice given by DAS LLC of the Motion and the Hearing constitutes due and sufficient notice thereof.

E. DAS LLC has articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) grant certain bid protections as provided in the Agreement, (iii) approve the manner of notice of the Motion, the Sale Hearing, and the assumption and assignment of the Assumed Contracts, (iv) approve the form of notice of the Motion and the Sale Hearing to be distributed to creditors and other parties-in-interest, including prospective bidders, (v) approve the form of notice of the Cure Amounts (as defined below) and the assumption of the Assumed Contracts to be filed with the Court and served on parties to each Assumed Contract, and (vi) set the Sale Hearing.

F. DAS LLC's payment to the Purchasers (as set forth in the Agreement) of the Break-Up Fee and the Expense Reimbursement (collectively, the "Bid Protections") (i) is an actual and necessary cost and expense of preserving its estate, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) is of substantial benefit to its estate, (iii) is reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Purchasers notwithstanding that the proposed Sale is subject to higher or better offers for the Acquired Assets, (iv) was negotiated by the parties at arms' length and in good faith, and (v) is necessary to ensure that the Purchasers will continue to pursue their proposed

3

acquisition of the Acquired Assets. The Bid Protections were a material inducement for, and condition of, the Purchasers' entry into the Agreement. The Purchasers are unwilling to commit to hold open their offer to purchase the Acquired Assets under the terms of the Agreement unless they are assured of payment of the Bid Protections. Thus, assurance to the Purchasers of payment of the Bid Protections has promoted more competitive bidding by inducing the Purchasers to hold their bid open. Without the Bid Protections, other bidding would have been limited. Further, because the Bid Protections induced the Purchasers to submit a bid that will serve as a minimum or floor bid on which other bidders can rely, the Purchasers have provided a benefit to DAS LLC's estate by increasing the likelihood that the price at which the Acquired Assets are sold will reflect their true worth. Finally, absent authorization of the Bid Protections, DAS LLC may lose the opportunity to obtain the highest or otherwise best available offer for the Acquired Assets.

G.    The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Acquired Assets.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

Bidding Procedures

1.    The Bidding Procedures, as set forth on <u>Exhibit 1</u> attached hereto and incorporated herein by reference as if fully set forth in this Order, are hereby approved and shall govern all proceedings relating to the Agreement and any subsequent bids for the Acquired Assets in these cases.

2.    The Sellers may: (a) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer, (b) consult with the representative of

4

any official committee or significant constituent in connection with the Bidding Procedures, and (c) reject, at any time before entry of an order of the Court approving a Qualified Bid, any bid (other than the Purchasers' bid) which, in the Sellers' sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of DAS LLC, its estate, and its stakeholders.  DAS LLC is authorized (x) to terminate the Bidding Process or the Auction at any time if it determines, in its business judgment, that the Bidding Process will not maximize the value of the Acquired Assets to be realized by DAS LLC's estate and (y) seek Bankruptcy Court approval of the Agreement with Purchasers.

Sale Hearing

3. The Court shall hold a Sale Hearing on July 19, 2007 at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at which time the Court shall consider the Motion, the Successful Bidder, and confirm the results of the Auction, if any.  Objections to the Motion, if any, shall be filed and served no later than 4:00 p.m. (prevailing Eastern time) on July 12, 2007 (the "Objection Deadline").

4. The failure of any objecting person or entity to timely file its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, or DAS LLC's consummation and performance of the Agreement (including the transfer of the Acquired Assets and Transferred Contracts free and clear of liens, claims, and encumbrances), if authorized by the Court.

5.      The Sale Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

Bid Protections

6.      The Bid Protections, as more fully described in the Motion and the Agreement, are hereby approved.  DAS LLC's obligation to pay the Bid Protections, as provided by the Agreement, shall survive termination of the Agreement and, until paid, shall constitute a superpriority administrative expense claim.  DAS LLC shall be authorized to pay the Bid Protections to the Purchasers in accordance with the terms of the Agreement without further order of the Court.

