UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
    In re                               :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
:
                    Debtors.     :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 MODIFYING
CERTAIN CLAIMS IDENTIFIED IN THIRTEENTH OMNIBUS CLAIMS OBJECTION ON
<u>EXHIBITS E-1 AND E-2</u>

("THIRTEENTH OMNIBUS CLAIMS OBJECTION
ORDER – EXHIBITS E-1 AND E-2")

        Upon the Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims

Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance

Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax

Claims, And (f) Claims Subject To Modification, Tax Claims Subject To Modification, And

Claims Subject To Modification And Reclamation Agreement, dated April 27, 2007 (the

"Thirteenth Omnibus Claims Objection"),[1] of Delphi Corporation and certain of its subsidiaries

and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the record of the hearing held on the Thirteenth Omnibus Claims Objection;

and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirteenth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.    Each holder of a claim (as to each, a "Claim") listed on Exhibits E-1 and E-2 attached hereto was properly and timely served with a copy of the Thirteenth Omnibus Claims Objection, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), a personalized Notice Of Objection To Claim, the proposed order in respect of the Thirteenth Omnibus Claims Objection, and notice of the deadline for responding to the Thirteenth Omnibus Claims Objection. No other or further notice of the Thirteenth Omnibus Claims Objection is necessary.

      B.    The Court has jurisdiction over the Thirteenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirteenth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirteenth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    The Claims listed on Exhibit E-1 hereto (a) are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured, administrative, or priority status (the "Claims Subject To Modification").

      D.    The Tax Claims listed on Exhibit E-2 hereto (a) state the incorrect amount, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) assert secured or

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

unsecured priority status without sufficient documentation to support such status (collectively, the "Tax Claims Subject To Modification").

    E.  The relief requested in the Thirteenth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit E-1[3] hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit E-1 shall be entitled to (a) a recovery for any Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-1, subject to the Debtors' right to further object to each such Claim Subject To Modification.  The Claims Subject To Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

---

[3] The Claims listed on Exhibits A-1, A-2, B-1, B-2, C, D-1, D-2, and E-3 to the Thirteenth Omnibus Claims Objection were disallowed and expunged, modified, or adjourned to a future hearing date, as the case may be, pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement Identified in the Thirteenth Omnibus Claims Objection (Docket No. 8194) entered June 6, 2007 (the "Thirteenth Omnibus Claims Objection Order").  Pursuant to the Thirteenth Omnibus Claims Objection Order, this Court adjourned the hearing with respect to all Claims listed on Exhibits E-1 or E-2 to the Thirteenth Omnibus Claims Objection to June 26, 2007.

2. Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit E-2 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified." No Claimant listed on Exhibit E-2 shall be entitled to (a) a recovery for any Tax Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit E-2, and/or (c) assert a claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-2, subject to the Debtors' right to further object to each such Tax Claim Subject To Modification. The Tax Claims Subject To Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest. For clarity, Exhibit G displays the formal name of each of the Debtor entities and their associated bankruptcy case numbers referenced on Exhibits E-1 and E-2.

3. With respect to each Claim for which a Response to the Thirteenth Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits F-8, and F-9 hereto, the hearing regarding the objection to such Claims is adjourned to a future hearing date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely filed or otherwise deficient under the Claims Objection Procedures Order.

4. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to claims that are the subject of the Thirteenth Omnibus Claims Objection.

4

5. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

6. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirteenth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

7. Each of the objections by the Debtors to each Claim addressed in the Thirteenth Omnibus Claims Objection and set forth on Exhibits F-8 and F-9 thereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirteenth Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

8. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

9. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Thirteenth Omnibus Claims Objection.

Dated: New York, New York
       June 29, 2007

                                    /s/Robert D. Drain
                                UNITED STATES BANKRUPTCY JUDGE