UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
    In re                                   :        Chapter 11
: 
DELPHI CORPORATION, et al.,       :        Case No. 05-44481 (RDD)
: 
                     Debtors.     :        (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CERTAIN (A) INSUFFICIENTLY DOCUMENTED
CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C)
UNTIMELY CLAIMS AND UNTIMELY TAX CLAIM, AND (D) CLAIMS SUBJECT TO
MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED
CLAIMS ASSERTING RECLAMATION IDENTIFIED IN FIFTEENTH
OMNIBUS CLAIMS OBJECTION

("FIFTEENTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation, dated May 22, 2007 (the "Fifteenth Omnibus Claims Objection"),[1] of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Fifteenth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Fifteenth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

        A.       Each holder of a claim (as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim")) listed on Exhibits A, B-1, B-2, C, D-1, D-2, and D-3 hereto was properly and timely served with a copy of the Fifteenth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Fifteenth Omnibus Claims Objection, and notice of the deadline for responding to the Fifteenth Omnibus Claims Objection. No other or further notice of the Fifteenth Omnibus Claims Objection is necessary.

        B.       The Court has jurisdiction over the Fifteenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Fifteenth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Fifteenth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        C.       The Claims listed on Exhibit A hereto contain insufficient documentation to support the Claims asserted (the "Insufficiently Documented Claims").

        D.       The Claims listed on Exhibit B-1 hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

   E. The Claims listed on <u>Exhibit B-2</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records and were also untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claims").

   F. The Claims listed on <u>Exhibit C</u> hereto were untimely filed pursuant to the Bar Date Order (the "Untimely Claims").

   G. The Claims listed on <u>Exhibit D-1</u> hereto (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status (the "Claims Subject To Modification").

   H. The Tax Claims listed on <u>Exhibit D-2</u> hereto (a) are overstated, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) assert secured or priority status without sufficient documentation to support such status (collectively, the "Tax Claims Subject To Modification").

   I. The Claims listed on <u>Exhibit D-3</u> hereto (a) (i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtors, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant

3

Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claims Asserting Reclamation").

   J.  The relief requested in the Fifteenth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1.  Each Insufficiently Documented Claim listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.

   2.  Each Books And Records Claim listed on Exhibit B-1 hereto is hereby disallowed and expunged in its entirety.

   3.  Each Untimely Books And Records Claim listed on Exhibit B-2 hereto is hereby disallowed and expunged in its entirety.

   4.  Each Untimely Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

   5.  Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit D-1 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit D-1 shall be entitled to (a) a recovery for any Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit D-1, subject to the Debtors' right to further object to each such Claim Subject to Modification.  The Claims Subject to

4

Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

    6.  Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit D-2 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit D-2 shall be entitled to (a) a recovery for any Tax Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit D-2, subject to the Debtors' right to further object to each such Tax Claim Subject to Modification.  The Tax Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

    7.  Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit D-3 hereto is hereby revised to the amount and classification listed as the "Claim As Modified."  No Claimant listed on Exhibit D-3 shall be entitled to (a) a recovery for any Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit D-3, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit D-3, subject to the Debtors' right to further object to each such Modified Claim Asserting Reclamation.  The Modified Claims Asserting Reclamation shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest. For

clarity, Exhibit F hereto displays the formal name of each of the Debtor entities and their associated bankruptcy case numbers referenced on Exhibits D-1, D-2, and D-3.

8. With respect to each Claim for which a Response to the Fifteenth Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits E-1, E-2, E-3, E-4, E-5, E-6, and E-7 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future hearing date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

9. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Fifteenth Omnibus Claims Objection.

10. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

11. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Fifteenth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

12. Each of the objections by the Debtors to each Claim addressed in the Fifteenth Omnibus Claims Objection attached hereto as Exhibits E-1, E-2, E-3, E-4, E-5, E-6, and E-7 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Fifteenth Omnibus Claims Objection. Any stay of this order shall apply only to the contested

6

matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

13. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

14. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Fifteenth Omnibus Claims Objection.

Dated: New York, New York
       June <u>29</u>, 2007

                                                                             ___/s/Robert D. Drain_____
                                                                             UNITED STATES BANKRUPTCY JUDGE