UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | CASE NO. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | CLAIM #9956 |

_____

DAMAGES BRIEF OF CLAIMANT
JOSEPH RENO
_____

Introduction

In a bifurcated proceeding, this Court has previously allowed those claims of former Delphi Corporation employee Joseph Reno arising from both the Employee Retirement Income Security Act of 1974 ("ERISA Claim") and the Consolidated Omnibus Reconciliation Act, 29 U.S.C. Sections 1161-68 ("COBRA Claim"). This Damages Brief of Claimant Joseph Reno addresses only the four remaining issues of (1) ERISA Damages, (2) COBRA Penalty, (3) Statutory Attorney's Fees, and (4) costs.

ERISA Damages

It is Reno's understanding and belief that the Debtor Delphi Corporation ("Delphi") does not contest the amount of Reno's ERISA damages, i.e. Five Thousand Four Hundred Thirty-Three Dollars and Fifty-Two Cents ($5,433.52). For purposes of interest calculation, this amount of damages was determined by subtracting the lump sum pension pay-out ultimately

made ($150,987.40) from the lump sum value thereof on April 12, 2004 ($156,420.92) when said vested pension was first calculated by Delphi and denied to Reno. Accordingly, Reno requests ERISA damages in the sum of $5,433.52 plus interest at the statutory rate from the date of April 12, 2004.

COBRA Penalty

Delphi has been on actual notice of its COBRA violation and penalty liability since Reno first filed a formal Complaint in federal court in Dayton, Ohio, on September 2, 2004 (Case No. 3:04CV0321, U.S. District Court, S.D. Ohio). At any time thereafter, Delphi could have avoided and/or mitigated the penalty for its illegal conduct by restoring Reno's family insurance plan coverage. Delphi knowingly took the risk of not doing so, and therefore should be assessed the maximum $110/day penalty for an 18-month period (i.e. $60,225). See eg Cooper v. Harbour Inns of Baltimore, Inc., 2000 U.S. Dist. LEXIS 4284 (D. Md. Mar 20, 2000) (COBRA penalty ends on date defendant restores plaintiff's coverage). Under these circumstances, anything less than the maximum penalty would reward Delphi for its illegal conduct and would encourage similarly-situated parties to ignore their COBRA law responsibilities. Also, it should be noted that when Delphi denied Reno a COBRA continuation of his family insurance plan, he was not the only one touched by Delphi's animus.

Statutory Attorney's Fees

Claimant Joseph Reno has doubly prevailed in this litigation under federal laws (i.e. ERISA and COBRA) which expressly provide for reasonable attorney's fees within the Court's discretion. These attorney's fees have already been itemized and filed with this Court in the

2

"Application and Affidavit Regarding Bill of Costs and Statutory Attorney Fees for Claimant Joseph Reno". The total amount of these attorney's fees ($85,334.09 . . . 502.25 hours @ $165-$175) is reasonable given the fact that they involve almost three (3) years of litigation, first preparing the case for trial in the U.S. District Court for the Southern District of Ohio, and then, with Delphi solely responsible, starting over, with new counsel for Delphi, in this Court.

Counsel for Delphi is expected to argue for a reduction in these fees based upon some sort of mathematical formula between Reno's successful claims and the total claims raised. A similar argument was rejected by the Sixth Circuit as follows:

> "[A] court should not reduce attorney fees based on a simple ratio of successful claims to claims raised. When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced."

Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tenn., 421 F.3d 417, 423 (6th Cir. 2005), cert. denied, 126 S.Ct. 2916 (2006) (quoting Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1169 (6th Cir. 1996) (citation omitted)). "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee. The result is what matters." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (footnote omitted)).

It is beyond dispute that Reno's successful claims in the case at bar were based upon "a common core of facts" and "related legal theories" and therefore there should be no reduction of statutory attorney's fees. See Deja Vu, 411 F.3d at 423. See also Hollingsworth v. Time Warner Cable, 168 Ohio App.3d 658 (2006) (Ohio case in which an award of $80,000 of attorney's fees for 2 ½ years of litigation was reinstated by the appellate court because the plaintiff's successful claims "involve a common core of facts or [were] based on related legal theories").

Given the narrow scope of this Damages Brief, Reno will reserve (for a possible Reply

3

Brief) any argument directed at relitigating the liability issues in this case. At this time, Claimant Reno asks only that his Application for Statutory Attorney's Fees be considered in light of the Court's experience and sound discretion.

Costs

Similar to the amount of ERISA Damages discussed above, it is Reno's understanding and belief that Delphi does not contest the amount of Reno's costs, i.e. Five Thousand Eight Hundred Thirty-Nine Dollars and Eighty-One Cents ($5,839.81). A Bill of Costs is set forth and documented in the Application and Affidavit Regarding Bill of Costs and Statutory Attorney Fees for Claimant Joseph Reno previously filed with this Court.

Conclusion

In summary, Claimant Joseph Reno prays for the following relief:

A. An award of ERISA damages in the amount of Five Thousand Four Hundred Thirty-Three Dollars and Fifty-Two Cents ($5,433.52) plus interest at the statutory rate from the date of April 12, 2004;

B. An award of COBRA penalties in the amount of Sixty Thousand Two Hundred Twenty-Five Dollars ($60,225);

C. An award of statutory attorney's fees in the amount of Eighty-Five Thousand Three Hundred Thirty-Four Dollars and Nine Cents ($85,334.09); and

D. An award of costs in the amount of Five Thousand Eight Hundred Thirty-Nine Dollars and Eighty-One Cents ($5,839.81).

Respectfully submitted,

<u>s/Brad A. Chalker</u>
Brad A. Chalker (0011992)
Law Offices of Brad A. Chalker LLC
848-C East Franklin St.
P.O. Box 750726
Dayton, OH 45475
Attorney for Claimant,
Joseph Reno

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ordinary U.S. First Class Mail on this 29th day of June 2007 to the following:

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Dr., Suite 2100
Chicago, IL 60606
John Wm. Hogan III
Albert L. Hogan III
John K. Lyons
Rone E. Meisler

and

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.
Debtors and Debtors-in Possession

s/Brad A. Chalker
Brad A. Chalker