SMITH, KATZENSTEIN & FURLOW LLP
800 Delaware Avenue, 10th Floor
The Corporate Plaza
800 Delaware Avenue
Wilmington, Delaware 19801
Kathleen M. Miller (DE 2898)

**Hearing Date: July 19, 2007 at 10:00 am**
**Objection Deadline: July 12, 2007 at 4:00 pm**

Attorneys for Airgas East, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)
                                         :
         Debtors.                        :    (Jointly Administered)
                                         :
                                         :    **Re: Docket No. 8270**
------------------------------------------------------------x

RESPONSE TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) INSURANCE CLAIM NOT REFLECTED ON DEBTORS' BOOK AND RECORDS, (D) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION

Airgas East, Inc. ("Airgas"), by and through its undersigned counsel hereby responds to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claim Not Reflected on Debtors' Book and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (the "Objection") and in support thereof respectfully represents as follows:

05273\MOT\10027711.WPD

1.    On or about July 28, 2006, Airgas filed claim numbers 14278 and 14279 (collectively, the "Claims"). Claim number 14278 was filed in the amount of $18,704.93. A copy of claim number 14278 is attached as Exhibit A. Claim number 14279 was filed in the amount of $3,649.48. A copy of claim number 14279 is attached as Exhibit B. Attached to the Claims are invoices and delivery orders showing products and services delivered to the Debtors. Also attached to the Claims are spreadsheets summarizing the invoice date, invoice number, proof of delivery number, invoice amount and type of product or service.

2.    In stark contrast to the detailed information provided by Airgas in support of the Claims, the Debtors offer nothing in support of the Objection. It is well settled that a claimant's proof of claim is entitled to the presumption of *prima facie* validity until an objecting party offers *evidence* to refute it. *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832065, at * 4 (Bankr. S.D.N.Y. Dec. 29, 2005) *citing In re Allegheny Int'l. Inc.*, 954 F.2d. 167, 174 (3d Cir.1992). "In practice, the objector must produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* Here, there has been no offering of evidence by anyone other than Airgas. The undersigned attempted to confer with Debtors' counsel in order to reconcile the Objection to the Claims. In response, counsel was informed that no such analysis would be preformed absent a formal written response. Contrary to the Debtors' apparent position on where the burden of going forward lies, unless the Debtors introduce evidence as to the invalidity of the claim or the excessiveness of its amount, Airgas need offer no further proof of the merits of the Claims.

3.    Without analysis or support, the Debtors seek to reduce claim number 14278 from $18,704.93 to $13,927.33. (Objection ¶ 35). As set forth above, how this amount was

determined, which, if any, invoices are affected is unknown. In an attempt to reconcile the Objection with the Claim absent any input from the Debtors as to the true basis for the Objection, Airgas has reviewed its books and records concerning claim number 14278 and found a small discrepancy: invoice number 245151 in the amount of $2,395.36 was paid. Thus, claim number 14278 should be modified to $16,309.57. If the Debtors seek further reduction of this claim, more than bald assertions need be made to support such a request.

4. Again without any analysis or support, the Debtors seek to disallow claim number 14279 in its entirety. (Objection ¶ 28). As with claim number 14278, nowhere do the Debtors attempt to show which invoice or which delivery receipt may be in dispute. It is this missing information that is required to reconcile the claim. Airgas has diligently reviewed its books and records. No discrepancy exists. Airgas is owed $3,649.48 for the products provided as evidenced by the detailed invoices and delivery receipts attached to the claim.

5. Any reply by the Debtors or future notices concerning the Objection should be sent to the attention of the undersigned counsel at the address below.

WHEREFORE, Airgas requests that the Debtors' Objection be denied as to the Claims expect to the extent that claim number 14278 may be modified to $16,309.57.

Dated: July 3, 2007
Wilmington, Delaware

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (ID No. 2898)
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899
Tel: (302) 652-8400
Fax: (302) 652-8405
Email: kmiller@skfdelaware.com
Attorneys for Airgas East, Inc.