Hearing Date and Time: July 19, 2007 at 10:00 AM
Response Date and Time: July 12. 2007 at 4:00 PM

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois  60606
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700

Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York  10017-1922
Telephone:  (212) 547-5400
Fax:  (212) 547-5444

*Counsel for Motorola, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| Debtors. | : (Jointly Administered) |

**RESPONSE OF MOTOROLA, INC. TO THE**
**DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS**

Motorola, Inc. ("**Motorola**"), by and through their undersigned counsel, hereby submit this response (the "**Response**") to the Debtors' Seventeenth Omnibus Objection to Claims (the "**Seventeenth Objection**").

1.  On October 8, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi Corp.**"), Delphi Automotive Systems, LLC ("**Delphi Automotive**"), and certain related entities (collectively, "**Delphi**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court

for the Southern District of New York. Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2. Motorola has filed claim number 2402.

3. By this response, Motorola objects on a limited basis to the Debtors' proposed treatment of claim number 2402 as proposed in the Seventeenth Objection.[1]

### Claims Against the Debtors

4. On or about March 21, 2001, Delphi and Motorola executed the "Additional Purchase Order Provisions Long Term Contract" (the "**Agreement**") by which Delphi agreed to purchase approximately 100% of its production and service requirements for the Products (as defined in the Agreement) from Motorola.

5. From inception of the Agreement through the Petition Date, Motorola performed services and delivered goods (the "**Goods**") to Delphi pursuant to the Agreement. As of the Petition Date, Delphi owed Motorola $2,537,751.52 (the "**Claim Amount**") pursuant to the Agreement.

6. On October 11, 2005, Motorola timely demanded return of certain Goods subject to reclamation pursuant to Section 546(c) of the Bankruptcy Code (the "**Reclamation Demand**"). Motorola has since reconciled its books and records and identified Goods which remain subject to the Reclamation Demand totaling not less than $750,487.44 (the "**Reclamation Claim**").

7. Based on the foregoing, Motorola asserted the Claim Amount in claim number 2402 as: (a) a general unsecured claim totaling not less than $1,787,025.08; and (b) a (i) secured

---

[1] The Respondents rely upon their proof of claim and the agreements and other documents attached thereto to support their claim. These materials have not been submitted with this Response but are available from the

claim pursuant to Section 507(a)(1) of the Bankruptcy Code totaling not less than $750,487.44 or (ii) alternatively an administrative expense claim pursuant to Section 503 of the Bankruptcy Code totaling not less than $750,487.44.

**ARGUMENT**

**In The Seventeenth Objection, The Debtors Have Not Met Their Burden To Revise or Reclassify the Claim Amount.**

8. In contesting the claim number 2402 in the Seventeenth Objection, the Debtors have argued that claim number 2402 should be revised as to the asserted amount and classification as follows: (a) a priority unsecured claim in the amount of $39,060.00; and (b) a general unsecured claim in the amount of $2,377,036.88, for a total amount of $2,516,096.88.

9. Motorola will stipulate that the total amount of the claim is $2,516,096.88, however, counsel for both Motorola and Delphi have been in discussions for several months as to the final amount of the priority claim currently at $39,060.00. Those discussions have been ongoing so that the parties could reach an amicable resolution.

10. A timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount. See Fed. R. Bankr. P. 3001(f); see also McGee v. O'Connor (In re O'Connor), 153 F.3d 258, 260-261 (5th Cir. 1998); In re Mid-Am. Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

11. A party objecting to a timely and properly filed proof of claim bears the initial burden of presenting "*enough evidence* to overcome the *prima facie* effect of the claim." O'Connor, 153 F.3d at 261 (emphasis added); In re Mid-Am. Waste Sys., Inc., 284 B.R. at 65

---

Motorola upon request. All of these materials have been previously submitted to the Debtors.

(objecting party must present "*sufficient evidence* to overcome the presumed validity and amount of the claim") (emphasis added). The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." See In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985); In re Alleghany Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

12. By merely stating that the claims should be revised as to the asserted amount and classification, the Debtors have not met their burden of presenting "enough evidence" to overcome the presumptive validity of the timely and properly supported claims of Motorola and the parties have continued to be in discussions as to the priority amount of the claim. For these reasons, this Court should adjourn the Seventeenth Objection as to claim number 2402 and allow the parties to conclude their negotiations.

13. The Respondents reserve all other rights and remedies under the Bankruptcy Code and other applicable law.

CHI99 4848782-1.034764.0216

WHEREFORE, Motorola respectfully requests that the Court adjourn the Seventeenth Objection as to claim number 2402 and grants Motorola such other relief as the Court deems just and proper.

Dated: July 6, 2007

                Respectfully submitted,
                **McDermott Will & Emery LLP**

                By: /s/ Gary O. Ravert
                Gary O. Ravert (GR-3091)
                340 Madison Avenue
                New York, New York 10017-1922
                Telephone: (212) 547-5400
                Fax: (212) 547-5444

                Peter A. Clark
                Jason J. DeJonker
                227 West Monroe Street
                Chicago, Illinois 60606
                Telephone: (312) 372-2000
                Facsimile: (312) 984-7700

                ***Counsel for Motorola, Inc.***