**Hearing Date and Time: July 19, 2007 at 10:00 AM**
**Response Date and Time: July 12. 2007 at 4:00 PM**

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois  60606
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700

Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York  10017-1922
Telephone:  (212) 547-5400
Fax:  (212) 547-5444

*Counsel for Temic Automotive of*
*North America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------ X | |
| In re | : Chapter 11 |
| | : |
| DELPHI CORPORATION, <u>et al</u>., | : Case No. 05-44481 (RDD) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| ------------------------------------------------ X | |

### RESPONSE OF TEMIC AUTOMOTIVE OF NORTH AMERICA, INC. TO THE DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS

Temic Automotive of North America, Inc. ("**Temic,**"), by and through its undersigned counsel, hereby submit this response (the "**Response**") to the Debtors' Seventeenth Omnibus Objection to Claims (the "**Seventeenth Objection**").

1.     On October 8, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi Corp.**"), Delphi Automotive Systems, LLC ("**Delphi Automotive**"), and certain related entities (collectively, "**Delphi**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of

Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2.     Motorola, Inc. ("**Motorola**") filed claim numbers 8398, 8397, 8399, 8396, 8391, 8392, 8393, 8394, and 2402.

3.     On July 2, 2006, Motorola completed a transaction whereby certain of its assets were sold to Temic. As part of such sale, the claims related to claim numbers 8396, 8398, and 8399 against Delphi Corp. and proofs of claim numbers 8391, 8393, and 8394 against Delphi Automotive were assigned by Motorola to Temic. Claims with respect to proof of claim numbers 8397 against Delphi Corp. and 8392 against Delphi Automotive were retained by Motorola. Temic and Motorola have filed appropriate notices of the transfer of such claims with this Court.

4.     By this response, Temic objects to the Debtors' treatment of claim number 8391[1] as proposed in the Seventeenth Objection.[2]

### Claims Against the Debtors

5.     The claims asserted in claim number 8391 arises from Delphi's prepetition breach of a long-term contract for the development, manufacture, sale and purchase of automobile parts for use in the Delphi "2006 GMT-900 Quadrasteer" program.

6.     On or about November 1, 2002, Delphi and Motorola executed the "Additional Purchase Order Provisions Long Term Contract," (the "**Agreement**"), by which Delphi agreed to

---

[1]    The Order issued pursuant to Debtors' Second Omnibus Objection to Claims (the "**Second Objection**") consolidated claim number 8398 into claim number 8391.

[2]    Temic relies upon its proof of claim and the Agreement, as defined herein, attached thereto to support its claim. These materials have not been submitted with this Response but are available from Temic upon request. All

-2-

purchase from Motorola 100% of its production and service requirements for the Products (as defined in the Agreement) related to the Quadrasteer program.

7.  The term of the Agreement was "thru calendar year 2011 for OEM production thru calendar year 2027 for 15-year service requirement." Agreement, §2. The Agreement states that "[Motorola] will sell to Buyer all Product necessary to fulfill Buyer's service and replacement part obligations during the applicable OEM Production Purchaser Prior (sic) at the then current production pricing under the contract plus any cost differential for packaging." Agreement, §4. Additionally, "[a]fter the applicable OEM production purchase period ends, Seller will sell Product to Buyer to fulfill Buyer's past model service and replacement requirements for a minimum of 15 years." Agreement, §4. Further, paragraph (4)(c) of the "Conditions of Sale" incorporated and made part of the Agreement provides that "[i]f Motorola terminates this Agreement for default, or if Buyer terminates this Agreement for convenience, Buyer will pay to Motorola a cancellation charge consisting of Motorola's incurred costs, committed costs and a reasonable contract profit."

8.  Motorola performed under the Agreement beginning in 2002 by, among other things, preparing engineering specifications for the Products, manufacture of a sample delivery of the Products, software design, tooling of equipment, and making other significant capital investments required for the manufacture and sale of the Products to Delphi.

9.  Despite repeated requests for performance by, and notice to, Delphi of its obligations under the Agreement, Delphi failed to purchase the Products and otherwise perform as required. Delphi's omissions and failures constitute a default and material breach of the Agreement that has caused damage to Temic for which Delphi is liable at law and in equity.

---

supporting materials have been previously submitted to the Debtors.

-3-

CHI99 4848524-1.076532.0010

10.     Motorola's damages total not less than $8,385,154, comprised of (a) engineering costs of $4,152,864, (b) capital costs of $708,088 and (c) lost profits of $3,524,201 (collectively, the "**Claim Amount**").  Based on the foregoing, Motorola asserted the Claim Amount as an unsecured non-priority claim in claim number 8391.  Counsel for both Temic and Delphi have been in ongoing discussions for several months to resolve this matter and those discussions were not concluded by either party at the time of the Seventeenth Objection.

## ARGUMENT

**In The Seventeenth Objection, The Debtors Have Not Met Their Burden To Disallow the Claims.**

11.     In contesting the claim number 8391 in the Seventeenth Objection, the Debtors have argued that claim number 8391 should be disallowed and expunged because the claim asserts liabilities or dollar amounts that are not reflected on the Debtors' books and records. However, as set forth above, the basis of claim number 8391 is breach of the Agreement and is probably not the sort of claim that would be reflected on the Debtors' books and records because the claim is contingent and unliquidated.  However, the claim is listed in the Debtors' schedules.

12.     The mere fact that claim number 8391 is contingent and unliquidated does not render it unenforceable.  The procedure for addressing contingent and unliquidated claims is set forth in Bankruptcy Code section 502(c), which requires the court to estimate any claim when actual liquidation of the claim would unduly delay administration of the estate.  "The essence of section 502(c) is that 'all claims against the debtor be converted into dollar amounts.'"  4 Collier on Bankruptcy ¶ 502.04[1], at 502-53 (15th ed.) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 354 (1977), reprinted in 1978 U.S.C.C.A.N. at p. 6310).

13.     Bankruptcy Code section 502 makes no provision for the disallowance of a contingent claim based on any contingency.  To the contrary, Bankruptcy Code section 502(b)(1)

-4-

provides that the bankruptcy court may disallow a claim to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable *for a reason other than because such claim is contingent or unmatured.*"  11 U.S.C. § 502(b)(1) (emphasis added);  see also In re Lamarre, 269 B.R. 266 (Bankr. D. Mass. 2001) ("[S]ection 502(b)(1) prohibits the disallowance of contingent or unmatured claims if the disallowance is based solely on the contingent or unmatured nature of the claim").

14.    Here, the Debtors have not requested that this Court estimate claim number 8391. Therefore, claim number 8391 should not be disallowed at this juncture and the parties should continue with their discussions to reach a resolution.

15.    A timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount.  See Fed. R. Bankr. P. 3001(f); see also McGee v. O'Connor (In re O'Connor), 153 F.3d 258, 260-261 (5th Cir. 1998); ); In re Mid-Am. Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim.  If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

16.    A party objecting to a timely and properly filed proof of claim bears the initial burden of presenting "*enough evidence* to overcome the *prima facie* effect of the claim." O'Connor, 153 F.3d at 261 (emphasis added); In re Mid-Am. Waste Sys., Inc., 284 B.R. at 65 (objecting party must present "*sufficient evidence* to overcome the presumed validity and amount of the claim") (emphasis added).  The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim."  See In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985); In re Alleghany Int'l, Inc., 954 F.2d 167, 173 (3d

Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

17. By merely stating that the claims should be disallowed and expunged, the Debtors have not met their burden of presenting "enough evidence" to overcome the presumptive validity of the timely and properly supported claims of Temic. For these reasons, this Court should adjourn the Seventeenth Objection as to claim number 8391 and the parties should continue their settlement negotiations.

18. Temic reserves all other rights and remedies under the Bankruptcy Code and other applicable law.

WHEREFORE, Temic respectfully requests that the Court adjourn the Seventeenth Objection as to claim number 8391 and grants Temic such other relief as the Court deems just and proper.

Dated: July 6, 2006

Respectfully submitted,
**McDermott Will & Emery LLP**

By: /s/  Gary O. Ravert
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York  10017-1922
Telephone:  (212) 547-5400
Fax:  (212) 547-5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Counsel for Temic Automotive of North America, Inc.*

CHI99 4848524-1.076532.0010