Ilan Markus, Esq. (IM7174)
Tyler Cooper & Alcorn, LLP
555 Long Wharf Drive, 8th Floor
P.O. Box 1936
New Haven, CT 06509-0906
Phone: (203) 784-8200
Fax: (203) 777-1181
imarkus@tylercooper.com

Counsel to Barnes Group Canada Corp.

**Objection Deadline:** July 12, 2007 at 4:00 p.m.
**Hearing Date:** July 19, 2007 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

=========================================x
                                         :
In re:                                   :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)
                                         :
                             Debtors.    :    (Jointly Administered)
=========================================x

**JOINT RESPONSE OF BARNES GROUP CANADA CORP., AS CLAIMANT, AND LONGACRE MASTER FUND, LTD., AS ASSIGNEE, TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) INSURANCE CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION**

Barnes Group Canada Corp. ("Barnes"), as claimant, and Longacre Master Fund, Ltd. ("Longacre"), as assignee, hereby file this joint response (the "Response") to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claims Not Reflected on Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (the "Seventeenth Omnibus Objection").[1] In further support of its Response, Barnes and Longacre respectfully state as follows:

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Seventeenth Omnibus Objection.

1

## BACKGROUND

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On or about July 25, 2006, Barnes filed Claim No. 12829 in this case, in the amount of $90,716.91 (the "Claim").

3. On or about December 28, 2006, Longacre entered into an agreement with Barnes for assignment of the Claim, and Longacre duly filed a notice of transfer of the Claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. On or about June 15, 2007, the Debtors filed the Seventeenth Omnibus Objection [Docket No. 8270], objecting to, among other claims, the Claim.

5. After discussing this matter with Debtors' counsel on July 6, 2007, it appears the objection to the Claim is based on the Debtors' allegation that an invoice identified in the Claim as unpaid has, in fact, been paid. This invoice is identified as No. 0-1793327.

6. Barnes will not have sufficient time prior to the July 12, 2007 response deadline to determine whether in fact the Debtors' basis for objection to the Claim is valid.

7. Without limiting the foregoing, Barnes and Longacre note that where the Debtors object to the Claim in the Seventeenth Omnibus Objection and allege it to be a "Claim Subject to Modification" listed on <u>Exhibit E-1</u> thereto, the Debtors give a laundry list of reasons why a claim <u>might</u> appear on <u>Exhibit E</u>, but no further specificity as to what is actually objectionable

2

about that particular claim, leaving the holder of each claim to speculate for itself what the issue could be.[2]

8.  The Bankruptcy Rules are clear that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, as here, the creditor (or its assignee) is aided by the presumption of validity arising under Bankruptcy Rule 3001(f), and the objecting party then "bears the burden of producing sufficient evidence to refute the claim." In re Camellia Food Stores, Inc. 287 B.R. 52, 56 (Bankr. E.D. Va. 2002).

9.  As noted above, the Seventeenth Omnibus Objection offers no claim-specific reason as to why the Debtors dispute the filed amount of the Claim; rather, the Debtors rely on a list of five or more alternative bases that might apply to any of the hundreds of claims being challenged in this round of objections. Under the Bankruptcy Rules, the Debtors have a duty to "produc[e] sufficient evidence to refute the claim," id., but here, the Debtors' objection can be distilled down to little more than a bare statement that "we don't agree with the proof of claim," which falls far short of the Debtors' burden under Bankruptcy Rule 3001(f) and associated case law. See, e.g., In re White, 158 B.R. 825, 828-29 (Bankr. D. Conn. 1994) (stating that the objecting party may not rebut a claim's prima facie validity of a proof of claim merely by stating that amount of claim is incorrect, but rather must produce some evidence to support its argument; chapter 13 case).

10.  There is no evidence, support or analysis provided in support of the Debtors' objections that Barnes could present to and evaluate with Longacre, which makes it very difficult for Barnes or Longacre to address the Seventeenth Omnibus Objection. Accordingly, Barnes and Longacre submit that they have had insufficient time to complete their due diligence with

---

[2] The Seventeenth Omnibus Objection provides, in pertinent part, that:

> The bases for placing a Claim in the Claims Subject to Modification category of objection include, but are not limited to, the following: the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (b) may include postpetition liabilities, (c) does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, (d) was docketed and filed against the wrong Debtor entity, and/or (e) is misclassified as a priority or secured claim.

Seventeenth Omnibus Objection, ¶ 35.

respect to the Seventeenth Omnibus Objection and will be unable to do so prior to the hearing date currently established in connection therewith, which is the very reason why the Debtors are required, as a matter of law, to adduce actual "evidence" sufficient to rebut the presumptive validity of the Claim.

11.    Because the Debtors have not carried their burden of proof and overcome the presumptive validity of the Claim, the Seventeenth Omnibus Objection should be overruled as to the Claim and the Claim allowed in the full filed amount.

12.    Barnes and Longacre submit that the relevant legal authorities are set forth in this Response and that no novel issues of law have been raised.  Accordingly, Barnes and Longacre request that the requirement pursuant to Local Bankruptcy Rule 9013-1(b) that they file a memorandum in support of this Response be deemed satisfied.

**[Continued on next page]**

## CONCLUSION

WHEREFORE, Barnes and Longacre respectfully request that the Court enter an order: (i) allowing the Claim in the full filed amount; and (ii) granting such other and further relief as is just and proper under the circumstances.

Dated: July 9, 2007

Respectfully submitted,
BARNES GROUP CANADA CORP.


By:  /s/ Ilan Markus
     Ilan Markus, Esq. (IM7174)
     Tyler Cooper & Alcorn, LLP
     555 Long Wharf Drive, 8th Floor
     P.O. Box 1936
     New Haven, CT 06509
     Phone: (203) 784-8200
     Fax: (203) 777-1181

LONGACRE MASTER FUND, LTD.


By:  /s/ Vladimir Jelisavcic
     Vladimir Jelisavcic
     810 Seventh Avenue, 22nd Floor
     New York, New York 10019
     Phone: (212) 259-4305
     Fax: (212) 259-4343

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 9, 2007, a copy of the *Joint Response of Barnes Group Canada Corp., as Claimant, and Longacre Master Fund, Ltd., as Assignee, to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claims Not Reflected on Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation*, was served on each of the following by U.S. Mail or overnight delivery (as indicated below), postage prepaid:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48908
(via U.S. Mail)

(counsel to the Debtors)
Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr.
 John K. Lyons
 Randall G. Reese
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(via U.S. Mail)

United States Trustee
c/o Clerk of the Court
U.S. Bankruptcy Court, SDNY
One Bowling Green
New York, NY 10004-1408
(via U.S. Mail)

The Honorable Robert D. Drain
United States Bankruptcy Judge
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408
(via overnight delivery)

/s/ Ilan Markus
Ilan Markus, Esq.