SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
                                                :
      In re                                      :         Chapter 11
                                                :
DELPHI CORPORATION, et al.,        :         Case No. 05–44481 (RDD)
                                                :
                         Debtors.     :         (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 2464
<u>(ZYLUX ACOUSTIC CORPORATION)</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Zylux Acoustic Corporation ("Zylux") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 2464 (Zylux Acoustic Corporation) and agree and state as follows:

WHEREAS on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS Zylux filed proof of claim number 2464 against Delphi on April 3, 2006, which asserts an unsecured non-priority claim in the amount of $415,801.69 (the "Claim") arising from the sale of goods to the Debtors.

WHEREAS the Debtors objected to the Claim pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection"), filed on June 15, 2007.

WHEREAS on June 15, 2007, Zylux's response to the Seventeenth Omnibus Claims Objection (the "Response") was received by counsel for the Debtors, but such Response was not, as of the date of the Settlement Agreement, docketed in the Debtors' chapter 11 cases. (the "Response").

WHEREAS on June 15, 2007, to resolve the Seventeenth Omnibus Claims

Objection with respect to the Claim, Delphi Automotive Systems ("DAS LLC") and Zylux entered into a settlement agreement (the "Settlement Agreement").

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $75,000.00.

WHEREAS, Zylux acknowledges that it has been given the opportunity to consult with counsel before executing the Settlement Agreement and is executing such Settlement Agreement without duress or coercion and without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments set forth in the Settlement Agreement.

WHEREAS DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

THEREFORE, the Debtors and Zylux stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $75,000.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Zylux shall withdraw its Response to the Seventeenth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this <u>29th</u> day of June, 2007

                                          /s/Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Chris Cullen |
| John Wm. Butler, Jr. | Chris Cullen |
| John K. Lyons | Director of Operations |
| Ron E. Meisler | ZYLUX ACOUSTIC CORPORATION |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 7485 N. Palm Avenue Suite 106 |
| 333 West Wacker Drive, Suite 2100 | Fresno, California 93711 |
| Chicago, Illinois 60606-1285 | (559) 432-5082 |
| (312) 407-0700 | |

      - and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession