SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 5066
(UNITED MINERALS & PROPERTIES, INC., D/B/A
<u>CIMBAR PERFORMANCE MINERALS</u>)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and United Minerals & Properties, Inc., d/b/a Cimbar Performance Minerals ("United Minerals") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 5066 (United Minerals & Properties, Inc., d/b/a Cimbar Performance Minerals) and agree and state as follows:

WHEREAS on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS United Minerals filed proof of claim number 5066 against Delphi on May 8, 2006, which asserts an unsecured non-priority claim in the amount of $22,697.62 (the "Claim") stemming from the sale of goods.

WHEREAS the Debtors objected to the Claim pursuant to the Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 6968) (the "Ninth Omnibus Claims Objection"), which was filed on February 15, 2007.

WHEREAS on March 15, 2007, United Minerals' response to the Ninth Omnibus Claims Objection (the "Response") was received by counsel for the Debtors, but such Response was not, as of the date of the Settlement Agreement, docketed in the Debtors' chapter 11 cases.

WHEREAS on June 15, 2007, to resolve the Ninth Omnibus Claims Objection with respect to the Claim, ASEC Manufacturing General Partnership ("ASEC") and United

2

Minerals entered into a settlement agreement (the "Settlement Agreement").

WHEREAS pursuant to the Settlement Agreement, ASEC acknowledges and agrees that the Claim shall be allowed against ASEC in the amount of $22,697.62.

WHEREAS, United Minerals acknowledges that it has been given the opportunity to consult with counsel before executing the Settlement Agreement and is executing such Settlement Agreement without duress or coercion and without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments set forth in the Settlement Agreement.

WHEREAS ASEC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

THEREFORE, the Debtors and United Minerals stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $22,697.62 and shall be treated as an allowed general unsecured non-priority claim against the estate of ASEC.

2. United Minerals shall withdraw its Response to the Ninth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this 29th day of June, 2007

                                            /s/Robert D. Drain
                                            UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ John H. Waters |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700 | John H. Waters<br>President<br>United Minerals & Properties, Inc. d/b/a Cimbar<br>Performance Minerals<br>25 Old River Road SE<br>Cartersville, Georgia 30120<br>706-695-3899 |

      - and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession