Hearing Date: July 19, 2007 at 10:00 a.m. (Eastern)
                            Response Date and Time: July 12, 2007 at 4:00 p.m. (Eastern)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone:   (212) 506-1700
Facsimile:   (212) 506-1800

*Counsel for Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                  :
In re:                                         :        Chapter 11

DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)

                  Debtors.              :        (Jointly Administered)
------------------------------------------------------------x

**RESPONSE OF CONTRARIAN FUNDS, LLC TO
DEBTORS' SEVENTEENTH OMNIBUS CLAIMS OBJECTIONS**

       Contrarian Funds, LLC ("Contrarian"), by and through its undersigned counsel, hereby files this response (the "Response") to the *Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claim Not Reflected On Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation* (the "Seventeenth Omnibus Objection"). In support of this Response, Contrarian respectfully states as follows:

**PRELIMINARY STATEMENT**

1. On June 15, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Seventeenth Omnibus Objection.

2. In the Seventeenth Omnibus Objection, the Debtors ask the Court to modify certain of Contrarian's proofs of claim, reserving the right to seek subsequent disallowance of those claims. (Seventeenth Omnibus Objection ¶ 39). With respect to proof of claim number 10388 ("PoC 10388"), Contrarian consents to the proposed modification, *provided however*, that this claim is allowed, in full, as proposed by the Debtors.

3. With respect to proofs of claim numbers 5568, 8791, 9112, 9113, 9795, 9951, 10385, 12694, 12696, 14141, 15201, and 16542 (collectively, the "Disputed Modified Claims"), the Debtors set forth no evidence to contradict the validity, amount, or classification of these proofs of claim and, thus, Contrarian opposes any modifications and requests that the Court allow these claims, in full, as they are asserted. With respect to PoC 10388 and the Disputed Modified Claims, Contrarian requests an Order allowing and directing payment of these claims in full, rather than modifying them subject to further disallowance.

4. Contrarian further requests an Order finding that Contrarian beneficially holds proof of claim number 15201 ("PoC 15201"). The Seventeenth Omnibus Objection lists PoC 15201 as held by ASI when, as confirmed by attached **Exhibit "A,"** Kurtzman Carson Consultants, the Debtors' claims agent, acknowledges that Contrarian beneficially holds PoC 15201.

**ARGUMENT**

5.      Contrarian hereby timely submits this Response to the Seventeenth Omnibus Objection and requests that the Court overrule the Seventeenth Omnibus Objection as set forth herein.

      **A.**     **THE SEVENTEENTH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO ALL PROPOSED CLAIMS "MODIFICATIONS".**

            **1.**     **THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS".**

6.      In the Seventeenth Omnibus Objection, the Debtors ask the Court to modify the claims listed on Exhibits E-1, E-2, and E-3. The Debtors do not ask the Court to allow these claims in the modified amounts, but rather to reduce the claims and to reserve the Debtors' ability later to seek disallowance. This request must be denied because there is no statutory or other authority justifying such relief. Indeed, the Debtors have cited none in the Seventeenth Omnibus Objection.

7.      Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000)).

8.      The Debtors have *not* refuted the allegations essential to the proposed modified claims. They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of these claims. Moreover, there is no basis within the Federal Rules of Bankruptcy

3

Procedure or the Bankruptcy Code for this procedure. The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Contrarian, and this Court.

### 2. POC 10388.

9. In the Seventeenth Omnibus Objection, the Debtors propose modifying PoC 10388 by splitting a $141,675.49 unsecured claim against Delphi Automotive Systems LLC ("DAS LLC") into a $14,138.65 priority claim against DAS LLC and a $127,536.84 unsecured claim against DAS LLC. Contrarian consents to such modification, *provided however,* that the Court enter an Order allowing PoC 10388 in the total amount of $141,675.49 as a $14,138.65 priority claim against DAS LLC and a $127,536.84 unsecured claim against DAS LLC. If the Court does not so allow PoC 10388, Contrarian opposes any modification to this claim.

### 3. THE DISPUTED MODIFIED CLAIMS.

10. With respect to the following proofs of claim numbers -- the Disputed Modified Claims -- Contrarian opposes *any* modification to the claim amount, classification, or Debtor entity and requests that the Court allow Contrarian's claims in full as asserted (both as to amount and classification) and against the Debtor entity asserted:

| Proof of Claim Number | Asserted Debtor Entity | Asserted Claim Amount |
|---|---|---|
| 5568 | DAS LLC | $307,574.95 (unsecured) |
| 8791 | Delphi Corporation | $9,790.00 (unsecured) |
| 9112 | DAS LLC | $29,610.00 (priority) $105,767.75 (unsecured) |

4

| | | |
|---|---|---|
| 9113 | DAS LLC | $16,141.07 (priority)<br>$100,449.41 (unsecured) |
| 9795 | DAS LLC | $134,225.00 (unsecured) |
| 9951 | Delphi Corporation | $79,244.79 (unsecured) |
| 10385 | DAS LLC | $102,464.27 (unsecured) |
| 12694 | DAS LLC | $91,243.71 (unsecured) |
| 12696 | DAS LLC | $15,865.76 (priority)<br>$93,136.84 (unsecured) |
| 14141 | DAS LLC | $2,492,426.58 (unsecured) |
| 15201[1] | DAS LLC | $123,166.50 (unsecured) |
| 16542 | DAS LLC | $50,118.34 (unsecured) |

11.     The Debtors have shown no basis, whatsoever, for reduction or reclassification of the Disputed Modified Claims; nor is Contrarian aware of any such basis. Unless and until the Debtors provide evidence of the basis for their objections (at which time Contrarian would have the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity. Thus, the Disputed Modified Claims should be allowed as filed in full.

12.     Contrarian reserves the right to amend or supplement this Response.

WHEREFORE for the foregoing reasons, Contrarian respectfully requests that the Court enter an Order (i) overruling the Seventeenth Omnibus Objection to the extent set forth herein; (ii) allowing PoC 10388 as a $14,138.65 priority claim against DAS LLC and a $127,536.84 unsecured claim against DAS LLC; (iii) finding that Contrarian beneficially holds PoC 15201; (iv) allowing the Disputed Modified Claims in the amounts asserted in the relevant proofs of claim; and (v) granting Contrarian such other and further relief as is just proper.

---

[1]     See ¶ 4, supra.

5

Dated: July 10, 2007
      New York, New York

                            KASOWITZ, BENSON, TORRES
                               & FRIEDMAN LLP

                            By: /s/ Jeffrey R. Gleit
                            David S. Rosner (DR-4214)
                            Adam L. Shiff (AS-7571)
                            Jeffrey R. Gleit (JG-8710)
                            Daniel A. Fliman (DF-2236)
                            1633 Broadway
                            New York, NY 10019
                            Telephone:    (212) 506-1700
                            Facsimile:    (212) 506-1800

                            *Counsel for Contrarian Funds, LLC*

EXHIBIT "A"
FOLLOWS

7



- > Adversary Proceedings
- Home
- Bankruptcy Industry Links
- Proof Of Claim Form
- Claim/Creditor Search
- Submit an Inquiry

- > Case Management Orders
- > Court Documents
- > Creditors' Committee
- > Equity Security Holders' Committee
- > First Day Motions
- > First Day Orders
- > Monthly Operating Reports
- > Notice Lists
- > Omnibus Hearing Dates
- > Omnibus Hearing Orders
- > Presentations: First Day, Organizational, 341
- > Press Releases
- > Schedules/ Statements
- > Voluntary Petitions

### Delphi Corporation Search Results
### Claim #: 15201

| Date Claim Filed | Claim No. | Schedule | Nature | Name | Amount | C | U | D | Debtor |
|---|---|---|---|---|---|---|---|---|---|
| 7/31/2006 | 15201 | | General Unsecured | Contrarian Funds LLC | $123,166.50 | | | | Delphi Corporation |
| 7/31/2006 | 15201 | | Priority | Contrarian Funds LLC | Created for Objection | | | | Delphi Corporation |