IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :

In re                          :     Chapter 11
                                     :

DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                     :

                Debtors.   :     (Jointly Administered)
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

       I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

       On July 5, 2007, I caused to be served the documents listed below upon the parties listed on Exhibit A hereto via postage pre-paid U.S. mail:

     1)     Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation ("Seventeenth Omnibus Claims Objection") [without exhibits] (Docket No. 8270) [a copy of which is attached hereto as Exhibit B]

     2)     Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as Exhibit C]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of Exhibit A attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 9 of Exhibit A attached hereto. The chart contained in the form of the Personalized Notice which is attached hereto as Exhibit C has been marked so as to demonstrate the manner in which the information listed in columns 3 through 9 of Exhibit A attached hereto was incorporated into each Personalized Notice.

Dated: July 10, 2007

_____ */s/ Evan Gershbein* _____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 10th day of July, 2007, by
Evan Gershbein, personally known to me or proved to me on the basis of satisfactory
evidence to be the person who appeared before me.

Signature: _____ */s/ Shannon J. Spencer* _____

Commission Expires: ___ *6/20/10* ____

# EXHIBIT A

Delphi Corporation
Seventeenth Omnibus Claims Objection
Exhibit E-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Boulder County Treasurer | Bob Hullinghorst PO Box 471 Boulder, CO 80306 | 3/9/06 | 2234 | $1,013.04 | Tax Claims Subject to Modification | 05-44640 | $777.13 | Secured |
| Dyer County Trustee | c o J Michael Gauldin PO Box 220 Dyersburg, TN 38025 | 11/18/05 | 671 | $37.00 | Tax Claims Subject to Modification | 05-44640 | $28.38 | Secured |
| Erie County Treasurer | Erie County Treasurer 247 Columbus Ave Ste 115 Sandusky, OH 44870 | 7/27/06 | 11372 | $218,106.97 | Tax Claims Subject to Modification | 05-44640 | $188,837.20 | Secured |
| Giles Co Tn | Giles County Trustee PO Box 678 Courthouse Pulaski, TN 38478 | 5/31/06 | 7182 | $359.23 | Tax Claims Subject to Modification | 05-44640 | $268.49 | Secured |
| Haywood County Trustee | Courthouse Brownsville, TN 38012 | 5/1/06 | 3655 | $8.75 | Tax Claims Subject to Modification | 05-44640 | $8.58 | Priority |
| Knox County Trustee | Mike Lowe Knox Co Trustee c o Attorney Dean B Farmer Hodges Doughty Carson PLLC PO Box 869 Knoxville, Tn 37901-0869 | 10/28/05 | 197 | $23,130.99 | Tax Claims Subject to Modification | 05-44640 | $17,744.32 | Priority |
| Laporte County In | Laporte County Treasurer 813 Lincolnway Ste 205 Laporte, IN 46360-3491 | 8/9/06 | 16116 | $22.25 | Tax Claims Subject to Modification | 05-44640 | $20.23 | Priority |
| Miami Dade County Tax Collector | c o Metro Dade County Paralegal Unit 140 W Flagler St Ste 1403 Miami, FL 33130 | 12/12/05 | 1108 | $17,534.38 | Tax Claims Subject to Modification | 05-44640 | $13,297.02 | Secured |
| Montgomery Co Tn | Montgomery County Trustees Office 350 Pageant Ln Ste 101 A Clarksville, TN 37041 | 6/23/06 | 8415 | $455.00 | Tax Claims Subject to Modification | 05-44640 | $422.68 | Priority |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8541 | $583,848.54 | Tax Claims Subject to Modification | 05-44640 | $209,844.35 | Secured |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8545 | $182,850.01 | Tax Claims Subject to Modification | 05-44640 | $65,719.34 | Secured |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8547 | $578,440.64 | Tax Claims Subject to Modification | 05-44640 | $207,900.92 | Secured |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8549 | $1,179,183.93 | Tax Claims Subject to Modification | 05-44640 | $444,646.98 | Secured |

7/9/2007 3:04 PM
Omni 17 Obj Ex E-2 single Service List

Delphi Corporation
Seventeenth Omnibus Claims Objection
Exhibit E-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8551 | $1,089.88 | Tax Claims Subject to Modification | 05-44640 | $391.74 | Secured |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8553 | $72,963.37 | Tax Claims Subject to Modification | 05-44640 | $26,224.18 | Secured |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8555 | $237.40 | Tax Claims Subject to Modification | 05-44640 | $85.35 | Secured |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8557 | $1,516.63 | Tax Claims Subject to Modification | 05-44640 | $549.17 | Secured |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8559 | $1,165.11 | Tax Claims Subject to Modification | 05-44640 | $285.63 | Secured |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8561 | $26,607.06 | Tax Claims Subject to Modification | 05-44640 | $9,820.72 | Secured |
| Montgomery County Treasurer | 451 W Third St Dayton, OH 45422-0476 | 6/26/06 | 8563 | $279,130.73 | Tax Claims Subject to Modification | 05-44640 | $100,363.00 | Secured |
| Montgomery County Treasurer | PO Box 817600 Dayton, OH 45481 | 6/26/06 | 8537 | $13,321.05 | Tax Claims Subject to Modification | 05-44640 | $4,787.82 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8535 | $9,984.48 | Tax Claims Subject to Modification | 05-44640 | $3,600.61 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8540 | $55.96 | Tax Claims Subject to Modification | 05-44640 | $13.71 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8542 | $4,329.83 | Tax Claims Subject to Modification | 05-44640 | $1,059.72 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8543 | $9,370.62 | Tax Claims Subject to Modification | 05-44640 | $3,367.94 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8546 | $2,628.90 | Tax Claims Subject to Modification | 05-44640 | $944.88 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8548 | $35,659.30 | Tax Claims Subject to Modification | 05-44640 | $12,816.60 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8550 | $78,139.90 | Tax Claims Subject to Modification | 05-44640 | $28,084.71 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8552 | $938.16 | Tax Claims Subject to Modification | 05-44640 | $337.21 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8554 | $32,104.56 | Tax Claims Subject to Modification | 05-44640 | $23,129.72 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8558 | $882.12 | Tax Claims Subject to Modification | 05-44640 | $319.10 | Secured |
| Montgomery County Treasurer | PO Box 972 Dayton, OH 45422-0475 | 6/26/06 | 8560 | $492.69 | Tax Claims Subject to Modification | 05-44640 | $343.59 | Secured |

Delphi Corporation
Seventeenth Omnibus Claims Objection
Exhibit E-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Montgomery County Treasurer | PO Box 972<br>Dayton, OH 45422-0475 | 6/26/06 | 8562 | $97.46 | Tax Claims Subject to Modification | 05-44640 | $35.13 | Secured |
| Palm Beach County Tax Collector | Palm Beach County Tax Collector<br>PO Box 3715<br>West Palm Beach, FL 33402-3715 | 1/26/06 | 1681 | $1,290.10 | Tax Claims Subject to Modification | 05-44640 | $989.67 | Secured |
| Peyton C Cochrane Tax Collector | Peyton C Cochrane Tax Collector<br>714 Greensboro Ave Rm 124<br>Tuscaloosa, AL 35401 | 4/17/06 | 2661 | $22,464.47 | Tax Claims Subject to Modification | 05-44640 | $21,600.45 | Secured |
| Peyton C Cochrane Tax Collector | Peyton C Cochrane Tax Collector<br>714 Greensboro Ave Rm 124<br>Tuscaloosa, AL 35401 | 6/27/06 | 8661 | $47,271.82 | Tax Claims Subject to Modification | 05-44640 | $906.59 | Secured |
| Pinal County Treasurer | Dolores J Doolittle<br>PO Box 729<br>Florence, AZ 85232-0729 | 2/6/06 | 1783 | $569.53 | Tax Claims Subject to Modification | 05-44640 | $557.21 | Secured |
| Shelby County Trustee | Shelby County Trustee<br>PO Box 2751<br>Memphis, TN 38101-2751 | 11/14/05 | 559 | $502.98 | Tax Claims Subject to Modification | 05-44640 | $385.85 | Secured |
| Shelby County Trustee | Shelby County Trustee<br>PO Box 2751<br>Memphis, TN 38101-2751 | 11/14/05 | 560 | $153.92 | Tax Claims Subject to Modification | 05-44640 | $118.08 | Secured |
| Trumbull County Treasurer | 160 High St Nw<br>Warren, OH 44481-1090 | 7/11/06 | 9302 | $761,504.21 | Tax Claims Subject to Modification | 05-44640 | $661,150.94 | Secured |
| Yazoo Co Ms | Yazoo County Tax Collector<br>PO Box 108<br>Yazoo, MS 39194 | 7/31/06 | 13581 | $1,058.87 | Tax Claims Subject to Modification | 05-44640 | $998.94 | Priority |

7/9/2007 3:04 PM
Omni 17 Obj Ex E-2 single Service List

# EXHIBIT B

**Hearing Date And Time: July 19, 2007 at 10:00 a.m.**
**Response Date And Time: July 12, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                            :
     In re                   :    Chapter 11
                            :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                            :
                            :    (Jointly Administered)
            Debtors.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY
DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND
RECORDS, (C) INSURANCE CLAIM NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS,
(D) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (E) CLAIMS SUBJECT TO
MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED CLAIMS
<u>ASSERTING RECLAMATION</u>

("SEVENTEENTH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (the "Seventeenth Omnibus Claims Objection"), and respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108.  The Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief requested herein are section 502(b)

of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

B.      Current Business Operations Of The Debtors

5.      Delphi and its subsidiaries and affiliates (collectively, the "Company") as

of December 31, 2006 had global net sales of $26.4 billion and global assets of approximately

$15.4 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and continue their business operations without supervision from the Bankruptcy Court.[2]

6.      The Company is a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines, and is one of the

largest global suppliers of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company supplies products to nearly every

major global automotive original equipment manufacturer.

7.      Delphi was incorporated in Delaware in 1998 as a wholly-owned

subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the

Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the

assets and liabilities of these divisions and subsidiaries were transferred to the Company in

---

[1]    The aggregated financial data used in this Motion generally consists of consolidated information from Delphi
and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 27,
2007.

[2]    On March 20 2007, Delphi Automotive Systems Espana S.L., whose sole operation is a non-core automotive
component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency proceeding.  The
application was approved by the Spanish court on April 13, 2007.  The Concurso proceeding does not affect
other Delphi legal entities in Spain or elsewhere and is an isolated event that is consistent with Delphi's
transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In
connection with these transactions, Delphi accelerated its evolution from a North American-
based, captive automotive supplier to a global supplier of components, integrated systems, and
modules for a wide range of customers and applications.  Although GM is still the Company's
single largest customer, today more than half of Delphi's revenue is generated from non-GM
sources.

C.      Events Leading To The Chapter 11 Filing

8.      In the first two years following Delphi's separation from GM, the
Company generated approximately $2 billion in net income.  Every year thereafter, however,
with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the
Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3]
Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of
approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006, the Debtors incurred
a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee
special attrition programs.

9.      The Debtors believe that the Company's financial performance has
deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational
restrictions driven by collectively bargained agreements, including restrictions preventing the
Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating
largely fixed labor costs, (ii) a competitive U.S. vehicle production environment for domestic

---

[3]     Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a
valuation allowance on the U.S. deferred tax assets as of December 31, 2004.  The Company's net operating
loss in calendar year 2004 was $482 million.

OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (iii) increasing commodity prices.

10.     In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward-looking revenue requirements. Because discussions with its major unions and GM had not progressed sufficiently by the end of the third quarter of 2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value for its stakeholders.

D.     The Debtors' Transformation Plan

11.     On March 31, 2006, the Company outlined five key tenets of its transformation plan. First, Delphi must modify its labor agreements to create a competitive arena in which to conduct business. Second, the Debtors must conclude their negotiations with GM to finalize GM's financial support for the Debtors' legacy and labor costs and to ascertain GM's business commitment to the Company. Third, the Debtors must streamline their product portfolio to capitalize on their world-class technology and market strengths and make the necessary manufacturing alignment with their new focus. Fourth, the Debtors must transform their salaried workforce to ensure that the Company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint.[4] Finally, the Debtors must devise a workable solution to their current pension situation.

---

[4]     As part of this effort, effective July 1, 2006, the Company realigned its business operations to focus its product portfolio on core technologies for which the Company believes it has significant competitive and technological advantages. The Company's revised operating structure consists of its four core business segments: Electronics and Safety, Thermal Systems, Powertrain Systems, and Electrical/Electronic Architecture. The Company also has two additional segments, Steering and Automotive Holdings Group, which will be transitioned as part of the Company's transformation plan.

12.     On December 18, 2006, the Debtors marked another milestone in their

chapter 11 cases with the announcement of two significant agreements.  The first of these was an

equity purchase and commitment agreement (the "Equity Purchase and Commitment

Agreement") with affiliates of Appaloosa Management L.P., Cerberus Capital Management, L.P.,

and Harbinger Capital Partners Master Fund I, Ltd., as well as Merrill Lynch & Co. and UBS

Securities LLC (collectively, the "Plan Investors").  Under the Equity Purchase and Commitment

Agreement, the Plan Investors have agreed to invest up to $3.4 billion in preferred and common

equity in the reorganized Delphi to support the Debtors' transformation plan.  The Equity

Purchase and Commitment Agreement is subject to the completion of due diligence, satisfaction

or waiver of numerous other conditions (including Delphi's goal of achieving consensual

agreements with its principal U.S. labor unions and GM), and the non-exercise by either Delphi

or the Plan Investors of certain termination rights.  The second agreement was a plan framework

support agreement (the "Plan Framework Support Agreement") with the Plan Investors and GM.

The Plan Framework Support Agreement outlines certain proposed terms of the Debtors'

anticipated plan of reorganization, including the distributions to be made to creditors and

shareholders, the treatment of GM's claims, the resolution of certain pension funding issues, and

the corporate governance of the reorganized Debtors.  The terms of the Plan Framework Support

Agreement are expressly conditioned on the Debtors' reaching consensual agreements with their

U.S. labor unions and GM.

13.     On January 12, 2007, this Court authorized the Debtors to execute, deliver,

and implement the Equity Purchase and Commitment Agreement and the Plan Framework

Support Agreement (Docket No. 6589).  On February 28, 2007, Delphi entered into an

amendment to the Equity Purchase and Commitment Agreement with the Plan Investors to

6

extend the date by which the Company, the Cerberus Capital Management, L.P. affiliate, or the

Appaloosa Management L.P. affiliate have the right to terminate the agreement on account of not

yet having completed tentative labor agreements with Delphi's principal U.S. labor unions and a

consensual settlement of legacy issues with GM.  The amendment extended the termination right

pursuant to a 14-day notice mechanism.  The amendment also extended the deadline to make

certain regulatory filings under the federal antitrust laws in connection with the Equity Purchase

and Commitment Agreement and the Plan Framework Support Agreement.

14.     On April 19, 2007, Delphi announced that the Debtors anticipated

negotiating changes to the Equity Purchase and Commitment Agreement and the Plan

Framework Support Agreement.  The Debtors also confirmed that none of the parties entitled to

give notice of termination of the framework agreements has done so as of the date of this filing

and that these agreements remain effective as previously filed until modified or terminated.  The

Debtors anticipate filing a plan of reorganization and disclosure statement as soon as reasonably

practicable following conclusion of a consensual agreement with the Debtors' major stakeholders.

15.     Although much remains to be accomplished in the Debtors' reorganization

cases, the Debtors and their stakeholders are together navigating a course that should lead to a

consensual resolution with their U.S. labor unions and GM while providing an acceptable

financial recovery framework for the Debtors' stakeholders.  Upon the conclusion of the

reorganization process, the Debtors expect to emerge as a stronger, more financially sound

business with viable U.S. operations that are well-positioned to advance global enterprise

objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-

quality products to its customers globally.  Additionally, the Company will preserve and

continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

E.    Bar Date, Proofs Of Claim, And Omnibus Claims Objections

16.    On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").  Among other things, the Bar Date Order established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), against a Debtor (collectively, the "Claimants") to file a proof of claim with respect to each such Claim.

17.    On or prior to April 20, 2006, Kurtzman Carson Consultants LLC, the claims and noticing agent in these cases (the "Claims Agent"), provided notice of the Bar Date by mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs filed with this Court on January 20, 2006 (and subsequently amended on February 1, 2006 and April 18, 2006) (collectively, the "Schedules and Statements") and (b) the persons and entities included in the notice database compiled by the Debtors, but not listed on any of the Schedules and Statements.  In total, the Debtors provided Bar Date Notices to more than 500,000 persons and entities.

18.    In addition, the Debtors published the Bar Date Notice in the New York Times (National Edition), the Wall Street Journal (National, European, and Asian Editions), USA Today (Worldwide Edition), the Automotive News (National Edition), and in local editions of the following publications: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo

8

News, the Chicago Sun Times, the Clinton News, the Columbia Dispatch, the Daily Leader,

Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, the

Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greenville News, the Indianapolis

Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader,

the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile

Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the

Saginaw News, the Sandusky, the Tribune Chronicle, the Tulsa World, the Tuscaloosa News,

and the Vindicator, and electronically through posting on the Delphi Legal Information Website,

www.delphidocket.com, on or before April 24, 2006.

       19.     Approximately 16,600 proofs of claim (the "Proofs of Claim") have been

filed against the Debtors in these cases.  The Debtors have filed eight omnibus procedural Claims

objections[5] and seven omnibus substantive Claims objections.[6]  Pursuant to such omnibus

---

[5]     The Debtors filed the First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Duplicate And Amended Claims And (ii) Equity Claims (Docket No. 5151) on September 19, 2006; the Second Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (i) Equity Claims, (ii) Claims Duplicative Of Consolidated Trustee Or Agent Claims, and (iii) Duplicate And Amended Claims (Docket No. 5451) on October 31, 2006; the Fourth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate And Amended Claims (Docket No. 6099) on December 8, 2006; the Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims And (B) Equity Claims (Docket No. 6571) on January 12, 2007; the Eighth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Claims Duplicative Of The Consolidated Trustee Claim, (C) Equity Claims, And (D) Protective Claims (Docket No. 6962) on February 15, 2007; and the Tenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 To Certain (A) Duplicative and Amended Claims And (B) Equity Claims (Docket No. 7300) on March 16, 2007; the Twelfth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims And (B) Equity Claims (Docket No. 7824) on April 27, 2007; and the Fourteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims And (B) Protective Claims (Docket No. 7998) on May 22, 2007.

[6]     The Debtors filed the (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) on October 31, 2006; the Fifth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To

*(cont'd)*

Claims objections, the Court has disallowed and expunged 8,995 Claims.  In addition, the

hearings with respect to approximately 633 Claims have been adjourned to future claims

hearings pursuant to the Claims Objection Procedures Order (as defined below) and another 675

Claims are subject to pending objections.

20.     On October 31, 2006, the Debtors filed the Motion For Order Pursuant To

11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,

And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims

And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or

Estimation Of Claims (Docket No. 5453), in which the Debtors requested this Court, among

other things, to approve certain procedures for contested claim objections.  On December 7, 2006,

the Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m),

3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding

Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims

(Docket No. 6089) (the "Claims Objection Procedures Order").

_____
*(cont'd from previous page)*
Certain (a) Claims With Insufficient Documentation And (b) Claims Not Reflected On Debtors' Books And
Records  (Docket No. 6100) on December 8, 2006; the Seventh Omnibus Objection (Substantive) Pursuant To
11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims
Not Reflected On Debtors' Books And Records, And (c) Untimely Claims (Docket No. 6585) on January 12,
2007; the Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records,
(c) Untimely Claims, And (d) Claims Subject To Modification (Docket No. 6968) on February 15, 2007; the
Eleventh Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To
Certain (a) Insufficiently Documented Claims (B) Claims Not Reflected On Debtors' Books and Records, (c)
Untimely Claims, and (D) Claims Subject To Modification (Docket No. 7301) on March 16, 2007; the
Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To
Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c)
Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e)
Untimely Claims An Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject To
Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) on April
27, 2007; and the Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R.
Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books
And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax
Claims Subject To Modification, and Modified Claims Asserting Reclamation (Docket No. 7999) on May 22,
2007.

21.    In this Seventeenth Omnibus Claims Objection, the Debtors are objecting
to 257 Proofs of Claim.[7]

<u>Relief Requested</u>

22.    By this Objection, the Debtors seek entry of an order pursuant to section
502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 (a) disallowing and expunging those
Claims set forth on <u>Exhibit A-1</u> hereto because they contain insufficient documentation in
support of the Claims asserted, (b) disallowing and expunging the Claim set forth on <u>Exhibit A-2</u>
hereto because it contains insufficient documentation in support of the Claim asserted and was
untimely filed pursuant to the Bar Date Order, (c) disallowing and expunging those Claims set
forth on <u>Exhibit B-1</u> hereto because they assert liabilities or dollar amounts that are not reflected
on the Debtors' books and records, (d) disallowing and expunging the Claim set forth on <u>Exhibit</u>
<u>B-2</u> hereto, which was filed by a taxing authority, because it asserts liabilities and dollar amounts
that are not reflected on the Debtors' books and records, (e) disallowing and expunging those
Claims set forth on <u>Exhibit B-3</u> hereto because they assert liabilities or dollar amounts that are
not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date
Order, (f) disallowing and expunging the Claim set forth on <u>Exhibit C</u> hereto, which was filed by
an insurance company, because it asserts liabilities that are not reflected on the Debtors' books
and records, (g) disallowing and expunging the Claims set forth on <u>Exhibit D-1</u> hereto because
they were untimely filed pursuant to the Bar Date Order, (h) disallowing and expunging the

---

[7]    Contemporaneously with the Seventeenth Omnibus Claims Objection, the Debtors are filing the Sixteenth
Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)
Duplicate Or Amended Claims and (B) Protective Claims (the "Sixteenth Omnibus Claims Objection").  In the
Sixteenth Omnibus Claims Objection, the Debtors object to claims on procedural grounds and are seeking to
expunge and disallow Claims that (a) are duplicative of other Claims or have been amended or superseded by
later filed Claims or (b) are merely protective in nature.  The Debtors are objecting to 26 Proofs of Claim in the
Sixteenth Omnibus Claims Objection.

11

Claims filed by taxing authorities set forth on Exhibit D-2 hereto because they were untimely

filed pursuant to the Bar Date Order, (i) revising the asserted amount or classification, and/or

changing the identity of the alleged Debtor, with respect to the Claims set forth on Exhibit E-1

hereto, (j) revising the asserted amount or classification, and/or changing the identity of the

alleged Debtor, with respect to the Claims set forth on Exhibit E-2 hereto, which were filed by

taxing authories, and (k) revising the asserted amount and/or classification with respect to the

Claims set forth on Exhibit E-3 hereto, some of which are subject to a letter agreement pursuant

to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's

reclamation demand, subject to certain reserved defenses, and others of which are held by

Claimants who are deemed to have consented to the Debtors' determination of the valid amount

of the reclamation demand, subject to certain reserved defenses.

Objections To Claims

F.    Insufficiently Documented Claims

23.    During their Claims review, the Debtors discovered that certain Proofs of

Claim do not include sufficient documentation to support the claim asserted (the "Insufficiently

Documented Claims").  This deficiency in documentation has made it impossible for the Debtors

meaningfully to review the asserted Claims.  Although the Debtors contacted each Claimant

which filed an Insufficiently Documented Claim (other than those Claimants which filed a blank

proof of claim form), the Debtors received no additional documentation from such Claimants.[8]

24.    The burden of proof to establish a claim against an estate rests on the

claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is

---

[8]    Claimants which responded to the Debtors' communications and provided additional information are not
included as part of this objection.

not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re

WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only

a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial

obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d

167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to

support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears

initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re

Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C.

May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it

entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524,

527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its

claim to have claim make prima facie case).  As a result of the failure of the Claimants identified

on Exhibits A-1 and A-2 to provide sufficient documentation to permit an understanding of the

basis for their Claims, those Claims do not make out a prima facie case against the Debtors.

    25.  The Insufficiently Documented Claims either (a) fail to assert a Claim, (b)

fail to assert a monetary amount for the Claim, (c) state that there is no outstanding Claim against

the Debtors, and/or (d) contain no documentation in support of the Claim or provide no evidence

of the Debtors' liability for the Claim.  In addition, the Insufficiently Documented Claim listed

on Exhibit A-2 was received by the Debtors after the Bar Date (the "Untimely Insufficiently

Documented Claim").  With respect to the Untimely Insufficiently Documented Claim, the

Debtors also object to that Claim on the basis that it was not timely filed pursuant to the Bar Date Order.[9]

26.    Attached hereto as <u>Exhibit A-1</u> is a list of the Insufficiently Documented Claims which the Debtors have identified as Claims that do not contain sufficient documentation to permit an understanding of the basis for the Claim.[10]  Identified on <u>Exhibit A-2</u> is the Untimely Insufficiently Documented Claim, which the Debtors have concluded does not contain sufficient documentation to permit an understanding of the basis for the Claim and, in addition, was not timely filed pursuant to the Bar Date Order.[11]  In the event that this Court does not disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to the Insufficiently Documented Claims and Untimely Insufficiently Documented Claim at a later date on any basis whatsoever.   Accordingly, the Debtors (a) object to the Insufficiently Documented Claims and Untimely Insufficiently Documented Claim and (b) seek entry of an order disallowing and expunging the Insufficiently Documented Claims and Untimely Insufficiently Documented Claim in their entirety.

---

[9]    The Bar Date Order provides, in relevant part:

> Any Person or Entity which is required to file a Proof of Claim in these chapter 11 cases but that fails to do so in a timely manner on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from (a) asserting any Claim against the Debtors that such Person or Entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, non-contingent, and unliquidated or (ii) is of a different nature or in a different classification than as set forth in the Schedules (any such Claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

Bar Date Order ¶ 11.

[10]    Certain of the Claims on <u>Exhibits A-1</u>, <u>A-2</u>, <u>B-1</u>, <u>B-2</u>, <u>B-3</u>, <u>C</u>, <u>D-1</u>, <u>D-2</u>, <u>E-1</u>, <u>E-2</u>, and <u>E-3</u> may be listed in the amount of $0.00.  This reflects the fact that the Claim amounts asserted by the Claimants in those instances is unliquidated.

[11]    The Untimely Insufficiently Documented Claim listed on <u>Exhibit A-2</u> was not included as part of the Motion For Order Under Fed. R. Bankr. P. 3003(c)(3) And 9006(b)(1) Deeming Certain Proofs Of Claim Timely Filed, dated September 29, 2006 (Docket No. 5238) ("Claims Timeliness Motion").

14

G.    Claims Not Reflected On The Debtors' Books And Records

27.    During the Debtors' review of the Proofs of Claim, the Debtors determined that certain Proofs of Claim assert liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records (the "Books And Records Claims").  In addition, the Debtors determined that a Proof of Claim filed by the United States Internal Revenue Service also asserts liabilities and dollar amounts that are not owing pursuant to the Debtors' books and records (the "Books And Records Tax Claim").  The Debtors have also determined that certain of the Proofs of Claim assert liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records and, in addition, were not timely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claims").  The Debtors believe that the parties asserting Books And Records Claims, the Books And Records Tax Claim, and Untimely Books And Records Claims are not creditors of the Debtors.

28.    The bases for determining that the Debtors are not liable for an asserted Claim include, but are not limited to, the following: (a) the Debtors' books and records do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim, (b) the Debtors' books and records reflect that the Claim has been paid pursuant to a prior order of this Court, (c) the Debtors' books and records reflect that the asserted Claim was properly paid prior to the commencement of the Debtors' cases, and (d) the Claim constitutes a postpetition liability that has been paid by the Debtors in the ordinary course of the Debtors' businesses.

29.    A claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'"  WorldCom, 2005 WL 3832065, at *4 (quoting Allegheny, 954 F.2d at 174).  Once such an allegation is refuted, "'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.'"  Id.

30.     Attached hereto as Exhibit B-1 is a list of the Books And Records Claims that the Debtors have identified as Claims for which the Debtors are not liable.  Identified on Exhibit B-2 hereto is the Books And Records Tax Claim that the Debtors have identified as a Claim for which the Debtors are not liable.   Attached hereto as Exhibit B-3 is a list of the Untimely Books And Records Claims that the Debtors have also identified as Claims for which the Debtors are not liable.  The Debtors object to the Untimely Books And Records Claims not only because the Debtors have no liability in respect thereof, but also because the Claims were not timely filed pursuant to the Bar Date Order.[12]  If this Court does not disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to any or all of the Books And Records Claims, the Books And Records Tax Claim, and the Untimely Books And Records Claims at a later date on any basis whatsoever.

31.     Accordingly, the Debtors (a) object to the Books And Records Claims, the Books And Records Tax Claim, and the Untimely Books And Records Claims and (b) seek entry of an order disallowing and expunging the Books And Records Claims, the Books And Records Tax Claim, and the Untimely Books And Records Claims in their entirety.

H.     Books And Records Insurance Claim

32.     During the Debtors' review of the Proofs of Claim, the Debtors reviewed certain of the Proofs of Claim filed by insurance companies (the "Insurance Claims") and have determined that a Proof of Claim filed by RLI Insurance Company asserted a liability not owing pursuant to the Debtors' books and records (the "Books and Records Insurance Claim").  This claim is identified on Exhibit C attached hereto.  Accordingly, the Debtors (a) object to the

---

[12]    The Untimely Books And Records Claims listed on Exhibit B-3 hereto were not included as part of the Claims Timeliness Motion.

16

Books and Records Insurance Claim and (b) seek to have the Books and Records Insurance

Claim expunged in its entirety.

I.    Untimely Claims

33.    During the Debtors' review of the Proofs of Claim, the Debtors determined

that certain of the Proofs of Claim were received by the Debtors after the Bar Date (the

"Untimely Claims").  The Debtors object to such Untimely Claims on the basis that they were

not timely filed pursuant to the Bar Date Order.  Attached hereto as Exhibit D-1 is a list of

Untimely Claims.  The Debtors also determined that certain of the Proofs of Claim filed by

taxing authorities were received by the Debtors after the Bar Date (the "Untimely Tax Claims").

Attached hereto as Exhibit D-2 is a list of the Untimely Tax Claims.  Accordingly, the Debtors (a)

object to the Untimely Claims and the Untimely Tax Claims[13] and (b) seek entry of an order

disallowing and expunging the Untimely Claims and the Untimely Tax Claims.

J.    Claims Subject To Modification

34.    During the Debtors' review of the Proofs of Claim, the Debtors have

determined that certain Claims (a) state the incorrect amount or are overstated, including as a

result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against

the wrong Debtors, and/or (c) incorrectly assert secured or priority status (collectively, the

"Claims Subject To Modification").

35.    Although in this Seventeenth Omnibus Claims Objection the Debtors do

not seek to disallow and expunge the Claims Subject To Modification, based on an initial review,

the Debtors have determined that their liability with respect to each such Claim does not exceed

---

[13]    Neither the Untimely Claim listed on Exhibit D-1 nor any of the Untimely Tax Claims listed on Exhibit D-2
hereto was included as part of the Claims Timeliness Motion.

the dollar amount set forth on Exhibit E-1 hereto.  Moreover, in some cases, the Debtors have

determined that such Claims should be reclassified in the manner set forth on Exhibit E-1 hereto.

Finally, in some cases, the Debtors have determined that such Claims should be asserted against

a different Debtor entity, as indicated on Exhibit E-1 hereto by a change in the applicable case

number.  The bases for placing a Claim in the Claims Subject To Modification category of

objection include, but are not limited to, the following: the asserted Claim (a) does not account

for amounts that may have been paid or credited against such Claim prior to the commencement

of these cases, (b) may include postpetition liabilities, (c) does not account for amounts that may

have been paid or credited against such Claim following the commencement of these cases, (d)

was docketed and filed against the wrong Debtor entity, and/or (e) is misclassified as a priority

or secured claim.  Thus, the Debtors seek to (i) convert the amount of each Claim Subject To

Modification to a fully liquidated, U.S. dollar-denominated amount consistent with the Debtors'

books and records and/or the liquidated amount requested by the Claimant (thus eliminating the

unliquidated component), as appropriate, (ii) change the identity of the Debtor against which the

Claim is asserted, and/or (iii) appropriately reclassify the Claim.

36.    As stated above, a Claimant's Proof of Claim is entitled to the presumption

of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at

least one of the allegations that is essential to the claim's legal sufficiency.'"  WorldCom, 2005

WL 3832065, at *4 (quoting Allegheny, 954 F.2d at 174).  As with the unsubstantiated Claims,

the Debtors' books and records refute that certain of the claims asserted in each Claim Subject To

Modification are actually owed by any of the Debtors.

37.    Set forth on Exhibit E-1 hereto is a list of Claims Subject To Modification

that the Debtors believe should be modified solely to assert a properly classified, fully liquidated

18

claim amount against a different Debtor than the one identified by the Claimant.  For each Claim

Subject To Modification, Exhibit E-1 reflects the amount, classification, and Debtor asserted in

the Claimant's Proof of Claim in a column titled "Claim As Docketed"[14] and the proposed

modified dollar amount and classification for the Claim, and the Debtor against which the Claim

should be asserted, in a column titled "Claim As Modified."

       38.     The Debtors object to the amount, classification, and/or identity of the

Debtor for each Claim Subject To Modification listed on Exhibit E-1 and request that each such

Claim be revised to reflect the amount, classification, and Debtor listed in the "Claim As

Modified" column of Exhibit E-1.  Thus, no Claimant listed on Exhibit E-1 would be entitled to

(a) recover for any Claim Subject To Modification in an amount exceeding the dollar value listed

as the "Modified Total" for such Claim on Exhibit E-1, (b) assert a classification that is

inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against

a Debtor other than that whose case number is listed in the "Claim As Modified" column on

Exhibit E-1, subject to the Debtors' right to further object to each such Claim Subject To

Modification.  For clarity, Exhibit E-1 refers to the Debtor entities by case number and Exhibit F

displays the formal name of ten Debtor entities and their associated bankruptcy case numbers

referenced in Exhibit E-1.

       39.     The inclusion of the Claims Subject To Modification on Exhibit E-1,

however, does not reflect the Debtors' view as to the ultimate validity of any such Claim.  The

Debtors therefore expressly reserve all of their rights to further object to any or all of the Claims

Subject To Modification at a later date on any basis whatsoever.

---

[14]    The Asserted Claim Amount on Exhibits E-1, E-2, and E-3 reflects only asserted liquidated claims.

40.     Accordingly, the Debtors (a) object to the asserted amount, classification, and/or identity of the Debtor for each Claim Subject To Modification and (b) seek an order modifying the Claims Subject To Modification to reflect the Modified Total, classification for the Claim, and/or the Debtor against which such Claim should be asserted, as set forth on <u>Exhibit E-1</u>.

(i)     <u>Tax Claims Subject To Modification</u>

41.     In addition, the Debtors have also determined that certain Proofs of Claim filed by taxing authorities (the "Tax Claims") (a) are overstated and/or (b) were filed and docketed against the wrong Debtors (collectively, the "Tax Claims Subject To Modification").

42.     Set forth on <u>Exhibit E-2</u> hereto is a list of Tax Claims Subject To Modification that the Debtors believe should be modified solely to assert a properly classified, fully liquidated claim amount against the appropriate Debtor.  For each Tax Claim Subject To Modification, <u>Exhibit E-2</u> reflects the amount, classification, and Debtor asserted in the Proof of Claim in a column titled "Claim As Docketed" and the proposed modified dollar amount and classification for the Tax Claim, and the Debtor against which the Tax Claim should be asserted, in a column titled "Claim As Modified."

43.     The Debtors object to the amount and/or identity of the Debtor for each Tax Claim Subject To Modification listed on <u>Exhibit E-2</u> and request that each such Claim be revised to reflect the amount and Debtor listed in the "Tax Claim As Modified" column of <u>Exhibit E-2</u>.  Thus, no Claimant listed on <u>Exhibit E-2</u> would be entitled to (a) recover for any Tax Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" for such Claim on <u>Exhibit E-2</u>, and/or (b) asserts a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor other than that whose case number is listed in the "Claim As Modified" column on

20

Exhibit E-2, subject to the Debtors' right to further object to each such Tax Claim Subject To

Modification.  For clarity, Exhibit E-2 refers to the Debtor entities by case number and Exhibit F

displays the formal name of fifteen Debtor entities and their associated bankruptcy case numbers

referenced in Exhibit E-2.

   44. Accordingly, the Debtors (a) object to the asserted amount and/or Debtor

for each Tax Claim Subject To Modification and (b) seek an order modifying the Tax Claims

Subject To Modification to reflect the Modified Total and/or Debtor against which such Claims

should be asserted, as set forth on Exhibit E-2.

  (ii) Modified Claims Asserting Reclamation

   45. In addition, the Debtors have also determined that certain Claims (the

"Modified Claims Asserting Reclamation") (a)(i) state the incorrect amount or are overstated,

including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and

docketed against the wrong Debtor, and/or (iii) incorrectly assert secured or priority status and (b)

assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter

agreement whereby the Debtors and the Claimant agreed upon the valid amount of the

reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors'

determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each,

a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and

notwithstanding the Claimant's agreement or consent to the amount pursuant to the Reclamation

Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses")

with respect to the reclamation demand are valid.

   46. Set forth on Exhibit E-3 hereto is a list of Modified Claims Asserting

Reclamation that the Debtors believe should be modified solely to assert a properly classified,

fully liquidated claim amount against the appropriate Debtor.  For each Modified Claim

Asserting Reclamation, Exhibit E-3 reflects the amount, classification, and Debtor asserted in the

Proof of Claim in a column titled "Claim As Docketed" and the proposed modified dollar

amount and classification for Modified Claim Asserting Reclamation, and the Debtor against

which such Claim should be asserted, in a column titled "Claim As Modified."

47.    The Debtors object to the amount, classification, and/or identity of the

Debtor for each Modified Claim Asserting Reclamation listed on Exhibit E-3 and request that

each such Claim be revised to reflect the amount, classification, and identity of the Debtor listed

in the "Claim As Modified" column of Exhibit E-3.  Thus, no Claimant listed on Exhibit E-3

would be entitled to (a) recover for any Modified Claim Asserting Reclamation in an amount

exceeding the dollar value listed as the "Modified Total" for such Claim on Exhibit E-3, unless

the Debtors obtain an order of this Court providing that any Reserved Defense is valid and

denying priority status to such Claimant's reclamation demand, or (b) assert a classification that

is inconsistent with that listed in the "Claim As Modified" column, subject to the Debtors' right

to further object to each such Modified Claim Asserting Reclamation.  For clarity, Exhibit E-3

refers to the Debtor entities by case number and Exhibit F displays the formal name of fifteen

Debtor entities and their associated bankruptcy case numbers referenced in Exhibit E-3.

48.    Accordingly, the Debtors (a) object to the amount, classification, and/or

identity of the Debtor for the Modified Claims Asserting Reclamation and (b) seek an order

modifying the Modified Claims Asserting Reclamation to reflect the Modified Total,

classification, and/or identity of the Debtor against which such Claim should be asserted, as set

forth on Exhibit E-3.

22

<u>Separate Contested Matters</u>

49.     Pursuant to the Claims Objection Procedures Order, to the extent that a response is filed with respect to any Claim listed in this Seventeenth Omnibus Claims Objection, each such Claim and the objection to such Claim asserted in this Seventeenth Omnibus Claims Objection will be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Pursuant to the Claims Objection Procedures Order, any order entered by the Court with respect to an objection asserted in this Seventeenth Omnibus Claims Objection will be deemed a separate order with respect to each Claim.

<u>Reservation Of Rights</u>

50.     The Debtors expressly reserve the right to amend, modify, or supplement this Seventeenth Omnibus Claims Objection and to file additional objections to the Proofs of Claim or any other Claims (filed or not) which may be asserted against the Debtors, including without limitation the right to object to any Claim on the basis that it has been asserted against the wrong Debtor entity.  Should one or more of the grounds for objection stated in this Seventeenth Omnibus Claims Objection be dismissed, the Debtors reserve their rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases.  In addition, the Debtors reserve the right to seek further reduction of any Claim to the extent that such Claim has been paid.

<u>Responses To Objections</u>

51.     Responses to the Seventeenth Omnibus Claims Objection are governed by the provisions of the Claims Objection Procedures Order.  The following summarizes the provisions of that Order, but is qualified in all respects by the express terms thereof.

23

K.      Filing And Service Of Responses

52.      To contest an objection, responses (a "Response"), if any, to the

Seventeenth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules

of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York,

and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in

accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's

case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch

disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (d) be submitted in hard copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 632, New York, New York

10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom

LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.,

John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later than 4:00**

**p.m. (prevailing Eastern time) on July 12, 2007.**

L.      Contents Of Responses

53.      Every Response to this Seventeenth Omnibus Claims Objection must

contain at a minimum the following:

(a)      the title of the claims objection to which the Response is directed;

(b)      the name of the Claimant and a brief description of the basis for
the amount of the Claim;

(c)     a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

(d)     unless already set forth in the Proof of Claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant must disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)     to the extent that the Claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and

(f)     the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

M.     Timely Response Required

54.     If a Response is properly and timely filed and served in accordance with the foregoing procedures, the hearing on the relevant Claims covered by the Response will be adjourned to a future hearing, the date of which will be determined by the Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors request that this Court conduct a final hearing on July 19, 2007 at 10:00 a.m. (prevailing Eastern time).  The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Seventeenth Omnibus Claims Objection.

55.     Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose Proof of Claim is subject to the Seventeenth Omnibus Claims Objection and who is served with the Seventeenth Omnibus Claims Objection fails to file and serve a timely Response in compliance with the Claims Objection Procedures Order, the Debtors may present to the Court an appropriate order seeking relief with respect to

25

such Claim consistent with the relief sought in the Seventeenth Omnibus Claims Objection without further notice to the Claimant, provided that, upon entry of such an order, the Claimant will receive notice of the entry of such order as provided in the Claims Objection Procedures Order; provided further, however, that if the Claimant files a timely Response which does not include the required minimum information required by the Claims Objection Procedures Order, the Debtors may seek disallowance and expungement of the relevant Claim or Claims only in accordance with the Claims Hearing Procedures Order.

56.    To the extent that a Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code, if the Claimant has filed a Response in accordance with the procedures outlined above which (a) acknowledges that the Claim is contingent or fully or partially unliquidated and (b) provides the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), pursuant to the Claims Objection Procedures Order the Debtors may elect to accept provisionally the Claimant's Asserted Estimated Amount as the estimated amount of such Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code, by providing notice as described more fully in the Claims Objection Procedures Order.

### Replies To Responses

57.    Replies to any Responses will be governed by the Claims Objection Procedures Order.

Service Of Seventeenth Omnibus Claims Objection Order

58.     Service of any order with regard to this Seventeenth Omnibus Claims

Objection will be made in accordance with the Claims Objection Procedures Order.

Further Information

59.     Questions about this Seventeenth Omnibus Claims Objection or requests

for additional information about the proposed disposition of Claims hereunder should be directed

to the Debtors' counsel by e-mail to delphi@skadden.com, by telephone at 1-800-718-5305, or in

writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Questions regarding the amount of a Claim or the filing of a Claim should be directed to the

Claims Agent at 1-888-249-2691 or www.delphidocket.com.  Claimants should not contact the

Clerk of the Bankruptcy Court to discuss the merits of their Claims.

Notice

60.     Notice of this Motion has been provided in accordance with the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Amended

Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, and 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered October 26, 2006 (Docket No. 5418).  In

light of the nature of the relief requested, the Debtors submit that no other or further notice is

necessary.

27

61.    Pursuant to the Claims Objection Procedures Order, the Debtors will provide each Claimant whose Proof of Claim is subject to an objection pursuant to this Seventeenth Omnibus Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits A-1, A-2, B-1, B-2, B-3, C, D-1, and D-2, is attached hereto as Exhibit G.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits E-1, E-2, and E-3 is attached hereto as Exhibit H.  Claimants will receive a copy of this Seventeenth Omnibus Claims Objection without Exhibits A through E-3 hereto.  Claimants will nonetheless be able to review Exhibits A through E-3 hereto free of charge by accessing the Debtors' Legal Information Website (www.delphidocket.com).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Memorandum Of Law

62.    Because the legal points and authorities upon which this objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

28

WHEREFORE the Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
          June 15, 2007

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                        & FLOM LLP

                                    By:   /s/ John Wm. Butler, Jr.
                                        John Wm. Butler, Jr. (JB 4711)
                                        John K. Lyons (JL 9331)
                                        Ron E. Meisler (RM 3026)
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois 60606

                                        - and -

                                    By:   /s/ Kayalyn A. Marafioti
                                        Kayalyn A. Marafioti (KM 9632)
                                        Thomas J. Matz (TM 5986)
                                    Four Times Square
                                    New York, New York 10036

                                    Attorneys for Delphi Corporation, et al.,
                                        Debtors and Debtors-in-Possession

29

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

In re                          :      Chapter 11
                                    :

DELPHI CORPORATION, et al.,     :      Case No. 05-44481 (RDD)
                                    :

                Debtors.      :      (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the Debtors' records, you filed one or more of proofs of claim in the Debtors' reorganization cases.  Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (the "Seventeenth Omnibus Claims Objection") dated June 15, 2007, a copy of which is enclosed (without exhibits).  The Debtors' Seventeenth Omnibus Claims Objection is set for hearing on July 19, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED SEVENTEENTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JULY 12, 2007.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

The enclosed Seventeenth Omnibus Claims Objection identifies eleven different categories of objections.  The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Claims identified as having a Basis For Objection of "Insufficiently Documented Claims" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

The Claim identified as having a Basis For Objection of "Untimely Insufficiently Documented Claim" is a Claim that did not contain sufficient supporting documentation, making it impossible for the Debtors meaningfully to review the asserted Claim, and was also not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

The Claim identified as having a Basis For Objection of "Books And Records Tax Claim" is a Claim that asserts liabilities and dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Books And Records Insurance Claim" is a Claim that asserts liabilities and dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Claims" are those Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Tax Claims" are those Claims filed by taxing authorities that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status.

Claims identified as having a Basis For Objection of "Tax Claims Subject To Modification" are those Claims filed by taxing authorities that the Debtors have determined (a) are overstated and/or (b) were filed and docketed against the wrong Debtors.

2

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation" are those Claims (i) that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status and (ii) in which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement whereby the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant has consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (ii)(a) and (b), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

If you wish to view the complete exhibits to the Seventeenth Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Seventeenth Omnibus Claims Objection to your Claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Seventeenth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on July 12, 2007. Your Response, if any, to the Seventeenth Omnibus Claims Objection must (a)

---

[1]      Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

3

be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Seventeenth Omnibus Claims Objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim; (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the July 19, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on July 19, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS'

4

ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

      The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE SEVENTEENTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE SEVENTEENTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

                  [Claimant Name]
                  [Address 1]
                  [Address 2] [Address 3]
                  [City], [State] [Zip]
                  [Country]

Dated:  New York, New York
       June 15, 2007

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
      In re                        :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                Debtors.        :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


      Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (the "Seventeenth Omnibus Claims Objection") dated June 15, 2007, a copy of which is enclosed (without exhibits).  The Debtors' Seventeenth Omnibus Claims Objection is set for hearing on July 19, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED SEVENTEENTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JULY 12, 2007.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Seventeenth Omnibus Claims Objection identifies eleven different categories of objections.  The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Claims identified as having a Basis For Objection of "Insufficiently Documented Claims" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

The Claim identified as having a Basis For Objection of "Untimely Insufficiently Documented Claim" is a Claim that did not contain sufficient supporting documentation, making it impossible for the Debtors meaningfully to review the asserted Claim, and was also not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

The Claim identified as having a Basis For Objection of "Books And Records Tax Claim" is a Claim that asserts liabilities and dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Books And Records Insurance Claim" is a Claim that asserts liabilities and dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Claims" are those Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Tax Claims" are those Claims filed by taxing authorities that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status.

Claims identified as having a Basis For Objection of "Tax Claims Subject To Modification" are those Claims filed by taxing authorities that the Debtors have determined (a) are overstated and/or (b) were filed and docketed against the wrong Debtors.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation" are those Claims (i) that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status and (ii) in which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement whereby the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant has consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (ii)(a) and (b), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you wish to view the complete exhibits to the Seventeenth Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Seventeenth Omnibus Claims Objection to your Claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT

---

[1]      Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE
CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING
SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY
THE TERMS OF THAT ORDER.

If you disagree with the Seventeenth Omnibus Claims Objection, you must file a response (the
"Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern
Time) on July 12, 2007. Your Response, if any, to the Seventeenth Omnibus Claims Objection must (a)
be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for
the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the
Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on
a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (d) be submitted in hard copy form directly to the chambers of the
Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be
served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel)
and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,
Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims
objection to which the Response is directed; (ii) the name of the claimant and a brief description of the
basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should
not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon
which you will rely in opposing the Seventeenth Omnibus Claims Objection; (iv) unless already set forth
in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie
right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise
protected information in the Response; provided further, however, that you must disclose to the Debtors
all information and provide copies of all documents that you believe to be confidential, proprietary, or
otherwise protected and upon which you intend to rely in support of the Claim; (v) to the extent that the
Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable
amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and
(vi) the address(es) to which the Debtors must return any reply to the Response, if different from the
address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described
above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such
Response will automatically be adjourned from the July 19, 2007 hearing date to a future date to be set
pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the
Debtors have requested that the Court conduct a final hearing on July 19, 2007 at 10:00 a.m. (prevailing
Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR
UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES
ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE
AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE

4

CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO
THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR
SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED
AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE
BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING
VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF
OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS
APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS'
ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED
TO THE CLAIMS OBJECTION PROCEDURES ORDER.

     The Bankruptcy Court will consider only those Responses made as set forth herein and in
accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE
SEVENTEENTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN
ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS
OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER
SUSTAINING THE SEVENTEENTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER
NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE
CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you
from sustaining a Claim against the Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
     June 15, 2007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
      In re                   :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                 Debtors.   :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CERTAIN (A) INSUFFICIENTLY DOCUMENTED
CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C)
INSURANCE CLAIM NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D)
UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (E) CLAIMS SUBJECT TO
MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED
CLAIMS ASSERTING RECLAMATION IDENTIFIED IN SEVENTEENTH
<u>OMNIBUS CLAIMS OBJECTION</u>

("SEVENTEENTH OMNIBUS CLAIMS OBJECTION ORDER")

        Upon the Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B)

Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On

Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claim, And (E) Claims

Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting

Reclamation, dated June 15, 2007 (the "Seventeenth Omnibus Claims Objection"),[1] of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Seventeenth Omnibus Claims Objection.

the Seventeenth Omnibus Claims Objection; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as

to each, a "Claim") listed on Exhibits A-1, A-2, B-1, B-2, B-3, C, D-1, D-2, E-1, E-2, and E-3

hereto was properly and timely served with a copy of the Seventeenth Omnibus Claims

Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection

Procedures Order"), the proposed order granting the Seventeenth Omnibus Claims Objection,

and notice of the deadline for responding to the Seventeenth Omnibus Claims Objection.  No

other or further notice of the Seventeenth Omnibus Claims Objection is necessary.

B.    This Court has jurisdiction over the Seventeenth Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Seventeenth Omnibus Claims Objection

is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Seventeenth

Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Claims listed on Exhibit A-1 hereto contain insufficient

documentation to support the Claims asserted (the "Insufficiently Documented Claims").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

D.      The Claim listed on <u>Exhibit A-2</u> hereto contains insufficient documentation to support the Claim asserted and was also untimely filed pursuant to the Bar Date Order (the "Untimely Insufficiently Documented Claim").

E.      The Claims listed on <u>Exhibit B-1</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims").

F.      The Claim listed on <u>Exhibit B-2</u> hereto, which was filed by a taxing authority, contains liabilities and dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Tax Claim").

G.      The Claims listed on <u>Exhibit B-3</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records and were also untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claims").

H.      The Claim listed on <u>Exhibit C</u> hereto contains liabilities and dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Insurance Claim").

I.      The Claims listed on <u>Exhibit D-1</u> hereto were untimely filed pursuant to the Bar Date Order (the "Untimely Claims").

J.      The Tax Claims listed on <u>Exhibit D-2</u> hereto were untimely filed pursuant to the Bar Date Order (the "Untimely Tax Claims").

K.      The Claims listed on <u>Exhibit E-1</u> hereto (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status (the "Claims Subject To Modification").

3

L.      The Tax Claims listed on Exhibit E-2 hereto (a) are overstated and/or (b) were filed and docketed against the wrong Debtors (the "Tax Claims Subject To Modification").

M.      The Claims listed on Exhibit E-3 hereto (a) (i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtors, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claims Asserting Reclamation").

N.      The relief requested in the Seventeenth Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Each Insufficiently Documented Claim listed on Exhibit A-1 hereto is hereby disallowed and expunged in its entirety.

2.      The Untimely Insufficiently Documented Claim listed on Exhibit A-2 hereto is hereby disallowed and expunged in its entirety.

3.      Each Books And Records Claim listed on Exhibit B-1 hereto is hereby disallowed and expunged in its entirety.

4

4.      The Books And Records Tax Claim listed on <u>Exhibit B-2</u> hereto is hereby disallowed and expunged in its entirety.

5.      Each Untimely Books And Records Claim listed on <u>Exhibit B-3</u> hereto is hereby disallowed and expunged in its entirety.

6.      The Books And Records Insurance Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

7.      Each Untimely Claim listed on <u>Exhibit D-1</u> hereto is hereby disallowed and expunged in its entirety.

8.      Each Untimely Tax Claim listed on <u>Exhibit D-2</u> hereto is hereby disallowed and expunged in its entirety.

9.      Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit E-1</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit E-1</u> shall be entitled to (a) a recovery for any Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit E-1,</u> subject to the Debtors' right to further object to each such Claim Subject to Modification.  The Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

10.     Each "Claim As Docketed" amount and Debtor listed on <u>Exhibit E-2</u> hereto is hereby revised to reflect the amount and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit E-2</u> shall be entitled to (a) a recovery for any Tax Claim Subject to

5

Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim

and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified"

column on Exhibit E-2, and/or (c) assert a Claim against a Debtor whose case number is not

listed in the "Claim As Modified" column on Exhibit E-2, subject to the Debtors' right to further

object to each such Tax Claim Subject to Modification. The Tax Claims Subject to Modification

shall remain on the claims register, and shall remain subject to future objection by the Debtors

and other parties-in-interest.

    11.  Each "Claim As Docketed" amount, classification, and Debtor listed on

Exhibit E-3 hereto is hereby revised to the amount and classification listed as the "Claim As

Modified." No Claimant listed on Exhibit E-3 shall be entitled to (a) a recovery for any

Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the

"Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that

listed in the "Claim As Modified" column on Exhibit E-3, and/or (c) assert a Claim against a

Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-3,

subject to the Debtors' right to further object to each such Modified Claim Asserting

Reclamation. The Modified Claims Asserting Reclamation shall remain on the claims register,

and shall remain subject to future objection by the Debtors and other parties-in-interest.

    12.  Entry of this order is without prejudice to the Debtors' right to object, on

any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to

Claims that are the subject of the Seventeenth Omnibus Claims Objection.

    13.  Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any Claim asserted against any of the Debtors.

14.     This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Seventeenth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

15.     Each of the objections by the Debtors to each Claim addressed in the Seventeenth Omnibus Claims Objection attached hereto as <u>Exhibits</u> <u>A-1</u>, <u>A-2</u>, <u>B-1</u>, <u>B-2</u>, <u>B-3</u> <u>C</u>, <u>D-1</u>, <u>D-2</u>, <u>E-1</u>, <u>E-2</u>, and <u>E-3</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Seventeenth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

16.     Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

17.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Seventeenth Omnibus Claims Objection.

Dated:  New York, New York
        July ___, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                            :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

<u>NOTICE OF OBJECTION TO CLAIM</u>

[Claimant Name]:


      Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (the "Seventeenth Omnibus Objection"), a copy of which is enclosed (without exhibits).  A copy of this notice was sent to you on June 15, 2007.  The Debtors' Seventeenth Omnibus Objection with respect to your Claims identified in the table below was initially set for hearing on July 19, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004.  The hearing with respect to the Debtors' Seventeenth Omnibus Objection to your Claims identified in the table below has been adjourned to August 16, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004.  AS FURTHER DESCRIBED BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 9, 2007.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Seventeenth Omnibus Objection identifies eleven different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

      Claims identified as having a Basis For Objection of "Insufficiently Documented Claims" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

The Claim identified as having a Basis For Objection of "Untimely Insufficiently Documented Claim" is a Claim that did not contain sufficient supporting documentation, making it impossible for the Debtors meaningfully to review the asserted Claim, and was also not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

The Claim identified as having a Basis For Objection of "Books And Records Tax Claim" is a Claim that asserts liabilities and dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Books And Records Insurance Claim" is a Claim that asserts liabilities and dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Claims" are those Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Tax Claims" are those Claims filed by taxing authorities that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status.

Claims identified as having a Basis For Objection of "Tax Claims Subject To Modification" are those Claims filed by taxing authorities that the Debtors have determined (a) are overstated and/or (b) were filed and docketed against the wrong Debtors.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation" are those Claims (i) that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c)

2

incorrectly assert secured or priority status and (ii) in which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement whereby the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant has consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (ii)(a) and (b), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ | ❾ |

If you wish to view the complete exhibits to the Seventeenth Omnibus Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Seventeenth Omnibus Objection to your Claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Seventeenth Omnibus Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on August 9, 2007. Your Response, if any, to the Seventeenth Omnibus Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert

---

[1]    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Seventeenth Omnibus Objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim; (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the August 16, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on August 16, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE SEVENTEENTH OMNIBUS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING

THE SEVENTEENTH OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN
NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION
PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim
against the Debtors.

Dated:  New York, New York
        July 5, 2007