Hearing Date and Time:  July 19, 2007 at 10:00 a.m.
Response Deadline:  July 12, 2007 at 4:00 p.m.

Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey  07601
Phone:  (201) 968-0001
Fax:  (201) 968-0010

Counsel to Liquidity Solutions, Inc.


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                            :
In re:                                      :        Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :        Case No. 05-44481 (RDD)
                                            :
                            Debtors.        :        (Jointly Administered)
-------------------------------------------------------------x


**RESPONSE OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE, TO DEBTORS'
SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C.
§ 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY
DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS'
BOOKS AND RECORDS, (C) INSURANCE CLAIM NOT REFLECTED ON DEBTORS'
BOOKS AND RECORDS, (D) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS,
AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO
MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION**

Liquidity Solutions, Inc. d/b/a Revenue Management ("LSI"), as assignee of

certain original creditors, hereby files a response (the "Response") to the Debtors' Seventeenth

Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to

Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and

Records, (C) Insurance Claim Not Reflected on Debtors' Books and Records, (D) Untimely

Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject

to Modification, and Modified Claims Asserting Reclamation (the "Seventeenth Omnibus Objection").[1]   In further support of its Response, LSI respectfully states as follows:

## BACKGROUND

1.      On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      On various dates during the pendency of these chapter 11 cases, LSI entered into agreements with certain original creditors (each, an "Assignor") for assignment of certain claims against the Debtors (each, an "Assigned Claim" and collectively, the "LSI Assigned Claims"), and LSI duly filed notices of transfer of claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as follows:

| Original Creditor | Claim No. | Claim Amount[2] | Date of Transfer | Transfer Docket No. |
|---|---|---|---|---|
| EST Testing Solutions | 1933 | $161,818.99 | 5/23/06[3] | 3865 |
| Metal Powder Products Company | 2711 | $15,750.00 | 12/22/06 | 6268 |
| Metal Powder Products Company | 2712 | $26,184.00 | 12/22/06 | 6268 |

3.      On or about June 15, 2007, the Debtors filed the Seventeenth Omnibus Objection [Docket No. 8270], objecting to, among other claims, each of the above-listed LSI Assigned Claims, as follows:

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Seventeenth Omnibus Objection.

[2] All claim amounts listed below are asserted as non-priority unsecured claims.

[3] On or about September 20, 2006, LSI filed an amended notice of transfer with respect to claim no. 1933 [Docket No. 5162].

| Assigned Claim | Claim No. | Filed Claim Amt. | Claim Amt. Per Objection | Purported Basis for Objection |
|---|---|---|---|---|
| EST Testing Solutions | 1933 | $161,818.99 | $138,463.99 | Claim Subject to Modification |
| Metal Powder Products Company | 2711 | $15,750.00 | $14,070.00 | Claim Subject to Modification |
| Metal Powder Products Company | 2712 | $26,184.00 | $20,104.03 | Claim Subject to Modification |

Where the Debtors object to a claim in the Seventeenth Omnibus Objection and allege it to be a

"Claim Subject to Modification" listed on Exhibit E-1 thereto, the Debtors give a laundry list of

reasons why a claim might appear on Exhibit E-1, but no further specificity as to what is actually

objectionable about that particular claim, leaving the holder of each claim to speculate for itself

what the issue giving rise to the objection might be.[4]

## RESPONSE TO OBJECTION

4.      The Bankruptcy Rules are clear that "[a] proof of claim executed and filed

in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity

and amount of the claim." Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, as

here, the creditor (or its assignee) is afforded the presumption of validity arising under

Bankruptcy Rule 3001(f), and the objecting party then "bears the burden of producing sufficient

evidence to refute the claim." In re Camellia Food Stores, Inc., 287 B.R. 52, 56 (Bankr. E.D. Va.

2002); see also, Waterman S.S. Corp. v. Aguiar, 200 B.R. 770, 774-75 (Bankr. S.D.N.Y. 1996)

---

[4] The Seventeenth Omnibus Objection provides, in pertinent part, that:

> The bases for placing a Claim in the Claims Subject to Modification category of
> objection include, but are not limited to, the following: the asserted Claim (a)
> does not account for amounts that may have been paid or credited against such
> Claim prior to the commencement of these cases, (b) may include post-petition
> liabilities, (c) does not account for amounts that may have been paid or credited
> against such Claim following the commencement of these cases, (d) was
> docketed and filed against the wrong Debtor entity, and/or (e) is misclassified as
> a priority or secured claim.

Seventeenth Omnibus Objection, ¶ 35.

("In many instances, the mere filing of a proof of claim is sufficient to carry the day. The burden

of going forward then shifts to the objector to produce evidence negating the *prima facie* validity

of the filed claim.").

> 5.    Although the original proofs of claim filed by EST Testing Solutions

("EST"), in respect of claim number 1933, and Metal Powder Products Company ("Metal

Powder"), in respect of claim numbers 2711 and 2712, are aided by the presumption of validity

supplied by applicable bankruptcy law, there is also ample documentation to support each of the

LSI Assigned Claims. Attached hereto as Exhibit A is an EDACOR printout demonstrating the

amounts owed to LSI as assignee of EST, which includes information such as (but is not limited

to) invoice amounts, bills of lading numbers, and purchase order numbers.[5]  Similarly, attached

hereto as Exhibit B are summaries of invoices demonstrating the amounts owed to LSI as

assignee of Metal Powder, which include information such as applicable invoice numbers,

invoice dates, invoice amounts, and the Debtors' purchase order numbers.[6]

> 6.    By contrast, in the Seventeenth Omnibus Objection, the Debtors have

provided no evidence, support or analysis either to refute the presumptive validity of the LSI

Assigned Claims, or credibly to dispute any of the invoices underlying the claims. Indeed, as

noted above, the Seventeenth Omnibus Objection offers no claim-specific reason as to why the

Debtors dispute the filed amount of the Claim; rather, the Debtors rely on a list of five or more

alternative bases that might apply to any of the hundreds of claims being challenged in this round

---

[5] LSI's review of the EDACOR summary attached as Exhibit A shows that the EST Assigned Claim can be substantiated in at least an amount of $142,833.34. Accordingly, while LSI does not believe it is appropriate to reduce the EST Assigned Claim to the amount sought by the Debtors (i.e., $138,463.99), LSI does not, by this Response, seek allowance of the EST Assigned Claim in the full filed amount of $161,818.99. Instead, as a result of its due diligence, LSI would agree to a reduction of the EST Assigned Claim (no. 1933) to an allowed amount of $142,833.34.

[6] To the extent the Debtors seek to review copies of invoices underlying the attached summaries for either or both of the EST Assigned Claim or the Metal Powder Assigned Claims, LSI will continue to work with each of the original creditors to obtain any such invoices.

of objections. Under the Bankruptcy Rules, the Debtors have a duty to "produc[e] sufficient evidence to refute the claim," In re Camellia Food Stores, Inc., 287 B.R at 56, but here, the Debtors' objection can be distilled down to little more than a bare statement that "we don't agree with the proof of claim," which falls far short of the Debtors' burden under Bankruptcy Rule 3001(f) and associated case law. See, e.g., Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), No. 98 CIV. 4990(HB), 1999 WL 178788 at *3-4 (S.D.N.Y. March 31, 1999) ("A mere objection by the debtor, therefore, does not end the inquiry.... The case law is clear. To prevail, the objector must affirmatively *produce* evidence to counter the creditor's claim") (emphasis in original); In re White, 168 B.R. 825, 828-29 (Bankr. D. Conn. 1994) (stating that the objecting party may not rebut a claim's prima facie validity of a proof of claim merely by stating that amount of claim is incorrect, but rather must produce some evidence to support its argument; chapter 13 case).

7.    Because the Debtors have not carried their burden of proof and overcome the presumptive validity of the LSI Assigned Claims, and especially in light of the documentation attached hereto as Exhibit A and Exhibit B, the Seventeenth Omnibus Objection should be overruled and each of the LSI Assigned Claims allowed in the full filed amount, except as otherwise may be agreed by LSI as a result of its due diligence (see supra n. 5).

8.    In addition, the Debtors have stated that "[t]he inclusion of the Claims Subject to Modification ... does not reflect the Debtors' view as to the ultimate validity of any such Claim," and, as such, the Debtors have reserved their rights to further object to any of these claims on any basis whatsoever at a later date. Seventeenth Omnibus Objection, at ¶ 39. However, due to the inefficiency and expense of responding to multiple objections to the same claims, LSI respectfully submits that once the Seventeenth Omnibus Objection is addressed as to

5

the LSI Assigned Claims set forth herein, the affected claims should be allowed at the resolved

classification and amount without being subject to further modification.

## CONCLUSION

WHEREFORE, LSI respectfully requests that the Court enter an order: (i)

overruling the Seventeenth Omnibus Objection as to each of the LSI Assigned Claims and

allowing each such claim in the full filed amount, except as otherwise agreed by LSI as a result

of its continued due diligence; and (iii) granting such other and further relief as is just and proper

under the circumstances.

Dated: July 11, 2007

Respectfully submitted,
LIQUIDITY SOLUTIONS, INC.

By: _____
Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey  07601
Phone:  (201) 968-0001
Fax:  (201) 968-0010