TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession,
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
In re                                                        :    Chapter 11
                                                             :
    DELPHI CORPORATION, et al.,                              :    Case No. 05-44481 [RDD]
                                                             :
                                    Debtors.                 :    (Jointly Administered)
                                                             :
-------------------------------------------------------------X

**JOINT SETTLEMENT AGREEMENT, STIPULATION AND AGREED
ORDER BETWEEN DELPHI AUTOMOTIVE SYSTEMS, LLC, AND HELICOR
CORPORATION TO DISALLOW AND EXPUNGE CLAIM NUMBER 6608**

    **WHEREAS,** on October 8, 2005 (the "Petition Date"), Delphi Corporation

("Delphi") and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code,

11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");  and

    **WHEREAS,** on October 14, 2005, three additional U.S. subsidiaries of

Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary

petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code; and

**WHEREAS,** the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;  and

**WHEREAS,** the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404);  and

**WHEREAS**, on October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors;  and

**WHEREAS**, no trustee or examiner has been appointed in the Debtors' cases;  and

**WHEREAS**, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2);  and

**WHEREAS,** Helicor Coorporation ("Claimant") provided goods to Delphi Medical Systems, Inc. ("Delphi Medical"), one of the Debtors, both before and after the Petition Date;  and

**WHEREAS,** Claimant submitted a prepetition deposit to Delphi Medical in the amount of $260,000 (the "Deposit");  and

**WHEREAS,** on or about May 22, 2006, Claimant filed proof of claim #6608 in the amount of $260,000 (the "Claim") which reflects the amount of the Deposit;  and

2

**WHEREAS,** Delphi Medical Systems has a claim against Claimant in the amount of $307,055.61 for postpetition goods and/or services (the "Post-Petition Receivable"); and

**WHEREAS**, the Debtors are authorized to enter into this agreement (the "Settlement Agreement") either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006; and

**WHEREAS**, the Debtors and the Claimant (the "Parties") have agreed to settle and resolve the Claim upon the terms set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. This Settlement Agreement constitutes an agreement between the Parties and shall be effective immediately upon its execution by the Parties (the "Effective Date").

2. Upon the Effective Date, the Debtors shall be authorized to apply, and shall apply, the Deposit to the Post-Petition Receivable and the Claim shall be expunged.

3. The application of the Deposit results in a balance of $47,055.61 that Claimant owes Delphi Medical. Claimant shall pay this amount to DAS in immediately available funds within three (3) business days after the Effective Date.

3

4. Except for the Settlement memorialized by this Settlement Agreement, the Parties retain all of their other rights, claims, and defenses including without limitation regarding the Parties' respective rights regarding the remainder of the Deposit.

5. This Settlement Agreement may not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by all of the Parties.

6. The agreements, terms, and provisions contained in this Settlement Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective legal representatives, predecessors, successors, and assigns, including any trustee appointed in these chapter 11 cases and any chapter 7 trustee if any of these chapter 11 cases is converted to a chapter 7 case.

7. It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual; that the agreement herein contained and the consideration transferred hereunder is to resolve the Claim and to avoid litigation; and that no statement made herein, payment, release, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

8. This Settlement Agreement constitutes the entire agreement between the Parties regarding the resolution of the Post-Petition Receivable and Claim and supersedes all other prior agreements and understandings, both written and oral, between the Parties regarding the Post-Petition Receivable and Claim.

4

9. The signatories below represent that they are authorized to enter into this Settlement Agreement.

10. This Settlement Agreement may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Settlement Agreement and to resolve any disputes in connection herewith.

**[signatures continued on next page]**

Dated:   New York, New York
        June 26, 2007

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated:   New York, New York
        June 26, 2007

HELICOR CORPORATION
By:

/s/ Nathan Wildgrube
NATHAN WILDGRUBE
19 Fulton Street
New York, New York  10038
(212) 346-9339

**SO ORDERED**

This 11th day of July, 2007
in New York, New York

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE