UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: DELPHI CORPORATION, et al.,
DBA: DELPHI AUTOMOTIVE SYSTEMS LLC

CHAPTER: 11

CASE NO: 05-44481(RDD)

### OBJECTION TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C § 502 (b) AND FED. R. BANKR. P. 3007 TO CERTAIN CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION AND MODIFIED CLAIMS ASSERTING RECLAMATION

Tuscaloosa, County, pursuant to Debtors' Objection to the 2005 Ad Valorem Real Property Tax Claims, offers the following items to the Court for consideration of our claim number 2661 in the amount of $22,464.47.

1. Tuscaloosa County has a secured claim represented on any unpaid personal or real property which are secured by a first priority statutory lien upon all assets of the debtor located in Tuscaloosa County, Alabama.

2. The 1975 Code of Alabama states that ad valorem tax lien "….shall be superior to to all other liens"…Section 40-1-3.

3. Ad Valorem taxes constitute a lien beginning October 1 of a given year but are not due and payable until on or after September 30 of the following year. Further, taxes may be paid after September 30 of such following year until December 31 of such following year.



RECEIVED
JUL 10 2007
CLAIMS PROCESSING CENTER
USBC, SDNY

Case No: 05-44640(RDD)
Page 2

4. Taxes paid after December 31 of such following year accrue interest at twelve percent (12%) per annum until paid as provided by § 40-5-9 of the Code of Alabama of 1975 as amended. A true and correct copy of said statute is attached hereto and incorporated herein as Exhibit "A". This statute has remained in full force and effect during the pendency of this bankruptcy proceeding and at all times while such ad valorem taxes due from the Debtor have remained outstanding.

5. A Proof of Claim with respect to the taxes was filed on or about April 17, 2006 in the amount of $22,464.47 and believed to be designated claim no. 2661. The base amount for the 2005 taxes was $21,600.45, and the interest at the statutory rate of twelve per cent (12%) per annum was $864.02 accrued for the months of January, February, March and April making a total of $22,464.47 for our claim for the 2005 tax year.

6. We pray this Honorable Court to recognize the validity of our claim for the 2005 tax.

7. Should it be necessary to argue these facts before the court, we would like to facilitate by tele-conference on the date and time stipulated to hear matters pertaining to the debtor's **"OBJECTION TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT OT MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION.**
Our telephone number (205 349-3870 at Ext 237.

*[signature]*

Peyton C. Cochrane, Tax Collector
Tuscaloosa County, Alabama

Dated: July 6, 2007

Enclosures

cc. Skadden, Arps, Slate, Meagher & Flom LLP       Delphi Corporation
    333 West Wacker Drive Suite 2100                       5725 Delphi Drive
    Chicago, Illinois  60606                                         Troy, Michigan 48098
    Att'n: John William Butler, Jr.                                 Att'n: General Counsel
    John K. Lyons, and Joseph N. Wharton

## STATEMENT OF LIEN

The Tax Collector, Tuscaloosa County, Alabama, holds a lien on

the_____Personal Property of the Debtor bearing the following

___X___Real Property

description:

SEE ATTACHED ASSESSMENT SHEET

The lien arose on__OCTOBER 1, 2004__ pursuant to

ALABAMA CODE (1975) Section 40-1-3, which provides:

> From and after October 1 of each year, when property
> becomes assessable, the State shall have a lien upon
> each and every piece of parcel of property owned by any
> taxpayer for the payment of all taxes, which may be
> assessed against him and upon each piece and parcel of
> property, real or personal, assessed owner unknown,
> which lien shall continue until such taxes are paid,
> and the County shall have a like lien thereon for the
> payment of the taxes, which may be assessed by it; ...
> These liens shall be superior to all other liens and
> shall exist in the order named, and each of such liens
> may be enforced and foreclosed by sale for taxes as
> provided in this title, or as other liens upon property
> are enforced, ...

** AFTER JANUARY 1, INTEREST ACCRUES AT THE RATE OF 12% PER ANNUM AND THE DELINQUENT FEE IS $5.00 UNTIL MARCH 15TH, AT WHICH TIME IT INCREASES TO $24.00. INTEREST AND FEES WERE CALCULATED THROUGH MARCH, 2006 AS FOLLOWS:

|  |  |
|---|---|
| BASE | $ 21,600.45 |
| INTEREST @ 4 MTHS | 864.02 |
| TOTAL | $ 22,464.47 |

# TUSCALOOSA COUNTY TAX RETURN LIST REAL OR PERSONAL PROPERTY FOR 2005

UNIFORM PARCEL NUMBER AND DESCRIPTION: 29-07-25-0-001-003.003    8/30/2005

**Description:** COM SW COR S25 T21S R5W; E 1407.9 TO POB; E 1079.6; NWLY 1073.6; SWLY 449.7; S 667.1 TO POB

**NAME AND ADDRESS:**
GENERAL MOTORS CORPORATION  2006 Rev Chg
ATTN: WILLIAM BLAKELY
POB 9024-TX-MC-482-114-282
DETROIT  MI  48202

c/o Delphi Automotive Systems LLC
PO Box 5052
Troy MI 48007

m/m 1/18/06  MK

**AKA** DELPHI PACKARD

11005 ED STEPHENS RD
SECTION 25 TWP 21S RANGE 08W
D.B. 2001-18532   D.D 11/13/2001
ASSESSED 2000

1  MANUFACTURING-Light
1  OFFICE

2004 REF ADDED PER DEED REC
2001-18532 11/13/2001 REF CHG
ABATEMENT 92-599 OCT 1,1996 THRU
SEPT 30, 2006 (1)-TOT ABT VAL R & P
$6,977,500 ABATEMENT DATED 10-19-95
(2)-SUPPLEMENTAL ABT DTE 5-16-96
TITLE REAL PROP TO ASSIGNEE
-FIRST AMENDMENT TO ABATEMENT
-DATED 1-20-97 CLARIFY DESC &
UPDATE ORIG 1997 VALUE $3,057,100
CONST & EQUIP AUTOMOBILE DASHBOARD
PRODUCTION FACILITY MERCEDES BENZ
CTR C'DALE AL NO BONDS ISSUED A

**Taxpayer declaration (checkboxes):**
- (1) I am 65 years of age or older
- (2) I am totally disabled
- (3) Did not file Income Tax Return
- (4) Combined annual taxable income is $7,500 or less on Federal Income Tax Return
- (5) Combined annual adjusted gross income is less than $12,000 on State Income Tax Return
- (6) Income exceeds limits
- (7) Signature in file
- (8) Did not resign

TO: Doster L. McMullen, Tax Assessor of Tuscaloosa County, Alabama for the Year, 20___
I do solemnly swear (or affirm) that I am the head of the family, and/or that no other claim of exemption from state taxes for Homestead has been made or filed by me on behalf of any member of my immediate household; and that the items of this assessment marked in the Homestead claimed by me less than two nor more than five years (Sec. 379, Title 14, Code 1940).
Subscribed and sworn to before me this the _____ day of _____, 20___

_____ Doster L. McMullen, Tax Assessor  Per _____

WARNING: Any person who having taken (or subscribed to) the oath required by law to be administered to him by the tax assessor or his deputy, corruptly makes a false return of the property and other subjects of taxation, is guilty of perjury, and shall, on conviction be imprisoned in the penitentiary for not less than two nor more than five years. (Sec. 379, Title 14, Code 1940.)

OFFICE USE ONLY:

APPRAISER'S COPY

USED FOR TAX PURPOSES ONLY.
NOT TO BE USED FOR CONVEYANCE.

| APPRAISED VALUE | STATE EXEMPT VALUE | BLIND, DEAF, ETC. | NUMBER OF ACRES | CURRENT USE | INDUSTRIAL EXEMPTION | PUBLIC UTILITY (ASSESSED VALUE) | TOTAL |
|---|---|---|---|---|---|---|---|
| 6,278,700 | 1,255,740 | | | | | | |

| CLASS | SCHOOL DIST. | MUN. | EXEMPT | CORP. | | | |
|---|---|---|---|---|---|---|---|
| 2 | 2 | | | | | | |

| TOTAL STATE TAX | STATE EXEMPT VALUE | NET STATE TAX | TOTAL COUNTY TAX | COUNTY EXEMPT VALUE | NET COUNTY TAX |
|---|---|---|---|---|---|
| 8,162.31 | 4,395.09 | 3,767.22 | 20,091.84 | 1,255,740 | 6,906.57 |

| TOTAL SCHOOL DISTRICT TAX | SCHOOL DISTRICT EXEMPT VALUE | NET SCHOOL DISTRICT TAX | TOTAL MUNICIPAL TAX | MUNICIPAL EXEMPT VALUE | MUNICIPAL EXEMPT TAX | NET MUNICIPAL TAX |
|---|---|---|---|---|---|---|
| 5,022.96 | 0 | 0.00 | 5,022.96 | 0 | 13,185.27 | 0.00 |

| RECEIPT NO. | (5) | FIRE FEE | TIMBER FEE | ASV&CI PENALTY | TOTAL ASSESSED VALUE | FEE | TOTAL TAX |
|---|---|---|---|---|---|---|---|
| | | 5,903.70 | 0.00 | 0.00 | 1,255,740 | 0.00 | 21,600.45 |

LND 2   375,000
IMP 2   5,903,700
**** MARKET ****  6,278,700

comply with the requirements of this section shall not invalidate the title to any property sold for taxes. (Acts 1935, No. 194, p. 256; Code 1940, T. 51, § 194.)

Collateral references. — 84 C.J.S., Taxation, § 657.

**EXHIBIT A**

### § 40-5-8. Costs on payment of delinquent taxes.

If the taxes are paid after they become delinquent, the taxpayer shall pay all costs, fees, and charges, if any, that may at the time of payment have lawfully accrued. (Acts 1935, No. 194, p. 256; Code 1940, T. 51, § 195.)

Collateral references. — 85 C.J.S., Taxation, § 1055.

### § 40-5-9. Interest on delinquent taxes.

Notwithstanding the provisions of Section 40-1-44, all ad valorem taxes becoming delinquent bear interest at the rate of 12 percent per annum, and such interest must be added to and collected as part of the taxes and reported in such manner as the comptroller may prescribe. (Acts 1935, No. 194, p. 256; Code 1940, T. 51, § 196; Acts 1988, 1st Ex. Sess., No. 88-824, p. 265, § 8.)

Ad valorem taxes administered by department of revenue. — Combining the explicit language of the statutes with the actions and practices of the department of revenue, the inescapable conclusion is that the ad valorem taxes in Alabama are administered by the department of revenue. Such an interpretation would not cause § 40-1-44 to be in direct conflict with this section. Sims v. White, 522 So. 2d 239 (Ala. 1988).

Interest does not accrue on ad valorem taxes until they become delinquent, and such interest as is imposed is provided for by this section. Smith v. Pullman, Inc., 280 Ala. 295, 193 So. 2d 516 (1967).

Section applies to street assessments. — A person who fails to pay for street assessments or make other provision is in default after 30 days from the date on which the assessment is made final, and is chargeable with interest under this section until it is paid. Jefferson County v. City of Birmingham, 235 Ala. 199, 178 So. 226 (1938).

When county is liable for interest on such assessments. — A county is liable for interest on statutory municipal street improvements only when there is default in issuance of warrant for its payment, but such default does not occur until there is a failure to issue warrant on request, although bringing of an action for sums unpaid on assessments constitutes demand for payment which imposes duty on county authorities to issue warrants and thus starts interest running. Jefferson County v. City of Birmingham, 235 Ala. 199, 178 So. 226 (1938).

Cited in State v. Pollock, 251 Ala. 603, 38 So. 2d 870 (1948).

Collateral references. — 85 C.J.S., Taxation, § 1054.

### § 40-5-10. Receipts on payment of delinquent taxes.

Upon the payment by any taxpayer of taxes, fees, and costs, if any, assessed and charged against him, the collector shall give a receipt therefor from the book mentioned in Section 40-5-11, showing the name of the taxpayer, the date of the payment, the total assessed value of real and personal property, separately, and stating the amount of the state, county, and special taxes separately, together with the interest, costs, and fees, and such receipt shall