CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
Joel D. Applebaum (Mich. Bar. No. P36774)
admitted *pro hac vice*
Matthew T. Smith (Mich. Bar No. P46754)
japplebaum@clarkhill.com
msmith@clarkhill.com
(313) 965-8300

Hearing Date: **July 19, 2007**
Hearing Time: **10:00 a.m.**
Objection Deadline: **July 12, 2007 at 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### 1st CHOICE HEATING AND COOLING'S RESPONSE IN OPPOSITION TO DEBTORS' SIXTEENTH OMNIBUS OBJECTION (PROCEDURAL) PURSUANT TO 11 U.S.C. §502(b) AND FED. R. BANKR. P. 3007 TO (A) CERTAIN DUPLICATE OR AMENDED CLAIMS AND (B) PROTECTIVE CLAIMS

For its Response in Opposition to Debtors' Sixteenth Omnibus Objection Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims and (B) Protective Claims (the "Sixteenth Omnibus Claim Objection"), 1st Choice Heating & Cooling ("1st Choice") states as follows:

1.       On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101-1330, as then amended (the "Bankruptcy Code").

2.       As of October 8 and 14, 2005, the Debtors owed 1st Choice a total of $22,046.54 (the "Claim"). The Claim is secured by virtue of valid recorded construction liens placed on real property of the Debtors located in Kent and Ottawa Counties in the State of Michigan pursuant to the Michigan Construction Lien Act, Mich. Comp. Laws §570.1101, *et seq*. The Claim of Lien recorded against the Kent County property on October 4, 2005 is attached as Exhibit A. The

- 1 -

5460947_2.doc

Claim of Lien recorded against the Ottawa County property on October 4, 2005 is attached as Exhibit B.  The claims of Lien are referred to herein collectively as the "Liens."  As evidenced by Exhibits A and B, the Liens were recorded prior to the Petition Date.

3.    1st Choice supplies heating, ventilation and air conditioning services, labor and materials to the Debtors.  The Claim arises out of the provision of those services and materials for improvements to real property owned by Delphi Automotive Systems, LLC in the State of Michigan.

4.    1st Choice recorded the Liens against the Debtors' real property after the Debtors' failed to pay 1st Choice amounts due for the services, labor and materials provided to the Debtors in accordance with the Michigan Construction Lien Act.

5.    On August 2, 2006, 1st Choice timely filed two Proofs of Claim: (i) Claim #15804 in the amount of $9,555.10, a copy of which is attached as Exhibit C and (ii) Claim #15805 in the amount of $12,491.44, a copy of which is attached as Exhibit D.  When the claim amounts for Claim #15804 and Claim #15805 are added together, the total amount of the Claim, $22,046.47, is determined.

6.    On April 27, 2007, Debtors filed their Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement (the "Thirteenth Omnibus Claim Objection").

7.      The Thirteenth Omnibus Claim Objection objects to Claim #15804 filed by 1st Choice and seeks to change Claim #15804 from a secured claim to an unsecured non-priority claim.

8.      On May 4, 2007, 1st Choice filed a response to the 13th Claim Objection, attaching the Liens as evidence of the secured status of Claim #15804 and Claim #15805.

9.      On or about May 15, 2007, 1st Choice filed an amended secured claim in the amount of $22,046.54 (the "Amended Claim"), which amended and consolidated Claim #15804 and Claim #15805.   The Amended Proof of Claim is attached as Exhibit E.   The Claims Processing Center docketed the Amended Claim as Claim #16601.  1st Choice attached the Liens to the Amended Proof of Claim as evidence of the secured status of the Amended Claim.   To evidence the amount of the Amended Claim, 1st Choice also attached the invoices showing the services and materials provided to the Debtors and the amounts owed for those services and materials (collectively the "Invoices").   *Id.* As further support for the Amended Claim, 1st Choice attached its Customer Open Balance statement showing outstanding amounts owed by the Debtors to 1st Choice for the services and materials at issue. *Id.*

10.     On June 7, 2007, 1st Choice filed a supplemental response to the Thirteenth Omnibus Claim Objection in support of the classification of Claim #15804 as a secured claim, which attached the Amended Proof of Claim.

11.     The hearing on the Debtors' Thirteenth Omnibus Claim Objection has been adjourned pursuant to the Claim Objection Procedures Order.

12.     On June 28, 2007, the Debtors filed the Sixteenth Omnibus Claim.   Through the Sixteenth Omnibus Claim Objection, the Debtors request that this Court disallow and expunge the Amended Claim.   The Debtors also request that Claim #15805, in the secured amount of

- 3 -

$12,491.44, should survive, subject to their asserted rights to raise additional objections to the claim.

13.     Based upon Exhibit A to the Sixteenth Omnibus Claim Objection, it appears that the Claims Processing Center erred by assigning the Amended Proof of Claim a second claim number and by also docketing the Amended Claim as Claim #16606.  1st Choice filed only one Amended Claim, which was returned and marked as "received" by the Claims Processing Center on May 15, 2007.  As a result, 1st Choice does not object to the Debtors expunging Claim #16606, provided, however, that Claim #16601 is allowed.

14.     1st Choice objects to the Debtors attempt to disallow and expunge the Amended Claim and its identification of secured Claim #15804 as the only surviving claim.  1st Choice submits that both secured Claim #15804 and secured Claim #15805 are valid claim and that both should be allowed if the Court disallows the Amended Claim.

15.     As evidenced by the Liens, the Invoices, and the Customer Open Balance attached to the Amended Proof of Claim, the Debtors owed 1st Choice $22,046.54 for services and materials provided to the Debtors , which amount represents the total amount owed, less all amounts paid by Debtors as of the Petition Date.  1st Choice submits that the Liens, the Invoices, the Customer Open Balance, and the Amended Proof of Claim sufficiently document and support the secured Amended Claim, as well as secured Claim #15804 and secured Claim #15805.  See Exhibits A, B, C, D, and E.

16.     The Invoices and Customer Open Balance, attached to the Amended Proof of Claim, support the amount claimed on the Liens as of the date of the execution of the Liens. Since that date, the Debtors have paid invoice numbers 2696, 2735, 2736, 2739, 2743, 2751,

2752, 2753, 2754, 2757, 2758, 2770 and 2771.[1]  The total amount still owed is $22,046.54.  1st Choice plans to amend its Construction Liens to reflect the current amount owed, providing for any amounts since paid by Debtors.

17.    The recorded Liens attached to the Amended Proof of Claim represent valid perfected security interests on the Debtors' real property, pursuant to the Michigan Construction Lien Act, Mich. Comp. Laws §570.1101, *et seq*.  Exhibits A, B, and E.

18.    1st Choice submits that the Amended Proof of Claim contains sufficient documentation on a *prima facie* basis for purposes of asserting the claim pursuant to Rules 3001(f) and 3003 of the Federal Rules of Bankruptcy Procedure.

19.    To the extent that the Debtors' Sixteenth Omnibus Claim Objection sought additional documentation or analysis from 1st Choice in order to reconcile Claim #15804, Claim #15805 and the Amended Claim, 1st Choice submits that the Liens, Invoices, Customer Open Balance, and the Amended Proof of Claim (which consolidates Claim #15804 and Claim #15805 into one claim based on both Liens), evidence the secured status and the amount of the Amended Claim.

20.    In light of the foregoing, 1st Choice submits that its Amended Claim should be an allowed secured claim in the amount of $22,046.54.

21.    A reply to this response to objection may be forwarded to Attn: Joel D. Applebaum and/or Matthew T. Smith, Clark Hill PLC, 212 E. Grand River Ave., Lansing, Michigan 48906.

---

[1] Upon information and belief, these payments were made pursuant to the October 31, 2005 Order under 11 U.S.C. §§ 105, 363(b), 546(b), 1107, and 1108 Authorizing Payment of Contractors and Service Providers in Satisfaction of Liens ( the "Lien Claimants Order").

WHEREFORE, 1st Choice requests that the Debtors' Sixteenth Claim Objection be denied.

<div style="margin-left:40%">

Respectfully Submitted,

**Clark Hill PLC**

</div>

Date: July 11, 2007

<div style="margin-left:40%">

By: _____/s/ Joel D. Applebaum_____
Joel D. Applebaum (P36774);
japplebaum@clarkhill.com
**Attorneys for 1st Choice Heating & Cooling, Inc.**
500 Woodward Ave., Ste 3500
Detroit, MI  48226
Phone: (313) 965-8300
Fax: (313) 965-8252

</div>