TOGUT, SEGAL & SEGAL LLP
Co-Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Sean P. McGrath (SM-4676)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>In re:<br><br>DELPHI CORPORATION, *et al.*,<br><br>          Debtors.<br>------------------------------------------------------------x | HEARING DATE: July 19, 2007<br>                AT: 10:00 a.m.<br><br>Chapter 11<br>Case No. 05-44481 [RDD]<br><br>Jointly Administered |

### DECLARATION OF SEAN P. MCGRATH IN SUPPORT OF DEBTORS' OBJECTION TO MOTION BY FURUKAWA ELECTRIC NORTH AMERICA APD AND FURUKAWA ELECTRIC CO., LTD., FOR (A) ABSTENTION PURSUANT TO 28 U.S.C. § 1334 (c); (B) RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d); AND (C) AN ORDER LIMITING THE SCOPE OF THE THIRD OMNIBUS CLAIM OBJECTION HEARING

Sean P. McGrath hereby declares as follows:

      1.    I am an associate at the law firm of Togut, Segal & Segal LLP ("TS&S"), counsel to debtors Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors in possession (collectively, the "Debtors"). I respectfully submit this declaration based upon personal knowledge in opposition to the March 23, 2007 motion for abstention and relief from the automatic stay (the "Motion") of defendants Furukawa Electric North America APD ("Furukawa North America") and

1

Furukawa Electric Co., Ltd. (jointly, "Furukawa") for an Order for (a) abstention pursuant to 28 U.S.C. 1334(c); (b) relief from the automatic stay pursuant to 362(d) of title 11 of the United States Code (the "Bankruptcy Code"); and (c) for an order limiting the scope of the claim objection hearing scheduled for July 19, 2007.

      2.    Annexed hereto as Exhibit "1" is the Answer that Furukawa filed in the action captioned <u>Delphi Automotive Systems, LLC v. Furukawa Electric North America APD, Inc. et al.</u>, Case No. 04-54245-CK in the Circuit Court for the County of Saginaw, Michigan.

New York, New York
July 11, 2007

                                      /s/ Sean P. McGrath
                                      Sean P. McGrath

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

DELPHI AUTOMOTIVE SYSTEMS, LLC,
A Delaware corporation,

        Plaintiff,                    Case No.: 04-54245-CK

v

FURUKAWA ELECTRIC NORTH AMERICA
APD, INC., a foreign profit corporation, and
THE FURUKAWA ELECTRIC CO. LIMITED,
a foreign profit corporation,

        Defendants.
_____/

A.T. Lippert, Jr. (P16714)
Lippert, Humphreys, Campbell, Dust & Humphreys, P.C.
Attorneys for Plaintiff
4800 Fashion Square Blvd., Suite 410
Saginaw, Michigan 48604-2604
(989) 792-2552

Donald R. Parshall, Jr. (P30267)
Delphi Corporation
Co-Counsel for Plaintiff
5825 Delphi Drive
Troy, Michigan 48098-2815
(248) 813-3367

William E. Rohn (P33255)
Michael S. McElwee (P36088)
Elizabeth J. Fossel (P41430)
Varnum, Riddering, Schmidt & HowlettLLP
Attorneys for Defendants
Bridgewater Place, P.O. Box 352
Grand Rapids, Michigan 49501-0352
(616) 336-6000
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF FURUKAWA ELECTRIC NORTH AMERICA APD, INC. AND THE FURUKAWA ELECTRIC CO. LIMITED

NOW COME Defendants, Furukawa Electric North America APD, Inc. and The Furukawa Electric Co. Limited, by and through their counsel, Varnum, Riddering, Schmidt &

HowlettLLP, state for their Answer to the Complaint of Plaintiff Delphi Automotive Systems, LLC ("Delphi") the following:

### Parties, Jurisdiction, and Venue

1. Delphi is incorporated under the laws of the State of Delaware and has its principal place of business at 5825 Delphi Drive, Troy, Michigan 48089-2015. Delphi manufacturers a wide variety of products for the automotive industry, including steering columns for General Motors.

**ANSWER:** **This allegation is neither admitted nor denied as Defendant is without knowledge or information sufficient to form a belief as to its truth.**

2. Defendant Furukawa Electric North America APD, Inc is a foreign profit corporation authorized to do business in the State of Michigan. Its registered office is 601 Abbott Road, East Lansing, Michigan 48823. Its resident agent is CSC - Lawyers Incorporating Service, 601 Abbott Road, East Lansing, Michigan 48823.

**ANSWER:** **This allegation is admitted.**

3. The Furukawa Electric Co. Limited is a foreign profit corporation having its principal place of business in Marunouchi, Chiyoda-KU Tokyo, Japan. Defendant Furukawa Electric North America APD, Inc. is its agent, representative, and sales representative within the State of Michigan.

**ANSWER:** **This allegation is admitted.**

4. The defendants maintain a business office at 47677 Galleon Drive, Plymouth, Michigan 48170.

**ANSWER:** **This allegation is admitted as to Defendant Furukawa Electric North America APD, Inc. As to Defendant Furukawa Electric Co. Limited, this allegation is denied for the reason that the same is untrue.**

5. A torque and position sensor, Delphi part number 26085186, is manufactured by the defendants and sold by the defendants to Delphi in accordance with the terms of a Delphi purchase order issued to Furukawa Electric North American APD, Inc. on September 12, 2001,

2

(attached Exhibit A) and in accordance with the terms of a Long Term Contract between Delphi and Furukawa Electric Co. Limited on September 7, 2000 (attached Exhibit B).

ANSWER:    **It is admitted that the products are manufactured by Defendant Furukawa Electric Co. Limited and that the products are sold through Defendant Furukawa Electric North America APD, Inc.**

6.    The torque and position sensor manufactured and sold by the defendants are shipped to Delphi's manufacturing facility in Saginaw, Michigan.

ANSWER:    **This allegation is admitted.**

7.    The torque and position sensors are assembled by Delphi into Power Steering Assist Mechanisms that are then assembled into steering columns. The steering columns manufactured by Delphi in its Saginaw manufacturing facility, and are sold by Delphi to General Motors Corporation for assembly into General Motors vehicles.

ANSWER:    **This allegation is admitted, upon information and belief.**

8.    Jurisdiction is proper in the Saginaw County Circuit Court pursuant to MCL 600.605 because the amount in controversy exceeds $25,000.00, exclusive of costs, interest and attorney fees.

ANSWER:    **This allegation is admitted.**

9.    Venue is proper in this court pursuant to MCL 600.1629. The contracts of the parties were made in Saginaw County.

ANSWER:    **This allegation is admitted, upon information and belief.**

## COUNT I
## BREACH OF CONTRACT

10.    Delphi re-alleges each of the preceding paragraphs in paragraphs 1 through 9.

ANSWER:    **Defendants hereby reallege their responses to Paragraphs 1 through 9 of the Complaint as though set forth here in their entirety.**

3

11. Delphi issued its Purchase Order SAG9OI4710 to Furukawa Electric North America APD, Inc. on September 12, 2001. The purchase order provided for the sale by Furukawa Electric North America APD, Inc. of torque and position sensors, Delphi part number 26085186, at an agreed price. (Exhibit A).

ANSWER: This allegation is admitted.

12. A Long Term Contract was issued by Delphi acting through its Saginaw steering division as "Buyer" to the Furukawa Electric Co. Limited as "Seller." (Exhibit B) The Long Term Contract provided for the sale by Furukawa Electric Co. Limited of part number 26085186 to Delphi.

ANSWER: This allegation is admitted.

13. All parts sold by the defendants were to be manufactured in accordance with specifications provided by Delphi to the defendants.

ANSWER: This allegation is admitted to the extent and understanding outlined in mutually-agreed revisions of the Delphi Product Specification.

14. The defendants agreed to manufacture the torque and position sensor in accordance with Delphi specifications and had actual knowledge that failure to conform to Delphi specifications would result in product failure and resultant losses and damages.

ANSWER: This allegation is denied for the reason that the same is untrue.

15. The torque and position sensors sold by the defendants to Delphi for assembly into its Power Steering Assist Mechanism and its steering columns were subject to warranties that provide:

> "7.1 General. Seller warrants and guarantees to Buyer, its successors, assigns and customers that the goods and services covered by this Contract will (a) conform to all applicable specifications, drawings, samples, descriptions, brochures and manuals furnished by Seller or Buyer, (b) will be merchantable, (c) of good material and workmanship, (d) free from defect, and (e) are fit and sufficient for the particular purposes intended by Buyer and any customer of Buyer. If requested by Buyer, Seller will enter into a separate agreement for the administration or processing of warranty chargebacks for nonconforming goods.

4

       7.3 <u>Warranty Period</u>. The period for each of the foregoing warranties will be that provided by applicable law, except that if Buyer ever provides a longer warranty to its customers, such longer warranty period will apply to the goods covered by this Contract."

**ANSWER:**  **It is admitted that the terms quoted in this paragraph appear in Delphi's General Terms and Conditions and, therefore, this allegation is admitted on information and belief.**

  16. The defendants requested twice that material revisions be made to the part specifications in order that the defendants could change the physical characteristics of the torque and position sensor. Delphi considered this request for the change in specifications and the requests were not granted for sound metallurgical and engineering reasons.

**ANSWER:**  **This allegation is denied for the reason that the same is untrue.**

  17. The defendants, acting without the required knowledge and consent of Delphi, materially altered the specifications of the torque and position sensor. This material and unauthorized change was made by the defendants prior to their first request to Delphi to alter the specifications of the part, while knowing that approval of Delphi of the part specification was required. This material and unauthorized change resulted in the failure of the torque and position sensor. The failure of the torque and position sensor led to failures in the Power Steering Assist Mechanism sold by Delphi to General Motors and installed in General Motors vehicles.

**ANSWER:**  **This allegation is denied for the reason that the same is untrue.**

  18. The defendants acknowledge and admit that they made material changes to the specifications for the torque and position sensor without Delphi's consent.

**ANSWER:**  **This allegation is denied for the reason that the same is untrue.**

  19. The defendants breached the contracts made between them and Delphi and breached the warranties made by them to Delphi.

**ANSWER:**  **This allegation is denied for the reason that the same is untrue.**

  20. It is essential that at all times Delphi maintain its reputation with General Motors and with its other customers as a competent skillful manufacturer of automotive parts. The actions of the defendants constituting a breach of contract were intentional, and it was reasonably

5

foreseeable that such intentional acts would cause injury and damage to the reputation of Delphi as a competent and skillful manufacturer of automotive parts.

ANSWER:   This allegation is denied for the reason that the same is untrue.

21.   As a direct consequence of the breach of contract, and breach of warranties, and the intentional violation of the terms of the contract, Delphi has sustained losses and damages.

ANSWER:   This allegation is denied for the reason that the same is untrue.

WHEREFORE, Defendants pray for a judgment of no cause of action in their favor and against Plaintiff and further pray for an award of their attorneys fees and costs incurred in the defense of this action as well as any other relief to which this Court deems these Defendants entitled.

## COUNT II
## VIOLATION OF UCC WARRANTIES

22.   Delphi re-alleges each of the preceding paragraphs made in paragraphs 1 through 21.

ANSWER:   Defendants hereby reallege their responses to Paragraphs 1 through 21 of the Complaint as though set forth here in their entirety.

23.   The contracts made between Delphi and the defendants are subject to the provisions of the Michigan Uniform Commercial Code.

ANSWER:   This allegation is admitted, upon information and belief.

24.   At the time that the contracts were made between Delphi and the defendants, the defendants had reason to know that the torque and position sensors would be used for a particular purpose and that Delphi was relying upon the skill and judgment of the defendants to furnish suitable goods meeting the specifications of Delphi.

ANSWER:   This allegation is admitted except that, by way of further answer, Defendant also relied upon Delphi's skill and judgment in determining that the

6

specifications would be fit for the particular purpose for which the goods would be used and further relied upon Delphi's proper assembly and usage of the part.

25. The defendants expressly warranted that the torque and position sensors would be manufactured in strict accordance with Delphi's engineering and quality specifications.

ANSWER: This allegation is denied for the reason that the same is untrue.

26. The defendants breached the express and implied warranties created by the contracts and by the provisions of Michigan Uniform Commercial Code. MCLA 440.2315, MCLA 440.23 13.

ANSWER: This allegation is denied for the reason that the same is untrue.

27. As a direct consequence of the breach of express and implied warranties and the intentional violations of the terms of the contracts and the Michigan Uniform Commercial Code, Delphi has sustained losses and damages.

ANSWER: This allegation is denied for the reason that the same is untrue.

WHEREFORE, Defendants pray for a judgment of no cause of action in their favor and against Plaintiff and further pray for an award of their attorneys fees and costs incurred in the defense of this action as well as any other relief to which this Court deems these Defendants entitled.

## COUNT III
## TORTIOUS INTERFERENCE

28. Delphi re-alleges each of the preceding paragraphs made in paragraphs 1 through 27.

ANSWER: Defendants hereby reallege their responses to Paragraphs 1 through 27 of the Complaint as though set forth here in their entirety.

7

29. At all times pertinent to this complaint Delphi had a business relationship with General Motors Corporation and the expectancy of future business with General Motors Corporation.

ANSWER:    This allegation is neither admitted nor denied as Defendants are without knowledge or information sufficient to form a belief as to its truth.

30. The business relationship and the expectancy of a continuing business relationship had a reasonable likelihood of future economic benefit for Delphi.

ANSWER:    This allegation is neither admitted nor denied as Defendants are without knowledge or information sufficient to form a belief as to its truth.

31. The defendants, and each of them, knew of Delphi's business relationship with General Motors and its expectation that the economically beneficial business relationship would continue.

ANSWER:    This allegation is neither admitted nor denied as Defendants are without knowledge or information sufficient to form a belief as to its truth.

32. Defendants manufactured and sold to Delphi torque and position sensors that did not meet the manufacturing specifications of Delphi and were unsuitable for installation into electric steering columns.

ANSWER:    This allegation is denied for the reason that the same is untrue.

33. The intentional sale of a known defective parts interfered with Delphi's business relationship with General Motors and Delphi's expectancy of a continuing business relationship.

ANSWER:    This allegation is denied for the reason that the same is untrue.

34. The actions of the defendants were improper and the improper conduct interfered with Delphi's business relationship with General Motors and the expectancy of continuing business relationship.

ANSWER:    This allegation is denied for the reason that the same is untrue.

8

35. The defendants' conduct has caused a disruption in the business relationship existing between Delphi and General Motors. The Delphi steering columns sold to General Motors and installed by General Motors in its vehicles have been subject to warranty issues because they do not meet Delphi and General Motors specifications.

ANSWER: This allegation is denied for the reason that the same is untrue.

36. There is a reasonable likelihood that the intentional conduct of the defendants will further disrupt and damage the business relationship existing between Delphi and General Motors and the expectancy of a continuing business relationship between Delphi and General Motors.

ANSWER: This allegation is denied for the reason that the same is untrue.

37. Delphi has been financially damaged as a direct result of defendant's intentional and tortious conduct.

ANSWER: This allegation is denied for the reason that the same is untrue.

WHEREFORE, Defendants pray for a judgment of no cause of action in their favor and against Plaintiff and further pray for an award of their attorneys fees and costs incurred in the defense of this action as well as any other relief to which this Court deems these Defendants entitled.

## COUNT III
## FRAUD AND MISREPRESENTATION

38. Delphi re-alleges each of the allegations made in paragraphs I through 37 inclusive.

ANSWER: Defendants hereby reallege their responses to Paragraphs 1 through 37 of the Complaint as though set forth here in their entirety.

39. At all times pertinent to this complaint the defendants, and each of them, represented to Delphi that the torque and position sensor manufactured by them met the manufacturing specifications of Delphi and General Motors.

ANSWER:    This allegation is admitted as to the Delphi Product Specification. All remaining matters in this allegation are neither admitted nor denied as Defendant is without knowledge or information sufficient to form a belief as to their truth.

40.   The representations made by the defendants were false.

ANSWER:    This allegation is denied for the reason that the same is untrue.

41.   The defendants knew that the representations were false.

ANSWER:    This allegation is denied for the reason that the same is untrue.

42.   The defendants recklessly represented that the torque and position sensor met the specifications of Delphi and General Motors without knowing whether the representation was true.

ANSWER:    This allegation is denied for the reason that the same is untrue.

43.   Defendants made the representations with the intent that Delphi rely upon their representations.

ANSWER:    This allegation is admitted as to the Delphi Product Specification. All remaining matters in this allegation are neither admitted nor denied as Defendant is without knowledge or information sufficient to form a belief as to their truth.

44.   Delphi relied upon the representations made by the defendants.

ANSWER:    This allegation is neither admitted nor denied as Defendant is without knowledge or information sufficient to form a belief as to its truth.

45.   Delphi was damaged as a result of its reliance upon the representations made by the defendants and each of them.

ANSWER:    This allegation is denied for the reason that the same is untrue.

10

WHEREFORE, Defendants pray for a judgment of no cause of action in their favor and against Plaintiff and further pray for an award of their attorneys fees and costs incurred in the defense of this action as well as any other relief to which this Court deems these Defendants entitled.

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
Attorneys for Defendants

Dated: 3/15/05        By: _____
William E. Rohn (P33522)
Michael S. McElwee (P36088)
Elizabeth J. Fossel (P41430)

Business Address and Telephone:
Bridgewater Place, P.O. Box 352
Grand Rapids, Michigan, 49501-0352
(616) 336-6000

### AFFIRMATIVE DEFENSES

Defendants state that they may rely on one or all of the following affirmative defenses prior to or at the time of trial:

1. Plaintiff's Complaint fails to state a claim upon which relief can be given.

2. Plaintiff has failed to mitigate its damages.

3. Plaintiff's Complaint is barred by the doctrine of laches and/or waiver.

4. Plaintiff's damages were caused by Plaintiff's own actions.

11

5.  Defendants reserve the right to add additional affirmative defenses made known to them through discovery in the within cause.

                                    VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
                                    Attorneys for Defendants

Dated:  3/15/05        By: _____
                            William E. Rohn  (P33255)
                            Michael S. McElwee (P36088)
                            Elizabeth J. Fossel (P41430)

                       Business Address and Telephone:
                            Bridgewater Place, P.O. Box 352
                            Grand Rapids, Michigan  49501-0352
                            (616) 336-6000

#1050106

12