KLESTADT & WINTERS, LLP
292 Madison Avenue, 17th Floor
New York, NY 10017-6314
(212) 972-3000
Tracy L. Klestadt (TK-3591)
John E. Jureller, Jr. (JJ-4697)
    and
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL  60606-1229
(312) 201-2000
Facsimile:  (312) 201-2555
Jonathan W. Young
Jeffrey L. Gansberg

Attorney for Equity Corporate Housing I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                  :
    In re                                           :          Chapter 11
                                                                  :
DELPHI CORPORATION, et al.,         :          Case No. 05-44481 (RDD)
                                                                   :
                      Debtors.               :          (Jointly Administered)
-----------------------------------------------------------------x

RESPONSE TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. §502(b) AND FED. R. BANK. P. 3007 TO CERTAIN (A)
INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS, (C) INSURANCE CLAIMS NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS AND UNTIMELY TAX
CLAIMS, AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO
<u>MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION</u>

      Equity Corporate Housing I ("Equity"), by its undersigned attorneys, hereby makes and

files this, its Response To Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To

11 U.S.C. §502(B) And Fed. R. Bank. P. 3007 To Certain (A) Insufficiently Documented

Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claims Not

Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims,

And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation, and states:

## INTRODUCTION

1.  The Debtor seeks to reduce a properly filed claim which attaches support for the amount of the claim because it is in an "incorrect amount or [is]overstated." However, the claim attaches an itemization of the amounts due and owing and is therefore entitled to prima facie validity and the mere suggestion that the claim is incorrect is not a viable basis for reducing it.

## BACKGROUND

2.  Prior to the petition date of these jointly administered cases, Equity provided corporate housing services to the Debtors. These services included housing certain of the Debtors' employees on a temporary basis.

3.  On or about April 3, 2006, Equity timely filed its proof of claim in the Debtors' bankruptcy cases seeking to recover amounts due and owing on account of services that Equity rendered for the benefit of the Debtors (the "Claim").

4.  On or about June 15, 2007, the Debtors filed their Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §502(B) And Fed. R. Bank. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (the "Objection"). The Objection sought to reduce the Claim from the amount as filed to an amount allegedly contained in the Debtors' books and records.

**ARGUMENT**

5.      The Objection seeks to disallow the Claim because, according to the Debtors, their books and records evidence a reduced liability to Equity.

6.      Pursuant to 11 U.S.C. §502 and Federal Rule of Bankruptcy 3002, the Claim is prima facie valid as filed.

7.      Despite the prima facie validity of the Claim, the Debtors have provided no evidence to refute the Claim.  "Upon objection, the proof of claim provides 'some evidence as to its validity and amount' and is 'strong enough to carry over a mere formal objection without more.'" *Lundell*, 223 F.3d at 1039 *quoting Wright v. Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *see* 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed. 1991).  To defeat the Claim, the Debtors must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Holm*, 931 F.2d at 623.

8.      In this case, the Debtors have done nothing more than to make a generic "form" objection in an omnibus proceeding, merely stating that the Debtors books and records do not evidence the same liability as in the Claim.  This is not sufficient.

WHEREFORE, Equity respectfully requests that this Court enter an order:

A. Overruling the Objection to the Claim;

B. Allowing the Claim as filed; and

C. Granting such other relief as is equitable and just.

Dated: July 11, 2007

Respectfully submitted,

By: */s/ John E. Jureller, Jr.*

Tracy L. Klestadt (TK-3591)
John E. Jureller, Jr. (JJ-4697)
KLESTADT & WINTERS, LLP
292 Madison Avenue, 17th Floor
New York, NY 10017-6314
(212) 972-3000

-and-

Jonathan W. Young
Jeffrey L. Gansberg
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000

Attorneys for Equity Corporate Housing I