JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
Ronald R. Peterson (RP 5430)
Andrew S. Nicoll (AN 9687)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
In re                                                      :    Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :    Case No. 05-44481 (RDD)
                                                           :
                              Debtors.                     :    (Jointly Administered)
---------------------------------------------------------- X

## RESPONSE OF CONTECH LLC
## TO DEBTORS' SEVENTEENTH OMNIBUS CLAIMS OBJECTION

CONTECH LLC ("Contech"), by and through its undersigned counsel, hereby responds to the objection of the above-captioned debtors (the "Debtors") to the proof of claim of Contech (formerly the claim of SPX Corporation), Claim No. 10397, as set forth in the Debtors' Seventeenth Omnibus Claims Objection [Docket No. 8270] (the "Omnibus Objection"), and in support thereof, states as follows:

## Background

1.     On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.     On October 8, 2005, the Debtors filed its Motion for Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (the "Reclamation Procedures Motion") [Docket No. 21]. By the Reclamation Procedures Motion, the Debtors sought approval of a procedure

pursuant to which, <u>inter alia</u>, sellers of goods received, accepted, and not returned by the Debtors who timely asserted reclamation demands were entitled to administrative expense priority claims under section 503(b) of the Bankruptcy Code for the value of the goods. On November 4, 2005, the Bankruptcy Court entered a final order granting the Reclamation Procedures Motion [Docket No. 881].

3. On October 14, 2005, SPX Corporation, sent to the Debtors and their counsel via facsimile and overnight mail a notice (the "<u>Reclamation Demands</u>") demanding the return of goods delivered to the Debtors. The Reclamation Demand was later designated by the Debtors as Reclamation Claim No. 507. At the Debtors' request, SPX Corporation provided the Debtors with detailed information and documentation regarding the goods listed in the Reclamation Demand.

4. The Debtors refused to permit reclamation against certain of the goods listed in the Reclamation Demand alleging that those goods were received by the Debtors post-petition (the "Post-Petition Goods"). Despite the Debtors representations that the Post-Petition Goods would be paid for in the ordinary course of the Debtors' business, the Debtors have not made any payments on account of the Post-Petition Goods.

5. On July 24, 2006, SPX Corporation filed a proof of claim asserting an administrative priority claim for payment on certain of the Post-Petition Goods. Attached to the proof of claim was a schedule listing the goods at issue and information relating to their delivery and value. The attachment also explained that SPX Corporation was asserting an administrative priority under section 11 U.S.C. § 503(b). This proof of claim was assigned Claim No. 10397.

6. In April 2007, SPX Corporation sold a portion of its business operations to Marathon Automotive Group, LLC. As part of this sale, SPX Corporation assigned Claim No. 10397 to CONTECH, LLC, a subsidiary of Marathon Automotive Group, LLC.

7. On July 11, 2007, CONTECH, LLC, filed with this Court a Notice of Transfer for Claim No. 10397.

8. On June 15, 2007, the Debtors filed the Omnibus Objection by which the Debtors sought, inter alia, to reclassify Claim No. 10397 as a general unsecured claim based solely upon the Debtors' unexplained determination.

## BASES FOR OVERRULING
## THE OBJECTION TO CLAIM NO. 10397

9. Claim No. 10397, including its attached schedule, is self-sustaining and constitutes prima facie evidence of the existence of Claim No. 10397. The Debtors have not sustained their burden in opposition to Claim No. 10397.

**Claim No. 10397 are Prima Facie Valid and Should be Allowed as Filed**

10. It is axiomatic that a timely filed proof of claim is prima facie valid provided it complies with the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 3001. See, e.g, In re Waterman, 248 B.R. 567, 570 (8th Cir. B.A.P. 2000) (citing Brown v. I.R.S. (In re Brown), 82 F.3d 801, 805 (8th Cir. 1996)). To overcome this prima facie evidence, the party objecting to the proof of claim must come forth with evidence of probative force equal to that of the proof of claim. See, e.g., Simmons v. Savell (In re Simmons), 765 F.2d 547, 552 (5th Cir. 1985). See also McDaniel v. Riverside County Dep't Of Child Support Servs. (In re McDaniel), 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001) ("A proof of claim which comports with the

requirements of Bankruptcy Rule 3001(f) constitutes prima facie evidence of the validity and amount of the claim," and filing an objection "does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence."); Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence") (emphasis in original).

11.     Only after the objecting party has introduced sufficient evidence to rebut the prima facie effect of the proof of claim does the burden revert to the claimant to prove the validity of the claim by a preponderance of the evidence. See, e.g., Carrieri v. Jobs.com, Inc., 393 F.3d 508, 533 (5th Cir. 2004) (citing In re O'Connor, 153 F.3d 258, 260 (5th Cir. 1998)); Fullmer v. United States (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("Th[e] evidentiary presumption [of a properly filed proof of claim] remains in force even though an objection to the claim is filed by a party in interest.  To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying proof of claim.  Only then is the ultimate burden of persuasion with the proponent of the proof of claim") (internal citations omitted).

12.     In the Omnibus Objection, the Debtors failed to state any basis in law or fact for reclassifying Claim No. 10397.  As such, the Debtors' Objection is devoid of any admissible evidence to rebut the prima facie validity of Claim No. 10397.  Instead, the Omnibus Objection relies solely upon the representation that the classification of Claim No. 10397 is incorrect.  Such ipse dixit statements do not constitute substantial or substantive evidence and are insufficient to shift the Debtors' burden.

13. SPX Corporation properly and timely filed Claim No. 10397 which included a schedule listing the packing slip numbers, part number, quantity, Delphi plant, and value of goods delivered on which sales the claim was based. Nowhere in the Omnibus Objection did the Debtors explain the factual bases for the proposed reclassification of Claim No. 10397. Furthermore, the Debtors did not produce any documentation or otherwise rebut the information set forth in Claim No. 10397. Based upon the failure to address the underlying merits of Claim No. 10397, the Debtors have not sustained their burden of proof.

14. Based upon the information provided with Claim No. 10397 (which the Debtors did not address), the Debtors have not sustained their burden of proof. Accordingly, the Debtors' Objection to Claim No. 10397 should be overruled.

**WHEREAS**, CONTECH LLC respectfully requests that an Order be entered: (i) overruling the Debtors' Objection to Claim No. 10397 with prejudice; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: July 12, 2007

By: */s Ronald R. Peterson*

JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
Ronald R. Peterson (RP 5430)
Andrew S. Nicoll (AN 9687)

Counsel for CONTECH LLC

## CERTIFICATE OF SERVICE

      I, Ronald R. Peterson, an attorney, hereby certify that on July 11, 2007, I served a copy of the attached **RESPONSE OF CONTECH LLC TO DEBTORS' SEVENTEENTH OMNIBUS CLAIMS OBJECTION** on the following parties by overnight delivery, and upon other interested parties through the Court's electronic filing system:

      Delphi Corporation
      5725 Delphi Drive
      Troy, Michigan 48098
      Att'n: General Counsel

      Skadden, Arps, Slate, Meagher & Flom LLP,
      333 West Wacker Drive
      Suite 2100
      Chicago, Illinois 60606
      Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese

      */s/ Ronald R. Peterson*
      Ronald R. Peterson

1554928