**Hearing Date and Time:**
July 19, 2007 at 10:00 a.m. EDT
**Response Deadline:**
4:00 p.m. EDT, July 12, 2007

DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005-1116
Telephone:    (212) 248-3140
Facsimile:    (212) 348-3141
Janice B. Grubin (JG 1544)

—and—

HOWICK, WESTFALL, McBRYAN & KAPLAN, LLP
3101 Tower Creek Parkway
Suite 600, One Tower Creek
Atlanta, Georgia 30339
Telephone:    (678) 384-7000
Facsimile:    (678) 384-7034
Louis G. McBryan (LG 1352)

Attorneys for Vanguard Distributors, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | |
| | : | |
| DELPHI CORPORATION, et al., | : | Chapter 11 |
| | : | |
| Debtors. | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | |
| | : | (Jointly Administered) |

**RESPONSE OF VANGUARD DISTRIBUTORS, INC. TO DEBTORS'**
**SEVENTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**

{File: 00001879.DOC /}

Vanguard Distributors, Inc. ("Vanguard"), by and through its attorneys, hereby submits this response (the "Response")[1] to the Seventeenth Omnibus Objection to Proofs of Claim the ("Omnibus Objection"), filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). In support of this Response, Vanguard respectfully represents as follows:

## BACKGROUND

1. On or about July 11, 2006, Vanguard filed a proof of claim (Claim No. 9319) (the "Vanguard Claim"), in the amount of $788,321.49, in this case against Debtor Delphi Automotive Systems LLC related to Purchase Orders between Vanguard and the Debtors for "build to print" equipment for installation and use at various of the Debtors' manufacturing facilities. Attached hereto as Exhibit "A" is the list of unpaid purchase orders (the "Purchase Order List") billed to the Debtors by Vanguard.[2]

## ARGUMENT

*The Vanguard Claim Should Be Allowed in the Amount of $788,321.49*

2. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, Vanguard's timely filed proof of claim constitutes *prima facie* evidence of the validity and amount of such claim. In order to rebut that evidence, a proper objection must set forth specific evidence that is equal in force to the prima facie case. See In re: King, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with sufficient evidence rebutting the validity of a properly filed proof of claim.") (citations omitted); see also In re Allegheny Int'l, Inc., 954 F.2d 176, 173-74 (3rd Cir.

---

[1] Vanguard reserves the right to supplement this Response prior to any hearing on the Omnibus Objection and to present additional arguments at any hearing on the Omnibus Objection.

[2] Vanguard also has and will assert an administrative claim for sums due and owing it under its post petition management agreement with the Debtors. Further, due to the actions of the Debtors in breaching that post petition agreement there have arisen post petition state law claims to be asserted against the Debtors by Vanguard.

2

1992) ("[T]he objector must produce evidence equal in force to the *prima facie* case.") (citations omitted); In re Burger, 125 B.R. 894, 902 (Bankr. D.Del. 1991) ("The proof of claims is *prima facie* evidence of a debt and creates a presumption of validity which must be objected to and rebutted by some showing of evidence.") (citations omitted). An objecting party must allege facts necessary to support the objection – at least enough to overcome the *prima facie* validity of the proof of claim – and not describe the theories upon which the objection is founded. See Collier on Bankruptcy ¶3007.01[3] (15th ed. 2006).

3. The Omnibus Objection is devoid of any facts addressing the validity of the Vanguard Claim. There is no assertion by the Debtors that Vanguard did not supply the equipment evidenced by the Purchase Order List attached hereto. Accordingly, Vanguard submits that the Debtors have failed to rebut the *prima facie* validity of the Vanguard Claim.

4. The Omnibus Objection is insufficient to overcome the presumption of validity provided by Rule 3001(f), and the Debtors have failed to provide any grounds upon which this Court could rely to reduce, modify or expunge the Vanguard Claim. The Debtors have no defense in law or in equity to the allowance of the Vanguard Claim in the amount of $788,321.49.

## WAIVER OF MEMORANDUM OF LAW

5. Pursuant to Local Rule 9013-1(b), Vanguard respectfully requests that the Court waive the requirement of a memorandum of law in support of this Response, since the legal points and authorities which this Response relies upon are incorporated herein. Accordingly, Vanguard respectfully requests that this Court find that Rule 9013-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

6.   Vanguard reserves its right to supplement this Response with additional briefing made necessary by the response of any party, or as may be requested by the Court.

## NOTICE

7.   Pursuant to the Omnibus Objection and the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims, entered December 7, 2006, copies of this Response have been served upon: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom, LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton) by overnight delivery so as to be received by 4:00 p.m. Eastern Time, July 12, 2007.

**WHEREFORE**, Vanguard respectfully requests that this Court: (i) deny the Omnibus Objection to the extent it seeks to reduce or expunge the Vanguard Claim below $788,321.49; (ii) allow the Vanguard Claim in the amount of $788,321.49; and (iii) grant Vanguard such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 11, 2007

                                        By: */s/ Janice B. Grubin*
                                            Janice B. Grubin (JG 1544)
                                            DRINKER BIDDLE & REATH LLP
                                            140 Broadway, 39th Floor
                                            New York, New York 10005-1116
                                            Telephone:   (212) 248-3140
                                            Facsimile:   (212) 348-3141

        —and—

Louis G. McBryan (LM 1352)
HOWICK, WESTFALL, McBRYAN &
KAPLAN, LLP
3101 Tower Creek Parkway
Suite 600, One Tower Creek
Atlanta, Georgia 30339
Telephone:   (678) 384-7000
Facsimile:   (678) 384-7034
Attorneys for Vanguard Distributors, Inc.

NY01/ 6009818

5