**Hearing Date and Time: July 19, 2007 at 10:00 a.m.**
**Response Date and Time: July 12, 2007 at 4:00 p.m.**

Steve Kieselstein (SK 3658)
KIESELSTEIN LAW FIRM, PLLC
43 British American Boulevard
Latham, New York 12110
E-mail:  sk@kieselaw.com

Attorneys for NEC Electronics America, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             )
In re:                                                       )
                                                             )    Chapter 11
DELPHI CORPORATION, et al.,                                  )    Case No. 05-44481 (RDD)
                                                             )    Jointly Administered
          Debtors.                                           )
-------------------------------------------------------------x

## RESPONSE OF NEC ELECTRONICS AMERICA, INC.
## TO DEBTORS' OBJECTION TO CLAIM NO. 16368

NEC ELECTRONICS AMERICA, INC. ("NEC"[1]) hereby responds to Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claim Not Reflected on Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation [Docket No. 8270] (the "Objection") as follows:

---

[1] On June 29, 2007, NEC and JP Morgan Chase Bank, N.A. ("JPMC") entered into an Assignment of Claim (the "Assignment"), pursuant to which NEC assigned Claim No. 16368 to JPMC, but assumed the defense of the Debtors' Objection to this claim.  Evidence of the transfer of this claim has been filed with the Court in the above Chapter 11 case [Docket No. 8438].

1

**Preliminary Statement**

The Debtors and NEC agree that the valid amount of NEC's reclamation claim against Delphi Automotive is $3,424,138.98. They disagree about whether (1) the amount of NEC's claim in excess of its reclamation claim is $6,172,133.12, as the Debtors claim, or $6,487,839.09, as NEC claims, (2) $308,024.19 of such excess claim amount is secured by a right of setoff, and (3) NEC's entire claim lies solely against Automotive or also against Delphi Corporation. The documentation attached to and incorporated by reference in NEC's Amended Proof of Claim supports NEC's position on these three issues, and has not been controverted by the Objection. Accordingly, NEC's claim should be allowed in the amount of $9,911,978.07—$3,424,138.98 as a reclamation claim, and the balance as a general unsecured claim, except to the extent secured by the right of setoff referred to above—and the Objection should be dismissed.

**Discussion**

1.    The Debtors scheduled NEC's claim as a $9,463,994.71 liquidated, undisputed, non-contingent general unsecured claim against Delphi Automotive LLC ("Automotive").[2]

2.    NEC's original proof of claim, filed on July 28, 2006 (the "Original Proof of Claim"[3]), asserted a total claim in the amount of $9,716,779.51[4] against Automotive "and any other debtors that (i) are the subject of [this] Case . . . and (ii) have ordered, agreed to pay for or received any [NEC] Parts . . . or any proceeds thereof, or are

---

[2] See attached Exhibit A.
[3] See attached Exhibit B. The exhibits filed with the Original Proof of Claim have been omitted from this Response because it doesn't refer to their content.
[4] $3,424,138.98 of this amount was asserted as a priority reclamation claim, $308,024.19 as a claim secured by a right of setoff, and the $5,984,616.34 balance as a general unsecured, non-priority claim.

2

otherwise contractually liable for such Parts under applicable documentation or law. . . ."[5]

3. NEC filed its Original Proof of Claim against multiple Debtors because the Debtors issued purchase orders to NEC under several different names, including Automotive and the "Delphi Electronics and Safety Division" of Delphi Corporation.

4. NEC filed an amended proof of claim on or about October 16, 2006 (the "Amended Proof of Claim"[6]), in response to Debtors' decision to deny post-petition treatment to certain related NEC cancellation charges, and repayment by a Delphi co-obligor of a small invoice included in NEC's claim. The Amended Proof of Claim attached a copy of the Original Proof of Claim as an exhibit, increased only the general unsecured portion of the claim (from $5,984,616.34 to $6,179,814.90) and expressly provided that, except as noted in the preceding sentence, the Original Proof of Claim remained in full force and effect.[7]

5. On May 2, 2007, pursuant to their Fourteenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (a) Duplicate and Amended Claims and (b) Protective Claims (the "Procedural Objection"), the Debtors sought to expunge the Original Proof of Claim as duplicative of the Amended Proof of Claim.

6. On June 22, 2007, NEC filed a response opposing the Procedural Objection (the "Procedural Objection Response") [Docket No. 8295].

7. The hearing on the contested matter commenced by the filing of the Procedural Objection Response, originally scheduled for June 26, 2007, has been adjourned to an unspecified future hearing date pursuant to that certain Order Pursuant to

---

[5] Addendum to Original Proof of Claim, Ex. B at ¶1.
[6] See attached Exhibit C. The Exhibits to the Amended Proof of Claim have likewise been omitted.
[7] Addendum to Amended Proof of Claim, Ex. C at ¶1.

3

11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging (A) Duplicate or Amended Claims and (B) Protective Claims Identified in Fourteenth Omnibus Claims Objection, entered by the Court on June 29, 2007.

8. Efforts by NEC and the Debtors to reconcile the claim amount have narrowed but not yet eliminated the parties' differences with respect thereto.

9. The Debtors have yet to provide to NEC information sufficient for NEC to confirm whether solely Automotive, or also Delphi Corporation and/or additional Debtors, are liable on NEC's claim.

10. The Debtors have set forth no evidence to contradict the validity, amount, or classification of NEC's claim, despite the fact that "[the] party objecting to the claim has the burden of putting forth evidence sufficient to negate the prima facie validity of the claim by refuting one or more of the facts in the filed claim." In re St. Johnsbury Trucking Co., Inc., 206 Bankr. 318, 323 (Bankr. S.D.N.Y. 1997), aff'd 221 Bankr. 692 (S.D.N.Y. 1998), aff'd 173 F.3d 846 (2nd Cir. 1999) (citations omitted).

11. As suggested by other respondents to the Objection, see, e.g., Response of Contrarian Funds, LLC, dated July 10, 2007 [Docket No. 8508], the Debtors' request to modify NEC's claim now while reserving the right to file yet another objection to it later also wastes the Court's, the Debtors' and NEC's resources by permitting the Debtors to chip away at properly filed claims without committing themselves to a binding resolution of them.

12. NEC reserves the right to amend and supplement this Response. Nothing contained herein is intended to limit or modify the Procedural Objection Response previously filed by NEC.

4

WHEREFORE, NEC respectfully requests that this Court enter an Order overruling Debtors' Objection to Claim 16368, allowing such claim as and to the extent set forth above, and granting NEC such other and further relief as is just and proper.

Dated: Latham, New York
July 11, 2007

    Respectfully submitted,

    KIESELSTEIN LAW FIRM, PLLC
    Attorneys for NEC Electronics America, Inc.


By: /s/Steve Kieselstein
    Steve Kieselstein (SK 3658)

43 British American Boulevard
Latham, New York  12110
(518) 785-7800
E-mail:  sk@kieselaw.com

**EXHIBIT A**

In re: DELPHI AUTOMOTIVE SYSTEMS LLC Debtor, Case No. 05-44640 Entity #39

## AMENDED AND RESTATED SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1626119 - 10408112<br>NEBRASKA INDUSTRIES CORP INC<br>447 E WALNUT ST<br>WAUSEON OH 43567 | ACCOUNTS PAYABLE | | $118,453.81 |
| 1626120 - 10408113<br>NEC ELECTRONICS INC<br>Attn CREDIT MSC71401<br>2880 SCOTT BLVD<br>SANTA CLARA CA 95050 | ACCOUNTS PAYABLE | | $9,463,994.71 |
| 1626127 - 10404371<br>NEEDEN REFRACTORIES CO<br>PO BOX 930313<br>NIXON MI 483930313 | ACCOUNTS PAYABLE | Disputed, Unliquidated | $0.00 |
| 1626128 - 10408114<br>NEDSCHROEF DETROIT CORP<br>5690 EIGHTEEN MILE ROAD<br>STERLING HEIGHTS MI 48314 | ACCOUNTS PAYABLE | | $1,043.05 |
| 1652292 - 10408220<br>NEDSCHROEF FRAULAUTERN GMBH<br>KLOSTERSTRABE 12<br>SAARLOUIS-FRAULAUTERN 66740<br>GERMANY | ACCOUNTS PAYABLE | | $0.02 |
| 1626130 - 10408405<br>NEDSCHROEF PLETTENBERG GMBH<br>POSTFACH 5144<br>958829 PLETTENBERG<br>GERMANY | ACCOUNTS PAYABLE | | $0.02 |
| 1626136 - 10408115<br>NEFF ENGINEERING COMPANY INC<br>PO BOX 8604<br>FORT WAYNE IN 46828 | ACCOUNTS PAYABLE | | $2,646.42 |
| 1626138 - 10408116<br>NEFF PERKINS CO<br>PO BOX 219<br>AUSTINBURG OH 44010 | ACCOUNTS PAYABLE | | $444,285.95 |
| 1028542 - 10006533<br>NEFF ROBERT<br>(Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1028546 - 10006534<br>NEHRON ROEL<br>(Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1028559 - 10006535<br>NEIGEBAUER STEVEN<br>(Address on File) | WORKERS COMPENSATION | Contingent, Disputed, Unliquidated | Unknown |
| 1626145 - 10408117<br>NEILSOFT INC<br>6850 N HAGGERTY ROAD<br>CANTON MI 48187 | ACCOUNTS PAYABLE | | $2,500.00 |

Page: 729 of 1151

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT   Southern   DISTRICT OF   New York   **PROOF OF CLAIM**

| Name of Debtor: Delphi Automotive Systems LLC [see attached Addendum] | Case Number: 05-44640 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
~~Nec Electronics Inc~~ NEC ELECTRONICS AMERICA, INC

Name and address where notices should be sent:
~~Nec Electronics Inc
Credit Mssc1401
2880 Scott Blvd
Santa Clara CA 95050~~
[For contact details, see attached Addendum]

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

The Debtor has listed your claim on Schedule F as a General Unsecured claim in the amount of $9,463,994.71. If you agree with this characterization and amount, you do not need to complete and return this form. If you disagree, please complete and return this form accordingly.

Master Code: 10400113

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces   ☐ amends   a previously filed claim, dated: _____
if this claim

1. **Basis for Claim**
   ☒ Goods Sold / Services Performed
   ☐ Customer Claim
   ☐ Taxes
   ☐ Money Loaned
   ☐ Personal Injury
   ☐ Other _____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
              (date)         (date)

2. Date debt was incurred:
   Various dates; see attached Addendum

3. If court judgment, date obtained:
   Not applicable

4. Total Amount of Claim at Time Case Filed: $ 5,984,616.34 + 308,024.19 + 3,424,138.98 = 9,716,779.51
   (unsecured)   (secured)   (priority)   (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. [see attached Addendum].

5. **Secured Claim.**
   ☒ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☒ Other _____
   Value of Collateral: $ 308,024.19
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. ~~Unsecured Nonpriority Claim~~ $ 5,984,616.34

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ 3,424,138.98 [reclamation claim]
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

8. **Credits**: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents**: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy**: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 7/27/06 | /s/ Steve Kieselstein   STEVE KIESELSTEIN   Kieselstein Law Firm PLLC Attorneys for Claimant |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544640060207175259008986

## ADDENDUM TO PROOF OF CLAIM OF
## NEC ELECTRONICS AMERICA, INC.

1. The claim asserted pursuant to the Proof of Claim of which this Addendum is a part (the "Claim") is asserted by NEC Electronics America, Inc. ("Claimant") against Delphi Automotive Systems, LLC ("DAS") and any other debtors that (i) are the subject of the Case (as defined below) and (ii) have ordered, agreed to pay for, or received any Parts (as defined below) or any proceeds thereof, or are otherwise contractually liable for such Parts under applicable documentation or law (together with DAS, the "Debtor"). As used herein, "Case" means, collectively, the above-captioned Chapter 11 case and any other Chapter 11 cases with which it is administratively consolidated.

2. The Claim is for parts delivered by Claimant to Debtor prior to the commencement of the Case ("Prepetition"), and certain Prepetition charges incurred with respect thereto, as detailed on the spreadsheets attached as, respectively, Exhibits A and B hereto and made a part hereof (the parts listed in such Exhibits are referred to collectively herein as the "Parts").

    a. Exhibit A hereto details all Parts shipped by Claimant to Debtor Prepetition for which Claimant has not yet been paid, and includes the following information: Claimant's invoice number (column C); the original amount of Claimant's invoices (column D); the outstanding amount of such invoices as of the commencement of the Case and as of the filing of this Proof of Claim (column E); the "pull" numbers assigned by Delphi when it "pulled" Parts from the warehouse referred to in paragraph 2.c below (column G); identifying internal Claimant comments relating to the invoices (column H); the dates of Claimant's invoices for the Parts "pulled" from the warehouse, which dates were generally 24-48 hours after such "pulls" actually occurred, upon Claimant receiving electronic notification of same (column I); the date upon which payment for invoices were due (column J); the line of a particular such invoice on which a Part is listed (column K); Claimant's part number for the Parts (column L); the Debtor part number associated with the related Claimant part number for the Parts (column M); the quantity, unit price and total price for each Part (columns N, O and P, respectively); and Debtor's purchase order number for the Part in question (column Q). The portion of the Claim reflected on Exhibit A is $9,709,097.73.

    b. Exhibit B details an additional $7,681.78 included in the Claim that is comprised of Parts ordered from Claimant Prepetition by Debtor acting through its agent, Setech, Inc. This additional claim amount is the subject of an agreement in principle between Setech, Inc. and Claimant pursuant to which the parties have agreed, subject to the terms of a proposed settlement letter agreement negotiated by the parties, to compromise such additional Claim amount in exchange for, among other things, Debtor's immediate payment of the compromised amount. Because such letter agreement has not yet been executed and performed, such additional Claim amount is included in the Claim filed herein. The details reflected in Exhibit B hereto for the Parts comprising such additional Claim amount are essentially the same details reflected in Exhibit A with respect to the remaining portion of the Claim.

    c. Claimant delivered the Parts to Debtor pursuant to a warehouse arrangement in effect between Debtor and Claimant at all relevant times referred to in

this Proof of Claim. Pursuant to this arrangement, Debtor purchased Parts from Claimant by electronically posting its purchase orders to Claimant's order management system, having these purchase orders electronically match a listing of the Parts on hand at the warehouse for which Debtor was then electronically invoiced, and "pulling" such Parts from the warehouse to fill the purchase orders.

   e. A portion of the Claim, listed on line 645 of Exhibit A hereto, represents cancellation charges for Parts ordered by Debtor but cancelled Prepetition, and reflects Claimant's customary charges for cancellation of orders by Delphi for orders of proprietary and/or custom-built Parts, reflecting Claimant's costs and expenses incurred in connection therewith. These charges are detailed on Exhibit D attached hereto and made a part hereof.

   f. Copies of invoices evidencing the Claim are too voluminous to attach, but are available for inspection at the offices of counsel for Claimant, Kieselstein LawFirm, PLLC, 43 British American Boulevard, Latham, New York 12110, Att'n: Steve Kieselstein, Esq., and may be obtained by calling (518) 785-7800.

   3. a. The spreadsheet attached as Exhibit C hereto, and made a part hereof, reflects a total of $308,024.19 in unreconciled credits for returns and unreconciled payments that Claimant may owe to Debtor. Claimant has not completed its analysis of such amounts and the foregoing statement is not intended to be an admission by Claimant that such amounts are definitively owing. To the extent that Debtor is entitled to such credits, Claimant asserts a perfected, first priority security interest in any property evidencing such credits, and expressly reserves its right to setoff such credits against the amount of the Claim, subject to the requirements of Sections 362 and 553 of Title 11 of the United States Code (the "Bankruptcy Code").

    b. Claimant duly and timely notified Debtor in writing on October 8, 2005 of its right to reclaim Parts representing $4,883,334.00 of the amount of the Claim (the "Reclamation Claim"). Pursuant to that certain Amended Final Order Establishing Certain Procedures for the Resolution of Reclamation Claims, entered by the Bankruptcy Court presiding over the Case (the "Court"), on November 4, 2005, Debtor delivered a Statement of Reclamation Claim to Claimant on February 21, 2006 (as amended by Debtor's March 31, 2006 Statement of Reclamation), designating the Reclamation Claim as Reclamation Claim No. 38 (the "Amended Reclamation Statement"). Pursuant to the Amended Reclamation Statement, which Claimant executed and delivered on March 31, 2006, and subject to the terms and conditions thereof, Claimant agreed to have the amount of its Reclamation Claim set at $3,424,138.98. To the extent that the Debtor does not pay the Reclamation Claim in full, the portion of the Claim represented thereby is entitled to administrative priority pursuant to Sections 546(c)(2)(A) and 503(b) of the Bankruptcy Code.

   4. This Proof of Claim was filed under compulsion of the July 31, 2006 deadline fixed by this Court for the filing of proofs of claims, and was filed to protect Claimant from the potential forfeiture of the Claim. The filing of this Proof of Claim shall not constitute: (a) a waiver or release of Claimant's rights against Debtor, or any other person, entity or property, or any property in which Claimant has a security interest

or lien, (b) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of the Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in the Case against or otherwise involving Claimant, or (c) an election of remedies.

5.   Claimant reserves the right to supplement and otherwise amend this Proof of Claim for any reason, at any time, and in any respect, including without limitation for purposes of asserting additional claims for legal fees or expenses, default interest, make-whole premium, forbearance fee or interest accrued or accruing Prepetition, or claims that could arise pursuant to Section 502(h) of Title 11 of the United States Code, <u>provided that</u> Claimant does not admit, and expressly reserves the right to object to any determination, that any property delivered to for the benefit of Claimant or any prior holders of the Claim is entitled to be recovered. Claimant also expressly reserves the right to file supplemental and additional proofs of claim for rejection, liquidated and other damages under any contracts that may be deemed to exist between Debtor and Claimant.

7.   Any notices and other communications concerning the Claim should be sent to the Claimant at the address set forth below:

> NEC Electronics America, Inc.
> 2880 Scott Boulevard
> Santa Clara, CA 95052-8062
> Att'n: Dennis Balanesi
>        Senior Finance Manager/Corporate Credit Manager
> Tel: (408) 588-6089
> Fax: (408) 588-6123
> E-Mail: Dennis.Balanesi@am.necel.com

with copies to:

> NEC Electronics America, Inc.
> 2880 Scott Boulevard
> Santa Clara, CA 95052-8062
> Att'n: Anthony Leto, Esq.
> Tel: (408) 588-6298
> Fax: (408) 588-6271
> E-Mail: Anthony.Leto@am.necel.com

3

and to:

        Kieselstein LawFirm, PLLC
        43 British American Boulevard
        Latham, New York  12110
        Attention:  Steve Kieselstein, Esq.
        Phone:  (518) 785-7800
        Fax:     (518) 785-7858
        E-mail:  sk@kieselaw.com

Dated: July 27, 2006
      Latham, New York

                             */s/ Steve Kieselstein*
                             Steve Kieselstein
                             Kieselstein LawFirm, PLLC
                             Attorneys for Claimant

**EXHIBIT C**

**PROOF OF CLAIM**

| Name of Debtor: Delphi Corporation [see attached Addendum, ¶1] | Case Number: 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): ~~Kieselstein Lawfirm PLLC~~ NEC ELECTRONICS AMERICA, INC

Name and address where notices should be sent:
~~Kieselstein Lawfirm PLLC
Steve Kieselstein
43 British American Blvd
Latham NY 12110~~
[for contact details, see ¶7 of Addendum to Original Proof of Claim, attached hereto as Exhibit A]

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☑ amends   a previously filed claim, dated: 7/27/06 [copy attached as Exhibit A]

**1. Basis for Claim**
- ☒ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: ____
  Unpaid compensation for services performed
  from _____ to _____

**2. Date debt was incurred:** see ¶ 2.a of Addendum to various dates; annexed orig. proof of claim.

**3. If court judgment, date obtained:** Not Applicable

**4. Total Amount of Claim at Time Case Filed:** $ 6,179,814.90 (unsecured) + 308,024.19 (secured) + 3,424,138.98 (priority) = $9,911,978.07 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. See ¶ 2.e of Addendum to annexed orig. proof of claim and ¶4 of Addendum attached hereto

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☒ Other Right of setoff

Value of Collateral: $ 308,024.19

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ 6,179,814.90

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 3,424,138.98 [reclamation claim]
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim, except as noted in ¶5 of the attached Addendum.

THIS SPACE IS FOR COURT USE ONLY

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date: 10/9/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ Steve Kieselstein — Steve Kieselstein, Kieselstein Law Firm, PLLC, Attorneys for Claimant |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

05444810604101919211193033

## ADDENDUM TO AMENDED PROOF OF CLAIM OF
## NEC ELECTRONICS AMERICA, INC.

1. The Amended Proof of Claim of which this Addendum is a part (the "Amended Proof of Claim") amends that certain proof of claim, dated July 27, 2006 (the "Original Proof of Claim"), filed by NEC Electronics America, Inc. ("Claimant") against, among others Delphi Automotive Systems, LLC ("DAS"). A copy of the Original Proof of Claim is attached as Exhibit A hereto and incorporated herein by reference. All capitalized terms used but not defined in this Addendum shall have the respective meanings for such terms set forth in the Addendum included within the Original Proof of Claim (the "Original Addendum"). The Original Proof of Claim remains in full force and effect except to the extent expressly modified hereby. This amendment is necessitated by the fact that, nearly one month after the occurrence of the July 31, 2006 bar date referred to in paragraph 4 of the Original Addendum, Debtor advised Claimant that, even though Debtor notified Claimant after the commencement of the Case of its intention to be invoiced by Claimant for cancellation charges applicable to Orders Debtor indicated it no longer wanted filled (the "Additional Cancellation Charges"), Debtor nevertheless intended to treat the Additional Cancellation Charges as accruing Prepetition. Claimant expressly reserves its right to seek administrative priority treatment for the Additional Cancellation Charges.

2. The final sentence of paragraph 2.a of the Original Addendum is hereby amended to delete the amount "$9,709,097.73" and substitute therefor the amount "$9,904,296.29", an increase reflecting the Additional Cancellation Charges of $195,198.56, as a result of the amendments referred to in paragraphs 3 and 4 below.

3. Line 645 of Exhibit A to the Original Proof of Claim is hereby amended by substituting therefor the total amount reflected on Exhibit D to the Original Proof of Claim (as amended as set forth in paragraph 4 below), reflecting additional cancellation charges for Parts order by Debtor but cancelled Prepetition.

4. Exhibit D to the Original Proof of Claim is hereby amended by substituting therefor Exhibit B attached hereto.

5. The amount of the Claim evidenced by this Amended Proof of Claim is subject to reduction by the amount of $7,681.78, paid by Debtor to Claimant after the filing of the Original Proof of Claim in respect of the letter agreement between Claimant and Setech, Inc. referred to in paragraph 2.b of the Original Addendum.

Dated: October 9, 2006
       Latham, New York

                                                       _____
                                                       Steve Kieselstein
                                                       Kieselstein LawFirm, PLLC
                                                       Attorneys for Claimant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 )
In re:                                                           )
                                                                 )    Chapter 11
DELPHI CORPORATION, et al.,                                      )    Case No. 05-44481 (RDD)
                                                                 )    Jointly Administered
                Debtors.                                         )
-----------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, PATRICIA STRATTON, hereby certify that:

1. I am over 18 years of age, and reside in Albany County, New York.

2. On July 11, 2007, a true and correct copy of the **RESPONSE OF NEC ELECTRONICS AMERICA, INC. TO DEBTORS' OBJECTION TO CLAIM 16368**, in the above-captioned proceeding was caused to be served on the parties listed below via Federal Express.

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Att'n:  John Wm. Butler, Jr.
        John K. Lyons
        Joseph N. Wharton

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attn: General Counsel

*/s/ Patricia Stratton*
PATRICIA STRATTON

Sworn to before me this
11th day of July, 2007

*/s/ Sarah E. Gold*
NOTARY PUBLIC

SARAH E. GOLD
Notary Public, State of New York
No. 01GO6048129
Qualified in Albany County
Commission Expires September 18, 20_12_