Hearing Date: July 19, 2007 at 10:00 a.m. (Eastern)<br>
Response Date and Time: July 12, 2007 at 4:00 p.m. (Eastern)

Phillips Lytle LLP
William J. Brown (WB9631)
Angela Z. Miller (AM4473)
437 Madison Avenue, 34th Fl.
New York, New York  10022
Telephone:  (212) 759-4888
  and
3400 HSBC Center
Buffalo, New York  14203
Telephone:  (716) 847-8400
Fax:  (716) 852-6100

*Attorneys for E.I. du Pont de Nemours and Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                        )
In re:                                  )    Chapter 11
                                        )
DELPHI CORPORATION, et al.,             )    Case No. 05-44481 (RDD)
                                        )
                    Debtors.            )    (Jointly Administered)
                                        )
----------------------------------------------------------------x

**RESPONSE OF E.I. DU PONT DE NEMOURS AND COMPANY
TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS**

E.I. du Pont de Nemours and Company ("DuPont") by its attorneys, Phillips Lytle LLP, files this response (the "Response") to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claim Not Reflected on Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject

to Modification, and Modified Claims Asserting Reclamation (the "Seventeenth Omnibus Objection"). In support of this Response, DuPont respectfully states as follows:

## PRELIMINARY STATEMENT

1.  On July 25, 2006, DuPont timely filed a general unsecured claim in the amount of $2,419,203.01 in the Delphi Automotive Systems LLC ("Delphi Automotive Systems") case No. 05-44640 which is identified by the Debtors as claim 10597 ("Claim"). Attached to the Claim is a spreadsheet detailing each invoice for goods, services and credits comprising the claim amount which includes the invoice number, invoice date, dollar amount of the invoice, reference number, allocation number and a textual description. Copies of the invoices set forth on the schedule attached to the proof of claim were provided to the Debtors on or about the time of delivery of the goods or services and were again(given volume and confidential, proprietary nature) sent to the Debtors (Attn: George Vanderberg, Proof of Claims Analyst) by DuPont on July 11, 2007 to comply with Section 53(d) of the Seventeenth Omnibus Objection.

2.  On June 15, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Seventeenth Omnibus Objection.

3.  In the Seventeenth Omnibus Objection, the Debtors ask the Court to modify (reduce) the Claim[1], reserving the right to seek subsequent disallowance of the Claim. (Seventeenth Omnibus Objection ¶ 39).

4.  Notwithstanding the foregoing, the Debtors set forth no evidence to contradict the validity, amount, or classification of the Claim and, thus, DuPont (a) opposes any modifications or reductions to the Claim, and (b) requests that the Court allow the Claim in full as it is asserted

---

[1] Notice of the Seventeenth Omnibus Objection concerning the Claim was served upon Latigo Master Fund Ltd., Attn.: Paul Malek, 590 Madison Avenue, 9th Fl., New York, New York 10022 ("Latigo"), to whom DuPont sold the Claim pursuant to a Transfer Agreement dated December 14, 2006 ("Transfer Agreement"). Pursuant to the Transfer Agreement, DuPont is defending against and opposing the Seventeenth Omnibus Objection.

- 2 -

by entry of an Order allowing and directing payment of the Claim in full rather than modifying it subject to further disallowance.

5.    DuPont timely submits this Response to the Seventeenth Omnibus Objection and requests that the Court overrule the Seventeenth Omnibus Objection regarding the Claim as set forth herein.

## ARGUMENT

### THE SEVENTEENTH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO ALL PROPOSED CLAIMS "MODIFICATIONS"

#### A.    THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS"

6.    In the Seventeenth Omnibus Objection, the Debtors ask the Court to modify the claims listed on Exhibits E-1, E-2, and E-3. The Debtors do not ask the Court to allow these claims in the modified amounts, but rather to reduce the claims and to reserve the Debtors' ability later to seek disallowance, citing no authority upon which this relief can be granted.

#### B.    THE DEBTORS FAIL TO REFUTE THE ALLEGATIONS ESSENTIAL TO THE CLAIM AND THE REQUESTED RELIEF MUST BE DENIED

7.    Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides in pertinent part that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim". Fed. R. Bankr. P. 3001(f); In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); In re Frederas, 98 B.R. 165, 166 (Bankr. W.D.N.Y. 1989). As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption. "'To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim'." Carey v. Ernst, 333 B.R. 666, 672 (S.D.N.Y. 2005), quoting, In re Reilly, 245 B.R. at 773; In re Frederas, 98 B.R. 165, 167 (Bankr. W.D.N.Y. 1989) (the burden of proof shifts only

when the objectant has produced facts sufficient to demonstrate that an actual dispute exists, "a mere denial of a claims validity or amount will not suffice").

8. Without any substantiating facts or detail, the Debtors merely "object to the amount, classification, **and/or** identity of the Debtor" for the claims listed on Exhibit E-1 (including DuPont's Claim) and request that the claims be revised to reflect the unsubstantiated amount and classification the Debtors put on Exhibit E-1.[2]

9. The Debtors have *not* refuted the allegations essential to the Claim. They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of the Claim. Moreover, the Debtors cite no authority, whether statutory or case law, whereby the Debtors can seek to modify yet not allow a claim. The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, DuPont, and this Court.

**C.    THE CLAIM**

10. With respect to the Claim, DuPont opposes *any* modification to the claim amount, classification, or Debtor entity and requests that the Court allow DuPont's Claim in full as asserted (both as to amount and classification) against Delphi Automotive Systems.

11. The Debtors have neither shown a factual basis for reduction or reclassification of the Claim nor is DuPont aware of any such basis. The Debtors never allege they did not receive

---

[2] On Schedule F, filed in Delphi Automotive Systems case no. 05-44640, the Debtors scheduled DuPont as a general unsecured creditor owed $2,791,495.86 ("Scheduled Amount") and now allege in this Seventeenth Omnibus Objection that DuPont is a general unsecured creditor owed $2,000,792.55 (a $790,703.31 reduction) without producing any substantiating facts or detail.

the goods and services evidenced by the invoices set forth in DuPont's proof of claim.  Unless the Debtors provide evidence of the basis for their objection (at which time DuPont would have the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity.  Thus, the Claim should be allowed as filed in full.

12. DuPont reserves the right to amend or supplement this Response.

13. The Debtors should return any reply to this Response to Phillips Lytle LLP, 3400 HSBC Center, Buffalo, New York 14203, Attn:  William J. Brown, Esq.

WHEREFORE for the foregoing reasons, DuPont respectfully requests that the Court enter an Order (i) overruling the Seventeenth Omnibus Objection with respect to the Claim; (ii) allowing the Claim in the amount and classification and against the Debtor asserted in the proof of claim; and (iii) granting DuPont such other and further relief as is just and proper.

Dated:  July 12, 2007
       Buffalo, New York

                    PHILLIPS LYTLE LLP

                    By     s/ Angela Z. Miller
                          William J. Brown (WB9631)
                          Angela Z. Miller (AM4473)
                    437 Madison Avenue, 34th Floor
                    New York, NY  10022
                    Telephone No. (212) 759-4888
                       and
                    3400 HSBC Center
                    Buffalo, New York  14203
                    Telephone No. (716) 847-8400
                    Fax (716) 852-6100

AZM/hj
Doc # 01-1674093.2