| | |
|---|---|
| ROSEN SLOME MARDER LLP<br>333 Earle Ovington Boulevard<br>Suite 901<br>Uniondale, New York 11553-3622<br>(516) 227-1600<br>Lon J. Seidman (LS-0330) | Hearing date: July 19, 2007 at 10:00 a.m. |

and

CARSON FISCHER, P.L.C.
4111 Andover Road
West – 2nd Floor
Bloomfield Hills, Michigan  48302
(248) 644-4840 (telephone)
(248) 644-1832 (facsimile)

Joseph M. Fischer (MI# P13452)
Patrick J. Kukla (MI# P60465)
Kyla K. Kuzmin (MI #P67685)

*Co-Counsel For Collins & Aikman Corporation, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
                                                                                  :
    In re                                                          :
                                                                                  :     Chapter 11
DELPHI CORPORATION, et al.,                              :     Case No: 05-44481 (RDD)
                                                                                  :     (Jointly Administered)
                             Debtors.           :
----------------------------------------------------------X

**COLLINS & AIKMAN CORPORATION, ET AL.'S**
**RESPONSE TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION**

      Collins & Aikman Corporation, et al. (collectively, "C&A") states in support of its

Response to Debtors' Seventeenth Omnibus Objection as follows:

**I.     BACKGROUND**

1.     Delphi Corporation et al. (the "Debtors") filed their voluntary bankruptcy petitions on October 8, 2005.  Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to Chapter 11 of the Bankruptcy Code.

2.     This Court set July 31, 2006 as the date for general creditors to file proofs of claims against Debtors (the "Bar Date").

3.     C&A filed several proofs of claims against Debtors in a timely manner on July 31, 2006.  One of these claims was expunged, one was reduced[1], and one remains in full.  The remaining outstanding claim (Claim #15339) is an unsecured nonpriority claim in the amount of $1,481,668.72 (the "Original Claim").

4.     The Original Claim was filed against "Delphi Corporation" generally on behalf of creditor "Collins & Aikman" generally.  Subsequent to the Bar Date, C&A was able to identify more specifically both the exact entities owing and the exact entities owed the claimed amount.

5.     On March 15, 2007, C&A filed five (5) proofs of claim (Claim #s 16576, 16577, 16578, 16579, 16755) against various Debtor entities totaling $1,483,735.73 (the "C&A Claims").  These claims amend the Original Claim by breaking down the total amount owed into the individual amounts owed by various Debtor entities to various C&A entities.[2]

---

[1] Claim #15338 filed by C&A against Delphi Mechatronic Systems, Inc. is still pending in the reduced amount of $27,103.34.
[2] Two of the five proofs of claims also amend the status of those claims from unsecured to secured via a right of setoff.

2

6. Debtors have objected to the C&A Claims as untimely in their Seventeenth Omnibus Objection, and have asked the Court to disallow and expunge the C&A Claims.

7. The C&A Claims relate back to and amend the timely filed Original Claim, and therefore should not be disallowed as untimely.

## II. ARGUMENT

8. Amending the Original Claim to correctly identify the names of the proper claimants and proper Debtors is acceptable. "The bankruptcy rules permit courts to accept late-filed amendments to timely filed proofs of claim." *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.* (*In re Enron Corp.*), 419 F.3d 115, 133 (2d Cir. 2005). Under the standards used by the Second Circuit to analyze amendments to the claims, the C&A Claims relate back to the Original Claim.

9. Courts in the Second Circuit use a two-step analysis for determining the permissibility of post-bar date amendments to timely-filed claims. First, courts examine "whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." *Midland Cogeneration Venture Ltd. P'ship*, 419 F.3d at 133 (quoting *In re Black & Geddes*, Inc. 58 B.R. 547, 553 (S.D.N.Y. 1993)). Second, if an amendment does relate back to the timely filed claim, courts will "examine each fact within the case and determine whether it would be equitable to allow the amendment." *Midland Cogeneration Venture Ltd. P'ship*, 419 F.3d at 133 (quoting *In re Integrated Res., Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993)). Multiple factors play a role in the second step, including, "whether the debtor, or other creditors, would be unduly prejudiced by the

3

amendment, or whether instead, other creditors would 'receive a windfall' from the disallowance of the amendment, and whether the late claimant acted in good faith and if the delay was justified." *Midland Cogeneration*, 419 F.3d at 133. "The critical consideration is whether the opposing party will be unduly prejudiced by the amendment." *In re Integrated Res., Inc.*, 157 B.R. at 70.

10. Here, the C&A Claims plainly satisfy the two-step analysis used by the Second Circuit. The first question – "whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable" – is clearly satisfied. The Original Claim evidenced an intention to hold the estate liable for debts owed to C&A. The C&A Claims identify the specific claimants and specific Debtors, along with the amounts of each. The total amount of the C&A Claims is approximately the same amount as the Original Claim. The C&A Claims are simply amendments to break down the Original Claim into more readily identifiable parts.

11. The C&A Claims also easily satisfy the second question – "whether it would be equitable to allow the amendment." Debtors will suffer no prejudice, let alone undue prejudice, from the amendments to the Original Claim. Debtors were well aware of C&A's claims before the Bar Date (due to the Original Claim), including the basis, propriety, and amount of the claim. As of the Bar Date, Debtors had notice of the potential liability under the original claim filed by C&A. Debtors have not been prejudiced.

12. Further, the allowance of the amendment would not delay any hearing, and a reorganization plan has not been filed by the Debtors.

4

13. C&A also acted in good faith. Collins & Aikman Corporation, rather than the specific entities listed in the five C&A Claims, filed the Original Claim because it was initially unclear which specific C&A entities were owed money from Debtors. Once C&A realized who the actual claimants were, it promptly notified the Debtors and then amended the Original Claim.

14. The case of *In re Rosetta Porter*, 122 B.R. 933 (Bankr. E.D. Penn. 1991), rev'd on other grounds, 129 B.R. 397 (E.D. Penn. 1991)[3] is applicable here. In that case, the debtor had attacked Consumer's proof of claim alleging that it should have been filed by National, a related company. Id. at 942. The court acknowledged the technical accuracy of the debtor's observation that the proof of claim was erroneously filed on behalf of Consumer instead of National. *Id.* at 936. But, the court held that it was appropriate to allow Consumer and National to amend the claim to accurately identify the claimant. *Id.* The court stated that "although the bar date passed over three months ago, it appears equitable, in the instant factual setting, to allow an amendment to Consumer's timely proof of claim to properly designate the claimant…" *Id*. at 942. *See In re Foxcross Associates, L.P.*, Nos. 90-4216-S, 90-4224-S, 90-40369-11, 1991 WL 31999 (D. Kan. Feb. 27, 1991)(bankruptcy court allowed creditors to amend a proof of claim to name itself as the creditor instead of the creditor who had filed the original proof of claim).

---

[3] The district court reversed the bankruptcy court's decision on grounds that are not applicable here (the subject transaction fell outside the scope of the Truth and Lending Act, specifically Regulation Z). *Porter*, 129 B.R. at 401.

15. Just like the court in *Rosetta Porter*, so this Court should allow the amendment of the name of the entities holding the claim. In this instance, it is undisputed that C&A filed a timely proof of claim. In filing the C&A Claims, C&A simply intends to (i) clarify which specific C&A entities are the holders of the claims, (ii) clarify which specific Debtor entities owe the claimed amounts, and (iii) clarify the statuses of two of the proofs of claims as secured by a right of setoff. The Debtors cannot possibly claim any prejudice by the amendment. This Court should grant this Motion and find that the C&A Claims relate back to the date of the Original Claim, and, therefore, the C&A Claims should be deemed timely.

### III.     MEMORANDUM OF LAW

16. Because the legal points and authorities upon which this Response relies are incorporated herein, C&A requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013(b) be deemed satisfied.

WHEREFORE, C&A requests the entry of an order overruling the Debtors' Objection allowing the C&A Claims and granting C&A such other and further relief as this Court deems appropriate.

Dated:  July 12, 2007                                       ROSEN SLOME MARDER LLP


By:   /s/ Lon J. Seidman
     Lon J. Seidman (LS-0330)

     333 Earle Ovington Boulevard
     Suite 901
     Uniondale, New York 11553-3622
     (516) 227-1600

        and

     Joseph M. Fischer (MI# P13452)
     Patrick J. Kukla (MI# P60465)
     Kyla K. Kuzmin (MI# P67685)
     CARSON FISCHER, P.L.C.
     4111 Andover Road
     West – 2nd Floor
     Bloomfield Hills, Michigan  48302
     (248) 644-4840 (telephone)
     (248) 644-1832 (facsimile)


*Co-counsel for Collins & Aikman, et al.*

G:\Collins & Aikman\Lit\Delphi\Response to Claims Objection.doc