| | |
|---|---|
| MICHAEL J. GARCIA | Hearing Date: July 19, 2007 |
| United States Attorney for the | Hearing Time: 10:00 A.M. |
| Southern District of New York | |
| By: DAVID J. KENNEDY (DK-8307) | |
| Assistant United States Attorney | |
| 86 Chambers Street, 3rd Floor | |
| New York, New York 10007 | |
| Telephone No. (212) 637-2733 | |
| Facsimile No. (212) 637-2686 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11
                                                             :   Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                                  :
                                                             :
          Debtors.                                           :
                                                             :
------------------------------------------------------------ x

### UNITED STATES OF AMERICA'S RESPONSE TO DEBTORS' OBJECTION TO THE CLAIM OF THE INTERNAL REVENUE SERVICE

The United States of America (the "Government"), by its attorney, Michael J. Garcia, the United States Attorney for the Southern District of New York, hereby submits this response to Debtors' Seventeenth Omnibus Objection, dated June 15, 2007 (the "Objection"), to the extent that the Debtors ("Debtors") objects to the claim of the Internal Revenue Service ("IRS"), listed on Exhibit B-2 to the Objection, claim number 14153, in the amount of $2,989.09.

The Government opposes Debtors' objections to the IRS's claim because Debtors have failed to rebut the prima facie validity of IRS's claim and the presumption that the claim is correct. The Court should therefore allow the IRS's claim.

**Background**

1.  On October 8 and 14, 2005 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 1101 et seq., as amended (the "Bankruptcy Code").

2.  On or about June 5, 2006, the IRS filed a proof of claim concerning Mobilearia, Inc., case number 05-47474 (RDD), stating an unsecured claim in the amount of $2,989.09, based on the unpaid penalty portion of Social Security taxes for the tax period ending March 31, 2005 (the "Proof of Claim"). Annexed hereto as Exhibit A is a true and correct copy of the Proof of Claim.

3.  This amount remains unpaid. Annexed hereto as Exhibit B is a true and correct copy of a transcript of account from the IRS indicating that this amount remains unpaid as of July 10, 2007.

**ARGUMENT**

**A.  Debtors' Objection To The Validity And Amount of The IRS's Proof Of Claim Must Be Rejected**

4.  IRS's Proof of Claim, executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, constitutes prima facie evidence of the validity and the amount of the claim. It is well established that "[a] proof of claim is deemed prima facie valid." In re Worldcom, Inc., No. 02-13533 (AJG), 2005 WL 3832065 (Bankr. S.D.N.Y. Dec. 29, 2005); see Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."); see also Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 22 n.2 (2000); In re Harford Sands Inc., 372 F.3d 637, 640 (4th Cir. 2004); In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir. 1993); In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); In re DeGeorge Fin. Corp., Nos. 99-32300-02 (ASD), Civ. A. 3:01-CV0009 (CFD), 2002 WL 31096716, at *4 (D. Conn. July 15,

2002); In re Make Meat Corp., No. 98 Civ. 4990 (HB), 1999 WL 178788, at *3 (S.D.N.Y. Mar. 31, 1999); In re Jorczak, 314 B.R. 474, 480-81 (Bankr. D. Conn. 2004); In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990). Thus, the IRS Proof of Claim is prima facie valid.

    5.    Because the IRS Proof of Claim is prima facie valid, the burden shifts to Debtor to challenge the validity of the claim. "Once the claimant has established its prima facie case, the burden of going forward then shifts to the debtor to produce evidence sufficient to negate the prima facie validity of the filed claim." In re Make Meat Corp., 1999 WL 178788, at *3; In re Allegheny Int'l, Inc., 954 F.2d at 173 (same); see also In re Harford Sands Inc., 372 F.3d at 640 ("The debtor must introduce evidence to rebut the claim's presumptive validity."); In re DeGeorge Fin. Corp., 2002 WL 31096716, at *4; In re Worldcom, Inc., 2005 WL 3832065, at *4; In re Kahn, 114 B.R. at 44 ("[T]he objecting party [must] go forward and produce sufficient evidence to rebut the claimant's prima facie case."). Thus, Debtor has the burden of producing evidence sufficient to negate the prima facie validity of the Government's claim.

    6.    Debtors have not met their burden because they have not produced substantial evidence in support of their objection. Indeed, Debtors have submitted no evidence in support of their objection. "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." In re Hemingway Transp., Inc., 993 F.2d at 925; see also In re Allegheny Int'l, Inc., 954 F.2d at 173 ("It is often said that the objection must produce evidence equal in force to the prima facie case."); In re Make Meat Corp., 1999 WL 178788, at *3 (same); In re Worldcom, Inc., 2005 WL 3832065, at *4 (same); In re Jorczak, 314 B.R. at 481 ("[T]he objecting party [must] produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." (quotation marks omitted)). "The case law is clear. To prevail, the objector must affirmatively produce evidence to counter the creditor's claim." In re Make Meat Corp., 1999

3

WL 178788, at *4. Here, Debtors have not produced any evidence countering the IRS's claim. Accordingly, Debtors have not met their burden of production, and any objection to the IRS Proof of Claim should be denied.

7.      Moreover, even if Debtors had met its burden of production – and, because it has submitted no evidence, it has not – their objections to the IRS Proof of Claim should nonetheless be denied because Debtors have failed to rebut the presumption that the IRS's tax assessments are correct. In Raleigh v. Illinois Department of Revenue, 530 U.S. 15 (2000), the Supreme Court held that "bankruptcy does not alter the burden imposed by the substantive law," id. at 17, and, accordingly, that "in the absence of modification expressed in the Bankruptcy Code the burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it," id. at 26. See also In re Computer Learning Ctrs., Inc., 298 B.R. 569, 578 n.10 (Bankr. E.D. Va. 2003) ("The rule is that the burden of proof remains on the party that would bear the burden of proof under nonbankruptcy law in a nonbankruptcy forum."). Thus, under Raleigh, "[a] bankruptcy court adjudicating a tax claim by the IRS must apply the burden-of-proof rubric normally applied under tax law." In re Olshan, 356 F.3d 1078, 1084 (9th Cir. 2004). Hence "[i]t is well established that the IRS's tax calculations … are presumptively valid and create a prima facie case of liability, such that the Government is 'entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption by the IRS that the assessment is correct.'" United States v. Chrein, 368 F. Supp. 2d 278, 282 (S.D.N.Y. 2005) (quoting Chariot Plastics, Inc. v. United States, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998)); see Yoon v. C.I.R., 135 F.3d 1007, 1012 (5th Cir. 1998) ("[I]t is well settled that the courts afford IRS determinations of deficiency a presumption of correctness."); see also In re Olshan, 356 F.3d at 1084; Stuart v. United States, 337 F.3d 31, 35 (1st Cir. 2003) ("This presumption places the burden of proof on [the taxpayer] to show that the IRS's determination is invalid."); Heilig-Meyers Co. v. United States, 316 B.R. 866, 869-70 (Bankr. E.D. Va. 2004) ("In a federal tax controversy, the

Commissioner of the Internal Revenue Service has the presumption of correctness. . . . Debtors thus carry the burden of persuading the court of their entitlement to [tax] deduction[s]."). Cf. MedChem (P.R.), Inc. v. C.I.R., 295 F.3d 118, 123 (1st Cir. 2002) ("[I]ncome tax deductions and credits are matters of legislative grace; the taxpayer bears the burden of proving entitlement to any deduction or credit claimed."); Apollo Fuel Oil v. United States, 195 F.3d 74, 76 (2d Cir. 1999) ("When the IRS has assessed a penalty, its assessment is presumptively correct, and the taxpayer who sues for a refund has the burden of persuasion of persuading a factfinder by a preponderance of the evidence that the assessment is not correct."). Here, Debtors have not submitted any evidence to rebut the presumption of correctness. Accordingly, Debtors' objections to the IRS Proof of Claim should be denied.

**B.     In The Alternative, The Government Is Entitled To Discovery**

8.     The IRS now contests the Objection and, accordingly, this is a contested matter. See Fed. R. Bankr. P. 9014; In re Rockefeller Center Properties & RCP Assocs., 241 B.R. 804, 817 (Bankr. S.D.N.Y. 1999) ("When an objection to a claim is contested, a contested matter is created."). As this is a contested matter, the Government is entitled to discovery on Debtors' challenge to the IRS's claim, pursuant to Rule 26 of the Federal Rules of Civil Procedure. See Fed. R. Bankr. P. 9014, 7026.

9.     Therefore, should the Court decline to deny the Objection outright, the Court should grant the Government an opportunity to conduct discovery on the issues presented by the objection. Where, as here, the objection rests entirely on the conclusory assertion that Debtors' books and records do not reflect the IRS Proof of Claim, the Government is entitled to discovery, including, inter alia, the production of documents, responses to interrogatories, depositions, and any other vehicle for discovery permitted under the Federal Rules of Civil Procedure.

WHEREFORE, the Government respectfully requests that Debtors' objection to the IRS Proof of Claim be denied, and the IRS Proof of Claim be allowed in full. In the alternative, the Government respectfully requests that the Court permit discovery on the issue of the validity and amount of the IRS Proof of Claim.

Dated:    New York, New York
          July 12, 2007

                MICHAEL J. GARCIA
                United States Attorney for the
                Southern District of New York
                Attorney for the United States of America

By:      /s/ David J. Kennedy
           DAVID J. KENNEDY (DK-8307)
           Assistant United States Attorney
           86 Chambers Street, 3rd Floor
           New York, New York
           Telephone No. (212) 637-2733
           Facsimile No. (212) 637-2686