| | |
|---|---|
| D. Farrington Yates (DY8383)<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Tel:    (212) 768-6700<br>Fax:   (212) 768-6800 | **Objection Deadline: July 12, 2007 at 4:00 p.m.**<br>**Hearing Date: July 19, 2007 at 10:00 p.m.** |

-and-

Monika Machen
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois 60606
Tel:    (312) 876-8000
Fax:   (312) 876-7934

*Counsel to United Plastics Group*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| DELPHI AUTOMOTIVE SYSTEMS, LLC | § § § | Case No. 05-44640 (RDD) |
| | § | (Jointly Administered) |
| Debtor. | § | |

**JOINT RESPONSE OF UNITED PLASTICS GROUP, AS CLAIMANT,
AND LONGACRE MASTER FUND, LTD., AS ASSIGNEE,
TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. § 502(D) AND FED. R. BANKR. P. 3007 TO CERTAIN (A)
INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS, (C) INSURANCE CLAIM NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS AND UNTIMELY TAX
CLAIMS, AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT
TO MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION**

UNITED PLASTICS GROUP ("***UPG***"), as claimant, and LONGACRE MASTER

FUND, LTD. ("***Longacre***", and together with UPG, "***Claimant***"), as assignee, hereby file this

joint response (the "***Response***") to the *Debtors' Seventeenth Omnibus Objection (Substantive)*

*Pursuant to 11 U.S.C. § 502(d) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently*

*Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance*

*Claim Not Reflected on Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation* (the "**Seventeenth Omnibus Claim Objection**").

In support of this Response, Claimant respectively states as follows:

## BACKGROUND

1. On October 8 and 14, 2005 (collectively, the "***Petition Date***"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (this "***Court***").

2. On or about April 12, 2006, this Court entered an order establishing July 31, 2006 as the deadline for creditors to file proofs of claim (the "***Bar Date***").

3. On July 26, 2006, UPG filed a timely proof of claim (Claim No. 11200) (the "***Claim***") in the amount of $358,909.35 against Debtor, Delphi Automotive Systems, LLC ("***DAS***") for pre-petition amounts owing to UPG on account of plastic products sold to DAS. The Claim seeks payment for approximately 440 transactions where DAS failed to pay UPG. A summary of the outstanding invoices was attached to the Claim as an exhibit. Due to the voluminous nature of the underlying documentary support, such documentation was not attached to the Claim and provided separately to the Debtors.

4. UPG also filed two additional and separate claims in the amount of $46,538.80 (Claim No. 13572) and $42,827.19 (Claim No. 13546) which assert reclamation-based claims against certain of the Debtors (collectively, the "***Reclamation Claims***").

5. The Claim has been assigned to Longacre and Longacre filed a notice of transfer of the Claim pursuant to Fed. R. Bankr. P. 3001(e). Per the terms of the assignment, UPG is responsible for resolving any objections to the Claim.

- 2 -

6. On or about June 15, 2007, the Debtors filed the Seventeenth Omnibus Claim Objection in which they objected to the Claim. Notwithstanding the fact that the Claim *does not* relate to UPG's reclamation claims, the Claim Objection identifies the Claim as a "Modified Claim Asserting Reclamation" on Exhibit E-3 to the Seventeenth Omnibus Claim Objection. The Claim Objection lists numerous objection criteria that may applicable to the Modified Claims Asserting Reclamation, but does not specify which of these objections actually apply to the Claim. Based on these unspecified objections, the Debtors seeks to reduce the Claim to a general unsecured claim of $280,527.85 and reclassify $1,444.80 as a priority claim, for a net claim reduction of $76,936.70.

7. Prior to the Claim Objection, UPG was notified that approximately $68,600 of the Claim were disputed by the Debtors because they purportedly did not match the Debtors' books and records. The Debtors' have requested proof of delivery for certain portions of the disputed Claim and UPG has attached such additional documentation here (while reserving all rights that the information previously provided constitutes adequate proof of shipment).

8. Upon being notified of the Claim Objection by Longacre, UPG contacted the Debtors' claims consultant at Callaway Partners, LLC ("*Callaway*") to determine the basis for the Claim Objection. Of particular concern, UPG noticed that the Claim Objection exceeded the amounts previously disputed by the Debtors by approximately $8,500.

9. Callaway provided a breakdown of the various components of the Claim Objection, which breakdown differed in many respects from the information previously provided to UPG. Callaway advised, however, that it could not provide any details that would identify which invoices were in question in order to enable UPG to do a proper evaluation and provide appropriate supporting data (if and) where necessary. Callaway further advised that UPG should

contact Debtors' legal counsel and make a written request for detailed information on the Claim Objection.

10. On June 20, 2007, counsel to UPG sent an e-mail request to Debtors' counsel requesting that Delphi provide a full and complete basis for its Claim Objection, including identifying which transactions the Debtors were disputing. Since the Claim covered over 400 transactions between DAS and UPG going as far back as May 2005, time was of the essence if UPG was to prepare a complete response.

11. To date, UPG has not received any information or details regarding the basis for the Claim Objection. The Debtors' failure to provide full information regarding the basis for its Claim Objection makes it impossible for Claimant to determine whether the Claim Objection is valid and if so, to adequately respond to the Claim Objection.

12. Contrary to the Debtors' objection, the Claim ***should not*** be reduced because (i) the Debtors have failed to provide a specific basis for the Claim Objection; (ii) even if a basis has arguably been provided, the Debtors have failed to produce any evidence to satisfy their burden of proof to overcome the *prima facie* validity of the Claim; and (iii) the Claim is adequately and properly supported by the documentation submitted to the Debtors in connection with the Claim as well as by the additional documentation included with this Response.

### RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED

13. Section 502 of the Bankruptcy Code governs the allowance of a claim. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of such claim, unless a party in interest objects to the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). The objecting party has the burden of producing evidence sufficient to negate the *prima facie* validity of the filed claim. The objector's evidence must be in equal force to rebut the *prima facie* case. *In re King*, 305 B.R. 152, 164 (Bankr. S.D.N.Y. 1997) (citations omitted). For

example, "if the objection is that no debt is owed or that the amount of the debt is different from the claimed amount, *proof* of the fact must be presented." 2 Norton Bankruptcy L. & Prac. 2d § 41.7 (2007) (emphasis added).

14. The Debtors have not met their burden of proof to overcome the *prima facie* validity of the UPG Claim. The Seventeenth Omnibus Claim Objection is nothing more than a barebones, conclusory statement that the Debtors disagree with the amount of the Claim. It does not qualify as the "sufficient evidence" required by bankruptcy law to rebut a proof of claim. *In re Reilly*, 245 B.R. 768 (2d Cir. B.A.P. 2000) (to overcome prima facie validity of proof of claim, "the objecting party must come forth with evidence which, if believed would refute at lease one of the allegations essential to the claim"); *King*, 305 B.R. at 162 ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim."). The Debtors have not produced their books and records, other documentary support, or an affidavit in support of their assertion. *See In re Forte*, 234 B.R. 607, 618 (Bankr. E.D.N.Y. 1999) (stating that debtor could not rest objection on mere assertion that stated amount of proof of claim was incorrect without producing evidence to support the statement).

15. Not only have the Debtors failed to provide any evidence to rebut the Claim, they have also failed to object on a meaningful basis. *See In re Cinecom Corp.*, 73 B 40, 1980 Bankr. LEXIS 4856, *18 (Bankr. S.D.N.Y. 1980) ("The rule is that the proof of claim cannot be defeated by mere formal objection."). The Debtors objection completely mischaracterizes the Claim as a reclamation-based claim despite the fact that the Claim specifically provides that it "does not include a . . . general unsecured claim for any amounts which are deemed, either by agreement of the parties or by court order, invalid reclamation claims."

16. To the extent the Debtors purport to rely upon their informal objection made prior to the filing of the Seventeenth Omnibus Claim Objection (which informal objection is limited to $68,585.49), the Claim is supported by copies of invoices delivered to DAS and such invoices are sufficient proof of the fact that the invoiced goods were actually delivered to DAS. *See, e.g.*, *Irving Trust Co. v. Comm. Factors Corp. (In re Nathan & Cohen Co..)*, 68 F.2d 864, 867 (2d Cir. 1934) (invoices were sufficient proof of the delivery dates of goods where no contradictory evidence was presented); *Savage & Assocs. v. Level (3) Comms. (In re Teligent, Inc.)*, 315 B.R. 308, 316 (Bankr. S.D.N.Y. 2004) (noting in context of new value, an invoice covering past services may provide evidence that the services were actually delivered as set forth in the invoice); *In re Russell Cave Co.*, 253 B.R. 815, 819 (Bankr. D. Ky. 2000) ("The invoices are sufficient to support the prima facie validity of the arrearages portion of [Claimant's] claim."). The Debtor's mere contention that it did not receive the goods, without evidence to support its statement, is insufficient to overcome the *prima facie* validity of the Claim. *See, e.g., In re White*, 158 B.R. 825, 828-29 (Bankr. D. Conn. 1994) (objecting party may not rely on statement that amount asserted in proof of claim is incorrect but rather must come forward with evidence to support its argument).

17. Assuming *arguendo*, that Debtor's statement is adequate to rebut the *prima facie* validity of the Claim (which Claimant does not concede), UPG has also supplied a record of its deliveries for the time period covering the Claim. See <u>Exhibit A</u>, annexed hereto.

18. In the informal objection, the Debtors also dispute the invoiced amount for certain of the transactions, claiming (years later) that they are overstated. The Debtors do not dispute receiving the invoices, however, nor do they assert that such invoices were previously disputed. As such, the Debtors are now bound by the "account stated" doctrine. *See Teligent*, 315 B.R. at

- 6 -

05-44481-rdd    Doc 8585    Filed 07/12/07    Entered 07/12/07 15:54:15    Main Document
Pg 7 of 9

318. Under that theory, a party who receives and retains the creditor's invoices and fails to object within a reasonable time is bound by the terms of the invoice. *Id.*

19. In conclusion, the Debtors' silence on the basis of their Claim Objection and their failure to adequately prosecute their claim objection is insufficient to carry their burden of proof and to overcome the *prima facie* validity of the Claim. Claimant requests that the Claim should be allowed in its full amount. Even if the Debtors' informal claim objection is deemed to provide the detailed basis for the Objection (limited to $68,585.49), the Debtors have failed to carry their burden of proof that any portion of the Claim should be disallowed.

## MEMORANDUM OF LAW

20. Claimant submits that the relevant legal authorities are set forth in this Response and that no novel issues of law have been raised. Accordingly, Claimant requests that the requirement pursuant to Local Bankruptcy Rule 9013-1(b) that they file a memorandum in support of this Response be deemed satisfied.

## RESERVATION OF RIGHTS

21. Claimant reserves the right to update or supplement this response as necessary.

## RETURN ADDRESS FOR REPLY

22. All and any responsive pleadings to this Response must be delivered as follows:

**To counsel for UPG:**

SONNENSCHEIN NATH & ROSENTHAL LLP
Monika J. Machen
8000 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
Tel:    (312) 876-8000
Fax:    (312) 876-7934

**To counsel for Longacre:**

Longacre Master Fund Ltd.
Melissa Mulrooney
810 Seventh Avenue, 22nd Floor
New York, New York  10019
Tel:  212-259-4314
Fax:  212-259-4345

## CONCLUSION

WHEREFORE, Claimant respectfully requests that the Court enter an order (i) overruling the Debtors' Seventeenth Omnibus Objection to Claim as it pertains to Claim #11200; (ii) allowing Claim #11200 in its entirety in an amount not less than $358,909.35; and (iii) granting such other and further relief as this Court deems necessary and proper.

Dated: July 12, 2007

Respectfully submitted,

UNITED PLASTICS GROUP

By:  /s/  D. Farrington Yates
D. Farrington Yates (DY 8383)
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas, 24th Floor
New York, New York 10020
Tel:    (212) 768-6700
Fax:   (212) 768-6800

-and-

SONNENSCHEIN NATH & ROSENTHAL LLP
Monika J. Machen
8000 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
Tel:    (312) 876-8000
Fax:   (312) 876-7934

LONGACRE MASTER FUND, LTD.

By:   /s/ Vladimir Jelisavcic
Vladimir Jelisavcic
810 Seventh Avenue, 22nd Floor
New York, New York  10019
Tel:  212-259-4314
Fax:  212-259-4345

- 9 -