Andrea Fischer (AF 2591)
Olshan Grundman Frome
Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY  10022
Telephone: (212) 451-2300
Facsimile: (212) 451-2222

and

Carrie Mae Brosius (Ohio Sup. Ct. #0075484) (*pro hac vice pending*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P. O. Box 1008
Columbus, Ohio  43216-1008
Telephone: (614) 464-6400
Facsimile: (614) 719-4663

Counsel for A. Schulman, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION., et al.    : | | |
| | : | (Jointly Administered) |
| Debtors. | : | |

-------------------------------------------------------------------------------------------------------

### RESPONSE OF A. SCHULMAN, INC. IN OPPOSITION TO DEBTORS' SEVENTEENTH OMNIBUS CLAIMS OBJECTION

A. Schulman, Inc. ("A. Schulman"), a creditor of Delphi Corporation or its affiliates (collectively, the "Debtors"), by and through its undersigned counsel, hereby files its Response (the "Response") in Opposition to Debtors' Seventeenth Omnibus Claims Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claim Note Reflected on Debtors' Books and Records, and (D) Untimely Claims

546490-2

and Untimely Tax Claims, and (E) Claims Subject To Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (Doc. No. 8270), dated June 15, 2007 (the "Objection"). In support of its Response, A. Schulman respectfully states as follows:

## BACKGROUND

1. On October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, A. Schulman sold goods to the Debtors in the ordinary course of business.

3. On July 27, 2006, A. Schulman timely filed its Proof of Claim in the Debtors' bankruptcy case (the " Proof of Claim")[1] . Attached to the Proof of Claim are invoices totaling $134,297.99 (the "Invoices"). See Proof of Claim, Claim No. 11260 on the Claims Register .[2] Annexed hereto as Exhibit A are copies of the invoices attached to the Proof of Claim.

4. As set forth in the Proof of Claim, A. Schulman sold and delivered goods to the Debtors between January 5, 2004 and the Petition Date in the ordinary course of the Debtors' business. The Invoices evidence each sale of goods and the amount of each sale. Id.; see also Exhibit A. In addition, bills of lading (the "Bills of Lading) associated with the Invoices evidence that the goods identified in the Invoices were, in fact, delivered and sold to the Debtors and further support the Proof of Claim. Annexed hereto as Exhibit B are the Bills of Lading.

---

[1] The Proof of Claim contains a mathematical error. Although the Invoices attached to the Proof of Claim evidence and total $134,297.99, the Proof of Claim total is listed as $98,066.34. Correcting this mathematical error, A. Schulman filed an amended proof of claim on or about July 10, 2007, properly noting the amount due as $134,297.99 (the "Amended Proof of Claim"). In addition, A. Schulman clarified in its Amended Proof of Claim the fact that A. Schulman's claim is a secured claim by virtue of A. Schulman's setoff rights. Specifically, as of the Petition Date, Debtors had a claim against A. Schulman for a credit balance of $213,711.58 (the "Credit"), and A. Schulman had a claim of $134,297.00.

[2] The Proof of Claim is a matter of public record and is incorporated herein by reference. To the extent that any party in interest desires a copy of the Proof of Claim, counsel will readily provide a copy upon request.

546490-2

5.      On or about June 15, 2007, the Debtors filed the Objection through which they seek to reduce the Claim Amount to zero. The Objection identifies "Books and Records Claim" as the basis on which the Debtors seek to eliminate the Claim Amount. Debtors fail to provide any explanation for their Objection, and indeed, the Objection is not supported by the evidence.

## ARGUMENT

6.      Federal Rule of Bankruptcy Procedure 3001(f) and governing case law make clear that a creditor's filed proof of claim is prima facie evidence of the validity of that asserted claim. Here, the Proof of Claim, supported by the Invoices, constitutes prima facie evidence of the validity of the Proof of Claim. Moreover, the Bills of Lading further evidence the validity of the Proof of Claim.

7.      The Debtors have failed to establish that the Proof of Claim should be reduced or modified under 11 U.S.C. § 502(b).

8.      Accordingly, the Debtors' Objection should be denied with prejudice.

**WHEREFORE**, A. Schulman, Inc. respectfully requests that the Court enter an order denying the Debtors' Objection, allowing the Proof of Claim, as amended, in the full Claim Amount of $134,297.99, pursuant to 11 U.S.C. § 502(b), and directing the Debtors to pay such amount consistent with any distributions made to other similarly situated creditors. A. Schulman, Inc. also requests all other and further relief as the Court deems just.

546490-2

Dated: New York, New York
July 12, 2007

Respectfully submitted,

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP


/s/ Andrea Fischer
Andrea Fischer (AF 2591)
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Telephone:  (212) 451-2256
Facsimile:  (212) 451-2222

and

Carrie Mae Brosius (Ohio Sup. Ct. #0075484) (*pro hac vice pending*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P. O. Box 1008
Columbus, Ohio  43216-1008
Telephone: (614) 464-6400
Facsimile: (614) 719-4663

*Counsel for A. Schulman, Inc.*

546490-2