**Hearing Date: 07/19/07**
**Time: 10:00 a.m.**

JACOB & WEINGARTEN, P.C.
Attorneys for Visteon Corporation
2301 West Big River Road
Suite 777
Troy, MI 48084
(248) 649-1900
Howard S. Sher
Alan J. Schwartz

SANFORD P. ROSEN & ASSOCIATES, P.C.
Local Counsel for Visteon Corporation
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Kenneth M. Lewis (KL-7679)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re
                                               Case No. 05-44481(RDD)
DELPHI CORPORATION, et al.,      (Jointly Administered)

                             Debtors.    Chapter 11
------------------------------------x

**VISTEON CORPORATION'S RESPONSE TO DEBTORS'
SIXTEENTH OMNIBUS OBJECTION (PROCEDURAL) PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) DUPLICATE OR AMENDED CLAIMS AND (B) PROTECTIVE CLAIMS
<u>(CLAIM NOS. 1850 AND 1854)</u>**

    Visteon Corporation ("Visteon") states:

    1.    As part of their sixteenth omnibus claims objection (the "Objection"), Debtors have objected to Claim Nos. 1850 and 1854 (the "Claims") filed by Visteon on the grounds that such claims are "protected claims" and should therefore be disallowed and expunged. Copies of the two claims are attached hereto as Exhibit A.

    2.    In paragraph 28 of the Objection, "protected claims" are

defined as claims "asserted to protect against future rejection damages that could arise if the Debtors ultimately reject an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code."  While the Claims do include potential rejection claims, the Claims also contain several other components.

3. On October 7, 2005, the day before Debtors filed their voluntary petitions for relief under the Chapter 11 of the Bankruptcy Code: (a) Debtors owed Visteon $2,360,853.21 (the "Receivable"); and (b) Visteon owed Debtors an amount significantly greater than $2,360,853.21 (the "Payable").[1]

4. On October 7, 2005, as permitted under Section 9(c) of Visteon's Global Terms For Production Parts And Non-Production Goods And Services,[2] Visteon effectuated a setoff of the Receivable against the Payable.

5. Debtors have questioned whether or not Visteon actually effectuated such setoff pre-petition and have threatened to sue Visteon for the amount of the asserted setoff (under the theory that the amount of the Payable has not been reduced by the amount of the Receivable - - and therefore constitutes an account receivable of Debtors in such amount).

6. The Claims contain the following language: "Prior to the

---

[1] In their Bankruptcy Schedules, Debtors have listed Visteon as an unsecured non-priority creditor with a claim in the amount of $2,065,411.68.

[2] Section 9(c) provides as follows: "Seller agrees that all of its accounts with Buyer will be administered on a net settlement basis and that Buyer may set off debits and credits, including Buyer's attorney fees and costs of enforcement, against any of Seller's accounts regardless of basis for such debits and credits and without advance notice . . ."

Petition Date, Visteon exercised its state law rights to setoff amounts owing from Visteon to the Debtor against amounts owing from the Debtor to Visteon.  Visteon asserts a claim for any prepetition amounts owing to Visteon that exceed the amount of its setoff.  Additionally, if the prepetition setoffs are subsequently reversed or avoided for any reason, Visteon asserts a claim for all prepetition amounts due Visteon for which Visteon remains unpaid."

7.   If: (a) the Court were to determine that Visteon did not effectuate the above described setoff prior to the Petition Date; and (b) Visteon is thereafter not permitted to effectuate a setoff of the Receivable against the Payable subsequent to the Petition Date, then Visteon would at least have a claim against the Debtors' estate in the amount of $2,360,853.21.  The Claims properly preserve such claim in the event of such circumstances.  If the Claims are expunged, then in such circumstances Visteon's pre-petition claim would be improperly eliminated.

8.   In addition to the claim described in the previous paragraph, Visteon also asserted potential warranty claims, claims for defective or non-conforming product, etc.

9.   Thus, the Claims contain components other than with respect to potential rejection damages.

ACCORDINGLY, the Objection should be overruled, except to the extent that the Claims contain a component for potential rejection damages.[3]

Dated: New York, New York
July 13, 2007

           JACOB & WEINGARTEN, P.C.
           Attorneys for Visteon Corporation

           By: /s/ Howard S. Sher
                Howard S. Sher (P38337)
                Alan J. Schwartz (P38144)

           2301 West Big Beaver Road
           Suite 777
           Troy, Michigan 48084
           (248) 649-1900

                    and

           SANFORD P. ROSEN & ASSOCIATES, P.C.
           Local Counsel for Visteon
            Corporation

           By: /s/ Kenneth M. Lewis
                Kenneth M. Lewis (KL-7679)

           747 Third Avenue
           New York, NY 10017-2803
           (212) 223-1100

---

[3] In addition, Visteon agrees that any administrative expenses to which it may be entitled need not be dealt with as part of the Claims.

Exhibit "A"

| UNITED STATES BANKRUPTCY COURT __SOUTHERN__ DISTRICT OF __NEW YORK__ | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor: DELPHI DIESEL SYSTEMS CORP. | Case Number: 05-44612 | |
| NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. | | |
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**VISTEON CORPORATION** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
| Name and address where notices should be sent:<br>Visteon Corporation<br>Attn: Michael Sharnas<br>One Village Drive<br>Van Buren Township, MI 48111<br>Telephone number: 734 710-5236 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated: | |

**1. Basis for Claim**
- ☒ Goods sold/purchased – see attached.
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS#: _____ _____ _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)          (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** Unknown (see attachment)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
- ☐ Real Estate    ☐ Motor Vehicle
- ☒ Other (setoff and/or recoupment and reclamation rights)

UNSECURED NONPRIORITY CLAIMS $ **See attached.**
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, Salaries, or commissions (up to $4300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amounts of all payments on this claim has been credited and deducted for making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 2-1-06 | [signature] Michael Sharnas, Assistant General Counsel, Visteon Corporation |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (4/98) (Reverse)

## ATTACHMENT TO PROOF OF CLAIM

Visteon Corporation ("Visteon") purchases goods from and sells goods to the Debtor.

Visteon asserts a claim for all the amounts that it may be owed under any purchase order, supply agreement, or any other agreement with the Debtor, or on account of any of its dealings with the Debtor, or otherwise including, but not limited to, unpaid amounts for goods shipped, warranty claims, claims for defective or non-conforming product, sort costs, premium freight, rework costs, miss-shipments, short shipments, or the like with respect to any of the foregoing or otherwise, or for any consequential damages that Visteon may suffer or has already suffered on account of any action, inaction or omission by the Debtor or otherwise. In the event any of Visteon's purchase orders or other agreements are rejected, Visteon also asserts damages on account of such breach and or termination.

Prior to the Petition Date, Visteon exercised its state law rights to setoff amounts owing from Visteon to the Debtor against amounts owing from the Debtor to Visteon. Visteon asserts a claim for any prepetition amounts owing to Visteon that exceed the amount of its setoff. Additionally, if the prepetition setoffs are subsequently reversed or avoided for any reason, Visteon asserts a claim for all prepetition amounts due Visteon for which Visteon remains unpaid.

Visteon asserts an administrative expense claim pursuant to §§ 507(a)(1) and 503(b)(1) for any unpaid, postpetition amounts due it.

Visteon asserts a secured claim to the extent of its setoff/recoupment rights.

The documents that support Visteon's claims are the purchase orders, supply agreements, accounting records and related documents which are voluminous and, therefore, are available upon written request to Michael Sharnas, One Village Drive, Van Buren Township, Michigan 48111.

Visteon reserves the right to amend this Proof of Claim: (1) as additional claims or damages become known to it or are liquidated; (2) if any purchase order or related agreement is rejected; (3) to correct or clarify this Proof of Claim.

# PROOF OF CLAIM

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK**

Name of Debtor: **DELPHI AUTOMOTIVE SYSTEMS LLC**  Case Number: **05-44640**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**VISTEON CORPORATION**<br><br>Name and address where notices should be sent:<br>**Visteon Corporation**<br>**Attn: Michael Sharnas**<br>**One Village Drive**<br>**Van Buren Township, MI 48111**<br>Telephone number: **734 710-5236** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated: |
|---|---|

**1. Basis for Claim**
- ☒ Goods sold/purchased – see attached.
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS#: ___ ___ ___
  Unpaid compensation for services performed
  from _____ to _____
       (date)        (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** <u>Unknown (see attachment)</u>
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☒ Other  **(setoff and/or recoupment and reclamation rights)**

UNSECURED NONPRIORITY CLAIMS $ **See attached.**
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim

Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, Salaries, or commissions (up to $4300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amounts of all payments on this claim has been credited and deducted for making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: **2-1-06**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
*[signature]*
**Michael Sharnas, Assistant General Counsel, Visteon Corporation**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (4/98) (Reverse)

## ATTACHMENT TO PROOF OF CLAIM

Visteon Corporation ("Visteon") purchases goods from and sells goods to the Debtor.

Visteon asserts a claim for all the amounts that it may be owed under any purchase order, supply agreement, or any other agreement with the Debtor, or on account of any of its dealings with the Debtor, or otherwise including, but not limited to, unpaid amounts for goods shipped, warranty claims, claims for defective or non-conforming product, sort costs, premium freight, rework costs, miss-shipments, short shipments, or the like with respect to any of the foregoing or otherwise, or for any consequential damages that Visteon may suffer or has already suffered on account of any action, inaction or omission by the Debtor or otherwise. In the event any of Visteon's purchase orders or other agreements are rejected, Visteon also asserts damages on account of such breach and or termination.

Prior to the Petition Date, Visteon exercised its state law rights to setoff amounts owing from Visteon to the Debtor against amounts owing from the Debtor to Visteon. Visteon asserts a claim for any prepetition amounts owing to Visteon that exceed the amount of its setoff. Additionally, if the prepetition setoffs are subsequently reversed or avoided for any reason, Visteon asserts a claim for all prepetition amounts due Visteon for which Visteon remains unpaid.

Visteon asserts an administrative expense claim pursuant to §§ 507(a)(1) and 503(b)(1) for any unpaid postpetition amounts due it.

Visteon asserts a secured claim to the extent of its setoff/recoupment rights.

The documents that support Visteon's claims are the purchase orders, supply agreements, accounting records and related documents which are voluminous and, therefore, are available upon written request to Michael Sharnas, One Village Drive, Van Buren Township, Michigan 48111.

Visteon reserves the right to amend this Proof of Claim: (1) as additional claims or damages become known to it or are liquidated; (2) if any purchase order or related agreement is rejected; (3) to correct or clarify this Proof of Claim.

JACOB & WEINGARTEN, P.C.
Attorneys for Visteon Corporation
2301 West Big River Road
Suite 777
Troy, MI 48084
(248) 649-1900
Howard S. Sher
Alan J. Schwartz

SANFORD P. ROSEN & ASSOCIATES, P.C.
Local Counsel for Visteon Corporation
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Kenneth M. Lewis (KL-7679)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re
                                       Case No. 05-44481(RDD)
DELPHI CORPORATION, et al.,            (Jointly Administered)


                          Debtors.     Chapter 11
------------------------------------x

**CERTIFICATE OF SERVICE OF VISTEON CORPORATION'S RESPONSE TO
DEBTORS' SIXTEENTH OMNIBUS OBJECTION (PROCEDURAL) PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) DUPLICATE OR AMENDED CLAIMS AND (B) PROTECTIVE CLAIMS
(CLAIM NOS. 1850 AND 1854)**

        The undersigned, under penalty of perjury, hereby

certifies as follows:

        I am over eighteen (18) years of age, reside in Troy,

Michigan and am not a party to this proceeding.

On the 13th day of July, 2007, I served Visteon Corporation's Response To Debtors' Sixteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims And (B) Protective Claims (Claim Nos. 1850 And 1854) upon the parties whose names and addresses are set forth below by overnight courier service by depositing copies of same in pre-paid, properly addressed wrappers in an official depository under the exclusive care and custody of Fedex Corporation within the state of Michigan.

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr.
      John K. Lyons
      Joseph N. Wharton
333 West Wacker Drive
Suite 2100
Chicago, IL 60606


Dated:  Troy, Michigan
        July 13, 2007

                                /s/ Teri Breaugh
                                Teri Breaugh