ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400
Michael S. Davis, Esq. (MD-6317)
Anthony I. Giacobbe, Jr., Esq. (AG-0711)

Attorneys for AIG Member Companies Insurance Company
and each of its related companies that provided
insurance coverages to the Debtors

<u>Hearing Date:</u>
To be scheduled

<u>Objection Deadline:</u>
July 13, 2007 at 4:00 p.m.[1]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**AIG MEMBER COMPANIES' RESPONSE TO DEBTORS' SIXTEENTH
OMNIBUS OBJECTION (PROCEDURAL) PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) DUPLICATE OR AMENDED CLAIMS AND (B) PROTECTIVE CLAIMS
(RE: PROOF OF CLAIMS NOS. 1374 THROUGH 1387)**

Lexington Insurance Company, on behalf of itself and each of its related companies that provided insurance coverages to any of the Debtors ("AIG Member Companies") responds to the Debtors' Sixteenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims and (B) Protective Claims (the "Objection") as follows:

---

[1] The Debtors have agreed to adjourn the deadline to respond to the Objection to July 13, 2007 at 4:00 p.m.

1. AIG Member Companies provided certain insurance coverages to the Debtors beginning as of May 1, 1993 (the insurance policies, together with all related program agreements, are collectively referred to as the "Insurance Programs").

2. AIG Member Companies filed timely proofs of claim (claim nos. 1374 through 1387) for amounts due AIG Member Companies from the Debtors pursuant to the Insurance Programs. The proofs of claim specifically state:

> (a) **Unliquidated Claim for the Insurance Program.** Pursuant to the Insurance Program, the Debtors entered into certain agreements and are obligated to pay to Claimant, among other things, certain premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and related costs. Such amounts constitute the Claimant's unliquidated claim. When the amount of premiums, deductibles, fees, expenses and other costs due under the Insurance Program, including, without limitation, damages that may arise from the rejection of the Insurance Program or any part thereof, are liquidated, such amounts shall become a liquidated claim. Claimant reserves the right to amend this proof of claim as such amounts become liquidated.

3. Debtors object to the claim on the ground that it is a "protective claim" in that amounts that will or may come due under the Insurance Programs are not presently due or determined. This assertion provides no basis to deny these claims because the obligations under the Insurance Program are ongoing. This is the very nature of insurance coverage. The claims are unliquidated, but that does not bear in any way on their validity, and provides no basis to expunge the claims.

4. Unless resolved by agreement, unliquidated claims are resolved either (i) upon subsequent resolution of the contingent events that made such claims unliquidated at the time the claims were filed, or (ii) the claims are estimated pursuant to section 502(c) of the Bankruptcy Code. In no event is expunging a claim the appropriate remedy merely because the amount of the claim is yet to be determined.

5. In the present matter, amounts that may become due to AIG Member Companies are dependent upon the resolution or adjustment of ongoing claims or litigations, each of which will of course be resolved in the future. To the extent these claims are resolved in the reasonably near future, there will be no need for estimation under section 502(c).

6. Indeed, section 502(c) may only be invoked if "fixing" the unliquidated claim would "unduly delay the administration of the case." The Debtors have asserted no such contention here. If the Debtor can make a showing that this threshold requirement of "undue delay" can be met, then this court is required to schedule an estimation hearing. On-the-other-hand, absent a showing of "undue delay," the statute requires this Court to await the outcome of the underlying claims. Disallowance is not an option.

7. Thus, AIG Member Companies respectfully request that the Objections be overruled. The assertion by the Debtors that the claim should be expunged because the amount due is not yet fully determined is without basis in law, and the Debtors assert no legal basis to do so. Section 502(c) has two mandatory

requirements. First, "undue delay" must be established (but here there is no contention, much less a showing, of undue delay). Then, if undue delay is shown, estimation is mandatory ("There shall be estimated for purpose of allowance").

8. This dispute is subject to the rights, if any, under the Insurance Programs, or any other applicable agreement, to have this dispute or any other dispute with the Debtors resolved by arbitration. The filing of this response is not intended to be a waiver of AIG Member Companies' right, if any, to demand arbitration of any disputes under the Insurance Programs. AIG Member Companies expressly reserves all its rights to seek to compel arbitration of any dispute that is subject to an applicable arbitration agreement.

Dated:  New York, New York
        July 13, 2007

ZEICHNER ELLMAN & KRAUSE LLP

By:   /s/ Michael S. Davis
      Michael S. Davis (MD-6317)
      Anthony I. Giacobbe, Jr. (AG-0711)
      Attorneys for AIG Member
        Companies Insurance Company
        and each of its related companies
        that provided insurance coverages
        to the Debtors referred to as AIG
        Member Companies
      575 Lexington Avenue
      New York, New York 10022
      (212) 223-0400
      mdavis@zeklaw.com

507259.03/10539-027/AIG