UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
   In re                                  :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,                :   Case No.  05 - 44481 (RDD)
                                          :
                  Debtors.          :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOURTH AMENDED ORDER SUSPENDING FURTHER PROCEEDINGS ON DEBTORS'
MOTION FOR ORDER UNDER 11 U.S.C. § 1113(c) AUTHORIZING REJECTION OF
COLLECTIVE BARGAINING AGREEMENTS AND AUTHORIZING
MODIFICATION OF RETIREE WELFARE BENEFITS UNDER 11 U.S.C. § 1114(g)

("FOURTH AMENDED SECTION 1113 AND
1114 PROCEEDINGS SUSPENSION ORDER")

Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation ("Delphi") and

certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 1113 and 1114 of the

Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 establishing notice procedures, briefing

schedule, and hearing date regarding the Debtors' Motion To (a) Reject Collective Bargaining

Agreements Under Section 1113(c) And (b) Eliminate Retiree Medical And Life Insurance Benefits

For Union-Represented Retirees Under Section 1114(g) (the "1113/1114 Motion"); and this Court

having entered an order granting the Motion on October 13, 2005 (Docket No. 232);[2] and the Court

having received and reviewed various objections and responses to the 1113/1114 Motion filed by

---

[1]     As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11 U.S.C. §§
101-1330, as amended and in effect on October 8, 2005.

[2]     Subsequent scheduling orders have been entered by the Court at docket nos. 2225, 2425, 2996, 4170, 5058, 5221,
5399, 5539, 5662, 6148, and 6419.

various parties (collectively, the "Respondents");[3] and the Court having commenced the contested

hearing on the 1113/1114 Motion on May 9, 2006 and conducted hearings on the contested motion on

various trial dates in May and June 2006; and the Court on November 22, 2006 having adjourned the

contested hearing on the 1113/1114 Motion to a date to be determined and the deadlines for a ruling on

the 1113/1114 Motion to January 31, 2007 pursuant to the Ninth Amended Section 1113 And 1114

Scheduling Order (Docket No. 5662); and the Court having conducted in-camera status conferences

from time to time so that the Court could be apprised by the Debtors and the Respondents of the status

of negotiations regarding consensual resolution of the 1113/1114 Motion; and the Debtors having filed

an Expedited Motion For Order Authorizing And Approving The Equity Purchase And Commitment

Agreement (the "EPCA") Pursuant To Sections 105(a), 363(b), 503(b) and 507(a) Of The Bankruptcy

Code And The Plan Framework Support Agreement (the "PSA") Pursuant To Sections 105(a), 363(b),

And 1125(e) Of The Bankruptcy Code on December 18, 2006 (collectively, the "Framework

Agreements") (Docket No. 6179) (the "Plan Investment and Framework Support Motion"); and the

Court having issued an order authorizing and approving the Plan Investment And Framework Support

Motion (Docket No. 6589); and the Court having entered four orders suspending further proceedings

on the 1113/1114 Motion until further order of the Court and extending the date by which a ruling on

the 1113/1114 Motion shall be issued (each, a "Section 1113 And 1114 Suspension Order") (Docket

Nos. 6779, 7819, 8128, and 8437); and Delphi having confirmed on July 9, 2007 that it had formally

terminated the EPCA and the PSA; and it appearing that the chambers conference required under the

most recent Section 1113 And 1114 Suspension Order (the "Third Amended 1113 and 1114

Suspension Order") (Docket No. 8437) as a result of the termination of the EPCA or the PSA should

be combined with the chambers conference scheduled for July 19, 2007 under the Third Amended

---

[3]    Objections and responses have been filed at docket numbers 3314, 3317, 3322, 3330, 3332, 3342, 3346, 3353, 3356, 3561, and 3628.

1113 and 1114 Suspension Order; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

Further proceedings on the 1113/1114 Motion continue to be suspended until further

order of the Court. The Third Amended Section 1113 And 1114 Suspension Order shall be amended in

its entirety to read as follows:

1.    The Court shall conduct an in-person, in-camera chambers conference pursuant to 11 U.S.C. § 105(d)(1) with the Debtors, the Respondents, and the official committee of equity security holders (collectively, the "Parties") at 2:00 p.m. (prevailing Eastern time) on July 19, 2007 so that the Court can be apprised by the Parties of the status of the activity regarding the Framework Agreements and related matters and negotiations regarding the consensual resolution of the 1113/1114 Motion.  Parties shall be permitted to participate telephonically in such chambers conference.

2.    The date by which a ruling on the 1113/1114 Motion shall be issued pursuant to 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2) shall be extended, with the consent of the Debtors and the Respondents (to the extent required by statute), to July 27, 2007.  The Parties reserve their right to agree to additional extensions beyond these dates.

Dated:    New York, New York
July 13, 2007

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE