HEARING DATE: July 19, 2007
RESPONSE DEADLINE: July 13, 2007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In Re: | ) | Case No. 05-44481 (RDD) |
|  | ) |  |
| DELPHI CORPORATION, *et al.*, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

---------------------------------------------------------------x

**RESPONSE AND OBJECTION OF SPCP GROUP, L.L.C. TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) INSURANCE CLAIM NOT RELATED ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION AND MODIFIED CLAIMS ASSERTING RECLAMATION**

SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (collectively, "SPCP Group"), as assignee of Stahl Specialty Company EFT and its successor in interest, ThyssenKrupp USA, Inc. ("ThyssenKrupp"), by its undersigned counsel, hereby submits this Response and Objection (the "SPCP Group Response") to the above captioned debtors and debtors-in-possession (collectively, the "Debtors") Seventeenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claim Not Reflected on Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation

{00272287.DOC;2}

(the "Objection"), as such Objection relates to Claim No. 10724, (the "Subject Claim").[1] In support of the SPCP Group Response, SPCP Group respectfully represents as follows:

## BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").

2. On or about July 25, 2006, ThyssenKrupp filed a proof of claim, evidencing the Subject Claim, against Delphi Corporation, designated by the Debtors' claims agent as Claim No. 10724, in the amount of $1,384,396.89.

3. Pursuant to duly executed assignment of claim agreements, ThyssenKrupp transferred and assigned all of their right, title and interest in and to the Subject Claim to SPCP Group, as evidenced by that certain Notice of Transfer of Claim and Assignment of Claim, copies of which are attached hereto as Exhibit "A".

4. On or about June 15, 2007, the Debtors filed the Objection, in which the Debtors sought to, *inter alia,* reduce and reclassify a portion of the Subject Claim.

## THE COURT SHOULD DENY THE RELIEF SOUGHT IN THE CLAIMS OBJECTION AS IT RELATES TO THE SUBJECT CLAIM AND SUSTAIN THE SPCP GROUP RESPONSE

5. The Objection seeks to reduce and/or reclassify the Subject Claim without any factual or legal justification supporting such treatment. This request must be denied because there is no authority justifying such reduction or reclassification. Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence in the validity and amount of the claim." *See* Fed. Bankr. Proc. 3001(f). As the objecting party, the Debtors have the burden of overcoming the

---

1    The deadline to file responses to the Objection was initially set for July 12, 2007 at 4:00 pm (Eastern). The Debtors extended SPCP Group's time to submit a response to the Objection until July 13, 2007.

{00272287.DOC;2}

prima facie presumption. *See* Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and that burden has not been fulfilled.

    6.  SPCP Group requests that the relief requested by the Debtors be denied and that to the extent the Debtors seek to proceed with reducing and/or reclassifying any portion of the Subject Claim at a later date, the Debtors be required to provide factual evidence and a legal basis for any such requested relief and that SPCP Group be afforded a reasonable time to review and respond to such asserted factual evidence and legal argument.

    7.  WHEREFORE, for the foregoing reasons, SPCP Group respectfully submits that the Court should issue and enter an order (i) denying the Claims Objection as it relates to the Subject Claim in its entirety; or (ii) alternatively, adjourn the hearing on the Objection, as it relates to the Subject Claim for thirty (30) days after the date that the Debtors provide SPCP Group with the factual evidence and a legal basis is support of the relief request in connection with the Subject Claim; and (iii) granting SPCP Group such other and further relief as is just and proper.

Dated: New York, New York
    July 13, 2007

            DREIER LLP
            Counsel to SPCP Group, L.L.C.

            By: */s/Maura I. Russell*
              Paul Traub (PT 3752)
              Maura I. Russell (MR 1178)
              Anthony B. Stumbo (AS 9374)
              Brett J. Nizzo (BN 9463)
              Dreier LLP
              499 Park Avenue – 14th Floor
              New York, New York 10022
              Tel.: 212-328-6100

{00272287.DOC;2}