B210
(12/04)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York
### (Manhattan)

In re: DELPHI CORPORATION, *et al.*,

Case No. 05-44481-rdd
(Jointly Administered)
Court ID (Court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD**<br>Name of Transferee | **Stahl Specialty Company EFT**<br><br><br>Name of Transferor |
| Name and Address where notices to transferee should be sent<br>**SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD**<br>**Two Greenwich Plaza, 1ˢᵗ Floor**<br>**Greenwich, CT 0683**<br>**Attn: Brian A. Jarmain** | Court Record Address of the transferor<br>(Court Use Only) |
| Last Four Digits of Acct. #: | Last Four Digits of Acct. #: |
| **Transfer Amount: $1,384,396.89** | |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of transferor<br><br>**Stahl Specialty Company EFT**<br>PO Box 874750<br>Kansas City, MO 64187-4750 |
| Phone: **203-542-4126**<br>        **203-542-4255** | Phone: ( ) |
| Last Four Digits of Acct #: | Last Four Digits of Acct #: |
| Court Claim # (if known): 10724<br>Date Claim Filed: 7/25/2006 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____

Brian A. Jarmain

Date: **March 28, 2007**

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____        _____
                                          CLERK OF THE COURT

{00239281.DOC;}

EXHIBIT B
TO CLAIMS PUT AGREEMENT

## ASSIGNMENT OF CLAIM

1. THYSSENKRUPP WAUPACA, INC. and subsidiaries, its successors and assigns, ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns unto SPCP GROUP, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., its successors and assigns ("Assignee"), as of the date of this Agreement, all right, title and interest in and to all those certain receivables set forth in Exhibit 1 owed to the Assignor by Delphi Automotive Systems LLC and its certain divisions and/or trade names as identified on Schedule R-A (collectively, "Debtor"), which is subject to a bankruptcy proceeding (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in the amount of $8,437,139.36 (the "Claim Amount"), including without limitation, all of Assignor's right, title and interest in said receivables, all agreements, instruments, invoices, purchase orders and other documents evidencing, or relating or referred to therein (the "Documents"), all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing receivables, and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Claim").

2. This Assignment of Claim is entered into pursuant to a Claims Put Agreement dated as of August 19, 2005 by and between Assignor and Assignee (the "Put Agreement") and a Notice of Exercise received by Assignee on October 26, 2005 (the "Notice of Exercise"). Capitalized terms used herein, which are not otherwise defined herein, shall have the meaning set forth in the Put Agreement.

3. In consideration of the assignment of the Claim by Assignor to Assignee, Assignor, and Assignee shall make payments to one another in the amounts and manner, at the times specified and subject to the conditions provided in the Put Agreement.

4. Each of Assignor and Assignee repeats and reaffirms the representations, warranties, indemnities and other acknowledgments and undertakings made in the Put Agreement as of the date of the Assignment of Claim. Except for the express representations and warranties set forth herein and in the Put Agreement, this Assignment is made as is, without recourse, and without representations and warranties.

5. Assignor is aware that the consideration being paid by Assignee hereunder and under the Put Agreement may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Agreement. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial

advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Agreement and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

6. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate.

7. Each party agrees to indemnify the other party from all losses, damages and liabilities, including attorney's fees and expenses, which result from such party's breach of any representations, warranties or covenants set forth herein. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Claim or the Case.

8. Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Claim and the Assignor's rights thereunder or related thereto pursuant to this Agreement. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Proceeding. In the event of a Disallowance, Assignor shall take reasonable actions to assist (at Assignor's expense) Assignee in the defense of the Disallowed Claim. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Claim and all interests therein to Assignee.

9. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

10. EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS AGREEMENT OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS AGREEMENT, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS AGREEMENT WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS

RIGHT TO TRIAL BY JURY.

11. Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code relating to the assignment of Claim hereunder (including, but not limited to, Rule 3001 of the Federal Rules of Bankruptcy Procedure) or otherwise and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

12. This Agreement, the Notice of Exercise and the Put Agreement shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

13. This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim Agreement by its duly authorized representative dated as of November 18, 2005.

ASSIGNOR:
THYSSENKRUPP WAUPACA, INC. and subsidiaries

By:_____
Name: John Cowden
Title: Chief Financial Officer

ASSIGNEE:
SPCP GROUP, L.L.C., as Agent for
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.

By:_____
Name:        Michael A. Gatto
Title:        Authorized Signatory

Silver Point Capital Fund, L.P

By:_____

Name: Michael A. Gatto

Title: Authorized Signatory

Silver Point Capital Offshore Fund, Ltd.

By:_____

Name: Michael A. Gatto

Title: Authorized Signatory

<b>EXHIBIT 1</b>

<b><u>TO CLAIMS PUT AGREEMENT ASSIGNMENT OF CLAIM DATED NOVEMBER 18, 2005</u></b>

**ThyssenKrupp Waupaca,Inc.** and subsidiaries assign total Accounts Receivable balances in the amount of $8,437,139.36 as represented by the invoice amounts due listed on the attached listings. This total assigned amount of $8,437,139.36 is made up of the following component totals which represent amounts currently owed by Delphi to ThyssenKrupp Waupaca, Inc. and subsidiaries as of the date of this assignment, November 18, 2005.

<b>ASSIGNMENT OF CLAIM SUMMARY TOTALS</b>

Delphi Energy and Chassis – U.S. – owed to ThyssenKrupp Waupaca, Inc.   = $5,824,520.26
Delphi Energy and Chassis – Mexico – owed toThyssenKrupp Waupaca = $ 678,962.56
Delphi Saginaw Steering – owed to ThyssenKrupp Waupaca, Inc   = $ 492,567.63

Delphi – All Locations – owed to ThyssenKrupp Stahl Company   = $1,441,088.91

**TOTAL ASSIGNED CLAIM AMOUNT**   = **$8,437,139.36**

**(SEE ATTACHED LISTINGS FOR INVOICE DETAILS AND AMOUNTS)**