**Hearing Date And Time: July 20, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (IL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                            :        Chapter 11
                                        :
DELPHI CORPORATION, et al.,    :        Case No. 05-44481 (RDD)
                                        :
                Debtor.          :        (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO ROBERT BOSCH GMBH'S MOTION TO
AMEND PROOF OF CLAIM

("OBJECTION TO BOSCH MOTION TO AMEND")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), hereby object (the "Objection"), pursuant to rule 15 of the Federal Rules of Civil Procedure (the "Federal Rules") and rules 7015 and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") as applied through case law, to the Motion To Amend Proof Of Claim (Docket No. 8412) (the "Motion") filed by Robert Bosch GmbH ("Bosch GmbH"), and respectfully represent as follows:

Preliminary Statement

1. Bosch GmbH's proposed amendment does not relate back to its previously filed claims, and is an attempt to add an entirely new claim after the bar date in these cases has passed. Both the law and the equities demand that the amendment not be allowed.

2. On July 31, 2006, which was the bar date (the "Bar Date") in these cases, Bosch GmbH filed a proof of claim on account of alleged infringement of ten particular patents and asserting a claim "in excess of $15 million." Also on July 31, 2006, Robert Bosch Corporation ("Bosch U.S."), an affiliate of Bosch GmbH, filed a proof of claim asserting a claim more than $1.3 million on account of trade debt. On December 27, 2006, without leave of this Court and five months after the Bar Date, Bosch U.S. sought to amend its trade debt claim to allege infringement of three patents, two of which were previously included in Bosch GmbH's claim and one of which – the "New Patent Claim" – was never asserted in any prior claim filed by Bosch GmbH or Bosch U.S. The Debtors objected to both Bosch GmbH's and Bosch U.S.'s claims, challenging the validity of the claims and also challenging the timeliness of Bosch U.S.'s

2

late-filed claim. The hearing on those contested matters has been adjourned and will take place at a later time in accordance with the claims objection procedures approved by this Court.[1]

   3. Furthermore, almost a year after the Bar Date, at least seven months after discovering that it may have an additional claim against the Debtors, and only after the Debtors had objected to Bosch U.S.'s claim as being untimely, among other things, Bosch GmbH for the first time filed a motion seeking authority to amend the Bosch GmbH Claim to include the New Patent Claim and "designate" Bosch U.S. as the holder of the two other patent claims in the Bosch GmbH proof of claim.

   4. Through its Motion, Bosch is attempting to add an entirely new and distinct patent claim almost one year after the bar date has passed without any demonstration of why its neglect in failing to include the New Patent Claim in its original filing was excusable. Moreover, by seeking immediate relief from the Court, Bosch ignores the established claims procedures by demanding an immediate adjudication as to whether the late filed New Patent Claim should be allowed to stand. This matter is already the subject of an omnibus objection that the Debtors filed more than two months ago and is currently slated to be resolved in accordance with the claims procedures.

   5. The Second Circuit has stated that courts must engage in a two-part inquiry when considering amendments to claims. First, they must examine whether the amendment relates back to a timely-filed claim. Second, if the amendment does relate back, courts must examine whether it would be equitable to allow the amendment. See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F. 3d 115, 133 (2d Cir.

---

[1] See Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089).

2005) (hereafter, "Enron Corp. (Midland)").  As more fully explained below, Bosch GmbH's motion to amend its claim fails both of these inquiries.  Accordingly, the Motion should be denied.

## Statement Of Facts

A.    Procedural History

6.    On July 31, 2006, Bosch GmbH timely filed proof of claim no. 13623 ("Proof of Claim 13623") against DAS LLC, asserting claims "in excess of $15 million" for alleged prepetition patent infringement of ten patents (US-5,482,314, US-6.422.596, EP-434.679, DE-199.581.61, EP-458.796, DE-4.040.927, DE-196.514.52, DE-3.729.785, EP-1066174; EP-757.635).  Also on July 31, 2006, Bosch U.S. filed proof of claim no. 13620 ("Proof of Claim 13620"), asserting a trade debt claim in the amount of $1,333,984.29 for parts sold and delivered to DAS LLC.  On August 16, 2006, Bosch GmbH amended Proof of Claim 13623 by filing proof of claim number 16220 (the "Bosch GmbH Claim").[2]

7.    On October 31, 2006 the Debtors objected to the Bosch GmbH Claim on the grounds that the Debtors believe they owe no liability to Bosch GmbH.  On November 22, 2006, Bosch GmbH responded to the Debtors' objection.  As a result, the hearing on the merits of the Bosch GmbH claim was adjourned pursuant to the claims objection procedures.

8.    By its own admission,[3] some time after the Bar Date and prior to November 22, 2006 Bosch GmbH came to believe the Debtors may have also infringed another

---

[2]   The Debtors entered into a stipulation with Bosch GmbH to disallow and expunge duplicative claims filed by Bosch GmbH, leaving the Bosch GmbH Claim (proof of claim no. 16220) as the surviving claim. In the stipulation, the parties agreed that, if Bosch GmbH amended its claim to assert additional or different obligations, it need only amend the surviving claim. In all stipulations between the Debtors and Bosch GmbH or Bosch U.S., however, the Debtors have specifically reserved their rights to object to any new claims or amendments on any basis, including but not limited to timeliness.  See Docket Nos. 6637, 7598, 7691.

[3]   See Motion at ¶ 23.

4

patent, US 6,272,411 (the "New Patent"), which previously was not listed on the Bosch GmbH Claim. Bosch GmbH apparently also discovered that three patents (the New Patent and two of the patents included in the Bosch GmbH Claim) were actually held by Bosch U.S. rather than Bosch GmbH. Without seeking leave of this Court, on December 27, 2006, Bosch U.S. filed proof of claim no. 16467 (the "Amended Bosch U.S. Claim"), purporting to amend Proof of Claim 13620, a trade debt claims asserting a claim in excess of $1.3 million, to include a claim of more than $15 million for alleged patent infringement by the Debtors. The Amended Bosch U.S. Claim alleged infringement of the three patents discovered to be held by Bosch U.S., including the New Patent and two of the patents that were included in the Bosch GmbH Claim.

9. On April 27, 2007, the Debtors objected to the Amended Bosch U.S. Claim as untimely and unsubstantiated, and on May 23, 2007, Bosch U.S. filed a response thereto. Accordingly, pursuant to the claims objection procedures approved by this Court, the Amended Bosch U.S. Claim is currently adjourned to a future date to be noticed by the Debtors. The identity of the holder and owner of the patents and the merits of the infringement claims will be decided by this Court at a hearing to be noticed by the Debtors.

10. Not until June 28, 2007, after waiting more than ten months after filing the Bosch GmbH Claim, almost a year after the Bar Date, and only after the Debtors had objected to the Amended Bosch U.S. Claim, did Bosch GmbH file the Motion to seek leave to amend the Bosch GmbH Claim to include the New Patent and "designate" Bosch U.S. as the holder of three patents.

11. By the Motion, Bosch GmbH seeks to (i) revise the name of the claimant for certain patent infringement claims and (ii) add the New Patent to the list of patents allegedly infringed by the Debtors. As a threshold matter, the issue of whether Bosch U.S. can assert a claim against the Debtors for infringement of the three patents that it holds, including the New

5

Patent, is already pending before this Court. This issue was raised in the Debtors' objection to the Amended Bosch U.S. Claim and will be addressed by the Debtors in accordance with the claims objection procedures approved by this Court. Therefore, it is the second issue, i.e., whether Bosch GmbH can assert a claim for the New Patent, that has not previously been raised before this Court.[4] As discussed below, such claim should not be permitted.

B.      The Relevant Patents

12.     The ten patents included in the Bosch GmbH Claim generally relate to two different product lines, occupant detection devices and airbag control modules. See Supporting Declaration of William Cosnowski, Jr. (the "Cosnowski Decl."), at ¶ 6. These two product lines are entirely different. The occupant detection devices are installed within the seat of a vehicle and are designed to identify whether the occupant in the front passenger seat is the size of a child or an adult and accordingly determine whether the airbag should be suppressed. The airbag control module is a computer that evaluates vehicle safety data and controls airbag deployment when an impact occurs. Id.

13.     Even within each product line, each patent each covers a separate device or process. Although Patent US-5,482,314 and the New Patent both cover occupant detection processes; these patents set forth claims on unique inventions. See id. at ¶ 7. Generally, Patent US-5,482,314 includes at least a six-step process to use sensors to develop a set of electrical signals and then evaluates those signals to potentially generate a de-activate signal for the passive restraint signal in a specific manner using specific criteria. See id. at ¶ 7. In contrast, the

---

[4] It is unclear what legal effect Bosch GmbH intends by "designating" Bosch U.S. as the holder of certain claims. Even if Bosch GmbH is allowed to "designate" Bosch U.S. as the holder of the two patents already included in the Bosch GmbH Claim, the issue of whether that designation allows Bosch GmbH to recover damages for any alleged infringement of those patents is one to be decided by this Court on the merits and pursuant to the claims objection procedures. Moreover, regardless of whether the New Patent is designated as held by Bosch GmbH or Bosch U.S., the claim on account of the New Patent is an untimely, new claim and therefore should not be allowed.

6

New Patent generally uses at least a three-step process in which sensors periodically provide data that is then compared with a historical database to determine if there is a change in occupancy that may correspond to preselected criteria for signals to the passive restraint system.  <u>See</u> <u>id.</u> at ¶ 7 .

Argument

14.    Bosch GmbH's proposed amendment to its claim fails to satisfy the Second Circuit's two-step inquiry to determine whether a post-bar date amendment to a proof of claim should be permitted.  To allow an amendment to a proof of claim after the bar date has passed, courts first look to whether the amendment relates back to a timely-filed claim.  <u>See</u> <u>Enron Corp. (Midland)</u>, 419 F.3d at 134.  The party asserting the relation-back bears the burden of proof.  <u>See</u> <u>Enron Creditors Recovery Corp.</u>, __ B.R. __, 2007 WL 1705653, at *4 (Bankr. S.D.N.Y. June 13, 2007) (hereafter, "<u>Enron Creditors Recovery</u>").  If an amendment relates back, then the court "will examine each fact within the case and determine whether it would be equitable to allow the amendment."  <u>Enron Corp. (Midland)</u>, 419 F.3d at 133.  Bosch GmbH's proposed amendment does not relate back to the Bosch GmbH Claim.  As discussed above, Bosch GmbH's proposed amendment would add a new, unique patent infringement claim for which Bosch GmbH would need to demonstrate a completely different set of facts than those needed to prove infringement of the other patents asserted in the Bosch GmbH Claim. Additionally, to defend the alleged infringement of the New Patent, the Debtors will need to develop and introduce unique facts to support their defenses of patent invalidity and inequitable conduct, which will be different from the facts to be raised by the Debtors to prove invalidity of the other patents asserted in the Bosch GmbH Claim.  Moreover, even if the proposed amendment is found to relate back to the Bosch GmbH Claim, it would be inequitable to allow

7

the proposed amendment because both the Debtors and other creditors would be prejudiced by the amendment. Therefore, Bosch GmbH's Motion should be denied.

A.  Bosch GmbH's Proposed Amendment Arises From Different Facts And Thus Cannot Relate Back To The Bosch GmbH Claim

15.  In determining whether a proposed amendment relates back to an original claim, courts must "take care that an amendment would truly amend a timely filed proof of claim rather than assert a new claim." Enron Creditors Recovery, 2007 WL 1705653 at *3; see also Enron Corp. (Midland), 419 F.3d at 133 (quoting In re Integrated Res., Inc. v. Amertrust Co. Nat'l Ass'n (In re Integrated Res., Inc.), 157 B.R. 66, 70 (S.D.N.Y. 1993)) ("the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of an amendment"). A proposed amendment may be allowed if it corrects a defect of form in the original claim, describes the original claim with greater particularity, or pleads a new theory of recovery on the facts set forth in the original claim. See Enron Corp. (Midland), 419 F.3d at 133 (quoting In re McLean Indus., Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)); In re Asia Global Crossing, Ltd., 325 B.R. 503, 507 (Bankr. S.D.N.Y. 2005) (hereafter, "Asia Global Crossing").

16.  To analyze whether an amendment relates back to the original timely-filed claim, courts have applied rule 15(c) of the Federal Rules ("Rule 15(c)") pursuant to Bankruptcy Rules 7015 and 9014(c). See Enron Creditors Recovery, 2007 WL 1705653 at *4; see also Enron Corp. (Midland), 419 F.3d at 133; Asia Global Crossing., 324 B.R. at 508; In re Enron Corp., 328 B.R. 75, 87 (Bankr. S.D.N.Y. 2005). Rule 15(c) provides that an amendment relates back when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Fed. R. Civ. P. 15(c)(2). This means that "the court must decide whether there is a sufficient

8

commonality of facts between the allegations relating to the two causes of action to preclude the claim of unfair surprise." Asia Global Crossing, 324 B.R. at 508 (citing Benfield v. Mocatta Metals Corp., 26 F.3d 19, 23 (2d Cir. 1994)). "The court should also consider whether the defendant had notice of the claim now being asserted, and whether the plaintiff will rely on the same type of evidence to prove both claims." Id.

17. By attempting to add the New Patent to the list of patents included in the Bosch GmbH Claim, Bosch GmbH is asserting a new claim that does not relate back to a prior one. The claim on account of the alleged infringement of the New Patent does not "arise out of the same occurrence set forth in the original pleading," as required by Rule 15(c). Thus, it cannot relate back to a timely-filed claim. Although Bosch GmbH asserts in the Motion that its proposed amendment "simply . . . [adds] a related patent that was previously omitted from the list of airbag technology patents" in the Bosch GmbH Claim, the New Patent actually applies to a process not covered by any of the patents named in the Bosch GmbH Claim.

18. Bosch GmbH attempts to generalize by asserting that all of the patents were infringed by "the Debtors' sale of Electronic Control Units and/or detection devices (collectively, 'ECUs')," Motion at ¶ 1. However, each patent covers a separate and distinct device or process. Thus, Bosch GmbH will need to provide different evidence against each allegedly infringing product with respect to each patent that has allegedly been infringed. See Cosnowski Decl. at ¶ 9, 10. Furthermore, to defend each patent infringement claim, the Debtors will likely present unique evidence to support the Debtors' interpretations of the claims in the patent and demonstrate that the various allegedly infringing products differ from the required elements of the asserted patent claims. See id. at ¶ 11. Even if the underlying products produced by the Debtors were the same in each case (which they are not), comparing the products to each patent requires demonstration of different facts to determine whether any alleged infringement

9

has occurred. Moreover, the Debtors also possess different statutory and equitable defenses, including patent invalidity, inequitable conduct, and laches, all of which will require facts particular to the New Patent and different from the facts the Debtors would offer against the patents identified in the Bosch GmbH Claim. See Cosnowski Decl. at ¶ 12. The lack of commonality of facts necessary to establish or defend against a claim of infringement on both the New Patent and the various other patents included in the Bosch GmbH Claim demonstrate that the proposed amendment does not relate back the original claim.

19.     A claim does not relate back to an earlier claim if both claims require proof of different facts, even if there are similarities on the surface of both claims. In In re W.T. Grant Co., 53 B.R. 417 (Bankr S.D.N.Y. 1985), the claimant negotiated a financing transaction with the debtor and leased two properties to the debtor. The debtor separately rejected each of the two leases before the bar date. The claimant timely filed a rejection damages claim for one of the rejected leases and then, 16 months after the bar date, sought to amend the claim to include rejection damages for the second lease. Although both claims arose from the same financing arrangement and both claims were for lease rejection damages, albeit for different properties, the court did not permit the post-bar date amendment. The court found that the lease provisions were distinct from one another: they were not coterminous, rent was separate, notice of termination of one lease did not terminate the other, and the leases were separately assignable or could be sublet to different parties. Id. at 421.

20.     Here, the alleged infringement of the New Patent may give rise to a cause of action similar to the alleged infringement of one of the patents listed in the Bosch GmbH Claim, just as the rejection of the two leases gave rise to a similar cause of action for rejection

10

damages.[5]  Yet, the W.T. Grant court noted that the claims were "separate and distinct" from one another.  Id. at 420.  Furthermore, the court reasoned that the terms and provisions contained in each lease were different and "lead [the] court to conclude that they are distinct from each other." Id. at 421.  Here, the processes protected by the New Patent are separate and distinct from the other patents included in the Bosch GmbH Claim.  To prove an infringement of the New Patent, Bosch GmbH would need to establish different facts than with respect to the patents asserted in the Bosch GmbH Claim.

      21.  Like the claimant in W.T. Grant, Bosch GmbH seeks to add a similar, but unique, claim to its original proof of claim.  The Bosch GmbH Claim and the proposed amendment both allege patent infringement, but the claims arise from different patents covering unique inventions.  Some of the ten patents included in the Bosch GmbH Claim apply to a product line of occupant detection devices (patents US-5,482,314, EP-757.635, and the New Patent, US-6,272,411, together, the "Occupant Detection Patents"), while others relate to air bag control modules (patents US-6,422,596, EP-434.679, DE-199.581.61, EP-458.796, DE-4.040.927, DE-196.514.52, DE-3.729.785, and EP-1066174, together, the "Airbag Control Module Patents").[6]  See Cosnowski Decl. at ¶¶ 6, 7.  As described above, these two products lines are completely different.

---

[5] Patent rights are often equated to real property deeds and contracts:  "[A] patent may be thought of as a form of deed which sets out the metes and bounds of the property the inventor owns for the term and puts the world on notice to avoid trespass or to enable one to purchase all or part of the property right it represents. The public holds a vested future interest in the property. Accordingly, patents should be interpreted under the same rules as govern interpretation of kindred documents."  Markman v. Westview Instruments, Inc., 52 F.3d 967, 997 (Fed. Cir. 1995).

[6] Bosch GmbH's Motion identifies the allegedly infringing product as electronic control units or "ECUs".  ECU is a generic and overly simplistic term which does not properly identify or classify Debtor's accused products.  See Cosnowski Decl. at ¶ 6.

11

22.    Within those two product lines, some patents cover processes and others cover particular devices. Even among those that cover processes, the processes protected by each patent are different from each other and require a showing of distinct infringing actions or elements. Here, the New Patent covers inventions relating to an occupant detection process which is in an entirely different technology area than the inventions covered by the Airbag Control Module Patents. Id. at ¶¶ 5, 6. Among the Occupant Detection Patents, Patent EP-757.635 covers devices and methods (and applies only in Europe), while Patents US-5,482,314 and the New Patent cover distinct processes. Id. at ¶ 7.

23.    Even between Patent US-5,482,314 and the New Patent, the patented processes are completely distinct and require proof of entirely different steps that comprise the patented process. See id. at ¶ 7. The methods behind these two patents, as described above, are completely different and would require Bosch GmbH to prove the existence of unique features for each patent claim and defend against unique challenges against the validity of each of the patents that will be raised by the Debtors. Thus, the proposed amendment to include a claim based on this New Patent does not relate back to the Bosch GmbH Claim.

B.    The Equitable Factors Preclude Bosch GmbH's Proposed Amendment

24.    The Debtors maintain that Bosch GmbH's proposed amendment does not relate back to the Bosch GmbH Claim, and therefore the court need not even consider the equitable factors. See Enron Creditors Recovery, 2007 WL 1705653 at *3; Asia Global Crossing, 324 B.R. at 507. Even if this Court finds, however, that Bosch GmbH's proposed amendment relates back to the Bosch GmbH Claim, the equitable balancing factors weigh in favor of the Debtors and should preclude allowing the proposed amendment to the original claim. See, e.g., Enron Corp. (Midland), 419 F.3d at 134 (even assuming that claim related back, amendment must fail when factors under equitable test weigh heavily against it).

25.     If the first prong of the analysis is satisfied and the claim is found to "relate back" to the timely filed claim, a court must then balance the equities by considering the following five factors: (1) undue prejudice to the opposing party, (2) bad faith or dilatory behavior on the part of the claimant, (3) whether other creditors would receive a windfall if the amendment is not allowed, (4) whether other claimants might be harmed or prejudiced, and (5) the justification for the inability to file the amended claim at the time the original claim was filed. See Enron Creditors Recovery, 2007 WL 1705653 at *3; In re Integrated Res., Inc., 157 B.R. at 70; In re PT-1 Communications, Inc., 292 B.R. 482, 487 (Bankr. E.D.N.Y. 2003).  Here, at least four of the five factors weigh heavily in favor of the Debtors and against allowing the amendment.  Thus Bosch GmbH's Motion must be denied.

      (i)  The Debtors Will Be Prejudiced If Bosch GmbH's
          Amendment Is Allowed

26.     When balancing the equities, the Second Circuit has emphasized that "the critical consideration is whether the opposing party will be unduly prejudiced by the amendment." Enron Corp. (Midland), 419 F.3d at 133 (quoting In re Integrated Res., Inc., 157 B.R. at 70).  The considerations in weighing the prejudice to the Debtors include the size of the claim, the Debtors' knowledge of the claim, and the threat of a flood of similar claims. Enron Corp. (Midland), 419 F.3d at 130, 133-34 (explaining the prejudice factor in the context of a late claim but noting that a similar analysis applies for an amended claim).

27.     Bosch GmbH summarily concludes that the Debtors will suffer no prejudice by allowance of the amendment.  This is not true.  Allowing Bosch GmbH to amend its claim would likely "precipitate a flood of similar claims" for several reasons. See Enron Corp. (Midland), 419 F.3d at 130.  Although the size of Bosch GmbH's claim may be small in relation to the total value of the claims filed in the bankruptcy cases, a claim in excess of $15 million is

large in absolute terms.  See id. (noting that claim of $12.5 million in a $900 billion bankruptcy is "no small amount" in absolute terms); see also In re Kmart Corp., 381 F.3d 709, 714 (7th Cir. 2004) (finding that allowing $750,000 claim with claim pool of approximately $6 billion could easily cause debtor "to find itself faced with a mountain of such claims, with a corresponding price tag in the millions of dollars").  Also, adding the New Patent, another avenue of recovery, increases Bosch GmbH's total potential recovery, notwithstanding Bosch's assertion that it has not changed the claimed amount in the Bosch GmbH Claim, an amount the Debtors believe is wildly inflated.[7]  Moreover, the aggregate value of all additional patent claims, not to mention claims in general, that might be asserted as amendments modeled after the Motion could be quite substantial.

        28.       Courts have often looked primarily to concerns about opening the floodgates to similar late-filed claims as a reason not to allow an amendment.  See, e.g., Enron Corp. (Midland), 419 F.3d at 132; In re Kmart Corp., 381 F.3d at 714 (noting that if court allowed all similar late-filed claims, "Kmart could easily find itself faced with a mountain of such claims"); Enron Creditors Recovery, 2007 WL 1705653 at *10-11 ("It can be presumed in a case of this size with tens of thousands of filed claims, there are other similarly-situated potential claimants. . . . Any deluge of motions seeking similar relief would prejudice the Debtors' reorganization process." (citation omitted)).

        29.       Furthermore, allowing Bosch GmbH to amend a timely-filed claim after the Debtors objected to a related claim as untimely could open the floodgates for all claimants who face a similar timeliness objection to seek leave to amend after the fact.  The monetary consequences of such a flood of motions to amend claims and the potentially significant

---

[7] If Bosch GmbH believed that the addition of the New Patent to its claim would not yield any additional recovery, it would likely not have taken the time to seek leave to do so.

14

administrative burden on the Debtors would pose a threat of severe undue prejudice to the Debtors, thus weighing against allowing Bosch GmbH's proposed amendment.

          (ii)    Other Creditors Would Not Receive A Windfall If The Amendment Is Not Allowed

30.    As noted above, Bosch GmbH would likely recover a greater amount if it could amend its claim to include the New Patent than it would without adding that claim. Although other creditors may receive an increased distribution if the amendment is not allowed, such a distribution would not constitute a windfall given the expected size of the claims pool in these cases. Therefore, this factor weighs in favor of the Debtors. See Enron Creditors Recovery, 2007 WL 1705653 at *6.

          (iii)    Other Creditors May Be Prejudiced If The Debtors Are Prevented From Administering The Estate

31.    In addition to the Debtors being prejudiced by both the financial cost and administrative burden of facing a flood of motions to amend claims, other claimants in these cases would also be prejudiced by allowance of Bosch GmbH's proposed amendment. Litigating such motions before the merits of pending objections have been determined, which may obviate the need for amendment, is a waste of the Debtors' resources. Not only is that a costly prospect, but it prevents the Debtors from administering the claims process according to their plan to reach their goal of determining the value of the claims pool to obtain their exit financing and emerge from chapter 11. See Enron Creditors Recovery, 2007 WL 1705653 at *6 (noting that prejudice to Debtors "would also impede the administration of the estate, thus causing harm and prejudice to other claimants, and therefore weighs in favor of the Debtors").

          (iv)    Bosch GmbH Has Provided No Justification For Its Delay In Seeking To Amend Its Claim

15

32. Bosch GmbH points out that Bosch U.S. filed an amendment to its original claim more quickly after learning of the possibility that certain patents were held by Bosch U.S. rather than Bosch GmbH. Bosch GmbH, however, provides no explanation for why it did not seek to amend its own claim until now. Bosch GmbH states that the Motion was filed now "because Bosch does not know when the Debtors will schedule the hearing on the objection [to the Amended Bosch U.S. Claim]. It may be months or even years from now. The longer Bosch GmbH waits to amend its claim, the more it will appear at first blush to be untimely. Bosch GmbH simply cannot risk waiting any longer." Motion at ¶ 44. This unpersuasive effort to justify Bosch GmbH's filing the Motion now does not explain why the Motion was not filed sooner. The Bar Date passed more than eleven months ago. Bosch GmbH admitted in its Motion that it realized in November 2006 that it might have an infringement claim based on the New Patent. Nevertheless, Bosch GmbH does not explain why it waited seven months to seek to amend its claim to account for this new information.

33. The fact that the Motion was filed before the Debtors have filed a plan of reorganization is also inconclusive. The suggestion that adding a claim after the bar date, but before a plan has been filed, is not a disruption "ignores the arduous process of valuing assets, validating claims, and negotiating a compromise among a host of creditors," because the claim is "nonetheless submitted long after the negotiations required to develop [a] plan ha[ve] begun." Enron Corp. (Midland), 419 F.3d at 129. Bosch GmbH's delay, therefore, weighs against allowing the amendment.

34. Without addressing Bosch GmbH's motives or good faith in filing the Motion, four of the five equitable factors set forth in the second part of the Second Circuit analysis to determine whether an amended proof of claim should be allowed weigh against allowing the amendment. Even if this Court finds that the proposed amendment relates back to a

16

timely-filed proof of claim, Bosch GmbH's amendment fails the second prong of the amendment test.

## Conclusion

35.     Bosch GmbH seeks to amend its claim to add a completely new claim eleven months after the Bar Date and approximately seven months after it became aware of the facts giving rise to the requested amendment.  Bosch GmbH fails both prongs of the Second Circuit's test for amending claims because Bosch GmbH's proposed amended claim does not relate back to the Bosch GmbH Claim and the equitable factors do not favor amendment. Accordingly, the Motion should be denied.

## Memorandum Of Law

36.     Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) denying the Motion and (b) granting them such other and further relief as is just.

Dated: New York, New York
July 13, 2007

          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP


By: /s/ John Wm. Butler, Jr.
   John Wm. Butler, Jr. (JB 4711)
   John K. Lyons (JL 4951)
   Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and –


By: /s/ Kayalyn A. Marafioti
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession