Hearing Date and Time: July 19, 2007 at 10:00 a.m. (EST)
Objection Deadline: June 12, 2007 at 4:00 p.m. (EST)

BROUSE MCDOWELL LPA
Jessica E. Price (JP-4871)
1001 Lakeside Ave. Suite 1600
Cleveland, Ohio 44114-1151
Telephone: 216-830-6830
Facsimile: 216-830-6807

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Delphi Corporation, et al. | Case No. 05-44481-(RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF FIRSTENERGY SOLUTIONS CORP AND
OHIO EDISON COMPANY TO SEVENTEENTH OMNIBUS OBJECTION
TO PROOFS OF CLAIM (E) CLAIMS TO MODIFICATION**

In response to the objection of the debtors and debtors in possession in the above captioned Chapter 11 cases (collectively, the "Debtors"), to the claims of FirstEnergy Solutions Corp and Ohio Edison Company (collectively, "FirstEnergy"), FirstEnergy states as follows:

1) Debtor Delphi Corporation Inc. is a party to a Substation Lease Agreement and Easement by and between Delphi Corporation and Ohio Edison as agreed to by the parties pursuant to which Ohio Edison will operate and maintain one electrical distribution substation situated at 209 Hayes Avenue, Sandusky, Ohio, for the sole purpose of Delphi Corporation obtaining retail electric service from

1

|   |   |
|---|---|
| | Lessor pursuant to that certain Contract for Electric Service, as may from time to time be amended or otherwise modified (the "Electric Service Contract"). |
| 2) | The Debtors are in possession of a copy of the Substation Lease Agreement and the Electric Service Contract. |
| 3) | Pursuant to the terms and conditions of the Substation Lease Agreement and the Electric Service Contract in place prior to the Debtors filing of their Chapter 11 Bankruptcy Petitions, the FirstEnergy entities provided maintenance of the Substation Lease and electricity service. |
| 4) | After the filing of the Debtors' Bankruptcy Petition, the Debtors and the FirstEnergy entities revised the terms of and executed a new Substation Lease Agreement and Electric Service Contract which established the value of the prepetition claims for FirstEnergy with respect service on the substation and the electricity provided thereto. |
| 5) | As of the filing of the Debtors' bankruptcy petition, the Debtors owed FirstEnergy $2,801,641.96 (Claim Number 2342) for electric service provided from the substation and owed Ohio Edison $774,413.14 (Claim Number 12181) for the service and maintenance of the substation.  The execution and acceptance of the Substation Lease Agreement and Electric Service Contract, established both the prepetition and postpetition value of the claims against FirstEnergy as agreed to by the Debtors for these claims. |
| **6)** | Accordingly, the proofs of claim filed by the FirstEnergy entities on July 28, 2006, are subject to the postpetition Substation Lease Agreement and Electric |

Service Contract, and should not be adjusted in a manner inconsistent with those postpetition agreements.

## DISCUSSION

As stated by the Court in In Re Russell Cave Company, Inc:

The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid. .... In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence in equal force to the *prima facie* case. .... In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

253 B.R. 815 (Bankr E.D. KY 2000); citing In re Allegheny Intern., Inc., 954 F.2d 167 173-174 (3rd Cir. 1992); In re Fullmer, 962 F.2d 1463 (10th Cir. 1992). The FirstEnergy entities have met their burden of proof.

The Proofs of Claim were executed and filed in accordance with the Federal Rules of Bankruptcy Procedure on Official Form No. 10. The Proofs of Claim provides the name of the Debtors and the case number. They identify FirstEnergy Solutions Corp and Ohio Edison Company as the creditors to whom the obligations are owed and state the basis of the claims, the amount of the claims, and identify the contracts pursuant to which the claims arose. The FirstEnergy entities filed the necessary attachments with each proof of claim providing the full name of the agreements between the parties and the basis for the claims values. The Proofs of Claim were executed by a representative of the FirstEnergy entities and filed within the time

period established for the filing of proofs of claim in the Debtor's bankruptcy case. Accordingly, pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the proofs of claim constitute prima facie evidence of the validity and the amount of the claims of the FirstEnergy entities.

Without any support for the objection, the Debtors allege that the claims filed by the FirstEnergy entities should be amended. The value of the claims as amended however does not appear to be consistent with the Substation Lease Agreement and Electric Service Contract agreed to by the parties postpetition. Because the objection does not refute the evidence of the amounts due pursuant to the FirstEnergy entities as set forth in the proofs of claim, the Debtors' have failed to negate the prima facie validity of the proofs of claim. Further, because there are postpetition agreements entered into between the parties that establish the value of the claims, the full value of the FirstEnergy entities claims cannot be determined without reference to those agreements.

## **CONCLUSION**

The proofs of claim filed by FirstEnergy Solutions and Ohio Edison are evidence of the validity and amount of their claims, subject only to the postpetition agreements between the parties. Because the Debtors have failed to refute this evidence the objection cannot be sustained.

4

WHEREFORE, FirstEnergy Solutions Corp respectfully requests that this court overrule the objection and allow its claim in the amount of $2,801,641.96; and Ohio Edison requests that this court overrule the objection and allow its claim in the amount of $774,413.14 each subjection to adjustment in accordance with the Substation Lease Agreement and Electric Service Contract.

Dated: July 12, 2007                                            Respectfully Submitted,

/s/ Jessica E. Price
Jessica E. Price
BROUSE McDOWELL
1001 Lakeside Avenue, Suite 1600
Cleveland, Ohio 44114-1151
Telephone: (216) 830-6830
Facsimile: (216) 830-6807

ATTORNEYS FOR FIRSTENERGY
SOLUTIONS CORP AND OHIO EDISON
COMPANY