**HEBERT SCHENK, P.C.**
4742 North 24th Street, Suite 100
Phoenix, Arizona 85016
Telephone: (602) 248-8203
Facsimile: (602) 248-8840

**Barbara Lee Caldwell – SBN 003246**
Attorneys for Maricopa County Treasurer

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtor(s). | **MARICOPA COUNTY'S NOTICE OF PERFECTED LIEN AND OBJECTION TO THE "CATALYST BUSINESS SALE MOTION" IF THE TAXES ARE NOT PAID FROM THE PROCEEDS** |

Maricopa County Treasurer, by and through their undersigned counsel, hereby provides notice that it claims a perfected statutory lien in accordance with A.R.S. § 42-17153 (1999) and submits its objection to the "Catalyst Business Sale Motion".

The personal property located in Maricopa County is encumbered with a fully perfected tax lien in the amount of $2,628.52 plus accruing interest. The lien represents a 2006 tax liability on personal property parcel 949-65-352.

Maricopa County objects to the sale of property located in Maricopa County if the tax liabilities associated with such property are not fully paid at closing from the proceeds of the sale in accordance with A.R.S. § 42-17153 (1999). Under Arizona law, the county has a valid lien that is "prior and superior to all other liens and encumbrances on the property." A.R.S. § 42-17153 (1999). The county is entitled to have its tax liens on the property paid "from the sale of which the funds***were derived and, to the extent

necessary to discharge the debt secured by the lien, the proceeds of the sale of the property were withdrawn from or taken out of the assets of the estate." *Brans v. City of Dallas, Texas*, 217 F.2d 640 (5th Cir.1954). In *Ingram v. Coos County, Or.*, the Court held that "It follows therefore that appellee's claim for taxes out of the proceeds of the bankrupt's property sold to satisfy the tax lien, is entitled to priority over all other claims 'except the payment of the actual and necessary costs of the sale of the personal property upon which said taxes were assessed'." *Ingram v. Coos County, Or.*, 71 F.2d 889 (9th Cir. 1934).

Arizona law further provides that "It is unlawful for the owner,…to knowingly sell or transfer personal property or remove it from its location until the taxes on the property are paid." *See,* A.R.S. § 42-19107(A). Accordingly, Maricopa County contends that before any transfer of Debtors' personal property located in Maricopa County, all taxes associated with each of the above parcels of personal property must be paid.

RESPECTFULLY SUBMITTED this 6 day of July, 2007.

HEBERT SCHENK, P.C.

By: /s/ Barbara Lee Caldwell
Barbara Lee Caldwell,
4742 North 24th Street, Suite 100
Phoenix, Arizona 85016
(602) 248-8203
Attorney for Maricopa County Treasurer

| | |
|---|---|
| 1 | A copy of the foregoing mailed this 6th day of July, 2007, to: |
| 2 | |
| 3 | John Wm. Butler, Jr.<br>Skadden Arps Slate Meagher & Flom LLP<br>333 W. Wacker Dr.<br>Chicago, IL  60606-1285<br>Attorney for Debtor(s) |
| 4 | |
| 5 | Kayalyn A. Marafioti<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036<br>Attorney for Debtor(s) |
| 6 | |
| 7 | |
| 8 | United States Trustee<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004 |
| 9 | |
| 10 | By: _____ |