UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: } | |
| } | CHAPTER 11 |
| DELPHI CORPORATION, et al., } | |
| } | CASE NO. 05-44481 (RDD) |
| Debtors. } | (Jointly Administered) |

### RESPONSE OF HENMAN ENGINEERING & MACHINE, INC. TO DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) AND CLASSIFICATION OF CLAIMS AS "…(E) CLAIMS SUBJECT TO MODIFICATION"

Comes now Henman Engineering & Machine, Inc. by counsel Gregory A. Huffman of DeFur Voran LLP, 201 East Jackson Street – Suite 400, Muncie, IN 47305 and in response to the "Debtors' Seventeenth Omnibus Objection (Substantive) pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to certain …(E) Claims Subject to Modification" states as follows:

1. On January 30, 2006 Henman filed its Proof of Claim 2 of 3 (Claim No. 1715) in this court.

2. During the Debtors' review of the Proof of Claim, the Debtors have determined that Henman's Claim 1715 was overstated and was filed and docketed against the wrong Debtors.

3. Henman does not object to the assertion that its claim should have been filed in Case No. 005-44640 against Delphi Automotive Systems, LLC rather than in Case No. 05-44596 against Delphi Automotive Systems (Holding), Inc.

4. Henman does object to its Claim 1715 being reduced from $127,058.35 to $92,916.58.

5. Set forth in the Proof of Claim previously filed with the Court was documentation sufficient to establish prima facie right to payment. As further explanation setting forth the reason why Claim No. 1715 should not be modified, is attached a summary of the factual situation explained in the purchase orders which were not accurately understood by the Debtor. Said concise statement is attached hereto, made a part hereof and marked "Exhibit 1." The purchase orders are part of the original claim.

6. The claimant affirms that its full claim in the amount of $127,058.35 is due and owing and should be approved except as reduced $5,875.72 for reasons stated in the "Exhibit 1," the reason for the reduction being filed invoice 87497 which was charged for scrap and should have been on a "no charge" basis. Therefore, the claim of Henman, Claim 1715 is reduced to $121,182.63.

7. The claims filed by Henman are not contingent or fully or partially unliquidated.

8. Any response of the Debtor should be mailed to counsel for the claimant, the same being Gregory A. Huffman of DeFur Voran LLP, 201 East Jackson Street – Suite 400, Muncie, IN 47305.

WHEREFORE, the claimant Henman Engineering and Machine, Inc. prays the objection to the full amount of its Claim 1715 be withdrawn and that the reduced claim in the amount of $121,182.63 be paid from the assets of the Debtor.

DeFUR VORAN LLP

By: _____
Gregory A. Huffman, ID No. 7833-18
201 East Jackson Street – Suite 400
Muncie, IN 47305
Telephone: (765) 288-3651
Facsimile: (765) 288-7068

**ATTORNEYS FOR CLAIMANT**

The undersigned, Thomas Henman, Jr., Vice President of Henman Engineering & Machine, Inc. states under penalties for perjury that the information contained in this response is true and correct to the best of his knowledge and belief.

_____
Thomas Henman, Jr., Vice President

**CERTIFICATE OF SERVICE**

I hereby certify this 11th day of July 2007 that a copy of the above and foregoing document was mailed by overnight Mail to:

Honorable Robert D. Drain, Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green • Room 632
New York, NY 10004

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attention: General Counsel

Skadden Arps Slate Meagher and Flom, LLP
333 West Wacker Drive • Suite 2100
Chicago, IL 60606
Attention: John Wm Butler, Jr.
       Joseph K. Lyons
       Joseph N. Wharton

_____
Gregory A. Huffman

# Henman Engineering & Machine, Inc.
### 3301 W. Mt. Pleasant Blvd.
### P. O. Box 2633
### Muncie, IN 47307-0633
### Phone: (765) 288-8098   Fax: (765) 288-5081

June 25, 2007
Greg Huffman
Defur & Voran

Subject: Delphi objection to claim

On June 22, 2007 we received a notice of objection to claim (copy attached) on our claim 1715 filed Jan. 30, 2006 in the Delphi bankruptcy.

Our claim is for $127,058.35 and was documented with invoices totaling $127,058.35. Upon review we find that all but one invoice was correct. Invoice 87497 was for scrap and was posted as a charge back to Delphi when it should have been on a "no charge" basis. This reduces our claim to $121,182.63.

They are showing a modification to $92,916.58 and we can not tell which invoices are being honored and which are being denied from information provided.

Some confusion may exist as Delphi issued check 90052170 covering fourteen of our open invoices. However, Delphi's bank denied payment and these invoices remain unpaid.

Invoices 86791 and 86922 are for parts machined from an obsolete design with added machining being required to correct for the design change. Delphi did pay for the normal machining cost but did not pay for altering the part. (See attached purchase order DYS81801 for $0.60/piece additional cost.) Delphi still owes $388.80 on each of these invoices.

As it stands right now we firmly believe that this claim is documented properly with invoices correctly priced and referencing the proper purchase order for each invoice.


Thomas Henman




Revision: 04/23/99