**Hearing Date And Time: July 19, 2007 At 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     -and-

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

     -and-

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
Tom A. Jerman (TJ 1129)
  Jessica Kastin (JK 2288)

Attorneys for Delphi Corporation, et al.,
  Debtor and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698
Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
      In re                                  :         Chapter 11
                                                :
DELPHI CORPORATION, et al.,      :         Case No. 05-44481 (RDD)
                                               :
                           Debtors. :         (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEBTORS' REPLY SUMMARIZING MODIFICATIONS TO PROPOSED FORM OF ORDER GRANTING DEBTORS' UAW 1113/1114 SETTLEMENT APPROVAL MOTION

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this summary of negotiated revisions to the Proposed Order regarding the Motion For Order Under 11 U.S.C. §§ 363, 1113 And 1114 And Fed. R. Bankr. P. 6004 And 9019 Approving Memorandum Of Understanding Among UAW, Delphi, And General Motors Corporation Including Modification Of UAW Collective Bargaining Agreements And Retiree Welfare Benefits For Certain UAW-Represented Retirees (the "Motion") (Docket No. 8445).

1.  On June 29, 2007, the Debtors filed the Motion for an order approving, under 11 U.S.C. §§ 363, 1113, and 1114 of the Bankruptcy Code and Fed. R. Bankr. P. 6004 and 9019, (i) a memorandum of understanding regarding Delphi's restructuring entered into among the United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"), Delphi, and General Motors Corporation ("GM") (the "UAW Settlement Agreement"),[1] a comprehensive agreement that (a) modifies, extends, or terminates provisions of the existing collective bargaining agreements among Delphi, the UAW, and its various locals and (b) provides that GM and Delphi will undertake certain financial obligations to Delphi's UAW-represented employees and retirees to facilitate these modifications, (ii) withdrawal without prejudice of the Debtors' Motion For Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits (the "1113/1114 Motion") solely as it pertains to the UAW and UAW-represented retirees and approving the parties' settlement of the 1113/1114

---

[1] A copy of the UAW Settlement Agreement is annexed to the Proposed Order, which is attached to the Motion as <u>Exhibit 2</u>.

2

Motion solely as it pertains to the UAW and UAW-represented retirees, and (iii) modification of retiree welfare benefits for certain UAW-represented retirees of the Debtors.

        2.       There were no objections to the Motion by any party-in-interest.[2]

Revisions To Proposed Order

        3.       Since the Motion was filed on June 29, 2007, Debtors have agreed with two parties-in-interest to make two revisions to the Proposed Order granting the Motion.[3] These changes are included in the revised Proposed Order, a copy of which is attached hereto as Exhibit 1. A comparison of the original Proposed Order filed with this Court on June 29, 2007, against the revised Proposed Order attached hereto as Exhibit 1, is attached hereto as Exhibit 2.

        4.       The first revision to the Proposed Order, set forth in numbered paragraph 9(a), was negotiated with the New York State Attorney General. This change clarifies that nothing in the UAW Settlement Agreement is intended to waive workers' compensation claims against the Debtors. The following language now appears at the end of numbered paragraph 9(a) of the Proposed Order: "provided further that claims for workers' compensation benefits against Delphi, its subsidiaries, or affiliates, are not waived."

        5.       The second revision, added at the request of Wilmington Trust Company, as Indenture Trustee, clarifies that nothing in the UAW Settlement Agreement prejudices intercompany claims with respect to allocating Delphi's rights and obligations relating to the

---

[2] The docket reflects a letter from Mrs. Kellie J. Hurley addressed to The Honorable Robert Drain, dated July 5, 2007 (Docket No. 8613). Mrs. Hurley, speaking also on behalf of unspecified others holding similar views, identifies herself as the spouse of a UAW member and urges the Court to reject the UAW Settlement Agreement ratified by the UAW membership because, in her view, the UAW gave up too much and obtained too little when it negotiated the UAW Settlement Agreement. Although Mrs. Hurley's lack of standing is self-evident, her views nevertheless fail to refute that the compromise represented by the UAW Settlement Agreement is necessary to permit Debtors to implement their transformation plan and to reorganize promptly.

[3] The UAW and GM have both consented to these revisions.

UAW Settlement Agreement.  This provision parallels language from two prior orders of the Court approving UAW-related special attrition programs.[4]  The following sentence now appears at the end of numbered paragraph 10 of the Proposed Order:  "Further, nothing in the Motion, the UAW Settlement Agreement, this Court's approval of such agreement, the performance of any obligation thereunder, or any other document shall prejudice any right or remedy of any Debtor against any other Debtor with respect to the allocation of Delphi's obligations under the UAW Settlement Agreement or claims asserted against, or payments by, Delphi thereunder, all of which rights are expressly preserved."

---

[4] See Amended Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter Into The UAW Special Attrition Program Agreement dated May 12, 2006 (Docket No. 3754) and Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program And (II) IUE-CWA Special Attrition Program entered July 7, 2006 (Docket 4461).

4

<u>Conclusion</u>

WHEREFORE the Debtors respectfully request that the Court enter an order (a) granting the Motion and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
            July 18, 2007

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
     333 West Wacker Drive, Suite 2100
     Chicago, Illinois 60606
     (312) 407-0700

- and -

By:   /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
     Four Times Square
     New York, New York 10036
     (212) 735-3000

- and-

O'MELVENY & MYERS LLP

By:   /s/ Tom A. Jerman
     Tom A. Jerman (TJ 1129)
     Jessica Kastin (JK 2288)
     1625 Eye Street, NW
     Washington, DC 20006
     (202) 383-5300

Attorneys for Delphi Corporation, <u>et</u> <u>al.</u>,
  Debtors and Debtors-in-Possession