**Marked to show changes from Proposed Order filed June 29, 2007 (Docket No. 8445)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :
       In re                                             :   Chapter 11
                                                         :
    DELPHI CORPORATION, et al.,                          :   Case No. 05-44481 (RDD)
                                                         :
                            Debtors.                     :   (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

ORDER UNDER 11 U.S.C §§ 363, 1113, AND 1114
AND FED. R. BANKR. P. 6004 AND 9019 APPROVING MEMORANDUM OF
UNDERSTANDING AMONG UAW, DELPHI, AND GENERAL MOTORS CORPORATION
INCLUDING MODIFICATION OF UAW COLLECTIVE BARGAINING AGREEMENTS
<u>AND RETIREE WELFARE BENEFITS FOR CERTAIN UAW-REPRESENTED RETIREES</u>

("UAW 1113/1114 SETTLEMENT APPROVAL ORDER")

Upon the motion ("UAW 1113/1114 Settlement Approval Motion" or the "Motion"), dated June 29, 2007, of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 363, 1113, and 1114 of the Bankruptcy Code and Fed. R. Bankr. P. 6004 and 9019 approving (i) a memorandum of understanding regarding Delphi's restructuring entered into among the United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"), Delphi, and General Motors Corporation ("GM"), dated June 22, 2007 (with the attachments thereto, the "UAW Settlement Agreement" or the "Memorandum of Understanding"), that (a) modifies, extends, or terminates provisions of the existing collective bargaining agreements among Delphi, the UAW, and its various locals (the "UAW CBAs"), and (b) provides that Delphi and GM will undertake certain financial obligations to Delphi's UAW-represented employees and retirees to facilitate these modifications, (ii) withdrawal without

prejudice of the Debtors' Motion For Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits, dated March 31, 2006 (the "1113/1114 Motion") solely as it pertains to the UAW and approving the parties' settlement of the 1113/1114 Motion solely as it pertains to the UAW, and (iii) modification of retiree welfare benefits for certain UAW-represented retirees of the Debtors, all as more fully set forth in the UAW 1113/1114 Settlement Approval Motion; and the Court having been advised by counsel to the UAW that the UAW Settlement Agreement was ratified by the UAW membership as of June 28, 2007, such that the only remaining condition to the effectiveness of the UAW Settlement Agreement pursuant to Section K.1 thereof is this Court's entry of an approval order satisfactory in form and substance to the UAW, GM, and Delphi; and this Court having been advised by counsel to the UAW, GM, and Delphi that the form and substance of this Order is satisfactory to each of the UAW, GM, and Delphi as required by Section K.1 of the UAW Settlement Agreement; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

    ORDERED, ADJUDGED, AND DECREED THAT:

        1.    The Motion is GRANTED.

        2.    The Debtors are hereby authorized to enter into the UAW Settlement Agreement, a copy of which is attached hereto as <u>Exhibit 1</u>, and to implement the terms of such UAW Settlement Agreement.

3. Each of the signatories to the UAW Settlement Agreement (each such party, a "Signatory," and collectively, the "Signatories") is directed to take all actions necessary or appropriate to effectuate the terms of this order and the terms of the UAW Settlement Agreement, including, without limitation, any and all actions necessary or appropriate to such Signatory's implementation of and performance under the UAW Settlement Agreement.

4. The UAW Settlement Agreement is binding on the Debtors, GM, and the UAW subject to its terms and constitutes a valid and binding amendment to the UAW CBAs with authorized representatives of all individuals who were or are in a bargaining unit represented by the UAW, as permitted by section 1113 of the Bankruptcy Code and the UAW CBAs as amended, or otherwise, and the UAW CBAs, in accordance with the UAW Settlement Agreement, are binding on the Debtors and the UAW.

5. The UAW Settlement Agreement constitutes a valid and binding amendment to existing retiree health and welfare benefits, as permitted by section 1114 of the Bankruptcy Code, or otherwise.

6. Notice of the UAW 1113/1114 Settlement Approval Motion was properly and timely served in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered on October 26, 2006 (Docket No. 5418), the Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered on March 17, 2006 (Docket

No. 2883), and by service upon (a) the UAW at 8000 East Jefferson, Detroit, Michigan 48214, (b) counsel to the UAW, Cohen, Weiss, and Simon LLP at 330 West 42nd Street, 25th Floor, New York, N.Y. 10036-6976, and (c) the active Delphi hourly employees and hourly retirees who are represented by the UAW at their individual addresses, pursuant to an informational form of notice, a copy of which was attached to the UAW 1113/1114 Settlement Approval Motion as Exhibit 1.

7.  The Debtors are authorized to withdraw, without prejudice, their 1113/1114 Motion solely as it pertains to the UAW. The 1113/1114 Motion is settled solely as it pertains to the UAW.

8.  As provided for in the Motion and with the consent of the UAW and Delphi, Sections H.3 and J.3 of the UAW Settlement Agreement are clarified to provide for the continuance of CHR accruals through October 1, 2007 and to provide that the UAW will receive on the Effective Date an allowed prepetition general unsecured claim against Delphi in the amount of $140 million consisting of UAW-GM Center for Human Resources ("CHR") existing accruals of $134 million and UAW-Delphi Legal Services Plan accruals of $6 million (such allowed claim amount to be adjusted by the difference between accruals through October 1, 2007 and expenditures until the effective date of the Debtors' plan of reorganization (the "Delphi Reorganization Plan")) in complete settlement of the UAW and the CHR claims asserted as to CHR Joint Funds[1] and the UAW-Delphi Legal Services Plan accruals and expenses. The allowed claim provided for in this paragraph shall be paid pursuant to the plan of reorganization following substantial consummation of a plan of reorganization. The amount of $30 million will be directed to

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Memorandum of Understanding.

4

the CHR and the balance will be paid directly to the DC VEBA established pursuant to the settlement agreement approved by the court in the case of <u>International Union, UAW, et al. v. General Motors Corp.</u>, Civil Action No. 05-73991.  Until the effective date of a Delphi Reorganization Plan, Delphi shall continue to make CHR and Legal Service Plan payments consistent with past practices in the ordinary course of business.

    9.  As a condition precedent to the effectiveness of certain obligations of the parties pursuant to Section K.2 of the UAW Settlement Agreement and as provided in Section K.3 of the UAW Settlement Agreement, any Delphi Reorganization Plan that is consistent with the UAW Settlement Agreement and any confirmation order entered into with respect to such plan shall include the following provisions:

  (a)  On the effective date of the Delphi Reorganization Plan, the UAW, all employees and former employees of Delphi represented or formerly represented by the UAW, and all persons or entities with claims derived from or related to any relationship with such employees or former employees of Delphi, shall waive and release and be deemed to have waived and released any and all claims of any nature, whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, existing and/or arising in the future against Delphi, its subsidiaries, or affiliates, the Delphi HRP, the Delphi Health Care Program for Hourly Employees and the Delphi Life and Disability Benefits Program for Hourly Employees, GM, its subsidiaries or affiliates, the GM HRP, the GM Health Care Program for Hourly Employees and the GM Life and Disability Benefits Program for Hourly Employees, and the officers, directors, employees, fiduciaries, and agents of each, arising directly or indirectly from or in any way related to any obligations under the UAW CBAs and the collective bargaining agreement between GM and the UAW related to such employees and the UAW-GM-Delphi Memorandum of Understanding Benefit Plan Treatment related to such employees (<u>provided</u>, <u>however</u>, that claims for benefits provided for or explicitly not waived under the provisions of the UAW Settlement Agreement are not waived<u>; and provided further that claims for workers' compensation benefits against Delphi, its subsidiaries, or affiliates, are not waived</u>).

  (b)  A plan exculpation and release provision (which provision shall be at least as comprehensive as the plan exculpation and release

5

>   >   provision under the Delphi Reorganization Plan) for the UAW released parties (which shall include the UAW and each of their current or former members, officers, committee members, employees, advisors, attorneys, accountants, investment bankers, consultants, agents, and other representatives) with respect to any liability such person or entity may have in connection with or related to the Delphi bankruptcy cases, the formulation, preparation, negotiation, dissemination, implementation, administration, confirmation or consummation of any of the Delphi Reorganization Plan, the disclosure statement concerning the plan, the UAW Settlement Agreement, or the Agreements on Attachment E thereto, or any contract, employee benefit plan, instrument, release, or other agreement or document created, modified, amended, or entered into in connection with either the Delphi Reorganization Plan or any agreement between the UAW or Delphi, or any other act taken or omitted to be taken consistent with the UAW Settlement Agreement in connection with the Delphi bankruptcy.
>
>   (c)   The UAW Settlement Agreement and the agreements referenced in Attachment E thereof and listed on Exhibit 2 attached hereto shall be assumed under 11 U.S.C. § 365.
>
> 10.   Nothing contained in the UAW Settlement Agreement shall

constitute an assumption of any agreement described therein, including, without limitation, any UAW CBA (except as provided for in Section K.3 of the UAW Settlement Agreement) or any commercial agreement between GM and Delphi, nor shall anything therein be deemed to create an administrative or priority claim with respect to GM or convert a prepetition claim into a postpetition claim or an administrative expense with respect to any party.  The UAW Settlement Agreement is without prejudice to any interested party (including the parties to the UAW Settlement Agreement and the Debtors' statutory committees) in all other aspects of Delphi's chapter 11 cases and each party to the UAW Settlement Agreement shall reserve all rights not expressly waived therein. Further, nothing in the Motion, the UAW Settlement Agreement, this Court's approval of such agreement, the performance of any obligation thereunder, or any other document shall prejudice any right or remedy of any Debtor against any other Debtor with respect to the

6

allocation of Delphi's obligations under the UAW Settlement Agreement or claims asserted against, or payments by, Delphi thereunder, all of which rights are expressly preserved.

11.     In furtherance of the UAW Settlement Agreement, as soon as reasonably practicable after the Effective Date, Delphi shall pay approximately (but in no event more than) $993,000 in cash severance and vacation payments to former UAW-represented hourly employees of Manufacturers Products Co. ("MPC"), a former distressed supplier which provided parts to Delphi pursuant to an accommodation agreement.  These MPC-related payments are to be in full satisfaction of all claims against the Debtors arising from or related to MPC, and the Debtors and their estates shall be released from any liability from MPC and its former UAW-represented employees with respect thereto.  In order to receive payment from Delphi pursuant to this paragraph, any payment recipient shall execute a complete release and discharge in favor of the Debtors, accordingly all claims filed in the Debtors' chapter 11 cases arising from or relating to the subject matter of severance and/or vacation claims by MPC employees or former employees are hereby expunged and released, including claim number 13270.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and performance of this order and the UAW Settlement Agreement, and over each of the Signatories in connection therewith through the effective date of a plan of reorganization proposed by the Debtors and confirmed by this Court (and thereafter to the extent provided for in such reorganization plan); provided, however, that the Court's jurisdiction shall not extend to any bilateral agreements of the UAW and GM.

13.     Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy Procedure or any other Bankruptcy Rule, (a) this order shall take effect immediately upon

its entry, (b) upon entry of this order, the Debtors are authorized to take any and all necessary actions to implement the terms of the UAW Settlement Agreement, including executing any amendments to existing collective bargaining agreements consistent in all material respects with the UAW Settlement Agreement, and (c) the UAW Settlement Agreement shall become effective upon entry of this order and, to the extent required, satisfaction of the conditions set forth in the UAW Settlement Agreement.

        14.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       July ___, 2007

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**UAW Settlement Agreement**

05-44481-rdd    Doc 8666-2    Filed 07/18/07    Entered 07/18/07 15:27:58    Exhibit 2
Pg 9 of 10

# **Exhibit 2**

**List of UAW-Delphi National and Local Collective Bargaining Agreements**