**Hearing Date: July 19, 2007**
                                    **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' SIXTEENTH
OMNIBUS OBJECTION (PROCEDURAL) PURSUANT TO 11 U.S.C. § 502(b)
AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR
<u>AMENDED CLAIMS AND (B) PROTECTIVE CLAIMS</u>**

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF
SIXTEENTH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this omnibus reply in support of the Sixteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims And (B) Protective Claims (Docket No. 8271) (the "Sixteenth Omnibus Claims Objection"), and respectfully represent as follows:

1.      The Debtors filed the Sixteenth Omnibus Claims Objection on June 15, 2007, seeking to disallow and expunge certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because such Claims (a) are duplicative of other Claims or have been amended or superseded by later-filed Claims and each such expunged Claim is survived by one Claim or (b) are merely protective in nature. The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Sixteenth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Sixteenth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on July 12, 2007.

2.      As of July 17, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received five timely-filed formal responses to the Sixteenth Omnibus Claims Objection (the "Responses"). A chart summarizing each of the Responses by respondent is attached hereto as Exhibit A.

---

[1]     Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Sixteenth Omnibus Claims Objection.

3. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim; provided, however, that such adjournment will be without prejudice to the Debtors' right to assert that any such Responses were untimely-filed or otherwise deficient under the Claims Objection Procedures Order.

4. As set forth on Exhibit A hereto, the Debtors have agreed to adjourn to a future date the claims hearing with respect to the five Claims for which Responses were filed. The revised proposed order, a copy of which is attached hereto as Exhibit B (the "Revised Order"),[2] reflects the adjournment of the hearings with respect to the Claims for which Responses were filed.

5. Except for those Claims with respect to which a hearing has been adjourned to a future hearing date, the Debtors believe that the Revised Order adequately addresses the concerns of the respondents. Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

---

[2] Attached hereto as Exhibit C is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Sixteenth Omnibus Claims Objection.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Sixteenth Omnibus Claims Objection, subject to the modifications reflected in the Revised Order, (b) adjourning the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       July 18, 2007

                          SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM LLP

                          By: /s/ John Wm. Butler, Jr.
                             John Wm. Butler, Jr. (JB 4711)
                             John K. Lyons (JL 4951)
                             Ron E. Meisler (RM 3026)
                          333 West Wacker Drive, Suite 2100
                          Chicago, Illinois 60606
                          (312) 407-0700

                               -and-

                          By: /s/ Kayalyn A. Marafioti
                             Kayalyn A. Marafioti (KM 9632)
                             Thomas J. Matz (TM 5986)
                          Four Times Square
                          New York, New York 10036
                          (212) 735-3000

                          Attorneys for Delphi Corporation, et al.,
                             Debtors and Debtors-in-Possession