**Exhibit A**

**In re Delphi Corporation, <u>et al.,</u> Case No. 05-44481 (RDD)**

*Responses To The Debtors' Sixteenth Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | 1st Choice Heating and Cooling (Docket No. 8536) | 16601, 16606 | 1st Choice Heating and Cooling ("1st Choice") asserts that it originally filed proof of claim no. 15804 in the amount of $9,555.10 and proof of claim no. 15805 in the amount of $12,491.44, for a total amount of $22,046.47. The Debtors objected to proofs of claim nos. 15804 and 15805 in the Thirteenth Omnibus Claims Objection and 1st Choice filed a response.  On or about May 15, 2007, 1st Choice filed an amended secured claim, proof of claim no. 16601, in the amount of $22,046.54 and attached supporting documentation, including liens, invoices, and a "Customer Open Balance Statement." 1st Choice filed a supplemental response to the Thirteenth Omnibus Claim Objection on June 7, 2007 and attached proof of claim no. 16601.  1st Choice contends that the amended claim was assigned a second claim number, proof of claim no. 16606.  1st Choice does not object to the Debtors expunging proof of claim no. 16606 if proof of claim no. 16601 is allowed.  1st Choice disagrees with the Debtors' attempt to disallow and expunge | Duplicate or amended claims | Adjourned |

[1] This chart reflects all Responses entered on the docket as of Tuesday, July 17, 2007 at 12:00 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Tuesday, July 17, 2007 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | proof of claim no. 16601 and its designation of proof of claim no. 15805 in the amount of $12,491.44 as the surviving claim. 1st Choice asserts that there is sufficient documentation supporting the amended claim amount. | | |
| 2. | Motion Industries, Inc. (Docket No. 8543) | 10251 | Motion Industries, Inc. ("Motion Industries") asserts that it filed proof of claim no. 10251 in the amount of $835,355.82 for the repair and operation of parts. Motion Industries states that it has tentatively settled its differences with the Debtors in a settlement agreement and a joint stipulation and agreed order. Motion Industries asserts that it contemplates withdrawing its response once the joint stipulation and agreed order is entered. Motion contends that the response was filed to protect its interested in connection with the Debtors' Sixteenth Omnibus Claims Objection. | Duplicate or amended claim | Adjourned |
| 3. | Timken U.S. Co. and The Timken Company (Docket No. 8574) | 16499 | Timken U.S. Co. and The Timken Company (collectively, "Timken") asserts that it filed proofs of claim nos. 11706, 11707, 14319, 16456, and 16499. According to Timken, proofs of claim nos. 11707 and 16456 were expunged pursuant to the Debtors' First Omnibus Claims Objection and Eighth Omnibus Claims Objection, respectively. The Debtors objected to proofs of claim nos. 11706 and 14319 pursuant to the Debtors' Third Omnibus Claims Objection and the hearing with respect to those claims was adjourned because Timken filed a response. Timken disagrees with the Debtors' attempt to expunge proof of claim no. 16499 and amend and supersede it with proof of claim no. 14319. Timken asserts that proof of claim no. 16499 supersedes proof of claim no. 14319. | Duplicate or amended claim | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 4. | Visteon Corporation (Docket No. 8594) | 1850, 1854 | The Debtors objected to proofs of claim no. 1850 and 1854 filed by Visteon Corporation ("Visteon") on the grounds that such claims are protective claims. Visteon asserts that although its claims include potential rejection charges, they also include other components, including setoff. Visteon argues that it effectuated a setoff under Section 9(c) of Visteon's Global Terms For Productions Part And Non-Production Goods And Services. Visteon contends that, on October 7, 2005, the Debtors owed Visteon $2,360,853.21 and Visteon owed the Debtors $2,360,853.21. Visteon argues that it may have a claim in the amount of $2,360,853.21 if this Court determines that Visteon did not effectuate the setoff. Furthermore, Visteon argues that its claims should not be expunged and that the value of its claims should be preserved because of the setoff and other components asserted in the claims, including potential warranty claims, claims for defective or non-conforming product, and potential rejection damages. | Protective claims | Adjourned |
| 5. | AIG Member Companies (Docket No. 8595) | 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387 | Lexington Insurance Company, on behalf of itself and each of its related companies that provide insurance coverage to the Debtors (collectively, "AIG"), asserts that it timely filed proofs of claim nos. 1374 through 1387 for amounts owed to AIG pursuant to certain insurance policies (the "Insurance Programs"). AIG argues that the Debtors have no basis to object to their claims as protective because the obligations owed under the Insurance Programs are ongoing, and therefore unliquidated. According to AIG, unliquidated claims are resolved either through the subsequent resolution of the contingent events | Protective claims | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | or estimation of the claims pursuant to section 502(c) of the Bankruptcy Code.  AIG further argues that its claims are not causing undue delay to the Debtors.  Accordingly, AIG requests that the Objection to its claims be overruled. | | |