## Exhibit A

**In re Delphi Corporation, <u>et al.,</u> Case No. 05-44481 (RDD)**

*Responses To The Debtors' Seventeenth Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | Hoover Precision Products, Inc. (Docket No. 8388) | 11292 | Hoover Precision Products, Inc. ("Hoover") asserts that it filed proof of claim no. 11292 against Delphi Corporation in the amount of $1,298,844.76.  Hoover further asserts that its claim was later assigned to SPCP Group, LLC on January 11, 2007.  Hoover states that it does not object to the Debtors' objection to modify its claim to an unsecured claim in the amount of $976,755.77 and an administrative expense priority claim in the amount of $301,625.75. | Modified claim asserting reclamation | Adjourned |

---

[1]  This chart reflects all Responses entered on the docket as of Tuesday, July 17, 2007 at 12:00 p.m. (prevailing Eastern time).

[2]  This chart reflects all resolutions or proposals as of Tuesday, July 17, 2007 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 2. | Airgas East, Inc. (Docket No. 8460) | a) 14278<br><br>b) 14279 | Airgas East, Inc. ("Airgas") asserts that, on or about July 28, 2006, it filed proof of claim no. 14278 in the amount of $18,704.93 and proof of claim no. 14279 in the amount of $3,649.48.  Airgas argues that the Debtors do not provide evidence as to the invalidity of Airgas' claims.<br><br>a) Airgas disagrees with the Debtors' modification of proof claim no. 14278 to $13,972.33. Airgas states it received payment in the amount of $2,395.36 for invoice no. 245151.  Therefore, Airgas contends that proof of claim no. 14278 should be modified to $16,309.57.<br><br>b) Airgas disagrees with the Debtors' objection to disallow proof of claim no. 14279 and argues that the Debtors do not provide invoice or delivery receipts to support the objection.  Airgas contends that it is owed the full amount of $3,649.48. | a) Claim subject to modification<br><br>b) Books and records | Adjourned |
| 3. | Fraenkische USA, LP (Docket No. 8473) | 16511 | Fraenkische USA, LP ("Fraenkische") asserts that it is owed $59,175.40 for goods supplied to Delphi on open accounts prior to the October 8, 2005 (the "Petition Date"). Fraenkische further asserts that it timely filed proof of claim no. 16511 on June 8, 2006 and attaches invoices to its response to demonstrate that its claim amount is liquidated, due, and owing. | Claim subject to modification | Adjourned |

|  | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 4. | Motorola, Inc. (Docket No. 8482) | 2402 | Motorola, Inc. ("Motorola") asserts that it filed proof of claim no. 2402 in the amount of $2,537,751.52, comprised of an unsecured claim in the amount $1,787,025.08 and a secured claim in the amount of $750,487.44. Motorola explains that it and Delphi executed an agreement on March 21, 2001, the Additional Purchase Order Provisions Long Term Contract, which required Motorola to perform services and deliver goods to Delphi. Motorola contends that it timely filed a reclamation demand in the amount of $750,487.44, which is included in proof of claim no. 2402.  Motorola stipulates that the total amount of proof of claim no. 2402 should be modified to $2,516,096.88. Motorola states that it is still discussing with the Debtors the modification of its secured claim to $39,060.00, however.  Motorola argues that the Debtors have not met their burden of proof to overcome the presumed validity of Motorola's claim, and therefore request that the hearing on the Debtors' objection to this claim be adjourned. | Modified claim asserting reclamation | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 5. | Temic Automotive of North America, Inc. (Docket No. 8483) | 8391 | Temic Automotive of North America, Inc. ("Temic") asserts that on July 2, 2006, Motorola and Temic completed a transaction which transferred certain claims filed by Motorola, including proof of claim no. 8391, to Temic. Temic asserts that proof of claim no. 8391 arises from Delphi's prepetition breach of a contract with Motorola. Temic asserts that the claimed amount of $8,385,154 includes engineering costs of $4,152,864, capital costs of $708,088, and lost profits of $3,524,201. Temic disagrees that its claim should be disallowed and expunged. Instead, Temic argues that the claim should be allowed, despite being contingent and unliquidated, because provisions in the Bankruptcy Code prohibit the disallowance of a claim due to its contingency. Furthermore, Temic argues that the Debtors have not met the burden of providing evidence to overcome the presumed validity of Temic's claim. | Books and records | Adjourned |
| 6. | Barnes Group Canada Corp., as claimant and Longacre Master Fund, Ltd., as assignee (Docket No. 8493) | 12829 | Barnes Group Canada Corp., as claimant, and Longacre Master Fund, Ltd., as assignee (collectively, "Barnes"), asserts that it filed proof of claim no. 12829 in the amount of $90,716.91. Barnes states that Debtors' proposed modification of the claimed amount is based on invoice no. 01-1793327, which the Debtors assert was paid. Barnes contends that the Debtors do not provide evidence, support, or analysis to support their objection and that Barnes needs more time to complete due diligence. | Claim subject to modification | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 7. | Datwyler Rubber & Plastics, Inc. (Docket No. 8495) | 10907 | Datwyler Rubber & Plastics, Inc. ("Datwyler") asserts that it filed proof of claim no. 10907 against Delphi Automotive Systems LLC ("DAS LLC") in the amount of $929,544.79.  Datwyler states that is willing to accept the modified amount if there is an order recognizing its claim as an allowed claim. Datwyler asserts that it has been in contact with Debtors' counsel and that the parties will likely reach a resolution. | Modified claim asserting reclamation | Adjourned |
| 8. | ZF Boge Elastmetall LLC (Docket No. 8507) | 12017 | ZF Boge Elastmetall LLC ("ZF") asserts that it timely filed proof of claim no. 12017 in the claimed amount of $99,852.32.  ZF argues that its claim amount remains due and owing and that copies of invoices and other documentation attached to its proof of claim support the asserted amount.  ZF also contends that the Debtors have not overcome the presumption of validity of ZF's claim under Rules 3001 and 3003 of the Federal Rules of Bankruptcy Procedure. | Claim subject to modification | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 9. | Contrarian Funds, LLC (Docket No. 8508) | a) 10388<br><br>b) 5568, 9112, 9113, 10385, 12694,12696,15201<br><br>c) 8791, 9795, 9951, 14141 16542<br><br>d) 15201 | Contrarian Funds, LLC ("Contrarian") asserts that the Debtors do not provide legal or factual basis to overcome the presumption of validity of their claims. Contrarian also argues that there is no authority justifying the Debtors' request to reduce the claims and not allow the claims in the modified amounts.<br><br>a) Contrarian states that it consents to the modification of proof of claim no. 10388 to a $14,138.65 priority claim and a $127,536.84 unsecured claim against DAS LLC, if this Court enters an order allowing this proof of claim for those amounts.<br><br>b) and c) Contrarian disagrees with the Debtors' modification to the claim amount, classification, and asserted Debtor entity for proofs of claim nos. 5568, 9112, 9113, 10385, 12694, 12696, 14141, 15201, 8791, 9795, 9951, and 16542. Contrarian requests that this Court enter an order allowing the claims for the amount asserted in the proofs of claim.<br><br>d) Contrarian requests that this Court enter an order finding that Contrarian beneficially owns proof of claim no. 15201 and attaches documentation to the response supporting this request. | a) Modified claim asserting reclamation<br><br>b) Modified claims asserting reclamation<br><br>c) Claims subject to modification<br><br>d) Modified claim asserting reclamation | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 10. | Eaton Corporation (Docket No. 8509) | 12158 | Eaton Corporation ("Eaton") asserts that it filed proof of claim no. 12158 with supporting documentation in the amount of $2 million. Eaton also asserts that its proof of claim arises from out-of-pocket costs that it incurred either as a result of Delphi's breach of contract or from Eaton's good faith and detrimental reliance on Delphi's purchase order and subsequent correspondence relating to the purchase order.  Eaton disagrees with the Debtors' objection, and argues that Eaton's supporting documentation, including a purchase order, affidavit of an Eaton employee, e-mails, letters, and other documents sustain the evidentiary burden. Furthermore, Eaton argues that the Debtors have not met their burden to overcome the presumptive validity of Eaton's claim. | Books and records claim | Adjourned |
| 11. | Holset Engineering Company, Ltd. (Docket No. 8512) | 11214 | Holset Engineering Company, Ltd. ("Holset") asserts that it filed proof of claim no. 11214 in the amount of $4,950.96, which represents amounts owed for a delivered item.  Holset disagrees with the Debtors' objection and argues that it attached sufficient documentation to its proof of claim evidencing its asserted claim.  Holset attaches documentation to its response, such as purchase order numbers and e-mails, that it asserts it also provided to Delphi representatives.  Holset further states that it conveyed to Delphi that it would provide a proof of delivery slip if such information was necessary. | Insufficiently documented claim | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 12. | ON Semiconductor Components Industries LLC (Docket No. 8513) | 11566 | ON Semiconductor Components Industries LLC ("ON") asserts that it filed proof of claim no. 11566 in the amount of $5,764,040.00, which includes a reclamation claim.  ON explains that it transferred all rights to receive cash and cash distributions to SPCP Group, as agent for Silver Point Capital Fund and Silver Point Capital Offshore Fund Ltd. (collectively, "Silver Point Group") and that it retained the right to prosecute or defend its claim.  ON states that it and Delphi have reached an agreement to allow its claim as a general unsecured claim in the amount of $5,764,040.00 and that it will waive its right to assert any reclamation claim against the Debtors.  According to ON, Silver Point Group consents to the agreement. | Modified claim asserting reclamation | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 13. | RLI Insurance Company (Docket Nos. 8523 and 8524) | 2539 | RLI Insurance Company ("RLI") asserts that proof of claim no. 2539 is a contingent claim in the amount of $11,750,000.00.  RLI asserts that it is a surety and that it issued Delphi Corporation four surety bonds.  According to RLI, it is required to pay bond obligations to the U.S. Customs Service on behalf of Delphi Corporation.  RLI also asserts that Delphi Corporation is contingently liable in the amount of $15,300,000.00 for all bond penal sums.  RLI states that it is filing an amended proof of claim for such contingent amount. RLI argues that its priority status as a surety obligated to the U.S. Government on a U.S. Customs bond is mandated by 31 U.S.C. § 9309.  However, RLI does acknowledge that it has not paid any Customs duties on behalf of Delphi Corporation because Delphi Corporation has consistently made payment. RLI requests that this Court allow it to move for an estimation of its claim, with such funds to be deposited with RLI as collateral until the termination of its liability under the bond. | Books and records insurance claim | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 14. | City of McAllen and South Texas College (Docket No. 8530) | 16589 (City of McAllen) 16590 (South Texas College) | City of McAllen and South Texas College ("Taxing Authorities") assert that they made a prima facie case when they filed their proofs of claim and therefore argues that it is not necessary to file a response to the Debtors' objection.  The Taxing Authorities assert that their claims have not been paid and the amounts remain due for the 2006 tax year.  The Taxing Authorities further assert that they did not receive adequate notice of the Debtors' notice of filing of the chapter 11 cases and argue that they should not be held to the bar date imposed in the Debtors' cases.  The Taxing Authorities further assert that their liens will survive even if the claims are disallowed as an untimely-filed claim. | Untimely books and records claims | Adjourned |
| 15. | Liquidity Solutions, Inc. d/b/a Revenue Management (Docket Nos. 8531, 8532) | 1933, 2711, 2712 | Liquidity Solutions, Inc. d/b/a Revenue Management ("Liquidity Solutions") asserts that it was assigned proof of claim no. 1933 in the amount of $161,818.99 from EST Testing Solutions, and proof of claim no. 2711 in the amount of $15,750.00 and proof of claim no. 2712 in the amount of $26,184.00 from Metal Powder Products Company.  Liquidity Solutions disagrees with the Debtors' objection to modify its claims and attaches documentation to its response, including a printout from E-DACOR, Delphi's internet-based portal for providing suppliers with access to Delphi's accounts payable system, indicating amounts owed and invoices.  Liquidity Solutions asserts that the Debtors provide no evidence to support their objection and to overcome the validity of Liquidity Solutions' claims.  Liquidity Solutions also argues that the Debtor's objection provides no claim-specific rationale for objecting to the claims. | Claims subject to modification | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 16. | Equity Corporate Housing 1 (Docket No. 8538) | 2523 | Equity Corporate Housing 1 ("Equity") asserts that it timely filed its claim representing amounts due and owing on the account of services rendered to the Debtors. Equity argues that the Debtors have not provided evidence to refute the validity of Equity's claim and disagree with the Debtors' objection to reduce the amount of liability. | Claim subject to modification | Adjourned |
| 17. | Contech LLC (Docket No. 8542) | 10397 | Contech LLC ("Contech") asserts that it was assigned proof of claim no. 10397 from SPX Corporation ("SPX") in April 2007. According to Contech, SPX sent a reclamation demand to the Debtors on October 14, 2005 seeking the return of goods delivered to the Debtors. Contech asserts that the Debtors refused to permit the reclamation demand and argued that the goods were received by the Debtors after the Petition Date. Contech explains that SPX filed proof of claim no. 10397 as an administrative priority claim and attached a schedule listing goods included in the claim and information relating to the delivery and value of such goods. Contech argues that the proof of claim and attached schedule constitutes prima facie evidence of their claim, and that the Debtors have not stated any basis, legal or factual, to justify reclassifying proof of claim no. 10397 as a general unsecured claim. | Claim subject to modification | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 18. | Motion Industries, Inc. (Docket Nos. 8545, 8546) | 10231, 10232 | Motion Industries, Inc. ("Motion Industries") asserts that it filed proof of claim no. 10231 in the amount of $6,132.75 and proof of claim no. 10232 in the amount of $108,287.35. According to Motion Industries, it and the Debtors have tentatively settled their differences related to these claims and have memorialized that agreement in a settlement agreement and a joint stipulation and agreed order.  Motion contemplates withdrawing its response when the joint stipulation and agreed order is entered by this Court. | Claim subject to modification | Adjourned |
| 19. | Vanguard Distributors, Inc. (Docket No. 8547) | 9319 | Vanguard Distributors, Inc. ("Vanguard") asserts that it filed proof of claim no. 9319 in the amount of $788,321.49, which is related to purchase orders between Vanguard and the Debtors for "build to print" equipment used at the Debtors' manufacturing facilities. Vanguard asserts that the Debtors' objection does not contain any facts addressing the validity of its claim and fails to provide any grounds to expunge its claim. | Books and records claim | Adjourned |
| 20. | Rothrist Tube, Inc. (Docket No. 8552) | 2680 | Rothrist Tube, Inc. ("Rothrist") asserts that it filed proof of claim no. 2680 as an unsecured claim in the amount of $111,073.70.  Rothrist contends that it has communicated with the Debtors regarding its claim and anticipates resolving its claim with the Debtors.  Rothrist requests that this Court deny the Debtors' objection and enter an order reflecting its agreement with the Debtors. | Claim subject to modification | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 21. | NEC Electronics America, Inc. (Docket No. 8553) | 16368 | NEC Electronics America, Inc. ("NEC") asserts that it and Debtors agree that the valid amount of its reclamation claim is $3,424,138.98. NEC contends that it disagrees with the Debtors as to the amount of its general unsecured claim. NEC further asserts that its claim should be allowed in the amount of $9,911.978.07, with $3,424,138.98 as a reclamation claim receiving priority treatment and the balance as a general unsecured claim. NEC states that it filed its original claim in the amount of $6,179,814.90, which the Debtors objected to in the Fourteenth Omnibus Claims Objection as duplicative of proof of claim no. 16368. Because NEC filed a response to the Fourteenth Omnibus Claims Objection, the hearing on such objection to NEC's original proof of claim is adjourned. NEC states that it continues to work with the Debtors to reconcile the claim. | Modified claim asserting reclamation | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 22. | Cleo Inc (Docket No. 8554) | 3048 | Cleo Inc ("Cleo") states that it filed proof of claim no. 1099 as a general unsecured claim in the amount of $18,878.39. Cleo asserts that it later filed amended proof of claim no. 3048, which included copies of unpaid invoices underlying the claim amount asserted in proof of claim no. 1099. Cleo disagrees with the Debtors' objection that its claim is insufficiently documented. Cleo attaches documents to the response to support its contention and argues that its claim and attached invoices detail the amounts owed. Cleo asserts that the Debtors have not provided evidence to support the Objection. Cleo also states that it provided additional documentation to the Debtors in the form of bills, delivery receipts, and transportation and delivery documentation. | Insufficiently documented claim | Adjourned |
| 23. | Siemens plc (A&D Division) (Docket No. 8566) | 8673 | Siemens plc (A&D Division) ("Siemens") asserts that it filed proof of claim no. 8673 in the amount of $15,307.20 and attached supporting invoices reflecting the amounts owed. Siemens disagrees with the Debtors' objection to modify its claim to $5,674.40. According to Siemens, the Debtors fail to provide sufficient reasons and evidence to overcome the presumption of validity of Siemens' claim. Siemens attaches its proof of claim and supporting invoices to its response and argues that the documents constitute prima facie evidence of the validity of its claim. | Claim subject to modification | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 24. | E.I. du Pont de Nemours and Company (Docket No. 8569) | 10597 | E.I. du Pont de Nemours and Company ("DuPont") asserts that it timely filed proof of claim no. 10597 in the amount of $2,419,203.01.  DuPont asserts that it attached supporting documentation to the proof of claim, such as spreadsheets detailing invoices and copies of invoices.  DuPont also asserts that it provided copies of such invoices detailing time of delivery to the Debtors on July 11, 2007.  DuPont argues that the Debtors have not provided evidence to contradict the validity, amount, or classification of DuPont's claim.  DuPont requests that this Court allow its claim for the full amount asserted. | Claim subject to modification | Adjourned |
| 25. | Collins & Aikman Corporation, et al. (Docket No. 8572) | 16575, 16576, 16577, 16578, 16579 | Collins & Aikman Corporation, et al. (collectively, "C&A") asserts that it filed proofs of claim nos. 16575, 16576, 16577, 16578, and 16579 against various Debtor entities for a total amount of $1,483,735.73 on March 15, 2007, to amend its original claim, proof of claim no. 15339.  C&A argues that amending its original claim to identify the correct names of the claimants and proper Debtors is acceptable.  C&A argues the Second Circuit two-step analysis should determine whether post-bar amendments to timely filed claims should be allowed: (1) whether there is a timely assertion of a timely claim to hold the estate liable and (2) whether amendment is equitable if the amendment does relate back to the timely filed claim.  C&A argues that it meets the Second Circuit test for amended claims because the Debtors were aware of the claims before the Bar Date and the amendment would not delay the hearing or reorganization process. | Untimely claims | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 26. | United States of America, on behalf of the Internal Revenue Service (Docket No. 8573) | 14153 | The United States of America (the "Government") asserts that the Internal Revenue Service (the "IRS") filed proof of claim no. 14153 in the amount of $2,989.09 for the unpaid penalty portion of Social Security taxes incurred by MobileAria for the tax period ending March 31, 2005. The Government opposes the Debtors' objection and attaches documentation to its response indicating the amount remains unpaid. The Government asserts that the Debtors have not met the burden to support the objection to expunge the Government's claim. Also, the Government argues that the Debtors have not overcome the presumption that the IRS's tax assessment is correct. The Government requests that this Court grant it discovery if this Court does not deny the Debtors' objection. | Books and records tax claim | Adjourned |
| 27. | Conestoga-Rovers & Associates, Inc. (Docket No. 8576) | 16604 | Conestoga-Rovers & Associates, Inc. ("CRA") asserts that it filed proof of claim no. 16604 in the amount of $140,195.09 to amend its original claim filed on July 31, 2006. CRA explains that the amended claim is for certain invoices to the Debtors which, although bearing dates in 2006 that suggest they were for postpetition services, were actually for prepetition services. CRA argues that its amended claim meets the legal standard for allowing post-bar date amendments because (1) the original claim provided notice to the Debtors that CRA was asserting a claim for prepetition services, (2) the Debtors are not prejudiced by the amended claim, and (3) CRA did not act in bad faith in filing the amended claim. Accordingly, CRA requests that this Court allow its amended claim in its entirety. | Untimely claim | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 28. | ContiTech Elastomer Coatings (Docket No. 8577) | 9079 | ContiTech Elastomer Coatings ("ContiTech") asserts that it filed proof of claim no. 9079 in the amount of $129,383.00. ContiTech argues that the Debtors have failed to provide a justification to support their objection seeking to reduce ContiTech's claim to $11,772.00. ContiTech attaches invoices to its response indicating amounts owed and argues that the Debtors failed to provide evidence to overcome the validity of ContiTech's claim. | Claim subject to modification | Adjourned |
| 29. | Benecke-Kaliko AG (Docket No. 8578) | 9080 | Benecke-Kaliko AG ("Benecke") asserts that it filed proof of claim no. 9080 in the amount of $66,748.15. Benecke argues that the Debtors have failed to provide justification to support their objection seeking to reduce Benecke's claim to $53,024.14. Benecke attaches invoice no. 20275622, a bill of lading, a packing slip, and a proof of delivery to its response indicating amounts owed and argues that the Debtors fail to provide evidence to overcome the validity of Benecke's claim. | Claim subject to modification | Adjourned |
| 30. | Harco Brake Systems (Docket No. 8580) | 9466 | Harco Brake Systems ("Harco") asserts that it filed proof of claim no. 9466 in the amount of $2,114,936.05. Harco disagrees with the Debtors' objection seeking to reduce its claim to $2,099,080.09 and contends that it needs further information from the Debtors regarding the proposed reduction of the amount of Harco's claim. | Claim subject to modification | Adjourned |
| 31. | L&W Engineering Co. (Docket No. 8581) | 14534 | L&W Engineering Co. ("L&W") asserts that the parties, including the Debtors and APS Capital Corp. (the purchaser of L&W's claim), have been negotiating the amount of L&W's claim. L&W asserts that the parties have agreed to the terms of a settlement agreement. | Modified claim asserting reclamation | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 32. | United Plastics Group, As Claimant, And Longacre Master Fund, Ltd., As Assignee (Docket No. 8585) | 11200 | United Plastics Group, as claimant, and Longacre Master Fund, Ltd., as assignee (collectively, "UPG"), assert that proof of claim no. 11200 was filed in the amount of $358,909.35. This claim was assigned to Longacre Master Fund, Ltd. UPG also asserts that it filed two proofs of claim asserting reclamation claims: proof of claim no. 13572 in the amount of $46,538.80 and proof of claim no. 13546 in the amount of $42,827.19. UPG asserts that its proof of claim no. 11200 does not assert a reclamation claim, and disputes the reduction of its claim to a general unsecured claim of $280,527.85 and a priority claim of $1,444.80. UPG attaches documents to its response to support its claim and argues that the Debtors have failed to provide evidence to satisfy the burden of proof to overcome the validity of UPG's claims | Modified claim asserting reclamation | Adjourned |
| 33. | A. Schulman, Inc. (Docket No. 8586) – (untimely) | 11260 | A. Schulman, Inc. ("A. Schulman") asserts that it timely filed an original proof of claim in the amount of $98,066.34 but attached invoices to the claim seeking, in aggregate, $134,297.99. A. Schulman asserts that it later filed an amended claim in the amount of $134,297.99 to reflect the correct amount due. A. Schulman disagrees with the Debtors' objection under the Books And Records Category and argues that the proof of claim with the invoices attached constitute prima facie evidence of the validity of its claims. | Books and records claim | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 34. | Ohio Department of Taxation (Docket No. 8587) – (untimely) | 16596 | The Ohio Department of Taxation (the "Department") asserts that it filed proof of claim no. 16596. The Department responds to the Debtors' objection that its claim is untimely and asserts that the claim is a request for payment of administrative expense incurred by the Debtors postpetition. The Department further asserts that the amount owed is for 2006 taxes and that the claims bar date is inapplicable. The Department contends that the asserted amount has not been paid and is still owed. | Untimely books and records | Adjourned |
| 35. | Viasystems (Docket No. 8591) – (untimely) | 12383 | Viasystems asserts that it filed proof of claim no. 12383 in the amount of $762,104.80. Viasystems disagrees with the Debtors' objection and asserts that this amount is due and owing. | Books and records claim | Adjourned |
| 36. | SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., as assignee of Stahl Specialty Company EFT and its successor in interest, ThyssenKrupp USA, Inc. (Docket No. 8599) | 10724 | SPCP Group , L.L.C. , as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., as assignee of Stahl Specialty Company EFT and its successor in interest, ThyssenKrupp USA, Inc. ("ThyssenKrupp") (collectively, "SPCP Group") asserts that ThyssenKrupp filed proof of claim no. 10724 in the amount of $1,384,396.89. ThyssenKrupp transferred its claim to SPCP Group and such notice of transfer is attached to SPCP Group's response. SPCP Group asserts that the Debtors' objection to reduce and/or reclassify the claim must be denied because the Debtors fail to provide a factual or legal justification supporting the modification. | Modified claim asserting reclamation | Adjourned |

19

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 37. | FirstEnergy Solutions Corp and Ohio Edison Company (Docket No. 8631) untimely | 2342,  12181 | FirstEnergy Solutions Corp and Ohio Edition Company (collectively, "FirstEnergy") assert that they filed proof of claim no. 2342 in the amount of $2,801,641.96 for amounts owed for electric services provided from a substation and proof of claim no. 12181 in the amount of $774,413.14 for amounts owed for service and maintenance of the substation. The Debtors and FirstEnergy are parties to a "Substation Lease Agreement" and "Electric Service Contract," which was revised postpetition to establish the value of FirstEnergy's prepetition claims.  FirstEnergy contends that their proofs of claim constitute prima facie evidence of the validity of their claims.  FirstEnergy disagrees with the Debtors' attempt to amend the amount of their claims and argues that the Debtors have failed to negate the validity of their proofs of claims. | Claim subject to modification | Adjourned |
| 38. | Zylux Acoustic Corporation (Undocketed) | 2464 | Zylux Acoustic Corporation opposes the Debtors' objection to its claim. | Claim subject to modification | Adjourned |
| 39. | Sierra Liquidity Fund, LLC as assignee of Eissman Group Automotive (Undocketed) | 14670 | Sierra Liquidity Fund, LLC as assignee of Eissman Group Automotive ("Sierra") requests that this Court allow its claim in the amount of $16,977.50, which is the full amount asserted in proof of claim no. 14670. Sierra attaches documentation in support of the claim, including invoices, purchase orders, and proof of delivery.  Sierra asserts that it sees no basis for the proposed reduction in the amount of the claim.  Sierra does not object to the proposed change in Debtor entity against which the claim is asserted. | Claim subject to modification | Adjourned |
| 40. | Sierra Liquidity Fund, LLC As Assignee Of K A Technologies | 14687 | Sierra Liquidity Fund, LLC as assignee of K A Technologies ("Sierra") requests that this Court allow its claim in the amount of | Claim subject to modification | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | (Undocketed) | | $15,273.82, which is the full amount asserted in proof of claim no. 14687. Sierra attaches documentation in support of the claim, including invoices, purchase orders, and proof of delivery. Sierra asserts that it sees no basis for the proposed reduction in the amount of the claim. Sierra does not object to the proposed change in Debtor entity against which the claim is asserted. | | |
| 41. | Fastenal (undocketed) | 7514 | Fastenal Company ("Fastenal") asserts that it filed proof of claim no. 1 in the amount of $58,187.44. According to Fastenal, it checked the unsecured priority claim box in error on proof of claim no. 1. Therefore, it filed proof of claim no. 2 on the same day and attached documentation, including unpaid invoices. Fastenal asserts that Amroc Investments LLC ("Amroc") purchased $55,180.26 of its claim. Fastenal disagrees with the Debtors' objection to reduce its claim by (1) reducing Amroc's portion of the claim in the amount of $55,180.26 to $0.00 and (2) the balance of the claim in the amount of $3,006.46 to $1,567.26. Fastenal asserts that it is unaware of any reason why Amroc's portion of the claim should be disallowed and expunged. Fastenal contends that it will provide invoices and other relevant documentation to the Debtors for any invoices in dispute. Fastenal requests, however, that if invoices are paid, the Debtors keep the pricing information confidential. | Claim subject to modification | Adjourned |
| 42. | Henman Engineering & Machine, Inc. (undocketed) | 1715 | Henman Engineering & Machine, Inc. ("Henman") asserts that it filed proof of claim no. 1715 in the amount of $127,058.35. Henman does not object to changing the Debtor entity against which the claim is | Claim subject to modification | Adjourned |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | asserted to DAS, LLC . Henman objects to the reduction of its claim to $92,916.58 and attaches documentation to support its claim amount. Henman asserts that its claim should be allowed in the amount of $121,182.63. | | |