UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::::::::
In re                                           :    Chapter 11
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                 Debtors.       :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OBJECTION TO ASSUMPTION AND/OR ASSIGNMENT OF CONTRACTS
BY A-1 SPECIALIZED SERVICES & SUPPLIES, INC.

Introduction

1.      A-1 Specialized Services & Supplies, Inc. ("A-1") is a supplier of platinum, palladium and rhodium ("platinum group metals" or "PGM") to industrial users. Throughout its existence, Delphi Corporation ("Delphi") has purchased PGM from A-1 for use in the manufacturing of automotive components. A-1 also reclaims PGM from industrial manufacturing scrap. Throughout its existence, Delphi has purchased the reclamation services of A-1 to recover PGM from its automotive manufacturing scrap. Delphi has continued during the administration of the bankruptcy to purchase PGM and reclamation services from A-1.

2.      Delphi now proposes to sell substantially all of the assets used in its automotive catalyst business to Umicore S.A., a Belgian limited liability corporation, and to assign certain supply and reclaim contracts with A-1 to Umicore.

3.      Umicore and A-1 are major competitors in both the supply and reclaim of PGM throughout the world, and both companies have large market shares. Neither company controls PGM mining companies, and both rely upon secondary sources, e.g. scrap, for supply of PGM. When Umicore acquired other PGM-related assets in 2003, the transaction was identified by the

European Commission as having a potential anti-competitive impact, and A-1 was specifically identified and questioned by the EC, in recognition of A-1's status as a competitor, with regard to such impact. A-1 did not object to that transaction, because A-1 believed that Umicore's acquisition did not significantly change the overall market conditions or shares. Now, however, Umicore proposes to vertically integrate PGM catalyst manufacturing into its corporate structure, by acquiring one of the world's largest purchasers of PGM and one of the world's largest users of PGM recycling services.

4.  A-1 objects to becoming part of such a business relationship directly with Umicore. The execution of the existing contracts between A-1 and Delphi, with their inter-relationship between reclamation of PGM and subsequent availability of PGM supply, have involved very frequent discussions of price and market availability, and inventory repurchases by A-1, with consequent adjustments and pricing decisions. Such a relationship, if it is assigned to Umicore, becomes one between two large competitors, is necessarily revealing of confidential business practices, is subject to substantial manipulation in world markets, is not appropriate, and would be a probable violation of EU and United States anti-trust laws. The Court should not create or force an unwilling business relationship and circumstances through assignment of these contracts.

5.  A-1 is a financial institution under the Bank Secrecy Act, 31 USC Sections 5311 et. seq., 5312(a)(2)(N), as a Dealer in Precious Metals, Stones or Jewels. As amended by the USA PATRIOT Act, Section 352, and implemented by the United States Treasury at 31 CFR 103.140, The Bank Secrecy Act requires A-1 to establish and maintain its contractual dealings in precious metals under an Anti-Money Laundering (AML) Program, and it has done so. A-1 has not approved an assignment of its contracts with Delphi, pursuant to its AML Program. The Court

can not assign those contracts involving the purchase and/or sale of covered precious metals in the absence of approval by A-1 under its AML program.

6.     Delphi is also subject to the same legal classification as a dealer in precious metals, and to the same AML obligations under the Bank Secrecy Act.  Although Delphi's ordinary course of business involves the use of PGM in industrial manufacturing, for which it would be exempt from AML requirements, Delphi in fact engages in many precious metals purchases and sales, including sales of pure metals that it acquires pursuant to its supply contracts with A-1 in excess of its actual manufacturing requirements.  Delphi is thus a dealer in precious metals under the Bank Secrecy Act, as that term is defined in 31 CFR 103.140, and its assignment of supply and reclamation contracts are also subject to Bank Secrecy Act requirements.  Because PGM that A-1 supplies to Delphi, pursuant to the contracts that are proposed to be assigned, is being directly resold to other and unknown persons without AML accountability, A-1 further objects to an assignment of its contracts through which such unknown and unapproved transactions are taking place and/or are facilitated.

7.     Umicore has more than sufficient resources to fully supply the manufacturing needs and fully service the reclamation needs of the PGM catalyst manufacturing operations that it seeks to acquire, and neither Delphi nor Umicore will be harmed in any way by the refusal of the Court to assign the PGM contracts currently in existence between Delphi and A-1.

Dated: Croydon, Pennsylvania          A-1 Specialized Services & Supplies, Inc.
       July 12, 2007

                                      By: _____
                                          Ashok Kumar, Owner
                                          P.O. Box 270
                                          Croydon, PA 19021
                                          (215) 788-9200

Certification of Service

The foregoing response of A-1 Specialized Services & Supplies, Inc. was sent to the following on July 12, 2007:

Original in paper form, and as a Microsoft Word file on a 3.5 inch disk
by Federal Express

United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Copies in paper form
by Federal Express and United States mail

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
Room 610
One Bowling Green
New York, NY 10004

Delphi Automotive Systems LLC
5725 Delphi Drive
Troy, MI 48098

Attn: Legal Staff

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Attn: Deputy General Counsel, Transactions and Structuring

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Attn: John K. Lyons and Brian M. Fern

Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, NY 10022

Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

Attn: Bonnie Steingart

Goodwin Proctor LLP
901 New York Avenue N.W.
Washington, DC 20001

Attn: J. Hovey Kemp

Office of the United States Trustee
  for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY 10004

Attn: Alicia M. Leonhard

                                                                                                      _____
                                                                                                        Ashok Kumar
                                                                                                        P.O. Box 270
                                                                                                        Croydon, PA 19021
                                                                                                        (215) 788-9200