UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
    In re                                :       Chapter 11
                                               :
DELPHI CORPORATION, et al.,       :       Case No. 05-44481 (RDD)
                                               :
                          Debtors.   :       (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 AUTHORIZING
DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC. TO PROVIDE
FUNDS TO DELPHI AUTOMOTIVE SYSTEMS ESPANA S.L.
("DASE FUNDING ORDER")

        Upon the expedited motion, dated July 9, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 363, 1107, and 1108 authorizing, but not directing, Delphi Automotive Systems (Holding), Inc. ("DASHI") to provide funds to Delphi Automotive Systems Espana S.L. ("DASE"); and upon the record of the hearing held on the Motion; and this Court having determined that the receivers appointed to oversee DASE's Spanish Concurso proceeding (the "DASE Receivers") have submitted to the jurisdiction of this Court pursuant to the Stipulation admitted into evidence at the hearing on July 19, 2007; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. DASHI is authorized, but not directed, to provide funds to or on behalf of DASE in amounts up to €120 million for purposes of funding a social plan that would provide employees of DASE's automotive component plant in Cadiz, Spain a separation allowance (the "Separation Plan") as set forth in the agreement attached hereto as Exhibit 1; provided, however, that the foregoing funding shall be subject to the Spanish court presiding over DASE's Concurso proceeding (the "Spanish Court") accepting the Separation Plan and the release of Delphi, DASHI, their subsidiaries and affiliates, and each of their directors and officers from any and all liability related to or arising out of the termination of the existing labor and employment agreements.

3. Subject to the Spanish Court's acceptance of the Separation Plan, DASHI is authorized, but not directed, to provide funds to or on behalf of DASE in amounts up to €10 million for purposes of funding the payment of outstanding claims of DASE's suppliers and non-labor creditors.

4. DASHI's source of funding for the Separation Plan and the payment of outstanding claims of DASE's suppliers and non-labor creditors shall be limited to those funds provided by foreign, non-Debtor subsidiaries.

5. Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy Procedure or any other Bankruptcy Rule, this Order shall take effect immediately upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

7. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is satisfied by the Motion.

Dated: New York, New York
July 19, 2007

                                                  /s/Robert D. Drain
                                                UNITED STATES BANKRUPTCY JUDGE