SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :
                                :
         In re                  :    Chapter 11
                                :
DELPHI CORPORATION, et al.,     :    Case No. 05–44481 (RDD)
                                :
                   Debtors.     :    (Jointly Administered)
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 11247
(SKF USA INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and SKF USA Inc. ("SKF") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 11247 (SKF USA, Inc.) and agree and state as follows:

WHEREAS on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 10, 2005, SKF submitted a demand to the Debtors asserting a reclamation claim in the amount of $871,090.12 (the "Reclamation Demand"). Subsequently, SKF consented to the Debtors' determination that the valid amount of the Reclamation Demand is $85,147.45 (the "Reclamation Claim"). The Reclamation Claim is subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS SKF filed proof of claim number 11247 against DAS LLC on July 24, 2006, which asserts an unsecured non-priority claim in the amount of $556,685.09 and an unsecured priority claim in the amount of $85,147.45 (collectively, the "Claim") arising from the sale of goods to DAS LLC.

WHEREAS, on or about August 18, 2006, SKF and DAS LLC (on behalf of itself and the Debtors) entered into that certain Assumption Agreement (the "Assumption Agreement") pursuant to which SKF and the Debtors resolved certain of the claims asserted in the Claim, resulting in the allowance of, and the Debtors' subsequent satisfaction of, certain administrative

2

expense priority claims of SKF against DAS LLC in an amount specified in the Assumption Agreement (the "Allowed Cure Claim").

WHEREAS, as a result of the Assumption Agreement and the payments made pursuant thereto, only $125,103.69 (the "Remaining Claim") of the original Claim remains pending and SKF acknowledges that, of the Remaining Claim, no more than $26,195.39 is entitled to treatment as a reclamation claim (the "Remaining Reclamation Claim").

WHEREAS the Debtors objected to the Remaining Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims and Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection"), which was filed on May 22, 2007.

WHEREAS, on or before June 22, 2007, SKF filed its Initial Response Of SKF USA Inc. To The Debtors' Fifteenth Omnibus Objection To Claims (Docket No. 8389) (the "Response").

WHEREAS on June 25, 2007, to resolve the Fifteenth Omnibus Claims Objection with respect to the Claim, DAS LLC and SKF entered into a settlement agreement (the "Settlement Agreement").

WHEREAS DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow

3

Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007 (the "Settlement Procedures Order").

THEREFORE, the Debtors and SKF stipulate and agree as follows:

1. That portion of the Claim that constitutes the Allowed Cure Claim has previously been allowed.

2. The portion of the Claim that has not previously been resolved pursuant to the Assumption Agreement shall be reduced and allowed in the amount of $117,224.69 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC (the "Settlement Claim").

3. SKF reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $26,195.39 of the Claim on the grounds that SKF has a valid reclamation claim in the amount of $26,195.39, and further reserves the right to assert that any or all of the Settlement Claim shall be entitled to administrative expense priority status to the extent that such portion of the Settlement Claim arises under an unexpired executory contract that any of the Debtors hereafter seek to assume pursuant to section 365 of the Bankruptcy Code

4. The Debtors reserve the right to seek, at any time and notwithstanding SKF's consent to the amount of the Reclamation Claim, a judicial determination that the Reserved Defenses are valid.

5. For administrative purposes only, the Claim shall be reduced on DAS LLC's claim register to the amount of the Settlement Claim; provided, however, that such reduction shall not impair and shall have no effect on the validity of the Allowed Cure Claim or SKF's receipt of, and DAS LLC's payment of, payment as required by the Assumption

4

Agreement on the Allowed Cure Claim.

6. This Order implements the terms of the agreement and the terms of the Settlement Agreement are and shall be binding on DAS LLC and SKF.

So Ordered in New York, New York, this 19th day of July, 2007

      /s/Robert D. Drain                   
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Linda J. Casey |
|---|---|
| John Wm. Butler, Jr. | Linda J. Casey |
| John K. Lyons | PEPPER HAMILTON LLP |
| Ron E. Meisler | 3000 Two Logan Square |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 18th and Arch Streets |
| | Philadelphia, PA 19103 |
| 333 West Wacker Drive, Suite 2100 | (215) 981-4932 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | Attorneys for SKF USA, Inc. |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

5