# SETTLEMENT AGREEMENT

THIS AGREEMENT, dated as of June 29, 2007 (this "<u>Settlement Agreement</u>"), is entered into by and between Wachovia Bank, N.A., as successor by merger to SouthTrust Bank ("<u>Wachovia</u>") and Lextron Corporation ("<u>Lextron</u>") (together, the "<u>Claimants</u>") and Delphi Corporation ("<u>Delphi</u>") and Delphi Automotive Systems LLC ("<u>DAS LLC</u>", together with Delphi, the "<u>Debtors</u>") (Wachovia, Lextron, Delphi and DAS LLC, the "<u>Parties</u>," and each, a "<u>Party</u>").

## RECITALS:

WHEREAS, on October 8, 2005 (the "<u>Petition Date</u>"), Delphi Corporation, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "<u>Debtors</u>"), filed voluntary petitions for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, (the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the Southern District of New York (the "<u>Delphi Bankruptcy Court</u>");  and

WHEREAS, on July 14, 2006, Lextron filed proofs of claim numbers 9524 ("<u>Claim 9524</u>") and 9807 ("<u>Claim 9807</u>") (together, the "<u>Lextron Claims</u>") against Delphi and DAS LLC, respectively, and asserted an unsecured non-priority claim in the amount of $800,000, plus incidental and punitive damages in amounts to be determined arising from Lextron's claim that Delphi and DAS LLC wrongfully terminated Lextron as a supplier, which claim, <u>inter alia</u>, Lextron asserted in its counterclaims against DAS LLC in a replevin action in the United States District Court for the Southern District of Mississippi (Jackson) (the "<u>Mississippi Federal Court Action</u>") that DAS LLC commenced against Lextron in March 2003 to recover certain equipment and monetary damages from Lextron;  and

WHEREAS, on July 31, 2006, Wachovia filed proofs of claim numbers 14912 ("<u>Claim 14912</u>") and 14913 ("<u>Claim 14913</u>") (together, the "<u>Wachovia Claims</u>") against Delphi and DAS LLC, respectively, asserting an unsecured non-priority claim in the amount of $6,656,624.92 arising from allegations contained in a Complaint, as amended, in an action commenced by Wachovia against, <u>inter alia</u>, certain of the Debtors in the Circuit Court for the Second Judicial District of Hinds County Mississippi (the "<u>Mississippi State Court Action</u>") to recover compensatory damages, attorneys' fees and costs, and punitive damages;  and

WHEREAS, on October 31, 2006, the Debtors objected to the Lextron Claims pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "<u>Third Omnibus Claims Objection</u>");  and

WHEREAS, on November 22, 2006, Lextron filed its Response to Debtors' Third Omnibus Claims Objection (Docket No. 5757) (the "<u>Lextron Response</u>");  and

1

WHEREAS, on April 27, 2007, the Debtors objected to Wachovia's Claim 14912 pursuant to the Debtors' (i) Twelfth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Duplicate and Amended Claims and (b) Equity Claims (Docket No. 7824) (the "Twelfth Omnibus Claims Objection");  and

WHEREAS, on April 27, 2007, the Debtors objected to Wachovia's Claim 14913 pursuant to the Debtors' (i) Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims; (b) Claims Not Reflected on Debtors' Books and Records; (c) Protective Insurance Claims; (d) Insurance Claims Not Reflected on Debtors' Books and Records; (e) Untimely Claims and Untimely Tax Claims; and (f) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection");  and

WHEREAS, on May 24, 2007, Wachovia filed its Response to Debtors' Thirteenth Omnibus Claims Objection (Docket No. 8025) (the "Wachovia Response");  and

WHEREAS, on November 29, 2006, Wachovia filed its Motion Pursuant to 11 U.S.C. § 362 For Relief From The Automatic Stay, If Applicable, To Proceeding With Litigation Against Larry Graves (Graves"), a Non-Debtor Delphi Employee, In the Circuit Court of the Second Judicial District of Hinds County, Mississippi (the "Stay Relief Motion") (Docket No. 5951);  and

WHEREAS, on April 13, 2007, the Debtors filed their Objection to the Stay Relief Motion (Docket No. 7680);  and

WHEREAS, on April 19, 2007, Wachovia filed its Reply to the Debtors' Objection to the Stay Relief Motion (Docket No. 7739);  and

WHEREAS, on May 2, 2007, the Delphi Bankruptcy Court entered its Order denying the Stay Relief Motion in its entirety (the "Order Denying Stay Relief") (Docket No. 7840);  and

WHEREAS, on May 3, 2007, Graves filed his Motion for Expenses and Fees against Wachovia in the Mississippi State Court Action (the "Sanctions Motion");  and

WHEREAS, on June 1, 2007, Wachovia filed its Response to the Sanctions Motion;  and

WHEREAS, by Notice of Appeal, dated May 11, 2007, Wachovia appealed (the "Wachovia Appeal") the Order Denying Stay Relief to the District Court for the Southern District of New York (the "New York District Court");  and

WHEREAS, on June 25, 2007, the New York District Court entered its Consent Order Staying Appeal and Tolling All Briefing Deadlines in the Wachovia Appeal;  and

WHEREAS, on June 18, 2007, the Parties attended a continued mediation (the "Mediation") that this time included Lextron and which was conducted and supervised by the Honorable Francis

Conrad (Retired) with the goal of reaching a resolution of all of the disputes between the Debtors and the Claimants;  and

WHEREAS, as a result of the Mediation and to resolve:  the Third, Twelfth and Thirteenth Omnibus Claims Objections with respect to the Wachovia Claims and the Lextron Claims; the Mississippi State Court Action;  the Mississippi Federal Court Action;  the Wachovia Appeal; and the Sanctions Motion, the Debtors and the Claimants have agreed to enter into this Settlement Agreement (the "Settlement Agreement").

NOW THEREFORE, in consideration of the premises set forth above and by execution of this Settlement Agreement, the Debtors and the Claimants agree as follows:

1. Condition Precedent.  This Settlement Agreement shall be effective upon the entry of an Order by the Delphi Bankruptcy Court approving the Settlement Agreement and such Order becoming a Final Order (the "Effective Date").  Delphi Bankruptcy Court approval of this Settlement Agreement shall be sought by Delphi and DAS LLC upon notice to parties in interest including, without limitation, the Internal Revenue Service.

2. Wachovia's Allowed General Unsecured Non-Priority Claim and Waiver Of Rights. The Debtors acknowledge and agree that Claim 14193 shall be allowed against DAS LLC in the amount of five hundred thousand dollars ($500,000.00).  Claim 14193 shall be treated as a pre-petition general unsecured non-priority claim.  Wachovia, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "Wachovia Releasing Parties"), hereby acknowledges that the allowance of Claim 14193 is in full satisfaction of the Wachovia Claims and Wachovia hereby waives any and all rights to assert that Claim 14193 is anything but a pre-petition general unsecured non-priority claim against any and all of the Debtors other than DAS LLC and any of their officers, directors owners, employees and agents.  The Wachovia Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Wachovia Claims and which the Wachovia Releasing Parties have, ever had, or hereafter shall have against the Debtors and each of their predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents, including, without limitation, Graves and Building Business Knowledge ("BBK") based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date which relate to the Mississippi State Court Action and/or the Mississippi Federal Court Action.  On the Effective Date, Claim 14192 shall be expunged.

3. Withdrawal of Lextron Claims. Lextron, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "Lextron Releasing Parties"), hereby acknowledges and agrees that the Lextron Claims shall be deemed withdrawn, with prejudice, on the Effective Date.  The

Lextron Releasing Parties release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Lextron Claims and which the Lextron Releasing Parties have, ever had, or hereafter shall have against the Debtors and each of their current, former and future officers, directors, owners, employees, including, without limitation, Graves, and the Debtors' agents, including, without limitation, BBK, based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission relating or in any way connected to the Lextron Claims.

4. <u>Withdrawal of Responses</u>.  On the Effective Date, each of the Claimants' respective Responses to the Third, Twelfth and Thirteenth Omnibus Claims Objection shall be deemed withdrawn, with prejudice, and without the need for any further writing.

5. <u>Withdrawal of Sanctions Motion</u>.  Promptly after the Effective Date, the Debtors shall cause the Sanctions Motion to be withdrawn, with prejudice.

6. <u>Dismissal of Mississippi State Court Action</u>.  Promptly after the Effective Date, each of the Parties shall file such documents and do such things necessary to dismiss, with prejudice, the Mississippi State Court Action, including, without limitation, all complaints, counter-claims and cross-claims, and they will stipulate to the discontinuance of the Mississippi State Court Action with prejudice, with each Party to bear its own costs and expenses, including, without limitation, attorneys' fees.

7. <u>Dismissal of Mississippi Federal Court Action</u>.  Promptly after the Effective Date, each of the Parties shall stipulate to and cooperate with the filing of any papers necessary to discontinue the Federal Court Action, with prejudice, with each Party to bear its own costs and expenses, including, without limitation, attorneys' fees.

8. <u>The Stay Relief Appeal</u>. Promptly after the Effective Date, Wachovia shall withdraw the Wachovia Appeal, with prejudice, with each Party to bear its own costs and expenses, including, without limitation, attorneys' fees.

9. <u>Mutual Releases</u>.  Other than as expressly set forth in this Settlement Agreement, the Parties on their own behalf and on behalf of each of their predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents hereby release and waive any right to assert any claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Lextron Claims, the Wachovia Claims, the Mississippi State Court Action, the Mississippi Federal Court Action, the Wachovia Appeal and the Sanctions Motion, against any of the Parties or any of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents, including, without limitation every party to the Mississippi State Court Action and the Mississippi Federal Court Action and BBK.

10. <u>Governing Law</u>.   This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the Bankruptcy Code and the laws of the State of Michigan, without regard to conflicts of law principles.  The Delphi Bankruptcy Court shall have original and exclusive jurisdiction to interpret and enforce the term of this Settlement Agreement and to adjudicate all questions and disputes hereunder.

11. <u>Representations and Warranties</u>.   The Parties hereto acknowledge that they are executing this Settlement Agreement without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments expressly set forth in this Agreement.

12. <u>Entire Understanding</u>.  This Settlement Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof.  This Agreement may not be modified, altered, or amended except by an agreement in writing signed by the Debtors and the Claimants.

13. <u>No Party Deemed Drafter</u>. This Settlement Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by Claimants and their counsel.  Therefore, any ambiguous language in this Settlement Agreement will not be construed against any particular party as the drafter of such language.

14. <u>Counterparts</u>.   This Settlement Agreement may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement.  Delivery of an executed counterpart of this agreement by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Agreement.

**Accepted and agreed to by:**

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:
/s/ Neil Berger
ALBERT TOGUT (AT-9759)
NEIL BERGER (NB-3599)
Members of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000

5

*(Signatures Concluded on Following Page)*

WATKINS LUDLAM WINTER &
STENNIS, P.A.
Attorneys for Lextron, Inc.
By:

/s/ Alveno Castillo
ALVENO CASTILLA
633 North State Street
Jackson, Mississippi 39206
(601) 949-4716

BURR & FORMAN LLP
Attorneys for Wachovia Bank, N.A.
By:

/s/ Christopher Carson
CHRISTOPHER CARSON
3100 SouthTrust Tower
Birmingham, AL 35203
(205) 458-5372

                "So Ordered" on this <u>19th</u> day of 2007

                /s/Robert D. Drain
                Honorable Robert D. Drain
                United States Bankruptcy Judge