UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
   In re                                  :        Chapter 11
:
DELPHI CORPORATION, et al.,       :        Case No. 05-44481 (RDD)
:
                  Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 363 AND 365 AND FED. R. BANKR. P. 2002, 6004, 6006,
AND 9014 AUTHORIZING AND APPROVING (I) SALE OF DELPHI AUTOMOTIVE
SYSTEMS LLC'S MEXICO BRAKE PLANT ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES,
<u>AND (III) ASSUMPTION OF CERTAIN LIABILITIES</u>

("MEXICO BRAKE PLANT ASSET SALE APPROVAL ORDER")

Upon the unopposed motion, dated June 15, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (i) approving bidding procedures, (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing (the "Sale Hearing") in connection with the sale (the "Sale") of certain assets of Delphi Automotive Systems LLC ("DAS LLC") and Delphi Sistemas de Energia, S.A. de C.V. (together with DAS LLC, the "Sellers") comprising substantially all of the assets primarily used in the brake and chassis modules product lines in the manufacturing plant located in Saltillo, Mexico (the "Mexico Brake Plant Business"), including the machinery, equipment, inventories, personnel and medical records, water well rights, and all other assets of DAS LLC to be sold to the Purchasers (as defined below) pursuant to the Agreement (the

"Acquired Assets") related to the Mexico Brake Plant Business for $15.0 million and other consideration, free and clear of liens, claims, and encumbrances related to assets being sold by DAS LLC, to Robert Bosch LLC and Frenados Mexicanos S.A. de C.V. (together, the "Purchasers") pursuant to the Asset Sale And Purchase Agreement, dated June 13, 2007 (the "Agreement"),[1] by and between the Sellers and the Purchasers or to the party submitting the highest or otherwise best bid (the "Successful Bidder").  The Sale would include the assumption and assignment of certain prepetition executory contracts and unexpired leases (the "Assumed Contracts") and the assignment of certain postpetition executory contracts and unexpired leases (the "Postpetition Contracts," and together with the Assumed Contracts, the "Transferred Contracts") to the Purchasers or the Successful Bidder.  And the assumption of certain liabilities (the "Assumed Liabilities") by the Purchasers or the Successful Bidder; and the Court having entered an order on June 29, 2007 (the "Bidding Procedures Order") (Docket No. 8440) (a) approving bidding procedures, (b) granting certain bid protections, (c) approving the form and manner of sale notices, and (d) setting the Sale Hearing; and the Sale Hearing having been held on July 19, 2007, at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having reviewed and considered the Motion, and the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of DAS LLC, its estate, its creditors, and all other parties-in-interest; and after due deliberation thereon, and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.  A true and correct copy of the Agreement is attached hereto as <u>Schedule 1</u>.

2

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.      The Court has jurisdiction over the Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      B.      The statutory predicates for the relief sought in the Motion are sections 363 and 365 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

      C.      As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Sale, the assumption and assignment of the Assumed Contracts, and the Cure Amounts has been provided in accordance with 11 U.S.C. §§ 102(l), 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, or the assumption and assignment of the Assumed Contracts or the assignment of the Postpetition Contracts is or shall be required.

      D.      As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, DAS LLC has marketed the Acquired Assets and conducted the sale process in compliance with the Bidding Procedures Order and the Auction was duly noticed and conducted in a non-collusive, fair, and good faith manner.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

3

    E. DAS LLC (i) has full power and authority to execute the Agreement and all other applicable documents contemplated thereby, and the transfer and conveyance of the Acquired Assets by DAS LLC has been duly and validly authorized by all necessary action of DAS LLC, (ii) has all of the power and authority necessary to consummate the transactions contemplated by the Agreement, and (iii) has taken all action necessary to authorize and approve the Agreement and to consummate the transactions contemplated thereby, and no consents or approvals, other than those expressly provided for in the Agreement, are required for DAS LLC to consummate such transactions.

    F. DAS LLC has demonstrated (i) good, sufficient, and sound business purposes and justification for the Sale because, among other things, DAS LLC and its advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Acquired Assets and determined that (a) the terms and conditions set forth in the Agreement, (b) the transfer to the Purchasers of the Acquired Assets pursuant thereto, and (c) the Purchase Price agreed to as reflected in the Agreement are each fair and reasonable and together constitute the highest or otherwise best value obtainable for the Acquired Assets and (ii) compelling circumstances for the Sale pursuant to 11 U.S.C. § 363(b) prior to, and outside of, a plan of reorganization because, among other things, absent the Sale, the value of the Acquired Assets will be substantially diminished.

    G. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including without limitation: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Purchasers, (iii) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) counsel for the official committee of equity

security holders appointed in these chapter 11 cases, (v) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past six months, (vi) all entities known to have asserted any Interests and/or Claims (as defined below) in or upon the Acquired Assets, (vii) all federal, state, and local regulatory or taxing authorities or recording offices, including but not limited to environmental regulatory authorities, which have a reasonably known interest in the relief requested by the Motion, (viii) all parties to Assumed Contracts, (ix) the United States Attorney's office, (x) the United States Department of Justice, (xi) the Securities and Exchange Commission, (xii) the Internal Revenue Service, (xiii) all entities on the Master Service List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(M), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883) (the "Supplemental Case Management Order")), and (xiv) such other entities as are required to be served with notices under the Supplemental Case Management Order.

    H.  The Purchasers are not "insiders" of any of the Debtors as that term is defined in 11 U.S.C. § 101(31).

    I.  The Agreement was negotiated, proposed, and entered into by the Sellers and the Purchasers without collusion, in good faith, and from arm's-length bargaining positions. Neither the Sellers nor the Purchasers have engaged in any conduct that would cause or permit the Sale to be avoidable under 11 U.S.C. § 363(n).

    J.  The Purchasers are good faith purchasers under 11 U.S.C. § 363(m) and, as such, are entitled to all of the protections afforded thereby. The Purchasers will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Agreement at all times after the entry of this Sale Approval Order.

K. The consideration provided by the Purchasers for the Acquired Assets pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Acquired Assets, (iii) will provide a greater recovery for DAS LLC's creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

L. The Sale must be approved and consummated promptly to preserve the viability of the Mexico Brake Plant Business as a going concern.

M. The transfer of Acquired Assets by DAS LLC to the Purchasers shall be a legal, valid, and effective transfer of the Acquired Assets, and shall vest the Purchasers with all right, title, and interest of DAS LLC to the Acquired Assets free and clear of any and all liens, claims, interests, and encumbrances of any type whatsoever (whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to October 8, 2005, and whether imposed by agreement, understanding, law, equity, or otherwise, including claims otherwise arising under doctrines of successor liability), including but not limited to those (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of DAS LLC's or the Purchasers' interest in the Acquired Assets, or any similar rights, and (ii) relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Mexico Brake Plant Business prior to the transfer of the Acquired Assets to the Purchasers (collectively, the "Interests and/or Claims").

6

    N. If DAS LLC's sale of Acquired Assets were not free and clear of all Interests and/or Claims as set forth in the Agreement and this Sale Approval Order, or if the Purchasers would, or in the future could, be liable for any of the Interests and/or Claims as set forth in the Agreement and this Sale Approval Order, the Purchasers would not have entered into the Agreement and would not consummate the Sale or the transactions contemplated by the Agreement, thus adversely affecting DAS LLC, its estate, its stakeholders, and its creditors.

    O. DAS LLC may sell its interests in the Acquired Assets free and clear of all Interests and/or Claims because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. All holders of Interests and/or Claims who did not object, or withdrew their objections to the Sale, are deemed to have consented to the Sale pursuant to 11 U.S.C. § 363(f)(2). No holders of Interests and/or Claims objected to the Motion. The holder of Interest and/or Claim are adequately protected by having their Interests and/or Claims, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an Interest or Claim with the same priority, validity, force and effect as they attached to such property immediately before the closing of the Sale.

    P. The (i) transfer of the Acquired Assets to the Purchasers and (ii) assumption and/or assignment to the Purchasers of the Transferred Contracts and Assumed Liabilities will not subject the Purchasers to any liability whatsoever with respect to the operation of the Mexico Brake Plant Business prior to the Closing of the Sale or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law or equity including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.

Q. DAS LLC has demonstrated that it is an exercise of its sound business judgment to assume and/or assign the Transferred Contracts to the Purchasers in connection with the consummation of the Sale, and the assumption and/or assignment of the Transferred Contracts is in the best interests of DAS LLC, its estates, and its stakeholders. The Transferred Contracts being assigned to, and the liabilities being assumed by, the Purchasers are an integral part of the Acquired Assets being Acquired by the Purchasers and, accordingly, such assumption and/or assignment of Transferred Contracts and liabilities is reasonable and enhances the value of the DAS LLC's estate.

R. DAS LLC has (i) cured, or has provided adequate assurance of cure of, any default existing prior to the Closing of the Sale under any of the Assumed Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), by payment of the amounts provided on Schedule 2 hereto and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B). The Purchasers have provided adequate assurance of their future performance of and under the Assumed Contracts, within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B). Pursuant to 11 U.S.C. § 365(f), the Assumed Contracts to be assumed and assigned under the Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Purchasers notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer.

S. Approval of the Agreement and consummation of the Sale of the Acquired Assets and assignment of the Transferred Contracts at this time are in the best interests of DAS LLC, its stakeholders, its estate, and other parties-in-interest.

8

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

General Provisions

1.   The Motion is GRANTED.

Approval Of The Agreement

2.   Pursuant to 11 U.S.C. § 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

3.   Pursuant to 11 U.S.C. § 363(b), DAS LLC is authorized, but not directed, to perform its obligations under the Agreement and comply with the terms thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

4.   Each of the signatories to the Agreement authorized, but not directed, to take all actions necessary or appropriate to effectuate the terms of this Sale Approval Order.

5.   DAS LLC is authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchasers for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchasers or reducing to possession the Acquired Assets and the Transferred Contracts, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

6.   This Sale Approval Order and the Agreement shall be binding in all respects upon all creditors (whether known or unknown) of DAS LLC, the Purchasers, all successors and assigns of the Purchasers and DAS LLC, all affiliates and subsidiaries of the Purchasers and DAS LLC, and any subsequent trustees appointed in DAS LLC's chapter 11 case

Pg 11 of 19

or upon a conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection. To the extent that any provision of this Sale Approval Order is inconsistent with the terms of the Agreement, this Sale Approval Order shall govern.

7.  The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; <u>provided</u> that any such modification, amendment, or supplement is not material.

<u>Sale And Transfer Of The Acquired Assets</u>

8.  Pursuant to 11 U.S.C. §§ 363(b) and 363(f), upon the consummation of the Agreement, DAS LLC's right, title, and interest in the Acquired Assets shall be transferred to the Purchasers free and clear of all Interests and/or Claims, with all such Interests and/or Claims to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they had as against the Acquired Assets immediately before such transfer, subject to any claims and defenses DAS LLC may possess with respect thereto.

9.  The transfer of the Acquired Assets to the Purchasers pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest the Purchasers with all right, title, and interest of DAS LLC in and to the Acquired Assets free and clear of all Interests and/or Claims of any kind or nature whatsoever.

10. If any person or entity which has filed financing statements, mortgages, mechanic's liens, <u>lis pendens</u>, or other documents or agreements evidencing Interests and/or Claims against or in the Acquired Assets shall not have delivered to DAS LLC prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination

statements, instruments of satisfaction, releases of all Interests and/or Claims that the person or entity has with respect to the Acquired Assets, or otherwise, then (a) DAS LLC is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Acquired Assets and (b) the Purchasers are hereby authorized to file, register, or otherwise record a certified copy of this Sale Approval Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Interests and/or Claims in the Acquired Assets of any kind or nature whatsoever.

11. This Sale Approval Order (a) shall be effective as a determination that, upon the Closing of the Sale, all Interests and/or Claims of any kind or nature whatsoever existing as to DAS LLC or the Acquired Assets prior to the Closing of the Sale have been unconditionally released, discharged, and terminated (other than any surviving obligations), and that the conveyances described herein have been effected and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets.

12. All persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, and other creditors, holding Interests and/or Claims of any kind or nature whatsoever

against or in DAS LLC or the Acquired Assets being sold by DAS LLC (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Mexico Brake Plant Business, the Acquired Assets, the operation of the Mexico Brake Plant Business prior to the Closing of the Sale, or the transfer of the Acquired Assets to the Purchasers, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchasers, their successors or assigns, their property, or the Acquired Assets, such persons' or entities' Interests and/or Claims.

### Assumption And/Or Assignment To The Purchasers Of The Transferred Contracts

13.  Pursuant to 11 U.S.C. § 365, and subject to and conditioned upon the Closing of the Sale, DAS LLC's assumption and assignment to the Purchasers, and the Purchasers' assumption on the terms set forth in the Agreement, of the Assumed Contracts is hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f) with respect thereto are hereby deemed satisfied.

14.  DAS LLC is hereby authorized in accordance with 11 U.S.C. §§ 363 and 365 to (a) assume and/or assign to the Purchasers, effective upon the Closing of the Sale, the Transferred Contracts free and clear of all Interests and/or Claims of any kind or nature whatsoever and (b) execute and deliver to the Purchasers such documents or other instruments as may be necessary to assign and transfer the Transferred Contracts and Assumed Liabilities to the Purchasers.

15.  The Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Purchasers in accordance with their respective terms,

notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), DAS LLC shall be relieved from any further liability with respect to the Assumed Contracts after the assignment to and assumption of such contracts by the Purchasers.

16. All defaults or other obligations of DAS LLC under the Assumed Contracts arising or accruing prior to the Closing of the Sale (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by DAS LLC at the Closing of the Sale or as soon thereafter as practicable, and the Purchasers shall have no liability or obligation arising or accruing prior to the date of the Closing of the Sale, except as otherwise expressly provided in the Agreement.  Each non-debtor party to any Assumed Contract shall be deemed to have consented to the assumption and/or assignment of the Assumed Contracts to the Purchasers and shall be forever barred, estopped, and permanently enjoined from asserting against DAS LLC or the Purchasers, or the property of any of them, any default existing, arising, or accruing as of the date of the Closing or any purported written or oral modification to the Assumed Contracts.  The failure of DAS LLC or the Purchasers to enforce prior to the Closing of the Sale one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions or of DAS LLC's or Purchasers' rights to enforce every term and condition of any such Assumed Contract.

<u>Additional Provisions</u>

17. The consideration provided by the Purchasers for the Acquired Assets under the Agreement is hereby deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent

14

Transfer Act, and under the laws of the United States, and any state, territory, possession, or the District of Columbia.

18.  Upon the Closing of the Sale, this Sale Approval Order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Acquired Assets and Transferred Contracts or a bill of sale transferring good and marketable title in the Acquired Assets and Transferred Contracts to the Purchasers pursuant to the terms of the Agreement.

19.  Upon the Closing of the Sale, each of DAS LLC's creditors is authorized and directed to execute such documents and take all other such actions as may be necessary to release their respective Interests and/or Claims against the Acquired Assets, if any, as may have been recorded or may otherwise exist.

20.  Each and every federal, state, and governmental agency or department, and any other person or entity, is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

21.  All entities which are currently, or as of the Closing of the Sale may be, in possession of some or all of the Acquired Assets to be sold, transferred, or conveyed pursuant to the Agreement are hereby directed to surrender possession of the Acquired Assets to the Purchasers upon the Closing of the Sale.

22.  The Purchasers shall have no liability or responsibility for any liability or other obligation of DAS LLC arising under or related to the Acquired Assets other than for the Assumed Liabilities.  Without limiting the generality of the foregoing, and except as otherwise

15

specifically provided herein and in the Agreement, the Purchasers shall not be liable for any claims against DAS LLC or any of its predecessors or affiliates, and the Purchasers shall have no successor or vicarious liability of any kind or character whether known or unknown as of the Closing of the Sale, whether now existing or hereafter arising, or whether fixed or contingent, with respect to the Mexico Brake Plant Business or any obligations of DAS LLC arising prior to the Closing of the Sale, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Mexico Brake Plant Business prior to the Closing of the Sale.

        23.    All persons holding Interests and/or Claims against or in DAS LLC or the Acquired Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests and/or Claims of any kind or nature whatsoever against the Purchasers, their property, their successors and assigns, or the Acquired Assets with respect to any Interest or Claim of any kind or nature whatsoever which such person or entity had, has, or may have against or in DAS LLC, its estate, its officers, its directors, its shareholders, or the Acquired Assets.  Following the Closing of the Sale, no holder of an Interest and/or Claim in or against the Debtors shall interfere with the Purchasers' title to or use and enjoyment of the Acquired Assets based on or related to such Interest or Claim or any actions that the Debtors may take in their chapter 11 cases.

        24.    The transactions contemplated by the Agreement are undertaken by the Purchasers in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Acquired Assets shall not affect the validity of the Sale to the Purchasers, unless such authorization is duly stayed pending such appeal.  The Purchasers are

purchasers in good faith of the Acquired Assets, and are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

       25.    The consideration provided by the Purchasers for the Acquired Assets under the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

       26.    DAS LLC, including, but not limited to, its officers, employees, and agents, is hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Agreement and this Sale Approval Order.  DAS LLC shall be, and hereby is, authorized to take all such actions as may be necessary to effectuate the terms of this Sale Approval Order.

       27.    The terms and provisions of the Agreement and this Sale Approval Order shall be binding in all respects upon, and shall inure to the benefit of, DAS LLC, its estate, and its creditors, the Purchasers, and their respective affiliates, successors, and assigns, and any affected third parties, including, but not limited to, all persons asserting an Interest and/or Claim against or in the Acquired Assets to be sold to the Purchasers pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee, party, entity, or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee, party, entity, or other fiduciary such terms and provisions likewise shall be binding.

       28.    Notwithstanding anything contained herein to the contrary, the term "Acquired Assets" as defined herein does not include property that is not property of DAS LLC's estate, such as funds that are trust funds under any applicable state lien laws.

29. To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Acquired Assets sold, transferred, or conveyed to the Purchasers on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale.

30. The failure specifically to include or to reference any particular provision of the Agreement in this Sale Approval Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

31. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, _provided_ that any such modification, amendment, or supplement does not have a material adverse effect on DAS LLC's estate.

32. Nothing in this Sale Approval Order shall alter or amend the Agreement and the obligations of DAS LLC and the Purchasers thereunder.

33. This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this Sale Approval Order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Acquired Assets to the Purchasers, (b) compel delivery of the purchase price or performance of other obligations owed to DAS LLC pursuant to the Agreement, (c) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this Sale Approval Order, (e)

protect the Purchasers against any Interests and/or Claims against or in DAS LLC or the Acquired Assets, of any kind or nature whatsoever, attaching to the proceeds of the Sale, and (f) determine all disputes among DAS LLC, the Purchasers, and any non-debtor parties to any Transferred Contract concerning, inter alia, DAS LLC's assumption and/or assignment of any Transferred Contract to the Purchasers under the Agreement.

34. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       July 19, 2007

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE