UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :        Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,              :        Case No. 05-44481 (RDD)
                                          :
                  Debtors.       :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CERTAIN (A) INSUFFICIENTLY DOCUMENTED
CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C)
INSURANCE CLAIM NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D)
UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (E) CLAIMS SUBJECT TO
MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED
CLAIMS ASSERTING RECLAMATION IDENTIFIED IN SEVENTEENTH
<u>OMNIBUS CLAIMS OBJECTION</u>

("SEVENTEENTH OMNIBUS CLAIMS OBJECTION ORDER")

        Upon the Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B)

Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On

Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claim, And (E) Claims

Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting

Reclamation, dated June 15, 2007 (the "Seventeenth Omnibus Claims Objection"),[1] of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
    Seventeenth Omnibus Claims Objection.

the Seventeenth Omnibus Claims Objection; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim (as such term is defined in 11 U.S.C. § 101(5)) (as

to each, a "Claim") listed on Exhibits A-1, A-2, B-1, B-2, C, D-1, and D-3 hereto was properly

and timely served with a copy of the Seventeenth Omnibus Claims Objection, a personalized

Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R.

Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections

To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order

granting the Seventeenth Omnibus Claims Objection, and notice of the deadline for responding

to the Seventeenth Omnibus Claims Objection.  No other or further notice of the Seventeenth

Omnibus Claims Objection is necessary.

B.      This Court has jurisdiction over the Seventeenth Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Seventeenth Omnibus Claims Objection

is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Seventeenth

Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Claims listed on Exhibit A-1[3] hereto contain insufficient

documentation to support the Claims asserted (the "Insufficiently Documented Claims").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

[3]    Certain of the addresses set forth on Exhibits A-1, A-2, B-1, B-2, C, D-1, D-3, E-1, E-2, E-3, E-4, E-5, E-6, E-7,
and E-8 may appear in abbreviated form because of the format of the exhibits.  The Debtors used the full and
complete address for each claimant listed on these exhibits when they served each claimant with a copy of the
Seventeenth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, and a copy of the

*(cont'd)*

D.      The Claim listed on Exhibit A-2 hereto contains insufficient

documentation to support the Claim asserted and was also untimely filed pursuant to the Bar

Date Order (the "Untimely Insufficiently Documented Claim").

E.      The Claims listed on Exhibit B-1 hereto contain liabilities or dollar

amounts that are not reflected on the Debtors' books and records (the "Books And Records

Claims").

F.      The Claims listed on Exhibit B-2 hereto contain liabilities or dollar

amounts that are not reflected on the Debtors' books and records and were also untimely filed

pursuant to the Bar Date Order (the "Untimely Books And Records Claims").

G.      The Tax Claims listed on Exhibit C hereto were untimely filed pursuant to

the Bar Date Order (the "Untimely Tax Claims").

H.      The Claims listed on Exhibit D-1 hereto (a) state the incorrect amount or

are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b)

were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or

priority status (the "Claims Subject To Modification").

I.      The Claims listed on Exhibit D-3 hereto (a) (i) state the incorrect amount

or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii)

were filed and docketed against the wrong Debtors, and/or (iii) incorrectly assert secured or

priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant

have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid

amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the

_____

*(cont'd from previous page)*

    Claims Objection Procedures Order.  The Debtors shall use the same full and complete address for each
    claimant listed on these exhibits when they serve a notice of entry of this order.

Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and

(ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and

notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant

Reclamation Agreement, a judicial determination that certain reserved defenses with respect to

the reclamation demand are valid (the "Modified Claims Asserting Reclamation").

   J.  The relief requested in the Seventeenth Omnibus Claims Objection is in

the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

   1.  Each Insufficiently Documented Claim listed on <u>Exhibit A-1</u> hereto is

hereby disallowed and expunged in its entirety.

   2.  The Untimely Insufficiently Documented Claim listed on <u>Exhibit A-2</u>

hereto is hereby disallowed and expunged in its entirety.

   3.  Each Books And Records Claim listed on <u>Exhibit B-1</u> hereto is hereby

disallowed and expunged in its entirety.

   4.  Each Untimely Books And Records Claim listed on <u>Exhibit B-2</u> hereto is

hereby disallowed and expunged in its entirety.

   5.  Each Untimely Tax Claim listed on <u>Exhibit C</u> hereto is hereby disallowed

and expunged in its entirety.

   6.  Each "Claim As Docketed" amount, classification, and Debtor listed on

<u>Exhibit D-1</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the

"Claim As Modified."  No Claimant listed on <u>Exhibit D-1</u> shall be entitled to (a) a recovery for

any Claim Subject to Modification in an amount exceeding the dollar value listed as the

"Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit D-1, subject to the Debtors' right to further object to each such Claim Subject to Modification.  The Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

7.      Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit D-3 hereto is hereby revised to reflect the amount and classification listed as the "Claim As Modified."  No Claimant listed on Exhibit D-3 shall be entitled to (a) a recovery for any Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit D-3, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit D-3, subject to the Debtors' right to further object to each such Modified Claim Asserting Reclamation.  The Modified Claims Asserting Reclamation shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

8.      With respect to each Claim for which a Response to the Seventeenth Omnibus Claims Objection has been filed and served, other than a Response filed by a claimant whose Claim is listed on Exhibit E-2[4] to the Seventeenth Omnibus Claims Objection, and which has not been resolved by the parties, all of which Claims are listed on Exhibits E-1, E-2, E-3, E-4, E-5, E-6, E-7, and E-8 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future hearing date to be noticed by the Debtors consistent with and subject to the

---

[4]   Each Claim listed on Exhibit E-2 to the Seventeenth Omnibus Claims Objection is listed on Exhibit D-2 hereto.

Claims Objection Procedures Order; provided, however, that such adjournment shall be without

prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise

deficient under the Claims Objection Procedures Order.

9.    With respect to each Claim listed on Exhibit E-2 to the Seventeenth

Omnibus Claims Objection, all of which Claims are listed on Exhibit D-2 hereto, the hearing

regarding the objection to such Claims is adjourned to August 16, 2007 at 10:00 a.m. (prevailing

Eastern time) in the United States Bankruptcy Court for the Southern District of New York and

the deadline for claimants holding such Claims to respond to the Seventeenth Omnibus Claims

Objection is extended to 4:00 p.m. (prevailing Eastern time) on August 9, 2007.

10.    Entry of this order is without prejudice to the Debtors' right to object, on

any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to

Claims that are the subject of the Seventeenth Omnibus Claims Objection.

11.    Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any Claim asserted against any of the Debtors.

12.    This Court shall retain jurisdiction over the Debtors and the holders of

Claims subject to the Seventeenth Omnibus Claims Objection to hear and determine all matters

arising from the implementation of this order.

13.    Each of the objections by the Debtors to each Claim addressed in the

Seventeenth Omnibus Claims Objection and set forth on Exhibits E-1, E-2, E-3, E-4, E-5, E-6,

E-7, and E-8 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.

This order shall be deemed a separate order with respect to each Claim that is the subject of the

Seventeenth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested

matter which involves such Claim and shall not act to stay the applicability or finality of this

order with respect to the other contested matters covered hereby.

14.     Kurtzman Carson Consultants LLC is hereby directed to serve this order,

including exhibits, in accordance with the Claims Objection Procedures Order.

15.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Seventeenth Omnibus Claims

Objection.

Dated:     New York, New York
           July 26, 2007

                                              /s/Robert D. Drain
                                              UNITED STATES BANKRUPTCY JUDGE