UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                    :
         In re                      :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :    (Jointly Administered)
                                    :
-----------------------------------------------------x

DECLARATION AND DISCLOSURE OF RONALD L. ROSE IN SUPPORT OF
APPLICATION FOR ENTRY OF ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND
FED. R. BANKR. P.2014 AUTHORIZING EMPLOYMENT AND RETENTION OF
DYKEMA GOSSETT, PLLC AS SPECIAL COUNSEL
TO DEBTORS NUNC PRO TUNC TO APRIL 1, 2007

I, Ronald L. Rose, declare under penalty of perjury as follows:

1.    I am a member of the law firm of Dykema Gossett, PLLC ("Dykema"), which maintains offices in Los Angeles, Chicago, Washington, D.C., and in Michigan, Detroit, Bloomfield Hills, Ann Arbor, Lansing, and Grand Rapids. The name, address, and telephone number for Dykema's main office is as follows:

> Dykema Gossett, PLLC
> 400 Renaissance Center
> Detroit, MI 48226
> Telephone: (313) 568-6800
> Facsimile: (313) 568-6701

2.    I am a member in good standing of the bar of the State of Michigan.

3.    I submit this declaration (this "Declaration"), pursuant to Rule 2014 of the Federal Rule Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for this Court (the "Local Rules"), in connection with the application of Delphi Corporation ("Delphi" or the "Company") and certain of its subsidiaries and affiliates, debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order, pursuant to sections 327(e) and 1107(b) of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), authorizing the retention and employment of Dykema as special counsel, nunc pro tunc to April 1, 2007 (the "Application").[1] This Declaration shall also constitute Dykema's disclosure of compensation required by Bankruptcy Rule 2016(b), Local Rule 2016-1, and Section 329 of the Bankruptcy Code.

4.  I am authorized to make this Declaration on Dykema's behalf and, unless otherwise stated, I have personal knowledge of the facts set forth herein. Certain disclosures herein relate to matters within the knowledge of other attorneys at Dykema and are based on information provided to me by them.

## Dykema's Retention And Representation

5.  Based on the consistently high-quality legal service provided by Dykema to Delphi over the past several years, Dykema was selected by the Debtors to provide legal advice and services regarding certain intellectual properly, corporate finance, and litigation matters. See Affidavit of Legal Ordinary Course Professional dated November 10, 2005 and attached as Exhibit 1 hereto. Hereinafter, the services described in this paragraph will be referred to as the "Services."

6.  In connection with the Services, Dykema, under the direction of the Delphi staff, is representing the Debtors in relation to certain pending litigation matters, assisting the Debtor in various intellectual property matters, and advising and counseling the Debtors in certain corporate transactions involving the sale of certain of the Debtor's assets, and performing related tasks.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

7.    I understand that the Debtors selected Dykema as its counsel with respect to the Services because Dykema is a national leader in the provision of legal services including the Services to be performed for Delphi. In connection therewith, Dykema has become familiar with the issues relevant to Delphi.

8.    In light of Dykema's existing client representations on unrelated matters and, as discussed below, the Debtors' engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as general bankruptcy counsel, along with their retention of (a) Shearman & Sterling LLP ("Shearman") as special counsel; (b) O'Melveny & Myers LLP ("O'Melveny") as special labor counsel; (c) Wilmer Cutler Pickering Hale and Door LLP ("WCPHD") as special regulatory counsel; (d) Banner & Witcoff, Ltd ("Banner"), as special intellectual property counsel; (e) Cantor Colburn LLP ("Cantor") as special patent counsel; (f) Butzel Long, PC ("Butzel") as special commercial litigation counsel; and (g) Groom Law Group Chartered ("Groom" and collectively with the other professionals the Debtors retain by order of the Court in their chapter 11 cases, the "Other Special Counsel"), Dykema will not be responsible for and will not undertake any representation of the Debtors with respect to either (x) advising the Debtors concerning specific contracts and claims of certain of Dykema's existing clients, or (y) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Dykema's existing clients. These existing client relationships, and the scope of the carve-out from Dykema's retention, are discussed more fully below.

9.    I understand that the Debtors may request that Dykema undertake specific matters beyond the limited scope of the responsibilities set forth above. Should Dykema agree in its discretion to undertake any such matter, it is Dykema's understanding that the Debtors shall seek further order of this Court authorizing Dykema's retention for such additional purposes.

3

10.   Dykema recognizes the need to, and will, take all steps reasonably necessary, together with Skadden, as the Debtor's general bankruptcy counsel, and the Other Special Counsel, to ensure that there is no duplication of effort or work between Skadden and the Other Special Counsel, on the one hand, and Dykema on the other hand, and will continue to do so. It is Dykema's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel. Dykema believes that its lawyers and Skadden and the Other Special Counsel have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

11.   Dykema holds a general unsecured pre-petition claim in the Bankruptcy Case on account of services provided to the Debtors prior to the petition date in the amount of $37,899.85.

## Dykema's Disclosure Procedures

12.   Skadden forwarded to Dykema a list of the principle parties-in-interest in these chapter 11 cases, including the Debtors' and Delphi's domestic and foreign subsidiaries, joint owners of subsidiaries, directors, officers, key executives, lenders, insurers, underwriters, unions, major equity- and note-holders, customers, vendors, and counterparties to major leases and contracts, among other entities with possible connections to these cases. The entities referenced in this paragraph are referred to collectively as the "Interested Parties."

13.   In preparing this Declaration, I implemented procedures developed by Dykema to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of Dykema as special counsel in the Debtors' chapter 11 cases (the "Dykema Disclosure Procedures"). The statements and disclosures contained herein are based on

the results of the Dykema Disclosure Procedures. Pursuant to the Dykema Disclosure Procedures, I caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Dykema's connections to the Interested Parties:

(a) I directed Dykema personnel to compare the list of Interested Parties to the names that Dykema has compiled in a master client database from its conflict clearance and billing records, comprised of the names of the entities for which any attorney time charges have been billed since November, 1990 (the "Client Database"). The Client Database includes the name of each current or former client, the names of the parties who are or were related or adverse to such current or former client in the matters on which we represented the client, and the names of the Dykema personnel who are or were responsible for current or former matters for each such client.

(b) Any matches between the Client Database and the list of Interested Parties were identified (the "Client Matches").

(c) Dykema personnel then reviewed the Client Matches and deleted obvious name coincidences and individuals or entities that were adverse to Dykema's client in both this matter and the respective matters referenced in the Client Matches. The remaining client connections were compiled for purposes of this Declaration.

### Dykema's Connections

14. The disclosures in this subsection are the product of implementing the Dykema Disclosure Procedures, and they disclose Dykema's connections with the Interested Parties for purposes of Bankruptcy Rule 2014.

A. Representations Adverse To Delphi.

15. Delphi, on behalf of itself and its affiliates, has waived certain non-disqualifying conflicts and agreed that Dykema may represent other of its current and future clients on a basis adverse to Delphi in any matter, including with respect to the Company's pending chapter 11 cases, provided such other engagements are not related directly to the Services being provided by Dykema. With respect to such engagements, Dykema represents Tremont City Barrel Fill PRP Group on matters adverse or potentially adverse to the Debtors.

16. In general, Dykema lawyers who are involved in representing its other clients on matters adverse or potentially adverse to the Debtors have not been and will not be involved in providing any of the Services to Delphi.

B.   Representations Of Interested Parties Or Their Affiliates.

17. Dykema previously represented and may represent in the future, in matters wholly unrelated to these chapter 11 cases, the following Interested Parties or, in some instances, their subsidiary, parent, or affiliate:[2]

> King Street Capital Management LLC, IER Industries, Putnam Investments, Baker Hughes Incorporated, Fried, Frank, Harris, Shirver & Jacobson LLP, Nisshinbo Automotive Corporation, Environ, Harbinger, Ropes & Gray LLP, White & Case LLP, Teledyne Technologies Inc., Prudential Financial Inc., Prudential Investment Management Inc., Prudential Real Estate Investors, Faurecia Exhaust Sys Inc., Commerzbank Aktiengesellschaft New, Worthington Steel Company, Ralco Industries, Inc., Hyundai Motor Company, Daewoo Motor Co., LTD., Ace American Insurance Company, Cole Managed Vision, AON (Bermuda) Limited, AON Risk Services of Illinois, AON Risk Services, Inc., BCBS of Michigan, Metlife, NSK LTD, Ace Insurance Co., Allianz of America Corporation, American Home Assurance Co., ANR Pipeline Company, AON UK, Chubb Custom Insurance, Federal Insurance Company, Great American Insurance Co., HDI Insurance Company, Lloyds of London, Marsh USA, Inc., National Union Fire Insurance Co. (AIG), Panhandle Eastern Pipeline Company, St. Paul Fire & Marine Insurance Co., Swiss Re Insurance Company LTD, Tokio Marine, Twin City Fire Insurance (Hartford), Zurich American Insurance Company, 3M Company, A Agrati Spa, Analog Devices Inc., Aramark, Daewoo Heavy Industry America, Dayco Products LLC, Deloitte & Touche, Denso International America, Inc., Dura Automotive Systems Inc., Essex Group Inc., General Electric Capital Corp., Hitachi Automotive Products, LTD, Hitachi LTD, Hitachi Chemical Asia Pacific, Leaseway Transfer Pool, Metaldyne Corporation, Methode Electronics, Inc., Metropolitan Life

---

[2] In order to maintain consistency between the list of Interested Parties provided to Dykema and the disclosures herein, the names of these entities are written the same way as they appear on that list even though in many instances the names on the list are incomplete or fail to reflect that certain entities have since been merged into or otherwise acquired by others.

6

Insurance Co., Motorola Inc., Motorola Automotive, National Semiconductor Corporation, Ogura Clutch Co. Ltd, PriceWaterhouseCoopers LLP, Siemens Automotive Ltd., Siemens AG, Siemens VDO Automotive AG, Textron, Inc., Textron Financial Corp., Tyco International LTD, Visteon Automotive Systems, Henkel KGAA, Key Plastics LLC, PMP, Spartech Corp, EI Dupont De Nemours & Co., Inc., Best Buy Co. Inc., Reliance Insurance Company, Safeco Insurance Co., Toronto Dominion Bank, Advanced Polymer Systems, Inc., AW Transmission Engineering, State of Wisconsin, State of Ohio, Engineered Plastic Components Inc., Mitsubishi Electric, Taiho Corporation of Europe KFT, Technitrol Inc, Cleary, Gottlieb, Steen & Hamilton, Sedgwick Claims Management Services, Inc., Shearman & Sterling LLP, American Supplier Institute LLC (ASI), Ernest & Young, KPMG LLC, Salomon Smith Barney, Vorys, Sater, Seymour & Pease, Watson Wyatt & Company, Foley & Lardner LLP, O'Melveny & Meyers, LLP, Hunton & Williams LLP, Frost Brown Todd LLC, First National Bank of Chicago, Deutsche Bank Securities Inc., Deutsche Bank Trust Company America, A.G. Edwards & Sons, Inc., ABN Amro Inc., Comerica Bank Michigan, Comerica Leasing, Credit Suisse First Boston LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Oppenheimer & Co. Inc., UBS Securities LLC, Amerada Hess Corporation, United States Aviation Insurance Group, Aluminum Company of America, Inc. (ALCOA), Linamar Corp., Olin Corp, Torrington Co., US Steel Corporation, International Wire Group, Inc., Sharp Electronics Corp., Circuit City Stores Inc., AK Steel Corp., Dewitt Ross & Stevens, McDonald Investments Inc., RBC Dain Rauscher Inc., Doshi Prettl International, Linklaters, ALPS Automotive, Inc., BBK Ltd, Medco Health Solutions Inc., Barclays Capital Inc., XL Global Reinsurance Company, Ltd., Thyssenkrupp AG, HSBC Bank U.S.A., National Association, Ameritech Information Systems, Inc., AT&T Wireless, City of Adrian, MI, Constellation NewEnergy, Inc., Consumers Power Company, DTE Energy MI, City of Flint, MI, Indiana Michigan Power Company IN, Nextel Communications, SBC Ameritech, SBC Global Services, Inc., SBC Communications, Inc., BellSouth Corporation, IBM Corp., Ideal Technologies Solutions U.S. Inc., Matsushita Electric Corporation of America, Whitney National Bank, Cleveland Trust Company, Banc One Capital Markets, Inc., Bank of Nova Scotia, Barclays Bank PLC, Cargill Financial Services Int'l Inc., Protective Life Insurance Company, Sumitomo Mitsui Banking Corporation, Sumitomo Electric Industries Ltd., Sumitomo Corporation of America, Bear Stearns Investment Products, Employers Insurance of Wausau, IDS Life Insurance Company,

Principal Life Insurance Company, SunTrust Bank Atlanta, Avaya World Services, Inc., City of Troy, MI, Intel Corporation, Societe Generale SA New York, MCI Telecommunications Corp., Seneca Capital, L.P., Pamela Fromm, Invensys, Valeo North American Corporate, Valeo Switches and Detection Systems, Inc., Valeo Electrical Systems, Inc., State Street Bank & Trust Company, Lehman Brothers, Inc., Mellon Trust, L & W Engineering Co., Pension Benefit Guaranty Corporation, Wilmington Trust Company, BASF Corporation, Kelsey-Hayes Company, Southwire Company, Lathrop & Gage, GKN Sinter Metals, Inc., Mercedes-Benz International, Inc., Pressac, Watkins Motor Lines, Land Rover, NGK Spark Plugs USA, Inc., Strattec Security Corporation, Tenneco Automotive Inc., Bentley Rolls-Royce, Delco Remy America, Inc., A.T. Kearney, Inc., Paul Hastings Janofsky & Walker LLP, Ontario Limited, Union Pacific Railroad Company, Interpublic Group of Companies, Inc., Wilmer, Cutler, Pickering, Hale & Dorr LLP, Blake Cassels & Graydon LLP, Butzel Long, Cadwalader, Wickersham & Taft LLP, Davis Polk & Wardwell, Goodwin Procter LLP, Howard & Howard, Price, Heneveld, Cooper, Dewitt & Litton LLP, Thompson Hine & Flory LLP, Lazard Freres & Co., Banner & Witcoff, Ltd., Aftermarket Technologies Corp., Barnes Group Inc., BMW, America Electric Power, Cummins Inc., Fuji Heavy Industries, Lear Corporation Automotive Systems, Mitsubishi Motors of America Credit Co., Tenneco, Inc., Agilent Tech. (M) SDN BHD, and Hewlett-Packard Co.

18. Dykema currently represents, in matters wholly unrelated to these chapter 11 cases, the following Interested Parties or, in some instances, their subsidiary, parent, or affiliate:

Delphi Automotive, Raytheon Company, Cigna Corp., Ace, USA, Liberty Mutual Insurance Company, The Hartford, United Health Group, Carlisle Companies Inc., Electronic Data Systems, Federal Mogul Corp, Hayes Lemmerz International Inc., TI Group Automotive System, Braun Kendrick Finkbeiner, Exxon Mobile Corp, Eagle Picher Holdings Inc., AIG/American International Group, Inc., Yazaki North America Inc., Yazaki Corp, Microsoft Services, HSBC Securities Inc., Wachovia Capital Market, LLC, Wachovia Bank, National Association, Comerica Securities Inc., Honeywell International, Compuware Corp., Entergy USA, Entergy Services, Inc., Cardinal Health 200 Inc., Cardinal Health, TRW Automotive, Lincoln National Life Insurance Co., Morgan Stanley & Co. Incorporated, Morgan Stanley Senior Fundings, Inc., Bank of New York, Bank One Trust Company, N.A., Bank of

8

America, N.A., State of Michigan, Wal-Mart Stores CE, Dana Corp, Mesirow Financial, Inc., Time Warner, Consumers Energy, Bosch Automotive Systems Corp., Bosch, Robert Stiftung GMBG, Bosch Braking Systems Corp., Robert Bosch Corporation Automotive Group, Illinois Tool Works, Inc., Goldman Sachs Credit Partners LP, University of Michigan, Bayer AG, Marathon Asset Management LLC, Michigan Department of Treasury, U.S. Farathane Corp., Nissan Technical Center North America, Inc., Alstom Power Environmental Consult GMBH, Cerberus Capital Management LP, Citibank N.A., Citigroup Financial Products Inc., Citicorp Vender Finance, Inc., Citigroup Global Markets Inc., Citicorp Securities, Inc., PNC Bank, N.A., Financial Services of America, Inc., AT&T Corporation, Michigan Strategic Fund, Autoliv Asp, Inc., Shell Oil, Eaton Electrical, Inc., Fifth Third Bank, Eastern Michigan, J.P. Morgan Securities Inc., J.P. Morgan Trust Company, N.A., J.P. Morgan Bank, N.A., Cellco Partnership d/b/a Verizon Wireless, Verizon, Bujias Mexicanas, S.A. De C.V. (Mexico), Wells Fargo Van Kasper LLC, KeyBank National Association, Centra Inc., General Electric Co. Inc., National City Bank, American Axle and Manufacturing Holdings Inc., Arvinmeritor Inc., Caterpillar Inc., US, Harley Davidson, Honda of America Mfg., Inc., Nissan North America Inc., Toyota Motor Credit Corporation, TRW, Volvo Truck, Caterpillar Engine Systems, International Truck & Engine Corp., John Deere, Johnson Controls Inc. (JCI), KS Centoco, L-3 Communications, First Industrial L.P., LaSalle National Bank, Republic Waste Industries, Inc. a/k/a/ AutoNation, Seyfarth Shaw LLP, UAW and UAW Locals, Eaton Corp., Lockheed Martin Corp., Tremont City Barrel Fill PRP Group, DaimlerChrysler Corp., Ford Motor Company, and General Motors Corp.

19. Some of our attorneys, in the context of their personal finances, may directly or indirectly own publicly traded securities in the Debtors or certain non-Debtor Interested Parties. We have not listed or inquired about those connections with specificity because we do not believe they have any bearing on our representation of Delphi with respect to the Services.

20. To the best of my knowledge, neither Dykema, nor its partners, counsel, or associates have any connections to (A) the Assistant U.S. Trustee for Region 2, her staff, or individuals employed by the Office of the United States Trustee for the Southern District of New York, Manhattan and White Plains divisions, or (B) the Bankruptcy Judge presiding over these

9

chapter 11 cases or his chambers staff.

21. Dykema has a diverse client base. From the list of Interested Parties that has been searched, no single client referenced in this Declaration accounted for more than 7% of Dykema's total time billed for 2006. Excluding the two clients from the list with the largest billings, no single client accounted for more than 1% of total billings for 2006.

22. Supplementing the disclosures above, Dykema appears in cases, proceedings, and transactions involving many different professionals, including attorneys, accountants, and financial consultants, some of which may represent Interested Parties or are themselves Interested Parties. Included among these professionals are Dickinson Wright, PLLC, BBK Ltd., Ernst & Young, KPMG LLC, Frost Brown Todd LLC, Thompson Hine & Flory LLP, Butzel Long, and Davis Polk & Wardwell. As disclosed above, certain of those professionals are or have been direct clients of Dykema in matters unrelated to the Debtors. In addition, Dykema has in the past appeared, currently appears, and in the future is likely to appear in matters in which Dykema represents the same entity, a related entity, or an entity adverse to those represented by other professionals who are Interested Parties or by other professionals that the Debtors have retained or may seek to retain or are otherwise involved in these chapter 11 cases.

23. Based upon the search conducted to date in accordance with the Dykema Disclosure Procedures, I submit that (A) none of Dykema's representations or other connections disclosed herein have resulted or will result in any actual or potential conflict of interest herein, which have not already been consented to and/or expressly waived by the Debtors, and (B) neither I, nor Dykema or any partner, counsel, or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or to their estates with respect to the matters on which Dykema is to be employed.

Dykema's Rates And Billing Practices

24.     Dykema categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). Dykema acknowledges that its compensation in the Debtors' cases is subject to approval of this Court in accordance with applicable law and court rules and orders, including Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

25.     Dykema's hourly rates are set at a level designed to fairly compensate Dykema for the work of its attorneys, paralegals and other paraprofessionals, and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by Dykema from time to time. Dykema's hourly rates for the lawyers expected to provide the Services range from $185 to $625, and the rates range from $145 to $235 for paralegals and most other paraprofessionals. These hourly rates are adjusted periodically, usually annually. Dykema reserves the right to adjust its hourly rates in accordance with the firm's general adjustment to its attorneys' and paraprofessional rates as may be made from time to time.

26.     Dykema's current fee arrangement is to bill Debtors on a monthly basis for the normal hourly rate charged by individual Dykema attorneys and other personnel who provide service to Debtors, plus expenses incurred in connection with services provided to Debtors. See Affidavit of Legal Ordinary Course Professional dated November 10, 2005 and attached hereto as Exhibit 1.

27.     No promises have been received by Dykema or any of its affiliates as to payment or compensation in connection with these cases other than in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, U.S. Trustee Guidelines, and orders of this Court.

11

Dykema has neither shared, nor agreed to share, with any person other than partners and employees of Dykema, any compensation or reimbursements to be received by Dykema in connection with its services rendered in these cases.

28. I acknowledge that all amounts paid to Dykema during these chapter 11 cases are subject to final allowance by this Court. In the event that any fees paid or expenses reimbursed to Dykema during these chapter 11 cases are disallowed, those amounts will be disgorged by Dykema and returned to the Debtors or as otherwise ordered by the Court.

29. By reason of the foregoing, I believe that Dykema is eligible for employment and retention by the Debtors pursuant to Section 327(e) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Bankruptcy Rules.

30. The foregoing constitutes the Declaration of Dykema pursuant to Section 329 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 26, 2007

Dykema Gossett, PLLC

_____
Ronald L. Rose
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0519

12

# Exhibit 1
## Ordinary Course Affidavit

BH01\765318.1
ID\BGB

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

In re                              :    Chapter 11
                                   :
DELPHI CORPORATION, et al.,        :    Case No. 05-44481 (RDD)
                                   :
                    Debtors.       :    (Jointly Administered)
                                   :
------------------------------------x

### AFFIDAVIT OF LEGAL ORDINARY COURSE PROFESSIONAL

STATE OF MICHIGAN    )
                     ) ss.
COUNTY OF KENT       )

John A. Ferroli, being duly sworn, deposes and says:

1. I am a principal of Dykema Gossett PLLC ("Dykema Gossett") which firm maintains offices at numerous locations, including 400 Renaissance Center, Detroit, Michigan 48243-1668, and 300 Ottawa Avenue, N.W., Suite 700, Grand Rapids, Michigan 49503-2306.

2. Neither I, Dykema Gossett, nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except as set forth in this affidavit.

3. Dykema Gossett has represented and advised the Debtors in Michigan with respect to a broad range of aspects of the Debtors' businesses.

4. The Debtors have requested, and Dykema Gossett has agreed, to continue to represent and advise the Debtors pursuant to Section 327(e) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), with respect to such matters.

5. Dykema Gossett's current fee arrangement is set forth in the attachment, "How We Charge for our Services and Expenses." Fees are billed at Dykema Gossett's standard hourly rates applicable at the time of billing, as modified by any discounted or special fee arrangements applicable to specific assignments, as agreed to between Debtors and Dykema Gossett.

6. Except as set forth herein, no promises have been received by Dykema Gossett or any partner, auditor or other member thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.



7. Dykema Gossett has no agreement with any entity to share with such entity any compensation received by Dykema Gossett.

8. Dykema Gossett and its partners, auditors, and other members may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending chapter 11 cases. Dykema Gossett does not and will not represent any such entity in connection with these pending chapter 11 cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors or their estates.

9. Neither I, Dykema Gossett, nor any partner, auditors or other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which Dykema Gossett is to be engaged.

10. The foregoing constitutes the statement of Dykema Gossett pursuant to Sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

FURTHER AFFIANT SAYETH NOT

_____
John A. Ferroli

Subscribed and sworn before me
this _10TH_ day of November, 2005.

_____
Bernadine Kloska
Notary Public for
Kent County, Michigan.
Acting in Kent County, Michigan.
My commission expires: 8/17/2008.

GR01\85937.1
ID\JAF

2

**DYKEMAGOSSETT PLLC**

## *HOW WE CHARGE FOR OUR SERVICES AND EXPENSES*

At Dykema Gossett PLLC we want each client relationship to be productive and satisfying for both parties. We believe one way to accomplish that goal is to explain at the outset the basis and manner in which we charge for our services and expenses.

Unless some other arrangement has been agreed upon with you, our practice is to submit monthly invoices for services and expenses. This ensures that you have a current understanding of charges and expenses incurred. The work we have performed on your behalf will be described in the monthly invoice. **Payment is due upon receipt.**

### *SERVICES*

You will have an attorney who is responsible for your engagement with our firm. In addition to serving as your primary contact and either performing or overseeing all services provided for you, this attorney will review and approve each invoice you receive. The basis upon which we will charge for our services is subject to agreement between you and the firm. In the absence of a specific agreement to the contrary, the primary factors in determining our fees include the time and effort required and the experience and skill of the person performing the work (reflected in hourly rates).

### *EXPENSES*

At Dykema Gossett we make every effort to pass through third-party expenses with no mark-up and no surcharge for the cost of carrying the charge until payment is made by you. Thus, filing fees, incorporation fees and similar expenses will appear on your bill at the amount actually disbursed by us on your behalf. *At times these types of expenses may appear on your bill well after the work has been completed. This is a result of the Firm not receiving the invoices from the vendor in as timely a manner as the work was performed.* You may be asked to pay directly certain larger expenses that are invoiced by third-parties for your account.

You also will be invoiced for expenses incurred in the course of providing legal service to you as set forth below:

1. *Photocopying.* We charge $0.15 per page for photocopying. We recognize that this rate may be more than per copy costs for routine jobs at some copy centers, but there are many benefits to you, such as efficiency and confidentiality, when we do the copying for you in-house. Upon your request and where appropriate, we will send materials to you for copying or send materials to outside vendors who will bill you directly.

2. *Telephone Charges.* We charge the AT&T prevailing standard tariff on all long-distance calls based on measured use. Cellular telephone calls are invoiced at the vendor's charge.

3. *Fax Charges.* We charge one dollar per page for outgoing faxes, and do not charge for the fax telephone call. We do not charge for incoming faxes.

4. *Messengers.* In-house messenger charges are competitive with rates for outside messenger services.

5. *Computerized Legal Research and Document Retrieval.* We charge standard Lexis or Westlaw rates, plus a twenty percent adjustment representing our cost of providing equipment and access charges dedicated to this service. For document retrieval (SEC edgar files), we charge a fee equal to the service provider's standard rate.

6. *Overnight Couriers.* The charge to our client is the Federal Express or other courier's standard charge.

7. *Postage.* We do not charge for ordinary mailings under $2.50.

8. *Word Processing Services.* We do not charge for ordinary use of word processing. Special desktop publishing services will be charged at $15.00 per page.

In certain circumstances, we receive and retain discounts from our third-party contractors based on our volume use of their services.

Our responsibility is to make sure that you receive a complete, accurate and fair invoice. We strongly encourage you to raise promptly with us any questions or comments you may have regarding any invoice. In return, we expect payment of our invoices promptly upon their receipt. We reserve the right to charge interest on all past due accounts. If your account is not kept current we reserve the right to terminate our representation, in accordance with applicable ethical rules. If collection proceedings are necessary, you agree to pay for our legal fees and expenses, including the time our attorneys are required to spend.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
In re                                           :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                                :
                              Debtors.          :    (Jointly Administered)
                                                :
------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF MICHIGAN    )
                     ) ss.
COUNTY OF KENT       )

Bernadine Kloska, being duly sworn, deposes and says that on the 10th day of November, 2005 she served a copy of the **Affidavit of Legal Ordinary Course Professional** by First-Class mail, postage prepaid and addressed to them at their respective business addresses as follows:

| | |
|---|---|
| General Counsel<br>(for Debtors)<br>Delphi Corporation<br>5725 Delphi Drive<br>Troy, MI 48098 | Mark A. Broude, Esq.<br>(for Creditors' Committee)<br>Latham & Watkins<br>885 Third Avenue<br>New York, NY 10022 |
| John Wm. Butler, Jr., Esq.<br>Skadden, Arps, Slate, Meagher & Flom<br>333 West Wacker Drive – suite 2100<br>Chicago, IL 60606<br>(Attorneys for Debtors) | Marissa Wesley, Esq.<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(Attorney for Agent under Debtors' Prepetition Credit Facility) |
| Alicia M. Leonhard, Esq.<br>United States Trustee<br>U. S. Department of Justice<br>33 Whitehall Street, Suite 2100<br>New York, NY 10044 | Marlane Melican, Esq.<br>Davis Polk & Wardell<br>450 Lexington Avenue<br>New York, NY 10017<br>(Attorney for Agent under Debtors' Postpetition Credit Facility) |

Further affiant sayeth not.

*Bernadine Kloska*
Bernadine Kloska

Subscribed and sworn before me
this 10th day of November, 2005.

*Kendra J. Mass*
Kendra J. Mass
Notary Public for
Barry County, Michigan.
Acting in Kent County, Michigan.
My commission expires: 1/6/06

GR01\85956.1
ID\JAF

2