# Exhibit A

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATION PURSUANT TO LOCAL GUIDELINES, U.S. TRUSTEE GUIDELINES AND FEE COMMITTEE GUIDELINES FOR FEES AND DISBURSEMENTS

Pursuant to 28 U.S.C. § 1746, Susan Power Johnston certifies as follows:

1. I am of counsel to the firm of Covington & Burling LLP ("**Covington**"), which maintains offices for the practice of law at, among other places, 620 Eighth Avenue, New York, New York 10018.

2. On March 9, 2006, effective *nunc pro tunc* to October 8, 2005 (the "**Petition Date**"), this Court entered an Order under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of Covington & Burling as Foreign Trade and Special Corporate Committee Legal Counsel to Debtors (Docket No. 2769).

3. In this capacity, Covington has: (a) advised and assisted the Company on U.S. foreign trade control matters, including the scope, applicability, licensing and compliance requirements under the International Traffic in Arms Regulations, Directorate of Defense Controls, U.S. Department of State; (b) advised the Special Committee in connection with its response to an informal inquiry by the Securities and Exchange Commission (the "**SEC**"); and

NY: 555454-1

05-44481-rdd    Doc 8785-2    Filed 07/31/07    Entered 07/31/07 11:14:06    Exhibit A
Pg 3 of 5

(c) prepared and drafted the fourth interim application (the "**Fourth Application**") and all supporting documents and addressed ongoing supplemental disclosure issues.

4. I am the professional designated by Covington to certify regarding Covington's Fee Applications, in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "**Local Guidelines**"), the United States Trustee Guidelines for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "**U.S. Trustee Guidelines**"), the memorandum dated June 19, 2006 issued by the Debtors' fee committee containing guidelines for retained professionals to use when billing time (the "**Fee Committee Guidelines**"), the Court's Fourth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated July 13, 2006 (Docket No. 4545) (the "**Fourth Supplemental Fee Order**"), the Court's Fifth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 5310) (the "**Fifth Supplemental Fee Order**" and, collectively with the Local Guidelines, the U.S. Trustee Guidelines, and the Fourth Supplemental Fee Order, the "**Guidelines**"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

5. I make this certification in support of Covington's fifth interim application for allowance of compensation for professional services rendered and reimbursement of expenses incurred from February 1, 2007 though May 31, 2007 (the "**Fifth Application**") in accordance with the Guidelines.

6. <u>Section B.1 of the Local Guidelines</u>: I certify that:

 a) I have read the Fifth Application;

  b) To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Fifth Application fall within the Guidelines. In some limited respects discussed in the Fifth Application, Covington's policies deviate from the Fee Committee Guidelines;

  c) The fees and disbursements sought are billed in accordance with practices customarily employed by Covington and generally accepted by Covington's clients; and

  d) In providing a reimbursable service, Covington does not make a profit on that service, whether the service is performed by Covington in-house or through a third party.

  7. <u>Section B.2 of the Local Guidelines</u>: I certify that Covington has been providing, on a monthly basis, statements of Covington's fees and disbursements for each month in accordance with the procedures approved by this Court in the Interim Fee Order dated November 4, 2005 (Docket No. 869), the First Supplemental Fee Order dated March 8, 2006 (Docket No. 2747), the Second Supplemental Fee Order dated March 28, 2006 (Docket No. 2986), the Third Supplemental Fee Order dated May 5, 2006 (Docket No. 3630), the Fourth Supplemental Fee Order, the Fifth Supplemental Fee Order and as otherwise agreed to with the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**" or the "**Company**") and the Office of the United States Trustee pursuant to the Joint Interest Agreement Order dated April 18, 2006 (Docket No. 3279).

  8. <u>Section B.3 of the Local Guidelines</u>: I certify that copies of the Fifth Application with complete exhibits are being provided to (a) the United States Trustee for the Southern District of New York; (b) attorneys for the Debtors; (c) the Debtors; (d) counsel for and the Chair of the Official Committee of Unsecured Creditors. A copy of the Fifth Application without the detailed time records, which are governed by the Joint Interest Agreement Order and are therefore filed under seal, is being served on the counsel for and the Chair of the Official

Committee of Equity Holders. The Debtors have consented to the filing of this Fifth Application.

   9. No agreement or understanding exists between Covington and any person for a division of compensation or reimbursement received or to be received herein or in connection with the Debtors' chapter 11 cases.

   10. As of the date of the Fifth Application, Covington has received no payment or promise of payment for the services rendered in these chapter 11 cases, other than as noted in the Fifth Application.

   11. As detailed in the Debtors' Application for Order under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of Covington & Burling as Foreign Trade and Special Corporate Committee Legal Counsel to Debtors (Docket No. 2424), Covington performed numerous services for the Debtors before the Petition Date. As a result of these prepetition services, Covington was owed, and continues to be owed, $263,559.79. Covington has filed a proof of claim regarding this amount, and neither the compensation nor expenses requested pursuant to the Fifth Application attached hereto includes any portion of this amount.

Executed July 31, 2007

               /s/ Susan Power Johnston
               Susan Power Johnston