LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, <u>et al.</u>, | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |

**FIFTH FEE AND EXPENSE APPLICATION COVER
SHEET OF LATHAM & WATKINS LLP AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| **Name of Applicant:** | Latham & Watkins LLP |
| **Role in Case:** | Counsel to the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 6, 2006 (*nunc pro tunc* to October 17, 2005) |
| **Period Covered:** | February 1, 2007 through May 31, 2007 |
| **Current Application** | |
| **Fees Requested:** | $1,629,455.50 |
| **Expenses Requested:** | $84,184.09 |
| **Total Fees and Expenses Requested:** | $1,713,639.59 |
| **Blended Hourly Rate: (excluding paraprofessionals)** | $601.02 |
| **Blended Hourly Rate: (including paraprofessionals)** | $563.88 |

This is a(n):   _x_ interim _ final application.

NY\1303671.3

## SECTION I: FEE SUMMARY

|  | To Date | Current Period |
|---|---|---|
| Total Fees Requested: | $16,258,081.75 | $1,629,455.50 |
| Total Disbursements Requested: | $   950,713.36 | $     84,184.09 |
| Total Fees Previously Allowed: | $14,450,035.24 | $             0.00 |
| Total Disbursements Previously Allowed: | $   861,080.27 | $             0.00 |
| Total Previously Received by Applicant: | $16,698,859.00 | $  1,387,748.79 |

## SECTION II: ATTORNEY/OTHER PROFESSIONAL SUMMARY

| Name of Attorney/ Other Professional | Yr. Admitted to Practice | Hourly Rates for 2007 | Hours Billed | Totals |
|---|---|---|---|---|
| **PARTNERS/OF COUNSEL** | | | | |
| ROBERT J. ROSENBERG | 1970 | $925.00 | 244.20 | $  225,885.00 |
| ERICA H. STEINBERGER | 1972 | $850.00 | 11.10 | $      9,435.00 |
| MITCHELL A. SEIDER | 1987 | $850.00 | 215.50 | $  183,175.00 |
| JAMES E. BRANDT | 1982 | $825.00 | 0.40 | $         330.00 |
| MARK A. BROUDE | 1989 | $825.00 | 247.40 | $  204,105.00 |
| ROBERT A. ZUCCARO | 1982 | $825.00 | 5.10 | $      4,207.50 |
| ALLEN J. KLEIN | 1985 | $750.00 | 0.10 | $           75.00 |
| JOEL E. KRISCHER | 1975 | $750.00 | 1.10 | $         825.00 |
| ROBIN L. STRUVE | 1987 | $750.00 | 2.90 | $      2,175.00 |
| BLAIR G. CONNELLY | 1994 | $725.00 | 2.40 | $      1,740.00 |
| ROBERT E. HASTY | 1995 | $725.00 | 19.10 | $    13,847.50 |
| DAVID S. LANGER | 1990 | $695.00 | 3.60 | $      2,502.00 |
| IGNACIO PALLARES | 1997 | $650.00 | 6.70 | $      4,355.00 |
| **TOTAL** | | | **759.60** | **$  652,657.00** |
| **ASSOCIATES** | | | | |
| HENRY P. BAER, JR. | 1997 | $615.00 | 80.80 | $    49,692.00 |
| ADRIENNE K. WHEATLEY | 1997 | $615.00 | 4.20 | $      2,583.00 |
| KEITH SIMON | 1999 | $595.00 | 9.40 | $      5,593.00 |
| JOSEPH FURST III | 2000 | $575.00 | 367.20 | $  211,140.00 |
| JOHN W. WEISS | 2000 | $575.00 | 213.20 | $  122,590.00 |
| MICHAEL RIELA | 2001 | $550.00 | 90.90 | $    49,995.00 |
| ALICIA CLIFFORD | 2002 | $550.00 | 0.30 | $         165.00 |
| MARIANO FRANCISCO ISO | 2002 | $525.00 | 14.60 | $      7,665.00 |
| ERIKA RUIZ | 2002 | $525.00 | 182.30 | $    95,707.50 |
| MELINDA C. FRANEK | 2001 | $475.00 | 0.90 | $         427.50 |
| ANTHONY MAUL | 2005 | $475.00 | 23.70 | $    11,257.50 |
| AARON SIRI | 2004 | $475.00 | 22.20 | $    10,545.00 |

NY\1303671.3

| Name | Year | Hourly Rate | Hours Billed | Totals |
|---|---|---|---|---|
| DENNIS G. CRAYTHORN | 2006 | $425.00 | 93.20 | $ 39,610.00 |
| JUDE M. GORMAN | 2006 | $425.00 | 240.30 | $ 102,127.50 |
| CASEY L. HINKLE | 2006 | $425.00 | 17.30 | $ 7,352.50 |
| JASON A. KOLBE | 2006 | $425.00 | 11.90 | $ 5,057.50 |
| SARAH M. LIGHTDALE | 2006 | $425.00 | 34.90 | $ 14,832.50 |
| THOMAS R PRICE | 2006 | $425.00 | 3.10 | $ 1,317.50 |
| PAUL A. SERRITELLA | 2006 | $425.00 | 35.70 | $ 15,172.50 |
| JENNIFER H. SPERLING | 2006 | $425.00 | 13.70 | $ 5,822.50 |
| NATHANAEL B. YALE | 2006 | $425.00 | 20.50 | $ 8,712.50 |
| MIKHAIL I. EYDELMAN | 2007 | $395.00 | 259.30 | $ 102,423.50 |
| ADAM GOLDBERG | 2007 | $395.00 | 62.50 | $ 24,687.50 |
| JOHN C. MOLLUZZO JR. | 2007 | $395.00 | 7.30 | $ 2,883.50 |
| ROBERT C. RICHARDS | Bar Pending | $395.00 | 29.10 | $ 11,494.50 |
| **TOTAL** | | | **1,838.50** | **$ 908,854.50** |

| Name of Attorney/ Other Professional | | Hourly Rate | Hours Billed | Totals |
|---|---|---|---|---|
| NON-LAWYER PROFESSIONALS | | | | |
| JASON S. S. ALLEVATO | Summer Clerk | $345.00 | 18.30 | $ 6,313.50 |
| JOHN J. KASPER | Summer Clerk | $345.00 | 18.30 | $ 6,313.50 |
| MICHAEL A. PUSATERI | Summer Clerk | $345.00 | 16.10 | $ 5,554.50 |
| VICTORIA C. PHELPS | Paralegal | $370.00 | 0.90 | $ 333.00 |
| LESLIE ANN SALCEDO | Paralegal | $210.00 | 201.30 | $ 42,273.00 |
| SARITA CHALEN | Paralegal | $195.00 | 35.50 | $ 6,922.50 |
| MARTINE LACROIX | Paralegal | $195.00 | 1.20 | $ 234.00 |
| **TOTAL** | | | **291.60** | **$ 67,944.00** |
| **TOTAL HOURS AND FEES** | | | **2,889.70** | **$ 1,629,455.50** |

## SECTION III: COMPENSATION BY PROJECT CATEGORY

|  | Hours Billed | Blended Hourly Rate | Final Totals |
|---|---|---|---|
| Case Administration | 216.40 | $552.44 | $119,547.00 |
| Meeting of Creditors | 327.10 | $706.51 | $231,100.50 |
| Asset Dispositions | 41.90 | $559.94 | $23,461.50 |
| Claims Administration and Objections | 191.80 | $464.84 | $89,155.50 |
| Preference & Fraudulent Conveyance Litigation | 20.30 | $408.84 | $8,299.50 |
| Disclosure Statement and Plan | 933.40 | $611.21 | $570,000.00 |
| Other Chapter 5 Actions Litigation | 411.90 | $512.31 | $211,020.50 |
| SEC and Class Action Litigation | 29.80 | $687.37 | $20,483.50 |
| Business Operations | 161.20 | $629.66 | $101,500.50 |
| Employee Benefits/Pensions | 167.60 | $589.38 | $98,779.50 |
| Fee/Employment Applications | 206.00 | $419.86 | $86,491.50 |
| Fee/Employment Objections | 182.30 | $379.13 | $69,116.00 |
| **TOTAL HOURS AND FEES** | **2889.70** | **$563.88** | **$1,629,455.50** |

## SECTION IV: EXPENSE SUMMARY

| | Expenses[1] | Amount |
|---|---|---|
| a. | Telecopying | $118.75 |
| b. | Photocopying | $5,218.02 |
| c. | Telephone | $8,950.33 |
| d. | Document copies | $2,204.64 |
| e. | Federal Express | $1,907.16 |
| f. | Messenger/Courier | $270.45 |
| g. | Binding | $64.00 |
| h. | Postage | $43.73 |
| i. | Lexis | $9,943.26 |
| j. | Outside Services (Non-Attorney) | $20,443.80 |
| k. | Westlaw | $9,079.30 |
| l. | Other Datebase Research | $668.72 |
| m. | Meals – Local | $6,198.79 |
| n. | Color Copying/Printing | $97.00 |
| o. | Ground Transportation – Local | $8,713.98 |
| p. | Meals Services | $10,262.16 |
| | **TOTAL** | **$84,184.09** |

---

[1] Certain expenses included in this Application were incurred prior to February 1, 2007, and are included herein due to accounting delays.

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

**FIFTH FEE AND EXPENSE APPLICATION OF LATHAM & WATKINS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to sections 330 and 503(b)(1)(A) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines," and, collectively with the Local Guidelines, the "Guidelines"), Latham & Watkins LLP ("Latham"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation and its debtor affiliates (collectively, the "Debtors"), respectfully submits this fifth application

NY\1303671.3

(the "Application") for allowance of compensation totaling $1,629,455.50 and reimbursement of expenses totaling $84,184.09, incurred during the period from February 1, 2007 through May 31, 2007 (the "Compensation Period").

In support of this Application, Latham respectfully represents as follows:

**Background**

2.      On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code.  The Debtors are continuing in possession of their property and are operating their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      The Committee was appointed in these cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.[1]

4.      On November 17, 2005, the Committee filed that certain Application of the Official Committee of Unsecured Creditors for Order Authorizing and Approving the Employment and Retention of Latham & Watkins LLP as Counsel, Nunc Pro Tunc to October 17, 2005 (the "Retention Application.").  On January 6, 2006, this Court entered an order approving the retention of Latham, *nunc pro tunc* to October 17, 2005.

5.      By Order dated November 4, 2005 (the "Administrative Order"), the Court established a procedure for interim compensation and reimbursement of expenses for all

---

[1] The following members were originally appointed to the Committee: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee.  Flextronics International Asia-Pacific, Ltd. and Electronic Data Systems Corp. have since resigned from the Committee and Tyco Electronics Corporation has joined the Committee.  In addition, the Pension Benefit Guaranty Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America have been added as *ex officio* members of the Committee.

2

NY\1303671.3

professionals in these cases. In particular, the Administrative Order provides that, absent objections to the monthly fee statements, the Debtors are authorized to pay each professional serving such monthly fee statements an amount equal to 80 percent of the fees and 100 percent of the expenses requested in their respective monthly fee statements.

6. Pursuant to the Administrative Order, Latham has served monthly fee statements in these cases for the months of February, March, April and May (collectively, the "Monthly Statements"). To date, the Debtors have paid to Latham $906,984.80 in fees and $68,768.43 in expenses incurred during the Compensation Period in accordance with the procedures set forth in the Administrative Order.

7. On May 31, 2006, Latham filed its first fee application covering the period from the October 17, 2005 through January 31, 2006. On February 16, 2007, this Court entered an order approving the first fee application and allowing fees and expenses in the amounts of $3,216,383.58 and $157,230.86, respectively.

8. On July 31, 2006, Latham filed its second fee application covering the period from the February 1, 2006 through May 31, 2006. On February 20, 2007 this Court entered an order approving the second fee application and allowing fees and expenses in the amounts of $5,147,136.83 and $369,265.45, respectively.

9. On November 30, 2006, Latham filed its third fee application covering the period from the June 1, 2006 through September 30, 2006. On February 22, 2007 this Court entered an order approving the third fee application and allowing fees and expenses in the amounts of $3,250,506.33 and $179,565.22, respectively.

10. On March 30, 2007, Latham filed its fourth fee application covering the period from the October 1, 2006 through January 31, 2007. On July 2, 2007 this Court entered an order

3

approving the fourth fee application and allowing fees and expenses in the amounts of $2,836,008.50 and $155, 018.71, respectively.

11.  By this Application, Latham seeks interim allowance of compensation and reimbursement of expenses incurred during the Compensation Period, as reflected in Latham's Monthly Statements.  Latham also seeks payment of all outstanding holdbacks owing with respect to the Monthly Statements.

12.  The supervisory responsibility for Latham's efforts on behalf of the Committee has been undertaken by Robert J. Rosenberg.  Mr. Rosenberg is a partner in Latham's New York office.  Mr. Rosenberg is a 1967 graduate of Columbia University and a 1970 graduate of Harvard Law School.

### Summary of Services Performed During the Compensation Period

13.  As reflected in the attached Fifth Fee and Expense Application Cover Sheet (the "Cover Sheet"), Latham has rendered 2,889.70 hours of legal services in representation of the Committee during the Compensation Period.  Based upon the nature of the services rendered, the time required to provide such services, the value of such services to the Committee and the cost of comparable services in non-bankruptcy cases, Latham believes that the allowed compensation for services rendered to the Committee should be not less than $1,629,455.50.  This total represents 2,889.70 hours of Latham attorney and other professional time, at a blended average hourly rate of $563.88.  The hourly rate for each attorney and other professional who performed services for the Committee during the Compensation Period is set forth in the Cover Sheet.

14.  In accordance with the Local Guidelines, a detailed chronological narrative of the time spent (divided among eighteen (18) descriptive billing categories), the dates and descriptions of the services rendered, and the identity of the attorneys and other professionals who provided such services on behalf of the Committee during the Compensation Period, are

4

attached hereto as Exhibits A-1, A-2, A-3 and A-4 (collectively, the "Billing Detail," which is incorporated herein by reference).[2]

15.  Latham respectfully supplements the attached Billing Detail with the following narrative summary of services rendered by Latham during the Compensation Period, organized by category:

a)  **Case Administration**.  Latham rendered a total of 216.40 hours and $119,547.00 in services falling within the category of "Case Administration."  This category includes, among other things:  (i) rendering services in connection with general administration of these cases; (ii) reviewing, organizing or responding to various documents received; (iii) preparing for and attending omnibus hearings; (iv) reviewing Committee professionals' reports and summaries; (v) addressing scheduling issues; (vi) maintaining a case calendar; (vii) monitoring press reports relating to the Debtors' cases; (viii), monitoring the docket in these cases; (ix) conferring with Committee professionals to coordinate the handling of various matters; (x) monitoring the status of various matters and (xi) conducting fundamental due diligence and analysis of critical documents and issues.

b)  **Meeting of Creditors.**  Latham rendered a total of 327.10 hours and $231,100.50 in services falling within the category of "Meeting of Creditors."  This category includes Latham's services rendered in connection with preparing for and attending regularly scheduled meetings with the Committee, subcommittees of the Committee and the Debtors, as well as related communications to the Committee, its professionals, and other parties in interest in these cases.

---

[2] Exhibits A-1, A-2, A-3 and A-4 are copies of Latham's Monthly Statements for February, March, April and May, respectively.  Certain redactions are reflected in Latham's Monthly Statements to protect confidential and privileged information contained therein.  Section III of the Cover Sheet contains a summary of Latham's services, organized by project category.

5

NY\1303671.3

      c) **Asset Dispositions.** Latham rendered a total of 41.90 hours and $23,461.50 in services falling within the category of "Asset Dispositions." This category includes all of Latham's services rendered in connection with the Debtors' disposition of certain assets, including the Debtors' brake hose business, as well as Latham's analysis of the effects of asset dispositions and potential claims recovery scenarios on value to be realized by the Debtors' estates and unsecured creditors.

      d) **Claims.** Latham rendered a total of 191.80 hours and $89,155.50 in services falling within the category of "Claims." This category includes Latham's services rendered in connection with analysis of, and response to, various claims that have been or may be asserted against the Debtors and various setoff, recoupment and reclamation requests asserted against the Debtors. This category also includes continued monitoring of the claims procedures process through attendance at Claims Hearings.

      e) **Preference & Fraudulent Conveyance Litigation.** Latham rendered a total of 20.30 hours and $8,299.50 in services falling within the category of "Preference & Fraudulent Conveyance." This category includes Latham's legal research and analysis of potential preference and fraudulent conveyance actions which may be pursued by the Debtors, the Committee or an estate representative in these cases.

      f) **Disclosure Statement & Plan.** Latham rendered a total of 930.10 hours and $568,970.00 in services falling within the category of "Disclosure Statement & Plan." This category includes legal research and analysis with respect to: (i) issues that have arisen in connection with the formulation and confirmation of a plan of reorganization, (ii) proposed agreements among the Debtors, General Motors and certain proposed "Investors" (including the

6

Plan Framework Support Agreement, the Equity Purchase and Commitment Agreement and the various exhibits thereto) and (iii) additional investor agreements and related 13D filing.

      g) **Other Chapter 5 Actions Litigation.** Latham rendered a total of 411.90 hours and $211,020.50 in services falling within the category of "Other Chapter 5 Actions." This category includes Latham's extensive services rendered in connection with the analysis and investigation of potential actions under Chapter 5 of the Bankruptcy Code, other than preference and fraudulent conveyance actions, including the equitable subordination of claims.

      h) **SEC and Class Action Issues.** Latham rendered a total of 29.80 hours and $20,483.50 in services falling within the category of "SEC and Class Action Issues." This category includes Latham's services rendered in connection with the review and analysis of materials related to: (i) investigations being conducted by the Securities and Exchange Commission and the Department of Justice and (ii) class action complaints filed against the Debtors and current and former officers and directors of the Debtors.

      i) **Business Operations.** Latham rendered a total of 161.20 hours and $101,500.50 in services falling within the category of "Business Operations." This category includes Latham's review and analysis of various operational issues and motions filed by the Debtors in connection with the operation of the Debtors' businesses. This category also includes work done with respect to foreign bankruptcy proceedings involving a non-debtor subsidiary of the Debtors.

      j) **Employee Benefits/Pensions.** Latham rendered a total of 167.60 hours and $98,779.50 in services falling within the category of "Employee Benefits/Pensions." This category includes Latham's services rendered in connection with labor, pension, OPEB and executive compensation issues arising in these cases, including extensive analysis, legal research, preparation of various memoranda and attendance at various hearings and status conferences

7

relating to potential employee claims, employment contracts and the Debtors' proposed Key Employee Compensation Program.

      **k)**   **Fee/Employment Applications.** Latham rendered a total of 206.00 hours and $86,491.50 in services falling within the category of "Fee/Employment Applications." This category includes the preparation of Latham's Monthly Statements and Fee Applications, as well as Latham's oversight of, and assistance provided to, Committee members and Committee professionals in the preparation of their monthly fee statements, fee applications and expense reimbursement requests. This category also includes Latham's analysis and preparation of various supplemental affidavits filed by Latham and other Committee professionals in support of their retention. Latham has undertaken this work in an effort to ensure: (i) adherence with local rules and procedures, (ii) disclosure of all necessary supplemental information to this Court and (iii) uniform redaction of all confidential and strategic information from such statements and applications.

      **l)**   **Fee/Employment Objections.** Latham rendered a total of 182.30 hours and $69,116.00 in services falling within the category of "Fee/Employment Objections." This category includes the review and analysis of, and responses to, monthly fee statements and fee applications filed and served by professionals retained in these cases. This category also includes Latham's review of supplemental retention affidavits and disclosures filed by ordinary course professionals or other retained professionals retained in these cases.

### Latham's Staffing and Internal Procedures.

16.     Latham has made a conscious effort in these cases to provide the Committee with high quality legal services at the lowest possible cost. Whenever possible, rather than "reinventing the wheel," Latham has drawn upon the considerable expertise of its senior partners

8

to obtain quick answers to difficult questions without the need for expensive and time consuming legal research. Where research has been required, Latham has utilized the low billing rates of junior lawyers, resulting in considerable savings for the Debtors.

17. A number of specialist attorneys have billed small amounts of time in support of Latham's representation of the Committee. The isolated and limited work done by these experts highlights one of the benefits of a global law firm such as Latham: when discrete issues arise, Latham can leverage the expertise of its specialists around the world, removing the need to train non-specialists on the issue or hire a separate law firm altogether. This efficient use of firm resources minimizes costs for the Debtors' estates while providing the Committee with the highest-quality legal services.

18. Latham believes that it has been efficient in avoiding duplication of effort and keeping fees and costs at the lowest level possible. Latham also believes that the attached Billing Detail reflects the actual, fair and reasonable value of the legal expertise provided to the Committee during the Compensation Period.

## **Disbursements**

19. Latham expended a total of $84,184.09 for reasonable and necessary expenses in connection with its representation of the Committee during the Compensation Period.[3] In accordance with the Guidelines, Section IV of the Cover Sheet attached hereto contains an organized summary of these expenses.

20. Latham does not include a profit component in its disbursements, and charges the Debtors only for Latham's actual out-of-pocket expenses. Photocopy charges are billed at $0.17 per page and outgoing faxes are billed at $1.25 per page.

---

[3] Certain expenses included in this application were incurred prior to February 1, 2007, and are included herein due to accounting delays.

9

**Certification**

21.     As required by the Guidelines, attached hereto as Exhibit B is a certification that the facts set forth in this Application are true and correct, and that this Application complies with the Guidelines.

**Latham is a Disinterested Person and Holds No Adverse Interest**

22.     All professional services and expenses for which allowance is requested in this Application were performed by Latham on behalf of the Committee and not on behalf of any other entity or person.  As described in the Affidavit of Robert J. Rosenberg of Latham & Watkins LLP Pursuant to Sections 329, 504 and 1103 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (together with subsequent supplemental affidavits, the "Rosenberg Affidavit") previously filed by Latham in these cases: (i) Latham holds neither a claim against, nor an interest in, the Debtors, and has not acquired or transferred any beneficial interest in the Debtors, directly or indirectly, since the commencement of these cases; (ii) Latham represents no interest adverse to the Debtors with respect to matters upon which it is engaged and (iii) Latham is a "disinterested person" under section 101(14) of the Bankruptcy Code.

23.     No agreement or understanding exists between Latham and any other person or entity for the sharing of compensation received or to be received for services rendered in connection with these cases, except that fees will be shared with other partners of Latham as permitted by Rule 2016 of the Bankruptcy Rules and section 504 of the Bankruptcy Code.

**Reservation of Rights**

24.     To the extent that charges for services rendered or expenses incurred during the Compensation Period are inadvertently excluded from this Application for any reason, Latham

10

NY\1303671.3

hereby reserves the right to request approval and payment of such charges in future fee applications.

WHEREFORE, Latham respectfully requests that this Court enter an order: (i) allowing Latham's request for compensation in the sum of $1,629,455.50 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Compensation Period; (ii) directing the Debtors to pay to Latham the full amount of such compensation to the extent not already paid and (iii) directing the Debtors to reimburse Latham in the amount of $84,184.09 for actual, reasonable and necessary expenses incurred during the Compensation Period, to the extent not already reimbursed.

| | |
|---|---|
| Dated: New York, New York<br>July 31, 2007 | LATHAM & WATKINS LLP<br><br>By: /s/ Robert J. Rosenberg<br>Robert J. Rosenberg (RR-9585)<br>Mitchell A. Seider (MS-4321)<br>Mark A. Broude (MB-1902)<br>885 Third Avenue, Suite 1000<br>New York, New York 10022<br>Telephone: (212) 906-1200<br><br>Attorneys for the Official Committee of Unsecured Creditors |