IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, et al., ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |

**FIFTH INTERIM FEE APPLICATION COVER SHEET OF
MESIROW FINANCIAL CONSULTING, LLC FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM FEBRUARY 1, 2007 THROUGH MAY 31, 2007**

| | |
|---|---|
| **Name of Applicant:** | Mesirow Financial Consulting, LLC |
| **Role in Case:** | Financial Advisors to the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 6, 2006 (*nunc pro tunc* to October 19, 2005) |
| **Period Covered:** | February 1, 2007 through May 31, 2007 |
| **Current Application** | |
| **Fees Requested:** | $1,092,603 |
| **Expenses Requested:** | $14,758 |
| **Total Fees and Expenses Requested:** | $1,107,361 |
| **Total Previously Received by Applicant:** | $889,071 |
| **Blended Hourly Rate:** | $502 |

This is a(n):    X  interim _ final application.

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## FIFTH INTERIM APPLICATION OF MESIROW FINANCIAL CONSULTING, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM FEBRUARY 1, 2007 THROUGH MAY 31, 2007

1. Mesirow Financial Consulting, LLC ("MFC") respectfully files this Fifth Interim Application for Allowance of Compensation and Reimbursement of Expenses (the "Fee Application") of MFC as Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee") to Delphi Corporation ("Delphi") and certain of its subsidiaries, debtors and debtors-in-possession herein (collectively, the "Debtors")[1], for the period from February 1, 2007 through May 31, 2007 (the "Fifth Interim Period"). This Fee Application is filed pursuant to §§ 328(a), 330(a) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules and Orders of this Court. In support of the Application, MFC states:

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc, Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc, Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc, Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

2

## JURISDICTION AND VENUE

2.  On October 8, 2005, the Court signed an Order Pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Compensation Procedures Order") (Docket #0011). The Compensation Procedures Order states, *inter alia*,

> "Approximately every 120 days, but no more then 150 days, each of the Chapter 11 Professionals will serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested."

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## INTRODUCTION

4.  This Fee Application is made for interim allowance of compensation for services rendered as financial advisor to the Committee during the Fifth Interim Period in the total amount of $1,092,603 for 2,175.7 hours of services rendered by professionals.

## BACKGROUND

5.  On October 8, 2005, (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code and commenced the above captioned Chapter 11 cases (the "Chapter 11 Cases").

6.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).

7.   The Committee was appointed in these cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.[2]

8.   On October 18, 2005, the Committee requested presentations from several potential financial advisors and after such presentations, due deliberation and a vote, decided to retain MFC as its financial advisor in these Chapter 11 cases.

9.   On November 29, 2005, (Docket #1335), the Committee filed an Application for Authority to Retain MFC as Financial Advisor to the Committee *Nunc Pro Tunc* to October 19, 2005 (the "Employment Application"). On January 6, 2006, an Order Authorizing Employment of MFC as Financial Advisor to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to October 19, 2005 was entered (the "Retention Order," Docket #1752).

## COMPENSATION REQUESTED

10.   By this Application and in accordance with §§ 328, 330 and 331 of the Bankruptcy Code, MFC requests allowance of fees in the amount of $1,092,603, and ordinary and necessary expenses in the amount of $14,758, for a total amount $1,107,361.

11.   Pursuant to the Compensation Procedures Order, all professionals retained in these cases are authorized to seek, on a monthly basis, compensation for professional services rendered and reimbursement of expenses incurred. In the absence of any objection to the monthly statement of fees and expenses incurred (the "Monthly Statements"), the Debtors can pay 80% of the professional fees requested and 100% of the expenses incurred. A tabulation of fees and expenses incurred, as well as payments received by MFC, for Monthly Statements to date is as follows:

---

[2] The following members were originally appointed to the Committee: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee. Flextronics International Asia-Pacific, Ltd., has since resigned from the Committee and has been replaced with Tyco Electronics Corporation. In addition, the Pension Benefit Guaranty Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW") have been added as *ex officio* members of the Committee.

| Billing Period | Fees | Expenses | 80% of Fees | 80% of Fees + Expenses | Invoice Amount | | Payments Received |
|---|---|---|---|---|---|---|---|
| February 1, 2007 through February 28, 2007 | $213,561 | $4,393 | $170,848 | $175,241 | $217,954 | | $175,241 |
| March 1, 2007 through March 31, 2007 | $352,936 | $5,949 | $282,348 | $288,297 | $358,885 | | $288,297 |
| April 1, 2007 through April 30, 2007 | $344,422 | $2,411 | $275,537 | $277,948 | $346,833 | | $275,770 |
| May 1, 2007 through May 31, 2007 | $181,684 | $2,005 | $145,347 | $147,352 | $183,689 | | $147,342 |
| | | | | | | | |
| **Total** | **$1,092,603** | **$14,758** | **$874,080** | **$888,838** | **$1,107,361** | | **$889,071** |

12. During the Fifth Interim Period, MFC has sought $1,092,603 in professional fees and $14,758 for disbursements, of which $874,313 and $14,758, respectively, has been paid to date by the Debtors in accordance with the Compensation Procedures Order. As of the date of this Application, Applicant is owed $218,290 for professional fees, which amounts have not yet been paid by the Debtors.

13. MFC has received no payment and no promises of payment from any other source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

14. There is no agreement or understanding between MFC and any other person for the sharing of compensation to be received for services rendered in this case.

15. MFC submits that this Application complies with sections 330 and 503(b)(1)(A) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines" collectively with the Local Guidelines, the "Guidelines").

## SUMMARY OF SERVICES PROVIDED

16. Attached as **Exhibit A** is a list of the MFC professionals who worked on the case during the Fifth Interim Period, along with the titles, and a summary of hours charged for the professionals whose services

are being billed in connection with this case. Attached as **Exhibit B** is a summary of hours incurred for each category of work performed by MFC. Attached as **Exhibit C** is a summary of actual out-of-pocket expenses incurred during the Fifth Interim Period for each category of expenses. Attached as **Exhibit C-1** is a detailed record of actual out-of-pocket expenses incurred during the Fifth Interim Period, segregated by category of expense. Attached as **Exhibit D** are the detailed time entries during the Fifth Interim Period, for each category of work performed by MFC. Attached as **Exhibit E** is the certification of Larry H. Lattig with respect to the Application pursuant to the Local Guidelines.

17. In accordance with the Retention Order, the following is a detailed description of each of the major tasks performed during the Fifth Interim Period. These tasks, and the related hours incurred, are separated into the following matters:

| **CATEGORY** | **HOURS** |
|---|---|
| *Asset Disposition* | 14.3 |

MFC analyzed information from the Debtors pertaining to de minimus asset sales. In addition, MFC analyzed information and participated in meetings with the Debtors and their advisors with respect to the marketing and sales of certain product lines of the Debtors. MFC incurred a total of 14.3 hours resulting in $7,593 in fees in connection with Asset Disposition during the period February 1, 2007 through May 31, 2007.

| *Business Analysis* | 932.5 |
|---|---|

MFC reviewed numerous Debtors' motions including lease renewals, extensions and new leases, Aksys complaint, de minimis asset sales, and summaries of numerous Debtors' motions prepared by the counsels to the Committee. In addition, MFC attended numerous meetings with the Debtors and their advisors and conducted analysis regarding the Debtors' business plans and impacts of the framework agreement and the Equity Purchase and Commitment Agreement ("EPCA") to those plans, including conducting sensitivity analyses on various aspects of the business plans, framework agreement and EPCA results, current and proposed capital structures, proposed financing structures, the Debtors' revenue plans, EBITDA and other key aspects of the income statement, cash flow, capital expenditures, working capital, and other key aspects of the balance sheet, and other components of the financial results of the Debtors' business plans and amendments resulting from the framework agreements and EPCA. MFC also reviewed and analyzed the numerous PwC reports covering financial results, projections and operations of the Debtors' various businesses and divisions. MFC also attended numerous meetings with the Debtors' advisors with respect to the Debtors' business plans and financial disclosures and analyses. MFC analyzed the financial impacts of numerous initiatives and actions of the Debtors including savings estimates from Booz Allen & Hamilton and A.T. Kearney, business line transformation, set-off claims, settlements, distressed subsidiaries, and other actions of the Debtors. MFC also reviewed numerous reports of the Debtors to the Committee and attended meetings with the Debtors and the Committee, as well as the Equity Committee. The Committee also made numerous requests of MFC for which MFC conducted analyses and prepared reports. MFC incurred a total of 932.5 hours resulting in $469,418 in fees in connection with Business Analysis during the period February 1, 2007 through May 31, 2007.

*Business Operations*                                                                                                                           323.9

MFC analyzed the factors and impact of substantive consolidation, site consolidations, division realignments, labor negotiations outsourcing environmental reserves and issues, and settlements, among other issues. In addition, MFC held numerous meetings with the Debtors and their advisors, and analyzed information and the financial impact of Delphi Spain, financially troubled suppliers, set off requests, reclamation requests, lease renewals, monthly operating reports, product line information, contract assumptions, the A.T. Kearney program, IT transformation initiatives, Delphi Technologies actions, joint ventures, pension transfers and waivers, key employee compensation and annual incentive plans, and other actions and initiatives of the Debtors. MFC incurred a total of 323.9 hours resulting in $185,325 in fees in connection with Business Operations during the period February 1, 2007 through May 31, 2007.

*Case Administration*                                                                                                                           70.8

Implementation of efficient project management and administration of the overall case activities. Specific tasks related to managing relationship search results and disinterestedness disclosures, monitoring pending motions, hearing agendas and scheduling orders, staffing and work plans, and review of general case filings and press articles. MFC incurred a total of 70.8 hours resulting in $25,786 in fees in connection with Case Administration during the period February 1, 2007 through May 31, 2007.

*Claims Administration and Objections*                                                                                                        212.5

During the period February 1, 2007 through May 31, 2007 MFC reviewed and analyzed schedules of filed claims provided by the Debtors, the first, second, third, fourth and fifth omnibus claims objection orders, the eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth omnibus claim objections, the Debtors assessment of claims and supporting information provided in the database. In addition, MFC reviewed and analyzed high and medium impact claims and treatment of various classes of claims. MFC incurred a total of 212.5 hours resulting in $87,813 in fees in connection with Claims Administration and Objections during the period February 1, 2007 through May 31, 2007.

*Corporate Finance*                                                                                                                           102.7

MFC assessed information provided by the Debtors and their advisors, and participated in meetings with the Debtors and their advisors, pertaining to the EPCA, as well as negotiation meetings between the Debtors, Equity Committee, Creditors' Committee representatives and advisors, potential plan investors and General Motors. In addition, MFC analyzed the Debtors' amended EPCA Agreement, alternative paths and potential results, draft term sheets and alternative proposals. MFC also analyzed and reported to the Committee regarding alternatives to the EPCA. MFC incurred a total of 102.7 hours resulting in $68,147 in fees in connection with Corporate Finance during the period February 1, 2007 through May 31, 2007.

*Data Analysis* 224.2

From the period February 1, 2007 through May 31, 2007 MFC analyzed monthly financial results of the Debtors, EBITDA results and forecasts, supporting data for set off claims, and current versus historical results. In addition, MFC analyzed reports prepared by the Debtors regarding their financial and operational results, DIP usage and covenant compliance, cash flow forecasts, working capital and capital expenditures. MFC participated in meetings with the Debtors and their advisors, and conducted analysis pertaining to results of operations and financial projections. MFC incurred a total of 224.2 hours resulting in $107,738 in fees in connection with Data Analysis during the period February 1, 2007 through May 31, 2007.

*Employment Benefits/Pension* 33.5

MFC assessed the Debtors' management incentive program and potential results of the program. In addition, MFC attended numerous meetings with counsel to the Committee and special advisors to the Committee with respect to the analysis of the management incentive program. MFC also analyzed information from the Debtors pertaining to pension and OPEB costs incurred and projected. MFC incurred a total of 33.5 hours resulting in $19,261 in fees in connection with Employee Benefits/Pensions during the period February 1, 2007 through May 31, 2007.

*Fee/Employment Application* 109.9

MFC incurred time in the preparation and review of the Monthly Fee Statements and Interim Fee Applications as required in order to comply with the Compensation Procedures Order governing the payment of professionals in these cases. MFC incurred a total of 109.9 hours resulting in $32,386 in fees in connection with Fee/Employment Applications during the period February 1, 2007 through May 31, 2007.

*Meeting of Creditors* 125.4

MFC prepared for and participated in regular Committee meetings, and professionals meetings held prior to and after the Committee meetings. In addition, MFC attended numerous meetings of the Debtors and their advisors with the Committee, as well as meetings with sub-committees of the Committee. MFC incurred a total of 125.4 hours resulting in $78,771 in fees in connection with Meetings of Creditors during the period February 1, 2007 through May 31, 2007.

*Tax Issues* 6.0

MFC analyzed the Debtors' tax information to assess current and projected tax costs. In addition, MFC attended meetings with the Debtors and their advisors regarding updates to Delphi's tax situation, net operating losses, loss carry forward eligibility, and other tax planning matters. MFC incurred a total of 6.0 hours resulting in $3,705 in fees in connection with Tax Issues during the period February 1, 2007 through May 31, 2007.

*Travel*                                                                                                                       20.0

MFC personnel incurred a total of 20.0 hours in travel from various locations for the purpose of attending committee meetings, Court hearings, meetings with the Debtors, and other case functions resulting in $6,660 in fees during the period February 1, 2007 through May 31, 2007. MFC has voluntarily limited its travel time to a maximum of 2.0 hours per trip and has only billed its time at one-half its normal rates.

**Total Hours**                                                                                                       **2,175.7**

18.    MFC submits that the foregoing services were necessary to the administration of this Chapter 11 case, were necessary and beneficial to the Debtors' estates at the time such services were rendered, and were performed without unnecessary duplication of effort or expense. MFC's request for compensation for the foregoing services is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue and task involved.

19.    Although every effort has been made to include all expenses from the Fifth Interim Period in this Application, some expenses from the Fifth Interim Period might not be included in this application due to delays caused by accounting and processing procedures. MFC reserves the right to make further application to the Court for allowance of expenses not included herein.

## **NOTICE**

20.    Notice of this Application has been provided pursuant to the Compensation Procedures Order.

21.    WHEREFORE, MFC respectfully requests that this Court enter an order: (i) allowing MFC's request for compensation in the sum of $1,092,603 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Compensation Period; (ii) directing the Debtors to pay to MFC the full amount of such compensation to the extent not already paid; and (iii) directing the Debtors to reimburse MFC in the amount of $14,758 for actual, reasonable and necessary expenses incurred during the Compensation Period, to the extent not already reimbursed.

9

05-44481-rdd    Doc 8789    Filed 07/31/07    Entered 07/31/07 12:01:47    Main Document
Pg 10 of 10


Dated: New York, NY
July 30, 2007

Respectfully submitted,

*[signature]*

Larry H. Lattig
Senior Managing Director and Executive Vice President
Mesirow Financial Consulting, LLC
666 Third Avenue at the Chrysler Center, 21st Floor
New York, NY 10017
(212) 808-8330

FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS