**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

### COVER SHEET FOR FIFTH FEE AND EXPENSE APPLICATION OF STEVEN HALL & PARTNERS, LLC AS COMPENSATION AND EMPLOYMENT AGREEMENT ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

| | |
|---|---|
| **Name of Applicant:** | Steven Hall & Partners, LLC |
| **Role in Case:** | Compensation and Employment Agreement Advisor for the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 10, 2006 (*nunc pro tunc* to November 7, 2005) |
| **Period Covered:** | February 1, 2007 through May 31, 2007 |
| <u>**Current Application**</u> | |
| **Fees Requested:** | $40,522.50 |
| **Expenses Requested:** | $0 |
| **Total Fees and Expenses Requested:** | $40,522.50 |
| **Blended Hourly Rate:** | $684.50 |

**This is a(n):** __X__ interim __ final application.

## SECTION I:  FEE SUMMARY

|  | To Date | Current Period |
|---|---|---|
| Total Fees Requested: | $1,084,137.50 | $40,522.50 |
| Total Disbursements Requested: | $0.00 | $0.00 |
| Total Fees Previously Allowed: | $1,006,544.50 | $32,418.00 |
| Total Disbursements Previously Allowed: | $0.00 | $0.00 |
| Total Previously Received by Applicant: | $1,006,544.50 | $32,418.00 |

## SECTION II:  PROFESSIONAL SUMMARY

| Name of Professional | Hourly Rate | Hours Billed | Final Totals |
|---|---|---|---|
| **SENIOR MANAGING DIRECTOR** | | | |
| Pearl Meyer | $950.00 | 18.70 | $17,765.00 |
| **MANAGING DIRECTORS** | | | |
| Joseph Sorrentino | $625.00 | 33.20 | $20,750.00 |
| **ASSOCIATES** | | | |
| Ross Adler | $275.00 | 7.30 | $ 2,007.50 |
| **TOTAL HOURS AND FEES** | | **59.20** | **$40,522.50** |

## SECTION III:  COMPENSATION BY PROJECT CATEGORY

|  | Hours Billed | Blended Hourly Rate | Final Totals |
|---|---|---|---|
| Compensation and Employment Agreement Advisory Services | 56.60 | $   672.84 | $38,082.50 |
| Fee Applications | 2.60 | $  950.00 | $ 2,470.00 |
| **TOTAL HOURS AND FEES** | **59.20** | **$  684.50** | **$40,522.50** |

## SECTION IV:  EXPENSE SUMMARY

| Expenses | Amount |
|---|---|

No Expenses Requested[1]                    $0.00

**TOTAL**                                   **$0.00**

---

[1]        Steven Hall did not charge for any expenses during the compensation period.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

### FIFTH FEE AND EXPENSE APPLICATION OF STEVEN HALL & PARTNERS, LLC AS COMPENSATION AND EMPLOYMENT AGREEMENT ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Pursuant to sections 330 and 503(b)(1)(A) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines" collectively with the Local Guidelines, the "Guidelines"), Steven Hall & Partners, LLC ("Steven Hall"), as Compensation and Employment Agreement Advisors to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation and its debtor affiliates (collectively, the "Debtors"), respectfully submits this fifth application (the "Application") for allowance of compensation totaling $40,522.50, incurred during the period from February 1, 2007 through May 31, 2007 (the "Compensation Period").

In support of this Application, Steven Hall respectfully represents as follows:

## Background

1.      On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional Debtors filed voluntary petitions.  The Debtors are continuing in possession of their property and are operating their businesses, as a debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      The Committee was appointed in these cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.

3.      On December 2, 2005, the Official Committee of Unsecured Creditors' filed that certain Application to Retain, Employ and Compensate Steven Hall, LLC as Compensation and Employment Agreement Advisor for the Official Committee of Unsecured Creditors (the "Retention Application").  On January 10, 2006, this Court entered an order approving the retention of Steven Hall, *nunc pro tunc* to November 7, 2005.

4.      By Order dated November 4, 2005 (the "Administrative Order"), the Court established a procedure for interim compensation and reimbursement of expenses for all professionals in these cases.  In particular, the Administrative Order provides that, absent objection, upon the expiration of twenty days after the service of monthly fee statements, the Debtors are authorized to pay each professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in their respective monthly fee statements.

5.      Pursuant to the Administrative Order, Steven Hall has served monthly fee statements in these cases for the months of November 2005 through May 2007 (collectively, the "Monthly Statements").  To date, the Debtors have paid Steven Hall $1,006,544.50 in fees

2

incurred throughout its retention period, of which $32,418 represent fees related to this Compensation Period.

6.      By this Application, Steven Hall seeks interim allowance of compensation incurred during the Compensation Period and reflected in Steven Hall's Monthly Statements. Steven Hall also seeks payment of all outstanding holdbacks owing with respect to the Monthly Statements.

7.      The supervisory responsibility for Steven Hall's efforts on behalf of the Committee has been undertaken by Pearl Meyer, the Senior Managing Director of Steven Hall.

### Summary of Services Performed During the Compensation Period

8.      As is reflected in the attached Cover Sheet for the Application (the "Cover Sheet"), Steven Hall has rendered 59.20 hours of compensation advisory services in representation of the Committee during the Compensation Period.  Based upon the nature of the services rendered, the time required to provide such services, the value of such services to the Committee, and the cost of comparable services in non-bankruptcy cases, Steven Hall believes that the allowed compensation for services rendered to the Committee should be not less than $40,522.50.  This total represents 59.20 hours of Steven Hall's professional time, at a blended average hourly rate of $684.50.  The hourly rate for each professional who performed services for the Committee during the Compensation Period is set forth in the Cover Sheet.

9.      In accordance with the Local Guidelines, a detailed chronological narrative of the time spent, the dates and descriptions of the services rendered, and the identity of the professionals who provided services on behalf of the Committee during the Compensation Period is attached hereto as Exhibit A (the "Billing Detail," which is incorporated herein by reference).[1]

---

[1]      Section III of the Cover Sheet contains a summary of Steven Hall's services organized by project category.

3

10.    Steven Hall respectfully supplements the Billing Detail with the following

summary of services it performed during the Compensation Period.

a.    Advice to the Committee with respect to executive compensation, Key
Employee Compensation Plans (KECPs), annual incentives and employment
agreements;

b.    Advice to Latham & Watkins, as attorneys for the Committee with respect
to executive compensation, KECPs, annual incentives, Change in Control
agreements, Change in Control estimated costs and employment agreements;

c.    Research regarding officer compensation, design and cost of KECPs in
other comparable bankruptcies;

d.    Research regarding officer compensation, design and cost of
compensation programs in other comparable companies; and

e.    Preparation for and attendance at meetings with the Committee and
Creditors' Sub-Committee.

Steven Hall rendered a total of 56.20 hours and $38,052.50 related to these compensation and

employment agreement advisory services.

11.    Additionally, with respect to administrative matters during the Compensation

Period, Steven Hall rendered a total of 2.60 hours and $2,470.00 in services related to preparing

monthly fee statements and the second interim fee application.

## Steven Hall's Charges

12.    Steven Hall's hourly rates and fees charged are consistent with the market rate for

comparable services by comparable professionals.  The hourly rates and fees charged by Steven

Hall are the same as those generally charged to, and paid by, Steven Hall's other clients.  Indeed,

unlike fees paid by most of Steven Hall's clients, due to the "holdback" of fees and the delays

inherent in the fee application process, the present value of the fees paid to Steven Hall by the

Debtors is less than fees paid monthly by other of Steven Hall's clients.  All hours expended by

Steven Hall were absolutely necessary.  Steven Hall believes that the Billing Detail reflects the

4

actual, fair and reasonable value of the professional expertise provided to the Committee during the Compensation Period.

## Disbursements

13.     Steven Hall did not charge for any expenses in connection with service as advisor to the Committee during the Compensation Period.  Steven Hall does not build a profit component into its disbursements, and has not charged for Steven Hall's actual out-of-pocket expenses.

## Certification

14.     As required by the Guidelines, a certification that the facts set forth in this Application are true and correct, and that this Application complies with the Guidelines, is attached hereto as Exhibit "B."

## Steven Hall is a Disinterested Person and Holds No Adverse Interest

15.     All professional services and expenses for which allowance is requested in this Application were performed by Steven Hall on behalf of the Committee and not on behalf of any other entity or person.  As set forth in the Affidavit of Pearl Meyer of Steven Hall & Partners Pursuant to Sections 329, 504 and 1103 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, which was previously filed by Steven Hall in these cases:  (a) Steven Hall holds neither a claim against, nor an interest in, the Debtors, and no beneficial interest in the Debtors, directly or indirectly, has been acquired or transferred by Steven Hall or for Steven Hall's benefit since the commencement of these cases, (b) Steven Hall represents no interest adverse to the Debtors with respect to matters upon which it is engaged, and (c) Steven Hall is a "disinterested person" under section 101(14) of the Bankruptcy Code.

NY\1128823.2                                                                                                                              07-30-2007

16.     No agreement or understanding exists between Steven Hall and any other person

or entity for the sharing of compensation received or to be received for services rendered in

connection with these proceedings.

### Reservation of Rights

17.     To the extent that charges for services rendered during the Compensation Period

are inadvertently excluded from this Application for any reason, Steven Hall hereby reserves the

right to request approval and payment of such charges in future fee applications

6

WHEREFORE, Steven Hall respectfully requests that this Court enter an order: (a) allowing Steven Hall's request for compensation in the sum of $40,522.50 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Compensation Period, and (b) directing the Debtors to pay to Steven Hall the full amount of such compensation to the extent not already paid.

Dated: New York, New York
      July 30, 2007

STEVEN HALL & PARTNERS, LLC

/s/ *Pearl Meyer*

Pearl Meyer
645 Fifth Avenue
New York, New York 10022
Tel:  (212) 488-5400
Fax:  (212) 888-8706
Email: pmeyer @shallpartners.com

Compensation and Employment Agreement
Advisor for the Official Committee of
Unsecured Creditors

7

**EXHIBIT A**

**Billing Detail**

NY\1128823.2                                                                                        07-30-2007



Summary of Fee Statement for Fifth Fee Application - Delphi Corporation

| Staff Member | Title | February 2007 | March 2007 | April 2007 | May 2007 | Total No. of Hours | Hourly Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| Pearl Meyer | Senior Managing Director | 10.10 | 8.60 | 0.00 | 0.00 | 18.70 | $950 | $ 17,765.00 |
| Joseph Sorrentino | Managing Director | 23.20 | 10.00 | 0.00 | 0.00 | 33.20 | $625 | $ 20,750.00 |
| Ross Adler | Associate | 7.30 | 0.00 | 0.00 | 0.00 | 7.30 | $275 | $ 2,007.50 |
| | Totals: | 40.60 | 18.60 | 0.00 | 0.00 | 59.20 | | $ 40,522.50 |



Detail of Work Performed - Delphi Corporation

| Staff Member | Date | Description | No. of Hours |
|---|---|---|---|
| Pearl Meyer | 2/11/07 | Evaluate competitiveness of Debtor current cash and total remuneration at various payouts/performance levels | 2.30 |
| Pearl Meyer | 2/12/07 | Evaluate AIP payouts at various performance levels | 2.20 |
| Pearl Meyer | 2/13/07 | Attend meeting with Debtor and Creditor Committee representatives re: 2006 and 2007 AIP | 1.80 |
| Pearl Meyer | 2/21/07 | Conference call with Latham & Watkins re: 2006 AIP payouts | 0.80 |
| Pearl Meyer | 2/23/07 | Conference call with Debtor re: alternative 2007 AIP payout curves | 0.80 |
| Pearl Meyer | 2/27/07 | Review alternatives under consideration re: 2007 AIP payout curves | 1.30 |
| Pearl Meyer | 2/28/07 | Review of invoice and fee statement for January 2007 | 0.90 |
| Joseph Sorrentino | 2/12/07 | Analyze Delphi DSB compensation under various AIP performance assumptions | 2.10 |
| Joseph Sorrentino | 2/13/07 | Attend meeting with Debtor and Creditor Committee representatives re: 2006 and 2007 AIP | 4.50 |
| Joseph Sorrentino | 2/14/07 | Review proposed 2007 AIP | 1.80 |
| Joseph Sorrentino | 2/15/07 | Analyze CIC scenarios at request of Latham & Watkins | 1.40 |
| Joseph Sorrentino | 2/21/07 | Conference call with Latham & Watkins re: 2006 AIP payouts | 0.80 |
| Joseph Sorrentino | 2/23/07 | Conference call with Debtor re: proposed 2007 AIP | 0.80 |
| Joseph Sorrentino | 2/26/07 | Analyze and model alternative 2007 AIP payout curves | 4.30 |
| Joseph Sorrentino | 2/26/07 | Review Latham & Watkins CIC assumptions and calculations memo and exhibits | 1.20 |
| Joseph Sorrentino | 2/27/07 | Review revised 2007 AIP payout curves | 2.70 |
| Joseph Sorrentino | 2/28/07 | Revise alternative 2007 AIP payout curves | 3.60 |
| Ross Adler | 2/12/07 | Marketpricing compensation analyses | 1.20 |
| Ross Adler | 2/15/07 | Answer Latham & Watkins CIC questions from 1/30/07 | 3.30 |
| Ross Adler | 2/27/07 | Review Latham & Watkins CIC draft and calculate missing information | 2.80 |
| Pearl Meyer | 3/2/07 | Review Debtor revised 2007 financials, AIP target and yield curve | 1.90 |
| Pearl Meyer | 3/7/07 | Conference call with UCC members and Latham & Watkins re: 2007 AIP design | 1.30 |
| Pearl Meyer | 3/9/07 | Review proposed and alternative 2007 AIP curves | 0.80 |
| Pearl Meyer | 3/12/07 | Conference call with UCC re: proposed 2007 AIP design | 1.10 |
| Pearl Meyer | 3/14/07 | Evaluate and advise Latham & Watkins re: revised 2007 AIP design filed by Debtor | 1.80 |
| Pearl Meyer | 3/28/07 | Preparation of fourth interim fee application | 1.10 |
| Pearl Meyer | 3/30/07 | Review of invoice and fee statement for February 2007 | 0.60 |
| Joseph Sorrentino | 3/7/07 | Conference call with UCC members and Latham & Watkins re: 2007 AIP design | 1.30 |
| Joseph Sorrentino | 3/7/07 | Analyze design of alternative 2007 AIP payout curves | 2.40 |
| Joseph Sorrentino | 3/9/07 | Conference call with Mesirow re: first half 2007 financial projections | 0.80 |
| Joseph Sorrentino | 3/9/07 | Revise proposed and alternative 2007 AIP curves | 1.90 |
| Joseph Sorrentino | 3/12/07 | Conference call with UCC re: proposed 2007 AIP design | 1.10 |
| Joseph Sorrentino | 3/14/07 | Review revised 2007 AIP design as filed by Debtor at request of Latham & Watkins | 2.50 |

**Total Hours:**    **59.20**

**EXHIBIT B**

**<u>Certification</u>**

9

NY\1128823.2

07-30-2007

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

In re:                                              )          Chapter 11
                                                    )
    DELPHI CORPORATION, et al.,            )          Case No. 05-44481 (RDD)
                                                    )
           Debtors.              )
                                                    )          Jointly Administered
_____)

### CERTIFICATION WITH RESPECT TO FIFTH FEE AND EXPENSE APPLICATION OF STEVEN HALL & PARTNERS, LLC AS COMPENSATION AND EMPLOYMENT AGREEMENT ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Pearl Meyer, a Senior Managing Director at Steven Hall & Partners, LLC ("Steven Hall"), the Compensation and Employment Agreement Advisors to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation and its debtor affiliates (collectively, the "Debtors"), in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines," and collectively with the Local Guidelines, the "Guidelines"), hereby certifies as follows:

1.      I have reviewed the Fifth Fee and Expense Application of Steven Hall & Partners, LLC as Compensation and Employment Agreement Advisor for the Official Committee of Unsecured Creditors (the "Application"), for the period commencing February 1, 2007 through May 31, 2007 (the "Compensation Period"), which seeks approval of certain fees incurred by

Steven Hall as compensation and employment agreement advisors to the Committee in connection with the above captioned chapter 11 cases.

As required by Section B. 1 of the Local Guidelines, I certify that:

(a)        I have read the Application;

(b)        to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines;

(c)        the fees sought are charged in accordance with practices customarily employed by Steven Hall and generally accepted by Steven Hall's clients; and

(d)        in providing a reimbursable service, Steven Hall does not make a profit on that service, whether the service is performed by Steven Hall in-house or through a third party.

2.        As required by Section B. 2 of the Local Guidelines, I certify that, to the best of my knowledge and belief, all of Steven Hall's Monthly Statements were sent to the members of the Committee, the Debtors and the Office of the United States Trustee for the Southern District of New York, among others, not later than 20 days after the end of the month to which each Monthly Statement applied.

3.       As required by Section B. 3 of the Local Guidelines, I certify that, to the best of my knowledge and belief, the members of the Committee, the Debtors and the Office of the United States Trustee for the Southern District of New York, among others, will each be provided with a copy of the Application at least ten (10) days in advance of the hearing to consider the Application.

I certify the foregoing to be true and correct.

Dated: July 30, 2007
        New York, New York

_____
Pearl Meyer