Hearing Date: August 16, 2007, at 10:00 a.m. (EST)
Objection Deadline: August 7, 2007 at 4:00 p.m. (EST)

WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
David Wilson (DW-3940)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation;
Special Counsel to Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :
        In re                                    :    Chapter 11
                                                 :
DELPHI CORPORATION, et al.,                      :    Case No. 05-44481 (RDD)
                                                 :
                           Debtors.              :    (Jointly Administered)
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - x

## FIFTH INTERIM APPLICATION OF WILMER CUTLER PICKERING HALE AND DORR LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND EXPENSES INCURRED FROM FEBRUARY 1, 2007 THROUGH MAY 31, 2007

| Name of Applicant: | Wilmer Cutler Pickering Hale and Dorr LLP | | |
|---|---|---|---|
| Authorized to Provide Professional Services to: | **Audit Committee of the Board of Directors of Delphi Corporation** | **Delphi Corporation** | |
| Date of Retention Order: | December 2, 2005 (effective as of October 8, 2005) | January 18, 2007 (effective November 1, 2006) | |
| Period for Which Compensation and Reimbursement is Sought: | February 1, 2007 – May 31, 2007 | February 1, 2007 – May 31, 2007 | |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $30,980.50 | $16,754.00 | $47,734.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $600.65 | | $600.65 |

| | | | |
|---|---|---|---|
| Amount of Compensation Previously Received or Expected: | $24,784.40 | $13,403.20 | $38,187.60 |
| Amount of Expense Reimbursement Previously Received: | $ 600.65 | | $600.65 |
| **Total Amount Sought By This Application:** | **$31,581.15** | **$16,754.00** | **$48,335.15** |

Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), special regulatory counsel

for the Audit Committee (the "Audit Committee") of the Board of Directors (the "Board") of

Delphi Corporation ("Delphi" and, together with the other debtors in the above-captioned

proceedings, the "Debtors"), and special counsel to Delphi Corporation, as and for WilmerHale's

fifth interim application, pursuant to Section 330(a) of title 11 of chapter 11 of the United States

Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for the allowance of compensation for professional services rendered and

for reimbursement of expenses incurred in connection with such services for the period from

February 1, 2007, through May 31, 2007 (the "Application Period"), respectfully represents:

### Background

1.        In 2004, as previously disclosed by Delphi, the Securities and Exchange

Commission ( the "SEC") and other authorities began investigating Delphi's accounting and

adequacy of disclosures for a number of transactions (the "SEC Investigation").  The transactions

being investigated include transactions in which Delphi received rebates or other lump-sum

payments from suppliers, certain off-balance sheet financings of indirect materials and inventory,

and the payment in 2000 of $237 million in cash, and the subsequent receipt in 2001 of

$85 million in credits, as a result of certain settlement agreements entered into between Delphi

and General Motors Corporation.

2

2.        The Audit Committee undertook to examine the circumstances giving rise to
the SEC Investigation and to take appropriate actions with respect thereto, including disciplinary
actions and communicating with the SEC and other authorities.  In 2004, the Company retained
WilmerHale to represent the Audit Committee for these purposes.  In connection with the SEC
Investigation, WilmerHale has reviewed documents, interviewed relevant personnel, advised the
Audit Committee and the Board, communicated with the SEC and other authorities, and
performed related tasks.

3.        On October 8, 2005 (the "Petition Date"), Delphi and certain other of the
Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The
Debtors continue to operate their businesses and manage their  properties as debtors in
possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.        On November 9, 2005, the Debtors filed an application (the "November 9,
2005 WilmerHale Application") seeking authority under Section 327(e) of the Bankruptcy Code
to employ WilmerHale as special regulatory counsel to the Audit Committee with respect to the
SEC Investigation, effective as of the Petition Date, in accordance with the terms set forth in the
Declaration and Disclosure Statement of Charles Davidow, a partner of WilmerHale, and an
engagement letter between Wilmerhale and Delphi, submitted in support of the WilmerHale
Application.  The November 9, 2005 WilmerHale Application was approved under an order of
the Court entered on December 2, 2005.

5.        On December 26, 2006, the Debtors submitted a Retention Application (the
"December 26, 2006 WilmerHale Application") for authorization to employ and retain
WilmerHale to provide Delphi with legal advice in connection with the preparation and filing of
Delphi's annual report, executive compensation, and related disclosure matters.  On January 18,

2007, the Court entered an order granting that Application.

### Jurisdiction and Venue

6.          This Court has jurisdiction to consider this Application pursuant to 28 U.S.C.

§§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the

District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Compliance With Guidelines and Orders Governing
### Applications for Compensation and Reimbursement of Expenses

7.          This Application has been prepared in accordance with (i) the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), and the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the

"UST Guidelines" and, collectively with the Local Guidelines, the "Guidelines"); (ii) the Order

Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement

of Expenses of Professionals in these cases, entered on November 4, 2005, as supplemented (the

"Interim Compensation Order"); and (iii) the Order Approving Joint Interest Agreement

Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective

Order, and Approving Procedures to Protect Information in Fee Statements, entered on April 18,

2006 (the "Joint Interest Order" and, together with the Interim Compensation Order, the "Fee

Application Orders").  The certification of David Wilson, as required under the Local

Guidelines, is attached hereto as **Exhibit A**.

## Summary of Application

8.      WilmerHale seeks interim allowance of compensation for professional

services rendered to the Audit Committee during the period of February 1, 2007 through May 31,

2007, in the aggregate amount of $47,734.50, and for reimbursement of expenses incurred in

connection with the rendition of WilmerHale's services during the Application Period in the

aggregate amount of $600.65, for a total award of $48,335.15. During the Application Period,

WilmerHale attorneys and paraprofessionals expended a total of 110.7 hours for which

compensation is requested, at a blended average hourly rate of $431.21. WilmerHale attorneys

expended a total of 83.7 hours during the Application Period for which compensation is

requested, at a blended hourly rate for attorneys only of $518.91.

9.      WilmerHale is only seeking compensation for services rendered to the Audit

Committee and to Delphi Corporation as described herein and in the WilmerHale Application.

## Payments Previously Sought And Received By Counsel

10.     On May 1, 2006, WilmerHale filed its First Interim Application For

Allowance Of Compensation For Services Rendered And Expenses Incurred From October 8,

2005 Through January 31, 2006 [Docket No. 3549]. Pursuant to discussions with the Joint Fee

Review Committee, WilmerHale voluntarily agreed to a reduction of compensation by

$2,500.00.

11.     On July 31, 2006, WilmerHale filed its Second Interim Application For

Allowance Of Compensation For Services Rendered And Expenses Incurred From February 1,

2006 Through May 31, 2006 [Docket No. 4739]. Pursuant to discussions with the Joint Fee

Review Committee, WilmerHale voluntarily agreed to a reduction of compensation by

$2,500.00.

12.    On November 30, 2006, WilmerHale filed its Third Interim Application For Allowance Of Compensation For Services Rendered And Expenses Incurred From June 1, 2006 through September 30, 2006 [Docket No. 5994]. Pursuant to discussions with the Joint Fee Review Committee, WilmerHale voluntarily agreed to a reduction of compensation by $2,500.00.

13.    On February 15, 2007, the Court granted WilmerHale's First, Second, and Third Interim Applications [Docket Nos. 6986, 6997, 7019].

14.    On March 29, 2007, WilmerHale filed its Fourth Interim Application For Allowance Of Compensation For Services Rendered And Expenses Incurred From October 1, 2006 through January 31, 2007 [Docket No. 7472]. Pursuant to discussions with the Joint Fee Review Committee, WilmerHale voluntarily agreed to a reduction of compensation by $8,000.

15.    On June 27, 2007, the Court granted WilmerHale's Fourth Interim Application [Docket No. 8450].

16.    As authorized under the Fee Application Orders, WilmerHale timely submitted fee statements for the periods of (ii) February 1, 2007 through February 28, 2007, (ii) March 1, 2007 through March 31, 2007, (iii) April 1, 2007 through April 30, 2007, and (iv) May 1, 2007 through May 31, 2007. No objections have been received with respect to any of these monthly fee statements. The tables below summarize the compensation for professional services and reimbursement of expenses that WilmerHale has sought and received (or expects to receive) with respect to services provided and expenses incurred during the Application Period:

For Services Performed for the Audit Committee:

| Period | Fees Sought | Fees Received or Expected (80%) | Unpaid Fees (20%) | Expenses Sought | Expenses Received or Expected | Unpaid Expenses |
|---|---|---|---|---|---|---|
| February 1 thru February 28, 2007 | 3,481.50 | 2,785.20 | 696.30 | 166.00 | 166.00 | 0.00 |
| March 1 thru March 31, 2007 | 10,111.00 | 8,088.80 | 2,022.20 | 166.66 | 166.66 | 0.00 |
| April 1 thru April 30, 2006 | 8,081.50 | 6,465.20 | 1,616.30 | 34.43 | 34.43 | 0.00 |
| May 1 thru May 31, 2007 | 9,306.50 | 7,445.20 | 1,861.30 | 233.56 | 233.56 | 0.00 |
| **TOTALS** | **30,980.50** | **24,784.40** | **6,196.10** | **600.65** | **600.65** | **0.00** |

For Services Performed for Delphi Corporation:

| Period | Fees Sought | Fees Received or Expected (80%) | Unpaid Fees (20%) | Expenses Sought | Expenses Received or Expected | Unpaid Expenses |
|---|---|---|---|---|---|---|
| February 1 thru February 28, 2007 | 16,754.00 | 13,403.20 | 3,350.80 | N/A | N/A | N/A |
| March 1 thru March 31, 2007 | N/A | N/A | N/A | N/A | N/A | N/A |
| April 1 thru April 30, 2007 | N/A | N/A | N/A | N/A | N/A | N/A |
| May 1 thru May 31, 2007 | N/A | N/A | N/A | N/A | N/A | N/A |
| **TOTALS** | **16,754.00** | **13,403.20** | **3,350.80** | **N/A** | **N/A** | **N/A** |

Grand Totals

| | Fees Sought | Fees Received or Expected (80%) | Unpaid Fees (20%) | Expenses Sought | Expenses Received or Expected | Unpaid Expenses |
|---|---|---|---|---|---|---|
| **TOTALS** | **$47,734.50** | **$38,187.60** | **$9,546.90** | **$600.65** | **$600.65** | **$0.00** |

17.    WilmerHale has computerized records of the time spent by all WilmerHale

attorneys and paraprofessionals in connection with its special retention.  For the convenience of

the Court and all parties in interest, a schedule setting forth the number of hours expended during

the Application Period by each of the partners, counsel, associates, and paraprofessionals of

Wilmerhale who rendered services to the Audit Committee and to Delphi Corporation, their

respective hourly rates, and the year of first bar admission for each WilmerHale attorney is

attached hereto as **Exhibit B**.  A schedule specifying the actual and necessary out-of-pocket

expenses during the Application Period for which WilmerHale is seeking reimbursement, and the

total amount for each such expense category, is attached as **Exhibit C**.  Pursuant to Section II.D

of the UST Guidelines, a schedule setting forth a description of the project categories utilized by

WilmerHale for this case during the Application Period, the number of hours expended by the

partners, associates, and paraprofessionals by project category, and the aggregate fees associated

with each project category, is attached hereto as **Exhibit D**.

18.    A schedule setting forth the time records of WilmerHale attorneys and

paraprofessionals during the Application Period is attached as **Exhibit E**.  In accordance with the

Fee Application Orders, the time entries listed in Exhibit E have been redacted to remove

"Confidential Time Records" (as defined in the Joint Interest Order).  WilmerHale filed an

unredacted version of Exhibit E under seal, and provided copies thereof to all "Designated

Recipients," as defined in the Joint Interest Order.

### Professional Services Provided By WilmerHale

19.    Delphi retained WilmerHale in August 2004 to conduct an investigation

arising out of a subpoena Delphi received from the SEC.  The Audit Committee assumed control

of the investigation.  In addition to conducting an independent investigation, WilmerHale

advised the Audit Committee on appropriate actions with respect thereto, including disciplinary actions and communication with the SEC and other authorities.

20.     WilmerHale's ongoing representation of the Audit Committee includes communicating with the Debtors, the Board, the Audit Committee, counsel for the Special Committee that is investigating certain derivative claims, and the Official Committee of Unsecured Creditors (the "Creditors' Committee") in an effort to keep them apprised of critical issues related to the SEC Investigation, and related tasks. WilmerHale also assisted the Audit Committee during the Application Period with responses to questions and information requests from the SEC staff. On October 30, 2006, the SEC commenced and simultaneously settled with the Company a lawsuit alleging violations of federal securities laws. WilmerHale negotiated that settlement with the SEC.

21.     WilmerHale's representation of Delphi Corporation includes reviewing documents and preparing materials for Delphi's annual report, and advising Delphi on matters related to executive compensation and other disclosure matters.

22.     During the Application Period, WilmerHale also prepared and filed monthly fee statements and its interim fee application as required under the Fee Application Orders, and conducted an extensive supplemental review of its client records to identify WilmerHale's connections with the entities referenced in Bankruptcy Rule 2014(a) and to determine whether additional disclosures were appropriate.

## Disbursements

23.     As set forth in **Exhibit C** hereto, WilmerHale disbursed $600.65 as actual and necessary expenses incurred in providing professional services during the Application Period

24.     With respect to photocopying expenses, WilmerHale is charging $0.10 per

page, which is equal to or less than the rate WilmerHale typically charges its clients and is less

that the maximum rate set by the Guidelines.  Only clients who actually use services of the types

set forth in **Exhibit C** are separately charged for such service.  The effect of including such

expenses as part of the hourly billing rates would impose that cost upon clients who do not

require extensive photocopying and other facilities and services.  The amount of the standard

photocopying charge is intended to allow WilmerHale to cover the related expenses of its

photocopying service.  A determination of the actual expenses per page for photocopying,

however, is dependent on both the volume of copies and the total expenses attributable to photo-

copying on an annual basis.

     25.      None of the travel expenses of WilmerHale attorneys included herein were for

first-class airfare, luxury accommodations, or deluxe meals.

## The Requested Compensation Should Be Allowed

     26.      Section 330 provides that a court may award a professional employed under

section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services

rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C.  § 330(a)(1).

Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the
> court should consider the nature, extent, and the value of such services, taking
> into account all relevant factors, including ---

>    (A)    the time spent on such services;

>    (B)    the rates charged for such services;

>    (C)    whether the services were necessary to the administration of,
> or beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;

>    (D)    whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance, and nature

of the problem, issue, or task addressed; and

> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(3).

27.    In the instant case, WilmerHale respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors' reorganization efforts. WilmerHale further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

28.    During the Application Period it was critical that WilmerHale perform various services on behalf of the Audit Committee in connection with the SEC Investigation, including reviewing, analyzing, and producing documents, responding to questions and providing information to the SEC staff and other authorities, advising the Audit Committee and the Board with respect to the same, providing information to the Creditors' Committee and the Special Committee of the Board that is charged with investigating certain derivative claims, and performing related tasks. Similarly, WilmerHale's work for Delphi on its annual report, executive compensation, and related disclosure matters was crucial to the company's ongoing business operations.

29.    The services rendered by WilmerHale were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Approval of the compensation sought herein is warranted.

## Statements of WilmerHale

30.      The compensation requested by WilmerHale is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

31.      No agreement or understanding exists between WilmerHale and any other person for a sharing of compensation received or to be received for services rendered in or in connection with these Chapter 11 cases, nor shall WilmerHale share or agree to share the compensation paid or allowed from the Debtors' estates for such services with any other person. The foregoing, as supplemented by the Certification of David Wilson, attached hereto as **Exhibit A**, constitutes the statement of WilmerHale pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

32.      No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by WilmerHale.

## Waiver of Memorandum of Law

33.      Pursuant to Local Bankruptcy Rule 9013-1(b), because there are no novel issues of law presented by this Application, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Application.

## Notice

34.      This Application is being filed and service in accordance with the Fee Application Orders.

WHEREFORE, WilmerHale respectfully requests: (i) interim allowance of compensation for professional services rendered as special regulatory counsel for the Audit Committee and as special counsel to Delphi Corporation in the amount of $47,734.50 in fees for the Application Period; (ii) the reimbursement of actual and necessary disbursements incurred by WilmerHale on behalf of the Audit Committee during the Application Period in the amount of $600.65; and (iii) such other and further relief as is just.

Dated: Washington, D.C.
     July 31, 2007

Respectfully submitted,

WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
David Wilson (DW-3940)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation; Special Counsel
to Delphi Corporation

  /s/ David Wilson
David Wilson (DW-3940)

# EXHIBIT A
## Certification of David Wilson

Hearing Date: August 16, 2007, at 10:00 a.m. (EST)
Objection Deadline: August 7, 2007 at 4:00 p.m. (EST)

WILMER CUTLER PICKERING HALE
 AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
Charles Davidow (CD-7297)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :
    In re                          :    Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :    Case No. 05-44481 (RDD)
                                                   :
              Debtors.   :    (Jointly Administered)
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATION OF DAVID WILSON

    I, David Wilson, certify as follows:

    1.    I am a partner in the law firm of Wilmer Cutler Pickering Hale and Dorr LLP

("WilmerHale"). I submit this certification with respect to the application (the "Application")[1]

of WilmerHale as special regulatory counsel for the Audit Committee of the Board of Directors

of Delphi Corporation in the above-captioned cases for interim allowance of compensation for

professional services rendered and for reimbursement of actual and necessary expenses incurred

during the period of February 1, 2007 through May 31, 2007.

    2.    I make this certification in accordance with General Order M-151, Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
Application.

Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of New York on April 19, 1995 (the "Local Guidelines").

    3.    In connection therewith, I hereby certify that:

    (a) I have read the Application;

    (b) To the best of my knowledge, information, and belief formed after reasonable inquiry, the professional fees and disbursements sought in the Application fall within the Local Guidelines and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines");

    (c) Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought in the Application are billed at rates customarily employed by WilmerHale and generally accepted by WilmerHale's clients;

    (d) In providing a reimbursable service, WilmerHale does not make a profit on that service, whether the service is performed by WilmerHale in-house or through a third party; and

    (e) Pursuant to the Guidelines and the Fee Application Orders, each of the following parties has been served with a copy of the Application containing unredacted Confidential Time Entries (as defined in the Joint Interest Order), simultaneously with the filing thereof under seal: the Debtors and their counsel; the U.S. Trustee; counsel to the Creditors Committee; and any other Designated Recipients (as defined in the Joint Interest Order).

      (f)  Copies of the Application have been filed and served upon certain other

parties in interest in accordance with the procedures specified in the Fee Application Orders.

Dated:  Washington, D.C.
      July 31, 2007

                              /s/ David Wilson
                              David Wilson

## EXHIBIT B
### FEE TOTALS BY PROFESSIONAL

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WilmerHale's "Confidential Time Records" and other detailed information has been redacted from this filing. An unredacted version of this Exhibit B has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order. A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

## <u>EXHIBIT C</u>
### EXPENSE TOTALS

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WilmerHale's "Confidential Time Records" and other detailed information has been redacted from this filing.  An unredacted version of this Exhibit C has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order.  A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

## EXHIBIT D
### HOURS BILLED BY PROJECT CATEGORY

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WilmerHale's "Confidential Time Records" and other detailed information has been redacted from this filing.  An unredacted version of this Exhibit D has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order.  A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

## EXHIBIT E
### DETAILED TIME ENTRIES

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WilmerHale's "Confidential Time Records" and other detailed information has been redacted from this filing.  An unredacted version of this Exhibit E has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order.  A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.