**Objection Deadline: October 18, 2007 at 4:00 p.m.**
**Hearing Date & Time: October 25, 2007 at 10:00 a.m.**

James K. Robinson
Jeannine F. D'Amico
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W. Suite 1100
Washington, D.C. 20004
Telephone:    (202) 862-2200
Facsimile:    (202) 862-2400

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **DELPHI CORPORATION,** *et al.* | : | **Case No. 05-44481 (RDD)** |
| | : | **(Jointly Administered)** |

--------------------------------------------------------------x

## FIFTH APPLICATION OF CADWALADER, WICKERSHAM AND TAFT LLP AS ATTORNEYS FOR THE DEBTORS FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES <u>INCURRED FROM FEBRUARY 1, 2007 THROUGH MAY 31, 2007</u>

Cadwalader, Wickersham & Taft LLP, attorneys for the Audit Committee of Delphi Corporation, as debtors and debtors in possession, for its fifth application pursuant to sections 330(a) and 331 of title 11, United States Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure for the interim allowance of compensation for professional services performed by Cadwalader for the period commencing February 1, 2007 through and including May 31, 2007 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

1.    This Application has been prepared in accordance with the Amended Guidelines

for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy

Cases adopted by the Court on April 19, 1995, the United States Trustee Guidelines for

Reviewing Application for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 adopted on January 30, 1996, and the Order Under 11 U.S.C. § 331 Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered

on November 4, 2005, as modified by supplemental orders and the Order Approving Joint

Interest Agreement Between Debtors and Official Committee of Unsecured Creditors,

Implementing Protective Order, and Approving Procedures To Protect Information in Fee

Statements, entered on April 18, 2006 (the "April 18 Order").    Pursuant to the Court's

Guidelines, a certification regarding compliance with these Guidelines and Orders is attached

hereto as "Exhibit A."

2.    Cadwalader seeks allowance of interim compensation for professional services

rendered to the Debtors during the Compensation Period, in the aggregate amount of $2,884.18,

and for reimbursement of expenses incurred in connection with the rendition of such services in

the aggregate amount of $158.47.

3.    Cadwalader has provided the Fee Committee (beginning with the July 26, 2006

bill) and the Notice Parties under the Interim Compensation Order, as modified by the April 18,

2006 Order, with monthly fee statements for professional services rendered and expenses

incurred on behalf of the Debtors, along with detailed reports of time entries and expenses.    In

each statement, Cadwalader requested that the Debtors pay it 80% of its fees for professional

services and 100% of the expenses.    By this Application, Cadwalader requests the release of the

20% holdback of fees for professional services rendered during the Compensation Period. The Debtors, through their counsel, has approved the filing of this Application.

4.    During the Compensation Period, Cadwalader has received no payment nor has it received any promises of payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Cadwalader and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

5.    The fees charged by Cadwalader in these cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. The rates Cadwalader charges for the services rendered by its professionals in these chapter 11 cases are less than the rates Cadwalader charges for professional services rendered in comparable nonbankruptcy related matters. Specifically, consistent with its pre-petition billing practices with respect to the Debtors, Cadwalader agreed to discount its fees 10% and to maintain the previous year's hourly billing rates through April 30 of this year and then to raise its rates to the generally applicable billing rates with the concurrence of the Debtor. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national market. In addition, Cadwalader agreed to limit the professionals working on this matter to one partner and one special counsel, to be replaced by one associate.[1] Further, during this period, a paralegal and a clerk assisted with the filing of the previous fee application.

---

[1] Philip Urofsky is no longer with the firm Cadwalader, Wickersham & Taft LLP; therefore, Jeannine F. D'Amico was admitted on July 9, 2007.

6.      Pursuant to the U.S. Trustee's Guidelines, annexed hereto as Exhibit "B" is a schedule setting forth all Cadwalader professionals who have performed services in these chapter 11 cases during the Compensation Period, the capacity in which each individual is employed by Cadwalader, the hourly billing rate charged by Cadwalader for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, and the year in which each professional was first licensed to practice law.

7.      Attached hereto as Exhibit "C" is a schedule specifying the categories of expenses for which Cadwalader is seeking reimbursement and the total amount for each such expense category.

8.      Pursuant to the U.S. Trustee's Guidelines, annexed hereto as Exhibit "D" is a summary of Cadwalader's time records billed during the Compensation Period.

9.      Cadwalader maintains computerized records of the time spent by all Cadwalader professionals in connection with its representation of the Debtor's Audit Committee. As all of Cadwalader's work on behalf of the Debtor is related to the government investigations, all of its computerized records are "Confidential Time Records" under the Court's Order of April 18, 2006. Subject to redaction for the attorney-client privilege where necessary to protect the Debtors' estate, copies of these Confidential Time Records have been furnished to the U.S. Trustee, the Debtors, and attorneys for the Official Committee of Unsecured Creditors in the format specified by the U.S. Trustee's Guidelines and, pursuant to the Court's Order of April 18, 2006, have been filed under seal with the Court.

10.      To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the

-4-

preparation of this Application, Cadwalader requests the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## BACKGROUND

11.    On October 10, 2005, each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  Each debtor is continuing to operate it business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

12.    On October 17, 2005, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed the Committee.  No trustee or examiner has been appointed.

13.    Pursuant to an Order of the Court, dated March 9, 2006, the Debtors were authorized to retain Cadwalader *nunc pro tunc* as their attorneys to render legal services in connection with pending government investigations and inquiries involving the Debtors.

## SUMMARY OF SERVICES

14.    During the Compensation Period, Cadwalader rendered substantial professional services to assist the Debtors in connection with the pending government investigations and inquiries.

15.    In particular, Cadwalader provided advice and assistance in connection with meetings and correspondence with the government investigators, developing strategy in connection with the government investigations, and in responding to requests from the government for documents and other information.

16.    The foregoing services were necessary and appropriate. The professional services of Cadwalader were in the best interests of the Debtors and the other parties in interest. Compensation for the foregoing services, as requested, is commensurate with the complexity,

importance, and nature of the problems, issues, or tasks involved. The professional services were performed in an expeditious and efficient manner.

17.    These services were solely performed by members of Cadwalader's Business Fraud and Complex Litigation Group. Cadwalader's Business Fraud and Complex Litigation Group has a preeminent practice and enjoys a national and international reputation for its expertise in representing companies in connection with government investigations.

18.    The professional services performed by Cadwalader on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 4 recorded hours by a Cadwalader member and one of its special counsel and 1.84 recorded hours by a paralegal and a clerk relating to the preparation and filing of its previous fee application. No other professionals or paraprofessionals were involved in providing services to the Debtors.

19.    During the Compensation Period, Cadwalader's billing rate for the partner was $652.50, for the special counsel was $495.00, for the paralegal was $184.50, and for the clerk was $157.50. As noted, attached hereto is a schedule listing both professionals, their hourly rates, and the aggregate number of hours and charges by each of the professionals.

## ACTUAL AND NECESSARY DISBURSEMENTS OF CADWALADER

20.    As set forth in Exhibit "C" hereto, Cadwalader has disbursed $158.47 as expenses incurred in providing professional services during the Compensation Period. With respect to photocopying expenses, Cadwalader has charged Delphi $.10 per page. With respect to facsimile expenses, in compliance with the Guidelines, Cadwalader does not charge more than $1.25 per page. Each of these categories of expenses does not exceed the maximum rate set by the Guidelines. These charges are intended to cover Cadwalader's direct operating costs, which costs are not incorporated into the Cadwalader hourly billing rates. Only clients who actually

use services of the types set forth in Exhibit "C" are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow Cadwalader to cover the related expenses of its photocopying service. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

21.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity,

importance, and nature of the problem, issue, or task addressed; and

> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

22.    In the instance case, Cadwalader respectfully submits that the services for which it seeks compensation in this Application were necessary for, and beneficial in, the Debtors' efforts to reorganize their estates.    The tenor of the professional services that Cadwalader rendered were focused on providing a prompt and reasonable resolution of the investigations being conducted by the government.    Such services were necessary to the Debtors' estates and creditors.    Accordingly, Cadwalader further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

23.    Whenever possible, Cadwalader sought to minimize the costs of Cadwalader's services to the Debtors.    Cadwalader has staffed this matter with only two professionals and, on most occasions, has had only one attorney attend meetings and interviews.

## MEMORANDUM OF LAW

24.    Cadwalader submits that the relevant legal authorities are set forth herein, and that the requirement pursuant to Local Bankruptcy Rule 9013-1 – that Cadwalader file a memorandum of law in support of this Application – is satisfied.

## CONCLUSION

WHEREFORE, Cadwalader respectfully requests (i) interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $2,512.98 and reimbursement for actual and necessary expenses Cadwalader incurred during the

Compensation Period in the amount of $158.47; (ii) release of the remainder of the 20%

holdback of fees for professional service rendered during the Compensation Period; (iii) the

allowance of such compensation for professional services rendered and reimbursement of actual

and necessary expenses incurred be without prejudice to Cadwalader's right to seek such further

compensation for the full value of services performed and expenses incurred; and (iv) the Court

grant Cadwalader such other and further relief as is just.

Dated:      Washington, District of Columbia
            July 31, 2007

                              Respectfully submitted,

                              Jeannine F. D'Amico
                              James K. Robinson
                              Cadwalader, Wickersham & Taft LLP
                              1201 F Street, N.W., Suite 1100
                              Washington, D.C. 20004
                              Telephone:    (202) 862-2200
                              Facsimile:    (202) 862-2400

                              *Attorneys Employed in the Ordinary Course
                              for the Debtors and Debtors in Possession*

# EXHIBIT A

Jeannine F. D'Amico
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W. Suite 1100
Washington, D.C. 20004
Telephone:      (202) 862-2200
Facsimile:      (202) 862-2400

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **DELPHI CORPORATION**, *et al.* | : | **Case No. 05-44481 (RDD)** |
| | : | **(Jointly Administered)** |

------------------------------------------------------------x

### CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIFTH APPLICATION OF CADWALADER, WICKERSHAM AND TAFT LLP FOR INTERIM COMPENSATION AND REIMBURSEMENT EXPENSES

I, Jeannine F. D'Amico, hereby certify that:

1.      I am an associate with the applicant firm, Cadwalader, Wickersham & Taft LLP, which has been retained in the ordinary course to represent the Audit Committee of Delphi Corporation in connection with certain government investigations, and am responsible for compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of

Expenses for Professionals and Committee Members, as modified by subsequent supplemental

orders and the Order Approving Joint Interest Agreement Between Debtors and Official

Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures

To Protect Information in Fee Statements, entered on April 18, 2006 (the "Administrative

Order," collectively with the Local Guidelines and UST Guidelines, the "Guidelines").

2.       This certification is made in respect of Cadwalader's application, dated July 31,

2007, for interim compensation and reimbursement of expenses for the period commencing

February 1, 2007, through and including May 31, 2007 in accordance with the Guidelines.

3.       In respect of section B.1 of the Local Guidelines, I certify that:

- I have read the Application;

- to the best of my knowledge, information, and belief formed after reasonable
  inquiry, the fees and disbursements sought fall within the Local Guidelines and
  the UST Guidelines;

- the fees and disbursements sought are billed at rates in accordance with the
  practices customarily employed by Cadwalader and generally accepted by
  Cadwalader's clients; and

- in providing a reimbursable service, Cadwalader does not make a profit on that
  service, whether the service is performed by Cadwalader in-house or through a
  third party.

4.       In respect of section B.2 of the Local Guidelines, and as required by the

Administrative Order, I certify that Cadwalader has complied with these provisions requiring it

to provide the Debtors, the United States Trustee for the Southern District of New York, the

official committee of unsecured creditors, the agent under the Debtors' prepetition credit facility,

and the agent under the Debtors' postpetition credit facility with, on a monthly basis following

its retention, a statement of Cadwalader's fees and disbursements during the previous month.

5.       In respect of section B.3 of the Local Guidelines and the Administrative Order, I

certify that the Notice Parties under the Interim Compensation Order, as modified by the Court's

Order of April 18, 2006, and the members of the Fee Committee are each being provided with a

copy of the Application.

Dated:        Washington, D.C.
              July 31, 2007

                                              Jeannine F. D'Amico

# EXHIBIT B

## CADWALADER PROFESSIONALS

| PROFESSIONAL | TITLE | YEAR ADMITTED TO PRACTICE | BILLING RATE (AFTER DISCOUNT) | HOURS | FEES |
|---|---|---|---|---|---|
| James K. Robinson | Partner | 1968 | $652.50 | 1.4 | $913.50 |
| Philip Urofsky | Special Counsel | 1989 | $495.00 | 2.6 | $1,287.00 |
| Paula Martin | Paralegal | n/a | 184.50 | .84 | $154.98 |
| Allison DiPasqua | Clerk | n/a | $157.50 | 1.0 | $157.50 |

# EXHIBIT C

## EXPENSES

| EXPENSE | AMOUNT |
|---|---|
| Copying | $  62.70 |
| Telephone | $  01.98 |
| Postage | $  16.29 |
| Managing Attorney's Charge | $  25.00 |
| Process Service | $  52.50 |

# EXHIBIT D

## SUMMARY OF SERVICES

| Description | Hours | Amount |
| --- | --- | --- |
| Litigation (Govt. Investigations)<br><br>Messrs. Robinson and Urofsky worked on this project category. The project relates to representing the Debtor in connection with various investigations into alleged accounting irregularities. Except as set forth below, all of the hours, fees, and expenses reported on Exhibits B and C are allocated to this project category. | 1.5 | $963.00 |
| Preparation of Fee Applications, participate in hearing, & respond to objections and comments of Creditors Committee and Fee Committee. | 4.34 | $1,549.98 |

Objection Deadline: October 18, 2007 at 4:00 p.m.
Hearing Date & Time: October 25, 2007 at 10:00 a.m.

James K. Robinson
Jeannine F. D'Amico
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W. Suite 1100
Washington, D.C. 20004
Telephone:    (202) 862-2200
Facsimile:    (202) 862-2400

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

In re:                                          :    **Chapter 11**

DELPHI CORPORATION, *et al.*                    :    **Case No. 05-44481 (RDD)**

                                                :    **(Jointly Administered)**

-------------------------------------------x

|                                                          | Sought |
|----------------------------------------------------------|--------|
| Fees<br>Fifth Interim Application Period                 | $2,512.98 |
| Reimbursement of Expenses<br>Fifth Interim Application Period | $158.47 |
| Total Sought For Compensation and<br>Expenses in Fifth Interim Application Period: | $2,671.45 |

**FIFTH INTERIM APPLICATION PERIOD FEBRUARY 1, 2007 THROUGH MAY 31, 2007**

| PROFESSIONAL | TITLE | YEAR ADMITTED TO PRACTICE | BILLING RATE (AFTER DISCOUNT) | TOTAL HOURS BILLED | TOTAL AMOUNT OF BILLING | BLENDED BILLING RATE |
|---|---|---|---|---|---|---|
| James K. Robinson | Partner | 1968 | $652.50 | 1.4 | $913.50 | |
| Philip Urofsky | Special Counsel | 1989 | $495.00 | 2.6 | $1,287.00 | $372.38/hour |
| Paula Martin | Paralegal | n/a | $184.50 | .84 | $154.98 | |
| Allison DiPasqua | Clerk | n/a | $157.50 | 1.0 | $157.50 | |