# **Exhibit B**

Bonnie Steingart
Debra M. Torres
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
In re:                                                :    Chapter 11
                                                      :
  Delphi Corporation, et al.,                         :    Case No. 05-44481 (RDD)
                                                      :    (Jointly Administered)
                            Debtors.                  :
                                                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CERTIFICATION OF RESPONSIBLE PROFESSIONAL WITH RESPECT TO
FOURTH INTERIM FEE APPLICATION OF FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON LLP, COUNSEL FOR THE OFFICIAL
COMMITTEE OF EQUITY SECURITY HOLDERS, FOR COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AND POSTED DURING THE PERIOD FROM
FEBRUARY 1, 2007 THROUGH MAY 31, 2007

Pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of New York on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), the undersigned, a member of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), counsel to the Official Committee of Equity Security Holders (the "Equity Committee") of Delphi Corporation ("Delphi," and together with the other above-captioned debtors, the "Debtors"), as the professional designated by Fried Frank with

2

responsibility for compliance with the Local Guidelines, hereby states, with respect to Fried Frank's Fourth Interim Application (the "Fee Application") for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred and Posted During the Period from February 1, 2007 through May 31, 2007 (the "Fee Period"),[1] as follows:

1. In accordance with section B.1. of the Local Guidelines, I certify that

    (a) I have read the Fee Application;

    (b) to the best of my knowledge, information and belief (formed after reasonable inquiry), the fees and disbursements sought by Fried Frank fall within the Local Guidelines and the UST Guidelines, except as may be specifically noted in this certification;

    (c) the fees and disbursements sought by Fried Frank are billed at rates and in accordance with practices customarily employed by Fried Frank and generally accepted by Fried Frank's clients; and

    (d) in providing a reimbursable service, Fried Frank does not make a profit on that service, whether the service is performed by Fried Frank in-house or through a third party.

2. With respect to Section B.2 of the Local Guidelines, I certify that Fried Frank has provided monthly statements of Fried Frank's fees and disbursements by serving monthly statements in compliance with this Court's Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, filed on November 4, 2005, as supplemented (the "Interim Compensation Order").

3. With respect to Section B.3 of the Local Guidelines pursuant to the Interim Compensation Order, I certify that notice of the Fee Application has been provided to all parties who have filed a notice of appearance with the Clerk of this Court and requested notice of

---

[1] Fried Frank reserves the right to make further application to this Court for allowance of fees and expenses not included in any prior fee statement or interim fee application as a result of delays caused by accounting processing procedures.

3

pleadings in these chapter 11 cases. In addition, in accordance with the Interim Compensation Order, the Fee Application in its entirety has been served on the following parties: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Attn: David Sherbin, Esq., (ii) counsel to the Debtors, Skadden, Arps, Slate & Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606, Attn.: John Wm. Butler Jr., (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Attn: Alicia M. Leonhard, Esq., (iv) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802, Attn: Robert J. Rosenberg, Esq., (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Marissa Wesley, Esq., (vi) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Attn: Donald Bernstein, Esq. and Brian Resnick, Esq., (vii) the members of the Fee Review Committee, and (viii) Legal Cost Control Inc., 255 Kings Highway East, Haddonfield, NJ 08033, Att'n: Susan Trevejo.

4. In accordance with section F.5. of the Local Guidelines, where bona fide business necessity requires nonprofessional staff to work overtime, a charge of $45 per hour for the overtime labor (which is intended to approximate 1-1/2 times the hourly rate of the average Fried Frank secretary[2] including payments, such as FICA, that must also be paid), plus a meal allowance of $10.00 where work is performed past 8:00 p.m., is recorded as a reimbursable expense. Fried Frank additionally would record the same hourly charge (but not the meal allowance) when, to meet a particular client need, one of its regularly scheduled night secretarial personnel was assigned to a desk away from her/his usual evening place of work, and was wholly unavailable to work for any other clients. Although Fried Frank paralegals receive overtime pay when working after hours (subject to certain limits and standards), Fried Frank

---

[2] Fried Frank does not charge more for the services of the more highly compensated secretaries, or less for those who receive lesser compensation.

4

does not record their overtime pay as a reimbursable expense. Because Fried Frank maintains support services on a 24 hour per day basis, and the great bulk of the administrative work done at night is performed by Fried Frank night staff on its regular shifts without the special desk coverage that makes them unavailable to work for other clients (with their salaries absorbed by the firm at no extra cost to the client), the amounts Fried Frank records as reimbursable overtime labor expenses are significantly lower than they otherwise would be.

     5.     Pursuant to the Local Guidelines, Fried Frank does not charge for daytime meals unless the individual is participating, during the meal, in a necessary meeting respecting the Chapter 11 Cases. Fried Frank expense reporting forms and computer categories do not put into separate categories meals that were chargeable because the Fried Frank professional was working overtime, on the one hand, or because the meal was consumed at a working meeting, on the other. While technically it would be possible to manually review every expense reporting form for every professional who had worked on the case during the Fee Period to ascertain the place, type of meal, and participants at each meal for which reimbursement is sought, this would be an extremely burdensome and expensive undertaking. Thus, Fried Frank cannot practicably segregate the expense incurred with respect to overtime meals and meals consumed at a working meeting.

     6.     Consistent with the Local Guidelines, Fried Frank has made every effort to minimize its use of local transportation and relies on mass transit whenever possible. Fried Frank expense reporting forms and computer categories do not separately categorize expenses for radio car or taxi rides that were chargeable because the Fried Frank professional was working overtime, on the one hand, or because the professional was going to or coming from a meeting, on the other. While it would be technically possible (although very expensive) to manually review all of the radio car vouchers to ascertain the time, origin, and destination of the trip, even this would be especially impracticable with respect to trips in taxicabs for which the fare was paid in cash. Thus, Fried Frank cannot practicably segregate the expense incurred with respect

5

to transportation after working overtime and with respect to local transportation. For this reason, all chargeable transportation expenses have been placed in the same category.

Dated: New York, New York
       July 31, 2007

                                        FRIED, FRANK, HARRIS, SHRIVER
                                            & JACOBSON LLP

                                        By:  /s/ Bonnie Steingart
                                              Bonnie Steingart
                                              Debra M. Torres

                                        One New York Plaza
                                        New York, New York 10004
                                        Telephone:  212.859.8000
                                        Facsimile:  212.859.4000

                                        *Counsel for the Official Committee of Equity*
                                        *Security Holders*

593445