SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

FIFTH SUPPLEMENTAL DECLARATION AND STATEMENT OF
JOHN WM. BUTLER, JR. UNDER FED. R. BANKR. P. 2014 AND 2016

JOHN WM. BUTLER, JR., being duly sworn, deposes and says:

1.  I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), which maintains offices for the practice of law at various locations including at 333 West Wacker Drive, Chicago, Illinois 60606-1285 and Four Times Square, New York, New York 10036.  On October 8, 2005, I executed and filed a declaration (the "Declaration") pursuant to 11 U.S.C. §§ 327 and 329 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Application For Order Under 11 U.S.C. §§ 327(a) And 329 And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates As Attorneys For Debtors-in-Possession And (II) Scheduling A Final Hearing Thereon (Docket No. 47), filed contemporaneously therewith by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").  Pursuant to an interim order entered October 14, 2005 and a final order entered November 4, 2005, this Court authorized the retention of Skadden to serve as the Debtors' principal restructuring and bankruptcy counsel.  Skadden has represented the Debtors in their chapter 11 cases since the filing of the Debtors' chapter 11 petitions and continues to represent the Debtors.

Prior Declarations

2.  On May 31, 2006, in connection with the filing of the First Interim Application Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates, Counsel To The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses Under 11 U.S.C. §§ 330 And 331 (Docket No. 3975), I

executed and filed a supplemental declaration (Docket No. 3973) (the "First Supplemental Declaration").

3.      In connection with the Second Interim Application Of Skadden, Arps, Slate, Meagher & Flom LLP, Counsel To The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses Under 11 U.S.C. §§ 330 And 331 (Docket No. 4796), I executed and filed a second supplemental declaration on August 1, 2006 (Docket No. 4810) (the "Second Supplemental Declaration").

4.      On November 30, 2006, in connection with the Third Interim Application Of Skadden, Arps, Slate, Meagher & Flom LLP, Counsel To The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses Under 11 U.S.C. §§ 330 And 331 (Docket No. 6002), I executed and filed a third supplemental declaration (Docket No. 5999) (the "Third Supplemental Declaration").

5.      On January 10, 2007, I executed and filed a fourth supplemental declaration (Docket No. 6542) (the "Fourth Supplemental Declaration" and, collectively with the Declaration, the First Supplemental Declaration, the Second Supplemental Declaration, and the Third Supplemental Declaration, the "Prior Declarations").

6.      The Prior Declarations were filed pursuant to Bankruptcy Rules 2014 and 2016 to supplement the disclosures made in the Declaration and to provide additional disclosures regarding the results of Skadden's continuing client database research of parties appearing in these cases subsequent to the filing of the Declaration.

Ongoing Relationship And Disclosure Research

7.      Prior to the execution of each of the Prior Declarations, Skadden performed extensive relationship and disclosure research with respect to the Debtors' affiliates, directors and officers, joint owners of the Debtors' affiliates, fifty largest unsecured creditors (on a consolidated basis as of September 2005 as determined by the Debtors), counterparties to major contracts, major lenders, shareholders owning more than 5% of outstanding shares, professionals, utility companies, counterparties to major leases, insurance providers, major vendors, major customers, non-Debtor parties to collective bargaining agreements with the Debtors, indenture trustees, underwriters of securities, major litigation parties, state and governmental agencies, Judges for the United States Bankruptcy Court for the Southern District of New York, and the United States Trustee for the Southern District of New York (the "U.S. Trustee").  Skadden has subsequently conducted additional queries of its client databases regarding possible relationships with, or connections to, parties that filed formal notices of appearance in these cases (the "Rule 2002 Entities"), parties on the master service list (the "Master Service List Parties"), parties who have filed claims seeking allowance of certain pre-petition liabilities (the "Claimants"), parties to the proposed Equity Purchase and Commitment Agreement, as filed on July 18, 2007, and their advisors (the "Plan Sponsors and their Advisors"), and certain other parties who have been actively involved in these cases or otherwise identified to Skadden.  The disclosures in the Prior Declarations were based on that research.

8.      Skadden is filing this fifth supplemental declaration (the "Fifth Supplemental Declaration") to supplement the disclosures in the Prior Declarations and to provide additional disclosures regarding the results of its continued client database research

4

of the parties which have appeared in these cases and other additional due diligence. Skadden will continue to conduct further due diligence and research of its client databases and inquiries of its attorneys and will file additional supplemental declarations regarding its retention, including periodic supplemental declarations anticipated to be filed at or about the time that future fee applications are filed in these cases, to the extent necessary.

9. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto. Certain of the disclosures herein, however, relate to matters within the knowledge of other attorneys at Skadden and are based on information provided to me by them.

10. Except as otherwise set forth in the Prior Declarations and herein, to the extent known by me after reasonable inquiry, Skadden, through its partners, counsel, and associates, (a) does not have any connections with the Debtors or their affiliates, their creditors, the U.S. Trustee, or any other party-in-interest, or their respective attorneys and accountants, (b) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and (c) does not hold or represent any interest adverse to the Debtors' estates.

11. As disclosed in the Prior Declarations, Skadden does not represent and has not represented any entity, other than the Debtors, in matters related to these chapter 11 reorganization cases. Skadden, however, has in the past represented, currently represents, and likely in the future will represent certain creditors of the Debtors and other parties-in-interest in matters unrelated to the Debtors, the Debtors' reorganization cases, or such entities' claims against or interests in the Debtors. To the extent known by me after reasonable inquiry, the identity of these creditors and other parties-in-interest was disclosed

5

in the Prior Declarations or is disclosed in this Fifth Supplemental Declaration.  Skadden's representation of these entities has not affected and will not affect the firm's representation of the Debtors in these cases.  Skadden does not represent these entities in any matters adverse or related to the Debtors.  Most of the firm's representations of these parties consist of representations in episodic transactional matters.

Supplemental Due Diligence And Disclosures

12. Subsequent to the filing of the Prior Declarations, Skadden has performed additional searches of its client databases through June 15, 2007 for the Rule 2002 Entities, the Master Service List Parties, retained professionals, and certain other parties-in-interest as set forth in paragraph 7 hereof.  Based on such subsequent client database queries, Skadden has determined that it represents or has in the past represented (in addition to those entities previously disclosed in the Prior Declarations) certain creditors or other parties-in-interest (or in some cases their affiliates or other related parties as indicated in italics) in matters unrelated to the Debtors as follows:

13. Claimants: Advanced Micro Devices, Inc.; *an affiliate of Associated Spring do Brasil Ltda*; *affiliates of Bank of America, N.A.*; *affiliates of Bayer MaterialScience, LLC*; *affiliates of BEI Technologies Inc.*; *three companies, two of which are public, that are beneficial owners of BEI Technologies Inc.*; *four companies that are beneficial owners of CDW Corp., two of which filed a Schedule 13G with the Securities and Exchange Commission (the "SEC") indicating such beneficial ownership; affiliates of EMC2 Corporation*; FirstEnergy Corporation; *an affiliate of the Georgia Department of Revenue; an affiliate of Hellermann Tyton GmbH; affiliates of the Illinois Department of Revenue; affiliates of Integris Metals Corporation;* Iron Mountain, Inc.; *a public company*

*that is a beneficial owner of equity securities in Johnson Controls, Inc.; an affiliate of a beneficial owner of MSX International Inc.; two companies that are beneficial owners of equity securities in National Instruments, Corp.; affiliates of the New York Department of Taxation and Finance; affiliates of Osram Sylvania; four companies that are beneficial owners of Phelps Dodge Corporation, one of which is public and two of which filed a Schedule 13G with the SEC indicating such beneficial ownership; a public company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in PPG Industries, Inc.; a public company that is a beneficial owner of equity securities in Quest Diagnostics; an affiliate of Quest Diagnostics; an affiliate of Robert Bosch LLC; an affiliate of Sumitomo Wiring Systems Inc.*; ThyssenKrupp Steel; *an affiliate of Toshiba America Electronic Components, Inc.; an affiliate of Wachovia Bank;* and York International Corp., *an affiliate of York International Corp., and four public companies that are beneficial owners of York International Corp.*

      *14.*     <u>Counterparties To A Major Contract</u>: *An affiliate of Intel Corporation; an affiliate of North American Philips Corporation*; Public Service Electric and Gas Company; Time Warner, Inc. and *an affiliate of Time Warner, Inc.; and an affiliate of TXU Energy Retail Co. L.P.*

      *15.*     <u>Counterparty To A Major Lease</u>: *An affiliate of LaSalle Bank National Association.*

      *16.*     <u>Fifty Largest Unsecured Creditors</u>: *Affiliates of Capital Research and Management Co.; four companies, one of which filed a Schedule 13G with the SEC, each of which is a beneficial owner of equity securities in Electronic Data Systems Corp.; an affiliate of public company which is a beneficial owner of equity securities in Electronic*

7

*Data Systems Corp.*; Freescale Semiconductor Inc., *a beneficial owner of Freescale Semiconductor Inc., and a company and an affiliate of a company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in Freescale Semiconductor Inc.; and an affiliate of Tyco Electronics Corp.*

        17.      <u>Indenture Trustee</u>: *An affiliate of the Law Debenture Trust Company of New York.*

        18.      <u>Insurance Providers</u>: *A company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in an affiliate of Chubb Group*; Hess Corporation (f/k/a Amerada Hess Corporation); *an affiliate of Metropolitan Life Insurance Company; the audit committee of a public company that filed a Schedule 13D with the SEC indicating beneficial ownership of equity securities in Reliance Insurance Company*; and Towers Perrin.

        19.      <u>Lenders</u>: *An affiliate of ABN AMRO Bank; affiliates of Bank of America; an affiliate of Bank of China (Luxembourg) SA; an affiliate of Bear Stearns Investment Co.; an affiliate of Bear Stearns Investment Products; affiliates of CitiCorp USA, Inc.*;[1] JP Morgan Chase Bank, N.A.; *an affiliate of KKR Financial CLO 2005-1, Ltd.*; LibertyView Loan Fund, LLC *and affiliates*; *an affiliate of SEI Institutional Investments Trust; and four companies in which Wells Capital Management Inc. is a beneficial owner of equity securities, three of which are public companies.*

---

[1]  JP Morgan Chase Bank, N.A. and affiliates of CitiCorp USA were previously disclosed in the Original Declaration in connection with their role in the DIP financing facility approved on October 28, 2005. Both entities are being disclosed in this Fifth Supplemental Declaration because on January 9, 2007, the Debtors refinanced their DIP financing facility and JP Morgan Chase Bank, N.A. and affiliates of CitiCorp USA are the administrative agent and syndication agent, respectively, of the refinanced facility.

20. <u>Major Customers</u>: *A company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in Aftermarket Technology Corp.; a company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in Agilent Technologies Inc.; an affiliate of Fiat Group*; John Deere Co.; *a public company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in KLA Tencor, and an affiliate of KLA Tencor; the special committee of the Board of Directors of KLA Tencor Corp.*; L-3 Communications Corp.; *a beneficial owner of Lear Corporation; a company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in Magna International Inc.; an affiliate of Peugeot SA; and an affiliate of Toyota Motor Corporation.*

21. <u>Major Litigation Parties</u>: *Affiliates of Bentley Rolls Royce; an affiliate of a public company that is a beneficial owner of equity securities in BorgWarner Inc.; an affiliate of Fidelity National Home Warranty, of which William Jensen is the President; an affiliate of a company of which Larry Brady is the Senior Vice President*; and Modine Manufacturing Company.

22. <u>Major Vendors</u>:  Aramark Services, Inc.; *a company of which Bayer A.G. is a beneficial owner; an affiliate of Dayco Products LLC; a company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in Flextronics International Ltd.*; Furukawa Electric Company Ltd.; *affiliates of International Business Machines Corp.; a company that is a beneficial owner of equity securities in International Rectifier Corp.; a company that is a beneficial owner of equity securities in Johnson Controls Inc.*; Mittal Steel Company N.V. *and affiliates; affiliates of NEC Corp.*; ST Microelectronics N.V.; *two public companies that each filed a Schedule 13G with the*

*SEC indicating beneficial ownership of equity securities in Timken Co.; a public company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in TRW Automotive Holdings Corp.; and an affiliate of Tyco International Ltd.*

23.     <u>Plan Sponsors And Their Advisors</u>: *A company that filed a Schedule 13G with the SEC indicating beneficial ownership of Evercore Partners Inc.; affiliates of Goldman Sachs Group, Inc.*; Merrill Lynch & Company; and Perella Weinberg Partners LP.

24.     <u>Professionals</u>: Covington & Burling LLP; *an affiliate of Houlihan Lokey Howard & Zukin, Inc; the parent company of Jones Lang LaSalle Americas, Inc.; an affiliate of KeyBanc Capital Markets, Inc.*; Lazard Freres & Co.; *an affiliate of Price Waterhouse Coopers International Ltd.* and Price Waterhouse Coopers LLP; *and officers and directors of Sapient Consulting*.

25.     <u>Rule 2002 Parties, Parties Actively Involved In These Cases, And Master Service List Parties</u>:[2] *Four public companies in which Brandes Investment Partners, LLC is a beneficial owner of equity securities; an affiliate of Brenntag Southwest, Inc.; five companies that are beneficial owners of Caraustar Industries, Inc., two of which filed a Schedule 13G with the SEC indicating such beneficial ownership; a company that filed a*

---

[2]   Skadden has reviewed the docket in these cases for the names of entities filing requests for notices pursuant to Bankruptcy Rule 2002 through June 15, 2007. The Debtors have also added certain parties to the master service list in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures entered by this Court on October 26, 2006 (Docket No. 5418). For purposes of disclosure, Skadden conducted client database research through June 15, 2007 for all of the aforementioned entities. Unless otherwise stated, Skadden has not conclusively determined the relationship and/or affiliation between the Debtors and the entity filing or otherwise making the request for notices pursuant to Bankruptcy Rule 2002. Many of the names included in the other sections of this Fifth Supplemental Declaration also filed such requests and, therefore, to the extent previously disclosed, are not set forth in this paragraph.

*Schedule 13G with the SEC indicating beneficial ownership of equity securities in Celestica Inc.; an affiliate of Continental Automotive, Inc.*; CSX Corporation; *an affiliate of CSX Transportation, Inc.; a public company in which Dodge & Cox is a beneficial owner of equity securities*; Doosan Infracore Co.; Ferro Corporation; *affiliates of Hyatt Legal Plans; affiliates of Illinois Union Insurance Company; an affiliate of Itautec America, Inc.; two companies that each filed a proxy with the SEC indicating beneficial ownership of equity securities in MEMC Electronic*; Meridian Automotive Systems Inc.; *affiliates of Mobile Display Systems*; Moody's Investors Service; *a beneficial owner of Optical Cable Corp.; a company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in Orbotech Ltd.; an affiliate of Osram Opto Semiconductors GmbH; three companies in which Owl Creek Asset Management is a beneficial owner; an affiliate of Parlex Corporation Ltd.; two public companies that are beneficial owners of Polyone Corp.*; Prudential Financial *and various affiliates*; *an affiliate of Rasselstein GmbH; a company that is a beneficial owner of equity securities in Raytheon Company; an affiliate of the Renco Group Inc.*; Ritchie Capital Management; *an affiliate of Sierra International, Inc.; an affiliate of Silver Point Capital, L.P.; a public company that is a beneficial owner of equity securities in Solectron Corporation; affiliates of Solvay Fluorides LLC; a beneficial owner of Teledyne Technologies, Inc.; a public company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in Teleflex Inc.; an affiliate of Texas Pacific Group Ltd.; an affiliate of Textron Financial Corporation; an affiliate of Toronto Dominion Bank; an affiliate of Toshiba America Electronic Components Inc.; a public company  that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in Ultratech Inc.; three companies, two of which are public, each of which*

*filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in US Xpress Enterprises, Inc.; an affiliate of Veolia Environmental Services; a public company in respect of which W.L. Ross & Co, LLC filed a Schedule 13D with the SEC indicating beneficial ownership of equity securities in such company; an affiliate of Woco Industries; and a company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in Worthington Industries Inc.*

26. <u>State And Governmental Agencies</u>: *An affiliate of Georgia Department of Natural Resources.*

27. <u>Underwriter Of Securities</u>: *Affiliates of Quick & Reilly, Inc.*

28. <u>Utilities</u>: *The parent company of Vectren Energy Delivery of Ohio Inc.*

29. Skadden is one of the largest law firms in the world, with approximately 1,900 attorneys located in 22 offices in 11 countries. The firm has a diverse client base. Indeed, for the period beginning August 1, 2006 and ending July 31, 2007, no single client accounted for more than 2.85% of Skadden's total value of time billed to client matters for that period. With the exception of Citigroup Inc., DaimlerChrysler AG, and J.P. Morgan Chase, no single client referenced in this Fifth Supplemental Declaration accounted for more than 1.00% of the value of time charged to client matters during that period. No client referenced in this Fifth Supplemental Declaration accounted for more than 1.9%, of Skadden's total value of time billed to client matters for that period.

30. Since the filing of the Debtors' chapter 11 petitions, Skadden has hired one legal assistant and fifteen associates, three of whom have been disclosed on Prior Declarations (collectively the "Screened Employees"). The Screened Employees, while

previously employed at other law firms, represented certain creditors or other parties-in-interest (together, "Parties-in-Interest") in connection with matters related to the Debtors and these chapter 11 reorganization cases. To ensure that the Screened Employees will not have any involvement in Skadden's representation of the Debtors, Skadden has established formal screening procedures or "ethical walls" to ensure that there are no communications or exchanges of information protected as confidential or as client secrets between lawyers or legal assistants working on behalf of the Debtors and the Screened Employees regarding such employees' prior work on behalf of the Parties-in-Interest.

31. In addition, certain attorneys at Skadden are related to employees or principals of certain of the Debtors' parties-in-interest. In particular, a New York partner is the spouse of a partner of Willkie Farr & Gallagher LLP.

## Further Due Diligence

32. Skadden has instituted and is carrying on further inquiries of its partners, counsel, and associates with respect to the matters contained herein. Skadden will file supplemental declarations regarding its retention if any additional relevant information comes to its attention.

33. Skadden intends to conduct further database queries and file supplemental declarations, to the extent necessary, at or about the time of filing its fifth interim fee application in these chapter 11 cases, unless further disclosure is warranted at an earlier date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on July 31, 2007, at Chicago, Illinois

/s/ John Wm. Butler, Jr.
JOHN WM. BUTLER, JR.