**Hearing Date: September 28, 2007**
                                                   **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|               Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
<u>PROOF OF CLAIM NUMBER 11425 (MSX INTERNATIONAL, INC.)</u>

("STATEMENT OF DISPUTED ISSUES – MSX INTERNATIONAL, INC.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 11425 (the "Proof Of Claim") filed by MSX International, Inc. ("MSX," or the "Claimant") and respectfully represent as follows:

Background

1. The Claimant filed the Proof Of Claim on or about July 24, 2006 against Delphi Automotive Systems LLC ("DAS LLC"). The Proof Of Claim asserts an unsecured nonpriority claim of $90,809.43 for services performed (the "Claim"). The Claimant attached as the basis of its Proof Of Claim copies of unpaid invoices and the underlying purchase orders.

2. The Debtors objected to the Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection"), which was filed on April 27, 2007.

3. The Claimant filed a Response Of MSX International, Inc. To Thirteenth Omnibus Objection to Claims (Docket No. 8083) (the "Response") on May 17, 2007.

Disputed Issues

A.   DAS LLC Does Not Owe MSX The Amount Asserted In Proof Of Claim Number 11425

4.   MSX asserts in its Proof Of Claim that DAS LLC owes $90,809.43 for services performed prepetition. DAS LLC has reviewed the invoices attached to the Proof Of Claim and disputes that it owes the amount asserted in the Claim. One of the invoices attached to MSX's Proof Of Claim, invoice number 1117748 in the amount of $3,328.00, was part of a long-standing dispute that was resolved in 2005. An outside audit firm, PRG-Schultz International, Inc., concluded after reviewing DAS LLC's books and records that this invoice was paid twice in 2003. DAS LLC filed a dispute with MSX for the duplicate payment and MSX authorized Delphi to debit their account for $3,328.00.

5.   The remaining balance of the Claim in the amount of $87,481.43 is comprised of valid invoices that DAS LLC paid through a series of prepetition wire transfer payments. Because DAS LLC paid the invoices, the Claim should be disallowed and expunged.

B.   The Debtors Overpaid MSX In The Amount Of $540,603.63

6.   In early September 2005, MSX approached Delphi to seek adequate assurance of Delphi's ability to pay the charges that were incurring. Delphi negotiated with MSX, and the parties reached an agreement for Delphi to pay all open and due invoices on or about September 14 in exchange for a 3% discount on those outstanding invoices. The parties further agreed that MSX would provide a 2% discount on future invoices if Delphi paid in advance.

7.   During the weeks leading to the October 8 and 14, 2005 filing dates for petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Petition Date"), Delphi implemented similar advance

payment agreements to numerous vendors to ensure a continuous supply of parts and services. As such, delays and backlogs developed in the process used to post wire transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System). The DACOR System is used to pay all DAS LLC's vendors as well as maintain all payable records. Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions. The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time. In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the invoices came due.

        8.       Shortly before the Petition Date, an administrative error occurred which caused Delphi to overpay MSX in the amount of $540,603.63. Since the DACOR System was unaware of the advance payments made to MSX, the open and due invoices were paid again to MSX through electronic funds transfer. See Exhibit 1 (Payments).

C.      Delphi Owes MSX $92,828.24 For Postpetition Services And Therefore Seeks The Difference Of The Overpayment In The Amount Of $447,775.39

        9.       After the overpayments described above were made and the Debtors learned of the error, they undertook to recover the overpayments from all vendors. In or about March 2006, the Debtors discovered that MSX had been a recipient of an overpayment and thus suspended postpetition payments at that time. MSX continued to provide services, but at a much lower and declining level. A total of $92,828.24 has incurred postpetition and has not been paid. See Exhibit 2.

10. In March 2007, the Debtors sought return of the overpayment from MSX. The parties agreed to reconcile their books and records as of September 2005. MSX determined that, after the postpetition invoices were paid, MSX owed the Debtors approximately $425,000.00. The Debtors maintain that the amount MSX still owes them is $447,775.39. Despite the Debtors' continued efforts to finalize these discussions and resolve the matter, MSX declined to return the funds.

11. Accordingly, the Debtors have a claim against the Claimant for the overpayment and should collect the net overpayment in the amount of $447,775.39. The Claimant has not remedied this overpayment and therefore still owes the Debtors $447,775.39.

<u>Reservation Of Rights</u>

12. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim, (b) determining that the Debtors are entitled to $447,775.39 from MSX in connection with the Debtors' overpayment, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       August 1, 2007

                          SKADDEN, ARPS, SLATE, MEAGHER
                             & FLOM LLP

                          By: /s/ John Wm. Butler, Jr.
                             John Wm. Butler, Jr. (JB 4711)
                             Albert L. Hogan, III (AH 8807)
                             John K. Lyons (JL 4951)
                             Ron E. Meisler (RM 3026)
                         333 West Wacker Drive, Suite 2100
                         Chicago, Illinois 60606
                         (312) 407-0700

                         - and -

                         By: /s/ Kayalyn A. Marafioti
                             Kayalyn A. Marafioti (KM 9632)
                             Thomas J. Matz (TM 5986)
                         Four Times Square
                         New York, New York 10036
                         (212) 735-3000

                         Attorneys for Delphi Corporation, et al.,
                           Debtors and Debtors-in-Possession