UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
  In re                                     :   Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :   Case No.  05 - 44481 (RDD)
                                            :
              Debtors.                      :   (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIXTH AMENDED ORDER SUSPENDING FURTHER PROCEEDINGS ON DEBTORS' MOTION
FOR ORDER UNDER 11 U.S.C. § 1113(c) AUTHORIZING REJECTION OF
COLLECTIVE BARGAINING AGREEMENTS AND AUTHORIZING
MODIFICATION OF RETIREE WELFARE BENEFITS UNDER 11 U.S.C. § 1114(g)

("SIXTH AMENDED SECTION 1113 AND
1114 PROCEEDINGS SUSPENSION ORDER")

Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 1113 and 1114 of the Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 establishing notice procedures, briefing schedule, and hearing date regarding the Debtors' Motion To (a) Reject Collective Bargaining Agreements Under Section 1113(c) And (b) Eliminate Retiree Medical And Life Insurance Benefits For Union-Represented Retirees Under Section 1114(g) (the "1113/1114 Motion"); and this Court having entered an order granting the Motion on October 13, 2005 (Docket No. 232);[2] and the Court having received and reviewed various objections and responses to the 1113/1114 Motion filed by

---

[1]    As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005.

[2]    Subsequent scheduling orders have been entered by the Court at docket nos. 2225, 2425, 2996, 4170, 5058, 5221, 5399, 5539, 5662, 6148, and 6419.

various parties (collectively, the "Respondents");[3] and the Court having commenced the contested hearing on the 1113/1114 Motion on May 9, 2006 and conducted hearings on the contested motion on various trial dates in May and June 2006; and the Court on November 22, 2006 having adjourned the contested hearing on the 1113/1114 Motion to a date to be determined and the deadlines for a ruling on the 1113/1114 Motion to January 31, 2007 pursuant to the Ninth Amended Section 1113 And 1114 Scheduling Order (Docket No. 5662); and the Court having conducted in-camera status conferences from time to time so that the Court could be apprised by the Debtors and the Respondents of the status of negotiations regarding consensual resolution of the 1113/1114 Motion; and the Debtors having filed an Expedited Motion For Order Authorizing And Approving The Equity Purchase And Commitment Agreement (the "EPCA") Pursuant To Sections 105(a), 363(b), 503(b) and 507(a) Of The Bankruptcy Code And The Plan Framework Support Agreement (the "PSA") Pursuant To Sections 105(a), 363(b), And 1125(e) Of The Bankruptcy Code on December 18, 2006 (collectively, the "Framework Agreements") (Docket No. 6179) (the "Plan Investment and Framework Support Motion"); and the Court having issued an order authorizing and approving the Plan Investment And Framework Support Motion (Docket No. 6589); and the Court having entered six orders suspending further proceedings on the 1113/1114 Motion until further order of the Court and extending the date by which a ruling on the 1113/1114 Motion shall be issued (each, a "Section 1113 And 1114 Suspension Order") (Docket Nos. 6779, 7819, 8128, 8437, 8596 and 8736); and Delphi having confirmed on July 9, 2007 that it had formally terminated the EPCA and the PSA; and the Court having entered on July 13, 2007 the Fourth Section 1113 And 1114 Suspension Order (Docket No. 8596) which combined the chambers conference scheduled for July 19, 2007 under the Third Section 1113 And 1114 Suspension Order (Docket No. 8437) with the chambers conference required therein as a result of the termination of the

---

[3]    Objections and responses have been filed at docket numbers 3314, 3317, 3322, 3330, 3332, 3342, 3346, 3353, 3356, 3561, and 3628.

2

EPCA or the PSA; and the Court having entered an order on July 19, 2007 (Docket No. 8693) under 11 U.S.C. §§ 363, 1113, and 1114 of the Bankruptcy Code and Fed. R. Bankr. P. 6004 and 9019 approving (i) a memorandum of understanding regarding Delphi's restructuring entered into among the United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"), Delphi, and General Motors Corporation, dated June 22, 2007, (ii) withdrawal without prejudice of the 1113/1114 Motion solely as it pertains to the UAW and approving the parties' settlement of the 1113/1114 Motion solely as it pertains to the UAW, and (iii) modification of retiree welfare benefits for certain UAW-represented retirees of the Debtors; and the Court having entered on July 26, 2007 the most recent Section 1113 And 1114 Suspension Order (the "Fifth Section 1113 And 1114 Suspension Order") (Docket No. 8736); and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

  ORDERED, ADJUDGED, AND DECREED THAT:

    Further proceedings on the 1113/1114 Motion continue to be suspended until further order of the Court. The Fifth Section 1113 And 1114 Suspension Order shall be amended in its entirety to read as follows:

1. The Court shall conduct a telephonic, in-camera chambers conference pursuant to 11 U.S.C. § 105(d)(1) with the Debtors, the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communication Workers of America ("IUE-CWA"), the remaining non-union Respondents, and the official committee of equity security holders at 2:00 p.m. (prevailing Eastern time) on August 9, 2007 so that the Court can be apprised by these parties of the status of the activity regarding negotiations and related matters regarding the consensual resolution of the 1113/1114 Motion.

2. The date by which a ruling on the 1113/1114 Motion with respect to the IUE-CWA shall be issued pursuant to 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2) shall be extended, with the consent of the Debtors and the IUE-CWA (to the extent required by statute), to August 10, 2007.  These parties reserve their right to agree to additional extensions beyond these dates.

3. The Court shall conduct an in-person, in-camera chambers conference pursuant to 11 U.S.C. § 105(d)(1) with the Debtors, the remaining Respondents, and the official committee of equity security holders at 2:00 p.m. (prevailing Eastern time) on August 16, 2007 so that the Court can be apprised by these parties of the status of the activity regarding negotiations and related matters regarding the consensual resolution of the 1113/1114 Motion. These parties shall be permitted to participate telephonically in such chambers conference.

4. The date by which a ruling on the 1113/1114 Motion shall be issued pursuant to 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2) shall be extended, except with respect to the IUE-CWA as set forth in Paragraph 2 above, with the consent of the Debtors and the remaining Respondents (to the extent required by statute), to August 17, 2007. These parties reserve their right to agree to additional extensions beyond these dates.

Dated: New York, New York
August 3, 2007

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

4