UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                            :
     In re                                  :   Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :   Case No. 05-44481 (RDD)
                                            :
                          Debtors.          :   (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 327, 330,
AND 331 AUTHORIZING RETENTION OF PROFESSIONALS
UTILIZED BY DEBTORS IN ORDINARY COURSE OF BUSINESS

("SUPPLEMENTAL ORDINARY COURSE PROFESSIONALS ORDER")

Upon the motion, dated August 3, 2007, of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for a supplemental order under sections 327, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect October 8, 2005 (the "Bankruptcy Code"), authorizing (a) the termination of the formal retention of five professional firms who have been retained by the Debtors with Court approval pursuant to formal retention applications, (b) the retention and employment of such firms as professionals utilized by the Debtors in the ordinary course of business (collectively, the "Ordinary Course Professionals"), and (c) the Debtors to compensate the same professionals as Ordinary Course Professionals in accordance with the provisions of the Order Under 11 U.S.C §§ 327, 330, And 331 Authorizing Retention Of Professionals Utilized by Debtors In Ordinary Course of Business (the "Initial OCP Order"), for services rendered from the date of entry of this order, without the necessity of Court approval; and this Court having determined that the relief set forth herein is in the best interests of the

Debtors, their estates, their creditors, and other parties-in-interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The formal retention[1] of the following five law firms: Banner & Witcoff, Ltd., Cadwalader, Wickersham & Taft LLP, Dickinson Wright PLLC, DLA Piper LLP, and Quinn Emanuel Urquhart Oliver & Hedges LLP (collectively, the " Five Firms ") is terminated as of the date of entry of this Order.

2. The Debtors are authorized to employ and retain the Five Firms as Ordinary Course Professionals.

3. The Debtors are hereby authorized but not directed to make monthly payments for compensation and reimbursement of expenses to each of the Five Firms without formal application to this Court, in the manner provided by the Initial OCP Order, provided, however, that each of the Five Firms shall file fee applications in accordance with sections 330(a) and 331 of the Bankruptcy Code, the Bankruptcy Rules, applicable guidelines established by the U.S. Trustee, and applicable orders of this Court with respect to all fees and expenses incurred on or before the date of entry of this order.

---

[1] See Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of Banner & Witcoff, Ltd. As Intellectual Property Counsel To Debtors (Docket No. 1708), entered January 3, 2006; Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of Cadwalader, Wickersham & Taft LLP As Government Investigations Counsel To Debtors (Docket No. 2786), entered March 9, 2006; Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of Dickinson Wright PLLC As Intellectual Property Counsel To Debtors (Docket No. 2772), entered March 9, 2006; Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of DLA Piper LLP As Corporate, Employment , And Intellectual Property Counsel To Debtor Mobilearia, Inc. Nunc Pro Tunc to May 1, 2006 (Docket No. 5562) entered on November 16, 2006; and Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of Quinn Emanuel Urquhart Oliver & Hedges, LLP As Special Litigation Counsel To Debtors (Docket No. 2784), entered on March 10, 2006.

        4.        To the extent that fees payable to any of the Five Firms exceed either of the applicable limits set forth in paragraph 3 of the Initial OCP Order, such firm shall be required to be retained pursuant to a formal retention application before any further fees or expenses may be paid.

        5.        Pursuant to the Initial OCP Order, each of the Five Firms shall file and serve an affidavit of legal ordinary course professional, substantially in the form of the affidavit attached to the Initial OCP Order as <u>Exhibit 2</u>.

        6.        Pursuant to the Initial OCP Order, if no objection to the retention of any of the Five Firms is received 10 days after the receipt of the applicable affidavit of legal ordinary course professional, the Debtors shall be authorized to retain such professional as a final matter, effective to the date of entry of this order.

Dated:    New York, New York
            August __, 2007

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE