Hearing Date and Time: October 25, 2007, 10:00 a.m.
Objection Deadline: October 18, 2007, 4:00 p.m.

CANTOR COLBURN LLP
Daniel E. Bruso (DB5232)
55 Griffin Road South
Bloomfield, CT 06002
(860) 286-2929 (Telephone)
(860) 286-0115 (Facsimile)

Patent Counsel to Delphi Corporation *et al.*
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :
        In re                                            :   Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :   Case No. 05-44481 (RDD)
                                                         :
                               Debtors.                  :   (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**SUMMARY SHEET PURSUANT TO THE UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATION FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES UNDER 11 U.S.C. 330**

Name of Applicant:                      **Cantor Colburn LLP**

Authorized to provide
Professional Services to:               **Delphi Corporation, *et al.***

Date of Retention Order:                **January 3, 2006**[1]

Period for which compensation
and reimbursement is sought:            **February 1, 2006 – May 31, 2007**

_____

[1] The Retention Order was issued *nunc pro tunc* to the Petition Date, October 8, 2006.

Amount of Compensation requested:          **$258,982.50**

Amount of Expense Reimbursement
requested:                                 **$ 48,795.39**

Voluntary Reductions:                      **$179,419.50**

Credits:                                   **$        0.00**

This is an (a): __X__ Interim ____ Final Application

CANTOR COLBURN LLP
Daniel E. Bruso (DB5232)
55 Griffin Road South
Bloomfield, CT  06002
(860) 286-2929 (Telephone)
(860) 286-0115 (Facsimile)

Patent Counsel to Delphi Corporation *et al.*
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FIFTH INTERIM APPLICATION OF CANTOR COLBURN LLP FOR ALLOWANCE
OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES PURSUANT TO 11 U.S.C. §§ 330, 331**

Cantor Colburn LLP ("Cantor Colburn"), patent counsel to Delphi Corporation *et al.*,

debtors and debtors-in-possession in the above-referenced cases (collectively "Debtors"), hereby

submits the Fifth Interim Application of Cantor Colburn LLP For Allowance Of Compensation

For Services Rendered And Reimbursement Of Expenses Pursuant To 11 U.S.C. §§ 330, 331

(the "Application"). Cantor Colburn seeks compensation for actual, reasonable and necessary

services rendered in the amount of Two Hundred Fifty-Eight Thousand Nine Hundred Eighty-

Two and 50/100 Dollars ($258,982.50) and reimbursement of actual, reasonable and necessary expenses in the amount of Forty-Eight Thousand Seven Hundred Ninety-Five and 39/100 Dollars ($48,795.39), for a total of Three Hundred Seven Thousand, Seven Hundred Seventy-Seven and 89/100 Dollars ($307,777.89), for services rendered and expenses incurred during the period of February 1, 2006, through and including May 31, 2007 (the "Fifth Fee Period"). In support thereof, Cantor Colburn relies upon the pleadings filed to date, the exhibits annexed hereto, and states as follows.

## I.   INTRODUCTION

1.    On or about October 8, 2006 (the "Petition Date"), Delphi and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy Code") in this Court. On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.

2.    On October 17, 2005, the Office of the Unites States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in the Debtors' cases.

3.    As of the date of this Application, and at all times prior thereto, the Debtors operated and continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtor's chapter 11 cases (Dockets Nos. 28 and 404).

4.     As set forth more fully below, Cantor Colburn seeks compensation for actual, reasonable

and necessary services rendered during the Fifth Fee Period in the amount of Two

Hundred Fifty-Eight Thousand Nine Hundred Eighty-Two and 50/100 Dollars

($258,982.50) and reimbursement of actual, reasonable and necessary expenses in the

amount of Forty-Eight Thousand Seven Hundred Ninety-Five and 39/100 Dollars

($48,795.39), for a total request of Three Hundred Seven Thousand, Seven Hundred

Seventy-Seven and 89/100 Dollars ($307,777.89).  Cantor Colburn has expended One

Thousand Eight Hundred Two hours of professional time, including time expended by

patent agents and technical experts, and Five and one-tenth (5.1) hours of

paraprofessional time.  The blended hourly rate for professional time, excluding

paraprofessionals, is One Hundred Forty-Three and 69/100 Dollars per Hour

($143.69/hr).

5.     This is Cantor Colburn's fifth interim fee application.

## II.     JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

## III.     STATUTORY BASIS FOR RELIEF

7.     The statutory predicates for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

8.     This Fifth Interim Fee Application has been prepared in accordance with:

   a.  11 U.S.C. §§ 330, 331;

b. Fed. R. Civ. P. 2014, 2016;

c. The Guidelines For Reviewing Applications For Compensation And Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Appendix A to 28 C.F.R. § 58 (the "UST Guidelines");

d. That certain Administrative Order of the United States Bankruptcy Court for the Southern District of New York dated April 19, 1995 and entitled "Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases" (the "Local Guidelines");

e. This Court's November 4, 2005, Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals [Docket No. 0869] (the "Interim Compensation Order");

f. This Court's supplemental orders dated March 8, 2006, March 28, 2006, May 5, 2006, July 12, 2006, and October 13, 2006 amending the Interim Compensation Order;

g. This Court's Sixth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals (the "Sixth Supplemental Interim Compensation Order")dated December 11, 2006; and

h. The Delphi Bankruptcy – Fee Committee Billing Guidelines (the "Fee Committee Guidelines").

**IV.   INFORMATION ABOUT CANTOR COLBURN AND THE APPLICATION**

9.   On or about December 6, 2005, the Debtors applied to retain Cantor Colburn as patent counsel [Docket No. 1455], all pursuant to 11 U.S.C. §§ 327, 1107, which application

was allowed by this Court by order dated January 3, 2006. A copy of the Order [Docket

No. 1709] allowing Cantor Colburn's employment is annexed hereto as "Exhibit A".

10.     More particularly, and as set forth in the Debtor's application to employ, Cantor Colburn

was retained as patent counsel to the Debtors in order to:

    a.  Prepare patent applications in various fields relating to the Debtors' business

       operations for filing in the United States Patent and Trademark Office, including

       without limitation applications directed to devices, components, processes and

       systems relating to inflatable restraints, inflatable cushions, occupant restraints,

       safety restraints, exhaust treatment, sensors, catalysts, solid oxide fuel cells, fuel

       control systems and steering systems;

    b.  Respond to office actions and otherwise prosecuting patent applications before the

       United States Patent and Trademark Office in the foregoing fields and as

       otherwise requested by Debtors;

    c.  Render patentability, infringement, and clearance opinions in the foregoing fields

       and as otherwise requested by Debtors;

    d.  Draft and negotiate intellectual property acquisitions, transfers or licenses relating

       to the Debtors' business operations in the foregoing fields and as otherwise

       requested by the Debtors;

    e.  Represent the Debtors in actual and contemplated intellectual property and related

       litigation; and

    f.  Perform such other patent and intellectual property related legal services as the

       Debtors may from time to time request.

11.     As set forth more fully in the Debtor's application to employ Cantor Colburn:

a. Cantor Colburn will be compensated at its usual and customary hourly rates, which range from $150 to $385 per hour, for work performed on Debtors' behalf;

b. Unless otherwise agreed to by the Debtors and Cantor Colburn, the professional service fees charged by Cantor Colburn for preparing a patent application for filing before the United States Patent and Trademark Office will be capped at Five Thousand and 00/100 Dollars ($5,000.00);

c. Unless otherwise agreed to by the Debtors and Cantor Colburn, the professional service fees charged by Cantor Colburn for preparing a response to an office action from the United States Patent and Trademark Office will be capped at One Thousand Six Hundred Fifty and 00/100 Dollars ($1,650.00);

d. When the Debtors and Cantor Colburn agree that work to be performed is beyond the scope of a typical patent application or response to an office action, Cantor Colburn's professional service fee will not be subject to the aforementioned caps; and

e. For matters other than the preparation of patent applications and responses to office actions, Cantor Colburn will earn its fees on an hourly basis.

12. In addition, and as set forth more fully in the Debtor's application to employ Cantor Colburn, the Debtors will pay Cantor Colburn for expenses incurred representing the Debtors. These expenses are in addition to Cantor Colburn's professional service fees, and are not subject to the professional service fee caps described above. By way of example, but not limitation, expenses include government fees, filing fees, drawing fees, messengers, facsimiles, computerized research, word processing, printing and photocopying, travel, transcripts, parking, filing fees, telephone toll charges, secretarial

overtime (when attributable to the Debtors' special needs), notary charges, experts and other consultants retained on the Debtors' behalf, and other similar costs and expenses.

13.     Cantor Colburn had rendered services to the Debtors prior to the Petition Date.  Cantor Colburn commenced rendering services to the Debtors' under the Interim Compensation Order effective as of the Petition Date.

14.     The Debtors did not pay, and Cantor Colburn has not received, any retainer as part of the Debtors' retention of Cantor Colburn.

15.     Cantor Colburn seeks compensation for professional services rendered during the Fifth Fee Period in the amount of Two Hundred Fifty-Eight Thousand Nine Hundred Eighty-Two and 50/100 Dollars ($258,982.50).

16.     Cantor Colburn seeks reimbursement of actual, reasonable and necessary expenses incurred during the Fifth Fee Period in the amount of and reimbursement of actual, reasonable and necessary expenses in the amount of Forty-Eight Thousand Seven Hundred Ninety-Five and 39/100 Dollars ($48,795.39).

17.     Thus, the total amount requested by Cantor Colburn for services rendered and expenses incurred during the Fifth Fee Period is Three Hundred Seven Thousand, Seven Hundred Seventy-Seven and 89/100 Dollars ($307,777.89).

18.     The Debtors are the source of the compensation and reimbursement requested herein.

19.     The compensation sought by Cantor Colburn is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

20.     Cantor Colburn does not differentiate between clients operating under the provisions of the United States Bankruptcy Code, and those that are not.  The rates charged to the Debtors are the same as the rates charged to non-bankruptcy clients.  Moreover, due to

the fee caps described above, the rates charged to the Debtors may, in certain instances, be less than the rates charged to other clients, whether in bankruptcy or not.

21.    Prior to the filing of the instant Application, and in accordance with the terms of the Interim Compensation Order, Cantor Colburn served monthly statements via overnight delivery upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: General Counsel, (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq. (the "U.S. Trustee"), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York, 10022-4802 (Att'n: Robert J. Rosenberg, Esq.), (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017 (Att'n: Marissa Wesley, Esq.), and (vi) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York, 10017 (Att'n: Marlane Melican, Esq.).

22.    In addition, Cantor Colburn has previously submitted its First, Second, Third and Fourth Applications to Legal Cost Control, the Debtor's Fee Examiner.  Cantor Colburn will submit this Fifth Fee Application to Legal Cost Control.

23.    Under the terms of the Interim Compensation Order, if the parties served with Cantor Colburn's monthly statements do not object, then Cantor Colburn may be paid eighty percent (80%) of the professional fees, and one hundred percent (100%) of the expenses, identified on each monthly statement.

24.    In addition, this Court has approved Cantor Colburn's First, Second, Third and Fourth

Fee Applications.  As a result, Cantor Colburn has been in full for all agreed upon

amounts due and owing under the First, Second, Third and Fourth Fee Applications.

25.    As of the date of the instant Application, Cantor Colburn has not received any objections

to the aforementioned monthly statements, including without limitation the monthly

statements for the Fifth Fee Period, and the Debtors have approved the monthly

statements, including without limitation the monthly statements for the Fifth Fee Period.

26.    In accordance with the terms of the Interim Compensation Order, as modified in the

manner described above, as of the date of the instant Application, Cantor Colburn has

been paid Two Hundred Seven Thousand One Hundred Eighty-Six and 00/100 Dollars

($207,186.00), representing eighty percent (80%) of the professional fees ($258,982.50)

and Forty-Eight Thousand Seven Hundred Ninety-Five and 39/100 Dollars ($48,795.39),

representing one hundred percent (100%) of the expenses, incurred during the Fifth Fee

Period.

27.    Under the terms of the Interim Compensation Order, upon allowance of the instant

Application, the Debtors may pay Cantor Colburn Fifty-One Thousand Seven Hundred

Ninety-Six and 50/100 Dollars ($51,796.50), representing the twenty percent (20%)

holdback on professional fees during the Fifth Fee Period.

## V.    CASE STATUS

28.    Upon information and belief, and based upon information that Cantor Colburn can

reasonably ascertain, as of the date of the instant Application, the Debtors have not filed a

plan and disclosure statement.  Cantor Colburn cannot reasonably ascertain when a plan

and disclosure statement will be filed, whether all quarterly fees have been paid to the

United States Trustee, whether all monthly operating reports have been filed, the amount

of cash on hand or on deposit, or the amount and nature of accrued unpaid administrative

expenses, the amount of unencumbered funds in the estate.

## VI.   SUMMARY SHEET

29.   Annexed hereto as "Exhibit B" is a summary sheet providing the:

    a.   Total compensation and expenses requested and any amount(s) previously

       requested;

    b.   Total compensation and expenses previously awarded by the Court;

    c.   Name and applicable billing rate for each person who billed time during the Fifth

       Fee Period, the date of bar admission for each attorney and, in the case of patent

       agents, the date of the agent's admission to the patent bar;

    d.   Total hours billed and total amount of billing for each person who billed during

       the Fifth Fee Period; and

    e.   Computation of blended hourly rate for persons who billed time during the Fifth

       Fee Period, excluding paralegal or other paraprofessional time.

30.   As of April 1, 2007, the hourly rates of three professionals who billed time to matters

included in this Application changed.  Two of the rates increased, while one decreased.

The rates were changed in accordance with Cantor Colburn's standard policies regarding

the hourly billing rates of its employees, and reflect these individual's experience and

productivity in their respective fields, together with the rates charged by similarly

experienced professionals and paraprofessionals practicing within the same fields as

Cantor Colburn.  The rate changes are applied to all clients for whom the professionals

and paraprofessionals provided services, without regard to whether the clients have filed

Petitions for Relief under the Code.  The amended rates are identified in Exhibit B.

## VII.    PROJECT BILLING RECORDS AND PROJECT CODES

31.    The Fee Committee has established certain Project Codes and Categories, and requested

that all professionals categorize their activities according to the Project Codes and

Categories.

32.    Accordingly, annexed hereto as Exhibit C is a summary of the time and service entries

arranged by Project Code and Categories, setting forth the project number, total fees

requested for the project, expenses incurred performing the project and the total

compensation.

33.    As set forth on Exhibit C, during the Fifth Fee Period, Cantor Colburn performed services

and incurred expenses of Three Thousand Eight Hundred Eighty-Nine and 11/100

Dollars ($3,889.11) in Category 7 (Fee/Employment Applications), comprising

professional fees of Three Thousand Two Hundred Twenty-Four 00/100 Dollars

($3,224.00) and expenses of Six Hundred Sixty-Five and 11/100 Dollars ($665.11).  The

net balance of fees and expenses during the Fifth Fee Period relate to the Debtors'

business operations, and as such are categorized under Category 3 (Business Operations).

34.    Annexed hereto as Exhibit D are the detailed billing records for the projects identified on

Exhibit C, for each month of the Fifth Fee Period.  The detailed billing records represent

professionals', paraprofessionals' and technical experts' contemporaneous billing records

for the services performed.

## VIII.   VOLUNTARY REDUCTION OF FEES

35.   Section E of the Local Guidelines requires an applicant submitting a fee application to
disclose whether the applicant is not requesting all of the fees or disbursements for which
it might be entitled based on the applicable hourly rates multiplied by the hours expended
or based on the court order authorizing retention.

36.   As set forth more fully above, Cantor Colburn has agreed to cap its professional fees in
certain matters, which is reflected in this Court's order authorizing Cantor Colburn's
employment.

37.   The voluntary reductions for each project in which a reduction occurred are identified in
Exhibit D.  The total reduction for the Fifth Fee Period, representing the total of all
reductions identified on Exhibit D, is One Hundred Seventy-Nine Thousand Four
Hundred Nineteen and 50/100 Dollars ($179,419.50), and is identified on Exhibit B.

## IX.   REQUEST FOR REDACTION OF PRIVILEGED OR CONFIDENTIAL INFORMATION

38.   Section C of the Local Guidelines provides that [i]f there is a need to omit any
information or description of services as privileged or confidential, the applicant may
make such a request of the court; provided, however, that if such a request is granted, the
court may request that it be furnished with a set of unredacted time records for *in camera*
inspection.

39.   Cantor Colburn respectfully requests that it be permitted to redact privileged or
confidential information from the detailed billing records annexed hereto as Exhibit D.
By way of example, certain time records disclose the title of an invention that discloses
sufficiently detailed information for a competitor to identify the nature of the invention.
In other cases, particularly cases involving non-infringement or patentability opinions,

the patent being analyzed is identified.  In still other cases, particular prior art references considered during prosecution of a patent are disclosed.

40.    The foregoing information comprises Debtors' privileged or confidential information.

41.    In order to avoid disclosing information that is privileged or confidential contained in the detailed billing records annexed hereto as Exhibit D, Cantor Colburn redacted certain time records to remove such privileged or confidential information, in accordance with Section C of the Local Guidelines.

42.    Cantor Colburn will provide a copy of unredacted detailed billing records for *in camera* inspection by the Court upon request, all as set forth in Section C of the Local Guidelines.

## X.    TIMEKEEPERS BILLING LESS THAN TEN HOURS DURING THE FIFTH FEE PERIOD

43.    The Fee Committee Guidelines provide that "Timekeepers billing ten (10.00) hours or less during the compensation period should be deducted from fees unless explained satisfactorily by the firm.  The contribution of these timekeepers is usually negligible."

44.    Certain timekeepers identified in Exhibit B billed less than ten (10) hours during the Fifth Fee Period.  However, these timekeepers' activities are not negligible and should be compensated because:

        a.    The timekeepers were performing tasks relating to cases upon which the particular timekeeper had previously worked (including work performed pre-petition) and were therefore familiar, thereby allowing the timekeeper who was most familiar with a particular matter to handle the tasks performed during the Fifth Fee Period more efficiently than another timekeeper;

b.  The timekeepers were performing specific tasks relating to their particular responsibilities within Cantor Colburn, and which the particular timekeeper performs more efficiently than other timekeepers;

c.  The timekeepers were performing discrete tasks relating to their particular area of expertise; and

d.  The timekeepers' contributions to the particular matter upon which they were working were not negligible.

45.  If another timekeeper had performed these tasks, Cantor Colburn avers that the fees incurred would likely have been higher than those requested in this Application.

46.  Cantor Colburn further avers that it has satisfactorily explained the reasons that certain timekeepers billed less than ten (10) hours during the Fifth Fee Period, that it has complied with the Fee Committee Guidelines, and that it should be compensated for these timekeepers' activities.

## XI.   REIMBURSEMENT OF ACTUAL, REASONABLE AND NECESSARY EXPENSES

47.  Cantor Colburn seeks reimbursement for of actual, reasonable and necessary expenses in the amount of Forth Eight Thousand Seven Hundred Ninety-Five and 39/100 Dollars ($48,795.39).

48.  The expenses for which Cantor Colburn seeks reimbursement are summarized on Exhibits B and C, and further described, on a project-by-project basis, on Exhibit D.

49.  Cantor Colburn avers that the expenses are reasonable and economical.  The expenses are customarily charged to Cantor Colburn's non-bankruptcy clients.

50.    The expenses incurred by Cantor Colburn that are attributable to charges from third

parties are limited to the actual amounts billed to, or paid by, Cantor Colburn on behalf of

the Debtors.

51.    The expenses incurred by Cantor Colburn in-house reflect the actual cost of such

expenses to Cantor Colburn.  With regard to charges for photocopies and facsimiles, the

charges are no more than the rates allowed under Sections F(1) and F(2) of the Local

Guidelines.  More particularly, Cantor Colburn charges $0.10 per page for photocopies.

## XII.    CERTIFICATION

52.    The undersigned attorney has been designated by Cantor Colburn with responsibility in

the Debtors' cases for ensuring that the instant Application is compliance with the

Interim Compensation Order, the Local Guidelines, the Federal Rules of Bankruptcy

Procedure, the United States Bankruptcy Code and the UST Guidelines.

53.    The undersigned attorney has read the application.

54.    To the best of the undersigned attorney's knowledge, information and belief, formed after

reasonable inquiry, the fees and disbursements sought herein ball within the Local

Guidelines and the UST Guidelines.

55.    Except to the extent that fees or disbursements are prohibited by the Local Guidelines or

the UST Guidelines, the fees and disbursements sought are billed at rates and in

accordance with practices customarily employed by Cantor Colburn and generally

accepted by Cantor Colburn's clients.

56.    In providing reimbursable services, Cantor Colburn does not make a profit on that

service, whether the service is performed in-house or though a third party.

57.    Cantor Colburn has provided the Debtors, together with the chair of each official

committee and the individuals identified in the Interim Compensation Order, a statement

of fees and disbursements accruing during each month, no more than twenty (20) days

after the end of each month.

## XIII.   PROPOSED ORDER

50.    A proposed Order allowing the Fifth Fee Application is annexed hereto as "Exhibit E".

WHEREFORE, Cantor Colburn LLP respectfully requests that this Court:

    a.    Approve Cantor Colburn's Fifth Interim Application For Allowance Of

Compensation For Services Rendered And Reimbursement Of Expenses Pursuant

To 11 U.S.C. §§ 330, 331 in the total amount of Three Hundred Seven Thousand

Seven Hundred Seventy-Seven and 89/100 Dollars ($307,777.89), comprising

compensation for professional services rendered in the amount of Two Hundred

Fifty-Eight Nine Hundred Eight-Two and 50/100 Dollars ($258,982.50) and

reimbursement of actual, reasonable and necessary expenses in the amount of

Forty-Eight Thousand Seven Hundred Ninety-Five and 39/100 Dollars

($48,985.39), during the Fifth Fee Period;

    b.    Approve the Debtor's payment to Cantor Colburn of Two Hundred Seven

Thousand One Hundred Eighty-Six and 00/100 Dollars ($207,186.00),

representing eighty percent (80%) of the professional fees ($258,982.50)  and

Forty-Eight Thousand Seven Hundred Ninety-Five and 39/100 Dollars

($48,985.39), representing one hundred percent (100%) of the expenses, incurred

during the Fifth Fee Period, all pursuant to the Interim Compensation Order;

c.  Authorize the Debtors to pay to Cantor Colburn Fifty-One Thousand Seven

Hundred Ninety-Six and 50/100 Dollars ($51,796.50), representing the twenty

percent (20%) holdback on professional fees during the Fifth Fee Period, upon

allowance of the instant application; and

d.  Grant such other relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED
CANTOR COLBURN LLP

Dated: August 3, 2007                    By:___/s/Daniel E. Bruso_____
                                         Daniel E. Bruso (DB-5232)
                                         Cantor Colburn LLP
                                         55 Griffin Road South
                                         Bloomfield, CT  06002
                                         (860) 286-2929 (Telephone)
                                         (860) 2986-0115 (Facsimile)
                                         Dbruso@cantorcolburn.com (e-mail)

                                         Patent Counsel to Delphi Corporation *et al.*,
                                         Debtors and Debtors-in-Possession