1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 05-44481

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  DELPHI CORPORATION, ET AL.,

9

10          Debtor.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14              United States Bankruptcy Court

15              One Bowling Green

16              New York, New York

17

18              June 26, 2007

19              10:07 AM

20

21  B E F O R E:

22  HON. ROBERT D. DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25

2

1

2   19TH OMNIBUS HEARING re Catalyst Sale Motion

3

4   19TH OMNIBUS HEARING re Sandusky Capital Procurement motion

5

6   19th OMNIBUS HEARING re Mexico Brake Plant Asset Sale Motion

7

8   19th OMNIBUS HEARING re Section 1121(d) Exclusivity Extension

9   motion

10

11   19th OMNIBUS HEARING re 13th Omnibus Unopposed Claims Objection

12

13   19th OMNIBUS HEARING re 14th Omnibus Claims Objection

14

15   19TH OMNIBUS HEARING re 15th Omnibus Claims Objection

16

17   19TH OMNIBUS HEARING re 16th Omnibus Claims Objection

18

19   19TH OMNIBUS HEARING re 17th Omnibus Claims Objection

20

21   19TH OMNIBUS HEARING re Fourth Interim Fee Applications for

22   Various Professionals

23

24

25   Transcribed by:  Lisa Bar-Leib

3

A P P E A R A N C E S :

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

      Attorneys for Debtor

      333 West Wacker Drive

      Chicago, IL 60606

BY:   JOHN WM. BUTLER, JR., ESQ.

      JOHN K. LYONS, ESQ.

      RON E. MEISLER, ESQ.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

      Attorneys for Debtor

      Four Times Square

      New York, NY 10036

BY:   THOMAS J. MATZ, ESQ.

      KAYLAYN A. MARAFIOTI, ESQ.

FRIED, FRANK, HARRIS SHRIVER & JACOBSON LLP

      One New York Plaza

      New York, NY 10004

BY:   RICHARD J. SLIVINSKI, ESQ.

      VIVEK MELWANI, ESQ.

4

1

2   GOODWIN PROCTER LLP

3        599 Lexington Avenue

4        New York, NY 10022

5

6   BY:   BRIAN W. HARVEY, ESQ.

7

8   HERBERT BEIGEL & ASSOCIATES, LLC

9        10371 North Oracle Road

10        Suite 102

11        Tucson, AZ 85737

12

13   BY:   GERMAN YUSUFOV, ESQ.

14        (TELEPHONICALLY)

15

16   U.S. DEPARTMENT OF JUSTICE

17        Office of the United States Trustee

18        33 Whitehall Street

19        Suite 2100

20        New York, NY 10004

21

22   BY:   ALICIA M. LEONHARD, ESQ.

23

24

25

5

1      P R O C E E D I N G S

2           THE COURT:  Okay.  Delphi Corporation.

3           MR. BUTLER:  Your Honor, good morning.  Jack Butler,

4    Kayalyn Marafioti and Ron Meisler on behalf of Delphi

5    Corporation for its omnibus hearing for June.  This is our

6    nineteenth omnibus hearing, Your Honor, and we have filed an

7    agenda listing the matters, some forty-seven of them that are

8    to be dealt with today, and we'd propose to move forward in the

9    order on the agenda.

10          THE COURT:  Okay.  That's fine.

11          MR. BUTLER:  Your Honor, matters -- the first matter

12   on the agenda, matter number 1, is the creditors' committee GM

13   claims and defenses motion at docket number 4718.  And matter

14   number 2 is the equity committee's ex parte motion to file

15   supplemental objections under seal at docket number 5229.

16               As in prior months, Your Honor, based on the

17   framework discussions that are continuing between the parties,

18   the creditors' committee and the equity committee have agreed

19   to move these matters off until the July 19th omnibus hearing.

20          THE COURT:  Okay.

21          MR. BUTLER:  Your Honor, the next matter on the

22   agenda is the Catalyst sale motion.  This is at docket number

23   8179 and agenda item number 3 on the agenda.  This is, Your

24   Honor, a motion by the debtors for approval of procedures to

25   sell the Catalyst business that the debtors have.  This is a

6

1    request today to establish bidding procedures, notice

2    procedures, certain bid protections to set the sale hearing and

3    if Your Honor enters the relief we're seeking today, we would

4    conduct a sale hearing tentatively scheduled at the August

5    16th, 2007 omnibus hearing.

6         Your Honor, the proposed purchaser here is UmiCorp, a

7    Belgian based company, which has proposed to purchase the

8    business for 55.6 million dollars subject to certain

9    adjustments and other consideration including without

10   limitation the assumption and assignment of certain assumed

11   contracts and the assumption of certain assumed liabilities.

12   This is an auction process, Your Honor, subject to higher or

13   otherwise better offers as set forth in the proposed procedures

14   order.

15        I should inform Your Honor that we've not received

16   any objections to the motion as it pertains to the relief

17   requested today.  We have reviewed this with the creditors'

18   committee.  They had two requests that we make changes in the

19   proposed order.  We have agreed to make those changes.  The

20   first is a request by the committee that the selling debtor

21   entities lower the bidder permits to 500,000.  That change is

22   reflected in the blacklined order.  And second, that it be made

23   clear on the record any order that the selling debtor entities

24   only would be responsible for their pro rata portion of the

25   breakup fee or expense reimbursement and that the remainder of

7

```
1    the breakup fee or expense reimbursement, should it ever become
2    payable, would be owed by the non-debtor sellers.
3            THE COURT:  And that proportion is based on the
4    allocation schedule that's attached?
5            MR. BUTLER:  Yes, Your Honor.
6            THE COURT:  Okay.  All right.  Anything else to be
7    said on this motion by anybody?  All right.  I see that the
8    company has been trying to sell this business for some time so
9    I think the schedule is fine.  People should be able to do
10   their due diligence given the prior sale efforts.  So I'll
11   approve the bidding procedures with the two changes that the
12   committee and you agreed upon as well as the breakup fee and
13   expense reimbursement provisions.
14           MR. BUTLER:  Thank you, Your Honor.  Your Honor, the
15   next item on the agenda, matter number 4, is the Sandusky
16   Capital Procurement motion, filed at docket number 8197 and
17   this involves the debtors seeking an order authorizing Delphi
18   Corporation to enter into and perform an agreement with General
19   Motors Corporation to procure certain tooling and equipment for
20   facilities that's located in Sandusky, Ohio.
21           Essentially, Your Honor, what's involved here if I
22   boil it down is the procurement of some tooling and equipment
23   for the Sandusky plant which Delphi would procure.  General
24   Motors would ultimately reimburse us for that when the Sandusky
25   plant is sold, General Motors would be able to obtain repayment
```

8

1    through the proceeds of that sale.  There are certainly more

2    detail in the motion but that's the basic essence of the

3    agreement.  We have reviewed this matter with our creditors'

4    committee and with other parties and there have been no

5    objections filed to the relief requested.

6         I should indicate, Your Honor, here that in

7    connection with the calculation of the various amounts that

8    would be payable under this, there would be credits based on

9    the reimbursements to be paid under the monthly bills that are

10   set forth in the motion.  There is a billing process on which

11   there would be reimbursements to Delphi by General Motors and

12   of course that's credited against the total obligations to

13   General Motors.  I just want to make clear that there's that

14   mechanism and that we would be following the formulas and

15   calculations set forth in the agreement as it's described in

16   the motion.

17        THE COURT:  Okay.  Does anyone want to speak to this

18   motion?  All right.  I find that the debtors have set forth

19   good business reasons for this arrangement to the extent it is

20   out of the ordinary course and it's kind of on that borderline.

21   I'll approve it.

22        MR. BUTLER:  Thank you, Your Honor.  Your Honor,

23   matter number 5 on the agenda is the Mexico Brake Plant asset

24   sale motion at docket number 8249.  As with the Catalyst sale,

25   this is another of the companies non-core business assets that

9

1   in our March 31st, 2006 transformation plan we indicated we

2   would be seeking to sell.

3            This is also a two-step process that's proposed

4   before the Court.  So today we're seeking approval of bid

5   protections, bidding procedures and notice procedures and to

6   set a sale hearing.  The proposed purchaser in this particular

7   transaction is Robert Bosch LLC and its affiliates.  The

8   proposed purchase price is fifteen million.  There would also

9   be an allocation here among debtor and non-debtor entities

10  based on an allocation schedule agreed to between the

11  purchasers and the sellers.  As with the other transaction,

12  there are breakup fees and expense reimbursements here.  The

13  debtors believe we're also within the reasonable range of

14  bidding permit -- or, excuse me, breakup fees and reimbursement

15  arrangements.

16           We would, Your Honor, in this transaction, also

17  conduct a sale on this should the -- an auction and the sale

18  would also come on for the August hearing.

19           THE COURT:  Okay.

20           MR. BUTLER:  I'm sorry, excuse me.  This one actually

21  has been moved up.  This one is the -- we're actually trying to

22  set this up for the July hearing.

23           THE COURT:  Okay.  That was my only --

24           MR. BUTLER:  This is just -- no this is just asset

25  sales.

10

1          THE COURT:  That was my only question about this, is

2      this is a pretty tight time schedule.  Is there a reason to do

3      it so quickly?  Have you already been shopping the matter and

4      people --

5          MR. BUTLER:  This is -- Your Honor, these are

6      specific specified assets rather than a business.  These are

7      assets that Bosch believes that they need.  There's been a

8      lengthy negotiations.  We've reviewed these with the creditors'

9      committee and the view was to try to move this along as quickly

10     as we could.

11         THE COURT:  Okay.  And there has been already

12     shopping --

13         MR. BUTLER:  Yes.

14         THE COURT:  -- of the assets?

15         MR. BUTLER:  The one thing I can assure Your Honor is

16     that the debtors non-core assets have been shopped.

17         THE COURT:  Okay.  All right.  In light and there

18     being no objections, I'll approve this motion as well.

19         MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

20     next matter on our agenda is the debtors' fourth Section

21     1121(d) Exclusivity Extension motion request at docket number

22     8273.  If approved by Your Honor, this would extend the time by

23     which the debtors could file a plan of reorganization through

24     and including December 31, 2007 and the time by which the

25     debtors could solicit acceptances to that plan through and

11

1   include February 29th, 2008.

2            Your Honor, before bringing this motion, these

3   matters were discussed with a number of our principal

4   stakeholders including the creditors' committee, the equity

5   committee and General Motors, all of whom have consented to

6   this relief that's been requested.  And this is of course

7   subject to -- it's also been reviewed by both plan investors

8   and it is subject to the right, of course, as set forth in the

9   order that for cause someone could come in and seek to shorten

10   the time or terminate it.

11            THE COURT:  Okay.  So this doesn't trigger any right

12   by the plan investors to opt out or anything?

13            MR. BUTLER:  No.  This doesn't trigger any rights.  I

14   mean, as Your Honor knows, on April 19th we issued a press

15   release indicating that we were involved -- we were commencing

16   negotiations to modify the EPCA with the current plan investors

17   and that that would result in either a modified or terminated

18   EPCA and that the debtors would not comment publicly until one

19   of those two events occurred.  We did indicate at that time as

20   well that it's our expectation that at the conclusion of those

21   discussions and the announcement in connection with those

22   discussions that Cerberus would no longer be a plan investor.

23   And that's been the extent of our public announcements and

24   we've not made any others since that date.

25            THE COURT:  Okay.  All right.  Does anyone want to

12

1    address this motion?  All right.  In light of the state of the

2    debtors' reorganization efforts and the consensus on this

3    motion among the debtors and the major constituents, I'll

4    approve it.

5            MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

6    next matter on the agenda, this is matter number 7 is the 13th

7    omnibus claims objection at docket number 7825.  Your Honor may

8    recall this was originally scheduled to be heard at the May

9    omnibus hearing but we needed to defer consideration of

10   exhibits E-1 and E-2 of the claims objection that covered about

11   370 claims because of a noticing error that is subsequently

12   being cured.

13           Your Honor, E-1 and E-2 of the 13th omnibus claims

14   objection, as I said, cover 370 claims asserting the aggregate

15   amount of about 30.1 million dollars.  Exhibit E-1 lists 285

16   proofs of claim that we -- asserting 27.4 million which we seek

17   to modify and Exhibit E-2 is 85 proofs of claim in the amount

18   of about 2.7 million filed by taxing authorities that we seek

19   to modify.

20           We have received, Your Honor, forty-six formal

21   responses in connection with those objections.  Forty of them

22   were docketed.  Six were received by us and not docketed yet.

23   So we have a total of forty-six.  Those dealt with -- those

24   forty-six responses dealt with fifty-nine claims.  Of those

25   forty-six responses and the fifty-nine claims, there are three

13

1    responses that we're not seeking to adjourn in accordance with

2    our normal custom because we believe they have been resolved.

3    The first is the claim of Vorys, Sater, Seymour and Pease LLP.

4    They withdrew their response and that withdrawal is at docket

5    number 8123.  The other two resolved responses involve claims

6    to which the debtors only seek to change the identity of the

7    alleged debtor but not modify the dollar amount or

8    classification and we have spoken to those respondents and they

9    agreed to that relief as it was requested.

10           Your Honor, that means that we are -- of the total

11   370 claims, we have then what I'll call forty-three live

12   responses covering fifty-six claims which we would adjourn in

13   connection with our customary procedure and put them on the

14   claims track.

15           The remaining 314 claims assert approximately 23.2

16   million dollars and the relief we're requesting today in

17   connection with those is as follows:  we're seeking a reduction

18   of approximately 7.3 million dollars so that they would be

19   reduced to 15.9 million subject to a reservation of rights

20   continuing their -- involving their continued allowance.  And

21   that would be, just to be specific, Exhibit E-1, there would be

22   246 claims asserting approximately 20.9 million that would be

23   reduced to about 13.8 million.  That's a 7.1 million dollar

24   reduction.  And on E-2 there are sixty-eight claims asserting

25   2.3 million which would be reduced by 200,000 dollars to

14

1    approximately 2.1 million.

2            Your Honor, we have filed our omnibus reply with the

3    proposed order and with the information that I've described on

4    the record here today, we'd ask Your Honor to grant relief with

5    respect to the 314 claims and set the remaining claims, the

6    fifty-six claims and the forty-three responses for adjudication

7    of the claims track.

8            THE COURT:  Okay.  Does anyone want to address the

9    relief the debtors are seeking in this 13th omnibus objection.

10           MR. YUSUFOV (Telephonically):  Yes, Your Honor.  Your

11   Honor?

12           THE COURT:  Yes.  And just for the record, who are

13   you, sir?

14           MR. YUSUFOV:  My name is German Yusufov.

15   (Indiscernible due to telephonic recording not near the

16   microphone)

17           THE COURT:  Could you -- I'm not sure the sound

18   system is working that well today.  Could you repeat again the

19   name of your client or your company?

20           MR. YUSUFOV (Telephonically):  (Indiscernible)

21           THE COURT:  Okay.

22           MR. BUTLER:  Your Honor, this is counsel, I believe,

23   for Pima County, Arizona.  I believe it's Mr. German Yusufov,

24   G-E-R-M-A-N, second name, Y-U-S-N-F-O-R.  I believe he's

25   speaking about claim 1010248 which has been adjourned under the

15

1    proposed order.

2              THE COURT:  Okay.  So did you hear that?  Your claim

3    will be dealt with through the claim objection procedures which

4    has a separate order outlining those procedures.  If you can't

5    access that order on the Court's docket, I'm sure you could

6    speak to debtors' counsel about how those procedures play out.

7              MR. YUSUFOV:  Thank you, Your Honor.

8              THE COURT:  Okay.  Anyone else?  All right.  In light

9    of the fact the debtors are proceeding today only with respect

10   to unopposed relief and given the adequate notice of their

11   request, I'll grant the motion.

12             MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

13   next matter is matter number 8 on the agenda.  This is the 14th

14   omnibus claims objection.  It's filed at docket number 7998.

15   This is a new motion dealing with procedural objections.  There

16   are fifteen claims that the debtors objected to based on the

17   fact that they were duplicate of other claims or have been

18   amended or superseded or merely protective in nature.  Seven of

19   the claims were, in the debtors' view, protective.  Eight

20   claims asserted about 10.8 million dollars which the debtors

21   believe are duplicative.

22             Your Honor, this particular objection drew eleven

23   objections to the -- or eleven responses to eleven of the

24   fifteen objections.  And therefore, with respect to the relief

25   here today, we're seeing relief only with respect to four

16

1   uncontested claims asserting liquidating claims of

2   approximately 1.2 million dollars.  I would ask that those be

3   expunged.  And with respect to the remaining eleven claims

4   covered by the eleven responses, as our proposed order says, we

5   would have those, Your Honor, move over to adjudication in the

6   claims track.

7            THE COURT:  Okay.  Does anyone want to speak to this

8   14th omnibus objection?  All right.  With regard to the four

9   claims that the debtors seek to have expunged today, I'll grant

10  that objection as being unopposed after due notice.

11           MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

12  next matter on the agenda is matter number 9, is the 15th

13  omnibus claims objection.  This is at docket number 7999.  This

14  deals, Your Honor, with substantive objections to 289 claims.

15           With respect to the 289 claims, Your Honor, the

16  debtors received forty-nine responses covering 72 claims.  One

17  of those has been resolved.  That is the claimant -- the

18  claimant in that case is Fitzgerald Water Light and Bond

19  Commission which understands that we're not seeking to modify

20  the classification or change the identity of this particular

21  debtor.  And that claimant has agreed that that response was

22  resolved.

23           That brings us down to forty-eight responses and

24  seventy-one objections -- or seventy-one claims that we've

25  objected to that have been responded to by claimants that need

17

1    to be moved over to the claims track, leaving uncontested

2    claims of 218 claims asserting liquidated damages of

3    approximately 46.3 million.

4         Of these claims, Your Honor, the debtors are seeking

5    to expunge thirty-seven of the claims within an asserted claim

6    amount of about 24 million and with respect to the remaining

7    claims that assert 22 million, the debtors are seeking to

8    modify the identity of the debtor against whom the proof of

9    claim is asserted and/or the class and the amount of the claim

10   which would reduce the asserted amount of those claims to

11   approximately 19.4 million, a reduction of approximately 2.6

12   million.

13        Your Honor, as with our other claims matters, we have

14   filed an omnibus reply with the proposed order that grants the

15   relief I've outlined with respect to the 218 claims not

16   objected to and moves the forty-eight responses and the

17   seventy-one claims for which there was response to the claims

18   track for adjudication.

19        THE COURT:  Okay.  Does anyone want to address this

20   15th omnibus objection?  All right, as with the last one, given

21   that the debtors are proceeding only with unopposed claim

22   objections after due notice, I'll grant the objection as

23   modified.

24        MR. BUTLER:  Thank you, Your Honor.  Your Honor, I

25   should mention to Your Honor, as we try to keep Your Honor

18

1   apprised of claims matters, we have filed our 16th and 17th

2   omnibus claims objections.  Those were filed on May 22nd.  The

3   16th claims objection dealt with about twenty-six claims and

4   the 17th objection dealt with a total of, I think, something in

5   the neighborhood of about 250, 260 claims.  It's come to our

6   attention, as it happened once prior in this case, that a

7   subset of those claims, specifically the claims on Exhibit E-2,

8   were -- and there were forty-one claims there -- may not have

9   been properly -- and there was -- may not have been properly

10  noticed because the claims classification headings was

11  mislabeled.  And this affects only forty-one of the 257 claims.

12  We've renoticed it with the proper notice but when we get to

13  the hearing next month, we'll actually move those claims off to

14  the next omnibus hearing to give more time to those folks to

15  respond.

16          THE COURT:  Okay.  That's fine.

17          MR. BUTLER:  Your Honor, the remaining item on the

18  agenda is the Court's consideration of the fourth interim fee

19  applications of certain professionals.  These involve matters

20  10 beginning on -- 10 through 47 on the agenda.

21          Your Honor, this hearing, the fee hearing, had

22  originally been scheduled for June 21, 2007.  However, on March

23  29th, the debtors filed a change of notice -- or notice of

24  change of hearing from June 21st to June 26th and that was

25  filed at docket number 7478 and all professionals were given

19

1    notice of that change of hearing.

2         A total of thirty-eight professionals have timely

3    submitted applications with respect to the fourth interim fee

4    period.  Each of these retain -- or I should say, all of these

5    professionals were retained either by the debtors, the

6    unsecured creditors' committee, the equity committee or the

7    joint fee review committee.  Your Honor, there are also four

8    professionals that have before the Court fee applications for

9    the second and third interim fee periods.  As noted in the fee

10   application orders entered by the Court back on February 15th,

11   2007 at docket number 6997 and 7019, DLA Pipers' fee

12   application for the second and third applications and Houlihan

13   Lokey's fee application for the third period were adjourned to

14   this hearing.

15        Additionally, Price Water Cooper's applications for

16   the second and third interim fee periods and Legal Cost

17   Control's applications for the third interim period were

18   noticed for this hearing.

19        I should indicate to this Court and on this record

20   that there are three retained professionals in this case that

21   have not yet filed any fee applications.  The debtors do

22   monitor all of the retention orders entered in this case and we

23   monitor the applications and report that information to the fee

24   committee.  There are three professionals that have not yet

25   filed fee applications.  They are Crowell and Mooring, WY

20

1    Campbell and Page Mill.

2              Just briefly, Your Honor, Crowell and Moring, which

3    are anti trust counsel, the debtors were retained on March 9,

4    2006 at docket number 2773.  Their arrangement is a contingent

5    fee basis and they have not yet submitted any bills to the

6    debtors for payment under that application.

7              WY Campbell, whose our financial advisors to the

8    debtors in connection with certain sales and dispositions were

9    retained on December 4, 2006 at docket number 6048.  The

10   debtors have agreed to pay WY Campbell a monthly advisory fee

11   of 50,000 as well as a success fee with respect to the

12   divestiture of the Mount business which has not yet been

13   brought before the Court.  WY Campbell has not yet submitted

14   any invoices for the debtors, to the best of our knowledge, and

15   we're confirming that.

16             Finally, Page Mill who were the financial advisors in

17   connection with MobilAria were retained on May 15th, 2006 at

18   docket number 3759.  Their arrangement was on a success fee

19   basis and they've not submitted any invoices to the debtors to

20   the best of our knowledge and we're checking into that, Your

21   Honor, because MobilAria is a transaction that was completed

22   some time ago.  But there's the -- the invoice hasn't come in

23   and the fee application hasn't been filed.

24             THE COURT:  Okay.

25             MR. BUTLER:  Other than those instances, Your Honor,

21

1   the other applications are, on behalf of the other thirty-eight

2   professionals are pending before the Court.  These applications

3   have all been reviewed by the joint fee committee in this case

4   and by the Joint fee committee's fee auditor who has prepared

5   preliminary reports and served them on the professionals.

6   those professionals have responded to those reports and

7   communicated with and had conversations and dialogue with the

8   joint fee review committee.  The joint fee review committee has

9   reviewed the applications and the work done by their fee

10  auditors and has in some instances sought additional voluntary

11  accommodations by the various professionals.  All of the

12  recommendations by the fee committees -- join fee committee has

13  been accepted by the individual professionals in connection

14  with the fourth fee application and there are no dispute

15  matters between the fee committee and the professionals

16  retained in the cases to present to the Court today.

17          I should indicate, Your Honor, two members of the

18  feel committee are here present in court today.  Alicia

19  Leonhard, on behalf of the U.S. trustee, who's a member of the

20  fee committee, and John Sheehan, the debtors' chief

21  restructuring officer who's a member of the fee committee, are

22  both present in court today to answer any questions that Your

23  Honor may have in connection with this matter.

24          Based on the work done by the joint fee review

25  committee and by Legal Cost Control and discourse with the

22

1    professionals, there was a proposed fourth interim fee

2    application order and additional information that was submitted

3    to chambers as well as follow on orders for the third and

4    second fee application periods dealing with the individual

5    professionals that I indicated.

6              It is the recommendation, Your Honor, of the joint

7    fee review committee that with respect to the fourth interim

8    fee application and it's indicated in paragraph 2 of the

9    proposed order, that if Your Honor is prepared to accept the

10   recommendations of the fee committee and grant the relief that

11   the holdback for the fourth fee period would be released upon

12   entry of the order with a reservation of rights as to any

13   holdback for subsequent fee application periods.

14             THE COURT:  Okay.  Remind me, there's still a

15   holdback for earlier periods, right?

16             MR. BUTLER:  No, Your Honor.  The first, second and

17   thirds were released as people agreed -- entered into

18   agreements with the joint fee review committee.  The fifth fee

19   application period, which ended on May 31st, has a twenty

20   percent holdback which is still being held back in its

21   entirety.

22             THE COURT:  Okay.  All right.  Does anyone want to

23   address these fee applications?

24             MS. LEONHARD:  Good morning, Your Honor.  Alicia

25   Leonhard for the United States trustee.  Just briefly, the U.S.

23

1    trustee concurs with the fee committee's recommendation and I

2    would like to also state for the record that the fee committee

3    has decided also going forward that we will not require a

4    budget from the professionals any longer when we found the

5    budgeting process wasn't useful in our deliberations.  And we

6    also would like to thank the parties for their cooperation.

7         THE COURT:  Okay.  I guess I had a question for both

8    Mr. Sheehan and you which -- in your experience, has this

9    committee worked essentially like a good give and take between

10   a client and its counsel over fees?

11        MS. LEONHARD:  Absolutely, Your Honor, it has.  It's

12   worked very, very well.  I think we've worked as -- I think

13   we've taken a rational business approach as we said earlier and

14   we -- yes, we've -- the professionals have been very

15   cooperative.  And the committee -- LCC is really just for

16   everybody's edification.  LCC is very much our agent.  The

17   trustee committee handles all the negotiations.  LCC does the

18   number punching for us.  And it's really a pleasure to work

19   with the members of the committee and it's a pleasure to work

20   with the professionals.  The U.S. trustee very rarely allows

21   the withholding of -- you know, release of holdback.  But the

22   debtor's twenty-five or thirty million dollars in holdback for

23   ongoing and for this period we have no objection to the release

24   without prejudice to future holdbacks --

25        THE COURT:  Right.

24

1          MS. LEONHARD:  -- since there's no danger of

2    insolvency.

3          THE COURT:  Okay.  All right.  In light of that, and

4    my review of the applications, the main ones, that is, I'll

5    approve the interim applications as sought including the

6    release of the holdback for the fourth.

7          MR. BUTLER:  Thank you, Your Honor.  Your Honor, that

8    completes the matters on the agenda for the 19th omnibus

9    hearing.

10          THE COURT:  All right.  Thank you.

11          MR. BUTLER:  Thank you.

12          (Whereupon these proceedings were concluded at 10:34

13    a.m.)

14

15

16

17

18

19

20

21

22

23

24

25

25

1

2                                **I N D E X**

3

4                              **R U L I N G S**

5    DESCRIPTION                                    PAGE      LINE

6    Catalyst sale motion approved                   7         11

7    Sandusky Capital Procurement motion             8         21

8    approved

9    Section 1121(d) Exclusivity Extension          12         4

10   motion approved

11   13th omnibus claims objections granted         15         11

12   14th omnibus objection granted with            16         9

13   respect to four uncontested claims

14   4th interim fee applications as                24         5

15   sought approved

16

17

18

19

20

21

22

23

24

25

26

1

2                         C E R T I F I C A T I O N

3

4    I Lisa Bar-Leib, court-approved transcriber, certify that the

5    foregoing is a correct transcript from the official electronic

6    sound recording of the proceedings in the above-entitled

7    matter.

8

9                                          June 28, 2007

10   Signature of Transcriber           Date

11

12   Lisa Bar-Leib

13   typed or printed name

14

15

16

17

18

19

20

21

22

23

24

25