```
                                                                    1
 1

 2   UNITED STATES BANKRUPTCY COURT

 3   SOUTHERN DISTRICT OF NEW YORK

 4   Case No. 05-44481-rdd

 5   - - - - - - - - - - - - - - - - - - - - - - -x

 6   In the Matter of:

 7

 8   DELPHI CORPORATION,

 9

10           Debtor.

11

12   - - - - - - - - - - - - - - - - - - - - - - -x

13

14              United States Bankruptcy Court

15              One Bowling Green

16              New York, New York

17

18              July 20, 2007

19              10:09 AM

20

21   B E F O R E:

22   HON. ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25
```

2

1

2  HEARING re Motion to Amend Proof of Claim of Robert Bosch GmbH

3

4  CLAIMS OBJECTION HEARING re Claim of Panasonic Automotive

5  Systems Company of America, Division of Panasonic Corporation

6  of North America as Objected to on the Debtors' (I) Third

7  Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section

8  502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with

9  Insufficient Documentation; (B) Claims Unsubstantiated by

10  Debtors' Books and Records; and (C) Claims Subject to

11  Modification and (II) Motion to Estimate Contingent and

12  Unliquidated Claims Pursuant to 11 U.S.C. Section 502(c)

13

14  CLAIMS OBJECTION HEARING re Claim of Sierra Liquidity Fund LLC

15  as Assignee of Applied Tech Industries, Inc. as Objected to on

16  the Debtors' Ninth Omnibus Objection (Substantive) Pursuant to

17  11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain

18  (A) Insufficiently Documented Claims; (B) Claims Not Reflected

19  on Debtors' Books and Records; (C) Untimely Claims; and (D)

20  Claims Subject to Modification

21

22

23

24

25

3

1

2   **CLAIMS OBJECTION HEARING re Claim of Sierra Liquidity Fund LLC**

3   **as Assignee of Fair-Rite Products Corporation as Objected to on**

4   **the Debtors' Ninth Omnibus Objection (Substantive) Pursuant to**

5   **11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain**

6   **(A) Insufficiently Documented Claims; (B) Claims Not Reflected**

7   **on Debtors' Books and Records; (C) Untimely Claims; and (D)**

8   **Claims Subject to Modification**

9

10  **CLAIMS OBJECTION HEARING re Claim of Klash, Inc. as Objected to**

11  **on the Debtors' Ninth Omnibus Objection (Substantive) Pursuant**

12  **to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to**

13  **Certain (A) Insufficiently Documented Claims; (B) Claims Not**

14  **Reflected on Debtors' Books and Records; (C) Untimely Claims;**

15  **and (D) Claims Subject to Modification**

16

17  **CLAIMS OBJECTION HEARING re Claim of Bona Vista Programs, Inc.**

18  **as Objected to on the Debtors' Eleventh Omnibus Objection**

19  **(Substantive) Pursuant to 11 U.S.C. Section 502(b) and Fed. R.**

20  **Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims;**

21  **(B) Claims Not Reflected on Debtors' Books and Records; (C)**

22  **Untimely Claims; and (D) Claims Subject to Modification**

23

24

25

```
                                                                    4
 1

 2    A P P E A R A N C E S :

 3    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

 4         Attorneys for Debtor

 5         333 West Wacker Drive

 6         Chicago, IL 60606

 7

 8    BY:   JOHN K. LYONS, ESQ.

 9          LISA B. DIAZ, ESQ.

10

11    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

12         Attorneys for Debtor

13         Four Times Square

14         New York, NY 10036

15

16         THOMAS J. MATZ, ESQ.

17

18    WARNER NORCROSS & JUDD LLP

19         Attorneys for Robert Bosch

20         111 Lyon Street NW

21         Grand Rapids, MI 49503

22

23    BY:   GORDON J. TOERING, ESQ.

24         (TELEPHONICALLY)

25
```

5

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE COURT: Okay. Delphi Corporation? |
| 3 | MR. LYONS: Good morning, Your Honor. John Lyons on |
| 4 | behalf of Delphi. I have Mr. Inru here in court with me and |
| 5 | Ms. Diaz and Mr. Matz on behalf of the debtors as well. |
| 6 | THE COURT: Okay. |
| 7 | MR. LYONS: Well, Your Honor, as I like to do at the |
| 8 | start of these claims hearings, I like to hand up kind of a |
| 9 | summary chart of where we are with claims and those claims that |
| 10 | have also been adjourned in the procedures. |
| 11 | THE COURT: Okay. |
| 12 | MR. LYONS: And I made some notes on there just to |
| 13 | highlight some of the numbers which, I think, you should focus |
| 14 | on. You know, number one, we're now up to nine billion in |
| 15 | claims that we've either had expunged, modified or ordered |
| 16 | allowed. And also, Your Honor, the number to the right are the |
| 17 | claims -- the 763 million are the claims that are currently in |
| 18 | the procedures. 190 million of that number, though, is an |
| 19 | amount which we agree with since some of the claims were |
| 20 | subject to modify and reduction, so we're really looking at a |
| 21 | net number of 573 million that are currently in the procedures. |
| 22 | We're well over half in resolving or adjudicating |
| 23 | claims that have been adjourned into the procedures since we |
| 24 | started this process. So we are making very steady progress. |
| 25 | We expect to even make more progress especially in the upcoming |

1   month both in claim amount and dollar amount.  However, as we
2   get to the bottom, some of the claims get a little thornier.
3   And I know we have three claims that were scheduled for next
4   August: H.E. Services, Whitney -- Gary Whitney and NuTech,
5   which again, are being actively litigated.  So unless those
6   settle before the time of the claims hearing, those will
7   require probably evidentiary testimony and argument.
8           THE COURT:  Okay.  And that's scheduled for sometime
9   in August?
10          MR. LYONS:  It was scheduled for August 30th but I
11  understand the Court is unavailable on that date.  So we're
12  going to reach out to the three claimants to see if they would
13  be able to have their trials on August 17th.  Failing that, we
14  have -- I understand from chambers that we have the September
15  6th and September 7th reserved so we would use those dates to
16  adjudicate those claims.
17          THE COURT:  Okay.
18          MR. LYONS:  And, Your Honor, also although it's later
19  in the agenda, we'd also like to hold September 7th for the
20  adjourned motion that Bosch has filed which I'll go through
21  shortly.  With Your Honor's permission, if I could turn to the
22  agenda?
23          THE COURT:  Yes.  That's fine.
24          MR. LYONS:  Your Honor, we have a number of claims
25  that have been settled and I know that we've been submitting

7

1   those without hearings but since we were going to be here for

2   Bosch, we'll quickly go through these.

3           First on the agenda, Your Honor, is the motion to

4   amend proof of claim filed by Robert Bosch GmbH.  We have

5   agreed with Bosch to adjourn the hearing on the motion until

6   September 7th.  But we also entered into a joint stipulation

7   and order to do some cleanup work.  Bosch had filed two patent

8   infringement claims, one on behalf of the German company, Bosch

9   GmbH, and another on behalf of the U.S. company, Bosch LLC,

10  both for fifteen million.  We understood and Bosch clarified

11  that really those -- they're not seeking a double recovery.

12          THE COURT:  It's the same patent?

13          MR. LYONS:  Yes, exactly.  The same claims.  So we've

14  reached out to Bosch and agreed to, for administrative

15  purposes, to put all those claims in GmbH.  We would expunge

16  the U.S. claim.  And then there's also an additional claim held

17  by the Bosch U.S. entity for trade and warranty claims which

18  are about 1.3 million.  We're going to keep that still alive.

19          But the important thing is, Your Honor, there have

20  been some claims filed after the bar date and all -- both Bosch

21  and the debtors are fully reserving all rights as to whether

22  the claims are late, you know, whether -- standing issues as to

23  who can assert the claims.  So basically, we're going to ask

24  Your Honor to address the merits of the claims by looking at

25  the original proofs of claim that were filed.  But for

```
 1    administrative purposes we just want to have one fifteen
 2    million dollar patent claim.
 3              THE COURT:  Well, are you first going to have an
 4    issue still on the whether the amendments can be made or are
 5    you going to go right to the merits?
 6              MR. LYONS:  No, no.  We're still preserving our
 7    rights to contest the amendments for being late filed.
 8              THE COURT:  All right.
 9              MR. LYONS:  But for efficiency purposes -- well, Your
10    Honor, again, that's going to be deferred till September 7th --
11              THE COURT:  Okay.
12              MR. LYONS:  -- unless there's some other consensual
13    resolution.
14              THE COURT:  Okay.
15              MR. LYONS:  And I've got a form of these -- we
16    actually signed the stipulation if Your Honor would like to
17    look at it, if Your Honor has any questions but we will enter
18    them separately after the hearing.
19              THE COURT:  All right.  That's fine.  I guess, the
20    only issue I have is -- it's not an issue, it's just a
21    management issue is if this is going forward on the 7th, is it
22    going to be a hearing on violation of a patent or is it going
23    to be a hearing on whether a claim was properly amended?
24              MR. LYONS:  Just the amendment, Your Honor.
25              THE COURT:  Okay.
```

9

```
 1              MR. LYONS:  Bosch has reserved its rights to the
 2  jurisdiction of the Court to take a look at the patent claim.
 3              THE COURT:  Okay.  That's fine.
 4              MR. LYONS:  And I believe Mr. Toering is on for
 5  Bosch.
 6              MR. TOERING:  Yes, Your Honor, I am.
 7              THE COURT:  Okay.  And that's your understanding,
 8  too?
 9              MR. TOERING:  Yes, Your Honor.  That's correct, Your
10  Honor.  And just to confirm what Mr. Lyons already said, the
11  expungement of one of the Bosch claims does not have any
12  substitute prejudicial effect on Bosch.  It's simply to clear
13  up the claims register for the debtor.
14              THE COURT:  Right.
15              MR. TOERING:  And to somehow do away with substantive
16  rights.
17              THE COURT:  Okay.  Very well.  That's fine.
18              MR. LYONS:  And one other clarification and
19  stipulation.  The claim had said in excess of fifteen million
20  and Bosch has agreed that, no, the fifteen million is the cap.
21  It's not -- just a lower amount that they've agreed to cap
22  their U.S. pre-petition claim or their claim against the U.S.
23  debtors, the pre-petition patent claim, at fifteen million
24  dollars.
25              THE COURT:  All right.  Is that reflected in the
```

1   stipulation or do we --

2           MR. LYONS:  That's in the stipulation.

3           THE COURT:  Okay, fine.  All right.  Well, that will

4   get entered shortly then.  Maybe today, hopefully today.

5           MR. LYONS:  Thank you, Your Honor.

6           MR. TOERING:  Thank you, Your Honor.

7           THE COURT:  Okay.

8           MR. LYONS:  Okay.  Now, we have a number of

9   settlements of claims objections and I'll be rather brief, Your

10  Honor.  Panasonic filed at claim number -- pardon me, Your

11  Honor, I got to -- lost my thought here.  Right in front of me.

12  Panasonic filed proof of claim number 14318, asserted a

13  nonpriority claim in the amount of nine million plus against

14  DAS, LLC, also a reclamation claim.  We've agreed to settle the

15  claim for shortly or a little below the figure that Panasonic

16  asserted and Panasonic would reserve the right to assert 78,000

17  dollars of that nine million that are claimed as a reclamation

18  claim if it becomes relevant depending upon how reclamation

19  claims are treated in this case.

20          THE COURT:  Okay.

21          MR. LYONS:  So, Your Honor, that's one of the

22  settlements which Your Honor has.

23          THE COURT:  Okay.

24          MR. LYONS:  Another one relates to proof of claim

25  number 2440, which is held by Sierra Liquidity.  They're an

11

1  assignee of Applied Technology Industries and we have agreed to
2  allow that amount as a general unsecured claim in the amount
3  asserted, 3,690 dollars and change.
4        Item number 4 on the agenda, Sierra Liquidity also
5  holds a claim assigned to it by Fair-Rite Products Corporation.
6  They asserted a claim of 16,275 dollars.  We've agreed to allow
7  it at 13,350 dollars against DAS, LLC and another 2,912 dollars
8  against Delphi Mechatronic Systems LLC.  So those stipulations
9  Your Honor should have or will have after the hearing.
10       Item number 5 is the claim asserted by Klash, Inc.
11 They asserted an unsecured priority claim against Delphi Corp.
12 of 15,246.  We have agreed to that amount but have classified
13 it as a nonpriority claim against DAS, LLC, not Delphi Corp.
14 So again, that is the stipulation for Klash, Inc. and agenda
15 item number 5.
16       And then finally, Your Honor, agenda item number 6.
17 Claim asserted by Bona Vista Programs, Inc. for 15,383 dollars
18 against Delphi Corp.  We've agreed to that amount but again,
19 the entity against it -- it is now allowed will be against DAS,
20 LLC so we've just changed the debtor entity.
21       THE COURT:  Okay.
22       MR. LYONS:  And, Your Honor, that's all I have on my
23 agenda.  We'll reach out to the three claimants that I
24 discussed to see if they can make themselves available August
25 17th and we'll let Your Honor know for the three contested

12

1  hearings that are coming down the pipeline.
2           THE COURT:  All right.  That's fine.  And you got a
3  backup date just in case from chambers?
4           MR. LYONS:  September 6th and September 7th in case
5  that does not work.
6           THE COURT:  Okay.  All right.  Very well.  Thank you.
7           MR. LYONS:  Thank you, Your Honor.
8           (Whereupon these proceedings were concluded at 10:19
9  a.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

13

## C E R T I F I C A T I O N

I Lisa Bar-Leib, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

                                                July 22, 2007

Signature of Transcriber         Date

Lisa Bar-Leib

typed or printed name