**Hearing Date and Time: August 16, 2007 at 10:00 a.m.**
**(to be continued per *Claim Objection Procedures Order*)**

Richard B. Herzog, Jr. (RBH-5839)
Byron C. Starcher (BCS-0867)
NELSON MULLINS RILEY
 & SCARBOROUGH, LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000

*Attorneys for Akzo Nobel Coatings Inc.*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:                                                         :        Chapter 11
                                                               :
DELPHI CORPORATION, et al.,                                    :        Case No. 05-44481 (RDD)
                                                               :
                            Debtors.                           :        (Jointly Administered)
-----------------------------------------------------------x
                                                               :
DELPHI CORPORATION, et al.,                                    :
                                                               :
                            Objecting Parties,                 :
                                                               :
vs.                                                            :
                                                               :        Contested Matter
                                                               :
AKZO NOBEL COATINGS, INC.,                                     :
                                                               :
                            Respondent.                        :
-----------------------------------------------------------x

**RESPONSE OF AKZO NOBEL COATINGS INC., TO THE DEBTORS'**
**NINETEENTH OMNIBUS OBJECTION TO CLAIMS**


       COMES NOW Akzo Nobel Coatings Inc. ("Akzo"), a creditor and products supplier in

one or more of the cases jointly administered under the above-listed case, and files this

response to the *Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims* (the "Objection"), filed July 13, 2007. With particular respect to Akzo, the Objection objects to Akzo's proof of claim, designated in Schedule D-1 of the Objection as being Claim No. 15234, in the liquidated amount of $425,367.33 ("Claim"). Akzo states as follows:

1. The Claim was timely filed on July 31, 2006, and in accordance with the *Order Under 11 U.S.C. §§ 107(b), 501, 502, and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof*. The Claim asserts an unsecured, liquidated claim in the amount of $425,367.33 that arises from the provision of goods and services by Akzo Nobel Coatings, Inc., to Delphi Automotive Systems, LLC, or its affiliates prepetition.

2. Attached to the Claim were (i) an explanation of how the claim amount was derived, (ii) an Exhibit A, containing invoices and shipping documents regarding goods and/or services delivered by Akzo that remain unpaid, and (iii) an Exhibit B, consisting of a summary, as permitted by Official Form 10, of $1,220,398 in prepetition claims, which summary was signed and verified by two Delphi employees, including an account manager.

3. The Claim and the exhibits thereto establish *prima facie* evidence of the validity and amount of the Claim pursuant to Fed. R. Bankr. P. 3001(f).

4. The Objection lists the Claim in Schedule D-1 of the Objection. According to the Objection, insufficiently documented claims were listed on Exhibit A thereto; claims listed

2

in Exhibit D-1 are claims merely subject to modification. Accordingly, the Debtors have not objected to the Claim on the basis of insufficient documentation and, in accordance with paragraph 3(d) of the *Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (i) Dates for Hearings Regarding Objections to Claims and (ii) Certain Notices and Procedures Governing Objections to Claims* ("Objections Procedures Order"), entered December 6, 2006, Akzo does not believe any further documentary supplementation to the Claim is necessary at this time.

     5.    Neither the Objection nor, contrary to the requirements of the Objections Procedures Order, the personalized Notice of Objection to Claim state a basis for the modification to the Claim or provide any evidence why modification is warranted. "Upon the filing of an objection, the [objecting party] must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985). Because the Debtors have failed to produce any evidence whatsoever to rebut the Claim, the Claim must be allowed in the amount submitted. See, e.g., In re Fidelity Holding Co., 837 F.2d 696, 698 (5th Cir. 1988) (A party objecting to a claim must "produce evidence rebutting the claimant or else the claimant will prevail").

     6.    The Claim should not be reduced because the goods and services, evidenced by the Claim, were provided to the Debtors, the Claim represents an obligation of the Debtors in the amount stated, and the amount set forth in the Claim has not been paid. Since the Objection was filed, Akzo has confirmed that none of the amount set forth in the Claim have been paid. At this time, Akzo cannot provide the specific factual and legal bases upon which it will rely in opposing the Objection because the Objection fails to provide even an inkling of the basis for the Objection. To the extent the Claim is not immediately allowed in the amount

3

stated due to the failure of Delphi to provide sufficient evidence to rebut the Claim, then, upon the Debtors providing Akzo with a basis for the Objection, Akzo will supplement its response as necessary and further disclose to the Debtors all information and provide copies of all documents that Akzo believes to be confidential, proprietary, or otherwise protected and upon which Akzo intends to rely in support of its Claim.

7. The addresses to which the Debtors must return any reply to this Response and any notice of hearing regarding the Objection or this Response are:

    a.    Byron C. Starcher, Esq.
           Nelson Mullins Riley & Scarborough, LLP
           999 Peachtree Street, N.E.
           Suite 1400
           Atlanta, Georgia 30309

           and

    b.    Michelle L. Meiselman, Esq.
           Akzo Nobel Coatings Inc.
           5555 Spalding Drive
           Norcross, Georgia 30092

WHEREFORE, Akzo Nobel Coatings Inc., respectfully requests that this Court:

A.    enter an Order (i) overruling the Objection and allowing the Claim in the stated amount of $425,367.33, or (ii) alternatively, continuing the hearing on the Objection pursuant to the Objections Procedures Order; and

B.    provide such other and further relief the Court deems just and necessary.

This 6th day of August, 2007.

   /s/  Byron C. Starcher
Byron C. Starcher, Esq. (BCS – 0867)
Georgia Bar No. 349508
(Admitted *pro hac vice*)

*Attorneys for Akzo Nobel Coatings Inc.*

NELSON MULLINS RILEY & SCARBOROUGH, LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000
byron.starcher@nelsonmullins.com

## CERTIFICATE OF SERVICE

I, Byron C. Starcher, certify that I am at least 18 years of age and that, on August 6, 2007, I served the within and foregoing *Response of Akzo Nobel Coatings Inc. to the Debtors' Nineteenth Omnibus Objection to Claims* to the following persons by (i) depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery, and (ii) delivering a copy of same to Federal Express with instructions to deliver same the following day at the address listed:

| | |
|---|---|
| John Wm. Butler, Jr. | The Honorable Robert D. Drain |
| John K. Lyons | United States Bankruptcy Judge |
| Randall G. Reese | United States Bankruptcy Court |
| Skadden, Arps, Slate, Meagher & Flom LLP | Southern District of New York |
| 333 West Wacker Drive | One Bowling Green, Room 610 |
| Suite 2100 | New York, NY 10004 |
| Chicago, IL  60606 | |
| | Delphi Corporation |
| | ATTN:  General Counsel |
| | 5725 Delphi Drive |
| | Troy, Michigan 48098 |

This 6th day of August, 2007.

    /s    Byron C. Starcher
Byron Crane Starcher
Georgia Bar No. 676111

NELSON MULLINS RILEY & SCARBOROUGH, LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000
byron.starcher@nelsonmullins.com