UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
    In re                               :        Chapter 11
                                         :
DELPHI CORPORATION, <u>et al.</u>,         :        Case No. 05-44481 (RDD)
                                       :
                    Debtors.       :        (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2),
AND 546(a) AND FED. R. BANKR. P. 7004, 9006(c), AND 9018
(i) AUTHORIZING DEBTORS TO ENTER INTO STIPULATIONS
TOLLING STATUTE OF LIMITATIONS WITH RESPECT TO CERTAIN
CLAIMS, (ii) AUTHORIZING PROCEDURES TO IDENTIFY CAUSES OF
ACTION THAT SHOULD BE PRESERVED, AND (iii) ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS INCLUDING THOSE
<u>COMMENCED BY DEBTORS UNDER 11 U.S.C. § 541, 544, 545, 547, 548, OR 553</u>

("PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER")

Upon the motion, dated August 6, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Federal Rule of Bankruptcy Procedure 7004, 9006(c), and 9018 (i) authorizing the Debtors to enter into stipulations tolling the statute of limitations with respect to certain claims, (ii) authorizing procedures to identify causes of action that should be preserved, and (iii) establishing procedures for certain Adversary Proceedings[1] commenced by the Debtors under 11 U.S.C. § 541, 544, 545, 547, 548, or 553; and upon the record of the

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is GRANTED.

2.   The filing and service procedures set forth and required under the Bankruptcy Rules, the Local Rules, and any orders of this Court in these chapter 11 cases are modified or waived, as appropriate, as set forth herein with respect to the Adversary Proceedings.

3.   Scope Of The Procedures.  The procedures established by this Order apply to each Adversary Proceeding that the Debtors identify to the Clerk as being subject to these procedures.

4.   Approval Of Tolling Agreements.  The Debtors are hereby authorized to enter into stipulations, substantially in the form annexed to the Motion as Exhibit B, tolling the statute of limitations with respect to claims described in the Motion. Each Debtor is deemed to have entered into a stipulation with other Debtors and affiliated non-Debtor entities.

5.   Procedures To Identify Causes Of Action And Abandonment Authority.  The procedures set forth in the Motion to identify causes of action that should be preserved are approved.  The Debtors are authorized, without the need for any further

order or any further notice under Bankruptcy Rule 6007(a), to abandon those causes of action or categories of causes of action that Debtors propose in the Motion to abandon. Subject to the procedures set forth in the Motion, the Debtors are further authorized to abandon certain causes of action not specifically identified in the Motion that they determine should not be pursued, including the categories of actions set forth in the Motion, without the need for any further order or any further notice under Bankruptcy Rule 6007(a). The Debtors may abandon additional causes of action after giving notice to the Statutory Committees. If a Statutory Committee objects within 10 days after service of the notice, the Debtors may bring the matter before this Court for a ruling on whether the proposed abandonment satisfies section 554(a) of the Bankruptcy Code.

6. <u>Scope Of Fraudulent Transfer Review</u>. For purposes of identifying and preserving potential fraudulent transfer claims, the Debtors need only review the following categories of transactions: merger and acquisition deals at or exceeding $20 million, transfers to Delphi's board of directors or strategy board members other than for compensation or ordinary-course expense reimbursement (if any), unusual securities transactions (if any), dividend distributions to 5% shareholders, and Delphi's financially troubled supplier program.

7. <u>Filing Of Complaints Under Seal</u>. The Clerk of Court is directed to accept for filing, under seal, paper copies of the complaint in each Adversary Proceeding that the Debtors indicate are subject to these procedures. The Clerk of Court also is directed to seal the case docket for any such Adversary Proceeding so that it is not available for public access. The Debtors shall coordinate with the Clerk of Court to

accomplish an efficient and cost-effective filing of the complaints contemplated by this order. The Debtors shall submit to the Clerk, under seal, appropriate electronic media containing PDF copies of the complaints. This order shall not preclude the Debtors, in their sole discretion, from making a copy of a complaint available to parties. The Debtors and GM shall have leave to file, under seal, a stipulation that contains tolling provisions, consistent with this order, and other agreements of the parties with respect to the sealed complaint involving GM, which stipulation shall be deemed "so ordered" and shall be sealed in accordance with the terms of this order.

8. <u>Modification Of Federal Rule Of Civil Procedure 4(m)</u>. The Debtors shall have until March 31, 2008 to serve each defendant with summons and complaint, without prejudice to further extensions.

9. <u>Stay Of Adversary Proceedings</u>. All activity in the Adversary Proceedings that the Debtors indicate are subject to these procedures shall be stayed until the earlier of (i) the Debtors' service of a summons and complaint on the defendant in any Adversary Proceeding and (ii) further order of this Court. Notwithstanding the stay, the Debtors may amend their complaint during the stay. Also, during the stay, the Debtors may dismiss any Adversary Proceeding after notice to counsel to the Statutory Committees. If a Statutory Committee objects within 10 days after service of the notice of dismissal, the Debtors may bring the matter before this Court for a ruling on whether the proposed dismissal satisfies section 554(a) of the Bankruptcy Code.

10. <u>Deferral Of Issuance Of Summons</u>.  The Clerk of Court is directed not to issue summons until either the stay is lifted with respect to a particular Adversary Proceeding or the Debtors request the Clerk of Court to issue a summons.

11. <u>Service Of Order With Summons And Complaint</u>.  The Debtors must serve a copy of this order upon each defendant in any Adversary Proceeding either when the Debtors serve a summons and complaint on the defendant or as soon thereafter as practicable.

12. <u>Additional Procedures</u>.  This Order is without prejudice to the Debtors' seeking additional procedures to govern the Adversary Proceedings.

13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

14. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: August ___, 2007
      New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE