Aaron G. McCollough (admitted *pro hac vice*)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061

*Counsel to Siemens Energy & Automation, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DELPHI CORPORATION, et al., | ) Case No. 05-44481 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**RESPONSE OF SIEMENS ENERGY & AUTOMATION, INC. TO DEBTORS'
NINETEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C.
SECTION 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY
DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS
AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO
MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED
CLAIMS ASSERTING RECLAMATION, AND CONSENSUALLY MODIFIED AND
<u>RESOLVED CLAIMS</u>**

Siemens Energy & Automation, Inc. ("SE&A"), by counsel, for its Response (the "Response") to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected on Debtors' Books and Records, (c) Untimely Claims, and (d) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Resolved Claims (the "Objection"), states as follows:

**STATEMENT OF FACTS**

1. On October 8 and 14, 2005, the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

2. On or about June 27, 2006, SE&A timely filed a proof of claim in the amount of $416,511.60 in Case No. 05-44640 ("Claim No. 8674"). Attached to Claim No. 8674 are various supporting invoices that reflect prepetition amounts outstanding to SE&A for goods and services provided by SE&A. A copy of Claim No. 8674 is attached hereto as Exhibit A.

3. Also on or about June 27, 2006, SE&A timely filed a proof of claim in the amount of $12,639.39 in Case No. 05-44640 ("Claim No. 8675"). Attached to Claim No. 8675 are various supporting invoices that reflect prepetition amounts outstanding to SE&A for goods and services provided by SE&A. A copy of Claim No. 8675 is attached hereto as Exhibit B.

4. On July 13, 2007, the Debtors filed their Objection, which identifies SE&A's Claim No. 8674 in Exhibit D-1 as a claim subject to modification. Pursuant to the Objection, the Debtors seek to modify and reduce Claim No. 8674 in amount from $416,511.60 to $338,318.55. *See* Objection, at Exh. D-1. The Objection also identifies SE&A's Claim No. 8675 in Exhibit A as an "Insufficiently Documented Claim," and seeks to disallow and expunge Claim No. 8675 in its entirety. *See* Objection, at Exh. A.

**ARGUMENT**

5. The Objection to SE&A's claims must be overruled. Federal Rule of Bankruptcy Procedure 3001(f) provides that a validly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); *see also* In re Schuler, 354 B.R. 37, 42 (Bankr. W.D.N.Y. 2006). A party objecting to a validly filed proof of

claim must present affirmative evidence to overcome the presumptive validity of a filed proof of claim.  9 COLLIER ON BANKRUPTCY at ¶ 3001.10 (15th ed. 1996).

6. In this case, Claim Nos. 8674 and 8675 constitute prima facie evidence of the validity and amount of SE&A's claims against the Debtors' estates, giving rise to a presumption of validity.  The invoices attached to Claim Nos. 8674 and 8675 further support SE&A's right to payment on Claim Nos. 8674 and 8675 in the amounts asserted thereon.  Thus, the Debtors bear the burden of presenting *affirmative* evidence to demonstrate why SE&A's claims may be invalid.

7. While the Objection makes various allegations of possible reasons why Claim Nos. 8674 could be subject to modification, none of these general and unsupported allegations are specific to Claim No. 8674, and none are sufficient to overcome the prima facie validity arising pursuant to FED. R. BANKR. P. 3001(f).  The mere statement that the Debtors disagree with the amount set forth in Claim No. 8674 is insufficient to rebut the presumptive validity of SE&A's claim.  *See, e.g.*, In re White, 168 B.R. 825, 828-29 (Bankr. D. Conn. 1994).  Accordingly, unless and until the Debtors come forward with affirmative evidence sufficient to rebut the prima facie validity of Claim No. 8674 and the invoices attached thereto, the Objection must be overruled.

8. Likewise, the Objection incorrectly asserts that Claim No. 8675 (along with all the other claims listed on Exhibit A) "either (a) fail[s] to assert a Claim, (b) fail[s] to assert a monetary amount for the Claim, (c) state[s] that there is no outstanding Claim against the Debtors, and/or contain[s] no documentation in support of the Claim or provide[s] no evidence of the Debtors' liability for the Claim.  *See* Objection, ¶ 22.  However, Claim No. 8675 plainly asserts a claim against the Debtors in the liquidated amount of $12,639.39, which claim is

supported by attached invoices reflecting prepetition amounts outstanding. The Objection is thus incorrect in its assertion that Claim No. 8675 contains insufficient facts to support a claim. The invoices supporting Claim No. 8675 are sufficient to give rise to a presumption of validity pursuant to Federal Rule of Bankruptcy Procedure 3001(f), and the Objection to Claim No. 8675 must therefore be overruled.

## CONCLUSION

WHEREFORE, SE&A requests that this Court (i) overrule the Debtors' Objection as it relates to Claim Nos. 8764 and 8675, (ii) allow SE&A's Claim Nos. 8764 and 8675 in the amounts of $416,511.60 and $12,639.39, respectively, and (iii) grant such other and further relief as this Court deems appropriate.

Dated: Richmond, Virginia
       August 8, 2007

                                    /s/   Aaron G. McCollough
                                Aaron G. McCollough (admitted *pro hac vice*)
                                McGUIREWOODS LLP
                                One James Center
                                901 East Cary Street
                                Richmond, Virginia 23219
                                Telephone:  (804) 775-1000
                                Facsimile:  (804) 775-1061

                                *Counsel to Siemens Energy & Automation, Inc.*

\4691663.1