BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738
Lawrence M. Schwab, Esq. -- California Bar No. 085600
Patrick M. Costello, Esq. -- California Bar No. 117205

- and -

MEISTER, SEELING & FEIN, LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
Telephone: (212) 655-3500
Facsimile: (212) 539-3690
Howard Koh, Esq. - Bar No. HK 4730

Attorneys for Creditor
Solectron Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
In re                         :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
                    Debtors.  :    (Jointly Administered)
                              :
------------------------------x

### RESPONSE OF SOLECTRON CORPORATION TO NINETEENTH OMNIBUS OBJECTION TO CLAIMS

Solectron Corporation, on behalf of itself and its various subsidiaries and affiliates, including Solectron Manufactura de Mexico SA (collectively "Solectron"), hereby responds to the Nineteenth Omnibus Objection to Claims (the "Objection"), filed on behalf of Delphi Corporation and certain of its subsidiaries and affiliates (collectively "Delphi").

///

///

///

## I. BACKGROUND AND SOLECTRON'S PROOF OF CLAIM

Prior to the commencement of the above-captioned cases, Solectron sold components and products to Delphi on credit terms pursuant to a long-term supply and manufacturing contract. Solectron timely filed a Proof of Claim designated Claim No. 10914 in the amount of $10,382,335.46 for amounts due Solectron under the supply and manufacturing arrangement. Claim No. 10914 asserts that $2,133,185.60 of the total $10,383,335.46 due is entitled to priority treatment based upon Solectron written demands for reclamation of product and shortly after the commencement of the Chapter 11 Case.

On or about November 20, 2006, Solectron transferred a total of $7,850,161.53 of the right to payment asserted in Claim No. 10914 to TPG Credit Opportunities Fund, L.P. and TPG Credit Opportunities Investors LP (collectively referred to as "TPG").[1] By the terms of their agreement, Solectron transferred to TPG the first $7,850,161.53 of the claim allowed with respect to Claim No. 10914, with Solectron retaining the remaining balance.

## II. THE DEBTOR'S OBJECTION TO SOLECTRON'S PROOF OF CLAIM

Delphi has objected to Claim No. 10914 as a Modified Claim Asserting Reclamation (Exhibit D-3). The Objection lists Solectron with a "docketed" claim of $2,532,173.93, and Delphi proposes to allow Solectron a priority claim of $35,454.74 and a general unsecured claim of $1,856,696.29: this represents a disallowance of $675,477.64 of the amounts asserted in the claim. The Objection lists TPG with a docketed claim of $7,850,161.53, and Delphi proposes to allow TPG a general unsecured claim of $5,865,983.81: this represents the disallowance of an additional $1,984,177.72 of the amounts asserted in the claim. Thus, Delphi proposes to disallow an aggregate $2,659,655.36 of the total $10,382,335.46 asserted in Claim No. 10914.

---

[1] Solectron transferred $5,652,116.30 of its claim to TPG Credit Opportunities Fund, L.P. and $2,198,045.23 of its claim to TPG Credit Opportunities Investors, L.P.

The Objection provides no explanation of the grounds for seeking to disallow the $2,659,655.36 other than Delphi believes the claim amount should be modified.

### III. LEGAL ARGUMENTS

A.  Delphi Has Failed to State a Legal or Factual Basis Sufficient to Support its Objection to Claim No. 10914

The filing of a proof of claim constitutes *prima facie* evidence of its amount and validity. *See* Fed. R. Bankr. P. 3001(f); *see also, In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 – 74 (3rd Cir. 1992); *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (9th Cir. BP 1995), *aff'd* 91 F.3d 151 (9th Cir. 1996). A proof of claim that is *prima facie* valid "alleges facts sufficient to support a legal liability [of the debtor] to the claimant [.]" *In re Allegheny Int'l, Inc.*, 954 F.2d at 173 – 74. More than mere conclusory statements denying a debtor's liability are necessary to rebut the presumption of validity and the amount of a claim as set forth in the proof of claim. *See In re Brown*, 221 B.R. 46, 48 (Bankr. S.D. Ga. 1998). Pursuant to Rule 3001(f), "[a] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim." *In re Hinkely*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd*, 89 B.R. 608 (S.D. Tex. 1988), *aff'd* 879 F.2d 859 (5th Cir. 1989).

In order "to overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (2nd Cir. B.A.P. 2000), *aff'd* 242 F.3d 362 (2nd Cir. 2000). Where a debtor simply makes a *pro forma* objection without any evidentiary support, a court may summarily overrule such objections. *See e.g., In re Garner*, 246 B.R. 617, 620, 623

(B.A.P. 9th Cir. 2000). The *prima facie* validity of a proof of claim is "strong enough to carry over a mere formal objection without more." *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003).

Delphi's only stated grounds for objection to Claim No. 10914 is a menu of alternative conclusory statements: the claim is the incorrect amount, the claim incorrectly asserts priority status, or the parties have entered into an agreement with respect to allowance of the claim. (Objection, ¶ 41). Delphi provides no explanation of the legal or factual basis for challenging all but $35,454.74 of the $2,133,185.60 debt that Solectron asserts is entitled to priority or for disallowing over $2.6 Million of the total claim. Without a reasonably detailed, principled explanation of how and why Delphi concluded that over $2.6 Million of its claim is not allowable, the Objection fails to provide sufficient notice and explanation of the legal and factual bases of Delphi's objection to Claim No. 10914 to enable Solectron to respond on the merits or to permit the Court to make a principled determination as to the claim. Accordingly, the Objection should be overruled with respect to Claim No. 10914.

B.    The Undisputed Portion of the Claim Should be Allocated First to the TPG Claim

Solectron and TPG have agreed that the undisputed portions of Claim No. 10914 shall be allocated first to that portion of the claim transferred to TPG. Thus until the amount of the claim that is not disputed exceeds $7,850,161.53, all acknowledged amounts should be credited to the TPG Claim.

///

///

///

///

## IV. CONCLUSION

For the foregoing reasons, Solectron requests entry of an order denying the objection to Claim No. 10914 set forth in the Objection.

Dated: August 7, 2007

_____
Patrick M. Costello, Esq. (CA 117205)
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738

- and -

_____
Howard Koh, Esq.
MEISTER, SEELING & FEIN, LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
Telephone: (212) 655-3500
Facsimile: (212) 539-3690

Attorneys for Creditor
Solectron Corporation

BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738
Lawrence M. Schwab, Esq. -- California Bar No. 085600
Patrick M. Costello, Esq. -- California Bar No. 117205

- and -

MEISTER, SEELING & FEIN, LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
Telephone: (212) 655-3500
Facsimile: (212) 539-3690
Howard Koh, Esq. - Bar No. HK 4730

Attorneys for Creditor
Solectron Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

## CERTIFICATE OF SERVICE

I, Heather L. Harlow, being duly sworn according to law, depose and say that I am over the age of eighteen years and not a party to or interested in the above-captioned cases. I am an employee of BIALSON, BERGEN & SCHWAB, and my business address is 2600 El Camino Real, Suite 300, Palo Alto, California 94306.

On August 7, 2007, I served via overnight delivery a copy of **RESPONSE OF SOLECTRON CORPORATION TO NINETEENTH OMNIBUS OBJECTION TO CLAIMS** upon the following:

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attention: General Counsel

Counsel to Debtors
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive - Suite 2100
Chicago, IL 60606
Attention: John Wm. Butler, Esq.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on August 7, 2007 at Palo Alto, California.

_____
Heather L. Harlow