| | |
|---|---|
| **MORITT HOCK HAMROFF & HOROWITZ LLP** | Hearing Date and Time: August 16, 2007 at 10:00 am<br>Response Date and Time: August 9, 2007 at 4:00 pm |

**MORITT HOCK HAMROFF &**
**HOROWITZ LLP**
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000
Leslie A. Berkoff (LB-4584)
**lberkoff@moritthock.com**

and

**HAHN LOESER + PARKS LLP**
200 Public Square, Suite 3300
Cleveland, OH 44114-2301
(216) 621-0150
Daniel A. DeMarco, Esq. (Ohio ID #0038920)
**dademarco@hahnlaw.com**
Christopher W. Peer, Esq. (Ohio ID #0076257)
**cpeer@hahnlaw.com**

*Attorneys for Demag Plastics Group Corporation dba Van Dorn Demag Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re:                                            :        Chapter 11
                                                  :
**DELPHI CORPORATION**, *et al*.,                 :        Case No. 05-44481 (RDD)
                                                  :
                                                  :
                    Debtors.                      :        Jointly Administered
-----------------------------------------------------------x

**RESPONSE OF DEMAG PLASTICS GROUP, CORPORATION. DBA VAN DORN
DEMAG CORPORATION TO THE DEBTORS' NINETEENTH OMNIBUS
OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R.
BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B)
CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY
CLAIM, AND (D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT
TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND
<u>CONSENSUALLY MODIFIED AND REDUCED CLAIMS</u>**

Demag Plastics Group, Corporation dba Van Dorn Demag Corporation ("Demag" or

"Claimant"), by and through its counsel hereby responds (the "Response") to the Debtors'

Nineteenth Omnibus Claims Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R.

Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation and Consensually Modified and Reduced Claims (the "Nineteenth Omnibus Claims Objection") [Docket No. 3617] and states as follows:

1. This Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 of the United States Code. This matter is a core proceeding pursuant to Section 157(b)(2) of Title 28 of the United States Code. Venue over the Nineteenth Omnibus Claims Objection is proper pursuant to Section 1409 of Title 28 of the United States Code.

2. On August 2, 2006, Demag timely filed identical proofs of claim in the amount of $22,268.60 (the "Demag Claims") against three separate Debtors, Delphi Automotive Systems, LLC (Case No. 05-44640), Delphi Corporation (Case No. 05-44481), and Packard Hughes Interconnect Co. (Case No. 05-44626), asserting Demag's claims for payment for goods shipped and services provided. The duplicate filings were all completed in an abundance of caution. The Demag Claims were filed as liquidated, unsecured non-priority claims. Attached to each of these proofs of claim were a summary of the invoices which totaled $22,268.60 and copies of each invoice included in the summary. The specific invoices identified, among other things, the goods and services that were provided by Demag to the Debtors, the dates of provision, the invoice numbers and the bills of lading numbers. Claimants are allowed to submit support materials with its proof of claim, along with summaries to detail the charges owed by the Debtor. *See In re Armstrong*, 320 B.R. 97, 105 (Bankr. N.D. Tex. 2005); *In re Relford*, 323 B.R. 669, 673 (Bankr. S.D. Ind. 2004).

3. On July 13, 2007, the Debtors filed the Nineteenth Omnibus Claims Objection, which, among other objections, objected to the Demag Claims on the basis that such were

"Claims Subject to Modification", and such "modification" suggested was a reduction in the Demag Claims from $22,268.60 to $9,596.80. As reasons for "Claims Subject to Modification" the Debtor generally listed the following: (i) the claims claim incorrect amounts; (ii) the claims were filed against the wrong debtors; or (iii) the claims incorrectly assert secured or priority status. *See* Nineteenth Omnibus Claims Objection ¶ 30. The Debtors did not identify any of the following infirmities in the Demag Claims. They cannot because such infirmities do not exist.

4. Demag vigorously disputes any allegation that the Demag Claims state incorrect amounts. The Proofs of Claim provided both summaries of the amounts due and the actual invoices comprising the summaries. Such filing constitutes prima facie evidence of the validity and amount of the Demag Claims. Fed R. Bankr. P. 3001(f); 11 U.S.C. § 501.

5. As stated above Demag filed multiple proofs of claim against multiple Debtors only in an abundance of caution to make certain that it filed claims against each of the Debtors with which Demag believed it was transacting. Demag does not, and has not contended that it should be paid more than once for any goods and/or services, only that it is entitled to payment for each of its valid claims. Further, on December 21, 2006, this Court entered its Second Omnibus Claims Objection Order (the "Second Order") [Docket No. 6255] which made this point clear that multiple claims could be expunged for the purpose of clearing the record, but not for eliminating valid claims. *See* Second Order at ¶ 6. Accordingly, by virtue of the Second Order, Demag's Proofs of Claim, to the extent they assert a claim against the "wrong" debtor, are protected to the extent they are valid claims, which they are.

6. Demag's proofs of claim did not assert secured or priority status.

7. When a valid proof of claim has been filed, as in the instant case, the debtor has the burden of providing evidence to rebut the presumption of validity granted by Rule 3001(f). *See, e.g. In re Friedman*, 184 B.R. 883 (Bankr. N.D.N.Y. 1994); *Prima Familinstifung v. Askin,*

130 F. Supp. 2d 450, 540 (S.D. N.Y. 2001); *In re St. Johnsbury Trucking Co., Inc.*, 206 B.R. 318, 323 (Bankr. S.D. N.Y. 1997). No such evidence or even contradictory information was provided in the Nineteenth Omnibus Claims Objection.[1]

8. Based on the relatively small size of the Demag Claims in relation to all other claims asserted against the Debtors, in the interest of efficiency and conservation of resources, Demag requests that the Debtors be instructed to attempt to resolve this matter through the least costly method proscribed in this Court's December 7, 2006 Claims Objection Procedure Order [Docket No. 6088], including an adjournment of the August 16, 2007 hearing on the Nineteenth Omnibus Claims Objection to the Demag Claims (which was indicated affirmatively in the notice to the Nineteenth Omnibus Claims Objection provided by the Debtors).

9. Pursuant to the Claims Objection Procedure Order, the Debtors should address any reply to this Response to Demag Plastics Group Corp., c/o Dennis Buss, General Counsel, 11792 Alameda Drive, Strongsville, Ohio 44136, with copies to each of the counsel listed in this Response.

---

[1] Attached to the Nineteenth Omnibus Claims Objection, the Debtors provided a Notice of Objection customized for Demag. This Notice also contained no specific information to provide a basis for the Debtors' Objection. Further, Demag's counsel contacted counsel for the Debtors to inquire into what, if any, basis the Debtors had for their objection, and no substantive response was provided in advance of the deadline for filing this Response.

Demag respectfully requests that this Court enter an Order (i) denying the Nineteenth Omnibus Claims Objection as it relates to Demag; (ii) allowing the Demag Claims in full as filed; (iii) to the extent necessary, affording Demag any relief appropriate under the Claim Objection Procedures Order; and (iv) granting Demag such other and further relief deemed necessary.

Dated: August 8, 2007

**MORITT HOCK HAMROFF & HOROWITZ LLP**
Co-Counsel for Demag Plastics Group, Inc. dba Van Dorn Demag Corporation.

/s/ Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
400 Garden City Plaza
Garden City, NY 11530
Telephone: (516) 873-2000
Facsimile: (516) 873-2010
eMail:

**HAHN LOESER + PARKS LLP**
Co-Counsel for Demag Plastics Group, Inc. dba Van Dorn Demag Corporation
Daniel A. DeMarco, Esq. (Ohio ID #0038920)
Christopher W. Peer, Esq. (Ohio ID # 0076257)
200 Public Square, Suite 3300
Cleveland, OH 44114-2301
Telephone: (216) 621-0150
Facsimile: (216) 241-2824
eMail:    dademarco@hahnlaw.com
            cpeer@hahnlaw.com

F:\Demag\Delphi\Docs\Response To Objection To Claim (2).DOC

**CERTIFICATE OF SERVICE**

A copy of the foregoing *Response of Demag Plastics Group, Inc to the Debtors' Nineteenth Omnibus Claims Objection* has been served upon each of the parties indicated below by overnight mail, postage prepaid, this 8th day of August, 2007.

| | |
|---|---|
| Delphi Corporation | Skadden Arps, Slate, Meagher & Flan LLP |
| Attn:  General Counsel | Attn:   John Wm. Butler, Jr., John K. Lyons and |
| 5725 Delphi Drive | Joseph N. Wharton |
| Troy, Michigan  48098 | 333 West Wacker Drive, Suite 2100 |
| | Chicago, Illinois  60606 |

/s/ Leslie A. Berkoff
*One of the Attorneys for*
*Demag Plastics Group, Inc. dba*
*Van Dorn Demag Corporation*