Hearing Date and Time: August 16, 2007 at 10:00 a.m.
(to be continued per Claim Objection Procedures Order)

Jay L. Welford (MI. Bar No. P34471)
Paul R. Hage (MI. Bar No. P70460)
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
(248) 351-3082 (Facsimile)
jwelford@jaffelaw.com
phage@jaffelaw.com

Attorneys for DC Coaters, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                    :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :    Case No. 05-44481 (RDD)
                                                          :
                    Debtors.                              :    (Jointly Administered)
-----------------------------------------------------------x

# **RESPONSE OF DC COATERS, INC. TO THE DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS**

DC Coaters, Inc. ("DC Coaters"), by and through its counsel, Jaffe, Raitt, Heuer & Weiss P.C., hereby files its Response to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims ("Objection") and in support thereof states as follows:

1.  DC Coaters timely filed proof of claim number 5723 on May 12, 2006 (the "Claim").

1423972.02

2. The Claim asserts a general unsecured and liquidated claim.

3. Claim Number 5723 documented a sum of $11,422.93 USD owed to DC Coaters by the Debtors for goods sold and services provided.

4. The Objection now seeks to modify Claim Number 5723 to the sum of $4,254.37 because: (1) it allegedly asserts liabilities or dollar amounts not reflected on the Debtors' books and records; and (2) the Debtors have determined that the Claim (a) states the incorrect amount or is overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) was filed and docketed against the wrong Debtors, and/or (c) incorrectly asserts secured or priority status.

5. The Claim should be allowed in the amount of $7,048.29 USD because the goods and services, evidenced by the proof of claim and invoices attached hereto at Exhibit A, were provided to the Debtors, the Claim represents an obligation of the Debtor in the total amount of $7,048.29 USD, and that amount has not been paid.

6. Likewise, the Debtors' legal information website (http://www.delphidocket.com) reflects an amount owing of $7,168.56 with respect to Claim Number 5723. *See* Exhibit B attached hereto.

7. DC Coaters filed its proof of claim for Claim Number 5723 in this bankruptcy case because the proof of claim form that it was provided with listed Delphi Corporation as the Debtor. DC Coaters has no objection if the Court, in its discretion, grants DC Coaters a general unsecured and liquidated claim in the amount of $7,048.29 against Delphi Automotive Systems (Case No. 0544640), in lieu of the Claim against Delphi Corporation.

8. It is the Debtors burden, as the objecting party, to produce evidence that the claim should be denied. The Debtors have failed to present any evidence at all and therefore the

1423972.02

Pg 3 of 4

Claims should be allowed in their entirety. See e.g., *Brown v. IRS (In re Brown)*, 82 F.3d 801 (8th Cir. 1996) (a claim's presumptive validity is not altered unless an objection is supported by substantial evidence); *In re Hemingway Transp., Inc.*, 993 F.2d 915 (1st Cir. 1993) (an objection to a claim does not deprive the claim of its presumptive validity unless the objection is supported by substantial evidence); *In re Fullmer*, 962 F.2d 1463 (10th Cir. 1992) (prepetition claims are presumed to be prima facie valid and the presumption may be overcome by the objecting party only it if offers evidence of equally probative value in rebuttal).

9. At this time DC Coaters cannot provide the specific factual and legal bases upon which it will rely in opposing the Objection because the Objection fails to provide any bases upon which it was filed. DC Coaters will supplement this response when any basis is provided by the Debtors.

10. The addresses to which the Debtors must return any reply to this Response and any notice of hearing regarding the Objection or this Response are:

a. Paul R. Hage
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034

and

b. Max K. McNeal
DC Coaters, Inc.
550 W. Industrial Dr.
Tipton, IN 46072

1423972.02

WHEREFORE, DC Coaters respectfully requests that this Court enter an order: (i) overruling the Objection; (ii) allowing Claim Number 5723 in the amount of $7,048.29 USD; and (iii) granting DC Coaters such other and further relief as is just.

Dated:     Southfield, Michigan
           August 8, 2007

JAFFE, RAITT, HEUER & WEISS, P.C.

By:    /s/ Jay L. Welford
Jay L. Welford (MI. Bar No. P34471)
Paul R. Hage (MI. Bar No. P70460)
Jaffe, Raitt, Heuer & Weiss P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
(248) 351-3082 (Facsimile)
jwelford@jaffelaw.com
phage@jaffelaw.com

Attorneys for DC Coaters, Inc.

1423972.02