**MILLER JOHNSON**
250 Parkview Avenue, N.W., Suite 800
PO Box 306
Grand Rapids, Michigan  49501-0306
(616) 831-1700
Thomas P. Sarb (TS 8282)
Robert D. Wolford (RW 1314)
(Each admitted *Pro Hac Vice*)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

| | |
|---|---|
| IN RE: | Case No. 05-44481-RDD |
| DELPHI CORPORATION, et al., | Chapter 11 |
|  | (Jointly Administered) |
| Debtors. | |

----------------------------------------------------------x

**RESPONSE OF PARKVIEW METAL PRODUCTS, INC. TO DEBTORS' NINETEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS AND (D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND CONSENSUALLY MODIFIED AND REDUCED CLAIMS**

Parkview Metal Products, Inc. ("Parkview"), through its counsel, Miller Johnson, for its Response to Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims (the "Nineteenth Omnibus Claims Objection"), respectfully states as follows:

1. On October 8 and 14, 2005 (the "Petition Dates"), the above-captioned Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code Sections 1107(a) and 1108. This Court has ordered joint administration of the Debtors' cases.

2. No trustee or examiner has been appointed in these cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3. Prior to the Petition Dates, pursuant to various purchase orders, Parkview sold goods to Debtor Delphi Automotive Systems, LLC ("Delphi") on credit.

4. As of the Petition Date, Parkview was owed $187,374.96 (the "Claim Amount") by Delphi related to goods sold to Delphi prior to the Petition Date.

5. As a result, on July 31, 2006, Parkview filed its Proof of Claim against Delphi in the amount of $187,374.96 (the "Proof of Claim").

6. Delphi's Schedules list an obligation to Parkview in the amount of $109,722.72 (the "Undisputed Claim Amount").

7. Of the Undisputed Claim, the parties previously agreed that $17,050.64 was entitled to administrative priority status in its capacity as a reclamation claim (the "Undisputed Reclamation Claim").

8. On July 13, 2007, the Debtors filed the Nineteenth Omnibus Claim Objection. The Nineteenth Omnibus Claim Objection objects to the Proof of Claim and

seeks to disallow and reduce the Claim Amount to the Undisputed Claim Amount, with the Undisputed Reclamation Claim to be given priority status and the remaining $92,672.08 of the Undisputed Claim Amount to be treated as a general unsecured claim.

9. Parkview does not object to the Nineteenth Omnibus Claim Objection to the extent it seeks to reclassify the Undisputed Reclamation Claim as an administrative priority Claim.

10. Parkview objects to the Nineteenth Omnibus Claim Objection to the extent it seeks to reduce the Claim Amount or the Proof of Claim for the reason that the Proof of Claim did and still does represent the pre-Petition Date amounts owing by Delphi to Parkview.

11. Parkview's books and records show that the entire Proof of Claim amount is still owing, including, but not limited to, the entire Retained Claim.

12. The unpaid amounts relate to two categories, (i) those invoices for goods delivered which remained unpaid as of the Petition Date and (ii) those invoices which were incorrectly or improperly short-paid by Delphi.

13. In support of Parkview's position with respect to the first category, attached as Exhibit A are copies of the relevant unpaid Parkview invoices together with corresponding proofs of delivery.[1]

14. With respect to the second category, attached as Exhibit B are copies of the invoices which were short-paid each of which lists the amount remaining

---

[1] There are ten (10) invoices for which proof of delivery is not attached. Parkview is working with its carrier to obtain copies of the relevant proofs of delivery and such proofs will be provided upon receipt.

owed on the invoice. Additionally, attached are copies of the proofs of delivery for these invoices.

15. The short-paid invoices generally appear to relate to three (3) parts:

| Part # | Price Billed | Price Paid | Per Part Difference |
|---|---|---|---|
| 10-DPH719-A | $1.607 | $.8778 | $.7292 |
| 10-DPH720-A | $1.607 | $.8778 | $.7292 |
| 10-DPH721-A | $ .886 | $.6567 | $.2293 |

Parkview has reviewed its records and the price billed in each of these instances is consistent with the costs of producing these parts, as well as the amounts historically paid by Delphi for these parts. As a result, Parkview asserts that these claim amounts should be allowed in full.

WHEREFORE, for the reasons set forth in this Response, Parkview respectfully requests that this Court enter its Order (a) denying the Nineteenth Omnibus Claim Objection as to Parkview and the Proof of Claim, (b) allowing Parkview's claim against Delphi as evidenced by the Proof of Claim in its entirety and (c) granting such other, further or different relief as this Court, in its sound discretion, deems appropriate.

Respectfully submitted this 8th day of August, 2007 by:

   /s/ Robert D. Wolford
Thomas P. Sarb (TS 8282)
Robert D. Wolford (RW 1314)
[Each admitted *Pro Hac Vice*]
Business Address:
    Miller Johnson
    250 Parkview Avenue, N.W., Suite 800
    PO Box 306
    Grand Rapids, Michigan  49501-0306
Telephone:  (616) 831-1700
ecfwolfordr@millerjohnson.com