Hearing Date: August 16, 2007 at 10:00 a.m. (Eastern)<br>
Response Deadline: August 9, 2007 at 4:00 p.m. (Eastern)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel for Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                           )
In re:                                                     )    Chapter 11
                                                           )
DELPHI CORPORATION, et al.,                                )    Case No. 05-44481 (RDD)
                                                           )
                    Debtors.                               )    (Jointly Administered)
                                                           )
-----------------------------------------------------------x

### RESPONSE OF CONTRARIAN FUNDS, LLC TO
### DEBTORS' NINETEENTH OMNIBUS CLAIMS OBJECTIONS

Contrarian Funds, LLC ("Contrarian"), by and through its undersigned counsel, hereby files this response (the "Response") to the *Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified Claims* (the "Nineteenth Omnibus Objection"). In support of this Response, Contrarian respectfully states as follows:

## PRELIMINARY STATEMENT

1. On July 13, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Nineteenth Omnibus Objection.

2. In the Nineteenth Omnibus Objection, the Debtors ask the Court to modify certain of Contrarian's proofs of claim, reserving the right to seek subsequent disallowance of those claims. (Nineteenth Omnibus Objection ¶¶ 34 & 43). With respect to proofs of claim numbers 6147, 8718, 9109, 10184, and 12693 (collectively, the "Undisputed Modified Claims"), Contrarian consents to the proposed modification, *provided however*, that these claims are allowed, in full, as proposed by the Debtors.

3. With respect to proof of claim number 12667 ("PoC 12667"), the Debtors set forth no evidence to contradict the validity, amount, or classification of this proof of claim and, thus, Contrarian opposes any modification and requests that the Court allow PoC 12667, in full, as asserted. Contrarian requests an Order allowing and directing payment of PoC 12667 in full, rather than modifying it subject to further disallowance.

## ARGUMENT

4. Contrarian hereby timely submits this Response to the Nineteenth Omnibus Objection and requests that the Court overrule the Nineteenth Omnibus Objection as set forth herein.

A. **THE NINETEENTH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO ALL DISPUTED CLAIMS "MODIFICATIONS".**

1. **THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS".**

5. In the Nineteenth Omnibus Objection, the Debtors ask the Court to modify the claims listed on Exhibits D-1, D-2, and D-3. The Debtors do not ask the Court to allow these claims in the modified amounts, but rather to reduce the claims and to reserve the Debtors' ability later to seek disallowance. This request must be denied because there is no statutory or other authority justifying such relief. Indeed, the Debtors have cited none in the Nineteenth Omnibus Objection.

6. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000)).

7. The Debtors have *not* refuted the allegations essential to the proposed modified claims. They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of these claims. Moreover, there is no basis within the Federal Rules of Bankruptcy Procedure or the Bankruptcy Code for this procedure. The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to

modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Contrarian, and this Court.

## 2. THE UNDISPUTED MODIFIED CLAIMS.

8. In the Nineteenth Omnibus Objection, the Debtors propose modifying the following claim numbers -- the Undisputed Modified Claims:

| Proof of Claim Number | Asserted Debtor Entity | Proposed Modified Claim Amount |
|---|---|---|
| 6147[1] | DAS LLC[2] | $2,920,073.34 (unsecured) $53,359.18 (priority) |
| 8718 | Delphi Technologies, Inc. | $234,354.86 (unsecured) |
| 9109 | DAS LLC | $1,253,185.67 (unsecured) |
| 10184 | DAS LLC | $183,132.59 (unsecured) |
| 12693 | DAS LLC | $16,194.53 (priority) $1,357,823.76 (unsecured) |

9. Contrarian consents to such modification, *provided however,* that the Court enter an Order allowing the Undisputed Modified Claims in full as proposed by the Debtors. If the Court does not so allow the Undisputed Modified Claims, Contrarian opposes any modification to these claims.

## 3. PROOF OF CLAIM 12667.

10. In the Nineteenth Omnibus Objection, the Debtors propose modifying PoC 12667 from a $3,585,701.25 unsecured claim against DAS LLC to a $2,682,447.14 unsecured claim against DAS LLC. Contrarian opposes *any* modification to PoC 12667 and requests that the

---

[1] Contrarian currently asserts an unsecured claim in the amount of $2,974,014.73 against DAS by virtue of assignment of a portion of the claim asserted in proof of claim number 6147. Contrarian is currently finalizing the purchase of the remainder of the claim asserted in proof of claim 6147, and will file pleadings to evidence that transfer, pursuant to Bankruptcy Rule 3001, upon completion.

[2] Delphi Automotive Systems, LLC.

4

Court allow that claim in full as asserted (both as to amount and classification) against DAS LLC.

11. The Debtors have shown no basis, whatsoever, for reduction or reclassification of PoC 12667; nor is Contrarian aware of any such basis. Unless and until the Debtors provide evidence of the basis for their objection (at which time Contrarian would have the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity. Thus, PoC 12667 should be allowed as filed in full.

12. Contrarian reserves the right to amend or supplement this Response.

WHEREFORE for the foregoing reasons, Contrarian respectfully requests that the Court enter an Order (i) overruling the Nineteenth Omnibus Objection to the extent set forth herein; (ii) allowing the Undisputed Modified Claims as proposed by the Debtors; (iii) allowing PoC 12667 in the full amount asserted in the proof of claim; and (iv) granting Contrarian such other and further relief as is just proper.

Dated: August 9, 2007
New York, New York

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: /s/ Jeffrey R. Gleit
David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
1633 Broadway
New York, NY 10019
Telephone:   (212) 506-1700
Facsimile:    (212) 506-1800
*Counsel for Contrarian Funds, LLC*