ANNE MILGRAM
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey  08625-0106
Attorney for State of New Jersey, Division of Taxation

By:  Tracy E. Richardson (TR1366)
     Deputy Attorney General
     (609) 292-1537

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | ) | Chapter 11 |
|---|---|---|
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| Debtor. | ) | (Jointly Administered) |

Hearing Date: August 16, 2007
10:00 a.m.

THE STATE OF NEW JERSEY, DIVISION OF TAXATION'S OPPOSITION TO DEBTORS' NINETEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS

The State of New Jersey, Division of Taxation ("N.J. Division") responds to debtors' Nineteenth Omnibus Objection to Claims as follows:

1.  In the objection, debtors seek to expunge the following claims filed by the N.J. Division: priority claim number 1515, filed in the amount of $944,045.04 (Exhibit B-2); priority claim number 16476, filed in the amount of $949,212.04 (Exhibit B-3); administrative claim number 16610, filed in the amount of $171,000.00 (Exhibit B-3); and priority claim number 16611, filed in the amount of $448,527.31 (Exhibit B-3).  Debtors assert that no sums are due for the liabilities listed on these claims according

to debtors' books and records. In addition, debtors assert that claims 16476, 16610, and 16611 are untimely.[*]

    2. For the reasons stated below, the N.J. Division consents to expungement of priority claim 1515, filed in the amount of $944,045.04. The N.J. Division does not agree this claim is unsupported by debtors' books and records but consents to expungement since this claim was amended and superseded by amended priority claims numbered 16476 and 16611. The N.J. Division also consents to expungement of amended priority claim 16476, filed in the amount of $949,212.04. The N.J. Division does not agree this claim is untimely or unsupported by debtors' books and records but consents to expungement since this claim was amended and superseded by second amended priority claim number 16611. For the reasons set forth below, debtors' requests to expunge administrative claim number 16610 and priority claim 16611 should be denied and these N.J. Division claims should be allowed in full.

<u>Third Amended Administrative Claim 16610 for $171,000.00</u>

    3. Debtors have objected to claim 16610 on the basis that the claim is untimely filed and unsupported by debtors' books and records. Claim number 16610 is a third amended administrative

---

[*] This opposition by the N.J. Division addresses the claims debtors have listed on its Exhibits B-2 and B-3 to the Nineteenth Omnibus Objection. Debtors' Notice of Objection to Claim, directed to the N.J. Division, did not list claim number 1515 and instead listed objection to claim number 16546 which is not part of the Nineteenth Omnibus Exhibits. The N.J. Division addresses its response only to its claims included on Exhibits B-2 and B-3 and not to any additional claims that may have been included on the Notice in error.

claim filed by the N.J. Division on June 4, 2007 in the amount of $171,000.00.

   4. As shown on the schedule of liabilities filed with the claim, the administrative claim is for Gross Income Tax - Employer Withholding ("GIT-ER") and Sales and Use Tax ("S&U") liabilities for quarters in 2005 and 2006. These quarters are all listed as "delinquent," meaning debtors failed to file the quarterly returns. Pursuant to the N.J. Division's authority under N.J.S.A. 54:49-5, debtors' liability for the listed quarters was estimated due to a failure to file returns.

   5. Debtors allege this claim is unsupported by its books and records, but have provided no information to document these returns have been filed or the listed taxes have been paid. In addition, debtors allege this claim was untimely filed; however, debtors' Objection notes only that the bar date for pre-petition claims was July 31, 2006. The N.J. Division is aware of no bar date for administrative claims and debtors have not cited any. This claim should be deemed timely filed.

Second Amended Priority Claim 16611 for $448,527.31

   6. Debtors have objected to claim 16611 on the basis that the claim is untimely filed and unsupported by debtors' books and records. Claim number 16611 is a second amended priority claim filed by the N.J. Division on June 4, 2007 in the amount of $448,527.31.

7. As shown on the schedule of liabilities filed with the claim, the priority claim is for Spill Tax ("Spill"), Gross Income Tax - Employer Withholding ("GIT-ER"), Sales and Use Tax ("S&U"), and Petroleum Fuel Tax ("PRT-FT") liabilities for varying periods from 1997 through 2005.  For all taxes listed as "deficient," debtors filed returns but failed to pay in full the reported tax due.  For all taxes listed as "delinquent," debtors failed to file the returns.  Pursuant to the N.J. Division's authority under N.J.S.A. 54:49-5, debtors' liability for the listed periods was estimated due to a failure to file returns.

8. Debtors allege this claim is unsupported by its books and records, but have provided no information to document any of the delinquent returns have been filed or the listed deficient taxes have been paid.

9. In addition, debtors allege this claim was untimely filed.  As debtors' Objection notes, the bar date for pre-petition claims was July 31, 2006.  The N.J. Division's second amended priority claim amends and supersedes its first amended priority claim number 16476 filed January 9, 2007 which amended and superseded the original priority claim number 1515 which was filed January 11, 2006, well in advance of the July, 2006 bar date.

10. The amendment to a prior timely filed claim is not untimely and is not affected by the bar date. In re Ebeling, 123 F.2d 520, 521 (7th Cir. 1941) (amendments may be filed after the bar date if it amends a timely claim).  Further, amendments which do

not include new or distinct claims are not untimely. Ibid., In re Int'l Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985); In re Enron Corp., 419 F.3d 115, 133 (2d Cir. 2005).

11. Here, the N.J. Division's original priority claim was filed on January 11, 2006, well within the court-set bar date. A comparison between the original priority claim and the N.J. Division's second amended priority claim number 16611 shows that certain liabilities were deleted for S&U and one quarter of S&U was changed from "delinquent" to "deficient" liability to show debtor filed a return for the quarter. The amendment from the original priority claim to the second amended priority claim reduced debtors' pre-petition liability from $944,045.04 to $448,527.31. The liabilities listed on the timely filed original claim, except for adjustments to reflect payments made or filing of returns as noted, remained the same upon filing the second amended priority claim. Thus, the second amended claim, even though filed after the bar date, is a proper amendment and should be allowed as timely filed.

12. A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. In re Fullmer, 962 F. 2d 1463 (10th Cir. 1994), Bankr. Rule 3001(f).

13. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. See In re Wells, 51 B.R. 563, 566 (D. Colo 1985), Collier on Bankruptcy, §502.02. ("Should objection

be taken, the objector must produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations in the proof of claim.").

14. "Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." In re Domme, Jr., 163 B.R. 363 (D.Kan. 1994); In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); In re Resyn Corp. v. United States, 851 F.2d 660, 663-64 (3d Cir. 1988). Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity. In re White, 168 B.R. 825, 829 (Bankr. D. Conn. 1994); see also Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) (citing that "burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it").

15. Here, debtors have not set forth any information to support their contention that there are no amounts or reduced amounts due for the N.J. Division's claims 16610 and 16611 or that these claims are untimely. Instead, debtors contend only that the filed claims are inconsistent with their books and records and should be therefore disallowed. The N.J. Division has consented to expungement of its claims 1515 and 16476 as these claims were amended and superseded by second amended priority claim 16611.

16. To conclude, the N.J. Division respectfully requests that debtors' objections to claims 16610 and 16611 be denied. The

N.J. Division's administrative claim 16610 and priority claim 16611 are valid as discussed above.  Debtors' requests for expungement of these claims fail to overcome the prima facie validity of the properly filed claims as required by Bankr. Rule 3001.

                                    Respectfully submitted,

                                    ANNE MILGRAM
                                  ATTORNEY GENERAL OF NEW JERSEY


                              By: /s/ Tracy E. Richardson
                                  Tracy E. Richardson (TR1366)
                                  Deputy Attorney General
                                  (609) 292-1537
Dated:  8-9-07                   (609) 777-3055 fax