HEARING DATE: August 16, 2007
RESPONSE DEADLINE: August 9, 2007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In Re: | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

---x

**RESPONSE AND OBJECTION OF SPCP GROUP, L.L.C. TO DEBTORS'
NINETEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §
502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY
DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS
AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO
MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION,
MODIFIED CLAIMS ASSERTING RECLAMATION,
AND CONSENSUALLY MODIFIED AND REDUCED CLAIMS (CLAIM NO. 14134)**

SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (collectively, "SPCP Group"), as assignee of Key Plastics LLC ("Key Plastics"), by its undersigned counsel, hereby submits this Response and Objection (the "SPCP Group Response") to the above captioned debtors and debtors-in-possession (collectively, the "Debtors") Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims (the "Objection"), as such Objection relates to Claim No. 14134, (the "Subject Claim"). In support of the SPCP Group Response, SPCP Group respectfully represents as follows:

{00279749.DOC;}

## BACKGROUND

1.   On October 8 and 14, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").

2.   Pursuant to a duly executed Assignment of Claim agreement, Key Plastics transferred and assigned all of their right, title and interest in and to the Subject Claim to SPCP Group, as evidenced by that certain Evidence of Transfer of Claim, a copy of which is attached hereto as Exhibit "A".

3.   On or about July 31, 2006, SPCP Group, as assignee of Key Plastics, filed a proof of claim, evidencing the Subject Claim, against Delphi Automotive Systems LLC, designated by the Debtors' claims agent as Claim No. 14134, in the amount of $511,656.31.

4.   On or about July 13, 2007, the Debtors filed the Objection, in which the Debtors sought to, *inter alia,* reduce and reclassify a portion of the Subject Claim.

### THE COURT SHOULD DENY THE RELIEF SOUGHT IN THE OBJECTION AS IT RELATES TO THE SUBJECT CLAIM AND SUSTAIN THE SPCP GROUP RESPONSE

5.   The Objection seeks to reduce and reclassify the Subject Claim without any factual or legal justification supporting such treatment. This request must be denied because there is no authority justifying such reduction or reclassification. Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] a proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence in the validity and amount of the claim." *See* Fed. Bankr. Proc. 3001(f). As the objecting party, the Debtors have the burden of overcoming the prima facie presumption. *See* Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and that burden has not been fulfilled.

{00279749.DOC;}

6. SPCP Group requests that the relief requested by the Debtors be denied and that to the extent the Debtors seek to proceed with reducing and/or reclassifying any portion of the Subject Claim at a later date, the Debtors be required to provide factual evidence and a legal basis for any such requested relief and that SPCP Group be afforded a reasonable time to review and respond to such asserted factual evidence and legal argument.

7. WHEREFORE, for the foregoing reasons, SPCP Group respectfully submits that the Court should issue and enter an order (i) denying the Objection as it relates to the Subject Claim in its entirety; or (ii) alternatively, adjourn the hearing on the Objection, as it relates to the Subject Claim for thirty (30) days after the date that the Debtors provide SPCP Group with the factual evidence and a legal basis is support of the relief request in connection with the Subject Claim; and (iii) granting SPCP Group such other and further relief as is just and proper.

Dated: New York, New York
August 9, 2007

          DREIER LLP
          Counsel to SPCP Group, L.L.C.

          By: _/s/Maura I. Russell_
              Paul Traub (PT 3752)
              Maura I. Russell (MR 1178)
              Anthony B. Stumbo (AS 9374)
              Brett J. Nizzo (BN 9463)
              Dreier LLP
              499 Park Avenue – 14th Floor
              New York, New York 10022
              Tel.: 212-328-6100

{00279749.DOC;}

# EXHIBIT "A"

**EXHIBIT B TO**
**ASSIGNMENT OF CLAIM**

## EVIDENCE OF TRANSFER OF CLAIM

### TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **KEY PLASTICS LLC** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **SPCP GROUP, L.L.C.**, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $213,180.17 (the "Assigned Claim"), against Delphi Automotive Systems, LLC ("Debtor"), the debtor-in-possession in Case No. 05-44640 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on July 26, 2006.

By: *[signature]*
Name of person signing: Kathi L. Askins
Title of person signing: VP & Treasurer