UNITED STATES BANKRUPTCY COURT
IN THE
SOUTHERN DISTRICT OF NEW YORK

In re: DELPHI CORPORATION, et al,  )   Case No.05-44481 (RDD)
                                    )
            Debtors.                )   Chapter 11
                                    )
                                    )   (Jointly Administered)
                                    )

## SECRETARY OF LABOR'S RESPONSE TO THE DEBTORS' NINETEENTH OMNIBUS CLAIMS OBJECTION TO HER PROOF OF CLAIM FILED ON BEHALF OF THE DELPHI PERSONAL SAVINGS PLAN FOR HOURLY EMPLOYEES IN THE UNITED STATES

Now Comes Elaine L. Chao, the Secretary of the United States Department of Labor ("Secretary"), a party in interest and claimant in these proceedings, and responds as follows to the Debtors' Nineteenth Omnibus Claims Objection to her proof of claim:

1. The Debtors objected to the Secretary's Proof of Claim filed on behalf of The Delphi Personal Savings Plan for Hourly Employees in the United States (the Delphi Plan) on the grounds that it asserts liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the books and records Delphi Corporation (Delphi.)[1]

2. The Secretary is charged with the enforcement of the fiduciary requirements of Title I of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq.*, including the institution of actions in federal district court for injunctive relief and restitution to employee benefit plans. Under her statutory authority, the Secretary has initiated an investigation of the Delphi Plan,

---

[1] The Secretary has filed an amended proof of claim amending her previous protective proof of claim. A copy of the Secretary's amended proof of claim is attached hereto and made a part hereof as Exhibit A.

which Delphi sponsored and to which it is one of the fiduciaries. The Delphi Plan is an employee benefit plan within the meaning of ERISA 3(3), 29 U.S.C. 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA 4(a), 29 U.S.C. 1003(a).

3.  The liability asserted by the Secretary in her Proof of Claim is based on the Delphi's failure to comply with the fiduciary provisions of the ERISA. Specifically, the Secretary asserts that during the period from March 10, 2000 through December 2003, Delphi failed to follow the Delphi Plan document by investing the dividends of the General Motors (GM) stock held in participants' accounts into the General Motors Stock Fund (GMSF) rather than into the Promark Income Fund (PMIF); failed to prudently monitor Fidelity Institutional Investment Services, Inc. (Fidelity), its agent authorized to invest the GM stock dividends; and failed to make participants whole upon discovery that the GM stock dividends were incorrectly invested. As a result of Delphi's fiduciary violations, the Delphi Plan's participants incurred $3,233,417.50 in losses.

4.  The liability asserted by the Secretary in her Proof of Claim, therefore, is not a liability that would be apparent from Delphi's books and records.

Wherefore, for the reasons stated, the Debtors' Objection to the Secretary's Proof of Claim should be denied.

Respectfully Submitted,

**JONATHAN L. SNARE**
Acting Solicitor of Labor

**JOAN E. GESTRIN**
Chicago Regional Solicitor

BY: *[signature]*
**PATRICIA M. RODENHAUSEN**
New York Regional Solicitor
PMR (9163)

BY: *[signature]*
**PHYLLIS B. DOLINKO**
Senior Trial Attorney
Bar ID # 0651443

Attorneys for **ELAINE L. CHAO**,
Secretary of Labor, United States
Department of Labor, Plaintiff

**POST OFFICE ADDRESS:**

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street
Room 844
Chicago, Illinois 60604
Telephone: 312/353-6973
email address: dolinko.phyllis@dol.gov