UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
                                    :
        In Re                       :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No.  05-44481 (RDD)
                                    :
                Debtors             :        (Jointly Administered)
                                    :
-------------------------------------------------------x
```

## KIEFEL TECHNOLOGIES, INC.'S RESPONSE
## TO NOTICE OF OBJECTION TO CLAIM

Kiefel Technologies, Inc. ("Kiefel"), by and through its attorneys, Devine, Millimet &

Branch, Professional Association, respectfully submits the following Response to Notice of

Objection to Claim in the above-referenced matter and states as follows:

1.        Kiefel manufactures and services equipment for use in the automobile industry.

Kiefel provided goods and services to Delphi Automotive Systems, LLC, a subsidiary of Delphi

Corporation and a co-debtor in this bankruptcy ("Debtor"), for the maintenance of certain

manufacturing equipment between August 2004 and June 2005.

2.        Kiefel submitted timely invoices to the Debtor during this period of time

reflecting the goods and services Kiefel provided.  Keifel's invoices totaled $44,876.00.

3.        The Debtor filed a voluntary bankruptcy petition in this Court in October 2005

pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330.  The Debtor

presently operates its business as a debtor-in-possession.

4.        On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501,

502 And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing

Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof

(Docket No. 3206) (the "Bar Date Order").  The Bar Date Order established July 31, 2006, as the

last date for all persons and entities to file proofs of claims.

5.       On or around July 23, 2006, Kiefel filed a proof of claim setting forth an

unsecured claim ("Claim") against the Debtor's bankruptcy estate in the amount of $44,876.00.

A copy of Kiefel's proof of claim as well as the documentation and invoices supporting the

Claim is attached hereto as Exhibit A.

6.       On or around July 13, 2007, Kiefel received a Notice of Objection To Claim

stating that the Debtor proposes to modify Kiefel's Claim by reducing it to $22,368.04 from

$44,876.00.  The notice states only that the Debtor's basis for the modification could be for any

number of reasons, including, among other things, the Debtor's determination that the claim

states an incorrect amount, is overstated, is settled, or is filed against the wrong Debtor.

7.       The notice further explains that Kiefel may dispute the modification by

submitting a timely response in which Kiefel must provide a "concise statement setting forth the

reasons why the Claim should not be disallowed and expunged, including, but not limited to, the

specific factual and legal bases upon which you will rely in opposing the [Debtor's objection]."

See Notice of Objection at 4.

8.       The ambiguity in the Notice of Objection as to the specific basis for Debtor's

objection prompted Kiefel's counsel to contact Debtor's counsel.  Debtor's counsel

acknowledged that the Debtor objected to Kiefel's Claim, but Debtor's counsel was unable to

identify any specific basis for the Debtor's objection beyond the various, non-descript reasons

outlined in Debtor's Notice of Objection.

9.       In light of the Debtor's inability to identify the specific basis for its objection, that

objection should be deemed facially invalid.  See In Re DeGeorge Financial Corp, 2002 WL

31096716, *4 (D. Conn. July 15, 2002) ("interposition of an objection does not deprive the proof

of claim of presumptive validity unless the objection is supported by substantial evidence").

Accordingly, Kiefel requests that this Court deny the relief requested by the Debtor.  Indeed,

without knowing the basis of the objection, Kiefel cannot provide a "concise statement" setting

forth the specific factual and legal basis upon which it will rely in *opposing* the Debtor's

objection <u>since Kiefel does not even know what the objection is</u>.

10.    Notwithstanding the foregoing, Kiefel attaches as Exhibit A to this response a full

copy of its proof of claim and supporting documentation and re-affirms that its Claim is

liquidated, non-contingent, accurate and valid.  Stated another way, Kiefel denies that its claim is

an incorrect amount, is overstated, is settled, or is filed against the wrong Debtor.  Kiefel will

rely upon the documents contained in the claim, Kiefel reserves the right to amend or supplement

this reply and/or to provide testimony as may prove necessary.

11.    Accordingly, by this response, Kiefel objects to the modification of its Claim as

proposed by Debtor, re-affirms the validity of its Claim, and respectfully requests that this Court

allow the claim in the full amount and, as necessary, provide a hearing on Debtor's objection.

Wherefore, Kiefel requests that this Honorable Court enter an order:

A.    Deeming the Objection facially invalid;

B.    Denying the relief requested in the Objection;

C.    Allowing Kiefel's proof of claim in full; and

D.    Granting Kiefel such other and further relief as this Court deems just and

equitable.

Respectfully submitted,

KIEFEL TECHNOLOGIES, INC.

By its attorneys,

DEVINE, MILLIMET & BRANCH
PROFESSIONAL ASSOCIATION

Date:  August 6, 2007                    By:  /s/ Steven E. Grill
                                              Steven E. Grill, SG 6371
                                              111 Amherst Street
                                              Manchester, NH 03101
                                              (603) 669-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response was this day, August 6, 2007, forwarded by First Class U.S. Mail to the following:

General Counsel                John Wm. Butler, Jr.
Delphi Corporation             John K. Lyons
5725 Delphi Drive              Joseph N. Wharton
Troy, Michigan 48098           Skadden, Arps, Slate, Meagher & Flom, LLP
                               333 West Wacker Drive, Suite 2100
                               Chicago, Illinois 60606

/s/ Steven E. Grill
Steven E. Grill, Esq.