Notice

7.      Notice of (a) the Motion, (b) the Sale Hearing, and (c) the proposed assumption and assignment of the Assumed Contracts to the Purchasers pursuant to the Agreement or to a Successful Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

(a)     <u>Notice Of Sale Hearing</u>.  On or before June 29, 2007 (the "Mailing Date"), DAS LLC (or its agent) shall serve the Motion, the Agreement, the proposed Sale Approval Order, the Bidding Procedures, and a copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past six months, (ii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon the Acquired Assets, (iii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion, (iv) all parties to the Assumed Contracts, (v) all parties to the Postpetition Contracts, (vi) the United States Attorney's office, (vii) the Securities and Exchange Commission, (viii) the Internal Revenue Service, (ix) all entities which filed a notice of appearance or request for notice in these cases, and (x) counsel to the official

committee of unsecured creditors and the official committee of equity security holders appointed in these cases.

(b) <u>Cure Notice</u>. On or before July 6, 2007 DAS LLC shall file with the Court and serve on all non-Debtor parties to the Assumed Contracts a notice (the "Cure Notice"), substantially in the form attached hereto as <u>Exhibit 2</u>, of the cure amount necessary to assume the Assumed Contracts (the "Cure Amount"). Each non-Debtor party to the Assumed Contracts shall have ten days from the service of the Cure Notice to object to the Cure Amount and must state in its objection with specificity what Cure Amount is required (with appropriate documentation in support thereof). If no objection is timely received, the Cure Amount set forth in the Cure Notice shall be controlling, notwithstanding anything to the contrary in any Assumed Contract or any other document, and the non-Debtor party to a Assumed Contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims against DAS LLC, the Purchasers, or the Successful Bidder (as appropriate), or the property of any of them, as to such Assumed Contract.

(c) <u>Assumption/Assignment Notice For Purchasers</u>. On or before July 6, 2007, DAS LLC shall file with the Court and serve on all non-Debtor parties to the Transferred Contracts a notice (the "Purchasers Assumption/Assignment Notice"), substantially in the form of the notice attached hereto as <u>Exhibit 3</u>, identifying the Purchasers as the parties which will be assigned all of the Debtors' rights, title, and interest in the Transferred Contracts, subject to completion of the bidding process provided under the Bidding Procedures. The non-Debtor party to the Assumed Contracts shall have ten days from the service of the Purchasers Assumption/Assignment Notice to object to the proposed assumption and assignment to the Purchasers and must state in its objection, with specificity, the legal and factual basis of its objection. If no objection is timely received, the non-Debtor party to the Assumed Contract shall be deemed to have consented to the assumption and assignment of the Assumed Contract to the Purchasers and shall be forever barred from asserting any objection with regard to the assumption and assignment.

(d) <u>Assumption/Assignment Notice For Qualified Bidders</u>. On or before July 11, 2007, DAS LLC shall cause a notice (the "Qualified Bidder Assumption/Assignment Notice"), substantially in the form of the notice attached hereto as <u>Exhibit 4</u>, to be sent to each non-Debtor party to a Transferred Contract identifying all Qualified Bidders. The non-Debtor party to the Assumed Contract shall have ten days from the service of the Qualified Bidder Assumption/Assignment Notice to object to the proposed assumption and assignment to any Qualified Bidder and must state in its objection, with specificity, the legal and factual basis of its objection. If no objection is timely received, the non-Debtor party to the Assumed Contract shall be deemed to have consented to the assumption and assignment of the Assumed Contract to the Purchasers or any Qualified Bidder and shall be forever barred from asserting any objection with regard to the assumption and assignment.

(e) <u>Publication Notice</u>. On or before the Mailing Date, or as soon thereafter as is practicable, the Debtors shall cause notice substantially in the form of the

7

notice attached hereto as Exhibit 5, to be published in the national editions of the <u>Wall Street Journal</u> (International Edition), the <u>New York Times</u>, and <u>El Norte</u>.

        8.       This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

        9.       The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
           June <u>29</u>, 2007

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE